**Exhibit 1**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2  John B. Quinn (Bar No. 90378)
   Michael T. Zeller (Bar No. 196417)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100

5  Attorneys for Plaintiff
   Mattel, Inc.

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10             WESTERN DIVISION

11

12 MATTEL, INC., a Delaware          )   Case No. CV 04-3431 NM (RNBx)
   corporation,                      )
13                                   )   PLAINTIFF MATTEL, INC.'S
                  Plaintiff,         )   NOTICE OF DEPOSITION OF
14                                   )   CARTER BRYANT
          v.                         )
15                                   )
   CARTER BRYANT, an individual; and )
16 DOES 1 through 10, inclusive,     )
                                     )
17                Defendants.        )
                                     )

18

19

20

21

22

23

24

25

26

27

28

02284/589933.1

                                        NOTICE OF DEPOSITION

EXHIBIT 1  PAGE 12

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that plaintiff Mattel, Inc. will take the

3   deposition of defendant Carter Bryant on June 29, 2004, beginning at 9:30 a.m., at the

4   offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

5   Street, 10th Floor, Los Angeles, California.

6          PLEASE TAKE FURTHER NOTICE that the deposition will take place

7   upon oral examination before a duly authorized notary public or other officer

8   authorized to administer oaths at depositions, and will continue from day to day,

9   Sundays, Saturdays and legal holidays excepted, until completed.

10         PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

11  P. 30(b)(2), the deposition will be videotaped.

12

13  DATED: June 17, 2004          QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP
14

15                              By
                                   Michael T. Zeller
16                                 Attorneys for Plaintiff
                                   Mattel, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

02284/589933.1                          -2-              NOTICE OF DEPOSITION

EXHIBIT _1_  PAGE _13_

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA )**
**COUNTY OF LOS ANGELES )**

I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017.

On June 17, 2004, I served the foregoing document(s) described as **PLAINTIFF MATTEL, INC'S NOTICE OF DEPOSITION OF CARTER BRYANT** on all interested parties in this action.

**Robert F. Millman, Esq.**
**Doughlas A. Wickham, Esq.**
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
**Fax: 310-553-5583**

[X]   By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[X]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

[ X ]   As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[X ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on June 17, 2004, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

SONIJA N. WILLIAMS
Print Name                                    Signature

**EXHIBIT __ PAGE 14**

**Exhibit  2**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**PALM SPRINGS**
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   June 17, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Robert Millman Douglas Wickham | 310-553-0308 | 310-553-5583 |

**FROM:**   Michael T. Zeller

**RE:**   Mattel v. Bryant

**MESSAGE:**



| CLIENT #:   7209 | ROUTE/ RETURN TO:  **Maria Albert** | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: _guinnea_ | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

EXHIBIT _2_ PAGE _15_

**Send Confirmation Report**

Line 1: JetFax M920     ID: 12136240643       17 Jun'04  4:54PM Page
Line 2: JetFax M920     ID: 12136240643

| Job | Start time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 476 | 6/17  4:46PM | 0'00" | 9352#7209#1310553558 3## | Send............. | 0 | ......... | No dial tone, Line 2........ |
| 476 | 6/17  4:49PM | 4'55" | 9352#7209#1310553558 3## | Send............. | 19/19 | EC144 | Completed................... |

Total: 4'55"     Pages sent: 19     Pages printed: 0

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| SAN DIEGO | LOS ANGELES | SAN FRANCISCO |
|-----------|-------------|---------------|
| 4445 Eastgate Mall, Suite 200 | 865 So. Figueroa Street, 10th Floor | 50 California Street, 22nd Floor |
| San Diego, CA 92121 | Los Angeles, CA 90017 | San Francisco, CA 94111 |
| (858) 812-2357 | (213) 443-3000 | (415) 875-6600 |
| Facsimile: (858) 812-2396 | Facsimile: (213) 443-3100 | Facsimile: (415) 875-6700 |

| PALM SPRINGS | NEW YORK | SILICON VALLEY |
|--------------|----------|----------------|
| 45-025 Manitou Drive, Suite 6 | 335 Madison Avenue, 17th Floor | 555 Twin Dolphin Drive, Suite 560 |
| Indian Wells, CA 92210 | New York, NY 10017-4611 | Redwood Shores, CA 94065 |
| (760) 346-4757 | (212) 702-8100 | (650) 801-5000 |
| Facsimile: (760) 346-3414 | Facsimile: (212) 702-8200 | Facsimile: (650) 801-5100 |

LOS ANGELES OFFICE

**FACSIMILE TRANSMISSION**

DATE:   June 17, 2004

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:

| | NAME | PHONE NO. | FAX NO. |
|-|------|-----------|---------|
| | Robert Millman | 310-553-0308 | 310-553-5583 |
| | Douglas Wickham | | |

FROM:   Michael T. Zeller

RE:   Mattel v. Bryant

MESSAGE:

| CLIENT #: 7209 | ROUTE/RETURN TO: Maria Albert | ☐ CONFIRM FAX ☐ INCLUDING CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.

