Received:   8/24/04   7:54PM;   -> quinn,emanuel,   Page 2

JUN-24-2004 19:40 FROM:LITTLER ADELSON   310 553 5583        TL  136240643        P.2/6

**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

June 24, 2004

Douglas A. Wickham
Direct: 310.712.7314
Direct Fax: 310.553.5583
dwickham@littler.com

<u>**VIA FACSIMILE (213.624.0643) AND U.S. MAIL**</u>

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   <u>**Mattel, Inc. v. Carter Bryant**</u>

Dear Mr. Zeller:

I received your letter, dated June 23, 2004, concerning your continued refusal to comply with your obligations under the Local Rules to meet and confer with me in advance of the filing of a motion for a protective order.

In your letter, you selectively quoted from Local Rule 37-1.  The full Rule provides as follows:

> <u>Prior to the filing of any motion relating to discovery pursuant to F.R.Civ.P. 26-37,</u> <u>counsel for the parties shall confer in a good faith effort to eliminate the necessity for</u> <u>hearing the motion or to eliminate as many of the disputes as possible.</u> It shall be the responsibility of counsel for the moving party to arrange for this conference. If both counsel are located within the same county of the Central District, the conference shall take place in person at the office of the moving party's counsel, unless the parties agree to meet someplace else. If both counsel are not located within the same county of the Central District, the conference may take place telephonically. <u>Unless</u> <u>relieved by written order of the Court upon good cause shown, counsel for the</u> <u>opposing party shall confer with counsel for the moving party within ten (10)</u> <u>calendar days after the moving party serves a letter requesting such conference.</u> The moving party's letter shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.

Local Rule 37-1 (emphasis added).  My June 22, 2004 letter was more than sufficient to trigger your obligation to attend such a conference and your arguments to the contrary are absurd.  My letter explained what the discovery issue was, it "briefly" stated Defendant's

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

EXHIBIT Y  PAGE 51

Michael T. Zeller, Esq.
June 24, 2004
Page 2

position, and it identified the requested relief.  While your arguments to the contrary may sound good in your own mind, I sincerely doubt that Magistrate Judge Block will be impressed by them.

I have no plans on further wrangling with you concerning whether you have an obligation to attend a Rule 37-1 conference.  You do.  The question now is simply whether you plan on fulfilling your obligation to participate in the Rule 37-1 conference.  If you fail and refuse to schedule such a conference, we will seek an order on an ex parte basis from Magistrate Judge Block that directs you to attend a Rule 37-1 conference and requires your client to pay sanctions for this discovery abuse.  To that end, please consider this letter our notice to you concerning this ex parte application.  Please let me know immediately whether you will oppose this ex parte application so I can include your position in our papers.

Nevertheless, in the event that you decide to set aside your tactics for a moment, maybe we can work something out here that makes sense for both parties.  In this regard, in light of the Court's order denying Defendant's ex parte application, Defendant no longer will be seeking a protective order to stay discovery pending resolution of Plaintiff's motion for remand.  But, there are several other proper grounds on which that motion will be based.

One reason why the deposition should not go forward on June 29, 2004 (and should not proceed until after the July 19, 2004 Scheduling Conference) arises from your draft of the Joint Report.  Notwithstanding your statements to the contrary (in your letter of June 24, 2004), you expressly stated at the Rule 26(f) conference that Mattel agreed to the limits on discovery set forth in the federal rules.  But, in the Joint Report, you now have taken a different position and insist that the Bryant deposition proceed for 14 hours instead of the 7 hours allotted in the Federal Rules.  Since it is unlikely that we will resolve this issue, Mattel cannot take a longer deposition unless and until the Court authorizes it.  Accordingly, based on the position Mattel is taking on this issue, Mr. Bryant's deposition cannot proceed until after the July 19th scheduling conference and after the court rules on this issue.

In addition, it is improper for this deposition to proceed until after (1) we resolve the location issue (which may be resolved soon if you agree to our proposal below), (2) Defendant's Counterclaim has been filed, and (3) the parties have exchanged their initial disclosures and discovery responses (and have sorted out any deficiencies related to such responses).  We do not want to be in a position where you take Mr. Bryant's deposition now and then seek to take his deposition again after the Counterclaim is filed, which is why I promptly brought Defendant's intent to file such a Counterclaim to your attention and immediately sought to conduct the Rule 7-3 conference (which you also have refused to schedule).

Besides the above issues and the issues raised in my June 22, 2004 letter, there are real and substantial scheduling problems with a June 29, 2004 deposition date, a date that you selected unilaterally without consulting with Defense counsel.

EXHIBIT Y PAGE 52

Michael T. Zeller, Esq.
June 24, 2004
Page 3

Mr. Bryant is traveling at the end of June and early July 2004, and will be on vacation during the week of July 5, 2004 and possibly the following week. Moreover, certain of Mr. Bryant's professional obligations that had been scheduled for early July are likely to be rescheduled in late July or early August. There may be other necessary limitations here, which I am continuing to investigate.

Mr. Millman and I also have significant scheduling conflicts in July 2004 and early August 2004. I am unavailable during the week of July 12, 2004 (with a mediation and mediation preparation on July 12 and 13, 2004, and packing and moving to my new house on July 14, 15, and 16, 2004), the week of July 19, 2004 (with the Scheduling Conference in this case on July 19, 2004, doctors' appointments and personal scheduling conflicts on July 20, 21 and 22, 2004, and a significant motion hearing on July 23, 2004 in the Orange County Superior Court), July 26, 2004 (another Scheduling Conference in a class action pending in federal court in Riverside), August 5, 2004 (a significant motion hearing in another class action pending in the Orange County Superior Court), August 9, 2004 (a significant motion hearing in another class action in the Los Angeles Superior Court), and the last week of August 2004 (taking my family on vacation before my son starts kindergarten).

Mr. Millman is unavailable July 1-5, 2004 (traveling out of the office), July 8, 2004 (medical issue), July 12, 2004 (firm administration activities in Chicago), July 15, 2004 (traveling and business engagement), July 19 and 20, 2004 (previously scheduled deposition in another case), the week of July 26, 2004 (personal matters), and August 19 and 20, 24 and 25, 2004 (personal matters). Moreover, Mr. Millman is lead counsel in collective bargaining negotiations (and in connection with potential strikes) occurring throughout July and August 2004.

Given these scheduling conflicts and the fact that the parties still need to negotiate and finalize an appropriate protective order, Mr. Bryant needs to file his Counterclaim, and both parties need to address the outstanding discovery requests, there are more than ample grounds for seeking and obtaining a protective order here. At this juncture, I encourage you to respond to my request to schedule a Rule 37-1 conference and let's get together to talk these issues through. At the Rule 37-1 conference, we can cut through a lot of this and agree on mutually convenient deposition date(s) in the middle of August 2004. Presently, as to Mr. Bryant's, Mr. Millman's and my schedules, we can proceed with this deposition on August 16, 17 or 18, 2004 in St. Louis, Missouri (which is more centrally located than Springfield).

By that time, the Court will have ruled on Plaintiff's request concerning the length of the deposition too, which means we can confirm the deposition for one, seven hour day (or two) depending on the Court's ruling. We also will have the benefit of each other's discovery responses and Defendant's Counterclaim will have been filed.

EXHIBIT 7 PAGE 53

Received:   6/24/04  7:55PM;   -> quinn,emanuel;  Page 5

JUN-24-2004 19:41 FROM:LITTLER  ADELSON   310 553 5583         T( 136240643              P.5/6

Michael T. Zeller, Esq.
June 24, 2004
Page 4

Please give these additional points serious consideration and let me know as soon as possible
when you are available for a Rule 37-1 conference.  However, as stated above, if you
continue to fail and refuse to comply with the Local Rules, we will seek an order ex parte
from Magistrate Judge Block directing you to attend a Rule 37-1 conference and paying our
attorneys' fees in connection with successfully seeking such an order.

I look forward to hearing from you.

Sincerely,

Douglas A. Wickham

cc:   Robert F. Millman, Esq.
Los_Angeles:364513.2 028307.1010

EXHIBIT _8_ PAGE _54_

Received:     6/24/04   7:55PM;                             ;   Page 6

JUN-24-2004 19:41 FROM:LITTLE   ANDELSON     310 553 5583          2136240643          P.6/6

Michael T. Zeller, Esq.
June 24, 2004
Page 5


bcc:    Daphne Gronich, Esq.
        Rich Daniels, Esq.
        Dale Cendali, Esq.
        Diana Torres, Esq.
        Keith Jacoby, Esq.
        Traci Beach, Esq.

EXHIBIT 8 PAGE 55

Exhibit  9

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

June 25, 2004

**BY FACSIMILE**

Douglas Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Mattel v. Bryant

Dear Mr. Wickham:

Thank you for your letter of last night.

