# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr>
<td align="center"><u>SAN DIEGO</u><br>4445 Eastgate Mall, Suite 200<br>San Diego, CA 92121<br>(858) 812-3107<br>Facsimile: (858) 812-3336</td>
<td align="center"><u>LOS ANGELES</u><br>865 So. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100</td>
<td align="center"><u>SAN FRANCISCO</u><br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700</td>
</tr>
<tr>
<td align="center"><u>PALM SPRINGS</u><br>45-025 Manitou Drive, Suite 8<br>Indian Wells, CA 92210<br>(760) 345-4757<br>Facsimile: (760) 345-2414</td>
<td align="center"><u>NEW YORK</u><br>335 Madison Avenue, 17th Floor<br>New York, NY 10017-4611<br>(212) 702-8100<br>Facsimile: (212) 702-8200</td>
<td align="center"><u>SILICON VALLEY</u><br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>(650) 801-5000<br>Facsimile: (650) 801-5100</td>
</tr>
</table>

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   July 12, 2004

NUMBER OF PAGES, INCLUDING COVER:

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Robert Millman<br>Douglas Wickham | 310-553-0308 | 310-553-5583 |

**FROM:**   Michael T. Zeller

**RE:**   Mattel v. Bryant

**MESSAGE:**



FAXED
JUL 12 2004

| CLIENT #:  7209 | ROUTE/<br>RETURN TO:  **Maria Albert** | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED?  ☐ No  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

EXHIBIT _16_ PAGE 99

**Send Confirmation Report**

Line 1: JetFax M920                ID: 213 6240643              12 Jul '04  1:50AM Page  1
Line 2: JetFax M920                ID: 1

| Job | Start time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|-----|-----------|-------|-------------------|------|-------|------|--------|
| 134 | 7/12  1:43AM | 0'00" | 9776#7209#1310553558 3# | Send............. | 0 | ......... | No dial tone, Line 2.......... 971 |
| 134 | 7/12  1:46AM | 0'00" | 9776#7209#1310553558 3# | Send............. | 0/ 4 | ......... | No dial tone, Line 2.......... 971 |
| 134 | 7/12  1:49AM | 1'05" | 9776#7209#1310553558 3# | Send............. | 4/ 4 | EC144 | Completed........................................ |

Total:  1'05"    Pages sent: 4    Pages printed: 0

## QUINN EMANUEL, URQUHART OLIVER & HEDGES, LLP

SAN DIEGO
4440 Southpoint Mall, Suite 300
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3538

FAX REGION
45-225 Monterey Drive, Suite 6
Indian Wells, CA 92210
(760) 340-4797
Facsimile: (760) 340-3414

LOS ANGELES
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

NEW YORK
335 Madison Avenue, 17th Floor
New York, NY  10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE

### FACSIMILE TRANSMISSION

DATE:  July 12, 2004

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Robert Millman | 310-553-0308 | 310-553-5583 |
| Douglas Wickham | | |

FROM:  Michael T. Zeller

RE:  Mattel v. Bryant

MESSAGE:

| CLIENT #: 7209 | ROUTE/RETURN TO: Maria Albert | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | COMPLEMENT? ☐ NO ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3170 AS SOON AS POSSIBLE.

EXHIBIT _16_ PAGE _100_

| | Send Confirmation Report | |
|---|---|---|

Line 1: JetFax M920           ID: 12136240643          12 Jul'04  1:46AM Page  1
Line 2: JetFax M920           ID: 12136240643

| Job | Start time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|---|---|---|---|---|---|---|---|
| 575 | 7/12  1:45AM | 1'09" | 9776#7209#1310553558 3# | Send............. | 4/ 4 | EC144 | Completed................................. |

Total:  1'09"    Pages sent: 4    Pages printed: 0

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**LOS ANGELES OFFICE**

### FACSIMILE TRANSMISSION

DATE:   July 12, 2004

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:

| | NAME | PHONE No. | FAX No. |
|---|---|---|---|
| | Robert Millman | 310-553-0308 | 310-553-5583 |
| | Douglas Wickham | | |

FROM:   Michael T. Zeller

RE:    Mattel v. Bryant

MESSAGE:

CLIENT #: 7209    ROUTE/RETURN TO: Maria Albert    ☐ CONFIRM FAX  ☐ INCLUDE CONF. REPORT

OPERATOR:    CONFIRMED? ☐ No ☐ Yes:

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.

EXHIBIT 16 PAGE 161

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

July 12, 2004

B<small>Y</small> F<small>ACSIMILE</small>

Douglas Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Mattel v. Bryant

Dear Mr. Wickham:

Thank you for your letter of Thursday afternoon, July 8, 2004.

Almost a month ago, on June 17, 2004, Mattel served a Notice of Deposition for Carter Bryant. He immediately refused to appear, sought an unsuccessful discovery stay from Judge Manella, offered numerous (and evolving) excuses for why he was supposedly immune from a deposition for some indefinite period of time and also claimed that he was not available as a scheduling matter for some two months to be deposed. My letters of June 25 and June 30 offered defendant a specific proposal to resolve these issues (including by accommodating his alleged scheduling difficulties) and requested that defendant meet and confer. When you did not respond, I followed up with a letter on July 5. When you still did not respond, I wrote again on July 8. Even before all of this, on June 22 and June 23, I had contacted you to work out issues regarding Mr. Bryant's deposition with you, but to no avail.

Thus, I had been actively attempting for well over three weeks to obtain resolution of defendant's disputes regarding his deposition. Your letter of July 8, which offered to belatedly meet "next week" about the deposition, failed to comply with defendant's obligations to meet and confer within the time required by Local Rule 37-1. Even now, your letter continues to ignore the simple proposal that I first made to you over two weeks ago that would completely resolve any dispute about Mr. Bryant's deposition. In my June 25 letter, I stated that we will agree to take Mr. Bryant's deposition in St. Louis, Missouri (where he stated he preferred to be deposed) on a

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555

PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4750 FAX 760-345-2414

SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-813-3100 FAX 858-813-3180

EXHIBIT. /L PAGE _102_

date that he said he was available in August, provided that defendant enters into a binding Stipulation that will ensure there are no further delays. I enclosed a draft Stipulation for your review and comments. Defendant has never responded to this proposal.

Accordingly, we have sent you Mattel's draft portions of a Joint Stipulation for a motion to compel Mr. Bryant's deposition. Nevertheless, I am willing to continue to try and resolve defendant's dispute over his deposition so as to avoid burdening the Court.[1] I am available to meet with you on July 13, which is one the days you mention that you are available. I suggest 3 p.m. at the Courthouse. Unless and until a binding resolution of the issues surrounding Mr. Bryant's deposition is reached, however, we will continue to move forward with our motion under Local Rule 37.

We also can discuss defendant's anticipated counterclaim, defendant's motion for protective order and the draft Stipulated Protective Order at that time. Two comments on this are warranted. First, although I appreciate your clarification of the bases for defendant's proposed counterclaim, we still will eventually need to see the actual pleading to finally decide whether to stipulate to its filing. We obviously cannot stipulate to a pleading sight unseen, as I have stated. Second, contrary to your suggestion, I have never claimed that I "cannot participate" in a pre-filing conference on the counterclaim without knowing what claims will be included. I certainly did say that it is necessary for us to see the pleading for a conference about whether we will stipulate to its filing to be productive, but I also clearly stated that I would meet and nevertheless proposed specific dates on which to have a conference on this subject and on defendant's anticipated motion for protective order. See, e.g., my letters of June 25, 2004 and June 30, 2004. You did not respond to those suggested dates for either of these conferences.

Finally, I am willing to discuss at our meeting the issues that you allude to about defendant's anticipated depositions of Mattel's employees. However, your letter does not make clear what those issues are, and I have not received a Rule 30(b)(6) notice from defendant, so please be forewarned that whatever discussions we have will necessarily be preliminary. If what you are contemplating is an actual meet and confer on these subjects, you will need to send me a letter

---

[1] Some of the most recent inquiries in your letter are easily resolved. For example, if Mr. Bryant would prefer his deposition to take place on August 17 (instead of August 16 as he had earlier suggested), we are agreeable to change the date on the draft Stipulation that I had sent you on June 25. Also, as you request in your letter, a 10 a.m. start time for the deposition is not a problem. Other issues that you raise, such as defendant's further suggestion that Mattel must complete Mr. Bryant's deposition in one consecutive session, will not be so easily resolved. As you know, we do not consider such a constraint to be reasonable or fair, particularly given that MGA is refusing to produce discovery until defendant completes his. The net effect of those positions would be to forever deprive Mattel of the ability to depose Mr. Bryant about information that is received from MGA.

2

EXHIBIT 16 PAGE 103

that complies with Local Rule 37-1 so that I can have sufficient advanced notice and can consult with others before being able to confer with you on those matters in detail. As I say, however, I am happy to talk with you on July 13 about your contemplated depositions of Mattel personnel, with the understanding that the conversation does not constitute a Rule 37-1 conference and will be tentative and preliminary.

I look forward to hearing from you.


