Received:   8/13/ 4   3:15PM;                310 553 5583 -> QUINN EMANUEL;   Page 18

AUG-13-2004 14:57 FROM:LITTLER NELSON   310 553 5583        TO   ) 624 0643        P.18/61

# DRAFT

1  receive royalties and other consideration for sales of products on which

2  Bryant provided aid or assistance; that all work and services furnished by

3  Bryant to the competitor under the agreement purportedly would be

4  considered "works for hire"; and that all intellectual property rights to

5  preexisting work by Bryant purportedly would be assigned to the

6  competitor.  In addition, while Bryant was employed by Mattel, Bryant

7  and the other defendants converted, misappropriated and misused Mattel

8  property and resources for the benefit of, and to aid and assist, Bryant

9  personally and Mattel's competitor.

10      The request also seeks documents relating to the allegations in Paragraph 41 of

11  the Complaint that "[a]ll such services and the inventions and work product resulting

12  from such services, including without limitation ideas, concepts, rights, design,

13  proprietary information, and other intellectual property and intangible property created

14  by Bryant during the term of the aforesaid agreements, were the property of Mattel."

15      Rather than respond to the request, Plaintiff objected and contends that it has no

16  obligation to respond to Defendant's discovery request until Plaintiff receives

17  Defendant's response to its request.  Plaintiff's duty to produce documents pursuant to

18  Federal Rule of Civil Procedure 34 is conditioned solely upon the proper service of a

19  valid request for production of documents by Defendant.  F.R.C.P. 34(b).  Plaintiff has

20  raised no objections with respect to either the service or validity of the request and

21  there is no question as to either issue.  To the extent Mattel contends that it cannot

22  answer because its own discovery is not complete, Mattel must seek a court order

23  authorizing it to delay its response.  Fed. Rules Civ. Proc. Rule 33(c).  Mattel has

24  failed to obtain such an order, and accordingly, is not excused from responding on that

25  basis.

26      Plaintiff Mattel's objection that the discovery request is premature is likewise

27  meritless.  If the allegations in Mattel's Complaint are to be believed, it has been

28  aware of Defendant's alleged conduct since at least October 2000, when he left

15

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 6300

EXHIBIT 25 PAGE 147

Received:    8:13: 4  3:16PM;          310 553 5583 -> QUINN EMANUEL;  Page 19

AUG-13-2004 14:58 FROM:LITTLER    NELSON    310 553 5583          T  3 624 0643          P.19/61

# DRAFT

1  Mattel's employ. If anything, Mattel sat on its rights prior to filing this lawsuit and
2  Defendant has been prejudiced as a result of Mattel's unreasonable delay in bringing
3  this action.

4      Plaintiff has objected on the grounds that the request is unreasonably
5  burdensome, yet utterly fails to provide any factual basis or show why the request
6  amounts to an unreasonable burden such that it would be excused from responding
7  under Federal Rule 26(b)(2)(iii). The burden or expense associated with producing
8  this narrowly-defined scope of documents does not outweigh its likely benefit taking
9  into account the needs of the case, the amount in controversy, the parties' resources,
10  the importance of the issues at stake in the litigation, and the importance of the
11  proposed discovery in resolving the issues. To the contrary, any burden or expense
12  associated with the production of these documents is minimal, particularly given
13  Mattel's financial resources and the key importance of these documents to issues in
14  the litigation.

15

16  **PLAINTIFF'S POSITION**:

17

18

19  **REQUEST NO. 6.**:

20      All DOCUMENTS that EVIDENCE, RELATE OR REFER to YOUR
21  contention, if YOU so contend, that any art work or other work product (including,
22  without limitation, drawings, sketches, models, paintings, etc.) was created or worked
23  on by Bryant for a third party and not MATTEL while Bryant was employed by
24  MATTEL.

25  **RESPONSE TO REQUEST NO. 6**:
26      In addition to the general objections stated above, Mattel objects to this Request
27  on the grounds that it calls for the disclosure of information subject to the attorney-
28  client privilege, the attorney work-product doctrine and other applicable privileges.

16

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles CA 90067/3107
310 553 0308

EXHIBIT 25 PAGE 148

Received:   8/13/ 4   3: .      310 553 5583   > QUINN EMANUEL;   Page 20

AUG-13-2004 14:58 FROM:LITTLE    DELSON    310 553 5583      T    ,3 624 0643    P.20/61

# DRAFT

1   Mattel further objects to this Request on the grounds that it is unreasonably

2   burdensome and premature in that the facts necessary to determine whether defendant

3   created artwork or work product for a third party while defendant was employed by

4   Mattel are known by defendant as well as MGA and other third parties, but are not

5   known by Mattel at this juncture.  Subject to and without waiving the foregoing

6   general and specific objections, Mattel states that it currently has outstanding

7   discovery requests to defendant and to MGA, and will supplement this response as

8   appropriate after Mattel receives more information about defendant's activities.

9   **DEFENDANT'S POSITION**:

10      This request seeks the production of any documents that support Mattel's

11   contention that Bryant performed work for someone other than Mattel while he was

12   employed by Mattel.  Responsive documents would include emails, memoranda,

13   witness statements or other written material evidencing such a contention.  Bryant

14   does not believe any documents responsive to the request have been produced.  At the

15   Rule 7-3 meeting, Plaintiff declined to withdraw its objections.

16      The request is relevant to the following allegations in Paragraph 12 of the

17   Complaint that:

18      In late November, 2003, Mattel learned that Bryant had secretly aided,

19   assisted and worked for a Mattel competitor, including without limitation

20   by entering into an agreement with the competitor, during the time

21   Bryant was employed by Mattel pursuant to the above-referenced

22   agreements and was being paid by Mattel as a product designer.

23   Bryant's agreement with the competitor obligated Bryant to provide

24   product design services to the competitor on a 'top priority' basis.

25   Bryant's agreement also provided, among other things, that Bryant would

26   receive royalties and other consideration for sales of products on which

27   Bryant provided aid or assistance; that all work and services furnished by

28   Bryant to the competitor under the agreement purportedly would be

17

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
213 553 6700

EXHIBIT 25  PAGE 149

# DRAFT

1   considered "works for hire"; and that all intellectual property rights to

2   preexisting work by Bryant purportedly would be assigned to the

3   competitor.  In addition, while Bryant was employed by Mattel, Bryant

4   and the other defendants converted, misappropriated and misused Mattel

5   property and resources for the benefit of, and to aid and assist, Bryant

6   personally and Mattel's competitor.

7        The request also seeks documents relating to the allegations in Paragraph 41 of

8   the Complaint that "[a]ll such services and the inventions and work product resulting

9   from such services, including without limitation ideas, concepts, rights, design,

10  proprietary information, and other intellectual property and intangible property created

11  by Bryant during the term of the aforesaid agreements, were the property of Mattel."

12       In its response to the request for production above, Plaintiff objects and

13  contends that it has no obligation to respond to Defendant's discovery request until

14  Plaintiff receives Defendant's response to its request.  Plaintiff's duty to produce

15  documents pursuant to Federal Rule of Civil Procedure 34 is conditioned solely upon

16  the proper service of a valid request for production of documents by Defendant.

17  F.R.C.P. 34(b).  Plaintiff has raised no objections with respect to either the service or

18  validity of the request and there is no question as to either issue.  To the extent Mattel

19  contends that it cannot answer because its own discovery is not complete, Mattel must

20  seek a court order authorizing it to delay its response.  Fed. Rules Civ. Proc. Rule

21  33(c).  Mattel has failed to obtain such an order, and accordingly, is not excused from

22  responding on that basis.

23       Furthermore, this request seeks documents that are relevant to the allegations in

24  Paragraph 12 of the Complaint that while employed by Mattel, Defendant entered

25  "into an agreement with the competitor" which "obligated Bryant to provide product

26  design services to the competitor on a 'top priority' basis."  The request also seeks

27  documents relating to the allegations in Paragraph 13 of the Complaint that "Mattel

28  had no reason to suspect that Bryant had worked for the competitor while still

18

EXHIBIT 25 PAGE 150

AUG-13-2004 14:59 FROM:LITTLER   DELSON   213 553 5700   P.22 61

**DRAFT**

1  employed by Mattel ...."

2    Plaintiff Mattel's objection that the discovery request is premature is likewise

3  meritless.  If the allegations in Mattel's Complaint are to be believed, it has been

4  aware of Defendant's alleged conduct since at least October 2000, when he left

5  Mattel's employ.  If anything, Mattel sat on its rights prior to filing this lawsuit and

6  Defendant has been prejudiced as a result of Mattel's unreasonable delay in bringing

7  this action.

8    Plaintiff has objected on the grounds that the request is unreasonably

9  burdensome, yet utterly fails to provide any factual basis or show why the request

10  amounts to an unreasonable burden such that it would be excused from responding

11  under Federal Rule 26(b)(2)(iii).  The burden or expense associated with producing

12  this narrowly-defined scope of documents does not outweigh its likely benefit taking

13  into account the needs of the case, the amount in controversy, the parties' resources,

14  the importance of the issues at stake in the litigation, and the importance of the

15  proposed discovery in resolving the issues.  To the contrary, any burden or expense

16  associated with the production of these documents is minimal particularly given

17  Mattel's financial resources and the key importance of these documents to issues in

18  the litigation.

19

20  **PLAINTIFF'S POSITION**:

21

22  **REQUEST NO. 7**:

23    All DOCUMENTS that EVIDENCE, RELATE OR REFER to any employment

24  agreement(s) between Bryant and MATTEL, at any time referenced in Paragraph 9 of

25  the Complaint.

26  **RESPONSE TO REQUEST NO. 7**:

27    In addition to the general objections stated above, Mattel objects to this Request

28  on the grounds that it calls for the disclosure of information subject to the attorney-

19

EXHIBIT 25  PAGE 151

# DRAFT

1   client privilege, the attorney work-product doctrine and other applicable privileges.

