1  MGA007337-40; BRYANT 01200-1; MGA001355; MGA000422; MGA 0064572;
2  MGA001318-27; MGA001329; MGA000423; MGA 0064575; MGA 0009131R-
3  2R; MGA 0009128R; MGA 0052031-6; MGA000425-6; MGA0008032-4; MGA
4  0065335; MGA000427-8; MGA005053B-5B; MGA000015-7; MGA000542-4;
5  MGA000015-7; MGA 0046799-802; MGA 006396-7; MGA000012-3; BRYANT
6  00219; MGA000012-3; MGA 0009121R-3R; MGA 0046672; MGA000019-21;
7  MGA000037-42; MGA 0053419-20; MGA000043-5; MGA000047; MGA000071-
8  4; MGA000046; MGA 0046656; MGA 0052683-4; MGA 0046660; MGA000049;
9  MGA 0046875-82; MGA0004611B-6B; MGA 0046580-99; MGA004251; MGA
10  0009205-8; MGA000075; MGA000076; MGA 0046463-7; MGA 0009351-3;
11  MGA000147-9; MGA000131-2; MGA000091-2; MGA000097-104; MGA000212-
12  7; MGA000113-22; MGA000124-5; MGA000530B-1B; MGA000140B-1B;
13  MGA000124-5; MGA000190; MGA000253; MGA000524B-8B; MGA000197-9;
14  MGA000091-2; MGA000202; MGA000211; MGA000219; MGA000248;
15  MGA000249-50; MGA000255; MGA000482 B; MGA000234-6; MGA000256;
16  MGA000254; MGA000322; MGA000333; MGA 0009177-78.5; MGA 0048571;
17  MGA003727B-8B; MGA000365; MGA000369-70; MGA000366-8; MGA000380;
18  MGA000371-8; BRYANT 00376; MGA000603-5; MGA000612; MGA000613;
19  MGA000381; MGA000611; MGA000610; MGA000609; MGA000608 B;
20  MGA000606; MGA000602; MGA000600; MGA000599 B; MGA000576;
21  MGA000582; MGA000583B-7B; MGA000589; MGA000590; MGA 0048576-9;
22  MGA000579; MGA000571-2; MGA000575; MGA000574; MGA000588;
23  MGA000573; MGA000568; MGA000569-70; MGA000566; MGA000561;
24  MGA000556-7; MGA000560; MGA000551; MGA000554; MGA000558;
25  MGA004260-8; MGA000549; MGA000550; MGA000548 B; MGA004260-8;
26  MGA000546-7; MGA000545; MGA000634; MGA000625-6; MGA000621-2;
27  MGA001289B-90B; MGA000620 B; MGA000618; MGA000617; MGA001278B-
28  2B; MGA000747 B; MGA001116B-7B; MGA001113B-4B; MGA 0049106-13;

-51-
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES
Exhibit ___2___, P. __90__

1  MGA0001105 B; MGA001099B-100B; MGA001040B-4B; MGA004383-4;

2  MGA001030B-2B; MGA001061B-4B; MGA000635; MGA001027B-9B;

3  MGA001219B-20B; MGA000766B-7B; MGA000746; MGA000748B-50B;

4  MGA001213B-4B; MGA001219B-20B; MGA001208B-9B; MGA000654; MGA

5  0051621; MGA 0052265-6; MGA 0047234-7; MGA000666B-7B; MGA 0046316;

6  MGA 0051427-35; MGA000655; M 0110188-92; M 0110193-7; M 0110179-83; M

7  0110184-7; M 0110198-202; M 0012536-9; M 0074057-9; M 0074224-5; M

8  0070398-9; M 0101133-5; M 0070439-41; M 0059788; M 0059789; M 0059790-2;

9  M 0059785; M 0059766-7; M 0059771-2; M 0059776-8; M 0059808-9; M

10  0059812; M 0059814; M 0059815; M 0059832; M 0059818-9; M 0059826-7; M

11  0059828; M 0059833; M 0059829-30; M 0059831; M 0059784; M 0059834-5; M

12  0059786; M 0059787; M 0059782-3; BRYANT 00262-72; BRYANT 00310-9;

13  BRYANT 00222-34; BRYANT 00238-61; BRYANT 00138-70; BRYANT 00173;

14  BRYANT 00175-218; BRYANT 00220-1; BRYANT 00235-7; BRYANT 00273-

15  303; BRYANT 00320-51; BRYANT 00358-61; BRYANT 00869; MGA000455-64;

16  MGA000465-81; M 0001489A; M 0001489-505; M 0012536-9; M 0001558-69; M

17  0001613-4; BRYANT 01198-9; BRYANT 00794-9; BRYANT 1234-5;

18  MGA000429-34; MGA000422; MGA000007-9; M 0001615-6; M 0001648; M

19  0001649-50; M 0001638-9; M 0001636-9; M 0001596; M 0001621; M 0001604; M

20  0001666; BRYANT 1232-3; BRYANT 01200-3; M 0001594-5; M 0012593-617;

21  BRYANT 00751; M 0001654-5; BRYANT 00277-8; BRYANT 00290; BRYANT

22  00167; Deposition Exhibit No. 200 No Bates (3 pages); AR 0001-58; BRYANT

23  00173; Deposition Exhibit No. 203 No Bates (1 page); Deposition Exhibit No. 204

24  No Bates (1 page); Deposition Exhibit No. 300 No Bates (3 pages); MGA 001473;

25  MGA006453-67; MGA001356-9; MGA004717; MGA001291; M 0016504; M

26  0016474-501; M 0016495-6; M 0016595-6; M 0016816-24; TP 0012-7; TP 0109-

27  18; M 0016585-86.001; M 0016806; M 0016809-11; TP 0008-9; TP 0011; M

28  0016482; SL 000063.001; SL00002; SL00001; SL00005-7; SL00003; SL00013-63;

-52-

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 2 , P. 91

1  MGA0008030-1; MGA0008032-4; SL00008-9; SL00010-2; SL00004; SL000064;

2  M 0016620; M 0016812-5; TP 0005; SL000065-6; Deposition Exhibit No. 334 No

3  Bates (36 pages); Deposition Exhibit No. 366 No Bates (7 pages); MGA000706;

4  MGA002627; AR 0001; MGA000707; MGA000708; MGA000710; MGA000711;

5  MGA000712; MGA000714; MGA000715; MGA000716; MGA000718; AR 0004;

6  MGA000719; MGA000720; MGA000724; MGA000725; MGA000726;

7  MGA000728; Deposition Exhibit No. 390 No Bates (15 pages); Deposition Exhibit

8  No. 391 No Bates (1 page); Deposition Exhibit No. 392 No Bates (11 pages);

9  BRYANT 00173-4; MGA 0008968; Deposition Exhibit No. 395 No Bates (18

10 pages); MGA0007363-72; MGA0007376; MGA0007380-4; MGA0053555-9;

11 MGA0007495-7; MGA0007502; MGA0007612-3; MGA0007609; M 0073817-27;

12 Deposition Exhibit No. 405 No Bates (4 pages); Deposition Exhibit No. 452 No

13 Bates (15 pages); MGA 0800022; MGA 0800080; MGA 0800006-8; MGA

14 0800023-6; MGA 0800037; MGA 0800051-79; MGA 0800097-102; MGA

15 0800084-5; MGA003485-6; MGA003572-3; MGA 0800117-24; MGA 0800114;

16 Deposition Exhibit No. 481 No Bates (164 pages); MGA 0010208; MGA 0049814;

17 MGA 0049793-8; MGA 0049616; MGA 0049552-3; MGA 0052379; MGA

18 0048673-5; MGA 0049758; MGA 0050154; MGA 0052277-91; MGA 0047198-

19 200; MGA 0049705-8; MGA 0009237-9; MGA 0009240-1; MGA 0047738-61;

20 MGA 0051808-10; MGA 0825431-2; MGA 0825485-95; MGA 0825438-45; MGA

21 0825457-60; MGA 0825461; Deposition Exhibit No. 504 No Bates (1 page); M

22 0110179-83; M 0110209-10; M 0110184-7; M 0110211-2; M 0110193-7; M

23 0110213-4; M 0110198-202; M 0110215-6; M 0110188-92; M 0110207-8;

24 Deposition Exhibit No. 515 No Bates (1 page); Deposition Exhibit No. 516 No

25 Bates (1 page); Deposition Exhibit No. 517 No Bates (17 pages); Deposition Exhibit

26 No. 518 No Bates (9 pages); BRYANT 000010-5; BRYANT 00794-9; Deposition

27 Exhibit No. 521 No Bates (1 page); Deposition Exhibit No. 522 No Bates (8 pages);

28 BRYANT 00179; M 0059833; MGA 0842238; MGA 0842239; MGA 0842240;

-53-

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit __Z__, P. __92__

1  MGA 0842241; MGA 0842242; MGA 0842243; MGA 0842244; MGA 0842245;

2  MGA 0010149-51; MGA 0010130; MGA008878RB-81RB; MGA0008888R B;

3  MGA0008900 R B; MGA 0046691-3; MGA001303-7; MGA000422; MGA

4  0048518-23; MGA001144; MGA 0049327-31; MGA 0825466-71; MGA 0825627-

5  45; MGA 0825447-56; Deposition Exhibit No. 549 No Bates (1 page); MGA

6  0069426-7; MGA 0825262-6; MGA 0802727-9; MGA 0803951-3; MGA 0802758-

7  67; MGA 0804028-47; M 0110155-9; M 0110217-8; M 0110160-4; M 0110219-20;

8  M 0110165-9; M 0110221-2; M 0110639-42; M 0110223-4; M 0110174-8; M

9  0110225-6; M 0110231-2; M 0110233-4; M 0110235-6; M 0110237-8; M 0110239-

10  40; M 0110227-8; M 0110229-30; M 0110205-6; M 0110203-4; MGA 0842202-17,

11  20-25; MGA 0842218-9; MGA 0027281-3; MGA 0828136-7; MGA 0800982-5;

12  MGA 0803777-8; MGA 0804579-80; MGA 0803668-9; MGA 0803353-4; MGA

13  0800863-5; MGA 0803753-5; MGA 0804559-61; MGA 0803651-3; MGA

14  0803381-3; MGA 0801966-9; MGA 0801921-3; Deposition Exhibit No. 592 No

15  Bates (1 page); MGA 001294-6; MGA 0007613; MGA 0007496; MGA 0842182;

16  MGA 0051566-7, MGA 004562-3, MGA 0836578-89; MGA 0066294-6; MGA

17  0067842-7; MGA 0836789; MGA 004814-40; MGA 005645-57; MGA 0009190-3;

18  MGA 0072161-7; MGA 0842199-201; MGA 0842189; MGA 0842185-7; MGA

19  0868092-3; MGA 0868100-3; MGA 0829273-89; MGA 0868129-30; MGA

20  0800982-5; MGA 0825342-9; MGA 0868139-40; Bryant 00208; Bryant 00204;

21  Bryant 00201; Bryant 00194; Bryant 00202; Bryant 00211; Bryant 00210; Bryant

22  00192; MGA 0868141-4; MGA 0822933-42; MGA004587; MGA 0047048-9;

23  MGA 0860577-9; M 0074054-6; M 0070398-9; MGA 0066084-8; LAF 0083; LAF

24  002; LAF 043; MGA 0046968-70; MGA 0049639-41; MGA 0046962-7; MGA

25  0049529-32; MGA 0046944-8; MGA 0046949-61; MGA 0046936-42;

26  MGA0001065 B; MGA 0868159-362; Deposition Exhibit No. 646 No Bates (39

27  pages); MGA 0052662-8; MGA 0808032; M 0109323-5; MGA 0072499; MGA

28  0024962-3; MGA 0835259-60; MGA 0203816-7; M 0070483-4; MGA 0863860-

-54-

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit  2  , P.  93

1  73; MGA 0863874-87; MGA 0863888-901; MGA 0868693-706; MGA 0868707-
2  22; MGA 0868723-865; MGA 0101018-21; MGA 0815789; Bryant2 000017-26;
3  MGA 0868630-1; TP 0115; TP 0116; M 0016496; M 0016596; Deposition Exhibit
4  No. 669 No Bates (12 pages); Bryant 00176; Bryant 00177; Bryant 00189; Bryant
5  00190; Bryant 00216; Bryant 00217; Bryant 00300; Bryant 00183; Bryant 00186;
6  Bryant 00341; Bryant 00163; Bryant 00164; Bryant 00232; Bryant 00236; Bryant
7  00273; Deposition Exhibit No. 717 No Bates (1 page); Bryant 00228; Deposition
8  Exhibit No. 719 No Bates (1 page); Bryant 00235; Bryant 00221; Deposition
9  Exhibit No. 711 No Bates (1 page); Bryant 00237; Bryant 00297; Deposition
10 Exhibit No. 725 No Bates (1 page); Bryant 00223; Deposition Exhibit No. 727 No
11 Bates (1 page); Deposition Exhibit No. 728 No Bates (1 page); Bryant 00314;
12 Deposition Exhibit No. 730 No Bates (1 page); Deposition Exhibit No. 731 No
13 Bates (1 page); Bryant 01111; Bryant 00318; Deposition Exhibit No. 734 No Bates
14 (1 page); Bryant 00231; Deposition Exhibit No. 736 No Bates (1 page); Bryant
15 00313; Deposition Exhibit No. 738 No Bates (1 page); Bryant 00199; Deposition
16 Exhibit No. 740 No Bates (1 page); Bryant 00213; Deposition Exhibit No. 742 No
17 Bates (1 page); Bryant 00317; Deposition Exhibit No. 744 No Bates (1 page);
18 Bryant 00315; Deposition Exhibit No. 746 No Bates (1 page); Bryant 01110;
19 Deposition Exhibit No. 748 No Bates (1 page); Bryant 01112; Deposition Exhibit
20 No. 750 (1 page); Bryant 00179; Deposition Exhibit No. 752 No Bates (1 page);
21 Bryant 00180; Deposition Exhibit No. 754 No Bates (1 page); Bryant 00181; Bryant
22 00182; Bryant 00175; Bryant 00203; Deposition Exhibit No. 759 No Bates (1 page);
23 Deposition Exhibit No. 760 No Bates (1 page); Bryant 00200; Bryant 00178;
24 Deposition Exhibit No. 763 No Bates (1 page); Deposition Exhibit No. 764 No
25 Bates (1 page); Deposition Exhibit No. 765 No Bates (1 page); Bryant 01247;
26 Bryant 00202; Deposition Exhibit No. 768 No Bates (1 page); Bryant 00211;
27 Deposition Exhibit No. 770 No Bates (1 page); Bryant 02775; Bryant 001115;
28 Bryant 02777; Bryant 00194; Deposition Exhibit No. 775 No Bates (1 page); Bryant

-55-

Exhibit __2__, P. __94__

1   00197; Deposition Exhibit No. 777 No Bates (1 page); Bryant 00222; Deposition

2   Exhibit No. 780 No Bates (1 page); Bryant 00208; Deposition Exhibit No. 782 No

3   Bates (1 page); Deposition Exhibit No. 783 No Bates (1 page); Deposition Exhibit

4   No. 784 No Bates (1 page); Deposition Exhibit No. 785 No Bates (1 page);

5   Deposition Exhibit No. 786 No Bates (1 page); Bryant 00220; Bryant 00230; Bryant

6   00229; Deposition Exhibit No. 790 No Bates (1 page); Bryant 00226; Bryant 00233;

7   Bryant 00234; Bryant 00206; Bryant 00204; Bryant 00201; Bryant 04965-76; MGA

8   0146604; MGA 0146905-6; MGA 0147303; MGA 0147327; MGA 0147888-9;

9   MGA 0153714; MGA 0154586; MGA 0154602-3; MGA 0154605-6; MGA

10   0156244; MGA 0877238-9, 0877242-7, 0877249-50; MGA 0877238-50; MGA

11   0877284-8; MGA 1165499-500; MGA 1753095; MGA 1753126; MGA 1753193;

12   MGA 1753235; MGA 1753319-21; MGA 1753312-8; MGA 1753241-2; MGA

13   1753327-31; MGA 1753324-6; MGA 1753364-75; MGA 1753380-3; MGA

14   0868630-91; Deposition Exhibit No. 824 No Bates (1 page); MGA 0068725-7;

15   Bryant 04434; Bryant 04436; Bryant 04439-40; Bryant 03001; Bryant 04458;

16   Bryant 01668-70; Deposition Exhibit No. 831 No Bates (5 pages); Bryant 00349-51;

17   Bryant 04883, 04888-922, 04930-6, 04923-9, 04937-68, 04974-6, 04969-73; MGA

18   0067500-4; MGA 0050733-6; MGA 0045943-66; M 0059728, 0059732, 0059724,

19   0059736, 0059748, 0059740, 0059708, 0059700, 0059716, 0059712, 0059704;

