Exhibit 3

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2      (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
6   865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
7   Telephone: (213) 443-3000
Facsimile: (213) 443-3100

8   Attorneys for Mattel, Inc.

9   UNITED STATES DISTRICT COURT

10   CENTRAL DISTRICT OF CALIFORNIA

11   EASTERN DIVISION

| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| 13       Plaintiff, | Consolidated with |
| 14    v. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S CONSOLIDATED (1) INITIAL DISCLOSURES RELATING TO MGA'S UNFAIR COMPETITION CLAIMS, AND (2) SECOND SUPPLEMENTAL INITIAL DISCLOSURES RELATING TO MATTEL'S CLAIMS AGAINST BRYANT AND MGA |
| 16 |  |
| 17       Defendant. |  |
| 18  AND CONSOLIDATED CASES |  |
| 19 | **DESIGNATED "CONFIDENTIAL – ATTORNEYS' EYES ONLY" PURSUANT TO PROTECTIVE ORDER** |
| 20 | — |
| 21 |  |

22

23

24

25

26

27

28

1   Pursuant to <u>Fed. R. Civ. P.</u> 26(a)(1)(A), (B), Mattel, Inc. ("Mattel")

2   hereby makes the following initial disclosures relating to the Complaint by MGA

3   Entertainment, Inc. ("MGA") in <u>MGA Entertainment, Inc. v. Mattel</u>, Case No.

4   CV 05-02727, and further supplements its initial disclosures in <u>Mattel, Inc. v.</u>

5   <u>Bryant</u>, Case No. CV 04-9049 (previous initial disclosures having been made by

6   Mattel on June 28, 2004 and May 16, 2005).

7       MGA and Bryant declined to participate in a meeting of counsel

8   pursuant to <u>Fed. R. Civ. P.</u> 26(f) following the lifting of the stay.  Accordingly,

9   Mattel will not at this time further supplement its initial disclosures pursuant to <u>Fed.</u>

10  <u>R. Civ. P.</u> 26(a)(1)(C), (D).

11

12

13

14  I.   <u>WITNESSES</u>

15      In accordance with <u>Fed. R. Civ. P.</u> 26(a)(1)(A), Mattel states that, based

16  on the information currently known to it, at least the following persons (exclusive of

17  expert witnesses, attorneys, and their support staff) have knowledge of facts that

18  Mattel may use to support its material allegations and defenses.

19      For those individuals not employed by or otherwise associated with

20  Mattel, the addresses provided are the last known to Mattel.  The subjects of

21  information specified are those of which Mattel is currently aware or Mattel

22  reasonably believes are in within the knowledge of the identified individuals.  The

23  witnesses who employed by or affiliated with Mattel or Mattel de Mexico may be

24  contacted through Mattel's counsel, Quinn Emanuel Urquhart Oliver & Hedges,

25  LLP.

26      By its identification of individuals and subjects of information, Mattel

27  does not restrict its right to discovery or presentation of evidence at trial, and

28

175/2025630.1

1   reserves all of its rights under the <u>Federal Rules of Civil Procedure</u>, including

2   without limitation the right to supplement these disclosures.

3

4         Ricardo Abundis, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

5   200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

6   and trade secrets.  MGA business practices.

7         Lourdes Aguilar, MGAE de Mexico S.A. de R. L. de C.V., Torre

8   Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030 Mexico, D.F.

9   MGA's access to Mattel's intellectual property and trade secrets.  MGA business

10  practices.

11        Mariana Trueba Almada, MGAE de Mexico S.A. de R. L. de C.V.,

12  Torre Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030

13  Mexico, D.F.  MGA's theft of Mattel's intellectual property and trade secrets.  MGA

14  business practices.

15        Jules Andres, Mattel, Inc., 333 Continental Blvd., El Segundo,

16  California 90245.  MGA's theft of Mattel's intellectual property and trade secrets.

17        Russell Arons.  The development and ownership of intellectual

18  property at issue.  Any communication must be through counsel for Mattel.

19        Terry Bartlett, Toy Industry Association, Inc., 1115 Broadway, Suite

20  400, New York, NY 10010.  Toy of the Year and the dealings of Mattel and MGA

21  with TIA.

22        Eve Karen Laskaris Bennett, MGA Entertainment, Inc., 16380 Roscoe

23  Blvd., Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

24  property and trade secrets.  MGA business practices.

25        Nancy Bennett, Mattel, Inc., 333 Continental Blvd., El Segundo,

26  California 90245.  The development and ownership of intellectual property at issue.

27        Molly Benz, Mattel, Inc., 333 Continental Blvd., El Segundo,

28  California 90245.  The development and ownership of intellectual property at issue.

75/2025630.1

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit __5__ , P. __159__

1    Jason Bergerson, Kroll OnTrack. MGA's theft of Mattel's intellectual

2  property and trade secrets. Any communication must be through counsel for Mattel.

3    John Bloodworth, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

4  Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual

5  property and trade secrets. MGA business practices.

6    Kevin Bloomfield, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

7  Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual

8  property and trade secrets. MGA business practices.

9    Matt Bousquette. Mattel's business operations and the development

10  and ownership of intellectual property at issue. Any communication must be

11  through counsel for Mattel.

12    Ron Brawer, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

13  200, Van Nuys, California 91406. MGA's theft of Mattel's intellectual property and

14  trade secrets. MGA business practices.

15    Janine Brisbois, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

16  200, Van Nuys, California 91406. MGA's theft of Mattel's intellectual property and

17  trade secrets. MGA business practices.

18    Carter Bryant ("Bryant"), c/o Douglas A. Wickham and Keith A.

19  Jacoby, Littler Mendelson, 2049 Century Park East, 5th Floor, Los Angeles,

20  California 90067. Design and development of Bratz and Bryant's work with or for

21  MGA during his Mattel employment. Bryant's breach of obligations to Mattel. The

22  development and ownership of intellectual property at issue. MGA's theft of

23  Mattel's intellectual property and trade secrets. MGA business practices.

24    Sarah Buzby, Mattel, Inc., 333 Continental Blvd., El Segundo,

25  California 90245. The development and ownership of intellectual property at issue.

26    Juan Carlos Virrueta Camacho, MGAE de Mexico S.A. de R. L. de

27  C.V., Torre Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030

28

175/2025630.1

1  Mexico, D.F.  MGA's access to Mattel's intellectual property and trade secrets.

2  MGA business practices.

3  Kathy Casey, Mattel, Inc., 333 Continental Blvd., El Segundo,

4  California 90245.  Mattel's business operations and the development and ownership

5  of intellectual property at issue.

6  Jorge Castilla, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

7  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

8  and trade secrets.  MGA business practices.

9  Jimmy Cheng, MGA Hong Kong, 9th Floor, Tower 6, The Gateway

10  Harbour City, Kowloon, Hong Kong.  Design and development of Bratz and

11  Bryant's work with or for MGA during his Mattel employment.  MGA business

12  practices.

13  Steve Quoc Cheng, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

14  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

15  property and trade secrets.  MGA business practices.

16  Maureen Mullen Chianese, Roppongi Residence C-2401, 4-12-3

17  Roppongi, Minato-Ku Tokyo, 1060032 Japan.  The development and ownership of

18  intellectual property at issue.

19  Ok Soo Choi, Mattel, Inc., 333 Continental Blvd., El Segundo,

20  California 90245.  The development and ownership of intellectual property at issue.

21  Fabienne Chonavel, 4655 Noble Avenue, Sherman Oaks, California

22  91403.  The development of Bratz and MGA's access to Mattel's intellectual

23  property and trade secrets.  MGA business practices.

24  Larry Clayton, Mattel, Inc., 333 Continental Blvd., El Segundo,

25  California 90245.  The development and ownership of intellectual property at issue.

26  Elise Cloonan, c/o Michael B. Margolis, Margolis & Morin, 444

27  Flower Street, 6th Floor, Los Angeles, California 90071.  Design and development

28  of Bratz and Bryant's work for MGA during his employment by Mattel.  Bryant's

'75/2025630.1

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit __, P. 161

1    breach of obligations to Mattel.  The development and ownership of intellectual

2    property at issue.  MGA's business practices.

3           Gary Cogland, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

4    200, Van Nuys, California 91406.  Design and development of Bratz and Bryant's

5    work with or for MGA during his Mattel employment.  MGA business practices.

6           Nick Armando Contreras, MGA Entertainment, Inc., 16380 Roscoe

7    Blvd., Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

8    property and trade secrets.  MGA business practices.

9           Daniel Cooney, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

10    200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

11    and trade secrets.  MGA business practices.

12           Stephanie Cota, Mattel, Inc., 333 Continental Blvd., El Segundo,

13    California 90245.  The development and ownership of intellectual property at issue.

14           David Dees, Sweden (davodees@hotmail.com).  The development of

15    Bratz.

16           Alan Dennis, Mattel, Inc., 333 Continental Blvd., El Segundo,

17    California 90245.  The development and ownership of intellectual property at issue.

18           Luis H. Domingo, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

19    Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

20    property and trade secrets.  MGA business practices.

21           Ann Driskill, Mattel, Inc., 333 Continental Blvd., El Segundo,

22    California 90245.  Carter Bryant's breach of obligations to Mattel.

23           Ian Dyer, Mattel, Inc., 333 Continental Blvd., El Segundo, California

24    90245.  The development and ownership of intellectual property at issue.

25           Robert Eckert, Mattel, Inc., 333 Continental Blvd., El Segundo,

26    California 90245.  Mattel's business operations and the development and ownership

27    of intellectual property at issue.

28

-6-

CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit  3 , P. 162

1    Jaime Elias, Mattel, Inc., 333 Continental Blvd., El Segundo, California
2  90245.  MGA's theft of Mattel's intellectual property and trade secrets.

3    Wendy Feinberg, L.A. Focus, 17337 Ventura Boulevard, Suite 301,
4  Encino, California 91316.  Design and development of Bratz and Bryant's work with
5  or for MGA during his Mattel employment.

6    Joseph B. Feldman, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
7  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
8  property and trade secrets.  MGA business practices.

9    Yeira Fierro, Mattel, Inc., 333 Continental Blvd., El Segundo,
10  California 90245.  MGA's theft of Mattel's intellectual property and trade secrets.

11    Neil Friedman, Mattel, Inc., 333 Continental Blvd., El Segundo,
12  California 90245.  Mattel's business operations and the development and ownership
13  of intellectual property at issue.  TIA and Toy of the Year.

14    Mia Maria Garcia, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
15  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
16  property and trade secrets.  MGA business practices.

17    Kami Gillmour-Bryant, 4341 Ocean View Drive, Malibu, California
18  90265.  MGA's access to Mattel's intellectual property and trade secrets.  MGA
19  business practices.

20    Dana Goldstein, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
21  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
22  and trade secrets.  MGA business practices.

23    Carlos Gustavo Machado Gomez, MGA Entertainment, Inc., 16380
24  Roscoe Blvd., Suite 200, Van Nuys, California 91406.  MGA's theft of Mattel's
25  intellectual property and trade secrets.  MGA business practices.

26    Jean Gomez, Mattel, Inc., 333 Continental Blvd., El Segundo,
27  California 90245.  The development and ownership of intellectual property at issue.

