UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>        Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>**[PROPOSED] ORDER REGARDING VARIOUS DISCOVERY MOTIONS, APPLICATIONS AND OTHER MATTERS UPON WHICH THE COURT RULED ON MAY 27, 2008** |

07209/2520274.2

[Proposed] Order Regarding Certain Motions Heard on May 27, 2008
Case No. CV 04-9049 SGL (RNBx)

## ORDER

Pursuant to the Court's request dated May 27, 2008, Mattel, Inc. ("Mattel") and MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V. (collectively, the "MGA Parties") jointly submit this [Proposed] Order regarding the Court's rulings on the various discovery motions, applications and other matters heard by the Court on May 27, 2008, the Honorable Stephen G. Larson presiding. After consideration of the motions, applications and other matters, the papers filed in support thereof and in opposition thereto, the argument of counsel and the other pleadings and papers on file in this action, and good cause appearing therefor, IT IS HEREBY ORDERED that:

1. Mattel's *Ex Parte* Application for Order That There Is No Basis Under the Protective Order for Mattel to Return Five Documents Produced by MGA is GRANTED IN PART AND DENIED IN PART. The Court grants Mattel's application as to the Payment List (MGA 3819497-506), the Employee List One (MGA 0868630-631) and the Employee List Two (MGA 1134723-730). The Court denies Mattel's application as to the Bratz Sales Sheet (MGA 0815789). Mattel's application as to the December 7, 2000 facsimile (MGA 0829296) has been resolved through the meet and confer process.

2. Mattel's Motion to Enforce Trial Subpoenas Issued to Ana Cabrera and Beatriz Morales is DEFERRED as not ripe for consideration.

3. Mattel's Motion for Order Enforcing the Court's December 27, 2007 Order Compelling Isaac Larian to Produce Certain Documents is DENIED, and Mattel's *Ex Parte* Application to Expedite the Court's Hearing of Mattel's Motion for Order Enforcing the Court's December 27, 2007 Order Compelling Isaac Larian to Produce Certain Documents is DENIED as moot.

4. Mattel's Motion for Order Compelling Isaac Larian to Respond to Trial Subpoena is GRANTED IN PART and DENIED IN PART. Isaac Larian is ordered to have available for his testimony at trial the documents referenced in item number

4 of his trial subpoena, including without limitation documents sufficient to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and net profits up through and including the end of fiscal year 2007.

    5. Mattel's Motion for Order Compelling Production of Communications Made in Furtherance of Crimes and Frauds is DENIED without prejudice. The Court will reconsider this Motion in the context of the trial.

    6. Mattel's Motion to Enforce the Discovery Master's May 7, 2008 Order is GRANTED. Wachovia is ordered to produce all loan agreements and loan documents related to any loans that MGA entered into, sought, or requested from Wachovia in 1999 and 2000, including those related to earlier loan agreements or financing agreements.

    7. Donald Moon's Motion to Quash MGA Trial Subpoena Issued to Donald K. Moon is DENIED. Mattel may reserve all objections as to relevance.

    8. Mattel's Motion for Order Finding That Certain Documents Are Authentic, Granting Adverse Inference Jury Instructions and Precluding Certain Testimony Based on Invocation of Fifth Amendment and MGA's Violation of Court Orders is DENIED without prejudice. The Court will treat the motion as a trial brief and will allow the MGA Parties to file a trial brief on the matter.

    9. The MGA Parties' Motion to Strike Portions of the Pretrial Conference Order is GRANTED IN PART and DENIED IN PART. The Court denies the motion as to the "Bratz" name. The Court grants the motion as to the registration of the control drawing.

SO ORDERED:

Dated: _____

                                                The Honorable Stephen G. Larson