# Exhibit 10

KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Dept: Courtroom 1<br>Judge: Hon. Stephen G. Larson<br><br>Discovery Cut-Off: Jan. 14, 2008<br>Pre-Trial Conference: April 7, 2008<br>Trial Date: April 29, 2008 |

Counter-defendant Carter Bryant ("Bryant") replies to Mattel's counter-claims, set forth in Mattel's Second Amended Answer and Counterclaims, as follows:

As a preliminary matter, Bryant notes that many of Mattel's allegations implicitly include false premises or assumptions. Bryant's denial of any allegation

SERVED ON US BY OVERNIGHT COURIER
DATED: 8|13|07

1

## Affirmative Defenses

Bryant states the following affirmative defenses, but does so without assuming the burden of proof on any defense or issue for which that burden rests with Mattel or any other party, and without admitting any wrongful conduct by any defendant or that Mattel has any right to relief of any kind:

### First Affirmative Defense (Failure to State a Claim)

Mattel's counterclaims, and each claim for relief, fail to state a claim upon which relief may be granted.

### Second Affirmative Defense (Unclean Hands)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of unclean hands.

### Third Affirmative Defense (Waiver)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of waiver.

### Fourth Affirmative Defense (Estoppel)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of estoppel.

### Fifth Affirmative Defense (Laches)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of laches.

### Sixth Affirmative Defense (Consent)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of consent.

### Seventh Affirmative Defense (Statute of Limitations)

Mattel's counterclaims, and each claim for relief, are barred by the applicable statutes of limitations, including but not limited to Code of Civil Procedure §§ 337, 339, 343, and 338(c).

400554.01

Exhibit 10 , P. 149

# Exhibit 11

1  ROBERT F. MILLMAN, Bar No. CA 062152
   DOUGLAS A. WICKHAM, Bar No. CA 127268
2  LITTLER MENDELSON
   A Professional Corporation
3  2049 Century Park East, 5th Floor
   Los Angeles, CA 90067.3107
4  Telephone:  310.553.0308
   Facsimile:   310.553.5583
5
   Attorneys for Defendant
6  CARTER BRYANT

7
                   UNITED STATES DISTRICT COURT
8
                  CENTRAL DISTRICT OF CALIFORNIA
9

10  MATTEL, INC., a Delaware              Case No. CV 04 3431 NM (RBx)
11  Corporation,
                                          DEFENDANT'S FIRST SET OF
12              Plaintiff,                 INTERROGATORIES
                                          PROPOUNDED ON PLAINTIFF
13        v.                              MATTEL, INC.

14  CARTER BRYANT, an individual;
    and DOES 1 through 10, inclusive,     Action Filed: April 27, 2004
15
                Defendant.
16

17
    PROPOUNDING PARTY:     DEFENDANT, CARTER BRYANT
18
    RESPONDING PARTY:      PLAINTIFF, MATTEL, INC.
19
    SET:                   ONE
20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

                              INTERROGATORIES

                        Exhibit 11 , P. 150

TO PLAINTIFF MATTEL, INC. AND ITS ATTORNEYS OF RECORD, QUINN EMANUEL URQUHART OLIVER & HEDGES:

Defendant Carter Bryant (hereinafter "Defendant" or "Bryant") hereby requests, pursuant to Federal Rule of Civil Procedure Rule 33, that Plaintiff MATTEL, Inc. (hereinafter "Plaintiff" or "MATTEL") answer in writing and under oath the following Interrogatories within 30 days of service hereof.

## DEFINITIONS

1.    "PERSON" or "PERSONS" means any or all entities, including, but not limited to, any or all individuals, single proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

2.    The singular and plural forms of words are used interchangeably, as are the masculine and feminine forms and the present and past tenses of verbs.

3.    "IDENTIFY" means:

A.    when used in reference to a natural PERSON, to state the individual's full name, present or last known residence and business addresses, social security number, present or last known position and business affiliation, and present or last known e-mail and telephone number;

B.    when used in reference to a corporation, partnership, or other entity, to state the full and complete corporate name, the organizational format (e.g., corporation, partnership, limited liability partnership), the present or last known address of its principal place of business, the present or last known e-mail address and telephone number, the date on which it commenced doing business, each and every officer of the company, and each

2.

INTERROGATORIES

Exhibit  11 , P. 151

and every stockholder of a corporation or partner of a partnership, or anyone holding an equity interest in the entity;

C.   when used in reference to a DOCUMENT, to state the date, identity of the author, addressee(s), signatories, parties, or other PERSONS identified therein, the type of DOCUMENT (e.g., letter, memorandum, chart, etc.), its present location or custodian and a brief topical description of its contents; and

D.   when used in reference to a COMMUNICATION, to state the date, IDENTIFY the parties, the type of COMMUNICATION, and a brief description of its contents.

4.   "RELATE TO" and "RELATING TO" mean in any way directly or indirectly, concerning, referring to, pertaining to, mentioning, discussing, describing, disclosing, confirming, supporting, evidencing, representing, or being connected with a stated subject matter or any aspect thereof.

5.   "AND" and "OR" mean either the conjunctive or the disjunctive as context may require so that the meaning of the term is inclusive rather than exclusive.

6.   "MATTEL," "PLAINTIFF," "YOU" or "YOUR" refer to Plaintiff MATTEL, Inc. and its officers, directors, agents, employees and all persons acting under its direction or control or on its behalf.

## INTERROGATORY NO. 1:

State all facts supporting YOUR contention, if YOU so contend, that Bryant performed services or did any work for a third party or for himself while in the employ of MATTEL.

## INTERROGATORY NO. 2:

State all facts supporting YOUR contention, if YOU so contend, that Bryant for his own gain, or the gain of any third party, at any time converted, improperly used,

3.

INTERROGATORIES

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1    sold, assigned or otherwise transferred any work product of his creation which YOU

2    believe was owned by MATTEL.

3    **INTERROGATORY NO. 3:**

4        State all facts supporting YOUR contention, if YOU so contend, that Bryant for

5    his own gain, or the gain of any third party, at any time converted, used, sold, assigned

6    or otherwise transferred any MATTEL work product owned at any time by MATTEL

7    or created by any MATTEL employee other than Bryant, or by any independent

8    contractor, during the time that such PERSON was working for MATTEL.

9    **INTERROGATORY NO. 4:**

10       State all facts supporting YOUR contention, if YOU so contend, that any

11    product sold by MGA Entertainment, Inc. ("MGA") under the trade name "Bratz"

12    originated from, is derived from, is based on, copies, incorporates, or is substantially

13    or confusingly similar to any design or work product created or worked on by Bryant

14    while employed by MATTEL.

