# EXHIBIT 19

1  DIANA M. TORRES (S.B. #162284)
   PAULA E. AMBROSINI (S.B. #193126)
2  ALICIA C. MEYER (S.B. #230189)
   O'MELVENY & MYERS, LLP
3  400 South Hope Street
   Los Angeles, California 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5
   Attorneys for Defendant-in-Intervention,
6  MGA Entertainment, Inc.
7
8              UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10
11 MATTEL, INC., a Delaware          Case No.  CV04-9059 NM (RNBx)
   Corporation,
                                     **MGA'S SECOND SET OF
12             Plaintiff,            REQUESTS FOR ADMISSION TO
                                     MATTEL, INC.**
13      v.
14 CARTER BRYANT, an individual,
   and MGA ENTERTAINMENT,
15 INC., a California Corporation
16             Defendant and
               Defendant-in-
17             Intervention.
18
19
20 PROPOUNDING PARTY:     MGA ENTERTAINMENT, INC.
21 RESPONDING PARTY:      MATTEL, INC.
22 SET:                   TWO
23
24
25
26
27
28
   LA2:747845.2

Exhibit 19, P. 190

1            Defendant-In-Intervention, MGA Entertainment Inc. ("MGA"), hereby

2  requests that Plaintiff, Mattel Inc. ("Mattel") respond to the following Second Set

3  of Requests for Admission separately, fully, and under oath, pursuant to Rule 36 of

4  the Federal Rules of Civil Procedure, within thirty (30) days of service, in

5  accordance with the definitions and instructions set forth herein.

6

7                          **DEFINITIONS**

8

9        1. "BRATZ" means and refers to each image, character, logo, doll, toy,

10  accessory, product, packaging or other thing or matter that is or has ever been

11  manufactured, marketed or sold by MGA, or others under license, as part of a line

12  of goods or merchandise commonly known as, or sold and marketed under the

13  "Bratz" trademark or trade dress including but not limited to the "BRATZ

14  CONCEPT," "FIRST BRATZ DOLLS," "BRATZ DOLLS," "BRATZ PACK",

15  "LIL' BRATZ," "BRATZ PETZ," "BRATZ BABYZ," and "BRATZ BOYZ.

16        2. "BRATZ CONCEPT" means and refers to each "BRATZ"-related image,

17  drawing, picture, sculpt, mold, prototype and any other form of artwork predating

18  the FIRST BRATZ DOLLS, examples of which have been the subject of Mr.

19  Bryant's testimony and produced by Mr. Bryant bearing Bates serial numbers

20  Bryant 00175-177; 00179-00182; 00189-00190; 00192-00196; 00198-00216;

21  00218; 00341; 00972; 01014; and 01116-01118.

22        3. "FIRST BRATZ DOLLS" means and refers to each image, character,

23  logo, doll, toy, accessory, product, packaging or other thing or matter that is or has

24  ever been manufactured, marketed or sold by MGA, or others under license, as part

25  of a line of goods or merchandise commonly known as, or sold and marketed under

26  the "Bratz" trademark or trade dress and consisting of the following: "Bratz Cloe",

27  SKU 248521; "Bratz Cloe", SKU 248538; "Bratz Jade", SKU 248545; "Bratz

28  Sasha, SKU 248552; "Bratz Yasmin", SKU 248569; "Bratz Pajama Power

-1-

                                      MGA'S SECOND SET OF REQUESTS
                                                FOR ADMISSION TO MATTEL, INC.

Exhibit 19, P. 191

1  Fashion", SKU 248576; "Bratz Study Hall Fashion", SKU 248583; and "Bratz

2  Dynamite Dance Fashion", SKU 248682.

3      4. "BRATZ DOLLS" means and refers to each image, character, logo, doll,

4  toy, accessory, product, packaging or other thing or matter that is or has ever been

5  manufactured, marketed or sold by MGA, or others under license, as part of a line

6  of goods or merchandise commonly known as, or sold and marketed under the

7  "Bratz" trademark or trade dress excluding the "FIRST BRATZ DOLLS", "LIL'

8  BRATZ," "BRATZ PETZ," and "BRATZ BABYZ" and including, without

9  limitation, the styling head commonly known as or sold and marketed as the "Bratz

10 Funky Fashion Make Over" styling head, and specifically including, without

11 limitation, the images, characters, dolls, playsets and other products and toys called

12 or referred to as, or named or marketed in association with the names "Cloe",

13 "Jade", "Sasha", "Yasmin", "Meygan", "Dana", "Fianna", "Nevra", "Cameron",

14 "Dylan", "Eitan", "Koby", "Cade", "Ailani", "Nazalia", "Talia", "Zada", "Mikko",

15 "Colin", "Deavon", "Lakin", "Flaunt It," "Beach Party", "Micro Bratz", "Xpress

16 It", "Bratz Boyz", "Funk 'n' Glow", "Funky Fashion Makeover", "Holiday Bratz –

17 Sweetheart", "Holiday Bratz – Spring Fling", "Holiday Bratz – Independence

18 Dance", "Slumber Party", "Strut It", "Spring Break", "Formal Funk", "Bratz Boyz

19 Formal Funk", "Wintertime Wonderland", "Style It!", "Funky Fashion Makeover",

20 "Funk Out!", "Sun-Kissed Summer", "Girls Nite Out!", "Wild Life Safari", and any

21 other released, or yet to be released, BRATZ named character or product theme.

22     5. "BRATZ PACK" means and refers to any collection, compilation or

23 grouping of two or more images, characters or dolls that are or have ever been

24 manufactured, marketed or sold by MGA, or others under license, as part of a line

25 of goods or merchandise commonly known as, or sold and marketed under the

26 "Bratz" trademark or trade dress including, without limitation, the collection,

27 compilation or grouping of four female images, characters or dolls individually

28 named, called or referred to as "Bratz Cloe", "Bratz Jade", "Bratz Sasha", and

-2-

"Bratz Yasmin" and any other similar collection, compilation or grouping of two or more images, characters or dolls, male or female, and specifically including, without limitation, the images, characters and dolls called or referred to as, or named or marketed in association with the names "Cloe", "Jade", "Sasha", "Yasmin", "Meygan", "Dana", "Fianna", "Nevra", "Cameron", "Dylan", "Eitan", "Koby", "Cade", "Ailani", "Nazalia", "Talia", "Zada", "Mikko", "Colin", "Deavon", "Lakin", and any other released, or yet to be released, BRATZ character.

6. "LIL' BRATZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress and commonly labeled, called, referred to, named or identified as "LIL' BRATZ", and specifically including, without limitation, the images, characters, dolls, playsets and other products and toys called or referred to as, or named or marketed in association with the names "Cloe", "Yasmin", "Sasha", "Jade", "Ailani", "Nazalia", "Talia", "Zada", "Lil' Boyz", "Cameron", "Dylan", "Eitan", "Koby", "Mikko", "Colin", "Deavon", "Lakin", "Lil' Bratz Slumber Party", "Lil' Bratz Tote", "Lil' Bratz Spring Break", "Lil Bratz Dancefloor Funk", "Lil' Boyz Dancefloor Funk", and any other released, or yet to be released, LIL' BRATZ character or product theme.

7. "BRATZ PETZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress and commonly labeled, called, referred to, named or identified as "BRATZ PETZ", and specifically including, without limitation, the images, characters and toys called or referred to as, or named or marketed in association with the names, "Bratz Catz", "Brigitte", "Jolie", "Kendall", "Daphne",

-3-

MGA'S SECOND SET OF REQUESTS<br>FOR ADMISSION TO MATTEL, INC.

Exhibit 19, P. 193

1  "Bratz Petz Tokyo Catz", "Kyoto", "Cho", "Nami", "Yukiko", "Bratz Petz Foxz",

2  "Carly", "Reilly", "Shayna", "Bree", "Bratz Petz Dogz", "Shae", "Kali", "Pilar",

3  "Abby", and any other released, or yet to be released, BRATZ PETZ character or

4  product theme.

5      8.  "BRATZ BABYZ" means and refers to each image, character, logo, doll,

6  toy, accessory, product, packaging or other thing or matter that is or has ever been

7  manufactured, marketed or sold by MGA, or others under license, as part of a line

8  of goods or merchandise commonly known as, or sold and marketed under the

9  "Bratz" trademark or trade dress and commonly labeled, called, referred to, named

10  or identified as "BRATZ BABYZ", and specifically including, without limitation,

11  the images, characters and dolls called or referred to as, or named or marketed in

12  association with the names, "Cloe", "Sasha", "Jade," "Yasmin", and any other

13  released, or yet to be released, BRATZ BABYZ character or product theme.

14      9.  "BRATZ BOYZ" means and refers to each male image, character, logo,

15  doll, toy, accessory, product, packaging or other thing or matter that is or has ever

16  been manufactured, marketed or sold by MGA, or others under license, as part of a

17  line of goods or merchandise commonly known as, or sold and marketed under the

18  "Bratz" trademark or trade dress and commonly labeled, called, referred to, named

19  or identified as "BRATZ BOYZ", and specifically including, without limitation, the

20  images characters, dolls, playsets and other products and toys called or referred to

21  as, or named or marketed in association with the names "Cameron", "Dylan",

22  "Eitan", "Koby", "Cade", "Mikko", "Colin", "Deavon", "Lakin", "Bratz Boyz

23  Formal Funk", "Boyz Funk Out!", "Boyz Sun-Kissed Summer", and any other

24  released, or yet to be released BRATZ BOYZ character or product theme.

25      10.  "BRATZ INTELLECTUAL PROPERTY" means all intellectual and

26  industrial property rights in and to BRATZ including, without limitation, all

27  copyrights, patents, trademarks, industrial designs, trade secrets, contract and

28

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 19 , P. 194

licensing rights, design rights, moral rights and trade dress rights, in any country of the world.

11. BRYANT means defendant Carter Bryant.

12. MATTEL," "PLAINTIFF," "YOU" or "YOUR" means plaintiff MATTEL, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

## INSTRUCTIONS

1.   Mattel is instructed to serve written responses to these Requests for Admission upon MGA's counsel at O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

2.   Pursuant to Federal Rule of Civil Procedure 36 (a), Mattel shall answer these Requests for Admission with admissions or denials. If Mattel answers any Request for Admission with a qualified denial, Mattel shall specify so much of the admission as is true and qualify or deny the remainder of the admission. For any response to a Request for Admission that is not an unqualified admission, state the complete basis for Mattel's response.

3.   If, in responding to these Requests for Admission, Mattel asserts an ambiguity in either a particular Request for Admission or an Instruction of Definition applicable thereto, identify in the response to such Request for Admission the language considered ambiguous and state the interpretation used in responding.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 9:

Admit that the term "Competitor", as used by YOU in YOUR Complaint filed herein, refers to MGA Entertainment, Inc.

-5-

LA2:747845.2

MGA'S SECOND SET OF REQUESTS FOR ADMISSION TO MATTEL, INC.

Exhibit 19, P. 195

**REQUEST FOR ADMISSION NO. 10:**

Admit that the FIRST BRATZ DOLLS are fashion dolls.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the BRATZ DOLLS are fashion dolls.

**REQUEST FOR ADMISSION NO. 12:**

Admit that "Barbie" dolls are fashion dolls.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the FIRST BRATZ DOLLS compete with MATTEL'S "Barbie" dolls.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the BRATZ DOLLS compete with MATTEL'S "Barbie" dolls.

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOU are seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales in the United States caused by BRATZ.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU are seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales in the United States caused by the FIRST BRATZ DOLLS.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU are seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales in the United States caused by BRATZ DOLLS.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU are seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales worldwide caused by the BRATZ.

-6-

MGA'S SECOND SET OF REQUESTS FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 17, P. 196

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU are seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales worldwide caused by the FIRST BRATZ DOLLS.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU are seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales worldwide caused by BRATZ DOLLS.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU are not seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales in the United States caused by BRATZ.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU are not seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales in the United States caused by the FIRST BRATZ DOLLS.

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU are not seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales in the United States caused by BRATZ DOLLS.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU are not seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales worldwide caused by BRATZ.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU are not seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales worldwide caused by the FIRST BRATZ DOLLS.

-7-

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU are not seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales worldwide caused by BRATZ DOLLS.

**REQUEST FOR ADMISSION NO. 27:**

Admit that BRATZ has caused MATTEL to lose profits.

**REQUEST FOR ADMISSION NO. 28:**

Admit that BRATZ has not caused MATTEL to lose profits.

**REQUEST FOR ADMISSION NO. 29:**

Admit that BRATZ has caused MATTEL's "Barbie" line of products to lose profits.

**REQUEST FOR ADMISSION NO. 30:**

Admit that BRATZ has not caused MATTEL's "Barbie" line of products to lose profits.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU are seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie" line of products caused by BRATZ.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOU are not seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie" line of products caused by BRATZ.

**REQUEST FOR ADMISSION NO. 33:**

Admit that YOU are seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie" line of products caused by the FIRST BRATZ DOLLS.

-8-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 17, P. 198

**REQUEST FOR ADMISSION NO. 34:**

Admit that YOU are not seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie" line of products caused by the FIRST BRATZ DOLLS.

**REQUEST FOR ADMISSION NO. 35**

Admit that YOU are seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie" line of products caused by BRATZ DOLLS.

**REQUEST FOR ADMISSION NO. 36:**

Admit that YOU are not seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie" line of products caused by BRATZ DOLLS.

**REQUEST FOR ADMISSION NO. 37:**

Admit that BRATZ has caused MATTEL to lose profits due to lost sales of fashion dolls.

**REQUEST FOR ADMISSION NO. 38:**

Admit that BRATZ has not caused MATTEL to lose profits due to lost sales of fashion dolls.

**REQUEST FOR ADMISSION NO. 39:**

Admit that YOU are seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by BRATZ.

**REQUEST FOR ADMISSION NO. 40:**

Admit that YOU are not seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by BRATZ.

**REQUEST FOR ADMISSION NO. 41:**

Admit that YOU are seeking to recover, by way of YOUR

-9-

MGA'S SECOND SET OF REQUESTS FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 19 , P. 199

1   COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by

2   the FIRST BRATZ DOLLS.

3   **REQUEST FOR ADMISSION NO. 42:**

4        Admit that YOU are not seeking to recover, by way of YOUR

5   COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by

6   the FIRST BRATZ DOLLS.

7   **REQUEST FOR ADMISSION NO. 43:**

8        Admit that YOU are seeking to recover, by way of YOUR

9   COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by

10  BRATZ DOLLS.

11  **REQUEST FOR ADMISSION NO. 44:**

12       Admit that YOU are not seeking to recover, by way of YOUR

13  COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by

14  BRATZ DOLLS.

15  **REQUEST FOR ADMISSION NO. 45:**

16       Admit that YOU are seeking, by way of YOUR COMPLAINT,

17  damages for conversion of intellectual property.

18  **REQUEST FOR ADMISSION NO. 46:**

19       Admit that YOU are not seeking, by way of YOUR COMPLAINT,

20  damages for conversion of intellectual property.

