# EXHIBIT 21

1  DIANA M. TORRES (S.B. #162284)
   JAMES P. JENAL (S.B. # 180190)
2  O'MELVENY & MYERS LLP
   400 South Hope Street
3  Los Angeles, CA 90071-2899
   Telephone:   (213) 430-6000
4  Facsimile:   (213) 430-6407
   Email:        jjenal@omm.com
5  DALE M. CENDALI (admitted *pro hac vice*)
6  O'MELVENY & MYERS LLP
   Times Square Tower, 7 Times Square
7  New York, New York 10036
   Telephone:   (212) 326-2000
8  Facsimile:   (212) 326-2061
   PATRICIA GLASER (S.B. #55668)
9  CHRISTENSEN, GLASER, FINK, JACOBS,
   WEIL & SHAPIRO, LLP
10 10250 Constellation Boulevard, 19th Floor
   Los Angeles, CA 90067
·11 Telephone:   (310) 553-3000
   Facsimile:   (310) 557-9815
12
   Attorneys for MGA Entertainment, Inc.
13

14          UNITED STATES DISTRICT COURT

15          CENTRAL DISTRICT OF CALIFORNIA

16                  EASTERN DIVISION

17

18  CARTER BRYANT, an individual,       Case No. CV 04-09049 SGL (RNBx)
                   Plaintiff,           (consolidated with CV 04-9059 & 05-2727)
19
          v.                            MGA ENTERTAINMENT INC.'S
20  MATTEL, INC., a Delaware            SUPPLEMENTAL RESPONSES AND
    Corporation,                        OBJECTIONS TO MATTEL'S
21                                      SUBPOENA FOR PRODUCTION OF
                   Defendant.           DOCUMENTS
22
23  CONSOLIDATED WITH                   Judge: Hon. Stephen G. Larson
    MATTEL, INC. v. BRYANT and
24  MGA ENTERTAINMENT, INC. v.          Discovery Cut-Off: T.B.D.
    MATTEL, INC
25

26

27

28
                                        MGA'S SUPPLEMENTAL RESPONSES TO
                                        MATTEL'S REQUESTS FOR PRODUCTION

1      MGA Entertainment, Inc. ("MGA") hereby supplements its responses to the

2   Requests for Production ("Requests") made by Mattel, Inc. ("Mattel") in its third-party

3   subpoena on MGA (the "MGA Subpoena").

4

5              **<u>PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS</u>**

6      Defendant MGA Entertainment, Inc. ("MGA") has not yet completed its

7   investigation relating to the facts of this action and has not completed preparation for

8   trial. MGA makes its response to these document requests ("requests," or individually,

9   "request") based upon the information presently available to it and without prejudice to

10  its right to amend or supplement its responses and to present evidence which may

11  hereafter be discovered or become available.

12     MGA will respond to each request as it understands and interprets each

13  request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request

14  that differs from that of MGA, MGA reserves the right to supplement its objections and

15  responses.

16     By making these responses, MGA does not concede that any of the

17  information sought by these requests is relevant or discoverable. MGA makes these

18  responses and objections without waiving or intending to waive but rather, on the

19  contrary, preserving and intending to preserve: (a) the right to object on any grounds to

20  the use or introduction into evidence of the documents or information provided in

21  response to these requests; (b) the right to object to the use of the documents or

22  information provided in response to the requests in any subsequent proceeding in, or the

23  arbitration of this or any other action; and (c) the right to object on any ground at any

24  time to other requests or further discovery into any of the subject matters addressed in

25  these requests or the responses thereto. MGA's production of documents is conditioned

26  on the terms of the stipulated Protective Order that is in place in this action.

27     MGA shall not provide any privileged or protected information, including

28  without limitation, information protected by the attorney-client privilege or the attorney

LA2:820199.3

MGA'S SUPPLEMENTAL RESPONSES TO
MATTEL'S REQUESTS FOR PRODUCTION

Exhibit 21 , P. 273

work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection. Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver of any privilege or protection attaching thereto and MGA reserves the right to correct the record with regard to any such information and to supplement or amend these responses, which supplemental or amended response shall become the operative response.

## GENERAL OBJECTIONS

1. MGA objects to each and every request on the ground that production at the date and time demanded will subject MGA to unwarranted oppression and undue burden and expenses. The time set for compliance is unduly burdensome, especially in light of the number of document requests, and the scope and volume of the material being sought. MGA intends to proceed expeditiously to collect the documents for production, if any, and will produce them at a date and time, and in such a manner, as may be mutually agreed by counsel for the parties.

2. MGA objects to each request to the extent that it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, right to privacy, or any other applicable legal, statutory or constitutional privilege.

3. MGA objects to each request to the extent that it seeks the disclosure of confidential, proprietary or trade secret information. Should such documents be otherwise responsive and non-objectionable, MGA will produce such documents subject to the terms and conditions of the protective order governing this case.

4. MGA objects to each request to the extent that it seeks documents in Mattel's own possession, custody or control or that are accessible to Mattel from public sources or from third parties.

5. MGA objects to each request to the extent that it asks for documents that are not relevant to claims or defenses in this case.

MGA'S SUPPLEMENTAL RESPONSES TO MATTEL'S REQUESTS FOR PRODUCTION

Exhibit 21, P. 274

6.   MGA objects to each and every request to the extent it purports to require MGA to search all documents and things within its possession, custody or control or within the possession, custody or control of any of MGA's current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other person acting on its behalf, pursuant to its authority or subject to its control, on the grounds that such request is unreasonable, overbroad, unduly burdensome and oppressive, violates the right of privacy, and purports to require MGA to search for documents not within its possession, custody or control. MGA will make a reasonably diligent search for responsive documents within its possession, custody or control.

7.   MGA objects to each and every request to the extent its seeks "all documents" responsive to a certain category on the grounds that such request is overbroad and unduly burdensome and oppressive. MGA will produce otherwise unobjectionable documents sufficient to provide Mattel with the information sought, following a reasonably diligent search. On grounds of oppression and undue burden, MGA will not respond to duplicative or cumulative requests and will not re-produce documents it has already produced or produce documents that it has received from Mattel or others in the course of discovery in this matter.

