Spring Street level of the U.S. Courthouse, 312 North Spring Street, **by 4:00 p.m. on the date due**. A Joint Report which is not timely filed or does not conform with this Order, FRCP 26(f), and applicable Local Rules will interfere with preparation by the Court and its staff, and may result in delays and/or the assessment of sanctions.

The Joint Rule 26(f) Report shall address the matters set forth in FRCP 26(f) (some of which are enumerated below), and shall also contain the following:

(a)   A brief statement by each party, not to exceed one (1) page, setting forth that party's factual summary of the case, including the basis for any claims, counterclaims, or defenses.

(b)   The basis for the Court's subject-matter jurisdiction.

©)   A brief description of the key legal issues.

(d)   The realistic range of probable damages.

(e)   The likelihood of appearance of additional parties.

(f)   Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

(g)   A proposed discovery cut-off date. Note: this means the final day for completion of discovery, including resolution of all discovery motions.

(h)   What motions (other than discovery motions) are contemplated.

(I)   Prospects of settlement based on counsel's discussion at the Rule 26(f) meeting and any other communications.

(j)   Whether the trial will be a court or jury trial.

(k)   The estimated length of trial.

(l)   The name of the attorney(s) who will try the case.

(m)   Prospects of counsel exercising their right, under 28 U.S.C. §636, to consent to the designation of a Magistrate Judge to conduct all proceedings (including trial) and final disposition, pursuant to General Order 194-G.²

———————————

2. Counsel should note that they may select from among the panel of available Magistrate Judges i.e., counsel are not limited to consenting to the Magistrate Judge assigned to this case, provided all parties concur. A list of the current available Magistrate Judges is included. Counsel should note that the Magistrate Judge will set his/her own discovery schedule and will be able to give counsel a "date certain" for trial.

revised 4/19/04                                3

00100

EXHIBIT 1  PAGE ___

6. **Mandatory Settlement Procedure**:

    a. **ADR Pilot Program**: This Court is part of the Alternative Dispute Resolution (ADR) Pilot Program. For cases referred to ADR, counsel will be required to complete the ADR Questionnaire and file it at the time the Joint Report is filed. Counsel will thereafter have the option of completing a stipulation selecting the agreed upon Settlement Officer, or having the Program Coordinator randomly select a Settlement Officer for the case.

    b. **Cases not in the ADR Pilot Program**: In conformity with the Local Rules, counsel shall file the settlement procedure selection by the date given by the Court at the time of the Scheduling Conference. Available alternatives for consideration include:

    (1)  a settlement conference before the Magistrate Judge assigned to the case; Note: the Court does not participate in settlements of cases on its own docket.

    (2)  a settlement conference or mediation before an attorney selected from the Attorney Settlement Panel (list available from the court's Website);

    (3)  the employment by the parties of a private judge, mediator or arbitrator.

7. **Discovery**: All discovery matters have been referred to a United States Magistrate Judge, who will hear all discovery disputes. (The Magistrate Judge's initials follow the Judge's initials next to the case number.) All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing. Please do not deliver courtesy copies of these documents to this Court.

    The decision of the Magistrate Judge shall be final, subject to modification by the District Court only where it has been shown that the Magistrate Judge's Order is clearly erroneous or contrary to law. Any party seeking review of a Magistrate Judge's order must file and serve a motion within ten (10) days of service of a written

revised 4/19/04        4              0010

EXHIBIT _1_ PAGE __

1   ruling or within ten (10) days of an oral ruling that the Magistrate Judge states will

2   not be followed by a written ruling.  Local Rule 72-2.1. The motion must specify

3   which portions of the ruling are clearly erroneous or contrary to law and support the

4   contention with points and authorities.  Counsel shall deliver a conformed copy of the

5   moving papers and responses to the Magistrate Judge's clerk at the time of filing.

6       **8.  Motions:**

7          **a.  Time for Filing and Hearing Motions:**  Motions shall be filed in

8   accordance with Local Rule 7; the next available motion date can be obtained from

9   the Courtroom Deputy or the Filing Window. This Court customarily hears motions

10   on **Mondays, commencing at 10:00 a.m.**  Counsel will be sent a briefing schedule

11   giving due dates for opposition and reply, including all declarations and supporting

12   documentation. **No supplemental brief shall be filed without prior leave of Court.**

13   **Local Rule 7-10.** Conformed courtesy copies of **reply papers only** shall be delivered

14   to the courtesy box on the wall outside the entrance to Judge Manella's chambers on

15   the Spring Street level of the U.S. Courthouse, 312 North Spring Street, **by 4:00 p.m.**

16   **on the date due.**

17       Adherence to the timing requirements is essential for the Court's preparation of

18   motion matters.

19          **b.  Pre-filing Requirement:**  Counsel should take note of the changes to

20   the Local Rules affecting motion practice in the Central District.  Among other

21   things, Local Rule 7-3 requires counsel to engage in a pre-filing conference "to

22   discuss thoroughly . . . the substance of the contemplated motion and any potential

23   resolution," and to confirm in the notice of motion that such conference has taken

24   place. Local Rule 7-3.  Counsel should discuss the issues sufficiently that if a motion

25   is still necessary, the briefing may be directed to those substantive issues requiring

26   resolution by the Court.  Counsel should resolve minor procedural or other non-

27   substantive matters during the conference. **Failure to comply with Local Rule 7-3**

28

revised 4/19/04           5

001 2

EXHIBIT 1 PAGE

1    and to set forth such compliance in the notice of motion will result in the motion

2    being vacated.

3              c.      **Length and Format of Motion Papers:**  Memoranda of Points

4    **and Authorities in support of or in opposition to motions shall not exceed 25**

5    **pages.  Replies shall not exceed 12 pages.**  Only in rare instances and for good cause

6    shown will the Court grant an application to extend these page limitations.

7         **Typeface shall comply with Local Rule 11-3.1.1.  <u>NOTE:</u>  If Times Roman**

8    **font is used, the size must be no less than 14; if Courier is used, the size must be**

9    **no less than 12.**  Footnotes shall be in typeface no less than one size smaller than text

10   size and shall be used sparingly.

11        Filings that do not conform to the Local Rules and this Order will not be

12   considered.

