13.     If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty.  The receiving Party shall promptly return to the producing Party or nonparty the inadvertedly disclosed document and all copies of such document.  Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14.     Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

## FILING AND USE IN COURT OF DESIGNATED MATERIALS

15.     Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

-13-

PROTECTIVE ORDER

1   Rule may be amended from time to time.  Prior to the time that a Party receiving the

2   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

3   information from any other Party files with the Court an application and the other

4   materials required by Local Rule 79-5.1, as such Rule may be amended from time to

5   time, to seal the producing Party's confidential information, the receiving Party shall

6   consult with the producing Party's attorney to determine whether the producing Party

7   will re-designate the previously designated confidential information so as to avoid the

8   need for the request to file such information under the seal.  Upon the default of a

9   Party to seek the Court's approval to file a document containing "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any

11  Party may subsequently seek the approval of the Court to file that document under

12  seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule

13  may be amended from time to time.

14

15  ### THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS

16

17         16.    If any Party or nonparty receives a subpoena or document request

18  from a third party which purports to require the production of materials in that Party's

19  possession which have previously been designated as "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,

21  the Party or nonparty receiving such subpoena or document request (a) shall object

22  and refuse to produce documents absent a Court Order or the consent of the Party or

23  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL

24  -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who

25  designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --

26  ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,

27  and (c) shall not oppose any effort by the Party or nonparty which designated the

28  material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

-14-

PROTECTIVE ORDER

1  ONLY" to quash the subpoena or obtain a protective order limiting discovery of such
2  material.

### DISCOVERY FROM NONPARTIES

6        17.    Discovery of nonparties may involve receipt of information,
7  documents, things or testimony which include or contain "CONFIDENTIAL" or
8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information.  A
9  nonparty producing such material in this case may designate as "CONFIDENTIAL"
10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it
11  produces in the same manner provided for in this Protective Order with respect to
12  material furnished by or on behalf of the Parties.  Any Party may also designate as
13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any
14  materials or information produced by a nonparty that constitute "CONFIDENTIAL"
15  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating
16  Party under Paragraph 2 of this Protective Order, regardless of whether the producing
17  nonparty has also so designated.  In addition, a nonparty may also designate as
18  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any
19  materials or information produced by a Party that constitute "CONFIDENTIAL" or
20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such
21  nonparty under Paragraph 2 of this Protective Order, regardless of whether the
22  producing Party has also so designated.  In either such an event, the designation
23  providing for the greater level of protection for the material information shall control,
24  subject to Paragraph 10 of this Protective Order.  Nonparty materials designated
25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a
26  nonparty or Party shall be governed by the terms of this Protective Order.

00156

07272/625581.2

PROTECTIVE ORDER

## CONCLUSION OF LITIGATION

18.     Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession.  In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties.  Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order.  This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.     The provisions of this Stipulation and Protective Order may be  modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

00157

EXHIBIT

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4      **IT IS SO STIPULATED.**

5

6  DATED: December 22, 2004          QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES, LLP
7

8                                    By _Jon Corey_____
9                                       Jon Corey
                                        Attorneys for Plaintiff
10                                      Mattel, Inc.

11 DATED: December __, 2004          LITTLER MENDELSON
12

13                                   By_____
                                        Douglas A. Wickham
14                                      Attorneys for Defendant
                                        Carter Bryant
15

16 DATED: December __, 2004          O'MELVENY & MEYERS, LLP
17

18                                   By_____
                                        Diana M. Torres
19                                      Attorneys for Interventor-Defendant
                                        MGA Entertainment, Inc.

20

21      **IT IS SO ORDERED.**
22

23

24 DATED: _____           _____
                                     THE HONORABLE ROBERT N. BLOCK
                                     United States Magistrate Judge
25

26

27                                                          00156

28
                                     EXHIBIT __ PAGE ___

07272/625581.2                       -17-
                                                  PROTECTIVE ORDER

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4      **IT IS SO STIPULATED.**

5

6  DATED: December ___, 2004          QUINN EMANUEL URQUHART
                                      OLIVER & HEDGES, LLP

7

8                                     By _____
                                        Jon Corey
9                                       Attorneys for Plaintiff
                                        Mattel, Inc.
10

11  DATED: December 21, 2004          LITTLER MENDELSON

12                                     By _____
13                                       Douglas A. Wickham
                                         Attorneys for Defendant
14                                       Carter Bryant

15

16  DATED: December ___, 2004          O'MELVENY & MEYERS, LLP

17                                     By _____
                                         Diana M. Torres
18                                       Attorneys for Interventor-Defendant
                                         MGA Entertainment, Inc.
19

20

21      **IT IS SO ORDERED.**

22

23  DATED: _____            _____
24                                     THE HONORABLE ROBERT N. BLOCK
                                       United States Magistrate Judge
25

26

27

28

                              -17-

07272/625581.2                                    PROTECTIVE ORDER

                                                              00150

EXHIBIT 11

1   Stipulation and Protective Order pursuant to a motion brought in accordance with the

2   rules of the Court.

3

4       IT IS SO STIPULATED.

5

6   DATED: December __, 2004        QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES, LLP

7

8                                    By_____
                                       Jon Corey
9                                      Attorneys for Plaintiff
                                       Mattel, Inc.
10

11  DATED: December __, 2004        LITTLER MENDELSON

12

13                                   By_____
                                       Douglas A. Wickham
14                                     Attorneys for Defendant
                                       Carter Bryant
15

16  DATED: December __, 2004        O'MELVENY & MEYERS, LLP

17                                   By_____
                                       Diana M. Torres
18                                     Attorneys for Intervenor-Defendant
                                       MGA Entertainment, Inc.
19

20

21      IT IS SO ORDERED.

22

23  DATED: _____          _____
                                     THE HONORABLE ROBERT N. BLOCK
24                                   United States Magistrate Judge

25

26

27

28

07272/625581.2                          -17-
                                                        PROTECTIVE ORDER

00160

EXHIBIT

## EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel. Inc. v. Carter Bryant,* Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

0010

EXHIBIT ___ PAGE

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA** )
**COUNTY OF LOS ANGELES** )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 22, 2004, I served the foregoing document described as

**STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

on all interested parties in this action:

### SEE ATTACHED SERVICE LIST

[ ] By placing [ ] the original [ X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ] **BY MAIL**

[ ] I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ] **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on December 22, 2004, at Los Angeles, California.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Ivana Maiorano
Print Name

Signature

0016

EXHIBIT 11

Robert F. Millman, Esq.
Douglas A. Wickham, Esq.
Keith A. Jacoby, Esq.
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
Fax: 310-553-5583

Diana M. Torres, Esq.
O'Melveney & Meyers
400 S. Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407

Daniel J. Warren, Esq.
Sutherland, Asbill & Brennan
999 Peachtree Street NE
Atlanta, GA  30309-3996
Phone: 404-853-8698
Fax: 404-853-8806

- 2 -

EXHIBIT ___ PAGE ___

0016

12

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2      Michael T. Zeller (Bar No. 196417)
    865 South Figueroa Street, 10th Floor
3   Los Angeles, California  90017-2543
    Telephone: (213) 443-3000
4   Facsimile: (213) 443-3100

5   Attorneys for Plaintiff
    Mattel, Inc.

6

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      WESTERN DIVISION

11

12  MATTEL, INC., a Delaware          )   Case No. CV 04-3431 NM (RNBx)
    corporation,                      )
13                                    )
                  Plaintiff,          )   PLAINTIFF MATTEL, INC.'S
14                                    )   FIRST SET OF REQUESTS FOR
          v.                          )   THE PRODUCTION OF
15                                    )   DOCUMENTS AND TANGIBLE
    CARTER BRYANT, an individual; and )   THINGS TO DEFENDANT
16  DOES 1 through 10, inclusive,     )   CARTER BRYANT
                                      )
17                Defendants.         )
                                      )

18

19

20

21

22

23

24

25

26                                                    0016

27                                    EXHIBIT 12 PAGE ____

28

02284/588892.2

MATTEL'S DOCUMENT REQUESTS

Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>, plaintiff Mattel, Inc. ("Mattel") hereby requests that defendant Carter Bryant produce the following documents and tangible things within thirty days hereof at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, located at 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543. Defendant shall be obligated to supplement responses to these requests at such times and to the extent required by <u>Rule</u> 26(e) of the <u>Federal Rules of Civil Procedure</u>.

