RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Defendant incorporates by reference each and every objection set forth above in the General Objections.  Defendant objects to this request on the grounds that the terms "officer" "director," "employee," and "representative of Mattel, Inc." are vague, ambiguous and fail to describe with sufficient particularity the documents to be produced and/or call for a legal conclusion.  Defendant also objects to this request on the grounds that it is overbroad, unduly burdensome and unintelligible to the extent it fails to identify a specific time period or proper subject matter, and on that basis seeks documents not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request to the extent it seeks confidential, proprietary or trade secret information belonging to third parties that are not parties to this suit.  Defendant also objects to this request insofar as it invades the privacy and/or confidentiality of other individuals who are not parties to this action.  Defendant further objects to this request on the grounds that any such alleged documents would already be within the possession, custody or control of Mattel.  Finally, Defendant objects to this request to the extent it seeks documents prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or the attorney work product doctrine.

Without waiving and subject to the foregoing objections, Defendant responds as follows:  Subject to entry of the appropriate Protective Order, Defendant will produce responsive non-privileged documents in his possession, custody or control.

REQUEST FOR PRODUCTION NO. 24:

All COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO BRATZ, including without limitation to any DESIGNS for BRATZ, prior to October 21, 2000.

24





EXHIBIT 13 PAGE____

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 24:</u>

Defendant incorporates by reference each and every objection set forth above in the General Objections. To the extent that this request calls for documents predating Defendant's employment with Mattel, this request is overbroad, unduly burdensome, seeks documents not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it seeks confidential, proprietary or trade secret information belonging to third parties that are not parties to this suit. Defendant also objects to this request insofar as it invades the privacy and/or confidentiality of other individuals who are not parties to this action. Finally, Defendant objects to this request to the extent it seeks documents prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or the attorney work product doctrine.

Without waiving and subject to the foregoing objections, Defendant responds as follows: Subject to entry of the appropriate Protective Order, Defendant will produce responsive non-privileged documents in his possession, custody or control.

<u>REQUEST FOR PRODUCTION NO. 25:</u>

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU and MGA prior to October 21, 2000, including without limitation all COMMUNICATIONS between YOU and MGA concerning YOUR performing work or services for or on behalf of MGA.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 25:</u>

Defendant incorporates by reference each and every objection set forth above in the General Objections. Defendant objects to this request on the ground that the terms "work" and "services" are vague, ambiguous and fail to identify with sufficient





EXHIBIT 13 PAGE____

1   particularity the documents to be produced.  To the extent that this request calls for

2   documents predating Defendant's employment with Mattel, this request is overbroad,

3   unduly burdensome, seeks documents not relevant to this action and not reasonably

4   calculated to lead to the discovery of admissible evidence.  Defendant further objects

5   to this request to the extent it seeks confidential, proprietary or trade secret

6   information belonging to third parties that are not parties to this suit.  Defendant also

7   objects to this request insofar as it invades the privacy and/or confidentiality of other

8   individuals who are not parties to this action.  Finally, Defendant objects to this

9   request to the extent it seeks documents prepared in anticipation of litigation or that

10  are protected by the attorney-client privilege, joint defense privilege, common interest

11  privilege and/or the attorney work product doctrine.

12      Without waiving and subject to the foregoing objections, Defendant responds as

13  follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

14  responsive non-privileged documents in his possession, custody or control.

15

16  <u>REQUEST FOR PRODUCTION. NO. 26:</u>

17      All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS

18  between YOU and MGA after October 20, 2000.

19

20  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 26:</u>

21      Defendant incorporates by reference each and every objection set forth above in

22  the General Objections.  To the extent that this request calls for documents after

23  Defendant left his employment with Mattel, this request is overbroad, unduly

24  burdensome, seeks documents not relevant to this action and is not reasonably

25  calculated to lead to the discovery of admissible evidence.  Moreover, this request is

26  overbroad, unduly burdensome and unintelligible to the extent that it fails to identify

27  any proper subject matter.  Defendant further objects to this request to the extent it

28  seeks confidential, proprietary or trade secret information belonging to third parties

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

26



 EXHIBIT ____ PAGE ____

002.7

1   that are not parties to this suit. Defendant also objects to this request insofar as it

2   invades the privacy and/or confidentiality of other individuals who are not parties to

3   this action. Finally, Defendant objects to this request to the extent it seeks documents

4   prepared in anticipation of litigation or that are protected by the attorney-client

5   privilege, joint defense privilege, common interest privilege and/or the attorney work

6   product doctrine.

7

8   REQUEST FOR PRODUCTION NO. 27:

9        All COMMUNICATIONS between YOU and any PERSON, including without

10  limitation MGA, that REFER OR RELATE TO any DESIGNS that YOU produced,

11  created, authored, conceived of or reduced to practice, whether alone or jointly with

12  others, during the time period(s) that YOU were employed by Mattel, Inc.

13

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

15       Defendant incorporates by reference each and every objection set forth above in

16  the General Objections. Defendant objects to this request on the grounds that the

17  terms "conceived," "reduced to practice" and "jointly with others" are vague,

18  ambiguous and fail to describe with sufficiently particularity the documents to be

19  produced and/or call for a legal conclusion. Moreover, Defendant objects to this

20  request to the extent it calls for information not relevant to any claim or defense in this

21  action. Defendant also objects to this request insofar as it potentially invades the

22  privacy and/or confidentiality of other individuals who are not parties to this action.

23  Defendant further objects to this request to the extent it seeks confidential, proprietary

24  or trade secret information belonging to third parties that are not parties to this suit.

25  Finally, Defendant objects to this request to the extent it seeks documents prepared in

26  anticipation of litigation or that are protected by the attorney-client privilege, joint

27  defense privilege, common interest privilege and/or the attorney work product

28  doctrine.

13

002 8

REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by any PERSON other than Mattel, Inc., including without limitation by MGA, for work, activities or services that YOU performed during the time period(s) that YOU were employed by Mattel, Inc.

RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Defendant incorporates by reference each and every objection set forth above in the General Objections. Defendant objects to this request on the ground that the terms "consideration," "other than Mattel, Inc.," "work," "activities," and "services" are vague, ambiguous and fail to identify with sufficient particularity the documents to be produced and/or call for a legal conclusion. Moreover, Defendant objects to this request to the extent it calls for information not relevant to any claim or defense in this action. Defendant also objects to this request to the extent that it potentially invades the privacy and/or confidentiality of other individuals who are not parties to this action. Defendant further objects to this request to the extent it seeks confidential, proprietary or trade secret information belonging to third parties that are not parties to this suit. Moreover, Defendant objects to this request on privilege and privacy grounds to the production of any tax returns or related documents. Finally, Defendant objects to this request to the extent it seeks documents prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or the attorney work product doctrine.

Without waiving and subject to the foregoing objections, Defendant responds as follows: Subject to entry of the appropriate Protective Order, Defendant will produce responsive non-privileged documents in his possession, custody or control for the time periods he was employed by Mattel.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by any PERSON other than Mattel, Inc., including without limitation by MGA, for DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Defendant incorporates by reference each and every objection set forth above in the General Objections. Defendant objects to this request on the ground that the terms "consideration," "other than Mattel, Inc.," "work," "activities," "services" "conceived," "reduced to practice" and "jointly with others" are vague, ambiguous and fail to identify with sufficient particularity the documents to be produced and/or call for a legal conclusion. Moreover, Defendant objects to this request to the extent it calls for information not relevant to any claim or defense in this action. Defendant also objects to this request insofar as it potentially invades the privacy and/or confidentiality of other individuals who are not parties to this action. Defendant further objects to this request to the extent it seeks confidential, proprietary or trade secret information belonging to third parties that are not parties to this suit. Defendant also objects to this request to the extent it seeks documents prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or the attorney work product doctrine. Finally, Defendant objects on privilege and privacy grounds to the production of any tax returns or related documents.

Without waiving and subject to the foregoing objections, Defendant responds as follows: Subject to entry of the appropriate Protective Order, Defendant will produce responsive non-privileged documents sufficient to show earnings related to the FIRST GENERATION OF BRATZ DESIGNS in his possession, custody or control.

29



1

2   <u>REQUEST FOR PRODUCTION NO. 30:</u>

3       All DOCUMENTS that REFER OR RELATE TO any payment of money or

4   consideration made to YOU or for YOUR benefit by MGA for services or work that

5   YOU performed for or on behalf of MGA during the time period(s) that YOU were

6   employed by Mattel, Inc.

7

8   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 30:</u>

9       Defendant incorporates by reference each and every objection set forth above in

10  the General Objections.  Defendant objects to this request on the ground that the terms

11  "consideration," "services" and "work" are vague, ambiguous and fail to identify with

12  sufficient particularity the documents to be produced and/or call for a legal

13  conclusion.  Moreover, Defendant objects to this request to the extent it calls for

14  information not relevant to any claim or defense in this action.  Defendant also objects

15  to this request insofar as it invades the privacy and/or confidentiality of other

16  individuals who are not parties to this action.  Defendant further objects to this request

17  to the extent it seeks confidential, proprietary or trade secret information belonging to

18  third parties that are not parties to this suit.  Defendant also objects to this request to

19  the extent it seeks documents prepared in anticipation of litigation or that are protected

20  by the attorney-client privilege, joint defense privilege, common interest privilege

21  and/or the attorney work product doctrine.  Finally, Defendant objects on privilege

22  and privacy grounds to the production of any tax returns or related documents.

