**21**

Exhibit "21"
Filed Under Seal

22

Exhibit "22"
Filed Under Seal

**23**

Exhibit "23"
Filed Under Seal

**24**

Exhibit "24"
Filed Under Seal

Exhibit "25"
Filed Under Seal

# Exhibit "26"
# Filed Under Seal

27

Exhibit "27"
Filed Under Seal

28

Exhibit "28"
Filed Under Seal

29

Exhibit "29"
Filed Under Seal

30

Exhibit "30"
Filed Under Seal

31

Exhibit "31"
Filed Under Seal

**32**

Exhibit "32"
Filed Under Seal

33

Exhibit "33"
Filed Under Seal

34

Exhibit "34"
Filed Under Seal

35



# UNIVERSIDADE FEDERAL DO RIO DE JANEIRO
## CENTRO DE LETRAS E ARTES

## ESCOLA DE BELAS ARTES
### 2ª VIA DE REGISTRO DE DIREITOS AUTORAIS

Número 43.422 Livro 147 Folha 022
Protocolado sob o número 2120/2002
RVD N.º 689286

Registro requerido por ABC INTERNACIONAL TRADERS, INC. d/b/a MGA ENTERTAINMENT, empresa norte americana, estabelecida na Cidade de North Hills/CA.

Obra registrada: DESENHO DE PERSONAGEM "JADE".



Características: desenho de garota estilizada, vestindo calça comprida, camiseta, tênis e uma bolsa, abaixo expressão "JADE" e um círculo com a figura estilizada de um rosto de felino.

Direitos Patrimoniais cedidos a titular pelo autor CARTER H. BRYANT, norte americano, designer, residente na Cidade de Nixa/MO, representante legal MILTON ISEJIMA LIMA, CPF 085.604.628-05.

Rio de Janeiro, 26 de setembro de 2002.

*OS REGISTROS EMITIDOS A PARTIR DE 15 DE SETEMBRO DE 1999 SÓ SERÃO VÁLIDOS COM BAIXO RELEVO DA ESCOLA DE BELAS ARTES DA UFRJ*

**Angela Ancora da Luz**
DIRETORA DA EBA/UFRJ
REG. SIAPE 056~164 EBA/UFRJ

**Maria Cristina N. S. Marinho**
RESPONSÁVEL DIREITOS AUTORAIS
REG. SIAPE 0910164 EBA/UFRJ

00360

EXH-21



## UNIVERSIDADE FEDERAL DO RIO DE JANEIRO
### CENTRO DE LETRAS E ARTES

## ESCOLA DE BELAS ARTES
### 2ª VIA DE REGISTRO DE DIREITOS AUTORAIS

Número 43.421 Livro 147 Folha 021
Protocolado sob o número 2119/2002
RVD N.º 689286

Registro requerido por ABC INTERNACIONAL TRADERS. INC. d/b/a MGA ENTERTAINMENT, empresa norte americana, estabelecida na Cidade de North Hills/CA.

Obra registrada: DESENHO DE PERSONAGEM "YASMIN".



*Yasmin*

Características: desenho de garota estilizada, vestindo calça comprida, blusa, cinto, sapatos e uma bolsa, abaixo expressão "YASMIN" e um círculo com a figura estilizada de um rosto.

Direitos Patrimoniais cedidos a titular pelo autor CARTER H. BRYANT. norte americano, designer, residente na Cidade de Nixa/MO. representante legal MILTON ISEJIMA LIMA. CPF 085.604.628-05.

Rio de Janeiro, 26 de setembro de 2002.

OS REGISTROS EMITIDOS A PARTIR DE 15 DE SETEMBRO DE 1999 SÓ SERÃO VÁLIDOS COM BAIXO RELEVO DA ESCOLA DE BELAS ARTES DA UFRJ

00361

**Angela Ancora da Luz**
*DIRETORA DA EBA/UFRJ*
*REG. SIAPE 0367464 EBA/UFRJ*

**Maria Chistina N. S. Marinho**
*RESPONSAVEL DIREITOS AUTORAIS*
*REG. SIAPE 0036164 EBA/UFRJ*



# UNIVERSIDADE FEDERAL DO RIO DE JANEIRO
## CENTRO DE LETRAS E ARTES

## ESCOLA DE BELAS ARTES
### 2ª VIA DE REGISTRO DE DIREITOS AUTORAIS

Número 43.420 Livro 147 Folha 020
Protocolado sob o número 2118/2002
RVD N.º 689286

Registro requerido por ABC INTERNACIONAL TRADERS, INC. d/b/a MGA ENTERTAINMENT, empresa norte americana, estabelecida na Cidade de North Hills/CA.

Obra registrada: DESENHO DE PERSONAGEM "SASHA".



Características: desenho de garota estilizada, vestindo calça comprida, blusa, cinto, sapatos e uma bolsa, abaixo expressão "SASHA" e um círculo com a figura estilizada de um coelho.

Direitos Patrimoniais cedidos a titular pelo autor CARTER H. BRYANT, norte americano, designer, residente na Cidade de Nixa/MO, representante legal MILTON ISEJIMA LIMA, CPF 085.604.628-05.

Rio de Janeiro, 26 de setembro de 2002.

OS REGISTROS EMITIDOS A PARTIR DE 15 DE SETEMBRO DE 1999 SO SERÃO VÁLIDOS COM BAIXO RELEVO DA ESCOLA DE BELAS ARTES DA UFRJ.

0 0 3 0

**Angela Ancora da Luz**
*DIRETORA DA EBA/UFRJ*
*REG. SIAPE 0367464 EBA/UFRJ*

**Maria Cristina N. S. Marinho**
*RESPONSÁVEL DIREITOS AUTORAIS*
*REG. SIAPE 0036104 EBA/UFRJ*

36

Exhibit "36"
Filed Under Seal

37

Exhibit "37"
Filed Under Seal

**38**

Exhibit "38"
Filed Under Seal

**39**

Exhibit "39"
Filed Under Seal

40

Exhibit "40"
Filed Under Seal

41

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 18, 2004

VIA FACSIMILE
AND U.S. MAIL

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California  90067-3107

Mattel, Inc. v. Carter Bryant

Dear Mr. Jacoby:

We are in receipt of Carter Bryant's October 14, 2004 Objections and Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things. The Objections and Responses, as well as Bryant's production, are deficient in a number of respects.  This letter shall constitute an effort to address those deficiencies and resolve them without judicial intervention.

**Inadequate Verification**

Bryant has not verified under penalty of perjury that, as to each specific request, he has produced all responsive, non-privileged documents, or alternatively, that he conducted a diligent search and was unable to locate such responsive documents.  Mattel has done this.  So must Bryant. Until Bryant has done so, Mattel can have no confidence that all responsive documents have been produced.

**Inadequate Production**

Mattel complied with the Code of Civil Procedure § 2031(g)(1) and produced the documents responsive to Bryant's requests as they were maintained in the ordinary course of business.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4547 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-1107 FAX 858-812-1106

0037
EXHIBIT     PAGE

Bryant did not comply with the statute. Until Bryant does so, Mattel cannot identify the documents (if any) that are responsive to each request. Bryant must do so because, as discussed below, Mattel believes that Bryant has agreed to produce documents that have not yet been produced. Certain responses read that Bryant "will produce non-privileged documents in his possession, custody or control." For many such responses, however, Mattel can identify no responsive documents in Bryant's production. For example, Request Nos. 56-62 seek telephone records. In his responses, Bryant agrees to produce telephone records, but Mattel has located no such documents in the production. Please let me know when Bryant will identify, by Bates-number, the documents produced in response to each document request as Code of Civil Procedure § 2031(g)(1) requires.

