

JUNE 99

M0012567



sleeves

June 99

M0012568



M0012569



orange
high lights

June 99

100%.

M0012570



M0012571

65

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff
Mattel, Inc.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation, | CASE NO. BC 314398 |
| Plaintiff, | Dept: 36 |
| | Judge: Gregory Alarcon |
| v. | |
| CARTER BRYANT, an individual; and DOES 1 through 10, inclusive, | PLAINTIFFS' NOTICE OF VIDEOTAPED DEPOSITION OF CARTER BRYANT |
| Defendant. | Date Action Filed: April 27, 2004 |
| | Trial Date: None Set |

EXHIBIT _65_ PAGE __      0ι460

NOTICE OF DEPOSITION OF CARTER BRYANT

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that, pursuant to <u>Cal. Civ. Proc. Code</u> § 2025,

3  plaintiff Mattel, Inc. ("Mattel"), by and through its attorneys of record, will take the

4  deposition upon oral examination of Carter Bryant on September 9, 2004 at 9:00 a.m. at

5  2136 West Chesterfield Boulevard, Springfield, Missouri 65807.

6        PLEASE TAKE FURTHER NOTICE that the deposition will be taken by a

7  notary public or other persons qualified to administer oaths, will be recorded

8  stenographically, and will be videotaped.  The deposition will continue from day to day,

9  or may be continued to a future date or dates, until completed, excluding Saturdays,

10  Sundays and legal holidays.

11

12

13

14

15  DATED:  August 26, 2004

16                    QUINN EMANUEL URQUHART OLIVER &
                   HEDGES, LLP

17

18                    By _____

19                     John B. Quinn
                    Michael T. Zeller

20

21                    Attorneys for Plaintiff
                   Mattel, Inc.

22

23

24

25

26

27                  EXHIBIT __65__ PAGE __      00460

28

66

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
213/443-3688

WRITER'S INTERNET ADDRESS
gloriadonovan@quinnemanuel.com

September 3, 2004

VIA FACSIMILE AND MAIL

Dominic J. Messiha, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, CA  90067

Re:  <u>Mattel, Inc. v. Carter Bryant</u>

Dear Mr. Messiha:

You have indicated that defendant may not be honoring the Notice for his deposition. However, we have not received written confirmation from your firm to that effect. Moreover, we have not received any Motion for Protective Order, although defendant claimed well over a week ago that he would be filing one promptly.

The date for the deposition as set forth in the Notice is September 9, 2004. That is a day defendant previously represented that he was available. Because the deposition's location is Springfield, Missouri, where your client resides, we must finalize our travel arrangements. Further, we have made arrangements for a court reporter and videographer.

If we do not receive written confirmation from defendant's counsel by noon on Tuesday, September 7, 2004 that defendant will not be appearing for his noticed deposition, and if defendant then fails to appear, we will seek reimbursement of travel costs as well as appropriate fees incurred as a result.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4500
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-813-3000 FAX 858-813-3001

00470

EXHIBIT _66_ PAGE __

I look forward to receiving your response and would appreciate your prompt attention to this matter.

Sincerely,

Gloria S. Donovan

GD:mm

cc:     John B. Quinn, Esq.
        Michael T. Zeller, Esq.
        Robert F. Millman, Esq.

00471

2

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile (858) 812-3336

**PALM SPRINGS**
45-025 Manitou Drive, Suite 9
Indian Wells, CA 92210
(760) 345-4757
Facsimile (760) 345-2414

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile (213) 443-3100

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile (212) 702-8200

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   September 3, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Dominic J. Messiha, Esq. | (310) 553-0308 | (310) 553-5583 |

**FROM:**   Gloria Donovan

**RE:**   Mattel, Inc. v. Carter Bryant

**MESSAGE:**

Please see letter attached.

---

| CLIENT #   07209 | ROUTE RETURN TO:  **Gloria Donovan** | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED?  ☐ NO ☐ YES: | |

