QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel.: (213) 443-3000
Fax: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>CARTER BRYANT, an individual<br><br>  Defendant.<br><br>―――――――――――――――――<br>CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public,<br><br>  Counter-claimant,<br><br>  v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>  Counter-defendant. | Case No. CV 04-09059 NM (RNBx)<br><br>**DISCOVERY MATTER**<br><br>DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DEPOSITION OF LILY MARTINEZ<br><br>Hearing Date: March 8, 2005<br>Time: 9:30 a.m.<br>Courtroom: 540<br><br>Discovery Cutoff: Not Set<br>Pre-Trial Conference: Not Set<br>Trial Date: Not Set<br><br>Hon. Robert N. Block |

07209/636003.1

DECLARATION OF MICHAEL T. ZELLER

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1. I am a member of the bars of the States of California, New York and Illinois and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of Mattel's Complaint in this action, which was filed on April 27, 2004 in Los Angeles County Superior Court and was personally served on Carter Bryant on April 30, 2004. Attached as Exhibit A to the Complaint is a true and correct copy of the Mattel Employee Confidential Information and Inventions Agreement signed by Carter Bryant on January 4, 1999.

3. As set forth in the Complaint, in late November 2003, Mattel obtained a copy of a contract between Bryant and a Mattel competitor, MGA Entertainment Inc. ("MGA"). That contract--which Bryant and MGA had entered into while Bryant was employed by Mattel--required Bryant to provide design services to MGA on a "top priority" basis. It also purported to grant MGA ownership of works produced by Bryant, both before and after the agreement's effective date. Attached as Exhibit 2 is a true and correct copy of the contract between Bryant and MGA (as obtained by Mattel).

4. Bryant filed a Cross-Complaint against Mattel on September 8, 2004, pursuant to a stipulation that was entered as an Order of the Los Angeles County Superior Court. Attached as Exhibit 3 is a true and correct copy of Carter Bryant's Cross-Complaint in this matter.

5. Attached as Exhibit 4 is a true and correct copy of Bryant's first Notice of Removal, dated May 14, 2004.

6. In connection with his first removal, Bryant submitted a declaration stating that he had earned "millions of dollars" from his relationship with MGA. Attached as Exhibit 5 is a true and correct copy of that declaration.

7. After Bryant's first removal, Mattel filed a Motion to Remand, which Bryant opposed. Attached as Exhibit 6 is a true and correct excerpts from Bryant's Opposition to Mattel's Motion for Remand, dated July 2, 2004.

8. Attached as Exhibit 7 is a true and correct copy of Judge Manella's Order, dated August 20, 2004, rejecting Bryant's first removal of this case and remanding the action to Los Angeles County Superior Court.

9. Notwithstanding the Court's August 20, 2004 Order rejecting Bryant's first removal for lack of subject matter jurisdiction and granting Mattel's Motion for Remand, Bryant removed this action for a second time on November 2, 2004. Attached as Exhibit 8 is a true and correct copy of Bryant's second Notice of Removal, filed on November 2, 2004.

10. Attached as Exhibit 9 is a true and correct copy of a November 4, 2004 letter that my colleague, Jon Corey, sent to Robert Millman and Douglas Wickham, counsel for Bryant, pursuant to Local Rule 7-3 advising them that Mattel intended to move for an order remanding the case.

11. Mattel filed its motion to remand as to Bryant's second notice of removal on December 1, 2004. A true and correct copy of Judge Manella's December 2, 2004 Order setting the briefing schedule on Mattel's motion to remand and scheduling the hearing date for January 31, 2004 is attached as Exhibit 10. The oppositions of defendants MGA and Bryant on the motion to remand were due under the Court's Order, and were filed, over six weeks ago on December 22, 2004. Mattel replied to the defendants' oppositions on January 5, 2005. Defendant MGA filed a surreply on January 12, 2005, to which Mattel filed a response on January 13, 2005. In addition, on January 25, 2005, Judge Manella directed the parties to brief two issues relating to MGA's lack of diverse citizenship and re-set the hearing on Mattel's

motion to March 7, 2005. The supplemental briefing will have been completed by February 18, 2005. A true and correct copy of Judge Manella's January 25, 2005 Order setting the briefing schedule for supplemental briefing on Mattel's Motion for Remand and resetting the hearing date for March 7, 2005 is attached as Exhibit 11.

