# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**PALM SPRINGS**
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   January 20, 2005

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Keith Jacoby | 310-553-0308 | 310-553-5583 |

**FROM:**   Michael T. Zeller

**RE:**   Mattel v. Bryant

**MESSAGE:**



| CLIENT #: 7209 | ROUTE/ RETURN TO: **Maria Albert** | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR:   _____ | CONFIRMED? ☐ No ☐ YES: | _____ |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

**EXHIBIT 26**

Confirmation Report — Memory Send

```
Page        : 001
Date & Time: Jan-20-05  05:33pm
Line 1      : 2136240643
Line 2      :
Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 874 |
| Date | : | Jan-20 05:32pm |
| To | : | ☎9414#07209#13105535583 |
| Number of pages | : | 003 |
| Start time | : | Jan-20 05:32pm |
| End time | : | Jan-20 05:33pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 874          *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| SAN DIEGO | LOS ANGELES | SAN FRANCISCO |
|---|---|---|
| 4445 Eastgate Mall, Suite 200 San Diego, CA 92121 (858) 812-3107 Facsimile: (866) 813-3336 | 865 So. Figueroa Street, 10th Floor Los Angeles, CA 90017 (213) 443-3000 Facsimile: (213) 443-3100 | 50 California Street, 22nd Floor San Francisco, CA 94111 (415) 875-6600 Facsimile: (415) 875-6700 |
| PALM SPRINGS 45-025 Manitou Drive, Suite 5 Indian Wells, CA 92210 (760) 345-4767 Facsimile: (760) 345-2414 | NEW YORK 335 Madison Avenue, 17th Floor New York, NY 10017-4611 (212) 702-8100 Facsimile: (212) 702-8200 | SILICON VALLEY 555 Twin Dolphin Drive, Suite 560 Redwood Shores, CA 94065 (650) 801-5000 Facsimile: (650) 801-5100 |

### LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

DATE:   January 20, 2005

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Keith Jacoby | 310-553-0308 | 310-553-5583 |

FROM:   Michael T. Zeller

RE:   Mattel v. Bryant

MESSAGE:

| CLIENT #:  7209 | ROUTE/RETURN TO:  Maria Albert | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED? ☐ No ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.

**EXHIBIT 26**

**EXHIBIT 27**

Received:   1/20/05   4:46PM;          310 553 5583 -> JetFax M820;   Page 2

AN-20-2005 16:35 FROM:LITTLER MENDELSON      310 553 5583          TO:12136240643          P.2

1  ROBERT F. MILLMAN, Bar No. CA 062152
   DOUGLAS A. WICKHAM, Bar No. CA 127268
2  KEITH A. JACOBY, Bar No. 150233
   LITTLER MENDELSON
3  A Professional Corporation
   2049 Century Park East, 5th Floor
4  Los Angeles, CA 90067.3107
   Telephone:   310.553.0308
5  Facsimile:   310.553.5583

6  Attorneys for Defendant and Cross-Claimant
   CARTER BRYANT
7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 MATTEL, INC., a Delaware              Case No. CV 04-9059 NM (RNBx)
   Corporation,
12                                       HON. NORA M. MANELLA
                  Plaintiff,
13                                       **DISCOVERY MATTER**
          v.
14                                       **DEFENDANT AND CROSS-
   CARTER BRYANT, an individual;         CLAIMANT CARTER BRYANT'S**
15 and DOES 1 through 10, inclusive,     *EX PARTE* **APPLICATION FOR AN
                                         ORDER COMPELLING THE
16                Defendant.             DEPOSITION OF LILY MARTINEZ**

17                                       [Local Rule 37-2.3]

18                                       DATE:   No Hearing Required
                                         ROOM:   540
19
                                         HON. ROBERT N. BLOCK
20                                       U.S. MAGISTRATE JUDGE

21 CARTER BRYANT, on behalf of
   himself, all present and former
22 employees of Mattel, Inc., and the
   general public,
23
                  Cross-Claimant,
24
          v.
25
   MATTEL, INC., a Delaware
26 Corporation,

27                Cross-Defendant.

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0808

190                                      **EXHIBIT 27**

1
2
3      PLEASE TAKE NOTICE that Defendant and Cross-Claimant Carter Bryant
4  ("Bryant") hereby applies *ex parte* for an order compelling the deposition of Lily
5  Martinez to proceed as noticed on January 26, 2005.
6      This *ex parte* Application is made pursuant to Federal Rules of Civil Procedure
7  6(b) ("the court for cause shown may at any time within its discretion" order
8  enlargement of the time within which an act is required to be done), Federal Rules of
9  Civil Procedure 30 and 37, Local Rule 7.19 of the Local Rules of the U.S. District
10  Court for the Central District of California ("Local Rules"), and this Court's Standing
11  Order.
12      Good cause exists for the relief requested in this Application as follows:
13      1.     On January 18, 2005, Plaintiff and Counter-Defendant Mattel, Inc.
14  ("Mattel") unilaterally, and without any explanation, cancelled the deposition of Lily
15  Martinez properly noticed for January 26, 2005.  By refusing to produce Martinez for
16  her deposition, Mattel is attempting to thwart Bryant's ability to obtain and introduce
17  evidence relevant to the pending motion to remand, scheduled to be heard by this
18  Court on January 31, 2005.  Absent a court order compelling Martinez to appear for
19  her deposition, Bryant will suffer irreparable injury and undue prejudice.  Martinez'
20  deposition testimony is likely to elicit facts that provide further proof to confirm that
21  jurisdiction in this matter lies with this federal court.  Given that Mattel's motion to
22  remand is Furthermore, Martinez' testimony is relevant to both Bryant's defense and
23  the prosecution of his cross-claims against Mattel.
24      2.     For two months following service of the notice of deposition, Mattel
25  failed to serve any objections to said Notice of Deposition.  Nor did counsel for Mattel
26  communicate any objection to the date or location of the deposition of Ms.  To the
27  contrary, counsel for Mattel simply claimed that she was unavailable the entire month
28

LITTLER MENDELSON
A Professional Corporation
Wood Business Park East
Suite 8500
Los Angeles, CA 90067-3107
310 553 5583

1.

191                                          EXHIBIT 27

1  of December.  On January 10, 2005, counsel for Bryant confirmed in writing that the

2  deposition of Ms. Martinez would proceed as noticed.  However, for the very first

3  time, on the afternoon of January 17, 2005, counsel for Mattel inexplicably informed

4  counsel for Bryant that they would refuse to produce Ms. Martinez for her deposition.

5  Furthermore, Mattel's counsel neither moved for a protective order nor made any

6  motion to quash the deposition notice, as no basis for doing so exists.

7       3.       Pursuant to FRCP 37, and Local Rule 37 and 7.19, counsel for Bryant has

8  met and conferred with counsel for Mattel prior to bringing the instant motion.

9  Counsel for Mattel has in good faith made efforts to attempt to secure the attendance

10  of Ms. Martinez at her deposition over the last two months, and most recently, by

11  letter on January 20.  Counsel for Mattel has failed to respond, thus, necessitating the

12  instant motion.

13       4.       Counsel for Mattel has been informed that this Application is being

14  served via facsimile and Plaintiff has 24 hours within which to submit its opposition

15  pursuant to this Court's Standing Order.

16       This Application is based upon this Ex Parte Application, the accompanying

17  Memorandum of Points and Authorities, the Declaration of Keith Jacoby submitted

18  herewith, the proposed order, and the pleadings, records and files in this case.

19

20

21  Dated: January 20, 2005                Respectfully submitted,

22                                          ROBERT F. MILLMAN
                                           DOUGLAS A. WICKHAM
23                                          KEITH A. JACOBY

24

25                                          KEITH A. JACOBY
                                           LITTLER MENDELSON
26                                          A Professional Corporation
                                           Attorneys for Defendant
27                                          CARTER BRYANT

28

Received:   1/20/05  4:49PM;           310 553 5583 -> JetFax M920;  Page 5
JAN-20-2005 16:36 FROM:LITTLER MENDELSON    310 553 5583        TO:12136240643        P.5

COPY

1   ROBERT F. MILLMAN, Bar No. CA 062152
2   DOUGLAS A. WICKHAM, Bar No. CA 127268
    KEITH A. JACOBY, Bar No. 150233
3   LITTLER MENDELSON
    A Professional Corporation
4   2049 Century Park East, 5th Floor
    Los Angeles, CA  90067.3107
5   Telephone:    310.553.0308
    Facsimile:    310.553.5583
6
    Attorneys for Defendant and Cross-Claimant
7   CARTER BRYANT

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware          Case No. CV 04-9059 NM (RNBx)
    Corporation,
12                                    HON. NORA M. MANELLA
              Plaintiff,
13                                    DISCOVERY MATTER
         v.
14                                    DEFENDANT AND CROSS-
    CARTER BRYANT, an individual;     CLAIMANT CARTER BRYANT'S
15  and DOES 1 through 10, inclusive, MEMORANDUM OF POINTS AND
                                      AUTHORITIES IN SUPPORT OF
16            Defendant.              HIS *EX PARTE* APPLICATION FOR
                                      AN ORDER COMPELLING THE
17                                    DEPOSITION OF LILY MARTINEZ

18                                    [Local Rule 37-2.3]

19                                    DATE:  No Hearing Required
                                      ROOM:  540
20
                                      HON. ROBERT N. BLOCK,
21                                    U.S. MAGISTRATE JUDGE

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

MEMO OF  P&A's ISO *EX PARTE* APPLICATION        Case No. CV 04-9059 NM (RNBx)

193                                              EXHIBIT 27

# I.
## INTRODUCTION

On January 18, 2005, Plaintiff and Counter-Defendant Mattel, Inc. ("Mattel") unilaterally, and without a hint of explanation, cancelled the January 26, 2005 deposition of Mattel employee Lily Martinez. Martinez's deposition had been noticed *over two months ago*, and no prior objection, or hint of any problem whatsoever had been raised. Why did Mattel lie in wait for almost two months before unilaterally canceling this deposition? For one simple reason — because Defendant and Cross-Claimant Carter Bryant ("Bryant") seeks evidence from Martinez that would further conclusively confirm that jurisdiction in this matter lies with this federal Court. If Martinez offered such evidence at deposition on January 26, Mattel's January 31 motion to remand this action to state court would be dead on arrival.

