THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | **[PUBLIC REDACTED]** |
| MATTEL, INC., a Delaware corporation, | DECLARATION OF ROBERT HERRINGTON IN SUPPORT OF MGA DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL THE DEPOSITIONS OF MATTHEW BOUSQUETTE AND TINA PATEL |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | Honorable Stephen G. Larson |
| | Hearing Date: TBD Time: TBD Place: Courtroom 1 |

I, Robert J. Herrington, declare and state as follows:

I am an attorney with Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), counsel of record for MGA Entertainment, Inc. ("MGA"), and Isaac Larian.

1.    Mattel Inc.'s ("Mattel") counsel, Michael Zeller of Quinn, Emanuel Urquhart, Oliver & Hedges, LLP, was given notice of this application via letter on February 13, 2008.  A true and correct copy of the letter is attached hereto as **Exhibit 1.**

2.    Attached as **Exhibit 2** is a true and correct copy of an excerpt of the February 4, 2008 hearing before Judge Larson.

3.    On January 5, 2007, Mattel filed its Consolidated (1) Initial Disclosures Relating to MGA's Unfair Competition Claims and (2) Second Supplemental Initial Disclosures Relating To Mattel's Claims Against Bryant and MGA.  A true and correct copy of those disclosures is attached hereto as **Exhibit 3.**

4.    Ann Driskill was deposed in this case on December 15, 2004.  A true and correct copy of excerpts from the certified reporter's transcript of that proceeding is attached hereto as **Exhibit 4.**

5.    Alan Kaye was deposed in this case on December 10, 2004.  A true and correct copy of excerpts from the certified reporter's transcript of that proceeding is attached hereto as **Exhibit 5.**

6.    A true and correct copy of a document produced by Mattel bearing Bates No. M 0001596, is attached hereto as **Exhibit 6.**

7.    A true and correct copy of a document produced by Mattel bearing Bates Nos. M 0262503-507, is attached hereto as **Exhibit 7.**

8.    A true and correct copy of a document produced by Mattel bearing Bates Nos. M 02849700-995, is attached hereto as **Exhibit 8.**

9.    A true and correct copy of a document produced by Mattel bearing Bates Nos. M 0737414-439, is attached hereto as **Exhibit 9**.

10.    A true and correct copy of a document produced by Mattel bearing Bates Nos. M 0079848-855, is attached hereto as **Exhibit 10**.

11.    Timothy Kilpin was deposed in this case on January 25, 2008. A true and correct copy of excerpts from the certified reporter's transcript of that proceeding is attached hereto as **Exhibit 11**.

12.    A true and correct copy of a document produced by Mattel bearing Bates Nos. M 0079731-758, is attached hereto as **Exhibit 12**.

13.    A true and correct copy of a document produced by Mattel bearing Bates Nos. M 0199111-115, is attached hereto as **Exhibit 13**.

14.    Maureen Tkacik was deposed in this case on September 28, 2007. A true and correct copy of excerpts from the certified reporter's transcript of that proceeding is attached hereto as **Exhibit 14**.

15.    A true and correct copy of Mr. Paul K. Meyer's expert report dated February 11, 2008 is attached hereto as **Exhibit 15**.

16.    A true and correct copy of a document produced by Mattel bearing Bates Nos. M 0094669-671, is attached hereto as **Exhibit 16**.

17.    On or about March 12, 2004, Mattel filed its Form 10-K with the Securities and Exchange Commission. A true and correct copy is attached hereto as **Exhibit 17**.

18.    Kevin Farr was deposed in this case on January 28, 2008. A true and correct copy of excerpts from the certified reporter's transcript of that proceeding is attached hereto as **Exhibit 18**.

19.    A true and correct copy of MGA's Second Supplemental Responses To Mattel's First Set of Interrogatories Re Claims of Unfair Competition, is attached hereto as **Exhibit 19**.

20.    A true and correct copy of a document produced by Mattel bearing Bates Nos. M 0072014-060, is attached hereto as **Exhibit 20**.

21.    On December 10, 2007, Marcus Mumford of Skadden sent a letter to Jon Corey of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP. A true and correct copy is attached hereto as **Exhibit 21**.

22.    On December 12, 2007, Paul Eckles of Skadden sent a letter to Jon Corey. A true and correct copy is attached hereto as **Exhibit 22**.

23.    On January 2, 2008, Jon Corey sent a letter to Thomas Nolan of Skadden and Michael Page of Keker & Van Nest, LLP. A true and correct copy is attached hereto as **Exhibit 23**.

24.    On January 3, 2008, Michael Zeller of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP, sent a letter to Timothy Miller of Skadden and Michael Page. A true and correct copy is attached hereto as **Exhibit 24**.

25.    On January 9, 2008, Marcus Mumford sent a letter to Jon Corey. A true and correct copy is attached hereto as **Exhibit 25**.

26.    On January 9, 2008, I sent a letter to Jon Corey. A true and correct copy is attached hereto as **Exhibit 26**.

27.    On February 11, 2008, Michael Zeller sent a letter to Michael Page and Thomas Nolan. A true and correct copy is attached hereto as **Exhibit 27**.

28.    On February 11, 2008, Thomas Nolan sent a letter to Michael Zeller. A true and correct copy is attached hereto as **Exhibit 28**.

29.    On February 12, 2008, Michael Zeller sent a letter to Thomas Nolan and Michael Page. A true and correct copy is attached hereto as **Exhibit 29**.

30.     On February 14, 2008, Michael Zeller sent a letter to Thomas Nolan and Michael Page.  A true and correct copy is attached hereto as **Exhibit 30**.

31.     In seeking from this Court an order to compel the depositions of Mr. Mathew Bousquette and Ms. Tina Patel, MGA has incurred more than $3,000 dollars in attorneys' fees and expenses.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on February 21, 2008, at Los Angeles, California.

By: _____
    Robert Herrington

```
######    ####    #####   ### ### ###### ###   ### ######   #####
 #    #      #       #     ## ##   #    #  ##    #  #    #   #    #
 #   #       #       #     ## ##   #    #  # #   #  #    #        #
 ###         #       #     # # #   ###     # #   #  ###         #
 #  #    #   #       #     # # #   #  #    #  #  #  #  #        #
 #   #   #   #       #     #   #   #   #   #   # #  #   #      #
 #    #  #   #       #     #   #   #    #  #    ##  #    #    #    #
######   ###     #####   ### ### ######  ###   ## ######   #####
```

Job : 194
Date: 2/22/2008
Time: 5:30:11 PM

**From:**       Berglund, Nandi L (LAC)
**To:**         Velkes, Allison G (LAC); Jimenez, Evelyn G (LAC)
**Subject:**    FW: exhibits CB
**Date:**       2/22/2008 2:22:01 PM
**CC:**
**BCC:**

**Message:**
Here are the initial priority names.
Brown
George
Sontag
Geiler
Williams
Boland

I have some exhibit labels made for what I have pulled so far.  Evelyn, can you or John or someone put them on the folders?

# Exhibit 1

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 13, 2008

**BY FACSIMILE & U.S. MAIL**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:     Bryant v. Mattel

Dear Mr. Zeller:

I write in response to your letter of yesterday, in which you demand proof that Mattel witnesses Matthew Bousquette and Tina Patel possess evidence relevant to Phase 1 of this case.

Notwithstanding your attempt to delay the meet-and-confer process on the issue of the witnesses' pending depositions, we interpret your letter as further confirmation of Mattel's intent to renege on its prior agreement to produce Mr. Bousquette on Friday and Ms. Patel on either February 19 or February 26, 2008. As a result, we plan to move *ex parte* to compel these depositions if we do not hear from you by the close of business today.

In the meantime, your letter suggests a standard of proof that MGA must meet to convince you that Mr. Bousquette and Ms. Patel's depositions relate to Phase 1. Nothing in Judge Larson's Order contemplates such an obligation. To the contrary, Judge Larson stated: "I've got to believe ... you're at a point in this case where you can identify between the two [phases]. If it's mixed, then [the deposition] goes forward." (2/8/2008 Hr'g Tr. 11:11-13.). Nevertheless, in an attempt to resolve the matter as expeditiously as possible, I offer below evidence that demonstrates the relevance of both witnesses to the first phase of the trial.

Exhibit 1 , P. 6

Michael T. Zeller, Esq.
February 13, 2008
Page 2

With regard to Mr. Bousquette, there should be no dispute at all. Mattel has already conceded, and MGA agrees, that Mr. Bousquette has knowledge of "Mattel's business operations and the development and ownership of the intellectual property at issue."[1] Indeed, ample evidence corroborates Mattel's initial disclosure. At least two Mattel witnesses have testified that Mr. Bousquette "presided" over a meeting in which Mattel unveiled the revised version of its "Employee Assignment and Inventions Agreement," the same agreement on which Mattel relies to assert ownership of Bratz.[2] Further, as shown in the expert reports, MGA's experts believe that Mr. Bousquette's views on the relationship between fashion doll sales and marketing, branding, advertising, and themes are important to apportioning damages, if any, in Phase 1. Scores of Mattel documents created during Mr. Bousquette's tenure as President of Mattel Brands analyze the factors behind the commercial success of Bratz. Still other evidence demonstrates Mr. Bousquette's active interest in analyzing the effectiveness of MGA's television advertising.[3] Additionally, MGA's expert reports explain that Bratz sales depended in part on creative "themes" that guided Bratz doll fashions, packaging, face paint, accessories, storylines, and licensed products. Mattel itself acknowledged the importance of such themes in 2004 when it invested millions in a "Worlds Of" strategy designed to boost Barbie sales.[4] And Mattel's CFO, Kevin Farr, testified that Mr. Bousquette alone was the "primary driver" behind this "Words Of" initiative.[5]

For similar reasons, Ms. Patel is plainly relevant to Phase 1. Ms. Patel possesses intimate knowledge of branding strategies at Mattel and MGA by virtue of having served in marketing capacities at both companies. Ms. Patel was a Bratz brand manager from August 2002 to May 2003[6], a period in which Bratz sales skyrocketed. At Mattel, Ms. Patel advised on various competitive analyses regarding Bratz, including a lengthy study that answers the question: "Why is Bratz

---

[1] Mattel, Inc.'s Consolidated (1) Initial Disclosures Relating to MGA's Unfair Competition, Claims, and (2) Second Supplemental Initial Disclosures Relating to Mattel's Claims Against Bryant and MGA, dated January 5, 2007.

[2] Driskill Dep. 43-44; Kaye Dep. 240-241.

[3] M 94669 – 94671.

[4] *See* Mattel 10-K filed March 12, 2004, at 17.

[5] Farr Dep. 220:25 – 221:7.

[6] *See* MGA's Responses to Mattel's First Set of Interrogatories.

Exhibit ____1____, P. 7

Michael T. Zeller, Esq.
February 13, 2008
Page 3


Successful?"[7]  This is the very question that jurors will be asked to consider should Phase 1 ever reach the damages stage, and Ms. Patel's contemporaneous views on the subject are indisputably relevant to the trier of fact.

Please let us know whether, notwithstanding the relevance of both Mr. Bousquette and Ms. Patel to Phase 1, Mattel intends to unilaterally cancel both depositions.  We look forward to your response.

Sincerely,

Thomas J. Nolan

Cc:  Michael H. Page, Esq.

_____

[7] M 0072014 – 0072060.


Exhibit __1__ , P. __8__

Job number    : 365          *** SEND SUCCESSFUL ***

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144
TELEPHONE NO · (213) 687-5000
FACSIMILE NO · (213) 687-5600
EMAIL TNOLAN@skadden.com

┌─────────────────────────────────────────┐
│       FACSIMILE TRANSMITTAL SHEET         │
└─────────────────────────────────────────┘

FROM: Thomas Nolan                        DATE: February 13, 2008
DIRECT DIAL: (213) 687-5250               FLOOR/OFFICE NO.:
DIRECT FACSIMILE: (213) 621-5250

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5250.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):    4

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1. NAME: Michael Zeller, Esq.          FIRM: Quinn Emanuel Urquhart Oliver & Hedges, LLP
   CITY: Los Angeles                   TELEPHONE NO.: 213.443.3000
   FACSIMILE NO: 213.443.3100

2. NAME: Michael Page, Esq.            FIRM: Keker & Van Nest
   CITY: San Francisco                 TELEPHONE NO.: 415.391.5400
   FACSIMILE NO.: 415.397.7188

MESSAGE: Bryant v. Mattel

Exhibit __1__, P. __9__

# Group Send Report

```
Time      : 02-13-2008   02:24pm
Tel line 1 : +21368875600
Tel line 2 : +21368875600
Name      : SASWF #6
```

| | | |
|---|---|---|
| Job number | : | 365 |
| Date | : | 02-13  02:22pm |
| Document Pages | : | 004 |
| Start time | : | 02-13  02:22pm |
| End time | : | 02-13  02:24pm |

Successful

    Fax number

        ☎94433100~
        ☎914163977188~

Unsuccessful                                                                    Pages sent

