1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Tel.: (213) 443-3000
6  Fax:  (213) 443-3100

7  Attorneys for Plaintiff and Counter-Defendant
   Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

12  | MATTEL, INC., a Delaware Corporation, | Case No. CV 04-09059 SGL (RNBx) |
|---|---|
13 | | [PUBLIC REDACTED] DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL'S MOTION FOR APPOINTMENT OF EXPERT WITNESSES |
| Plaintiff, | |
14 | | |
| v. | |
15 | | |
| CARTER BRYANT, an individual, MGA ENTERTAINMENT, INC., a California corporation, and, DOES 1 through 10, inclusive, | |
16 | | Hon. Stephen G. Larson |
17 | | |
18 | Defendants, | Hearing Date:     July 10, 2006
Time:             10:00 a.m.
Courtroom:        1 |
19 | | |
| CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public, | |
20 | | Discovery Cutoff:     None set
Pretrial Conf. Date:  None set
Trial Date:           None set |
21 | | |
22 | Counter-Claimant, | |
23 | v. | |
24 | MATTEL, INC., a Delaware Corporation, | |
25 | | |
26 | Counter-Defendant. | |

27

28

07209/1889601.3

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1. I am a member of the bars of the States of California, New York and Illinois and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of Mattel's Complaint in this action, which was filed on April 27, 2004 in Los Angeles County Superior Court and was personally served on Carter Bryant on April 30, 2004. Attached as Exhibit A to the Complaint is a true and correct copy of the Mattel Employee Confidential Information and Inventions Agreement signed by Carter Bryant on January 4, 1999. In the Employee Agreement, Bryant agreed that he would not, without Mattel's express written consent, "engage in any employment or business other than for [Mattel], or invest in or assist (in any manner) any business competitive with the business or future business plans of [Mattel]." In addition, Bryant assigned to Mattel all right, title and interest in "inventions," including without limitation "designs," that he conceived, created or reduced to practice during his employment by Mattel.

3. As set forth in the Complaint, in late November 2003, Mattel obtained a copy of a contract between Bryant and a Mattel competitor, MGA Entertainment, Inc. ("MGA"). That contract--which Bryant and MGA had entered into while Bryant was employed by Mattel--required Bryant to provide design services to MGA on a "top priority" basis. It also purported to grant MGA ownership of works produced by Bryant, both before and after the agreement's effective date. Attached as Exhibit 2 is a true and correct copy of the contract between Bryant and MGA (as obtained by Mattel).

07209/1889601.3

1          4.      Bryant filed a Cross-Complaint against Mattel on September 8,

2     2004.  Attached as Exhibit 3 hereto is a true and correct copy of Carter Bryant's

3     Cross-Complaint in this matter.

4          5.      On November 2, 2004, defendant Carter Bryant removed this

5     case to the District Court for the Central District of California.  Mattel filed a

6     Motion for Remand on December 1, 2004.  A true and correct copy of the Court's

7     Order Denying Plaintiff Mattel, Inc.'s Motion to Remand and Certifying Question

8     for Interlocutory Review, dated March 4, 2005, is attached as Exhibit 4.

9          6.      Attached hereto as Exhibit 5 is a true and correct copy of Judge

10    Manella's Order dated May 20, 2005, staying discovery in this action.

11         7.      Attached hereto as Exhibit 6 is a true and correct copy of the

12    Court's May 16, 2006 Order vacating the discovery stay in this action.

13         8.      Attached as Exhibit 7 are true and correct excepts from the

14    deposition of defendant Carter Bryant.

15         9.      Attached as Exhibit 8 is a true and correct copy of a letter dated

16    October 27, 2004 from Kirkland Garey, my colleague, to Keith Jacoby, confirming

17    aspects of the October 25, 2004 meet and confer in which Mr. Jacoby agreed to

18    allow Mattel to inspect original documents and tangible things.

19         10.     Attached as Exhibit 9 is a true and correct copy of Mr. Jacoby's

20    October 28, 2004 letter to Kirkland Garey, in which Mr. Jacoby states, "[y]ou can

21    come to my office for this inspection at 3:00 p.m. on Monday [November 1, 2004]."

22         11.     Attached as Exhibit 10 is a true and correct copy of my colleague

23    Jon Corey's letter to Keith Jacoby, dated November 1, 2004 and faxed on

24    November 2, 2004, requesting that Mr. Bryant have his originals available at his

25    deposition in Missouri.

26         12.     Attached as Exhibit 11 is a true and correct copy of an e-mail

27    message from Keith Jacoby dated November 3, 2004 in which he stated that "we

28    will have the originals sent to Missouri."

                                          -3-

1      13.    Despite the promises made by Bryant's counsel, Bryant brought

2   only the originals of documents bearing the Bates numbers BRYANT 00001-12,

3   00175-182, 184-192, 194-199, 201-213, 215-218, 220, 222-224, 226-227, 229-230,

4   232-246, 273-275, 1116-18, 1243, 1246-1247. These originals are but a small

5   fraction of the documents produced by Bryant in his initial production.

