

8/1998

ATTORNEY'S EYES
ONLY

BRYANT 00229

EXHIBIT 15 PAGE 278



To give Zoe a whole new look for night, change her short dark brown hairstyle to her long blonde hairdo (included), change her pants to a skirt (also included) and change her sneakers to platform sandals (you get those too!)

8/1998

ATTORNEY'S EYES ONLY

BRYANT 00223

EXHIBIT 15 PAGE 279



8/1998

ATTORNEY'S EYES
ONLY

BRYANT 00224

EXHIBIT 15  PAGE 280



8/1998

ATTORNEY'S EYES
ONLY

BRYANT 00226

EXHIBIT 15 PAGE 281



8/1998

ATTORNEY'S EYES
ONLY

BRYANT 00227

EXHIBIT 15 PAGE 282



8/1998

ATTORNEY'S EYES ONLY

BRYANT 00229

EXHIBIT 15 PAGE 283



?/1998

ATTORNEY'S EYES ONLY

BRYANT 00230

EXHIBIT 15 PAGE 284



8/1998

ATTORNEY'S EYES
ONLY

BRYANT 00233

EXHIBIT 15 PAGE 285



8/1998

ATTORNEY'S EYES ONLY

BRYANT 00234

EXHIBIT 15 PAGE 286

**EXHIBIT 16**



EXHIBIT 16 PAGE 284

MGA000477

ATTORNEY'S EYES ONLY

All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO

JUNE 2000
Contract date . 4/13/2000

BLUEBIRD

**EXHIBIT 17**



JADE

LUPE

ZOE

HULLYDAY

ATTORNEY'S EYES ONLY

BRYANT 00192

EXHIBIT 17 PAGE 288



ATTORNEY'S EYES
ONLY

BRYANT 00194

EXHIBIT 17 PAGE 289



JADE

ATTORNEY'S EYES ONLY

BRYANT 00201

EXHIBIT 17 PAGE 290



ATTORNEY'S EYES
ONLY

BRYANT 00202

EXHIBIT 17 PAGE 291



ATTORNEY'S EYES
ONLY

BRYANT 00204

EXHIBIT 17 PAGE 292



JARED

ATTORNEY'S EYES ONLY

BRYANT 00207

EXHIBIT 17 PAGE 293



ZoE

ATTORNEY'S EYES ONLY

BRYANT 00208

EXHIBIT 17 PAGE 294



ATTORNEY'S EYES ONLY

BRYANT 00210

EXHIBIT 17 PAGE 295



? 90%?

ATTORNEY'S EYES ONLY

BRYANT 00211

EXHIBIT 17 PAGE 296



ATTORNEY'S EYES
ONLY

BRYANT 00214

EXHIBIT 17 PAGE 297



ATTORNEY'S EYES
ONLY

BRYANT 00215

EXHIBIT 17 PAGE 298



ATTORNEY'S EYES
ONLY

BRYANT 00301

EXHIBIT 17 PAGE 299

**EXHIBIT 18**





ATTORNEY'S EYES
ONLY

BRYANT 00197

EXHIBIT 18 PAGE 300

**EXHIBIT 19**

ORIGINAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., A DELAWARE CORPORATION,                    )
                                                        )
                         PLAINTIFF,                     )
                                                        )
              V.                                        )      NO.  CV 04-9059 DDP (AJWX)
                                                        )
CARTER BRYANT, AN INDIVIDUAL, AND DOES 1 THROUGH 10, INCLUSIVE,    )
                                                        )
                         DEFENDANTS.                    )
_____ )

**C O N F I D E N T I A L**

**(PAGES 1 - 83, 125 – 159, 166 – 168, 173 – 180 AND 203 – 216)**

**DEPOSITION OF VICTORIA O'CONNOR**

**DECEMBER 6, 2004**



REPORTED BY
PAULA A. PYBURN
CSR. NO.  7304
JOB NO. 04AE373-PP

COURT REPORTERS
888 W. Sixth Street
9th Floor
Los Angeles, california 90017
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT 19  PAGE 301

DEPOSITION OF VICTORIA O'CONNOR

1   WHEN I WAS EMPLOYED DURING MGA, IS THAT -- THE ONLY

2   THING I WAS -- I WAS UNDERSTOOD, THAT THIS -- THAT'S

3   NOW NULL AND VOID BECAUSE OF THE SUBPOENA; THAT THE

4   ONLY THING THAT WOULD BE PRIVILEGED WOULD BE ANY

5   CONVERSATIONS I HAD WITH COUNSEL DURING MY TENURE AT        09:53AM

6   MGA.

7          MR. QUINN:  I'M SURE COUNSEL WILL AGREE

8   WITH ME THAT INFORMATION THAT IS CONFIDENTIAL --

9   SETTING ASIDE ATTORNEY-CLIENT PRIVILEGED

10  INFORMATION, ATTORNEY -- INFORMATION THAT IS             09:53AM

11  OTHERWISE CONFIDENTIAL IS SUBJECT TO DISCOVERY AND

12  YOU HAVE TO ANSWER.

13         WE HAVE IN PLACE IN THIS CASE AN

14  AGREED-UPON -- WHAT'S CALLED A STIPULATED PROTECTIVE

15  ORDER, WHICH PROVIDES THAT IF THERE IS CONFIDENTIAL      09:53AM

16  INFORMATION, IT CAN BE TREATED IN A CERTAIN WAY, SO

17  IT CAN ONLY BE USED FOR THE PURPOSE OF THIS CASE AND

18  CAN'T BE DISCLOSED TO OTHER PEOPLE, AND IF WE GET TO

19  SOMETHING LIKE THAT, COUNSEL MIGHT WELL SAY, I WANT

20  THIS QUESTION AND ANSWER TO BE PART OF THE              09:53AM

21  CONFIDENTIALITY PROVISIONS OF THE PROTECTIVE ORDER,

22  AND THEN THE PROTECTIVE ORDER PROVIDES THAT, YOU

23  KNOW, THERE'S LIMITATIONS ON USE.  BUT IN ESSENCE,

24  WHAT YOU SAID IS RIGHT.

25         THE WITNESS:  OKAY.                              09:54AM

                                                    12

DEPOSITION OF VICTORIA O'CONNOR

```
 1   BY MR. QUINN:
 2        Q.   LET ME BEGIN THEN WITH YOUR -- YOUR
 3   PREVIOUS ASSOCIATION WITH MGA.  AS I UNDERSTAND IT,
 4   YOU WERE EMPLOYED BY MGA DURING SOME TIME PERIOD?
 5        A.   YES.                                        09:54AM
 6        Q.   COULD YOU TELL US WHAT TIME PERIOD THAT
 7   WAS?
 8        A.   APRIL 5TH, 1999, THROUGH FEBRUARY 15TH,
 9   2003.
10        Q.   SO IS THAT -- IF I HEARD YOU CORRECTLY,    09:54AM
11   THAT'S A LITTLE BIT SHORT OF FOUR YEARS; IS THAT
12   RIGHT?
13        A.   CORRECT.
14        Q.   DURING THAT TIME PERIOD DID -- AT MGA WAS
15   THERE AN IN-HOUSE LAWYER ON STAFF AT MGA?           09:54AM
16        A.   DURING WHICH TIME?
17        Q.   DURING THE -- THE PERIOD THAT YOU WERE
18   EMPLOYED THERE.
19        A.   THE ENTIRE TIME?
20        Q.   YES.                                        09:54AM
21        A.   NO.
22        Q.   AT ANY POINT --
23        A.   YES.
24        Q.   -- DURING THE TIME YOU WERE EMPLOYED?
25             CAN YOU TELL ME WHAT -- ROUGHLY WHEN IT WAS 09:55AM
```

EXHIBIT 19 PAGE 303          13

DEPOSITION OF VICTORIA O'CONNOR

1   THAT THERE WAS AN IN-HOUSE LAWYER AT MGA?

2        A.   I DON'T RECALL WHICH YEAR.

3        Q.   CAN YOU TELL US ROUGHLY, APPROXIMATELY?

4        A.   MAYBE THE END OF 2001 OR 2002.

5        Q.   THE END OF ONE OF THOSE TWO YEARS --          09:55AM

6        A.   YES.

7        Q.   -- OR --

8        A.   END OF 2001 OR BEGINNING OF 2002.

9        Q.   SO BEFORE WHENEVER THAT WAS, EITHER END OF

10   2001 OR BEGINNING OF 2002, IS IT TRUE THAT THERE WAS      09:55AM

11   NOT AN IN-HOUSE LAWYER ON STAFF AT MGA?

12       A.   YES.

13       Q.   AND AFTER THAT PERIOD THERE WAS AN IN-HOUSE

14   LAWYER ON STAFF?

15       A.   YES.                                            09:55AM

16       Q.   WHAT WAS THAT INDIVIDUAL'S NAME?

17       A.   I DON'T REMEMBER HER NAME.

18       Q.   WELL, WAS IT A HER?

19       A.   IT WAS A HER.

20       Q.   AND WHATEVER HER NAME WAS, DID SHE -- DID      09:56AM

21   SHE HAVE A -- WAS SHE LIKE GENERAL COUNSEL, IS THAT

22   HOW SHE WAS REFERRED --

23       A.   YES.

24       Q.   -- TO?

25            AND DID SHE REMAIN IN THAT POSITION OF         09:56AM

EXHIBIT 19 PAGE 304

14

DEPOSITION OF VICTORIA O'CONNOR

1   NAME OF CARTER BRYANT?

2       A.   YES.

3       Q.   AND DID YOU HAVE ANY DEALINGS WITH A

4   PRODUCT KNOWN AS BRATZ?

5       A.   YES.                                          09:59AM

6       Q.   WERE YOU EVER ASKED TO DO ANYTHING RELATING

7   TO CARTER BRYANT OR HIS RELATIONSHIP WITH MGA THAT

8   MADE YOU KIND OF UNCOMFORTABLE?

9           MR. JACOBY:  OBJECTION.  VAGUE.

10          MS. TORRES:  OBJECTION.  VAGUE, AND I'M       09:59AM

11  GOING TO DESIGNATE FROM HERE ON IN AS SUBJECT TO THE

12  CONFIDENTIALITY AND PROTECTIVE ORDER.

13          MR. QUINN:  THAT'S FINE, THAT'S THE PRO- --

14  PROTECTIVE ORDER I WAS TELLING YOU ABOUT.

15          THE WITNESS:  OKAY.                            09:59AM

16  BY MR. QUINN:

17      Q.   SO THIS CAN'T BE SHARED EXCEPT WITH A

18  CERTAIN LIMITED CLASS OF PEOPLE INVOLVED IN THIS

19  CASE, AND IF IT GETS FILED WITH THE COURT -- I THINK

20  IT HAS TO BE FILED UNDER SEAL; IS THAT RIGHT?        09:59AM

21          MR. ZELLER:  THAT'S CORRECT.

22  BY MR. QUINN:

23      Q.   SO IT'S BASICALLY FOR -- WHAT YOU'RE GOING

24  TO SAY NOW IS JUST --

25      A.   BUT IT STILL CAN BE ANSWERED?               09:59AM

EXHIBIT 19 PAGE 305

17

A & E COURT REPORTERS   (213)955-0070   FAX: (213)955-0077

DEPOSITION OF VICTORIA O'CONNOR

| | | |
|---|---|---|
| 1 | Q.   YES.   YOU STILL -- | |
| 2 | A.   OKAY. | |
| 3 | Q.   -- HAVE TO ANSWER THE QUESTION. | |
| 4 | A.   CAN YOU BE MORE SPECIFIC? | |
| 5 | Q.   NO, NOT REALLY.   WAS THERE EVER ANYTHING | 09:59AM |
| 6 | THAT YOU WERE ASKED TO DO THAT YOU -- MADE YOU FEEL | |
| 7 | KIND OF UNCOMFORTABLE? | |
| 8 | A.   YES. | |
| 9 | MS. TORRES:   OBJECTION.   VAGUE. | |
| 10 | MR. JACOBY:   SAME OBJECTION. | 09:59AM |
| 11 | BY MR. QUINN: | |
| 12 | Q.   AND WHAT WAS THAT? | |
| 13 | A.   WHEN THE ORIGINAL CONTRACT WAS EXECUTED BY | |
| 14 | CARTER BRYANT, IT WAS SENT TO ME VIA FAX, AND ON THE | |
| 15 | TOP OF THE FAX LISTED THE PHONE NUMBER FROM WHERE IT | 10:00AM |
| 16 | WAS FAXED, WHICH SAID "BARBIE COLLECTIBLES," AND AT | |
| 17 | ONE POINT MY BOSS, ISAAC LARIAN, ASKED ME TO WHITE | |
| 18 | THAT OUT AND SEND IT TO A LAWYER, PATTY GLASER. | |
| 19 | MS. TORRES:   NOW I'M GOING TO INSTRUCT THE | |
| 20 | WITNESS NOT TO ANSWER WITH RESPECT TO ANY | 10:00AM |
| 21 | COMMUNICATIONS SHE MAY HAVE HAD WITH COUNSEL FOR | |
| 22 | MGA. | |
| 23 | MR. QUINN:   WELL, WE'LL GET TO THAT AS TO | |
| 24 | WHETHER YOU CAN ACTUALLY MAKE THAT INSTRUCTION, BUT, | |
| 25 | I MEAN, AT THIS POINT -- | 10:00AM |

