

Confidential
Attorneys' Eyes Only

MGA000733

EXHIBIT 23 PAGE 397

U#2629↙  PO#3527
052657

Req 02746

| | | |
|---|---|---|
| **NAME** ANNA RHEE | **SHIP TO:** MGA ENTERTAINMENT | |
| **ADDRESS** 1613 FORD AVE. | **ADDRESS** 16730 Schoenborg St. | |
| **CITY, STATE, ZIP** REDONDO BCH, CA - 90278 | **CITY, STATE, ZIP** North Hills, CA. 91343 | |

| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS | HOW SHIP | DATE |
|---|---|---|---|---|---|---|
| | | | | 30 DAYS | | 10/17/06 |

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 1 | detailed sketch of Angel's face | | 75.00 |
| 1 | touch-up | | 25.00 |
| 2 | sets of color swatches & specifications | | 100.00 |
| | price→ | | $200.00 |
| | tax→ | | $16.50 |
| | TOTAL price → INCLUDING TAX | | $216.50 |

Request by Paula Trantafakos

KEEP THIS SLIP FOR REFERENCE

Confidential
Attorneys' Eyes Only

MGA000734

EXHIBIT 23 PAGE 398

## PURCHASE ORDER

ABC International Traders, Inc  
dba MGA Entertainment  
16730 Schoenborn St.  
North Hills  
CA          91343-6122

PO Number:   PO03527  
Date:              11/1/00  
Page:              1

| Order From: | ANNA RHEE | Deliver to: | L.A. MAIN WAREHOUSE |
| --- | --- | --- | --- |
| | 1613 FORD AVENUE | | 16730 SCHOENBORN ST |
| | REDONDO BEACH | | NORTH HILLS |
| | 90278          CA | | CA          91343 |

| | Your Item Number / Item Description | Our Reference | Qty Ordered / Date Requested | Units | Unit Cost / Date Promised | Extension |
| --- | --- | --- | --- | --- | --- | --- |
| | | PRAYER ANGELS | 1.00 | Each | 75.00 | $75.00 |
| 1 | detailed sketch of angel's face | PRAYER ANGELS | 10/26/00 1.00 | Each | 25.00 | $25.00 |
| 2 | touch-up | PRAYER ANGELS | 10/26/00 2.00 | Each | 50.00 | $100.00 |
| 3 | sets of color swatches and specifications | PRAYER ANGELS | 10/26/00 1.00 | Each | 16.50 | $16.50 |
| | sales tax | | 10/26/00 | | | |

Please Quote Purchase Order Number on all correspondence.

Subtotal:       $216.50  
Freight:            $0.00  
Tax amount:     $0.00  
Total Value:   $216.50

Confidential  
Attorneys' Eyes Only

MGA000727

EXHIBIT 23 PAGE 399

Requisition # REQ02746       ** REQUISITION **
Requestor   KLEGG                                              Page: 1
Date

| Item Number | Quantity | Units | Cost | Due Date | Total |
|---|---|---|---|---|---|
| PRAYER ANGELS<br>detailed sketch of angel's face<br>8322-400 - | 1.00 | Each<br>Site: 01 | $75.00 | 10/26/00<br>Creditor: RHEE | $75.00 |
| PRAYER ANGELS<br>touch-up<br>8322-400 - | 1.00 | Each<br>Site: 01 | $25.00 | 10/26/00<br>Creditor: RHEE | $25.00 |
| PRAYER ANGELS<br>sets of color swatches and specifications<br>8322-400 - | 2.00 | Each<br>Site: 01 | $50.00 | 10/26/00<br>Creditor: RHEE | $100.00 |
| PRAYER ANGELS<br>sales tax<br>8322-400 - | 1.00 | Each<br>Site: 01 | $16.50 | 10/26/00<br>Creditor: RHEE | $16.50 |

