1    KEKER & VAN NEST, LLP
     JOHN W. KEKER - #49092
2    jkeker@kvn.com
     MICHAEL H. PAGE - #154913
3    mpage@kvn.com
     CHRISTA M. ANDERSON - #184325
4    canderson@kvn.com
     710 Sansome Street
5    San Francisco, CA  94111-1704
     Telephone:  (415) 391-5400
6    Facsimile:  (415) 397-7188

7    Attorneys for Plaintiff
     CARTER BRYANT

8

9

                    UNITED STATES DISTRICT COURT
10
                   CENTRAL DISTRICT OF CALIFORNIA
11
                         EASTERN DIVISION
12

13

14   CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                          (consolidated with CV 04-9059 & 05-
                        Plaintiff,        2727
15

16        v.                             **CARTER BRYANT'S RESPONSES
                                         TO MATTEL, INC.'S SIXTH SET
     MATTEL, INC. a Delaware             OF REQUESTS FOR ADMISSION
17   Corporation,                        TO CARTER BRYANT**

18                      Defendant.        Date:
                                          Time:
19                                        Dept:     Courtroom 1
     CONSOLIDATED WITH MATTEL,            Judge:    Hon. Stephen G. Larson
20   INC., v. BRYANT and MGA
     ENTERTAINMENT, INC. v.               Date Comp. Filed:
21   MATTEL, INC.
                                          Discovery Cut-Off:  Oct. 22, 2007
22                                        Pre-Trial Conference:  Jan. 14, 2008
                                          Trial Date:   Feb. 12, 2008
23

24

25   PROPOUNDING PARTY:        Defendant MATTEL, INC. ("Defendant")

26   RESPONDING PARTY:         Plaintiff CARTER BRYANT ("Plaintiff")

27   SET NUMBER:               SIX (6)      EXHIBIT ___10___

28                                          PAGE ___563___

                                    1
     CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO
                                 CARTER BRYANT
                        CASE NO. CV 04-09049 SGL (RNBx)

**REQUEST FOR ADMISSION NO. 18:**

Admit that the BRATZ WORK produced as M 0001497, a copy of which is attached hereto as Exhibit 1, is an original work of authorship within the meaning of 17 U.S.C. § 102.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that the phrase "the BRATZ WORK produced as [Bates Number]" is vague and ambiguous. It is unclear whether the request is asking about only the "BRATZ WORK" depicted in the referenced document, or the referenced document itself. Bryant interprets the request to be limited to the drawing depicted in the document in question, Bryant also specifically objects to this request on the grounds that it calls for legal conclusions as to what constitutes an original work of authorship within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this request on the grounds that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, and any other applicable privileges. Bryant also specifically objects to this request on the grounds that it is oppressively repetitive and unnecessary in combination with Mattel's other requests.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: Bryant admits that the BRATZ WORK depicted in M 0001497 is an original work of authorship within the meaning of 17 U.S.C. § 102.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the BRATZ WORK produced as M 0001497, a copy of which is attached hereto as Exhibit 1, is not an original work of authorship within the meaning of 17 U.S.C. § 102.

15

EXHIBIT 70

PAGE 504

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that the phrase "the BRATZ WORK produced as [Bates Number]" is vague and ambiguous. It is unclear whether the request is asking about only the "BRATZ WORK" depicted in the referenced document, or the referenced document itself. Bryant interprets the request to be limited to the drawing depicted in the document in question, Bryant also specifically objects to this request on the grounds that it calls for legal conclusions as to what constitutes an original work of authorship within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this request on the grounds that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, and any other applicable privileges. Bryant also specifically objects to this request on the grounds that it is oppressively repetitive and unnecessary in combination with Mattel's other requests.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: Bryant denies that the BRATZ WORK depicted in M 0001497 is not an original work of authorship within the meaning of 17 U.S.C. § 102.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU were the sole author of the BRATZ WORK produced as M 0001497, a copy of which is attached hereto as Exhibit 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that the phrase "the BRATZ WORK produced as [Bates Number]" is vague and ambiguous. It is unclear whether the request is asking about only the "BRATZ WORK" depicted in the referenced document, or the referenced document itself.

16

EXHIBIT _70_

PAGE _565_

1   fully set forth herein.  Bryant specifically objects to this request on the grounds that

2   it is oppressively repetitive and unnecessary in combination with Mattel's other

3   requests.

4       Subject to and without waiving the foregoing general and specific

5   objections, Bryant responds to this request as follows:  Bryant admits that he

6   placed the "8/1998" notation on the BRATZ WORK in question.  After reasonable

7   inquiry, Bryant has insufficient information or knowledge to enable him to admit

8   or deny that he placed the "©" on the BRATZ WORK in question.

9   **REQUEST FOR ADMISSION NO. 91:**

10       Admit that MGA did not place the "© 8/1998" notation on the BRATZ

11   WORK produced as M 0001492, a copy of which is attached hereto as Exhibit 5.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

13       Bryant incorporates by reference the above-stated general objections as if

14   fully set forth herein.  Bryant specifically objects to this request on the grounds that

15   it is oppressively repetitive and unnecessary in combination with Mattel's other

16   requests.

17       Subject to and without waiving the foregoing general and specific

18   objections, Bryant responds to this request as follows:  Bryant admits that he

19   placed the "8/1998" notation on the BRATZ WORK in question.  After reasonable

20   inquiry, Bryant has insufficient information or knowledge to enable him to admit

21   or deny that he placed the "©" on the BRATZ WORK in question.

22   **REQUEST FOR ADMISSION NO. 92:**

23       Admit that the BRATZ WORK produced as M 0001492, a copy of which is

24   attached hereto as Exhibit 5, is an original work of authorship within the meaning

25   of 17 U.S.C. § 102.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

27       Bryant incorporates by reference the above-stated general objections as if

28   fully set forth herein.  Bryant specifically objects to this request on the grounds that

EXHIBIT
PAGE 566

1   the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

2   ambiguous. It is unclear whether the request is asking about only the "BRATZ

3   WORK" depicted in the referenced document, or the referenced document itself.

4   Bryant interprets the request to be limited to the drawing depicted in the document

5   in question, Bryant also specifically objects to this request on the grounds that it

6   calls for legal conclusions as to what constitutes an original work of authorship

7   within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this

8   request on the grounds that it calls for disclosure of information protected by the

9   attorney-client privilege, the work product doctrine, the joint defense privilege, and

10  any other applicable privileges. Bryant also specifically objects to this request on

11  the grounds that it is oppressively repetitive and unnecessary in combination with

12  Mattel's other requests.

13      Subject to and without waiving the foregoing general and specific

14  objections, Bryant responds to this request as follows: Bryant admits that the

15  BRATZ WORK depicted in M 0001492 is an original work of authorship within

16  the meaning of 17 U.S.C. § 102.

17  **REQUEST FOR ADMISSION NO. 93:**

18      Admit that the BRATZ WORK produced as M 0001492, a copy of which is

19  attached hereto as Exhibit 5, is not an original work of authorship within the

20  meaning of 17 U.S.C. § 102.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

22      Bryant incorporates by reference the above-stated general objections as if

23  fully set forth herein. Bryant specifically objects to this request on the grounds that

24  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

25  ambiguous. It is unclear whether the request is asking about only the "BRATZ

26  WORK" depicted in the referenced document, or the referenced document itself.

27  Bryant interprets the request to be limited to the drawing depicted in the document

28  in question, Bryant also specifically objects to this request on the grounds that it

EXHIBIT 70

1   calls for legal conclusions as to what constitutes an original work of authorship

2   within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

3   request on the grounds that it calls for disclosure of information protected by the

4   attorney-client privilege, the work product doctrine, the joint defense privilege, and

5   any other applicable privileges.  Bryant also specifically objects to this request on

6   the grounds that it is oppressively repetitive and unnecessary in combination with

7   Mattel's other requests.

8        Subject to and without waiving the foregoing general and specific

9   objections, Bryant responds to this request as follows:  Bryant denies that the

10   BRATZ WORK depicted in M 0001492 is not an original work of authorship

11   within the meaning of 17 U.S.C. § 102.

12   **REQUEST FOR ADMISSION NO. 94:**

13        Admit that YOU were the sole author of the BRATZ WORK produced as M

14   0001492, a copy of which is attached hereto as Exhibit 5.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

16        Bryant incorporates by reference the above-stated general objections as if

17   fully set forth herein.  Bryant specifically objects to this request on the grounds that

18   the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

19   ambiguous.  It is unclear whether the request is asking about only the "BRATZ

20   WORK" depicted in the referenced document, or the referenced document itself.

21   Bryant also specifically objects to this request on the grounds that it calls for legal

22   conclusions as to what constitutes a "sole author".  To the extent this request asks

23   Bryant to provide information concerning the legal basis of his defense of this

24   matter, Bryant also specifically objects on the grounds that the request

25   impermissibly calls for mental impressions, conclusions, opinions and/or legal

26   theories of Bryant's attorneys.  Bryant also specifically objects to this request on

27   the grounds that it calls for disclosure of information protected by the attorney-

28   client privilege, the work product doctrine, the joint defense privilege, and any

61

EXHIBIT  70

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

PAGE  568

1  fully set forth herein. Bryant specifically objects to this request on the grounds that

2  it is oppressively repetitive and unnecessary in combination with Mattel's other

3  requests.

