CONFIDENTIAL

TO: M.G.A.   ENTERTAINMENT

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **NAME** ANNA RHEE | | | **SHIP TO** | | | | |
| **ADDRESS** 1613 FORD AVE. | | | **ADDRESS** | | | | |
| **CITY, STATE, ZIP** REDONDO BCH, CA. 90278 | | | **CITY, STATE, ZIP** | | | | |

| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS | HOW SHIP | DATE |
|---|---|---|---|---|---|---|
| | | | | 30 DAYS | | 9 / 10 / 01 |

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 2 | doll faces (Brown eyes)    price → | $ | 400. 00 |
| | tax → | $ | 32. 00 |
| | TOTAL PRICE → | $ | 432. 00 |
| | INCLUDING TAX | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | Request by Maureen Mullen | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

BUYER:

E.Adams
8100

KEEP THIS SLIP FOR REFERENCE

201-44
AR 0044

EXHIBIT 84

PAGE 684

CONFIDENTIAL

TO: MGA. ENTERTAINMENT

| NAME | ADDRESS | CITY, STATE, ZIP | SHIP TO | | |
|---|---|---|---|---|---|

NAME ANNA RHEE

ADDRESS 1613 FORD AVE.

CITY, STATE, ZIP REDONDO BCH, CA. 90278

SHIP TO

ADDRESS

CITY, STATE, ZIP

| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS | HOW SHIP | DATE |
|---|---|---|---|---|---|---|
| | | | | 30 DAY | | 9/12/01 |

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 2 | Angel dolls     price → | | $400.00 |
| | tax → | | $32.00 |
| | TOTAL PRICE → | | $432.00 |
| | INCLUDING TAX | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | Request by Nanette | | |
| | | | |
| | | | |
| | | | |
| | | | |

BUYER:

Adams
8100

KEEP THIS SLIP FOR REFERENCE

201-45

EXHIBIT 84

PAGE 685

AR-0045

CONFIDENTIAL

TO: M.G.A. ENTERTAINMENT

| NAME ANNA RHEE | SHIP TO | | | | | | |
|---|---|---|---|---|---|---|---|
| ADDRESS 1613   FORD AVE. | ADDRESS | | | | | | |
| CITY, STATE, ZIP R.B. CA. 90278 | CITY, STATE, ZIP | | | | | | |

| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS | HOW SHIP | DATE |
|---|---|---|---|---|---|---|
| | | | | 30 DAYS | | 9 / 18 / 01 |

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 3 | Micro Bratz Heads | | $ 600. 00 |
| 3 | Bodies painted | | $ 150. 00 |
| 3 | pairs of shoes | | $ 175. 00 |
| | | price → | $ 925. 00 |
| | | tax → | $ 74. 00 |
| | | TOTAL PRICE → INCLUDING TAX | $ 999. 00 |
| | | | |
| | Request by Paula Treantafelles | | |

BUYER:

Adams
8100

KEEP THIS SLIP FOR REFERENCE

EXHIBIT 84

PAGE 686

201·46

AR 0046

CONFIDENTIAL

TO: M.G.A. ENTERTAINMENT

| NAME | SHIP TO |
| ANNA RHEE | |
| **ADDRESS** | **ADDRESS** |
| 1613 FORD AVE. | |
| **CITY, STATE, ZIP** | **CITY, STATE, ZIP** |
| REDONDO BCH, CA. 90278 | |

| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS | HOW SHIP | DATE |
| | | | | 30 DAYS | | 9/19/01 |

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 3 | BRATZ HEADS | | 600. 00 |
| 4 | Pairs of Shoes | | 300. 00 |
| | | | |
| | price → | ₡ 9 00. 00 | |
| | tax → | 72.00 | |
| | +OTAL PRICE → | 972.00 | |
| | INCLUDING TAX | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | Request by Carter Bryant | | |
| | | | |

BUYER:

Adams
8100                    KEEP THIS SLIP FOR REFERENCE

2C147

AR 0047

EXHIBIT 84

PAGE 687

CONFIDENTIAL

TO: M.G.A. ENTERTAINMENT

| NAME ANNA RHEE | SHIP TO |
| ADDRESS 1613 FORD AVE. | ADDRESS |
| CITY, STATE, ZIP REDONDO BCH CA. 90278 | CITY, STATE, ZIP |

| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS | HOW SHIP | DATE |
|---|---|---|---|---|---|---|
| | | | | 30 DAYS | | 9/22/01 |

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 1 | Pair of large rotocast shoes | price → | $ 100.00 |
| | | tax → | 8.00 |
| | TOTAL PRICE → | | $ 108.00 |
| | INCLUDING TAX | | |
| | | | |
| | | | |
| | | | |
| | Request by Maureen Mueller | | |

BUYER:

Adams
8100

KEEP THIS SLIP FOR REFERENCE

201-48

AR 0048

EXHIBIT 84

PAGE 688

CONFIDENTIAL

TO  M.G.A  ENTERTAINMENT

| NAME | | SHIP TO | | |
|------|---|---------|---|---|
| ANNA  RHEE | | | | |
| ADDRESS | | ADDRESS | | |
| 16 13  FORD  AVE. | | | | |
| CITY, STATE, ZIP | | CITY, STATE, ZIP | | |
| REDONDO  BCH, CA·  90278 | | | | |

| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS | HOW SHIP | DATE |
|---|---|---|---|---|---|---|
| | | | | 30 DAYS | | 9 / 24 /01 |

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 3 | Angel  Faces | | 600.00 |
| 1 | Baby  Check-up face chair | | 200.00 |
| | | price→ | $ 800.00 |
| | | tax→ | $ 64.00 |
| | TOTAL  PRICE → | | $ 864.00 |
| | INCLUDING TAX | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | Request by  Ninette Pendleton | | |
| | | | |
| | 1 (818) 894-2525 | | |
| | X 141 | | |

