Matter No. 15904-142

material, the protuberance 26 may be snapped through the mouth 27 of the opening 28, and thereafter the shoe/foot assemblies are firmly held onto the legs 14, 16 of the doll.

[0022]   In the foregoing detailed description, specific embodiments of the invention have been described.  However, it is to be understood that various changes and modifications may be made without departing from the spirit and scope of the invention. Thus, by way of example and not of limitation instead of having the protuberance 26 on the leg 16 and the recess 28 on the shoe/foot assemblies, this configuration may be reversed, with the protuberance on the shoe/foot assembly, and the recess on the doll legs.  Further, instead of a single protuberance and mating recess, other snap-together arrangements may be employed, using more than one protuberance/recess, or a snap-in ring and mating ring shaped recess could be used.  It is also noted that, instead of using resilient plastic for the doll, stiffer plastic could be employed, and the foot/shoe assemblies may be attached using a simple concealed mechanical latch.  Accordingly, the invention is not limited to the exact embodiments described hereinabove and shown in the drawings.

EXHIBIT ___101___

PAGE ___842___

MGA 0825489

Matter No. 15904-142

WE CLAIM:

1.   A doll with changeable footgear comprising:

a torso having a body and legs, said legs having a predetermined skin color and texture;

a pair of foot/shoe assemblies, each including an open shoe with straps, with the shoe being open to expose at least part of the foot, the foot having substantially the same predetermined skin color and texture;

each said assembly being removable secured to one of said legs at the lower leg or ankle of said doll at a separation point;

each said assembly and lower legs having a snap-together joint with a protuberance on one part and a mating recess on the other part; and

a simulated strap forming part of said shoe extending around said assembly at said separation point.

2.   A doll as defined in claim 1 wherein the shoe portion of the foot/shoe assembly is colored to contrast sharply with the exposed skin areas of the foot.

3.   A doll with changeable footgear as defined in claim 1 further including a plurality of different sets of shoes of different styles for selectively mounting on said legs.

4.   A doll as defined in claim 1 wherein said doll and said foot/shoe assemblies are formed of resilient plastic material.

5.   A doll with changeable footgear comprising:

a torso having a body and legs, said legs having a predetermined color;

a pair of foot/shoe assemblies, each including an open shoe with straps, with the shoe being open to expose at least part of the foot, the foot having substantially the same predetermined color;

each said assembly being removable secured to one of said legs at the lower leg or ankle of said doll at a separation point;

5

EXHIBIT ___101___

PAGE ___843___

MGA 0825490

Matter No. 15904-142

each said assembly and lower legs having a joint for releasably securing the foot/shoe assemblies to the legs; and

a simulated strap forming part of said shoe extending around said assembly at said separation point.

6.   A doll as defined in claim 5 wherein the shoe portion of the foot/shoe assembly is colored to contrast sharply with the exposed skin areas of the foot.

7.   A doll with changeable footgear as defined in claim 5 further including a plurality of different sets of shoes of different styles for selectively mounting on said legs.

8.   A doll as defined in claim 5 wherein said doll and said foot/shoe assemblies are formed of resilient plastic material.

9.   A doll with changeable footgear comprising:

a torso having a body and legs, said legs having a predetermined color;

a pair of foot/shoe assemblies, each including an open shoe with straps, with the shoe being open to expose at least part of the foot, the foot having substantially the same predetermined color;

each said assembly being removable secured to one of said legs at the lower leg or ankle of said doll at a separation point;

each said assembly and lower legs having a snap-together joint; and

a simulated strap forming part of said shoe extending around said assembly at said separation point.

10.  A doll as defined in claim 9 wherein the shoe portion of the foot/shoe assembly is colored to contrast sharply with the exposed skin areas of the foot.

11.  A doll with changeable footgear as defined in claim 9 further including a plurality of different sets of shoes of different styles for selectively mounting on said legs.

12.  A doll as defined in claim 9 wherein said doll and said foot/shoe assemblies are formed of resilient plastic material.

6.

EXHIBIT _____ 101

PAGE _____ 844

MGA 0825491

Matter No. 15904-142

13.  A doll with changeable footgear comprising:

a torso having a body and legs;

a pair of foot/shoe assemblies, each including an open shoe with straps, with the shoe being open to expose at least part of the foot;

each said assembly being removable secured to one of said legs at the lower leg or ankle of said doll at a separation point;

each said assembly and lower legs having a joint for releasably securing the foot/shoe assemblies to the legs; and

a simulated strap forming part of said shoe extending around said assembly at said separation point.

14.  A doll as defined in claim 13 wherein the shoe portion of the foot/shoe assembly is colored to contrast sharply with the exposed skin areas of the foot.

15.  A doll with changeable footgear as defined in claim 13 further including a plurality of different sets of shoes of different styles for selectively mounting on said legs.

16.  A doll as defined in claim 13 wherein said doll and said foot/shoe assemblies are formed of resilient plastic material.

17.  A doll as defined in claim 13 wherein said exposed parts of the feet have substantially the same color as said legs.

z

EXHIBIT _____ 101

PAGE _____ 845

MGA 0825492

Matter No. 15904-142

## Doll With Aesthetic Changeable Footgear

**ABSTRACT OF THE DISCLOSURE**

A doll with changeable footgear includes a torso with legs, and a pair of foot/shoe assemblies mounted on the legs at separation points; and each foot shoe assembly has exposed skin of a color and texture substantially matching the skin of the legs, and the simulated shoes include simulated straps extending around the foot/shoe assembly immediately adjacent the separation point on each leg. Each foot/shoe assembly may be mounted on one of the doll legs, employing a protuberance on one part and a recess on the other part, with a snap-in locking fit between the two parts. The simulated shoes may be of a sharply contrasting color relative to the skin color.

8

EXHIBIT ___101 01___

PAGE ___*846*___

MGA 0825493

1/2



FIG. 1

FIG. 2

EXHIBIT _____ 101

PAGE _____ 847

MGA 0825494

2/2



FIG. 3

FIG. 4



FIG. 5

EXHIBIT ___ 101

PAGE ___ 848

MGA 0825495

**EXHIBIT 102**

15904-142

I hereby certify that this correspondence is being deposited on August 12, 2003 with the United States Postal Service as first class mail in an envelope addressed to: Mail Stop Non-Fee Amendment, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

Justina S. Townsend

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of       :     Group Art Unit: 3712

                       :

Isaac Larian            :     Examiner: Ali F. Abdelwahed

                       :

Title: **Doll With Aesthetic Changeable**   :
       **Footgear**

                       :

Serial No.: 10/373,602       :

                       :

Filed: February 24, 2003     :

Mail Stop Non-Fee Amendment
Commissioner of Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT

Sir:

    In response to the Office Action dated May 12, 2003, please amend the application as set forth below, with the amendments to the specification, to the claims, to the abstract and the Remarks starting on separate pages of this amendment.



Δ π EXHIBIT 548
Deponent ARMSTRONG
Date 8/1/07 Rptr. AC
WWW.DEPOBOOK.COM

EXHIBIT ___102___

PAGE ___849___

MGA 0825447

15904-142

## Amendments to the Specification

Please amend the Specification as set forth below:

[0016]    This effect is enhanced by the exposed skin areas 42 on assembly 18 and 44 on assembly 20.  Further, the color and texture of the lower legs 14, 16 are substantially the same as the color and texture of the exposed ~~feet~~ skin areas 42 and 44.


[0021]    Return to Fig. 2 of the drawings, it may be noted that the protuberance 26 has a larger cross-sectional configuration than the mouth 27 of the ~~opening~~ recess 28.  Accordingly, with both the doll legs ~~16, 18~~ 14, 16 and the foot/shoe assemblies 18 and 20 being of resilient material, the protuberance 26 may be snapped through the mouth 27 of the ~~opening~~ recess 28, and thereafter the shoe/foot assemblies are firmly held onto the legs 14, 16 of the doll.

EXHIBIT _____ 102

PAGE _____ 850

548-2

MGA 0825448

2

15904-142

<u>Amendments to the Claims</u>

Please amend the claims as set forth below:

1. (Currently Amended)  A doll with changeable footgear comprising:

a torso having a body and legs, <u>each said leg including a lower leg, ankle and foot,</u>
<u>constituting one part and another part of said leg;</u> said legs having a predetermined skin color and
texture;

a pair of foot/shoe assemblies, each including an open shoe with straps, with the
shoe being open to expose at least part of the foot, the foot having substantially ~~the same~~ <u>said</u>
predetermined skin color and texture;

each said assembly being ~~removable~~ <u>removably</u> secured to one of said legs at the
lower leg or ankle of said doll at a separation point;

each said assembly and lower legs having a snap-together joint with a
protuberance on one part and a mating recess on the other part; and

a simulated strap forming part of said shoe extending around said assembly at said
separation point.

2. (Currently Amended)  A doll as defined in claim 1 wherein <u>said foot/shoe assembles</u>
<u>include a shoe portion and exposed skin areas, and wherein</u> the shoe portion of the foot/shoe
~~assembly is~~ <u>assemblies are</u> colored to contrast sharply with the exposed skin areas ~~of the foot~~.

3. (Original)  A doll with changeable footgear as defined in claim 1 further including a
plurality of different sets of shoes of different styles for selectively mounting on said legs.

4. (Original)  A doll as defined in claim 1 wherein said doll and said foot/shoe
assemblies are formed of resilient plastic material.

