- Merchandise must be returned with the price tickets attached and in it's original packaging. For body jewelry and make-up, the original packaging must be unopened.
- Merchandise must not have any visible signs of wear.
- If merchandise is defective we will gladly exchange it.
- We will need your original receipt to issue a refund.
- If you do not have the original receipt, we will be happy to exchange the merchandise for you or issue you a store credit for the current selling price.



We want you to be satisfied!

If you need to exchange or return your purchase, please remember that:

- Merchandise must be returned with the price tickets attached and in it's original packaging. For body jewelry and make-up, the original packaging must be unopened.
- Merchandise must not have any visible signs of wear.
- If merchandise is defective we will gladly exchange it.
- We will need your original receipt to issue a refund.
- If you do not have the original receipt, we will be happy to exchange the merchandise for you or issue you a store credit for the current selling price.



We want you to be satisfied!

If you need to exchange or return your purchase, please remember that:

- Merchandise must be returned with the price tickets attached and in it's original packaging. For body jewelry and make-up, the original packaging must be unopened.
- Merchandise must not have any visible signs of wear.
- If merchandise is defective we will gladly exchange it.
- We will need your original receipt to issue a refund.
- If you do not have the original receipt, we will be happy to exchange the merchandise for you or issue you a store credit for the current selling price.



We want you to be satisfied!

If you need to exchange or return your purchase, please remember that:

- Merchandise must be returned with the price tickets attached and in it's original packaging. For body jewelry and make-up, the original packaging must be unopened.
- Merchandise must not have any visible signs of wear.
- If merchandise is defective we will gladly exchange it.
- We will need your original receipt to issue a refund.
- If you do not have the original receipt, we will be happy to exchange the merchandise for you or issue you a store credit for the current selling price.



CONFIDENTIAL  -  ATTORNEYS' EYES ONLY

EXHIBIT _E_
PAGE 36

MGA 3786755

IT HAS BEEN A PLEASURE SERVING YOU!
YOUR CASHIER, ALETA

### TOYS "Я" US

5622/17 1874:1 14426 1 SALE

FASHIONS MARYKATE & 068228 9.99
SCHOOL SET MARY-KA 023871 32.99

              SUBTOTAL         42.98
              8.25% TAX         3.55
              TOTAL            46.53
                              46.53
        **Redacted**

CHANGE                          .00

09/23/00   16:50

ITEM COUNT  2

THANK YOU FOR SHOPPING AT TOYS 'R' US
QUESTIONS? CALL (310) 540-2727. CHECK OUT
OUR EXCITING NEW WEBSITE, WWW.TOYSRUS.COM



*356221718746663*

```
DATE  227001243996  TIME
10/06/00   689308    15:21

HOT TOPIC #243
2148 GLENDALE GALLERIA
GLENDALE, CA 912100000

CREDIT SALE

TRANS #              AUTH #
012                  153233

VISA
ACCOUNT #        EXP. DATE
```

**Redacted**

```
SALE AMOUNT    $      330.05




Signature
BRYANT/ CARTER

Thank You

TOP COPY-MERCHANT
BOTTOM COPY-CUSTOMER
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

EXHIBIT E
PAGE 38

MGA 3786757

```
             CHARLOTTE ROSSE
               GLENDALE GALERIA
      2229 GLENDALE GALLERIA,GLENDALE,CA 91210
            .    (818) 545-0486


      SALE·              12965 1 00001 08068
            ·      ·     0035 10/06/00  05:38 PM


      ASSOCIATE NUMBER    16394
      1  401602826119 THONGS          4.00
      2  401190898017 STRG BIK        4.00
      3  401190898017 STRG BIK        4.00
      4  401190898017 STRG BIK        4.00
      ITEM CORRECT       Line * 4
           1 @ 4.00                  -4.00
      5  401602826119 THONGS          4.00
      6  401190898017 STRG BIK        4.00
      7  401456006118 THONGS          2.99
      8  401420817016 BODY GLTTR
           1 @ 2/7.00                 3.50
      9  401420816118 BODY GLTTR  .
           1 @ 2/7.00                 3.50
      10 401606536113 WATCHES        18.00
      11 401606535215 WATCHES        18.00
      12 401890169318 STUFANIMAL      6.00
      13 401630619011 STUFANIMAL      6.00
      ASSOCIATE NUMBER    12965
      14 401610719014 STUFANIMAL      6.00
      ASSOCIATE NUMBER    12965
      15 401620639012 STUFANIMAL  .   6.00
      ASSOCIATE NUMBER    12965
      16 401916062715 HEADBAND
         .   1 @ 2/7.00               3.50
      ASSOCIATE NUMBER    12965
      17 401916065815 HEADBAND
           1 @ 2/7.00                 3.50
      ASSOCIATE NUMBER    12965
      18 401923040911 MINICLAWCP
         .   1 @ 2/7.00               3.50
      ASSOCIATE NUMBER    12965
      19 401571039213 MINICLAWCP
           1 @ 2/7.00                 3.50
      ASSOCIATE NUMBER    12965
      20 401454090812 MINICLAWCP
           1 @ 2/7.00                 3.50
      ASSOCIATE NUMBER    12965
      21 401454095817 MINICLAWCP
           1 @ 2/7.00                 3.50
      ASSOCIATE NUMBER    12965
      22 401708460316 METAL BELT     14.00
      ASSOCIATE NUMBER    12965
      23 401370626119 HOUSEWARES     16.00
      ASSOCIATE NUMBER    12965
      24 401620462818 HOUSEWARES     16.00
      25 401398026717 HEADBAND        5.00
      26 401396024418 SLIPPERS        8.00
      27 401652086044 NVTYKNITOP     19.99
      28 401610506836 NVTYKNITOP     16.99
         SUB TOTAL                   206.97
      8.25%                           17.08
          TOTAL                     $224.05
                                     224.05
      ACCOUNT NUMBER
                                 Redacted
      EXPIRATION DATE
    , AUTHORIZATION NUMBER   175924
      REFERENCE *          3258802 -0


             www.charlotte-russe.com
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

EXHIBIT _E_
PAGE 39

MGA 3786758

REFUNDS/EXCHANGES in 30 days with receipt and tags attached.

SALE MERCHANDISE is exchangeable only.

SPECIAL OCCASION merchandise is NOT RETURNABLE.

GIFT CERTIFICATES/CREDIT SLIPS are redeemable for merchandise only. They are not replaceable if lost or stolen and are not valid without manager's signature.

LAYAWAYS will be held for 30 days. Layaway refunds in 30 days from original deposit date minus $2.00 service fee.

REFUNDS/EXCHANGES in 30 days with receipt and tags attached.

SALE MERCHANDISE is exchangeable only.

SPECIAL OCCASION merchandise is NOT RETURNABLE.

GIFT CERTIFICATES/CREDIT SLIPS are redeemable for merchandise only. They are not replaceable if lost or stolen and are not valid without manager's signature.

LAYAWAYS will be held for 30 days. Layaway refunds in 30 days from original deposit date minus $2.00 service fee.

REFUNDS/EXCHANGES in 30 days with receipt and tags attached.

SALE MERCHANDISE is exchangeable only.

SPECIAL OCCASION merchandise is NOT RETURNABLE.

GIFT CERTIFICATES/CREDIT SLIPS are redeemable for merchandise only. They are not replaceable if lost or stolen and are not valid without manager's signature.

LAYAWAYS will be held for 30 days. Layaway refunds in 30 days from original deposit date minus $2.00 service fee.

REFUNDS/EXCHANGES in 30 days with receipt and tags attached.

SALE MERCHANDISE is exchangeable only.

SPECIAL OCCASION merchandise is NOT RETURNABLE.

GIFT CERTIFICATES/CREDIT SLIPS are redeemable for merchandise only. They are not replaceable if lost or stolen and are not valid without manager's signature.

LAYAWAYS will be held for 30 days. Layaway refunds in 30 days from original deposit date minus $2.00 service fee.

REFUNDS/EXCHANGES in 30 days with receipt and tags attached.

SALE MERCHANDISE is exchangeable only.

SPECIAL OCCASION merchandise is NOT RETURNABLE.

GIFT CERTIFICATES/CREDIT SLIPS are redeemable for merchandise only. They are not replaceable if lost or stolen and are not valid without manager's signature.

LAYAWAYS will be held for 30 days. Layaway refunds in 30 days from original deposit date minus $2.00 service fee.

REFUNDS/EXCHANGES in 30 days with receipt and tags attached.

SALE MERCHANDISE is exchangeable only.

SPECIAL OCCASION merchandise is NOT RETURNABLE.

GIFT CERTIFICATES/CREDIT SLIPS are redeemable for merchandise only. They are not replaceable if lost or stolen and are not valid without manager's signature.

LAYAWAYS will be held for 30 days. Layaway refunds in 30 days from original deposit date minus $2.00 service fee.

REFUNDS/EXCHANGES in 30 days with receipt and tags attached.

SALE MERCHANDISE is exchangeable only.

SPECIAL OCCASION merchandise is NOT RETURNABLE.

GIFT CERTIFICATES/CREDIT SLIPS are redeemable for merchandise only. They are not replaceable if lost or stolen and are not valid without manager's signature.

LAYAWAYS will be held for 30 days. Layaway refunds in 30 days from original deposit date minus $2.00 service fee.

REFUNDS/EXCHANGES in 30 days with receipt and tags attached.

SALE MERCHANDISE is exchangeable only.

