**EXHIBIT 118**

Fees are effective through June 30, 2002. After that date, check the Copyright Office Website at www.loc.gov/copyright or call (202) 707-3000 for current fee information.

**DOCUMENT COVER SHEET**
For Recordation of Documents
UNITED STATES COPYRIGHT OFFICE

DATE OF RECORDATION
(Assigned by Copyright Office)

Month **11** Day **7** Year **06**

Volume **35 44** Page **331**

Volume _____ Page _____

RECEIVED

NOV 6 2006

**DOCUMENT SECTION** FUNDS RECEIVED _____

Do not write above this line.

To the Register of Copyrights:

*Please record the accompanying original document or copy thereof.*

FOR OFFICE USE ONLY

**1** Name of the party or parties to the document spelled as they appear in the document (List up to the first three)

MATTEL, INC.
CARTER H. BRYANT

**2** Date of execution and/or effective date of the accompanying document

Nov. 7 2006
(month) (day) (year)

**3** Completeness of document
☒ Document is complete by its own terms.
☐ Document is not complete. Record "as is."

**4** Description of document
☒ Transfer of Copyright
☐ Security Interest
☐ Change of Name of Owner
☐ Termination of Transfer(s) (Section 304)
☐ Shareware
☐ Life, Identity, Death Statement [Section 302]
☐ Transfer of Mask Works
☐ Other _____

**5** Title of first work as given in the document

drawing of Doll No. 1

VA 1-378-648

**6** Total number of titles in document _____ 21

**7** Amount of fee calculated $ 580.00

**8** Fee enclosed
☐ Check
☐ Money Order

☒ Fee authorized to be charged to:
Copyright Office
Deposit Account number _____ 37842

Account name _____ MATTEL, INC.

**9** Affirmation: I hereby affirm to the Copyright Office that the information given on this form is a true and correct representation of the accompanying document. This affirmation will not suffice as a certification of a photocopy signature on the document. (Affirmation *must* be signed even if you are also signing Space 10.)

Signature

Date November 7, 2006

Phone Number (703) 415-1640    Fax Number (703) 415-0788

**10** Certification: Complete this certification in addition to the Affirmation if a photocopy of the original signed document is substituted for a document bearing the actual signature.
NOTE: This space *may not* be used for an official certification.
I certify under penalty of perjury under the laws of the United States of America that the accompanying document is a true copy of the original document.

Signature

MATTEL, INC.

Duly Authorized Agent of:

Date November 7, 2006

Recordation will be mailed in window envelope to this address:

Name Michael Moore, Senior Counsel
Mattel, Inc.

Number/Street/Apt 333 Continental Blvd., M1-1518

City/State/ZIP El Segundo, CA 90245

**YOU MUST:**
• Complete all necessary spaces
• Sign your Cover Sheet in Space 9
**SEND ALL 3 ELEMENTS TOGETHER:**
1. Two copies of the Document Cover Sheet
2. Check/money order payable to Register of Copyrights
3. Document
**MAIL TO:**
Library of Congress, Copyright Office
Documents Recordation Section, LM-462
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

The recordation fee is for the Document Cover Sheet is $150 and $15 for each group of 10 additional titles as of July 1, 1999.

*Knowingly and willfully falsifying material facts on this form may result in criminal liability. 18 U.S.C. §1001.
June 1999—20,000
WEB REV: June 1999    PRINTED ON RECYCLED PAPER    ☆U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/56

EXHIBIT **11B**

PAGE **991**

M 0059689



# Certificate of Recordation

This is to certify that the attached document was recorded
in the Copyright Office on the date and in the place shown below.

This certificate is issued under the seal of the
United States Copyright Office.

| DATE OF RECORDATION | |
| --- | --- |
| 7Nov06 | |

| VOLUME | DOC. NO. |
| --- | --- |
| 3544 | 331 |

| VOLUME | DOC. NO. |
| --- | --- |
| · ·· | |

*Marybeth Peters*

Register of Copyrights and
Associate Librarian for Copyright Services

L·763 · JANUARY 2004 — 4,000

EXHIBIT _____ 118

PAGE _____ 992

M 0059690

D331

## NOTICE OF COPYRIGHT ASSIGNMENT

Mattel, Inc. hereby provides notice that, in that certain Employee Confidential Information and Inventions Agreement executed by Mattel, Inc., on the one hand, and Carter H. Bryant, on the other hand, on January 4, 1999, a copy of which is attached hereto and separately recorded, Carter H. Bryant assigned to Mattel, Inc., as of and from the time of creation, exclusively and throughout the universe, all right, title and interest in and to the following works:

| Title | Copyright Registration No. | Also Registered As |
|---|---|---|
| drawing of Doll No. 1 | VA 1-378-648 | JADE Drawing, VA 1-218-487 |
| drawing of Doll No. 2 | VA 1-378-649 | SASHA Drawing, VA 1-218-488 |
| group drawing of Dolls | VA 1-378-650 | BRATZ Group Drawing, VA 1-218-489 |
| drawing of Doll No. 3 | VA 1-378-651 | CLOE Drawing, VA 1-218-490 |
| drawing of Doll No. 4 | VA 1-378-652 | YASMIN Drawing, VA 1-218-491 |
| drawing of Doll No. 5 | VA 1-378-653 | |
| drawing of Doll No. 6 | VA 1-378-654 | |
| drawing of Doll No. 7 | VA 1-378-655 | |
| drawing of Doll No. 8 | VA 1-378-656 | |
| drawing of Doll No. 9 | VA 1-378-657 | |
| drawing of Doll No. 10 | VA 1-378-658 | |
| drawing of Doll No. 11 | VA 1-378-659 | |
| drawing of Doll No. 12 | VA 1-378-660 | |
| body drawing | VAu 715-270 | |
| drawing of two dolls | VAu 715-271 | |
| drawing of heads | VAu 715-273 | |

V3544 D331
Page 1

including without limitation, all copyrights therein (and extensions, renewals and reinstatements thereof), all neighboring rights, moral rights, and any and all other ownership and exploitation rights now or hereafter recognized anywhere, in perpetuity.

1

EXHIBIT     118

PAGE     093

M 0059691

IN WITNESS WHEREOF the undersigned has executed this notice of assignment by its duly authorized officer as of this 7th day of November, 2006.

Mattel, Inc.

By: _Senior Vice President - HR_
Its:

State of California             )
                               ) SS.

County of Los Angeles       )

Subscribed and sworn to (or affirmed) before me on

this ___7th___ day of November, 2006

by ___ALAN KAYE_____,

personally known to me ~~or proved to me on the basis of satisfactory evidence~~ to be the person(s) who appeared before me.

Seal:

R. S. GELBART
Commission # 1644437
Notary Public - California
Los Angeles County
My Comm. Expires Feb 27, 2010

Signature _R.S. Gelbart_

2

V3544 D331
Page 2

EXHIBIT ___118___

PAGE ___994___

M 0059692

# EMPLOYEE CONFIDENTIAL INFORMATION AND INVENTIONS AGREEMENT

I acknowledge that Mattel, Inc. (the "Company") operates in a competitive environment and that it enhances its opportunities to succeed by establishing certain policies, including those included in this Agreement. This Agreement is designed to make clear that: (i) I will maintain the confidentiality of the Company's trade secrets; (ii) I will use those trade secrets for the exclusive benefit of the Company; (iii) inventions that I create will be owned by the Company; (iv) my prior and continuing activities separate from the Company will not conflict with the Company's development of its proprietary rights; and (v) when and if my employment with the Company terminates I will not use my prior position with the Company to the detriment of the Company. In consideration of my employment with the Company and other good and valuable consideration, I agree that:

## 1. Provisions Related to Trade Secrets

(a) I acknowledge that the Company possesses and will continue to develop and acquire valuable Proprietary Information (as defined below), including information that I may develop or discover as a result of my employment with the Company. The value of that Proprietary Information depends on it remaining confidential. The Company depends on me to maintain that confidentiality, and I accept that position of trust.

(b) As used in this Agreement, "Proprietary Information" means any information (including formula, pattern, compilation, device, method, technique or process) that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and includes information on the Company, its customers, suppliers, joint ventures, licensors, licensees, distributors and other persons and entities with whom the Company does business.

(c) I will not disclose or use at any time either during or after my employment with the Company, any Proprietary Information except for the exclusive benefit of the Company as required by my duties for the Company, or as the Company expressly may consent to in writing. I will cooperate with the Company and use my best efforts to prevent the unauthorized disclosure, use or reproduction of all Proprietary Information.

(d) Upon leaving employment with the Company for any reason, I immediately will deliver to the Company all tangible, written, graphical, machine readable and other materials (including all copies) in my possession or under my control containing or disclosing Proprietary Information.

