```
 1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
 2    (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
 3    (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
 4    (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
 5  Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
 6  Facsimile:  (213) 443-3100

 7  Attorneys for Plaintiff and Counter-Defendant
    Mattel, Inc.
 8
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| MATTEL, INC., | CASE NO. CV 04-9059 SGL (RNBx) |
|---|---|
| Plaintiff, | DECLARATION OF JON D. COREY IN SUPPORT OF MEMORANDUM OF PLAINTIFF AND COUNTER-CLAIMANT MATTEL, INC. IN RESPONSE TO ORDER TO SHOW CAUSE WHY CASE NOS. 04-9049, 04-9059 AND 05-2727 SHOULD NOT BE CONSOLIDATED |
| v. | |
| CARTER BRYANT et al., | |
| Defendants, | |
| CARTER BRYANT, | Hon. Stephen G. Larson |
| Counter-Claimant, | Hearing Date:  June 26, 2006<br>Time:  10:00 a.m.<br>Courtroom:  1 |
| v. | |
| MATTEL, INC., | Discovery Cutoff:  None set<br>Pretrial Conf. Date:  None set<br>Trial Date:  None set |
| Counter-Defendant. | |

07209/1895515.1



**COPY**

# DECLARATION OF JON D. COREY

I, Jon D. Corey, declare as follows:

1. I am a member of the Bar of the State of California and the District of Columbia, am admitted to practice before this Court and am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of Mattel's Complaint in this action, which was filed on April 27, 2004 in Los Angeles County Superior Court and was personally served on Carter Bryant on April 30, 2004. Attached as Exhibit A to the Complaint is a true and correct copy of the Mattel Employee Confidential Information and Inventions Agreement signed by Carter Bryant on January 4, 1999. In the Employee Agreement, Bryant agreed that he would not, without Mattel's express written consent, "engage in any employment or business other than for [Mattel], or invest in or assist (in any manner) any business competitive with the business or future business plans of [Mattel]." In addition, Bryant assigned to Mattel all right, title and interest in "inventions," including without limitation "designs," that he conceived, created or reduced to practice during his employment by Mattel.

3. As set forth in the Complaint, in late November 2003, Mattel obtained a copy of a contract between Bryant and a Mattel competitor, MGA Entertainment, Inc. ("MGA"). That contract--which Bryant and MGA had entered into while Bryant was employed by Mattel--required Bryant to provide design services to MGA on a "top priority" basis. It also purported to grant MGA ownership of works produced by Bryant, both before and after the agreement's effective date. Attached as Exhibit 2 is a true and correct copy of the contract

1 | between Bryant and MGA (as obtained by Mattel). Both MGA and Bryant
2 | produced partial copies of this agreement on August 12, 2004.

3 |     4.    On March 2, 2005, Judge Manella issued an order denying
4 | Mattel, Inc.'s Motion to Remand. A true and correct copy of that Order is attached
5 | as Exhibit 3.

6 |     5.    Attached as Exhibit 4 is a true and correct copy of the Stipulation
7 | Permitting MGA to Intervene as a Party in the Mattel, Inc. v. Bryant case (No. 04-
8 | 9059).

9 |     6.    On November 2, 2004, Bryant filed a declaratory relief case
10 | against Mattel. A true and correct copy of the Complaint that Bryant filed is
11 | attached as Exhibit 5.

12 |     7.    On April 13, 2005, more than a year after Mattel first filed the
13 | Bryant case, MGA filed suit against Mattel alleging a variety of claims, including
14 | false designation of origin, unfair competition, dilution and unjust enrichment. A
15 | true and correct copy of the Complaint that MGA filed is attached as Exhibit 6.

16 |     8.    The Bryant Case and the Unfair Competition Cases are at
17 | different stages of preparation. Discovery has commenced in the Bryant Case and,
18 | given the narrow scope of those claims, can be completed promptly. The parties
19 | have taken eight depositions, including the deposition of the defendant. The parties
20 | have engaged in the early meeting of counsel and provided their respective initial
21 | disclosures. The parties have collectively served and responded to five sets of
22 | interrogatories, eight sets of requests for production of documents and tangible
23 | items, and four sets of requests for admissions. In addition, the parties have served
24 | 26 third-party subpoenas.
25 | / / /
26 | / / /
27 | / / /
28 | / / /

07209/1895515.1

9. Attached as Exhibit 7 is a true and correct copy of the Cross-Complaint dated August 24, 2004, that Bryant filed before the case was removed to federal court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 5, 2006, at Los Angeles, California.

_____
Jon D. Corey

07209/1895515.1