# Exhibit 45

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, AN INDIVIDUAL, | ) )  ) CASE NO. |
| PLAINTIFF, | ) CV 04-9049 SGL(RNBX) ) |
| V. | ) CONSOLIDATED WITH ) CASE NO. 04-9059 |
| MATTEL, INC., A DELAWARE CORPORATION, | )         AND ) CASE NO. 05-2727 ) |
| DEFENDANT. | ) ) |
| AND CONSOLIDATED ACTION(S) | ) ) ) |

CONFIDENTIAL ATTORNEY'S EYES ONLY VIDEOTAPED DEPOSITION OF M.G.A. ENTERTAINMENT, INC., PURSUANT TO RULE 30(B)(6) (LISA TONNU, VOLUME IV), TAKEN ON BEHALF OF MATTEL, INC., AT 865 SOUTH FIGUEROA STREET, 2ND FLOOR, LOS ANGELES, CALIFORNIA, COMMENCING AT 9:25 A.M., THURSDAY, JANUARY 17, 2008, BEFORE PAULA A. PYBURN, C.S.R. 7304, R.P.R., C.L.R.

733

```
 1   APPEARANCES OF COUNSEL:
 2   FOR M.G.A. ENTERTAINMENT, INC.:
 3    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
      BY:  CARL ALAN ROTH, ESQ.
 4    BY:  RYAN WEINSTEIN, ESQ.
      300 SOUTH GRAND AVENUE
 5    LOS ANGELES, CALIFORNIA 90071-3144
      (213) 687-5000
 6    CROTH@SKADDEN.COM
      RWEINSTE@SKADDEN.COM
 7
 8   FOR DEFENDANT MATTEL, INC.:
 9    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      BY:  JON D. COREY, ESQ.
10    BY:  DIANE HUTNYAN, ESQ.
           (WHERE INDICATED)
11    865 SOUTH FIGUEROA STREET
      2ND FLOOR
12    LOS ANGELES, CALIFORNIA 90017-2543
      (213) 443-3000
13    JONCOREY@QUINNEMANUEL.COM
      DIANEHUTNYAN@QUINNEMANUEL.COM
14
15   FOR CARTER BRYANT:
16    KEKER & VAN NEST LLP
      BY:  AUDREY WALTON-HADLOCK, ESQ.
17    710 SANSOME STREET
      SAN FRANCISCO, CALIFORNIA 94111-1704
18    (415) 391-5400
      AWALTONHADLOCK@KVN.COM
19
20   ALSO PRESENT:
21    CRAIG HOLDEN, M.G.A. ENTERTAINMENT, INC.
           (WHERE INDICATED)
22    STEVEN TOGAMI, J.T.V. LITIGATION SERVICES, INC.
23
24
25
```

734

| | | |
|---|---|---|
| 1 | A. RIGHT. | |
| 2 | Q. WHAT'S YOUR BEST ESTIMATE? | |
| 3 | MR. ROTH: OBJECTION; CALLS FOR SPECULATION. | |
| 5 | THE WITNESS: I DON'T -- I DON'T KNOW THE EXACT PERCENTAGE. | 11:26:01 |
| 7 | BY MR. COREY: | |
| 8 | Q. DO YOU KNOW THE PERCENTAGE BETWEEN -- THAT THE LARIAN FAMILY TRUST, THE ISAAC LARIAN GRANTOR ANNUITY TRUST, AND THE ANGELA LARIAN GRANTOR ANNUITY TRUSTS TOGETHER OWN? | 11:26:13 |
| 12 | A. YES. | |
| 13 | Q. WHAT IS THAT? | |
| 14 | A. 81.82 PERCENT. | |
| 15 | Q. 81-POINT -- | 11:26:23 |
| 16 | A. -82. | |
| 17 | Q. AND THE BALANCE IS OWNED IN SOME PROPORTION BY THE MAKABI FAMILY TRUST, THE MR. MAKABI GRANTOR ANNUITY TRUST AND THE SHIRIN MAKABI GRANTOR ANNUITY TRUST; CORRECT? | 11:26:46 |
| 21 | A. YES. | |
| 22 | Q. AND HOW LONG HAS THAT BEEN THE PROPORTION OF OWNERSHIP? | |
| 24 | A. SINCE I'VE BEEN WITH THE COMPANY. | |
| 25 | Q. SO THE ENTRIES RELATING TO MR. LARIAN ON | 11:26:57 |

Exhibit 45, P. 938

816

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

```
1   STATE OF CALIFORNIA    )
                           ) SS.
2   COUNTY OF RIVERSIDE    )
```

