**Exhibit 100**

# THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Exhibit 101

1                UNITED STATES DISTRICT COURT

           CENTRAL DISTRICT OF CALIFORNIA

2                    EASTERN DIVISION

3

4    CARTER BRYANT, an individual,

5              Plaintiff,

                              CASE NO.

6         vs.                 CV 04-9040 SGL(RNBx)

                              Consolidated with

7                             Case No. CV 04-09059

                              Case No. CV 05-02727

8

    MATTEL, INC., a Delaware

9    corporation,

10             Defendant.

11

    _____

12   AND CONSOLIDATED ACTIONS

    _____

13

14

15        DEPOSITION OF ROBERT ALLEN TONNER

16            New York, New York

17          Friday, March 21, 2008

18

19

20

21   Reported by:

    Steven Neil Cohen, RPR

22

23   JOB NO. 84793

24

25

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

Exhibit 101,
P. 307

ROBERT ALLEN TONNER

03/21/08

Page 2

```
 1              March 21, 2008

 2                10:00 a.m.

 3

 4         Videotaped Deposition of ROBERT

 5  ALLEN TONNER, taken by Defendant, pursuant

 6  to stipulation, at the offices of Quinn

 7  Emanuel Urquhart Oliver & Hedges, LLP, 51

 8  Madison Avenue, New York, New York, before

 9  Steven Neil Cohen, a Registered Professional

10  Reporter and Notary Public of the State of

11  New York.

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Exhibit lol ,
P. 308

ROBERT ALLEN TONNER

03/21/08

Page 3

```
 1                      APPEARANCES

 2

 3    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

 4    Four Times Square

 5    New York, New York 10036

 6           Attorneys for MGA and Robert Allen

 7           Tonner

 8    BY:   KENNETH A. PLEVAN

 9

10    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

11    865 South Figueroa Street

12    10th Floor

13    Los Angeles, California 90017

14

              Attorneys for Defendant

15

      BY:   JON COREY, ESQ.

16

17

18    ALSO PRESENT:

19           Thomas DelVecchio, Videographer

20

21

22

23

24

25
```

Exhibit 101,
P. 309

ROBERT ALLEN TONNER

03/21/08

Page 115

1      Q.    Do you know whether Mattel was

2   given an opportunity to take Bratz to

3   market?

4      A.    From my understanding, no, it was

5   never offered to Mattel.

6      Q.    So you really don't know the

7   answer to that question.  It is an abstract

8   proposition?

9      A.    Yes.  Well -- could you repeat it?

10     Q.    Sure.

11        You don't know whether Mattel

12  could have done this or not because it was

13  never given the opportunity; is that

14  correct?

15     A.    My opinion is they -- they --

16  yes -- no, they couldn't have done it.

17        Based on their company culture

18  they couldn't have done it or wouldn't have

19  done it, I think, is a better word.

20     Q.    How do you know about their

21  company culture?

22     A.    It is just years in the

23  marketplace, you know, reading what I can

24  about what goes on in different companies,

25  talking to Mattel people when I got the

Exhibit 101,
P. 310

ROBERT ALLEN TONNER

1    chance about that, people that were there,

2    not there and -- meaning people that had

3    once worked there and that weren't there

4    now, how the culture changed.

5          I had a very good friend who

6    passed away but she worked for Mattel in the

7    early 1960s and she talked about how the

8    company was back then and how it grew to

9    change.

10         It is that sort of thing.

11         MR. COREY:  I will have this

12      marked as 4502.

13         (Expert Report was marked

14      Exhibit 4502 for identification)

15   BY MR. COREY:

16         Q.    Has anyone told you -- from Mattel

17   told you that they would not do or could not

18   do Bratz?

19         A.    Specifically Bratz, no.

20         Q.    Have they told you something

21   similar to that?

22         A.    You know what, I wouldn't be able

23   to answer that.

24         You know, I have talked to

25   different Mattel employees over the years,

Exhibit _101_

P. _311_

ROBERT ALLEN TONNER                                          03/21/08

| | |
|---|---|
| 12:57:09 | 1 |

A.      It would not change my opinion

2      about the -- where the idea came from, no.

3          Q.      Your opinion would continue to be

4      that that is a plausible creation story?

12:57:22   5          A.      Correct.

6          Q.      Have you been shown any of the

7      expert reports that Mattel submitted dating

8      the drawings?

9          A.      No.

12:57:40  10          Q.      Have you been told that MGA took

11      steps to conceal that Carter Bryant was the

12      creator of Bratz?

13          A.      No.

14          Q.      Would that change your opinion if

12:57:53  15      that were true?

16          A.      No.

17          Q.      When did you first learn that

18      Carter Bryant created Bratz?

19          A.      When we started talking about this

12:58:04  20      case, with the prior law firm.

21          Q.      With O'Melveny & Myers?

22          A.      Right.

23          Q.      You didn't know before you talked

24      to Ms. Cendali that he was the creator of

12:58:16  25      Bratz?

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

Exhibit 101
P. 212

ROBERT ALLEN TONNER

03/21/08

Page 306

1                          CERTIFICATE

2      STATE OF NEW YORK )

                        :  Ss

3      COUNTY OF NEW YORK)

4              I, Steven Neil Cohen, a Registered

5      Professional Reporter and Notary Public

6      within and for the State of New York, do

7      hereby certify:  That ROBERT ALLEN TONNER,

8      the witness whose deposition is herein

9      before set forth, was duly sworn by me and

10     that such deposition is a true record of the

11     testimony given by such witness.

12             I further certify that I am not

13     related to any of the parties to this action

14     by blood or marriage and that I am in no way

15     interested in the outcome of this matter.

16             I further certify that neither the

17     deponent nor a party requested a review of

18     the transcript pursuant to Federal Rule of

19     Civil Procedure 30(e) before the deposition

20     was completed.

21             In witness whereof, I have

22     hereunto set my hand this 24th day of March

23     2008.

24             ---------------------------

               STEVEN NEIL COHEN, RPR

25

Exhibit 101,
P. 313

# Exhibit 102

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 1

1          UNITED STATES DISTRICT COURT

2         CENTRAL DISTRICT OF CALIFORNIA

3              EASTERN DIVISION

4     - - - - - - - - - - - - - - - - - - - - - - - -

5     MATTEL, INC., a Delaware        )

6     Corporation,                    )

7              Plaintiff,             )

8              vs.                    ) No. CV 04-9059

9     CARTER BRYANT, an individual;   )   NM (RNBx)

10    and DOES 1 through 10,          ) VOLUME I

11    Inclusive,                      )

12             Defendants.            )

13    - - - - - - - - - - - - - - - - - - - - - - - - )

14    (COMPLETE CAPTION ON NEXT PAGE.)

15

16     CONFIDENTIAL - ATTORNEYS' EYES ONLY

17

18      Videotaped Deposition of IVY ROSS,

19      taken at 300 South Grand Street,

20      Los Angeles, California, commencing

21      at 9:17 A.M., Thursday, January 17,

22      2008, before Ricki Q. Melton,

23      CSR No. 9400, RPR No. 45429.

24

25    PAGES 1 - 258

Exhibit 102,
P. 314

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 2

```
 1              UNITED STATES DISTRICT COURT
 2             CENTRAL DISTRICT OF CALIFORNIA
 3                  EASTERN DIVISION
 4
 5        -------------------------------
 6    MATTEL, INC., a Delaware          )
 7    Corporation,                      )
 8              Plaintiff,              )
 9              vs.                     ) No. CV 04-9059
10    CARTER BRYANT, an individual;    )    NM (RNBx)
11    and DOES 1 through 10,           )
12    Inclusive,                       )
13              Defendants.            )
14    -------------------------------  )
15    CARTER BRYANT, on behalf of      )
16    himself, all present and         )
17    former employees of Mattel,      )
18    Inc., and the general public,    )
19              Counter-Claimants,     )
20              vs.                     )
21    MATTEL, INC., a Delaware         )
22    Corporation,                     )
23              Counter-Defendant.     )
24    -------------------------------
25
```

Exhibit 102,
P. 315

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 3

```
 1        APPEARANCES OF COUNSEL:

 2

 3           For the Plaintiff:

 4

 5           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

 6           BY:  DYLAN PROCTOR, ESQ.

 7           865 South Figueroa Street, Tenth Floor

 8           Los Angeles, California 90017

 9           (213) 443-3000

10           dylanproctor@quinnemanuel.com

11

12                   -and-

13

14           MATTEL, INC.

15           BY:  MICHAEL MOORE, ESQ.

16           333 Continental Boulevard

17           El Segundo, California 90245-5012

18           (310) 252-2000

19           michael.moore@mattel.com

20

21

22

23

24

25
```

Exhibit 102,
P. 316

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 4

```
 1        APPEARANCES (Continued):

