THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | **DISCOVERY MATTER** **[PUBLIC REDACTED]** |
| v. | DECLARATION OF MARCUS R. MUMFORD IN SUPPORT OF MGA'S MOTION TO OVERRULE MATTEL'S AND RICHARD DE ANDA'S OBJECTIONS TO SUBPOENA AND TO COMPEL DISCOVERY |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | [To be heard by Discovery Master Hon. Edward Infante (Ret.) Pursuant to Court Order of December 6, 2006] |
| | Hearing Date: TBD Time: TBD |

I, Marcus R. Mumford, declare and state as follows:

I am an attorney with Skadden, Arps, Slate, Meagher & Flom, LLP ("Skadden"), counsel of record for MGA Entertainment, Inc. ("MGA"), and Isaac Larian.

1. On December 19, 2007, MGA took the deposition of Richard De Anda. A true and correct copy of excerpts from the certified reporter's transcript of that proceeding is attached hereto as **Exhibit 1**.

2. On December 28, 2007, MGA noticed and served a Subpoena on Richard De Anda. A true and correct copy of the notice and Subpoena are attached hereto as **Exhibit 2**.

3. On January 14, 2008, Mattel and Richard De Anda served responses and objections to the Subpoena. A true and correct copy of those responses and objections is attached hereto as **Exhibit 3**.

4. On January 18, 2008, I sent a letter to Jon Corey, Esq. of Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP ("Quinn Emanuel"), via facsimile transmission, regarding Mattel's and De Anda's objections to the Subpoena. A true and correct copy of this letter is attached hereto as **Exhibit 4**.

5. Quinn Emanuel never responded to my letter of January 18, 2008.

6. On January 3, 2008, Judge Infante held an omnibus discovery hearing during which he considered MGA's and Bryant's Rule 30(b)(6) motion filed on December 10, 2000. A true and correct copy of excerpts of the certified reporter's transcript of that proceeding is attached hereto as **Exhibit 5**.

7. On January 9, 2008, Judge Infante issued an order overruling Mattel's relevance objections and compelling certain discovery. A true and correct copy of that Order is attached hereto as **Exhibit 6**.

8.      On January 4, 2005, Judge Block signed a Stipulated Protective Order in this case.  A true and correct copy of that Order is attached hereto as **Exhibit 7**.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 28, 2008, at Los Angeles, California.

By: _____
Marcus R. Mumford

# EXHIBIT 1

# THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 2

1 | THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
2 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
3 | Los Angeles, CA 90071-3144
Tel.: (213) 687-5000 / Fax: (213) 687-5600
4 |
RAOUL D. KENNEDY (Bar No. 40892)
5 | (rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | 4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
7 | Tel.: (415) 984-6400 / Fax: (415) 984-2698

8 | Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

9 |

10 |                        UNITED STATES DISTRICT COURT

11 |                       CENTRAL DISTRICT OF CALIFORNIA

12 |                              EASTERN DIVISION

13 | CARTER BRYANT, an individual,          )   CASE NO. CV 04-9049 SGL (RNBx)
                                           )
14 |                          Plaintiff,    )   Consolidated with Case No. 04-9059
                                           )   and Case No. 05-2727
15 |          v.                            )
                                           )   **MGA ENTERTAINMENT, INC.'S**
16 | MATTEL, INC., a Delaware               )   **NOTICE OF SUBPOENA TO**
     corporation,                          )   **RICHARD N. DE ANDA**
17 |                                        )
                                           )
18 |                          Defendant.    )   Date:  January 14, 2008
                                           )   Time:  9:00 a.m.
19 | ——————————————————————                 )   Place: Skadden, Arps, Slate, Meagher
                                           )   & Flom LLP
20 |                                        )   300 South Grand Avenue, Ste. 3400
     AND CONSOLIDATED ACTIONS              )   Los Angeles, CA 90071-3144
21 |                                        )   Discovery Cut-Off: January 28, 2008
                                           )
22 | ——————————————————————                 )

23 |

24 |

25 |

26 |

27 |

28 |

SUBPOENA TO RICHARD N. DE ANDA          CV 04-9049 SGL (RNBx)

Exhibit 2, P. 17

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, MGA Entertainment, Inc. and Isaac Larian, by and through their attorneys Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), are demanding that on or before January 14, 2008, Richard N. De Anda produce to the offices of Skadden, located at 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071, the documents and items described in Exhibit A to the attached Subpoena in a Civil Case.

Dated: December 28, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

Marcus R. Mumford

Attorneys for MGA Entertainment, Inc.,   M-GA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian.

SUBPOENA TO RICHARD N. DE ANDA          CV 04-9049 SGL (RNBx)

Exhibit _2_, P. _18_

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL          DISTRICT OF          CALIFORNIA

CARTER BRYANT, an individual, Plaintiff,

v.

MATTEL, INC., a Delaware corporation, Defendant
ALL CONSOLIDATED ACTIONS

**SUBPOENA IN A CIVIL CASE**

Central District of California

Case Number:[1] CV 04-9049 SGL (RNBx)
Consol. w/ CV 04-9059 and 05-2727

TO:  Richard N. De Anda
     c/o Richard N. De Anda & Associates, Inc.
     2899 Agoura Road # 202    or    1312 Lynnmere Drive
     Westlake Village, CA 91361         Thousand Oaks, CA, 91360

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  The deposition will be recorded by videotape and stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See EXHIBIT A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom, 300 S. Grand Ave., Ste. 3400, Los Angeles CA 90071 | January 14, 2008 - 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_ , atty for MGA et al. | 12/28/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Marcus R. Mumford (Bar No. 243270) - Attorney for MGA Entertainment, et al.
Skadden, Arps, Slate, Meagher & Flom LLP, 300 S. Grand Ave., Ste. 3400, Los Angeles CA 90071
Telephone: (213) 687-5000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit __2__, P. __19__

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                    SIGNATURE OF SERVER

                                            _____
                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a person to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit 2, P. 20

# EXHIBIT A

## DEFINITIONS

As used in these Requests:

1.  "COMMUNICATION[S]" means and refers to any transmission of information from one person or entity to another person or entity, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request that encompasses information relating in any way to communications to, from or within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

2.  "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 34(a), and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital

1

1   recordings, television commercials, story boards, website or other spot

2   advertisements, movies, movie trailers, prototypes, products, diaries, calendars,

3   charts, drawings, sketches, messages, photographs and data contained in or

4   accessible through any electronic data processing system, including, but not limited

5   to, computer databases, data sheets, data processing cards, computer files and tapes,

6   computer disks, CD-ROMs, computer metadata, microfilm, microfiche, electronic

7   mail, website and web pages and transcriptions thereof and all other

8   memorializations of any conversations, meetings and conference, by telephone or

9   otherwise.  The term DOCUMENT also means every copy of a DOCUMENT, where

10  such copy is not an identical duplicate of the original, whether because of deletions,

11  underlinings, showing of blind copies, initialing, signatures, receipt stamps,

12  comments, notations, differences in stationery or any other difference or

13  modification of any kind.

14       3.   "MATTEL" means and refers to the party Mattel, Inc. and any of its

15  past or present officers, directors, agents, employees, representatives, consultants,

16  attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities

17  and persons, including but not limited to those acting in joint venture or partnership

18  relationships with MATTEL and any others acting on MATTEL's behalf, pursuant to

19  its authority or subject to its control.

20       4.   "MGA" means and refers to MGA Entertainment, Inc. and any of its

21  past or present officers, directors, agents, employees, representatives, consultants,

22  attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities

23  and persons, including but not limited to those acting in joint venture or partnership

24  relationships with MGA and any others acting on MGA's behalf, pursuant to its

25  authority or subject to its control.

26       5.   "DE ANDA" means and refers to Richard N. De Anda individually.

27       6.   "DE ANDA & ASSOCIATES" means and refers to Richard N. De

28  Anda & Associates, Inc., and includes any of its past or present officers, directors,

2

1  agents, employees, representatives, consultants, attorneys, parents, subsidiaries,

2  divisions, affiliates, predecessors-in-interest, entities and persons acting in joint

3  venture or partnership relationships with DE ANDA and Richard N. De Anda &

4  Associates, Inc., and any others acting on his or their behalf, pursuant to his or their

5  authority or subject to his or their control.

6       7.  "REFERRING OR RELATING TO" should be construed in the

7  broadest possible sense to mean concerning, consisting of, referring to, relating to,

8  describing, discussing, constituting, evidencing, containing, reflecting, mentioning,

9  pertaining to, citing, summarizing, analyzing or bearing any logical or factual

10  connection with the matter discussed.

