QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S MOTIONS PENDING BEFORE THE DISCOVERY MASTER**<br><br>[Notice of Lodging filed concurrently herewith]<br><br>**Phase 1**<br>Pre-Trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

# DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. The parties submitted various motions to the Discovery Master that remain pending (the "now-pending" motions). These "now-pending" motions are as follows:

(a) Mattel's Motion to Compel the Deposition of Littler Mendelson, filed December 14, 2008 (the "Littler" motion);

(b) MGA Defendants' Motion to Quash Deposition Subpoena re Wachovia, filed January 22, 2008 (the "Wachovia" motion);

(c)(i) Mattel's Motion to Compel Production of Previously Withheld Documents Only Portions of Which are Allegedly Privileged, filed January 22, 2008;

(c)(ii) Mattel's Motion for an Order Compelling Production of Withheld MGA (1) Trademark Search Results; (2) Date of First Use Information; and (3) Factual Data Communicated for the Purpose of Filing Trademark or Other Intellectual Property Applications, filed January 23, 2008;

(c)(iii) Mattel's Motion Compelling Production of Third Party Communications Improperly Withheld Under a Claim of "Common Interest" Privilege, filed January 23, 2008 (together, the "Privilege Log" Motions);

(d) Mattel's Motion to Compel Production of Documents Improperly Withheld as Privileged by MGA, Isaac Larian and Third Party David Rosenbaum, filed January 28, 2008 (the "Rosenbaum" motion);

(e) Mattel's Motion to Compel Production of Documents by Anne Wang, filed January 28, 2008 (the "Wang" motion);

(f) Mattel's Motion for an Order Enforcing the Court's January 25, 2007 Order Compelling Bryant to Produce Computer Hard Drives and for Sanctions, filed January 28, 2008 (the "Hard Drive" motion);

(g) Mattel's Motion to Compel MGA Entertainment, Inc., MGA Entertainment (HK) Limited, Isaac Larian and Carter Bryant to Respond to Mattel, Inc.'s First Set of Requests for Admission, filed February 7, 2008 (the "RFA" motion);

(h) Mattel's Motion to Compel MGA and Carter Bryant to Return Privileged Documents and for a Protective Order, filed February 28, 2008 (the "Return" motion);

(i) Mattel's *Ex Parte* Application (1) to Compel the Depositions of Ana Cabrera, Beatriz Morales, and Maria Salazar; (2) for Guidance as to Evidence Received from Ana Cabrera; and (3) for Sanctions, filed April 3, 2008 (the "*Ex Parte*" application).

3. <u>January 23, 2008 Hearing</u>: The Discovery Master heard the parties' arguments regarding the "Littler" motion at the January 23, 2008 Hearing. At that time the Discovery Master stated that the discovery Mattel sought was "relevant" and "essential and necessary to the preparation of the entire case" but believed that Mattel should first take the further deposition of Carter Bryant on the issues raised by its motions. (Jan. 3 Hearing Tr. at 69:19-25.) Accordingly, resolution of this motion was put off until after Mattel had taken Bryant's deposition. Attached as Exhibit 1 is a true and correct copy of relevant excerpts from the January 3, 2008 Hearing Transcript.

4. <u>February 22, 2008 Joint Report</u>: On February 22, 2008, pursuant to the Discovery Master's instructions, the parties submitted a joint report that outlined the result of the parties' ongoing meet-and-confers on various motions then pending before the Discovery Master. Attached as Exhibit 2 is a true and correct copy of the February 22, 2008 Joint Report to the Discovery Master Regarding Pending Discovery Motions ("February Joint Report").

5. The February Joint Report outlined which of the parties then-pending motions (1) should be stayed as related to Phase 2, (2) should be decided at the next available hearing, and (3) were subject to the parties continuing meet-and-confer efforts. Those motions that were ready for decision were listed by the priority by which the parties would have them heard. (Feb. Joint Rep. at 3-7.)

6. None of the "now-pending" motions were listed as ones that should be stayed as related to Phase 2.

7. The "Wachovia" motion, the "Hard-Drive" motion and the three "Privilege Log" motions were all listed by the parties as being ready for determination at the next available hearing. (Feb. Joint Report at 4-5.)

8. The February Joint Report also indicated that the parties continued to meet-and-confer regarding the "Littler Mendelson" motion, the "Rosenbaum" motion and the "RFA" motion. (Feb. Joint Report at 5-7.)

9. <u>March 10, 2008 Hearing</u>: At the subsequent hearing before the Discovery Master the parties presented their respective positions regarding the pending motions. Attached as Exhibit 3 are relevant excerpts from the March 10, 2008 Hearing Transcript.

10. The "Wachovia" motion was taken under submission by the Discovery Master with the understanding of the parties expressed at the hearing on the motion that it would parallel the ruling on the motion to quash and cross-motion to compel Wachovia to produce documents pursuant to a document subpoena. At that hearing, Mr. Kennedy, counsel for MGA, said: "[W]e have a motion to quash those subpoenas all together. This, again, pertains to financial information. And we've been through this third parties before. We would urge, at a minimum, if those motions are not going to be denied outright, that they ought to at least be deferred for a ruling *in conjunction with the motion to quash*, so it gets resolved all at once." (Mar. 10 Hearing Tr. at 11:24-12:7 (emphasis added)). In light of Judge Infante's Order compelling Wachovia to produced documents and the Court's recent

1 clarification of that Order, Mattel requests that the Wachovia motion be granted and
2 that Mattel be allowed to depose a Wachovia designee on the topics in the notice
3 that parallel the scope of the ruling on the document subpoena, for example
4 regarding "Any loan agreement or line of credit or other financing arrangement that
5 Wachovia Corporation has entered into with MGA Entertainment, Inc., since
6 January 1, 1999." Attached as Exhibit 4 is a true and correct copy of Mattel's
7 Notice of Deposition of Wachovia Corporation Pursuant to Federal Rule of Civil
8 Procedure 30(b)(6), dated January 17, 2008.

