Exhibit 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an
individual,

       Plaintiff,

   vs.

MATTEL, INC., a Delaware
corporation,

       Defendants.

No. CV 04-9049 SGL
(RNBx)

**CERTIFIED
COPY**

Consolidated with MATTEL, INC. v.
BRYANT and MGA ENTERTAINMENT, INC.
v. MATTEL, INC.

HEARING BEFORE THE HONORABLE EDWARD A. INFANTE

San Francisco, California

Thursday, January 3, 2008

Reported by:
DANA M. FREED
CSR No. 10602

JOB No. 79867

EXHIBIT 1
PAGE 9

1              UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
2                   EASTERN DIVISION

3    CARTER BRYANT, an
     individual,
4
               Plaintiff,
5
          vs.                        No. CV 04-9049 SGL
6                                        (RNBx)
     MATTEL, INC., a Delaware
7    corporation,

8              Defendants.

9

10   _____

     Consolidated with MATTEL, INC. v.
11   BRYANT and MGA ENTERTAINMENT, INC.
     v. MATTEL, INC.
12   _____

13

14             Hearing before the Honorable EDWARD A. INFANTE,

15   at JAMS, Two Embarcadero Center, Suite 1500, San Francisco,

16   California, beginning at 1:30 p.m. and ending at 4:05 p.m.

17   on Thursday, January 3, 2008, before DANA M. FREED,

18   Certified Shorthand Reporter No. 10602.

19

20

21

22

23

24

25

EXHIBIT ____1____

```
 1    APPEARANCES:

 2

 3    For the Plaintiff CARTER BRYANT, an individual:

 4          KEKER & VAN NEST LLP
            BY:   MATTHEW M. WERDEGAR
 5                JOHN TRINIDAD
            Attorneys at Law
 6          710 Sansome Street
            San Francisco, California 94111-1704
 7          415.391.5400

 8    For the Defendant MATTEL, INC., a Delaware
      corporation:
 9
            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
10          BY:   JON COREY
                  TIMOTHY L. ALGER
11                B. DYLAN PROCTOR
            Attorneys at Law
12          865 Figueroa Street, 10th Floor
            Los Angeles, California 90017
13          213.443.3000

14    For the Defendants MGA Entertainment, Inc., MGA
      Entertainment (HK) Limited, and Isaac Larian:
15
            SKADDEN ARPS SLATE MEAGHER & FLOM LLP
16          BY:   RAOUL D. KENNEDY
                  AMY S. PARK
17          Attorneys at Law
            Four Embarcadero Center, 38th Floor
18          San Francisco, California 94111-5974
            415.984.6400
19
      Also Present:
20
            MAUREEN McCUAIG
21

22

23

24

25
```

EXHIBIT _____ 1

PAGE _____ 11

1    San Francisco, California, Thursday, January 3, 2008

2              1:30 p.m. - 4:05 p.m.

3

4         JUDGE INFANTE:  This is a hearing on various

5    motions to compel discovery.  I'd like counsel to

6    enter their appearances, please, first from Mattel.

7              MR. COREY:  Jon Corey on behalf of Mattel.

8              MR. ALGER:  Timothy Alger on behalf of

9    Mattel.

10             MR. PROCTOR:  B. Dylan Proctor for Mattel.

11             MR. TRINIDAD:  John Trinidad for Carter Bryant.

12             MR. WERDEGAR:  Mathew Werdegar for Carter Bryant.

13             MS. PARK:  Amy Park for MGM Industries and

14   Isaac Larian.

15             MR. KENNEDY:  Raoul Kennedy also for the MGA

16   entities and Mr. Larian.

17             JUDGE INFANTE:  There are several motions

18   that have been filed since our last hearing date.

19   There was one motion that was not heard at our last

20   hearing date, which was MGA's motion with respect to

21   30(b)(6) bandying of witnesses.  I indicated I was not

22   prepared to hear that motion, because the day before

23   the hearing there was a letter indicating the parties

24   were still attempting to meet and confer regarding

25   that motion.  I would like to begin by finding out

1    number of depositions, that would, it would have to be

2    subject to that order by Judge Larson.  With that,

3    we'll submit.

4         JUDGE INFANTE:  Okay.  I appreciate your

5    arguments on both sides.

6         The first comment I want to make is that

7    I agree with the reasoning in the well-cited case of

8    Shelton versus American Motors from the Eighth

9    Circuit.  Courts should be very careful and very

10   cautious in allowing parties to depose opposing

11   parties lawyers, even former lawyers, for all the

12   reasons stated in that well-drafted opinion.

13        And of course, many other courts,

14   particularly courts that deal with discovery issues,

15   namely district courts, have agreed and applied the

16   concerns in Shelton versus American Motors.  And I

17   have cited it in my prior decisions as well when I was

18   on the bench.  And have been very, very conservative

19   about allowing attorneys, even former attorneys, to be

20   deposed or subpoenaed.

21        So I start with a great degree of caution.

22   And I agree with the principles of Shelton that there

23   should be essentially no other means to obtain the

24   information from elsewhere.  Secondly, that the

25   information must be clearly relevant and not

EXHIBIT ___ 1 ___

PAGE ___ 13 ___

1   privileged.  And thirdly, that the information should

2   be crucial to the preparation of the case.

3        I think crucial may be too strong a word.

4   It's not necessarily consistent with Rule 26.  I would

5   use words like essential or necessary.  But in any

6   event, I embrace those teachings.

7        And so my initial reaction is to put a very

8   heavy burden on the party who seeks to discover

9   information from a deponent's prior attorney.  The

10  problem in this case is the various statements made by

11  Littler's, by the firm's counsel with respect to the

12  condition and whereabouts of Mr. Bryant's former

13  computers, hard drives, laptops, et cetera.  The

14  statements are all part of the record here and the

15  inconsistency in those statements is alarming.  There

16  is in Mattel's claims, claims of spoliation.  I have

17  no idea whether they have any merit.  But they're

18  specifically pled.

19       I find the material you're seeking is

20  relevant.  I'm not clear as to whether it's available

21  from any other source.  I also find the information

22  you're seeking is essential and necessary to the

23  preparation of your entire case.  I do believe that

24  you should take the deposition of Mr. Bryant on this

25  question first.  And so I'm not prepared to grant your

EXHIBIT ___ 1
SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855        PAGE ___ 14

1    motion at this time.  Nor am I prepared to quash the

2    subpoena at this time.  I do believe the subpoena is

3    overbroad.  And the most discovery that would be

4    allowed would be discovery with respect to the hard

5    drives, which you set forth on page 11 of your brief

6    in the first three bullet points.

7            With respect to questioning Littler regarding

8    facts, regarding destructive testing conducted on the

9    original Bratz drawings, I find that you already have

10   sufficient information with respect to that subject.

11   And the information is not crucial, essential, or even

12   necessary, to the preparation of your case.  And

13   therefore, I would quash the subpoena with respect to

14   those items.

15           Does someone have a copy of the subpoena?

16   I misplaced mine.

17           Thank you, Mr. Werdegar.

18           MR. WERDEGAR:  There's a little highlighting

19   on two of the topics, but I wouldn't consider it work

20   product.

21           JUDGE INFANTE:  I just want to refer to it.

22   It was Exhibit No. 29.  If you take the designated

23   topics of testimony that are requested, and there are

24   8, I'd like to specifically relate my ruling to the

25   8 topics in the subpoena.

1          I, the undersigned, a Certified Shorthand

2  Reporter of the State of California, do hereby certify:

3          That the foregoing proceedings were taken

4  before me at the time and place herein set forth; that

5  any witnesses in the foregoing proceedings, prior to

6  testifying, were duly sworn; that a record of the

7  proceedings was made by me using machine shorthand

8  which was thereafter transcribed under my direction;

9  that the foregoing transcript is a true record of the

10  testimony given.

11          Further, that if the foregoing pertains to

12  the original transcript of a deposition in a Federal

13  Case, before completion of the proceedings, review of

14  the transcript [  ] was [  ] was not requested.

15          I further certify I am neither financially

16  interested in the action nor a relative or employee

17  of any attorney or party to this action.

18          IN WITNESS WHEREOF, I have this date

19  subscribed my name.

20

21  Dated:   JAN - 4 2008

22

23                                   DANA M. FREED

24                                   CSR No. 10602

25

EXHIBIT ___ 1
PAGE ___ 16

# Exhibit 2.

RECEIVED

FEB 2 5 2008

CALENDARED

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone:   (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys for Mattel, Inc.

8   [Additional Counsel Listed On Following Page]

9

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12                 EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,               Consolidated with
                                         Case No. CV 04-09059
15        vs.                            Case No. CV 05-02727

16  MATTEL, INC., a Delaware             **DISCOVERY MATTER**
    corporation,
17                                       **JOINT REPORT TO DISCOVERY**
                Defendant.               **MASTER REGARDING PENDING**
18                                       **DISCOVERY MOTIONS**

19  CONSOLIDATED ACTIONS                 **Phase 1:**
                                         Discovery Cut-off:     January 28, 2008
20                                       Pre-trial Conference:  May 5, 2008
                                         Trial Date:            May 27, 2008
21

22

23

24

25

26

27

28

2/22

EXHIBIT _____2_____

PAGE _____17_____

1 │ SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 │   Thomas J. Nolan (Bar No. 066992)
   │ 300 South Grand Avenue
3 │ Los Angeles, California 90071-3144
   │ Telephone: (213) 687-5000
4 │ Facsimile: (213) 687-5600
   │ E-mail: tnolan@skadden.com

5 │ SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 │   Raoul D. Kennedy (Bar No. 40892)
   │ Four Embarcadero Center, Suite 3800
7 │ San Francisco, California 94111
   │ Telephone: (415) 984-6400
8 │ Facsimile: (415) 984-2698
   │ E-mail: rkennedy@skadden.com

9 │ Attorneys for Counter-Defendants
   │ MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and
10 │ MGAE de Mexico S.R.L. de C.V.

11 │
12 │ KEKER & VAN NEST, LLP
   │   John W. Keker (Bar No. 49092)
   │   Michael H. Page (Bar No. 154913)
13 │   Christa M. Anderson (Bar No. 184325)
   │ 710 Sansome Street
14 │ San Francisco, California 94111

15 │ Attorneys for Plaintiff
   │ Carter Bryant
16 │
17 │
18 │
19 │
20 │
21 │
22 │
23 │
24 │
25 │
26 │
27 │
28 │

-2-

EXHIBIT _____ 2
PAGE _____ 18

1   Pursuant to the Discovery Master's request, Carter Bryant, the MGA Entities,
2   Isaac Larian and Mattel have met and conferred regarding the currently pending
3   discovery motions.  The parties have agreed as follows:
4
5   I.     Phase Two Motions
6
7        The following motions pertain exclusively to Phase Two and should therefore
8   be stayed until the completion of the Phase One trial or until such other time that a
9   party is given leave to take such discovery or an agreement is reached among all
10  parties that the discovery sought can go forward:
11        1.    Mattel's Motion to Compel (1) Deposition of Carlos Gustavo Machado
12              Gomez; and (2) Consent to Production of Electronic Mail Messages
13              (filed 11/15/07);
14        2.    MGA's Motion to Compel Mattel to Produce Documents Responsive to
15              MGA's Requests for Production Nos. 526 & 528 (filed 1/16/08); and
16        3.    Mattel's Motion to (1) Enforce the Court's 8/13/07 Order and to
17              Compel; and (2) for Award of Monetary Sanctions (filed 1/22/08).
18  As discussed in Section III, some parties contend that portions of some of the
19  pending discovery that is the subject of motions relates to Phase II and the parties
20  will submit a summary memorandum setting forth any agreement in that regard once
21  the meet and confer process is complete.
22
23  II.    Motions As To Which  Hearing Will Be Required
24
25        The parties respectfully request that the Discovery Master reserve the next
26  available hearing date on the Court's calendar to hear the following motions, which
27  are listed in the order in which the parties request that they be heard:
28

-3-

EXHIBIT ____2____

PAGE ____19____

1.      Mattel's Motion to Compel the Continued Deposition of Isaac Larian and to Overrule Instructions Not to Answer (filed 1/22/08);

2.      MGA Defendants' Motion to Quash Deposition Subpoenas [re Non-Parties Mel Woods, Daphne Gronich, Joe Tiongco, NPD Group, Inc., Ana Isabel Cabrera, Beatriz Morales, Moss Adams, and Wachovia Corp.; and Maria Elena Salazar] (filed 1/23/08);

3.      Carter Bryant's Motion to Compel Responses to Discovery Requests (filed 2/8/08);[1]

4.      Mattel's Motion for Order Enforcing Court's 1/25/07 Order Compelling Bryant to Produce Computer Hard Drives and for Sanctions  (filed 1/28/08);

---

[1]   Mattel believes that Bryant's Motion to Compel Responses to Discovery Requests is not fully briefed, as Mattel has filed an *ex parte* application seeking to strike Bryant's Motion to Compel as untimely, because Bryant filed it after the close of Phase One discovery.  Mattel's Ex Parte Application (1) to Strike Carter Bryant's Motion to Compel Responses to Discovery Requests, and (2) to Stay Time for Filing Any Opposition Thereto Pending Review (filed 2/12/08).  Bryant submitted an opposition to Mattel's *ex parte* application on February 13, and Mattel submitted a reply on February 14.  To date, the Discovery Master has not ruled or provided any relief sought in Mattel's *ex parte* application.  It is Mattel's position that if the Discovery Master finds that Bryant's Motion is timely, and it is not, then Mattel should be given an opportunity to oppose the Motion.

Bryant believes this Motion is fully briefed.  Absent a stay, and no stay was granted by the Discovery Master despite Mattel's *ex parte* request, Mattel's opposition was due on February 15, 2008.  Mattel failed to file any opposition on that date, and still has not filed an opposition.  Bryant filed his Reply in Support of Motion to Compel Responses to Discovery Requests and Notice of Non-Opposition on February 19, 2008, which states, "If the parties fail to reach a resolution regarding this motion, Bryant submits that this Motion to Compel should be granted in full, as it is unopposed on the merits."  Bryant stands by that statement, and notes that the parties have failed to reach a resolution regarding this motion.

EXHIBIT   2

PAGE   20

5.   MGA's and Carter Bryant's Joint Motion to Compel Production of Improperly Withheld Mattel Documents Showing Mattel's Investigation of MGA and Carter Bryant Prior to November 2003 and to Compel Production of All "NHB" Documents (filed 1/28/08);

6.   Carter Bryant's Motion to Quash Mattel Inc.'s Subpoena Issued to People's Bank of the Ozarks or in the Alternative, for Protective Order (filed 1/28/08);

7.   Mattel's Motion to Compel a Complete Response to Mattel's Supplemental Interrogatory re Test Projects (filed 1/28/08);

8.   MGA and Carter Bryant's Joint Motion to Compel an Unredacted Version of M0074400, Mattel's Investigative File 02-299 and the Further Deposition of Richard De Anda (filed 1/4/08);

9.   Mattel's Motion to Compel Documents Only Portions of Which are Allegedly Privileged (filed 1/22/08);

10.   Mattel's Motion for Order Compelling Production of Withheld MGA (1) Trademark Search Results, (2) Date of First Use Information, and (3) Factual Data Communicated for the Purpose of Filing Trademark or Other Intellectual Property Applications (filed 1/23/08); and

11.   Mattel's Motion to Compel Production of Third Party Communications Improperly Withheld Under a Claim of "Common Interest" Privilege (filed 1/23/08).

## III.   Motions the Subject of Continuing Meet and Confer Efforts

The parties are engaged in continuing efforts to reach agreements on the resolution of the following motions:

1.   Mattel's Motion to Compel Deposition of Littler Mendelson (filed 12/14/07);

EXHIBIT _____ 2 _____

PAGE _____ 21 _____

2. Mattel's Motion to Enforce the 5/15/07 Order of the Discovery Master Re Production of Larian v. Larian Documents and for Sanctions (filed 12/21/07);

3. MGA's Motion to Compel Mattel to Produce E-Mail (filed 1/16/08);

4. MGA's Motion to Overrule Mattel's Relevance Objection and Compel Discovery Relevant to Statute of Limitations and Laches Defenses (filed 1/17/08);

5. MGA, MGA HK, MGA Mexico and Isaac Larian's Motion to Quash Subpoenas or, in the Alternative, for Protective Order [re Mattel's subpoenas to ConsumerQuest, Deloitte & Touche, Ernst & Young, the Isaac and Angela Larian Trust, the Isaac Larian Annuity Trust, Moss Adams, Wachovia, and Wells Fargo] and Mattel's Countermotion to Compel Production (motion filed 12/21/07; counter motion filed 1/18/08);

6. MGA's Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6), or in the Alternative, for Leave to Serve Such Notice (filed 12/21/07);

7. Mattel's Motion for Reconsideration of Portions of Discovery Master's 12/31/07 Order (filed 1/16/08);

8. MGA and MGA Mexico's Motion for Protective Order from Mattel's Fourth Notice of Deposition of MGA and Notice of Deposition of MGA Mexico (filed 1/18/08);

9. Mattel's Motion to Compel Production of Documents Improperly Withheld as Privileged by MGA, Isaac Larian and Third-Party David Rosenbaum (filed 1/28/08);

10. Mattel's Motion to Compel Deposition of MGA Hong Kong and for Sanctions (filed 1/28/08);

EXHIBIT _____ 2

PAGE _____ 23

11.   Mattel's Motion to Enforce the Court's 5/15/07 Order, to Compel MGA to Produce Compelled Calendars, and for Sanctions (filed 1/28/08);

12.   MGA Defendants' Motion to Quash Subpoena to Bank of America or, in the Alternative, for Protective Order (filed 1/29/08);

13.   Mattel's Motion to Compel MGA to Produce Communications Regarding this Action (filed 2/5/08);

14.   Mattel's Motion to Compel MGA, MGA Hong Kong, Isaac Larian, and Carter Bryant to Respond to Mattel's First Set of Requests for Admission Propounded to MGA, Carter Bryant, MGA Hong Kong and Isaac Larian (filed 2/7/08);

15.   Mattel's Motion to Compel Production of Documents and Things by MGA and for Award of Monetary Sanctions (filed 1/28/08); and

16.   MGA's Motion to Overrule Mattel's and Richard De Anda's Objections to Subpoena and to Compel Discovery (filed 1/28/08).

17.   Mattel's Motion to Compel Production of Documents by MGA in Response to Mattel's Fifth Set of Requests for Documents and Things to MGA (filed 1/28/08)

///
///
///
///
///
///
///
///
///
///
///

EXHIBIT _____ 2

PAGE _____ 24

1   The parties respectfully request additional time to facilitate discussion on these

2   matters.  The parties will submit a further report by Wednesday, February 27, 2008,

3   apprising the Discovery Master of the status of these motions.

