QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>  Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**MATTEL, INC.'S SUPPLEMENTAL BRIEF CONCERNING STATUTE OF LIMITATIONS DEFENSE**<br><br>[Filed pursuant to Court's Order of May 27, 2008]<br><br>**Phase 1:**<br>Trial Date:           May 27, 2008 |

Pursuant to the Court's Order of May 27, 2008 ("Order"), Mattel respectfully submits this brief regarding "what further conclusions regarding the timeliness of each claim should be drawn as a result of this Order." Order at 9. An analysis of the Court's conclusions demonstrates that the triable issues of fact also identified by the Court are not material because each of Mattel's remaining Phase 1 claims is timely as a matter of law regardless of how they are resolved. Accordingly, partial summary judgment should be granted in favor of Mattel, rejecting defendants' statute of limitations defense as to all remaining Phase 1 claims.

**I.     The Conclusions Set Forth in the Order.**

The Order makes certain key conclusions that collectively show the timeliness of Mattel's claims. The Order concludes that:

1.     All claims against MGA Entertainment, Inc., MGA Entertainment HK Limited, and Isaac Larian relate back to the filing of Mattel's complaint against Carter Bryant on April 27, 2004.[1]  In other words, as to each claim remaining in Phase 1 of this case, if the statute of limitations had not expired by April 27, 2004 as to that claim, the claim is timely.

2.     There is a triable issue of fact whether, under the discovery rule, Mattel's state-law claims and federal copyright claims against MGA Entertainment Inc. deriving from Bryant's wrongdoing accrued as of "[1] [t]he July 18, 2003, <u>Wall Street Journal</u> article; [2] the September 23, 2003, date of receipt of the City World 'claim'; [3] the October 17, 2003, date of counsel's letter to Mattel regarding the City World litigation; or [4] the November 24, 2003, date of receipt of the MGA-Bryant

---

[1] Order at 8 ("the Phase 1 claims against MGA [Entertainment, Inc.] sought to be asserted by Mattel on November 20, 2006…relate back to the date that complaint [against Carter Bryant] was filed"); <u>id</u>. at 8-9 ("As to the new parties sought to be added on November 20, 2006 (MGA Entertainment HK Limited and Isaac Larian), … the claims against them relate back to the April, 2004, complaint.").

agreement that pre-dated Bryant's resignation of his employment."[2]  Hence, the earliest the claims could have accrued is July 18, 2003.[3]

3. Mattel's claims against MGA Entertainment HK Limited and Isaac Larian "arose no earlier than November 4, 2004."  Order at 9.

**II. Based on the Court's Ruling, Each of Mattel's Phase 1 Claims Is Timely.**

Mattel addresses each claim as to each defendant separately below.  The analysis reveals that even assuming the triable issues identified by the Order are resolved in the manner most favorable to defendants -- namely, that Mattel's claims against MGA Entertainment, Inc. accrued as of the July 18, 2003 <u>Wall Street Journal</u> article -- the claims are nonetheless timely.  Accordingly, the triable issues are not material and need not be decided by a jury, and the statute of limitations defense can be rejected now by the Court as a matter of law.

***Copyright Infringement against MGA Entertainment, Inc.***  The statute of limitations for copyright is a rolling three years.  17 U.S.C. § 507(b).  Under the conclusions set forth in the Court's Order, that claim accrued against MGA

---

[2] Order at 8.  According to the Order, the reason why it is these July 18, 2003-and-after accrual dates *regarding Bryant's wrongdoing* that are relevant to accrual of claims against MGA Entertainment, Inc. is that "the August 2002 anonymous letter should have given Mattel a suspicion … that MGA Entertainment, Inc., participated in any wrongdoing by Carter Bryant."  <u>Id</u>. at 9.  Thus, accrual as against MGA Entertainment, Inc. turns on accrual as against Bryant.

