1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  JASON D. RUSSELL (Bar No. 169219)
   (jrussell@skadden.com)
3  MARINA V. BOGORAD (Bar No. 217524)
   (mbogorad@skadden.com)
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Ste. 3400, Los Angeles, CA 90071-3144
5  Tel.: (213) 687-5000 / Fax: (213) 687-5600
6  RAOUL D. KENNEDY (Bar No. 40892)
   (rkennedy@skadden.com)
7  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   4 Embarcadero Center, Suite 3800
8  San Francisco, CA 94111-5974
   Tel.: (415) 984-2698 / Fax: (415) 984-2626
9
   Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
10 MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                    EASTERN DIVISION

| | |
|---|---|
| 14 CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 15                Plaintiff, | Consolidated with Case No. 04-9059 |
| 16   v. | and Case No. 05-2727 |
| 17 MATTEL, INC., a Delaware corporation, | Honorable Stephen G. Larson |
| 18               Defendant. | MGA PARTIES' RESPONSE TO THE COURT'S MAY 27, 2008 ORDER RE STATUTE OF LIMITATIONS DEFENSE |
| 19 | |
| 20 AND CONSOLIDATED ACTIONS. | |

Pursuant to the Court's May 27, 2008 Order Re Statute of Limitations Defense (the "SOL Order"), the MGA Parties respectfully provide their view on the limited issue of what further conclusions regarding the timeliness of each claim arise in light of the SOL Order.

**Mattel's Copyright Infringement Claim Against MGA is Time-Barred**. Mattel's copyright infringement claim against MGA Entertainment ("MGA") is subject to dismissal as untimely as a result of the SOL Order. The Court found that Mattel was on notice of its claims against MGA no later than August 2002. (SOL Order at 9.) The three year statute of limitations governing this claim thus expired in August 2005. See 17 U.S.C. § 507(b).[1]

While Mattel may argue that this claim relates back to its April 2004 complaint against Bryant, this relation back argument, unlike the Rule 15(c) relation back arguments resolved by the Court in its prior orders, fails because Mattel did not register any of its copyrights in the subject property **until October 30, 2006**.[2] This is **undisputed**.[3] As the Eleventh Circuit held in a case that is squarely on point, where plaintiff files an action within the applicable statute of limitations, but waits to register its copyrights until after the statute of limitations expires, that plaintiff does not get to relate its copyright claims back to the original complaint. Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1285 (11th Cir. 2000). This is because the copyright registration requirement is a jurisdictional prerequisite for a copyright infringement claim, and procedural "relation-back" rules cannot

---

[1] Although the Court found that there is a genuine issue as to Mattel's invocation of fraudulent concealment (SOL Order at 9), the Court's holding that Mattel was on notice of its claim against MGA no later than August 2002 ends any applicable fraudulent concealment as of that date as a matter of law. "[F]raudulent concealment doctrine does not toll the statute of limitations, no matter what the defendant has done to conceal his wrongs, if a plaintiff has a suspicion of wrongdoing and knowledge of the harm and its cause." Hynix Semiconductor Inc. v. Rambus Inc., 2007 WL 3284060, at *3 (N.D. Cal. Nov. 2, 2007); accord Eichman v. Fotomat Corp., 880 F.2d 149, 157 (9th Cir. 1989).

[2] The Court has not previously addressed this "relation-back" point in any of its prior orders relating to the parties' respective motions for partial summary judgment.

[3] See [Corrected] Mattel, Inc.'s Statement Of Genuine Issues Regarding MGA Parties' [Proposed] Statement Of Uncontroverted Facts And Conclusions Of Law In Support Of Their Motion For Partial Summary Judgment, dated March 24, 2008, at ¶ 80.

create jurisdiction where there was none. Miguel v. Country Funding Corp., 309 F.3d 1161, 1165 (9th Cir. 2002) ("relation-back" rules "may not be used to extend federal jurisdiction"); MGA MSJ at 24-25; MGA MSJ Reply at 15-16 & 16 n.26 (distinguishing Mattel's cases).

