UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                                            Date:  June 2, 2008
Title:         CARTER BRYANT -v- MATTEL, INC.

<u>Consolidated With Related Actions</u>:
CASE NO. CV 04-09059 SGL(RNBx):  MATTEL, INC.  v. CARTER BRYANT
CASE NO. CV 05-02727 SGL (RNBx): MGA ENTERTAINMENT, INC. v. MATTEL, INC.
========================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes
            Courtroom Deputy Clerk

<u>ATTORNEYS PRESENT FOR CARTER BRYANT</u>:           <u>ATTORNEYS PRESENT FOR MATTEL</u>:

None Present                                                                      None Present


<u>ATTORNEYS PRESENT FOR MGA</u> <u>AND</u>
<u>ISAAC LARIAN</u>:

None Present

PROCEEDINGS:   **FURTHER AND FINAL ORDER RE STATUTE OF LIMITATIONS DEFENSE (IN CHAMBERS)**

   In an order dated May 27, 2008, the Court made several rulings regarding the timeliness of Mattel's claims ("SOL Order").  At that time, the Court invited further, limited briefing from the parties regarding "what further conclusions regarding the timeliness of each claim should be drawn" in light of the Court's rulings.  The parties filed further briefing in conformity with the Court's Order, which the Court has reviewed.

   As a result of the briefing, the Court discusses the following issues:  (1) Clarification of the Court's Ruling Regarding the August 2002 Anonymous Letter; (2) Clarification of the Court's Ruling Regarding Fraudulent Concealment and Mattel's Claims for Intentional Interference with Contractual Relations and Conversion; and (3) Accrual of Mattel's Copyright Claim.

### I. Clarification of the Court's Ruling Regarding the August 2002 Anonymous Letter

The parties differ on their interpretation of the Court's holding as to the earliest accrual date of Mattel's claims. Although the Court's SOL Order, read as a whole, is most reasonably interpreted as clarified herein, MGA, quite understandably, interprets the Court's Order in a manner more favorable to its position regarding the statute of limitations defense. Accordingly, the Court clarifies its Order as set forth below.

In a key paragraph of the SOL Order, the Court articulates the four possible accrual dates of those state-law claims, asserted by Mattel against Carter Bryant, that are subject to the discovery rule:[1]

> MGA has raised triable issues of fact precluding summary judgment on the statute of limitations issue. Any of the following could be the date upon which MGA claims against Carter Bryant accrued: The July 18, 2003, Wall Street Journal article; the September 23, 2003, date of receipt of the City World "claim"; the October 17, 2003, date of counsel's letter to Mattel regarding the City World litigation; or the November 24, 2003, date of receipt of the MGA-Bryant agreement that pre-dated Bryant's resignation of his employment.

SOL Order at 7-8. This portion of the Court's Order implicitly rejects MGA's contention that the August, 2002, letter could give rise to Mattel's claims against Bryant.

As set forth in the SOL Order, a claim accrues where a plaintiff has ***knowledge*** of at least one of the three generic elements of wrongdoing, causation, and harm. Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 807 (Cal. 2005) (citation omitted). The SOL Order did not explicitly state, as the Court does now, that there is no evidence that Mattel had any ***knowledge*** of any one of the three generic elements of its claims, and thus no claim accrued, prior to the earliest date identified by the Court, which is July 18, 2003.

MGA's argument that Mattel's claims against Carter Bryant could have accrued in August 2002, is based on a statement made by the Court's regarding when the claims against MGA Entertainment, Inc., accrued:

> The Court rejects the proposition, however, that the claims against both MGA entities did not arise until the date of Carter Bryant's deposition. Whatever the date on which the claims against Carter Bryant arose is ultimately found to be, the August 2002 anonymous letter should have given Mattel a suspicion of that MGA Entertainment, Inc., participated in any wrongdoing by Carter Bryant. See Zeller Decl. Ex. 63

---

[1] This portion of the Court's Order does not apply to Mattel's claims for intentional interference with contractual relations and conversion, which are addressed infra, in Section II.

