LAW OFFICES
# KEKER & VAN NEST
LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

CHRISTA MARTINE ANDERSON
CANDERSON@KVN.COM

June 4, 2008

**VIA ELECTRONIC MAIL & ECF**

Stephen G. Larson, District Judge
United States District Court
Central District of California
Eastern Division—Los Angeles
Room 260, Courtroom 1
3470 12th Street
Riverside, CA  92502

RE:   *Mattel, Inc. v. Carter Bryant*, CV 04-9049

Dear Judge Larson:

  This office represents Carter Bryant, who has been dismissed with prejudice from the proceedings in this case pursuant to the terms of a confidential settlement between Mattel and Mr. Bryant (the "Settlement").  We learned this week, in an email from Mattel's counsel, that this Court set for hearing tomorrow a motion to require Carter Bryant to produce certain hard drives (which motion Mattel filed on January 28, 2008).  Prior to the Court setting that hearing date, our office had requested that Mattel's counsel inform the Court that the relief sought in the motion is unavailable and unenforceable as against Mr. Bryant, both because he is no longer a party to the action and because of the terms of the Settlement.  Mattel apparently declined to so inform the Court.  Accordingly, we write today and will participate in tomorrow's hearing solely for the purpose of providing this information to the Court, and without waiving any jurisdictional or other arguments reserved to Mr. Bryant.  Due to financial pressures facing our client, we also respectfully request that this Court permit us to participate telephonically to save the cost and expense of flying counsel to the hearing from Northern California.

  As the Court is aware, the motion at issue was one purportedly seeking compliance with a January 27, 2007 order issued by the Discovery Master regarding production under Federal Rule of Civil Procedure 34 of certain hard drives in Mr. Bryant's possession (as well as sanctions under Federal Rule of Civil Procedure 37).  Pursuant to this Court's order of May 23, 2008, Mr. Bryant has been dismissed with prejudice from this case and is no longer a party.  Accordingly, Mr. Bryant no longer is subject to enforcement of Rule 34 demands, which are only enforceable

418733.03

Stephen G. Larson, District Judge
June 4, 2008
Page 2

against parties. *See* Fed. R. Civ. P. 34; *Hatch v. Reliance Ins. Co,.* 758 F.2d 409, 416 (9th Cir. 1985) ("Rule 34 may not be used to discover matters from a nonparty"); *Powers v. Eichen*, 961 F.Supp. 233, 236 (S.D. Cal. 1997) (quashing requests for production directed against parties who were defendants when requests were served but who were subsequently dismissed from case). Likewise, Mr. Bryant is no longer subject to Rule 37 sanctions requests. The rule authorizes sanctions against nonparties <u>only</u> for certain limited types of conduct related to depositions (not applicable here), and <u>not</u> for failure to produce documents or physical objects. *See* Fed. R. Civ. P. 37; *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n. 4 (9th Cir. 1983) (regarding identical provisions of prior version of rule).[1]

Moreover, as set forth in detail in the Settlement lodged with the Court (the details of which Mr. Bryant cannot address here because the Settlement is confidential), Mattel is barred by the Settlement from seeking the relief sought by its motion.

In sum, we provide this information to the Court because we believe that Mattel should have itself informed the Court that it cannot now pursue the relief it sought in the motion regarding Mr. Bryant's hard drives. We also are prepared to participate personally in the hearing tomorrow for the purpose of further discussing the above. We would respectfully request, however, that the Court permit us to appear telephonically tomorrow morning to limit as much as possible this litigation's continued financial burden on Mr. Bryant now that he is no longer a party to it.

Very truly yours,

Christa M. Anderson

CMA/jas

---

[1] Indeed, even assuming *arguendo* that Mr.Bryant had any remaining discovery obligations to Mattel (which he does not), an action to enforce those obligations would be proper only in the court for the district in which the discovery was to take place: "A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(1)(2). In this case, Mr. Bryant is a Missouri resident and hence a motion to compel discovery could only proceed against Mr. Bryant in the appropriate district court of Missouri.

418733.03