UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>**JOINT [~~PROPOSED~~] ORDER REGARDING VARIOUS DISCOVERY MOTIONS, APPLICATIONS AND OTHER MATTERS UPON WHICH THE COURT RULED ON JUNE 2, 2008** |

## ORDER

After consideration of the motions, applications and other matters heard by the Court on June 2, 2008, and all papers filed in support thereof or opposition thereto, and the argument of counsel, IT IS HEREBY ORDERED that:

1. Mattel's Motion to Compel Production of Documents by Anne Wang, as subsequently narrowed, is GRANTED. The Retention Agreement between Anne Wang and/or the law firm of Pretty & Schroeder, P.C., with Carter Bryant, is ordered produced. If the Retention Agreement contains any privileged material, such information should be redacted. The Agreement must be produced no later than close of business on Thursday, June 5, 2008.

2. MGA's Motion to Quash Deposition Subpoenas is GRANTED IN PART and DENIED IN PART. The Court DENIES MGA's motion as to the deposition of Wachovia Corporation. The deposition of Wachovia is ordered to proceed, and is limited to two hours. The motion is DENIED AS MOOT as to those deponents who have already been deposed. The Court GRANTS the motion to quash as to the remaining deponents who have not yet been deposed.

3. Mattel's Motion to Compel Production of Previously Withheld Documents Only Portions of Which are Allegedly Privileged is DENIED based on MGA's counsel's representation that the communications at issue (1) have been individually reviewed by counsel and (2) are privileged in their entirety or, to the extent they are only partially privileged, have already been produced in redacted form such that all non-privileged information is revealed.

4. Mattel's Motion for an Order Compelling Production of Withheld MGA: (1) Trademark Search Results, (2) Date Of First Use Information, and (3) Factual Data Communicated For the Purpose of Filing Trademark or Other Intellectual Property Applications is GRANTED IN PART. MGA is ordered to produce all documents that contain actual or contemplated trademark names,

1

[Proposed] Order Regarding Certain Motions Heard on June 2, 2008
Case No. CV 04-9049 SGL (RNBx)

trademark search results and/or requests, and/or trademark dates of first use, such that the foregoing information, which is non-privileged, is revealed. Any privileged communications may be redacted from the documents to be produced. MGA shall produce such documents no later than the close of business on Friday, June 3, 2008.

5. Mattel's Motion Compelling Production of Third Party Communications Improperly Withheld Under a Claim of "Common Interest" Privilege is DENIED. Counsel for MGA shall conduct a comprehensive review of the documents identified in Mattel's motion and submit a declaration supporting MGA's assertion that the elements of the common interest exception are met for each communication at issue. MGA shall submit its declaration no later than the close of business on Friday, June 3, 2008.

6. Mattel's Motion to Compel Production of Documents Improperly Withheld as Privileged by MGA, Isaac Larian and Third Party David Rosenbaum as subsequently narrowed is GRANTED. The MGA parties are ordered to produce Entry No. 20 on the Supplemental Revised Privilege and Redaction Log for MGA's 2005 Document Production, Entry Nos. 864, 874, 887-891, and 1121-1125 on Isaac Larian's January 23, 2008 Privilege Log and Entry No. 18 on David Rosenbuam's Privilege Log, which MGA has informed the Court constitutes a single document— a draft of the MGA / Bryant Assignment Agreement containing notations of counsel—or pages of that same document. MGA shall produce the relevant documents no later than the close of business on Wednesday, June 4, 2008. [MGA proposes the following language be included and Mattel objects to its inclusion: MGA's counsel represented that MGA would be re-reviewing the documents at issue on this motion in light of the Court's prior orders and would be producing additional documents in whole or redacted form that MGA believes are not privileged by June 4, 2008.]

7. Mattel's Motion to Compel MGA Entertainment, Inc., MGA Entertainment (HK) Limited, Isaac Larian and Carter Bryant to Respond to Mattel's First Set of Requests for Admission is GRANTED IN PART, DENIED IN PART and DEFERRED IN PART. The MGA parties are ordered to supplement their responses to Mattel's requests No. 36, 37, 38 and 39. The Court's decision on Mattel's requests No. 63, 66 and 69 is deferred to Phase 1(b) of this trial. Mattel's motion is denied as to the remaining requests.

8. Mattel's Motion to Compel MGA and Carter Bryant to Return Privileged Document and For Protective Order is DENIED.

9. Mattel's Inc.'s *Ex Parte* Application (1) To Compel Depositions of Ana Cabrera, Beatriz Morales and Maria Salazar; (2) For Guidance as to Evidence Received From Ana Cabrera; and (3) For Sanctions, as subsequently narrowed, is resolved as follows: Mattel is permitted to use the evidence received from Ms. Cabrera, and to permit a consultant to reconstruct the documents received from Ms. Cabrera. The admission of such evidence, however, remains subject to the general rules of evidence. The Court is not ruling on whether Mattel may submit an expert report of such an expert or whether the expert may testify at trial.

IT IS SO ORDERED:

Dated: June 5, 2008

_____
The Honorable Stephen G. Larson