THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
MARINA V. BOGORAD (Bar No. 217524)
(mbogorad@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA  94111-5974
Tel.: (415) 984-2698 / Fax: (415) 984-2626

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>——————————————————<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>MGA PARTIES' REVISED DISPUTED [PROPOSED] SPECIAL VERDICT FORMS |

## PHASE 1-A VERDICT FORMS

| No. | Special Verdict Form | Page |
|---|---|---|
| 1 | Proposed Form of Verdict No. 1 (Section 2(a) – Scope of Inventions Agreement) | 1 |
| 2 | Proposed Form of Verdict No. 2 (Breach of Section 2(a) of Inventions Agreement) | 2 |
| 3 | Proposed Form of Verdict No. __ (Breach of Section 3(a) Inventions Agreement) | 6 |
| 4 | Proposed Form of Verdict No. __ (Validity of Conflict of Interest Questionnaire) | 6 |
| 5 | Proposed Form of Verdict No. __ (Breach of Conflict of Interest Questionnaire) | 6 |
| 6 | Proposed Form of Verdict No. 3 (17 U.S.C. Section 204(a) and Cal. Civ. Code Section 988) | 7 |
| 7 | Proposed Form of Verdict No. 4 (Declaratory Relief) | 8 |
| 8 | Proposed Form of Verdict No. 5 (Fiduciary Duty) | 9 |
| 9 | Proposed Form of Verdict No. 6 (Liability for Aiding and Abetting Breach of Fiduciary Duty) | 11 |
| 10 | Proposed Form of Verdict No. 7 (Duty of Loyalty) | 16 |
| 11 | Proposed Form of Verdict No. 8 (Liability for Aiding and Abetting Breach of Duty of Loyalty) | 18 |
| 12 | Proposed Form of Verdict No. 9 (Liability for Intentional Interference with Contract) | 23 |
| 13 | Proposed Form of Verdict No. 10 (Conversion) | 28 |
| 14 | Proposed Form of Verdict No. __ (Statutory Unfair Competition) | 32 |

## PHASE 1-B VERDICT FORMS

| No. | Special Verdict Form | Page |
|---|---|---|
| 1 | Proposed Form of Verdict No. 1 (Copyright Ownership) | 33 |
| 2 | Proposed Form of Verdict No. 2 (Copyright Infringement) | 37 |
| 3 | Proposed Form of Verdict No. 3 (Copyright Infringement – Vicarious and Contributory Infringement) | 50 |
| 4 | Proposed Form of Verdict No. __ (Inventions Agreement Damages) | 52 |
| 5 | Proposed Form of Verdict No. __ (Questionnaire Damages) | 52 |
| 6 | Proposed Form of Verdict No. __ (Fiduciary Duty Damages) | 52 |
| 7 | Proposed Form of Verdict No. 4 (Aiding and Abetting Breach of Fiduciary Duty Damages) | 53 |

i

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

| 8 | Proposed Form of Verdict No. __ (Breach of Duty of Loyalty Damages) | 54 |
|---|---|---|
| 9 | Proposed Form of Verdict No. 5 (Aiding and Abetting Breach of Duty of Loyalty Damages) | 55 |
| 10 | Proposed Form of Verdict No. 6 (Intentional Interference Damages) | 56 |
| 11 | Proposed Form of Verdict No. 7 (Conversion Damages) | 57 |

ii

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

# PHASE 1-A VERDICT FORMS

## -REVISED-

## Proposed Form of Verdict No. 1 (Section 2(a) – Scope of Inventions Agreement)

Regarding the interpretation of the applicability of Section 2(a) of the January 4, 1999 Inventions Agreement between Mattel and Bryant, we, the jury, find as follows:

    (a)    With respect to Mattel's claim that Carter Bryant conceived the BRATZ concept between 1/4/99 and 10/19/00, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 3)

    (b)    With respect to Mattel's claim that Carter Bryant reduced to practice his sketches of the BRATZ concept between 1/4/99 and 10/19/00, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 3)

    (d)    With respect to Mattel's claim that sketches Carter Bryant drew between 1/4/99 and 10/19/00 were done "during" his Mattel employment, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 3)

1

**-REVISED-**

**Proposed Form of Verdict No. 2 (Breach of Section 2(a) of Inventions Agreement)**

*Regarding the breach of Section 2(a) of the January 4, 1999 Inventions Agreement between Mattel and Bryant, we, the jury, find as follows:*

(a)   With respect to Mattel's claim that it did all, or substantially all, of the significant things that the contract required it to do, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 3)

(b)   With respect to Bryant's claim that all the conditions by the contract for Carter Bryant's performance had occurred, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 3)

(c)   With respect to Mattel's claim that Carter Bryant did something that the contract prohibited him from doing, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 3)

(d)   With respect to Mattel's claim that Mattel was harmed by that failure, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 3)

*If you have found that Carter Bryant breached the Inventions Agreement,, next consider whether Mattel should be barred from recovery on any of the following grounds:*

*On the claim that Mattel is estopped from asserting claims arising out of Section 2(a) of Carter Bryant's Inventions Agreement, we, the jury, find as follows:*

2

1    (e)    With respect to whether Mattel made a representation of fact, at any

2           relevant time, by its actions, silence or omission, we find:

3           ☐yes or

4           ☐no. (If no, please proceed to 2(h))

5    (f)    With respect to whether Mattel had knowledge that its employees

6           moonlighted or created independent artistic works during their

7           employment , we find:

8           ☐yes or

9           ☐no. (If no, please proceed to 2(h))

10    (g)    With respect to whether Carter Bryant was ignorant of the fact that

11           Mattel intended to make claims to independently created artistic works

12           or works created while moonlighting, we find:

13           ☐yes or

14           ☐no. (If no, please proceed to 2(h))

15    (h)    With respect to whether Carter Bryant reasonably relied on Mattel's

16           silence to his detriment, we find:

17           ☐yes or

18           ☐no. (If no, please proceed to 2(h))

19

20    *On the claim that Mattel has acquiesced, at any relevant time, to its employees*

21  *moonlighting or independent creation of artistic works, we, the jury, find as follows*:

22    (h)    With respect to whether Mattel's acts or words, silence or inaction,

23           would be understood by a reasonable person as intended to indicate that

24           the conduct is allowed, we find:

25           ☐yes or

26           ☐no. (If no, please proceed to 2(j))

27

28

3

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

(i) With respect to whether Carter Bryant understood Mattel's acts or words, silence or inaction to indicate that it allowed its employees to moonlight or to independently create artistic works, we find:

☐ yes or

☐ no. (If no, please proceed to 2(j))

*On the claim that Mattel has consented, at any relevant time, to its employees moonlighting or independent artistic work, we, the jury, find as follows*:

(j) With respect to whether Mattel's acts or words, silence or inaction, would be understood by a reasonable person as intended to indicate consent to moonlighting or independent artistic work, we find:

☐ yes or

☐ no. (If no, please proceed to 2(l))

(k) With respect to whether Carter Bryant understood Mattel's acts or words, silence or inaction to indicate consent to moonlighting or independent artistic work, we find:

☐ yes or

☐ no. (If no, please proceed to 2(l))

*On the claim that Mattel has waived any right to seek damages on its claims for breach of Section 2(a) of the Inventions Agreement, we, the jury, find as follows*:

(l) With respect to whether Mattel was aware of its violations of its employment agreements, we find:

☐ yes or

☐ no.

