UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                                   Date: June 6, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.

Consolidated With Related Actions:
CASE NO. CV 04-09059 SGL(RNBx): MATTEL, INC. v. CARTER BRYANT
CASE NO. CV 05-02727 SGL (RNBx): MGA ENTERTAINMENT, INC. v. MATTEL, INC.
================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

    Jim Holmes
    Courtroom Deputy Clerk

ATTORNEYS PRESENT FOR CARTER BRYANT:        ATTORNEYS PRESENT FOR MATTEL:

Christa M. Anderson                          Michael T. Zeller
                                             Jon D. Corey

ATTORNEYS PRESENT FOR MGA AND
ISAAC LARIAN:

None Present                                 **REDACTED BY COURT**


PROCEEDINGS:   (IN CHAMBERS)

**ORDER OVERRULING BRYANT'S PRELIMINARY OBJECTIONS TO THE COURT'S ABILITY TO ENTERTAIN MATTEL'S JANUARY 29, 2008, MOTION TO ENFORCE THE COURT'S JANUARY 25, 2007, ORDER COMPELLING THE PRODUCTION OF CERTAIN COMPUTER HARD DRIVES**

**ORDER SETTING MATTEL'S JANUARY 29, 2008, MOTION TO ENFORCE FOR HEARING ON JUNE 10, 2008**

**IMPORTANT NOTE TO DOCKET CLERK: THIS ORDER TO BE FILED UNDER SEAL AND SHALL BE SERVED <u>ONLY</u> ON COUNSEL FOR MATTEL AND COUNSEL FOR CARTER BRYANT; A REDACTED VERSION OF THIS ORDER PROVIDED BY THE COURT SHALL BE PLACED IN THE PUBLIC FILE**

On January 25, 2007, the Discovery Master ordered Bryant to "produce the hard drives of his computers for forensic imaging" by no later than February 23, 2007. Mattel and Bryant thereafter disagreed regarding the meaning and scope of the Discovery Master's order and whether Bryant had complied with that order.

On January 29, 2008, Mattel filed a motion to enforce the Discovery Master's order.[1] Bryant filed a substantive opposition to the motion on February 7, 2008, Mattel filed a reply thereto on February 15, 2008, and Bryant thereafter filed a surreply on March 20, 2008.

On May 18, 2008, before the Discovery Master had resolved the motion, Mattel and Bryant entered into a settlement agreement resulting in Mattel dismissing with prejudice its claims against Bryant. Remaining was Mattel's suit against co-defendant MGA (and its CEO and corporate affiliates). Although the motion was initially assigned to the Discovery Master to resolve, this Court subsequently withdrew reference of the matter after the trial between Mattel and MGA began in late May, 2008.

Bryant has since filed a letter brief arguing that, for reasons articulated below, his settlement agreement with Mattel strips the Court of its ability to entertain Mattel's motion. It is those preliminary objections – and only those – that the Court resolves by way of this Order.

Bryant's first objection is that the motion is no longer valid as the underlying discovery request which precipitated the January 25, 2007, Order was brought pursuant to Federal Rule of Civil Procedure 34. Bryant observes that Rule 34 demands are only enforceable against parties, and since he is no longer a party the discovery request is no longer applicable to him. That may be true, but the point is irrelevant as the present motion does not concern an effort to compel production from an outstanding yet unresolved discovery request, but one to enforce a previously entered <u>court</u> order to produce certain tangible items and the information contained thereon. Rule 34's proscriptions concerning <u>discovery requests</u> has no bearing on the enforceability of a pre-existing court order, especially one issued when the individual in question was a party to the suit at the time and who in fact contested the motion giving rise to the court order. Counsel for Carter Bryant appeared to have recognized as much during oral argument on this point.

This leads to Bryant's next point: That the terms of the parties' settlement agreement ████████████████████████████. In essence, Bryant argues that, under the terms of the settlement agreement, ████████████████████████████

The purpose of settlement is to bring the parties peace from the burden of further litigation, a peace purchased at some price or under certain conditions by both settling parties. The question before the Court is whether, in settling its case against Bryant, Mattel afforded him peace ███

---

[1] Mattel also sought for the Court to impose sanctions on Bryant under Federal Rule of Civil Procedure 37 for failing to comply with the Discovery Master's order, but has subsequently withdrawn that request.

███ As best the Court can discern, Mattel is seeking to require Bryant to comply with what it understand to be Bryant's pre-existing discovery obligations under orders issued prior to his settling with them – ███

███ Mattel seeks only to compel compliance with an existing Court order.

In addressing this question, the terms contained in the settlement agreement assume paramount importance. The settlement agreement between Bryant and Mattel contains the following ███



(emphasis added).

███ Counsel for Carter Bryant submitted to the Court the case of Dart Indus. Co., Inc. v. Westwood Chemical Co., Inc., 649 F.2d 646 (9th Cir. 1980). In that case the Ninth Circuit, in an opinion by District Judge Edmund Palmieri (sitting by designation), was confronted with a situation where the settling plaintiff sought to gain further discovery from settling defendant, who was by then a non-party to a suit. The relevant language from the parties' settlement agreement was that the settling plaintiff agreed to "release[] and discharge[] [the now non-party] . . . of any rights it has or may hereafter have by reason" of the settling plaintiffs remaining suit against the non-settling defendant. Id. at 648 (emphasis added).

