QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO SUBMIT EXPERT REPORTS OF 42 LLC REGARDING REVIEW OF RECENTLY PROVIDED ELECTRONIC MEDIA AND RECOVERY OF EVIDENCE DELETED FROM THAT MEDIA; AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:  August 18, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 1<br><br>**Phase 1:**<br>Pretrial Conference  May 19, 2008<br>Trial Date:  May 27, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 18, 2008, at 10 a.m., or as soon thereafter as this matter may be heard, in the Courtroom of the Honorable Stephen G. Larson, located at Courtroom 1 of the above-entitled Court, 3470 Twelfth Street, Riverside CA 92501, plaintiff and counterclaimant Mattel, Inc. ("Mattel") will, and hereby does, move the Court for relief from the Scheduling Order effective in this action and Federal Rule of Civil Procedure 26(a)(2)(C), to grant Mattel leave to file the June 9, 2008 expert reports of 42 LLC concerning forensic examination of certain electronic media of Elise Cloonan, Isaac Larian and Farhad Larian (the "42 LLC Reports"), and to grant Mattel leave to call Christopher Pavan of 42 LLC to testify about the forensic examination.

This Motion is made pursuant to the Court's decision to grant Mattel leave to file this motion, Federal Rules of Civil Procedure 16 and 26, Local Rule 16-14, and orders issued by this Court on February 27, 2008 and May 14, 2008, on the ground that there is good cause to modify the Scheduling Order and to grant Mattel leave to file the 42 LLC Reports and to call Mr. Pavan to testify. Mattel was not provided the electronic media to inspect until May 13, 2008 for Larian's hard drives and Farhad Larian's USB device, and May 15, 2008 for Ms. Cloonan's Zip disk and hard drive, after the deadline to file expert reports under the Scheduling Order. Mr. Pavan conducted the court-ordered analysis and prepared reports of his findings as promptly as possible.

1   This Motion is based on this Notice of Motion and Motion, the accompanying
2   Memorandum of Points and Authorities, the Declaration of Juan Pablo Albán filed
3   concurrently herewith, the records and files of this Court, and all other matters of
4   which the Court may take judicial notice, and such further argument and evidence
5   which may be presented at or before the hearing.

7   DATED: June 9, 2008       QUINN EMANUEL URQUHART OLIVER &
                              HEDGES, LLP

            By /s/
               Jon D. Corey
               Attorneys for Mattel, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

For months, Isaac Larian and Elise Cloonan refused to allow Mattel to inspect certain hard drives belonging to Mr. Larian and a Zip drive and hard drive belonging to Ms. Cloonan labeled "Bratz." Mattel was finally able to inspect these items only in the past few weeks, and only after the Court ordered the inspections. By the time Mattel got access to the drives, the time to exchange expert reports had passed.

Mattel's consultant recovered deleted documents from the Cloonan Zip disk showing work on Bratz in August 1999 that Cloonan's counsel had failed to produce. Even more troubling, the inspection revealed that the integrity of the Zip disk was compromised in November 2007, and it appears that other, now unrecoverable files, were deleted. This is significant because Ms. Cloonan had provided the drive to her counsel, Larry McFarland, in 2005 after Mattel served a subpoena on her. Inspection of Larian's drives revealed the failure to preserve evidence on seven hard drives, including the intentional deletion after January 16, 2006 of many Bratz or Mattel-related files and the deletion of files, including e-mail archive files, after the Court ordered Larian to provide them to Mattel for inspection. Mattel respectfully requests that the Court grant Mattel leave to file the 42 LLC Reports and to call Christopher Pavan as an expert witness.

### Background

Under the Scheduling Order, the parties had to exchange initial expert reports on or before February 11, 2008.[1] Because of Ms. Cloonan's and Mr. Larian's delay in allowing a Mattel expert to inspect certain hard drives and a Zip drive at issue here, Mattel's expert did not have access to the drives until mid-May 2008.

<u>Elise Cloonan's Zip Drive and Hard Drive</u>. Elise Cloonan is a friend of Carter Bryant and his former roommate. Mattel learned at Ms. Cloonan's deposition on

---

[1] Docket No. 1104.

