JEFFREY W. KRAMER (SBN 071547)
ARVIN TSENG (SBN 245648)
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, California 90067-2367
Telephone:  (310) 553-4441
Facsimile:   (310) 201-4746
Email:        jwk@troygould.com

Attorneys for Third Party Witness
Littller Mendelson, P.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MATTEL, INC., <br><br> Plaintiff, <br><br> v. <br><br> MGA ENTERTAINMENT, INC. ET AL, <br><br> Defendants. <br><br> AND CONSOLIDATED ACTIONS | NO. ED CV 04-09049 <br> (Lead Low Number) <br><br> LITTLER MENDELSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON <br><br> Date:  June 10, 2008 <br> Time:  8:00 a.m. <br> Dept:  Hon. Stephen G. Larson |

TroyGould PC

Littler Mendelson's Memorandum of Points and Authorities
In Opposition To Mattel's Motion To Compel Deposition of Littler Mendelson

02680/0002 174686.2

were being stored in Littler's evidence locker, this would have no probative value in this case. No evidence has been lost on Littler's watch. On the question of Mattel's claim to the Bratz dolls, nothing else matters.

Similarly, regarding the provocatively named "Evidence Eliminator" software program, percipient witnesses Bryant and Richard Irmen have given deposition testimony and may be called to testify at trial. No one has ever suggested that Littler placed this software program on the computer or even knows anything about it. In a declaration accompanying this opposition, Littler states unequivocally that Littler did not install this computer program on either computer. (Wickham Decl, ¶ 3(g).)

Littler is mindful of the Court's tentative ruling to permit a limited deposition of Littler "regarding nonprivileged, percipient information concerning when it [Littler] obtained the hard drives in question; how they were preserved; when the desk top witnessing [was missing?], if at all; and any information concerning allegations of destruction of evidence." (Reporter's Trans. 7: 14-16; 8: 12-15.)[2] Mattel knows the answer to and can present evidence on the first question from other witnesses. (The answer is July 2004; the witnesses are Bryant and Bryant's niece, Brooke Gilbert.) The latter two questions are irrelevant because, thanks to Littler's computer imaging of the hard drives in July 2004, no evidence is missing.

Nevertheless, if the Court remains inclined toward its tentative ruling, the most appropriate and least intrusive method of obtaining this information from Littler would be a deposition on written questions, pursuant to Rule 31 of the Federal Rules of Civil Procedure, with the time periods shortened to accommodate the trial schedule. If the Court does require Littler to provide discovery, Littler requests that the discovery be narrowly circumscribed and scheduled so as to

---

[2] Reporter's Transcript of Proceedings, Monday, June 2, 2008.

2

**TroyGould PC**

Littler Mendelson's Memorandum of Points and Authorities
In Opposition To Mattel's Motion To Compel Deposition of Littler Mendelson

02680/0002 174686.2

1  reasonably accommodate the schedules of the Littler attorneys who must provide
2  the designated information.

## II.

## DISCUSSION

**A.   A Littler Deposition Can Provide No Probative Evidence**

In July 2004, several months after this action was filed, Littler employed a computer expert to create full forensic images of the hard drives of the two computer's in question: Bryant's HP Pavilion desktop computer, which Bryant acquired in October 2000; and Bryant's Compaq Presario laptop computer, which Bryant acquired in late 2001 or early 2002 to replace the desktop computer, which Bryant then gave to his niece, Brooke Gilbert. By creating these full forensic images of the hard drives, Littler preserved all of the evidence available from these computers. All of this evidence survives today and is in Mattel's possession.

As the Discovery Referee recognized, any additional information relating to these two computers is available from percipient witnesses. Specifically, these are Byrant himself, who purchased and used the computers; Mr. Irmen, who also used these computers; and Ms. Gilbert, who used and maintained possession of the desktop after receiving it from Bryant in late 2001 or early 2002. Information relating to the creation and maintenance of the full forensic images of the hard drives is available from Lee Curtis, the computer expert who made the images, and/or from First Advantage Corporation, the successor to CoreFacts LLC, which employed Mr. Curtis at the time he made the forensic images.

Mattel argues that Littler's deposition is necessary on "potential spoliation issues" (Mattel's Reply 1:18)[3], but Mattel's papers do not identify what evidence is missing, or even any facts to suggest any evidence is missing. Mattel's motion is the classic fishing expedition. As Mattel puts it, "the purpose of the discovery

---
[3] Reply of Mattell, Inc. In Support of Motion To Compel Deposition of Littler Mendelson, P.C. Pursuant To Subpoena 1: 18.

