1   JEFFREY W. KRAMER (SBN 071547)
    ARVIN TSENG (SBN 245648)
2   TROYGOULD PC
    1801 Century Park East, 16th Floor
3   Los Angeles, California 90067-2367
    Telephone:   (310) 553-4441
4   Facsimile:   (310) 201-4746
    Email:       jwk@troygould.com
5
    Attorneys for Third Party Witness
6   Littler Mendelson, P.C.

7

8                 UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                     EASTERN DIVISION

11

12  MATTEL, INC.,                        )  NO. ED CV 04-09049
                                         )  (Lead Low Number)
13                Plaintiff,             )
                                         )  LITTLER MENDELSON'S
14      v.                               )  MEMORANDUM OF POINTS AND
                                         )  AUTHORITIES IN OPPOSITION
15  MGA ENTERTAINMENT, INC.              )  TO MATTEL'S MOTION TO
    ET AL,                               )  COMPEL DEPOSITION OF
16                                       )  LITTLER MENDELSON
                                         )
17                Defendants.            )
                                         )  Date:  June 10, 2008
18  _____)  Time:  8:00 a.m.
                                         )  Dept:  Hon. Stephen G. Larson
19  AND CONSOLIDATED ACTIONS             )
    _____)

20

21

22

23

24

25

26

27

28

**TroyGould**
**PC**

02680/0002 174686.2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

*"The harassing practice of deposing opposing counsel . . . appears to be an adversary trial tactic that does nothing for the administration of justice but rather . . . demeans the profession and constitutes an abuse of the discovery process."*

Shelton v. American Motors Corp., 805 F.2d 1323, 1330 (8th Cir. 1987)

The deposition of opposing counsel risks serious prejudice to the administration of justice and may be permitted only when counsel's testimony is "crucial and unique."  Shelton, supra.  Mattel cannot make this showing with regard to the testimony of Littler, Carter Bryant's former counsel.  Littler's handling of the computer evidence in this case is not of crucial or even marginal value to the issues in this case; it is of no probative value.  In July 2004, Littler employed a computer expert to create a state-of-the-art, complete image of the laptop and desktop hard drives.  Mattel has long had these images.  As Bryant's current counsel so aptly puts it, "[i]f Littler had tossed both computers off a bridge the day after they were imaged in the summer of 2004, not a bit of relevant evidence would have been lost."  (Bryant's Opposition 12: 3-5.)[1]

Mattel seeks to depose Littler concerning "[c]ommunications with third parties regarding collection and preservation of evidence that were the subject of representations made by Littler."  (Quinn Emanuel Letter dated May 7, 2008 to Judge Infante.)  This is a veiled reference to years of intensive meet-and-confer discovery negotiations between Littler and Mattel's counsel, which have no probative value to the issues in this case and underscore the abusive nature of Mattel's subpoena.  To be blunt, if Littler had tossed both computers off a bridge after they were imaged in the summer of 2004, but later told Mattel the computers

---

[1]   Carter Bryant's Memorandum of Points and Authorities In Opposition To Mattel's Motion To Compel The Deposition of Littler Mendelson, P.C.

1

**TroyGould PC**

Littler Mendelson's Memorandum of Points and Authorities
In Opposition To Mattel's Motion To Compel Deposition of Littler Mendelson

02680/0002 174686.2

1    were being stored in Littler's evidence locker, this would have no probative value

2    in this case.  No evidence has been lost on Littler's watch.  On the question of

3    Mattel's claim to the Bratz dolls, nothing else matters.

4    Similarly, regarding the provocatively named "Evidence Eliminator"

5    software program, percipient witnesses Bryant and Richard Irmen have given

6    deposition testimony and may be called to testify at trial.  No one has ever

7    suggested that Littler placed this software program on the computer or even

8    knows anything about it.  In a declaration accompanying this opposition, Littler

9    states unequivocally that Littler did not install this computer program on either

10   computer.  (Wickham Decl, ¶ 3(g).)

11   Littler is mindful of the Court's tentative ruling to permit a limited

12   deposition of Littler "regarding nonprivileged, percipient information concerning

13   when it [Littler] obtained the hard drives in question; how they were preserved;

14   when the desk top witnessing [was missing?], if at all; and any information

15   concerning allegations of destruction of evidence."  (Reporter's Trans. 7: 14-16;

16   8: 12-15.)[2]  Mattel knows the answer to and can present evidence on the first

17   question from other witnesses.  (The answer is July 2004; the witnesses are Bryant

18   and Bryant's niece, Brooke Gilbert.)  The latter two questions are irrelevant

19   because, thanks to Littler's computer imaging of the hard drives in July 2004, no

20   evidence is missing.

