JEFFREY W. KRAMER (SBN 071547)
ARVIN TSENG (SBN 245648)
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, California 90067-2367
Telephone:   (310) 553-4441
Facsimile:   (310) 201-4746
Email:        jwk@troygould.com

Attorneys for Third Party Witness
Littller Mendelson, P.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MATTEL, INC.,<br><br>                Plaintiff,<br><br>   v.<br><br>MGA ENTERTAINMENT, INC.<br>ET AL,<br><br>              Defendants.<br>_____<br><br>AND CONSOLIDATED ACTIONS<br>_____ | NO. ED CV 04-09049<br>(Lead Low Number)<br><br>DECLARATION OF KEITH A.<br>JACOBY IN OPPOSITION TO<br>MATTEL'S MOTION TO COMPEL<br>DEPOSITION OF LITTLER<br>MENDELSON, P.C.<br><br>Date:   June 10, 2008<br>Time:   8:00 a.m.<br>Dept:   Hon. Stephen G. Larson |

TroyGould PC

DECLARATION OF KEITH A. JACOBY IN OPPOSITION
TO MATTEL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON, P.C.

02680/0002 174685.1

# DECLARATION OF KEITH A. JACOBY

I, Keith A. Jacoby, declare as follows:

1.     I am member of the Bar of the State of California and this Court and am a shareholder of Littler Mendelson, P.C.   My firm served as counsel of record in this action for Carter Bryant and I was designated in the Rule 26 report to this Court as co-lead counsel for Mr. Bryant.  I represented Mr. Bryant from the action's inception until May 2007, when Littler Mendelson, P.C. substituted out of this matter and the law firm of Keker & Van Nest assumed Mr. Bryant's representation.  Unless otherwise stated, I have personal and first hand knowledge of all of the facts stated herein and if called and sworn as a witness, I could and would competently testify thereto.

2.     Because of my role as co-lead counsel in this case, I would be one of the two witnesses Littler Mendelson, P.C. would designate to testify if compelled to produce a witness for deposition. Douglas Wickham, also co-lead counsel would, be the other witness.

3.     The fundamental alleged "contradiction" Mattel directs the Court to regarding statements made by me as counsel for Mr. Bryant are, in fact, no contradiction at all.  In November 2004, this was a very different case. Mattel, it should be noted, was arguing to this Court and later the Ninth Circuit it wasn't even certain Bratz were at stake, in an effort to avoid federal jurisdiction altogether. When I represented as Bryant's counsel in a November 1 letter to Mattel's counsel that there were no documents responsive to Mattel's first document request on the Bryant drives, I was making that statement in the context of "First Generation Bratz" materials. As Mattel's counsel was then and is now well aware, both MGA and Bryant consistently took the position that only First Generation Bratz materials were germane to discovery in the then much more limited case of *Mattel v. Bryant*. MGA was not even a party when Mattel's first document requests were

1

**TroyGould
PC**

Error! Unknown document property name.

1  propounded.  There was no MGA affirmative case.  There were no copyright

2  claims.

3        4.    In meet and confer and after meet and confer, MGA and Bryant,

4  through their counsel, assiduously maintained this position, protecting all the while

5  all of the computer materials through the image of the drives. It was only years

6  later, in the wake of MGA's intervention, MGA and Bryant's victory at the Ninth

7  Circuit, Mattel's massive amendment of claims and addition of parties, and filing

8  of the MGA affirmative case that led the discovery referee to widen the scope of

9  permissible discovery beyond First Generation Bratz. Then, in 2007, the drives

10  were searched again and many documents were, indeed, produced.

