1  JEFFREY W. KRAMER (SBN 071547)
   ARVIN TSENG (SBN 245648)
2  TROYGOULD PC
   1801 Century Park East, 16th Floor
3  Los Angeles, California 90067-2367
   Telephone:  (310) 553-4441
4  Facsimile:  (310) 201-4746
   Email:      jwk@troygould.com
5
   Attorneys for Third Party Witness
6  Littler Mendelson, P.C.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

11

12 | MATTEL, INC.,                    ) NO. ED CV 04-09049
                                      ) (Lead Low Number)
13 |        Plaintiff,                )
                                      ) DECLARATION OF DOUGLAS A.
14 | v.                               ) WICKHAM IN OPPOSITION TO
                                      ) MATTEL'S MOTION TO COMPEL
15 |                                  ) THE DEPOSITION OF LITTLER
   MGA ENTERTAINMENT, INC.            ) MENDELSON
16 | ET AL,                           )
                                      )
17 |        Defendants.               ) Date: June 10, 2008
                                      ) Time: 8:00 a.m.
18 |_____  ) Dept: Hon. Stephen G. Larson
                                      )
19 | AND CONSOLIDATED ACTIONS         )
                                      )
20 |_____

21

**TroyGould PC**

DECLARATION OF DOUGLAS WICKHAM

02680/0002 174720.1

## DECLARATION OF DOUGLAS A. WICKHAM

I, Douglas A. Wickham, declare as follows:

1. I am member of the Bar of the State of California and this Court and am a shareholder of Littler Mendelson, P.C. ("Littler"). Littler served as counsel of record in this action for Defendant Carter Bryant from the outset of this case until May 2007, when Littler substituted out of this matter and the law firm of Keker & Van Nest assumed Mr. Bryant's representation. The information in this declaration is based on my personal knowledge and based upon the knowledge, information and belief of Littler and, if called and sworn as a witness, I could and would competently testify to such facts.

2. Through its motion to compel Littler's deposition, I am informed that Mattel, through its counsel, Quinn Emanuel, is seeking information pertaining to two computers that Mr. Bryant described at his November 2004 deposition that he had used some time during the time period from October 2000 until November 2004 deposition. The first of the two computers is or has been described as a Hewlett Packard mini-tower desktop computer (the "HP desktop computer"). The second of the two computers is a Compaq laptop computer (the "Compaq laptop computer").

3. On behalf of Littler, based on my personal knowledge and based on information reasonably available to Littler, as would be permitted if I were called to testify as a witness on behalf of Littler pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, I can testify to the following facts:

    (a) In June 2004, Littler retained CoreFacts to perform forensic computer services in the above case;

    (b) In July 2004, Lee Curtis of CoreFacts traveled to Carter Bryant's home in Springfield, Missouri to make so called mirror image copies of the complete computer hard drives of the HP desktop computer and the Compaq laptop computer. At that time, Curtis in fact made mirror image copies of the

complete hard drives of both computers. I am informed that the mirror image copies of the hard drives of the HP desktop computer and the Compaq laptop computer forever preserved and maintained the contents of the hard drives of those two computers as of July 2004. However, Littler never took possession of the original mirror image copies of the hard drives of the HP desktop computer and the Compaq laptop computer that were made by Curtis in July 2004; rather, the original mirror image copies of those hard drivers were retained by CoreFacts. So far as Littler is aware, First Advantage Corporation, as the successor to CoreFacts, retains the originals of the mirror image copies of the computer hard drives made in July 2004 to this very day.

(c)   To my best knowledge, information and belief, (1) neither Littler nor its agents, including CoreFacts, modified, altered or destroyed the contents of the hard drive of the HP desktop computer or the Compaq laptop computer at the time Curtis made the mirror image copies of those hard drives in July 2004 or at any time prior to July 2004, and (2) neither Littler nor its agents, including CoreFacts (or its successor, First Advantage), modified, altered or destroyed information on the mirror image copies of the hard drives of the HP desktop computer or the Compaq laptop computer from the time Curtis made those mirror image copies to the present date.

(d)   In July 2004 and at all times prior to July 2004, Littler did not take physical possession, custody or control of the HP desktop computer or the Compaq laptop computer. Although Curtis of CoreFacts made mirror image copies of the hard drives of the HP desktop computer and the Compaq laptop in July 2004 (and thus memorialized and preserved the contents of the hard drives of those two computers as of July 2004), neither Littler nor CoreFacts took possession, custody or control of the actual computers at that time.

(e)   In November 2006, Littler received physical custody of the Compaq laptop computer and Littler retained custody of that computer until Littler

1 | transferred custody of that computer to the Keker law firm after the Keker firm assumed representation of Mr. Bryant in 2007. While the Compaq laptop computer was in Littler's custody, neither Littler nor its agents altered, modified or destroyed any information on that computer.

