1

2

3

4

5

6

7

8

9                     UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                          EASTERN DIVISION

12   CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13              Plaintiff,                Consolidated with
                                          Case No. CV 04-09059
14        vs.                             Case No. CV 05-02727

15   MATTEL, INC., a Delaware             **COURT'S FINAL PRE-TRIAL**
     corporation,                         **CONFERENCE ORDER FOR**
16                                        **PHASE 1 TRIAL**
                Defendant.
17

18   AND CONSOLIDATED ACTIONS

19

20

21

22

23

24

25

26

27

28

Following pretrial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16-1 et seq., and in accordance with the Court's Scheduling Order entered February 22, 2007, IT IS ORDERED:

## I.

## PARTIES

For purposes of this Phase 1 trial, the parties are:

(a)    Plaintiff and Counter-Defendant Mattel, Inc. ("Mattel");

(b)    Defendant and Counter-Defendant MGA Entertainment, Inc. ("MGA");

(c)    Defendant and Counter-Defendant Isaac Larian;

(d)    Defendant and Counter-Defendant MGA Entertainment (HK) Limited ("MGA HK").

Each of these parties has been served and has appeared.  For purposes of this Phase 1 trial, and the claims and defenses to be tried therein, no party other than those identified above has asserted a claim, been served, or asserted any defense.  Because the Court has bifurcated these consolidated cases, the Court will not at this point dismiss any other party, including any Doe defendants.

In addition, as a result of the confidential settlement between Mattel and Carter Bryant, Carter Bryant is no longer a party to this case, although Carter Bryant remains bound by all past Orders of this Court and will be bound by any injunctive, declaratory or other non-monetary relief relating to Bratz that the Court enters in the future against the MGA parties.

The pleadings that raise the issues in Phase 1 are:

(a)    Complaint filed by Mattel, Inc. (Case No. BC314398) on April 27, 2004 in the Superior Court of the State of California for the County of Los Angeles (the "Bryant Case");

1           (b)     Answer to Plaintiff's Unverified Complaint filed by Carter

2    Bryant on May 14, 2004;

3           (c)     Defendant/Cross-Complainant Carter Bryant's Cross-Complaint

4    for (1) Unfair Competition; (2) Rescission; (3) Declaratory Relief; and (4) Fraud,

5    filed by Bryant on September 8, 2004 in the Superior Court of the State of

6    California for the County of Los Angeles;

7           (d)     Notice to Federal Court of Removal of Civil Action from State

8    Court Pursuant to 28 U.S.C. Section 1332(a)(1) and 1331, filed by defendant Carter

9    Bryant on November 2, 2004.  That notice removed the case to federal court on

10   November 2, 2004, where it was assigned Case No. 04-9059;

11          (e)     Stipulation Permitting MGA to Intervene as a Party to This

12   Action and Order, dated December 7, 2004, and MGA's Answer in Intervention;

13          (f)     Complaint filed by MGA Entertainment, Inc. (Case No. CV 05-

14   2727 SGL (RNBx)) on April 13, 2005 in the District Court of the Central District of

15   California (the "MGA Case"), as limited by the Court's Order dated August 25,

16   2005, striking allegations regarding the Brawer litigation;

17          (g)     Second Amended Answer and Counterclaims filed by Mattel,

18   Case No. CV 04-9059 SGL (RNBx) on July 12, 2007 in the District Court of the

19   Central District of California;

20          (h)     Amended Answer and Affirmative Defenses of MGA

21   Entertainment Inc., MGA Entertainment (HK) Limited and MGAE de Mexico

22   S.R.L. de C.V. to Mattel, Inc.'s Second Amended Answer and Counterclaims filed

23   by defendants MGA, MGA HK, and MGA Mexico (collectively, the "MGA

24   Defendants") on September 19, 2007 in the District Court of the Central District of

25   California;

26          (i)     Isaac Larian's Amended Answer and Affirmative Defenses to

27   Mattel, Inc.'s Second Amended Answer and Counterclaims filed by Larian on

28   November 8, 2007 in the District Court of the Central District of California.

By Order dated June 19, 2006, the Court consolidated the <u>Bryant</u> case and the <u>MGA</u> case with <u>Bryant v. Mattel, Inc.</u>, Case No. 04-9049.  The matter shall hereafter be referred to as <u>Mattel, Inc., v. MGA Entertainment, Inc., et al.</u>, Case No. 04-9049-SGL(RNBx).

