1
2
3
4
5
6
7

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                  Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                  Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>**JOINT [PROPOSED] ORDER REGARDING THE MGA PARTIES' MOTION IN LIMINE NO. 13** |

---

[Proposed] Order Regarding the MGA Parties' Motion in Limine No. 13
Case No. CV 04-9049 SGL (RNBx)

## ORDER

After consideration of the MGA Parties' Motion in Limine No. 13 to exclude evidence and argument regarding alleged spoliation by Carter Bryant, and all papers filed and evidence presented in support thereof or opposition thereto, and the argument of counsel, IT IS HEREBY ORDERED as follows:

The MGA Parties' Motion in Limine No. 13 is GRANTED IN PART, and DENIED IN PART. The Court finds that evidence that Carter Bryant operated the safe shutdown feature of Evidence Eliminator on his 2001 laptop computer on July 12, 2004, over two months after the filing of the lawsuit by Mattel on April 27, 2004, and only two days prior to his counsel's imaging of that computer's hard drive, which permanently eliminated the residue of previously deleted files and rendered such deleted files unrecoverable, is relevant to his credibility as a witness and is admissible as to his consciousness of guilt, which in turn is relevant to various elements of liability in this trial. Moreover, the Court has carefully considered and weighed whether the probative value of this clearly relevant evidence is substantially outweighed by the danger of unfair prejudice to MGA or undue delay in the trial, and has found that as limited by this order, it does not.

Accordingly, evidence that Mr. Bryant operated the safe shutdown feature of Evidence Eliminator on his 2001 laptop computer on July 12, 2004, is admissible for the limited purposes set forth herein, and the MGA Parties' Motion in Limine No. 13 is otherwise granted in full.

The Court will instruct the jury that this evidence may only be considered for purposes of evaluating Mr. Bryant's credibility and his consciousness of guilt, and that there is no evidence that any of the MGA Parties had any connection with Mr. Bryant's purchase, installation or use of Evidence Eliminator.

The Court further declines to give an adverse inference instruction to the jury, finding that the issue is adequately covered by instructions on credibility of

witnesses and circumstantial evidence that are already part of the instructions that were given to the jury.

IT IS SO ORDERED:

Dated: June 12, 2008

_____
The Honorable Stephen G. Larson