KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx)<br>(consolidated with CV 04-9059 & 05-2727)<br><br>[~~PROPOSED~~] **ORDER GRANTING IN PART AND DENYING PART MATTEL INC.'S MOTION FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE COMPUTER HARD DRIVES, AND DENYING MATTEL, INC.'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON, P.C.**<br><br>Dept:     Courtroom 1<br>Judge:   Hon. Stephen G. Larson |

# [PROPOSED] ORDER

After careful consideration of the parties' submissions and arguments concerning Mattel, Inc.'s Motion for an Order Enforcing the Court's January 25, 2007 Order Compelling Bryant to Produce Computer Hard Drives ("Mattel's Hard Drive Motion") and Mattel's Motion to Compel Deposition of Littler Mendelson, P.C., the Court rules on these motions as follows:

In regard to Mattel's Hard Drive Motion, the Court orders production of all Carter Bryant's hard drives and images of drives in the possession, custody or control of Mr. Bryant or his counsel as of January 25, 2007, to the extent not already produced. To assist in the identification of those hard drives and images, the Court requested at the hearing that Bryant's counsel provide a list of the computers that Mr. Bryant has used since 1995, the hard drives associated with each of those computers, and the imaging performed with respect to those computers. While Mr. Bryant's counsel noted at the hearing that precise identification of certain information has been made challenging by the passage of time and the fact that the collection and imaging of hard drives was largely performed by Mr. Bryant's prior counsel, the following chart reflects the best current understanding of the status of these computers, hard drives, and images:

| Computer | Hard drives | Collected/ Imaged | First used before Jan. 25, 2007? |
|---|---|---|---|
| Elise Cloonan's Apple computer | Presumably contained hard drive: make/ model unknown | Unknown, not in Mr. Bryant's possession | Yes |
| Mr. Bryant's parents' desktop computer (make/ model unknown) (the "1998 | Presumably contained hard drive: make/ model unknown | Not imaged (not in Mr. Bryant's possession) | Yes |

1

[PROPOSED] ORDER GRANTING IN PART AND DENYING PART MATTEL'S MOTION FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER AND DENYING MATTEL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON
CASE NO. CV 04-09049 SGL (RNBx)

| | | | | |
|---|---|---|---|---|
| computer") | | | | |
| HP Pavilion 6745C (the "2000 Desktop computer") | Contains hard drive: Quantum Fireball LCT 15 hard drive (Serial No. 114117-0036280) | Imaged July 2004; hard drive collected and re-imaged April 2007; already produced to Mattel | Yes |
| Compaq Presario 2700 CM2110 laptop (the "2001 Laptop computer") | Contains hard drive: 20GB Travelstar hard drive (Serial No. 63A 632Q-8831) | Imaged July 2004; hard drive collected November 2006; already produced to Mattel | Yes |
| Sony VAIO PCG-9W1L "dual drive" laptop (the "2004[1] laptop") | Currently contains two hard drives: make/ model unknown; apparently previously contained two Toshiba hard drives identified below. | Computer containing two hard drives collected and imaged January 2008; apparent original Toshiba hard drives collected and imaged in March 2007 | Yes as to current hard drives / Yes as to apparent original Toshiba hard drives, identified below |
| Sony VAIO VGC-RA840G desktop (the "2004 desktop") | Currently contains one hard drive: Seagate Barracuda ST3320620AS hard drive (Serial No. 9QFAVQQ); likely previously contained one Western Digital hard drive identified | Apparent original Western Digital hard drive collected and imaged in March 2007; current hard drive imaged June 12, 2008 | Yes as to apparent original Western Digital hard drive, identified below / No as to current hard drive which |

---

[1] Although certain computers are referred to herein as "2004 laptop" and "2004 desktop" Bryant's counsel states that it has not been able to verify precisely whether the computers were bought within 2004 or whether they were possibly purchased somewhat later such as in 2005. For ease of reference, however, these computers are referred to as 2004 computers.

