1 │ THOMAS J. NOLAN (Bar No. 66992)
    (tnolan@skadden.com)
2 │ SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    300 South Grand Avenue, Suite 3400
3 │ Los Angeles, CA 90071
    Tel.: (213) 687-5000/Fax: (213) 687-5600
4 │
    RAOUL D. KENNEDY (Bar No. 40892)
5 │ (rkennedy@skadden.com)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 │ Four Embarcadero Center, 38th Floor
    San Francisco, CA 94111
7 │ Tel.: (415) 984-6400/Fax: (415) 984-2698

8 │ Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
    MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian
9 │

10 │

11 │                    UNITED STATES DISTRICT COURT

12 │                   CENTRAL DISTRICT OF CALIFORNIA

13 │

14 │ CARTER BRYANT, an individual,          )   CASE NO. CV 04-9049 SGL (RNBx)
                                            )
15 │                   Plaintiff,           )   Consolidated with Case No. 04-9059
                                            )   and Case No. 05-2727
16 │          v.                            )
                                            )   MGA PARTIES' RESPONSE TO
17 │ MATTEL, INC., a Delaware               )   MATTEL'S MOTION FOR LEAVE
     corporation,                           )   TO SUBMIT EXPERT REPORTS OF
18 │                                        )   42 LLC
                                            )
19 │                   Defendant.           )   Date:  August 18, 2008
                                            )   Time:  10:00 a.m.
20 │ _____        )   Place: Courtroom 1
                                            )   Judge: Hon. Stephen G. Larson
21 │ AND CONSOLIDATED ACTIONS               )
                                            )
22 │ _____        )

23 │

24 │

25 │

26 │

27 │

28 │

## I.   PRELIMINARY STATEMENT

Although MGA does not object to Mattel's eleventh-hour attempt to submit the reports of its forensic expert 42 LLC regarding electronic media of Isaac Larian, Farhad Larian and Elise Cloonan, Mattel's allegations of evidence spoliation and delay tactics are demonstrably false and cannot stand unanswered.  Thus, while the analysis of the MGA Parties' forensic expert only recently commenced and is still ongoing – following receipt of the 42 LLC reports on Monday morning – we will endeavor in this brief to give the Court a preview of some of the many defects in Mattel's allegations.

As even a cursory review of 42 LLC's report regarding the Larian media devices (the "Larian Report") reveals, Mattel's accusations of widespread spoliation by Mr. Larian are not supported by a proper and thorough forensic investigation. Indeed, despite its identification of literally tens-of-thousands of purportedly deleted files on Mr. Larian's hard drives – including 633 that it speculates were deleted "intentionally," 42 of which were "Bratz or Mattel-related" – 42 LLC appears to have done *nothing* to determine whether these files exist in other Larian and MGA media devices, or have otherwise been produced to Mattel in this litigation.  This obvious shortcoming in 42 LLC's position became apparent recently, when the MGA Parties reviewed more than 50,000 fragments from files that 42 LLC claimed had been deleted and were recovered from the unallocated space on Mr. Larian's hard drives.  As it turned out, 42 LLC had failed to identify *even a single responsive document* that had not previously been produced by the MGA Parties in this litigation, or that appeared on the MGA Parties' privilege logs.[1]  Put simply, Mattel's and its expert's suggestions of spoliation were unfounded.

---

[1] Declaration of Lance Etcheverry, Ex. 1 (6/7/08 Letter from L. Etcheverry to J. Corey).

1   Mattel's assertion that Ms. Cloonan, a third-party and former roommate of
2   Carter Bryant, or her counsel intentionally destroyed relevant information is equally
3   flawed.  Far from the illicit conduct that Mattel and its expert seek to portray as
4   having occurred on November 15, 2007, MGA expects that its experts will
5   demonstrate that any purported activity on that date was the function of the ordinary
6   operation of the computer operating system, *not* of any intentional acts by Ms.
7   Cloonan or her counsel to delete relevant files.  Once again, Mattel's allegations of
8   spoliation are not rooted in sound forensic analysis.

