QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| Defendant. | **MATTEL, INC.'S OBJECTIONS TO MGA PARTIES' SECOND REVISED [PROPOSED] PHASE 1-A SPECIAL VERDICT FORM** |
| AND CONSOLIDATED ACTIONS | |
| | **Phase 1:**<br><br>Pre-Trial Conference:   May 19, 2008<br>Trial Date:               May 27, 2008 |

1    Plaintiff Mattel, Inc. ("Mattel") hereby objects to defendants' belatedly
2  submitted second revised proposed special verdict form for Phase 1A of the trial in
3  this matter.  Mattel requests and reserves the right to amend, modify, withdraw
4  and/or supplement the following objections during the trial of this matter.  Mattel
5  reserves the right to submit further objections to defendants' proposed verdict form
6  depending upon and based upon rulings issued in connection with any motions *in*
7  *limine* or other pre-trial or trial motions, and the evidence and theories proffered by
8  the parties during the course of the trial.  Each of Mattel's General Objections to this
9  verdict form and defendants' proposed jury instructions is hereby expressly
10  incorporated in full in the objections to the specific verdict form and proposed
11  findings.

12  DATED:  June 25, 2008                QUINN EMANUEL URQUHART OLIVER &
13                                       HEDGES, LLP

14
15                                       By  /s/ Jon D. Corey
16                                           Jon D. Corey
                                             Attorneys for Mattel, Inc.
17
18
19
20
21
22
23
24
25
26
27
28

# **GENERAL OBJECTIONS**

Each of the following General Objections is hereby incorporated in full into the objections to specific verdict forms and proposed findings set forth below:

1.      Mattel objects generally to defendants' proposal to present the jury with an argumentative and defense-slanted verdict form.  Defendants will be afforded an opportunity at the close of the evidence to present argument as to any issues properly presented to the jury.  There is no reason for defendants to attempt to re-argue the issues in their proposed verdict forms.  Yet defendants now propose to bombard the jury with forms containing every argument and addressing every sub-issue they believe is in the case, each framed as a special verdict question.  The result is a convoluted, over-length set of forms.  There is no reason to require the jury to make explicit findings on every element of every claim.  Instead, defendants have proposed this to attempt to induce the jury to find for them by improperly erecting hurdles the jury must jump over to find for Mattel.

2.      Mattel further objects to defendants' proposed verdict forms for Phase 1A on the ground that they improperly and confusingly ask the jury to make findings on issues the Court has already adjudicated in connection with the parties' motions for partial summary judgment and are contrary to the Court's findings.  *See, e.g.*, April 25, 2008 Order Granting in Part, Denying in Part, and Deferring in Part the Parties' Motions for Partial Summary Judgment ("April 25, 2008 Order"); June 7, 2008 Final Pre-Trial Conference Order for Phase 1 Trial ("Final Pre-Trial Conference Order").

The Court has already held as a matter of law that the "Inventions Agreement explicitly conveys to Mattel an employee's interest in any copyright applications" and that, assuming copyrightability and resolution of timing issues in Mattel's favor, "the original Bratz drawings clearly fall within the scope of the Inventions Agreement."  April 25, 2008 Order, at 4.  The Court confirmed in the Final Pre-Trial

Conference Order that "Mattel owns 'any Bratz-related "inventions" (including any designs, improvements, ideas, concepts and copyrightable subject matter)' that Carter Bryant 'created during the period of his employment with Mattel.'" Final Pre-Trial Conference Order, at 4.

The Court also found as a matter of law that Bryant owed a fiduciary duty and duty of loyalty to Mattel and that he breached his duty of loyalty when he "secretly entered into a contract with Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products." April 25, 2008 Order, at 5-6.

The Court also ruled that Mattel has satisfied at least two elements of its claim against MGA and Larian for intentional interference with contractual relations. April 25, 2008 Order, at 6; May 21, 2008 Order, at 9-10 (finding that the first element [a valid contract] and fifth element [resulting damage] are met).

3.      Mattel further objects to the defendants' proposed verdict forms on the ground that the questions they pose deviate substantially from the model instructions found in the Ninth Circuit Manual of Model Jury Instructions and CACI.

4.      Mattel further objects to the defendants' proposed verdict forms on the ground that the questions they pose incorporate the same erroneous statements of law that are set forth in the defendants' revised disputed proposed jury instructions. *See* Mattel's Objections to the Defendants' Revised Disputed Proposed Jury Instructions.  If these erroneous statements of law are included in the final verdict form, an unfavorable verdict would be subject to reversal on appeal.

5.      Mattel further objects to the defendants' proposed verdict forms on the ground that they are excessively fact-specific and argumentative, which makes them hopelessly confusing and prejudicial.  Many of the "facts" assumed by the defendants in their proposed verdict forms are argumentative, biased and inaccurate. The defendants make numerous assumptions in their proposed verdict forms regarding what Mattel claims, many of which are irrelevant and unnecessary the

causes of action at issue in this case.  For example, defendants ask the jury to make numerous findings regarding whether Bryant breached his contracts with Mattel, even though Mattel need not prove actual breach to recover against defendants for intentional interference with contractual relations.