EXHIBIT _2_ PAGE _16_

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

June 17, 2004

**BY FACSIMILE**

Douglas Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Mattel v. Bryant

Dear Mr. Wickham:

As you and I had discussed on Monday, both sides agree in principle that a Protective Order is appropriate in this case to ensure the confidentiality of certain categories of information.

Accordingly, enclosed please find for your review and comments a first draft of a proposed Protective Order. It contains a two-tiered designation procedure, as you had requested.

I look forward to hearing from you.

Very truly yours,

*Michael T. Zeller*
Michael T. Zeller

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 46-25 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4767 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

EXHIBIT _2_ PAGE _17_

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California  90017-2543
   Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100

5  Attorneys for Plaintiff
   Mattel, Inc.

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11
   MATTEL, INC., a Delaware          )   Case No. CV 04-3431 NM (RNBx)
12 corporation,                      )
                                     )
13              Plaintiff,           )   STIPULATED PROTECTIVE
                                     )   ORDER; AND [PROPOSED]
14       v.                          )   ORDER THEREON
                                     )
15 CARTER BRYANT, an individual; and )   [Discovery Matter]
   DOES 1 through 10, inclusive,     )
16                                   )
                Defendants.          )
17 _____  )

18

19

20

21

22

23

24

25

26

27

28

07272/589332.1

PROTECTIVE ORDER
EXHIBIT __2__ PAGE __18__

## GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel") and defendant Carter Bryant are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel and Carter Bryant are each hereinafter a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendant disputes, that defendant worked for and otherwise aided and assisted a Mattel competitor while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

Each Party believes that it or he will or may be required to produce or disclose in this Action information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed to the other Party in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery will or may include:

(1)    Personnel files and other private or confidential employment information;

(2)    The specific terms of agreements with, and information received from, third parties that a Party is required to disclose only under conditions of confidentiality;

(3)    Personal or private financial information, and current or projected financial data that is not known generally to the trade or to competitors, including financial data relating to specific sales, cost and profit information for specific products and product lines; and

07272/589332.1

PROTECTIVE ORDER
EXHIBIT __2__ PAGE /9

1       (4)   Business plans that are not known generally to the trade or to

2   competitors, including information relating to product development and design.

3

4       WHEREFORE, believing that good cause exists, the Parties HEREBY

5   STIPULATE that, subject to the Court's approval, the following procedures shall be

6   followed in this Action to facilitate the orderly and efficient discovery of relevant

7   information while minimizing the potential for unauthorized disclosure or use of

8   confidential or proprietary information:

9

10                      <u>SCOPE OF THIS ORDER</u>

11

12       1.   This Protective Order shall apply to trade secret, confidential and

13   proprietary information, documents and things that are produced or disclosed in any

14   form during the course of the Action by any Party or any nonparty:

15       (a)   through discovery;

16       (b)   in any pleading, document or other writing; or

17       (c)   in testimony given at a deposition.

18   (The foregoing information, documents and things shall be referred to hereinafter

19   collectively as "Litigation Materials.")

20

21       <u>CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION</u>

22

23       2.   Any Party or nonparty producing or disclosing Litigation

24   Materials in this Action may designate such information as "CONFIDENTIAL" or

25   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner

26   set forth in paragraph 3 below.   The designation of Litigation Materials as

27   "CONFIDENTIAL" shall be limited to information which the disclosing Party or

28   nonparty believes in good faith contains, constitutes or reveals confidential design,

engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees (including employee personnel records), or other information of a confidential, proprietary, private or personal nature. The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

## MANNER OF DESIGNATION OF MATERIALS

3.     A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a)     Documents or Things.     "CONFIDENTIAL"    or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

(b)     Interrogatory Answers and Responses to Requests for Admissions. In answering any interrogatory or request for admission, or any part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other

PROTECTIVE ORDER
EXHIBIT _2__ PAGE _21_

answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c)   Deposition Testimony.   Any Party or nonparty giving deposition testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired, the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY,"  or alternatively by designating the entire testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY") within seven (7) calendar days after receipt of the transcript of the testimony. The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." A Party or nonparty also may make the above-referenced designation of confidentiality in writing and within seven (7) calendar days of the receipt by said Party or nonparty of the transcript of said testimony. In that event, said portion of the transcript will be treated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of this Order, except that it will not be separately bound. If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons

PROTECTIVE ORDER
EXHIBIT _2_ PAGE _22_

other than those persons entitled to receive such information pursuant to paragraphs 5 and 6 hereof shall be excluded from the room in which the deposition testimony is given.    Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as "CONFIDENTIAL" for a period of seven (7) calendar days after receipt of the transcript by counsel for the designating Party or nonparty. The Party or nonparty designating the testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that seven (7) calendar day period described above, specifically designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously designated as such, by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information. Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control.  Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in accordance with the terms of this Order.   In addition, the provisions of paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the seven (7) calendar day period described in this paragraph.