Through your latest litany of moving-target excuses as to why defendant cannot be deposed for almost two months, defendant is simply arrogating to himself the very discovery stay that Judge Manella rejected in denying defendant's ex parte application.

Nevertheless, to avoid burdening the Court with a motion to compel, we will agree to take Mr. Bryant's deposition in St. Louis, Missouri, starting on August 16, 2004, if defendant enters into a binding Stipulation that will ensure there are no further delays. To that end, a draft Stipulation and proposed Order is enclosed for your consideration. A Stipulation is appropriate here for the additional reason that we are relying on defendant's agreement in lieu of bringing a motion to compel. Please let me know if you have any requested changes to the draft. Otherwise, if we have an agreement, please fax an executed copy of the Stipulation back to me, and I will take care of filing it with the Court. Please also let me know if there are particular law offices in St. Louis where Mr. Bryant would prefer the deposition to occur or if we should arrange for the specific location.

The remainder of your letter is surplusage, and incorrect as well. Indeed, much of it is amply refuted by the existing written record. At no time have I "refused" to meet and confer about the deposition. To the contrary, I immediately responded to your letters and was forced to ask,

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-6300 FAX 760-345-6350
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3100 FAX 858-812-3336

EXHIBIT 9 PAGE 30

repeatedly, what the issues were surrounding the deposition in defendant's view and what he was proposing to resolve them because your letters had not addressed these matters. I also stated, quite specifically and in writing, that we were happy to meet and confer once defendant actually provided us with his position. It is remarkable--and emblematic of defendant's approach to this litigation--that you do not even answer until page three of your letter the simple question that I have been trying to work out with you: when and where Mr. Bryant would agree to have his deposition taken.

Nor is there any validity to the hodgepodge of excuses (including several new ones, raised for the first time last night) that you offer for Mr. Bryant's purported inability to make himself available for deposition for almost two months. They are obviously being belatedly interposed -- after Judge Manella rejected defendant's stay request -- to circumvent the Court's ruling and unilaterally take what the Court has already denied.

Moreover, defendant is not entitled to delay his deposition until Mattel provides responses to Mr. Bryant's discovery requests, as your letter claims yet again. Those requests were served on June 15, 2004, and Mattel's responses are therefore not even due yet. Defendant has cited no authority to support his position, and, as I have pointed out previously without contradiction by you, it is contrary to the Federal Rules. Rule 26(d) expressly directs that "methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery." Accord Schwarzer, Tashima, and Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, ¶ 11:1390 ("The fact one party is conducting discovery (by deposition or otherwise) does not operate to delay another party's right to discovery."). While continuing to repeat this alleged ground, your letter does not dispute that it is improper under the law.

I presume that the parties have a binding agreement on the timing and location of Mr. Bryant's deposition and look forward to receiving the signed Stipulation from you. If not, I am available to meet with you about defendant's motion for protective order and Mattel's motion to compel on Monday, at any time after 1 p.m. I will be out of the office for most of Tuesday, so I cannot meet on that day.

I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

2

EXHIBIT 9 PAGE 57



1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
4  Facsimile:   (213) 443-3100

5  Attorneys for Plaintiff
   Mattel, Inc.

6

7

8                 UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DISTRICT

11

12  MATTEL, INC., a Delaware corporation,   )   Case No. CV 04-3431 NM (RNBx)
                                            )
13              Plaintiff,                  )
                                            )   STIPULATION AND
14        v.                                )   [PROPOSED] ORDER RE:
                                            )   DEPOSITION
15  CARTER BRYANT, an individual, and       )
    DOES 1 though 10,                       )
16                                          )   [Discovery Matter]
               Defendants.                  )
17  _____)   Hon. Robert N. Block

18

19

20

21

22

23

24

25

26

27

28

1        WHEREAS, plaintiff Mattel, Inc. served a Notice of Deposition for

2  defendant Carter Bryant, which set such deposition to commence on June 29, 2004;

3        WHEREAS, defendant raised certain objections concerning the timing

4  and location of Mr. Bryant's deposition, and the parties have amicably reached

5  agreement on such issues; and

6        WHEREAS, in reliance upon their agreement, the parties are refraining

7  from bringing motions regarding the deposition.

8        NOW, THEREFORE, in view of the foregoing, it is hereby stipulated by

9  and amongst the parties hereto:

10        1.    Unless otherwise agreed in a writing signed by both parties,

11  Mattel, Inc.'s deposition of defendant Carter Bryant shall commence on August 16,

12  2004 in St. Louis, Missouri.

13

14  IT IS SO STIPULATED.

15

16  DATED: June __, 2004       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

17

18                    By_____
                        Michael T. Zeller

19                        Attorneys for Plaintiff
                        Mattel, Inc.

20  DATED: June __, 2004       LITTLER MENDELSON, P.C.

21

22                    By_____
                        Douglas A. Wickham

23                        Attorneys for Defendant
                        Carter Bryant

24  IT IS SO ORDERED.

25

26  DATED: _____, 2004

27

                    _____
28                    Robert N. Block, United States Magistrate Judge

-1-

Exhibit 10

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 90378)
    Michael T. Zeller (Bar No. 196417)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Plaintiff
Mattel, Inc.

*004 JUN 28  PM 4: 45

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DISTRICT

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>CARTER BRYANT, an individual, and DOES 1 though 10,<br><br>                    Defendants. | Case No. CV 04-3431 NM (RNBx)<br><br>MATTEL, INC.'S UNILATERAL REPORT OF PARTIES' PLANNING MEETING PURSUANT TO FED.R.CIV.P. 26(F)<br><br>[Declaration of Michael T. Zeller re: Defendant's Non-Cooperation in Preparation and Filing of Joint Rule 26(f) Report to be filed]<br><br>Hon. Nora Manella |

Pursuant to <u>Fed. R. Civ. P.</u> 26(f), <u>Local Rule</u> 26-1, and the Court's Scheduling Conference Order dated May 21, 2004 (the "Order"), Mattel respectfully submits this unilateral Report of the parties' early meeting of counsel. The matters specified in <u>Rules</u> 16 and 26(f), <u>Local Rule</u> 26-1 and the Order were discussed on June 14, 2004 by counsel for the parties, Michael T. Zeller of Quinn Emanuel Urquhart Oliver & Hedges, LLP, on behalf of plaintiff Mattel, Inc. ("Mattel"), and Douglas A. Wickham of Littler Mendelson, P.C., on behalf of defendant Carter Bryant ("Bryant").   As detailed in the Declaration of Michael T. Zeller re: Defendant's Non-Cooperation in Preparation and Filing of Joint <u>Rule</u> 26(f) Report ("Zeller Declaration"), which Mattel will file tomorrow morning, Mattel made repeated efforts to obtain defendant's portions of, and his cooperation in timely preparing, a Joint Report, but to no avail. Mattel therefore has been forced to file this Report unilaterally.

### 1.   Description of the Case.

(a)   Mattel's factual summary of the case is as follows:

Mattel employed defendant as a designer at its El Segundo, California headquarters from September 1995 to April 1998, and then again from January 1999 to October 2000.   On January 4, 1999, in consideration for his second term of employment with Mattel, defendant executed an Employee Confidential Information and Inventions Agreement (the "Employee Agreement").[1]   In the Employee Agreement, defendant agreed that he would not, without Mattel's express written consent, "engage in any employment or business other than for [Mattel], or invest in or assist (in any manner) any business competitive with the business or future business plans of [Mattel]."   In addition, defendant assigned to Mattel all right, title and interest in "inventions," including without limitation "designs," that he conceived

---

[1]   A copy of defendant's Employee Confidential Information and Inventions Agreement with Mattel is attached as Exhibit A to Mattel's Complaint. Defendant also entered into a similar Agreement in consideration for and as part of his first term of employment by Mattel.