Very truly yours,

Michael T. Zeller

3

EXHIBIT 16 PAGE 104

**Exhibit  17**



**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

JUL 1 4 2004

ARIZONA

CALIFORNIA

COLORADO

July 12, 2004

Douglas A. Wickham
Direct: 310.712.7314
Direct Fax: 310.553.5583
dwickham@littler.com

DISTRICT OF COLUMBIA

FLORIDA

**VIA FACSIMILE (213.443-3100) AND U.S. MAIL**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

GEORGIA

ILLINOIS

**Re:** **Mattel, Inc. v. Carter Bryant**

Dear Mr. Zeller:

I received your letters of Sunday, July 11, 2004, and Monday, July 12, 2004, which were received via facsimile in my office at 12:19 a.m. and 1:50 a.m. on the morning of July 12, 2004, in which you continue with your harassing and offensive letter writing campaign, despite the fact that the parties have reached complete agreement concerning the date, time and location of Mr. Bryant's deposition.

MASSACHUSETTS

MINNESOTA

To be clear, in my July 8, 2004 letter (coupled with my letter dated June 24, 2004, and your letters dated June 25, 2004 and July 12, 2004), the parties have agreed that Mr. Bryant's deposition will proceed the week of August 16, 2004 in St. Louis, Missouri, beginning on August 17, 2004 at 10:00 a.m. and continuing thereafter until completed. In my July 8, 2004 letter (responding to a question posed in your June 25, 2004 letter), I informed you that we would make arrangements for the deposition room, but you needed to make arrangements for the court reporter and videographer. In short, all outstanding issues concerning whether and when Mr. Bryant's deposition will proceed have been resolved as early as your June 25, 2004 letter, albeit subject to minor changes proposed in my July 8th letter, which you agreed to in your July 12th letter. Accordingly, all outstanding issues concerning whether and when that deposition will proceed have been resolved rendering your requested Rule 37-1 conference moot.

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

In addition, however, your July 11th and 12th letters (and the draft stipulation) give the false impression that Defendant has been recalcitrant in fulfilling his obligations to meet and confer when, in fact, the opposite is true. On June 22, 2004 and again on June 23, 2004, I wrote to you and sought to meet and confer with you pursuant to Local Rules 7-3 and 37-1 in advance of filing a motion for a protective order concerning Mr. Bryant's deposition and a motion seeking leave to file a Counterclaim. It is a fact that, in response to those letters, you failed and refused to even schedule, let alone attend, the requested Rule 7-3 and 37-1 conferences. But, you later agreed in your June 25, 2004 letter to the date(s) and location for

OHIO

PENNSYLVANIA

TEXAS

WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107  Tel: 310.553.0308  Fax: 310.553.5583  www.littler.com

EXHIBIT *17* PAGE *105*

Michael T. Zeller, Esq.
July 12, 2004
Page 2

Mr. Bryant's deposition that we had been proposed in my June 24th letter, and you indicated that Mattel would stipulate to the filing of a Counterclaim after you learned "what Defendant is proposing[.]" Notwithstanding your claims to the contrary, the record is crystal clear that it is Plaintiff who has failed and refused to attend meet and confer conferences, and not Defendant.

Nevertheless, rather than engaging in name calling and making counter-accusations of misconduct, I sought to take the high road here and I sent my July 8th letter to you, soliciting your attendance at a face-to-face meeting to discuss issues that had not been resolved, including (1) Plaintiff's request to take Mr. Bryant's deposition for longer than the time allowed by the Federal Rules of Civil Procedure, (2) Defendant's request to take more than ten depositions and a longer Rule 30(b)(6) deposition, (3) outstanding issues concerning the protective order, if any, (4) Defendant's joinder in MGA Entertainment's objections to and motion to quash a subpoena served on MGA, and (5) the long awaited, long overdue Rule 7-3 conference concerning Defendant's counterclaim and motion seeking leave to file the same.

But, instead of receiving and responding to the July 8th letter in the positive spirit in which it was written, you waited more than three days to respond and then sent me two letters and a draft stipulation in the middle of the night – literally – that were pack filled with distortions and fabrications and were written in such a vitriolic tone that they do not deserve a response. Rest assured, however, that your harassing and offensive correspondence and your threatening to file a frivolous motion over an issue that has been resolved by the parties will not be favorably viewed by the Court.

The only positive thing that resulted from your midnight correspondence is that you finally agreed to meet and confer with me pursuant to Rule 37-1 and 7-3 on Tuesday, July 13, 2004 at 3:00 p.m. at the 4th Floor cafeteria in the U.S. Courthouse. We will see you at that time.

Sincerely,

Douglas A. Wickham

cc:    Robert F. Millman, Esq.

Los_Angeles:366464.1 028307.1010

EXHIBIT 17 PAGE 106

Exhibit  18

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<u>SAN DIEGO</u>
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

<u>PALM SPRINGS</u>
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

<u>LOS ANGELES</u>
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

<u>NEW YORK</u>
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

<u>SAN FRANCISCO</u>
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

<u>SILICON VALLEY</u>
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   July 12, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Robert Millman Douglas Wickham | 310-553-0308 | 310-553-5583 |

**FROM:**   Michael T. Zeller

**RE:**   Mattel v. Bryant

**MESSAGE:**



| CLIENT #:  7209 | ROUTE/ RETURN TO:  **Maria Albert** | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED?  ☐ No  ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

EXHIBIT. 18 .PAGE 107

Send Confirmation Report

Line 1: quinn,emanuel                    ID: 12136240643                  12 Jul'04 11:24PM Page   1
Line 2: JetFax M920e                     ID: 13102014746

| Job | Start time | Usage | Phone Number/Email | Type | Pages | Mode | Status |
|---|---|---|---|---|---|---|---|
| 68 | 7/12 11:22PM | 1'24" | 9776#7209#1310553558 3# | Send............. | 5/ 5 | EC144 | Completed........................................ |

Total:    1'24"      Pages sent: 5      Pages printed: 0

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

LOS ANGELES OFFICE

### FACSIMILE TRANSMISSION

DATE:   July 12, 2004

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:

| | NAME | PHONE NO. | FAX NO. |
|---|---|---|---|
| | Robert Millman | 310-553-0308 | 310-553-5583 |
| | Douglas Wickham | | |

FROM:   Michael T. Zeller

RE:     Mattel v. Bryant

MESSAGE:

CLIENT #:  7209

ROUTE/ RETURN TO:  Marla Albert

☐ CONFIRM FAX
☐ INCLUDE CONF. REPORT

OPERATOR:

CONFIRMED?  ☐ No  ☐ Yes: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. This information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.

EXHIBIT _ PAGE

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

July 12, 2004

**BY FACSIMILE**

Douglas Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Mattel v. Bryant

Dear Mr. Wickham:

Thank you for your letter of earlier today.

I will first address your suggestions that defendant has been complying with his obligations under the Rules and then address defendant's disputes over his deposition.

1.    **Defendant's Failures to Respond and to Meet and Confer.**

The chronology of events makes clear that it is defendant--not Mattel--who declined to meet and confer within the times required by the Rules and who failed to respond to inquiries about availability:

- In addition to two prior letters on the subject, I wrote you on June 25, 2004 regarding the disputes raised by defendant over his deposition, including defendant's purported intention to file a motion for protective order to preclude his deposition. I stated in that letter: "I am available to meet with you about defendant's motion for protective order and Mattel's motion to compel on Monday, at any time after 1 p.m." You never responded to my proposal.

- I wrote you on June 30, 2004 regarding defendant's anticipated counterclaims. I noted that you had not responded "to my prior invitation to meet with you earlier this week" and

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4750 FAX 760-345-7413
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

EXHIBIT _B_  PAGE _102_

therefore asked you to "please let me know when you are available to meet about defendant's motion" concerning the counterclaims.

- Also on June 30, 2004, I wrote you about the separate matter of defendant's deposition. I "again" requested that you "please let me know when you are available to meet and confer about Mattel's contemplated motion to compel".

- You still did not respond, and I followed up with a letter on July 5. After noting that "I have not received any response to my letters of June 25, 2004 and June 30, 2004 regarding Mr. Bryant's deposition," I asked you to "[p]lease let me know when I can expect to receive your responses on these outstanding matters".

- You still did not respond, and I followed up yet again with a letter on July 8. After noting that I had not received any response to my June 25, June 30 and July 5 letters regarding defendant's deposition, I wrote in that letter to you: "Nor have I heard from you as to when defendant's counsel is available for the meet and confer that we requested, even though I had proposed specific times for the conference. Defendant's time to meet and confer, as required by the Local Rules, on the issues regarding Mr. Bryant's deposition expires tomorrow at the latest. Please let me know when you are available to meet and confer about this subject. I am available the rest of today as well as anytime before 10:00 a.m. tomorrow."

- You responded, finally, on Thursday, July 8. You ignored entirely the times I had proposed to meet, and instead stated only that you were willing to meet "next week"--well after defendant's time to confer on Mattel's motion to compel defendant's deposition had expired under Local Rule 37-1.