2   Subject to and without waiving the foregoing general and specific objections,

3   Mattel will produce defendant's employee agreements with Mattel.

4   **DEFENDANT'S POSITION:**

5   This request seeks documents that are relevant to the allegations in Paragraph

6   14 of the Complaint that "Bryant breached his contracts with Mattel ...."  The request

7   also seeks documents relating to the allegations in Paragraph 16 of the Complaint that

8   "Pursuant to his Mattel Employment Agreement, ... Bryant agreed that he would not,

9   without Mattel's express written consent, engage in any employment or business other

10  than for Mattel or assist in any manner any business competitive with the business or

11  future business plans of Mattel during his employment with Mattel."  In other words,

12  the request simply seeks all documents relating to Bryant's employment agreement(s)

13  with Mattel.

14  Responsive documents might include internal Mattel correspondence discussing

15  the content and terms of Bryant's hire.

16  Plaintiff's response to the above request is evasive and incomplete.  Plaintiff

17  wholly fails to state whether such documents other than the agreements themselves

18  exist or whether they will be produced, in violation of Federal Rule 34(b).

19

20  **PLAINTIFF'S POSITION:**

21

22

23  **REQUEST NO. 9:**

24  All DOCUMENTS that EVIDENCE, RELATE OR REFER to any employment

25  agreement(s) MATTEL contends governed Bryant's conduct subsequent to his first

26  separation from MATTEL, in 1998.

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

EXHIBIT 25   152

Received:   8.13.4   3:17P;       3.   5583 -> QUINN EMANUEL;   Page 24

AUG-13-2004 15:00 FROM:LITTLER    5ELSON   310 553 5583      T.  :3 624 0643      P.24/61

# DRAFT

1  <u>**RESPONSE TO REQUEST NO. 9**</u>:

2       In addition to the general objections stated above, Mattel objects to this Request

3  on the grounds that it calls for the disclosure of information subject to the attorney-

4  client privilege, the attorney work-product doctrine and other applicable privileges.

5  Mattel further objects to this Request as vague and ambiguous.  Subject to and without

6  waiving the foregoing general and specific objections, Mattel will produce defendant's

7  employee agreements with Mattel.

8  <u>**DEFENDANT'S POSITION**</u>:

9       This request seeks documents that are relevant to whether Defendant executed

10  any employment agreement(s) that governed his conduct between April 1998 and

11  January 1, 1999, while he was not working for Mattel.  Defendant needs the

12  information to properly evaluate Mattel's claims and the underlying allegations as set

13  forth in Paragraph 14 of the Complaint which states that "Bryant breached his

14  contracts with Mattel and violated his duty of loyalty and his fiduciary duties to

15  Mattel."

16       Responsive documents might include internal Mattel correspondence discussing

17  the content and terms of Bryant's hire.

18       Plaintiff's response to the above request is evasive and incomplete. The request

19  seeks far more than just Defendant's "employee agreements" with Mattel, including

20  all documents that evidence, relate or refer to such documents.  Plaintiff's response

21  wholly fails to state whether such documents exist or whether they will be produced,

22  in violation of Federal Rule 34(b).

23  <u>**PLAINTIFF'S POSITION**</u>:

24

25  <u>**REQUEST NO. 10**</u>:

26       All DOCUMENTS that EVIDENCE, RELATE OR REFER to any employment

27  or services agreement(s) in YOUR possession, custody or control to which Bryant is a

28  party, at any time.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

21

EXHIBIT 25 PAGE 153

Received:   8/13/ 4  3:  
AUG-13-2004 15:00 FROM:LITTLER   )ELSON   310 553 5583   T  3 624 0643   P.25/61

QUINN EMANUEL;  Page 25

**DRAFT**

1   <u>RESPONSE TO REQUEST NO. 10</u>:

2   In addition to the general objections stated above, Mattel objects to this Request

3   on the grounds that it calls for the disclosure of information subject to the attorney-

4   client privilege, the attorney work-product doctrine and other applicable privileges.

5   Subject to and without waiving the foregoing general and specific objections, Mattel

6   will produce such employment and service contracts to which defendant is a party that

7   are in its possession, custody or control.

8   <u>DEFENDANT'S POSITION</u>:

9   This request seeks all Mattel documents that evidence, refer or relate to any

10   employment agreements to which Bryant is a party.  This request is narrowly-tailored,

11   straightforward and seeks documents directly relevant to Mattel's allegations

12   regarding Bryant's alleged breach of his employment agreements.

13   Responsive documents might include internal Mattel correspondence discussing

14   the content and terms of Bryant's hire.

15   This request relates to the allegations in Paragraphs 10 and 11 of the Complaint

16   that "Bryant executed an Employee Confidential Information and Inventions

17   Agreement" and "Mattel's Conflict of Interest Questionnaire."  The request also seeks

18   documents relating to the allegations in Paragraph 14 of the Complaint that "Bryant

19   breached his contracts with Mattel and violated his duty of loyalty and his fiduciary

20   duties to Mattel."

21   Plaintiff's response to the above request is evasive and incomplete. The request

22   seeks <u>more</u> than just Defendant's "employment and service contracts."  A full

23   production would include <u>all</u> documents that evidence, relate or refer to such

24   documents.  Plaintiff's response wholly fails to state whether such documents exist or

25   whether they will be produced, in violation of Federal Rule 34(b).

26   <u>PLAINTIFF'S POSITION</u>:

27

28

LITTLER MENDELSON

22

EXHIBIT 25   PAGE 154

THU 15 2004 15:00 FROM:LITTLER  DELSON   310 553 5583                        P.26/61

# DRAFT

**REQUEST NO. 11**:

All DOCUMENTS that EVIDENCE, RELATE OR REFER to any employment agreement(s) MATTEL contends governed Bryant's conduct subsequent to his second separation from MATTEL in 2000.

**RESPONSE TO REQUEST NO. 11**:

In addition to the general objections stated above, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as vague and ambiguous. Subject to and without waiving the foregoing general and specific objections, Mattel will produce defendant's employee agreements with Mattel.

**DEFENDANT'S POSITION**:

Again, this is a simple, straightforward and narrowly-tailored document request. It seeks documents that are relevant to the allegations in Paragraphs 10 and 11 of the Complaint that "Bryant executed an Employee Confidential Information and Inventions Agreement" and "Mattel's Conflict of Interest Questionnaire" governing Defendant's conduct subsequent to his second separation from Mattel in 2000. The request also seeks documents relating to the allegations in Paragraph 14 of the Complaint that during his employment with Mattel and thereafter "Bryant breached his contracts with Mattel and violated his duty of loyalty and his fiduciary duties to Mattel."

Responsive documents might include internal Mattel correspondence discussing the content and terms of Bryant's hire. Using Carter Bryant's name as the sole and exclusive search term is the simplest way to find responsive documents and winnow out irrelevant documents.

Plaintiff's response to the above request is evasive and incomplete. The request seeks <u>more</u> than just Defendant's "employee agreements" with Mattel. A full production would include all documents that evidence, relate or refer to such

23

EXHIBIT 25 PAGE 155

AUG-13-2004 15:00 FROM:LITTLER  NELSON    ...

**DRAFT**

1  documents. Plaintiff's response wholly fails to state whether such documents exist or

2  whether they will be produced, in violation of Federal Rule 34(b).

3  **PLAINTIFF'S POSITION:**

4

5  **REQUEST NO. 13:**

6      All electronic mail messages sent to Bryant from any MATTEL employee,

7  from 1998 through the present.

8  **RESPONSE TO REQUEST NO. 13:**

9      In addition to the general objections stated above, Mattel objects to this Request

10  as overbroad and unduly burdensome on the grounds that it seeks all emails to

11  defendant from any Mattel employee for the last six years, without limitation as to

12  subject matter and regardless of whether the e-mails concern matters at issue in this

13  case, and purports to require Mattel to identify, investigate and search for copies of

14  emails that may be in the possession of its numerous employees around the world.

15  For the same reasons, Mattel further objects to this Request on the grounds that it

16  seeks information that is not relevant to this action, nor likely to lead to admissible

17  evidence. Mattel further objects to this Request on the grounds that this information is

18  available to defendant, as defendant necessarily possesses superior firsthand

19  knowledge of the e-mails he received from Mattel employees.

20      Subject to and without waiving the foregoing general and specific objections,

21  Mattel will produce non-privileged e-mail messages, if any, in its possession, custody

22  and control that refer or relate to issues in this case and were send to defendant by a

23  Mattel employee.

24  **DEFENDANT'S POSITION**

25      *Mattel has refused to produce a single electronic document in response to this*

26  *request.* Mattel has provided no specific reason why they should be exempted from

27  engaging in electronic discovery. Plaintiff declined to withdraw its objections at the

28

24

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles CA 90067 3107
310 553 0308

EXHIBIT _25_ PAGE _186_

Received:     8:13/ 4  3:19PM;       310 553 5583 -> QUINN EMANUEL.     ;# 28

AUG-13-2004 15:01 FROM:LITTLER   ELSON    310 553 5583        TC   3 624 0643        P.28/61

# DRAFT

1   Rule 7-3 meeting. Electronic messages regarding Mr. Bryant are directly relevant to

2   the issues presented in this lawsuit, to wit, Mr. Bryant's employment with Mattel,

3   work performed for Mattel, work allegedly performed for entities other than Mattel,

4   etc. Accordingly, Mattel is not excused from responding based on its asserted

5   objections.

6       There is no question that Mattel has responsive documents in its possession,

7   custody or control, as Mr. Bryant authored numerous emails during his employment at

8   Mattel.

9       This request is not overbroad or unduly burdensome because it only seeks

10  electronic messages that are about Mr. Bryant (one employee of over 35,000) during

11  the timeframe at issue in this lawsuit. Further, any such emails are all stored on

12  Mattel's computers and are within the exclusive possession, custody and control of

13  Mattel. Plaintiff has made no showing that the request is unreasonably burdensome

14  such that it would be excused from responding under Federal Rule 26(b)(2)(iii). The

15  burden or expense associated with producing this narrowly-defined scope of

16  documents does not outweigh its likely benefit taking into account the needs of the

17  case, the amount in controversy, the parties' resources, the importance of the issues at

18  stake in the litigation, and the importance of the proposed discovery in resolving the

19  issues. To the contrary, any burden or expense associated with the production of these

20  documents is minimal, particularly given Mattel's financial resources and the fact that

21  the documents are already found in electronic form and are easily identified by

22  Mattel's computer system.

23  **PLAINTIFF'S POSITION:**

24

25  **REQUEST NO. 14:**

26      All electronic mail messages sent by Bryant to any MATTEL employee, from

27  1998 through the present.