20   MGA 0015264; MGA 0018537-9; MGA 0015928-9; MGA 0015842-3; MGA HK

21   0009340-1; MGA 0048434-5; MGA HK 0001243-4; MGA 0070841-8; MGA

22   0070833-40; MGA HK 0002370-4; MGA HK 0002369; MGA HK 0002383-8;

23   MGA HK 0009169-89; Deposition Exhibit No. 929 No Bates (4 pages); Deposition

24   Exhibit No. 930 No Bates (17 pages); Deposition Exhibit No. 931 No Bates (13

25   pages); Deposition Exhibit No. 932 No Bates (16 pages); MGA HK 0002353-4;

26   MGA HK 0009066-125; MGA HK 0008974-6; MGA HK 0002602-3; MGA HK

27   0008919-24; MGA HK 0007748-9; MGA HK 0002952; MGA HK 0002953; M

28   0001570-81; MGA 0147524-6; Deposition Exhibit No. 943 No Bates (22 pages);

1  Deposition Exhibit No. 944 No Bates (1 page); MGA000425-6; M 0001553-7;

2  MGA 0868039-91; MGA 0873720-4; MGA 0873736; MGA 0883230-66, 290-5,

3  298-303; MGA 0883346-7; MGA 0883339-45; MGA 0883920-37, 62-3; MGA

4  0883995-4010; MGA 0883968-93; MGA HK 0009776-7; MGA 0046567-9; MGA

5  0061969-72; MGA HK 0011152-4; MGA HK 0002375-8; MGA HK 0011155-6;

6  Deposition Exhibit No. 1006 No Bates (1 page); Bryant 02774; Bryant 02776;

7  Bryant 02775; Bryant 02777; Deposition Exhibit No. 1111 No Bates (2 pages)

8  MGA 0051574; M 0079181; MGA 0046493-4; M 0079187; M 0079201-2; MGA

9  0876578-85; Deposition Exhibit No. 1118 No Bates (3 pages); Bryant 00325;

10  Bryant 01003; Bryant 01201; Bryant 00794-9; Bryant 01200; Bryant 01202; Bryant

11  01234-5; Bryant 01203; Bryant 01204; Bryant 01211; Bryant 01094; Bryant 01212;

12  SABW-L 00001-12; SL00002; SL00001; SABW-M 00431; SABW-M 00436;

13  SABW-M 00429; SABW-M 00437; M 0032515; M 0013373-6; M 0066948; M

14  0032505; M 0032506; M 0021507; M 0032508; M 0032510; M 0032514; M

15  0032524; M 0032525; M 0032526-8; M 0034353-6; M 0034359-62; M 0041064-5;

16  M 0066951; M 0066950; M 0014331, M 0001489A; M 0110207-8; M 0110209-10;

17  M 0110211-2; M 0110213-4; M 0110215-6; M 0110217-8; M 0110219-20; M

18  0110221-2; M 0110223-4; M 0110225-6;  MGA HK 0001928; MGA HK 0001935;

19  MGA HK 004040-1; MGA HK 004042-4; MGA HK 0002940; MGA HK 0002924-

20  5; MGA HK 0002938-9; MGA HK 0002941-2; MGA HK 0002943-5; MGA HK

21  0002946-7; MGA HK 0002948-9; MGA HK 0002950-1; MGA HK 0002952; MGA

22  HK 0002953; MGA HK 0002957-8; MGA HK 0002997; MGA HK 0003000-2;

23  MGA HK 0003138-40; MGA HK 0004048; MGA HK 0004049-53; MGA HK

24  0004056-8; MGA HK 0004059-61; MGA HK 0004069-72; MGA HK 0004079-80;

25  Copyright registrations VA 1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-

26  651, VA 1-378-652, VA 1-378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656,

27  VA 1-378-657, VA 1-378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu

28  715-271 and VAu 715-273; M 0191294-6, 299-345; M 0254773-818; MGA

1  001295; MGA 0009008-17; MGA 0072188-9; MGA 0072032-5; MGA 0072028-
2  31; MGA 0072176-9; MGA 0008039-42; MGA 0072020-3; MGA 0008047A-50A;
3  MGA 1476883-4; MGA 1476891; MGA 0072199-219; MGA 0050753-4; MGA
4  0072039-40; MGA 0072041-2; MGA 0072043-4; MGA 0072045-6; MGA
5  0072161-7; MGA 0008648B-54B; MGA 0050729; MGA 0050728; MGA 0050461-
6  2; MGA 0050463; MGA 0072158-60; MGA 0008746-7; MGA 0072155-7; MGA
7  0072152-4; MGA 0072155-7; MGA 0072149-51; MGA 005090; MGA 0050598;
8  MGA 0050725-6; MGA 0066487; MGA 0072098-100; MGA 0072112-4; MGA
9  0072105-7; MGA 0072118-44; MGA 0050717; MGA 0072115-7; MGA
10  0008770A-3A; MGA 0052435; MGA 000706-8; MGA 000710-2; MGA 000714-6;
11  MGA 000718-20; MGA 000721-3; MGA 000724-6; MGA 000734; MGA 000727-
12  8; MGA 0072358-60; MGA 0072361-3; MGA 000678-80; MGA 000681-3; MGA
13  000684-6; MGA 000687-9; MGA 000691-3; MGA 0072326-8; MGA 0007002;
14  MGA 000699; MGA 007200; MGA 000703; MGA 0022099; MGA 0878994-5;
15  MGA 0842185; MGA 0878996-9007; MGA 0842184; MGA 0842182; MGA
16  002616-7; MGA 002620-4; MGA 002619; MGA 002630-1; MGA 002633-4; MGA
17  002636-7; MGA 0008859-61; MGA 0050570-1; MGA 0050711-2; MGA 0050554-
18  5; M 0019162-M 0019365, M 0019375-M 0019491, M 0019492-M 0019586, M
19  0030576, M 0019587-M 0022008, M 0022009-M 0026076, M 0026077-M
20  0029024, M 0029025-M 0029042, M 0029043-M 0029044, M 0029045-M
21  0029050, M 0029051-M 0029053, M 0031471-M 0031473, M 0029054-M
22  0029255, M 0031474-M 0031485, M 0029226-M 0030163, M 0030164-M
23  0030173, M 0030174-M 0030183, M0030261-M 0030268, M 0030269-M 0030278,
24  M 0030440-M 0030441, M 0030505-M 0030575, M 0030577-M 0030608, M
25  0019366-M 0019374, M 0030184-M 0030240, M 0030254-M 0030260, M
26  0030279-M 0030439, M 0030442-M 0030470, M 0030471-M 0030501, M
27  0030609, M 0030610-M 0030625, M 0030626-M 0030674, M 0030241-M
28  0030253, M 0030502-M 0030504, M 0030675-M 0030754, M 0030755-M

-58-
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES
Exhibit _2_, P. _97_

1  0030756, M 0030770-M 0030782, M 0030757-M 0030769, M 0030783-M
2  0030788, M 0030789-M 0030799, M 0030800-M 0030834, M 0030835, M
3  0030836-M 0030838, M 0030839-M 0030841, M 0030842-M 0030845, M
4  0030846-M 0030850, M 0030851- M 0030959, M 0030960-M 0030972, M
5  0030973-M 0031141, M 0031142-M 0031153, M 0031154-M 0031162, M
6  0031163-M 0031172, M 0031173, M 0031174-M 0031206, M 0031207-M
7  0031223, M 0031224-M 0031229, M 0031230-M 0031247, M 0031248-M
8  0031258, M 0031259-M 0031262, M 0031263-M 0031264, M 0031265, M
9  0031266, M 0031267, M 0031268, M 0031269, M 0031270-M 0031278, M
10  0031279-M 0031280, M 0031281-M 0031282, M 0031283-M 0031291, M
11  0031292-M 0031470, M 0032318, M 0031486-M 0031503, M 0031504-M
12  0031612, M 0031613-M 0031860, M 0031863-M 0031864, M 0031865-M
13  0031919, M 0031861-M 0031862, M 0031925-M 0032000, M 0031920-M
14  0031924, M 0032001-M 0032009, M 0032010-M 0032057, M 0032058, M
15  0032059-M 0032070, M 0032071-M 0032288, M 0032289, M 0032290-M
16  0032317, M 0059836-M 0059837, M 0075253-M 0075260, M 0075261-M
17  0075277, M 0075278-M 0075289, M 0075290-M 0075307, M 0075308-M
18  0075309, M 0075310-M 0075315, M 0075316-M 0075317, M 0075318-M
19  0075322, M 0075323-M 0075324, M 0075325, M 0075326-M 0075328, M
20  0075329-M 0075333, M 0075334-M 0075375, M 0075376-M 0075378, M
21  0075379-M 0075380, M 0075381-M 0075384, M 0075385, M 0075386-M
22  0075388, M 0075389, M 0075390, M 0075391, M 0075392-M 0075398, M
23  0075399-M 0075400, M 0075401-M 0075407, M 0075408, M 0075409-M
24  0075416, M 0075417-M 0075420, M 0075421, M 0075422-M 0075469, M
25  0075470-M 0075490, M 0075491-M 0075494, M 0075495-M 0075515, M
26  0075516-M 0075531, M 0075532-M 0075552, M 0075553-M 0075572, M
27  0075573, M 0075574-M 0075594, M 0075595-M 0075616, M 0075617, M
28  0075618-M 0075619, M 0075620-M 0075635, M 0075636-M 0075654, M

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES
Exhibit _2_, P. _98_

07209/2267105.11

| | |
|---|---|
| 1 | 0075655-M 0075661, M 0075662-M 0075699, M 0075700-M 0075709, M |
| 2 | 0075710-M 0075713, M 0075714-M 0075775, M 0075776-M 0075780, M |
| 3 | 0075781-M 0075798, M 0075799-M 0075842, M 0075843-M 0075906, M |
| 4 | 0075907-M 0075949, M 0075950-M 0076018, M 0076019, M 0076020-M |
| 5 | 0076132, M 0076133-M 0076143, M 0076144-M 0076145, M 0076146-M |
| 6 | 0076148, M 0076149-M 0076155, M 0076156-M 0076169, M 0076170-M |
| 7 | 0076171, M 0076172-M 0076196, M 0076197-M 0076215, M 0076216-M |
| 8 | 0076250, M 0076251-M 0076264, M 0076265-M 0076279, M 0076280, M |
| 9 | 0076281-M 0076311, M 0076312-M 0076362, M 0076363-M 0076370, M |
| 10 | 0076371, M 0076372-M 0076425, M 0076426-M 0076427, M 0076428-M |
| 11 | 0076431, M 0076432- M 0076442, M 0076443-M 0076446, M 0100646-M |
| 12 | 0100653, M 0098687-M 0098688, M 0098689-M 0098697, M 0098698-M |
| 13 | 0098723, M 0098724-M 0098771, M 0098772-M 0098832, M 0098833-M |
| 14 | 0098846, M 0098847-M 0098865, M 0098866-M 0098879, M 0098880-M |
| 15 | 0098883, M 0098884-M 0098933, M 0098934-M 0098936, M 0098937-M |
| 16 | 0098971, M 0098972-M 0099436, M 0099437-M 0099439, M 0099440-M |
| 17 | 0099448, M 0099449-M 0099461, M 0099462-M 0099471, M 0099472-M |
| 18 | 0099476, M 0099477-M 0099493, M 0099494-M 0099529, M 0099530-M |
| 19 | 0099594, M 0099595-M 0099597, M 0099598-M 0099601, M 0099602-M |
| 20 | 0099618, M 0099619-M 0099628, M 0099629-M 0099656, M 0099657-M |
| 21 | 0099665, M 0099666-M 0099725, M 0099726-M 0100622, M 0100623-M |
| 22 | 0100645, M 0100646-M 0100653, M 0100654-M 0100695, M 0100696-M |
| 23 | 0100698, M 0100699-M 0100700, M 0100701-M 0100735, M 0100736-M |
| 24 | 0100741, M 0100742-M 0100774, M 0100775-M 0100778, M 0100779-M |
| 25 | 0100780, M 0100781, M 0100782, M 0100783-M 0100789, M 0100790-M |
| 26 | 0100795, M 0100796-M 0100858, M 0100859-M 0100868, M 0100869-M |
| 27 | 0100878, M 0100879-M 0100891, M 0100892-M 0100905, M 0100906-M |
| 28 | 0100918, M 0100919-M 0100932, M 0100933-M 0100941, M 0100942-M |

-60-
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 2 , P. 99

1  0100952, M 0100953, M 0100954-M 0100955, M 0100956-M 0100983, M

2  0100984-M 0101013, M 0101014-M 0101064, M 0101065 and M 0101069-M

3  0101128,  M 0075253-M 0076431; M 0098193-M 0098207; M 0032001-M

4  0032318; M 0098687-M 0101128; M 0098164-M 0098175; M 0255933-M

5  0256203; M 0097956 - M 0097964; M 0098181 - M 0098183; M 00164199 - M

6  0181693; M 0079230; M 0079231; M 0098178-M 0098180; M 0098275-M

7  0098317; M 0254733-M 0256308; M 0097955; M 0098176-7; M 0254733-72; M

8  0098178-80; M 0256201-301; M 0098275-6; M 0256302; M 0098277; M 0256303;

9  M 0098278-88; M 0256304; M 0098289-90; M 0256305; M 0098291-6; M

10  0256306-7; M 0098297-307; M 0256308-17; M 0191294-6; M 0191299-345; M

11  0254773-818; M 0191294-6; M 0191299-345; M 0254773-818; M 0254819-918; M

12  0097956-64; M 0098181-3; M 0098120-48; M 0254982-0255026; M 0097965-85;

13  M 0097986-8013; M 0097986-98013; M 0098208-23; M 0098014-21; M 0098022-

14  32; M 0098224-43; M 0255027-140; M 0255141-266; M 0098033-8; M 0098184-5;

15  M 0098039-42; M 0098186; M 0098043-53; M 0098187; M 0098244-53; M

16  0098054-67; M 0098188; M 0074403-4943; M 0098068-90; M 0098254-74; M

17  0098091- 100; M 0079187-202; M 0191349-69; M 0256309-440; M 0061968-2032;

18  M 0071884-96; M 0191370-972; M 0255359-932; M 0098101-5; M 0098190; M

19  0098106-19; M 0098191-2; MGA 0886716-30; MGA 0886788-92; MGA 0886793-

20  6; MGA 0886801-7; MGA 0886797-800; MGA 0886808-28; MGA 0886737-41;

21  MGA 0887031-425; MGA 0886742-6; MGA 0886747-52; MGA 0886774-8; MGA

22  0886779-87; MGA 0886557-61; MGA 0886645-58; MGA 0886617-22; MGA

23  0886665-7; MGA 0886668-75; MGA 0886595-600; MGA 0886623-9; MGA

24  0886630-4; MGA 0886694-700; MGA 0886681-7; MGA 0886379-4; MGA

25  0886931-4; MGA 0886417-21; MGA 0886411-6; MGA 0886935-40; MGA

26  0886941-6; MGA 0886897-903; MGA 0886402-10; MGA 0886975-80; MGA

27  0886390-5; MGA 0886981-90; MGA 088696974; MGA 0886422-35; MGA

28  0886436-41; MGA 0886449-54; MGA 0886470-80; MGA 0886455-62; MGA

1  0886481-6; MGA 0886487-95; MGA 0886635-44; MGA 0886537-49; MGA

2  0886513-27; MGA 0886528-36; MGA 0886550-6; MGA 0886731-6; MGA

3  0886838-47; MGA 0886562-9; MGA 0886570-80; MGA 0886587-94; MGA

4  0886601-7; MGA 0886862-71; MGA 0886872-89; MGA 0886890-6; MGA

5  0886688-93; MGA 0886904-20; MGA 0886385-9; MGA 0886370-8; MGA

6  0886921-6; MGA 0886364-9; MGA 0886356-63; MGA 0886927-30; MGA

7  0886396; MGA 886947-68; MGA 0886442-8; MGA 0886991-7; MGA 0886463-9;

8  MGA 0887005-12; MGA 0887013-20; MGA 0887021-30; MGA 0886496-500;

9  MGA 0886506-12; MGA 088670-5; MGA 0886848-51; the Mattel-authored

10  documents and CD containing Mattel-authored documents from Mexico that were

11  provided to O'Melveny & Myers, as testified to by Lisa Tonnu but that has not been