28

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

/75/2025630.1

Exhibit  3 , P. 163

1    Joanne Green, Mattel, Inc., 333 Continental Blvd., El Segundo,
2  California 90245.  The development and ownership of intellectual property at issue.
3    Sarah Halpern, 1418 Hillcrest Avenue, Glendale, California 91202.
4  MGA's access to Mattel's intellectual property and trade secrets.  Design and
5  development of Bratz and Bryant's work with or for MGA during his Mattel
6  employment.  Bryant's breach of obligations to Mattel.
7    Janet R. Han, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
8  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
9  and trade secrets.  MGA business practices.
10    Melody Hanson, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
11  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
12  and trade secrets.  MGA business practices.
13    Rachel Harris, Playhut, Inc., 368 South Cheryl Lane, City of Industry,
14  California 91789.  Design and development of Bratz and Bryant's work with or for
15  MGA during his Mattel employment.  Bryant's breach of obligations to Mattel.
16  MGA business practices.
17    Ricardo Honda Hatadi, Mattel de México, S.A. de C.V., Insurgentes
18  Sur #3579, Torre 3, Oficina 601, Col. Tlalpan, Delegación Tlalpan, C.P. 14020,
19  Mexico, D.F.  MGA's theft of Mattel's intellectual property and trade secrets.
20    Jill Hatch, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,
21  Van Nuys, California 91406.  MGA's access to Mattel's intellectual property and
22  trade secrets.  MGA business practices.
23    Margaret Hatch-Leahy, 1824 Braeburn Road, Altadena, California
24  91001.  Design and development of Bratz and Bryant's work with or for MGA
25  during his Mattel employment.  Bryant's breach of obligations to Mattel.  MGA
26  business practices.
27    Kiyomi Haverly, Mattel, Inc., 333 Continental Blvd., El Segundo,
28  California 90245.  The development and ownership of intellectual property at issue.

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

'975/2025630.1

Exhibit 3, P. 164

1        Maria del Carmen Mendez Hernandez, Xerox Mexicana, S.A. de C.V.,

2   Bosque de Duraznos, No. 61, Col. Bosques de Las Lomas, C.P. 11700, Mexico,

3   D.F.  MGA's access to Mattel's intellectual property and trade secrets.  MGA

4   business practices.

5        Michael Hinh, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

6   200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

7   and trade secrets.  MGA business practices.

8        Martin Hitch, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

9   200, Van Nuys, California 91406.  Design and development of Bratz and Bryant's

10  work with or for MGA during his Mattel employment.  MGA business practices.

11        Hoi Hoffman-Briggs, Mattel, Inc., 333 Continental Blvd., El Segundo,

12  California 90245.  Bryant's breach of obligations to Mattel.

13        Don Howarth, Howarth & Smith, 800 Wilshire Boulevard, Suite 750,

14  Los Angeles, California 90017.  Development of Bratz.

15        James Brian Huntley, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

16  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

17  property and trade secrets.  MGA business practices.

18        Ricardo Ibarra, Mattel de México, S.A. de C.V., Insurgentes Sur #3579,

19  Torre 3, Oficina 601, Col. Tlalpan, Delegación Tlalpan, C.P. 14020, Mexico, D.F.

20  MGA's theft of Mattel's intellectual property and trade secrets.

21        Roberto Isaias, Mattel Chile, S.A., Avenida Américo Vespucio 501-B,

22  Quilicura, Santiago, Chile.  MGA's theft of Mattel's intellectual property and trade

23  secrets.  Any communication must be through counsel for Mattel.

24        Alice C. Kao, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

25  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

26  and trade secrets.  MGA business practices.

27

28

975/2025630.1

-9-

CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit 3, P. 165

1    Kenneth Kauffmann, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

2  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

3  property and trade secrets.  MGA business practices.

4    Alan Kaye, Mattel, Inc., 333 Continental Blvd., El Segundo, California.

5  Bryant's breach of obligations to Mattel.

6    Tim Kilpin, Mattel, Inc., 333 Continental Blvd., El Segundo, California

7  90245.  The development and ownership of intellectual property at issue.

8    Joyce Chi Hee Kim, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

9  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

10  property and trade secrets.  MGA business practices.

11    Young Kim, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,

12  Van Nuys, California 91406.  MGA's access to Mattel's intellectual property and

13  trade secrets.  MGA business practices.

14    Kristen L. Kirst, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

15  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

16  and trade secrets.  MGA business practices.

17    Joel N. Klevins, Fogel, Feldman, Ostrov, Ringler & Klevins, 1620 26th

18  Street, Suite 100 South, Santa Monica, California 90404-4040.  Development of

19  Bratz.

20    Andreas Koch, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

21  200, Van Nuys, California 91406.  Design and development of Bratz and Bryant's

22  work with or for MGA during his Mattel employment.  MGA business practices.

23    Ellen F. Komatsu, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

24  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

25  property and trade secrets.  MGA business practices.

26    Kara Kuchem, Mattel, Inc., 333 Continental Blvd., El Segundo,

27  California 90245.  The development and ownership of intellectual property at issue.

28

1        Susana Kuemmerle, MGAE de Mexico S.A. de R. L. de C.V., Torre

2   Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030 Mexico, D.F.

3   MGA's theft of Mattel's intellectual property and trade secrets. MGA business

4   practices.

5        Cecelia Kwok, MGA Hong Kong, 9th Floor, Tower 6, The Gateway

6   Harbour City, Kowloon, Hong Kong. Design and development of Bratz and

7   Bryant's work with or for MGA during his Mattel employment. MGA business

8   practices.

9        Sheila Kyaw, Mattel, Inc., 333 Continental Blvd., El Segundo,

10  California 90245. Design and development of Bratz and Bryant's work with or for

11  MGA during his Mattel employment.

12        Farhad Larian, c/o William C. Conkle, Conkle & Olesten, 3130

13  Wilshire Blvd., Suite 500, Santa Monica, California 90403. Development of Bratz.

14  MGA's business practices.

15        Isaac Larian, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

16  200, Van Nuys, California 91406. Design and development of Bratz and Bryant's

17  work with or for MGA during his Mattel employment. Bryant's breach of

18  obligations to Mattel and MGA's efforts to conceal same. MGA's theft of Mattel's

19  intellectual property and trade secrets. MGA's business practices.

20        Jill Larson, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,

21  Van Nuys, California 91406. MGA's access to Mattel's intellectual property and

22  trade secrets. MGA business practices.

23        Stephen Lee, MGA Hong Kong, 9th Floor, Tower 6, The Gateway

24  Harbour City, Kowloon, Hong Kong. Design and development of Bratz and

25  Bryant's work with or for MGA during his Mattel employment. MGA business

26  practices.

27        Victor Lee, MGA Hong Kong, 9th Floor, Tower 6, The Gateway

28  Harbour City, Kowloon, Hong Kong. Design and development of Bratz and

775/2025630.1

-11-

Exhibit __3__, P. 167

1 │ Bryant's work with or for MGA during his Mattel employment.  MGA business

2 │ practices.

3 │       Kerri Legg, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,

4 │ Van Nuys, California 91406.  Design and development of Bratz and Bryant's work

5 │ with or for MGA during his Mattel employment.  MGA business practices.

6 │       Lidia Ivete Montero Leyva, MGAE de Mexico S.A. de R. L. de C.V.,

7 │ Torre Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030

8 │ Mexico, D.F.  MGA's access to Mattel's intellectual property and trade secrets.

9 │ MGA business practices.

10 │       Stanley Li, MGA Hong Kong, 9th Floor, Tower 6, The Gateway

11 │ Harbour City, Kowloon, Hong Kong.  Design and development of Bratz and

12 │ Bryant's work with or for MGA during his Mattel employment.  MGA business

13 │ practices.

14 │       Timothy James Lider, Advanced Data Solutions.  MGA's theft of

15 │ Mattel's intellectual property and trade secrets.  Any communication must be

16 │ through counsel for Mattel.

17 │       Steve Linker, c/o Laurence M. Berman, Esq., Berman, Mausner, &

18 │ Resser, 11601 Wilshire Blvd., Suite 600, Los Angeles, CA 90025.  The

19 │ development of intellectual property at issue.

20 │       Dave Malacrida, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

21 │ 200, Van Nuys, California 91406.  Design and development of Bratz and Bryant's

22 │ work with or for MGA during his Mattel employment.  MGA business practices.

23 │       Joy Mann, Mattel, Inc., 333 Continental Blvd., El Segundo, California

24 │ 90245.  The development and ownership of intellectual property at issue.

25 │       Maria Veronica de Souza Brandao Marlow, 12250 Woodley, Granada

26 │ Hills, California 91344.  Design and development of Bratz and Bryant's work with

27 │ or for MGA during his Mattel employment.  MGA's access to Mattel's intellectual

28 │ property and trade secrets.  MGA business practices.

.975/2025630.1

Exhibit _3_, P. _168_

1     Lily Martinez, Mattel, Inc., 333 Continental Blvd., El Segundo,

2  California 90245.  The development and ownership of intellectual property at issue.

3  Bryant's breach of obligations to Mattel.

4     Susan G. McBride, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

5  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

6  property and trade secrets.  MGA business practices.

7     Barbara Miller, address unknown.  The development and ownership of

8  intellectual property at issue.

9     Frank B. Mils, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

10  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

11  and trade secrets.  MGA business practices.

12     Joyce Ng, Karrenbrock & Joyce Associates, 848 Radcliffe Avenue,

13  Pacific Palisades, California 90272.  Design and development of Bratz and Bryant's

14  work with or for MGA during his Mattel employment.

15     Jill Nordquist, Mattel, Inc., 333 Continental Blvd., El Segundo,

16  California.  Bryant's breach of obligations to Mattel.  MGA's access to Mattel's

17  intellectual property and trade secrets.

18     Conrad Nussbaum, Mattel, Inc., 333 Continental Blvd., El Segundo,

19  California 90245.  Mattel's business operations, Mattel's dealings with NPD, and the

20  development and ownership of intellectual property at issue.

21     Laura Ochoa, MGAE de Mexico S.A. de R. L. de C.V., Torre Siglum,

22  Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030 Mexico, D.F.  MGA's

23  access to Mattel's intellectual property and trade secrets.  MGA business practices.

24     Victoria O'Connor, Warner Bros. Consumer Products, 4001 West Olive

25  Ave., 3rd Floor, Burbank, California 91505.  Design and development of Bratz and

26  Bryant's work with or for MGA during his Mattel employment, and MGA's efforts

27  to conceal same.  MGA's access to Mattel's intellectual property and trade secrets.

28  MGA business practices.

975/2025630.1

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit  3 , P. 169

1    Daniel Ray Owen, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
2 Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual
3 property and trade secrets. MGA business practices.

4    Amelia Ivy Arafiles Palijo, MGA Entertainment, Inc., 16380 Roscoe
5 Blvd., Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual
6 property and trade secrets. MGA business practices.

7    Karla Papayanopulos, Mattel de México, S.A. de C.V., Insurgentes Sur
8 #3579, Torre 3, Oficina 601, Col. Tlalpan, Delegación Tlalpan, C.P. 14020, Mexico,
9 D.F. MGA's theft of Mattel's intellectual property and trade secrets.

10    Cassidy Park, Mattel, Inc., 333 Continental Blvd., El Segundo,
11 California 90245. The development and ownership of intellectual property at issue.
12 Carter Bryant's breach of obligations to Mattel.

13    Thomas Park, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
14 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual property
15 and trade secrets. MGA business practices.

16    Marlene Parker, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
17 200, Van Nuys, California 91406. Design and development of Bratz and Bryant's
18 work with or for MGA during his Mattel employment. MGA business practices.

19    Rene Pasko, Mattel, Inc., 333 Continental Blvd., El Segundo,
20 California 90245. The development and ownership of intellectual property at issue.

21    Danny Pestonji, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
22 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual property
23 and trade secrets. MGA business practices.

24    Pootipong Phoosopha, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
25 Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual
26 property and trade secrets. MGA business practices.