15    **INTERROGATORY NO. 5:**

16       State all facts supporting YOUR contention, if YOU so contend, that any

17    product sold at any time by MGA under the trade name "Bratz" originated from, is

18    derived from, is based on, copies, incorporates, or is substantially or confusingly

19    similar to any design or work product owned at any time by MATTEL or created by

20    any MATTEL employee other than Bryant or by any independent contractor during

21    the time that such PERSON was working for MATTEL.

22    **INTERROGATORY NO. 6:**

23       State all facts supporting YOUR claim that YOU have been damaged by any act

24    or omission of Bryant.

25    **INTERROGATORY NO. 7:**

26       IDENTIFY all PERSONS YOU believe have knowledge of facts supporting

27    YOUR contention, if YOU so contend, that any product sold by MGA under the trade

28    name "Bratz" originated from, is derived from, is based on, copies, incorporates, is

4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2615 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

INTERROGATORIES

Exhibit 11 , P. 153

substantially similar to any design, or elements thereof, created or worked on by Bryant while employed by MATTEL.

**INTERROGATORY NO. 8:**

IDENTIFY all PERSONS YOU believe have knowledge of facts supporting YOUR contention, if YOU so contend, that any product sold by MGA under the trade name "Bratz" originated from, is derived from, is based on, copies, incorporates, or is substantially or confusingly similar to any design or work product owned at any time by MATTEL or created by any MATTEL employee other than Bryant or by any independent contractor during the time that such PERSON was working for MATTEL.

**INTERROGATORY NO. 9:**

State all facts supporting YOUR contention that MATTEL first became aware of the alleged wrongful conduct of Bryant in November 2003, as set forth in Paragraph 12 of the Complaint.

**INTERROGATORY NO. 10:**

State all facts supporting YOUR contention that Bryant failed to meet his obligations under the MATTEL "Employee Confidential Information and Inventions Agreement" attached to the Complaint as Exhibit "A".

**INTERROGATORY NO. 11:**

State all facts supporting YOUR contention that Bryant failed to meet his obligations under the MATTEL Conflict of Interest Questionnaire," attached to the Complaint as Exhibit "B".

**INTERROGATORY NO. 12:**

State all facts supporting YOUR contention that Bryant misappropriated MATTEL property, including without limitation intellectual property, at any time.

**INTERROGATORY NO. 13:**

State all facts supporting YOUR contention that Bryant was in a fiduciary relationship with MATTEL.

5.

INTERROGATORIES

**INTERROGATORY NO. 14:**

If YOU contend that prior to October 20, 2000, MATTEL had any toy concept or project which had not yet been offered for sale to the public, including without limitation, any toy concept or project in the pre-production or development phase, that Bryant improperly copied, replicated, borrowed or otherwise used in whole, or in any part, during or after Bryant's employment with MATTEL, IDENTIFY that toy concept or project.

**INTERROGATORY NO. 15:**

IDENTIFY each and every MATTEL employee who supervised work performed by Bryant throughout the period or periods of Bryant's employment with MATTEL.

**INTERROGATORY NO. 16:**

IDENTIFY each and every MATTEL employee or independent contractor that worked with Bryant on any project he worked on for MATTEL, from 1996 to October 2000.

**INTERROGATORY NO. 17:**

IDENTIFY each and every employee against whom YOU have filed, or threaten to file, a lawsuit pertaining in whole, or in any part, to an alleged violation of the MATTEL "Employee Confidential Information and Inventions Agreement," the form of which is attached to the Complaint as Exhibit "A".

**INTERROGATORY NO. 18:**

IDENTIFY each and every employee against whom YOU have filed, or threaten to file, a lawsuit pertaining in whole, or in any part, to an alleged violation of the MATTEL "Conflict of Interest Questionnaire," the form of which attached to the Complaint as Exhibit "B".

**INTERROGATORY NO. 19:**

IDENTIFY all measures taken by MATTEL to achieve compliance with the MATTEL "Employee Confidential Information and Inventions Agreement," the form

6.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Exhibit 11 , P. 135

of which is attached to the Complaint as Exhibit "A," and the MATTEL "Conflict of Interest Questionnaire," the form of which attached to the Complaint as Exhibit "B".

Dated: June 14, 2004

ROBERT F. MILLMAN
DOUGLAS A. WICKHAM

DOUGLAS A. WICKHAM
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
CARTER BRYANT

Los_Angeles:361794.1 028307.1010

7.

INTERROGATORIES

Exhibit  11 , P.  156

# Exhibit 12

ROBERT F. MILLMAN, Bar No. CA 062152
DOUGLAS A. WICKHAM, Bar No. CA 127268
KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone:    310.553.0308
Facsimile:    310.553.5583

Attorneys for Defendant and Counter-Claimant
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CARTER BRYANT, an individual; and DOES 1 through 10, inclusive,<br><br>Defendant.<br><hr>CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public,<br><br>Counter-Claimant,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Counter-Defendant. | Case No. CV 04-9059 NM (RNBx)<br><br>HON. NORA M. MANELLA<br><br>NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTER-DEFENDANT MATTEL, INC.<br><br>[F.R.C.P. 30(b)(6)]<br><br>Date:    January 11, 2005<br>Time:    9:30 a.m.<br>Place:   Littler Mendelson, PC<br>          2049 Century Park East<br>          Suite 500, Los Angeles<br>          California 90067 |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Exhibit 12, P. 157

**TO PLAINTIFF MATTEL INC. AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant and Counter-Claimant Carter Bryant ("Bryant") in the above-captioned matter shall take the deposition of the Person(s) Most Knowledgeable from Plaintiff and Counter-Defendant Mattel, Inc. ("Plaintiff" or "Mattel") at the offices of Littler Mendelson, 2049 Century Park East, Fifth Floor, Los Angeles, California 90067, beginning at 9:30 a.m. on January 11, 2005. The deposition shall continue from day to day excluding Saturdays, Sundays and holidays, until completed. The deposition will be taken before an officer or other person duly authorized to administer oaths and shall be recorded by stenographic, sound and visual (videotape), and real-time transcription means.

Pursuant to Rule 30(b)(6), the deponent is directed to designate one or more officers, directors, managing agents or other individuals able to fully and completely testify on its behalf concerning the matters listed in Exhibit "A" attached hereto.

Dated: December 21, 2004

Respectfully submitted,

ROBERT F. MILLMAN
DOUGLAS A. WICKHAM
KEITH A. JACOBY

DOUGLAS A. WICKHAM
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
and Counter-Claimant
CARTER BRYANT

1.

Exhibit 12, P. 158

## EXHIBIT A

### Definitions

1.    "You," "Your" and "Mattel" refer to Plaintiff Mattel, Inc. and its officers, directors, agents, employees and all individuals acting under its direction or control or on its behalf.

2.    "Complaint" means the complaint filed by Mattel against Bryant in the Superior Court of the State of California for the County of Los Angeles dated April 27, 2004.