21  **REQUEST FOR ADMISSION NO. 47:**

22       Admit that BRYANT's work on BRATZ is intellectual property whose

23  conversion is one basis of YOUR damage requests.

24  **REQUEST FOR ADMISSION NO. 48:**

25       Admit that BRYANT's work on BRATZ is not intellectual property for

26  whose conversion is one basis of YOUR damage requests.

27  **REQUEST FOR ADMISSION NO. 49:**

28       Admit that BRYANT's work on BRATZ INTELLECTUAL

-10-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 19 , P. 200

1    PROPERTY is intellectual property whose conversion is one basis of YOUR

2    damage requests.

3    **REQUEST FOR ADMISSION NO. 50:**

4         Admit that BRYANT's work on BRATZ INTELLECTUAL

5    PROPERTY is not intellectual property whose conversion is one basis of YOUR

6    damage requests.

7    **REQUEST FOR ADMISSION NO. 51:**

8         Admit that BRYANT's work on the BRATZ CONCEPT is intellectual

9    property whose conversion is one basis of YOUR damage requests.

10   **REQUEST FOR ADMISSION NO. 52:**

11        Admit that BRYANT's work on the BRATZ CONCEPT is not

12   intellectual property whose conversion is one basis of YOUR damage requests.

13   **REQUEST FOR ADMISSION NO. 53:**

14        Admit that BRYANT's work on the FIRST BRATZ DOLLS is

15   intellectual property whose conversion is one basis of YOUR damage requests.

16   **REQUEST FOR ADMISSION NO. 54:**

17        Admit that BRYANT's work on the FIRST BRATZ DOLLS is not

18   intellectual property whose conversion is one basis of YOUR damage requests.

19   **REQUEST FOR ADMISSION NO. 55:**

20        Admit that BRYANT's work on BRATZ DOLLS is intellectual

21   property whose conversion is one basis of YOUR damage requests.

22   **REQUEST FOR ADMISSION NO. 56:**

23        Admit that BRYANT's work on BRATZ DOLLS is not intellectual

24   property whose conversion is one basis of YOUR damage requests.

25   **REQUEST FOR ADMISSION NO. 57:**

26        Admit that YOU seek damages for BRYANT's work on BRATZ.

27   **REQUEST FOR ADMISSION NO. 58:**

28        Admit that YOU do not seek damages for BRYANT's work on

-11-                    MGA'S SECOND SET OF REQUESTS
                         FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 19 , P. 201

1   BRATZ.

2   **REQUEST FOR ADMISSION NO. 59:**

3       Admit that YOU seek damages for BRYANT's work on the BRATZ

4   CONCEPT.

5   **REQUEST FOR ADMISSION NO. 60:**

6       Admit that YOU do not seek damages for BRYANT's work on the

7   BRATZ CONCEPT.

8   **REQUEST FOR ADMISSION NO. 61:**

9       Admit that YOU seek damages for BRYANT's work on BRATZ

10  INTELLECTUAL PROPERTY.

11  **REQUEST FOR ADMISSION NO. 62:**

12      Admit that YOU do not seek damages for BRYANT's work on the

13  BRATZ INTELLECTUAL PROPERTY.

14  **REQUEST FOR ADMISSION NO. 63:**

15      Admit that YOU seek damages for BRYANT's work on the FIRST

16  BRATZ DOLLS.

17  **REQUEST FOR ADMISSION NO. 64:**

18      Admit that YOU do not seek damages for BRYANT's work on the

19  FIRST BRATZ DOLLS.

20  **REQUEST FOR ADMISSION NO. 65:**

21      Admit that YOU seek damages for BRYANT's work on BRATZ

22  DOLLS.

23  **REQUEST FOR ADMISSION NO. 66:**

24      Admit that YOU do not seek damages for BRYANT's work on

25  BRATZ DOLLS.

26  **REQUEST FOR ADMISSION NO. 67:**

27      Admit that the drawing produced by BRYANT bearing Bates serial

28  number Bryant 00175 is intellectual property whose  conversion is one basis of

-12-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

1    YOUR damage requests.

2    **REQUEST FOR ADMISSION NO. 68:**

3           Admit that the drawing produced by BRYANT bearing Bates serial

4    number Bryant 00176 is intellectual property whose conversion is one basis of

5    YOUR damage requests.

6    **REQUEST FOR ADMISSION NO. 69:**

7           Admit that the drawing produced by BRYANT bearing Bates serial

8    number Bryant 00177 is intellectual property whose conversion is one basis of

9    YOUR damage requests.

10   **REQUEST FOR ADMISSION NO. 70:**

11          Admit that the drawing produced by BRYANT bearing Bates serial

12   number Bryant 00179 is intellectual property whose conversion is one basis of

13   YOUR damage requests.

14   **REQUEST FOR ADMISSION NO. 71:**

15          Admit that the drawing produced by BRYANT bearing Bates serial

16   number Bryant 00180 is intellectual property whose conversion is one basis of

17   YOUR damage requests.

18   **REQUEST FOR ADMISSION NO. 72:**

19          Admit that the drawing produced by BRYANT bearing Bates serial

20   number Bryant 00181 is intellectual property whose conversion is one basis of

21   YOUR damage requests.

22   **REQUEST FOR ADMISSION NO. 73:**

23          Admit that the drawing produced by BRYANT bearing Bates serial

24   number Bryant 00182 is intellectual property whose conversion is one basis of

25   YOUR damage requests.

26   **REQUEST FOR ADMISSION NO. 74:**

27          Admit that the drawing produced by BRYANT bearing Bates serial

28   number Bryant 00189 is intellectual property whose conversion is one basis of

-13-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 19 , P. 203

1  YOUR damage requests.

2  **REQUEST FOR ADMISSION NO. 75:**

3      Admit that the drawing produced by BRYANT bearing Bates serial

4  number Bryant 00190 is intellectual property whose conversion is one basis of

5  YOUR damage requests.

6  **REQUEST FOR ADMISSION NO. 76:**

7      Admit that the drawing produced by BRYANT bearing Bates serial

8  number Bryant 00192 is intellectual property whose conversion is one basis of

9  YOUR damage requests.

10  **REQUEST FOR ADMISSION NO. 77:**

11      Admit that the drawing produced by BRYANT bearing Bates serial

12  number Bryant 00193 is intellectual property whose conversion is one basis of

13  YOUR damage requests.

14  **REQUEST FOR ADMISSION NO. 78:**

15      Admit that the drawing produced by BRYANT bearing Bates serial

16  number Bryant 00194 is intellectual property whose conversion is one basis of

17  YOUR damage requests.

18  **REQUEST FOR ADMISSION NO. 79:**

19      Admit that the drawing produced by BRYANT bearing Bates serial

20  number Bryant 00195 is intellectual property whose conversion is one basis of

21  YOUR damage requests.

22  **REQUEST FOR ADMISSION NO. 80:**

23      Admit that the drawing produced by BRYANT bearing Bates serial

24  number Bryant 00196 is intellectual property whose conversion is one basis of

25  YOUR damage requests.

26  **REQUEST FOR ADMISSION NO. 81:**

27      Admit that the drawing produced by BRYANT bearing Bates serial

28  number Bryant 00198 is intellectual property whose conversion is one basis of

-14-

LA2:747845.2

Exhibit __, P. ___

1  YOUR damage requests.

2  **REQUEST FOR ADMISSION NO. 82:**

3         Admit that the drawing produced by BRYANT bearing Bates serial

4  number Bryant 00199 is intellectual property whose conversion is one basis of

5  YOUR damage requests.

6  **REQUEST FOR ADMISSION NO. 83:**

7         Admit that the drawing produced by BRYANT bearing Bates serial

8  number Bryant 00200 is intellectual property whose conversion is one basis of

9  YOUR damage requests.

10  **REQUEST FOR ADMISSION NO. 84:**

11         Admit that the drawing produced by BRYANT bearing Bates serial

12  number Bryant 00201 is intellectual property whose conversion is one basis of

13  YOUR damage requests.

14  **REQUEST FOR ADMISSION NO. 85:**

15         Admit that the drawing produced by BRYANT bearing Bates serial

16  number Bryant 00202 is intellectual property whose conversion is one basis of

17  YOUR damage requests.

18  **REQUEST FOR ADMISSION NO. 86:**

19         Admit that the drawing produced by BRYANT bearing Bates serial

20  number Bryant 00203 is intellectual property whose conversion is one basis of

21  YOUR damage requests.

22  **REQUEST FOR ADMISSION NO. 87:**

23         Admit that the drawing produced by BRYANT bearing Bates serial

24  number Bryant 00204 is intellectual property whose conversion is one basis of

25  YOUR damage requests.

26  **REQUEST FOR ADMISSION NO. 88:**

27         Admit that the drawing produced by BRYANT bearing Bates serial

28  number Bryant 00205 is intellectual property whose conversion is one basis of

-15-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 19 , P. 205

1   YOUR damage requests.

2   **REQUEST FOR ADMISSION NO. 89:**

3        Admit that the drawing produced by BRYANT bearing Bates serial

4   number Bryant 00206 is intellectual property whose conversion is one basis of

5   YOUR damage requests.

6   **REQUEST FOR ADMISSION NO. 90:**

7        Admit that the drawing produced by BRYANT bearing Bates serial

8   number Bryant 00207 is intellectual property whose conversion is one basis of

9   YOUR damage requests.

10  **REQUEST FOR ADMISSION NO. 91:**

11       Admit that the drawing produced by BRYANT bearing Bates serial

12  number Bryant 00208 is intellectual property whose conversion is one basis of

13  YOUR damage requests.

14  **REQUEST FOR ADMISSION NO. 92:**

15       Admit that the drawing produced by BRYANT bearing Bates serial

16  number Bryant 00209 is intellectual property whose conversion is one basis of

17  YOUR damage requests.

18  **REQUEST FOR ADMISSION NO. 93:**

19       Admit that the drawing produced by BRYANT bearing Bates serial

20  number Bryant 00210 is intellectual property whose conversion is one basis of

21  YOUR damage requests.

22  **REQUEST FOR ADMISSION NO. 94:**

23       Admit that the drawing produced by BRYANT bearing Bates serial

24  number Bryant 00211 is intellectual property whose conversion is one basis of

25  YOUR damage requests.

26  **REQUEST FOR ADMISSION NO. 95:**

27       Admit that the drawing produced by BRYANT bearing Bates serial

28  number Bryant 00212 is intellectual property whose conversion is one basis of

-16-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 19 , P. 206

1    YOUR damage requests.

2    **REQUEST FOR ADMISSION NO. 96:**

3            Admit that the drawing produced by BRYANT bearing Bates serial

4    number Bryant 00213 is intellectual property whose conversion is one basis of

5    YOUR damage requests.

6    **REQUEST FOR ADMISSION NO. 97:**

7            Admit that the drawing produced by BRYANT bearing Bates serial

8    number Bryant 00214 is intellectual property whose conversion is one basis of

9    YOUR damage requests.

10   **REQUEST FOR ADMISSION NO. 98:**

11           Admit that the drawing produced by BRYANT bearing Bates serial

12   number Bryant 00215 is intellectual property whose conversion is one basis of

13   YOUR damage requests.

14   **REQUEST FOR ADMISSION NO. 99:**

15           Admit that the drawing produced by BRYANT bearing Bates serial

16   number Bryant 00216 is intellectual property whose conversion is one basis of

17   YOUR damage requests.

18   **REQUEST FOR ADMISSION NO. 100:**

19           Admit that the drawing produced by BRYANT bearing Bates serial

20   number Bryant 00218 is intellectual property whose conversion is one basis of

21   YOUR damage requests.

22   **REQUEST FOR ADMISSION NO. 101:**

23           Admit that the drawing produced by BRYANT bearing Bates serial

24   number Bryant 00341 is intellectual property whose conversion is one basis of

25   YOUR damage requests.

26   **REQUEST FOR ADMISSION NO. 102:**

27           Admit that the drawing produced by BRYANT bearing Bates serial

28   number Bryant 00972 is intellectual property whose conversion is one basis of

-17-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

1  YOUR damage requests.

2  **REQUEST FOR ADMISSION NO. 103:**

3         Admit that the drawing produced by BRYANT bearing Bates serial

4  number Bryant 01014 is intellectual property whose conversion is one basis of

5  YOUR damage requests.

6  **REQUEST FOR ADMISSION NO. 104:**

7         Admit that the drawing produced by BRYANT bearing Bates serial

8  number Bryant 01116 is intellectual property whose conversion is one basis of

9  YOUR damage requests.

10  **REQUEST FOR ADMISSION NO. 105:**

11         Admit that the drawing produced by BRYANT bearing Bates serial

12  number Bryant 01117 is intellectual property whose conversion is one basis of

13  YOUR damage requests.

14  **REQUEST FOR ADMISSION NO. 106:**

15         Admit that the drawing produced by BRYANT bearing Bates serial

16  number Bryant 01118 is intellectual property whose conversion is one basis of

17  YOUR damage requests.

18  **REQUEST FOR ADMISSION NO. 107:**

19         Admit that the drawing produced by BRYANT bearing Bates serial

20  number Bryant 00175 is not intellectual property for whose conversion YOU seek

21  damages.

22  **REQUEST FOR ADMISSION NO. 108:**

23         Admit that the drawing produced by BRYANT bearing Bates serial

24  number Bryant 00176 is not intellectual property for whose conversion YOU seek

25  damages.

26  **REQUEST FOR ADMISSION NO. 109:**

27         Admit that the drawing produced by BRYANT bearing Bates serial

28  number Bryant 00177 is not intellectual property for whose conversion YOU seek

-18-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 19 , P. 208

1   damages.

2   **REQUEST FOR ADMISSION NO. 110:**

3     Admit that the drawing produced by BRYANT bearing Bates serial

4   number Bryant 00179 is not intellectual property for whose conversion YOU seek

5   damages.

6   **REQUEST FOR ADMISSION NO. 111:**

7     Admit that the drawing produced by BRYANT bearing Bates serial

8   number Bryant 00180 is not intellectual property for whose conversion YOU seek

9   damages.

10   **REQUEST FOR ADMISSION NO. 112:**

11     Admit that the drawing produced by BRYANT bearing Bates serial

12   number Bryant 00181 is not intellectual property for whose conversion YOU seek

13   damages.

14   **REQUEST FOR ADMISSION NO. 113:**

15     Admit that the drawing produced by BRYANT bearing Bates serial

16   number Bryant 00182 is not intellectual property for whose conversion YOU seek

17   damages.

18   **REQUEST FOR ADMISSION NO. 114:**

19     Admit that the drawing produced by BRYANT bearing Bates serial

20   number Bryant 00189 is not intellectual property for whose conversion YOU seek

21   damages.

22   **REQUEST FOR ADMISSION NO. 115:**

23     Admit that the drawing produced by BRYANT bearing Bates serial

24   number Bryant 00190 is not intellectual property for whose conversion YOU seek

25   damages.