8.   MGA objects to each request to the extent it seeks documents not within MGA's possession, custody, or control.

9.   MGA objects to each request to the extent it seeks information relating to activities or conduct in of other entities or non-parties. In each instance in which MGA has agreed to produce documents, such production is hereby expressly limited to documents relating to its own activities or conduct only.

10.   MGA objects to the defined terms "You," "Your," "Mattel," and "Bryant" on the grounds that these terms, as defined, are overbroad, are vague and ambiguous, and call for legal conclusions.

- 3 -

MGA'S SUPPLEMENTAL RESPONSES TO MATTEL'S REQUESTS FOR PRODUCTION

1    11.    MGA objects to the defined terms "Bratz" and "Angel" on the

2    grounds that these terms, as defined, are overbroad, are vague and ambiguous, and

3    call for legal conclusions.

4

5    **SPECIFIC OBJECTIONS AND RESPONSES**

6

7    **REQUEST FOR PRODUCTION NO. 2:**

8    All DOCUMENTS that REFER OR RELATE TO the performance of any

9    agreement or contract between YOU and BRYANT.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

11    MGA incorporates by reference the above-stated general objections as if fully set

12    forth herein. MGA also specifically objects to this request to the extent that it seeks

13    information not relevant to the subject matter of this lawsuit or reasonably calculated to

14    lead to the discovery of admissible evidence. MGA also objects to this request on the

15    grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

16    that refer or relate to the performance of any agreement or contract between MGA and

17    Bryant. MGA also objects to this request on the grounds that it seeks confidential,

18    proprietary or commercially sensitive information, the disclosure of which would be

19    inimical to the business interests of MGA. MGA also objects to this request to the extent

20    it calls for the disclosure of attorney-client privileged information or information

21    protected from disclosure by the work-product doctrine, joint defense or common interest

22    privilege, or other privilege. MGA also objects to this request to the extent it seeks

23    information the disclosure of which would implicate the rights of third parties to protect

24    private, confidential, proprietary or trade secret information. MGA also objects to this

25    request to the extent that it seeks documents not in MGA's possession, custody or control.

26    Subject to the foregoing, MGA will produce documents evidencing Bryant's work

27    on First Generation Bratz and the Angel project, that it is able to locate following a

28    reasonably diligent search.

-4-

MGA'S SUPPLEMENTAL RESPONSES TO
MATTEL'S REQUESTS FOR PRODUCTION

Exhibit 21 , P. 276

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

2  MGA reiterates its objections as set forth above.  Subject to the foregoing, MGA

3  will produce all relevant and responsive non-objectionable documents in its possession,

4  custody or control, if any, evidencing Bryant's work on Bratz prior to June 30, 2001 and

5  the Prayer Angel project, if any, prior to January 1, 2001, that it is able to locate following

6  a reasonably diligent search.

7

8  **REQUEST FOR PRODUCTION NO. 8:**

9  All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

10  including without limitation any freelance work or consulting services that Anna Rhee

11  performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

12  when any such DOCUMENT was prepared, created, received or transmitted, whether in

13  whole or in part).

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

15  MGA incorporates by reference the above-stated general objections as if fully set

16  forth herein.  MGA also specifically objects to this request to the extent that it seeks

17  information not relevant to the subject matter of this lawsuit or reasonably calculated to

18  lead to the discovery of admissible evidence.  MGA also objects to this request on the

19  ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

20  that refer or relate to any work, activities or services that Anna Rhee performed for or

21  with MGA or on its behalf.  MGA also objects to this request to the extent it seeks

22  information the disclosure of which would implicate the rights of third parties to protect

23  private, confidential, proprietary or trade secret information.  MGA also objects to this

24  request on the grounds that it seeks confidential, proprietary or commercially sensitive

25  information, the disclosure of which would be inimical to the business interests of MGA.

26  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

27  privileged information or information protected from disclosure by the work-product

28  doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

- 5 -

MGA'S SUPPLEMENTAL RESPONSES TO
MATTEL'S REQUESTS FOR PRODUCTION

Exhibit 21 , P. 277

1   to this request on the grounds that it is vague and ambiguous in that MGA cannot

2   determine what is meant by "activities" and "with YOU."  MGA will interpret "activities"

3   to mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this

4   request to the extent that it seeks documents not in MGA's possession, custody or control.

5         Subject to the foregoing, MGA will produce all relevant and responsive non-

6   objectionable documents in its possession, custody or control, if any, evidencing Anna

7   Rhee's work First Generation Bratz and the Angel project, that it is able to locate

8   following a reasonably diligent search.

9   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

10        MGA reiterates its objections as set forth above.  Subject to the foregoing, MGA

11  will also produce documents sufficient to reflect the projects on which Anna Rhee worked

12  and the time period of that work prior to January 1, 2001.

13

14  **REQUEST FOR PRODUCTION NO. 37:**

15        All declarations, affidavits and other sworn written statements of any other type or

16  form by YOU that REFER OR RELATE TO BRATZ (other than those previously filed

17  and served in this action).

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

20        MGA incorporates by reference the above-stated general objections as if fully set

21  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably calculated to

23  lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

24  and oppressive including, without limitation, in calling for all declarations, affidavits and

25  other sworn written statements that refer or relate to Bratz but not otherwise limited as to

26  subject matter, and not limited in any way as to time.  MGA also objects to this request on

27  the grounds that it seeks information that is already known to Mattel and/or is a matter of

28  public record and/or is equally available to Mattel, and is, therefore, unduly burdensome

- 6 -

MGA'S SUPPLEMENTAL RESPONSES TO
MATTEL'S REQUESTS FOR PRODUCTION

Exhibit 21 , P. 278

1   and oppressive. MGA also objects to this request on the grounds that it seeks

2   confidential, proprietary or commercially sensitive information, the disclosure of which

3   would be inimical to the business interests of MGA. MGA also objects to this request to

4   the extent that it may seek documents the disclosure of which is or may be governed by

5   court orders. MGA also objects to this request to the extent it seeks information the

6   disclosure of which would implicate the rights of third parties to protect private,

7   confidential, proprietary or trade secret information. MGA also objects to this request to

8   the extent it may seek documents the disclosure of which is or may be protected by

9   contract or agreement. MGA also objects to this request to the extent it calls for the

10  disclosure of attorney-client privileged information or information protected from

11  disclosure by the work-product doctrine, the joint defense or common interest privilege, or

12  other privilege.