13             d.  <u>Courtesy Copies:</u>  Counsel shall deliver a conformed courtesy copy

14   of all **reply** papers to the courtesy box on the wall outside the entrance to Judge

15   Manella's chambers on the Spring Street level of the U.S. Courthouse, 312 North

16   Spring Street, **by 4:00 p.m. on the date due.**   Unless so ordered, please do not

17   supply courtesy copies of moving or opposition papers.

18             e.  <u>Motions for Summary Judgment:</u>  Before filing a motion for

19   summary judgment, counsel are strongly encouraged to review Chapter 14 of

20   Schwarzer, Tashima & Wagstaffe, <u>California Practice Guide:  Federal Civil</u>

21   <u>Procedure Before Trial</u> (1998).  To assist the Court, the moving party shall submit the

22   required Statement of Uncontroverted Facts and Conclusions of Law as set forth in

23   Form 14:C **(copy attached as Exhibit 1).**   The opposing party shall submit the

24   required Statement of Genuine Issues as set forth in Form 14:D **(copy attached as**

25   **Exhibit 2),** responding first to each of the moving party's alleged uncontroverted

26   facts, then listing any material facts in dispute, and citing to supporting evidence.

27   **Note:  Separate statements that fail to comply with the above format will not be**

28   **considered.**

revised 4/19/04                          6                   EXHIBIT 1 PAGE

9. **Proposed Orders**: Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. If the Proposed Order exceeds two pages, the proposing party shall also submit the document on a 3½-inch diskette compatible with WordPerfect 11.

10. **Telephonic Hearings**: The Court will conduct status conferences by telephone if any party outside the district so requests and all involved parties consent. The attorney requesting the telephonic hearing shall contact the Courtroom Deputy Clerk, Judy Hurley, (213)894-0200, at least one week prior to the date scheduled for the motion or conference to make the necessary arrangements.

A member of the Court's staff will place the conference call.

11. **Ex Parte Applications**: Counsel are reminded that ex parte applications are solely for extraordinary relief. See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995). Applications that fail to conform with Local Rules 7-19 and 7-19.1, **including a statement of opposing counsel's position,** will not be considered. The Court considers ex parte applications on the papers and usually does not set these matters for hearing. In addition to the requirements of Local Rules 7-19 and 7-19.1, counsel for the moving party shall serve opposing counsel by facsimile transmission and shall notify opposing counsel that opposition papers must be filed no later than 24 hours following such facsimile service. Counsel shall deliver a conformed courtesy copy of moving, opposition, or notice of non-opposition papers to the courtesy box outside the entrance to Judge Manella's chambers on the Spring Street level of the U.S. Courthouse, 312 North Spring Street. The Courtroom Deputy Clerk will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary.

12. **Continuances**: Counsel requesting a continuance must lodge -- prior to the date to be continued -- a Proposed Stipulation and Order including a detailed

EXHIBIT 1 PAGE 0014

1  declaration of the grounds for the requested continuance or extension of time.  Local
2  Rule 7-11.  The Court grants continuances only upon a showing of good cause,
3  focusing on the diligence of the party seeking the continuance and any prejudice that
4  may result if the continuance is denied.  Failure to comply with the Local Rules and
5  this Order will result in rejection of the request without further notice to the parties.
6  **Proposed stipulations to continue scheduling dates  shall address the effect of**
7  **such continuance on any other dates previously set by the Court.  Such**
8  **stipulations do not become effective unless and until signed by the Court.**
9  **Parties requesting conformed copies shall comply with Local Rule 11-4.5.**
10      **13.  Communications with Chambers:**  Counsel shall not attempt to contact
11  the Court or its chambers staff by telephone, letter, facsimile, e-mail or by any other
12  ex parte means.  Local Rule 83-2.11.  Counsel may contact the **Courtroom Deputy,**
13  **Judy Hurley, at (213)894-0200,** with appropriate inquiries.  To facilitate
14  communication with the Courtroom Deputy, counsel should list their facsimile
15  transmission numbers along with their telephone numbers on all papers.
16      **14.  Notice of this Order:**  Counsel for plaintiff shall immediately serve this
17  Order on all parties, including any new parties to the action.  If this case came to the
18  Court by noticed removal, defendant shall serve this Order on all other parties.
19  Enclosed is a Document Imaging Enrollment Form for counsel to complete and return
20  to the address indicated on the form.

22  Dated:  November 23, 2004

24  NORA M. MANELLA
   United States District Judge

revised 4/19/04                    8

### United States Magistrate Judges Currently Available for Civil Consent Cases(alphabetical)

The following Magistrate Judges are currently available for consent cases, pursuant to 28 U.S.C. 636(c) and Local Rule 6.6 of the Local Rules Governing Duties of Magistrate Judges. To confirm a particular Magistrate Judge's ability to schedule the trial in the time frame desired by the parties and/or willingness to accommodate any other special requests of the parties, please contact that Magistrate Judge's courtroom deputy prior to filing/lodging the consent form.

| Magistrate Judge | Courtroom Deputy/Telephone Number |
|---|---|
| Paul L. Abrams | Christiana Howard/213-894-7103 |
| Marc L. Goldman | Theresa Steele/714-338-4755 |
| Jeffrey W. Johnson | Amalia Carrillo/213-894-5369 |
| Stephen G. Larson | James Munoz/909-328-4464 |
| Jennifer T. Lum | Debra Plato/213-894-0216 |
| Arthur Nakazato | Melissa Cash/714-338-4756 |
| Fernando M. Olguin | Pat Clark/213-894-0215 |
| Suzanne H. Segal | Kimberly Carter/213-894-0958 |
| Patrick J. Walsh | Isabel Martinez/213-894-8958 |
| Ralph Zarefsky | Ilene Bernal/213-894-8256 |

5/15/03

001.6

7

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### OPTICAL SCANNING ENROLLMENT/UPDATE FORM
PLEASE PRINT OR TYPE ALL INFORMATION WHEN COMPLETING THIS FORM

Name _____    Telephone Number _____

Firm Name _____

Address _____

California State Bar Number _____    ☐ Out-of State Attorney    Case Number (Required for out-of-state attorneys) _____

Area of Practice: ☐ Civil  ☐ Criminal

---

☐ **FIRST TIME ENROLLMENT**
I consent and agree to receive copies of judgments, orders and other documents by electronic transmission at the following e-mail address: _____ and that I understand that service by electronic transmission constitutes notice of entry as required by F.R.Civ.P. 77(d) and F.R.Crim.P. 49 in lieu of service by mail. I further understand that I must notify the Court within twenty-four (24) hours when I have a change of name, firm association, address, or e-mail address to ensure proper service.