<u>Definitions</u>

1.     "YOU" or "YOUR" means defendant Carter Bryant and any of his current or former agents, representatives, attorneys, employees, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

2.     "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

3.     "BRATZ" means any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Bratz" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

4.     "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

00160

EXHIBIT 12

5. "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

6. "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.   Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

7. "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note,

00160

EXHIBIT 12

1 memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or

2 other medium, including without limitation in written, audio or video form.

3         8.    "PERSON" or "PERSONS" means all natural persons,

4 partnerships, corporations, joint ventures and any kind of business, legal or public

5 entity or organization, as well as its, his or her agents, representatives, employees,

6 officers and directors and any one else acting on its, his or her behalf, pursuant to its,

7 his or her authority or subject to its, his or her control.

8         9.    The singular form of a noun or pronoun includes within its

9 meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of

10 the masculine form of a pronoun also includes within its meaning the feminine form

11 of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also

12 within its meaning all other tenses of the verb so used, whenever such construction

13 results in a broader request for information; and "and" includes "or" and *vice versa*,

14 whenever such construction results in a broader disclosure of documents or

15 information.

16

17                         <u>Instructions</u>

18

19         A.    Unless otherwise specified, these requests call for DOCUMENTS

20 prepared on or after January 1, 1995 through the present. Documents shall be

21 produced in their original file folders, or in lieu thereof, any writing on the file folder

22 from which each such document is taken shall be copied and appended to such

23 document and the person for whom or department, division, or office for which the

24 document or the file folder is maintained shall be identified.

25         B.    In the event that any document called for by these requests is to

26 be withheld on the basis of a claim of privilege or immunity from discovery, that

27 document is to be identified by stating (i) any addressor and addressee; (ii) any

28 indicated or blind copy; (iii) the document's date, subject matter, number of pages,

00167

EXHIBIT ___ PAGE ___

1   and attachments or appendices; (iv) all persons to whom the document was

2   distributed, shown, or explained; (v) its present custodian; and (vi) the nature of the

3   privilege or immunity asserted.

4          C.    In the event that any document called for by these requests has

5   been destroyed or discarded, that document is to be identified by stating: (i) any

6   addressor and addressee; (ii) any indicated or blind copies; (iii) the document's date,

7   subject matter, number of pages, and attachments or appendices; (iv) all persons to

8   whom the document was distributed, shown, or explained; (v) the date of destruction

9   or discard, manner of destruction or discard, and reason for destruction or discard;

10  (vi) the persons who were authorized to carry out such destruction or discard; and

11  (vii) whether any copies of the document presently exist and, if so, the name of the

12  custodian of each copy.

13

14                      Requests for Production

15

16  REQUEST FOR PRODUCTION NO. 1:

17          All DOCUMENTS that REFER OR RELATE TO any work or services

18  pertaining to dolls, doll accessories or toys that YOU performed for or on behalf of

19  any PERSON other than Mattel, Inc. during the time period(s) that YOU were

20  employed by Mattel, Inc.

21

22  REQUEST FOR PRODUCTION NO. 2:

23          All DOCUMENTS that REFER OR RELATE TO any agreement or

24  contract between YOU and any PERSON pertaining in any manner to any doll, doll

25  accessory or toy that was proposed, offered, discussed, negotiated or executed during

26  the time period(s) that YOU were employed by Mattel, Inc., including without

27  limitation all drafts thereof and all COMMUNICATIONS that REFER OR RELATE

28  TO such agreement or contract.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, for or on behalf of any PERSON other than Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for any doll, doll accessory or toy that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Mattel, Inc.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS that REFER OR RELATE TO any work or services YOU performed for or on behalf of Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, for or on behalf of Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 8:

DOCUMENTS sufficient to identify each and every PERSON for whom or on whose behalf YOU have performed any work or services, including without limitation any freelance work or consulting services, since January 1, 1995.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any other application or registration for DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, since January 1, 1995, including without limitation all COMMUNICATIONS pertaining thereto.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS that REFER OR RELATE TO work or services, including without limitation any freelance work or consulting services, that YOU performed for or on behalf of MGA during that time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS that REFER OR RELATE TO work or services, including without limitation any freelance work or consulting services, that YOU performed for or on behalf of MGA prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS that REFER OR RELATE TO work or services, including without limitation any freelance work or consulting services, that YOU performed for or on behalf of MGA after October 20, 2000.

0017

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and MGA, including without limitation all drafts thereof and all COMMUNICATIONS that REFER OR RELATE TO such agreement or contract.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU, whether alone or jointly with others, produced, created, authored, conceived of or reduced to practice during the time period(s) of YOUR employment by Mattel, Inc. and that YOU have purported to license, offer for license, sell, offer for sale, convey, assign or transfer any right, title or interest in (whether in whole or in part) to any PERSON other than Mattel, Inc., including without limitation to MGA.

REQUEST FOR PRODUCTION NO. 15:

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, created, authored, conceived of or reduced to practice prior to October 21, 2000 by YOU, whether alone or jointly with others, that YOU have purported to license, offer for license, sell, offer for sale, convey, assign or transfer any right, title or interest in (whether in whole or in part) to any PERSON other than Mattel, Inc., including without limitation to MGA.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, created, authored, conceived of or reduced to practice after October 20, 2000 by YOU, whether alone or jointly with others, that YOU have purported to license, offer for license, sell, offer for sale, convey, assign or transfer any right, title or interest in (whether in whole or in part) to MGA.

00171

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU created, authored, produced, conceived of or reduced to practice during the time period(s) of YOUR employment by Mattel, Inc. as purported "works-made-for-hire" (whether in whole or in part) for or on behalf of MGA.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU created, authored, produced, conceived of or reduced to practice prior to October 21, 2000 as purported "works-made-for-hire" (whether in whole or in part) for or on behalf of MGA.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU created, authored, produced, conceived of or reduced to practice after October 20, 2000 as purported "works-made-for-hire" (whether in whole or in part) for or on behalf of MGA.

REQUEST FOR PRODUCTION NO. 20:

All COMMUNICATIONS between YOU and MGA that REFER OR RELATE TO Mattel, Inc. or any officer, director, employee or representative of Mattel, Inc.

REQUEST FOR PRODUCTION NO. 21:

All COMMUNICATIONS between YOU and any PERSON, including without limitation MGA, that REFER OR RELATE TO any of YOUR agreements or contracts with Mattel, Inc.

0017

EXHIBIT 12 PAGE

REQUEST FOR PRODUCTION NO. 22:

All COMMUNICATIONS between YOU and MGA that REFER OR RELATE TO any work or services that YOU performed for or on behalf of Mattel, Inc. or YOUR employment by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU and any officer, director, employee or representative of Mattel, Inc. that REFER OR RELATE TO MGA or BRATZ.

REQUEST FOR PRODUCTION NO. 24:

All COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO BRATZ, including without limitation to any DESIGNS for BRATZ, prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU and MGA prior to October 21, 2000, including without limitation all COMMUNICATIONS between YOU and MGA concerning YOUR performing work or services for or on behalf of MGA.