23      Without waiving and subject to the foregoing objections, Defendant responds as

24  follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

25  responsive non-privileged documents sufficient to show earnings related to the FIRST

26  GENERATION OF BRATZ DESIGNS in his possession, custody or control.

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

13

REQUEST FOR PRODUCTION NO. 31:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for services or work that YOU performed for or on behalf of MGA prior to October 21, 2000.

RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Defendant incorporates by reference each and every objection set forth above in the General Objections. Defendant objects to this request on the ground that the terms "consideration," "services" and "work" are vague, ambiguous and fail to identify with sufficient particularity the documents to be produced and/or call for a legal conclusion. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it calls for documents predating Defendant's employment with Mattel, and on that basis seeks documents not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request insofar as it potentially invades the privacy and/or confidentiality of other individuals who are not parties to this action. Defendant further objects to this request to the extent it seeks confidential, proprietary or trade secret information belonging to third parties that are not parties to this suit. Defendant also objects on privilege and privacy grounds to production of any tax returns or related documents. Finally, Defendant objects to this request to the extent it seeks documents prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or attorney work product doctrine.

Without waiving and subject to the foregoing objections, Defendant responds as follows: Subject to entry of the appropriate Protective Order, Defendant will produce responsive non-privileged documents in his possession, custody or control sufficient to show earnings related to the FIRST GENERATION OF BRATZ DESIGNS.

LITTLER MENDELSON

31

EXHIBIT 13

REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for services or work that YOU performed for or on behalf of MGA after October 20, 2000.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Defendant incorporates by reference each and every objection set forth above in the General Objections. Defendant objects to this request on the ground that the terms "consideration," "services" and "work" are vague, ambiguous and fail to identify with sufficient particularity the documents to be produced and/or call for a legal conclusion. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it calls for documents after the time Defendant left his employment with Mattel, and on that basis seeks documents not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request insofar as it potentially invades the privacy and/or confidentiality of other individuals who are not parties to this action. Defendant further objects to this request to the extent it seeks confidential, proprietary or trade secret information belonging to third parties that are not parties to this suit. Furthermore, Defendant objects to this request to the extent it seeks documents prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or the attorney work product doctrine. Finally, Defendant objects on privilege and privacy grounds to production of any tax returns or related documents.

Without waiving and subject to the foregoing objections, Defendant responds as follows: Subject to entry of the appropriate Protective Order, Defendant will produce non-privileged documents in his possession, custody or control sufficient to demonstrate earnings related to the FIRST GENERATION BRATZ DESIGNS.

32





EXHIBIT 13 PAGE 00210

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for any DESIGNS, or for any right, title or interest in any DESIGNS, that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Defendant incorporates by reference each and every objection set forth above in the General Objections. Defendant objects to this request on the ground that the terms "consideration," "right," "title," "interest" "conceived," "reduced to practice" and "jointly with others" are vague, ambiguous and fail to identify with sufficient particularity the documents to be produced and/or call for a legal conclusion. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it calls for documents predating Defendant's employment with Mattel, and on that basis seeks documents not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request insofar as it potentially invades the privacy and/or confidentiality of other individuals who are not parties to this action. Defendant further objects to this request to the extent it seeks confidential, proprietary or trade secret information belonging to third parties that are not parties to this suit. Defendant also objects on privilege and privacy grounds to production of any tax returns or related documents. Finally, Defendant objects to this request to the extent it seeks documents prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or the attorney work product doctrine.

Without waiving and subject to the foregoing objections, Defendant responds as follows: Subject to entry of the appropriate Protective Order, Defendant will produce

33

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308


00214
EXHIBIT 13 PAGE ____

1    non-privileged documents in his possession, custody or control sufficient to

2    demonstrate earnings related to the FIRST GENERATION BRATZ DESIGNS.

3

4    <u>REQUEST FOR PRODUCTION NO. 34:</u>

5        All DOCUMENTS that REFER OR RELATE TO any payment of money or

6    consideration made to YOU or for YOUR benefit by MGA for any DESIGNS, or for

7    any right, title or interest in any DESIGNS, that YOU produced, created, authored,

8    conceived of or reduced to practice, whether alone or jointly with others, after October

9    20, 2000.

10

11    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 34:</u>

12        Defendant incorporates by reference each and every objection set forth above in

13    the General Objections. Defendant objects to this request on the ground that the terms

14    "consideration," "right," "title," "interest" "conceived," "reduced to practice" and

15    "jointly with others" are vague, ambiguous and fail to identify with sufficient

16    particularity the documents to be produced and/or call for a legal conclusion.

17    Defendant further objects to this request on the grounds that it is overbroad and

18    unduly burdensome to the extent that it calls for documents after the time Defendant

19    left his employment with Mattel, and on that basis seeks documents not relevant to

20    this action and not reasonably calculated to lead to the discovery of admissible

21    evidence. Defendant also objects to this request insofar as it potentially invades the

22    privacy and/or confidentiality of other individuals who are not parties to this action.

23    Defendant further objects to this request to the extent it seeks confidential, proprietary

24    or trade secret information belonging to third parties that are not parties to this suit.

25    Defendant also objects to this request to the extent it seeks documents prepared in

26    anticipation of litigation or that are protected by the attorney-client privilege, joint

27    defense privilege, common interest privilege and/or the attorney work product

28    doctrine. Finally, Defendant objects on privilege and privacy grounds to production

34

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

EXHIBIT 13

00010

1    of any tax returns or related documents.

2        Without waiving and subject to the foregoing objections, Defendant responds as

3    follows:   Subject to entry of the appropriate Protective Order, Defendant will produce

4    non-privileged documents in his possession, custody or control sufficient to

5    demonstrate earnings related to the FIRST GENERATION BRATZ DESIGNS.

6

7    REQUEST FOR PRODUCTION NO. 35:

8        All of YOUR royalty statements from MGA.

9

10   RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

11       Defendant incorporates by reference each and every objection set forth above in

12   the General Objections.  Defendant objects to this request on the grounds that the

13   phrase "royalty statements" is vague, ambiguous and fails to identify the documents to

14   be produced with sufficient particularity and/or calls for a legal conclusion.

15   Moreover, Defendant objects to this request to the extent it calls for information not

16   relevant to any claim or defense in this action.  Defendant also objects to this request

17   insofar as it potentially invades the privacy and/or confidentiality of other individuals

18   who are not parties to this action.  Defendant further objects to this request to the

19   extent it seeks confidential, proprietary or trade secret information belonging to third

20   parties that are not parties to this suit.  Finally, Defendant objects to this request to the

21   extent it seeks documents prepared in anticipation of litigation or that are protected by

22   the attorney-client privilege, joint defense privilege, common interest privilege and/or

23   the attorney work product doctrine.

24

25   REQUEST FOR PRODUCTION NO. 36:

26       All DOCUMENTS that REFER OR RELATE TO BRATZ, including without

27   limitation all DOCUMENTS that REFER OR RELATE TO the conception, creation,

28   design, development, engineering or sculpting of BRATZ.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT 13        00216

1

2   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 36:</u>

3       Defendant incorporates by reference each and every objection set forth above in

4   the General Objections.  To the extent this request seeks documents before or after

5   Defendant was employment by Mattel, Defendant objects to this request on the

6   grounds that is overbroad, unduly burdensome and seeks documents not reasonably

7   calculated to lead to the discovery of admissible evidence.  Moreover, Defendant

8   objects to this request to the extent it calls for information not relevant to any claim or

9   defense in this action.  Defendant objects to this request to the extent that it potentially

10  invades the privacy and/or confidentiality of other individuals who are not parties to

11  this action.  Defendant further objects to this request to the extent it seeks confidential,

12  proprietary or trade secret information belonging to third parties that are not parties to

13  this suit.  Finally, Defendant objects to this request to the extent it seeks documents

14  prepared in anticipation of litigation or that are protected by the attorney-client

15  privilege, joint defense privilege, common interest privilege and/or the attorney work

16  product doctrine.

17

18  <u>REQUEST FOR PRODUCTION NO. 37:</u>

19      All DOCUMENTS that REFER OR RELATE TO work, activities or services

20  that YOU performed concerning BRATZ during the time period(s) that YOU were

21  employed by Mattel, Inc.

22

23  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 37:</u>

24      Defendant incorporates by reference each and every objection set forth above in

25  the General Objections.  Defendant objects to this request on the grounds the terms

26  "work," "activities," and "services" are vague, ambiguous and fail to describe with

27  sufficient clarity the documents to be produced.  Moreover, Defendant objects to this

28  request to the extent it calls for information not relevant to any claim or defense in this

36

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310 553 0308

13   00217

1   action. Defendant also objects to this request insofar as it potentially invades the

2   privacy and/or confidentiality of other individuals who are not parties to this action.

3   Defendant further objects to this request to the extent it seeks confidential, proprietary

4   or trade secret information belonging to third parties that are not parties to this suit.

5   Finally, Defendant objects to this request to the extent it seeks documents prepared in

6   anticipation of litigation or that are protected by the attorney-client privilege, joint

7   defense privilege, common interest privilege and/or the attorney work product

8   doctrine.

9        Without waiving and subject to the foregoing objections, Defendant responds as

10  follows: Subject to entry of the appropriate Protective Order, Defendant will produce

11  responsive non-privileged documents in his possession, custody and control relating to

12  the time periods he was employed by Mattel.