The production itself has indicia of incompleteness, including but not limited to: correspondence that references attachments that have not been produced; documents sent or received via facsimile that bear neither the fax header nor include the fax cover sheet; documents that reference other responsive documents that have not been produced; and responsive documents that Mattel knows exist but that Bryant has failed to produce. Until those documents have been produced or the deficiencies explained to Mattel's satisfaction, both the responses and the production are deficient.

**Baseless Objections**

Much of the response is made up of meritless objections. Mattel requests that they be withdrawn, or, at a minimum, that Bryant identify those objections upon which Bryant does not rely to justify withholding documents from production.

Bryant has objected to many of Mattel's requests on the ground that they invade the privacy or confidentiality of third-parties or individuals who are not parties to this action. We are unaware of Mattel document requests that implicate the privacy rights of third-party individuals who are not parties to this action, and Bryant's use of the term "potentially" suggests that there is no basis for this objection. Further, to test the validity of the confidentiality/ privacy objection, Bryant must identify both the party whose interests could be affected and the nature or source of the confidential or privacy interest. (*See, e.g.*, Response Nos. 1-4). Finally, any documents withheld from production on this ground must be identified on a privilege log.

With respect to certain requests Bryant has effectively rewritten the request and improperly qualified his responses to limit his production to far less than what Mattel requested and what Bryant is obligated to provide. For example, Mattel's request number 2 seeks production of all documents referring or relating to any agreement or contract between Bryant and any other individual that was proposed, offered, discussed, negotiated or executed during the time Bryant was employed by Mattel, including all drafts of such agreements or contracts. In response, Bryant states that he "will produce *final agreements* in his possession, custody and control reached during the time set forth in this request" (emphasis added). Mattel did not request only final agreements. Mattel is entitled to not only the final agreements, but all non-privileged

00372

EXHIBIT _____ PAGE _____

2

documents responsive to this request, including all drafts and non-privileged communications regarding the negotiation of the agreements. Similarly, Bryant has qualified numerous responses limiting his production to documents related to "FIRST GENERATION BRATZ DESIGNS." (*See* Response No.12 *et. seq.*). Bryant has also unilaterally limited the time periods for responding to certain requests. (*See. e.g.*, Response Nos. 57-64). These improper limitations lack any legal or factual support and should be withdrawn.

Bryant repeatedly objects to such common words and phrases as "dolls", "toys", "made", "produced", "created", "authored", "copyright", "patent", "contract", "agreement", "jointly with others", "work", "services", "freelance work", "registration", "application", "assign", "transfer", "title", "interest", "royalty statements" and "other than Mattel, Inc." as vague and ambiguous and "fail[ing] to describe with sufficient particularity the documents to be produced and/or call for a legal conclusion." Such objections are unfounded without an explanation of either (a) the meaning Bryant used in responding, and (b) how the adoption of that meaning affected the response. Bryant has done neither. Please confirm that Bryant is withholding no document from production pursuant to these objections.

With respect to many of Mattel's requests, Bryant has objected to producing documents because the requested documents purportedly are "already within the possession, custody or control of Mattel." (*See, e.g.*, Response Nos. 5 & 22). An alleged belief that Mattel may possess certain documents does not justify withholding documents. The objection is only well taken if each withheld document is identified on a privilege log with the representation that the withheld document is an identical copy, *i.e.*, no fax header, no marginalia, etc., of a document that Bryant can identify by Bates-number in Mattel's production. Because Bryant has not done so, the objections should be withdrawn.

Bryant also has taken the untenable position that he need not produce any documents created after the filing of this lawsuit. We are unaware of any legal authority that would support such a position. If you have any, please provide it to us; otherwise, that objection should be withdrawn.

**No Privilege Log**

In spite of our prior request, Bryant has not provided us with a privilege log. Yet, Bryant has redacted information from a significant number of documents without justification. (*See, e.g.*, Bryant Doc. Nos. 00728-784). Please provide us with unredacted documents. If Bryant will not do so, then he must explain on a privilege log or in a declaration under penalty of perjury why the information was properly redacted. The privilege log must contain sufficient information, including a summary of the information redacted, to allow Mattel to test the validity of any privilege asserted. The privilege log should also identify every document Bryant has withheld from production on the basis of any privilege and the basis for withholding the document.

We are available to discuss the foregoing issues with you anytime this week. We do not believe that any further discussion of the form of the verification or the privilege log is necessary. We

00375

3                    EXHIBIT 4  PAGE ___

expect Bryant to deliver both an adequate verification and a complete privilege log forthwith. Please let me know when you are available to meet and confer on these issues.

Very truly yours,

Jon Corey

07209 613086.1

00374

4

EXHIBIT 4 PA

42





RECEIVED

OCT 2 1 2004

October 20, 2004

Keith A. Jacoby
Direct: 310.772.7284
Direct Fax: 310.553.5583
kjacoby@littler.com

**VIA FACSIMILE (213.443.3100) AND U.S. MAIL**

Michael Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    **Mattel, Inc. v. Carter Bryant**

Dear Mr. Zeller:

Enclosed please find a privilege log prepared with respect to the above-referenced matter.

Sincerely,

Keith A. Jacoby

Encl.

cc:    Robert F. Millman, Esq. (w/encl.)
       Douglas A. Wickham, Esq. (w/encl.)
       Gloria S. Donovan, Esq. (w/encl.)

Los_Angeles:379823.1 028307.1010

00375

EXHIBIT 42

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

2049 Century Park East, 5th Floor, Los Angeles, California 90067-3107   Tel: 310.553.0308   Fax: 310.553.5583   www.littler.com

MATTEL, INC. v. CARTER BRYANT

PRIVILEGE LOG

| No. | Type | Date | From | To | Description of Document and/or Redaction | Privilege |
|---|---|---|---|---|---|---|
| 1. | Fax Cover Sheet | October 2, 2000 | Anne Wang, Esq. | Carter Bryant | Attorney notes regarding legal services | Attorney Client Privilege<br><br>Attorney Work Product |
| 2. | Letter | September 28, 2000 | Anne Wang, Esq. | Carter Bryant | Discussions regarding legal services | Attorney Client Privilege<br><br>Attorney Work Product |
| 3. | Letter | October 3, 2000 | Anne Wang, Esq. | Carter Bryant | Discussions regarding MGA agreement | Attorney Client Privilege<br><br>Attorney Work Product |
| 4. | Letter | October 14, 2000 | Anne Wang, Esq. | Carter Bryant | Discussions regarding MGA agreement | Attorney Client Privilege<br><br>Attorney Work Product |

Los_Angeles:379825.1 028307.1010

1

00376

**43**

**quinn emanuel** trial lawyers | los angeles

October 22, 2004

<u>VIA FACSIMILE</u>
<u>AND U.S. MAIL</u>

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California  90067

<u>Mattel, Inc. v. Bryant</u>

Dear Mr. Jacoby:

With an October 20, 2004 letter you provided us with Bryant's privilege log.  It identified only four documents, all prepared between September 28, 2000 and October 14, 2000.  First, Mattel has independent knowledge that communications between Bryant and Ms. Wang occurred much earlier than September 28, 2000, suggesting that the privilege log may be incomplete.  Second, it does not appear from the privilege log that any drafts or work product is identified.  Third, Mattel is having difficulty reconciling the entries on Bryant's privilege log with Bryant's Objections and Responses to Plaintiff's First Set of Requests for Production of Documents and Tangible Things. Bryant objected to almost every request because the documents sought were "protected by the attorney-client privilege, joint defense privilege, common interest privilege and/or the attorney work-product doctrine" and because the request "seeks confidential, proprietary, or trade secret information belonging to third parties that are not parties to this suit."  Yet, the documents identified on the privilege log are responsive to only one or two requests.   In that circumstance, one of two things is true.  Bryant relies on the objections to the other requests to withhold from production as-yet unidentified responsive documents.  Or, Bryant has no responsive documents