---

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3861 AS SOON AS POSSIBLE.**

EXHIBIT ___ PAGE ___ 00472



Confirmation Report - Memory Send

```
                                    Page      : 001
                                    Date & Time: Sep-03-04  02:00pm
                                    Line 1    : 2136240643
                                    Line 2    :
                                    Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 545 |
| Date | : | Sep-03 01:54pm |
| To | : | ☎9645#7209#131D5535583 |
| Number of pages | : | 003 |
| Start time | : | Sep-03 01:59pm |
| End time | : | Sep-03 02:00pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number     : 545          *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| SAN DIEGO | LOS ANGELES | SAN FRANCISCO |
|---|---|---|
| 4445 Eastgate Mall, Suite 200 | 865 So. Figueroa Street, 10th Floor | 50 California Street, 22nd Floor |
| San Diego, CA 92121 | Los Angeles, CA 90017 | San Francisco, CA 94111 |
| (858) 812-3107 | (213) 443-3000 | (415) 875-6600 |
| Facsimile: (858) 813-3336 | Facsimile: (213) 443-3100 | Facsimile: (415) 875-6700 |

| PALM SPRINGS | NEW YORK | SILICON VALLEY |
|---|---|---|
| 45-025 Manitou Drive, Suite 9 | 335 Madison Avenue, 17th Floor | 555 Twin Dolphin Drive, Suite 560 |
| Indian Wells, CA 92210 | New York, NY 10017-4611 | Redwood Shores, CA 94065 |
| (760) 345-4787 | (212) 702-8100 | (650) 801-5000 |
| Facsimile: (760) 345-3414 | Facsimile: (212) 702-8200 | Facsimile: (650) 801-5100 |

### LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

DATE:    September 3, 2004

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Dominic J. Messiha, Esq. | (310) 553-0308 | (310) 553-5583 |

FROM:   Gloria Donovan

RE:    Mattel, Inc. v. Carter Bryant

MESSAGE:

Please see letter attached.

| CLIENT #:   07209 | ROUTH/ RETURN TO:  Gloria Donovan | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR   _____ | CONFIRMED?  ☐ No  ☐ Yes | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3843 AS SOON AS POSSIBLE.

EXHIBIT 66 PAGE ___

00473

67

**LITTLER MENDELSON®**

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OH

PENNSYLVANIA

WASHINGTON

Dominic J. Messiha
Direct: 310.712.7343
Direct Fax: 310.553.5583
dmessiha@littler.com

September 7, 2004

**VIA FACSIMILE AND U.S. MAIL**

Gloria Donovan, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    **Mattel, Inc. v. Carter Bryant**

Dear Ms. Donovan:

In response to your letter of September 3, as has previously been indicated by Mr. Jacoby's August 26 letter to Mr. Zeller, my multiple telephone conversations with you of last week and by the terms of Defendant's Objections to his deposition notice and his Motion for Protective Order filed and hand-served on September 3, Mr. Bryant will not be appearing for deposition in Missouri on September 9.

Please feel free to contact me should you have any further questions in this regard.

Sincerely,

Dominic J. Messiha

cc:    Robert F. Millman, Esq.
       Douglas A. Wickham, Esq.
       Keith A. Jacoby, Esq.

Los_Angeles:373693.1 028307.1010

67                01479



# LITTLER MENDELSON*

A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET

September 7, 2004

To:  Gloria Donovan, Esq.                Fax:   (213) 624-0643     Phone:
     Quinn Emanuel Urquhart Oliver &
     Hedges, LLP

Fax #(s) verified before sending (initial):

From:  Dominic J. Messiha                Fax:   310.553.5583      Phone:   310.712.7343

Length, including this cover letter:    2      Pages

If you do not receive all pages, please call Sender's Phone Number.


Message:


CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm    Client Code: __02830E__    EXHIBIT _6_ PAGE _0047_

68

1   ROBERT F. MILLMAN, Bar No. CA 062152
    DOUGLAS A. WICKHAM, Bar No. CA 127268
2   KEITH A. JACOBY, Bar No. CA 150233
    LITTLER MENDELSON
3   A Professional Corporation
    2049 Century Park East, 5th Floor
4   Los Angeles, CA 90067.3107
    Telephone:   310.553.0308
5   Facsimile:   310.553.5583

6   Attorneys for Defendant
    CARTER BRYANT

7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 0 3 2004

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
      J. SUNGA

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  MATTEL, INC., a Delaware Corporation,          Case No. BC314398

12              Plaintiff,                          ASSIGNED FOR ALL PURPOSES TO
                                                   HON. GREGORY W. ALARCON
13      v.                                         DEPT. 36

14  CARTER BRYANT, an individual; and             MEMORANDUM OF POINTS AND
    DOES 1 through 10, inclusive,                  AUTHORITIES IN SUPPORT OF
15                                                 DEFENDANT CARTER BRYANT'S
                Defendant.                          MOTION FOR PROTECTIVE ORDER
16                                                 AND TO ESTABLISH THE SEQUENCE
                                                   AND TIMING OF DISCOVERY;
17                                                 REQUEST FOR SANCTIONS

18                                                 [C.C.P. §§ 2019(d), 2025(g), (i) and (n)]

19

20                                                 Action Filed: April 27, 2004

21                                                 Date:     September 28, 2004
                                                   Time:     8:30 a.m.
                                                   Dept.:    36
22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT _68_ PAGE __ _    00476

# TABLE OF CONTENTS

**PAGE**

I.  SUMMARY OF ARGUMENT ................................................................... 1