12. Attached as Exhibit 12 is a true and correct copy of the Complaint that Bryant filed against Mattel on November 2, 2004 seeking declaratory relief.

13. On June 18, 2004, immediately after Mattel had served a notice for Bryant's deposition in June 2004, Bryant filed with this Court an ex parte application that sought a complete stay of discovery by Mattel and of all disclosure obligations by Bryant, among other things. Mattel opposed the application, and this Court denied the entirety of Bryant's application, including his stay requests. Attached as Exhibit 13 is a true and correct copy of the Court's Order dated June 22, 2004 denying Bryant's ex parte application.

14. On July 11, 2004, due to Bryant's repeated refusals to appear for deposition and due to his failure to meet and confer within the time mandated by the Local Rules as Mattel had requested in writing, Mattel sent Bryant its portions of a Joint Stipulation on Mattel's motion to compel Bryant's deposition. Attached as Exhibit 14 is a true and correct copy of my letter to Douglas Wickham dated July 11, 2004 without attachments.

15. On July 12, 2004, in its continuing efforts to resolve Bryant's failure to appear for deposition, Mattel sent a letter offering to continue to try and resolve Bryant's refusal to be deposed so as to avoid burdening the Court, and suggesting July 13 as a date to meet. Attached as Exhibit 15 is a true and correct copy of my letter to Douglas Wickham dated July 12, 2004. On July 12, Bryant agreed to meet to discuss the issue.

16. At the meeting on July 13, 2004, Bryant's counsel, Keith Jacoby and Douglas Wickham, stated that a motion to compel the deposition was "unnecessary" because Bryant's counsel were giving their "word as attorneys" that

Bryant would appear for deposition in St. Louis during the week of August 16, 2004. This representation was confirmed in writing by Bryant's counsel the following day. Attached as Exhibit 16 is a true and correct copy of a letter I received from Keith Jacoby dated July 14, 2004. Mr. Jacoby's letter acknowledged the parties' "agreement" that Bryant would appear for deposition on August 17, 2004 and reiterated that "Mr. Wickham and I have given *our representations as counsel*" that Bryant would appear, absent "an unforeseen medical emergency or other exigent circumstances." (Emphasis added.) Mr. Jacoby further stated in that letter: "In my entire career, I have never had a witness I was representing spontaneously refuse to appear, nor has Mr. Wickham. I do not believe this will appear here, and *ask that you accept* the good faith representation of Mr. Wickham and I, rather than waste the Court's time and resources with a preemptive discovery motion." (Emphasis added.) Bryant's counsel also stated at the July 13 meeting that requiring a signed Stipulation to ensure Bryant's appearance at the agreed-upon time and place was "unnecessary" and "insulting" because their "word as attorneys" was "good enough" to ensure that Bryant would appear for deposition as agreed.

17. Rather than burden the Court with a motion at that point, Mattel relied on the representations of Bryant's counsel and made arrangements to take Bryant's deposition. Attached as Exhibit 17 is a true and correct copy of my letter to Keith Jacoby dated July 14, 2004, which further confirmed Bryant's counsel's representations as attorneys that Bryant would appear for deposition at the agreed-upon time and place. Mattel's July 14 confirming letter, which Bryant never disputed, stated:

> While Mattel did not agree with the delay of Mr. Bryant's previously noticed deposition until August for reasons that I have already stated and does not believe that the statements in your letter of earlier today accurately reflect Mattel's position in all respects, we will accept *your representations as an attorney that Mr. Bryant will appear for deposition at the agreed-upon*

*location and time.* Thus, as I mentioned over the phone today, *based upon those representations*, we will not be going forward at this juncture with a motion to compel his deposition, without prejudice of course to our rights to seek Court relief if circumstances change.