Because Martinez is a current employee at Mattel's El Segundo facility, Mattel has no legal basis to withhold Martinez — and it did not even bother to conjure one up. Rather, Mattel took what it apparently thought would be the path of least resistance — it simply refused to comply with discovery, in the apparent hope that the Court would remand the case to state court before the discovery dispute could be resolved, and more importantly, before Martinez' testimony could be tendered into the record to support the removal.

With the threshold issue of subject matter jurisdiction pending before the Court, Mattel must not be permitted, at its whim, to cancel the deposition of this critical witness. By refusing to produce Martinez as noticed, Mattel is attempting to thwart Bryant's ability to obtain and introduce evidence relevant to the pending motion to remand, thereby abridging Bryant's statutory right as an out-of-state defendant to remove this case. Bryant also cannot gather evidence relevant to both his defense and his cross claims against Mattel — something he is categorically entitled to do, and no small matter in a case where Mattel, his former employer, seeks to enjoin him from engaging in his livelihood.

1       Mattel's motion for remand will be decided in less than two weeks, and if, as

2   Bryant believes, Martinez has evidence directly contrary to Mattel's stated position in

3   its remand papers, it is essential that such evidence be placed in the record now, and

4   that the Court be given the full benefit of it prior to making its decision on

5   jurisdiction.  Only *ex parte* relief from this Court can ensure that this occurs.  Bryant

6   therefore respectfully requests that this application be granted and that Mattel be

7   ordered to produce Martinez for her deposition as noticed.

8

9   **II.**
**STATEMENT OF FACTS**

10      **A.    Lily Martinez Would Give Testimony Damaging to Mattel's Motion

11  for Remand, Prompting Mattel to Abruptly Cancel Her Deposition.**

12      Lily Martinez is the creator of an abandoned Mattel toy project called "Toon

13  Teens."  A critical issue in this case is whether Bryant, an ex-Mattel employee, copied

14  or otherwise used the "Toon Teens" drawings in connection with his creation of a toy

15  concept that ultimately led to the manufacture of toys sold by Intervenor MGA

16  Entertainment, Inc. ("MGA") under the trade name "Bratz."  A July 2003 *Wall Street

17  Journal* article that liberally quotes named and unnamed Mattel employees suggests

18  Mattel believes this did, in fact, occur, and Mattel's lawsuit against Bryant for breach

19  of contract, breach of fiduciary duty, conversion and breach of the duty of loyalty is

20  drafted in a manner that clearly attempts to allow for such a theory to be pursued.[1]

21      Mattel has repeatedly refused to disavow this theory of liability, and instead

22  has decided to pursue it, because it believes it can potentially use it to attempt to

23  recover tens of millions of dollars in compensatory and punitive damages from

24  Bryant.  It also could be a possible basis to seek to revoke Bryant's assignment of his

25  "Bratz" drawings to MGA, which Mattel could then arguably use as a basis to seek to

26  

27  [1] This article and the other factual matters mentioned herein are on file with the Court in connection with Bryant's and MGA's papers opposing Mattel's second remand motion

28  (including Defendants' declarations with attachments) and are incorporated herein by reference.

LITTLER MENDELSON
...
Los Angeles, CA 90067-1067
310 443 4300

MEMO OF P&A'S ISO *EX PARTE* APPLICATION          2.                    CASE NO. 04-9059 NM (RNBx)

195

**EXHIBIT 27**

Received:  1/20/06  4:60PM;          310 653 6683 -> JetFax M920;  Page 8
AN-20-2005 16:37 FROM:LITTLER MENDELSON   310 553 5583      TO:12136240643       P.8/45

1   enjoin the further sale of "Bratz" items.  To preserve its right to move forward on this

2   potentially powerful theory, Mattel has produced copies of pictures of the "Toon

3   Teens" in this litigation.  Mattel's counsel also questioned Bryant at deposition about

4   the "Toon Teens" designs at length in an apparent effort to help prove that he

5   supposedly copied them.  (*See* Declaration of Keith Jacoby in Support of Bryant's

6   Opposition to Mattel's Motion For Remand, ¶ 3)

7        In this action, Mattel has repeatedly and conveniently **refused to expressly**

8   **concede** that it is pursuing such a theory, for such an admission would conclusively

9   establish both the requisite amount in controversy for diversity jurisdiction, and the

10  existence of federal question jurisdiction.  Yet, in Mattel's Motion to Dismiss a

11  companion case, Bryant's federal declaratory relief judgment suit pending before this

12  Court, Mattel effectively **admits** that its state court Complaint against Bryant involves

13  the ownership of the "Bratz" copyright rights, and that more than $75,000 is in

14  controversy.   Through his federal declaratory relief complaint, Bryant seeks a

15  declaration that he is the "sole and true owner of all rights relating to 'Bratz.'"  In its

16  Motion to Dismiss that suit, however, Mattel argues that "[i]f the Court were to rule

17  on these issues, ... it would usurp that decision from the judge in the state court case."

18  (Mot. To Dismiss at 21).  Furthermore, Mattel asserts in that same motion that this

19  Court should refrain from ruling on the ownership of the "Bratz" rights, as requested

20  by Bryant, stating that those rights are not "in controversy" in the declaratory relief

21  case because Bryant's suit "asks this Court to resolve state law issues presented in

22  Mattel's state court case." (*Id.* at 23 (emphasis added)).  While it is Bryant's position

23  that jurisdiction should be evident to the Court, Bryant believes the Martinez'

24  deposition will provide further proof that will establish jurisdiction beyond any doubt.

25  Mattel's apparent fear that Martinez's testimony will doom its remand motion has led

26  Mattel to engage in a jurisdictional game of hide-and-seek, which the discovery rules

27  are designed to avoid.

28  ///

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0608

MEMO OF P&A'S ISO *EX PARTE* APPLICATION        3.        CASE NO. 04-9059 NM (RNBx)

196        EXHIBIT 27

Received:  1/20/05  4:50PM;           310 553 5583 -> JetFax M920;  Page 9

AN-20-2005 16:37 FROM:LITTLER MENDELSON    310 553 5583         TO:12136240643        P.9/45

**B.**  **Martinez' Deposition Was Properly Noticed Two Months Ago and Then Abruptly and Unilaterally Cancelled By Mattel**

On November 24, 2004, Bryant properly noticed the deposition of Ms. Martinez for January 26, 2005.  (*See* Decl. of Keith Jacoby In Support of *Ex Parte* Application For an Order Compelling the Deposition of Lily Martinez (hereinafter "Jacoby Decl.") ¶ 2, Exh. A)  This date – more than two months earlier – was provided by Mattel's counsel as a date on which Ms. Martinez was available, after claiming that she was unavailable during the entire month of December. (Jacoby Decl. ¶ 2)  **For almost two months,** Mattel did not object to the notice of deposition, nor the date or place of the deposition. (Jacoby Decl. ¶ 3)  On January 10, counsel for Bryant again confirmed in writing that the deposition would go forward on January 26.  (Jacoby Decl. ¶ 4, Exh. C)  In a separate letter, counsel for Bryant also requested that Mattel bring the originals of the "Toon Teen" drawings produced earlier in this case to the Martinez deposition. (Jacoby Decl. ¶ 5, Exh. D)

Mattel informed Bryant *for the first time* on January 18 that "Ms. Martinez will not be appearing" for her deposition noticed for January 26, effectively canceling the deposition.  (Jacoby Decl. ¶¶ 3, 6, Exh. E)  No reason or explanation was given for this last minute unilateral cancellation, and Mattel failed to meet and confer on this issue. (Jacoby Decl. ¶ 6, Exh. E)  Furthermore, Mattel neither moved for a protective order nor filed any motion to quash the deposition notice, presumably since no basis for doing so exists. (Jacoby Decl. ¶ 3)

## III.
### ARGUMENT

**A.**  **Good Cause Exists To Issue An Order Compelling Martinez' Appearance For Deposition.**

A deposition noticed pursuant to FRCP 30(a)(1) is sufficient to compel a party or party-affiliated witness to attend his or her deposition.  Mattel's unilateral refusal to produce Ms. Martinez for her deposition is clearly improper and designed to hinder

1    the discovery of vital jurisdictional facts until it is too late.  This Court should issue an

2    order compelling Ms. Martinez to attend her deposition on January 26 as noticed —

3    and certainly before the remand hearing on January 31.