Exhibit __1__, P. __10__

# Exhibit 2

Page 1

```
 1                  UNITED STATES DISTRICT COURT
 2                 CENTRAL DISTRICT OF CALIFORNIA
 3                        EASTERN DIVISION
 4                          -  -  -
 5       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING
 6                          -  -  -
 7   CARTER BRYANT, ET. AL.,          )
                                      )
 8                      PLAINTIFFS,   )
                                      )
 9            VS.                     )  NO. ED CV 04-09049
                                      )  (LEAD LOW NUMBER)
10   MATTEL, INC., ET. AL.,           )
                                      )
11                      DEFENDANTS.   )  EX-PARTE APPLICATIONS
     _____)  RE:  DISCOVERY
12   AND CONSOLIDATED ACTIONS,        )
                                      )
13
14
15          REPORTER'S TRANSCRIPT OF PROCEEDINGS
16                 RIVERSIDE, CALIFORNIA
17              MONDAY, FEBRUARY 4, 2008
18                    10:15 A.M.
19
20
21
22
23          THERESA A. LANZA, RPR, CSR
           FEDERAL OFFICIAL COURT REPORTER
24            3470 12TH STREET, RM. 134
           RIVERSIDE, CALIFORNIA  92501
25              951-274-0844
            CSR11457@SBCGLOBAL.NET
```

Page 2

```
 1    APPEARANCES:
 2    ON BEHALF OF CARTER BRYANT:
 3                          KEKER & VAN NEST
                            BY:  MICHAEL PAGE
 4                          710 SANSOME STREET
                            SAN FRANCISCO, CALIFORNIA  94111-1704
 5                          415-391-5400
 6
      ON BEHALF OF MATTEL:
 7
                            QUINN EMANUEL
 8                          BY:  JOHN QUINN
                            BY:  JON COREY
 9                          865 S. FIGUEROA STREET,
                            10TH FLOOR
10                          LOS ANGELES, CALIFORNIA  90017
                            213-624-7707
11
12    ON BEHALF OF MGA ENTERTAINMENT:
13                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                            BY:  THOMAS J. NOLAN
14                          BY:  CARL ALAN ROTH
                            BY:  ROBERT JAMES HERRINGTON
15                          300 SOUTH GRAND AVENUE
                            LOS ANGELES, CALIFORNIA  90071-3144
16                          213-687-5000
17
      ON BEHALF OF GUSTAVO MACHADO:
18
                            OVERLAND BORENSTEIN SCHEPER & KIM LLP
19                          BY:  ALEXANDER H. COTE
                            300 SOUTH GRAND AVENUE
20                          SUITE 2750
                            LOS ANGELES, CALIFORNIA  90071
21                          213-613-4660
22
      ON BEHALF OF CLOONAN, MARLOW & LEAHY:
23
                            KEATS MCFARLAND & WILSON LLP
24                          BY:  LARRY W. MCFARLAND
                            9720 WILSHIRE BOULEVARD
25                          BEVERLY HILLS, CA  90212
                            310-777-3750
```

Exhibit _2_, P. _12_

```
 1    APPEARANCES CONTINUED:
 2
      ON BEHALF OF NON-PARTY CHRISTENSEN GLASER:
 3
                          CHRISTENSEN, GLASER, FINK, JACOBS,
 4                         WEIL & SHAPIRO, LLP
                          BY:  SCOTT E. GIZER
 5                        10250 CONSTELLATION BOULEVARD
                          LOS ANGELES, CA  90067
 6                        310-553-3000
 7
      ON BEHALF OF THIRD PARTIES ANA CABRERA & BEATRIZ MORALES:
 8
                          ALLRED, MAROKO & GOLDBERG
 9                        BY:  RAMIT MIZRAHI
                          6300 WILSHIRE BOULEVARD,
10                        SUITE 1500
                          LOS ANGELES, CA  90048
11                        323-653-6530
12
      ON BEHALF OF THIRD PARTY WITNESS GENTLE GIANT STUDIOS:
13
                          BAUTE & TIDUS LLP
14                        BY:  HENRY H. GONZALEZ
                          777 S. FIGUEROA STREET,
15                        SUITE 4900
                          LOS ANGELES, CA  90017
16                        213-630-5000
17
      ON BEHALF OF WACHOVIA:
18
                          DAVIS POLK & WARDWELL
19                        BY:  NEAL A. POTISCHMAN
                          1600 EL CAMINO REAL
20                        MENLO PARK, CA  94025
                          650-752-2000
21
22    ON BEHALF OF KAMI GILMOR:
23                        BUCHALTER NEMER
                          BY:  JOHN PATRICK PETRULLO
24                        1000 WILSHIRE BOULEVARD,
                          SUITE 1500
25                        LOS ANGELES, CA  90017-2457
                          213-891-0700
```

Exhibit 2, P. 13

1  PUT EVERYONE ON THE SAME PLAYING FIELD, THAT IN THE FUTURE --

2  BECAUSE I'M SURE, AS WE GET CLOSER TO HEARING DATES AND TRIAL

3  DATES, THAT THERE'S GOING TO BE A LOT OF THINGS FILED AND

4  YOU'RE GOING TO WANT TO GET A LOT OF STUFF BEFORE THE COURT.

5  IF YOU WANT ME TO READ IT, I NEED THAT COURTESY COPY.  THAT'S

6  WHAT'S CRITICAL.

7           WE HAVE A REINFORCED COURTESY BOX NOW FOR THAT

8  PURPOSE.

9           MR. NOLAN:  IS IT LARGER?

10          THE COURT:  IT'S LARGER AND IT'S WOOD, NOT PLASTIC.

11          I'D LIKE TO BEGIN, BECAUSE I THINK THIS MAY HELP

12  RESOLVE A NUMBER OF THESE APPLICATIONS, WITH MR. MACHADO'S

13  EX-PARTE APPLICATION, MR. MACHADO-GOMEZ'S EX-PARTE APPLICATION,

14  FOR A CLARIFICATION OF THE COURT'S JANUARY 7, 2008 ORDER.

15          AND THE CONCERN THAT MR. MACHADO-GOMEZ EXPRESSED

16  THROUGH HIS EX-PARTE APPLICATION WAS JUST BASICALLY A

17  CLARIFICATION THAT THE COURT MEANT WHAT IT SAID BACK ON

18  OCTOBER 31ST, THAT PHASE TWO CASE MANAGEMENT DATES HAD BEEN

19  VACATED AND THAT THE DATES THAT I IMPOSED WERE FOR PHASE ONE,

20  INCLUDING THE DISCOVERY CUTOFF, WHICH HAS NOW COME AND GONE.

21  AND WHAT HAS COME AND GONE IS THE DISCOVERY CUTOFF FOR PHASE

22  ONE, NOT FOR PHASE TWO.

23          I INDICATED AT THAT TIME THAT I WAS DENYING MGA'S

24  REQUEST TO DELAY OR OTHERWISE BIFURCATE DISCOVERY REGARDING

25  PHASE TWO ISSUES, AND I THINK THE REASONING FOR THAT -- AND I

Page 9

1   TRIED TO ARTICULATE THIS IN MY JANUARY ORDER -- WAS THAT I DID

2   NOT WANT TO HAVE DISCOVERY BOGGED DOWN BY DISPUTES OVER WHETHER

3   OR NOT A PARTICULAR WITNESS'S OR DEPONENT'S TESTIMONY WAS PHASE

4   ONE DISCOVERY OR PHASE TWO DISCOVERY.  SO I THOUGHT IT MADE

5   SENSE, TO THE EXTENT THAT YOU WERE DOING A PHASE ONE

6   DEPOSITION, IF THAT WITNESS HAD INFORMATION RELATED TO PHASE

7   TWO, THAT YOU GATHER THAT AT THE SAME TIME.

8           THAT IS NOT TO SUGGEST THAT SOMEHOW ALL PHASE TWO

9   DISCOVERY WAS TO BE COMPLETED BY JANUARY 28TH.  SO IN MY ORDER

10  THAT I WILL ISSUE TODAY, I WILL BASICALLY, I SUPPOSE, GRANT

11  MR. MACHADO-GOMEZ'S EX-PARTE APPLICATION, TO CLARIFY THE ORDER

12  THAT THE COURT NEVER INTENDED FOR PHASE TWO DISCOVERY TO BE

13  COMPLETED BY JANUARY 28TH.

14          IN REFLECTING ON THIS, THOUGH, AND REFLECTING ON

15  WHERE WE ARE IN THE DISCOVERY -- AND, I SUPPOSE, TO KIND OF

16  GIVE YOU A PREVIEW AS TO WHERE I'M GOING WITH SOME OF THESE

17  OTHER APPLICATIONS -- THERE'S NO QUESTION THAT THE COURT WANTS

18  TO MAKE SURE ALL OF THE DISCOVERY THAT IT HAS ORDERED TO BE

19  CONDUCTED FOR PHASE ONE BE CONDUCTED AND COMPLETED.  AND I

20  CERTAINLY INTEND TO GIVE LEAVE TO BOTH PARTIES TO COMPLETE

21  WHATEVER DISCOVERY WAS ORDERED BEFORE THE DISCOVERY CUTOFF DATE

22  WITH REGARD TO PHASE ONE.

23          IT'S ALSO CLEAR TO ME, AT THIS TIME, IT MIGHT MAKE A

24  LOT OF SENSE TO STAY OR STOP PHASE TWO DISCOVERY UNTIL THE

25  PHASE ONE TRIAL IS COMPLETED.  HAVING READ THROUGH A NUMBER OF

Page 10

1   THE BRIEFS OPPOSING THE VARIOUS EX-PARTE APPLICATIONS, I KNOW

2   THAT BOTH SIDES, OR ALL SIDES -- THERE'S NOT REALLY JUST TWO

3   SIDES HERE -- BUT ALL SIDES HAVE BEEN WORKING AT A FEVERISH

4   PACE, AND I APPRECIATE THE EFFORTS OF EVERYONE.  BUT I THINK

5   THAT WE HAVE TO BE REALISTIC AS WELL, AND I THINK THAT A FOCUS

6   ON -- WE'RE IN THE MONTH OF FEBRUARY NOW -- ON WRAPPING UP

7   PHASE ONE DISCOVERY SHOULD BE OUR PRIORITY.

8          I WOULD STILL WANT TO KEEP IN PLACE MY ADMONITION OR

9   DIRECTION THAT TO THE EXTENT THAT A PHASE ONE WITNESS IS BEING

10  DEPOSED AND HAS PHASE TWO INFORMATION, THAT THAT ALL BE TAKEN

11  AT THE SAME DEPOSITION.  I'M NOT CONTEMPLATING TRYING TO CREATE

12  MORE DEPOSITIONS DOWN THE ROAD BY SAYING THIS.

13         AND I THINK MATTEL CLEARLY IDENTIFIES A NUMBER OF

14  THESE WITNESSES AS CLEARLY PHASE TWO WITNESSES -- I JUST DON'T

15  THINK THAT'S A WISE IDEA, OR PRUDENT, FOR US TO BE HAVING THOSE

16  DEPOSITIONS GOING FORWARD IN FEBRUARY.  AND THERE'S A GOOD

17  NUMBER OF WITNESSES THAT HAVE BEEN IDENTIFIED BY MATTEL IN

18  THEIR PAPERS AS BEING PHASE TWO WITNESSES.

19         MY TENTATIVE THOUGHT THIS MORNING, OR OVER THIS

20  WEEKEND, IS THAT THOSE WITNESSES AND THOSE DEPOSITIONS BE PUT

21  OFF UNTIL WE'RE DONE WITH THIS PHASE ONE TRIAL, SO THAT WE CAN

22  FOCUS ALL OF THE RESOURCES -- AND ADMITTEDLY, THERE'S A LOT OF

23  RESOURCES -- BUT FOCUS THE RESOURCES ON FINISHING UP PHASE ONE

24  DISCOVERY.

25         SO THOSE ARE MY TENTATIVE THOUGHTS, I SUPPOSE, WITH

# Exhibit 3

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 90378)
      (johnquinn@quinnemanuel.com)
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
4     Jon D. Corey (Bar No. 185066)
      (joncorey@quinnemanuel.com)
5     Timothy L. Alger (Bar No. 160303)
      (timalger@quinnemanuel.com)
6   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
7   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100

8   Attorneys for Mattel, Inc.

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

12  CARTER BRYANT, an individual,    | CASE NO. CV 04-9049 SGL (RNBx)

13                 Plaintiff,          | Consolidated with
                                       | Case No. CV 04-09059
14        v.                          | Case No. CV 05-02727

15  MATTEL, INC., a Delaware          | MATTEL, INC.'S CONSOLIDATED
    corporation,                      | (1) INITIAL DISCLOSURES
16                                     | RELATING TO MGA'S UNFAIR
                   Defendant.          | COMPETITION CLAIMS, AND
17                                     | (2) SECOND SUPPLEMENTAL
                                       | INITIAL DISCLOSURES RELATING
18  AND CONSOLIDATED CASES            | TO MATTEL'S CLAIMS AGAINST
                                       | BRYANT AND MGA
19
                                       | DESIGNATED "CONFIDENTIAL –
20                                   — | ATTORNEYS' EYES ONLY"
                                       | PURSUANT TO PROTECTIVE
21                                     | ORDER

22

23

24

25

26

27

28

Exhibit __3__, P. __17__

775/2025630.1

Pursuant to <u>Fed. R. Civ. P.</u> 26(a)(1)(A), (B), Mattel, Inc. ("Mattel") hereby makes the following initial disclosures relating to the Complaint by MGA Entertainment, Inc. ("MGA") in <u>MGA Entertainment, Inc. v. Mattel</u>, Case No. CV 05-02727, and further supplements its initial disclosures in <u>Mattel, Inc. v. Bryant</u>, Case No. CV 04-9049 (previous initial disclosures having been made by Mattel on June 28, 2004 and May 16, 2005).