6   Additionally, with the exception of the documents bearing Bates numbers BRYANT

7   1116-18, Bryant has not produced these originals for Mattel's inspection and

8   photographing.

9      14.    Some of the original drawings that Bryant brought with him to

10   his deposition, including documents bearing the Bates numbers BRYANT 192 and

11   BRYANT 210, had holes in them, indicating that samples had been extracted for ink

12   and/or paper chemical dating analysis. This is reflected in Carter Bryant's

13   deposition testimony as well. See Exhibit 7 (Transcript of Deposition of Carter

14   Bryant, 459:13-460:16).

15      15.    Because of defendants' failure to produce all the originals for

16   inspection, Mattel filed a motion seeking to compel their production. Attached as

17   Exhibit 12 is a true and correct copy of the Joint Stipulation Re: Mattel, Inc's

18   Motion to Compel Inspection of Original Documents and Tangible Things ("Joint

19   Stipulation"), filed with the Court on February 18, 2005. Attached as Exhibit 13 is a

20   true and correct copy of an excerpt of the Declaration of Keith Jacoby that was filed

21   concurrently with the Joint Stipulation. This motion to compel is currently pending.

22      16.    Attached hereto as Exhibit 14 are true and correct excerpts of the

23   deposition of Jacqueline Ramona Prince.

24      17.    Several of Bryant's Bratz drawings bear handwritten dates.

25   Attached as Exhibit 15 are true and correct copies of documents produced by Bryant

26   in this action on August 12, 2004, and Bates numbered BRYANT 220, 222-224,

27   226-227, 229-230, and 233-234, which bear the handwritten date "8/1998."

28   Attached as Exhibit 16 is a true and correct copy of a document produced by MGA

07209/1889601.3

-4-

in this action on August 12, 2004, and Bates numbered MGA000477, which bears the handwritten date "June 2000" at the bottom.  Attached as Exhibit 17 are true and correct copies of documents produced by Bryant in this action on August 12, 2004, and Bates numbered BRYANT 192, 194, 201-202, 204, 207-208, 210-211, 214-215 and 301, which bear the handwritten date "8/26/99."  Attached hereto as Exhibit 18 is a true and correct copy of a document produced by Bryant in this action on August 12, 2004, and Bates numbered BRYANT 197, which bears the handwritten date "8/27/99."

18.    Attached hereto as Exhibit 19 are true and correct excerpts from Victoria O'Connor's Deposition Transcript.

19.    Attached hereto as Exhibit 20 are true and correct excerpts of the deposition of Anna Rhee.

20.    During the six months from August 2004 (when MGA made its initial production in this case) to January 2005, MGA produced only 8 pages of payment records relating to work that Rhee had performed for MGA in 2000.  True and correct copies of those documents, as produced by MGA, are attached hereto as Exhibit 21.  MGA produced nothing relating to work Rhee had done for MGA prior to December 2000.

21.    On January 7, 2005, pursuant to subpoena, Anna Rhee produced documents that further confirmed that MGA's production in fact was deficient.  Her production included some 20 separate invoices for work that she had performed on MGA projects before January 1, 2001 alone.  These invoices further reflect that she performed work for MGA on at least seven separate occasions prior to Bryant's departure from Mattel--including one invoice dated as early as June 12, 2000.  Attached hereto as Exhibit 22 are true and correct excerpts from Ms. Rhee's production.

22.    It was only on the evening of January 28, 2005, after Ms. Rhee's production, that MGA produced some internal documents relating to work

07209/1889601.3

DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL'S MOTION FOR APPOINTMENT OF EXPERT WITNESSES

1  performed by Ms. Rhee during the June-October 2000 period.  True and correct
2  copies of examples of these documents are attached as Exhibit 23.  These records
3  purport to show that Ms. Rhee's work during that time period related to a project
4  allegedly known as "Angel" and/or "Prayer Angels."

5          23.    Bryant has produced documents that suggest that he
6  affirmatively omitted information about their sources and the manner in which they
7  were kept.  For example, attached hereto as Exhibit 24 is a true and correct copy of a
8  faxed document dated April 10, 2000 (as produced by Bryant on August 12, 2004 as
9  BRYANT 00167).  The document appears to be Bratz designs.  Although the header
10 on the fax indicates that it is the third page of a fax transmission, neither the first nor
11 the second page of the transmission were produced, nor were any subsequent pages
12 produced.  Moreover, even though the fax header on the produced page has fields
13 for both the sender's name and the sender's telephone number, neither the name of
14 the sender nor the sender's telephone number appears in the fax header, and no cover
15 sheet for the fax was produced.

16         24.    On March 11, 2005, I wrote to counsel for defendants asking
17 them to stipulate to the appointment of independent experts.  A true and correct
18 copy of my March 11, 2005 letter is attached as Exhibit 25.  A true and correct copy
19 of Paula Ambrosini's March 29, 2005 letter in response is attached as Exhibit 26.

20

21         I declare under penalty of perjury under the laws of the State of
22 California and the United States of America that the foregoing is true and correct.
23         Executed this 19th day of June, 2006 at Los Angeles, California.

24

25                                                    Michael T. Zeller

26

27

28

07209/1889601.3

                                              -6-