EXHIBIT 19 PAGE 306          18

DEPOSITION OF VICTORIA O'CONNOR

1    Q.    DID YOU DO WHAT HE ASKED, DID YOU -- DID

2    YOU WHITE OUT THE LINE THAT SAID "BARBIE

3    COLLECTIBLES"?

4    A.    YES.

5    Q.    DID YOU HAVE ANY DISCUSSION WITH MR. LARIAN          10:01AM

6    AS TO WHY HE WANTED YOU TO WHITE THAT LINE OUT?

7    A.    I DON'T RECALL.

8    Q.    ARE YOU SAYING THAT YOU DON'T RECALL THE

9    SUBSTANCE OF THE DISCUSSION, OR THAT YOU DON'T

10   RECALL WHETHER YOU DISCUSSED THAT SUBJECT AT ALL?         10:01AM

11   A.    I -- I DON'T RECALL THE SUBSTANCE.

12   Q.    SO YOU DO KNOW YOU DISCUSSED THAT

13   INSTRUCTION WITH MR. LARIAN; YOU JUST DON'T RECALL

14   THE SUBSTANCE; IS THAT TRUE?

15   A.    YES.                                                10:01AM

16   Q.    DID YOU DISCUSS THAT WITH MR. LARIAN ONCE

17   OR MORE THAN ONCE, THAT INSTRUCTION TO WHITE OUT THE

18   "BARBIE COLLECTIBLES" HEADING ON THE DOCUMENT?

19   A.    I DON'T RECALL.

20   Q.    DID YOU EVER DISCUSS THAT SUBJECT WITH            10:01AM

21   ANYBODY ELSE AT MGA?

22   MS. TORRES:  I'M GOING TO INSTRUCT THE

23   WITNESS NOT TO ANSWER TO THE EXTENT IT INVOLVES

24   CONVERSATIONS WITH COUNSEL.

25   THE WITNESS:  I DON'T RECALL.                          10:01AM

EXHIBIT 19 PAGE 307 19

DEPOSITION OF VICTORIA O'CONNOR

```
1    BY MR. QUINN:
2        Q.   DID YOU EVER DISCUSS THAT SUBJECT -- I'M
3    JUST ASKING -- ASKING ABOUT THE SUBJECT NOW, NOT ANY
4    OF THE CONTENT -- WITH ANY ATTORNEY FOR MGA?
5            MS. TORRES:  THAT SAME -- SAME INSTRUCTION.     10:02AM
6            THE WITNESS:  I ACTUALLY DON'T RECALL.
7    BY MR. QUINN:
8        Q.   WHY -- WHY WAS IT A CONCERN TO YOU THAT
9    THIS CONTRACT SIGNED BY CARTER BRYANT AND WHEN IT
10   CAME OVER THE FAX IT HAD THE HEADING AT THE TOP OF    10:02AM
11   "BARBIE COLLECTIBLES," WHY WAS THAT OF CONCERN TO
12   YOU?
13       A.   BECAUSE --
14           MS. TORRES:  OBJECTION.  MISSTATES THE
15   WITNESS'S TESTIMONY.                                   10:02AM
16   BY MR. QUINN:
17       Q.   GO AHEAD.
18       A.   I WAS CONCERNED BECAUSE HE WAS STILL
19   EMPLOYED AT MATTEL AT THE TIME THE CONTRACT WAS
20   EXECUTED.                                              10:02AM
21       Q.   DID YOU EXPRESS THAT CONCERN TO ANYBODY AT
22   MGA?
23       A.   I'M SURE I DID, BUT I DON'T RECALL SPECIFIC
24   CONVERSATIONS.
25       Q.   OKAY.  EVEN THOUGH YOU DON'T RECALL          10:02AM
```

EXHIBIT 19 PAGE 308   20

A & E COURT REPORTERS  (213)955-0070  FAX: (213)955-0077

DEPOSITION OF VICTORIA O'CONNOR

1   SPECIFIC CONVERSATIONS, CAN YOU IDENTIFY FOR ME A

2   CLASS OF PEOPLE WHO YOU BELIEVE YOU DISCUSSED THAT

3   WITH?

4       A.   WHAT DO YOU MEAN BY "CLASS"?

5       Q.   WELL, A GROUP, THE PEOPLE WHO YOU -- YOU          10:03AM

6   BELIEVE YOU DISCUSSED IT WITH, EVEN IF YOU CAN'T

7   RECALL THE SPECIFICS OF THE DISCUSSION.

8            MR. JACOBY:   OBJECTION.   ASSUMES FACTS NOT

9   IN EVIDENCE.

10           THE WITNESS:   IT WAS PROBABLY ONE OR TWO        10:03AM

11  INDIVIDUALS; I DON'T REMEMBER IT BEING MORE THAN

12  THAT.

13  BY MR. QUINN:

14      Q.   ALL RIGHT.   AND WHO -- WHO ARE THE ONE OR

15  TWO INDIVIDUALS THAT YOU'RE THINKING OF THAT YOU      10:03AM

16  PROBABLY DISCUSSED IT WITH?

17      A.   ISAAC LARIAN AND PAULA TREANTAFELLES,

18  SPELLED T-R-E-A-N-T-A-F-E-L-L-E-S.

19      Q.   AND THAT'S THE BEST OF YOUR RECOLLECTION?

20      A.   YES.                                            10:03AM

21      Q.   DO YOU BELIEVE THAT YOU DISCUSSED THE FACT

22  THAT MR. BRYANT WAS STILL EMPLOYED BY MATTEL WITH

23  MR. LARIAN ONCE OR MORE THAN ONCE?

24      A.   I'M SORRY, REPEAT THE QUESTION.

25      Q.   DO YOU BELIEVE THAT YOU DISCUSSED THE FACT      10:04AM

EXHIBIT 19 PAGE 309  21

# DEPOSITION CORRECTION SHEET

CASE NAME: MATTEL   v. CARTER BRYANT

DEPOSITION OF: VICTORIA O'Connor

DEPOSITION DATE: 12/6/04

I declare under **penalty of perjury** that I have read the foregoing _143_ pages of my deposition testimony, taken on ___12/6/04___ at 865 S. FIGUEROA ST. 10th FL. , LOS ANGELES , California, and that the same is a **true record and testimony** given by me at the time and place hereinabove set forth, with the following exceptions:

**PAGE # : LINE #   CORRECTION/CHANGES TO BE MADE**

73 : 5   FROM _YOU_
        TO _I_

175 : 11  FROM _CAMI_
        TO _KAMI_

  :   FROM ___
      TO ___

  :   FROM ___
      TO ___

  :   FROM ___
      TO ___

  :   FROM ___
      TO ___

  :   FROM ___
      TO ___

  :   FROM ___
      TO ___

  :   FROM ___
      TO ___

_Victoria O'Connor_                    _1/7/05_
**SIGNATURE OF DEPONENT**              **DATE**

EXHIBIT 19 PAGE 310

## DEPOSITION CORRECTION SHEET

CASE NAME: _MATTEL_ v. _CARTER BRYANT_

DEPOSITION OF: _VICTORIA O'CONNOR_

DEPOSITION DATE: _12/6/09_

I declare under **penalty of perjury** that I have read the foregoing _109_ pages of my deposition testimony, taken on _12/6/09_ at _865 S. FIGUEROA St. 10th Fl. LOS ANGELES_, California, and that the same is a **true record and testimony** given by me at the time and place hereinabove set forth, with the following exceptions:

**PAGE # : LINE #   CORRECTION/CHANGES TO BE MADE**

162 : 4   FROM _FRANKIE_
          TO _FRANKi_

172 : 13  FROM _CAMi_
          TO _KAMi_

173 : 13  FROM _CAMi_
          TO _KAMi_

193 : A   FROM _CAMi_
          TO _KAMi_

220 : 25  FROM _IR_
          TO _____

243 : 17  FROM _GEM_
      21  TO _JEM_

    :     FROM _____
          TO _____

    :     FROM _____
          TO _____

_Victoria O'Connor_                 _1/7/05_
**SIGNATURE OF DEPONENT**            **DATE**

EXHIBIT _19_ PAGE _311_

DEPOSITION OF VICTORIA O'CONNOR

```
 1   STATE OF CALIFORNIA      )

 2   COUNTY OF LOS ANGELES  )  SS.

 3

 4       I, PAULA A. PYBURN, CSR NO. 7304, RPR, IN AND

 5   FOR THE STATE OF CALIFORNIA, DO HEREBY CERTIFY:

 6       I AM THE DEPOSITION OFFICER THAT

 7   STENOGRAPHICALLY RECORDED THE TESTIMONY IN THE

 8   FOREGOING DEPOSITION;

 9       PRIOR TO BEING EXAMINED THE DEPONENT WAS FIRST

10   DULY SWORN BY ME;

11       THE FOREGOING TRANSCRIPT IS A TRUE RECORD OF THE

12   TESTIMONY GIVEN.

13       BEFORE COMPLETION OF THE DEPOSITION, REVIEW OF

14   THE TRANSCRIPT [X] WAS [ ] WAS NOT REQUESTED.  IF

15   REQUESTED, ANY CHANGES MADE BY THE DEPONENT (AND

16   PROVIDED TO THE REPORTER) DURING THE PERIOD ALLOWED

17   ARE APPENDED HERETO.

18

19

20   DATED December 21, 2004.

21

22

23

24

25
```

EXHIBIT 19 PAGE 3/2   216

EXHIBIT 20

CERTIFIED COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., A DELAWARE  )
CORPORATION,              )
                          )
        PLAINTIFF,        )
                          )
    VS.                   )  NO. CV 04-9059 NM(RNBX)
                          )
CARTER BRYANT, AN         )
INDIVIDUAL; AND DOES 1    )
THROUGH 10, INCLUSIVE,    )
                          )
    DEFENDANTS.           )
_____)
                          )
AND RELATED COUNTER-CLAIM.)
_____)

CONFIDENTIAL TRANSCRIPT

VOLUME I

DEPOSITION OF ANNA RHEE

LOS ANGELES, CALIFORNIA

THURSDAY, FEBRUARY 3, 2005

REPORTED BY:

KAREN E. KAY
C.S.R. NO. 3862, R.M.R., C.R.R.