PO 3527 / 7355

Requisition Total        $216.50

Confidential
Attorneys' Eyes Only

MGA000728

EXHIBIT 23 PAGE 400

**EXHIBIT 24**

FROM :     FAX NO. :     Apr. 10 2000 07:57AM P3

**YASMIN** — NO — Tweedy/felt w/ granny squares, brown w/ beige blanket stitch

**JADE** — Silver nylon w/ red type — "Purrfect"

**FIONA** — black topstitch, oyster white nylon heavy duty, animal print, aqua perfed vinyl piping; white perforized vinyl w/ animal print flap & elasticized clasp, black piping & ribbon

**KADEISHA** — orange/white, navy stripe on side; strap (1/4" only); light blue nylon w/ stripe & strap like ~~white/orange/silver~~ ~~blue flap~~ ??

FINAL DESIGNS



**YASMIN** — Brown "suede-y" looking fabric w/ beige whipstitching, blue, purple crochet body

ATTORNEY'S EYES ONLY

BRYANT 00167

EXHIBIT 24 PAGE 401

**EXHIBIT 25**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

March 11, 2005

<u>BY FACSIMILE</u>

Keith Jacoby, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Diana M. Torres, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071-2899

<u>Mattel v. Bryant</u>

Dear Counsel:

Pursuant to the pre-filing conference of counsel requirements of <u>Local Rule</u> 7-3, I am writing in connection with a motion that Mattel anticipates filing with the Court.

The anticipated motion will ask the Court to appoint, pursuant to <u>Federal Rule of Evidence</u> 706, independent forensics experts in the fields of questioned documents analysis and ink chemistry analysis to examine and testify about material documents in this matter. Mattel believes that Court appointment of neutral experts in these areas is appropriate here for several reasons.

As you know, Carter Bryant claims that he created his initial Bratz design drawings in August 1998, during a time that he was not employed by Mattel. He also claims that various other Bratz drawings were created only after his Mattel employment. The timing of what work Bryant did on Bratz, including when he created his design drawings, is obviously a central issue in this case.

Court-appointed, independent experts may well be able to determine, through objective, scientific analysis, the timing of the drawings' creation, including whether or not they were created during the time of Bryant's employment by Mattel. Courts have recognized that ink chemistry analysis may reveal when written materials were created:

EXHIBIT 25 PAGE 402

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 805 Third Avenue, 11th Floor, New York, New York 10022 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 201 Sansome Street, 6th Floor, San Francisco, California 94104 | TEL 415-986-5700 FAX 415-986-5707
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

> Sometimes, the determination of the type of ink used can, by itself, prove conclusively that the claimed date of writing is false. For example, a given ink may: (1) have been manufactured only during certain years; and/or (2) contain 'tags,' which are chemical components added to the ink for the precise purpose of providing a date of manufacture.

Equal Employment Opportunity Commission v. Ethan Allen, Inc., 259 F. Supp. 2d 625, 626 n.1 (N.D. Ohio 2003).

Moreover, a questioned documents examiner and an ink chemistry expert will potentially resolve issues regarding defendants' apparent alteration of relevant documents in this case. There are several instances in which the authenticity and integrity of documents that defendants are centrally relying upon are questionable. These include the following.

Defendants' Destructive Testing of Drawings. Mattel questioned Bryant about the condition of the few original Bratz drawings that were brought to his deposition. These originals included Bratz drawings that had numerous "plugs" or holes in them, consistent with the extraction of ink and paper samples for dating analysis. Bryant testified that he was unaware of the origin of the plugs, but did confirm that they were not present on the documents when he turned them over to defendants' counsel.

Defendants did not seek or obtain either the Court's or Mattel's consent to any such destructive sampling or analysis to these directly pertinent documents. Nor did they provide any advance notice that either would be performed. To the contrary, since Bryant's deposition, defendants' counsel have flatly denied that anyone engaged in any such destructive sampling or analysis for defendants.