4      Subject to and without waiving the foregoing general and specific

5  objections, Bryant responds to this request as follows: Bryant admits that he

6  placed the "8/1998" notation on the BRATZ WORK in question. After reasonable

7  inquiry, Bryant has insufficient information or knowledge to enable him to admit

8  or deny that he placed the "©" on the BRATZ WORK in question.

9  **REQUEST FOR ADMISSION NO. 145:**

10     Admit that the BRATZ WORK produced as M 0001496, a copy of which is

11  attached hereto as Exhibit 8, is an original work of authorship within the meaning

12  of 17 U.S.C. § 102.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 145:**

14     Bryant incorporates by reference the above-stated general objections as if

15  fully set forth herein. Bryant specifically objects to this request on the grounds that

16  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

17  ambiguous. It is unclear whether the request is asking about only the "BRATZ

18  WORK" depicted in the referenced document, or the referenced document itself.

19  Bryant interprets the request to be limited to the drawing depicted in the document

20  in question, Bryant also specifically objects to this request on the grounds that it

21  calls for legal conclusions as to what constitutes an original work of authorship

22  within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this

23  request on the grounds that it calls for disclosure of information protected by the

24  attorney-client privilege, the work product doctrine, the joint defense privilege, and

25  any other applicable privileges. Bryant also specifically objects to this request on

26  the grounds that it is oppressively repetitive and unnecessary in combination with

27  Mattel's other requests.

28     Subject to and without waiving the foregoing general and specific

92

EXHIBIT 70

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

PAGE 569

1    objections, Bryant responds to this request as follows:  Bryant admits that the
2    BRATZ WORK depicted in M 0001496 is an original work of authorship within
3    the meaning of 17 U.S.C. § 102.

4    **REQUEST FOR ADMISSION NO. 146:**

5        Admit that the BRATZ WORK produced as M 0001496, a copy of which is
6    attached hereto as Exhibit 8, is not an original work of authorship within the
7    meaning of 17 U.S.C. § 102.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 146:**

9        Bryant incorporates by reference the above-stated general objections as if
10   fully set forth herein.  Bryant specifically objects to this request on the grounds that
11   the phrase "the BRATZ WORK produced as [Bates Number]" is vague and
12   ambiguous.  It is unclear whether the request is asking about only the "BRATZ
13   WORK" depicted in the referenced document, or the referenced document itself.
14   Bryant interprets the request to be limited to the drawing depicted in the document
15   in question, Bryant also specifically objects to this request on the grounds that it
16   calls for legal conclusions as to what constitutes an original work of authorship
17   within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this
18   request on the grounds that it calls for disclosure of information protected by the
19   attorney-client privilege, the work product doctrine, the joint defense privilege, and
20   any other applicable privileges.  Bryant also specifically objects to this request on
21   the grounds that it is oppressively repetitive and unnecessary in combination with
22   Mattel's other requests.

23       Subject to and without waiving the foregoing general and specific
24   objections, Bryant responds to this request as follows:  Bryant denies that the
25   BRATZ WORK depicted in M 0001496 is not an original work of authorship
26   within the meaning of 17 U.S.C. § 102.

27   **REQUEST FOR ADMISSION NO. 147:**

28       Admit that YOU were the sole author of the BRATZ WORK produced as M

EXHIBIT **7b**

PAGE **5 7b**

1   fully set forth herein.  Bryant specifically objects to this request on the grounds that

2   it is oppressively repetitive and unnecessary in combination with Mattel's other

3   requests.

4        Subject to and without waiving the foregoing general and specific

5   objections, Bryant responds to this request as follows:  Bryant admits that he

6   placed the "8/1998" notation on the BRATZ WORK in question.  After reasonable

7   inquiry, Bryant has insufficient information or knowledge to enable him to admit

8   or deny that he placed the "©" on the BRATZ WORK in question.

9   **REQUEST FOR ADMISSION NO. 176:**

10       Admit that MGA did not place the "© 8/1998" notation on the BRATZ

11   WORK produced as M 0001495, a copy of which is attached hereto as Exhibit 10.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 176:**

13       Bryant incorporates by reference the above-stated general objections as if

14  fully set forth herein.  Bryant specifically objects to this request on the grounds that

15  it is oppressively repetitive and unnecessary in combination with Mattel's other

16  requests.

17       Subject to and without waiving the foregoing general and specific

18  objections, Bryant responds to this request as follows:  Bryant admits that he

19  placed the "8/1998" notation on the BRATZ WORK in question.  After reasonable

20  inquiry, Bryant has insufficient information or knowledge to enable him to admit

21  or deny that he placed the "©" on the BRATZ WORK in question.

22  **REQUEST FOR ADMISSION NO. 177:**

23       Admit that the BRATZ WORK produced as M 0001495, a copy of which is

24  attached hereto as Exhibit 10, is an original work of authorship within the meaning

25  of 17 U.S.C. § 102.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 177:**

27       Bryant incorporates by reference the above-stated general objections as if

28  fully set forth herein.  Bryant specifically objects to this request on the grounds that

112

EXHIBIT  70

PAGE  571

1  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

2  ambiguous. It is unclear whether the request is asking about only the "BRATZ

3  WORK" depicted in the referenced document, or the referenced document itself.

4  Bryant interprets the request to be limited to the drawing depicted in the document

5  in question, Bryant also specifically objects to this request on the grounds that it

6  calls for legal conclusions as to what constitutes an original work of authorship

7  within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this

8  request on the grounds that it calls for disclosure of information protected by the

9  attorney-client privilege, the work product doctrine, the joint defense privilege, and

10  any other applicable privileges. Bryant also specifically objects to this request on

11  the grounds that it is oppressively repetitive and unnecessary in combination with

12  Mattel's other requests.

13       Subject to and without waiving the foregoing general and specific

14  objections, Bryant responds to this request as follows: Bryant admits that the

15  BRATZ WORK depicted in M 0001495 is an original work of authorship within

16  the meaning of 17 U.S.C. § 102.

17  **REQUEST FOR ADMISSION NO. 178:**

18       Admit that the BRATZ WORK produced as M 0001495, a copy of which is

19  attached hereto as Exhibit 10, is not an original work of authorship within the

20  meaning of 17 U.S.C. § 102.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 178:**

22       Bryant incorporates by reference the above-stated general objections as if

23  fully set forth herein. Bryant specifically objects to this request on the grounds that

24  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

25  ambiguous. It is unclear whether the request is asking about only the "BRATZ

26  WORK" depicted in the referenced document, or the referenced document itself.

27  Bryant interprets the request to be limited to the drawing depicted in the document

28  in question, Bryant also specifically objects to this request on the grounds that it

113

EXHIBIT  70

1   calls for legal conclusions as to what constitutes an original work of authorship

2   within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this

3   request on the grounds that it calls for disclosure of information protected by the

4   attorney-client privilege, the work product doctrine, the joint defense privilege, and

5   any other applicable privileges. Bryant also specifically objects to this request on

6   the grounds that it is oppressively repetitive and unnecessary in combination with

7   Mattel's other requests.

8        Subject to and without waiving the foregoing general and specific

9   objections, Bryant responds to this request as follows: Bryant denies that the

10  BRATZ WORK depicted in M 0001495 is not an original work of authorship

11  within the meaning of 17 U.S.C. § 102.

12  **REQUEST FOR ADMISSION NO. 179:**

13       Admit that YOU were the sole author of the BRATZ WORK produced as M

14  0001495, a copy of which is attached hereto as Exhibit 10.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 179:**

16       Bryant incorporates by reference the above-stated general objections as if

17  fully set forth herein. Bryant specifically objects to this request on the grounds that

18  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

19  ambiguous. It is unclear whether the request is asking about only the "BRATZ

20  WORK" depicted in the referenced document, or the referenced document itself.

21  Bryant also specifically objects to this request on the grounds that it calls for legal

22  conclusions as to what constitutes a "sole author". To the extent this request asks

23  Bryant to provide information concerning the legal basis of his defense of this

24  matter, Bryant also specifically objects on the grounds that the request

25  impermissibly calls for mental impressions, conclusions, opinions and/or legal

26  theories of Bryant's attorneys. Bryant also specifically objects to this request on

27  the grounds that it calls for disclosure of information protected by the attorney-

28  client privilege, the work product doctrine, the joint defense privilege, and any

114                          EXHIBIT _70_

1    fully set forth herein. Bryant specifically objects to this request on the grounds that

2    it is oppressively repetitive and unnecessary in combination with Mattel's other

3    requests.

4         Subject to and without waiving the foregoing general and specific

5    objections, Bryant responds to this request as follows: Bryant admits that he

6    placed the "8/1998" notation on the BRATZ WORK in question. After reasonable

7    inquiry, Bryant has insufficient information or knowledge to enable him to admit

8    or deny that he placed the "©" on the BRATZ WORK in question.