BUYER:

KEEP THIS SLIP FOR REFERENCE

Adams
8100

EXHIBIT  84

PAGE  689

2-1-49
AR 0049

CONFIDENTIAL

TO: M.G.A. ENTERTAINMENT

| NAME | SHIP TO |
|------|---------|
| ANNA RHEE | |
| ADDRESS 1613 FORD AVE. | ADDRESS |
| CITY, STATE, ZIP R.B. CA. 90278 | CITY, STATE, ZIP |

| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS | HOW SHIP | DATE |
|---|---|---|---|---|---|---|
| | | | | 30 DAYS | | 9/26/01 |

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 1 | Set of Sugar Plum Toy (including pet.) | | |
| | price → | | $325.00 |
| | tax → | | 26.00 |
| | TOTAL PRICE | | $351.00 |
| | INCLUDING TAX | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | Request by Carter Bryant | | |

BUYER:

Adams
8100

KEEP THIS SLIP FOR REFERENCE

201-5°

AR 0050

EXHIBIT 84

PAGE 690

CONFIDENTIAL

TO: MGA ENTERTAINMENT

| NAME ANNA RHEE | SHIP TO | | | | | |
|---|---|---|---|---|---|---|
| ADDRESS 1613 FORD AVE. | ADDRESS | | | | | |
| CITY, STATE, ZIP REDONDO BCH, CA. 90278 | CITY, STATE, ZIP | | | | | |

| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS 30 DAYs | HOW SHIP | DATE 9 / 30 / 01 |
|---|---|---|---|---|---|---|

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 1 | Make-up Bratz Hispanic Head (Ex. Large) price → $ | | 250 00 |
| | tax → $ | | 20. 00 |
| | TOTAL PRICE → $ | | 270. 00 |
| | INCLUDING TAX | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | Request by Paula Treantafelles | | |

BUYER:

E. Adams
8100

KEEP THIS SLIP FOR REFERENCE

EXHIBIT ____84____

PAGE ____691____

201-51

AR 0051

CONFIDENTIAL

TO: M.G.A. ENTERTAINMENT

| NAME | | | SHIP TO | | | | |
|---|---|---|---|---|---|---|---|
| ANNA RHEE | | | | | | | |
| ADDRESS | | | ADDRESS | | | | |
| 1613 FORD AVE. | | | | | | | |
| CITY, STATE, ZIP | | | CITY, STATE, ZIP | | | | |
| REDONDO BCH, CA. 90278 | | | | | | | |

| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS | HOW SHIP | DATE |
|---|---|---|---|---|---|---|
| | | | | 30 DAYS | | 10/9/01 |

| QUANTITY | DESCRIPTION | | PRICE | AMOUNT |
|---|---|---|---|---|
| 4 | Bratz Head (photo shoot) | price → | $ | 800 00 |
| | | tax → | $ | 64 00 |
| | TOTAL PRICE → | | $ | 864 00 |
| | INCLUDING TAX | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | Request by Paula Treantafelles | | | |
| | | | | |
| | | | | |
| | | | | |

BUYER:

Adams
8100

KEEP THIS SLIP FOR REFERENCE

201-52

EXHIBIT 84

PAGE 692

AR 0052

CONFIDENTIAL

TO: M.G.A. ENTERTAINMENT

| NAME | ANNA RHEE | SHIP TO | | | | |
|------|-----------|---------|---|---|---|---|
| ADDRESS | 1613 FORD AVE. | ADDRESS | | | | |
| CITY, STATE, ZIP | REDONDO BCH CA 90278 | CITY, STATE, ZIP | | | | |

| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS | HOW SHIP | DATE |
|---|---|---|---|---|---|---|
| | | | | 30 DAYS | | 11/14/01 |

| QUANTITY | DESCRIPTION | | PRICE | AMOUNT | |
|---|---|---|---|---|---|
| 1 | Sugar Plum set (accessories & background) price → | | $ | 500 | 00 |
| | tax → | | $ | 40 | 00 |
| | TOTAL PRICE → | | $ | 540. | 00 |
| | INCLUDING TAX | | | | |

Requested by Carter Bryant

BUYER:

Adams
100

KEEP THIS SLIP FOR REFERENCE

2-015.

AR 0053

EXHIBIT _____ 84

PAGE _____ 693

CONFIDENTIAL

TO: MGA ENTERTAINMENT

| NAME | | | | | SHIP TO | | | |
|------|--|--|--|--|---------|--|--|--|
| ANNA RHEE | | | | | | | | |
| **ADDRESS** 1613 FORD AVE. | | | | | **ADDRESS** | | | |
| **CITY, STATE, ZIP** REDONDO BCH, CA. 91278 | | | | | **CITY, STATE, ZIP** | | | |

| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS | HOW SHIP | DATE |
|---|---|---|---|---|---|---|
| | | | | 30 DAYS | | 10/15/01 |

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 1 | Extra Large Bratz Head (Make-up) price → | | $250.00 |
| | tax → | | $20.00 |
| | TOTAL PRICE → | | $270.00 |
| | INCLUDING TAX | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | Request by Paula Treantafelles | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

BUYER:

⎓Adams
810C

KEEP THIS SLIP FOR REFERENCE

201-54

AR 0054

EXHIBIT **84**

PAGE **694**

CONFIDENTIAL

TO: M.G.A. ENTERTAINMENT

| NAME | | | | | | | |
|---|---|---|---|---|---|---|---|
| ANNA RHEE | | | | SHIP TO | | | |
| **ADDRESS** 1613 FORD AVE. | | | | **ADDRESS** | | | |
| **CITY, STATE, ZIP** REDONDO BCH. CA. 90278 | | | | **CITY, STATE, ZIP** | | | |

| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS | HOW SHIP | DATE |
|---|---|---|---|---|---|---|
| | | | | 30 DAys | | 11/2/01 |

| QUANTITY | DESCRIPTION | | PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | Dress up Amy | price → | $ | 200.00 |
| | | tax → | $ | 16.00 |
| | TOTAL PRICE → | | $ | 216.00 |
| | INCLUDING TAX | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | Request by Nanette Pendleton | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

BUYER:

Adams
00

KEEP THIS SLIP FOR REFERENCE

201-55

AR 0055

EXHIBIT ____84____

PAGE ____695____

CONFIDENTIAL

TO: MGA ENTERTAINMENT

| NAME | ANNA RHEE | SHIP TO | |
| --- | --- | --- | --- |
| ADDRESS | 1613 FORD AVE. | ADDRESS | |
| CITY, STATE, ZIP | REDONDO BCH, CA. 90278 | CITY, STATE, ZIP | |

| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS | HOW SHIP | DATE |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | 30 DAYS | | 12/10/01 |

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
| --- | --- | --- | --- |
| 1 | Sugar Plum Planet Play set - "Frozen Candy" | | 722 00 |
| 1 | Sugar Plum - (Hawaiin Girl | | 200 00 |
| | | | |
| | price → | | $ 900 00 |
| | tax → | | $ 72 00 |
| | TOTAL PRICE → | | $972 00 |
| | INCLUDING TAX | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | Request by Carter Bryant | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

BUYER:

Adams
100

KEEP THIS SLIP FOR REFERENCE

201-56

AR 005

EXHIBIT ___84___

696

PAGE _____

CONFIDENTIAL

TO: MGA, ENTERTAINMENT

| NAME | | | | SHIP TO | | | |
|---|---|---|---|---|---|---|---|
| ANNA RHEE | | | | | | | |

| ADDRESS | | | ADDRESS |
|---|---|---|---|
| 1613 FORD AVE. | | | |

| CITY, STATE, ZIP | | | CITY, STATE, ZIP |
|---|---|---|---|
| REDONDO BCH, ca. 90278 | | | |

| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS | HOW SHIP | DATE |
|---|---|---|---|---|---|---|
| | | | | 30 DAYS | | 12/21/01 |

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 1 | Sugar Plum Alaska "Frozen Canty" Girl Set | | 325.00 |
| 1 | Sugar Plum Planet Play Set (Hawaiin) Full Touch-up | | 200.00 |
| | | | |
| | price → | | $525.00 |
| | tax → | | 42.00 |
| | TOTAL PRICE → | | $567.00 |
| | INCLUDING TAX | | |
| | | | |
| | Request by Carter Bryant | | |

BUYER:

Adams
8100

KEEP THIS SLIP FOR REFERENCE

EXHIBIT 84

PAGE 697

201-57
AR 0057

CONFIDENTIAL

| NAME | | | | SHIP-TO | | | |
|---|---|---|---|---|---|---|---|
| ANNA RHEE | | | | | | | |
| **ADDRESS** | | | | **ADDRESS** | | | |
| 1613 FORD AVE. | | | | | | | |
| **CITY, STATE, ZIP** | | | | **CITY, STATE, ZIP** | | | |
| REDONDO BCH, CA. 90278 | | | | | | | |
| ORDER NUMBER | DEPARTMENT | SALESPERSON | WHEN SHIP | TERMS | | HOW SHIP | DATE |
| | | | | 30 DAYS | | | 12/28/01 |

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 1 | Sugar Plum Planet Play Set — "Mermaid" | | 700. 00 |
| | " Mermaid Girl & Pet | | 325 00 |
| | | | |
| | price → | | 1,025. 00 |
| | tax → | | 82. 00 |
| | TOTAL PRICE → | | 1,107. 00 |
| | INCLUDING TAX | | |
| | | | |
| | | | |
| | | | |
| | Carter Bryant | | |
| | Request by ~~Paula Treantafelles~~ | | |

BUYER:

Adams
8100

KEEP THIS SLIP FOR REFERENCE

EXHIBIT 84

PAGE 698

201-55
AR 0058

**EXHIBIT 85**

1                  UNITED STATES DISTRICT COURT

2                 SOUTHERN DISTRICT OF CALIFORNIA

3

4  ART ATTACKS INK, LLC,          )   Case No. 04CV1035-B(BLM)
                                  )
5              Plaintiff,          )   San Diego, California
                                  )
6  vs.                            )   Tuesday,
                                  )   May 1, 2007
7  MGA ENTERTAINMENT, INC.,       )   9:00 a.m.
                                  )
8              Defendant.          )   **SEALED PROCEEDINGS**
   ───────────────────────────    )

9

10             TRANSCRIPT OF EXCERPTED PORTION OF TRIAL
               BEFORE THE HONORABLE RUDI M. BREWSTER
11             UNITED STATES DISTRICT JUDGE, and a jury

12 APPEARANCES:

13 For the Plaintiff:            RICHARD A. CLEGG, ESQ.
                                 Seltzer, Caplan, Wilkins
14                                & McMahon
                                 750 B Street, Suite 2100
15                               San Diego, California 92101
                                 (619) 685-3086
16
                                 DOUGLAS W. GRINNELL, ESQ.
17                               Epsten, Grinnell & Howell
                                 9980 Carroll Canyon Road
18                               Second Floor
                                 San Diego, California 92131
19                               (858) 527-0111

20                               AMY E. ALLEMANN, ESQ.
                                 MICHAEL W. QUADE, ESQ.
21                               Quade & Associates
                                 11230 Sorrento Valley Road
22                               Suite 225
                                 San Diego, California 92121
23                               (858) 642-1700

24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.