5. (Currently Amended)  A doll with changeable footgear comprising:

a torso having a body and legs, <u>each said leg including a lower leg, ankle and foot,</u>
<u>constituting one part and another part of said leg;</u> said legs having a predetermined color;

EXHIBIT ___102___

3

PAGE ___851___

548-3

MGA 0825449

15904-142

a pair of foot/shoe assemblies, each including an open shoe with straps, with the shoe being open to expose at least part of the foot, the foot having substantially the same predetermined color;

~~each said assembly being removable secured to one of said legs at the lower leg or ankle of said doll at a separation point;~~

each said assembly and lower legs having a joint <u>at a separation point</u> for releasably securing the foot/shoe assemblies to the legs; and

a simulated strap forming part of said shoe extending around said assembly at said separation point.

6. (Currently Amended)  A doll as defined in claim 5 wherein <u>said foot/shoe assembles include a shoe portion and exposed skin areas, and wherein</u> the shoe portion of the foot/shoe assembly is colored to contrast sharply with the exposed skin areas of the foot.

7. (Original)  A doll with changeable footgear as defined in claim 5 further including a plurality of different sets of shoes of different styles for selectively mounting on said legs.

8. (Original)  A doll as defined in claim 5 wherein said doll and said foot/shoe assemblies are formed of resilient plastic material.

9. (Currently Amended)  A doll with changeable footgear comprising:

a torso having a body and legs, <u>each said leg including a lower leg, ankle and foot, constituting one part and another part of said leg;</u> said legs having a predetermined color;

a pair of foot/shoe assemblies, each including an open shoe with straps, with the shoe being open to expose at least part of the foot, the foot having substantially the ~~same~~ <u>said</u> predetermined color;

each said assembly being ~~removable~~ <u>removably</u> secured to one of said legs at the lower leg or ankle of said doll at a separation point;

each said assembly and lower legs having a snap-together joint; and

a simulated strap forming part of said shoe extending around said assembly at said separation point.

EXHIBIT _____ 102

PAGE _____ **852**

548-4

4

MGA 0825450

15904-142

10. (Currently Amended)  A doll as defined in claim 9 wherein said foot/shoe assembles include a shoe portion and exposed skin areas, and wherein the shoe portion of the foot/shoe assembly is assemblies are colored to contrast sharply with the exposed skin areas of the foot.

11. (Original)  A doll with changeable footgear as defined in claim 9 further including a plurality of different sets of shoes of different styles for selectively mounting on said legs.

12. (Original)  A doll as defined in claim 9 wherein said doll and said foot/shoe assemblies are formed of resilient plastic material.

13. (Currently Amended)  A doll with changeable footgear comprising:

a torso having a body and legs; each said leg including a lower leg, ankle and foot, constituting one part and another part of said leg;

a pair of foot/shoe assemblies, each including an open shoe with straps, with the shoe being open to expose at least part of the foot;

each said assembly being removable removably secured to one of said legs at the lower leg or ankle of said doll at a separation point;

each said assembly and lower legs having a joint for releasably securing the foot/shoe assemblies to the legs; and

a simulated strap forming part of said shoe extending around said assembly at said separation point.

14. (Currently Amended)  A doll as defined in claim 13 wherein said foot/shoe assembles include a shoe portion and exposed skin areas, and wherein the shoe portion of the foot/shoe assembly is assemblies are colored to contrast sharply with the exposed skin areas of the foot.

15. (Original)  A doll with changeable footgear as defined in claim 13 further including a plurality of different sets of shoes of different styles for selectively mounting on said legs.

16. (Original)  A doll as defined in claim 13 wherein said doll and said foot/shoe assemblies are formed of resilient plastic material.

5

EXHIBIT ___ lO2

PAGE ___ **853**

548·5

MGA 0825451

15904-142

17.  (Currently Amended)  A doll as defined in claim 13 wherein <u>said foot/shoe assembles include a shoe portion and exposed skin areas, and wherein</u> said exposed parts of the feet have substantially the same color as said legs.

EXHIBIT ___102___

PAGE ___854___

548-6

MGA 0825452

15904-142

Amendment to the Abstract of the Disclosure

Please amend the Abstract of the Disclosure to read as follows:

### ABSTRACT OF THE DISCLOSURE

A doll with changeable footgear includes a torso with legs, and a pair of foot/shoe assemblies mounted on the legs at separation points; and each ~~foot-shoe~~ foot/shoe assembly has exposed skin of a color and texture substantially matching the skin of the legs, and the simulated shoes include simulated straps extending around the foot/shoe assembly immediately adjacent the separation point on each leg. Each foot/shoe assembly may be mounted on one of the doll legs, employing a protuberance on one part and a recess on the other part, with a snap-in locking fit between the two parts. The simulated shoes may be of a sharply contrasting color relative to the skin color.

EXHIBIT _____ 102

PAGE _____ 855

548-7

MGA 0825453

15904-142

## REMARKS

The matters raised by the Office Action of May 12, 2003 will now be considered in the order presented in the Office Action.

First, the list of references in the specification is now provided in the form of an IDS attached to this amendment with the references cited and provided with the Office Action being omitted.

Regarding the drawings, a new amended second sheet of drawings is provided with this amendment, with the lead lines from reference numerals 54 and 68 being shortened to end at the separation point.

The specification has been modified as suggested in the Office Action, and specification amendments are provided hereinabove.

Concerning the claim objections and 35 USC 112 rejections, the claims have been amended as suggested in the Office Action, and to provide antecedent basis for the claim language under consideration.

Regarding the 35 USC 102 rejection of all claims, attention is respectfully directed to the attached Declaration of Carter Bryant, a Freelance Designer who worked with the inventor on the Bratz doll project; and who confirms that the release date for the dolls as claimed in this patent application, did not occur until the fall of 2002. Of course, this is only a few months prior to the February 24, 2003 filing date of the present application. Accordingly, it is respectfully requested that the rejection based on the Bratz article be withdrawn.

Regarding the rejection under 35 USC 103, it is based on a combination of the Barlow patent with the Rahmstorf patent. In considering these patents it is noted that the Rahmsdorf patent was cited in applicant's specification. Further, it clearly does not show (1) an open-work strap type shoe, (2) with the skin color above and below the joint being the same, nor does it show (3) an open-work strap type shoe with the upper strap also defining the separation point between the removable foot/shoe and the lower leg of the doll.

In addition, the Barlow reference discloses ballet slippers (see col. 1, lines 50 and 53), and not (1) open-work, strap type shoes with (2) removability of the shoe/feet at the upper strap, and (3) foot skin coloring the same above and below the separation point.

These three features facilitate the provision of changeable footgear which is aesthetically pleasing and elegant.

8

EXHIBIT ___102___

PAGE ___856___

548-8

MGA 0825454

15904-142

Accordingly, the references are clearly lacking the following three features:

(1) Open-work, strap type shoes.

(2) Removability of the shoe/feet assemblies at the upper strap line of the shoes.

(3) Foot skin coloring matching the lower leg coloring below and above the separation point..

Where these features are missing from the references and result in an elegant and aesthetically pleasing doll configuration, patentability is clearly present.

In view of the foregoing amendments and analysis, an early Notice of Allowance is solicited.

Attached to this amendment is the Declaration of Carter Bryant with attachments, as mentioned above; and sent herewith is an IDS relating to the references cited in the specification (except those provided with the Office Action).

In the event that this patent application is not considered to be entirely in condition for allowance, it would be appreciated if the Examiner would grant a telephone interview. Applicant's attorney would prefer a personal interview with the Examiner, but is located in Los Angeles so that a personal interview is not practical. Accordingly, a comparable telephone interview would be appreciated if the application is not considered allowable. Thank you.

**The Commissioner is hereby authorized to charge any additional filing fees under 37 C.F.R. § 1.16, or application processing fees under 37 C.F.R. § 1.17, which may be required now or during the pendency of this application, or credit any overpayment to Account No. 16-2230. A duplicate copy of this sheet is enclosed.**

Respectfully submitted,

_Alan C. Rose_

Alan C. Rose, Reg. 17,047
Attorney for Applicant

**OPPENHEIMER WOLFF & DONNELLY LLP**
233 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Telephone: 310/319-5456
Facsimile: 310/319-3508

Enclosures: As Noted Above.