**EXHIBIT E**
**PAGE 40**

CONFIDENTIAL − ATTORNEYS' EYES ONLY

MGA 3786759



CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA 3786760

**EXHIBIT 112**

# FORMER MATTEL EMPLOYEES - 04/20/06

| | A<br>ACTIVE EMPLOYEES | B<br>MGA POSITION | C<br>MGA DATES | D<br>MATTEL DATES |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | Abundis, Ricardo | SR. SALES ANALYST | 12/06/04-PRESENT | 07/00-11/04 |
| 4 | Bate, Ian | QUALITY ASSURANCE MANAGER | 7/31/2006-PRESENT | 7/2000-10/2000 |
| 5 | Bloodworth III, John E. | Product Manager, Games | 08/21/06-PRESENT | 06/01/06-08/06 |
| 6 | Bloodworth III, John E. | Product Manager, Games | 08/21/06-PRESENT | 03/1998-01/2000 |
| 7 | Bloomfield, Kevin | SR. DESIGNER | 11/25/02-PRESENT | 10/00-11/00 |
| 8 | Brawer, Ron | EVP MARKETING | 10/05/04-PRESENT | 1996-2004 |
| 9 | Brisbois, Janine (CANADA) | VP NAT'L ACCTS. | 10/04/05-PRESENT | 1/2001-9/2005 |
| 10 | Castilla, Jorge | MGR. SALES PLANNING | 04/03/06-PRESENT | 06/98-03/06 |
| 11 | Chang, Suzy | Sr. Development Designer | 08/28/06-Present | Summer 2000 |
| 12 | Cheng, Steve | SR. DESIGNER | 04/03/02-PRESENT | 09/99-06/01 |
| 13 | Cody Jr, Gerry | Sr. Designer - Boys Toys | 11/20/06-PRESENT | 11/99-4/00 |
| 14 | Cody Jr, Gerry | Sr. Designer - Boys Toys | 11/20/06-PRESENT | 06/04-01/05 |
| 15 | Contreras, Nick | VP CUSTOMER MKTG | 11/29/04-PRESENT | 1994-2004 |
| 16 | Cooney Jr., Daniel | VP National Account Manager | 05/15/06-PRESENT | 01/04-05/06 |
| 17 | Cooney Jr., Daniel | VP National Account Manager | 05/15/06-PRESENT | 10/96-09/01 |
| 18 | Domingo, Luisito H | DEV. DESIGNER | 07/07/03-PRESENT | 10/96-10/01 |
| 19 | Dominguez, Greg Paul | PROD. DESIGNER | 04/01/02-PRESENT | 11/98-07/00 |
| 20 | Feldman, Joe | DESIGN ENGINEER | 12/08/04-PRESENT | 7/93-2/04 |
| 21 | Forrest, Craig | Product Manager, Games | 5/15/06-PRESENT | 10/97-01/05 |
| 22 | Garcia, Mia | DEV. DESIGNER | 2/23/05-PRESENT | 2000-2004 |
| 23 | Garcia, Paula | VP GIRLS TOY PD | 04/17/00-PRESENT | 12/97-04/00 |
| 24 | Gonzalez, Eduardo | Sr. Director of Quality Assurance | 10/16/06-PRESENT | 4/1985-1/1997 |
| 25 | Gonzalez, Eduardo | QUALITY ASS. MGR. | 1/3/05-8/8/05 | 4/1985-1/1997 |
| 26 | Hall, Tracy | Sr. Director of Prod. Dev, CE/YE | 08/07/06 - PRESENT | 09/1987-04/1989 |
| 27 | Hansen, Melody | FACE PAINTER | 03/13/06-PRESENT | 04/94-01-06 |
| 28 | Hansen, Todd | PACKAGING ENG. | 5/2/05-PRESENT | 1994-1996 |
| 29 | Hatch, Jill | Sr. Director, National Sales | 09/18/06 - PRESENT | 04/04 - 09/02/2006 |
| 30 | Hatch, Jill | Sr. Director, National Sales | 09/18/06 - PRESENT | 06/96 - 01/03 |
| 31 | Hinh, Michael | MGR. CATEGORY ADV. | 6/27/05-PRESENT | 10/02-6/05 |
| 32 | Hsu, Janet | VP LIFESTYLES | 3/9/05-PRESENT | 8/2002-3/2005 |
| 33 | Koa, Alice | CUST. MKTG. MGR. | 2/21/05-PRESENT | 10/03-2/05 |
| 34 | Kaufman, Ken | ADVERTISING EXEC. | 01/03/05-PRESENT | 1995-2004 |
| 35 | Keller, Pamela E | VP Supply Chain & Operations | 09/25/06 - PRESENT | 10/95 - 01/99 |
| 36 | Keossian, Alejandro Gabriel | GR. DESIGNER | 08/11/03-PRESENT | 02/02-08/03 |
| 37 | Kim, Joyce | SR. PLAYSET DESIGN | 2/23/05-PRESENT | 9/98-9/04 |
| 38 | Kim, Young | SEAMSTRESS | 01/15/04-PRESENT | 09/98-06/02 |
| 39 | Kirst, Kristen | HAIR ROOTER | 03/31/03-PRESENT | 12/00-02/03 |
| 40 | Komatsu, Ellen | DEV. DESIGNER | 08/25/03-PRESENT | 10/98-03/02 |

Confidential - For Attorney's Eyes Only

EXHIBIT 112

PAGE 953

MGA 1134723

## FORMER MATTEL EMPLOYEES - 04/20/06

| | A | B | C | D |
|---|---|---|---|---|
| 41 | Larson, Jill | Sales Associate | starts 12/19/06 | 09/90-Present |
| 42 | Law, Chi Shing | DEV DESIGN MGR | 05/01/06-PRESENT | 08/00-08/02 |
| 43 | Leahy, Margaret | SR. SCULPTOR | TEMP TO PERM EFF 4/4/05 | 03/95-09/00 |
| 44 | Lumabao, Bo | PRD/MKT MANAGER | 2/14/05-PRESENT | 4/01-10/02 |
| 45 | Marks, Dorothy | SAMPLE MAKER | 07/28/05-PRESENT | 01/01/03-04/12/04 |
| 46 | Martin, Raymond John | PROD. MANAGER | 02/23/04-PRESENT | 08/97-02/03 |
| 47 | McBride, Susan | PROD. MANAGER | 06/03/02-PRESENT | 2000-2001 |
| 48 | Min, Aye Aye | HAIR ROOTER | 03/20/2006-PRESENT | 07/1994-02/2006 |
| 49 | Nigoghossian, Christine | SR. DOLL DESIGNER | 04/25/05-PRESENT | 1991-2002 |
| 50 | Palijo, Amelia Ivy Arafiles | SR. SCULPTURIST | 02/23/04-PRESENT | 08/98-01/04 |
| 51 | Parkinson, Ana Mancia | DEV. DESIGNER | 05/10/04-PRESENT | 1990-2004 |
| 52 | Paulino, Denise | SAMPLE MAKER | 01/18/05-PRESENT | 05/1991-3/2001 |
| 53 | Pestonji, Danny | DESIGNER | 06/01/04-PRESENT | 06/95-11/01 |
| 54 | Phoosopha, Poottipong | FACE PAINTER | 12/08/03-PRESENT | 03/97-10/01; 02/02-12/03 |
| 55 | Pickard, Michael | PACKAGING ENG. | 03/22/04-PRESENT | 10/92-02/02 |
| 56 | Ratleff, Leland | Senior HR Director | 12/04/06-PRESENT | 1985-12/1/06 |
| 57 | Ronquillo, Desiree Elisabeth | SR. DEV. DESIGNER | 05/03/04-PRESENT | 02/01-04/04 |
| 58 | Ruiz, Micaela | SAMPLE MAKER | 2/13/06-PRESENT | 1985-2/2006 |
| 59 | Sasic-Koetsier, Natasha | ILLUSTRATOR | 06/01/04-PRESENT | NOT APPLICABLE |
| 60 | Salazar, Maria Elena | SEAMSTRESS | 03/31/03-PRESENT | 1996-2001 |
| 61 | Salemnia, Shirin | RESEARCH MGR. | 02/17/03-PRESENT | 06/00-01/03 |
| 62 | Scott, Harvey | SAMPLE MAKER | 08/01/05-PRESENT | 1992-07/2005 |
| 63 | Su, Jier | DIR. PROJECT PLANNING | 8/15/05-PRESENT | 11/1998-07/2005 |
| 64 | Smith, Steffen J. | SR. PKG. ENG. | 10/13/03-PRESENT | 01/99-12/00 |
| 65 | Soai, Dennis | DEV. DESIGNER | 03/04/02-PRESENT | 06/95-02/00 |
| 66 | Thompson, Maria | SOURCING MANAGER | 04/04/04-PRESENT | 07/91-03/05 |
| 67 | Tran, Chau Ngoc | SAMPLE MAKER | 05/10/04-PRESENT | 08/88-10/03 |
| 68 | Upshaw, Gail | SEAMSTRESS | 5/23/05-PRESENT | 9/83-3/01 |
| 69 | Wang, Chang-Chin | ASSOC. FACE DES. | 05/03/04-PRESENT | 11/98-04/04 |
| 70 | Ward, Lance | STRUCTURAL ENG. | 08/02/04-PRESENT | 12/99-10/03 |
| 71 | Whittaker, Dawn | DESIGN DEV. MGR. | 12/06/04-PRESENT | 1998-2004 |
| 72 | Wong, Jenny | GR. DESIGNER | 09/09/02-PRESENT | 11/99-02/02 |
| 73 | | | | |
| 74 | | | | |
| 75 | 1 Confidentiality/Inventions Agreement | | | |
| 76 | 2 Proprietary Information Agreement | | | |
| 77 | 3 Employment Agreement | | | |
| 78 | | | | |
| 79 | | | | |
| 80 | NON-ACTIVE EMPLOYEES | MGA POSITION | MGA DATES | MATTEL DATES |