## 2. Ownership of Inventions

(a) I agree to communicate to the Company as promptly and fully as practicable all inventions (as defined below) conceived or reduced to practice by me (alone or jointly by others) at any time during my employment by the Company. I hereby assign to the Company and/or its nominee all my right, title and interest in such inventions, and all my right, title and interest in any patents, copyrights, patent applications or copyright applications based thereon. I will assist the Company and/or its nominees (without charge but at no expense to me) at any time in every proper way to obtain for its and/or their own benefit, patents and copyrights for all such inventions anywhere in the world and to enforce its and/or their rights in legal proceedings.

(b) As used in this Agreement, the term "inventions" includes, but is not limited to, all discoveries, improvements, processes, developments, designs, know-how, data computer programs and formulae, whether patentable or unpatentable.

(c) Any provision in this agreement requiring me to assign my rights in any invention does not apply to an invention which qualifies under the provision of Section 2870 of the California Labor Code. That section provides that the requirement to assign "shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities or trade secret information except for those inventions that either (1) relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer; or (2) result from any work performed by the employee for the employer." I understand that I bear the burden of proving that an invention qualifies under Section 2870.

(d) I hereby irrevocably designate and appoint the Company and each of its duly authorized officers and agents as my agent and attorney-in-fact to act for and in my behalf and stead to execute and file any document and to do all other lawfully permitted acts to further the prosecution, issuance and enforcement of patents, copyrights and other proprietary rights with the same force and effect as if executed and delivered by me.

## 3. Conflicts with Other Activities

(a) My employment with the Company requires my undivided attention and effort. Therefore, during my employment with the Company, I will fully comply with the Company's Conflict of Interest Policy, as it may be amended from time to time. I shall not, without the Company's express written consent, engage in any employment or business other than for the Company, or invest in or assist (in any manner) any business competitive with the business or future business plans of the Company.

## 4. Miscellaneous

(a) My obligations under this Agreement may not be modified or terminated, in whole or in part, except in writing signed by a Vice-President of the Company. Any waiver by the Company of a breach on any provision of this Agreement will not operate or be construed as a waiver of any subsequent breach.

(b) Each provision of this Agreement will be treated as a separate and independent clause, and the unenforceability of any one provision will in no way impair the enforceability of any other provision. If any provision is held to be unenforceable, such provision will be construed by the appropriate judicial body by limiting or reducing it to the minimum extent necessary to make it legally enforceable.

(c) My obligation under this Agreement will survive the termination of my employment, regardless of the manner of such termination. This Agreement will inure to the benefit of and be binding upon the successors and assigns of the the Company.

(d) I understand that the provisions of this Agreement are a material condition to my employment with the Company. I also understand that this Agreement is not an employment contract, and nothing in this Agreement creates any right to my continuous employment by the Company, or to my employment for any particular term.

(e) Any breach of this Agreement likely will cause irreparable harm to the Company for which money damages could not reasonably or adequately compensate the Company. Accordingly, I agree that the Company will be entitled to injunctive relief to enforce this Agreement, in addition to damages and other available remedies.

(f) This agreement will be governed by and interpreted in accordance with the laws of the State of California.

(g) This Agreement contains the complete agreement between the Company and me concerning the subject matter hereof and supersedes all other agreements and understandings. This Agreement may be executed in counterparts. This Agreement will be deemed effective as of the start of Employee's employment with the Company.

**CAUTION: THIS AGREEMENT CREATES IMPORTANT OBLIGATIONS OF TRUST AND AFFECTS THE EMPLOYEE'S RIGHTS TO INVENTIONS THE EMPLOYEE MAY MAKE DURING HIS OR HER EMPLOYMENT.**

_____
Employee Signature

MATTEL, INC.

By: _____
Signature

CARTER H. BRYANT
Employee Name (print)

TERESA NEWCOMB
Name of Witness (print)

01/04/99
Date

EXHIBIT ___118___

PAGE ___995___

M 0059693

**EXHIBIT 119**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

February 5, 2008

**VIA EMAIL AND U.S. MAIL**

Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

Thomas J. Nolan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Re:   Mattel, Inc. v. Bryant, et al.

Dear Counsel:

Pursuant to Local Rule 7-3, we write to request a conference of counsel regarding Mattel's anticipated Phase 1 motion for summary judgment. Mattel anticipates that the motion will raise the following issues:

**The Inventions Agreement Is Enforceable, and Encompasses All Doll Ideas and Designs That Bryant Conceived or Created While Employed By Mattel**

Mattel will seek to dispose of any remaining challenges to the enforceability or interpretation of the Inventions Agreement ("Agreement"). Defendants' characterization of the Agreement as a "contract of adhesion" proves nothing, and the Court has previously ruled it is enforceable. *See, e.g., Perdue v. Crocker National Bank*, 38 Cal. 3d 913, 925 (1985). Similarly, defendants' contention that the Inventions Agreement does not encompass copyright subject matter and/or ideas is without merit and simply misreads the Agreement. Under the Agreement, Mattel owns all doll ideas and/or designs conceived or created by Bryant while in Mattel's employ.

**Defendants' Affirmative Defenses of Estoppel, Waiver, Consent and Acquiescence Fail**

Mattel will seek a ruling that Defendants' other defenses to the enforceability of the Agreement also fail. The defense that Mattel waived (or is estopped, or consented, or acquiesced or has unclean hands) by allegedly not prosecuting misconduct similar to Bryant's fails both as a matter

EXHIBIT ___119___

PAGE ___996___

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL. 650-801-5000 FAX 650-801-5100

of law and on the facts. Under the Copyright Act and in common law, a failure to prosecute rights against a third party is not probative of intent to waive rights against a defendant. *See, e.g., Paramount Pictures Corp. v. Carol Publishing Group*, 11 F. Supp. 2d 329, 337 (S.D.N.Y. 1998) ("Extending the doctrine of estoppel so that a defendant may rely on a plaintiff's conduct toward another party is both unsupported by law and pernicious as a matter of policy."); *Emerson Electric Co. v. Rogers*, 418 F.3d 841, 844-845 (8th Cir. 2005).

Moreover, these defenses are not supported by the evidence. To establish its affirmative defenses, defendants bear the burden of proving that Mattel intentionally relinquished known rights after full knowledge of all the facts. Because no reasonable trier of fact could find that Mattel intentionally relinquished its rights to the Bratz franchise after full knowledge of defendants' misconduct, Mattel is entitled to summary judgment on these defenses.

## Bryant Is Liable for Breach of Fiduciary Duty and The Duty of Loyalty, and Breach of Contract, and MGA Is Liable for Aiding and Abetting These Breaches

Mattel will seek a finding of liability for Mattel's claims and counterclaims for breach of contract, breach of fiduciary duty, and breach of the duty of loyalty against Bryant and a finding of liability against MGA Entertainment, Inc. and Isaac Larian for Mattel's claims for aiding and abetting breaches of duty of loyalty and breach of fiduciary duty. Under California law every employee owes a duty of undivided loyalty to his employer, and may not take any action that is adverse to his employer. *See, e.g., Stokes v. Dole Nut Co.*, 41 Cal. App. 4th 285, 295 (1995). "Where a person is employed to design improvements to the product of his employer, or to design new products for his employer, and he does so, he may not use the results of such work for his own benefit and particularly not to the detriment of his employer." *Daniel Orifice Fitting Co. v. Whalen*, 198 Cal. App. 2d 791, 797 (1962). Bryant also owed Mattel a fiduciary duty because the Agreement imposes on him a position of trust, and because Mattel granted Bryant access to highly confidential information, among other reasons. *See, e.g., Stevens v. Marco*, 147 Cal.App. 2d 357 (1956) (fiduciary relationship existed because one party confidentially entrusted another with "a new and valuable idea"); *Michelson v. Hamada*, 29 Cal. App. 4th 1566, 1581 (1994) ("Confidential and fiduciary relations are, in law, synonymous, and may be said to exist whenever trust and confidence is reposed by one person in the integrity and fidelity of another.")

Discovery has uncovered extensive evidence of Bryant's disloyalty. Bryant worked for MGA (and was paid by MGA) while employed by Mattel. Bryant secretly entered into a contract with MGA that required him to provide design services to MGA on a "top priority" basis while employed by Mattel. Bryant worked on a line of dolls while employed by Mattel and did not disclose that work to Mattel. These are clear breaches of Bryant's duties to Mattel.

MGA and Isaac Larian knew that Bryant was a Mattel employee when they first met with him. They also knew or should have known that Bryant had pre-existing obligations to Mattel, including a duty to assign to Mattel all designs created while employed there. This and other evidence amply support a finding of aiding and abetting liability.

2

EXHIBIT ___ 19

PAGE ___ 997

## Defendants' Affirmative Defenses of Unclean Hands Fail As To Phase 1 Claims and Counterclaims

Defendants' unclean defense fails as to all Phase 1 claims and counterclaims because the alleged improper conduct that forms the basis for the MGA defendants' unclean hands defense has nothing to do with the claims in Phase 1. Further, the alleged defense is unsupported by evidence.