3       I, PAULA A. PYBURN, CERTIFIED SHORTHAND

4   REPORTER, CERTIFICATE NUMBER 7304, R.P.R., C.L.R., FOR

5   THE STATE OF CALIFORNIA, HEREBY CERTIFY:

6       THE FOREGOING PROCEEDINGS WERE TAKEN BEFORE ME

7   AT THE TIME AND PLACE THEREIN SET FORTH, AT WHICH TIME

8   THE WITNESS WAS PLACED UNDER OATH BY ME;

9       THE TESTIMONY OF THE WITNESS AND ALL OBJECTIONS

10  MADE AT THE TIME OF THE EXAMINATION WERE RECORDED

11  STENOGRAPHICALLY BY ME AND WERE THEREAFTER TRANSCRIBED;

12      THE FOREGOING TRANSCRIPT IS A TRUE AND CORRECT

13  TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

14      I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR

15  NOR RELATED TO ANY PARTY TO SAID ACTION NOR IN ANY WAY

16  INTERESTED IN THE OUTCOME THEREOF.

17      IN WITNESS WHEREOF, I HAVE HEREUNTO SUBSCRIBED

18  MY NAME THIS 23rd DAY OF JANUARY, 2008.

19

20      _____
            Paula A. Pyburn (signature)
21

Exhibit 45, P. 939

81

# Exhibit 46

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>Hon. Stephen G. Larson<br><br>SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF INTERROGATORIES TO MATTEL, INC. |

PROPOUNDING PARTY: MGA ENTERTAINMENT, INC.

RESPONDING PARTY: MATTEL, INC.

SET NO.: ONE (1)

**ATTORNEY'S EYES ONLY --**

**SUBJECT TO PROTECTIVE ORDER**

07209/2267105.11

SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 46,
P. 940

breach of contract and other misconduct or as a result of work that they performed for any Mattel competitor, including without limitation counter-defendant MGA, during their Mattel employment; (d) the value of Mattel assets, resources, opportunities and/or property, including intellectual property, that Bryant and Machado converted, diverted from Mattel or otherwise improperly used or usurped; (e) the value of confidential, proprietary or trade secret information and intellectual property owned by Mattel that Bryant or Machado provided to any Mattel competitor, including without limitation counter-defendant MGA, in violation of their obligations to Mattel; (f) compensation paid by Mattel to Bryant and Machado during Bryant's and Machado's periods of disloyalty; (g) disgorgement of any profits or other benefit, or its value, or its proceeds, derived or obtained by counter-defendants as a result of their misconduct including, without limitation, all profits obtained by counter-defendants that are attributable to the infringement of Mattel's copyrights, their breaches of duty to Mattel or other unlawful or improper conduct; (h) the lost profits that Mattel suffered as a result of counter-defendants' misconduct; (i) damages for the actual loss caused by defendants' misappropriation of Mattel's trade secrets and/or the value of the Mattel trade secrets misappropriated by counter-defendants; (j) restitution of all amounts received by counter-defendants as a result of their misconduct; (k) all unjust enrichment obtained by counter-defendants as a result of their misconduct; (l) damages from Larian's misrepresentations and disparagement of Mattel's products; (m) a reasonable royalty for Mattel trade secrets misappropriated by counter-defendants, (n) exemplary damages to which Mattel is entitled as a result of counter-defendants' oppressive, fraudulent and malicious conduct; (o) any profits and the value of any other benefits that others acting in concert with counter-defendants derived or obtained as a result of counter-defendants' misconduct; (p) costs and attorneys' fees; and (q) all other damages and relief sought in Mattel's Complaint.

1  production that MGA only recently corrected. Furthermore, despite prior Court
2  Order directing MGA to provide documents in unredacted form, MGA has failed to
3  comply and thus continues to deny Mattel information that the Court has ruled
4  Mattel is entitled to. The review of MGA's, Bryant's and other Defendants' belated,
5  and still incomplete, productions continues. Mattel reserves the right to supplement
6  this response consistent with Federal Rule of Civil Procedure 26(e).

7  Subject to and without waiving the foregoing general and specific
8  objections, Mattel responds as follows: See response to Interrogatory No. 10.

9  By way of further answer, this topic may be the subject of expert
10 testimony, which will be disclosed in the manner, and at the time, required for
11 expert disclosures pursuant to the Federal and Local Rules.

12 Mattel continues its factual investigation and currently has outstanding
13 discovery requests to Bryant and to MGA, as well as motions to compel Bryant and
14 MGA to disclose information relevant to this subject. Mattel reserves the right to
15 supplement this response and, consistent with its obligations under Federal Rule of
16 Civil Procedure 26(e), Mattel will supplement this response if Mattel receives
17 additional responsive information.

DATED: December 7, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
B. Dylan Proctor
Attorneys for Plaintiff Mattel, Inc.

07209/2267105.11

-117-
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S FIRST SET OF INTERROGATORIES

Exhibit 46,
P. 942