 2

 3           For the Defendant and Counterclaimant

 4           Carter Bryant:

 5

 6              KEKER & VAN NEST LLP

 7              BY:  CHRISTA ANDERSON, ESQ.

 8              710 Sansome Street

 9              San Francisco, California 94111-1704

10              (415) 391-5400

11              canderson@kvn.com

12

13        For Defendant MGA Entertainment, Inc.:

14

15              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

16              BY:   KENNETH PLEVAN, ESQ.

17                    MICHELLE M. CAMPANA, ESQ.

18              Four Times Square

19              New York, New York 10036-6522

20              (212) 735-3000

21              kplevan@skadden.com

22              micampan@skadden.com

23

24        ALSO PRESENT:

25              David West, Video Operator
```

Exhibit 102,
P. 317

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 69

| | | |
|---|---|---|
| 1 | Q.   Was it common in the design center that | 10:48:10 |
| 2 | designers would have tear sheets they would look at | 10:48:14 |
| 3 | for inspiration? | 10:48:17 |
| 4 | MR. PROCTOR:  Overbroad, vague and | 10:48:18 |
| 5 | ambiguous. | 10:48:21 |
| 6 | THE WITNESS:  I don't know what you mean | 10:48:21 |
| 7 | by "common." | 10:48:22 |
| 8 | It was not uncommon for designers to | 10:48:23 |
| 9 | create boards using pictures of things that | 10:48:29 |
| 10 | influence them, inspire them. | 10:48:35 |
| 11 | BY MR. PLEVAN: | 10:48:40 |
| 12 | Q.   And that would include tear sheets from | 10:48:41 |
| 13 | magazines showing current fashions and styles? | 10:48:43 |
| 14 | MR. PROCTOR:  Overbroad, vague and | 10:48:48 |
| 15 | ambiguous. | 10:48:49 |
| 16 | THE WITNESS:  It could, or it could not. | 10:48:49 |
| 17 | BY MR. PLEVAN: | 10:48:52 |
| 18 | Q.   What other sorts of things have you | 10:48:52 |
| 19 | observed would be on these boards? | 10:48:55 |
| 20 | A.   Physical fabrics, three-dimensional | 10:48:56 |
| 21 | objects, a toy from another country, a picture of a | 10:49:00 |
| 22 | child playing with something, a relative. | 10:49:09 |
| 23 | Q.   Was it your observation that Bratz looked | 10:49:14 |
| 24 | like Ms. Martinez? | 10:49:17 |
| 25 | MR. PROCTOR:  Objection.  Overbroad, vague | 10:49:19 |

Exhibit 102,
P. 318

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 252

1      STATE OF CALIFORNIA      ) ss:

2      COUNTY OF LOS ANGELES    )

3

4           I, RICKI Q. MELTON, CSR No. 9400, RPR No. 45429,

5      do hereby certify:

6

7           That the foregoing deposition testimony of

8      IVY ROSS was taken before me at the

9      time and place therein set forth, at which time the

10     witness was placed under oath and was sworn by me to

11     tell the truth, the whole truth, and nothing but the

12     truth;

13

14          That the testimony of the witness and all objections

15     made by counsel at the time of the examination were

16     recorded stenographically by me and were thereafter

17     transcribed under my direction and supervision, and

18     that the foregoing pages contain a full, true, and

19     accurate record of all proceedings and testimony to

20     the best of my skill and ability.

21

22          I further certify that I am neither counsel for

23     any party to said action nor am I related to any

24     party to said action, nor am I in any way interested

25     in the outcome thereof.

Exhibit 102,
P. 319

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 253

1      IN WITNESS WHEREOF, I have subscribed my name

2   this 21st day of January, 2008.

3

4

5

6

7   ————————————————————————————————

     RICKI Q. MELTON, C.S.R. No. 9400

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit 102,
P. 320.

# Exhibit 103

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 1

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3                EASTERN DIVISION

4

5    ------------------------------

6    MATTEL, INC., a Delaware          )

7    Corporation,                      )

8              Plaintiff,              )

9              vs.                      ) No. CV 04-9059

10   CARTER BRYANT, an individual;     )   NM (RNBx)

11   and DOES 1 through 10,            ) VOLUME I

12   Inclusive,                        )

13              Defendants.            )

14   ------------------------------ )

15   (COMPLETE CAPTION ON NEXT PAGE.)

16

17       CONFIDENTIAL - ATTORNEYS' EYES ONLY

18

19   Videotaped Deposition of ADRIENNE FONTANELLA,

20   taken at 300 South Grand Street, Los Angeles,

21   California, commencing at 9:10 A.M.,

22   Wednesday, January 16, 2008, before

23   Wendy S. Schreiber, CSR No. 3558, RPR, CLR.

24

25   PAGES 1 - 260

Exhibit 103
P. 321

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 2

```
 1              UNITED STATES DISTRICT COURT
 2           CENTRAL DISTRICT OF CALIFORNIA
 3                  EASTERN DIVISION
 4
 5    ------------------------------
 6    MATTEL, INC., a Delaware        )
 7    Corporation,                    )
 8              Plaintiff,            )
 9         vs.                        )  No. CV 04-9059
10    CARTER BRYANT, an individual;   )    NM (RNBx)
11    and DOES 1 through 10,          )
12    Inclusive,                      )
13              Defendants.          )
14    ------------------------------ )
15    CARTER BRYANT, on behalf of     )
16    himself, all present and        )
17    former employees of Mattel,     )
18    Inc., and the general public,   )
19              Counter-Claimants,   )
20         vs.                        )
21    MATTEL, INC., a Delaware        )
22    Corporation,                    )
23              Counter-Defendant.   )
24    ------------------------------
25
```

Exhibit 103,
P. 322

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 3

```
 1    APPEARANCES OF COUNSEL:

 2

 3        FOR THE PLAINTIFF:
 4            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
 5            BY:  MICHAEL ZELLER, ESQ.
 6            865 South Figueroa Street, Tenth Floor
              Los Angeles, California 90017
 7            (213) 443-3000
              mzeller@quinnemanuel.com

 8

 9        FOR THE DEFENDANT AND COUNTERCLAIMANT
10        CARTER BRYANT:

11            KEKER & VAN NEST LLP
12            BY:  AUDREY WALTON-HADLOCK, ESQ.
13            710 Sansome Street
              San Francisco, California 94111-1704
14            (415) 391-5400
15            awaltonhadlock@kvn.com

16

17      FOR DEFENDANT MGA ENTERTAINMENT, INC.:
18            SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
19            BY:  KENNETH PLEVAN, ESQ.
20                 MICHELLE M. CAMPANA, ESQ.
              Four Times Square
21            New York, New York 10036-6522
              (212) 735-3000
22            kplevan@skadden.com
              micampan@skadden.com

23

24      ALSO PRESENT:
              Video Operator - David West

25
```

Exhibit 103 ,
P. 323

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 206

1     the Design Center at people's cubicles?

2              MR. ZELLER:  Can I have the question read

3     back, please?

4              (The pending question was read as follows:

5              "Q.   So in terms of like              04:01PM

6              ads or photographs or things like

7              that for creative inspiration

8              purposes do you recall whether those

9              things were common in the Design Center

10             at people's cubicles?")            04:02PM

11             MR. ZELLER:  The question is vague.

12             THE WITNESS:  You'd have to be specific.  I

13    mean, I don't remember specifically anybody's

14    cubicle.

15    BY MR. PLEVAN:                              04:02PM

16        Q.   There were a lot of cubicles?

17        A.   Right, exactly.

18        Q.   Hundreds?

19        A.   There were a lot of cubicles.  I mean....

20        Q.   Do you recall whether or not individuals in  04:02PM

21    the Design Center ended up with samples of Bratz and

22    Bratz packaging for purposes of examining it to see

23    what it looked like and that sort of thing?

24             MR. ZELLER:  Vague as to "samples."

25    /  /  /                                      04:03PM

Exhibit 103 ,
P. 324

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 207

1    BY MR. PLEVAN:

2        Q.    When I mean samples, I mean an item you

3    could go into the store and buy, competitive

4    product, for purposes of looking at it.

5        A.    Yes, we did that with -- with any          04:03PM

6    competition.    I mean, we -- our business was who was

7    our competition.

8        Q.    And do you recall in general what the

9    reaction of individuals in the Design Center was to

10   Bratz?                                                 04:03PM

11       A.    No, absolutely not.    Not specifically.

12       Q.    As a way of responding to Bratz as a

13   competitor and MGA, was there any consideration

14   given to publicity that would point out negative

15   aspects of the Bratz dolls?                            04:03PM

16       A.    No, not that I recall.

17       Q.    Did you receive reports back from

18   retailers -- reports back from Mattel executives --

19   let me withdraw that.    Start again.

20            Do you recall whether you received reports    04:04PM

21   back from field sales representatives for Mattel

22   about what was happening in terms of shelf space at

23   retailers for Bratz?

24       A.    Not specifically with any field sales.

25       Q.    Were efforts made to discourage retailers   04:04PM

Exhibit 103,
P. 325

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 254

1    STATE OF CALIFORNIA    ) ss:

2    COUNTY OF LOS ANGELES )

3

4        I, WENDY S. SCHREIBER, C.S.R. No. 3558, do

5    hereby certify:

6

7        That the foregoing deposition of ADRIENNE

8    FONTANELLA was taken before me at the time and place

9    therein set forth, at which time the witness was

10   placed under oath and was sworn by me to tell the

11   truth, the whole truth, and nothing but the truth;

12       That the testimony of the witness and all

13   objections made by counsel at the time of the

14   examination were recorded stenographically by me,

15   and were thereafter transcribed under my direction

16   and supervision, and that the foregoing pages

17   contain a full, true and accurate record of all

18   proceedings and testimony to the best of my skill

19   and ability.

20       I further certify that I am neither

21   counsel for any party in said action, nor am I

22   related to any party to said action, nor am I in any

23   way interested in the outcome thereof.

24

25

Exhibit 103,
P. 326

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 255

1          IN WITNESS WHEREOF, I have subscribed my

2     name this 28th day of January, 2008.

3

4

5

6          _____

7          WENDY S. SCHREIBER, CSR No. 3558, RPR

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit 103
P. 327

# Exhibit 104

CERTIFIED COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL,               )
                                            )
                    PLAINTIFF,              )
                                            )
        V.                                  )  CASE NO. CV04-9049 SGL (RNBX)
                                            )  [CONSOLIDATED WITH
                                            )  CASE NO. 04-9059 AND
                                            )  CASE NO. 05-2727]
MATTEL, INC., A DELAWARE, A                 )
CORPORATION,                                )
                                            )
                                            )
                    DEFENDANT.              )
_____ )


# TELEPHONIC TRANSCRIPT OF PROCEEDINGS

# MARCH 10, 2008



REPORTED BY:
ANGELA DUPRE
CSR NO. 7804
JOB NO. 08AD016

515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, AN INDIVIDUAL, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CASE NO. |
| ) | |
| MATTEL, INC., A DELAWARE ) | CV 04-9049 SGL (RNBX) |
| CORPORATION, ) | [CONSOLIDATED WITH |
| ) | CASE NO. 04-9059 AND |
| DEFENDANT. ) | CASE NO. 05-2727] |
| ) | |
| _____ ) | |
| ) | |
| AND CONSOLIDATED ACTION(S). ) | |
| _____ ) | |

TELEPHONIC TRANSCRIPT OF
PROCEEDINGS, TAKEN BEFORE HON.
EDWARD A. INFANTE, AT 865 SOUTH
FIGUEROA STREET, THIRD FLOOR, LOS
ANGELES, CALIFORNIA, COMMENCING
AT 8:32 A.M., MONDAY, MARCH 10,
2008, BEFORE ANGELA DUPRE, CSR 7804.

2

Exhibit 104,
P. 329