11       8.  "YOU," or "YOUR" means and refers to "DE ANDA" and/or the "DE

12  ANDA & ASSOCIATES" as defined above.

13  **INSTRUCTIONS**

14       1.  YOU are instructed to produce all non-privileged

15  COMMUNICATIONS and DOCUMENTS in YOUR possession, custody or control.

16  A COMMUNICATION or DOCUMENT is in YOUR "possession, custody, or

17  control" if it is in YOUR physical possession, or if, as a practical matter, YOU have

18  the ability, upon request, to obtain possession of the COMMUNICATION or

19  DOCUMENT or a copy thereof from another person or entity who has physical

20  possession of the COMMUNICATION or DOCUMENT.

21       2.  Each COMMUNICATION or DOCUMENT is to be produced as it is

22  kept in the usual course of business, including all file folders, binders, notebooks,

23  and other devices by which such COMMUNICATIONS and DOCUMENTS may be

24  organized, separated, or identified.

25       3.  Each COMMUNICATION or DOCUMENT maintained or stored

26  electronically in native, electronic format is to be produced with all relevant

27  metadata intact and in an appropriate and useable electronic manner.

28

3

4.    If YOU withhold any COMMUNICATION or DOCUMENT, or portion of a COMMUNICATION or DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work product doctrine, or other privilege, please set forth for each COMMUNICATION or DOCUMENT or portion of a COMMUNICATION or DOCUMENT withheld:

    (a)   The date the COMMUNICATION or DOCUMENT was created;

    (b)   The names and organization position, if any, of each author, sender, and recipient of the COMMUNICATION or DOCUMENT;

    (c)   A general description of the subject-matter of the COMMUNICATION or DOCUMENT;

    (d)   The basis of any claim of privilege; and

    (e)   If work-product is asserted, the proceeding for which the COMMUNICATION or DOCUMENT was created.

5.    Unless otherwise noted, these Requests seek COMMUNICATIONS and DOCUMENTS from January 1, 1998, to the present.

6.    These Requests shall be deemed continuing so as to require prompt, supplemental production if YOU obtain or create additional COMMUNICATIONS or DOCUMENTS subsequent to the date hereof.

7.    The use of the singular form of any word includes the plural and vice versa.

## REQUESTS FOR PRODUCTION

REQUEST NO. 1:

All COMMUNICATIONS and/or DOCUMENTS REFERRING OR RELATING TO MGA, Isaac Larian or any member of his family, and/or Carter Bryant.

SUBPOENA TO RICHARD N. DE ANDA      CV 04-9049 SGL (RNBx)

Exhibit  Z, P. 24

REQUEST NO. 2:

All COMMUNICATIONS and/or DOCUMENTS REFERRING OR RELATING TO YOUR hiring or retention, including but not limited to by MATTEL, in relation to MGA, Isaac Larian or any member of his family, and/or Carter Bryant.

REQUEST NO. 3:

All COMMUNICATIONS and/or DOCUMENTS REFERRING OR RELATING TO reports or results of any surveillance or investigation of MGA, Isaac Larian or any member of his family, and/or Carter Bryant.

REQUEST NO. 4:

All COMMUNICATIONS and/or DOCUMENTS in the form of video, digital, or audio recordings REFERRING OR RELATING TO any surveillance or investigation of MGA, Isaac Larian or any member of his family, and/or Carter Bryant.

REQUEST NO. 5:

All COMMUNICATIONS and/or DOCUMENTS REFERRING OR RELATING TO the nature of the services or products provided by YOU, and the names of any other owners, partners, proprietors, members, officers, directors, representatives, employees or consultants, including any past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with YOU, and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

REQUEST NO. 6:

All COMMUNICATIONS and/or DOCUMENTS REFERRING OR RELATING TO the time spent, including but not limited to any time records, by DE

5

1 ANDA on matters related to DE ANDA & ASSOCIATES from November 1997 to

2 the present.

3 REQUEST NO. 7:

4      All COMMUNICATIONS and/or DOCUMENTS REFERRING OR

5 RELATING TO the time spent, including but not limited to any time records, by any

6 other person or persons employed by DE ANDA & ASSOCIATES from November

7 1997 to the present.

8 REQUEST NO. 8:

9

10      All COMMUNICATIONS and/or DOCUMENTS REFERRING OR

11 RELATING TO revenue, expenses and income of DE ANDA & ASSOCIATES

12 from 1997 to the present, including but not limited to invoices, bank statements and

13 tax returns.

14 REQUEST NO. 9:

15      All COMMUNICATIONS and/or DOCUMENTS REFERRING OR

16 RELATING TO any consulting or expert reports, including but not limited to the

17 reports and curriculum vitae, provided by YOU from 1997 to the present.

18 REQUEST NO. 10:

19

20      All COMMUNICATIONS and/or DOCUMENTS REFERRING OR

21 RELATING TO hiring or retention agreements entered into between YOU and

22 YOUR customers and clients.

23 REQUEST NO. 11:

24      All COMMUNICATIONS and/or DOCUMENTS REFERRING OR

25 RELATING TO MATTEL, including but not limited to COMMUNICATIONS

26 and/or DOCUMENTS REFERRING OR RELATING TO DE ANDA'S employment

27

28

6

Exhibit 2, P. 26

1  with MATTEL, including but not limited to any agreements DE ANDA signed or

2  was asked to sign with MATTEL.

3

4  Dated: December 28, 2007

5

6                                          SKADDEN, ARPS, SLATE, MEAGHER &
                                           FLOM, LLP
7

8

9

10                                         Marcus R. Mumford

11                                         Attorneys for MGA Entertainment, Inc.,
12                                         MGA Entertainment (HK) Limited,
                                           MGAE de Mexico, S.R.L. DE C.V., and Isaac
13                                         Larian.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUBPOENA TO RICHARD N. DE ANDA        CV 04-9049 SGL (RNBx)

Exhibit  2, P. 27

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On **December 28, 2007**, I served the foregoing document described as:

MGA ENTERTAINMENT, INC.'S NOTICE OF SUBPOENA TO RICHARD N. DE ANDA

on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] **(BY PERSONAL SERVICE)** [ ]   By personally delivering copies to the person served. (FEDERAL) (As Noted.)

[X]   I caused such documents to be hand delivered to the office of the addressee. (FEDERAL) (As Noted.)

[X] **(BY FEDERAL EXPRESS)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **December 28, 2007** at Los Angeles, California.

Brigittte S. Travaglini
PRINT NAME                          SIGNATURE

PROOF OF SERVICE

1

NO. CV 04-9049 SGL (RNBx)

## SERVICE LIST

1

2

3   John B. Quinn, Esq.            John W. Keker, Esq.
    Michael T. Zeller, Esq.         Michael H. Page, Esq.
4   Jon D. Corey, Esq.             Keker & Van Nest, LLP
    Timothy L. Alger, Esq.         710 Sansome Street
5   Quinn Emanuel Urquhart Oliver &   San Francisco, CA 94111
    Hedges, LLP                  (415) 391-5400
6   865 South Figueroa Street, 10th Floor   (415) 397-7188 (Fax)
    Los Angeles, CA 90017-2543
7   (213) 443-3000             Attorneys for Carter Bryant
    (213) 443-3100 (Fax)        [Federal Express]
8

9   Attorneys for Mattel, Inc.
    [Personal Service]

10

11

12   Mark E. Overland, Esq.
     Alexander H. Cote, Esq.
     David C. Scheper, Esq.
13   Overland Borenstein Scheper & Kim
     300 South Grand Avenue, Suite 2750
14   Los Angeles, CA 90071
     (213) 613-4655
15   (213) 613-4656 (Fax)

16   Attorneys for Carlos Gustavo Machado
     Gomez
17   [Federal Express]

18

19

20

21

22

23

24

25

26

27

28

3

PROOF OF SERVICE                            NO. CV 04-9049 SGL (RNBx)

Exhibit 2, P. 29

# EXHIBIT 3

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 090378)
2       johnquinn@quinnemanuel.com
       Michael T. Zeller (Bar No. 196417)
3       (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
4       (joncorey@quinnemanuel.com)
       Timothy L. Alger (Bar No. 160303)
5       (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc. and Richard De
    Anda

9

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12                          EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

14          Plaintiff,                   Consolidated with Case Nos. CV 04-
                                         9059 and CV 05-2727
15      vs.
                                         MATTEL, INC.'S AND RICHARD DE
16  MATTEL, INC., a Delaware             ANDA'S OBJECTIONS AND
    corporation,                         RESPONSES TO MGA
17                                       ENTERTAINMENT, INC.'S
                                         SUBPOENA TO RICHARD DE
18          Defendant.                   ANDA

19  _____        Phase I:
    AND CONSOLIDATED ACTIONS            Discovery Cutoff:  January 28, 2008
20                                       Final Pretrial Conf.:  May 5, 2008
                                         Trial Date:  May 27, 2008
21

22

23

24

25

26

27

28
                    Exhibit _3_, P. _30_

07209/2352209.1

OBJECTIONS AND RESPONSES TO RICHARD DE ANDA SUBPOENA

1   Pursuant to <u>Rule 45</u> of the <u>Federal Rules of Civil Procedure</u>, Mattel,

2   Inc. and Richard De Anda object to MGA Entertainment, Inc.'s ("MGA") subpoena

3   requesting production of documents (the "Requests"), contained in Exhibit A to the

4   subpoena to Mr. De Anda as follows:

5

6                              **<u>GENERAL OBJECTIONS</u>**

7   Mattel and Mr. De Anda generally object to each of the Requests on

8   each and every one of the following grounds, which are incorporated into and made

9   a part of the response to each and every individual request:

10          1.   Mattel and Mr. De Anda object to the Requests on the grounds

11  and to the extent they call for the production of documents subject to the attorney-

12  client privilege, the attorney work product doctrine, the joint defense or common

13  interest privilege, the right to privacy of Mattel, Mr. De Anda and any other third

14  parties as set forth in the United States and/or California Constitutions, or any other

15  applicable law, privilege, immunity, doctrine or other ground of privilege.