9     11. At the March 10, 2008 Hearing, the Discovery Master also heard
10 argument on the "Hard Drives" motion, but delayed making a final decision to allow
11 for the surreply that was subsequently filed by Bryant. (Mar. 10 Hearing Tr. at
12 33:9-45:2.) No decision was issued thereafter.

13     12. Likewise, the Discovery Master heard argument on the
14 "Privilege Logs" motions. (Mar. 10 Hearing Tr. at 78:7-87:20.) The Discovery
15 Master stated that "Mattel's motion is well-taken" and that he "agree[d] with
16 Mattel's position[s]," but that it was "premature to issue an order" because MGA
17 had stated that it would produce revised versions of two of its logs. (Mar. 10
18 Hearing Tr. at 85:11, 86:15, 86:17-18.) Accordingly, the Discovery Master directed
19 that the "parties should continue to meet and confer" after MGA produced its
20 revised logs. (Mar. 10 Hearing Tr. at 86:19-20.)

21     13. With regard to "the several other motions that [the parties] listed
22 in [the] joint report where meet and confer efforts have not been completed," the
23 Discovery Master noted that the parties should continue to provide "update[s]" as to
24 "which motions are ripe to be heard." (Mar. 10 Hearing Tr. at 87:23-25, 88:1,
25 88:23-24.)

26     14. <u>March 28, 2008 Joint Report</u>: On March 28, 2008, pursuant to
27 the Discovery Master's instructions, the parties submitted another joint report
28 regarding the parties' ongoing meet-and-confers on the remaining pending motions.

1. Attached as Exhibit 5 is a true and correct copy of the March 28, 2008 Joint Report to the Discovery Master Regarding Pending Discovery Motions ("March Joint Report").

15. The March Joint Report outlined which of the parties' pending motions (1) had been resolved, (2) which would be "taken off calendar" because they related to Phase 2, and (3) those pending motions regarding which the parties continued the efforts to resolve or narrow through further meet-and-confer.

16. In addition, the March Joint Report identified two categories of motions that the parties had been "unable to resolve or narrow and should be decided in their entirety," and that the parties had been able to narrow and were "now ripe for decision." (Mar. Joint Report at 5-11.) These two categories of motions to to be "decided in their entirety" or that were "ripe for decision" included the "RFA" and the "Return" motions which the Court discussed earlier this week, when discussing the list of pending motions relating to Phase 1A. May 27, 2008 Hearing Tr. at 5:24-7:8. Attached as Exhibit 6 is a true and correct copy of relevant excerpts from the May 27, 2008 Hearing Transcript (Rough).

17. Regarding those motions that were ready for decision, the parties also indicated which of the pending motions were most pressing by providing the Discovery Master with a list of "priority" motions. (Mar. Joint Report, Ex. A).

18. None of the "now-pending" motions were listed as being resolved or stayed as related to Phase 2. (Mar. Joint Report at 3-4.)

19. The "Return" motion, the "Rosenbaum" motion (as narrowed) and the "RFA" motion (as narrowed) were all listed as being motions that were ready for determination, though none was listed as a "priority" motion in Appendix A. (Mar. Joint Report at 6, 9, 11.)

20. Consistent with the Discovery Master's prior directives, the "Littler" and the three "Privilege Logs" motions were listed as being subject to ongoing meet-and-confers. (Mar. Joint Report at 11-12.)

1       21.    On April 1, 2008, the Discovery Master wrote to the parties to schedule the motions that would be heard at the April 11, 2008 hearing. None of the "now-pending" motions was scheduled for that hearing. Attached as Exhibit 7 is a true and correct of the April 11, 2008 Email from Sandra Chan, on behalf of Judge Infante, to the parties.

      22.    On April 15, 2008, Mattel requested that the Discovery Master issue a ruling on those aspects of its pending *Ex Parte* Application that had not been mooted by the Court's April 10 Order. (Mattel's April 15, 2008 letter has been lodged concurrently with this declaration). The Discovery Master did not issue a ruling on this pending motion.

      23.    Thereafter, the parties continued to meet-and-confer on the subject of Mattel's three "Privilege Log" motions as previously directed by the Discovery Master. Because they were on unable to resolve these matters through the subsequent meet-and-confers, on May 7, 2008 Mattel requested that the Discovery Master issue a ruling on its pending motions. Additionally, by that same letter, Mattel requested that the Discovery Master issue a ruling on the pending "Littler" motion because, as previously directed by the Discovery Master, it had endeavored to obtain the discovery sought by its motion through Bryant's deposition, but was unable to do so because Bryant had no knowledge on these matters. (Mattel's May 7, 2008 letter, and related correspondence from the parties, has been concurrently lodged with this declaration). The Discovery Master did not issue a ruling on these pending motions.

//
//
//
//

24. To the best of my knowledge, prior to the statements made in Court yesterday MGA had never taken the position that Mattel waived its rights to pursue the motions now at issue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 29, 2008, at Riverside, California.

/s/ B. Dylan Proctor
B. Dylan Proctor