4

5   Respectfully submitted.

6

7   Dated: February 22, 2008

8

9                                                Matthew M. Werdegar
                                                 Keker & Van Nest, LLP
10                                               Attorneys For CARTER BRYANT

11

12  Dated: February 22, 2008

13

14                                               Raoul D. Kennedy
                                                 Skadden Arps Slate Meagher & Flom, LLP
15                                               Attorneys For MGA ENTERTAINMENT, INC.;
                                                 ISAAC LARIAN; MGA ENTERTAINMENT (HK),
16                                               LIMITED; AND MGA DE MEXICO S.R.L. DE
17                                               C.V.

18  Dated: February 22, 2008

19

20                                               Jon D. Corey
                                                 Quinn Emanuel Urquhart Oliver & Hedges, LLP
21                                               Attorneys for MATTEL, INC.

22

23

24

25

26

27

28

-8-

EXHIBIT ___2___

PAGE ___25___

1  THOMAS J. NOLAN (Bar No. 66992)
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone: (213) 687-5000
   Facsimile: (213) 687-5600
4  E-mail:   tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   4 Embarcadero Center, 38th Floor
   San Francisco, California 94111-5974
7  Telephone: (415) 984-6400
   Facsimile: (415) 984-2698
8  Email:    rkennedy@skadden.com

9  Attorneys for MGA Entertainment, Inc.,
   MGA Entertainment (HK) Limited,
10 MGA De Mexico, S.R.L. DE C.V., and
   Isaac Larian
11

12                UNITED STATES DISTRICT COURT
13                CENTRAL DISTRICT OF CALIFORNIA
14                      EASTERN DIVISION

15 CARTER BRYANT, an individual          )  CASE NO. CV 04-9049 SGL (RNBx)
16                    Plaintiff,         )
                                         )  Consolidated with Case No. 04-9059 and
17     v.                                )  Case No. 05-2727
                                         )
18 MATTEL, INC., a Delaware              )  **DISCOVERY MATTER**
   corporation                           )
19                                       )  **PROOF OF SERVICE**
                                         )
20                    Defendant.         )  **Phase 1:**
                                         )  Discovery Cut-Off:   January 28, 2008
21 Consolidated with MATTEL, INC. v.     )  Pre-Trial Conference: May 5, 2008
   BRYANT and MGA                        )  Trial Date:          May 27, 2008
22 ENTERTAINMENT, INC. v.                )
   MATTEL, INC.                          )
23                                       )
24
25
26
27
28

                    2/22
            **PROOF OF SERVICE**

                              EXHIBIT ___2___

                              PAGE ___26___

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action. My business address is 525 University Avenue, Suite 1100, Palo Alto, California 94301.

On **February 22, 2008**, I served the foregoing documents described as:

**JOINT REPORT TO DISCOVERY MASTER REGARDING PENDING DISCOVERY MOTIONS**

on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the daily collection and processing of correspondence for deliveries with the Federal Express delivery service and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at Palo Alto, California and placed for collection and delivery following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **February 22, 2008**, at Palo Alto, California.

Brenda K. Fry
Print Name

Signature

-1-
**PROOF OF SERVICE**

EXHIBIT ___2___

PAGE ___27___

## SERVICE LIST

1

2  Jon D. Corey, Esq.
3  Quinn Emanuel Urquhart
     Oliver & Hedges, LLP
4  865 South Figueroa Street, 10th Floor
   Los Angeles, CA  90017-2543
5  Telephone:   (213) 443-3000
   Facsimile:    (213) 443-3100

6  Attorneys for Mattel, Inc.

7  Alexander H. Cote, Esq.
8  Overland Borenstein Scheper &
     Kim LLP
9  300 South Grand Avenue, Suite 2750
   Los Angeles, CA  90071
10 Telephone:   (213) 613-4655
   Facsimile:    (213) 613-4656

11 Attorneys for Carlos Gustavo
   Machado Gomez

Matthew M. Werdegar, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA  94111
Telephone:   (415) 391-5400
Facsimile:    (415) 397-7188

Attorneys for Carter Bryant

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT ___2___

PAGE ___28___

# Exhibit 3.

CERTIFIED COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, AN INDIVIDUAL, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CASE NO. CV04-9049 SGL (RNBX) |
| | ) [CONSOLIDATED WITH |
| | ) CASE NO. 04-9059 AND |
| | ) CASE NO. 05-2727] |
| MATTEL, INC., A DELAWARE, A | ) |
| CORPORATION, | ) |
| | ) |
| DEFENDANT. | ) |
| | ) |

# TELEPHONIC TRANSCRIPT OF PROCEEDINGS

## MARCH 10, 2008



**REPORTED BY:**
ANGELA DUPRE
CSR NO. 7804
JOB NO. 08AD016

COURT REPORTERS
515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT _____ 3

PAGE _____ 29

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL, )
                              )
              PLAINTIFF,      )
                              )
     VS.                      ) CASE NO.
                              )
MATTEL, INC., A DELAWARE      ) CV 04-9049 SGL (RNBX)
CORPORATION,                  ) [CONSOLIDATED WITH
                              ) CASE NO. 04-9059 AND
              DEFENDANT.      ) CASE NO. 05-2727]
                              )
_____ )
                              )
AND CONSOLIDATED ACTION(S).   )
_____ )


          TELEPHONIC TRANSCRIPT OF

          PROCEEDINGS, TAKEN BEFORE HON.

          EDWARD A. INFANTE, AT 865 SOUTH

          FIGUEROA STREET, THIRD FLOOR, LOS

          ANGELES, CALIFORNIA, COMMENCING

          AT 8:32 A.M., MONDAY, MARCH 10,

          2008, BEFORE ANGELA DUPRE, CSR 7804.

2

EXHIBIT _____3_____

PAGE _____30_____

```
 1   APPEARANCES OF COUNSEL:
 2
     FOR CARTER BRYANT:
 3
         KEKER & VAN NEST, LLP
 4       BY:  MATTHEW M. WERDEGAR, ESQ.
              MICHAEL H. PAGE, ESQ.
 5       710 SANSOME STREET
         SAN FRANCISCO, CALIFORNIA 94111
 6       (415) 391-5400
         (TELEPHONICALLY)
 7
 8   FOR MATTEL, INC.:
 9       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
         BY:  TIMOTHY L. ALGER, ESQ.
10            JON D. COREY, ESQ.
              HARRY A. OLIVAR, JR., ESQ.
11            B. DYLAN PROCTOR, ESQ.
              DAVID W. QUINTO, ESQ.
12       865 SOUTH FIGUEROA STREET
         TENTH FLOOR
13       LOS ANGELES, CALIFORNIA 90017-2543
         (213) 443-3000
14
15   FOR MGA ENTERTAINMENT, INC.:
16       SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
         BY:  RAOUL D. KENNEDY, ESQ.
17            JOSE R. ALLEN, ESQ.
              THOMAS J. NOLAN, ESQ.
18            RICHARD J. ZUROMSKI, JR., ESQ.
              PAUL M. ECKLES, ESQ. (NEW YORK OFFICE)
19            MATTHEW E. SLOAN, ESQ. (LOS ANGELES OFFICE)
         FOUR EMBARCADERO CENTER
20       SUITE 3800
         SAN FRANCISCO, CALIFORNIA 94111
21       (415) 984-6400
         (TELEPHONICALLY)
22
23   ALSO PRESENT:
24       HON. EDWARD A. INFANTE (TELEPHONICALLY)
25
```

```
 1                LOS ANGELES, CALIFORNIA; MONDAY

 2                     MARCH 10, 2008

 3                       8:32 A.M.

 4

 5        JUDGE INFANTE:  WOULD YOU ENTER YOUR APPEARANCES,

 6   PLEASE.

 7             FIRST MATTEL.

 8        MR. COREY:  SURE.

 9             JON COREY, TIM ALGER, HARRY OLIVAR, DAVID

10   QUINTO, AND DYLAN PROCTOR, ON BEHALF OF MATTEL.

11             GOOD MORNING, YOUR HONOR.

12        JUDGE INFANTE:  MORNING.

13             MGA, PLEASE.

14        MR. KENNEDY:  GOOD MORNING, YOUR HONOR.

15             RAOUL KENNEDY, JOSE ALLEN, RICHARD

16   ZUROMSKI, PAUL ECKLES, AND TOM NOLAN, ON BEHALF OF

17   MGA.

18        MR. WERDEGAR:  GOOD MORNING, YOUR HONOR.

19             MATT WERDEGAR AND MIKE PAGE, ON BEHALF OF

20   CARTER BRYANT.

21        JUDGE INFANTE:  OKAY.  IS THERE A COURT

22   REPORTER ON BOARD?

23        MR. COREY:  YES, THERE IS, YOUR HONOR.

24        JUDGE INFANTE:  OKAY.  WE HAVE A HEARING ON

25   SEVERAL MOTIONS.  I HAVE YOUR JOINT REPORT
```

4

EXHIBIT _____ 3

PAGE _____ 32

```
 1   TO FIVE HOURS AT THIS POINT.  THAT WILL BE THE
 2   ORDER OF THE COURT.
 3       MR. OLIVAR:  THANK YOU, YOUR HONOR.
 4       MR. KENNEDY:  THERE'S NO RESTRICTION AS TO
 5   DOCUMENTS?
 6       JUDGE INFANTE:  RIGHT.
 7       MR. KENNEDY:  THANK YOU, YOUR HONOR.
 8       JUDGE INFANTE:  LET'S GO ON TO THE SECOND
 9   MOTION, WHICH IS MATTEL'S MOTION TO COMPEL -- I'M
10   SORRY -- IT'S MGA'S MOTION TO QUASH DEPOSITION
11   SUBPOENAS ISSUED TO NONPARTIES:  MEL WOODS, JOE
12   TIANCGO, NPD GROUP, INC., ANNA CABRERRA, BEATRIZ
13   MORALES, MOSS ADAMS, WACHOVIA CORPORATION, AND
14   MARIA ELENA SALAZAR.  THIS MOTION WAS FILED JANUARY
15   23RD.
16       MR. KENNEDY:  YES, YOUR HONOR.
17            RAOUL KENNEDY, ON BEHALF OF THE MOVING
18   PARTIES.
19            AND I'M PLEASED TO REPORT THIS MOTION HAS
20   BEEN SUBSTANTIALLY SIMPLIFIED.
21            THE NOTICE OF MOTION ADDRESSES 22
22   DEPONENTS.  THERE ARE SEVEN OF THOSE THAT EITHER
23   HAVE BEEN DEPOSED OR IT'S BEEN AGREED THAT THEY
24   WILL BE DEPOSED, AND, THEREFORE, THE MOTION IS
25   MOOTED, IN OUR OPINION, AS TO DEPONENTS AHRENT,
```

10

EXHIBIT ___3___

PAGE ___33___

```
 1    HALPERN, HARRIS, KOCH, MARLOW, MEYERS, AND WEISS,

 2    WHICH TAKES US DOWN TO 15.

 3              OF THE REMAINING 15, YOUR HONOR, THERE

 4    ARE FIVE -- MATTEL CAN CORRECT ME IF I'M WRONG --

 5    WHO CLEARLY WERE NOT SUBPOENAED ON OR BEFORE

 6    JANUARY 28.  AND I ASSUME AS TO THOSE FIVE, MATTEL

 7    IS WAIVING ANY RIGHT TO GO FORWARD.

 8              IF THEY AREN'T, I'D ASK FOR SOME SORT OF

 9    STRUCTURE.  THESE PEOPLE ARE THIRD PARTIES.  AND I

10    WANT TO MAKE SURE THEY DON'T GET SUBPOENAED WITH 48

11    HOURS NOTICE, AS HAS HAPPENED IN THE PAST.

12              THE FIVE THAT WE BELIEVE ARE OFF THE

13    TABLE ARE KWOK, K-W-O-K, LEE, WARD, WHITSELL, AND

14    YIP, WHICH THAT TAKES US DOWN TO 10 REMAINING.

15              OF THOSE, FOUR WE SUBMIT, ALTHOUGH THEY

16    WERE SUBPOENAED BEFORE THE 28TH, WERE NOT NOTICED

17    ON 10 DAYS OR ANYTHING CLOSE TO 10 DAYS, AND,

18    THEREFORE, WE HAVEN'T HAD COMPLIANCE WITH THE

19    REQUIREMENT THAT DISCOVERY -- YOU HAD TO AT LEAST

20    BE PROPERLY NOTICED ON A TIMELY BASIS, BEFORE THE

21    28TH.  THOSE FOUR ARE GILMORE, SALAZAR, CABRERRA.

22    AND MORALES.  WHICH GETS US DOWN, BY MY COUNT, TO

23    SIX.  TWO OF THOSE ARE WACHOVIA AND MOSS ADAMS.

24              AND, YOUR HONOR, WE HAVE A MOTION TO

25    QUASH THOSE SUBPOENAS ALTOGETHER.  THIS, AGAIN,
```