[3] The Court held that the accrual inquiry for purposes of the discovery rule is when "Mattel had knowledge of any of the three generic elements of wrongdoing, causation, or damages, coupled with suspicion of the remaining generic elements," where the relevant "wrongdoing" is "breach of copyright and copyright infringement, based on Mattel's (disputed) ownership rights to the Bratz drawings pursuant to Bryant's employment agreement with Mattel and in light of the (disputed) fact that Carter Bryant created these works during the period of his employment with Mattel." Order at 7.  Thus, the Order found a second, qualitatively different type of wrongdoing irrelevant:  "a breach of contract claim or copyright infringement claim based on alleged copying or 'borrowing' of Mattel's undisputed rights in Toon Teens and/or Diva Starz to create Bratz …"  <u>Id</u>.

Entertainment, Inc. no earlier than July 18, 2003, and Mattel's copyright infringement counterclaim relates back to the filing of its original complaint on April 27, 2004. That filing by Mattel on April 27, 2004 was over two years before the earliest possible expiration of the limitations period (July 18, 2006). The infringement claim against MGA Entertainment, Inc. is timely as a matter of law.

***Copyright Infringement Against MGA Entertainment HK Ltd and Isaac Larian.*** As the Court has concluded, the claims against MGA Entertainment HK and Larian "arose no earlier than November 4, 2004. Order at 9. The statute of limitations is three years, and thus the earliest possible expiration of the limitations period against these defendants was November 4, 2007. Because even without relation back Mattel filed against them no later than November 20, 2006, the infringement claim against MGA Entertainment HK, Ltd. and Isaac Larian is timely.

***Aiding and Abetting Breach of Fiduciary Duty against MGA Entertainment, Inc.*** The statute of limitations for this claim is two years. See Rambus Inc. v. Samsung Electronics Co., 2007 WL 39374, at *3 n.4 (N.D. Cal. 2007). Because the claim accrued no earlier than July 18, 2003 even resolving the triable issues most favorably for defendants, and because Mattel's aiding and abetting breach of fiduciary duty counterclaim relates back to the filing of Mattel's original complaint, Mattel's April 27, 2004 filing was before the earliest possible expiration of the limitations period (July 18, 2005). The aiding and abetting breach of fiduciary duty claim against MGA Entertainment, Inc. is therefore timely as a matter of law.

***Aiding and Abetting Breach of Fiduciary Duty against MGA Entertainment HK Ltd. and Isaac Larian***. Because the claim against these defendants accrued no earlier than November 4, 2004, because Mattel's aiding and abetting breach of fiduciary duty counterclaim relates back, and because Mattel's April 27, 2004 filing was before the earliest possible expiration of the two-year limitations period

1  (November 4, 2006), the aiding and abetting breach of fiduciary duty claim against
2  MGA Entertainment HK, Ltd. and Isaac Larian is timely.

3  ***Aiding and Abetting Breach of the Duty of Loyalty against MGA***
4  ***Entertainment, Inc.***  The statute of limitations for this claim is two years.  <u>Cf.</u>
5  <u>Rambus</u>, 2007 WL 39374, at *3 n.4.  Because the claim accrued no earlier than July
6  18, 2003, because Mattel's aiding and abetting breach of duty of loyalty
7  counterclaim relates back to the filing of Mattel's original complaint, and because
8  Mattel's April 27, 2004 filing was before the earliest possible expiration of the
9  limitations period (July 18, 2005), the aiding and abetting breach of the duty of
10 loyalty claim against MGA Entertainment, Inc. is timely.

11 ***Aiding and Abetting Breach of the Duty of Loyalty against MGA***
12 ***Entertainment HK Ltd. and Isaac Larian***.  Because the claim accrued no earlier
13 than November 4, 2004, because Mattel's aiding and abetting breach of duty of
14 loyalty counterclaim relates back to the filing of Mattel's original complaint, and
15 because Mattel's April 27, 2004 filing was before the earliest possible expiration of
16 the two-year limitations period (November 4, 2006), the aiding and abetting breach
17 of the duty of loyalty claim against MGA Entertainment HK, Ltd. and Isaac Larian
18 is timely.