In Brewer, plaintiff, the self-proclaimed national "foremost expert on the theory that Elvis Presley is still alive," brought a copyright infringement claim for using her protected works in a television special on Elvis's death. 216 F.3d at 1282-83. The infringing shows aired on January 22, 1992, and Brewer filed her suit two days before the statute of limitations expired, on January 20, 1995. Before defendants responded to the complaint, Brewer sought leave to amend her existing copyright claim to add claims for infringement of copyrights in a draft script that she had been working on and in the final script of the show. Id. When the suit was filed, Brewer had not registered copyrights in the draft script or the final script; rather, her copyrights were registered <u>after</u> she filed her original complaint and <u>after</u> the statute of limitations expired. Based on this set of facts – which are indistinguishable from the facts at hand here – the Eleventh Circuit declared that Brewer's copyright infringement claims as to those two items were untimely and could not relate back to the original complaint as a matter of law (although arising from the same subject) as the court lacked jurisdiction over these claims at the time the original complaint was filed:

> If the new claims relate back to the original claims, we must consider the new claims as having been filed at the time of the original claims. In this case, had Brewer-Giorgio filed a claim for the infringement of the scripts on January 20, 1995, when she originally brought this lawsuit, the district court would not have had jurisdiction because, before a plaintiff may institute a copyright infringement suit, she must register the copyright. At the time the original suit was filed, Brewer-Giorgio had not registered copyrights in the scripts at issue. The statute of limitations expired two days later, and the record is clear that, as of the expiration of the statute of limitations, Brewer-Giorgio still had not registered her copyrights in the scripts, as is required for a court to have

jurisdiction. It is well settled in this Court that "[t]he registration requirement is a jurisdictional prerequisite to an infringement suit." Although a copyright need not have been registered in all cases before it may be infringed, the owner of that copyright must register the copyright before a federal court can entertain an infringement suit. <u>Thus, even if the new claims relate back to the original claims, they may not be added because the district court did not have jurisdiction to hear the new claims at the time the original claims were filed</u>.

<u>Id.</u> at 1285-86 (concluding that "[b]ecause Brewer-Giorgio did not meet the jurisdictional prerequisite of registering her copyright in the scripts before the expiration of the statute of limitations, she may not now add those claims because they would be barred either by the jurisdictional requirements of 17 U.S.C. § 411 or by the statute of limitations in 17 U.S.C. § 507(b)") (emphasis added, citations omitted). See also <u>Reynolds v. United States</u>, 748 F.2d 291, 293 (5th Cir. 1984) (proper to disallow an amendment which was filed "on a date on which the court lacked jurisdiction" and "related back to a date on which the court also lacked jurisdiction"); <u>Country Road Music, Inc. v. MP3.com, Inc.</u>, 279 F. Supp. 2d 325, 332-33 (S.D.N.Y. 2003) (copyright infringement claim does not relate back to original complaint where plaintiff failed to register copyright within the limitations period).

Recently, another court followed <u>Brewer</u>'s guidance in dismissing copyright infringement claims where plaintiff did not have registered copyrights at the time the original complaint was filed, but rather registered them <u>after</u> the statute of limitations expired. In an extensively reasoned and thorough opinion, the court in <u>Wellness Pub. v. Barefoot</u>, 2008 WL 108889 (D. N.J. Jan. 9, 2008), held that:

> [A]n amendment cannot relate back to a complaint over which the Court did not have subject matter jurisdiction. Here, the Court did not have subject matter jurisdiction over Plaintiffs' complaint when it was originally filed, as the Work at issue was not registered with the Copyright Office until several months after Plaintiffs first filed their complaint. It is important to note that this is not a case

where subject matter jurisdiction existed at the outset of the action but Plaintiffs simply failed to properly plead such jurisdiction. <u>To the contrary, when Plaintiffs initiated this action the Court was without subject matter jurisdiction to hear Plaintiffs' copyright claims.</u> As such, 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," does not apply to help Plaintiffs here. Section 1653 "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." Consequently, Plaintiffs copyright claims are dismissed.