(alleging that Carter Bryant "worked out a deal with MGA that let him collect a large sum of money each year from MGA in exchange for his secrecy about the dolls").

SOL Order at 9.  Mattel's understanding of this part of the SOL Order, that the claims against MGA Entertainment, Inc., accrued on the same date as did the claims against Carter Bryant, is correct. See Mattel Supp. Brief at 6 n.4.

## II. Clarification of the Court's Ruling Regarding Fraudulent Concealment and Mattel's Claims for Intentional Interference with Contractual Relations and Conversion

The Court's statute of limitations analysis regarding Mattel's claims for intentional interference with contractual relations and conversion was rather inartfully articulated.  The Court's ruling was meant to convey that although the remainder of the state-law claims asserted by Mattel are subject to the discovery rule, these two claims are not.  Therefore, the conclusions drawn by the Court regarding the possible accrual dates for the remaining state-law claims do not apply to Mattel's claims for intentional interference with contractual relations and conversion.  Instead, these claims, having arisen around the time Bryant resigned from Mattel, are time-barred unless the relevant limitations periods have been extended by a period of fraudulent concealment.

Whether a period of fraudulent concealment exists, as well as the duration of any such period, cannot be determined on the undisputed record and are therefore questions of fact for the jury.

## III. Accrual of Copyright Claim

The supplemental briefing brings into focus an issue not addressed by the SOL Order:  The accrual date of Mattel's copyright claim.

MGA refers to two arguments it made in its partial summary judgment papers regarding the statute of limitations and Mattel's copyright claim.  First, MGA argues that the date Mattel registered its copyrights impacts upon the Court's application of the relation-back doctrine; second, MGA argues that the "rolling" statute of limitations regarding copyright claims is inapplicable when the gravamen of the claim is a claim of ownership rather than infringement.

Mattel did not address this issue in its supplemental briefing, which was filed concurrently with MGA's supplemental briefing.  In its partial summary judgment papers, however, Mattel had responded to these arguments.

In reviewing the supplemental briefs, as well as the relevant portions of the partial summary judgment papers, and reflecting upon the hearings held on this matter, the Court concludes that it need not resolve MGA's two arguments.

In the SOL Order, the Court's analysis equated the accrual of Mattel's copyright claim with

the accrual with certain of Mattel's state-law claims; as explained below, this analysis overlooks important concepts of copyright law.

As noted by the Court in its order regarding summary judgment, in order to establish copyright infringement, a plaintiff must establish three elements: (1) ownership of a valid copyright, (2) the defendant's access to the original, and (3) substantial similarity between the copyrighted work and the allegedly infringing work. Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d 1140, 1144 (9th Cir. 2003). Here, although the date Mattel received details regarding the City World litigation is in dispute, it is uncontroverted that Mattel did not receive copies of the Bratz drawings prior to November 23, 2003. Without the drawings, Mattel could not assess the substantial similarity factor to determine whether it could assert a claim that the Bratz dolls infringed Mattel's rights to them. Accordingly, on the undisputed record, the Court concludes that Mattel's copyright claim did not accrue prior to November 23, 2003.

Therefore, when first asserted on November 20, 2006, Mattel's copyright claim was timely in its own right, and the Court need not resolve MGA's two arguments regarding relation back and the rolling statute of limitations.[2]

**IT IS SO ORDERED.**

---

[2] In accordance with the foregoing, the Court VACATES the following language from the SOL Order:

> The accrual of a copyright claim, as the parties recognize, approximates the state-law standard discussed herein. See Polar Bear Productions, Inc. v. Timex Corp., 384 F.3d 700, 706 (9th Cir. 2004) ("Thus, . . . the statute of limitations does not prohibit recovery of damages incurred more than three years prior to the filing of suit if the copyright plaintiff was unaware of the infringement, and that lack of knowledge was reasonable under the circumstances."). Accordingly, the Court makes the same conclusion regarding the accrual date of Mattel's copyright claim against Carter Bryant as it does regarding the accrual date of Bryant's state-law claims.

SOL Order at 8.