(m) With respect to whether Mattel indicated, by its words, actions or silence that it did not intend to enforce section 2(a) of the Inventions Agreement, we find:

4

1    ☐ yes or

2    ☐ no.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**Proposed Form of Verdict No.  (Breach of Section 3(a) Inventions Agreement)**

*-NO LONGER APPLICABLE AND WITHDRAWN-*


**Proposed Form of Verdict No. (Validity of Conflict of Interest Questionnaire)**

*-NO LONGER APPLICABLE AND WITHDRAWN-*


**Proposed Form of Verdict No. (Breach of Conflict of Interest Questionnaire)**

*-NO LONGER APPLICABLE AND WITHDRAWN-*

6

**-REVISED-**

**Proposed Form of Verdict No. 3 (17 U.S.C. Section 204(a) and Cal. Civ. Code Section 988)**

*On the claim of Mattel respecting the existence of a valid transfer agreement between Mattel and Carter Bryant under Section 204(a) of the Copyright Act or Section 988 of the California Civil Code, we, the jury, find as follows:*

(a)    With respect to Mattel's claim that Section 2(a) of Bryant's Inventions Agreement is a valid transfer of copyright under Section 204(a) of the Copyright Act, we find:

☐yes or

☐no.  (If no, please proceed to Verdict Form No. 4)

(b)    With respect to Mattel's claim that Section 2(a) of Bryant's Inventions Agreement is a valid transfer of copyright under California Civil Code Section 988, we find:

☐yes or

☐no.  (If no, please proceed to Verdict Form No. 4)

7

# -REVISED-

## Proposed Form of Verdict No. 4 (Declaratory Relief)

*On the claim of Mattel against MGA and Isaac Larian respecting Mattel's claim for declaratory relief, we, the jury, find as follows:*

 (a) With respect to whether Mattel has met its burden in proving its declaratory relief claim, we find:

  ☐ yes or

  ☐ no.  (If no, please proceed to Verdict Form No. 5)

 (b) With respect to whether Mattel has met its burden in proving that MGA did not purchase its rights in good faith, we find:

  ☐ yes or

  ☐ no.  (If no, please proceed to Verdict Form No. 5)

*On the claim of MGA respecting the date when Mattel suspected or had reason to suspect that wrongdoing on the part of MGA had taken place, we, the jury, find as follows:*

 (c) With respect to whether MGA have proven that Mattel suspected or had reason to suspect that wrongdoing had taken place before April 27, 2001, we find:

  ☐ yes or

  ☐ no.  (If no, please proceed to Verdict Form No. 5)

**-REVISED-**

**Proposed Form of Verdict No. 5 (Aiding and Abetting Breach of Fiduciary Duty – Existence of Underlying Breach)**

*On the claim of Mattel that Carter Bryant breached his fiduciary duty, we, the jury, find as follows:*

(a)    With respect to whether Mattel has proven that Carter Bryant owed a fiduciary duty to Mattel in addition to the duty to maintain in confidence information provided to Bryant by Mattel, we find:

☐yes or

☐no.

(b)    With respect to whether Mattel has proven that Carter Bryant deliberately acted against Mattel's interests prior to terminating his employment with Mattel in breach of any fiduciary duty owed, we find:

☐yes or

☐no.  ((If no, please proceed to Verdict Form No. 7)

(c)    With respect to whether Mattel has proven Bryant's actions (other than entering into a contract with MGA while a Mattel employee) were in direct competition with Mattel and not merely preparations to compete with Mattel, we find:

☐yes or

☐no.

(d)    With respect to whether Mattel has proven it was harmed during the term of Bryant's employment by Carter Bryant's breach of fiduciary duty, we find:

☐yes or

☐no.  (If no, please proceed to Verdict Form No. 7)

9

(e)     With respect to whether Mattel has proven that the conduct of Bryant was a substantial reason for any harm Mattel incurred during the term of Bryant's employment, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 7)

*If you have answered YES to 5(a)-5(e), proceed to Verdict Form No. 6.*

10

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1

**-REVISED-**

2 **Proposed Form of Verdict No. 6 (Liability for Aiding and Abetting Breach of**

3 **Fiduciary Duty)**

4

5      *On the claim of Mattel against MGA and Isaac Larian for aiding and abetting breach of fiduciary duty, we, the jury, find as follows:*

6

7     (a)    With respect to whether Mattel has proven that MGA and/or Isaac

8           Larian actually knew that Carter Bryant owed a fiduciary duty to Mattel,

9           we find:

10           ☐yes or

11           ☐no. (If no, please proceed to Verdict Form No. 7)

12     (b)    With respect to whether Mattel has proven that MGA and/or Isaac

13           Larian actually knew, when they contracted with Bryant for the rights to

14           BRATZ, that Bryant was breaching a fiduciary duty to Mattel, we find.

15           ☐yes or

16           ☐no. (If no, please proceed to Verdict Form No. 7)

17     (c)    With respect to whether Mattel has proven that MGA and/or Isaac

18           Larian made a conscious decision to participate in wrongful activity

19           designed to substantially assist Bryant in a breach of fiduciary duty

20           while he was employed at Mattel, we find:

21           ☐yes or

22           ☐no.  (If no, please proceed to Verdict Form No. 7)

23     (d)    With respect to whether Mattel has proven that MGA and/or Isaac

24           Larian knew that Bryant did not immediately leave Mattel on signing

25           the contract with MGA, as instructed by MGA and Isaac Larian, we find.

26           ☐yes or

27           ☐no. (If no, please proceed to Verdict Form No. 7)

28

11

(e)     With respect to whether Mattel has proven that MGA and/or Isaac Larian knowingly provided substantial assistance or encouragement to Bryant while Bryant was employed at Mattel, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 7)

(f)     With respect to whether Mattel has shown the extent to which MGA and/or Isaac Larian knew of and intended to assist in Bryant's breach of fiduciary duty to Mattel, Mattel has shown that MGA and Isaac Larian rendered a sufficiently high degree of substantial assistance in Bryant's breach, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 7)

(g)     With respect to whether Mattel has proven that the conduct of MGA and/or Isaac Larian in meeting with, negotiating and signing a contract with Bryant was a substantial reason for any harm Mattel incurred while Bryant was employed by Mattel due to Bryant's breach of his fiduciary duty with Mattel, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 7)


***If you have found that MGA or Isaac Larian are liable for aiding and abetting Carter Bryant's breach of fiduciary duty, next consider whether Mattel should be barred from recovery on any of the following grounds:***


*On the claim of MGA and Larian that Mattel is estopped from asserting claims arising out of Carter Bryant's employment agreement, we, the jury, find as follows*:

12

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1      (h)    With respect to whether Mattel made a representation of fact, at any

2          relevant time, by its actions, silence or omission, we find:

3          ☐yes or

4          ☐no. (If no, please proceed to 6(l))

5      (i)    With respect to whether Mattel had knowledge that its employees were

6          moonlighting or working on independent artistic projects, we find:

7          ☐yes or

8          ☐no. (If no, please proceed to 6(l))

9      (j)    With respect to whether Carter Bryant was ignorant of the fact that

10         Mattel's failure to prevent moonlighting or independent artistic work

11         was not intended as a policy, we find:

12         ☐yes or

13         ☐no. (If no, please proceed to 6(l))

14      (k)    With respect to whether MGA and/or Isaac Larian reasonably relied on

15         Mattel's silence to their detriment, we find:

16         ☐yes or

17         ☐no. (If no, please proceed to 6(m))

18

19      *On the claim of MGA and Isaac Larian that Mattel has acquiesced, at any*

20  *relevant time, to its employees' moonlighting or independent artistic work, we, the*

21  *jury, find as follows*:

22      (l)    With respect to whether Mattel's acts or words, silence or inaction,

23         would be understood by a reasonable person as intended to indicate that

24         the conduct is allowed, we find:

25         ☐yes or

26         ☐no. (If no, please proceed to 6(n))

27

28

1      (m)    With respect to whether Carter Bryant understood Mattel's acts or

2              words, silence or inaction to indicate that it allowed moonlighting or

3              independent artistic work, we find:

4              ☐ yes or

5              ☐ no. (If no, please proceed to 6(n))

6

7         *On the claim of MGA and Isaac Larian that Mattel has consented, at any*

8  *relevant time, to its employees moonlighting or independent artistic work, we, the*

9  *jury, find as follows*:

10     (n)    With respect to whether Mattel's acts or words, silence or inaction,

11             would be understood by a reasonable person as intended to indicate

12             consent to moonlighting or independent artistic work, we find:

13             ☐ yes or

14             ☐ no. (If no, please proceed to 6(p))

15     (o)    With respect to whether Carter Bryant understood Mattel's acts or

16             words, silence or inaction to indicate consent to moonlighting or

17             independent artistic work, we find:

18             ☐ yes or

19             ☐ no. (If no, please proceed to 6(p))

20

21        *On the claim of MGA and Isaac Larian that Mattel has waived any right to*

22 *seek damages on its breach of employment agreement claims, we, the jury, find as*

23 *follows*:

24     (p)    With respect to whether Mattel was aware of its violations of its

25             employment agreements, we find:

26             ☐ yes or

27             ☐ no. (If no, please proceed to 6(r))

28

14

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

(q)    With respect to whether Mattel indicated, by its words, actions or silence that it did not intend to enforce its employment agreements, we find:

☐yes or

☐no. (If no, please proceed to 6(r))

*On the affirmative defense of laches, we, the jury, find as follows:*

(r)    With respect to whether MGA and/or Isaac Larian have established that Mattel delayed unreasonably in asserting its claim that MGA and/or Isaac Larian aided and abetted Carter Bryant's breach of his fiduciary duty, we find:

☐yes or

☐no.

(s)    With respect to whether the MGA and/or Isaac Larian have established that they were prejudiced by Mattel's delay because evidence has been lost or witnesses memories have faded, we find:

☐yes or

☐no.

(t)    With respect to whether MGA and/or Isaac Larian have established that they were prejudiced by Mattel's delay because MGA and/or Isaac Larian have expended time, resources, or money in reliance on Mattel's failure to file suit, we find:

☐yes or

☐no.

15

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

**-REVISED-**

**Proposed Form of Verdict No. 7 (Aiding and Abetting Breach of Duty of Loyalty – Existence of Underlying Breach)**

*On the claim of Mattel for breach of duty of loyalty, we, the jury, find as follows:*

(a)     With respect to whether Mattel has proven Carter Bryant deliberately acted against Mattel's interests in connection with the BRATZ idea and sketches prior to terminating his employment with Mattel, we find:

☐ yes or

☐ no.

(b)     For any actions by Bryant other than entering into a contract with MGA while a Mattel employee, whether Mattel has proven Bryant's actions were in direct competition with Mattel and not merely preparations to compete with Mattel, we find:

☐ yes or

☐ no.

(c)     With respect to whether Mattel has proven that it did not give informed consent to Bryant's conduct or otherwise ratify Bryant's conduct, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 9)

(d)     With respect to whether Mattel has proven it was harmed during the term of Bryant's employment by any conduct of Carter Bryant that has been found to be a breach of duty of loyalty, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 9)

16

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

(e)    With respect to whether Mattel has proven that the conduct of Bryant was a substantial reason for any harm Mattel incurred during the term of Bryant's employment, we find:

☐yes or

☐no. (If no, please proceed to Verdict Form No. 9)


*If you have answered YES to 7(a)-7(e), proceed to Verdict Form No. 8.*

17

**-REVISED-**

**Proposed Form of Verdict No. 8 (Liability for Aiding and Abetting Breach of Duty of Loyalty)**

*On the claim of Mattel against MGA and Larian for aiding and abetting breach of duty of loyalty, we, the jury, find as follows:*

(a)　With respect to whether Mattel has proven Bryant breached a duty of loyalty he owed to Mattel in licensing the BRATZ to MGA, we find:

☐yes or

☐no. (If no, please proceed to Verdict Form No. 9)

(b)　With respect to whether Mattel has proven that Carter Bryant's licensing the rights to BRATZ  to MGA before his departure from Mattel were not permissible preparations to compete with Mattel, we find:

☐yes or

☐no. (If no, please proceed to Verdict Form No. 9)

(c)　With respect to whether Mattel has proven that MGA and/or Isaac Larian knew, when they contracted with Bryant for the rights to BRATZ, that Bryant was breaching a duty of loyalty to Mattel, we find.

☐yes or

☐no. (If no, please proceed to Verdict Form No. 9)

(d)　With respect to whether Mattel has proven that MGA and/or Isaac Larian knew that Bryant did not immediately leave Mattel on signing the contract with MGA, as instructed by MGA and/or Isaac Larian, we find.

☐yes or

☐no. (If no, please proceed to Verdict Form No. 9)

(e)　With respect to whether Mattel has proven that MGA and/or Isaac Larian made a conscious decision to participate in wrongful activity

18

1    designed to assist Bryant in a breach of duty of loyalty while Bryant

2    was employed at Mattel, we find:

3    ☐ yes or

4    ☐ no.  (If no, please proceed to Verdict Form No. 9)

5    (f)    With respect to whether Mattel has proven that MGA and/or Isaac

6    Larian knowingly provided substantial assistance or encouragement to

7    Bryant in his breach of duty of loyalty while Bryant was employed at

8    Mattel, we find:

9    ☐ yes or

10   ☐ no.  (If no, please proceed to Verdict Form No. 9)

11   (g)    With respect to whether Mattel has shown the extent to which MGA

12   and/or Isaac Larian knew of and intended to assist in Bryant's breach of

13   duty of loyalty to Mattel, Mattel has shown that MGA and/or Isaac

14   Larian rendered a sufficiently high degree of substantial assistance in

15   Bryant's breach, we find:

16   ☐ yes or

17   ☐ no.  (If no, please proceed to Verdict Form No. 9)

18   (h)    With respect to whether Mattel has proven that the conduct of MGA

19   and/or Isaac Larian was a substantial reason for any harm Mattel

20   incurred due to Bryant's breach of his duty of loyalty with Mattel, we

21   find:

22   ☐ yes or

23   ☐ no.  (If no, please proceed to Verdict Form No. 9)

24

25   ***If you have found that MGA or Larian are liable for aiding and abetting***

26   ***Carter Bryant's breach of his duty of loyalty, next consider whether Mattel should***

27   ***be barred from recovery on any of the following grounds:***

28

19

1    *On the claim of MGA and Isaac Larian that Mattel is estopped from asserting*
2    *claims arising out of Carter Bryant's breach of his duty of loyalty, we, the jury, find*
3    *as follows*:

4        (i)    With respect to whether Mattel made a representation of fact, at any
5                 relevant time, by its actions, silence or omission, we find:
6                 ☐yes or
7                 ☐no. (If no, please proceed to 8(m))

8        (j)    With respect to whether Mattel had knowledge that its employees were
9                 moonlighting or working on independent artistic projects, we find:
10                ☐yes or
11                ☐no. (If no, please proceed to 8(m))

12       (k)    With respect to whether Carter Bryant was ignorant of the fact that
13                Mattel's failure to prevent moonlighting or independent artistic work
14                was not intended as a policy, we find:
15                ☐yes or
16                ☐no. (If no, please proceed to 8(m))

17       (l)    With respect to whether MGA and/or Isaac Larian reasonably relied on
18                Mattel's silence to their detriment, we find:
19                ☐yes or
20                ☐no. (If no, please proceed to 8(m))