The Ninth Circuit, pointing to the language "any rights," held that the agreement was far broader than simply a covenant not to sue. "[The settling plaintiff] gave up far more than its right of discovery against Dart. It gave up everything. It released [the settling defendant] from 'any rights [the settling plaintiff] has or may hereafter have by reason of [the remainder of the claims asserted in the suit brought against the non-settling co-defendants].'" Id. at 648.

Here, the language of the settlement agreement between Mattel and Carter Bryant ~~[redacted]~~

Counsel for Carter Bryant insists that the Ninth Circuit's decision in <u>Dart</u> is both the beginning and the end of the analysis: Both the instant case and <u>Dart</u> contained releases, and this Court, like the Ninth Circuit in <u>Dart</u>, must find that, through the release, the settling party is precluded from its right to discovery. Not even the author of the Ninth Circuit's opinion in <u>Dart</u> found the Ninth Circuit's decision to be so encompassing.

Six years after <u>Dart</u>, Judge Palmieri, sitting in the Southern District of New York, was confronted with the question over the scope of a settlement release in connection with a subpoena request issued to the settling now-non-party defendant. <u>See</u> <u>TAG Group v. Haas & Haynie Corp.</u>, 637 F.Supp. 121 (S.D.N.Y. 1986). As Judge Palmieri observed, the Ninth Circuit's decision in <u>Dart</u> was the "only decision arising out of comparable circumstances" and served as the focus for his analysis and ultimate conclusion in <u>TAG Group</u>.

The settlement release at issue in <u>TAG Group</u> was the following: The settling plaintiff released the settling defendant "from any and all claims (including, without limitation, claims for contribution or indemnification), suits, damages, debts, loans, dues, accounts, bonds, guarantees, covenants, contracts, agreements, promises, judgments, demands, actions or manner of actions . . . [which the settling plaintiff] ever had, now has or hereafter may have against [the settling defendant] . . . ." The settling defendant, citing the Ninth Circuit decision in <u>Dart</u>, argued to Judge Palmieri that such a release similarly precluded the settling plaintiff's later attempt to gain discovery from it in the action that remained. Judge Palmieri found his opinion in <u>Dart</u> "distinguishable" owing in large measure to the differences between the terms of the release in <u>Dart</u> and those at issue in <u>TAG Group</u>. As Judge Palmieri observed, the settling defendant in his case sought "to equate the terms 'claim' and 'right' with each other in an attempt to extend <u>Dart</u> to this case." <u>Id</u>. at 124.



Judge Palmieri observed that the relinquishment of a party's claim against another "does not provide for so comprehensive an effect" as that of relinquishing all of one's rights, but only "relinquishes limited rights"; he then identified those rights that were relinquished based on the particular words used in the release. In the end, Judge Palmieri held that the settling defendant was released from amounts owing to the other side, was released from having to defend against actions in which it may be found liable, and was released from its contractual obligations. <u>Id</u>. at 125. It was the precise language used

that determines the scope of any release contained in a settlement agreement.  In sum, language matters.



The Court is persuaded by Judge Palmieri's subsequent exposition and distinguishing of the earlier decision he wrote in Dart.

Furthermore, as Judge Palmieri noted in TAG Group, it cannot be overlooked that the decision in Dart was also driven in some measure by the standard of review under which the Ninth Circuit was judging the validity of the district court's decision denying the settling plaintiff to conduct discovery from the settling defendant.  District courts are given a large measure of discretion in ruling on such matters, and those decisions will only be disturbed for "unusual and exceptional" reasons.  649 F.2d at 648.

Bryant bought himself peace from further suit, he did not procure repose from meeting his existing obligations from prior discovery orders entered in this case, including that found in the January 27, 2007, order.  Accordingly, the Court overrules Bryant's objection to having to fulfill his court imposed obligations to produce "the hard drives of his computers for forensic imaging" either because of his current non-party status or the release contained the parties' settlement agreement.[2]  Counsel for Bryant is therefore ORDERED to appear before this Court on Tuesday,

---

[2]  Bryant's argument, citing Federal Rule of Civil Procedure 37(a)(1), that this Court lacks jurisdiction to hear this matter as he is now a non-party residing out-of-district (namely, Missouri) is equally mistaken.  The matter is presently before the Court not on a motion to compel discovery, as stated by Bryant, but on a motion to enforce this Court's own orders.  The Ninth Circuit has previously held that courts do have the jurisdiction (both subject matter and personal) to enforce their own orders, even against out-of-district non-parties, so long as the non-party in question has notice of that order.  See Reebok International v. McLaughlin, 49 F.3d 1387, 1390, 1391-92 (9th Cir. 1995) (finding the exercise of personal jurisdiction over the violators in such circumstances to "sound, even necessary" (citing Waffenschmidt v. MacKay, 763 F.2d 711, 714 (5th Cir. 1985) ("[n]onparties who reside outside the territorial jurisdiction of a district court may be subject to that court's jurisdiction if, with actual notice of the court's order, they actively aid and abet a party in violating that order"))).  Bryant had more than sufficient notice of the January 27, 2007, Order: Bryant was a party at the time of the Court's January 27, 2007, Order, and his counsel actively

June 10, 2008, at 8:00 a.m., to argue the merits of Mattel's January 29, 2008, Motion to Enforce. To that end, counsel for Carter Bryant shall be prepared to expressly represent to the Court whether, and to what extent, any information or data contained on Carter Bryant's October, 2000, desktop computer and Carter Bryant's late 2001 or early 2002 laptop computer was, at any time, stored or otherwise transferred to Carter Bryant's 2004 and 2007 computers, or any other computers over which he has had possession or control.

**IT IS SO ORDERED.**

---

contested the motion leading to the Order's issuance.