December 14, 2007, that a "Zip" disk in Ms. Cloonan's possession was labeled "Bratz."[2] Ms. Cloonan testified that she gave the disk to Mr. McFarland in 2005 in response to Mattel's subpoena.[3] On January 23, 2008, Mattel asked the Discovery Master to allow it to inspect Ms. Cloonan's hard drive and Zip drive. The Discovery Master ordered the inspection on April 11, 2008.[4] Ms. Cloonan appealed.[5] The Court affirmed the Order on or about May 14, 2008.[6] 42 LLC inspected forensic images of Ms. Cloonan's drives and provided a preliminary report to Mattel on June 2, 2008, which Mattel produced on the same day.[7] The Report shows that files were deleted from Ms. Cloonan's Zip drive on November 15, 2007 at 4:23 p.m.[8] 42 LLC recovered three deleted files that are page layouts for the four Bratz dolls created in August 1999 -- a time when Bryant was employed by Mattel.[9]

<u>Isaac Larian's Hard Drives</u>. On February 27, 2008, the Court ordered Mr. Larian to make available to Mattel "all hard drives ... that contain or previously contained any digital information referring or relating to Bratz, Angel, MGA or Bryant ...."[10] At the request MGA's counsel, the Court directed the parties to agree to a protocol for the inspection.[11] Though MGA represented that it would "move quickly" to agree to a protocol,[12] an agreement on the protocol was heavily negotiated and agreed to by MGA only on May 12, 2008.[13] The inspection started

---

[2] Tr. of Dec. 14, 2008 Depo. of E. Cloonan at pp. 246:24-247:6, attached as Exh. 1 to the Declaration of Juan Pablo Albán filed concurrently (Albán Dec.)
[3] Id. at 247:7-9.
[4] Docket No. 3111 at p. 2 (Apr 11, 2008 Order).
[5] Docket No. 3287.
[6] May 12, 2008 Hearing Tr. at p. 70:7-9.
[7] Albán Dec. ¶ 2, Exh. 1 (42 LLC Cloonan Report dated June 2, 2008).
[8] Id. at p. 2.
[9] Id. at p. 3, exhibits B-D attached thereto.
[10] Docket No. 2362 at p. 2:16-23 (Feb. 27, 2008 Order).
[11] Feb. 28, 2008 Hearing Tr. at pp. 8:18-13:7.
[12] Id. at 12:11.
[13] Albán Dec., Exh. 3(May 12, 2008 Ltr from Corey to Etcheverry).

on May 13, 2008 and continues to this day.[14]  Pursuant to this protocol, Larian's forensic consultants, Stroz Feidberg, observed all aspects of 42 LLC's inspection.

42 LLC produced a preliminary report of its findings on June 9, 2008, which Mattel produced on the same day.[15]  42 LLC's report concludes that 633 user-generated files were intentionally deleted from the drives after January 16, 2006.[16]  Of these, at least forty-two have "Bratz" or "Mattel" in the file name.[17]  Three e-mail archive files, possibly containing thousands of e-mails, were permanently removed from the operating system on February 11, 2008 in such a way as to prevent recovery.[18]  Fifteen other files permanently removed on February 11, 2008 are not identifiable.[19]  Three of the hard drives were accessed after the Court's February 27, 2008 Order.[20]

## Argument

A scheduling order may be modified where there is "good cause" for the change. Fed. R. Civ. P. 16(b)(4); Johnson v. Sacramento County, 2007 WL 127799 * 3 (E.D. Cal. 2007).  Good cause exists here to allow Mattel to submit the 42 LLC Reports.  The Court also has authority to alter the deadline to submit expert reports under Rule 26. Fed. R. Civ. P. 26(a)(2)(C).