3

**TroyGould PC**

Littler Mendelson's Memorandum of Points and Authorities
In Opposition To Mattel's Motion To Compel Deposition of Littler Mendelson

02680/0002 174686.2

sought here . . . is itself to test the validity of those assertions [by Bryant that no spoliation has occurred] at a sworn deposition from those who have the facts, i.e. Bryant's prior counsel." (Id., 1: 12-15.) In other words, Mattel has no reason to believe that any spoliation has occurred, but wants to depose Bryant's prior counsel in the hope that they will impeach their former client. Yet the only justification that Mattell offers for such extraordinary discovery -- discovery that "demeans the profession" and normally "constitutes an abuse of the discovery process" (Shelton, supra) -- is "a *possibility* that spoliation has occurred." (Id., 1-11, emphasis in the original.)

As the Court recognized in its tentative ruling, any inquiry by Mattell into attorney-client privileged matters is impermissible. Any non-privileged information is available, by definition, from witnesses other than Littler.

Mattel claims that a deposition of Littler should be ordered because of "Littler's contradictory statements regarding the drives" (Id., 20-21) in various discovery battles over the years this case has been pending. Littler denies that it made any such contradictory statements (see Jacoby Decl., ¶¶ 3, 4 & 5), yet this entire argument is irrelevant because no evidence is missing. The July 2004 full forensic images of the two computers survive today unimpaired. How and where Littler kept these images, or the computers themselves, makes no difference to any of Mattel's claims in this case.

The Court's tentative ruling references "allegations of destruction of evidence" (Reporter's Trans. 8: 14-15), yet Littler is unaware of any such allegations and Mattel's moving papers are devoid of any facts that would indicate any evidence has been destroyed. Any accusation that Littler, as an officer of the court, played any role in the destruction of any evidence is a very grave accusation. If this is what Mattel contends, where is the evidence? Speculation is no substitute. Mattel's attack on former opposing counsel is as distasteful as it is

4

**TroyGould PC**

Littler Mendelson's Memorandum of Points and Authorities In Opposition To Mattel's Motion To Compel Deposition of Littler Mendelson

02680/0002 174686.2

unwarranted. The Court should not endorse this kind of unprincipled litigation tactic.

So far as Littler is aware, there is no evidence that anyone has destroyed any evidence in this case. There is certainly no evidence that Littler played a role in the destruction of any such evidence. As stated in the accompanying Wickham declaration, Littler did not have physical possession of the computers before the July 2004 full forensic computer images were made (Wickham Decl., ¶ 3(d)), and therefore could not have played any role in any alteration of the computer hard drives. Any alteration of the computer hard drives after July 2004 is irrelevant, given the existence of the July 2004 computer images. Littler also did not install "Evidence Eliminator" on either computer. (Wickham Decl., ¶ 3(g).) Before the Court orders Littler to testify regarding any alleged destruction of evidence, the Court should require an offer of proof from Mattel that would justify such an order.

**B.      Less Intrusive Alternatives To A Deposition Are Available**

If the Court remains of the view that Littler has evidence of relevance to the trial of this case, then a less intrusive alternative to an oral deposition is available. Indeed, given that the discovery Mattel seeks is a deposition of Littler pursuant to Rule 30(b)(6), where much of the information to be furnished may not be within the personal knowledge of the deponents and testimony may be based on information reasonably available to the organization, a deposition on written questions is especially appropriate.

Mattel should not be heard to insist on the need for an oral deposition. Just two months ago, Mattel prepared a declaration describing the information Mattel sought from Littler and, subject to certain modifications, was prepared to accept this declaration in lieu of an oral deposition. (See Wickham Decl., Exh. 4.)

A deposition on written questions would permit Littler to search for the specific information that Mattel seeks, would be less intrusive, and is a preferable

TroyGould PC
02680/0002 174686.2

Littler Mendelson's Memorandum of Points and Authorities
In Opposition To Mattel's Motion To Compel Deposition of Littler Mendelson

method of discovery given Littler's obligation to preserve confidential attorney-client communications, and its right to protect its own attorney work product. Littler would be willing to respond to written deposition questions on an expedited schedule, to accommodate the schedule of the ongoing trial.

**C.   Any Rule 30(b)(6) Deposition Should Be Narrowly Circumscribed**

For the reasons described above, Littler contends that an oral deposition of Littler is highly inappropriate and pointless, and that the less intrusive and more appropriate method of obtaining information from Littler would be a deposition on written questions. If the Court is inclined to order a Rule 30(b)(6) deposition, whether orally or on written questions, then the permitted subject matters of the deposition must be carefully and narrowly delineated to avoid discovery abuse.

The most inappropriate aspect of Mattel's motion is Mattel's desire to examine Littler regarding years of discovery communications between Littler and Mattel's counsel. As described in the accompanying Jacoby declaration, the fundamental "contradiction" Mattel asserts is no contradiction at all. (Jacoby Decl., ¶ 3.) To understand this requires context, including the changing scope of the case in its various permutations over its four-year history and the particular issues concerning which the communications arose. Rehashing discovery disputes from years ago cannot produce anything useful for the trial of this case. This is particularly true given the fact that the July 2004 full forensic computer images of both computers exist today and are in Mattel's possession, unchanged from when they were first made nearly four years ago.