21   Nevertheless, if the Court remains inclined toward its tentative ruling, the

22   most appropriate and least intrusive method of obtaining this information from

23   Littler would be a deposition on written questions, pursuant to Rule 31 of the

24   Federal Rules of Civil Procedure, with the time periods shortened to accommodate

25   the trial schedule.  If the Court does require Littler to provide discovery, Littler

26   requests that the discovery be narrowly circumscribed and scheduled so as to

27

28   [2]   Reporter's Transcript of Proceedings, Monday, June 2, 2008.

2

**TroyGould PC**

Littler Mendelson's Memorandum of Points and Authorities
In Opposition To Mattel's Motion To Compel Deposition of Littler Mendelson

02680/0002 174686.2

1  reasonably accommodate the schedules of the Littler attorneys who must provide

2  the designated information.

## II.

## DISCUSSION

### A.    A Littler Deposition Can Provide No Probative Evidence

In July 2004, several months after this action was filed, Littler employed a computer expert to create full forensic images of the hard drives of the two computer's in question: Bryant's HP Pavilion desktop computer, which Bryant acquired in October 2000; and Bryant's Compaq Presario laptop computer, which Bryant acquired in late 2001 or early 2002 to replace the desktop computer, which Bryant then gave to his niece, Brooke Gilbert. By creating these full forensic images of the hard drives, Littler preserved all of the evidence available from these computers. All of this evidence survives today and is in Mattel's possession.

As the Discovery Referee recognized, any additional information relating to these two computers is available from percipient witnesses. Specifically, these are Byrant himself, who purchased and used the computers; Mr. Irmen, who also used these computers; and Ms. Gilbert, who used and maintained possession of the desktop after receiving it from Bryant in late 2001 or early 2002. Information relating to the creation and maintenance of the full forensic images of the hard drives is available from Lee Curtis, the computer expert who made the images, and/or from First Advantage Corporation, the successor to CoreFacts LLC, which employed Mr. Curtis at the time he made the forensic images.

Mattel argues that Littler's deposition is necessary on "potential spoliation issues" (Mattel's Reply 1:18)[3], but Mattel's papers do not identify what evidence is missing, or even any facts to suggest any evidence is missing. Mattel's motion is the classic fishing expedition. As Mattel puts it, "the purpose of the discovery

---

[3] Reply of Mattell, Inc. In Support of Motion To Compel Deposition of Littler Mendelson, P.C. Pursuant To Subpoena 1: 18.

3

**TroyGould PC**

Littler Mendelson's Memorandum of Points and Authorities
In Opposition To Mattel's Motion To Compel Deposition of Littler Mendelson

02680/0002 174686.2

1 | sought here . . . is itself to test the validity of those assertions [by Bryant that no
2 | spoliation has occurred] at a sworn deposition from those who have the facts, i.e.
3 | Bryant's prior counsel." (Id., 1: 12-15.)  In other words, Mattel has no reason to
4 | believe that any spoliation has occurred, but wants to depose Bryant's prior
5 | counsel in the hope that they will impeach their former client.  Yet the only
6 | justification that Mattell offers for such extraordinary discovery -- discovery that
7 | "demeans the profession" and normally "constitutes an abuse of the discovery
8 | process" (Shelton, supra) -- is "a *possibility* that spoliation has occurred." (Id., 1-
9 | 11, emphasis in the original.)

10 |      As the Court recognized in its tentative ruling, any inquiry by Mattell into
11 | attorney-client privileged matters is impermissible.  Any non-privileged
12 | information is available, by definition, from witnesses other than Littler.

13 |      Mattel claims that a deposition of Littler should be ordered because of
14 | "Littler's contradictory statements regarding the drives" (Id., 20-21) in various
15 | discovery battles over the years this case has been pending.  Littler denies that it
16 | made any such contradictory statements (see Jacoby Decl., ¶¶ 3, 4 & 5), yet this
17 | entire argument is irrelevant because no evidence is missing.  The July 2004 full
18 | forensic images of the two computers survive today unimpaired.  How and where
19 | Littler kept these images, or the computers themselves, makes no difference to any
20 | of Mattel's claims in this case.