11        5.    This is not the first time where Mattel has sat on its rights for long

12  periods of time, and then tried to visit the detriment of that delay on Bryant (and in

13  this case, his former counsel).  This Court will recall Mattel's years long delay in

14  seeking the appointment of an expert because of the 2004 testing done on the

15  Bryant drawings. The PMK topics directed at Littler encompass, *inter alia*, how it

16  maintained the drives, images and discovery. Littler will be hampered in its

17  response to any deposition because the two paralegals who were primarily

18  responsible for managing the documents and things in the Bryant case have left

19  Littler Mendelson, as have some of the associate attorneys who worked on the

20  Bryant case.

21        6.    I am unavailable to testify from June 9 through June 15, 2007, due to

22  a pre-paid vacation.  My wife purchased as a Christmas present for me two passes

23  for the U.S. Open, being held at the Torrey Pines Golf Course in La Jolla,

24  California during the week of June 9.  I am informed by my wife that these passes

25  cost $1500.00.  I have invited clients, family and friends to attend the U.S. Open

26  with me during those days and will be staying in San Diego during the

27  Championship Rounds.   Given the extensive law and motion on this subject filed

28  after Littler Mendelson's substitution that would need to be reviewed, that the

2

TroyGould
PC

Error! Unknown document property name.

1  permissible scope of the Littler Mendelson deposition has not been ordered as of

2  yet, and that any Order may require further inquiries by the designated witnesses, I

3  would respectfully request that, in the event the deposition subpoena directed at

4  Littler Mendelson is not quashed, any deposition proceeding occur after June 15.  I

5  would also note that I am not aware of any trial subpoena has been served on

6  Littler Mendelson P.C. or any Littler employee at this time, so no prejudice should

7  result from the deposition (which both Mr. Bryant in prior pleadings and Littler

8  Mendelson, P.C. in the concurrently filed opposition contends should not proceed

9  in the first instance) occurring, if at all, after June 15.

10        I declare under penalty of perjury under the laws of the United States of

11  America that the foregoing is true and correct.

12        Executed this 8th day of June, 2008 at Los Angeles, California.

15                                        Keith A. Jacoby

DECLARATION OF KEITH A. JACOBY IN OPPOSITION
TO MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON, P.C.

TroyGould
PC

Error! Unknown document property name.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is P. O. Box 8021, Van Nuys, CA 91409-8021.

On June 9, 2008, I served the foregoing document described as DECLARATION OF KEITH A. JACOBY IN OPPOSITION TO MATTEL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON, P.C. on all interested parties by placing true copies thereof enclosed in a sealed envelope addressed as stated on the attached mailing list:

See Attached Mailing List

☐ **BY MAIL AS FOLLOWS:** I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to  for delivery to the below address(es).

☒ **BY FACSIMILE MACHINE:** I caused the above-referenced document(s) to be transmitted to the below-named persons at the appropriate facsimile telephone numbers.

Executed on June 9, 2008, at Los Angeles, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

| | |
|---|---|
| Abbie Au | |
| Print Name | Signature |

DECLARATION OF KEITH A. JACOBY IN OPPOSITION TO MATTEL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON, P.C.

TROY &
TroyGould
PC

02680/0002 174740.1



**Carter Bryant vs. Mattel, Inc.,**
**And Consolidated Actions**
**USDC Case No.  CV 04-9049 SGL (RNBx)**

| | |
|---|---|
| Hon. Judge Stephen G. Larson | James Webster |
| United States District Court | Sahily Feliciano |
| Central District Of California | Quinn Emanuel Urquhart Oliver & Hedges, LLP |
| 3470 Twelfth Street | 865 South Figueroa Street, 10th Floor |
| Riverside, CA 92501 | Los Angeles, CA  90017 |
| Courtroom One | Tel:  213-443-3672 |
| Tel:  951-328-4464 | Fax:  213-443-3100 |
| Fax:  951-328-4418 | |

Thomas J. Nolan
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, California  90071-3144
Tel: 213-687-5252
Fax: 213- 621-5250

TROY &
TroyGould
PC

02680/0002 174740.1

DECLARATION OF KEITH A. JACOBY IN OPPOSITION
TO MATTEL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON, P.C.