(f) In or about April 2007, Littler received physical custody of the HP desktop computer and Littler retained custody of that computer until Littler transferred custody of that computer to the Keker law firm after the Keker firm assumed representation of Mr. Bryant in 2007. While the HP desktop computer was in Littler's custody, neither Littler nor its agents altered, modified or destroyed any information on that computer.

(g) At no time did Littler or its agents ever install the "Evidence Eliminator" program on the HP desktop computer or the Compaq laptop computer.

4. Attached hereto as Exhibit 1 is a true and correct copy of a declaration on Quinn Emanuel Urquhart Oliver & Hedges, LLP pleading paper that was provided to me by counsel for Carter Bryant on April 28, 2008 in connection with Mattel, Inc.'s motion to compel deposition testimony from Littler.

5. As noted above, Littler has not been involved in this case for the past year. Depending upon the scope of any discovery that the Court may order, it will take me and others at Littler some time to prepare to give testimony as a Rule 30(b)(6) witness(es) on behalf of Littler. I am scheduled to be in deposition all day on Thursday, June 12, 2008 and Friday, June 13, 2008. I am also scheduled to appear at a Case Management Conference on Wednesday, June 11, 2008. I therefore respectfully request that any deposition of Littler the court may order, if

//
//
//
//
//

1  any, whether by oral examination or in response to written questions, be set for a
2  date during the week of June 16, 2008.
3      I declare under penalty of perjury under the laws of the United States of
4  America that the foregoing is true and correct.
5      Executed this 9th day of June, 2008 at Los Angeles, California.

*[signature]*
Douglas A. Wickham

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]<br><br>DECLARATION OF _____<br><br>Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 1**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2392710.1

Exhibit 1                                          DECLARATION OF _____

Exh 1-1

1     I, _____, hereby declare as follows:

2     1.    I am an attorney licensed to practice law in the state of California and admitted in the Central District of California. I am a partner at the law firm of Littler Mendelson P.C. ("Littler"). In this capacity, I, along with my colleagues _____ **[list all]**, represented Carter Bryant in the following litigations: _____ **[list all]**. I make the following declaration of personal first hand knowledge and would so testify under oath if called upon to do so.

    2.    In connection with this firm's representation of Mr. Bryant, Littler came into possession of or had access to the following computer drives used by Carter Bryant:

    (a)    Desktop computer with a Quantum Fireball LCT 15 drive that Carter Bryant purchased in or about October 2000.

    (b)    Compaq Presario 2700 laptop computer with a 20 GB Travelstar hard drive.

    (c)    **[Identify all others with specificity]**

    3.    With respect to the HP Pavilion 6745 Quantum Fireball LCT 15 drive in the desktop computer that Carter Bryant purchased in or about October 2000:

    (a)    Littler first had access to such drive on **[date and time]** at **[specific location]** by **[identity of individual(s) by name]**. Prior to that time, the drive was in the possession of **[identity of individual(s) by name]** and was provided to Littler by **[identity of individual(s) by name]**. Littler did not have possession, custody or control of such drive on July \_\_, 2004 or anytime prior thereto.

    (b)    This drive was imaged at **[specific location]** by **[identity of individual(s) by name and company information, if any]** using **[identify specific program]**, on **[date]** beginning at **[time]** and ending at **[time]**. The following additional persons were present during the entirety of the imaging process: **[names and company/firm information]**. The following additional persons were present

-2-

1 | for only a portion of the imaging process: **[names and company/firm**
2 | **information]**. No other persons were present for the imaging process of this drive,
3 | either in whole or in part. This image was the first and only image that this firm is
4 | aware of being made of this drive.
5 |    (c) Upon conclusion of the imaging of this drive, **[identify specifics**
6 | **of all dates and places when and where the image was transported and stored,**
7 | **the names of the persons involved and all persons with access to the image]**.
8 | This image was last in the possession, custody and control of Littler on **[date]**, when
9 | **[name individuals]** sent it to **[name individuals and company/firm]** by **[method**
10 | **of transport]**. The image was not in the possession, custody or control of any
11 | person not identified in this subparagraph between the time that the image was made
12 | and the time that the image was last in the possession, custody or control of Littler.
13 |    (d) Upon conclusion of the imaging of this drive, **[identify specifics**
14 | **of all dates and places when and where the drive was transported and stored,**
15 | **the names of the persons involved and all persons with access to the image]**.
16 | This drive was last in the possession, custody and control of Littler on **[date]**, when
17 | **[name individuals]** sent it to **[name individuals and company/firm]** by **[method**
18 | **of transport]**. The drive was not in the possession, custody or control of any person
19 | not identified in this subparagraph between the time that the image was made and
20 | the time that the image was last in the possession, custody or control of Littler.
21 |   4. With respect to the 20 GB Travelstar hard drive in the Compaq Presario
22 | laptop computer:
23 |    (a) Littler first had access to such drive on **[date and time]** at
24 | **[specific location]** by **[identity of individual(s) by name]**. Prior to that time, the
25 | drive was in the possession of **[identity of individual(s) by name]** and was
26 | provided to Littler by **[identity of individual(s) by name]**. Littler did not have
27 | possession, custody or control of such drive on July __, 2004 or anytime prior
28 | thereto.