The MGA Parties may file a motion seeking a determination of good faith settlement pursuant to CCP § 877.6.  To the extent that Mattel continues to list pleadings that address claims asserted by or against Bryant – and fail to exclude them specifically from the list – the MGA Parties object to Mattel's list of pleadings. Mattel's claims against the MGA parties have been modified by the terms of the Court's Orders re the parties' motions for partial summary judgment dated April 25, 2008, May 22, 2008, May 27, 2008, and June 2, 2008.

## II.
## <u>ABANDONED CLAIMS, COUNTERCLAIMS AND DEFENSES</u>

The following claims, counter-claims, or defenses have been dismissed or abandoned:

By Order dated July 17, 2006, the Court dismissed Defendant/Cross-Complainant Carter Bryant's Cross-Complaint for (1) Unfair Competition; (2) Rescission; (3) Declaratory Relief; and (4) Fraud; and Bryant's Complaint for Declaratory Relief of Copyright Non-Infringement.  Bryant was given leave to amend his Complaint and Cross-Complaint, but elected not to do so and the dismissal became final.

Bryant's Ninth Affirmative Defense: Failure of Contract was withdrawn by Bryant, by stipulation on October 5, 2007;

Bryant's Tenth Affirmative Defense: Duress/Unconscionability was withdrawn by Bryant, by stipulation on October 5, 2007;

Bryant's Eleventh Affirmative Defense: Alleged Duties Contrary to Law was withdrawn by Bryant, by stipulation on October 5, 2007;

MGA Defendants' Sixteenth Affirmative Defense:  Innocent Intent was withdrawn by MGA Entertainment, Inc., by stipulation on September 5, 2007;

Larian's Sixteenth Affirmative Defense:  Innocent Intent was withdrawn by MGA Entertainment, Inc., by stipulation on September 5, 2007;

MGA Defendants' Ninth Affirmative Defense:  Res Judicata was withdrawn by MGA Entertainment, Inc., by stipulation on September 5, 2007;

Larian's Ninth Affirmative Defense:  Res Judicata was withdrawn by MGA Entertainment, Inc., by stipulation on September 5, 2007;

MGA Defendants' Twelfth Affirmative Defense:  Lack of Ownership was withdrawn by MGA Entertainment, Inc., by stipulation on September 5, 2007;

Unclean Hands Affirmative Defense was withdrawn with respect to Phase 1 claims by the MGA Defendants by Notice on February 15, 2008;

Unclean Hands Affirmative Defense was limited by Carter Bryant as to Phase 1 issues by letter dated February 27, 2008.

By Order dated April 25, 2008, the Court granted partial summary judgment in favor of Mattel.  In particular, the Court ruled that the Employee Confidential Information and Inventions Agreement that Carter Bryant entered into as a Mattel designer is a valid and enforceable contract.  It further ruled that, under the Inventions Agreement, Mattel owns "any Bratz-related 'inventions' (including any designs, improvements, ideas, concepts and copyrightable subject matter)" that Carter Bryant "created during the period of his employment with Mattel."  The Court found that it was irrelevant whether Bryant performed such work on Bratz during his own time.

In its Order granting Mattel partial summary judgment, the Court further ruled that Carter Bryant owed Mattel a duty of loyalty and that Bryant "breached this duty by entering into a contract with Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct

1  competition with Mattel's products."  The Court rejected defendants' claim that such

2  activities were mere "preparations to compete" with Mattel.