2

[PROPOSED] ORDER GRANTING IN PART AND DENYING PART MATTEL'S MOTION FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER AND DENYING MATTEL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON
CASE NO. CV 04-09049 SGL (RNBx)

| | | | |
|---|---|---|---|
| | below. | | was installed after January 25, 2007 |
| Sony VAIO VGN-SZ340 laptop (the "2007 laptop") | Currently contains hard drive: make/model unknown | Collected and imaged March 2007 | No |
| HP Pro DC7700P "dual drive" desktop (the "2007 desktop") | Contains two hard drives: Western Digital 2500JS (Serial Nos. WCANKE296512 & WCANKD421113) | Imaged June 12, 2008 | No |
| Sony VAIO VGN-SZ430N laptop (the "2007 laptop") | Contains one hard drive: Seagate Momentous 9S1134-140 hard drive (Serial No. 5MA0LFPN) | Imaged June 12, 2008 | Yes, but first use appears to be approximately mid January 2007 |

If, in the future, Mr. Bryant or his counsel discovers that the foregoing information is inaccurate in any way, then they will bring such inaccuracies to the attention of the Court. This does not impose upon Mr. Bryant or his counsel any duty of further investigation regarding these hard drives.

As noted in the chart above, Mr. Bryant possesses the following hard drives which were collected by prior counsel from their original computers: (1) two Toshiba MK8032GSX hard drives (Serial Nos. SG1SA1061x and X5RL6899S), which may originally have been collected from the Sony VAIO PCG-9W1L "dual drive" laptop listed above; and (2) a Western Digital hard drive (Serial No. WMAL73067059), which may originally have been collected from the Sony VAIO

3

VGC-RA840G desktop listed above. To the best of Mr Bryant's knowledge, these hard drives, but not the computers with which they were associated, were collected by Mr. Bryant's prior counsel from Mr. Bryant and imaged in March 2007. These hard drives and their images were first used by Mr. Bryant prior to January 25, 2007 and therefore should be produced.

Based on the foregoing findings, Mr. Bryant is hereby ordered to produce to Mattel all of his hard drives in his or his counsel's possession, custody or control as of January 25, 2007, including (1) the hard drives for the Sony VAIO PCG-9W1L "dual drive" laptop, (2) the two Toshiba MK8032GSX hard drives (Serial Nos. SG1SA1061x and X5RL6899S), (3) the Western Digital hard drive (Serial No. WMAL73067059), and (4) the June 2008 image of the hard drive for the Sony VAIO VGN SZ430N laptop,[2] and all images of any of the hard drives listed above that are currently in the possession, custody or control of Bryant or his counsel, to the extent not already produced  The production of any hard drive in a Sony laptop-style computer shall be produced for inspection and imaging without removal from the computer.

On June 13, 2008, Bryant shall make available the foregoing hard drives and any images thereof for production to 42 LLC, an independent computer forensic consultant designated by Mattel, at a location to be provided by Mattel's counsel. No hard drives or forensic images of any hard drives shall be delivered either by Mr. Bryant or Mattel's consultant(s) directly to Mattel or its counsel. Mattel's counsel shall require 42 LLC to sign an undertaking acknowledging that 42 LLC agrees to be bound by the terms of this Order.

---

[2] Mr. Bryant is not required to produce the actual laptop computer at this time, but only the image taken this month of that computer as it is currently in use. Mattel's consultants, however, shall have the right to inspect that computer at its location if, in Mattel's consultant's discretion, such an inspection is necessary.

4

[PROPOSED] ORDER GRANTING IN PART AND DENYING PART MATTEL'S MOTION
FOR AN ORDER ENFORCING COURT'S JANUARY 25, 2007 ORDER AND
DENYING MATTEL'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON
CASE NO. CV 04-09049 SGL (RNBx)

The hard drives, any forensic images that are made by Mattel's consultant(s) of the hard drives, and the contents of the hard drives and any images thereof are to be treated by Mattel and by Mattel's consultant(s) as Confidential -Attorneys' Eyes Only information under the operative Protective Order. The hard drives and images to be produced and not currently in the possession of Mattel's counsel shall also be subject to the terms of the Discovery Master's Order governing Mr. Bryant's previously produced hard drives and images thereof.