9   In addition to its false accusations of spoliation, Mattel misstates the record
10  relating to Mr. Larian's and Ms. Cloonan's productions of their respective electronic
11  media for inspection.  Mattel offers no evidence to support its assertion that the
12  MGA Parties somehow delayed the negotiation of an inspection protocol for Mr.
13  Larian's hard drives.[2]  In addition, in asserting that Ms. Cloonan and her counsel
14  delayed inspection of her Zip disk until May 2008, Mattel fails to mention that it
15  already had an independent expert inspect and search that same Zip disk in
16  November 2007.  Neither Mr. Larian nor Ms. Cloonan engaged in any delay tactics.

17  Per the Court's suggestion, the MGA Parties have been conferring with Mattel
18  regarding a proposed schedule for expert reports and depositions (if any).  The
19  current proposed stipulation being discussed is attached hereto as Exhibit A.  Should
20  the parties reach agreement on a schedule, the MGA Parties will submit a proposed
21  stipulation and order for the Court to consider.  If an agreement is not reached, then
22  the MGA Parties respectfully request that the Court enter a scheduling order that
23  tracks the timing mechanisms set forth in the attached proposed stipulation.

24
25
26
27  [2] Mattel merely cites the letter memorializing the agreed-upon protocol.  *See* Alban
28  Decl., Ex. 3.

2

## II.   MATTEL'S ALLEGATIONS OF SPOLIATION ARE UNSUPPORTED BY CREDIBLE EVIDENCE.

In its motion, seeking leave to file the expert reports of 42 LLC, Mattel lobs accusations of spoliation against Mr. Larian and Ms. Cloonan (as well as Ms. Cloonan's counsel) based on findings by Mattel's expert that do not reflect a proper and thorough analysis of the relevant information. Having only received 42 LLC's reports in the past several days, the MGA Parties and their expert are still reviewing and analyzing those reports. Nonetheless, a preliminary review of Mattel's motion and 42 LLC's reports reveals that Mattel's accusations are not well founded, as the following examples demonstrate.[3]

As an initial matter, Mattel asserts that files were deleted from Mr. Larian's hard drives "after the Court ordered Larian to provide them to Mattel for inspection."[4] This assertion is false and not even supported by 42 LLC's report. In its report, 42 LLC opined that three of Mr. Larian's hard drives had been *accessed* on or after February 28, 2008.[5] 42 LLC did *not* find, however, that any files on these hard drives or any other hard drives were *deleted* after the Court issued its February 27, 2008 order. This distinction was apparently lost on Mattel.

Mattel's spoliation assertions are also based on a superficial review of the data by 42 LLC. For example, there is no indication that 42 LLC did anything to determine whether any of the 633 files alleged to have been "intentionally deleted" after January 16, 2006, including any of the 42 so-called "Bratz or Mattel-related files," are duplicative of files that reside in other MGA or Larian media devices – much less whether such "intentionally deleted" files have been produced to Mattel in this litigation. This failure by 42 LLC, which in itself demonstrates the flawed

---

[3] The MGA Parties' expert's rebuttal reports will address more fully these and other responses to 42 LLC's findings and analyses.

[4] Mot. at 1.

[5] Alban Decl., Ex. 4 at 7, 9 & 12.

1   nature of 42 LLC's analysis, became apparent recently when the MGA Parties

2   performed such a review with respect to more than 50,000 fragments from

3   supposedly "deleted" files that 42 LLC had extracted from the unallocated space on

4   Mr. Larian's hard drives.[6]  This review established that *every one* of the fragments

5   from allegedly "deleted" files that were responsive to relevant document requests

6   had been produced in this litigation (or included on the MGA Parties' privilege

7   logs).[7]  In short, these files were not "deleted"; they were preserved elsewhere in

8   MGA's and Mr. Larian's computer systems.

9       Mattel's accusations against Ms. Cloonan (and her counsel) are also based on

10  faulty reasoning.  In its report regarding the Cloonan electronic media (the "Cloonan

11  Report"), 42 LLC states that the "Last Written" date on the ".Trashes" folder on the

12  Zip disk was recorded as November 15, 2007.[8]  Although there exist numerous

13  circumstances in which the "Last Written" date could be modified – including by

14  virtue of the automatic functioning of a computer operating system – both Mattel and

15  its expert overlook any possibly innocuous explanation and leap directly to the

16  conclusion that files were deleted from the Zip disk on November 15, 2007.[9]  As the

17  MGA Parties expect to demonstrate through their expert, such a "rush to judgment"

18  is not the hallmark of a thorough, independent forensic analysis.