6.      Mattel further objects to the defendants' proposed verdict forms on the ground that they are materially biased toward the defendants.

7.      Mattel further objects to defendants' proposed verdict forms on the ground that defendants' instructions are inconsistent with applicable legal standards, as set forth in the briefing on Mattel's motion for partial summary judgment, Mattel's motions in limine and Mattel's proposed jury instructions, which are hereby incorporated herein.

8.      Mattel incorporates by reference herein, each of the objections that it has made or may make to the jury instructions proposed by MGA to the extent that they relate to the same subject matter addressed by those objections.

9.      Based on the foregoing General Objections, Mattel respectfully requests that the Court reject defendants' proposed verdict form in its entirety.  To the extent the Court intends to adopt any portion of defendants' proposed verdict form, Mattel reserves the right to assert additional General and Specific Objections to defendants' proposed form.

## SPECIFIC OBJECTIONS—PHASE 1-A VERDICT FORM

### Question No. 1:  Ownership of Drawings

Mattel objects to defendants' proposed verdict form as follows:

Defendants proposed verdict form is vague and ambiguous because it does not specify the Bratz-related works that Mattel claims it owns pursuant to the Inventions Agreement, as Mattel's proposed form does.  Accordingly, the proposed jury finding would be unclear and insufficient for purposes of Mattel's declaratory relief claim.

Defendants' proposed form is also compound and therefore misleading.  As the Court has already ruled as a matter of law, Mattel owns all Bratz-related inventions created by Bryant while he was employed by Mattel.  *See* April 25, 2008 Order, at 4-5; June 7, 2008 Final Pre-Trial Conference Order, at 4.  Mattel owns those works regardless of when Bryant "conceived of the idea for" Bratz. Accordingly, it is misleading and improper for defendants to suggest – as this proposed form does – that Mattel must prove that Bryant both conceived of the idea and created works while he was employed by Mattel in order for Mattel to own Bratz-related works.

Further, the proposed form improperly attempts to limit Mattel's claim to the idea for Bratz and the "initial master drawings of the Bratz characters."  Mattel's claim is not so limited.  As set forth in Mattel's proposed verdict form, Mattel claims that it owns numerous Bratz-related works created by Bryant while he was employed by Mattel.  It is up to the jury to make findings as to the ownership of those works.  It is improper and misleading for defendants to limit the jury's findings to some sub-set of the works identified in Mattel's proposed verdict form.  Nor is the phrase "initial master drawings of the Bratz characters" defined, rendering the

1  question hopelessly vague.  Nor is this phrase proper in the first place -- it is a

2  slanted, loaded phrase designed to further MGA's theory of the case.

3      Defendants' proposed question should be rejected.

4

5  **Question No. 2:  Intentional Interference with Contract**

6

7      Defendants' proposed form regarding intentional interference with contract

8  incorporates the same erroneous statements of law as their proposed jury

9  instructions and should be rejected on that basis alone.  To the extent the Court is

10  inclined to ask the jury to make such specific findings regarding Mattel's claims

11  (which Mattel does not think is necessary), such findings should track the elements

12  of the claim as set forth in the model instruction found in CACI (as Mattel's

13  proposed jury instruction does).  Defendants' proposed form does not conform to the

14  model instruction.

15      Mattel objects to defendants' specific proposed questions follows:

16      (a)    This proposed question is erroneous as a matter of law and therefore

17  misleading and prejudicial to Mattel.  Defendants are simply making up elements of

18  an intentional interference claim that are contrary to the law.  The issue of whether

19  or not MGA or Larian approached Carter Bryant first is irrelevant.  That is not an

20  element of this claim.  *See* CACI No. 2201; April 25, 2008 Order, at 6.  MGA and

21  Larian are liable if they knew of Bryant's contract(s) with Mattel; intended to disrupt

22  the performance of the contract; prevented performance or made performance more

23  difficult; Mattel was harmed; and MGA and/or Larian's conduct was a substantial

24  factor in causing Mattel's harm.  *See* CACI No. 2201; *Plessinger v. Castleman and*

25  *Haskell*, 838 F. Supp 448, 452 (N.D. Cal. 1993) ("[I]ntent can be met by an

26  allegation that the defendant engaged in an intentional act designed to 'disrupt' the

27  plaintiff's contractual relationship.... and that disruption includes acts which make

28  the plaintiff's performance under the contract more difficult or burdensome");

1  *Pacific Gas & Electric Co. v . Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990).

2  Even if the issue of initial contact were somehow relevant (which it is not), it

3  certainly would not be Mattel's burden of proof.

4      (b)    This proposed question is erroneous as a matter of law and therefore

5  misleading and prejudicial to Mattel.  Defendants wrongly state that Mattel must

6  prove that defendants were aware of the "material terms" of the contract or contracts

7  between Bryant and Mattel.  That is not the law.  Mattel need only prove that

8  defendants "knew of the contract."  *See* CACI No. 2201.