(d)    Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound or attached together in any manner shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

-6-

PROTECTIVE ORDER
EXHIBIT _2__ PAGE 23

(e)    Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of three (3) calendar days following receipt.  Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Order.  Thereafter, the document, thing or other information shall be fully subject to this Order.  No Party shall incur liability for any disclosures made prior to notice of such designation, except to the extent that any such disclosures occurred prior to the three (3) day period described above or prior to such other time periods as are provided by this Protective Order, including without limitation such time periods as are provided in Paragraph 3(c) above.

## RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

4.    Any Litigation Materials produced or disclosed in this Action, whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such information for purposes of litigation and not for any other purpose, including without limitation for any business or trade purpose.  As used herein, the term "litigation" shall mean preparation for, participation in and prosecution and defense of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in

-7-

PROTECTIVE ORDER
EXHIBIT _2_ PAGE _24_

connection with any mediation or other alternative dispute resolution procedure that this or any other court may order or that the Parties may agree to.

5.   Subject to Paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

(a)   the attorneys for the Parties and those of their partners, associates, document clerks and paralegals employed by said attorneys who are necessary to assist such attorneys;

(b)   secretaries, stenographers and other office or clerical personnel employed by said attorneys and who are necessary to assist such attorneys;

(c)   a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)   the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)   such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)   outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)   professional court reporters engaged to transcribe deposition testimony and professional videographers engaged to videotape deposition testimony;

(h)   translators, independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

PROTECTIVE ORDER
EXHIBIT _2_ PAGE _25_

(i)    non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (i) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (ii) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

6.    Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)    the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and those of their partners, associates, document clerks and paralegals employed by said attorneys who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)    secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)    the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

PROTECTIVE ORDER
EXHIBIT _2__ PAGE 210

(d)   such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)   outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)   translators, independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

(g)   professional court reporters engaged to transcribe deposition testimony and professional videographers engaged to videotape deposition testimony.

7.   None of the following is bound by or obligated under this Order in any respect and specifically are not bound or obligated to treat information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in any particular manner: The Court hearing this Action (including the Court having jurisdiction of any appeal), Court personnel, court reporters working for the Court, translators working for the Court, or any jury impaneled in this Action.

8.   Other than those identified in Paragraph 7 above, each person to whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this Order and agree to be bound by it before disclosure to such persons of any such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall not have access to either "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, as the case may be, until they have certified that they have read this Order and have manifested their assent to be bound thereby by signing a copy of the Assurance of Compliance attached hereto as Exhibit A. Once a person has executed such an Assurance of Compliance, it shall not be necessary for that

1  person to sign a separate Assurance of Compliance each time that person is

2  subsequently given access to confidential material. Before any "CONFIDENTIAL --

3  ATTORNEYS' EYES ONLY" information is disclosed to any person described in

4  Paragraph 6(f) herein who had, has, or reasonably may have in the future any

5  involvement in the toy industry (whether as an officer, employee, consultant, expert,

6  or any other capacity), the executed Assurance of Compliance shall be served upon

7  all Parties together with a copy of the person's curriculum vitae, and disclosure of the

8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material shall not be made to the

9  person for a period of five (5) business days to permit a Party to make any objection

10  to such disclosure as set forth in Paragraph 8 herein. (Such service on a Party of an

11  Assurance of Compliance executed by a consultant or expert who does not fall within

12  the foregoing description, such as an independent accountant or economist, shall not

13  be required.) At the time of the termination of this lawsuit by settlement, judgment

14  or otherwise, the Parties hereto shall provide opposing counsel with copies of each

15  executed Assurance of Compliance not previously served upon opposing counsel.

16          9.      Any Party that provides "CONFIDENTIAL -- ATTORNEYS'

17  EYES ONLY" material to another Party shall have five (5) business days from the

18  date of service of an Assurance of Compliance served pursuant to this Order to object

19  to disclosure of "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material to the

20  identified person described in Paragraph 6(f). Such objection must be for good cause,

21  stating with particularity the reasons for the objection, and must be in writing served

22  on all Parties. Failure to make such an objection within five (5) business days shall

23  constitute approval. If the Parties are unable to resolve their objections, either Party

24  may apply to the Court to resolve the matter in accordance with the Local Rules.

25  Upon the giving of notice of an objection, no disclosure to the individual(s) objected

26  to of the material or information in question shall be made until the Parties resolve

27  the objection or a ruling is made by the Court.

28

-11-

PROTECTIVE ORDER
EXHIBIT  2  PAGE  28

10. The failure of any Party to object to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation. If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties will confer and try to reach agreement. If the Parties cannot reach agreement, either Party may apply to the Court to resolve the matter in accordance with the Local Rules. Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11. Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12. The inadvertent or unintentional disclosure by a producing Party of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the Parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

13. If a Party through inadvertence produces or provides discovery that it or he believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity

PROTECTIVE ORDER

EXHIBIT __2__ PAGE __57__

1  and request that the document be returned to the producing Party. The receiving

2  Party shall return to the producing Party all copies of such document. Return of the

3  document by the receiving Party shall not constitute an admission or concession, or

4  permit any inference, that the returned document is, in fact, properly subject to a

5  claim of attorney-client privilege or work product immunity, nor shall it foreclose any

6  Party from moving the Court for an Order that such document has been improperly

7  designated or should be producible for reasons other than a waiver caused by the

8  inadvertent production.