-1-

EXHIBIT: 10 PAGE 61

1  or reduced to practice during his employment by Mattel. Defendant also owed a duty
2  of loyalty to Mattel, as well as a fiduciary duty to Mattel due to his position of trust.
3        Despite these obligations, and contrary to his prior representations to
4  Mattel, defendant secretly worked for and assisted a Mattel competitor as a designer
5  while he was employed by Mattel. In late November 2003, Mattel obtained a copy
6  of a contract between defendant and a Mattel competitor. The contract was dated "as
7  of" September 18, 2000 -- one month before defendant left his job with Mattel.
8  Defendant's agreement with the competitor obligated him, in conflict with his then-
9  existing obligations to Mattel, to provide product design services to the competitor
10  on a "top priority" basis. It further provided for the competitor's ownership of works
11  produced by defendant, both before and after the effective date of the agreement.
12        Mattel accordingly has asserted claims for breach of contract, breach of
13  the duty of loyalty, breach of fiduciary duty, unjust enrichment and conversion.
14        **2.**   **Basis for the Court's Subject Matter Jurisdiction.** This suit
15  was originally filed in Los Angeles Superior Court on April 27, 2004, and defendant
16  removed the action to this Court based on allegations of diversity jurisdiction under
17  28 U.S.C. § 1332(a)(1). Mattel has filed a motion for remand on the grounds that
18  defendant has failed to meet his burden of proving, with specific facts and by a
19  preponderance of the evidence, that subject matter jurisdiction exists. Defendant has
20  indicated that he intends to oppose Mattel's motion for remand.
21        **3.**   **Key Legal Issues.** Mattel currently anticipates that key legal
22  issues in this action will include: (1) the legal sufficiency of affirmative defenses
23  asserted by defendant in this action, including whether, contrary to established
24  precedent, defendant may maintain equitable defenses to Mattel's legal claims; (2)
25  the scope of relief that Mattel is entitled to as a consequence of defendant's conduct;
26  and (3) the bases for defendant's contemplated Counterclaims, which defendant has
27  not yet shared with Mattel.
28

-2-

REPORT

EXHIBIT 10 PAGE 62

4. **Range of Probable Damages.** At this point, Mattel cannot provide a realistic estimate of damages without obtaining discovery from defendant and third parties, including those associated with defendant. Mattel has propounded discovery requests, but to date has not received any of the information necessary to calculate a range of probable damages.

5. **Initial Disclosures Under Rule 26(a)(1).** The parties agreed at the early meeting of counsel that they would each provide the information required by Fed. R. Civ. P. 26(a)(1) on or before June 28, 2004.

6. **Discovery Plan.**

(a) The parties agreed at the early meeting of counsel that discovery should be taken on all issues, including liability, damages and affirmative defenses, and that discovery not be conducted in phases.

(b) The parties agreed in principle at the early meeting of counsel that a protective order concerning the disclosure of confidential information should be entered in this case. Mattel sent a draft protective order to defendant's counsel on June 17, 2004, but has received no response from defendant on this subject.

(c) Mattel currently believes that it may need to depose the party-defendant in this case for more than one seven-hour session because defendant is in unique possession of many facts relevant to Mattel's claims, because of the multitude of defenses and issues that defendant seeks to raise in this action and because defendant intends to pursue Counterclaims against Mattel. Mattel therefore respectfully requests that it be allowed to depose defendant for a total of fourteen hours. Mattel presumes that defendant opposes this request. Based on Mattel's understanding from the early meeting, the parties do not presently believe that any other limitations on discovery should be imposed or that the Federal Rules of Civil Procedure or the Local Rules should be modified, but both parties reserve the right to seek modifications or limitations on discovery pending future developments.

-3-

REPORT

EXHIBIT _10_ PAGE_63_

1     (d) Mattel proposes the following discovery deadlines, subject

2 to the Court's approval:

3       (i) All discovery to be completed on or before May 18,

4 2005. Pursuant to the Order, this date also will be the cut-off date for resolution of

5 all discovery motions.

6       (ii) Initial reports from experts under <u>Rule</u> 26(a)(2) to be

7 exchanged on or before February 17, 2005, with response reports, if any, due on or

8 before March 18, 2005, and rebuttal reports, if any, due on or before April 18, 2005.

9   **7.** **Other Items.**

10     (a) <u>Complex Case</u>. The parties agreed at the early meeting of

11 counsel that this is not a complex case that would require utilization of any of the

12 procedures of the Manual for Complex Litigation.

13     (b) <u>Currently Contemplated Motions (Other Than Discovery</u>

14 <u>Motions) and Motion Schedule</u>. Defendant proposed at the early meeting of counsel

15 that dispositive motions be filed within 90 days of the close of discovery. Mattel is

16 agreeable to that proposal, subject to the Court's approval. If Mattel's proposed

17 discovery cut-off date is accepted, the cut-off date for filing dispositive motions

18 would be August 16, 2005. Mattel currently anticipates filing a summary judgment

19 motion and/or motions in limine directed, at a minimum, against defendant's

20 affirmative defenses. Because Mattel has not yet seen defendant's proposed

21 Counterclaims, Mattel cannot currently assess the likelihood that it will file motions

22 as to defendant's Counterclaims, but respectfully reserves the right to do so as

23 appropriate.

24     (c) <u>Trial</u>. Trial will be by jury. Based on the information

25 available at this time, the parties estimated at the early meeting of counsel that the

26 trial in this matter will take approximately ten to fifteen Court days. The attorneys

27 who will try the case on behalf of Mattel include John B. Quinn and Michael T. Zeller

28 of Quinn Emanuel Urquhart Oliver & Hedges, LLP.

-4-

REPORT

EXHIBIT _10_ PAGE _64_

1           (d)   Amendments to Pleadings and Additional Parties. Mattel

2    does not currently anticipate amending its pleadings or adding additional parties to

3    this suit.  After the early meeting of counsel, defendant stated an intention to seek

4    leave to file an Amended Answer and Counterclaims, but Mattel has not received any

5    information as to the nature or bases of such an amended pleading.

6           (e)   Expert Witnesses.  The proposed timing of expert witness

7    disclosures is as described above in paragraph 6(d).

8           (f)   Settlement. Mattel cannot assess the prospects of settlement

9    at this juncture because of defendant's lack of cooperation.  Mattel has proposed, and

10   understands that defendant has now agreed, to use a private mediator as the suggested

11   settlement procedure, which is Settlement Procedure No. 3 from the list provided in

12   Local Rule 16-14.4.  In addition, the parties are filing concurrently herewith the

13   completed ADR Pilot Program Questionnaire.

14          (g)   Magistrate Judge.  Based on Mattel's understanding from the

15   early meeting, the parties do not consent to the designation of a Magistrate Judge to

16   conduct trial or other dispositive matters.

17

18   DATED: June 28, 2004         QUINN EMANUEL URQUHART
                              OLIVER & HEDGES, LLP

19                            By _____

20                            Michael T. Zeller
                              Attorneys for Plaintiff

21                            Mattel, Inc.

22

23

24

25

26

27

28

-5-

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mattel Inc.<br><br>PLAINTIFF(S) | CASE NUMBER<br><br>CV 04-3431 NM ( RNB x ) |
| v.<br><br>Carter Bryant, etal.<br><br>DEFENDANT(S). | **ADR PILOT PROGRAM QUESTIONNAIRE** |

(1) What, if any, discovery do the parties believe is essential in order to prepare adequately for a settlement conference or mediation?  Please outline with specificity the type(s) of discovery and proposed completion date(s).  Please outline any areas of disagreement in this regard.  Your designations do not limit the discovery that you will be able to take in the event this case does not settle.

Please see attachment.

_____

_____

_____

_____

_____

_____

_____


(2) What are the damage amounts being claimed by each plaintiff?  Identify the categories of damage claimed [e.g., lost profits, medical expenses (past and future), lost wages (past and future), emotional distress, damage to reputation, etc.] and the portion of the total damages claimed attributed to each category.

Please see attachment.

_____

_____

_____

_____

_____

_____

_____

ADR-9 (02/04)                    **ADR PILOT PROGRAM QUESTIONNAIRE**

EXHIBIT. 10  PAGE 66

(3) Do the parties agree to utilize a private mediator in lieu of the court's ADR Pilot Program?

Yes ☒   No ☐

(4) If this case is in category civil rights - employment (442), check all boxes that describe the legal bases of plaintiff claim(s).

☐ Title VII
☐ 42 U.S.C. §1983
☐ Americans with Disabilities Act of 1990
☐ Other _____

☐ Age Discrimination
☐ California Fair Employment and Housing Act
☐ Rehabilitation Act

_____
_____
_____

I hereby certify that all parties have discussed and agree that the above-mentioned responses are true and correct.

___6·28·04___
Date

___6·28·2004___
Date

_Mime T. Z___
Attorney for Plaintiff (Signature)

_Michael T. Zeller_
Attorney for Plaintiff (Please print full name)

_C. Wickler_
Attorney for Defendant (Signature)

_Douglas A. Wickham_
Attorney for Defendant (Please print full name)

ADR-9 (02/04)          ADR PILOT PROGRAM QUESTIONNAIRE

EXHIBIT _10_ PAGE _67_

Response to Question No. 1:

Mattel believes a settlement conference may be held without discovery if defendant is willing to fully disclose in the context of settlement discussions the scope and nature of his work for and assistance to a Mattel competitor during the time that he was employed by Mattel.  Otherwise, Mattel believes that, at a minimum, document production from defendant and third-party MGA Entertainment, and the deposition of defendant and the third-party, will be necessary for Mattel to adequately prepare for a settlement conference.