This pattern by defendant more than suffices to refute the claims in your letter of today that defendant has been cooperative and that Mattel has "refused and failed" to meet and confer. Two other examples make defendant's tactics of stonewalling and delay even more evident:

- On June 17, 2004, I sent you a draft Protective Order for your review and comments. Now, almost a *month* later, I have received *no* substantive response from you on this subject, despite my additional follow-up requests for a response.

- By the Court's Scheduling Order, defendant's opposition to Mattel's motion for remand was due on July 2, the Friday before the long holiday weekend, and Mattel's reply was due on July 12. When I did not receive a copy of defendant's opposition, I wrote you during the afternoon of July 2 and requested a faxed copy. Still having not received defendant's papers or any response to my July 2 request, I wrote you again on Monday, July 5, and asked you to "[p]lease let me know when we can expect defendant's papers." Then, on Tuesday, July 6, still not having received defendant's opposition or any response to my prior requests, I

EXHIBIT 18 PAGE 110

wrote you again and asked for his papers. This request likewise went ignored by you, and you also ignored my phone messages inquiring about our obtaining a copy of the defendant's opposition. Defendant's papers finally showed up--in the *mail*, even though they were not even remotely voluminous--during the late afternoon of July 6. Through this game-playing, defendant thus simply decided to deprive us of almost five days of the time that Judge Manella had granted us to prepare a reply. You then wrote me on Thursday, July 8 and, for the first time, offered to provide defendant's opposition to us on that day--a facetious offer at best, given that it was almost a *week* after defendant's opposition was due by Court Order and was some four days before our reply was due.

Nor have you been more responsive to my phone calls or messages. Indeed, I do not recall a single instance in which you actually responded to a phone message that I have left for you. Thus, your complaint that I am writing letters to you is not well founded.[1]

## 2.   The Carter Bryant Deposition.

While your letter of today claims that Mattel's motion to compel defendant's deposition is "moot" because the parties ostensibly have an "agreement" about his deposition, the matter is not resolved because defendant has not given any *binding* assurance that he will appear for deposition. See Local Rule 7-1 ("[s]tipulations will be recognized as binding only when made in open court, on the record at a deposition, or when filed in the proceeding."). This is what I sent you over two weeks, but you have never responded to in any way.

Moreover, your letter of today cryptically asserts that defendant's deposition will "begi[n]" on August 17 "and continu[e] thereafter until completed." It appears from this last bit of qualifying language that defendant is suggesting, as you had recently asserted elsewhere, that defendant can be deposed only in one "consecutive," two-day session and that Mattel is "not . . . allowed to resume Defendant's deposition after it obtains further discovery, either voluntarily or after law and motion practice."

If this is what is meant by your letter, it is not part of any "agreement" as your letter claims. Such an artificial constraint would not foster the truth-finding function of a deposition. Mattel should have the right to elect to take the first day of testimony from defendant earlier in the case and, once additional facts are learned through further discovery, to take a second day of testimony from defendant near the end of the discovery period if it believes such a course is appropriate. Any other arrangement would provide both defendant and MGA with an incentive to resist or withhold discovery until after defendant's deposition is taken and then assert that Mattel has no right to

---

[1] Equally unavailing is your complaint that I did not reply to your July 8 letter for three days--two days of which were over a weekend. As indicated previously, there are outstanding matters that you still have not responded to for weeks.

EXHIBIT *18* PAGE *111*

question defendant about such later-produced discovery. As you know, MGA is asserting that it need not provide discovery until after defendant does. When taken together, this coordinated strategy by defendant and MGA is an attempt to deny Mattel the ability to depose defendant on discovery obtained after his deposition from any source--which, by MGA's position, would necessarily include MGA. For the reasons set forth in my letter of July 7, 2004 to Diana Torres, which I am sure that she has provided to you, we do not consider these positions to be fair or justified under the <u>Rules</u>.

Thus, as I mentioned in my letter of earlier today, unless and until a binding resolution of the issues surrounding Mr. Bryant's deposition is reached, we will continue to move forward with our motion to compel under <u>Local Rule</u> 37. We nevertheless can discuss tomorrow whether defendant will agree to a binding resolution of his disputes about his deposition so as to avoid our having to seek the Court's assistance.

Very truly yours,

Michael T. Zeller

EXHIBIT. 18 _PAGE 112

**Exhibit  19**

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

PENNSYLVANIA

TEXAS

WASHINGTON

## LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

July 14, 2004

Keith A. Jacoby
Direct: 310.772.7284
Direct Fax: 310.553.5583
kjacoby@littler.com

**VIA FACSIMILE (213.443-3100) AND U.S. MAIL**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:     **Mattel, Inc. v. Carter Bryant**

Dear Mr. Zeller:

This letter will memorialize the position of Defendant Carter Bryant with respect to the taking of his deposition, and my understanding of Plaintiff Mattel Inc.'s ("Mattel") position, as set forth in our meeting yesterday.

My understanding is that Mattel has agreed to take Mr. Bryant's deposition in St. Louis, Missouri. Mattel may select an appropriate location, and Littler Mendelson is happy to suggest a location if your firm has no suggestion.

My understanding is that an agreement has been reached to commence the deposition on August 17, 2004 at 10:00 a.m.

Two issues remain outstanding, which you suggest require Court intervention. We believe nothing that has occurred to date warrants Court intervention or prophylactic orders, and you have stated no good reason why such Court intervention is necessary. Your suggestion that pre-deposition orders are required appear to be little more than an attempt to gratuitously disparage Mr. Bryant, when he has done absolutely nothing wrong.

First, Mr. Bryant has offered to extend the seven hour limit on testimony by a single witness provided by F.R.C.P. 30(d)(2) to 14 hours, in order to give Mattel an opportunity to complete the deposition. Mr. Bryant has agreed to make himself available over August 17, 18, and 19 to accomplish that task. My understanding is that while specifics have not been agreed to at this time, both Mattel and Mr. Bryant are willing in principle to extend the seven hour limit with respect to Rule 30(b)(6) depositions as well.

Mr. Bryant is not willing to permit, as you proposed yesterday, that Mattel be allowed to initially proceed with his deposition for seven hours, or anything less that 14 hours, and then resume his deposition at a later time, after further discovery is completed. That type of

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107  Tel: 310.553.0308  Fax: 310.553.5583  www.littler.com

EXHIBIT _19_ PAGE _113_

Michael T. Zeller, Esq.
July 14, 2004
Page 2

procedure does not conform to F.R.C.P. 30(d)(2). Moreover, depositions are customarily noticed and taken from day to day, until completed. *In fact, Mattel's deposition notice expressly states that Mr. Bryant's deposition will continue from day to day until completed.* We agree that is precisely what should happen.

It is your client's decision to take Mr. Bryant's deposition at the beginning of this case. Mattel originally noticed Mr. Bryant's deposition before *any* formal discovery whatsoever was completed. In such circumstances, it will always be true that the parties will learn more about the case as discovery progresses, but the law does not require witnesses to appear and reappear again as discovery unfolds. Mattel is free to wait until a later date to take Mr. Bryant's deposition, if it so chooses. However, if his deposition goes forward now, it will go forward in consecutive sessions, and will be deemed completed at the conclusion of 14 hours, or earlier if you elect to end the deposition in less than 14 hours. I understand Mattel is not waiving its right to make a motion pursuant to F.R.C.P. 30(d)(2) to reopen Mr. Bryant's deposition, and Mr. Bryant is not waiving his right to oppose such a motion.

Finally, we have made it clear that there is no need for a Court order directing Mr. Bryant to appear, and Mr. Bryant will not stipulate to such an order. Mr. Wickham and I articulated the various reasons why this is unnecessary, and I will not rehash them here. In short, it is in Mr. Bryant's litigation interests to appear for deposition as agreed, and Mr. Wickham and I have given our representation as counsel that we will do everything in our power to ensure that Mr. Bryant will, in fact, appear. At this time, we have absolutely no reason to believe that he will not appear as agreed. While we, of course, cannot prevent an unforeseen medical emergency or other exigent circumstance that would warrant the canceling of any deposition, no such facts exist at this time. In my entire career, I have never had a witness I was representing spontaneously refuse to appear, nor has Mr. Wickham. I do not believe this will occur here, and ask that you accept the good faith representation of Mr. Wickham and I, rather than waste the Court's time and resources with a preemptive discovery motion.

Please contact me today before the close of business to confirm we have reached a final agreement on Mr. Bryant's deposition, on the terms I have proposed, and that a discovery motion is unnecessary.

Sincerely,

Keith A. Jacoby

cc:    Robert F. Millman, Esq.
       Douglas A. Wickham, Esq.