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

EXHIBIT 25  PAGE 157

Received:    8·13· 4  3:19PM·        310 553 5583 -> QUINN EMANUEL;  Page 29
AUG-13-2004 15:01 FROM:LITTLER   JELSON     310 553 5583        T\  3 624 0643        P.29/61

# DRAFT

## RESPONSE TO REQUEST NO. 14:

1   In addition to the general objections stated above, Mattel objects to this Request
2   as overbroad and unduly burdensome on the grounds that it seeks all emails sent by
3   defendant to any Mattel employee for the last six years, without limitation as to
4   subject matter and regardless of whether the e-mails concern matters at issue in this
5   case, and purports to require Mattel to identify, investigate and search for copies of
6   emails that may be in the possession of its numerous employees around the world.
7   For the same reasons, Mattel further objects to this Request on the grounds that it
8   seeks information that is not relevant to this action, nor likely to lead to admissible
9   evidence. Mattel further objects to this Request on the grounds that this information is
10  available to defendant, as defendant necessarily possesses superior firsthand
11  knowledge of the e-mails he sent to Mattel employees.

12      Subject to and without waiving the foregoing general and specific objections,
13  Mattel will produce non-privileged e-mail messages, if any, in its possession, custody
14  and control that refer or relate to issues in this case and were send to defendant by a
15  Mattel employee.

## DEFENDANT'S POSITION

16      *Mattel has refused to produce a single electronic document in response to this*
17  *request.* Mattel has provided no specific reason why they should be exempted from
18  engaging in electronic discovery. Plaintiff declined to withdraw its objections at the
19  Rule 7-3 meeting. Electronic messages regarding Mr. Bryant are directly relevant to
20  the issues presented in this lawsuit, to wit, Mr. Bryant's employment with Mattel,
21  work performed for Mattel, work allegedly performed for entities other than Mattel,
22  etc. Accordingly, Mattel is not excused from responding based on its asserted
23  objections.

24      There is no question that Mattel has responsive documents in its possession,
25  custody or control, as Mr. Bryant authored numerous emails during his employment at
26  Mattel.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles CA  90067-3107
310 553 0308

EXHIBIT 25 PAGE 158

Received:    8/13/ 4  3:   .        310 553 5583 -> QUINN EMANUEL;  Page 30

AUG-13-2004 15:01 FROM:LITTLER   JELSON   310 553 5583       TL  3 624 0643     P.30/61

# DRAFT

1      This request is not overbroad or unduly burdensome because it only seeks

2  electronic messages that are sent from Mr. Bryant during the timeframe at issue in this

3  lawsuit.  Further, any such emails are all stored on Mattel's computers and are within

4  the exclusive possession, custody and control of Mattel.  Plaintiff has made no

5  showing that the request is unreasonably burdensome such that it would be excused

6  from responding under Federal Rule 26(b)(2)(iii).  The burden or expense associated

7  with producing this narrowly-defined scope of documents does not outweigh its likely

8  benefit taking into account the needs of the case, the amount in controversy, the

9  parties' resources, the importance of the issues at stake in the litigation, and the

10  importance of the proposed discovery in resolving the issues.  To the contrary, any

11  burden or expense associated with the production of these documents is minimal,

12  particularly given Mattel's financial resources and the fact that the documents are

13  already found in electronic form and are easily identified by Mattel's computer

14  system.

15

16  **PLAINTIFF'S POSITION:**

17  **REQUEST NO. 15:**

18      All electronic mail messages sent to Bryant from any MATTEL contractor,

19  from 1998 to the present.

20  **RESPONSE TO REQUEST NO. 15:**

21      In addition to the general objections stated above, Mattel objects to this Request

22  as overbroad and unduly burdensome on the grounds that it seeks <u>all</u> emails to

23  defendant from <u>any</u> Mattel independent contractor for the last six years, without

24  limitation as to subject matter and regardless of whether the e-mails concern matters at

25  issue in this case, and purports to require Mattel to identify, investigate and search for

26  copies of emails that may be in the possession of its numerous independent

27  contractors around the world.  For the same reasons, Mattel further objects to this

28

27

LITTLER MENDELSON

EXHIBIT 25 PAGE 159

8/13/ 4  3:20PM;                310 553 5583  → QUINN EMAN.
AUG-13-2004 15:02 FROM:LITTLER   DELSON   310 553 5583        T⌐ □ 624 2643          P.31/61

# DRAFT

1  Request on the grounds that it seeks information that is not relevant to this action, nor

2  likely to lead to admissible evidence.  Mattel further objects to this Request on the

3  grounds that it purports to seek documents that are not in Mattel's possession, custody

4  or control.  Mattel further objects to this Request on the grounds that this information

5  is available to defendant, as defendant necessarily possesses superior firsthand

6  knowledge of the e-mails he received from such persons.

7        Subject to and without waiving the foregoing general and specific objections,

8  Mattel will produce non-privileged e-mail messages, if any, in its possession, custody

9  and control that refer or relate to issues in this case and were sent by a Mattel

10  independent contractor, acting in such capacity, to defendant.

11  **DEFENDANT'S POSITION**

12      *Mattel has refused to produce a single electronic document in response to this*

13  *request.*  Mattel has provided no specific reason why they should be exempted from

14  engaging in electronic discovery.  Plaintiff declined to withdraw its objections at the

15  Rule 7-3 meeting. Electronic messages regarding Mr. Bryant are directly relevant to

16  the issues presented in this lawsuit, to wit, Mr. Bryant's employment with Mattel,

17  work performed for Mattel, work allegedly performed for entities other than Mattel,

18  etc. Accordingly, Mattel is not excused from responding based on its asserted

19  objections.

20        Mattel uses hundreds of independent contractors and vendors to design and

21  produce the toys it markets.  Accordingly, materials from those contractors is as

22  critical as materials from its own employees.  There is no question that Mattel has

23  responsive documents in its possession, custody or control, as Mr. Bryant authored

24  numerous emails during his employment at Mattel.

25        This request is not overbroad or unduly burdensome because it only seeks

26  electronic messages that are about Mr. Bryant during the timeframe at issue in this

27  lawsuit. Further, any such emails are all stored on Mattel's computers and are within

28  the exclusive possession, custody and control of Mattel.  Plaintiff has made no

LITTLER MENDELSON

EXHIBIT 25 PAGE 60

# DRAFT

1  showing that the request is unreasonably burdensome such that it would be excused

2  from responding under Federal Rule 26(b)(2)(iii). The burden or expense associated

3  with producing this narrowly-defined scope of documents does not outweigh its likely

4  benefit taking into account the needs of the case, the amount in controversy, the

5  parties' resources, the importance of the issues at stake in the litigation, and the

6  importance of the proposed discovery in resolving the issues. To the contrary, any

7  burden or expense associated with the production of these documents is minimal,

8  particularly given Mattel's financial resources and the fact that the documents are

9  already found in electronic form and are easily identified by Mattel's computer

10  system.

11  **PLAINTIFF'S POSITION:**

12

13  **REQUEST NO. 16:**

14       All electronic mail messages sent by Bryant to any MATTEL contractor, from

15  1998 to the present.

16  **RESPONSE TO REQUEST NO. 16:**

17       In addition to the general objections stated above, Mattel objects to this Request

18  as overbroad and unduly burdensome on the grounds that it seeks <u>all</u> emails from

19  defendant to <u>any</u> Mattel independent contractor for the last six years, without

20  limitation as to subject matter and regardless of whether the e-mails concern matters at

21  issue in this case, and purports to require Mattel to identify, investigate and search for

22  copies of emails that may be in the possession of its numerous independent

23  contractors around the world. For the same reasons, Mattel further objects to this

24  Request on the grounds that it seeks information that is not relevant to this action, nor

25  likely to lead to admissible evidence. Mattel further objects to this Request on the

26  grounds that it purports to seek documents that are not in Mattel's possession, custody

27  or control. Mattel further objects to this Request on the grounds that this information

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

EXHIBIT 25 PAGE 161

AUG-13-2004 15:02 FROM:LITTLER   DELSON   310 553 5583   TO  3 624 0643   P.33/61

# DRAFT

1   is available to defendant, as defendant necessarily possesses superior firsthand

2   knowledge of the e-mails he sent to Mattel independent contractors.

3       Subject to and without waiving the foregoing general and specific objections,

4   Mattel will produce non-privileged e-mail messages, if any, in its possession, custody

5   and control that refer or relate to issues in this case and were sent to a Mattel

6   independent contractor, acting in such capacity, by defendant.

7   **DEFENDANT'S POSITION**

8       *Mattel has refused to produce a single electronic document in response to this*

9   *request.* Mattel has provided no specific reason why they should be exempted from

10   engaging in electronic discovery. Plaintiff declined to withdraw its objections at the

11   Rule 7-3 meeting. Electronic messages regarding Mr. Bryant are directly relevant to

12   the issues presented in this lawsuit, to wit, Mr. Bryant's employment with Mattel,

13   work performed for Mattel, work allegedly performed for entities other than Mattel,

14   etc. Mattel uses hundreds of independent contractors and vendors to design and

15   produce the toys it markets. Accordingly, materials from those contractors is as

16   critical as materials from its own employees.

17       Accordingly, Mattel is not excused from responding based on its asserted

18   objections.