12  produced by MGA; M 0019162 - M 0019365; M 0019375 - M 0019491; M

13  0019492 - M 0019586; M 0030576 - M 0030576; M 0019587 - M 0022008; M

14  0022009 - M 0026076; M 0026077 - M 0029024; M 0029025 - M 0029042; M

15  0029043 - M 0029044; M 0029045 - M 0029050; M 0029051 - M 0029053; M

16  0031471 - M 0031473; M 0029054 - M 0029225; M 0031474 - M 0031485; M

17  0029226 - M 0030163; M 0030164 - M 0030173; M 0030174 - M 0030183; M

18  0030261 - M 0030268; M 0030269 - M 0030278; M 0030440 - M 0030441; M

19  0030505 - M 0030575; M 0030577 - M 0030608; M 0019366 - M 0019374; M

20  0030184 - M 0030240; M 0030254 - M 0030260; M 0030279 - M 0030439; M

21  0030442 - M 0030470; M 0030471 - M 0030501; M 0030609 - M 0030609; M

22  0030610 - M 0030625; M 0030626 - M 0030674; M 0030241 - M 0030253; M

23  0030502 - M 0030504; M 0030675 - M 0030754; M 0030755 - M 0030756; M

24  0030770 - M 0030782; M 0030757 - M 0030769; M 0030783 - M 0030788; M

25  0030789 - M 0030799; M 0030800 - M 0030834; M 0030835 - M 0030835; M

26  0030836 - M 0030838; M 0030839 - M 0030841; M 0030842 - M 0030845; M

27  0030846 - M 0030850; M 0030851 - M 0030959; M 0030960 - M 0030972; M

28  0030973 - M 0031141; M 0031142 - M 0031153; M 0031154 - M 0031162; M

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 2, P. 101

1 | 0031163 - M 0031172; M 0031173 - M 0031173; M 0031174 - M 0031206; M
2 | 0031207 - M 0031223; M 0031224 - M 0031229; M 0031230 - M 0031247; M
3 | 0031248 - M 0031258; M 0031259 - M 0031262; M 0031263 - M 0031264; M
4 | 0031265 - M 0031265; M 0031266 - M 0031266; M 0031267 - M 0031267; M
5 | 0031268 - M 0031268; M 0031269 - M 0031269; M 0031270 - M 0031278; M
6 | 0031279 - M 0031280; M 0031281 - M 0031282; M 0031283 - M 0031291; M
7 | 0031292 - M 0031470; M 0032318 - M 0032318; M 0031486 - M 0031503; M
8 | 0031504 - M 0031612; M 0031613 - M 0031860; M 0031863 - M 0031864; M
9 | 0031865 - M 0031919; M 0031861 - M 0031862; M 0031925 - M 0032000; M
10 | 0031920 - M 0031924; M 0032001 - M 0032009; M 0032010 - M 0032057; M
11 | 0032058 - M 0032058; M 0032059 - M 0032070; M 0032071 - M 0032288; M
12 | 0032289 - M 0032289; M 0032290 - M 0032317; M 0059836 - M 0059837; M
13 | 0075253 - M 0075260; M 0075261 - M 0075277; M 0075278 - M 0075289; M
14 | 0075290 - M 0075307; M 0075308 - M 0075309; M 0075310 - M 0075315; M
15 | 0075316 - M 0075317; M 0075318 - M 0075322; M 0075323 - M 0075324; M
16 | 0075325 - M 0075325; M 0075326 - M 0075328; M 0075329 - M 0075333; M
17 | 0075334 - M 0075375; M 0075376 - M 0075378; M 0075379 - M 0075380; M
18 | 0075381 - M 0075384; M 0075385 - M 0075385; M 0075386 - M 0075388; M
19 | 0075389 - M 0075389; M 0075390 - M 0075390; M 0075391 - M 0075391; M
20 | 0075392 - M 0075398; M 0075399 - M 0075400; M 0075401 - M 0075407; M
21 | 0075408 - M 0075408; M 0075409 - M 0075416; M 0075417 - M 0075420; M
22 | 0075421 - M 0075421; M 0075422 - M 0075469; M 0075470 - M 0075490; M
23 | 0075491 - M 0075494; M 0075495 - M 0075515; M 0075516 - M 0075531; M
24 | 0075532 - M 0075552; M 0075553 - M 0075572; M 0075573 - M 0075573; M
25 | 0075574 - M 0075594; M 0075595 - M 0075616; M 0075617 - M 0075617; M
26 | 0075618 - M 0075619; M 0075620 - M 0075635; M 0075636 - M 0075654; M
27 | 0075655 - M 0075661; M 0075662 - M 0075699; M 0075700 - M 0075709; M
28 | 0075710 - M 0075713; M 0075714 - M 0075775; M 0075776 - M 0075780; M

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES
Exhibit _2_, P. _102_

1  0075781 - M 0075798; M 0075799 - M 0075842; M 0075843 - M 0075906; M
2  0075907 - M 0075949; M 0075950 - M 0076018; M 0076019 - M 0076019; M
3  0076020 - M 0076132; M 0076133 - M 0076143; M 0076144 - M 0076145; M
4  0076146 - M 0076148; M 0076149 - M 0076155; M 0076156 - M 0076169; M
5  0076170 - M 0076171; M 0076172 - M 0076196; M 0076197 - M 0076215; M
6  0076216 - M 0076250; M 0076251 - M 0076264; M 0076265 - M 0076279; M
7  0076280 - M 0076280; M 0076281 - M 0076311; M 0076312 - M 0076362; M
8  0076363 - M 0076370; M 0076371 - M 0076371; M 0076372 - M 0076425; M
9  0076426 - M 0076427; M 0076428 - M 0076431; M 0076432 - M 0076442; M
10 0076443 - M 0076446; M 0100646 - M 0100653; M 0098687 - M 0098688; M
11 0098689 - M 0098697; M 0098698 - M 0098723; M 0098724 - M 0098771; M
12 0098772 - M 0098832; M 0098833 - M 0098846; M 0098847 - M 0098865; M
13 0098866 - M 0098879; M 0098880 - M 0098883; M 0098884 - M 0098933; M
14 0098934 - M 0098936; M 0098937 - M 0098971; M 0098972 - M 0099436; M
15 0099437 - M 0099439; M 0099440 - M 0099448; M 0099449 - M 0099461; M
16 0099462 - M 0099471; M 0099472 - M 0099476; M 0099477 - M 0099493; M
17 0099494 - M 0099529; M 0099530 - M 0099594; M 0099595 - M 0099597; M
18 0099598 - M 0099601; M 0099602 - M 0099618; M 0099619 - M 0099628; M
19 0099629 - M 0099656; M 0099657 - M 0099665; M 0099666 - M 0099725; M
20 0099726 - M 0100622; M 0100623 - M 0100645; M 0100646 - M 0100653; M
21 0100654 - M 0100695; M 0100696 - M 0100698; M 0100699 - M 0100700; M
22 0100701 - M 0100735; M 0100736 - M 0100741; M 0100742 - M 0100774; M
23 0100775 - M 0100778; M 0100779 - M 0100780; M 0100781 - M 0100781; M
24 0100782 - M 0100782; M 0100783 - M 0100789; M 0100790 - M 0100795; M
25 0100796 - M 0100858; M 0100859 - M 0100868; M 0100869 - M 0100878; M
26 0100879 - M 0100891; M 0100892 - M 0100905; M 0100906 - M 0100918; M
27 0100919 - M 0100932; M 0100933 - M 0100941; M 0100942 - M 0100952; M
28 0100953 - M 0100953; M 0100954 - M 0100955; M 0100956 - M 0100983; M

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

07209/2267105.11

Exhibit __2__, P. 103

1  0100984 - M 0101013; M 0101014 - M 0101064; M 0101065 - M 0101065;
2  1332664 - 1332664; M 0101069 - M 0101128; MGA 0104856-MGA 0104973;
3  MGA 0105094-MGA 0105104; MGA 0105105-MGA 0105139; MGA 0105833-
4  MGA 0105835; MGA 0105836-MGA 0105864; MGA 0105873-MGA 0105926;
5  MGA 0105947-MGA 0105951; MGA 0105953-MGA 0105954; MGA 0105955-
6  MGA 0105972; MGA 0105973-MGA 0105975; MGA 0105976-MGA 0105977;
7  MGA 0105978-MGA 0106094; MGA 0106095-MGA 0110278; MGA 0110279-
8  MGA 0110294; MGA 0110295-MGA 0110297; MGA 0110298-MGA 0110299;
9  MGA 0110300-MGA 0110306; MGA 0110307-MGA 0110313; MGA 0110314-
10  MGA 0110323; MGA 0110324-MGA 0110333; MGA 0110334-MGA 0110343;
11  MGA 0110344-MGA 0110345; MGA 0110346-MGA 0110400; MGA 0110401-
12  MGA 0110403; MGA 0110404-MGA 0110406; MGA 0110407-MGA 0110432;
13  MGA 0110433-MGA 0110514; MGA 0110524-MGA 0110572; MGA 0110573-
14  MGA 0110573; MGA 0110593-MGA 0110593;  MGA 0110595-MGA 0110597;
15  MGA 0110598-MGA 0110600; MGA 0110601-MGA 0110606; MGA 0110607-
16  MGA 0110678; MGA 0110679-MGA 0110679; MGA 0110680-MGA 0110688;
17  MGA 0110689-MGA 0110690; MGA 0110691-MGA 0110699; MGA 0110700-
18  MGA 0110700; MGA 0110701-MGA 0110701; MGA 0110702-MGA 0110702;
19  MGA 0110703-MGA 0110703; MGA 0110704-MGA 0110704; MGA 0110705-
20  MGA 0110720; MGA 0110721-MGA 0110728; MGA 0110729-MGA 0110805;
21  MGA 0110806-MGA 0110810; MGA 0110811-MGA 0110819; MGA 0111038-
22  MGA 0111076; MGA 0111077-MGA 0111090; MGA 0111091-MGA 0111121;
23  MGA 0111122-MGA 0111207; MGA 0111208-MGA 0111225; MGA 0111226-
24  MGA 0111231; MGA 0111232-MGA 0111243; MGA 0111244-MGA 0112679;
25  MGA 0112680-MGA 0113114; MGA 0113115-MGA 0117043; MGA 0117044-
26  MGA 0120325; MGA 0120326-MGA 0122551; MGA 0122552-MGA 0124236;
27  MGA 0124237-MGA 0126396; MGA 0126397-MGA 0128556; MGA 0128557-
28  MGA 0129614; MGA 0129615-MGA 0130672; MGA 0130673-MGA 0132832;

1  MGA 0132833-MGA 0133923; MGA 0133924-MGA 0136083; MGA 0136084-
2  MGA 0136200; MGA 0136201-MGA 0136213; MGA 0136214-MGA 0137233;
3  MGA 0137234-MGA 0137244; MGA 0137245-MGA 0137250; MGA 0137251-
4  MGA 0137255; MGA 0137256-MGA 0137341; MGA 0137342-MGA 0139151;
5  MGA 0139152-MGA 0139167; MGA 0139168-MGA 0139170; MGA 0139171-
6  MGA 0139204; MGA 0139205-MGA 0139208; MGA 0139209-MGA 0139209;
7  MGA 0139370-MGA 0139533; MGA 0139534-MGA 0139552; MGA 0139553-
8  MGA 0139556; MGA 0139557-MGA 0139568; MGA 0139569-MGA 0139597;
9  MGA 0139598-MGA 0139663; MGA 0139664-MGA 0139730; MGA 0139731-
10 MGA 0139734; MGA 0139735-MGA 0139736; MGA 0139737-MGA 0139738;
11 MGA 0139739-MGA 0139743; MGA 0139744-MGA 0139744; MGA 0139745-
12 MGA 0139746; MGA 0139747-MGA 0139748; MGA 0139749-MGA 0139768;
13 MGA 0139769-MGA 0139792; MGA 0139793-MGA 0139815; MGA 0139816-
14 MGA 0139930; MGA 0139931-MGA 0139948; MGA 0139949-MGA 0139949;
15 MGA 0139950-MGA 0139966; MGA 0139967-MGA 0139977; MGA 0139978-
16 MGA 0140006; MGA 0140007-MGA 0140029; MGA 0140030-MGA 0140098;
17 MGA 0140099-MGA 0140127; MGA 0140128-MGA 0140147; MGA 0140148-
18 MGA 0140166; MGA 0140167-MGA 0140281; MGA 0140282-MGA 0140348;
19 MGA 0140349-MGA 0140366; MGA 0140367-MGA 0140367; MGA 0140368-
20 MGA 0140384; MGA 0140385-MGA 0140395; MGA 0140396-MGA 0140424;
21 documents referring or relating to payments or compensation that Bryant and other
22 former Mattel employees received from Mattel and MGA; telephone records
23 produced in this action, including those showing communications between Bryant
24 and MGA while Mattel was employed by Mattel; and the tangible items produced
25 for inspection in this action, including all photographs and videotape of such
26 tangible items.
27
28

-66-
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES
Exhibit  2 , P. 105

1          By way of further answer, this topic may be the subject of expert

2  testimony, which will be disclosed in the manner, and at the time, required for

3  expert disclosures pursuant to the <u>Federal</u> and <u>Local Rules</u>.

4          Mattel reserves the right to supplement this response and, consistent

5  with its obligations under <u>Federal Rule of Civil Procedure</u> 26(e), Mattel will

6  supplement this response if Mattel receives additional responsive information.

7

8  **INTERROGATORY NO. 2:**

9          For each fact stated in response to Interrogatory No. 1, IDENTIFY all

10  PERSONS with knowledge of each fact.

11

12  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

13          In addition to the general objections stated above, Mattel specifically

14  objects to this Interrogatory on the grounds that it is overbroad, oppressive and

15  harassing, including without limitation that the Interrogatory is not restricted to

16  claims in this suit and thus purports to require disclosure of matters that have no

17  bearing on and are not at issue in this suit.  Such matters will not be revealed or

18  addressed.  Mattel further objects to this Interrogatory as being overbroad and

19  unduly burdensome on the grounds that it seeks to identify all persons having

20  knowledge of any fact relevant to this subject. Such a request potentially seeks the

21  identification of a large number of MGA employees, vendors and contractors not

22  currently known to Mattel and is also information known to Bryant.  Mattel further

23  objects to this Interrogatory on the grounds that it is premature in that it purports to

24  seek all facts relating to this subject at the outset of discovery in this action and also

25  seeks to circumvent the expert disclosure provisions of the Federal and Local Rules.

26  Mattel further objects to this Interrogatory on the grounds that it purports to require

27  Mattel to disclose the identity of consulting experts.  The identity of any such

28  experts will not be disclosed.  Mattel further objects to this Interrogatory on the

1  grounds that it calls for the disclosure of information subject to the attorney-client

2  privilege, the attorney work-product doctrine and other applicable privileges. Mattel

3  further objects to this Request on the grounds that it is premature and seeks to

4  circumvent the expert disclosure provisions of the Federal and Local Rules.  Mattel

5  continues its factual investigation and currently awaits MGA's compliance with

6  multiple Court Orders compelling MGA to produce documents, to answer

7  Interrogatories and to produce witnesses for deposition which MGA still has not

8  complied with and indeed that the Court has found MGA violated.  Mattel also has

9  pending motions to compel against defendants MGA, Bryant, Machado and others

10  associated with defendants, including to compel them to produce documents, to

11  appear for deposition and to answer requests for admissions.  In addition, the

12  depositions of certain witnesses, including without limitation Carter Bryant and

13  various MGA representatives, have yet to be completed, and other witnesses,

14  including various MGA representatives such as Gustavo Machado, Ron Brawer,

15  Mariana Trueba, Pablo Vargas, Janine Brisbois, Shirin Salemnia, as well as

16  Veronica Marlow, Margaret Hatch-Leahy and Elise Cloonan, have yet to be

17  produced for deposition.  Furthermore, although MGA's original production in this

18  case regarding the alleged origins and development of Bratz consisted of only a few

19  thousand pages, and only after multiple Court Orders compelling MGA and Bryant

20  to produce their documents, MGA and other Defendants have begun to produced

21  voluminous documents only in recent weeks, including documents that Mattel has

22  been unable to access or review because of technical deficiencies in MGA's

23  production that MGA only recently corrected.  Furthermore, despite prior Court

24  Order directing MGA to provide documents in unredacted form, MGA has failed to

25  comply and thus continues to deny Mattel information that the Court has ruled

26  Mattel is entitled to.  The review of MGA's, Bryant's and other Defendants' belated,

27  and still incomplete, productions continues.  Mattel reserves the right to supplement

28  this response consistent with Federal Rule of Civil Procedure 26(e).

1   Without waiving the foregoing General and Specific objections, and
2   subject thereto, Mattel responds to this interrogatory as follows:
3   Based on the information currently known to it, at least the following
4   persons (exclusive of expert witnesses, attorneys, and their support staff) have
5   knowledge of the facts stated in response to Mattel's Supplemental Resonse to
6   Interrogatory No. 1:
7   Carter Bryant has knowledge and information regarding, among other
8   things, his breach of his employment contracts and obligations to Mattel, the
9   chronology, timing, creation, and development of Bratz, his work with or for MGA
10  during his Mattel employment, MGA's complicity in the theft of Bratz, Bryant and
11  MGA's concealment of their misconduct and other matters as stated at his
12  deposition.
13  Isaac Larian has knowledge and information regarding, among other
14  things, Bryant's breach of his contracts and obligations to Mattel, the chronology,
15  timing, creation, and development of Bratz, Bryant's work with or for MGA during
16  his Mattel employment, MGA's complicity in the theft of Bratz, Bryant and MGA's
17  concealment of their misconduct, MGA's and other defendants' theft of Mattel's
18  intellectual property and trade secrets in the United States and around the world,
19  MGA's and Larian's misrepresentations to retailers, MGA's business practices and
20  other matters as stated at his deposition.
21  Paula Dianthe Treantafelles (Garcia) has knowledge and information
22  regarding, among other things, Bryant's breach of his contracts and obligations to
23  Mattel, the chronology, timing, creation, and development of Bratz, Bryant's work
24  with or for MGA during his Mattel employment, MGA's complicity in the theft of
25  Bratz, Bryant and MGA's concealment of their misconduct, MGA's and other
26  defendants' theft of Mattel's intellectual property and trade secrets in the United
27  States and around the world, MGA's business practices and other matters as stated at
28  her deposition.