27    Cynthia Pierce, Union Bank, 5855 Topanga Canyon Boulevard,
28 Woodland Hills, California 91367. Payment from MGA to Carter Bryant.

-14-

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit 3, P. 170

1       Joni Pratte, Mattel, Inc., 333 Continental Blvd., El Segundo, California
2   90245.  The development and ownership of intellectual property at issue.

3       Jacqueline Ramona Prince, c/o Daniel J. Warren, Sutherland Asbill &
4   Brennan, LLP, 999 Peachtree Street, Suite 2300, Atlanta, GA 30309.  Design and
5   development of Bratz and Bryant's work with or for MGA during his Mattel
6   employment.  Bryant's breach of obligations to Mattel.

7       Andrea Ramirez, MGAE de Mexico S.A. de R. L. de C.V., Torre
8   Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030 Mexico, D.F.
9   MGA's access to Mattel's intellectual property and trade secrets.  MGA business
10  practices.

11      Jessie Ramirez, 538 Maryann Drive, Redondo Beach, California 90278.
12  Design and development of Bratz and Bryant's work with or for MGA during his
13  Mattel employment.

14      Erika Rangel, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
15  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
16  and trade secrets.  MGA business practices.

17      Lee Ratleff, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,
18  Van Nuys, California 91406.  MGA's access to Mattel's intellectual property and
19  trade secrets.  MGA business practices.

20      Wendy Reed, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
21  200, Van Nuys, California 91406.  Design and development of Bratz and Bryant's
22  work with or for MGA during his Mattel employment.  MGA business practices.

23      Scot Anthony Reyes, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
24  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
25  property and trade secrets.  MGA business practices.

26      Anna Rhee, c/o Laurence M. Berman, Esq., Berman, Mausner, &
27  Resser, 11601 Wilshire Blvd., Suite 600, Los Angeles, CA 90025.  The
28  development and ownership of intellectual property at issue.  Design and

-15-
MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit _3_, P. _171_

1   development of Bratz and Bryant's work with or for MGA during his Mattel

2   employment.  Bryant's breach of obligations to Mattel.

3        Judy Rich, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,

4   Van Nuys, California 91406.  Design and development of Bratz and Bryant's work

5   with or for MGA during his Mattel employment.  MGA business practices.

6        Ian Richter, Mattel, Inc., 333 Continental Blvd., El Segundo, California

7   90245.  The development and ownership of intellectual property at issue.

8        Alejandro Gurza Romay, MGAE de Mexico S.A. de R. L. de C.V.,

9   Torre Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030

10   Mexico, D.F.  MGA's access to Mattel's intellectual property and trade secrets.

11   MGA business practices.

12        Desiree E. Ronquillo, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

13   Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

14   property and trade secrets.  MGA business practices.

15        David Rosenbaum, Law Offices of David S. Rosenbaum, 6303

16   Owensmouth Ave., 10th Floor, Woodland Hills, California  91367.  Bryant's breach

17   of his obligations to Mattel.  Bryant's work with or for MGA during his Mattel

18   employment.

19        Lon P. Ross, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

20   200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

21   and trade secrets.  MGA business practices.

22        Ivy Ross.  Bryant's breach of obligations to Mattel.  Any

23   communication must be through counsel for Mattel.

24        Arnold Rubin, Toy Industry Association, Inc., 1115 Broadway, Suite

25   400, New York, NY 10010.  Toy of the Year and the dealings of Mattel and MGA

26   with TIA.

27

28

-16-

Exhibit __3__, P. _172_

1    Shirin Salemnia, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

2  200, Van Nuys, California 91406. MGA's access to Mattel's intellectual property

3  and trade secrets. MGA business practices.

4    Pablo Vargas San Jose, MGAE de Mexico S.A. de R. L. de C.V., Torre

5  Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030 Mexico, D.F.

6  MGA's theft of Mattel's intellectual property and trade secrets. MGA business

7  practices.

8    Chuck Scothon, Mattel, Inc., 333 Continental Blvd., El Segundo,

9  California 90245. Mattel's business operations and the development and ownership

10  of intellectual property at issue.

11    Harvey Scott, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

12  200, Van Nuys, California 91406. MGA's access to Mattel's intellectual property

13  and trade secrets. MGA business practices.

14    Mark Spencer, First Advantage Litigation Consulting. MGA's theft of

15  Mattel's intellectual property and trade secrets. Any communication must be

16  through counsel for Mattel.

17    Holly Aileen Stinnett, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

18  Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual

19  property and trade secrets. MGA business practices.

20    Jier Su, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200, Van

21  Nuys, California 91406. MGA's access to Mattel's intellectual property and trade

22  secrets. MGA business practices.

23    Maureen Tafoya, Mattel, Inc., 333 Continental Blvd., El Segundo,

24  California 90245. MGA's access to Mattel's intellectual property and trade secrets.

25    Gail Tamae, Mattel, Inc., 333 Continental Blvd., El Segundo,

26  California 90245. The development and ownership of intellectual property at issue.

27

28

-17-
MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit __3__, P. 173

1    Lisa Tawil, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,
2 Van Nuys, California 91406. MGA's access to Mattel's intellectual property and
3 trade secrets. MGA business practices.
4    Marla Reynolds Thompson, MGA Entertainment, Inc., 16380 Roscoe
5 Blvd., Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual
6 property and trade secrets.
7    Michele Thompson, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
8 Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual
9 property and trade secrets. MGA business practices.
10    Ben Ton, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,
11 Van Nuys, California 91406. Design and development of Bratz and Bryant's work
12 with or for MGA during his Mattel employment. MGA business practices.
13    Paula Dianthe Treantafelles (Garcia), MGA Entertainment, Inc., 16380
14 Roscoe Blvd., Suite 200, Van Nuys, California 91406. Design and development of
15 Bratz and Bryant's work with or for MGA during his Mattel employment. Bryant's
16 breach of obligations to Mattel. MGA's theft of Mattel's intellectual property and
17 trade secrets. MGA business practices.
18    Frankie Tsang, MGA Hong Kong, 9th Floor, Tower 6, The Gateway
19 Harbour City, Kowloon, Hong Kong. MGA's theft of Mattel's intellectual property
20 and trade secrets. MGA business practices.
21    Vivianne Waisman, Mattel, Inc., 333 Continental Blvd., El Segundo,
22 California 90245. MGA's access to Mattel's intellectual property and trade secrets.
23    Simon Waldron, Mattel, Inc., 333 Continental Blvd., El Segundo,
24 California 90245. The development and ownership of intellectual property at issue.
25    Anne Wang, Christie Parker Hale LLP, 300 W. Colorado Blvd., Suite
26 500, Pasadena, California 91105. Bryant's breach of his obligations to Mattel.
27 Bryant's work with or for MGA during his Mattel employment.
28

975/2025630.1

-18-
MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit  3  , P. 174

1    Chang-Chin Wang, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
2  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
3  property and trade secrets.  MGA business practices.

4    Mercedeh Ward, 5247 S. Grandby Ct., Aurora, Colorado.  Design and
5  development of Bratz and Bryant's work with or for MGA during his Mattel
6  employment.  Bryant's breach of obligations to Mattel.  MGA's access to Mattel's
7  intellectual property and trade secrets.  MGA business practices.

8    Dawn Whitaker, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
9  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
10  and trade secrets.  MGA business practices.

11    Therese Wilbur.  MGA's access to Mattel's intellectual property and
12  trade secrets.  Any communication must be through counsel for Mattel.

13    Jenny M.L. Wong, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
14  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
15  property and trade secrets.  MGA business practices.

16    Samuel Wong, MGA Hong Kong, 9th Floor, Tower 6, The Gateway
17  Harbour City, Kowloon, Hong Kong.  Design and development of Bratz and
18  Bryant's work with or for MGA during his Mattel employment.

19    Tricia Wong, Mattel, Inc., 333 Continental Blvd., El Segundo,
20  California 90245.  The development and ownership of intellectual property at issue.

21    Sandy Yonemoto, Mattel, Inc., 333 Continental Blvd., El Segundo,
22  California 90245.  Bryant's misrepresentations to Mattel.

23    Mattel's investigation of this matter is not yet complete, and Mattel has
24  not concluded its discovery in this matter.  In particular, Mattel anticipates that other
25  third parties, including without limitation persons currently or formerly employed
26  by or associated with MGA and/or Bryant may have percipient knowledge, but
27  Mattel cannot identify such persons without further discovery.  Mattel reserves the
28  right to identify additional individuals with such knowledge as such persons become

975/2025630.1

-19-
MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit  3 , P. 175

1  known to Mattel or the information they possess becomes relevant to the claims or

2  defenses of any party.

3

4  II.    DOCUMENTS

5          In accordance with Fed. R. Civ. P. 26(a)(1)(B), Mattel has provided

6  MGA and Bryant with copies of documents and tangible things in its custody or

7  control that Mattel may use to support its material allegations and defenses.

8  Additional documents are being produced to MGA and Bryant concurrently with the

9  service of these disclosures, subject to the protective order in this case.

10          Mattel's investigation into this matter is not complete.  Mattel

11  anticipates that additional documents will continue to be discovered by Mattel that

12  may be used to support its material allegations and defenses.  Such documents will

13  be produced as required by the Federal Rules of Civil Procedure.

14          Additionally, Mattel has previously identified categories, and hereby

15  discloses the following further categories, of tangible things in its custody or control

16  that it might use to support its claims or defenses.  These tangible things may be

17  inspected upon reasonable notice and agreement of the parties.

18          1.    Mattel products that are the subject of MGA's claims.

19          2.    Mattel products that bear on Mattel's defenses, including without

20  limitation the ownership of the designs, marks, and other property at issue, and the

21  theft by MGA and Bryant of Mattel's intellectual property and trade secrets.

22

23          Counsel for Mattel certify that, to the best of their knowledge,

24  information and belief, formed after an inquiry that is reasonable under the

25  circumstances, this disclosure is complete and correct as of the date indicated below.

26

27

28

1    However, counsel reserves the right to supplement or amend this disclosure as

2    additional information becomes available, through discovery or otherwise.

3

4    DATED:  January 5, 2007                QUINN EMANUEL URQUHART OLIVER &
                                            HEDGES, LLP
5

6

7                                          By
                                               Timothy L. Alger
8                                              Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

975/2025630.1

-21-
MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit  3 , P. 177

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On January 5, 2007, I served true copies of the following document(s) described as:

**MATTEL, INC.'S CONSOLIDATED (1) INITIAL DISCLOSURES RELATING TO MGA'S UNFAIR COMPETITION CLAIMS, AND (2) SECOND SUPPLEMENTAL INITIAL DISCLOSURES RELATING TO MATTEL'S CLAIMS AGAINST BRYANT AND MGA**

on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres, Esq.<br>O'Melveny & Myers<br>400 So. Hope Street<br>Los Angeles, CA  90071<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407 | Keith A. Jacoby, Esq.<br>Littler Mendelson<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA  90067-3107<br>Telephone: (310) 553-0308<br>Facsimile: (310) 553-5583 |

[√]   [PERSONAL] by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 5, 2007, at Los Angeles, California.