3.    "Communication" means any oral or written transmittal or receipt of words or information, by whatever manner or means, and regardless of how or by whom the communication was initiated and shall include any contact between two or more persons, including but not limited to written contact by such means as letter, memorandum, telegram, telex, email, facsimile or any Document, and oral contact by such means as face-to-face meeting or telephone.

4.    "Concerning" means relating to, referring to, describing, discussing, mentioning, evidencing, or constituting.

5.    "Contract" and/or "Agreement" mean the contract or agreement itself, and any drafts thereof, together with all schedules, exhibits, attachments or addenda thereto and any amendments of the foregoing.

6.    "Document(s)" means all "WRITINGS" and "RECORDINGS," including, but not limited to, writings and records of every type and description including, but not limited to, notes (including notes made contemporaneously with meetings or conversations or thereafter), books, records, letters, telegrams, memoranda, electronic mail messages (including electronic mail messages stored on network or individual servers, hard drives, back up tapes or other storage media, collectively referred to as "e-mail"), reports, studies, speeches, calendars or diary entries, tabulations, data compilations, drawings, designs, sketches, paintings, artwork, graphs, charts, photographs, computer disks, backup tapes and diskettes and

2.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Exhibit 12, P. 159

1   other data compilations from which information can be obtained or tabulated through

2   detection devices into reasonably usable forms.  "Document" also includes

3   reproductions or film impressions of any of the aforementioned documents, tape

4   recordings and copies of documents, which are not identical duplicates of the originals

5   and copies of all documents of which the originals are not in the possession, custody

6   or control of Mattel.

7        7.   "Relate To" and "Relating To" mean in any way directly or

8   indirectly, concerning, referring to, pertaining to, mentioning, discussing, describing,

9   disclosing, confirming, supporting, evidencing, representing, or being connected with

10   a stated subject matter or any aspect thereof.

11        8.   "And" and "Or" mean either the conjunctive or the disjunctive as context

12   may require so that the meaning of the term is inclusive rather than exclusive.

13        9.   "Person" or "Persons" means any or all entities including, without

14   limitation, any or all individuals, single proprietorships, associations, companies,

15   firms, partnerships, joint ventures, corporations, employees or former employees, or

16   any other business, governmental or labor entity, and any division, departments or

17   other units thereof.

18        10.  "MGA" means and refers to MGA Entertainment, Inc., formerly known

19   as ABC International Traders, Inc. dba MGA Entertainment and Micro Games of

20   America, Inc., and each of its officers, directors, agents, and employees or any other

21   person acting on its behalf.

22        11.  "Bryant" means and refers to Defendant Carter Bryant and each of his

23   agents, employees or any other person acting on his behalf.

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

3.

## DESIGNATED SUBJECTS OF TESTIMONY AT PERSONS MOST KNOWLEDGEABLE DEPOSITION

1.    All Contracts, and the terms thereof, that You contend You had with Bryant.

2.    All contractual and non-contractual duties and obligations Bryant owed or performed for Mattel during his employment with Mattel, and thereafter.

3.    All of Bryant's acts or omissions which breached any contractual or non-contractual duty or obligation Bryant owed to Mattel.

4.    All of Bryant's acts or omissions which breached any duties or obligations imposed by the Conflict of Interest Questionnaire and/or the Employee Confidential Information and Inventions Agreement.

5.    All Mattel proprietary or confidential information Bryant had access to during his employment with Mattel.

6.    All of Bryant's acts or omissions pursuant to which he aided, assisted and worked for a competitor of Mattel while employed by Mattel from 1995 to the present.

7.    The services and property belonging to Mattel that Bryant provided to any third party, including MGA, from 1995 to the present.

8.    All acts, omissions, circumstances and/or evidence showing, or tending to show, that any and all products of MGA, including but not limited to, any and all products sold under the trade name "Bratz," originated from, were derived from, are based upon, are copied or incorporated from, or are substantially or confusingly similar to, any design, research and developmental work, work in progress, or product owned at any time by Mattel or created by any Mattel employee, including but not limited to Bryant, or by any independent contractor during the time that such Person was working for Mattel.

9.    All facts and circumstances showing the conception, origination, creation, development and/or reduction to practice of "Toon Teens."

4.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Exhibit 12 , P. 161

10.    All facts and circumstances showing the conception, origination, creation, development and/or reduction to practice of "My Scene Barbie" and each of the other "My Scene" characters or dolls.

11.    All facts and circumstances showing the conception, origination, creation, development and/or reduction to practice of "Diva Starz."

12.    All facts and circumstances showing the conception, origination, creation, development and/or reduction to practice of "Mini Diva Starz."

13.    All acts, omissions, circumstances and/or evidence showing, or tending to show, that any product sold at any time by MGA under the trade name "Bratz" originated from, is derived from, is based on, copies, incorporates, or is substantially or confusingly similar to any design or work product owned at any time by Mattel or created by Bryant during the time Bryant was working for Mattel.

14.    All acts, omissions, circumstances and/or evidence showing, or tending to show, that Mattel has been damaged or suffered any financial or other loss by any act or omission of Bryant.

15.    All acts, omissions, circumstances and/or evidence showing, or tending to show, when Mattel first became aware of any alleged wrongful conduct of Bryant.

16.    All acts, omissions, circumstances and/or evidence showing, or tending to show, the manner and mode by which Mattel first became aware of any alleged wrongful conduct of Bryant.

17.    All acts, omissions, circumstances and/or evidence showing, or tending to show, when You first became aware that Bryant was involved in the conception, creation, design and/or reduction to practice of Bratz.

18.    All acts, omissions, circumstances and/or evidence showing, or tending to show, how You first became aware that Bryant was involved in the conception, creation, design and/or reduction to practice of Bratz.

19.    All acts, omissions, circumstances and/or evidence showing, or tending to show, all actions taken by You, including but not limited to all circumstances

5.

1   surrounding any investigations you have undertaken, relating to Bratz after You

2   learned that Bryant was involved in the conception, creation, design and/or reduction

3   to practice of Bratz.

4       20.   All acts, omissions, circumstances and/or evidence showing, or tending

5   to show, all actions taken by You, including but not limited to all circumstances

6   surrounding any investigations You have undertaken, relating to Bryant and any act or

7   omission of Bryant that breached any contractual or non-contractual duty or obligation

8   Bryant owed to Mattel.

9       21.   All Communications regarding Bryant's involvement in the conception,

10  creation, design and/or reduction to practice of Bratz from 1998 until the date of the

11  filing of the Complaint.

12      22.   All acts, omissions, circumstances and/or evidence showing, or tending

13  to show, that Bryant misappropriated Mattel property, including without limitation

14  intellectual property, at any time.