26   **REQUEST FOR ADMISSION NO. 116:**

27     Admit that the drawing produced by BRYANT bearing Bates serial

28   number Bryant 00192 is not intellectual property for whose conversion YOU seek

-19-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit _15_, P. _209_

1  damages.

2  **REQUEST FOR ADMISSION NO. 117:**

3     Admit that the drawing produced by BRYANT bearing Bates serial

4  number Bryant 00193 is not intellectual property for whose conversion YOU seek

5  damages.

6  **REQUEST FOR ADMISSION NO. 118:**

7     Admit that the drawing produced by BRYANT bearing Bates serial

8  number Bryant 00194 is not intellectual property for whose conversion YOU seek

9  damages.

10  **REQUEST FOR ADMISSION NO. 119:**

11     Admit that the drawing produced by BRYANT bearing Bates serial

12  number Bryant 00195 is not intellectual property for whose conversion YOU seek

13  damages.

14  **REQUEST FOR ADMISSION NO. 120:**

15     Admit that the drawing produced by BRYANT bearing Bates serial

16  number Bryant 00196 is not intellectual property for whose conversion YOU seek

17  damages.

18  **REQUEST FOR ADMISSION NO. 121:**

19     Admit that the drawing produced by BRYANT bearing Bates serial

20  number Bryant 00198 is not intellectual property for whose conversion YOU seek

21  damages.

22  **REQUEST FOR ADMISSION NO. 122:**

23     Admit that the drawing produced by BRYANT bearing Bates serial

24  number Bryant 00199 is not intellectual property for whose conversion YOU seek

25  damages.

26  **REQUEST FOR ADMISSION NO. 123:**

27     Admit that the drawing produced by BRYANT bearing Bates serial

28  number Bryant 00200 is not intellectual property for whose conversion YOU seek

-20-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

Exhibit 19, P. 210

1  damages.

2  **REQUEST FOR ADMISSION NO. 124:**

3        Admit that the drawing produced by BRYANT bearing Bates serial

4  number Bryant 00201 is not intellectual property for whose conversion YOU seek

5  damages.

6  **REQUEST FOR ADMISSION NO. 125:**

7        Admit that the drawing produced by BRYANT bearing Bates serial

8  number Bryant 00202 is not intellectual property for whose conversion YOU seek

9  damages.

10  **REQUEST FOR ADMISSION NO. 126:**

11        Admit that the drawing produced by BRYANT bearing Bates serial

12  number Bryant 00203 is not intellectual property for whose conversion YOU seek

13  damages.

14  **REQUEST FOR ADMISSION NO. 127:**

15        Admit that the drawing produced by BRYANT bearing Bates serial

16  number Bryant 00204 is not intellectual property for whose conversion YOU seek

17  damages.

18  **REQUEST FOR ADMISSION NO. 128:**

19        Admit that the drawing produced by BRYANT bearing Bates serial

20  number Bryant 00205 is not intellectual property for whose conversion YOU seek

21  damages.

22  **REQUEST FOR ADMISSION NO. 129:**

23        Admit that the drawing produced by BRYANT bearing Bates serial

24  number Bryant 00206 is not intellectual property for whose conversion YOU seek

25  damages.

26  **REQUEST FOR ADMISSION NO. 130:**

27        Admit that the drawing produced by BRYANT bearing Bates serial

28  number Bryant 00207 is not intellectual property for whose conversion YOU seek

-21-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 19 , P. 211

1   damages.

2   **REQUEST FOR ADMISSION NO. 131:**

3     Admit that the drawing produced by BRYANT bearing Bates serial

4   number Bryant 00208 is not intellectual property for whose conversion YOU seek

5   damages.

6   **REQUEST FOR ADMISSION NO. 132:**

7     Admit that the drawing produced by BRYANT bearing Bates serial

8   number Bryant 00209 is not intellectual property for whose conversion YOU seek

9   damages.

10  **REQUEST FOR ADMISSION NO. 133:**

11    Admit that the drawing produced by BRYANT bearing Bates serial

12  number Bryant 00210 is not intellectual property for whose conversion YOU seek

13  damages.

14  **REQUEST FOR ADMISSION NO. 134:**

15    Admit that the drawing produced by BRYANT bearing Bates serial

16  number Bryant 00211 is not intellectual property for whose conversion YOU seek

17  damages.

18  **REQUEST FOR ADMISSION NO. 135:**

19    Admit that the drawing produced by BRYANT bearing Bates serial

20  number Bryant 00212 is not intellectual property for whose conversion YOU seek

21  damages.

22  **REQUEST FOR ADMISSION NO. 136:**

23    Admit that the drawing produced by BRYANT bearing Bates serial

24  number Bryant 00213 is not intellectual property for whose conversion YOU seek

25  damages.

26  **REQUEST FOR ADMISSION NO. 137:**

27    Admit that the drawing produced by BRYANT bearing Bates serial

28  number Bryant 00214 is not intellectual property for whose conversion YOU seek

-22-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 19 , P. 212

damages.

**REQUEST FOR ADMISSION NO. 138:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00215 is not intellectual property for whose conversion YOU seek damages.

**REQUEST FOR ADMISSION NO. 139:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00216 is not intellectual property for whose conversion YOU seek damages.

**REQUEST FOR ADMISSION NO. 140:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00218 is not intellectual property for whose conversion YOU seek damages.

**REQUEST FOR ADMISSION NO. 141:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00341 is not intellectual property for whose conversion YOU seek damages.

**REQUEST FOR ADMISSION NO. 142:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00972 is not intellectual property for whose conversion YOU seek damages.

**REQUEST FOR ADMISSION NO. 143:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 01014 is not intellectual property for whose conversion YOU seek damages.

**REQUEST FOR ADMISSION NO. 144:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 01116 is not intellectual property for whose conversion YOU seek

-23-

LA2:747845.2

Exhibit 19, P. 213

1  damages.

2  **REQUEST FOR ADMISSION NO. 145:**

3    Admit that the drawing produced by BRYANT bearing Bates serial

4  number Bryant 01117 is not intellectual property for whose conversion YOU seek

5  damages.

6  **REQUEST FOR ADMISSION NO. 146:**

7    Admit that the drawing produced by BRYANT bearing Bates serial

8  number Bryant 01118 is not intellectual property for whose conversion YOU seek

9  damages.

10  **REQUEST FOR ADMISSION NO. 147:**

11    Admit that BRYANT did not conceive of BRATZ while employed by

12  MATTEL.

13  **REQUEST FOR ADMISSION NO. 148:**

14    Admit that BRYANT did not conceive of the BRATZ CONCEPT

15  while employed by MATTEL.

16  **REQUEST FOR ADMISSION NO. 149:**

17    Admit that BRYANT did not conceive of BRATZ INTELLECTUAL

18  PROPERTY while employed by MATTEL.

19  **REQUEST FOR ADMISSION NO. 150:**

20    Admit that BRYANT did not conceive of the FIRST BRATZ DOLLS

21  while employed by MATTEL.

22  **REQUEST FOR ADMISSION NO. 151:**

23    Admit that BRYANT did not conceive of the BRATZ PACK while

24  employed by MATTEL.

25  **REQUEST FOR ADMISSION NO. 152:**

26    Admit that BRYANT did not conceive of BRATZ DOLLS while

27  employed by MATTEL.

28

-24-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 15 , P. 214

**REQUEST FOR ADMISSION NO. 153:**

Admit that BRYANT did not conceive of BRATZ BOYZ while employed by MATTEL.

**REQUEST FOR ADMISSION NO. 154:**

Admit that BRYANT did not conceive of BRATZ BABYZ while employed by MATTEL.

**REQUEST FOR ADMISSION NO. 155:**

Admit that no BRATZ doll was reduced to practice while BRYANT was employed by MATTEL.

**REQUEST FOR ADMISSION NO. 156:**

Admit that no BRATZ CONCEPT was reduced to practice while BRYANT was employed by MATTEL

**REQUEST FOR ADMISSION NO. 157:**

Admit that no BRATZ INTELLECTUAL PROPERTY was reduced to practice while BRYANT was employed by MATTEL

**REQUEST FOR ADMISSION NO. 158:**

Admit that no FIRST BRATZ DOLL was reduced to practice while BRYANT was employed by MATTEL

**REQUEST FOR ADMISSION NO. 159:**

Admit that no BRATZ DOLL was reduced to practice while BRYANT was employed by MATTEL

**REQUEST FOR ADMISSION NO. 160:**

Admit that "Toon Teens" is intellectual property whose conversion is one basis of YOUR damage requests.

**REQUEST FOR ADMISSION NO. 161:**

Admit that "Toon Teens" is not intellectual property whose conversion is one basis of YOUR damage requests.

-25-

MGA'S SECOND SET OF REQUESTS FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 15 , P. 215

**REQUEST FOR ADMISSION NO. 162:**

Admit that MATTEL abandoned its "Toon Teens" project.

**REQUEST FOR ADMISSION NO. 163:**

Admit that MATTEL did not abandon its "Toon Teens" project.

**REQUEST FOR ADMISSION NO. 164:**

Admit that "Toon Teens" is the abandoned MATTEL project referenced in the July 18, 2003 Wall Street Journal article attached hereto as Exhibit 1.

**REQUEST FOR ADMISSION NO. 165:**

Admit that "Toon Teens" is not the abandoned MATTEL project referenced in the July 18, 2003 Wall Street Journal article attached hereto as Exhibit 1.

**REQUEST FOR ADMISSION NO. 166:**

Admit that YOU believe that BRYANT has copied some element of "Toon Teens".

**REQUEST FOR ADMISSION NO. 167:**

Admit that YOU do not believe that BRYANT has copied some element of "Toon Teens".

**REQUEST FOR ADMISSION NO. 168:**

Admit that BRATZ is a derivation of "Toon Teens."

**REQUEST FOR ADMISSION NO. 169:**

Admit that BRATZ is not a derivation of "Toon Teens."

**REQUEST FOR ADMISSION NO. 170:**

Admit that YOU seek to prove that BRYANT has copied "Toon Teens."

**REQUEST FOR ADMISSION NO. 171:**

Admit that YOU do not seek to prove that BRYANT has copied "Toon Teens."

-26-

LA2:747845.2

Exhibit 19 , P. 216

**REQUEST FOR ADMISSION NO. 172:**

Admit that BRYANT could not have seen "Toon Teens" until at least 1999.

**REQUEST FOR ADMISSION NO. 173:**

Admit that YOU will seek to prove in this case that some element of "Toon Teens" is substantially similar to BRATZ.

**REQUEST FOR ADMISSION NO. 174:**

Admit that YOU will not seek to prove in this case that some element of "Toon Teens" is substantially similar to BRATZ.

**REQUEST FOR ADMISSION NO. 175:**

Admit that YOU will seek to prove in this case that some element of "Toon Teens" is substantially similar to the BRATZ CONCEPT.

**REQUEST FOR ADMISSION NO. 176:**

Admit that YOU will not seek to prove in this case that some element of "Toon Teens" is substantially similar to the BRATZ CONCEPT.

**REQUEST FOR ADMISSION NO. 177:**

Admit that YOU will seek to prove in this case that some element of "Toon Teens" is substantially similar to the BRATZ INTELLECTUAL PROPERTY.

**REQUEST FOR ADMISSION NO. 178:**

Admit that YOU will not seek to prove in this case that some element of "Toon Teens" is substantially similar to the BRATZ INTELLECTUAL PROPERTY.

**REQUEST FOR ADMISSION NO. 179:**

Admit that YOU will seek to prove in this case that some element of "Toon Teens" is substantially similar to the FIRST BRATZ DOLLS.

**REQUEST FOR ADMISSION NO. 180:**

Admit that YOU will not seek to prove in this case that some element

-27-

LA2:747845.2

Exhibit 19 , P. 217

1   of "Toon Teens" is substantially similar to the FIRST BRATZ DOLLS.

2   **REQUEST FOR ADMISSION NO. 181:**

3          Admit that YOU will seek to prove in this case that some element of

4   "Toon Teens" is substantially similar to BRATZ DOLLS.

5   **REQUEST FOR ADMISSION NO. 182:**

6          Admit that YOU will not seek to prove in this case that some element

7   of "Toon Teens" is substantially similar to BRATZ DOLLS.

8   **REQUEST FOR ADMISSION NO. 183:**

9          Admit that MATTEL introduced "My Scene" to compete with

10  BRATZ.

11  **REQUEST FOR ADMISSION NO. 184:**

12         Admit that MATTEL's decision to introduce "My Scene" was made

13  after July, 2001.

14  **REQUEST FOR ADMISSION NO. 185:**

15         Admit that "My Scene" is a line of fashion dolls.

16  **REQUEST FOR ADMISSION NO. 186:**

17         Admit that "My Scene" is a derivation of "Toon Teens."

18  **REQUEST FOR ADMISSION NO. 187:**

19         Admit that "My Scene" is not a derivation of "Toon Teens."

20  **REQUEST FOR ADMISSION NO. 188:**

21         Admit that "My Scene" is intellectual property whose conversion is

22  one basis of YOUR damage requests.

23  **REQUEST FOR ADMISSION NO. 189:**

24         Admit that "My Scene" is not intellectual property whose conversion is

25  one basis of YOUR damage requests.

26  **REQUEST FOR ADMISSION NO. 190:**

27         Admit that YOU will seek to prove in this case that some element of

28  "My Scene" is substantially similar to BRATZ.

-28-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 19 , P. 218

**REQUEST FOR ADMISSION NO. 191:**

1

2          Admit that YOU will not seek to prove in this case that some element

3  of "My Scene" is substantially similar to BRATZ.

4  **REQUEST FOR ADMISSION NO. 192:**

5          Admit that YOU will seek to prove in this case that some element of

6  "My Scene" is substantially similar to the BRATZ CONCEPT.

7  **REQUEST FOR ADMISSION NO. 193:**

8          Admit that YOU will not seek to prove in this case that some element

9  of "My Scene" is substantially similar to the BRATZ CONCEPT.

10  **REQUEST FOR ADMISSION NO. 194:**

11          Admit that YOU will seek to prove in this case that some element of

12  "My Scene" is substantially similar to the BRATZ INTELLECTUAL PROPERTY.

13  **REQUEST FOR ADMISSION NO. 195:**

14          Admit that YOU will not seek to prove in this case that some element

15  of "My Scene" is substantially similar to the BRATZ INTELLECTUAL

16  PROPERTY.

17  **REQUEST FOR ADMISSION NO. 196:**

18          Admit that YOU will seek to prove in this case that some element of

19  "My Scene" is substantially similar to the FIRST BRATZ DOLLS.

20  **REQUEST FOR ADMISSION NO. 197:**

21          Admit that YOU will not seek to prove in this case that some element

22  of "My Scene" is substantially similar to the FIRST BRATZ DOLLS.

23  **REQUEST FOR ADMISSION NO. 198:**

24          Admit that YOU will seek to prove in this case that some element of

25  "My Scene" is substantially similar to BRATZ DOLLS.

26  **REQUEST FOR ADMISSION NO. 199:**

27          Admit that YOU will not seek to prove in this case that some element

28  of "My Scene" is substantially similar to BRATZ DOLLS.