13      Subject to the foregoing, MGA will not produce documents in response to this

14  request.

15  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

16      MGA reiterates its objections as set forth above. Subject to the foregoing, MGA

17  would be willing to produce non-privileged prior litigation filings pursuant to a mutually

18  acceptable reciprocal agreement between the parties.

19

20  **REQUEST FOR PRODUCTION NO. 38:**

21      All transcripts and video and/or audio recordings of statements made by YOU

22  under oath, including without limitation all deposition transcripts, trial transcripts and

23  arbitration transcripts, that REFER OR RELATE TO BRATZ (other than those taken in

24  this action when Mattel, Inc.'s counsel was in attendance).

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

26      MGA incorporates by reference the above-stated general objections as if fully set

27  forth herein. MGA also specifically objects to this request on the grounds that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably calculated to

-7-                     MGA'S SUPPLEMENTAL RESPONSES TO
                        MATTEL'S REQUESTS FOR PRODUCTION

Exhibit 21, P. 277

1    lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

2    and oppressive including, without limitation, in calling for all transcripts and video and/or

3    audio recordings of statements made by MGA under oath, including without limitation all

4    deposition transcripts, trial transcripts and arbitration transcripts refer or relate to Bratz

5    but not otherwise limited as to subject matter, and not limited in any way as to time.

6    MGA also objects to this request on the grounds that it seeks information that is already

7    known to Mattel and/or is a matter of public record and/or is equally available to Mattel,

8    and is, therefore, unduly burdensome and oppressive.  MGA also objects to this request on

9    the grounds that it seeks confidential, proprietary or commercially sensitive information,

10   the disclosure of which would be inimical to the business interests of MGA.  MGA also

11   objects to this request to the extent that it may seek documents the disclosure of which is

12   or may be governed by court orders.  MGA also objects to this request to the extent it

13   seeks information the disclosure of which would implicate the rights of third parties to

14   protect private, confidential, proprietary or trade secret information.  MGA also objects to

15   this request to the extent it may seek documents the disclosure of which is or may be

16   protected by contract or agreement.  MGA also objects to this request to the extent it calls

17   for the disclosure of attorney-client privileged information or information protected from

18   disclosure by the work-product doctrine, the joint defense or common interest privilege, or

19   other privilege.

20          Subject to the foregoing, MGA will not produce documents in response to this

21   request.

22   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

23          MGA reiterates its objections as set forth above.  Subject to the foregoing, MGA

24   would be willing to produce non-privileged prior litigation filings pursuant to a mutually

25   acceptable reciprocal agreement between the parties.

26

27

28

- 8 -

MGA'S SUPPLEMENTAL RESPONSES TO
MATTEL'S REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 39:**

All declarations, affidavits and other sworn written statements of any other type or form by any PERSON that REFER OR RELATE TO ANGEL (other than those previously filed and served in this action).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence in that it seeks information relating to MGA products not at issue in this litigation.  MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive including, without limitation, in calling for all declarations, affidavits and other sworn written statements that refer or relate to Angel, and is not otherwise limited as to subject matter, and not limited in any way as to time.  MGA also objects to this request on the grounds that it seeks information that is already known to Mattel and/or is a matter of public record and/or is equally available to Mattel, and is, therefore, unduly burdensome and oppressive.  MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA also objects to this request to the extent that it may seek documents the disclosure of which is or may be governed by court orders.  MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  MGA also objects to this request to the extent it may seek documents the disclosure of which is or may be protected by contract or agreement.  MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, the joint defense or common interest privilege, or other privilege.

MGA'S SUPPLEMENTAL RESPONSES TO
MATTEL'S REQUESTS FOR PRODUCTION

Exhibit 21, P. 281

1    Subject to the foregoing, MGA will not produce documents in response to this

2    request.

3    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

4    MGA reiterates its objections as set forth above.  Subject to the foregoing, MGA

5    would be willing to produce non-privileged prior litigation filings, if any, pursuant to a

6    mutually acceptable reciprocal agreement between the parties.

7

8    **REQUEST FOR PRODUCTION NO. 40:**

9    All transcripts and video and/or audio recordings of statements made by any

10    PERSON under oath, including without limitation all deposition transcripts, trial

11    transcripts and arbitration transcripts, that REFER OR RELATE TO ANGEL (other than

12    those taken in this action when Mattel, Inc.'s counsel was in attendance).

13    **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

14    MGA incorporates by reference the above-stated general objections as if fully set

15    forth herein.  MGA also specifically objects to this request on the grounds that it seeks

16    information not relevant to the subject matter of this lawsuit or reasonably calculated to

17    lead to the discovery of admissible evidence in that it seeks information relating to MGA

18    products not at issue in this litigation.  MGA also objects to this request on the grounds

19    that it is overbroad, unduly burdensome and oppressive including, without limitation, in

20    calling for all transcripts and video and/or audio recordings of statements made by any

21    person under oath, including without limitation all deposition transcripts, trial transcripts

22    and arbitration transcripts refer or relate to Angel but not otherwise limited as to subject

23    matter, and not limited in any way as to time.  MGA also objects to this request to the

24    extent that it seeks documents not in MGA's possession, custody or control.  MGA also

25    objects to this request on the grounds that it seeks information that is already known to

26    Mattel and/or is a matter of public record and/or is equally available to Mattel, and is,

27    therefore, unduly burdensome and oppressive.  MGA also objects to this request on the

28    grounds that it seeks confidential, proprietary or commercially sensitive information, the

- 10 -    MGA'S SUPPLEMENTAL RESPONSES TO
MATTEL'S REQUESTS FOR PRODUCTION

1  disclosure of which would be inimical to the business interests of MGA. MGA also

2  objects to this request to the extent that it may seek documents the disclosure of which is

3  or may be governed by court orders. MGA also objects to this request to the extent it

4  seeks information the disclosure of which would implicate the rights of third parties to

5  protect private, confidential, proprietary or trade secret information. MGA also objects to

6  this request to the extent it may seek documents the disclosure of which is or may be

7  protected by contract or agreement. MGA also objects to this request to the extent it calls

8  for the disclosure of attorney-client privileged information or information protected from

9  disclosure by the work-product doctrine, the joint defense or common interest privilege, or

10 other privilege.