☐ **UPDATE TO ENROLLMENT** *(Complete this section if you previously enrolled in the Optical Scanning Program and wish to update that information ONLY.)*
   ☐ Update my email-address to: _____
   ☐ Change my enrollment from service of documents by FAX to service by e-mail at the following e-mail address*: _____

*One of the following boxes must be checked if you are enrolling or updating your enrollment for CIVIL cases:*
   ☐ I am enrolling or updating my enrollment for all my cases**.
   ☐ I am updating my enrollment for the following case number(s) (case numbers must include SA for Southern Division cases, ED for Eastern Division cases). (Attach separate sheet if necessary.) _____

A list of your civil cases may be obtained by querying your name in the CM PACER system.

Date: _____    Signature: _____

Mail or fax this completed form to:
   **United States District Court**
   **Central District of California**
   312 North Spring Street, Room G-8
   Los Angeles, California 90012
   Attention: Attorney Admission Clerk
   Facsimile: 213-894-2342

---

*Electronic transmission (e-mail) of documents is recommended due to its efficiency, which results in quicker receipt of judgments, orders and other documents. However, the e-mail address should be to a computer that is accessed on a daily basis due to the importance and timeliness of documents that are being transmitted from the Court. Prior to signing up to receive documents by Internet e-mail, contact your Internet Service Provider and office automation staff to determine whether there are limitations to the size of attachments that may be received. Documents are currently in TIFF format. Effective March 1, 2004, documents will be delivered in PDF format instead of in TIFF format.

**If you checked the box to enroll or update enrollment for all your cases, documents for cases you had when you were with a different firm or agency will be sent to your current e-mail address if you did not file a substitution of attorney or notice to be terminated from the case.

CIVIL JUDGMENTS, ORDERS & DOCUMENTS WILL BE SENT TO YOU ELECTRONICALLY FOR CASES INDICATED ON THIS FORM, AND IN SUBSEQUENT CASES FOR WHICH YOU APPEAR IN AFTER YOUR ENROLLMENT. CRIMINAL JUDGMENTS, ORDERS & DOCUMENTS ARE SENT IN ALL CASES FOR WHICH YOU ARE ATTORNEY OF RECORD.

G-76 (05/04)          OPTICAL SCANNING ENROLLMENT/UPDATE FORM

00107

EXHIBIT 7

[FORM 14:C]

## STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
### (Required in California Central District)

```
1   ...........................
2   ...........................
3   ...........................
    Attorneys for Plaintiff
4
5
6
7
8              UNITED STATES DISTRICT COURT
9          ....... DISTRICT OF CALIFORNIA
10
11  ........................,       )
12           Plaintiff,            )      No. CV ..-........
                                    )
13       v.                        )   STATEMENT OF UNCONTROVERTED
                                    )   FACTS AND CONCLUSIONS OF LAW
14  ........................       )   [Central District Local Rule
                                    )            7.14.1]
15           Defendant.            )
                                    )   Hearing Date:  .............
16                                       Time:         .............
17       After consideration of the papers in support of and in
18  opposition to plaintiff's motion for summary judgment and the oral
19  argument of counsel, the Court determines that the following facts
20  have been established as.
21                     UNCONTROVERTED FACTS
22       1.  Plaintiff is a citizen of California and defendant
23  is a citizen of New York.
24           [Declaration of Plaintiff, page 1, lines 18-21;
25           Deposition of Defendant, page 5, lines 8-22.]
26       2.  Plaintiff and Defendant entered into a written
27  contract for the construction of a house in .....................
28  County, California.
```

Exhibit 1

001.0

EXHIBIT 1 PAGE —

1  [Complaint, page 3, lines 9-11; admitted in

2  Defendant's answer, page 1, lines 3-4.]

3  3.  Plaintiff is a licensed general contractor.

4  [Complaint, page 2, lines 5-6; admitted by

5  Defendant's failure to deny.]

6  4.  Plaintiff has performed all conditions of the

7  contract, except installation of a security system.

8  [Copy of contract attached as Exhibit "A" to

9  complaint; admitted in Defendant's answer, page

10  page 2, lines 3-4.  Declaration of Plaintiff,

11  page 3, lines 10-22.]

12  5.  Installation of the security system was excused by

13  Defendant's refusal to allow Plaintiff access to the portion of

14  the building site required for such installation.

15  [Declaration of Plaintiff, page 5, lines 11-28;

16  Defendant's answer to Interrogatory No. 3.]

17  6.  Defendant agreed to pay Plaintiff $180,000 and only

18  $100,000 has been paid.

19  [Paragraph 2 of contract (see ¶4, above);

20  declaration of Plaintiff, page 7, lines 6-8;

21  Defendant's response to Request for Admission No. 6.

22  Based on the foregoing Uncontroverted Facts, the Court

23  now makes its,

24  CONCLUSIONS OF LAW

25  1.  The Court has jurisdiction of this action, pursuant

26  to 28 U.S.C. § 1332.

27  2.  Defendant has breached the contract with Plaintiff

28  by failure to pay according to its terms.

Exhibit 1

Exhibit 1

SCANNED

3.      Plaintiff is owed the sum of $80,000 by Defendant under the contract and Plaintiff has been damaged in said amount by Defendant's breach.

4.      Plaintiff is entitled to prejudgment interest on this liquidated sum at the statutory rate of seven percent (7%) per annum.

5.      Judgment shall be entered in Plaintiff's favor consistent herewith (*).

Dated: . . . . . . . . . . .