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU and MGA after October 20, 2000.

REQUEST FOR PRODUCTION NO. 27:

All COMMUNICATIONS between YOU and any PERSON, including without limitation MGA, that REFER OR RELATE TO any DESIGNS that YOU

00175

1  produced, created, authored, conceived of or reduced to practice, whether alone or
2  jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

3

4  REQUEST FOR PRODUCTION NO. 28:

5      All DOCUMENTS that REFER OR RELATE TO any payment of money
6  or consideration made to YOU or for YOUR benefit by any PERSON other than
7  Mattel, Inc., including without limitation by MGA, for work, activities or services
8  that YOU performed during the time period(s) that YOU were employed by Mattel,
9  Inc.

10

11  REQUEST FOR PRODUCTION NO. 29:

12      All DOCUMENTS that REFER OR RELATE TO any payment of money
13  or consideration made to YOU or for YOUR benefit by any PERSON other than
14  Mattel, Inc., including without limitation by MGA, for DESIGNS that YOU
15  produced, created, authored, conceived of or reduced to practice, whether alone or
16  jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

17

18  REQUEST FOR PRODUCTION NO. 30:

19      All DOCUMENTS that REFER OR RELATE TO any payment of money
20  or consideration made to YOU or for YOUR benefit by MGA for services or work
21  that YOU performed for or on behalf of MGA during the time period(s) that YOU
22  were employed by Mattel, Inc.

23

24  REQUEST FOR PRODUCTION NO. 31:

25      All DOCUMENTS that REFER OR RELATE TO any payment of money
26  or consideration made to YOU or for YOUR benefit by MGA for services or work
27  that YOU performed for or on behalf of MGA prior to October 21, 2000.

28

EXHIBIT __ PAGE __

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for services or work that YOU performed for or on behalf of MGA after October 20, 2000.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for any DESIGNS, or for any right, title or interest in any DESIGNS, that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for any DESIGNS, or for any right, title or interest in any DESIGNS, that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, after October 20, 2000.

**REQUEST FOR PRODUCTION NO. 35:**

All of YOUR royalty statements from MGA.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that REFER OR RELATE TO BRATZ, including without limitation all DOCUMENTS that REFER OR RELATE TO the conception, creation, design, development, engineering or sculpting of BRATZ.

00170

MATTEL'S DOCUMENT REQUESTS

02284/588892.2

EXHIBIT 12

REQUEST FOR PRODUCTION NO. 37:

All DOCUMENTS that REFER OR RELATE TO work, activities or services that YOU performed concerning BRATZ during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS that REFER OR RELATE TO work, activities or services that YOU performed concerning BRATZ prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 39:

All DOCUMENTS that REFER OR RELATE TO work, activities or services that YOU performed concerning BRATZ after October 20, 2000.

REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS that REFER OR RELATE TO YOUR participation in the conception, creation, design, development, sculpting, tooling, production or manufacture of BRATZ.

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for BRATZ.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for BRATZ that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

00176

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS that REFER OR RELATE TO any right, title or interest that YOU claim, or ever have claimed, to have or own in BRATZ or any DESIGN for BRATZ.

REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS that REFER OR RELATE TO any amount that YOU have been paid for the license, sale, conveyance, assignment or transfer of any right, title or interest that YOU claim, or ever have claimed, to have or own in BRATZ or any DESIGN for BRATZ.

REQUEST FOR PRODUCTION NO. 45:

All DOCUMENTS that REFER OR RELATE TO any amount that YOU have been paid by any PERSON other Mattel, Inc. for the license, sale, conveyance, assignment or transfer of any right, title or interest in any DESIGN, including without limitation for any DESIGN for BRATZ, that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS that REFER OR RELATE TO any work, activities or services that YOU performed in connection with dolls, doll accessories or toys between April 30, 1998 and January 4, 1999.

REQUEST FOR PRODUCTION NO. 47:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced, created, authored, conceived of or

00177

EXHIBIT 12

reduced to practice, whether alone or jointly with others, between April 30, 1998 and January 4, 1999.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS that REFER OR RELATE TO this action, including without limitation all DOCUMENTS that REFER OR RELATE TO any indemnification that YOU have sought, proposed, requested or obtained in connection with the claims asserted in this action.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS that YOU obtained during the course of YOUR employment by Mattel, Inc. that REFER OR RELATE TO dolls, doll accessories or toys.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that were prepared, authored or created by Mattel, Inc. or any officer, director, employee or representative of Mattel, Inc., that YOU have ever provided to, shown, described to, communicated to or disclosed in any manner to MGA.

**REQUEST FOR PRODUCTION NO. 51:**

All prototypes, models and samples that REFER OR RELATE TO DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

00173

02284/588892.2                                    MATTEL'S DOCUMENT REQUESTS

REQUEST FOR PRODUCTION NO. 52:

All prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 53:

All prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, after October 20, 2000.

REQUEST FOR PRODUCTION NO. 54:

All prototypes, models, samples and tangible items that REFER OR RELATE TO BRATZ.

REQUEST FOR PRODUCTION NO. 55:

All DOCUMENTS and all prototypes, models, samples and tangible items that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

DATED:  June 14, 2004

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP


By _Mima T. Zm_
Michael T. Zeller
Attorneys for Plaintiff
Mattel, Inc.

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA )**
**COUNTY OF LOS ANGELES )**

I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 1055 W. 7th Street, Suite 250, Los Angeles, CA 90017.

On June 14, 2004, I served the foregoing document(s) described as **PLAINTIFF MATTEL, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO DEFENDANT CARTER BRYANT** on all interested parties in this action.

**Robert F. Millman, Esq.**
**Doughlas A. Wickham, Esq.**
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107

[ ]   By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth below on this date.

[X]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee

Executed on June 14, 2004, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          _____
Print Name                                                         Signature

EXHIBIT 12  PAGE

13

1   ROBERT F. MILLMAN, Bar No. CA 062152
    DOUGLAS A. WICKHAM, Bar No. CA 127268
2   LITTLER MENDELSON
    A Professional Corporation
3   2049 Century Park East, 5th Floor
    Los Angeles, CA  90067.3107
4   Telephone:  310.553.0308
    Facsimile:    310.553.5583
5
    Attorneys for Defendant
6   CARTER BRYANT

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware              CASE NO.  CV 04 3431 NM (RBx)
    Corporation,
12                                        ASSIGNED FOR ALL PURPOSES TO
                    Plaintiff,            HONORABLE NORA M. MANELLA
13
            v.                            **DEFENDANT'S OBJECTIONS AND
14                                        RESPONSES TO PLAINTIFF'S
    CARTER BRYANT, an individual;         FIRST SET OF REQUESTS FOR
15  and DOES 1 through 10, inclusive,     PRODUCTION OF DOCUMENTS
                                          AND TANGIBLE THINGS**
16                  Defendant.