13

14  REQUEST FOR PRODUCTION NO. 38:

15       All DOCUMENTS that REFER OR RELATE TO work, activities or services

16  that YOU performed concerning BRATZ prior to October 21, 2000.

17

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

19       Defendant incorporates by reference each and every objection set forth above in

20  the General Objections. Defendant objects to this request on the grounds the terms

21  "work," "activities," and "services" are vague, ambiguous and fail to describe with

22  sufficient particularity the documents to be produced. Defendant further objects to

23  this request on the grounds that it is overbroad and unduly burdensome to the extent

24  that it seeks documents predating Defendant's employment with Mattel, and on that

25  basis seeks information not relevant to this action and not reasonably calculated to

26  lead to the discovery of admissible evidence. Defendant also objects to this request

27  insofar as it potentially invades the privacy and/or confidentiality of other individuals

28  who are not parties to this action. Defendant further objects to this request to the



37

EXHIBIT  PAGE _____

1  extent it seeks confidential, proprietary or trade secret information belonging to third

2  parties that are not parties to this suit.  Finally, Defendant objects to this request to the

3  extent it seeks documents prepared in anticipation of litigation or that are protected by

4  the attorney-client privilege, joint defense privilege, common interest privilege and/or

5  the attorney work product doctrine.

6      Without waiving and subject to the foregoing objections, Defendant responds as

7  follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

8  responsive non-privileged documents in his possession, custody or control.

9

10  REQUEST FOR PRODUCTION NO. 39:

11      All DOCUMENTS that REFER OR RELATE TO work, activities or services

12  that YOU performed concerning BRATZ after October 20, 2000.

13

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

15      Defendant incorporates by reference each and every objection set forth above in

16  the General Objections.  Defendant objects to this request on the grounds the terms

17  "work," "activities," and "services" are vague, ambiguous and fail to describe with

18  sufficient clarity the documents to be produced.  Defendant further objects to this

19  request on the grounds that it is overbroad and unduly burdensome to the extent that it

20  seeks documents after the date Defendant left his employment with Mattel, and on that

21  basis seeks information not relevant to this action and not reasonably calculated to

22  lead to the discovery of admissible evidence.  Defendant also objects to this request

23  insofar as it potentially invades the privacy and/or confidentiality of other individuals

24  who are not parties to this action.  Defendant further objects to this request to the

25  extent it seeks confidential, proprietary or trade secret information belonging to third

26  parties that are not parties to this suit.  Finally, Defendant objects to this request to the

27  extent it seeks documents prepared in anticipation of litigation or that are protected by

28  the attorney-client privilege, joint defense privilege, common interest privilege and/or

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

EXHIBIT 13                    −00019

1   the attorney work product doctrine.

2

3   REQUEST FOR PRODUCTION NO. 40:

4       All DOCUMENTS that REFER OR RELATE TO YOUR participation in the

5   conception, creation, design, development, sculpting, tooling, production or

6   manufacture of BRATZ.

7

8   RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

9       Defendant incorporates by reference each and every objection set forth above in

10  the General Objections.  Defendant objects to this request on the grounds that is

11  overbroad, unduly burdensome and seeks documents not reasonably calculated to lead

12  to the discovery of admissible evidence to the extent it seeks documents before

13  Defendant worked for Mattel or after Defendant ended his employment with Mattel.

14  Moreover, Defendant objects to this request to the extent it calls for information not

15  relevant to any claim or defense in this action.  Defendant also objects to this request

16  to the extent that it potentially invades the privacy and/or confidentiality of other

17  individuals who are not parties to this action.  Defendant further objects to this request

18  to the extent it seeks confidential, proprietary or trade secret information belonging to

19  third parties that are not parties to this suit.  Finally, Defendant objects to this request

20  to the extent it seeks documents prepared in anticipation of litigation or that are

21  protected by the attorney-client privilege, joint defense privilege, common interest

22  privilege and/or the attorney work product doctrine.

23      Without waiving and subject to the foregoing objections, Defendant responds as

24  follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

25  responsive non-privileged documents in his possession, custody or control relating to

26  the FIRST GENERATION BRATZ DESIGNS.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0808

39

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for BRATZ.

RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Defendant incorporates by reference each and every objection set forth above in the General Objections. Defendant objects to this request on the grounds that it is overbroad as to time and scope and on that basis is unintelligible. Moreover, this request is unduly burdensome in that there could be millions of pages of documents on the general topic of "DESIGNS for BRATZ" or "BRATZ." Moreover, Defendant objects to this request to the extent it calls for information not relevant to any claim or defense in this action. Defendant also objects to this request to the extent that it potentially invades the privacy and/or confidentiality of other individuals who are not parties to this action. Defendant further objects to this request to the extent it seeks confidential, proprietary or trade secret information belonging to third parties that are not parties to this suit. Finally, Defendant objects to this request to the extent it seeks documents prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or the attorney work product doctrine.

Without waiving and subject to the foregoing objections, Defendant responds as follows: Subject to entry of the appropriate Protective Order, Defendant will produce responsive non-privileged documents in his possession, custody or control relating to the FIRST GENERATION BRATZ DESIGNS.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for BRATZ that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.





1

2   RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

3        Defendant incorporates by reference each and every objection set forth above in

4   the General Objections.  Defendant objects to this request on the grounds that the

5   phrases "conceived," "reduced to practice" and "jointly with others" are vague,

6   ambiguous and fail to describe with sufficiently particularity the documents requested

7   and/or call for a legal conclusion.  Defendant also objects to this request insofar as it

8   potentially invades the privacy and/or confidentiality of other individuals who are not

9   parties to this action.  Defendant further objects to this request to the extent it seeks

10  confidential, proprietary or trade secret information belonging to third parties that are

11  not parties to this suit.  Moreover, Defendant objects to this request on the basis that it

12  seeks information not relevant to this action and not reasonably calculated to lead to

13  the discovery of admissible evidence.  Finally, Defendant objects to this request to the

14  extent it seeks documents prepared in anticipation of litigation or that are protected by

15  the attorney-client privilege, joint defense privilege, common interest privilege and/or

16  the attorney work product doctrine.

17

18  REQUEST FOR PRODUCTION NO. 43:

19       All DOCUMENTS that REFER OR RELATE TO any right, title or interest that

20  YOU claim, or ever have claimed, to have or own in BRATZ or any DESIGN for

21  BRATZ.

22

23  RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

24       Defendant incorporates by reference each and every objection set forth above in

25  the General Objections.  Defendant objects to this request on the grounds that the

26  terms "right," "title" "interest" and "own" are vague, ambiguous and fail to describe

27  with sufficient particularity the documents to be produced and/or call for a legal

28  conclusion.  Defendant also objects to this request insofar as it invades the privacy



00222

1    and/or confidentiality of other individuals who are not parties to this action.

2    Defendant further objects to this request to the extent it seeks confidential, proprietary

3    or trade secret information belonging to third parties that are not parties to this suit.

4    To the extent this request seeks documents that predate Defendant's employment with

5    Mattel, it is overbroad, unduly burdensome and not reasonably calculated to lead to

6    the discovery of admissible evidence. Moreover, Defendant objects to this request to

7    the extent it calls for information not relevant to any claim or defense in this action.

8    Finally, Defendant objects to this request to the extent it seeks documents potentially

9    prepared in anticipation of litigation or that are protected by the attorney-client

10   privilege, joint defense privilege, common interest privilege and/or the attorney work

11   product doctrine.

12        Without waiving and subject to the foregoing objections, Defendant responds as

13   follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

14   non-privileged documents responsive to this request in his possession, custody or

15   control.

16

17   REQUEST FOR PRODUCTION NO. 44:

18        All DOCUMENTS that REFER OR RELATE TO any amount that YOU have

19   been paid for the license, sale, conveyance, assignment or transfer of any right, title or

20   interest that YOU claim, or ever have claimed, to have or own in BRATZ or any

21   DESIGN for BRATZ.

22

23   RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

24        Defendant incorporates by reference each and every objection set forth above in

25   the General Objections. Defendant objects to this request on the ground that the terms

26   "license," "sale," "conveyance," "assignment," "transfer," "right," "title," "interest"

27   and "own" are vague, ambiguous and fail to describe with sufficient particularity the

28   documents to be produced and/or call for a legal conclusion. To the extent this

42


LITTLER MENDELSON



1  request seeks documents that predate or postdate Defendant's employment with

2  Mattel, it is overbroad, unduly burdensome and not reasonably calculated to lead to

3  the discovery of admissible evidence.  Moreover, Defendant objects to this request to

4  the extent it calls for information not relevant to any claim or defense in this action.

5  Defendant also objects to this request insofar as it invades the privacy and/or

6  confidentiality of other individuals who are not parties to this action.  Defendant

7  further objects to this request to the extent it seeks confidential, proprietary or trade

8  secret information belonging to third parties that are not parties to this suit.  Finally,

9  Defendant objects to this request to the extent it seeks documents potentially prepared

10  in anticipation of litigation or that are protected by the attorney-client privilege, joint

11  defense privilege, common interest privilege and/or the attorney work product

12  doctrine.

13       Without waiving and subject to the foregoing objections, Defendant responds as

14  follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

15  responsive non-privileged documents in his possession, custody or control evidencing

16  earnings from the FIRST GENERATION BRATZ DESIGNS.