00377

being withheld from production pursuant to those objections.  Please let me know which is the case at your earliest convenience.  If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey

JDC:chh
07209.614263 1

2

44

**quinn emanuel** trial lawyers · los angeles

October 22, 2004

<u>VIA FACSIMILE</u>
<u>AND U.S. MAIL</u>

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067

<u>Mattel, Inc. v. Bryant</u>

Dear Mr. Jacoby:

On October 18, 2004, I sent you a letter identifying certain issues that Mattel had with respect to Bryant's October 14, 2004 Objections and Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things. In that letter I invited you to contact me if you wished to discuss any of the issues raised in that letter. I have not yet heard from you. Please contact me within the next day or two to arrange a time when we can meet and confer regarding these issues. If you do not do so, then Mattel will assume that Bryant will stand on his objections and Mattel will proceed with a motion to compel further responses and for an order overruling Bryant's objections. If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey

Jon Corey

JDC:chh
07209/614260.1

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 355 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 60, Indian Wells, California 92210 | TEL 760-345-7000 FAX 760-345-7100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

00373

EXHIBIT

45

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 27, 2004

VIA FACSIMILE AND U.S. MAIL

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107

Re:     *Mattel, Inc. v. Carter Bryant*

Dear Mr. Jacoby:

This will confirm some aspects of the discussion that we had on October 25, 2004 regarding Carter Bryant's October 14, 2004 Objections and Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things.

First, and most significantly, during our discussion, you indicated that you had in your possession non-privileged documents that were responsive to Mattel's requests that had not yet been produced, including telephone records. You stated that these documents would be produced no later than Monday, November 1, 2004. We request that those records be provided to us by Friday, October 29, 2004 to allow Mattel sufficient time to review those documents to prepare for Mr. Bryant's November 4 deposition.

Second, you agreed to allow counsel for Mattel to inspect the documents that Mr. Bryant created during the hiatus between his two periods of employment with Mattel. You further suggested that you would, at the same time, provide for inspection the tangible items responsive to Mattel's requests. So that Mattel can inspect the materials sufficiently in advance of Mr. Bryant's deposition, Mattel requests that this inspection occur on October 29, 2004.

The other issues that we discussed last Monday will be addressed under separate cover. I look forward to your prompt response. If you have any questions regarding the foregoing, please do not hesitate to call.

Very truly yours,

Kirkland W. Garey

07/09/615460.1

00360

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-341-4727 FAX 760-343-8144
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

46

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 28, 2004

<u>VIA FACSIMILE AND U.S. MAIL</u>

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California  90067-3107

Re:     <u>*Mattel, Inc. v. Carter Bryant*</u>

Dear Mr. Jacoby:

This will confirm our telephone discussion of October 25, 2004 regarding Carter Bryant's October 14, 2004 Objections and Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things.  Where applicable, this letter will track the topics addressed in Mr. Corey's October 18, 2004 letter and his October 22, 2004 letter regarding Bryant's privilege log.

**Inadequate Verification**

You agreed that Mr. Bryant would provide us with a signed verification attesting to the fact that as to each specific request all non-privileged documents have been produced or that a thorough search has been undertaken and no non-privileged documents were located.

**Inadequate Production**

Generally, we called your attention to the fact that conspicuously absent from Bryant's production were documents identifying the timing of certain communications, including fax cover sheets and fax headers on certain documents.  Your explanation, as we understand it, is that Mr. Bryant may have "misplaced things."  That does not explain, however, the almost complete absence of such information from the production.  We cited certain examples in which it appeared that the production had been "sanitized" of such information.  Among the documents Bryant produced was "page 3" of an April 10, 2000 facsimile of a drawing (Bryant Doc # 167) on which the sender and recipient's phone numbers are missing from the header. You indicated you would

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-2840 FAX 858-812-2850

attempt to determine what happened to the other pages of the facsimile and why the phone numbers were missing and provide us with the missing information. We also discussed the documents produced by MGA (Bates #s 427-28) which indicated facsimile communications occurred between Bryant and another individual regarding the hair for the prototype dolls. You advised us of the possibility that facsimiles between Bryant and others that would be responsive to Mattel's requests may have been misplaced or lost, but agreed to determine whether such additional documents exist. You represented that you would review the documents you have to determine why the royalty statements for September 30, 2002, June 30, 2003 and December 31, 2003 were not produced.

Along these same lines, you informed us that Mr. Bryant had his personal computer in his possession, but gave it away at some unknown time to some unknown third party and that you do not have either documents that may have existed on his computer or access to the information that may have been on that computer.

With respect to those additional documents that Bryant agreed to produce on or before Monday, November 1, 2004, you expressed reservations about whether some of those would be covered by the existing protective order. You agreed to provide Mattel with a letter identifying those types of documents to determine whether we could come to an agreement that those types of documents, whatever they may be, fall within the ambit of the existing protective order.

**Baseless Objections**

You refused to reconsider your decision not to produce any documents referring or relating to any agreement or contract between Bryant and any other individual that was proposed, offered, discussed, negotiated or executed while Bryant was employed with Mattel, including all drafts of such agreements or contracts, save for the final agreement. (*See, e.g.*, Request No. 2). You indicated that you would not reconsider your position until Mattel agreed to produce all of the drafts of its agreements with its employees. Those documents, unlike the drafts of the Bryant agreement with MGA, are irrelevant and privileged. Mr. Corey explained, and you agreed, that the types of proof that each could potentially be used to show are different, but you persisted in your position.

You also refused to reconsider your decision to limit Bryant's production in many instances to "First Generation Bratz Designs." Consistent with that decision, you represented that you have neither requested from your client nor reviewed any document dated after June 2001, the date of the "roll out" of these "First Generation Bratz." The asserted basis for withholding those documents was that any later documents contained confidential information of a third-party, who you identified as MGA. You represented that Bryant was withholding from production no documents created prior to June 2001 on the grounds that the contained proprietary, confidential or private information of any third party.

2

00302

EXHIBIT 46 PAGE _____

With respect to those requests to which Bryant responded only with objections (*See, e.g.*, Request Nos. 4, 8, 36, 40 & 43), we expressed our inability to determine whether documents were being withheld pursuant to those objections or whether no responsive documents existed. You agreed to revisit those requests and identify those to which Bryant has no responsive documents.

Finally, you confirmed that Bryant was withholding from production no documents based on any objection that any word or phrase used in Mattel's requests for production were vague or ambiguous or that the request failed to describe the documents or things requested with reasonable particularity.

**Privilege Log**

In connection with Mr. Corey's October 22, 2004 letter regarding Bryant's privilege log, you represented that you have in your possession the file of Bryant's attorney, Ms. Wang, and that the file contains only the documents identified on the privilege log, the retainer agreement, and draft(s) of the agreement between Bryant and MGA. We request that you identify both the retainer agreement and the drafts of the agreements on the privilege log. To be clear, that request should not be interpreted as a concession by Mattel that those documents are, in fact, privileged or properly withheld from production. To the contrary, Mattel requests that they be identified so that it can properly challenge Bryant's assertion of the privilege over those documents.