II. STATEMENT OF FACTS ....................................................................... 2

    A.  The Parties ................................................................................. 2

    B.  Procedural History ..................................................................... 3

    C.  The Lawsuit ............................................................................... 3

    D.  Discovery .................................................................................. 4

        1.  Written Discovery ............................................................. 4

        2.  Bryant's Deposition ......................................................... 8

III. ARGUMENT ....................................................................................... 11

    A.  Phased Discovery Is Necessary In This Case To Safeguard Bryant's Right To Be Prepared For His Deposition And To Preclude Mattel's Attempt To Litigate By Ambush And Surprise ......................................................... 11

        1.  Mattel Has Failed To Produce Key Documents In Its Exclusive Possession .......................................................... 11

        2.  Bryant's Deposition Should Not Go Forward Until Mattel Produces Those Key Documents, Or States In Verified Responses That It Has Conducted A Diligent Search And Reasonable Inquiry And Those Documents Are Not In Its Possession, Custody Or Control .......................... 13

        3.  Mattel Will Not Be Prejudiced By Producing Responsive Documents Prior To Bryant's Deposition .................................................... 15

    B.  Sanctions Are Warranted In This Case Because Mattel's Ex Parte Motion To Compel Bryant's Deposition Has Already Been Denied By The Federal Court ...... 16

IV. CONCLUSION ..................................................................................... 17

i.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

00477

EXHIBIT 68 PAGE ___

1

## TABLE OF AUTHORITIES

2                                                                                    PAGE

3                                          CASES

4   Chronicle Pub. Co. v. Superior Court
        54 Cal. 2d 548 (1960) ................................................................ 12

5   Beverly Hills Federal Savings & Loan Assoc. v. Superior Court
        259 Cal. App. 2d 306 (1968) ...................................................... 14

6   Deyo v. Kilbourne
        84 Cal. App. 3d 771 (1978) .................................................. 12, 14

7

8   Dowell v. Superior Court
        47 Cal. 2d 483
        (1956) ........................................................................................ 16

9

10  Emerson Electric v. Superior Court
        16 Cal. 4th 1101 (1997) ............................................................ 12

11  Fairmont Ins. Co. v. Sup. Ct. (Stendell)
        22 Cal. 4th 245 (2000) ................................................................ 1

12  Greyhound Corp. v. Superior Court
        56 Cal. 2d 355 (1961) ................................................................ 12

13  Hall v. Clifton Precision
        150 F.R.D. 525 (E.D. Pa. 1993) ................................................ 12

14

15  Poeschl v. Superior Court
        229 Cal. App. 2d 383 (1964) ................................................ 14, 16

16  Rosemont v. Superior Court (Turner)
        60 Cal. 2d 709 (1964) ........................................................... 15, 14

17  United States v. Proctor & Gamble Co.
        356 U.S. 677 (1958)
        [78 S.Ct. 983, 2 L.Ed.2d 1077] ................................................ 12

18

                                       STATUTES

19

20  California Code of Civil Procedure
        Section 2019 .............................................................................. 15

21      Section 2019(c) ..................................................................... 2, 16

        Section 2023 .............................................................................. 17

22      Section 2025(g) ...................................................................... 2, 14

23      Section 2025(i)(15) .................................................................... 17

24      Section 2025(t) ............................................................................ 1

        Section 2031 .......................................................................... 14, 15

25  Federal Rule of Civil Procedure 45 ................................................ 8

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310 553 0308

ii.

EXHIBIT _68_ PAGE ___   00478

# I.

## SUMMARY OF ARGUMENT

Plaintiff Mattel, Inc. ("Mattel") has noticed Defendant Carter Bryant's deposition for September 9, 2004, despite the ruling of a federal magistrate judge just two weeks ago, on August 20, denying Mattel's *Ex Parte* Application to compel that same deposition. There is no justification for Mattel's attempt to accomplish in state court what it was not permitted to do in federal court. Undaunted, however, Mattel now again seeks to depose Mr. Bryant ("Bryant") without first responding to his outstanding document demands, which seek key documents in Mattel's exclusive possession.

Mattel's objective in seeking to depose Bryant at this early stage of document discovery is clear: it wants to ignore the "one deposition rule" by taking his deposition at once, and then, after more document discovery, take it again. Mattel has already stated its intention to do so. This is simply impermissible under Code of Civil Procedure section 2025(t) and its "one deposition rule." This discovery tactic is illegitimate and burdensome, and Mattel is not entitled to take this deposition now because it has failed to comply with its own discovery obligations.