(Emphasis added.) Mattel's counsel then purchased plane tickets, arranged for video and a court reporter at the deposition, obtained space in St. Louis for the deposition, made hotel arrangements, and rearranged other client matters in order to be free to travel to St. Louis for the deposition.

    18. On the afternoon of Friday, August 13, Bryant faxed to plaintiff, without notice and without any discussion with Mattel beforehand, a letter unconditionally canceling Bryant's scheduled deposition. A true and correct copy of that August 13, 2004 letter is attached as Exhibit 18.

    19. Contrary to the position defendants take on this motion regarding the Martinez deposition notice, Bryant never served written objections to the Bryant deposition notices served by Mattel or moved for a protective order. In August 2004, Mattel moved ex parte to compel Bryant to honor his promise to appear at deposition. Because this Court was on vacation, the Application was decided by Judge Hillman. Although Bryant never served written objections to any of Mattel's notices of deposition, and never moved for a protective order, Judge Hillman denied Mattel's ex parte on the grounds that it did not show irreparable harm. A true and correct copy of that Order is attached as Exhibit 19.

    20. On October 5, 2004, the Superior Court granted Mattel's motion to compel Bryant's deposition and ordered Bryant to appear for deposition twenty days after Mattel furnished a verification as to the "certain documents" that Bryant claimed he needed before his deposition. Attached as Exhibits 20 and 21 are true and correct copies of the Court's Orders. As the Court's ruling stated: "[I]t appears that Defendant wants Plaintiff to produce certain documents before the deposition, which will assist Defendant in preparation of his deposition . . . . Plaintiff is ordered to

07209/636003.1

-6-

DECLARATION OF MICHAEL T. ZELLER

1  produce these documents or state in verified responses that none exists, and after a
2  diligent search and reasonable inquiry, there are no such documents in Plaintiff's
3  possession, custody, or control." Twenty days after that was done, the Court ruled,
4  "Defendant is ordered to be deposed".

5    21.   Even after Mattel provided the verification (twice), however,
6  Bryant announced on October 14, 2004 that he still refused to be deposed as ordered
7  by the Superior Court. Accordingly, on October 19, 2004, Mattel filed a second
8  motion to compel Bryant's deposition. The Superior Court rejected Bryant's grounds
9  for refusing to abide by the October 5 Order and compelled Bryant, for the second
10 time, to appear for deposition. The Superior Court specifically ordered Bryant's
11 deposition to commence on November 4, 2004. Attached as Exhibit 22 is true and
12 correct copy of the Court's Order.

13   22.   Mattel began Bryant's deposition on November 4, 2004. Bryant
14 obstructed the deposition with numerous instructions not to answer on matters such
15 as the details of the compensation that Bryant received from MGA. Moreover,
16 although Mattel had not completed Bryant's deposition, Bryant and his counsel
17 refused to allow it to be completed and unilaterally adjourned it.

18   23.   Contrary to Bryant's assertion, there was no agreement that Lily
19 Martinez would be produced for deposition on any date. Rather, Bryant simply
20 unilaterally noticed it, without conferring with counsel in advance as to whether it
21 was workable for the witness or anyone else. On January 10, 2005, counsel for
22 Bryant wrote to me purporting to "confirm" that Ms. Martinez's deposition would be
23 going forward on January 26, 2005, the date unilaterally noticed by Bryant, even
24 though there had been no such confirmation by Mattel or even discussion with Mattel
25 as to the date. Attached as Exhibit 23 is a true and correct copy of Bryant's January
26 10, 2005 letter. I responded by letter on January 17, 2005 indicating that there had
27 been no such confirmation and that Ms. Martinez was not available for deposition on
28

07209/636003.1

-7-

DECLARATION OF MICHAEL T. ZELLER

the date unilaterally noticed by Bryant. A true and correct copy of my January 17, 2005 letter to Bryant's counsel is attached as Exhibit 24.