4    **B.      Bryant Has Satisfied the Meet and Confer Requirements of LR**

5    **37-1 and 7-19.**

6        In November, 2004, counsel for Bryant and counsel for Mattel met and

7    conferred regarding the scheduling of several depositions in this matter, including that

8    of Lily Martinez.  (Jacoby Decl. ¶ 2)  In response to counsel for Bryant's expressed

9    desire to depose Ms. Martinez, counsel for Mattel informed counsel for Bryant that

10   Ms. Martinez was not available during the entire month of December, and proposed

11   January for the deposition.  (Jacoby Decl. ¶ 2)  Based on that conversation, on

12   November 24, 2004, counsel for Bryant properly noticed the deposition of Ms.

13   Martinez for January 26, 2005.  (Jacoby Decl. ¶ 2, Exh. A)  On December 10, 2004,

14   MGA also properly served a notice of deposition for Ms. Martinez for the agreed upon

15   day, January 26, 2005.  (Jacoby Decl. ¶ 2, Exh. B)  As such, Mattel has had notice of

16   the deposition of Ms. Martinez for almost two months.  (Jacoby Decl. ¶¶ 2, 3)  On

17   January 10, 2005, counsel for Bryant confirmed in writing that the deposition would

18   go forward on January 26.  (Jacoby Decl. ¶ 4, Exh. C)  In a separate letter, counsel for

19   Bryant also requested that Mattel bring the originals of the "Toon Teen" drawings

20   produced earlier in this case to the Martinez deposition.  (Jacoby Decl. ¶ 5, Exh. D)

21       Not once during the almost two months that Mattel was on notice of the

22   deposition of Ms. Martinez did Mattel object to the notice of deposition, or the date or

23   location of the deposition.  (Jacoby Decl. ¶ 3)  Nor did Mattel move for a protective

24   order or motion to quash the deposition notices pursuant to FRCP 26(c).  (Jacoby

25   Decl. ¶ 3)  Instead, Mattel sat idly by for two months until about 10 days prior to the

26   hearing on the motion to remand before it unilaterally declared, "Ms. Martinez will

27   not be appearing" for her deposition on January 26.  (Jacoby Decl. ¶ 6, Exh. E)

28       On January 20, counsel for Bryant sent another letter to counsel for Mattel in a

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308        MEMO OF P&A'S ISO *EX PARTE* APPLICATION         5.               CASE NO.  04-9059 NM (RNBx)

**EXHIBIT 27**

Received: 1/20/05  4:51PM;        310 553 5583 -> JetFax M920;  Page 11
AN-20-2005 16:38 FROM:LITTLER MENDELSON    310 553 5583         TO:12136240643        P.11/45

1  good faith attempt to resolve the issue prior to bringing the *ex parte* motion.  (Jacoby

2  Decl. ¶ 7, Exh. F)  Counsel for Mattel did not respond.  (Jacoby Decl. ¶ 7)  As such,

3  Bryant had no choice but to bring this *ex parte* motion to compel the deposition of Ms.

4  Martinez as noticed.

5      **C.**    **Bryant's Notice of Deposition Alone Is Sufficient To Compel**
            **Lily Martinez to Attend Her Deposition.**

6

7      It is well-established that pursuant to FRCP 30, a notice of deposition is

8  sufficient to compel a party or party-affiliated witness to attend his or her deposition.

9  FRCP 30(a)(1); *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (stating

10  that "[a] notice for the taking of a deposition is all that is necessary to require

11  attendance of parties at their depositions").  The Federal Rules of Civil Procedure

12  allow testimony to be taken "of any person, including a party, by deposition upon oral

13  examination without leave of court . . . ."  FRCP 30(a)(1).  That deposition notice is a

14  court order that requires the deponent to appear on the scheduled date.  *See In re*

15  *Honda*, 106 B.R. 209, 211 (Bankr. D. Haw. 1989) ("The notice for taking deposition

16  is sufficient to compel the attendance of a witness who is a party to the action.")

17  (*citing Farquhar, supra; Continental Fed. Sav. & L. Ass'n. v. Delta Corp.*, 71 F.R.D.

18  697 (W.D. Okla. 1976); *Collins v. Wayland*, 139 F.2d 677 (9th Cir. 1944)).  As the

19  *Shelden* court noted, "[a] *notice* for the taking of a deposition is *all that is necessary* to

20  require attendance of parties at their depositions."  *Shelden*, 116 F.R.D. at 72

21  (emphasis added).[2]  A party "may avoid the notice" if there is an agreement of the

22  parties to alter the date or if the party files a motion to quash or for protection under

23  Rule 26(c).  *See generally Honda*, 106 B.R. at 211 ("[w]ithout such an order [granting

24  protection], a party is compelled to honor the notice . . . .  Failure of a party to attend

25  without first obtaining a protective order will subject that party to sanctions under

26  Rule 37(d).").

27  [2]    *See also Continental Fed. Sav. & L. Ass'n*, 71 F.R.D. at 699 ("The notice issued by
Plaintiff is all that is necessary to require attendance of parties or their officers or managing

28  agents and a subpoena was not required in the circumstances present.") (citing Charles Alan
Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2107)).

Received:   1/20/05   4:51PM;          310 553 5583 -> JetFax M920;   Page 12

AN-20-2005 16:38 FROM:LITTLER MENDELSON     310 553 5583        TO:12136240643          P.12/45

1    Here, Mattel was properly served with not one, but two, notices of deposition

2    first served as early as two months ago setting the deposition for Martinez on January

3    26. Mattel failed to object to either notice of deposition, and it did not file a motion

4    seeking relief from the appearance. It is Bryant's position that Mattel's unilateral, last

5    minute cancellation of the deposition is not only improper, but it warrants sanctions

6    under FRCP 37. At a minimum, though, the appropriate remedy is to require

7    Martinez' deposition to proceed as noticed.

8        Because a notice of deposition alone is sufficient to compel a party or party-

9    affiliated witness to appear for his or her deposition, this Court should issue an order

10   compelling Martinez to appear on January 26.

11   **D.   A Court Order Compelling Lily Martinez to Attend Her Deposition
12        is Necessary to Avoid Irreparable Injury and Undue Prejudice to
         Bryant**

13       Absent a court order compelling Martinez to appear for her deposition on

14   January 26, Bryant will suffer irreparable injury and undue prejudice. As mentioned,

15   Martinez' deposition testimony is likely to elicit facts that bear on the resolution of the

16   pending motion to remand, scheduled to be heard on January 31. If, as anticipated,

17   Martinez testifies about her "Toon Teens" design and Mattel's contention that "Bratz"

18   is a copy of "Toon Teens," Martinez' testimony would be pertinent to the pending

19   remand motion. Specifically, her testimony could confirm that Mattel's state-law

20   claims are disguised federal copyright claims subject to complete preemption. If

21   pertinent, Bryant would seek leave to tender excerpts of that deposition transcript at

22   the hearing on January 31. In addition, Martinez' testimony is likely pertinent to

23   Bryant's removal on the basis of diversity since she could shed light on the amount

24   Mattel invested in "Toon Teens."

25       As a matter of law, the Court may receive deposition testimony in connection

26   with determining whether subject matter jurisdiction exists, *i.e.*, in the context of a

27   motion for remand or a Rule 12(b)(1) motion. *See, e.g., Edwards v. Chrysler Motor*

28   *Co., Inc.*, No. Civ. A. 00-1733, 2000 WL 1285340, at *2 (E.D. La. Sept. 8, 2000)

LITTLER MENDELSON
...
...
...
...

MEMO OF P&A'S ISO *EX PARTE* APPLICATION        7.                    CASE NO. 04-9059 NM (RNBx)

200

**EXHIBIT 27**

Received:   1/20/05  4:51PM;        310 553 5583 -> JetFax M920;   Page 13
JAN-20-2005 16:39 FROM:LITTLER MENDELSON    310 553 5583        TO:12136240643        P.13/45

1    ("[B]efore considering the merits of the defendant's motion to dismiss, I must first

2    determine whether this court has subject matter jurisdiction, or whether the case

3    should be remanded.  In making a jurisdictional determination, a federal court is not

4    limited to the pleadings.  I may look to any record evidence, and may receive

5    affidavits, deposition testimony or live testimony concerning the relevant facts.")

6    (citing *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir.1996)); *see also Vecchione v.*

7    *Wohlgemuth*, 426 F. Supp. 1297, 1303 (E.D. Pa.) (noting that, in challenge to

8    jurisdiction, "[a] briefing schedule was established, depositions were taken, and . . . a

9    hearing on the motion was held"), *aff'd*, 558 F.2d 150 (3d Cir. 1977).  Collecting

10   essential testimony prior to a remand hearing is analogous to gathering vital discovery

11   prior to a summary judgment hearing, which is undoubtedly proper. *Conkle v. Jeong*,

12   73 F.3d 909, 914 (9th Cir.1995); *Upper Deck Authenticated, Ltd. v. CPG Direct*, 971

13   F. Supp. 1337 (S.D. Cal. 1997).

14        Bryant and MGA have already pointed out in their papers opposing Mattel's

15   remand motion that one of the two bases for federal jurisdiction in this case is

16   complete federal preemption under the Copyright Act, 17 U.S.C. § 301(a), of Mattel's

17   state-law claims for, inter alia, conversion, breach of fiduciary duty, and unjust

18   enrichment. (Bryant's Opposition to Mattel's Second Motion for Remand at 15-19;

19   MGA's Joinder in Opposition to Mattel's Second Motion for Remand at 6-11.)  These

20   claims are equivalent to federal copyright claims, come within the subject matter of

21   copyright, and thus are preempted by the Act's broad preemptive force.  (MGA's

22   Joinder at 9-12.) As pointed out in said oppositions, most of Mattel's state-law claims

23   seek relief for Bryant's alleged provision to MGA of "Mattel's property" and claim

24   that Bryant "used and diverted Mattel property." (*Id.* at 8 (citing Compl. ¶¶ 12, 23,

25   30, 36, 41).)

26        In discovery, as mentioned, Mattel has explicitly refused to disavow the

27   contention that Bryant's "Bratz" drawings are derived from Mattel's "Toon Teens"

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

MEMO OF P&A'S ISO *EX PARTE* APPLICATION          8.                    CASE NO. 04-9059 NM (RNBx)

201                                        EXHIBIT 27

Received:   1/20/05   4:52PM;          310 553 5583 -> JetFax M920;   Page 14
JAN-20-2005 16:39 FROM:LITTLER MENDELSON     310 553 5583          TO:12136240643          P.14/45

1    property,[3] which Mattel registered for copyright in late November 2003.[4] Martinez'

2    deposition could therefore be crucial in establishing when she created "Toon Teens,"

3    what she knows about Bryant's alleged access to her designs, when her design was

4    reduced to practice, whether she (as the creator of "Toon Teens") believes that "Bratz"

5    is a copy of "Toon Teens," and other matters that would tend to flesh out Mattel's

6    theory that "Bratz" infringes on the copyrighted "Toon Teens" designs, which would

7    plainly unmask Mattel's state-law claims as preempted federal copyright claims.