MGA and Bryant declined to participate in a meeting of counsel pursuant to <u>Fed. R. Civ. P.</u> 26(f) following the lifting of the stay. Accordingly, Mattel will not at this time further supplement its initial disclosures pursuant to <u>Fed. R. Civ. P.</u> 26(a)(1)(C), (D).

I.   <u>WITNESSES</u>

In accordance with <u>Fed. R. Civ. P.</u> 26(a)(1)(A), Mattel states that, based on the information currently known to it, at least the following persons (exclusive of expert witnesses, attorneys, and their support staff) have knowledge of facts that Mattel may use to support its material allegations and defenses.

For those individuals not employed by or otherwise associated with Mattel, the addresses provided are the last known to Mattel. The subjects of information specified are those of which Mattel is currently aware or Mattel reasonably believes are in within the knowledge of the identified individuals. The witnesses who employed by or affiliated with Mattel or Mattel de Mexico may be contacted through Mattel's counsel, Quinn Emanuel Urquhart Oliver & Hedges, LLP.

By its identification of individuals and subjects of information, Mattel does not restrict its right to discovery or presentation of evidence at trial, and

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit __3__, P. __18__

1  reserves all of its rights under the Federal Rules of Civil Procedure, including

2  without limitation the right to supplement these disclosures.

3

4          Ricardo Abundis, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

5  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

6  and trade secrets.  MGA business practices.

7          Lourdes Aguilar, MGAE de Mexico S.A. de R. L. de C.V., Torre

8  Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030 Mexico, D.F.

9  MGA's access to Mattel's intellectual property and trade secrets.  MGA business

10  practices.

11          Mariana Trueba Almada, MGAE de Mexico S.A. de R. L. de C.V.,

12  Torre Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030

13  Mexico, D.F.  MGA's theft of Mattel's intellectual property and trade secrets.  MGA

14  business practices.

15          Jules Andres, Mattel, Inc., 333 Continental Blvd., El Segundo,

16  California 90245.  MGA's theft of Mattel's intellectual property and trade secrets.

17          Russell Arons.  The development and ownership of intellectual

18  property at issue.  Any communication must be through counsel for Mattel.

19          Terry Bartlett, Toy Industry Association, Inc., 1115 Broadway, Suite

20  400, New York, NY 10010.  Toy of the Year and the dealings of Mattel and MGA

21  with TIA.

22          Eve Karen Laskaris Bennett, MGA Entertainment, Inc., 16380 Roscoe

23  Blvd., Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

24  property and trade secrets.  MGA business practices.

25          Nancy Bennett, Mattel, Inc., 333 Continental Blvd., El Segundo,

26  California 90245.  The development and ownership of intellectual property at issue.

27          Molly Benz, Mattel, Inc., 333 Continental Blvd., El Segundo,

28  California 90245.  The development and ownership of intellectual property at issue.

-3-
MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit _3_, P. _15_

1    Jason Bergerson, Kroll OnTrack. MGA's theft of Mattel's intellectual

2  property and trade secrets. Any communication must be through counsel for Mattel."

3    John Bloodworth, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

4  Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual

5  property and trade secrets. MGA business practices.

6    Kevin Bloomfield, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

7  Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual

8  property and trade secrets. MGA business practices.

9    Matt Bousquette. Mattel's business operations and the development

10  and ownership of intellectual property at issue. Any communication must be

11  through counsel for Mattel.

12    Ron Brawer, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

13  200, Van Nuys, California 91406. MGA's theft of Mattel's intellectual property and

14  trade secrets. MGA business practices.

15    Janine Brisbois, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

16  200, Van Nuys, California 91406. MGA's theft of Mattel's intellectual property and

17  trade secrets. MGA business practices.

18    Carter Bryant ("Bryant"), c/o Douglas A. Wickham and Keith A.

19  Jacoby, Littler Mendelson, 2049 Century Park East, 5th Floor, Los Angeles,

20  California 90067. Design and development of Bratz and Bryant's work with or for

21  MGA during his Mattel employment. Bryant's breach of obligations to Mattel. The

22  development and ownership of intellectual property at issue. MGA's theft of

23  Mattel's intellectual property and trade secrets. MGA business practices.

24    Sarah Buzby, Mattel, Inc., 333 Continental Blvd., El Segundo,

25  California 90245. The development and ownership of intellectual property at issue.

26    Juan Carlos Virrueta Camacho, MGAE de Mexico S.A. de R. L. de

27  C.V., Torre Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030

28

175/2025630.1

-4-

1  Mexico, D.F.  MGA's access to Mattel's intellectual property and trade secrets.
2  MGA business practices.
3          Kathy Casey, Mattel, Inc., 333 Continental Blvd., El Segundo,
4  California 90245.  Mattel's business operations and the development and ownership
5  of intellectual property at issue.
6          Jorge Castilla, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
7  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
8  and trade secrets.  MGA business practices.
9          Jimmy Cheng, MGA Hong Kong, 9th Floor, Tower 6, The Gateway
10  Harbour City, Kowloon, Hong Kong.  Design and development of Bratz and
11  Bryant's work with or for MGA during his Mattel employment.  MGA business
12  practices.
13          Steve Quoc Cheng, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
14  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
15  property and trade secrets.  MGA business practices.
16          Maureen Mullen Chianese, Roppongi Residence C-2401, 4-12-3
17  Roppongi, Minato-Ku Tokyo, 1060032 Japan.  The development and ownership of
18  intellectual property at issue.
19          Ok Soo Choi, Mattel, Inc., 333 Continental Blvd., El Segundo,
20  California 90245.  The development and ownership of intellectual property at issue.
21          Fabienne Chonavel, 4655 Noble Avenue, Sherman Oaks, California
22  91403.  The development of Bratz and MGA's access to Mattel's intellectual
23  property and trade secrets.  MGA business practices.
24          Larry Clayton, Mattel, Inc., 333 Continental Blvd., El Segundo,
25  California 90245.  The development and ownership of intellectual property at issue.
26          Elise Cloonan, c/o Michael B. Margolis, Margolis & Morin, 444
27  Flower Street, 6th Floor, Los Angeles, California 90071.  Design and development
28  of Bratz and Bryant's work for MGA during his employment by Mattel.  Bryant's

'75/2025630.1                                     -5-

Exhibit 3 , P. 21

1  breach of obligations to Mattel.  The development and ownership of intellectual

2  property at issue.  MGA's business practices.

3     Gary Cogland, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

4  200, Van Nuys, California 91406.  Design and development of Bratz and Bryant's

5  work with or for MGA during his Mattel employment.  MGA business practices.

6     Nick Armando Contreras, MGA Entertainment, Inc., 16380 Roscoe

7  Blvd., Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

8  property and trade secrets.  MGA business practices.

9     Daniel Cooney, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

10  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

11  and trade secrets.  MGA business practices.

12     Stephanie Cota, Mattel, Inc., 333 Continental Blvd., El Segundo,

13  California 90245.  The development and ownership of intellectual property at issue.

14     David Dees, Sweden (davodees@hotmail.com).  The development of

15  Bratz.

16     Alan Dennis, Mattel, Inc., 333 Continental Blvd., El Segundo,

17  California 90245.  The development and ownership of intellectual property at issue.

18     Luis H. Domingo, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

19  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

20  property and trade secrets.  MGA business practices.

21     Ann Driskill, Mattel, Inc., 333 Continental Blvd., El Segundo,

22  California 90245.  Carter Bryant's breach of obligations to Mattel.

23     Ian Dyer, Mattel, Inc., 333 Continental Blvd., El Segundo, California

24  90245.  The development and ownership of intellectual property at issue.

25     Robert Eckert, Mattel, Inc., 333 Continental Blvd., El Segundo,

26  California 90245.  Mattel's business operations and the development and ownership

27  of intellectual property at issue.

28

-6-

Exhibit 3, P. 22

1    Jaime Elias, Mattel, Inc., 333 Continental Blvd., El Segundo, California
2  90245. MGA's theft of Mattel's intellectual property and trade secrets.
3    Wendy Feinberg, L.A. Focus, 17337 Ventura Boulevard, Suite 301,
4  Encino, California 91316. Design and development of Bratz and Bryant's work with
5  or for MGA during his Mattel employment.
6    Joseph B. Feldman, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
7  Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual
8  property and trade secrets. MGA business practices.
9    Yeira Fierro, Mattel, Inc., 333 Continental Blvd., El Segundo,
10  California 90245. MGA's theft of Mattel's intellectual property and trade secrets.
11    Neil Friedman, Mattel, Inc., 333 Continental Blvd., El Segundo,
12  California 90245. Mattel's business operations and the development and ownership
13  of intellectual property at issue. TIA and Toy of the Year.
14    Mia Maria Garcia, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
15  Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual
16  property and trade secrets. MGA business practices.
17    Kami Gillmour-Bryant, 4341 Ocean View Drive, Malibu, California
18  90265. MGA's access to Mattel's intellectual property and trade secrets. MGA
19  business practices.
20    Dana Goldstein, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
21  200, Van Nuys, California 91406. MGA's access to Mattel's intellectual property
22  and trade secrets. MGA business practices.
23    Carlos Gustavo Machado Gomez, MGA Entertainment, Inc., 16380
24  Roscoe Blvd., Suite 200, Van Nuys, California 91406. MGA's theft of Mattel's
25  intellectual property and trade secrets. MGA business practices.
26    Jean Gomez, Mattel, Inc., 333 Continental Blvd., El Segundo,
27  California 90245. The development and ownership of intellectual property at issue.
28

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit __3__, P. __23__

1    Joanne Green, Mattel, Inc., 333 Continental Blvd., El Segundo,
2  California 90245.  The development and ownership of intellectual property at issue.
3    Sarah Halpern, 1418 Hillcrest Avenue, Glendale, California 91202.
4  MGA's access to Mattel's intellectual property and trade secrets.  Design and
5  development of Bratz and Bryant's work with or for MGA during his Mattel
6  employment.  Bryant's breach of obligations to Mattel.
7    Janet R. Han, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
8  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
9  and trade secrets.  MGA business practices.
10    Melody Hanson, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
11  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
12  and trade secrets.  MGA business practices.
13    Rachel Harris, Playhut, Inc., 368 South Cheryl Lane, City of Industry,
14  California 91789.  Design and development of Bratz and Bryant's work with or for
15  MGA during his Mattel employment.  Bryant's breach of obligations to Mattel.
16  MGA business practices.
17    Ricardo Honda Hatadi, Mattel de México, S.A. de C.V., Insurgentes
18  Sur #3579, Torre 3, Oficina 601, Col. Tlalpan, Delegación Tlalpan, C.P. 14020,
19  Mexico, D.F.  MGA's theft of Mattel's intellectual property and trade secrets.
20    Jill Hatch, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,
21  Van Nuys, California 91406.  MGA's access to Mattel's intellectual property and
22  trade secrets.  MGA business practices.
23    Margaret Hatch-Leahy, 1824 Braeburn Road, Altadena, California
24  91001.  Design and development of Bratz and Bryant's work with or for MGA
25  during his Mattel employment.  Bryant's breach of obligations to Mattel.  MGA
26  business practices.
27    Kiyomi Haverly, Mattel, Inc., 333 Continental Blvd., El Segundo,
28  California 90245.  The development and ownership of intellectual property at issue.

-8-

'975/2025630.1

Exhibit __3__, P. __24__

1    Maria del Carmen Mendez Hernandez, Xerox Mexicana, S.A. de C.V.,
2    Bosque de Duraznos, No. 61, Col. Bosques de Las Lomas, C.P. 11700, Mexico,
3    D.F.  MGA's access to Mattel's intellectual property and trade secrets.  MGA
4    business practices.

5    Michael Hinh, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
6    200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
7    and trade secrets.  MGA business practices.

8    Martin Hitch, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
9    200, Van Nuys, California 91406.  Design and development of Bratz and Bryant's
10   work with or for MGA during his Mattel employment.  MGA business practices.

11   Hoi Hoffman-Briggs, Mattel, Inc., 333 Continental Blvd., El Segundo,
12   California 90245.  Bryant's breach of obligations to Mattel.

13   Don Howarth, Howarth & Smith, 800 Wilshire Boulevard, Suite 750,
14   Los Angeles, California 90017.  Development of Bratz.

15   James Brian Huntley, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
16   Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
17   property and trade secrets.  MGA business practices.

18   Ricardo Ibarra, Mattel de México, S.A. de C.V., Insurgentes Sur #3579,
19   Torre 3, Oficina 601, Col. Tlalpan, Delegación Tlalpan, C.P. 14020, Mexico, D.F.
20   MGA's theft of Mattel's intellectual property and trade secrets.

21   Roberto Isaias, Mattel Chile, S.A., Avenida Américo Vespucio 501-B,
22   Quilicura, Santiago, Chile.  MGA's theft of Mattel's intellectual property and trade
23   secrets.  Any communication must be through counsel for Mattel.

24   Alice C. Kao, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
25   200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
26   and trade secrets.  MGA business practices.

27

28

975/2025630.1

-9-

Exhibit __3__, P. __25__

1       Kenneth Kauffmann, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

2   Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

3   property and trade secrets.  MGA business practices.

4       Alan Kaye, Mattel, Inc., 333 Continental Blvd., El Segundo, California.

5   Bryant's breach of obligations to Mattel.

6       Tim Kilpin, Mattel, Inc., 333 Continental Blvd., El Segundo, California

7   90245.  The development and ownership of intellectual property at issue.

8       Joyce Chi Hee Kim, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

9   Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

10  property and trade secrets.  MGA business practices.