JOB NO.
C40593LMF

**LUDWIG KLEIN**
REPORTERS & VIDEO INC.
10868 KLING STREET
TOLUCA LAKE, CALIFORNIA 91602
800.540.0681      Fax 818.508.6326
e-mail: lois@ludwigklein.com

EXHIBIT 20 PAGE 313

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | MR. WICKHAM:  OKAY. | 01:38:54 |
| 2 | Q   I'D LIKE TO TURN SHARPLY TO THE FREELANCE | 01:38:58 |
| 3 | SERVICES THAT YOU HAVE HAD -- STRIKE THAT. | 01:39:01 |
| 4 | I WANT TO TURN TO THE FREELANCE SERVICES | 01:39:05 |
| 5 | YOU PROVIDED TO M.G.A., OKAY?  AT THIS POINT I'LL | 01:39:08 |
| 6 | DESIGNATE ON A GOING-FORWARD BASIS THE TRANSCRIPT AS | 01:39:12 |
| 7 | ATTORNEYS' EYES ONLY, SO NOW ALL THIS TESTIMONY WILL | 01:39:15 |
| 8 | BE SUBJECT TO THE ATTORNEYS'- EYES-ONLY ASPECT OF | 01:39:18 |
| 9 | THE PROTECTIVE ORDER. | 01:39:21 |
| 10 | A   OKAY. | 01:39:26 |
| 11 | MR. BERMAN:  COULD YOU HOLD FOR ONE SECOND. | 01:39:28 |
| 12 | (MR. BERMAN CONFERS WITH THE WITNESS.) | 09:16:47 |
| 13 | (PAGE 105 TO 229 IS CONFIDENTIAL AND BOUND | 10:34:15 |
| 14 | UNDER SEPARATE COVER.) | 10:34:15 |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |

EXHIBIT 2D PAGE 314

104

NONCONFIDENTIAL TRANSCRIPT - VOLUME I

1  BY MR. WICKHAM:

2     Q    COULD YOU PLEASE TAKE OUT EXHIBIT 201, THE        01:39:38

3  THICK ONE.  OKAY.  WOULD YOU PLEASE LOOK AT THE VERY       01:39:42

4  FIRST PAGE OF EXHIBIT 201.  DO YOU HAVE THAT IN            01:39:54

5  FRONT OF YOU?                                              01:39:56

6     A    YES, I DO.                                         01:39:57

7     Q    DOES THIS EXHIBIT REFER TO YOUR VERY FIRST         01:39:59

8  PROJECT OR ASSIGNMENT FOR M.G.A.?                          01:40:03

9     A    YES, IT IS.                                        01:40:07

10    Q    THE WRITING THAT APPEARS ON THIS DOCUMENT,         01:40:10

11 DO YOU RECOGNIZE THAT WRITING?                             01:40:12

12    A    YES.                                               01:40:15

13    Q    AND WHOSE WRITING IS IT, SO FAR AS YOU             01:40:15

14 KNOW?                                                      01:40:18

15    A    ME.                                                01:40:19

16    Q    OKAY.  SO THE PRINTING UP NEAR THE TOP             01:40:21

17 WHERE IT SAYS "ANNA RHEE" WITH THE ADDRESS ON FORD         01:40:24

18 AVENUE, IS THAT YOUR PRINTING?                             01:40:28

19    A    DEFINITELY.                                        01:40:30

20    Q    AND THE INFORMATION CONCERNING THE                 01:40:31

21 QUANTITY, DESCRIPTION, PRICE, AMOUNT, ET CETERA,           01:40:34

22 THAT'S IN YOUR PRINTING?                                   01:40:37

23    A    YES.                                               01:40:39

24    Q    NOW, THE SECTION IN THE MIDDLE OF THE              01:40:40

25 DOCUMENT THAT SAYS, "REQUEST BY KERRI LEGG," DO YOU        01:40:43

105

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | SEE THAT THERE? | 01:40:46 |
| 2 | A    YEP. | 01:40:48 |
| 3 | Q    IS THAT IN YOUR HANDWRITING? | 01:40:49 |
| 4 | A    YES. | 01:40:54 |
| 5 | Q    OKAY.  GREAT.  ALL RIGHT.  SO YOU CREATED | 01:40:55 |
| 6 | ALL THE INFORMATION THAT'S ON THIS DOCUMENT? | 01:40:56 |
| 7 | MR. BERMAN:  OBJECTION.  SHE CREATED THE | 01:40:58 |
| 8 | HANDWRITING.  SHE DID NOT CREATE -- THE INFORMATION | 01:41:00 |
| 9 | IS DIFFERENT.  SHE WROTE IT. | 01:41:03 |
| 10 | MR. WICKHAM:  THANK YOU FOR THE | 01:41:05 |
| 11 | CLARIFICATION, COUNSEL. | 01:41:06 |
| 12 | THE WITNESS:  YES. | 01:41:09 |
| 13 | BY MR. WICKHAM: | |
| 14 | Q    COULD YOU TELL ME HOW YOU WERE FIRST | 01:41:11 |
| 15 | REFERRED TO M.G.A. TO DO FREELANCE WORK? | 01:41:15 |
| 16 | A    CARTER BRYANT ASKED ME. | 01:41:22 |
| 17 | Q    THIS ANGEL FACE THING? | 01:41:30 |
| 18 | A    YES. | 01:41:33 |
| 19 | Q    DO YOU KNOW A WOMAN BY THE NAME OF VERONICA | 01:41:36 |
| 20 | MARLOW? | 01:41:39 |
| 21 | A    I KNOW HER A LITTLE BIT. | 01:41:45 |
| 22 | Q    OKAY.  DID A WOMAN BY THE NAME OF VERONICA | 01:41:47 |
| 23 | MARLOW CONTACT YOU ABOUT DOING SOME WORK ON THIS | 01:41:51 |
| 24 | ANGEL FACE PROJECT? | 01:41:58 |
| 25 | MR. BERMAN:  OBJECT.  ASSUMES FACTS NOT IN | 01:41:59 |

106

CONFIDENTIAL TRANSCRIPT - VOLUME I   EXHIBIT 20 PAGE 316

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | EVIDENCE. | 01:42:01 |
| 2 | THE WITNESS:  NO. | 01:42:03 |
| 3 | BY MR. WICKHAM: | |
| 4 | Q    OKAY.  SO YOUR BEST RECOLLECTION IS THAT | 01:42:04 |
| 5 | CARTER BRYANT HAD REFERRED YOU TO M.G.A.? | 01:42:06 |
| 6 | A    DEFINITELY. | 01:42:09 |
| 7 | Q    OKAY.  AND SPECIFICALLY THAT HE HAD | 01:42:11 |
| 8 | REFERRED YOU TO M.G.A., WHICH ULTIMATELY LED TO YOU | 01:42:13 |
| 9 | DOING THIS WORK ON THE ANGEL FACE PROJECT? | 01:42:16 |
| 10 | MR. BERMAN:  I'M GOING TO OBJECT.  IT | 01:42:21 |
| 11 | ASSUMES FACTS NOT IN EVIDENCE ON THE ANGEL FACE | 01:42:22 |
| 12 | PROJECT.  IT SAYS "[READING:]  ANGEL BABY DOLL | 01:42:24 |
| 13 | HEADS."  YOU'RE SAYING IT'S ANGEL FACE. | 01:42:28 |
| 14 | THE WITNESS:  YEP. | 01:42:33 |
| 15 | BY MR. WICKHAM: | |
| 16 | Q    OKAY.  WELL, TELL ME ABOUT THE FIRST | 01:42:33 |
| 17 | CONVERSATION THAT YOU HAD WITH CARTER BRYANT | 01:42:36 |
| 18 | ABOUT -- THAT ULTIMATELY LED TO THE INVOICE THAT'S | 01:42:39 |
| 19 | THE FIRST PAGE OF EXHIBIT 201. | 01:42:43 |
| 20 | A    THE FIRST CONVERSATION THAT WE HAD? | 01:42:49 |
| 21 | Q    YES.  THAT LED TO THIS FORM. | 01:42:50 |
| 22 | A    I THINK IT WAS -- LET ME THINK WHAT IT WAS. | 01:43:03 |
| 23 | GIVE ME A SECOND.  I THINK I WAS AT HIS HOUSE, AND | 01:43:09 |
| 24 | HE MENTIONED THAT HE HAD LIKE A SECRET PROJECT, WAS | 01:43:19 |
| 25 | A BIG, BIG, BIG SECRET, AND -- AND HE TOLD ME IT | 01:43:28 |

107

CONFIDENTIAL TRANSCRIPT - VOLUME I  EXHIBIT 20 PAGE 3/7

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | WOULD BE COMING UP AND WOULD I WANT TO DO IT.  AND I | 01:43:32 |
| 2 | SAID, "SURE.  NO PROBLEM."  THEN LATER ON HE BROUGHT | 01:43:35 |
| 3 | IT TO MY HOUSE. | 01:43:38 |
| 4 | Q    AND THAT'S THIS ANGEL DOLL HEADS? | 01:43:41 |
| 5 | MR. ZELLER:  OBJECTION. | 01:43:47 |
| 6 | THE WITNESS:  YEAH. | 01:43:49 |
| 7 | BY MR. WICKHAM: | |
| 8 | Q    OKAY.  AND WHAT WERE THESE ANGEL DOLL | 01:43:52 |
| 9 | HEADS? | 01:43:56 |
| 10 | A    BRATZ. | 01:43:57 |
| 11 | Q    "BRATZ"? | 01:43:58 |
| 12 | A    YEAH. | 01:43:59 |
| 13 | MR. BERMAN:  I'M GOING TO OBJECT THAT THAT | 01:43:59 |
| 14 | WAS ARGUMENTATIVE. | 01:44:00 |
| 15 | BY MR. WICKHAM: | |
| 16 | Q    CAN YOU TELL ME WHERE ON THE FIRST PAGE OF | 01:44:04 |
| 17 | EXHIBIT 201 THAT YOU SEE SOMETHING IN HERE THAT | 01:44:07 |
| 18 | MAKES YOU BELIEVE THAT THIS PARTICULAR INVOICE | 01:44:11 |
| 19 | RELATES TO BRATZ? | 01:44:13 |
| 20 | A    IT DOESN'T.  IT DOESN'T. | 01:44:19 |
| 21 | Q    OKAY.  DO YOU KNOW WHAT AN ANGEL BABY DOLL | 01:44:23 |
| 22 | HEAD IS? | 01:44:25 |
| 23 | MR. ZELLER:  OBJECT.  THE QUESTION IS | 01:44:31 |
| 24 | VAGUE. | 01:44:32 |
| 25 | THE REPORTER:  EXCUSE ME? | 01:44:32 |

108
CONFIDENTIAL TRANSCRIPT - VOLUME I  EXHIBIT 20 PAGE 312

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | MR. ZELLER:  I SAID, "THE QUESTION IS | 01:44:32 |
| 2 | VAGUE." | 01:44:32 |
| 3 | THE WITNESS:  I DON'T REMEMBER THIS. | 01:44:42 |
| 4 | BY MR. WICKHAM: | 01:44:43 |
| 5 | Q    DO YOU EVER REMEMBER WORKING ON AN ANGEL | 01:44:45 |
| 6 | BABY DOLL HEAD FOR M.G.A.? | 01:44:48 |
| 7 | A    POSSIBLY. | 01:44:58 |
| 8 | Q    OKAY.  DO YOU REMEMBER HAVING A REQUEST BY | 01:44:59 |
| 9 | SOMEONE BY THE NAME OF KERRI LEGG WHO REQUESTED YOU | 01:45:02 |
| 10 | TO CREATE TWO ANGEL BABY DOLL HEADS? | 01:45:07 |
| 11 | MR. ZELLER:  ASSUMES FACTS NOT IN EVIDENCE. | 01:45:12 |
| 12 | THE WITNESS:  I DON'T KNOW WHO THAT IS | 01:45:14 |
| 13 | ACTUALLY. | 01:45:15 |
| 14 | BY MR. WICKHAM: | |
| 15 | Q    OKAY.  WELL, HAVING LOOKED AT THIS AND | 01:45:16 |
| 16 | SEEING THAT IT'S IN YOUR WRITING, WHY DID YOU PUT | 01:45:19 |
| 17 | THAT THERE? | 01:45:23 |
| 18 | MR. BERMAN:  WHY DID YOU PUT THE | 01:45:23 |
| 19 | "[READING:]  REQUEST BY KERRI LEGG"? | 01:45:24 |
| 20 | THE WITNESS:  WELL, I THINK I ASKED | 01:45:30 |
| 21 | CARTER -- I DIDN'T KNOW IT WAS CALLED BRATZ OR | 01:45:32 |
| 22 | ANYTHING.  I GO, "WELL, WHAT DO YOU WANT ME TO PUT | 01:45:36 |
| 23 | ON THE INVOICE?" | 01:45:39 |
| 24 | AND HE TOLD ME TO PUT "ANGEL BABY DOLL | 01:45:40 |
| 25 | HEADS." | 01:45:43 |

EXHIBIT 20 PAGE 319

109

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1          AND I GO, "WELL, WHO DO I SAY 'REQUEST          01:45:44