Examination by Court-appointed document experts will assist on this issue as well. At the outset, they will be able to ascertain whether or not defendants did perform destructive sampling on the drawings and, furthermore, whether defendants' acts have precluded any further effective forensic testing from being conducted. See, e.g., Sedrati v. Allstate Life Insurance Co., 185 F.R.D. 388, 393 (M.D. Ga. 1998) ("Clearly, preservation of the documents in their original state is a crucial precondition for conducing accurate forensic tests on them.").

These questions are relevant ones. Courts not only have condemned destructive testing without prior notice to the court or to the opposing party as an unfair practice, but indeed have imposed evidentiary sanctions for it. Thus, for example, in Sedrati, defendant's expert had engaged in destructive testing on original documents, without actual, prior notice to the Court or to the other side. Id. at 391. Even though the Court found that the destructive testing was not done in bad faith, it ordered the exclusion of defendant's evidence because of defendant's conduct: "Our rules of evidence and procedure, as well as our system of justice generally, demand fairness to all

EXHIBIT 25 PAGE 403

concerned parties throughout the process of discovery. The Court finds that Defendant's conduct with respect to handling and testing the subject documents falls far short of that standard." Thus, among other things, examination of defendants' documents here by Court-appointed experts would have a bearing on whether defendants (contrary to their representations) engaged in destructive, unauthorized sampling and, if so, whether any such procedures have caused prejudice by interfering with proper scientific testing being conducted and what remedies should be imposed for it.

MGA's Alteration Of The Contract. There also is direct evidence in this case that MGA altered documents, including specifically for the purpose of concealing that Bryant was working with MGA during his Mattel employment. Victoria O'Connor is a former MGA executive who has testified in this case. According to Ms. O'Connor, Bryant signed his contract with MGA that is squarely at issue in this suit and faxed the entirety of it to MGA from Mattel. This faxed contract from Bryant had a fax header that read "Barbie Collectables" and bore the number of the Mattel fax machine, showing that it came from Mattel's Designer Center where Bryant worked. When she brought this to the attention of her boss, Isaac Larian, the CEO and founder of MGA Entertainment, he instructed her to "white-out" the fax header information on all of the pages. Ms. O'Connor testified that she did, in fact, alter this document at Mr. Larian's direction because it demonstrated Bryant "was still employed at Mattel at the time the contract [between MGA and Bryant] was executed." She then sent the contract, as altered, to an outside MGA attorney.

MGA's Bratz/Angel Documents. There are serious authenticity questions about internal MGA records that a witness' testimony establishes relate to significant work being performed on Bratz during Bryant's Mattel employment and, indeed, before Bryant claimed to have even heard of MGA.

Carter Bryant testified that he was the originator of the Bratz project and that he pitched it to MGA in late August and September 2000. Bryant further stated at deposition that he had no contact with MGA until August 2000 and had never even heard of MGA before July 2000.

As Bryant testified, a third party, Anna Rhee, was the face painter on Bratz. Bryant claimed, however, that he neither introduced her to MGA nor spoke with her about the Bratz project until after he had left Mattel on or about October 21, 2000.

In addition, during the entire six-month period from August 2004 (when MGA made its initial production) to January 2005, MGA produced a mere 8 pages of payment records relating to work that Ms. Rhee performed on Bryant-related projects in 2000. These few pages revealed only work that Ms. Rhee did on Bryant-related projects in *December* 2000, after Bryant left Mattel. MGA produced nothing relating to any earlier work by her.

EXHIBIT 25 PAGE 404

In mid-January 2005, pursuant to a subpoena, Anna Rhee produced documents. Her production included some 20 invoices for work that she had performed on Bryant-related MGA projects before January 1, 2001 alone, virtually none of which MGA had disclosed. Most critically here, these invoices further reflect that she performed work for MGA on Bryant-related projects on at least *seven* separate occasions before Bryant's departure from Mattel--including one invoice dated as early as June 12, 2000.

It was only after this that MGA belatedly made a partial (but still incomplete) production of documents relating to this work by Ms. Rhee during the June to October 2000 time period. MGA's internal records purport to show that her work during this time related to a project known as "Angel" and/or "Prayer Angels."