9    **REQUEST FOR ADMISSION NO. 262:**

10        Admit that the BRATZ WORK produced as M 0001490, a copy of which is

11   attached hereto as Exhibit 15, is an original work of authorship within the meaning

12   of 17 U.S.C. § 102.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 262:**

14        Bryant incorporates by reference the above-stated general objections as if

15   fully set forth herein. Bryant specifically objects to this request on the grounds that

16   the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

17   ambiguous. It is unclear whether the request is asking about only the "BRATZ

18   WORK" depicted in the referenced document, or the referenced document itself.

19   Bryant interprets the request to be limited to the drawing depicted in the document

20   in question, Bryant also specifically objects to this request on the grounds that it

21   calls for legal conclusions as to what constitutes an original work of authorship

22   within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this

23   request on the grounds that it calls for disclosure of information protected by the

24   attorney-client privilege, the work product doctrine, the joint defense privilege, and

25   any other applicable privileges. Bryant also specifically objects to this request on

26   the grounds that it is oppressively repetitive and unnecessary in combination with

27   Mattel's other requests.

28        Subject to and without waiving the foregoing general and specific

165

EXHIBIT __70

PAGE __574

1    objections, Bryant responds to this request as follows:  Bryant admits that the

2    BRATZ WORK depicted in M 0001490 is an original work of authorship within

3    the meaning of 17 U.S.C. § 102.

4    **REQUEST FOR ADMISSION NO. 263:**

5        Admit that the BRATZ WORK produced as M 0001490, a copy of which is

6    attached hereto as Exhibit 15, is not an original work of authorship within the

7    meaning of 17 U.S.C. § 102.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 263:**

9        Bryant incorporates by reference the above-stated general objections as if

10    fully set forth herein.  Bryant specifically objects to this request on the grounds that

11    the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

12    ambiguous.  It is unclear whether the request is asking about only the "BRATZ

13    WORK" depicted in the referenced document, or the referenced document itself.

14    Bryant interprets the request to be limited to the drawing depicted in the document

15    in question, Bryant also specifically objects to this request on the grounds that it

16    calls for legal conclusions as to what constitutes an original work of authorship

17    within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

18    request on the grounds that it calls for disclosure of information protected by the

19    attorney-client privilege, the work product doctrine, the joint defense privilege, and

20    any other applicable privileges.  Bryant also specifically objects to this request on

21    the grounds that it is oppressively repetitive and unnecessary in combination with

22    Mattel's other requests.

23        Subject to and without waiving the foregoing general and specific

24    objections, Bryant responds to this request as follows:  Bryant denies that the

25    BRATZ WORK depicted in M 0001490 is not an original work of authorship

26    within the meaning of 17 U.S.C. § 102.

27    **REQUEST FOR ADMISSION NO. 264:**

28        Admit that YOU were the sole author of the BRATZ WORK produced as M

166

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 7D

PAGE 575

1  the phrase "BRATZ PITCH MATERIAL" is overbroad, vague and ambiguous.

2  Without waiving any related objections, Bryant interprets the definition of the term

3  THE BRATZ PITCH MATERIALS to mean "offered to MGA *by Bryant.*"  Bryant

4  specifically objects to this request on the grounds that the phrase "the BRATZ

5  WORK produced … as [Bates Number]" is vague and ambiguous.  It is unclear

6  whether the request is asking about only the "BRATZ WORK" depicted in the

7  referenced document, or the referenced document itself.  Bryant interprets the

8  request to be limited to the drawing depicted in the document in question, and that

9  the request does not ask if the document itself was "one of THE BRATZ PITCH

10  MATERIALS."  Bryant also specifically objects to this request on the grounds that

11  it is oppressively repetitive and unnecessary in combination with Mattel's other

12  requests.

13       Subject to and without waiving the foregoing general and specific

14  objections, Bryant responds to this request as follows:  Bryant denies the request.

15  **REQUEST FOR ADMISSION NO. 644:**

16       Admit that the BRATZ WORK produced as M 0001500, a copy of which is

17  attached hereto as Exhibit 37, is an original work of authorship within the meaning

18  of 17 U.S.C. § 102.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 644:**

20       Bryant incorporates by reference the above-stated general objections as if

21  fully set forth herein.  Bryant specifically objects to this request on the grounds that

22  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

23  ambiguous.  It is unclear whether the request is asking about only the "BRATZ

24  WORK" depicted in the referenced document, or the referenced document itself.

25  Bryant interprets the request to be limited to the drawing depicted in the document

26  in question, Bryant also specifically objects to this request on the grounds that it

27  calls for legal conclusions as to what constitutes an original work of authorship

28  within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

400

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT ___70

PAGE ___576

1  request on the grounds that it calls for disclosure of information protected by the

2  attorney-client privilege, the work product doctrine, the joint defense privilege, and

3  any other applicable privileges.  Bryant also specifically objects to this request on

4  the grounds that it is oppressively repetitive and unnecessary in combination with

5  Mattel's other requests.

6      Subject to and without waiving the foregoing general and specific

7  objections, Bryant responds to this request as follows:  Bryant admits that the

8  BRATZ WORK depicted in M 0001500 is an original work of authorship within

9  the meaning of 17 U.S.C. § 102.

10  **REQUEST FOR ADMISSION NO. 645:**

11      Admit that the BRATZ WORK produced as M 0001500, a copy of which is

12  attached hereto as Exhibit 37, is not an original work of authorship within the

13  meaning of 17 U.S.C. § 102.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 645:**

15      Bryant incorporates by reference the above-stated general objections as if

16  fully set forth herein.  Bryant specifically objects to this request on the grounds that

17  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

18  ambiguous.  It is unclear whether the request is asking about only the "BRATZ

19  WORK" depicted in the referenced document, or the referenced document itself.

20  Bryant interprets the request to be limited to the drawing depicted in the document

21  in question, Bryant also specifically objects to this request on the grounds that it

22  calls for legal conclusions as to what constitutes an original work of authorship

23  within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

24  request on the grounds that it calls for disclosure of information protected by the

25  attorney-client privilege, the work product doctrine, the joint defense privilege, and

26  any other applicable privileges.  Bryant also specifically objects to this request on

27  the grounds that it is oppressively repetitive and unnecessary in combination with

28  Mattel's other requests.

EXHIBIT ____ 70

PAGE ____ 677

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO
CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

1   Subject to and without waiving the foregoing general and specific

2   objections, Bryant responds to this request as follows:  Bryant denies that the

3   BRATZ WORK depicted in M 0001500 is not an original work of authorship

4   within the meaning of 17 U.S.C. § 102.

5   **REQUEST FOR ADMISSION NO. 646:**

6   Admit that YOU were the sole author of the BRATZ WORK produced as M

7   0001500, a copy of which is attached hereto as Exhibit 37.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 646:**

9   Bryant incorporates by reference the above-stated general objections as if

10   fully set forth herein.  Bryant specifically objects to this request on the grounds that

11   the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

12   ambiguous.  It is unclear whether the request is asking about only the "BRATZ

13   WORK" depicted in the referenced document, or the referenced document itself.

14   Bryant also specifically objects to this request on the grounds that it calls for legal

15   conclusions as to what constitutes a "sole author".  To the extent this request asks

16   Bryant to provide information concerning the legal basis of his defense of this

17   matter, Bryant also specifically objects on the grounds that the request

18   impermissibly calls for mental impressions, conclusions, opinions and/or legal

19   theories of Bryant's attorneys.  Bryant also specifically objects to this request on

20   the grounds that it calls for disclosure of information protected by the attorney-

21   client privilege, the work product doctrine, the joint defense privilege, and any

22   other applicable privileges.  Bryant also specifically objects to this request on the

23   grounds that it is oppressively repetitive and unnecessary in combination with

24   Mattel's other requests.

25   **REQUEST FOR ADMISSION NO. 647:**

26   Admit that YOU were not the sole author of the BRATZ WORK produced

27   as M 0001500, a copy of which is attached hereto as Exhibit 37.

28

402

EXHIBIT __7C__

1  WORK produced ... as [Bates Number]" is vague and ambiguous. It is unclear

2  whether the request is asking about only the "BRATZ WORK" depicted in the

3  referenced document, or the referenced document itself. Bryant interprets the

4  request to be limited to the drawing depicted in the document in question, and that

5  the request does not ask if the document itself was "one of THE BRATZ PITCH

6  MATERIALS." Bryant also specifically objects to this request on the grounds that

7  it is oppressively repetitive and unnecessary in combination with Mattel's other

8  requests.

9       Subject to and without waiving the foregoing general and specific

10 objections, Bryant responds to this request as follows: Bryant denies the request.

11 **REQUEST FOR ADMISSION NO. 655:**

12      Admit that the BRATZ WORK produced as M 0001498, a copy of which is

13 attached hereto as Exhibit 38, is an original work of authorship within the meaning

14 of 17 U.S.C. § 102.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 655:**

16      Bryant incorporates by reference the above-stated general objections as if

17 fully set forth herein. Bryant specifically objects to this request on the grounds that

18 the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

19 ambiguous. It is unclear whether the request is asking about only the "BRATZ

20 WORK" depicted in the referenced document, or the referenced document itself.

21 Bryant interprets the request to be limited to the drawing depicted in the document

22 in question, Bryant also specifically objects to this request on the grounds that it

23 calls for legal conclusions as to what constitutes an original work of authorship

24 within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this

25 request on the grounds that it calls for disclosure of information protected by the

26 attorney-client privilege, the work product doctrine, the joint defense privilege, and

27 any other applicable privileges. Bryant also specifically objects to this request on

28 the grounds that it is oppressively repetitive and unnecessary in combination with

EXHIBIT __70__

PAGE __579__

1   Mattel's other requests.

2       Subject to and without waiving the foregoing general and specific

3   objections, Bryant responds to this request as follows:  Bryant admits that the

4   BRATZ WORK depicted in M 0001498 is an original work of authorship within

5   the meaning of 17 U.S.C. § 102.