*Echo Reporting, Inc.*

EXHIBIT ___85___

PAGE ___699___

Confidential - Attorney's Eyes Only

MGA 0868866

ii

1  APPEARANCES: (Cont'd.)

2  For the Defendant:                    DALE M. CENDALI, ESQ.
                                         O'Melveny & Myers, LLP
3                                        Times Square Tower
                                         7 Times Square
4                                        New York, New York 10036
                                         (212) 326-2000
5
                                         PATRICIA L. GLASER, ESQ.
6                                        Christensen, Glaser, Fink
                                            Jacobs, Weil & Sharpiro, LLP
7                                        10250 Constellation Boulevard
                                         Los Angeles, California 90067
8                                        (310) 553-3000

9                                        EDWARD PATRICK SWAN, JR., ESQ.
                                         Luce, Forward, Hamilton &
10                                          Scripps, LLP
                                         600 West Broadway, Suite 2600
11                                       San Diego, California 92101
                                         (619) 699-2415
12
   Transcript Ordered by:               PATRICIA L. GLASER, ESQ.
13
   Court Recorder:                       Jennie Hinkle
14                                       United States District Court
                                         940 Front Street
15                                       San Diego, California  92101

16 Transcriber:                          Shonna Mowrer, Jordan Keilty
                                         Echo Reporting, Inc.
17                                       6336 Greenwich Drive
                                         Suite B
18                                       San Diego, California  92122
                                         (858) 453-7590
19

20

21

22

23

24

25

*Echo Reporting, Inc.*

EXHIBIT ____ 85 ____

PAGE ____ 700 ____

Confidential - Attorney's Eyes Only

MGA 0868867

52

1 products that they sell.

2          THE COURT:  Just Bratz.  That's Bratz only.

3 BY MR. QUADE:

4 Q    Yes.  Now we're segmenting the 2.4 million and 1.2 --

5 excuse me.  That was 2.48 billion.  Now, $1.2 billion is

6 related to sales of the fashion dolls, true?

7 A    I don't know without looking at financial statement.  I

8 can't tell you.

9          THE COURT:  What are -- what are fashion dolls?

10 Are those Bratz or nonBratz?

11          MR. QUADE:  Those are Bratz, your Honor.  That's

12 the dolls that we have up there on the stand.

13          THE COURT:  Oh, sale of Bratz dolls.

14 BY MR. QUADE:

15 Q    And the fashion doll accessories for the Bratz dolls

16 and for the Kidz dolls is in excess of $482 million, true?

17 A    I don't know if it's true or not.  I don't have the

18 financial statement in front of me to look at.

19 Q    The Bratz dolls is the single most successful product

20 your company has ever been involved with, true?

21 A    That's correct.

22 Q    And sales during this 2001 to 2006 period has been

23 tremendous, true?

24 A    They have been tremendous, yes.

25 Q    And you've been quoted as saying the value for the

*Echo Reporting, Inc.*

EXHIBIT ___85___

PAGE ___701___

Confidential - Attorney's Eyes Only

MGA 0868921

53

1 Bratz market is in excess of a billion dollars, true?

2 A    I don't think I've said something like that.

3 Q    MGA has spent tens of millions of dollars advertising
4 Bratz since 2001, true?

5 A    We have.

6 Q    Now, you claim that MGA got the idea for the Bratz
7 dolls from a Mr. Carter Bryant; isn't that correct?

8 A    That's correct.  And that's the truth.

9 Q    Well, let's talk about Mr. Bryant.  You claim to have
10 first met Mr. Bryant sometime in the year 2000, true?

11 A    That's correct.

12 Q    And you say that he came to you with an idea for a
13 series of fashion dolls and some drawings of the characters,
14 right?

15 A    He came with drawings of characters and an idea to make
16 them a fashion doll, yes.

17 Q    And at the time he came to you, he was working for
18 Mattel, wasn't he?

19 A    I believe he was.

20 Q    And you knew that he was working for Mattel, true?

21 A    He told me he was working for Mattel.

22 Q    Mattel makes Barbie, doesn't it?

23 A    Yes.

24 Q    And Mattel's Barbie is a primary competitor for your
25 Bratz dolls, true?

*Echo Reporting, Inc.*

EXHIBIT 85

PAGE 702

Confidential - Attorney's Eyes Only

MGA 0868922

54

1  A    Today it is, yes.

2  Q    So here you are talking with a Mattel employee about
3  his product idea while he was still employed by Mattel,
4  right?

5  A    I'm sorry.  I don't understand your question.

6  Q    You were talking with Mr. Bryant, who was a Mattel
7  employee, true?

8  A    That's correct.

9  Q    And you were talking to him about his product idea,
10  true?

11  A    Yes.

12  Q    And he was still employed by Mattel, true?

13  A    Yes.

14  Q    Did you ask Mattel if it was okay to be talking to him?

15  A    I didn't have to ask Mattel.

16  Q    Did Mr. Bryant ask Mattel if it was okay for him to be
17  talking to you about developing a product that would compete
18  with their Barbie?

19  A    I don't know.

20  Q    You knew that Mr. Bryant had a written contract with
21  Mattel, didn't you?

22  A    When?

23  Q    At the time you met with him.

24  A    I did not.

25  Q    So if Mr. Bryant testifies under oath that he told you

*Echo Reporting, Inc.*

EXHIBIT ___86___

PAGE ___703___

Confidential - Attorney's Eyes Only                MGA 0868923

229

1        I certify that the foregoing is a correct

2 transcript from the electronic sound recording of the

3 proceedings in the above-entitled matter.