EXHIBIT ___102___

PAGE ___857___

9

OPPENHEIMER: 1476813 v01 08/12/2003

548-9

MGA 0825455

Receipt is hereby acknowledged for the following in the U.S. Patent and Trademark Office:

OWD Ref.: 15904-142
Applicant: Isaac Larian
Client: MGA Entertainment
Serial No.: 10/373,602
Filed: February 24, 2003
Title: DOLL WITH AESTHETIC CHANGEABLE FOOTGEAR

Date of Deposit:  August 12, 2003

☒  Amendment to 5/12/03 OA
☒  Declaration of Carter Bryant w/2 sheets drawings attached
☒  Change of Address letter
☒  Information Disclosure Statement w/PTO 1449 and 15 refs
☒  Acknowledgement Postcard

ACR/jst

OPPENHEIMER: 1476918 v01 08/12/2003

EXHIBIT ___102___

PAGE ___858___

548-10

MGA 0825456

**EXHIBIT 103**

## The United States of America

### The Director of the United States Patent and Trademark Office

*Has received an application for a new, original, and ornamental design for an article of manufacture. The title and description of the design are enclosed. The requirements of law have been complied with, and it has been determined that a patent on the design shall be granted under the law.*

*Therefore, this*

### United States Patent

*Grants to the person(s) having title to this patent the right to exclude others from making, using, offering for sale, or selling the design throughout the United States of America, or importing the design into the United States of America for the term of fourteen years from the date of grant of this patent.*

*Director of the United States Patent and Trademark Office*

Δ π EXHIBIT 552
Deponent Armstrong
Date 8/1/03 Rptr. AC
WWW.DEPOBOOK.COM

EXHIBIT 103

PAGE 857

MGA 0825262

US00D469687S

(12) **United States Design Patent**
Larian

(10) Patent No.:     **US D469,687 S**
(45) Date of Patent:     ** **Feb. 4, 2003**

(54) TRANSPARENT DISPLAY PACKAGING

(76) Inventor: Isaac Larian, 237 Carolwood, Los Angeles, CA (US) 90077

(**) Term:     14 Years

(21) Appl. No.: 29/158,530

(22) Filed:     Apr. 3, 2002

(51) LOC (7) Cl. .................................................. 09-03
(52) U.S. Cl. ......................................... D9/415; D9/418
(58) Field of Search ...................... D9/415, 418, 414,
D9/430, 431, 432, 337, 416; 229/111, 112,
116.1, 117.09, 117.19, 117.21, 117.23, 117.24,
162; 206/769, 770, 771, 349, 776, 806

(56)         References Cited

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 1,268,318 A | * | 6/1918 | Brown | .................. | 229/117.09 |
| 2,483,030 A | * | 9/1949 | Arneson | .................. | 229/117.21 |
| 2,591,593 A | * | 4/1952 | Nolan | .................. | 229/117.09 |
| 3,001,688 A | * | 9/1961 | Hokenson | .............. | 229/117.21 |
| D265,723 S | * | 8/1982 | Rosenthal | .................. | D9/418 |
| D303,088 S | * | 8/1989 | Fireman | .................. | D9/418 |
| 5,040,683 A | * | 8/1991 | Marsilio | .................. | 206/320 |
| D320,346 S | * | 10/1991 | Wagner | .................. | D9/415 |

* cited by examiner

*Primary Examiner*—Prabhakar Deshmukh
(74) *Attorney, Agent, or Firm*—Oppenheimer Wolff & Donnelly LLP

(57)         CLAIM

The ornamental design for a transparent display packaging, as shown and described.

DESCRIPTION

FIG. 1 is a perspective view of my transparent display packaging;
FIG. 2 is a front view thereof;
FIG. 3 is a right side view thereof with the left side view being a mirror image of the right side view;
FIG. 4 is a rear view thereof;
FIG. 5 is a top plan view thereof;
FIG. 6 is a bottom plan view thereof; and,
FIG. 7 is a perspective view of an alternative embodiment.

1 Claim, 3 Drawing Sheets



EXHIBIT 103

PAGE 860

552-2

MGA 0825263

Case 2:04-cv-09049-DOC-RNB    Document 3866-42    Filed 05/29/08    Page 22 of 65    Page ID #:90492



FIG. 2

FIG. 1

EXHIBIT 103

PAGE 861

552-3

MGA 0825264

Case 2:04-cv-09049-DOC-RNB   Document 3866-42   Filed 05/29/08   Page 23 of 65   Page ID #:90493



FIG. 4

FIG. 3

EXHIBIT 103

PAGE 862

552-4

MGA 0825265

**U.S. Patent**     Feb. 4, 2003     Sheet 3 of 3     US D469,687 S



FIG. 7

FIG. 5

FIG. 6

EXHIBIT    103

PAGE    863

552-5

MGA 0825266

**EXHIBIT 104**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant: | Isaac Larian | |
| Docket: | 15904-164 | EL585709803US |
| Title: | TRANSPARENT DISPLAY PACKAGING | |

```
CERTIFICATE UNDER 37 CFR 1.10
'Express Mail' mailing label number: EL585709803US
Date of Deposit:  April 3, 2002

 I hereby certify that this paper or fee is being deposited with the United States Postal Service 'Express Mail Post Office To
Addressee' service under 37 CFR 1.10 and is addressed to the Commissioner for Patents, Washington, D.C. 20231.
                                                           By:
                                                           Name: Justina S. Townsend
```

BOX PATENT APPLICATION
Commissioner for Patents
Washington, D.C. 20231

Sir:

We are transmitting herewith the attached:

☒ Transmittal sheet, in duplicate, containing Certificate under 37 CFR 1.10.
☒ Design Patent Application
☒ Three sheets of drawings
☒ Declaration and Power
☒ A check in the amount of $330.00 to cover the Filing Fee
☒ Return postcard

Please charge any additional fees or credit overpayment to              A duplicate of this sheet
is enclosed.

| | |
|---|---|
| OPPENHEIMER WOLFF & DONNELLY LLP | By: *Alan C. Rose* |
| 2029 Century Park East, 38th Floor | Name:  Alan C. Rose |
| Los Angeles, CA 90067-3024 | Reg. No.:  17,047 |
| (310) 788-5000 | Initials:  ACR/jst |

*Mattel*          *6*
*Aug 22, 20 07*

EXHIBIT
FOR IDENTIFICATION
PAMELA S. HARRIS, CSR 3909
WITNESS

*Samir Khare*

LA: 318266 v01 04/03/2002
◆CAL: 199389 v01 8/29/99

Confidential – Attorney's Eyes Only

EXHIBIT   164

PAGE   864                    *(015-1)*

MGA 0825342

15904-164

## TRANSPARENT DISPLAY PACKAGING

Be it know that I, Isaac Larian, have invented a new, original and ornamental design of which the following is a specification, reference being had to the accompanying drawings forming a part thereof.

Fig. 1 is a perspective view of my transparent display packaging;

Fig. 2 is a front view thereof;

Fig. 3 is a right side view thereof with the left side view being a mirror image of the right side view;

Fig. 4 is a rear view thereof;

Figs. 5 and 6 are top and bottom views, respectively, thereof; and

Fig. 7 is a perspective view of an alternative embodiment.

### I CLAIM:

The transparent display packaging as shown and described.

LA: 316017 v01 03/14/2002

Confidential - Attorney's Eyes Only

EXHIBIT ____104____

PAGE ____865____

MGA 0825343

615-2



FIG. 1



FIG. 2

Confidential - Attorney's Eyes Only

EXHIBIT ____ 104 ____ MGA 0825344

PAGE ____ 866 ____ 615-3



FIG. 3

FIG. 4

Confidential - Attorney's Eyes Only

EXHIBIT ___104___

PAGE ___867___        615-4

MGA 0825345





FIG. 5

FIG. 6



FIG. 7

Confidential - Attorney's Eyes Only

EXHIBIT ___104___

PAGE ___868___

MGA 0825346

615-5

DESIGN PATENT
Docket No. 15904-164

## DECLARATION AND PETITION

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name.

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled TRANSPARENT DISPLAY PACKAGING, the specification of which is attached hereto.

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, § 1.56(a).

I hereby claim foreign priority benefits under Title 35, United States Code, § 119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application of which priority is claimed.  N/A.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Please send all correspondence to:
OPPENHEIMER WOLFF & DONNELLY LLP
2029 Century Park East, 38th Floor
Los Angeles, CA 90067-3024
Attn:  Alan C. Rose
Telephone:  (310) 788-5030
Facsimile:  (310) 788-5100

Wherefore I pray that Letters Patent be granted to me for the invention or discovery described and claimed in the foregoing specification and claims, and I hereby subscribe my name to the foregoing specification and claims, declaration, and this petition.

Full name of sole or first inventor   ISAAC LARIAN
Inventor's signature _____   Date  3-26-02
Residence _____ 237 Carolwood, Los Angeles, California 90077
Citizenship United States of America
Post Office Address 237 Carolwood, Los Angeles, California 90077 USA

LA: 316019 v01 03/14/2002

Confidential - Attorney's Eyes Only

EXHIBIT   104

PAGE   869

MGA 0825347



OPPENHEIMER WOLFF & DONNELLY LLP

DATE

CHECK NO. 024964

| OUR REF #. | INVOICE DATE | INVOICE NO. | CM # CHGD | DESCRIPTION | NET CK. AMT |
|---|---|---|---|---|---|
| | 04/03/02 | 15904.164 | | Design Patent Application | $330.00 |

VENDOR:        Commissioner of Patents and Trademark        TOTAL CK $ ➡        $330.00

---

**OPPENHEIMER**

OPPENHEIMER WOLFF & DONNELLY LLP
Los Angeles, CA. 90067

17-2
910

024964

Date 04/03/02

Amount

$330.00

Pay Exactly     Three Hundred Thirty  and 00/100

To The
Order Of     Commissioner of Patents and Trademarks

**US bank.**

MP

---

CHECK NO. 024964

| OUR REF # | INVOICE DATE | YOUR INVOICE NO. | DESCRIPTION | NET CK. AMOUNT |
|---|---|---|---|---|
| | 04/03/02 | 15904.164 | Design Patent Application | $330.00 |

◆ CAL: 169045 v01 2/2/99

Confidential - Attorney's Eyes Only

EXHIBIT _____ 104

PAGE **870**

MGA 0825348

615-7

Receipt is hereby acknowledged for the following in the U.S. Patent and Trademark Office:

OWD Ref.: 15904-164
Applicant: Isaac Larian
Client: MGA Entertainment
Serial No: Not Yet Assigned
Filed: April 3, 2002
Title: TRANSPARENT DISPLAY PACKAGING
Express Mail No.: EL585709803US
Date of Deposit: April 3, 2002

☒ Transmittal Sheet in duplicate
☒ Design Patent Application
☒ Three sheets of Drawings
☒ Declaration and Petition
☒ Check in the amount of $330.00 for filing fee
☒ Return Postcard
ACR/jst

LA: 318268 v01 04/03/2002

Confidential - Attorney's Eyes Only

EXHIBIT      104

PAGE         811

MGA 0825349

615-8

**EXHIBIT 105**

DALE M. CENDALI (*admitted pro hac vice*)
DIANA M. TORRES (S.B. #162284)
MARC F. FEINSTEIN (S.B. #158901)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Counter-defendants MGA
Entertainment, Inc., Isaac Larian, MGA
Entertainment (HK) Limited, and MGAE de
Mexico S.R.L. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant | Case No. CV 05-2727 SGL (RNBx)<br>(Consolidated with CV 04-09049 and CV 04-9059)<br><br>**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF MGA ENTERTAINMENT INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS** |
| CONSOLIDATED WITH<br><br>MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Judge:       Hon. Stephen G. Larson<br>Courtroom: 1 |

EXHIBIT _____ 105 _____

PAGE _____ 872 _____

1    Counter-defendants MGA Entertainment, Inc. ("MGA"), MGA

2    Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively

3    the "MGA Defendants") hereby answer, for themselves alone, the Second

4    Amended Answer and Counterclaim of Counter-claimant Mattel Inc., as follows:

5    As a preliminary matter, Mattel's use of headings throughout its

6    counterclaims is improper, and therefore no response to Mattel's headings is

7    required.  If any response is required, MGA Defendants deny all allegations

8    contained in Mattel's headings.

9    **RESPONSES**

10   1.    MGA Defendants deny the allegations set forth in paragraph 1.

11   2.    MGA Defendants deny the allegations set forth in paragraph 2.

12   3.    MGA Defendants admit that MGA decided to expand into

13   Mexico in or about 2004, and deny the remaining allegations set forth in paragraph

14   3.

15   4.    MGA Defendants deny the allegations set forth in paragraph 4.

16   5.    MGA Defendants deny the allegations set forth in paragraph 5.

17   6.    MGA Defendants admit that the Court has federal question

18   jurisdiction over this action pursuant to 28 U.S.C. § 1331, deny that 17 U.S.C. §§

19   101 and 18 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the

20   Counterclaims, and deny that Mattel is entitled to any relief on its Counterclaims.

21   7.    MGA Defendants admit that venue is proper in this District for

22   Mattel's claims based on conduct alleged to have occurred within this District and

23   deny that venue is proper in this District for acts alleged to have occurred in

24   Mexico, Canada, Hong Kong, or other places outside of this District.

25   8.    MGA Defendants admit the allegations set forth in paragraph 8.

26   9.    MGA Defendants admit the allegations set forth in the first and

27   second sentences of paragraph 9, and deny the remaining allegations set forth in

28   paragraph 9.

LA2:841935.2                                    - 2 -

EXHIBIT ___105___

PAGE ___873___

1    10.    MGA Defendants admit the allegations set forth in paragraph

2    10.

3    11.    MGA Defendants admit the allegations set forth in the first

4    sentence of paragraph 11, and deny the remaining allegations set forth in paragraph

5    11.

6    12.    MGA Defendants admit the allegations set forth in paragraph

7    12.

8    13.    MGA Defendants admit the allegations set forth in the first

9    sentence of paragraph 13, and deny the remaining allegations set forth in paragraph

10    13.

11    14.    MGA Defendants admit the allegations set forth in paragraph

12    14.

13    15.    Paragraph 15 is a statement of Mattel's legal position, to which

14    no response is necessary.  To the extent a response is required, MGA Defendants

15    deny the allegations set forth in paragraph 15.

16    16.    MGA Defendants admit the allegations set forth in the first

17    sentence of paragraph 16.  MGA Defendants are without sufficient knowledge to

18    admit or deny the remaining allegations set forth in paragraph 16, and on that basis,

19    deny the remaining allegations set forth in paragraph 16.

20    17.    MGA Defendants are without sufficient knowledge to admit or

21    deny the allegations set forth in paragraph 17, and on that basis, deny the

22    allegations set forth in paragraph 17.

23    18.    MGA Defendants are without sufficient knowledge to admit or

24    deny the allegations set forth in paragraph 18, and on that basis, deny the

25    allegations set forth in paragraph 18.

26    19.    MGA Defendants admit that MGA is a toy manufacturer, that

27    MGA began as a consumer electronics business and expanded into the toy business

28    with licenses to sell handheld electronic games, and later expanded its business by

LA2:841935.2

- 3 -

EXHIBIT _____ 105 _____

PAGE _____ 874 _____

1   launching the Bratz fashion doll line, and deny the remaining allegations set forth in

2   paragraph 19.

3          20.    MGA Defendants deny the allegations set forth in paragraph 20.

4          21.    MGA Defendants admit that Carter Bryant is a former employee

5   of Mattel, and state that they are without sufficient knowledge to admit or deny the

6   remaining allegations set forth in paragraph 21, and on that basis, deny the

7   remaining allegations set forth in paragraph 21.

8          22.    MGA Defendants are without sufficient knowledge to admit or

9   deny the allegations set forth in paragraph 22, and on that basis, deny the

10  allegations set forth in paragraph 22.

11         23.    MGA Defendants are without sufficient knowledge to admit or

12  deny the allegations set forth in paragraph 23, and on that basis, deny the

13  allegations set forth in paragraph 23.

14         24.    MGA Defendants are without sufficient knowledge to admit or

15  deny the allegations set forth in paragraph 24, and on that basis, deny the

16  allegations set forth in paragraph 24.

17         25.    MGA Defendants are without sufficient knowledge to admit or

18  deny the allegations set forth in paragraph 25, and on that basis, deny the

19  allegations set forth in paragraph 25.

20         26.    MGA Defendants deny the allegations set forth in paragraph 26.

21         27.    MGA Defendants deny the allegations set forth in paragraph 27.

22         28.    MGA Defendants deny the allegations set forth in paragraph 28.

23         29.    MGA Defendants deny the allegations set forth in paragraph 29.

24         30.    MGA Defendants admit that after MGA made the decision to

25  proceed with the manufacture of the Bratz dolls, MGA employees communicated

26  with employees of MGA Entertainment (HK) Limited on subjects including the

27  manufacturing of Bratz, and deny the remaining allegations set forth in the first

28

EXHIBIT ___105___

PAGE:___875___

1   sentence of paragraph 30.  MGA Defendants admit the second sentence of
2   paragraph 30.
3        31.    MGA Defendants admit that samples of the four original Bratz
4   dolls were shown at the Hong Kong Toy Fair in January 2001, and deny the
5   remaining allegations set forth in paragraph 31.
6        32.    MGA Defendants admit that MGA and its subsidiaries have
7   distributed and sold Bratz and Bratz-related products in many countries throughout
8   the world, that MGA and its subsidiaries have licensed Bratz to third parties, that
9   MGA has derived annual revenues from its sales and licenses of Bratz in excess of
10   $500 million, that MGA and its subsidiaries continue to market, sell and license
11   Bratz and intend to continue to do so, and deny the remaining allegations set forth
12   in paragraph 32.
13        33.    MGA Defendants deny the allegations set forth in paragraph 33.
14        34.    MGA Defendants deny the allegations set forth in paragraph 34.
15        35.    MGA Defendants deny the allegations set forth in paragraph 35.
16        36.    MGA Defendants admit that Bryant had an agreement with
17   MGA, state that the terms of the agreement speak for themselves, and deny the
18   remaining allegations set forth in paragraph 36.
19        37.    MGA Defendants admit that in or about late 2003 or early 2004,
20   MGA decided to form a new corporation, MGAE de Mexico, S.R.L. de C.V., to
21   conduct business in Mexico, admit that MGAE de Mexico hired three employees of
22   Mattel's Mexican subsidiary, and deny the remaining allegations set forth in
23   paragraph 37.
24        38.    MGA Defendants admit that Carlos Gustavo Machado Gomez
25   was a Marketing Manager, Boys Division, for Mattel Mexico, admit that Machado
26   was employed at Mattel Mexico from April 1997 until April 19, 2004, admit that
27   Machado had access to some nonpublic business information of Mattel Mexico, and
28   state that they are without sufficient knowledge to admit or deny the remaining

LA2:841935.2                    - 5 -

EXHIBIT ___105___

PAGE ___876___

1    allegations set forth in paragraph 38, and on that basis, deny the remaining

2    allegations set forth in paragraph 38.

3         39.    MGA Defendants admit that Mariana Trueba Almada was a

4    Marketing Manager, Girls Division, for Mattel Mexico, admit that Trueba had

5    access to some nonpublic business information of Mattel Mexico, and state that

6    they are without sufficient knowledge to admit or deny the remaining allegations

7    set forth in paragraph 39, and on that basis, deny the remaining allegations set forth

8    in paragraph 39.

9         40.    MGA Defendants admit that Pablo Vargas San Jose was a Trade

10   Marketing Manager for Mattel Mexico, admit that Vargas was employed at Mattel

11   Mexico from March 2001 until April 19, 2004, admit that Vargas had access to

12   some nonpublic business information of Mattel Mexico, and state that they are

13   without sufficient knowledge to admit or deny the remaining allegations set forth in

14   paragraph 40, and on that basis, deny the remaining allegations set forth in

15   paragraph 40.