EXHIBIT ___112___

PAGE ___954___

Confidential - For Attorney's Eyes Only

MGA 1134724

## FORMER MATTEL EMPLOYEES - 04/20/06

| | A | B | C | D |
|---|---|---|---|---|
| 81 | | | | |
| 82 | Aryapour, Daryoush | CREATIVE SER. DIR. | 10/25/99-04/14/00 | 03/96-06/99 |
| 83 | Blaser, Janet | DEV. DESIGNER | 06/14/04-09/10/04 | 04/95-04/04 |
| 84 | Bower Violette, Mari Joanne | PROD. MANAGER | 10/13/03-PRESENT | 07/99-03/03 |
| 85 | Brown, Lilia | GR. DESIGNER | 03/31/03-05/05/05 | UNKNOWN |
| 86 | Burlando, Gabriella | PROD. MANAGER | 03/5/02-06/27/06 | 11/97-10/01 |
| 87 | Chonavel, Fabienne | MARKETING MGR. | 04/10/92-08/23/02 | 8/95-2/96 |
| 88 | Dailey, Christine | VP PROD. DEV. | 05/14/01-11/22/02 | 05/84-01/86 |
| 89 | Gilmour, Kami | VP MARKETING | 05/24/99-07/14/00 | 05/90-04/99 |
| 90 | Hardouin, Christopher | PROJECT MGR. | 06/04/01-07/15/04 | 7/04-PRESENT |
| 91 | Hitch, Martin | VP INT'L SALES | 01/04/01-06/04/02 | 04/90-01/98 |
| 92 | Huntley, James | VP MARKETING | 5/23/05-PRESENT | 4/01-5/05 |
| 93 | Kagan, Randi | MARKETING DIR. | 09/23/02-07/22/03 | 11/97-04/98 |
| 94 | Koch, Andreas | PRODUCT MGR. | 10/18/99-01/11/01 | 04/98-12/98 |
| 95 | Mayer, Lyn Carol | FABRIC ARTIST | 07/21/03-05/05/05 | 02/98-04/01 |
| 96 | Mils, Frank | MANAGER OF QA | 03/20/06-07/07/06 | 08/97-07/01 |
| 97 | Nguyen, Xuanlan T | PATTERN MAKER | 05/19/03-01/03/05 | 08/92-10/99 |
| 98 | O'Brien, Gary Thomas | FIELD SALES DIR. | 05/10/04-07/22/04 | 1998-2002 |
| 99 | Otero, Jose | WEB DESIGNER | 08/11/03-2/1/06 | 2003? |
| 100 | Owen, Dan | SR. PAYSET MGR. | 08/23/04-12/13/05 | 01/99-08/04 |
| 101 | Parasole, Nicolletta | GR. DESIGNER | 01/05/04-6/27/04 | UNKNOWN |
| 102 | Rambeau, Roger | VP OPERATIONS | 05/13/96-04/03/98 | 10/72-10/85 |
| 103 | Reed, Wendy | SOFT GOODS SPEC. | 11/06/00-01/12/01 | 07/97-10/00 |
| 104 | Reyes, Scot Anthony | SM DOLL DESIGNER | 05/23/04-3/11/05 | 05/01-11/02; 01/04 |
| 105 | Ross, Lon | MARKETING DIR. | 11/13/00-08/03/01 | 1996-2000 |
| 106 | Schwartz, Dena | SR. PROD. MGR. | 05/21/01-04/08/02 | 1984-1988 |
| 107 | Shaver, Brandi | GR. DESIGNER | 05/03/04-06/30/06 | NOT APPLICABLE |
| 108 | Stinnett, Holly | SR. BRAND MGR. | 03/21/03-1/12/05 | 05/96-10/02 |
| 109 | Tawil, Lisa | LICENSING COORD. | 04/08/02-07/18/03 | 10/98-2/01 |
| 110 | Terry, Gord | DIR. OF SALES | 10/01/01-06/06/02 | 06/94-03/97 |
| 111 | Ward, Mercedeh | SR. PROD. DESIGNER | 10/00-1/01; 3/7/05-8/5/05 | 1985-2000 |
| 112 | Whitaker, Joseph | CONSULTANT | 11/05/96-03/7?/97 | '88-'89; '82-'83; '64-'78 |
| 113 | Williams, Patrick | SVP SALES | 01/07/01-05/29/01 | 5/96-11/98 |
| 114 | Wong, Tong | DEV. DESIGNER | 03/10/03-05/16/03 | 1999-2003 |
| 115 | Wright, Cherrise | SOFT GOODS MGR. | 03/03/04-8/24/05 | 11/94-05/99 |
| 116 | Zbojniewicz, Dave* | DIR BUS PLANNING | 04/04-09/04 | 09/04-PRESENT |
| 117 | | | | |
| 118 | * Independent Contractor | | | |
| 119 | | | | |
| 120 | | | | |

EXHIBIT ___112___

PAGE ___955___

Confidential - For Attorney's Eyes Only

MGA 1134725

## FORMER MATTEL EMPLOYEES - 04/20/06

| | A | B | C | D |
|---|---|---|---|---|
| | MGA TEMPS | MGA POSITION | MGA DATES | MATTEL DATES |
| 121 | | | | |
| 122 | | | | |
| 123 | Bryant, Carter | PRODUCT DESIGNER | ????-PRESENT | DON'T ASK |
| 124 | Felcht, Steve | ARTIST/JR. DESIGNER | 07/18/02-PRESENT | 01/97-01/02 |
| 125 | Ho, Jeff | SR. PROD. ARTIST | ????-10/04 | 1998-???? |
| 126 | Rhee, Anna | DOLL FACE DESIGN | ????-PRESENT | DON'T ASK |
| 127 | | | | |
| 128 | ** Signed Copyright Assignment | | | |

Confidential - For Attorney's Eyes Only

EXHIBIT ___112___

PAGE ___956___

MGA 1134726

## FORMER MATTEL EMPLOYEES - 04/20/06

| | E | F | G |
|---|---|---|---|
| | MATTEL POSITION | NDA | COMMENTS |
| 1 | | | |
| 2 | | | |
| 3 | SR. SALES ANALYST | YES | |
| 4 | SENIOR PRODUCT ENGINEER | YES | |
| 5 | Production/QA (Contract Position) | YES | 1 & 2 |
| 6 | QA Technical Lead | YES | 1 & 2 |
| 7 | LEAD ILLUSTRATOR | YES | |
| 8 | SVP MARKETING | YES | |
| 9 | SALES DIRECTOR | YES | 3 |
| 10 | Int'l Planning Manager | YES | CANADA |
| 11 | Design Internship at Pleasant Co., Mattel Inc. | YES | 1 & 2 |
| 12 | TOY DESIGNER | YES | |
| 13 | Intern. Design | YES | 1 & 2 |
| 14 | Temporary Designer | YES | 1 & 2 |
| 15 | DIR. CUSTOMER MKTG | YES | |
| 16 | Director of Sales - TRU | YES | |
| 17 | Marketing Sr. Brand Manager | YES | |
| 18 | SR. DESIGNER | YES | |
| 19 | FREELANCE DESIGNER | NO | 1 & 2 |
| 20 | STAFF DESIGNER | YES | |
| 21 | Producer/QA Lead | YES | 1 & 2 |
| 22 | SR. DESIGNER | YES | |
| 23 | PRODUCT PLANNER | NO | 1 & 3 |
| 24 | PROD. INTEGRITY ENG. | YES | 1 & 2 |
| 25 | PROD. INTEGRITY ENG. | YES | |
| 26 | Project Designer | YES | 2 |
| 27 | FACE DESIGNER | YES | |
| 28 | PACKAGING ENG. | YES | |
| 29 | Sr. Account Executive | YES | 1 & 2 |
| 30 | Sr. Account Executive | YES | 1 & 2 |
| 31 | MGR. CATEGORY ADV. | YES | |
| 32 | DIR. SR. ACCT. MGR. | YES | |
| 33 | BUS ANALYST-TARGET | YES | |
| 34 | VP CREATIVE ADV. | YES | |
| 35 | Manager - Global Sourcing | YES | |
| 36 | FREELANCE DESIGNER | YES | |
| 37 | PROJECT DESIGNER | YES | |
| 38 | PATTERN MAKER | YES | |
| 39 | DOLL HAIR DESIGNER | YES | |
| 40 | DESIGNER | NO | 1 & 2 |

Confidential - For Attorney's Eyes Only

EXHIBIT ___112___

PAGE ___957___

MGA 1134727

Confidential - For Attorney's Eyes Only

## FORMER MATTEL EMPLOYEES - 04/20/06

| # | E | F | G |
|---|---|---|---|
| 41 | Retail Service Rep | YES | 1 & 2 upon orientation |
| 42 | STAFF ENGINEER | YES | |
| 43 | MANAGER | YES | |
| 44 | ACCOUNT EXECUTIVE | YES | |
| 45 | SAMPLE MAKER | YES | |
| 46 | SR. PROJECT ENG. | YES | |
| 47 | SENIOR PRODUCER | NO | 1 & 2 |
| 48 | HAIR DESIGNER | YES | |
| 49 | FREELANCE DESIGNER | YES | |
| 50 | SR. SCULPUTOR | YES | |
| 51 | FREELANCE DESIGNER | YES | |
| 52 | SAMPLEMAKER | YES | |
| 53 | DESIGNER | YES | |
| 54 | FREELANCE DESIGNER | YES | |
| 55 | PACKAGING ENG. | YES | |
| 56 | HR Director - Boys Division | | Upon Orientation |
| 57 | SR. DEV. DESIGNER | YES | |
| 58 | LEAD SAMPLE MAKER | YES | |
| 59 | SEE BELOW* | YES | |
| 60 | PATTERN MAKER | YES | |
| 61 | MKT/RES ANALYST | YES | |
| 62 | SAMPLE MAKER | YES | |
| 63 | SR. PRODUCT PLANNER | YES | |
| 64 | PACKAGING ENG. | YES | |
| 65 | PROJECT DESIGNER | NO | 1 & 2 |
| 66 | PROJ ADM SPECIALIST | YES | |
| 67 | DESIGNER'S ASST. | YES | |
| 68 | DESIGNER ASSOC. | YES | |
| 69 | FACE DESIGNER | YES | |
| 70 | SR. PROJECT ENG. | YES | |
| 71 | PROJECT DESIGNER | YES | 1 & 2 |
| 72 | GR. DESIGNER | NO | 1 & 2 |
| 73 | | | |
| 74 | | | |
| 75 | | | |
| 76 | | | |
| 77 | | | |
| 78 | | | |
| 79 | | | |
| 80 | MATTEL POSITION | NDA | VOLUNTARY |