## Defendants' Statute of Limitations and Laches Affirmative Defenses Fail

The Court has rejected defendants' statute of limitations and laches defenses in the past. Mattel will seek a ruling rejecting these defenses. The shortest pertinent statute of limitations is two years. *See, e.g.,* Cal. Code of Civ. Proc. § 339(1). Because Mattel filed suit less than two years after its claims accrued and its Phase 1 counterclaims relate back, its claims are timely.

The defense of laches also fails. "Laches is not available as a defense to an action at law." *Abbott v. City of Los Angeles,* 50 Cal. 2d 438, 462 (1958). Moreover, defendants have not been prejudiced by any alleged delay. Even after Mattel brought suit, they proceeded with developing and producing the infringing Bratz dolls. *See, e.g., Russell v. Price,* 612 F.2d 1123, 1126 (9th Cir. 1979) ("Defendants at no time changed their film distribution activities in reliance on [Plaintiff's] conduct. Defendants cite no case in which a false sense of security alone has been enough to bar an otherwise proper claim."); *Roulo v. Russ Berrie & Co., Inc.,* 886 F.2d 931, 942 (7th Cir. 1989) (no detrimental reliance where the defendant commenced marketing of infringing works prior to learning of the plaintiff's claim). Mattel did not unreasonably delay filing suit.

## Defendants' *Bona Fide* Purchaser, Good Faith and 17 U.S.C. § 205(d) Affirmative Defenses Fail

Defendants assert that Section 205(d) of the Copyright Act bars Mattel's claim for copyright infringement, and also assert a variety of other "good faith" defenses. These defenses lack merit. MGA has admitted that it did not record its purported assignment from Bryant, rendering any claim to priority under Section 205 invalid. Moreover, the facts show that MGA has not acted in good faith, and, without more, good faith is not a defense to Mattel's copyright infringement claim.

## Mattel Owns Drawings Bryant Created While Employed by Mattel

Mattel also intends to seek a finding that specific drawings which Bryant indisputably created while employed by Mattel are owned by Mattel under the Inventions Agreement.

* * *

3

EXHIBIT ___119___

PAGE ___998___

In addition to these substantive issues, we also wish to invite a discussion the length of the motion papers, and the appropriate briefing schedule. We look forward to discussing these matters with you. Please let us know your availability.

Very truly yours,

B. Dylan Proctor
07209/2378698.3

4

EXHIBIT ___119___

PAGE ___909___

**EXHIBIT 120**

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

### February 27, 2008

| To | Telephone | Facsimile |
|---|---|---|
| B. Dylan Proctor<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP | 213/443-3000 | 213/443-3100 |

| cc: | | |
|---|---|---|
| Thomas J. Nolan<br>Skadden Arps Slate Meagher & Flom | 213/687-5000 | 213/687-5600 |
| Paul M. Eckles<br>Skadden, Arps, Slate, Meagher & Flom | 212/735-2578 | 212/777-2578 |
| Alexander Cote<br>Overland Borenstein Scheper & Kim LLP | 213/613-4655 | 213/613-4656 |

| From | Telephone | Code |
|---|---|---|
| Matthew M. Werdegar | 415-391-5400 | 6647/mls |

Re   **Bryant v. Mattel: (ED) 2:04-cv-09049-SGL-RNB**

## Number of Pages (Including Cover):  3

## <u>COMMENTS</u>

Please see attached.

Operator _____                                    Time Sent _____

### IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION, PLEASE CALL (415) 676-2277 OR (415) 391-5400

The information contained in this facsimile transmission is legally privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original transmission to us at the above address via the U.S. Postal Service. Thank you.

393005.01

EXHIBIT ____120____

PAGE ____1000____

02/27 2008 16:18 FAX 4153977188          KEKER & VAN NEST                    ☒002/003

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MATTHEW M. WERDEGAR
MWERDEGAR@KVN.COM

February 27, 2008

**VIA FACSIMILE & U.S. MAIL**

B. Dylan Proctor, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:     Mattel v. Bryant, et al.

Dear Dylan:

    I am writing to follow-up on our telephonic conference on February 25, 2008 regarding Cater Bryant's response to Mattel's Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses.

    As we discussed, Mr. Bryant believes that the time has now passed for Mattel to file any motion to compel or enforce with respect to this discovery response. Mr. Bryant served his response to this interrogatory on January 7, 2008, nearly seven weeks ago. Mattel thus was on notice of any alleged deficiencies in Mr. Bryant's response three weeks before the close of Phase I discovery, and it easily could have brought a motion to compel before the discovery cut-off had it acted diligently. However, Mattel elected to wait more than a month after receiving Mr. Bryant's response, and nine days after the Phase I discovery cut-off, before seeking to meet and confer regarding this response. Moreover, Mattel waited another full week after Mr. Bryant stated he was prepared to meet and confer before seeking to schedule that conference. In light of this time line, and the lack of diligence on Mattel's part that this time line illustrates, any motion Mattel may now seek to file plainly would be untimely under the *Days Inn Worldwide, Inc. v. Sonia Investments* factors, *see* 237 F.R.D. 395, 398 (N.D. Tex. 2006), and the reasoning of the Discovery Master's February 25, 2008 Order.

    Second, as we also discussed, Mr. Bryant believes that his response to Mattel's Amended Supplemental Interrogatory is substantively sufficient and in full compliance with Federal Rule of Civil Procedure 33. As I noted, the Discovery Master recently has ruled that it is appropriate for a responding party to "IDENTIFY" documents by categories, especially in response to broadly-framed contention interrogatories such as Mattel's Amended Supplemental

412198.01

EXHIBIT _____120_____

PAGE _____1001_____

02. 27, 2008  16:19 FAX 4153077185 _____  KEKER & VAN NEST                          ☑003/005

B. Dylan Proctor, Esq.
February 27, 2008
Page 2

Interrogatory, and that a list of bates numbered documents is not required. *See generally* Order
dated Feb. 20, 2008 & Order dated Feb. 15, 2008.

        Finally, you asked (for the first time) that Mr. Bryant clarify the scope of his Phase I
unclean hands affirmative defense. Although Mr. Bryant is under no obligation to do so, as
Mattel's Amended Supplemental Interrogatory was directed at defendants' affirmative defenses
for both Phases I and II, Mr. Bryant hereby voluntarily provides the following clarifying
information in an effort to avoid a needless motion for summary judgment on this issue by
Mattel: Mr. Bryant does not intend to assert all of the facts and contentions set forth in the
"unclean hands" portion of his response to Mattel's Amended Supplemental Interrogatory in
support of his unclean hands defense during the Phase I trial in this case, as some of those facts
and contentions relate exclusively to Phase II. Specifically, Mr. Bryant does not intend to assert
or rely upon the contentions and facts set forth at page 8, line 5 through page 28, line 7, and page
28, lines 11 through 14 of Mr. Bryant's response to Mattel's Amended Supplemental
Interrogatory. Mr. Bryant reserves all of his rights to rely upon all of the facts and contentions
set forth in the balance of his response to Mattel's Amended Supplemental Interrogatory, as well
as any additional supporting facts relating to those facts and contentions, any and all facts that
further analysis or discovery may reveal are also relevant to those facts and contentions, and any
and all facts that have yet to be disclosed in discovery. In this regard, I note that Mattel has yet
to provide critical discovery relevant to Mr. Bryant's Phase I unclean hands defense, despite
Court orders that it do so, and other critical discovery is the subject of pending motions to
compel filed by Mr. Bryant and/or MGA.

                                        Very truly yours,

                                        Matthew Werdegar

MMW/mls

cc via facsimile:
        Thomas J. Nolan
        Paul M. Eckles
        Alexander Cote

412198.01

EXHIBIT _____ 120

PAGE _____ 1002

The attached fax was received from 4153977188 on 2/27/2008 at 4:20:31 PM

JobID: 095001

EXHIBIT ___120___

PAGE ___1003___

**EXHIBIT 121**

1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
3  Los Angeles, CA  90071
   Tel.: (213) 687-5000/Fax: (213) 687-5600
4
   KENNETH PLEVAN (admitted *pro hac vice*)
5  (kplevan@skadden.com)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Times Square
   New York, NY  10046
7  Tel.: (212) 735-3000 / Fax: (212) 735-2000

8  Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
   MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian
9

10              UNITED STATED DISTRICT COURT
11
                CENTRAL DISTRICT OF CALIFORNIA
12

13

14  CARTER BRYANT, an individual,        )  CASE NO. CV 04-9049 SGL (RNBx)
                                          )
15                       Plaintiff,       )  MGA'S NOTICE OF
                                          )  WITHDRAWAL OF UNCLEAN
        v.                                )  HANDS AFFIRMATIVE DEFENSE
16                                        )  AS IT PERTAINS TO PHASE 1
    MATTEL, INC., a Delaware              )
17  corporation,                          )
                                          )
18                       Defendant.       )
                                          )
19  _____)
                                          )
20  AND CONSOLIDATED ACTIONS              )
                                          )
21

22

23

24

25

26

27

28
    _____
    MGA'S NOTICE OF WITHDRAWAL OF UNCLEAN HANDS AFFIRMATIVE DEFENSE AS IT PERTAINS TO PHASE I

EXHIBIT  121
PAGE  1004

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the MGA Parties hereby withdraw their affirmative defense based on unclean hands as it pertains to Phase 1 of this action. The MGA Parties will assert unclean hands as an affirmative defense only in connection with Phase 2 of this action.