```
1    APPEARANCES OF COUNSEL:
2
     FOR CARTER BRYANT:
3
         KEKER & VAN NEST, LLP
4        BY:  MATTHEW M. WERDEGAR, ESQ.
             MICHAEL H. PAGE, ESQ.
5        710 SANSOME STREET
         SAN FRANCISCO, CALIFORNIA 94111
6        (415) 391-5400
         (TELEPHONICALLY)
7
8    FOR MATTEL, INC.:
9        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
         BY:  TIMOTHY L. ALGER, ESQ.
10            JON D. COREY, ESQ.
              HARRY A. OLIVAR, JR., ESQ.
11            B. DYLAN PROCTOR, ESQ.
              DAVID W. QUINTO, ESQ.
12       865 SOUTH FIGUEROA STREET
         TENTH FLOOR
13       LOS ANGELES, CALIFORNIA 90017-2543
         (213) 443-3000
14
15   FOR MGA ENTERTAINMENT, INC.:
16       SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
         BY:  RAOUL D. KENNEDY, ESQ.
17            JOSE R. ALLEN, ESQ.
              THOMAS J. NOLAN, ESQ.
18            RICHARD J. ZUROMSKI, JR., ESQ.
              PAUL M. ECKLES, ESQ. (NEW YORK OFFICE)
19            MATTHEW E. SLOAN, ESQ. (LOS ANGELES OFFICE)
         FOUR EMBARCADERO CENTER
20       SUITE 3800
         SAN FRANCISCO, CALIFORNIA 94111
21       (415) 984-6400
         (TELEPHONICALLY)
22
23   ALSO PRESENT:
24       HON. EDWARD A. INFANTE (TELEPHONICALLY)
25
```

Exhibit 104,
P. 330

```
 1                LOS ANGELES, CALIFORNIA; MONDAY

 2                     MARCH 10, 2008

 3                       8:32 A.M.