16          2.   Mattel and Mr. De Anda object to the Requests on the grounds

17  and to the extent they are overly broad, unduly burdensome, and seek information

18  which is not relevant to the subject matter of this action nor reasonably calculated to

19  lead to the discovery of admissible evidence, including with respect to each and

20  every Request that seeks "all" documents which constitute, mention, refer or relate

21  to a given topic.

22          3.   Mattel and Mr. De Anda object to the Requests on the ground

23  and to the extent they seek trade secret, proprietary or otherwise confidential

24  information of Mattel, of Mr. De Anda and of third-parties or would violate the

25  terms of any agreement, contracts, understanding or obligations with or owed third

26  parties.

27

28                  Exhibit  3 , P. 31

-1-

OBJECTIONS AND RESPONSES TO RICHARD DE ANDA SUBPOENA

1       4.    Mattel and Mr. De Anda object to the Requests on the grounds

2   and to the extent the production of documents or information is violative of, or

3   otherwise prohibited by, the terms of contracts and agreements to which Mattel, Mr.

4   De Anda or any other relevant person or entity is a party.

5       5.    Mattel and Mr. De Anda object to the time and manner of

6   production purportedly required by the Requests.  Mr. De Anda will produce non-

7   privileged, responsive documents, if any, at a time and in manner mutually agreed

8   upon by the parties.

9

10   **RESPONSES TO REQUESTS FOR PRODUCTION**

11

12   **REQUEST FOR PRODUCTION NO. 1:**

13       All COMMUNICATIONS and/or DOCUMENTS REFERRING OR

14   RELATING TO MGA, Isaac Larian or any member of his family, and/or Carter

15   Bryant.

16

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

18       In addition to the general objections stated above and incorporated

19   herein by reference, Mattel and Mr. De Anda object to Request No. 1 on the grounds

20   that it is overbroad and unduly burdensome, including in that it seeks all documents

21   relating to these individuals and entities, regardless of whether such documents

22   relate to matters at issue in this case, and seeks documents that are not relevant to

23   this action or likely to lead to the discovery of admissible evidence.  Mattel and Mr.

24   De Anda further object to this Request on the grounds that it calls for the disclosure

25   of information subject to the attorney-client privilege, the attorney work-product

26   doctrine and other applicable privileges.  Mattel and Mr. De Anda further object to

27   this Request on the grounds that it is vague and ambiguous.  Mattel and Mr. De

28   Anda further object to this Request on the grounds that it seeks confidential,

-2-

OBJECTIONS AND RESPONSES TO RICHARD DE ANDA SUBPOENA

Exhibit  3 , P. 32

1   proprietary and trade secret information, including such information that has no

2   bearing on the claims or defenses in this case.

3           Non-privileged, responsive documents located after a reasonable search

4   and diligent inquiry relating to the claims and defenses in this action and consistent

5   with the Court's prior rulings have been produced from Mattel's Global Security

6   Department.  Richard De Anda possesses no responsive documents in his personal

7   files.

8

9   **REQUEST FOR PRODUCTION NO. 2:**

10          All COMMUNICATIONS and/or DOCUMENTS REFERRING OR

11  RELATING TO YOUR hiring or retention, including but not limited to by

12  MATTEL, in relation to MGA, Isaac Larian or any member of his family, and/or

13  Carter Bryant.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

16          In addition to the general objections stated above and incorporated

17  herein by reference, Mattel and Mr. De Anda object to Request No. 2 on the grounds

18  that it is overbroad and unduly burdensome, including in that it seeks all documents

19  on this subject, regardless of whether such documents relate to matters at issue in

20  this case, and seeks documents that are not relevant to this action or likely to lead to

21  the discovery of admissible evidence.  Mattel and Mr. De Anda further object to this

22  Request on the grounds that it calls for the disclosure of information subject to the

23  attorney-client privilege, the attorney work-product doctrine and other applicable

24  privileges.  Mattel and Mr. De Anda further object to this Request on the grounds

25  that it is vague, ambiguous and incomprehensible such that they cannot frame a

26  response to this Request.  Mattel and Mr. De Anda further object to this Request on

27  the grounds that it seeks confidential, proprietary and trade secret information that

28  has no bearing on the claims or defenses in this case.

-3-

OBJECTIONS AND RESPONSES TO RICHARD DE ANDA SUBPOENA

Exhibit 3 , P. 33

**REQUEST FOR PRODUCTION NO. 3:**

1    All COMMUNICATIONS and/or DOCUMENTS REFERRING OR
2    RELATING TO reports or results of any surveillance or investigation of MGA,
3    Isaac Larian or any member of his family, and/or Carter Bryant.

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

5    In addition to the general objections stated above and incorporated
6    herein by reference, Mattel and Mr. De Anda object to Request No. 3 on the grounds
7    that it is overbroad and unduly burdensome, including in that it seeks all documents
8    on this subject, regardless of whether such documents relate to matters at issue in
9    this case, and seeks documents that are not relevant to this action or likely to lead to
10   the discovery of admissible evidence.  Mattel and Mr. De Anda further object to this
11   Request on the grounds that it calls for the disclosure of information subject to the
12   attorney-client privilege, the attorney work-product doctrine and other applicable
13   privileges.  Mattel and Mr. De Anda further object to this Request on the grounds
14   that it is vague and ambiguous.  Mattel and Mr. De Anda further object to this
15   Request on the grounds that it seeks confidential, proprietary and trade secret
16   information that has no bearing on the claims or defenses in this case.

17   Non-privileged, responsive documents located after a reasonable search
18   and diligent inquiry relating to the claims and defenses in this action and consistent
19   with the Court's prior rulings have been produced from Mattel's Global Security
20   Department.  Richard De Anda possesses no responsive documents in his personal
21   files.

**REQUEST FOR PRODUCTION NO. 4:**

22   All COMMUNICATIONS and/or DOCUMENTS in the form of video,
23   digital, or audio recordings REFERRING OR RELATING TO any surveillance or

1  investigation of MGA, Isaac Larian or any member of his family, and/or Carter

2  Bryant.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

5           In addition to the general objections stated above and incorporated

6  herein by reference, Mattel and Mr. De Anda object to Request No. 4 on the grounds

7  that it seeks documents that are not relevant to this action or likely to lead to the

8  discovery of admissible evidence.  Mattel and Mr. De Anda further object to this

9  Request on the grounds that it is vague and ambiguous.

10          Mattel's Global Security Department possesses no responsive

11 documents.  Richard De Anda possesses no responsive documents in his personal

12 files.

13

14 **REQUEST FOR PRODUCTION NO. 5:**

15          All COMMUNICATIONS and/or DOCUMENTS REFERRING OR

16 RELATING TO the nature of the services or products provided by YOU, and the

17 names of any other owners, partners, proprietors, members, officers, directors,

18 representatives, employees or consultants, including any past or present officers,

19 directors, agents, employees, representatives, consultants, attorneys, parents,

20 subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting

21 in joint venture or partnership relationships with YOU, and any others acting on

22 YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

23

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

25          In addition to the general objections stated above and incorporated

26 herein by reference, Mattel and Mr. De Anda object to Request No. 5 on the grounds

27 that it is overbroad and unduly burdensome, including in that it seeks all documents

28 on this subject, regardless of whether such documents relate to matters at issue in

1   this case, and seeks documents that are not relevant to this action or likely to lead to

2   the discovery of admissible evidence. Mattel and Mr. De Anda further object to this

3   Request on the grounds that it calls for the disclosure of information subject to the

4   attorney-client privilege, the attorney work-product doctrine and other applicable

5   privileges. Mattel and Mr. De Anda further object to this Request on the grounds

6   that it is vague, ambiguous and incomprehensible such that Mattel and Mr. De Anda

7   cannot frame a response. Mattel and Mr. De Anda further object to this Request on

8   the grounds that it seeks confidential, proprietary and trade secret information,

9   including such information that has no bearing on the claims or defenses in this

10  case. Mattel and Mr. De Anda further object to this Request on the ground that it

11  seeks private and confidential information that cannot be produced by Richard N.