EXHIBIT _____ 3

PAGE _____ 34

1    PERTAINS TO FINANCIAL INFORMATION.  AND WE'VE BEEN

2    THROUGH THIS WITH THIRD PARTIES BEFORE.

3          WE WOULD URGE, AT A MINIMUM, THAT IF

4    THOSE MOTIONS ARE NOT GOING TO BE DENIED OUTRIGHT,

5    THAT THEY OUGHT AT LEAST TO BE DEFERRED FOR A

6    RULING IN CONJUNCTION WITH THE MOTION TO QUASH, SO

7    IT GETS RESOLVED ALL AT ONCE.

8          DOWN TO FOUR, TWO OF THOSE ARE GRONICH,

9    AND TIANCGO.  BOTH OF THEM, AS I UNDERSTAND IT, ARE

10   BEING SOUGHT SOLELY WITH REGARD TO DOCUMENT

11   PRESERVATION ISSUES.

12         WE'VE ALREADY SERVED UP TWO 30(B)(6)

13   WITNESSES ON THAT SPECIFIC TOPIC:  LOCKHART AND

14   TONNU, T-O-N-N-U.  IN ADDITION, SAM KHARE,

15   K-H-A-R-E, WAS ALSO DEPOSED ON THOSE ISSUES.

16         AT A MINIMUM, I THINK WE NEED SOME

17   SPECIFICATION AS TO WHAT COULD POSSIBLY BE LEFT ON

18   THE SUBJECT OF THE DOCUMENT PRODUCTION, AND WHY

19   BOTH GRONICH AND TIANCGO ARE NEEDED ON THAT, WHICH

20   LEAVES US WITH NPD AND WOODS.

21         ON NPD, I KNOW MR. ECKLES, PERHAPS, CAN

22   SPEAK FULLER TO THIS, IF YOUR HONOR HAS QUESTIONS,

23   HAS WRITTEN TO MATTEL, POINTING OUT THAT THOSE

24   TRULY ARE PHASE II ISSUES.

25         AND, FINALLY, FOR MR. WOODS, HE IS A

12

EXHIBIT _____ 2

PAGE _____ 35

1   FORMER MGA PRESIDENT, APEX KIND OF WITNESS.  AT A

2   MINIMUM, AS I SAID, 42 DAYS AFTER DISCOVERY WAS

3   SUPPOSED TO HAVE CLOSED.  AND WE NEED SOME

4   SPECIFICATION AS TO WHAT IT IS THAT IS LEFT THAT IS

5   NEEDED THAT ONLY MR. WOODS COULD PROVIDE.

6           I THINK THAT COVERS THE LIST, UNLESS YOUR

7   HONOR HAS QUESTIONS.

8        JUDGE INFANTE:  MATTEL HAVE ANY COMMENTS?

9        MR. COREY:  YES, YOUR HONOR.  JON COREY.

10          I'LL TRY TO ADDRESS THESE IN THE SAME

11   ORDER THAT -- THAT MR. KENNEDY ADDRESSED THEM IN.

12          WITH RESPECT TO THE PEOPLE THAT HE

13   IDENTIFIED AS TO WHOM I BELIEVE THE MOTION TO QUASH

14   IS MOOT, I UNDERSTAND THOSE TO BE RACHEL HARRIS,

15   AMY MEYERS, JEFF WEISS, BECAUSE THOSE INDIVIDUALS

16   HAVE, IN FACT, BEEN DEPOSED.

17          ANDREAS KOCH, I BELIEVE THAT THE MOTION

18   SHOULD ALSO BE MOOT WITH RESPECT TO HIM.  HIS

19   DEPOSITION WAS COMMENCED AND THEN IT WAS SUSPENDED

20   BY MGA.  AND I BELIEVE THAT THERE IS AN AGREEMENT

21   AND A STIPULATION SIGNED BY THE DISCOVERY MASTER

22   THAT THAT WILL -- WE'RE TRYING TO SCHEDULE THAT, SO

23   THAT CAN BE CONTINUED.

24          AND I UNDERSTAND THAT THE MOTION IS BEING

25   WITHDRAWN WITH RESPECT TO LUCY AHRENT, PETER

EXHIBIT _____ 3

PAGE _____ 36

1     MARLOW, AND SARAH HALPERN, BECAUSE THE ONLY BASIS

2     FOR THE MOTION WAS IMPROPER SERVICE.

3              AND JUDGE LARSON RESOLVED THAT, WITH THE

4     DISCHARGING OF THE ORDER TO SHOW CAUSE IN THE

5     FEBRUARY 25TH MINUTE ORDER IN WHICH HE DEEMED ALL

6     OF THOSE INDIVIDUALS TIMELY AND PROPERLY SERVED.

7              THERE ARE FIVE INDIVIDUALS WHO MATTEL DID

8     NOT SERVE PRIOR TO JANUARY 28TH:  CELIA KWOK,

9     STEVEN LEE, MERCEDAH WARD, CAROL WHITSELL, AND ERIC

10    YIP.  MATTEL WILL NOT WAIVE ITS RIGHT TO SEEK

11    THOSE -- THE DEPOSITIONS OF THOSE INDIVIDUALS, BUT

12    BECAUSE THEY WERE NOT SERVED PRIOR TO JANUARY 28TH,

13    WE -- MATTEL, OF COURSE, ACKNOWLEDGES THAT IT WOULD

14    NEED LEAVE OF COURT TO PURSUE THEM.

15             WITH RESPECT TO MS. GRONICH AND

16    MR. TIANCGO, SPECIFICALLY WITH RESPECT TO

17    MS. GRONICH, SHE IS NOT BEING SOUGHT SOLELY WITH

18    RESPECT TO DOCUMENT PRESERVATION ISSUES.

19    MS. GRONICH WAS ALSO AN INTEGRAL PART OF SOME

20    AMENDED COPYRIGHT AND TRADEMARK APPLICATIONS THAT

21    CHANGED THE DATE OF CREATION, AND THE DATE OF --

22    THE DATE OF FIRST USE OF SOME OF THE BRATZ PRODUCTS

23    AT ISSUE IN PHASE I.

24             SHE ALSO HAS SUBMITTED A NUMBER OF

25    AFFIDAVITS IN -- NOT IN THIS PROCEEDING, BUT IN

14

EXHIBIT _____ 3

PAGE _____ 37

1   OTHER PROCEEDINGS, RELATING TO THE ORIGINATION AND

2   CREATION OF BRATZ.  AND SO THE SUBJECT MATTER OF

3   HER DEPOSITION IS -- IS MUCH BROADER THAN THE

4   PRESERVATION ISSUE IDENTIFIED BY MR. KENNEDY.

5         MR. TIANCGO IS -- HE IS AN

6   INTELLECTUAL -- EXCUSE ME -- HE IS AN I.T.

7   PROFESSIONAL AT MGA, WITH RESPECT TO COLLECTION

8   PRESERVATION OF ELECTRONIC INFORMATION.  NONE OF

9   THE WITNESSES THAT WERE PROVIDED BY -- NONE OF THE

10  30(B)(6) WITNESSES THAT WERE PROVIDED BY MGA HAVE A

11  TECHNICAL BACKGROUND.  AND HE'S THE GUY IN THE

12  FRONT LINES, HE'S -- HE KNOWS THE INS AND OUTS AND

13  WHAT WAS DONE AND HOW IT WAS DONE AND WHO DID IT.

14        AND THE FACT THAT MGA HAS PRODUCED A

15  30(B)(6) WITNESS ON SOME OVERLAPPING INFORMATION,

16  DOES NOT PRECLUDE MATTEL FROM TAKING HIS

17  DEPOSITION, PARTICULARLY IN LIGHT OF THE FACT THAT

18  JUDGE LARSON HAS FOUND GOOD CAUSE TO TAKE HIS

19  DEPOSITION.

20        WITH RESPECT TO ANNA ISABEL CABRERRA,

21  BEATRIZ MORALES, MARIA SALAZAR, AND KAMI GILLMOUR,

22  I UNDERSTAND THAT THE ONLY POSITION BEING PUT

23  FORWARD IS THAT THEY WERE NOT NOTICED ADEQUATELY.

24        KAMI GILLMOUR FALLS SQUARELY WITHIN THE

25  EXCEPTION IDENTIFIED BY JUDGE LARSON, THAT HE'S ONE

15

EXHIBIT _____ 2

PAGE _____ 38

1    OF THE -- SHE'S ONE OF THE WITNESSES WHO SOUGHT TO

2    HAVE HER DEPOSITION RESCHEDULED FOR HER

3    CONVENIENCE.  AND AT ONE POINT THAT DEPOSITION WAS

4    SCHEDULED, I BELIEVE, FOR FEBRUARY 29TH.  AND THEN

5    AT THE LAST MINUTE IT WAS CANCELED BY HER COUNSEL

6    BECAUSE OF THE PENDENCY OF THIS MOTION.

7              SO THERE'S NOT A -- THERE'S NOT AN

8    INADEQUATE NOTICE THAT JUSTIFIES QUASHING THE

9    DEPOSITIONS -- EXCUSE ME -- THE DEPOSITION NOTICE

10   TO HER.

11             WITH RESPECT TO CABRERRA, MORALES, AND

12   SALAZAR, IN LIGHT OF THE CIRCUMSTANCES -- AND WE'VE

13   LAID THIS OUT IN OUR PAPERS -- WE LEARNED ABOUT

14   THEIR INVOLVEMENT WITH BRATZ VERY LATE IN THE DAY.

15   WE CONDUCTED OUR INVESTIGATION, AND WE NOTICED THE

16   DEPOSITIONS AS PROMPTLY AS WE -- AS PROMPTLY AS WE

17   COULD.

18             AND IN LIGHT OF THE FACT THAT THEY HAVE

19   NOT BEEN DEPOSED AND A SIGNIFICANT AMOUNT OF TIME

20   HAS PASSED, NOTICE IS NO LONGER AN ISSUE AND MATTEL

21   SHOULD BE GIVEN -- THE DEPOSITION NOTICES SHOULD

22   NOT BE QUASHED.

23             MOSS ADAMS AND WACHOVIA CORPORATION, IF

24   WHAT -- MATTEL'S OKAY IN DEFERRING THE RESOLUTION

25   OF THOSE ISSUES, UNTIL RESOLUTION OF THE DEPOSITION

16

EXHIBIT _____ 3

PAGE _____ 39

```
 1   OF SUBPOENAS, YOUR HONOR.

 2            AND WITH RESPECT TO NPD GROUP AND MEL

 3   WOODS, BOTH OF WHOM ARE PARTIES -- EXCUSE ME --

 4   BOTH OF THEM WHO ARE WITNESSES WHOSE -- MATTEL WAS

 5   GIVEN LEAVE TO DEPOSE.

 6            NPD GROUP AND MEL WOODS BOTH HAVE

 7   INFORMATION RELATED TO PHASE I.  NPD GROUP, WE

 8   UNDERSTAND, IS A SOURCE OF INFORMATION RELATED --

 9   IS A SOURCE OF INFORMATION THAT MGA HAS USED TO

10   RELY ON FOR ITS DAMAGES IN PHASE I, AND A SOURCE OF

11   THAT KIND OF INFORMATION.  AND MEL WOODS IS A

12   FORMER EMPLOYEE OF MGA.

13            AND UNLESS THE COURT HAS ANY QUESTIONS,

14   MATTEL WOULD SUBMIT.

15     MR. KENNEDY:  YOUR HONOR, RAOUL KENNEDY.  COULD

16   I RESPOND BRIEFLY?

17            I GATHER WE HAVE AGREEMENT AS TO THE

18   SEVEN THAT I MENTIONED AT THE OUTSET, STARTING WITH

19   AHRENT, AND WE HAVE AGREEMENT THAT THEY NEED LEAVE

20   OF COURT FOR THE OTHER FIVE, STARTING WITH KWOK.

21            TURNING TO GILLMOUR, HER DEPOSITION WAS

22   NOTICED ON SOMETHING LIKE JANUARY 25, WAS NOT GIVEN

23   10 DAYS' NOTICE.  THIS IS NOT A CASE WHERE THERE

24   WAS COMPLIANCE, AND SHE ASKED FOR SOMETHING FOR HER

25   CONVENIENCE.  ANY DISCUSSIONS WERE IN TERMS OF THIS
```

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

EXHIBIT _____ 3

PAGE _____ 40

1    IS ON INADEQUATE TIMING, AND IT DOESN'T WORK FOR MY

2    SCHEDULE.

3                AS FAR AS SALAZAR, CABRERRA, AND MORALES,

4    YOUR HONOR MAY HAVE HEARD THEM REFERRED TO BEFORE.

5    THESE ARE THE SEAMSTRESSES THAT WORKED IN THE

6    GARAGE.   IN ADDITION TO THE FACT THAT THEY JUST

7    PLAIN WERE NOT SERVED BEFORE THE 28TH, NO ATTEMPT

8    HAS BEEN MADE TO GET A COURT ORDER EXTENDING THE

9    28TH DEADLINE AS TO THEM.

10                THIS IS OUR MOTION.   THIS IS NOT MATTEL'S

11   MOTION AT THIS POINT.

12                AND, FINALLY, WE WILL BE FILING EITHER

13   LATER TODAY OR TOMORROW, WITH JUDGE LARSON, A

14   MOTION DEALING WITH WITNESS TAMPERING WITH REGARD

15   TO THOSE THREE WITNESSES.   AND TO THE EXTENT, IF

16   ANY, THAT THE COURT IS THINKING ABOUT GIVING MATTEL

17   DISPENSATION FROM THE 28TH CUTOFF AS TO THEM, WE

18   REQUEST THAT THE DEPOS AT LEAST NOT BE TAKEN UNTIL

19   AFTER JUDGE LARSON HAS HAD A CHANCE TO RULE ON THE

20   TAMPERING MOTION.

21                BEYOND THAT, I THINK THINGS ARE -- AND,

22   AGAIN, UNLESS YOUR HONOR HAS QUESTIONS, WE ARE

23   PREPARED TO SUBMIT.

24        JUDGE INFANTE:   ANYTHING FURTHER?

25        MR. COREY:   THIS IS JON COREY AGAIN.

1    VERY BRIEFLY.  I DON'T BELIEVE THAT A

2    DEFERRAL OF THE DEPOSITIONS OF CABRERRA, MORALES,

3    AND SALAZAR SHOULD BE PUT OFF.  I THINK JUDGE

4    LARSON MADE IT VERY CLEAR THAT IF HE WANTED TO HEAR

5    MORE ABOUT WITNESS TAMPERING, HE WOULD MAKE THAT

6    REQUEST.  AND WE PUT THAT IN FRONT OF YOUR HONOR.

7    AND EVEN IF THE -- WITH THAT, I'LL SUBMIT, YOUR

8    HONOR.

9        JUDGE INFANTE:  OKAY.  THE MOTION IS TAKEN

10   UNDER SUBMISSION.

11       MR. COREY:  THANK YOU, YOUR HONOR.

12       JUDGE INFANTE:  WITH RESPECT TO THE NEXT

13   MOTION, I BELIEVE IT IS CARTER BRYANT'S MOTION TO

14   COMPEL RESPONSES TO DISCOVERY REQUESTS.  THIS WAS

15   FILED ON FEBRUARY 8TH OF '08.

16       YOU MAY PROCEED.

17       MR. WERDEGAR:  MATT WERDEGAR FOR CARTER BRYANT.

18       THE MOTION, I THINK, HAS BEEN

19   EXHAUSTIVELY BRIEFED.  AT THIS POINT, I JUST WANT

20   TO INQUIRE OF THE COURT TO MAKE SURE THAT THE COURT

21   RECEIVED THE REPLY BRIEF WE FILED ON FRIDAY, BEING

22   THAT THAT DOCUMENT IS VERY IMPORTANT.  BUT IF THE

23   COURT HAS THAT, I THINK WE'RE READY TO SUBMIT ON

24   THE PAPERS.

25       I THINK THESE HAVE ALL BEEN PRETTY

19

1   BRIEFLY, I -- ARE IDENTIFYING -- THE TERM

2   IDENTIFYING THAT INTERROGATORY VERY CLEARLY ASKS

3   FOR THE VALUE OF THE ALLEGED PROPERTY OR RESOURCES

4   THAT CARTER BRYANT MISUSED.  AND THAT IS DIRECTLY

5   RELEVANT TO THE CONVERSION CLAIM, AMONG OTHERS,

6   ASSERTED BY MATTEL.

7         WITH RESPECT TO THE REQUEST FOR

8   ADMISSIONS, JUST VERY BRIEFLY, WE'VE GONE THROUGH

9   THOSE REQUEST BY REQUEST IN THE REPLY BRIEF.

10  BASICALLY, WE'RE PREPARED TO SUBMIT ON THE PAPERS

11  WITH RESPECT TO THOSE.

12        BUT, WITH RESPECT TO THE IDEA THAT LOST

13  PROFITS ARE NOT RELEVANT, THEY HAVE A BREACH OF

14  CONTRACT CLAIM, THEY HAVE OTHER STATE LAW CLAIMS,

15  WHICH IS BREACH OF FIDUCIARY DUTY, BREACH OF THE

16  DUTY OF LOYALTY, [INAUDIBLE] COPYRIGHT CLAIMS, AND

17  THEY'RE EXPRESSLY SEEKING MATTEL'S LOST PROFITS AS

18  A DAMAGES REMEDY IN THIS CASE.  AND THAT'S A

19  DIFFERENT REMEDY THAN THEY ARE SEEKING WITH RESPECT

20  TO THE ALLEGED DEAL [INAUDIBLE] WITH BRYANT AND

21  MATTEL ARE SEEKING BOTH FORMS.  AND WHETHER MATTEL

22  WOULD HAVE COMMERCIALIZED BRATZ IS CERTAINLY

23  RELEVANT TO WHETHER THEY CAN SUSTAIN A CLAIM FOR

24  LOST PROFITS THAT MATTEL MAY HAVE SUFFERED.

25        UNLESS THE COURT HAS ANY ADDITIONAL

32

EXHIBIT ___3___

PAGE ___43___

```
 1   QUESTIONS, I'M PREPARED TO SUBMIT.
 2        JUDGE INFANTE:  THANK YOU VERY MUCH.
 3             I RECEIVED THE REPLY LATE ON FRIDAY AND
 4   IT IS NOW MONDAY MORNING.
 5             I NEED TO READ A COUPLE CASES YOU'VE
 6   CITED.  AND I'M GOING TO TAKE THIS MATTER UNDER
 7   SUBMISSION.
 8        MR. WERDEGAR:  THANK YOU, YOUR HONOR.
 9        JUDGE INFANTE:  OKAY.  THAT BRINGS US TO
10   MATTEL'S MOTION TO ENFORCE THE COURT'S JANUARY 25
11   ORDER TELLING BRYANT TO PRODUCE COMPUTER HARD
12   DRIVES AND A MOTION FOR SANCTIONS, FILED ON
13   JANUARY 28TH.
14             YOU MAY PROCEED.
15        MR. QUINTO:  THANK YOU, YOUR HONOR.  DAVID
16   QUINN AGAIN.
17             YOUR HONOR, BY ORDER DATED FEBRUARY 27,
18   2008, JUDGE LARSON OVERRULED YOUR HONOR'S
19   DECEMBER 31, 2007 ORDER REGARDING HARD DRIVES.
20   JUDGE LARSON FOUND THAT THE DESTRUCTION OF
21   ELECTRONIC EVIDENCE ON HARD DRIVES IS RELEVANT TO
22   MATTEL'S CLAIMS, AND HELD THAT THE DECEMBER ORDER
23   DENYING SUCH EVIDENCE TO MATTEL WAS CLEARLY
24   ERRONEOUS AND CONTRARY TO LAW.
25             THE COURT ORDERED THAT MGA MAKE AVAILABLE
```

33

3

PAGE 44

1   FOR INSPECTION, QUOTE, ANY COMPUTER USED BY EITHER

2   ISAAC LARIAN OR CARTER BRYANT, AT ANY TIME, FROM

3   1999 TO THE PRESENT, CLOSE QUOTE.