19 ***Tortious Interference with Contract against MGA Entertainment, Inc.***  The
20 statute of limitations is two years.  <u>See</u> Cal. Code Civ. Pro. § 339(1).  Because the
21 claim against MGA Entertainment, Inc. accrued no earlier than July 18, 2003,
22 because Mattel's tortious interference counterclaim relates back, and because
23 Mattel's April 27, 2004 filing was before the earliest possible expiration of the
24 limitations period (July 18, 2005), the tortious interference with contract claim
25 against MGA Entertainment, Inc. is timely.

26 ***Tortious Interference with Contract against MGA Entertainment HK Ltd.***
27 ***and Isaac Larian***.  Because the claim accrued no earlier than November 4, 2004,
28 because Mattel's tortious interference counterclaim relates back, and because

Mattel's April 27, 2004 filing was before the earliest possible expiration of the two-year limitations period (November 4, 2006), the tortious interference with contract claim against MGA Entertainment HK Ltd. and Isaac Larian is timely.

*Conversion against MGA Entertainment, Inc.* The limitations period is three years. See Cal. Code Civ. Pro. § 338(c). Because the claim accrued no earlier than July 18, 2003, because Mattel's conversion counterclaim relates back, and because Mattel's April 27, 2004 filing was before the earliest possible expiration of the limitations period (July 18, 2006), the conversion claim against MGA Entertainment, Inc. is timely.

*Conversion against MGA Entertainment HK Ltd. and Isaac Larian.* Because the claim accrued no earlier then November 4, 2004, and because all of Mattel's filings against MGA Entertainment HK Ltd. and Isaac Larian was before the earliest possible expiration of the limitations period (November 4, 2007), the conversion claim against MGA Entertainment HK Ltd. and Isaac Larian is timely.

*Statutory Unfair Competition against MGA Entertainment, Inc.* The statute of limitations for this claim is four years. See Cal. Bus. & Prof. Code § 17208. Because the claim accrued no earlier than July 18, 2003, and each of Mattel's filings was before the earliest possible expiration of the limitations period (July 18, 2007), the statutory unfair competition claim against MGA Entertainment, Inc. is timely.

*Statutory Unfair Competition against MGA Entertainment HK Ltd. and Isaac Larian.* Because the claim accrued no earlier than November 4, 2004, because and each of Mattel's filings was before the earliest possible expiration of the four-year limitations period (November 4, 2008), the statutory unfair competition claim against MGA Entertainment HK Ltd. and Isaac Larian is timely.

*Declaratory Relief against all defendants.* Because the statute of limitations for declaratory relief turns on the statute of limitations for the underlying claim, see Howard Jarvis Taxpayers Ass'n v. City of La Habra, 25 Cal. 4th 809, 821 (2001),

and because all of Mattel's underlying claims against each defendant are timely, the declaratory relief claims are also timely.[4]

### Conclusion

Even if the exact accrual date of Mattel's claims against MGA is a genuinely disputed issue of fact, it is an immaterial dispute under the law. The Court's rulings therefore warrant summary judgment against defendants' statute of limitations defense as to all remaining Phase 1 claims.[5]

Respectfully submitted,

DATED: May 29, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/
Michael T. Zeller
Attorneys for Plaintiff
Mattel, Inc.

---

[4] Mattel does not read the Court's discussion of the anonymous letter (at page 9 of the Order) as suggesting that its receipt constituted a potential accrual date. Rather, Mattel understands the Court's analysis to mean that whenever Mattel's claims against Bryant accrued, the also accrued against MGA Entertainment, Inc. by virtue of the anonymous letter. Nevertheless, even if an earlier accrual date were selected, Mattel's claims would still be timely under the Court's analysis.

[5] Since all of Mattel's claims are timely and Mattel's original proposed verdict form did not address the statute of limitations defense, Mattel has not filed revised proposed special interrogatories on the issue of statute of limitations.