<u>Id.</u> at **10-11 (citations omitted, emphasis added).[4] As in <u>Wellness Pub.</u>, the original April 2004 complaint against Bryant cannot save Mattel's untimely copyright infringement claim against MGA because the Court did not have jurisdiction to hear the claim until Mattel registered its copyrights in October 2006, a year <u>after</u> the statute of limitations expired in August 2005.

While Mattel may also argue that its copyright infringement claim should be governed by the "rolling" statute of limitations – <u>i.e.</u>, Mattel would collect damages for all the alleged infringements that took place within the three years of the filing (which here would mean that Mattel would recover damages for the alleged infringements that occurred starting with November 20, 2003) – MGA already showed that Mattel does not get the benefit of this "rolling" concept because Mattel's claims here are for <u>both</u> copyright infringement <u>and</u> copyright ownership. See MGA MSJ at 23-24; MGA MSJ Reply at 15 n.24. Unlike the infringement claim, the copyright ownership claim accrues upon the "'plain and express repudiation' of copyright ownership" by another. <u>Welles v. Turner Entm't. Co.</u>,

---

[4] While the <u>Wellness</u> court lacked subject matter jurisdiction over plaintiffs' copyright claims, it had subject matter jurisdiction generally due to plaintiffs' inclusion of a Lanham Act claim. 2008 WL 108889, at *3. Nonetheless, the court <u>declined to permit relation back over the copyright claims as no subject matter existed as to those claims when the original complaint was filed.</u> <u>Id.</u> at **10-11.

503 F.3d 728, 734 (9th Cir. 2007). The Sixth Circuit unequivocally stated that "[w]hen claims for <u>both</u> infringement and ownership are alleged, the infringement claim is timely <u>only if</u> the corresponding ownership claim is also timely." <u>Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC</u>, 477 F.3d 383, 389-90 (6th Cir. 2007) (emphasis added). Thus, in cases such as this one, where, as here, the plaintiff would have to "unseat" the defendant from its position as apparent owner of the copyright to recover for infringement, the courts recognize that the gravamen of such a claim is really ownership, and not infringement, and apply the statute of limitations to bar and not just limit the claim under the "rolling" concept proposed by Mattel. <u>Minder Music Ltd. v. Mellow Smoke Music Co.</u>, 1999 WL 820575, 52 U.S.P.Q. 2d 1700, 1701 (S.D.N.Y. 1999); <u>see also</u> <u>Big East Entm't, Inc. v. Zomba Enters., Inc.</u>, 453 F. Supp. 2d 788, 795 (S.D.N.Y. 2006), <u>aff'd</u>, 259 Fed. Appx. 413 (2d Cir. 2008); MGA MSJ at 23-24 (collecting cases). Thus, where the gravamen of a claim is the creation and ownership, rather than defendant's use of the disputed property, then the ownership claim accrues when defendant repudiates plaintiff's ownership rights, rather than accruing repeatedly with each of defendant's uses. <u>Zuill v. Shanahan</u>, 80 F.3d 1366, 1371 (9th Cir. 1996).

Here, Mattel conceded that its infringement claim involves a claim for ownership. (<u>See</u> Mattel MSJ Opp'n at 49:13-14 (arguing that its ownership claim is "separate and distinct" from its infringement claim – <u>i.e.</u>, confirming that it has asserted both); <u>see also id.</u> at 49:18-20.) And now, the Court actually found that Mattel's "claims asserted here, for breach of contract and copyright infringement, [are] ***based on Mattel's (disputed) ownership rights*** to the Bratz drawings...." (SOL Order at 7 (emphasis added).) As the gravamen of Mattel's copyright infringement claims is disputed copyright ownership, it cannot avail itself of the "rolling" statute of limitations concept.