21

22   *On the claim of MGA and Larian that Mattel has acquiesced, at any relevant*
23   *time, to its employees' moonlighting or independent artistic work, we, the jury, find*
24   *as follows*:

25       (m)    With respect to whether Mattel's acts or words, silence or inaction,
26                would be understood by a reasonable person as intended to indicate that
27                the conduct is allowed, we find:
28                ☐yes or

20

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1         ☐no. (If no, please proceed to 8(o)

2     (n)     With respect to whether Carter Bryant understood Mattel's acts or

3         words, silence or inaction to indicate that it allowed moonlighting or

4         independent artistic work, we find:

5         ☐yes or

6         ☐no. (If no, please proceed to 8(o))

7

8         *On the claim of MGA and Isaac Larian that Mattel has consented, at any*

9 *relevant time, to its employees' moonlighting or independent artistic work, we, the*

10 *jury, find as follows*:

11     (o)     With respect to whether Mattel's acts or words, silence or inaction,

12         would be understood by a reasonable person as intended to indicate

13         consent to moonlighting or independent artistic work, we find:

14         ☐yes or

15         ☐no. (If no, please proceed to 8(q))

16     (p)     With respect to whether Carter Bryant understood Mattel's acts or

17         words, silence or inaction to indicate consent to moonlighting or

18         independent artistic work, we find:

19         ☐yes or

20         ☐no. (If no, please proceed to 8(q))

21

22         *On the claim of MGA and Larian that Mattel has waived any right to seek*

23 *damages on its breach of duty of loyalty claims, we, the jury, find as follows*:

24     (q)     With respect to whether Mattel was aware of its violations of its

25         employment agreements, we find:

26         ☐yes or

27         ☐no. (If no, please proceed to 8(s))

28

21

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

(r)     With respect to whether Mattel indicated, by its words, actions or silence that it did not intend to enforce its employment agreements, we find:

☐ yes or

☐ no. (If no, please proceed to 8(s))

*On the affirmative defense of laches, we, the jury, find as follows:*

(s)     With respect to whether MGA and/or Isaac Larian have established that Mattel delayed unreasonably in asserting its claim that MGA and Isaac Larian aided and abetted Carter Bryant's breach of his duty of loyalty, we find:

☐ yes or

☐ no.

(t)     With respect to whether the MGA and/or Isaac Larian have established that they were prejudiced by Mattel's delay because evidence has been lost or witnesses memories have faded, we find:

☐ yes or

☐ no.

(u)     With respect to whether MGA and/or Isaac Larian have established that they were prejudiced by Mattel's delay because MGA and/or Isaac Larian have expended time, resources, or money in reliance on Mattel's failure to file suit, we find:

☐ yes or

☐ no.

22

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

## Proposed Form of Verdict No. 9 (Liability for Intentional Interference with Contract)

*On the claim of Mattel against MGA and Isaac Larian for intentional interference with contract, we, the jury, find as follows:*

(a)  With respect to whether Mattel has proven MGA and/or Isaac Larian actually knew there was a contract between Mattel and Carter Bryant and its material terms, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 10)

(b)  With respect to whether Mattel has proven that Bryant breached his contract with Mattel in selling BRATZ to MGA and Isaac Larian, we find:

☐ yes; or

☐ no. (If no, please proceed to Verdict Form No. 10)

(c)  With respect to whether Mattel has proven that MGA and/or Isaac Larian were certain or substantially certain that they were contracting for something that rightfully belonged to Mattel when MGA contracted with Bryant for the rights to BRATZ, we find:

☐ yes or

☐ no.  (If no, please proceed to Verdict Form No. 10)

(d)  With respect to whether Mattel has proven that MGA and/or Isaac Larian approached Carter Bryant first about an offer to license BRATZ to them, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 10)

(e)  With respect to whether Mattel has proven it was harmed by Carter Bryant's breach of his contract with Mattel, we find:

23

1   ☐ yes or

2   ☐ no. (If no, please proceed to Verdict Form No. 10)

3   (f)   With respect to whether Mattel has proven that the conduct of MGA

4        and/or Isaac Larian in hiring Bryant as an independent contractor was a

5        substantial factor in the harm Mattel incurred from Bryant's breach of

6        his contract with Mattel, we find:

7        ☐ yes or

8        ☐ no. (If no, please proceed to Verdict Form No. 10)

9   (g)   With respect to whether Mattel has proven that MGA and/or Isaac

10       Larian engaged in an additional unlawful act independent of interfering

11       with Bryant's contract with Mattel, we find:

12       ☐   There was no additional unlawful act by Isaac Larian and/or MGA;

13       ☐ MGA and/or Isaac Larian aided and abetted Bryant in a breach of the

14           duty of loyalty he owed Mattel;

15       ☐ MGA and/or Isaac Larian aided and abetted Bryant in a breach of the

16           fiduciary duty he owed Mattel;

17       ☐   MGA and/or Isaac Larian engaged in acts of unfair competition.

18

19   ***If you have found that MGA or Larian are liable for intentional interference***

20   ***with contract, next consider whether Mattel should be barred from recovery on any***

21   ***of the following grounds:***

22

23   *On the claim of MGA or Larian that Mattel is estopped from asserting its*

24   *claim that MGA or Larian intentionally interfered with the Mattel-Bryant contract,*

25   *we, the jury, find as follows*:

26   (h)   With respect to whether Mattel made a representation of fact, at any

27        relevant time, by its actions, silence or omission, we find:

28        ☐ yes or

24

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1    □no. (If no, please proceed to 9(l))

2    (i)    With respect to whether Mattel had knowledge that its employees were

3    moonlighting or working on independent artistic projects, we find:

4    □yes or

5    □no. (If no, please proceed to 9(l))

6    (j)    With respect to whether Carter Bryant was ignorant of the fact that

7    Mattel was allowed moonlighting or independent artistic work was not

8    intended as a policy, we find:

9    □yes or

10    □no. (If no, please proceed to 9(l))

11    (k)    With respect to whether Carter Bryant, MGA and/or Isaac Larian

12    reasonably relied on Mattel's silence to their detriment, we find:

13    □yes or

14    □no. (If no, please proceed to 9(l))

15

16    *On the claim of MGA and Isaac Larian that Mattel has acquiesced, at any*

17    *relevant time, to its employees moonlighting or independent artistic work, we, the*

18    *jury, find as follows*:

19    (l)    With respect to whether Mattel's acts or words, silence or inaction,

20    would be understood by a reasonable person as intended to indicate that

21    the conduct is allowed, we find:

22    □yes or

23    □no. (If no, please proceed to 9(n))

24    (m)    With respect to whether Carter Bryant understood Mattel's acts or

25    words, silence or inaction to indicate that it allowed moonlighting or

26    independent artistic work, we find:

27    □yes or

28    □no. (If no, please proceed to 9(n))

25

1

2    *On the claim of MGA and Isaac Larian that Mattel has consented, at any*

3    *relevant time, to its employees moonlighting or independent artistic work, we, the*

4    *jury, find as follows*:

5         (n)    With respect to whether Mattel's acts or words, silence or inaction,

6                would be understood by a reasonable person as intended to indicate

7                consent to moonlighting or independent artistic work, we find:

8                ☐yes or

9                ☐no. (If no, please proceed to 9(p))

10        (o)    With respect to whether Carter Bryant understood Mattel's acts or

11               words, silence or inaction to indicate consent to moonlighting or

12               independent artistic work, we find:

13               ☐yes or

14               ☐no. (If no, please proceed to 9(p))

15

16   *On the claim of MGA and Isaac Larian that Mattel has waived any right to*

17   *seek damages for any claims arising out of Carter Bryant's breach of his*

18   *employment agreement, we, the jury, find as follows*:

19        (p)    With respect to whether Mattel was aware of its violations of its

20               employment agreements, we find:

21               ☐yes or

22               ☐no. (If no, please proceed to 9(r))

23        (q)    With respect to whether Mattel indicated, by its words, actions or

24               silence that it did not intend to enforce its employment agreements, we

25               find:

26               ☐yes or

27               ☐no. (If no, please proceed to 9(r))

28

26

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1       *On the claim of MGA and Isaac Larian respecting the date when the alleged*

2 *wrongdoing on the part of MGA or Isaac Larian had taken place, we, the jury, find*

3 *as follows:*

4         (r)    With respect to whether MGA have proven that Mattel suspected or had

5                 reason to suspect that wrongdoing had taken place before April 27, 2002,

6                 we find:

7                 ☐ yes or

8                 ☐ no.