---

[14] Given the amount of information that was deleted from these hard drives, it is taking a longer than expected amount of time to collect and process the deleted information and to determine whether it contains responsive documents. Mattel will continue that process until it is complete.
[15] Id. ¶ 4, Exh. 4 (42 LLC Larian Report dated June 6, 2008).
[16] Id. at p. 2.
[17] Id., exhibit B attached thereto (Rows 63, 64, 167, 168, 169, 219, 220, 221, 245, 303, 304, 347, 348, 387-404, 416, 457, 461-466, 471, 516 and 527).
[18] Id. at p. 5.
[19] Id. at p. 2.
[20] Id. at pp. 7, 9, 12. 42 LLC also inspected a USB device from which Farhad Larian admitted deleting Bratz-related files. It found that the device was damaged and any information therein was unreadable. Id. at p. 14.

## I. Ms. Cloonan's and Mr. Larian's Delay Tactics Should Not Prevent Mattel From Filing The 42 LLC Reports

It took two Orders and almost four months after Mattel learned of Ms. Cloonan's Zip disk for Ms. Cloonan to turn it over for inspection. By then, the time to serve expert reports had passed. Absent leave to file 42 LLC's Report, Cloonan's delay tactics will preclude Mattel from presenting 42 LLC's findings to the trier of fact, no matter how relevant the August 1999 Bratz files are or how flagrant the spoliation of the Zip disk may be.

The same is true of Mr. Larian's hard drives. It took months of motion practice to obtain the drives and, even after this Court ordered their production, it took Mr. Larian almost three months to agree to a protocol and allow the inspection. Despite the Court's warning to MGA that its primary concern was Mr. Larian's hard drives be preserved,[21] 42 LLC found that three of Mr. Larian's hard drives were accessed and evidently altered *after* the Court's order. The Report also reveals the intentional deletion after 2005 of at least forty-two Bratz and Mattel-related files (as identified by the file name). Mr. Larian's unreasonable delay should not prevent presentation of this evidence to the jury or hearing Mr. Pavan's expert testimony.

## II. The Court Has The Power To Allow Filing Of The Reports Because They Offer The Trier Of Fact Critical--And Until Now Missing--Information

The Court's Orders compelling the production of Larian's and Cloonan's drives for inspection should not stand alone. There would be no point to allowing Mattel to inspect the drives -- a process Mattel could not begin until late May 2008 -- without allowing Mattel leave to file the Reports explaining those inspections.

This alone empowers the Court to allow filing of the Reports and testimony from Pavan to explain them. It ensures fairness to the parties and accurate information to the trier of fact. See, e.g., Internet Specialties West, Inc. v. ISPWest,

---

[21] Feb. 28, 2008 Hearing Tr. at p. 10:4-7.

07209/2532847.3

-4-

Case No. CV 04-9049 SGL (RNBx)
MOTION FOR RELIEF FROM SCHEDULING ORDER

2006 WL 4568796, *4 (C.D. Cal. 2006) (denying motion in limine to preclude expert testimony as untimely where scheduling order on its face did not provide adequate opportunity to present expert's findings); Abraham v. Super Buy Tires Inc., 2007 WL 4644728, *1-2 (S.D. Cal. 2007) (denying motion to strike expert report as untimely where delay in discovery process caused late filing).

Mr. Larian's and Ms. Cloonan's delay is the only reason Mattel could not file the 42 LLC Reports when the Scheduling Order required. The MGA parties cannot now claim prejudice. They have had access to the Larian hard drives since the inception of this lawsuit. Their consultants have observed the entirety of 42 LLC's analysis. MGA is the obligor of Ms. Cloonans' legal fees, presumably has a joint defense agreement with her, and had Mr. McFarland (a long-time MGA lawyer) represent her. MGA has had access to her drives for years. Indeed, she admits that the Zip disk is not hers.[22]

The information in the 42 LLC Reports is also straight forward. The Cloonan Report consists of four pages and four exhibits. There is no ambiguity as to what 42 LLC inspected and what was found. The Larian Report is fourteen pages long. The exhibits are longer because of the larger number of deleted files, but the findings are equally unambiguous. A short deposition of 42 LLC would suffice for the MGA parties to assess the Reports.

DATED: June 9, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/
Jon Corey
Attorneys for Mattel, Inc.

---

[22] Albán Dec., Exh. 1 at pp. 248:18-23, 249:2-6.