Any order permitting discovery from Littler should designate with particularity the subject matters into which Mattell is permitted to inquire, and should also state a time limitation. Given the limited subject matters that could possibly be relevant to the trial of this case, Littler suggests that the time limitation should be two hours.

TroyGould PC

6

Littler Mendelson's Memorandum of Points and Authorities
In Opposition To Mattel's Motion To Compel Deposition of Littler Mendelson

02680/0002 174686.2

### D. Any Rule 30(b)(6) Deposition Should Reasonably Accommodate The Schedules of the Littler Attorneys

The discovery Mattel seeks, even if narrowly limited, will require Littler attorneys to refresh their memories and gather information concerning events occurring nearly four years ago. This will be all the more difficult given that Littler has not been involved in this case for the past year. If the Court does permit discovery, whether by oral or written deposition, the timing of the deposition should reasonably accommodate the schedules of the Littler attorneys whose appearances would be required.

The two Littler attorneys' with the most knowledge of the subject matters described in the Court's tentative ruling are Keith Jacoby and Douglas Wickam, who served as co-lead counsel for Bryant during Littler's representation of him. Mr. Jacoby is unavailable the week of June 9 because of a prepaid vacation. (Jacoby Decl., ¶ 6.) Mr. Wickham has a busy work schedule that would make it difficult for him to appear for a deposition the week of June 9. (Wickham Decl., ¶ 5.) Littler respectfully requests that any discovery the Court should order be scheduled so as not to cause hardship to the Littler attorneys, who are not responsible for any time pressures associated with Mattel's motion. Littler also respectfully requests that any oral deposition be ordered to take place in Littler's offices, to further lessen the inconvenience to Littler as a third-party witness.

### III.

### CONCLUSION

For the foregoing reasons, Littler respectfully requests that the Court deny Mattel's motion to compel Littler to appear for a Rule 30(b)(6) deposition. Alternatively, if the Court should conclude that some discovery directed to Littler is appropriate, then Littler requests that Littler be permitted to provide that discovery in response to written deposition questions. Finally, to the extent that the Court orders Littler to provide some discovery, Littler requests that the Court

7

TroyGould PC

Littler Mendelson's Memorandum of Points and Authorities
In Opposition To Mattel's Motion To Compel Deposition of Littler Mendelson

02680/0002 174686.2

narrowly limit the scope of the permitted discovery and reasonably accommodate the scheduling needs of the Littler attorneys who would provide the discovery.

Dated: June 9, 2008

Respectfully submitted,

JEFFREY W. KRAMER
ARVIN TSENG
TROYGOULD PC

By: _____
Jeffrey W. Kramer
Attorneys for Third Party Witness
Littller Mendelson, P.C.

**TroyGould PC**

8

Littler Mendelson's Memorandum of Points and Authorities
In Opposition To Mattel's Motion To Compel Deposition of Littler Mendelson

02680/0002 174686.2

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is P. O. Box 8021, Van Nuys, CA 91409-8021.

On June 9, 2008, I served the foregoing document described as LITTLER MENDELSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON. on all interested parties by placing true copies thereof enclosed in a sealed envelope addressed as stated on the attached mailing list:

See Attached Mailing List

☐ **BY MAIL AS FOLLOWS:** I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to for delivery to the below address(es).

☒ **BY FACSIMILE MACHINE:** I caused the above-referenced document(s) to be transmitted to the below-named persons at the appropriate facsimile telephone numbers.

Executed on June 9, 2008, at Los Angeles, California.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Abbie Au
Print Name                                    Signature

TROY &
TroyGould
PC

02680/0002 174740.1

9

Littler Mendelson's Memorandum Of Points And Authorities
In Opposition To Mattel's Motion To Compel Deposition Of Littler Mendelson

Case 2:04-cv-09049-DOC-RNB   Document 3946   Filed 06/09/08   Page 10 of 10   Page ID #:92993

**Carter Bryant vs. Mattel, Inc.,
And Consolidated Actions
USDC Case No. CV 04-9049 SGL (RNBx)**

| | |
|---|---|
| Hon. Judge Stephen G. Larson<br>United States District Court<br>Central District Of California<br>3470 Twelfth Street<br>Riverside, CA 92501<br>Courtroom One<br>Tel: 951-328-4464<br>Fax: 951-328-4418 | James Webster<br>Sahily Feliciano<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: 213-443-3672<br>Fax: 213-443-3100 |

Thomas J. Nolan
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, California 90071-3144
Tel: 213-687-5252
Fax: 213- 621-5250

TROY &
TroyGould
PC

02680/0002 174740.1

10

Littler Mendelson's Memorandum Of Points And Authorities
In Opposition To Mattel's Motion To Compel Deposition Of Littler Mendelson