21 |      The Court's tentative ruling references "allegations of destruction of
22 | evidence" (Reporter's Trans. 8: 14-15), yet Littler is unaware of any such
23 | allegations and Mattel's moving papers are devoid of any facts that would indicate
24 | any evidence has been destroyed.  Any accusation that Littler, as an officer of the
25 | court, played any role in the destruction of any evidence is a very grave
26 | accusation.  If this is what Mattel contends, where is the evidence?  Speculation is
27 | no substitute.  Mattel's attack on former opposing counsel is as distasteful as it is
28 |

4

**TroyGould PC**

Littler Mendelson's Memorandum of Points and Authorities
In Opposition To Mattel's Motion To Compel Deposition of Littler Mendelson

02680/0002 174686.2

1 | unwarranted.  The Court should not endorse this kind of unprincipled litigation

2 | tactic.

3 | So far as Littler is aware, there is no evidence that anyone has destroyed

4 | any evidence in this case.  There is certainly no evidence that Littler played a role

5 | in the destruction of any such evidence.  As stated in the accompanying Wickham

6 | declaration, Littler did not have physical possession of the computers before the

7 | July 2004 full forensic computer images were made (Wickham Decl., ¶ 3(d)), and

8 | therefore could not have played any role in any alteration of the computer hard

9 | drives.  Any alteration of the computer hard drives after July 2004 is irrelevant,

10 | given the existence of the July 2004 computer images.  Littler also did not install

11 | "Evidence Eliminator" on either computer.  (Wickham Decl., ¶ 3(g).)  Before the

12 | Court orders Littler to testify regarding any alleged destruction of evidence, the

13 | Court should require an offer of proof from Mattel that would justify such an

14 | order.

15 | **B.      Less Intrusive Alternatives To A Deposition Are Available**

16 | If the Court remains of the view that Littler has evidence of relevance to the

17 | trial of this case, then a less intrusive alternative to an oral deposition is available.

18 | Indeed, given that the discovery Mattel seeks is a deposition of Littler pursuant to

19 | Rule 30(b)(6), where much of the information to be furnished may not be within

20 | the personal knowledge of the deponents and testimony may be based on

21 | information reasonably available to the organization, a deposition on written

22 | questions is especially appropriate.

23 | Mattel should not be heard to insist on the need for an oral deposition.  Just

24 | two months ago, Mattel prepared a declaration describing the information Mattel

25 | sought from Littler and, subject to certain modifications, was prepared to accept

26 | this declaration in lieu of an oral deposition.  (See Wickham Decl., Exh. 4.)

27 | A deposition on written questions would permit Littler to search for the

28 | specific information that Mattel seeks, would be less intrusive, and is a preferable

5

**TroyGould PC**

Littler Mendelson's Memorandum of Points and Authorities
In Opposition To Mattel's Motion To Compel Deposition of Littler Mendelson

02680/0002 174686.2

1  method of discovery given Littler's obligation to preserve confidential attorney-

2  client communications, and its right to protect its own attorney work product.

3  Littler would be willing to respond to written deposition questions on an expedited

4  schedule, to accommodate the schedule of the ongoing trial.

5  **C.    Any Rule 30(b)(6) Deposition Should Be Narrowly Circumscribed**

6      For the reasons described above, Littler contends that an oral deposition of

7  Littler is highly inappropriate and pointless, and that the less intrusive and more

8  appropriate method of obtaining information from Littler would be a deposition on

9  written questions.  If the Court is inclined to order a Rule 30(b)(6) deposition,

10  whether orally or on written questions, then the permitted subject matters of the

11  deposition must be carefully and narrowly delineated to avoid discovery abuse.

12      The most inappropriate aspect of Mattel's motion is Mattel's desire to

13  examine Littler regarding years of discovery communications between Littler and

14  Mattel's counsel.  As described in the accompanying Jacoby declaration, the

15  fundamental "contradiction" Mattel asserts is no contradiction at all.  (Jacoby

16  Decl., ¶ 3.)  To understand this requires context, including the changing scope of

17  the case in its various permutations over its four-year history and the particular

18  issues concerning which the communications arose.  Rehashing discovery disputes

19  from years ago cannot produce anything useful for the trial of this case.  This is

20  particularly true given the fact that the July 2004 full forensic computer images of

21  both computers exist today and are in Mattel's possession, unchanged from when

22  they were first made nearly four years ago.

23      Any order permitting discovery from Littler should designate with

24  particularity the subject matters into which Mattell is permitted to inquire, and

25  should also state a time limitation.  Given the limited subject matters that could

26  possibly be relevant to the trial of this case, Littler suggests that the time limitation

27  should be two hours.

28

**TroyGould**
**PC**

Littler Mendelson's Memorandum of Points and Authorities
In Opposition To Mattel's Motion To Compel Deposition of Littler Mendelson

02680/0002 174686.2

**D.    Any Rule 30(b)(6) Deposition Should Reasonably Accommodate The Schedules of the Littler Attorneys**

The discovery Mattel seeks, even if narrowly limited, will require Littler attorneys to refresh their memories and gather information concerning events occurring nearly four years ago.  This will be all the more difficult given that Littler has not been involved in this case for the past year.  If the Court does permit discovery, whether by oral or written deposition, the timing of the deposition should reasonably accommodate the schedules of the Littler attorneys whose appearances would be required.