      (b)    This drive was imaged at **[specific location]** by **[identity of individual(s) by name and company information, if any]** using **[identify specific program]**, on **[date]** beginning at **[time]** and ending at **[time]**. The following additional persons were present during the entirety of the imaging process: **[names and company/firm information]**. The following additional persons were present for only a portion of the imaging process: **[names and company/firm information]**. No other persons were present for the imaging process of this drive, either in whole or in part. This image was the first and only image that this firm is aware of being made of this drive.

      (c)    Upon conclusion of the imaging of this drive, **[identify specifics of all dates and places when and where the image was transported and stored, the names of the persons involved and all persons with access to the image]**. This image was last in the possession, custody and control of Littler on **[date]**, when **[name individuals]** sent it to **[name individuals and company/firm]** by **[method of transport]**. The image was not in the possession, custody or control of any person not identified in this subparagraph between the time that the image was made and the time that the image was last in the possession, custody or control of Littler.

      (d)    Upon conclusion of the imaging of this drive, **[identify specifics of all dates and places when and where the drive was transported and stored, the names of the persons involved and all persons with access to the image]**. This drive was last in the possession, custody and control of Littler on **[date]**, when **[name individuals]** sent it to **[name individuals and company/firm]** by **[method of transport]**. The drive was not in the possession, custody or control of any person not identified in this subparagraph between the time that the image was made and the time that the image was last in the possession, custody or control of Littler.

[Repeat for all other drives and images]

    5.    Other than as stated in this declaration, Littler has never had in its possession, custody or control, and is unaware and has no knowledge of, any other

1  computer drives or storage devices used by Carter Bryant at any time for or in
2  connection with MGA, Mattel or Bratz or of any other images of such drives or
3  storage devices.
4      6.      Littler did not, at any time or in any manner, delete, modify or alter any
5  file, information or data of any kind from any of the drives described in this
6  declaration. At no time did Littler install or run the software program called
7  Evidence Eliminator on any of the drives or direct, instruct, counsel or authorize any
8  person to install or run the Evidence Eliminator software program on any of the
9  drives. At no time did Littler install or run any program or computer code,
10 including without limitation any wiping programs, to delete, modify or alter any file,
11 information or data of any kind on any of the drives or direct, instruct, counsel or
12 authorize any person to install or run any program or computer code, including
13 without limitation any wiping programs, to delete, modify or alter any file,
14 information or data of any kind on any of the drives
15     7.      Littler did not, at any time or in any manner, delete, modify or alter any
16 files, information or data of any kind from any of the images described in this
17 declaration.

19 I declare that the foregoing is true and correct under penalty of perjury.

21 DATED:            , 2008  _____
22                          **[TBA]**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is P. O. Box 8021, Van Nuys, CA 91409-8021.

On June 9, 2008, I served the foregoing document described as DECLARATION OF DOUGLAS A. WICKHAM IN OPPOSITION TO MATTEL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON, P.C. on all interested parties by placing true copies thereof enclosed in a sealed envelope addressed as stated on the attached mailing list:

See Attached Mailing List

☐ **BY MAIL AS FOLLOWS:** I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to for delivery to the below address(es).

☒ **BY FACSIMILE MACHINE:** I caused the above-referenced document(s) to be transmitted to the below-named persons at the appropriate facsimile telephone numbers.

Executed on June 9, 2008, at Los Angeles, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          _____
Abbie Au                                       Signature
Print Name

TroyGould PC

DECLARATION OF DOUGLAS A. WICKHAM IN SUPPORT OF OPPOSITION TO MATELL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON, P.C.

02680/0002 174720.1

**Carter Bryant vs. Mattel, Inc.,
And Consolidated Actions
USDC Case No. CV 04-9049 SGL (RNBx)**

Hon. Judge Stephen G. Larson
United States District Court
Central District Of California
3470 Twelfth Street
Riverside, CA 92501
Courtroom One
Tel: 951-328-4464
Fax: 951-328-4418

James Webster
Sahily Feliciano
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3672
Fax: 213-443-3100

Thomas J. Nolan
Skadden, Arps, Slate, Meagher &
Flom LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, California 90071-3144
Tel: 213-687-5252
Fax: 213- 621-5250

**TroyGould
PC**

DECLARATION OF DOUGLAS A. WICKHAM IN SUPPORT OF OPPOSITION
TO MATELL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON, P.C.

02680/0002 174720.1