3  By virtue of its April 25, 2008, and May 21, 2008, Orders granting

4  Mattel partial summary judgment, the Court ruled that Carter Bryant owed a

5  fiduciary duty to Mattel, but held that there is a triable issue of fact as to Bryant's

6  breach of that duty.

7  Also by Order dated April 25, 2008, the Court granted partial summary

8  judgment in favor of Bryant and the MGA Defendants on Mattel's claims for (1)

9  tortious interference with contractual relations, but only "to the extent that it is based

10  on Mattel's rights to Bratz," such that it remains in the case "as to Mattel's claims for

11  breach of fiduciary duty" (Order at 2); (2) conversion, but only to the extent it is

12  based on conversion of ideas, such that it remains in the case "to the extent it seeks

13  the return of tangible things" (*id.* at 3); (3) common law unfair competition (*id.* at 7);

14  and (4) unjust enrichment (*id.*).

15  By virtue of its Orders dated April 25, 2008, May 22, 2008, and its

16  clarification on May 23, 2008, the Court further ruled that the MGA parties were

17  entitled to partial summary judgment on Mattel's statutory unfair competition

18  claims, except that Mattel's statutory unfair competition claim presented triable

19  issues of fact relating to "whether MGA tortiously interfered with Bryant and

20  Mattel's contractual relationship and whether MGA engaged in commercial

21  bribery."

22  In its orders regarding the statute of limitations affirmative defense,

23  dated May 27, 2008, and June 2, 2008, the Court made rulings regarding the accrual

24  dates of various claims asserted by Mattel. As to defendant MGA only, the Court

25  ruled that Mattel's state-law claims other than tortious interference with contractual

26  relations claim and the conversion claim accrued no earlier than July 18, 2003, and

27  no later than November 23, 2003, but that triable issues of fact precluded a

28  determination as to the exact accrual date.

As to defendants Isaac Larian and MGA HK, the Court ruled that these state-law claims arose no earlier than the date of Carter Bryant's deposition, November 4, 2004.

In these orders, regarding the tortious interference with contractual relations claim and the conversion claim as to all defendants, the Court ruled that the discovery rule was inapplicable to these claims, and that they were therefore time barred unless Mattel establishes a period of fraudulent concealment of sufficient duration.

Additionally, the Court ruled that the copyright claim arose no earlier than November 23, 2003.

Finally, the Court ruled that the new claims asserted on November 20, 2006, the Court ruled that all claims (except the copyright claim, upon which the Court found it unnecessary to rule) related back to the filing of Mattel's complaint against Carter Bryant in April, 2004.

Finally, pursuant to the confidential settlement between Mattel and Carter Bryant and pursuant to the Stipulation entered as part of that settlement, all claims, counterclaims and defenses as between Mattel and Carter Bryant have been dismissed, although Carter Bryant remains bound by all past Orders of this Court and will be bound by any injunctive, declaratory or other non-monetary relief relating to Bratz that the Court enters in the future against the MGA parties.

## III.

## JURISDICTION AND VENUE

Federal jurisdiction and venue are invoked upon the following grounds:

This Court has diversity jurisdiction over the claims asserted in Mattel v. Bryant pursuant to 28 U.S.C. § 1332, as determined by the Ninth Circuit in Mattel

1  v. Bryant, Inc., 446 F.3d 1011, 1013 (9th Cir. 2006).  This Court has supplemental

2  jurisdiction over Mattel's state law claims in that case pursuant to 28 U.S.C. § 1367.

3  This Court has federal question jurisdiction over MGA's claims in

4  MGA Entertainment, Inc. v. Mattel, Inc. pursuant to 15 U.S.C. §§ 1116 and §1121,

5  28 U.S.C. §§ 1331, 1338(a), and supplemental subject matter jurisdiction over

6  MGA's state law claims pursuant to 28 U.S.C. § 1367.

7  This Court has federal question jurisdiction over Mattel's counterclaims

8  in MGA Entertainment, Inc. v. Mattel, Inc. pursuant to 28 U.S.C. §§ 1331, 1338(a),

9  17 U.S.C. §§ 101 et seq., and 18 U.S.C. § 1964(c).  This court has supplemental

10  jurisdiction over Mattel's state law counterclaims pursuant to 28 U.S.C. § 1367.