Mattel's consultant(s) shall make any forensic images of the hard drives and return the actual hard drives to Mr. Bryant within ten (10) court days after their production by Mr. Bryant. No later than noon on Monday, June 15, 2008, counsel for Bryant shall provide to 42 LLC keywords that will be the basis of a search to identify potentially privileged documents or information. Responsive documents and information identified on the hard drives and images as a result of these key word searches shall be provided to Mr. Bryant's counsel for confirmation that they are privileged and any such claim of privilege shall be identified by document and logged within two weeks of receipt by Bryant's counsel. With the exception of the privileged information and documents responsive to the keyword searches, Mattel's counsel shall be able to view any and all data or information from any image of any hard drives that Bryant was compelled to produce pursuant to this Order. Mattel's counsel, however, shall not be permitted to inspect any files or information created on or after January 26, 2007 containing user-generated content from the Sony VAIO VGN SZ430N laptop hard drive. In the event that the keyword searches miss privileged material that inadvertently is provided to Mattel or its counsel, such inadvertent production shall not be deemed a waiver of any privilege and said material will promptly be returned to Mr. Bryant and any copies will destroyed by Mattel or its counsel. Prior to any disclosure of any document or information from any hard drive referenced herein, Mattel's counsel shall provide

5

1 to counsel for Bryant such document or information. Counsel for Bryant shall
2 assert any objection to its disclosure or use within three ((3) calendar days. That
3 time period, however, may be lengthened or shortened depending upon the
4 quantity of documents and information made available for review.
5    Any forensic images made by Mattel's consultant(s) shall either be
6 destroyed or returned to Mr. Bryant upon the completion of this litigation, as set
7 forth in Paragraph 18 of the operative Protective Order.  Further, Mattel's
8 consultant(s) shall not be permitted to share the contents of these hard drives or
9 images with anyone except and to the extent permitted by the protocol referenced
10 above.
11    Mr. Bryant's production of his hard drives (or images thereof) to Mattel's
12 consultant(s) for inspection and forensic imaging shall not constitute a waiver by
13 Mr. Bryant of the attorney-client privilege, the attorney work product doctrine, or
14 any other legally-recognized right, privilege, immunity, or protection from
15 discovery as to any documents, files, or other information or data contained on the
16 hard drives.
17    Mattel's Hard Drive Motion, to the extent it is seeking the production of Mr.
18 Bryant's hard drives (or images thereof) that were first used after January 25, 2007,
19 is DENIED WITHOUT PREJUDICE. Mattel may seek to compel production of
20 these hard drives in connection with Phase 2 of this litigation once the stay on
21 Phase 2 discovery is lifted by the Court. Nothing in this Order should be construed
22 as an indication by the Court as to how it will rule on such a request. Mr. Bryant is
23 hereby reminded of his obligation to preserve any potentially relevant documents
24 and information and is hereby ORDERED to preserve any potentially relevant
25 documents or information on those hard drives that were first used after January
26 25, 2007 for possible discovery in Phase 2 of this litigation.
27    Mattel's Motion to Compel Deposition of Littler Mendelson, P.C. is hereby
28

1  DENIED. Based on the record and the evidence before the Court, including the
2  representation of counsel for MGA that MGA will not assert that Littler
3  Mendelson was involved in spoliating evidence or aiding and abetting the
4  spoliation of evidence, there is no justification or need for Mattel to depose Littler
5  Mendelson.
6      The Court finds that there was no misconduct by any counsel based on the
7  evidence before the Court.

9  IT IS SO ORDERED.

10 Dated: June 13, 2008          _____
11                                Hon. Stephen G. Larson
                                  United States District Judge