19      In sum, while the MGA Parties do not object to Mattel's submission of the

20  Larian and Cloonan Reports at this juncture, the MGA Parties do object to many of

21  the unsubstantiated factual assertions contained therein.

22

23

24

---

25  [6] Etcheverry Decl., ¶ 2.

26  [7] Etcheverry Decl., Ex. 1.

27  [8] Alban Decl., Ex. 2 at 2.

28  [9] *Id.*; Mot. at 2.

III.   MR. LARIAN AND MS. CLOONAN DID NOT ENGAGE IN ANY DELAY TACTICS.

Although somewhat beside the point in light of the MGA Parties' decision not to object to Mattel's expert submission on timeliness grounds, Mattel's assertions that Mr. Larian and Ms. Cloonan delayed in producing their electronic media for inspection is baseless.[10]

As an initial matter, Mattel offers no evidence to support its assertion that Mr. Larian delayed the negotiation of an inspection protocol.  Throughout the parties' negotiations, Mattel never made any such assertion to the MGA Parties.[11]  Nor did Mattel, which has submitted scores of *ex parte* applications and motions on almost every issue imaginable, raise the allegedly improper delay with the Court prior to filing its motion for leave to file the 42 LLC reports.  Mattel's assertion that it took "months of motion practice" to obtain Mr. Larian's hard drives is also misleading.[12]  In truth, the "months of motion practice" regarding Mr. Larian's hard drives was a function not of any delay by Mr. Larian, but rather the Discovery Master's rejection of Mattel's first attempt to obtain the hard drive devices and Mattel's subsequent appeal of that ruling.[13]

Mattel likewise misrepresents the record regarding the inspection of Ms. Cloonan's Zip disk.  Although the MGA Parties were not involved in any of the issues relating to such inspection, Mattel and Ms. Cloonan have filed numerous pleadings discussing the relevant facts.  Most notably, the prior pleadings disclose that in November 2007, at Mattel's request, Ms. Cloonan's counsel produced the Zip disk to an independent expert, which was recommended and paid by Mattel.[14]  The

---

[10] Mot. at 4.

[11] Etcheverry Decl., ¶ 3.

[12] Mot. at 4.

[13] Docket No. 1439 at 16-17 (denying Mattel's motion to compel production of Mr. Larian's hard drives for inspection).

[14] Docket No. 3525 at 1-4.

1  expert thereafter searched the Zip disk for files pursuant to an agreed-upon protocol
2  that included searching the disk's unallocated space for files containing the term
3  "Bratz," as well as many other terms.[15]  In light of these facts, Mattel's assertions
4  that it first learned of the Zip disk in December 2007 and that its first opportunity to
5  inspect the Zip disk came in May 2008 are simply not true.

6  **IV.  THE MGA PARTIES ARE SEEKING TO REACH AGREEMENT WITH MATTEL REGARDING THE TIMING OF EXPERT REPORTS, DISCOVERY AND TRIAL TESTIMONY.**
7

8      Per the Court's suggestion, the MGA Parties proposed a schedule to Mattel
9  with respect to the completion of expert reports and expert discovery, and the timing
10  of any trial testimony.  Mattel responded with certain proposed revisions, which
11  included providing 42 LLC additional time to serve a final report regarding the
12  Larian electronic media.  The MGA Parties incorporated some of Mattel's revisions
13  and proposed certain additional modifications.  The current proposed stipulation
14  being considered by the parties is summarized below:

15      **1.  Expert Reports.**  The MGA Parties would serve a rebuttal report to the
16  Cloonan Report by June 18, 2008, at 12:00 p.m.  Because the Larian Report is only
17  "preliminary," as 42 LLC makes clear, Mattel would serve a final report from 42
18  LLC regarding the Larian electronic media by June 17, 2008, with the MGA Parties'
19  rebuttal report to be served eight days thereafter.