9      (c)    This proposed question is erroneous as a matter of law and therefore

10  misleading and prejudicial to Mattel.  Mattel need not prove that Bryant actually

11  breached his contract with Mattel to recover against defendants for intentional

12  interference with contractual relations.  Mattel need only prove that performance of

13  the contract was disrupted or made more difficult.  *See* CACI No. 2201; *see also*

14  April 25, 2008 Order, at 6.

15      (d)    The Court has already found, as a matter of law, that Mattel was

16  harmed by defendants' conduct.  *See* April 25, 2008 Order, at 6 (finding that the

17  "resulting damage" element of Mattel's claim for intentional interference with

18  contractual relations has been met).  Hence, the jury need not make such a finding.

19      (e)    This proposed question is duplicative and unnecessary.  The Court has

20  already found that Mattel was harmed as a result of the disruption of its contractual

21  relationship with Bryant.  *See* April 25, 2008 Order, at 6.  There is no need for the

22  jury to make a separate finding that defendants were a "substantial factor" in causing

23  that harm, which is implicit in any finding of harm.

24      Defendants' proposed question also improperly attempts to limit their

25  wrongful conduct to "entering into an agreement with Carter Bryant" when Mattel's

26  claim is based on all of defendants' conduct that interfered with the contractual

27  relationship between Mattel and Bryant.

28

(f)     This proposed question is erroneous as a matter of law and therefore misleading and prejudicial to Mattel.  Defendants are simply making up elements of this claim that are contrary to law.  Defendants have no basis to inform the jury that Mattel must prove that defendants were "certain that they were contracting for something that belonged to Mattel when [they] contracted with Bryant for the rights to Bratz."  That is not an element of an intentional interference claim.  *See* CACI No. 2201; April 25, 2008 Order, at 6.  Accordingly, it is improper and prejudicial for defendants to inform the jury that Mattel must prove that issue in order to establish liability.

Defendants' proposed question also improperly attempts to limit their wrongful conduct to "contract[ing] with Bryant for the rights to Bratz" when Mattel's claim is based on all of defendants' conduct that interfered with the contractual relationship between Mattel and Bryant.

Defendants' proposed questions should be rejected.

## **Question No. 3:  Conversion**

All of defendants' proposed questions regarding Mattel's conversion claim are erroneous and misleading to the extent they omit reference to MGA (HK).  Mattel is pursuing a conversion claim against MGA, Isaac Larian and MGA (HK).  *See* Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims ("Mattel's Counterclaims"), at 72 (conversion claim "Against All Counter-defendants"); *see also* Final Pre-Trial Conference Order, at 11.

Mattel objects to defendants' specific proposed questions as follows:

(a)     This proposed instruction is vague, ambiguous and confusing as written.  To the extent the Court is inclined to ask the jury to make specific findings regarding Mattel's conversion claim (which Mattel does not think is necessary), the question should simply ask whether Mattel has proved it owns tangible Bratz-related

1  works.  The inclusion of the phrase "under its contract with Carter Bryant" is

2  unnecessary and makes the proposed question confusing to the extent it suggests

3  that the jury must make some sort of finding regarding Mattel's contract with

4  Bryant.  As set forth above, the Court has already ruled as a matter of law that

5  Mattel owns any Bratz-related works that Bryant created while employed with

6  Mattel.  *See* April 25, 2008 Order, at 4-5; June 7, 2008 Final Pre-Trial Conference

7  Order, at 4.

8       While defendants' proposed question is improper, it is worth noting that

9  defendants refer to Mr. Bryant's works as "Bratz drawings" in it.  Defendants should

10  not be heard to object when Mattel does the same in its proposed verdict forms.

11       (b)     This proposed question is erroneous as a matter of law and therefore

12  misleading and prejudicial to Mattel.  Defendants' proposed question wrongly states

13  that Mattel must prove that defendants "intentionally prevented Mattel from having

14  access to" the tangible items in question, when it is sufficient for Mattel to prove

15  that defendants either intentionally took possession of the items <u>or</u> prevented access

16  to them.  *See* CACI No. 2100.

17       (c)     This proposed question is vague and ambiguous in its reference to "any

18  of the above conduct."

19       (d)     This proposed question is duplicative and unnecessary.  There is no

20  need for the jury to make a separate finding that defendants were a "substantial

21  factor" in causing harm, when that is implicit in any finding of harm.

22       Defendants' proposed questions should be rejected.

23

24  **Question No. 4:  Aiding and Abetting Breach of Fiduciary Duty Other Than to**

25  **Maintain the Confidentiality of Information Provided to Him by Mattel**

26

27       Mattel objects to the title of this question as argumentative and misleading,

28  and because it misstates the Court's rulings regarding Bryant's fiduciary duty to

1    Mattel.  The Court ruled as a matter of law that Bryant owed a fiduciary duty to

2    Mattel with respect to "Mattel's confidential information," which would include any

3    Bratz-related materials provided by Bryant to defendants that Mattel proves that it

4    owns.  *See* May 21, 2008 Order re Motion for Reconsideration, at 4 & n.2.

5    Accordingly, Bryant's fiduciary duty already established as a matter of law is not

6    limited to "Information Provided to [Bryant] by Mattel," as defendants misleadingly

7    suggest.  The title is also vague and ambiguous to the extent it refers to "Him"

8    instead of Carter Bryant.