9        14.    Nothing contained in this Protective Order shall affect the right

10  of any Party to make any objection, claim any privilege, or otherwise contest any

11  request for production of documents, interrogatory, request for admission, or question

12  at a deposition or to seek further relief or protective orders from the Court in

13  accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>. Nothing

14  in this Protective Order shall constitute an admission or waiver of any claim or

15  defense by any Party.

16

17     <u>FILING AND USE IN COURT OF DESIGNATED MATERIALS</u>

18

19        15.    Except when the filing under seal is otherwise authorized by

20  statute or federal rule, the Parties shall seek the Court's prior approval for the filing

21  under seal of pleadings and other documents containing properly designated

22  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

23  information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

24  <u>Rule</u> may be amended from time to time. Prior to the time that a Party receiving the

25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

26  information from the other Party files with the Court an application and the other

27  materials required by <u>Local Rule</u> 79-5.1, as such <u>Rule</u> may be amended from time to

28  time, to seal the producing Party's confidential information, the receiving Party shall

-13-

1  consult with the producing Party's attorney to determine whether the producing Party
2  will re-designate the previously designated confidential information so as to avoid the
3  need for the request to file such information under the seal.  Upon the default of a
4  Party to seek the Court's approval to file a document containing "CONFIDENTIAL"
5  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any
6  Party may subsequently seek the approval of the Court to file that document under
7  seal, in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such <u>Rule</u>
8  may be amended from time to time.

9

10  <u>THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS</u>

11

12       16.    If any Party receives a subpoena or document request from a third
13  party which purports to require the production of materials in that Party's possession
14  which have previously been designated as "CONFIDENTIAL" or "CONFIDENTIAL
15  -- ATTORNEYS' EYES ONLY" by any other Party or nonparty, the Party receiving
16  such subpoena or document request shall immediately: (a) notify the Party or
17  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL
18  -- ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,
19  and (b) shall not oppose any effort by the Party which designated the material as
20  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to quash
21  the subpoena or obtain a protective order limiting discovery of such material.  In any
22  event, such materials shall be produced pursuant to such subpoena or document
23  request only under reasonable conditions of confidentiality.

24

25

26

27

28

## DISCOVERY FROM NONPARTIES

17.    Discovery of nonparties may involve receipt of information, documents, things or testimony which include or contain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information.  A nonparty producing such material in this case may designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it produces in the same manner provided for in this Protective Order with respect to material furnished by or on behalf of the Parties.  Any Party may also designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any materials or information produced by a nonparty that constitute "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating Party under Paragraph 2 of this Protective Order, regardless of whether the producing nonparty has also so designated.  Nonparty materials designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a nonparty or Party shall be governed by the terms of this Protective Order.

## AMENDMENT OF THIS AGREEMENT

19.    This Order shall continue to be binding after the conclusion of this Action.  The provisions of this Stipulation and Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court.  In addition, a Party may at any time apply to the Court for modification of this Stipulation and

07272/589332.1

PROTECTIVE ORDER
EXHIBIT _2_ PAGE _32_

1 | Protective Order pursuant to a motion brought in accordance with the rules of the
2 | Court.

3

4 | **IT IS SO STIPULATED.**

5

6 | DATED: June __, 2004

7 | QUINN EMANUEL URQUHART
  | OLIVER & HEDGES, LLP

8

9 | By_____
10 | Michael T. Zeller
  | Attorneys for Plaintiff
11 | Mattel, Inc.

12 | DATED: June __, 2004

13 | LITTLER MENDELSON

14

15 | By_____
  | Douglas A. Wickham
16 | Attorneys for Defendant
  | Carter Bryant

17

18

19 | **IT IS SO ORDERED.**

20

21 | DATED: June __, 2004

22

23 | THE HONORABLE ROBERT N. BLOCK
  | United States Magistrate Judge

24

25

26

27

28

07272/589332.1

-16-

PROTECTIVE ORDER
EXHIBIT _2_ PAGE _33_

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated June __, 2004 in the action entitled *Mattel, Inc. v. Carter Bryant*, Case No. CV 04-3431 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

**Exhibit  3**

**From:**   Name:        United States District Court
                         312 North Spring Street
                         Los Angeles, CA 90012
            Voice Phone: (213) 894-5474

**To:**     Name:        Michael Zeller
            Company:
                         865 S Figueroa St, 10th Fl,
            City/State:  Los Angeles, CA 90017-
            Fax Number:  213-624-0643



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## Automated Document Delivery Service

*Notice pursuant to Rule 77(d) FRCiv.P*

*The attached copy is hereby served upon you pursuant to Federal Rule of Civil Procedure 77(d).*

### Fax Notes:

Case 2:04-CV-03431 : MATTEL INC V. CARTER BRYANT ET AL

Switch to e-mail delivery and get these documents sooner!
To switch, complete and submit
Optical Scanning Enrollment / Update form G-76.
Call 213-894-5474 for help and free technical support.