Defendant does not have sufficient information concerning the nature of Plaintiff's claims at this juncture to meaningfully participate in mediation. Defendant has propounded written discovery on Plaintiff, seeking production of documents and answers to contention interrogatories to determine the nature and scope of Plaintiff's claims.  Once Defendant has secured full and complete discovery responses from Plaintiff, Defendant anticipates taking at least ten depositions (and possibly 20) in order to determine the facts supporting Plaintiff's claims and Defendant's defenses.  All of this discovery may not be completed until late 2004 or early 2005, depending on whether the parties cooperate in discovery and/or if either party needs to secure court intervention in discovery.  In any event, Defendant does not believe that he will be in a position to meaningfully participate in mediation until late 2004 or early 2005.

Response to Question No. 2:

Mattel has not yet computed the amount of damages because no discovery has yet been obtained, including in particular discovery necessary to compute damages that is uniquely in the possession of defendant and third parties.  At a minimum, Mattel's damages computation will include without limitation the following categories: monies paid to defendant by the Mattel competitor during his period of disloyalty and/or as a result of defendant's misconduct; disgorgement of any other benefit, or its value, or its proceeds, derived or obtained by defendant as a result of his disloyalty, his breach of contract and other actionable misconduct and/or as a result of work that he performed for the Mattel competitor during his Mattel employment; any profits and the value of any other benefits that defendant's co-conspirators' derived or obtained as a result of defendant's disloyalty and other misconduct; the value of Mattel assets, resources, opportunities and/or property, including intellectual property, that defendant and his co-conspirators converted, diverted from Mattel and/or otherwise improperly

EXHIBIT _10_ PAGE _68_

used or usurped; the value of information and intellectual property owned by Mattel which defendant provided to any Mattel competitor in violation of his obligations to Mattel; compensation paid by Mattel to defendant during defendant's period of disloyalty; the costs of maintaining this action and attorney's fees; and punitive damages.

Defendant contends that because Plaintiff has not suffered any damage or harm that was caused by any unlawful or otherwise wrongful act or omission of, or breach of duty by, Mr. Bryant, Plaintiff's damages should be zero. However, even though Plaintiff's claims are unfounded and vague, Plaintiff's claims, including its claims for equitable relief, seek to recover hundreds of thousands, if not millions, of dollars from Defendant Bryant.

EXHIBIT 10 PAGE 61

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On June 28, 2004, I served the foregoing document described as **MATTELS INC.'S UNILATERAL REPORT OF PARTIES' PLANNIG MEETING PURSUANT TO FED R CIVP 26 (F)** on all interested parties in this action.

**Robert F. Millman, Esq.**
**Doughlas A. Wickham, Esq.**
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
**Fax: 310-553-5583**

[ ]   By placing [ ] the original [ X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ X ]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by <u>Federal Express</u>.

[ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on June 28, 2004, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Maria Albert
Print Name

Signature

EXHIBIT. _10_ PAGE _70_

**Exhibit  11**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<u>SAN DIEGO</u>
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

<u>PALM SPRINGS</u>
45-025 Manitou Drive,  Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

<u>LOS ANGELES</u>
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

<u>NEW YORK</u>
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

<u>SAN FRANCISCO</u>
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

<u>SILICON VALLEY</u>
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

DATE:   June 30, 2004

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Robert Millman<br>Douglas Wickham | 310-553-0308 | 310-553-5583 |

FROM:   Michael T. Zeller

RE:   Mattel v. Bryant

MESSAGE:



| CLIENT #:   **7209** | ROUTE/<br>RETURN TO:  **Maria Albert** | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR | CONFIRMED?  ☐ No  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service.  Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.

EXHIBIT _ 11 _PAGE 11

```
Confirmation Report — Memory Send

                              Page      : 001
                              Date & Time: Jun-30-04  01:10pm
                              Line 1    : 2136240643
                              Line 2    :
                              Machine ID : QUINN EMANUEL


Job number          :   225

Date                :   Jun-30 01:08pm

To                  :   ☎9643#7209#13105535583

Number of pages     :   004

Start time          :   Jun-30 01:08pm

End time            :   Jun-30 01:10pm

Pages sent          :   004

Status              :   OK

Job number    : 225          *** SEND SUCCESSFUL ***
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

PALM SPRINGS
45-025 Manitou Drive, Suite 5
Indian Wells, CA 92210
(760) 345-4767
Facsimile: (760) 345-2414

LOS ANGELES
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

NEW YORK
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

DATE:   June 30, 2004                          NUMBER OF PAGES, INCLUDING COVER:

| TO/COMPANY: | | |
|---|---|---|
| **NAME** | **PHONE NO.** | **FAX NO.** |
| Robert Millman<br>Douglas Wickham | 310-553-0308 | 310-553-5583 |

FROM:   Michael T. Zeller

RE:     Mattel v. Bryant

MESSAGE:

| CLIENT #:  7209 | ROUTE/<br>RETURN TO:  Maria Albert | ☐ CONFIRM FAX<br>☑ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED?  ☐ No  ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3175 AS SOON AS POSSIBLE.

EXHIBIT 11 PAGE 72

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

June 30, 2004

**BY FACSIMILE**

Douglas Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Mattel v. Bryant

Dear Mr. Wickham:

I am writing, pursuant to Local Rule 37-1, in yet a further effort to resolve matters regarding the deposition of Carter Bryant.

I have not received any response to my June 25 letter, which also had enclosed a proposed Stipulation setting Mr. Bryant's deposition for August 16, 2004 in St. Louis. That was the earliest day on which defendant claimed that he could have his deposition taken and also was the location that defendant had proposed.

Defendant's justifications for why he supposedly cannot be deposed for almost two months have no merit for the reasons explained in my earlier letters. Indeed, defendant's unreasonable delay is nothing but an attempt by defendant to grant himself the very discovery stay that Judge Manella has rejected. Nevertheless, we accepted the date and location proposed by defendant and offered the Stipulation to resolve defendant's refusal to comply with the Notice of Deposition so as to avoid burdening the Court with a motion to compel. A Stipulation is necessary to ensure that defendant does not subsequently change his position and refuse to appear on August 16, 2004. If defendant truly intends in good faith to appear for his deposition on the date and in the location that he had requested, he should not have any difficulty in entering into a binding agreement to do so.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 46-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4747 FAX 760-345-4414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-4000 FAX 858-812

EXHIBIT  11   PAGE 73

Moreover, although I had proposed times to meet, you have not responded to my request to meet and confer with you about defendant's threatened motion for protective order regarding the deposition and Mattel's motion to compel.

Accordingly, further to our compliance with Local Rule 37-1 and in advance of a meet and confer (which I am again requesting), I will set out here the issues that I understand defendant has raised in refusing to comply with the Notice of Deposition and Mattel's position on those issues. Although my letters have addressed these matters previously, I will summarize them in one place for your convenience.

First, defendant initially contended that the Notice of Deposition was purportedly "procedurally defective" because it states that his deposition will take place in Los Angeles. That contention is erroneous. "A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c)(2)." Turner v. Prudential Ins. Co. of America, 119 F.R.D. 381 (M.D.N.C. 1988). Thus, there is no basis for defendant's claim that the Notice is "defective." Moreover, as I repeatedly had informed you, Mattel has always been willing to take Mr. Bryant's deposition wherever it is convenient for him. After I made repeated inquiries, defendant eventually proposed St. Louis as the deposition's location, which we promptly agreed to. I presume that defendant is no longer objecting to the deposition's location. Please let me know if I am incorrect on that score.

Second, defendant has refused to be deposed on the ground that the deposition should not take place until the Court rules on Mattel's pending motion for remand. Judge Manella, however, already has denied defendant's request that discovery be stayed pending the Court's decision on Mattel's remand motion. Because this contention has now been rejected by the Court, it cannot serve as a basis for Mr. Bryant's refusal to comply with the Notice of Deposition.

Third, defendant has claimed that he cannot be deposed until Mattel provides responses to Mr. Bryant's discovery requests. Those requests were served on June 15, 2004, and Mattel's responses are therefore not even due yet. Defendant has cited no authority to support his position, and, as I have pointed out previously without contradiction by you, it is contrary to the Federal Rules. Rule 26(d) expressly directs that "methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery." Accord Schwarzer, Tashima, and Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, ¶ 11:1390 ("The fact one party is conducting discovery (by deposition or otherwise) does not operate to delay another party's right to discovery.").

Defendant's position that he is immune from deposition until he unilaterally decides that he has obtained enough discovery from Mattel is also without factual merit. Mr. Bryant is uniquely in possession of the facts concerning his covert work for and assistance to a Mattel competitor

EXHIBIT. 11 _PAGE 74 _

while he was employed by Mattel.  The bulk of defendant's discovery requests to Mattel--which defendant claims must be answered by Mattel before he can be deposed--purport to demand that Mattel disclose facts that are not even in Mattel's possession, but are entirely within the possession of defendant and third parties associated with defendant.[1]

Finally, although Mattel regrets having to do so, Mattel reserves the right to seek reimbursement of its fees and costs pursuant to Rule 37(a)(4) and 28 U.S.C. § 1927 if defendant forces us to seek Court intervention regarding defendant's dispute over his deposition.  See, e.g., RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995); Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).  Here, there is no legitimate excuse for defendant's decision to disobey the Rules, despite Mattel's repeated efforts (mostly ignored by defendant) to resolve this matter without the necessity of a motion.  Indeed, it is difficult to imagine an instance in which a defendant's position in discovery--consisting of his initial refusal to even appear for deposition and then refusing to provide any binding assurance that he will show up on the date and at the location he himself proposed--could be more transparently designed to delay the proceedings and vexatiously run up the other party's fees and costs.

Of course, this matter can be easily resolved by defendant executing the Stipulation and returning it to me.  Assuming that defendant is not willing to do so and remains unwilling to amicably resolve the disputes about his deposition that he has raised, please let me know when you are available to meet and confer about Mattel's contemplated motion to compel.

I hope that we can resolve what should be the simple issue of defendant's deposition and look forward to hearing from you.

Very truly yours,

*Michael T. Zeller* (signature)

Michael T. Zeller

---

[1]  Also contrary to his prior arguments, defendant has no right to refuse to appear for deposition for the alleged reason that he does not think that he has adequate notice of Mattel's claims.  Defendant has cited no authority to support this argument, and it is unavailing here.  Far from being "bare bones," Mattel's Complaint identifies the salient conduct for which defendant has been sued.  Had defendant believed otherwise, he would have moved for further particulars.  You also have in your possession -- both from your client and from us -- copies of defendant's agreements with Mattel and of the contract that Mr. Bryant entered into with Mattel's competitor during his Mattel employment, in violation of his obligations to Mattel.  Moreover, defendant made this very same argument about Mattel's claims to Judge Manella in his request for a stay of discovery and other obligations under the Rules--which the Court rejected.

3

EXHIBIT  11  PAGE 75

**Exhibit  12**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<u>SAN DIEGO</u>
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

<u>PALM SPRINGS</u>
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

<u>LOS ANGELES</u>
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

<u>NEW YORK</u>
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

<u>SAN FRANCISCO</u>
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

<u>SILICON VALLEY</u>
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   July 5, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Robert Millman<br>Douglas Wickham | 310-553-0308 | 310-553-5583 |

**FROM:**   Michael T. Zeller

**RE:**   Mattel v. Bryant

**MESSAGE:**



| CLIENT #:   7209 | ROUTE/<br>RETURN TO:   **Maria Albert** | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

EXHIBIT *12* PAGE *74*