Los_Angeles:366808.2 028307.1010

EXHIBIT, *A*  PAGE _44_

**Exhibit  20**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

PALM SPRINGS
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

LOS ANGELES
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

NEW YORK
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:** July 14, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Keith A. Jacoby, Esq. | 310-772-7284 | 310-553-5583 |

**FROM:** Michael T. Zeller

**RE:** Mattel v. Bryant

**MESSAGE:**



| CLIENT #: **7209** | ROUTE/ RETURN TO: **Maria Albert** | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

EXHIBIT 20 PAGE 115

| | Send Confirmation Report | |
|---|---|---|

Line 1: quinn,emanuel                    ID: 12136240643              14 Jul'04  5:15PM Page  1
Line 2: JetFax M920e                     ID: 13102014746

| Job | Start time | Usage | Phone Number/Email | Type | Pages | Mode | Status |
|---|---|---|---|---|---|---|---|
| 205 | 7/14  5:14PM | 0'47" | 9414#07209#13105535583# | Send............. | 3/ 3 | EC144 | Completed........................................ |

Total:   0'47"     Pages sent: 3     Pages printed: 0

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

PALM SPRINGS
46-025 Manitou Drive, Suite 9
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

LOS ANGELES
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

NEW YORK
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 703-8000
Facsimile: (212) 702-8200

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE

### FACSIMILE TRANSMISSION

DATE:  July 14, 2004

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:

| | NAME | PHONE NO. | FAX NO. |
|---|---|---|---|
| | Keith A. Jacoby, Esq. | 310-772-7284 | 310-553-5583 |

FROM:  Michael T. Zeller

RE:  Mattel v. Bryant

MESSAGE:

| CLIENT #:  7209 | ROUTE/RETURN TO:  Maria Albert | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | | CONFIRMED? ☐ NO ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address shown via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

EXHIBIT 20 PAGE 116

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor. Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

July 14, 2004

**BY FACSIMILE**

Keith A. Jacoby, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Mattel v. Bryant

Dear Mr. Jacoby:

This will confirm our conversation of this afternoon regarding two of the issues that we discussed yesterday and that are the subject of your letters earlier today.

First, the parties have agreement that Mr. Bryant's deposition will commence on August 17, 2004 at 10:00 a.m. in St. Louis for a seven-hour session. We will arrange for a specific location as well as a court reporter and videographer. Mattel and Mr. Bryant are reserving their respective positions as to the appropriateness of subsequent deposition time with Mr. Bryant, and the parties will discuss the matter if and when it arises.

While Mattel did not agree with the delay of Mr. Bryant's previously noticed deposition until August for reasons that I have already stated and does not believe that the statements in your letter of earlier today accurately reflect Mattel's position in all respects, we will accept your representations as an attorney that Mr. Bryant will appear for deposition at the agreed-upon location and time. Thus, as I mentioned over the phone today, based upon those representations, we will not be going forward at this juncture with a motion to compel his deposition, without prejudice of course to our rights to seek Court relief if circumstances change.

Second, as we agreed yesterday and over the phone today, the extension of time until Friday is for both parties' responses to all outstanding written discovery requests, which includes the interrogatories that Mr. Bryant propounded upon Mattel.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor. New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4357 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 8...

**EXHIBIT** 20 **PAGE** 117

Please give me a call if you would like to discuss these matters further.  Otherwise, I will let you know about the specific location in St. Louis as soon as practicable.

Very truly yours,

Michael T. Zeller

EXHIBIT 20 PAGE 118

Exhibit 21

**From:**      Michael T Zeller
**To:**        Kjacoby@littler.com
**Date:**      8/9/04 7:04PM
**Subject:**   Deposition Location

Dear Keith, it was good speaking with you earlier today.

Here is the location for Mr. Bryant's deposition:

Armstrong Teasdale LLP
One Metropolitan Square, Suite 2600
211 North Broadway
St. Louis, MO  63102-2740
T:  314-621-5070

Incidentally, have you confirmed with the witness an exact start time for next Tuesday?

Thanks.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Tel.:  213-443-3180
Tel.:  213-624-7707
Fax:  213-624-0643

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Please be advised that this transmittal may
be a confidential attorney-client communication
or may otherwise be privileged or confidential.
If you are not the intended recipient, please do
not read, copy or re-transmit this communication.
If you have received this communication in error,
please notify us by e-mail or by telephone and
delete this message and any attachments.
Thank you in advance for your cooperation and
assistance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EXHIBIT _21_ PAGE _119_

Exhibit  22

Tania Krebs - greetings doug

| | |
|---|---|
| **From:** | John Quinn |
| **To:** | dwickham@littler.com |
| **Date:** | 8/11/04 12:14PM |
| **Subject:** | greetings doug |

i will be deposing mr. bryant next Tuesday.  for personal reasons i would appreciate it if we could begin the deposition at 9 am, so that we can stop at 4 pm.

i look forward to meeting you.  i of course know keith well.  one of your partners in san francisco, rob hulteng, is a good friend of , geez, must be 35 (!) years.

EXHIBIT _22_ PAGE _120_

**Exhibit 23**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**PALM SPRINGS**
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   August 11, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Douglas Wickham, Esq. Keith A. Jacoby, Esq. | 310-553-0308 310-772-7284 | 310-553-5583 |
| | | |
| Diana M. Torres, Esq. | 213-430-6000 | 213-430-6407 |

**FROM:**   Michael T. Zeller

**RE:**   Mattel v. Bryant

**MESSAGE:**

Please see attached.



| CLIENT #: **7209** | ROUTE/ RETURN TO:  **Maria Albert** | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED? ☐ No ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

EXHIBIT _23_ PAGE _121_

# Group Send Report

Page       : 001
Date & Time: Aug-11-04  04:14pm
Line 1     : 2136240643
Line 2     :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 218 |
| Date | : | Aug-11 04:12pm |
| Number of pages | : | 004 |
| Start time | : | Aug-11 04:12pm |
| End time | : | Aug-11 04:14pm |

Successful nbrs.

    Fax numbers

      ☎9643#7209#13105535583
      ☎9643#7209#4306407

Unsuccessful nbrs.                                                      Pages sent

EXHIBIT _23_ PAGE _122_



QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, | Case No. CV 04-3431 NM (RNBx) |
| Plaintiff, | PLAINTIFF MATTEL, INC.'S AMENDED NOTICE OF DEPOSITION OF CARTER BRYANT |
| v. | |
| CARTER BRYANT, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | |

02284/599613.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff Mattel, Inc. will take the deposition of defendant Carter Bryant on August 17, 2004, beginning at 9:00 a.m., at the offices of Armstrong Teasdale LLP, 211 North Broadway, One Metropolitan Square, Suite 2600, St. Louis, Missouri 63102-2740.

PLEASE TAKE FURTHER NOTICE that the deposition will take place upon oral examination before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped.

DATED: August 11, 2004            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                  By _____
                                     Michael T. Zeller
                                     Attorneys for Plaintiff
                                     Mattel, Inc.

-2-

AMENDED NOTICE OF DEPOSITION

EXHIBIT 23  PAGE 124

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

    I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

    On August 11, 2004, I served the foregoing document described as **PLAINTIFF MATTEL, INC.'S AMENDED NOTICE OF DEPOSITION OF CARTER BRYANT** on all interested parties in this action.

| | |
|---|---|
| **Douglas A. Wickham, Esq.**<br>**Keith A. Jacoby, Esq.**<br>**Littler Mendelson**<br>**A Professional Corporation**<br>2049 Century Park East, 5th Floor<br>Los Angeles, California 90067-3107<br>TEL: 310-553-0308<br>**FAX: 310-553-5583** | **Diana M. Torres**<br>**O'Melveny & Myers LLP**<br>400 South Hope Street<br>Los Angeles, California 90071-2899<br>TEL: 213-430-6000<br>**FAX: 213-430-640** |

[ ]     By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]     **BY MAIL**

[ ]     I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]     **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by <u>Federal Express</u>.

[X]     **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]     **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on August 11, 2004, at Los Angeles, California.

[ ]     (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Maria Albert
Print Name                         Signature

EXHIBIT 23   PAGE 125

Exhibit 24

Received:    8/13/ 4 12:20PM;           310 553 5583 -> QUINN EMANUEL;   Page 1

AUG-13-2004 11:57 FROM:LITTLER   DELSON    310 553 5583              13 624 0643        P.1/4

# LITTLER MENDELSON®

### A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET

August 13, 2004

☐ Call addressee or addressee's authorized personal representative before transmitting

☒ Attorney/client privileged

To:   John B. Quinn, Esq.                    Fax:   (213) 443-3100   Phone:   (213) 443-3000
      Quinn Emauel Urquhart Oliver &
      Hedges LLP

Fax #(s) verified before sending (initial):

From:   Robert F. Millman               Fax:   310.553.8720   Phone:   310.772.7206

Length, including this cover letter:   4   Pages

If you do not receive all pages, please call Sender's Phone Number.

Message:

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm   Client Code: _028307.1010_   User Number: _1118_

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
2049 Century Park East, 5th Floor, Los Angeles, CA 90067.3107  Tel: 310.553.0308  Fax: 310.553.5583  www.littler.com

EXHIBIT 2/  PAGE 212



**LITTLER MENDELSON** ®

A PROFESSIONAL CORPORATION

August 13, 2004

Robert F. Millman
Direct: 310.772.7206
Direct Fax: 310.553.5583
rfmillman@littler.com

**VIA FACSIMILE AND U.S. MAIL**

John B. Quinn, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    **Mattel, Inc. v. Carter Bryant**

Dear Mr. Quinn:

Upon returning to Los Angeles last night, I was orally briefed by my partners about their initial review of the documents produced by Mattel on August 12, 2004 in response to Defendant Carter Bryant's document requests. This morning, I looked over those documents myself, and I am extremely disappointed with Mattel's production.