19       There is no question that Mattel has responsive documents in its possession,

20   custody or control, as Mr. Bryant authored numerous emails during his employment at

21   Mattel.

22       This request is not overbroad or unduly burdensome because it only seeks

23   electronic messages that are sent from Mr. Bryant during the timeframe at issue in this

24   lawsuit. Further, any such emails are all stored on Mattel's computers and are within

25   the exclusive possession, custody and control of Mattel. Plaintiff has made no

26   showing that the request is unreasonably burdensome such that it would be excused

27   from responding under Federal Rule 26(b)(2)(iii). The burden or expense associated

28   with producing this narrowly-defined scope of documents does not outweigh its likely

30

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles CA 90067-3107
310 553 0308

EXHIBIT 25 PAGE 102

AUG-13-2004 15:03 FROM:LITTLER   MENDELSON   310 553 5583   T   3 624 0643   P.34/61

# DRAFT

1  benefit taking into account the needs of the case, the amount in controversy, the

2  parties' resources, the importance of the issues at stake in the litigation, and the

3  importance of the proposed discovery in resolving the issues.  To the contrary, any

4  burden or expense associated with the production of these documents is minimal,

5  particularly given Mattel's financial resources and the fact that the documents are

6  already found in electronic form and are easily identified by Mattel's computer

7  system.

8  **PLAINTIFF'S POSITION:**

9

10

11  **REQUEST NO. 17:**

12     All electronic mail messages to or from any MATTEL employee that relate or

13  refer to Bryant, from 1998 to the present.

14  **RESPONSE TO REQUEST NO. 17:**

15     In addition to the general objections stated above, Mattel objects to this Request

16  on the grounds that it calls for the disclosure of information subject to the attorney-

17  client privilege, the attorney work-product doctrine and other applicable privileges.

18  Mattel further objects to this Request as overbroad and unduly burdensome on the

19  grounds that it seeks all e-mails to or from any Mattel employee that relate or refer to

20  Bryant for the last six years, without limitation as to subject matter and regardless of

21  whether the e-mails concern matters at issue in this case, and purports to require

22  Mattel to identify, investigate and search for copies of emails that may be in the

23  possession of its numerous employees around the world. For the same reasons, Mattel

24  further objects to this Request on the grounds that it seeks information that is not

25  relevant to this action, nor likely to lead to admissible evidence.

26  **DEFENDANT'S POSITION:**

27     Electronic messages regarding Mr. Bryant are directly relevant to the issues

28  presented in this lawsuit, to wit, Mr. Bryant's employment with Mattel, work

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT 25  PAGE 63

# DRAFT

1  performed for Mattel, work allegedly performed for entities other than Mattel, etc.

2  Accordingly, Mattel is not excused from responding based on its asserted objections.

3  No responsive documents have been produced. *Mattel has refused to produce a*

4  *single electronic document in response to this request.* Mattel has provided no

5  specific reason why they should be exempted from engaging in electronic discovery.

6      There is no question that Mattel has responsive documents in its possession,

7  custody or control, as Mr. Bryant alone authored numerous emails during his

8  employment at Mattel, not to mention those by other employees referring to him.

9      This request is not overbroad or unduly burdensome because it only seeks

10  electronic messages that are about Mr. Bryant during the timeframe at issue in this

11  lawsuit. Further, any such emails are all stored on Mattel's computers and are within

12  the exclusive possession, custody and control of Mattel. Plaintiff has made no

13  showing that the request is unreasonably burdensome such that it would be excused

14  from responding under Federal Rule 26(b)(2)(iii). The burden or expense associated

15  with producing this narrowly-defined scope of documents does not outweigh its likely

16  benefit taking into account the needs of the case, the amount in controversy, the

17  parties' resources, the importance of the issues at stake in the litigation, and the

18  importance of the proposed discovery in resolving the issues. To the contrary, any

19  burden or expense associated with the production of these documents is minimal,

20  particularly given Mattel's financial resources and the fact that the documents are

21  already found in electronic form and are easily identified by Mattel's computer

22  system.

23  **PLAINTIFF'S POSITION**:

24

25  **REQUEST NO. 21**:

26      All artwork or other work product (including, without limitation, drawings,

27  sketches, models, paintings, etc.) in MATTEL'S possession, custody or control that

28  YOU contend, if YOU so contend, was created by or worked on by Bryant during his

32

LITTLER MENDELSON
· · ·
· · · · ·
· · · ·
· · · · · ·
· · · · · ·

EXHIBIT 25  PAGE 161

Received:   8/13/ 4  3:21PM;   310 …   > QUINN EMAN…   #…/ 36

AUG-1 -2004 15:04 FROM:LITTLER   )ELSON   310 553 5583   T  )5 624 2643   P.36/61

# DRAFT

1   employment, but was not offered to MATTEL.

2   **RESPONSE TO REQUEST NO. 21**:

3       In addition to the general objections stated above, Mattel objects to this Request

4   on the grounds that it is unreasonably burdensome and premature in that the facts

5   necessary to determine whether work product that defendant produced or worked

6   while defendant was employed by Mattel was (or was not) offered to Mattel are

7   known by defendant as well as MGA and other third parties, but are not known by

8.  Mattel at this juncture.  Subject to and without waiving the foregoing general and

9   specific objections, Mattel states that it currently has outstanding discovery requests to

10  defendant and to MGA, and reserves the right to supplement this response after Mattel

11  receives more information about defendant's activities.

12  **DEFENDANT'S POSITION**:

13      Mattel claims Bryant created work during his employment with Mattel that was

14  offered to a competitor, yet Mattel has not produced all its responsive documents in

15  this regard.  At a minimum, if Mattel has no responsive documents, it must so state.

16  This request seeks documents that are directly relevant to the allegations in Paragraph

17  12 of the Complaint that:

18      In late November, 2003, Mattel learned that Bryant had secretly aided,

19  assisted and worked for a Mattel competitor, including without limitation

20  by entering into an agreement with the competitor, during the time

21  Bryant was employed by Mattel pursuant to the above-referenced

22  agreements and was being paid by Mattel as a product designer.

23  Bryant's agreement with the competitor obligated Bryant to provide

24  product design services to the competitor on a 'top priority' basis.

25  Bryant's agreement also provided, among other things, that Bryant would

26  receive royalties and other consideration for sales of products on which

27  Bryant provided aid or assistance; that all work and services furnished by

28  Bryant to the competitor under the agreement purportedly would be

33

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
…

EXHIBIT _25_ PAGE _165_

AUG-13-2004 15:04 FROM:LITTLER MELSON                     P.37

**DRAFT**

considered "works for hire"; and that all intellectual property rights to preexisting work by Bryant purportedly would be assigned to the competitor. In addition, while Bryant was employed by Mattel, Bryant and the other defendants converted, misappropriated and misused Mattel property and resources for the benefit of, and to aid and assist, Bryant personally and Mattel's competitor.

The request also seeks documents relating to the allegations in Paragraph 41 of the Complaint that "[a]ll such services and the inventions and work product resulting from such services, including without limitation ideas, concepts, rights, design, proprietary information, and other intellectual property and intangible property created by Bryant during the term of the aforesaid agreements, were the property of Mattel."

Furthermore, this request seeks documents that are relevant to the allegations in Paragraph 36 of the Complaint that "Defendants used and diverted Mattel property, resources and opportunities for the benefit of, and to aid and assist, themselves ...." The request also seeks documents that are directly relevant to the claims and or defenses in this action.

In its response to the request for production above, Plaintiff objected and contends that it has no obligation to respond to Defendant's discovery request until Plaintiff receives Defendant's response to its request. Bryant does not believe any documents responsive to the request have been produced. At the Rule 7-3 meeting, Plaintiff declined to withdraw its objections. Plaintiff's duty to produce documents pursuant to Federal Rule of Civil Procedure 34 is conditioned solely upon the proper service of a valid request for production of documents by Defendant. F.R.C.P. 34(b). Plaintiff has raised no objections with respect to either the service or validity of the request and there is no question as to either issue. To the extent Mattel contends that it cannot answer because its own discovery is not complete, Mattel must seek a court order authorizing it to delay its response. Fed. Rules Civ. Pro. Rule 33(c). Mattel

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles CA 90067-3107
310 553 0308

EXHIBIT 25   PAGE 166

Received:   8/13/4  3:22PM;           310 553 ....   QUINN EMANUEL;  Page 38

AUG-13-2004 15:04 FROM:LITTLER    DELSON    310 553 5583        T.  /3 624 0643       P.38/61

**DRAFT**

1  has failed to obtain such an order, and accordingly, is not excused from responding on

2  that basis.

3       Plaintiff Mattel's objection that the discovery request is premature is likewise

4  meritless.  If the allegations in Mattel's Complaint are to be believed, it has been

5  aware of Defendant's alleged conduct since at least October 2000, when he left

6  Mattel's employ.  If anything, Mattel sat on its rights prior to filing this lawsuit and

7  Defendant has been prejudiced as a result of Mattel's unreasonable delay in bringing

8  this action.

9       Plaintiff has objected on the grounds that the request is unreasonably

10  burdensome, yet utterly fails to provide any factual basis or  show  why the request

11  amounts  to an unreasonable burden such that it would be excused from responding

12  under Federal Rule 26(b)(2)(iii).  The burden or expense associated with producing

13  this narrowly-defined scope of documents does not outweigh its likely benefit taking

14  into account the needs of the case, the amount in controversy, the parties' resources,

15  the importance of the issues at stake in the litigation, and the importance of the

16  proposed discovery in resolving the issues.  To the contrary, any burden or expense

17  associated with the production of these documents is minimal, particularly given

18  Mattel's financial resources and the key importance of these documents to issues in

19  the litigation.

20  **PLAINTIFF'S POSITION**:

21

22  **REQUEST NO. 22**:

23       All artwork or other work product (including, without limitation, drawings,

24  sketches, models, paintings, etc.) in YOUR possession, custody or control that YOU

25  contend, if YOU so contend, was created by any employee of MATTEL or by any

26  independent contractor during the time that such PERSON was working for

27  MATTEL, and improperly used by Bryant for his own gain, or  the gain of any third

28  party.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0300

EXHIBIT 25 PAGE 167

Received:    8/13/ 4  3:22PM;          310 553 5583 -> QUIN     ...EL;  Page 39

AUG-13-2004 15:05 FROM:LITTLER   DELSON    310 553 5583        T  3 624 0643        P.39/61

# DRAFT

1  **RESPONSE TO REQUEST NO. 22:**

2  　　　In addition to the general objections stated above, Mattel objects to this Request

3  in that it purports to require Mattel to identify documents relating to matters that are

4  currently known to and in the possession, custody and control of defendant and

5  nonparties, including nonparties associated with defendant, and are not known to

6  Mattel at this juncture. Mattel further objects to this Request on the grounds that it is

7  unreasonably burdensome and premature in that the facts necessary to determine

8  whether defendant improperly used Mattel work product for his own gain or the gain

9  of any third party work are known by defendant as well as MGA and other third

10  parties, but are not known by Mattel at this juncture.  Subject to and without waiving

11  the foregoing general and specific objections, Mattel states that it currently has

12  outstanding discovery requests to defendant and to MGA, and will supplement this

13  response as appropriate after Mattel receives more information about defendant's

14  activities.