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES
Exhibit ___2___, P. _10 8_

07209/2267105.11

1    Carlos Gustavo Machado has knowledge and information regarding,
2  among other things, MGA's complicity in the theft of Bratz, Bryant and MGA's
3  concealment of their misconduct, MGA's and other defendants' theft of Mattel's
4  intellectual property and trade secrets in the United States and around the world, and
5  MGA's business practices.
6    Mariana Trueba Almada has knowledge and information regarding,
7  among other things, MGA's complicity in the theft of Bratz, Bryant and MGA's
8  concealment of their misconduct, MGA's and other defendants' theft of Mattel's
9  intellectual property and trade secrets in the United States and around the world, and
10  MGA's business practices.
11    Pablo Vargas San Jose has knowledge and information regarding,
12  among other things, MGA's complicity in the theft of Bratz, Bryant and MGA's
13  concealment of their misconduct, MGA's and other defendants' theft of Mattel's
14  intellectual property and trade secrets in the United States and around the world, and
15  MGA's business practices.
16    Ron Brawer has knowledge and information regarding, among other
17  things, MGA's complicity in the theft of Bratz, Bryant and MGA's concealment of
18  their misconduct, MGA's and other defendants' theft of Mattel's intellectual property
19  and trade secrets in the United States and around the world, and MGA's business
20  practices.
21    Janine Brisbois has knowledge and information regarding, among other
22  things, MGA's complicity in the theft of Bratz, Bryant and MGA's concealment of
23  their misconduct, and MGA's and other defendants' theft of Mattel's intellectual
24  property and trade secrets in the United States and around the world.
25    Dave Malacrida has knowledge and information regarding, among
26  other things, Bryant's breach of his contracts and obligations to Mattel, the
27  chronology, timing, creation, and development of Bratz, Bryant's work with or for
28  MGA during his Mattel employment, MGA's complicity in the theft of Bratz,

-70-
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES
Exhibit  2 , P. 109

1  Bryant and MGA's concealment of their misconduct, MGA's and other defendants'

2  theft of Mattel's intellectual property and trade secrets in the United States and

3  around the world, MGA's business practices and other matters as stated at his

4  deposition.

5          Daphne Gronich has knowledge and information regarding, among

6  other things, Bryant's breach of his contracts and obligations to Mattel, the

7  chronology, timing, creation, and development of Bratz, Bryant's work with or for

8  MGA during his Mattel employment, MGA's complicity in the theft of Bratz,

9  Bryant and MGA's concealment of their misconduct, and MGA and other

10  defendants' theft of Mattel's intellectual property and trade secrets in the United

11  States and around the world.

12          Veronica Marlow has knowledge and information regarding, among

13  other things, Bryant's breach of his contracts and obligations to Mattel, the

14  chronology, timing, creation, and development of Bratz, Bryant's work with or for

15  MGA during his Mattel employment, MGA's complicity in the theft of Bratz, and

16  Bryant and MGA's concealment of their misconduct.

17          Anna Rhee has knowledge and information regarding, among other

18  things, Bryant's breach of his contracts and obligations to Mattel, the chronology,

19  timing, creation, and development of Bratz, Bryant's work with or for MGA during

20  his Mattel employment, MGA's complicity in the theft of Bratz, Bryant and MGA's

21  concealment of their misconduct, the development and ownership of intellectual

22  property at issue and other matters as stated at her deposition.

23          Margaret Hatch Leahy has knowledge and information regarding,

24  among other things, Bryant's breach of his contracts and obligations to Mattel, the

25  chronology, timing, creation, and development of Bratz, Bryant's work with or for

26  MGA during his Mattel employment, MGA's complicity in the theft of Bratz,

27  Bryant and MGA's concealment of their misconduct, MGA business practices.

28

07209/2267105.11

1    Mercedah Ward has knowledge and information regarding, among
2  other things, Bryant's breach of his contracts and obligations to Mattel, the
3  chronology, timing, creation, and development of Bratz, Bryant's work with or for
4  MGA during his Mattel employment, MGA's complicity in the theft of Bratz,
5  Bryant and MGA's concealment of their misconduct, MGA's access to Mattel's
6  intellectual property and trade secrets, and MGA's business practices.
7    Rachel Harris has knowledge and information regarding, among other
8  things, Bryant's breach of his contracts and obligations to Mattel, the chronology,
9  timing, creation, and development of Bratz, Bryant's work with or for MGA during
10  his Mattel employment, MGA's complicity in the theft of Bratz, Bryant and MGA's
11  concealment of their misconduct and other matters as stated at her deposition.
12    Sarah Halpern has knowledge and information regarding, among other
13  things, Bryant's breach of his contracts and obligations to Mattel, the chronology,
14  timing, creation, and development of Bratz, Bryant's work with or for MGA during
15  his Mattel employment, MGA's complicity in the theft of Bratz, Bryant and MGA's
16  concealment of their misconduct, and MGA's access to Mattel's intellectual property
17  and trade secrets.
18    Elise Cloonan has knowledge and information regarding, among other
19  things, Bryant's breach of his contracts and obligations to Mattel, the chronology,
20  timing, creation, and development of Bratz, Bryant's work with or for MGA during
21  his Mattel employment, MGA's complicity in the theft of Bratz, and Bryant and
22  MGA's concealment of their misconduct.
23    Victoria O'Connor has knowledge and information regarding, among
24  other things, Bryant's breach of his contracts and obligations to Mattel, the
25  chronology,  timing, creation, and development of Bratz, Bryant's work with or for
26  MGA during his Mattel employment, MGA's complicity in the theft of Bratz,
27  Bryant and MGA's concealment of their misconduct, MGA's access to Mattel's
28

1 | intellectual property and trade secrets, MGA's business practices and other matters
2 | as stated at her deposition.

3 | Steve Linker has knowledge and information regarding, among other
4 | things, Bryant's breach of his contracts and obligations to Mattel, the chronology,
5 | timing, creation and development of Bratz, Bryant's work with or for MGA during
6 | his Mattel employment, MGA's complicity in the theft of Bratz, Bryant and MGA's
7 | concealment of their misconduct and other matters as stated at his deposition.

8 | Maureen Mullen has knowledge and information regarding, among
9 | other things, Bryant's breach of his contracts and obligations to Mattel, the
10 | chronology, timing, creation, and development of Bratz, Bryant's work with or for
11 | MGA during his Mattel employment, MGA's complicity in the theft of Bratz, and
12 | Bryant and MGA's concealment of their misconduct.

13 | Stephen Lee has knowledge and information regarding, among other
14 | things, Bryant's breach of his contracts and obligations to Mattel, the chronology,
15 | timing, creation, and development of Bratz, Bryant's work with or for MGA during
16 | his Mattel employment, MGA's complicity in the theft of Bratz, MGA's and other
17 | defendants' theft of Mattel's intellectual property and trade secrets in the United
18 | States and around the world, and Bryant and MGA's concealment of their
19 | misconduct.

20 | Cecilia Kwok has knowledge and information regarding, among other
21 | things, Bryant's breach of his contracts and obligations to Mattel, the chronology,
22 | timing, creation, and development of Bratz, Bryant's work with or for MGA during
23 | his Mattel employment, MGA's complicity in the theft of Bratz, Bryant and MGA's
24 | concealment of their misconduct, and MGA's business practices.

25 | Mei Wa (Sarah) Chui has knowledge and information regarding,
26 | among other things, Bryant's breach of his contracts and obligations to Mattel, the
27 | chronology, timing, creation, and development of Bratz, Bryant's work with or for
28 |

1   MGA during his Mattel employment, MGA's complicity in the theft of Bratz, and

2   Bryant and MGA's concealment of their misconduct.

3          Frankie Tsang has knowledge and information regarding, among other

4   things, Bryant's breach of his contracts and obligations to Mattel, the chronology,

5   timing, creation, and development of Bratz, Bryant's work with or for MGA during

6   his Mattel employment, MGA's complicity in the theft of Bratz, Bryant and MGA's

7   concealment of their misconduct, MGA's and other defendants' theft of Mattel's

8   intellectual property and trade secrets in the United States and around the world, and

9   MGA's business practices.

10          Farhad Larian has knowledge and information regarding the

11   chronology, timing of the development of Bratz, MGA's complicity in the theft of

12   Bratz, Bryant and MGA's concealment of their misconduct, and sales, valuation and

13   other financial information relating to MGA.

14          Morad Zarabi has knowledge and information regarding the

15   chronology, timing of the development of Bratz, MGA's complicity in the theft of

16   Bratz, Bryant and MGA's concealment of their misconduct, and sales, valuation and

17   other financial information relating to MGA.

18          Ellis Stern and/or Stern & Goldberg has knowledge and information

19   regarding the chronology, timing of the development of Bratz, MGA's complicity in

20   the theft of Bratz, Bryant and MGA's concealment of their misconduct, and sales,

21   valuation and other financial information relating to MGA.

22          Don Howarth and/or Howarth & Smith has knowledge and information

23   regarding the chronology, timing of the development of Bratz, MGA's complicity in

24   the theft of Bratz, Bryant and MGA's concealment of their misconduct, and sales,

25   valuation and other financial information relating to MGA.

26          John Conkle and/or Conkle, Kremer & Engel has knowledge and

27   information regarding the chronology, timing of the development of Bratz, MGA's

28

-74-

1  complicity in the theft of Bratz, Bryant and MGA's concealment of their misconduct

2  and sales, valuation and other financial information relating to MGA.

3          Cotkin & Collins has knowledge and information regarding the

4  chronology, timing of the development of Bratz, MGA's complicity in the theft of

5  Bratz, Bryant and MGA's concealment of their misconduct and sales, valuation and

6  other financial information relating to MGA.

7          Ralph Loeb and/or Krane & Smith has knowledge and information

8  regarding the chronology, timing of the development of Bratz, MGA's complicity in

9  the theft of Bratz, and Bryant, MGA's concealment of their misconduct and sales,

10  valuation and other financial information relating to MGA.

11          Richard Kellner and/or Kabatech Brown Kellner LLP has knowledge

12  and information regarding the chronology, timing of the development of Bratz,

13  MGA's complicity in the theft of Bratz, Bryant and MGA's concealment of their

14  misconduct and sales, valuation and other financial information relating to MGA.

15          Kaye Scholer has knowledge and information regarding the

16  chronology, timing of the development of Bratz, MGA's complicity in the theft of

17  Bratz, and Bryant, MGA's concealment of their misconduct and sales, valuation and

18  other financial information relating to MGA.

19          Joel Klevens (now with Christensen Glaser) has knowledge and

20  information regarding the chronology, timing of the development of Bratz, MGA's

21  complicity in the theft of Bratz, Bryant and MGA's concealment of their misconduct

22  and sales, valuation and other financial information relating to MGA.

23          National Business Appraisers has knowledge and information regarding

24  the chronology, timing of the development of Bratz, MGA's complicity in the theft

25  of Bratz, Bryant and MGA's concealment of their misconduct and sales, valuation

26  and other financial information relating to MGA.

27          Mike Shenassafar has knowledge and information regarding the

28  chronology, timing of the development of Bratz, MGA's complicity in the theft of

1  Bratz, Bryant and MGA's concealment of their misconduct and sales, valuation and

2  other financial information relating to MGA.

3          Gentle Giant has knowledge and information regarding the

4  development of Bratz.

5          Kerri Brode has knowledge and information regarding, among other

6  things, Bryant's breach of his contracts and obligations to Mattel, the chronology,

7  timing, creation, and development of Bratz, Bryant's work with or for MGA during

8  his Mattel employment, MGA's complicity in the theft of Bratz, Bryant and MGA's

9  concealment of their misconduct and other matters as stated at his deposition.

10          Eli Makabi has knowledge and information regarding, among other

11  things, Bryant's breach of his contracts and obligations to Mattel, the chronology,

12  timing, creation, and development of Bratz, Bryant's work with or for MGA during

13  his Mattel employment, MGA's complicity in the theft of Bratz, Bryant and MGA's

14  concealment of their misconduct, and MGA and other defendants' theft of Mattel's

15  intellectual property and trade secrets in the United States and around the world.

16          Jill Nordquist has knowledge and information regarding, among other

17  things, Bryant's breach of his contracts and obligations to Mattel, Bryant's departure

18  from Mattel, MGA's access to Mattel's intellectual property and trade secrets and

19  other matters as stated at her deposition.

20          Maureen Tafoya has knowledge and information regarding, among

21  other things, Bryant's breach of his contracts and obligations to Mattel.

22          Sandy Yonemoto has knowledge and information regarding, among

23  other things, Bryant's departure from Mattel, including but not limited to, his exit

24  interview at Mattel, Bryant's misrepresentations to Mattel and other matters as stated

25  at his deposition.

26          Kislap Ongchongo has knowledge and information regarding, among

27  other things, Bryant's breach of his contracts and obligations to Mattel, Mattel

28

1  projects including, but not limited to, DIVA STARZ, and other matters as stated at
2  his deposition.

3          Joni Pratte has knowledge and information regarding, among other
4  things, Bryant's breach of his contracts and obligations to Mattel, Mattel projects
5  including, but not limited to, DIVA STARZ, the development and ownership of
6  intellectual property at issue and other matters as stated at her deposition.

7          Rene Pasko has knowledge and information regarding, among other
8  things, Bryant's breach of his contracts and obligations to Mattel, Mattel projects
9  including, but not limited to, DIVA STARZ, the development and ownership of
10 intellectual property at issue and other matters as stated at her deposition.

11         Robert Hudnut has knowledge and information regarding, among other
12 things, Bryant's breach of his contracts and obligations to Mattel, and Mattel
13 projects including, but not limited to, DIVA STARZ, Mattel's contracts with its
14 employees and other matters as stated at his deposition.

15         Julia Jensen has as knowledge and information regarding, among other
16 things, Mattel's business practices and other matters as stated at her deposition.

17         Lily Martinez has knowledge and information regarding, among other
18 things, Bryant's employment with Mattel, Bryant's breach of his contracts and
19 obligations to Mattel, Mattel projects including, but not limited to, Toon Teens, and
20 and other matters as stated at her deposition.

21         Adrianne Fontenella has knowledge and information regarding, among
22 other things, Bryant's breach of his contracts and obligations to Mattel, Bryant's
23 employment with Mattel, and Bryant's exposure to Mattel projects.

24         Ivy Ross has knowledge and information regarding, among other
25 things, Bryant's breach of his contracts and obligations to Mattel, and the
26 circumstances surrounding Bryant's departure from Mattel.

27         Thomas Park has knowledge and information regarding, among other
28 things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and

1   other defendants' theft of Mattel's intellectual property and trade secrets in the

2   United States and around the world including, but not limited to, MGA's recruiting

3   of former Mattel employees, Machado, Trueba and Vargas, and MGA's business

4   practices.

5        Susanna Kuemmerle has knowledge and information regarding, among

6   other things, MGA's and other defendants' theft of Mattel's intellectual property and

7   trade secrets in the United States and around the world including, but not limited to,

8   MGA recruiting of former Mattel employees, Machado, Trueba and Vargas, and

9   MGA's business practices.

10       Bryant Armstrong has knowledge and information regarding, among

11  other things, MGA's intellectual property applications and other matters as stated at

12  his deposition.

13       Jacqueline Prince has knowledge and information regarding, among

14  other things, Bryant's breach of his contracts and obligations to Mattel, the

15  chronology, timing, creation, and development of Bratz, Bryant's work with or for

16  MGA during his Mattel employment, MGA's complicity in the theft of Bratz,

17  Bryant and MGA's concealment of their misconduct and other matters as stated at

18  her deposition.