David Quintana

209/2020338.1

Case No. SACV 05-00953 JVS (ANx)
PROOF OF SERVICE

Exhibit _3_, P. _178_

Exhibit 4

FILED

1   DOUGLAS A. WICKHAM (S.B. #127268)
    dwickham@littler.com
2   KEITH A. JACOBY (S.B. #150233)
    kjacoby@littler.com
3   LITTLER MENDELSON
    A Professional Corporation
4   2049 Century Park East, 5th Floor
    Los Angeles, CA 90067.3107
5   Telephone: (310) 553-0308
    Facsimile: (310) 553-5583
6
    Attorneys for Carter Bryant
7

2007 JAN 30 PM 12: 59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA          BY
               EASTERN DIVISION                        FAX
10

11  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-2727)
                   Plaintiff,
12                                       DISCOVERY MATTER
         v.
13                                       [To Be Heard By Discovery Master
    MATTEL, INC., a Delaware             Hon. Edward Infante (Ret.) Pursuant to
14  Corporation,                         The Court's Order of December 6, 2006

15                 Defendant.            [PROPOSED] ORDER GRANTING IN
                                         PART CARTER BRYANT AND MGA
16                                       ENTERTAINMENT INC'S MOTION
                                         TO COMPEL THE PRODUCTION OF
17                                       DOCUMENTS AND 30(B)(6)
                                         DEPOSITIONS
18
                                         Date: January 25, 2007
19                                       Time: 9:00 a.m.
                                         Place: Telephonic
20
                                         Discovery Cut-off: None set
21                                       Pre-trial Conference: None Set
                                         Trial Date: None Set
22

23  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and           Judge: Hon. Stephen G. Larson
24  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.                         Discovery Cut-Off: T.B.D.
25

26

27

28

Los Angeles Court Services
COPY SENT TO
CALENDAR DEPT.

Order



Exhibit _4_, P. _179_

1    On January 25, 2006, Discovery Master Edward Infante heard oral argument

2  on Defendants' Carter Bryant ("Mr. Bryant") and MGA Entertainment, Inc.'s

3  ("MGA") motion to compel the production of documents and 30(b)(6) depositions.

4  Keith Jacoby appeared on behalf of Mr. Bryant. Jim Jenal appeared on behalf of

5  MGA. Jon Corey and Dylan Proctor appeared on behalf of Mattel, Inc. After

6  considering all of the papers filed in support of and in opposition to said motion,

7  and good cause appearing, Mr. Bryant and MGA's motion is GRANTED IN PART

8  and it is hereby ORDERED as follows:

9    1. Within two weeks of the entry of this Order, Mattel must produce all non-

10 privileged documents relating to any investigation that occurred as a result of the

11 receipt of the August 2002 "Anonymous Letter" to Mattel CEO Robert Eckert, and

12 provide a privilege log identifying all documents withheld under the attorney client

13 privilege or attorney work product doctrine.  It is suggested Mattel submit

14 declarations laying out the factual basis for any work product or privilege

15 protection it intends to assert.  The Discovery Master defers ruling on whether Alan

16 Kaye should be reproduced for further deposition testimony.  The Discovery Master

17 further rules that it is premature to rule on any issue of waiver of any claimed

18 privilege.

19    2. Mattel shall identify and produce for deposition corporate designees

20 pursuant to Federal Rule of Civil Procedure 30(b)(6) qualified to testify regarding

21 the Topics Nos. 2, 3, 4, 5, 6, 7, 23, 49 and 50 set forth in Carter Bryant's Notice of

22 Deposition of Mattel, Inc. dated December 21, 2004, as limited by Mattel's May 16,

23 2005 letter.  Mattel shall identify these witnesses with the production of the

24 //

25 //

26 //

27 //

28 //

07209/2046388.17209/2045559.1                    1.                    ORDER

Exhibit   4  , P. 180

1   privilege log with dates they can appear for deposition, such that the depositions en

2   these topics shall be completed no later than March 31, 2007.

3      IT IS SO ORDERED.

4

5   DATE: January 30, 2007

6                                         Hon. Edward A. Infante (Ret.)

                                          Discovery Master

7   Firmwide:81960684.1 028307.1010

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2046388.17209/2045559.1             2.                     ORDER

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 30,

2007, I served the attached ORDER GRANTING IN PART CARTER BRYANT AND

MGA ENTERTAINMENT INC'S MOTION TO COMPEL THE PRODUCTION OF

DOCUMENTS AND 30(B)(6) DEPOSITIONS in the within action by e-mail addressed as

follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Restagar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Valerie Nannery Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | valerienannery@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

Exhibit __4__, P. _182_

Exhibit 5

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:    (415) 774-2611
Facsimile:    (415) 982-5287

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DATED NOVEMBER 22, 2006** |

## I. INTRODUCTION

On April 13, 2007, MGA Entertainment, Inc. ("MGA") submitted a motion to compel Mattel, Inc. ("Mattel") to produce documents responsive to MGA's First Set of Requests for Production of Documents dated November 22, 2006 (the "requests"), which generally seeks documents that MGA contends are relevant to its Lanham Act and unfair competition claims. On April 25, 2007, Mattel submitted its opposition brief, and on May 2, 2007, MGA submitted a reply brief. The matter was heard via telephonic conference on May 11, 2007. Having

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

Exhibit  5 , P. 103

1   considered the motion papers and comments of counsel at the hearing, MGA's motion to compel

2   is granted in part and denied in part.

## II. BACKGROUND

4          There are two themes underlying MGA's claims for unfair competition against Mattel.

5   First, MGA alleges that Mattel has intentionally "serially imitated and copy-catted the look of

6   MGA products, trade dress, trademarks, themes, ideas, advertising and packaging, including for

7   the 'Bratz' line of dolls," to dilute MGA's brand, create customer confusion, and unfairly stifle

8   competition. MGA's Complaint at ¶¶9, 65. Second, MGA alleges, on information and belief,

9   that "Mattel has intimidated, coerced and threatened retailers, licensees, suppliers and others in

10   the industry – both in the U.S. and internationally – in order to inhibit and stifle MGA's ability to

11   compete with Mattel and to prevent MGA from obtaining licensees, contracts and supplies for its

12   products." Id. at ¶9.

### The Alleged Copy-catting

14          Mattel's alleged serial copycatting "began with the 'Bratz' dolls themselves, but quickly

15   extended to MGA's packaging, themes, accessories, advertising and even other product lines."

16   Id. at ¶33. Mattel allegedly "designed its 'My Scene' dolls to evoke the unique and distinctive

17   look of the 'Bratz' – also with disproportionately oversized heads, artfully made-up almond-

18   shaped eyes, large, overly-lined and lipsticked lips, trendy, hip clothes and hair styles, and over-

19   sized feet." Id. at ¶34. Mattel also allegedly "systematically proceeded to modify the 'My Scene'

20   dolls since their original release, particularly their eyes, to increase their similarity to 'Bratz' more

21   and more over time." Id.

22          Further, Mattel allegedly "modified its 'My Scene' packaging, and the manner in which

23   the dolls are displayed, to more closely mimic the packaging, trade-dress and overall look and

24   total image of MGA's 'Bratz.'" Id. at ¶41. For example, Mattel allegedly changed its packaging

25   "to the open and transparent style of the 'Bratz' packaging." Id. at ¶43. Mattel also allegedly

26   hung its packaging and product display to "look even more closely and confusingly similar to

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

Exhibit   5  , P. 184

1   MGA's packaging and '*tout ensemble.*'" Id. at ¶45. Mattel also allegedly "discarded its

2   traditional rectangular shaped box, and like 'Bratz', adopted an unusual, non-rectangular shaped

3   box." Id. at ¶46. Mattel also allegedly "adopted the 'flying banner' ribbon-style slogan running

4   across the middle of the box, similar to that used on the 'Bratz' packaging." Id.

5        In addition to the packaging changes, Mattel allegedly copied "MGA's practice of

6   regularly releasing new dolls in connection with a theme – but not just any theme, often MGA's

7   theme." Id. at ¶47. For example, when MGA released its "Wintertime Wonderland" theme,

8   Mattel allegedly released "Chillin Out." Id. at ¶48. Mattel also allegedly imitated Bratz

9   accessories and related products in order to create consumer confusion in the marketplace. Id. at

10   ¶52. Further, Mattel allegedly "began running television commercials for its 'My Scene' dolls

11   bearing a remarkable similarity to 'Bratz' commercials, combining live action with animated

12   sequences set to similar sounding pop music and lyrics." Id. at ¶51. MGA alleges that Mattel's

13   conduct described above "is a calculated and intentional effort unquestionably designed to trade

14   off of MGA's hard work and goodwill, create confusion in the marketplace, steal MGA's thunder

15   and momentum, and dilute and blur away the novelty and distinctiveness of MGA's products."

16   Id. at ¶54.

17        Further, MGA alleges that when it "came out with a 'Bratz' 'Funky Fashion Makeover

18   Head,' Mattel came out with a confusingly similar – indeed, practically identical – 'My Scene'

19   styling head." Id. at ¶55. Mattel also allegedly "used a portion of the Bratz doll's now-famous

20   trademarked tag line 'The Girls With a Passion for Fashion' on Mattel's website for its 'Diva

21   Starz' dolls, asking its website users: 'Do you have a passion for fashion?'" Id. at ¶58.

22        MGA also alleges that Mattel recently came out with a confusingly similar line of "My

23   Scene" plush pets that have the distinctive look of MGA's "Bratz" line. Id. at ¶59. In addition,

24   Mattel allegedly "chose to package its pets the same way that MGA packaged its 'Bratz Petz',

25   sitting in an open box, with no top and with partial side panels that slope from a narrow front

26   panel to a higher back panel," Id. at ¶60. MGA alleges that the similarity of the "My Scene" pets

27

28

1   and the "Bratz Petz" has confused sophisticated retailers who have mistakenly merchandised the

2   products together. Id. at ¶61.

3        MGA alleges that Mattel's television commercials and "My Scene" products have become

4   so confusingly similar to MGA's commercials and products that advertising executives have

5   expressed concern. Id. at ¶62. MGA also alleges that the press has taken notice of Mattel's

6   alleged attempts to confuse consumers. Id. at ¶63. Further, MGA alleges that some customers

7   have contacted MGA seeking to purchase "My Scene" dolls. Id. at ¶64.

8        MGA alleges that Mattel's conduct has reached beyond "Bratz" to include other new

9   MGA toy lines. Id. at ¶67. For example, Mattel allegedly modeled its "Wee 3 Friends" line of

10  dolls and packaging on MGA's "4-Ever Best Friends" line. Id. at ¶68. Mattel also allegedly

11  modeled its "Little Mommy Potty Training Baby Doll" on MGA's "Mommy's Little Patient." Id.

12  at ¶69. Mattel also allegedly revamped and renamed one of its "Hot Wheels" lines with the

13  "AcceleRacerS" logo based upon MGA's "AlienRacers" radio controlled racing vehicles. Id. at

14  ¶70.

                          Additional Allegedly Anti-Competitive Conduct

16       MGA alleges that Mattel has engaged in additional allegedly anti-competitive conduct,

17  including "sending threatening letters to several of its former employees who now work for MGA

18  warning them not to disclose *even publicly available information* about Mattel, including the

19  names and positions of Mattel employees." Id. at ¶75 (emphasis in original). Mattel has also

20  allegedly "warned a number of companies, including the biggest publishing entity in the United

21  Kingdom, not to license MGA products, or risk retribution." Id. at ¶76. MGA alleges that it has

22  lost valuable licensing opportunities as a result of Mattel's conduct. Id.

23       MGA also alleges that "Mattel has used similar intimidation to pressure distributors and

24  retailers, particularly in foreign countries, not to distribute 'Bratz', to reduce shelf and display

25  space for 'Bratz' and to place 'Bratz' in unfavorable locations at retail outlets." Id. at ¶77. MGA

26  further alleges that "[w]hen MGA faced a shortage of doll hair in October 2002, MGA is

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                    4

Exhibit  5 , P. 186

1   informed and believes that the reason for that shortage was that Mattel had locked MGA out by

2   buying up the supply from the two main hair supply companies." Id. at ¶78.