15      23.   All acts, omissions, circumstances and/or evidence showing, or tending

16  to show, that Bryant owed fiduciary duties to, or occupied a fiduciary relationship

17  with, Mattel.

18      24.   All acts, omissions, circumstances and/or evidence showing, or tending

19  to show, that prior to October 21, 2000, Mattel had any toy concept or project which

20  had not yet been offered for sale to the public, including without limitation, any toy

21  concept or project in the pre-production or development phase, that Bryant improperly

22  copied, replicated, borrowed or otherwise used in whole, or in any part, during or after

23  Bryant's employment with Mattel.

24      25.   All measures taken by Mattel including, without limitation, any legal

25  action brought or threatened to be brought (including in demand letters or other

26  notices), from 1998 to the present to achieve, or attempt to achieve, compliance with

27  or adherence to any or all of the terms and conditions of Mattel's "Employee

28  Confidential Information and Inventions Agreement" (including all forms or versions

6.

LITTLER MENDELSON
A Professional Corporation, One Century Plaza
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Exhibit 12 , P. 163

1  of that agreement) from 1998 to the present, and/or Mattel's "Conflict of Interest

2  Questionnaire" (including all forms or versions of that agreement) from 1998 to the

3  present.

4       26.    Communications, discussion, meetings, analyses and the decision-

5  making process regarding measures taken or contemplated by Mattel including,

6  without limitation, any legal action brought or threatened to be brought (including

7  demand letters or other notices) against Bryant including, without limitation, the filing

8  of the Complaint.

9       27.    Mattel's electronic mail system's ability to retrieve electronic mail

10  messages from any Mattel server, Mattel electronic mail archive tape, or hard drive

11  networked to the Mattel computer network, as that network existed from January 1998

12  to the present.

13       28.    Mattel's policies or procedures or practice in effect or use, from January

14  1998 to the present, regarding Document retention or destruction (including with

15  respect to e-mails), including without limitation, e-mail backup procedures and

16  policies; location of saved or backed-up e-mails, procedures for accessing saved or

17  backed-up e-mails; policies regarding deletion of e-mails; and Mattel's document

18  retention or destruction policies (including with respect to emails) when Mattel had

19  notice of a potential claim or lawsuit in each of the years 1998, 1999, 2000, 2001,

20  2002, 2003 and 2004.

21       29.    Mattel's policies, procedures and practices in effect or use, at any time

22  from January 1, 1998 to the present, regarding Document retention, deletion and

23  destruction (including with respect to electronic documents and e-mail), including

24  without limitation, e-mail backup policies, procedures and practices in effect or use;

25  location of saved or backed-up e-mails, procedures for accessing saved or backed-up

26  e-mails; policies, procedures and practices in effect or use regarding deletion of e-

27  mails; and policies, procedures and practices in effect or use regarding retention of e-

28  mails.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7.

30.   All hardware and software used by Mattel at any time from January 1, 1998 to the present for Mattel's e-mail systems including, without limitation, all on-site and off-site back-up computer systems and files, exchange servers and computer storage space.

31.   The ability of Mattel to retrieve e-mail messages from any server, disk, drive, archive disk, tape, server or drive, storage disk, tape server or drive, individual computer hard drive, or any hard drive or server networked to any Mattel computer network, at any time from January 1, 1998 to the present.

32.   Mattel's policies, procedures and practices in effect or use, at any time from January 1, 1998 to the present, regarding Document retention, deletion or destruction (including with respect to e-mails and other electronic documents) when Mattel is aware of a potential claim or lawsuit in which it may be involved.

33.   Mattel's policies, procedures and practices in effect or use, at any time from January 1, 1998 to the present, regarding Document retention, deletion or destruction (including with respect to e-mails and other electronic documents) after Mattel began considering or analyzing any potential claim or lawsuit against MGA or Bryant regarding "Bratz" or other claim of any nature.

34.   Mattel's policies, procedures and practices in effect or use, at any time from January 1, 1998 to the present, regarding Document retention, deletion or destruction (including with respect to e-mails and other electronic documents) after Mattel began investigating facts pertaining to Bryant's involvement with MGA or "Bratz" or any claim of any nature, actual or potential, against Bryant.

35.   Mattel's policies, procedures and practices in effect or use, at any time from January 1, 1998 to the present, regarding Document retention, deletion or destruction  including with respect to e-mails and other electronic documents) after Mattel began investigating facts pertaining to the relationship, if any, between Bryant's involvement with MGA or "Bratz" and work or projects that Bryant may have seen during his employment with Mattel.

8.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2010 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Exhibit 12 , P. 165

36.    Files (including human resources and legal files and files kept or maintained at business locations and personal residences), locations, offices, computers (including business, lap top and residence computers), warehouses, records centers, file rooms, archives, servers, storage facilities, back up or storage tapes, and any and other method and/or location for maintaining or storing Documents that were searched or reviewed by Mattel when searching for Documents responsive to Bryant's Request for Identification and Production of Documents and Tangible Things (Set One) including, without limitation, all efforts made and steps undertaken when searching for and producing Documents in a tangible, electronic, magnetic or any other form.

37.    The facts and circumstances surrounding the filing of the copyright registration for "Toon Teens, produced by Mattel as Document Control Nos. M0012564-65.

38.    The development of "Toon Teens," including Your decision to not offer "Toon Teens" for sale to the public.

39.    What actions, if any, You took with respect to the "Toon Teens" project after You decided not to offer this project for sale to the public.

40.    The current status of the "Toon Teens" project.

41.    All statements of Mattel or ex-Mattel employees in the July 2003 Wall Street Journal article (produced by Mattel to Bryant in the present case), including, without limitation, "Inside Mattel, some are convinced the Bratz borrow liberally from a Mattel project that was scrapped at the testing stage in 1998"; "But the Bratz' oversized heads -- with their pursed lips and cartoonist eyes -- are 'virtually identical' to the heads of the dolls her team created"; "Anyone who passed by [Lily Martinez's] cubicle would see the picture up on the wall"; and "The big heads, the big eyes, the big feet -- they were all the same [as the Bratz]."

42.    Documents produced by Mattel as Document Control Nos. M0012567-71.

9.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Exhibit 12 , P. 166

43.     Documents produced by Mattel as Document Control Nos. M0012572-78.

44.     Documents produced by Mattel as Document Control Nos. M0012579-86.

45.     Documents produced by Mattel as Document Control Nos. M0012587.

46.     Documents produced by Mattel as Document Control Nos. M0012594-617 and Nos. M0001558-81.

47.     Mattel's phone log system, and the maintenance, storage and ability to retrieve phone logs from an individual extension, such as the log produced by Mattel as Document Control Nos. M0001808-24, including Bryant's phone logs for extension 6099 for October 2000.