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit _9_, P. 29

**REQUEST FOR ADMISSION NO. 200:**

Admit that elements of "roller-blading Barbie" is intellectual property whose conversion is one basis of YOUR damage requests.

**REQUEST FOR ADMISSION NO. 201:**

Admit that elements of "roller-blading Barbie" is not intellectual property for whose conversion YOU seek damages.

**REQUEST FOR ADMISSION NO. 202:**

Admit that "Diva Starz" is intellectual property whose conversion is one basis of YOUR damage requests.

**REQUEST FOR ADMISSION NO. 203:**

Admit that "Diva Starz" is not intellectual property for whose conversion YOU seek damages.

**REQUEST FOR ADMISSION NO. 204:**

Admit that YOU will seek to prove in this case that some element of "Diva Starz" is substantially similar to BRATZ.

**REQUEST FOR ADMISSION NO. 205:**

Admit that YOU will not seek to prove in this case that some element of "Diva Starz" is substantially similar to BRATZ.

**REQUEST FOR ADMISSION NO. 206:**

Admit that Matt Bousquette is the person at MATTEL, other than counsel, with the most knowledge of the type of damage YOU believe has been caused by the conduct alleged in YOUR COMPLAINT.

**REQUEST FOR ADMISSION NO. 207:**

Admit that Matt Bousquette is not the person at MATTEL, other than counsel, with the most knowledge of the type of damage YOU believe has been caused by the conduct alleged in YOUR COMPLAINT.

**REQUEST FOR ADMISSION NO. 208:**

Admit that Matt Bousquette was interviewed for the July 18, 2003

-30-

**MGA'S SECOND SET OF REQUESTS FOR ADMISSION TO MATTEL, INC.**

LA2:747845.2

Exhibit 19, P. 220

1    Wall Street Journal article attached hereto as Exhibit 1.

2    **REQUEST FOR ADMISSION NO. 209:**

3            Admit that Matt Bousquette is the person at MATTEL with the most

4    knowledge of Matt Bousquette's own interview for the July 18, 2003 Wall Street

5    Journal article attached hereto as Exhibit 1.

6    **REQUEST FOR ADMISSION NO. 210:**

7            Admit that Matt Bousquette knows the identities of other persons

8    besides himself who were interviewed for the July 18, 2003 Wall Street Journal

9    article attached hereto as Exhibit 1.

10   **REQUEST FOR ADMISSION NO. 211:**

11           Admit that Matt Bousquette is the person at MATTEL who most

12   knows the identities of other persons besides himself who were interviewed for the

13   July 18, 2003 Wall Street Journal article attached hereto as Exhibit 1.

14   **REQUEST FOR ADMISSION NO. 212:**

15           Admit that MATTEL investigated the facts alleged in the anonymous

16   letter attached hereto as Exhibit 2.

17   **REQUEST FOR ADMISSION NO. 213:**

18           Admit that MATTEL's investigation of the facts alleged in the

19   anonymous letter attached hereto as Exhibit 2 was performed in anticipation of

20   litigation.

21   **REQUEST FOR ADMISSION NO. 214:**

22           Admit that MATTEL's investigation of the facts alleged in the

23   anonymous letter attached hereto as Exhibit 2 was not performed in anticipation of

24   litigation.

25   **REQUEST FOR ADMISSION NO. 215:**

26           Admit that MATTEL knows the results of MATTEL's investigation of

27   the facts alleged in the anonymous letter attached hereto as Exhibit 2.

28

                                    -31-          MGA'S SECOND SET OF REQUESTS
                                                  FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 19, P. 221

**REQUEST FOR ADMISSION NO. 216:**

Admit that Alan Kaye knows the results of MATTEL's investigation of the facts alleged in the anonymous letter attached hereto as Exhibit 2.

**REQUEST FOR ADMISSION NO. 217:**

Admit that someone at MATTEL, other than counsel, knows the results of MATTEL's investigation of the facts alleged in the anonymous letter attached hereto as Exhibit 2.

**REQUEST FOR ADMISSION NO. 218:**

Admit that Matt Bousquette knows the results of MATTEL's investigation of the facts alleged in the anonymous letter attached hereto as Exhibit 2.

**REQUEST FOR ADMISSION NO. 219:**

Admit that MATTEL knows the identity of the author of the anonymous letter attached hereto as Exhibit 2.

**REQUEST FOR ADMISSION NO. 220:**

Admit that MATTEL does not know the identity of the author of the anonymous letter attached hereto as Exhibit 2.

**REQUEST FOR ADMISSION NO. 221:**

Admit that Matt Bousquette knows the identity of the author of the anonymous letter attached hereto as Exhibit 2.

**REQUEST FOR ADMISSION NO. 222:**

Admit that MATTEL saw a BRATZ doll in 2001.

**REQUEST FOR ADMISSION NO. 223:**

Admit that MATTEL saw a BRATZ doll in January 2001.

**REQUEST FOR ADMISSION NO. 224:**

Admit that MATTEL saw a BRATZ doll in February 2001.

**REQUEST FOR ADMISSION NO. 225:**

Admit that MATTEL saw a BRATZ doll in March 2001.

-32-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 19, P. 222

## REQUEST FOR ADMISSION NO. 226:

Admit that MATTEL saw a BRATZ doll in April 2001.

## REQUEST FOR ADMISSION NO. 227:

Admit that MATTEL saw a BRATZ doll in May 2001.

## REQUEST FOR ADMISSION NO. 228:

Admit that MATTEL saw a BRATZ doll in June 2001.

## REQUEST FOR ADMISSION NO. 229:

Admit that MATTEL saw a BRATZ doll in July 2001.

## REQUEST FOR ADMISSION NO. 230:

Admit that MATTEL saw a BRATZ doll in August 2001.

## REQUEST FOR ADMISSION NO. 231:

Admit that MATTEL saw a BRATZ doll in September 2001.

## REQUEST FOR ADMISSION NO. 232:

Admit that MATTEL saw a BRATZ doll in October 2001.

## REQUEST FOR ADMISSION NO. 233:

Admit that MATTEL saw a BRATZ doll in November 2001.

## REQUEST FOR ADMISSION NO. 234:

Admit that MATTEL saw a BRATZ doll in December 2001.

## REQUEST FOR ADMISSION NO. 235:

Admit that when MATTEL saw a BRATZ doll in 2001, it believed the doll infringed one or more MATTEL copyrights.

## REQUEST FOR ADMISSION NO. 236:

Admit that when MATTEL saw a BRATZ doll in 2001, it did not believe the doll infringed one or more MATTEL copyrights.

## REQUEST FOR ADMISSION NO. 237:

Admit that when MATTEL saw a BRATZ doll in 2001, it believed the doll infringed one or more MATTEL patents.

LA2:747845.2

-33-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

Exhibit 19, P. 223

**REQUEST FOR ADMISSION NO. 238:**

Admit that when MATTEL saw a BRATZ doll in 2001, it did not believe the doll infringed one or more MATTEL patents.

**REQUEST FOR ADMISSION NO. 239:**

Admit that when MATTEL saw a BRATZ doll in 2001, it believed the doll infringed one or more MATTEL trademarks.

**REQUEST FOR ADMISSION NO. 240:**

Admit that when MATTEL saw a BRATZ doll in 2001, it did not believe the doll infringed one or more MATTEL trademarks.

**REQUEST FOR ADMISSION NO. 241:**

Admit that when MATTEL saw a BRATZ doll in 2001, it investigated whether the doll infringed one or more MATTEL copyrights.

**REQUEST FOR ADMISSION NO. 242:**

Admit that when MATTEL saw a BRATZ doll in 2001, it did not investigate whether the doll infringed one or more MATTEL copyrights.

**REQUEST FOR ADMISSION NO. 243:**

Admit that when MATTEL saw a BRATZ doll in 2001, it investigated whether the doll infringed one or more MATTEL patents.

**REQUEST FOR ADMISSION NO. 244:**

Admit that when MATTEL saw a BRATZ doll in 2001, it did not investigate whether the doll infringed one or more MATTEL patents.

**REQUEST FOR ADMISSION NO. 245:**

Admit that when MATTEL saw a BRATZ doll in 2001, it investigated whether the doll infringed one or more MATTEL trademarks.

**REQUEST FOR ADMISSION NO. 246:**

Admit that when MATTEL saw a BRATZ doll in 2001, it did not investigate whether the doll infringed one or more MATTEL trademarks.

-34-

LA2:747845.2

Exhibit 19, P. 224

1  **REQUEST FOR ADMISSION NO. 247:**

2      Admit that when MATTEL saw a BRATZ doll in 2001, it attempted to

3  identify the owner of the work.

4  **REQUEST FOR ADMISSION NO. 248:**

5      Admit that when MATTEL saw a BRATZ doll in 2001, it attempted to

6  identify the author of the work.

7  **REQUEST FOR ADMISSION NO. 249:**

8      Admit that when MATTEL saw a BRATZ doll in 2001, it attempted to

9  identify the inventor of the work.

10  **REQUEST FOR ADMISSION NO. 250:**

11      Admit that when MATTEL saw a BRATZ doll in 2001, it did not

12  attempt to identify the owner of the work.

13  **REQUEST FOR ADMISSION NO. 251:**

14      Admit that when MATTEL saw a BRATZ doll in 2001, it did not

15  attempt to identify the author of the work.

16  **REQUEST FOR ADMISSION NO. 252:**

17      Admit that when MATTEL saw a BRATZ doll in 2001, it did not

18  attempt to identify the owner of the work.

19  **REQUEST FOR ADMISSION NO. 253:**

20      Admit that when MATTEL saw a BRATZ doll in 2001, it had reason

21  to believe that the doll was copied from "Toon Teens."

22  **REQUEST FOR ADMISSION NO. 254:**

23      Admit that when MATTEL saw a BRATZ doll in 2001, it had no

24  reason to believe that the doll was copied from "Toon Teens."

25  **REQUEST FOR ADMISSION NO. 255:**

26      Admit that MATTEL utilizes a form "Employee Confidential

27  Information and Inventions Agreement."

28

-35-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 19, P. 225

**REQUEST FOR ADMISSION NO. 256:**

Admit that MATTEL employees are required to sign a form "Employee Confidential Information and Inventions Agreement."

**REQUEST FOR ADMISSION NO. 257:**

Admit that MATTEL has never modified a term of its form "Employee Confidential Information and Inventions Agreement" at the request of any prospective employee.

**REQUEST FOR ADMISSION NO. 258:**

Admit that MATTEL requested that Anne Driskill sign an "Employee Confidential Information and Inventions Agreement".

**REQUEST FOR ADMISSION NO. 259:**

Admit that Anne Driskill signed an "Employee Confidential Information and Inventions Agreement".

**REQUEST FOR ADMISSION NO. 260:**

Admit that MATTEL has sued an individual, besides BRYANT, to enforce an "Employee Confidential Information and Inventions Agreement".

**REQUEST FOR ADMISSION NO. 261:**

Admit that MATTEL has not sued an individual, besides BRYANT, to enforce an "Employee Confidential Information and Inventions Agreement".

**REQUEST FOR ADMISSION NO. 262:**

Admit that MATTEL has accused an individual, besides BRYANT, of breaching an "Employee Confidential Information and Inventions Agreement".

**REQUEST FOR ADMISSION NO. 263:**

Admit that MATTEL has not accused an individual, besides BRYANT, of breaching an "Employee Confidential Information and Inventions Agreement".

**REQUEST FOR ADMISSION NO. 264:**

Admit that MATTEL is aware of one or more MATTEL employees,

-36-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 19, P. 226

1  besides BRYANT, who have worked for themselves while employed by MATTEL

2  full-time.

3  **REQUEST FOR ADMISSION NO. 265:**

4      Admit that MATTEL is aware of one or more MATTEL employees,

5  besides BRYANT, who have worked for themselves while employed by MATTEL

6  part-time.

7  **REQUEST FOR ADMISSION NO. 266:**

8      Admit that MATTEL is aware of one or more MATTEL employees,

9  besides BRYANT, who have worked for other companies while employed by

10  MATTEL full-time.

11  **REQUEST FOR ADMISSION NO. 267:**

12      Admit that MATTEL is aware of one or more MATTEL employees,

13  besides BRYANT, who have worked for other companies while employed by

14  MATTEL part-time.

15  **REQUEST FOR ADMISSION NO. 268:**

16      Admit that MATTEL employees who have signed an "Employee

17  Confidential Information and Inventions Agreement" are allowed to draw pictures,

18  on their own time.

19  **REQUEST FOR ADMISSION NO. 269:**

20      Admit that MATTEL employees who have signed an "Employee

21  Confidential Information and Inventions Agreement" and draw pictures, on their

22  own time, are not obligated to assign each such picture to MATTEL.

23  **REQUEST FOR ADMISSION NO. 270:**

24      Admit that MATTEL employees who have signed an "Employee

25  Confidential Information and Inventions Agreement" are allowed to draw pictures,

26  on their own time, of things that could be made into toys.

27  **REQUEST FOR ADMISSION NO. 271:**

28      Admit that MATTEL employees who have signed an "Employee

-37-

MGA'S SECOND SET OF REQUESTS
FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 19, P. 227

Confidential Information and Inventions Agreement" and draw pictures, on their own time, of things that could be made into toys are not obligated to assign each such picture to MATTEL.

**REQUEST FOR ADMISSION NO. 272:**

Admit that MATTEL employees who have signed an "Employee Confidential Information and Inventions Agreement" are allowed to draw pictures, on their own time, of things that could be made into dolls.

**REQUEST FOR ADMISSION NO. 273:**

Admit that MATTEL employees who have signed an "Employee Confidential Information and Inventions Agreement" and draw pictures, on their own time, of things that could be made into dolls are not obligated to assign each such picture to MATTEL.

**REQUEST FOR ADMISSION NO. 274:**

Admit that MATTEL employees who have signed an "Employee Confidential Information and Inventions Agreement" are allowed to draw pictures, on their own time, of things that could be made into toys, without disclosing each such picture to MATTEL.

**REQUEST FOR ADMISSION NO. 275:**

Admit that MATTEL employees who have signed an "Employee Confidential Information and Inventions Agreement" are allowed to draw pictures, on their own time, of things that could be made into dolls, without disclosing each such picture to MATTEL.

**REQUEST FOR ADMISSION NO. 276:**

Admit that MATTEL interprets its "Employee Confidential Information and Inventions Agreement" as precluding a MATTEL designer who has signed the agreement from showing that person's artwork to prospective employers in the course of seeking new employment.

MGA'S SECOND SET OF REQUESTS FOR ADMISSION TO MATTEL, INC.

LA2:747845.2

Exhibit 15, P. 222

1   **REQUEST FOR ADMISSION NO. 277:**

2          Admit that MATTEL seeks to prove that it is the rightful owner of the

3   BRATZ drawings attached hereto as Exhibit 3.

4   **REQUEST FOR ADMISSION NO. 278:**

5          Admit that MATTEL seeks to prove that it is the rightful owner of the

6   first BRATZ doll sculpt.