11      Subject to the foregoing, MGA will not produce documents in response to this

12 request.

13 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

14      MGA reiterates its objections as set forth above. Subject to the foregoing, MGA

15 would be willing to produce non-privileged prior litigation filings pursuant to a mutually

16 acceptable reciprocal agreement between the parties.

17

18 **REQUEST FOR PRODUCTION NO. 65:**

19      DOCUMENTS sufficient to identify when YOU first contacted any manufacturer,

20 or any contemplated, proposed or potential manufacturer, for the manufacture of ANGEL.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

22      MGA incorporates by reference the above-stated general objections as if fully set

23 forth herein. MGA also specifically objects to this request on the grounds that it seeks

24 information not relevant to the subject matter of this lawsuit or reasonably calculated to

25 lead to the discovery of admissible evidence including, without limitation, in that it seeks

26 information related to an MGA product not at issue in this lawsuit, and in that the

27 manufacturer of Angel has nothing whatsoever to do with Bryant, Mattel, or this lawsuit.

28 MGA also objects to this request to the extent it seeks information the disclosure of which

- 11 -

MGA'S SUPPLEMENTAL RESPONSES TO
MATTEL'S REQUESTS FOR PRODUCTION

1  would implicate the rights of third parties to protect private, confidential, proprietary or

2  trade secret information.  MGA also objects to this request on the grounds that it seeks

3  confidential, proprietary or commercially sensitive information, the disclosure of which

4  would be inimical to the business interests of MGA.  MGA also objects to this request to

5  the extent it calls for the disclosure of attorney-client privileged information or

6  information protected from disclosure by the work-product doctrine, joint defense or

7  common interest privilege, or other privilege.

8       Subject to the foregoing, MGA will not produce documents in response to this

9  request.

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

11       MGA reiterates its objections as set forth above.  Subject to the foregoing, MGA

12  will produce responsive documents in its possession that it is able to locate after a

13  reasonably diligent search.

14

15  **REQUEST FOR PRODUCTION NO.89:**

16      All telephone records for MGA Entertainment Inc. for the time period from

17  January 1, 1998 through January 1, 2001.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO.89:**

19      MGA incorporates by reference the above-stated general objections as if fully set

20  forth herein.  MGA also specifically objects to this request on the grounds that it is

21  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

22  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

23  admissible evidence, including, without limitation, in that it seeks all telephone records

24  for MGA entertainment, without limitation as to who placed the call or who was called,

25  thereby potentially revealing to Mattel every customer, vendor, distributor or anyone else

26  MGA called in the referenced time period, and the length and frequency of those calls.

27  MGA also objects to this request on the grounds that it is overbroad in that it asks for

28  phone records beginning in January, 1998.  MGA also objects to this request on the

MGA'S SUPPLEMENTAL RESPONSES TO MATTEL'S REQUESTS FOR PRODUCTION

Exhibit 21, P. 284

1  grounds that Mattel's pursuit of MGA's phone records is now the subject of a subpoena

2  that Mattel directed to Verizon, and a currently-pending motion in Texas for a protective

3  order. Requiring MGA to respond to this request before the motion regarding Mattel's

4  subpoena to Verizon is settled would be premature, unduly burdensome and oppressive.

5  MGA also objects to this request on the grounds that it seeks information in violation of

6  the right of privacy. MGA also objects to this request on the grounds that it seeks

7  confidential, proprietary or commercially sensitive information, the disclosure of which

8  would be inimical to the business interests of MGA.

9       Subject to the foregoing, MGA will not produce documents in response to this

10  request.

11  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

12       MGA reiterates its objections and response as set forth above. Subject to the

13  foregoing, MGA will produce its phone records to the extent in its possession for the time

14  period January 1, 2000, to October 20, 2000.

15

16  **REQUEST FOR PRODUCTION NO. 93:**

17       An electronic copy of each DOCUMENT that YOU have produced in this action,

18  or that is responsive to these Requests, that is or was created, prepared, generated,

19  maintained or transmitted in digital form.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

21       MGA incorporates by reference the above-stated general objections as if fully set

22  forth herein. MGA also specifically objects to this request on the grounds that is it unduly

23  burdensome and oppressive, particularly as to the expense associated with producing to

24  Mattel in electronic form documents that MGA has already produced, or will produce in

25  response to these requests, in another form.

26       Subject to the foregoing, MGA will not produce documents in response to this

27  request.

28

- 13 -

MGA'S SUPPLEMENTAL RESPONSES TO
MATTEL'S REQUESTS FOR PRODUCTION

Exhibit 21, P. 285

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

2      MGA reiterates its objections as set forth above.  Subject to the foregoing, MGA

3  would be willing to produce a limited number of documents in electronic form in response

4  to this request pursuant to a mutually acceptable reciprocal agreement between the parties,

5  assuming such documents can be redacted.

6

7  **REQUEST FOR PRODUCTION NO.94:**

8      The metadata for each DOCUMENT that YOU have produced in this action, or

9  that is responsive to these Requests, that is or was created, prepared, generated,

10  maintained or transmitted in digital form.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO.94:**

12      MGA incorporates by reference the above-stated general objections as if fully set

13  forth herein.  MGA also specifically objects to this request on the grounds that is it unduly

14  burdensome and oppressive, particularly as to the expense associated with producing

15  metadata to Mattel for each digital document that MGA has already produced, or will

16  produce in response to these requests, if any.  MGA also objects to this request to the

17  extent it calls for the disclosure of attorney-client privileged information or information

18  protected from disclosure by the work-product doctrine, joint defense or common interest

19  privilege, or other privilege.