_____
United States District Judge

(*)  A separate "Proposed Judgment" must be served and lodged with the court. (See CD CA Rule 7.14.1)

Exhibit 1

0011

7

[FORM 14:D]

## STATEMENT OF GENUINE ISSUES
## IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
### (Required in California Central District)

```
 1   .................................
 2   .................................
 3   .................................
 4
 5   Attorneys for ....................
 6
 7
 8              UNITED STATES DISTRICT COURT
 9          .......... DISTRICT OF CALIFORNIA
10
11  .....................................)   No.: .....................
12                                        )
                Plaintiff,                )   STATEMENT OF GENUINE ISSUES IN
13  vs.                                   )   OPPOSITION TO MOTION FOR SUMMARY
                                          )   JUDGMENT (Central District)
14  ......................................)   Date:  ........................
                                          )   Time:  ........................
15                Defendant.              )   Place: ........................
                                          )
16                                        )
17       (Plaintiff/defendant) ..................... submits this statement
18  of genuine issues pursuant to Central District of California Local Rule 7.14.2 in
19  opposition to the motion for summary judgment herein filed by ...................
20       Facts 1 through ........ below correspond to the facts and supporting
21  evidence presented in the Statement of Uncontroverted Facts filed by the moving
22  party.  These facts are followed by additional material facts and supporting
23  evidence showing a genuine issue.
24    MOVING PARTY'S ALLEGED              RESPONSE TO OPPOSITION
25    UNCONTROVERTED FACTS
26  1.  (Copy from moving party's        1.  Plaintiff agrees this is
27      statement)                           undisputed.
28  /////
```

Exhibit 2

00111

EXHIBIT 7

[FORM 14:D]

## STATEMENT OF GENUINE ISSUES
## IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
### (Required in California Central District)

```
 1   ...............................
 2   ...............................
 3   ...............................
 4
 5   Attorneys for ...................
 6
 7
 8           UNITED STATES DISTRICT COURT
 9         ......... DISTRICT OF CALIFORNIA
10
11   ..............................)   No.: ...................
12                  Plaintiff,     )   STATEMENT OF GENUINE ISSUES IN
                                   )   OPPOSITION TO MOTION FOR SUMMARY
13   vs.                           )   JUDGMENT (Central District)
                                   )
14   ..............................)   Date: ..........................
                                   )   Time: ..........................
15                  Defendant.     )   Place: .........................
                                   )
16                                 )
17        (Plaintiff/defendant) ..................... submits this statement
18   of genuine issues pursuant to Central District of California Local Rule 7.14.2 in
19   opposition to the motion for summary judgment herein filed by ..................
20        Facts 1 through ........ below correspond to the facts and supporting
21   evidence presented in the Statement of Uncontroverted Facts filed by the moving
22   party.  These facts are followed by additional material facts and supporting
23   evidence showing a genuine issue.
24   MOVING PARTY'S ALLEGED              RESPONSE TO OPPOSITION
25   UNCONTROVERTED FACTS
26   1.  [Copy from moving party's     1.  Plaintiff agrees this is
27       statement]                        undisputed.
28   :////
```

Exhibit 2

00111

EXHIBIT 7

8

M. RANDALL OPPENHEIMER (S.B. #77649)
DIANA M. TORRES (S.B. #162284)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Applicant-Intervenor
MGA ENTERTAINMENT, INC.

*SEND*

FILED
CLERK, U.S. DISTRICT COURT

DEC - 7 2004

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CARTER BRYANT, an individual; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. CV 04-9059 NM (RNBx)<br><br>**STIPULATION PERMITTING MGA TO INTERVENE AS A PARTY TO THIS ACTION** *ORDER*<br><br>Hon. Nora Manella |

DOCKETED ON CM

DEC - 8 2004      006

BY

34

00113

STIPULATION PERMITTING MGA TO
INTERVENE AS A PARTY

1    WHEREAS, on April 27, 2004, Plaintiff Mattel, Inc. ("Mattel") filed suit

2  against Carter Bryant ("Bryant") and ten unnamed "Does" alleging breach of

3  contract, breach of the duty of loyalty, breach of fiduciary duty, conversion and

4  unjust enrichment.

5    WHEREAS, MGA, believes, at this time, that it has a significantly

6  protectable interest relating to the subject matter of the action, that the disposition

7  of the action may impair or impede MGA's ability to protect its interest absent

8  intervention, and that MGA's interest is not adequately represented by the existing

9  parties.

10    WHEREAS, Mattel is agreeable to the filing of the Answer in Intervention as

11 a procedural matter pursuant to this Stipulation, without waiver of, or prejudice to,

12 its rights, defenses or positions in this or any other action or to the Answer in

13 Intervention, including without limitation to Mattel's jurisdictional objections;

14    WHEREAS, Bryant is agreeable to the filing of the Answer in Intervention as

15 a procedural matter pursuant to this Stipulation, without waiver of, or prejudice to,

16 his rights, defenses or positions in this or any other action;

17    NOW THEREFORE, MGA, Mattel and Bryant hereby stipulate, subject to

18 this Court's approval, as follows:

19    1.    MGA may intervene as a party to this action; and

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

-1-

EXHIBIT _8_ PAGE __

00114

2.    MGA shall be permitted to file its Answer in Intervention, lodged concurrently with this Stipulation.

Dated:        December 3, 2004       O'MELVENY & MYERS LLP

                                      By:
                                          Diana M. Torres
                                      Attorneys for Applicant-Intervenor
                                      MGA ENTERTAINMENT, INC.


Dated:        December___, 2004       QUINN EMANUEL URQUHART
                                      OLIVER & HEDGES LLP


                                      By:
                                          Michael T. Zeller
                                      Attorneys for Plaintiff
                                      MATTEL, INC.


Dated:        December___, 2004       LITTLER MENDELSON, P.C.


                                      By:
                                          Keith A. Jacoby
                                      Attorneys for Defendant
                                      CARTER BRYANT

IT IS SO ORDERED.


Dated:        December___, 2004

                                          Hon. Nora M. Manella
                                          United States District Judge

00115

- 2 -.

EXHIBIT ___ PAGE ___

2.     MGA shall be permitted to file its Answer in Intervention, lodged concurrently with this Stipulation.

Dated:      December___, 2004     O'MELVENY & MYERS LLP


By:_____
        Diana M. Torres
     Attorneys for Applicant-Intervenor
     MGA ENTERTAINMENT, INC.


Dated:      December___, 2004     QUINN EMANUEL URQUHART
                                  OLIVER & HEDGES LLP


By:_____
        Michael T. Zeller
     Attorneys for Plaintiff
     MATTEL, INC.


Dated:      December___, 2004     LITTLER MENDELSON, P.C.


By:_____
        Keith A. Jacoby
     Attorneys for Defendant
     CARTER BRYANT

IT IS SO ORDERED.