17

18

19  PROPOUNDING PARTY: PLAINTIFF MATTEL, INC. ("Plaintiff")

20  RESPONDING PARTY: DEFENDANT CARTER BRYANT ("Defendant")

21  SET: ONE

22

23

24

25

26                                                         00181

27                            EXHIBIT __13__ PAGE

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

## GENERAL OBJECTIONS

1
2     These responses and objections are made solely for the purpose of this action.
3     The following responses are based upon information presently known and available to
4     Defendant. Discovery is ongoing and Defendant reserves the right to supplement these
5     responses with subsequently discovered information and/or to introduce such
6     information at trial. Each response is subject to all objections as to competence,
7     relevance, materiality, proprietary subject matter, admissibility and any and all other
8     objections or grounds that would require exclusion of the responses or documents
9     produced by Defendant, or any part thereof, if any of these responses or documents
10    were presented at court. All appropriate objections and grounds are hereby reserved
11    and may be interposed at trial regarding the introduction into evidence of a response
12    or document produced by Defendant in reply to Plaintiff's Requests for Production of
13    Documents and Tangible Things, Set One.
14    The fact that Defendant has responded to or objected to any request or part
15    thereof may not be taken as an admission of the existence of any fact set forth in or
16    assumed by such request or that such response constitutes relevant evidence. The fact
17    that Defendant has answered part or all of any request shall not be construed to be a
18    waiver by Defendant of any objections to part or all of any document request.
19    Nothing contained herein shall be construed as an admission of the existence or
20    nonexistence of any fact. No implied admissions whatsoever are intended by these
21    responses. Moreover, in producing documents in response to any request potentially
22    calling for a legal conclusion, Defendant does not admit, either expressly or impliedly,
23    that any such produced document adopts any of the legal conclusions contained in the
24    request.
25    To the extent that any request calls for information which constitutes material
26    prepared in anticipation of litigation or for trial, information or material covered by
27    the attorney work-product doctrine or information protected from disclosure by virtue
28    of a privilege including, but not limited to, the attorney-client communication


LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Flr.
Los Angeles, CA 90067-3107
310 553.0308

1



EXHIBIT 13 PAGE

1   privilege, the joint defense privilege and/or the common interest privilege, Defendant

2   objects to each and every such demand and will not supply or produce any such

3   information. Also, Defendant objects to the extent that any demand seeks documents

4   relating to legal conclusions, opinions, theories and/or research of Defendant and

5   Defendant's counsel and will not provide such documents. Unless otherwise indicated

6   in the request or response, Defendant will not produce documents dated after the

7   inception of this litigation.

8       To the extent that any demand seeks information relating to confidential

9   personnel or other information of persons other than Plaintiff, Defendant objects to

10  each and every such demand on the grounds that such demand is overbroad, seeks

11  information that is not relevant to the subject matter of this action, is not reasonably

12  calculated to lead to the discovery of admissible evidence and invades the privacy

13  rights of such other persons. Defendant also objects to any request to the extent it

14  requires disclosure of documents reflecting, concerning or constituting trade secrets,

15  proprietary and confidential information.

16      Defendant objects to Plaintiff's definition of "YOU" and "YOUR" as overbroad

17  and unduly burdensome, vague and ambiguous and calling for a legal conclusion.

18  Defendant also objects to Plaintiff's definition of "MGA" as overbroad and unduly

19  burdensome, vague and ambiguous, calling for a legal conclusion and seeking to

20  invade the privacy rights of nonparties. Defendant further objects to Plaintiff's

21  definition of "BRATZ" as overbroad and unduly burdensome, vague and ambiguous,

22  calling for a legal conclusion and encompassing irrelevant subject matter not likely to

23  lead to the discovery of admissible evidence. Defendant also objects to Plaintiff's

24  definition of "REFER" and "RELATE" as overbroad and unduly burdensome, vague

25  and ambiguous and calling for a legal conclusion. Defendant further objects to

26  Plaintiff's definition of "DESIGNS" as overbroad and unduly burdensome, vague and

27  ambiguous and calling for a legal conclusion. Finally, Defendant objects to Plaintiff's

28  definition of "PERSON" or "PERSONS" as overbroad and unduly burdensome, vague

LITTLER MENDELSON

EXHIBIT ____   PAGE   00183

1   and ambiguous and calling for a legal conclusion.

2       Defendant objects to each and every request to the extent that any request calls

3   for the production of anything other than documents.  Defendant agrees that it will

4   meet and confer with Plaintiff subject to any and all applicable rules concerning the

5   appropriate time, place and means for the production of any tangible item potentially

6   responsive to any such request.

7       The above stated objections are hereby made applicable to each and every

8   request and are incorporated by reference as though fully set forth in each response to

9   each demand.  Subject to entry of the appropriate Protective Order, all responsive

10  documents will be produced and attached to the responses of Defendant Carter Bryant

11  to Plaintiff's First Set of Requests for Production of Documents and Tangible Things.

12  Without waiving any of the foregoing objections, and except as objected to above,

13  Defendant further responds as follows:

14

15              RESPONSES TO REQUESTS FOR PRODUCTION

16

17  REQUEST FOR PRODUCTION NO. 1:

18      All DOCUMENTS that REFER OR RELATE TO any work or services

19  pertaining to dolls, doll accessories or toys that YOU performed for or on behalf of

20  any PERSON other than Mattel, Inc. during the time period(s) that YOU were

21  employed by Mattel, Inc.

22

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 1

24      Defendant incorporates by reference each and every objection set forth above in

25  the General Objections.  Defendant objects to this request on the grounds that the

26  terms "work," "services," "dolls," "doll accessories," "toys" and "other than Mattel"

27  are vague, ambiguous and fail to describe with sufficient particularity the documents

28  requested.  Moreover, Defendant objects to this request to the extent it calls for

LITTLER MENDELSON

EXHIBIT 13 PAGE 00184

1  information not relevant to any claim or defense in this action.  Defendant further

2  objects to this request on the grounds that it invades the privacy and/or confidentiality

3  of other individuals who are not parties to this action.  Defendant also objects to this

4  request to the extent it seeks confidential, proprietary or trade secret information

5  belonging to third parties that are not parties to this suit.  Finally, Defendant objects to

6  this request to the extent it seeks documents potentially prepared in anticipation of

7  litigation or that are protected by the attorney-client privilege, joint defense privilege,

8  common interest privilege and/or the attorney work product doctrine.

9       Without waiving and subject to the foregoing objections, Defendant responds as

10  follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

11  responsive non-privileged documents in his possession, custody and control for the

12  time periods he was employed by Mattel.

13

14  REQUEST FOR PRODUCTION NO. 2:

15       All DOCUMENTS that REFER OR RELATE TO any agreement or contract

16  between YOU and any PERSON pertaining in any manner to any doll, doll accessory

17  or toy that was proposed, offered, discussed, negotiated or executed during the time

18  period(s) that YOU were employed by Mattel, Inc., including without limitation all

19  drafts thereof and all COMMUNICATIONS that REFER OR RELATE TO such

20  agreement or contract.

21

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

23       Defendant incorporates by reference each and every objection set forth above in

24  the General Objections.  Defendant objects to this request on the grounds that the

25  terms "doll," "doll accessory," "toy" and "proposed," are vague, ambiguous and fail to

26  describe with sufficient particularity the documents requested and/or call for a legal

27  conclusion.  Moreover, Defendant objects to this request to the extent it calls for a legal

28  information not relevant to any claim or defense in this action.  Defendant also objects

LITTLER MENDELSON

4

00185

1  to this request on the basis that it invades the privacy and/or confidentiality of other

2  individuals who are not parties to this action.  Defendant further objects to this request

3  to the extent it seeks confidential, proprietary or trade secret information belonging to

4  third parties that are not parties to this suit.   Finally, Defendant objects to this request

5  to the extent it potentially seeks documents prepared in anticipation of litigation or

6  that are protected by the attorney-client privilege, joint defense privilege, common

7  interest privilege and/or the attorney work product doctrine.

8      Without waiving and subject to the foregoing objections, Defendant responds as

9  follows: Subject to entry of the appropriate Protective Order, Defendant will produce

10  final agreements in his possession, custody and control, reached during the time frame

11  set forth in this request.