17

18  REQUEST FOR PRODUCTION NO. 45:

19       All DOCUMENTS that REFER OR RELATE TO any amount that YOU have

20  been paid by any PERSON other than Mattel, Inc. for the license, sale, conveyance,

21  assignment or transfer of any right, title or interest in any DESIGN, including without

22  limitation for any DESIGN for BRATZ, that YOU produced, created, authored,

23  conceived of or reduced to practice, whether alone or jointly with others, during the

24  time period(s) that YOU were employed by Mattel, Inc.

25

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

27       Defendant incorporates by reference each and every objection set forth above in

28  the General Objections.  Defendant objects to this request on the ground that the terms

LITTLER MENDELSON

EXHIBIT 13 PAGE____

00224

1    "other than Mattel, Inc.," "license," "sale," "conveyance," "assignment," "transfer,"

2    "right," "title," "interest," "conceived," "reduced to practice" and "jointly with others"

3    are vague, ambiguous and fail to describe with sufficient particularity the documents

4    to be produced and/or call for a legal conclusion.  Furthermore, Defendant objects to

5    this request to the extent it calls for information not relevant to any claim or defense in

6    this action.  Defendant also objects to this request insofar as it invades the privacy

7    and/or confidentiality of other individuals who are not parties to this action.

8    Defendant further objects to this request to the extent it seeks confidential, proprietary

9    or trade secret information belonging to third parties that are not parties to this suit.

10   Moreover, Defendant objects to this request to the extent it seeks documents

11   potentially prepared in anticipation of litigation or that are protected by the attorney-

12   client privilege, joint defense privilege, common interest privilege and/or the attorney

13   work product doctrine.  Finally, Defendant objects on privilege and privacy grounds to

14   production of any tax returns or related documents.

15        Without waiving and subject to the foregoing objections, Defendant responds as

16   follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

17   responsive non-privileged documents in his possession, custody or control evidencing

18   earnings from the FIRST GENERATION BRATZ DESIGNS.

19

20   REQUEST FOR PRODUCTION NO. 46:

21        All DOCUMENTS that REFER OR RELATE TO any work, activities or

22   services that YOU performed in connection with dolls, doll accessories or toys

23   between April 30, 1998 and January 4, 1999.

24

25   RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

26        Defendant incorporates by reference each and every objection set forth above in

27   the General Objections.  Defendant objects to this request on the grounds that the

28   terms "work," "activities," "services," "dolls," "doll accessories" and "toys" are vague



44

EXHIBIT 13 PAGE___      00225

1   and ambiguous and fail to describe with sufficient particularity the documents

2   requested. To the extent this request may call for documents during a time period

3   during which Defendant was not an employee of Mattel, it is overbroad, unduly

4   burdensome not reasonably calculated to lead to the discovery of admissible evidence.

5   Moreover, Defendant objects to this request to the extent it calls for information not

6   relevant to any claim or defense in this action. Defendant further objects to this

7   request to the extent it invades the privacy and/or confidentiality of other individuals

8   who are not parties to this action. Defendant also objects to this request to the extent

9   it seeks confidential, proprietary or trade secret information belonging to third parties

10   that are not parties to this suit. Finally, Defendant objects to this request to the extent

11   it seeks documents potentially prepared in anticipation of litigation or that are

12   protected by the attorney-client privilege, joint defense privilege, common interest

13   privilege and/or the attorney work product doctrine.

14        Without waiving and subject to the foregoing objections, Defendant responds as

15   follows: Subject to entry of the appropriate Protective Order, Defendant will produce

16   responsive non-privileged documents in his possession, custody or control.

17

18   REQUEST FOR PRODUCTION NO. 47:

19        All DOCUMENTS that REFER OR RELATE TO DESIGNS for dolls, doll

20   accessories or toys that YOU produced, created, authored, conceived of or reduced to

21   practice, whether alone or jointly with others, between April 30, 1998 and January 4,

22   1999.

23

24   RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

25        Defendant incorporates by reference each and every objection set forth above in

26   the General Objections. Defendant objects to this request on the grounds that the

27   terms "dolls," "doll accessories," "toys," "conceived," "reduced to practice" and

28   "jointly with others" are vague, ambiguous and fail to describe with sufficient



45



1   particularity the documents to be produced and/or call for a legal conclusion.  To the

2   extent this request calls for documents during a time period during which Defendant

3   was not an employee of Mattel, it is overbroad, unduly burdensome and not

4   reasonably calculated to lead to the discovery of admissible evidence.  Moreover,

5   Defendant objects to this request to the extent it calls for information not relevant to

6   any claim or defense in this action.  Defendant objects to this request to the extent it

7   invades the privacy and/or confidentiality of other individuals who are not parties to

8   this action.  Defendant also objects to this request to the extent it seeks confidential,

9   proprietary or trade secret information belonging to third parties that are not parties to

10  this suit.  Finally, Defendant objects to this request to the extent it seeks documents

11  potentially prepared in anticipation of litigation or that are protected by the attorney-

12  client privilege, joint defense privilege, common interest privilege and/or the attorney

13  work product doctrine.

14      Without waiving and subject to the foregoing objections, Defendant responds as

15  follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

16  responsive non-privileged documents in his possession, custody or control.

17

18  REQUEST FOR PRODUCTION NO. 48:

19      All DOCUMENTS that REFER OR RELATE TO this action, including without

20  limitation all DOCUMENTS that REFER OR RELATE TO any indemnification that

21  YOU have sought, proposed, requested or obtained in connection with the claims

22  asserted in this action.

23

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

25      Defendant incorporates by reference each and every objection set forth above in

26  the General Objections.  Defendant objects to this request on the grounds that the term

27  "indemnification" is vague, ambiguous and fails to identify with sufficient

28  particularity the documents to be produced and/or calls for a legal conclusion.



46

EXHIBIT 13 PAGE ____    00227

1    Moreover, Defendant objects to this request to the extent it calls for information not

2    relevant to any claim or defense in this action and is not reasonably calculated to lead

3    to the discovery of admissible evidence.  Defendant also objects to this request to the

4    extent it invades the privacy and/or confidentiality of other individuals who are not

5    parties to this action.  Defendant further objects to this request to the extent it seeks

6    documents potentially prepared in anticipation of litigation or that are protected by the

7    attorney-client privilege, joint defense privilege, common interest privilege and/or the

8    attorney work product doctrine.

9

10   REQUEST FOR PRODUCTION NO. 49:

11          All DOCUMENTS that YOU obtained during the course of YOUR

12   employment by Mattel, Inc. that REFER OR RELATE TO dolls, doll accessories or

13   toys.

14

15   RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

16          Defendant incorporates by reference each and every objection set forth above in

17   the General Objections.  Defendant objects to this request on the grounds that the

18   terms "obtained," "dolls," "doll accessories" and "toys" are vague, ambiguous,

19   unintelligible and fail to describe with sufficient particularity the documents to be

20   produced.  Defendant further objects to this request on the grounds that it is overbroad

21   as to time and scope and on that basis is unintelligible.  Moreover, any such alleged

22   documents would already be within the possession, custody or control of Mattel.

23   Moreover, Defendant objects to this request to the extent it calls for information not

24   relevant to any claim or defense in this action and is not reasonably calculated to lead

25   to the discovery of admissible evidence.  Finally, Defendant objects to this request to

26   the extent it seeks documents potentially prepared in anticipation of litigation or that

27   are protected by the attorney-client privilege, joint defense privilege, common interest

28   privilege and/or the attorney work product doctrine.

LITTLER MENDELSON

13    00220

1

2   REQUEST FOR PRODUCTION NO. 50:

3        All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that were

4   prepared, authored or created by Mattel, Inc. or any officer, director, employee or

5   representative of Mattel, Inc., that YOU have ever provided to, shown, described to,

6   communicated to or disclosed in any manner to MGA.

7

8   RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

9        Defendant incorporates by reference each and every objection set forth above in

10  the General Objections.  Defendant objects to this request on the grounds that the

11  terms "provided," "shown," "described," "communicated," "disclosed," "officer,"

12  "director," and "employee" are vague, ambiguous and fail to describe with sufficient

13  particularity the documents to be produced and/or call for a legal conclusion.

14  Moreover, Defendant objects to this request to the extent it calls for information not

15  relevant to any claim or defense in this action.  Defendant further objects to this

16  request to the extent it potentially invades the privacy and/or confidentiality of other

17  individuals who are not parties to this action.  Defendant also objects to this request to

18  the extent it seeks confidential, proprietary or trade secret information belonging to

19  third parties that are not parties to this suit.  Finally, Defendant objects to this request

20  to the extent it seeks documents potentially prepared in anticipation of litigation or

21  that are protected by the attorney-client privilege, joint defense privilege, common

22  interest privilege and/or the attorney work product doctrine.

23

24  REQUEST FOR PRODUCTION NO. 51:

25       All prototypes, models and samples that REFER OR RELATE TO DESIGNS

26  that YOU produced, created, authored, conceived of or reduced to practice, whether

27  alone or jointly with others, during the time period(s) that YOU were employed by

28  Mattel, Inc.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

48



RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

     Defendant incorporates by reference each and every objection set forth above in the General Objections. Defendant objects to this request on the grounds that the terms "prototypes," "models," "samples," "conceived," "reduced to practice" and "jointly with others" are vague, ambiguous and fail to describe with sufficient particularity the documents to be produced and/or call for a legal conclusion. Moreover, Defendant objects to this request to the extent it calls for information not relevant to any claim or defense in this action. Defendant objects to this request to the extent it potentially invades the privacy and/or confidentiality of other individuals who are not parties to this action. Defendant also objects to this request to the extent it seeks confidential, proprietary or trade secret information belonging to third parties that are not parties to this suit. Furthermore, Defendant objects to this request to the extent that it calls for documents already within the possession, custody and control of Mattel, Inc. Finally, Defendant objects to this request to the extent it seeks documents potentially prepared in anticipation of litigation or that are protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or the attorney work product doctrine.