We further request that Bryant identify on the privilege log all information redacted from any documents that Bryant produced, the basis for the redaction, and a description of the information redacted. In this regard you indicated that Bryant would be producing his telephone records, but only after you had the opportunity to redact certain telephone numbers from those records. The purported justification for those redactions was that some of the records may relate to calls made by someone other than Mr. Bryant. When asked, you indicated that you anticipated redacting those telephone numbers that you and Mr. Bryant determined to be irrelevant. Mr. Corey questioned that process and asked you to commit to redact only those telephone numbers that Mr. Bryant was absolutely certain were not made by him. Given that you would not agree to that request, we believe that Bryant's redaction of any of the telephone records is unjustifiable. Designating those records as subject to the protective order is more than sufficient and saves Bryant the onerous task of justifying each redaction on a privilege log.

I questioned why you were objecting to producing any documents created after the filing of this lawsuit (Bryant's General Objection No. 6). You were able to articulate no principled basis for this objection save your reluctance to identify on a privilege log all privileged communications between counsel and client after the litigation began. We are willing to agree that post-filing communications between counsel and client do not need to be identified on a privilege log. We expect all responsive documents--no matter when created--to be produced.

3

00300

EXHIBIT 46

It is reasonable for Bryant to respond to the foregoing issues that have not been addressed in separate correspondence by Tuesday, November 3, 2004 (eight days from the meeting of counsel) and look forward to such a response.

Very truly yours,

Kirkland W. Garey

07209/615054.1

00384

EXHIBIT 46 PAGE

**47**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 28, 2004

<u>VIA FACSIMILE AND U.S. MAIL</u>

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California  90067-3107

Re:   *Mattel, Inc. v. Carter Bryant*

Dear Mr. Jacoby:

While we will accept the documents and inspection of the prototypes on Monday at 3:00 p.m., we would prefer to have them earlier and will take them as they become available, if necessary. Making all of this material available at the end of the day on Monday, November 1, 2004 will interfere with our ability to meaningfully prepare for the deposition of Mr. Bryant scheduled to start on November 4.

Please confirm that this production will include: 1) all of the non-privileged responsive documents in Bryant's possession or control; 2) the additional documents you agreed to allow us to inspect at the meeting of counsel; and 3) all of the tangible items that Mattel requested.

These requests have been outstanding for a considerable period of time and there is no excuse for this delay.

Very truly yours,

Kirkland W. Carey

07209/615814.1

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 46-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2401
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-1107 FAX 858-812-1146

00385

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
  Tania Krebs (Bar No. 227281)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Tel.: (213) 443-3000
Fax:  (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CARTER BRYANT, an individual<br><br>Defendant. | Case No. CV 04-09059 NM (RNBx)<br><br>**DISCOVERY MATTER**<br><br>DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF JOINT STIPULATION RE: MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS |
| CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public,<br><br>Counter-claimant,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Counter-defendant. | Hearing Date: January 25, 2005<br>Time:          9:30 a.m.<br>Courtroom:      540<br><br>Hon. Robert N. Block |

**FILED UNDER SEAL**

EXHIBIT 47 PAGE ____

07209/626129.3

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1.     I am a member of the bars of the States of California, New York and Illinois and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.     Attached as Exhibit 1 is a true and correct copy of Mattel's Complaint in this action, which was filed on April 27, 2004 in Los Angeles County Superior Court and was personally served on Carter Bryant on April 30, 2004. Attached as Exhibit A to the Complaint is a true and correct copy of the Mattel Employee Confidential Information and Inventions Agreement signed by Carter Bryant on January 4, 1999.

3.     Attached as Exhibit 2 is a true and correct copy of the Proprietary Information Checkout signed by Bryant on October 19, 2000 upon his termination of employment at Mattel.

4.     Attached as Exhibit 3 is a true and correct copy of Bryant's first Notice of Removal, dated May 14, 2004 (the "First Notice of Removal"). Attached as Exhibit 4 is a true and correct copy of the Declaration of Carter Bryant filed separately on May 14, 2004.

5.     Attached as Exhibit 5 is a true and correct copy of the Court's Order, dated August 20, 2004, rejecting Bryant's first removal of this case and remanding the action to Los Angeles County Superior Court.

6.     Bryant filed a Cross-Complaint against Mattel on September 8, 2004. Attached as Exhibit 6 is a true and correct copy of Carter Bryant's Cross-Complaint in this matter.

00007

EXHIBIT 47 PAGE __

07209/626129.3

-2-

ZELLER DECLARATION

1       7.    Attached as Exhibit 7 is a true and correct copy of this Court's

2 Standing Order in this case, dated November 23, 2004.

3       8.    Attached as Exhibit 8 is a true and correct copy of the Stipulation

4 Permitting MGA to Intervene as a Party to This Action entered by the Court on

5 December 7, 2004.

6       9.    Attached as Exhibit 9 is a true and correct copy of the Protective

7 Order between Mattel and Bryant entered on September 16, 2004 in the Los Angeles

8 County Superior Court. MGA was specifically involved in the negotiation of this

9 Protective Order, and has assented to its terms. Attached as Exhibit 10 is a true and

10 correct copy of the August 11, 2004 letter from Diana Torres, counsel of record for

11 MGA, assenting to the terms of the Protective Order. Attached as Exhibit 11 is a true

12 and correct copy of a Stipulated Protective Order in this case, filed in this Court on

13 December 22, 2004, which is pending.

14      **Mattel's First Set of Requests for Production and**

15      **Bryant's Responses, Objections and Production**

16      10.    Attached as Exhibit 12 is a true and correct copy of Mattel's First

17 Set of Requests for Production of Documents and Tangible Things dated June 14,

18 2004.

19      11.    Attached as Exhibit 13 is a true and correct copy of Bryant's

20 Objections and Responses to Mattel's First Set of Requests for Production of

21 Documents and Tangible Things dated July 16, 2004.

22      12.    Bryant did not produce any documents in this action until August

23 12, 2004. Attached as Exhibit 14 is a true and correct copy of the August 12, 2004

24 letter from Keith Jacoby, Bryant's counsel of record in this case to me and my

25 colleague Tania Krebs that accompanied Bryant's first production. After the Court

26 remanded this case to state court, I met with Keith Jacoby, counsel of record for

27 Bryant on August 25, 2004 to resolve any outstanding discovery disputes. Discovery

28 negotiations have been ongoing, in an effort to resolve these disputes without

EXHIBIT 47 PAGE

-3-

07209/626129.3

ZELLER DECLARATION

1  expending the Court's time and resources.  Bryant made two subsequent productions

2  of documents on October 14, 2004 and November 1, 2004 respectively.  Bryant

3  allowed Mattel to inspect some original documents and prototypes on November 1,

4  2004 and again on December 23, 2004.  MGA Entertainment Inc. ("MGA"),

5  Intervenor in this action, produced documents to Mattel on August 12, 2004.

6  **Incomplete Production of Agreements Between MGA and Bryant**

7      13.    As set forth in the Complaint, in late November 2003, Mattel

8  obtained a copy of a contract between Bryant and a Mattel competitor, MGA.  That

9  contract--which Bryant and MGA had entered into while Bryant was employed by

10  Mattel--required Bryant to provide design services to MGA on a "top priority" basis.

11  It also purported to grant MGA ownership of works produced by Bryant, both before

12  and after the agreement's effective date.  Attached as Exhibit 15 is a true and correct

13  copy of the contract between Bryant and MGA (as obtained by Mattel).  Both MGA

14  and Bryant produced copies of this agreement on August 12, 2004.