Mattel has not only failed to produce responsive documents in this litigation that it does not deny possessing, but has also improperly obtained private telephone records for Bryant, his parents and other non-parties that it refuses to return. Bryant has been forced to seek relief in the issuing court, the federal district court in Dallas, Texas, to attempt to curb this unwarranted invasion into his privacy and that of the non-parties affected by this subpoena. The federal court found that the telephone company inadvertently produced the documents to Mattel, and that Mattel refused to return them and would not even unconditionally provide copies of the documents to Bryant. The court has ordered those records sealed pending a final decision on that matter.

With Mattel's discovery abuses setting the stage, it now attempts to depose Bryant while depriving him of a reasonable opportunity to defend himself, by concealing the documents it intends to use against him, with the obvious consequence being Mattel's stated desire to depose Bryant again, in violation of Code of Civil Procedure section 2025(t). *See also* Fairmont Ins. Co. v. Sup. Ct. (Stendell), 22 Cal. 4th 245, 254 (2000).

1.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles CA 90067 3107
310 553 0308

EXHIBIT 68 PAGE ____   00470

1   Because Mattel continues to withhold responsive documents, as has been its pattern

2   and practice in other cases, Bryant seeks a protective order from this Court that his deposition should

3   not go forward until Mattel produces the questioned documents. Bryant also seeks an order from

4   this Court under Code of Civil Procedure section 2019(c) directing that the first round of document

5   discovery be completed before the parties proceed to deposition discovery. Bryant has served his

6   objections to the deposition notice, and his deposition, noticed for September 9, is automatically

7   stayed pending a determination of this Motion under Code of Civil Procedure section 2025(g).

8          There is no exigency here that would justify Mattel's taking Bryant's deposition prior

9   to documents being fully exchanged. In fact, Bryant left Mattel in 2000, and the product Mattel

10  claims to target, Bratz, was released in 2001. There is no motion for a preliminary injunction

11  pending, no trial date, and no discovery cut-off has been set.

12         Once Mattel complies with its discovery obligations and fully produces documents in

13  response to Bryant's document demands, Bryant will submit to deposition. Bryant should also be

14  permitted the opportunity to have his Motion to Compel further responses to the written discovery

15  against Mattel heard. Mattel should be granted the same time to obtain documents in response to its

16  third party subpoenas that have been served. In this way, Mattel will have the benefit of all

17  documents prior to deposing Bryant and cannot later use the absence of documents at a first

18  deposition as an excuse for violating the one deposition rule. Furthermore, Bryant will then have a

19  full opportunity to refresh his recollection and prepare for his deposition.

20                                       II.

21                          STATEMENT OF FACTS

22  A.     The Parties.

23         Bryant was employed by Mattel as a fashion designer for the "Barbie" line of toys

24  from 1995 to April 1998, and in the Barbie Collectibles division from January 4, 1999 to October 20,

25  2000, earning less than $60,000 per year. Bryant left Mattel in October 2000, and he then helped

26  launch a ground-breaking line of fashion dolls called "Bratz." First manufactured and distributed by

27  MGA Entertainment ("MGA") in 2001, "Bratz" took the fashion doll world by storm. "Bratz" are

28  an international phenomenon that market studies suggest have significantly reduced Mattel's sales of

2.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT 68 PAGE        00486

1   its flagship product, Barbie.  Bryant's involvement in the creation of Bratz has elevated him to the

2   upper echelon of toy designers and brought him great rewards.  It is in this context that Mattel

3   decided, more than three and a half years after Bryant's resignation, to sue him.

4       **B.**    **Procedural History.**

5       Plaintiff's Complaint was filed April 27, 2004 in state court.  <u>See</u> Declaration of

6   Keith A. Jacoby ("Jacoby Decl."), ¶ 2.  On May 14, 2004,  Bryant answered the Complaint and

7   removed the action to Federal Court based on its diversity jurisdiction.  Jacoby Decl., ¶ 3.  On June

8   18, 2004, Bryant sought a stay of discovery pending the federal court's ruling on Plaintiff's Motion

9   for Remand by way of an *ex parte* application.  That request was denied.

10      On July 16, Bryant received Mattel's woefully inadequate responses to his written

11  discovery and promptly notified Plaintiff that he would not be appearing for deposition on August

12  17, which Mattel had noticed six days prior, unless Mattel supplemented its production.  Jacoby

13  Decl., ¶¶ 6-9.

14      On August 17, Plaintiff Mattel applied *ex parte* for an order compelling Bryant's

15  deposition.  Bryant opposed the motion, arguing that he was entitled to receive Mattel's responses to

16  his discovery prior to his deposition, and that discovery should be conducted in phases, with written

17  discovery preceding depositions.  Federal Magistrate Judge Hillman denied Mattel's *ex parte*