24. On January 20, 2005 at 12:38 p.m., Bryant faxed a letter to Mattel's counsel in which he claimed, for the first time ever, that he purportedly needed Ms. Martinez's deposition testimony to oppose Mattel's motion for remand, filed on December 1, 2004. Bryant's letter announced that he would file an ex parte application to compel Ms. Martinez's deposition unless Mattel acceded to Bryant's demands by 2:00 p.m.--less than an hour-and-a-half after he sent it. Bryant gave no oral notice of, and made no efforts to discuss, the ex parte application. A true and correct copy Bryant's letter is attached as Exhibit 25. I responded by letter on January 20, 2005 that such demands were improper and inconsistent with Local Rule 37. A true and correct copy of my January 20, 2005 letter to Bryant is attached as Exhibit 26.

25. On January 20, 2005, Bryant applied to this Court ex parte for an order compelling the deposition of Ms. Martinez. Attached as Exhibit 27 is a true and correct copy of Bryant's Ex Parte Application for an Order Compelling the Deposition of Lily Martinez. According to Bryant's application, he needed Ms. Martinez to testify on the issue of subject matter jurisdiction, including as to federal question subject matter jurisdiction, in order to oppose Mattel's remand motion. The Court conducted a telephonic hearing on January 25, 2005, heard argument on Bryant's ex parte application and denied the application. Consistent with the rulings made at that telephonic hearing, the Court issued a minute Order denying Bryant's ex parte application. Attached as Exhibit 28 is a true and correct copy of this Court's January 25, 2005 Order denying Bryant's ex parte application. The Order provided: "The ex parte application is denied based on [Bryant's] failure to convince the Court that Martinez' deposition testimony likely would be relevant to [Mattel's] pending remand motion. However, the denial is without prejudice to [Bryant] filing a motion to

compel Martinez's deposition in accordance with Local Rules 37-1 and 37-2, if the case is not remanded."

26. Shortly after the hearing on his ex parte that the Court had denied, on the evening of January 25, 2005, Bryant's counsel faxed a letter demanding that Mattel agree to produce Ms. Martinez for deposition prior to the hearing on Mattel's motion for remand, asserting the same substantive grounds for his claimed need for Ms. Martinez's deposition which Judge Manella and this Court had rejected. Bryant's letter did not request a meet and confer or otherwise comply with Local Rule 37-1, but instead demanded that Mattel provide a date for Ms. Martinez's deposition no later than 5:00 pm on January 26, 2005, less than 24 hours after I received the letter. The letter, a true and correct copy of which is attached as Exhibit 29, also demanded Mattel to produce Ms. Martinez for deposition to be completed no later than approximately the first half of February 2005. Bryant made this demand with full knowledge that Ms. Martinez was engaged with the New York Toy Fair during that time, which is the busiest time of the year in the toy industry. The New York Toy Fair is one of the three major industry "toy fairs"--where Mattel and other companies including defendant MGA show their upcoming product lines to major retail buyers such as Wal-Mart--that take place during this time period. Not only was Bryant aware of this because he is in the toy industry, but this was specifically noted in Mattel's opposition papers to the ex parte on Ms. Martinez's deposition. Attached as Exhibit 30 is a true and correct copy of my Supplemental Declaration filed in this Court on January 24, 2005, without attachments.

27. Attached as Exhibit 31 is a true and correct copy of the Notice of Deposition of Issac Larian. Although MGA promised to propose dates for Mr. Larian's deposition in lieu of the January 4, 2005 date set forth in Mattel's notice, January 4 came and went without either written objection or protective order motion by MGA. In a January 14, 2005 letter to me, counsel for MGA announced for the first time--weeks after promising dates--that it would not produce Mr. Larian for

1 deposition. A true and correct copy of that letter is attached as Exhibit 32. One reason that MGA gave in its January 14, 2005 letter for not producing Isaac Larian of MGA for deposition is his "commitments in the first part of 2005" that, MGA said, "will essentially preclude his availability to meet with his own counsel, let alone to be deposed." MGA is referring here to the series of industry toy fairs just described taking place in January and February.