8        In sum, Martinez' deposition is plainly relevant to this case, both as to the

9    merits and the propriety of removal.  Mattel's stalling and unauthorized attempt to

---

[3]    In discovery, Mattel has aggressively sought evidence seeking to prove  that 1) Bryant's "Bratz" designs are not original, 2) he copied some old Mattel designs, and 3) as mentioned, that it is allegedly entitled to disgorgement of all "Bratz"-related revenue from Bryant and MGA since it allegedly was copied from "Toon Teens," which Martinez designed,

   By way of further example, on October 11, 2004, Mattel produced correspondence and a cooperation agreement between Mattel and Cityworld, the defendants in a lawsuit in Hong Kong filed by MGA in which MGA alleges that Cityworld's doll, called "Funky Tweens," infringes MGA's copyrights in "Bratz."  In that litigation, Cityworld recently contended MGA that "Bratz" originated with Mattel, not Bryant, and that therefore MGA does not own the rights to "Bratz."  Cityworld claimed that Mattel has been providing information to assist the infringers in that case to establish that Bryant copied "Toon Teens" from Mattel, so that Mattel allegedly owns the rights to "Bratz."  (Jacoby Ex. 7 (filed in connection with Bryant's Opp. to Mattel's 2d Mot. for Remand).)

   On October 13, 2004, Mattel produced further evidence that it seeks to establish that the "Bratz" dolls derive from "Toon Teens" because Bryant allegedly saw and copied the drawings for that project.  Specifically, Mattel produced a letter dated August 2002 addressed to Mattel CEO Robert Eckert in which the anonymous author, who could very well be Martinez, alleges that Bryant misappropriated the "Bratz" idea from Mattel.  (Jacoby Decl. ¶ 10 & Ex. 8.)

   On October 26, 2004, Mattel refused to stipulate that it was not contending that Bryant copied "Bratz" from "Toon Teens" and to further confirm that Mattel did not claim that the revenue stream from the sale of other Mattel doll products was wrongfully encroached upon by "Bratz," because "Bratz" was allegedly derivative of "Toon Teens."  (Jacoby Decl. ¶ 6.)  The obvious import of Mattel's refusal is to protect its theory that "Bratz" infringes Mattel's "Toon Teens" design created by Martinez.

[4]    See Bryant's Compl. for Decl. Relief Ex. B.  Interestingly, the registration was filed on November 28, 2003, at least four years after the drawings were created, but contemporaneous with the "late November 2003" date when Mattel says it first discovered Bryant's alleged wrongdoing.  (Compl. ¶12.)  This timing is important because copyright registration is required for an infringement action.  17 U.S.C. § 411(a).  Copyright infringement, of course, is a federal claim that provides federal question jurisdiction.

LITTLER MENDELSON
... MEMO OF P&A's ISO *EX PARTE* APPLICATION          9.                    CASE NO. 04-9059 NM (RNBx)

Received:   1/20/05   4:52PM;           310 553 5583 -> JetFax M920;   Page 15

JAN-20-2005 16:40 FROM:LITTLER MENDELSON   310 553 5583        TO:12136240643        P.15/45

1  cancel the Martinez deposition without any justification is a thinly veiled attempt to

2  manipulate the Court's jurisdiction and should not be countenanced.   The Court

3  should thus order Martinez to appear for her deposition as scheduled on January 26,

4  2005.

5                                    IV.
                            **CONCLUSION**
6
7        For all of the foregoing reasons, Carter Bryant respectfully requests that this

8  Court order Mattel to produce Lily Martinez for deposition as noticed on January 26,

9  2005.

10  Dated: January 20, 2005                    Respectfully submitted,

11                                             ROBERT F. MILLMAN
                                              DOUGLAS A. WICKHAM
12                                             KEITH A. JACOBY

13

14

15                                             KEITH A. JACOBY
                                              LITTLER MENDELSON
16                                             A Professional Corporation
                                              Attorneys for  Defendant and Cross-
17                                             Claimant CARTER BRYANT

18

19

20

21

22

23

24

25

26

27

28

Received:    1/20/05  4:52PM;              310 553 5583 -> JetFax M920;  Page 16

JAN-20-2005 16:40 FROM:LITTLER MENDELSON    310 553 5583        TO:12136240643        P.16/45

ROBERT F. MILLMAN, Bar No. CA 062152
DOUGLAS A. WICKHAM, Bar No. CA 127268
KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone:  310.553.0308
Facsimile:  310.553.5583

Attorneys for Defendant and Cross-Claimant
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation, | Case No. CV 04-9059 NM (RNBx) |
| Plaintiff, | HON. NORA M. MANELLA |
| v. | DISCOVERY MATTER |
| CARTER BRYANT, an individual; and DOES 1 through 10, inclusive, | DECLARATION OF KEITH JACOBY IN SUPPORT OF BRYANT'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING THE DEPOSITION OF LILY MARTINEZ |
| Defendant. | [Local Rule 37-2.3] |
| | DATE: No Hearing Required ROOM:  540 |
| | HON. ROBERT N. BLOCK U.S. MAGISTRATE JUDGE |
| CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public, | |
| Cross-Claimant, | |
| v. | |
| MATTEL, INC., a Delaware Corporation, | |
| Cross-Defendant. | |

**EXHIBIT 27**

204

## DECLARATION OF KEITH JACOBY

I, KEITH JACOBY, declare and state as follows:

1.    I am a shareholder at Littler Mendelson, P.C., counsel of record for Defendant and Cross-Claimant Carter Bryant ("Bryant"). I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.    In November, 2004, my office informed counsel for Mattel of Bryant's desire to depose several Mattel witnesses, including Lily Martinez. Counsel for Bryant met and conferred with counsel for Mattel on available dates for various Mattel witnesses, including Ms. Martinez, to attend their depositions. We were informed that Ms. Martinez was unavailable in December, 2004, but that she would be available in January, 2005. Other dates for other witnesses were moved as a result of ongoing meet and confer discussions on this subject. On November 24, 2004, I arranged for a Notice of Deposition for Lily Martinez to be served noticing Martinez' deposition for January 26, 2005. A true and correct copy of the Notice of Deposition is attached hereto as Exhibit A. On December 10, 2004, our office was served with Intervenor MGA Entertainment, Inc.'s ("MGA") Notice of Deposition of Lily Martinez, in which MGA also noticed the deposition of Martinez for January 26, 2005. A true and correct copy of the Notice of Deposition is attached hereto as Exhibit B.

3.    For almost two months, from about mid-November, 2004 through mid-January, 2005, I have had numerous conversations with counsel for Mattel about various discovery issues, including but not limited to, Mattel's vehement objection to the depositions of Matt Bousquette and Sergio Hernandez, which were noticed by Bryant. However, counsel for Mattel never once expressed any objection to the notice of deposition for Lily Martinez served in November, 2004, or the date or location of the deposition. Our office has never been served by counsel for Mattel with any motion for a protective order or any motion to quash the notice of deposition notice of

1.

LITTLER MENDELSON
A Professional Corporation
Third Century Park East
5th Floor
Los Angeles  CA 90067 3107
310 553 0308

**EXHIBIT 27**

1   Ms. Martinez.

2        4.      On January 10, 2004, my partner, Douglas Wickham, sent counsel for

3   Mattel a letter confirming that the deposition of Ms. Martinez would go forward on

4   January 26, as noticed. I reviewed the confirming letter that was served. A true and

5   correct copy of which is attached hereto as Exhibit C.

6        5.      On January 18, 2005, I sent counsel for Mattel a letter requesting that he

7   bring the original "Toon Teens," including any drawings of the artwork, to the

8   Martinez deposition. A true and correct copy of the letter is attached hereto as Exhibit

9   D.

10       6.      On January 18, 2005, I reviewed a letter from Michael Zeller informing

11   me, for the first time, that "Ms. Martinez will not be appearing," for her deposition

12   noticed for January 26. The letter did not provide any reason or other explanation for

13   the unilateral cancellation of the deposition. A true and correct copy of the letter is

14   attached hereto as Exhibit E.

15       7.      On January 20, 2005, I sent another letter to counsel for Mattel, Mr.

16   Zeller, in a good faith attempt to secure Ms. Martinez' deposition attendance prior to

17   resorting to this *ex parte* application. I informed Mr. Zeller that absent written

18   confirmation that Ms. Martinez' deposition would proceed on January 26 as noticed,

19   Bryant would have no choice but to file an *ex parte* application seeking a Court order

20   compelling her to appear for her deposition. A true and correct copy of the letter is

21   attached hereto as Exhibit F. I did not receive any response to the letter prior to this

22   filing, thereby necessitating the instant *ex parte* application.

23   ///

24   ///

25   ///

26   ///

27   ///

28

LITTLER MENDELSON

2.

**EXHIBIT 27**

Received:   1/20/06  4:53PM;                310 553 5583 -> JetFax M920;   Page 19
JAN-20-2005 16:41 FROM:LITTLER MENDELSON     310 553 5583          TO:12136240643          P.19/45

8.   Pursuant to this Court's Standing Order, Bryant's *Ex Parte* Application and Supporting papers will be served on Mattel via facsimile and he will be notified that he has 24 hours to respond thereto.

Dated: January 20, 2005

Respectfully submitted,

ROBERT F. MILLMAN
DOUGLAS A. WICKHAM
KEITH A. JACOBY

_____
KEITH A. JACOBY
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant and Cross-Claimant CARTER BRYANT

Los_Angeles:391554.2 028307.1010

207

3.

LITTLER MENDELSON
a Professional Corporation
3949 Century Park East
6th Floor
Los Angeles CA 90067 3107

EXHIBIT 27



## LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET

January 20, 2005

To:   Michael T. Zeller, Esq.          Fax:   (213) 624-0643    Phone:
      Quinn Emanuel
      Diana M. Torres, Esq.                    (213) 430-6407
      O'Melveny & Myers LLP

Fax #(s) verified before sending (initial):

From:   Julie G. Contreras          Fax:               Phone:

Length, including this cover letter:          Pages

If you do not receive all pages, please call Sender's Phone Number.