11      Young Kim, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,

12  Van Nuys, California 91406.  MGA's access to Mattel's intellectual property and

13  trade secrets.  MGA business practices.

14      Kristen L. Kirst, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

15  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

16  and trade secrets.  MGA business practices.

17      Joel N. Klevins, Fogel, Feldman, Ostrov, Ringler & Klevins, 1620 26th

18  Street, Suite 100 South, Santa Monica, California 90404-4040.  Development of

19  Bratz.

20      Andreas Koch, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

21  200, Van Nuys, California 91406.  Design and development of Bratz and Bryant's

22  work with or for MGA during his Mattel employment.  MGA business practices.

23      Ellen F. Komatsu, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

24  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

25  property and trade secrets.  MGA business practices.

26      Kara Kuchem, Mattel, Inc., 333 Continental Blvd., El Segundo,

27  California 90245.  The development and ownership of intellectual property at issue.

28

775/2025630.1

Exhibit 3, P. 26

1       Susana Kuemmerle, MGAE de Mexico S.A. de R. L. de C.V., Torre

2  Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030 Mexico, D.F.

3  MGA's theft of Mattel's intellectual property and trade secrets. MGA business

4  practices.

5       Cecelia Kwok, MGA Hong Kong, 9th Floor, Tower 6, The Gateway

6  Harbour City, Kowloon, Hong Kong. Design and development of Bratz and

7  Bryant's work with or for MGA during his Mattel employment. MGA business

8  practices.

9       Sheila Kyaw, Mattel, Inc., 333 Continental Blvd., El Segundo,

10  California 90245. Design and development of Bratz and Bryant's work with or for

11  MGA during his Mattel employment.

12       Farhad Larian, c/o William C. Conkle, Conkle & Olesten, 3130

13  Wilshire Blvd., Suite 500, Santa Monica, California 90403. Development of Bratz.

14  MGA's business practices.

15       Isaac Larian, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

16  200, Van Nuys, California 91406. Design and development of Bratz and Bryant's

17  work with or for MGA during his Mattel employment. Bryant's breach of

18  obligations to Mattel and MGA's efforts to conceal same. MGA's theft of Mattel's

19  intellectual property and trade secrets. MGA's business practices.

20       Jill Larson, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,

21  Van Nuys, California 91406. MGA's access to Mattel's intellectual property and

22  trade secrets. MGA business practices.

23       Stephen Lee, MGA Hong Kong, 9th Floor, Tower 6, The Gateway

24  Harbour City, Kowloon, Hong Kong. Design and development of Bratz and

25  Bryant's work with or for MGA during his Mattel employment. MGA business

26  practices.

27       Victor Lee, MGA Hong Kong, 9th Floor, Tower 6, The Gateway

28  Harbour City, Kowloon, Hong Kong. Design and development of Bratz and

375/2025630.1

-11-

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL—ATTORNEYS' EYES ONLY

Exhibit 3, P. 27

1 | Bryant's work with or for MGA during his Mattel employment.  MGA business
2 | practices.
3 |       Kerri Legg, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,
4 | Van Nuys, California 91406.  Design and development of Bratz and Bryant's work
5 | with or for MGA during his Mattel employment.  MGA business practices.
6 |       Lidia Ivete Montero Leyva, MGAE de Mexico S.A. de R. L. de C.V.,
7 | Torre Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030
8 | Mexico, D.F.  MGA's access to Mattel's intellectual property and trade secrets.
9 | MGA business practices.
10 |       Stanley Li, MGA Hong Kong, 9th Floor, Tower 6, The Gateway
11 | Harbour City, Kowloon, Hong Kong.  Design and development of Bratz and
12 | Bryant's work with or for MGA during his Mattel employment.  MGA business
13 | practices.
14 |       Timothy James Lider, Advanced Data Solutions.  MGA's theft of
15 | Mattel's intellectual property and trade secrets.  Any communication must be
16 | through counsel for Mattel.
17 |       Steve Linker, c/o Laurence M. Berman, Esq., Berman, Mausner, &
18 | Resser, 11601 Wilshire Blvd., Suite 600, Los Angeles, CA 90025.  The
19 | development of intellectual property at issue.
20 |       Dave Malacrida, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
21 | 200, Van Nuys, California 91406.  Design and development of Bratz and Bryant's
22 | work with or for MGA during his Mattel employment.  MGA business practices.
23 |       Joy Mann, Mattel, Inc., 333 Continental Blvd., El Segundo, California
24 | 90245.  The development and ownership of intellectual property at issue.
25 |       Maria Veronica de Souza Brandao Marlow, 12250 Woodley, Granada
26 | Hills, California 91344.  Design and development of Bratz and Bryant's work with
27 | or for MGA during his Mattel employment.  MGA's access to Mattel's intellectual
28 | property and trade secrets.  MGA business practices.

975/2025630.1

Exhibit ___3___, P. _28_

1    Lily Martinez, Mattel, Inc., 333 Continental Blvd., El Segundo,
2  California 90245.  The development and ownership of intellectual property at issue,
3  Bryant's breach of obligations to Mattel.
4    Susan G. McBride, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
5  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
6  property and trade secrets.  MGA business practices.
7    Barbara Miller, address unknown.  The development and ownership of
8  intellectual property at issue.
9    Frank B. Mils, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
10  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
11  and trade secrets.  MGA business practices.
12    Joyce Ng, Karrenbrock & Joyce Associates, 848 Radcliffe Avenue,
13  Pacific Palisades, California 90272.  Design and development of Bratz and Bryant's
14  work with or for MGA during his Mattel employment.
15    Jill Nordquist, Mattel, Inc., 333 Continental Blvd., El Segundo,
16  California.  Bryant's breach of obligations to Mattel.  MGA's access to Mattel's
17  intellectual property and trade secrets.
18    Conrad Nussbaum, Mattel, Inc., 333 Continental Blvd., El Segundo,
19  California 90245.  Mattel's business operations, Mattel's dealings with NPD, and the
20  development and ownership of intellectual property at issue.
21    Laura Ochoa, MGAE de Mexico S.A. de R. L. de C.V., Torre Siglum,
22  Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030 Mexico, D.F.  MGA's
23  access to Mattel's intellectual property and trade secrets.  MGA business practices.
24    Victoria O'Connor, Warner Bros. Consumer Products, 4001 West Olive
25  Ave., 3rd Floor, Burbank, California 91505.  Design and development of Bratz and
26  Bryant's work with or for MGA during his Mattel employment, and MGA's efforts
27  to conceal same.  MGA's access to Mattel's intellectual property and trade secrets.
28  MGA business practices.

-13-
MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit 3, P. 29

1    Daniel Ray Owen, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

2 Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

3 property and trade secrets.  MGA business practices.

4    Amelia Ivy Arafiles Palijo, MGA Entertainment, Inc., 16380 Roscoe

5 Blvd., Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

6 property and trade secrets.  MGA business practices.

7    Karla Papayanopulos, Mattel de México, S.A. de C.V., Insurgentes Sur

8 #3579, Torre 3, Oficina 601, Col. Tlalpan, Delegación Tlalpan, C.P. 14020, Mexico,

9 D.F.  MGA's theft of Mattel's intellectual property and trade secrets.

10    Cassidy Park, Mattel, Inc., 333 Continental Blvd., El Segundo,

11 California 90245.  The development and ownership of intellectual property at issue.

12 Carter Bryant's breach of obligations to Mattel.

13    Thomas Park, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

14 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

15 and trade secrets.  MGA business practices.

16    Marlene Parker, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

17 200, Van Nuys, California 91406.  Design and development of Bratz and Bryant's

18 work with or for MGA during his Mattel employment.  MGA business practices.

19    Rene Pasko, Mattel, Inc., 333 Continental Blvd., El Segundo,

20 California 90245.  The development and ownership of intellectual property at issue.

21    Danny Pestonji, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

22 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property

23 and trade secrets.  MGA business practices.

24    Pootipong Phoosopha, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

25 Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual

26 property and trade secrets.  MGA business practices.

27    Cynthia Pierce, Union Bank, 5855 Topanga Canyon Boulevard,

28 Woodland Hills, California 91367.  Payment from MGA to Carter Bryant.

775/2025630.1

-14-

1    Joni Pratte, Mattel, Inc., 333 Continental Blvd., El Segundo, California

2  90245. The development and ownership of intellectual property at issue.

3    Jacqueline Ramona Prince, c/o Daniel J. Warren, Sutherland Asbill &

4  Brennan, LLP, 999 Peachtree Street, Suite 2300, Atlanta, GA 30309. Design and

5  development of Bratz and Bryant's work with or for MGA during his Mattel

6  employment. Bryant's breach of obligations to Mattel.

7    Andrea Ramirez, MGAE de Mexico S.A. de R. L. de C.V., Torre

8  Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030 Mexico, D.F.

9  MGA's access to Mattel's intellectual property and trade secrets. MGA business

10  practices.

11    Jessie Ramirez, 538 Maryann Drive, Redondo Beach, California 90278.

12  Design and development of Bratz and Bryant's work with or for MGA during his

13  Mattel employment.

14    Erika Rangel, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

15  200, Van Nuys, California 91406. MGA's access to Mattel's intellectual property

16  and trade secrets. MGA business practices.

17    Lee Ratleff, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,

18  Van Nuys, California 91406. MGA's access to Mattel's intellectual property and

19  trade secrets. MGA business practices.

20    Wendy Reed, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

21  200, Van Nuys, California 91406. Design and development of Bratz and Bryant's

22  work with or for MGA during his Mattel employment. MGA business practices.

23    Scot Anthony Reyes, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

24  Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual

25  property and trade secrets. MGA business practices.

26    Anna Rhee, c/o Laurence M. Berman, Esq., Berman, Mausner, &

27  Resser, 11601 Wilshire Blvd., Suite 600, Los Angeles, CA 90025. The

28  development and ownership of intellectual property at issue. Design and

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

975/2025630.1

Exhibit _3_, P. _31_

1 development of Bratz and Bryant's work with or for MGA during his Mattel

2 employment. Bryant's breach of obligations to Mattel.

3      Judy Rich, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,

4 Van Nuys, California 91406. Design and development of Bratz and Bryant's work

5 with or for MGA during his Mattel employment. MGA business practices.

6      Ian Richter, Mattel, Inc., 333 Continental Blvd., El Segundo, California

7 90245. The development and ownership of intellectual property at issue.

8      Alejandro Gurza Romay, MGAE de Mexico S.A. de R. L. de C.V.,

9 Torre Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030

10 Mexico, D.F. MGA's access to Mattel's intellectual property and trade secrets.

11 MGA business practices.

12      Desiree E. Ronquillo, MGA Entertainment, Inc., 16380 Roscoe Blvd.,

13 Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual

14 property and trade secrets. MGA business practices.

15      David Rosenbaum, Law Offices of David S. Rosenbaum, 6303

16 Owensmouth Ave., 10th Floor, Woodland Hills, California 91367. Bryant's breach

17 of his obligations to Mattel. Bryant's work with or for MGA during his Mattel

18 employment.

19      Lon P. Ross, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite

20 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual property

21 and trade secrets. MGA business practices.

22      Ivy Ross. Bryant's breach of obligations to Mattel. Any

23 communication must be through counsel for Mattel.

24      Arnold Rubin, Toy Industry Association, Inc., 1115 Broadway, Suite

25 400, New York, NY 10010. Toy of the Year and the dealings of Mattel and MGA

26 with TIA.

27

28

'975/2025630.1

MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit 3 , P. 32

1    Shirin Salemnia, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
2  200, Van Nuys, California 91406. MGA's access to Mattel's intellectual property
3  and trade secrets. MGA business practices.
4    Pablo Vargas San Jose, MGAE de Mexico S.A. de R. L. de C.V., Torre
5  Siglum, Av. Insurgentes Sur, #1898, Piso 15, Col. Florida, C.P. 01030 Mexico, D.F.
6  MGA's theft of Mattel's intellectual property and trade secrets. MGA business
7  practices.
8    Chuck Scothon, Mattel, Inc., 333 Continental Blvd., El Segundo,
9  California 90245. Mattel's business operations and the development and ownership
10  of intellectual property at issue.
11    Harvey Scott, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
12  200, Van Nuys, California 91406. MGA's access to Mattel's intellectual property
13  and trade secrets. MGA business practices.
14    Mark Spencer, First Advantage Litigation Consulting. MGA's theft of
15  Mattel's intellectual property and trade secrets. Any communication must be
16  through counsel for Mattel.
17    Holly Aileen Stinnett, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
18  Suite 200, Van Nuys, California 91406. MGA's access to Mattel's intellectual
19  property and trade secrets. MGA business practices.
20    Jier Su, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200, Van
21  Nuys, California 91406. MGA's access to Mattel's intellectual property and trade
22  secrets. MGA business practices.
23    Maureen Tafoya, Mattel, Inc., 333 Continental Blvd., El Segundo,
24  California 90245. MGA's access to Mattel's intellectual property and trade secrets.
25    Gail Tamae, Mattel, Inc., 333 Continental Blvd., El Segundo,
26  California 90245. The development and ownership of intellectual property at issue.
27
28