2     BY'?"  BECAUSE I ALWAYS PUT "REQUEST BY."  IT'S LIKE    01:45:46

3     A STANDARD THING THAT I ALWAYS DO.  IT'S LIKE A         01:45:48

4     CHECKUP ON LIKE WHO PAID ME AND WHO DIDN'T.            01:45:50

5          AND HE SAID, "PUT KERRI LEGG."  I DON'T          01:45:53

6     HAVE TO KNOW THE PERSON.                              01:45:57

7     Q    THE DATE YOU PUT ON THIS, 6/12/2000, DO YOU      01:45:58

8     KNOW WHETHER THAT'S AN ACCURATE DATE?                 01:46:01

9     A    HAS TO BE.                                       01:46:06

10    Q    WHY DOES IT HAVE TO BE?                          01:46:07

11    A    BECAUSE THAT'S THE DATE THAT I TURNED IT         01:46:09

12    IN.  WHY WOULD I PUT SOME OTHER DATE?                 01:46:11

13    Q    WELL, YOU PUT IN THIS "[READING:]  REQUEST       01:46:17

14    BY KERRI LEGG," BUT YOU SAY THAT THAT DOESN'T --      01:46:18

15    THAT WASN'T SOMETHING THAT WAS REQUESTED BY KERRI     01:46:21

16    LEGG.  SO HOW DO YOU KNOW THAT THE "6/12/2000" DATE   01:46:24

17    IS ACCURATE?                                          01:46:31

18          MR. ZELLER:  OBJECTION.                         01:46:32

19          MR. BERMAN:  IT'S ARGUMENTATIVE.                01:46:34

20          MR. ZELLER:  SAME OBJECTION.                    01:46:35

21          THE WITNESS:  IT JUST HAS TO BE.                01:46:35

22    BY MR. WICKHAM:

23    Q    LET ME ASK YOU A DIFFERENT QUESTION.             01:46:37

24    A    OKAY.                                            01:46:43

25    Q    WHY DON'T WE TURN TO PAGE AR0016.                01:46:43

EXHIBIT 20 PAGE 320
110

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.  800.540.0681

| | | |
|---|---|---|
| 1 | A    GOT IT. | 01:47:02 |
| 2 | Q    OKAY.  DO YOU RECOGNIZE THE PRINTING AND | 01:47:02 |
| 3 | HANDWRITING ON THIS PAGE? | 01:47:05 |
| 4 | A    YEP. | 01:47:11 |
| 5 | Q    OKAY.  AND IS THE PRINTING AND HANDWRITING | 01:47:11 |
| 6 | ON THAT PAGE YOUR PRINTING AND HANDWRITING? | 01:47:14 |
| 7 | A    YES, IT IS. | 01:47:20 |
| 8 | Q    OKAY.  AND WHERE IT SAYS, "[READING:] | 01:47:21 |
| 9 | REQUEST BY CARTER BRYANT," WHY DID YOU PUT THAT | 01:47:23 |
| 10 | THERE, SO FAR AS YOU REMEMBER? | 01:47:26 |
| 11 | A    BECAUSE BY THEN I KNOW TO ALWAYS PUT HIS | 01:47:31 |
| 12 | NAME BECAUSE IT'S FOR HIM, THAT HE REQUESTED IT. | 01:47:35 |
| 13 | Q    OKAY.  ALL RIGHT.  YOU PUT HIS NAME ON THIS | 01:47:40 |
| 14 | INVOICE BECAUSE IT WAS SOMETHING THAT WAS REQUESTED | 01:47:44 |
| 15 | BY CARTER BRYANT; CORRECT? | 01:47:46 |
| 16 | A    CORRECT. | 01:47:48 |
| 17 | Q    OKAY.  AND YOU HAVE A DATE ON THIS THAT | 01:47:48 |
| 18 | SAYS "[READING:]  12/12/2000"; CORRECT? | 01:47:51 |
| 19 | A    CORRECT. | 01:47:55 |
| 20 | Q    SO YOU BELIEVE THAT THIS PERTAINS TO | 01:47:56 |
| 21 | SOMETHING THAT WAS REQUESTED BY MR. BRYANT IN OR | 01:47:57 |
| 22 | AROUND DECEMBER 12, 2000; RIGHT? | 01:48:00 |
| 23 | MR. ZELLER:  OBJECTION AS TO THE FORM. | 01:48:03 |
| 24 | WHEN YOU SAY "SO," THAT DOESN'T FOLLOW.  AND ALSO | 01:48:04 |
| 25 | I'M GOING TO OBJECT TO THE LEADING QUESTIONS. | 01:48:07 |

EXHIBIT 20 PAGE 321   111

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1          MR. BERMAN:  YEAH.  AND IT'S ON OR ABOUT.          01:48:1

2    JOIN IN THOSE OBJECTIONS.                                01:48:1

3          THE WITNESS:  CORRECT.                             01:48:1

4    BY MR. WICKHAM:

5      Q    OKAY.  LET ME ASK YOU ABOUT A COUPLE PAGES        01:48:1

6    BACK, AR0013.                                            01:48:2

7      A    OKAY.                                             01:48:3

8      Q    OKAY.  NOW, DO YOU RECOGNIZE THE PRINTING         01:48:3

9    AND HANDWRITING ON THIS INVOICE?                         01:48:3

10     A    YES, I DO.                                        01:48:4

11     Q    OKAY.  AND IS THAT ALL YOUR PRINTING AND          01:48:4

12   HANDWRITING?                                             01:48:4

13     A    YES.                                              01:48:4

14     Q    OKAY.  DO YOU KNOW WHAT THIS INVOICE              01:48:4

15   RELATES TO?                                              01:48:5

16     A    YES.                                              01:48:5

17     Q    WHAT DOES IT RELATE TO?                           01:48:5

18     A    BRATZ.                                            01:49:0

19     Q    "BRATZ"?                                          01:49:0

20     A    YES.                                              01:49:0

21     Q    AND WHAT IS IT ON THIS INVOICE THAT MAKES         01:49:0

22   YOU BELIEVE THAT THIS INVOICE RELATES TO SOMETHING       01:49:1

23   ON BRATZ?                                                01:49:1

24     A    WELL, BECAUSE AT THAT TIME, THOSE EARLY           01:49:1

25   TIMES, I THINK THAT'S THE ONLY THING THAT I'VE DONE.     01:49:2

112

CONFIDENTIAL TRANSCRIPT - VOLUME I

EXHIBIT 20  PAGE 322

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1    I MEAN EVERYTHING IS BRATZ.  WITH CARTER, EVERYTHING      01:49:2

2    HAS BEEN BRATZ.                                           01:49:3

3        Q    WELL, THERE'S ANOTHER NAME ON THIS.  DO YOU      01:49:3

4    RECOGNIZE THAT NAME?                                      01:49:3

5        A    YES.                                             01:49:4

6        Q    WHO IS THIS PAULA TRANTAFALES?                   01:49:4

7        A    SHE WORKS FOR M.G.A.                             01:49:4

8        Q    OKAY.                                            01:49:5

9        A    CARTER'S FRIEND.                                 01:49:5

10       Q    OKAY.  AND YOU BELIEVE THAT THIS RELATES TO      01:49:5

11   WHAT SORT OF WORK?                                        01:49:5

12       A    BRATZ.                                           01:50:0

13            MR. BERMAN:  LET ME OBJECT.  I'M SORRY.          01:50:0

14   BY MR. WICKHAM:

15       Q    WHAT ABOUT BRATZ?  WHAT WORK WERE YOU            01:50:0

16   PERFORMING WHEN YOU WERE CARRYING OUT THE WORK?          01:50:0

17            MR. BERMAN:  THE INVOICE 0013?                   01:50:1

18            MR. WICKHAM:  YES.                               01:50:1

19            MR. BERMAN:  OKAY.                               01:50:1

20            THE WITNESS:  BRATZ.                             01:50:1

21   BY MR. WICKHAM:

22       Q    WHAT ASPECT OF BRATZ?                            01:50:1

23       A    WHAT DO YOU MEAN "WHAT ASPECT OF BRATZ"?         01:50:2

24       Q    BRATZ FEET, BRATZ HAIR, BRATZ NOSE?  WHAT        01:50:2

25   ABOUT BRATZ WERE YOU DOING THAT YOU WERE BILLING          01:50:2

113

CONFIDENTIAL TRANSCRIPT - VOLUME I

EXHIBIT 20 PAGE 323

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | M.G.A. FOR?  WHAT WERE YOU DOING? | 01:50:31 |
| 2 | A    THEIR FACES. | 01:50:35 |
| 3 | Q    OKAY.  ALL RIGHT.  SO THIS DEALT WITH DOLL | 01:50:36 |
| 4 | FACES; CORRECT? | 01:50:40 |
| 5 | A    CORRECT. | 01:50:42 |
| 6 | Q    PAINTING DOLL FACES? | 01:50:42 |
| 7 | MR. BERMAN:  OBJECTION.  LEADING. | 01:50:45 |
| 8 | BY MR. WICKHAM: | 01:50:45 |
| 9 | Q    CORRECT? | 01:50:46 |
| 10 | MR. BERMAN:  LEADING. | 01:50:46 |
| 11 | THE WITNESS:  CORRECT. | 01:50:47 |
| 12 | BY MR. WICKHAM: | |
| 13 | Q    AND THIS WAS FOR PAINTING FOUR DOLL FACES; | 01:50:49 |
| 14 | YES? | 01:50:55 |
| 15 | A    YES. | 01:50:57 |
| 16 | Q    OKAY.  NOW, YOU SEE THE DATE THERE, | 01:50:58 |
| 17 | "[READING:]  DECEMBER 7, 2000"? | 01:50:59 |
| 18 | A    YES. | 01:51:02 |
| 19 | Q    DO YOU BELIEVE THAT'S AN ACCURATE DATE? | 01:51:02 |
| 20 | A    YES. | 01:51:08 |
| 21 | Q    OKAY.  ALL RIGHT.  LET'S TAKE A LOOK AT THE | 01:51:08 |
| 22 | NEXT PRIOR INVOICE, 0012.  WHAT IS THIS -- FIRST OF | 01:51:16 |
| 23 | ALL, DOES ALL THE PRINTING AND HANDWRITING ON THIS | 01:51:26 |
| 24 | PAGE APPEAR TO BE YOURS? | 01:51:29 |
| 25 | A    YES. | 01:51:35 |

114

CONFIDENTIAL TRANSCRIPT - VOLUME I

EXHIBIT 20 PAGE 324

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1     Q    OKAY.  WHAT DOES THIS INVOICE RELATE TO?              01:51:3