At her subsequent deposition on February 3, 2005, Anna Rhee testified that Bryant was the one who introduced her to MGA. She further testified that the June 12, 2000 invoice (and other invoices for the work she performed prior to the time Bryant left Mattel) were for work on Bratz, under a project code name that defendants called "Angel." Ms. Rhee also stated that her June 12, 2000 work was for face painting on two Bratz doll heads; her late August 2000 work was for face painting on four Bratz doll heads; and her work as of September 8, 2000 was for face painting on vinyl Bratz doll heads.

At the deposition, defendants' counsel repeatedly tried--and failed--to get Ms. Rhee to agree with defendants' claim that "Angel" and/or "Prayer Angels" was a different doll project than Bratz and that her work was on this project, not Bratz. Thus, for example, defendants' counsel asked whether the June 12, 2000 invoice (which she had testified was for work on Bratz) "could" instead relate to the doll "that ultimately came to market as Prayer Angels." Ms. Rhee responded: "There's no way."

Obviously, these are time periods when Bryant was employed by Mattel, and this chronology is materially inconsistent with defendants' claims as to when Bryant began working with MGA and when the Bratz doll was developed. Experts in the forensic examination of documents appointed by the Court may provide assistance on this highly relevant issue, since they may aid in determining the authenticity and dating of the internal MGA records that purport to show the work was on a project other than Bratz.

<u>Contradictory Testimony About The Drawings</u>. Testimony by another third-party witness, Ramona Prince, has raised other questions about the authenticity of Bryant's Bratz drawings. According to both her and Bryant, Bryant showed her his Bratz drawings in August 1999, a time during which he was employed by Mattel. When Ms. Prince was asked at deposition about matter on the copy of a Bryant drawing as produced by defendants here, however, she testified that it did not appear on the original drawing that Bryant had previously shown to her. This is contrary to Bryant's testimony about the drawing, since he claimed all of it was supposedly

earlier created in August 1998, when he was not employed by Mattel. For the same reasons described above, analysis of the drawings by neutral forensics experts may be useful on this subject.

Potentially Altered Fax Header Information. Bryant has produced documents that appear to have been altered to conceal information originally contained on them. This includes, most notably, a fax of Bratz drawings that has a fax header date of April 10, 2000. Although the fax header information on the page states that it was the third page of a fax transmission, neither the first nor the second page of the transmission were produced, nor were any subsequent pages or any cover sheet produced. Moreover, although the fax header has fields for both the sender's name and the sender's telephone number, neither the name of the sender nor the sender's telephone number appears in the fax header. It appears that this information may have been redacted from the original. The omissions are all the more troubling because this fax was sent during a time that Bryant was working for Mattel, and at a time that Bryant claimed he was doing nothing on the Bratz project. A neutral questioned documents examiner may be able to ascertain whether the document was altered in some way.

\*\*\*

It is well-settled that the Court has authority to appoint independent experts. As Federal Rule of Evidence 706(a) expressly provides: "The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection."

Here, whether taken together or individually, there are material issues about the genuineness and authenticity of documents that defendants squarely rely upon in their claimed chronology of events concerning Bryant's work with MGA and the development of Bratz. The timing of the creation of the documents and other matters pertaining to them can be critical, as noted above. Examination by neutral experts appointed by the Court potentially will aid in resolving these questions and thus will potentially aid in materially advancing the case.

Please let us know whether defendants will stipulate to the Court's appointment of independent, neutral experts, one in the field of questioned documents examination and one in the field of ink chemistry analysis, or whether Mattel will need to make such a request to the Court by motion. We also are, of course, available to further discuss this potential motion if defendants so wish.

I look forward to your response.