6   **REQUEST FOR ADMISSION NO. 656:**

7       Admit that the BRATZ WORK produced as M 0001498, a copy of which is

8   attached hereto as Exhibit 38, is not an original work of authorship within the

9   meaning of 17 U.S.C. § 102.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 656:**

11       Bryant incorporates by reference the above-stated general objections as if

12   fully set forth herein.  Bryant specifically objects to this request on the grounds that

13   the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

14   ambiguous.  It is unclear whether the request is asking about only the "BRATZ

15   WORK" depicted in the referenced document, or the referenced document itself.

16   Bryant interprets the request to be limited to the drawing depicted in the document

17   in question, Bryant also specifically objects to this request on the grounds that it

18   calls for legal conclusions as to what constitutes an original work of authorship

19   within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

20   request on the grounds that it calls for disclosure of information protected by the

21   attorney-client privilege, the work product doctrine, the joint defense privilege, and

22   any other applicable privileges.  Bryant also specifically objects to this request on

23   the grounds that it is oppressively repetitive and unnecessary in combination with

24   Mattel's other requests.

25       Subject to and without waiving the foregoing general and specific

26   objections, Bryant responds to this request as follows:  Bryant denies that the

27   BRATZ WORK depicted in M 0001498 is not an original work of authorship

28   within the meaning of 17 U.S.C. § 102.

EXHIBIT ____ 70

PAGE ____ 580

1   MATERIALS." Bryant also specifically objects to this request on the grounds that

2   it is oppressively repetitive and unnecessary in combination with Mattel's other

3   requests.

4       Subject to and without waiving the foregoing general and specific

5   objections, Bryant responds to this request as follows: Bryant denies the request.

6   **REQUEST FOR ADMISSION NO. 666:**

7       Admit that the BRATZ WORK produced as M 0001491, a copy of which is

8   attached hereto as Exhibit 39, is an original work of authorship within the meaning

9   of 17 U.S.C. § 102.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 666:**

11      Bryant incorporates by reference the above-stated general objections as if

12  fully set forth herein. Bryant specifically objects to this request on the grounds that

13  the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

14  ambiguous. It is unclear whether the request is asking about only the "BRATZ

15  WORK" depicted in the referenced document, or the referenced document itself.

16  Bryant interprets the request to be limited to the drawing depicted in the document

17  in question, Bryant also specifically objects to this request on the grounds that it

18  calls for legal conclusions as to what constitutes an original work of authorship

19  within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this

20  request on the grounds that it calls for disclosure of information protected by the

21  attorney-client privilege, the work product doctrine, the joint defense privilege, and

22  any other applicable privileges. Bryant also specifically objects to this request on

23  the grounds that it is oppressively repetitive and unnecessary in combination with

24  Mattel's other requests.

25      Subject to and without waiving the foregoing general and specific

26  objections, Bryant responds to this request as follows: Bryant admits that the

27  BRATZ WORK depicted in M 0001491 is an original work of authorship within

28  the meaning of 17 U.S.C. § 102.

EXHIBIT _70_

416

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

PAGE _581_

1    **REQUEST FOR ADMISSION NO. 667:**

2        Admit that the BRATZ WORK produced as M 0001491, a copy of which is

3    attached hereto as Exhibit 39, is not an original work of authorship within the

4    meaning of 17 U.S.C. § 102.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 667:**

6        Bryant incorporates by reference the above-stated general objections as if

7    fully set forth herein. Bryant specifically objects to this request on the grounds that

8    the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

9    ambiguous. It is unclear whether the request is asking about only the "BRATZ

10   WORK" depicted in the referenced document, or the referenced document itself.

11   Bryant interprets the request to be limited to the drawing depicted in the document

12   in question, Bryant also specifically objects to this request on the grounds that it

13   calls for legal conclusions as to what constitutes an original work of authorship

14   within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this

15   request on the grounds that it calls for disclosure of information protected by the

16   attorney-client privilege, the work product doctrine, the joint defense privilege, and

17   any other applicable privileges. Bryant also specifically objects to this request on

18   the grounds that it is oppressively repetitive and unnecessary in combination with

19   Mattel's other requests.

20       Subject to and without waiving the foregoing general and specific

21   objections, Bryant responds to this request as follows: Bryant denies that the

22   BRATZ WORK depicted in M 0001491 is not an original work of authorship

23   within the meaning of 17 U.S.C. § 102.

24   **REQUEST FOR ADMISSION NO. 668:**

25       Admit that YOU were the sole author of the BRATZ WORK produced as M

26   0001491, a copy of which is attached hereto as Exhibit 39.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 668:**

28       Bryant incorporates by reference the above-stated general objections as if

417

EXHIBIT ___10

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

PAGE ___582

1   objections, Bryant responds to this request as follows:  Bryant denies the request.

2   **REQUEST FOR ADMISSION NO. 677:**

3       Admit that the BRATZ WORK produced as M 0001489, a copy of which is

4   attached hereto as Exhibit 40, is an original work of authorship within the meaning

5   of 17 U.S.C. § 102.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 677:**

7       Bryant incorporates by reference the above-stated general objections as if

8   fully set forth herein.  Bryant specifically objects to this request on the grounds that

9   the phrase "the BRATZ WORK produced as [Bates Number]" is vague and

10  ambiguous.  It is unclear whether the request is asking about only the "BRATZ

11  WORK" depicted in the referenced document, or the referenced document itself.

12  Bryant interprets the request to be limited to the drawing depicted in the document

13  in question, Bryant also specifically objects to this request on the grounds that it

14  calls for legal conclusions as to what constitutes an original work of authorship

15  within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects to this

16  request on the grounds that it calls for disclosure of information protected by the

17  attorney-client privilege, the work product doctrine, the joint defense privilege, and

18  any other applicable privileges.  Bryant also specifically objects to this request on

19  the grounds that it is oppressively repetitive and unnecessary in combination with

20  Mattel's other requests.

21      Subject to and without waiving the foregoing general and specific

22  objections, Bryant responds to this request as follows:  Bryant admits that the

23  BRATZ WORK depicted in M 0001489 is an original work of authorship within

24  the meaning of 17 U.S.C. § 102.

25  **REQUEST FOR ADMISSION NO. 678:**

26      Admit that the BRATZ WORK produced as M 0001489, a copy of which is

27  attached hereto as Exhibit 40, is not an original work of authorship within the

28  meaning of 17 U.S.C. § 102.

EXHIBIT ___70___

424

**RESPONSE TO REQUEST FOR ADMISSION NO. 678:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that the phrase "the BRATZ WORK produced as [Bates Number]" is vague and ambiguous. It is unclear whether the request is asking about only the "BRATZ WORK" depicted in the referenced document, or the referenced document itself. Bryant interprets the request to be limited to the drawing depicted in the document in question, Bryant also specifically objects to this request on the grounds that it calls for legal conclusions as to what constitutes an original work of authorship within the meaning of 17 U.S.C. § 102. Bryant also specifically objects to this request on the grounds that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, and any other applicable privileges. Bryant also specifically objects to this request on the grounds that it is oppressively repetitive and unnecessary in combination with Mattel's other requests.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: Bryant denies that the BRATZ WORK depicted in M 0001489 is not an original work of authorship within the meaning of 17 U.S.C. § 102.

**REQUEST FOR ADMISSION NO. 679:**

Admit that YOU were the sole author of the BRATZ WORK produced as M 0001489, a copy of which is attached hereto as Exhibit 40.

**RESPONSE TO REQUEST FOR ADMISSION NO. 679:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that the phrase "the BRATZ WORK produced as [Bates Number]" is vague and ambiguous. It is unclear whether the request is asking about only the "BRATZ WORK" depicted in the referenced document, or the referenced document itself.

EXHIBIT 70

PAGE 584

1   other applicable privileges.  Bryant also specifically objects to this request on the

2   grounds that it is oppressively repetitive and unnecessary in combination with

3   Mattel's other requests.

4

5   Dated:   August 22, 2007                         KEKER & VAN NEST, LLP

6

7

8   By: _____
         CHRISTA A. ANDERSON
9        Attorneys for Plaintiff
         CARTER BRYANT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

487

EXHIBIT __20

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF REQUESTS FOR ADMISSION TO
CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)          PAGE __585

PROOF OF SERVICE

1

2      I am employed in the City and County of San Francisco, State of California in the office
of a member of the bar of this court at whose direction the following service was made. I am
3      over the age of eighteen years and not a party to the within action. My business address is Keker
& Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.
4

5      On August 22, 2007, I served the following document(s):

6      **CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S SIXTH SET OF**
**REQUESTS FOR ADMISSION TO CARTER BRYANT**
7

8      by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as
9      shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for
correspondence for delivery by FedEx Corporation. According to that practice, items are
10     retrieved daily by a FedEx Corporation employee for overnight delivery; AND

11     by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy
scanned into an electronic file in Adobe "pdf" format. The transmission was reported as
12     complete and without error.