4

5  _____        _____

6 Transcriber                      Date

7 FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

8  _____
  L. L. Francisco, President
9 Echo Reporting, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*

EXHIBIT ___ 85 ___

PAGE ___ 704 ___

Confidential - Attorney's Eyes Only

MGA 0869098

BLUEBIRD OFFICE SUPPLIES

**EXHIBIT 86**

SEP 14 '00 11:38 FR BHM ' COLLECTIBLES  310 252 6069 TO 9558517          P.01/04

To: David Rosenbaum

From: Carter H. Bryant

Total Pages: 4



CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA007337

**EXHIBIT** _____ 86

**PAGE** _____ 705

September 14, 2000

Dear David,

Enclosed is a copy of my original offer of employment with Mattel. To the best of my knowledge, other than an agreement of confidentiality, there are no other expressed contracts that have been signed. I am unable to look into this too much further with our Human Resources director without risking suspicion, but I am quite certain that this should suffice.

Thank you very much.

Sincerely,

Carter H. Bryant

310-252-6099or
310-538-3615 home

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA007338

EXHIBIT ___ 86
PAGE _____ 706

SEP 14  '00 11:38 FR BH    COLLECTIBLES  310 252 8089 TO 555   ?17       P.03/04



**Mattel, Inc.**

331 Continental Boulevard
El Segundo, California 90245-5012
Phone: 1.(310) 252-2000
Telex: 188155 or 188170

December 11, 1998

Mr Carter Bryant
1-A Sycamore Dr.
Kimberling, MO 65686

Dear Carter,

Congratulations and welcome to Mattel!

We are pleased to confirm your acceptance of our offer for the position of Project Designer, and to outline the various benefits that are available to you as a member of the Mattel team.

**Compensation**

Your annual base salary will be ████ payable on a bi-weekly basis.

**Relocation**

You will receive a relocation payment of ████ less appropriate federal and state taxes, payable to you no later than 30 days following commencement of your employment.

If you choose to voluntarily terminate your employment with Mattel within one year of your date of hire, you will be required to repay this amount in full.

**Benefits**

The following is a brief outline of benefits in which you will be eligible to participate as of your date of hire.  Specific details and plan limitations are provided in Summary Plan Descriptions or Plan Documents, and are subject to periodic modification and revision

You and your qualified dependents, if applicable, will be eligible for the following coverage:

- Medical
- Dental
- Vision
- Prescription

- Life Insurance – 1-1/2 x base salary
- Accidental Death & Dismemberment – 1-1/2 x base salary
- Business Travel Coverage – $1,000,000
- Short & Long-Term Disability

You will be enrolled in the Mattel Personal Investment Plan (PIP), which is a 401(k) savings/retirement plan  The plan offers both Company Automatic and Matching contribution provisions as outlined below

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA007339

EXHIBIT _____ 86

PAGE _____ 707

SEP 14  '00 11:38 FR B4Y    COLLECTIBLES  310 252 6059 TO 9337    17    P.04/04

- **Company Automatic Contributions**
  The Company will make automatic contributions to your account ranging from 3% to 8% of your salary, based on age.

- **Company Matching Provision**
  The Company will match up to the first 6% of pay you contribute to your PIP account on a dollar-for-dollar basis up to 2% of your annual salary and on a fifty-cents-on-the-dollar basis for up to the next 4% of your salary

Of course, this offer is contingent upon satisfactory verification of all information as to previous employers and academic institutions attended, eligibility to work in the United States, and the signing of a Confidential Information and Inventions Agreement. Further, you understand that this letter does not imply employment for a specific term and thus your employment is at will; either you or the Company can terminate it at any time, with or without cause. This letter acknowledges there are no oral or written side agreements or representations concerning the term or conditions of employment. Additional details of your employment relationship are contained in our employment application.

Enclosed is a packet containing various information and forms required to activate your employment. Please complete these forms and bring them with you on your first day of employment. Also, you will need to bring with you certain documents as set forth in the enclosed directions. Upon your arrival in the second floor lobby, please advise the security officer that you are a new employee. You will be escorted to an orientation session beginning at 8:00 a.m., which will last most of the morning.

Carter, we are all looking forward to you joining the Mattel team on 1/4/99.  As a new member of the Mattel family, please feel free to call me at (310) 252-2535 if you have any questions.

Sincerely,

Lynne Robinson
VP, Human Resources

2

CONFIDENTIAL
ATTORNEY'S EYES ONLY

** TOTAL PAGE.04 **

MGA007340

EXHIBIT ___86___

PAGE ___108___

**EXHIBIT 87**

## CONFIDENTIALITY AND INVENTIONS ASSIGNMENT AGREEMENT

This Confidentiality and Inventions Agreement is executed by and between ABC Int'l Traders, Inc. ("Company") and_____("Employee").

During the course of his/her employment at the Company, Employee will have access to, will acquire, and will become acquainted with trade secrets, confidential information and property related to the Company and its customers' and vendors' businesses. The Company's trade secrets include, but are not limited to, such information as customer names, addresses, phone numbers, names, specific characteristics of suppliers and customers and their respective employees with whom the Company has dealings (whether or not such information is contained on a Rolodex, computer printout, customer list, or is orally communicated to any Company employee in the course of their duties) and the history of purchases, along with terms and conditions of credit offered to each customer; names, addresses, telephone numbers and specific characteristics of prospective customers and contacts; information regarding particular customer product peculiarities, manners of doing business, needs and requirements; product specifications and performance needs for each customer; and the prices charged to each customer; customer information reports, pricing information (such as price lists, quotation guides, previous or outstanding quotations, equipment prices or billing information), mailing labels, mailing plans and programs, sales report forms, pending projects or proposals, techniques used in approaches or results of any market research, advertising sources, employee salaries, contracts and wage information, names and addresses of the vendors, manufacturers, and other suppliers of Company products, the products they supply, the applicable prices and discounts, and the applicable product specifications; new products or inventions developed or under development by the Company; formulas, patterns, compilations, programs, devises, methods, techniques, processes, pictures, contracts, files, methods or production (including quality control and packaging), proposals, business plans and projections, budgets, financial information, software, hardware, any patent application or the contents thereof; and all other material relating in any manner whatsoever to the customers products, vendors, and suppliers of Company, including matters which should reasonably be considered trade secrets even if not expressly described herein.