16        41.    MGA Defendants admit that in or about early 2004, Machado,

17   Trueba and Vargas discussed leaving Mattel Mexico, admit that Machado, Trueba

18   and Vargas resigned from Mattel Mexico on April 19, 2004, admit that they did not

19   identify their new employer to Mattel Mexico, admit that Machado, Trueba and

20   Vargas were offered and accepted employment with MGAE de Mexico, and deny

21   the remaining allegations set forth in paragraph 41.

22        42.    MGA Defendants admit that MGA personnel communicated by

23   telephone with Machado and Vargas prior to their Mattel resignations, admit that

24   MGA personnel, including Isaac Larian, communicated by e-mail with Machado

25   and Vargas concerning terms of employment through an America Online e-mail

26   account with the address <plot04@aol.com>, and deny the remaining allegations

27   set forth in paragraph 42.

28

LA2:841935.2                              - 6 -

EXHIBIT _____105_____

PAGE _____877_____

1     43.     MGA Defendants admit that in or about March 2004, Machado,

2  Trueba, and Vargas made plans to travel from Mexico to Los Angeles in April

3  2004, admit that in or about March 2004, Machado, Trueba and Vargas discussed

4  with MGA personnel, including Larian, employment at MGAE de Mexico, state

5  that the quoted <plot04@aol.com> e-mails speak for themselves, and deny the

6  remaining allegations set forth in paragraph 43.

7     44.     MGA Defendants are without sufficient knowledge to admit or

8  deny the allegations set forth in paragraph 44, and on that basis, deny the

9  allegations set forth in paragraph 44.

10    45.     MGA Defendants are without sufficient knowledge to admit or

11 deny the allegations set forth in paragraph 45, and on that basis, deny the

12 allegations set forth in paragraph 45.

13    46.     MGA Defendants are without sufficient knowledge to admit or

14 deny the allegations set forth in paragraph 46, and on that basis, deny the

15 allegations set forth in paragraph 46.

16    47.     MGA Defendants are without sufficient knowledge to admit or

17 deny the allegation set forth in the third sentence of paragraph 47, and on that basis,

18 deny these allegations, and deny the remaining allegations set forth in paragraph 47.

19    48.     MGA Defendants deny the allegations set forth in paragraph 48.

20    49.     MGA Defendants deny the allegations set forth in paragraph 49.

21    50.     MGA Defendants are without sufficient knowledge to admit or

22 deny the allegation that MGA publicized a claim that, in 2005, it had increased its

23 Mexican market share by 90% over the prior year, and on that basis, deny this

24 allegation, and deny the remaining allegations set forth in paragraph 50.

25    51.     MGA Defendants deny the allegations set forth in paragraph 51.

26    52.     MGA Defendants deny the allegations set forth in paragraph 52.

27    53.     MGA Defendants admit that on October 27, 2005, Mexican

28 authorities searched MGAE de Mexico and seized certain documents, and state that

LA2:841935.2                         - 7 -

EXHIBIT ____105____

PAGE ____878____

1   they are without sufficient knowledge to admit or deny the remaining allegations

2   set forth in paragraph 53, and on that basis, deny the remaining allegations set forth

3   in paragraph 53.

4           54.    MGA Defendants admit that Machado was transferred from

5   MGAE de Mexico to MGA's office in Van Nuys, California, admit that Machado

6   resides in the County of Los Angeles, and deny the remaining allegations set forth

7   in paragraph 54.

8           55.    MGA Defendants admit the allegations set forth in the first

9   sentence of paragraph 55.  MGA Defendants admit that Tyco Toys hired Brawer on

10  April 22, 1996, and state that they are without sufficient knowledge to admit or

11  deny the remaining allegations set forth in the second sentence of paragraph 55, and

12  on that basis, deny the remaining allegations set forth in the second sentence of

13  paragraph 55.  MGA Defendants admit the allegations set forth in third sentence of

14  paragraph 55.  MGA Defendants admit that on April 9, 1997, Brawer became a

15  Marketing Director for Mattel in Mount Laurel, New Jersey, and state that the

16  remaining allegations in the fourth sentence of paragraph 55 are a statement of

17  Mattel's legal position, to which no response is necessary.  To the extent a response

18  is required, MGA Defendants deny the remaining allegations set forth in paragraph

19  55.

20          56.    MGA Defendants are without sufficient knowledge to admit or

21  deny the allegations set forth in paragraph 56, and on that basis, deny the

22  allegations set forth in paragraph 56.  The last sentence of paragraph 56 is a

23  statement of Mattel's legal position, to which no response is necessary.  To the

24  extent a response is required, MGA Defendants deny the remaining allegations set

25  forth in paragraph 56.

26          57.    MGA Defendants admit that by 2003, Brawer had advanced

27  within Mattel to a Senior Vice President position over customer marketing, and

28  state that the remaining allegations in the first sentence of paragraph 57 are a

LA2:841935.2                            - 8 -

EXHIBIT ____105____

PAGE ____879____

1   statement of Mattel's legal position, to which no response is necessary.  To the

2   extent a response is required, MGA Defendants deny the remaining allegations set

3   forth in the first sentence of paragraph 57.  MGA Defendants admit that in his

4   executive position, Brawer was provided access to certain nonpublic Mattel

5   information.

6          58.   MGA Defendants admit the allegations set forth in the first

7   sentence of paragraph 58.  MGA Defendants deny the allegations set forth in the

8   second sentence of paragraph 58.  MGA Defendants are without sufficient

9   knowledge to admit or deny the remaining allegations set forth in paragraph 58, and

10  on that basis, deny the remaining allegations set forth in paragraph 58.

11         59.   MGA Defendants are without sufficient knowledge to admit or

12  deny the allegations set forth in paragraph 59, and on that basis, deny the

13  allegations set forth in paragraph 59.

14         60.   MGA Defendants admit that in April 2004, Mattel made Brawer

15  a Senior Vice President/General Manager, and state that they are without sufficient

16  knowledge to admit or deny the remaining allegations set forth in paragraph 60, and

17  on that basis, deny the remaining allegations set forth in paragraph 60.

18         61.   MGA Defendants admit that in May 2004, Brawer began

19  performing General Manager duties, working with one of Mattel's major retail

20  customer accounts, and state that they are without sufficient knowledge to admit or

21  deny the remaining allegations set forth in paragraph 61, and on that basis, deny the

22  remaining allegations set forth in paragraph 61.

23         62.   MGA Defendants admit the allegations set forth in the first

24  sentence of paragraph 62.  MGA Defendants admit that as Brawer left, he carried a

25  large cardboard box, and deny the remaining allegations set forth in the second

26  sentence of paragraph 62.  MGA Defendants state that they are without sufficient

27  knowledge to admit or deny the remaining allegations set forth in paragraph 62, and

28  on that basis, deny the remaining allegations set forth in paragraph 62.

EXHIBIT _____ 105 _____

PAGE _____ 880 _____

1    63.    MGA Defendants admit the allegations set forth in paragraph

2    63.

3    64.    MGA Defendants admit that on September 20, 2004, Mattel

4    hand-delivered a letter to Brawer, state that the contents of the letter speak for

5    themselves, and deny the remaining allegations set forth in paragraph 64.

6    65.    MGA Defendants admit that at his exit interview on September

7    29, 2004, Brawer was given a copy of an agreement with Tyco that he had signed

8    on April 22, 1996, and a copy of Mattel's Code of Conduct, admit that Brawer

9    stated that he had not signed the Code of Conduct, and deny the remaining

10   allegations set forth in paragraph 65.

11   66.    MGA Defendants admit that on October 1, 2004, Brawer's last

12   day of employment with Mattel, Mattel delivered a letter to Brawer, state that the

13   contents of the letter speak for themselves, and deny the remaining allegations set

14   forth in paragraph 66.

15   67.    MGA Defendants admit that Brawer became MGA's Executive

16   Vice President of Sales and Marketing, admit that he was responsible for sales

17   worldwide, admit that he had and continues to have responsibility for MGA's

18   accounts with some of the same retailers that he worked with while at Mattel, and

19   deny the remaining allegations set forth in paragraph 67.

20   68.    MGA Defendants admit that Brawer stated during his exit

21   interview that he had returned all confidential proprietary information to Mattel,

22   state that he did not provide copies of information from his personal contacts file,

23   and deny the remaining allegations set forth in paragraph 68.

24   69.    MGA Defendants admit that since leaving Mattel, Brawer has

25   had contacts with certain Mattel employees, both by telephone and electronic mail,

26   and deny the remaining allegations set forth in paragraph 69.

27   70.    MGA Defendants deny the allegations set forth in paragraph 70.

28

LA2:841935.2

- 10 -

EXHIBIT ___105___

PAGE ___881___

1    71.    MGA Defendants are without sufficient knowledge to admit or

2    deny the allegations set forth in paragraph 71, and on that basis, deny the

3    allegations set forth in paragraph 71.

4    72.    MGA Defendants are without sufficient knowledge to admit or

5    deny the allegations set forth in paragraph 72, and on that basis, deny the

6    allegations set forth in paragraph 72.