EXHIBIT ___112___

PAGE ___958___

MGA 1134728

FORMER MATTEL EMPLOYEES - 04/20/06

| | E | F | G |
|---|---|---|---|
| 81 | | | |
| 82 | SR. ART DIRECTOR | N/A | YES |
| 83 | DEV. DESIGNER | YES | YES |
| 84 | SR. ENGINEER | YES | YES |
| 85 | FREELANCE | YES | NO |
| 86 | ASSO. PROD. MGR. | NO | 1 & 2 |
| 87 | PRODUCT MGR. | N/A | NO |
| 88 | MARKETING MGR. | N/A | NO |
| 89 | MARKETING DIR. | N/A | YES |
| 90 | UNKNOWN | NO | 1 & 2 |
| 91 | BUS. DEV. MGR. | N/A | YES |
| 92 | DIRECTOR MARKETING | YES | |
| 93 | PRODUCT MGR. | N/A | NO |
| 94 | ASSOC. PRODUCT MGR. | N/A | YES |
| 95 | FREELANCE DESIGNER | YES | NO |
| 96 | SENIOR ENGINEER | YES | |
| 97 | PATTERN MAKER | YES | |
| 98 | ACCT. EXECUTIVE | YES | NO |
| 99 | PROD. ARTIST | YES | NO |
| 100 | ASSOC. ART DIRECTOR | YES | |
| 101 | FREELANCE | YES | NO |
| 102 | VP OF MANUFACTURING | N/A | YES |
| 103 | ASSOC. PRODUCT DES. | N/A | YES |
| 104 | SR. DESIGNER | YES | YES |
| 105 | SR. BRAND MGR. | N/A | YES |
| 106 | SR. SEWING ENGINEER | N/A | YES |
| 107 | SEE BELOW ** | YES | |
| 108 | SR. PRODUCT COORD. | YES | NO |
| 109 | MARKETING/BUS. DEV. | N/A | NO |
| 110 | SR. ACCT. MANAGER | N/A | NO |
| 111 | PROJECT DESIGNER | YES | MUTUAL |
| 112 | SVP, MKTG. & PD | N/A | TEMPORARY |
| 113 | NAT'L SALES DIRECTOR | N/A | MUTUAL |
| 114 | PROJECT DESIGNER | YES | YES |
| 115 | SR. MANAGER | NO | YES |
| 116 | DIR. OF FINANCE/BOYS | YES | YES |
| 117 | | | |
| 118 | | | |
| 119 | | | |
| 120 | | | |

EXHIBIT 112

PAGE 907

Confidential - For Attorney's Eyes Only

MGA 1134729

# FORMER MATTEL EMPLOYEES - 04/20/06

| | E<br>MATTEL POSITION | F | G |
|---|---|---|---|
| 121 | | NDA | |
| 122 | | | |
| 123 | DONT ASK | NO | |
| 124 | ART DIRECTOR | ICA | |
| 125 | FREELANCE | N/A | |
| 126 | DONT ASK | ** | |
| 127 | | | |
| 128 | | | |

Confidential - For Attorney's Eyes Only

EXHIBIT 112

PAGE 960

MGA 1134730

**EXHIBIT 113**

RECEIVED

MAY 0 7 2007

1  DALE M. CENDALI (admitted *pro hac vice*)
   DIANA M. TORRES (S.B. #162284)
2  JAMES P. JENAL (S.B. #180190)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, CA 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5  Email: jjenal@omm.com

6  PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK,
7  JACOBS, WEIL & SHAPIRO LLP
   10250 Constellation Boulevard, 19th Floor
8  Los Angeles, CA 90067
   Telephone: (310) 553-3000
9  Facsimile: (310) 556-2920
   Email: pglaser@chrisglase.com
10
   Attorneys for Plaintiff
11 MGA Entertainment, Inc.

12

13                 UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
14                        EASTERN DIVISION

15 CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                        (consolidated with CV 04-9059 & 05-2727)
16                Plaintiff,
                                        MGA ENTERTAINMENT, INC.'S
17      v.                              SUPPLEMENTAL AND AMENDED
                                        RESPONSES TO MATTEL, INC.'S
18 MATTEL, INC., a Delaware             THIRD SET OF REQUESTS FOR
   Corporation,                         ADMISSION TO MGA
19                                      ENTERTAINMENT, INC.
20                Defendant.

21

22 CONSOLIDATED WITH
   MATTEL, INC. v. BRYANT and
23 MGA ENTERTAINMENT, INC. v.
   MATTEL, INC.
24

25

26                                      EXHIBIT ___113___
27                                      PAGE ___961___
28

                                        MGA'S SUPPL + AMENDED RESPONSES TO
                                        MATTEL'S 3RD SET OF RFA TO MGA

1              **INTRODUCTORY STATEMENT**

2         MGA Entertainment, Inc. ("MGA") hereby provides supplemental and

3 amended responses to certain of MATTEL, INC.'S THIRD SET OF REQUESTS

4 FOR ADMISSION TO MGA ENTERTAINMENT, INC.  The supplemental and

5 amended responses below are made pursuant to the agreement reached by counsel

6 for both parties at the in-person meet and confer that occurred on April 19, 2007.

7 The supplemental and amended responses are made in a good faith effort to address

8 Mattel's concerns.  In accordance with the agreement reached at the meet and

9 confer, the language of Requests for Admissions 136 to 139 has been changed to

10 replace the word "represented" with the word "told," and responses have been

11 supplemented and amended to reflect that change.

12         MGA's responses and objections are made solely for the purpose of

13 this action, and are made based upon information presently known and available to

14 MGA.  MGA has not completed its investigation of facts relating to this case, has

15 not fully completed its discovery in this action, and has not completed its

16 preparation for trial.  Accordingly, the following responses are based only upon

17 such information and documents as are presently available and specifically known

18 to MGA, and disclose only those facts and contentions that presently occur to

19 MGA.  Further discovery, independent investigation, legal research and analysis

20 may supply additional facts, add meaning to known facts, and establish entirely

21 new factual conclusions and legal contentions, any of which may lead to additions

22 to, changes to, or variations from the responses set forth below.

23         The following responses are given without prejudice to MGA's right

24 to produce evidence of any subsequently discovered facts that MGA may later

25 recall or locate.  MGA, accordingly, reserves the right to supplement and/or change

26 any and all of the following responses as additional facts are ascertained, analyses

27 are made, legal research is completed, and contentions are investigated, and

28 reserves the right to rely upon and present at hearing or trial any information or

1    documents that may be subsequently discovered as a result of this ongoing

2    discovery and investigation.  The responses contained herein are made in a good

3    faith effort to supply as much factual information and as much specification of legal

4    contentions as are presently known, but should in no way be to the prejudice of

5    MGA in relation to further discovery, research or analysis.

6            A response to any of the Requests does not constitute an admission by

7    MGA that it agrees with plaintiff's characterization or definition contained therein,

8    that the information sought is relevant to a claim or defense, or that the information

9    sought is likely to lead to admissible evidence.  Except for explicit facts admitted

10   herein, no admission of any nature whatsoever is to be implied by or inferred from

11   any response anywhere stated in this document.  By responding to these Requests,

12   MGA does not concede the relevancy, materiality, or admissibility of any

13   information sought by the requests or any responses thereto.

14           MGA responds on behalf of MGA Entertainment, Inc. alone and not

15   on behalf of any of its officers, employees, or affiliates.

16           This Introductory Statement applies to each and every response

17   contained herein.

18                              **GENERAL OBJECTIONS**

19           The following general objections apply to the entirety of Mattel's

20   Third Set of Requests for Admission (the "Requests").  The assertion of same,

21   similar, or additional objections to the individual requests does not waive any of

22   MGA's general objections as set forth below.

23       1.      To the extent these Requests request MGA to provide

24   information concerning the legal basis regarding its defense of this matter, MGA

25   objects on the grounds that the Requests impermissibly call for mental impressions,

26   conclusions, opinions and/or legal theories of MGA's attorneys.

27       2.      MGA also objects to the extent these Requests call for the

28   disclosure of information protected by the attorney-client privilege, the work-

- 3 -

1  product doctrine, the joint defense or common interest privilege or any other
2  applicable privilege.

3      3.    MGA further objects to the extent that these Requests seek
4  information comprising the trade secrets of MGA and/or third parties, and/or
5  otherwise constitute confidential information, protected from disclosure by
6  California and/or federal law.

7      4.    MGA objects to the Requests on the grounds that they attempt to
8  unfairly restrict the facts on which MGA may rely at trial. Discovery has not been
9  completed and MGA is not yet necessarily in possession of all the facts and
10  documents upon which MGA intends to rely. All of the responses submitted
11  herewith are tendered to Mattel with the reservation discovery is ongoing and, thus,
12  the responses are submitted without limiting the evidence on which MGA may rely
13  to support the contentions that MGA may assert at the trial of this action. Further,
14  MGA reserves the right to supplement or amend these responses at a future date if
15  same is deemed appropriate.

16      5.    MGA objects to the Requests on the grounds that they are
17  compound, vague, overbroad, unduly burdensome or oppressive, seek information
18  that is not within MGA's knowledge, or seek information that is neither relevant to
19  this litigation nor reasonably calculated to lead to the discovery of admissible
20  evidence.

21      6.    MGA objects to the Requests on the grounds that they
22  prematurely seek discovery related to claims by Mattel that MGA has
23  misappropriated Mattel's trade secrets; pursuant to California Code of Civil
24  Procedure section 2019.210, which applies to this case, a party must designate its
25  trade secrets with particularity before it may commence discovery on any trade
26  secret claims; and Mattel has not identified its alleged misappropriated trade secrets
27  and therefore is not entitled to discovery on those claims.

28      7.    MGA objects to the defined terms "You," "MGA," "Mattel,"

EXHIBIT 113   MGA'S SUPPL + AMENDED RESPONSES TO
~~MATTEL'S 3RD SET~~ OF RFA TO MGA

PAGE ___904___

1   "Bryant," "Bratz" and "Bratz Work" on the grounds that these terms, as defined,

2   are overbroad, are vague and ambiguous, and call for legal conclusions.

3           These general objections shall be deemed incorporated into each

4   specific response below as if they were fully set forth below.  Nevertheless, without

5   waiver of, without prejudice to, and expressly hereby reserving all of the foregoing

6   general objections, MGA submits the following responses to the Requests.

7

8                    **SUPPLEMENTAL AND AMENDED RESPONSES**

9

10  **REQUEST FOR ADMISSION NO. 136 (AS AMENDED):**

11          Admit that Isaac Larian told to at least one retailer that MATTEL

12  would not be supporting MY SCENE BLING BLING with real gems with

13  television advertising.

14

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 136(AS AMENDED):**

16          MGA incorporates by reference the above-stated general objections as

17  if fully set forth herein.

18          Subject to and without waiving the foregoing general objections, MGA

19  responds as follows to the request: MGA denies the request.