DATED:  February 15, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
Thomas J. Nolan
Attorney for MGA Entertainment, Inc.

MGA'S NOTICE OF WITHDRAWAL OF UNCLEAN HANDS AFFIRMATIVE DEFENSE AS IT PERTAINS TO PHASE I

1

EXHIBIT ____12|____

PAGE ____1005____

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA  90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
E-mail:    tnolan@skadden.com

KENNETH PLEVAN (admitted *pro hac vice*)
(kplevan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY  10036
Tel.: (212) 735-3000 / Fax: (212) 735-2000

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | **PROOF OF SERVICE** |
| MATTEL, INC., a Delaware corporation | |
| Defendant. | |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off:  January 28, 2008 |

PROOF OF SERVICE                                    NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___ 121

PAGE ___ 1006

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On February 15, 2008, I served the foregoing documents described as:

### SEE ATTACHED DOCUMENT LIST

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

☒    (BY PERSONAL SERVICE)    ☐    By personally delivering copies to the person served. (FEDERAL)

☒    I caused such document to be hand delivered to the above addressees. (FEDERAL)

☒    (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on February 15, 2008 at Los Angeles, California.

Matthew Bowman
PRINT NAME                          SIGNATURE

- 2 -

PROOF OF SERVICE                                         NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___121___

PAGE ___1067___

1

## **DOCUMENT LIST**

2

1) MGA'S NOTICE OF WITHDRAWAL OF UNCLEAN HANDS
3   AFFIRMATIVE DEFENSE AS IT PERTAINS TO PHASE 1

4   2) PROOF OF SERVICE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

PROOF OF SERVICE

NO. CV 04-9049 SGL (RNBx)

EXHIBIT ____ 121

PAGE ____ 1008

1 | SERVICE LIST

2

3 | John B. Quinn, Esq.
Michael T. Zeller, Esq.
4 | Jon D. Corey, Esq.
Timothy L. Alger, Esq.
5 | Quinn Emanuel Urquhart Oliver &
Hedges, LLP
6 | 865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
7 | (213) 443-3000
(213) 443-3100 (Fax)
8

9 | Attorneys for Mattel, Inc.
[Personal Service]

10

11

12 | Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David C. Scheper, Esq.
13 | Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
14 | Los Angeles, CA 90071
(213) 613-4655
15 | (213) 613-4656 (Fax)

16 | [Federal Express]

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (Fax)

Attorneys for Carter Bryant
[Federal Express]

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

PROOF OF SERVICE

NO. CV 04-9049 SGL (RNBx)

EXHIBIT  121

PAGE  1009

**EXHIBIT 122**

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                                    Plaintiff

and

DOUBLE GRAND CORPORATION LIMITED               Defendant

## AFFIDAVIT OF DAPHNE GRONICH

I, Daphne GRONICH of 16380 Roscoe Boulevard, Van Nuys, California 91406, the
United States of America, hereby make oath and say as follows:-

1.      I am the General Counsel of MGA Entertainment, Inc. formerly known as ABC
International Traders, Inc. trading as MGA Entertainment, the Plaintiff herein
(hereinafter referred to as **"MGA Inc."**).  MGA Inc. is a company incorporated and
existing under the laws of the State of California in the U.S.A.  I am duly authorized
by MGA Inc. to make this affidavit for and on its behalf pursuant to Section 121 of
the Copyright Ordinance, Cap. 528.  Unless otherwise stated, the facts and matters
contained herein are true to the best of my knowledge and belief and they are either
within my own personal knowledge or gleaned from books and records of MGA Inc.
to which I have access.  Insofar as facts and matters that do not fall within the

1

EXHIBIT ___122___

PAGE ___1010___

Confidential - Attorney's Eyes Only                                            MGA 0883844

aforesaid category, they are related to me by the respective sources stated hereunder and are true to the best of my knowledge and belief.

2.    MGA Inc. is a successful and reputable company in the toy business internationally. Since 1987, it has concentrated and focused its efforts primarily in the toy industry.

3.    The toys designed and marketed by MGA Inc. have won international acclaim and were made the subject of numerous awards and prizes. However, the most successful toys designed and marketed by MGA Inc. must be the BRATZ dolls.

4.    The BRATZ dolls come in 2 sizes. The full size version stands at 10 inches tall and the mini version stands at 4 and a half inches tall. The mini version has been marketed under the names "Micro Bratz" and "Lil' Bratz" but will be referred to herein as "Mini Bratz".

5.    MGA Inc. is and was at all material times the owner of copyright in the following artistic works relating to the BRATZ dolls (**"the Copyright Works"**).

## Particulars of the Copyright Works

6.    (a)    15 design drawings of various BRATZ fashion dolls (**"the Design Drawings"**); now produced and shown to me marked as **"DG-1"** are true copies of the Design Drawings.

    (b)    1 drawing of a body sketch of the BRATZ fashion dolls (**"the Body Sketch"**);

2

EXHIBIT   122

PAGE   1011

Confidential - Attorney's Eyes Only

MGA 0883845

now produced and shown to me marked as **"DG-2"** is a true copy of the Body Sketch.

(c)     wax models of the head, body and shoes of the BRATZ fashion dolls (**"the Wax Models"**).

(d)     wax models of the head, body and shoes of the Mini Bratz dolls (**"the Wax Models – Mini"**)

(e)     silicon rubber moulds of the head, body and shoes of the BRATZ fashion dolls made from the Wax Models (**"the Silicon Rubber Moulds"**).

(f)     Silicon rubber moulds of the head, body and shoes of the Mini Bratz dolls made from the Wax Models – Mini (**"the Silicon Rubber Moulds – Mini"**).

(g)     polyurethane samples of the head, body and shoes of the BRATZ fashion dolls made from the Silicon Rubber Moulds (**"the PU Samples"**); now produced and shown to me marked as **"DG-3"** is the photograph of the PU Samples being true copies of the same.

(h)     polyurethane samples of the head, body and shoes of the Mini Bratz dolls made from the Silicon Rubber Moulds (**"the PU Samples – Mini"**); now produced and shown to me marked as **"DG-4"** is the photograph of the PU Samples – Mini being true copies of the same.

3

EXHIBIT ____122____

PAGE ____1012____

Confidential - Attorney's Eyes Only                                   MGA 0883846

(i)     4 drawings of the facial decoration of the BRATZ fashion dolls ("**the Decoration Directions**"); now produced and shown to me marked as "**DG-5**" are true copies of the Decoration Directions.

(j)     8 drawings 4 of which are pantone colour guides of the facial decorations of the BRATZ fashion dolls ("**the Pantone Colour Guides**"); now produced and shown to me marked as "**DG-6**" are true copies of the Pantone Colour Guides.

(k)     4 hand-painted décor-masters on 4 rubber head sculpts of the BRATZ fashion dolls ("**the Décor-Masters**"); now produced and shown to me marked as "**DG-7**" is the photograph of the Décor-Masters being true copies of the same.

### Particulars of Subsistence and Ownership of the Copyright Works

7.   (a)     Carter Bryant (hereinafter referred to as "**Mr. Bryant**") made the Design Drawings, the Body Sketch, the Decoration Directions and the Pantone Colour Guides referred to in paragraph 6(a), (b), (i) and (j) hereinabove wherein copyright subsist.

(b)     Mr. Bryant made the aforesaid copyright works at the following times and place:-

| The Copyright Works | Time of creation | Place of Creation |
|---|---|---|
| Design Drawings | Between 1998 and prior to 18th September 2000 | Missouri and California |

4

EXHIBIT ____122____

PAGE ____1013____

Confidential - Attorney's Eyes Only                                               MGA 0883847

| Body Sketch | Around November 2000 | California |
| Decoration Directions | Between late 2000 and 2001 | California |
| Pantone Colour Guides | Between late 2000 and 2001 | California |

(c)   (i)    Pursuant to an agreement dated 18th September 2000 (**"the Bryant 2000 Agreement"**), Mr. Bryant assigned all rights including the copyright subsisting in the Design Drawings to MGA Inc.   Now produced and shown to me marked as **"DG-8"** is a true copy of the Bryant 2000 Agreement.

(ii)   As for the Body Sketch, Decoration Directions and Pantone Colour Guides, they were made by Mr. Bryant subsequent and pursuant to the Bryant 2000 Agreement which provides, inter alia, that copyright subsisting in the works should vest in MGA Inc.

(iii)   MGA Inc. and Mr. Bryant had further entered into a "Modification and Clarification of the Agreement dated September 18, 2000" in May 2004 making modifications to and/or clarification of the Bryant 2000 Agreement.   Now produced and shown to me marked as **"DG-9"** is a true copy of the said Agreement.