 4

 5        JUDGE INFANTE:  WOULD YOU ENTER YOUR APPEARANCES,

 6     PLEASE.

 7              FIRST MATTEL.

 8        MR. COREY:  SURE.

 9              JON COREY, TIM ALGER, HARRY OLIVAR, DAVID

10     QUINTO, AND DYLAN PROCTOR, ON BEHALF OF MATTEL.

11              GOOD MORNING, YOUR HONOR.

12        JUDGE INFANTE:  MORNING.

13              MGA, PLEASE.

14        MR. KENNEDY:  GOOD MORNING, YOUR HONOR.

15              RAOUL KENNEDY, JOSE ALLEN, RICHARD

16     ZUROMSKI, PAUL ECKLES, AND TOM NOLAN, ON BEHALF OF

17     MGA.

18        MR. WERDEGAR:  GOOD MORNING, YOUR HONOR.

19              MATT WERDEGAR AND MIKE PAGE, ON BEHALF OF

20     CARTER BRYANT.

21        JUDGE INFANTE:  OKAY.  IS THERE A COURT

22     REPORTER ON BOARD?

23        MR. COREY:  YES, THERE IS, YOUR HONOR.

24        JUDGE INFANTE:  OKAY.  WE HAVE A HEARING ON

25     SEVERAL MOTIONS.  I HAVE YOUR JOINT REPORT
```

4

Exhibit 104,
P. 331

1    STATE OF CALIFORNIA        )

                                )    SS.

2    COUNTY OF LOS ANGELES      )

3

4            I,    ANGELA DUPRE    , CERTIFIED

5    SHORTHAND REPORTER, CERTIFICATE NUMBER 7804, FOR

6    THE STATE OF CALIFORNIA, HEREBY CERTIFY:

7            THE PROCEEDINGS WERE RECORDED

8    STENOGRAPHICALLY BY ME AND WERE TRANSCRIBED TO THE

9    BEST OF MY ABILITY;

10           THE FOREGOING TRANSCRIPT IS A TRUE AND

11   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

12           I FURTHER CERTIFY THAT I AM NEITHER

13   COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION

14   NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

15           IN WITNESS WHEREOF, I HAVE HEREUNTO

16   SUBSCRIBED MY NAME THIS *17th* DAY OF

17   *March*           , 2008.

18

19

20

21   _____

22

23

24

25

                                                    90

# Exhibit 105

1   DIANA M. TORRES (S.B. #162284)
    PAULA E. AMBROSINI (S.B. #193126)
2   ALICIA C. MEYER (S.B. #230189)
    O'MELVENY & MYERS, LLP
3   400 South Hope Street
    Los Angeles, California 90071-2899
4   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5
    Attorneys for Defendant-in-Intervention,
6   MGA Entertainment, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10  MATTEL, INC., a Delaware            Case No.  CV04-9059 NM (RNBx)
    Corporation,
11                                      **MGA'S FIRST SET OF**
                    Plaintiff,          **INTERROGATORIES TO MATTEL,**
12                                      **INC.**
          v.
13
    CARTER BRYANT, an individual,
14  and MGA ENTERTAINMENT,
    INC., a California Corporation
15
                    Defendant and
16                  Defendant-in-
                    Intervention.
17

18

19  PROPOUNDING PARTY:       MGA ENTERTAINMENT, INC.

20  RESPONDING PARTY:        MATTEL, INC.

21  SET:                     ONE

22

23

24

25

26

27

28

1          Defendant-In-Intervention, MGA Entertainment Inc. ("MGA"), hereby

2  requests that Plaintiff, Mattel Inc. ("Mattel") answer the following Interrogatories

3  separately, fully, and under oath, pursuant to Rule 33 of the Federal Rules of Civil

4  Procedure, within thirty (30) days of service, in accordance with the definitions and

5  instructions set forth herein.

6                      **DEFINITIONS**

7      1. "BRATZ" means and refers to each image, character, logo, doll, toy,

8  accessory, product, packaging or other thing or matter that is or has ever been

9  manufactured, marketed or sold by MGA, or others under license, as part of a line of

10  goods or merchandise commonly known as, or sold and marketed under the "Bratz"

11  trademark or trade dress including but not limited to the "BRATZ CONCEPT,"

12  "FIRST BRATZ DOLLS," "BRATZ DOLLS," "BRATZ PACK", "LIL' BRATZ,"

13  "BRATZ PETZ," "BRATZ BABYZ," and "BRATZ BOYZ.

14      2. "BRATZ CONCEPT" means and refers to each "BRATZ"-related image,

15  drawing, picture, sculpt, mold, prototype and any other form of artwork predating the

16  FIRST BRATZ DOLLS, examples of which have been the subject of Mr. Bryant's

17  testimony and produced by Mr. Bryant bearing Bates serial numbers Bryant 00175-

18  177; 00179-00182; 00189-00190; 00192-00196; 00198-00216; 00218; 00341; 00972;

19  01014; and 01116-01118.

20      3. "FIRST BRATZ DOLLS" means and refers to each image, character, logo,

21  doll, toy, accessory, product, packaging or other thing or matter that is or has ever

22  been manufactured, marketed or sold by MGA, or others under license, as part of a

23  line of goods or merchandise commonly known as, or sold and marketed under the

24  "Bratz" trademark or trade dress and consisting of the following: "Bratz Cloe", SKU

25  248521; "Bratz Cloe", SKU 248538; "Bratz Jade", SKU 248545; "Bratz Sasha, SKU

26  248552; "Bratz Yasmin", SKU 248569; "Bratz Pajama Power Fashion", SKU

27  248576; "Bratz Study Hall Fashion", SKU 248583; and "Bratz Dynamite Dance

28  Fashion", SKU 248682.

Exhibit 105.
P. 334      1

1     4. "BRATZ DOLLS" means and refers to each image, character, logo, doll,

2 toy, accessory, product, packaging or other thing or matter that is or has ever been

3 manufactured, marketed or sold by MGA, or others under license, as part of a line of

4 goods or merchandise commonly known as, or sold and marketed under the "Bratz"

5 trademark or trade dress excluding the "FIRST BRATZ DOLLS", "LIL' BRATZ,"

6 "BRATZ PETZ," and "BRATZ BABYZ" and including, without limitation, the

7 styling head commonly known as or sold and marketed as the "Bratz Funky Fashion

8 Make Over" styling head, and specifically including, without limitation, the images,

9 characters, dolls, playsets and other products and toys called or referred to as, or

10 named or marketed in association with the names "Cloe", "Jade", "Sasha", "Yasmin",

11 "Meygan", "Dana", "Fianna", "Nevra", "Cameron", "Dylan", "Eitan", "Koby",

12 "Cade", "Ailani", "Nazalia", "Talia", "Zada", "Mikko", "Colin", "Deavon", "Lakin",

13 "Flaunt It," "Beach Party", "Micro Bratz", "Xpress It", "Bratz Boyz", "Funk 'n'

14 Glow", "Funky Fashion Makeover", "Holiday Bratz – Sweetheart", "Holiday Bratz –

15 Spring Fling", "Holiday Bratz – Independence Dance", "Slumber Party", "Strut It",

16 "Spring Break", "Formal Funk", "Bratz Boyz Formal Funk", "Wintertime

17 Wonderland", "Style It!", "Funky Fashion Makeover", "Funk Out!", "Sun-Kissed

18 Summer", "Girls Nite Out!", "Wild Life Safari", and any other released, or yet to be

19 released, BRATZ named character or product theme.

20     5. "BRATZ PACK" means and refers to any collection, compilation or

21 grouping of two or more images, characters or dolls that are or have ever been

22 manufactured, marketed or sold by MGA, or others under license, as part of a line of

23 goods or merchandise commonly known as, or sold and marketed under the "Bratz"

24 trademark or trade dress including, without limitation, the collection, compilation or

25 grouping of four female images, characters or dolls individually named, called or

26 referred to as "Bratz Cloe", "Bratz Jade", "Bratz Sasha", and "Bratz Yasmin" and any

27 other similar collection, compilation or grouping of two or more images, characters or

28 dolls, male or female, and specifically including, without limitation, the images,

1    characters and dolls called or referred to as, or named or marketed in association with

2    the names "Cloe", "Jade", "Sasha", "Yasmin", "Meygan", "Dana", "Fianna",

3    "Nevra", "Cameron", "Dylan", "Eitan", "Koby", "Cade", "Ailani", "Nazalia",

4    "Talia", "Zada", "Mikko", "Colin", "Deavon", "Lakin", and any other released, or yet

5    to be released, BRATZ character.

6        6. "LIL' BRATZ" means and refers to each image, character, logo, doll, toy,

7    accessory, product, packaging or other thing or matter that is or has ever been

8    manufactured, marketed or sold by MGA, or others under license, as part of a line of

9    goods or merchandise commonly known as, or sold and marketed under the "Bratz"

10   trademark or trade dress and commonly labeled, called, referred to, named or

11   identified as "LIL' BRATZ", and specifically including, without limitation, the

12   images, characters, dolls, playsets and other products and toys called or referred to as,

13   or named or marketed in association with the names "Cloe", "Yasmin", "Sasha",

14   "Jade", "Ailani", "Nazalia", "Talia", "Zada", "Lil' Boyz", "Cameron", "Dylan",

15   "Eitan", "Koby", "Mikko", "Colin", "Deavon", "Lakin", "Lil' Bratz Slumber Party",

16   "Lil' Bratz Tote", "Lil' Bratz Spring Break", "Lil Bratz Dancefloor Funk", "Lil' Boyz

17   Dancefloor Funk", and any other released, or yet to be released, LIL' BRATZ

18   character or product theme.

19       7. "BRATZ PETZ" means and refers to each image, character, logo, doll, toy,

20   accessory, product, packaging or other thing or matter that is or has ever been

21   manufactured, marketed or sold by MGA, or others under license, as part of a line of

22   goods or merchandise commonly known as, or sold and marketed under the "Bratz"

23   trademark or trade dress and commonly labeled, called, referred to, named or

24   identified as "BRATZ PETZ", and specifically including, without limitation, the

25   images, characters and toys called or referred to as, or named or marketed in

26   association with the names, "Bratz Catz", "Brigitte", "Jolie", "Kendall", "Daphne",

27   "Bratz Petz Tokyo Catz", "Kyoto", "Cho", "Nami", "Yukiko", "Bratz Petz Foxz",

28   "Carly", "Reilly", "Shayna", "Bree", "Bratz Petz Dogz", "Shae", "Kali", "Pilar",

1  "Abby", and any other released, or yet to be released, BRATZ PETZ character or

2  product theme.

3      8.  "BRATZ BABYZ" means and refers to each image, character, logo, doll,

4  toy, accessory, product, packaging or other thing or matter that is or has ever been

5  manufactured, marketed or sold by MGA, or others under license, as part of a line of

6  goods or merchandise commonly known as, or sold and marketed under the "Bratz"

7  trademark or trade dress and commonly labeled, called, referred to, named or

8  identified as "BRATZ BABYZ", and specifically including, without limitation, the

9  images, characters and dolls called or referred to as, or named or marketed in

10  association with the names, "Cloe", "Sasha", "Jade," "Yasmin", and any other

11  released, or yet to be released, BRATZ BABYZ character or product theme.

12      9.  "BRATZ BOYZ" means and refers to each male image, character, logo, doll,

13  toy, accessory, product, packaging or other thing or matter that is or has ever been

14  manufactured, marketed or sold by MGA, or others under license, as part of a line of

15  goods or merchandise commonly known as, or sold and marketed under the "Bratz"

16  trademark or trade dress and commonly labeled, called, referred to, named or

17  identified as "BRATZ BOYZ", and specifically including, without limitation, the

18  images characters, dolls, playsets and other products and toys called or referred to as,

19  or named or marketed in association with the names "Cameron", "Dylan", "Eitan",

20  "Koby", "Cade", "Mikko", "Colin", "Deavon", "Lakin", "Bratz Boyz Formal Funk",

21  "Boyz Funk Out!", "Boyz Sun-Kissed Summer", and any other released, or yet to be

22  released BRATZ BOYZ character or product theme.

23      10.  "BRATZ INTELLECTUAL PROPERTY" means all intellectual and

24  industrial property rights in and to BRATZ including, without limitation, all

25  copyrights, patents, trademarks, industrial designs, trade secrets, contract and

26  licensing rights, design rights, moral rights and trade dress rights, in any country of

27  the world.

28      11.  "BRYANT" means defendant Carter Bryant.

12.   "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request that encompasses information relating in any way to communications to, from or within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

13.   "COMPLAINT" means and refers to the Complaint filed by Mattel Inc. in this matter on April 27, 2004 and now designated as Case No. CV 04-9059 NM (RNBx) in the United States District Court for the Central District of California.

14.   "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 24, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings, television commercials, story boards, website or other spot

advertisements, movies, movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches, messages, photographs and data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes, computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic mail, website and web pages and transcriptions thereof and all other memorializations of any conversations, meetings and conference, by telephone or otherwise.  The term DOCUMENT also means every copy of a DOCUMENT, where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