12  De Anda & Associates, Inc. without violating duties to third parties.

13

14  **REQUEST FOR PRODUCTION NO. 6:**

15          All COMMUNICATIONS and/or DOCUMENTS REFERRING OR

16  RELATING TO the time spent, including but not limited to any time records, by

17  DE ANDA on matters related to DE ANDA & ASSOCIATES from November 1997

18  to the present.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

21          In addition to the general objections stated above and incorporated

22  herein by reference, Mattel and Mr. De Anda object to Request No. 6 on the grounds

23  that it is overbroad and unduly burdensome, including in that it seeks all documents

24  on this subject, regardless of whether such documents relate to matters at issue in

25  this case, and seeks documents that are not relevant to this action or likely to lead to

26  the discovery of admissible evidence. Mattel and Mr. De Anda further object to this

27  Request on the grounds that it calls for the disclosure of information subject to the

28  attorney-client privilege, the attorney work-product doctrine and other applicable

OBJECTIONS AND RESPONSES TO RICHARD DE ANDA SUBPOENA

07209/2352209.1

Exhibit _3_, P. _36_

1  privileges. Mattel and Mr. De Anda further object to this Request on the grounds
2  that it is vague, ambiguous and incomprehensible such that Mattel and Mr. De Anda
3  cannot frame a response. Mattel and Mr. De Anda further object to this Request on
4  the grounds that it seeks confidential, proprietary and trade secret information,
5  including such information that has no bearing on the claims or defenses in this
6  case. Mattel and Mr. De Anda further object to this Request on the ground that it
7  seeks private and confidential information that cannot be produced by Richard N.
8  De Anda & Associates, Inc. without violating duties to third parties.
9
10  **REQUEST FOR PRODUCTION NO. 7:**
11         All COMMUNICATIONS and/or DOCUMENTS REFERRING OR
12  RELATING TO the time spent, including but not limited to any time records, by
13  any other person or persons employed by DE ANDA & ASSOCIATES from
14  November 1997 to the present.
15
16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**
17         In addition to the general objections stated above and incorporated
18  herein by reference, Mattel and Mr. De Anda object to Request No. 7 on the grounds
19  that it is overbroad and unduly burdensome, including in that it seeks all documents
20  on this subject, regardless of whether such documents relate to matters at issue in
21  this case, and seeks documents that are not relevant to this action or likely to lead to
22  the discovery of admissible evidence. Mattel and Mr. De Anda further object to this
23  Request on the grounds that it calls for the disclosure of information subject to the
24  attorney-client privilege, the attorney work-product doctrine and other applicable
25  privileges. Mattel and Mr. De Anda further object to this Request on the grounds
26  that it is vague, ambiguous and incomprehensible such that Mattel and Mr. De Anda
27  cannot frame a response. Mattel and Mr. De Anda further object to this Request on
28  the grounds that it seeks confidential, proprietary and trade secret information,

Exhibit 5, P. 37

1 including such information that has no bearing on the claims or defenses in this

2 case. Mattel and Mr. De Anda further object to this Request on the ground that it

3 seeks private and confidential information that cannot be produced by Richard N.

4 De Anda & Associates, Inc. without violating duties to third parties.

5

6 **REQUEST FOR PRODUCTION NO. 8:**

7      All COMMUNICATIONS and/or DOCUMENTS REFERRING OR

8 RELATING TO revenue, expenses and income of DE ANDA & ASSOCIATES

9 from 1997 to the present, including but not limited to invoices, bank statements and

10 tax returns.

11

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

13      In addition to the general objections stated above and incorporated

14 herein by reference, Mattel and Mr. De Anda object to Request No. 8 on the grounds

15 that it is overbroad and unduly burdensome, including in that it seeks all documents

16 on this subject, regardless of whether such documents relate to matters at issue in

17 this case, and seeks documents that are not relevant to this action or likely to lead to

18 the discovery of admissible evidence. Mattel and Mr. De Anda further object to this

19 Request on the grounds that it calls for the disclosure of information subject to the

20 attorney-client privilege, the attorney work-product doctrine and other applicable

21 privileges. Mattel and Mr. De Anda further object to this Request on the grounds

22 that it is vague, ambiguous and incomprehensible such that Mattel and Mr. De Anda

23 cannot frame a response. Mattel and Mr. De Anda further object to this Request on

24 the grounds that it seeks confidential, proprietary and trade secret information,

25 including such information that has no bearing on the claims or defenses in this

26 case. Mattel and Mr. De Anda further object to this Request on the ground that it

27 seeks private and confidential information of both Mr. De Anda and of De Anda &

28 Associates, whose financial information is not at issue in this case.

OBJECTIONS AND RESPONSES TO RICHARD DE ANDA SUBPOENA

Exhibit 3, P. 38

07209/2352209.1

**REQUEST FOR PRODUCTION NO. 9:**

All COMMUNICATIONS and/or DOCUMENTS REFERRING OR RELATING TO any consulting or expert reports, including but not limited to the reports and curriculum vitae, provided by YOU from 1997 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the general objections stated above and incorporated herein by reference, Mattel and Mr. De Anda object to Request No. 9 on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel and Mr. De Anda further object to this Request on the grounds that it is vague and ambiguous. Mattel and Mr. De Anda further object on the grounds that it seeks information protected from disclosure by the consulting expert privileges, the attorney-client privilege, the work product doctrine, the rape shield laws and other laws protecting the identities of victims (including minors) from disclosure and protective orders entered by other Courts. Mattel and Mr. De Anda further object on the grounds that the Request seeks information protected by privacy laws.

Mr. De Anda will produce his most recent curriculum vitae.

**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS and/or DOCUMENTS REFERRING OR RELATING TO hiring or retention agreements entered into between YOU and YOUR customers and clients.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the general objections stated above and incorporated herein by reference, Mattel and Mr. De Anda object to Request No. 10 on the grounds that it is overbroad and unduly burdensome, including in that it seeks all

07209/2352209.1

Exhibit _5_, P._39_

-9-

OBJECTIONS AND RESPONSES TO RICHARD DE ANDA SUBPOENA

1  documents on this subject, regardless of whether such documents relate to matters at

2  issue in this case, and seeks documents that are not relevant to this action or likely to

3  lead to the discovery of admissible evidence.  Mattel and Mr. De Anda further

4  object to this Request on the grounds that it is vague and ambiguous.  Mattel and

5  Mr. De Anda further object to this Request on the grounds that it seeks confidential,

6  proprietary and trade secret information that has no bearing on the claims or

7  defenses in this case.  Mattel and Mr. De Anda further object on the grounds that it

8  seeks information protected from disclosure by the consulting expert privileges, the

9  attorney-client privilege, the work product doctrine, the rape shield laws and other

10  laws protecting the identities of victims (including minors) from disclosure and

11  protective orders entered by other Courts.  Mattel and Mr. De Anda further object on

12  the grounds that the Request seeks information protected by privacy laws.  Mattel

13  and Mr. De Anda further object to this Request on the ground that it seeks private

14  and confidential information that cannot be produced by Richard N. De Anda &

15  Associates, Inc. without violating duties to third parties.

16

17  **REQUEST FOR PRODUCTION NO. 11:**

18          All COMMUNICATIONS and/or DOCUMENTS REFERRING OR

19  RELATING TO MATTEL, including but not limited to COMMUNICATIONS

20  and/or DOCUMENTS REFERRING OR RELATING TO DE ANDA'S

21  employment with MATTEL, including but not limited to any agreements

22  DE ANDA signed or was asked to sign with MATTEL.

23

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

25          In addition to the general objections stated above and incorporated herein by

26  reference, Mattel and Mr. De Anda object to Request No. 11 on the grounds and

27  seeks documents that are not relevant to this action or likely to lead to the discovery

28  of admissible evidence.  Mattel and Mr. De Anda further object to this Request on

Exhibit 3 , P. 40

1   the grounds that it calls for the disclosure of information subject to the attorney-

2   client privilege, the attorney work-product doctrine and other applicable privileges.

3   Mattel and Mr. De Anda further object to this Request on the grounds that it is

4   vague and ambiguous.  Mattel and Mr. De Anda further object to this Request on the

5   ground that it seeks private and confidential information.