4          THIS MOTION IS THE -- SEEKS THE

5   COUNTERPART OF THE RELIEF ORDERED BY JUDGE LARSON.

6   JUDGE LARSON ORDERED ISAAC LARIAN TO PRODUCE

7   COMPUTER HARD DRIVES.  THIS MOTION SEEKS TO REQUIRE

8   THAT CARTER BRYANT PRODUCE THEM.  MATTEL SEEKS TO

9   EXAMINE THE COMPUTERS USED BY CARTER BRYANT THAT

10  HAVE BEEN IN HIS POSSESSION.

11         IN SEEKING SUCH DISCOVERY, MATTEL IS ALSO

12  SEEKING TO FORCE COMPLIANCE WITH YOUR HONOR'S

13  JANUARY 25, 2007 ORDER, WHICH PROVIDED, IN

14  PARAGRAPH 4 OF ITS CONCLUSION THAT, QUOTE, PURSUANT

15  TO RULE 34, FED. R. CIV. P., BRYANT SHALL PRODUCE

16  THE HARD DRIVES OF HIS COMPUTERS FOR FORENSIC

17  IMAGING, CLOSE QUOTE.

18         AND THE REASON MATTEL NEEDS THIS

19  DISCOVERY ARE OBVIOUS.  AND, INDEED, THE DISCOVERY

20  MASTER HAS HIMSELF NOTED THAT THE INCONSISTENCY IN

21  WHAT MATTEL HAS BEEN TOLD REGARDING THE CONDITION

22  AND WHEREABOUTS OF MR. BRYANT'S FORMER COMPUTERS,

23  HARD DRIVES, LAPTOPS, ET CETERA, IS ALARMING.

24         INITIALLY, BRYANT CLAIMED THAT THERE WAS

25  ONLY ONE HARD DRIVE FOR HIS DESKTOP THAT COULD BE

34

1    LOCATED AND THAT A TIRELESS SEARCH OF IT HAD

2    YIELDED NO RELEVANT DOCUMENTS.

3              BUT FOLLOWING YOUR HONOR'S JANUARY 25,

4    2007 ORDER COMPELLING PRODUCTION OF THE HARD DRIVE,

5    BRYANT'S COUNSEL ADMITTED THAT THERE WERE FIVE

6    FORENSIC IMAGES OF BRYANT HARD DRIVES CONTAINING

7    BRATZ-RELATED INFORMATION.  TWO IMAGES WERE

8    PURPORTEDLY MADE BEFORE BRYANT HAD MISREPRESENTED

9    THAT HE WAS ABLE TO LOCATE ONLY THE ONE HARD DRIVE.

10   ONE OF THOSE IMAGES WAS OF A LAPTOP, THE OTHER OF A

11   DESKTOP COMPUTER.  THE OTHER THREE IMAGES WERE OF

12   UNIDENTIFIED HARD DRIVES THAT HAVE NEVER BEEN

13   PRODUCED.

14             THE IMAGES OF THE TWO HARD DRIVES THAT

15   WERE PRODUCED, REFLECTED THAT CARTER BRYANT HAD

16   INSTALLED THE EVIDENCE ELIMINATOR PROGRAM ON HIS

17   COMPUTERS AND HAD WIPED OUT OVER 9,400 FILES AND

18   FOLDERS BEFORE ALLOWING THE IMAGES TO BE MADE.

19             SIGNIFICANTLY, FORENSIC EXAMINATION

20   REFLECTED THAT BRYANT INSTALLED THE EVIDENCE

21   ELIMINATOR PROGRAM ON APRIL 28TH, 2004.  THAT WAS

22   ONE DAY AFTER MATTEL FILED ITS SUIT.

23             ON JANUARY 15 OF THIS YEAR, BRYANT

24   FINALLY SUBMITTED HIS PRESERVATION AFFIDAVIT THAT

25   WAS ORDERED LAST AUGUST.  IN THE PRESERVATION

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

EXHIBIT _____ 3

PAGE _____ 4c

1    AFFIDAVIT, BRYANT ADMITTED THAT JUST NOT TWO, BUT

2    THREE IMAGES HAVE BEEN MADE OF HIS HARD DRIVES, BUT

3    HE CONTINUED TO MAINTAIN THAT HE HAD JUST FIVE

4    COMPUTERS.

5             ON JANUARY 23 OF THIS YEAR, BRYANT'S

6    ADMISSIONS CHANGED AGAIN. HE ADMITTED IN

7    DEPOSITION THAT HE HAS WITHHELD FROM INSPECTION

8    MORE THAN THREE HARD DRIVES. HE ADMITTED THAT HE

9    HAS OWNED AND USED SEVEN PERSONAL COMPUTERS TO DO

10   BRATZ WORK, SINCE 2000.

11            BRYANT SHOULD BE ORDERED TO PRODUCE ALL

12   THE HARD DRIVES FOR INSPECTION BY MATTEL. THE

13   POINT HERE BEING THAT WE ARE ENTITLED TO SEE WHAT

14   IS NOT THERE; HOW MANY FILES AND FOLDERS HAVE BEEN

15   ELIMINATED. IT'S NOT AS BRYANT HAS ATTEMPTED TO

16   CHARACTERIZE IN THE PAST, A SEARCH FOR NEW EVIDENCE

17   TO SUPPORT NEW CLAIMS, RATHER IT'S A SEARCH TO SHOW

18   THAT THERE HAS BEEN SPOLIATION AND THAT IS RELEVANT

19   TO EXISTING CLAIMS.

20            BECAUSE MATTEL HAS REPEATEDLY SOUGHT TO

21   FORCE COMPLIANCE WITH THE ORDERS REQUIRING THAT THE

22   HARD DRIVES BE PROVIDED FOR INSPECTION, MATTEL IS

23   ASKING FOR SANCTIONS OF $3,500 FOR HAVING TO BRING

24   YET ANOTHER MOTION. AND IN ADDITION, IS ASKING

25   FOR AN ADDITIONAL $5,000 PER DAY FOR EVERY DAY THAT

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

EXHIBIT _____ 3

PAGE _____ 47

1   BRYANT FAILS TO COMPLY WITH ANY ORDER REQUIRING

2   THAT HE SUBMIT HIS COMPUTER HARD DRIVES FOR

3   INSPECTION.

4          THANK YOU.

5      MR. PAGE:  YOUR HONOR, MICHAEL PAGE, FOR CARTER

6   BRYANT.

7          I CONTINUE TO BE TROUBLED BY THE

8   REPRESENTATIONS THAT MATTEL MAKES CONTRARY TO THEIR

9   OWN EVIDENCE IN THIS CASE.  I JUST HEARD FROM

10  MATTEL'S COUNSEL, YET AGAIN, SAYING THAT THERE WAS

11  EVIDENCE THAT MR. BRYANT ERASED 9,400 FILES AND

12  FOLDERS.  THERE IS NO SUCH EVIDENCE.  THEIR OWN

13  EXPERT'S DECLARATION SAYS NO SUCH THING.

14          WHAT EVIDENCE ELIMINATOR DOES -- AND THAT

15  THEIR EXPERT HAS TESTIFIED -- IS THAT IT REWRITES

16  THE NAMES OF FILES, FILE NAMES, THAT HAVE ALREADY

17  PREVIOUSLY BEEN DELETED, FOR WHATEVER PURPOSE, BY

18  WHATEVER INSTRUMENTALITY.

19          YOUR COMPUTER, EVERY DAY, CREATES AND

20  ERASES SCORES OF FILES AUTOMATICALLY.  EVIDENCE

21  ELIMINATOR DOES NOTHING BUT OVERWRITE THOSE FILE

22  NAMES.  THERE IS NOT ONE SHRED OF EVIDENCE THAT

23  MR. BRYANT EVER ERASED A SINGLE FILE.

24          MORE IMPORTANTLY, THE COMPUTERS THAT THEY

25  ARE DISCUSSING HAVE ALREADY BEEN IMAGED AND

37

EXHIBIT _____ 3

PAGE _____ 18

1   PRODUCED. THEY ARE SEEKING ENTIRELY DIFFERENT

2   COMPUTERS HERE. AND -- AND THEY HAVE SAID NOTHING

3   ABOUT WHY ANYTHING ON THOSE COMPUTERS COULD

4   POSSIBLY BE RELEVANT TO THIS CASE.

5            THE CORE ISSUE ABOUT MR. BRYANT IS WHEN

6   HE CREATED THE BRATZ DRAWINGS, AND WHETHER HE

7   CREATED THEM IN 1998, AS HE CLAIMS, OR IN 1999, AS

8   MATTEL CLAIMS. THE COMPUTERS THEY HAVE ALREADY

9   SEEN ARE FROM 2000 AND 2001. THEY WERE A LITTLE

10  LATE, BUT THOSE ARE THE RELEVANT FACTS. AND MORE

11  IMPORTANTLY THEY'RE FROM BEFORE THIS LAWSUIT WAS

12  FILED.

13           THE COMPUTERS THEY'RE CURRENTLY SEEKING

14  ARE FROM AFTER THIS LAWSUIT WAS FILED, INCLUDING

15  THE PERSONAL COMPUTERS MR. BRYANT IS CURRENTLY

16  USING TODAY. THEY MAKE NO SHOWING WHY THERE'S ANY

17  PARTICULAR RELEVANCE TO ANYTHING THAT WOULD BE ON

18  THOSE COMPUTERS. AND THERE'S CONSIDERABLE BURDEN

19  TO MR. BRYANT TO TURN OVER EVERY BIT OF HIS

20  PERSONAL LIFE, INCLUDING HIS ATTORNEY-CLIENT

21  PRIVILEGED COMMUNICATIONS IN HIS CURRENT COMPUTERS.

22           SIMILARLY, THEY KEEP TELLING YOU THAT

23  MR. BRYANT LIED IN HIS PRESERVATION DECLARATION.

24  HE DID NO SUCH THING. THAT DECLARATION STATES

25  CORRECTLY THAT HE -- THAT IMAGES OF FIVE COMPUTERS

38

EXHIBIT _____ 3

PAGE _____ 49

1    HAVE BEEN PRESERVED.  IT DOES NOT STATE THAT HE

2    ONLY HAD FIVE COMPUTERS.  IT'S A DECLARATION ABOUT

3    WHAT WAS DONE TO PRESERVE EVIDENCE.  HE ALSO HAS

4    TWO COMPUTERS HE IS CURRENTLY USING.  ALL -- SO

5    THERE ARE FIVE POST-2000 COMPUTERS.

6         WE HAVE REVIEWED THE CONTENTS OF ALL OF

7    THOSE OF COMPUTERS.  WE HAVE PRODUCED ALL

8    RESPONSIVE DOCUMENTS FOR THOSE -- FROM THOSE

9    COMPUTERS.

10        COUNSEL ALSO JUST STATED FALSELY THAT

11   EVIDENCE ELIMINATOR WAS INSTALLED ON HIS DESKTOP IN

12   2004.  THAT IS SIMPLY FALSE.  HIS OWN DECLARATION

13   MAKES CLEAR THAT EVIDENCE ELIMINATOR WAS INSTALLED

14   ON THAT COMPUTER IN EARLY 2003, LONG BEFORE THIS

15   LAWSUIT WAS FILED.

16        THE ONLY COMPUTERS THAT EVIDENCE

17   ELIMINATOR HAS BEEN INSTALLED ON ARE THE TWO FROM

18   WAY BEFORE THIS LAWSUIT.  AND IT HAS NEVER BEEN

19   INSTALLED ON ANYTHING SINCE THE INCEPTION OF THIS

20   LAWSUIT.  ONCE IT'S INSTALLED, IT RUNS EVERY TIME

21   YOU TURN ON THE COMPUTER.  BUT THERE'S ZERO

22   EVIDENCE THAT MR. BRYANT EVER DID ANYTHING TO ERASE

23   A SINGLE RELEVANT FILE, AT ANY TIME.

24        FINALLY, THE ISSUE OF WHETHER THIS MOTION

25   SEEKS TO ENFORCE YOUR HONOR'S PREVIOUS ORDER.

EXHIBIT _____ 3

PAGE _____ 5b

1   THOSE SEPARATE STATEMENTS IN THAT MOTION WAS

2   CRYSTAL CLEAR, THAT MATTEL WAS SEEKING THE CONTENTS

3   OF THREE SPECIFIED COMPUTERS.   THEY CALLED THEM OUT

4   BY BRAND AND SERIAL NUMBER.   ONE OF THEM,

5   MR. BRYANT DIDN'T OWN ANY LONGER; IT HAD BEEN HIS

6   PARENTS' COMPUTER IN 1998.   THE OTHER TWO HAVE

7   ALREADY BEEN PRODUCED.

8          THE FACT THAT IN RESPONSE FOR -- TO A

9   MOTION ASKING FOR THE HARD DRIVES FOR THREE

10  SPECIFIC COMPUTERS, THIS COURT ISSUED AN ORDER THAT

11  SAID THE HARD DRIVES MUST BE PRODUCED.   DOESN'T

12  MEAN THAT THIS COURT SAID THAT MR. BRYANT NEEDED TO

13  PRODUCE EVERY COMPUTER HE EVER OWNED IN THE FUTURE.

14         FINALLY, THERE'S THE ISSUE OF THE LATE

15  FILED INFORMATION IN THEIR REPLY BRIEF.   MOST OF

16  WHAT THEY RELY ON HERE IS FACTUAL INFORMATION

17  [INAUDIBLE] LONG BEFORE THEY FILED THEIR OPENING

18  BRIEF.

19         HOWEVER, WHAT'S BEEN PRODUCED IS WITH

20  EXPERT TESTIMONY ONLY ON REPLY.   AND THE REASON FOR

21  THAT, ACCORDING TO MATTEL IS, WELL, WE DIDN'T -- WE

22  DIDN'T HAVE OUR EXPERT LOOK AT UNTIL THEN.   BUT

23  THAT'S NOT AN EXCUSE TO HOLD BACK EVIDENCE, JUST

24  BECAUSE YOU HAVEN'T DONE THE ANALYSIS YET.

25         THERE'S NO DISPUTE THAT THE EVIDENCE THAT

EXHIBIT_____3

PAGE_____51

1   THEY TRIED TO PUT IN, IN THEIR REPLY, WAS IN THEIR

2   POSSESSION MONTHS EARLIER.  THEY SIMPLY HADN'T DONE

3   THE ANALYSIS.

4        BUT IF THE COURT IS INCLINED TO TAKE THAT

5   EVIDENCE INTO CONSIDERATION, I THINK IT'S FAIR THAT

6   MR. BRYANT SHOULD BE ABLE TO PRESENT RESPONSIVE

7   EVIDENCE FROM HIS OWN EXPERT AND FROM THEIR

8   EXPERT'S DEPOSITION.  THAT DEPOSITION IS SCHEDULED

9   FOR THURSDAY, OUR EXPERT REPORT IS DUE NEXT MONDAY.

10       SO, AT A MINIMUM, WE WOULD ASK THE COURT

11  HOLD OFF UNTIL HE SEES THE -- THE CONTRARY

12  EVIDENCE, BECAUSE WE BELIEVE THAT MATTEL BADLY

13  OVERSTATED THAT EVIDENCE.

14       AND, FINALLY, ON THE QUESTION OF THE

15  AMENDED REPLY BRIEF FILED FOUR DAYS LATER, IT

16  DIDN'T JUST FIX A TYPO OF A MISSPELLING OF MR. --

17  OF JUDGE LARSON'S NAME.  THE ENTIRE FRONT ARGUMENT

18  OF THAT BRIEF IS DIFFERENT FROM THE ONE THAT WAS

19  FILED ON THE 15TH, AND IT IS SIGNED BY A DIFFERENT

20  LAWYER.

21       MR. QUINTO:  YOUR HONOR, DAVID QUINTO.  IF I

22  MAY RESPOND VERY QUICKLY.

23       FIRST, YOUR HONOR, THE EXPERT'S REPORT IS

24  ATTACHED AS EXHIBIT 3 TO THE SUPPLEMENTAL

25  DECLARATION OF MELISSA GRANT.  PARAGRAPH 3 OF THE

41

EXHIBIT _____ 3

PAGE _____ 52

```
 1    EXPERT'S REPORT SAYS THE -- "PROGRAM WAS RUN ON OR
 2    ABOUT THE RECORDED DATE, AND THE TIME, THE 12TH OF
 3    JULY 2004, AT 10:48 TO 13:25 CDT.  AT THIS TIME, AT
 4    LEAST 9,400 PLUS FILE NAMES AND/OR FOLDER NAMES
 5    WERE OVERWRITTEN, AS WELL AS AN UNDETERMINED AMOUNT
 6    OF DATA ON THE DRIVE."
 7              PARAGRAPH 5 STATES:   "THE EVIDENCE
 8    ELIMINATOR PROGRAM IS ADVERTISED AND SOLD AS A TOOL
 9    TO WIPE EVIDENCE FROM A HARD DRIVE.  IT IS NOT SOLD
10    PRIMARILY AS A TOOL TO MAKE YOUR PC RUN FASTER AND
11    BETTER."
12              YOUR HONOR, IT'S PRECISELY BECAUSE
13    EVIDENCE ELIMINATOR WIPES OUT FILES AND DATA THAT
14    COUNSEL'S REPRESENTATION THAT COUNSEL HAVE
15    INSPECTED THE DRIVES AND PRODUCED ALL RESPONSIVE
16    DOCUMENTS THAT CAN NOW BE FOUND ON THEM IS BESIDE
17    THE POINT.  WE ARE NOT CHALLENGING COUNSEL'S BONA
18    FIDES.
19              BUT WHAT WE ARE SAYING IS WE'RE ENTITLED
20    TO SEE WHAT'S NOT ON THE DRIVES, BECAUSE THE
21    EVIDENCE ELIMINATOR PROGRAM WAS RUN.  THIS IS WHAT
22    JUDGE LARSON RECOGNIZED WHEN HE ORDERED MR. LARIAN
23    TO PROVIDE ALL COMPUTERS AT MGA THAT EITHER HE OR
24    BRYANT HAD USED TO DATE.
25              FURTHER, NO EXPERT TESTIMONY WILL CHANGE
```