**The remaining state law claims against MGA.** In the SOL Order, the Court held that "MGA has raised triable issues of fact precluding summary judgment on the statute of limitations issue." (SOL Order at 7.) As the MGA Parties understand the Court's ruling, by

virtue of this ruling, the issue of statute of limitations governing Mattel's state law claims against MGA should be resolved by the jury.[5] The "relation-back" ruling does not obviate the jury's involvement here, since the jury could conceivably find that Mattel was on notice of its state law claims as early as October 2000 for the reasons addressed at length in the MGA Parties' motion for partial summary judgment. Alternatively, the jury could find that Mattel was on notice of the very facts that the Court found to have placed Mattel on notice of its claims against MGA no later than August 2002 – i.e., that Bryant was behind MGA's BRATZ dolls – as early as March 2002, when Mattel monitored a fan site, wherein it was revealed that Bryant created the BRATZ for MGA. (See Mattel MSJ Opp'n at 10; see also MGA MSJ Opp'n at 24, citing MGA OF ¶ 82.)

This is significant because were Mattel on notice of its state law claims by March 2002, most of them would have expired by the time Mattel filed its complaint against Bryant in April 2004. This includes: Mattel's claim for intentional interference with contract (governed by a two year statute, would expire whether or not the discovery rule applies), claims for aiding and abetting breach of fiduciary duty and duty of loyalty (governed by a two year statute), and Mattel's conversion claim (three year statute, that starts running upon the underlying wrongdoing).[6] While the Court also found that there is a triable issue of fact as to Mattel's claims of fraudulent concealment as applied to its claims for intentional interference with contract and conversion (SOL Order at 9), this only buttresses the conclusion that the issue of timeliness as to these and other state law claims asserted against MGA should go to the jury.

---

[5] As the MGA Parties understand the SOL Order, the Court's ruling does not foreclose a notice date prior to August 2002, as the Court only determined that Mattel was on notice of its claims against MGA no later than that date. This ruling leaves the question of an earlier notice open and specifically states that an issue of triable fact exists. (SOL Order at 9 ("Whatever the date on which the claims against Carter Bryant arose is ultimately found to be….").)

[6] The only other remaining state law claim against MGA is for unfair competition, which is governed by a four year statute and, given the Court's "relation-back" ruling, with which the MGA Parties respectfully disagree, would thus appear timely.

**Claims against Larian and MGA (HK).** The Court's ruling that the claims against MGA (HK) and Larian "arose no earlier than November 4, 2004" (SOL Order at 9), coupled with the Court's "relation-back" rulings, appears to foreclose the statute of limitations defense for these parties. While the MGA Parties respectfully disagree with these rulings, they will heed the Court's direction to avoid any re-argument here. They do, however, seek clarification of one point – specifically, the MGA Parties respectfully note that, as to Isaac Larian, the Court's November 4, 2004 notice date appears inconsistent with the Court's finding that Mattel's receipt of the MGA/Bryant contract sometime in the fall of 2003 would have been sufficient to put Mattel on notice of MGA's alleged wrongdoing. (Id. at 7-8.) If the contract placed Mattel on notice of MGA's alleged wrongdoing, it arguably also should have placed Mattel on notice of Larian's alleged wrongdoing because the contract in question *was signed by Isaac Larian*. (See Ex. 1 to Declaration of Michael Moore, dated March 7, 2008.) If Mattel was on notice of Larian's wrongdoing before November 20, 2003, that would preclude relation-back of claims against him on the copyright claim for the reasons discussed above, and also would prevent relation back under California's Doe defendant procedural rules. As such, all of claims against Larian would be subject to dismissal as untimely, or at the very least present trial issues of material fact for the jury.[7]

DATED: May 29, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Jason D. Russell
    Jason D. Russell
    Attorneys for the MGA Parties

---

[7] Assuming pre-November 20, 2003 notice date, all claims against Larian governed by two- and three-year statutes would have expired by the time Mattel brought its claims on November 20, 2006. As for the unfair competition claim, the discovery rule does not apply, and the claim thus expired in October 2004, as the clock started running in October 2000. (See MGA MSJ at 27 n.33.)