9

10      *On the affirmative defense of laches, we, the jury, find as follows:*

11       (s)    With respect to whether MGA and/or Isaac Larian have established that

12               Mattel delayed unreasonably in asserting its claim of intentional

13               interference with contract against them, we find:

14                 ☐ yes or

15                 ☐ no.

16       (t)    With respect to whether MGA and/or Isaac Larian have established that

17               they were prejudiced by Mattel's delay because evidence has been lost

18               or witnesses memories have faded, we find:

19                 ☐ yes or

20                 ☐ no.

21       (u)    With respect to whether MGA and/or Isaac Larian have established that

22               they were prejudiced by Mattel's delay because the MGA Parties have

23               expended time, resources, or money in reliance on Mattel's failure to file

24               suit, we find:

25                 ☐ yes or

26                 ☐ no.

27

28

**-REVISED-**

**Proposed Form of Verdict No. 10 (Conversion)**

*On the claim of Mattel against MGA (HK) and Isaac Larian for conversion, we, the jury, find as follows:*

    (a)    With respect to whether Mattel has established whether Mattel owned the BRATZ sketches under Section 2(a) of the Inventions Agreement, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 11)

    (b)    With respect to Mattel's claims that Isaac Larian and MGA (HK) intentionally prevented Mattel from having access to the above-mentioned items for a significant period of time, or destroyed Mattel's personal property;

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 11)

    (c)    With respect to Mattel's claim that Mattel did not consent to Isaac Larian and/or MGA (HK) interference with Mattel's access to the above-mentioned items for a significant period of time, or destroyed Mattel's personal property;

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 11)

    (d)    With respect to Mattel's claim that it was harmed by such conduct, we find:

☐ yes or

☐ no. (If no, please proceed to Verdict Form No. 11)

    (e)    With respect to Mattel's claims that Isaac Larian and/or MGA (HK)'s conduct was a substantial factor in causing Mattel's harm, we find:

☐ yes or

28

☐no. (If no, please proceed to Verdict Form No. 11)

*If you have found that MGA(HK) or Larian are liable for conversion, next consider whether Mattel should be barred from recovery on any of the following grounds:*

*On the claim of MGA (HK) or Larian that Mattel is estopped from asserting its claim that MGA (HK) or Larian converted its property, we, the jury, find as follows*:

    (f)    With respect to whether Mattel made a representation of fact, at any relevant time, by its actions, silence or omission, we find:

        ☐yes or

        ☐no. (If no, please proceed to 10(j))

    (g)    With respect to whether Mattel had knowledge that MGA (HK) and/or Isaac Larian had converted its property, we find:

        ☐yes or

        ☐no. (If no, please proceed to 10(j))

    (h)    With respect to whether MGA (HK) and/or Isaac Larian were ignorant of the fact that Mattel objected to the use of its property, we find:

        ☐yes or

        ☐no. (If no, please proceed to 10(j))

    (i)    With respect to whether MGA (HK) and/or Isaac Larian reasonably relied on Mattel's silence to their detriment, we find:

        ☐yes or

        ☐no. (If no, please proceed to 10(j))

*On the claim of MGA (HK) and Isaac Larian that Mattel has waived any right to seek damages for its conversion claims, we, the jury, find as follows*:

29

1    (j)    With respect to whether Mattel was aware of the use of its property, we

2           find:

3           ☐yes or

4           ☐no. (If no, please proceed to 10(l))

5    (k)    With respect to whether Mattel indicated, by its words, actions or

6           silence that it did not intend to enforce claims for the use of its property,

7           we find:

8           ☐yes or

9           ☐no. (If no, please proceed to 10(l))

10

11   *On the claim of MGA respecting the date when the Mattel suspected or had*

12   *reason to suspect the alleged wrongdoing on the part of MGA had taken place, we,*

13   *the jury, find as follows:*

14   (l)    With respect to whether MGA have proven that Mattel suspected or had

15          reason to suspect that wrongdoing had taken place before April 27, 2001,

16          we find:

17          ☐yes or

18          ☐no.

19

20   *On the affirmative defense of laches, we, the jury, find as follows:*

21   (m)    With respect to whether MGA (HK) and/or Isaac Larian have

22          established that Mattel delayed unreasonably in asserting its claim for

23          conversion against them, we find:

24          ☐yes or

25          ☐no.

26   (n)    With respect to whether MGA (HK) and/or Isaac Larian have

27          established that they were prejudiced by Mattel's delay because

28          evidence has been lost or witnesses memories have faded, we find:

30

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1          ☐yes or

2          ☐no.

3     (o)    With respect to whether MGA (HK) and/or Isaac Larian have

4            established that they were prejudiced by Mattel's delay because the

5            MGA Parties have expended time, resources, or money in reliance on

6            Mattel's failure to file suit, we find:

7            ☐yes or

8            ☐no.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Proposed Form of Verdict No. 14 (Statutory Unfair Competition)**

*-NO LONGER APPLICABLE AND WITHDRAWN-*

## PHASE 1-B VERDICT FORMS

## Proposed Form of Verdict No. 1 (Copyright Ownership)

*Do you find that Mattel has established by a fair preponderance of the credible evidence that it is the owner of any of the following works?*

    (a)    With respect to Mattel's claim that it owns Carter Bryant's drawing referred to as "drawing of Doll No. 1", contained in Mattel Registration VA 1-387-648, we find:

☐ yes or

☐ no.

    (b)    With respect to Mattel's claim that it owns Carter Bryant's drawing referred to as "drawing of Doll No. 2", contained in Mattel Registration VA 1-387-649, we find:

☐ yes or

☐ no.

    (c)    With respect to Mattel's claim that it owns Carter Bryant's drawing referred to as "group drawing of Dolls", contained in Mattel Registration VA 1-387-650, we find:

☐ yes or

☐ no.

    (d)    With respect to Mattel's claim that it owns Carter Bryant's drawing referred to as "drawing of Doll No. 3", contained in Mattel Registration VA 1-387-651, we find:

☐ yes or

☐ no.

33

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1    (e)    With respect to Mattel's claim that it owns Carter Bryant's drawing

2    referred to as "drawing of Doll No. 4", contained in Mattel Registration

3    VA 1-387-652, we find:

4    ☐yes or

5    ☐no.

6    (f)    With respect to Mattel's claim that it owns Carter Bryant's drawing

7    referred to as "drawing of Doll No. 5", contained in Mattel Registration

8    VA 1-387-653, we find:

9    ☐yes or

10    ☐no.

11    (g)    With respect to Mattel's claim that it owns Carter Bryant's drawing

12    referred to as "drawing of Doll No. 6", contained in Mattel Registration

13    VA 1-387-654, we find:

14    ☐yes or

15    ☐no.