The two Littler attorneys' with the most knowledge of the subject matters described in the Court's tentative ruling are Keith Jacoby and Douglas Wickam, who served as co-lead counsel for Bryant during Littler's representation of him.  Mr. Jacoby is unavailable the week of June 9 because of a prepaid vacation.  (Jacoby Decl., ¶ 6.) Mr. Wickham has a busy work schedule that would make it difficult for him to appear for a deposition the week of June 9.  (Wickham Decl., ¶ 5.)  Littler respectfully requests that any discovery the Court should order be scheduled so as not to cause hardship to the Littler attorneys, who are not responsible for any time pressures associated with Mattel's motion.   Littler also respectfully requests that any oral deposition be ordered to take place in Littler's offices, to further lessen the inconvenience to Littler as a third-party witness.

**III.**

**CONCLUSION**

For the foregoing reasons, Littler respectfully requests that the Court deny Mattel's motion to compel Littler to appear for a Rule 30(b)(6) deposition.  Alternatively, if the Court should conclude that some discovery directed to Littler is appropriate, then Littler requests that Littler be permitted to provide that discovery in response to written deposition questions.  Finally, to the extent that the Court orders Littler to provide some discovery, Littler requests that the Court

7

**TroyGould PC**

Littler Mendelson's Memorandum of Points and Authorities
In Opposition To Mattel's Motion To Compel Deposition of Littler Mendelson

02680/0002 174686.2

1 | narrowly limit the scope of the permitted discovery and reasonably accommodate

2 | the scheduling needs of the Littler attorneys who would provide the discovery.

3 | Dated: June 9, 2008                    Respectfully submitted,

4

5 |                                        JEFFREY W. KRAMER
                                          ARVIN TSENG
6 |                                        TROYGOULD PC

7

8 | By: _____
                                          Jeffrey W. Kramer
9 |                                        Attorneys for Third Party Witness
                                          Littller Mendelson, P.C.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**TroyGould
PC**

Littler Mendelson's Memorandum of Points and Authorities
In Opposition To Mattel's Motion To Compel Deposition of Littler Mendelson

02680/0002 174686.2

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is P. O. Box 8021, Van Nuys, CA 91409-8021.

      On June 9, 2008, I served the foregoing document described as LITTLER MENDELSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON. on all interested parties by placing true copies thereof enclosed in a sealed envelope addressed as stated on the attached mailing list:

      See Attached Mailing List

☐  **BY MAIL AS FOLLOWS:** I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date for mailing in affidavit.

☐  **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee.

☐  **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to for delivery to the below address(es).

☒  **BY FACSIMILE MACHINE:** I caused the above-referenced document(s) to be transmitted to the below-named persons at the appropriate facsimile telephone numbers.

      Executed on June 9, 2008, at Los Angeles, California.

☐  (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒  (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

| | |
|---|---|
| Abbie Au | _(signature)_ |
| Print Name | Signature |

TROY &
TroyGould
PC

Littler Mendelson's Memorandum Of Points And Authorities
In Opposition To Mattel's Motion To Compel Deposition Of Littler Mendelson

02680/0002 174740.1

1

**Carter Bryant vs. Mattel, Inc.,**
**And Consolidated Actions**
**USDC Case No.  CV 04-9049 SGL (RNBx)**

2

3

4  Hon. Judge Stephen G. Larson          James Webster
   United States District Court           Sahily Feliciano

5  Central District Of California         Quinn Emanuel Urquhart Oliver & Hedges, LLP
   3470 Twelfth Street                    865 South Figueroa Street, 10th Floor

6  Riverside, CA 92501                    Los Angeles, CA  90017
   Courtroom One                          Tel:  213-443-3672

7  Tel:  951-328-4464                     Fax:  213-443-3100

8  Fax:  951-328-4418

9  Thomas J. Nolan
   Skadden, Arps, Slate, Meagher & Flom LLP

10 300 South Grand Avenue, Ste. 3400

11 Los Angeles, California  90071-3144
   Tel:  213-687-5252

12 Fax:  213- 621-5250

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TROY &**
**TroyGould**
**PC**

02680/0002 174740.1

10

Littler Mendelson's Memorandum Of Points And Authorities
In Opposition To Mattel's Motion To Compel Deposition Of Littler Mendelson