11  Venue in this Court for MGA Entertainment, Inc. v. Mattel, Inc. is

12  alleged to be proper pursuant to 28 U.S.C. §§ 1391(b) - (d), 1391(f) and 1400(a) and

13  18 U.S.C. § 1965.

14  **IV.**

15  **TRIAL ESTIMATE**

16  The parties understand that the Court has directed each side to complete

17  the presentation of evidence in Phase 1, including the examination and cross-

18  examination of witnesses, in 60 hours.  The parties further understand that the 60

19  hours shall not apply to argument, jury selection, opening statements, or closing

20  arguments.

21  Consistent with the express language of the Court's April 7, 2008 Order

22  [Docket No. 2998], the 60-hour limit may be enlarged "if extraordinary

23  circumstances warrant such relief."  Apr. 7, 2008 Order, at 2.

24

25  **V.**

26  **TYPE OF TRIAL**

27  The trial is to be a jury trial, except for issues which are not properly

28  tried to jury.  Pursuant to the Court's Scheduling Order, the parties have already

delivered to the Court (a) a set of Joint Proposed Jury Instructions and (b) a set of disputed Jury Instructions, along with reasons supporting and opposing each disputed instruction, and (c) at the Pre-Trial Conference brief proposed voir dire questions for the jury.  The parties shall revise and supplement the jury instructions and verdict forms on or before June 6, 2008, in light of the Court's May 22 and May 23 Orders relating to the parties' respective motions for partial summary judgment and motions *in limine*, as well as the Court's May 22, 2008 Order on the MGA Parties' motion for reconsideration.

The Court intends to rule upon the MGA parties' equitable affirmative defenses at the close of the Phase 1 trial, but will allow evidence as to these defenses to be presented to the jury.  The Court may have the jury answer special interrogatories as to certain of these equitable defenses so as to establish the requisite factual findings for the Court to rule upon such defenses.

## VI.

## **STIPULATED FACTS**

1.      The following facts have been stipulated, and shall be deemed established:[1]

### **Parties**

1.      Mattel, Inc. is a corporation formed under the laws of the State of Delaware with its headquarters in El Segundo, California.

---

[1]    The parties to this action do not understand the rules to require the recitation of admissions in the Pre-Trial Conference Order for those admissions to be introduced at trial.  Therefore, admissions are not included herein.

The parties' lists of facts herein are not exhaustive.  The parties reserve the right to introduce additional evidence in support of their claims — or in opposition to affirmative defenses — at trial.  In addition, the parties intend to introduce expert evidence not listed below in support of its claims.

2.     MGA Entertainment, Inc. is a privately held California corporation.

3.     MGA Entertainment (HK) Limited, a Hong Kong company, and MGAE de Mexico, S.R.L. de C.V., a Mexico corporation, are wholly owned subsidiaries of MGA Entertainment, Inc.

4.     Isaac Larian, an individual, is the CEO and majority shareholder of MGA Entertainment, Inc. and is a resident of California.

### **Bryant's Employment at Mattel**

5.     Carter Bryant first worked for Mattel in the mainline Barbie group from September 1995 to April 1998.

6.     Bryant signed a document titled "Employee Confidential Information and Inventions Agreement," dated November 6, 1995.

7.     Bryant signed a document titled "Conflict of Interest Questionnaire," dated November 6, 1995.

8.     Bryant left California in December 1997 and moved to Missouri to live with his parents, where he continued to do work for Mattel until April 1998.

9.     In late December 1998, Mattel offered Bryant a position in the Barbie Collectibles group.

10.     Bryant accepted Mattel's offer, moved back to California, and started work at Mattel on January 4, 1999.

11.     Bryant signed a document titled "Employee Confidential Information and Inventions Agreement" dated January 4, 1999.