20      **2.  Expert Discovery.**  The deposition, if any, of Mattel's expert witness,
21  Mr. Pavan, would be conducted on or before June 23, 2008.  The deposition, if any,
22  of the MGA Parties' expert witness(es) would be conducted on or before June 27,
23  2008.  Discovery regarding these expert witnesses would be governed by the terms
24  of the Court's Order on Stipulation Re: Expert Discovery for Phase 1, filed March 11,
25  2008, except that the time for producing responsive documents would be reduced
26  from seven days to three days.

27
28  [15] *Id.*; Docket No. 3287 at 6-7.

1      **3.**    **Trial Testimony.** The parties would agree to work together regarding

2 the scheduling and orderly presentation of any testimony by the above-referenced

3 expert witnesses at trial. The parties would not object to the experts' testimony on

4 the basis that the offering party did not present the expert in its case-in-chief. The

5 parties would reserve all other objections to the admissibility of the experts'

6 testimony. The parties would agree to permit limited testimony from the experts

7 regarding authentication of certain documents in the event the parties could not reach

8 agreement on authentication of those documents. [16]

9                          *    *    *

10      Should the parties reach agreement on these issues, the MGA Parties will

11 promptly submit a stipulation and proposed order to the Court for consideration. If

12 the parties are unable to reach agreement on these issues, then the MGA Parties

13 would respectfully request that the Court enter a scheduling order that tracks with the

14 proposed stipulation attached as Exhibit A.

15 DATED: June 13, 2008           SKADDEN, ARPS, SLATE, MEAGHER &
16                           FLOM, LLP

17                          By: /s/ Thomas J. Nolan
18                             Thomas J. Nolan

19                          Attorneys for MGA Entertainment, Inc.
                            MGA Entertainment (HK) Limited,
20                          MGAE de Mexico, S.R.L. DE C.V., and
                            Isaac Larian

21

22

23

24

25

26

27    [16]  A copy of the current proposed stipulation that has been presented to Mattel
28 regarding these issues is attached hereto as Exhibit A.

.

**Exhibit A**

THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA  90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
E-mail:  tnolan@skadden.com

RAOUL D. KENNEDY (Bar No.  40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, California  94111-5974
Telephone:  (415) 984-6400
Facsimile:  (415) 984-2698
Email:  rkennedy@skadden.com

Attorneys for Counter-Defendants
MGA ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LIMITED, and
MGAE de MEXICO S.R.L. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | Hon. Stephen G. Larson |
| MATTEL, INC., a Delaware corporation | **STIPULATION RE: EXPERT REPORTS AND TESTIMONY RE ELECTRONIC MEDIA OF ISAAC LARIAN, FARHAD LARIAN AND ELISE CLOONAN** |
| Defendant. | |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | [[Proposed] Order filed concurrently herewith] |

Exhibit A ,
P. 8

**STIPULATION**

This Stipulation is entered into by and between Mattel, on the one hand, and MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, the "MGA Parties"), on the other hand, with reference to the following:

WHEREAS, on June 9, 2008, Mattel served an Examination Report of 42 LLC concerning forensic examination of certain electronic media of Elise Cloonan (the "Cloonan Report") and a Preliminary Examination Report of 42 LLC concerning forensic examination of certain electronic media of Isaac Larian and Farhad Larian (the "Preliminary Larian Report") (collectively, the "42 LLC Reports");

WHEREAS, with respect to the Preliminary Larian Report, 42 LLC has stated that its analysis is preliminary and that it may supplement the Preliminary Larian Report;

WHEREAS, pursuant to the protocol agreed upon by the parties, the MGA Parties' counsel, Skadden Arps, is currently reviewing certain files extracted from Mr. Larian's hard drives by 42 LLC for responsiveness and privilege (the "Files Under Review"); and

WHEREAS, on June 9, 2008, Mattel filed a motion for leave to (1) submit the 42 LLC Reports, and (2) call Christopher Pavan of 42 LLC to testify as to the 42 LLC Reports (the "Motion for Leave");

THEREFORE, the undersigned parties, through their undersigned counsel, stipulate and agree as follows, subject to the Court's approval:

1.    The MGA Parties' response to Mattel's Motion for Leave shall be filed and served by June 13, 2008.

2.    Any supplement by Mattel to the Preliminary Larian Report shall be served on the MGA Parties no later than June 17, 2008, after which time the

-1-

Exhibit A,
P. 9

1  Preliminary Larian Report and any previously-served supplement thereto shall
2  constitute the complete report of 42 LLC concerning forensic examination of certain
3  electronic media of Isaac Larian and Farhad Larian (the "Final Larian Report").