9             Further, defendants' proposed form regarding Mattel's claim for aiding and

10   abetting breach of fiduciary duty (Question Nos. 4 and 5) is unintelligible and

11   confusing.  Defendants attempt to artificially separate this claim into two parts:

12   "Breach of Fiduciary Duty Other Than to Maintain the Confidentiality of

13   Information Provided to Him by Mattel" and "Breach of Fiduciary Duty to Maintain

14   the Confidentiality of Information Provided to Him by Mattel."  The proposed form

15   as written is convoluted, and the jury is sure to be confused by defendants' artificial

16   separation.  Mattel's claim is that defendants aided and abetted Bryant's breaches of

17   fiduciary duty, whatever the jury finds those breaches to be based on the evidence

18   admitted at trial.  It is improper and prejudicial to Mattel for defendants to attempt to

19   break down Mattel's claim in this manner.

20            Mattel further objects to defendants' specific proposed questions as follows:

21            (a)      This proposed question is unintelligible and confusing to the extent it

22   (like the title of this proposed form) references a "fiduciary duty to Mattel <u>other than</u>

23   to maintain the confidentiality of information provided to him by Mattel."  Mattel's

24   claim is that defendants aided and abetted Bryant's breaches of fiduciary duty,

25   whatever the jury finds those breaches to be based on the evidence admitted at trial.

26   It is improper and prejudicial to Mattel for defendants to attempt to break down

27   Mattel's claim in this artificial manner.

28

1    This proposed question also misstates the Court's rulings regarding Bryant's

2  fiduciary duty to Mattel.  The Court ruled as a matter of law that Bryant owed a

3  fiduciary duty to Mattel with respect to "Mattel's confidential information," which

4  would include any Bratz-related materials provided by Bryant to defendants that

5  Mattel proves that it owns.  *See* May 21, 2008 Order re Motion for Reconsideration,

6  at 4 & n.2.  Accordingly, Bryant's fiduciary duty already established as a matter of

7  law is not limited to "Information Provided to [Bryant] by Mattel," as defendants

8  misleadingly suggest.

9    Finally, defendants' question is also erroneous to the extent it purports to

10  inform the jury that Mattel must prove that Bryant "expressly agreed" to assume a

11  fiduciary duty to Mattel.  That is not the law.  *See, e.g.*, *Michelson v. Hamada*, 29

12  Cal. App. 4th 1566, 1581 (1991) (fiduciary relationships arise "whenever trust and

13  confidence is reposed by one person in the integrity of another"); *Carpenter v.*

14  *United States*, 484 U.S. 19, 27 (1987) (at common law, "even in the absence of a

15  written contract, an employee has a fiduciary obligation to protect confidential

16  information obtained during the course of his employment).  In any case, the Court

17  has already found that Mr. Bryant did so agree.  There is no reason to ask the jury to

18  make such a finding again.

19    (c)    The proposed question misstates the law and erroneously states that

20  Mattel must prove that it suffered harm "while Carter Bryant was employed at

21  Mattel."  That is not supported by law.  Mattel need only prove that it was harmed

22  by Bryant's breach of fiduciary duty.  *See, e.g.*, CACI No. 4102.  Mattel is entitled to

23  recover damages for all harm caused by defendants' wrongful conduct, including

24  harm to Mattel after Bryant left Mattel.  *See Cal. Civ. Code* § 3333 ("For the breach

25  of an obligation not arising from contract, the measure of damages . . . is the amount

26  which will compensate *for all the detriment proximately caused thereby, whether it*

27  *could have been anticipated or not*."); *see also County of San Bernardino v. Walsh*,

28  158 Cal. App. 4th 533, 543 (2007) ("Disgorgement of profits is particularly

applicable in cases dealing with breach of a fiduciary duty"; "Active participants in the breach of fiduciary duty by another are accountable for all advantages they gained thereby and are liable to the beneficiary of the duty").

(d)     The jury instructions set forth the elements of Mattel's claims.  There is no reason to include each and every element of a claim in the verdict form as well.  Moreover, defendants' phrasing misstates the legal elements of Mattel's claim.

(e)     This proposed question is erroneous as a matter of law and therefore misleading and prejudicial to Mattel.  Contrary to defendants' proposed form, Mattel is not required to prove that MGA and/or Larian "made a conscious decision to participate in wrongful activity designed to assist Carter Bryant's breach of [] fiduciary duty." *See Berg & Berg Enter. LLC v. Sherwood Partners, Inc.*, 131 Cal. App. 4th 802, 823 n.10 (2005) (finding aiding and abetting does not require that a defendant agree to join the wrongful conduct).  As set forth in Mattel's proposed jury instructions, MGA and/or Larian are liable for aiding and abetting Bryant's breaches of duty if they knowingly provided him substantial assistance in so acting. *See Neilson v. Union Bank of Calif.*, 290 F. Supp. 2d 1101, 1119 (C.D. Cal. 2003). Indeed, even ordinary business transactions can constitute substantial assistance. *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005) (finding that ordinary business transactions by a bank were sufficient to constitute substantial assistance).

Defendants' proposed questions should be rejected.