*If you received this document in error because the attorney with whom this document is directed is no longer the attorney on the case, a Notice of Change of Attorney Information, form G-6, must be filed. If there are other cases which you've received documents for which you are no longer the attorney, separate notices must be filed for each case. Failure to do so will result in the continued sending of documents to you. Form G-6 is available on the court's website at www.cacd.uscourts.gov or at the Clerk's Office.*

Date and time of transmission:        Wednesday, June 23, 2004 1:51.18 PM
Number of pages including this cover sheet:  02

EXHIBIT _3__ PAGE _35_

Received:   6/23/04  2:09PM··  -> quinn,emanuel; Page 2
RightFAX           6.  /2004 1:56   PAGE 002/002   ax Server

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES-GENERAL

_____ Priority
_____ Send
_____ Clsd
_____ Enter
_____ JS-5/JS-6
_____ JS-2/JS-3

CASE NO.  CV 04-03431-NM(RNBx)          DATE: 6/22/04

TITLE: Mattel, Inc. -v- Carter Bryant

PRESENT:          HON. NORA M. MANELLA, JUDGE

Judith Hurley              N/A
Deputy Clerk               Court Reporter

ATTORNEY FOR PLAINTIFF        ATTORNEY FOR DEFENDANT
       N/A                          N/A

PROCEEDINGS:  IN CHAMBERS

    On June 18, 2004, Defendant Carter Bryant filed an Ex Parte Application for
an Order Postponing Rule 26 Obligations, Staying Discovery Pending Resolution of
Plaintiff's Motion for Remand, and Advancing the Hearing Date on Plaintiff's
Motion for Remand to July 19, 2004. Motions before the court are scheduled for the
first available hearing date. Accordingly, Defendant's request to advance the hearing
date is denied. Having removed this action, Defendant cannot now complain about
having to comply with the federal rules.  Defendant's ex parte application is
DENIED.

DOCKETED ON CM

JUN 23 2004

BY _____ 013

Initials of Deputy Clerk

cc: Counsel
CIVIL MINUTES 11

27

EXHIBIT 3   PAGE 36

**Exhibit  4**

1   ROBERT F. MILLMAN, Bar No. CA 062152
2   DOUGLAS A. WICKHAM, Bar No. CA 127268
    LITTLER MENDELSON
3   A Professional Corporation
    2049 Century Park East, 5th Floor
    Los Angeles, CA 90067.3107
4   Telephone: 310.553.0308
    Facsimile:   310.553.5583
5
    Attorneys for Defendant
6   CARTER BRYANT

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware              Case No.  CV 04343 1·NM (RBx)
    Corporation,
12                                        MEMORANDUM OF POINTS AND
                   Plaintiff,             AUTHORITIES IN SUPPORT OF
13                                        DEFENDANT'S *EX PARTE*
           v.                             APPLICATION FOR AN ORDER
14                                        POSTPONING RULE 26
    CARTER BRYANT, an individual;         OBLIGATIONS, STAYING
15  and DOES 1 through 10, inclusive,     DISCOVERY PENDING
                                          RESOLUTION OF PLAINTIFF'S
16                 Defendant.             MOTION FOR REMAND, AND
                                          ADVANCING THE HEARING
17                                        DATE ON PLAINTIFF'S MOTION
                                          FOR REMAND TO JULY 19, 2004
18
                                          DATE:  No Hearing Required
19                                        COURTROOM:     11

20                                        DATE FILED:      June 18, 2004

21                                        SCHEDULING CONFERENCE
                                          DATE:            July 19, 2004
22
                                          HONORABLE NORA M. MANELLA
23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

EXHIBIT 4 PAGE 37

1    Late in the afternoon on June 14, 2004, Mattel served its Motion for Remand.
2 Therein, Mattel continues to assert that this Court lacks subject matter jurisdiction
3 over this case and requests that this case be remanded to the Los Angeles Superior
4 Court. (Wickham Decl. ¶ 10.)  Yet, seeking to have its cake and eat it too, Mattel
5 simultaneously:

6    1.    Insists that the parties must exchange initial disclosures under Rule 26(a)
7          on or before June 28, 2004 and file their Rule 26(f) Joint Report that
8          date;

9    2.    Insists that the Scheduling Conference in this case should go forward on
10         July 19, 2004;

11   3.    Has served a subpoena on MGA, which purportedly calls for production
12         of documents on June 25, 2004, and

13   4.    Has served a document request on Defendant Bryant, which calls for
14         production of documents on or about July 15, 2004.