```
                        Send Confirmation Report

Line 1: JetFax M920           ID: 12136240643         5 Jul'04  6:32PM  Page  1
Line 2: JetFax M920           ID: 12136240643
```

| Job | Start time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 542 | 7/ 5  6:32PM | 0'36" | 9776#7209#13105535583# | Send.......... | 2/ 2 | EC144 | Completed........................................ |

```
        Total:   0'36"    Pages sent: 2   Pages printed: 0
```

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

### LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**  July 5, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Robert Milliman | 310-553-0308 | 310-553-5583 |
| Douglas Wickham | | |

**FROM:**  Michael T. Zeller

**RE:**  Mattel v. Bryant

**MESSAGE:**

| CLIENT #:  7209 | ROUTE/RETURN TO:  Maria Albert | ☐ CONFIRM FAX  ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED? ☐ No ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original messages to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.

EXHIBIT  12  PAGE 11

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

July 5, 2004

**BY FACSIMILE**

Douglas Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Mattel v. Bryant

Dear Mr. Wickham:

I have not received any response to my letters of June 25, 2004 and June 30, 2004 regarding Mr. Bryant's deposition.

I also have not received any substantive response to the draft Protective Order, which I faxed to you on June 17, 2004.  This was despite my follow-up letter to you of June 24, 2004 on this subject and despite your June 28, 2004 email stating that I would receive your comments by the end of last week.

Please let me know when I can expect to receive your responses on these outstanding matters.

Very truly yours,

Michael T. Zeller

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 5, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-0007 FAX 858-812-4116

EXHIBIT 12 PAGE 78

**Exhibit  13**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| SAN DIEGO | LOS ANGELES | SAN FRANCISCO |
|---|---|---|
| 4445 Eastgate Mall, Suite 200 | 865 So. Figueroa Street, 10th Floor | 50 California Street, 22nd Floor |
| San Diego, CA 92121 | Los Angeles, CA 90017 | San Francisco, CA 94111 |
| (858) 812-3107 | (213) 443-3000 | (415) 875-6600 |
| Facsimile: (858) 812-3336 | Facsimile: (213) 443-3100 | Facsimile: (415) 875-6700 |

| PALM SPRINGS | NEW YORK | SILICON VALLEY |
|---|---|---|
| 45-025 Manitou Drive,  Suite 8 | 335 Madison Avenue, 17th Floor | 555 Twin Dolphin Drive, Suite 560 |
| Indian Wells, CA 92210 | New York, NY  10017-4611 | Redwood Shores, CA 94065 |
| (760) 345-4757 | (212) 702-8100 | (650) 801-5000 |
| Facsimile: (760) 345-2414 | Facsimile: (212) 702-8200 | Facsimile: (650) 801-5100 |

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   July 8, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Robert Millman Douglas Wickham | 310-553-0308 | 310-553-5583 |

**FROM:**   Michael T. Zeller

**RE:**   Mattel v. Bryant

**MESSAGE:**



| CLIENT #:  **7209** | ROUTE/ RETURN TO:  **Maria Albert** | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED?  ☐ No  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service.  Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

EXHIBIT *13* PAGE *49*

**Send Confirmation Report**

Line 1: quinn,emanuel          ID: 12136240643          8 Jul'04 12:04PM  Page  1
Line 2: JetFax M920e           ID: 13102014746

| Job | Start time | Usage | Phone Number/Email | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 893 | 7/ 8 12:04PM | 0'38" | 9643#7209#1310553558 3 | Send............. | 2/ 2 | EC144 | Completed........................................ |

Total:    0'38"    Pages sent: 2    Pages printed: 0

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

LOS ANGELES OFFICE

### FACSIMILE TRANSMISSION

DATE:   July 8, 2004

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Robert Millman | 310-553-0308 | 310-553-5583 |
| Douglas Wickham | | |

FROM:   Michael T. Zeller

RE:   Mattel v. Bryant

MESSAGE:

CLIENT #:  7209     ROUTE/RETURN TO:  Maria Albert     ☐ CONFIRM FAX  ☐ INCLUDE CONF. REPORT

OPERATOR:           CONFIRMED? ☐ No ☐ Yes:

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. This information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service.  Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.

EXHIBIT 13 PAGE 30

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

July 8, 2004

**BY FACSIMILE**

Douglas Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Mattel v. Bryant

Dear Mr. Wickham:

I have not received any response to my letters of June 25, 2004 and June 30, 2004 regarding Mr. Bryant's deposition. This is also despite my July 5, 2004 letter, which again sought to follow-up on this outstanding matter. Nor have I heard from you as to when defendant's counsel is available for the meet and confer that we requested, even though I had proposed specific times for the conference. Defendant's time to meet and confer, as required by the Local Rules, on the issues regarding Mr. Bryant's deposition expires tomorrow at the latest.

Please let me know when you are available to meet and confer about this subject. I am available the rest of today as well as anytime before 10:00 a.m. tomorrow. Although we still hope to avoid burdening the Court with a motion to compel, defendant's refusals to cooperate in setting his deposition (and his continuing failures to even respond to our attempts to resolve the matter) are leaving us with no meaningful alternative but to seek the Court's assistance.

I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2411
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

EXHIBIT _13_ PAGE_81_

**Exhibit  14**



# LITTLER MENDELSON®

### A PROFESSIONAL CORPORATION

## FACSIMILE COVER SHEET

July 8, 2004

To:   **Michael T. Zeller, Esq**        Fax:   (213) 443-3100    Phone:   (213) 443-3000
      Quinn Emanuel Urquhart Oliver &
      Hedges, LLP

**Fax #(s) verified before sending (initial):**

From:   Douglas A. Wickham        Fax:   310.553.5583    Phone:   310.712.7314

Length, including this cover letter:   *4*   Pages

If you do not receive all pages, please call Sender's Phone Number.


Message:

**CONFIDENTIALITY** – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm    Client Code:  028307.1010    User Number:  1745

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
2049 Century Park East, 5th Floor, Los Angeles, CA  90067.3107  Tel: 310.553.0308  Fax: 310.553.5583, www.littler.com

EXHIBIT _14_ PAGE 82

**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

July 8, 2004

Douglas A. Wickham
Direct: 310.712.7314
Direct Fax: 310.553.5583
dwickham@littler.com

**VIA FACSIMILE (213.443-3100) AND U.S. MAIL**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   **Mattel, Inc. v. Carter Bryant**

Dear Mr. Zeller:

I received your letter today concerning the Bryant deposition.

As you know, however, I sent two letters to you several weeks ago, requesting that you engage in a "meet and confer" conference pursuant to Rule 7-3 of the Local Rules for the Central District of California to discuss Defendant's anticipated counterclaim and Defendant's motion seeking leave to file such a counterclaim in the event Plaintiff did not stipulate to its filing. At about the same time, I sought to schedule a "meet and confer" conference with you pursuant to Local Rule 37-1 prior to filing a motion for protective order relating to Mr. Bryant's deposition. However, these "meet and confer" conferences have not yet taken place.