The deficiencies in Mattel's document production are far greater than those foreshadowed by your partner, Michael Zeller, during his meeting with my partner Keith Jacoby earlier this week. Mattel's four and a half boxes of documents contain little more than useless phone records and copies of Carter Bryant's own artwork. It is clear that Mattel has no intention of meaningfully responding to Mr. Bryant's document requests without Court intervention, and every intention of abusing the Protective Order in this case, including its Attorneys' Eyes Only provision, to interfere with our ability to advise our client and prepare Mr. Bryant for deposition.

The following are just a few examples of the deficiencies in Mattel's document production and its abuse of the Protective Order:

- The entirety of Carter Bryant's works for Mattel, his personnel file and all manner of other Bryant records are designated "Attorney's Eyes Only" under the Protective Order. Many magazine clippings are designated "Attorney's Eyes Only" as well. We therefore cannot show Mr. Bryant his own works, or documents that he himself signed. The ink on the Protective Order has barely dried, and yet Mattel has already seen fit to abuse it.

- Not a single electronic mail message was produced, nor have Mr. Bryant's time records on "Barbie" projects been produced. Mr. Zeller's comments to Mr. Jacoby

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

2049 Century Park East, 5th Floor, Los Angeles, California 90067-3107  Tel 310.553.0308  Fax 310.553.5583  www.littler.com

EXHIBIT 24  PAGE 27

ARIZONA
CALIFORNIA
COLORADO
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
MINNESOTA
NEVADA
NEW JERSEY
NEW YORK
OHIO
PENNSYLVANIA
TEXAS
WASHINGTON

John B. Quinn, Esq.
August 13, 2004
Page 2

indicated that electronic searches **have not even been attempted to date,** or that in the case of the time records, **searches have just begun despite the fact that the document request was personally served on June 14, 2004.** In contrast to Mattel's action, it is my understanding that MGA diligently searched for and produced hundreds of electronic mail messages in response to Mattel's third party subpoena. Mattel clearly was obligated to similarly fulfill its electronic discovery obligations, but it has not.

- Phone records from Mr. Bryant's personal extension from the spring and summer of 2000 were produced, but the October 2000 phone records are curiously missing.

- As far as we can tell, no art work from anyone other than Mr. Bryant has been produced. In the press and at the Zeller/Jacoby meet and confer, Mattel and/or its employees have alleged that Mr. Bryant copied a Mattel doll idea that was in development, which Mr. Zeller called "Teen Toons." At least one present or former Mattel employee (whose identity was not disclosed) claimed in the press that Mr. Bryant had copied a specific drawing created by Lily Martinez pertaining to this doll project. **Such a drawing (or drawings) clearly were requested by Mr. Bryant's document request and yet Mattel failed to produce them – a document that goes to the heart of Mattel's claims in this case.** Mattel continues to assert, both in the press and in this lawsuit, that Mr. Bryant copied materials from a Mattel project, but the works from that project, let alone the identity of it, remain undisclosed.

As you will see, the Bryant production was done in the utmost good faith. In addition to responding to Mattel's other requests, a diligent, time consuming, good faith search was undertaken to find *every* drawing in Mr. Bryant's possession made in connection with the creation of the first generation "Bratz" dolls. We agreed to produce those documents and Mr. Bryant has done so, from the very first original "Bratz" sketches to the pictures of the first dolls shown at the 2001 Toy Fair. Mattel contends the "Bratz" concept was stolen, but has produced nothing in that regard, despite an unambiguous obligation to do so. At the same time, Mattel refuses to concede that no such documents exist. If they do exist, Mr. Bryant has a right to be informed of and to see any such documents, as he has requested in his document requests to Mattel.

These tactics, taken together, evidence a concerted effort to undermine our ability to adequately prepare Mr. Bryant for his deposition. I know that my partners, Douglas Wickham and Keith Jacoby, have repeatedly represented in correspondence and at meetings with Mr. Zeller that Mr. Bryant intends to proceed with discovery in good faith, and we have lived up to that obligation. Mattel has not. I will not allow my client to be ambushed at deposition. Mattel's conduct is preventing Mr. Bryant and his counsel from meaningfully addressing and being prepared to respond to the contentions made in this suit. This is unacceptable.

EXHIBIT _24_ PAGE _128_

Received:    8/13/ 4 12:21PM;    310 553 5583 -> QUINN EMANUEL;   Page 4

AUG-13-2004 11:58 FROM:LITTLER  DELSON   310 553 5583      T  13 624 0643      P.4/4

John B. Quinn, Esq.
August 13, 2004
Page 3

Mr. Bryant will not appear for deposition under these conditions.  I will direct to Mr. Zeller's attention under a separate cover Mr. Bryant's portion of the joint stipulation seeking to compel the production of documents responsive to Mr. Bryant's requests.

Sincerely,

Robert F. Millman

cc:    Michael Zeller, Esq.
       Douglas A. Wickham, Esq.
       Keith A. Jacoby, Esq.

Los_Angeles:370306.1 028307.1010

EXHIBIT 21 PAGE 171

Exhibit  25

AUG-13-2004 14:52 FROM:LITTLER  MELSON    310 553 5583        T  213 434 2643        P.1



# LITTLER MENDELSON

A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET

August 13, 2004

☐ Call addressee or addressee's authorized personal representative before transmitting

☒ Attorney/client privileged

To:  Michael T. Zeller          Fax:   (213) 443-3100   Phone:   (213) 443-3000
Quinn Emauel Urquhart Oliver &
Hedges LLP

Fax #(s) verified before sending (initial):

From:   Keith A. Jacoby          Fax:   310.553.5583    Phone:   310.772.7284

Length, including this cover letter:   60   Pages

If you do not receive all pages, please call Sender's Phone Number.

Message:

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed:   _____   am / pm    Client Code:   028307.1010    User Number:   1823

EXHIBIT 25 PAGE 130



# LITTLER MENDELSON ®

A PROFESSIONAL CORPORATION

Keith A. Jacoby
Direct: 310.772.7284
Direct Fax: 310.553.5583
kjacoby@littler.com

August 13, 2004

<u>VIA FACSIMILE AND U.S. MAIL</u>

Michael T. Zeller, Esq.
Tania Krebs, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   <u>Mattel, Inc. v. Carter Bryant</u>

Dear Mr. Zeller and Ms. Krebs:

I have reviewed the documents produced by Plaintiff Mattel, Inc. in response to Mr. Bryant's Request for Production of Documents, and based on the scope of that production and our discussion last week, I believe a motion to compel is necessary. Please find Mr. Bryant's portion of the joint stipulation. I am forwarding this to you now to expedite this process -- we reserve the right to make revisions to the stipulation as necessary. We will forward any such revisions to you. Please return Mattel's portion in accordance with the Local Rules, and I will file the motion.

Please contact me if you have any questions.

Sincerely,

Keith A. Jacoby

cc:   Robert Millman, Esq.
      Douglas Wickham, Esq.
Los_Angeles:370346.1 028307.1010

Received:   8/13/ 4   3:10PM;          310 553 5583 -> QUINN E.ANUEL;  Page 3

AUG-13-2004 14:52 FROM:LITTLER    DELSON    310 553 5583        1   13 624 0643      P.3

**DRAFT**

1  ROBERT F. MILLMAN, Bar No. CA 062152
   DOUGLAS A. WICKHAM, Bar No. CA 127268
2  KEITH A. JACOBY, Bar No. CA 150233
   LITTLER MENDELSON
3  A Professional Corporation
   2049 Century Park East, 5th Floor
4  Los Angeles, CA  90067.3107
   Telephone:   310.553.0308
5  Facsimile:    310.553.5583

6  Attorneys for Defendant
   CARTER BRYANT

7

8                  UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 MATTEL, INC., a Delaware          Case No.  CV 043431 NM (RBx)
   Corporation,
12                                   HONORABLE NORA M. MANELLA
                  Plaintiff,
13                                   **DISCOVERY MATTER**
          v.
14                                   **JOINT STIPULATION OF ISSUES
   CARTER BRYANT, an individual;     IN DISPUTE REGARDING
15 and DOES 1 through 10, inclusive, DEFENDANT CARTER BRYANT'S
                                     MOTION TO COMPEL
16                Defendant.         PLAINTIFF'S FURTHER
                                     RESPONSES TO DEFENDANT'S
17                                   FIRST SET OF REQUESTS FOR
                                     PRODUCTION OF DOCUMENTS**

18                                   Hearing Date:
                                     Time:
19                                   Place:

20                                   Discovery Cut-Off:      T.B.D.
                                     Pre-Trial Conference:   T.B.D.
21                                   Trial Date:             T.B.D.