15  **DEFENDANT'S POSITION:**

16  　　　Mattel claims Bryant used Mattel's resources to create work that was offered to

17  a competitor, and that yet Mattel has not produced all its responsive documents in this

18  regard.   Mattel uses hundreds of independent contractors and vendors to design and

19  produce the toys it markets.  Accordingly, materials from those contractors is as

20  critical as materials from its own employees.  At a minimum, if Mattel has no

21  responsive documents, it must so state.

22  　　　This request seeks documents that are directly relevant to the allegations in

23  Paragraph 12 of the Complaint that:

24  　　　In late November, 2003, Mattel learned that Bryant had secretly aided,

25  　　　assisted and worked for a Mattel competitor, including without limitation

26  　　　by entering into an agreement with the competitor, during the time

27  　　　Bryant was employed by Mattel pursuant to the above-referenced

28  　　　agreements and was being paid by Mattel as a product designer.

36

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310 553 5308

EXHIBIT 25   PAGE 68

# DRAFT

1   Bryant's agreement with the competitor obligated Bryant to provide
2   product design services to the competitor on a 'top priority' basis.
3   Bryant's agreement also provided, among other things, that Bryant would
4   receive royalties and other consideration for sales of products on which
5   Bryant provided aid or assistance; that all work and services furnished by
6   Bryant to the competitor under the agreement purportedly would be
7   considered "works for hire"; and that all intellectual property rights to
8   preexisting work by Bryant purportedly would be assigned to the
9   competitor.  In addition, while Bryant was employed by Mattel, Bryant
10  and the other defendants converted, misappropriated and misused Mattel
11  property and resources for the benefit of, and to aid and assist, Bryant
12  personally and Mattel's competitor.

13      The request also seeks documents relating to the allegations in Paragraph 41 of
14  the Complaint that "[a]ll such services and the inventions and work product resulting
15  from such services, including without limitation ideas, concepts, rights, design,
16  proprietary information, and other intellectual property and intangible property created
17  by Bryant during the term of the aforesaid agreements, were the property of Mattel."

18      In its response to the request for production above, Plaintiff objects and
19  contends that it has no obligation to respond to Defendant's discovery request until
20  Plaintiff receives Defendant's response to its request.  Bryant does not believe any
21  documents responsive to the request have been produced.  At the Rule 7-3 meeting,
22  Plaintiff declined to withdraw its objections.  Plaintiff's duty to produce documents
23  pursuant to Federal Rule of Civil Procedure 34 is conditioned solely upon the proper
24  service of a valid request for production of documents by Defendant.  F.R.C.P. 34(b).
25  Plaintiff has raised no objections with respect to either the service or validity of the
26  request and there is no question as to either issue.  To the extent Mattel contends that
27  it cannot answer because its own discovery is not complete, Mattel must seek a court
28  order authorizing it to delay its response. Fed. Rules Civ. Proc. Rule 33(c).  Mattel

37

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

EXHIBIT 35 PAGE 169

RECEIVED:   8/13/ 4  3:23PM;                310 553 5583  → QUINN EMAN;          Page 41
AUG-13-2004 15:05 FROM:LITTLER     DELSON    310 553 5583         T   3 824 3643         P.41/61

# DRAFT

1  has failed to obtain such an order, and accordingly, is not excused from responding on

2  that basis.

3      Plaintiff Mattel's objection that the discovery request is premature is likewise

4  meritless.  If the allegations in Mattel's Complaint are to be believed, it has been

5  aware of Defendant's alleged conduct since at least October 2000, when he left

6  Mattel's employ.  If anything, Mattel sat on its rights prior to filing this lawsuit and

7  Defendant has been prejudiced as a result of Mattel's unreasonable delay in bringing

8  this action.

9      Plaintiff has objected on the grounds that the request is unreasonably

10  burdensome, yet utterly fails to provide any factual basis or show why the request is

11  an unreasonable burden such that it would be excused from responding under Federal

12  Rule 26(b)(2)(iii).  The burden or expense associated with producing this narrowly-

13  defined scope of documents does not outweigh its likely benefit taking into account

14  the needs of the case, the amount in controversy, the parties' resources, the importance

15  of the issues at stake in the litigation, and the importance of the proposed discovery in

16  resolving the issues.  To the contrary, any burden or expense associated with the

17  production of these documents is minimal, particularly given Mattel's financial

18  resources and the key importance of these documents to issues in the litigation.

19  **PLAINTIFF'S POSITION:**

20

21

22  **REQUEST NO. 23:**

23      All drawings in YOUR possession, custody or control that YOU contend, if

24  YOU so contend, were created by any employee of MATTEL or by any independent

25  contractor during the time that such PERSON was working for MATTEL, and

26  improperly used by Bryant or a third party for the gain of a third party.

27

28

LITTLER MENDELSON

EXHIBIT _25_ PAGE _110_

Received:   8/13/ 4   3:23PM;

AUG-13-2004 15:06 FROM:LITTLER   )ELSON   )1@ 553 5595          T.   )2 464 @4-)          P.42/61

# DRAFT

1    **RESPONSE TO REQUEST NO. 23**:

2        In addition to the general objections stated above, Mattel objects to this Request

3    on the grounds that it is unreasonably burdensome and premature in that the facts

4    necessary to determine whether defendant improperly used Mattel drawings for his

5    own gain or the gain of any third party work are known by defendant as well as MGA

6    and other third parties, but are not known by Mattel at this juncture.  Subject to and

7    without waiving the foregoing general and specific objections, Mattel states that it

8    currently has outstanding discovery requests to defendant and to MGA, and will

9    supplement this response as appropriate after Mattel receives more information about

10   defendant's activities.

11   **DEFENDANT'S POSITION**:

12       Mattel uses hundreds of independent contractors and vendors to design and

13   produce the toys it markets.  Accordingly, materials from those contractors is as

14   critical as materials from its own employees.

15       Mattel claims Bryant created work during his employment with Mattel that was

16   offered to a competitor, yet Mattel has not produced all its responsive documents in

17   this regard.  At a minimum, if Mattel has no responsive documents, it must so state.

18       This request seeks documents that are directly relevant to the allegations in

19   Paragraph 12 of the Complaint that:

20       In late November, 2003, Mattel learned that Bryant had secretly aided,

21   assisted and worked for a Mattel competitor, including without limitation

22   by entering into an agreement with the competitor, during the time

23   Bryant was employed by Mattel pursuant to the above-referenced

24   agreements and was being paid by Mattel as a product designer.

25   Bryant's agreement with the competitor obligated Bryant to provide

26   product design services to the competitor on a 'top priority' basis.

27   Bryant's agreement also provided, among other things, that Bryant would

28   receive royalties and other consideration for sales of products on which

39

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles CA 90067-3107
310 553 0308

EXHIBIT 25 PAGE 171

Received:   8/13/ 4  3:24PM       310 553 5583 -> QUINN EMANUEL; Page 43

AUG-13-2004 15:06 FROM:LITTLER  DELSON    310 553 5583        1,  13 624 0643           P.43/61

# DRAFT

1  Bryant provided aid or assistance; that all work and services furnished by

2  Bryant to the competitor under the agreement purportedly would be

3  considered "works for hire"; and that all intellectual property rights to

4  preexisting work by Bryant purportedly would be assigned to the

5  competitor.  In addition, while Bryant was employed by Mattel, Bryant

6  and the other defendants converted, misappropriated and misused Mattel

7  property and resources for the benefit of, and to aid and assist, Bryant

8  personally and Mattel's competitor.

9      The request also seeks documents relating to the allegations in Paragraph 41 of

10  the Complaint that "[a]ll such services and the inventions and work product resulting

11  from such services, including without limitation ideas, concepts, rights, design,

12  proprietary information, and other intellectual property and intangible property created

13  by Bryant during the term of the aforesaid agreements, were the property of Mattel."

14      Furthermore, this request seeks documents that are relevant to the allegations in

15  Paragraph 36 of the Complaint states that "Defendants used and diverted Mattel

16  property, resources and opportunities for the benefit of, and to aid and assist,

17  themselves ...."  The request also seeks documents that are directly relevant to the

18  claims and or defenses in this action.

19      In its response to the request for production above, Plaintiff objects and

20  contends that it has no obligation to respond to Defendant's discovery request until

21  Plaintiff receives Defendant's response to its request.  Bryant does not believe any

22  documents responsive to the request have been produced.  At the Rule 7-3 meeting,

23  Plaintiff declined to withdraw its objections.  Plaintiff's duty to produce documents

24  pursuant to Federal Rule of Civil Procedure 34 is conditioned solely upon the proper

25  service of a valid request for production of documents by Defendant.  F.R.C.P. 34(b).

26  Plaintiff has raised no objections with respect to either the service or validity of the

27  request and there is no question as to either issue.  To the extent Mattel contends that

28  it cannot answer because its own discovery is not complete, Mattel must seek a court

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

EXHIBIT 25 PAGE 172

Received:    8/13/ 4  3:24PM·              310 553 5683 -> QUINN EMANUEL;  Page 44

AUG-13-2004 15:06 FROM:LITTLER ,  ÆLSON     310 553 5583          TL  /3 624 0643          P.44/61

# DRAFT

1    order authorizing it to delay its response. Fed. Rules Civ. Proc. Rule 33(c). Mattel

2    has failed to obtain such an order, and accordingly, is not excused from responding on

3    that basis.