19       Jessee Ramirez has knowledge and information regarding, among other

20  things, Bryant's breach of his contracts and obligations to Mattel, the chronology,

21  timing, creation, and development of Bratz, Bryant's work with or for MGA during

22  his Mattel employment, MGA's complicity in the theft of Bratz, and Bryant and

23  MGA's concealment of their misconduct.

24       David Dees has knowledge and information regarding, among other

25  things, Bryant's breach of his contracts and obligations to Mattel, the chronology,

26  timing, creation, and development of Bratz, Bryant's work with or for MGA during

27  his Mattel employment, MGA's complicity in the theft of Bratz, and Bryant and

28  MGA's concealment of their misconduct.

1    Stephen Tarmichael has knowledge and information regarding, among

2 other things, Bryant's breach of his contracts and obligations to Mattel, the

3 chronology, timing, creation, and development of Bratz, Bryant's work with or for

4 MGA during his Mattel employment, MGA's complicity in the theft of Bratz, and

5 Bryant and MGA's concealment of their misconduct.

6    Edmond Lee has knowledge and information regarding, among other

7 things, Bryant's breach of his contracts and obligations to Mattel, the chronology,

8 timing, creation, and development of Bratz, Bryant's work with or for MGA during

9 his Mattel employment, MGA's complicity in the theft of Bratz, MGA's

10 misrepresentations to retailers and others, defendants' theft of Mattel's intellectual

11 property and trade secrets in the United States and around the world, Bryant and

12 MGA's concealment of their misconduct and other matters as stated at his

13 deposition.

14    Samuel Wong has knowledge and information regarding, among other

15 things, Bryant's breach of his contracts and obligations to Mattel, the chronology,

16 timing, creation, and development of Bratz, Bryant's work with or for MGA during

17 his Mattel employment, MGA's complicity in the theft of Bratz, and Bryant and

18 MGA's concealment of their misconduct.

19    William Ragsdale has knowledge and information regarding, among

20 other things, Bryant's breach of his contracts and obligations to Mattel, the

21 chronology, timing, creation, and development of Bratz, Bryant's work with or for

22 MGA during his Mattel employment, MGA's complicity in the theft of Bratz, and

23 Bryant and MGA's concealment of their misconduct.

24    Wendy Ragsdale has knowledge and information regarding, among

25 other things, Bryant's breach of his contracts and obligations to Mattel, the

26 chronology, timing, creation, and development of Bratz, Bryant's work with or for

27 MGA during his Mattel employment, MGA's complicity in the theft of Bratz, and

28 Bryant and MGA's concealment of their misconduct.

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit  2 , P. 118

1    Cassidy Park has knowledge and information regarding, among other

2    things, Bryant's breach of his contracts and obligations to Mattel and other matters

3    as stated at her deposition.

4    Alan Kaye has knowledge and information regarding, among other

5    things, Bryant's breach of his contracts and obligations to Mattel and other matters

6    as stated at his deposition.

7    Anne Driskill has knowledge and information regarding, among other

8    things, Bryant's breach of his contracts and obligations to Mattel and other matters

9    as stated at her deposition.

10    Joel Klevins has knowledge and information regarding, among other

11    things, Bryant's breach of his contracts and obligations to Mattel, the chronology,

12    timing, creation, and development of Bratz, Bryant's work with or for MGA during

13    his Mattel employment, MGA's complicity in the theft of Bratz, and Bryant and

14    MGA's concealment of their misconduct.

15    Joyce Ng and/or Karrenbrock & Associates has knowledge and

16    information regarding, among other things, Bryant's breach of his contracts and

17    obligations to Mattel, the chronology, timing, creation, design and development of

18    Bratz, Bryant's work with or for MGA during his Mattel employment, MGA's

19    complicity in the theft of Bratz, and Bryant and MGA's concealment of their

20    misconduct.

21    Wendy Feinberg and/or L.A Focus has knowledge and information

22    regarding, among other things, Bryant's breach of his contracts and obligations to

23    Mattel, the chronology, timing, creation, and development of Bratz, Bryant's work

24    with or for MGA during his Mattel employment, MGA's complicity in the theft of

25    Bratz, and Bryant and MGA's concealment of their misconduct.

26    Cynthia Pierce and/or Union Bank has knowledge and information

27    regarding, among other things, Bryant's breach of his contracts and obligations to

28    Mattel by, including but not limited to, accepting payment from MGA while

-80-
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES
Exhibit _2_, P. _119_

1  employed by Mattel; the chronology, timing, creation, and development of Bratz,

2  Bryant's work with or for MGA during his Mattel employment, MGA's complicity

3  in the theft of Bratz, and Bryant and MGA's concealment of their misconduct.

4          Schuyler Bacon has knowledge and information regarding, among

5  other things, MGA's and other defendants' theft of Mattel's intellectual property and

6  trade secrets in the United States and around the world, including but not limted to,

7  MGA's practice of recruiting Mattel employees in order to steal its trade secrets,

8  Bryant and MGA's concealment of their misconduct and other matters as stated at

9  her deposition.

10          Matt Bousquette has knowledge and information regarding, among

11  other things, Mattel's business operations and the development and ownership of

12  intellectual property at issue.

13          Rebecca Harris has knowledge and information regarding, among other

14  things, Bryant's breach of his contracts and obligations to Mattel, the chronology,

15  timing, creation, and development of Bratz, Bryant's work with or for MGA during

16  his Mattel employment, MGA's complicity in the theft of Bratz, Bryant and MGA's

17  concealment of their misconduct and other matters as stated at her deposition.

18          O'Melveny & Myers has non-privileged knowledge and information

19  regarding, among other things, Bryant's breach of his contracts and obligations to

20  Mattel, the chronology, timing, creation, and development of Bratz, Bryant's work

21  with or for MGA during his Mattel employment, MGA's complicity in the theft of

22  Bratz, Bryant and MGA's concealment of their misconduct, MGA's and other

23  defendants' theft of Mattel's intellectual property and trade secrets in the United

24  States and around the world, MGA's and Larian's misrepresentations to retailers, and

25  Bryant's and MGA's concealment and destruction of evidence.

26          Christensen Glaser has non-privileged knowledge and information

27  regarding, among other things, Bryant's breach of his contracts and obligations to

28  Mattel, the chronology, timing, creation, and development of Bratz, Bryant's work

1   with or for MGA during his Mattel employment, MGA's complicity in the theft of

2   Bratz, Bryant and MGA's concealment of their misconduct, MGA's and other

3   defendants' theft of Mattel's intellectual property and trade secrets in the United

4   States and around the world, MGA's and Larian's misrepresentations to retailers, and

5   Bryant's and MGA's concealment and destruction of evidence.

6          Littler Mendelson has non-privileged knowledge and information

7   regarding, among other things, its own and Bryant's spoliation of evidence, Bryant's

8   breach of his contracts and obligations to Mattel, the chronology, timing, creation,

9   and development of Bratz, Bryant's work with or for MGA during his Mattel

10  employment, MGA's complicity in the theft of Bratz, Bryant and MGA's

11  concealment of their misconduct, MGA's and other defendants' theft of Mattel's

12  intellectual property and trade secrets in the United States and around the world,

13  MGA's and Larian's misrepresentations to retailers, and Bryant's and MGA's

14  concealment and destruction of evidence.

15         Ricardo Abundis has knowledge and information regarding, among

16  other things, MGA's access to Mattel's intellectual property and trade secrets,

17  MGA's and other defendants' theft of Mattel's intellectual property and trade secrets

18  in the United States and around the world, and MGA business practices.

19         Lourdes Aguilar has knowledge and information regarding, among

20  other things, MGA's access to Mattel's intellectual property and trade secrets,

21  MGA's and other defendants' theft of Mattel's intellectual property and trade secrets

22  in the United States and around the world, and MGA business practices.

23         Jules Andres has knowledge and information regarding, among other

24  things, MGA's and other defendants' theft of Mattel's intellectual property and trade

25  secrets in the United States and around the world.

26         Russell Arons has knowledge and information regarding, among other

27  things, the development and ownership of intellectual property at issue.

28

-82-

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit __2__, P. _121_

1    Terry Bartlett has knowledge and information regarding, among other
2 things, Toy of the Year and the dealings of Mattel and MGA with TIA.
3    Eve Karen Laskaris Bennett has knowledge and information regarding,
4 among other things, MGA's access to Mattel's intellectual property and trade secrets,
5 MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
6 in the United States and around the world, and MGA business practices.
7    Nancy Bennett has knowledge and information regarding, among other
8 things, the development and ownership of intellectual property at issue.
9    Molly Benz has knowledge and information regarding, among other
10 things, the development and ownership of intellectual property at issue.
11    Jason Bergerson and/or Kroll OnTrack has knowledge and information
12 regarding, among other things, MGA's theft of Mattel's intellectual property and
13 trade secrets.
14    John Bloodworth has knowledge and information regarding, among
15 other things, MGA's access to Mattel's intellectual property and trade secrets,
16 MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
17 in the United States and around the world, and MGA business practices.
18    Kevin Bloomfield has knowledge and information regarding, among
19 other things, MGA's access to Mattel's intellectual property and trade secrets,
20 MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
21 in the United States and around the world, and MGA business practices.
22    Sarah Buzby has knowledge and information regarding, among other
23 things, the development and ownership of intellectual property at issue.
24    Juan Carlos Virrueta Camacho has knowledge and information
25 regarding, among other things, MGA's access to Mattel's intellectual property and
26 trade secrets, MGA's and other defendants' theft of Mattel's intellectual property and
27 trade secrets in the United States and around the world, and MGA business
28 practices.

1    Kathy Casey has knowledge and information regarding, among other
2  things, Mattel's business operations and the development and ownership of
3  intellectual property at issue.

4    Jorge Castilla has knowledge and information regarding, among other
5  things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and
6  other defendants' theft of Mattel's intellectual property and trade secrets in the
7  United States and around the world, and MGA's business practices.

8    Jimmy Cheng has knowledge and information regarding, among other
9  things, the design and development of Bratz, Bryant's work with or for MGA during
10  his Mattel employment, and MGA's business practices.

11    Steve Quoc Cheng has knowledge and information regarding, among
12  other things, MGA's access to Mattel's intellectual property and trade secrets,
13  MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
14  in the United States and around the world, and MGA's business practices.

15    Ok Soo Choi has knowledge and information regarding, among other
16  things, the development and ownership of intellectual property at issue.

17    Fabienne Chonavel has knowledge and information regarding, among
18  other things, the development of Bratz, MGA's access to Mattel's intellectual
19  property and trade secrets, MGA's and other defendants' theft of Mattel's intellectual
20  property and trade secrets in the United States and around the world, and MGA's
21  business practices.

22    Larry Clayton has knowledge and information regarding, among other
23  things, the development and ownership of intellectual property at issue.

24    Gary Cogland, has knowledge and information regarding, among other
25  things, the design and development of Bratz, Bryant's work with or for MGA during
26  his Mattel employment, and MGA's business practices.

27    Nick Armando Contreras has knowledge and information regarding,
28  among other things, MGA's access to Mattel's intellectual property and trade secrets,

1 | MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
2 | in the United States and around the world, and MGA's business practices.
3 |       Daniel Cooney has knowledge and information regarding, among other
4 | things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and
5 | other defendants theft of Mattel's intellectual property and trade secrets in the
6 | United States and around the world, and MGA's business practices.
7 |       Stephanie Cota has knowledge and information regarding, among other
8 | things, the development and ownership of intellectual property at issue.
9 |       Alan Dennis has knowledge and information regarding, among other
10 | things, the development and ownership of intellectual property at issue.
11 |       Luis H. Domingo has knowledge and information regarding, among
12 | other things, MGA's access to Mattel's intellectual property and trade secrets,
13 | MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
14 | in the United States and around the world, and  MGA business practices.
15 |       Ian Dyer has knowledge and information regarding, among other
16 | things, the development and ownership of intellectual property at issue.
17 |       Robert Eckert has knowledge and information regarding, among other
18 | things, Mattel's business operations.
19 |       Jaime Elias has knowledge and information regarding, among other
20 | things, MGA's theft of Mattel's intellectual property and trade secrets in the United
21 | States and around the world.
22 |       Joseph B. Feldman has knowledge and information regarding, among
23 | other things, MGA's access to Mattel's intellectual property and trade secrets,
24 | MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
25 | in the United States and around the world, and MGA business practices.
26 |       Yeira Fierro has knowledge and information regarding, among other
27 | things, MGA's and other defendants' theft of Mattel's intellectual property and trade
28 | secrets in the United States and around the world.

-85-

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit _2_, P. _124_

1    Neil Friedman has knowledge and information regarding, among other

2    things, Mattel's business operations and the development and ownership of

3    intellectual property at issue, TIA and Toy of the Year.

4    Mia Maria Garcia has knowledge and information regarding, among

5    other things, MGA's access to Mattel's intellectual property and trade secrets,

6    MGA's and other defendants' theft of Mattel's intellectual property and trade

7    in the United States and around the world, and MGA business practices.

8    Kami Gillmour-Bryant has knowledge and information regarding,

9    among other things, MGA's access to Mattel's intellectual property and trade secrets,

10   MGA's and other defendants' theft of Mattel's intellectual property and trade

11   in the United States and around the world, and MGA business practices.

12   Dana Goldstein has knowledge and information regarding, among other

13   things, MGA's access to Mattel's intellectual property, MGA's and other defendants'

14   theft of Mattel's intellectual property and trade secrets in the United States and

15   around the world, and trade secrets, and MGA business practices.

16   Jean Gomez has knowledge and information regarding, among other

17   things, the development and ownership of intellectual property at issue.

18   Joanne Green has knowledge and information regarding, among other

19   things, the development and ownership of intellectual property at issue.

20   Janet R. Han has knowledge and information regarding, among other

21   things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and

22   other defendants' theft of Mattel's intellectual property and trade secrets in the

23   United States and around the world, and MGA business practices.

24   Melody Hanson has knowledge and information regarding, among

25   other things, MGA's access to Mattel's intellectual property and trade secrets,

26   MGA's and other defendants' theft of Mattel's intellectual property and trade secrets

27   in the United States and around the world, and MGA business practices.

28

1    Rachel Harris has knowledge and information regarding, among other
2  things, design and development of Bratz and Bryant's work with or for MGA during
3  his Mattel employment, Bryant's breach of obligations to Mattel, and MGA business
4  practices.
5    Ricardo Honda Hatadi has knowledge and information regarding,
6  among other things, MGA's theft of Mattel's intellectual property and trade secrets,
7  and MGA's and other defendants' theft of Mattel's intellectual property and trade
8  secrets in the United States and around the world.
9    Jill Hatch has knowledge and information regarding, among other
10 things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and
11 other defendants' theft of Mattel's intellectual property and trade secrets in the
12 United States and around the world, and MGA business practices.
13    Kiyomi Haverly, has knowledge and information regarding, among
14 other things, the development and ownership of intellectual property at issue.
15    Maria del Carmen Mendez Hernandez and/or Xerox Mexicana has
16 knowledge and information regarding, among other things, MGA's access to
17 Mattel's intellectual property and trade secrets, MGA's and other defendants' theft of
18 Mattel's intellectual property and trade secrets in the United States and around the
19 world, and MGA's business practices.
20    Michael Hinh has knowledge and information regarding, among other
21 things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and
22 other defendants' theft of Mattel's intellectual property and trade secrets in the
23 United States and around the world, and MGA's business practices.
24    Martin Hitch has knowledge and information regarding, among other
25 things, the design and development of Bratz and Bryant's work with or for MGA
26 during his Mattel employment, and MGA's business practices.
27    Hoi Hoffman-Briggs has knowledge and information regarding, among
28 other things, Bryant's breach of his contracts and obligations to Mattel.

-87-
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES
Exhibit 2, P. 128

1    James Brian Huntley has knowledge and information regarding, among
2    other things, MGA's access to Mattel's intellectual property and trade secrets,
3    MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
4    in the United States and around the world, and MGA's business practices.

5    Ricardo Ibarra has knowledge and information regarding, among other
6    things, MGA's access to Mattel's intellectual property and trade secrets, and MGA's
7    and other defendants' theft of Mattel's intellectual property and trade secrets in the
8    United States and around the world.

9    Roberto Isaias has knowledge and information regarding, among other
10   things, MGA's and other defendants' theft of Mattel's intellectual property and trade
11   secrets in the United States and around the world.

12   Alice C. Kao has knowledge and information regarding, among other
13   things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and
14   other defendants' theft of Mattel's intellectual property and trade secrets in the
15   United States and around the world, and MGA's business practices.

16   Kenneth Kauffmann has knowledge and information regarding, among
17   other things, MGA's access to Mattel's intellectual property and trade secrets,
18   MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
19   in the United States and around the world, and MGA's business practices.

20   Tim Kilpin has knowledge and information regarding, among other
21   things, the development and ownership of intellectual property at issue.

22   Joyce Chi Hee Kim has knowledge and information regarding, among
23   other things, MGA's access to Mattel's intellectual property and trade secrets,
24   MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
25   in the United States and around the world, and MGA's business practices.

26   Young Kim has knowledge and information regarding, among other
27   things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and

28

Exhibit 2, Page 123

1   other defendants' theft of Mattel's intellectual property and trade secrets in the

2   United States and around the world, and MGA's business practices.

3         Kristen L. Kirst has knowledge and information regarding, among other

4   things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and

5   other defendants' theft of Mattel's intellectual property and trade secrets in the

6   United States and around the world, and MGA's business practices.

7         Joel N. Klevins has knowledge and information regarding, among other

8   things, the development of Bratz.