3        MGA also alleges that Mattel manipulated the retail market. More specifically, MGA

4   alleges that "Mattel merchandisers have been caught tampering with MGA's retail displays,

5   replacing favorably located MGA merchandise with Mattel merchandise instead." Id. at ¶79.

6   MGA further alleges on information and belief that "Mattel has falsely told a major United States

7   retailer that MGA was giving another major United States retailer below-market pricing and

8   falsely told a United Kingdom retailer that MGA was discontinuing one of its lines, in order to

9   make such line less attractive to buyers and thereby attempt to increase sales of the competitive

10   Mattel product and improve its own sales, at MGA's expense." Id.

11        Next MGA alleges on information and belief that NPD Funworld ("NPD"), the leading

12   supplier of sales statistics in the toy industry, terminated MGA's subscription ostensibly for

13   misusing NPD data and that "the termination was the result of pressure from Mattel." Id. at ¶¶80-

14   85. MGA also alleges on information and belief that Mattel pressured NPD into changing certain

15   product classifications for "Bratz" products to manipulate the data and preserve Mattel's market

16   share rankings in the "fashion doll" category. Id. at ¶86.

17        MGA further alleges on information and belief that Mattel used its influence as a major

18   contributor to the Children's Advertising Review Unit ("CARU"), which is a unit of the Council

19   of Better Business Bureaus, to "place onerous restrictions on MGA advertisements, and require

20   MGA to amend aspects of commercials that have gone unchallenged in other parties'

21   commercials." Id. at ¶89. As a result of CARU's restrictions, MGA allegedly incurred

22   unnecessary costs for reshooting and producing or re-editing its commercials. Id. at ¶90.

23        MGA also alleges on information and belief that Mattel's subsidiary, Fisher Price,

24   "orchestrated" a change to the selection process for TIA's "Toy-of-the-Year Awards," which

25   allegedly resulted in a Fisher Price toy beating out "BRATZ Formal Funk Super Stylin' Runway

26   Disco." Id. at ¶¶92-96. MGA also alleges on information and belief that one year "Mattel was

27

28

Exhibit 5, P. 187

1   instrumental in attempting to keep MGA from participating as a sponsor in the 'Kids' Choice

2   Awards.'" Id. at ¶97.

3          As a result of Mattel's alleged conduct described above, MGA has allegedly suffered, and

4   unless abated, will continue to suffer lost sales, lost licensing fees, lost contracts, lost

5   relationships, lost business opportunities and other damages. Id. at ¶100. MGA also alleges that

6   its ability to enter new markets and product lines has been hampered and delayed. Id.

7   Furthermore, MGA alleges that "[i]ts production costs have increased, its reputation and

8   relationships with important players in the industry have been negatively impacted, the value of

9   its business has been diminished, and its ability to attract, hire and retain employees has been

10   affected." Id. Based upon the foregoing, MGA asserts claims for (1) false designation of origin

11   or affiliation in violation of 15 U.S.C. §1125(a); (2) unfair competition in violation of 15 U.S.C.

12   §1125(a) and unfair competition and unfair business practices in violation of Cal. Bus. & Prof.

13   Code §17200 et seq. and California common law; (3) dilution in violation of 15 U.S.C. §1125(c),

14   Cal. Bus. & Prof. Code §14330 and California common law; and (4) unjust enrichment.

15                <u>MGA's First Set of Requests for Production of Documents</u>

16         On November 22, 2006, MGA propounded one hundred fifteen (115) document requests

17   seeking discovery regarding, among other things:  (a) Mattel's alleged copycatting efforts and

18   activities with respect to Bratz and other MGA product lines; (b) anti-competitive business

19   practices allegedly carried out by Mattel; and (c) any similar or related activities.  In response,

20   Mattel objected to many requests primarily on the grounds that they were overly broad and

21   unduly burdensome.  Mattel agreed, however, to produce documents responsive to many of the

22   requests.

23          The parties met and conferred in person on March 9, 2007.  MGA's counsel demanded

24   that Mattel withdraw all objections based on relevance.  Alger Decl. in Support of Mattel's

25   Opposition at ¶7.  Mattel's counsel responded that Mattel was producing responsive documents

26   and would continue to produce responsive documents, but had concerns over the "lack of focus

27

28

Exhibit 5, P. 188

1  and infinite scope" of MGA's document requests. Id. Mattel's counsel suggested that MGA

2  narrow the requests to "those products, retailers, licensees, and time frames that MGA has put at

3  issue in its Complaint and response to interrogatories." Id. MGA's counsel, however, rejected

4  the proposal. Id.

5       A few days later, counsel for MGA sent Mattel's counsel a letter offering several

6  suggestions for limiting the requests. Glad Decl. in Support of MGA's Motion, Ex. 1. In

7  particular, MGA stated that "it would be amenable to certain limitations on the number and

8  identities of custodians whose files must be searched, so long as Mattel is willing to accept

9  reciprocal accommodations for MGA's own document review." Id. Mattel did not respond to the

10  letter, and the instant motion ensued.

11                      III. STANDARDS

12       Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

13  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

14  party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

15  permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

16  2004) ("District courts need not condone the use of discovery to engage in 'fishing

17  expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

18  (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

19  (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

20  the phrase "subject matter involved in the pending action," were intended to target discovery that

21  swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

22  litigate the issues presented by the pleadings but to develop new claims or defenses.). Further,

23  pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit discovery where "the burden or

24  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

25  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

26  the litigation, and the importance of the proposed discovery in resolving the issues."

27

28

## IV. DISCUSSION

### A. General Objections

MGA contends that Mattel has improperly withheld documents based on three generalized objections. First, MGA contends that Mattel has asserted an objection based upon relevance to requests that are not related to facts specifically alleged in MGA's complaint. MGA contends the objection is improper because it essentially grafts a heightened pleading standard onto discovery requests, is inconsistent with the standard for discovery set forth in Rule 26(b), Fed.R.Civ.P., and goes against the very purpose of discovery. MGA denies "fishing" for new claims, contending that it is seeking discovery tending to support or refute existing claims.

Second, MGA contends that Mattel has improperly refused to produce "documents related to MGA's BRATZ dolls unless the documents are 'in the context' of Mattel's BARBIE or MY SCENE products." MGA's Motion at 9:10-11. MGA contends that all of the documents related to Bratz that it seeks are relevant, regardless of whether they refer to or contemplate Barbie or My Scene. In particular, MGA contends that documents related to Bratz, even if they do not refer to Barbie or My Scene, are relevant to its claims that (1) Mattel has exerted pressure on licensees not to license Bratz products; (2) Mattel has exerted pressure on retailers or distributors not to distribute Bratz products; (3) Mattel has tampered with Bratz displays; and (4) Mattel intentionally copied Bratz products.

Third, MGA contends that Mattel has improperly limited its production of My Scene documents to only those documents related to the specific acts of product and packaging infringement identified in MGA's complaint. MGA contends that it is entitled to far more, including documents concerning potential acts of infringement not mentioned in the complaint and documents concerning the development of the My Scene product line from inception of this suit to the present. In particular, MGA contends that documents concerning the current development of My Scene may tend to show continuing infringement, and therefore are relevant to prove that Mattel's conduct is willful.

1    Mattel contends that it has produced documents in response to many of MGA's requests,
2    and will continue to do so. Mattel objects, however, to those requests that require Mattel to
3    produce virtually every document, anywhere in the world, that mentions MGA, Larian, Bratz, or
4    any other MGA product. Mattel contends that MGA is engaging in an improper fishing
5    expedition, casting its requests so broadly as to require production of documents relating to
6    products and entire product lines that are irrelevant to the suit. Mattel also contends that the
7    requests are overbroad because they seek documents about subjects such as quality and pricing
8    which do not appear anywhere in MGA's pleadings. Id. Furthermore, Mattel contends that
9    MGA's requests are not linked in any manner to MGA's claims in the suit and do not reference
10   any particular alleged wrongdoing by Mattel.
11       Mattel also contends that responding to MGA's document requests would impose a
12   considerable, unjustifiable burden on Mattel. Mattel emphasizes that it is a large company, with
13   over 140 subsidiaries and affiliates in approximately 43 different countries. Mattel represents that
14   it has over 5,000 employees in the United States and more than 25,000 employees at subsidiaries
15   and affiliates worldwide.
16       Mattel also represents that its products are sold in thousands of stores. It represents that it
17   deals with Wal-Mart, Target, K-Mart, and Toys "R" Us on a daily basis, and that these four
18   retailers have more than 4,500 stores in the United States. Mattel also represents that it deals with
19   many hundreds more retailers domestically and overseas. Further, Mattel represents that it has
20   relationships with more than 1,400 licensees and licensors.
21       Mattel also represents that the toys it produces vary widely, including collectible card
22   games, electronic handheld devices, toy cars, and the Barbie doll line. Mattel asserts that it
23   introduces annually more than 2,000 different types of toys, dolls and other products in more than
24   150 nations throughout the world. Mattel asserts that many products often involve the creation of
25   many categories of documents relating to design, marketing, consumer and market research,
26   planning, engineering, cost, manufacturing, distribution, sales and finance. Mattel represents that
27
28

1   these types of documents are stored on Mattel's over 800 computer servers worldwide, and that

2   countless others are stored in hardcopy or stored on individual employees' desktop computers and

3   laptops.  Furthermore, Mattel represents that many of its network systems, including its e-mail

4   system, are not readily searchable, or searchable at all, by use of keyword terms.  For example,

5   Mattel asserts that the computer system used by Mattel's designers and engineers overwhelmingly

6   consists of graphical files whose content cannot be searched by keywords.

7          Mattel estimates that MGA and its products are referenced in millions of pages of

8   documents and computer files at Mattel.  More specifically, Mattel contends that many groups

9   across Mattel, such as marketing, consumer research, sales, finance, human resources and safety

10  testing, have documents that refer or relate to MGA or its products in some way.  Mattel also

11  contends that a large volume of this information is from third party analysts and third party

12  sources, including retail sales reports that track doll sales across the entire industry, newspaper

13  and magazine articles, commercials and advertisements.  Mattel also represents that it collects

14  great quantities of documents about its competitors that are readily available on the Internet or

15  other public sources, including catalogs, advertising, press releases, and media reports, and from

16  retailers and distributors throughout the world.

17         Furthermore, Mattel represents that its documents, particularly its marketing and sales

18  research documents, often reference many competing products, not just the Bratz dolls at issue.

19  Mattel contends that these types of documents would be difficult to search and collect because, in

20  many instances, the only way to determine whether a particular document mentions Bratz would

21  be to review the entire document.

22         Mattel contends that virtually any employee at Mattel might have documents that are

23  responsive to MGA's requests.  Mattel estimates that "to locate all such documents would take

24  years, cost millions of dollars, and seriously interfere with the operation of Mattel's business."

25  Mattel's Opposition at 17.  Matter also asserts that "[s]uch efforts – including search of Mattel's

26  servers, its employees' computer workstations, hard copy files, computer disks, and video files –

27

28

1 would be in addition to the cost of attorney review of the materials before they are produced in

2 litigation." Id.  Mattel also contends that the burden and expense of production is multiplied

3 several times further if Mattel is required to search the files in the possession of its worldwide

4 subsidiaries.

5      Mattel contends that even if the search for responsive documents could be accomplished,

6 the resulting document production would provide MGA with countless documents with little or

7 no relevance.  For example, Mattel anticipates that many documents would be discussions of the

8 competition in the context of irrelevant dolls, such as any number of mainline Barbie dolls.