48.     All board of director's meeting minutes that evidence, relate or refer to Bryant from January 1998 to the present.

49.     All versions of the "Employee Confidential Information and Inventions Agreement" used by Mattel since January 1, 1995 including, without limitation, the "Employee Confidential Information and Inventions Agreement" produced by Mattel as Document Control Nos. M0001638-39 and the "Employee Confidential Information and Inventions Agreement" attached to the Complaint as Exhibit "A."

50.     All versions of the "Conflict of Interest Agreement" used by Mattel since January 1, 1995 including, without limitation, the "Conflict of Interest Agreement" produced by Mattel as Document Control Nos. M0001636-37 and the "Conflict of Interest Agreement" attached to the Complaint as Exhibit "B."

51.     The "Proprietary Information Checkout" form produced by Mattel as Document Control No. M0001597.

52.     All forms or other documents which Mattel has requested prospective and actual employees to sign since January 1, 1995.

53.     All recording and tracking of the time spent by Bryant while working on various Mattel projects.

10.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Exhibit 12 , P. 167

54.   Bryant's "Job Summary" report, produced by Mattel as Document Control Nos. M001667-68.

55.   All acts, omissions, circumstances and/or evidence showing, or tending to show, that Bryant made affirmative misrepresentations to any and all Mattel employees upon his departure from Mattel.

56.   Bryant's "Exit Interview Report" dated October 19, 2000, produced by Mattel as Document Control No. M0001654.

Los_Angeles:388196.2 028307.1010

11.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA, 90067-3107
310.553.0308

Exhibit 12, P. 168

## PROOF OF SERVICE BY MESSENGER

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Allstar Messenger Service, 345 South Figueroa Street, Suite 305, Los Angeles, California 90071. On December 21, 2004, I personally served:

### NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTER DEFENDANT MATTEL, INC.

by delivering copies thereof to:

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Diana M. Torres, Esq.
O'Melveny & Myers LLP
400 S. Hope Street, 10th Floor
Los Angeles, CA 90071

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 21, 2004, at Los Angeles, California.

Marcus Robinson

Los_Angeles:388357.1 028307.1010

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553-0308

PROOF OF SERVICE

Exhibit 12, P. 169

# Exhibit 13

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2   (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5   (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8   Attorneys for Plaintiff Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

13  CARTER BRYANT, an              CASE NO. CV 04-9049 SGL (RNBx)
    individual,
14                                 Consolidated with Case Nos. CV 04-09059
            Plaintiff,             and CV 05-02727
15
        vs.                        DISCOVERY MATTER
16
    MATTEL, INC., a Delaware       [To Be Heard By Discovery Master Hon.
17  corporation,                   Edward Infante (Ret.) Pursuant To The
                                   Court's Order of December 6, 2006]
18          Defendant.
                                   [PROPOSED] ORDER REGARDING
19  ─────────────────────────      MATTEL, INC.'S MOTION TO ENFORCE
    AND CONSOLIDATED               COURT'S AUGUST 20, 2007 ORDER
20  ACTIONS                        REQUIRING CARTER BRYANT TO
                                   ANSWER REQUESTS FOR ADMISSION
21

22

23

24

25

26

27

28

07209/2342303.2

                                              [PROPOSED] ORDER

**[Proposed] Order**

The Court having received the motion of Mattel, Inc. ("Mattel") to enforce the Court's August 20, 2007 Order requiring Carter Bryant to answer requests for admissions, which was filed and served on November 27, 2007 (the "Motion"), and having considered the Motion and all papers in support and opposition thereto, the Court hereby ORDERS:

1.    Mattel's Motion is GRANTED IN PART and DENIED IN PART.

2.    On or before February 14, 2008, Mr. Bryant shall supplement his responses to Request for Admission Nos. 100, 106, 112, 118, 126, 127, 129, 131, 133, 135, 137, 139, 141, 143 in Mattel's Third Set of Requests for Admission to Carter Bryant. Each of these supplemental responses shall clearly either admit or deny the Request notwithstanding any objections.

3.    Mr. Bryant's existing supplemental responses to Request Nos. 33 and 34 are adequate, and need not be further supplemented.

4.    Mattel's request for sanctions is denied.

IT IS SO ORDERED.

DATED: January 9, 2008          By _____
                                  Hon. Edward A. Infante (Ret.)
                                  Special Discovery Master

07209/2342303.2

[PROPOSED] ORDER

Exhibit 13, P. 171

1    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
       Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
       Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6    Los Angeles, California 90017-2543
     Telephone:   (213) 443-3000
7    Facsimile:   (213) 443-3100

8    Attorneys for Plaintiff Mattel, Inc.

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

                           EASTERN DIVISION
12

13   CARTER BRYANT, an                 CASE NO. CV 04-9049 SGL (RNBx)
     individual,
14                                     Consolidated with Case Nos. CV 04-09059
              Plaintiff,               and CV 05-02727
15
          vs.                          **DISCOVERY MATTER**
16
     MATTEL, INC., a Delaware          **[To Be Heard By Discovery Master Hon.
17   corporation,                      Edward Infante (Ret.) Pursuant To The
                                       Court's Order of December 6, 2006]**
18            Defendant.
                                       [PROPOSED] ORDER REGARDING
19                                     MATTEL, INC.'S MOTION TO COMPEL
     AND CONSOLIDATED                  PRODUCTION OF METADATA
20   ACTIONS

21

22

23

24

25

26

27

28

07209/2345470.29/234177
2.1
                                                       [PROPOSED] ORDER

Exhibit 13, P. 172

## [Proposed] Order

The Court having received the motion of Mattel, Inc. ("Mattel") to compel the production of metadata for specified emails by MGA Entertainment, Inc. ("MGA"), which was filed and served on November 21, 2007 (the "Motion"), and having considered the Motion and all papers in support and opposition thereto, the Court hereby ORDERS:

1.     The Motion is GRANTED IN PART.  MGA shall produce to Mattel, on or before January 10, 2008, the approximately 80 native format emails requested by Mattel in its Motion and identified by MGA at argument on January 3, 2008 as the emails MGA's vendors have been able to locate in native electronic format to date.  The emails shall be produced in their native electronic format sufficient to show from where the email was sent and to where the email traveled.

2.     Mattel's Motion as to the remaining emails is DENIED WITHOUT PREJUDICE because Mattel need not prove that each and every email communication crossed commerce lines.

3.     The Court finds that monetary sanctions against MGA are appropriate and that some shifting of the costs of this production is also appropriate.  However, in lieu of awarding monetary sanctions against MGA, the Court ORDERS that there shall be no cost shifting associated with this Motion and/or the production that is ordered herein.

IT IS SO ORDERED.