7   **REQUEST FOR ADMISSION NO. 279:**

8          Admit that MATTEL seeks to prove that it is the rightful owner of the

9   first BRATZ doll face paint design.

10  **REQUEST FOR ADMISSION NO. 280:**

11         Admit that MATTEL seeks to prove that it is the rightful owner of all

12  BRATZ doll sculpts.

13  **REQUEST FOR ADMISSION NO. 281:**

14         Admit that MATTEL seeks to prove that it is the rightful owner of all

15  BRATZ doll face paint designs.

16  **REQUEST FOR ADMISSION NO. 282:**

17         Admit that BRYANT entered his work time on MATTEL'S P2

18  computer system.

19

20   Dated: February 4, 2005          DIANA M. TORRES

21                                    PAULA E. AMBROSINI
                                      ALICIA C. MEYER
22                                    O'MELVENY & MYERS, LLP

23

24                                    By: _Paula E. Ambrosini_

25                                    Paula E. Ambrosini
                                      Attorneys for Defendant-in-
26                                    Intervention, MGA Entertainment,
                                      Inc.
27

28

LA2:747845.2                    -39-         MGA'S SECOND SET OF REQUESTS
                                             FOR ADMISSION TO MATTEL, INC.

Exhibit _19_, P. _225_

## PROOF OF SERVICE

I, Suzanne I. Jimenez, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On February 4, 2005, I served the within document:

## MGA'S SECOND SET OF REQUESTS FOR ADMISSION TO MATTEL, INC.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    by putting a true and correct copy thereof, together with an unsigned copy of this declaration, in a sealed envelope designated by the carrier, with delivery fees paid or provided for, for delivery the same business day to the person(s) listed above. I am readily familiar with this firm's practice for collection and processing of overnight courier correspondence. In the ordinary course of business, such correspondence collected from me would be processed on the same day, with fees thereon fully prepaid.

**VIA HAND-DELIVERY & MAIL**

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

**VIA REGULAR MAIL**

Keith Jacoby
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel: (310) 553-0308
Fax: (310) 553-5583

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on February 4, 2005, at Los Angeles, California.

*Suzanne I. Jimenez*
Suzanne I. Jimenez

Exhibit _19_, P. _230_

# EXHIBIT 20

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
     Jon D. Corey (Bar No. 185066)
3    Valerie M. Nannery (Bar No. 227394)
     865 South Figueroa Street, 10th Floor
4    Los Angeles, California  90017-2543
     Tel.: (213) 443-3000
5    Fax:  (213) 443-3100

6  Attorneys for Plaintiff and Counter-Defendant
     Mattel, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11

12  MATTEL, INC., a Delaware corporation,  )  Case No. CV 04-09059 NM (RNBx)

13              Plaintiff,

14                                             MATTEL, INC.'S RESPONSES
         v.                                    AND OBJECTIONS TO MGA'S
15                                             SECOND SET OF REQUESTS FOR
     CARTER BRYANT, an individual              ADMISSION
16
                Defendant.
17

18  CARTER BRYANT, on behalf of himself,
     all present and former employees of
19  Mattel, Inc., and the general public,

20              Counterclaimant,

21       v.

22  MATTEL, INC., a Delaware corporation,

23              Counter-defendant.

24

25

26  PROPOUNDING PARTY:     MGA ENTERTAINMENT, INC.

27  RESPONDING PARTY:      MATTEL, INC.

28  SET NUMBER:            TWO (2)

07209/641335.1

Exhibit _20_, P. _231_

Mattel responds to MGA Entertainment Inc.'s Second Set of Requests for Admission to Mattel, Inc. as follows:

### Preliminary Statement

Mattel has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, has yet to propound or receive additional discovery with regard to this action, and has not yet calculated its damages as discovery is not yet complete.  Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered.  Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery.  Mattel's partial response to any of the Second Set of Requests for Admission (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

### General Objections

Mattel objects to each of the Requests on each and every one of the following grounds:

1.     Mattel objects to the Requests on the grounds that they call for information that is not relevant to the claims or defenses of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence.

2.     Mattel objects to the Requests on the grounds that they are unduly burdensome, premature and vague and ambiguous in that the type and amount damages that Mattel may recover and has suffered as a result of the misconduct alleged in Mattel's Complaint and the other facts necessary to answer the Requests are uniquely known by defendants and by third parties within

1  defendants' control, but are not known by Mattel at this juncture because

2  defendants refuse to disclose information to Mattel, including by refusing to

3  produce information that is the subject of pending Mattel motions to compel and

4  by refusing to appear for deposition. Mattel further anticipates that defendants

5  and/or additional persons associated with defendants, but who have not yet been

6  deposed or who have not yet been identified, have knowledge pertinent to the

7  topics that are the subject of the Requests.

8         3.    Mattel objects to the Requests as overbroad, unduly

9  burdensome and oppressive on the grounds that they seek admissions relating to

10  all "Bratz" products, which MGA does not identify, and only some of which

11  Mattel may be aware, and are an attempt to harass Mattel.

12         4.    Mattel objects to the Requests on the grounds that they seek to

13  impose obligations upon Mattel beyond those required by the Federal Rules of

14  Civil Procedure. In particular, Instruction No. 2 purports to demand that "Mattel

15  shall answer these Requests for Admission with admissions or denials." The

16  Instruction is therefore contrary to Federal Rule of Civil Procedure 36(a), which

17  states that an answer "shall specifically deny the matter *or* set forth in detail why

18  the answering party cannot truthfully admit or deny the matter." (Emphasis

19  added.) It further provides that a party may give lack of information as a reason

20  for failure to admit or deny if the party "has made reasonable inquiry" and "the

21  information known or readily available to the party is insufficient to enable the

22  party to admit or deny."

23         5.    Mattel objects to the Requests on the grounds that they call for

24  the disclosure of information subject to the attorney-client privilege, the attorney

25  work-product doctrine, or any other applicable privileges, including the privilege

26  against disclosure of the identities and work product of consulting experts. Such

27  information will not be disclosed.

28

6.   Mattel objects to the Requests on the grounds that the definitions of "Bratz" and "Mattel" are overbroad, vague, ambiguous, and non-specific.

7.   Mattel objects to the Requests on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel, including because defendants refuse to disclose it.

8.   Mattel objects to the Requests on the grounds that they seek confidential, proprietary and trade secret information.  Such information, to the extent it is relevant to this action and either has been or will be produced, has been and will be produced in reliance upon and pursuant to protective order.

9.   Mattel objects to the Requests on the grounds that they seek confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.

10.   Mattel objects to the Requests on the grounds that they are premature and seek to circumvent the expert disclosure provisions of the Federal and Local Rules.  Mattel has not yet computed or calculated its damages and has not yet engaged any testifying expert to compute or calculate its damages or on any other matter contained within the Requests that may be the subject of expert testimony.  Mattel will disclose such testimony in the manner, and at the time, provided for by the Federal and Local Rules and the Court's Orders.

## Specific Objections And Responses To Requests For Admission

Each of the following objections and responses to the Requests is expressly made subject to the above Preliminary Statement and General Objections, all of which are incorporated in each of the following objections and responses to specific requests.

REQUEST FOR ADMISSION NO. 9:

Admit that the term "Competitor", as used by YOU in YOUR Complaint filed herein, refers to MGA Entertainment, Inc.

RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Subject to and without waiving the foregoing general objections, which are incorporated herein by reference, Mattel admits that the "Competitor," as used in Mattel's Complaint in this action, refers to MGA Entertainment, Inc.

REQUEST FOR ADMISSION NO. 10:

Admit that the FIRST BRATZ DOLLS are fashion dolls.

RESPONSE TO REQUEST FOR ADMISSION NO. 10:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request as vague and ambiguous, including without limitation as to the term "First Bratz Dolls," and because no time frame is specified.  Mattel further objects to this Request as compound.  Mattel further objects to this Request on the grounds that it is incomprehensible, oppressive, overbroad and unduly burdensome in that it seeks an admission as to "fashion dolls" for each "image, character, logo, doll, toy, accessory, product, packaging, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit _20_, P. _235_

1   of goods or merchandise commonly known as, or sold and marketed under the

2   'Bratz' trademark or trade dress" for eight different SKU numbers.

3          Subject to and without waiving the foregoing general and specific

4   objections, Mattel admits that at least some "Bratz" dolls of which Mattel is

5   currently aware are fashion dolls.  Mattel cannot admit or deny that the "First

6   Bratz Dolls," as defined by MGA, are fashion dolls because the term "First Bratz

7   Dolls" is vague, ambiguous and overbroad and thus renders Mattel unable to admit

8   or deny the remainder of the Request.  "First Bratz Dolls" potentially covers a vast

9   range of products and matters, including matters that MGA does not define.

10

11  REQUEST FOR ADMISSION NO. 11:

12         Admit that the BRATZ DOLLS are fashion dolls.

13

14  RESPONSE TO REQUEST FOR ADMISSION NO. 11:

15         In addition to the foregoing general objections, which are

16  incorporated herein by reference, Mattel specifically objects to this Request as

17  vague and ambiguous, including without limitation the term "Bratz Dolls."  Mattel

18  further objects to this Request as compound.  Mattel further objects to this Request

19  on the grounds that it is incomprehensible, oppressive, overbroad and unduly

20  burdensome in that it seeks an admission as to "fashion dolls" for each "image,

21  character, logo, doll, toy, accessory, product, packaging, or other thing or matter

22  that is or has ever been manufactured, marketed or sold by MGA, or others under

23  license, as part of a line of goods or merchandise commonly known as, or sold and

24  marketed under the 'Bratz' trademark or trade dress," with very few exceptions.

25         Subject to and without waiving the foregoing general and specific

26  objections, Mattel admits that at least some "Bratz" dolls of which Mattel is aware

27  are fashion dolls.  Mattel cannot admit or deny that "Bratz Dolls," as defined by

28  MGA, are fashion dolls because the term "Bratz Dolls" is vague, ambiguous and

-6-

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit _20_, P. _236_

1   RESPONSE TO REQUEST FOR ADMISSION NO. 239:

2          In addition to the foregoing general objections, which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds

4   that it calls for information that is not relevant to this action, nor reasonably

5   calculated to lead to the discovery of admissible evidence.  Mattel further objects

6   to this Request on the grounds that it calls for the disclosure of information subject

7   to the attorney-client privilege, the work product doctrine and other applicable

8   privileges.  Mattel further objects to this Request as compound and conjunctive.

9   Mattel further objects to this Request as vague and ambiguous.  In particular, the

10  term "Mattel," as defined by MGA, includes past employees like Bryant.  Mattel

11  further objects to this Request on the grounds that it is undefined, oppressive,

12  overbroad and unduly burdensome in that it seeks an admission for each "image,

13  character, logo, doll, toy, accessory, product, packaging, or other thing or matter

14  that is or has ever been manufactured, marketed or sold by MGA, or others under

15  license, as part of a line of goods or merchandise commonly known as, or sold and

16  marketed under the 'Bratz' trademark or trade dress."

17

18  REQUEST FOR ADMISSION NO. 240:

19          Admit that when MATTEL saw a BRATZ doll in 2001, it did not

20  believe the doll infringed one or more MATTEL trademarks.

21

22  RESPONSE TO REQUEST FOR ADMISSION NO. 240:

23          In addition to the foregoing general objections, which are

24  incorporated herein by reference, Mattel objects to this Request on the grounds

25  that it calls for information that is not relevant to this action, nor reasonably

26  calculated to lead to the discovery of admissible evidence.  Mattel further objects

27  to this Request on the grounds that it calls for the disclosure of information subject

28  to the attorney-client privilege, the work product doctrine and other applicable

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit 20, P. 237

1   privileges.  Mattel further objects to this Request as compound and conjunctive.

2   Mattel further objects to this Request as vague and ambiguous.  In particular, the

3   term "Mattel," as defined by MGA, includes past employees like Bryant.  Mattel

4   further objects to this Request on the grounds that it is undefined, oppressive,

5   overbroad and unduly burdensome in that it seeks an admission for each "image,

6   character, logo, doll, toy, accessory, product, packaging, or other thing or matter

7   that is or has ever been manufactured, marketed or sold by MGA, or others under

8   license, as part of a line of goods or merchandise commonly known as, or sold and

9   marketed under the 'Bratz' trademark or trade dress."

10

11  REQUEST FOR ADMISSION NO. 241:

12          Admit that when MATTEL saw a BRATZ doll in 2001, it

13  investigated whether the doll infringed one or more MATTEL copyrights.

14

15  RESPONSE TO REQUEST FOR ADMISSION NO. 241:

16          In addition to the foregoing general objections, which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds

18  that it calls for information that is not relevant to this action, nor reasonably

19  calculated to lead to the discovery of admissible evidence.  Mattel further objects

20  to this Request on the grounds that it calls for the disclosure of information subject

21  to the attorney-client privilege, the work product doctrine and other applicable

22  privileges.  Mattel further objects to this Request as compound and conjunctive.

23  Mattel further objects to this Request as vague and ambiguous.  In particular, the

24  term "Mattel," as defined by MGA, includes past employees like Bryant.  Mattel

25  further objects to this Request on the grounds that it is undefined, oppressive,

26  overbroad and unduly burdensome in that it seeks an admission for each "image,

27  character, logo, doll, toy, accessory, product, packaging, or other thing or matter

28  that is or has ever been manufactured, marketed or sold by MGA, or others under

07209/641335.1

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit 20, P. 230

1  license, as part of a line of goods or merchandise commonly known as, or sold and

2  marketed under the 'Bratz' trademark or trade dress."

3

4  REQUEST FOR ADMISSION NO. 242:

5          Admit that when MATTEL saw a BRATZ doll in 2001, it did not

6  investigate whether the doll infringed one or more MATTEL copyrights.

7

8  RESPONSE TO REQUEST FOR ADMISSION NO. 242:

9          In addition to the foregoing general objections, which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds

11  that it calls for information that is not relevant to this action, nor reasonably

12  calculated to lead to the discovery of admissible evidence.  Mattel further objects

13  to this Request on the grounds that it calls for the disclosure of information subject

14  to the attorney-client privilege, the work product doctrine and other applicable

15  privileges.  Mattel further objects to this Request as compound and conjunctive.

16  Mattel further objects to this Request as vague and ambiguous.  In particular, the

17  term "Mattel," as defined by MGA, includes past employees like Bryant.  Mattel

18  further objects to this Request on the grounds that it is undefined, oppressive,

19  overbroad and unduly burdensome in that it seeks an admission for each "image,

20  character, logo, doll, toy, accessory, product, packaging, or other thing or matter

21  that is or has ever been manufactured, marketed or sold by MGA, or others under

22  license, as part of a line of goods or merchandise commonly known as, or sold and

23  marketed under the 'Bratz' trademark or trade dress."

24

25  REQUEST FOR ADMISSION NO. 243:

26          Admit that when MATTEL saw a BRATZ doll in 2001, it

27  investigated whether the doll infringed one or more MATTEL patents.