20      Subject to the foregoing, MGA will not produce documents in response to this

21  request.

22

23

24

25

26

27

28

MGA'S SUPPLEMENTAL RESPONSES TO
MATTEL'S REQUESTS FOR PRODUCTION

Exhibit _21_, P. _286_.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 94</u>:**

MGA reiterates its objections as set forth above.  Subject to the foregoing, MGA would be willing to produce a limited number of documents in the manner described in this request pursuant to a mutually acceptable reciprocal agreement between the parties, assuming such information can be redacted.

Dated: January 5, 2007

O'MELVENY & MYERS LLP

By: _____

James P. Jenal
Attorneys for MGA Entertainment, Inc.

- 15 -

Exhibit _21_, P. _287_

## PROOF OF SERVICE

I, Karen A. Nakatsu, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On January 5, 2007, I served the within document(s):

**MGA ENTERTAINMENT INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MATTEL'S SUBPOENA FOR PRODUCTION OF DOCUMENTS**

☒ by causing to be personally served the document(s) listed above to the person(s) listed below.

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East,
Fifth Floor
Los Angeles, CA 90067

Patricia Glaser, Esq.
Christensen, Glaser, Fink, Jacobs,
Weil & Shapiro, LLP
10250 Constellation Blvd.,
19th Floor
Los Angeles, CA 90067

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on January 5, 2007, at Los Angeles, California.

_Karen A. Nakatsu_
Karen A. Nakatsu

LA2:817525.1

Exhibit 21, P. 288

EXHIBIT 22

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE No.: (213) 687-5000
FACSIMILE No.: (213) 687-5600

EMAIL: MMUMFORD @skadden.com

FROM: Marcus Mumford

DIRECT DIAL: (213) 687-5514

DIRECT FACSIMILE: (213) 621-5514

DATE: November 30, 2007

FLOOR/OFFICE No.:

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S): _____

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.  NAME: John D. Corey, Esq..
    CITY: Los Angeles
    FACSIMILE No.: (213) 443-3100

    FIRM: Quinn Emanuel Urquhart, etc.
    TELEPHONE No.: (213) 443-3000

2.  NAME: Christa M. Anderson, Esq.
    CITY:
    FACSIMILE No.: (415) 397-7188

    FIRM: Keker & Van Nest, LLP
    TELEPHONE No.: (415) 391-5400

MESSAGE: Please see attached letter.

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 300 SOUTH GRAND AVENUE
### LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5514
DIRECT FAX
(213) 621-5514
EMAIL ADDRESS
MMUMFORD@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

November 30, 2007

VIA FACSIMILE

Jon D. Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:   *Mattel v. Bryant*

Dear Jon:

I write pursuant to Section 5 of the Discovery Master Stipulation. By repeatedly asserting in this litigation that Mattel's claims are timely filed due to a lack of knowledge on its part, and similarly contending that MGA and Carter Bryant have no statute of limitations or laches defenses, Mattel has waived the attorney-client privilege with respect to when it discovered or should have discovered the defendants' alleged actionable conduct. We request that Mattel immediately revise its privilege log and supplement all of its discovery responses accordingly.

Mattel's Second Amended Answer and Counterclaims, filed July 12, 2007, asserts that "Bryant and MGA deliberately and intentionally concealed facts sufficient for Mattel *to suspect or to know* that it was the true owner of Bratz." (2d Am. Answer & Counterclaims ¶ 35 (emphasis added).) Those acts of concealment allegedly "include, but are not limited to, concealing the fact that Bryant conceived, created, designed and developed Bratz ...; concealing Bryant's role in Bratz ...; and concealing the fact that Mattel was the true owner of Bratz." (*Id.* ¶ 35.) Mattel contends further that "[b]ecause of Bryant's and MGA's acts of concealment ... Mattel *had no reason to suspect* that Bryant had worked with MGA, or assisted MGA, while he still [*sic*] employed by Mattel until approximately November 24, 2003," and "[i]t was then ... that Mattel *learned for the first time* that Bryant had secretly aided, assisted and worked for and with MGA ... in violation of his Mattel Employment Agreement." (*Id.* ¶ 36 (emphasis added).)

Throughout this litigation, Mattel has asserted several similar positions. For example, in opposition to the motion for terminating sanctions, Mattel asserted that it *"first learned of a probable claim* in late 2003, at the earliest." (Opp. to Jt. Mot. for Terminating Sanctions at 13:11-12.) More recently, Mattel has asserted that it need

Jon D. Corey, Esq.
November 30, 2007
Page 2

not comply with a Rule 30(b)(6) notice that has been outstanding since December 21, 2004, because "Judge Larson has made a determination as to what the relevant date is as to when Mattel first became aware of Bryant's wrongful conduct." (Corey 11/26/2007 Ltr. at 4.) As MGA pointed out in response, the Court in this litigation has made no such determination for purposes of evaluating MGA or Carter Bryant's statute of limitations or laches defense. (*See* Mumford 11/29/2007 Ltr.)

In the above instances going to whether Mattel timely filed its claims, and others, Mattel has injected the issue of its knowledge into this litigation and made communications on that subject relevant to the court's determination of MGA and Carter Bryant's statute of limitations and laches defenses. Mattel is affirmatively contending that it "had no reason to suspect or to know" it had the claims it is asserting in this action prior to November 2003. "Fairness, therefore, requires that defendants be given access to attorney client communications that may impact resolution of that issue." Paul R. Rice, Attorney-Client Privilege in the United States § 9:53, at 9-370 (2d ed. 2007).

Please let me know if you have any questions concerning the above. We look forward to speaking with you on it as soon as possible.