Dated:      December___, 2004

                                  _____
                                  Hon. Nora M. Manella
                                  United States District Judge

- 2 -

EXHIBIT___ PAGE___

2.    MGA shall be permitted to file its Answer in Intervention, lodged concurrently with this Stipulation.

Dated:      December____, 2004       O'MELVENY & MYERS LLP

                                     By:_____
                                         Diana M. Torres
                                     Attorneys for Applicant-Intervenor
                                     MGA ENTERTAINMENT, INC.

Dated:      December____, 2004       QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES LLP

                                     By:_____
                                         Michael T. Zeller
                                     Attorneys for Plaintiff
                                     MATTEL, INC.

Dated:      December 3, 2004         LITTLER MENDELSON, P.C.

                                     By:_____
                                         Keith A. Jacoby
                                     Attorneys for Defendant
                                     CARTER BRYANT

IT IS SO ORDERED.

Dated:      December 7th, 2004       _____
                                         Hon. Nora M. Manella
                                     United States District Judge

- 2 -

00117

EXHIBIT ___

**9**



ORIGINAL

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
     Tania Krebs (Bar No. 227281)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017
4  Telephone:  (213) 443-3000
   Facsimile:  (213) 443-3100
5
   Attorneys for Plaintiff
6  Mattel, Inc.

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10

11  MATTEL, INC., a Delaware corporation,        )   CASE NO. BC314398
                                                 )
12                      Plaintiff,               )
                                                 )   Judge: Hon. Gregory W. Alarcon
13                                               )   Department: 36
                                                 )
14          v.                                   )
                                                 )   STIPULATION FOR PROTECTION
15  CARTER BRYANT, an individual; and            )   OF CONFIDENTIAL
    DOES 1 through 10, inclusive,                )   INFORMATION; AND [PROPOSED]
16                                               )   PROTECTIVE ORDER
                                                 )
17                      Defendants.              )   Filing Date:    April 27, 2004
                                                 )   Trial Date:     None Set
18                                               )

19

20

21

22

23

24

25

26

27

28

07209/602858.2

STIPULATION AND PROTECTIVE ORDER

## GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel") and defendant Carter Bryant are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel and Carter Bryant are each hereinafter a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendant disputes, that defendant worked for and otherwise aided and assisted a Mattel competitor while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

Each Party believes that it or he will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel operating as a manufacturer and marketer of dolls, toys and other products and defendant working at this time as a contractor for a Mattel competitor, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)    Personnel files and other private or confidential employment, contractor or vendor information;

(2)    The specific terms of agreements with, and information received from, third parties that a Party is required to disclose only under conditions of confidentiality;

07209/602858.2

-2-

1         (3)    Personal or private financial information, and confidential financial data

2  that is not known generally to the trade or to competitors, including financial data relating

3  to specific sales, cost and profit information for specific products and product lines; and

4         (4)    Business plans and product information that are not known generally

5  to the trade or to competitors, including non-public information relating to product

6  development and design.

7

8         WHEREFORE, believing that good cause exists, the Parties HEREBY

9  STIPULATE that, subject to the Court's approval, the following procedures shall be

10  followed in this Action to facilitate the orderly and efficient discovery of relevant

11  information while minimizing the potential for unauthorized disclosure or use of

12  confidential or proprietary information:

13

14                   SCOPE OF THIS ORDER

15

16         1.    This Protective Order shall apply to trade secret, confidential and

17  proprietary information, documents and things that are produced or disclosed in any form

18  during the course of the Action by any Party or any nonparty:

19         (a)    through discovery;

20         (b)    in any pleading, document or other writing; or

21         (c)    in testimony given at a deposition.

22  (The foregoing information, documents and things shall be referred to hereinafter

23  collectively as "Litigation Materials.")

24

25

26

27

28

EXHIBIT ____

<u>CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION</u>

2.      Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below. The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature. The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

<u>MANNER OF DESIGNATION OF MATERIALS</u>

3.      A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

       (a)    <u>Documents or Things</u>.    "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be obtained by

typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

     (b)  <u>Interrogatory Answers and Responses to Requests for Admissions</u>. In answering any interrogatory or request for admission, or any part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

     (c)  <u>Deposition Testimony</u>. Any Party or nonparty giving deposition testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired, the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or alternatively by designating the entire testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after receipt of the transcript of the testimony. The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." A Party or nonparty also may make the above-referenced designation of confidentiality

07209/602858.2

-5-

in writing and within fourteen (14) calendar days of the receipt by said Party or nonparty of the transcript of said testimony. In that event, said portion of the transcript will be treated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of this Protective Order, except that it will not be separately bound. If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to paragraphs 5 and 6 hereof shall be excluded from the room in which the deposition testimony is given. Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of the transcript by counsel for the designating Party or nonparty. The Party or nonparty designating the testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen (14) calendar day period described above, specifically designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously designated as such, by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information. Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control. Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

STIPULATION AND PROTECTIVE ORDER

(d)   Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall have the effect of designing the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)   Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall be fully subject to this Protective Order. No Party shall incur liability for any disclosures made prior to notice of such designation, except to the extent that any such disclosures occurred prior to the seven (7) day period described above or prior to such other time periods as are provided by this Protective Order, including without limitation such time periods as are provided in Paragraph 3(c) above.

-7-

## RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

4.     Any Litigation Materials produced or disclosed in this Action, whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such information for purposes of litigation and not for any other purpose, including without limitation for any business or trade purpose. As used herein, the term "litigation" shall mean preparation for, participation in and prosecution and defense of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in connection with any mediation or other alternative dispute resolution procedure that this or any other court may order or that the Parties may agree to.

5.     Subject to Paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

(a)     the attorneys for the Parties and their partners, shareholders, associates, document clerks and paralegals who are necessary to assist such attorneys;

(b)     secretaries, stenographers and other office or clerical personnel employed by said attorneys and who are necessary to assist such attorneys;

(c)     a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)     such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

07209/602858.2

-8-

STIPULATION AND PROTECTIVE ORDER

00126

(g)     professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)     non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it.  If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (i) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (ii) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

6.    Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)    the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)    secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

-9-

00117

(c)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)     such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

(g)     professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators.

7.     None of the following is bound by or obligated under this Order in any respect and specifically are not bound or obligated to treat information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in any particular manner: The Court hearing this Action (including the Court having jurisdiction of any appeal), Court personnel, court reporters working for the Court, translators working for the Court, or any jury impaneled in this Action.