12

13  REQUEST FOR PRODUCTION NO. 3:

14      All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU

15  produced, created, authored, conceived of or reduced to practice, whether alone or

16  jointly with others, for or on behalf of any PERSON other than Mattel, Inc. during the

17  time period(s) that YOU were employed by Mattel, Inc.

18

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

20      Defendant incorporates by reference each and every objection set forth above in

21  the General Objections.  Defendant objects to this request on the grounds that the

22  terms "conceived," "conceived," "reduced to practice," "jointly with others" and

23  "other than Mattel, Inc." are vague, ambiguous and fail to describe with sufficiently

24  particularity the documents to be produced, and/or call for legal conclusions.

25  Defendant also objects to this request to the extent that it invades the privacy and/or

26  confidentiality of other individuals who are not parties to this action.  Defendant

27  further objects to this request to the extent it seeks confidential, proprietary or trade

28  secret information belonging to third parties that are not parties to this suit.  In

LITTLER MENDELSON

EXH: 13

00186

1   addition, Defendant objects to this request on the basis that it seeks information not

2   relevant to this action and is not reasonably calculated to lead to the discovery of

3   admissible evidence.  Finally, Defendant objects to this request to the extent it

4   potentially seeks documents prepared in anticipation of litigation or that are protected

5   by the attorney-client privilege, joint defense privilege, common interest privilege

6   and/or the attorney work product doctrine.

7        Without waiving and subject to the foregoing objections, Defendant responds as

8   follows: Subject to entry of the appropriate Protective Order, Defendant will produce

9   responsive non-privileged documents in his possession, custody or control for the time

10  periods he was employed by Mattel.

11

12  REQUEST FOR PRODUCTION NO. 4:

13       All DOCUMENTS that REFER OR RELATE TO DESIGNS for any doll, doll

14  accessory or toy that YOU produced, created, authored, conceived of or reduced to

15  practice, whether alone or jointly with others, prior to October 21, 2000.

16

17  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

18       Defendant incorporates by reference each and every objection set forth above in

19  the General Objections.  Defendant objects to this request on the grounds the terms

20  "doll," "doll accessory," "toy," "conceived," "reduced to practice," and "jointly with

21  others" are either not defined or are vague, ambiguous and fail to describe with

22  sufficient particularity the documents requested and/or call for a legal conclusion.

23  Defendant further objects to this request on the grounds that it is overbroad and

24  unduly burdensome to the extent that it calls for documents predating Defendant's

25  employment by Mattel.  Moreover, Defendant objects to this request to the extent it

26  calls for information not relevant to any claim or defense in this action.  Defendant

27  also objects to this request insofar as it potentially invades the privacy and/or

28  confidentiality of others who are not parties to this action.  Defendant further objects

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

00187

EXH.  13

1   to this request to the extent it seeks confidential, proprietary or trade secret

2   information belonging to third parties that are not parties to this suit.  Additionally,

3   Defendant objects to this request on the basis that it seeks information not relevant to

4   this action and that is not reasonably calculated to lead to the discovery of admissible

5   evidence.  Defendant also objects to the extent this request is duplicative of Request

6   No. 3.  Finally, Defendant objects to this request to the extent it potentially seeks

7   documents prepared in anticipation of litigation or that are protected by the attorney-

8   client privilege, joint defense privilege, common interest privilege and/or the attorney

9   work product doctrine.

10

11  REQUEST FOR PRODUCTION NO. 5:

12      All DOCUMENTS that REFER OR RELATE TO any agreement or contract

13  between YOU and Mattel, Inc.

14

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

16      Defendant incorporates by reference each and every objection set forth above in

17  the General Objections. Defendant further objects to this request on the grounds that

18  any such alleged "agreement" or "contract" between Defendant and Mattel is already

19  within the possession, custody or control of Mattel.  Moreover, Defendant objects to

20  this request to the extent it calls for information not relevant to any claim or defense in

21  this action.  Finally, Defendant objects to this request to the extent it potentially seeks

22  documents prepared in anticipation of litigation or that are protected by the attorney-

23  client privilege, joint defense privilege, common interest privilege and/or the attorney

24  work product doctrine.

25      Without waiving and subject to the foregoing objections, Defendant responds as

26  follows: Subject to entry of the appropriate Protective Order, Defendant will produce

27  responsive non-privileged documents in his possession, custody or control.

28


LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

7

00186

EXHIBIT 13 PAGE____

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS that REFER OR RELATE TO any work or services YOU performed for or on behalf of Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Defendant incorporates by reference each and every objection set forth above in the General Objections. Defendant objects to this request on the ground that the terms "work" and "services" are vague, ambiguous and fail to identify with sufficient particularity the documents to be produced. Moreover, Defendant objects to this request to the extent it calls for information not relevant to any claim or defense in this action. Defendant also objects to this request on the grounds that any documents described in this request are already within the possession, custody or control of Mattel. Finally, Defendant objects to this request to the extent it potentially seeks documents prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or the attorney work product doctrine.

Without waiving and subject to the foregoing objections, Defendant responds as follows: Subject to entry of the appropriate Protective Order, Defendant will produce responsive non-privileged documents in his possession, custody or control relating to work or services performed for or on behalf of Mattel, Inc.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, for or on behalf of Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

EXHIBIT __13__ PAGE ____.

00180

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

2      Defendant incorporates by reference each and every objection set forth above in

3  the General Objections.  Defendant objects to this request on the grounds the phrases

4  "conceived," "reduced to practice" and "jointly with others" are vague, ambiguous

5  and fail to describe with sufficient particularity the documents requested and/or call

6  for a legal conclusion.  Moreover, Defendant objects to this request to the extent it

7  calls for information not relevant to any claim or defense in this action.  Further,

8  Defendant objects to this request on the grounds that any documents described in this

9  request are already within the possession, custody or control of Mattel.  Finally,

10  Defendant objects to this request to the extent it potentially seeks documents prepared

11  in anticipation of litigation or that are protected by the attorney-client privilege, joint

12  defense privilege, common interest privilege and/or the attorney work product

13  doctrine.

14      Without waiving and subject to the foregoing objections, Defendant responds as

15  follows: Subject to entry of the appropriate Protective Order, Defendant will produce

16  responsive non-privileged documents in his possession, custody or control for the time

17  periods he was employed by Mattel.

18

19  REQUEST FOR PRODUCTION NO. 8:

20      DOCUMENTS sufficient to identify each and every PERSON for whom or on

21  whose behalf YOU have performed any work or services, including without limitation

22  any freelance work or consulting services, since January 1, 1995.

23

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

25      Defendant incorporates by reference each and every objection set forth above in

26  the General Objections.  Defendant objects to this request on the grounds that the

27  terms "work," "services," "freelance work," and "consulting services" are vague,

28  ambiguous and fail to describe with sufficient particularity the documents to be


LITTLER MENDELSON

9

00130

EXHIBIT 13 PAGE ____

1  produced and/or call for a legal conclusion.  Defendant also objects to this request

2  insofar as it potentially invades the privacy and/or confidentiality of other individuals

3  who are not parties to this action.  Defendant further objects to this request to the

4  extent it seeks confidential, proprietary or trade secret information belonging to third

5  parties that are not parties to this suit. Defendant further objects to this request on the

6  grounds that it is overbroad as to time and unduly burdensome, particularly to the

7  extent it calls for documents predating and/or postdating Defendant's employment

8  with Mattel, and on that basis, it also seeks information not relevant to this action and

9  that is not reasonably calculated to lead to the discovery of admissible evidence.

10  Finally, Defendant objects to this request to the extent it seeks documents potentially

11  prepared in anticipation of litigation or that are protected by the attorney-client

12  privilege, joint defense privilege, common interest privilege and/or the attorney work

13  product doctrine.