     Without waiving and subject to the foregoing objections, Defendant responds as follows: Subject to entry of the appropriate Protective Order, Defendant will produce responsive non-privileged documents in his possession, custody and control for the time periods he was employed by Mattel.

REQUEST FOR PRODUCTION NO. 52:

     All prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

LITTLER MENDELSON



1

2   RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

3          Defendant incorporates by reference each and every objection set forth above in

4   the General Objections.  Defendant objects to this request on the grounds that the

5   terms "prototypes," "models," "samples," "tangible items," "dolls," "doll

6   accessories," "toys," "conceived," "reduced to practice" and "jointly with others" are

7   vague, ambiguous and fail to describe with sufficient particularity the documents to be

8   produced and/or call for a legal conclusion.  Defendant further objects to this request

9   on the grounds that it is overbroad and unduly burdensome to the extent that it calls

10  for documents predating Defendant's employment with Mattel, and on that basis seeks

11  information not relevant to this action and not reasonably calculated to lead to the

12  discovery of admissible evidence.  Defendant objects to this request to the extent it

13  potentially invades the privacy and/or confidentiality of other individuals who are not

14  parties to this action.  Defendant also objects to this request to the extent it seeks

15  confidential, proprietary or trade secret information belonging to third parties that are

16  not parties to this suit.  Finally, Defendant objects to this request to the extent it seeks

17  documents potentially prepared in anticipation of litigation or that are protected by the

18  attorney-client privilege, joint defense privilege, common interest privilege and/or the

19  attorney work product doctrine.

20

21  REQUEST FOR PRODUCTION NO. 53:

22          All prototypes, models, samples and tangible items that REFER OR RELATE

23  TO DESIGNS for dolls, doll accessories or toys that YOU produced, created,

24  authored, conceived of or reduced to practice, whether alone or jointly with others,

25  after October 20, 2000.

26

27  RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

28          Defendant incorporates by reference each and every objection set forth above in

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

EXHIBIT  13

00231

1  the General Objections.  Defendant objects to this request on the grounds that the

2  terms "prototypes," "models," "samples," "tangible items," "dolls," "doll

3  accessories," "toys," "conceived," "reduced to practice" and "jointly with others" are

4  vague, ambiguous and fail to describe with sufficient particularity the documents to be

5  produced and/or call for a legal conclusion.  Defendant further objects to this request

6  on the grounds that it is overbroad and unduly burdensome to the extent that it calls

7  for documents after Defendant left his employment with Mattel, and on that basis

8  seeks information not relevant to this action and not reasonably calculated to lead to

9  the discovery of admissible evidence.  Defendant objects to this request to the extent it

10  potentially invades the privacy and/or confidentiality of other individuals who are not

11  parties to this action.  Defendant also objects to this request to the extent it seeks

12  confidential, proprietary or trade secret information belonging to third parties that are

13  not parties to this suit.  Finally, Defendant objects to this request to the extent it seeks

14  documents potentially prepared in anticipation of litigation or that are protected by the

15  attorney-client privilege, joint defense privilege, common interest privilege and/or the

16  attorney work product doctrine.

17       Without waiving and subject to the foregoing objections, Defendant responds as

18  follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

19  responsive non-privileged documents in his possession, custody or control regarding

20  the FIRST GENERATION BRATZ DESIGNS.

21

22  <u>REQUEST FOR PRODUCTION NO. 54:</u>

23       All prototypes, models, samples and tangible items that REFER OR RELATE

24  TO BRATZ.

25

26  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 54:</u>

27       Defendant incorporates by reference each and every objection set forth above in

28  the General Objections.  Defendant objects to this request on the grounds that the

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

 

EXHIBIT 13 PAGE____

1   terms "prototypes," "models," "samples," and "tangible items," are vague, ambiguous

2   and fail to describe with sufficient particularity the items to be produced.  Defendant

3   further objects to this request on the grounds that it is overbroad and unduly

4   burdensome to the extent that it calls for documents before Defendant worked for

5   Mattel and after Defendant left his employment with Mattel, and on that basis seeks

6   information not relevant to this action and not reasonably calculated to lead to the

7   discovery of admissible evidence.  Defendant also objects to this request to the extent

8   it potentially invades the privacy and/or confidentiality of other individuals who are

9   not parties to this action.  Defendant also objects to this request to the extent it seeks

10   confidential, proprietary or trade secret information belonging to third parties that are

11   not parties to this suit.  Finally, Defendant objects to this request to the extent it seeks

12   documents potentially prepared in anticipation of litigation or that are protected by the

13   attorney-client privilege, joint defense privilege, common interest privilege and/or the

14   attorney work product doctrine.

15        Without waiving and subject to the foregoing objections, Defendant responds as

16   follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

17   responsive non-privileged documents in his possession, custody or control regarding

18   the FIRST GENERATION BRATZ DESIGNS.

19

20   REQUEST FOR PRODUCTION NO. 55:

21        All DOCUMENTS and all prototypes, models, samples and tangible items that

22   support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR

23   Affirmative Defenses in this action.

24

25   RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

26        Defendant incorporates by reference each and every objection set forth above in

27   the General Objections.  Defendant objects to this request on the grounds that the

28   terms "prototypes," "models," "samples," "tangible items," "support," "refute," and



EXHIBIT 13 PAGE _____

1  "Affirmative Defenses" are vague, ambiguous and fail to describe with sufficient

2  particularity the documents to be produced and/or call for a legal conclusion.

3  Defendant further objects to this request on the grounds that it is overbroad and

4  unduly burdensome to the extent that it calls for documents before Defendant worked

5  for Mattel and after Defendant left his employment with Mattel, and on that basis

6  seeks information not relevant to this action and not reasonably calculated to lead to

7  the discovery of admissible evidence.  Defendant also objects to this request to the

8  extent it potentially invades the privacy and/or confidentiality of other individuals

9  who are not parties to this action.  Defendant also objects to this request to the extent

10  it seeks confidential, proprietary or trade secret information belonging to third parties

11  that are not parties to this suit.  Finally, Defendant objects to this request to the extent

12  it seeks documents potentially prepared in anticipation of litigation or that are

13  protected by the attorney-client privilege, joint defense privilege, common interest

14  privilege and/or the attorney work product doctrine.

15      Without waiving and subject to the foregoing objections, Defendant responds as

16  follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

17  responsive non-privileged documents in his possession, custody or control.

18  Dated: July 16, 2004

19

20

21  ROBERT F. MILLMAN
    DOUGLAS A. WICKHAM
22  LITTLER MENDELSON
    A Professional Corporation
23  Attorneys for Defendant
    CARTER BRYANT
24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

53

EXHIBIT 13 PAGE _____ 0020_

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California  90067.3107. On July 16, 2004, I served the within document(s):

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION AND DOCUMENTS AND TANGIBLE THINGS**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart
    Oliver & Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA  90017

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on July 16, 2004, at Los Angeles, California.

_____
Criss A. Draper

1

2  RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

3       Defendant incorporates by reference each and every objection set forth above in

4  the General Objections.  Defendant objects to this request on the grounds that the

5  terms "prototypes," "models," "samples," "conceived," "reduced to practice" and

6  "jointly with others" are vague, ambiguous and fail to describe with sufficient

7  particularity the documents to be produced and/or call for a legal conclusion.

8  Moreover, Defendant objects to this request to the extent it calls for information not

9  relevant to any claim or defense in this action.  Defendant objects to this request to the

10  extent it potentially invades the privacy and/or confidentiality of other individuals

11  who are not parties to this action.  Defendant also objects to this request to the extent

12  it seeks confidential, proprietary or trade secret information belonging to third parties

13  that are not parties to this suit.  Furthermore, Defendant objects to this request to the

14  extent that it calls for documents already within the possession, custody and control of

15  Mattel, Inc.  Finally, Defendant objects to this request to the extent it seeks documents

16  potentially prepared in anticipation of litigation or that are protected by the attorney-

17  client privilege, joint defense privilege, common interest privilege and/or the attorney

18  work product doctrine.

19       Without waiving and subject to the foregoing objections, Defendant responds as

20  follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

21  responsive non-privileged documents in his possession, custody and control for the

22  time periods he was employed by Mattel.

23

24  REQUEST FOR PRODUCTION NO. 52:

25       All prototypes, models, samples and tangible items that REFER OR RELATE

26  TO DESIGNS for dolls, doll accessories or toys that YOU produced, created,

27  authored, conceived of or reduced to practice, whether alone or jointly with others,

28  prior to October 21, 2000.