15      14.    Attached as Exhibit 16 is a true and correct copy of a

16  "Confidentiality Agreement" signed by Bryant and Victoria O'Connor purportedly

17  dated April 11, 2001, which was produced by Bryant on November 1, 2004, Bates

18  Nos. BRYANT 01232-1233, as received by Mattel.

19      15.    Attached as Exhibit 17 is a true and correct copy of the

20  "Modification and Clarification of the 2000 Agreement," between Bryant and MGA,

21  and dated on various dates in May 2004, produced by MGA on August 12, 2004,

22  Bates Nos. MGA 000429-434, as received by Mattel.  Bryant has never produced a

23  copy of this agreement in discovery.

24      16.    Attached as Exhibit 18 is a true and correct copy of an October 25,

25  2000 e-mail message with attached pictures of a doll sculpture from Mercedeh Ward

26  to a variety of recipients, including Bryant, produced by MGA on August 12, 2004,

27  as received by Mattel.

28

EXHIBIT 7 PAGE

ZELLER DECLARATION

17.    As noted below in ¶ 36, Exh. **49**, counsel for Bryant has acknowledged the existence of communications exchanged between MGA and Bryant during their negotiations, including one or more drafts of the agreement attached as Exh. **14**. Bryant has refused to produce these documents.

**Bryant's Incomplete Production of Documents**

18.    Bryant has produced over 1,000 documents over the past four months. He has produced a variety of materials that are largely undated, and they appear to be a hodge-podge of correspondence, notes, drawings and photocopies from magazines.  The documents were not accompanied by any indication about their source or the manner in which they were kept.  Bryant has produced documents that demonstrate that he affirmatively omitted information about their sources and the manner in which they were kept.  See Exhs. **18** & **21**.    Additionally, the overwhelming majority of the drawings produced by Bryant are undated.  Attached as Exhibit 19 are true and correct copies of a random sample of the documents produced by Bryant on August 12, 2004, Bates Nos. BRYANT 00188, 00193, 00189-91, 00196, and 00198-200, as received by Mattel.

19.    Attached as Exhibit 20 is a true and correct copy of a faxed document dated April 10, 2000 and produced by Bryant on August 12, 2004, Bates No. BRYANT 00167, as received by Mattel.  The document appears to be Bratz designs.  Although the header on the fax indicates that it is the third page of a fax transmission, neither the first nor the second page of the transmission were produced, nor were any subsequent pages produced.  Moreover, neither the name of the sender nor the sender's telephone number appears in the header, and no cover sheet for the fax was produced.

20.    Attached as Exhibit 21 is a true and correct copy of a computer-generated letter dated January 20, 2001 from Bryant to "Cecelia," which was produced by Bryant on August 12, 2004, Bates No. BRYANT 00376, as received by Mattel.  The revised chips referenced in the letter were not produced.

EXHIBIT

07209/626129.3

ZELLER DECLARATION

1         21.    Attached as Exhibit 22 is a true and correct copy of a fax cover

2  sheet for a fax from Bryant to Cecilia Kwok on October 26, 2000, Bates No.

3  BRYANT 00219, which was produced by Bryant on August 12, 2004, as received by

4  Mattel. The cover sheet indicates that, including the cover sheet, the fax transmission

5  was 6 pages long. The "COMMENTS" section of the cover sheet indicate that a

6  "'BRATZ' BACKPACK/DOLLCASE DESIGN" and fabrication information were

7  attached to the original fax.    The attachment to this fax cover sheet was never

8  produced by Bryant.

9         22.    Attached as Exhibit 23 is a true and correct copy of a faxed

10  document produced by Bryant on November 1, 2004, Bates No. BRYANT 1220, as

11  received by Mattel. The fax number is obliterated from the header of the document,

12  and no fax cover sheet was produced identifying the sender and recipient of the fax.

13         23.    Attached as Exhibit 24 is a true and correct copy of an e-mail

14  exchange between Isaac Larian and Carter Bryant dated October 5, 2000, which was

15  produced by Intervenor MGA on August 12, 2004, Bates No. MGA000423, as

16  received by Mattel. Bryant has never produced this document, nor has he produced

17  any other documents regarding his work on marketing and advertising ideas that he

18  provided to MGA.

19         24.    Attached as Exhibit 25 is a true and correct copy of an e-mail

20  exchange between Carter Bryant and Paula Treantafelles, dated October 24, 2000,

21  which was produced by Intervenor MGA on August 12, 2004, Bates No.

22  MGA000427-428.    This document suggests that there had been facsimile

23  communications between Bryant and Kinuyo Shichijyo, a Mattel vendor, in the Fall

24  of 2000.  Bryant has never produced this document.

25         25.    Attached as Exhibit 26 is a true and correct copy of an e-mail

26  message and the attached fax document, between "K. Shichijyo" and Bryant, dated

27  September 18, 2000 and produced by Bryant to Mattel on November 1, 2004, Bates

28  Nos. BRYANT 01202-1203, as received by Mattel. On November 1, 2004, Bryant

-6-

EXHIBIT 17

ZELLER DECLARATION

also produced a computer-generated letter addressed to "Kinuyo" from Bryant, dated September 18, 2000. Attached as Exhibit 27 is a true and correct copy of this letter, Bates No. BRYANT 01200, as received by Mattel.  Bryant also produced a fax confirmation sheet for this second letter on November 1, 2004, Bates No. BRYANT 01201, a true and correct copy of which is attached as Exhibit 28. This exchange between Mr. Shichijyo and Bryant refers to other, earlier exchanges between them that have never been produced by Bryant.

26.   Attached as Exhibit 29 is a true and correct copy of two pages from the index of a Notary Public, Bates Nos. BRYANT 00928-929, which were produced by Bryant on August 12, 2004, as received by Mattel.  The first entry indicates that Bryant had "sketches of doll idea" notarized on August 26, 1999, including "2 males." Attached as Exhibits 30 and 31 are true and correct copies of black and white drawings of male figures that were notarized by Jacqueline Ramona Prince on August 26, 1999, Bates Nos. BRYANT 00207 and 00210, produced by Bryant on August 12, 2004. However, Bryant has produced virtually no information, including development information, about these male doll designs.

27.   Bryant has also failed to produce a number of royalty statements. Bryant failed to produce any documents showing payments for his services on an MGA project known as "Angel."  Of the royalty statements and other financial information that Bryant has produced, a significant portion of those documents have been redacted to the point where they are indecipherable. Attached as Exhibit 32 are true and correct copies of a representative selection of the royalty statements and financial documents produced by Bryant on November 1, 2004, Bates Nos. BRYANT 00728-781. Attached as Exhibit 33 are true and correct copies of check receipts showing payment to Bryant for work on an MGA project called "Sugar Planet," produced by Bryant on November 1, 2004, Bates Nos. BRYANT 01194 & 01196, as received by Mattel. **On November 1, 2004, Mr. Jacoby promised to determine why various royalty statements had not been produced. See Exh. __.** Mr. Jacoby

-7-

EXHIBIT 47  0034

ZELLER DECLARATION

1  has not provided any explanation why various royalty statements have not been
2  produced.

3          28.     On November 1, 2004, Bryant produced some telephone records.
4  Attached as Exhibit 34 are true and correct copies of a representative sample of the
5  telephone records produced by Bryant on November 1, 2004, Bates Nos. BRYANT
6  01260-1285, as received by Mattel.