18  application.  <u>See</u> Exhibit 2 to Declaration of Dominic J. Messiha ("Messiha Decl."), filed

19  concurrently herewith.

20      On August 23, 2004, Judge Manella remanded the action to this Court.  Plaintiff

21  served his third deposition notice of Plaintiff on August 26, 2004, noticing the deposition for

22  September 9, 2004 in Springfield, Missouri.  Messiha Decl. ¶ 3.

23      **C.**    **The Lawsuit.**

24      On April 27, 2004, Mattel sued Bryant, alleging that he breached the agreements he

25  executed with Mattel, converted Mattel property for his personal gain and/or assisted Mattel's

26  competitor while working for Mattel.  It seeks, *inter alia*, compensatory damages, punitive damages,

27  attorney's fees and injunctive relief.  Mattel's Complaint encompasses the same charges Mattel

28  leveled against Bryant in the press, though they are pled with less specificity than the unnamed

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT _68_ PAGE

00481

1    Mattel sources were willing to give to the *Wall Street Journal* in a newspaper article published in

2    July 2003.   Instead, in its Complaint, Mattel alleged simply that:

3       "Bryant had secretly aided, assisted and worked for a Mattel competitor … the
        competitor obligated Bryant to provide product design services to the competitor on a

4       'top priority' basis....while Bryant was employed by Mattel, Bryant and the other
        defendants converted, misappropriated and misused Mattel property and resources for

5       the benefit of, and to aid and assist, Bryant personally and Mattel's competitor."

6    (Complaint, ¶ 41).

7              Mattel's lawsuit seeks nothing less than to take from Bryant everything he has earned

8    and to destroy what has become his life's work.  It is noteworthy that Mattel's targeting of Bryant

9    has been some time in the making.  Almost three years after Bryant left Mattel, and many months

10   before this lawsuit was filed, Mattel began a media campaign in which unnamed Mattel employees

11   suggested to the press that Bryant stole the "Bratz" concept from Mattel.  The *Wall Street Journal*

12   reported the following in July, 2003:

13      Inside Mattel, some are convinced the Bratz borrow liberally from a Mattel project
        that was scrapped at the testing stage in 1998. Mattel declined to comment.  Mr.

14      Bryant didn't work on the line that Mattel scrapped, according to former and current
        Mattel designers. But most Barbie designers had seen the prototypes, his former

15      colleagues say. Mr. Bryant, through MGA, declined to be interviewed.

16      The Mattel doll line that was scrapped wasn't exactly like the Bratz, says a longtime
        Mattel designer who worked on the project. But the Bratz' oversized heads -- with

17      their pursed lips and cartoonist eyes -- are "virtually identical" to the heads of the
        dolls her team created, says the designer, who left Mattel in 2001.

18

19      Lily Martinez, a designer who still works at Mattel, came up with the idea for the big
        doll heads for Mattel, colleagues say. Mattel declined to comment. She even posted

20      her sketch on her cubicle, colleagues say. "Anyone who passed by her cubicle would
        see the picture up on the wall," says another designer who also left Mattel in 2001.

21      "The big heads, the big eyes, the big feet -- they were all the same" as the Bratz. Ms.
        Martinez declined to comment.

22      See July 18, 2003 *Wall Street Journal*, "Dolled Up: To Lure Older Girls, Mattel

23      Brings In Hip-Hop Crowd" attached as Exhibit D to the Declaration of Keith A.
        Jacoby, dated August 18, 2004, (hereinafter "Jacoby Decl.") at ¶ 12.

24

25      Bryant denies these allegations.

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

                                              4.

EXHIBIT 68  PAGE ____  PC492

1  only basic discovery, but also establishment of facts crucial to rulings on pretrial motions,

2  dispositive motions, and for trial. The importance of Bryant's deposition in this matter cannot be

3  overstated.

4         The purpose of the Civil Discovery Act is critically important here. As discussed

5  above, Mattel's Complaint provides woefully vague allegations of misconduct against Bryant. The

6  Complaint states only that Bryant signed a contract with a "competitor" and "misappropriated and

7  misused Mattel property and resources," without identifying the competitor, let alone what property

8  or resources Bryant allegedly misused. At the Federal Rule 26 Conference held between the parties

9  on June 14, 2004, counsel for Mattel refused to provide any further factual information about the

10  basis of his claims, other than to make vague allegations about telephone records and Bryant's

11  contract with MGA. Jacoby Decl., ¶¶ 4, 12. Bryant has an unequivocal right to this information.

12         While Mattel has provided written responses and produced some documents in

13  response to the written discovery it agreed to provide prior to Bryant's deposition, it has withheld far

14  more documents than it has produced. Jacoby Decl., ¶ 12. Critically, while Mattel appears to allege

15  either that Bryant misappropriated Mattel property for his own gain or that he created certain works

16  (namely the "Bratz" dolls) while employed by Mattel, **Mattel has not produced any evidence**

17  **substantiating its claim that Bryant created "Bratz" while employed by Mattel. Mattel does**

18  **not deny possessing these documents. It simply refuses to produce them.** Jacoby Decl., ¶ 7.