28. On January 27, 2005, I wrote to Bryant's counsel correcting the misstatements in his January 25, 2005 letter (Exhibit 29). A true and correct copy of my January 27, 2005 letter to Mr. Jacoby is attached as Exhibit 33. On January 28, 2005, Mr. Jacoby again wrote to me, insisting that he did not need to request or engage in the meet and confer process. Attached as Exhibit 34 is a true and correct copy of Mr. Jacoby's January 28, 2005 letter. In Mr. Jacoby's letter of January 28, 2005, he again demanded that Mattel produce Ms. Martinez sometime during the first two weeks in February 2005, a time during which he knew Ms. Martinez was engaged with the New York Toy Fair. On February 3, 2005, Bryant served Mattel with the Joint Stipulation on Defendant's Motion to Compel the Deposition of Lily Martinez. At no time prior to the service of his portions of the draft Joint Stipulation or even through today has Bryant held, or requested, a meet and confer on the motion as required by Local Rule 37, nor has he stated any basis for taking Ms. Martinez's deposition other than to re-assert the rejected grounds that her testimony is relevant to subject matter jurisdiction.

29. There can be no question that Bryant is aware of his obligations under the Local Rules. In fact, the Court's Order on the ex parte specifically directed his compliance in stating that the denial of the motion was "without prejudice to [Bryant] filing a motion to compel Martinez's deposition in accordance with Local Rules 37-1 and 37-2, if the case is not remanded." Moreover, in opposing the ex parte application of Anna Rhee, a third party, to continue her deposition, Bryant and MGA argued that a movant on even an ex parte application must comply with Local

1 Rule 37-1 before filing and argued that sanctions should be imposed against the third-party for failing to do so. The Court agreed in its Order of February 3, 2005 that compliance with Local Rule 37-1 was required (but denied Bryant and MGA's sanctions request).

30. Prior to the time of Bryant's actions regarding the Martinez deposition, the practice of the parties in this matter had been to discuss a deposition date and location that is convenient to the witness and serve opposing counsel with an agreed upon deposition notice that supersedes any prior notice. For example, the deposition of Ann Driskill was originally noticed for November 23, 2004 by Bryant. Attached as Exhibit 35 is a true and correct copy of the original Notice of Deposition of Anne Driscoll [sic]. The parties discussed the time and location of the deposition. Because Ms. Driskill was unavailable at the time noticed, Bryant agreed to depose her at a mutually convenient time and location. Attached as Exhibit 36 is a true and correct copy of the Amended Notice of Videotaped Deposition of Ann Driskill. Indeed, this was a practice that defendants' counsel themselves asked Mattel to follow whenever it benefitted them, but apparently have now decided to renege on in this case.

31. While this case has been pending in federal court, neither defendant Bryant nor defendant MGA Entertainment have ever served written objections to any of Mattel's deposition notices, including its notices for Bryant or Isaac Larian. Nor have they ever moved for protective order in this Court in connection with any deposition notice; they simply refused to show up.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 15th day of February, 2005, at Los Angeles, California.

_____
Michael T. Zeller

07209/636003.1

-11-

DECLARATION OF MICHAEL T. ZELLER

# PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On February 16, 2005 I caused to be served the following document(s) on interested parties in this action described as **Declaration of Michael T. Zeller in Support of Mattel, Inc.'s Opposition to Defendants' Motion to Compel Deposition of Lily Martinez** addressed as follows:

Diana Torres, Esq.
O'Melveny & Meyers, LLP
400 S. Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407

Douglas A. Wickham, Esq.
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
Fax: 310-553-5583

\_\_\_\_ **(BY MAIL)** I deposited such envelope in the mail at _____, California. The envelope was mailed with postage thereon fully prepaid.

\_\_\_\_ **(BY MAIL)** I caused such envelope to be placed in the firm's mail. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_ **(BY FACSIMILE)** I caused such document to be transmitted by facsimile to the offices of the addressee. Upon completion of the said facsimile transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error.

\_\_\_\_ **(BY FEDERAL EXPRESS)** by placing the document(s) listed above in such envelope for deposit with FEDERAL EXPRESS to be delivered via priority overnight service to the persons at the addresses set forth above.

X **(BY PERSONAL SERVICE)** I caused to be delivered by hand such envelope to the offices of the addressee.

Executed on February 16, 2005, at Los Angeles, California.

\_\_\_\_ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Type or Print Name

_____
Signature

07272/636931.1