Message:

**EXHIBIT 27**

CONFIDENTIALITY — The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm     Client Code:  028307.1010     User Number:  8613

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
2049 Century Park East, 5th Floor, Los Angeles, CA 90067.3107 Tel: 310.553.0308 Fax: 310.553.5583, www.littler.com

**EXHIBIT 28**

*Original*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Priority _JAN 2 7 2005_
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

## CIVIL MINUTES - GENERAL

| Case No. | CV 04-9059-NM (RNBx) | Date | January 25, 2005 |
|---|---|---|---|
| Title | Mattel, Inc. v. Carter Bryant | | |

Present: The Honorable | Robert N. Block, United States Magistrate Judge

| Marsha Eugene-Domingue | n/a | 724 |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Michael T. Zeller

Attorneys Present for Defendants:

Keith A. Jacoby
Diana M. Torres

**Proceedings:**        (TELEPHONIC CONFERENCE)

**Plaintiff's Ex Parte Application for an Order Compelling the Deposition of Lily Martinez**

Case called. Counsel make their appearances telephonically. After affording counsel the opportunity to be heard regarding plaintiff's ex parte application, Court rules as follows: The ex parte application is denied based on plaintiff's failure to convince the Court that Martinez' deposition testimony likely would be relevant to defendant's pending remand motion. However, the denial is without prejudice to plaintiff filing a motion to compel Martinez's deposition in accordance with Local Rules 37-1 and 37-2, if the case is not remanded.

cc:    Judge Manella


DOCKETED ON CM
JAN 2 5 2005
BY _____ 061

Initials of Preparer  _____

**EXHIBIT 29**

Received:   1/25/05   7:08PM;           310 553 5583 -> JetFax M920;   Page 2

JAN-25-2005 18:55 FROM:LITTLER MENDELSON    310 553 5583          TO:12136240643          P.2/3



**LITTLER MENDELSON**

A PROFESSIONAL CORPORATION

January 25, 2005

Keith A. Jacoby
Direct: 310.772.7284
Direct Fax: 310.553.5583
kjacoby@littler.com

<u>**VIA FACSIMILE (213.624.0643) AND U.S. MAIL**</u>

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   <u>**Mattel, Inc. v. Carter Bryant**</u>

Dear Mr. Zeller:

Given the Court's order today rescheduling the hearing date for Mattel, Inc.'s ("Mattel") Motion to Remand from January 31, to March 7, Carter Bryant ("Bryant") now has sufficient time to bring noticed motions to compel the depositions of the previously noticed Federal Rule of Civil Procedure ("FRCP") 30(b)(6) deposition of the person most knowledgeable ("PMK") re the motion to remand and the deposition of Lily Martinez, and request sanctions against Mattel and/or its counsel for all costs, including attorneys' fees, associated with having to bring said motions pursuant to FRCP 30(a)(1) and 37(a)(4)(A).

However, pursuant to Rule 37-1 of the Local Rules of the United States District Court for the Central District of California, and in view of Magistrate Block's unequivocal statements today that he would have been inclined to grant both motions to compel said depositions had Bryant brought them via noticed motion, Bryant hereby makes a final good faith attempt to meet and confer with you prior to bringing said motions to compel and for sanctions.

As you know, during the telephonic conference call today with Magistrate Block, he made clear that: (1) Bryant is absolutely entitled to conduct discovery, including take the depositions of the FRCP 30(b)(6) PMK re the motion to remand and Ms. Martinez, for purposes of defending this case, prosecuting his cross-claims, and introducing evidence with respect to the motion to remand; (2) had Bryant brought noticed motions to compel the depositions of the FRCP 30(b)(6) PMK and Ms. Martinez, he would have been inclined to grant both motions **and issue sanctions against you** for refusing to produce said witnesses; and (3) the only basis for his denial of Bryant's motion to compel the deposition of Ms. Martinez was that it was brought via *ex parte* application rather than noticed motion.

As such, based on Magistrate Block's clear directive to counsel to "grow up" and refrain from engaging in "hide the ball" discovery tactics that would require the filing of additional burdensome discovery motions, Bryant requests that you immediately agree in writing to

THE NATIONAL EMPLOYMENT • LABOR LAW FIRM ™

2049 Century Park East, 5th Floor, Los Angeles, California 90067-3107 Tel 310.553.0308 Fax: 310.553.5583 www.littler.com

Received:    1/25/05   7:07PM;              310. 553 5583..-> JetFax M920;   Page 3

JAN-25-2005 18:55 FROM:LITTLER MENDELSON      310 553 5583           TO:12136240643          P.3/3

Michael T. Zeller
January 25, 2005
Page 2


produce the FRCP 30(b)(6) PMK re the motion to remand and Ms. Martinez for their depositions prior to the hearing on the motion to remand (to be concluded no later than February 20), and provide us with your available dates for the depositions by **no later than 5:00 p.m. on January 26**.

If we do not hear back from you by 5:00 p.m. on January 26, we will have no choice but to file our motions to compel the depositions of the FRCP 30(b)(6) PMK and Ms. Martinez and request sanctions against you and/or your client for requiring us to do so.

We believe that Judge Block will not hesitate to grant said motions and issue sanctions against you and/or your client in the process.

We look forward to hearing from you.

Sincerely,

Keith A. Jacoby

cc:    Robert F. Millman, Esq.
       Douglas A. Wickham, Esq.
Los_Angeles:392215.1 028307.1010
Los_Angeles:392238.1 028307.1010

**EXHIBIT 29**

Received:   1/25/05   7:06PM;            310 553 5583 -> JetFax M920;   Page 1

JAN-25-2005 18:55 FROM:LITTLER MENDELSON    310 553 5583      TO:12136240643         P.1/3



# LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

## FACSIMILE COVER SHEET

### January 25, 2005

To:   Michael T. Zeller, Esq.          Fax:   (213) 624.0643   Phone:
      Quinn Emmanuel Urquhart Oliver
      & Hedges, LLP

Fax #(s) verified before sending (initial):

From:   Keith Jacoby                    Fax:   310.553.5583   Phone:   310.712.7343

Length, including this cover letter:   3      Pages

If you do not receive all pages, please call Sender's Phone Number.

Message:

Letter from Mr. Jacoby of today's date.

Los_Angeles:372448.1 028307.1010

**EXHIBIT 29**

**CONFIDENTIALITY** – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____  am / pm   Client Code:  028307.1010   User Number:  1498

**212**

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠
2049 Century Park East, 5th Floor, Los Angeles, CA 90067-3107 Tel: 310.553.0308 Fax: 310.553.5583, www.littler.com

**EXHIBIT 30**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 90378)
2   Michael T. Zeller (Bar No. 196417)
    Jon D. Corey (Bar No. 185066)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
4  Tel.: (213) 443-3000
   Fax: (213) 443-3100
5
   Attorneys for Plaintiff and Counter-Defendant
6  Mattel, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11

12  MATTEL, INC., a Delaware corporation,   )  Case No. CV 04-09059 NM (RNBx)

13               Plaintiff,                  )  **DISCOVERY MATTER**

14        v.                                 )  SUPPLEMENTAL
                                             )  DECLARATION OF MICHAEL T.
15  CARTER BRYANT, an individual            )  ZELLER IN SUPPORT OF
                                             )  MATTEL, INC.'S OPPOSITION TO
16               Defendant.                   )  DEFENDANTS' EX PARTE TO
                                             )  COMPEL DEPOSITION OF LILY
17  _____ )  MARTINEZ

18  CARTER BRYANT, on behalf of himself,    )
    all present and former employees of     )
19  Mattel, Inc., and the general public,   )  Hon. Robert N. Block
                                             )
20               Counter-claimant,           )

21        v.                                 )

22  MATTEL, INC., a Delaware corporation,   )

23               Counter-defendant.          )

24

25

26

27

28

                                                      **EXHIBIT 30**

07209/631885.1                      213

                                            SUPP. ZELLER DECLARATION

FILED
CLERK, U.S. DISTRICT COURT

JAN 2 4 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

    1.    I am a member of the bars of the States of California, New York and Illinois and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

    2.    I am submitting this declaration to explain the unfairness and prejudice that would be caused if Ms. Lily Martinez were required to appear for deposition prior to the hearing on Mattel's motion for remand, scheduled for January 31, 2005. The period from mid-January until approximately the third week in February is the busiest time of the year in the toy industry. Three of the industry's major "toy fairs"--where Mattel and other companies including defendant MGA show their upcoming product lines to major retail buyers such as Wal-Mart--take place during this time period. The first is the Hong Kong Toy Fair, which only recently concluded. Following that, in late January and early February, the Nuremberg Toy Fair begins and, soon after that, the New York Toy Fair starts. Because defendants are in the toy industry and have been for years, they are fully aware of this. In fact, one reason that MGA gave in its January 14, 2005 letter for not producing Isaac Larian of MGA for deposition is his "commitments in the first part of 2005" that, MGA said, "will essentially preclude his availability to meet with his own counsel, let alone to be deposed." This letter is attached as Exhibit 33 to my prior declaration. MGA is referring here to the series of industry toy fairs just described taking place in January and February.

    3.    Mattel has never suggested that it would insist Mr. Larian appear for deposition such that it would interfere with those obligations (and indeed had tried to schedule it before the toy fairs began to avoid doing so). Nevertheless, through his

07209/631885.1

214

-1-

**EXHIBIT 30**

SUPP. ZELLER DECLARATION

1  ex parte, Bryant is essentially demanding that Mattel's critical preparations for the toy
2  fairs be disrupted. Ms. Martinez is a Mattel product designer and has commitments
3  scheduled for the entirety of this week on key projects for these upcoming toy fairs.
4  Requiring her to appear for deposition this week would necessarily cause her and
5  many others at Mattel who are relying on Ms. Martinez to lose two days (one day for
6  preparation for her deposition and one day for her deposition itself) that would
7  otherwise be devoted to toy fair preparations. Needless to say, it would not be fair
8  for defendants to insist that Mattel be forced to produce a witness in this time period
9  that would interfere with Mattel's business, while they also are simultaneously
10  refusing to produce a witness based upon MGA's commitments and preparations in
11  connection with those same toy fairs.