975/2025630.1

Exhibit  3 , P. 33

1    Lisa Tawil, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,
2  Van Nuys, California 91406.  MGA's access to Mattel's intellectual property and
3  trade secrets.  MGA business practices.
4    Marla Reynolds Thompson, MGA Entertainment, Inc., 16380 Roscoe
5  Blvd., Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
6  property and trade secrets.
7    Michele Thompson, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
8  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
9  property and trade secrets.  MGA business practices.
10    Ben Ton, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite 200,
11  Van Nuys, California 91406.  Design and development of Bratz and Bryant's work
12  with or for MGA during his Mattel employment.  MGA business practices.
13    Paula Dianthe Treantafelles (Garcia), MGA Entertainment, Inc., 16380
14  Roscoe Blvd., Suite 200, Van Nuys, California 91406.  Design and development of
15  Bratz and Bryant's work with or for MGA during his Mattel employment.  Bryant's
16  breach of obligations to Mattel.  MGA's theft of Mattel's intellectual property and
17  trade secrets.  MGA business practices.
18    Frankie Tsang, MGA Hong Kong, 9th Floor, Tower 6, The Gateway
19  Harbour City, Kowloon, Hong Kong.  MGA's theft of Mattel's intellectual property
20  and trade secrets.  MGA business practices.
21    Vivianne Waisman, Mattel, Inc., 333 Continental Blvd., El Segundo,
22  California 90245.  MGA's access to Mattel's intellectual property and trade secrets.
23    Simon Waldron, Mattel, Inc., 333 Continental Blvd., El Segundo,
24  California 90245.  The development and ownership of intellectual property at issue.
25    Anne Wang, Christie Parker Hale LLP, 300 W. Colorado Blvd., Suite
26  500, Pasadena, California 91105.  Bryant's breach of his obligations to Mattel.
27  Bryant's work with or for MGA during his Mattel employment.
28

-18-
MATTEL'S CONSOLIDATED INITIAL AND SECOND SUPPLEMENTAL INITIAL DISCLOSURES
CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit 3 , P. 34

1    Chang-Chin Wang, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
2  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
3  property and trade secrets.  MGA business practices.
4    Mercedeh Ward, 5247 S. Grandby Ct., Aurora, Colorado.  Design and
5  development of Bratz and Bryant's work with or for MGA during his Mattel
6  employment.  Bryant's breach of obligations to Mattel.  MGA's access to Mattel's
7  intellectual property and trade secrets.  MGA business practices.
8    Dawn Whitaker, MGA Entertainment, Inc., 16380 Roscoe Blvd., Suite
9  200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual property
10  and trade secrets.  MGA business practices.
11    Therese Wilbur.  MGA's access to Mattel's intellectual property and
12  trade secrets.  Any communication must be through counsel for Mattel.
13    Jenny M.L. Wong, MGA Entertainment, Inc., 16380 Roscoe Blvd.,
14  Suite 200, Van Nuys, California 91406.  MGA's access to Mattel's intellectual
15  property and trade secrets.  MGA business practices.
16    Samuel Wong, MGA Hong Kong, 9th Floor, Tower 6, The Gateway
17  Harbour City, Kowloon, Hong Kong.  Design and development of Bratz and
18  Bryant's work with or for MGA during his Mattel employment.
19    Tricia Wong, Mattel, Inc., 333 Continental Blvd., El Segundo,
20  California 90245.  The development and ownership of intellectual property at issue.
21    Sandy Yonemoto, Mattel, Inc., 333 Continental Blvd., El Segundo,
22  California 90245.  Bryant's misrepresentations to Mattel.
23    Mattel's investigation of this matter is not yet complete, and Mattel has
24  not concluded its discovery in this matter.  In particular, Mattel anticipates that other
25  third parties, including without limitation persons currently or formerly employed
26  by or associated with MGA and/or Bryant may have percipient knowledge, but
27  Mattel cannot identify such persons without further discovery.  Mattel reserves the
28  right to identify additional individuals with such knowledge as such persons become

975/2025630.1

-19-

1 known to Mattel or the information they possess becomes relevant to the claims or
2 defenses of any party.

3

4 II.     DOCUMENTS

5         In accordance with Fed. R. Civ. P. 26(a)(1)(B), Mattel has provided
6 MGA and Bryant with copies of documents and tangible things in its custody or
7 control that Mattel may use to support its material allegations and defenses.
8 Additional documents are being produced to MGA and Bryant concurrently with the
9 service of these disclosures, subject to the protective order in this case.

10        Mattel's investigation into this matter is not complete.  Mattel
11 anticipates that additional documents will continue to be discovered by Mattel that
12 may be used to support its material allegations and defenses.  Such documents will
13 be produced as required by the Federal Rules of Civil Procedure.

14        Additionally, Mattel has previously identified categories, and hereby
15 discloses the following further categories, of tangible things in its custody or control
16 that it might use to support its claims or defenses.  These tangible things may be
17 inspected upon reasonable notice and agreement of the parties.

18        1.     Mattel products that are the subject of MGA's claims.

19        2.     Mattel products that bear on Mattel's defenses, including without
20 limitation the ownership of the designs, marks, and other property at issue, and the
21 theft by MGA and Bryant of Mattel's intellectual property and trade secrets.

22

23        Counsel for Mattel certify that, to the best of their knowledge,
24 information and belief, formed after an inquiry that is reasonable under the
25 circumstances, this disclosure is complete and correct as of the date indicated below.

26

27

28

375/2025630.1

1  However, counsel reserves the right to supplement or amend this disclosure as

2  additional information becomes available, through discovery or otherwise.

3

4  DATED:  January 5, 2007            QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
5

6
                                      By
7
                                          Timothy L. Alger
8                                         Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

375/2025630.1

-21-

## PROOF OF SERVICE

1       I am employed in the County of Los Angeles, State of California.  I am over

the age of eighteen years and not a party to the within action; my business address is

NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

California 90026.

    On January 5, 2007, I served true copies of the following document(s)

described as:

**MATTEL, INC.'S CONSOLIDATED (1) INITIAL DISCLOSURES**

**RELATING TO MGA'S UNFAIR COMPETITION CLAIMS, AND**

**(2) SECOND SUPPLEMENTAL INITIAL DISCLOSURES RELATING TO**

**MATTEL'S CLAIMS AGAINST BRYANT AND MGA**

on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres, Esq.<br>O'Melveny & Myers<br>400 So. Hope Street<br>Los Angeles, CA  90071<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407 | Keith A. Jacoby, Esq.<br>Littler Mendelson<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA  90067-3107<br>Telephone: (310) 553-0308<br>Facsimile: (310) 553-5583 |

[√]   [PERSONAL] by personally delivering the document listed above to

the person(s) at the address(es) set forth above.

    I declare that I am employed in the office of a member of the bar of this court

at whose direction the service was made

    Executed on January 5, 2007, at Los Angeles, California.

David Quintana

Case No. SACV 05-00953 JVS (ANx)
PROOF OF SERVICE

Exhibit __3__, P. 3?

# Exhibit 4

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1                    UNITED STATES DISTRICT COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3

4

5   MATTEL, INC., A DELAWARE CORPORATION, )

6                    PLAINTIFF,            )
                                           )
7        VS.                               )      NO. CV 04-9059
                                           )         NM(RNBX)
8   CARTER BRYANT, AN INDIVIDUAL; AND      )
    DOES 1 THROUGH 10, INCLUSIVE,          )
9                                          )
                    DEFENDANTS.            )
10  _____    )
    CARTER BRYANT, ON BEHALF OF HIMSELF,   )
11  ALL PRESENT AND FORMER EMPLOYEES OF    )
    MATTEL, INC., AND THE GENERAL PUBLIC,  )
12                                         )
                    COUNTER-CLAIMANT,      )
13                                         )
         VS.                               )
14                                         )
    MATTEL, INC., A DELAWARE CORPORATION,  )
15                                         )
                    COUNTER-DEFENDANT.     )
16  _____    )

17

18       DEPOSITION OF ANN DRISKILL, TAKEN ON BEHALF OF

19   DEFENDANT AND COUNTER-CLAIMANT CARTER BRYANT AT

20   400 SOUTH HOPE STREET, LOS ANGELES, CALIFORNIA,

21   COMMENCING AT 9:46 A.M. ON WEDNESDAY,

22   DECEMBER 15, 2004, BEFORE BARBARA A. STAUFFER, RPR,

23   CSR NO. 12282, A CERTIFIED SHORTHAND REPORTER IN

24   AND FOR THE COUNTY OF LOS ANGELES, STATE OF

25   CALIFORNIA.           Exhibit 4 , P. 37 .

HIGHLY CONFIDENTIAL TRANSCRIPT - ATTORNEYS EYES ONLY          2

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1  APPEARANCES:

2

3  FOR THE PLAINTIFF AND COUNTER-DEFENDANT:

4              QUINN EMANUEL
             BY:  MICHAEL T. ZELLER
5                 ATTORNEY AT LAW
                     AND
6                 TANIA KREBS
             865 SOUTH FIGUEROA STREET
7            10TH FLOOR
             LOS ANGELES, CALIFORNIA  90017
8            213.624.7707

9

   FOR THE PLAINTIFF AND COUNTER-DEFENDANT:
10
             BY:  MICHAEL MOORE
11                ATTORNEY AT LAW
             333 CONTINENTAL BOULEVARD
12           EL SEGUNDO, CALIFORNIA  90245-5012
             310.252.2000
13

14  FOR THE DEFENDANT AND COUNTER CLAIMANT CARTER BRYANT:

15           LITTLER MENDELSON
             BY:  KEITH A. JACOBY
16                ATTORNEY AT LAW
             2049 CENTURY PARK EAST
17           5TH FLOOR
             LOS ANGELES, CALIFORNIA  90067
18           310.553.0308

19

   FOR THE DEFENDANT M.G.A. ENTERTAINMENT, INC.:
20
             O'MELVENY & MYERS
21           BY:  DIANA TORRES
                 ATTORNEY AT LAW
22           400 SOUTH HOPE STREET
             5TH FLOOR
23           LOS ANGELES, CALIFORNIA  90071-2899
             213.430.3600
24

25                 Exhibit 4, P. 40

HIGHLY CONFIDENTIAL TRANSCRIPT - ATTORNEYS EYES ONLY

3

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1      Q     DID YOU FIND OUT FROM SOME OTHER SOURCE        10:25:37

2   WHAT HAPPENED AT THE PRESENTATION?                      10:25:39

3      A     JUST SORT OF RUMORS OR HEARSAY ABOUT WHAT      10:25:44

4   HAPPENED.                                               10:25:46

5      Q     OKAY.  AS BEST AS YOU CAN RECOLLECT -- IN      10:25:47

6   A DEPOSITION RUMORS AND HEARSAY -- I'M ALLOWED TO       10:25:50

7   ASK YOU ABOUT RUMORS AND HEARSAY.  SO WHAT -- WHAT      10:25:53

8   INFORMATION DID YOU GLEAN FROM RUMORS AND HEARSAY       10:25:55

9   REGARDING THE NEW INVENTIONS AND ASSIGNMENT             10:25:58

10  AGREEMENT?                                              10:26:02

11            MR. ZELLER:  AND, FOR THE RECORD, I'M         10:26:03

12  GOING TO OBJECT AS TO THE LACK OF FOUNDATION.  CALLS    10:26:03

13  FOR SPECULATION.                                        10:26:05

14            THE WITNESS:  I JUST HEARD THAT THAT          10:26:08

15  MEETING HAPPENED AND THAT WHOEVER WENT TO THE           10:26:09

16  MEETING, THAT EVERYONE WAS ASKED TO SIGN AN             10:26:15

17  AGREEMENT.                                              10:26:18

18            MR. JACOBY:  AT THE MEETING?                  10:26:20

19            THE WITNESS:  BEFORE THEY -- WHEN THEY --     10:26:21

20  BEFORE THEY LEFT THE MEETING.  YEAH.  AT THE            10:26:21

21  MEETING.                                                10:26:24

22  BY MR. JACOBY:                                          10:26:25

23      Q     OKAY.  WHO WAS REQUIRED TO ATTEND THE         10:26:25

24  MEETING, IF YOU KNOW?                                   10:26:27

25            MR. ZELLER:  I'M GOING TO OBJECT TO THE       10:26:28

Exhibit __4__, P. 42

HIGHLY CONFIDENTIAL TRANSCRIPT - ATTORNEYS EYES ONLY                          43

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | FORM OF THE QUESTION AS TO "REQUIRED." | 10:26:30 |
| 2 | THE WITNESS:  I'M NOT SURE. | 10:26:32 |
| 3 | BY MR. JACOBY: | 10:26:34 |
| 4 | Q     DO YOU KNOW WHO WAS ASKED TO ATTEND THE | 10:26:34 |
| 5 | MEETING? | 10:26:36 |
| 6 | A     NO. | 10:26:37 |
| 7 | Q     DO YOU KNOW IF THE REQUEST TO ATTEND THE | 10:26:37 |
| 8 | MEETING OCCURRED -- IS MEMORIALIZED IN A DOCUMENT, | 10:26:41 |
| 9 | LIKE A MEMO OR AN E-MAIL OR ANYTHING OF THAT NATURE? | 10:26:45 |
| 10 | A     I DON'T KNOW. | 10:26:48 |
| 11 | Q     OKAY.  DO YOU KNOW WHO PRESIDED OVER THE | 10:26:49 |
| 12 | MEETING? | 10:26:51 |
| 13 | A     I THINK MATT BOUSQUETTE DID.  BUT I'M | 10:26:53 |
| 14 | NOT -- | 10:26:55 |
| 15 | Q     HE'S THE PRESIDENT? | 10:26:56 |
| 16 | A     BUT I'M NOT POSITIVE. | 10:26:57 |
| 17 | Q     I'M SORRY.  I INTERRUPTED YOU.  HE'S THE | 10:26:58 |
| 18 | PRESIDENT OF MATTEL BRANDS; CORRECT? | 10:27:01 |
| 19 | A     CORRECT. | 10:27:05 |
| 20 | Q     OKAY.  DO YOU KNOW HOW MANY -- THAT | 10:27:05 |
| 21 | SUGGESTS TO ME THAT A LOT OF PEOPLE ATTENDED THE | 10:27:07 |
| 22 | MEETING; AM I RIGHT? | 10:27:10 |
| 23 | MR. ZELLER:  I'M GOING TO OBJECT.  CALLS | 10:27:11 |
| 24 | FOR SPECULATION.  LACKS FOUNDATION. | 10:27:13 |
| 25 | THE WITNESS:  IT SUGGESTED TO ME, TOO, | 10:27:16 |