2          MR. BERMAN:  I'M GOING TO OBJECT.  THAT'S            01:51:4

3    VAGUE AND AMBIGUOUS.  DO YOU MEAN WHAT PROJECT OR          01:51:4

4    WHAT -- LIKE IS THAT WHAT YOU'RE ASKING?                   01:51:4

5          MR. WICKHAM:  ALL THE ABOVE, YES.                    01:51:4

6     Q    WHAT DOES IT RELATE TO?                              01:51:5

7          MR. BERMAN:  OBJECTION.  ASKED AND                   01:51:5

8    ANSWERED.  SHE'S ALREADY SAID ALL THE WORK WAS WHAT        01:51:5

9    SHE SAID.                                                  01:51:5

10         THE WITNESS:  BRATZ.                                 01:51:5

11   BY MR. WICKHAM:                                            01:51:5

12    Q    THIS RELATED TO BRATZ AS WELL?                       01:51:5

13    A    LET ME MAKE SURE.  YES, IT IS FOR SURE.              01:52:0

14    Q    NOW, WHAT'S THE REFERENCE THERE TO                   01:52:1

15   "[READING:]  SET OF COLOR SWATCHES AND                     01:52:1

16   SPECIFICATIONS"?  WHAT DOES THAT MEAN?                     01:52:1

17    A    THAT MEANS THAT I GAVE HIM A SET OF                  01:52:2

18   SWATCHES TO MATCH THE COLORS OF WHAT'S USED ON A           01:52:2

19   BRATZ FACE.                                                01:52:3

20    Q    OKAY.  AND WHAT IS THE -- WHAT IS BELOW              01:52:3

21   THAT?                                                      01:52:3

22    A    "[READING:]  LIP COLOR 'REDUE.'"                     01:52:3

23    Q    OKAY.  AND WHAT DOES THAT REFER TO?                  01:52:4

24    A    WELL, THAT MEANS HE ASKED FOR A SLIGHT              01:52:4

25   CHANGE IN LIP TONE.                                        01:52:5

115

CONFIDENTIAL TRANSCRIPT - VOLUME I

EXHIBIT 20 PAGE 325

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | MS. TORRES:  I WILL GO MAKE SURE. | 02:11:03 |
| 2 | MR. BERMAN:  YEAH, JUST MAKE SURE THAT HE | 02:11:03 |
| 3 | DOESN'T. | 02:11:03 |
| 4 | MS. TORRES:  I KNOW WHY HE LEFT.  IT WASN'T | 02:11:06 |
| 5 | TO -- | 02:11:07 |
| 6 | MR. BERMAN:  OKAY.  ALL RIGHT. | 02:11:07 |
| 7 | MR. WICKHAM:  HE HAD ANOTHER MEETING IN MY | 02:11:07 |
| 8 | OFFICE. | 02:11:07 |
| 9 | MS. TORRES:  BUT THAT'S BESIDES THE POINT. | 02:11:07 |
| 10 | THIS IS HER WORK FOR HIS CLIENT. | 02:11:10 |
| 11 | MR. BERMAN:  I UNDERSTAND.  I UNDERSTAND. | 02:11:13 |
| 12 | BUT HER TESTIMONY ABOUT IT IS NOT HER WORK.  THE | 02:11:13 |
| 13 | DOCUMENT ITSELF HE CAN SHARE WITH HER BECAUSE WE | 02:11:17 |
| 14 | SUBMITTED IT TO YOU PREVIOUSLY.  HER TESTIMONY | 02:11:20 |
| 15 | RELATED TO IT CANNOT BE SHARED WITH ANYONE; OKAY? | 02:11:22 |
| 16 | MS. TORRES:  WHAT SHE WORKED ON AT M.G.A. | 02:11:27 |
| 17 | CAN'T BE SHARED WITH M.G.A.? | 02:11:29 |
| 18 | MR. BERMAN:  HER TESTIMONY ABOUT THAT IS | 02:11:31 |
| 19 | ATTORNEYS' EYES ONLY; OKAY? | 02:11:33 |
| 20 | MS. TORRES:  OKAY.  WE'LL DEAL WITH THAT. | 02:11:35 |
| 21 | MR. BERMAN:  LET'S JUST MAKE SURE -- | 02:11:36 |
| 22 | MS. TORRES:  I WILL GO MAKE SURE, BUT | 02:11:38 |
| 23 | THAT'S NOT WHY. | 02:11:39 |
| 24 | MR. BERMAN:  OKAY.  AND I'M GLAD TO HEAR | 02:11:40 |
| 25 | THAT, BUT, YOU KNOW, HE BOLTED OUT OF HERE.  I DON'T | 02:11:42 |

131

EXHIBIT 20 PAGE 326

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1   KNOW WHAT HE'S GOING TO DO.                          02:11:45

2         MS. TORRES:  NO, NO.  THAT'S FINE.             02:11:47

3   BY MR. WICKHAM:

4      Q    DOES THIS INVOICE, 0004, REFER TO WORK THAT  02:11:48

5   YOU DID IN SEPTEMBER OF 2000?                        02:11:52

6      A    YES.                                         02:11:57

7      Q    OKAY.  AND THE REFERENCE THERE TO            02:11:59

8   "[READING:]  REQUEST BY PAULA TRANTAFALES," DO YOU   02:12:00

9   SEE THAT THERE?                                      02:12:03

10     A    YES.                                         02:12:05

11     Q    WHY DID YOU PUT THAT ON THIS INVOICE?        02:12:05

12     A    PROBABLY BECAUSE SHE REQUESTED IT.           02:12:10

13     Q    OKAY.  AND WHAT DOES THIS REFER TO?  WHAT    02:12:13

14  WORK DID YOU DO IN CONNECTION WITH THIS INVOICE?     02:12:17

15     A    WHAT DO YOU MEAN?                            02:12:23

16     Q    WHAT WORK WERE YOU SEEKING PAYMENT FOR IN    02:12:25

17  CONNECTION WITH THIS INVOICE?                        02:12:28

18         MR. BERMAN:  OBJECTION.  IT'S VAGUE AND       02:12:30

19  AMBIGUOUS.                                           02:12:30

20         THE WITNESS:  BRATZ AGAIN.                    02:12:39

21  BY MR. WICKHAM:                                      06:59:57

22     Q    AND WHAT ON THIS PAGE GIVES YOU ANY          02:12:40

23  INDICATION THAT THIS REFERRED TO WORK ON BRATZ?      02:12:42

24         MR. ZELLER:  OBJECTION AS TO FORM.            02:12:47

25         THE WITNESS:  BECAUSE IN THOSE DAYS, THAT     02:12:50

                                                         132

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | EARLY ON, IT'S ALWAYS BRATZ, AND IT WAS CALLED ANGEL | 02:12:55 |
| 2 | FACES. | 02:13:00 |
| 3 | BY MR. WICKHAM: | 02:13:03 |
| 4 | Q    OKAY.  SO THE REFERENCE TO ANGEL FACES ON | 02:13:04 |
| 5 | THIS IS WHAT MAKES YOU BELIEVE THAT THIS REFERS TO | 02:13:06 |
| 6 | BRATZ? | 02:13:09 |
| 7 | MR. BERMAN:  I'M GOING TO OBJECT.  THAT | 02:13:10 |
| 8 | MISSTATES HER TESTIMONY.  SHE SAID HER WORK EARLY | 02:13:11 |
| 9 | ON. | 02:13:12 |
| 10 | MR. WICKHAM:  COUNSEL, LET THE WITNESS | 02:13:17 |
| 11 | TESTIFY. | 02:13:17 |
| 12 | THE WITNESS:  YES. | 02:13:17 |
| 13 | BY MR. WICKHAM: | 02:13:18 |
| 14 | Q    WHAT ABOUT THE REFERENCE TO "ANGEL FACES" | 02:13:18 |
| 15 | ON THIS INVOICE MAKES YOU BELIEVE THAT THIS REFERS | 02:13:19 |
| 16 | TO BRATZ? | 02:13:22 |
| 17 | MR. BERMAN:  OBJECTION.  MISSTATES HER | 02:13:23 |
| 18 | TESTIMONY.  IT'S BEEN ASKED AND ANSWERED ALREADY. | 02:13:23 |
| 19 | THE WITNESS:  YES. | 02:13:27 |
| 20 | BY MR. WICKHAM: | |
| 21 | Q    OKAY.  LET'S GO TO 0003. | 02:13:34 |
| 22 | MR. BERMAN:  ONE SECOND. | 02:13:40 |
| 23 | (MR. BERMAN CONFERS WITH THE WITNESS.) | 01:57:38 |
| 24 | BY MR. WICKHAM: | 02:13:43 |
| 25 | Q    WHAT DOES THIS REFER TO?  STRIKE THAT.  LET | 02:13:58 |

133

CONFIDENTIAL TRANSCRIPT - VOLUME I EXHIBIT 20 PAGE 328

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1   ME ASK THE FOUNDATIONAL.                                      02:14:01

2          THE PRINTING AND HANDWRITING ON THIS PAGE,            02:14:02

3   IS THAT ALL YOUR PRINTING AND HANDWRITING?                   02:14:04

4       A    YES.                                                02:14:09

5       Q    OKAY.  AND THE DATE ON IT, "[READING:]              02:14:09

6   SEPTEMBER 8, 2000," DO YOU SEE THAT THERE?                   02:14:14

7       A    YES.                                                02:14:19

8       Q    DOES THIS REFER TO WORK THAT YOU PERFORMED          02:14:19

9   IN OR ABOUT SEPTEMBER 2000?                                  02:14:22

10      A    YES.                                                02:14:27

11      Q    OKAY.  AND THE REFERENCE HERE TO                    02:14:27

12  "[READING:]  5 ANGEL FACES," DO YOU SEE THAT THERE?          02:14:32

13      A    YES.                                                02:14:37

14      Q    OKAY.  WHAT WORK DID YOU PERFORM THAT THIS          02:14:38

15  IS AN INVOICE THAT YOU WERE SEEKING PAYMENT FOR?             02:14:42

16          MR. BERMAN:  OBJECT.  IT'S VAGUE AND                 02:14:46

17  AMBIGUOUS.                                                   02:14:46

18          THE WITNESS:  BRATZ AGAIN.                           02:14:50

19  BY MR. WICKHAM:                                              02:14:50

20      Q    OKAY.  BUT WHAT SPECIFIC WORK?                      02:14:51

21      A    FACES.                                              02:14:57

22      Q    OKAY.  FACES ON WHAT WITH REGARD TO THIS            02:14:57

23  SPECIFIC ONE?                                                02:15:00

24          MR. BERMAN:  I'M GOING TO OBJECT.  IT'S              02:15:01

25  VAGUE.                                                       02:15:03

EXHIBIT 20 PAGE 329

134

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | BY MR. WICKHAM: | 01:59:57 |
| 2 | Q    WERE YOU DOING TWO-DIMENSIONAL DRAWINGS OR | 02:15:05 |
| 3 | THREE-DIMENSIONAL DRAWINGS? | 02:15:08 |
| 4 | A    OH.   THREE-DIMENSIONAL. | 02:15:09 |
| 5 | Q    OKAY.   AND THREE-DIMENSIONAL DRAWINGS ON | 02:15:12 |
| 6 | WHAT? | 02:15:14 |
| 7 | MR. ZELLER:   OBJECTION.   DID YOU SAY | 02:15:17 |
| 8 | "THREE-DIMENSIONAL DRAWINGS"? | 02:15:18 |
| 9 | THE WITNESS:   NO. | 02:15:19 |
| 10 | BY MR. WICKHAM: | 02:15:19 |
| 11 | Q    PAINTING.   THREE-DIMENSIONAL PAINTING. | 02:15:21 |
| 12 | MR. BERMAN:   DID YOU SAY "DRAWINGS"? | 02:15:23 |
| 13 | THE WITNESS:   NO. | 02:15:24 |
| 14 | MR. BERMAN:   ALL RIGHT.   YOU ADDED THE | 02:15:25 |
| 15 | "DRAWINGS," THEN. | 02:15:26 |
| 16 | BY MR. WICKHAM: | |
| 17 | Q    DOES THIS REFER TO YOUR HAVING DONE | 02:15:27 |
| 18 | THREE-DIMENSIONAL PAINTING ON SOMETHING? | 02:15:29 |
| 19 | MR. ZELLER:   OR PAINTING ON A | 02:15:36 |
| 20 | THREE-DIMENSIONAL FORM?   IS THAT -- I GUESS I'M JUST | 02:15:37 |
| 21 | A LITTLE CONFUSED AT THIS POINT. | 02:15:40 |
| 22 | MR. BERMAN:   ME, TOO. | 02:15:41 |
| 23 | BY MR. WICKHAM: | |
| 24 | Q    I'M TRYING TO FIND OUT WHAT THIS REFERS TO. | 02:15:43 |
| 25 | WHAT DOES THIS REFER TO?   WHAT WORK WERE YOU DOING | 02:15:52 |

EXHIBIT 20 PAGE 330

135

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | FOR WHICH YOU DID THIS INVOICE? | 02:15:52 |
| 2 | A    IT HAS TO BE -- | 02:15:52 |
| 3 | MR. BERMAN:   OKAY.   LET ME JUST OBJECT. | 02:15:52 |
| 4 | IT'S COMPOUND.   WOULD YOU JUST FRAME ONE OF THOSE | 02:15:52 |
| 5 | QUESTIONS?   YOU HAVE SIX QUESTIONS IN THERE. | 02:15:55 |
| 6 | BY MR. WICKHAM: | 02:15:56 |
| 7 | Q    WHAT WORK WERE YOU PERFORMING? | 02:15:56 |
| 8 | A    BRATZ FACES. | 02:16:00 |
| 9 | Q    ON WHAT? | 02:16:01 |
| 10 | A    THE DOLL. | 02:16:04 |
| 11 | Q    WERE YOU DOING BRATZ FACES ON THE SIDE OF A | 02:16:05 |
| 12 | WALL? | 02:16:08 |
| 13 | MR. BERMAN:   SHE SAID ON A DOLL. | 02:16:09 |
| 14 | THE WITNESS:   NO. | 02:16:09 |
| 15 | BY MR. WICKHAM: | |
| 16 | Q    OKAY.   YOU WERE DOING BRATZ FACES ON A | 02:16:12 |
| 17 | TABLE? | 02:16:15 |
| 18 | A    NO. | 02:16:15 |
| 19 | Q    WERE YOU DOING BRATZ FACES ON A | 02:16:16 |
| 20 | THREE-DIMENSIONAL OBJECT? | 02:16:19 |
| 21 | A    YES. | 02:16:20 |
| 22 | MR. ZELLER:   THAT'S WHAT SHE SAID. | 02:16:22 |
| 23 | BY MR. WICKHAM: | |
| 24 | Q    WHAT THREE-DIMENSIONAL OBJECT WERE YOU | 02:16:23 |
| 25 | DOING BRATZ FACES ON THAT RELATE -- THAT PROMPTED | 02:16:24 |