Very truly yours,

*Michael T. Zeller*
Michael T. Zeller

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**PALM SPRINGS**
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:** March 11, 2005

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Keith Jacoby | 310-553-0308 | 310-553-5583 |

**FROM:** Michael T. Zeller

**RE:** Mattel v. Bryant

**MESSAGE:**



FAXED MAR 11 2005

EXHIBIT 25 PAGE 408

| CLIENT #: 7209 | ROUTE/ RETURN TO: Maria Albert | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

```
Confirmation Report - Memory Send

                              Page       : 001
                              Date & Time: Mar-11-05  05:41pm
                              Line 1     : 2136240643
                              Line 2     :
                              Machine ID : QUINN EMANUEL

Job number       :  084

Date             :  Mar-11 05:39pm

To               :  ☎9414#07209#13105535583

Number of pages  :  007

Start time       :  Mar-11 05:39pm

End time         :  Mar-11 05:41pm

Pages sent       :  007

Status           :  OK

Job number  : 084        *** SEND SUCCESSFUL ***
```

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| SAN DIEGO | LOS ANGELES | SAN FRANCISCO |
| --- | --- | --- |
| 4445 Eastgate Mall, Suite 200 | 865 So. Figueroa Street, 10th Floor | 50 California Street, 22nd Floor |
| San Diego, CA 92121 | Los Angeles, CA 90017 | San Francisco, CA 94111 |
| (858) 812-3107 | (213) 443-3000 | (415) 875-6600 |
| Facsimile: (858) 812-3336 | Facsimile: (213) 443-3100 | Facsimile: (415) 875-6700 |
| PALM SPRINGS | NEW YORK | SILICON VALLEY |
| 45-025 Manitou Drive, Suite 6 | 335 Madison Avenue, 17th Floor | 555 Twin Dolphin Drive, Suite 560 |
| Indian Wells, CA 92210 | New York, NY 10017-4611 | Redwood Shores, CA 94065 |
| (760) 345-4787 | (212) 702-8100 | (650) 801-5000 |
| Facsimile: (760) 345-2414 | Facsimile: (212) 702-8200 | Facsimile: (650) 801-5100 |

### LOS ANGELES OFFICE

### FACSIMILE TRANSMISSION

DATE: March 11, 2005

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:

| NAME | PHONE NO. | FAX NO. |
| --- | --- | --- |
| Keith Jacoby | 310-553-0308 | 310-553-5583 |

FROM: Michael T. Zeller

RE: Mattel v. Bryant

MESSAGE:

| CLIENT #: 7209 | ROUTE/RETURN TO: Maria Albert | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
| --- | --- | --- |
| OPERATOR: CMK | CONFIRMED? ☐ No ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.

EXHIBIT 25 PAGE 407

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| | | |
|---|---|---|
| **SAN DIEGO**<br>4445 Eastgate Mall, Suite 200<br>San Diego, CA 92121<br>(858) 812-3107<br>Facsimile: (858) 812-3336<br><br>**PALM SPRINGS**<br>45-025 Manitou Drive, Suite 8<br>Indian Wells, CA 92210<br>(760) 345-4757<br>Facsimile: (760) 345-2414 | **LOS ANGELES**<br>865 So. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100<br><br>**NEW YORK**<br>335 Madison Avenue, 17th Floor<br>New York, NY 10017-4611<br>(212) 702-8100<br>Facsimile: (212) 702-8200 | **SAN FRANCISCO**<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700<br><br>**SILICON VALLEY**<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>(650) 801-5000<br>Facsimile: (650) 801-5100 |

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:** March 11, 2005

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Diana Torres, Esq.<br>Paula E. Ambrosini, Esq. | 213-430-6000 | 213-430-6407 |

**FROM:** Michael T. Zeller

**RE:** Mattel v. Bryant

**MESSAGE:**



FAXED MAR 11 2005

EXHIBIT 25 PAGE 4/0

| CLIENT #: 7209 | ROUTE/<br>RETURN TO: **Maria Albert** | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone; and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