13

14     John B. Quinn                                      Diana M. Torres
       Michael T. Zeller                                 O'Melveny & Myers, LLP
15     Quinn Emanuel Urquhart Oliver & Hedges, LLP       400 S. Hope Street
       865 South Figueroa Street, 10th Floor             Los Angeles, CA 90071
16     Los Angeles, CA 90017-2543                        Tel:   213/430-6000
       Tel:   213/443-3000                               Fax:   213/430-6407
17     Fax:   213/443-3100                               Email: dtorres@omm.com
18     Email: johnquinn@quinnemanuel.com
       Email: michaelzeller@quinnemanuel.com
19
       Patricia L. Glaser
20     Christensen Glaser Fink Jacobs Weil & Shapiro
       10250 Constellation Blvd., 19th Floor
21     Los Angeles, CA 90067
       Tel:   310/553-3000
22     Fax:   310/556-2920
23     Email: pglaser@chrisglase.com

24

25     Executed on August 22, 2007, at San Francisco, California.

26     I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.
27

28                                    _Julie Selby_
                                      JULIE A. SELBY

EXHIBIT ___70___

PAGE ___580___

**EXHIBIT 71**

*Final*

**MGA ENTERTAINMENT**
16730 Schoenborn Street
North Hills, California 91343

Dated as of September 18, 2000

Mr. Carter Bryant
1319 West 160th Street
Gardena, California 90247

Dear Mr. Bryant:

Set forth below are the terms and conditions upon which we (hereinafter "MGA") are retaining you ("Bryant") to consult and advise MGA in the design and development of certain products which MGA wishes to manufacture and distribute (hereinafter our agreement is sometimes referred to as the "MGA Consulting Agreement"). The parties' agreement is as follows:

1.      **Retention as Consultant/Services:** MGA retains Bryant to provide his services to consult with MGA and advise MGA on the design and development by MGA of a line of dolls presently known as "Bratz" (the "MGA Products"). Bryant will render his services at such locations and times as may be reasonably be designated by MGA. It is understood and agreed that Bryant shall provide his services on a "top priority" basis as his services pertain to other clients of Bryant. In addition, Bryant and all other Bryant staff will take direction from and be under the supervision of such person(s) as may be reasonably designated by MGA from time to time upon notice to Bryant. It is understood and agreed that, subject to MGA's prior written consent, Bryant may retain third party contractors ("Contractors") to assist at his direction in the services to be rendered hereunder. Such third parties shall be compensated in a manner ("Contractor Fees") to be determined between Bryant and such third parties and shall be subject to the terms of this Agreement, including without limitation, paragraphs 3, 4, and 7, below. Bryant shall enter into agreements with all Contractors on a form approved by MGA as conforming to the terms of this Agreement and confirming MGA's ownership of all results and proceeds of the services provided by any such Contractors; such form is attached a Exhibit "A" to this Agreement, and is incorporated herein by reference.

2.      **Term/Exclusivity:** The Term shall commence on the date of this Agreement. MGA shall have the right to terminate this Agreement on not less than forty-five (45) days prior written notice to Bryant. During the Term of this Agreement, Bryant will not provide consulting services to any person, firm or corporation engaged in the design, development and manufacture and sale of dolls or similar products.

3.      **Ownership:**

(a)      All results and proceeds of the services provided by Bryant hereunder and any Contractor, including without limitation, any inventions, and any documentation related thereto, and any other material, whether written or oral (collectively, the "Bryant Work Product") shall be considered "work made for hire", and shall be owned exclusively, throughout the world, and in perpetuity by MGA (including all copyrights and patents therein and thereto, and all renewals and extensions thereof). MGA shall have the sole and exclusive right to use the Bryant Work Product, in whole or in part, in whatever manner MGA may desire, including without limitation, the right to cut, edit, revise, alter and/or otherwise modify the Bryant Work Product and the results of Bryant's services hereunder and the Contractors' services, and to freely use, perform, distribute, exhibit and exploit such materials and license others to do so in any and all media now known or hereafter devised. MGA shall have the sole and exclusive right to copyright or patent the Bryant Work Product in MGA's name, as the owner and author thereof, and to secure any and all registrations, renewals and extensions of such copyrights and

[00006662.DOC/2 / 10/04/2000  03:05 PM]

1

ATTORNEY'S EYES ONLY              BRYANT 00794



DEPOSITION EXHIBIT
15
11-5-04        SH

**EXHIBIT _D_**
**PAGE 24**

patents in MGA's name or Bryant's name or the Contractors' names, as permitted pursuant to applicable statute. Bryant expressly waives, and shall cause all Contractors to waive, any "moral rights" (as such term is commonly understood around the world) in and to the Bryant Work Product prepared by Bryant and/or the Contractors pursuant to the Agreement. Bryant shall, upon request, execute, acknowledge and deliver, and shall cause each Contractor to execute, acknowledge and deliver, all such additional documents as MGA may deem necessary to evidence and effectuate MGA's rights hereunder, and Bryant hereby grants to MGA the right as Bryant's attorney-in-fact to execute, acknowledge, deliver and record in the U.S. Copyright Office, the U.S. Patent Office or elsewhere any and all such documents. If, whether by statutory amendment to the U.S. Copyright and/or Patent Laws, or a decision by a court of competent jurisdiction interpreting such laws, MGA shall not be deemed to be the author or owner of the Bryant Work Product, this Agreement and each agreement with a Contractor shall, nevertheless, constitute an irrevocable assignment by Bryant and each Contractor, as applicable, to MGA of any and all of Bryant's and each Contractors' right, title and interest, including copyright and patent (and all renewals and extensions thereof), in and to the Bryant Work Product. Bryant acknowledges and agrees, and shall cause each Contractor to acknowledge and agree, that he and they have no interest in and shall not, by virtue of this Agreement or any services rendered by Bryant and/or each Contractor to MGA acquire any interest in the MGA Products and that MGA may exploit the MGA Products and any derivative works thereto, without obligation to Bryant and/or the Contractors, except as provided in Paragraph 4, below.

(b)     Without limiting the generality of the provisions of Paragraph 3(a), above, with respect only to any inventions, and any documentation related thereto, and any other material, whether written or oral, created by or for Bryant relating to the MGA Products prior to the commencement of the term of this Agreement, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in perpetuity all of Bryant's right, title and interest, in an to the such material; including, without limiting the generality of the foregoing, all rights under copyright and patent (and all renewals and extensions thereof) including the right to produce and authorize the production of any and all derivative works, and all proprietary rights of any kind therein, now known or hereafter created throughout the world. MGA shall have the sole and exclusive right to use such material, in whole or in part, in whatever manner MGA may desire, including without limitation, the right to cut, edit, revise, alter and/or otherwise modify such materials and to freely use, perform, distribute, exhibit and exploit such materials and license others to do so in any and all media now known or hereafter devised or refrain from doing so as MGA may determine. Bryant expressly waives any "moral rights" (as such term is commonly understood around the world) in and to such materials.

4.     **Compensation/Costs:**

(a)     For the first six (6) months of the Term of this Agreement, MGA shall pay Bryant for his services at the rate of five thousand five hundred dollars ($5,500.00) per month; for the next three (3) months of the Term, MGA shall pay Bryant for his services at the rate of five thousand dollars ($5,000.00) per month. All sums paid to Bryant as monthly fees shall be deemed to be non-refundable, fully-recoupable advances against any royalties that may be payable to Bryant pursuant to paragraph 4(b), below.

(b)     MGA shall pay to Bryant a royalty of three percent (3%) of the Net Sales Receipts from the sales by MGA of any of the MGA Products developed by MGA on which Bryant provided his consulting services. As used herein, the term "Net Sales Receipts" means all monies actually received by MGA from its customers on sales of MGA Products less (i) any and all excise, sales, value added or comparable or similar taxes; (ii) freight and similar third party handling charges paid or payable by MGA; and (iii) returns, discounts, allowances or credits (inclusive of co-op and trade discounts and allowances). MGA shall account to Bryant on a calendar quarterly basis within thirty (30) days after the end of each quarter. All statements of royalties rendered by MGA hereunder shall be conclusive, final,

{00008562.DOC/27 10/04/2009  03:05 PM}

<div align="center">2</div>

ATTORNEY'S EYES ONLY

BRYANT 00795

and binding on Bryant, shall constitute an account stated, and shall not be subject to any question for any reason whatsoever unless specific written objection, stating the basis thereof, is given by Bryant to MGA within two (2) years after the date rendered. No action, suit, or proceeding of any nature in respect of any royalty statement or other accounting rendered by MGA hereunder may be maintained against MGA unless such action, suit, or proceeding is commenced against MGA. In a court of competent jurisdiction within one (1) year after the date of MGA's notice rejecting such objection. Bryant or his representatives shall have the right, not more than once per year and not more than once per statement of royalties, to examine MGA's books and records relating to the sales of such MGA Products, such examination to be conducted during MGA's normal business hours and upon reasonable prior written notice.