All information obtained in the course of Employee's employment is to be used only for the purpose of conducting the Company's business. Employee agrees to never discuss or disclose such trade secrets, confidential information or property, either directly or indirectly, with or in the presence of persons outside the Company, either during employment, or at any time thereafter, except as required by Employee's supervisor. Employee further agrees that information in any form, including but not limited to documents, tapes, lists, computer printouts, studies, reports, drafts, pictures, charts, maps, drawings, programs, equipment, scrap, blueprints, vendor lists, customer lists, client billing information, all financial reports, payroll information, records, files and other materials pertaining to the Company, its customers and vendors, may not be removed from the facilities without the advance written permission of Employee's supervisor.

Employee acknowledges that all such trade secrets or confidential information, or any copies of summaries thereof, whether prepared by Employee, by the Company, or provided to Employee by the Company, is the exclusive property of the Company. On demand or termination of employment for any reason, Employee agrees to return to the Company all papers, records, electronic copies, and documents in Employee's possession or obtained during the course of Employee's employment with the Company and Employee further agrees that he/she will not retain any copies, nor permit anyone to retain any copies thereof, except that those who have successfully completed their 90 day introductory

1

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA001470

EXHIBIT_____87

PAGE_____759

period may keep their Franklin Planner.

Employee acknowledges and agrees that the trade secrets described herein have independent economic value in that they are not generally known within the trade they represent many years of research and development and give the Company substantial competitive advantages.

As a condition of employment, Employee agrees that he/she (1) will regard and preserve the confidential information as highly confidential and as the trade secrets of the Company; (2) will not, at any time during or within twelve months after the termination of his/her employment with the Company, reveal, disclose, permit to be disclosed, or make known to any person, firm or corporation, any confidential information which was disclosed to Employee or of which he/she became aware during his/her employment, regardless of whether developed, prepared or created in whole or in part by Employee's efforts, except to the extent that such disclosure is necessary and is authorized in writing by the Company to carry out Employee's duties of employment; (3) will retain all confidential information in trust for the sole benefit of the Company and will not disclose to or use any confidential information in an independent business related to the scope of the Company's business (designer, manufacturer and distributor of toy); (4) will not photocopy or duplicate, and will not permit any person to photocopy or duplicate, any of the confidential information without the Company's written consent and approval; (5) will not make any use of confidential information for his/her own benefit or the benefit of any person or entity other than the Company; (6) will return all confidential information (including but not limited to customer lists, books maintained by Employee, and source lists) to the Company immediately upon request for same. Employee agrees that if he/she has any questions about whether a matter is a trade secret, to seek a determination by the Company before he/she uses any such information.

Employee agrees to maintain the same level of confidentiality regarding co workers, employee relation matters, and Company operations. Employee agrees, by accepting employment or continued employment with the Company, to comply with these rules and to maintain confidentiality of the Company's trade secrets.

Employee understands and acknowledges that the trade secrets and confidential information of the Company are not known to the general public and are the subject of reasonable efforts to maintain its secrecy. They are of a special, unique and extraordinary character, which gives them a particular value, the loss of which cannot be reasonably compensated in damages in an action at law. Employee further understands and agrees that in addition to any other rights or remedies which the Company may have, the Company shall be entitled to immediate injunctive and other equitable relief to prevent a breach of this Confidentiality and Inventions Agreement. If any legal proceeding arises under this Confidentiality and Inventions Agreement, the prevailing party shall be entitled to recover all costs and expenses, including reasonable attorney's fees and costs. California law shall apply to this agreement as to contracts wholly performed within the state.

Employee and the Company agree that this Confidentiality and Inventions Agreement shall not apply to information that Employee was aware of prior to his/her employment with the Company, or that is otherwise publicly known.

Employee further agrees that during his/her employment and for a period of twelve months after termination, Employee will not solicit the purchase of any products or services from any supplier or vendor who supplies products or services to the Company.

CONFIDENTIAL
ATTORNEY'S EYES ONLY

2

MGA001471

EXHIBIT ___ 87 ___

PAGE ___ 710

INVENTIONS ASSIGNMENT:

1. ASSIGNMENT OF INTEREST: Employee agrees to assign, and does hereby assign, to Company all interest which employee may have in all patentable and/or not-patentable ideas and/or inventions made or conceived by Employee solely or jointly with others during Employee's employment with Company. This assignment shall not apply to any idea or invention developed by Employee entirely on Employee's own time without equipment, supplies, facilities, or trade secret information of Company, unless such invention or idea: (1) relates to the business of company or to Company's actual or anticipated research or development, or (2) results from any work performed by Employee for Company. THIS AGREEMENT DOES NOT APPLY TO ANY INVENTION WHICH QUALIFIES FULLY UNDER THE PROVISIONS OF CALIFORNIA LABOR CODE SECTION 2870.

2. DISCLOSURE OF IDEAS OR INVENTIONS: Employee agrees to promptly disclose in writing to Fred Larian all inventions developed solely or jointly with others during Employee's employment with Employer, whether such inventions are patentable, not-patentable or assignable under this Agreement. Employer agrees to maintain such disclosure in confidence.