7    73.    MGA Defendants admit that on September 26, 2005, Brisbois

8    resigned from Mattel Canada, state that she took a position as Vice President of

9    National Accounts at MGAE Canada, and deny the remaining allegations set forth

10   in the first sentence of paragraph 73. MGA Defendants are without sufficient

11   knowledge to admit or deny the remaining allegations set forth in paragraph 73, and

12   on that basis, deny the remaining allegations set forth in paragraph 73.

13   74.    MGA Defendants admit that Brisbois spoke with Isaac Larian

14   by telephone on or about the evening of September 22, 2005, deny that Brisbois

15   copied approximately 45 Mattel documents onto a USB or thumb drive on that

16   same date, deny that Brisbois concealed the thumb drive the last time she left

17   Mattel Canada's office, and state that they are without sufficient knowledge to

18   admit or deny the remaining allegations set forth in paragraph 74, and on that basis,

19   deny the remaining allegations set forth in paragraph 74.

20   75.    MGA Defendants are without sufficient knowledge to admit or

21   deny the allegations set forth in paragraph 75, and on that basis, deny the

22   allegations set forth in paragraph 75.

23   76.    MGA Defendants admit that Brisbois traveled several times to

24   MGA's offices in Van Nuys, California and met with Larian and Brawer, that

25   MGA issued a press release, state that the press release speaks for itself, and state

26   that they are without sufficient knowledge to admit or deny the remaining

27   allegations set forth in paragraph 76 and, on that basis, deny the remaining

28   allegations set forth in paragraph 76.

EXHIBIT ___105___

PAGE ___882___

1    77. MGA Defendants admit that MGA has hired at least 25

2 employees directly from Mattel's United States operations in the past few years,

3 and deny the remaining allegations set forth in paragraph 77.

4    78. MGA Defendants deny the allegations set forth in the first

5 sentence of paragraph 78. MGA Defendants admit that Larian has sent email

6 messages to a "Bratz News" distribution list, admit that the recipients of e-mail

7 messages sent to the "Bratz News" distribution list includes members of the media

8 as well as representatives of customers of both MGA and Mattel, and deny the

9 remaining allegations set forth in paragraph 78.

10    79. MGA Defendants admit that on May 12, 2006, Larian sent an

11 email message to the "Bratz News" distribution list that included a reference to the

12 new My Scene product with real gems, and state that they are without sufficient

13 knowledge to admit or deny the remaining allegations set forth in paragraph 79, and

14 on that basis, deny the remaining allegations set forth in paragraph 79.

15    80. MGA Defendants admit that Larian told one retailer that such

16 retailer was the only retailer with plans to purchase MY SCENE BLING BLING

17 with real gems, at a time when Larian had a good faith belief that such retailer was

18 the only retailer with plans to purchase MY SCENE BLING BLING with real

19 gems, and deny the remaining allegations set forth in paragraph 80.

20    81. MGA Defendants deny the allegation set forth in paragraph 81.

21    82. MGA Defendants repeat their responses contained in paragraphs

22 1 through 81 of this Answer and incorporate them by reference as though fully and

23 completely set forth herein.

24    83. MGA Defendants deny the allegations set forth in paragraph 83.

25    84. MGA Defendants deny the allegations set forth in paragraph 84.

26    85. MGA Defendants deny the allegations set forth in paragraph 85.

27    86. MGA Defendants deny the allegations set forth in paragraph 86.

28    87. MGA Defendants deny the allegations set forth in paragraph 87.

LA2:841935.2    - 12 -  EXHIBIT ___ 105

              PAGE ___ 883

1          88.    MGA Defendants repeat their responses contained in paragraphs

2  1 through 87 of this Answer and incorporate them by reference as though fully and

3  completely set forth herein.

4          89.    MGA Defendants deny the allegations set forth in paragraph 89.

5          90.    MGA Defendants deny the allegations set forth in paragraph 90.

6          91.    MGA Defendants deny the allegations set forth in paragraph 91.

7          92.    MGA Defendants deny the allegations set forth in paragraph 92.

8          93.    MGA Defendants deny the allegations set forth in paragraph 93.

9          94.    MGA Defendants deny the allegations set forth in paragraph 94.

10          95.    MGA Defendants deny the allegations set forth in paragraph 95.

11          96.    MGA Defendants deny the allegations set forth in paragraph 96.

12          97.    MGA Defendants deny the allegations set forth in paragraph 97.

13          98.    MGA Defendants repeat their responses contained in paragraphs

14  1 through 97 of this Answer and incorporate them by reference as though fully and

15  completely set forth herein.

16          99.    MGA Defendants deny the allegations set forth in paragraph 99.

17         100.    MGA Defendants deny the allegations set forth in paragraph

18  100.

19         101.    MGA Defendants deny the allegations set forth in paragraph

20  101.

21         102.    MGA Defendants deny the allegations set forth in paragraph

22  102.

23         103.    MGA Defendants deny the allegations set forth in paragraph

24  103.

25         104.    MGA Defendants deny the allegations set forth in paragraph

26  104.

27         105.    MGA Defendants deny the allegations set forth in paragraph

28  105.

EXHIBIT _____ 105

PAGE _____ 884

1    106.   MGA Defendants repeat their responses contained in paragraphs
2    1 through 105 of this Answer and incorporate them by reference as though fully and
3    completely set forth herein.

4    107.   MGA Defendants deny the allegations set forth in paragraph
5    107.

6    108.   MGA Defendants deny the allegations set forth in paragraph
7    108.

8    109.   MGA Defendants deny the allegations set forth in paragraph
9    109.

10   110.   MGA Defendants deny the allegations set forth in paragraph
11   110.

12   111.   MGA Defendants deny the allegations set forth in paragraph
13   111.

14   112.   MGA Defendants deny the allegations set forth in paragraph
15   112.

16   113.   MGA Defendants deny the allegations set forth in paragraph
17   113.

18   114.   MGA Defendants deny the allegations set forth in paragraph
19   114.

20   115.   MGA Defendants deny the allegations set forth in paragraph
21   115.

22   116.   MGA Defendants repeat their responses contained in paragraphs
23   1 through 115 of this Answer and incorporate them by reference as though fully and
24   completely set forth herein.

25   117.   MGA Defendants deny the remaining allegations set forth in
26   paragraph 117.

27   118.   MGA Defendants deny the allegations set forth in paragraph
28   118.

EXHIBIT ___105___

PAGE ___885___

1    119.   MGA Defendants deny the allegations set forth in paragraph
2    119.
3    120.   MGA Defendants deny the allegations set forth in paragraph
4    120.
5    121.   MGA Defendants deny the allegations set forth in paragraph
6    121.
7    122.   MGA Defendants repeat their responses contained in paragraphs
8    1 through 121 of this Answer and incorporate them by reference as though fully and
9    completely set forth herein.
10    123.   MGA Defendants deny the allegations set forth in paragraph
11    123.
12    124.   MGA Defendants deny the allegations set forth in paragraph
13    124.
14    125.   MGA Defendants deny the allegations set forth in paragraph
15    125.
16    126.   MGA Defendants deny the allegations set forth in paragraph
17    126.
18    127.   MGA Defendants deny the allegations set forth in paragraph
19    127.
20    128.   MGA Defendants deny the allegations set forth in paragraph
21    128.
22    129.   MGA Defendants repeat their responses contained in paragraphs
23    1 through 128 of this Answer and incorporate them by reference as though fully and
24    completely set forth herein.
25    130.   The first and fifth sentences of paragraph 130 are statements of
26    Mattel's legal position, to which no response is necessary.  To the extent a response
27    is required, MGA Defendants deny the allegations set forth in the first and fifth
28    sentences of paragraph 130. MGA Defendants are without sufficient knowledge to

LA2:841935.2

- 15 -

105

PAGE _____ 886

1    admit or deny the remaining allegations set forth in paragraph 130, and on that
2    basis, deny the remaining allegations set forth in paragraph 130.

3         131.    MGA Defendants deny the allegations set forth in paragraph
4    131.

5         132.    MGA Defendants deny the allegations set forth in paragraph
6    132.

7         133.    MGA Defendants deny the allegations set forth in paragraph
8    133.

9         134.    MGA Defendants deny the allegations set forth in paragraph
10   134.

11        135.    MGA Defendants deny the allegations set forth in paragraph
12   135.

13        136.    MGA Defendants repeat their responses contained in paragraphs
14   1 through 135 of this Answer and incorporate them by reference as though fully and
15   completely set forth herein.

16        137.    MGA Defendants deny the allegations set forth in paragraph
17   137.

18        138.    MGA Defendants deny the allegations set forth in paragraph
19   138.

20        139.    MGA Defendants deny the allegations set forth in paragraph
21   139.

22        140.    MGA Defendants deny the allegations set forth in paragraph
23   140.

24        141.    MGA Defendants deny the allegations set forth in paragraph
25   141.

26        142.    MGA Defendants repeat their responses contained in paragraphs
27   1 through 141 of this Answer and incorporate them by reference as though fully and
28   completely set forth herein.

EXHIBIT _____ 105

PAGE _____ 887

1      143.   Paragraph 143 is a statement of Mattel's legal position, to which

2   no response is necessary.  To the extent a response is required, MGA Defendants

3   deny the allegations set forth in the paragraph 143.

4      144.   MGA Defendants deny the allegations set forth in paragraph

5   144.

6      145.   MGA Defendants deny the allegations set forth in paragraph

7   145.

8      146.   MGA Defendants deny the allegations set forth in paragraph

9   146.

10      147.   MGA Defendants deny the allegations set forth in paragraph

11   147.