20

21  **REQUEST FOR ADMISSION NO. 137 (AS AMENDED):**

22          Admit that Isaac Larian told to more than one retailer that MATTEL

23  would not be supporting MY SCENE BLING BLING with real gems with

24  television advertising.

25

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 137 (AS AMENDED):**

27          MGA incorporates by reference the above-stated general objections as

28  if fully set forth herein.

- 5 -                MGA'S SUPPL + AMENDED RESPONSES TO
                     MATTEL'S 3RD SET OF RFA TO MGA

EXHIBIT ___113___

PAGE ___965___

1        Subject to and without waiving the foregoing general objections, MGA

2    responds as follows to the request: MGA denies the request.

3

4    **REQUEST FOR ADMISSION NO. 138 (AS AMENDED):**

5        Admit that Isaac Larian told to at least one retailer that such retailer

6    was the only retailer to purchase MY SCENE BLING BLING with real gems.

7

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 138 (AS AMENDED):**

9        MGA incorporates by reference the above-stated general objections as

10   if fully set forth herein.

11       Subject to and without waiving the foregoing general objections, MGA

12   responds as follows to the request: MGA admits that Isaac Larian told one retailer

13   that such retailer was the only retailer to purchase MY SCENE BLING BLING

14   with real gems, at a time when Isaac Larian had a good faith belief that such retailer

15   was the only retailer to purchase MY SCENE BLING BLING with real gems.

16

17   **REQUEST FOR ADMISSION NO. 139 (AS AMENDED):**

18       Admit that Isaac Larian told to more than one retailer that each such

19   retailer was the only retailer to purchase MY SCENE BLING BLING with real

20   gems.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 139 (AS AMENDED):**

22       MGA incorporates by reference the above-stated general objections as

23   if fully set forth herein.

24       Subject to and without waiving the foregoing general objections, MGA

25   responds as follows to the request: MGA denies the request.

26

27   EXHIBIT _____113_____

28   PAGE_____966_____

- 6 -

MGA'S SUPPL + AMENDED RESPONSES TO
MATTEL'S 3RD SET OF RFA TO MGA

**REQUEST FOR ADMISSION NO. 183:**

Admit that, prior to July 1, 2003, MGA had not issued any press release that identified BRYANT as the creator of BRATZ.

**RESPONSE TO REQUEST FOR ADMISSION NO. 183:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA specifically objects to this request on the grounds that it is vague and ambiguous, particularly in its use of the phrase "identified BRYANT as the creator of BRATZ."

Subject to and without waiving the foregoing general and specific objections, MGA responds as follows to the request: MGA admits the request.

**REQUEST FOR ADMISSION NO. 184:**

Admit that MGA is not aware of any press report or publication that identified BRYANT as the creator of BRATZ prior to July 15, 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 184:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA specifically objects to this request on the grounds that it is vague and ambiguous, particularly in its use of the phrase "identified BRYANT as the creator of BRATZ."

Subject to and without waiving the foregoing general and specific objections, MGA responds as follows to the request: MGA admits the request.

**REQUEST FOR ADMISSION NO. 185:**

Admit that the first press report or publication that identified BRYANT as the creator of BRATZ was the *Wall Street Journal* article entitled

1   "Dolled Up: To Lure Older Girls, Mattel Brings in Hip-Hop Crowd" and published

2   on July 18, 2003.

3

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 185:**

5          MGA incorporates by reference the above-stated general objections as

6   if fully set forth herein.  MGA specifically objects to this request on the grounds

7   that it is vague and ambiguous, particularly in its use of the phrase "identified

8   BRYANT as the creator of BRATZ."

9          Subject to and without waiving the foregoing general and specific

10  objections, MGA responds as follows to the request: MGA admits the request.

11

12

13  Dated:  May 4, 2007                    O'MELVENY & MYERS LLP

14

15

16                                         By:  Chris D. Nguyen
                                           Attorneys for MGA Entertainment, Inc.

17

18

19

20

21

22

23

24

25

26                                         EXHIBIT ___113___

27                                         PAGE ___968___

28

                            - 8 -          MGA'S SUPPL + AMENDED RESPONSES TO
                                           MATTEL'S 3RD SET OF RFA TO MGA

1

## PROOF OF SERVICE

2

I, C. Kelley Canning, declare:

3

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On May 4, 2007, I served the within document(s):

4

5

**MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL AND AMENDED RESPONSES TO MATTEL, INC.'S THIRD SET OF REQUESTS FOR ADMISSION TO MGA ENTERTAINMENT, INC.**

6

7

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

8

9

10

11

12

13

Michael T. Zeller, Esq.
Timothy Alger, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Douglas A. Wickham, Esq.
LITTLER MENDELSON, P.C.
2049 Century Park East,
Fifth Floor
Los Angeles, CA 90067

14

15

16

17

Patricia Glaser, Esq.
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 Constellation Blvd.,
19th Floor
Los Angeles, CA 90067

Michael H. Page, Esq.
KEKER AND VAN NEST LLP
710 Sansome Street
San Francisco, CA 90067-3107

18

19

20

21

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

22

Executed on May 4, 2007, at Los Angeles, California.

23

24

25

C. Kelley Canning

LA2:827618

26

EXHIBIT ___113___

27

PAGE ___969___

28

- 9 -

MGA'S SUPPL + AMENDED RESPONSES TO
MATTEL'S 3RD SET OF RFA TO MGA;
PROOF OF SERVICE

**EXHIBIT 114**

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   710 Sansome Street
5  San Francisco, CA  94111-1704
   Telephone: (415) 391-5400
6  Facsimile: (415) 397-7188

7  Attorneys for Plaintiff
   CARTER BRYANT

8

9

10                   UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12                          EASTERN DIVISION

13

14  CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                           (consolidated with CV 04-9059 & 05-
15                        Plaintiff,       2727

16       v.                               CARTER BRYANT'S AMENDED
                                          REPLY TO MATTEL'S
17  MATTEL, INC. a Delaware               COUNTERCLAIMS
    Corporation,
18                                        DEMAND FOR JURY TRIAL
                         Defendant.
19                                        Dept:      Courtroom 1
    CONSOLIDATED WITH MATTEL,             Judge:     Hon. Stephen G. Larson
20  INC., v. BRYANT and MGA
    ENTERTAINMENT, INC. v.
21  MATTEL, INC.
                                          Discovery Cut-Off: Jan. 14, 2008
22                                        Pre-Trial Conference: April 7, 2008
                                          Trial Date:  April 29, 2008
23

24       Counter-defendant Carter Bryant ("Bryant") replies to Mattel's counter-

25  claims, set forth in Mattel's Second Amended Answer and Counterclaims, as

26  follows:

27       As a preliminary matter, Bryant notes that many of Mattel's allegations

28  implicitly include false premises or assumptions.  Bryant's denial of any allegation

                                9-12          1        EXHIBIT 114

## Affirmative Defenses

Bryant states the following affirmative defenses, but does so without assuming the burden of proof on any defense or issue for which that burden rests with Mattel or any other party, and without admitting any wrongful conduct by any defendant or that Mattel has any right to relief of any kind:

### First Affirmative Defense (Unclean Hands)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of unclean hands. Mattel's conduct towards Bryant and MGA regarding the matters at issue in this litigation has been unfair, and Mattel is undeserving of any relief against Bryant. In particular, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Mattel also seeks to impose on Bryant duties and obligations (such as the alleged duty to assign to Mattel all inventions by Bryant) that are contrary to applicable law, including the sources of law on which Mattel's claims rely, as well as the common-law principles of employment law in California and the California Labor Code, including particularly §§ 2870-2872.

### Second Affirmative Defense (Waiver)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of waiver. In particular, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Mattel has also tolerated

EXHIBIT ____ 114

1  conduct by other employees similar to the alleged conduct by Bryant on which

2  Mattel now bases its contract and related claims.

### Third Affirmative Defense (Estoppel)

4       Mattel's counterclaims, and each claim for relief, are barred by the equitable

5  doctrine of estoppel. In particular, Mattel believed from the time that Carter

6  Bryant left Mattel's employ that he was going to perform work for a Mattel

7  competitor, and Mattel shortly thereafter began investigating what it suspected to

8  be wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said

9  nothing while the dolls were successfully (and at great cost) developed,

10  manufactured and sold, and only filed suit years later. Accordingly, Mattel should

11  be estopped from belatedly raising its claims.

### Fourth Affirmative Defense (Laches)

13       Mattel's counterclaims, and each claim for relief, are barred by the equitable

14  doctrine of laches. In particular, Mattel believed from the time that Carter Bryant

15  left Mattel's employ that he was going to perform work for a Mattel competitor,

16  and Mattel shortly thereafter began investigating what it suspected to be

17  wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said

18  nothing while the dolls were successfully (and at great cost) developed,

19  manufactured and sold, and only filed suit years later. Accordingly, laches should

20  bar Mattel from belatedly raising its claims.

### Fifth Affirmative Defense (Consent)

22       Mattel's counterclaims, and each claim for relief, are barred by the equitable

23  doctrine of consent. In particular, Mattel believed from the time that Carter Bryant

24  left Mattel's employ that he was going to perform work for a Mattel competitor,

25  and Mattel shortly thereafter began investigating what it suspected to be

26  wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said

27  nothing while the dolls were successfully (and at great cost) developed,

28  manufactured and sold, and only filed suit years later. Mattel has also tolerated

16

EXHIBIT ___ 114

402580.01

1  conduct by other employees similar to the alleged conduct by Bryant on which

2  Mattel now bases its contract and related claims.

3  **Sixth Affirmative Defense (Statute of Limitations)**

4  Mattel's counterclaims, and each claim for relief, are barred by the

5  applicable statutes of limitations, including but not limited to Code of Civil

6  Procedure §§ 337, 339, 343, and 338(c).

7  **Seventh Affirmative Defense (Failure to Mitigate Damages)**

8  With respect to any alleged damages (the existence of which Bryant denies),

9  Mattel failed to mitigate its damages.

10  **Eighth Affirmative Defense (Lack of Causation)**

11  Any losses or harms allegedly sustained by Mattel resulted from causes

12  other than any act or omission of Bryant, including but not limited to Mattel's own

13  acts or omissions.