(iv)   By virtue of the aforesaid, MGA Inc. is the owner of the Design Drawings, the Body Sketch, the Decoration Directions and the Pantone Colour Guides and the copyright subsisting therein.

(d)   At the time when the aforesaid copyright works were created, Mr. Bryant was a resident of the USA and was domiciled in the States of Missouri and

5

EXHIBIT ____122____

PAGE ____1014____

Confidential - Attorney's Eyes Only                                    MGA 0883848

California in the USA. As at the date hereof, Mr. Bryant's residence and domicile are unchanged.

8.    (a)    Margaret Leahy (hereinafter referred to as **"Ms. Leahy"**) made the Wax Models and Wax Models – Mini referred to in paragraph 6(c) and 6(d) hereinabove wherein copyright subsist.

    (b)    Ms. Leahy made the Wax Models between the years 2000 and 2001 and Wax Models – Mini in 2001 in the State of California in the United States of America.

    (c)    (i)    Ms. Leahy was commissioned by MGA Inc. to make the Wax Models and Wax Models – Mini. At all material times, it was the understanding and agreement between MGA Inc. and Ms. Leahy that copyright subsisting in the Wax Models should vest in MGA Inc.

        (ii)    Pursuant to the understanding and agreement under the preceding sub-paragraph, Ms. Leahy entered into a confirmatory assignment in June 2003, which has been superseded by a re-confirmatory assignment entered into between MGA Inc. and Ms. Leahy in February 2004 (**"the Leahy 2004 Assignment"**). Now produced and shown to me marked as **"DG-10"** is a true copy of the Leahy 2004 Assignment.

        (iii)    By virtue of the aforesaid, MGA Inc. is the owner of the Wax Models and Wax Models – Mini and the copyright subsisting therein.

6

EXHIBIT    **122**

PAGE    **1015**

Confidential - Attorney's Eyes Only

MGA 0883849

(d)     At the time when the aforesaid copyright works were created, Ms. Leahy was a resident of the USA and was domiciled in the State of California in the USA. As at the date hereof, Ms. Leahy's residence and domicile are unchanged.

(e)     The Wax Models and Wax Models – Mini were respectively destroyed during the making of the Silicon Rubber Moulds and Silicon Rubber Moulds – Mini. The Silicon Rubber Moulds and Silicon Rubber Moulds – Mini being the negative of the Wax Models and Wax Models – Mini respectively, however, evidence the existence thereof.

9.   (a)     Jessie Ramirez (hereinafter referred to as **"Mr. Ramirez"**) made the Silicon Rubber Moulds, the Silicon Rubber Moulds – Mini, the PU Samples and the PU Samples – Mini referred to in paragraph 6(e), (f), (g) & (h) hereinabove wherein copyright subsist.

(b)     Mr. Ramirez made the Silicon Rubber Moulds and the PU Samples between the Years 2000 and 2001 in the State of California in the United States of America; Mr. Ramirez made the Silicon Rubber Moulds – Mini and the PU Samples – Mini in 2001 in the State of California in the United States of America.

(c)   (i)     Mr. Ramirez was commissioned by MGA Inc. to make the Silicon Rubber Moulds, the Silicon Rubber Moulds – Mini, the PU Samples and the PU Samples – Mini.   At all material times, it was the

7

EXHIBIT ____ 122 ____

PAGE ____ 1016 ____

Confidential - Attorney's Eyes Only

MGA 0883850

understanding and agreement between MGA Inc. and Mr. Ramirez that copyright subsisting in the Silicon Rubber Moulds, the Silicon Rubber Moulds – Mini, the PU Samples and the PU Samples – Mini should vest in MGA Inc.

(ii)     Pursuant to the understanding and agreement under the preceding sub-paragraph, Mr. Ramirez had entered into a confirmatory assignment on 16th June 2003.  Now produced and shown to me marked as **"DG-11"** is a true copy of the said confirmatory assignment.

(iii)    By virtue of the aforesaid, MGA Inc. is the owner of the Silicon Rubber Moulds, the Silicon Rubber Moulds – Mini, the PU Samples and the PU Samples – Mini and the copyright subsisting therein.

(d)    At the time when the aforesaid copyright works were created, Mr. Ramirez was a resident of the USA and is domiciled in the State of California in the USA.   As at the date hereof, Mr. Ramirez's residence and domicile are unchanged.

(e)    The Silicon Rubber Moulds and the Silicon Rubber Moulds – Mini were respectively destroyed during the making of the PU Samples and the PU Samples – Mini.  The PU Samples and the PU Samples – Mini being the negative of the Silicon Rubber Moulds and the Silicon Rubber Moulds – Mini respectively, however, evidence the existence of the Silicon Rubber Moulds and the Silicon Rubber Moulds – Mini and constitute true copies thereof.

8

EXHIBIT _____ 122 _____

PAGE _____ 1017 _____

Confidential - Attorney's Eyes Only                    MGA 0883851

10.  (a)   Anna Rhee (hereinafter referred to as **"Ms. Rhee"**) made the Décor-Masters referred to in paragraph 6(k) hereinabove wherein copyright subsist.

(b)   Ms. Rhee made the Décor-Masters between the Years 2000 and 2001 and in the State of California in the United States of America.

(c)   (i)   Ms. Rhee was commissioned by MGA Inc. to make the Décor-Masters.  At all material times, it was the understanding and agreement between MGA Inc. and Ms. Rhee that copyright subsisting in the Décor-Masters should vest in MGA Inc.

(ii)   Pursuant to the understanding and agreement under the preceding sub-paragraph, Ms. Rhee had entered into a confirmatory assignment on 12th June 2003, which has been superseded by a re-confirmatory assignment made between MGA Inc. and Ms. Rhee on 27th January 2004 (**"the Rhee 2004 Assignment"**).  Now produced and shown to me marked as **"DG-12"** is a true copy of the Rhee 2004 Assignment.

(iii)   By virtue of the aforesaid, MGA Inc. is the owner of the Décor-Masters and the copyright subsisting therein.

(d)   At the time when the aforesaid copyright works were created, Ms. Rhee was a resident of the USA and is domiciled in the State of California in the USA.  As at the date hereof, Ms. Rhee's residence and domicile are unchanged.

9

EXHIBIT ___122___

PAGE ___1018___

Confidential - Attorney's Eyes Only

MGA 0883852

## Design Process of BRATZ and Mini Bratz dolls

11.   (a)   As regards the BRATZ dolls, after making the Design Drawings exhibited hereto as "DG-1", which were created by Mr. Bryant using his own independent labour, skill and judgment, the Wax Models of the sculpting of the head, body parts and shoes of the BRATZ dolls were made by Ms. Leahy. The Wax Models were created by Ms. Leahy using her own independent skill, labour and judgement.  The Wax Models were then used to make the Silicon Rubber Moulds of the head, body parts and shoes of the BRATZ dolls.  The PU Samples were then made from the Silicon Rubber Moulds.  The Silicon Rubber Moulds and the PU Samples were created by Mr. Ramirez using his own independent skill, labour and judgement.

(b)   As regards the Mini Bratz, the design process is more or less the same as the full sized version.  Ms. Leahy was again commissioned to produce the Wax Models – Mini, which were used by Mr. Ramirez to produce the Silicon Rubber Moulds – Mini, and from the Silicon Rubber Moulds – Mini, the PU Samples – Mini of the head, body parts and shoes of the Mini Bratz were produced.

(c)   Ms. Rhee was commissioned to paint the facial decorations of the BRATZ dolls and Mini Bratz.  Based on the Pantone Colour Guides, she created the original décor-masters (which are hand-painted facial decorations on a rubber head sculpt of a doll) that were used to serve as the template from which the individual facial decorations of the original several different BRATZ dolls'

10

EXHIBIT ___122___

PAGE ___1017___

Confidential - Attorney's Eyes Only

MGA 0883853

and Mini-BRATZ dolls were thereafter mass produced by spray masking.

12.     The artistic works referred to in paragraph 6(a), (b), (c), (e), (g), (i), (j) and (k) hereinabove were first published in the USA in or about June 2001 when the BRATZ fashion dolls were first exhibited and offered for sale and the artistic works referred to in paragraph 6(d), (f) and (h) hereinabove were first published in the USA in or about March 2002 when the Mini Bratz dolls were first exhibited and offered for sale.

Sworn at  16380 Roscoe Boulevard)
          Van Nuys, California 91406  )
                               USA    )
                                      )
                                      )
this   7th  day of  October  2005.  )

Before me,

Joseph David Newcomb

Notary Public

This affidavit is filed for and on behalf of the Plaintiff.

11

EXHIBIT ___122___

PAGE ___1020___

Confidential - Attorney's Eyes Only

MGA 0883854

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                    Plaintiff

and

DOUBLE GRAND CORPORATION LIMITED    Defendant

**AFFIDAVIT OF DAPHNE GRONICH**

Filed on the          day of    17 OCT 2005      2005.