15.    "MARKET RESEARCH" means any type of research, study, survey or analysis of consumers or potential consumers of a product or potential product including, without limitation, focus groups, consumer surveys, market analyses, behavioral analyses and consumer research.

16.    "MATTEL," "PLAINTIFF," "YOU" or "YOUR" means plaintiff MATTEL, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

17.    MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with MGA

and any others acting on MGA's behalf, pursuant to its authority or subject to its control.

18.   "MGA PRODUCTS" means any and all products offered for sale by MGA Entertainment, Inc., other than BRATZ, including, without limitation, "4-Ever Best Friends" and "Alien Racers".

19.   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

20.   "PROPERTY" or "PROPERTIES" means all ideas, concepts, rights, designs, proprietary and confidential information, and other intellectual and intangible property including, without limitation, copyrights, patents, trademarks, design rights and trade secrets.

21.   The singular form includes the plural, and vice versa.

22.   The terms "any" and "all" are interchangeable.

23.   The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any interrogatory, information that would otherwise not be within its scope.

24.   As used herein, the terms "relating to" and "referring to" should each be construed in the broadest possible sense to mean concerning, consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

## INSTRUCTIONS

1.   Mattel is instructed to serve written responses to these Interrogatories

1   upon MGA's counsel at O'Melveny & Myers LLP, 400 South Hope Street, Los

2   Angeles, California 90071.

3       2.      These Interrogatories are deemed to be continuing in nature.  If, after

4   responding, Mattel discovers additional information responsive to any Interrogatory,

5   or part thereof, MGA requests that Mattel provide such information to MGA within

6   thirty days after acquiring knowledge of its existence or advise MGA in writing as to

7   why such additional information cannot be provided within the specified period.

8       3.      For any information withheld based on any ground, including privilege,

9   provide a written statement setting forth:  (a) the identity of all person(s) from and to

10  whom the information has been communicated; (b) the names and organization

11  position, if any, of each such person; (c) a brief description of the subject matter of the

12  information; and (d) the legal ground upon which you rely in withholding the

13  information; and (e) if work product is asserted, the proceeding for or during which

14  the information was obtained or created.

15      4.      Whenever in these Interrogatories there is a request to "IDENTIFY" a

16  COMMUNICATION, the answering party shall state the date of the

17  COMMUNICATION, the places of origin and reception of the COMMUNICATION,

18  the persons present during any portion of the COMMUNICATION if oral, the type of

19  COMMUNICATION (*i.e.* letter, facsimile, face-to-face conversation, telephone, etc.),

20  the substance of the COMMUNICATION and the DOCUMENT(S), if any, that

21  constitute, record, show or refer to the COMMUNICATION.

22      5.      Whenever in these Interrogatories there is a request to state the

23  "IDENTITY" of a PERSON, the answering party shall set forth the person's name,

24  present or last known business address, residence address and telephone numbers,

25  dates of employment, job capacity, title, status, position, rank or classification or, with

26  respect to a non-natural person, the name and address of the principal office or place

27  of business, all names under which it is doing business or ever has done business, the

28  nature of the venture (*i.e.* sole proprietorship, partnership , corporation, etc.), and the

1   identities of its officers, directors, partners or administrators.

2       6.      Whenever in these Interrogatories there is a request to state the

3   "IDENTITY" of a DOCUMENT, the answering party shall identify, by name, all

4   authors and recipients of the DOCUMENT, the date of the DOCUMENT, the person

5   or entity who currently has possession, custody and control of the DOCUMENT, and

6   describe the DOCUMENT in a manner sufficient for MGA to draft a discovery

7   demand requesting production of the DOCUMENT.

8       7.      Whenever in these Interrogatories there is a request to "IDENTIFY"

9   PROPERTY, the answering party shall describe the PROPERTY as specifically as

10   possible, state the name and current employer, if known, of the author(s), inventor(s),

11   owner(s) and any assignee(s) and licensee(s) of the PROPERTY, state any copyright

12   registration, recordation information relative to a copyright interest, trademark

13   registration and patent numbers of the PROPERTY, if any, and state the dates of

14   conception, authorship, invention and reduction to practice of the PROPERTY.

15

16   **INTERROGATORIES**

17   **INTERROGATORY NO. 1.:**

18       State all facts, with particularity, and IDENTIFY all DOCUMENTS that

19   support YOUR contention, if YOU so contend, that YOU have suffered harm as a

20   result of any act or omission of MGA.

21   **INTERROGATORY NO. 2.:**

22       For each fact stated in response to Interrogatory No. 1, IDENTIFY all

23   PERSONS with knowledge of each fact.

24   **INTERROGATORY NO. 3.:**

25       State, with particularity, the nature, amount, cause and calculation of every item

26   of YOUR alleged damages, including, without limitation, general, actual and statutory

27   damages, restitution, disgorgement of unlawful profits, lost profits, lost payments, lost

28

revenues, lost monies, lost royalties or license fees, reputational harm, lost relationships, lost business opportunities, interest, attorneys' fees, costs, expenses, and any other form of injury or damage or quantifiable remedy that YOU seek to recover in this lawsuit.

**INTERROGATORY NO. 4.:**

State all facts, with particularity, and IDENTIFY all DOCUMENTS that support YOUR contention, if YOU so contend, that YOU are entitled to exemplary damages, attorneys' fees and costs.

**INTERROGATORY NO. 5.:**

State all facts, with particularity, and IDENTIFY all DOCUMENTS that YOU contend prove, directly or circumstantially, that MGA copied YOUR PROPERTY, including, without limitation, "Toon Teens".

**INTERROGATORY NO. 6.:**

IDENTIFY each COMMUNICATION that YOU have ever made, received, or participated in that referred to, mentioned, or concerned this lawsuit.

**INTERROGATORY NO. 7.:**

IDENTIFY all PERSONS interviewed for the July 18, 2003 Wall Street Journal article.

**INTERROGATORY NO. 8.:**

Describe, with particularity, each error contained in the July 18, 2003 Wall Street Journal article by explaining why and in what way each fact is incorrect.

**INTERROGATORY NO. 9.:**

State, with particularity, when and how MATTEL first learned of BRATZ.

**INTERROGATORY NO. 10.:**

State, with particularity, when and how MATTEL first learned that BRYANT performed work for MGA.

Exhibit 105 ,
P. 343            10

1

## INTERROGATORY NO. 11.:

2      State, with particularity, when and how MATTEL first learned that BRYANT

3 conceived of the BRATZ CONCEPT.

4

5 Dated: February _4_, 2005                    DIANA M. TORRES

6                                              PAULA E. AMBROSINI
                                               ALICIA C. MEYER
7                                              O'MELVENY & MEYERS LLP

8

9                                              Paula E. Ambrosini,

10                                             Attorneys for MGA Entertainment, Inc.

11 LA2:746290.2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Suzanne I. Jimenez, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On February 4, 2005, I served the within document:

**MGA'S FIRST SET OF INTERROGATORIES TO MATTEL, INC.**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ by putting a true and correct copy thereof, together with an unsigned copy of this declaration, in a sealed envelope designated by the carrier, with delivery fees paid or provided for, for delivery the same business day to the person(s) listed above. I am readily familiar with this firm's practice for collection and processing of overnight courier correspondence. In the ordinary course of business, such correspondence collected from me would be processed on the same day, with fees thereon fully prepaid.

Michael T. Zeller                    **VIA HAND-DELIVERY & MAIL**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

Keith Jacoby                          **VIA REGULAR MAIL**
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel: (310) 553-0308
Fax: (310) 553-5583

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on February 4, 2005, at Los Angeles, California.

_Suzanne I. Jimenez_
Suzanne I. Jimenez

Exhibit 105,
P. 345

# Exhibit 106

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Cross-Defendant
MATTEL, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with:<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S OBJECTIONS AND RESPONSES TO MGA ENTERTAINMENT, INC.'S SECOND SET OF INTERROGATORIES |
| Defendant. | |
| CONSOLIDATED WITH | Hon. Stephen G. Larson |
| MATTEL, INC. v. BRYANT, and | |
| MGA ENTERTAINMENT, INC. v. MATTEL, INC., | |
| Cross-Defendant. | |

PROPOUNDING PARTY:   MGA ENTERTAINMENT, INC.

RESPONDING PARTY:     MATTEL, INC.

SET NO.:              TWO (2)

NOS.:                 12 - 31

07975/2338502.1

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

Exhibit 106,
P. 346

**Preliminary Statement**

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not completed discovery from defendants Carter Bryant ("Bryant") or MGA Entertainment, Inc. ("MGA") or any third parties with regard to this action.  Consequently, Mattel reserves the right to amend and/or supplement these responses if and when additional facts or documents are discovered.  Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery.  Mattel's response to any of Defendant's Second Set of Interrogatories (the "Interrogatories") is not to be construed as a waiver of any of its objections or its right to object to any other discovery request.

**General Objections**

Mattel generally objects to each of the Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual Interrogatory:

1.     Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure.

2.     Mattel objects to the Interrogatories on the grounds that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, including the privilege against disclosure of the identities and work product of consulting experts.  Such information and documents will not be produced.

07975/2338502.1

Exhibit 106,
P. 347

3.     Mattel objects to the Interrogatories on the grounds that they call for production or disclosure of confidential, proprietary and/or private information. Such information and documents will not be disclosed or produced except pursuant to and in reliance upon the operative protective order.

4.     Mattel objects to the Interrogatories on the grounds that they seek the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control, and seek the disclosure of information or documents that are in the possession, custody and control of defendant MGA or are publicly available and hence equally available to all parties to this litigation.

5.     Mattel objects to the Interrogatories on the grounds that they call for information that is neither relevant to the claims or defenses in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

6.     Mattel objects to the Interrogatories on the grounds that they are unduly burdensome and oppressive.

7.     Mattel further objects to the Interrogatories on the grounds that they purport to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>. Such disclosures will be made in accordance with the requirements of, and at the times specified by, the Court's Orders and the <u>Rules</u>.

8.     Mattel objects to the Interrogatories on the grounds that they seek the disclosure of information or documents in violation of the terms of agreements or protective orders entered into with third parties, or in violation of the privacy, contractual, or other rights of third parties.

9.     Mattel objects to the Interrogatories on the grounds that the definitions of "Mattel," "Bratz," "Contested Mattel Products" and "MY SCENE" are overbroad, vague and ambiguous and unduly burdensome.

10.     Mattel objects to the Interrogatories on the grounds that the defendants have exceeded the limit on the number of interrogatories they may

1   properly serve on Mattel without leave of the Court, which defendants have neither