6        Subject to and without limiting the foregoing general and specific

7   objections, Mr. De Anda will produce documents sufficient to show Mattel's

8   knowledge and approval of Richard De Anda's secondary employment.

9

10  DATED:  January 14, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

11

12                                    By _____
                                          Jon D. Corey
13                                        Attorneys for Mattel, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

OBJECTIONS AND RESPONSES TO RICHARD DE ANDA SUBPOENA

Exhibit ___3___, P. _41_

# EXHIBIT 4

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

———

TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

DIRECT DIAL
(213) 687-5514
DIRECT FAX
(213) 621-5514
EMAIL ADDRESS
MMUMFORD@SKADDEN.COM

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
NEWARK
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 18, 2008

VIA FACSIMILE

Jon D. Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:   *Mattel v. Bryant*

Dear Jon:

I write to request an expedited meet and confer session pursuant to paragraph 5 of the Discovery Master Stipulation to address the improper objections and responses by Mattel and Richard De Anda to MGA's subpoena to Mr. De Anda.

First, the objections regarding trade secret, proprietary, or otherwise confidential information are improper. As stated in Mr. Zeller's December 13, 2007 letter, the Court has entered a Protective Order in this case that allows parties and nonparties to designate information as confidential. If Mr. De Anda possesses documents within the scope of MGA's Subpoena that Mr. De Anda believes contain trade secret, proprietary, or otherwise confidential information, the only proper course of action is for him to designate those documents "attorneys' eyes only."

Second, your relevance, overbreadth and burden objections are without merit. The subpoena seeks documents regarding investigations conducted by Mr. De Anda into MGA, Mr. Larian and Mr. Bryant. These documents are directly relevant to, among other things, the statute of limitations and laches defenses. The subpoena also seeks documents and information regarding Mr. De Anda's work outside of Mattel, as he testified to during his deposition. These documents are directly relevant to this case because they may help establish Mattel's interpretation of the Employee Inventions Agreement and Employment Policies regarding secondary employment. *See Warner Bros., Inc. v. Curtis Management Group, Inc.*, 1995 WL 420043, at *12 (C.D. Cal. March 31, 1993) (The evidence offered by Defendants at trial as to WB's understanding of the scope of its rights under similar agreements with other performers also proves that WB found itself bound by the time restrictions on its use of its performers' 'names and likenesses,' ignored the words 'or otherwise'

Exhibit __4__, P. __32__

Jon D. Corey, Esq.
January 18, 2008
Page 2

as they related to 'acts, poses, plays and appearances,' and instructed its licensees accordingly.").

Finally, the objections do not show or state that Quinn Emanuel represents Richard N. De Anda & Associates.  As you recall, Mr. De Anda testified at his deposition that you did not represent him in that capacity.  Please advise immediately if, in fact, you now do so represent him.

Please let me know when you are available to meet and confer on these issues.  If we do not reach a resolution, we intend to seek relief from the Discovery Master.

Sincerely,

Marcus R. Mumford

cc: Christa Anderson

Exhibit 4 , P. 53

## Confirmation Report — Memory Send

Time    : 01-18-2008   06:00pm
Tel line : +2136875291
Name    : SASMF LA 30FL

| | | |
|---|---|---|
| Job number | : | 161 |
| Date | : | 01-18  05:59pm |
| To | : | 94433100 |
| Document pages | : | 009 |
| Start time | : | 01-18  05:59pm |
| End time | : | 01-18  06:00pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 161         *** SEND SUCCESSFUL ***

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144
TELEPHONE No.: (213) 687-5000
FACSIMILE No.: (213) 687-5600
EMAIL: MMUMFORD@skadden.com

### FACSIMILE TRANSMITTAL SHEET

FROM: **Marcus Mumford**                    DATE: **January 18, 2008**
DIRECT DIAL: **(213) 687-5514**              FLOOR/OFFICE No.: **36**
DIRECT FACSIMILE: **(213) 621-5514**

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN RECEIVING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5543.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):        3

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| | | |
|---|---|---|
| 1. | NAME: **Jon D. Corey, Esq.** | FIRM: **Quinn Emanuel Urquhart, etc.** |
| | CITY: **Los Angeles** | TELEPHONE No.: **(213) 443-3000** |
| | FACSIMILE No.: **(213) 443-3100** | |
| 2. | NAME: **Christa M. Anderson, Esq.** | FIRM: **Keker & Van Nest, LLP** |
| | CITY: | TELEPHONE No.: **(415) 391-5400** |
| | FACSIMILE No.: **(415) 397-7188** | |

MESSAGE: **Please see attached letter.**

Exhibit   3   , P.34

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 300 SOUTH GRAND AVENUE
### LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE NO.: (213) 687-5000
FACSIMILE NO.: (213) 687-5600

EMAIL: mmumford @skadden.com

### FACSIMILE TRANSMITTAL SHEET

FROM: Marcus Mumford                DATE: January 18, 2008

DIRECT DIAL: (213) 687-5514         FLOOR/OFFICE NO.: 36

DIRECT FACSIMILE: (213) 621-5514

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   3

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.  NAME: Jon D. Corey, Esq..          FIRM: Quinn Emanuel Urquhart, etc.
    CITY: Los Angeles                  TELEPHONE NO.: (213) 443-3000
    FACSIMILE NO.: (213) 443-3100

2.  NAME: Christa M. Anderson, Esq.    FIRM: Keker & Van Nest, LLP
    CITY:                              TELEPHONE NO.: (415) 391-5400
    FACSIMILE NO.: (415) 397-7188

MESSAGE: Please see attached letter.

Exhibit 4, P. 35

# Confirmation Report — Memory Send

Time      : 01-18-2008   05:02pm
Tel line  : +2136875291
Name      : SASMF LA 38FL

| | | |
|---|---|---|
| Job number | : | 162 |
| Date | : | 01-18  05:01pm |
| To | : | 914153977188 |
| Document pages | : | 003 |
| Start time | : | 01-18  05:01pm |
| End time | : | 01-18  05:02pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number  : 162          *** SEND SUCCESSFUL ***

---

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
### 300 SOUTH GRAND AVENUE
### LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE No.: (213) 687-5000
FACSIMILE No.: (213) 687-5600
EMAIL: MMUMFORD @skadden.com

### FACSIMILE TRANSMITTAL SHEET

FROM: Marcus Mumford                                    DATE: January 18, 2008
DIRECT DIAL: (213) 687-5514                             FLOOR/OFFICE No.: 36
DIRECT FACSIMILE: (213) 621-5514

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LEGAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES (INCLUDING COVER(S)):  3

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.  NAME:  Jon D. Corey, Esq.                      FIRM:  Quinn Emanuel Urquhart, etc.
    CITY:  Los Angeles                             TELEPHONE No.:  (213) 443-3000
    FACSIMILE No.:  (213) 443-3100

2.  NAME:  Christa M. Anderson, Esq.               FIRM:  Keker & Van Nest, LLP
    CITY:                                          TELEPHONE No.:  (415) 391-5400
    FACSIMILE No.:  (415) 397-7188

MESSAGE:  Please see attached letter.

Exhibit 4, P. 36

# EXHIBIT 5

Transcript of Proceedings [Infante]   1/3/2008  11:05:00 AM

1

```
 1          UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA
 2               EASTERN DIVISION
 3   CARTER BRYANT, an
     individual,
 4
            Plaintiff,
 5
        vs.              No. CV 04-9049 SGL
 6                             (RNBx)
     MATTEL, INC., a Delaware
 7   corporation,
 8          Defendants.
 9
10   _____
     Consolidated with MATTEL, INC. v.
11   BRYANT and MGA ENTERTAINMENT, INC.
     v. MATTEL, INC.
12   _____
13
14   HEARING BEFORE THE HONORABLE EDWARD A. INFANTE
15          San Francisco, California
16          Thursday, January 3, 2008
17
18
19
20
21   Reported by:
     DANA M. FREED
22   CSR No. 10602
23   JOB No. 79867
24
25
```

3

```
 1   APPEARANCES:
 2
 3   For the Plaintiff CARTER BRYANT, an individual:
 4     KEKER & VAN NEST LLP
       BY: MATTHEW M. WERDEGAR
 5         JOHN TRINIDAD
       Attorneys at Law
 6     710 Sansome Street
       San Francisco, California 94111-1704
 7     415.391.5400
 8   For the Defendant MATTEL, INC., a Delaware
     corporation:
 9
10     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       BY: JON COREY
11         TIMOTHY L. ALGER
           B. DYLAN PROCTOR
12     Attorneys at Law
       865 Figueroa Street, 10th Floor
13     Los Angeles, California 90017
       213.443.3000
14   For the Defendants MGA Entertainment, Inc., MGA
     Entertainment (HK) Limited, and Isaac Larian:
15
16     SKADDEN ARPS SLATE MEAGHER & FLOM LLP
       BY: RAGUL D. KENNEDY
17         AMY S. PARK
       Attorneys at Law
18     Four Embarcadero Center, 38th Floor
       San Francisco, California 94111-5974
19     415.984.6400
20   Also Present:
21     MAUREEN McCUAIG
22
23
24
25
```