42

EXHIBIT _____ 3

PAGE _____ 53

1    JUDGE LARSON'S ORDER, OR YOUR HONOR'S PRIOR ORDERS,

2    REQUIRING THAT THE DRIVES BE PROVIDED TO MATTEL FOR

3    INSPECTION.

4          YOU KNOW, IT MAY BE THE CASE THAT THERE

5    ARE ADDITIONAL COMPUTERS THAT MR. BRYANT HAS USED

6    NOW THAT HE HADN'T USED WHEN YOUR HONOR FIRST

7    ORDERED THAT HE PRODUCE HIS COMPUTERS FOR

8    INSPECTION.

9          BUT THE RULE IN DISCOVERY, AS I'VE ALWAYS

10   UNDERSTOOD IT, IS WHEN YOU'RE REQUIRED TO PRODUCE

11   DOCUMENTS TO THE PRESENT, YOU DO THAT AS OF THE

12   DATE OF -- THE DATE OF PRODUCTION, NOT THE DATE

13   THAT A DISCOVERY REQUEST WAS PROPOUNDED; THEREFORE,

14   MR. BRYANT SHOULD BE REQUIRED, CONSISTENT WITH

15   JUDGE LARSON'S RECENT ORDER, TO PRODUCE ALL

16   COMPUTERS THAT HE HAS USED FOR ANYTHING RELATED TO

17   BRATZ.

18          THANK YOU.

19       MR. PAGE:  YOUR HONOR, VERY BRIEFLY.

20          AGAIN, THE SECTION OF THE EXPERT REPORT

21   THAT HE JUST READ SAYS PRECISELY WHAT WE SAID AND

22   NOT AT ALL WHAT THEY SAID.  THE EVIDENCE ELIMINATOR

23   ERASES FILE NAMES, NOT FILES, AND THAT THERE --

24   [INAUDIBLE] NO DATA WAS ERASED.  [INAUDIBLE] THE

25   NUMBER OF PEOPLE THIS MORNING.  THAT DOESN'T MEAN I

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-007

EXHIBIT _____ 3

PAGE _____ 54

1    KILLED ANYONE.

2            MORE -- AS TO JUDGE LARSON'S ORDER, JUDGE

3    LARSON ORDERED MR. LARIAN'S HARD DRIVES PRODUCED,

4    BECAUSE MATTEL CAME FORWARD WITH EVIDENCE THAT --

5    THAT -- THAT MGA REGULARLY ERASES THOSE HARD

6    DRIVES.  AND BASED ON THAT EVIDENCE, JUDGE LARSON

7    FOUND THAT MR. LARIAN'S -- THAT THERE WAS CAUSE TO

8    EXAMINE MR. LARIAN'S HARD DRIVES.

9            THERE WAS NOTHING BEFORE JUDGE LARSON

10   CONCERNING ANYTHING WITH MR. BRYANT'S HARD DRIVES.

11   AND, IN FACT, MGA DOESN'T HAVE POSSESSION OF ANY

12   HARD DRIVES THAT MR. BRYANT EVER USED.

13           THAT MOTION WAS ENTIRELY ABOUT

14   MR. LARIAN'S COMPUTERS.  AND, AGAIN, WAS BASED ON

15   EVIDENCE ABOUT THOSE PARTICULAR COMPUTERS.

16           THERE IS NO EVIDENCE OR NO CAUSE ABOUT

17   MR. BRYANT'S CURRENT COMPUTERS BEFORE THE COURT.

18           WITH THAT, I'LL SUBMIT.

19       JUDGE INFANTE:  OKAY.  THANK YOU.

20           YOU'VE MADE A MOTION TO STRIKE WHAT'S

21   BEEN SUBMITTED WITH THE REPLY.  THAT MOTION IS

22   DENIED.

23           HOWEVER, I'LL GIVE YOU THE OPPORTUNITY TO

24   RESPOND TO THAT.  YOU MAY FILE A SURREPLY WITHIN

25   SEVEN DAYS.  AND AT THAT POINT I WILL HEAR ALL THE

44

EXHIBIT_____3

PAGE_____55

1    EVIDENCE BEFORE ME AND RULE ON THE MOTION.

2         MR. PAGE:  THANK YOU, YOUR HONOR.

3         JUDGE INFANTE:  WE HAVE NOW A MOTION NUMBER 5,

4    WHICH IS MGA AND CARTER BRYANT'S JOINT MOTION TO

5    COMPEL PRODUCTION OF IMPROPERLY WITHHELD MATTEL

6    DOCUMENTS SHOWING MATTEL'S INVESTIGATION OF MGA AND

7    CARTER BRYANT, PRIOR TO NOVEMBER 2003, AND TO

8    COMPEL PRODUCTION OF ALL, QUOTE, NHB, UNQUOTE,

9    DOCUMENTS.

10        YOU MAY PROCEED.

11        MR. KENNEDY:  THANK YOU, YOUR HONOR.  RAOUL

12   KENNEDY.

13        I CANNOT OVERSTATE THE IMPORTANCE OF THIS

14   MOTION, BOTH ASPECTS OF IT, PARTICULARLY AS IT

15   BEARS ON THE IMPLIED WAIVER REQUEST.

16        WE HAVE NOW TWO DOCUMENTS THAT HAVE BEEN

17   PRODUCED:  ONE DATED AUGUST 2003 AND ANOTHER THAT

18   APPEARS TO HAVE BEEN GENERATED AROUND JUNE OF 2003,

19   GIVEN THE SUBJECT MATTER, BOTH OF WHICH REVEAL THAT

20   MATTEL IS USING A CODE NAME, CLOAK AND DAGGER

21   STUFF, TO REFER TO MGA, ALL -- MANY MONTHS BEFORE

22   THEY SUPPOSEDLY FIRST STUMBLED ON ANYTHING IN

23   NOVEMBER OF 2003.

24        TO ADD TO IT, WHEN THESE DOCUMENTS GET

25   PRODUCED AND THE CLAWBACK STARTS, MATTEL TELLS US

1   THEY ARE PRIVILEGED, NOT ONLY BY THE

2   ATTORNEY-CLIENT PRIVILEGE, BUT BY THE WORK PRODUCT

3   RULE.

4           NOW, IF THERE'S NOBODY IN THIS CASE WHO'S

5   UNDER ANY MISIMPRESSION AS TO WHAT YOU NEED IN

6   ORDER TO BE ASSERTING WORK PRODUCT -- AND I SUBMIT,

7   THIS ISN'T JUST SOME ESTATE AND TRUST LAWYER WHO IS

8   THROWING OUT ORDERS IDLY, WHEN WE POINTED OUT,

9   WELL, WHAT WAS THE LITIGATION THAT YOU WERE

10  CONTEMPLATING BACK AT THE TIME OF THESE DOCUMENTS

11  THAT CAUSED YOU TO BE USING CODE WORDS, WITHOUT

12  EXPLANATION?  THE WORK PRODUCT PRIVILEGE JUST GETS

13  WITHDRAWN WITHOUT ANY EXPLANATION AS TO WHAT WAS

14  INVOLVED.

15          AT A MINIMUM, YOUR HONOR, WE WOULD

16  REQUEST THAT YOU ORDER BOTH OF THESE DOCUMENTS BE

17  MADE AVAILABLE FOR IN CAMERA INSPECTION.  I THINK

18  YOU THAT YOU WILL FIND THAT THEY ARE EITHER FULLY

19  PRODUCIBLE OR AT LEAST SHOULD BE PRODUCED IN

20  REDACTED FORM.

21          IN ADDITION, AND MORE SIGNIFICANTLY, WE

22  DON'T HAVE ANY IDEA AS TO HOW MANY OTHER NHB

23  DOCUMENTS THERE MAY BE OUT THERE.  THEY DON'T

24  APPEAR ON PRIVILEGE LOGS, AT LEAST IDENTIFIED AS

25  NHB.  AND WE HAVE NO IDEA WHETHER MATTEL'S MANY

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

EXHIBIT 3

PAGE 57

1   MR. BOUSQUETTE DOES OR DOESN'T COME IN, I URGE THE

2   COURT TO PLEASE LOOK TO JUDGE LARSON FOR GUIDANCE

3   AT THAT PARTICULAR SECTION.

4          OTHER THAN THAT, WE TOO ARE PREPARED TO

5   SUBMIT, YOUR HONOR.

6      JUDGE INFANTE:   OKAY.   THANK YOU.

7          WITH RESPECT TO TINA PATEL, THE MOTION IS

8   GRANTED.   HER TESTIMONY MAY BE RELEVANT AS TO BOTH

9   PHASE I AND PHASE II, BUT THE DEPOSITION MAY

10  PROCEED.

11         WITH RESPECT TO MR. BOUSQUETTE, I DO NOT

12  BELIEVE THAT THE COURT OR THE SPECIAL MASTER IN

13  THIS CENTRAL DISTRICT OF CALIFORNIA HAS

14  JURISDICTION.   UNDER RULE 45, I BELIEVE YOU WOULD

15  NEED TO PROCEED IN THE DISTRICT IN WHICH

16  MR. BOUSQUETTE LIVES.

17         I WILL GRANT YOU AN ORDER ALLOWING YOU TO

18  PROCEED IN PURSUING MR. BOUSQUETTE'S DEPOSITION.

19  ON THE DISCOVERY CUTOFF DATE OF JANUARY, I FEEL

20  YOU'VE SHOWN GOOD CAUSE, GIVEN THE FACT THAT YOU'VE

21  BEEN -- WERE MISLED AS TO WHO REPRESENTED

22  MR. BOUSQUETTE.

23         AND FOR ALL THOSE REASONS THAT YOU HAVE

24  STATED IN YOUR PAPERS AND TODAY, YOU ARE GRANTED

25  RELIEF, WITH RESPECT TO THE DISCOVERY CUTOFF DATE

77

EXHIBIT _____ 3

PAGE _____ 58

```
 1    AS TO MR. BOUSQUETTE.
 2              I TAKE NO FURTHER ACTION, THOUGH, WITH
 3    RESPECT TO YOUR MOTION TO COMPEL BOUSQUETTE.
 4              YOU MAY PREPARE THAT ORDER, MR. KENNEDY.
 5         MR. KENNEDY:  YES, YOUR HONOR.  WE'LL DO SO.
 6    THANK YOU VERY MUCH.
 7         JUDGE INFANTE:  ALL RIGHT.  THAT BRINGS US TO
 8    MATTEL'S MOTION TO COMPEL DOCUMENTS ONLY PORTIONS
 9    OF WHICH ARE ALLEGEDLY PRIVILEGED.
10              YOU MAY PROCEED.
11         MR. OLIVAR:  YES, YOUR HONOR.  HARRY OLIVAR,
12    FOR MATTEL.
13              THIS MOTION HAS SOME COMMONALITY WITH THE
14    OTHER TWO, SO SOME OF WHAT I SAY MAY HAVE TO DO
15    WITH THOSE MOTIONS ALSO.
16              WE HAVE BEEN RECEIVING -- I BELIEVE THAT
17    MGA WAS ORDERED TO PRODUCE ALL PRIVILEGE LOGS BY
18    THE END OF JULY 2007, AND YET WE'VE BEEN RECEIVING
19    VOLUMINOUS PRIVILEGE LOGS COMING IN, IN AUGUST,
20    SEPTEMBER, NOVEMBER, JANUARY 15TH, JANUARY 23RD,
21    JANUARY 28TH, JANUARY 30TH, AND NOW WE'VE EVEN GOT
22    ONE MARCH 7TH, WHICH CAME IN AT 7:00 P.M., ON
23    FRIDAY.
24              IT'S CLEAR FROM THESE LOGS -- I MEAN, BY
25    THE TIME -- BY AUGUST 2007, THERE HAVE BEEN
```

78

EXHIBIT _____ 3

PAGE _____ 59

1    SOMETHING LIKE 100 DOCUMENTS CLAIMED TO BE

2    PRIVILEGED.  NOW IT'S AT 10,000, AND WE'VE SEEN IN

3    MGA'S STATEMENTS ABOUT HOW THE CONTRACT LAWYERS ARE

4    SCRAMBLING TO GET THESE THINGS DONE.  A FEW OF THE

5    LOGS ARE VERY POOR QUALITY.  AND YOU CAN SEE THAT

6    EVEN FROM MGA'S PAPERS, WHERE THEY ARE CONSTANTLY

7    REPRESENTING THAT THEY'RE REVIEWING THINGS AND

8    CHANGING THINGS AND PRODUCING HUNDREDS OF DOCUMENTS

9    THAT THEY PREVIOUSLY CLAIMED WERE PRIVILEGED.

10           WE'VE QUESTIONED ABOUT 1,200 SPECIFIC

11   ENTRIES IN THESE MOTIONS.  AND SOME OF THEM WE

12   WEREN'T ABLE TO RAISE UNTIL WE GOT THE LOGS, AND

13   THOSE WERE THE ONES COMING IN DAYS BEFORE AND DAYS

14   AFTER THE DISCOVERY CUTOFF.  BUT WE HAVE MADE -- WE

15   HAVE RAISED LEGITIMATE QUESTIONS AS TO WHETHER

16   1,200 CLAIMS OF PRIVILEGE OR SO ARE FAIRLY CLAIMED.

17           AND THEY FALL INTO THE THREE CATEGORIES

18   OF DOCUMENTS WHERE WE THINK MAYBE ONLY A PORTION IS

19   PRIVILEGED BASED ON THE -- ON THE LOG.  THE LOG

20   CERTAINLY DOESN'T SUPPORT THAT THE ENTIRE DOCUMENT

21   IS PRIVILEGED, WE'VE LISTED THOSE; THE TRADEMARK

22   SEARCHES; AND THE THIRD-PARTY COMMUNICATIONS.

23           YOUR HONOR HAS SOME EXTENSIVE DISCUSSION

24   OF THE ISSUES IN THE PAPERS, AND UNLESS THERE ARE

25   ANY QUESTIONS, I'D BE PLEASED TO SUBMIT ON THE

79

EXHIBIT _____ 3

PAGE _____ 60

1    PAPERS.

2        JUDGE INFANTE:  OKAY.  THANK YOU, VERY MUCH.

3        MR. ALLEN:  YOUR HONOR, JOSE ALLEN, ON BEHALF

4    OF ISAAC LARIAN AND MGA.

5            YOUR HONOR, WE COVERED QUITE EXTENSIVELY

6    IN THE PAPERS THE BACKGROUND RELATING TO THE

7    VARIOUS LOGS, SO I'M NOT GOING TO SPEND A LOT OF

8    TIME GOING THROUGH THAT.

9            I WOULD LIKE TO MENTION VERY BRIEFLY,

10   THOUGH, THAT THERE ARE REALLY THREE DIFFERENT SETS

11   OF LOGS THAT WE ARE INVOLVED WITH HERE.  ALL OF

12   THEM RAISE DIFFERENT KINDS OF ISSUES.

13           THERE'S WHAT WE REFER TO AS THE AUGUST

14   AND SEPTEMBER 2007 LOGS.  THESE WERE LOGS THAT WERE

15   PREPARED BY MGA'S PRIOR COUNSEL.  AND IN DECEMBER

16   OF 2007, AFTER MATTEL HAD HAD THOSE LOGS FOR QUITE

17   SOME PERIOD OF TIME, THEY CAME TO US AND SAID, WE

18   THINK THERE IS A PROBLEM IN THE WAY THESE LOGS WERE

19   PREPARED; MAINLY, THOSE LOGS FAIL SEPARATELY TO

20   LIST ATTACHMENTS TO DOCUMENTS, AND WE THINK THAT

21   THE DOCUMENTS NEED TO BE SEPARATELY LISTED.  AND WE

22   WANT YOU -- WE WANT YOU TO DO THAT.

23           TO SHORT-CIRCUIT THE PROCESS AND TO TRY

24   TO AVOID A BACK AND FORTH OVER WHO SAID WHAT, OVER

25   HOW THE LOGS HAVE BEEN PREPARED, WE AGREED, YOUR

80

EXHIBIT_____3_____

PAGE_____61_____

```
 1    HONOR, TO GO BACK AND LOOK AT THE AUGUST AND

 2    SEPTEMBER LOGS, WHICH HAD LIKE 4,000 DOCUMENTS ON

 3    THEM, AND ADVISE THE QUINN'S FIRM THAT MGA WOULD

 4    ISSUE REVISED LOGS FOR AUGUST AND SEPTEMBER 2007

 5    THAT SEPARATELY LISTED OUT THE ATTACHMENTS TO THE

 6    TOP LEVEL DOCUMENT, WHERE WE BELIEVE THAT THE

 7    ATTACHMENT WAS ALSO PRIVILEGED.

 8              AND WE HAVE BEEN ENGAGED IN THAT EFFORT.

 9    AND PURSUANT TO MATTEL'S REQUEST, WE HAVE PROVIDED

10    THOSE REVISED LOGS TO THEM ON A ROLLING BASIS.

11    MOST RECENTLY, WE GAVE THEM A REVISED INSTALLMENT,

12    ON FRIDAY.  WE'VE GIVEN THEM AN INSTALLMENT PRIOR

13    TO THAT.  WE EXPECT TO BE DONE WITH BOTH THE AUGUST

14    AND SEPTEMBER 2000 [SIC] REVISED LOGS BY THE END OF

15    THIS WEEK.

16              SO THAT DEALS WITH THE AUGUST LOGS, WHICH

17    HAVE BEEN AGREED UPON TO BE REVISED; THEY HAVE BEEN

18    PROVIDED, AND ARE IN THE PROCESS OF BEING PROVIDED

19    TO QUINN.

20              AND IT SEEMS THAT ISSUE REALLY WITH

21    RESPECT TO THE AUGUST AND SEPTEMBER LOGS, IN TERMS

22    OF WHAT'S LEFT NOW, IS WHETHER MATTEL SHOULD BE

23    ALLOWED TO FILE A MOTION TO COMPEL WITH RESPECT TO

24    ANY ENTRIES THAT APPEAR ON THOSE AUGUST AND

25    SEPTEMBER LOGS.
```

81

EXHIBIT _____ 3

PAGE _____ 12

1    OUR VIEW IS THAT AT SOME POINT WE NEED TO

2  MOVE OFF THE ISSUE OF THE LOGS.  THESE LOGS ARE NOW

3  THE SUBJECT OF FOUR DIFFERENT MOTIONS TO COMPEL,

4  AND WE JUST NEED TO MOVE FORWARD.

5    LET ME TURN TO THE NEXT CATEGORY OF -- OF

6  LOGS, WHICH ARE THE SO-CALLED NOVEMBER 2007 LOG,

7  AND THEN A SERIES OF LOGS IN JANUARY OF 2008, WHICH

8  WERE THE SUBJECT OF MATTEL'S INITIAL MOTION TO

9  COMPEL, AND THEN A SERIES OF SUBSEQUENT

10  SUPPLEMENTAL MOTIONS.

11    THE NOVEMBER LOG COVERED A PRODUCTION OF

12  DOCUMENTS THAT HAD OCCURRED SOME MONTHS PRIOR.  AND

13  WE ADVISED MATTEL AT THE TIME THAT WE PRODUCED THE

14  NOVEMBER LOG, THAT THE NOVEMBER LOG SIMPLY LISTED

15  DOCUMENTS THAT WE HAD DETERMINED SHOULD BE WITHHELD

16  IN THEIR ENTIRETY, AND WE WOULD SUBMIT A SUBSEQUENT

17  LOG THAT LISTED DOCUMENTS WHICH HAD BEEN PRODUCED

18  IN REDACTED FORM.  WE GAVE THAT NOVEMBER LOG TO

19  MATTEL.

20    WE ALSO, IN JANUARY, PROVIDED TO THEM, A

21  LOG LISTING DOCUMENTS THAT HAD BEEN WITHHELD OR

22  PRODUCED IN REDACTED FORM.  AND AFTER THEY GOT THAT

23  LOG, THEY NOW RAISE NEW QUESTIONS ABOUT THE ENTRY

24  IN THAT LOG, AND IT LOOKED LIKE WE HAD NOT, IN

25  FACT, PRODUCED DOCUMENTS IN REDACTED FORM.

82

EXHIBIT ___3___

PAGE ___63___

```
 1         BUT I BELIEVE IF YOUR HONOR REVIEWS THE
 2    RECORD AND THE DECLARATIONS YOU'LL SEE THAT, IN
 3    FACT, DOCUMENTS HAVE BEEN PRODUCED TO MATTEL IN
 4    REDACTED FORM, AS WE HAVE REPRESENTED.
 5         FINALLY, THERE'S THE LATER CATEGORY OF
 6    JANUARY LOGS THAT RELATE TO PRODUCTIONS ARISING OUT
 7    OF ORDERS TO PRODUCE DOCUMENTS BY MR. ISAAC LARIAN,
 8    AND HIS INITIAL MGA PRODUCTION.
 9         THOSE PRODUCTIONS HAVE OCCURRED; WE'VE
10    PRODUCED THE LOGS ACCOMPANYING THOSE PRODUCTIONS.
11    AND IN THOSE INSTANCES, AGAIN, WE'VE PRODUCED TWO
12    SETS OF LOGS, WITH RESPECT TO EACH PRODUCTION.
13    WE'VE PRODUCED THE LOG THAT HAVE IDENTIFIED
14    DOCUMENTS THAT HAVE BEEN WITHHELD IN THEIR
15    ENTIRETY, AND WE'VE IDENTIFIED -- WE PREPARED A
16    SEPARATE LOG THAT IDENTIFIED DOCUMENTS THAT HAVE
17    BEEN PRODUCED IN REDACTED FORM.
18         SO THE MATTEL SUGGESTION THAT WE HAVE
19    DISCRIMINATELY WITHHELD, ACROSS THE BOARD,
20    DOCUMENTS, ONLY PORTIONS OF WHICH HAVE BEEN
21    PRIVILEGED, AND HAVE NOT PRODUCED THEM IN REDACTED
22    FORM IS SIMPLY INCORRECT.
23         SO WITH THAT, YOUR HONOR, I HAVE NOTHING
24    ELSE TO ADD ON THAT MOTION.
25         JUDGE INFANTE:  OKAY.  THANK YOU VERY MUCH.
```