16    (h)    With respect to Mattel's claim that it owns Carter Bryant's drawing

17    referred to as "drawing of Doll No. 7", contained in Mattel Registration

18    VA 1-387-655, we find:

19    ☐yes or

20    ☐no.

21    (i)    With respect to Mattel's claim that it owns Carter Bryant's drawing

22    referred to as "drawing of Doll No. 8", contained in Mattel Registration

23    VA 1-387-656, we find:

24    ☐yes or

25    ☐no.

26    (j)    With respect to Mattel's claim that it owns Carter Bryant's drawing

27    referred to as "drawing of Doll No. 9", contained in Mattel Registration

28    VA 1-387-657, we find:

34

1    ☐yes or

2    ☐no.

3    (k)    With respect to Mattel's claim that it owns Carter Bryant's drawing

4    referred to as "drawing of Doll No. 10", contained in Mattel

5    Registration VA 1-387-658, we find:

6    ☐yes or

7    ☐no.

8    (l)    With respect to Mattel's claim that it owns Carter Bryant's drawing

9    referred to as "drawing of Doll No. 11", contained in Mattel

10    Registration VA 1-387-659, we find:

11    ☐yes or

12    ☐no.

13    (m)    With respect to Mattel's claim that it owns Carter Bryant's drawing

14    referred to as "drawing of Doll No. 12", contained in Mattel

15    Registration VA 1-387-660, we find:

16    ☐yes or

17    ☐no.

18    (n)    With respect to Mattel's claim that it owns Carter Bryant's drawing

19    referred to as "body drawing", contained in Registration Mattel VAu

20    715-270, we find:

21    ☐yes or

22    ☐no.

23    (o)    With respect to Mattel's claim that it owns Carter Bryant's drawing

24    referred to as "drawing of two dolls", contained in Mattel Registration

25    VAu 715-271, we find:

26    ☐yes or

27    ☐no.

28

1        (p)    With respect to Mattel's claim that it owns Carter Bryant's drawing

2                referred to as "drawing of heads", contained in Mattel Registration VAu

3                715-273 , we find:

4                ☐ yes or

5                ☐ no.

## -REVISED-

## Proposed Form of Verdict No. 2 (Copyright Infringement)

*Do you find, after considering each essential element of copyright infringement, including the filtration required for the extrinsic and intrinsic tests, that Mattel has established by a fair preponderance of the credible evidence that MGA, MGA (HK), or Isaac Larian infringed Mattel's copyrights with respect to the following works, each considered separately?*

(a)     With respect to Mattel's claim that MGA, MGA (HK), and/or Isaac Larian infringed Carter Bryant's drawing referred to as "drawing of Doll No. 1", contained in Registration VA 1-387-648, we find:

YES _____     NO _____

If YES:

(i)     As to BRATZ dolls

☐yes or  (If yes, as to which defendant(s) _____)
☐no.

(ii)     As to character art

☐yes or  (If yes, as to which defendant(s) _____)
☐no.

(b)     With respect to Mattel's claim that MGA, MGA (HK), and/or Isaac Larian infringed Carter Bryant's drawing referred to as "drawing of Doll No. 2", contained in Registration VA 1-387-649, we find:

YES _____     NO _____

If YES:

(i)     As to BRATZ dolls

☐yes or  (If yes, as to which defendant(s) _____)

37

1           ☐ no.

2
3       **(ii)**     As to character art

4           ☐ yes or (If yes, as to which defendant(s) _____)

5           ☐ no.

6    (c)     With respect to Mattel's claim that MGA, MGA (HK), and/or Isaac

7           Larian infringed Carter Bryant's drawing referred to as "group drawing

8           of Dolls", contained in Registration VA 1-387-650, we find:

9           **YES** ____    **NO** ____

10           If YES:

11
12       **(i)**     As to BRATZ dolls

13           ☐ yes or  (If yes, as to which defendant(s) _____)

14           ☐ no.

15
16       **(ii)**     As to character art

17           ☐ yes or (If yes, as to which defendant(s) _____)

18           ☐ no.

19    (d)     With respect to Mattel's claim that MGA, MGA (HK), and/or Isaac

20           Larian infringed Carter Bryant's drawing referred to as "drawing of

21           Doll No. 3", contained in Registration VA 1-387-651, we find:

22           **YES** ____    **NO** ____

23           If YES:

24
25       **(i)**     As to BRATZ dolls

26           ☐ yes or (If yes, as to which defendant(s) _____)

27           ☐ no.

28       **(ii)**     As to character art

38

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1  □yes or  (If yes, as to which defendant(s) _____)

2  □no.

3  (e)  With respect to Mattel's claim that MGA, MGA (HK), and/or Isaac

4  Larian infringed Carter Bryant's drawing referred to as "drawing of

5  Doll No. 4", contained in Registration VA 1-387-652, we find:

6  **YES ____   NO ____**

7  If YES:

8
9  **(i)**  As to BRATZ dolls

10  □yes or (If yes, as to which defendant(s) _____)

11  □no.

12
13  **(ii)**  As to character art

14  □yes or  (If yes, as to which defendant(s) _____)

15  □no.

16

17  (f)  With respect to Mattel's claim that MGA, MGA (HK), and/or Isaac

18  Larian infringed Carter Bryant's drawing referred to as "drawing of

19  Doll No. 5", contained in Registration VA 1-387-653, we find:

20  **YES ____   NO ____**

21  If YES:

22
23  **(i)**  As to BRATZ dolls

24  □yes or  (If yes, as to which defendant(s) _____)

25  □no.

26
27  **(ii)**  As to character art

28  □yes or (If yes, as to which defendant(s) _____)

39

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1                   ☐no.

2     (g)    With respect to Mattel's claim that MGA, MGA (HK), and/or Isaac

3            Larian infringed Carter Bryant's drawing referred to as "drawing of

4            Doll No. 6", contained in Registration VA 1-387-654, we find:

5            **YES** \_\_\_\_   **NO** \_\_\_\_

6                 If YES:

7

8               **(i)**    As to BRATZ dolls

9                 ☐yes or  (If yes, as to which defendant(s) _____)

10                 ☐no.

11

12               **(ii)**    As to character art

13                 ☐yes or  (If yes, as to which defendant(s) _____)

14                 ☐no.

15     (h)    With respect to Mattel's claim that MGA, MGA (HK), and/or Isaac

16            Larian infringed Carter Bryant's drawing referred to as "drawing of

17            Doll No. 7", contained in Registration VA 1-387-655**,** we find:

18            **YES** \_\_\_\_   **NO** \_\_\_\_

19                 If YES:

20

21               **(i)**    As to BRATZ dolls

22                  ☐yes or  (If yes, as to which defendant(s) _____)

23                 ☐no.

24

25               **(ii)**    As to character art

26                 ☐yes or  (If yes, as to which defendant(s) _____)

27                 ☐no.

28

40

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1    (i)    With respect to Mattel's claim that MGA, MGA (HK), and/or Isaac

2            Larian infringed Carter Bryant's drawing referred to as "drawing of

3            Doll No. 8", contained in Registration VA 1-387-656, we find:

4            **YES ____    NO ____**

5                 If YES:

6

7            **(i)**    As to BRATZ dolls

8                 ☐yes or  (If yes, as to which defendant(s) _____)

9                 ☐no.

10

11           **(ii)**    As to character art

12                 ☐yes or  (If yes, as to which defendant(s) _____)

13                 ☐no.