12.     Bryant signed a document titled "Conflict of Interest Questionnaire," incorrectly dated January 4, 1998, instead of 1999.

13.    Before Bryant left Mattel, he was asked to and did participate in an exit interview.

14.    During his exit interview, Bryant signed a document titled "Proprietary Information Checkout," dated October 19, 2000.

15.    Carter Bryant, an individual, is a resident of Missouri.

## VII.

## CLAIMS

### A.    MATTEL INC.'S CLAIMS AND COUNTERCLAIMS

Except to the extent already adjudicated in its favor by the Court's Orders re Summary Judgment, and pursuant to the Court's July 5, 2007 Phasing Order, Mattel, Inc. plans to pursue the following claims and counterclaims against the defendants in Phase 1 trial as indicated[2]:

_____

[2]   Mattel has claims for misappropriation of trade secrets that are being reserved for Phase II of this litigation.  To the extent defendants seek to raise the issue of trade secrets during Phase I, either as a claim or as an affirmative defense, Mattel reserves its right to argue its misappropriation of trade secrets claim in Phase I. The MGA parties note that the Court gave specific guidance on this issue and expressly limited the type of evidence that Mattel may introduce that falls outside of the scope of Phase I of the trial in ruling on the MGA parties' motion *in limine* number 6.

1   **Claim 1:  Intentional Interference with Contract (Against Larian**
2   **and MGA).**

3   **Claim 2:  Aiding and Abetting Breach of Fiduciary Duty (Against**
4   **Larian and MGA).**

5   **Claim 3:  Aiding and Abetting Breach of Duty of Loyalty (Against**
6   **Larian and MGA).**

7   **Claim 4:  Conversion (Against MGA, MGA HK and Larian).**

8   **Claim 5:  Statutory Unfair Competition (Against Larian, MGA,**
9   **and MGA HK).**

10  **Claim 6:  Declaratory Relief  (Against Larian, MGA, and MGA**
11  **HK) (ownership of original Bratz works and associated copyrights allegedly**
12  **created by Bryant while employed by Mattel)**

13  **Claim 7: Copyright Infringement (Against Larian, MGA, and**
14  **MGA HK)**

15  The parties stipulated, and the Court agreed, that contentions of law and
16  fact, were not necessary and would not be productive, in light of the parties'
17  exhaustive briefing of the same issues in their cross-motions for partial summary
18  judgment and the fact that the Court has not yet ruled on certain of those cross-
19  motions.

20

21  **VIII.**
22  **DEFENDANTS' AFFIRMATIVE DEFENSES**

23  Relevant to Phase 1 of the Trial, Defendants assert the following
24  affirmative defenses:

25  Affirmative Defense 3:  Laches

26  Affirmative Defense 4:  Statute of Limitations

27  Affirmative Defense 5 and 6:  205(d)/Bona Fide Purchaser for Value

28  Affirmative Defense 9:  Estoppel

1           Affirmative Defense 10:  Acquiescence

2           Affirmative Defense 11:  Mitigation

3           Affirmative Defense 13:  Waiver

4           Affirmative Defense 14: Abandonment

5           Affirmative Defense 15: *De Minimus* Use

6           Affirmative Defense 17: Privilege/Justification

7           Affirmative Defense 18: Good Faith

8           Affirmative Defense 21: Consent

9   **MGA PARTIES' AFFIRMATIVE DEFENSE TO COPYRIGHT DAMAGES**

10  MGA, MGA (HK), and/or Larian must prove:

11     1.    Expenses deductible from gross revenues causally connected to the

12          alleged infringement;

13     2.    Elements of defendants' profit attributable to factors other than the

14          copyrighted work.

15

16                 **IX.**

17           **DISCOVERY**

18       Phase 1 Discovery is not complete, but will be within two weeks.

19  Counsel have waived any prejudice from commencing trial without completing

20  discovery.  Phase 2 discovery has been stayed.  Many Phase 1 discovery motions

21  remain to be heard.  The parties are working to complete them as expeditiously as

22  possible.