4         3.     To the extent that Skadden Arps deems it appropriate to produce to
5  Mattel any of the Files Under Review ("Produced Files"), the parties agree to meet
6  and confer regarding authentication of any Produced Files that are intended to be
7  used at trial.  If the parties are unable to reach agreement regarding authentication of
8  the Produced Files within four (4) court days following their identification by
9  Skadden Arps, the parties may offer testimony at trial from the Expert Witnesses
10  (defined below) regarding authentication of such documents, provided that such
11  testimony does not add to or otherwise modify any of the opinions or bases or
12  reasons therefor that are set forth in their previously served expert reports.

13         4.     The MGA Parties shall serve Mattel no later than June 18, 2008, by
14  12:00 p.m., with the disclosures set forth in Fed. R. Civ. P. 26(a)(2)(A) & (B) with
15  respect to any expert testimony that the MGA Parties may offer in response to the
16  Cloonan Report.

17         5.     The deposition, if any, of Mr. Pavan shall be conducted on or before
18  June 23, 2008.

19         6.     The MGA Parties shall serve Mattel no later than June 25, 2008, with
20  the disclosures set forth in Fed. R. Civ. P. 26(a)(2)(A) & (B) with respect to any
21  expert testimony that the MGA Parties may offer in response to the Final Larian
22  Report.  To the extent that the Final Larian Report materially modifies or adds to the
23  analysis or findings set forth in the Preliminary Larian Report, the MGA Parties
24  reserve the right to seek an order extending their time to respond.

25         7.     The depositions, if any, of the expert witness(es) disclosed by the MGA
26  Parties pursuant to paragraphs 4 and 6 above (collectively, with Mr. Pavan, the
27  "Expert Witnesses") shall be conducted on or before June 27, 2008.

28

-2-

Exhibit A ,
P. 10

1   8.   Discovery with respect to the Expert Witnesses shall be governed by the
2   terms of the Order on Stipulation Re: Expert Discovery for Phase 1, filed March 11,
3   2008, except that documents responsive to Expert Document Requests to the Expert
4   Witnesses shall be served within three (3) calendar days of the receipt by counsel of
5   the Expert Document Requests.
6   9.   The parties will work together regarding the scheduling and orderly
7   presentation of any testimony by the Expert Witnesses at trial.  The parties agree not
8   to object to the testimony of any of the Expert Witnesses on the basis that the
9   offering party did not present such witness in its case-in-chief.  The parties reserve
10  all other objections to the admissibility of testimony by any of the Expert Witnesses.
11
12  *[Remainder of page intentionally left blank]*
13
14
15
16
17
18
19
20
21
22
23
24
25
26  Exhibit __A__ ,
27  P. __11__
28

-3-

STIPULATION RE EXPERT REPORTS AND TESTIMONY RE ELECTRONIC MEDIA OF ISAAC LARIAN, FARHAD LARIAN AND ELISE CLOONAN
Case No. CV 04-9049 SGL (RNBx)

1  IT IS SO STIPULATED.

2  DATED:  June __, 2008          SKADDEN, ARPS, SLATE, MEAGHER
3                                                   & FLOM, LLP

4

5                                         By: _____
                                                  Carl A. Roth
6                                         Attorneys for Counter-Defendants
                                          MGA ENTERTAINMENT, INC., ISAAC LARIAN,
7                                         MGA ENTERTAINMENT (HK) LIMITED, and
                                          MGAE de MEXICO S.R.L. de C.V.
8

9  DATED:  June __, 2008          QUINN EMANUEL URQUHART OLIVER
10                                                 & HEDGES, LLP

11

12                                      By: _____
                                                  Jon D. Corey
13                                      Attorneys for Mattel, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26                                      Exhibit A ,
                                          P. 12
27

28                                            -4-
_____
STIPULATION RE EXPERT REPORTS AND TESTIMONY RE ELECTRONIC MEDIA OF ISAAC LARIAN, FARHAD
LARIAN AND ELISE CLOONAN
Case No. CV 04-9049 SGL (RNBx)