**Question No. 5:  Aiding and Abetting Breach of Fiduciary Duty to Maintain the Confidentiality of Information Provided to Him by Mattel**


Mattel objects to the title of this question as argumentative and misleading, and because it misstates the Court's rulings regarding Bryant's fiduciary duty to Mattel.  The Court ruled as a matter of law that Bryant owed a fiduciary duty to

1   Mattel with respect to "Mattel's confidential information," which would include any

2   Bratz-related materials provided by Bryant to defendants that Mattel proves that it

3   owns.  *See* May 21, 2008 Order re Motion for Reconsideration, at 4 & n.2.

4   Accordingly, Bryant's fiduciary duty already established as a matter of law is not

5   limited to "Information Provided to [Bryant] by Mattel," as defendants misleadingly

6   suggest.  The title is also vague and ambiguous to the extent it refers to "Him"

7   instead of Carter Bryant.

8       Further, defendants' proposed form regarding Mattel's claim for aiding and

9   abetting breach of fiduciary duty (Question Nos. 4 and 5) is unintelligible and

10  confusing.  Defendants attempt to artificially separate this claim into two parts:

11  "Breach of Fiduciary Duty Other Than to Maintain the Confidentiality of

12  Information Provided to Him by Mattel" and "Breach of Fiduciary Duty to Maintain

13  the Confidentiality of Information Provided to Him by Mattel."  The proposed form

14  as written is convoluted, and the jury is sure to be confused by defendants' artificial

15  separation.  Mattel's claim is that defendants aided and abetted Bryant's breaches of

16  fiduciary duty, whatever the jury finds those breaches to be based on the evidence

17  admitted at trial.  It is improper and prejudicial to Mattel for defendants to attempt to

18  break down Mattel's claim in this manner.

19      Mattel further objects to defendants' specific proposed questions as follows:

20      (a)    This proposed instruction is contrary to the Court's April 25, 2008

21  Order.  The Court has already found as a matter of law that Bryant owed a fiduciary

22  duty to Mattel with respect to Mattel's confidential information.  *See* April 25, 2008

23  Order, at 5-6; May 21, 2008 Order, at 4.  Hence, the jury need not make such a

24  finding.

25      In any event, this proposed question is unintelligible and confusing to the

26  extent it (like the title of this proposed form) references a "fiduciary duty to Mattel

27  to maintain the confidentiality of information provided to him by Mattel."  Mattel's

28  claim is that defendants aided and abetted Bryant's breaches of fiduciary duty,

1   whatever the jury finds those breaches to be based on the evidence admitted at trial.

2   It is improper and prejudicial to Mattel for defendants to attempt to break down

3   Mattel's claim in this artificial manner.

4          This proposed question also misstates the Court's rulings regarding Bryant's

5   fiduciary duty to Mattel.  The Court ruled as a matter of law that Bryant owed a

6   fiduciary duty to Mattel with respect to "Mattel's confidential information," which

7   would include any Bratz-related materials provided by Bryant to defendants that

8   Mattel proves that it owns.  *See* May 21, 2008 Order re Motion for Reconsideration,

9   at 4 & n.2.  Accordingly, Bryant's fiduciary duty already established as a matter of

10  law is not limited to "Information Provided to [Bryant] by Mattel," as defendants

11  misleadingly suggest.

12         Finally, defendants' question is also erroneous to the extent it purports to

13  inform the jury that Mattel must prove that Bryant "expressly agreed" to assume a

14  fiduciary duty to Mattel.  That is not the law.  *See, e.g.*, *Michelson v. Hamada*, 29

15  Cal. App. 4th 1566, 1581 (1991) (fiduciary relationships arise "whenever trust and

16  confidence is reposed by one person in the integrity of another"); *Carpenter v.*

17  *United States*, 484 U.S. 19, 27 (1987) (at common law, "even in the absence of a

18  written contract, an employee has a fiduciary obligation to protect confidential

19  information obtained during the course of his employment).  In any case, the Court

20  has already found that Mr. Bryant did so agree.  There is no reason to ask the jury to

21  make such a finding again.

22         (b)     This proposed question misstates the Court's rulings regarding Bryant's

23  fiduciary duty to Mattel established as a matter of law.  The Court ruled that Bryant

24  owed a fiduciary duty to Mattel with respect to "Mattel's confidential information,"

25  which would include any Bratz-related materials provided by Bryant to defendants

26  that Mattel proves that it owns.  *See* May 21, 2008 Order re Motion for

27  Reconsideration, at 4 & n.2.  Accordingly, Bryant's fiduciary duty already

28

1  established as a matter of law is not limited to "Information Provided to [Bryant] by

2  Mattel," as defendants misleadingly suggest.

3       (c)     The proposed question misstates the law and erroneously states that

4  Mattel must prove that it suffered harm "while Carter Bryant was employed at

5  Mattel." That is not supported by law. Mattel need only prove that it was harmed

6  by Bryant's breach of fiduciary duty. *See, e.g.*, CACI No. 4102. Mattel is entitled to

7  recover damages for all harm caused by defendants' wrongful conduct, including

8  harm to Mattel after Bryant left Mattel. *See Cal. Civ. Code* § 3333 ("For the breach

9  of an obligation not arising from contract, the measure of damages . . . is the amount

10 which will compensate *for all the detriment proximately caused thereby, whether it*

11 *could have been anticipated or not*."); *see also County of San Bernardino v. Walsh*,

12 158 Cal. App. 4th 533, 543 (2007) ("Disgorgement of profits is particularly

13 applicable in cases dealing with breach of a fiduciary duty"; "Active participants in

14 the breach of fiduciary duty by another are accountable for all advantages they

15 gained thereby and are liable to the beneficiary of the duty").