15   5.    Has served a procedurally defective deposition notice purporting to set
16         the deposition of Mr. Bryant, who is a resident of the State of Missouri,
17         for June 29, 2004, in Los Angeles.[2]

18 (Wickham Decl., ¶ 11, 15.)  Moreover, this Court, on its own motion, continued the
19 hearing date on the motion for remand to August 23, 2004. (Id., ¶ 12.)

20    Defendant is confident that Mattel's motion for remand will and should be
21 denied.  Nevertheless, if Mattel's motion succeeds and this case is remanded to state
22 court, then all of the parties' efforts and the expenditure of resources by the parties
23 and the Court in connection with complying with the Rule 26(f) obligations, preparing
24 and filing the Joint Report and the ADR report, preparing for and attending the
25 Scheduling Conference, and the parties' and third parties' initial wrangling over
26 discovery will be wasted efforts.  Accordingly, Defendant submits that it is perfectly

27
28  [2] Mattel's discovery instruments are propounded pursuant to the Federal Rules of Civil Procedure. In serving this discovery, Mattel *invokes* the very jurisdiction of the federal court it challenges via its motion for remand.

4

EXHIBIT 4 PAGE 38

**Exhibit 5**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**PALM SPRINGS**
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   June 22, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Robert Millman<br>Douglas Wickham | 310-553-0308 | 310-553-5583 |

**FROM:**   Michael T. Zeller

**RE:**   Mattel v. Bryant

**MESSAGE:**



| CLIENT #:   **7209** | ROUTE/<br>RETURN TO:   **Maria Albert** | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR:   _Wilk_ | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

EXHIBIT _5_   PAGE 39

Confirmation Report — Memory Send

```
                              Page     : 001
                              Date & Time: Jun-22-04  11:39am
                              Line 1   : 2136240643
                              Line 2   :
                              Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 800 |
| Date | : | Jun-22 11:38am |
| To | : | ☎9414807209☎13105535583☎ |
| Number of pages | : | 003 |
| Start time | : | Jun-22 11:38am |
| End time | : | Jun-22 11:39am |
| Pages sent | : | 003 |
| Status | : | OK |
| Job number | : 800 | **\*\*\* SEND SUCCESSFUL \*\*\*** |

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Facsimile: (213) 443-3000

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 813-3836

**PALM SPRINGS**
45-025 Malibu Drive, Suite 6
Indian Wells, CA 92210
(760) 345-4797
Facsimile: (760) 345-2414

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

DATE:   June 22, 2004

NUMBER OF PAGES, INCLUDING COVER:

| TO/COMPANY: | NAME | PHONE NO. | FAX NO. |
|---|---|---|---|
| | Robert Millman<br>Douglas Wickham | 310-553-0308 | 310-553-5583 |

FROM:   Michael T. Zeller

RE:   Mattel v. Bryant

MESSAGE:

| CLIENT #:  7209 | ROUTE/<br>RETURN TO:  Maria Albert | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: _wilbr_ | CONFIRMED?  ☐ No  ☐ YES | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service.  Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3175 AS SOON AS POSSIBLE.

EXHIBIT 5   PAGE 40

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

June 22, 2004

**BY FACSIMILE**

Douglas Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Mattel v. Bryant

Dear Mr. Wickham:

Defendant asserts, in his ex parte application served on Friday, that Mattel's Notice of Deposition for Carter Bryant is purportedly "procedurally defective" because it states that his deposition will take place in Los Angeles.

Defendant's argument is incorrect. "A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c)(2)." Turner v. Prudential Ins. Co. of America, 119 F.R.D. 381 (M.D.N.C. 1988). Thus, there is no basis for defendant's claim that the Notice is "defective."

Nor do we believe that defendant could establish any entitlement to a protective order against the deposition proceeding here in Los Angeles. Rule 26(c) requires the party seeking a protective order to establish "good cause" that a protective order should issue to prevent a party from "undue burden or expense." It will be no more burdensome or expensive for Mr. Bryant to be deposed here--where the suit is pending and where counsel for both sides is located--than in Missouri. If the deposition is taken in Missouri, his counsel will have to go to Missouri in any event and thus will cost Mr. Bryant just as much (if not more) for the deposition to be taken there.

We nevertheless are willing to discuss the issue and try to come to some resolution regarding the location of Mr. Bryant's deposition. In particular, we are willing to conduct the deposition in

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT _5_ PAGE _41_

or near Springfield, Missouri.  Please let us know if that is a preferable location for your client and, if not, what your client would propose.

I look forward to hearing from you.


Very truly yours,

Michael T. Zeller

2

EXHIBIT _5_ PAGE _42_

**Exhibit 6**

Received:   6/22/04   1:04PM;   -> quinn emanuel;   Page 2

JUN-22-2004 12:54 FROM:LITTLER NELSON   310 553 5583   TO:   36240643   P.2/3

**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

June 22, 2004

Douglas A. Wickham
Direct: 310.712.7314
Direct Fax: 310.553.5585
dwickham@littler.com

**VIA FACSIMILE (213.624.0643) AND U.S. MAIL**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   **Mattel, Inc. v. Carter Bryant**

Dear Mr. Zeller:

I have received and reviewed the Notice of Deposition that you sent out last week, purporting to schedule Carter Bryant's deposition for June 29, 2004 in Los Angeles.

With this letter, I am writing to commence the meet and confer process under Local Rule 37-1 and to schedule a meeting with you within the next five (5) days to discuss the grounds for Mr. Bryant's anticipated motion for a protective order concerning that deposition. Briefly stated, the grounds for the anticipated motion for protective order are as follows: (1) Mr. Bryant's deposition should not go forward in Los Angeles because Mr. Bryant is a resident of Missouri; and (2) the deposition should not go forward until after (a) the Court rules on the motion for remand, and (b) Plaintiff has provided full and complete responses to Mr. Bryant's recent discovery.

This latter point is particularly important where, as here, Plaintiff has filed a bare-bones, notice pleading complaint that contains virtually no substantive factual allegations. In response, Mr. Bryant served contention interrogatories and significant document requests in order to attempt to flesh out the basis for Plaintiff's complaint. However, under the present circumstances, where we have not been informed of the factual basis for Plaintiff's claims, it is inappropriate for Mr. Bryant's deposition to proceed until Plaintiff has produced the documents and set forth the facts that support its claims and accusations in this case. Otherwise, we will be unable to adequately prepare Mr. Bryant for his deposition.

In addition, it is likely that Defendant will be seeking leave to file a Counter-Claim in this case and, if he does so, we will need to add that to the Joint Report.. We also will need to schedule Mr. Bryant's deposition for a point in time after the Counter-Claim has been filed.

Given Mattel's scorched earth approach in this case thus far, we anticipate that you will not agree to the foregoing. Accordingly, we plan on preparing and filing a motion for a

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠

EXHIBIT 6   PAGE 43

Michael T. Zeller
June 22, 2004
Page 2

protective order, which seeks this relief, and we are drafting the stipulation that must be filed along with the notice of motion.  To that end, after you have received and reviewed this letter, please call me or send me a letter letting me know when, during the next five days, you are available to meet and confer concerning Mr. Bryant's deposition and his anticipated motion for a protective order.

I look forward to hearing from you.

Sincerely,

Douglas A. Wickham

cc:    Robert F. Millman, Esq.

Los_Angeles:362962.1 028307.1010

EXHIBIT _6_ PAGE 44

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**PALM SPRINGS**
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   June 23, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Robert Millman | 310-553-0308 | 310-553-5583 |
| Douglas Wickham | | |

**FROM:**   Michael T. Zeller

**RE:**   Mattel v. Bryant

**MESSAGE:**



FAXED
JUN 23 2004

---

| CLIENT #: 7209 | ROUTE/RETURN TO: **Maria Albert** | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|

| OPERATOR: *gurmeco* | CONFIRMED? ☐ NO ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

EXHIBIT *6*   PAGE *45*

Exhibit 7

## Confirmation Report — Memory Send