Subsequently, you have sent several letters to me (including your letter of today's date) concerning your request for a "meet and confer" conference prior to Plaintiff filing a motion to compel with respect to Mr. Bryant's deposition. That conference also has not taken place yet.

At this juncture, I suggest that the parties mutually agree to meet and confer concerning all outstanding issues that both parties seek to address at a face to face meeting early next week. As I indicated in prior correspondence, I had a mediation (and pre-mediation preparation session) scheduled for Monday and Tuesday, July 12 and 13, 2004. That mediation was cancelled at the end of the day, yesterday. Accordingly, I am available to meet and confer with you next week on July 12th or 13th (but I still am unavailable on July 14, 15 and 16, 2004).

At this meet and confer conference, I propose that we address the following issues: (1) finalizing the protective order, (2) engaging in a Rule 7-3 conference relating to Defendant's counterclaim and, if necessary, the motion seeking leave to file the counterclaim, and (3)

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

2049 Century Park East, 5th Floor, Los Angeles, California 90067-3107  Tel: 310.553.0308  Fax: 310.553.5583  www.littler.com

EXHIBIT  14  PAGE  83

Michael T. Zeller, Esq.
July 8, 2004
Page 2

engaging in a Rule 37-1 conference pertaining to Plaintiff's and Defendant's potential motions with respect to the Bryant deposition.

Furthermore, Defendant Bryant joins in the objections to the subpoena served on MGA Entertainment, Inc. ("MGA") and in MGA's motion to quash. We anticipated filing Defendant's joinder in the motion to quash, but Judge Block acted quickly and stayed enforcement of the subpoena until Plaintiff and MGA met and conferred under Rule 37-1. Accordingly, I suggest that we schedule our meeting to discuss the above issues immediately before or after the Rule 37-1 conference with MGA's lawyers because I will need to attend both conferences.

Anticipating that you will continue to claim that you cannot participate in a Rule 7-3 conference concerning the counterclaim until you know what claims will be included in the counterclaim, let me repeat that Defendant's counterclaim will assert claims for relief against Mattel, Inc., pursuant to, among other things, California Business and Professions Code sections 17200, et seq., and the Declaratory Judgments Act, 28 U.S.C. § 2201. The counterclaim will be asserted on behalf of Mr. Bryant, all similarly situated present and former Mattel employees, and the general public, and will seek, among other things, to invalidate Mattel's void, invalid and unconscionable Employee Confidential Information and Inventions Assignment ("Inventions Agreement") in whole or in substantial part. By way of relief, the counterclaim will seek, among other things, a declaration establishing the invalidity of the Inventions Agreement as to Mr. Bryant and as to all present and former Mattel employees, an injunction prohibiting Mattel from continuing to engage in such unfair business practices as they pertain to the Inventions Agreement, and an order directing Mattel to disgorge all profits unlawfully obtained as a result of its unfair business practices and to pay our attorneys' fees in prosecuting this action on behalf of the general public. This should provide you with enough information to assess whether you will stipulate to the counterclaim (and dispense with the need for the Rule 7-3 conference) or, at a minimum, to participate in the proposed consolidated Rule 7-3 conference with regard to that topic.

As to the Bryant deposition, and by way of a preview of our conference, the parties are close to reaching an agreement concerning that deposition. The parties have agreed that the deposition will take place in St. Louis, Missouri during the week of August 16, 2004. To avoid weekend travel, the deposition should commence on Tuesday, August 17, 2004 (and not Monday, August 16, 2004), and all parties should plan on remaining in St. Louis until the deposition is completed (subject to the parties' ability to reach an agreement concerning the length of the deposition, as discussed below). We will make arrangements for the conference room for the deposition, but you will need to make arrangements for the court reporter and videographer.

Although the parties agree on the scheduling issues relating to the Bryant deposition, other issues remain. In its unilaterally filed "Joint" Report, Plaintiff indicated a desire to take Mr.

EXHIBIT 14 PAGE 84

Received:   7/ 8/ 4  2:58PM;               310 553 5583 -> QUINN EMAN' ';   Page 4

JUL-08-2004 14:38 FROM:LITTLER N  ELSON   310 553 5583          TO:L   624 0643          P.4/4

Michael T. Zeller, Esq.
July 8, 2004
Page 3

Bryant's deposition over the course of 14 hours, even though the Federal Rules ordinarily limit depositions to 7 hours. We have indicated a desire to secure longer depositions of Mattel witnesses, including the Rule 30(b)(6) deponent(s), and to take more than 10 depositions. During our meeting next week, we should meet and confer regarding these issues and attempt to reasonably resolve them prior to the Bryant deposition (and our anticipated depositions of Mattel employees) since the Court will not be addressing these issues until the October 2004 Scheduling Conference. We also need some flexibility regarding the time when the deposition begins in the morning, scheduling it to start at 10:00 a.m.., and there are, no doubt, additional issues that will need to be discussed and resolved as the parties proceed with discovery. Accordingly, I suggest that we meet at the courthouse cafeteria, as we did for our prior meeting.

After you have received and reviewed this letter, please call me or send me an e-mail message and give me dates and times when you are available. Rather than exchange further letters about these topics, let's just meet and confer and reach consensus as to how theses issues should be handled.

I look forward to your response.

Sincerely,

Douglas A. Wickham

cc:     Robert F. Millman, Esq.

Los_Angeles:366188.2 028307.1010

**Exhibit  15**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**PALM SPRINGS**
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**  July 11, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Robert Millman Douglas Wickham | 310-553-0308 | 310-553-5583 |

**FROM:**  Michael T. Zeller

**RE:**  Mattel v. Bryant

**MESSAGE:**



| CLIENT #:  7209 | ROUTE/ RETURN TO: **Maria Albert** | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED? ☐ No ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

EXHIBIT. 15  PAGE 86

```
                           Send Confirmation Report

 Line 1: quinn,emanuel          ID: 12136240643          12 Jul'04 12:22AM Page  1
 Line 2: JetFax M920e           ID: 13102014746
```

| Job | Start time | Usage | Phone Number/Email | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 2 | 7/12 12:19AM | 3'19" | 9776#7209#1310553558 3# | Send............. | 12/12 | EC144 | Completed....................................... |