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles CA 90067 3107
310 553 0308

EXHIBIT 25  PAGE 132

Received:   8/13/ 4   3:10PM;   310 553 5583 -> QUINN EMANUEL, : _3 4
AUG-13-2004 14:52 FROM:LITTLER   )ELSON   310 553 5583   T   3 624 0643   P.4

**DRAFT**

## JOINT STIPULATION OF ISSUES IN DISPUTE
## DEFENDANT AND MOVANT CARTER BRYANT'S INTRODUCTORY
## STATEMENT

In this Joint Stipulation and accompanying Motion to Compel, Defendant Carter Bryant ("Bryant") seeks this Court's intervention to compel Plaintiff Mattel to produce basic discovery of central importance to the issues in this litigation, and essential to Bryant's defense. Bryant has requested specific categories of documents Mattel claims can substantiate its allegations that Bryant stole Mattel property, including documents related to his employment at Mattel, documents evidencing Mattel's purported damages, and documents related to the agreements Mattel forced Bryant to sign as a condition of his employment. Many of these documents are expressly referenced in Mattel's Complaint, and there can be no reasonable dispute as to their relevance. Mattel's document production to date has failed to disclose these critical documents. Mattel either produced no documents at all, or severely under-produced documents.

Plaintiff Mattel, Inc. ("Mattel") is an international toy manufacturer that markets numerous lines of toys, including its most well-known product, the "Barbie" doll line. Bryant was formerly employed by Mattel as a designer of Barbie fashions. Mattel filed an action against Bryant in the Los Angeles Superior Court on April 27, 2004, almost four years after he resigned from Mattel. Mattel alleges, among other things, that Mr. Bryant "misappropriate[ed] and misus[ed] Mattel property and resources" and "secretly aid[ed], assist[ed] and work[ed] for a Mattel competitor." Complaint at ¶ 12.

At the heart of this case is the ownership of the wildly successful "Bratz" line of dolls developed by Bryant and marketed by MGA Entertainment ("MGA"). Mattel has publicly claimed Bryant stole the Bratz designs, in a Wall Street Journal article dated July 18, 2003. In that article, a former Mattel designer stated that the Bratz line was "virtually identical" to dolls created at Mattel that never hit the market. Despite

1

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

EXHIBIT 25 PAGE 133

Received:    8/13/ 4  3:11PM;                310 553 5583 -> QUINN EMANUEL;  Page 5

AUG-13-2004 14:53 FROM:LITTLER      NELSON    310 553 5583         TI  3 624 0643        P.5

# DRAFT

1  that Mattel's lawsuit raises claims that encompass this contention of wrongdoing,

2  Mattel has failed to produce in discovery any of its own documents in support of that

3  contention. Nor has Mattel responded that such documents do not exist.

4      Mattel has asserted causes of action against Bryant for breach of contract,

5  breach of fiduciary duty, breach of his duty of loyalty, unjust enrichment and

6  conversion. Mattel alleges in its Complaint that Bryant breached agreements he

7  executed with Mattel, used Mattel property for his personal gain and/or that Bryant

8  assisted Mattel's competitor while working for Mattel. Nevertheless, Mattel refuses

9  to produce documents that might substantiate its claims. Bryant is entitled under the

10 Federal Rules to responses to his requests for production so that he may adequately

11 prepare his defense, but because of Mattel's unreasonable position in refusing to

12 produce those documents, Bryant is left with no choice but to seek the Court's

13 intervention.

14     On June 14, 2004, Bryant served his First Set of Requests For Identification

15 and Production of Documents and Things. Bryant's requests seek documents directly

16 relevant to the claims asserted in Mattel's Complaint, including documents detailing

17 what Mattel claims Bryant appropriated and the contracts he executed with Mattel.

18 Mattel served its written "responses" to that discovery on July 16, 2004, consisting

19 largely of a refusal to produce responsive documents.

20     Mattel asserted a variety of boilerplate objections and refused to respond to the

21 requests primarily claiming that it is permitted to unilaterally delay its production of

22 documents until such time as it finds convenient, and after Bryant responds to its

23 requests for production. There is no precedent for this novel contention. Because of

24 its blanket refusal to cooperate in discovery by producing these documents, even

25 following a Rule 7-3 conference, Bryant is in the unenviable position of being forced

26 to defend Mattel's allegations while blindfolded —deprived of his right to be informed

27 of what evidence, if any, Mattel might possess against him.

28     The general inadequacy of Mattel's responses can be summarized by three

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles CA 90067 3107
213 553 2000

EXHIBIT 25 PAGE 134

AUG-13-2004 14:53 FROM:LITTLER    NELSON    310 553 5583        T  3 624 2643      P.6

# DRAFT

1  specific deficiencies. First, as mentioned above, Plaintiff objected and contends that it
2  has no obligation to respond to Defendant's discovery request until Plaintiff receives
3  Defendant's response to its pending discovery. Plaintiff's duty to produce documents
4  pursuant to Federal Rule of Civil Procedure 34 is conditioned solely upon the proper
5  service of a valid request for production of documents by Defendant. F.R.C.P. 34(b).
6  Plaintiff has raised no objections with respect to either the service or validity of the
7  request and there is no question as to either issue. Instead, Plaintiff is improperly
8  attempting to obtain an impermissible tactical advantage in this litigation by refusing
9  to respond to discovery until some later date of its own choosing. This sort of
10 gamesmanship and dilatory conduct should not be indulged by this Court.

11      Furthermore, to the extent Mattel seeks to delay its response to Bryant's
12 discovery because its own discovery is not complete, Mattel was obligated to seek a
13 court order authorizing it to delay its response. Fed. Rules Civ. Proc. Rule 33(c).
14 Mattel has failed to seek or obtain such an order, and accordingly, cannot be excused
15 from responding on that basis.

16      Second, Mattel claimed that the narrowly-tailored requests are "unreasonably
17 burdensome," but the requests fall far short of satisfying the stringent requirements of
18 Rule 26(b)(2)(iii) to permit an answering party refuse to respond on that basis. The
19 requests, as shown below, are specifically targeted to the allegations in Plaintiff's
20 Complaint.

21      Third, in response to some of the requests, Mattel identified one or more
22 responsive documents that it intends to produce while ignoring key components of the
23 document categories requested, in violation of Federal Rule 34(b). There are likely
24 more documents responsive to these requests that are not identified in Mattel's
25 response.

26      In response to the questioned requests, Mattel has made no indication that they
27 have performed a diligent search and reasonable inquiry for the documents, that they

28

3

EXHIBIT 25  PAGE 135

Received:    8·13· 4  3:12PM;

AUG-13-2004 14:54 FROM:LITTLER  ÞELSON    ㄱ.0 553 55.                    )   ㄱ ㄱㅁ- ㅁㅁ-ㅁ        P.7

# DRAFT

1   have responsive documents that they are not producing, or that they have no

2   responsive documents.

3        As set forth in more detail below, Mattel's failure to respond is without merit

4   and Defendant respectfully submits that the Court should order Mattel to supplement

5   its responses accordingly.

6

7   ## PLAINTIFF MATTEL'S INTRODUCTORY STATEMENT

8

9   ## ISSUES IN DISPUTE

10  ## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

11  **REQUEST NO. 2**:

12       All DOCUMENTS that support YOUR contention, if YOU so contend, that

13  Bryant for his own gain, or the gain of any third party, at any time converted, used,

14  sold, assigned or transferred any work product of his creation  hich YOU believe was

15  owned by MATTEL.

16  **RESPONSE TO REQUEST NO. 2**:

17       In addition to the general objections stated above, Mattel objects to this Request

18  on the grounds that it calls for the disclosure of information subject to the attorney-

19  client privilege, the attorney work-product doctrine and other applicable privileges.

20  Mattel further objects to this Request on the grounds that it is unreasonably

21  burdensome and premature in that the facts necessary to determine whether defendant

22  converted, used, sold, assigned or transferred Mattel work product for his own gain or

23  the gain of any third party are known by defendant as well as MGA and other third

24  parties, but are not known by Mattel at this juncture.  Subject to and without waiving

25  the foregoing general and specific objections, Mattel states that it currently has

26  outstanding discovery requests to defendant and to MGA, and will supplement this

27  response as appropriate after Mattel receives more information about defendant's

28  activities.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT _25_ PAGE _136_

Received:    8/13/ 4   3:12PM;              310 553 5583   > QUINN EMANUEL;   Page 8

AUG-13-2004 14:54 FROM:LITTLER    DELSON    310 553 5583        1  13 624 0643        P.8/61

**DRAFT**

**DEFENDANT'S POSITION:**

This request seeks documents that Mattel claims support its allegations that he converted, used, sold, assigned or transferred any of his work product that Mattel purports to own. This is a simple, straightforward discovery request that relates directly to a central allegation in Mattel's Complaint. Responsive documents might include emails to or from Bryant found on Mattel's computers or the work product claimed to have been converted, for example.