4         Plaintiff Mattel's objection that the discovery request is premature is likewise

5    meritless.   If the allegations in Mattel's Complaint are to be believed, it has been

6    aware of Defendant's alleged conduct since at least October 2000, when he left

7    Mattel's employ. If anything, Mattel sat on its rights prior to filing this lawsuit and

8    Defendant has been prejudiced as a result of Mattel's unreasonable delay in bringing

9    this action.

10        Plaintiff has objected on the grounds that the request is unreasonably

11   burdensome, yet utterly fails to provide any factual basis or  show  why the request is

12   an unreasonable burden such that it would be excused from responding under Federal

13   Rule 26(b)(2)(iii). The burden or expense associated with producing this narrowly-

14   defined scope of documents does not outweigh its likely benefit taking into account

15   the needs of the case, the amount in controversy, the parties' resources, the importance

16   of the issues at stake in the litigation, and the importance of the proposed discovery in

17   resolving the issues.  To the contrary, any burden or expense associated with the

18   production of these documents is minimal, particularly given Mattel's financial

19   resources and the key importance of these documents to issues in the litigation.

20   **PLAINTIFF'S POSITION**:

21

22   **REQUEST NO. 24**:

23        If YOU contend that Bryant misappropriated any property, whether tangible or

24   intangible, including without limitation intellectual property, of MATTEL, all

25   DOCUMENTS that EVIDENCE, RELATE OR REFER to that contention.

26   **RESPONSE TO REQUEST NO. 24**:

27        In addition to the general objections stated above, Mattel objects to this Request

28   on the grounds that it calls for the disclosure of information subject to the attorney-

LITTLER MENDELSON
A Professional Corporation
2048 Century Park East
5th Floor
Los Angeles CA 90067 2167
310 553 0308

EXHIBIT 25 PAGE 113

Received:    8/13/ 4   3:25       310 553 5583 -> QUINN EMANUEL;  Page 45

AUG-13-2004 15:07 FROM:LITTLER    DELSON    310 553 5583       1, 13 624 0643       P.45/61

**DRAFT**

1  client privilege, the attorney work-product doctrine and other applicable privileges.

2  Mattel further objects to this Request on the grounds that it is unreasonably

3  burdensome and premature in that the facts necessary to determine whether defendant

4  misappropriated tangible or intangible Mattel property for his own gain or the gain of

5  any third party work are known by defendant as well as MGA and other third parties,

6  but are not known by Mattel at this juncture.  Subject to and without waiving the

7  foregoing general and specific objections, Mattel states that it currently has

8  outstanding discovery requests to defendant and to MGA, and will supplement this

9  response as appropriate after Mattel receives more information about defendant's

10  activities.

11  **DEFENDANT'S POSITION:**

12       This concise request simply seeks documents that support Mattel's contention

13  that Bryant misappropriated Mattel's property.  If Mattel so contends, there is no

14  reason why it should not produce those documents.  Responsive documents might

15  include emails or other written correspondence evidencing such a misappropriation, or

16  more specifically copies of documents containing information that Mattel claims was

17  misappropriated.  Bryant does not believe any documents responsive to the request

18  have been produced.  At the Rule 7-3 meeting, Plaintiff declined to withdraw its

19  objections.

20       The request seeks documents that are relevant to the allegations in Paragraph 12

21  of the Complaint that:

22      In late November, 2003, Mattel learned that Bryant had secretly aided,

23  assisted and worked for a Mattel competitor, including without limitation

24  by entering into an agreement with the competitor, during the time

25  Bryant was employed by Mattel pursuant to the above-referenced

26  agreements and was being paid by Mattel as a product designer.

27  Bryant's agreement with the competitor obligated Bryant to provide

28  product design services to the competitor on a 'top priority' basis.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

EXHIBIT 25 PAGE 174

**DRAFT**

1   Bryant's agreement also provided, among other things, that Bryant would
2   receive royalties and other consideration for sales of products on which
3   Bryant provided aid or assistance; that all work and services furnished by
4   Bryant to the competitor under the agreement purportedly would be
5   considered "works for hire"; and that all intellectual property rights to
6   preexisting work by Bryant purportedly would be assigned to the
7   competitor. In addition, while Bryant was employed by Mattel, Bryant
8.  and the other defendants converted, misappropriated and misused Mattel
9   property and resources for the benefit of, and to aid and assist, Bryant
10  personally and Mattel's competitor.

11      The request also seeks documents relating to the allegations in Paragraph 41 of
12  the Complaint that "[a]ll such services and the inventions and work product resulting
13  from such services, including without limitation ideas, concepts, rights, design,
14  proprietary information, and other intellectual property and intangible property created
15  by Bryant during the term of the aforesaid agreements, were the property of Mattel."

16      Furthermore, the request seeks documents that are relevant to the allegations in
17  Paragraph 41 of the Complaint that Defendant misappropriated services, inventions
18  and work product resulting from such services, including without limitation ideas,
19  concepts, rights, designs, proprietary information, and other intellectual property and
20  intangible property created by Defendant during the term of his Mattel agreements.
21  The request also seeks documents relating to the allegations in Paragraph 12 of the
22  Complaint that "while Bryant was employed by Mattel, Bryant and the other
23  defendants converted, misappropriated and misused Mattel property and resources for
24  the benefit of, and to aid and assist, Bryant personally and Mattel's competitor."

25      In its response to the request for production above, Plaintiff objects and
26  contends that it has no obligation to respond to Defendant's discovery request until
27  Plaintiff receives Defendant's response to its request. No responsive documents have
28  been produced. Plaintiff's duty to produce documents pursuant to Federal Rule of

43

EXHIBIT _25_ PAGE _145_

Received:   8/13.  A   :19PM;

AUG-13-2004 15:07 FROM:LITTLER    DELSON    310 553 5583              310 284 0843          P.47/61

# DRAFT

1   Civil Procedure 34 is conditioned solely upon the proper service of a valid request for

2   production of documents by Defendant.  F.R.C.P. 34(b).  Plaintiff has raised no

3   objections with respect to either the service or validity of the request and there is no

4   question as to either issue.  To the extent Mattel contends that it cannot answer

5   because its own discovery is not complete, Mattel must seek a court order authorizing

6   it to delay its response.  Fed. Rules Civ. Proc. Rule 33(c).  Mattel has failed to obtain

7   such an order, and accordingly, is not excused from responding on that basis.

8        Plaintiff Mattel's objection that the discovery request is premature is likewise

9   meritless.   If the allegations in Mattel's Complaint are to be believed, it has been

10  aware of Defendant's alleged conduct since at least October 2000, when he left

11  Mattel's employ.  If anything, Mattel sat on its rights prior to filing this lawsuit and

12  Defendant has been prejudiced as a result of Mattel's unreasonable delay in bringing

13  this action.

14        Plaintiff has objected on the grounds that the request is  unreasonably

15  burdensome, yet utterly fails to provide any factual basis or  show why the request

16  amounts to an unreasonable burden such that it would be excused from responding

17  under Federal Rule 26(b)(2)(iii).  The burden or expense associated with producing

18  this narrowly-defined scope of documents does not outweigh its likely benefit taking

19  into account the needs of the case, the amount in controversy, the parties' resources,

20  the importance of the issues at stake in the litigation, and the importance of the

21  proposed discovery in resolving the issues.  To the contrary, any burden or expense

22  associated with the production of these documents is minimal, particularly given

23  Mattel's financial resources and the key importance of these documents to issues in

24  the litigation.

25  **PLAINTIFF'S POSITION:**

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles  CA  90067 3107
310 553 0308

EXHIBIT 25  PAGE 176

Received:   8/13/4   3:26PM   310 433 5585 -> QUINN EMANUEL   Page 48

AUG-13-2004 15:08 FROM:LITTLER   DELSON   310 553 5583   T   3 624 0643   P.48/61

# DRAFT

**REQUEST NO. 25:**

All DOCUMENTS in YOUR possession, custody or control that EVIDENCE, RELATE OR REFER to any damages YOU contend to have suffered as the result of any act or omission of Bryant.

**RESPONSE TO REQUEST NO. 25:**

In addition to the general objections stated above, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendant as well as MGA and other third parties, but are not known by Mattel at this juncture. Subject to and without waiving the foregoing general and specific objections, Mattel will produce non-privileged documents, if any, in its possession, custody or control relating to damages suffered by Mattel as the result of defendant's acts and omissions that are known to Mattel.

**DEFENDANT'S POSITION:**

The request seeks documents that are relevant to the allegations in Paragraph 19 of the Complaint that "As a consequence of Bryant's breach, Mattel has suffered and will in the future continue to suffer damages ...." The request also seeks documents relating to the allegations in Paragraphs 25 and 32 of the Complaint that "as a direct and proximate result of defendants' wrongful conduct, Mattel has incurred damages in an amount to be determined at trial." Furthermore, the request seeks documents relating to the allegations in Paragraphs 27 and 34 that "defendants' conduct has caused, and unless enjoined will continue to cause, irreparable injury to Mattel that cannot be adequately compensated by money damages and for which Mattel has no adequate remedy at law." Responsive documents might include internal Mattel correspondence summarizing actual or perceived damages or sales figures and

45

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT 25 PAGE 177

Received:   8/13/ 4  3:28PM;                      5 5683   QUINN EMANUEL;  Page 49

AUG-13-2004 15:08 FROM:LITTLER    DELSON    310 553 5583        T   .3 624 0643         P.49/61

# DRAFT

1  information. Mattel has produced no documents in response to this request. The

2  request is simple and straightforward and there is no reason why responsive

3  documents should not be produced. Bryant does not believe any documents

4  responsive to the request have been produced. At the Rule 7-3 meeting, Plaintiff

5  declined to withdraw its objections.

6       Plaintiff Mattel's objection that the discovery request is premature is meritless.

7  If the allegations in Mattel's Complaint are to be believed, it has been aware of

8  Defendant's alleged conduct since at least October 2000, when he left Mattel's

9  employ. If anything, Mattel sat on its rights prior to filing this lawsuit and Defendant

10  has been prejudiced as a result of Mattel's unreasonable delay in bringing this action.