9         Andreas Koch has knowledge and information regarding, among other

10  things, the design and development of Bratz, Bryant's work with or for MGA during

11  his Mattel employment, and MGA's business practices.

12        Ellen F. Komatsu has knowledge and information regarding, among

13  other things, MGA's access to Mattel's intellectual property and trade secrets,

14  MGA's and other defendants' theft of Mattel's intellectual property and trade secrets

15  in the United States and around the world, and MGA's business practices.

16        Kara Kuchem has knowledge and information regarding, among other

17  things, the development and ownership of intellectual property at issue.

18        Sheila Kyaw has knowledge and information regarding, among other

19  things, Bryant's breaches of his obligations to Mattel.

20        Jill Larson has knowledge and information regarding, among other

21  things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and

22  other defendants' theft of Mattel's intellectual property and trade secrets in the

23  United States and around the world, and MGA's business practices.

24        Victor Lee has knowledge and information regarding, among other

25  things, the design and development of Bratz, Bryant's work with or for MGA during

26  his Mattel employment, and MGA business practices.

27        Lidia Ivete Montero Leyva has knowledge and information regarding,

28  among other things, MGA's access to Mattel's intellectual property and trade secrets,

-89-

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit _Z_, P. _128_

1 | MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
2 | in the United States and around the world, and MGA's business practices.

3 |         Stanley Li has knowledge and information regarding, among other
4 | things, the design and development of Bratz, Bryant's work with or for MGA during
5 | his Mattel employment, and MGA's business practices.

6 |         Timothy James Lider and/or Advanced Data Solutions has knowledge
7 | and information regarding, among other things, MGA's and other defendants' theft
8 | of Mattel's intellectual property and trade secrets in the United States and around the
9 | world, and MGA's business practices.

10 |         Joy Mann has knowledge and information regarding, among other
11 | things, the development and ownership of intellectual property at issue.

12 |         Maria Veronica de Souza Brandao Marlow has knowledge and
13 | information regarding, among other things, MGA's access to Mattel's intellectual
14 | property and trade secrets, MGA's and other defendants' theft of Mattel's intellectual
15 | property and trade secrets in the United States and around the world, MGA's
16 | business practices, and the design and development of Bratz and Bryant's work with
17 | or for MGA during his Mattel employment.

18 |         Susan G. McBride has knowledge and information regarding, among
19 | other things, MGA's access to Mattel's intellectual property and trade secrets,
20 | MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
21 | in the United States and around the world, and MGA's business practices.

22 |         Barbara Miller has knowledge and information regarding, among other
23 | things, the development and ownership of intellectual property at issue.

24 |         Frank B. Mils has knowledge and information regarding, among other
25 | things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and
26 | other defendants' theft of Mattel's intellectual property and trade secrets in the
27 | United States and around the world, and MGA's business practices.

28 |

-90-
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit _2_, P. _129_

1    Conrad Nussbaum has knowledge and information regarding, among

2    other things, Mattel's business operations, Mattel's dealings with NPD, and the

3    development and ownership of intellectual property at issue.

4    Laura Ochoa has knowledge and information regarding, among other

5    things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and

6    other defendants' theft of Mattel's intellectual property and trade secrets in the

7    United States and around the world, and MGA's business practices.

8    Daniel Ray Owen has knowledge and information regarding, among

9    other things, MGA's access to Mattel's intellectual property and trade secrets,

10   MGA's and other defendants' theft of Mattel's intellectual property and trade secrets

11   in the United States and around the world, and MGA's business practices.

12   Amelia Ivy Arafiles Palijo has knowledge and information regarding,

13   among other things, MGA's access to Mattel's intellectual property and trade secrets,

14   MGA's and other defendants' theft of Mattel's intellectual property and trade secrets

15   in the United States and around the world, and MGA's business practices.

16   Karla Papayanopulos has knowledge and information regarding, among

17   other things, MGA's and other defendants' theft of Mattel's intellectual property and

18   trade secrets in the United States and around the world.

19   Marlene Parker has knowledge and information regarding, among other

20   things, the design and development of Bratz, Bryant's work with or for MGA during

21   his Mattel employment, and MGA's business practices.

22   Danny Pestonji has knowledge and information regarding, among other

23   things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and

24   other defendants' theft of Mattel's intellectual property and trade secrets in the

25   United States and around the world, and MGA's business practices.

26   Pootipong Phoosopha has knowledge and information regarding,

27   among other things, MGA's access to Mattel's intellectual property and trade secrets,

28

-91-

Exhibit _2_, P. _130_

1  MGA's and other defendants' theft of Mattel's intellectual property and trade secrets

2  in the United States and around the world, and MGA's business practices.

3       Andrea Ramirez has knowledge and information regarding, among

4  other things, MGA's access to Mattel's intellectual property and trade secrets,

5  MGA's and other defendants' theft of Mattel's intellectual property and trade secrets

6  in the United States and around the world, and MGA's business practices.

7       Erika Rangel has knowledge and information regarding, among other

8  things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and

9  other defendants' theft of Mattel's intellectual property and trade secrets in the

10  United States and around the world, and MGA's business practices.

11       Lee Ratleff has knowledge and information regarding, among other

12  things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and

13  other defendants' theft of Mattel's intellectual property and trade secrets in the

14  United States and around the world, and MGA's business practices.

15       Wendy Reed has knowledge and information regarding, among other

16  things, the design and development of Bratz, Bryant's work with or for MGA during

17  his Mattel employment, and MGA's business practices.

18       Scot Anthony Reyes has knowledge and information regarding, among

19  other things, MGA's access to Mattel's intellectual property and trade secrets,

20  MGA's and other defendants' theft of Mattel's intellectual property and trade secrets

21  in the United States and around the world, and MGA's business practices.

22       Judy Rich has knowledge and information regarding, among other

23  things, the design and development of Bratz, Bryant's work with or for MGA during

24  his Mattel employment, and MGA's business practices.

25       Ian Richter has knowledge and information regarding, among other

26  things, the development and ownership of intellectual property at issue.

27       Alejandro Gurza Romay has knowledge and information regarding,

28  among other things, MGA's access to Mattel's intellectual property and trade secrets,

-92-

1 | MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
2 | in the United States and around the world, and MGA's business practices.

3 |       Desiree E. Ronquillo has knowledge and information regarding, among
4 | other things, MGA's access to Mattel's intellectual property and trade secrets,
5 | MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
6 | in the United States and around the world, and MGA's business practices.

7 |       David Rosenbaum and/or Law Offices of David S. Rosenbaum has
8 | knowledge and information regarding, among other things, Bryant's breach of his
9 | contracts and obligations to Mattel, and Bryant's work with or for MGA during his
10 | Mattel employment.

11 |       Lon P. Ross has knowledge and information regarding, among other
12 | things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and
13 | other defendants' theft of Mattel's intellectual property and trade secrets in the
14 | United States and around the world, and MGA's business practices.

15 |       Arnold Rubin and/or Toy Industry Association, Inc. has knowledge and
16 | information regarding, among other things, Toy of the Year and the dealings of
17 | Mattel and MGA with TIA.

18 |       Shirin Salemnia has knowledge and information regarding, among
19 | other things, MGA's access to Mattel's intellectual property and trade secrets, and
20 | MGA's business practices.

21 |       Chuck Scothon has knowledge and information regarding, among other
22 | things, Mattel's business operations and the development and ownership of
23 | intellectual property at issue.

24 |       Harvey Scott has knowledge and information regarding, among other
25 | things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and
26 | other defendants' theft of Mattel's intellectual property and trade secrets in the
27 | United States and around the world, and MGA's business practices.

28 |

Exhibit __2__, P. _132_

1    Mark Spencer and/or First Advantage Litigation Consulting has
2  knowledge and information regarding, among other things, MGA's access to
3  Mattel's intellectual property and trade secrets, and MGA's and other defendants'
4  theft of Mattel's intellectual property and trade secrets in the United States and
5  around the world.

6    Holly Aileen Stinnett has knowledge and information regarding, among
7  other things, MGA's access to Mattel's intellectual property and trade secrets,
8  MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
9  in the United States and around the world, and MGA's business practices.

10    Jier Su has knowledge and information regarding, among other things,
11  MGA's access to Mattel's intellectual property and trade secrets, MGA's and other
12  defendants' theft of Mattel's intellectual property and trade secrets in the United
13  States and around the world, and MGA's business practices.

14    Maureen Tafoya has knowledge and information regarding, among
15  other things, MGA's access to Mattel's intellectual property and trade secrets,
16  MGA's.

17    Gail Tamae has knowledge and information regarding, among other
18  things, the development and ownership of intellectual property at issue.

19    Lisa Tawil has knowledge and information regarding, among other
20  things, MGA's access to Mattel's intellectual property and trade secrets, MGA's and
21  other defendants' theft of Mattel's intellectual property and trade secrets in the
22  United States and around the world, and MGA's business practices.

23    Marla Reynolds Thompson has knowledge and information regarding,
24  among other things, MGA's access to Mattel's intellectual property and trade secrets.

25    Michele Thompson has knowledge and information regarding, among
26  other things, MGA's access to Mattel's intellectual property and trade secrets,
27  MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
28  in the United States and around the world, and MGA's business practices.

-94-
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES
Exhibit  2 , P.  133

1    Ben Ton has knowledge and information regarding, among other
2    things, the design and development of Bratz, Bryant's work with or for MGA during
3    his Mattel employment and MGA business practices.
4    Vivianne Waisman has knowledge and information regarding, among
5    other things, MGA's access to Mattel's intellectual property and trade secrets.
6    Simon Waldron has knowledge and information regarding, among
7    other things, the development and ownership of intellectual property at issue.
8    Anne Wang and/or Christie Parker Hale LLP has knowledge and
9    information regarding, among other things, Bryant's breach of his contracts and
10   obligations to Mattel and Bryant's work with or for MGA during his Mattel
11   employment.
12   Chang-Chin Wang has knowledge and information regarding, among
13   other things, MGA's access to Mattel's intellectual property and trade secrets,
14   MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
15   in the United States and around the world, and MGA's business practices.
16   Dawn Whitaker has knowledge and information regarding, among
17   other things, MGA's access to Mattel's intellectual property and trade secrets,
18   MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
19   in the United States and around the world, and MGA's business practices.
20   Therese Wilbur has knowledge and information regarding, among other
21   things, MGA's access to Mattel's intellectual property and trade secrets.
22   Jenny M.L. Wong has knowledge and information regarding, among
23   other things, MGA's access to Mattel's intellectual property and trade secrets,
24   MGA's and other defendants' theft of Mattel's intellectual property and trade secrets
25   in the United States and around the world, and MGA's business practices.
26   Tricia Wong has knowledge and information regarding, among other
27   things, the development and ownership of intellectual property at issue.
28

-95-
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES
Exhibit  2 , P. 139

1    Lissa Freed has knowledge and information regarding, among other
2  things, Mattel's relevant contracts and the other matters testified to at her deposition.
3    MGA, including persons who MGA and the other defendants' have
4  failed and refused to disclose and/or refused to produce for deposition, has
5  knowledge and information regarding, among other things, Bryant's breach of his
6  contracts and obligations to Mattel, the chronology, timing, creation, and
7  development of Bratz, Bryant's work with or for MGA during his Mattel
8  employment, MGA's complicity in the theft of Bratz, Bryant and MGA's
9  concealment of their misconduct, MGA's and other defendants' theft of Mattel's
10  intellectual property and trade secrets in the United States and around the world, and
11  MGA's business practices.
12    MGA Hong Kong, including persons who MGA and the other
13  defendants' have failed and refused to disclose and/or refused to produce for
14  deposition, has knowledge and information regarding, among other things, Bryant's
15  breach of his contracts and obligations to Mattel, the chronology, timing, creation,
16  and development of Bratz, Bryant's work with or for MGA during his Mattel
17  employment, MGA's complicity in the theft of Bratz, Bryant and MGA's
18  concealment of their misconduct, MGA's and other defendants' theft of Mattel's
19  intellectual property and trade secrets in the United States and around the world, and
20  MGA's business practices.
21    MGA de Mexico, including persons who MGA and the other
22  defendants' have failed and refused to disclose and/or refused to produce for
23  deposition, has knowledge and information regarding, among other things, MGA's
24  and other defendants' theft of Mattel's intellectual property and trade secrets in the
25  United States and around the world, Bryant and MGA's concealment of their
26  misconduct, and MGA de Mexico's business practices.
27    By way of further answer, pursuant to Federal Rule of Civil Procedure
28  33(d), Mattel has produced responsive, non-privileged documents and tangible items

07209/2267105.11

-96-
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES
Exhibit  2 , P. 135

1    in its possession, custody or control from which the answer to this Interrogatory may

2    be derived, including the transcripts and documents identified in response to

3    Interrogatory No. 1 above.

4             By way of further answer, this topic may be the subject of expert

5    testimony, which will be disclosed in the manner, and at the time, required for

6    expert disclosures pursuant to the Federal and Local Rules.

7             Mattel continues its factual investigation and currently has outstanding

8    discovery requests to Bryant and to MGA, as well as motions to compel Bryant and

9    MGA to disclose information relevant to this subject.  Mattel reserves the right to

10   supplement this response and, consistent with its obligations under Federal Rule of

11   Civil Procedure 26(e), Mattel will supplement this response if Mattel receives

12   additional responsive information.

13

14   **INTERROGATORY NO. 3:**

15            State, with particularity, the nature, amount, cause and calculation of

16   every item of YOUR alleged damages, including, without limitation, general, actual

17   and statutory damages, restitution, disgorgement of unlawful profits, lost profits, lost

18   payments, lost revenues, lost monies, lost royalties or license fees, reputational

19   harm, lost relationships, lost business opportunities, interest, attorneys' fees, costs,

20   expenses, and any other form of injury or damage or quantifiable remedy that YOU

21   seek to recover in this lawsuit.

22

23   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

24            In addition to the general objections stated above, Mattel specifically

25   objects to this Interrogatory on the grounds that it calls for the disclosure of

26   information subject to the attorney-client privilege, the attorney work-product

27   doctrine and other applicable privileges.  Mattel further objects to this Interrogatory

28   as unreasonably burdensome and overbroad in that it purports to require Mattel to

1  summarize all facts on this subject, including without limitation facts that are known

2  to or in the possession, custody and control of defendants and non-parties, including

3  non-parties associated with defendants. Mattel further objects to this Request on the

4  grounds that it is premature and seeks to circumvent the expert disclosure provisions

5  of the <u>Federal</u> and <u>Local Rules</u>. In addition, Bryant, MGA, Larian and Machado

6  refused to produce, and in some instances continue to refuse to produce, or

7  otherwise have failed to produced, financial information, products and other relevant

8  information and thus have materially interfered with Mattel's ability to ascertain the

9  amount, nature or source of its damages. Mattel further objects to this Interrogatory

10  on the grounds that it is premature in that it purports to seek to all facts relating to

11  this subject at the outset of discovery in this action and also seeks to circumvent the

12  expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>.

13           Subject to and without waiving the foregoing general and specific

14  objections, Mattel responds as follows:

15           Mattel has not yet computed the exact amount of its damages because

16  the facts necessary to make those calculations are uniquely in the possession of

17  Bryant, MGA, Larian, Machado and third parties who refused to produce, and in

18  some instances continue to refuse to produce, or otherwise have not yet produced

19  that information in discovery, including information that is currently being sought

20  by way of pending motions to compel. Once Mattel receives the necessary

21  information, it will compute the exact amount of its damages it suffered and

22  continues to suffer which will include, at a minimum and without limitation, the

23  following: (a) monies paid to Bryant and Machado by any Mattel competitor,

24  including without limitation, counter-defendant MGA, during their periods of

25  disloyalty; (b) monies paid to Bryant and Machado by any Mattel competitor,

26  including without limitation, counter-defendant MGA, as a result of Bryant's and

27  Machado's misconduct; (c) disgorgement of any benefit, or its value, or its proceeds,

28  derived or obtained by Bryant and Machado as a result of their disloyalty, their

1  breach of contract and other misconduct or as a result of work that they performed
2  for any Mattel competitor, including without limitation counter-defendant MGA,
3  during their Mattel employment; (d) the value of Mattel assets, resources,
4  opportunities and/or property, including intellectual property, that Bryant and
5  Machado converted, diverted from Mattel or otherwise improperly used or usurped;
6  (e) the value of confidential, proprietary or trade secret information and intellectual
7  property owned by Mattel that Bryant or Machado provided to any Mattel
8  competitor, including without limitation counter-defendant MGA, in violation of
9  their obligations to Mattel; (f) compensation paid by Mattel to Bryant and Machado
10 during Bryant's and Machado's periods of disloyalty; (g) disgorgement of any profits
11 or other benefit, or its value, or its proceeds, derived or obtained by counter-
12 defendants as a result of their misconduct including, without limitation, all profits
13 obtained by counter-defendants that are attributable to the infringement of Mattel's
14 copyrights, their breaches of duty to Mattel or other unlawful or improper conduct;
15 (h) the lost profits that Mattel suffered as a result of counter-defendants' misconduct;
16 (i) damages for the actual loss caused by defendants' misappropriation of Mattel's
17 trade secrets and/or the value of the Mattel trade secrets misappropriated by counter-
18 defendants; (j) restitution of all amounts received by counter-defendants as a result
19 of their misconduct; (k) all unjust enrichment obtained by counter-defendants as a
20 result of their misconduct; (l) damages from Larian's misrepresentations and
21 disparagement of Mattel's products; (m) a reasonable royalty for Mattel trade secrets
22 misappropriated by counter-defendants, (n) exemplary damages to which Mattel is
23 entitled as a result of counter-defendants' oppressive, fraudulent and malicious
24 conduct; (o) any profits and the value of any other benefits that others acting in
25 concert with counter-defendants derived or obtained as a result of counter-
26 defendants' misconduct;  (p) costs and attorneys' fees; and (q) all other damages and
27 relief sought in Mattel's Complaint.
28

-99-

Exhibit   2  , P. 138

1      By way of further answer, pursuant to <u>Federal Rule of Civil Procedure</u>

2 33(d), Mattel has produced responsive, non-privileged documents and tangible items

3 in its possession, custody or control from which the answer to this Interrogatory may

4 be derived, including the transcripts and documents identified in response to

5 Interrogatory No. 1 above.

6      By way of further answer, this topic may be the subject of expert

7 testimony, which will be disclosed in the manner, and at the time, required for

8 expert disclosures pursuant to the <u>Federal</u> and <u>Local Rules</u>.