9 Mattel contends that other documents would simply be third party market reports which are

10 equally available to MGA from public sources.  Accordingly, Mattel requests that the motion be

11 denied in full.

12      In its reply, MGA counters that the requests are not unduly burdensome.  MGA contends

13 that contrary to Mattel's assertions, the requests are factually self-limited, containing restrictive

14 language and defining the outer parameters for the documents sought.  Furthermore, MGA

15 contends that it told Mattel that it would be amenable to certain limitations on the number and

16 identities of custodians whose files must be searched, so long as Mattel was amenable to

17 reciprocal accommodations for MGA's own document review.  MGA contends that, at a

18 minimum, Mattel should be required to search the physical and electronic files of its employees.

19 MGA contends that Mattel should not be released wholesale from its discovery obligations based

20 on a purported burden, particularly when it failed to work with MGA in good faith to mitigate that

21 burden.

22      Lastly, MGA argues that any burden to Mattel is outweighed by the benefit to be secured

23 from the discovery.  MGA contends that it "realistically has no other way of obtaining documents

24 tending to support its claims that Mattel engaged in a pattern of conduct with suppliers,

25 distributors, licensees and others constituting unfair competition except from Mattel."  MGA's

26

27

28

Exhibit ___5___, P. 194

1   Reply at 10.  Therefore, MGA believes that the benefits of the discovery it seeks are

2   immeasurable and that in contrast, the burden to Mattel is not unreasonable.[1]

3   B. Document Requests

4        In addition to the three general objections described above, Mattel has asserted other

5   objections to certain categories of document requests which MGA contends are improper.  The

6   general objections stated above, as well as the additional objections asserted by Mattel, are

7   reviewed herein in the context of the nine categories of document requests at issue.

8                         1. Document Request Nos. 32-33, 61

9        Request nos. 32, 33 and 61 seek production of communications with sales personnel,

10  merchandisers and retailers relating to alteration of displays or retail spacing of MGA products

11  other than Bratz.  MGA contends that the documents it seeks are relevant to the allegation in

12  paragraph 79 of its complaint that "Mattel merchandisers have been caught tampering with

13  MGA's displays, replacing favorably located MGA merchandise with Mattel merchandise

14  instead."  In its reply brief, MGA clarifies that it "seeks information tending to show that at any

15  time after June 2001, Mattel sales personnel tampered with, or directed others to tamper with,

16  MGA's in-store displays."  MGA's Reply at 8.

17       During the meet and confer process, Mattel agreed to produce documents responsive to

18  request nos. 32-33 and 61 insofar as they related to displays, retail spacing, or shelf space for

19  Bratz, but refused to produce responsive documents relating to any other MGA products.  Glad

20  Decl. in Support of MGA's Motion, Ex. 1.  Mattel contends that request nos. 32 and 33 are

21  overbroad and unduly burdensome insofar as they require production of communications relating

22  to displays, retail spacing, or shelf-space for any other MGA products.  Mattel views the requests

23  as a directive to "go out and find, review and produce essentially all of its retailer

24  _____

25       [1] In a footnote, MGA mentions that Mattel has also withheld documents relating to conduct occurring
     outside of the United States, and that this issue will be addressed in a separate motion.  MGA's Motion at 10, n. 29.

26   Nothing in this Order is intended in any way to permit or foreclose discovery relating to conduct occurring outside of
     the United States.

27

28                                                                                                         12

1    communications about any 'change' in any 'display' or any 'retail spacing' for any MGA

2    product." Mattel's Opposition at 10.  Mattel contends that MGA, not Mattel, should bear the

3    burden of identifying specific incidents of alleged tampering, and thereafter Mattel will attempt to

4    find and produce pertinent documents relating to those incidents.  Id.

5           Mattel also contends that request no. 61 is overbroad and amounts to an improper fishing

6    expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other MGA

7    product, whether or not they have anything to do with anything placed at issue by MGA.  Mattel's

8    Opposition at 7-8.  Mattel also contends that the request has no linkage to any possible consumer

9    confusion between Bratz and My Scene or between the other products mentioned in MGA's

10   complaint or MGA's responses to Mattel's contention interrogatories.  Id. at 8.

11          Request nos. 32, 33, and 61 seek documents relevant to MGA's allegation that "Mattel

12   merchandisers have been caught tampering with MGA's displays, replacing favorably located

13   MGA merchandise with Mattel merchandise instead."  MGA's allegation of tampering is broader

14   than just Bratz products, and therefore, Mattel's objection to producing responsive documents for

15   MGA products other than the Bratz line is overruled.

16          Further, the requests are not unduly burdensome.  Request nos. 32 and 33 are limited to

17   communications between Mattel and its sales personnel and merchandisers relating to alterations

18   of display or retail spacing for MGA products, and therefore do not require Mattel to search for

19   documents from every single one of its employees.  Request no. 61 is also reasonably tailored to

20   seek relevant information, requiring production of communications between Mattel and any

21   retailer, sales person or merchandiser referring or relating to the allocation of shelf space, altering

22   of retail displays, or placement of Bratz in retail stores, including but not limited to

23   communications concerning the placement of "Bratz" relative to My Scene.  Contrary to Mattel's

24   assertion, request no. 61 does not require Mattel to search for virtually all documents that mention

25   MGA, Larian, Bratz, or any other MGA product, whether or not they have anything to do with

26   anything placed at issue by MGA.  Instead request no. 61 is clearly limited to a defined category

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                                        13

Exhibit  5 , P. 196

1   of communications with certain individuals and/or entities regarding a defined subject matter.  In

2   addition, MGA indicates in its reply brief that it seeks documents and communications from June

3   2001 forward.  With this temporal limitation, MGA's motion is granted as to request nos. 32, 33

4   and 61.

5                                    2. Document Request Nos. 37-39

6          Request nos. 37 through 39 call for production of Mattel's communications with CARU

7   relating to MGA and restrictions to be placed on MGA, as well as documents supporting Mattel's

8   allegation in its answer that MGA violated CARU standards.  MGA contends that the documents

9   it seeks are relevant to its allegation in paragraph 89 of its complaint that "Mattel used its

10  influence as a major contributor to CARU's budget to induce CARU to place onerous restrictions

11  on MGA advertisements, and to require MGA to amend aspects of commercials that have gone

12  unchallenged in other parties' commercials."

13         In its opposition brief, Mattel represents that is prepared to produce documents that bear

14  on MGA's claims and Mattel's defenses involving CARU, but nothing further.  Mattel contends

15  that the sweep of these requests "goes far beyond any particular advertisements or the allegations

16  in MGA's complaint that Mattel pressured CARU or obtained better treatment different than

17  MGA."  Mattel's Opposition at 10.  Furthermore, Mattel contends that the requests are improper

18  because CARU investigates complaints and claims in confidence.

19         MGA's request nos. 37 and 39 seek information relevant to MGA's allegation that Mattel

20  influenced CARU to place restrictions on MGA's advertisements.  The Federal Rules of Civil

21  Procedure do not require MGA to identify every instance when CARU imposed restrictions or

22  required amendments to MGA's advertisements before propounding discovery on the subject.

23         Request no. 38 is much broader, however, seeking all communications between Mattel

24  and CARU referring or relating to MGA, Larian, Bratz, or MGA products.  Request no. 38 is not

25  limited to the subject of MGA's advertisements, or any other subject that is at issue in the case.

26  Further, request no. 38 is, to a certain extent, cumulative of request nos. 37 and 39.

27

28                                                                                      14

1        Accordingly, MGA's motion is granted with respect to request nos. 37 and 39, but denied

2    as to request no. 38.

3                     3. Document Request No. 43

4        Request no. 43 seeks documents relating to any attempts by Mattel to price My Scene

5    below Bratz.  MGA contends that the documents it seeks are likely to lead to admissible evidence

6    relating to whether Mattel has an "organic process" for setting prices, or whether it set prices

7    based on confidential information obtained from MGA.  MGA's Motion at 13:22.

8        Mattel contends that there is no allegation in MGA's complaint of below-market pricing.

9    Further, Mattel contends that the request is overbroad and seeks documents that have no relevance

10   to any other subject matter in suit.

11       Request no. 43 seeks documents that have no relevance to any claim or defense in the

12   case.  There is no allegation in MGA's complaint related to below-market pricing.  Nor is there

13   any allegation that Mattel misappropriated confidential pricing information from MGA.

14   Accordingly, MGA's motion is denied as to request no. 43.

15                    4. Document Request No. 47

16       Request no. 47 calls for production of documents relating to Mattel's communications

17   with buyers, merchandisers, general merchandise managers, or retailers relating to whether MGA

18   was giving any other U.S. retailer below-market pricing or whether MGA was discontinuing one

19   of its product lines.  MGA contends that these documents are relevant to the allegation in

20   paragraph 79 of its complaint that "Mattel has falsely told a major United States retailer that

21   MGA was giving another major United States retailer below-market pricing and falsely told a

22   United Kingdom retailer that MGA was discontinuing one of its lines."

23       Mattel contends that request no. 47 is improper because it demands documents about

24   "alleged statements to an unidentified retailer and an unidentified toy line" without giving Mattel

25   "a hint as to where to look in order to perform a good-faith search for documents."  Mattel's

26   Opposition at 12.

27

28

1    Request no. 47 seeks documents relevant to MGA's allegation that Mattel made a false

2    representation to a major United States retailer that MGA was giving another retailer below-

3    market pricing, and falsely told a United Kingdom retailer that MGA was discontinuing a product

4    line.  The Federal Rules of Civil Procedure do not require MGA to identify the businesses to

5    whom Mattel allegedly made the false statements as a precondition to propounding discovery.

6    Nor is MGA required to identify every instance in which Mattel allegedly made such false

7    representations before propounding discovery.  Nevertheless, the request is extremely broad and

8    burdensome, requiring Mattel to search for "all documents referring or relating to any

9    communications between Mattel" and buyers, merchandisers, general merchandise managers, or

10   retailers referring or relating to whether MGA was giving another United States retailer below-

11   marketing pricing, or whether MGA was discontinuing one of its lines.  To alleviate some of the

12   burden to Mattel, the request is hereby limited to require production of only Mattel's

13   communications with any buyers, merchandisers, general merchandise managers or retailers

14   about MGA providing below-market pricing or MGA discontinuing a product line.  With this

15   limitation, MGA's motion is granted as to request no. 47.

16                              5. Document Request Nos. 48 – 50

17   Request nos. 48 through 50 essentially seek all documents referring or relating to Mattel's

18   communications with any buyers, merchandisers, general merchandise managers, retailers,

19   suppliers, licensees, and potential licensees, referring or relating to Bratz, Larian or MGA

20   regarding the origins, design, development, product launch, sales, promotions, advertising,

21   quality, or price of Bratz or any other MGA product.  During the meet and confer, Mattel agreed

22   to produce some, but not all, responsive documents.  In particular, Mattel objected to producing

23   documents relating to the pricing of Bratz or any MGA product.  Mattel also objected to

24   producing documents relating to Bratz unless the documents also referenced Mattel's My Scene

25   or Barbie products.