DATED: January 9, 2008          By _____
                                   Hon. Edward A. Infante (Ret.)
                                   Special Discovery Master


07209/2345470.207209/23
45470.2345470.107209/23
45470.17209/2341732.1

-1-

[PROPOSED] ORDER

Exhibit 13, P. 173

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 9, 2008, I served the attached: (1) ORDER REGARDING MATTEL, INC.'S MOTION TO ENFORCE COURT'S AUGUST 20, 2007 ORDER REQUIRING CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION; and (2) ORDER REGARDING MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF METADATA in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on January 9, 2008, at San Francisco, California.

_Sandra Chan_

Sandra Chan

Exhibit 13, P. 174

# Exhibit 14

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8                 UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                     EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

12              Plaintiff,               Consolidated with Case No. CV 04-
                                         09059 and Case No. CV 05-02727
13       vs.
                                         **DISCOVERY MATTER**
14  MATTEL, INC., a Delaware
    corporation,                         [To Be Heard By Hon. Edward
15                                        Infante (Ret.) Pursuant To Order Of
              Defendant.                  December 6, 2006]
16
                                         DECLARATION OF MICHAEL
17  AND CONSOLIDATED CASES               MOORE IN SUPPORT OF MATTEL,
                                         INC.'S OPPOSITION TO MGA'S
18                                       AND CARTER BRYANT'S MOTION
                                         TO OVERRULE MATTEL'S
19         CONFIDENTIAL                  RELEVANCE OBJECTION AND
                                         COMPEL DISCOVERY RELEVANT
20  FILED UNDER SEAL PURSUANT            TO STATUTE OF LIMITATIONS
     TO PROTECTIVE ORDER                 AND LACHES DEFENSES
21
                                         Date:   January 3, 2008
22                                       Time:   1:30 p.m.
                                         Place:  JAMS
23                                               Two Embarcadero Center
                                                 Suite 1500
24                                               San Francisco, California

25
                                         **Phase 1**
26                                       Discovery Cut-Off:    January 28, 2008
                                         Pre-Trial Conference: May 5, 2008
27                                       Trial Date:           May 27, 2008

28

07209/2328170.1
                                              DECLARATION OF MICHAEL MOORE

Exhibit 14, P. 175

## DECLARATION OF MICHAEL MOORE

I, Michael Moore, declare as follows:

1.     I make this declaration in support of Mattel's Opposition to MGA's and Carter Bryant's Motion to Overrule Mattel's Relevance Objection and Compel Discovery Relevant to Statute of Limitations and Laches Defenses. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.     I have been a Mattel employee since December 2000. I am currently Expert Counsel in Mattel's Legal Department.

3.     I have been personally involved with the collection and preservation of evidence in not only Bryant v. Mattel and the consolidated cases, but with other litigation (to which MGA and Bryant were not parties) involving Mattel products and product lines known as MY SCENE and DIVA STARZ.

4.     On November 24, 2003, I, with outside counsel, received a copy of Carter Bryant's contract with MGA dated "as of September 18, 2000" from a party in litigation with MGA in the Hong Kong courts (in a case to which Mattel was not a party). A true and correct copy of that contract is attached as Exhibit 1.

5.     I personally participated in and supervised the investigation, collection and preservation of documents that relate to the basis of Mattel's claims in this litigation. I personally have spent hundreds of hours beginning in 2003 searching for, collecting and preserving documents, including electronic data, in connection with this litigation.

6.     During the time that I spent in connection with this case, I participated in meetings in which the merits of potential claims against Carter Bryant were discussed. In addition to meetings that I participated in, I am aware that Mattel's Board of Directors were advised by inside and outside counsel about potential claims against Carter Bryant. To my knowledge, I am aware of no meeting or meetings relating to "any legal action brought or threatened to be brought . . .

-2-

DECLARATION OF MICHAEL MOORE

07209/2328170.1

Exhibit 14 , P. 176

1  against Bryant" that did not involve the advice of counsel in anticipation of litigation

2  or the conveyance of information with the intent that the information remain

3  confidential and privileged for purposes of receiving legal advice.  To my

4  knowledge, all "communications, discussions, meetings, analysis and the decision-

5  making process" regarding any legal action against Bryant occurred with the advice

6  of and in consultation with counsel, both inside and outside.

7        I declare under penalty of perjury under the laws of the United States of

8  America that the foregoing is true and correct.

        Executed on December 18, 2007, at Los Angeles County, California.

9

10

11                                          Michael Moore

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        -3-

7209/2321170.1

Exhibit 14 , P. 177

# Exhibit 15

1   DIANA M. TORRES (S.B. #162284)
    PAULA E. AMBROSINI (S.B. #193126)
2   ALICIA C. MEYER (S.B. #230189)
    O'MELVENY & MYERS, LLP
3   400 South Hope Street
    Los Angeles, California 90071-2899
4   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5
    Attorneys for Defendant-in-Intervention,
6   MGA Entertainment, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10  MATTEL, INC., a Delaware          Case No.  CV04-9059 NM (RNBx)
    Corporation,
11                                    MGA'S FIRST SET OF
                     Plaintiff,       INTERROGATORIES TO MATTEL,
12                                    INC.
           v.
13
    CARTER BRYANT, an individual,
14  and MGA ENTERTAINMENT,
    INC., a California Corporation
15
                     Defendant and
16                   Defendant-in-
                     Intervention.
17

18

19  PROPOUNDING PARTY:      MGA ENTERTAINMENT, INC.

20  RESPONDING PARTY:       MATTEL, INC.

21  SET:                    ONE

22

23

24

25

26

27

28

Exhibit 15, P. 178

1  revenues, lost monies, lost royalties or license fees, reputational harm, lost

2  relationships, lost business opportunities, interest, attorneys' fees, costs, expenses, and

3  any other form of injury or damage or quantifiable remedy that YOU seek to recover

4  in this lawsuit.

5  **INTERROGATORY NO. 4.:**

6      State all facts, with particularity, and IDENTIFY all DOCUMENTS that

7  support YOUR contention, if YOU so contend, that YOU are entitled to exemplary

8  damages, attorneys' fees and costs.

9  **INTERROGATORY NO. 5.:**

10     State all facts, with particularity, and IDENTIFY all DOCUMENTS that YOU

11  contend prove, directly or circumstantially, that MGA copied YOUR PROPERTY,

12  including, without limitation, "Toon Teens".

13  **INTERROGATORY NO. 6.:**

14     IDENTIFY each COMMUNICATION that YOU have ever made, received, or

15  participated in that referred to, mentioned, or concerned this lawsuit.

16  **INTERROGATORY NO. 7.:**

17     IDENTIFY all PERSONS interviewed for the July 18, 2003 Wall Street Journal

18  article.