28

-291-

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit _20_, P. _239_

1  RESPONSE TO REQUEST FOR ADMISSION NO. 243:

2     In addition to the foregoing general objections, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds

4  that it calls for information that is not relevant to this action, nor reasonably

5  calculated to lead to the discovery of admissible evidence. Mattel further objects

6  to this Request on the grounds that it calls for the disclosure of information subject

7  to the attorney-client privilege, the work product doctrine and other applicable

8  privileges. Mattel further objects to this Request as compound and conjunctive.

9  Mattel further objects to this Request as vague and ambiguous. In particular, the

10  term "Mattel," as defined by MGA, includes past employees like Bryant. Mattel

11  further objects to this Request on the grounds that it is undefined, oppressive,

12  overbroad and unduly burdensome in that it seeks an admission for each "image,

13  character, logo, doll, toy, accessory, product, packaging, or other thing or matter

14  that is or has ever been manufactured, marketed or sold by MGA, or others under

15  license, as part of a line of goods or merchandise commonly known as, or sold and

16  marketed under the 'Bratz' trademark or trade dress."

17

18  REQUEST FOR ADMISSION NO. 244:

19     Admit that when MATTEL saw a BRATZ doll in 2001, it did not

20  investigate whether the doll infringed one or more MATTEL patents.

21

22  RESPONSE TO REQUEST FOR ADMISSION NO. 244:

23     In addition to the foregoing general objections, which are

24  incorporated herein by reference, Mattel objects to this Request on the grounds

25  that it calls for information that is not relevant to this action, nor reasonably

26  calculated to lead to the discovery of admissible evidence. Mattel further objects

27  to this Request on the grounds that it calls for the disclosure of information subject

28  to the attorney-client privilege, the work product doctrine and other applicable

1 | privileges. Mattel further objects to this Request as compound and conjunctive.
2 | Mattel further objects to this Request as vague and ambiguous. In particular, the
3 | term "Mattel," as defined by MGA, includes past employees like Bryant. Mattel
4 | further objects to this Request on the grounds that it is undefined, oppressive,
5 | overbroad and unduly burdensome in that it seeks an admission for each "image,
6 | character, logo, doll, toy, accessory, product, packaging, or other thing or matter
7 | that is or has ever been manufactured, marketed or sold by MGA, or others under
8 | license, as part of a line of goods or merchandise commonly known as, or sold and
9 | marketed under the 'Bratz' trademark or trade dress."
10 |
11 | REQUEST FOR ADMISSION NO. 245:
12 |     Admit that when MATTEL saw a BRATZ doll in 2001, it
13 | investigated whether the doll infringed one or more MATTEL trademarks.
14 |
15 | RESPONSE TO REQUEST FOR ADMISSION NO. 245:
16 |     In addition to the foregoing general objections, which are
17 | incorporated herein by reference, Mattel objects to this Request on the grounds
18 | that it calls for information that is not relevant to this action, nor reasonably
19 | calculated to lead to the discovery of admissible evidence. Mattel further objects
20 | to this Request on the grounds that it calls for the disclosure of information subject
21 | to the attorney-client privilege, the work product doctrine and other applicable
22 | privileges. Mattel further objects to this Request as compound and conjunctive.
23 | Mattel further objects to this Request as vague and ambiguous. In particular, the
24 | term "Mattel," as defined by MGA, includes past employees like Bryant. Mattel
25 | further objects to this Request on the grounds that it is undefined, oppressive,
26 | overbroad and unduly burdensome in that it seeks an admission for each "image,
27 | character, logo, doll, toy, accessory, product, packaging, or other thing or matter
28 | that is or has ever been manufactured, marketed or sold by MGA, or others under

-293-

1   license, as part of a line of goods or merchandise commonly known as, or sold and

2   marketed under the 'Bratz' trademark or trade dress."

3

4   REQUEST FOR ADMISSION NO. 246:

5          Admit that when MATTEL saw a BRATZ doll in 2001, it did not

6   investigate whether the doll infringed one or more MATTEL trademarks.

7

8   RESPONSE TO REQUEST FOR ADMISSION NO. 246:

9          In addition to the foregoing general objections, which are

10   incorporated herein by reference, Mattel objects to this Request on the grounds

11   that it calls for information that is not relevant to this action, nor reasonably

12   calculated to lead to the discovery of admissible evidence. Mattel further objects

13   to this Request on the grounds that it calls for the disclosure of information subject

14   to the attorney-client privilege, the work product doctrine and other applicable

15   privileges. Mattel further objects to this Request as compound and conjunctive.

16   Mattel further objects to this Request as vague and ambiguous. In particular, the

17   term "Mattel," as defined by MGA, includes past employees like Bryant. Mattel

18   further objects to this Request on the grounds that it is undefined, oppressive,

19   overbroad and unduly burdensome in that it seeks an admission for each "image,

20   character, logo, doll, toy, accessory, product, packaging, or other thing or matter

21   that is or has ever been manufactured, marketed or sold by MGA, or others under

22   license, as part of a line of goods or merchandise commonly known as, or sold and

23   marketed under the 'Bratz' trademark or trade dress."

24

25   REQUEST FOR ADMISSION NO. 247:

26          Admit that when MATTEL saw a BRATZ doll in 2001, it attempted

27   to identify the owner of the work.

28

Exhibit 20 , P. 242

1  RESPONSE TO REQUEST FOR ADMISSION NO. 247:

2          In addition to the foregoing general objections, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds

4  that it is compound, and vague and ambiguous to the point where it is

5  unintelligible, rendering Mattel unable to frame a response.  Specifically, MGA

6  defines "Mattel" so broadly that the definition encompasses <u>any</u> past or present

7  employee, including Bryant.  Mattel further objects to this Request on the grounds

8  that it calls for information that is not relevant to this action, nor reasonably

9  calculated to lead to the discovery of admissible evidence.  Mattel further objects

10 to this Request on the grounds that it calls for the disclosure of information subject

11 to the attorney-client privilege, the work product doctrine and other applicable

12 privileges.  Mattel further objects to this Request as compound and conjunctive.

13 Mattel further objects to this Request on the grounds that it is undefined,

14 oppressive, overbroad and unduly burdensome in that it seeks an admission for

15 each "image, character, logo, doll, toy, accessory, product, packaging, or other

16 thing or matter that is or has ever been manufactured, marketed or sold by MGA,

17 or others under license, as part of a line of goods or merchandise commonly

18 known as, or sold and marketed under the 'Bratz' trademark or trade dress."

19

20 REQUEST FOR ADMISSION NO. 248:

21          Admit that when MATTEL saw a BRATZ doll in 2001, it attempted

22 to identify the author of the work.

23

24 RESPONSE TO REQUEST FOR ADMISSION NO. 248:

25          In addition to the foregoing general objections, which are

26 incorporated herein by reference, Mattel objects to this Request on the grounds

27 that it is compound, and vague and ambiguous to the point where it is

28 unintelligible, rendering Mattel unable to frame a response.  Specifically, MGA

-295-

07209/641335.1

1  defines "Mattel" so broadly that the definition encompasses any past or present
2  employee, including Bryant.  Mattel further objects to this Request on the grounds
3  that it calls for information that is not relevant to this action, nor reasonably
4  calculated to lead to the discovery of admissible evidence.  Mattel further objects
5  to this Request on the grounds that it calls for the disclosure of information subject
6  to the attorney-client privilege, the work product doctrine and other applicable
7  privileges.  Mattel further objects to this Request as compound and conjunctive.
8  Mattel further objects to this Request on the grounds that it is undefined,
9  oppressive, overbroad and unduly burdensome in that it seeks an admission for
10  each "image, character, logo, doll, toy, accessory, product, packaging, or other
11  thing or matter that is or has ever been manufactured, marketed or sold by MGA,
12  or others under license, as part of a line of goods or merchandise commonly
13  known as, or sold and marketed under the 'Bratz' trademark or trade dress."
14
15  REQUEST FOR ADMISSION NO. 249:
16          Admit that when MATTEL saw a BRATZ doll in 2001, it attempted
17  to identify the inventor of the work.
18
19  RESPONSE TO REQUEST FOR ADMISSION NO. 249:
20          In addition to the foregoing general objections, which are
21  incorporated herein by reference, Mattel objects to this Request on the grounds
22  that it is compound, and vague and ambiguous to the point where it is
23  unintelligible, rendering Mattel unable to frame a response.  Specifically, MGA
24  defines "Mattel" so broadly that the definition encompasses any past or present
25  employee, including Bryant.  Mattel further objects to this Request on the grounds
26  that it calls for information that is not relevant to this action, nor reasonably
27  calculated to lead to the discovery of admissible evidence.  Mattel further objects
28  to this Request on the grounds that it calls for the disclosure of information subject

07209/641335.1

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit 20, P. 244

1   to the attorney-client privilege, the work product doctrine and other applicable

2   privileges. Mattel further objects to this Request as compound and conjunctive.

3   Mattel further objects to this Request on the grounds that it is undefined,

4   oppressive, overbroad and unduly burdensome in that it seeks an admission for

5   each "image, character, logo, doll, toy, accessory, product, packaging, or other

6   thing or matter that is or has ever been manufactured, marketed or sold by MGA,

7   or others under license, as part of a line of goods or merchandise commonly

8   known as, or sold and marketed under the 'Bratz' trademark or trade dress."

9

10   REQUEST FOR ADMISSION NO. 250:

11          Admit that when MATTEL saw a BRATZ doll in 2001, it did not

12   attempt to identify the owner of the work.

13

14   RESPONSE TO REQUEST FOR ADMISSION NO. 250:

15          In addition to the foregoing general objections, which are

16   incorporated herein by reference, Mattel objects to this Request on the grounds

17   that it is compound, and vague and ambiguous to the point where it is

18   unintelligible, rendering Mattel unable to frame a response. Specifically, MGA

19   defines "Mattel" so broadly that the definition encompasses any past or present

20   employee, including Bryant. Mattel further objects to this Request on the grounds

21   that it calls for information that is not relevant to this action, nor reasonably

22   calculated to lead to the discovery of admissible evidence. Mattel further objects

23   to this Request on the grounds that it calls for the disclosure of information subject

24   to the attorney-client privilege, the work product doctrine and other applicable

25   privileges. Mattel further objects to this Request as compound and conjunctive.

26   Mattel further objects to this Request on the grounds that it is undefined,

27   oppressive, overbroad and unduly burdensome in that it seeks an admission for

28   each "image, character, logo, doll, toy, accessory, product, packaging, or other

-297-

1  thing or matter that is or has ever been manufactured, marketed or sold by MGA,

2  or others under license, as part of a line of goods or merchandise commonly

3  known as, or sold and marketed under the 'Bratz' trademark or trade dress."

4

5  REQUEST FOR ADMISSION NO. 251:

6       Admit that when MATTEL saw a BRATZ doll in 2001, it did not

7  attempt to identify the author of the work.

8

9  RESPONSE TO REQUEST FOR ADMISSION NO. 251:

10      In addition to the foregoing general objections, which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds

12  that it is compound, and vague and ambiguous to the point where it is

13  unintelligible, rendering Mattel unable to frame a response.  Specifically, MGA

14  defines "Mattel" so broadly that the definition encompasses any past or present

15  employee, including Bryant.  Mattel further objects to this Request on the grounds

16  that it calls for information that is not relevant to this action, nor reasonably

17  calculated to lead to the discovery of admissible evidence.  Mattel further objects

18  to this Request on the grounds that it calls for the disclosure of information subject

19  to the attorney-client privilege, the work product doctrine and other applicable

20  privileges.  Mattel further objects to this Request as compound and conjunctive.

21  Mattel further objects to this Request on the grounds that it is undefined,

22  oppressive, overbroad and unduly burdensome in that it seeks an admission for

23  each "image, character, logo, doll, toy, accessory, product, packaging, or other

24  thing or matter that is or has ever been manufactured, marketed or sold by MGA,

25  or others under license, as part of a line of goods or merchandise commonly

26  known as, or sold and marketed under the 'Bratz' trademark or trade dress."

27

28

07209/641335.1

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit 20, P. 246

1  REQUEST FOR ADMISSION NO. 252:

2        Admit that when MATTEL saw a BRATZ doll in 2001, it did not

3  attempt to identify the owner of the work.

4

5  RESPONSE TO REQUEST FOR ADMISSION NO. 252:

6        In addition to the foregoing general objections, which are

7  incorporated herein by reference, Mattel objects to this Request on the grounds

8  that it is compound, and vague and ambiguous to the point where it is

9  unintelligible, rendering Mattel unable to frame a response.  Specifically, MGA

10  defines "Mattel" so broadly that the definition encompasses any past or present

11  employee, including Bryant.  Mattel further objects to this Request on the grounds

12  that it calls for information that is not relevant to this action, nor reasonably

13  calculated to lead to the discovery of admissible evidence.  Mattel further objects

14  to this Request on the grounds that it calls for the disclosure of information subject

15  to the attorney-client privilege, the work product doctrine and other applicable

16  privileges.  Mattel further objects to this Request as compound and conjunctive.

17  Mattel further objects to this Request on the grounds that it is undefined,

18  oppressive, overbroad and unduly burdensome in that it seeks an admission for

19  each "image, character, logo, doll, toy, accessory, product, packaging, or other

20  thing or matter that is or has ever been manufactured, marketed or sold by MGA,

21  or others under license, as part of a line of goods or merchandise commonly

22  known as, or sold and marketed under the 'Bratz' trademark or trade dress."

23

24  REQUEST FOR ADMISSION NO. 253:

25        Admit that when MATTEL saw a BRATZ doll in 2001, it had reason

26  to believe that the doll was copied from "Toon Teens."

27

28

07209/641335.1

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit _20_, P. _247_

1 RESPONSE TO REQUEST FOR ADMISSION NO. 253:

2     In addition to the foregoing general objections, which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds

4 that it is compound, and vague and ambiguous to the point where it is

5 unintelligible, rendering Mattel unable to frame a response. Specifically, MGA

6 defines "Mattel" so broadly that the definition encompasses any past or present

7 employee, including Bryant. Mattel further objects to this Request on the grounds

8 that it calls for information that is not relevant to this action, nor reasonably

9 calculated to lead to the discovery of admissible evidence. Mattel further objects

10 to this Request on the grounds that it calls for the disclosure of information subject

11 to the attorney-client privilege, the work product doctrine and other applicable

12 privileges. Mattel further objects to this Request as compound and conjunctive.

13 Mattel further objects to this Request on the grounds that it is undefined,

14 oppressive, overbroad and unduly burdensome in that it seeks an admission for

15 each "image, character, logo, doll, toy, accessory, product, packaging, or other

16 thing or matter that is or has ever been manufactured, marketed or sold by MGA,

17 or others under license, as part of a line of goods or merchandise commonly

18 known as, or sold and marketed under the 'Bratz' trademark or trade dress."

19

20 REQUEST FOR ADMISSION NO. 254:

21     Admit that when MATTEL saw a BRATZ doll in 2001, it had no

22 reason to believe that the doll was copied from "Toon Teens."