Sincerely,

Marcus R. Mumford

cc: Christa M. Anderson

Exhibit 22, P. 291

EXHIBIT 23

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor.
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   December 10, 2007                    **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Marcus Mumford, Esq.* *Skadden, Arps, Slate, Meagher & Flom LLP* | 213.687.5000 | 213.687.5600 |
| Matthew M. Werdegar Keker & Van Nest | 415.391.5400 | 415.397.7188 |

**FROM:**   Jon Corey

**RE:**   Mattel, Inc. v. Carter Bryant, et al.

**MESSAGE:**

Please see attached.

07209/2316682.1

CLIENT #   7209      ROUTE/ RETURN TO:  Johanna Lopez        ☐ CONFIRM FAX  ☐ INCLUDE CONF. REPORT

OPERATOR:  _WM_      CONFIRMED?   ☐ NO  ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 23, P. 292

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 10, 2007

VIA ELECTRONIC MAIL, FACSIMILE AND U.S. MAIL

Marcus Mumford, Esq.
Skadden Arps Slate Meagher & Flom, LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Re:   Mattel v. Bryant

Dear Marcus:

I write in response to your letter of November 30, 2007 in which you ask Mattel to agree to a blanket waiver of the attorney-client privilege and the attorney work product, and our recent conference of counsel on that same topic. I advised you that Mattel would not agree to a blanket waiver of what Mattel perceived to be of an undefined scope, and that if MGA wished to move for some type of blanket waiver, then MGA can represent to Judge Infante that the parties have completed the meet and confer process.

I further advised you, however, that if MGA believes that there are specific instructions not to answer or documents withheld on the basis of privilege that you believe were improper, then Mattel is more than willing to discuss them. MGA did not, however, in your November 30, 2007 letter, identify any such specific questions or documents, as it is required to do before bringing a motion on specific questions or documents. Nor were you able to identify any specific examples of alleged improper assertions of privilege, when asked. I explained that the basis for this may be because Mattel does not take and has never taken the position that facts relating to notice constitute privileged information or that the disclosure of such non-privileged fact could constitute a waiver of any claim of privilege.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2320343.1

Exhibit 23, P. 293

If you have any questions regarding the foregoing, please do not hesitate to call.


Best regards,

*Jon Corey*

Jon Corey

cc:   Matthew Werdegar

Exhibit 23, P. 294

EXHIBIT 24

```
 1              UNITED STATES DISTRICT COURT

 2            CENTRAL DISTRICT OF CALIFORNIA

 3                    EASTERN DIVISION

 4

 5     ------------------------------                Certified Copy

 6    CARTER BRYANT, an individual,     )

 7                   Plaintiff,         )

 8              vs.                     )  No. CV 04-09049

 9    MATTEL, INC., a Delaware          ).    SGL  (RNBx)

10    corporation,                      )  Consolidated with

11                   Defendant.         )  CV 04-9059 & 0

12     -----------------------------)

13    AND RELATED CROSS-ACTION.         )

14     -----------------------------

15

16

17         Transcript of Proceedings before

18         the Honorable Edward A. Infante,

19         via conference call, commencing at

20         9:04 A.M., Thursday, January 25, 2007,

21         before cathryn L. Baker, CSR No. 7695.

22

23

24

25    PAGES 1 - 32
```

Exhibit 24, P. 295

1   But I think I can short circuit this. My understanding
2   of the relief that Mr. Jacoby seeks, as he's articulated
3   it, is the relief that we had offered to provide in
4   connection with the recent meet and confer, which is to
5   provide a privilege log logging all of those documents
6   that Mattel contends are privileged with respect to the
7   investigation and to produce those non-privileged
8   documents.
9           JUDGE INFANTE:  The first issue you've raised
10  is it's all irrelevant.
11          MR. COREY:   That's correct.  And we do
12  believe that it is irrelevant.  We believe that a proper
13  reading of Judge Larson's order resolves this issue, and
14  that they're going to be hard pressed if in fact they
15  try to raise the issue with Judge Larson again.  He was
16  making a determination based on facts that were
17  presented before him, he wasn't limiting himself to the
18  pleadings.  But that being said, if that's the relief
19  that's being sought, I think we can short circuit this.
20  We've offered to do that and we're more than willing to
21  do that.  And we can do that promptly.
22          JUDGE INFANTE:  I understand your arguments.
23  And I've read Judge Larson's order.  It's a very
24  thorough order, and I read it, and particularly the
25  portion dealing with the futility argument on statute of

10

Exhibit 24, P. 296

1    limitations defense.  I'm afraid that the motion to file

2    an amended complaint doesn't fully resolve the issue as

3    to whether or not the statute of limitations defense, or

4    for that matter the laches defense, ought to be in the

5    case or not.

6            Although Judge Larson was outspoken with

7    respect to the relation-back doctrine, I don't feel that

8    I, as a discovery judge, can at this time say that those

9    defenses are out of the case.  They're not, and

10   therefore under Rule 26 I can't really rule them

11   irrelevant.  I can't really rule the discovery, as to

12   when you learned and what you knew back in 2002 or 2003,

13   is irrelevant.  I understand what might occur with

14   respect to those defenses but I -- I'm not going to turn

15   this discovery motion into a case dispositive motion

16   regarding defenses which are still pled and still in the

17   case.  So I'm going to reject your relevancy argument,

18   although I fully understand it.  So you may proceed to

19   your next point.

20           MR. COREY:  With the decision to overrule the

21   relevancy objection, it then, as I understand it,

22   becomes incumbent on us to prepare a privilege log so

23   that the Court is not asked to do what it's been asked

24   to do in this motion, that is to rule on privilege in

25   the abstract.

                                                          11

Exhibit 24 , P. 297

1          JUDGE INFANTE:   Yes.  Let me just add one

2    thing I forget to say.  I also feel, regardless of the

3    statute of limitations, relation-back doctrine, in the

4    issue of relevance, on that defense, there is still pled

5    in the case a laches defense, an equitable defense,

6    which also gives Carter Bryant and MGA an independent

7    platform for relevancy.  So I just wanted to complete my

8    remarks on that point.  And, again, for that reason, I

9    overrule your irrelevancy objections.  I'm sorry I left

10   that out.  Okay.