8.     Other than those identified in Paragraph 7 above, each person to whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this Protective Order and agree to be bound by it before disclosure to such persons of any such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall not have access to either "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, as the case may be, until they have certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Assurance of

STIPULATION AND PROTECTIVE ORDER

00126

1    Compliance attached hereto as Exhibit A.  Once a person has executed such an Assurance
2    of Compliance, it shall not be necessary for that person to sign a separate Assurance of
3    Compliance each time that person is subsequently given access to confidential material.

4           9.      The failure of any Party to object to the designation of information as
5    "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be
6    deemed an admission that such information qualifies for such designation.

7           10.     If any Party wishes to have any information, document or testimony
8    marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by
9    another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL --
10   ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty
11   or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty
12   or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties
13   may apply to the Court to resolve the matter in accordance with the <u>California Code of Civil</u>
14   <u>Procedure</u> and <u>California Rules of Court</u>.  Unless and until this Court enters an Order
15   changing the designation of the information, it shall be afforded the treatment prescribed in
16   this Protective Order for its designation.

17          11.     Nothing contained in this Protective Order shall restrict or prevent any
18   Party or nonparty from disclosing or otherwise using its or his own Litigation Materials
19   which that Party or nonparty produces or discloses in this action.

20          12.     The inadvertent or unintentional disclosure by a producing Party or
21   nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"
22   Litigation Materials during the course of this litigation, regardless of whether the
23   information was so designated at the time of disclosure, shall not be deemed a waiver in
24   whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific
25   information disclosed or as to any other information relating thereto or on the same or
26   related subject matter. Counsel for the Parties and/or nonparties shall in any event, to the
27   extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality
28

07209/602858.2

-11-

1  of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material

2  that was inadvertently or unintentionally disclosed.

3      13.   If a Party or nonparty through inadvertence produces or provides

4  discovery that it, he or she believes is subject to a claim of attorney-client privilege or work

5  product immunity, the producing Party or nonparty may give written notice to the receiving

6  Party that the document is subject to a claim of attorney-client privilege or work product

7  immunity and request that the document be returned to the producing Party or nonparty. The

8  receiving Party shall return to the producing Party or nonparty all copies of such document.

9  Return of the document by the receiving Party shall not constitute an admission or

10  concession, or permit any inference, that the returned document is, in fact, properly subject

11  to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any

12  Party from moving the Court for an Order that such document has been improperly

13  designated or should be producible for reasons other than a waiver caused by the inadvertent

14  production.

15      14.   Nothing contained in this Protective Order shall affect the right of any

16  Party or nonparty to make any objection, claim any privilege, or otherwise contest any

17  request for production of documents, interrogatory, request for admission, or question at a

18  deposition or to seek further relief or protective orders from the Court in accordance with

19  the California Code of Civil Procedure, California Rules of Court or other applicable law.

20  Nothing in this Protective Order shall constitute an admission or waiver of any claim or

21  defense by any Party.

22

23      FILING AND USE IN COURT OF DESIGNATED MATERIALS

24

25      15.   All documents filed with the Court and designated as containing

26  designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

27  information shall be filed in a sealed envelope (or other appropriate sealed container) which

28  shall be endorsed with the title of the action, the words "CONFIDENTIAL

07209/602858.2                          -12-
                            STIPULATION AND PROTECTIVE ORDER

1  INFORMATION" and/or "HIGHLY CONFIDENTIAL INFORMATION" and/or "UNDER

2  SEAL" and a statement in substantially the following terms:

3           "This envelope contains [indication of the nature of the contents] which were

4           filed in this Action: Mattel, Inc. v. Carter Bryant, Case No. BC314398,

5           Superior Court of the State of California for the County of Los Angeles, by

6           [name of party], and is not to be opened or the contents thereof to be displayed

7           or revealed, except by further order of the Court."

8  Upon the default of a Party to file a document containing such "CONFIDENTIAL" or

9  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any Party (or

10 nonparty who had disclosed such "CONFIDENTIAL" or "CONFIDENTIAL --

11 ATTORNEYS' EYES ONLY" information) may subsequently designate to the Clerk that

12 the document should be so maintained.

13

14           <u>THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS</u>

15

16           16.   If any Party or nonparty receives a subpoena or document request from a

17 third party which purports to require the production of materials in that Party's possession

18 which have previously been designated as "CONFIDENTIAL" or "CONFIDENTIAL --

19 ATTORNEYS' EYES ONLY" by any other Party or nonparty, the Party or nonparty

20 receiving such subpoena or document request (a) shall object and refuse to produce

21 documents absent a Court Order or the consent of the Party or nonparty who designated the

22 materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY",

23 (b) immediately notify the Party or nonparty who designated the materials as

24 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" of the receipt

25 of said subpoena or document request, and (c) shall not oppose any effort by the Party or

26 nonparty which designated the material as "CONFIDENTIAL" or "CONFIDENTIAL --

27 ATTORNEYS' EYES ONLY" to quash the subpoena or obtain a protective order limiting

28

07209/602858.2                              -13-

1  discovery of such material. In any event, such materials shall be produced pursuant to such

2  subpoena or document request only under reasonable conditions of confidentiality.

3

4  <u>DISCOVERY FROM NONPARTIES</u>

5

6      17.    Discovery of nonparties may involve receipt of information, documents,

7  things or testimony which include or contain "CONFIDENTIAL" or "CONFIDENTIAL --

8  ATTORNEYS' EYES ONLY" materials or information.  A nonparty producing such

9  material in this case may designate as "CONFIDENTIAL" or "CONFIDENTIAL --

10  ATTORNEYS' EYES ONLY" some or all of the material it produces in the same manner

11  provided for in this Protective Order with respect to material furnished by or on behalf of

12  the Parties. Any Party may also designate as "CONFIDENTIAL" or "CONFIDENTIAL --

13  ATTORNEYS' EYES ONLY" any materials or information produced by a nonparty that

14  constitute "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

15  material of the designating Party under Paragraph 2 of this Protective Order, regardless of

16  whether the producing nonparty has also so designated.  In addition, a nonparty may also

17  designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

18  any materials or information produced by a Party that constitute "CONFIDENTIAL" or

19  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such

20  nonparty under Paragraph 2 of this Protective Order, regardless of whether the producing

21  Party has also so designated.  In either such an event, the designation providing for the

22  greater level of protection for the material information shall control, subject to Paragraph

23  10 of this Protective Order.  Nonparty materials designated "CONFIDENTIAL" or

24  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a nonparty or Party shall be

25  governed by the terms of this Protective Order.