14

15  REQUEST FOR PRODUCTION NO. 9:

16       All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any

17  other application or registration for DESIGNS that YOU produced, created, authored,

18  conceived of or reduced to practice, whether alone or jointly with others, since

19  January 1, 1995, including without limitation all COMMUNICATIONS pertaining

20  thereto.

21

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

23       Defendant incorporates by reference each and every objection set forth above in

24  the General Objections.  Defendant objects to this request on the basis that the terms

25  "copyright," "patent," "application," "registration," "conceived," "reduced to

26  practice" and "jointly with others" are vague, ambiguous and fail to describe with

27  sufficient particularity the documents to be produced and/or call for a legal

28  conclusion.  Defendant also objects to this request insofar as it potentially invades the



10

0019

EXHIBIT __13__ PAGE____

1  privacy and/or confidentiality of other individuals who are not parties to this action.

2  Moreover, Defendant objects to this request to the extent it seeks confidential,

3  proprietary or trade secret information belonging to third parties that are not parties to

4  this suit.  Defendant further objects to this request on the grounds that this request is

5  overbroad and unduly burdensome to the extent that it calls for documents predating

6  and postdating Defendant's employment with Mattel, and on that basis seeks

7  information not relevant to this action and is not reasonably calculated to lead to the

8  discovery of admissible evidence.  Finally, Defendant objects to this request to the

9  extent it seeks documents potentially prepared in anticipation of litigation or that are

10  protected by the attorney-client privilege, joint defense privilege, common interest

11  privilege and/or the attorney work product doctrine.

12

13  REQUEST FOR PRODUCTION NO. 10:

14      All DOCUMENTS that REFER OR RELATE TO work or services, including

15  without limitation any freelance work or consulting services, that YOU performed for

16  or on behalf of MGA during that time period(s) that YOU were employed by Mattel,

17  Inc.

18

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

20      Defendant incorporates by reference each and every objection set forth above in

21  the General Objections.  Defendant objects to this request on the ground that the terms

22  "work," "services," "freelance work," and "consulting services" are vague, ambiguous

23  and fail to identify with sufficient particularity the documents to be produced.

24  Moreover, Defendant objects to this request to the extent it calls for information not

25  relevant to any claim or defense in this action.  In addition, Defendant objects to this

26  request insofar as it invades the privacy and/or confidentiality of other individuals

27  who are not parties to this action.  Defendant further objects to this request to the

28  extent it seeks confidential, proprietary or trade secret information belonging to third

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553.0308

11

EXHIBIT 13 PAGE          00102

1    parties that are not parties to this suit.  Finally, Defendant objects to this request to the

2    extent it seeks documents potentially prepared in anticipation of litigation or that are

3    protected by the attorney-client privilege, joint defense privilege, common interest

4    privilege and/or the attorney work product doctrine.

5         Without waiving and subject to the foregoing objections, Defendant responds as

6    follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

7    responsive non-privileged documents in his possession, custody or control for the time

8    periods he was employed by Mattel.

9

10    <u>REQUEST FOR PRODUCTION NO. 11:</u>

11         All DOCUMENTS that REFER OR RELATE TO work or services, including

12    without limitation any freelance work or consulting services, that YOU performed for

13    or on behalf of MGA prior to October 21, 2000.

14

15    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 11:</u>

16         Defendant incorporates by reference each and every objection set forth above in

17    the General Objections.  Defendant objects to this request on the ground that the terms

18    "work," "services," "freelance work," and "consulting services" are vague, ambiguous

19    and fail to identify with sufficient particularity the documents to be produced.

20    Moreover, Defendant objects to this request to the extent it calls for information not

21    relevant to any claim or defense in this action.  To the extent this request seeks

22    documents that predate Defendant's employment with Mattel, it is overbroad, unduly

23    burdensome, irrelevant and not reasonably calculated to lead to the discovery of

24    admissible evidence.  Defendant also objects to this request insofar as it invades the

25    privacy and/or confidentiality of other individuals who are not parties to this action.

26    Defendant further objects to this request to the extent it seeks confidential, proprietary

27    or trade secret information belonging to third parties that are not parties to this suit.

28    Finally, Defendant objects to this request to the extent it seeks documents potentially

00159

EXHIBIT 13

1  prepared in anticipation of litigation or that are protected by the attorney-client

2  privilege, joint defense privilege, common interest privilege and/or the attorney work

3  product doctrine.

4      Without waiving and subject to the foregoing objections, Defendant responds as

5  follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

6  responsive non-privileged documents in his possession, custody and control for the

7  time periods he was employed by Mattel.

8

9  REQUEST FOR PRODUCTION NO. 12:

10      All DOCUMENTS that REFER OR RELATE TO work or services, including

11  without limitation any freelance work or consulting services, that YOU performed for

12  or on behalf of MGA after October 20, 2000.

13

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

15      Defendant incorporates by reference each and every objection set forth above in

16  the General Objections.  Defendant objects to this request on the ground that the terms

17  "work," "services," "freelance work," and "consulting services" are vague, ambiguous

18  and fail to identify with sufficient particularity the documents to be produced.

19  Moreover, Defendant objects to this request to the extent it calls for information not

20  relevant to any claim or defense in this action.  To the extent this request seeks

21  documents relating to the time after Defendant left his employment with Mattel, it is

22  overbroad, unduly burdensome and not reasonably calculated to lead to the discovery

23  of admissible evidence.  Defendant also objects to this request to the extent that it

24  invades the privacy and/or confidentiality of other individuals who are not parties to

25  this action.  Defendant further objects to this request to the extent it seeks confidential,

26  proprietary or trade secret information belonging to third parties that are not parties to

27  this suit.  Finally, Defendant objects to this request to the extent it seeks documents

28  potentially prepared in anticipation of litigation or that are protected by the attorney-

13

EXHIBIT 13 PAGE C7194

LITTLER MENDELSON

1   client privilege, joint defense privilege, common interest privilege and/or the attorney

2   work product doctrine.

3        Without waiving and subject to the foregoing objections, Defendant responds as

4   follows: Defendant will produce non-privileged documents in his possession, custody

5   or control related to the first generation of Bratz designs created by Defendant,

6   resulting in dolls released by MGA in or about June 2001 (hereinafter referred to as

7   "FIRST GENERATION BRATZ DESIGNS").

8

9   <u>REQUEST FOR PRODUCTION NO. 13:</u>

10       All DOCUMENTS that REFER OR RELATE TO any agreement or contract

11   between YOU and MGA, including without limitation all drafts thereof and all

12   COMMUNICATIONS that REFER OR RELATE TO such agreement or contract.

13

14   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 13:</u>

15       Defendant incorporates by reference each and every objection set forth above in

16   the General Objections. Defendant objects to this request on the grounds that the

17   terms "agreement," "contract," and "drafts thereof" are vague, ambiguous and fail to

18   identify with sufficient particularity the documents to be produced and/or call for a

19   legal conclusion. Defendant further objects to this request on the grounds that it is

20   overbroad and unduly burdensome to the extent that it fails to specify any applicable

21   time period. To the extent this request seeks documents before and/or after Defendant

22   left his employment with Mattel, it is overbroad, unduly burdensome, irrelevant and

23   not reasonably calculated to lead to the discovery of admissible evidence. Defendant

24   also objects to this request insofar as it invades the privacy and/or confidentiality of

25   Defendant and other individuals who are not parties to this action. Defendant further

26   objects to this request to the extent it seeks confidential, proprietary or trade secret

27   information belonging to third parties that are not parties to this suit. Finally,