49

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

13

092.90

1

2   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 52</u>:

3       Defendant incorporates by reference each and every objection set forth above in

4   the General Objections.  Defendant objects to this request on the grounds that the

5   terms "prototypes," "models," "samples," "tangible items," "dolls," "doll

6   accessories," "toys," "conceived," "reduced to practice" and "jointly with others" are

7   vague, ambiguous and fail to describe with sufficient particularity the documents to be

8   produced and/or call for a legal conclusion.  Defendant further objects to this request

9   on the grounds that it is overbroad and unduly burdensome to the extent that it calls

10  for documents predating Defendant's employment with Mattel, and on that basis seeks

11  information not relevant to this action and not reasonably calculated to lead to the

12  discovery of admissible evidence.  Defendant objects to this request to the extent it

13  potentially invades the privacy and/or confidentiality of other individuals who are not

14  parties to this action.  Defendant also objects to this request to the extent it seeks

15  confidential, proprietary or trade secret information belonging to third parties that are

16  not parties to this suit.  Finally, Defendant objects to this request to the extent it seeks

17  documents potentially prepared in anticipation of litigation or that are protected by the

18  attorney-client privilege, joint defense privilege, common interest privilege and/or the

19  attorney work product doctrine.

20

21  <u>REQUEST FOR PRODUCTION NO. 53</u>:

22      All prototypes, models, samples and tangible items that REFER OR RELATE

23  TO DESIGNS for dolls, doll accessories or toys that YOU produced, created,

24  authored, conceived of or reduced to practice, whether alone or jointly with others,

25  after October 20, 2000.

26

27  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 53</u>:

28      Defendant incorporates by reference each and every objection set forth above in

50

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

13

00231

1   the General Objections.  Defendant objects to this request on the grounds that the

2   terms "prototypes," "models," "samples," "tangible items," "dolls," "doll

3   accessories," "toys," "conceived," "reduced to practice" and "jointly with others" are

4   vague, ambiguous and fail to describe with sufficient particularity the documents to be

5   produced and/or call for a legal conclusion.  Defendant further objects to this request

6   on the grounds that it is overbroad and unduly burdensome to the extent that it calls

7   for documents after Defendant left his employment with Mattel, and on that basis

8   seeks information not relevant to this action and not reasonably calculated to lead to

9   the discovery of admissible evidence.  Defendant objects to this request to the extent it

10  potentially invades the privacy and/or confidentiality of other individuals who are not

11  parties to this action.  Defendant also objects to this request to the extent it seeks

12  confidential, proprietary or trade secret information belonging to third parties that are

13  not parties to this suit.  Finally, Defendant objects to this request to the extent it seeks

14  documents potentially prepared in anticipation of litigation or that are protected by the

15  attorney-client privilege, joint defense privilege, common interest privilege and/or the

16  attorney work product doctrine.

17      Without waiving and subject to the foregoing objections, Defendant responds as

18  follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

19  responsive non-privileged documents in his possession, custody or control regarding

20  the FIRST GENERATION BRATZ DESIGNS.

21

22  REQUEST FOR PRODUCTION NO. 54:

23      All prototypes, models, samples and tangible items that REFER OR RELATE

24  TO BRATZ.

25

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

27      Defendant incorporates by reference each and every objection set forth above in

28  the General Objections.  Defendant objects to this request on the grounds that the

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

51



1    terms "prototypes," "models," "samples," and "tangible items," are vague, ambiguous

2    and fail to describe with sufficient particularity the items to be produced.  Defendant

3    further objects to this request on the grounds that it is overbroad and unduly

4    burdensome to the extent that it calls for documents before Defendant worked for

5    Mattel and after Defendant left his employment with Mattel, and on that basis seeks

6    information not relevant to this action and not reasonably calculated to lead to the

7    discovery of admissible evidence.  Defendant also objects to this request to the extent

8    it potentially invades the privacy and/or confidentiality of other individuals who are

9    not parties to this action.  Defendant also objects to this request to the extent it seeks

10   confidential, proprietary or trade secret information belonging to third parties that are

11   not parties to this suit.  Finally, Defendant objects to this request to the extent it seeks

12   documents potentially prepared in anticipation of litigation or that are protected by the

13   attorney-client privilege, joint defense privilege, common interest privilege and/or the

14   attorney work product doctrine.

15        Without waiving and subject to the foregoing objections, Defendant responds as

16   follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

17   responsive non-privileged documents in his possession, custody or control regarding

18   the FIRST GENERATION BRATZ DESIGNS.

19

20   REQUEST FOR PRODUCTION NO. 55:

21        All DOCUMENTS and all prototypes, models, samples and tangible items that

22   support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR

23   Affirmative Defenses in this action.

24

25   RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

26        Defendant incorporates by reference each and every objection set forth above in

27   the General Objections.  Defendant objects to this request on the grounds that the

28   terms "prototypes," "models," "samples," "tangible items," "support," "refute," and

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

52

 PAGE

1    "Affirmative Defenses" are vague, ambiguous and fail to describe with sufficient

2    particularity the documents to be produced and/or call for a legal conclusion.

3    Defendant further objects to this request on the grounds that it is overbroad and

4    unduly burdensome to the extent that it calls for documents before Defendant worked

5    for Mattel and after Defendant left his employment with Mattel, and on that basis

6    seeks information not relevant to this action and not reasonably calculated to lead to

7    the discovery of admissible evidence.  Defendant also objects to this request to the

8    extent it potentially invades the privacy and/or confidentiality of other individuals

9    who are not parties to this action.  Defendant also objects to this request to the extent

10   it seeks confidential, proprietary or trade secret information belonging to third parties

11   that are not parties to this suit.  Finally, Defendant objects to this request to the extent

12   it seeks documents potentially prepared in anticipation of litigation or that are

13   protected by the attorney-client privilege, joint defense privilege, common interest

14   privilege and/or the attorney work product doctrine.

15        Without waiving and subject to the foregoing objections, Defendant responds as

16   follows:  Subject to entry of the appropriate Protective Order, Defendant will produce

17   responsive non-privileged documents in his possession, custody or control.

18
     Dated: July _16_, 2004
19

20
                                             _____
21                                           ROBERT F. MILLMAN
                                             DOUGLAS A. WICKHAM
22                                           LITTLER MENDELSON
                                             A Professional Corporation
23                                           Attorneys for Defendant
                                             CARTER BRYANT
24

25

26

27

28
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310 553 0308
                                             53

                                    13  PAGE ____  00204

1

## PROOF OF SERVICE

2        I am a resident of the State of California, over the age of eighteen years, and not a

3   party to the within action. My business address is 2049 Century Park East, 5th Floor, Los

4   Angeles, California 90067.3107. On July 16, 2004, I served the within document(s):

5        **DEFENDANT'S OBJECTIONS AND RESPONSES TO**
6        **PLAINTIFF'S FIRST SET OF REQUESTS FOR**
         **PRODUCTION AND DOCUMENTS AND TANGIBLE**
7        **THINGS**

8   ☐   by facsimile transmission at or about _____ on that date. This document
        was transmitted by using a facsimile machine that complies with California Rules
9       of Court Rule 2003(3), telephone number 310.553.5583. The transmission was
        reported as complete and without error. A copy of the transmission report, properly
10      issued by the transmitting machine, is attached. The names and facsimile numbers
        of the person(s) served are as set forth below.
11

12  ☒   by placing a true copy of the document(s) listed above for collection and mailing
        following the firm's ordinary business practice in a sealed envelope with postage
13      thereon fully prepaid for deposit in the United States mail at Los Angeles,
        California addressed as set forth below.
14

15  ☐   by depositing a true copy of the same enclosed in a sealed envelope, with delivery
        fees provided for, in an overnight delivery service pick up box or office designated
16      for overnight delivery, and addressed as set forth below.

17  ☐   by personally delivering a copy of the document(s) listed above to the person(s) at
        the address(es) set forth below.
18

19      Michael T. Zeller, Esq.
        Quinn Emanuel Urquhart
20          Oliver & Hedges LLP
        865 S. Figueroa Street, 10th Floor
21      Los Angeles, CA 90017

22        I am readily familiar with the firm's practice of collection and processing
    correspondence for mailing and for shipping via overnight delivery service. Under that practice it
23  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,
    deposited in an overnight delivery service pick-up box or office on the same day with postage or
24  fees thereon fully prepaid in the ordinary course of business.

25        I declare that I am employed in the office of a member of the bar of this court at
    whose direction the service was made. Executed on July 16, 2004, at Los Angeles, California.

26

27                                          _____
                                                     Criss A. Draper
28

YOUR FIRM NAME HERE
ATTORNEYS AT LAW
SAN FRANCISCO
os Angeles 367307 1

13  PAGE_____

00200

14

**LITTLER MENDELSON** ®
A PROFESSIONAL CORPORATION

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

PENNSYLVANIA

WASHINGTON

August 12, 2004

Keith A. Jacoby
Direct: 310.772.7284
Direct Fax: 310.553.5583
kjacoby@littler.com

**VIA MESSENGER**

Michael T. Zeller, Esq.
Tania Krebs, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    **Mattel, Inc. v. Carter Bryant**

Dear Mr. Zeller and Ms. Krebs:

Enclosed please find documents bearing Bates Stamp Nos. "Bryant 1 through Bryant 929," in response to Plaintiff's Request for Production of Documents  These documents are being produced pursuant to our agreement that they will be handled in accordance with the executed protective order, which has not yet been entered by the Court.

Please contact me if you have any questions.