7          29.     Attached as Exhibit 35 are true and correct copies of Brazilian
8  copyright registrations for the Bratz characters Jade, Yamin, and Sasha. Bryant has
9  not produced these documents or any other documents relating to copyright, patent
10  and similar registrations.

11  **Incomplete Production of Computer Hard Drives**

12          30.     Bryant's deposition testimony indicates that he used at least three
13  different computers during the relevant time period. See Exh. **72** (at 245:8-25-246:1-
14  5). Attached as Exhibit 36 are true and correct copies of the receipts for a computer
15  purchased at Circuit City, Bates Nos. BRYANT 00786-788, produced by Bryant on
16  August 12, 2004, as received by Mattel.

17          31.     In addition to the e-mail documents produced by MGA and
18  Bryant, Mattel has received other documents that indicate Bryant's computer use.
19  Attached as Exhibit 37 is a true and correct copy of a computer-generated letter dated
20  July 14, 1998 and addressed to Human Resources at Hasbro Toy Group which was
21  produced by Bryant on August 12, 2004, Bates No. BRYANT 00377, as received by
22  Mattel. Attached as Exhibit 38 is a true and correct copy of a computer-generated
23  letter addressed to Mattel which Bryant produced on August 12, 2004, Bates No.
24  BRYANT 00870, as received by Mattel. Attached as Exhibit 39 is a true and correct
25  copy of Bryant's computer-generated résumé, which was produced by Bryant on
26  August 12, 2004, Bates Nos. BRYANT 00871-872, as received by Mattel. Bryant
27  also testified and has produced documents that indicate that he regularly uses e-mail
28  as a means of communication about the development of Bratz. See Exh. **72** (at

-8-

EXHIBIT 47   00303

ZELLER DECLARATION

400:11-21).  Attached as Exhibit 40 is a true and correct copy of a list of e-mail addresses produced by Bryant on August 12, 2004, Bates No. BRYANT 00346, as received by Mattel.

**Mattel's Attempts to Resolve the Discovery Disputes**

32.   Attached as Exhibit 41 is a true and correct copy of my colleague Jon Corey's October 18, 2004 letter to Mr. Jacoby outlining the deficiencies in Bryant's objections and responses, as well as his production.

33.   Attached as Exhibit 42 is a true and correct copy of the October 20, 2004 letter to me from Mr. Jacoby.  Attached to Mr. Jacoby's letter is Bryant's privilege log containing only four documents.  None of these documents has been produced by Bryant.  Two of the documents listed on the privilege log pertain to communications regarding Bryant's agreement with MGA.

34.   My colleague, Jon Corey, wrote to Mr. Jacoby on October 22, 2004 identifying the deficiencies of the privilege log.  Attached as Exhibit 43 is a true and correct copy of Mr. Corey's October 22, 2004 letter to Mr. Jacoby.  Bryant still has not produced these purportedly privileged documents, nor has he supplemented his responses or his privilege log to make up for the deficiencies identified by Mattel.

35.   Attached as Exhibit 44 is a true and correct copy of Mr. Corey's October 22, 2004 letter to Mr. Jacoby inviting Mr. Jacoby to meet and confer to resolve these outstanding discovery disputes.

36.   During a telephone conversation on October 25, 2004 between counsel for Mattel and counsel for Bryant, counsel for Bryant acknowledged the existence of documents relating to Bryant's agreements with MGA, such as communications exchanged by MGA and Bryant during their negotiations, correspondence, drafts or notes.  Attached as Exhibit 45 is a true and correct copy of my colleague Kirkland Garey's October 27, 2004 letter to Mr. Jacoby confirming some aspects of that conversation, including that Mr. Jacoby had in his possession non-privileged documents that were responsive to Mattel's discovery requests.

-9-

EXHIBIT 47

1   Attached as Exhibit 46 is a true and correct copy of Mr. Garey's October 28, 2004
2   letter confirming other aspects of the October 25, 2004 telephone conversation and
3   again detailing the deficiencies in Bryant's objection, responses, and production. This
4   letter confirms Bryant's withdrawal of his objections to the wording of Mattel's
5   requests based upon alleged vagueness and ambiguity. Mr. Garey's October 28, 2004
6   letter to Mr. Jacoby asked Mr. Jacoby to confirm that this production would include
7   all of the non-privileged, responsive documents in Bryant's possession or control.

8          37.    Mr. Jacoby responded that Bryant would produce documents and
9   prototypes for inspection on November 1, 2004. Attached as Exhibit 47 is a true and
10  correct copy of Mr. Garey's October 28, 2004 follow-up letter to Mr. Jacoby
11  accepting documents and inspection of prototypes on November 1, 2004. Attached
12  as Exhibit 48 is Mr. Corey's October 30, 2004 letter to Mr. Jacoby requesting that all
13  non-privileged, responsive documents be produced no later than November 1, 2004.
14  In a letter dated November 1, 2004, Mr. Jacoby stated that inspection would not be
15  permitted until November 1, 2004. Mr. Jacoby never confirmed that the document
16  production included all of the non-privileged responsive documents in Bryant's
17  possession or control. Additionally, although Mr. Jacoby responded by letter on
18  November 1, 2004, he did not resolve the deficiencies identified by Mattel. Attached
19  as Exhibit 49 is a true and correct copy of the November 1, 2004 letter from Keith
20  Jacoby to counsel for Mattel, referring to the draft agreement between Bryant and
21  MGA. In this letter, Mr. Jacoby agreed to investigate the gaps in Bryant's production.
22  In this letter Mr. Jacoby also represented that he (or someone on his behalf) had
23  looked on the hard drive of Bryant's computer that had been given away, but located
24  no responsive documents. Mr. Jacoby did not indicate whether any effort was made
25  to conduct a forensic analysis of that hard drive or to determine whether any deleted
26  documents could be retrieved. Mr. Jacoby refused to produce the hard drive of the
27  computer that Bryant had given away.
28

EXHIBIT 47

ZELLER DECLARATION

38.   Mattel has followed-up on its requests for Bryant to account for the deficiencies in his production, but Bryant has not offered any explanations for his omissions.   Attached as Exhibit 50 is a true and correct copy of Mr. Garey's November 17, 2004 letter to Mr. Jacoby again requesting that Mr. Jacoby advise Mattel about the results of any inquiry into the omissions in Bryant's production.   In this letter, Mr. Garey urges Mr. Jacoby to secure possession of the computer hard-drives at issue to prevent the destruction of evidence.

**Bryant's Discovery Delay Tactics**

39.   On June 17, 2004, Mattel served its first Notice of Deposition for Bryant. Attached as Exhibit 51 is a true and correct copy of the Notice of Deposition to Defendant Carter Bryant.

40.   On June 18, 2004, immediately after Mattel noticed Bryant's deposition, Bryant filed with this Court an <u>ex parte</u> application that sought a complete stay of discovery by Mattel, including Bryant's deposition, and of all disclosure obligations by Bryant, among other things.  Mattel opposed the application, and this Court denied the entirety of Bryant's application, including his stay requests. Attached as Exhibit 52 is a true and correct copy of the Court's Order dated June 22, 2004.

41.   On July 11, 2004, due to Bryant's failure to meet and confer within the time mandated by the <u>Local Rules</u>, Mattel sent Bryant its portions of a Joint Stipulation on Mattel's motion to compel Bryant's deposition.  Attached as Exhibit 53 is a true and correct copy of my letter to Douglas Wickham dated July 11, 2004 and attaching Mattel's portions of a Joint Stipulation for Mattel's motion to compel Bryant's deposition.