19  Moreover, Mattel has made public statements in the media stating that it believes "Bratz" to be

20  "virtually identical" to a doll line developed by Mattel that never hit the market, yet Mattel's

21  responses do not even identify which doll line it believes was misappropriated. Even when it

22  produced some drawings by a former employee named Lilly Martinez, Mattel expressly declined to

23  admit that it was producing them in response to any document request.

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

13.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT 68                      00483

2. Bryant's Deposition Should Not Go Forward Until Mattel Produces Those Key Documents, Or States In Verified Responses That It Has Conducted A Diligent Search And Reasonable Inquiry And Those Documents Are Not In Its Possession, Custody Or Control.

Bryant is entitled to receive the documents he has requested from Mattel in both federal and state court discovery – those documents upon which Mattel bases its allegations against Bryant – prior to being deposed. Rosemont v. Superior Court (Turner), 60 Cal. 2d 709 (1964). This Court has broad discretion to enter an order that discovery should proceed in phases, with written discovery to be completed prior to depositions, or in the alternative, an order staying Bryant's deposition until Mattel produces those documents, pursuant to Code of Civil Procedure section 2019(c). Section 2019(c) states that, upon a showing of good cause, "the court may establish the sequence and timing of discovery for the convenience of parties and witnesses and in the interests of justice."

There is abundant good cause here for the Court to order phased discovery, or in the alternative, to enter an order staying Bryant's deposition, to ensure that Bryant has the ability to prepare himself for deposition and to prevent Mattel's litigation by ambush. Pursuant to Code of Civil Procedure section 2025(g), Mr. Bryant has served objections to his deposition notice and his deposition is automatically stayed pending the Court's decision on this Motion.

A court has broad discretionary powers to alter the normal timing of discovery given good cause, including to prevent "annoyance, embarrassment, or oppression." Rosemont, supra; see also Poeschl v. Superior Court, 229 Cal. App. 2d 383 (1964). The discovery statutes vest wide discretion in the trial court in granting, denying, or limiting discovery; and the trial court's rulings will not be disturbed on appeal absent a showing that its discretion was abused. Beverly Hills Federal Savings & Loan Assoc. v. Superior Court, 259 Cal. App. 2d 306 (1968).

The Supreme Court, in Rosemont v. Superior Court, supra, affirmed the trial court's entry of such an order under circumstances very similar to the instant case. In Rosemont, the parties had agreed that defendant's deposition would be taken on a specific date. Thereafter, the deponent sought an order pursuant to former Code of Civil Procedure section 2031 to require Plaintiff to

14.

LITTLER MENDELSON

EXHIBIT 68 PAGE 00484

1    **B.    Sanctions Are Warranted In This Case Because Mattel's Ex Parte Motion To**

2    **Compel Bryant's Deposition Has Already Been Denied By The Federal Court.**

3    Code of Civil Procedure section 2025(i)(15) provides that the Court "shall impose a

4    monetary sanction under Section 2023 against any party, person or attorney who unsuccessfully

5    makes or opposes a motion for a protective order, unless it finds that the one subject to the sanction

6    acted with substantial justification or that other circumstances make the imposition of the sanction

7    unjust."

8    In the instant case, Mattel has no justification whatsoever for noticing Bryant's

9    deposition, having lost an *ex parte* application for an order compelling his deposition just over a

10    week prior. Mattel continues to attempt to gain an improper tactical advantage in this litigation by

11    its abuse of the discovery process in failing to fully respond to written discovery and refusing to

12    produce relevant documents in its exclusive possession. For these reasons, an award of sanctions is

13    appropriate.

14    **IV.**

15    **CONCLUSION**

16    For the foregoing reasons, Bryant respectfully requests that this Court issue an order

17    that discovery should proceed in phases, with written discovery to be completed prior to depositions

18    being conducted. In the alternative, Bryant requests that the Court stay his deposition until such time

19    as Mattel produces documents responsive to his written discovery, or at least until after his Motion

20    to Compel production of those documents can be heard.

21

22

23

24

25

26

27

28

LITTLER MENDELSON

17.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

00485


EXHIBIT 68 PAGE ___

1    Dated:  September 3, 2004

2                                          ROBERT F. MILLMAN
                                           DOUGLAS A. WICKHAM
3                                          KEITH A. JACOBY

4

5                                          ROBERT F. MILLMAN
                                           LITTLER MENDELSON
6                                          A Professional Corporation
                                           Attorneys for Defendant
7                                          CARTER BRYANT

8    Los_Angeles:372822.4 028307.1010

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

18.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

69

36

**FILED**
LOS ANGELES SUPERIOR COURT
OCT 0 5 2004
JOHN A. CLARKE, CLERK
By_____, Deputy