12        4.    Moreover, Michael Moore is the in-house Mattel counsel with
13  day-to-day responsibility for this case. Because he has unique knowledge of matters
14  pertaining to this case, he has been involved in preparing each of the Mattel witnesses
15  who has testified and has attended each of these witness' depositions. Mr. Moore has
16  been out of the country on business the past two weeks and will not be returning until
17  this coming Sunday, January 30, 2005. Mr. Moore has been in Asia for the Hong
18  Kong Toy Fair mentioned previously and related events. It would not be fair to
19  Mattel that Ms. Martinez be deposed without Mr. Moore's participation.

20        5.    Also, I am the outside counsel with principal, day-to-day
21  responsibility for this matter. I have prepared each Mattel witness who has testified
22  in this case for deposition and have been the attorney who defended each of these
23  witness' depositions. Over the weekend, I was retained as substitute counsel to take
24  over an appeal pending in the United States Court of Appeals for the Second Circuit,
25  which is entitled *Mattel, Inc. v. Goldberger Doll Manufacturing Co.*, Second Circuit
26  Docket No. 04-6432/S.D.N.Y Docket No. 00 Civ. 6272 (JSR). Our opening brief is
27  currently due on February 3, 2005. Although we are preparing a request for an
28  extension of time based upon our entry as new counsel in the matter (and expect to

07209/631885.1

215

-2-

**EXHIBIT 30**

SUPP. ZELLER DECLARATION

1  file that request with the Second Circuit tomorrow), there is no guarantee that the

2  Second Circuit will grant an extension, and I accordingly have no alternative but to

3  work on the opening brief in the expectation that it may have to be filed next week.

4  Losing two days this week in order to prepare and defend Ms. Martinez at deposition

5  this week would cause great hardship and prejudice our ability to work on the brief.

6          6.      Mattel has been fully accommodating to the schedules of

7  witnesses and opposing counsel in connection with depositions in this case.  Even

8  when defendant Carter Bryant and his counsel claimed that they were unavailable for

9  some two months for deposition for scheduling reasons (from June until August

10  2004), and although Mattel was skeptical about the claims, Mattel agreed to a date

11  in mid-August when the schedule of defendants' counsel and Mr. Bryant cleared.  See

12  Zeller Dec., Exh. 17, at page 1.  It is neither reasonable nor fair for defendants to

13  refuse Mattel similar accommodations that Mattel has made and to demand, as they

14  do here, that a deponent be produced during a time when it would cause serious

15  disruption to Mattel and its counsel.  This is especially true given that Mattel did

16  not submit any declaration or testimony from Ms. Martinez on its motion for remand,

17  and Mattel's motion in no way relies upon Ms. Martinez.  Mattel also filed its motion

18  for remand on December 1, 2004--and had informed defendants of its intention to file

19  that motion and the grounds therefor even well before that, on November 4, 2004.

20  Defendants never claimed until last Thursday, January 20, 2005, that they "needed"

21  Ms. Martinez's deposition this week in order to oppose Mattel's remand motion.

22  Mattel and its counsel should not have to suffer undue hardship because of

23  defendants' failure to raise their alleged need before now.

24

25

26

27

28

**EXHIBIT 30**

1    I declare under penalty of perjury under the laws of the State of

2 California and the United States of America that the foregoing is true and correct.

3    Executed this 24th day of January, 2005, at Los Angeles, California.

4

5    _____

6                    Michael T. Zeller

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 30**

SUPP. ZELLER DECLARATION

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

    On January 24, 2005 I caused to be served the following document(s) on interested parties in this action described as **Supplemental Declaration of Michael T. Zeller in Support of Mattel, Inc.'s Opposition to Ex Parte Application to Compel Deposition of Lily Martinez** addressed as follows:

Diana Torres, Esq.
O'Melveny & Meyers, LLP
400 S. Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407

Douglas A. Wickham, Esq.
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
Fax: 310-553-5583

    **(BY MAIL) I deposited such envelope in the mail at _____, California.  The envelope was mailed with postage thereon fully prepaid.

    **(BY MAIL) I caused such envelope to be placed in the firm's mail.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

X    **(BY FACSIMILE)  I caused such document to be transmitted by facsimile to the offices of the addressee.  Upon completion of the said facsimile transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error.

    **(BY FEDERAL EXPRESS) by placing the document(s) listed above in such envelope for deposit with FEDERAL EXPRESS to be delivered via priority overnight service to the persons at the addresses set forth above.

    **(BY PERSONAL SERVICE) I caused to be delivered by hand such envelope to the offices of the addressee.

Executed on January 24, 2005, at Los Angeles, California.

    (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____    _____
Type or Print Name                  Signature

**EXHIBIT 30**

**EXHIBIT 31**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
 John B. Quinn (Bar No. 90378)
 Michael T. Zeller (Bar No. 196417)
 Jon D. Corey (Bar No. 185066)
 Shane H. McKenzie (Bar No. 228978)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Tel.: (213) 443-3000
Fax:  (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, | Case No. CV 04-09059 NM (RNBx) |
| Plaintiff, | NOTICE OF DEPOSITION OF ISAAC LARIAN |
| v. | Date:        January 4, 2005 |
| CARTER BRYANT, an individual, and DOES 1 through 10, inclusive, | Time:        9:30 a.m. Location:   865 S. Figueroa Street 10th Floor Los Angeles, CA 90017 |
| Defendants. | |
| CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public, | |
| Cross-Complainant, | |
| v. | |
| MATTEL, INC., a Delaware corporation, | |
| Cross-Defendant. | |

230

NOTICE OF DEPOSITION OF ISAAC LARIAN

Exhibit 32

219                              **EXHIBIT 31**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that on January 4, 2005, beginning at 9:30 a.m., plaintiff and counter-defendant Mattel, Inc. ("Mattel") will take the deposition upon oral examination of Isaac Larian at the office of Quinn Emanuel Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017.

      PLEASE TAKE FURTHER NOTICE that the deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

      PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped.

DATED: December 15, 2004

                QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                By _____
                   Shane H. McKenzie
                   Attorneys for Plaintiff and Counter-Defendant
                   Mattel, Inc.

231

-2-

NOTICE OF DEPOSITION OF ISAAC LARIAN

07209/616304.1

Exhibit 32

220              **EXHIBIT 31**

1

**PROOF OF SERVICE**
1013A(3) CCP Revised 5/1/88

2   STATE OF CALIFORNIA                )
                                       ) SS
3   COUNTY OF LOS ANGELES              )

4       I am employed in the county of Los Angeles State of California. I am over the age of 18
and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor,
5   Los Angeles, California 90017.

6       On December 15, 2004, I served the foregoing document described as **NOTICE OF
DEPOSITION OF ISAAC LARIAN** on all interested parties in this action.

7

8                       Douglas A. Wickham, Esq.
                        Keith A. Jacoby, Esq.
                        Dominic Messiha, Esq.
9                       Littler Mendelson
                        A Professional Corporation
10                      2049 Century Park East, 5th Floor
                        Los Angeles, California 90067-3107
11                      FAX: 310-553-5583

12  [   ]  By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as
follows:

13  [   ]  **BY MAIL:**   I deposited such envelope in the mail at Los Angeles, California. The
envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar"
14          with the firm's practice of collection and processing correspondence for mailing. Under that
practice it would be deposited with U.S. postal service on that same day with postage thereon
15          fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that
on motion of the party served, service is presumed invalid if postal cancellation date or
16          postage meter date is more than one day after date of deposit for mailing in affidavit.

17
[ X ]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
18          set forth above on this date.

19  Executed on December 15, 2004, at Los Angeles, California.

20  [   ]  (State) I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

21  [ X ]  (Federal) I declare that I am employed in the office of a member of the bar of this court at
22          whose direction the service was made.

23

24  Rebecca A. Ramos
    Print Name                                        Signature

25

26

27

28

232

Exhibit 32

**EXHIBIT 31**

221

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA          )
COUNTY OF LOS ANGELES )

     I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 1055 West Seventh Street, Los Angeles, CA  90017.

     On **December 15, 2004,** I caused to be served by personal service the foregoing document(s) described as **Notice of Deposition of Isaac Larian** on all interested parties in this action.

[ X ]   By placing [   ] the original [ X ] true copies thereof enclosed in sealed envelopes addressed as follows:

> **Diana M. Torres, Esq.**
> **O'Melveny & Meyers**
> 400 So. Hope Street
> Los Angeles, CA  90071
> (213) 430-6407

[ X ]  **BY PERSONAL DELIVERY** I delivered such envelope by hand to the office of the addressee.

Executed on **December 15, 2004,** at Los Angeles, California.

[   ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ X ]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Leandro Dimonriva

_____          _____
Type or Print Name                                              Signature

233

Exhibit 32

**EXHIBIT 31**

222

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**PALM SPRINGS**
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 56
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:** December 15, 2004

**NUMBER OF PAGES, INCLUDING COVER: 5**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Douglas A. Wickham, Esq.<br>Keith A. Jacoby, Esq.<br>Dominic Messiha, Esq.<br>Littler Mendelson, A Professional Corp. | (310) 553-0308 | (310) 553-5583 |

**FROM:** Shane McKenzie, Esq.

**RE:** Mattel, Inc. v. Carter Bryant

**MESSAGE:**

Please find attached, Notice of Deposition of Isaac Larian

| CLIENT #: 7209 | ROUTE/RETURN TO: | Rebecca Ramos/2nd Floor/Ext. 3050 | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|
| OPERATOR: | | CONFIRMED? ☐ No ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3863 AS SOON AS POSSIBLE.