Exhibit 4, P. 43

HIGHLY CONFIDENTIAL TRANSCRIPT - ATTORNEYS EYES ONLY

44

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1   BUT I WASN'T THERE.   SO --                              10:27:17

2   BY MR. JACOBY:                                           10:27:19

3        Q     YOU COULDN'T TELL ME WHAT CLASS -- GROUPS     10:27:19

4   OF EMPLOYEES WERE ASKED TO COME; IS THAT RIGHT?         10:27:21

5        A     NO.                                           10:27:26

6        Q     DO YOU KNOW WHERE THE MEETING WAS HELD?       10:27:27

7        A     NO.                                           10:27:29

8        Q     OKAY.   DOES MATTEL HAVE ANY BIG             10:27:29

9   AUDITORIUM OR CONFERENCE ROOM IN THE EL SEGUNDO         10:27:32

10  FACILITY?                                                10:27:35

11       A     YES.                                          10:27:37

12       Q     DO YOU KNOW IF THE MEETING WAS HELD          10:27:37

13  THERE?                                                   10:27:39

14       A     I DON'T KNOW FOR SURE.                        10:27:39

15       Q     OKAY.   DO YOU KNOW IF ANY LAWYERS            10:27:40

16  PRESENTED WITH MS. BOUSQUETTE -- MR. BOUSQUETTE?        10:27:44

17       A     I HAVE NO IDEA.                               10:27:47

18       Q     OKAY.   DO YOU KNOW IF THERE WERE SOME        10:27:48

19  PEOPLE IN ATTENDANCE AT THE MEETING WHO IN FACT DID     10:27:50

20  NOT SIGN THE AGREEMENT BEFORE THEY LEFT?                10:27:54

21            MR. ZELLER:   THE QUESTION LACKS              10:27:58

22  FOUNDATION.   SHE'S TESTIFIED SHE WASN'T THERE.         10:27:58

23            THE WITNESS:   I DON'T KNOW.                   10:28:00

24  BY MR. JACOBY:                                           10:28:01

25       Q     HAVE YOU SEEN ANY COMMUNICATIONS ABOUT       10:28:01

Exhibit __, P. 44

HIGHLY CONFIDENTIAL TRANSCRIPT - ATTORNEYS EYES ONLY

45

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1                          REPORTER'S CERTIFICATE

2

3

4               I, BARBARA A. STAUFFER, CSR NO. 12282, A

5     CERTIFIED SHORTHAND REPORTER IN AND FOR THE STATE OF

6     CALIFORNIA, DO HEREBY CERTIFY:

7               THAT PRIOR TO BEING EXAMINED, THE WITNESS

8     NAMED IN THE FOREGOING PROCEEDINGS WAS BY ME DULY

9     SWORN TO TESTIFY TO THE TRUTH, THE WHOLE TRUTH, AND

10    NOTHING BUT THE TRUTH;

11              THAT SAID PROCEEDINGS WERE TAKEN BY ME IN

12    SHORTHAND AT THE TIME AND PLACE HEREIN NAMED AND WAS

13    THEREAFTER TRANSCRIBED INTO TYPEWRITING UNDER MY

14    DIRECTION, SAID TRANSCRIPT BEING A TRUE AND CORRECT

15    TRANSCRIPTION OF MY SHORTHAND NOTES.

16              I FURTHER CERTIFY THAT I HAVE NO INTEREST

17    IN THE OUTCOME OF THIS ACTION.

18                          JANUARY 3, 2005

19

20

21

22                          _Barbara A Stauffer_
                            BARBARA A. STAUFFER
23                          CSR 12282

24

25

                                                              338

Exhibit 4, P. 45

# Exhibit 5

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1                    UNITED STATES DISTRICT COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3

4    MATTEL, INC.,                           )
     A DELAWARE CORPORATION,                 )
5                                            )
                           PLAINTIFF,        )
6                                            )
          VS.                                ) NO. CV-04 9059 (NM)
7                                            )
     CARTER BRYANT, AN INDIVIDUAL;           )
8    AND COES 1 THROUGH 10, INCLUSIVE,       )
                                             )
9                          DEFENDANTS.       )
                    _____)
10                                           )
     CARTER BRYANT, ON BEHALF OF             )
11   HIMSELF, ALL PRESENT AND FORMER         )
     EMPLOYEES OF MATTEL, INC., AND          )
12   THE GENERAL PUBLIC,                     )
                                             )
13                  COUNTER-COMPLAINANT,     )
                                             )
14        VS.                                )
                                             )
15   MATTEL, INC.,                           )
     A DELAWARE CORPORATION,                 )
16                                           )
                    COUNTER-DEFENDANT  )
17   _____)

18          DEPOSITION OF ALAN KAYE, TAKEN ON BEHALF OF

19   THE DEFENDANTS, AT 4100 ADMIRALTY WAY, MARINA DEL

20   REY, CALIFORNIA, COMMENCING AT 9:30 A.M., ON FRIDAY,

21   DECEMBER 10, 2004, BEFORE STEVEN W. CORNWELL, CSR NO.

22   7193, A CERTIFIED SHORTHAND REPORTER IN AND FOR THE

23   STATE OF CALIFORNIA.

24

25                    Exhibit 5 , P. 46

                                                              2
CONFIDENTIAL PURSUANT TO COURT ORDER - ATTORNEYS' EYES ONLY

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1   APPEARANCES:

2

       FOR PLAINTIFF AND COUNTER-DEFENDANT
3      MATTEL, INC.:

4              QUINN EMANUEL URQUHART
               OLIVER & HEDGES, L.L.P.
5              BY:  MICHAEL T. ZELLER, ATTORNEY AT LAW
               865 SOUTH FIGUEROA STREET
6              TENTH FLOOR
               LOS ANGELES, CALIFORNIA  90017
7              (213) 443-3180  FAX:  (213) 624-0643
                        -AND-
8              MICHAEL MOORE, SENIOR COUNSEL
               333 CONTINENTAL BOULEVARD
9              EL SEGUNDO, CALIFORNIA  90245-5012
               (310) 252-6733  FAX:  (310) 252-3861
10

11     FOR DEFENDANT CARTER BRYANT:

12             LITTLER MENDELSON
               BY:  KEITH A. JACOBY, ATTORNEY AT LAW
13             2049 CENTURY PARK EAST
               FIFTH FLOOR
14             LOS ANGELES, CALIFORNIA  90067-3107
               (310) 553-0308  FAX:  (310) 553-5583
15

16     FOR INTERVENOR M.G.A. ENTERTAINMENT, INC.:

17             O'MELVENY & MYERS L.L.P.
               BY:  DIANA M. TORRES, ATTORNEY AT LAW
18             400 SOUTH HOPE STREET
               LOS ANGELES, CALIFORNIA  90071-2899
19             (213) 430-6000  FAX:  (213) 430-6407