136

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | YOU TO SEEK PAYMENT ON THIS INVOICE? | 02:16:29 |
| 2 | MR. BERMAN:   OBJECT.   IT'S VAGUE AND | 02:16:34 |
| 3 | AMBIGUOUS. | 02:16:35 |
| 4 | THE WITNESS:   A VINYL DOLL FACE. | 02:16:35 |
| 5 | BY MR. WICKHAM: | |
| 6 | Q    OKAY.  DO YOU HAVE A RECOLLECTION OF THIS? | 02:16:38 |
| 7 | A    I HAVE DONE SO MANY.  NO. | 02:16:42 |
| 8 | Q    OKAY.  WELL, DO YOU HAVE A RECOLLECTION | 02:16:45 |
| 9 | THAT ON OR ABOUT SEPTEMBER 8, 2000, THAT YOU HAD A | 02:16:48 |
| 10 | THREE-DIMENSIONAL DOLL HEAD AND THAT YOU PAINTED | 02:16:57 |
| 11 | BRATZ FACES ON THAT DOLL HEAD? | 02:17:01 |
| 12 | MR. BERMAN:   I'M GOING TO OBJECT TO THE | 02:17:06 |
| 13 | QUESTION AS VAGUE AND AMBIGUOUS. | 02:17:07 |
| 14 | THE WITNESS:   ARE YOU ASKING ME IF I | 02:17:11 |
| 15 | REMEMBER PAINTING THAT DAY, LIKE THAT DAY? | 02:17:13 |
| 16 | MR. BERMAN:   YEAH.  THAT'S, I THINK, WHAT | 02:17:19 |
| 17 | THE SENSE OF THE QUESTION IS.  THAT'S WHY I THOUGHT | 02:17:19 |
| 18 | IT WAS VAGUE AND AMBIGUOUS. | 02:17:21 |
| 19 | BY MR. WICKHAM: | |
| 20 | Q    YOU'VE GOT AN INVOICE, SEPTEMBER 8, 2000; | 02:17:23 |
| 21 | RIGHT? | 02:17:24 |
| 22 | A    RIGHT. | 02:17:25 |
| 23 | Q    DO YOU INVOICE -- DO YOU SEND INVOICES | 02:17:25 |
| 24 | BEFORE YOU DO THE WORK OR AFTER YOU DO THE WORK? | 02:17:29 |
| 25 | A    THE DAY I TURN IT IN.  THE DAY IT'S DUE. | 02:17:33 |

137

EXHIBIT 20 PAGE 331

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1      Q      OKAY.  SO AFTER YOU'VE COMPLETED THE WORK          02:17:38

2    AND YOU TURN IN THE WORK, YOU TURN IN THE WORK --          02:17:43

3      A      UH-HUH.                                            02:17:47

4             MR. BERMAN:  IS THAT YES?                          02:17:48

5             THE WITNESS:  YES.                                 02:17:49

6    BY MR. WICKHAM:                                            03:59:57

7      Q      -- ALONG WITH AN INVOICE; YES?                     02:17:49

8      A      YES.                                               02:17:54

9      Q      OKAY.  SO BY SEPTEMBER 8, 2000, YOU HAD            02:17:54

10   COMPLETED THE WORK THAT RELATES TO THIS INVOICE;           02:17:59

11   CORRECT?                                                   02:18:01

12     A      CORRECT.                                           02:18:05

13     Q      OKAY.  BY SEPTEMBER 8, 2000, YOU HAD               02:18:06

14   CREATED FIVE FACE PAINTINGS ON THREE-DIMENSIONAL           02:18:09

15   DOLL HEADS?                                                02:18:18

16     A      YES.                                               02:18:20

17     Q      AND YOU BELIEVE THAT THIS REFERENCE TO             02:18:22

18   "[READING:]  5 ANGEL FACES" REFERS TO FIVE BRATZ           02:18:23

19   FACES THAT YOU PAINTED ON THREE-DIMENSIONAL DOLL           02:18:29

20   HEADS SOMETIME ON OR BEFORE SEPTEMBER 8, 2000; IS          02:18:31

21   THAT CORRECT?                                              02:18:36

22     A      CORRECT.                                           02:18:37

23     Q      COULD YOU BE MISTAKEN ABOUT THAT?                  02:18:39

24            MR. ZELLER:  OBJECT TO THE FORM.                   02:18:43

25            MR. BERMAN:  ME, TOO.                              02:18:44

EXHIBIT 20 PAGE 332

138

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1        THE WITNESS:  NO.  IT CAN'T BE.              02:18:44

2  BY MR. WICKHAM:

3     Q    WHAT WERE THE SIZE OF THESE DOLL HEADS?    02:18:48

4     A    (INDICATING.)                              02:18:56

5     Q    THE COURT REPORTER CAN'T MEASURE THAT.     02:18:57

6        MR. BERMAN:  WELL, SHE PROBABLY CAN          02:19:01

7  DESCRIBE THAT, BUT --                              02:19:04

8  BY MR. WICKHAM:

9     Q    WERE THEY THE SIZE OF A GRAPEFRUIT OR THE  02:19:06

10 SIZE OF AN ORANGE OR THE SIZE OF A LIME?           02:19:08

11       MR. BERMAN:  I'M GOING TO OBJECT.  THAT'S    02:19:16

12 VAGUE AND AMBIGUOUS.                               02:19:17

13       THE WITNESS:  IT'S NOT ANY SMALLER THAN A    02:19:17

14 LIME, DEPENDING ON THE SIZE OF THE LIME.  A SMALL  02:19:18

15 LIME.                                              02:19:21

16 BY MR. WICKHAM:

17    Q    WHAT WAS THE MATERIAL THAT THE DOLL HEADS  02:19:24

18 WERE MADE OUT OF, IF YOU RECALL?                   02:19:26

19       MR. ZELLER:  ARE YOU TALKING ABOUT THIS      02:19:29

20 PARTICULAR OCCASION?                               02:19:30

21       MR. WICKHAM:  YES.                           02:19:32

22       MR. BERMAN:  OBJECT AS ASKED AND ANSWERED.   02:19:35

23       THE WITNESS:  VINYL.                         02:19:47

24 BY MR. WICKHAM:

25    Q    OKAY.  SOME SORT OF A PLASTIC MATERIAL?    02:19:50

EXHIBIT 20 PAGE 333  139

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| 1 | A | YES. | 02:19:56 |
| 2 | Q | OKAY.  WAS IT A RESIN OR WAS IT, YOU KNOW, | 02:19:56 |
| 3 | | SOME OTHER TYPE OF MATERIAL? | 02:19:58 |
| 4 | A | NO. | 02:20:00 |
| 5 | | MR. BERMAN:  I'LL OBJECT.  IT'S COMPOUND. | 02:20:01 |
| 6 | BY MR. WICKHAM: | | |
| 7 | Q | WAS IT A RESIN? | 02:20:02 |
| 8 | A | NO. | 02:20:06 |
| 9 | Q | YOU SAY IT WAS VINYL? | 02:20:07 |
| 10 | A | YES. | 02:20:10 |
| 11 | Q | OKAY.  LET'S TURN TO THE PRIOR ONE. | 02:20:11 |
| 12 | A | AR004? | 02:20:17 |
| 13 | | MR. WICKHAM:  YEAH. | 02:20:20 |
| 14 | | MR. BERMAN:  OH, I WAS ON AR00 -- | 02:20:20 |
| 15 | | MR. WICKHAM:  NO.  WE WERE ON 0003. | 02:20:23 |
| 16 | | MR. BERMAN:  NOW WE'RE ON 002? | 02:20:26 |
| 17 | | MR. WICKHAM:  NOW WE'RE ON A0002. | 02:20:29 |
| 18 | | MR. BERMAN:  RIGHT.  THAT'S RIGHT.  YOU | 02:20:33 |
| 19 | | HAVE IT RIGHT.  WE JUST TURNED THE PAGE. | 02:20:33 |
| 20 | | THE WITNESS:  OH, I DID IT WRONG.  WE'RE ON | 02:20:34 |
| 21 | | AR0002? | 02:20:39 |
| 22 | | MR. WICKHAM:  YES. | 02:20:41 |
| 23 | | THE WITNESS:  I DID IT BACKWARDS.  SORRY. | 02:20:42 |
| 24 | BY MR. WICKHAM: | | 02:20:43 |
| 25 | Q | NOW, A002 -- | 02:20:44 |

EXHIBIT 20 PAGE 334

140

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1        MR. BERMAN:  WHICH IS THE WAY ANY HUMAN          02:20:45

2   BEING WOULD HAVE DONE IT, FROM 3 TO 4 AS OPPOSED TO   02:20:46

3   3 TO 2.  YOU SAID, LET'S GO TO THE NEXT ONE, AND      02:20:50

4   THEN YOU GO TO THE NEXT PRECEDING ONE.  AND WHY       02:20:52

5   ANYONE WOULD DO THAT IS --                            02:20:57

6        THE WITNESS:  YOU DID SAY THAT, "THE NEXT        02:20:58

7   ONE."                                                 02:21:00

8        MR. BERMAN:  YOU'VE DONE THAT THE WHOLE          02:21:00

9   TIME.                                                 02:21:01

10  BY MR. WICKHAM:

11      Q    WITH REGARD TO A002, IS ALL THE PRINTING     02:21:02

12  AND HANDWRITING ON THIS PAGE YOURS?                   02:21:06

13      A    YES.                                         02:21:13

14      Q    OKAY.  AND THE REFERENCE THERE TO            02:21:14

15  "[READING:]  REQUEST BY PAULA TRANTAFALES," WHAT      02:21:16

16  DOES THAT REFER TO?                                   02:21:20

17      A    SHE REQUESTED IT.                            02:21:24

18      Q    SHE REQUESTED THIS WORK?                     02:21:25

19      A    YES.                                         02:21:31

20      Q    OKAY.  NOW, IN THIS PAGE, THIS REFERENCES    02:21:31

21  "[READING:]  4 ANGEL FACES."  DO YOU SEE THAT THERE?  02:21:35

22      A    YES.                                         02:21:40

23      Q    OKAY.  AND THEN THERE'S A PARENTHETICAL      02:21:40

24  THERE.  WHAT DOES THAT SAY IN THERE?                  02:21:44

25      A    "A PARENTHETICAL"?                           02:21:47

EXHIBIT 20 PAGE 335

141

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| 1 | Q | WELL, YOU'VE GOT THE PARENTHESES. | 02:21:49 |