Confirmation Report — Memory Send

```
Page        : 001
Date & Time : Mar-11-05  05:41pm
Line 1      : 2136240643
Line 2      :
Machine ID  : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 083 |
| Date | : | Mar-11 05:38pm |
| To | : | ☎9414#07209#12134306407 |
| Number of pages | : | 007 |
| Start time | : | Mar-11 05:38pm |
| End time | : | Mar-11 05:41pm |
| Pages sent | : | 007 |
| Status | : | OK |
| Job number | : 083 | \*\*\* SEND SUCCESSFUL \*\*\* |

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**PALM SPRINGS**
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**LOS ANGELES OFFICE**

### FACSIMILE TRANSMISSION

DATE:   March 11, 2005

NUMBER OF PAGES, INCLUDING COVER:

TO/COMPANY:

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Diana Torres, Esq. Paula E. Ambrosini, Esq. | 213-430-6000 | 213-430-6407 |

FROM:   Michael T. Zeller

RE:   Mattel v. Bryant

MESSAGE:

| CLIENT #: 7209 | ROUTE/RETURN TO: Maria Albert | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: CDM | CONFIRMED?  ☐ No  ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.

EXHIBIT 25 PAGE 411

**EXHIBIT 26**



# O'MELVENY & MYERS LLP

RECEIVED
MAR 3 0 2005

| | | |
|---|---|---|
| BEIJING | 400 South Hope Street | NEW YORK |
| BRUSSELS | Los Angeles, California 90071-2899 | SAN FRANCISCO |
| CENTURY CITY | TELEPHONE (213) 430-6000 | SHANGHAI |
| HONG KONG | FACSIMILE (213) 430-6407 | SILICON VALLEY |
| IRVINE | www.omm.com | TOKYO |
| LONDON | | WASHINGTON, D.C. |
| NEWPORT BEACH | | |

March 29, 2005

OUR FILE NUMBER
527436-04

**VIA FACSIMILE AND U.S. MAIL**

WRITER'S DIRECT DIAL
(213) 430-7466

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 Figueroa Street, 10th Floor
Los Angeles, California 90017

WRITER'S E-MAIL ADDRESS
pambrosini@omm.com

Re: *Mattel, Inc. v. Carter Bryant*

Dear Mr. Zeller:

This is in follow up to my letter of March 14, 2005 regarding Mattel's request that MGA stipulate to the appointment of an independent expert in the field of document examination and ink chemistry analysis. MGA has considered the request and declines to so stipulate.

While the Court has the ability to appoint experts under Federal Rule of Evidence 706, Courts generally decline to do so except in "compelling circumstances," preferring instead to let the parties each retain their own experts. *Applegate v. Dobrovir, Oakes & Gebhardt*, 628 F. Supp. 378, 383 (D.D.C. 1985); *see also J & M Turner v. Applied Bolting Tech. Prods.*, 1997 U.S. Dist. LEXIS 1835, *59-60 (E.D. Pa. 1997)(denying Rule 706 motion, judge was "not persuaded that the parties should not simply retain their own experts). Even the commentary to Federal Rule of Evidence 706 states that, "generally speaking, the trial court can rely on the parties and the adversary system to reach the truth fairly by calling their own experts." This is, in part, because Court appointed experts "acquire an aura of infallibility to which they are not entitled." (Rule 706, Advisory Committee Notes (1972).) Indeed, given that Mattel most certainly has the resources to retain an expert of its own choosing, it is difficult to understand why Mattel would feel the need to involve the Court at all in this matter except to achieve this "aura," and to force MGA to pay for half of it.

EXHIBIT 26 PAGE 412

**O'MELVENY & MYERS LLP**
O'MELVENY & MYERS LLP
Michael T. Zeller, Esq., March 29, 2005 - Page 2

MGA sees no need, or compelling reason, to divert from the accepted procedure whereby each side retains its own experts. I have also spoken to Mr. Bryant's counsel, who concurs that there is no need, at this juncture, for a court-appointed expert.

Very truly yours,

Paula E. Ambrosini
for O'MELVENY & MYERS LLP

cc: Keith Jacoby, Esq.

EXHIBIT 26 PAGE 4/3