(c)     All costs and expenses incurred by Bryant in connection with the performance of his obligations hereunder shall be borne solely by Bryant, except as otherwise agreed and incurred with MGA's prior written consent. In the event MGA requests Bryant to travel to the Orient on MGA's behalf in connection with his services hereunder, MGA will reimburse Bryant for all travel expenses incurred in connection therewith, such as parking, airfare (economy class), auto rental, meals and hotel accommodations. Reimbursement shall be at the actual cost of such item without any mark-up.

(d)     Bryant shall submit invoices to MGA for his monthly fees (and reimbursable expenses, if and as agreed) on a monthly basis. Each invoice shall provide sufficient detail to support the monthly fee charges and hours rendered (and shall include satisfactory copies of bills and/or payments for reimbursable expenses, as applicable). MGA shall pay each such invoice within fifteen (15) days after receipt of such invoice, provided, however, MGA reserves the right to request further explanation or documentation before paying any invoice submitted by Bryant.

(e)     MGA shall use its reasonable business efforts, consistent with its business judgment, to market, promote, distribute, sell and/or exploit the MGA Products and to collect on all monies due from sales. MGA has not made and does not hereby make any representation or warranty with respect to the quantity of sales (if any) of MGA Products embodying the Property which MGA may sell. Bryant recognizes and acknowledges that the sale of MGA Products is speculative and agrees that MGA's judgment and the judgment of its subsidiaries and affiliated companies with regard to the sales of any of its MGA Products and with regard to the marketing, promotion, advertising and exploitation of the MGA Products shall be binding and conclusive upon Bryant. Bryant warrants and agrees that Bryant will not make any claim, nor shall any liability be imposed upon MGA based upon any claim, that more sales could have been made or that better business could have been done than what was actually made or done by MGA or any of MGA's subsidiaries or its affiliated companies, or that better prices or terms could have been obtained.

5.     <u>Warranties and Indemnity</u>:  Bryant represents, warrants and agrees that:

(a)     he has the right and is free to execute this Agreement, to grant the rights granted by him to MGA hereunder, and to perform each and every term and provision hereof;

(b)     neither the execution and delivery of this Agreement nor the performance by Bryant of any of his obligations hereunder will constitute a violation, breach or default under any agreement, arrangement or understanding, or any other restriction of any kind, to which Bryant is a party or by which Bryant is bound;

(c)     the Bryant Work Product shall be free of all liens and encumbrances and there will be no claims, demands or actions pending or threatened with respect thereto; and that the Bryant Work Product is original and no part thereof infringes or shall infringe upon any common law or statutory rights or intellectual property rights of any third party including, without limitation, contractual rights,

{00006682.DOC/2 / 10/04/2000  03:05 PM}

3

ATTORNEY'S EYES
ONLY

BRYANT 00796

patents, copyrights, mask-work rights, trade secrets, rights of privacy and other intellectual property rights;

(d)     he shall comply with all applicable laws and regulations in force during the Term of this Agreement with respect to the services to be rendered hereunder; and

(e)     he shall indemnify and hold MGA harmless from and against any and all claims, losses, costs, judgments, settlements, damages and expenses (including reasonable counsel fees) arising from any breach by him of any of the warranties, representations and agreements made by him hereunder.

6.     Default/Termination:

(a)     In the event either Party fails to perform any of its material obligations hereunder, or breaches any representation, warranty or agreement contained herein, the other Party may terminate this Agreement on thirty (30) days prior written notice, provided the breaching Party shall not have remedied such failure within such thirty (30) day period.

(b)     Upon the termination of this Agreement Bryant shall turn over to MGA all materials relating to the MGA Products furnished by MGA to Bryant or shall give MGA satisfactory evidence of their destruction.

7.     Confidentiality:

(a)     Bryant shall keep in confidence and not disclose to any third party, without the written permission of MGA, the Confidential Information made known to him under this Agreement. As used herein, the term "Confidential Information" means information relating to MGA's products (whether current or projected), product titles, customers, employees, tools and techniques, designs, drawings, schematics and other documentation relating thereto and other confidential and proprietary business information of MGA and which is expressly labeled or identified to Bryant in writing as "confidential" or which, under the circumstances of such disclosure, Bryant knows, or reasonably should know, are treated by MGA as confidential. This requirement of confidentiality shall not apply to any information that is (i) in the public domain through no wrongful act of Bryant; (ii) rightfully received by the Bryant from a third party who is not bound by a restriction of nondisclosure; (iii) already in the Bryant's possession without restriction as to disclosure; or (iv) required to be disclosed by operation of law or by order of a court or administrative body of competent jurisdiction, (provided that prior to such disclosure, MGA shall first receive notice thereof from Bryant and have the opportunity to contest such order or requirement of disclosure or seek appropriate protective order).

(b)     Bryant agrees and acknowledges that all Confidential Information disclosed to him shall be and remain the sole property of MGA. Nothing contained in this Agreement shall be construed as granting to Bryant any right, title or interest of any kind, by license or otherwise, to the Confidential information disclosed by MGA, the intellectual property therein or any part or copy thereof. Bryant further acknowledges and agrees that nothing contained herein shall be construed as granting Bryant any right to develop, manufacture, produce and/or distribute any product(s) derived from or which otherwise uses any of the Confidential Information disclosed by MGA, or authorize or in any way assist others to do so. Bryant may not make, sell, license or distribute copies of the Confidential Information disclosed by MGA and may not sublicense, transfer or assign in any manner whatsoever this Agreement or any of Bryant's rights or obligations under this Agreement.

(c)     Bryant acknowledges that his failure to perform any of the terms or conditions of this Agreement shall result in immediate and irreparable damage to MGA. Bryant also acknowledges that there may be no adequate remedy at law for such failures and that in the event thereof MGA shall be

[00006662.DOC/2 / 10/04/2000  03:05 PM]

4

ATTORNEY'S EYES ONLY

BRYANT 00797

EXHIBIT 0
PAGE 27

entitled to equitable relief in the nature of injunction and to all other available relief, at law and/or in equity.

8.   **Notices:** All notices, statements and/or payments to be given to the parties hereunder shall be addressed to the parties at the addresses set forth on the first page hereof or at such other address as the parties shall designate in writing from time to time. All notices shall be in writing and shall either be served by personal delivery, mail, or facsimile (if confirmed by mail or personal delivery of the hard copy), all charges prepaid. Except as otherwise provided herein, such notices shall be deemed given when personally delivered, all charges prepaid, or on the date five (5) days following the date of mailing, except that notices of change of address shall be effective only after the actual receipt thereof. Copies of all notices to MGA shall be sent to Fischbach, Perlstein & Lieberman LLP, 1875 Century Park East, Suite 850, Los Angeles, California 90067, Attention: David S. Rosenbaum, Esq. Copies of all notices to Bryant shall be sent to Carter Bryant 1319 West 160th Street, Gardena, California 90247.

9.   **Independent Contractor/No Partnership/Third Party Beneficiary:** Bryant's relationship to MGA is that of an independent contractor. Bryant does not have, and will not represent that he has, any power, right or authority to bind MGA, or to assume or create any obligation or responsibility, express or implied, on behalf of MGA in MGA's name. Nothing stated in the Agreement shall be construed as constituting a partnership or as creating the relationships of employer/employee or principal/agent between the parties. In all matters relating to the Agreement, Bryant shall not act as MGA's employee within the meaning or application of any federal or state unemployment insurance laws, or any other laws or regulations which may impute any obligations or liabilities to MGA by reason of an employment relationship. Bryant will be solely responsible for all taxes, including without limitation, employee and employer, and that he carries all of his own insurance. Neither of the parties hereto shall hold itself out contrary to the terms of this provision by advertising or otherwise. This Agreement shall not be construed to be for the benefit of any third party.

10.   **Services Rendered Deemed Special, etc.:** Bryant acknowledges that the services to be rendered by him hereunder are of a special, unique, extraordinary and intellectual character which gives them peculiar value, the loss of which cannot be adequately compensated for in an action at law and that a breach of any term, condition or covenant hereof will cause irreparable harm and injury to MGA and in addition to any other available relief MGA will be entitled to seek injunctive relief.

11.   **General Provisions:**

(a)   This Agreement may not be assigned by either Party hereto either voluntarily or by operation of law. Any such assignment shall not relieve such Party of its obligations hereunder.

(b)   The titles of the paragraphs of this Agreement are for convenience only and shall not in any way affect the interpretation of any paragraph of this Agreement or the Agreement itself.

(c)   A waiver by either Party of the terms or conditions of this Agreement in any instance shall not be deemed or construed to be a waiver of such terms or conditions for the future or of any subsequent breach thereof. All remedies, rights, undertakings, obligations and agreements contained herein shall be cumulative and none of them shall be in limitation of any other remedy, right, undertaking, obligation or agreement of either Party.