3. WRITTEN DISCLOSURE OF PRIOR INVENTIONS: Employee agrees to provide a complete list of all patented or not-patented ideas and inventions conceived by Employee or anyone else jointly with Employee, prior to the date Employee has signed this Agreement. The failure of Employee to provide Company with a written disclosure of ideas or inventions shall be deemed to constitute an affirmative acknowledgment by Employee that no such ideas or inventions exist.

If any provision of this Confidentiality and Inventions Agreement is held to be invalid or unenforceable, in whole or in part, the remaining portions of this Agreement shall continue to be valid and will be performed, construed and enforced to the fullest extent permitted by law. The invalid or unenforceable provision shall be deemed amended and limited in accordance with the intent of the parties, as determined from the face of this Agreement, to the extent necessary to permit the maximum enforceability or validation of the provision.

_10-18-0___   _____   _Mercedeh Ward__
Date          Employee Signature       Employee Name (Printed)

_____   _____
Date            Isaac Larian, President and CEO

CONFIDENTIAL
ATTORNEY'S EYES ONLY

3

MGA001472

EXHIBIT ____87____

PAGE ____711____

**EXHIBIT 88**

RECEIVED

FEB 0 6 2008

1   KEKER & VAN NEST, LLP
    JOHN W. KEKER - #49092
2   jkeker@kvn.com
    MICHAEL H. PAGE - #154913
3   mpage@kvn.com
    CHRISTA M. ANDERSON - #184325
4   canderson@kvn.com
    MATTHEW M. WERDEGAR - #200470
5   mwerdegar@kvn.com
    JOHN E. TRINIDAD - #250468
6   jtrinidad@kvn.com
    AUDREY WALTON-HADLOCK- #250574
7   awaltonhadlock@kvn.com
    710 Sansome Street
8   San Francisco, CA 94111-1704
    Telephone: (415) 391-5400
9   Facsimile: (415) 397-7188

10  Attorneys for Plaintiff
    CARTER BRYANT

11

12                  UNITED STATES DISTRICT COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14                        EASTERN DIVISION

15

16
    CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
17                                         (consolidated with CV 04-9059 & 05-
                         Plaintiff,        2727
18
         v.                               CARTER BRYANT'S RESPONSES
19                                        TO MATTEL, INC.'S THIRD SET
    MATTEL, INC. a Delaware               OF REQUESTS FOR ADMISSION
20  Corporation,                          PROPOUNDED TO ALL
                                          DEFENDANTS
21                       Defendant.

22
    CONSOLIDATED WITH MATTEL,
23  INC., v. BRYANT and MGA
    ENTERTAINMENT, INC. v.
24  MATTEL, INC.

25

26

27                                        EXHIBIT ___88___

28                                        PAGE ___712___
                    2-4-08
409180.03
─────────────────────────────────────────────
       CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S THIRD SET OF
       REQUESTS FOR ADMISSION PROPOUNDED TO ALL DEFENDANTS
                CASE NO. CV 04-09049 SGL (RNBx)

1  otherwise distort Bryant's drawings. Bryant further objects to this request to the

2  extent that it asks Bryant to equate black and white images to color images. Bryant

3  further objects to this request to the extent that it suggests that Bryant has produced

4  photographs of his drawings in this action. Subject to, and without waiver of, the

5  foregoing general and specific objections, Bryant responds to this request as

6  follows:  Denied.

7

8  **REQUEST FOR ADMISSION NO. 9:**

9        Admit that the document identified as Exhibit 717 at the deposition of

10  Janet Bryant in THIS ACTION, a copy of which is attached hereto as Exhibit 9, is

11  a true and correct copy of a genuine document consisting of a color photograph of

12  an original drawing by Carter Bryant, a true and correct black and white copy of

13  which is Bates-numbered BRYANT 00273 and has been produced in this action.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

15        Bryant incorporates by reference the above-stated general objections

16  as if fully set forth herein. Bryant further objects to this Request as vague and

17  ambiguous with respect to the term "genuine document". Bryant further objects to

18  this request to the extent that it seeks an admission from Bryant regarding Mattel's

19  characterization of the referenced document. Bryant further objects to this request

20  to the extent that it asks Bryant to authenticate photographs purportedly taken by

21  Mattel of his drawings, although Mattel has never provided Bryant with copies of

22  those photographs or with any assurance that the photographs and copies are

23  accurate, unenhanced, unaltered images of his drawings. Bryant further objects to

24  this request to the extent that the photographs in question appear to be blurred or

25  otherwise distort Bryant's drawings. Bryant further objects to this request to the

26  extent that it asks Bryant to equate black and white images to color images. Bryant

27  further objects to this request to the extent that it suggests that Bryant has produced

28  photographs of his drawings in this action. Subject to, and without waiver of, the

10

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S THIRD SET OF
REQUESTS FOR ADMISSION PROPOUNDED TO ALL DEFENDANTS
CASE NO. CV 04-09049 SGL (RNBx)

409180.03

EXHIBIT 8

PAGE 713

1  foregoing general and specific objections, Bryant responds to this request as

2  follows:  Admitted.