12      148.   MGA Defendants deny the allegations set forth in paragraph

13   148.

14      149.   MGA Defendants repeat their responses contained in paragraphs

15   1 through 148 of this Answer and incorporate them by reference as though fully and

16   completely set forth herein.

17      150.   MGA Defendants deny the allegations set forth in paragraph

18   150.

19      151.   MGA Defendants deny the allegations set forth in paragraph

20   151.

21      152.   MGA Defendants deny the allegations set forth in paragraph

22   152.

23      153.   MGA Defendants deny the allegations set forth in paragraph

24   153.

25      154.   MGA Defendants deny the allegations set forth in paragraph

26   154.

27

28

EXHIBIT ___105___

PAGE ___888___

1        155.   MGA Defendants repeat their responses contained in paragraphs

2   1 through 154 of this Answer and incorporate them by reference as though fully and

3   completely set forth herein.

4        156.   MGA Defendants deny the allegations set forth in paragraph

5   156.

6        157.   MGA Defendants deny the allegations set forth in paragraph

7   157.

8        158.   MGA Defendants deny the allegations set forth in paragraph

9   158.

10        159.   MGA Defendants deny the allegations set forth in paragraph

11   159.

12        160.   MGA Defendants deny the allegations set forth in paragraph

13   160.

14        161.   MGA Defendants deny the allegations set forth in paragraph

15   161.

16        162.   MGA Defendants deny the allegations set forth in paragraph

17   162.

18        163.   MGA Defendants repeat their responses contained in paragraphs

19   1 through 162 of this Answer and incorporate them by reference as though fully and

20   completely set forth herein.

21        164.   MGA Defendants deny the allegations set forth in paragraph

22   164.

23        165.   MGA Defendants deny the allegations set forth in paragraph

24   165.

25        166.   MGA Defendants deny the allegations set forth in paragraph

26   166.

27

28

LA2:841935.2

EXHIBIT ___105___

PAGE ___889___

167.   MGA Defendants repeat their responses contained in paragraphs 1 through 166 f this Answer and incorporate them by reference as though fully and completely set forth herein.

168.   MGA Defendants deny the allegations set forth in paragraph 168.

169.   Paragraph 169 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, MGA Defendants deny the allegations set forth in the paragraph 169.

170.   Paragraph 170 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, MGA Defendants deny the allegations set forth in the paragraph 170.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of MGA Defendants or any Counter-Defendant, and without admitting that Mattel suffered any loss, damage, or injury, MGA Defendants allege the following affirmative defenses to the Counterclaims.  By designating the following as affirmative defenses, MGA Defendants do not in any way waive or limit any defenses which are or may be raised by their denials, allegations, and averments set forth herein.  MGA Defendants also do not, by alleging any affirmative defense, admit that Mattel does not have the burden of proof for any or all facts underlying any of those defenses. These defenses are pled in the alternative, and are raised to preserve the rights of MGA Defendants to assert such defenses, and are without prejudice to their ability to raise other and further defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Mattel's counterclaims fail to state a claim against MGA Defendants upon which relief can be granted.

LA2:841935.2

- 19 -

EXHIBIT ___ 105

PAGE ___ 890

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands/*in Pari Delicto*)

Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands and wrongful acts.  This affirmative defense is based, in part, on Mattel's efforts to undermine MGA's business and to "kill" Bratz at any cost which include, but are not limited to, Mattel's efforts to infringe and dilute MGA's trade dress, copy MGA's products, packaging, themes, and advertising (including for Mattel products My Scene, Diva Starz, Wee 3 Friends, Acceleracers, Polly Pocket, and Little Mommy products, to name a few), and engage in other acts of unfair competition against MGA as alleged in MGA's complaint against Mattel; Mattel's efforts to create negative publicity or press about MGA, MGA products, Bryant, Larian, or MGA employees; Mattel's efforts to fund or commission market research or studies that portray Bratz or MGA products negatively; Mattel's efforts to interfere with MGA's acquisition of or investment in Zapf Creation AG; Mattel's efforts to include negative references to MGA or Bratz on Mattel's "We Believe in Girls" website; Mattel's efforts or intent to interfere with business dealings or contractual relations between MGA and Smoby Group; Mattel's influencing Nickelodeon to reject MGA advertisements or to limit time slots for advertisements; assisting parties in lawsuits against MGA; Mattel's monitoring, "spying on" or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development; gaining access, or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses; Mattel's wrongfully obtaining MGA's costs and sales information through Mattel-employed category managers at retailers; Mattel's inducing non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products; Mattel's covertly investigating MGA, its officers and employees, and their family members; Mattel's contacting persons under false

EXHIBIT ____105____

PAGE ____891____

1    pretense in order to interrogate them about Bratz and this litigation; Mattel's

2    coercing its employees to accept restrictive covenants (right before a massive

3    layoff) and non-compete clauses and other efforts to prevent prospective MGA

4    employees from accepting offers of employment; Mattel's delay in suing Carter

5    Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel

6    case; Mattel's falsely inflating its Barbie sales figures in an effort to mislead the

7    public and retailers; and Mattel's taking all measures to conceal its bad acts,

8    including the willful non-retention and destruction of documents.  Additionally,

9    Mattel believed from the time that Carter Bryant left Mattel's employ that he was

10   going to perform work for a Mattel competitor.  Mattel began investigating Bryant

11   and MGA Defendants, including Bryant's role in the creation and development of

12   Bratz, at least as early as March 2002.  Nonetheless, Mattel waited years to bring

13   suit, all the while allowing MGA Defendants to spend years developing their

14   business and invest tens of millions of dollars developing the Bratz products and

15   building the Bratz brand.  These averments are made on information and belief

16   except where MGA Defendants have knowledge thereof.

17                    <u>**THIRD AFFIRMATIVE DEFENSE**</u>

18                              (Laches)

19          Mattel's counterclaims are barred by the equitable doctrine of laches

20   because, among other things, Mattel believed from the time that Carter Bryant left

21   Mattel's employ that he was going to perform work for a Mattel competitor.  Mattel

22   began investigating Bryant and MGA Defendants, including Bryant's role in the

23   creation and development of Bratz, at least as early as March 2002 and thereafter

24   continued its investigation into Bryant's role in the creation and development of

25   Bratz, as well as his work with MGA, in August 2002 after Mattel's CEO, Robert

26   Eckert, received an "anonymous letter" that claimed that Bryant stole the idea for

27   Bratz from Mattel and sold it to MGA Defendants.  Nonetheless, Mattel waited

28   years to bring suit, all the while allowing MGA Defendants to spend years

LA2:841935.2                          - 21 -         EXHIBIT ___ 10S

                                                    PAGE ___ 892

1 | developing their business and invest tens of millions of dollars developing the Bratz
2 | products and building the Bratz brand.

### FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Mattel's counterclaims are barred by the applicable statutes of limitations, including but not limited to, 18 U.S.C. § 1961 *et seq.*, 17 U.S.C. § 507(b), and Code of Civil Procedure §§ 337, 339, 343 and 338(c).

### FIFTH AFFIRMATIVE DEFENSE

(*Bona Fide* Purchaser for Value)

Mattel cannot maintain its counterclaims against MGA Defendants because MGA Defendants paid valuable consideration for Bryant's assignment of his rights in the original Bratz drawings to MGA Defendants, and MGA Defendants acted with a good faith belief that Bryant owned the rights to his original Bratz drawings and that his assignment of such rights to MGA Defendants was valid and permissible.

### SIXTH AFFIRMATIVE DEFENSE

(17 U.S.C. § 205(d))

Mattel cannot maintain its counterclaims against MGA Defendants because, among other things, MGA Defendants acted with a good faith belief that Bryant owned the rights to his original Bratz drawings and that his assignment of such rights to MGA Defendants was valid and permissible.

### SEVENTH AFFIRMATIVE DEFENSE

(Information Readily Ascertainable)

MGA Defendants cannot be liable, either on their own account or by association with other defendants, for misappropriation of information that was readily ascertainable by proper means at the time of the alleged acquisition or use. Such information includes, but is not limited to, the identity of suppliers,

LA2:841935.2

- 22 -

EXHIBIT _____ 105

PAGE _____ 893

1  manufacturers, distributors and retailers; contact information for the same; and

2  sales, marketing and media data.

### EIGHTH AFFIRMATIVE DEFENSE

(Acts or Omissions of Others)

5      Mattel's damages, if any, were not caused by MGA Defendants and are not

6  attributable to any acts or omissions of MGA Defendants.

### NINTH AFFIRMATIVE DEFENSE

(Estoppel)

9      Mattel's counterclaims are barred in whole or in part by the equitable

10  doctrine of estoppel because, among other things, Mattel believed from the time

11  that Carter Bryant left Mattel's employ that he was going to perform work for a

12  Mattel competitor.  Mattel began investigating Bryant and MGA Defendants,

13  including Bryant's role in the creation and development of Bratz, at least as early as

14  March 2002.  Nonetheless, Mattel waited years to bring suit, all the while allowing

15  MGA Defendants to spend years developing their business and invest tens of

16  millions of dollars developing the Bratz products and building the Bratz brand.