14  **Ninth Affirmative Defense (Failure of Contract)**

15  Any alleged contract with Mattel fails for lack of consideration, and/or is

16  vague and uncertain; accordingly, the alleged contract is void, voidable, and/or

17  unenforceable.

18  **Tenth Affirmative Defense (Duress/Unconscionability)**

19  Any alleged contract with Mattel was unconscionable and/or the result of

20  duress; accordingly, the alleged contract is void, voidable, and/or unenforceable.

21  **Eleventh Affirmative Defense (Alleged Duties Contrary to Law)**

22  Any alleged duties or obligations which Mattel claims are owed by Bryant

23  (such as the alleged duty to assign to Mattel all inventions by Bryant) are contrary

24  to applicable law, including the sources of law on which Mattel's claims rely, as

25  well as the common-law principles of employment law in California and the

26  California Labor Code, including particularly §§ 2870-2872.

27  **Twelfth Affirmative Defense (Lack of Standing)**

28  Mattel's counterclaims are barred in whole or in part by its lack of standing,

EXHIBIT ___114___

402580.01

1  in that Mattel does not own any valid copyright interests it seeks to assert against

2  Bryant.

3  **Thirteenth Affirmative Defense (Information Readily Ascertainable)**

4  Bryant cannot be liable, either on his own account or by association with

5  MGA or other defendants, for alleged misappropriation of information that was

6  readily ascertainable by proper means at the time of the alleged acquisition or use.

7  Such information includes, but is not limited to, the identity of hair manufacturers.

8  **Fourteenth Affirmative Defense (Lack of Ownership)**

9  Mattel is neither the legal nor beneficial owner in the copyrights purportedly

10  at issue.

11  **Fifteenth Affirmative Defense (Copyright Invalidity)**

12  Mattel's purported copyrights are invalid.

13  **Sixteenth Affirmative Defense (No Statutory Damages or Attorney's Fees)**

14  Mattel is barred from recovering statutory damages and/or attorneys' fees

15  because it failed to register the copyrights that are purportedly at issue within the

16  time required by 17 U.S.C. § 412.

17  **Seventeenth Affirmative Defense (Joinder in Defenses of Co-Defendants)**

18  Bryant hereby adopts and incorporates by this reference any and all other

19  affirmative defenses that have been or will be asserted by any other defendant

20  (including MGA) in this litigation to the extent that defendants may share in such

21  affirmative defenses.

22

23  Bryant has not knowingly and intentionally waived any applicable

24  affirmative defense and reserves the right to raise additional affirmative defenses

25  as they become known to him through discovery in this litigation. In stating the

26  above affirmative defenses, Bryant also does not in any way waive or limit any

27  defenses raised by its denials of Mattel's allegations above. Bryant further

28  reserves the right to amend his answer and/or affirmative defenses accordingly

EXHIBIT ___ 114

-18-

402580.01

1 | and/or to delete affirmative defenses that he determines during later discovery are

2 | not applicable.

3 | ### Prayer for Relief

4 | WHEREFORE, Bryant respectfully requests relief as follows:

5 | 1. That Mattel's counterclaims be dismissed with prejudice;

6 | 2. That Mattel take nothing by its counterclaims;

7 | 3. That Mattel's request for injunctive and other equitable relief be

8 | denied;

9 | 4. That Bryant be awarded the cost of this litigation, including

10 | reasonable attorneys' fees and interest; and

11 | 5. That Bryant receive such other relief as the Court may deem proper.

12 |

13 | Respectfully submitted,

14 | Dated: September 12, 2007      KEKER & VAN NEST, LLP

15 |

16 | By: Christ. Ander /AWW

17 | CHRISTA M. ANDERSON
Attorneys for Plaintiff
18 | CARTER BRYANT

19

20

21

22

23

24

25

26

27 | EXHIBIT 114

28 | PAGE 975

19

1

## DEMAND FOR JURY TRIAL

2

3      Bryant respectfully requests a trial by jury for all issues so triable.

4

5   Dated: September 12, 2007                    KEKER & VAN NEST, LLP

6

7                                    By:  Christa Anderson /AWH

8                                         CHRISTA M. ANDERSON
                                          Attorneys for Plaintiff
9                                         CARTER BRYANT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          EXHIBIT ___114___

28                                          PAGE ___976___

20

402580.01

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On September 12, 2007, I served the following document(s):

**CARTER BRYANT'S AMENDED REPLY TO MATTEL'S COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

| | |
|---|---|
| John B. Quinn | Diana M. Torres |
| Michael T. Zeller | O'Melveny & Myers, LLP |
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | 400 S. Hope Street |
| 865 South Figueroa Street, 10th Floor | Los Angeles, CA 90071 |
| Los Angeles, CA 90017-2543 | Tel: 213/430-6000 |
| Tel: 213/443-3000 | Fax: 213/430-6407 |
| Fax: 213/443-3100 | dtorres@omm.com |
| johnquinn@quinnemanuel.com | |
| michaelzeller@quinnemanuel.com | |

Patricia L. Glaser
Christensen Glaser Fink Jacobs Weil & Shapiro
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Tel: 310/553-3000
Fax: 310/556-2920
pglaser@chrisglase.com

EXHIBIT ___114___

PAGE ___977___

Executed on September 12, 2007, at San Francisco, California.

1     I declare under penalty of perjury under the laws of the State of California

2  that the above is true and correct.

3

4

5                   JULIE A. SELBY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                   EXHIBIT _____ 114

28                                   PAGE _____ 978

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 115**

CONFORMED COPY

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Duane R. Lyons (Bar No. 125091)
5  (duanelyons@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11 | CARTER BRYANT, an individual,      | CASE NO. CV 04-9049 SGL (RNBx)

12 |            Plaintiff,              | Consolidated With Case No. 04-9059 and Case No. 05-2727

13 |     v.                            | MATTEL, INC.'S SECOND AMENDED ANSWER IN CASE NO. 05-2727 AND COUNTERCLAIMS FOR:

14 |                                   |

15 | MATTEL, INC., a Delaware corporation, | 1.  COPYRIGHT INFRINGEMENT;
16 |            Defendant.             | 2.  VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT;

17 |                                   |

18 | MGA ENTERTAINMENT, INC. a California corporation, | 3.  CONSPIRACY TO VIOLATE THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT;

19 |

20 |            Plaintiff,             | 4.  MISAPPROPRIATION OF TRADE SECRETS;
21 |     v.                            | 5.  BREACH OF CONTRACT;
                                         6.  INTENTIONAL INTERFERENCE WITH CONTRACT;
22 | MATTEL, INC., a Delaware corporation, and DOES 1-10, | 7.  BREACH OF FIDUCIARY DUTY;
                                         8.  AIDING AND ABETTING BREACH OF FIDUCIARY DUTY;
23 |            Defendants.            | 9.  BREACH OF DUTY OF LOYALTY;

24 |

25 |

26 |                                   | **PUBLIC REDACTED VERSION**

27 |                                   | **Volume I** 115
                                         EXHIBIT ____

28 |                                   | PAGE 12 979

FILED
2008 JUN 12 PM 3: 02

1 | MATTEL, INC., a Delaware corporation,

2 |            Counter-claimant,

3 | v.

4 |

5 | MGA ENTERTAINMENT, INC., a California corporation; ISAAC LARIAN, an individual; CARTER

6 | BRYANT, an individual; MGA ENTERTAINMENT (HK) LIMITED,

7 | a Hong Kong Special Administrative Region business entity; MGAE DE

8 | MEXICO, S.R.L. DE C.V., a Mexico business entity; CARLOS

9 | GUSTAVO MACHADO GOMEZ, an individual; and DOES 4 through 10,

10 |

           Counter-defendants.

11 |

12 | AND CONSOLIDATED CASES

10. AIDING AND ABETTING BREACH OF DUTY OF LOYALTY;
11. CONVERSION;
12. UNFAIR COMPETITION; AND
13. DECLARATORY RELIEF

DEMAND FOR JURY TRIAL

EXHIBIT ___115___

PAGE ___980___

-2-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

54363.2

## Thirteenth Counterclaim

### Declaratory Relief

### (Against All Counter-defendants)

167. Mattel repeats and realleges each and every allegation set forth in paragraphs 1 through 166, above, as though fully set forth at length.

168. As shown in the foregoing paragraphs above, an actual controversy exists between Mattel and Counter-defendants regarding Counter-defendants' lack of ownership interests in Bratz and Mattel's rights in the same.

169. Accordingly, Mattel seeks a declaration of the Court that Counter-defendants have no valid or protectable ownership rights or interests in Bratz, and that Mattel is the true owner of the same, and further seeks an accounting and imposition of a constructive trust over Bratz, including without limitation registrations and applications for registrations relating thereto made or filed by Counter-defendants and third parties, and over all revenues and other monies or benefits derived or obtained from MGA's and Bryant's purported ownership, use, sale, distribution and licensing of Bratz.

170. Mattel seeks a declaration of the Court that any and all agreements between Bryant, on the one hand, and MGA, on the other hand, in which Bryant purports to assign to MGA any right, title or interests in any work that he conceived, created or reduced to practice while a Mattel employee, including but not limited to the Bratz designs, is void and of no effect, including without limitation because Bryant had previously assigned said right, title or interest to Mattel and because Mattel was otherwise the owner of said right, title or interest.

### Prayer for Relief

WHEREFORE, Mattel respectfully requests judgment:

1. For a declaration that Counter-defendants have no valid or protectable ownership interests or rights in Bratz designs and works conceived,

EXHIBIT 115

PAGE 981

1363.2

-75-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

1          15.   That Mattel have such other and further relief as the Court may

2 deem just and proper.

3

4 DATED: July 12, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

5

6                       By_____

7                          John B. Quinn
                         Attorneys for Defendant and Counter-

8                          claimant Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                   EXHIBIT ___115___

28                                   PAGE ___982___

-78-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

**EXHIBIT 116**

Fees are effective through June 30, 2002. After that time, check the Copyright Office Website at www.loc.gov/copyright or call (202) 707-3000 for current fee information.