Messrs. William W. L. Fan & Co.
Solicitors,
Room 507, 5th Floor, Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel: 2110 2128       Fax: 2111 9336
WF-1921

12

EXHIBIT ____ 122

PAGE ____ 1021

Confidential - Attorney's Eyes Only

MGA 0883855

**EXHIBIT 123**

IN THE MATTER OF
SECTION 121 OF THE
COPYRIGHT ORDINANCE Cap. 528

IN THE MATTER OF
MGA ENTERTAINMENT INC.
MGA ENTERTAINMENT (H.K.) LIMITED

and

HUNGLAM TOYS COMPANY LIMITED

**************************

AFFIRMATION OF WAI LIM FAN

**************************

I, Wai Lim FAN of Room 507, Hang Seng Building, 77 Des Voeux Road Central,
Hong Kong do solemnly, sincerely and truly affirm and say as follows:-

1.   I am the founding partner of Messrs. William W. L. Fan & Co. of Room 507, 77 Des

Voeux Road Central, Hong Kong, solicitors for MGA Entertainment Inc. (formerly

known as ABC International Traders, Inc. trading as MGA Entertainment) of 16730

Schoenborn Street, North Hills, Ca 91343-6122, USA ("MGA US") and its affiliate

and manufacturing licensee MGA Entertainment (H.K.) Limited formerly known as

Micro Games of America (HK) Limited ("MGA HK"). I have the conduct of all litigation

in relation to and on behalf of MGA US and MGA HK and am duly authorised to make

this affirmation on behalves of both MGA US and MGA HK   Unless otherwise stated,

the facts and matters contained herein are true and they are either within my own

personal knowledge or gleaned from books records and files of or for MGA US or

MGAHK to which I have free access.  Insofar as facts and matters that do not fall

1

EXHIBIT ___123_____

PAGE ____1022_____

Confidential - Attorney's Eyes Only

MGA 0884577

within the aforesaid category, they are related to me by the respective sources stated hereinafter and are true to the best of my information and belief.

2.   MGA US was originally founded in 1979 as a consumer electronics business. In 1987, MGA US obtained exclusive rights to sell Nintendo hand held LCD games (Game Boy) in the USA and naturally, Game Boy was an instant success worldwide. This event paved way for MGA US to create innovative products for other best selling licenses, including Hello Kitty and Power Rangers. In 2002, MGA US added Spider-Man: The Movie and in 2003 MGA US added The Hulk to its already existing collection of licenses. MGA US is thus a successful and reputable company in the toy business. MGA US holds other licenses including licences from Marvel Characters, Inc., Atari Corporation and BVS Merchandising, Inc. (Disney). Now produced and shown to me marked exhibit "WLF-1" is a true copy of the corporate profile of MGA US downloaded from its website.

3.   Since 1987 MGA US has primarily concentrated and focused its efforts in the toy industry and as at the date hereof, MGA US has 8 product categories and they are smart toys, interactive dolls, handheld games, fashion dolls, youth electronics, music, licensed products and small dolls. In the years 2001 and 2002, MGA US's revenue exceeded US$98 million and US$225 million respectively. The projected revenue for the year 2003 is over US$650 million due to the success of a range of dolls known as BRATZ which is the subject matter of this action and will be dealt with in detail hereinafter. For the year 2002, the sale of BRATZ dolls and, accessories accounted for 69% of the total revenue of approximately US$225 million. MGA US forecasts that the sale of BRATZ dolls, and accessories for the year 2003 will account for 72%

2

EXHIBIT _____123_____

PAGE _____1023_____

Confidential - Attorney's Eyes Only

MGA 0884578

of the revenue of this year.

4.  Toys designed and marketed by MGA US have been the subject of numerous awards and prizes. However, the most successful toy designed and marketed by MGA US must be BRATZ dolls. For two consecutive years, MGA has won the toy industry's most prestigious award, The People's Choice Toy of the Year for Bratz-related toys. It has also won two consecutive Family Fun Toy of the Year award for Bratz-related toys. Additionally, in 2001 and 2002, Bratz-related toys won Today's toy tests.

**Ownership of Copyright Works by MGA US**

5.  I state that this affirmation is made on behalf of MGA US, the owner of the copyright subsisting in the artistic works as referred to and/or exhibited hereinbelow:-

(1) On 18th September 2000, MGA US entered into an agreement with Mr. Carter Bryant (hereinafter referred to as "Mr. Bryant") whereby Mr. Bryant designed and developed a line of dolls known as BRATZ (hereinafter referred to as "the Bryant Agreement"). Mr. Bryant was a graduate of Ottis College in fashion and toy design. Although BRATZ is a misspelling of the word "brats", the former was coined by MGA US not to denote naughty or spoilt children by to denote hip and cool young adolescent or teenage girls. This idea of hip and cool is born out in the design of the BRATZ dolls.

(2) Now produced and shown to me marked "WLF-2" is a true copy of the Bryant

3

EXHIBIT ___123___

PAGE ___1024___

Confidential - Attorney's Eyes Only

MGA 0884579

Agreement.  I beg to refer to clause 3 of the Bryant Agreement whereby all intellectual property rights including copyright subsisting in the works generated by Mr. Bryant shall be owned by MGA US.  Pursuant and prior to the Bryant Agreement and commission, Mr. Bryant initially designed a range of 4 girls  and subsequently extended the range by adding 1 more girl and 2 boys.  The designs of the BRATZ dolls are all original drawings created by Mr. Bryant using his own independent labour, skill and judgement.  At all material times, Mr. Bryant is a resident of and domiciled in the USA.

(3) Now produced and shown to me marked "WLF-3 " are true copies of 18 initial concept drawings of the first 4 BRATZ dolls designed by Mr. Bryant pursuant to the Bryant Agreement.  Now produced and shown to me marked "WLF-4" is a true copy of a sheet of paper setting out the initial concept and idea of the BRATZ dolls by Mr. Bryant.  The girls represent best friends in high school who love to trade clothes, shoes and hairdos.  Since these accessories are interchangeable, the dolls can look different every day.  The success of the BRATZ dolls ensured a lucrative business of supplying accessories to the owners of BRATZ dolls creating a steady stream of revenue.

(4) The artistic works exhibited as "WLF-3" were made on divers dates between 1998 and 2000 in the USA, the author thereof is one Carter Bryant as aforesaid and at all material times, he was a resident of and domiciled in the USA and the copies as exhibited are true copies of the said artistic works.

(5) The first 4 BRATZ dolls were given a name and a different ethnic origin so they

4

EXHIBIT ____123____

PAGE ____1025____

Confidential - Attorney's Eyes Only

MGA 0884580

could appeal to everyone in the targeted age group of girls between 5 and 14 years old. Cloe is Caucasian, Sasha is Black, Yasmin is Hispanic and Jade is Asian. Meygan the 5th female doll that was subsequently added to the range is a red-head.

(6) After making the design drawings exhibited as "WLF-3", wax models of the sculpting of the head, body parts and shoes of the BRATZ dolls were made by Margaret Leahy who is a freelance sculptor in or about winter 2000-2001. These wax models were created by Margaret Leahy using her own independent skill, labour and judgement. Margaret Leahy was commissioned by MGA US to make the said wax models for valuable consideration. At all material times, Margaret Leahy (the author of the said wax models) was a resident of and domiciled in the United States of America at all material times. It was the understanding and agreement between Margaret Leahy and MGA US that all intellectual property rights including copyright subsisting in the wax models shall belong to MGA US. Now produced and shown to me marked exhibit "WLF-5" being a true copy assignment of copyright executed by Margaret Leahy in favour of MGA US.

(7) The wax models were then used to make silicon rubber moulds of the head, body parts and shoes of the BRATZ dolls. The silicon rubber moulds were made under commission by Jessie Ramirez under valuable consideration in or about winter 2000-2001. These silicon rubber moulds were created by Jessie Ramirez (the author) using her own independent skill, labour and judgement. At all material times, Jessie Ramirez is a resident of and domiciled in the United States of America. It was the understanding and agreement between Jessie Ramirez and

5

EXHIBIT ____123____

PAGE ____1026____

Confidential - Attorney's Eyes Only

MGA 0884581

25-JUL-2003  20:22   FROM  WILLIAM W.L.FAN & YIP    TO  001181889507/1          P.13

MGA US that all intellectual property rights including copyright subsisting in the silicon rubber moulds shall belong to MGA US.  During the process of making the silicon rubber moulds the wax models were destroyed.