2   sought nor obtained.

3

4                    **Specific and General Responses**

5          Each of the following objections and responses to the Interrogatories is

6   expressly made subject to the above Preliminary Statement and General Objections,

7   all of which are incorporated in each of the following objections and responses to

8   specific Interrogatories.

9

10

11                  **RESPONSES TO INTERROGATORIES**

12  **INTERROGATORY NO. 12:**

13          IDENTIFY each version of the EMPLOYEE INVENTIONS

14  AGREEMENT adopted and/or used by or on behalf of MATTEL, including,

15  without limitation, (a) the IDENTITY of all persons who participated in or were

16  consulted concerning the creation, drafting, adoption, and/or use of the EMPLOYEE

17  INVENTIONS AGREEMENT; (b) the date(s) and/or range(s) of dates MATTEL'S

18  used each version of the EMPLOYEE INVENTIONS AGREEMENT; and (c) the

19  reason(s) for the changes between each version.

20

21  **RESPONSE TO INTERROGATORY NO. 12:**

22          In addition to the general objections stated above, Mattel specifically

23  objects to this Interrogatory on the grounds that defendants' Second Set of

24  Interrogatories purports to require Mattel to answer interrogatories that are in excess

25  of the number of interrogatories allowed defendants, including pursuant to the

26  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

27  defendants have neither sought nor obtained leave of the Court to serve such excess

28  number of interrogatories, they are improper.  Mattel further objects to this

07975/2338502.1

-4-

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

Exhibit 106,
P. 349

1    Interrogatory on the grounds that it seeks information that is not relevant nor likely

2    to lead to the discovery of admissible evidence.  Mattel further objects to this

3    Interrogatory as unreasonably burdensome, overbroad and compound, including

4    without limitation in that it seeks information about provisions of agreements that

5    have no bearing on this action and regardless of whether any such agreements are at

6    issue in this case.  Mattel further objects to this Interrogatory on the grounds that it

7    calls for the disclosure of information subject to the attorney-client privilege, the

8    attorney work-product doctrine and other applicable privileges.  Mattel further

9    objects to this Interrogatory as vague and ambiguous, including without limitation in

10    its use of the terms "participated in" and "use" in this context.  Mattel further objects

11    to this Interrogatory on the grounds that it calls for the disclosure of confidential

12    and/or proprietary information, which Mattel will disclose only subject to and in

13    reliance upon the operative protective order.

14

15    **INTERROGATORY NO. 13:**

16            Describe in detail each instance in which any provision of an

17    EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be

18    breached by an employee, independent contractor, or any other person with whom

19    MATTEL had entered into an EMPLOYEE INVENTIONS AGREEMENT,

20    including without limitation:  (a) a complete description of the conduct comprising

21    said breach; and (b) a complete description of all steps taken by MATTEL in

22    response to said breach or alleged breach *(including, for example, conducting an*

23    *investigation or arranging that an investigation be conducted on MATTEL'S behalf,*

24    *issuing a warning, whether written or oral; issuing any other notification, whether*

25    *written or oral; initiating civil litigation, including the name, case number and court*

26    *of any such litigation; initiating any other legal proceeding, including but not*

27    *limited to criminal proceedings, including the name, case number and court of any*

28    *such proceeding; making an exception, whether written, oral, express, or implied;*

1   *making a determination that no breach occurred, whether or not such determination*

2   *was documented; or no action).*

3

4   **RESPONSE TO INTERROGATORY NO. 13:**

5          In addition to the general objections stated above, Mattel specifically

6   objects to this Interrogatory on the grounds that defendants' Second Set of

7   Interrogatories purports to require Mattel to answer interrogatories that are in excess

8   of the number of interrogatories allowed defendants, including pursuant to the

9   Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

10  defendants have neither sought nor obtained leave of the Court to serve such excess

11  number of interrogatories, they are improper.  Mattel further objects to this

12  Interrogatory on the grounds that it seeks information that is not relevant nor likely

13  to lead to the discovery of admissible evidence.  Mattel further objects to this

14  Interrogatory as unreasonably burdensome, overbroad and compound, including

15  without limitation in that it seeks information about agreements and provisions of

16  agreements that are not at issue in this case and about employees, independent

17  contractors and other persons who have no bearing on this action.  Mattel further

18  objects to this Interrogatory on the grounds that it calls for the disclosure of

19  information subject to the attorney-client privilege, the attorney work-product

20  doctrine and other applicable privileges.  Mattel further objects to this Interrogatory

21  on the grounds that it calls for the disclosure of confidential and/or proprietary

22  information, which Mattel will disclose only subject to and in reliance upon the

23  operative protective order.

24

25  **INTERROGATORY NO. 14:**

26         IDENTIFY each version of the CONFLICT OF INTEREST

27  QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL, including,

28  without limitation, (a) the identity of all persons who participated in or were

-6-

Exhibit 106,
P. 351

1   consulted concerning the creation, drafting, adoption, and/or use of the CONFLICT

2   OF INTEREST QUESTIONNAIRE; (b) the date(s) and/or range(s) of dates

3   MATTEL'S used each version of the CONFLICT OF INTEREST

4   QUESTIONNAIRE; and (c) the reason(s) for the changes between each version.

5

6   **RESPONSE TO INTERROGATORY NO. 14:**

7           In addition to the general objections stated above, Mattel specifically

8   objects to this Interrogatory on the grounds that defendants' Second Set of

9   Interrogatories purports to require Mattel to answer interrogatories that are in excess

10   of the number of interrogatories allowed defendants, including pursuant to the

11   Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

12   defendants have neither sought nor obtained leave of the Court to serve such excess

13   number of interrogatories, they are improper. Mattel further objects to this

14   Interrogatory on the grounds that it seeks information that is not relevant nor likely

15   to lead to the discovery of admissible evidence. Mattel further objects to this

16   Interrogatory as unreasonably burdensome, overbroad and compound, including

17   without limitation in that it seeks information about provisions of conflict of interest

18   questionnaires that have no bearing on this action and regardless of whether any

19   such questionnaires are at issue in this case. Mattel further objects to this

20   Interrogatory on the grounds that it calls for the disclosure of information subject to

21   the attorney-client privilege, the attorney work-product doctrine and other applicable

22   privileges. Mattel further objects to this Interrogatory as vague and ambiguous,

23   including without limitation in its use of the terms "participated in" and "use" in this

24   context. Mattel further objects to this Interrogatory on the grounds that it calls for

25   the disclosure of confidential and/or proprietary information, which Mattel will

26   disclose only subject to and in reliance upon the operative protective order.

27

28

**INTERROGATORY NO. 15:**

Describe in detail each instance in which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE, including without limitation:  (a) a description of the conduct comprising said breach; and (b) a description of all steps taken by MATTEL in response to said breach or alleged breach *(including, for example, conducting an investigation or arranging that an investigation be conducted on MATTEL'S behalf, issuing a warning, whether written or oral; issuing any other notification, whether written or oral; initiating civil litigation, including the name, case number and court of any such litigation; initiating any other legal proceeding, including but not limited to criminal proceedings, including the name, case number and court of any such proceeding; making an exception, whether written, oral, express, or implied; making a determination that no breach occurred, whether or not such determination was documented; or no action).*

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because defendants have neither sought nor obtained leave of the Court to serve such excess number of interrogatories, they are improper.  Mattel further objects to this Interrogatory on the grounds that it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence.  Mattel further objects to this Interrogatory as unreasonably burdensome, overbroad and compound, including

07975/2338502.1

-8-

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

Exhibit 106,
P. 353

1  without limitation in that it seeks information about conflict of interest

2  questionnaires and provisions of such questionnaires that are not at issue in this case

3  and about employees, independent contractors and other persons who have no

4  bearing on this action.  Mattel further objects to this Interrogatory on the grounds

5  that it calls for the disclosure of information subject to the attorney-client privilege,

6  the attorney work-product doctrine and other applicable privileges.  Mattel further

7  objects to this Interrogatory on the grounds that it calls for the disclosure of

8  confidential and/or proprietary information, which Mattel will disclose only subject

9  to and in reliance upon the operative protective order.

10

11  **INTERROGATORY NO. 16:**

12          STATE THE COMPLETE FACTUAL BASIS FOR YOUR

13  CONTENTION that MATTEL has a viable affirmative claim for relief against

14  MGA even if the evidence establishes both of the following:  (i) in August and/or

15  September, 1998, Carter Bryant conceived of the line of fashion dolls that he named

16  Bratz, and (ii) the design for the BRATZ dolls sold by MGA in 2001 was reduced to

17  practice after October 20, 2000.

18

19  **RESPONSE TO INTERROGATORY NO. 16:**

20          In addition to the general objections stated above, Mattel specifically

21  objects to this Interrogatory on the grounds that defendants' Second Set of

22  Interrogatories purports to require Mattel to answer interrogatories that are in excess

23  of the number of interrogatories allowed defendants, including pursuant to the

24  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

25  defendants have neither sought nor obtained leave of the Court to serve such excess

26  number of interrogatories, they are improper.  Mattel further objects to this

27  interrogatory in that it asks Mattel to make assumptions that are contrary to the

28  evidence, including without limitation to facts admitted to by defendants and/or their

07975/2338502.1

-9-

Exhibit 106,
P. 354

1  witnesses, and are contrary to the logical inferences stemming from defendants'

2  conduct, including their concealment and spoliation of evidence. Mattel further

3  objects to this Interrogatory as unreasonably burdensome and overbroad in that it

4  purports to require Mattel to summarize all facts on this subject, including without

5  limitation, facts that are known to or in the possession, custody and control of

6  defendants MGA and Bryant and that such defendants have concealed despite Court

7  Orders to provide them, and despite defendants' refusals to answer interrogatories

8  with the same or comparable language. Mattel further objects to this Interrogatory

9  as compound. Mattel further objects to this Interrogatory on the grounds that it calls

10  for the disclosure of information subject to the attorney-client privilege, the attorney

11  work-product doctrine and other applicable privileges. Mattel further objects to this

12  Interrogatory on the grounds that it calls for the disclosure of confidential and/or

13  proprietary information, which Mattel will disclose only subject to and in reliance

14  upon the operative protective order.

15

16  **INTERROGATORY NO. 17:**

17        STATE THE COMPLETE FACTUAL BASIS FOR YOUR