2

```
 1          UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA
 2               EASTERN DIVISION
 3   CARTER BRYANT, an
     individual,
 4
            Plaintiff,
 5
        vs.              No. CV 04-9049 SGL
 6                             (RNBx)
     MATTEL, INC., a Delaware
 7   corporation,
 8          Defendants.
 9
10   _____
     Consolidated with MATTEL, INC. v.
11   BRYANT and MGA ENTERTAINMENT, INC.
     v. MATTEL, INC.
12   _____
13
14        Hearing before the Honorable EDWARD A. INFANTE,
15   at JAMS, Two Embarcadero Center, Suite 1500, San Francisco,
16   California, beginning at 1:30 p.m. and ending at 4:05 p.m.
17   on Thursday, January 3, 2008, before DANA M. FREED,
18   Certified Shorthand Reporter No. 10602.
19
20
21
22
23
24
25
```

4

```
 1   San Francisco, California, Thursday, January 3, 2008
 2        1:30 p.m. - 4:05 p.m.
 3
 4        JUDGE INFANTE: This is a hearing on various
 5   motions to compel discovery. I'd like counsel to
 6   enter their appearances, please, first from Mattel.
 7        MR. COREY: Jon Corey on behalf of Mattel.
 8        MR. ALGER: Timothy Alger on behalf of
 9   Mattel.
10        MR. PROCTOR: B. Dylan Proctor for Mattel.
11        MR. TRINIDAD: John Trinidad for Carter Bryant.
12        MR. WERDEGAR: Mathew Werdegar for Carter Bryant.
13        MS. PARK: Amy Park for MGM Industries and
14   Isaac Larian.
15        MR. KENNEDY: Raoul Kennedy also for the MGA
16   entities and Mr. Larian.
17        JUDGE INFANTE: There are several motions
18   that have been filed since our last hearing date.
19   There was one motion that was not heard at our last
20   hearing date, which was MGA's motion with respect to
21   30(b)(6) bandying of witnesses. I indicated I was not
22   prepared to hear that motion, because the day before
23   the hearing there was a letter indicating the parties
24   were still attempting to meet and confer regarding
25   that motion. I would like to begin by finding out
```

Transcript of Proceedings [Infante]   1/3/2008  11:05:00 AM

37

1    But interestingly, none of the topics that are at
2    issue here talk about suspicion, they talk about
3    actual knowledge.  And that knowledge is November
4    24th, 2003.  So if you would like us to produce a
5    witness to testify about that, we're more than happy
6    to do that.
7        I do appreciate that the Court is considering
8    putting a date limitation on some of these.  But with
9    respect to Topic 19, I don't believe that the date
10   limitation is sufficient to put that in, to make that
11   sufficiently reasonably particularized that Mattel
12   really can prepare a witness to address that.  Because
13   that really is anything Mattel did with respect to
14   Bratz in any regard, prior to November 23rd, 2003.
15       And I mean, that could be things from
16   creating -- Bratz had been on the market for two years
17   by November 24th, 2003.  And so that really could be
18   anything.  It could be advertising campaigns, anything
19   like that.  And I don't think that at least with
20   respect to these particular types of topics, that's
21   the type of information that's being sought.
22       And then the last point that I would make is
23   that I do believe that Topic No. 21 has been
24   withdrawn.  That was part of the meet and confer in
25   2005, which was confirmed in Judge Block's order,

38

1    whose -- the date has escaped me.
2        JUDGE INFANTE:  Do you want to respond?
3        MR. KENNEDY:  Briefly.  First, Topic 21 was
4    tabled, not withdrawn.  And I am realizing some
5    political forums, those may be one and the same, but
6    I don't think that was the intent here.  Beyond that,
7    and I don't mean to sound flippant, but I think
8    Mr. Corey has given a very good argument in support of
9    the summary judgment motion --
10       JUDGE INFANTE:  Exactly.
11       MR. KENNEDY:  -- that at some point Mattel
12   might well bring on these claims, but we're not at the
13   summary judgment stage, this is about discovery.
14   Unless Your Honor has questions, I'm prepared to
15   submit.
16       JUDGE INFANTE:  You're right.  It's a
17   discovery motion, not a motion for summary judgment.
18   The question is whether or not the topics are
19   relevant, whether or not they give reasonable and
20   particular notice to the corporate deponents as to the
21   topics upon which witnesses should be adequately
22   prepared.  Whether or not they're reasonable or
23   present undue burden, et cetera, et cetera.  The
24   standard here is Rule 26.
25       Mattel's objections to producing a witness on

39

1    these topics is overruled.  All their objections are
2    overruled.  Your motion is granted as to Topics 15,
3    16, 17, 18, 19 and 21.  The motion is not granted as
4    to 26 at this time.  It's simply deferred.
5        I am imposing a date limitation on topics,
6    I guess it would be 18 -- I'm sorry, 19, 19 and 21,
7    And the date limitation is prior to November 24, 2003.
8    No other limitations.
9        You may prepare the order.  The order shall
10   be complied with prior to January 26, 2008.
11       MR. KENNEDY:  Yes, Your Honor.
12       MR. COREY:  Thank you, Your Honor.
13       JUDGE INFANTE:  To the extent there are any
14   motions for sanctions brought by either party, all
15   motions for sanctions are denied.
16       The next motion I'd like to consider is the
17   Joint Motion of MGA and Carter Bryant to Compel the
18   Deposition of Robert Eckert who is the CEO and
19   chairman of Mattel.  The motion was filed
20   December 11th, the opposition was received
21   December 18th.  Their reply was received
22   December 21st.  I've read all the papers.
23       MR. KENNEDY:  Unless Your Honor has
24   questions, I don't have anything to add to the showing
25   that was made there.

40

1        JUDGE INFANTE:  Okay.  It's submitted.
2    Mattel may make any remarks it wishes.
3        MR. ALGER:  Your Honor, Tim Alger for Mattel.
4        The question here is what's a reasonable time
5    for MGA and Mr. Bryant to obtain testimony from
6    Mr. Eckert.
7        JUDGE INFANTE:  Precisely.
8        MR. ALGER:  And although MGA and Bryant's
9    papers talk about a deprivation of the deposition, so
10   forth, that's not the case at all.  It's just a matter
11   of, you know, what's a reasonable amount of time.  We
12   clearly have an apex rule situation here.
13       And the only unique noncumulative testimony
14   that they -- that MGA and Bryant identified that
15   Mr. Eckert can provide deals with an anonymous letter
16   investigation, receipt of anonymous letter and
17   follow-up investigation in August of '02.  And we
18   think that one hour is sufficient for that.
19       There is some generalized claims that
20   MGA/Bryant raised about 120 documents out of 200,
21   almost 300,000 documents.  Mr. Eckert's mentioned in
22   120 of them, half of them are press clippings.
23   Mr. Eckert clearly is quoted in the press, and there's
24   press releases about generalized statements about
25   Mattel's performance in the marketplace.  Those

# EXHIBIT 6

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:   tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No.  40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, California  94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8  Email:   rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA
10 ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.

11

12                 UNITED STATES DISTRICT COURT

13               CENTRAL DISTRICT OF CALIFORNIA

14
   CARTER BRYANT, an individual       )   CASE NO. CV 04-9049 SGL (RNBx)
15                                     )
                Plaintiff,             )   Consolidated with Case No. 04-9059
16                                     )   and Case No. 05-2727
      v.                              )
17                                     )   **DISCOVERY MATTER**
   MATTEL, INC., a Delaware            )
18 corporation                        )   Discovery Master Hon. Edward A.
                                       )   Infante (Ret.)
19              Defendant.            )
                                       )   [PROPOSED] ORDER REGARDING
20                                     )   MGA AND CARTER BRYANT'S
                                       )   JOINT MOTION TO OVERRULE
21                                     )   MATTEL'S RELEVANCE
                                       )   OBJECTIONS AND COMPEL
22                                     )   DISCOVERY RELEVANT TO
                                       )   STATUE OF LIMITATIONS AND
23                                     )   LACHES DEFENSES
                                       )
24 Consolidated with MATTEL, INC. v.   )
25 BRYANT and MGA                      )
   ENTERTAINMENT, INC. v.              )   **Phase I:**
26 MATTEL, INC.                        )   Discovery Cut-Off:   January 28, 2008
                                       )   Pre-Trial Conference: May 5, 2008
27                                     )   Trial Date:      May 27, 2008
                                       )
28                                     )

07209/2345649.1              [PROPOSED] ORDER

                      Exhibit 6, p. 39

MGA and Carter Bryant's Joint Motion to Overrule Mattel's Relevance Objections and Compel Discovery Relevant to Statue of Limitations and Laches Defenses came on for hearing before me on January 3, 2008. MGA and Bryant having withdrawn their request that Mattel supplement its discovery responses, and the matter having otherwise been fully briefed and argued, and good cause appearing, IT IS HEREBY ORDERED THAT:

1.   The motion is GRANTED as to Topics 15, 16, 17, 18, 19, 20 and 21 in Carter Bryant's Rule 30(b)(6) Deposition Notice. All of Mattel's objections as to those topics are overruled, as the information sought is relevant, *inter alia*, to MGA's and Bryant's statute of limitations and laches defenses. Topics 19 and 21 are narrowed to the time period prior to November 24, 2003;

2.   Mattel shall produce a competent and adequately prepared Rule 30(b)(6) witness or witnesses for deposition on Topics 15, 16, 17, 18 and 20 and Topics 19 and 21 as temporally narrowed by the Discovery Master. Mattel shall have complied with this Order by January 28, 2008.