83

EXHIBIT ___ 3

PAGE ___ 64

1          MR. OLIVAR:  A BRIEF REPLY, YOUR HONOR.  HARRY

2     OLIVAR.

3               THIS MOTION IS IN NO WAY ABOUT LISTING

4     ATTACHMENTS SEPARATELY OR OTHERWISE.  ALL THREE OF

5     THESE MOTIONS HAVE BEEN ABOUT A CONSISTENT PATTERN

6     LISTING ON THE LOGS WHERE DOCUMENTS ARE LISTED THAT

7     EITHER SEEM -- APPEAR FROM THE DESCRIPTION NOT TO

8     BE PRIVILEGED OR TO CONTAIN NONPRIVILEGED

9     INFORMATION, AND UNDER YOUR HONOR'S ORDERS AND

10    UNDER THE LAW, WE'RE ENTITLED TO GET.

11              AND WE KEEP HEARING THINGS LIKE, WE NEED

12    TO MOVE OFF THESE LOGS, WE NEED TO MOVE FORWARD, IN

13    A SITUATION WHERE BOTH SIDES CAN SEE THAT THERE ARE

14    HUNDREDS OF DOCUMENTS LISTED ON THESE VERY

15    LATE=PRODUCED LOGS THAT SIMPLY AREN'T PRIVILEGED.

16              AND WHAT WE'RE ASKING YOUR HONOR TO DO IS

17    PUT AN ORDER IN PLACE THAT GETS MGA PRODUCING THESE

18    THINGS THAT AREN'T PRIVILEGED WITH SOME COMPULSION;

19    NOT THAT WE'RE WORKING ON IT AND IT'S GOING TO BE

20    VOLUNTARY IS INSUFFICIENT FOR OUR PURPOSES.  WE

21    WOULD LIKE AN ORDER THAT SAYS THAT THEY ARE

22    REQUIRED TO PRODUCE THE DOCUMENTS WE'VE ASKED FOR

23    IN THE THREE CATEGORIES.

24              AND WITH THAT, YOUR HONOR, I'LL SUBMIT.

25         JUDGE INFANTE:  OKAY.  ONE MOMENT.

84

EXHIBIT ____3____

PAGE ____65____

1           I FEEL THAT MATTEL HAS A LOT OF GOOD

2    POINTS HERE.  THERE ARE DOCUMENTS THAT LOOK LIKE

3    THEY'RE NOT PRIVILEGED.  I'M NOT QUITE SURE WHAT

4    THE BEST REMEDY IS.  I OBVIOUSLY DON'T HAVE TIME

5    FOR A MASSIVE IN CAMERA REVIEW.

6           I DO THINK THAT THE LOGS THAT HAVE JUST

7    BEEN PRODUCED THAT SUPERSEDE THE EARLIER LOGS

8    PRODUCED BY FORMER COUNSEL, MEAN THAT THOSE FORMER

9    LOGS SHOULD BE IGNORED AT THIS POINT, THE AMENDED

10   LOGS SHOULD BE WHAT'S FOCUSED UPON.

11          MATTEL'S MOTION IS WELL-TAKEN, BUT I'M

12   NOT QUITE SURE WHAT TO DO ABOUT IT.  I THINK THE

13   PARTIES SHOULD CONTINUE TO MEET AND CONFER.

14          YOU INDICATED YOU HAD MORE LOGS TO

15   PRODUCE IN THE NEXT FEW DAYS, IF I HEARD YOU

16   CORRECTLY, MR. ALLEN.

17     MR. ALLEN:  THAT IS CORRECT, YOUR HONOR.  WE

18   EXPECT BY THE END OF THIS WEEK, WE WILL BE THROUGH

19   WITH PRODUCING ALL OF THE REVISED AUGUST AND

20   SEPTEMBER LOGS.

21     MR. OLIVAR:  YOUR HONOR, WE WOULD ASK THAT AN

22   ORDER BE PUT IN PLACE THAT SETS FORTH THE BASIC

23   PRINCIPLES THAT WE HAVE BEEN ARGUING WITH MGA

24   ABOUT, THAT -- AND IT'S NOT CLEAR AT ALL FROM THEIR

25   PAPERS THAT THERE IS AN AGREEMENT THAT THEY'LL

85

EXHIBIT ___3___

PAGE ___66___

1    COMPLY WITH THE LAW UNDER THESE PRINCIPLES.

2              FIRST, THAT NONPRIVILEGED INFORMATION

3    WILL BE PRODUCED, IN DOCUMENTS THAT ARE MIXED, THAT

4    PRIVILEGED INFORMATION WILL BE REDACTED; SECOND,

5    THAT FACTUAL INFORMATION REGARDING TRADEMARKS AND

6    FIRST DATES OF USE WILL BE PRODUCED; AND, THIRD, A

7    FINDING THAT THEY HAVE NOT MADE A SUFFICIENT

8    SHOWING THAT THERE IS A COMMON INTEREST PRIVILEGE

9    WITH THEIR LICENSEES, BECAUSE THERE'S NO IDENTICAL

10   LEGAL INTEREST INVOLVED.

11             WE BELIEVE THAT AN ORDER SUCH AS THAT IS

12   NECESSARY TO MOVE THE PROCESS ALONG AND PUT AN END

13   TO THE DISPUTES ABOUT THESE DOCUMENTS THAT ARE

14   CLAIMED TO BE PRIVILEGED THAT WE BELIEVE ARE NOT.

15        JUDGE INFANTE:  I AGREE WITH MATTEL'S POSITION.

16   THE STATEMENT YOU JUST MADE IS SHARED BY ME.

17             BUT I THINK IT'S PREMATURE TO ISSUE AN

18   ORDER.  I'M GIVING YOU THE GUIDANCE THAT YOU JUST

19   ASKED FOR.  AND I THINK THE PARTIES NEED TO MEET

20   AND CONFER.

21             YOUR FIRST POINT IS THAT THE DOCUMENTS

22   SHOULD NOT BE WITHHELD AS TOTALLY PRIVILEGED, WHERE

23   PORTIONS OF IT ARE UNPRIVILEGED, AND PORTIONS OF IT

24   ARE PRIVILEGED.  YOU NEED TO GET INTO A REDACTION.

25             I ALSO SHARE YOUR VIEWS WITH RESPECT TO

86

EXHIBIT _____ 3

PAGE _____ 67

1    THE COMMON INTEREST CLAIM.  I -- I DON'T SEE A

2    BASIS FOR IT.  OF COURSE, I HAVEN'T SEEN THE

3    DOCUMENTS THEMSELVES, BUT I THINK THERE NEEDS TO BE

4    FURTHER PRODUCTION OF AMENDED LOGS.  I THINK THERE

5    NEEDS TO BE A VERY SERIOUS MEET AND CONFER.  I

6    THINK MATTEL'S POINTS ARE WELL-TAKEN, BUT I'M NOT

7    GOING TO ISSUE AN ORDER AT THIS MOMENT.

8         MR. OLIVAR:  WELL, THANK YOU FOR THE GUIDANCE,

9    YOUR HONOR.  WE'LL ATTEMPT TO ARRANGE A MEET AND

10   CONFER EXPEDITIOUSLY.  AND IF WE NEED TO GET BACK

11   BEFORE YOUR HONOR, WE'LL TRY TO GET BACK AS SOON AS

12   POSSIBLE.

13        JUDGE INFANTE:  THAT'S THE BEST I CAN DO AT

14   THIS POINT.  BUT I DO AGREE WITH MATTEL ON MOST OF

15   ITS ARGUMENTS.

16        MR. OLIVAR:  THANK YOU, YOUR HONOR.

17        JUDGE INFANTE:  ALL RIGHT.  DOES THAT TAKE CARE

18   OF 9, 10, AND 11?

19        MR. KENNEDY:  FROM OUR PERSPECTIVE, IT DOES,

20   YOUR HONOR.

21        JUDGE INFANTE:  OKAY.  I THINK THAT COMPLETES

22   OUR LIST FOR TODAY.

23            THERE WERE SEVERAL OTHER MOTIONS THAT YOU

24   LISTED IN YOUR JOINT REPORT WHERE MEET AND CONFER

25   EFFORTS HAVE NOT BEEN COMPLETED.

87

EXHIBIT _____ 3

PAGE _____ 68

```
 1              IF YOU WANT TO GIVE ME AN UPDATE ON THAT,
 2    I CAN GIVE YOU ANOTHER HEARING DATE, PROBABLY A
 3    COUPLE WEEKS FROM NOW.
 4              DOES ANYBODY WISH TO COMMENT ON THE
 5    SECTION 3 OF THE JOINT STATEMENT WITH RESPECT TO
 6    OTHER MOTIONS AT THIS TIME?
 7         MR. COREY:  YOUR HONOR, THIS IS JON COREY, FROM
 8    MATTEL.
 9              I DON'T KNOW WHETHER I CAN GO THROUGH
10    SECTION 3 OF THE JOINT STATEMENT AND IDENTIFY WHICH
11    OF THOSE MOTIONS ARE READY TO BE PUT IN FRONT OF
12    YOUR HONOR, BUT I DO KNOW THAT THE -- THERE ARE
13    SOME MOTIONS AS TO -- THAT HAVE BEEN NARROWED,
14    THERE ARE SOME THAT HAVE BEEN -- THAT NEED TO BE
15    PUT IN FRONT OF YOUR HONOR AS IS.
16              AND WHAT I WOULD -- WHAT I WOULD REQUEST
17    IS THAT IF WE CAN GET A HEARING DATE IN THE NEXT
18    DAY OR TWO, WE CAN GET AN UPDATED OR REVISED JOINT
19    REPORT FOR YOUR HONOR.
20         JUDGE INFANTE:  THEN WHY DON'T YOU CALL MY CASE
21    MANAGER, SANDRA CHAN, SHE'LL GIVE YOU A DATE.  IT
22    WILL BE PROBABLY TWO WEEKS OUT.  AND THEN YOU
23    SHOULD GIVE ME A SUPPLEMENTAL REPORT AS TO WHICH
24    MOTIONS ARE RIPE TO BE HEARD ON THAT DATE.
25         MR. COREY:  WE WILL, OF COURSE, DO THAT, YOUR
```

A&E COURT REPORTERS (213) 955-0070 FAX: (213) 955-0077

EXHIBIT _____ 3

PAGE _____ 69

1    HONOR.

2         JUDGE INFANTE:   OKAY.   HOLD ON JUST A SECOND.

3              (BRIEF PAUSE IN PROCEEDING.)

4         JUDGE INFANTE:   OKAY.   THAT WILL CONCLUDE THE

5    HEARING.

6              THANK YOU VERY MUCH, COUNSEL.

7         MR. COREY:   THANK YOU, YOUR HONOR.

8              (DISCUSSION HELD OFF THE RECORD.)

9         MR. WERDEGAR:   WILL YOU PLEASE PUT IN A REQUEST

10   FOR US TO PLEASE GET A COPY OF TODAY'S TRANSCRIPT.

11        MR. COREY:   OF COURSE.

12        MR. KENNEDY:   RAOUL KENNEDY, SAME REQUEST.

13        MR. COREY:   OF COURSE.

14

15             (WHEREUPON, AT THE HOUR OF

16              9:46 A.M., THE PROCEEDINGS

17                 WERE CONCLUDED.)

18                   -o0o-

19

20

21

22

23

24

25

                                               89

EXHIBIT _____ 3

PAGE _____ 70

```
1    STATE OF CALIFORNIA        )
                                )    SS.
2    COUNTY OF LOS ANGELES      )

3

4          I,    ANGELA DUPRE   , CERTIFIED

5    SHORTHAND REPORTER, CERTIFICATE NUMBER 7804, FOR

6    THE STATE OF CALIFORNIA, HEREBY CERTIFY:

7          THE PROCEEDINGS WERE RECORDED

8    STENOGRAPHICALLY BY ME AND WERE TRANSCRIBED TO THE

9    BEST OF MY ABILITY;

10         THE FOREGOING TRANSCRIPT IS A TRUE AND

11   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

12         I FURTHER CERTIFY THAT I AM NEITHER

13   COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION

14   NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

15         IN WITNESS WHEREOF, I HAVE HEREUNTO

16   SUBSCRIBED MY NAME THIS  17th  DAY OF

17    March          , 2008.

18

19

20

21

22

23

24

25
```

90

EXHIBIT _____3_____

PAGE _____71_____

# Exhibit 4.

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | EASTERN DIVISION

| | |
|---|---|
| 13   CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14       Plaintiff, | Consolidated with |
| 15       vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 16   MATTEL, INC., a Delaware<br>corporation, | NOTICE OF DEPOSITION OF<br>WACHOVIA CORPORATION |
| 17       Defendant. | PURSUANT TO FEDERAL RULE OF<br>CIVIL PROCEDURE 30(B)(6) |
| 18 | |
| 19   AND CONSOLIDATED CASES | Date: January 28, 2008<br>Time: 9:00 a.m. |
| 20 | Place.: Quinn Emanuel Urquhart Oliver<br>& Hedges, LLP |
| 21 | 555 Twin Dolphin Dr. Suite 560<br>Redwood Shores, CA<br>94065 |
| 22 | |
| 23 | Phase 1<br>Discovery Cut-Off: January 28, 2008 |
| 24 | Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

07209/2356751.1

1-17   EXHIBIT ____4____

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that, pursuant to <u>Fed. R. Civ. P.</u> 30 and the

3    attached subpoena pursuant to <u>Fed. R. Civ. P.</u> 45, plaintiff, Mattel, Inc. will take the

4    deposition upon oral examination of Wachovia Corporation.  The deposition will

5    take place on January 28, 2008, at 9:00 a.m. at the offices of Quinn Emanuel

6    Urquhart Oliver & Hedges, LLP, at 555 Twin Dolphin Dr. Suite 560, Redwood

7    Shores, California 94065.  Pursuant to <u>Fed. R. Civ. P.</u> 30(b)(6), Wachovia

8    Corporation is directed to designate one or more officers, directors, managing agents

9    or other persons who consent to testify on its behalf concerning each of the topics

10   set forth in Exhibit A hereto.

11       PLEASE TAKE FURTHER NOTICE that the deposition will take

12   place before a duly authorized notary public or other officer authorized to administer

13   oaths at depositions, and will continue from day to day, Sundays, Saturdays and

14   legal holidays excepted, until completed.

15       PLEASE TAKE FURTHER NOTICE that, pursuant to <u>Fed. R. Civ.</u>

16   <u>P.</u> 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

17   Livenote or other technology for real-time transcription of the testimony.

18

19   DATED:  January 17, 2008      QUINN EMANUEL URQUHART OLIVER &
20                                  HEDGES, LLP

21

22                            By
23                              Jon D. Corey
                           Attorneys for Mattel, Inc.

24

25

26

27

28

**EXHIBIT** 4

-2-

NOTICE OF DEPOSITION OF WACHOVIA CORPORATION

PAGE 73

Exhibit A

00029/2340430.1

EXHIBIT _____ 4

PAGE _____ 74

✎ AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

_____ NORTHERN ____ DISTRICT OF CALIFORNIA _____

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number:[1] CV 04-9049 SGL (RNBx)

consolidated with cases CV 04-9059 and CV 05-2727

Central District of CA

TO:  Wachovia Corporation, Legal Division
Legal Orders Processing
101 N. Independence Mall East, Philadelphia, PA 19106

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquart Oliver and Hedges, LLP | January 28, 2008 |
| 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | 9:00 a.m. |

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |
| | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney For Plaintiff, Mattel Inc. | January 15, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA  90017-2543  (213)  443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page) EXHIBIT _____ 4

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

PAGE _____ 75

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

4

PAGE _____  76

## ATTACHMENT A

1.      Any loan agreement or line of credit or other financing arrangement that Wachovia Corporation has entered into with MGA Entertainment, Inc., since January 1, 1999.

2.      The information provided to you by MGA Entertainment, Inc. for purposes of entering into any loan agreement or line of credit or other financing, at any time since January 1, 1999.

3.      Any explanation or justification that you understood or was provided for your for why MGA Entertainment, Inc. needed or sought any loan agreement or line of credit or other financing arrangement from Wachovia Corporation since January 1, 1999.

3.      The assets of MGA Entertainment, Inc. between January 1, 1999 and the present.

4.      The value of the assets of MGA Entertainment between January 1, 1999 and the present.

5.      Any other MGA Entertainment, Inc. lenders or persons who extended or was requested to extend a line of credit to MGA Entertainment, Inc. since January 1, 1998.

07209/2353385.1

EXHIBIT _____ 4

PAGE _____ 77

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On January 17, 2008, I served true copies of the following documents described as: **NOTICE OF DEPOSITION OF WACHOVIA CORPORATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** on the parties in this action as follows:

| | |
|---|---|
| Keker & Van Nest, LLP<br>John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | **Attorneys for *Carter Bryant*** |

[√]   **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in sealed envelope(s) or package(s) designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 17, 2008, at Los Angeles, California.

Kelly Velázquez

EXHIBIT _____ 4

PAGE _____ 78

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On January 17, 2008, I served true copies of the following documents described as:  **NOTICE OF DEPOSITION OF WACHOVIA CORPORATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)** on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>   Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Telephone:  213.687.5000<br>Facsimile:  213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| Overland Borenstein Scheper & Kim, LLP<br>   Mark E. Overland, Esq.<br>   David C. Scheper, Esq.<br>   Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone:  213.613.4655<br>Facsimile:  213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |

[√ ]   **[PERSONAL]** by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 17, 2008, at Los Angeles, California.

David Quintana

EXHIBIT _____ 9

PAGE _____ 79

Exhibit 5.

1 │ QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2 │   (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3 │   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4 │   (joncorey@quinnemnauel.com)
    865 South Figueroa Street, 10th Floor
5 │ Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6 │ Facsimile: (213) 443-3100

7 │ Attorneys for Mattel, Inc.

8 │ [Additional Counsel Listed On Following Page]

9 │            UNITED STATES DISTRICT COURT

10 │           CENTRAL DISTRICT OF CALIFORNIA

11 │               EASTERN DIVISION

| 12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|----|------------------------------|-------------------------------|
| 13 | Plaintiff, | Consolidated with |
| 14 | vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15 | MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| 16 | | **JOINT REPORT TO DISCOVERY MASTER REGARDING PENDING DISCOVERY MOTIONS** |
| 17 | Defendant. | |
| 18 | CONSOLIDATED ACTIONS | **Phase 1:** |
| 19 | | Discovery Cut-off:   January 28, 2008<br>Pre-trial Conference:   May 5, 2008<br>Trial Date:   May 27, 2008 |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

07209/2445768.1

3-08-08

EXHIBIT ___5___

PAGE ___80___

1 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   Thomas J. Nolan (Bar No. 066992)
2 | 300 South Grand Avenue
Los Angeles, California 90071-3144
3 | Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 | E-mail: tnolan@skadden.com

5 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   Raoul D. Kennedy (Bar No. 40892)
6 | Four Embarcadero Center, Suite 3800
San Francisco, California 94111
7 | Telephone: (415) 984-6400
Facsimile: (415) 984-2698
8 | E-mail: rkennedy@skadden.com

9 | Attorneys for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)
Limited, and MGAE de Mexico S.R.L. de C.V.
10

11 | KEKER & VAN NEST, LLP
   John W. Keker (Bar No. 49092)
12 |   Michael H. Page (Bar No. 154913)
   Christa M. Anderson (Bar No. 184325)
13 | 710 Sansome Street
San Francisco, California 94111
14

Attorneys for Carter Bryant
15

16
...
28

EXHIBIT 5
PAGE 81

07209/2445768.1                    -2-

1    Pursuant to the Discovery Master's request, Carter Bryant, MGA
2  Entertainment, Inc., Isaac Larian and Mattel have met and conferred regarding the
3  currently pending discovery motions.  The parties have agreed as follows:

4

5  **Motions That Have Been Resolved**

6

7    Mattel's Motion to Enforce the 5/15/07 Order of the Discovery Master
8    Re Production of Larian v. Larian Documents and for Sanctions (filed
9    12/21/07)

10

11    Mattel will agree to withdraw this motion without prejudice.

12

13    Mattel's Motion to Compel Deposition of MGA Hong Kong and for
14    Sanctions (filed 1/28/08)

15

16    This Motion will be resolved by stipulation. ·

17

18    Mattel's Motion to Enforce the Court's 5/15/07 Order, to Compel MGA
19    to Produce Compelled Calendars, and for Sanctions (filed 1/28/08)

20

21    Mattel will agree to withdraw this motion without prejudice.

22

23    Mattel's Motion to Compel Production of Fee Agreements and
24    Privilege Logs from Leahy, Cloonan, Halpern and Marlow (filed
25    1/28/08)

26

27

28

EXHIBIT _____ 5 .