14   (j)    With respect to Mattel's claim that MGA, MGA (HK), and/or Isaac

15           Larian infringed Carter Bryant's drawing referred to as "drawing of

16           Doll No. 9", contained in Registration VA 1-387-657, we find:

17           **YES ____    NO ____**

18                 If YES:

19

20           **(i)**    As to BRATZ dolls

21                 ☐yes or  (If yes, as to which defendant(s) _____)

22                 ☐no.

23

24           **(ii)**    As to character art

25                 ☐yes or (If yes, as to which defendant(s) _____)

26                 ☐no.

27

28

41

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1      (k)     With respect to Mattel's claim that MGA, MGA (HK), and/or Isaac

2             Larian infringed Carter Bryant's drawing referred to as "drawing of

3             Doll No. 10", contained in Registration VA 1-387-658, we find:

4             **YES** \_\_\_\_   **NO** \_\_\_\_

5                If YES:

6

7             **(i)**     As to BRATZ dolls

8                 ☐yes or  (If yes, as to which defendant(s) _____)

9                 ☐no.

10

11           **(ii)**    As to character art

12              ☐yes or  (If yes, as to which defendant(s) _____)

13              ☐no.

14      (l)     With respect to Mattel's claim that MGA, MGA (HK), and/or Isaac

15             Larian infringed Carter Bryant's drawing referred to as "drawing of

16             Doll No. 11", contained in Registration VA 1-387-659, we find:

17             **YES** \_\_\_\_   **NO** \_\_\_\_

18                If YES:

19

20           **(i)**     As to BRATZ dolls

21               ☐yes or  (If yes, as to which defendant(s) _____)

22              ☐no.

23

24           **(ii)**    As to character art

25              ☐yes or  (If yes, as to which defendant(s) _____)

26              ☐no.

27

28

(m)   With respect to Mattel's claim that MGA, MGA (HK), and/or Isaac Larian infringed Carter Bryant's drawing referred to as "drawing of Doll No. 12", contained in Registration VA 1-387-660, we find:

**YES ____   NO ____**

If YES:

**(i)**   As to BRATZ dolls

☐yes or  (If yes, as to which defendant(s) _____)
☐no.

**(ii)**   As to character art

☐yes or  (If yes, as to which defendant(s) _____)
☐no.

(n)   With respect to Mattel's claim that MGA, MGA (HK), and/or Isaac Larian infringed Carter Bryant's drawing referred to as "body drawing", contained in Registration VAu 715-270, we find:

**YES ____   NO ____**

If YES:

**(i)**   As to BRATZ dolls

☐yes or  (If yes, as to which defendant(s) _____)
☐no.

**(ii)**   As to character art

☐yes or  (If yes, as to which defendant(s) _____)
☐no.

(o)  With respect to Mattel's claim that MGA, MGA (HK), and/or Isaac Larian infringed Carter Bryant's drawing referred to as "drawing of two dolls", contained in Registration VAu 715-271, we find:

**YES** ____   **NO** ____

   If YES:

   **(i)**   As to BRATZ dolls

   ☐yes or  (If yes, as to which defendant(s) _____)
   ☐no.

   **(ii)**   As to character art

   ☐yes or  (If yes, as to which defendant(s) _____)
   ☐no.

(p)  With respect to Mattel's claim that MGA, MGA (HK), and/or Isaac Larian infringed Carter Bryant's drawing referred to as "drawing of heads", contained in Registration VAu 715-273, we find:

**YES** ____   **NO** ____

   If YES:

   **(i)**   As to BRATZ dolls

   ☐yes or  (If yes, as to which defendant(s) _____)
   ☐no.

   **(ii)**   As to character art

   ☐yes or (If yes, as to which defendant(s) _____)
   ☐no.

44

1    *If you have found that MGA, MGA (HK), or Larian are liable for copyright*

2  *infringement, next consider whether Mattel should be barred from recovery on any*

3  *of the following grounds:*

4

5    *On the claim of MGA , MGA (HK), and Isaac Larian that Mattel is estopped*

6  *from asserting claims for copyright infringement, we, the jury, find as follows:*

7        (q)    With respect to whether Mattel made a representation of fact, at any

8               relevant time, by its actions, silence or omission, we find:

9               ☐ yes or

10              ☐ no.  (If no, please proceed to 2(u))

11       (r)    With respect to whether Mattel had knowledge that BRATZ potentially

12              infringed on its intellectual property, we find:

13              ☐ yes or

14              ☐ no. (If no, please proceed to 2(u))

15       (s)    With respect to whether MGA, MGA (HK), and/or Isaac Larian were

16              ignorant of Mattel's claims of ownership of Bryant's BRATZ sketches,

17              we find:

18              ☐ yes or

19              ☐ no. (If no, please proceed to 2(u))

20       (t)    With respect to whether MGA, MGA (HK), and/or Isaac Larian

21              reasonably relied on Mattel's silence to their detriment, we find:

22              ☐ yes or

23              ☐ no. (If no, please proceed to 2(u))

24

25    *On the claim of MGA, MGA (HK), and Isaac Larian that Mattel has*

26  *acquiesced, at any relevant time, to the infringement of its alleged copyrights, we,*

27  *the jury, find as follows:*

28

45

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

(u)   With respect to whether Mattel's acts or words, silence or inaction, would be understood by a reasonable person as intended to indicate that the conduct is allowed, we find:

☐ yes or

☐ no. (If no, please proceed to 2(w))

(v)   With respect to whether MGA, MGA (HK), and/or Isaac Larian understood Mattel's acts or words, silence or inaction to indicate that it had no objection to the development and marketing of the BRATZ, we find:

☐ yes or

☐ no. (If no, please proceed to 2(w))

*On the claim of MGA, MGA (HK), and Isaac Larian that Mattel has abandoned its claims for copyright infringement, we, the jury, find as follows:*

(w)   With respect to whether Mattel intended to surrender ownership rights in the work, we find:

☐ yes or

☐ no. (If no, please proceed to 2(y))

(x)   With respect to whether Mattel's conduct was consistent with an intent to abandon or implied an abandonment, we find:

☐ yes or

☐ no. (If no, please proceed to 2(y))

*On the claim of MGA, MGA (HK), and Isaac Larian that Mattel cannot recover on an action for copyright infringement as the similarities between the protectable elements of the BRATZ drawings and the BRATZ dolls are de minimis, we, the jury, find as follows:*

(y)   With respect to whether the similarities between the drawings and the dolls consist primarily of unprotectable elements:

☐ yes or

☐ no. (If no, please proceed to 2(aa))

(z)   With respect to whether the drawings and the dolls are virtually identical:

☐ yes or

☐ no. (If no, please proceed to 2(aa))

*On the affirmative defense of laches, we, the jury, find as follows:*

(aa)   With respect to whether MGA, MGA (HK), and/or Isaac Larian have established that Mattel delayed unreasonably in asserting its claim against them for copyright infringement, we find:

☐ yes or

☐ no.

(bb)   With respect to whether MGA, MGA (HK), and/or Isaac Larian have established that they were prejudiced by Mattel's delay because evidence has been lost or witnesses memories have faded, we find:

☐ yes or

☐ no.

(cc)   With respect to whether MGA, MGA (HK), and/or Isaac Larian have established that they were prejudiced by Mattel's delay because they have expended time, resources, or money in reliance on Mattel's failure to file suit, we find:

☐ yes or

☐ no.

1   *If you have found that MGA, MGA (HK), or Isaac Larian are liable for*
2   *copyright infringement, that none of their affirmative defenses apply, and that*
3   *Mattel's recovery is not barred by the statute of limitations, next consider whether*
4   *Mattel is entitled to damages resulting from MGA, MGA (HK), or Isaac Larian's*
5   *infringement.*

6   (dd)   **For each drawing you found to be infringed,** do you find that Mattel
7          has established by a fair preponderance of the evidence that it is entitled
8          to recover more than nominal damages from MGA and MGA (HK) as a
9          consequence of a finding or findings of copyright infringement?
10         ☐yes or
11         ☐no.