23

24                 **X.**

25           **EXHIBITS**

26       All disclosures under F.R.Civ. P. 26(a)(3) have been made.  The joint

27  exhibit list of the parties has been filed.

28

# XI.

# WITNESSES

All disclosures under F.R.Civ.P. 26(a)(3) have been made.  Witness lists of the parties have been filed with the Court pursuant to the schedule approved by the Court.  Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7.  For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:  William Ackerman (Art Attacks), Bryant Joseph Armstrong, Nana Ashong, Schuyler Bacon, Ronald Brawer, Kerry Brode, Charnayne Brooks, Carter Bryant, Carter Bryant (Art Attacks), Carter Bryant (Gunther-Wahl), Janet Bryant, Thomas Bryant, Ana Cabrera, Mei Wah (Sarah) Chui, Elise Cloonan, Nick Contreras, Daniel Cooney, Wendy Feinberg, Jeanne Galvano, Paula Garcia, Paula Garcia (Art Attacks), Brooke Gilbert, Kami Gillmour, Daphne Gronich, Sarah Halpern, Esther Han, Rachel Harris, Rebecca Harris (Art Attacks), Amy Hyland, Richard Irmen, Mitchell Kamarck, Samir Khare, Andreas Koch, Susana Kuemmerle, Robert Kullman, Farhad Larian, Isaac Larian, Isaac Larian (Art Attacks), Isaac Larian (Larian v. Larian), Isaac Larian (Ubisoft), Margaret Leahy, Edmond Lee, Steven Linker, Kenneth Lockhart, Jennifer Lynn Maurus (Larian v. Larian), Albert Lyter, David Malacrida, Peter Marlow, Veronica Marlow, Karl Meyer, Beatriz Morales, Amy Myers, Joyce Ng, Victoria O'Connor, Sarah D. Odom, Denise O'Neal, Jacqueline Prince, Jessie Ramirez, Anna Rhee, David Rosenbaum, Lon Ross (Fun4All), Maria Salazar, Shirin Salemnia, Joe Tiongco, Maureen Tkacik, Lisa Tonnu, Anne Wang, Jeffrey Neil Weiss, Spencer Woodman, Mel Woods, and MGA's 30(b)(6) witness regarding Larian v. Larian.

Additional depositions to be lodged: Ronald Brawer, Richard DeAnda, Ann Driskill, Robert Eckert, Kevin Farr, Lissa Freed, Jeanne Galvano, Hoi Hoffman-Briggs, Brian Hooks, Julia Jensen, Alan Kaye, Fred Kawashima, Tim Kilpin, Liliana Martinez, Heather McComb, Ginger McRae, Nicholas Mirzoeff,

1  Teresa Newcomb, Jill Nordquist, Ralph Oman, Rodney Palmer, Joni Pratte,
2  Jacqueline Prince, Kathleen Simpson-Taylor, Maureen Tafoya, and Sandra
3  Yonemoto.

4        Furthermore, certain depositions have been recently taken or remain to
5  be taken.  The parties will advise the Court of such transcripts to be lodged as they
6  become available and relevant.

7        Pursuant to ¶ 97 of the Court's Scheduling Order, the parties identify
8  the following expert witnesses to be called:

9        Mattel:  Valery Aginsky, John Alex, Lloyd Cunningham, William
10  Flynn, Frank Keiser, Lee Loetz, Mark Menz, Nicholas Mirzoeff, Ralph Oman,
11  Walter Rantanen, Carol Scott, Bryce Stein, Michael Wagner, Robert Lind, Angel
12  Gomez, Heather McComb, Ginger McRae, Denise Van Patten, and Kenneth
13  Hollander.

14        Defendants:  Mary Bergstein, D. Jan Duffy, Thomas S. Gruca, Erich
15  Joachimstaler, Robert D. Kullman, Albert H. Lyter, Peter Menell, Paul Meyer,
16  Debora Middleton, Robert Tonner, Glenn Vilppu, Douglas Kidder, and Gary Funck.