16      (d)     The jury instructions set forth the elements of Mattel's claims. There is

17 no reason to include each and every element of a claim in the verdict form as well.

18 Moreover, defendants' phrasing misstates the legal elements of Mattel's claim.

19      (e)     This proposed question is erroneous as a matter of law and therefore

20 misleading and prejudicial to Mattel. Contrary to defendants' proposed form, Mattel

21 is not required to prove that MGA and/or Larian "made a conscious decision to

22 participate in wrongful activity designed to assist Carter Bryant's breach of []

23 fiduciary duty." *See Berg & Berg Enter. LLC v. Sherwood Partners, Inc.*, 131 Cal.

24 App. 4th 802, 823 n.10 (2005) (finding aiding and abetting does not require that a

25 defendant agree to join the wrongful conduct). As set forth in Mattel's proposed

26 jury instructions, MGA and/or Larian are liable for aiding and abetting Bryant's

27 breaches of duty if they knowingly provided him substantial assistance in so acting.

28 *See Neilson v. Union Bank of Calif.*, 290 F. Supp. 2d 1101, 1119 (C.D. Cal. 2003).

1   Indeed, even ordinary business transactions can constitute substantial assistance.

2   *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005) (finding that

3   ordinary business transactions by a bank were sufficient to constitute substantial

4   assistance).

5        Defendants' proposed questions should be rejected.

6

7   **Question No. 6:  Aiding and Abetting Breach of Duty of Loyalty Other Than**

8   **Not Entering Into a Contract with Another Company While Employed at**

9   **Mattel**

10

11       Mattel objects to the title of this question as argumentative and misleading,

12  and because it misstates the Court's rulings regarding Bryant's duty of loyalty.  The

13  Court ruled as a matter of law that Bryant owed a duty of loyalty to Mattel and that

14  he breached that duty.  *See* April 25, 2008 Order, at 5 (finding that "Bryant, like all

15  other California employees, owed a duty of loyalty to Mattel while employed

16  there").  An employee's duty of loyalty is a general duty of undivided loyalty, which

17  precludes an employee from acting against his employer's best interests.  *See* CACI

18  No. 4102.  The Court did not purport to limit Bryant's duty of loyalty to some

19  limited duty to "not enter into a contract with another company while employed at

20  Mattel," as defendants misleadingly suggest.  The title is also vague and ambiguous

21  to the extent it does not refer to Carter Bryant.

22       Further, defendants' proposed form regarding Mattel's claim for aiding and

23  abetting breach of the duty of loyalty (Question Nos. 6 and 7) is unintelligible and

24  confusing.  Defendants attempt to artificially separate this claim into two parts:

25  "Breach of Duty of Loyalty Other Than Not Entering Into a Contract with Another

26  Company While Employed at Mattel" and "Breach of Duty of Loyalty by Entering

27  Into a Contract with Another Company While Employed at Mattel."  The proposed

28  form as written is convoluted, and the jury is sure to be confused by defendants'

1   artificial separation.  As set forth above, an employee's duty of loyalty is a general

2   duty of undivided loyalty, which precludes an employee from acting against his

3   employer's best interests.  Such a duty of loyalty is not appropriately broken down,

4   as defendants suggest, into some lesser duties not to do certain specific things (like

5   entering into a contract with a competitor).  Mattel's claim is that defendants aided

6   and abetted Bryant's breaches of the duty of loyalty, which includes the specific

7   breaches that the Court has found as a matter of law (*see* April 25, 2008 Order, at 5-

8   6), as well as any additional breaches of the duty of loyalty that the jury finds based

9   on the evidence admitted at trial.  It is improper and prejudicial for defendants to

10  attempt to break down Mattel's claim in this manner.

11      Finally, several of defendants' proposed questions regarding breach of the

12  duty of loyalty are confusing and unnecessary because the Court has already found

13  that Bryant did in fact breach his duty of loyalty to Mattel.  *See* April 25, 2008

14  Order, at 5-6.

15      Mattel further objects to defendants' specific proposed questions as follows:

16      (a)    This proposed question is contrary to the Court's April 25, 2008 Order

17  and therefore moot.  The Court found as a matter of law that Bryant owed a duty of

18  loyalty to Mattel.  *See* April 25, 2008 Order, at 5.  Hence, the jury need not make

19  such a finding.