```
Page      : 001
Date & Time: Jun-23-04  07:02pm
Line 1    : 2136240643
Line 2    :
Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 920 |
| Date | : | Jun-23 07:00pm |
| To | : | ☎9352☎7209#13105535583# |
| Number of pages | : | 005 |
| Start time | : | Jun-23 07:00pm |
| End time | : | Jun-23 07:02pm |
| Pages sent | : | 005 |
| Status | : | OK |

Job number   : 920          **\*\*\* SEND SUCCESSFUL \*\*\***

---

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**PALM SPRINGS**
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4787
Facsimile: (760) 345-2414

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(213) 702-8100
Facsimile: (213) 702-8800

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:** June 23, 2004                     **NUMBER OF PAGES, INCLUDING COVER:**

| TO/COMPANY: NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Robert Millman<br>Douglas Wickham | 310-553-0308 | 310-553-5583 |

**FROM:** Michael T. Zeller

**RE:** Mattel v. Bryant

**MESSAGE:**

---

| CLIENT #: 7209 | ROUTE/RETURN TO: Maria Albert | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: _____ | CONFIRMED? ☐ No ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

EXHIBIT 7 _PAGE 46

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street. 10th Floor. Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

June 23, 2004

<u>BY FACSIMILE</u>

Douglas Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

<u>Mattel v. Bryant</u>

Dear Mr. Wickham:

Thank you for your letter of earlier this afternoon.

Contrary to your claim that my letters of yesterday simply argue the "merits" of yet more motions apparently contemplated by defendants, my letters endeavor to resolve those motions so as to avoid burden to the Court. I have attempted to accomplish this by asking defendant to provide his position on the issues that your letters raised for the first time yesterday--which is something that defendant is obligated to do under the <u>Rules</u> anyway, but has not done.