```
        Total:    3'19"   Pages sent: 12    Pages printed: 0
```

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3299

LOS ANGELES
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

PALM SPRINGS
44-489 Monterey Drive, Suite 3
Indian Wells, CA 92210
(760) 345-4767
Facsimile: (760) 345-2414

NEW YORK
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE

### FACSIMILE TRANSMISSION

DATE:   July 11, 2004

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Robert Millman<br>Douglas Wickham | 310-553-0308 | 310-553-5583 |

FROM:   Michael T. Zeller

RE:   Mattel v. Bryant

MESSAGE:

| CLIENT #:  7209 | ROUTE/<br>RETURN TO:  Maria Albert | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | | CONFIRMED? ☐ No ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3176 AS SOON AS POSSIBLE.

EXHIBIT 15 PAGE 87

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

July 11, 2004

**BY FACSIMILE**

Douglas Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Mattel v. Bryant

Dear Mr. Wickham:

Because defendant declined to meet and confer within the time mandated by Local Rule 37-1, I am enclosing Mattel's draft portions of a Joint Stipulation for Mattel's motion to compel the defendant's deposition.  Pursuant to the Local Rules, defendant's portions are due no later than Friday, July 16, 2004.

Please let me know if you have any questions or concerns.

Very truly yours,

*Michael T. Zeller*

Michael T. Zeller

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 46-035 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4705 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812

EXHIBIT *15* PAGE *80*

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2  Michael T. Zeller (Bar No. 196417)
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100

5  Attorneys for Plaintiff
   Mattel, Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware          )   Case No. CV 04-3431 NM (RNBx)
    corporation,                      )
12                                    )   **DISCOVERY MATTER**
                 Plaintiff,           )
13                                    )   JOINT STIPULATION RE:
          v.                          )   MATTEL, INC.'S MOTION TO
14                                    )   COMPEL DEPOSITION OF
    CARTER BRYANT, an individual; and )   DEFENDANT CARTER BRYANT
15  DOES 1 through 10, inclusive,     )
                                      )   [Declarations of Michael T. Zeller
16               Defendants.          )   and _____ filed concurrently
                                      )   herewith]
17  ──────────────────────────────── )
                                          Date:    August 10, 2004
18                                        Time:    9:30 a.m.

19                                        Magistrate Judge Robert N. Block

20
                                          Discovery cut-off: None set
21

22

23

24

25

26          Pursuant to Local Rule 37-2, plaintiff Mattel, Inc. ("Mattel") and defendant

27  Carter Bryant hereby respectfully submit this Joint Stipulation regarding Mattel's

28  Motion to Compel the Deposition of Defendant Carter Bryant.

EXHIBIT 15 PAGE 39

## Mattel's Introductory Statement

Defendant Carter Bryant is a former Mattel employee. He worked as a designer at Mattel's design center in El Segundo, California from September 1995 to April 1998, and then again from January 1999 to October 2000.[1] On January 4, 1999, upon starting his second term of Mattel employment, defendant executed an Employee Confidential Information and Inventions Agreement (the "Employee Agreement").[2] In the Employee Agreement, Bryant agreed that he would not, without Mattel's express written consent, "engage in any employment or business other than for [Mattel], or invest in or assist (in any manner) any business competitive with the business or future business plans of [Mattel]." In addition, Bryant assigned to Mattel all right, title and interest in "inventions," including without limitation "designs," that he conceived, created or reduced to practice during his employment by Mattel.

In November 2003, Mattel obtained a copy of a contract between defendant and a Mattel competitor, MGA Entertainment Inc.[3] That contract, which defendant and MGA entered into while defendant was employed by Mattel, required defendant to provide design services to MGA on a "top priority" basis,[4] in conflict with his then-existing obligations to Mattel. It also purported to grant MGA ownership of works produced by defendant, both before and after the agreement's effective date, in further contravention of his obligations to Mattel.[5] Through this agreement, Mattel thus first learned that defendant--while being employed and paid by Mattel for his

---

[1] Declaration of Michael T. Zeller, dated July __, 2004 and filed concurrently herewith ("Zeller Dec."), Exh. 1, at ¶ 9.

[2] Exhibit A to Mattel's Complaint (Zeller Dec., Exh. 1).

[3] Zeller Dec., Exh. 2. MGA is a substantial toy company, enjoying revenues in excess of $700 million annually, that is based in Southern California. See id., Exh. __.

[4] Id., Exh. 2, ¶ 1.

[5] Id., Exh. 2, at ¶ 3(a) ("[a]ll results and proceeds of the services provided by Bryant hereunder . . . shall be considered 'work made for hire' and shall be owned exclusively" by competitor) & ¶ 3(b) ("Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns" to competitor works produced by Bryant "prior to the commencement of the term of this Agreement").

EXHIBIT 15 PAGE 90

JOINT STIPULATION

07209/593681.1

1   exclusive services as a designer--secretly also worked as a designer for a Mattel

2   competitor.  As a result, in April 2004, Mattel sued for breach of contract, breach of

3   fiduciary duty, breach of the duty of loyalty, unjust enrichment and conversion.

4         Mattel noticed defendant's deposition for June 29, 2004.[6] Almost immediately

5   after the notice was served, defendant declined to appear for deposition and sought

6   an ex parte Order from Judge Manella to stay all discovery by Mattel. Judge Manella

7   rejected defendant's request.[7]  Defendant began in earnest with a litany of moving-

8   target excuses as to why he could not be deposed for an indeterminate period of time

9   and thereby sought to arrogate to himself the very discovery stay that Judge Manella

10  denied.[8]  For example, defendant asserted, without authority, that he is immune from

11  deposition until Mattel "provide[s] full and complete responses to Mr. Bryant's recent

12  discovery"--even though Mattel's responses were not even due yet.  As Rule 26(d)

13  expressly provides, "the fact that a party is conducting discovery, whether by

14  deposition or otherwise, does not operate to delay any other party's discovery."

15  Moreover, it is defendant and third parties associated with him (such as MGA) who

16  are uniquely in possession of facts concerning defendant's secret work for MGA

17  while he was employed by Mattel.  Indeed, defendant's discovery requests to Mattel--

18  which he urged must be answered before he can be deposed--purport to demand that

19  Mattel disclose facts that are known by defendant and his third-party associates, and

20  not by Mattel.  Defendant further claimed that he was not available at all, for a host

21  of scheduling reasons, for deposition until August 16, 2004 at the earliest.

22        To cut through the obstacles that defendant raised, and in the hopes of

23  avoiding burdening the Court with a motion, Mattel made a simple proposal.  Mattel

24  agreed to take defendant's deposition in St. Louis, Missouri (the location defendant

25  stated he preferred) on August 16, 2004 (the date when defendant stated he was first

26  _____

27      [6] Id., Exh. 4.

28      [7] Id., Exh. 3.

        [8] The facts surrounding this discovery dispute are discussed in greater detail below
    and are evidenced in the Zeller Dec., ¶¶ __ and Exhs. __ through __.

1  available), provided that defendant entered into a binding Stipulation to ensure his
2  appearance at that time and place.  The proposal merely requiring that defendant
3  obligate himself to show up was more than reasonable, so as to avoid any further
4  delays on top of the lengthy delay defendant was already creating.  See Local Rule
5  7-1 ("Stipulations will be recognized as binding only when made in open court, on
6  the record at a deposition, or when filed in the proceeding.").  And, if defendant truly
7  intended in good faith to appear for his deposition, he should not have any difficulty
8  entering into a binding agreement to do so.
9       Yet, defendant would not agree.  Mattel made its specific proposal on June 25.
10  Receiving no response, Mattel followed up on June 28 and also asked to meet and
11  confer about defendant's refusals to appear for deposition.  Defendant still did not
12  respond, so Mattel again followed up on July 5.  Defendant still did not respond, so
13  Mattel followed up again on July 8 and reminded defendant that his time to meet and
14  confer was expiring.  Defendant finally replied, but he declined to meet and confer
15  within the time mandated by the Rules, continued to ignore Mattel's straight-forward
16  proposal from two weeks earlier and provided no reason why he would not stipulate.
17  Even before all of this, on June 22 and June 23, Mattel had contacted defendant to
18  work out issues regarding his deposition, but to no avail.
19       Thus, Mattel made repeated efforts for weeks to obtain defendant's cooperation
20  in the matter of setting his deposition for a date certain.  Defendant ignored Mattel's
21  attempts to resolve the issue, failed to meet and confer within the time required by the
22  Rules and still, to this day, has provided no binding assurance that he will appear for
23  deposition.  Accordingly, Mattel respectfully requests the Court's assistance to ensure
24  that defendant appears for deposition by ordering defendant to sit for a day of
25  deposition in St. Louis during the week of August 16, 2004, which was a time that he
26  acknowledged he was available, or at such earlier time as the Court may direct.
27
28

07209/593681.1                          -4-                EXHIBIT 15  PAGE 92
                                                           JOINT STIPULATION

### Defendant's Introductory Statement

[TBA]

### Statement of Issue

Should defendant Carter Bryant be compelled to appear for deposition?