The request seeks documents that are relevant to the allegations in Paragraph 12 of the Complaint:

In late November, 2003, Mattel learned that Bryant had secretly aided, assisted and worked for a Mattel competitor, including without limitation by entering into an agreement with the competitor, during the time Bryant was employed by Mattel pursuant to the above-referenced agreements and was being paid by Mattel as a product designer. Bryant's agreement with the competitor obligated Bryant to provide product design services to the competitor on a 'top priority' basis. Bryant's agreement also provided, among other things, that Bryant would receive royalties and other consideration for sales of products on which Bryant provided aid or assistance; that all work and services furnished by Bryant to the competitor under the agreement purportedly would be considered "works for hire"; and that all intellectual property rights to preexisting work by Bryant purportedly would be assigned to the competitor. In addition, while Bryant was employed by Mattel, Bryant and the other defendants converted, misappropriated and misused Mattel property and resources for the benefit of, and to aid and assist, Bryant personally and Mattel's competitor.

The request also seeks documents relating to the allegations in Paragraph 41 of the Complaint that "[a]ll such services and the inventions and work product resulting

5

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310 553 0308

EXHIBIT 25  PAGE 134

# DRAFT

1  from such services, including without limitation ideas, concepts, rights, design,

2  proprietary information, and other intellectual property and intangible property created

3  by Bryant during the term of the aforesaid agreements, were the property of Mattel."

4      In its response to the request for production above, Plaintiff objected and

5  contends that it has no obligation to respond to Defendant's discovery request until

6  Plaintiff receives Defendant's response to its request.  Bryant does not believe any

7  documents responsive to the request have been produced.  At the Rule 7-3 meeting,

8  Plaintiff declined to withdraw its objections.

9      Plaintiff's duty to produce documents pursuant to Federal Rule of Civil

10  Procedure 34 is conditioned solely upon the proper service of a valid request for

11  production of documents by Defendant.  F.R.C.P. 34(b).  Plaintiff has raised no

12  objections with respect to either the service or validity of the request and there is no

13  question as to either issue.  To the extent Mattel contends that it cannot answer

14  because its own discovery is not complete, Mattel must seek a court order authorizing

15  it to delay its response.  Fed. Rules Civ. Proc. Rule 33(c).  Mattel has failed to obtain

16  such an order, and accordingly, is not excused from responding on that basis.

17      Plaintiff Mattel's objection that the discovery request is premature is likewise

18  meritless.  If the allegations in Mattel's Complaint are to be believed, it has been

19  aware of Defendant's alleged conduct since at least October 2000, when he left

20  Mattel's employ.  If anything, Mattel sat on its rights prior to filing this lawsuit and

21  Defendant has been prejudiced as a result of Mattel's unreasonable delay in bringing

22  this action.

23      Plaintiff has also objected on the grounds that the request is unreasonably

24  burdensome, yet utterly fails to provide any factual basis or  show why the request

25  amounts to an unreasonable burden such that it would be excused from responding

26  under Federal Rule 26(b)(2)(iii).  The burden or expense associated with producing

27  this narrowly-defined scope of documents does not outweigh its likely benefit taking

28  into account the needs of the case, the amount in controversy, the parties' resources,

6

EXHIBIT  X  PAGE 138

Received:   8·13·4   · · ·         3·0 553 5583 ·· QUINN EMANUEL;   Page 10
AUG-13-2004 14:55 FROM:LITTLEF   JELSON    310 553 5583        T,   3 624 0643        P.10/61

# DRAFT

1   the importance of the issues at stake in the litigation, and the importance of the

2   proposed discovery in resolving the issues. To the contrary, any burden or expense

3   associated with the production of these documents is minimal, particularly given

4   Mattel's financial resources and the key importance of these documents to issues in

5   the litigation.

6

7   **PLAINTIFF'S POSITION**:

8

9   **REQUEST NO. 3**:

10        All DOCUMENTS that support YOUR contention, if YOU so contend, that

11   Bryant for his own gain, or the gain of any third party, at any time converted, used,

12   sold, assigned or transferred any MATTEL work product owned at any time by

13   MATTEL or created by any MATTEL employee other than Bryant or by any

14   independent contractor during the time that such PERSON was working for

15   MATTEL.

16   **RESPONSE TO REQUEST NO. 3**:

17        In addition to the general objections stated above, Mattel objects to this Request

18   on the grounds that it calls for the disclosure of information subject to the attorney-

19   client privilege, the attorney work-product doctrine and other applicable privileges.

20   Mattel further objects to this Request on the grounds that it is unreasonably

21   burdensome and premature in that the facts necessary to determine whether defendant

22   converted, used, sold, assigned or transferred Mattel work product for his own gain or

23   the gain of any third party are known by defendant as well as MGA and other third

24   parties, but are not known by Mattel at this juncture. Subject to and without waiving

25   the foregoing general and specific objections, Mattel states that it currently has

26   outstanding discovery requests to defendant and to MGA, and will supplement this

27   response as appropriate after Mattel receives more information about defendant's

28   activities.

7

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
213 553 0808

EXHIBIT 25 PAGE 159

AUG-10-2004 14:55 FROM:LITTLER   )ELSON   310 553 5583   T:   0 884 0643   P.11/61

**DRAFT**

**DEFENDANT'S POSITION:**

This simple request seeks the production of documents, if any, that Mattel believes support its contention that Bryant misappropriated Mattel work product created by other Mattel employees for his own or someone else's gain. Mattel uses hundreds of independent contractors and vendors to design and produce the toys it markets. Accordingly, materials from those contractors is as critical as materials from its own employees.

Responsive documents might include emails to or from Bryant found on Mattel's computers or the work product claimed to have been converted, for example. If Mattel does not so contend or is not in possession of any such documents, it must so state in its response. Bryant does not believe any documents responsive to the request have been produced. At the Rule 7-3 meeting, Plaintiff declined to withdraw its objections.

This request seeks documents that are relevant to the allegations in Paragraph 12 of the Complaint that:

In late November, 2003, Mattel learned that Bryant had secretly aided, assisted and worked for a Mattel competitor, including without limitation by entering into an agreement with the competitor, during the time Bryant was employed by Mattel pursuant to the above-referenced agreements and was being paid by Mattel as a product designer. Bryant's agreement with the competitor obligated Bryant to provide product design services to the competitor on a 'top priority' basis. Bryant's agreement also provided, among other things, that Bryant would receive royalties and other consideration for sales of products on which Bryant provided aid or assistance; that all work and services furnished by Bryant to the competitor under the agreement purportedly would be considered "works for hire"; and that all intellectual property rights to preexisting work by Bryant purportedly would be assigned to the

8

EXHIBIT 25 PAGE 140

Received:   8 '13' 4  3:...
AUG-13-2004 14:55 FROM:LITTLER    DELSON    2:2 553 553:        T    J. 5..- ....    P.12 5:

# DRAFT

1  competitor.  In addition, while Bryant was employed by Mattel, Bryant

2  and the other defendants converted, misappropriated and misused Mattel

3  property and resources for the benefit of, and to aid and assist, Bryant

4  personally and Mattel's competitor.

5      The request also seeks documents relating to the allegations in Paragraph 41 of

6  the Complaint that "[a]ll such services and the inventions and work product resulting

7  from such services, including without limitation ideas, concepts, rights, design,

8  proprietary information, and other intellectual property and intangible property created

9  by Bryant during the term of the aforesaid agreements, were the property of Mattel."

10      Instead of responding to the request, however, Plaintiff objected and contends

11  that it has no obligation to respond to Defendant's discovery request until Plaintiff

12  receives Defendant's response to its request.  Plaintiff's duty to produce documents

13  pursuant to Federal Rule of Civil Procedure 34 is conditioned solely upon the proper

14  service of a valid request for production of documents by Defendant.  F.R.C.P. 34(b).

15  Plaintiff has raised no objections with respect to either the service or validity of the

16  request and there is no question as to either issue.  To the extent Mattel contends that

17  it cannot answer because its own discovery is not complete, Mattel must seek a court

18  order authorizing it to delay its response.  Fed. Rules Civ. Proc. Rule 33(c).  Mattel

19  has failed to obtain such an order, and accordingly, is not excused from responding on

20  that basis.

21      Plaintiff Mattel's objection that the discovery request is premature is likewise

22  meritless.  If the allegations in Mattel's Complaint are to be believed, it has been

23  aware of Defendant's alleged conduct since at least October 2000, when he left

24  Mattel's employ.  If anything, Mattel sat on its rights prior to filing this lawsuit and

25  Defendant has been prejudiced as a result of Mattel's unreasonable delay in bringing

26  this action.

27      Plaintiff has also objected on the grounds that the request is unreasonably

28  burdensome, yet utterly fails to provide any factual basis or how why the request

9

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

EXHIBIT 25 PAGE 141

Received:   8/13/4  3:14PM;                 ;563      QUINN EMANUEL;   Page 13

AUG-13-2004 14:56 FROM:LITTLER   DELSON   310 553 5583       1    3 624 0643       P.13/61

# DRAFT

1   amounts to an unreasonable burden such that it would be excused from responding

2   under Federal Rule 26(b)(2)(iii).  The burden or expense associated with producing

3   this narrowly-defined scope of documents does not outweigh its likely benefit taking

4   into account the needs of the case, the amount in controversy, the parties' resources,

5   the importance of the issues at stake in the litigation, and the importance of the

6   proposed discovery in resolving the issues.  To the contrary, any burden or expense

7   associated with the production of these documents is minimal, particularly given

8   Mattel's financial resources and the key importance of these documents to issues in

9   the litigation.