11       Plaintiff has objected on the grounds that the request is unreasonably

12  burdensome, yet utterly fails to provide any factual basis or show why the request

13  amounts to an unreasonable burden such that it would be excused from responding

14  under Federal Rule 26(b)(2)(iii). The burden or expense associated with producing

15  this narrowly-defined scope of documents does not outweigh its likely benefit taking

16  into account the needs of the case, the amount in controversy, the parties' resources,

17  the importance of the issues at stake in the litigation, and the importance of the

18  proposed discovery in resolving the issues. To the contrary, any burden or expense

19  associated with the production of these documents is minimal, particularly given

20  Mattel's financial resources and the key importance of these documents to issues in

21  the litigation.

22

23  **PLAINTIFF'S POSITION:**

24

25  **REQUEST NO. 30:**

26       All MATTEL DOCUMENTS that EVIDENCE, RELATE OR REFER to

27  "Bratz" dolls or any element thereof.

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

EXHIBIT 25 PAGE 178

Received:   8/13/ 4  3:25P      310 553 5      JINN EX WUEL;  Page 50
AUG-13-2004 15:08 FROM:LITTLER    IDELSON    310 553 5583         13 624 0643      P.50/61

**DRAFT**

1  **RESPONSE TO REQUEST NO. 30:**

2      In addition to the general objections stated above, Mattel objects to this Request

3  on the grounds that it calls for the disclosure of information subject to the attorney-

4  client privilege, the attorney work-product doctrine and other applicable privileges.

5  Mattel further objects to this Request as being overbroad, unduly burdensome and

6  oppressive on the grounds that it is not limited in time, and seeks all documents

7  referring or relating to the "Bratz" dolls, or "any element thereof," and therefore

8  encompasses numerous products and potentially encompasses thousands of different

9  matters, including matters not relevant to conduct at issue in this lawsuit. Mattel

10 further objects to this Request on the grounds that it seeks information that is not

11 relevant to this action or reasonably calculated to lead to the discovery of admissible

12 evidence.

13 **DEFENDANT'S POSITION:**

14     This request seeks documents that are relevant to the allegations in Paragraph

15 12 of the Complaint that:

16     In late November, 2003, Mattel learned that Bryant had secretly aided,

17 assisted and worked for a Mattel competitor, including without limitation

18 by entering into an agreement with the competitor, during the time

19 Bryant was employed by Mattel pursuant to the above-referenced

20 agreements and was being paid by Mattel as a product designer.

21 Bryant's agreement with the competitor obligated Bryant to provide

22 product design services to the competitor on a 'top priority' basis.

23 Bryant's agreement also provided, among other things, that Bryant would

24 receive royalties and other consideration for sales of products on which

25 Bryant provided aid or assistance; that all work and services furnished by

26 Bryant to the competitor under the agreement purportedly would be

27 considered "works for hire"; and that all intellectual property rights to

28 preexisting work by Bryant purportedly would be assigned to the

47

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles CA 90067-3107
310 553 0308

EXHIBIT 25  PAGE 179

AUG-13-2004 15:09 FROM:LITTLER  ؛ELSON   310 553 5583      T، ؛3 624 0643        P.51/61

**DRAFT**

1   competitor.  In addition, while Bryant was employed by Mattel, Bryant

2   and the other defendants converted, misappropriated and misused Mattel

3   property and resources for the benefit of, and to aid and assist, Bryant

4   personally and Mattel's competitor.

5       The request also seeks documents relating to the allegations in Paragraph 41 of

6   the Complaint that "[a]ll such services and the inventions and work product resulting

7   from such services, including without limitation ideas, concepts, rights, design,

8   proprietary information, and other intellectual property and intangible property created

9   by Bryant during the term of the aforesaid agreements, were the property of Mattel."

10      No Mattel documents have been produced in response to this request.  The only

11  Bratz-related documents that have been produced are MGA documents, copied from

12  court filings.  Additional responsive documents would certainly include internal

13  Mattel correspondence and/or memoranda regarding "Bratz," particularly in light of

14  Mattel's statement in the July 18, 2003 Wall Street Journal article that Bratz dolls are

15  "virtually identical" to a Mattel doll that never hit the market.

16      Plaintiff has objected on the grounds that the request is unreasonably

17  burdensome, yet utterly fails to provide any factual basis or show why the request

18  amounts to an unreasonable burden such that it would be excused from responding

19  under Federal Rule 26(b)(2)(iii).  The burden or expense associated with producing

20  this narrowly-defined scope of documents does not outweigh its likely benefit taking

21  into account the needs of the case, the amount in controversy, the parties' resources,

22  the importance of the issues at stake in the litigation, and the importance of the

23  proposed discovery in resolving the issues.  To the contrary, any burden or expense

24  associated with the production of these documents is minimal, particularly given

25  Mattel's financial resources and the key importance of these documents to issues in

26  the litigation.

27  **PLAINTIFF'S POSITION:**

28

LITTLER MENDELSON

EXHIBIT 25  PAGE 180

Received:    8/13/ 4  3:27PM;

AUG-13-2004 15:09 FROM:LITTLER   DELSON   310 553 558□        T    □ 884 0843        P.52/61

# DRAFT

1  **REQUEST NO. 32**:

2      All DOCUMENTS that EVIDENCE, RELATE OR REFER to any art work or

3  other work product done at MATTEL that YOU contend Bryant utilized in connection

4  with his creation of anything for MGA, including but not limited to toys sold under

5  the trade name "Bratz," if YOU so contend.

6  **RESPONSE TO REQUEST NO. 32**:

7      In addition to the general objections stated above, Mattel objects to this Request

8  on the grounds that it is unreasonably burdensome and premature in that the facts

9  necessary to determine whether defendant utilized artwork or other work product

10  "done at" Mattel in creating "anything" for MGA are known by defendant as well as

11  MGA and other third parties, but are not known by Mattel at this juncture. Mattel

12  further objects to this Request as overbroad and vague and ambiguous in its use of the

13  term 'Hoys," since what "toys" defendant worked on for MGA is known to defendant

14  and MGA, and not to Mattel, and in its use of the term "anything." Subject to and

15  without waiving the foregoing general and specific objections, Mattel states that it

16  currently has outstanding discovery requests to defendant and to MGA, and will

17  supplement this response as appropriate after Mattel receives more information about

18  defendant's activities.

19  **DEFENDANT'S POSITION**:

20      This request seeks documents that Mattel claims were used by Bryant in

21  creating anything for MGA.  Mattel claims that Bryant used certain property of Mattel

22  in creating work for MGA.

23      In Paragraph 12 of the Complaint, Mattel alleges that:

24      In addition, while Bryant was employed by Mattel, Bryant and the other

25      defendants converted, misappropriated and misused Mattel property and

26      resources for the benefit of, and to aid and assist, Bryant personally and

27      Mattel's competitor.

28

49

LITTLER MENDELSON

EXHIBIT 35  PAGE 181

Received:   8/13/ 4  3:27PM;                310 553 5583 -> QUINN EMANUEL;   Page 53

;UG-13-2004 15:09 FROM:LITTLER    )ELSON    310 553 5583        T   )3 624 0643         P.53/61

# DRAFT

1    The request also seeks documents relating to the allegations in Paragraph 41 of

2  the Complaint that "[a]ll such services and the inventions and work product resulting

3  from such services, including without limitation ideas, concepts, rights, design,

4  proprietary information, and other intellectual property and intangible property created

5  by Bryant during the term of the aforesaid agreements, were the property of Mattel."

6    Responsive documents would certainly include internal Mattel correspondence

7  and/or memoranda regarding "Bratz," particularly in light of Mattel's statement in the

8  July 18, 2003 Wall Street Journal article that Bratz dolls are "virtually identical" to a

9  Mattel doll that never hit the market. Also responsive would be copies of works

10  Mattel claims were misappropriated by Bryant.

11    In its response to the request for production above, Plaintiff objected and

12  contends that it has no obligation to respond to Defendant's discovery request until

13  Plaintiff receives Defendant's response to its request. Bryant does not believe any

14  documents responsive to the request have been produced. At the Rule 7-3 meeting,

15  Plaintiff declined to withdraw its objections. Plaintiff's duty to produce documents

16  pursuant to Federal Rule of Civil Procedure 34 is conditioned solely upon the proper

17  service of a valid request for production of documents by Defendant. F.R.C.P. 34(b).

18  Plaintiff has raised no objections with respect to either the service or validity of the

19  request and there is no question as to either issue. To the extent Mattel contends that

20  it cannot answer because its own discovery is not complete, Mattel must seek a court

21  order authorizing it to delay its response. Fed. Rules Civ. Proc. Rule 33(c). Mattel

22  has failed to obtain such an order, and accordingly, is not excused from responding on

23  that basis.

24    Plaintiff has objected on the grounds that the request is unreasonably

25  burdensome, yet utterly fails to provide any factual basis or show why the request

26  amounts to an unreasonable burden such that it would be excused from responding

27  under Federal Rule 26(b)(2)(iii). The burden or expense associated with producing

28  this narrowly-defined scope of documents does not outweigh its likely benefit taking

LITTLER MENDELSON

EXHIBIT 25  PAGE 182

Received:   8/13/ 4   3:28PM;        310 553 5583 -> QUINN EMANUEL;  Page 54

AUG-13-2004 15:10 FROM:LITTLER    DELSON   310 553 5583         T  \3 624 0643        P.54/61

# DRAFT

1  into account the needs of the case, the amount in controversy, the parties' resources,

2  the importance of the issues at stake in the litigation, and the importance of the

3  proposed discovery in resolving the issues.  To the contrary, any burden or expense

4  associated with the production of these documents is minimal, particularly given

5  Mattel's financial resources and the key importance of these documents to issues in

6  the litigation.

7  **PLAINTIFF'S POSITION:**

8

9  **REQUEST NO. 35:**

10      All DOCUMENTS that EVIDENCE, RELATE OR REFER to any lawsuits

11  brought or threatened to be brought (including in demand letters or other notices) by

12  MATTEL in the past seven years in which MATTEL has contended that its

13  employees or former employees breached the MATTEL "Employee Confidential

14  Information and Inventions Agreement," the form of which is attached as Exhibit "A"

15  to the Complaint.