9      Mattel continues its factual investigation and currently has outstanding

10 discovery requests to Bryant and to MGA, as well as motions to compel Bryant and

11 MGA to disclose information relevant to this subject. Mattel reserves the right to

12 supplement this response and, consistent with its obligations under <u>Federal Rule of</u>

13 <u>Civil Procedure</u> 26(e), Mattel will supplement this response if Mattel receives

14 additional responsive information.

15

16 **INTERROGATORY NO. 4:**

17      State all facts, with particularity, and IDENTIFY all DOCUMENTS

18 that support YOUR contention, if YOU so contend, that YOU are entitled to

19 exemplary damages, attorneys' fees and costs.

20

21 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

22      In addition to the general objections stated above, Mattel specifically

23 objects to this Interrogatory on the grounds that it is overbroad, oppressive and

24 harassing, including without limitation that the Interrogatory is not restricted to

25 claims in this suit and thus purports to require disclosure of matters that have no

26 bearing on and are not at issue in this suit. Such matters will not be revealed or

27 addressed. Mattel further objects to this Interrogatory on the grounds that it calls for

28 the disclosure of information subject to the attorney-client privilege, the attorney

Exhibit 2 , P. 137

07209/2267105.11

1   work-product doctrine and other applicable privileges.  Mattel further objects to this

2   Interrogatory as unreasonably burdensome and overbroad in that it purports to

3   require Mattel to summarize all facts on this subject, including without limitation

4   facts that are known to or in the possession, custody and control of defendants and

5   non-parties, including non-parties associated with defendants.  Mattel further objects

6   to this Request on the grounds that it is premature and seeks to circumvent the

7   expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>.  Mattel continues its

8   factual investigation and currently has outstanding discovery requests to Bryant,

9   MGA and other Defendants relevant to this Interrogatory, including as to matters

10  that are the subject of pending motions to compel.  Mattel further objects that a

11  contention interrogatory is not the proper means to determine the basis for Mattel's

12  claims for attorney fees and costs which may be awarded post-verdict.  Mattel

13  continues its factual investigation and currently awaits MGA's compliance with

14  multiple Court Orders compelling MGA to produce documents, to answer

15  Interrogatories and to produce witnesses for deposition which MGA still has not

16  complied with and indeed that the Court has found MGA violated.  Mattel also has

17  pending motions to compel against defendants MGA, Bryant, Machado and others

18  associated with defendants, including to compel them to produce documents, to

19  appear for deposition and to answer requests for admissions.  In addition, the

20  depositions of certain witnesses, including without limitation Carter Bryant and

21  various MGA representatives, have yet to be completed, and other witnesses,

22  including various MGA representatives such as Gustavo Machado, Ron Brawer,

23  Mariana Trueba, Pablo Vargas, Janine Brisbois, Shirin Salemnia, as well as

24  Veronica Marlow, Margaret Hatch-Leahy and Elise Cloonan, have yet to be

25  produced for deposition.  Furthermore, although MGA's original production in this

26  case regarding the alleged origins and development of Bratz consisted of only a few

27  thousand pages, and only after multiple Court Orders compelling MGA and Bryant

28  to produce their documents, MGA and other Defendants have begun to produced

1   voluminous documents only in recent weeks, including documents that Mattel has
2   been unable to access or review because of technical deficiencies in MGA's
3   production that MGA only recently corrected.  Furthermore, despite prior Court
4   Order directing MGA to provide documents in unredacted form, MGA has failed to
5   comply and thus continues to deny Mattel information that the Court has ruled
6   Mattel is entitled to.  The review of MGA's, Bryant's and other Defendants' belated,
7   and still incomplete, productions continues.  Mattel reserves the right to supplement
8   this response consistent with <u>Federal Rule of Civil Procedure</u> 26(e).
9          Without waiving the foregoing General and Specific objections, and
10  subject thereto, Mattel responds to this interrogatory as follows:
11          Exemplary damages are available for the breach of an obligation not
12  arising from contract, where it is proven by clear and convincing evidence that the
13  defendant has been guilty of oppression, fraud, or malice, pursuant to <u>California</u>
14  <u>Civil Code</u> § 3294.  As a result of defendants' oppression, fraud and malice, Mattel
15  is entitled to exemplary damages in connection with many of its claims and
16  counterclaims.  Mattel further contends that it is entitled to exemplary damages for
17  all the reasons set forth in Mattel's Supplemental Response to Interrogatory No. 1
18  and Mattel's Supplemental Response to Interrogatory No. 2, including without
19  limitation, the following:
20          As alleged in the Complaint, Carter Bryant breached obligations to
21  Mattel not arising from contract, including without limitation by knowingly aiding,
22  assisting and working with a Mattel competitor during the term of his Mattel
23  employment.  Carter Bryant conceived, created, and developed Bratz designs while
24  employed by Mattel as a designer.  Bryant intentionally breached his obligations to
25  Mattel by knowingly aiding, assisting and working with a Mattel competitor, MGA,
26  during the term of his Mattel employment.  Bryant wrongfully concealed his Bratz
27  work from Mattel and wrongfully sold Bratz to MGA while he was a Mattel
28  employee.  Moreover, while still working for Mattel he (1) accepted money from

07209/2267105.11

-102-

1  MGA; (2) did work for MGA; (3) used Mattel personnel and resources for his own
2  and MGA's benefit, including without limitation to pitch, design and develop Bratz.
3  MGA and Isaac Larian knew that Bryant was a Mattel employee, but nonetheless
4  knowingly and intentionally encouraged, aided and financed Bryant to develop
5  Bratz, knowing that by performing such work, including design-related work, for his
6  own benefit and/or the benefit of MGA, Bryant would be, and was, in breach of his
7  contractual, statutory and common law duties to Mattel.
8        Bryant, MGA, and other Defendants have knowingly and intentionally
9  infringed Mattel's copyrights in Bratz drawings and works created by Bryant while
10  employed by Mattel by copying and preparing derivative works based on those
11  Bratz works.
12        During his Mattel employment, Bryant knowingly entered into a
13  contract with a Mattel competitor, MGA. As Bryant was aware, his agreement with
14  MGA, dated as of September 18, 2000, squarely conflicted with Bryant's preexisting
15  obligations to Mattel. It also purported to grant MGA ownership of works produced
16  by Bryant both before and after the agreement's effective date, in further
17  contravention of Bryant's obligations to Mattel under the Inventions Agreement.
18  Bryant knew that his actions were in direct violation of his obligations to Mattel.
19        Moreover, Bryant misrepresented that he was leaving his employment
20  with Mattel to pursue non-competitive business interests as set forth above. At the
21  time that Bryant made those misrepresentations, he knew that the statements were
22  false. He also knew at the time that he made the misrepresentations that he had
23  engaged in business activities that were competitive with Mattel, which he failed to
24  disclose. Rather, Bryant falsely told his co-workers that he was going to leave
25  Mattel for "non-competitive" pursuits. Bryant knew at the time that those
26  representations were false and made those false statements to conceal from Mattel
27  the facts that Bryant was already working with and for MGA and that he had
28

-103-
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit _2_, P. _142_

1   contracted with MGA to assign Bratz works to MGA and to provide design and

2   development services to MGA, a Mattel competitor.

3           Further, as set forth above, Bryant knowingly and intentionally worked

4   for his own and MGA's benefit during his Mattel employment, and did so using

5   Mattel resources.  Moreover, Bryant and MGA have concealed and intentionally

6   spoliated evidence in an effort to conceal the true nature, timing and extent of their

7   unlawful behavior.  Showing their guilty knowledge and further harming Mattel,

8   Bryant and MGA attempted to conceal their unlawful conduct from Mattel for as

9   long as possible, hiding that Bryant developed Bratz while working for Mattel,

10  among other things.  Thus, not only did Bryant mislead his supervisor as noted

11  above, but evidence revealed in discovery to date also shows that:  (1) MGA's CEO,

12  Isaac Larian, ordered former MGA executive, Victoria O'Connor, to redact "Barbie

13  Collectibles" from the faxed version of Bryant's Bratz agreement with MGA to

14  conceal that Bryant had sent the contract from Mattel's Design Center; (2) While he

15  was still a Mattel employee, Bryant sent a fax to an MGA attorney to provide

16  information about his Mattel employment to MGA.  In the fax, Bryant advised

17  MGA, "I am unable to look into this too much further with our [i.e., Mattel's]

18  Human Resources director without risking suspicion"; and (3) MGA, Larian and

19  Bryant altered numerous original Bratz drawings created by Bryant by adding false

20  and misleading date notations of "8/1998" and "© 8/1998" to the drawings even

21  though the drawings were not created in August 1998.

22          To further conceal their unlawful conduct from Mattel, MGA and Isaac

23  Larian knowingly and intentionally made conflicting and false claims regarding the

24  origins and creation of Bratz -- as more fully explained in Mattel's Supplemental

25  Respose to Interrogatory No. 1.  Additionally, as more fully explained in Mattel's

26  Supplemental Response to Interrogatory No. 1, Bryant has intentionally concealed

27  highly relevant information and destroyed evidence that go to the heart of Mattel's

28

1   claims by installing and using a program called "Evidence Eliminator" on his

2   desktop computer.

3                As more fully explained in Mattel's Supplemental Respose to

4   Interrogatory No. 1, MGA knowingly and intentionally stole not just Mattel's

5   property, such as Bratz designs, prototypes and related materials, but also a vast

6   array of trade secrets and other confidential information that comprise Mattel's

7   intellectual infrastructure. MGA has intentionally engaged in a course of conduct

8   designed to systematically steal Mattel's trade secrets. By encouraging Mattel

9   employees to join MGA and steal Mattel's confidential information on their way out,

10  MGA has unlawfully obtained valuable trade secrets relating to Mattel's business in

11  the United States and worldwide. MGA has used the misappropriated confidential

12  and proprietary information taken from Mattel for its own benefit and commercial

13  gain, and the detriment of Mattel. Moreover, many of the MGA product attributes

14  allegedly imitated by Mattel were in fact first conceived by Mattel and utilized by

15  MGA only after the trade secret ideas were stolen from Mattel by MGA. Further, as

16  more fully explained in Mattel's Supplemental Respose to Interrogatory No. 1,

17  MGA and Larian, in their efforts to compete unfairly with Mattel, have knowingly

18  made false representations about Mattel and Mattel products, among other subjects.

19               By way of further answer, pursuant to Federal Rule of Civil Procedure

20  33(d), Mattel has produced responsive, non-privileged documents and tangible items

21  in its possession, custody or control from which the answer to this Interrogatory may

22  be derived, including the transcripts and documents identified in response to

23  Interrogatory No. 1 above.

24               By way of further answer, this topic may be the subject of expert

25  testimony, which will be disclosed in the manner, and at the time, required for

26  expert disclosures pursuant to the Federal and Local Rules.

27               Mattel continues its factual investigation and currently has outstanding

28  discovery requests to Bryant and to MGA, as well as motions to compel Bryant and

-105-
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit   2 , P. 144

1    MGA to disclose information relevant to this subject.  Mattel reserves the right to

2    supplement this response and, consistent with its obligations under Federal Rule of

3    Civil Procedure 26(e), Mattel will supplement this response if Mattel receives

4    additional responsive information.

5

6    **INTERROGATORY NO. 5:**

7             State all facts, with particularity, and IDENTIFY all DOCUMENTS

8    that YOU contend prove, directly or circumstantially, that MGA copied YOUR

9    PROPERTY, including, without limitation, "Toon Teens".

10

11    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

12             In addition to the general objections stated above, Mattel specifically

13    objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome,

14    oppressive and harassing, including without limitation that the Interrogatory is not

15    restricted to claims in this suit and thus purports to require disclosure of matters that

16    have no bearing on and are not at issue in this suit.  Such matters will not be

17    revealed or addressed.  Mattel further objects to this Interrogatory as unreasonably

18    burdensome and overbroad in that it purports to require Mattel to identify all facts

19    and documents relating to this subject.  Mattel further objects to this interrogatory

20    on the grounds that it is vague and ambiguous with regard to the phrase "YOUR

21    PROPERTY."  Moreover, the Request is vague and ambiguous in its use of

22    "copied" in this context, including in particular because defendant fails to specify

23    whether it is a reference to a copyright infringement term of art or whether it is

24    being given some other meaning, and its use of "some element" in this context,

25    including in particular because it is unclear whether the Request intends to include

26    matters that may be used as evidence.  The Request is further vague and ambiguous

27    in its use of "Toon Teens," including in particular whether it is referring to

28    drawings, prototypes, photographs, ideas, concepts or any other specified matter in

                                    -106-

1   connection with that project. Mattel further objects to this Interrogatory on the
2   grounds that it calls for information that is neither relevant to the claims or defenses
3   of any party to the pending action nor reasonably calculated to lead to the discovery
4   of admissible evidence. Mattel further objects to this Interrogatory on the grounds
5   that it calls for the disclosure of information subject to the attorney-client privilege,
6   the attorney work-product doctrine and other applicable privileges. Mattel further
7   objects to this Request on the grounds that it is premature and seeks to circumvent
8   the expert disclosure provisions of the Federal and Local Rules. Mattel continues its
9   factual investigation and currently awaits MGA's compliance with multiple Court
10  Orders compelling MGA to produce documents, to answer Interrogatories and to
11  produce witnesses for deposition which MGA still has not complied with and indeed
12  that the Court has found MGA violated. Mattel also has pending motions to compel
13  against defendants MGA, Bryant, Machado and others associated with defendants,
14  including to compel them to produce documents, to appear for deposition and to
15  answer requests for admissions. In addition, the depositions of certain witnesses,
16  including without limitation Carter Bryant and various MGA representatives, have
17  yet to be completed, and other witnesses, including various MGA representatives
18  such as Gustavo Machado, Ron Brawer, Mariana Trueba, Pablo Vargas, Janine
19  Brisbois, Shirin Salemnia, as well as Veronica Marlow, Margaret Hatch-Leahy and
20  Elise Cloonan, have yet to be produced for deposition. Furthermore, although
21  MGA's original production in this case regarding the alleged origins and
22  development of Bratz consisted of only a few thousand pages, and only after
23  multiple Court Orders compelling MGA and Bryant to produce their documents,
24  MGA and other Defendants have begun to produced voluminous documents only in
25  recent weeks, including documents that Mattel has been unable to access or review
26  because of technical deficiencies in MGA's production that MGA only recently
27  corrected. Furthermore, despite prior Court Order directing MGA to provide
28  documents in unredacted form, MGA has failed to comply and thus continues to

1  deny Mattel information that the Court has ruled Mattel is entitled to.  The review of

2  MGA's, Bryant's and other Defendants' belated, and still incomplete, productions

3  continues.  Mattel reserves the right to supplement this response consistent with

4  Federal Rule of Civil Procedure 26(e).

5       Without waiving the foregoing General and Specific objections, and

6  subject thereto, Mattel responds to this interrogatory as follows:

7       Mattel is not asserting claims for infringement of DIVA STARZ

8  copyrights or TOON TEENS copyrights in this action.  Mattel contends, however,

9  that Bryant's, Paula Garcia's and other individual's exposure to aspects of "Toon

10  Teens" and "Diva Starz," including designs and names, while they were Mattel

11  employees tends to establish that Bryant created Bratz works and conceived of the

12  name "Bratz" while he was a Mattel employee and not in 1998 as Bryant has

13  claimed.  The factual bases regarding the foregoing are set forth in response to

14  Interrogatory No. 1 above and in documents identified in Interrogatory No. 1 above.

15       Mattel also contends that its trade secret documents were copied by

16  MGA and other defendants.  These trade secrets were additionally misappropriated

17  by MGA such that some elements of its property (including, but not limited to,

18  certain "My Scene" lines, themes, products, accessories and related marketing; the

19  Wee 3 Friends line, products, accessories, and packaging; the Little Mommy line,

20  products, theme, and related marketing; and the AcceleRacerS line, products, theme,

21  and related marketing) and business methods were unlawfully used by MGA in its

22  products (including certain Bratz lines, themes, products, accessories and related

23  marketing; the 4-Ever Best Friends line, products, accessories, and packaging; the

24  Mommy's Little Patient line, products, theme, and related marketing; and the

25  AlienRacerS line, products, theme, and related marketing) and business methods.

26  The factual bases regarding the foregoing are set forth in response to Interrogatory

27  No. 1 above and in documents identified in Interrogatory No. 1 above.

28

07209/2267105.11

-108-
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit   2 , P. 147

1        By way of further answer, pursuant to <u>Federal Rule of Civil Procedure</u>

2    <u>33(d)</u>, Mattel has produced responsive, non-privileged documents and tangible items

3    in its possession, custody or control from which the answer to this Interrogatory may

4    be derived, including those identified in response to Interrogatory No. 1.