26

27

28

1    MGA contends that these documents are relevant to its allegation that Mattel interfered

2    with its business dealings with third parties.  In its reply brief, MGA asserts that it seeks

3    documents and communications between Mattel and certain third parties "from June 2001 tending

4    to support or refute MGA's assertions that Mattel interfered with MGA's dealings with such

5    parties by providing false or misleading information concerning MGA products, the ownership of

6    'Bratz' and exerting pressure on these parties not to license or sell MGA products."  MGA's

7    Reply at 8.

8        Mattel contends that these requests are overbroad and amount to an improper fishing

9    expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other MGA

10   product, whether or not they have anything to do with anything placed at issue by MGA.  Mattel's

11   Opposition at 7-8.  Mattel also contends that the requests have no linkage to any possible

12   consumer confusion between Bratz and My Scene or between the other products mentioned in

13   MGA's complaint or MGA's responses to Mattel's contention interrogatories.  Id. at 8.

14       This category of requests is clearly overbroad, requiring production of documents that

15   merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they

16   have anything to do with the claims and defenses in the case.  MGA has not made any attempt to

17   link these requests to any of the numerous and far-ranging allegations of unfair competition set

18   forth in its complaint.  Instead MGA makes a very generalized argument that the requests seek

19   information relevant to its allegation that Mattel interfered with MGA's business dealings with

20   third parties.  Furthermore, Mattel has carried its burden of establishing that the burden and

21   expense of complying with the requests far exceed their likely benefit, taking into account the

22   needs of the case.  Accordingly, MGA's motion is denied as to request nos. 48 through 50.

23                        6. Document Request Nos. 51 - 55

24       This category of document requests requires production of essentially all documents

25   referring or relating to any communications between Mattel and any public relations firms,

26   members of the press, current or former MGA employees, or former Mattel employees, relating to

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

17

Exhibit _5_, P. _200_

1   Bratz, Larian, or MGA regarding the origins, design, development, product launch, sales,

2   promotions, advertising, quality, or price of Bratz or any other MGA product. During the meet

3   and confer process, Mattel agreed to produce some, but not all responsive documents.

4    MGA contends that these documents are relevant to its allegations that Mattel has engaged

5   in serial imitation of MGA products in an attempt to dilute their distinctiveness and create

6   confusion in the marketplace. MGA also contends that these documents are likely to lead to

7   admissible evidence relating to the creation and ownership of Bratz, Mattel's knowledge and

8   awareness of Bratz products and marketing and its attempt to imitate those products and dilute

9   their distinctiveness.

10    Mattel contends that these requests are overbroad and amount to an improper fishing

11   expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other MGA

12   product, whether or not they have anything to do with anything placed at issue by MGA. Mattel's

13   Opposition at 7-8. Mattel also contends that the requests have no linkage to any possible

14   consumer confusion between Bratz and My Scene or between the other products mentioned in

15   MGA's complaint or MGA' responses to Mattel's contention interrogatories. Id. at 8.

16    Like the previous category of requests, this category of requests is grossly overbroad,

17   requiring production of documents that merely mention MGA, Larian, Bratz or other MGA

18   products, regardless of whether or not they have anything to do with the claims and defenses in

19   the case. MGA has not made any attempt to link these requests to any of the allegations of unfair

20   competition set forth in its complaint or to the responses it provided to Mattel's contention

21   interrogatories. Furthermore, Mattel has carried its burden of establishing that the burden and

22   expense of complying with these requests far exceed their likely benefit, taking into account the

23   needs of the case. Accordingly, MGA's motion is denied as to request nos. 51-55.

24         7. Document Request Nos. 56 – 58

25    This category of requests requires production of all documents relating to business

26   dealings between any licensee, supplier, manufacturer, retailer, distributor, or merchandiser and

27

28

1   MGA. MGA contends that these document requests are specifically tailored to documents in

2   Mattel's possession, custody or control concerning MGA's business dealings with licensees,

3   suppliers, manufacturers, retailers, distributors, or merchandisers, and are directly relevant to its

4   claims that Mattel interfered with MGA's business dealings with third parties.

5          Again, Mattel contends that these requests are overbroad and amount to an improper

6   fishing expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other

7   MGA product, whether or not they have anything to do with anything placed at issue by MGA.

8   Mattel's Opposition at 7-8. Mattel also contends that the requests have no linkage to any possible

9   consumer confusion between Bratz and My Scene or between the other products mentioned in

10  MGA's complaint or MGA' responses to Mattel's contention interrogatories. Id. at 8. Mattel

11  also objects to request nos. 57 and 58 insofar as they require Mattel to produce documents that

12  refer "explicitly or implicitly" to business dealings involving MGA.

13         Like the previous two categories of document requests, this category of requests is grossly

14  overbroad. Request nos. 56 and 57 require production of documents referring or relating to

15  MGA's business dealings, without specifying any products or other subject matter limitations.

16  Request no. 58 is narrower, but is unreasonable insofar as it requires Mattel to produce documents

17  that refer "explicitly or implicitly" to business deals involving MGA's Bratz or other products.

18  Furthermore, Mattel has carried its burden of establishing that the burden and expense of

19  complying with the requests far exceed their likely benefit, taking into account the needs of the

20  case. Accordingly, MGA's motion is denied as to request nos. 56 through 58.

21                  8. Document Request Nos. 59, 60, 62-63, 99, 101

22         This category of requests requires production of all documents relating to (a) any

23  interference with or inhibition of the licensing or potential licensing of MGA's products, or

24  relating to any limitations or restrictions on any MGA licensee (request nos. 59, 62-63); (b) any

25  third party's licensing or potential licensing of MGA products (request no. 60); and (c)

26  communications between Mattel and MGA's licensees and distributors referring to MGA, Bratz

27

28

1   or the claims in this lawsuit (request nos. 99, 101). MGA contends that the documents it seeks are

2   relevant to its allegation that Mattel exerted its influence on retailers and other third parties not to

3   do business with MGA.

4         Mattel contends that request nos. 59, 60, 62 and 63 are overbroad, seeking all documents

5   that might bear on MGA's business without identifying any particular business dealings. Mattel

6   also contends that they are overbroad insofar as they require production of all documents related

7   to "any MGA PRODUCT world wide," where "product" is defined as "each image, character,

8   logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been

9   manufactured, marketed or sold by MGA or others under license." Mattel's Opposition at 9.

10        Mattel also contends that request nos. 99 and 101 are overbroad and amount to an

11  improper fishing expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or

12  any other MGA product, whether or not they have anything to do with anything placed at issue by

13  MGA. Mattel's Opposition at 7-8. Mattel also contends that the requests have no linkage to any

14  possible consumer confusion between Bratz and My Scene or between the other products

15  mentioned in MGA's complaint or MGA' responses to Mattel's contention interrogatories. Id. at

16  8.

17        Request nos. 59, 60, 62, and 63 seek information relevant to MGA's allegations, including

18  among others, that Mattel "warned a number of companies, including the biggest publishing

19  entity in the United Kingdom, not to license MGA products, or risk retribution," and that Mattel

20  "terminated one of its licensees, apparently in retribution for licensing Bratz." MGA's Complaint

21  at ¶76. They are also reasonably tailored to require production of only those documents and

22  communications that refer or relate to interference with or inhibition of the licensing or potential

23  licensing of MGA's products, that refer or relate to any limitations or restrictions on any MGA

24  licensee, and that refer or relate to any third party's licensing or potential licensing of MGA

25  products. Mattel has not established that searching for theses types of responsive documents is

26  unduly burdensome. Therefore, MGA's motion is granted as to request nos. 59, 60, 62 and 63.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit  5  , P. 203

20

1      In contrast, however, request nos. 99 and 101 are overbroad, requiring Mattel to search for

2  and produce all documents referring or relating to communications between Mattel and any MGA

3  licensee or distributor that refer or relate to MGA, Bratz, this lawsuit, other litigation involving

4  the parties or their employees, claims by MGA against Mattel or claims by Mattel against MGA

5  or its employees.  For example, the requests would potentially require production of documents

6  that merely mentioned MGA and Bratz but that otherwise have no relevance to the claims and

7  defenses in the suit.  Therefore, MGA's motion is denied as to request nos. 99 and 101.

8  <u>9. Document Request Nos. 64, 65, 66, 67</u>

9      This category of requests requires production of all documents relating to (a) any third

10  party's agreement or decision not to license, manufacture, promote, distribute or sell MGA

11  products or supply materials or services to MGA, or to limit, restrict, curtail or reduce such

12  activities (request nos. 64-65); and (b) any interference with or inhibition of the supply of goods

13  or services to MGA, or of MGA's distribution of its products (request nos. 66-67).  MGA

14  contends that these documents are relevant to its claims that Mattel interfered with MGA's

15  business dealings with distributors, retailers, and other third parties, as alleged in paragraphs 76-

16  79 of its complaint.

17      Mattel contends that these requests are overbroad, seeking all documents that might bear

18  on MGA's business without identifying any particular business dealings.  Mattel also contends

19  that they are overbroad insofar as they require production of all documents related to "any MGA

20  PRODUCT world wide," where "product" is defined as "each image, character, logo, doll, toy,

21  accessory, product, packaging or other thing or matter that is or has ever been manufactured,

22  marketed or sold by MGA or others under license."  Mattel's Opposition at 9.

23      These requests seek information relevant to MGA's allegation that Mattel interfered with

24  its business dealings.  In particular, MGA has alleged that Mattel "warned a number of

25  companies, including the biggest publishing entity in the United Kingdom, not to license MGA

26  products, or risk retribution," and that Mattel "terminated one of its licensees, apparently in

27

28

Exhibit __5__, P. _204_

1   retribution for licensing Bratz." MGA's Complaint at ¶76.  MGA's requests are reasonably

2   calculated to lead to information relevant to this allegation.  Although the definition of product is

3   broad, the definition does not render the requests overbroad because they are otherwise limited in

4   subject matter.  Further Mattel has failed to establish that it is unduly burdensome to search for

5   and produce documents responsive to this category of requests.  Therefore, MGA's motion is

6   granted as to request nos. 64, 65, 66, and 67.

7                          10. Document Request Nos. 102-104

8        This category of requests requires production of Mattel's communications with three

9   companies referring to MGA, Bratz or Larian.  MGA contends that these documents are relevant

10  to its claims that Mattel interfered with its business dealings with third parties.

11       Mattel now represents that it will produce communications with Nickelodeon that bear on

12  MGA's allegation regarding sponsorship of the 2005 Kids Choice Awards.  Mattel contends,

13  however, that communications with Cartoon Network or 4kids Entertainment are not relevant to

14  any claim or defense in suit.

15       Mattel's communications with Nickelodeon regarding MGA, Bratz or Larian are relevant

16  in light of MGA's allegation that Mattel was "instrumental in attempting to keep MGA from

17  participating as a sponsor in the 'Kids' Choice Awards.'"  Id. at ¶97.  Therefore, MGA's motion

18  is granted as to request nos. 102.  In contrast, MGA has failed to establish that similar

19  communications with Cartoon Network and 4kids Entertainment are relevant to a claim or

20  defense in suit.  Therefore, MGA's motion is denied as to request nos. 103 and 104.

21  //

22  //

23  //

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                        22

Exhibit __5__, P. _205_

1

## V. CONCLUSION

2      For the reasons set forth above, MGA's motion to compel is granted in part as to

3  document request nos. 32 ( as modified), 33 (as modified), 61 (as modified), 37, 39, 47 (as

4  modified) , 59, 60, 62, 63, 64, 65, 66, 67, and 102, and denied in part as to document request nos.

5  38, 43, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 99, 101, 103 and 104.  MGA's request for

6  sanctions is denied.  Mattel shall produce responsive documents as set forth above no later than

7  June 15, 2007.

8      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

9  Master, MGA shall file this Order with the Clerk of Court forthwith.

10

11  Dated: May 22, 2007

12                                    HON. EDWARD A. INFANTE (Ret.)

                                      Discovery Master

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 5, P. 206

23

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 22, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DATED NOVEMBER 22, 2006 in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 22, 2007, at San Francisco, California.