19  **INTERROGATORY NO. 8.:**

20     Describe, with particularity, each error contained in the July 18, 2003 Wall

21  Street Journal article by explaining why and in what way each fact is incorrect.

22  **INTERROGATORY NO. 9.:**

23     State, with particularity, when and how MATTEL first learned of BRATZ.

24  **INTERROGATORY NO. 10.:**

25     State, with particularity, when and how MATTEL first learned that BRYANT

26  performed work for MGA.

27

28

1    **INTERROGATORY NO. 11.:**

2         State, with particularity, when and how MATTEL first learned that BRYANT

3    conceived of the BRATZ CONCEPT.

4

5    Dated:  February 4, 2005                    DIANA M. TORRES

6                                               PAULA E. AMBROSINI
                                                ALICIA C. MEYER
                                                O'MELVENY & MEYERS LLP
7

8                                               _____
                                                Paula E. Ambrosini,
9                                               Attorneys for MGA Entertainment, Inc.

10

11   LA2:746290.2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   11

# Exhibit 16

DIANA M. TORRES (S.B. #162284)
PAULA E. AMBROSINI (S.B. # 193126)
ALICIA C. MEYER (S.B. #230189)
O'MELVENY & MYERS, LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendant-in-Intervention,
MGA Entertainment, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>CARTER BRYANT, an individual, and MGA ENTERTAINMENT, INC., a California Corporation<br><br>        Defendant and Defendant-in-Intervention. | Case No.  CV04-9059 NM (RNBx)<br><br>**MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**<br><br>Date Filed:          April 27, 2004<br><br>Discovery cut-off:     None |

PROPOUNDING PARTY:     MGA ENTERTAINMENT, INC.

RESPONDING PARTY:     MATTEL, INC.

SET NO.                ONE

MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 190.:**

All DOCUMENTS mentioning, referring to, or relating to any decision not to sue BRYANT including, without limitation, COMMUNICATIONS mentioning, discussing, describing, referring to, or relating to the reasons and factors that influenced the decision, the timing of the decision, and the date and manner in which YOU made the decision.

**REQUEST NO. 191.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to the date and manner in which YOU first learned of BRYANT's involvement with, work on, and connection to the conception, design, creation or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 192.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to the date and manner in which YOU first learned of BRYANT's involvement with, contract with, and work with or for MGA.

**REQUEST NO. 193.:**

All DOCUMENTS evidencing, supporting, documenting or relating to the reasons why YOU did not file a lawsuit against BRYANT sooner than the date of YOUR original complaint including, without limitation, DOCUMENTS evidencing or reflecting YOUR efforts to investigate BRYANT's involvement with, contract with, and work with or for MGA.

**REQUEST NO. 194.:**

All DOCUMENTS evidencing, supporting, documenting or relating to the reasons why YOU did not file a lawsuit against BRYANT sooner than the date of YOUR original complaint including, without limitation, DOCUMENTS evidencing or

Exhibit 16 , P. 182

# Exhibit 17

Mar 07, 05 11:20p                                213 888 9301                        p.2

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 90378)
   | Michael T. Zeller (Bar No. 196417)
3 | Jon D. Corey (Bar No. 185066)
   | Tania M. Krebs (Bar No. 227281)
4 | 865 South Figueroa Street, 10th Floor
   | Los Angeles, California 90017-2543
5 | Tel.: (213) 443-3000
   | Fax: (213) 443-3100
6 | Attorneys for Plaintiff and Counter-Defendant
   | Mattel, Inc.
7

8 |                 UNITED STATES DISTRICT COURT

9 |                CENTRAL DISTRICT OF CALIFORNIA

10

11 | MATTEL, INC., a Delaware corporation,        Case No. CV 04-09059 NM (RNBx)

12 |                         Plaintiff,           PLAINTIFF MATTEL, INC.'S
                                                  OBJECTIONS AND RESPONSES
13 |            v.                                 TO MGA'S FIRST SET OF
                                                  INTERROGATORIES
14 | CARTER BRYANT, an individual

15 |                         Defendant.

16

17 | CARTER BRYANT, on behalf of himself,
    | all present and former employees of
18 | Mattel, Inc., and the general public,

19 |                         Counter-claimant,

20 |            v.

21 | MATTEL, INC., a Delaware corporation,

22 |                         Counter-defendant.

23

24

25

26

27

28

09/639421.2 |
            |        MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 17, P. 183

1   supplement this response and, consistent with its obligations under Federal Rule of

2   Civil Procedure 26(e), Mattel will supplement this response if Mattel receives

3   additional responsive information.

4

5   INTERROGATORY NO. 10:

6         State, with particularity, when and how MATTEL first learned that

7   BRYANT performed work for MGA.

8

9   RESPONSE TO INTERROGATORY NO. 10:

10        In addition to the general objections stated above, Mattel specifically

11  objects to this Interrogatory as unreasonably burdensome, overbroad and

12  incomprehensible in that it defines "Mattel" to include "past . . . employees,"

13  including but not limited to defendant Carter Bryant and a number of other former

14  Mattel employees who worked with Carter Bryant to design and develop Bratz

15  after each had been a Mattel employee and who, at that time, had no relationship

16  with Mattel that would have required those persons to disclose to Mattel the

17  development of the Bratz dolls. Mattel further objects to this interrogatory on the

18  grounds that it is vague and ambiguous with regard to the phrase "first learned that

19  BRYANT performed work for MGA." Mattel further objects to this Interrogatory

20  on the grounds that it calls for information that is neither relevant to the claims or

21  defenses of any party to the pending action nor reasonably calculated to lead to the

22  discovery of admissible evidence. Mattel further objects to this Interrogatory on

23  the grounds that it calls for the disclosure of information subject to the attorney-

24  client privilege, the attorney work-product doctrine and other applicable

25  privileges.

26        Subject to and without waiving the foregoing general and specific

27  objections, Mattel responds as follows:

28

-17-

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 17, P. 184

Mar 07 05 11:26p                          213 688 8301                        P.19

1   Excluding from this response defendant Carter Bryant and those
2   former Mattel employees who worked with defendant Carter Bryant to design and
3   develop Bratz, Mattel states as follows: Bryant and MGA acted to conceal,
4   including by Bryant's affirmative misrepresentations to Mattel during his Mattel
5   employment, Bryant's involvement with Bratz. To Mattel's knowledge, Bryant
6   was first confirmed as the Bratz designer in the July 18, 2003 *Wall Street Journal*
7   article, in which Isaac Larian also indicated that Bryant had been involved in some
8   manner with MGA in or about "late 1999."
9        Subsequently, in November 2003, Mattel obtained a copy of a
10  contract between defendant Carter Bryant and defendant MGA. That contract--
11  which Bryant and MGA had entered into while Bryant was employed by Mattel--
12  required Bryant to provide design services to MGA on a "top priority" basis, in
13  conflict with his then-existing obligations to Mattel. It also purported to grant
14  MGA ownership of works produced by Bryant both before and after the
15  agreement's effective date, in further contravention of his obligations to Mattel.
16  Through this agreement, Mattel concluded that Bryant--while being employed and
17  paid by Mattel for his exclusive services as a designer--also worked as a designer
18  for a Mattel competitor, MGA.
19       Answering further, this fact was confirmed for the first time by
20  Bryant at his deposition in November 2004, which took place only after Bryant
21  had refused to be deposed for months and only after the Court entered two Orders
22  compelling him to testify. At that time, he acknowledged that he worked on the
23  "Bratz" project and an ostensibly separate project that defendants purport to call
24  "Angel" during the time of his Mattel employment.
25       Answering further, pursuant to Federal Rule of Civil Procedure 33(d),
26  Mattel has produced responsive, non-privileged documents and tangible items in
27  its possession, custody or control from which the answer to this Interrogatory may
28  be derived.