23

24 RESPONSE TO REQUEST FOR ADMISSION NO. 254:

25     In addition to the foregoing general objections, which are

26 incorporated herein by reference, Mattel objects to this Request on the grounds

27 that it is compound, and vague and ambiguous to the point where it is

28 unintelligible, rendering Mattel unable to frame a response. Specifically, MGA

-300-

1  defines "Mattel" so broadly that the definition encompasses any past or present

2  employee, including Bryant. Mattel further objects to this Request on the grounds

3  that it calls for information that is not relevant to this action, nor reasonably

4  calculated to lead to the discovery of admissible evidence. Mattel further objects

5  to this Request on the grounds that it calls for the disclosure of information subject

6  to the attorney-client privilege, the work product doctrine and other applicable

7  privileges. Mattel further objects to this Request as compound and conjunctive.

8  Mattel further objects to this Request on the grounds that it is undefined,

9  oppressive, overbroad and unduly burdensome in that it seeks an admission for

10  each "image, character, logo, doll, toy, accessory, product, packaging, or other

11  thing or matter that is or has ever been manufactured, marketed or sold by MGA,

12  or others under license, as part of a line of goods or merchandise commonly

13  known as, or sold and marketed under the 'Bratz' trademark or trade dress."

14

15  REQUEST FOR ADMISSION NO. 255:

16         Admit that MATTEL utilizes a form "Employee Confidential

17  Information and Inventions Agreement."

18

19  RESPONSE TO REQUEST FOR ADMISSION NO. 255:

20         In addition to the foregoing general objections, which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds

22  that it is compound, and vague and ambiguous to the point where it is

23  unintelligible, rendering Mattel unable to frame a response. In particular, the

24  terms "utilizes" and "form" are vague and ambiguous, and the Request is vague

25  and unlimited as to time. Mattel further objects to this Request as harassing and

26  on the grounds that it seeks information that is neither relevant nor reasonably

27  calculated to lead to the discovery of admissible evidence. Among other things,

28  the Request is grossly overbroad in that it purports to seek information as to any

07209/641335.1

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit 20, P. 249

1   number of employees, in some unspecified time period, who have no conceivable
2   relevance to this case, including without limitation as to those who work in
3   Mattel's divisions and foreign subsidiaries around the world.
4       Subject to and without waiving the foregoing general and specific
5   objections, Mattel admits that it entered into an agreement with Carter Bryant
6   titled "Employee Confidential Information and Inventions Agreement."

7

8   REQUEST FOR ADMISSION NO. 256:
9       Admit that MATTEL employees are required to sign a form
10  "Employee Confidential Information and Inventions Agreement."

11

12  RESPONSE TO REQUEST FOR ADMISSION NO. 256:
13      In addition to the foregoing general objections, which are
14  incorporated herein by reference, Mattel objects to this Request on the grounds
15  that it is compound, and vague and ambiguous to the point where it is
16  unintelligible, rendering Mattel unable to frame a response. In particular, the terms
17  "required" and "form" are vague and ambiguous, and the Request is vague and
18  unlimited as to time.  Mattel further objects to this Request as harassing and on the
19  grounds that it seeks information that is neither relevant nor reasonably calculated
20  to lead to the discovery of admissible evidence. Among other things, the Request
21  is grossly overbroad in that it purports to seek information as to any number of
22  employees, in some unspecified time period, who have no conceivable relevance
23  to this case, including without limitation as to those who work in Mattel's
24  divisions and foreign subsidiaries around the world.
25      Subject to and without waiving the foregoing general and specific
26  objections, Mattel admits that it entered into an agreement with Carter Bryant
27  titled "Employee Confidential Information and Inventions Agreement."
28

-302-

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit 20, P. 250

REQUEST FOR ADMISSION NO. 257:

Admit that MATTEL has never modified a term of its form "Employee Confidential Information and Inventions Agreement" at the request of any prospective employee.

RESPONSE TO REQUEST FOR ADMISSION NO. 257:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for information that is not relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request as vague and ambiguous with regard to the terms "form" and "Employee Confidential Information and Inventions Agreement," and the Request is vague and unlimited as to time. Mattel further objects to this Request as compound and conjunctive. Mattel further objects to this Request as harassing and on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Among other things, the Request is grossly overbroad in that it purports to seek information as to any number of employees, in some unspecified time period, who have no conceivable relevance to this case, including without limitation as to those who work in Mattel's divisions and foreign subsidiaries around the world.

Subject to and without waiving the foregoing general and specific objections, Mattel responds as follows: Denied.

REQUEST FOR ADMISSION NO. 258:

Admit that MATTEL requested that Ann Driskill sign an "Employee Confidential Information and Inventions Agreement."

-303-

1  RESPONSE TO REQUEST FOR ADMISSION NO. 258:

2  In addition to the foregoing general objections, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds

4  that it calls for information that is not relevant to this action, nor reasonably

5  calculated to lead to the discovery of admissible evidence.  Mattel further objects

6  to this Request as vague and ambiguous with regard to the terms "form" and

7  "Employee Confidential Information and Inventions Agreement," and the Request

8  is vague as to time.  Mattel further objects to this Request as compound and

9  conjunctive.

10

11  REQUEST FOR ADMISSION NO. 259:

12  Admit that Ann Driskill signed an "Employee Confidential

13  Information and Inventions Agreement."

14

15  RESPONSE TO REQUEST FOR ADMISSION NO. 259:

16  In addition to the foregoing general objections, which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds

18  that it calls for information that is not relevant to the subject matter this action, nor

19  reasonably calculated to lead to the discovery of admissible evidence.  Mattel

20  further objects to this Request as vague and ambiguous with regard to the terms

21  "form" and "Employee Confidential Information and Inventions Agreement," and

22  the Request is vague as to time.  Mattel further objects to this Request as

23  compound and conjunctive.

24

25  REQUEST FOR ADMISSION NO. 260:

26  Admit that MATTEL has sued an individual, besides BRYANT, to

27  enforce an "Employee Confidential Information and Inventions Agreement."

28

-304-

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit 20, P. 252

RESPONSE TO REQUEST FOR ADMISSION NO. 260:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for information that is not relevant to the subject matter this action, nor reasonably calculated to lead to the discovery of admissible evidence. Among other things, the Request is grossly overbroad and seeks irrelevant information in that it purports to seek information as to terms of agreements that have no conceivable bearing on this action and as to any number of employees, in some unspecified time period, who have no conceivable relevance to this case, including without limitation as to those who work in Mattel's divisions and foreign subsidiaries around the world. Mattel further objects to this Request on the grounds that it seeks the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges. Mattel further objects to this Request as overbroad and vague and ambiguous with regard to the term "Employee Confidential Information and Inventions Agreement." Mattel further objects to this Request as compound.

REQUEST FOR ADMISSION NO. 261:

Admit that MATTEL has not sued an individual, besides BRYANT, to enforce an "Employee Confidential Information and Inventions Agreement."

RESPONSE TO REQUEST FOR ADMISSION NO. 261:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for information that is not relevant to the subject matter this action, nor reasonably calculated to lead to the discovery of admissible evidence. Among other things, the Request is grossly overbroad and seeks irrelevant information in that it purports to seek information as to terms of agreements that have no

07209/641335.1

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit 20 , P. 253

1  conceivable bearing on this action and as to any number of employees, in some

2  unspecified time period, who have no conceivable relevance to this case, including

3  without limitation as to those who work in Mattel's divisions and foreign

4  subsidiaries around the world.  Mattel further objects to this Request on the

5  grounds that it seeks the disclosure of information subject to the attorney-client

6  privilege, the attorney work-product doctrine, or any other applicable privileges.

7  Mattel further objects to this Request as vague and ambiguous with regard to the

8  term "Employee Confidential Information and Inventions Agreement."  Mattel

9  further objects to this Request as compound.

10

11  REQUEST FOR ADMISSION NO. 262:

12         Admit that MATTEL has accused an individual, besides BRYANT,

13  of breaching an "Employee Confidential Information and Inventions Agreement."

14

15  RESPONSE TO REQUEST FOR ADMISSION NO. 262:

16         In addition to the foregoing general objections, which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds

18  that it calls for information that is not relevant to the subject matter this action, nor

19  reasonably calculated to lead to the discovery of admissible evidence.  Among

20  other things, the Request is grossly overbroad and seeks irrelevant information in

21  that it purports to seek information as to terms of agreements that have no

22  conceivable bearing on this action and as to any number of employees, in some

23  unspecified time period, who have no conceivable relevance to this case, including

24  without limitation as to those who work in Mattel's divisions and foreign

25  subsidiaries around the world.  Mattel further objects to this Request on the

26  grounds that it seeks the disclosure of information subject to the attorney-client

27  privilege, the attorney work-product doctrine, or any other applicable privileges.

28  Mattel further objects to this Request as vague and ambiguous with regard to the

1  terms "accused" and "Employee Confidential Information and Inventions

2  Agreement."  Mattel further objects to this Request as compound.

3

4  <u>REQUEST FOR ADMISSION NO. 263</u>:

5      Admit that MATTEL has not accused an individual, besides

6  BRYANT, of breaching an "Employee Confidential Information and Inventions

7  Agreement."

8

9  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 263</u>:

10      In addition to the foregoing general objections, which are

11 incorporated herein by reference, Mattel objects to this Request on the grounds

12 that it calls for information that is not relevant to the subject matter this action, nor

13 reasonably calculated to lead to the discovery of admissible evidence. Among

14 other things, the Request is grossly overbroad and seeks irrelevant information in

15 that it purports to seek information as to terms of agreements that have no

16 conceivable bearing on this action and as to any number of employees, in some

17 unspecified time period, who have no conceivable relevance to this case, including

18 without limitation as to those who work in Mattel's divisions and foreign

19 subsidiaries around the world.  Mattel further objects to this Request on the

20 grounds that it seeks the disclosure of information subject to the attorney-client

21 privilege, the attorney work-product doctrine, or any other applicable privileges.

22 Mattel further objects to this Request as vague and ambiguous with regard to the

23 terms "accused" and "Employee Confidential Information and Inventions

24 Agreement."  Mattel further objects to this Request as compound.

25

26

27

28

07209/641335.1

Exhibit 20, P. 355

REQUEST FOR ADMISSION NO. 264:

Admit that MATTEL is aware of one or more MATTEL employees, besides BRYANT, who have worked for themselves while employed by MATTEL full-time.

RESPONSE TO REQUEST FOR ADMISSION NO. 264:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for information that is not relevant to the subject matter this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges.  Mattel further objects to this Request on the grounds that it is compound, and vague and ambiguous with regard to the phrases "worked for themselves" and "besides Bryant."  Mattel further objects to this Request as overbroad, insufficiently defined, and compound and conjunctive.

REQUEST FOR ADMISSION NO. 265:

Admit that MATTEL is aware of one or more MATTEL employees, besides BRYANT, who have worked for themselves while employed by MATTEL part-time.

RESPONSE TO REQUEST FOR ADMISSION NO. 265:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for information that is not relevant to the subject matter this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks the disclosure of

1  information subject to the attorney-client privilege, the attorney work-product

2  doctrine, or any other applicable privileges.  Mattel further objects to this Request

3  on the grounds that it is compound, and vague and ambiguous with regard to the

4  phrases "worked for themselves" and "besides Bryant."  Mattel further objects to

5  this Request as overbroad, insufficiently defined, and compound and conjunctive.

6

7  REQUEST FOR ADMISSION NO. 266:

8         Admit that MATTEL is aware of one or more MATTEL employees,

9  besides BRYANT, who have worked for other companies while employed by

10  MATTEL full-time.

11

12  RESPONSE TO REQUEST FOR ADMISSION NO. 266:

13         In addition to the foregoing general objections, which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds

15  that it calls for information that is not relevant to the subject matter this action, nor

16  reasonably calculated to lead to the discovery of admissible evidence.  Mattel

17  further objects to this Request on the grounds that it seeks the disclosure of

18  information subject to the attorney-client privilege, the attorney work-product

19  doctrine, or any other applicable privileges.  Mattel further objects to this Request

20  on the grounds that it is compound, and vague and ambiguous with regard to the

21  phrases "worked for other companies" and "besides Bryant."  Mattel further

22  objects to this Request as overbroad, insufficiently defined, and compound and

23  conjunctive.

24

25  REQUEST FOR ADMISSION NO. 267:

26         Admit that MATTEL is aware of one or more MATTEL employees,

27  besides BRYANT, who have worked for other companies while employed by

28  MATTEL part-time.

-309-

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit 20 , P. 251

1  RESPONSE TO REQUEST FOR ADMISSION NO. 267:

2           In addition to the foregoing general objections, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds

4  that it calls for information that is not relevant to the subject matter this action, nor

5  reasonably calculated to lead to the discovery of admissible evidence.  Mattel

6  further objects to this Request on the grounds that it seeks the disclosure of

7  information subject to the attorney-client privilege, the attorney work-product

8  doctrine, or any other applicable privileges.  Mattel further objects to this Request

9  on the grounds that it is compound, and vague and ambiguous with regard to the

10  phrases "worked for other companies" and "besides Bryant."  Mattel further

11  objects to this Request as overbroad, insufficiently defined, and compound and

12  conjunctive.

13

14  REQUEST FOR ADMISSION NO. 268:

15           Admit that MATTEL employees who have signed an "Employee

16  Confidential Information and Inventions Agreement" are allowed to draw pictures,

17  on their own time.

18

19  RESPONSE TO REQUEST FOR ADMISSION NO. 268:

20           In addition to the foregoing general objections, which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds

22  that it calls for information that is not relevant to the subject matter this action, nor

23  reasonably calculated to lead to the discovery of admissible evidence.  Mattel

24  further objects to this Request on the grounds that it is compound and conjunctive.

25  Mattel further objects to this Request on the grounds that it is overbroad,

26  insufficiently defined, and compound, as well as vague and ambiguous with regard

27  to the terms "allowed," "draw," "pictures," "Employee Confidential Information

28  and Inventions Agreement," and "own time."

-310-

REQUEST FOR ADMISSION NO. 269:

Admit that MATTEL employees who have signed an "Employee Confidential Information and Inventions Agreement" and draw pictures, on their own time, are not obligated to assign each such picture to MATTEL.

RESPONSE TO REQUEST FOR ADMISSION NO. 269:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for information that is not relevant to the subject matter this action, nor reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, insufficiently defined, and compound and conjunctive. Mattel further objects to this Request on the grounds that it is compound, as well as vague and ambiguous with regard to the terms "pictures," "draw," "Employee Confidential Information and Inventions Agreement," "own time" and "obligated to assign."

REQUEST FOR ADMISSION NO. 270:

Admit that MATTEL employees who have signed an "Employee Confidential Information and Inventions Agreement" are allowed to draw pictures, on their own time, of things that could be made into toys.

RESPONSE TO REQUEST FOR ADMISSION NO. 270:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for information that is not relevant to the subject matter this action, nor reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, insufficiently defined, and compound and conjunctive. Mattel further objects to this Request on

07209/641335.1

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit _20_, P. _259_

1   the grounds that it is compound, as well as vague and ambiguous with regard to
2   the terms "allowed," "draw," "pictures," "Employee Confidential Information and
3   Inventions Agreement," "own time," and "things that could be made."