11         Okay.  So now back to the privilege log.  Yes,

12   it is incumbent for you to now comply with Rule 26(b)(5)

13   if you contend that you're withholding documents

14   requested for on the grounds of privilege.  What do you

15   propose in that regard?

16         MR. COREY:  What I understand is that the

17   court permitted Bryant to have 30 days to produce its

18   documents yesterday.  I think it would be reasonable,

19   given that we're dealing with a much smaller universe of

20   documents, to provide a privilege log, and to produce

21   any non-privileged documents within two weeks from

22   today.

23         JUDGE INFANTE:  That seems reasonable.  Let me

24   make a couple of comments on it so that we can be

25   efficient.  I agree with you, Mattel's counsel, that the

                                                         12

Exhibit 24, P. 298

EXHIBIT 25

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 300 SOUTH GRAND AVENUE
### LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5514
DIRECT FAX
(213) 621-5514
EMAIL ADDRESS
MMUMFORD@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 4, 2008

VIA FACSIMILE

Jon D. Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:   *Mattel, Inc. v. Bryant*

Dear Jon:

As you are aware, yesterday Judge Infante overruled Mattel's relevance objection to those topics of Carter Bryant's Rule 30(b)(6) notice designed to elicit testimony concerning when Mattel first had notice of its Phase I claims and compelled you to produce a deponent on those topics.

I write pursuant to Section 5 of the Discovery Master Stipulation to request a meet and confer regarding Mattel's responses to other discovery requests designed to ascertain when Mattel first had notice of its Phase I claims, to which Mattel asserted a similar relevance objection to the one Judge Infante overruled.  Specifically, I write concerning the following discovery requests: (1) MGA's First Set of Requests for the Production of Documents and Things, Request Nos. 191-193, (2) MGA's First Set of Interrogatories to Mattel, Inc., Interrogatory Nos. 9-11, and (3) MGA's First Set of Requests for Admissions to Mattel, Inc., Request Nos. 241-246.

I am available to meet at your convenience on Tuesday, January 7, 2008.  As Judge Infante noted, the discovery cut-off is looming, and thus expedited treatment of this issue is appropriate.  Please let me know what time works for you.

Sincerely,

Marcus R. Mumford

cc:  Christa M. Anderson

Exhibit 25, P. 299

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE No.: (213) 687-5000
FACSIMILE No.: (213) 687-5600

EMAIL: mmumford@skadden.com

## FACSIMILE TRANSMITTAL SHEET

FROM: Marcus Mumford

DIRECT DIAL: (213) 687-5514

DIRECT FACSIMILE: (213) 621-5514

DATE: January 4, 2008

FLOOR/OFFICE No.: 36

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

### TOTAL NUMBER OF PAGES INCLUDING COVER(S):

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.  NAME: Jon D. Corey, Esq..

    CITY: Los Angeles

    FACSIMILE No.: (213) 443-3100

    FIRM: Quinn Emanuel Urquhart, etc.

    TELEPHONE No.: (213) 443-3000

2.  NAME: Christa M. Anderson, Esq.

    CITY:

    FACSIMILE No.: (415) 397-7188

    FIRM: Keker & Van Nest, LLP

    TELEPHONE No.: (415) 391-5400

MESSAGE: Please see attached letter.

**G r o u p  S e n d  R e p o r t**

```
                                    Time      : 01-04-2008  04:44pm
                                    Tel line 1 : +2136875600
                                    Tel line 2 : +2136875600
                                    Name      : SASMF #6
```

Job number            :   543

Date                  :   01-04  04:43pm

Document Pages        :   002

Start time            :   01-04  04:43pm

End time              :   01-04  04:44pm

Successful

    Fax number

      ☎94433100-
      ☎914153977188

Unsuccessful                                              Pages sent

Exhibit _25_, P. _301_

Job number    : 543          *** SEND SUCCESSFUL ***

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE No.: (213) 687-5000
FACSIMILE No.: (213) 687-5600

EMAIL: mmumford@skadden.com

## FACSIMILE TRANSMITTAL SHEET

FROM:  Marcus Mumford                         DATE  January 4, 2008
DIRECT DIAL:  (213) 687-5514                  FLOOR/OFFICE No :  36
DIRECT FACSIMILE:  (213) 621-5514

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/AN CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.   NAME   Jon D. Corey, Esq.          FIRM.   Quinn Emanuel Urquhart, etc.
     CITY.   Los Angeles                TELEPHONE No.:   (213) 443-3000
     FACSIMILE NO   (213) 443-3100

2.   NAME   Christa M. Anderson, Esq.   FIRM.   Keker & Van Nest, LLP
     CITY                               TELEPHONE No:   (415) 391-5400
     FACSIMILE NO.:   (415) 397-7188

MESSAGE.  Please see attached letter.

Exhibit 25, P. 302

EXHIBIT 26

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(213) 687-5514
DIRECT FAX
(213) 621-5514
EMAIL ADDRESS
MMUMFORD@SKADDEN.COM

January 8, 2008

VIA FACSIMILE

Jon D. Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:   *Mattel, Inc. v. Bryant*

Dear Jon:

I did not receive any response to my request last week that we meet and confer on Mattel's discovery responses in light of Judge Infante's decision overruling Mattel's relevance objection to the issue of when it first had notice of its claims and counterclaims. In addition to the requests specified in my January 4, 2008 letter, this issue concerns Mattel's production and responses to MGA's First Set of Requests for the Production of Documents and Things, Nos. 186-190 and 194-95, and MGA's First Set of Interrogatories to Mattel, No. 5. Further, in light of Judge Infante's ruling, it is clear that Mattel must supplement its privilege log with these relevant materials immediately. I further reiterate our request for privileged information concerning these matters as reflected in our motion to compel Mattel's privilege waiver by claim assertion.

It is regrettable that you disregarded my request that we meet and confer on these matters today. If we do not hear from you by Thursday, we will be forced to seek the assistance of the Discovery Master.