26

27

28

-14-

001 2

## CONCLUSION OF LITIGATION

18.     Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession.  In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties.  Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order.  This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.     The provisions of this Stipulation and Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court.  In

07209/602858.2

STIPULATION AND PROTECTIVE ORDER

00103

Received: 9/13/04 6:22PM;    310 553 5583 -> JetFax M920;   Page 3

SEP-13-2004 18:05 FROM:LITTLE   DELSON    310 553 5583                              P.3/3

1  addition, a Party may at any time apply to the Court for modification of this Stipulation and

2  Protective Order pursuant to a motion brought in accordance with the rules of the Court.

3

4              IT IS SO STIPULATED.

5

6  DATED: September *13*, 2004

7                                    QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES, LLP
8

9                                    By _____
10                                      Michael T. Zeller
                                        Attorneys for Plaintiff
11                                      Mattel, Inc.

12  DATED: September *13*, 2004

13

14                                   LITTLER MENDELSON

15                                   By _____
16                                      Douglas A. Wickham
                                        Attorneys for Defendant
17                                      Carter Bryant

18                **ORDER**

19

20         Good cause appearing therefor, IT IS SO ORDERED.

21

22  DATED: __9/16__, 2004

23

24                                   _____
                                     The Honorable Gregory W. Alarcon
25                                   Los Angeles Superior Court

26

27

28

07209/ProtectiveOrder_v2.wpd            -16-
                                              STIPULATION AND PROTECTIVE ORDER

00134

## EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulation for Protection of Confidential Information and Protective Order ("Protective Order"), dated September ___, 2004 in the action entitled *Mattel, Inc. v. Carter Bryant*, Case No. BC314398, which currently is pending in the Superior Court of the State of California for the County of Los Angeles; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the Superior Court of the State of California for the County of Los Angeles for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

07209/602858.2

-17-

STIPULATION AND PROTECTIVE ORDER
EXHIBIT __ __

001__

# PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On September 14, 2004, I served the foregoing document described as STIPULATION FOR PROTECTION OF CONFIDENTIAL INFORMATION; AND [PROPOSED] PROTECTIVE ORDER on  all interested parties in this action.

> **Robert F. Millman, Esq.**
> **Douglas A. Wickham, Esq.**
> **Littler Mendelson**
> **A Professional Corporation**
> 2049 Century Park East, 5th Floor
> Los Angeles, California 90067-3107
> Phone: 310-553-0308
> Fax: 310-553-5583

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[X]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[X]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on September 14, 2004, at Los Angeles, California.

[X ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Maria Albert
Print Name                                    Signature

00136

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulation for Protection of Confidential Information and Protective Order ("Protective Order"), dated September ___, 2004 in the action entitled *Mattel, Inc. v. Carter Bryant,* Case No. BC314398, which currently is pending in the Superior Court of the State of California for the County of Los Angeles; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the Superior Court of the State of California for the County of Los Angeles for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

001 7

07209/602858.2

-17-

STIPULATION AND PROTECTIVE ORDER

**PROOF OF SERVICE**
1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA )**
**COUNTY OF LOS ANGELES )**

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On September 14, 2004, I served the foregoing document described as STIPULATION FOR PROTECTION OF CONFIDENTIAL INFORMATION; AND [PROPOSED] PROTECTIVE ORDER on all interested parties in this action.

**Robert F. Millman, Esq.**
**Douglas A. Wickham, Esq.**
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
Fax: 310-553-5583

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

**[X]   BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[X]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on September 14, 2004, at Los Angeles, California.

[X ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Maria Albert
Print Name                                         Signature

EXHIBIT 4

00138

10

# O'MELVENY & MYERS LLP

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407

## FAX TRANSMITTAL

**DATE & TIME:**
August 12, 2004

**TOTAL NUMBER OF PAGES:**
2

**TO:**
Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP

**FAX NUMBER:**
213-624-0643

**TELEPHONE NUMBER:**
213-443-3000

**FROM:**
Diana M. Torres

**RETURN FAX NUMBER:**
(213) 430-6407

**TELEPHONE NUMBER:**
(213) 430-6556

## MESSAGE

**IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL OUR FAX DEPARTMENT AT (213) 430-6357.**

| | | | |
|---|---|---|---|
| **FILE NO.:** | 600000-3 | **RETURN ORIGINAL TO:** | Mila Sucgang |
| **USER NO.:** | 08350 | **EXTENSION:** | 6473 |
| **RESPONSIBLE ATTY NAME:** | Diana M. Torres | **LOCATION:** | 15th floor |
| **SPECIAL INSTRUCTIONS:** | | | |

This document is intended for the exclusive use of the addressee. It may contain privileged, confidential, or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.

00139

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

August 11, 2004

BY FACSIMILE

Diana M. Torres
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071-2899

Mattel v. Bryant

Dear Diana:

Thank you for your letter earlier today.

This will confirm that Mattel is agreeable to MGA's outside counsel attending Mr. Bryant's deposition, which is scheduled for next Tuesday.

Since it is likely that Mr. Bryant will be asked questions eliciting, and shown documents revealing, at least some information that Mattel has designated or will be designating as "Confidential" or "Attorney's Eyes Only" under the Protective Order, and since MGA has not signed the Protective Order, I would appreciate your confirmation that MGA agrees to be bound by its terms.

For your convenience, I have included a space below for your countersignature manifesting MGA's agreement. If this is acceptable to you, please sign and return this letter to me. If this is not acceptable, please give me a call, and we can discuss how to best resolve any issues in advance of the deposition.

Also, at some point, while we are attempting to sort out the issues regarding MGA's planned intervention, you and I should discuss revising the Protective Order so that MGA is an express party to it.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212 702 8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-650-4200 FAX 650-650-4300
PALO ALTO | 44-051 Madison Drive, Suite 2, Indian Wells, California 92210 | TEL 760-345-3715 FAX 760-345-3714
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

Thanks in advance.

Very truly yours,

*Michael T. Zeller*

Michael T. Zeller

## Agreement

MGA Entertainment Inc. and its outside counsel of record, O'Melveny & Myers LLP, hereby agree to be bound by the Stipulated Protective Order in *Mattel, Inc. v. Carter Bryant*, including without limitation with respect to information and materials designated by Mattel, Inc. as "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Protective Order.