28   Defendant objects to this request to the extent it potentially seeks documents prepared

EXHIBIT <u>15</u> PAGE

1 | in anticipation of litigation or that are protected by the attorney-client privilege, joint
2 | defense privilege, common interest privilege and/or the attorney work product
3 | doctrine.
4 |      Without waiving and subject to the foregoing objections, Defendant responds as
5 | follows:  Subject to entry of the appropriate Protective Order, Defendant will produce
6 | responsive non-privileged final executed agreements in his possession, custody or
7 | control.
8 |
9 | REQUEST FOR PRODUCTION NO. 14:
10 |      All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU,
11 | whether alone or jointly with others, produced, created, authored, conceived of or
12 | reduced to practice during the time period(s) of YOUR employment by Mattel, Inc.
13 | and that YOU have purported to license, offer for license, sell, offer for sale, convey,
14 | assign or transfer any right, title or interest in (whether in whole or in part) to any
15 | PERSON other than Mattel, Inc., including without limitation to MGA.
16 |
17 | RESPONSE TO REQUEST FOR PRODUCTION NO. 14:
18 |      Defendant incorporates by reference each and every objection set forth above in
19 | the General Objections.  Defendant objects to this request on the ground that the terms
20 | "jointly with others," "conceived," "reduced to practice," "license," "offer for
21 | license," "sell," "offer for sale," "convey," "assign," "transfer," "right," "title"
22 | "interest," and "other than Mattel, Inc." are vague, ambiguous and fail to describe
23 | with sufficient particularity the documents to be produced and/or call for a legal
24 | conclusion.  Moreover, Defendant objects to this request to the extent it calls for
25 | information not relevant to any claim or defense in this action.  Defendant also objects
26 | to this request insofar as it invades the privacy and/or confidentiality of other
27 | individuals who are not parties to this action.  Defendant further objects to this request
28 | to the extent it seeks confidential, proprietary or trade secret information belonging to



15

EXHIBIT 13 PAGE _____

Q - 1 16

1   third parties that are not parties to this suit.  Finally, Defendant objects to this request

2   to the extent it seeks documents potentially prepared in anticipation of litigation or

3   that are protected by the attorney-client privilege, joint defense privilege, common

4   interest privilege and/or the attorney work product doctrine.

5       Without waiving and subject to the foregoing objections, Defendant responds as

6   follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

7   non-privileged responsive documents in his possession, custody or control for the time

8   periods he was employed by Mattel.

9

10   REQUEST FOR PRODUCTION NO. 15:

11       All DOCUMENTS that REFER OR RELATE TO DESIGNS produced,

12   created, authored, conceived of or reduced to practice prior to October 21, 2000 by

13   YOU, whether alone or jointly with others, that YOU have purported to license, offer

14   for license, sell, offer for sale, convey, assign or transfer any right, title or interest in

15   (whether in whole or in part) to any PERSON other than Mattel, Inc., including

16   without limitation to MGA.

17

18   RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

19       Defendant incorporates by reference each and every objection set forth above in

20   the General Objections.  Defendant objects to this request on the grounds that the

21   terms "conceived," "reduced to practice," "jointly with others," "license," "offer for

22   license," "sell," "offer for sale," "convey," "assign," "transfer," "right," "title,"

23   "interest" and "other than Mattel, Inc." are vague, ambiguous and fail to describe with

24   sufficient particularity the documents to be produced and/or call for a legal

25   conclusion.  Defendant also objects to this request insofar as it invades the privacy

26   and/or confidentiality of other individuals who are not parties to this action.

27   Defendant further objects to this request to the extent it seeks confidential, proprietary

28   or trade secret information belonging to third parties that are not parties to this suit.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

16

001 7

EXHIBIT 13 PAGE

1    To the extent this request seeks documents that predate Defendant's employment with

2    Mattel, it is overbroad, unduly burdensome and not reasonably calculated to lead to

3    the discovery of admissible evidence. Moreover, Defendant objects to this request to

4    the extent it calls for information not relevant to any claim or defense in this action.

5    Finally, Defendant objects to this request to the extent it potentially seeks documents

6    prepared in anticipation of litigation or that are protected by the attorney-client

7    privilege, joint defense privilege, common interest privilege and/or the attorney work

8    product doctrine.

9        Without waiving and subject to the foregoing objections, Defendant responds as

10   follows: Subject to entry of the appropriate Protective Order, Defendant will produce

11   non-privileged responsive documents in his possession, custody or control.

12

13   REQUEST FOR PRODUCTION NO. 16:

14       All DOCUMENTS that REFER OR RELATE TO DESIGNS produced,

15   created, authored, conceived of or reduced to practice after October 20, 2000 by YOU,

16   whether alone or jointly with others, that YOU have purported to license, offer for

17   license, sell, offer for sale, convey, assign or transfer any right, title or interest in

18   (whether in whole or in part) to MGA.

19

20   RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

21       Defendant incorporates by reference each and every objection set forth above in

22   the General Objections. Defendant objects to this request on the grounds that the

23   terms "conceived," "reduced to practice," "jointly with others," "license," "offer for

24   license," "sell," "offer for sale," "convey," "assign," "transfer," "right," "title" and

25   "interest" are vague, ambiguous and fail to describe with sufficient particularity the

26   documents to be produced and/or call for a legal conclusion. Moreover, Defendant

27   objects to this request to the extent it calls for information not relevant to any claim or

28   defense in this action. Defendant also objects to this request insofar as it invades the

LITTLER MENDELSON

EX    13    00158

1  privacy and/or confidentiality of other individuals who are not parties to this action.

2  Defendant further objects to this request to the extent it seeks confidential, proprietary

3  or trade secret information belonging to third parties that are not parties to this suit.

4  To the extent this request seeks documents after Defendant left his employment with

5  Mattel, it is overbroad, unduly burdensome and not reasonably calculated to lead to

6  the discovery of admissible evidence.  Finally, Defendant objects to this request to the

7  extent it seeks documents prepared in anticipation of litigation or that are protected by

8  the attorney-client privilege, joint defense privilege, common interest privilege and/or

9  the attorney work product doctrine.

10

11  <u>REQUEST FOR PRODUCTION NO. 17:</u>

12      All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU

13  created, authored, produced, conceived of or reduced to practice during the time

14  period(s) of YOUR employment by Mattel, Inc. as purported "works-made-for-hire"

15  (whether in whole or in part) for or on behalf of MGA.

16

17  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 17:</u>

18      Defendant incorporates by reference each and every objection set forth above in

19  the General Objections.  Defendant objects to this request on the grounds that the

20  terms "conceived," "reduced to practice" and "works-made-for-hire" are vague,

21  ambiguous and fails to specify with sufficient particularity the documents to be

22  produced and/or call for a legal conclusion.  Defendant also objects to this request

23  insofar as it invades the privacy and/or confidentiality of other individuals who are not

24  parties to this action.  Moreover, Defendant objects to this request to the extent it calls

25  for information not relevant to any claim or defense in this action.  Defendant further

26  objects to this request to the extent it seeks confidential, proprietary or trade secret

27  information belonging to third parties that are not parties to this suit.  Finally,

28  Defendant objects to this request to the extent it seeks documents prepared in



18



00133

EXHIBIT 13  PAGE ___

1   anticipation of litigation or that are protected by the attorney-client privilege, joint

2   defense privilege, common interest privilege and/or the attorney work product

3   doctrine.

4       Without waiving and subject to the foregoing objections, Defendant responds as

5   follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

6   non-privileged responsive documents in his possession, custody or control for the time

7   periods he was employed by Mattel.

8

9   REQUEST FOR PRODUCTION NO. 18:

10      All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU

11   created, authored, produced, conceived of or reduced to practice prior to October 21,

12   2000 as purported "works-made-for-hire" (whether in whole or in part) for or on

13   behalf of MGA.