Sincerely,

Keith A. Jacoby

Los_Angeles:370113.1 028307.1010

EXHIBIT 14 PAGE 00236

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

2049 Century Park East, 5th Floor, Los Angeles, California 90067-3107  Tel: 310.553.0308  Fax: 310.553.5583  www.littler.com

15

*final*

**MGA ENTERTAINMENT**
**16730 Schoenborn Street**
**North Hills, California  91343**

Dated as of September 18, 2000

Mr. Carter Bryant
1319 West 160th Street
Gardena, California 90247

Dear Mr. Bryant:

        Set forth below are the terms and conditions upon which we (hereinafter "MGA") are retaining you ("Bryant") to consult and advise MGA in the design and development of certain products which MGA wishes to manufacture and distribute (hereinafter our agreement is sometimes referred to as the "MGA Consulting Agreement"). The parties' agreement is as follows:

1.      **Retention as Consultant/Services:** MGA retains Bryant to provide his services to consult with MGA and advise MGA on the design and development by MGA of a line of dolls presently known as "Bratz" (the "MGA Products"). Bryant will render his services at such locations and times as may be reasonably be designated by MGA. It is understood and agreed that Bryant shall provide his services on a "top priority" basis as his services pertain to other clients of Bryant. In addition, Bryant and all other Bryant staff will take direction from and be under the supervision of such person(s) as may be reasonably designated by MGA from time to time upon notice to Bryant. It is understood and agreed that, subject to MGA's prior written consent, Bryant may retain third party contractors ("Contractors") to assist at his direction in the services to be rendered hereunder. Such third parties shall be compensated in a manner ("Contractor Fees") to be determined between Bryant and such third parties and shall be subject to the terms of this Agreement, including without limitation, paragraphs 3, 4, and 7, below. Bryant shall enter into agreements with all Contractors on a form approved by MGA as conforming to the terms of this Agreement and confirming MGA's ownership of all results and proceeds of the services provided by any such Contractors; such form is attached a Exhibit "A" to this Agreement, and is incorporated herein by reference.

2.      **Term/Exclusivity:** The Term shall commence on the date of this Agreement. MGA shall have the right to terminate this Agreement on not less than forty-five (45) days prior written notice to Bryant. During the Term of this Agreement, Bryant will not provide consulting services to any person, firm or corporation engaged in the design, development and manufacture and sale of dolls or similar products.

3.      **Ownership:**

        (a)      All results and proceeds of the services provided by Bryant hereunder and any Contractor, including without limitation, any inventions, and any documentation related thereto, and any other material, whether written or oral (collectively, the  "Bryant Work Product") shall be considered "work made for hire" and shall be owned exclusively, throughout the world, and in perpetuity by MGA (including all copyrights and patents therein and thereto, and all renewals and extensions thereof). MGA shall have the sole and exclusive right to use the Bryant Work Product, in whole or in part, in whatever manner MGA may desire, including without limitation, the right to cut, edit, revise, alter and/or otherwise modify the Bryant Work Product and the results of Bryant's services hereunder and the Contractors' services, and to freely use, perform, distribute, exhibit and exploit such materials and license others to do so in any and all media now known or hereafter devised.  MGA shall have the sole and exclusive right to copyright or patent the Bryant Work Product in MGA's name, as the owner and author thereof, and to secure any and all registrations, renewals and extensions of such copyrights and

{00006662.DOC/2 / 10/04/2000  03:05 PM}

1

EXHIBIT _D_ PAGE _____   00237

ATTORNEY'S EYES
ONLY

MGA000001

patents in MGA's name or Bryant's name or the Contractors' names, as permitted pursuant to applicable statute. Bryant expressly waives, and shall cause all Contractors to waive, any "moral rights" (as such term is commonly understood around the world) in and to the Bryant Work Product prepared by Bryant and/or the Contractors pursuant to the Agreement. Bryant shall, upon request, execute, acknowledge and deliver, and shall cause each Contractor to execute, acknowledge and deliver, to MGA such additional documents as MGA may deem necessary to evidence and effectuate MGA's rights hereunder, and Bryant hereby grants to MGA the right as Bryant's attorney-in-fact to execute, acknowledge, deliver and record in the U.S. Copyright Office, the U.S. Patent Office or elsewhere any and all such documents. If, whether by statutory amendment to the U.S. Copyright and/or Patent Laws, or a decision by a court of competent jurisdiction interpreting such laws, MGA shall not be deemed to be the author or owner of the Bryant Work Product, this Agreement and each agreement with a Contractor shall, nevertheless, constitute an irrevocable assignment by Bryant and each Contractor, as applicable, to MGA of any and all of Bryant's and each Contractors' right, title and interest, including copyright and patent (and all renewals and extensions thereof), in and to the Bryant Work Product. Bryant acknowledges and agrees, and shall cause each Contractor to acknowledge and agree, that he and they have no interest in and shall not, by virtue of this Agreement or any services rendered by Bryant and/or each Contractor to MGA acquire any interest in the MGA Products and that MGA may exploit the MGA Products and any derivative works thereto, without obligation to Bryant and/or the Contractors, except as provided in Paragraph 4, below.

(b)     Without limiting the generality of the provisions of Paragraph 3(a), above, with respect only to any inventions, and any documentation related thereto, and any other material, whether written or oral, created by or for Bryant relating to the MGA Products prior to the commencement of the term of this Agreement, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in perpetuity all of Bryant's right, title and interest, in an to the such material, including, without limiting the generality of the foregoing, all rights under copyright and patent (and all renewals and extensions thereof) including the right to produce and authorize the production of any and all derivative works, and all proprietary rights of any kind therein, now known or hereafter created throughout the world. MGA shall have the sole and exclusive right to use such material, in whole or in part, in whatever manner MGA may desire, including without limitation, the right to cut, edit, revise, alter and/or otherwise modify such materials and to freely use, perform, distribute, exhibit and exploit such materials and license others to do so in any and all media now known or hereafter devised or refrain from doing so as MGA may determine. Bryant expressly waives any "moral rights" (as such term is commonly understood around the world) in and to such materials.

4.     **Compensation/Costs:**

(a)     For the first six (6) months of the Term of this Agreement, MGA shall pay Bryant for his services at the rate of five thousand five hundred dollars ($5,500.00) per month; for the next three (3) months of the Term, MGA shall pay Bryant for his services at the rate of five thousand dollars ($5,000.00) per month. All sums paid to Bryant as monthly fees shall be deemed to be non-refundable, fully-recoupable advances against any royalties that may be payable to Bryant pursuant to paragraph 4(b), below.

(b)     MGA shall pay to Bryant a royalty of three percent (3%) of the Net Sales Receipts from the sales by MGA of any of the MGA Products developed by MGA on which Bryant provided his consulting services. As used herein, the term "Net Sales Receipts" means all monies actually received by MGA from its customers on sales of MGA Products less (i) any and all excise, sales, value added or comparable or similar taxes; (ii) freight and similar third party handling charges paid or payable by MGA; and (iii) returns, discounts, allowances or credits (inclusive of co-op and trade discounts and allowances). MGA shall account to Bryant on a calendar quarterly basis within thirty (30) days after the end of each quarter. All statements of royalties rendered by MGA hereunder shall be conclusive, final,

{00006662.DOC/2 / 10/04/2000  03:05 PM}

2

00238

ATTORNEY'S EYES ONLY          EXHIBIT 5  PAGE _____
                                        MGA000002

and binding on Bryant, shall constitute an account stated, and shall not be subject to any question for any reason whatsoever unless specific written objection, stating the basis thereof, is given by Bryant to MGA within two (2) years after the date rendered. No action, suit, or proceeding of any nature in respect of any royalty statement or other accounting rendered by MGA hereunder may be maintained against MGA unless such action, suit, or proceeding is commenced against MGA in a court of competent jurisdiction within one (1) year after the date of MGA's notice rejecting such objection. Bryant or his representatives shall have the right, not more than once per year and not more than once per statement of royalties, to examine MGA's books and records relating to the sales of such MGA Products, such examination to be conducted during MGA's normal business hours and upon reasonable prior written notice.

(c)     All costs and expenses incurred by Bryant in connection with the performance of his obligations hereunder shall be borne solely by Bryant, except as otherwise agreed and incurred with MGA's prior written consent. In the event MGA requests Bryant to travel to the Orient on MGA's behalf in connection with his services hereunder, MGA will reimburse Bryant for all travel expenses incurred in connection therewith, such as parking, airfare (economy class), auto rental, meals and hotel accommodations. Reimbursement shall be at the actual cost of such item without any mark-up.

(d)     Bryant shall submit invoices to MGA for his monthly fees (and reimbursable expenses, if and as agreed) on a monthly basis. Each invoice shall provide sufficient detail to support the monthly fee charges and hours rendered (and shall include satisfactory copies of bills and/or payments for reimbursable expenses, as applicable). MGA shall pay each such invoice within fifteen (15) days after receipt of such invoice, provided, however, MGA reserves the right to request further explanation or documentation before paying any invoice submitted by Bryant.

(e)     MGA shall use its reasonable business efforts, consistent with its business judgment, to market, promote, distribute, sell and/or exploit the MGA Products and to collect on all monies due from sales. MGA has not made and does not hereby make any representation or warranty with respect to the quantity of sales (if any) of MGA Products embodying the Property which MGA may sell. Bryant recognizes and acknowledges that the sale of MGA Products is speculative and agrees that MGA's judgment and the judgment of its subsidiaries and affiliated companies with regard to the sales of any of its MGA Products and with regard to the marketing, promotion, advertising and exploitation of the MGA Products shall be binding and conclusive upon Bryant. Bryant warrants and agrees that Bryant will not make any claim, nor shall any liability be imposed upon MGA based upon any claim, that more sales could have been made or that better business could have been done than what was actually made or done by MGA or any of MGA's subsidiaries or its affiliated companies, or that better prices or terms could have been obtained.