42.   On July 12, 2004, in its continuing efforts to resolve Bryant's failure to appear for deposition, Mattel sent a letter offering to continue to try and resolve Bryant's refusal to be deposed so as to avoid burdening the Court, and suggesting July 13 as a date to meet. Attached as Exhibit 54 is a true and correct

-11-

EXHIBIT 47

00350

ZELLER DECLARATION

1  copy of my letter to Douglas Wickham dated July 12, 2004.  On July 12, Bryant
2  agreed to meet to discuss the issue.

3          43.    At the meeting on July 13, 2004, Bryant's counsel, Keith Jacoby
4  and Douglas Wickham, stated that a motion to compel the deposition was
5  "unnecessary" because Bryant's counsel were giving their "word as attorneys" that
6  Bryant would appear for deposition in St. Louis during the week of August 16, 2004.
7  This representation was confirmed in writing by Bryant's counsel the following day.
8  Attached as Exhibit 55 is a true and correct copy of a letter I received from Keith
9  Jacoby dated July 14, 2004.   Mr. Jacoby's letter acknowledged the parties'
10 "agreement" that Bryant would appear for deposition on August 17, 2004 and
11 reiterated that "Mr. Wickham and I have given *our representations as counsel*" that
12 Bryant would appear, absent "an unforeseen medical emergency or other exigent
13 circumstances." (Emphasis added.) Mr. Jacoby further stated in that letter: "In my
14 entire career, I have never had a witness I was representing spontaneously refuse to
15 appear, nor has Mr. Wickham. I do not believe this will appear here, and *ask that you*
16 *accept* the good faith representation of Mr. Wickham and I, rather than waste the
17 Court's time and resources with a preemptive discovery motion." (Emphasis added.)
18 Bryant's counsel also stated at the July 13 meeting that requiring a signed Stipulation
19 to ensure Bryant's appearance at the agreed-upon time and place was "unnecessary"
20 and "insulting" because their "word as attorneys" was "good enough" to ensure that
21 Bryant would appear for deposition as agreed.

22         44.    Rather than burden the Court with a motion at that point, Mattel
23 relied on the representations of Bryant's counsel and made arrangements to take
24 Bryant's deposition. Attached as Exhibit 56 is a true and correct copy of my letter to
25 Keith Jacoby dated July 14, 2004, which further confirmed Bryant's counsel's
26 representations as attorneys that Bryant would appear for deposition at the agreed-
27 upon time and place.   Mattel's July 14 confirming letter, which Bryant never
28 disputed, stated:

07209/626129.3                              -12-

ZELLER DECLARATION

1   While Mattel did not agree with the delay of Mr. Bryant's previously noticed
2   deposition until August for reasons that I have already stated and does not
3   believe that the statements in your letter of earlier today accurately reflect
4   Mattel's position in all respects, we will accept *your representations as an*
5   *attorney that Mr. Bryant will appear for deposition at the agreed-upon*
6   *location and time.* Thus, as I mentioned over the phone today, *based upon*
7   *those representations*, we will not be going forward at this juncture with a
8   motion to compel his deposition, without prejudice of course to our rights to
9   seek Court relief if circumstances change.
10  (Emphasis added.) Mattel's counsel then purchased plane tickets, arranged for video
11  and a court reporter at the deposition, obtained space in St. Louis for the deposition,
12  made hotel arrangements, and rearranged other client matters in order to be free to
13  travel to St. Louis for the deposition.
14          45.    On the afternoon of Friday, August 13, Bryant faxed to plaintiff,
15  without notice and without any discussion with Mattel beforehand, a letter
16  unconditionally canceling Bryant's scheduled deposition. Along with the letter from
17  Mr. Millman, Bryant sent to plaintiff a 58-page Joint Stipulation with regard to
18  Mattel's document discovery that Mr. Millman's August 13 letter also cited as an
19  alleged justification for refusing to produce Bryant for deposition.

20          **Mattel's August 2004 Production Of Materials**
21          **Relied Upon By Bryant In His Second Removal Petition**

22          46.    Meanwhile, Bryant also was delaying in commenting on and
23  finalizing a Protective Order and thus in the production of documents in this case.
24  I sent Bryant a first draft of the Protective Order on June 17, 2004. Attached as
25  Exhibit 57 is a true and correct copy of my June 17, 2004 letter (without attachment).
26  After a week of receiving no response, I sent a follow-up letter on June 24, 2004
27  requesting Bryant's comments. Attached as Exhibit 58 is a true and correct copy of
28  my June 24, 2004 letter. Some ten days after Mattel had circulated the draft, on June

07209/626129.3

-13-

ZELLER DECLARATION

28, 2004, I received an email from Bryant's counsel promising comments "by the end of this week (if not sooner)." Attached as Exhibit 59 is true and correct hard copy printout of Bryant's June 28, 2004 email.

47.     Despite Bryant's counsel's promise of comments within a few additional days, and despite my follow up voicemails (which went unreturned), no comments were forthcoming from Bryant for another two weeks, and until almost a month after Mattel had sent the draft.  At the meeting on July 13, Bryant's counsel finally gave their comments.  On the following day, Mattel provided a revised draft. Attached as Exhibit 60 is a true and correct hard copy printout of my July 14, 2004 cover email for the revised draft (without attachments).

48.     Another week passed before any response from Bryant.  Attached as Exhibit 61 is a true and correct hard copy printout of Bryant's counsel's email of July 21, 2004, which Mattel responded to on the same day.  Mattel then provided another draft on July 25, 2004.  Attached as Exhibit 62 is a true and correct copy printout of my email of July 25, 2004 (without attachments).  Bryant provided more comments on July 28, 2004.  Although Mattel then sent the completed final draft to Bryant on July 29, 2004, it still took Bryant another twelve days, until August 9, 2004, just to sign it and return it to Mattel.  Attached as Exhibit 63 is a true and correct hard copy of my email exchanges with Bryant's counsel on July 28, 2004, July 29, 2004 (without attachments) and July 30, 2004.

49.     With the Protective Order signed, and at the time when Bryant finally stated his production was ready, Mattel produced documents to Bryant on August 12, 2004.  After a discussion with Bryant's counsel on August 13, 2004 in which he asked for documents relating to "Toon Teens," Mattel provided further documents to Bryant on the following business day, August 16, 2004.  Attached as Exhibit 64 is a true and correct copy of Mattel's August 16, 2004 cover letter accompanying these documents.

-14-

47

00300

ZELLER DECLARATION

50.    On August 26, 2004, Mattel noticed Bryant's deposition for Springfield, Missouri, where Bryant resides, for September 9, 2004, a date on which Bryant had said that he was available. Attached as Exhibit 65 is a true and correct copy of Plaintiff's Notice of Videotaped Deposition of Carter Bryant.

51.    Bryant again refused to appear for deposition. On September 1, 2004, in response to Bryant's counsel's oral statements that Bryant was refusing to appear, my colleague, Gloria Donovan, met and conferred with Bryant's counsel in a further effort to avoid motion practice regarding Bryant's deposition. Mattel's efforts were unavailing, however. Attached as Exhibit 66 is Ms. Donovan's letter of September 3, 2004 on the subject of Bryant's deposition. Attached as Exhibit 67 is a true and correct copy of a letter from Bryant's counsel, Dominic Messiha, dated September 7, 2004, in which Mr. Messiha confirmed that "Mr. Bryant will not be appearing for deposition in Missouri on September 9."