MATTEL. INC., a Delaware Corporation,               )    CASE NO. BC 314398
                                                    )
          Plaintiff,                                )    TENTATIVE RULING ON (1)
                                                    )    MOTION TO COMPEL DEPOSITION
     v.                                             )    AND (2) MOTION FOR A PROTECTIVE
                                                    )    ORDER AND ESTABLISH THE
CARTER BRYANT, an individual; and DOES              )    SEQUENCE AND TIMING OF
1 through 10, inclusive,                            )    DISCOVERY
                                                    )
          Defendants.                               )    Hearing Date: October 5, 2004
                                                    )    Moving Party: Plaintiff (motion to compel)
                                                    )    and Defendant (motion for protective order)

Defendant Carter Bryant was hired by Plaintiff Mattel as a fashion designer for the "Barbie" line of toys from 1995 to April 1998, and in the Barbie Collections division from January 4, 1999 to October 2000. After leaving Mattel, Bryant started his own line of fashion doll, called "Bratz," which received much success. Mattel brings this lawsuit against Bryant for (1) Breach of Contract; (2) Breach of Fiduciary Duty; (3) Breach of Duty of Loyalty; (4) Unjust Enrichment; and (5) Conversion. Bryant filed his cross-complaint for (1) Unfair Competition; (2) Rescission; (3) Declaratory Relief; and (4) Fraud.

Plaintiff moves to compel the deposition of Plaintiff. The law is clear that Plaintiff is entitled to depose Defendant who is a party in this action. Although the federal magistrate judge denied Plaintiff its ex parte application to file a motion to compel deposition of Defendant, this Court is not bound by the federal court's local rules. California law is clear that "[a]ny party may obtain discovery...by taking in California the oral deposition of any person, including any party to the action...." CCP § 2025(a). The Court is inclined to grant Plaintiff's motion to compel.

However, Defendant has filed his motion for a protective order. Defendant is not contending that Plaintiff is not entitled to depose him. Rather, it appears that Defendant wants

1

0 4 8 7

Plaintiff to produce certain documents before the deposition, which will assist Defendant in preparation of his deposition. As such, Defendant seeks an order to establish the timing and sequence of the discovery requests. The Court is also inclined to grant Defendant's motion for a protective order.

Plaintiff is ordered to produce these documents or state in verified responses that none exists, and after a diligent search and reasonable inquiry, there are no such documents in Plaintiff's possession, custody, or control. Defendant is ordered to be deposed 20 days after Plaintiff produces these documents.

DATED:     October 5, 2004

GREGORY W ALARCON
SUPERIOR COURT JUDGE

2

00400

70

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 10/05/04                                                            DEPT. 36

HONORABLE GREGORY W. ALARCON        JUDGE    C. WILSON           DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR
#10
            P. MAPSTEAD, C.A.      Deputy Sheriff   M. DOLZ, CSR #8424      Reporter

8:30 am  BC314398                           Plaintiff
                                            Counsel    JOHN B. QUINN (X)
         MATTEL INC
                                            Defendant
                     VS                     Counsel    KEITH A. JACOBY (X)
         CARTER BRYANT

---

NATURE OF PROCEEDINGS:

MOTION FOR PLAINTIFF MATTEL, INC., TO COMPEL
DEPOSITION OF DEFENDANT AND CROSS CLAIMANT CARTER
BRYANT AND FOR SANCTION IN THE AMOUNT AMOUNT OF
$4,500.00;

MOTION FOR PROTECTIVE ORDER DEFENDANT CARTER BRYANT

CASE MANAGEMENT CONFERENCE

The matter is called for hearing.

Counsel submit on the Court's tentative ruling.  The
Court adopts the tentative and rules as follows:

Plaintiff's motion to compel is granted.

Defendant's motion for a protective order is granted.

Plaintiff is ordered to produce the documents or state
in verified responses that none exists, and after a
diligent search and reasonable inquiry, there are no
such documents in Plaintiff's possession, custody or
control.  Defendant is ordered to be deposed 20 days
after Plaintiff produces the documents.

The Court's ruling is more fully reflected in the
Ruling on 1) Motion to Compel Deposition and 2)
Motion for a Protective Order and Establish the
Sequence and Timing of Discovery, signed and filed

                Page   1 of  2   DEPT. 36        MINUTES ENTERED
                                                 10/05/04
                                                 COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 10/05/04                                                            DEPT. 36

HONORABLE GREGORY W. ALARCON        JUDGE   C. WILSON        DEPUTY CLERK

                                    JUDGE PRO TEM                    ELECTRONIC RECORDING MONITOR

HONORABLE
#10          P. MAPSTEAD, C.A.       Deputy Sheriff   M. DOLZ, CSR #8424      Reporter

| 8:30 am | BC314398 | | Plaintiff Counsel | JOHN B. QUINN (X) |
| | MATTEL INC | | | |
| | | VS | Defendant Counsel | KEITH A. JACOBY (X) |
| | CARTER BRYANT | | | |

**NATURE OF PROCEEDINGS:**

this date, and incorporated by reference herein.

The Case Management Conference is continued to
10/28/04 at 8:30 a.m. in this Department.

Counsel are ordered to complete and submit a long
cause packet to the court.

Notice is deemed waived.

Page   2 of   2    DEPT. 36