Exhibit 32     234     **EXHIBIT 31**

**223**

Send Confirmation Report

| Name: QUINN EMANUEL | ID: 213 6240643 | 15 Dec'04 12:34PM Page   1 |

| Job | Start time | Usage | Phone Number/Email | Type | Pages | Mode | Status |
|---|---|---|---|---|---|---|---|
| 423 | 12/15 12:33PM | 1'13" | 9604#7209#1310553558 3# | Send | 5/ 5 | EC144 | Completed |

|  | Total: | 1'13" | Pages sent: 5 | Pages printed: 0 |

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

 

LOS ANGELES OFFICE

FACSIMILE TRANSMISSION

DATE: December 11, 2004

NUMBER OF PAGES, INCLUDING COVER: 5

TO/COMPANY:

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Douglas A. Wickham, Esq. | (310) 553-0308 | (310) 553-5583 |
| Keith A. Jacoby, Esq. | | |
| Dominic Messiha, Esq. | | |
| Littler Mendelson, A Professional Corp. | | |

FROM: Shane McKenzie, Esq.

RE:   Mattel, Inc. /. Carter Bryant

MESSAGE:

Please find attached, Notice of Deposition of Isaac Larian.

| CLIENT #  T700 | DATE: | Rebecca Kramer/2nd RETURN TO: Floor/Ext. 3050 | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
| OPERATOR: | | CONFIRM BY? ☐ NO. ☐ YES. | |

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3663 AS SOON AS POSSIBLE.

Exhibit 32

235

**224**

**EXHIBIT 31**

**EXHIBIT 32**

Received:    1/14/05    5:0
JAN-14-2005    17:02                                    → QU      MANUEL;  Page 2
                                                                                    P.02/04

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 400 South Hope Street | NEW YORK |
| CENTURY CITY | Los Angeles, California 90071-2899 | SAN FRANCISCO |
| HONG KONG | | SHANGHAI |
| IRVINE SPECTRUM | TELEPHONE (213) 430-6000 | SILICON VALLEY |
| LONDON | FACSIMILE (213) 430-6407 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |

OUR FILE NUMBER
527,436-04

January 14, 2005

WRITER'S DIRECT DIAL
(213) 430-7466

VIA FACSIMILE (213-624-0643)

WRITER'S E-MAIL ADDRESS
pambrosini@omm.com

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    *Mattel, Inc. v. Carter Bryant*

Dear Mr. Zeller:

I write with respect to plaintiff Mattel, Inc.'s ("Mattel") proposed deposition of Isaac Larian, the CEO of MGA Entertainment, Inc. ("MGA"). Mr. Larian has been, and still is, out of the country on business, which has made it very difficult to discuss Mattel's proposed deposition with him.[1]  MGA will not provide you with dates for Mr. Larian's deposition unless and until Mattel is able to articulate sufficient justification for such intrusion on Mr. Larian, his schedule, and his unique and undelegable responsibilities as CEO of MGA.

MGA intervened in this case to protect whatever interests it has as, essentially, a third party in Mattel's dispute with Carter Bryant ("Bryant") and to the extent that dispute may potentially impact MGA and MGA's rights in the "Bratz" dolls. Mattel's Complaint does not assert any claims against MGA, and does not seek any affirmative relief from MGA. Despite this, Mattel continues to press for the deposition of MGA's highest-ranking officer, Mr. Larian. At this stage in the litigation, any such deposition can only be viewed by MGA as an unwarranted attempt to harass and intimidate Mr. Larian and MGA – the company that sells the dolls that are the most significant source of competition for Mattel's "Barbie" line. Mattel cannot seriously expect to glean information from Mr. Larian that it could not obtain from other sources – at least in the initial stages of discovery directed to MGA.

As you know, both federal and California law require justification for "apex" depositions, *i.e.*, those in which a party (usually the plaintiff) seeks to "leap-frog" over lower-level officers and employees to the top of the corporate hierarchy, without establishing that such individual has unique knowledge that cannot be obtained by less intrusive means or from lower-level employees who often may be able to adequately answer a plaintiff's relevant questions.[2]  Indeed,

---

[1] Mr. Larian also has several long-standing prior business and other commitments in the first part of 2005, many of which will keep him out of Los Angeles (and even the U.S.), that will essentially preclude his availability to meet with his own counsel, let alone to be deposed.

[2] *See generally Liberty Mut. Ins. Co. v. Superior Court*, 10 Cal. App. 4th 1282, 1288-89 (1992) (requiring entry of protective order disallowing deposition of corporate president ) (citing, inter alia, *Baine v. General Motors Corp.*,

EXHIBIT 32

O'MELVENY & MYERS LLP
Michael T. Zeller, Esq., January 14, 2005 · Page 2

courts have noted that, where a lower-level employee could likely be a better or more-informed
source of the information that the plaintiff seeks, then the likely purpose of trying to jump
straight to an apex-level executive's deposition is to harass the defendant and the executive.[3]

In this case, Mattel has not, to date, suggested why Mr. Larian has unique knowledge of
the facts surrounding Mattel's claims against Mr. Bryant, or that lower-level employees of MGA
cannot provide information sufficient to meet Mattel's discovery needs. *The mere fact that Mr.
Larian may have discoverable information is not enough to compel his deposition.* Instead,
*Mattel would have to show that Mr. Larian had information relevant to a claim or defense that
could not be obtained in another manner or from another source,* such as lower-level employees
who were involved in hiring Mr. Bryant and/or worked with him on the development of "Bratz"
at MGA.

To date, the only depositions taken in this case by Mattel of MGA-related personnel are
those of Victoria O'Connor, a former MGA employee, and Mr. Bryant, who has been deposed at
length. *Mattel has not noticed the depositions of any other current or former, lower-level MGA
employees who might have the information Mattel seeks,* such as personnel actually involved in
the creation and development of "Bratz." Absent exploration of the knowledge possessed by
employees lower in MGA's corporate structure, particularly those who worked more closely and
more regularly with Mr. Bryant on the "Bratz" line, it would be impossible for Mattel to meet its
burden of showing that Mr. Larian possesses "unique or superior" personal knowledge of
discoverable information. In addition, *thus far Mattel has made no effort to obtain the
information it seeks through "less intrusive avenues of discovery,"*[4] such as written
interrogatories or requests for admission. Indeed, we note that Mattel has flatly refused to allow
Carter Bryant to depose Matt Bousquette (President of Mattel Brands) on similar grounds, even
though he is much lower in Mattel's corporate hierarchy than Mr. Larian is at MGA.

Under the circumstances, MGA respectfully requests that Mattel defer its request for a
deposition date for Mr. Larian until these other avenues of discovery have been exhausted and
Mattel is able to make the requisite showing. At such point in time, Mattel will also no longer
need to seek further time with Mr. Larian, as all information about which it may wish to question
him will have been secured from other sources (thereby precluding the need for it to request a
"second bite" at his deposition to ask him about such information). By then, such other sources
will also have confirmed whether or not Mr. Larian is the only person with knowledge of

_____

141 F.R.D. 332, 335-36 (M.D. Ala. 1991) (holding that vice president of GM in charge of Buick division could not
be deposed absent showing that discovery could not be obtained from other, less intrusive means or sources)).
[3] *E.g., Liberty Mut. Ins. Co.,* 10 Cal. App. 4th at 1287 ("Furthermore, 'apex' depositions such as the one in this case
. . . raise a tremendous potential for discovery abuse and harassment.").
[4] *Liberty Mut. Ins. Co.,* 10 Cal. App. 4th at 1289 (citing *Baine,* 141 F.R.D. at 335-36).

EXHIBIT 32

Received:   1/14/05   5:0
JAN-14-2005   17:03

⇥ OUI   ⁚⁚·NUEL:   Page 4

P.04/04

O'MELVENY & MYERS LLP
Michael T. Zeller, Esq.,   January 14, 2005- Page 3

the information being sought.  If Mattel will not voluntarily agree to this request to defer the
requested deposition of Mr. Larian at this time, and until such other sources of discoverable
evidence shall have been exhausted (or at least pursued), MGA will have no choice but to seek
protection from the Court.

Very truly yours,

Paula Ambrosini
for O'MELVENY & MYERS LLP

227

**EXHIBIT 32**

**EXHIBIT 33**

**quinn emanuel** trial lawyers · los angeles

January 27, 2005

<u>VIA FACSIMILE</u>
<u>AND U.S. MAIL</u>

Keith A. Jacoby, Esq.
Littler Mendelson, P.C.
2046 Century Park East, 5th Floor
Los Angeles, California 90067

<u>Mattel, Inc. v. Bryant</u>

Dear Keith:

Thank you for your letter of yesterday.

Your letter demands dates for the depositions of a 30(b)(6) witness (on unidentified topics) and Lily Martinez. It further states that, unless Mattel provides dates within a few hours of when you had sent your letter, Bryant would file a motion to compel those depositions.

Bryant has not complied with <u>Local Rule</u> 37-1 with respect to the proposed Martinez deposition or any 30(b)(6) deposition. First, Bryant has not sent Mattel a letter requesting a meet and confer that complies with the requirements of <u>Local Rule</u> 37-1. The <u>Rule</u> directs that any meet and confer letter must "identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought."

Second, <u>Local Rule</u> 37-1 states that the meet and confer is to take place "within ten (10) calendar days after the moving party serves a letter requesting such conference" and that "counsel for the

**228**                                    **EXHIBIT 33**

quinn emanuel urquhart oliver & hedges, llp

parties shall confer" in advance of any discovery motion.  Here, there also has been no meet and confer, nor has Bryant even requested one.  Your letter of yesterday that simply demands Mattel's same-day compliance with Bryant's vague dictates does not satisfy those simple requirements.

I do not agree with your characterization of Judge Block's ruling that denied Bryant's ex parte application to compel Ms. Martinez's deposition.  At no point did Judge Block say, as you claim, that "Bryant is absolutely entitled to conduct discovery, including take the depositions of the FRCP 30(b)(6) PMK re the motion to remand and Ms. Martinez, for the purposes of . . . introducing evidence with respect to the motion to remand" or that "he would have been inclined to grant both motions and issue sanctions against [Mattel]."  Nor did he suggest that Bryant could ignore the requirements of Local Rule 37, as your letter of yesterday continues to do.