20
       ALSO PRESENT:
21
               STU CHARNO, VIDEOGRAPHER
22

23

24

25                      Exhibit 5 , P. 47

                                                            3
CONFIDENTIAL PURSUANT TO COURT ORDER - ATTORNEYS' EYES ONLY

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

THE WITNESS:  I DON'T KNOW.                         15:01:48

Q.  BY MR. JACOBY:  DO YOU KNOW WHO WOULD KNOW?      15:02:09

A.  NO.                                             15:02:11

Q.  WHO WAS THE EMPLOYEE WHO PRESENTED THE NEW       15:02:15

AGREEMENTS TO EMPLOYEES?  WAS IT SOMEONE IN H.R.?    15:02:18

MR. ZELLER:  OBJECTION.  THE QUESTION IS            15:02:24

OVERBROAD.  LACKS FOUNDATION.                       15:02:26

THE WITNESS:  DON'T KNOW.                           15:02:30

Q.  BY MR. JACOBY:  DO YOU KNOW HOW THE NEW          15:02:31

AGREEMENTS WERE PRESENTED TO THE EMPLOYEES?          15:02:32

A.  IN MULTIPLE WAYS.                               15:02:35

Q.  WHAT WERE THE WAYS?                             15:02:38

A.  I BELIEVE THERE WAS EMAILS.  I BELIEVE THERE     15:02:38

WAS DEPARTMENT MEETINGS.  I BELIEVE THERE WAS        15:02:41

MEMORANDUM.                                         15:02:44

Q.  SO IT WASN'T DONE CENTRALLY OUT OF H.R.;         15:02:44

TRUE?                                               15:02:49

A.  TRUE.                                           15:02:49

Q.  WHO DID IT IN THE -- WHO -- IF YOU KNOW, WHO     15:02:52

ROLLED IT OUT IN THE DESIGN DEPARTMENT IN EL SEGUNDO?  15:02:55

A.  DO NOT KNOW.                                    15:02:57

Q.  WHO IS THE HEAD OF THE DESIGN DEPARTMENT IN      15:02:58

EL SEGUNDO NOW?                                     15:03:01

A.  THERE ARE MULTIPLE HEADS OF THE DESIGN          15:03:01

DEPARTMENT.                                         15:03:05

Exhibit 5, P. 48

                                                    239

CONFIDENTIAL PURSUANT TO COURT ORDER - ATTORNEYS' EYES ONLY

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

Q.   IS THERE A TOP HEAD?                                15:03:05

A.   NO.                                                 15:03:07

Q.   OKAY.                                               15:03:08

A.   THERE'S -- ONE THAT THEY ALL REPORT TO?             15:03:09

Q.   YES                                                 15:03:13

A.   YES.                                                15:03:14

Q.   WHO'S THAT?                                         15:03:15

A.   GENTLEMAN BY THE NAME OF MATT BOUSQUETTE,           15:03:16

Q.   WHAT'S HIS TITLE?                                   15:03:19

A.   MATT BOUSQUETTE IS PRESIDENT OF MATTEL              15:03:19

BRANDS.                                                  15:03:22

Q.   DO YOU KNOW IF HE WAS INVOLVED IN THE               15:03:23

ROLLOUT OF THE 2004 INVENTIONS AND ASSIGNMENT            15:03:23

AGREEMENT OR THE CONFLICT OF INTEREST QUESTIONNAIRE?     15:03:25

MR. ZELLER:   YOU CAN ANSWER THAT "YES" OR "NO."         15:03:29

THE WITNESS:   YES.                                      15:03:30

Q.   BY MR. JACOBY:   YES, YOU KNOW?                     15:03:31

A.   YES, I KNOW.                                        15:03:33

Q.   WAS HE INVOLVED?                                    15:03:33

A.   YES.                                                15:03:35

Q.   WHAT WAS THE NATURE OF HIS INVOLVEMENT?             15:03:35

MR. ZELLER:   I'M GOING TO INSTRUCT THE WITNESS NOT      15:03:38

TO DISCLOSE IN HIS ANSWER INFORMATION THAT HE HAS        15:03:40

DERIVED FROM COUNSEL OR COMMUNICATIONS WITH COUNSEL      15:03:40

ON THAT SUBJECT.                                         15:03:43

Exhibit 5 , P. 49

240

CONFIDENTIAL PURSUANT TO COURT ORDER - ATTORNEYS' EYES ONLY

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

THE WITNESS:  COMMUNICATION DERIVED FROM          15:03:45

COUNSEL.                                           15:03:50

    Q.  BY MR. JACOBY:  SO YOU CAN'T ANSWER?       15:03:51

    A.  CORRECT.                                   15:03:52

    Q.  DID YOU EVER TALK TO MR. BOUSQUETTE ABOUT  15:03:53

THE NEW AGREEMENTS WITHOUT COUNSEL PRESENT?        15:03:55

    A.  NO.                                        15:03:59

    Q.  HAVE YOU EVER TALKED TO ANYONE WHO IS NOT A 15:04:08

LAWYER ABOUT THE NEW AGREEMENTS?                   15:04:10

    A.  NOT WITHOUT THE PRESENCE OF COUNSEL.       15:04:14

    Q.  AND WHAT WAS COUNSEL'S ROLE IN THESE       15:04:22

MEETINGS?                                          15:04:25

    MR. ZELLER:  I'M GOING TO INSTRUCT THE WITNESS 15:04:25

NOT TO ANSWER THE QUESTION AS FRAMED.              15:04:27

    Q.  BY MR. JACOBY:  WERE THESE MEETINGS HELD AT 15:04:29

THE DIRECTION OF COUNSEL?                          15:04:31

    MR. ZELLER:  YOU CAN ANSWER THAT "YES" OR "NO" 15:04:33

OR "I DON'T KNOW."                                 15:04:35

    THE WITNESS:  I DON'T KNOW.                   15:04:36

    MR. JACOBY:  OKAY.                            15:04:36

    Q.  DO YOU KNOW IF COUNSEL WAS PARTICIPATING TO 15:04:38

GIVE LEGAL ADVICE TO THE GROUP?                    15:04:40

    MR. ZELLER:  SAME INSTRUCTION.                15:04:43

    THE WITNESS:  NOT SOLELY.                     15:04:53

    BY MR. JACOBY:  OKAY.                         15:04:54

Exhibit 5 , P. 50

241

CONFIDENTIAL PURSUANT TO COURT ORDER - ATTORNEYS' EYES ONLY

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

Q.   WHAT OTHER THINGS DID COUNSEL DO BESIDES          15:04:55

GIVE LEGAL ADVICE IN THESE MEETINGS?                   15:04:59

     MR. ZELLER:   I'M GOING TO INSTRUCT THE WITNESS    15:05:01

NOT TO ANSWER THAT QUESTION AS FRAMED.                 15:05:03

     MR. JACOBY:   WELL, MR. ZELLER, YOU KNOW THAT     15:05:04

IN-HOUSE LEGAL COUNSEL CAN ACT IN A NONLEGAL           15:05:06

CAPACITY, AND THAT'S WHAT I'M TRYING TO GET AT.        15:05:07

     MR. ZELLER:   WELL, YOU ARE ASKING THE QUESTION   15:05:10

IN A WAY, AS YOU KNOW, THAT IS DESIGNED TO DISCLOSE    15:05:12

THE PRIVILEGED INFORMATION.                            15:05:14

     MR. JACOBY:   I'M ABSOLUTELY NOT TRYING TO DO     15:05:14

THAT.                                                  15:05:16

     MR. ZELLER:   SO YOU CAN ASK THE QUESTION IN THE  15:05:17

PROPER WAY.                                            15:05:19

     MR. JACOBY:   CAN YOU --                          15:05:20

     MR. ZELLER:   THAT QUESTION IS NOT PROPER.        15:05:20

     Q.   BY MR. JACOBY:   CAN YOU IDENTIFY ANYTHING   15:05:22

THAT COUNSEL DID AT THESE MEETINGS REGARDING THE 2004  15:05:26

AGREEMENTS THAT WAS OTHER THAN GIVING LEGAL ADVICE?    15:05:30

     A.   NO.                                          15:05:33

     Q.   DID COUNSEL AT THOSE MEETINGS OFFER THEIR    15:05:36

INTERPRETATION OF THE AGREEMENT?                       15:05:40

     MR. ZELLER:   YOU CAN ANSWER THAT "YES" OR "NO."  15:05:41

     THE WITNESS:   YES.                               15:05:43

     Q.   BY MR. JACOBY:   WHAT DID YOU MEAN WHEN YOU  15:05:46

Exhibit 5 , P. 51                                      242

CONFIDENTIAL PURSUANT TO COURT ORDER - ATTORNEYS' EYES ONLY

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

## REPORTER'S CERTIFICATE

1

2

3

4       I, STEVEN W. CORNWELL, CSR NO. 7193, A

5   CERTIFIED SHORTHAND REPORTER IN AND FOR THE STATE OF

6   CALIFORNIA, DO HEREBY CERTIFY:

7       THAT PRIOR TO BEING EXAMINED, THE WITNESS

8   NAMED IN THE FOREGOING PROCEEDINGS WAS BY ME DULY

9   SWORN TO TESTIFY TO THE TRUTH, THE WHOLE TRUTH, AND

10  NOTHING BUT THE TRUTH;

11      THAT SAID PROCEEDINGS WERE TAKEN BY ME IN

12  SHORTHAND AT THE TIME AND PLACE HEREIN NAMED AND WAS

13  THEREAFTER TRANSCRIBED INTO TYPEWRITING UNDER MY

14  DIRECTION, SAID TRANSCRIPT BEING A TRUE AND CORRECT

15  TRANSCRIPTION OF MY SHORTHAND NOTES.

16      I FURTHER CERTIFY THAT I HAVE NO INTEREST

17  IN THE OUTCOME OF THIS ACTION.

18

19      JANUARY 4, 2005

20

21      _Steven W. Cornwell_

        STEVEN W. CORNWELL
22      CSR NO. 7193

23

24

25

Exhibit 5, P. 52                                378

# Exhibit 6

# EMPLOYEE CONFIDENTIAL INFORMATION AND INVENTIONS AGREEMENT

I acknowledge that Mattel, Inc. (the "Company") operates in a competitive environment and that it enhances its opportunities to succeed by establishing certain policies, including those included in this Agreement. This Agreement is designed to make clear that: [i] I will maintain the confidentiality of the Company's trade secrets; [ii] I will use those trade secrets for the exclusive benefit of the Company; [iii] inventions that I create will be owned by the Company; [iv] my prior and continuing activities separate from the Company will not conflict with the Company's development of its proprietary rights; and [v] when and if my employment with the Company terminates I will not use my prior position with the Company to the detriment of the Company. In consideration of my employment with the Company and other good and valuable consideration, I agree that:

1. **Provisions Related to Trade Secrets**

   [a] I acknowledge that the Company possesses and will continue to develop and acquire valuable Proprietary Information (as defined below), including information that I may develop or discover as a result of my employment with the Company. The value of this Proprietary Information depends on it remaining confidential. The Company depends on me to maintain that confidentiality, and I accept that position of trust.

   [b] As used in this Agreement, "Proprietary Information" means any information (including formula, pattern, compilation, device, method, technique or process) that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and includes information on the Company, its customers, suppliers, joint ventures, licensors, licensees, distributors and other persons and entities with whom the Company does business.

   [c] I will not disclose or use at any time either during or after my employment with the Company, any Proprietary Information except for the exclusive benefit of the Company as required by my duties for the Company, or as the Company expressly may consent to in writing. I will cooperate with the Company and use my best efforts to prevent the unauthorized disclosure, use or reproduction of all Proprietary Information.

   [d] Upon leaving employment with the Company for any reason, I immediately will deliver to the Company all tangible, written, graphical, machine readable and other materials (including all copies) in my possession or under my control containing or disclosing Proprietary Information.

2. **Ownership of Inventions**

   [a] I agree to communicate to the Company as promptly and fully as practicable all Inventions (as defined below) conceived or reduced to practice by me (alone or jointly by others) at any time during my employment with the Company. I hereby assign to the Company and/or its nominees all my right, title and interest in such Inventions, and all my right, title and interest in any patent, copyrights, patent applications or copyright applications based thereon. I will assist the Company and/or its nominees (without charge but at no expense to me) at any time in every proper way to obtain for its and/or their own benefit, patents and copyrights for all such Inventions anywhere in the world and to enforce its and/or their rights in legal proceedings.

   [b] As used in this Agreement, the term "Inventions" includes, but is not limited to, all discoveries, improvements, processes, developments, designs, know-how, data computer programs and formulae, whether patentable or unpatentable.

   [c] Any provision in this agreement requiring me to assign my rights in any Invention does not apply to an Invention which qualifies under the provision of Section 2870 of the California Labor Code. That section provides that the requirement to assign "shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities or trade secret information except for those Inventions that either [1] relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer; or [2] result from any work performed by the employee for the employer." I understand that I bear the burden of proving that an Invention qualifies under Section 2870.

   [d] I hereby irrevocably designate and appoint the Company and each of its duly authorized officers and agents as my agent and attorney-in-fact to act for and in my behalf and stead to execute and file any document and to do all other lawfully permitted acts to further the prosecution, issuance and enforcement of patents, copyrights and other proprietary rights with the same force and effect as if executed and delivered by me.

3. **Conflicts with Other Activities**

   [a] My employment with the Company requires my undivided attention and effort. Therefore, during my employment with the Company, I will fully comply with the Company's Conflict of Interest Policy, as it may be amended from time to time. I shall not, without the Company's express written consent, engage in any employment or business other than for the Company, or invest in or assist (in any manner) any business competitive with the business or future business plans of the Company.

4. **Miscellaneous**

   [a] My obligations under this Agreement may not be modified or terminated, in whole or in part, except in writing signed by a Vice-President of the Company. Any waiver by the Company of a breach on any provision of this Agreement will not operate or be construed as a waiver of any subsequent breach.

   [b] Each provision of this Agreement will be treated as a separate and independent clause, and the unenforceability of any one provision will in no way impair the enforceability of any other provision. If any provision is held to be unenforceable, such provision will be construed by the appropriate judicial body by limiting or reducing it to the minimum extent necessary to make it legally enforceable.

   [c] My obligation under this Agreement will survive the termination of my employment, regardless of the manner of such termination. This Agreement will inure to the benefit of and be binding upon the successors and assigns of the the Company.

   [d] I understand that the provisions of this Agreement are a material condition to my employment with the Company. I also understand that this Agreement is not an employment contract, and nothing in this Agreement creates any right to my continuous employment by the Company, or to my employment for any particular term.

   [e] Any breach of this Agreement likely will cause irreparable harm to the Company for which money damages could not reasonably or adequately compensate the Company. Accordingly, I agree that the Company will be entitled to injunctive relief to enforce this Agreement, in addition to damages and other available remedies.

   [f] This agreement will be governed by and interpreted in accordance with the laws of the State of California.

   [g] This Agreement contains the complete agreement between the Company and me concerning the subject matter hereof and supersedes all other agreements and understandings. This Agreement may be executed in counterparts. This Agreement will be deemed effective as of the start of Employee's employment with the Company.

**CAUTION: THIS AGREEMENT CREATES IMPORTANT OBLIGATIONS OF TRUST AND AFFECTS THE EMPLOYEE'S RIGHTS TO INVENTIONS THE EMPLOYEE MAY MAKE DURING HIS OR HER EMPLOYMENT.**

Employee Signature _____

Employee Name (print)   CARTER H. BRYANT

Date   01/04/99

MATTEL, INC.

By _____
Signature

Name of Waivers (print)   TERESA NEWCOMB

Exhibit 6, P. 53

M 0001596

# Exhibit 7



## EMPLOYEE CONFIDENTIALITY AND INVENTIONS AGREEMENT

I am entering into this Employee Confidentiality and Inventions Agreement (this "Agreement") in consideration and as a condition of my employment and continued employment by Mattel, Inc., and in consideration of the compensation now and in the future paid to me by Mattel, Inc.

I agree, for the benefit of Mattel, Inc. and it subsidiaries (collectively, "Mattel"), that the terms and conditions of this Agreement apply to my employment by Mattel:

1. **My Acknowledgements; Purpose of This Agreement.**

    (a)     **My Acknowledgements.** I acknowledge that:

        (i)     Mattel, which currently has facilities in 36 countries and sales in more than 150 countries, operates in a very competitive global business environment. Mattel is engaged in continuous programs of product research, development, production, and marketing as it pursues its vision of creating and selling "The World's Premier Toy Brands – Today and Tomorrow".

        (ii)     Mattel's business successes are derived in large part from Mattel's 40+ years of creating "intellectual property", as meant in its broadest sense – including, without limitation, the ideas created by its employees, the collective know-how of its employees, and its brands. Any compromise of these interests may result in significant adverse consequences to Mattel.

    (b)     **Purposes of This Agreement.** For the reasons set forth in Section 1(a), Mattel seeks to protect its intellectual property from misuse and its confidential information from improper disclosure, and to confirm Mattel's ownership of its intellectual property. Accordingly, regardless of whether I create any inventions of value to Mattel, I agree in this Agreement that, as more fully detailed in the remainder of this Agreement:

        (i)     Mattel  exclusively owns all of My Mattel Inventions (defined in Section 2(b)(ii)) and all of Mattel's Proprietary Rights (defined in Section 2(c)). (See Section 2.)

        (ii)     I will use and disclose Mattel's Proprietary Information (defined in Section 3(b)) solely in the course of my employment, to the extent necessary to perform my job responsibilities, and for Mattel's benefit. (See Section 3.)

        (iii)     I will not engage in any activities that conflict with Mattel's rights in or to Mattel's Proprietary Information or Mattel's Proprietary Rights or that conflict with the rights of any third party. (See Section 4.)

        (iv)     When my employment with Mattel terminates, I will not use my prior position with Mattel to the detriment of Mattel. (See Section 6.)

2. **Mattel's Exclusive Ownership of My Work Product, My Mattel Inventions, and Mattel's Proprietary Rights.**

    (a)     **Work-Made-for-Hire.** I acknowledge that all work that is made by me (solely or jointly with others) that is within the scope of my employment with Mattel and is protectable by copyright is "work made for hire," as that term is defined in the United States Copyright Act, with the result that Mattel will be the sole owner of such work.

    (b)     **Disclosure of Inventions; Ownership and Assignment of My Mattel Inventions.**

        (i)     **Disclosure of All Inventions.** I will promptly disclose in confidence to Mattel all inventions, discoveries, improvements, developments, designs, works, original works of authorship, ideas, know-how, formulas, processes, methods, software programs, databases, mask works, and trade secrets, whether or not patentable, copyrightable, or protectable as trade secrets (collectively, "Inventions"), that I (alone or jointly with others) conceive, create, develop, or reduce to practice during my period of employment with Mattel, whether or not in the course of my employment with Mattel.