1   Q   WELL, YOU'VE GOT THE PARENTHESES.       02:21:49

2   A   OH, OH.                                 02:21:52

3   Q   LOOKS LIKE A "4."  WHAT'S THE WORD IN   02:21:52

4   THERE?                                      02:21:54

5   A   "4 VERSIONS."                           02:21:54

6   Q   OKAY.  AND WHAT DOES THIS -- WHAT WORK DOES   02:21:57

7   THIS INVOICE REFER TO?                      02:22:00

8   A   BRATZ.                                  02:22:07

9   Q   OKAY.  WHAT ON THIS PAGE MAKES YOU BELIEVE   02:22:08

10  THAT THIS INVOICE RELATES TO WORK THAT YOU PERFORMED   02:22:10

11  ON BRATZ?                                   02:22:13

12  A   BECAUSE THAT'S WHAT THEY TOLD ME TO WRITE   02:22:20

13  DOWN.                                       02:22:21

14  Q   WHO?                                    02:22:24

15  A   CARTER.                                 02:22:28

16  Q   WELL, DO YOU HAVE A SPECIFIC RECOLLECTION   02:22:28

17  THAT IN PREPARING THIS INVOICE THAT MR. BRYANT TOLD   02:22:31

18  YOU TO PUT DOWN "ANGEL FACE" ON THIS INVOICE WHEN IN   02:22:37

19  FACT YOU WERE DOING WORK ON BRATZ?          02:22:42

20         MR. ZELLER:  I'M GOING TO OBJECT TO THE   02:22:45

21  FORM OF THE QUESTION.                       02:22:51

22         MR. BERMAN:  YES.                    02:22:51

23         MR. ZELLER:  WHEN YOU SAY "IN FACT," SHE'S   02:22:51

24  ALREADY TESTIFIED THAT "ANGEL FACES" ARE BRATZ,   02:22:51

25  COUNSEL.                                    02:22:52

EXHIBIT 20 PAGE 336

142

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | MR. BERMAN:  RIGHT.  AND THAT HE HAD TOLD | 02:22:54 |
| 2 | HER TO PUT THAT DOWN THERE.  THAT WAS THE NAME THEY | 02:22:55 |
| 3 | WERE USING, AND NOW YOU'RE TRYING TO MISSTATE HER | 02:22:57 |
| 4 | TESTIMONY. | 02:23:00 |
| 5 | BY MR. WICKHAM: | 02:23:01 |
| 6 | Q    CAN YOU ANSWER MY QUESTION? | 02:23:02 |
| 7 | A    ASK IT AGAIN. | 02:23:04 |
| 8 | (PENDING QUESTION READ.) | 02:23:20 |
| 9 | MR. ZELLER:  SAME OBJECTIONS. | 02:23:22 |
| 10 | THE WITNESS:  YES. | 02:23:22 |
| 11 | BY MR. WICKHAM: | |
| 12 | Q    DO YOU REMEMBER CARTER BRYANT TELLING YOU | 02:23:25 |
| 13 | TO WRITE INTO THIS INVOICE WHAT YOU PUT IN HERE? | 02:23:27 |
| 14 | MR. ZELLER:  THIS WAS ASKED AND ANSWERED. | 02:23:30 |
| 15 | MR. BERMAN:  WITH RESPECT TO THE -- NOW | 02:23:35 |
| 16 | YOU'RE SAYING THE WHOLE INVOICE.  THERE'S LOTS OF | 02:23:37 |
| 17 | OTHER STUFF ON THE INVOICE, BUT YOU HAD FOCUSED | 02:23:39 |
| 18 | EARLIER ON THE NAME "ANGEL FACE" AND THE "REQUEST | 02:23:41 |
| 19 | BY."  BUT NOW YOU'RE EXPANDING THAT LIKE TO THE | 02:23:45 |
| 20 | AMOUNT, TO THE DATES, OR THE OTHER THINGS. | 02:23:49 |
| 21 | THE WITNESS:  I THINK WHAT WAS IN THE | 02:23:52 |
| 22 | BEGINNING I ASKED HIM, "WHAT DO YOU WANT ME TO PUT | 02:23:56 |
| 23 | DOWN HERE?  WHO DO I PUT A REQUEST BY?" | 02:23:58 |
| 24 | AND HE TOLD ME TO PUT "ANGEL FACES" AND | 02:24:02 |
| 25 | THAT OTHER PERSON'S NAME.  I JUST DO WHATEVER THEY | 02:24:07 |

EXHIBIT 20 PAGE 337

143

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1   TELL ME TO WRITE DOWN.                                    02:24:09

2   BY MR. WICKHAM:

3       Q    WELL, LET ME ASK YOU ABOUT, DID HE GIVE YOU     02:24:14

4   A DIRECTION AT THE BEGINNING OF ALL THIS, AND THEN       02:24:14

5   YOU JUST FOLLOWED THAT DIRECTION SUBSEQUENTLY; OR        02:24:18

6   EVERY TIME THAT YOU WERE PREPARING AN INVOICE, DID       02:24:21

7   YOU, YOU KNOW, EITHER CALL HIM UP OR SEE HIM AND         02:24:23

8   SAY, "ALL RIGHT.  I'M DOING THIS INVOICE.  WHAT          02:24:27

9   SHALL I PUT IN HERE"?                                    02:24:29

10          MR. BERMAN:  OBJECTION.  COMPOUND.  OR           02:24:30

11  THERE COULD BE A DIFFERENT SET OF ALTERNATIVES.  WHY     02:24:31

12  DON'T YOU ASK HER HOW SHE PUT THE INFORMATION IN AS      02:24:33

13  OPPOSED TO -- I OBJECT.  IT'S COMPOUND.                  02:24:39

14          THE WITNESS:  IN THE BEGINNING I ALWAYS          02:24:46

15  ASKED THEM, EVERY CLIENT.  I GO, "WHAT DO YOU WANT       02:24:49

16  ME TO CALL IT" OR "WHAT DO I WRITE DOWN HERE?"           02:24:51

17  BY MR. WICKHAM:

18      Q    LET ME ASK IT DIFFERENTLY.  OKAY.  WE WERE      02:24:55

19  TALKING ABOUT THE VERY FIRST PAGE ON THIS.  YOU HAD      02:24:57

20  SAID CERTAIN THINGS ABOUT THIS IS WHAT CARTER BRYANT     02:25:00

21  TOLD YOU TO SAY.  LET'S FOCUS ON THE VERY FIRST          02:25:02

22  PAGE.  NOW, YOU SAID THAT CARTER TOLD YOU TO PUT THE     02:25:07

23  INFORMATION ON THIS INVOICE; CORRECT?                    02:25:13

24          MR. BERMAN:  OBJECTION.  MISSTATES HER           02:25:16

25  TESTIMONY.                                               02:25:16

EXHIBIT 20 PAGE 338

144

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | |
|---|---|---|
| 1 | WORD "BRATZ"? | 02:45:16 |
| 2 | A    NO. | 02:45:19 |
| 3 | Q    OKAY.  SO AT THIS POINT IN TIME WITH HIM | 02:45:21 |
| 4 | TELLING YOU TO PUT DOWN "ANGEL BABY DOLL HEADS," YOU | 02:45:28 |
| 5 | THOUGHT, OKAY, WELL, HE'S TELLING ME WHAT TO PUT | 02:45:33 |
| 6 | DOWN.  I PUT IT DOWN.  YOU WEREN'T THINKING IN YOUR | 02:45:36 |
| 7 | MIND, WELL, HE'S TELLING ME TO PUT DOWN INACCURATE | 02:45:39 |
| 8 | INFORMATION? | 02:45:41 |
| 9 | MR. BERMAN:  OBJECTION.  IT'S COMPOUND.  GO | 02:45:42 |
| 10 | AHEAD AND ANSWER. | 02:45:44 |
| 11 | THE WITNESS:  NO. | 02:45:45 |
| 12 | BY MR. WICKHAM: | |
| 13 | Q    THERE WAS NOTHING -- NOTHING SEEMED | 02:45:47 |
| 14 | UNTOWARD IN HIM TELLING YOU TO PUT THIS INFORMATION | 02:45:49 |
| 15 | HERE; CORRECT? | 02:45:52 |
| 16 | MR. BERMAN:  OBJECTION. | 02:45:52 |
| 17 | THE WITNESS:  CORRECT. | 02:45:53 |
| 18 | MR. BERMAN:  VAGUE AND AMBIGUOUS. | 02:45:55 |
| 19 | BY MR. WICKHAM: | |
| 20 | Q    OKAY.  UP HERE ON THE TOP WHERE IT SAYS, | 02:45:56 |
| 21 | "[READING:]  TO:  M.G.A. ENTERTAINMENT," INC., OR TO | 02:46:00 |
| 22 | "M.G.A. ENTERTAINMENT," DO YOU SEE THAT THERE? | 02:46:02 |
| 23 | A    YES. | 02:46:05 |
| 24 | Q    OKAY.  DID HE TELL YOU TO PUT THAT | 02:46:05 |
| 25 | INFORMATION THERE, TOO? | 02:46:08 |

EXHIBIT 20 PAGE 339

149

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1    A    I DON'T REMEMBER.                                     02:46:13

2    Q    WELL, DID YOU -- WHEN YOU FINISHED THIS               02:46:15

3    PROJECT AND YOU SUBMITTED THE INVOICE, WHO DID YOU         02:46:19

4    SUBMIT THE INVOICE TO?                                     02:46:21

5    A    CARTER.                                               02:46:26

6    Q    SO YOU DIDN'T GIVE THIS PROJECT TO M.G.A.?            02:46:27

7         MR. ZELLER:  I'M SORRY.  DID YOU SAY                  02:46:30

8    "PROJECT"?                                                 02:46:31

9         MR. WICKHAM:  THE PROJECT ACCOMPANYING THE            02:46:34

10   INVOICE, WHICH IS WHAT SHE DESCRIBED HER PRACTICE          02:46:36

11   WAS.                                                       02:46:39

12        MR. BERMAN:  NO.                                      02:46:39

13        THE WITNESS:  NO.                                     02:46:40

14   BY MR. WICKHAM:                                            01:59:57

15   Q    DID YOU GIVE THIS INVOICE, ALONG WITH THE             02:46:40

16   COMPLETED PROJECT, TO M.G.A. OR MR. BRYANT?                02:46:42

17   A    MR. BRYANT.                                           02:46:46

18   Q    OKAY.  WHERE WAS MR. BRYANT WHEN YOU GAVE             02:46:48

19   HIM THIS INVOICE AND THE COMPLETED PROJECT?               02:46:51

20   A    MY HOUSE.                                             02:46:55

21   Q    OKAY.  AND WHAT PROJECT DID YOU COMPLETE              02:46:56

22   THAT'S REFERENCED IN THIS INVOICE?                         02:47:00

23        MR. BERMAN:  YOU MEAN 0001?                           02:47:02

24        MR. WICKHAM:  CORRECT.                                02:47:06

25        THE WITNESS:  TWO BRATZ HEADS.                        02:47:07

EXHIBIT 20 PAGE 340

150

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1  BY MR. WICKHAM:                                        02:47:10

2     Q    COULD YOU PLEASE DESCRIBE THE TWO BRATZ        02:47:10

3  HEADS?                                                 02:47:13

4     A    OKAY.                                          02:47:13

5     Q    WELL, YOU WERE CALLING THEM BRATZ HEADS        02:47:13

6  THEN; CORRECT?                                         02:47:17

7          MR. BERMAN:  NO.                               02:47:17

8          THE WITNESS:  NO.                              02:47:17

9  BY MR. WICKHAM:                                        02:47:17

10    Q    YOU WERE CALLING THEM --                       02:47:17

11    A    I WAS CALLING THEM NOTHING, JUST TWO DOLL      02:47:17

12  FACES.                                                02:47:20

13    Q    OKAY.  BECAUSE -- ANYWAY.                      02:47:21

14    A    I KNOW WHAT THEIR --                           02:47:23

15    Q    PLEASE DESCRIBE WHAT THEY LOOKED LIKE.         02:47:25

16    A    OKAY.  ONE WAS SUPPOSED TO BE WHITE, A         02:47:28

17  WHITE DOLL, MEANING, YOU KNOW, CAUCASIAN.  THE        02:47:34

18  SECOND ONE, I HAVE NO IDEA.  I FORGOT.  SOME OTHER    02:47:42

19  RACE.                                                 02:47:47

20    Q    WHAT WAS THE SIZE OF THE DOLL HEAD THAT YOU    02:47:48

21  HAD PAINTED THE FACE ON?                              02:47:50

22          MR. BERMAN:  DIDN'T WE --                     02:47:53

23          THE WITNESS:  A SMALL LIME.                   02:47:53

24  BY MR. WICKHAM:                                       02:47:55

25    Q    I'M SORRY.                                     02:47:55

EXHIBIT 20 PAGE 341

151

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1        MR. BERMAN:  WELL, I'M OBJECTING THAT IT          04:02:28