(d)   Neither Party hereto shall be liable to the other for any incidental, consequential, special or punitive damages of any nature or kind, arising out of in connection with a breach by such Party of this Agreement, whether such liability is asserted on the basis of contract, tort (including negligence or strict liability), or otherwise, even if such Party has been warned of the possibility of any such loss or damage.

{00006662.DOC/2 / 10/04/2000  03:05 PM}

5

ATTORNEY'S EYES ONLY

BRYANT 00798

EXHIBIT  D
PAGE 28

(e) This Agreement shall be construed and interpreted pursuant to the laws of the State of California, applicable to agreements made and to be performed entirely therein, and the parties hereto submit and consent to the jurisdiction of the courts of the State of California, including Federal Courts located therein, should Federal jurisdiction requirements exist, in any action brought to enforce (or otherwise relating to) this contract.

(f) This Agreement constitutes the entire Agreement between the parties hereto and supersedes all prior agreements, whether written or oral, with respect to the subject matter herein contained. No provision of this Agreement shall be deemed waived, amended or modified by either Party unless such waiver, amendment or modification shall be in writing and signed by a duly authorized officer of the Party against whom the waiver, amendment or modification is to be enforced.

(g) Nothing contained in this Agreement shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provision of this Agreement and any material statute, law, ordinance, order or regulation contrary to which the parties hereto have no legal right to contract, the latter shall prevail, but in such event any provision of this Agreement so affected shall be curtailed and limited only to the extent necessary to bring it within the legal requirements.

Kindly indicate your agreement with the foregoing by signing in the space provided below.

Very truly yours,

MGA ENTERTAINMENT

By: [signature]

Its: CEO

AGREED TO AND ACCEPTED:

[signature]

CARTER BRYANT

Redacted

Social Security Number

[00006657.DOC/2 / 10/04/2000 03:05 PM]

ATTORNEY'S EYES ONLY

**EXHIBIT 72**

# MODIFICATION AND CLARIFICATION
## OF THE 2000 AGREEMENT

MGA Entertainment, Inc., having an office and principal place of business at 16730 Schoenborn Street, North Hills, California 91343 (hereinafter "MGA") and Carter Bryant, an individual residing at 694 W. Mount Vernon, #264 Nixa, MO 65714 (hereinafter "Bryant") hereby modify and clarify the intent of the parties in, and meaning of, the agreement entered into between the parties in 2000.

## RECITALS

WHEREAS MGA has retained and continues to retain Bryant to perform services relating to the Bratz Property (defined below) for MGA; and

WHEREAS Bryant has performed and continues to perform services for MGA with the understanding that all Intellectual Property Rights (defined below); title and interest of every kind and nature now known or unknown, or hereafter created or coming into force as a result of such services being performed by Bryant for MGA, shall be owned exclusively by MGA;

NOW THEREFORE, as set forth herein, MGA and Bryant confirm that it was and is the intent of the parties that MGA is the owner of all Intellectual Property Rights worldwide, in perpetuity pertaining to the Bratz Property.

## AGREEMENTS

1.    DEFINITIONS. For the purposes of this Modification and Clarification Agreement, the following terms shall have the following meanings:

1.1    "Bryant's Services" or "Services" means all creative and production services and materials used to develop, create, design, render, produce, or deliver the Projects (defined below).

1.2    "Bratz Property" means and refers to MGA's famous Bratz property consisting of, without limitation, the BRATZ Characters (including without limitation, SASHA, CLOE, DANA, YASMIN, JADE, MEYGAN, FIANNA, NEVRA, DYLAN, CADE, EITAN, CAMERON and KOBE), and all intellectual and industrial property rights associated therewith, including without limitation all copyrights, patents, trademarks, industrial designs, design rights and trade dress rights in any country of the world.

1.3    "Materials" includes all results and proceeds created in or by the Projects including all additions, deletions, alterations, or revisions to the Projects, and all drafts, notes, concepts, ideas, suggestions, and approaches related thereto or contained therein, or other materials including, without limitation, artwork, sketches, specifications, designs, drawings, models, prototypes, sculptures, works of artistic craftsmanship or other tangible work developed, produced, created or furnished by Bryant, and each element and part thereof, and all results and proceeds thereof.

1.4    "Projects" means and refers to any and all projects worked on by Bryant with respect to the Bratz Property, and includes, without limitation, all the projects listed or identified

C:\Documents and Settings\west\Local Settings\Temporary Internet Files\OLK39\Bryant Agreement.doc

1

ATTORNEY'S EYES
ONLY

MGA000429

EXHIBIT _____ 12 _____

PAGE _____ 593 _____

DEPOSITION
EXHIBIT
17

11·5·04        517

on any invoice provided by Bryant to MGA, all the projects listed or identified on any purchase order provided by MGA to Bryant, and any and all projects otherwise worked on by Bryant with respect to the Bratz Property.

    1.5    "Intellectual Property Rights" means copyright rights, trademark rights, patent rights, design rights, industrial designs, trade secrets, moral rights, rights of publicity, authors' rights, contract and licensing rights, goodwill and all other rights as may exist now and/or hereafter come into existence which arise out of the performance by Bryant of the Services, and including all renewals and extensions thereof, regardless of whether such rights arise under the law of the United States or any other state, country or jurisdiction.

    1.6    The "2000 Agreement" means the agreement entered into between MGA and Bryant in 2000.

    2.    INTENT.  Bryant confirms, acknowledges and agrees that it is the continuing intent, and has always been the intent of the parties from the beginning of their contractual relationship, that MGA shall own, in the United States and in all other countries and jurisdictions of the world, all Intellectual Property Rights subsisting in all Services and Materials created and worked on by Bryant.  Bryant confirms, acknowledges and agrees that in order to effect this intent in any country or jurisdiction, he will execute the assignments and any and all other documents necessary to confirm this Agreement.  In addition, Bryant confirms, acknowledges and agrees that but for Bryant's agreement that MGA shall own all Intellectual Property Rights worldwide pertaining to the BRATZ Property, MGA would not have employed Bryant and would not have entered into the 2000 Agreement.  Bryant further confirms, acknowledges and agrees that all services rendered by Bryant in connection with one or more Projects have been, or will be rendered, on behalf of MGA and that the results and proceeds thereof, including, without limitation, all Materials of whatever nature rendered by Bryant hereunder, were and/or will be created by Bryant as a work made for hire specially ordered or commissioned by MGA, and that as a work made for hire all rights vest in MGA.  To the extent that any such rights in all Services and Materials did not or do not automatically vest in MGA as a work made for hire, Bryant confirms, acknowledges and agrees that for good and valuable consideration, the receipt and adequacy of which he acknowledged in the 2000 Agreement and hereby acknowledges again, Bryant irrevocably granted, assigned and transferred and continues to grant, assign and transfer to MGA all of Bryant's worldwide rights, title and interest in and to the Services and Materials upon creation.  Bryant shall, at the request of MGA, execute additional documentation, assignments or other agreements confirming the original intention of the parties that all Intellectual Property Rights vest in MGA in all countries and jurisdictions, and evidencing the existence of this Modification and Clarification Agreement.

    3.    RIGHTS.

    3.1    MGA shall solely and exclusively own throughout the world in perpetuity all right, title, and interest of every kind and nature now known or hereafter created in and to the Projects and the Materials.  Such rights, title, and interest shall include, without limitation, (i) all Intellectual Property Rights; (ii) all of the results, products and proceeds of Bryant's Services hereunder; (iii) all original ideas in connection therewith; and (iv) all rights generally known as "moral rights of authors."

ATTORNEY'S EYES
ONLY

MGA000430

EXHIBIT ___72___
PAGE ___594___

3.2     Without limiting section 3.1, with respect to all work done by Bryant prior to September 18, 2000, which became known as the Bratz Property, including without limitation the drawings which are the subject of Copyright Registration Nos. VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490 and VA 1-218-491 (and the characters that are now referred to as CLOE, JADE, SASHA and YASMIN) and during the same period, all additions, deletions, alterations, or revisions, and all drafts, notes, concepts, ideas, suggestions, and approaches related thereto or contained therein, and other materials including, without limitation, artwork, sketches, specifications, designs, drawings, models, prototypes, sculptures, works of artistic craftsmanship or other tangible work developed, produced, created or furnished by Bryant, and each element and part thereof, and all results and proceeds thereof, Bryant confirms that through the 2000 Agreement, he did irrevocably grant, assign, and transfer to MGA all of Bryant's right, title, and interest worldwide in and to the Services and Materials and the results and proceeds thereof including, without limitation, all right, title and interest in (i) all Intellectual Property Rights in the United States of America and in all other countries throughout the world; (ii) all versions and derivative works of the Materials, and all copyrights in and to such other versions, derivative works, and all renewals and extensions thereof, in the United States of America, and all copyrights and proprietary rights therein in all other countries throughout the world; and (iii) all causes of action for infringement of the copyright and of all other rights of whatsoever nature, vested or contingent, past, present and future, in and to the Materials in the United States of America and in all other countries throughout the world and all of the proceeds from the foregoing, accrued and unpaid and hereafter accruing.  To the extent the 2000 Agreement does not operate to effect such irrevocable grant, assignment, and transfer, by this Modification and Clarification Agreement, Bryant hereby irrevocably grants, assigns, and transfers to MGA all of such rights as set forth in sections (i)-(iii) contained in this paragraph.  For the purposes of this paragraph and the 2000 Agreement, Bryant hereby appoints MGA as attorney-in-fact for the limited purpose of effecting this assignment and executing all documents necessary to effect this assignment. This power of attorney is coupled with an interest and is irrevocable. Bryant confirms, acknowledges and agrees that the compensation paid to Bryant includes consideration for this grant, assignment and transfer, and Bryant further acknowledges by its signature on this Agreement the adequacy and sufficiency of the consideration therefor.