3

4  **REQUEST FOR ADMISSION NO. 10:**

5          Admit that the document identified as Exhibit 719 at the deposition of

6  Janet Bryant in THIS ACTION, a copy of which is attached hereto as Exhibit 10, is

7  a true and correct copy of a genuine document consisting of a color photograph of

8  a drawing by Carter Bryant, a true and correct black and white copy of which is

9  Bates-numbered BRYANT 00228 and has been produced in this action.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

11          Bryant incorporates by reference the above-stated general objections

12  as if fully set forth herein.  Bryant further objects to this Request as vague and

13  ambiguous with respect to the term "genuine document".  Bryant further objects to

14  this request to the extent that it seeks an admission from Bryant regarding Mattel's

15  characterization of the referenced document.  Bryant further objects to this request

16  to the extent that it asks Bryant to authenticate photographs purportedly taken by

17  Mattel of his drawings, although Mattel has never provided Bryant with copies of

18  those photographs or with any assurance that the photographs and copies are

19  accurate, unenhanced, unaltered images of his drawings.  Bryant further objects to

20  this request to the extent that the photographs in question appear to be blurred or

21  otherwise distort Bryant's drawings.  Bryant further objects to this request to the

22  extent that it asks Bryant to equate black and white images to color images.  Bryant

23  further objects to this request to the extent that it suggests that Bryant has produced

24  photographs of his drawings in this action.  Subject to, and without waiver of, the

25  foregoing general and specific objections, Bryant responds to this request as

26  follows:  Admitted.

27

28

11

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S THIRD SET OF
REQUESTS FOR ADMISSION PROPOUNDED TO ALL DEFENDANTS
CASE NO. CV 04-09049 SGL (RNBx)

409180.03

EXHIBIT __88__

PAGE __74__

**REQUEST FOR ADMISSION NO. 11:**

Admit that the document identified as Exhibit 722 at the deposition of Janet Bryant in THIS ACTION, a copy of which is attached hereto as Exhibit 11, is a true and correct copy of a genuine document consisting of a color photograph of a drawing by Carter Bryant, a true and correct black and white copy of which is Bates-numbered BRYANT 00221 and has been produced in this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant further objects to this Request as vague and ambiguous with respect to the term "genuine document". Bryant further objects to this request to the extent that it seeks an admission from Bryant regarding Mattel's characterization of the referenced document. Bryant further objects to this request to the extent that it asks Bryant to authenticate photographs purportedly taken by Mattel of his drawings, although Mattel has never provided Bryant with copies of those photographs or with any assurance that the photographs and copies are accurate, unenhanced, unaltered images of his drawings. Bryant further objects to this request to the extent that the photographs in question appear to be blurred or otherwise distort Bryant's drawings. Bryant further objects to this request to the extent that it asks Bryant to equate black and white images to color images. Bryant further objects to this request to the extent that it suggests that Bryant has produced photographs of his drawings in this action. Subject to, and without waiver of, the foregoing general and specific objections, Bryant responds to this request as follows: Admitted.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the document identified as Exhibit 725 at the deposition of Janet Bryant in THIS ACTION, a copy of which is attached hereto as Exhibit 12, is a true and correct black and white copy of a genuine document consisting of a

12

409180.03

EXHIBIT __88__

PAGE __715__

1   foregoing general and specific objections, Bryant responds to this request as

2   follows:  Denied.

3

4   **REQUEST FOR ADMISSION NO. 58:**

5          Admit that the document identified as Exhibit 944 at the deposition of

6   Edmond Lee in THIS ACTION, a copy of which is attached hereto as Exhibit 58,

7   is a true and correct copy of a genuine document consisting of an <u>Associated Press</u>

8   article, entitled "China:  Group Reports Harsh Working Conditions at Bratz

9   Factory," dated December 22, 2006.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

11         Bryant incorporates by reference the above-stated general objections

12  as if fully set forth herein.  Bryant further objects to this Request as vague and

13  ambiguous with respect to the term "genuine document".  Bryant further objects to

14  this request to the extent that it seeks an admission from Bryant regarding Mattel's

15  characterization of the referenced document.  Subject to, and without waiver of, the

16  foregoing general and specific objections, Bryant responds to this request as

17  follows:  After a reasonable inquiry, the information known or readily available to

18  Bryant is insufficient to enable Bryant to admit or deny the Request.

19

20

21  Dated:  February 4, 2008                    KEKER & VAN NEST, LLP

22

23

24  By:  _____

        MATTHEW M. WERDEGAR

25      Attorneys for Plaintiff

        CARTER BRYANT

26

27  EXHIBIT ___88___

28  PAGE ___716___

                              53

409180.03

# CERTIFICATE OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On February 4, 2008, I served the following document(s):

**CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S THIRD SET OF REQUESTS FOR ADMISSION PROPOUNDED TO ALL DEFENDANTS**

by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel: 213/443-3000
Fax: 213/443-3100
Email: johnquinn@quinnemanuel.com
Email: michaelzeller@quinnemanuel.com

Thomas J. Nolan
Skadden Arps Slate Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel: 213/687-5000
Fax: 213/687-5600
Email: tnolan@skadden.com

Alexander H. Cote
Overland Borenstein Scheper & Kim LLP
300 S. Grand Avenue, Suite 2750
Los Angeles, California 90071
Tel: 213/613-4660
Fax: 213/613-4656
Email : acote@obsklaw.com

EXHIBIT ___88___

PAGE ___717___

409180.03

CERTIFICATE OF SERVICE OF CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S THIRD SET OF REQUESTS FOR ADMISSION PROPOUNDED TO ALL DEFENDANTS
CASE NO. CV 04-09049 SGL (RNBx)

1

2       Executed on February 4, 2008, at San Francisco, California.

3       I declare under penalty of perjury under the laws of the United States that
the above is true and correct.

4

5                                       *Lauren Hartz Lewis*

6                                       LAUREN HARTZ-LEWIS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              EXHIBIT    BB

28                                              PAGE       718

CERTIFICATE OF SERVICE OF CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S THIRD SET OF
REQUESTS FOR ADMISSION PROPOUNDED TO ALL DEFENDANTS
CASE NO. CV 04-09049 SGL (RNBx)

409180.03

**EXHIBIT 89**