### TENTH AFFIRMATIVE DEFENSE

(Acquiescence)

19      Mattel's counterclaims are barred in whole or in part by acquiescence

20  because, among other things, Mattel believed from the time that Carter Bryant left

21  Mattel's employ that he was going to perform work for a Mattel competitor.  Mattel

22  began investigating Bryant and MGA Defendants, including Bryant's role in the

23  creation and development of Bratz, at least as early as March 2002.  Nonetheless,

24  Mattel waited years to bring suit, all the while allowing MGA Defendants to spend

25  years developing their business and invest tens of millions of dollars developing the

26  Bratz products and building the Bratz brand.  Additionally, Mattel tolerated and

27  condoned conduct by other employees similar to the alleged conduct by Bryant and

28  others on which Mattel bases its claims.

LA2:841935.2

- 23 -

EXHIBIT ____105____

PAGE ____894____

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

MGA Defendants deny that Mattel suffered any damages, but even if it did, Mattel failed to take reasonable steps to mitigate those purported damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Statutory Damages or Attorneys' Fees)

Mattel is barred from recovering statutory damages and/or attorneys' fees because it failed to register the copyrights that are purportedly at issue within the time required by 17 U.S.C. § 412.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Mattel's counterclaims are barred in whole or in part by waiver because, among other things, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor. Mattel began investigating Bryant and MGA Defendants, including Bryant's role in the creation and development of Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing MGA Defendants to spend years developing their business and invest tens of millions of dollars developing the Bratz products and building the Bratz brand.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Abandonment)

Mattel has abandoned any interest it may have had in the alleged copyrighted works.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (*De Minimus* Use)

MGA Defendants deny that Mattel owns any copyright interest in the alleged works, but even if Mattel could craft a claim that the Bratz dolls incorporate an

- 24 -

LA2:841935.2

EXHIBIT _____ 105

PAGE _____ 895

1   aspect of a Mattel copyrighted work, such use would be *de minimus* and non-

2   infringing.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Joint Authorship)

5   MGA Defendants deny that Mattel owns any copyright interest in the alleged

6   works, but even if it did, any liability would be eliminated or greatly diminished by

7   the doctrine of joint authorship.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Competition Privilege/Justification)

10   Mattel's counterclaims are barred in whole or in part on the grounds that the

11   acts of the MGA Defendants were lawful competition or justified.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Good Faith)

14   Mattel's counterclaims are barred in whole or in part because the MGA

15   Defendants acted in good faith.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Lack of Authority)

18   Mattel's counterclaims are barred in whole or in part on the grounds that to

19   the extent any person committed an unlawful or tortious act, the person lacked

20   authority to commit such act on behalf of the MGA Defendants.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Lack of Standing)

23   Mattel's counterclaims are barred in whole or in part by its lack of standing.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Joinder in Defenses of Co-Defendants)

26   MGA Defendants hereby adopt and incorporate by reference any and all

27   other affirmative defenses that have been or will be asserted by any other defendant

28   (including Bryant) in this litigation to the extent that defendants may share in such

LA2:841935.2

- 25 -

105

1   affirmative defenses.

2   <u>**TWENTY-SECOND AFFIRMATIVE DEFENSE**</u>

3   <u>(Undiscovered Defenses)</u>

4          MGA Defendants have insufficient knowledge or information upon which to

5   form a belief as to whether additional defenses are available.  MGA Defendants

6   reserve the right to assert any further or additional defenses upon receiving more

7   complete information regarding the matters alleged in the Counterclaims, through

8   discovery or otherwise.

9

10          WHEREFORE, MGA Entertainment, Inc., MGA Entertainment (HK)

11   Limited, and MGAE de Mexico S.R.L. de C.V., pray for relief as follows:

12        a.    that the Counterclaims be dismissed with prejudice;

13        b.    that judgment be entered in favor of counter-defendants and against

14   counterclaimant;

15        c.    that counter-defendants recover their costs and attorneys' fees; and

16        d.    that the Court award such other and further relief as is just and proper.

17

18   Dated:  September 19, 2007      O'MELVENY & MYERS LLP

19

20

21                        Marc F. Feinstein

                         Attorneys for Counter-defendants

22                      MGA Entertainment, Inc., Isaac Larian,

                         MGA Entertainment (HK) Limited, and

23                      MGAE de Mexico S.R.L. de C.V.

24

25

26

27

28

EXHIBIT ___105___

PAGE ___**897**___

1

## PROOF OF SERVICE

2

  I, Karen A. Nakatsu, declare:

3

  I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On September 19, 2007, I served the within document(s):

4

5

  **AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS**

6

7

8

 ☒ by causing to be personally served the document(s) listed above to the person(s) listed below.

9

10
John B. Quinn, Esq.
Michael T. Zeller, Esq.
B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street,
10th Floor
Los Angeles, CA 90017

11

12

13

14

 ☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15

16

17

18

19
Patricia Glaser, Esq.
Christensen, Glaser, Fink, Jacobs,
Weil & Shapiro, LLP
10250 Constellation Blvd.,
19th Floor
Los Angeles, CA 90067

20

21

Michael H. Page, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

22

23
James W. Spertus, Esq.
Law Offices of James W. Spertus
12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

24

25

26

27

28

LA2:817525.2

EXHIBIT ___ 105 ___

PAGE ___ 898 ___

1       I declare under penalty of perjury under the laws of the United States that the

2 above is true and correct.

3       Executed on September 19, 2007, at Los Angeles, California.

4

5                                 *Karen A. Nakatsu*

                                  Karen A. Nakatsu

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2:817525.2

EXHIBIT _____ 105

PAGE _____ **899**

# Nationwide Legal, Inc.

## COURT • PROCESS • MESSENGER

DATE 9/19/07

CONTROL # 20223 021496

www.nationwideasap.com

legal@nationwideasap.com

316 W. 2nd Street, Suite 705    Los Angeles, CA 90012    (213) 625-9100    (213) 625-9111
611 Civic Center Drive W., Suite 204  Santa Ana, CA 92701    (714) 558-2400    (714) 558-2401
3637 Ninth Street          Riverside, CA 92501    (951) 275-0071    (951) 275-0074
1255 Post Street, Suite 500    San Francisco, CA 94109    (415) 351-0400    (415) 351-0407
121 Broadway, Suite 331    San Diego, CA 92101    (619) 232-7500    (619) 232-7600

Firm: O'MELVENY & MYERS
400 S. HOPE STREET        SUITE 1000
LOS ANGELES        CA  90071
213 430-6129    ACCT# 101

Telephone:

Attorney: F. GLAD

Secretary:

Email:

Ref./Billing #: 577436-008

## SERVICE TYPES

| SPECIAL ☒ | RUSH ☒ | HOT | STANDARD/REG | COURT-RUN | SAME DAY ☐ | NEXT DAY ☐ |

## MESSENGER SERVICES

From:                                      To:

Address:                                   Address:

City:                        Zip:          City:                        Zip:

Sender:                                    Attention:

## COURT SERVICES

Case Number:

Case Name:

Court Address:

☐ Court Filing
☐ Research/Copy
☐ Courtesy Copy
☐ Recording
☑ Office Service
☐ Business
☐ Substituted Service
☐ Residence
Service Deadline

### DO NOT ADVANCE

Fees Attached  $_____

Advanced Fees $_____

Check Number _____

## SERVICE OF PROCESS

Company/Person Being Served:

QUINN EMANUEL

Address: 865 S. FIGUEROA ST.

City: LA        Zip: 90017

### DO NOT ADVANCE

Fees Attached  $_____

Advanced Fees $_____

Check Number _____

TYPE OF DOCUMENTS:

CV 05-2727 SGL

BRYANT - V - MATTEL

SPECIAL INSTRUCTIONS:

DROP SERVE   SIGN POS

EXHIBIT 105

PAGE 900

Received By:                    Date:        Time:

WHITE-ORIGINAL / YELLOW-BILLING / PINK-TRACKING / GOLD-CLIENT ACCOUNTING FILE

**EXHIBIT 106**



**RECEIVED**

APR 0 2 2007

1  DALE M. CENDALI (admitted *pro hac vice*)
   DIANA M. TORRES (S.B. #162284)
2  JAMES P. JENAL (S.B. #180190)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, CA 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5  Email: jjenal@omm.com

6  PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK,
7  JACOBS, WEIL & SHAPIRO LLP
   10250 Constellation Boulevard, 19th Floor
8  Los Angeles, CA 90067
   Telephone: (310) 553-3000
9  Facsimile: (310) 556-2920
   Email: pglaser@chrisglase.com
10
   Attorneys for Plaintiff
11 MGA Entertainment, Inc.

12

13            UNITED STATES DISTRICT COURT
14            CENTRAL DISTRICT OF CALIFORNIA
              EASTERN DIVISION
15
   CARTER BRYANT, an individual,      Case No. CV 04-09049 SGL (RNBx)
16                                     (consolidated with CV 04-9059 & 05-2727)
              Plaintiff,
17                                     MGA ENTERTAINMENT, INC.'S
        v.                             RESPONSES TO MATTEL, INC.'S
18                                     THIRD SET OF REQUESTS FOR
                                       ADMISSION TO MGA
19 MATTEL, INC., a Delaware           ENTERTAINMENT, INC.
   Corporation,
20
              Defendant.
21
   CONSOLIDATED WITH
22 MATTEL, INC. v. BRYANT and
   MGA ENTERTAINMENT, INC. v.
23 MATTEL, INC.

24

25

26

27

28

EXHIBIT ___106___

PAGE ___901___

MGA'S RESPONSES TO MATTEL'S THIRD SET
OF REQUESTS FOR ADMISSION TO MGA

3.30