RECEIVED

NOV 8 2005

DOCUMENT SECTION

**DOCUMENT COVER SHEET**
For Recordation of Documents
UNITED STATES COPYRIGHT OFFICE

DATE OF RECORDATION
(Assigned by Copyright Office)

Month **11** Day **06** Year **06**

Volume **3544** Page **330**

Volume _____ Page _____

FUNDS RECEIVED _____

_Do not write above this line._

To the Register of Copyrights:

_Please record the accompanying original document or copy thereof._

FOR OFFICE USE ONLY

**1** Name of the party or parties to the document spelled as they appear in the document (List up to the first three)

CARTER H. BRYANT

MATTEL, INC.

**2** Date of execution and/or effective date of the accompanying document

**01** [month] **04** [day] **1999** [year]

**3** Completeness of document
☒ Document is complete by its own terms.
☐ Document is not complete. Record "as is."

**4** Description of document
☒ Transfer of Copyright
☐ Security Interest
☐ Change of Name of Owner

☐ Termination of Transfer(s) [Section 304]
☐ Shareware
☐ Life, Identity, Death Statement [Section 302]
☐ Transfer of Mask Works

☐ Other _____

**5** Title of first work as given in the document _____

**6** Total number of titles in document **0**

**7** Amount of fee calculated $ **95.00**

**8** Fee enclosed
☐ Check
☐ Money Order

☒ Fee authorized to be charged to:
Copyright Office
Deposit Account number **37842**

Account name **Mattel, Inc.**

**9** Affirmation: I hereby affirm to the Copyright Office that the information given on this form is a true and correct representation of the accompanying document. This affirmation will not suffice as a certification of a photocopy signature on the document. (Affirmation _must_ be signed even if you are also signing Space 10.)

Signature _____

Date **November 8, 2006**

Phone Number (703) 415-1640     Fax Number (703) 415-0788

**10** Certification: Complete this certification in addition to the Affirmation if a photocopy of the original signed document is substituted for a document bearing the actual signature.
NOTE: This space _may not_ be used for an official certification.
I certify under penalty of perjury under the laws of the United States of America that the accompanying document is a true copy of the original document.

Signature _____

Duly Authorized Agent of: **Mattel, Inc.**

Date **November 6, 2006**

Recordation will be mailed in window envelope to this address:

Name▼ Michael Moore, Senior Counsel
Mattel, Inc.

Number/Street/Apt▼ 333 Continental Blvd., M1-1518

City/State/Zip▼ El Segundo, CA 90245

**YOU MUST:**
· Complete all necessary spaces
· Sign your Cover Sheet in Space 9
**SEND ALL 3 ELEMENTS TOGETHER:**
1. Two copies of the Document Cover Sheet
2. Check/money order payable to Register of Copyrights
3. Document
**MAIL TO:**
Library of Congress, Copyright Office
Documents Recordation Section, LM-462
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

The recordation fee for Documents Cover Sheet is $50 and is for each group of 10 additional titles as of July 1, 1999.

*Knowingly and willfully falsifying material facts on this form may result in criminal liability. 18 U.S.C. §1001
June 1999—30,000

EXHIBIT **110**

PAGE **983**

M 0059686



# *Certificate of Recordation*

This is to certify that the attached document was recorded
in the Copyright Office on the date and in the place shown below.

This certificate is issued under the seal of the
United States Copyright Office.

| DATE OF RECORDATION | |
|---|---|
| 6Nov06 | |
| VOLUME | DOC. NO. |
| 3544 | 330 |
| VOLUME | DOC. NO. |

*Marybeth Peters*
Register of Copyrights and
Associate Librarian for Copyright Services

(·76) · JANUARY 2004 — 4,000

EXHIBIT     116

PAGE     984

M 0059687

# EMPLOYEE CONFIDENTIAL INFORMATION AND INVENTIONS AGREEMENT

I acknowledge that Mattel, Inc. (the "Company") operates in a competitive environment and that it enhances its opportunities to succeed by establishing certain policies, including those included in this Agreement. This Agreement is designed to make clear that: (i) I will maintain the confidentiality of the Company's trade secrets; (ii) I will use those trade secrets for the exclusive benefit of the Company; (iii) inventions that I create will be owned by the Company; (iv) my prior and continuing activities separate from the Company will not conflict with the Company's development of its proprietary rights; and (v) when and if my employment with the Company terminates, I will not use my prior position with the Company to the detriment of the Company. In consideration of my employment with the Company and other good and valuable consideration, I agree that:

**1. Provisions Related to Trade Secrets**

(a) I acknowledge that the Company possesses and will continue to develop and acquire valuable Proprietary Information (as defined below), including information that I may develop or discover as a result of my employment with the Company. The value of that Proprietary Information depends on it remaining confidential. The Company depends on me to maintain that confidentiality, and I accept that position of trust.

(b) As used in this Agreement, "Proprietary Information" means any information (including formula, pattern, compilation, device, method, technique or process) that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and includes information on the Company, its customers, suppliers, joint ventures, licensors, licensees, distributors and other persons and entities with whom the Company does business.

(c) I will not disclose or use at any time either during or after my employment with the Company, any Proprietary Information except for the exclusive benefit of the Company as required by my duties for the Company, or as the Company expressly may consent to in writing. I will cooperate with the Company and use my best efforts to prevent the unauthorized disclosure, use or reproduction of all Proprietary Information.

(d) Upon leaving employment with the Company for any reason, I immediately will deliver to the Company all tangible, written, graphical, machine readable and other materials (including all copies) in my possession or under my control containing or disclosing Proprietary Information.

**2. Ownership of Inventions**

(a) I agree to communicate to the Company as promptly and fully as practicable all Inventions (as defined below) conceived or reduced to practice by me (alone or jointly by others) at any time during my employment by the Company. I hereby assign to the Company and/or its nominees all my right, title and interest in such Inventions, and all my right, title and interest in any patent, copyrights, patent applications or copyright applications based thereon. I will assist the Company and/or its nominees (without charge but at no expense to me) at any time in every proper way to obtain for its and/or their own benefit, patents and copyrights for all such Inventions anywhere in the world and to enforce its and/or their rights in legal proceedings.

(b) As used in this Agreement, the term "Inventions" includes, but is not limited to, all discoveries, improvements, processes, developments, designs, know-how, data computer programs and formulae, whether patentable or unpatentable.

(c) Any provision in this Agreement requiring me to assign my rights in any invention does not apply to an invention which qualifies under the provision of Section 2870 of the California Labor Code. That section provides that the requirement to assign "shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities or trade secret information except for those inventions that either (1) relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer; or (2) result from any work performed by the employee for the employer." I understand that I bear the burden of proving that an invention qualifies under Section 2870.

(d) I hereby irrevocably designate and appoint the Company and each of its duly authorized officers and agents as my agent and attorney-in-fact to act for and in my behalf and stead to execute and file any document and to do all other lawfully permitted acts to further the prosecution, issuance and enforcement of patents, copyrights and other proprietary rights with the same force and effect as if executed and delivered by me.

**3. Conflicts with Other Activities**

(a) My employment with the Company requires my undivided attention and effort. Therefore, during my employment with the Company, I will fully comply with the Company's Conflict of Interest Policy, as it may be amended from time to time. I shall not, without the Company's express written consent, engage in any employment or business other than for the Company, or invest in or assist (in any manner) any business competitive with the business or future business plans of the Company.

**4. Miscellaneous**

(a) My obligations under this Agreement may not be modified or terminated, in whole or in part, except in writing signed by a Vice-President of the Company. Any waiver by the Company of a breach on any provision of this Agreement will not operate or be construed as a waiver of any subsequent breach.

(b) Each provision of this Agreement will be treated as a separate and independent clause, and the unenforceability of any one provision will in no way impair the enforceability of any other provision. If any provision is held to be unenforceable, such provision will be construed by the appropriate judicial body by limiting or reducing it to the minimum extent necessary to make it legally enforceable.

(c) My obligation under this Agreement will survive the termination of my employment, regardless of the manner of such termination. This Agreement will inure to the benefit of and be binding upon the successors and assigns of the Company.

(d) I understand that the provision of this Agreement are a material condition to my employment with the Company. I also understand that this Agreement is not an employment contract, and nothing in this Agreement creates any right to my continuous employment by the Company, or to my employment for any particular term.

(e) Any breach of this Agreement likely will cause irreparable harm to the Company for which money damages could not reasonably or adequately compensate the Company. Accordingly, I agree that the Company will be entitled to injunctive relief to enforce this Agreement, in addition to damages and other available remedies.

(f) This agreement will be governed by and interpreted in accordance with the laws of the State of California.

(g) This Agreement contains the complete agreement between the Company and me concerning the subject matter hereof and supersedes all other agreements and understandings. This Agreement may be executed in counterparts. This Agreement will be deemed effective as of the start of Employees' employment with the Company.

**CAUTION: THIS AGREEMENT CREATES IMPORTANT OBLIGATIONS OF TRUST AND AFFECTS THE EMPLOYEE'S RIGHTS TO INVENTIONS THE EMPLOYEE MAY MAKE DURING HIS OR HER EMPLOYMENT.**

Employee Signature: _Carter A. Bryant_

Employee Name (print): CARTER A. BRYANT

Date: 01/04/99

MATTEL, INC.
By: _Teresa Newcomb_
Signature

Name of Witness (print): TERESA NEWCOMB

V3544 D330
Page 1

V3544 D330

EXHIBIT 116
PAGE 985

M 0059688

**EXHIBIT 117**

Fees are effective through June 30, 2002. After that date, check the Copyright Office Website at www.loc.gov/copyright or call (202) 707-3000 for current fee information.

RECEIVED

NOV 8 2006

DOCUMENT SECTION

**DOCUMENT COVER SHEET**
For Recordation of Documents
UNITED STATES COPYRIGHT OFFICE

DATE OF RECORDATION
(Assigned by Copyright Office)

Month 11   Day 6   Year 06

Volume 3544   Page 329

Volume _____   Page _____

FUNDS RECEIVED

Do not write above this line.

To the Register of Copyrights:

*Please record the accompanying original document or copy thereof.*

FOR OFFICE USE ONLY

**1** Name of the party or parties to the document spelled as they appear in the document (List up to the first three)

MATTEL, INC.