(8) Polyurethane samples were produced from the silicon rubber moulds.  The silicon rubber moulds have also been destroyed after the polyurethane samples were made.  These samples were necessary for the making of production moulds of the dolls.  I hereby refer to the polyurethane samples of the head sculpt and some body parts and shoes of the BRATZ dolls exhibited as "LSC-5" to the Affirmation of Lee Shiu Cheung filed on 18th June 2003 under HCA No. 1883 of 2003 "the said High Court Action") in support of an application for interlocutory injunction. MGA US and MGA HK are the Plaintiffs in the said High Court Action claiming for copyright infringement against one Double Grand Corporation Limited.  It was the understanding and agreement between Jesse Ramirez and MGA US that all intellectual property rights including copyright subsisting in the polyurethane samples shall belong to MGA US.  Now produced and shown to me marked "WLF-6" is the true copy assignment of copyright executed by Jesse Ramirez in favour of MGA US.

(9) The facial decorations and features of the BRATZ dolls are unique and much time, effort and monetary resources have been expended in perfecting them.  MGA US commissioned one Anna Rhee to design the facial decoration of the BRATZ dolls with the understanding and agreement that all intellectual property rights including copyright shall belong to MGA US.  At all material times, Anna Rhee (the author of the said facial decoration) is a resident of and domiciled in the

EXHIBIT ___123___

PAGE ___1027___

Confidential - Attorney's Eyes Only

MGA 0884582

United States of America.

(10) Based on and originated from the initial concept drawings of Mr. Bryant, Anna
Rhee drew some decoration directions for the facial decorations for different
series of dolls. She then created the original deco masters which are hand-
painted facial decorations on a rubber head sculpt of a doll. With the input of Mr.
Bryant, Ms. Rhee revised the deco masters a number of times until they are
perfected being the final version that were used to serve as the benchmark and
template from which the original four different Bratz dolls' individual facial
decorations are mass produced by spray masking. I hereby refer to the pile of
decoration directions (inclusive those on the 2001 Fall series) exhibited as
"LSC-8" in the said Affirmation and the deco masters for the 2001 Fall Series
exhibited as "LSC-9a to 9d" and a bundle of documents setting out the various
changes during the design process made by Anna Rhee from the initial concept
drawings of Mr. Bryant and the said bundles is exhibited as "LSC-10" in the said
Affirmation. The artistic works exhibited as "LSC-8" were made in winter 2000-
2001 and the artistic works exhibited as "LSC-9a to 9d" were made in about
winter 2000-2001.

(11) This is now produced and shown to me marked exhibit "WLF-7" being a true
copy of the assignment of copyright executed by Anna Rhee in favour of MGA
US.

(12) The first 4 BRATZ dolls were first published in the United States of America in
November 2001 (2001 Fall Series) when they were offered for sale to the general

EXHIBIT ____123____

PAGE ____1028____

Confidential - Attorney's Eyes Only

MGA 0884583

25-JUL-2003  20:23  FROM  WILLIAM W.L.FAN & CO TO  00118188950771  P.15

public. I hereby refer to the samples of the first 4 BRATZ dolls in their packaging exhibited as "LSC-11a to d" to the said Affirmation.

(13) MGA US had obtained certificate of registration of copyright of the first 4 Bratz dolls on 18th June 2001. This is now produced and shown to me marked exhibit "WLF-8" being a true copy of each of the certificates of registration.

6.    There is also now produced and shown to me marked exhibit "WLF-9" being the true copy of the writ of summons issued by MGA US against Hunglam Toys Company Limited under HCA No. 2687 of 2003 on 22nd July 2003.

Affirmed at *the office of* )
*Messrs . C. L. Chou &* )
*Macksion Chan, Solicitors* )
                        )
this 24th day of July 2003.   )

Before me,

Chan Yiu Chee
Solicitor, Hong Kong SAR
C.L. Chow & Macksion Chan, Solicitors
Solicitor

8

EXHIBIT ___123___

PAGE ___1028___

Confidential - Attorney's Eyes Only

MGA 0884584

IN THE MATTER OF
SECTION 121 OF THE
COPYRIGHT ORDINANCE Cap. 528

IN THE MATTER OF
MGA ENTERTAINMENT INC.
MGA ENTERTAINMENT (H.K.) LIMITED

and

HUNGLAM TOYS COMPANY LIMITED

*********************************************************

AFFIRMATION OF WAI LIM FAN

*********************************************************

Dated the 24th day of July 2003.

William W. L. Fan & Co.
Solicitors

Room 507, Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel: 2110 2128    Fax: 2111 9336
Ref: WF-2015-RC

9

EXHIBIT _____ 123 _____

PAGE _____ 1029 _____

Confidential - Attorney's Eyes Only

MGA 0884585

29 JUL 2003  20:24  FROM WILLIAM W.L.FAN & CO  TO  00118180950771                    P.17

<table>
<tr><td>To be filled in by Complainant</td><td></td><td>IPR Form<br>A<br>Ref:CP0002</td></tr>
</table>

To      :    Hong Kong Trade Development Council

Dear Sirs,

### HK Houseware Fair and Gift Fair/July '03

It has come to our attention that the following item(s) currently displayed by the exhibitor **Hunglam Toys Co., Ltd.** at the booth location of **7P43** infringes our intellectual property right.   Details of our right and the infringement are as follows:

Intellectual Property Right :   Copyright

Infringing Items(s):        Series of Fashion Dolls "SCAMPZ"

**We hereby request that you require the Exhibitor to cease displaying and all dealings in the infringing item(s) from its stands and booths at the Fair.**

In consideration of your making a request, as requested by us, to the Exhibitor to cease displaying the item(s) and other good and valuable consideration (the adequacy and receipt whereof are hereby acknowledged), we irrevocably undertake to indemnify yourselves on demand against any and all liabilities, losses, damages, costs, fees and expenses of any nature whatsoever incurred or suffered by yourselves as a result of or howsoever arising out of any requests, directions or instructions made or given by us.   Further, we irrevocably undertake not to take any legal action against yourselves in relation to infringement of our intellectual property right(s).

This letter shall be governed by the laws of Hong Kong.

Yours faithfully,
For and on behalf of
**MGA Entertainment Inc.** :

Signature    _____    for and on behalf of
                                          M/s Norman N.C. Jau's Co.
                                          Secretary

Name :    **MGA Entertainment Inc.**
          **(Buyer)**

Date :    24/7/03 .

(IPR:Form A-E)

Confidential - Attorney's Eyes Only

EXHIBIT ____123____

PAGE ____1030____

MGA 0884586

JUL-24-2003  20:21  FROM WILLIAM W.L.FAN & CO                     TO  00110100950771       P.16

To be filled in by recipient of the complaint

IPR Form
**B2**
Ref: GP002

Date     :     _July 24, 2003_

To       :     Hong Kong Trade Development Council

Dear Sirs,

### HK Houseware Fair and Gift Fair/July '03
### Alleged Intellectual Property Infringement Case Undertaking

We hereby acknowledge receipt of your letter dated _July 24, 2003_ regarding an alleged intellectual property infringement case.   In this regard, please note the following :

*(Please tick one box)*

☐    We agree to withdraw the concerned infringing item(s) immediately and will not display or deal in any such item(s) again for the rest of the fair period.   We are aware that the Organizer (Hong Kong Trade Development Council) will impose sanctions on our company and immediately terminate our right of participation in the Exhibition as stated in the Exhibitors' Brief and related circulars should the Organizer find us to be in breach of this undertaking.

☑    We will continue to display the concerned infringing item(s) and we are aware of the possible consequences as outlined in the standard circular.

Yours faithfully,

*For and on behalf of*

Name : _Kwok Y/A Kwan_

HKJD/Passport No.(Country) : _K66766(6)_____ ( _H.K._ )

Company Name : **Hunglam Toys Co., Ltd.**

Booth No  : **7P43**

EXHIBIT ___123___

PAGE ___1031___

Confidential - Attorney's Eyes Only                                    MGA 0884587

25-JUL-2003  20:25   FROM  WILLIAM W.L.FAN & CO   TO   0011818B950771        P.19

| To be filled in by Complainant | | IPR Form **A** Ref:GF0034 |

To       :     Hong Kong Trade Development Council

Dear Sirs,

### HK Houseware Fair and Gift Fair/July '03

It has come to our attention that the following item(s) currently displayed by the exhibitor **Uni-Fortune Toys Industrial Ltd.** at the booth location of **7P12** infringes our intellectual property right.  Details of our right and the infringement are as follows:

Intellectual Property Right :    Copyright

Infringing Items(s):          Series of Fashion Dolls "GLITTER GIRLS"

**We hereby request that you require the Exhibitor to cease displaying and all dealings in the infringing item(s) from its stands and booths at the Fair.**

In consideration of your making a request, as requested by us, to the Exhibitor to cease displaying the item(s) and other good and valuable consideration (the adequacy and receipt whereof are hereby acknowledged), we irrevocably undertake to indemnify yourselves on demand against any and all liabilities, losses, damages, costs, fees and expenses of any nature whatsoever incurred or suffered by yourselves as a result of or howsoever arising out of any requests, directions or instructions made or given by us.  Further, we irrevocably undertake not to take any legal action against yourselves in relation to infringement of our intellectual property right(s).

This letter shall be governed by the laws of Hong Kong.