18  CONTENTION that MATTEL employees in the Design Center who personally

19  knew Carter Bryant did not know and/or believe, immediately following the launch

20  of MGA's Bratz dolls in 2001, that Carter Bryant was the creator of the concept for

21  the BRATZ line of dolls.

22

23  **RESPONSE TO INTERROGATORY NO. 17:**

24        In addition to the general objections stated above, Mattel specifically

25  objects to this Interrogatory on the grounds that defendants' Second Set of

26  Interrogatories purports to require Mattel to answer interrogatories that are in excess

27  of the number of interrogatories allowed defendants, including pursuant to the

28  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

1  defendants have neither sought nor obtained leave of the Court to serve such excess

2  number of interrogatories, they are improper.  Mattel further objects to this

3  interrogatory in that it misstates Mattel's contentions.  Mattel further objects to this

4  interrogatory on the ground that it seeks information that is not relevant nor

5  reasonably calculated to lead to the discovery of admissible evidence, including

6  without limitation in that knowledge or notice of such matters are irrelevant to

7  defendants' purported statute of limitations and laches defenses.  Mattel further

8  objects to this Interrogatory as unreasonably burdensome and overbroad in that it

9  purports to require Mattel to summarize all facts on this subject, despite defendants'

10  own refusals to answer interrogatories with the same or comparable language.

11  Mattel further objects to this Interrogatory as compound.  Mattel further objects to

12  this Interrogatory on the grounds that it calls for the disclosure of information

13  subject to the attorney-client privilege, the attorney work-product doctrine and other

14  applicable privileges.  Mattel further objects to this Interrogatory on the grounds that

15  it calls for the disclosure of confidential and/or proprietary information, which

16  Mattel will disclose only subject to and in reliance upon the operative protective

17  order.

18

19  **INTERROGATORY NO. 18:**

20  STATE THE COMPLETE FACTUAL BASIS FOR YOUR

21  CONTENTION that any of the fashions and/or accessories for the BRATZ line of

22  dolls sold by MGA violate or infringe any of MATTEL'S intellectual property

23  and/or proprietary rights.

24

25  **RESPONSE TO INTERROGATORY NO. 18:**

26  In addition to the general objections stated above, Mattel specifically

27  objects to this Interrogatory on the grounds that defendants' Second Set of

28  Interrogatories purports to require Mattel to answer interrogatories that are in excess

07975/2338502.1

-11-

1  of the number of interrogatories allowed defendants, including pursuant to the

2  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

3  defendants have neither sought nor obtained leave of the Court to serve such excess

4  number of interrogatories, they are improper.  Mattel further objects to this

5  interrogatory on the ground that it seeks information that is not relevant nor

6  reasonably calculated to lead to the discovery of admissible evidence, including in

7  that it purports to require Mattel to identify matters that are the subject of claims not

8  asserted in this action and/or are asserted in other actions.  Mattel further objects to

9  this Interrogatory on the grounds that it is unreasonably burdensome and overbroad,

10  including in that it purports to require Mattel to summarize all facts on this subject,

11  despite defendants' own refusals to answer interrogatories with the same or

12  comparable language.  Mattel further objects to this Interrogatory as compound.

13  Mattel further objects to this Interrogatory on the grounds that it calls for the

14  disclosure of information subject to the attorney-client privilege, the attorney work-

15  product doctrine and other applicable privileges.  Mattel further objects to this

16  Interrogatory on the grounds that it calls for the disclosure of confidential and/or

17  proprietary information, which Mattel will disclose only subject to and in reliance

18  upon the operative protective order.

19

20  **INTERROGATORY NO. 19:**

21          IDENTIFY with specificity each element of each ALLEGED

22  COPYRIGHTED WORK that MATTEL contends is an original element protectable

23  under the United States Copyright Laws.

24

25  **RESPONSE TO INTERROGATORY NO. 19:**

26          In addition to the general objections stated above, Mattel specifically

27  objects to this Interrogatory on the grounds that defendants' Second Set of

28  Interrogatories purports to require Mattel to answer interrogatories that are in excess

07975/2338502.1

-12-

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

Exhibit 106,

P. 357

1   of the number of interrogatories allowed defendants, including pursuant to the

2   Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

3   defendants have neither sought nor obtained leave of the Court to serve such excess

4   number of interrogatories, they are improper. Mattel further objects to this

5   interrogatory on the ground that it seeks information that is not relevant nor

6   reasonably calculated to lead to the discovery of admissible evidence. Mattel

7   further objects to this Interrogatory on the grounds that it is unreasonably

8   burdensome and overbroad, including in that it purports to require Mattel to identify

9   "each element" of numerous works, despite defendants' own refusals to answer

10  interrogatories with the same or comparable language. Mattel further objects to this

11  Interrogatory as compound. Mattel further objects to this Interrogatory on the

12  grounds that it calls for the disclosure of information subject to the attorney-client

13  privilege, the attorney work-product doctrine and other applicable privileges. Mattel

14  further objects to this Interrogatory on the grounds that it calls for the disclosure of

15  confidential and/or proprietary information, which Mattel will disclose only subject

16  to and in reliance upon the operative protective order.

17

18  **INTERROGATORY NO. 20:**

19       IDENTIFY with specificity each ALLEGED TRADE SECRET,

20  including the IDENTITY of each DOCUMENT that embodies or REFERS OR

21  RELATES to each ALLEGED TRADE SECRET.

22

23  **RESPONSE TO INTERROGATORY NO. 20:**

24       In addition to the general objections stated above, Mattel specifically

25  objects to this Interrogatory on the grounds that defendants' Second Set of

26  Interrogatories purports to require Mattel to answer interrogatories that are in excess

27  of the number of interrogatories allowed defendants, including pursuant to the

28  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

-13-

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

Exhibit 10,

P. 358

1   defendants have neither sought nor obtained leave of the Court to serve such excess

2   number of interrogatories, they are improper.  Mattel further objects to this

3   Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

4   duplicative of other discovery requests propounded in this action.  Mattel further

5   objects to this Interrogatory on the grounds that it calls for the disclosure of

6   information subject to the attorney-client privilege, the attorney work-product

7   doctrine and other applicable privileges.  Mattel further objects to this Interrogatory

8   on the grounds that it calls for the disclosure of confidential and/or proprietary

9   information, which Mattel will disclose only subject to and in reliance upon the

10   operative protective order.

11

12   **INTERROGATORY NO. 21:**

13          IDENTIFY each PERSON who has had access to each ALLEGED

14   TRADE SECRET, including (a) the ALLEGED TRADE SECRET each PERSON

15   had access to; and (b) the date or dates each PERSON had this access.

16

17   **RESPONSE TO INTERROGATORY NO. 21:**

18          In addition to the general objections stated above, Mattel specifically

19   objects to this Interrogatory on the grounds that defendants' Second Set of

20   Interrogatories purports to require Mattel to answer interrogatories that are in excess

21   of the number of interrogatories allowed defendants, including pursuant to the

22   Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

23   defendants have neither sought nor obtained leave of the Court to serve such excess

24   number of interrogatories, they are improper.  Mattel further objects to this

25   Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

26   duplicative of other discovery requests propounded in this action.  Mattel further

27   objects to this interrogatory as vague and ambiguous, including as to time.  Mattel

28   further objects to this Interrogatory on the grounds that it calls for the disclosure of

1  information subject to the attorney-client privilege, the attorney work-product

2  doctrine and other applicable privileges.  Mattel further objects to this Interrogatory

3  on the grounds that it calls for the disclosure of confidential and/or proprietary

4  information, which Mattel will disclose only subject to and in reliance upon the

5  operative protective order.

6

7  **INTERROGATORY NO. 22:**

8         STATE THE COMPLETE FACTUAL BASIS FOR YOUR

9  CONTENTION that MGA misappropriated any ALLEGED TRADE SECRET.

10

11  **RESPONSE TO INTERROGATORY NO. 22:**

12         In addition to the general objections stated above, Mattel specifically

13  objects to this Interrogatory on the grounds that defendants' Second Set of

14  Interrogatories purports to require Mattel to answer interrogatories that are in excess

15  of the number of interrogatories allowed defendants, including pursuant to the

16  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

17  defendants have neither sought nor obtained leave of the Court to serve such excess

18  number of interrogatories, they are improper.  Mattel further objects to this

19  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

20  duplicative of other discovery requests propounded in this action, including that it

21  purports to require Mattel to identify facts that are known to or in the possession,

22  custody and control of defendants but that defendants have failed and refused to

23  discuss and including in that it purports to require Mattel to summarize all facts on

24  this subject, despite defendants' own refusals to answer interrogatories with the

25  same or comparable language.  Mattel further objects to this Interrogatory on the

26  grounds that it calls for the disclosure of information subject to the attorney-client

27  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

-15-

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

Exhibit 106

P. 360

1  confidential and/or proprietary information, which Mattel will disclose only subject
2  to and in reliance upon the operative protective order.

3

4  **INTERROGATORY NO. 23:**

5      STATE THE COMPLETE FACTUAL BASIS FOR YOUR
6  CONTENTION that the ALLEGED TRADE SECRETS are protectable.

7

8  **RESPONSE TO INTERROGATORY NO. 23:**

9      In addition to the general objections stated above, Mattel specifically
10  objects to this Interrogatory on the grounds that defendants' Second Set of
11  Interrogatories purports to require Mattel to answer interrogatories that are in excess
12  of the number of interrogatories allowed defendants, including pursuant to the
13  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because
14  defendants have neither sought nor obtained leave of the Court to serve such excess
15  number of interrogatories, they are improper.  Mattel further objects to this
16  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and
17  duplicative of other discovery requests propounded in this action, including in that it
18  purports to require Mattel to summarize all facts on this subject, despite defendants'
19  own refusals to answer interrogatories with the same or comparable language.
20  Mattel further objects to this Interrogatory on the grounds that it calls for the
21  disclosure of information subject to the attorney-client privilege, the attorney work-
22  product doctrine and other applicable privileges.  Mattel further objects to this
23  Interrogatory on the grounds that it calls for the disclosure of confidential and/or
24  proprietary information, which Mattel will disclose only subject to and in reliance
25  upon the operative protective order.

26

27

28

07975/2338502.1

-16-
MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

Exhibit 106,
P. 361

**INTERROGATORY NO. 24:**

DESCRIBE THE SALES AND PROFITS for each MATTEL PRODUCT that has been sold or offered for sale by YOU or YOUR licensees. (The time period applicable to this interrogatory is from January 1, 1990 to the present).