3.   A ruling on the Motion with respect to Topic 26 is deferred for consideration in connection with MGA's Motion To Compel Regarding Mattel's Privilege Waiver By Claim Assertion.

**IT IS SO ORDERED.**

DATED: _Jan. 9_, 2008

_[signature]_

Hon. Edward A. Infante (Ret.)
Discovery Master

1
[PROPOSED] ORDER

Exhibit _6_, P._40_

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 10, 2008, I served the attached: (1) ORDER REGARDING MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF IMPROPERLY WITHHELD MGA DOCUMENT SHOWING MGA'S AND BRYANT'S MISREPRESENTATIVEIONS TO THE PATENT OFFICE IN CONNECTION WITH BRATZ AND TO COMPEL 30(B)(6) TESTIMONY; (2) ORDER REGARDING MGA AND CARTER BRYANT'S JOINT MOTION TO COMPEL THE DEPOSITION TESTIMONY OF ROBERT ECKERT; and (3) ORDER REGARDING MGA AND CARTER BRYAN'TS JOINT MOTION TO OVERRULE MATTEL'S RELEVANCE OBJECTIONS AND COMPEL DISCOVERY RELEVANT TO STATUE OF LIMITATIONS AND LACHES DEFENSES in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on January 10, 2008, at San Francisco, California.

_Sandra Chan_

Sandra Chan

Exhibit __6__, P. __41__

# EXHIBIT 7



QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT
JAN - 4 2005
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware
Corporation,

                    Plaintiff,

        v.

CARTER BRYANT, an individual; and
DOES 1 through 10, inclusive,

                    Defendants.

CARTER BRYANT, on behalf of
himself, all present and former
employees of Mattel, Inc., and the
general public,

                    Counter-Claimant,

        v.

MATTEL, INC., a Delaware
Corporation,

                    Counter-Defendant.

CASE NO. CV 04-9059 NM (RNBx)

STIPULATED PROTECTIVE
ORDER; AND

[PROPOSED] ORDER

[Discovery Matter]

DOCKETED ON CM
JAN - 5 2005
BY                006

54

07272/625591.2

PROTECTIVE ORD

## GOOD CAUSE STATEMENT

1  
2  
3        Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-
4  defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned
5  litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment,
6  Inc. are each referred to herein as a "Party" and collectively are the "Parties.")
7        In this Action, Mattel has alleged, and defendants dispute, that Bryant
8  worked for and otherwise aided and assisted MGA while defendant was employed by
9  Mattel as a designer, in violation of his contractual and other legal duties to Mattel.
10       All parties believe that they will or may be required to produce or
11 disclose in this Action, and that nonparties may produce or disclose, information that
12 is trade secret, proprietary, confidential and/or is of a private or personal nature and
13 that, if disclosed in this Action without restriction on its use or further disclosure,
14 may cause disadvantage, harm, damage and loss to the disclosing Party or to the
15 disclosing nonparty.
16       In addition, the Parties are currently in a competitive relationship in the
17 toy industry, with Mattel and MGA operating as manufacturers and marketers of
18 dolls, toys and other products and Bryant working at this time as a contractor for a
19 Mattel competitor, MGA, and further anticipate that nonparty competitor information
20 may be produced or disclosed in this Action.
21       In particular, without prejudice to any Party's right to object to or resist
22 disclosure of such categories of information on relevance or any other grounds, the
23 Parties currently anticipate that categories of such trade secret, proprietary,
24 confidential and/or private documents and other information that may be disclosed
25 in discovery by the Parties and by nonparties will or may include:
26       (1)   Personnel files and other private or confidential employment,
27 contractor or vendor information;
28

-2-

PROTECTIVE ORDER

Exhibit Z , P. 43

(2)    The specific terms of agreements with, and information received from, third parties that a Party is required to disclose only under conditions of confidentiality;

(3)    Personal or private financial information, and confidential financial data that is not known generally to the trade or to competitors, including financial data relating to specific sales, cost and profit information for specific products and product lines; and

(4)    Business plans and product information that are not known generally to the trade or to competitors, including non-public information relating to product development and design.

WHEREFORE, believing that good cause exists, the Parties HEREBY STIPULATE that, subject to the Court's approval, the following procedures shall be followed in this Action to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of confidential or proprietary information:

## SCOPE OF THIS ORDER

1.    This Protective Order shall apply to trade secret, confidential and proprietary information, documents and things that are produced or disclosed in any form during the course of the Action by any Party or any nonparty:

(a)    through discovery;

(b)    in any pleading, document or other writing; or

(c)    in testimony given at a deposition.

(The foregoing information, documents and things shall be referred to hereinafter collectively as "Litigation Materials.")

07272/625581.2

-3-

PROTECTIVE ORDER

Exhibit 7 , P. 44

### CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

2. Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below. The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature. The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

### MANNER OF DESIGNATION OF MATERIALS

3. A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a) Documents or Things. "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

07272/625581.2

-4-

PROTECTIVE ORDER

Exhibit 7, P. 45

obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

(b)   Interrogatory Answers and Responses to Requests for Admissions. In answering any interrogatory or request for admission, or any part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c) . Deposition Testimony. Any Party or nonparty giving deposition testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired, the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or alternatively by designating the entire testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after receipt of the transcript of the testimony. The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

PROTECTIVE ORDER

Exhibit __7__, P. __46__

A Party or nonparty also may make the above-referenced designation of confidentiality in writing and within fourteen (14) calendar days of the receipt by said Party or nonparty of the transcript of said testimony. In that event, said portion of the transcript will be treated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of this Protective Order, except that it will not be separately bound. If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to paragraphs 5 and 6 hereof shall be excluded from the room in which the deposition testimony is given.    Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of the transcript by counsel for the designating Party or nonparty. The Party or nonparty designating the testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen (14) calendar day period described above, specifically designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously designated as such, by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information. Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control.  Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

-6-

Exhibit 7, P. 47

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)   Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)   Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

272/625581.2

-7-

PROTECTIVE ORDER

Exhibit __7__, P.48

1  be fully subject to this Protective Order. No Party shall incur liability for any
2  disclosures made prior to notice of such designation, except to the extent that
3  any such disclosures occurred prior to the seven (7) day period described above
4  or prior to such other time periods as are provided by this Protective Order,
5  including without limitation such time periods as are provided in Paragraph
6  3(c) above.

7

8  <u>RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS</u>

9

10       4.    Any Litigation Materials produced or disclosed in this Action,
11  whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL --
12  ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such
13  information for purposes of litigation and not for any other purpose, including
14  without limitation for any business or trade purpose.  As used herein, the term
15  "litigation" shall mean preparation for, participation in and prosecution and defense
16  of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in
17  connection with any mediation or other alternative dispute resolution procedure that
18  this or any other court may order or that the Parties may agree to.

19       5.    Subject to Paragraph 7 herein, and unless as otherwise ordered by
20  the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be
21  disclosed to any person other than:

22            (a)    the attorneys for the Parties and their partners, shareholders,
23  associates, document clerks and paralegals who are necessary to assist such
24  attorneys;

25            (b)    secretaries, stenographers and other office or clerical
26  personnel employed by said attorneys and who are necessary to assist such
27  attorneys;

28

07272/625581.2

-8-

PROTECTIVE ORDER

Exhibit 7, P. 49

(c)   a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)   the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)   such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)   outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)   professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)   independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)   non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

PROTECTIVE ORDER

07272/625581.2

Exhibit 7, P. 50

6.     Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)     the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)     secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)     such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

-10-

07272/625581.2

PROTECTIVE ORDER

Exhibit 7, P. 51

1     (g)     professional court reporters engaged to transcribe

2     deposition testimony, professional videographers engaged to videotape

3     deposition testimony and translators.