PAGE _____ 82

1         Mattel will agree to withdraw this motion without prejudice upon

2         receipt of the fee agreements and certain representations

3         regarding documents being withheld.

4

5   Mattel's Motion for Leave to Obtain Discovery After the Phase 1

6   Discovery Cut-Off in Response to Subpoenas Served on Doll Bag, Inc.,

7   Veronica Marlow, Inc., Marlow Techno-Logic, Inc., People's Bank of

8   the Ozarks and Washington Mutual Bank (1/28/08)

9

10         This Motion will be resolved by stipulation.

11

12   Non-Party Veronica Marlow's Motion to Compel Mattel to Purge Itself

13   of Private Bank Records (filed 1/28/08)

14

15         This Motion will be resolved by stipulation.

16

17   **Motions To Be Taken Off Calendar Because They Relate Exclusively to Phase**

18   **2 Issues**

19

20   Mattel's Motion to Compel: 1) Deposition of Carlos Gustavo Machado

21   Gomez; and 2) Consent to Production of Electronic Mail Messages

22   (filed 11/15/07)

23

24   MGA's Motion to Compel Mattel to Produce Documents Responses to

25   MGA's Requests for Production Nos. 526 and 528 (filed 1/16/08)

26

27   Mattel's Motion to: 1) Enforce the Court's 8/13/07 Order and to

28   Compel; and 2) for an Award of Monetary Sanctions (filed 1/22/08)

07209/2445768.1                                    -4-

EXHIBIT _____ 5

PAGE _____ 83

1 | **Motions That The Parties Have Been Unable To Resolve Or Narrow And**
2 | **Should Be Decided In Their Entirety**

3

4 |    MGA's Motion to Compel Mattel to Produce E-Mail (filed 1/16/08)

5

6 |    MGA, MGA HK, MGA Mexico and Isaac Larian's Motion to Quash
7 |    Subpoenas or, in the Alternative, for Protective Order [re Mattel's
8 |    subpoenas to ConsumerQuest, Deloitte & Touche, Ernst & Young, the
9 |    Isaac and Angela Larian Trust, the Isaac Larian Annuity Trust, Moss
10 |   Adams, Wachovia, and Wells Fargo] and Mattel's Countermotion to
11 |   Compel Production (motion filed 12/21/07; counter motion filed
12 |   1/18/08);

13

14 |   Mattel's Motion for Reconsideration of Portions of Discovery Master's
15 |   12/31/07 Order (filed 1/16/08)

16

17 |   Mattel's Motion to Compel Production of Documents and Things by
18 |   MGA and for Award of Monetary Sanctions [Mattel's Third Set of
19 |   Requests for Production] (filed 1/28/08)

20

21 |   Mattel's Motion to Compel Production of Documents by MGA in
22 |   Response to Mattel's Fifth Set of Requests for Documents and Things
23 |   to MGA (filed 1/28/08)

24

25 |   Mattel's Motion to Compel Further Deposition of Margaret Hatch-
26 |   Leahy and to Overrule Instructions Not to Answer (filed 1/28/08)

27

28

EXHIBIT __5__

PAGE __84__

1  MGA Defendants' Motion to Quash Subpoena to Bank of America or,

2  in the alternative, for Protective Order (filed 1/29/08)

3

4  Mattel's Motion to Compel MGA to Produce Communications

5  Regarding this Action (filed 2/5/08)

6

7  Mattel's Motion to Compel Production of Electronic Media From Third

8  Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow (ex

9  parte briefing filed 2/6/08)

10

11  Mattel's Application to Enforce Court Orders Compelling Production of

12  Tangible Items (notice of change of hearing filed 2/20/08)

13

14  Mattel's Motion to Compel MGA and Carter Bryant to Return

15  Privileged Documents and for Protective Order (filed 2/28/08)

16

17  Mattel's Motion to Compel Deposition and Production of Documents of

18  Christensen Glaser Fink Jacobs Weil & Shapiro LLP (filed 2/29/08)

19

20  Motion of MGA Parties for Clarification re Portions of 2/15/08 Order

21  Granting in Part and Denying in Part Mattel's Motion to Compel

22  Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties

23  (filed 3/3/08)

24

25  MGAs' Motion to Compel Production of Documents from Third Party

26  Rights Management Consultants, Inc. (filed 3/10/08)

27

28

EXHIBIT 5

PAGE 85

1    Mattel's Ex Parte Application For Protective Order Preventing MGA's
2    Unauthorized Destructive Sampling Of The Prince Notary Book (filed
3    3/10/08)

4

5    MGA Defendants' Motion To Quash Larry Mcfarland's Deposition
6    Subpoena (filed 3/17/08)

7

8    MGA Defendants' Motion For Protective Order From Mattel's Notice
9    Of Deposition Of Lucy Arant (filed     3/17/08)

10

11    Third-Party Matthew Bousquette's Motion to Quash Subpoena Seeking
12    the Deposition or, alternatively, Motion for Protective Order (filed
13    3/27/08)

14

15    Mattel's Motion for Protective Order re: Matthew Bousquette (filed
16    3/27/08)

17

18  **Motions That The Parties Have Been Able To Narrow And Are Now Ripe For**
19  **Decision**

20

21    MGA's Motion to Compel Mattel to Produce Witnesses Pursuant to
22    Notice of Deposition Under Rule 30(b)(6), or in the Alternative, for
23    Leave to Serve Such Notice (filed 12/21/07)

24

25    <u>Requests No Longer at Issue (without prejudice to MGA's</u>

26    <u>right to seek testimony on these topics in Phase 2)</u>

27

28

07209/2445768.1                                   -7-

EXHIBIT ___5___

PAGE ___86___

1         MGA withdraws its request as to Topics 21-23, 48, 60, 65,

2   and 71-85.

3   <u>Requests that remain at issue as drafted</u>:

4   Topics 8-9, 12-17, 19-20, 24, 27-32,  48, 58, 69

5   <u>Requests that remain at issue but that have been narrowed</u>

6   <u>(without prejudice to MGA's right to seek further</u>

7   <u>testimony on these topics in Phase 2)</u>:

8   Topic 18:  MGA limits its request to testimony regarding Mattel's

9         policies and practices (as opposed to questions regarding specific

10        employees).

11  Topic 26:  MGA limits its request to people employed in the Mattel

12        design center from 1995 to the present (consistent with Judge

13        Infante's February 11, 2008 Order on Mattel's motion for

14        reconsideration).

15  Topic 39:  MGA limits its request to copying or infringement issues (as

16        opposed to theft of trade secrets issues).

17  Topics 42 & 47:  MGA limits its request to DIVA STARZ.

18  Topic 70:  MGA limits its request as to communications with third-

19        parties.

20

21  MGA's Motion to Overrule Mattel's Relevance Objection and Compel

22  Discovery Relevant to Statute of Limitations and Laches Defenses

23  (filed 1/17/08)

24        By this Motion, MGA seeks to compel Mattel to

25  supplement certain discovery responses based on the

26  Court's January 9, 2008 order overruling Mattel's

27

28

EXHIBIT    5

PAGE    87

1  relevance objection to discovery relating to MGA's statute

2  of limitations and laches defenses.

3  <u>Requests No Longer at Issue</u>

4  During the meet and confer, Mattel represented that it has

5  not withheld any documents based on its relevance

6  objection.  Based on Mattel's representation, MGA

7  withdraws its motion as to the documents requests.

8

9  Mattel also represented that its response to Interrogatory

10  No. 5 is complete and that it will supplement its response

11  if it receives additional responsive information.  Based on

12  Mattel's representation, MGA withdraws its motion as to

13  Interrogatory No. 5.

14  <u>Requests Still at Issue</u>

15  Mattel's responses to Interrogatories Nos. 9-11 and

16  Requests for Admission No. 241, 243 and 245 remain at

17  issue.

18

19  Mattel's Motion to Compel Production of Documents Improperly

20  Withheld as Privileged by MGA, Isaac Larian and Third-Party David

21  Rosenbaum (filed 1/28/08)

22

23  MGA has agreed to produce some of the withheld

24  documents originally at issue in this motion.  Mattel has

25  withdrawn the motion as to others.  However, the parties

26  continue to dispute whether certain documents are

27  privileged.

28

07209/2445768.1

-9-

EXHIBIT  5

PAGE  88

1   Mattel's Motion to Compel Production of Documents by Anne Wang
2   (filed (1/28/08)

3

4          Post-filing, the parties resolved all aspects of this motion
5          except as to one document withheld by Wang on a claim
6          of privilege.  The opposition and reply papers address this
7          document specifically.

8

9   Mattel's Motion to Compel Additional Deposition Testimony and
10  Production of Documents by Veronica Marlow (filed 1/28/08)

11

12         The documents aspect of this motion will be resolved by
13         stipulation.  The deposition aspect of the Motion, however,
14         will need to be resolved by the Discovery Master.

15

16  MGA's Motion to Overrule Mattel's and Richard De Anda's Objections
17  to Subpoena and to Compel Discovery (filed 1/28/08)

18

19         MGA has narrowed its motion to Request Nos. 5, 6 and
20         11.  With respect to Request Nos 5 and 6, MGA is seeking
21         documents sufficient to show (1) how much time Mr. De
22         Anda has been devoting to his business, and (2) what type
23         of work he has been doing in connection with his business.
24         MGA agrees that Mr. De Anda may redact any private
25         information pertaining to client identification.  With
26         respect to Request No. 11, MGA is seeking any
27         employment agreements between MGA and Mr. De Anda.

28

EXHIBIT ___5___

PAGE ___89___

1     Mattel's Motion to Compel MGA, MGA Hong Kong, Isaac Larian, and

2     Carter Bryant to Respond to Mattel's First Set of Requests for

3     Admission Propounded to MGA, Carter Bryant, MGA Hong Kong and

4     Isaac Larian (filed 2/7/08)

5

6         Mattel has withdrawn this motion as to Carter Bryant,

7         based on his supplemental responses.  The motion remains

8         at issue as to MGA, MGA Hong Kong and Isaac Larian.

9         They have also served supplemental responses, but the

10        parties disagree whether those responses are adequate.

11

12 **Motions About Which The Parties Are Continuing To Meet And Confer**

13     Mattel's Motion to Compel Deposition of Littler Mendelson (filed

14     12/14/07)

15

16     MGA and MGA Mexico's Motion for Protective Order from Mattel's

17     Fourth Notice of Deposition of MGA and Notice of Deposition of

18     MGA Mexico (filed 1/18/08)

19

20     Mattel's Motion to Compel Documents Only Portions of Which Are

21     Allegedly Privileged (1/22/08)

22

23     Mattel's Motion for Order Compelling Production of Withheld MGA

24     (1) Trademark Search Results, (2) Date of First Use Information, and

25     (3) Factual Data Communicated for the Purpose of Filing Trademark or

26     Other Intellectual Property Applications (filed 1/23/08)

27

28

EXHIBIT   5

PAGE   90

1   Mattel's Motion Compelling Production of Third-Party

2   Communications Improperly Withheld Under Claim of "Common

3   Interest" Privilege (filed 1/23/08)

4       For the convenience of the Discovery Master, counsel have attached as

5   Exhibit A a document setting forth the parties' desired order of priority for the

6   motions to be heard.

7

8   Respectfully submitted.

9

10  Dated: March 28, 2008

11                                    _____
                                      Michael Page
12                                    Keker & Van Nest, LLP
                                      Attorneys For CARTER BRYANT
13

14

15  Dated: March 28, 2008

                                      _____
16                                    Paul Eckles
                                      Skadden Arps Slate Meagher & Flom, LLP
17                                    Attorneys For MGA ENTERTAINMENT, INC.;
                                      ISAAC LARIAN; MGA ENTERTAINMENT (HK),
18                                    LIMITED; AND MGA DE MEXICO S.R.L. DE
19                                    C.V.

20

21  Dated: March 28, 2008

22                                    _____
                                      Jon D. Corey
23                                    Quinn Emanuel Urquhart Oliver & Hedges, LLP
                                      Attorneys for MATTEL, INC.
24

25

26

27

28

07209/2445768.1                           -12-                    EXHIBIT ___5___

                                                                  PAGE ___91___

# EXHIBIT A

EXHIBIT ___5___

PAGE ___92___

## Exhibit A

1. Mattel's Motion to Compel Production of Electronic Media From Third Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow (ex parte briefing filed 2/6/08)

2. MGA's Motion to Compel Mattel to Produce E-Mail (filed 1/16/08)

3. Mattel's Application to Enforce Court Orders Compelling Production of Tangible Items (notice of change of hearing filed 2/20/08)

4. MGA's Motion to Compel Discovery as to Issues as to Which Mattel has Waived the Attorney-Client and Work Product Privileges by Claims Assertion (filed 1/18/08)

5. Mattel's Motion to Compel Production of Documents and Things by MGA and for Award of Monetary Sanctions [Mattel's Third Set of Requests for Production] (filed 1/28/08)

6. MGA's Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6), or in the Alternative, for Leave to Serve Such Notice (filed 12/21/07)

7. Mattel's Motion to Compel Production of Documents by MGA in Response to Mattel's Fifth Set of Requests for Documents and Things to MGA (filed 1/28/08)

8. MGA's Motion to Overrule Mattel's Relevance Objection and Compel Discovery Relevant to Statute of Limitations and Laches Defenses (filed 1/17/08)

9. Mattel's Motion to Compel MGA to Produce Communications Regarding this Action (filed 2/5/08)

10. MGAs' Motion to Compel Production of Documents from Third Party Rights Management Consultants, Inc. (filed 3/10/08)

11. Mattel's Motion to Compel Additional Deposition Testimony and Production of Documents by Veronica Marlow (filed 1/28/08)

EXHIBIT ___5___

PAGE ___93___

12. MGA's Motion to Overrule Mattel's and Richard De Anda's Objections to Subpoena and to Compel Discovery (filed 1/28/08)

13. Mattel's Motion to Compel Further Deposition of Margaret Hatch-Leahy and to Overrule Instructions Not to Answer (filed 1/28/08)

14. MGA's and Carter Bryant's Motion to Compel An Unredacted Version Of M0074400, Mattel's Investigative File 02-299 And The Further Deposition Of Richard De Anda (filed 1/4/08)

15. Mattel's Motion to Compel Deposition and Production of Documents of Christensen Glaser Fink Jacobs Weil & Shapiro LLP (filed 2/29/08)

16. MGA Defendants' Motion to Quash Subpoena to Bank of America or, in the alternative, for Protective Order (filed 1/29/08)

17. MGA, MGA HK, MGA Mexico and Isaac Larian's Motion to Quash Subpoenas or, in the Alternative, for Protective Order [re Mattel's subpoenas to ConsumerQuest, Deloitte & Touche, Ernst & Young, the Isaac and Angela Larian Trust, the Isaac Larian Annuity Trust, Moss Adams, Wachovia, and Wells Fargo] and Mattel's Countermotion to Compel Production (motion filed 12/21/07; counter motion filed 1/18/08);

18. Motion of MGA Parties for Clarification re Portions of 2/15/08 Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties (filed 3/3/08)

19. MGA and MGA Mexico's Motion for Protective Order from Mattel's Fourth Notice of Deposition of MGA and Notice of Deposition of MGA Mexico (filed 1/18/08)

20. MGA Defendants' Motion For Protective Order From Mattel's Notice Of Deposition Of Lucy Arant (filed 3/17/08)

21. MGA Defendants' Motion To Quash Larry Mcfarland's Deposition Subpoena (filed 3/17/08)

22. Third-Party Matthew Bousquette's Motion to Quash Subpoena Seeking the Deposition or, alternatively, Motion for Protective Order (filed 3/27/08)

23. Mattel's Motion for Protective Order re: Matthew Bousquette (filed 3/27/08)

EXHIBIT    5
PAGE    94

CM/ECF - California Central District                                    Page 1 of 3

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc

(RNBx), AO279, DISCOVERY, PROTORD, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Corey, Jon on 3/28/2008 at 5:23 PM PDT and filed on
3/28/2008

**Case Name:**          Carter Bryant v. Mattel Inc
**Case Number:**        2:04-cv-9049
**Filer:**              Mattel Inc
**Document Number:** 2859

**Docket Text:**
STATUS REPORT *To Discovery Master Regarding Pending Discovery Motions* filed by Counter
Claimant Mattel Inc. (Corey, Jon)

**2:04-cv-9049 Notice has been electronically mailed to:**

Juan Pablo Alban     juanpabloalban@quinnemanuel.com

Timothy L Alger      timalger@quinnemanuel.com

Christa M Anderson   canderson@kvn.com

Linda M Burrow       burrow@caldwell-leslie.com

Michelle M Campana   michelle.campana@skadden.com

Jon D Corey     joncorey@quinnemanuel.com

Alexander H Cote     acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Scott E Gizer     sgizer@chrisglase.com

Alan Neil Goldberg    agoldberg@sgattys.com

Melissa Grant     melissagrant@quinnemanuel.com

Emil W Herich     eherich@kmwlaw.com

Diane C Hutnyan     dianehutnyan@quinnemanuel.com, andreahoeven@quinnemanuel.com

EXHIBIT _____ 5

PAGE _____ 95

John W Keker    jkeker@kvn.com, DRoberts@kvn.com, efiling@kvn.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Larry W McFarland    lmcfarland@kmwlaw.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com, carl.roth@skadden.com, marcus.mumford@skadden.com

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com, efiling@kvn.com

Kenneth A Plevan    kenneth.plevan@skadden.com, drogosa@skadden.com, sumclaug@skadden.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

John B Quinn    johnquinn@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

Oleg Stolyar    alexstolyar@quinnemanuel.com

John Elliot Trinidad    jtrinidad@kvn.com, cparker@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmw@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Nathan Meyer
Kaye Scholer
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067

Cheryl Plambeck
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200

EXHIBIT ____5____

PAGE ____96____ 3/28/2008

CM/ECF - California Central District                                          Page 3 of 3