12  (ee)   If your answer is YES, state the amount of gross revenues that Mattel
13         has proven are attributable to the protectable portion of the copyrighted
14         work:
15         $_____

16  (ff)   Next, state the deductible expenses associated with the infringing
17         products:
18         $_____

19  (gg)   Finally, what are the profits attributable to the protectable portion of the
20         infringing product that Mattel has established will fairly and reasonably
21         compensate it for the losses that it has incurred as a consequence of
22         MGA and MGA (HK)'s copyright infringement.
23         $_____

24  (hh)   **For each drawing you found to be infringed,** do you find that Mattel
25         has established by a fair preponderance of the evidence that it is entitled
26         to recover more than nominal damages from Isaac Larian as a
27         consequence of a finding or findings of copyright infringement?
28         ☐yes or

48

1          ☐no.

2     (ii)    If your answer is YES, state the amount of gross revenues that Mattel

3             has proven are attributable to the protectable portion of the copyrighted

4             work

5             $_____

6     (jj)    Next, state the deductible expenses associated with the infringing

7             products:

8             $_____

9     (kk)    Finally, what are the profits attributable to the protectable portion of the

10            infringing product that Mattel has established will fairly and reasonably

11            compensate it for the losses that it has incurred as a consequence of

12            Isaac Larian's copyright infringement.

13            $_____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                     **-REVISED-**

2 **Proposed Form of Verdict No. 3 (Copyright Infringement – Vicarious and**

3 **Contributory Infringement)**

4      (a)    Do you find by a fair preponderance of the evidence that Mattel has

5                established that Isaac Larian is liable for copyright infringement as a

6                consequence of:

7             (i)    vicarious infringement?

8                    ☐yes or

9                    ☐no.

10            (ii)   contributory infringement?

11                    ☐yes or

12                    ☐no.

13

14      *If you have found that Isaac Larian is liable for vicarious or contributory*

15 *copyright infringement, that none of his affirmative defenses apply, and that*

16 *Mattel's recovery is not barred by the statute of limitations, next consider whether*

17 *Mattel is entitled to damages resulting from Isaac Larian's vicarious or*

18 *contributory infringement.*

19      (b)   *For each drawing you found to be infringed,* do you find that Mattel

20                has established by a fair preponderance of the evidence that it is entitled

21                to recover more than nominal damages from Isaac Larian as a

22                consequence of a finding or findings of copyright infringement?

23                ☐yes or

24                ☐no.

25      (c)    If your answer is YES, state the amount of gross revenues that Mattel

26                has proven are attributable to the copyrighted work

27                $_____

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(d)     Next, state the deductible expenses associated with the infringing products:

$\underline{\hspace{4cm}}$

(e)     Finally, what are the profits attributable to the protectable portion of the infringing product that Mattel has established will fairly and reasonably compensate it for the losses that it has incurred as a consequence of Isaac Larian's copyright infringement.

$\underline{\hspace{4cm}}$

51

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1
2
**<u>Proposed Form of Verdict No.  (Inventions Agreement Damages)</u>**

3
*-NO LONGER APPLICABLE AND WITHDRAWN-*

4
5
**<u>Proposed Form of Verdict No.  (Questionnaire Damages)</u>**

6
*-NO LONGER APPLICABLE AND WITHDRAWN-*

7
8
**<u>Proposed Form of Verdict No.  (Fiduciary Duty Damages)</u>**

9
*-NO LONGER APPLICABLE AND WITHDRAWN-*

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Proposed Form of Verdict No. 4 (Aiding and Abetting Breach of Fiduciary Duty Damages)**

*If you have found that MGA or Isaac Larian are liable for aiding and abetting a breach of fiduciary duty by Carter Bryant, that none of their affirmative defenses apply, next consider whether Mattel is entitled to damages resulting from MGA or Isaac Larian's aiding and abetting of Carter Bryant's breach of fiduciary duty.*

(a) Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence of MGA's aiding and abetting of Carter Bryant's breach of fiduciary duty?

☐ yes or

☐ no.

(b) If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

$_____

(c) Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence of Isaac Larian's aiding and abetting of Carter Bryant's breach of fiduciary duty?

☐ yes or

☐ no.

(d) If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

$_____

**<u>Proposed Form of Verdict No.  (Breach of Duty of Loyalty Damages)</u>**

*-NO LONGER APPLICABLE AND WITHDRAWN-*

54

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

**Proposed Form of Verdict No. 5 (Aiding and Abetting Breach of Duty of Loyalty Damages)**

*If you have found that MGA or Isaac Larian are liable for aiding and abetting a breach of the duty of loyalty, that none of their affirmative defenses apply, next consider whether Mattel is entitled to damages resulting from MGA or Isaac Larian's aiding and abetting of Carter Bryant's duty of loyalty.*

    (a)    Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence of MGA and MGA (HK)'s aiding and abetting of Carter Bryant's breach of his duty of loyalty?

                ☐yes or

                ☐no.

    (b)    If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

                $_____

    (c)    Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence of Larian's aiding and abetting of Carter Bryant's breach of his duty of loyalty?

                ☐yes or

                ☐no.

    (d)    If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

                $_____

**Proposed Form of Verdict No. 6 (Intentional Interference Damages)**

*If you have found that MGA or Larian are liable for intentional interference of contract, that none of their affirmative defenses apply, and that Mattel's recovery is not barred by the statute of limitations, next consider whether Mattel is entitled to damages resulting from MGA and/or Isaac Larian's intentional interference with contract.*

    (a)    Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence of MGA's intentional interference with Bryant's agreement?

        ☐ yes or

        ☐ no.

    (b)    If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

        $_____

    (c)    Do you find by a fair preponderance of the credible evidence that Mattel has established that it is entitled to more than nominal damages as a consequence of Isaac Larian's intentional interference with Bryant's agreement?

        ☐ yes or

        ☐ no.

    (d)    If your answer is YES, state the amount of damages to which Mattel is entitled based on the jury instructions given with respect to this claim:

        $_____

56

MGA Parties' Revised [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1

**-REVISED-**

2 **Proposed Form of Verdict No. 7 (Conversion Damages)**

3

4 ***If you have found that MGA, MGA (HK), or Larian are liable for***

5 ***conversion, that none of their affirmative defenses apply, and that Mattel's***

6 ***recovery is not barred by the statute of limitations, next consider whether Mattel is***

7 ***entitled to damages resulting from MGA, MGA (HK), or Larian's conversion of***

8 ***certain tangible materials***

9     (a)    Do you find by a fair preponderance of the credible evidence that Mattel

10           has established that it is entitled to more than nominal damages as a

11           consequence of MGA or MGA (HK)'s conversion of certain tangible

12           materials?

13           ☐yes or

14           ☐no.

15     (b)    If your answer is YES, state the amount of damages to which Mattel is

16           entitled based on the jury instructions given with respect to this claim:

17           $_____

18     (c)    Do you find by a fair preponderance of the credible evidence that Mattel

19           has established that it is entitled to more than nominal damages as a

20           consequence of Larian's conversion of certain tangible materials?

21           ☐yes or

22           ☐no.

23     (d)    If your answer is YES, state the amount of damages to which Mattel is

24           entitled based on the jury instructions given with respect to this claim:

25           $_____

26 DATED:  June 6, 2008        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

27

28           By:  _____/s/ Jason D. Russell_____
                       Jason D. Russell
                 Attorneys for the MGA Parties

57