17        The following law and motion matters and motions in limine have been
18  decided:

19        Mattel has filed the following motions *in limine*:

20        1.     MIL No. 1 to exclude: (1) evidence or argument that Bryant's
21  invention assignment agreements are unfair or unconscionable; (2) evidence of other
22  versions of Mattel's inventions agreements; and (3) expert testimony of D. Jan
23  Duffy;

24        Granted.

25        2.     MIL No. 2 to exclude evidence, argument or reference to
26  Mattel's alleged motive in filing suit or re consequences thereof ;

27        Denied as written.  Will allow late evidence with proper foundation.
28  Consequences of lawsuit to MGA may not be admitted.

3.      MIL No. 3 to exclude Phase 1(B) evidence in the Phase 1(A) trial and Phase 2 evidence in the Phase 1 trials or, in the alternative, to permit expedited Phase 2 discovery;

Granted insofar as apportionment and responsive evidence is limited to 1B; deferred on rest.

4.      MIL No. 4 to preclude introduction to jury of evidence and testimony relating to equitable defenses to be tried by court ;

Denied.

5.      MIL No. 5 to exclude evidence of or argument concerning other lawsuits and other purported bad acts and dismissed defenses;

Granted as to Nos. 1-4 and 10; Denied without prejudice to specific objections as to Nos. 5-9.

6.      MIL No. 6 to exclude evidence or argument concerning actions taken by or against Mattel employees other than Carter Bryant;

Granted in part and denied in part; Evidence is admissible only if such other employees are analogous to Bryant.

7.      MIL No. 7 to preclude the MGA Defendants from asserting or relying on an advice of counsel defense;

Granted.  However, the MGA Parties can introduce Rosenbaum's testimony relaying his factual conversations not as reliance on any legal advice he gave but as to the fact that he undertook certain actions and had certain conversations, provided otherwise admissible.

8.      MIL No. 8 to exclude evidence relating to whether Mattel would have marketed Bratz;

Granted as to 1A; Deferred as to 1B.

9.      MIL No. 9 to exclude argument, evidence, or expert testimony regarding Barbie and other Mattel dolls;

Daubert hearing to be held one day prior to testifying.

1    10. MIL No. 10 to exclude testimony by Glenn V. Vilppu;

2   Daubert hearing to be held one day prior to testifying.

3    11. MIL No. 11 to preclude Defendants from offering improperly

4 disclosed evidence;

5   Granted as to test project.  Deferred on apportionment issues otherwise

6   denied.

7    12. MIL No. 12 to exclude the testimony of Peter S. Menell;

8   Daubert hearing to be held one day prior to testifying.

9    13. MIL No. 13 to exclude expert testimony of Mary Bergstein,

10 Robert Tonner, and Debora Middleton;

11   Daubert hearing to be held one day prior to testifying.

12    14. MIL No. 14 to exclude evidence and argument related to certain

13 discovery matters;

14   Granted.

15    15. MIL No. 15 for a preclusion order regarding MGA's disqualified

16 expert Christina Tomiyama.

17   Taken under submission.  Deferred ruling until Phase 1(b).

18   Defendants filed the following motions in limine:

19    1. MGA Parties' Notice of Motion and Motion in Limine Number 1

20 to  Exclude All Evidence Relating to Litigation or Other Proceedings Between Isaac

21 and Farhad Larian;

22   Denied.

23    2. MGA Parties' Notice of Motion and Motion in Limine Number 2

24 to  Exclude All Evidence Relating to Isaac Larian's Wealth and Assets;

25   Granted in part, denied in part. General evidence regarding Mr. Larian's

26 wealth is inadmissible.  Any gain to Larian from Bratz may be introduced only in Phase

27 1b.  In Phase 1a, Mattel only may submit evidence of what Larian stood to gain **at the**

28 **time** of any alleged breach, not subsequent gain.