20      In any event, this proposed question is unintelligible and confusing to the

21  extent it (like the title of this proposed form) references a "duty of loyalty <u>other than</u>

22  <u>not entering into a contract with another company</u>."  As recognized by the Court, an

23  employee's duty of loyalty is a general duty of undivided loyalty, which precludes

24  an employee from acting against his employer's best interests.  *See* CACI No. 4102;

25  April 25, 2008 Order, at 5 (ruling that "Bryant, like all other California employees,

26  owed a duty of loyalty to Mattel while employed there").  Such a duty of loyalty is

27  not appropriately broken down, as defendants suggest, into some lesser duties not to

28  do certain specific things (like entering into a contract with a competitor).  It is

improper and prejudicial for defendants to attempt to break down Mattel's claim in this artificial manner.

This proposed question also misstates the Court's rulings regarding Bryant's duty of loyalty to Mattel.  The Court did not rule, as defendants suggest, that Bryant only owed Mattel some lesser duty of loyalty to Mattel not to enter into a contract with a competitor.  *See* April 25, 2008 Order, at 5.

Finally, defendants' question is also erroneous as a matter of law because it purports to inform the jury that Mattel must prove that Bryant "expressly agreed" to assume a duty of loyalty to Mattel.  An employee owes a duty of loyalty to his employer as a matter of law.  *See* April 25, 2008 Order, at 5; *see also Cal. Labor Code* § 2863; CACI No. 4102.

(b)     This proposed question is contrary to the Court's April 25, 2008 Order and therefore moot.  The Court found as a matter of law that Bryant owed a duty of loyalty to Mattel and that he breached his duty of loyalty to Mattel.  *See* April 25, 2008 Order, at 5.  Hence, the jury need not make such a finding.

(c)     The proposed question misstates the law and erroneously states that Mattel must prove that it suffered harm "while Carter Bryant was employed at Mattel."  That is not supported by law.  Mattel need only prove that it was harmed by Bryant's breach of the duty of loyalty.  *See, e.g.*, CACI No. 4102.  Mattel is entitled to recover damages for all harm caused by defendants' wrongful conduct, including harm to Mattel after Bryant left Mattel.  *See Cal. Civ. Code* § 3333 ("For the breach of an obligation not arising from contract, the measure of damages . . . is the amount which will compensate *for all the detriment proximately caused thereby, whether it could have been anticipated or not*."); *see also County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 543 (2007) ("Disgorgement of profits is particularly applicable in cases dealing with breach of a fiduciary duty"; "Active participants in the breach of fiduciary duty by another are accountable for all advantages they gained thereby and are liable to the beneficiary of the duty").

1    (d)    The jury instructions set forth the elements of Mattel's claims.  There is

2 no reason to include each and every element of a claim in the verdict form as well.

3 Moreover, defendants' phrasing misstates the legal elements of Mattel's claim.

4    (e)    This proposed question is erroneous as a matter of law.  Mattel is not

5 required to prove that MGA and/or Larian "made a conscious decision to participate

6 in wrongful activity designed to assist Bryant in a breach of loyalty."  *See Berg &*

7 *Berg Enter. LLC v. Sherwood Partners, Inc.*, 131 Cal. App. 4th 802, 823 n.10

8 (2005) (finding aiding and abetting does not require that a defendant agree to join

9 the wrongful conduct).  As set forth in Mattel's proposed jury instructions, MGA

10 and/or Larian are liable for aiding and abetting Bryant's breaches of duty if they

11 knowingly provided him substantial assistance in so acting.  Indeed, even ordinary

12 business transactions can constitute substantial assistance.  *Casey v. U.S. Bank Nat'l*

13 *Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005) (finding that ordinary business

14 transactions by a bank were sufficient to constitute substantial assistance).

15    Defendants' proposed questions should be rejected.

16

17 **Question No. 7:  Aiding and Abetting Breach of Duty of Loyalty By Entering**

18 **Into a Contract with Another Company While Employed at Mattel**

19

20    Mattel objects to the title of this question as argumentative and misleading,

21 and because it misstates the Court's rulings regarding Bryant's duty of loyalty.  The

22 Court ruled as a matter of law that Bryant owed a duty of loyalty to Mattel and that

23 he breached that duty.  *See* April 25, 2008 Order, at 5 (finding that "Bryant, like all

24 other California employees, owed a duty of loyalty to Mattel while employed

25 there").  An employee's duty of loyalty is a general duty of undivided loyalty, which

26 precludes an employee from acting against his employer's best interests.  *See* CACI

27 No. 4102.  The Court did not purport to limit Bryant's duty of loyalty to some

28 limited duty to "not enter into a contract with another company while employed at

1   Mattel," as defendants misleadingly suggest.  The title is also vague and ambiguous

2   to the extent it does not refer to Carter Bryant.