Indeed, my letter regarding defendant's contemplated motion for leave to file an Amended Answer and Counterclaims said nothing about the "merits" of that motion. Rather, my letter indicated Mattel's likely willingness to stipulate to defendant's filing of an amended pleading and requested that defendant tell us the nature and basis of the proposed pleading so that we could decide. To state the obvious, for the parties to have a productive dialog on whether Mattel will stipulate, I need to know beforehand what the proposed pleading's nature and basis is. Otherwise, it is not possible for us to decide on our position and discuss it with you.

Yet, your letters have offered only the most cryptic and terse of descriptions of what defendant is proposing here. That does not satisfy defendant's obligations under the <u>Rules</u>. Moreover, defendant will have to submit the proposed amended pleading to the Court along with a stipulation or, if there is no agreement, with a motion for leave. <u>Local</u> <u>Rule</u> 15-1 ("An original and one copy of the proposed amended pleading shall be lodged as a separate document with any

**quinn emanuel urquhart oliver & hedges, llp**

new york | ... Madison Avenue ... floor | New York, New York 10017 | tel 212-702-8100 fax 212-702-8200
san francisco | ... Street, 22nd Floor | San Francisco, California 94111 | tel 415-875-6600 fax 415-875-6700
silicon valley | ... Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | tel 650-801-5000 fax 650-801-5100
san diego | ... B Street, ... Suite ... | San Diego, California 92101 | tel 619-553-4100 fax 619-553-4101

EXHIBIT  1  PAGE 41

notice of motion or stipulation to amend a pleading."); <u>accord</u> California Practice Guide: Federal Civil Procedure Before Trial ¶ 8:412. Thus, your unwillingness to share its contents is baffling and counterproductive, especially since it is more likely than not that Mattel would stipulate to the filing of an amended pleading by defendant in order to avoid unnecessarily burdening the Court.

It also remains far from clear what defendant claims are the actual issues associated with the noticed deposition of the defendant. *Before* you had sent your letter yesterday about defendant's deposition, I sent you a written proposal regarding its location. Nevertheless, your subsequent letter purports to raise the deposition's location as the very first ground for defendant's planned motion--without addressing my proposal or even stating what defendant's position is on *where* the deposition *should* be held. Please let me know, as you are obligated to do under <u>Local Rule</u> 37-1 but your letter of yesterday did not address, whether this is in fact an issue in dispute and what defendant's position is as to where the deposition should be taken.[1]

Also, this afternoon, Judge Manella denied defendant's <u>ex parte</u> application in its entirety, including defendant's request that discovery be stayed pending the Court's decision on Mattel's motion for remand. A copy of the Order is attached for your convenience. Your letter of yesterday likewise had asserted that the defendant's deposition should be stayed until after the motion for remand is decided. Because this contention has now been rejected by the Court, it cannot serve as a basis for Mr. Bryant's refusal to comply with the Notice of Deposition. In light of the Court's recent Order and, again, as you are obligated to do under <u>Local Rule</u> 37-1, please let us know whether this is in fact an issue in dispute and what defendant's position is.

Regrettably, your letter of this afternoon seems to be a continuation of defendant's efforts to trump up all manner of disputes--no matter how trivial--that I have been promptly trying to resolve with you. I presume that this unfortunate tactic is the result of defendant's lack of any genuine interest in trying to reach agreement, since you seemingly have decided that motion practice--no matter how unnecessary--will maximize the delay which defendant has been seeking.

In short, your evident refusal to address or clarify the actual matters that you are purporting to raise--which may well be easily resolved once we know what they are--is both a violation of the

---

[1] <u>Local Rule</u> 37-1 provides that "counsel for the opposing party shall confer with counsel for the moving party within ten (10) calendar days after the moving party serves a letter requesting such conference. The moving party's letter shall identify *each issue* and/or discovery request in dispute, shall state briefly with respect to each such issue/request *the moving party's position* (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought." (Emphasis added.)

2

EXHIBIT 7   PAGE 48

Rules and a discourtesy to us and the Court.  Once defendant has identified the issues in dispute and his position on them as required by the Rules, I will be happy to arrange for a conference to discuss what, if any, issues remain in contention.  I look forward to hearing from you and, in particular, to receiving a substantive response to my letters, so that we can work together to see if the parties can resolve the matters that defendant raised yesterday.

Very truly yours,

Michael T. Zeller

3

EXHIBIT. 7 _PAGE 49 .

**Exhibit 8**



# LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

## FACSIMILE COVER SHEET

June 24, 2004

To: ~~████████████~~ Esq.                    Fax:   (213) 624-0643     Phone:
  Quinn Emanuel Urquhart Oilver &
  Hedges, LLP

**Fax #(s) verified before sending (initial):**

From:   Douglas A. Wickham          Fax:   310.553.5583     Phone:  310.712.7314

Length, including this cover letter:   5   Pages

If you do not receive all pages, please call Sender's Phone Number.


Message:

**CONFIDENTIALITY** – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm    Client Code: __028307.1010__    User Number: __1745__

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
2049 Century Park East, 5th Floor, Los Angeles, CA 90067.3107  Tel: 310.553.0308  Fax: 310.553.5583, www.littler.com

EXHIBIT _X_ PAGE 50