### Mattel's Contentions

It cannot be seriously disputed that Mattel is entitled to take defendant's deposition. Little could be more fundamental than a plaintiff's right to obtain the sworn testimony of a defendant. For reasons specific to this case, it is also critical that Mattel be allowed to take his deposition promptly, without further delay beyond the protracted delay that defendant is already creating. Defendant--along with MGA and other third parties associated with defendant--are in unique possession of the facts here. Mattel cannot readily obtain information about defendant's work for MGA without discovery from defendant and from MGA, since they are percipient witnesses to those activities and particularly since defendant kept his activities for MGA secret from Mattel. Moreover, Mattel anticipates that discovery from defendant (and MGA) will reveal additional persons with percipient knowledge as to defendant's disloyalty. Thus, the more that defendant delays in making himself available for deposition, the longer this entire case is delayed, to Mattel's prejudice.

Defendant nevertheless has refused to comply with Mattel's deposition notice and has unreasonably failed to make himself available for deposition. Mattel filed this suit in April 2004,[9] and defendant subsequently removed it to this Court. On June 17, 2004, Mattel served a Notice of Deposition for defendant.[10] The next day, defendant filed with the Court an ex parte application that sought a complete stay of discovery by Mattel and of all disclosure obligations by defendant, among other

---

[9] Zeller Dec., Exh. 1.

[10] Id., Exh. 4.

-5-

EXHIBIT _15_ PAGE _93_

JOINT STIPULATION

1    things.  Mattel opposed the application, and Judge Manella denied the entirety of

2    defendant's application, including his stay requests, by an Order dated June 22,

3    2004.[11]

4         In his ex parte application, defendant raised his first alleged complaint about

5    his deposition, asserting that Mattel's Notice of Deposition was purportedly

6    "procedurally defective" because it noticed his deposition for Los Angeles.  Mattel

7    promptly wrote to defendant's counsel on June 22 in an effort to resolve this single

8    objection which defendant had raised about the deposition.[12]  While noting that

9    defendant's argument was legally incorrect (see, e.g., Turner v. Prudential Ins. Co.

10   of America, 119 F.R.D. 381 (M.D.N.C. 1988) ("A party may unilaterally choose the

11   place for deposing an opposing party, subject to the granting of a protective order by

12   the Court pursuant to Rule 26(c)(2).")),[13]  Mattel nevertheless offered to take

13   defendant's deposition in any location that he proposed so as to obviate defendant's

14   supposed grievance.[14]

15        Defendant wrote back, but reiterated his argument about the deposition taking

16   place in Los Angeles, without providing any response to Mattel's invitation to take

17   the deposition in a city he selected.[15]  He also began raising wholly new objections

18   to being deposed for, evidently, an indefinite period of time.  For example, defendant

19   asserted without supporting authority that he could not be deposed until Mattel

20   "provide[s] full and complete responses to Mr. Bryant's recent discovery" -- which

21

22   _____

23   [11] Id., Exh. 3.  The alleged basis for his ex parte that Judge Manella rejected was that
     defendant has no obligation to comply with discovery or with his disclosure obligations
24   because Mattel had filed a motion for remand.

25   [12] Id., Exh. 5.

26   [13] While defendant repeatedly asserted that he would be moving for a protective
     order concerning his deposition, defendant has not done so, or even met and conferred on
27   such a motion. Id., ¶¶ __ & Exhs. __.

28   [14] Id., Exh. 5.
     [15] Id., Exhs. 6 & 7.

1 responses were not yet even due.[16]   As Mattel pointed out to defendant,[17] however,

2 the Federal Rules expressly reject that position.  Rule 26(d) states on its face that

3 "methods of discovery may be used in any sequence, and the fact that a party is

4 conducting discovery, whether by deposition or otherwise, does not operate to delay

5 any other party's discovery." Accord Schwarzer, Tashima, and Wagstaffe, California

6 Practice Guide: Federal Civil Procedure Before Trial, ¶ 11:1390 ("The fact one party

7 is conducting discovery (by deposition or otherwise) does not operate to delay

8 another party's right to discovery."). Moreover, defendant's suggestion was factually

9 untenable because he is uniquely in possession of the facts concerning his covert

10 work for and assistance to MGA while he was employed by Mattel.  Indeed, the bulk

11 of defendant's discovery requests to Mattel that he relied upon seek from Mattel facts

12 that are entirely within the possession of defendant and third parties associated with

13 defendant, and are not known to Mattel.[18]  Thus, as Mattel also pointed out at the

14 time, defendant's argument had the effect of unreasonably obstructing discovery by

15 posing a supposed dilemma for Mattel that is contrary to law.[19]

16        It was only after yet another request by Mattel on June 23[20] that defendant

17 finally identified St. Louis as a convenient location for his deposition.[21]  At the same

18 time, defendant continued to raise claimed objections to the deposition, including

---

19    [16]  Id., Exh. 6.

20    [17]  Id., Exh. 7.

21    [18]  Id., ¶ __ & Exhs. 8 and 9.

22    [19]  Id., Exh. 7.  Defendant also asserted that he lacked adequate notice of Mattel's claims to be deposed.  Far from being "bare bones" as defendant has claimed, however,

23 Mattel's Complaint identifies the salient conduct for which he has been sued.  Had he

24 believed otherwise, defendant would have moved for further particulars.

      [20]  Id., Exh. 10.

25    [21]  Id., Exh. 11.  As reflected in the correspondence, defendant additionally took the

26 position that defendant's deposition should be stayed until after Judge Manella rules on Mattel's motion for remand.  Defendant raised this specific argument in his ex parte

27 application.  As Mattel has stated, and defendant has now conceded, this contention cannot

28 serve as a basis for his refusal to comply with Mattel's notice of deposition because it was rejected by the Court in denying his ex parte.

EXHIBIT _15_ PAGE _95_

JOINT STIPULATION

entirely new ones based on defendant's alleged availability for almost two months, through the week of August 16, to be deposed. In its response the following day, on June 25, Mattel noted that defendant had no right through such a lengthy delay to arrogate to himself the very discovery stay that Judge Manella had rejected and did not consider defendant's continuing litany of excuses for his stonewalling to be legitimate.[22] Nevertheless, Mattel made a simple proposal to resolve these issues with defendant. Mattel stated: "[T]o avoid burdening the Court with a motion to compel, we will agree to take Mr. Bryant's deposition in St. Louis, Missouri, starting on August 16, 2004, if defendant enters into a binding Stipulation that will ensure there are no further delays."[23] Mattel also attached a draft Stipulation and [Proposed] Order for defendant's review and comments.[24]

Such a Stipulation was, and remains, appropriate here so as to ensure that defendant does not subsequently change his position and refuse to appear on August 16, 2004. It was also reasonable in light of the requirements of Local Rule 7-1, which states that "[s]tipulations will be recognized as binding only when made in open court, on the record at a deposition, or when filed in the proceeding." And, if defendant truly intended in good faith to appear for his deposition, he should not have any difficulty entering into a binding agreement to do so.

Five days passed without response by defendant. Accordingly, on June 30, Mattel contacted him again and asked for a reply to its June 25 proposal seeking defendant's binding assurance that he would appear for deposition.[25] Expressly reciting Local Rule 37-1, Mattel also reiterated its positions regarding defendant's failure to appear for deposition and his failure to cooperate in even trying to schedule a date when would obligate himself to show up and asked defendant to meet and

---

[22] Id., Exh. 12.
[23] Id., Exh. 12.
[24] Id., Exh. 12.
[25] Id., Exh. 13.

EXHIBIT 15 PAGE 96

JOINT STIPULATION

1   confer.[26]  Mattel further noted that "this matter can be easily resolved by defendant
2   executing the Stipulation and returning it to me."[27]

3        Another five days passed with still no response from defendant. Mattel again
4   followed up on July 5.[28]

5        Defendant still did not respond, so Mattel followed up again on July 8 and
6   reminded defendant that his time to meet and confer was expiring.[29]

7        Defendant finally replied, but he declined to meet and confer within the time
8   mandated by Local Rule 37-1, continued in his failure to respond Mattel's straight-
9   forward proposal of June 25 and provided no reason why he would not stipulate to
10  his deposition on a date certain.[30]  Thus, some three weeks after Mattel had sought to
11  engage defendant in resolving the issues he began raising about his deposition, and
12  two weeks after Mattel had made a specific proposal to fully resolve the disputes
13  regarding his deposition, defendant still would not give any binding assurance that
14  he would appear for deposition.[31]  Nor, to this day, has defendant provided any
15  binding assurance that he will ever appear for deposition.[32]

16       Simply put, Mattel is entitled to take defendant's deposition, but defendant's
17  prolonged recalcitrance and refusals to cooperate regrettably require this Court's
18  intervention to ensure that he appears for deposition.  Defendant's stonewalling also
19  must end, and end soon, to avoid even further delay in Mattel's ability to move this
20  case forward in a prompt fashion.  Mattel therefore respectfully requests that the
21  Court order defendant to sit for a day of deposition in St. Louis during the week of

22

23      [26] Id., Exh. 13.
        [27] Id., Exh. 13.
24      [28] Id., Exh. 14.
25      [29] Id., Exh. 15.
26      [30] Id., Exh. 16; see also id., ¶¶ __ & Exhs. 17 & __.
27      [31] Id., ¶¶ __ & Exhs. __.
        [32] Id.
28

EXHIBIT _15_ PAGE _97_

JOINT STIPULATION

1 | August 16, 2004, which was a time that he acknowledged he was available, or at such
2 | earlier time as the Court may direct.

3

4 | **Defendant's Contentions**

5 | **[TBA]**

6

7 | DATED:  July __, 2004

8 |                                     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

9

10 |                                     By_____

11 |                                         Michael T. Zeller  
                                        Attorneys for Plaintiff  
                                        Mattel, Inc.

12

13 | DATED: July __, 2004

14

15 |                                     LITTLER MENDELSON, P.C.

16 |                                       By_____

17 |                                         Douglas A. Wickham  
                                        Attorneys for Defendant  
                                        Carter Bryant

18

19

20

21

22

23

24

25

26

27

28

-10-

EXHIBIT 15  PAGE 98

JOINT STIPULATION

Exhibit  16