10

11   **PLAINTIFF'S POSITION**:

12

13

14   **REQUEST NO. 4**.:

15       All DOCUMENTS that support YOUR contention, if YOU so contend, that any

16   product sold by MGA Entertainment, Inc. ("MGA") under the trade name "Bratz"

17   originated from, is derived from, is based on, copies, incorporates, or is substantially

18   or confusingly similar to any design or work product created or worked on by Bryant

19   while employed by MATTEL.

20   **RESPONSE TO REQUEST NO. 4**:

21       In addition to the general objections stated above, Mattel objects to this Request

22   on the grounds that it calls for the disclosure of information subject to the attorney-

23   client privilege, the attorney work-product doctrine and other applicable privileges.

24   Mattel further objects to this Request on the grounds that it is unreasonably

25   burdensome and premature in that the facts necessary to determine whether any Bratz

26   product originated from, is derived from, is based on, copies, incorporates or is

27   substantially or confusingly similar to any design or work product created or worked

28   on by defendant while employed by Mattel are known by defendant as well as MGA

10

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 556 8400

EXHIBIT 25  PAGE 142

Received: 8/13/ 4 3:14PM;
AUG-13-2004 14:56 FROM:LITTLER   NELSON   310 553 5583   310 553       QINN E.......; Page 14
T   3 624 0643   P.14/61

# DRAFT

1   and other third parties, but are not known by Mattel at this juncture. Subject to and

2   without waiving the foregoing general and specific objections, Mattel states that it

3   currently has outstanding discovery requests to defendant and to MGA, and will

4   supplement this response as appropriate after Mattel receives more information about

5   defendant's activities.

6   **DEFENDANT'S POSITION:**

7        Again, this is a simple, narrowly-tailored document request seeking to uncover

8   documents in support of Mattel's contention that Bryant misappropriated Mattel

9   property in creating "Bratz." Mattel has publicly made this contention, specifically in

10  a Wall Street Journal newspaper article dated July 18, 2003. Responsive documents

11  might include examples of the work Mattel claims Bryant misappropriated, and/or

12  emails or other written evidence of Bryant's purported intent to misappropriate that

13  work. Bryant does not believe any documents responsive to the request have been

14  produced. At the Rule 7-3 meeting, Plaintiff declined to withdraw its objections.

15       This request seeks documents that are relevant to the allegations in Paragraph

16  12 of the Complaint that:

17       In late November, 2003, Mattel learned that Bryant had secretly aided,

18       assisted and worked for a Mattel competitor, including without limitation

19       by entering into an agreement with the competitor, during the time

20       Bryant was employed by Mattel pursuant to the above-referenced

21       agreements and was being paid by Mattel as a product designer.

22       Bryant's agreement with the competitor obligated Bryant to provide

23       product design services to the competitor on a 'top priority' basis.

24       Bryant's agreement also provided, among other things, that Bryant would

25       receive royalties and other consideration for sales of products on which

26       Bryant provided aid or assistance; that all work and services furnished by

27       Bryant to the competitor under the agreement purportedly would be

28       considered "works for hire"; and that all intellectual property rights to

11

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

EXHIBIT 25 PAGE 143

Received:   8:13/ 4  3: 4:                 310 553 5583  > QUINN E. A BEL;   Page 15

AUG-13-2004 14:56 FROM:LITTLE⌐   ⌐ELSON   310 553 5583        T  3 624 0643      P.15/61

# DRAFT

1  preexisting work by Bryant purportedly would be assigned to the

2  competitor. In addition, while Bryant was employed by Mattel, Bryant

3  and the other defendants converted, misappropriated and misused Mattel

4  property and resources for the benefit of, and to aid and assist, Bryant

5  personally and Mattel's competitor.

6    The request also seeks documents relating to the allegations in Paragraph 41 of

7  the Complaint that "[a]ll such services and the inventions and work product resulting

8  from such services, including without limitation ideas, concepts, rights, design,

9  proprietary information, and other intellectual property and intangible property created

10  by Bryant during the term of the aforesaid agreements, were the property of Mattel."

11    Rather than respond to the request, Plaintiff objected and contends that it has no

12  obligation to respond to Defendant's discovery request until Plaintiff receives

13  Defendant's response to its request. Plaintiff's duty to produce documents pursuant to

14  Federal Rule of Civil Procedure 34, however, is conditioned solely upon the proper

15  service of a valid request for production of documents by Defendant. F.R.C.P. 34(b).

16  Plaintiff has raised no objections with respect to either the service or validity of the

17  request and there is no question as to either issue. To the extent Mattel contends that

18  it cannot answer because its own discovery is not complete, Mattel must seek a court

19  order authorizing it to delay its response. Fed. Rules Civ. Proc. Rule 33(c). Mattel

20  has failed to obtain such an order, and accordingly, is not excused from responding on

21  that basis.

22    Plaintiff Mattel's objection that the discovery request is premature is likewise

23  meritless. If the allegations in Mattel's Complaint are to be believed, it has been

24  aware of Defendant's alleged conduct since at least October 2000, when he left

25  Mattel's employ. If anything, Mattel sat on its rights prior to filing this lawsuit and

26  Defendant has been prejudiced as a result of Mattel's unreasonable delay in bringing

27  this action.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

12

EXHIBIT 25 PAGE 144

HUG 17 2004 14:57 FROM:LITTLER   ELSON   310 553 5583         TO   9 354 0643         P.16/61

# DRAFT

1   Plaintiff has objected on the grounds that the request is unreasonably
2   burdensome, yet utterly fails to provide any factual basis or show why the request
3   amounts to an unreasonable burden such that it would be excused from responding
4   under Federal Rule 26(b)(2)(iii).  The burden or expense associated with producing
5   this narrowly-defined scope of documents does not outweigh its likely benefit taking
6   into account the needs of the case, the amount in controversy, the parties' resources,
7   the importance of the issues at stake in the litigation, and the importance of the
8   proposed discovery in resolving the issues.  To the contrary, any burden or expense
9   associated with the production of these documents is minimal, particularly given
10  Mattel's financial resources and the key importance of these documents to issues in
11  the litigation.

12

13  **PLAINTIFF'S POSITION**:

14

15  **REQUEST NO. 5.**:

16      All DOCUMENTS that support YOUR contention, if YOU so contend, that any
17  product sold at any time by MGA under the trade name "Bratz" originated from, is
18  derived from, is based on, copies, incorporates or is substantially or confusingly
19  similar to any design or work product owned at any time by MATTEL or created by
20  any MATTEL employee other than Bryant or by any independent contractor during
21  the time that such PERSON was working for MATTEL.

22  **RESPONSE TO REQUEST NO. 5**:

23      In addition to the general objections stated above, Mattel objects to this Request
24  on the grounds that it calls for the disclosure of information subject to the attorney-
25  client privilege, the attorney work-product doctrine and other applicable privileges.
26  Mattel further objects to this Request on the grounds that it is unreasonably
27  burdensome and premature in that the facts necessary to determine whether any Bratz
28  product originated from, is derived from, is based on, copies, incorporates, or is

13

LITTLER MENDELSON

EXHIBIT 25   PAGE 145

Received:   8-13-4   3:18PM;

AUG-13-2004 14:57 FROM:LITTLER   NELSON   1 0 553 5550   P.17 61

# DRAFT

1  substantially or confusingly similar to any design or work product owned by Mattel

2  which is relevant to this action are known by defendant as well as MGA and other

3  third parties, but are not known by Mattel at this juncture.  Subject to and without

4  waiving the foregoing general and specific objections, Mattel states that it currently

5  has outstanding discovery requests to defendant and to MGA, and will supplement

6  this response as appropriate after Mattel receives more information about defendant's

7  activities.

8  **DEFENDANT'S POSITION**:

9       This request seeks to uncover documents in support of Mattel's contention that

10  Bryant misappropriated Mattel property in creating "Bratz" by copying the work of

11  another Mattel employee.  Mattel uses hundreds of independent contractors and

12  vendors to design and produce the toys it markets.  Accordingly, materials from those

13  contractors is as critical as materials from its own employees.

14       Responsive documents might include examples of the work Mattel claims

15  Bryant misappropriated, and/or emails or other written evidence of Bryant's purported

16  intent to misappropriate that work.  Bryant does not believe any documents responsive

17  to the request have been produced.  At the Rule 7-3 meeting, Plaintiff declined to

18  withdraw its objections.

19       This request seeks documents that are relevant to the allegations in Paragraph

20  12 of the Complaint that:

21       In late November, 2003, Mattel learned that Bryant had secretly aided,

22  assisted and worked for a Mattel competitor, including without limitation

23  by entering into an agreement with the competitor, during the time

24  Bryant was employed by Mattel pursuant to the above-referenced

25  agreements and was being paid by Mattel as a product designer.

26  Bryant's agreement with the competitor obligated Bryant to provide

27  product design services to the competitor on a 'top priority' basis.

28  Bryant's agreement also provided, among other things, that Bryant would

14

LITTLER MENDELSON

EXHIBIT 25 PAGE 146