16  **RESPONSE TO REQUEST NO. 35:**

17      In addition to the general objections stated above, Mattel objects to this Request

18  on the grounds that it calls for the disclosure of information subject to the attorney-

19  client privilege, the attorney work-product doctrine and other applicable privileges.

20  Mattel further objects to this Request as overbroad and unduly burdensome on the

21  grounds that it seeks all documents related to any lawsuit brought, or even

22  contemplated, by Mattel against an employee in the past seven years, including on

23  contract terms or provisions that are not at issue in this action and for conduct that is

24  not at issue in this action. Mattel further objects to this Request on the grounds that it

25  seeks documents that are not relevant to this action or reasonably calculated to lead to

26  the discovery of admissible evidence.  Mattel further objects to this Request on the

27  grounds that it is unduly burdensome and harassing in that it purports to require

28  Mattel and its counsel to cull privileged as well as any third-party confidential

51

EXHIBIT 25  PAGE 123

Received:   8/13/ 4  3:28PM   310 553 5583 -> QUINN EMANUEL;   Page 55
AUG-13-2004 15:10 FROM:LITTLER   PELSON   310 553 5583   T  13 624 0643   P.55/61

# DRAFT

1  information from their files so as to produce to defendant irrelevant materials that are

2  publicly available and hence equally available to defendant. Defendant is equally well

3  situated to obtain any such no confidential information from the public record.

4  **DEFENDANT'S POSITION**:

5      The request seeks documents that are relevant to Mattel's pattern and practice of

6  enforcement or non-enforcement of the employment agreements at issue in this

7  lawsuit.  The documents relate to the enforceability of the Mattel agreement with

8  Bryant, and any patterns and practices of enforcement or non-enforcement with

9  respect to similarly situated employees. Such facts would be critical to Bryant

10  establishing an affirmative defense to the breach of contract claim.  Bryant does not

11  believe any documents responsive to the request have been produced. At the Rule 7-3

12  meeting, Plaintiff declined to withdraw its objections.  Responsive documents such as

13  litigation records, demand letters, etc. are plainly responsive to this request and Mattel

14  has not denied that such documents are in its possession, custody or control.

15      Accordingly, Mattel is not excused from responding based on its asserted

16  objections.

17      Plaintiff has objected on the grounds that the request is unreasonably

18  burdensome, yet utterly fails to provide any factual basis or show why the request

19  amounts to an unreasonable burden such that it would be excused from responding

20  under Federal Rule 26(b)(2)(iii).  The burden or expense associated with producing

21  this narrowly-defined scope of documents does not outweigh its likely benefit taking

22  into account the needs of the case, the amount in controversy, the parties' resources,

23  the importance of the issues at stake in the litigation, and the importance of the

24  proposed discovery in resolving the issues.  To the contrary, any burden or expense

25  associated with the production of these documents is minimal, particularly given

26  Mattel's financial resources and the key importance of these documents to issues in

27  the litigation.

28  **PLAINTIFF'S POSITION**:

LITTLER MENDELSON

52

EXHIBIT 25   PAGE 164

AUG-13-2004 15:10 FROM:LITTLER    DELSON    310 553 5583    T    13 624 0643    P.56/61

# DRAFT

**REQUEST NO. 36:**

All DOCUMENTS that EVIDENCE, RELATE OR REFER to any lawsuits brought or threatened to be brought (including in demand letters or other notices) by MATTEL in the past seven years in which MATTEL has contended that its employees or former employees breached the MATTEL "Conflict of Interest Questionnaire," the form of which is attached as Exhibit "B" to the Complaint.

**RESPONSE TO REQUEST NO. 36:**

In addition to the general objections stated above, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as being overbroad and unduly burdensome on the grounds that it seeks all documents related to any lawsuit brought, or even contemplated, by Mattel against an employee in the past seven years, including on contract terms or provisions that are not at issue in this action and for conduct that is not at issue in this case. Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is unduly burdensome and harassing in that it purports to require Mattel and its counsel to cull privileged as well as any third-party confidential information from their files so as to produce to defendant irrelevant materials that are publicly available and hence equally available to defendant. Defendant is equally well situated to obtain any such non-confidential information from the public record.

**DEFENDANT'S POSITION:**

The request seeks documents that are relevant to Mattel's pattern and practice of enforcement or non-enforcement of the employment agreements at issue in this suit. The documents relate to the enforceability of the Mattel agreement with Bryant, and any patterns and practices of enforcement or non-enforcement with respect to

53

EXHIBIT 25 PAGE 185

AUG-13-2004 15:11 FROM:LITTLER   )DELSON   C10 55C 5551       NO 81- 2242       P.57/61

**DRAFT**

1   similarly situated employees. Such facts would be critical to Bryant establishing an

2   affirmative defense to the breach of contract claim.  Accordingly, Mattel is not

3   excused from responding based on its asserted objections.   Bryant does not believe

4   any documents responsive to the request have been produced.  At the Rule 7-3

5   meeting, Plaintiff declined to withdraw its objections.

6       Responsive documents such as litigation records, demand letters, etc. are

7   plainly responsive to this request and Mattel has not denied that such documents are in

8   its possession, custody or control.

9       Plaintiff has objected on the grounds that the request is unreasonably

10  burdensome, yet utterly fails to provide any factual basis or show why the request

11  amounts to an unreasonable burden such that it would be excused from responding

12  under Federal Rule 26(b)(2)(iii).  The burden or expense assσciated with producing

13  this narrowly-defined scope of documents does not outweigh its likely benefit taking

14  into account the needs of the case, the amount in controversy, the parties' resources,

15  the importance of the issues at stake in the litigation, and the importance of the

16  proposed discovery in resolving the issues.  To the contrary, any burden or expense

17  associated with the production of these documents is minimal, particularly given

18  Mattel's financial resources and the key importance of these documents to issues in

19  the litigation.

20  **PLAINTIFF'S POSITION**:

21

22  **REQUEST NO. 41**:

23       All board of directors meeting minutes that EVIDENCE, RELATE OR REFER

24  to Bryant, from September 2000 to the present.

25  **RESPONSE TO REQUEST NO. 41**:

26       In addition to the general objections stated above, Mattel objects to this Request

27  on the grounds that it calls for the disclosure of information subject to the attorney-

28  client privilege, the attorney work-product doctrine and other applicable privileges.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
San Francisco
Los Angeles, CA  90067-3107
310 553 0308

EXHIBIT 25   PAGE 186

Received     3.3 553 5583 -> QUINN EMANUEL;  Page 58

AUG-13-2004 15:11 FROM:LITTLER  DELSON    310 553 5583    T    3 624 0643    P.58/61

**DRAFT**

1  Mattel further objects to this Request on the grounds that it seeks information that is

2  not relevant to this action or reasonably calculated to lead to the discovery of

3  admissible evidence.

4  **DEFENDANT'S POSITION**:

5      If a non-managerial junior designer was mentioned in the board of directors

6  minutes of a publicly-traded company such as Mattel, those minutes would

7  undoubtedly relate to this lawsuit. Mattel is obligated to disclose whether such

8  minutes exist.

9      Bryant does not believe any documents responsive to the request have been

10  produced. At the Rule 7-3 meeting, Plaintiff declined to withdraw its objections.

11      Accordingly, Mattel is not excused from responding based on its asserted

12  objections.

13  **PLAINTIFF'S POSITION**:

14

15  **REQUEST NO. 43**:

16      All versions of the "Employee Confidential Information and Inventions

17  Agreement" used by MATTEL since January 1, 1995.

18  **RESPONSE TO REQUEST NO. 43**:

19      In addition to the general objections stated above, Mattel objects to this Request

20  on the grounds that it calls for the disclosure of information subject to the attorney-

21  client privilege, the attorney work-product doctrine and other applicable privileges.

22  Mattel further objects to this Request on the grounds that it is overbroad, unduly

23  burdensome and vague and ambiguous in that it seeks all undefined "versions" of

24  Mattel's employee agreements, including for time periods during which defendant was

25  not employed by Mattel. Mattel further objects to this Request on the grounds that it

26  seeks information that is not relevant to this action, nor likely to lead to admissible

27  evidence.

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles CA 90067-3107
310 553 1500

EXHIBIT 25  PAGE 187

AUG-13-2004 15:12 FROM:LITTLER  NELSON    310 553 5583      TO  3 624 0643       P.59/61

# DRAFT

1  ## DEFENDANT'S POSITION

2      Bryant has offered to accept form exemplars actually distributed to prospective

3  or actual employees of Mattel during the relevant time period. This obviates any

4  objection that each personnel file would have to be searched to comply with the

5  request. No exemplars were produced.

6      The request seeks documents that are relevant to Mattel's pattern and practice of

7  enforcement or non-enforcement of the Employee Confidential Information and

8  Inventions Agreement which is at issue in this suit and goes to the heart of Mattel's

9  claims and Defendant's defenses. Additionally, changes in the agreements may

10 indicate a belief that some of the terms are unenforceable. Accordingly, Mattel is not

11 excused from responding based on its asserted objections. Only Mr. Bryant's contract

12 has been produced.

13     Plaintiff has objected on the grounds that the request is unreasonably

14 burdensome, yet utterly fails to provide any factual basis or show why the request

15 amounts to an unreasonable burden such that it would be excused from responding

16 under Federal Rule 26(b)(2)(iii). The burden or expense associated with producing

17 this narrowly-defined scope of documents does not outweigh its likely benefit taking

18 into account the needs of the case, the amount in controversy, the parties' resources,

19 the importance of the issues at stake in the litigation, and the importance of the

20 proposed discovery in resolving the issues. To the contrary, any burden or expense

21 associated with the production of these documents is minimal, particularly given

22 Mattel's financial resources and the key importance of these documents to issues in

23 the litigation.

24 ## PLAINTIFF'S POSITION

25

26 ## REQUEST NO. 45:

27     All forms or other DOCUMENTS which MATTEL has requested prospective

28 and actual employees to sign since January 1, 1995.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

EXHIBIT 25 PAGE 188