5        By way of further answer, this topic may be the subject of expert

6    testimony, which will be disclosed in the manner, and at the time, required for

7    expert disclosures pursuant to the <u>Federal</u> and <u>Local Rules</u>.

8        Mattel continues its factual investigation and currently has outstanding

9    discovery requests to Bryant and to MGA, as well as motions to compel Bryant and

10    MGA to disclose information relevant to this subject.  Mattel reserves the right to

11    supplement this response and, consistent with its obligations under <u>Federal Rule of</u>

12    <u>Civil Procedure</u> 26(e), Mattel will supplement this response if Mattel receives

13    additional responsive information.

14

15    **INTERROGATORY NO. 7:**

16        IDENTIFY all PERSONS interviewed for the July 18, 2003 Wall

17    Street Journal article.

18

19    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

20        In addition to the general objections stated above, Mattel specifically

21    objects to this Interrogatory on the grounds that it is unreasonably burdensome and

22    overbroad in that it purports to require Mattel to gather and summarize all facts on

23    this subject, including without limitation facts that are known to or in the

24    possession, custody and control of defendants and non-parties.  Mattel further

25    objects to the Interrogatory as purporting to seek information not known to and not

26    readily ascertainable by Mattel.  Much of the information sought is protected by the

27    constitutional, common law, and statutory reporters' privilege, and it is not available

28    to Mattle.  Mattel further objects to this Interrogatory on the grounds that it calls for

1  information that is neither relevant to the claims or defenses of any party to the

2  pending action, nor reasonably calculated to lead to the discovery of admissible

3  evidence. Mattel reserves the right to supplement this response and, consistent with

4  its obligations under Federal Rule of Civil Procedure 26(e), Mattel will supplement

5  this response if Mattel receives additional responsive information.

6        Subject to and without waiving the foregoing general and specific

7  objections, Mattel responds as follows:

8        The July 18, 2003 Wall Street Journal article was not prepared by

9  Mattel. Further, Mattel does not know where the Journal obtained much of its

10 information. The article identifies some, but not all, of its sources, including Isaac

11 Larian of MGA, Crystal Audigier (a then ten-year-old at a Los Angeles FAO

12 Schwarz store), Manny Francione of Toys "R" Us Inc., an unnamed source from

13 NPD Group, Inc., Sean McGowan of Gerard Klauer Mattison, Fred Hurley of KB

14 Toys Inc., Pittsfield Massachusetts, and Telejah Dean (a then nine-year-old from

15 West Los Angeles).

16        Julia Jensen of Mattel Public Relations was interviewed for the article

17 regarding the launch of a new Mattel toy, called "Flavas." Matt Bousquette, at the

18 time the President of Mattel Brands, also was interviewed regarding Mattel's launch

19 of "Flavas." Ivy Ross, at the time Head of Design at Mattel, and Lisa Tauber, at the

20 time Director of Marketing at Mattel, also made statements to the Journal regarding

21 Mattel's launch of "Flavas." Unbeknownst to Mattel before the article was

22 published, Bruce Stein, a former president of Mattel, made statements to the Journal

23 regarding the portfolio of brands at Mattel.

24        Mattel does not know the identity or identities of the anonymous

25 source(s) cited in the article.

26        By way of a further answer, the depositions of Julia Jensen and

27 Maureen Tkacik were taken in this action from which the answer to this

28 Interrogatory may be further derived.

1  By way of further answer, pursuant to Federal Rule of Civil Procedure
2  33(d), Mattel has produced responsive, non-privileged documents and tangible items
3  in its possession, custody or control from which the answer to this Interrogatory may
4  be derived.

5  Mattel continues its factual investigation and currently has outstanding
6  discovery requests to Bryant and to MGA, as well as motions to compel Bryant and
7  MGA to disclose information relevant to this subject.  Mattel reserves the right to
8  supplement this response and, consistent with its obligations under Federal Rule of
9  Civil Procedure 26(e), Mattel will supplement this response if Mattel receives
10  additional responsive information.

11

12  **INTERROGATORY NO. 10:**

13  State, with particularity, when and how MATTEL first learned that
14  BRYANT performed work for MGA.

15

16  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

17  In addition to the general objections stated above, Mattel specifically
18  objects to this Interrogatory as unreasonably burdensome, overbroad and
19  incomprehensible in that it defines "Mattel" to include "past . . . employees,"
20  including but not limited to defendant Carter Bryant and a number of other former
21  Mattel employees who worked with Carter Bryant to design and develop Bratz after
22  each had been a Mattel employee and who, at that time, had no relationship with
23  Mattel that would have required those persons to disclose to Mattel the development
24  of the Bratz dolls.  Mattel further objects to this interrogatory on the grounds that it
25  is vague and ambiguous with regard to the phrase "first learned that BRYANT
26  performed work for MGA."  Mattel further objects to this Interrogatory on the
27  grounds that it calls for information that is neither relevant to the claims or defenses
28  of any party to the pending action nor reasonably calculated to lead to the discovery

07209/2267105.11

1    of admissible evidence. Mattel further objects to this Interrogatory on the grounds

2    that it calls for the disclosure of information subject to the attorney-client privilege,

3    the attorney work-product doctrine and other applicable privileges.  Mattel

4    continues its factual investigation and currently awaits MGA's compliance with

5    multiple Court Orders compelling MGA to produce documents, to answer

6    Interrogatories and to produce witnesses for deposition which MGA still has not

7    complied with and indeed that the Court has found MGA violated.  Mattel also has

8    pending motions to compel against defendants MGA, Bryant, Machado and others

9    associated with defendants, including to compel them to produce documents, to

10   appear for deposition and to answer requests for admissions.  In addition, the

11   depositions of certain witnesses, including without limitation Carter Bryant and

12   various MGA representatives, have yet to be completed, and other witnesses,

13   including various MGA representatives such as Gustavo Machado, Ron Brawer,

14   Mariana Trueba, Pablo Vargas, Janine Brisbois, Shirin Salemnia, as well as

15   Veronica Marlow, Margaret Hatch-Leahy and Elise Cloonan, have yet to be

16   produced for deposition. Furthermore, although MGA's original production in this

17   case regarding the alleged origins and development of Bratz consisted of only a few

18   thousand pages, and only after multiple Court Orders compelling MGA and Bryant

19   to produce their documents, MGA and other Defendants have begun to produced

20   voluminous documents only in recent weeks, including documents that Mattel has

21   been unable to access or review because of technical deficiencies in MGA's

22   production that MGA only recently corrected.  Furthermore, despite prior Court

23   Order directing MGA to provide documents in unredacted form, MGA has failed to

24   comply and thus continues to deny Mattel information that the Court has ruled

25   Mattel is entitled to.  The review of MGA's, Bryant's and other Defendants' belated,

26   and still incomplete, productions continues.  Mattel reserves the right to supplement

27   this response consistent with Federal Rule of Civil Procedure 26(e).

28

07209/2267105.11

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit   2 , P. 151

1      Subject to and without waiving the foregoing general and specific

2  objections, Mattel responds as follows:

3      Excluding from this response defendant Carter Bryant and those former

4  Mattel employees who worked with defendant Carter Bryant to design and develop

5  Bratz, Mattel states as follows:  Bryant and MGA acted to conceal, including by

6  Bryant's affirmative misrepresentations to Mattel during his Mattel employment,

7  Bryant's involvement with Bratz.  To Mattel's knowledge, Bryant was first publicly

8  and definitively confirmed as the Bratz designer in the July 18, 2003 Wall Street

9  Journal article, in which Isaac Larian also indicated that Bryant had been involved in

10  some manner with MGA in or about "late 1999."

11      After Bryant left Mattel, but prior to the July 18, 2003 article, there was

12  rumor and innuendo that Bryant may be working with MGA on Bratz.  Mattel

13  conducted an investigation in Spring 2002 based on allegations that Bryant may

14  have plagiarized "Toon Teens" and created Bratz dolls for MGA, and later in

15  August 2002 based on an anonymous letter sent to Mattel.  The letter's author

16  (whoever it was) offered no evidence for his or her allegations.  The potential claims

17  investigated in 2002 have not been asserted in this case.  In March 2002, Mattel

18  investigated allegations of possible copyright infringement of "Toon Teens" designs,

19  not whether Mr. Bryant created Bratz or worked with MGA during his Mattel

20  employment.  The potential claims investigated in 2002 did not give Mattel any

21  knowledge, or even reason to believe, that Bryant worked for MGA and/or

22  conceived of Bratz while a Mattel employee.

23      Subsequently, on November 24, 2003, Mattel obtained a copy of a

24  contract between defendant Carter Bryant and defendant MGA.  That contract--

25  which Bryant and MGA had entered into while Bryant was employed by Mattel--

26  required Bryant to provide design services to MGA on a "top priority" basis, in

27  conflict with his then-existing obligations to Mattel.  It also purported to grant MGA

28  ownership of works produced by Bryant both before and after the agreement's

1   effective date, in further contravention of his obligations to Mattel.  Through this

2   agreement, Mattel first determined that it was likely that Bryant worked as a

3   designer for a Mattel competitor, MGA, while being employed and paid by Mattel

4   for his exclusive services as a designer.

5        Also, and as the Court determined in its Order denying defendant's

6   Motion for Termination Sanctions dated August 29, 2007 — one of defendants'

7   unsuccessful attempts to avoid a trial on the merits of Mattel's claims — that

8   "November 24, 2003, marks the date when litigation between Mattel and Bryant

9   became more than merely speculative and in fact became probable. . . . Although

10   prior to this date an internal investigation may have raised suspicion on Mattel's part

11   that litigation might arise, there was no evidence presented to the Court that Mattel

12   should have known it had a viable claim against Bryant before November 2003."

13        Answering further, the fact that Bryant worked with MGA while

14   employed by Mattel was confirmed for the first time by Bryant at his deposition in

15   November 2004, which took place only after Bryant had refused to be deposed for

16   months and only after the Court entered two Orders compelling him to testify.  At

17   that time, he acknowledged that he worked on the "Bratz" project and an ostensibly

18   separate project that defendants purport to call "Angel" during the time of his Mattel

19   employment.

20        By way of a further answer, the deposition of Jill Nordquist was taken

21   in this action from which the answer to this Interrogatory may be further derived.

22        By way of further answer, pursuant to Federal Rule of Civil Procedure

23   33(d), Mattel has produced responsive, non-privileged documents and tangible items

24   in its possession, custody or control from which the answer to this Interrogatory may

25   be derived, including the documents identified in response to Interrogatory No. 1.

26        By way of further answer, this topic may be the subject of expert

27   testimony, which will be disclosed in the manner, and at the time, required for

28   expert disclosures pursuant to the Federal and Local Rules.

07209/2267105.11

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES
Exhibit __2__, P. _157_

1            Mattel continues its factual investigation and currently has outstanding

2    discovery requests to Bryant and to MGA, as well as motions to compel Bryant and

3    MGA to disclose information relevant to this subject. Mattel reserves the right to

4    supplement this response and, consistent with its obligations under <u>Federal Rule of</u>

5    <u>Civil Procedure</u> 26(e), Mattel will supplement this response if Mattel receives

6    additional responsive information.

7

8    **INTERROGATORY NO. 11:**

9            State, with particularity, when and how MATTEL first learned that

10   BRYANT conceived of the BRATZ CONCEPT.

11

12   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

13           In addition to the general objections stated above, Mattel specifically

14   objects to this Interrogatory on the grounds that it calls for the disclosure of

15   information subject to the attorney-client privilege, the attorney work-product

16   doctrine and other applicable privileges. Mattel further objects to this Interrogatory

17   as unreasonably burdensome and overbroad in that it purports to require Mattel to

18   summarize all facts on this subject, including without limitation facts that are known

19   to or in the possession, custody and control of defendants and non-parties, including

20   non-parties associated with defendants. Mattel further objects to this interrogatory

21   on the grounds that it is vague and ambiguous with regard to the phrase "first

22   learned that BRYANT conceived of the BRATZ CONCEPT." Mattel further

23   objects to this interrogatory on the grounds that it is unreasonably burdensome and

24   overbroad in that it defines "Mattel" to include "past . . . employees," including but

25   not limited to defendant Carter Bryant and a number of other former Mattel

26   employees who worked with Carter Bryant to design and develop Bratz after each

27   had been a Mattel employee and who, at that time, had no relationship with Mattel

28   that would have required those persons to disclose to Mattel the development of the

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit __2__, P. _154_

1   Bratz dolls.  Mattel further objects to this Interrogatory on the grounds that it calls

2   for information that is neither relevant to the claims or defenses of any party to the

3   pending action nor reasonably calculated to lead to the discovery of admissible

4   evidence.  Mattel further objects to this Interrogatory because defendant Bryant

5   refuses to allow the completion of his deposition and because defendant MGA

6   refuses to produce any witness for deposition.  Moreover, defendants have refused

7   for months, despite Mattel's requests, to provide the originals of their drawings,

8   including those that they performed unauthorized destructive testing on, and thus

9   continue to withhold and conceal from Mattel information necessary for it to

10  evaluate and take discovery as to the drawings and thus to respond to this

11  Interrogatory.  Mattel continues its factual investigation and currently awaits MGA's

12  compliance with multiple Court Orders compelling MGA to produce documents, to

13  answer Interrogatories and to produce witnesses for deposition which MGA still has

14  not complied with and indeed that the Court has found MGA violated.  Mattel also

15  has pending motions to compel against defendants MGA, Bryant, Machado and

16  others associated with defendants, including to compel them to produce documents,

17  to appear for deposition and to answer requests for admissions.  In addition, the

18  depositions of certain witnesses, including without limitation Carter Bryant and

19  various MGA representatives, have yet to be completed, and other witnesses,

20  including various MGA representatives such as Gustavo Machado, Ron Brawer,

21  Mariana Trueba, Pablo Vargas, Janine Brisbois, Shirin Salemnia, as well as

22  Veronica Marlow, Margaret Hatch-Leahy and Elise Cloonan, have yet to be

23  produced for deposition.  Furthermore, although MGA's original production in this

24  case regarding the alleged origins and development of Bratz consisted of only a few

25  thousand pages, and only after multiple Court Orders compelling MGA and Bryant

26  to produce their documents, MGA and other Defendants have begun to produced

27  voluminous documents only in recent weeks, including documents that Mattel has

28  been unable to access or review because of technical deficiencies in MGA's

-116-
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit __2__, P. _155_

1  production that MGA only recently corrected.  Furthermore, despite prior Court

2  Order directing MGA to provide documents in unredacted form, MGA has failed to

3  comply and thus continues to deny Mattel information that the Court has ruled

4  Mattel is entitled to.  The review of MGA's, Bryant's and other Defendants' belated,

5  and still incomplete, productions continues.  Mattel reserves the right to supplement

6  this response consistent with Federal Rule of Civil Procedure 26(e).

7         Subject to and without waiving the foregoing general and specific

8  objections, Mattel responds as follows: See response to Interrogatory No. 10.

9         By way of further answer, this topic may be the subject of expert

10  testimony, which will be disclosed in the manner, and at the time, required for

11  expert disclosures pursuant to the Federal and Local Rules.

12         Mattel continues its factual investigation and currently has outstanding

13  discovery requests to Bryant and to MGA, as well as motions to compel Bryant and

14  MGA to disclose information relevant to this subject.  Mattel reserves the right to

15  supplement this response and, consistent with its obligations under Federal Rule of

16  Civil Procedure 26(e), Mattel will supplement this response if Mattel receives

17  additional responsive information.

18

19  DATED:  December 7, 2007         QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES. LLP
20

21

22                               By _____

23                                   B. Dylan Proctor
                                     Attorneys for Plaintiff Mattel, Inc.
24

25

26

27

28

07209/2267105.11

-117-

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 2 , P. 156