ANTHONY SALES

Exhibit __5__, P. __207__

Exhibit 6

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11 | CARTER BRYANT, an individual,       | CASE NO. CV 04-9049 SGL (RNBx)

12 |          Plaintiff,                  | Consolidated with
                                          | Case No. CV 04-09059
13 |                                      | Case No. CV 05-02727
14 |      vs.                             |
                                          | **DISCOVERY MATTER**
15 | MATTEL, INC., a Delaware             |
   | corporation,                         | **[To Be Heard By Discovery Master
16 |                                      | Hon. Edward Infante (Ret.) Pursuant
   |          Defendant.                  | to Court's Order of December 6,
17 |                                      | 2006]**

18 |                                      | DECLARATIONS OF ERIN BRIC
   | AND CONSOLIDATED ACTIONS            | AND SERGIO HERNANDEZ IN
19 |                                      | SUPPORT OF OPPOSITION OF
   |                                      | MATTEL, INC. TO MGA
20 |                                      | ENTERTAINMENT INC.'S MOTION
   |                                      | TO COMPEL
21

22 |                                      | Hearing Date:      TBA
   |                                      | Time:              TBA
23 |                                      | Place:             TBA

24 |                                      | Discovery Cut-off: March 3, 2008
   |                                      | Pre-trial Conference: June 2, 2008
25 |                                      | Trial Date: July 1, 2008

26

27

28

07975/2106517.1

BRIC AND HERNANDEZ DECLARATIONS ISO MATTEL'S OPPOSITION TO MOTION TO COMPEL

Exhibit __5__, P. 208

# DECLARATION OF ERIN BRIC

I, Erin Bric, declare as follows:

1. I am Leadership Development Coordinator for Mattel, Inc. ("Mattel"). I make this declaration based on personal, firsthand knowledge, my review of the corporate records available to me, and my knowledge of Mattel and its operations, and, if called and sworn as a witness, I could and would testify competently thereto.

2. Mattel is the world's most successful toy company, with more than 140 subsidiaries and affiliates in 43 countries. Currently, Mattel sells over 10,000 different types of toys and dolls in more than 150 nations throughout the world. These toys vary widely, including, for example, collectible card games, electronic handheld devices, toy cars, and the BARBIE doll line. Mattel typically introduces more than 2,000 new toys each year.

3. Mattel has over 25,000 employees worldwide. In the United States, Mattel has more than 5,000 employees.

4. The four major retailers in the U.S. with which Mattel deals on a daily basis -- Wal-Mart, Target, K-Mart and Toys R Us -- report that they have more than 4,500 stores in the United States. Mattel deals with many hundreds more retailers and distributors domestically and overseas. Mattel has relationships with more than 1,400 licensees and licensors.

5. Many products require or often involve the creation of many categories of documents relating to the design, marketing, consumer research, planning, engineering, costing, manufacture, distribution, sales, and finance. In addition to these types of documents, which are stored on Mattel's over 800 computer servers worldwide, countless other documents are in hardcopy or stored on individual employees' desktop computers and laptops.

6. As part of my responsibilities at Mattel, I am generally familiar with products publicly sold by MGA. Over the past three years, MGA has sold, directly or through its licensees, hundreds of different products, including such diverse

-2-
BRIC AND HERNANDEZ DECLARATIONS ISO MATTEL'S OPPOSITION TO MOTION TO COMPEL

Exhibit  6 , P. 209

1   products as a "Spider-Man" memory game, a "Creature Mix" line of mix-and-match
2   animals, and its entire line of "Little Tikes" products for small children.  It sells
3   these products in dozens of different geographic markets around the globe.  MGA's
4   Bratz doll line has consisted of at least many dozens of dolls and licensed products
5   that compete against Mattel's dolls and other products in dozens of different
6   geographic markets, including throughout Europe, Mexico and Australia.  The Bratz
7   doll line has been sold since approximately mid-2001.  The press has reported that
8   MGA has sold more than 120 million Bratz dolls to date.

9          7.     I am informed that the defendant  in this case, MGA, is demanding that
10  Mattel search for and produce, among other things, all Mattel documents throughout
11  the U.S. and the world that make any reference to MGA, its CEO, Isaac Larian,
12  Bratz, and other products manufactured and licensed by MGA.  Given that MGA is
13  a competitor, MGA and its products are certainly referenced in millions of pages of
14  documents and computer files at Mattel.  MGA and its products are referenced in
15  relation to consumer testing, retail sales, market reports, and so forth.  A great
16  volume of this information in Mattel's possession is from third party analysts and
17  third party sources, including retail sales reports that track doll sales across the
18  entire industry, newspaper and magazine articles, commercials and advertisements.
19  One example is NPD, which provides retail sales data on MGA's products as well as
20  on thousands of other products in the toy industry.  Hundreds of employees at
21  Mattel in the U.S. have access to and make decisions based on NPD data, or have
22  sent or received communications that reference the data.  Mattel would have to
23  search through each of these employees' hard copy files and electronically stored
24  information to determine whether their copies of this data, or any related documents
25  that might have been created by Mattel, include a reference to MGA products.

26         8.     In order to compete in the marketplace, Mattel also collects great
27  quantities of documents about its competitors that are readily available on the
28  Internet or other public sources, including catalogs, advertising, press releases, and

-3-
BRIC AND HERNANDEZ DECLARATIONS ISO MATTEL'S OPPOSITION TO MOTION TO COMPEL

Exhibit _6_, P. _216_

1   media reports, and from retailers and distributors throughout the world.  MGA,

2   Larian, Bratz and other MGA products are undoubtedly referenced in much of this

3   material.

4        9.      Mattel also conducts, on an on-going basis, its own voluminous internal

5   marketing and sales research on competing toys, including not only the Bratz dolls,

6   but many other MGA products.  Mattel conducts, on an almost daily basis, focus

7   group marketing testing with consumers on a wide variety of competitive doll

8   products.  Mattel has thousands of documents, videotapes and other materials

9   relating to focus group testing alone that in some way reference Bratz dolls.

10  Moreover, Mattel frequently conducts comparative safety testing and thus also has

11  numerous testing reports that refer to competing dolls, including not only Bratz but

12  many other MGA products, in some way.

13       10.     Also, Mattel's documents and reports often include references to many

14  competitive products in the market, not just a single competing toy.  For example,

15  marketing and consumer research reports and analysis will often cover not just Bratz

16  dolls, but any number of dolls that compete against Mattel's doll lines.  In many

17  instances, the only way to tell whether a particular report, document or tape

18  mentions Bratz dolls is to review the entire report, document or tape.

19       11.     These millions of documents are not centrally organized by subject

20  matter or competitor, or by product line, even on a departmental basis.  In El

21  Segundo, California alone, Mattel employs at least 320 people who work, in whole

22  or in part, on BARBIE brand products.  Virtually all of these people are likely to

23  have documents and other materials that mention or refer to Bratz dolls (as well as

24  the many other competing dolls on the market).  Even Mattel employees who focus

25  on marketing or design for the HOT WHEELS and MATCHBOX lines of toys

26  might have documents that refer to MGA or MGA's product lines, especially now

27  that Mattel has introduced the POLLY POCKET "Wheels" playset line, which

28  combines toy cars with POLLY POCKET dolls.

-4-

BRIC AND HERNANDEZ DECLARATIONS ISO MATTEL'S OPPOSITION TO MOTION TO COMPEL
Exhibit __6__, P. _211_

1  might have documents that refer to MGA or MGA's product lines, especially now

2  that Mattel has introduced the POLLY POCKET "Wheels" playset line, which

3  combines toy cars with POLLY POCKET dolls.

4          12.    Simply put, any employee at Mattel might have documents that

5  are responsive to MGA's requests.  To locate all such documents would take years,

6  cost millions of dollars, and seriously interfere with the operation of Mattel's

7  business.  This burden and expense would be multiplied several times further if

8  Mattel were required to search the files in the possession of its separate worldwide

9  subsidiaries and affiliates.  Expanding a search to all documents referring to MGA

10  products would necessitate interviewing thousands of employees throughout the

11  world, and copying and reviewing the contents of every employee's desktop or

12  laptop computer.  The burden of searching for such documents from all of these

13  employees is incalculable.

14          I declare under penalty of perjury under the laws of the United States of

15  America that the foregoing is true and correct.

16          Executed this 25th day of April, 2007, at El Segundo, California.

17

18

19          Erin Bric

20

21

22

23

24

25

26

27

28

Exhibit 6, P. 212

## DECLARATION OF SERGIO HERNANDEZ

I, Sergio Hernandez, declare as follows:

1.     I am Lead Systems Engineer for plaintiff Mattel, Inc. ("Mattel").  I make this declaration of personal, firsthand knowledge and based on my review of the corporate records available to me and my knowledge of Mattel and its operations, and, if called and sworn as a witness, I could and would testify competently thereto.

2.     As part of my responsibilities at Mattel, I work with Mattel's information technology systems. Accordingly, I am familiar with the breadth of Mattel's global information technology resources as well as the information technology resources used by Mattel's El Segundo location.

3.     Vital to Mattel's operations are several computer systems and networks, some of which are extremely large.  Mattel currently maintains over 800 computer servers worldwide.  The computer servers that hold the bulk of Mattel's operational materials in the United States, including product information and documents maintained in the normal course of Mattel's business, contain over 76 terabytes of data.  Among these are two email servers maintained in El Segundo cumulatively hold over 1.5 terabytes of data.  Mattel's email systems at its El Segundo headquarters currently use two servers connected to approximately 2,300 computers.  Employees communicate among each other, and with third parties including vendors, retailers, distributors, manufacturers, shippers and so forth, by email.  I would estimate that more than 180,000 emails are exchanged among Mattel's employees in El Segundo each workday.

4.     Countless other electronic documents are stored in electronic form on individual employees' computer workstations.  Mattel owns or leases approximately 11,000 desktop and laptop computers worldwide.  At the El Segundo location alone,

-6-

BRIC AND HERNANDEZ DECLARATIONS ISO MATTEL'S OPPOSITION TO MOTION TO COMPEL

Exhibit __6__, P. __213__

1  over 3,000 Mattel employees have, collectively, used thousands of computers,

2  software programs, and other computer hardware since January 1, 1998.

3      5.      Many of the network systems are not readily searchable, or searchable

4  at all, by use of keyword terms.  For example, Mattel's Zeus system, which a

5  computer system largely used by Mattel designers and engineers, overwhelmingly

6  consists of graphical files whose content cannot be searched by keywords.

7  Likewise, Mattel's Exchange servers for its email system are not currently

8  searchable by keywords.  It would cost in the neighborhood of $900,000 to acquire

9  the appropriate software tools to perform such search functions on the Exchange

10 servers.

11     6.      To locate all documents referencing MGA would require, in addition to

12 gathering data from the central servers, manually pulling documents from each and

13 every workstation, and additional laptop computers.  Such efforts would be in

14 addition to the cost of attorney review of the materials before they are produced in

15 litigation.

16     7.      The burden and expense is multiplied several times further if Mattel

17 were required to search the files in the possession of its worldwide subsidiaries.  In

18 that case, Mattel would be required to search and gather data from all 800 servers,

19 and, in addition, the workstations and laptop computers of more than 10,000

20 employees worldwide.

21         I declare under penalty of perjury under the laws of the United States of

22 America that the foregoing is true and correct.

23         Executed this 25th day of April, 2007, at El Segundo, California.

24

25

26                                            Sergio Hernandez

27

28

07975/2106517.1

-7-

BRIC AND HERNANDEZ DECLARATIONS ISO MATTEL'S OPPOSITION TO MOTION TO COMPEL

Exhibit __6__, P. _214_