-18-

MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

M0439421.2

Exhibit 17, P. 185

213 688 8301                                              p. 19

Mar 07 05 11:27P

1    Mattel continues its factual investigation and currently has
2    outstanding discovery requests to Bryant and to MGA.  Mattel reserves the right to
3    supplement this response and, consistent with its obligations under Federal Rule of
4    Civil Procedure 26(c), Mattel will supplement this response if Mattel receives
5    additional responsive information.

6

7    INTERROGATORY NO. 11:
8         State, with particularity, when and how MATTEL first learned that
9    BRYANT conceived of the BRATZ CONCEPT.

10

11   RESPONSE TO INTERROGATORY NO. 11:
12        In addition to the general objections stated above, Mattel specifically
13   objects to this Interrogatory on the grounds that it calls for the disclosure of
14   information subject to the attorney-client privilege, the attorney work-product
15   doctrine and other applicable privileges.  Mattel further objects to this
16   Interrogatory as unreasonably burdensome and overbroad in that it purports to
17   require Mattel to summarize all facts on this subject, including without limitation
18   facts that are known to or in the possession, custody and control of defendants and
19   non-parties, including non-parties associated with defendants.  Mattel further
20   objects to this interrogatory on the grounds that it is vague and ambiguous with
21   regard to the phrase "first learned that BRYANT conceived of the BRATZ
22   CONCEPT."  Mattel further objects to this interrogatory on the grounds that it is
23   unreasonably burdensome and overbroad in that it defines "Mattel" to include
24   "past . . . employees," including but not limited to defendant Carter Bryant and a
25   number of other former Mattel employees who worked with Carter Bryant to
26   design and develop Bratz after each had been a Mattel employee and who, at that
27   time, had no relationship with Mattel that would have required those persons to
28   disclose to Mattel the development of the Bratz dolls.  Mattel further objects to

-19-

M39421.2          MATTEL, INC'S RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 17, P. 186

# Exhibit 18



QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
   Michael T. Zeller (Bar No. 196417)
   Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware corporation,

                        Plaintiff,

            v.

CARTER BRYANT, an individual, and
DOES 1 through 10, inclusive,

                        Defendants.

CARTER BRYANT, on behalf of himself,
all present and former employees of
Mattel, Inc., and the general public,

                        Counterclaimant,

            v.

MATTEL, INC., a Delaware corporation,

                        Counter-defendant.

Case No. CV 04-09059 NM (RNBx)

MATTEL, INC.'S RESPONSES TO
MGA'S FIRST SET OF REQUESTS
FOR THE PRODUCTION OF
DOCUMENTS AND THINGS

PROPOUNDING PARTY:     MGA ENTERTAINMENT, INC.

RESPONDING PARTY:      MATTEL, INC.

SET NUMBER:            ONE (1)

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 18, P. 187

1  influenced the decision, the timing of the decision, and the date and manner in

2  which YOU made the decision.

3

4  RESPONSE TO REQUEST NO. 190:

5       In addition to the general objections stated above, which are incorporated

6  herein by reference, Mattel objects to this Request on the grounds that it calls for

7  the disclosure of information subject to the attorney-client privilege, the attorney

8  work-product doctrine and other applicable privileges.  Mattel further objects to

9  this Request as vague and ambiguous.  Mattel further objects to this Request as

10  overbroad, unduly burdensome and oppressive in that it seeks "all" documents in

11  Mattel's possession, custody and control on this broad subject.  Mattel further

12  objects to this Request on the grounds that it seeks documents that are not relevant

13  to this action, nor likely to lead to the discovery of admissible evidence.

14

15  REQUEST NO. 191:

16       All DOCUMENTS evidencing, mentioning, referring to, or relating to the

17  date and manner in which YOU first learned of BRYANT's involvement with,

18  work on, and connection to the conception, design, creation or development of

19  BRATZ or BRATZ INTELLECTUAL PROPERTY.

20

21  RESPONSE TO REQUEST NO. 191:

22       In addition to the general objections stated above, which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it calls for

24  the disclosure of information subject to the attorney-client privilege, the attorney

25  work-product doctrine and other applicable privileges.  Mattel further objects to

26  this Request on the grounds that the terms "Bratz" and "Bratz Intellectual

27  Property" are vague and ambiguous.  Mattel further objects to this Request on the

28  grounds that it seeks <u>all</u> documents in Mattel's possession, custody and control that

-192-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 18 , P. 188

1  relate to this topic, including copies of newspaper articles and documents that are

2  otherwise publicly available, and therefore equally available to MGA. Mattel

3  further objects to this Request on the grounds that it seeks documents that are not

4  relevant to this action, and it is not reasonably calculated to lead to the discovery

5  of admissible evidence. Mattel further objects to this Request on the grounds that

6  it is duplicative of or subsumed within prior Requests already responded to and

7  seeks the re-production of information and documents already produced in this

8  action. Such information and documents will not be re-produced.

9

10 REQUEST NO. 192:

11      All DOCUMENTS evidencing, mentioning, referring to, or relating to the

12 date and manner in which YOU first learned of BRYANT's involvement with,

13 contract with, and work with or for MGA.

14

15 RESPONSE TO REQUEST NO. 192:

16      In addition to the general objections stated above, which are incorporated

17 herein by reference, Mattel objects to this Request on the grounds that it calls for

18 the disclosure of information subject to the attorney-client privilege, the attorney

19 work-product doctrine and other applicable privileges. Mattel further objects to

20 this Request on the grounds that it seeks all documents in Mattel's possession,

21 custody and control that relate to this topic, including copies of newspaper articles

22 and documents that are otherwise publicly available, and therefore equally

23 available to MGA. Mattel further objects to this Request on the grounds that it is

24 duplicative of or subsumed within prior Requests already responded to and seeks

25 the re-production of information and documents already produced in this action.

26 Such information and documents will not be re-produced.

27

28

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 18 , P. 187