4

5   REQUEST FOR ADMISSION NO. 271:

6           Admit that MATTEL employees who have signed an "Employee
7   Confidential Information and Inventions Agreement" and draw pictures, on their
8   own time, of things that could be made into toys are not obligated to assign each
9   such picture to MATTEL.

10

11  RESPONSE TO REQUEST FOR ADMISSION NO. 271:

12          In addition to the foregoing general objections, which are
13  incorporated herein by reference, Mattel objects to this Request on the grounds
14  that it calls for information that is not relevant to the subject matter this action, nor
15  reasonably calculated to lead to the discovery of admissible evidence.  Mattel
16  further objects to this Request on the grounds that it is overbroad, insufficiently
17  defined, and compound and conjunctive.  Mattel further objects to this Request on
18  the grounds that it is compound, as well as vague and ambiguous with regard to
19  the terms "pictures," "draw," "Employee Confidential Information and Inventions
20  Agreement," "own time," "things that could be made," and "obligated to assign."

21

22  REQUEST FOR ADMISSION NO. 272:

23          Admit that MATTEL employees who have signed an "Employee
24  Confidential Information and Inventions Agreement" are allowed to draw pictures,
25  on their own time, of things that could be made into dolls.

26

27

28

1  RESPONSE TO REQUEST FOR ADMISSION NO. 272:

2          In addition to the foregoing general objections, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds

4  that it calls for information that is not relevant to the subject matter this action, nor

5  reasonably calculated to lead to the discovery of admissible evidence.  Mattel

6  further objects to this Request on the grounds that it is overbroad, insufficiently

7  defined, and compound and conjunctive.  Mattel further objects to this Request on

8  the grounds that it is compound, as well as vague and ambiguous with regard to

9  the terms "allowed," "draw," "pictures," "Employee Confidential Information and

10  Inventions Agreement," "own time," and "things that could be made."

11

12  REQUEST FOR ADMISSION NO. 273:

13          Admit that MATTEL employees who have signed an "Employee

14  Confidential Information and Inventions Agreement" and draw pictures, on their

15  own time, of things that could be made into dolls are not obligated to assign each

16  such picture to MATTEL.

17

18  RESPONSE TO REQUEST FOR ADMISSION NO. 273:

19          In addition to the foregoing general objections, which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds

21  that it calls for information that is not relevant to the subject matter this action, nor

22  reasonably calculated to lead to the discovery of admissible evidence.  Mattel

23  further objects to this Request on the grounds that it is overbroad, insufficiently

24  defined, and compound and conjunctive.  Mattel further objects to this Request on

25  the grounds that it is compound, as well as vague and ambiguous with regard to

26  the terms "pictures," "draw," "Employee Confidential Information and Inventions

27  Agreement," "own time," "things that could be made," and "obligated to assign."

28

07209/641335.1

-313-

Exhibit 20, P. 261

1  REQUEST FOR ADMISSION NO. 274:

2       Admit that MATTEL employees who have signed an "Employee

3  Confidential Information and Inventions Agreement" are allowed to draw pictures,

4  on their own time, of things that could be made into toys, without disclosing each

5  such picture to MATTEL.

6

7  RESPONSE TO REQUEST FOR ADMISSION NO. 274:

8       In addition to the foregoing general objections, which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds

10 that it calls for information that is not relevant to the subject matter this action, nor

11 reasonably calculated to lead to the discovery of admissible evidence.  Mattel

12 further objects to this Request on the grounds that it is overbroad, insufficiently

13 defined, and compound and conjunctive.  Mattel further objects to this Request on

14 the grounds that it is compound, as well as vague and ambiguous with regard to

15 the terms "allowed," "draw," "pictures," "Employee Confidential Information and

16 Inventions Agreement," "own time," "things that could be made," and "without

17 disclosing."

18

19 REQUEST FOR ADMISSION NO. 275:

20      Admit that MATTEL employees who have signed an "Employee

21 Confidential Information and Inventions Agreement" are allowed to draw pictures,

22 on their own time, of things that could be made into dolls, without disclosing each

23 such picture to MATTEL.

24

25 RESPONSE TO REQUEST FOR ADMISSION NO. 275:

26      In addition to the foregoing general objections, which are

27 incorporated herein by reference, Mattel objects to this Request on the grounds

28 that it calls for information that is not relevant to the subject matter this action, nor

07209/641335.1

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit 20, P. 262

1   reasonably calculated to lead to the discovery of admissible evidence. Mattel

2   further objects to this Request on the grounds that it is overbroad, insufficiently

3   defined, and compound and conjunctive. Mattel further objects to this Request on

4   the grounds that it is compound, as well as vague and ambiguous with regard to

5   the terms "allowed," "draw," "pictures," "Employee Confidential Information and

6   Inventions Agreement," "own time," "things that could be made," and "without

7   disclosing."

8

9   REQUEST FOR ADMISSION NO. 276:

10      Admit that MATTEL interprets its "Employee Confidential

11   Information and Inventions Agreement" as precluding a MATTEL designer who

12   has signed the agreement from showing that person's artwork to prospective

13   employers in the course of seeking new employment.

14

15   RESPONSE TO REQUEST FOR ADMISSION NO. 276:

16      In addition to the foregoing general objections, which are

17   incorporated herein by reference, Mattel objects to this Request on the grounds

18   that it calls for information that is not relevant to the subject matter this action, nor

19   reasonably calculated to lead to the discovery of admissible evidence. Mattel

20   further objects to this Request on the grounds that it is overbroad, insufficiently

21   defined, and compound and conjunctive. Mattel further objects to this Request on

22   the grounds that it is vague and ambiguous.

23

24   REQUEST FOR ADMISSION NO. 277:

25      Admit that MATTEL seeks to prove that it is the rightful owner of the

26   BRATZ drawings attached hereto as Exhibit 3.

27

28

07209/641335.1

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit __20__, P. __263__

RESPONSE TO REQUEST FOR ADMISSION NO. 277:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous with respect to the terms "seeks to prove," "rightful owner," and "Bratz." Mattel further objects to this Request on the ground that it is compound.

Subject to and without waiving the foregoing general and specific objections, Mattel states that after having made reasonable inquiry, it cannot admit or deny this Request, in whole or in part, because the information known or readily available to Mattel is insufficient to enable it to admit or deny the Request. Defendants continue to refuse to provide basic discovery, including as to matters that are the subject of pending motions to compel, and thus continue to conceal the full nature, timing and extent of Bryant's work on the Bratz project and other MGA-related projects. Defendants' refusals include, without limitation, defendant Bryant's refusal to allow the completion of his deposition and defendant MGA's refusal to produce any witness for deposition. Moreover, defendants have refused for months, despite Mattel's requests, to provide the originals of their drawings, including those that they performed unauthorized destructive testing on, and thus continue to withhold and conceal from Mattel information necessary for it to evaluate and take discovery as to such drawings and thus as to the subject of this Request. This, too, is the subject of a pending motion to compel.

REQUEST FOR ADMISSION NO. 278:

Admit that MATTEL seeks to prove that it is the rightful owner of the first BRATZ doll sculpt.

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit 20, P. 264

RESPONSE TO REQUEST FOR ADMISSION NO. 278:

       In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous with respect to the terms "seeks to prove," "rightful owner" and "Bratz."

       Subject to and without waiving the foregoing general and specific objections, Mattel states that after having made reasonable inquiry, it cannot admit or deny this Request, in whole or in part, because the information known or readily available to Mattel is insufficient to enable it to admit or deny the Request. Defendants continue to refuse to provide basic discovery, including as to matters that are the subject of pending motions to compel, and thus continue to conceal the full nature, timing and extent of Bryant's work on the Bratz project and other MGA-related projects. Defendants' refusals include, without limitation, defendant Bryant's refusal to allow the completion of his deposition and defendant MGA's refusal to produce any witness for deposition. Moreover, defendants have refused for months, despite Mattel's requests, to provide the originals of their drawings, including those that they performed unauthorized destructive testing on, and thus continue to withhold and conceal from Mattel information necessary for it to evaluate and take discovery as to such drawings and thus as to the subject of this Request. This, too, is the subject of a pending motion to compel.

REQUEST FOR ADMISSION NO. 279:

       Admit that MATTEL seeks to prove that it is the rightful owner of the first BRATZ doll face paint design.

RESPONSE TO REQUEST FOR ADMISSION NO. 279:

       In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds

07209/641335.1

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit 20, P. 265

1  that it is vague and ambiguous with respect to the terms "seeks to prove," "rightful

2  owner," and "Bratz."

3          Subject to and without waiving the foregoing general and specific

4  objections, Mattel states that after having made reasonable inquiry, it cannot admit

5  or deny this Request, in whole or in part, because the information known or

6  readily available to Mattel is insufficient to enable it to admit or deny the Request.

7  Defendants continue to refuse to provide basic discovery, including as to matters

8  that are the subject of pending motions to compel, and thus continue to conceal the

9  full nature, timing and extent of Bryant's work on the Bratz project and other

10  MGA-related projects.  Defendants' refusals include, without limitation, defendant

11  Bryant's refusal to allow the completion of his deposition and defendant MGA's

12  refusal to produce any witness for deposition.  Moreover, defendants have refused

13  for months, despite Mattel's requests, to provide the originals of their drawings,

14  including those that they performed unauthorized destructive testing on, and thus

15  continue to withhold and conceal from Mattel information necessary for it to

16  evaluate and take discovery as to such drawings and thus as to the subject of this

17  Request.  This, too, is the subject of a pending motion to compel.

18

19  REQUEST FOR ADMISSION NO. 280:

20          Admit that MATTEL seeks to prove that it is the rightful owner of all

21  BRATZ doll sculpts.

22

23  RESPONSE TO REQUEST FOR ADMISSION NO. 280:

24          In addition to the foregoing general objections, which are

25  incorporated herein by reference, Mattel objects to this Request on the grounds

26  that it is vague and ambiguous with respect to the terms "seeks to prove," "rightful

27  owner," and "Bratz."

28

-318-

07209/641335.1

1    Subject to and without waiving the foregoing general and specific

2  objections, Mattel states that after having made reasonable inquiry, it cannot admit

3  or deny this Request, in whole or in part, because the information known or

4  readily available to Mattel is insufficient to enable it to admit or deny the Request.

5  Defendants continue to refuse to provide basic discovery, including as to matters

6  that are the subject of pending motions to compel, and thus continue to conceal the

7  full nature, timing and extent of Bryant's work on the Bratz project and other

8  MGA-related projects.  Defendants' refusals include, without limitation, defendant

9  Bryant's refusal to allow the completion of his deposition and defendant MGA's

10  refusal to produce any witness for deposition.  Moreover, defendants have refused

11  for months, despite Mattel's requests, to provide the originals of their drawings,

12  including those that they performed unauthorized destructive testing on, and thus

13  continue to withhold and conceal from Mattel information necessary for it to

14  evaluate and take discovery as to such drawings and thus as to the subject of this

15  Request.  This, too, is the subject of a pending motion to compel.

16

17  REQUEST FOR ADMISSION NO. 281:

18    Admit that MATTEL seeks to prove that it is the rightful owner of all

19  BRATZ doll face paint designs.

20

21  RESPONSE TO REQUEST FOR ADMISSION NO. 281:

22    In addition to the foregoing general objections, which are

23  incorporated herein by reference, Mattel objects to this Request on the grounds

24  that it is vague and ambiguous with respect to the terms "seeks to prove," "rightful

25  owner," and "Bratz."

26    Subject to and without waiving the foregoing general and specific

27  objections, Mattel states that after having made reasonable inquiry, it cannot admit

28  or deny this Request, in whole or in part, because the information known or

-319-

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit 20, P. 267

1   readily available to Mattel is insufficient to enable it to admit or deny the Request.

2   Defendants continue to refuse to provide basic discovery, including as to matters

3   that are the subject of pending motions to compel, and thus continue to conceal the

4   full nature, timing and extent of Bryant's work on the Bratz project and other

5   MGA-related projects. Defendants' refusals include, without limitation, defendant

6   Bryant's refusal to allow the completion of his deposition and defendant MGA's

7   refusal to produce any witness for deposition. Moreover, defendants have refused

8   for months, despite Mattel's requests, to provide the originals of their drawings,

9   including those that they performed unauthorized destructive testing on, and thus

10  continue to withhold and conceal from Mattel information necessary for it to

11  evaluate and take discovery as to such drawings and thus as to the subject of this

12  Request. This, too, is the subject of a pending motion to compel.

13

14  REQUEST FOR ADMISSION NO. 282:

15          Admit that BRYANT entered his work time on MATTEL'S P2

16  computer system.

17

18  RESPONSE TO REQUEST FOR ADMISSION NO. 282:

19          In addition to the foregoing general objections, which are

20  incorporated herein by reference, Mattel objects to this Request as overbroad in

21  that it seeks information that is known to Bryant, and not to Mattel. Mattel further

22  objects to this Request on the grounds that it is vague and ambiguous as to time.

23          Subject to the foregoing objections, Mattel admits that Bryant

24  testified that he entered some time on Mattel's P2 computer system. Mattel does

25

26

27

28

07209/641335.1

-320-

MATTEL'S RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit _20_, P. _268_

1    not have sufficient information to determine whether Bryant's time entries were

2    complete or accurate, and thus is unable to admit or deny the Request in whole.

3

4

5    DATED: March 7, 2005                    QUINN EMANUEL URQUHART
                                             OLIVER & HEDGES, LLP
6
                                             By _____
7                                               Valerie M. Nannery
                                                Attorneys for Plaintiff and Counter-
8                                               Defendant
                                                Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                          Exhibit 20 , P. 265

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

1  STATE OF CALIFORNIA )
2  COUNTY OF LOS ANGELES )

3  I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017.

4  On March 7, 2005, I served the foregoing document described as **MATTEL, INC.'S**
5  **RESPONSES AND OBJECTIONS TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION** on all interested parties in this action.

6                          SEE ATTACHED SERVICE LIST
7

8  [X]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

9  [X]   **BY MAIL**

10  [X]  I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.
11

12  [X]  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
13
14

15  [ ]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

16  [ ]  **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.
17

Executed on March 7, 2005, at Los Angeles, California.

18  [ ]  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
19

20  [X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

21

22  Garnett Sailor
    Print Name                        Signature
23

24

25

26

27

28

Exhibit 20 , P. 270

<u>MATTEL V. CARTER BRYANT</u>
#7209
SERVICE LIST

1

2   Robert F. Millman, Esq.
    Douglas A. Wickham, Esq.
3   Keith A. Jacoby, Esq.
    Littler Mendelson
4   A Professional Corporation
    2049 Century Park East, 5th Floor
5   Los Angeles, California 90067-3107
    Phone: 310-553-0308
6   Fax: 310-553-5583

7   Diana M. Torres, Esq.
    O'Melveney & Meyers
8   400 S. Hope Street
    Los Angeles, CA 90071
9   Phone: 213-430-6000
    Fax: 213-430-6407

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

Exhibit 20, P. 271