Sincerely,

Marcus R. Mumford

cc:   Christa M. Anderson

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE No.: (213) 687-5000
FACSIMILE No.: (213) 687-5600

EMAIL: MMUMFORD@skadden.com

### FACSIMILE TRANSMITTAL SHEET

FROM: Marcus Mumford                    DATE: January 8, 2008
DIRECT DIAL: (213) 687-5514             FLOOR/OFFICE No.: 36
DIRECT FACSIMILE: (213) 621-5514

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   2

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.  NAME: Jon D. Corey, Esq..         FIRM: Quinn Emanuel Urquhart, etc.
    CITY: Los Angeles                 TELEPHONE No.: (213) 443-3000
    FACSIMILE No.: (213) 443-3100

2.  NAME: Christa M. Anderson, Esq.   FIRM: Keker & Van Nest, LLP
    CITY:                             TELEPHONE No.: (415) 391-5400
    FACSIMILE No.: (415) 397-7188

MESSAGE: Please see attached letter.

COMPLETED

08 JAN -8 PM 8:11

SASM & FL:A

# Confirmation Report

```
                              Time      : 01-08-2008   08:12pm
                              Tel line 1 : +2136875600
                              Tel line 2 : +2136875600
                              Name      : SASMF #6
```

| Nbr. | Job | Date | Time | Duration | pgs | To | Dept. | Account | Mode | Status |
|------|-----|------|------|----------|-----|----|-------|---------|------|--------|
| 803 | 608 | 01-08 | 08:12pm | 00/43 | 002 | 84433100 | | | EC 502 | OK |

# Group Send Report

```
Time       : 01-08-2808   08:10pm
Tel line 1 : +2136875600
Tel line 2 : +2136875600
Name       : SASWF #6
```

| | | |
|---|---|---|
| Job number | : | 606 |
| Date | : | 01-08  08:04pm |
| Document Pages | : | 002 |
| Start time | : | 01-08  08:04pm |
| End time | : | 01-08  08:10pm |

Successful

Fax number

☎614153977188

Unsuccessful                                                                                     Pages sent

Fax number

☎4493100-                                                                                         000

Exhibit 27

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
1              UNITED STATES DISTRICT COURT

2           CENTRAL DISTRICT OF CALIFORNIA

3                   EASTERN DIVISION

4

5       --------------------------------

6       MATTEL, INC., a Delaware        )

7       Corporation,                    )

8                    Plaintiff,         )

9            vs.                        )  No. CV 04-9059 NM

10      CARTER BRYANT, an individual;   )    (RNBx)

11      and DOES 1 through 10,          )  VOLUME I

12      Inclusive,                      )

13                   Defendants.        )

14      --------------------------------)

15      (COMPLETE CAPTION ON NEXT PAGE.)

16

17           CONFIDENTIAL - ATTORNEYS' EYES ONLY

18

19      Videotaped deposition of RICHARD N. DE ANDA,

20      taken at 300 South Grand Street, Los Angeles,

21      California, commencing at 9:17 A.M.,

22      Wednesday, December 19, 2007, before

23      Wendy S. Schreiber, CSR No. 3558, RPR, CLR.

24

25      PAGES 1 - 332
```

**Certified Copy**

1

Veritext National Deposition & Litigation Services
866 299-5127

Exhibit _27_, P._307_

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    Carter -- that after that phone call you set up a

2    meeting to investigate the accusation -- the

3    suspicion that Carter Bryant and MGA had

4    misappropriated Mattel property, correct?

5         MR. COREY:  Objection:  mischaracterizes the   03:05PM

6    testimony, vague and ambiguous, and assumes facts.

7         THE WITNESS:  I am not certain that that is

8    exactly what happened.  I know and I recall walking

9    away -- or I should say after the telephone

10   conversation having information communicated to       03:05PM

11   me -- and this is in very general form -- that

12   Carter Bryant while at Bratz -- excuse me, while at

13   MGA used or copied I should say Lilly Martinez's

14   Tune Teens to create the Bratz doll.  That -- that

15   for -- and I can't tell you the reason other than to  03:06PM

16   probably follow up to have further understanding a

17   meeting was held.

18   Q.   And the purpose of the meeting -- did you

19   conclude after that phone call that you were not

20   going to conduct an investigation of MGA; that you    03:06PM

21   were simply going to focus on Carter Bryant?

22        MR. COREY:  Did you say the meeting or the

23   phone call, I'm sorry, Counsel?

24        MR. NOLAN:  Following the phone call and

25   before the meeting.                                   03:06PM
                                                              178



CONFIDENTIAL - ATTORNEYS' EYES ONLY



1

2          REDACTED

3

4

5

6

7

8          REDACTED

9

10

11

12

13

14

15         REDACTED

16

17

18

19

20

21

22

23         REDACTED

24

25

179

Exhibit  27 , P. 309

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1

2

3          REDACTED

4

5

6

7

8

9          REDACTED

10

11

12

13

14

15          REDACTED

16

17

18

19

20

21

22          REDACTED

23

24

25                                                          180

Exhibit 27, P. 310

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    you want to have as clean a record and be as

2    truthful.  I want -- I want equally to be as

3    truthful back to you in terms of rephrasing a

4    question in my own words.  But if that's

5    mischaracterizing it, please call me out on it.      03:09PM

6    Okay?

7        A.    I appreciate that.

8        Q.    After the phone call -- well, let's stay

9    still on the phone call.  Did the person reporting

10   this information give you any details as to the       03:09PM

11   basis of their knowledge of the accusation regarding

12   Carter while at MGA using Mattel information on the

13   Bratz design?  Any facts, any color to it?

14           MR. COREY:  Objection:  vague.

15           THE WITNESS:  You know, once again, I do not 03:10PM

16   have any recollection of the call, however,

17   interesting enough, I can't recall who I spoke to --

18   it was either one or the other, I'm pretty

19   certain -- and I think that that may have -- and,

20   once again, I'm somewhat speculating but it may have  03:10PM

21   been part of the issue with the telephone

22   conversation, too; that they may not have had the

23   complete information, only it may have been hearsay

24   from the other or vice versa.  But it -- as I

25   recall, it was not necessarily -- the phone call was  03:10PM
                                                              181

Exhibit 27, P. 311