ACCEPTED AND AGREED TO:

Diana M. Torres, Esq.
On behalf of MGA Entertainment Inc.
and O'Melveny & Myers LLP

2

**11**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

<br>

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MATTEL, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>CARTER BRYANT, an individual; and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. CV 04-9059 NM (RNBx)<br><br>STIPULATED PROTECTIVE ORDER; AND<br><br>[PROPOSED] ORDER<br><br>[Discovery Matter] |
| CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public,<br><br>    Counter-Claimant,<br><br>  v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>    Counter-Defendant. |  |

EXHIBIT 11 PAGE ___

07272/625581.2

PROTECTIVE ORDER



## GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)    Personnel files and other private or confidential employment, contractor or vendor information;

00140

EXHIBIT \_\_\_ PAGE \_\_\_

17272/625581.2

PROTECTIVE ORDER

1    (2)    The specific terms of agreements with, and information received
2  from, third parties that a Party is required to disclose only under conditions of
3  confidentiality;

4    (3)    Personal or private financial information, and confidential
5  financial data that is not known generally to the trade or to competitors, including
6  financial data relating to specific sales, cost and profit information for specific
7  products and product lines; and

8    (4)    Business plans and product information that are not known
9  generally to the trade or to competitors, including non-public information relating to
10  product development and design.

11

12    WHEREFORE, believing that good cause exists, the Parties HEREBY
13  STIPULATE that, subject to the Court's approval, the following procedures shall be
14  followed in this Action to facilitate the orderly and efficient discovery of relevant
15  information while minimizing the potential for unauthorized disclosure or use of
16  confidential or proprietary information:

17

18    <u>SCOPE OF THIS ORDER</u>

19

20    1.    This Protective Order shall apply to trade secret, confidential and
21  proprietary information, documents and things that are produced or disclosed in any
22  form during the course of the Action by any Party or any nonparty:

23    (a)    through discovery;
24    (b)    in any pleading, document or other writing; or
25    (c)    in testimony given at a deposition.

26  (The foregoing information, documents and things shall be referred to hereinafter
27  collectively as "Litigation Materials.")

28

0014

EXHIBIT __ PAGE ____

**CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION**

2.    Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.  The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.  The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.  Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

**MANNER OF DESIGNATION OF MATERIALS**

3.    A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

    (a)   Documents or Things.   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

-4-

EXHIBIT \_\_ PAGE \_\_

PROTECTIVE ORDER

)7272/625581.2

obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

(b) <u>Interrogatory Answers and Responses to Requests for Admissions</u>. In answering any interrogatory or request for admission, or any part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c) <u>Deposition Testimony</u>. Any Party or nonparty giving deposition testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired, the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or alternatively by designating the entire testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after receipt of the transcript of the testimony. The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

EXHIBIT ___

07272/625581.2

PROTECTIVE ORDER

A Party or nonparty also may make the above-referenced designation of confidentiality in writing and within fourteen (14) calendar days of the receipt by said Party or nonparty of the transcript of said testimony. In that event, said portion of the transcript will be treated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of this Protective Order, except that it will not be separately bound. If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to paragraphs 5 and 6 hereof shall be excluded from the room in which the deposition testimony is given. Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of the transcript by counsel for the designating Party or nonparty. The Party or nonparty designating the testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen (14) calendar day period described above, specifically designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously designated as such, by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information. Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control. Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

EXHIBIT ___ PAGE ___

-6-

07272/625581.2

PROTECTIVE ORDER

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)    Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)    Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

00140

EXHIBIT 11 PAGE

07272/625581.2

PROTECTIVE ORDER

be fully subject to this Protective Order. No Party shall incur liability for any disclosures made prior to notice of such designation, except to the extent that any such disclosures occurred prior to the seven (7) day period described above or prior to such other time periods as are provided by this Protective Order, including without limitation such time periods as are provided in Paragraph 3(c) above.

## RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

4.      Any Litigation Materials produced or disclosed in this Action, whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such information for purposes of litigation and not for any other purpose, including without limitation for any business or trade purpose.  As used herein, the term "litigation" shall mean preparation for, participation in and prosecution and defense of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in connection with any mediation or other alternative dispute resolution procedure that this or any other court may order or that the Parties may agree to.

5.      Subject to Paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

(a)     the attorneys for the Parties and their partners, shareholders, associates, document clerks and paralegals who are necessary to assist such attorneys;

(b)     secretaries, stenographers and other office or clerical personnel employed by said attorneys and who are necessary to assist such attorneys;

00140

EXHIBIT 11 PAGE ___

-8-

(c)   a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)   the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)   such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)   outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)   professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)   independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)   non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

00150

EXHIBIT

07272/625581.2

PROTECTIVE ORDER

6.    Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)    the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)    secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)    the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)    such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)    outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)    independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

07272/625581.2

PROTECTIVE ORDER

(g)   professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators.

7.     None of the following is bound by or obligated under this Order in any respect and specifically are not bound or obligated to treat information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in any particular manner: The Court hearing this Action (including the Court having jurisdiction of any appeal), Court personnel, court reporters working for the Court, translators working for the Court, or any jury impaneled in this Action.

8.     Other than those identified in Paragraph 7 above, each person to whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this Protective Order and agree to be bound by it before disclosure to such persons of any such information.  The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall not have access to either "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, as the case may be, until they have certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Assurance of Compliance attached hereto as Exhibit A.  Once a person has executed such an Assurance of Compliance, it shall not be necessary for that person to sign a separate Assurance of Compliance each time that person is subsequently given access to confidential material.  Any person who signed an Assurance of Compliance in connection with the Stipulation for Protection of Confidential Information and Protective Order filed September 16, 2004 in <u>Mattel Inc. v. Bryant</u>, Case No. BC 314398, pending in Los Angeles County Superior Court, need not re-sign the Assurance of Compliance attached hereto but shall, by virtue of his or her prior signature, be deemed to have signed the attached Assurance of Compliance.

00152

EXHIBIT ⊥⊥

07272/625581.2

PROTECTIVE ORDER

9.    The failure of any Party to object to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

10.    If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the <u>Local Rules</u>.  Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11.    Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12.    The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

EXHIBIT ___ ___