14

15   RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

16      Defendant incorporates by reference each and every objection set forth above in

17   the General Objections.  Defendant objects to this request on the grounds that the

18   terms "conceived," "reduced to practice" and "works-made-for-hire" are vague,

19   ambiguous and fails to specify with sufficient particularity the documents to be

20   produced and/or call for a legal conclusion.  Defendant further objects to this request

21   on the grounds that it is overbroad and unduly burdensome to the extent that it calls

22   for documents predating Defendant's employment with Mattel, and on that basis seeks

23   documents not relevant to this action and not reasonably calculated to lead to the

24   discovery of admissible evidence.  Defendant also objects to this request insofar as it

25   invades the privacy and/or confidentiality of other individuals who are not parties to

26   this action.  Defendant further objects to this request to the extent it seeks confidential,

27   proprietary or trade secret information belonging to third parties that are not parties to

28   this suit. Finally, Defendant objects to this request to the extent it seeks documents

 
LITTLER MENDELSON

1   prepared in anticipation of litigation or that are protected by the attorney-client

2   privilege, joint defense privilege, common interest privilege and/or the attorney work

3   product doctrine.

4        Without waiving and subject to the foregoing objections, Defendant responds as

5   follows:   Subject to entry of the appropriate Protective Order, Defendant will produce

6   non-privileged responsive documents in his possession, custody or control.

7

8   REQUEST FOR PRODUCTION NO. 19:

9        All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU

10  created, authored, produced, conceived of or reduced to practice after October 20,

11  2000 as purported "works-made-for-hire" (whether in whole or in part) for or on

12  behalf of MGA.

13

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

15       Defendant incorporates by reference each and every objection set forth above in

16  the General Objections.  Defendant objects to this request on the grounds that the

17  terms "conceived," "reduced to practice" and "works-made-for-hire" are vague,

18  ambiguous and fail to specify with sufficient particularity the documents to be

19  produced and/or call for a legal conclusion.  Defendant further objects to this request

20  on the grounds that it is overbroad and unduly burdensome to the extent that it seeks

21  documents after Defendant ended his employment with Mattel, and on that basis seeks

22  documents not relevant to this action and not reasonably calculated to lead to the

23  discovery of admissible evidence.  Defendant also objects to this request insofar as it

24  invades the privacy and/or confidentiality of other individuals who are not parties to

25  this action.  Defendant further objects to this request to the extent it seeks confidential,

26  proprietary or trade secret information belonging to third parties that are not parties to

27  this suit.  Finally, Defendant objects to this request to the extent it seeks documents

28  prepared in anticipation of litigation or that are protected by the attorney-client

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

20

0020 1


EXHIBIT 13 PAGE____

1  privilege, joint defense privilege, common interest privilege and/or the attorney work

2  product doctrine.

3         Without waiving and subject to the foregoing objections, Defendant responds as

4  follows:  Defendant will produce non-privileged documents in his possession, custody

5  or control related to the FIRST GENERATION BRATZ DESIGNS.

6

7  REQUEST FOR PRODUCTION NO. 20:

8         All COMMUNICATIONS between YOU and MGA that REFER OR RELATE

9  TO Mattel, Inc. or any officer, director, employee or representative of Mattel, Inc.

10

11 RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

12        Defendant incorporates by reference each and every objection set forth above in

13 the General Objections.  Defendant objects to this request on the grounds that the

14 terms "officer," "director," "employee" and "representative" are vague, ambiguous

15 and fail to describe with sufficient particularity the documents to be produced and/or

16 call for a legal conclusion.  Defendant further objects to this request on the grounds

17 that it is overbroad, unduly burdensome and unintelligible to the extent it fails to

18 identify a specific time period or proper subject matter, and on that basis seeks

19 documents not relevant to this action and not reasonably calculated to lead to the

20 discovery of admissible evidence.  Defendant further objects to this request to the

21 extent it seeks confidential, proprietary or trade secret information belonging to third

22 parties that are not parties to this suit.  Defendant also objects to this request insofar as

23 it invades the privacy and/or confidentiality of Defendant and/or other individuals

24 who are not parties to this action.  Finally, Defendant objects to this request to the

25 extent it seeks documents prepared in anticipation of litigation or that are protected by

26 the attorney-client privilege, joint defense privilege, common interest privilege and/or

27 the attorney work product doctrine.

28

00202



EXHIBIT 13 PAGE____

1  REQUEST FOR PRODUCTION NO. 21:

2      All COMMUNICATIONS between YOU and any PERSON, including without

3  limitation MGA, that REFER OR RELATE TO any of YOUR agreements or

4  contracts with Mattel, Inc.

5

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

7      Defendant incorporates by reference each and every objection set forth above in

8  the General Objections. Defendant objects to this request on the grounds that the

9  terms "agreements" and "contracts" are vague, ambiguous and fail to describe with

10  sufficient particularity the documents to be produced and/or call for a legal

11  conclusion. Defendant further objects to this request on the grounds that it is

12  overbroad, unduly burdensome and unintelligible to the extent it fails to identify a

13  specific time period or proper subject matter, and on that basis seeks documents not

14  relevant to this action and not reasonably calculated to lead to the discovery of

15  admissible evidence. Defendant further objects to this request to the extent it seeks

16  confidential, proprietary or trade secret information belonging to third parties that are

17  not parties to this suit. Defendant also objects to this request insofar as it invades the

18  privacy and/or confidentiality of other individuals who are not parties to this action. In

19  addition, Defendant objects to this request on the grounds that any such alleged

20  documents would already be within the possession, custody or control of Mattel.

21  Finally, Defendant objects to this request to the extent it seeks documents prepared in

22  anticipation of litigation or that are protected by the attorney-client privilege, joint

23  defense privilege, common interest privilege and/or the attorney work product

24  doctrine.

25      Without waiving and subject to the foregoing objections, Defendant responds as

26  follows: Subject to entry of the appropriate Protective Order, Defendant will produce

27  responsive non-privileged documents in his possession, custody or control.

28


LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

22



1   REQUEST FOR PRODUCTION NO. 22:

2     All COMMUNICATIONS between YOU and MGA that REFER OR RELATE

3   TO any work or services that YOU performed for or on behalf of Mattel, Inc. or

4   YOUR employment by Mattel, Inc.

5

6   RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

7     Defendant incorporates by reference each and every objection set forth above in

8   the General Objections. Defendant objects to this request on the grounds the terms

9   "work" and "services" are vague, ambiguous and fail to identify with sufficient

10   particularity the documents to be produced. Defendant further objects to this request

11   on the grounds that it is overbroad, unduly burdensome and unintelligible to the extent

12   it fails to identify a specific time period or proper subject matter, and on that basis

13   seeks documents not relevant to this action and not reasonably calculated to lead to the

14   discovery of admissible evidence. Defendant also objects to this request insofar as it

15   invades the privacy and/or confidentiality of other individuals who are not parties to

16   this action. Finally, Defendant objects to this request to the extent it seeks documents

17   prepared in anticipation of litigation or that are protected by the attorney-client

18   privilege, joint defense privilege, common interest privilege and/or the attorney work

19   product doctrine.

20     Without waiving and subject to the foregoing objections, Defendant responds as

21   follows: Subject to entry of the appropriate Protective Order, Defendant will produce

22   responsive non-privileged documents in his possession, custody or control that were

23   created prior to October 21, 2000.

24

25   REQUEST FOR PRODUCTION NO. 23:

26     All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS

27   between YOU and any officer, director, employee or representative of Mattel, Inc. that

28   REFER OR RELATE TO MGA or BRATZ.



23



EX. 13   PAGE ___