5.     **Warranties and Indemnity:** Bryant represents, warrants and agrees that:

(a)     he has the right and is free to execute this Agreement, to grant the rights granted by him to MGA hereunder, and to perform each and every term and provision hereof;

(b)     neither the execution and delivery of this Agreement nor the performance by Bryant of any of his obligations hereunder will constitute a violation, breach or default under any agreement, arrangement or understanding, or any other restriction of any kind, to which Bryant is a party or by which Bryant is bound;

(c)     the Bryant Work Product shall be free of all liens and encumbrances and there will be no claims, demands or actions pending or threatened with respect thereto; and that the Bryant Work Product is original and no part thereof infringes or shall infringe upon any common law or statutory rights or intellectual property rights of any third party including, without limitation, contractual rights,

{00006662.DOC/2 / 10/04/2000  03:05 PM}

3

ATTORNEY'S EYES ONLY

EXHIBIT 15 PAGE

MGA000003

00235

patents, copyrights, mask-work rights, trade secrets, rights of privacy and other intellectual property rights;

(d)    he shall comply with all applicable laws and regulations in force during the Term of this Agreement with respect to the services to be rendered hereunder; and

(e)    he shall indemnify and hold MGA harmless from and against any and all claims, losses, costs, judgments, settlements, damages and expenses (including reasonable counsel fees) arising from any breach by him of any of the warranties, representations and agreements made by him hereunder.

6.    **Default/Termination:**

(a)    In the event either Party fails to perform any of its material obligations hereunder, or breaches any representation, warranty or agreement contained herein, the other Party may terminate this Agreement on thirty (30) days prior written notice, provided the breaching Party shall not have remedied such failure within such thirty (30) day period.

(b)    Upon the termination of this Agreement Bryant shall turn over to MGA all materials relating to the MGA Products furnished by MGA to Bryant or shall give MGA satisfactory evidence of their destruction.

7.    **Confidentiality:**

(a)    Bryant shall keep in confidence and not disclose to any third party, without the written permission of MGA, the Confidential Information made known to him under this Agreement.  As used herein, the term "Confidential Information" means information relating to MGA's products (whether current or projected), product titles, customers, employees, tools and techniques, designs, drawings, schematics and other documentation relating thereto and other confidential and proprietary business information of MGA and which is expressly labeled or identified to Bryant in writing as "confidential" or which, under the circumstances of such disclosure, Bryant knows, or reasonably should know, are treated by MGA as confidential.  This requirement of confidentiality shall not apply to any information that is (i) in the public domain through no wrongful act of Bryant; (ii) rightfully received by the Bryant from a third party who is not bound by a restriction of nondisclosure; (iii) already in the Bryant's possession without restriction as to disclosure; or (iv) required to be disclosed by operation of law or by order of a court or administrative body of competent jurisdiction, (provided that prior to such disclosure, MGA shall first receive notice thereof from Bryant and have the opportunity to contest such order or requirement of disclosure or seek appropriate protective order).

(b)    Bryant agrees and acknowledges that all Confidential Information disclosed to him shall be and remain the sole property of MGA. Nothing contained in this Agreement shall be construed as granting to Bryant any right, title or interest of any kind, by license or otherwise, to the Confidential Information disclosed by MGA, the intellectual property therein or any part or copy thereof. Bryant further acknowledges and agrees that nothing contained herein shall be construed as granting Bryant any right to develop, manufacture, produce and/or distribute any product(s) derived from or which otherwise uses any of the Confidential Information disclosed by MGA, or authorize or in any way assist others to do so.  Bryant may not make, sell, license or distribute copies of the Confidential Information disclosed by MGA and may not sublicense, transfer or assign in any manner whatsoever this Agreement or any of Bryant's rights or obligations under this Agreement.

(c)    Bryant acknowledges that his failure to perform any of the terms or conditions of this Agreement shall result in immediate and irreparable damage to MGA.  Bryant also acknowledges that there may be no adequate remedy at law for such failures and that in the event thereof MGA shall be

{00006662.DOC/2 / 10/04/2000  03:05 PM}

4

**ATTORNEY'S EYES ONLY**

00240

EXHIBIT 15 PAGE _____

**MGA000004**

entitled to equitable relief in the nature of injunction and to all other available relief, at law and/or in equity.

8.   **Notices:**  All notices, statements and/or payments to be given to the parties hereunder shall be addressed to the parties at the addresses set forth on the first page hereof or at such other address as the parties shall designate in writing from time to time.  All notices shall be in writing and shall either be served by personal delivery, mail, or facsimile (if confirmed by mail or personal delivery of the hard copy), all charges prepaid.  Except as otherwise provided herein, such notices shall be deemed given when personally delivered, all charges prepaid, or on the date five (5) days following the date of mailing, except that notices of change of address shall be effective only after the actual receipt thereof.  Copies of all notices to MGA shall be sent to Fischbach, Perlstein & Lieberman LLP, 1875 Century Park East, Suite 850, Los Angeles, California 90067, Attention: David S. Rosenbaum, Esq.  Copies of all notices to Bryant shall be sent to Carter Bryant 1319 West 160th Street, Gardena, California 90247.

9.   **Independent Contractor/No Partnership/Third Party Beneficiary:**  Bryant's relationship to MGA is that of an independent contractor.  Bryant does not have, and will not represent that he has, any power, right or authority to bind MGA, or to assume or create any obligation or responsibility, express or implied, on behalf of MGA in MGA's name.  Nothing stated in the Agreement shall be construed as constituting a partnership or as creating the relationships of employer/employee or principal/agent between the parties.  In all matters relating to the Agreement, Bryant shall not act as MGA's employee within the meaning or application of any federal or state unemployment insurance laws, or any other laws or regulations which may impute any obligations or liabilities to MGA by reason of an employment relationship.  Bryant will be solely responsible for all taxes, including without limitation, employee and employer, and that he carries all of his own insurance. Neither of the parties hereto shall hold itself out contrary to the terms of this provision by advertising or otherwise.  This Agreement shall not be construed to be for the benefit of any third party.

10.  **Services Rendered Deemed Special, etc.:**  Bryant acknowledges that the services to be rendered by him hereunder are of a special, unique, extraordinary and intellectual character which gives them peculiar value, the loss of which cannot be adequately compensated for in an action at law and that a breach of any term, condition or covenant hereof will cause irreparable harm and injury to MGA and in addition to any other available relief MGA will be entitled to seek injunctive relief.

11.  **General Provisions:**

(a)   This Agreement may not be assigned by either Party hereto either voluntarily or by operation of law.  Any such assignment shall not relieve such Party of its obligations hereunder.

(b)   The titles of the paragraphs of this Agreement are for convenience only and shall not in any way affect the interpretation of any paragraph of this Agreement or the Agreement itself.

(c)   A waiver by either Party of the terms or conditions of this Agreement in any instance shall not be deemed or construed to be a waiver of such terms or conditions for the future or of any subsequent breach thereof.  All remedies, rights, undertakings, obligations and agreements contained herein shall be cumulative and none of them shall be in limitation of any other remedy, right, undertaking, obligation or agreement of either Party.

(d)   Neither Party hereto shall be liable to the other for any incidental, consequential, special or punitive damages of any nature or kind, arising out of in connection with a breach by such Party of this Agreement, whether such liability is asserted on the basis of contract, tort (including negligence or strict liability), or otherwise, even if such Party has been warned of the possibility of any such loss or damage.

{00006662.DOC/2 / 10/04/2000  03:05 PM}

ATTORNEY'S EYES ONLY

00241

EXHIBIT 5 PAGE

MGA000005

(e)     This Agreement shall be construed and interpreted pursuant to the laws of the State of California, applicable to agreements made and to be performed entirely therein, and the parties hereto submit and consent to the jurisdiction of the courts of the State of California, including Federal Courts located therein, should Federal jurisdiction requirements exist, in any action brought to enforce (or otherwise relating to) this contract.

(f)     This Agreement constitutes the entire Agreement between the parties hereto and supersedes all prior agreements, whether written or oral, with respect to the subject matter herein contained.  No provision of this Agreement shall be deemed waived, amended or modified by either Party unless such waiver, amendment or modification shall be in writing and signed by a duly authorized officer of the Party against whom the waiver, amendment or modification is to be enforced.

(g)     Nothing contained in this Agreement shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provision of this Agreement and any material statute, law, ordinance, order or regulation contrary to which the parties hereto have no legal right to contract, the latter shall prevail, but in such event any provision of this Agreement so affected shall be curtailed and limited only to the extent necessary to bring it within the legal requirements.

Kindly indicate your agreement with the foregoing by signing in the space provided below.

Very truly yours,

MGA ENTERTAINMENT

By: _____

Its: _____

AGREED TO AND ACCEPTED:

_____
CARTER BRYANT

REDACTED

_____
Social Security Nur

{00005662.DOC/2 / 10/04/2000  03:05 PM}

6

ATTORNEY'S EYES ONLY

EXHIBIT

MGA000006

**16**

Exhibit "16"
Filed Under Seal

**17**

Exhibit "17"
Filed Under Seal

18

Exhibit "18"
Filed Under Seal

**19**

EXHIBIT "19"
FILED UNDER SEAL

**20**

Exhibit "20"
Filed Under Seal