52.    Mattel then filed a motion with the Los Angeles County Superior Court to compel Bryant's deposition. On September 3, 2004, Bryant also moved in the Superior Court for a protective order, claiming (among other arguments) that he "needed" certain documents so as to prepare for his deposition, and also moving for "phased" discovery in which document production would be completed before depositions commenced. Attached as Exhibit 68 is a true and correct copy of Bryant's Motion for a Protective Order and to Establish the Sequence and Timing of Discovery.

53.    On October 5, 2004, the Superior Court granted Mattel's motion to compel Bryant's deposition and ordered Bryant to appear for deposition twenty days after Mattel furnished a verification as to the "certain documents" that Bryant claimed he needed before his deposition. Attached as Exhibits 69 and 70 are true and correct copies of the Court's Orders. As the Court's ruling stated: "[I]t appears that Defendant wants Plaintiff to produce certain documents before the deposition, which will assist Defendant in preparation of his deposition . . . . Plaintiff is ordered to

-15-
ZELLER DECLARATION

1    produce these documents or state in verified responses that none exists, and after a

2    diligent search and reasonable inquiry, there are no such documents in Plaintiff's

3    possession, custody, or control." Twenty days after that was done, the Court ruled,

4    "*Defendant is ordered to be deposed*". (Emphasis added.)

5          54.    Even after Mattel provided the verification (twice), however,

6    Bryant announced on October 14, 2004 that he still refused to be deposed as ordered

7    by the Superior Court. Accordingly, on October 19, 2004, Mattel filed a second

8    motion (by <u>ex parte</u>) to compel Bryant's deposition. The Superior Court rejected

9    Bryant's grounds for refusing to abide by the October 5 Order and compelled Bryant,

10   for the second time, to appear for deposition. The Superior Court specifically ordered

11   Bryant's deposition to commence on November 4, 2004. Attached as Exhibit 71 is

12   true and correct copy of the Court's Order. On the afternoon of November 2, 2004,

13   less than forty-eight hours before that Court-ordered deposition was set to start,

14   Bryant removed this action for the second time. Mattel began Bryant's deposition on

15   November 4, 2004. Bryant obstructed the deposition with numerous instructions not

16   to answer on such matters as the details of the compensation that Bryant received

17   from MGA. On November 8, 2004, although Mattel had not completed Bryant's

18   deposition, Bryant and his counsel refused to allow it to be completed and unilaterally

19   adjourned it.

20         55.    Attached as Exhibit 72 is a true and correct copy of pages 4

21   through 10, 73 through 76, 79 through 82, 131 through 137, 163 through 172, 177

22   through 179, 189 through 192, 194 through 197, 205 through 207 and 244 through

23   248 of the transcript of the deposition of Carter Bryant which took place in

24   Springfield, Missouri on November 4, 2004.

25         56.    Attached as Exhibit 73 is a true and correct copy of pages 399

26   through 401 of the transcript of the deposition of Carter Bryant which took place in

27   Springfield, Missouri on November 5, 2004.

28

07209/626129.3

-16-

004

47

ZELLER DECLARATION

57.   Attached as Exhibit 74 is a true and correct copy of pages 661 through 663 of the transcript of the deposition of Carter Bryant which took place in Springfield, Missouri on November 8, 2004.

58.   Consistent with Bryant's own position, Mattel requested that Bryant verify his responses to Mattel's requests in the same fashion as he demanded of Mattel. See Exhs. **40 & 45**. During the October 25, 2004 telephone conversation referenced in ¶ 35, Mr. Jacoby agreed to provide a signed verification that as to each specific request all non-privileged documents have been produced or that a thorough search was undertaken and located no non-privileged documents. See Exh. 49. Bryant never disputed this confirmation of the agreement between the parties. Yet Bryant has not produced the verification he promised almost two months ago.

59.   Mattel has incurred attorneys' fees and costs in excess of $____.00 in bringing this motion. I spent more than # hours of time preparing the motion, for a total of more than $____ at my billing rate of $470 per hour.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this __th day of January, 2005, at Los Angeles, California.

_____
Michael T. Zeller

004

47

-17-

ZELLER DECLARATION

48

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 30, 2004

<u>VIA FACSIMILE</u>
<u>AND U.S. MAIL</u>

Keith Jacoby, Esq.
Littler Mendelson, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California  90067-3107

<u>Mattel, Inc. v. Bryant</u>

Dear Mr. Jacoby:

Carter Bryant has refused to produce documents that Mattel has requested and have not been produced.  We understand that some of these documents will be produced on Monday, November 1, 2004.  To properly prepare for and take the deposition of Mr. Bryant, Bryant must produce all responsive documents, including the following categories of documents that Mattel has previously requested:

1.   All agreements between Bryant and MGA, including all drafts and related non-privileged communications

2.   All documents that show the dates on which Bryant communicated with MGA, particularly the dates that Bryant sent his drawings and other creative work to MGA.

3.   All communications between Bryant and MGA prior to October 21, 2000 and all records of such communications, including but not limited to, all correspondence, e-mail messages, telephone records, or notes of such communications.

804 5

EXHIBIT 48

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 15, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-4907 FAX 858-812-4106

Further. Bryant's decision that all non-privileged, responsive documents created after June 2001 are irrelevant is arbitrary and unjustifiable.  Mattel expects Bryant to produce all non-privileged responsive documents whenever they were created.  Mattel expects these documents to be produced no later than Monday, November 1, 2004.

Best regards,

Jon D. Corey

07209/616192.1

004

EXHIBIT  48  PAGE

**49**

Received:   11/ 1/04 11:10          310 553 5583 -> JetF      '0;   Page 2

NOV-01-2004 11:09 FROM:LITTLER MENDELSON     310 553 5583      IL.12136240643          P.2/4

## LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

Keith A. Jacoby
Direct: 310.772.7284
Direct Fax: 310.553.5583
kjacoby@littler.com

November 1, 2004

**VIA MAIL AND FACSIMILE 213.624.0643**

John B. Quinn, Esq.
Kirkland Garey, Esq.
John Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:  **Mattel, Inc. v. Carter Bryant and Related Cross-Claim**, Los Angeles Superior Court Case No.  BC 314398

Dear Messrs. Quinn and Garey:

This letter is in response to Mr. Garey's letter of October 28, 2004.  That letter contained several misrepresentations and misstatements of the positions I previously articulated on behalf of Mr. Bryant to Mr. Garey and Mr. Corey, and I will rearticulate those positions here.

Preliminarily, my client and I take exception to your baseless accusation that the Bryant production has been "sanitized." Nothing of the sort has occurred.  I explained to you that Mr. Bryant is an individual who moved several times between 1998 and 2004. He is not required to maintain documents in the manner that a corporation such as Mattel is required to do, and he has not done so. Of course, it is possible that documents were misplaced over the years, or simply discarded, well before this lawsuit was filed. To be sure, Mr. Bryant never expected to be sued by Mattel three and one-half years after his employment ended.  That being said, we are all fortunate that Mr. Bryant did maintain quite a number of documents from the late 1990's and 2000, and all legitimately sought responsive documents in his possession, custody and control have been produced, or are being produced today.  This production is the product of extensive searches at Mr. Bryant's places of work and home. That said, I will look into the purported gaps in the production Mr. Garey's letter outlines, and if further responsive documents are located, they will be produced.  As indicated during my call with Mr. Garey, Mr. Bryant will make a supplemental document production to Mattel today, and allow Ms. Tania Krebs to view certain three dimensional items responsive to Mattel's document requests at my office, at 3:00 p.m.

Regarding requests to inspect Mr. Bryant's home computer, I have made further inquires on that subject to Mr. Bryant and my colleagues.  Mr. Bryant did not own a home computer

47

004  5