```
MINUTES ENTERED
10/05/04
COUNTY CLERK
```

00430

**71**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
1    John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
     Tania Krebs (Bar No. 227281)
3    865 South Figueroa Street, 10th Floor
     Los Angeles, California 90017-2543
4    (213) 443-3000 (telephone)
     (213) 443-3100 (facsimile)
5
     Attorneys for Plaintiff
6    Mattel, Inc.

**FILED**
LOS ANGELES SUPERIOR COURT

OCT 2 0 2004

JOHN A. CLARKE, CLERK
BY L. WALKER, DEPUTY

7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                    FOR THE COUNTY OF LOS ANGELES
10
11   MATTEL, INC., a Delaware corporation,          )  CASE NO. BC 314398
                                                     )
12                       Plaintiff,                  )  ━━━━━━━ ORDER GRANTING
                                                        MATTEL'S EX PARTE
13        v.                                            APPLICATION TO SET
                                                        COMPELLED DEPOSITION OF
14   CARTER BRYANT, an individual, and                  DEFENDANT AND CROSS-
     DOES 1 through 10, inclusive,                      CLAIMANT CARTER BRYANT FOR
15                                                       A DATE CERTAIN PURSUANT TO
                         Defendants.                     THE COURT'S ORDER OF
16                                                       OCTOBER 5, 2004
17   CARTER BRYANT, on behalf of himself, all
     present and former employees of Mattel, Inc.,    Judge:   Hon. Gregory Alarcon
18   and the general public,                           Dept:    36
                                                       Date Action Filed: April 27, 2004
19                       Cross-Complainant,            Trial Date:  None Set
20        v.
21   MATTEL, INC., a Delaware corporation,
22                       Cross-Defendant.
23
24
25
26
27
28

07209/613084.1

ORDER RE: DEPOSITION OF BRYANT

1    This matter came before the Court on October 19, 2004 for an ex parte

2 order to set for a date certain the previously compelled deposition of Defendant and Cross-

3 Claimant Carter Bryant. Eric J. Emanuel and Michael T. Zeller of Quinn Emanuel Urquhart

4 Oliver & Hedges, LLP appeared on behalf of Plaintiff Mattel, Inc. The appearance for

5 Defendant is noted on the record.

6    Having considering the papers and after considering the arguments of

7 counsel regarding Mattel's application, the Court hereby FINDS that good cause exists for

8 the issuance of ex parte relief, and hereby GRANTS Mattel's ex parte application.

9    Accordingly, the Court ORDERS and compels Defendant and Cross-

10 Claimant Carter Bryant to appear for deposition commencing on November 4, 2004, at 9:00

11 a.m. at University Plaza Hotel and Convention Center, 333 S. John Q. Hammons Parkway,

12 Springfield, Missouri 65806.

13

14 IT IS SO ORDERED

15 Date: 10/20/04

16                                     Honorable Judge Gregory Alarcon
                                       Judge of the Superior Court

17

18

19

20 Submitted by:   QUINN EMANUEL URQUHART OLIVER & HEDGES

21 Attorneys for:  Plaintiff Mattel, Inc.

22

23

24

25

26

27

28

00492

**72**

Exhibit "72"
Filed Under Seal

73

Exhibit "73"
Filed Under Seal

Exhibit "74"
Filed Under Seal

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA )**
**COUNTY OF LOS ANGELES )**

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On **January 4, 2005**, I served the foregoing document described as **DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF JOINT STIPULATION RE: MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** on all interested parties in this action.

### SEE ATTACHED SERVICE LIST

[ ]   By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[ X ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ X ]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on **January 4, 2005**, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Maria Albert
_____
Print Name

_____
Signature