To the contrary, at the hearing and in his written Order, Judge Block rejected Bryant's assertion that testimony by Ms. Martinez could be relevant to the remand motion.  See January 25, 2004 Minute Order (denying Bryant's application "based on [Bryant's] failure to convince the Court that Martinez' deposition testimony likely would be relevant to [Mattel's] pending remand motion.").[1]  Moreover, far from excusing Bryant's non-compliance with Local Rule 37, Judge Block made clear at the hearing that he expect compliance with Local Rule 37 before any discovery motion is brought.  This point was reiterated in his written Order, which states that the denial of Bryant's ex parte was "without prejudice to [Bryant's] filing a motion to compel Martinez's deposition *in accordance with Local Rules 37-1 and 37-2 if the case is not remanded.*"  January 25, 2004 Minute Order (emphasis added); see also Magistrate Judge Block's Standing Order (requiring "strict compliance with Local Rules 37-1 and 37-2.").

Mattel expects Bryant to comply with Rule 37-1 by providing, prior to a requested meeting of counsel, a letter specifying each discovery issue, Bryant's grounds for seeking the discovery and his supporting authority.[2]  Once we receive such a letter, we will consider Bryant's position and

---

[1]  Furthermore, your letter is plainly incorrect in claiming that Judge Block endorsed Bryant's defective Rule 30(b)(6) Notices in this case--consisting of 64 overbroad topics.  They were not the subject of Bryant's motion and were not before the Court.  Rather, in discussing at the hearing the mechanism of Rule 30(b)(6) depositions in general, Judge Block was simply pointing out the flaw in your repeated arguments that Ms. Martinez's testimony would establish Mattel's litigation "contentions" and "positions" that allegedly bear on Mattel's remand motion.  Ms. Martinez, he explained to you, was not someone who could bind Mattel in connection with its litigation "contentions" and "positions."

[2]  In addition to being mandated, Bryant's compliance is especially necessary here.  All you have claimed thus far is that these depositions are necessary for the remand motion in order to inquire into such subjects as federal question subject matter jurisdiction--a proposition

(continued...)

2

**EXHIBIT 33**

will arrange for the meet and confer in due course as provided by the <u>Rules</u> to see if the dispute can be resolved without burdening the Court. On that score, <u>Rule</u> 37-1 provides ten days from the receipt of a compliant letter to meet and confer--not hours after an adverse party sends a demand letter.

Very truly yours,

Michael T. Zeller

07209/632652.1

---

[2] (...continued)
specifically rejected by both Judge Manella and Judge Block and unsupported by any authority presented by Bryant.

3

**EXHIBIT 33**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile. (858) 812-3336

**PALM SPRINGS**
45-025 Manitou Drive,  Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile  (760) 345-2414

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY  10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600
Facsimile  (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
(650) 801-5000
Facsimile.  (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

DATE:    January 27, 2005

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Keith A. Jacoby, Esq. | 310-772-7284 | 310-553-5583 |

FROM:    Michael T. Zeller

RE:      Mattel v. Bryant

MESSAGE:

 

**EXHIBIT 33**

231

| CLIENT #:  7209 | ROUTE/ RETURN TO:  **Maria Albert** | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service.  Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | Send Confirmation Report | | | | |

Line 1: QUINN EMANUEL        ID: 213 6240643        27 Jan'05  2:21PM Page  1
Line 2: JetFax M920               ID: 1

| Job | Start time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|---|---|---|---|---|---|---|---|
| 989 | 1/27  2:20PM | 1'04" | 9350#7209#1310553558 3# | Send............. | 4/ 4 | EC144 | Completed..................... |

Total:    1'04"     Pages sent: 4     Pages printed: 0

### QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**LOS ANGELES OFFICE**

### FACSIMILE TRANSMISSION

DATE:  January 27, 2005

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Keith A. Jacoby, Esq. | 310-772-7284 | 310-553-5583 |

FROM:  Michael T. Zeller

RE:  Mattel v. Bryant

MESSAGE:

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3170 AS SOON AS POSSIBLE.

**EXHIBIT 33**

| | Send Confirmation Report | | | | | | |
|---|---|---|---|---|---|---|---|

Line 1: JetFax M920          ID: 12136240643          27 Jan'05 12:46PM Page   1
Line 2: JetFax M920          ID: 12136240643

| Job | Start time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|---|---|---|---|---|---|---|---|
| 231 | 1/27 12:45PM | 1'06" | 9350#7209#1310553558 3# | Send............ | 4/ 4 | EC144 | Completed.......................... |

Total:    1'06"      Pages sent: 4      Pages printed: 0

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

DATE: January 27, 2005

TO/COMPANY:

NUMBER OF PAGES, INCLUDING COVER:

| | NAME | | PHONE NO. | FAX NO. |
|---|---|---|---|---|
| | Keith A. Jacoby, Esq. | | 310-772-7284 | 310-553-5583 |

FROM: Michael T. Zeller

RE: Mattel v. Bryant

MESSAGE:

CLIENT #: 7209    ROUTE/RETURN TO: Maria Albert    ☐ CONFIRM FAX  ☐ INCLUDE CONF. REPORT

OPERATOR:    CONFIRMED? ☐ No ☐ YES

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3176 AS SOON AS POSSIBLE.

**EXHIBIT 33**

233

**EXHIBIT 34**

## LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

January 28, 2005

Keith A. Jacoby
Direct: 310.772.7284
Direct Fax: 310.553.5583
kjacoby@littler.com

**VIA FACSIMILE (213.624.0643) AND U.S. MAIL**

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   Mattel, Inc. v. Carter Bryant

Dear Mr. Zeller:

This is in response to your letter dated January 27, 2005. Contrary to Magistrate Block's unambiguous directive to counsel to "grow up," you continue to play games and plead ignorance of the clear issues in dispute. Our position has been articulated to you on numerous occasions, both with respect to Bryant's motion to compel the Rule 30(b)(6) depositions of Mattel, as well as the deposition of Lily Martinez.

With respect to the depositions of Mattel Inc., your colleague Jon Corey has already confirmed in writing that the "meet and confer" process has been exhausted. See January 25, 2005 letter to Keith Jacoby from Jon Corey. Please consult with him on this issue. You will be receiving Bryant's portion of the joint stipulation shortly.

Your position on the Martinez deposition is even more puzzling. *Less than 24 hours* after you *personally* appeared at a telephonic hearing before Magistrate Block in which Bryant's counsel articulated, in detail, his position for with respect to the issues in dispute, the relevant law, and the proposed resolution to the issues, you have claimed that Mattel will not produce Martinez because the parties have not "met and conferred" on the issue, and that you still do not understand the issues in dispute, Bryant's position, and the relevant law on the subject. This is precisely the type of sharp practice Judge Block cautioned you about, apparently to no avail.

Because Bryant has already more than satisfied the meet and confer requirements set forth in Local Rule 37-1 on numerous occasions, I will not belabor our position yet again here. Let me simply state that if your feigned ignorance of the issues in dispute and Bryant's position on those issues persists, please review Bryant's Ex Parte Motion to Compel the Deposition of Lily Martinez (and the supporting documents). It spells out Bryant's position.

234

**EXHIBIT 34**

Michael T. Zeller
January 28, 2005
Page 2

Moreover, pursuant to Federal Rule of Civil Procedure 30(a)(1), a properly served notice of deposition is all that is required to compel the appearance of the Rule 30(b)(6) PMK and Lily Martinez, a Mattel employee, for their depositions. Contrary to your letter's suggestion, it is not *Bryant's* burden to articulate the reasons why it needs to depose those witnesses, and justify their appearances. Rather, once the notices of deposition were properly served, it is incumbent on *Mattel* to seek appropriate relief through a motion to quash or protective order, and then articulate, in detail, its purported basis, if any, for resisting the discovery. If Mattel has any legitimate basis to withhold Martinez from deposition, please so state. In your letters and opposition to Bryant's *ex parte*, none was stated.

Please consider this letter Bryant's final attempt to meet and confer with you prior to filing its motion to compel the depositions of the Rule 30(b)(6) PMK and Lily Martinez. As you know, Magistrate Block stated during the telephonic hearing that he would have been inclined to grant the *ex parte* motion with respect to the Rule 30(b)(6) PMK re the motion to remand, and the Lily Martinez motion if it had been brought via noticed motion. Importantly, he also made clear during that if, after receiving a proper notice of deposition for Lily Martinez, Mattel continues to refuse to produce her, thus, requiring Bryant to file a noticed motion to compel, he would **"personally sanction you"** for such conduct. We will have no choice but to seek such sanctions if your firm and your client continue to obstruct discovery.

If you provide my office with dates in the first two weeks of February for these depositions to commence, Mr. Bryant will consider this matter closed. If you and your client fail to confirm in writing that you will produce said witnesses for their depositions Mr. Bryant will have no choice but to bring motions to compel those depositions and seek sanctions against you for requiring us to do so.

We will need a response from you by no later than 5:00 p.m. Monday.

We look forward to hearing from you.

Sincerely,

Keith A. Jacoby

cc:   Robert F. Millman, Esq.
       Douglas A. Wickham, Esq.
Los_Angeles:392607.1 028307.1010

**EXHIBIT 34**

JAN-28-2005 16:07 FROM:LITTLER MENDELSON     310 553 5583      TO:2#857#12134433100 ⚡P.1/3



## FACSIMILE COVER SHEET

January 28, 2005

To:  Michael T. Zeller, Esq.          Fax:  (213) 443-3100  Phone:  (213) 624-0643
     Quinn Emanuel Urquhart Oliver &
     Hedges, LLP

Fax #(s) verified before sending (initial):

From:  Keith A. Jacoby          Fax:  310.553.5583     Phone:  310.772.7284

Length, including this cover letter:   3     Pages

If you do not receive all pages, please call Sender's Phone Number.

This is the only copy sent to you unless one of the following is checked.
☒ Original sent by regular mail.     ☐ Original sent by overnight service.
☐ Original will be hand-delivered.

Message:

CONFIDENTIALITY — The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm   Client Code:  028307.1010    User Number:  1498

236

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™

**EXHIBIT 34**

**EXHIBIT 35**