19 March 2004  7:43 AM                                                    Page 1 of 5
Mattel, Inc. – Confidential  & Proprietary (rev. 3/04)



EMPLOYEE CONFIDENTIALITY AND INVENTIONS AGREEMENT

(ii)    Ownership and Assignment of My Mattel Inventions.  I agree that all Inventions that (A) are developed by me using Mattel's equipment, supplies, facilities, or trade secrets, (B) result from work performed by me for Mattel, or (C) relate to Mattel's businesses or current or anticipated research and development (collectively, "My Mattel Inventions") will be Mattel's sole and exclusive property.  I agree to assign to Mattel, and do hereby irrevocably assign to Mattel, in perpetuity and without any limitation or reservation of rights, all of my right, title, and interest in and to all of My Mattel Inventions.

(iii)    Clarification to Ownership and Assignment of Inventions.  I acknowledge that, in accordance with California Labor Code Section 2870, my assignment in Section 2(b)(ii) specifically excludes inventions that I develop entirely on my own time without using Mattel's equipment, supplies, facilities, or trade secrets, except for those inventions that either: (A) relate at the time of conception or reduction to practice of the invention to Mattel's businesses, or to Mattel's actual or demonstrably anticipated research or development, or (B) result from any work performed by me for Mattel.  I acknowledge and understand that I bear the burden of proving that an invention qualifies under California Labor Code Section 2870.

(c)    Assignment of Mattel's Proprietary Rights.  In addition to the assignment of My Mattel Inventions to Mattel set forth in Section 2(b)(ii), I agree to assign to Mattel, and do hereby irrevocably assign to Mattel, in perpetuity and without any limitation or reservation of rights, all of my right, title, and interest in and to (i) all worldwide patent rights, copyrights, trade mark rights, good will, mask work rights, trade secret rights, and other intellectual property rights in and to My Mattel Inventions, and (ii) all Moral Rights in and to all of the foregoing (all of the foregoing, "Mattel's Proprietary Rights").  "Moral Rights" mean any right to claim authorship of or credit on any of My Mattel Inventions, to object to or prevent the modification or destruction of any of My Mattel Inventions, or to withdraw from circulation or control the publication or distribution of any of My Mattel Inventions, and any similar right that exists or may in the future exist under applicable judicial or statutory law or treaty anywhere in the world, regardless of whether or not such right is denominated or generally referred to as a "moral right".

(d)    Waiver of Claims for Infringement; Waiver of "Moral Rights".  I agree to waive and quitclaim to Mattel, and I hereby do unconditionally waive and quitclaim to Mattel, any and all claims of any nature whatsoever, that I now or may hereafter have for infringement of any of My Mattel Inventions and Mattel's Proprietary Rights.  I also agree to waive and never assert, and do hereby irrevocably waive and agree never to assert, any and all Moral Rights that I may have in or with respect to any of My Mattel Inventions.

3.    Confidentiality of Mattel's Proprietary Information.

(a)    Use and Non-Disclosure of Mattel's Proprietary Information.  I acknowledge that: (i) Mattel takes steps to maintain the secrecy and confidential nature of Mattel's Proprietary Information and that, if a competitor discovered Mattel's Proprietary Information, it could significantly damage Mattel, and (ii) I have access to Mattel's Proprietary Information solely because of my employment with Mattel.  I agree to: (A) keep Mattel's Proprietary Information confidential, and (B) only use or disclose Mattel's Proprietary Information to the extent necessary to perform my job responsibilities, in accordance with Mattel policies, and for Mattel's benefit.  I understand that my obligations to keep Mattel's Proprietary Information confidential will continue even after any termination of my employment with Mattel.

(b)    Definition of "Mattel's Proprietary Information".  "Mattel's Proprietary Information" means any nonpublic information that I learn, receive, or discover in connection with my employment that relates to the businesses of Mattel or one of its business partners (such as customers, suppliers, and licensees).  Mattel's Proprietary Information includes, without limitation, information relating to: (i) personnel; (ii) product research, design, development, and performance; (iii) marketing and advertising research, plans, and methods; (iv) business research and forecasts; (v) costs, budgets, pricing, credit terms, deal terms, and finances; (vi) manufacturing, distribution, and sales methods and processes; (vii) potential acquisitions or investments; (viii) business and legal strategies and practices; and, (ix) any and all of the foregoing items that are created, conceived, developed, or reduced to practice by me during the period of my employment (including, without limitation, My Mattel Inventions).  The terms of this Agreement also constitute Mattel's Proprietary Information.

CONFIDENTIAL

Exhibit 7, P. 55

M 0262504



EMPLOYEE CONFIDENTIALITY AND INVENTIONS AGREEMENT

4.      My Avoidance of Conflicts During and After Employment.

        (a)     During Employment: Compliance with Conflict of Interest Policy.  During my employment with Mattel, I will fully comply with Mattel's Conflict of Interest Policy and all other policies of Mattel, as such policies may be amended from time to time.

        (b)     During Employment: No Use of Unauthorized Third Party Information.  In the performance of my duties for Mattel: (i) I will not use any trade secrets or other intangibles, or any documents, materials, or other items, that belong to a former employer or any other third party and are not available to the public for free and without consent or a license, or have not been legally transferred to Mattel, and (ii) I will not breach any invention assignment, proprietary information, confidentiality, or other agreement with any former employer or any other third party.

        (c)     During Employment: No Other Employment or Business Activity Without Mattel's Consent.  I understand that my employment with Mattel requires my undivided attention and effort, and that if I perform services for any third party (whether as an employee, consultant, or otherwise) while I am also employed by Mattel, there is a potential for Mattel's Proprietary Information to be used or disclosed in connection with my performance of such services.  Therefore, I agree that, during the period of my employment with Mattel, I will not, without Mattel's express written consent signed by a senior executive (a Senior Vice President or above), engage in any secondary employment or business other than for Mattel, or invent or assist in any business which is competitive with the business of Mattel.

        (d)     During and After Employment: Non-Solicitation.  During my employment with Mattel and for a period of one (1) year thereafter, I will not directly or indirectly, on behalf of any third party or myself, solicit, recruit, or encourage any of Mattel's employees to leave their employment.  Without limiting the generality of Section 3, during and after my employment with Mattel, I will not directly or indirectly solicit or take away any supplier or customer of Mattel if the identity of the supplier or customer or information about the supplier or customer relationship is a trade secret or is otherwise deemed confidential information within the meaning of applicable state law.

        (e)     Acknowledgement; Severability.  I acknowledge that the requirements of Section 4(a) and the restrictions in Section 4(c) and (d) are reasonably required for the protection of Mattel's business interests, including, without limitation, the protection of Mattel's Proprietary Information.  Nonetheless, without limiting the generality of Section 8(f), if any restriction in this Section 4 is found by a court of competent jurisdiction to be unenforceable because it extends for too long a period of time, over too great a range of activities, or to too broad a geographic area, then it will be interpreted to extend only over the maximum period of time, range of activities, or geographic area as to which it is enforceable.

5.      "At Will" Employment.  I understand that this Agreement does not constitute a contract of employment and that it does not obligate Mattel to employ me, or me to work for Mattel, for any stated period of time.  I understand that I am an "at will" employee of Mattel and that both Mattel and I have the right to terminate my employment at any time, for any or no reason, with or without prior notice or cause.  I acknowledge that any statements or representations to the contrary are ineffective, unless included in an express, individual written employment agreement signed by a Senior Human Resources Executive of Mattel.  I further acknowledge that my participation in any stock option or benefit program is not to be construed as any assurance of continuing employment for any particular period of time.

6.      Termination of My Employment.  Upon any termination of my employment with Mattel:

        (a)     I will promptly deliver to Mattel all (i) files, memoranda, documents, and records, (ii) copies, summaries, and extracts of the foregoing, and (iii) credit cards, keys, computer and any other property of Mattel in my possession or control, and I will not re-create any such items after delivering them to Mattel.  For purposes of clarity and without limitation, the foregoing includes digital and electronic assets and is not limited merely to such items that relate to Mattel's Proprietary Information.

        (b)     I give Mattel consent to notify any of my future employers about my rights and obligations under this Agreement.

        (c)     Sections 1, 2, 3, 4(d), 4(e), and 6-8 will survive and continue in effect.

CONFIDENTIAL                    Exhibit 7 , P. 56                    M 0262505



EMPLOYEE CONFIDENTIALITY AND INVENTIONS AGREEMENT

7.    **Right to Use My Name and Likeness.** As to any project, product, service, or other matter that I work on in connection with my employment by Mattel, I hereby grant to Mattel a perpetual, irrevocable, nonexclusive, world-wide, royalty-free right and license to, and grant others the right and license to, use, disclose, make, sell, copy, distribute, modify, create works based on, perform, display, and otherwise market and exploit my name, photograph, likeness, voice, biographical information, and signature, and any simulation thereof, in any form of media or technology now known or hereafter developed, for any purposes related to Mattel's business. I agree to waive, and I hereby do unconditionally waive, any and all claims that may arise out of or in connection with Mattel's exercise of any right or license granted to Mattel in this Section 7 (including, without limitation, claims for monetary consideration and claims related to invasion of privacy, right of publicity, defamation, and copyright infringement).

8.    **Miscellaneous.**

(a)    **No Obligation to Utilize or Exploit.** Nothing in this Agreement obligates Mattel to utilize or exploit any Inventions, any of My Mattel Inventions, any of Mattel's Proprietary Information, any of Mattel's Proprietary Rights, or any right or license under this Agreement.

(b)    **Effective Date; Material Terms of My Employment.** This Agreement will be deemed effective as of the first day of my employment with Mattel. I understand that the provisions of this Agreement are material conditions to my employment with Mattel and that my failure to comply with any of them may result in disciplinary action, up to and including immediate termination. Any changes in my duties, salary, or compensation after the date of this Agreement will not affect the validity or scope of this Agreement.

(c)    **Modification Requires Vice-President Signature; No Waiver.** My obligations under this Agreement may not be modified or terminated, in whole or in part, except in a writing signed by a senior executive (a Senior Vice President or above) of Mattel. No failure or delay by Mattel to exercise any of its rights, powers, or remedies under this Agreement will operate as a waiver of that or any other right, power, or remedy.

(d)    **Further Assurances.** I will, during and after my period of employment with Mattel, without undue delay, execute, deliver, and acknowledge such documents and take such other actions (such as appearing as a witness) as may be reasonably requested by Mattel to more effectively consummate the purposes and subject matter of this Agreement. Without limiting the generality of the foregoing, I will take all actions and execute and deliver all documents as Mattel may reasonably request to effectuate the ownership of My Mattel Inventions in Mattel, and to enable Mattel to obtain, secure, maintain, perfect, defend, enforce, and transfer its rights in and to Mattel's Proprietary Information and Mattel's Proprietary Rights. I understand that, in the event that the foregoing actions are required of me following my period of employment, Mattel will compensate me at a reasonable rate for the time actually spent by me after my termination at Mattel's request. In the event Mattel is unable for any reason, after reasonable effort, to secure my signature on any document needed in connection with the foregoing actions, I hereby irrevocably designate and appoint Mattel and its duly authorized officers and agents as my agent and attorney in fact, which appointment is coupled with an interest, to act for and in my behalf to execute, deliver, acknowledge, and file any such documents and to do all other lawfully permitted acts to further the purposes of this Section 8(d) with the same legal force and effect as if performed by me.

(e)    **Binding Nature of this Agreement.** I understand that, although Mattel will not countersign this Agreement, this Agreement is binding upon me according to its terms and is for the benefit of Mattel and its successors and assigns. This Agreement will also be binding according to its terms upon my heirs, executors, administrators, and other legal representatives.

(f)    **Applicable Laws; Jurisdiction; Venue.** This Agreement will be governed by and interpreted in accordance with the laws of the State of California, as such laws are applied to agreements entered into and performed entirely within California and between California residents. I hereby expressly consent to and waive personal jurisdiction of, and venue in, the state and federal courts located in Los Angeles, California, and I agree that any action or proceeding relating to this Agreement will be filed and prosecuted only in such courts.

**CONFIDENTIAL**                    Exhibit 7 , P. 57                    M 0262506



## EMPLOYEE CONFIDENTIALITY AND INVENTIONS AGREEMENT

(g)  **Injunctive Relief.**  My services are personal and unique and, as noted elsewhere in this Agreement, this Agreement is necessary to protect the legitimate business interests of Mattel.  Accordingly, notwithstanding the jurisdictional and venue provisions contained in Section 8(f), in the event of any threatened or actual breach of this Agreement by me, Mattel may file a lawsuit in any court with jurisdiction over the matter in order to prevent such a threatened breach or stop such an actual breach.  In addition, I acknowledge that any breach of this Agreement by me will cause irreparable harm to Mattel for which monetary damages could not reasonably or adequately compensate Mattel.  Therefore, I agree that Mattel will be entitled to injunctive relief to enforce this Agreement and/or court orders mandating my specific performance of this Agreement, all without bond or prejudice to any other rights and remedies that Mattel may have under this Agreement or by law.

(h)  **Severability.**  The terms and provisions in this Agreement are severable.  If any provision of this Agreement is held by a court of competent jurisdiction to be void, invalid, or unenforceable, then that provision will be enforced to the maximum extent permissible and the remaining terms and provisions of this Agreement will continue in full force and effect.

(i)  **Entire Agreement.**  This Agreement and the documents referred to herein constitute my entire agreement and understanding with respect to the subject matter of this Agreement, and they supersede all prior understandings and agreements, whether oral or written, between or among the parties hereto with respect to the specific subject matter hereof.

EMPLOYEE SIGNATURE:  *BEATRIZ MORALES*

EMPLOYEE NAME:  *BEATRIZ Morales*

DATE:  *03-22-04*

ENTERED

**CONFIDENTIAL**

Exhibit  7 , P. 58

M 0262507