2   LACKS FOUNDATION THAT SHE KNOWS WHAT CAME OUT IN       04:02:28

3   MARKET.  THAT'S WHAT I SAID.  THAT WAS THE OBJECTION   04:02:30

4   I MADE.                                                04:02:32

5   BY MR. WICKHAM:

6        Q    ARE YOU FAMILIAR WITH THE DOLL PRODUCT THAT  04:02:34

7   WAS CALLED PRAYER ANGEL?                               04:02:36

8        A    YES.                                         04:02:41

9        Q    OKAY.  AND IS THAT WHAT IS DEPICTED IN 203   04:02:41

10  AND 204?                                               04:02:45

11       A    YES.                                         04:02:47

12       Q    OKAY.  AND IT IS THE PRODUCTION MODEL OF     04:02:47

13  THIS DOLL THAT YOU WORKED ON; CORRECT?                 04:02:52

14       A    YES.                                         04:02:58

15       Q    OKAY.  WHEN DID YOU WORK ON THE PRODUCTION   04:02:58

16  MODEL OF THIS DOLL?                                    04:03:00

17       A    LET ME THINK.  LIKE A YEAR AGO OR TWO.       04:03:15

18       Q    WHAT'S YOUR BEST ESTIMATE AS TO WHEN YOU     04:03:20

19  WORKED ON THE PRODUCTION MODEL OF PRAYER ANGELS?       04:03:22

20       MR. BERMAN:  OBJECTION.  ASKED AND ANSWERED       04:03:24

21  FOR THE THIRD TIME.                                    04:03:26

22       THE WITNESS:  WELL, I DID A LOT OF THEM,          04:03:31

23  BUT --                                                 04:03:32

24  BY MR. WICKHAM:

25       Q    A LOT OF THE PRAYER ANGELS?                  04:03:33

EXHIBIT 20 PAGE 242

194

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

| | | | |
|---|---|---|---|
| 1 | A | SAME ONE OVER AND OVER. | 04:03:35 |
| 2 | Q | OF THE PRAYER ANGELS? | 04:03:37 |
| 3 | A | YEAH.  DIFFERENT COLORS AND, YOU KNOW. | 04:03:38 |
| 4 | Q | OKAY. | 04:03:39 |
| 5 | A | OVER A YEAR AGO. | 04:03:47 |
| 6 | Q | OKAY.  SO SOMETIME IN 2004 OR EARLIER? | 04:03:48 |
| 7 | A | '3 OR '4.  '3 OR '4. | 04:03:54 |
| 8 | Q | '3 OR '4 WHAT? | 04:04:01 |
| 9 | A | 2003 OR 2004. | 04:04:03 |
| 10 | Q | OKAY.  WAS IT IN 2001? | 04:04:05 |
| 11 | A | I DON'T THINK SO. | 04:04:17 |
| 12 | Q | IS PRAYER ANGELS THE SAME THING THAT YOU | 04:04:19 |
| 13 | | REFER TO AS ANGELS? | 04:04:21 |
| 14 | | MR. BERMAN:  I'M GOING TO OBJECT.  IT'S | 04:04:24 |
| 15 | | BEEN ASKED AND ANSWERED, AND YOU'VE ASKED HER. | 04:04:24 |
| 16 | | YOU'VE GONE THROUGH THE INVOICES THEMSELVES AND | 04:04:29 |
| 17 | | ASKED IS THAT THE REFERENCE TO IT. | 04:04:32 |
| 18 | | THE WITNESS:  NO, IT'S NOT. | 04:04:34 |
| 19 | | BY MR. WICKHAM: | |
| 20 | Q | WHEN YOU DID THE PRODUCTION WORK ON PRAYER | 04:04:35 |
| 21 | | ANGELS, WHAT DID YOU CALL IT? | 04:04:37 |
| 22 | A | I THINK PRAYER ANGELS, I THINK. | 04:04:44 |
| 23 | Q | OKAY.  WELL, LET'S GO BACK TO EXHIBIT 201, | 04:04:47 |
| 24 | | AND LET'S GO BACK TO YOUR INVOICE DATED SEPTEMBER | 04:04:50 |
| 25 | | 24, '01. | 04:04:54 |

EXHIBIT 20 PAGE 343

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1    A    OKAY.                                              04:05:06

2    Q    WHERE IT SAYS "[READING:]   3 ANGEL FACES"?        04:05:06

3    A    YEAH.                                              04:05:09

4    Q    NOW, DOES THAT REFER -- DOES THIS INVOICE          04:05:11

5  REFER TO WORK THAT YOU DID ON PRAYER ANGELS?             04:05:15

6         MR. ZELLER:  THIS IS ASKED AND ANSWERED.          04:05:19

7  IN FACT, THAT'S EXACTLY WHAT WAS ANSWERED.  AND          04:05:19

8  ALSO, SINCE YOU'RE JUST ASKING A REPETITIVE              04:05:26

9  QUESTION, I AM GOING TO OBJECT AT THIS POINT TO THE      04:05:29

10  ALLOCATION OF TIME.  YOU'VE USED NOW WELL OVER 3-1/2    04:05:30

11  HOURS OF THE 7 HOURS THAT THIS WITNESS HAS              04:05:35

12  AVAILABLE.                                              04:05:40

13         THE WITNESS:  IT COULD BE.                       04:05:45

14  BY MR. WICKHAM:

15    Q    IT COULD BE.  OKAY.  SO SAME QUESTION --          04:05:46

16         MR. BERMAN:  WAIT A SECOND.                       04:05:52

17         (MR. BERMAN CONFERS WITH THE WITNESS.)            09:16:47

18  BY MR. WICKHAM:

19    Q    SAME QUESTION WITH REGARD TO YOUR INVOICE         04:06:08

20  DATED SEPTEMBER 12, 2001.                               04:06:09

21         MR. ZELLER:  WE WENT OVER EXACTLY THESE           04:06:22

22  QUESTIONS.                                              04:06:22

23  BY MR. WICKHAM:

24    Q    COULD THIS INVOICE REFER TO YOUR WORK ON          04:06:23

25  THE DOLL THAT ULTIMATELY CAME TO MARKET AS PRAYER       04:06:26

EXHIBIT 20 PAGE 344

196

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1  ANGELS?                                                04:06:29

2        MR. BERMAN:  OBJECTION.  LACKS FOUNDATION,       04:06:30

3  CALLS FOR SPECULATION.                                 04:06:33

4        THE WITNESS:  IT'S POSSIBLE.                     04:06:45

5  BY MR. WICKHAM:

6     Q    OKAY.  LET'S GO TO PAGE 1 OF EXHIBIT 201.     04:06:45

7  COULD THIS INVOICE DATED JUNE 12, 2000, RELATE TO     04:06:54

8  YOUR WORK ON THE DOLL THAT ULTIMATELY CAME TO MARKET  04:07:01

9  AS PRAYER ANGELS?                                      04:07:05

10       MR. ZELLER:  OBJECTION.  AGAIN ASKED AND         04:07:11

11 ANSWERED.                                              04:07:11

12       THE WITNESS:  THERE'S NO WAY.                    04:07:11

13 BY MR. WICKHAM:                                        04:07:12

14    Q    NO WAY?                                        04:07:12

15    A    NO WAY.                                        04:07:13

16    Q    OKAY.  SO IF M.G.A. HAS YOUR WORK, DOLL        04:07:14

17 HEADS, THAT ARE PART OF THE PRAYER ANGEL PROJECT       04:07:22

18 THAT WERE SUBMITTED TO M.G.A. IN JUNE OF 2000 --       04:07:28

19    A    OKAY.                                          04:07:33

20    Q    -- YOU'RE SAYING THAT WOULD BE AN              04:07:35

21 IMPOSSIBILITY?                                         04:07:36

22    A    IT'S IMPOSSIBLE.                               04:07:37

23    Q    "IMPOSSIBLE"?                                  04:07:39

24    A    IT'S IMPOSSIBLE.                               04:07:40

25    Q    WHY IS IT IMPOSSIBLE?                          04:07:40

EXHIBIT 20 PAGE 345

197

CONFIDENTIAL TRANSCRIPT - VOLUME I

LUDWIG KLEIN REPORTERS & VIDEO, INC.   800.540.0681

1        MR. BERMAN:  OBJECT.  YOU KNOW, THIS IS          04:07:42

2    BADGERING OF THE WITNESS.  THIS IS A THIRD-PARTY      04:07:43

3    WITNESS, AND, YOU KNOW, YOU'RE ENTITLED TO A LITTLE   04:07:46

4    LATITUDE, BUT YOU'VE ASKED HER MANY TIMES.  YOU'VE    04:07:49

5    ASKED HER TO ASSUME FACTS, AND, YOU KNOW, YOU         04:07:51

6    HAVEN'T SHOWN HER THOSE FACTS.  YOU HAVEN'T SHOWN     04:07:54

7    HER THE -- YOU HAVEN'T SHOWN HER THE FACT THAT YOU    04:07:57

8    SAY IF THEY HAVE THIS.  I JUST THINK THAT'S AN        04:08:03

9    IMPROPER ARGUMENTATIVE FORM OF ---                    04:08:07

10        MR. ZELLER:  AND I WILL TAKE IT AS              04:08:07

11   ABSOLUTELY FASCINATING, COUNSEL, IF YOUR              04:08:08

12   REPRESENTATION IS TRUE THAT IN FACT M.G.A. HAS SUCH   04:08:11

13   A THING AND IT HAS NOT BEEN PRODUCED.  I WILL FIND    04:08:14

14   THAT MORE THAN FASCINATING, AND WE WILL, OF COURSE,   04:08:17

15   BRING THAT UP WITH THE COURT.  BUT I ASSUME THAT YOU  04:08:19

16   HAVE A FACTUAL BASIS FOR YOUR QUESTION.  SO ONE OF    04:08:22

17   TWO THINGS IS TRUE:  ONE, AS WE HAVE SHOWN            04:08:24

18   PREVIOUSLY, M.G.A. IS WITHHOLDING EVIDENCE; OR, TWO,  04:08:27

19   THERE WAS NO BASIS FOR YOUR QUESTION.  EITHER ONE IS  04:08:30

20   FINE BY ME.                                           04:08:33

21   BY MR. WICKHAM:

22   Q    CAN YOU PLEASE ANSWER MY QUESTION?              04:08:35

23        MR. BERMAN:  WAIT A SECOND.                     04:08:39

24   BY MR. WICKHAM:                                       04:08:39

25   Q    WHY IS IT IMPOSSIBLE THAT YOUR JUNE 12,         04:08:39

EXHIBIT 20 PAGE 346

198

CONFIDENTIAL TRANSCRIPT - VOLUME I

```
 1                    REPORTER'S CERTIFICATE

 2

 3

 4           I, KAREN E. KAY, C.S.R. NO. 3862, A CERTIFIED

 5   SHORTHAND REPORTER IN AND FOR THE STATE OF CALIFORNIA,

 6   DO HEREBY CERTIFY:

 7           THAT PRIOR TO BEING EXAMINED THE WITNESS NAMED

 8   IN THE FOREGOING PROCEEDINGS WAS BY ME DULY SWORN TO

 9   TESTIFY TO THE TRUTH, THE WHOLE TRUTH, AND NOTHING BUT

10   THE TRUTH;

11           THAT SAID PROCEEDINGS WERE TAKEN BY ME IN

12   SHORTHAND AT THE TIME AND PLACE HEREIN NAMED AND WAS

13   THEREAFTER TRANSCRIBED INTO TYPEWRITING UNDER MY

14   DIRECTION, SAID TRANSCRIPT BEING A TRUE AND CORRECT

15   TRANSCRIPTION OF MY SHORTHAND NOTES.

16           I FURTHER CERTIFY THAT I HAVE NO INTEREST IN

17   THE OUTCOME OF THIS ACTION.

18

19                   FEBRUARY 7, 2005

20

21

22

23                   KAREN E. KAY
                     C.S.R. NO. 3862
24

25
```

234

EXHIBIT 20 PAGE 347

**EXHIBIT 21**

**ABC INTERNATIONAL TRADERS, INC.**

ABC International Traders, Inc.                                                    11294                    **11294**

| VENDOR ID | | NAME | | PAYMENT NUMBER | CHECK DATE | | |
|---|---|---|---|---|---|---|---|
| RHEE | | ANNA RHEE | | 013163 | 1/12/01 | | |

| OUR VOUCHER NUMBER | YOUR VOUCHER NUMBER | DATE | AMOUNT | AMOUNT PAID | DISCOUNT | WRITE-OFF | NET |
|---|---|---|---|---|---|---|---|
| | | | | REDACTED | | | |
| 027419 | 052675 | 12/12/00 | | | | | |

REDACTED

COMMENT

SFMS01042-1

Safeguard

TO REORDER, CALL YOUR LOCAL SAFEGUARD DISTRIBUTOR AT 323-838-9496

M875F104796

**ATTORNEY'S EYES ONLY**

**MGA000669**

EXHIBIT 21 PAGE 348

052675

M.G.A.   ENTERTAINMENT

| NAME | | SHIP TO | |
| ANNA RHEE | | | |
| ADDRESS | | ADDRESS | |
| 1613 FORD AVE. | | | |
| CITY, STATE, ZIP | | CITY, STATE, ZIP | |
| REDONDO BCH. CA. 90278 | | | |

| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS | HOW SHIP | DATE |
|---|---|---|---|---|---|---|
| | | | | 30 DAYS | | 12/12/00 |

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 2 | touch-up designs | | |
| 1 | touch up scratches on skin (no charge) | | |
| 1 | shoes | | |

Request by Carter Bryant

Merideth Ward 12/12/00

BUYER:

E.Adams
8100

KEEP THIS SLIP FOR REFERENCE

REDACTED

ATTORNEY'S EYES
ONLY

MGA000670

EXHIBIT 21 PAGE 349