3.3     Without limiting section 3.1, Bryant confirms and acknowledges that Bryant's Services after September 18, 2000, and all results and proceeds thereof, including, without limitation, the Materials, are and were works done under MGA's direction and control, are and have been specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a supplementary work, or as a compilation, and that all such services, results, and proceeds shall be considered work made for hire.  As agreed by the parties at the outset of their relationship, as between Bryant and MGA, MGA shall be considered the author of the Materials and shall own all the rights in and to the Materials including, without limitation, all Intellectual Property Rights, and shall have the right to register the copyrights and other Intellectual Property Rights therefor in MGA's name or in the name of its nominee.

3.4     To the extent that any rights in the work or services set forth in section 3.3, in whole or in part, did not or do not vest in MGA as a work made for hire or otherwise in the United States or any other country, Bryant confirms that he did, does and will irrevocably grant, assign, and transfer to MGA all of Bryant's right, title, and interest worldwide in and to the Services and Materials and the results and proceeds thereof including, without

C:\Documents and Settings\fomill\Local Settings\Temporary Internet Files\OLK3\Bryant Agreement.doc

3

ATTORNEY'S EYES ONLY

MGA000431

EXHIBIT ___72___

PAGE ___595___

limitation, all right, title and interest in (i) all Intellectual Property Rights in the United States of America and in all other countries throughout the world; (ii) all versions and derivative works of the Materials and all copyrights in and to such other versions, derivative works, and all renewals and extensions thereof, in the United Sates of America, and all copyrights and proprietary rights therein in all other countries throughout the world; and (iii) all causes of action for infringement of the copyright and of all other rights of whatsoever nature, vested or contingent, past, present and future, in and to the Materials in the United States of America and in all other countries throughout the world, and all of the proceeds from the foregoing, accrued and unpaid and hereafter accruing. For this purpose, Bryant hereby appoints MGA as attorney-in-fact for the limited purpose of effecting this assignment and executing all documents necessary to effect this assignment. This power of attorney is coupled with an interest and is irrevocable. Bryant confirms, acknowledges and agrees that the compensation paid to Bryant includes consideration for this grant, assignment and transfer, and Bryant further acknowledges by its signature on this Agreement the adequacy and sufficiency of the consideration therefor.

3.5     MGA shall have the sole and exclusive right throughout the world, in all languages, in perpetuity to use and exploit all or any part of the Materials and all or any part of any material contained therein or prepared therefor, whether or not used therein, in any format or version, by any means and in any media, whether now or hereafter known or developed, each without further payment or consideration to Bryant. Without limiting the foregoing, Bryant hereby waives any and all claims that Bryant may now or hereafter have in any jurisdiction to so-called "moral rights" or "droit moral" with respect to the results and proceeds of Bryant's Services hereunder.

3.6     Bryant represents and confirms that he is the sole creator of all Materials contributed by Bryant, that he had no employees, agents, subcontractors, vendors and/or independent contractors working on the Projects, and therefore that no copies of Exhibit A to the 2000 Agreement were ever signed, as none were required.

3.7     Bryant acknowledges, confirms and agrees that with respect to this Modification and Clarification Agreement, he has received valuable consideration, the adequacy and sufficiency of which is hereby acknowledged, that this Modification and Clarification Agreement is fully enforceable, and that Bryant's assignment of rights to MGA and acknowledgement of rights as set forth herein and in the 2000 Agreement (including without limitation the work-made-for-hire nature of Bryant's work as set forth in section 3.3 herein) are irrevocable and, subject only to the Copyright Act, non-terminable. If MGA breaches its obligations under this Modification and Clarification Agreement or the 2000 Agreement, the damage, if any, caused to Bryant shall not be irreparable or sufficient to entitle Bryant to injunctive or other equitable relief. Consequently, Bryant's rights and remedies in such cases shall be limited to the right, if any, to obtain damages at law and Bryant shall not have any right in such event to terminate, revoke or rescind this Modification and Clarification Agreement or the 2000 Agreement or any of the rights granted to MGA hereunder or in the 2000 Agreement, or to enjoin or restrain any manufacturing, production, advertising, promotion, distribution or exploitation of the BRATZ Property, any derivative work, and/or any of MGA's rights hereunder or under the 2000 Agreement.

4.     ADDITIONAL PROVISIONS

C:\Documents and Settings\Avati\Local Settings\Temporary Internet Files\OLK1\Bryant Agreement.doc

4

ATTORNEY'S EYES
ONLY

MGA000432

EXHIBIT _____ 72

PAGE _____ 596

4.1.   Other than as set forth herein, the 2000 Agreement remains in full force and effect. The 2000 Agreement, as clarified and modified by this document, constitutes the entire and final agreement of the parties with respect to the subject matter hereof and supersedes any and all prior agreements, representations, promises and undertakings of any kind, whether oral or written. In the event of any conflict between this Modification and Clarification Agreement and the 2000 Agreement or any other agreement, the parties agree that this Modification and Clarification Agreement shall govern.

4.2.   The parties understand and agree that the 2000 Agreement was entered into between Carter Bryant and ABC International Traders, Inc. d/b/a MGA Entertainment and that ABC International Traders, Inc. is now known as MGA Entertainment, Inc.

4.3.   MGA may freely assign any or all of its Intellectual Property Rights, including any and all rights in the Bratz Property.

4.4.   The 2000 Agreement and this Modification and Clarification Agreement shall be binding upon and shall inure to the benefit of the parties and their respective successors and assigns. Bryant shall not voluntarily or by operation of law assign, transfer, encumber or otherwise dispose of all or part of any rights or obligations set forth in the 2000 Agreement or this Modification and Clarification Agreement.

4.5.   Any amendment or modification of the 2000 Agreement or this Modification and Clarification Agreement, or any waiver of the terms, in order to be binding, must be written and signed by the parties hereto.

4.6.   Except as expressly stated in the 2000 Agreement and this Modification and Clarification Agreement, no party hereto has made any statement or representation to any other party hereto regarding any facts relied upon by said party in entering into these agreements, and, except for the representation and warranties stated in these agreements, each party hereto specifically does not rely upon any statement, representation or promise of any other party hereto in executing these agreements.

4.7.   Each of the parties to this Modification and Clarification Agreement represents and warrants that as of the date of this agreement it has the right and authority to execute this agreement on its or his behalf, and that it or he has not sold, assigned, transferred, conveyed, or otherwise disposed of any claim or demand relating to any right surrendered by virtue of this agreement. Each of the parties to this agreement represents and warrants that it or he has not entered into any agreements which conflict with this agreement and has taken the necessary steps to give effect to this Modification and Clarification Agreement.

4.8.   This Modification and Clarification Agreement and the 2000 Agreement will be governed by and construed in accordance with federal laws of the United States and the laws of the State of California applicable to agreements entered into, and to be performed entirely, within California without regard to choice of law provisions and regardless of the place or places of its actual execution or performance. Any suit, action or proceeding between or among any of the parties hereto arising out of or related to these agreements shall be brought solely in the United States District Court, Central District of California, or the Superior Court, County of Los Angeles, and Bryant hereby submits to the personal jurisdiction thereof and agrees to such court as the appropriate venue.

C:\Documents and Settings\Away\Local Settings\Temporary Internet Files\OLK3\Bryant Agreement.doc

5

ATTORNEY'S EYES ONLY

MGA000433

EXHIBIT ___72___

PAGE ___591___

4.9. These agreements are severable. If any provision of the 2000 Agreement or this Modification and Clarification Agreement is found invalid or unenforceable in any jurisdiction, that provision, as to that jurisdiction, will be ineffective to the extent of such invalidity or unenforceable without rendering invalid or unenforceable the other remaining provisions of these agreements, which other remaining provisions will not be affected and shall remain in force, to the maximum extent permissible.

4.10. This Modification and Clarification Agreement may be executed in one or more counterparts, and by facsimile transmission, each copy of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument, but this Agreement shall not be binding upon the parties until it has been signed by all parties.

Date: MAY 11 , 2004  MGA ENTERTAINMENT, INC.

By: DAPHNE GRONICH
Its: SENIOR V.P. + GENERAL COUNSEL

Date: 5/5 , 2004

By: CARTER BRYANT

C:\Documents and Settings\lwait\Local Settings\Temporary Internet Files\OLK3\Bryant Agreement.doc

6

ATTORNEY'S EYES ONLY

MGA000434

EXHIBIT 72

PAGE 598

**EXHIBIT 73**



"The Bratz"

ATTORNEY'S EYES ONLY

BRYANT 00310

EXHIBIT ___73___

PAGE ___599___

DEPOSITION EXHIBIT
2

11-5 04        SH