CARTER H. BRYANT

**2** Date of execution and/or effective date of the accompanying document

Nov.   6   2006
(month)  (day)  (year)

**3** Completeness of document
☒ Document is complete by its own terms.
☐ Document is not complete. Record "as is."

**4** Description of document
☒ Transfer of Copyright
☐ Security Interest
☐ Change of Name of Owner
☐ Termination of Transfer(s) [Section 304]
☐ Shareware
☐ Life, Identity, Death Statement [Section 302]
☐ Transfer of Mask Works
☐ Other _____

**5** Title of first work as given in the document   JADE Drawing   VA 1-218-487

**6** Total number of titles in document   5

**7** Amount of fee calculated   $ 120.00

**8** Fee enclosed
☐ Check
☐ Money Order

☒ Fee authorized to be charged to :
Copyright Office
Deposit Account number   37842

Account name   MATTEL, INC.

**9** Affirmation: I hereby affirm to the Copyright Office that the information given on this form is a true and correct representation of the accompanying document. This affirmation will not suffice as a certification of a photocopy signature on the document.
(Affirmation *must* be signed even if you are also signing Space 10.)

Signature

November 6, 2006
Date

(703) 415-1640   (703) 415-0788
Phone Number   Fax Number

**10** Certification: Complete this certification in addition to the Affirmation if a photocopy of the original signed document is substituted for a document bearing the actual signature.
*NOTE: This space may not be used for an official certification.*
I certify under penalty of perjury under the laws of the United States of America that the accompanying document is a true copy of the original document.

Signature   MATTEL, INC.

Duly Authorized Agent of

Date   November 6, 2006

Recordation will be mailed in window envelope to this address:

Name▼   Michael Moore, Senior Counsel
Mattel, Inc.

Number/Street/Apt▼   333 Continental Blvd., M1-1518

City/State/ZIP▼   El Segundo, CA 90245

**YOU MUST:**
• Complete all necessary spaces
• Sign your Cover Sheet in Space 9
**SEND ALL 3 ELEMENTS TOGETHER:**
1. Two copies of the Document Cover Sheet
2. Check/money order payable to Register of Copyrights
3. Document
**MAIL TO:**
Library of Congress, Copyright Office
Documents Recordation Section, LM-462
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*Knowingly and willfully falsifying material facts on this form may result in criminal liability. 18 U.S.C. §1001.*
June 1999—20,000

EXHIBIT 117

PAGE 986

M 0059681



# Certificate of Recordation

This is to certify that the attached document was recorded
in the Copyright Office on the date and in the place shown below.

This certificate is issued under the seal of the
United States Copyright Office.

| DATE OF RECORDATION | |
|---|---|
| 6Nov06 | |
| VOLUME | DOC. NO. |
| 3544 | 329 |
| VOLUME | DOC. NO. |

*Marybeth Peters*

Register of Copyrights and
Associate Librarian for Copyright Services

r-762 · JANUARY 2004 — 4,000

EXHIBIT ___117___

PAGE ___087___

M 0059682



## NOTICE OF COPYRIGHT ASSIGNMENT

Mattel, Inc. hereby provides notice that, in that certain Employee Confidential Information and Inventions Agreement executed by Mattel, Inc., on the one hand, and Carter H. Bryant, on the other hand, on January 4, 1999, a copy of which is attached hereto and separately recorded, Carter H. Bryant assigned to Mattel, Inc., as of and from the time of creation, exclusively and throughout the universe, all right, title and interest in and to the following works:

| Title | Copyright Registration No. |
|-------|---------------------------|
| JADE Drawing | VA 1-218-487 |
| SASHA Drawing | VA 1-218-488 |
| BRATZ Group Drawing | VA 1-218-489 |
| CLOE Drawing | VA 1-218-490 |
| YASMIN Drawing | VA 1-218-491 |

including without limitation, all copyrights therein (and extensions, renewals and reinstatements thereof), all neighboring rights, moral rights, and any and all other ownership and exploitation rights now or hereafter recognized anywhere.

1

EXHIBIT ____117____

PAGE ____988____

M 0059683

IN WITNESS WHEREOF the undersigned has executed this notice of assignment by its duly authorized officer as of this 6th day of November, 2006.

Mattel, Inc.

By: _Alan Kaye_

Its: _Senior Vice President, Human Resources_

State of California ) 
 ) SS.
County of Los Angeles )

Subscribed and sworn to (or affirmed) before me on

this ___6 th___ day of November, 2006

by _Alan Kaye_ ,

personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Seal:

F. FAHMIE
Comm. No. 1639288
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Exp. Jan. 17, 2010

Signature _F. Fahmie_

V3544 D329
Page 2

2

EXHIBIT ___117___

PAGE ___989___

M 0059684

# EMPLOYEE CONFIDENTIAL INFORMATION AND INVENTIONS AGREEMENT

I acknowledge that Mattel, Inc. (the "Company") operates in a competitive environment and that it enhances its opportunities to succeed by establishing certain policies, including those included in this Agreement. This Agreement is designed to make clear that: (i) I will maintain the confidentiality of the Company's trade secrets; (ii) I will use those trade secrets for the exclusive benefit of the Company; (iii) inventions that I create will be owned by the Company; (iv) my prior and continuing activities separate from the Company will not conflict with the Company's development of its proprietary rights; and (v) when and if my employment with the Company terminates, I will not use my prior position with the Company to the detriment of the Company. In consideration of my employment with the Company and other good and valuable consideration, I agree that:

**1. Provisions Related to Trade Secrets**

(a) I acknowledge that the Company possesses and will continue to develop and acquire valuable Proprietary Information (as defined below), including information that I may develop or discover as a result of my employment with the Company. The value of that Proprietary Information depends on it remaining confidential. The Company depends on me to maintain that confidentiality, and I accept that position of trust.

(b) As used in this Agreement, "Proprietary Information" means any information (including formula, pattern, compilation, device, method, technique or process) that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and includes information on the Company, its customers, suppliers, joint ventures, licensors, licensees, distributors and other persons and entities with whom the Company does business.

(c) I will not disclose or use at any time either during or after my employment with the Company, any Proprietary Information except for the exclusive benefit of the Company as required by my duties for the Company, or as the Company expressly may consent to in writing. I will cooperate with the Company and use my best efforts to prevent the unauthorized disclosure, use or reproduction of all Proprietary Information.

(d) Upon leaving employment with the Company for any reason, I immediately will deliver to the Company all tangible, written, graphical, machine readable and other materials (including all copies) in my possession or under my control containing or disclosing Proprietary Information.

**2. Ownership of Inventions**

(a) I agree to communicate to the Company as promptly and fully as practicable all inventions (as defined below) conceived or reduced to practice by me (alone or jointly by others) at any time during my employment by the Company. I hereby assign to the Company and/or its nominees all my right, title and interest in such inventions, and all my rights, title and interest in any patents, copyrights, patent applications or copyright applications based thereon. I will assist the Company and/or its nominees (without charge but at no expense to me) at any time in every proper way to obtain for its and/or their own benefit, patents and copyrights for all such inventions anywhere in the world and to enforce its and/or their rights in legal proceedings.

(b) As used in this Agreement, the term "inventions" includes, but is not limited to, all discoveries, improvements, processes, developments, designs, know-how, data computer programs and formulae, whether patentable or unpatentable.

(c) Any provision in this agreement requiring me to assign my rights in any invention does not apply to an invention which qualifies under the provision of Section 2870 of the California Labor Code. That section provides that the requirement to assign "shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities or trade secret information except for those inventions that either (1) relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer; or (2) result from any work performed by the employee for the employer." I understand that I bear the burden of proving that an invention qualifies under Section 2870.

(d) I hereby irrevocably designate and appoint the Company and each of its duly authorized officers and agents as my agent and attorney-in-fact to act for and in my behalf and stead to execute and file any document and to do all other lawfully permitted acts to further the prosecution, issuance and enforcement of patents, copyrights and other proprietary rights with the same force and effect as if executed and delivered by me.

**3. Conflicts with Other Activities**

(a) My employment with the Company requires my undivided attention and effort. Therefore, during my employment with the Company, I will fully comply with the Company's Conflict of Interest Policy, as it may be amended from time to time. I shall not, without the Company's express written consent, engage in any employment or business other than for the Company, or invest in or assist (in any manner) any business competitive with the business or future business plans of the Company.

**4. Miscellaneous**

(a) My obligations under this Agreement may not be modified or terminated, in whole or in part, except in writing signed by a Vice-President of the Company. Any waiver by the Company of a breach on any provision of this Agreement will not operate or be construed as a waiver of any subsequent breach.

(b) Each provision of this Agreement will be treated as a separate and independent clause, and the unenforceability of any one provision will in no way impair the enforceability of any other provision. If any provision is held to be unenforceable, such provision will be construed by the appropriate judicial body by limiting or reducing it to the minimum extent necessary to make it legally enforceable.

(c) My obligation under this Agreement will survive the termination of my employment, regardless of the manner of such termination. This Agreement will inure to the benefit of and be binding upon the successors and assigns of the the Company.

(d) I understand that the provisions of this Agreement are a material condition to my employment with the Company. I also understand that this Agreement is not an employment contract, and nothing in this Agreement creates any right to my continuous employment by the Company, or to my employment for any particular term.

(e) Any breach of this Agreement likely will cause irreparable harm to the Company for which money damages could not reasonably or adequately compensate the Company. Accordingly, I agree that the Company will be entitled to injunctive relief to enforce this Agreement. In addition to damages and other available remedies.

(f) This agreement will be governed by and interpreted in accordance with the laws of the State of California.

(g) This Agreement contains the complete agreement between the Company and me concerning the subject matter hereof and supersedes all other agreements and understandings. This Agreement may be executed in counterparts. This Agreement will be deemed effective as of the start of Employee's employment with the Company.

CAUTION: THIS AGREEMENT CREATES IMPORTANT OBLIGATIONS OF TRUST AND AFFECTS
THE EMPLOYEE'S RIGHTS TO INVENTIONS THE EMPLOYEE MAY MAKE DURING HIS OR HER EMPLOYMENT.

Employee Signature _____

Employee Name (print)  CARTER A. BRYANT

Date  01/04/99

MATTEL, INC.
By: _____
Signature

Name of Witness (print)  TERESA NEWCOMB

V3544 D329
Page 3

EXHIBIT ___117___

PAGE ___990___

M 0059685