Yours faithfully,
For and on behalf of
**MGA Entertainment Inc.** :

Signature

Name :    **MGA Entertainment Inc.**        *for and on behalf of*
              **(Buyer)**                              *M/S Fortune Toys Ind'l Co*
                                                          *Section :*

Date :         24/7/03

(IPR:FormA-E)

EXHIBIT     123

PAGE        1032

Confidential - Attorney's Eyes Only

MGA 0884588

25-JUL-2003  20:25  FROM  WILLIAM W.L.FAN & CO.  TO  001181889507/1      P.20

> To be filled in by recipient of the complaint

IPR Form
**B2**
Ref:GP0004

Date      :      _July 24, 2003_

To        :      Hong Kong Trade Development Council

Dear Sirs,

## HK Houseware Fair and Gift Fair/July '03
## Alleged Intellectual Property Infringement Case Undertaking

We hereby acknowledge receipt of your letter dated _July 24, 2003_ regarding an alleged intellectual property infringement case.   In this regard, please note the following :

*(Please tick one box)*

☑ We agree to withdraw the concerned infringing item(s) immediately and will not display or deal in any such item(s) again for the rest of the fair period.   We are aware that the Organizer (Hong Kong Trade Development Council) will impose sanctions on our company and immediately terminate our right of participation in the Exhibition as stated in the Exhibitors' Brief and related circulars should the Organizer find us to be in breach of this undertaking.

☐ We will continue to display the concerned infringing item(s) and we are aware of the possible consequences as outlined in the standard circular.

Yours faithfully,

_For and on behalf of_

Name :      _Ho Sin Ng_

HKID/Passport No.(Country) :    _C67506P(7)          (  HK  )_

Company Name : **Uni-Fortune Toys Industrial Ltd.**

Booth No  : **7P12**

EXHIBIT _____123____

PAGE _____1033____

Confidential - Attorney's Eyes Only

MGA 0884589

25-JUL-2003  20:25   FROM  WILLIAM W.L.FAN & CP TO  001181889507m   P.21

| To be filled in by Complainant | IPR Form<br>**A**<br>Ref:GP0052 |
|---|---|

To      :      Hong Kong Trade Development Council

Dear Sirs,

### HK Houseware Fair and Gift Fair/July '03

It has come to our attention that the following item(s) currently displayed by the exhibitor **Golden Pride (Hong Kong) Ltd.** at the booth location of **7K06** infringes our intellectual property right.   Details of our right and the infringement are as follows:

Intellectual Property Right :   Copyright

Infringing Items(s):          Series of Fashion Dolls "FASHION DOLLS
                                   (FEMALE)" and
                              "FASHION TEEN"

**We hereby request that you require the Exhibitor to cease displaying and all dealings in the infringing item(s) from its stands and booths at the Fair.**

In consideration of your making a request, as requested by us, to the Exhibitor to cease displaying the item(s) and other good and valuable consideration (the adequacy and receipt whereof are hereby acknowledged), we irrevocably undertake to indemnify yourselves on demand against any and all liabilities, losses, damages, costs, fees and expenses of any nature whatsoever incurred or suffered by yourselves as a result of or howsoever arising out of any requests, directions or instructions made or given by us.   Further, we irrevocably undertake not to take any legal action against yourselves in relation to infringement of our intellectual property right(s).

This letter shall be governed by the laws of Hong Kong.

Yours faithfully,
For and on behalf of
**MGA Entertainment Inc.** :

Signature    _____

Name :   **MGA Entertainment Inc.**
         **(Buyer)**

Date :   _____

(IPR:FormA-E)

EXHIBIT ___123___

PAGE ___1034___

Confidential - Attorney's Eyes Only

MGA 0884590

25-JUL-2003 20:26 FROM WAETAM W.L.FAN & CO. TO 001181889507711 P.22

| To be filled in by recipient of the complaint | | IPR Form **B2** Ref: GP0052 |

Date : July 25, 2003

To : Hong Kong Trade Development Council

Dear Sirs,

## HK Houseware Fair and Gift Fair/July '03
## Alleged Intellectual Property Infringement Case Undertaking

We hereby acknowledge receipt of your letter dated _____
regarding an alleged intellectual property infringement case. In this regard, please note the following :

*(Please tick one box)*

☑ We agree to withdraw the concerned infringing item(s) immediately and will not display or deal in any such item(s) again for the rest of the fair period. We are aware that the Organizer (Hong Kong Trade Development Council) will impose sanctions on our company and immediately terminate our right of participation in the Exhibition as stated in the Exhibitors' Brief and related circulars should the Organizer find us to be in breach of this undertaking.

☒ We will continue to display the concerned infringing item(s) and we are aware of the possible consequences as outlined in the standard circular.

Yours faithfully,


_C. Hui Sui Chun_
For and on behalf of

Name : _____

HKID/Passport No.(Country) : _____ ( )

Company Name : **Golden Pride (Hong Kong) Ltd.**

Booth No : **7K06**

EXHIBIT ___123___

PAGE ___1035___

Confidential - Attorney's Eyes Only

MGA 0884591

25-JUL-2003  20:26   FROM  WILLIAM W.L.FAN & CO  TO  00118188950771          P.23

To be filled in by recipient of the complaint

IPR Form
**B2**
Ref: GP0054

Date    :    July 25, 2003

To      :    Hong Kong Trade Development Council

Dear Sirs,

### HK Houseware Fair and Gift Fair/July '03
### Alleged Intellectual Property Infringement Case Undertaking

We hereby acknowledge receipt of your letter dated _____
regarding an alleged intellectual property infringement case.    In this regard, please
note the following :

*(Please tick one box)*

☑    We agree to withdraw the concerned infringing item(s) immediately and will not
      display or deal in any such item(s) again for the rest of the fair period.    We are
      aware that the Organizer (Hong Kong Trade Development Council) will impose
      sanctions on our company and immediately terminate our right of participation in
      the Exhibition as stated in the Exhibitors' Brief and related circulars should the
      Organizer find us to be in breach of this undertaking.

☐    We will continue to display the concerned infringing item(s) and we are aware of
      the possible consequences as outlined in the standard circular.

Yours faithfully,

*For and on behalf of*

Name : _____ 苏 永群  Su Hong Quan.

HKID/Passport No.(Country) : _____ (        )

Company Name : **Centrepoint (HK) Toys Co.**

Booth No  : **R6G04**

EXHIBIT _____ 123

PAGE _____ 1036

Confidential - Attorney's Eyes Only                    MGA 0884592

25-JUL-2003  20:26   FROM  WILLIAM W.L.FAN & CO   TO  00118188950771        P.24

| To be filled in by Complainant | | IPR Form **A** Ref:GP0054 |

To        :     Hong Kong Trade Development Council

Dear Sirs,

### HK Houseware Fair and Gift Fair/July '03

It has come to our attention that the following item(s) currently displayed by the exhibitor **Centrepoint (HK) Toys Co.** at the booth location of **R6G04** infringes our intellectual property right.   Details of our right and the infringement are as follows:

Intellectual Property Right :   Copyright

Infringing Items(s):         - Series of Fashion Dolls "ANGELS" - "MEGAN"
                                        (products + packaging)
                             - Doll "Beautiful"    (packaging)

**We hereby request that you require the Exhibitor to cease displaying and all dealings in the infringing item(s) from its stands and booths at the Fair.**

In consideration of your making a request, as requested by us, to the Exhibitor to cease displaying the item(s) and other good and valuable consideration (the adequacy and receipt whereof are hereby acknowledged), we irrevocably undertake to indemnify yourselves on demand against any and all liabilities, losses, damages, costs, fees and expenses of any nature whatsoever incurred or suffered by yourselves as a result of or howsoever arising out of any requests, directions or instructions made or given by us.   Further, we irrevocably undertake not to take any legal action against yourselves in relation to infringement of our intellectual property right(s).

This letter shall be governed by the laws of Hong Kong.

Yours faithfully,
For and on behalf of
**MGA Entertainment, Inc.** :

Signature         _____

Name :     **MGA Entertainment Inc.**
                   **(Buyer)**

Date :     _____

(IPR:Form A-1:)

EXHIBIT _____ 123

PAGE _____ 1037

Confidential - Attorney's Eyes Only

MGA 0884593

25-JUL-2003  20:27   FROM  WILLIAM W.L.FAN & #:90690 TO  0011818895077   P.25

**SCAMPZ**



EXHIBIT _____ 123

PAGE _____ 1038

Confidential - Attorney's Eyes Only

MGA 0884594

Glitter Girls



EXHIBIT  123

PAGE  1039

Confidential - Attorney's Eyes Only

MGA 0884595



Fashion Dolls (Female) & Fashion Teen

EXHIBIT ____ 123 ____

PAGE ____ 1046

Confidential - Attorney's Eyes Only

MGA 0884596



"Angels" – "Megan" (products + packaging) – Doll "Beautiful" (packaging)

EXHIBIT 123
PAGE 1041

Confidential - Attorney's Eyes Only

MGA 0884597