**RESPONSE TO INTERROGATORY NO. 24:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007. Because defendants have neither sought nor obtained leave of the Court to serve such excess number of interrogatories, they are improper. Mattel further objects to this interrogatory on the ground that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Interrogatory on the grounds that it is unreasonably burdensome and overbroad, including in that it seeks information about Mattel sales and products not at issue in this case. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.

**INTERROGATORY NO. 25:**

IDENTIFY, fully and separately, each and every PERSON who was involved in the development or marketing of the CONTESTED MATTEL PRODUCTS by stating each PERSON'S name, role, and start/end date. (As used in this Interrogatory, the phrase "development or marketing" means the entire process of creating and selling a new product or design, including without limitation, the

1 | marketing, advertising, promotion, licensing, offering for sale, conception, origin,
2 | creation, design, development, sculpting, engineering, reduction to practice, tooling
3 | or painting of a product or embodiment of a product).
4 |
5 | **RESPONSE TO INTERROGATORY NO. 25:**
6 |    In addition to the general objections stated above, Mattel specifically
7 | objects to this Interrogatory on the grounds that defendants' Second Set of
8 | Interrogatories purports to require Mattel to answer interrogatories that are in excess
9 | of the number of interrogatories allowed defendants, including pursuant to the
10 | Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because
11 | defendants have neither sought nor obtained leave of the Court to serve such excess
12 | number of interrogatories, they are improper.  Mattel further objects to this
13 | Interrogatory on the grounds that it is unreasonably burdensome and overbroad,
14 | including in that it seeks information about Mattel sales and products not at issue in
15 | this case.  Mattel further objects to this Interrogatory on the grounds that it calls for
16 | the disclosure of confidential and/or proprietary information, which Mattel will
17 | disclose only subject to and in reliance upon the operative protective order.
18 |
19 | **INTERROGATORY NO. 26:**
20 |    Describe in detail all instances in which a PERSON expressed
21 | confusion as to source or sponsorship between any MATTEL products, packaging
22 | or advertising (including, but not limited to, the CONTESTED MATTEL
23 | PRODUCTS) and any MGA products, packaging or advertising (including, but not
24 | limited to, "BRATZ"), by:  (i) stating the facts and circumstances of each instance;
25 | (ii) IDENTIFYING all DOCUMENTS that REFER OR RELATE TO each instance;
26 | and (iii) IDENTIFYING all witnesses who may have information that REFER OR
27 | RELATE TO each instance.
28 |

07975/2338502.1

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

Exhibit 106,
P. 363

**RESPONSE TO INTERROGATORY NO. 26:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007. Because defendants have neither sought nor obtained leave of the Court to serve such excess number of interrogatories, they are improper. Mattel further objects to this Interrogatory on the grounds that it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence and is unreasonably burdensome and overbroad, including in that it seeks information about products, packaging and other matters not at issue in this case. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.

**INTERROGATORY NO. 27:**

For each PERSON listed in MATTEL'S INITIAL DISCLOSURES, IDENTIFY each PERSON and describe in detail each PERSON's alleged knowledge of the subjects or information identified in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO INTERROGATORY NO. 27:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

-19-

07975/2338502.1

Exhibit 106,
P. 364

1   defendants have neither sought nor obtained leave of the Court to serve such excess

2   number of interrogatories, they are improper.  Mattel further objects to this

3   Interrogatory on the grounds that it seeks information that is unreasonably

4   burdensome and overbroad.  Mattel further objects to this Interrogatory on the

5   grounds that it calls for the disclosure of confidential and/or proprietary information,

6   which Mattel will disclose only subject to and in reliance upon the operative

7   protective order.

8

9   **INTERROGATORY NO. 28:**

10          Describe in detail the complete factual basis for YOUR

11   COUNTERCLAIMS, including, without limitation all facts, DOCUMENTS, and

12   witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS.

13

14   **RESPONSE TO INTERROGATORY NO. 28:**

15          In addition to the general objections stated above, Mattel specifically

16   objects to this Interrogatory on the grounds that defendants' Second Set of

17   Interrogatories purports to require Mattel to answer interrogatories that are in excess

18   of the number of interrogatories allowed defendants, including pursuant to the

19   Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

20   defendants have neither sought nor obtained leave of the Court to serve such excess

21   number of interrogatories, they are improper.  Mattel further objects to this

22   Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

23   compound, including in that it purports to require Mattel to summarize all facts on

24   these multiple subject, despite defendants' own refusals to answer interrogatories

25   with the same or comparable language.  Mattel further objects to this Interrogatory

26   on the grounds that it calls for the disclosure of information subject to the attorney-

27   client privilege, the attorney work-product doctrine and other applicable privileges.

28   Mattel further objects to this Interrogatory on the grounds that it calls for the

07975/2338502.1

-20-

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

Exhibit 106 ,
P. 365

1  disclosure of confidential and/or proprietary information, which Mattel will disclose
2  only subject to and in reliance upon the operative protective order.

3

4  **INTERROGATORY NO. 29:**

5            Describe in detail any estimate or calculation of damage, loss, injury, or
6  unjust enrichment, by reason of any act or omission alleged in YOUR
7  COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf
8  or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING
9  TO each estimate or calculation.

10

11  **RESPONSE TO INTERROGATORY NO. 29:**

12            In addition to the general objections stated above, Mattel specifically
13  objects to this Interrogatory on the grounds that defendants' Second Set of
14  Interrogatories purports to require Mattel to answer interrogatories that are in excess
15  of the number of interrogatories allowed defendants, including pursuant to the
16  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because
17  defendants have neither sought nor obtained leave of the Court to serve such excess
18  number of interrogatories, they are improper.  Mattel further objects to this
19  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and
20  compound, including in that it purports to require Mattel to summarize all facts on
21  these multiple subject, despite defendants' own refusals to answer interrogatories
22  with the same or comparable language.  Mattel further objects to this Interrogatory
23  on the grounds that it calls for the disclosure of information subject to the attorney-
24  client privilege, the attorney work-product doctrine and other applicable privileges.
25  Mattel further objects to this Interrogatory on the grounds that it purports to require
26  Mattel to disclose the identity of consulting experts.  The identity of any such
27  experts will not be disclosed.  Mattel further objects to this Interrogatory on the
28  grounds that it calls for the disclosure of confidential and/or proprietary information,

-21-
MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

Exhibit 106
P. 366

1 | which Mattel will disclose only subject to and in reliance upon the operative
2 | protective order. Mattel further objects to this Interrogatory on the grounds that it
3 | purports to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local</u>
4 | <u>Rules</u>. Such disclosures will be made in accordance with the requirements of, and at
5 | the times specified by, the Court's Orders and the <u>Rules</u>.

6 

7 | **INTERROGATORY NO. 30:**

8 | IDENTIFY each and every SOURCE OF INFORMATION from which
9 | YOU have COLLECTED DOCUMENTS that REFER OR RELATE TO BRATZ.

10 

11 | **RESPONSE TO INTERROGATORY NO. 30:**

12 | In addition to the general objections stated above, Mattel specifically
13 | objects to this Interrogatory on the grounds that defendants' Second Set of
14 | Interrogatories purports to require Mattel to answer interrogatories that are in excess
15 | of the number of interrogatories allowed defendants, including pursuant to the
16 | Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
17 | defendants have neither sought nor obtained leave of the Court to serve such excess
18 | number of interrogatories, they are improper. Mattel further objects to this
19 | Interrogatory on the grounds that it is unreasonably burdensome, overbroad and
20 | compound, including in that it purports to require Mattel to summarize all facts on
21 | these multiple subject, despite defendants' own refusals to answer interrogatories
22 | with the same or comparable language. Mattel further objects to this Interrogatory
23 | on the grounds that it calls for the disclosure of information subject to the attorney-
24 | client privilege, the attorney work-product doctrine and other applicable privileges.
25 | Mattel further objects to this Interrogatory on the grounds that it purports to require
26 | Mattel to disclose the identity of consulting experts. The identity of any such
27 | experts will not be disclosed. Mattel further objects to this Interrogatory on the
28 | grounds that it calls for the disclosure of confidential and/or proprietary information,

07975/2338502.1

-22-

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

Exhibit 10,
P. 367

1  which Mattel will disclose only subject to and in reliance upon the operative

2  protective order.

3

4  **INTERROGATORY NO. 31:**

5      STATE THE COMPLETE FACTUAL BASIS FOR YOUR

6  CONTENTION that any BRATZ doll is substantially similar to, a copy or a

7  derivative of BRATZ DESIGNS created by Carter Bryant on or before October 19,

8  2000.

9

10 **RESPONSE TO INTERROGATORY NO. 31:**

11      In addition to the general objections stated above, Mattel specifically

12 objects to this Interrogatory on the grounds that defendants' Second Set of

13 Interrogatories purports to require Mattel to answer interrogatories that are in excess

14 of the number of interrogatories allowed defendants, including pursuant to the

15 Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

16 defendants have neither sought nor obtained leave of the Court to serve such excess

17 number of interrogatories, they are improper.  Mattel further objects to this

18 Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

19 compound, including in that it purports to require Mattel to summarize all facts on

20 these multiple subject, despite defendants' own refusals to answer interrogatories

21 with the same or comparable language.  Mattel further objects to this Interrogatory

22 on the grounds that its description of Mattel's positions in this suit is erroneous and

23 incomplete.  Mattel further objects to this Interrogatory on the grounds that it calls

24 for the disclosure of information subject to the attorney-client privilege, the attorney

25 work-product doctrine and other applicable privileges.  Mattel further objects to this

26 Interrogatory on the grounds that it purports to require Mattel to disclose the identity

27 of consulting experts.  The identity of any such experts will not be disclosed.  Mattel

28 further objects to this Interrogatory on the grounds that it calls for the disclosure of

07975/2338502.1

Exhibit 106,
P. 368

1  confidential and/or proprietary information, which Mattel will disclose only subject

2  to and in reliance upon the operative protective order.

3

4  DATED:  January 3, 2008            QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
5

6                          By _Michael Zeller (by Heidi Keefe)_

7                             Michael T. Zeller
                              Attorneys for Mattel, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07975/2338502.1

-24-
MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

Exhibit 106,
P. 369