4          7.     None of the following is bound by or obligated under this Order

5   in any respect and specifically are not bound or obligated to treat information

6   designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

7   ONLY" in any particular manner: The Court hearing this Action (including the Court

8   having jurisdiction of any appeal), Court personnel, court reporters working for the

9   Court, translators working for the Court, or any jury impaneled in this Action.

10         8.     Other than those identified in Paragraph 7 above, each person to

11   whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL --

12   ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this

13   Protective Order and agree to be bound by it before disclosure to such persons of any

14   such information.  The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall

15   not have access to either "CONFIDENTIAL" or  "CONFIDENTIAL --

16   ATTORNEYS' EYES ONLY" information, as the case may be, until they have

17   certified that they have read this Protective Order and have manifested their assent

18   to be bound thereby by signing a copy of the Assurance of Compliance attached

19   hereto as Exhibit A.  Once a person has executed such an Assurance of Compliance,

20   it shall not be necessary for that person to sign a separate Assurance of Compliance

21   each time that person is subsequently given access to confidential material.  Any

22   person who signed an Assurance of Compliance in connection with the Stipulation

23   for Protection of Confidential Information and Protective Order filed September 16,

24   2004 in Mattel Inc. v. Bryant, Case No. BC 314398, pending in Los Angeles County

25   Superior Court, need not re-sign the Assurance of Compliance attached hereto but

26   shall, by virtue of his or her prior signature, be deemed to have signed the attached

27   Assurance of Compliance.

28

07272/625581.2

-11-

PROTECTIVE ORDER

Exhibit _E_, P. _52_

9.    The failure of any Party to object to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

10.    If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the Local Rules.  Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11.    Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12.    The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

07272/625581.2

PROTECTIVE ORDER

13.   If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty.   The receiving Party shall promptly return to the producing Party or nonparty the inadvertedly disclosed document and all copies of such document.  Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14.   Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

## <u>FILING AND USE IN COURT OF DESIGNATED MATERIALS</u>

15.   Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

PROTECTIVE ORDER

Exhibit __7__, P. __54__

1  Rule may be amended from time to time.  Prior to the time that a Party receiving the
2  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"
3  information from any other Party files with the Court an application and the other
4  materials required by Local Rule 79-5.1, as such Rule may be amended from time to
5  time, to seal the producing Party's confidential information, the receiving Party shall
6  consult with the producing Party's attorney to determine whether the producing Party
7  will re-designate the previously designated confidential information so as to avoid the
8  need for the request to file such information under the seal.  Upon the default of a
9  Party to seek the Court's approval to file a document containing "CONFIDENTIAL"
10 or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any
11 Party may subsequently seek the approval of the Court to file that document under
12 seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule
13 may be amended from time to time.

14
15         ## THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS
16
17         16.    If any Party or nonparty receives a subpoena or document request
18 from a third party which purports to require the production of materials in that Party's
19 possession which have previously been designated as "CONFIDENTIAL" or
20 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,
21 the Party or nonparty receiving such subpoena or document request (a) shall object
22 and refuse to produce documents absent a Court Order or the consent of the Party or
23 nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL
24 -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who
25 designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --
26 ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,
27 and (c) shall not oppose any effort by the Party or nonparty which designated the
28 material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

07272/625581.2
                                    -14-

Exhibit __7__, P. __55__

ONLY" to quash the subpoena or obtain a protective order limiting discovery of such material.

## DISCOVERY FROM NONPARTIES

17.  Discovery of nonparties may involve receipt of information, documents, things or testimony which include or contain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information. A nonparty producing such material in this case may designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it produces in the same manner provided for in this Protective Order with respect to material furnished by or on behalf of the Parties.  Any Party may also designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any materials or information produced by a nonparty that constitute "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating Party under Paragraph 2 of this Protective Order, regardless of whether the producing nonparty has also so designated.  In addition, a nonparty may also designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any materials or information produced by a Party that constitute "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such nonparty under Paragraph 2 of this Protective Order, regardless of whether the producing Party has also so designated.  In either such an event, the designation providing for the greater level of protection for the material information shall control, subject to Paragraph 10 of this Protective Order.  Nonparty materials designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a nonparty or Party shall be governed by the terms of this Protective Order.

Exhibit _F_, P. _56_

## CONCLUSION OF LITIGATION

18.    Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties. Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.    The provisions of this Stipulation and Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

-16-

07272/625581.2

PROTECTIVE ORDER

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4         **IT IS SO STIPULATED.**

5

6  DATED: December 22, 2004        QUINN EMANUEL URQUHART
                                    OLIVER & HEDGES, LLP
7

8                                  By _____
9                                     Jon Corey
                                      Attorneys for Plaintiff
10                                    Mattel, Inc.

11 DATED: December __, 2004         LITTLER MENDELSON

12

13                                 By _____
                                      Douglas A. Wickham
14                                    Attorneys for Defendant
                                      Carter Bryant
15

16 DATED: December __, 2004         O'MELVENY & MEYERS, LLP

17

18                                 By _____
                                      Diana M. Torres
19                                    Attorneys for Intervenor-Defendant
                                      MGA Entertainment, Inc.
20

21         **IT IS SO ORDERED.**

22

23 DATED: ___1/4/05___

24                                 THE HONORABLE ROBERT N. BLOCK
                                   United States Magistrate Judge
25

26

27

28

07272/625581.2                     -17-
                                                        **PROTECTIVE ORDER**

Exhibit 7, P. 58

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the
2  rules of the Court.

3

4      IT IS SO STIPULATED.

5

6  DATED: December ___, 2004      QUINN EMANUEL URQUHART
                                  OLIVER & HEDGES, LLP
7

8                                 By _____
9                                   Jon Corey
                                    Attorneys for Plaintiff
10                                  Mattel, Inc.

11 DATED: December 21, 2004        LITTLER MENDELSON

12                                 By _____
13                                   Douglas A. Wickham
                                    Attorneys for Defendant
14                                  Carter Bryant

15

16 DATED: December ___, 2004       O'MELVENY & MEYERS, LLP

17                                 By _____
18                                   Diana M. Torres
                                    Attorneys for Intervenor-Defendant
19                                  MGA Entertainment, Inc.

20

21     IT IS SO ORDERED.

22

23 DATED: _____

24                                 _____
                                   THE HONORABLE ROBERT N. BLOCK
                                   United States Magistrate Judge
25

26

27

28

07272/625581.2                        -17-
                                                          PROTECTIVE ORDER

Exhibit 7, P. 59

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the
2  rules of the Court.
3
4      IT IS SO STIPULATED.
5
6  DATED: December ___, 2004          QUINN EMANUEL URQUHART
                                      OLIVER & HEDGES, LLP
7
8                                     By_____
9                                        Jon Corey
                                         Attorneys for Plaintiff
10                                       Mattel, Inc.
11 DATED: December ___, 2004          LITTLER MENDELSON
12
13                                    By_____
                                         Douglas A. Wickham
14                                       Attorneys for Defendant
                                         Carter Bryant
15
16 DATED: December ___, 2004          O'MELVENY & MEYERS, LLP
17
18                                    By_____
                                         Diana M. Torres
19                                       Attorneys for Interventor-Defendant
                                         MGA Entertainment, Inc.
20
21
22     IT IS SO ORDERED.
23
24 DATED: _____            _____
                                      THE HONORABLE ROBERT N. BLOCK
25                                    United States Magistrate Judge
26
27
28

07272/6255812                        -17-                    PROTECTIVE ORDER

Exhibit _Z_, P. _60_

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant,* Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

7272/625581.2

PROTECTIVE ORDER

Exhibit _7_, P._61_

RightFAX                1/8/2006 9:22      PAGE 022/023      Fax Server

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA**                    }
**COUNTY OF LOS ANGELES**                  }

    I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

    On December 22, 2004, I served the foregoing document described as

      **STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

on all interested parties in this action:

          **SEE ATTACHED SERVICE LIST**

[ ]    By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]    **BY MAIL**

[ ]    I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on December 22, 2004, at Los Angeles, California.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Ivana Maiorano
Print Name                            Signature

Exhibit 7, P. 62

1
2
3
4
5

Robert F. Millman, Esq.
Douglas A. Wickham, Esq.
Keith A. Jacoby, Esq.
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
Fax: 310-553-5583

6
7
8
9

Diana M. Torres, Esq.
O'Melveny & Meyers
400 S. Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407

10
11
12

Daniel J. Warren, Esq.
Sutherland, Asbill & Brennan
999 Peachtree Street NE
Atlanta, GA  30309-3996
Phone: 404-853-8698
Fax: 404-853-8806

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-2-

Exhibit  7 , P. 63