Encino, CA 91316

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\johannalopez\Desktop\Joint Report.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=3/28/2008] [FileNumber=5600011-0]
[6518681a28bcbc24acf7e586c3ead6ed76312eba13e92d6944bd07f9fc5cc3087954
c4f4395dc409395a509b2c9f576a03f2d903b74f43aafa4077276862d3f4]]

EXHIBIT ___5___

PAGE ___97___ 3/28/2008

# Exhibit 6.

```
 1                  UNITED STATES DISTRICT COURT
 2                 CENTRAL DISTRICT OF CALIFORNIA
 3                       EASTERN DIVISION
 4                          - - -
 5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING
 6                          - - -
 7   MATTEL, INC.,                   )
                                     )
 8                    PLAINTIFF,     )
                                     )
 9            VS.                    )   NO. ED CV 04-09049
                                     )
10   MGA ENTERTAINMENT, INC., ET. AL., )
                                     )
11                    DEFENDANTS.    )   TRIAL DAY 2,
     _____)   MORNING SESSION
12   AND CONSOLIDATED ACTIONS,       )
                                     )
13
14
15        REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS
16                   RIVERSIDE, CALIFORNIA
17                 TUESDAY, MAY 27TH, 2008
18                       8:30 A.M.
19
20
21
22
23             THERESA A. LANZA, RPR, CSR
            FEDERAL OFFICIAL COURT REPORTER
24             3470 12TH STREET, RM. 134
            RIVERSIDE, CALIFORNIA  92501
25                 951-274-0844
                WWW.THERESALANZA.COM
```

EXHIBIT  6
PAGE  98   Page 1

```
1
2    APPEARANCES:
3
4    ON BEHALF OF MATTEL, INC.:
5                         QUINN EMANUEL
                          BY:  JOHN QUINN
6                         BY:  JON COREY
                          BY:  MICHAEL T. ZELLER
7                         BY:  WILLIAM PRICE
                          865 S. FIGUEROA STREET,
8                         10TH FLOOR
                          LOS ANGELES, CALIFORNIA  90017
9                         213-624-7707
10
     ON BEHALF OF MGA ENTERTAINMENT:
11
                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
12                        BY:  THOMAS J. NOLAN
                          BY:  CARL ALAN ROTH
13                        BY:  RAOUL KENNEDY
                          BY:  LAUREN AGUIAR
14                        300 SOUTH GRAND AVENUE
                          LOS ANGELES, CALIFORNIA  90071-3144
15                        213-687-5000
16
17
18
19
20
21
22
23
24
25
```

1

I N D E X

2                                                          PAGE

3      HEARING......................................      4

4      JURY INSTRUCTIONS............................     53

5      OPENING STATEMENT - PLAINTIFF...............     61

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT _____ 6 _____

PAGE _____ 100 _____   Page 3

1       RIVERSIDE, CALIFORNIA; TUESDAY, MAY 27, 2008; 8:30 A.M.

2                           -OOO-

3           THE CLERK:  CALLING ITEM ONE, CASE NUMBER

4   CV04-09049-SGL, MATTEL, INC., V. MGA, INC., ET AL.

5           APPEARANCES, PLEASE.

6           MR. QUINN:  JOHN QUINN, MIKE ZELLER, JON COREY,

7   TIM ALGER, DYLAN PROCTOR, AND SCOTT WATSON, APPEARING FOR

8   MATTEL.

9           MR. NOLAN:  ON BEHALF OF MGA, TOM NOLAN,

10  JASON RUSSELL, LAUREN AGUIAR, JEREMY ROSS, CARL ROTH, ROB

11  HERRINGTON, AND RAOUL KENNEDY.

12          THE COURT:  GOOD MORNING, COUNSEL.

13          WE'RE ON CALENDAR THIS MORNING FOR THE TRIAL TO

14  BEGIN.  BUT BEFORE THAT, I WANTED TO RESOLVE AS MANY OF THESE

15  MOTIONS AS WE COULD IN ADVANCE OF THAT.

16          I APPRECIATE THE EFFORTS THAT COUNSEL MADE OVER THE

17  WEEKEND TO PROVIDE THE COURT WITH ALL OUTSTANDING MOTIONS.  ONE

18  OF THE FIRST ISSUES -- AND WE DISCUSSED THIS AT SIDE-BAR

19  BRIEFLY AS WE WERE WAITING TO BEGIN -- ARE THE MOTIONS PENDING

20  BEFORE DISCOVERY MASTER INFANTE.  THE COURT WAS UNAWARE THERE

21  WERE THESE MOTIONS PENDING IN THIS CASE.

22          I ASKED MR. ZELLER ON BEHALF OF MATTEL AND COUNSEL ON

23  BEHALF OF MGA TO IDENTIFY WHICH, IF ANY, OF THESE MIGHT APPLY

24  TO PHASE TWO, SUCH THAT WE DON'T HAVE TO GET THOSE RESOLVED AT

25  THIS TIME.

EXHIBIT _____ 6

1           MR. ZELLER, I'LL START WITH YOU, SINCE I THINK ALL

2      BUT ONE ARE FROM MATTEL.

3           MR. ZELLER:  YOUR HONOR, I THINK IN THE MAIN, THEY

4      ARE 1-A MOTIONS.  I THINK THAT THERE ARE A COUPLE OF EXCEPTIONS

5      THAT I CAN POINT TO WITH SOME CONFIDENCE THAT I THINK CAN BE

6      PERHAPS BACK-BURNERED TO SOME DEGREE BECAUSE EITHER IT'S 1-B OR

7      EVEN IF IT HAS AN EFFECT ON 1-A, AS LONG AS CIRCUMSTANCES DON'T

8      CHANGE, IT MAY NOT REQUIRE A RULING AT THIS POINT.

9           THE COURT:  WHICH ARE THOSE?

10          MR. ZELLER:  WHAT I WOULD SAY IS NUMBER TWO, WHICH IS

11     MATTEL'S MOTION FOR RECONSIDERATION OF PORTIONS OF THE

12     DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER.

13          THE COURT:  IN FIVE WORDS OR LESS, WHAT IS THE

14     SUBJECT MATTER OF WHAT MOTION?

15          MR. ZELLER:  THAT MOTION RELATES TO THE SCOPE OF AN

16     ORDER THAT JUDGE INFANTE ISSUED COMPELLING MGA TO PRODUCE

17     CERTAIN DOCUMENTS THAT RELATE TO OUR TRADE SECRET CLAIMS.

18          IN ESSENCE, THE JUDGE HAD RULED THAT --

19          THE COURT:  THAT'S ALL I NEED; SO IT RELATES TO TRADE

20     SECRETS, AND THAT'S WHY IT'S BASICALLY A PHASE 2, UNLESS

21     CERTAIN THINGS HAPPEN WITH APPORTIONMENT IN PHASE ONE.

22          MR. ZELLER:  CORRECT.

23          THE COURT:  ALL RIGHT.  WHAT ELSE?

24          MR. ZELLER:  MOTION NUMBER TEN THAT WE'VE LISTED,

25     WHICH IS THE MOTION TO COMPEL MGA AND BRYANT WITH RESPECT TO

Mattel v. MGA II

EXHIBIT_____6____  Page 5

PAGE _____102____

1   CERTAIN RFA'S.

2               OBVIOUSLY, WITH RESPECT TO CARTER BRYANT IT IS MOOT.

3               AS TO MGA, THERE ARE SOME -- A LIMITED NUMBER, AT

4   LEAST -- OF RFA'S THAT WOULD POTENTIALLY GO TO PHASE 1-A; SOME

5   OF THEM MAY NOT.  THE ONES THAT I KNOW THAT ARE LIKELY TO HAVE

6   SOME BEARING ON PHASE 1-A WOULD BE RFA'S THAT ARE DIRECTED TO

7   MGA INQUIRING ABOUT FOCUS GROUPS THAT WERE CONDUCTED IN THE

8   YEAR 2000, INCLUDING DURING TIME PERIODS WHEN CARTER BRYANT WAS

9   EMPLOYED BY MATTEL.

10              SO IT COULD BE THAT IF THE COURT WOULD LIKE, WE COULD

11  TRY AND NARROW THAT DOWN AND FIND PARTICULAR ISSUES FOR THE

12  COURT TO CONSIDER ON THAT MOTION, AS OPPOSED TO ITS ENTIRETY.

13              THE COURT:  VERY WELL.

14              ANYTHING ELSE?

15              MR. ZELLER:  YES, YOUR HONOR.

16              NUMBER 11, WHICH IS MATTEL'S MOTION TO COMPEL MGA AND

17  CARTER BRYANT TO RETURN PRIVILEGED DOCUMENTS, OR A PRIVILEGED

18  DOCUMENT.

19              THIS MOTION IS A LITTLE -- IT HAS SOME PROCEDURAL

20  COMPLEXITY IN ITS HISTORY.  IT'S A FAIRLY STRAIGHTFORWARD

21  ISSUE.  THERE'S MORE THAN ONE VERSION OF A SECURITY FILE PAGE

22  THAT'S BEEN REDACTED FOR PURPOSES OF PRIVILEGE.  UNDER THE

23  CLAWBACK PROVISION, WE HAD CLAWED BACK A VERSION OF IT AND THEN

24  REDACTED IT IN ORDER TO CONFORM, WE THOUGHT, BETTER TO WHAT THE

25  PRIVILEGE ASSERTION SHOULD BE.

EXHIBIT ____ 6

PAGE ____ 102     Page 6

1      ALSO BEAR IN MIND, THIS IS A DOCUMENT THAT JUDGE

2    INFANTE HAS BEEN OVER, IN TERMS OF PRIVILEGE, MORE THAN ONCE;

3    SO THERE WAS ANOTHER VERSION OF THIS DOCUMENT WITH A DIFFERENT

4    FORM OF REDACTION ON IT THAT THE DEFENDANTS DID NOT RETURN.  WE

5    ASKED FOR IT TO BE CLAWED BACK UNDER THE PROTECTIVE ORDER, AND

6    IT WAS NOT RETURNED; SO ITS HISTORY IS SOMEWHAT COMPLEX.  IT'S

7    A 1-PAGE DOCUMENT THAT WE'RE TALKING ABOUT.

8           THE COURT:  VERY WELL.

9           THERE'S ONLY ONE MOTION FROM MGA ON THIS LIST; THAT'S

10   RELATED TO THE WACHOVIA DEPOSITION.

11          MR. NOLAN:  CORRECT.

12          THE COURT:  IS THAT RELATED TO THE MOTION ALSO

13   PENDING BEFORE THIS COURT IN TERMS OF THE PRODUCTION THAT'S

14   BEEN MADE BY WACHOVIA RELATED TO THE LOANS IN 1999 AND 2000

15   FROM WACHOVIA TO ISAAC LARIAN OR MGA?

16          MR. NOLAN:  IT'S RELATED IN THE SENSE, YOUR HONOR,

17   THAT OBVIOUSLY ANYTHING THAT'S DIRECTED TO OR INVOLVES WACHOVIA

18   HAS TO DO WITH FINANCIAL DOCUMENTS THAT HAVE BEEN PRODUCED.

19          IT IS TECHNICALLY OUR MOTION BECAUSE WE ARE

20   PRESENTING WACHOVIA'S DEFENSE SINCE TECHNICALLY WACHOVIA --

21   THERE'S NO JURISDICTION HERE TO DEAL WITH THAT ISSUE; SO WE'VE

22   ASSERTED THOSE OBJECTIONS.  WE DID SO IN FRONT OF JUDGE

23   INFANTE.  THAT'S A SINGLE ISSUE.  IF I COULD BE HEARD VERY

24   BRIEFLY ON THAT.

25          THE COURT:  I AM GOING TO ORDER, BASED ON THE MOTION

EXHIBIT ___ 6 ___ Page 7

PAGE ___ 109

1    THAT I HAVE REVIEWED, THAT WACHOVIA PRODUCE THOSE DOCUMENTS FOR

2    1999 AND 2000, THE LOAN DOCUMENTS, THE LOAN AGREEMENTS, HOWEVER

3    YOU WANT TO CLARIFY THEM, TO THE EXTENT WACHOVIA GAVE MONEY TO

4    MGA OR ISAAC LARIAN IN 1999 AND 2000 AND THEY HAVE DOCUMENTS

5    RELATED TO THAT, THAT'S GOING TO BE PRODUCED.

6              DOES THAT RENDER THIS MOTION MOOT, OR IS THERE STILL

7    REQUESTS OR DEPOSITION ISSUES OUTSIDE OF THOSE 1999, 2000 LOAN

8    DOCUMENTS, AGREEMENTS, ET CETERA?

9              MR. NOLAN:  I BELIEVE IT MAY MAKE IT MOOT, BUT I'D

10   JUST LIKE TO FOOTNOTE THE OPPORTUNITY TO COME BACK AND REVIEW

11   IT.

12             THE COURT:  VERY GOOD.

13             MR. NOLAN:  IF I COULD RAISE ONE THING MR. ZELLER

14   RAISED HAVING TO DO WITH THIS CLAWBACK DOCUMENT, THE PRIVILEGED

15   DOCUMENT, OUT OF THE MATTEL INVESTIGATIVE REPORT.  WE HAVE NO

16   OBJECTION.  WE RETURNED, I THINK, MOST COPIES OF THAT.  IF THEY

17   BELIEVE THAT THERE WAS A COPY -- AND I THINK THERE MAY HAVE

18   BEEN A COPY INADVERTENTLY PUT TO THE SUMMARY JUDGMENT PAPERS --

19   BUT WE'VE NEVER ARGUED WHAT WAS SUPPOSED TO BE REDACTED.  IT'S

20   JUST A SIMPLE ONE LINE.  IT'S ONE OF THE EXAMPLES OF DOCUMENTS

21   THAT HAVE BEEN USED MANY TIMES AT DEPOSITIONS IN THE UNREDACTED

22   FORM.  WHEN THEY CLAWED IT BACK, IT WAS OUR INTENT TO CLEANSE

23   EVERYTHING.

24             I HAVE NO ISSUE WITH THAT AT ALL ON THAT, SO I DON'T

25   THINK THE COURT HAS TO SPEND ANY SIGNIFICANT TIME ON THAT AT

EXHIBIT ____6____ Page 8

PAGE ____105____

1           THE COURT:  WHY DON'T YOU MEET WITH MR. QUINN AND YOU

2   CAN DISCUSS THIS.  IF YOU CAN AGREE TO IT, GREAT.  IF NOT, I'LL

3   TAKE IT UP AT 1:00.

4           MR. NOLAN:  EXCELLENT.  THANK YOU.

5           MR. QUINN:  I DON'T AGREE WITH THAT.  MY

6   UNDERSTANDING IS THAT EVERYTHING IS TO BE SHOWN BEFORE.

7           THE COURT:  I WOULDN'T EXPECT YOU TO AGREE.

8           WHY DON'T YOU MEET DURING THE BREAK, AND THEN AT

9   1:00, WE'LL TAKE IT UP, AND THE COURT WILL MAKE ITS DECISION.

10          WE'RE IN RECESS UNTIL 1:00.

11          (WHEREUPON, A LUNCH RECESS WAS HELD.)

12          (CONCLUSION OF MORNING SESSION.)

13

14

15

16

17                          CERTIFICATE

18

19  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED

    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF

20  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-

    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN

21  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF

    THE UNITED STATES.

22

23  _____          _____

    THERESA A. LANZA, CSR, RPR                    DATE

24  FEDERAL OFFICIAL COURT REPORTER

25

# Exhibit 7.

**From:** Chan Sandra [mailto:SChan@JAMSADR.com]
**Sent:** Tuesday, April 01, 2008 4:12 PM
**To:** John Quinn; Michael T Zeller; Jon Corey; Duane Lyons; Timothy Alger; Dominic Surprenant; Dylan Proctor; Shane McKenzie; Bridget Hauler; Tamar Buchakjian; Juan Pablo Alban; jkeker@KVN.com; mhp@kvn.com; cma@kvn.com; jtrinidad@kvn.com; tnolan@skadden.com; rkennedy@skadden.com; apark@skadden.com; hposner@skadden.com; croth@skadden.com; cholden@mgae.com; tmiller@skadden.com; mwerdegar@kvn.com; awalton-hadlock@kvn.com; acote@obsklaw.com; moverland@obsklaw.com; pglaser@chrisglase.com; sgizer@chrisglase.com; amorgenthaler@chrisglase.com; mmumford@skadden.com; lmcfarland@kmwlaw.com; cdowell@kmwlaw.com; paul.eckles@skadden.com; robert.herrington@skadden.com; John Gordon; lance.etcheverry@skadden.com; caldwell@caldwell-leslie.com; cplambeck@dglaw.com; dscheper@obsklaw.com
**Subject:** Bryant, Carter vs. Mattel, Inc.; Notice of Hearing of April 11, 2008

Dear Counsel:

Please be informed that a telephonic hearing on the following motions has been scheduled as follows:

**DATE:**       April 11, 2008 @ 9:00 am.

**MOTIONS:**     (1)     Mattel's Motion to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlowe
                        (ex parte brief filed 2/6/08)

                (2)     MGA's Motion to Compel Mattel to Produce E-Mail (filed 1/16/08)

                (3)     Mattel's Application to Enforce Court Orders Compelling Production of Tangible Items

EXHIBIT _____ 7

PAGE _____ 107

(filed 2/20/08)

(4)     MGA's Motion to Compel Discovery as to Issues as to Which Mattel has Waived the Attorney-Client and Work Product Privileges by Claims Assertion (filed 1/18/08)

(5)     Mattel's Motion to Compel Production of Documents and Things by MGA and for Award of Monetary Sanctions [Mattel's Third Set of Requests for Production] (filed 1/28/08)

(6)     MGA's Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6), or in the Alternative, for Leave to Serve Such Notice (filed 12/21/07)

(7)     Mattel's Motion to Compel Production of Documents by MGA in Response to Mattel's Fifth Set of Requests for Documents and Things to MGA (filed 1/28/08)

(8)     MGA's Motion to Overrule Mattel's Relevance Objection and Compel Discovery Relevant to Statue of Limitations and Laches (filed 1/17/08)

(9)     Mattel's Motion to Compel MGA to Produce Communications Regarding this Action (filed 2/5/08)

(10)    MGA's Motion to Compel Production of Documents from Third Party Rights Management Consultants, Inc. (filed 3/10/08)

**CALL-IN NO.:**   1-877-696-5267

**PASS CODE:**   147014#

Please dial the above call-in number and enter the pass code to participate in the telephonic hearing.  Should you need further assistance please feel free to contact me directly.

Best Regards,
Sandra Chan
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA  94111
Tel:  415-982-5267
Direct Dial: 415-774-2611
Fax:  415-982-5287
email:  schan@jamsadr.com

EXHIBIT _____ 7 _____

PAGE _____ 108 _____