3.      MGA Parties' Notice of Motion and Motion in Limine Number 3 to Exclude Reference to and Use of Evidence of Other Legal Proceedings;

Granted insofar as findings of foreign courts are excluded unless they are the only evidence of MGA's prior positions.

4.      MGA Parties' Notice of Motion and Motion in Limine Number 4 to Exclude Reference to and Use of MGA's Employment Agreements With its Employees;

Denied.

5.      MGA Parties' Notice of Motion and Motion in Limine Number 5 to Exclude References to Prior Legal Representation;

Granted.

6.      MGA Parties' Notice of Motion and Motion in Limine Number 6 to Exclude Reference to and Use of Phase Two Evidence;

Denied as to Nos. 1, 2, and 5. Based on stipulation of counsel, moot as to Nos. 4 and 6. Granted as to No. 3 in 1A but door may be opened in 1B.

7.      MGA Parties' Notice of Motion and Motion in Limine Number 7 to Exclude All References to and Use of Certain "Expert" Testimony Proffered by Mattel Witness Michael J. Wagner;

Daubert hearing to be held one day prior to testifying.

8.      MGA Parties' Notice of Motion and Motion in Limine Number 8 to Strike Expert Rebuttal Report of Kenneth Hollander and Sections of Expert Rebuttal Reports of Heather McComb, Denise Van Patten, and Nicholas Mirzoeff;

Daubert hearing to be held one day prior to testifying.

9.      MGA Parties' Notice of Motion and Motion in Limine Number 9 to Strike the Expert Report and Testimony of Ralph Oman and John Alex;

Daubert hearing to be held one day prior to testifying.

10.     MGA Parties' Notice of Motion and Motion in Limine Number 10 to Exclude All References to and Use of Certain "Expert" Testimony Proffered by Mattel Witness Carol A. Scott;

Daubert hearing to be held one day prior to testifying.

11.     MGA Parties' Notice of Motion and Motion in Limine Number 11 to Strike the Expert Rebuttal Report of Robert C. Lind;

Daubert hearing to be held one day prior to testifying.

12.     MGA Parties' Notice of Motion and Motion in Limine Number 12 to Strike Portion of the Expert Report of Lee Loetz;

Daubert hearing to be held one day prior to testifying.

13.     Motion in Limine Number 13:  To exclude evidence and argument regarding alleged spoliation by Bryant;

Hearing to be held one day prior to Bryant testifying; hearing to include Bryant and experts; excluded from opening statement.

14.     Motion in Limine Number 14:  To exclude evidence and argument regarding Bryant's alleged "borrowing" of ideas or concepts from preexisting Mattel projects, including Toon Teens, Diva Starz, the "Swan" line, and Skipper.

Denied.

The Court ruled upon or otherwise addressed the remaining motions during recent hearings.

Bifurcation of the claims and counterclaims was ordered pursuant to the Court's Order of July 2, 2007.  The claims and counterclaims to be tried in Phase 1 trial are set forth herein.  The claims remaining for trial in Phase 2 are set forth on pages 8-9 in Mattel's Memorandum of Trial Structure, filed June 20, 2007, as adopted in the July 2, 2007 Order.  At the hearing on May 22, 2008, the Court provided guidance to the parties as to the issues that may be tried as part of Phase 1a versus Phase 1b.

-18-

1        The foregoing admissions having been made by the parties, and the

2  parties having specified the foregoing issues of fact and law remaining to be

3  litigated, this Pretrial Conference Order shall supersede the pleadings as they relate

4  to claims or defenses to be tried in Phase 1 and govern the course of the trial of the

5  Phase 1 claims and defense, unless modified to prevent manifest injustice.

6  DATED:  June 07. 2008

7

8

9  Approved as to form by:

10  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

11

12  By /s/ John B. Quinn

13      John B. Quinn, Esq.
        Attorneys for Mattel, Inc.

14

15  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

16

17

18  By /s/ Thomas J. Nolan, Esq.
      Thomas J. Nolan, Esq.
19      Attorneys for MGA Entertainment, Inc.

20

21

22

23

24

25

26

27

28