3            Further, defendants' proposed form regarding Mattel's claim for aiding and

4   abetting breach of the duty of loyalty (Question Nos. 6 and 7) is unintelligible and

5   confusing.  Defendants attempt to artificially separate this claim into two parts:

6   "Breach of Duty of Loyalty Other Than Not Entering Into a Contract with Another

7   Company While Employed at Mattel" and "Breach of Duty of Loyalty by Entering

8   Into a Contract with Another Company While Employed at Mattel."  The proposed

9   form as written is convoluted, and the jury is sure to be confused by defendants'

10  artificial separation.  As set forth above, an employee's duty of loyalty is a general

11  duty of undivided loyalty, which precludes an employee from acting against his

12  employer's best interests.  Such a duty of loyalty is not appropriately broken down,

13  as defendants suggest, into some lesser duties not to do certain specific things (like

14  enter into a contract with a competitor).  Mattel's claim is that defendants aided and

15  abetted Bryant's breaches of the duty of loyalty, which includes the specific

16  breaches that the Court has found as a matter of law (*see* April 25, 2008 Order, at 5-

17  6), as well as any additional breaches of the duty of loyalty that the jury finds based

18  on the evidence admitted at trial.  It is improper and prejudicial to Mattel for

19  defendants to attempt to break down Mattel's claim in this manner.

20           Finally, several of defendants' proposed questions regarding breach of the

21  duty of loyalty are confusing and unnecessary because the Court has already found

22  that Bryant did in fact breach his duty of loyalty to Mattel.  *See* April 25, 2008

23  Order, at 5-6.

24           Mattel further objects to defendants' specific proposed questions as follows:

25           (a)      This proposed question is contrary to the Court's April 25, 2008 Order

26  and therefore moot.  The Court found as a matter of law that Bryant owed a duty of

27  loyalty to Mattel.  *See* April 25, 2008 Order, at 5.  Hence, the jury need not make

28  such a finding.

In any event, this proposed question is unintelligible and confusing to the extent it (like the title of this proposed form) references a "duty of loyalty of not entering into a contract with another company."  As recognized by the Court, an employee's duty of loyalty is a general duty of undivided loyalty, which precludes an employee from acting against his employer's best interests.  *See* CACI No. 4102; April 25, 2008 Order, at 5 (ruling that "Bryant, like all other California employees, owed a duty of loyalty to Mattel while employed there").  Such a duty of loyalty is not appropriately broken down, as defendants suggest, into some lesser duties not to do certain specific things (like entering into a contract with a competitor).  It is improper and prejudicial for defendants to attempt to break down Mattel's claim in this artificial manner.

This proposed question also misstates the Court's rulings regarding Bryant's duty of loyalty to Mattel.  The Court did not rule, as defendants suggest, that Bryant only owed Mattel some lesser duty of loyalty not to enter into a contract with a competitor.  *See* April 25, 2008 Order, at 5.

Finally, defendants' question is also erroneous as a matter of law because it purports to inform the jury that Mattel must prove that Bryant "expressly agreed" to assume a duty of loyalty to Mattel.  An employee owes a duty of loyalty to his employer as a matter of law.  *See* April 25, 2008 Order, at 5; *see also Cal. Labor Code* § 2863; CACI No. 4102.

(b)     This proposed question is contrary to the Court's April 25, 2008 Order and therefore moot.  The Court found as a matter of law that Bryant owed a duty of loyalty to Mattel and that he breached his duty of loyalty to Mattel.  *See* April 25, 2008 Order, at 5.  Hence, the jury need not make such a finding.

(c)     The proposed question misstates the law and erroneously states that Mattel must prove that it suffered harm "while Carter Bryant was employed at Mattel."  That is not supported by law.  Mattel need only prove that it was harmed by Bryant's breach of the duty of loyalty.  *See, e.g.,* CACI No. 4102.  Mattel is

1   entitled to recover damages for all harm caused by defendants' wrongful conduct,

2   including harm to Mattel after Bryant left Mattel.  *See Cal. Civ. Code* § 3333 ("For

3   the breach of an obligation not arising from contract, the measure of damages . . . is

4   the amount which will compensate *for all the detriment proximately caused thereby,*

5   *whether it could have been anticipated or not.*"); *see also County of San Bernardino*

6   *v. Walsh*, 158 Cal. App. 4th 533, 543 (2007) ("Disgorgement of profits is

7   particularly applicable in cases dealing with breach of a fiduciary duty"; "Active

8   participants in the breach of fiduciary duty by another are accountable for all

9   advantages they gained thereby and are liable to the beneficiary of the duty").

10          (d)     The jury instructions set forth the elements of Mattel's claims.  There is

11   no reason to include each and every element of a claim in the verdict form as well.

12   Moreover, defendants' phrasing misstates the legal elements of Mattel's claim.

13          (e)     This proposed question is erroneous as a matter of law.  Mattel is not

14   required to prove that MGA and/or Larian "made a conscious decision to participate

15   in wrongful activity designed to assist Bryant in a breach of loyalty."  *See Berg &*

16   *Berg Enter. LLC v. Sherwood Partners, Inc.*, 131 Cal. App. 4th 802, 823 n.10

17   (2005) (finding aiding and abetting does not require that a defendant agree to join

18   the wrongful conduct).  As set forth in Mattel's proposed jury instructions, MGA

19   and/or Larian are liable for aiding and abetting Bryant's breaches of duty if they

20   knowingly provided him substantial assistance in so acting.  Indeed, even ordinary

21   business transactions can constitute substantial assistance.  *Casey v. U.S. Bank Nat'l*

22   *Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005) (finding that ordinary business

23   transactions by a bank were sufficient to constitute substantial assistance).

24          Defendants' proposed questions should be rejected.

25

26

27

28

07209/2548828.1