QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| AND CONSOLIDATED ACTIONS | **SEPARATE STATEMENT NO. 2** |
| | [PUBLIC REDACTED] SEPARATE STATEMENT IN SUPPORT OF MATTEL, INC.'S MOTION (1) TO ENFORCE COURT'S DISCOVERY ORDERS AND TO COMPEL; (2) TO OVERRULE IMPROPER INSTRUCTIONS; AND (3) FOR SANCTIONS |
| | Hearing Date:  January 4, 2008<br>Time:  9:00 a.m.<br>Place:  TBD |
| | Phase 1<br>Discovery Cut-off:  January 28, 2008<br>Pre-trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

Mattel, Inc. ("Mattel") respectfully submits the following separate statement in support of the portion of its Motion (1) To Enforce Court's Discovery Orders and to Compel; (2) To Overrule Improper Instructions; and (3) For Sanctions directed to overruling improper instructions not to answer deposition questions and to compel answers.

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| **Instruction No. 1. [53:15-55:1]**[1] | MGA improperly instructed the witness not to identify MGA's primary shareholder on scope and privacy grounds.  The information sought is relevant to Topic 37, MGA's corporate structure.  All of MGA's objections and limitations thereto were previously overruled.  See May 16 Order, ¶ 5. Corey Dec., Exh. 11. |
| Q     What role do you play in -- well, let's just do it like this: | |
| How many trusts for Mr. Larian do you have responsibility for? | |
| MR. JENAL:  I'm going to object.  First of all, it's outside the scope.  Second of all, the structuring of Mr. Larian's personal finances is not at issue here and may call for privileged communications with regards to attorneys involved with that. | |
| So I'll -- you can ask a "yes" or "no" question as to whether she was involvement with that, but we're going to object on privilege and privacy grounds both for questions as to what | Tonnu Tr. at 49:3 to 52:15, Corey Dec., Exh. 1.  The identity and specifics of MGA's shareholders is relevant for a number of reasons.  First, it is relevant to damages, given that |

[1]  Unless otherwise noted, all deposition transcript citations are to the deposition transcripts of Lisa Tonnu, taken July 19, 2007 (attached to the Corey Dec. as Exhibit 1) and September 24-25, 2007 (attached to the Corey Dec. as Exhibit 2).

-1-

REDACTED

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| she may have done, et cetera, on that. | MGA Audited Financial Statements, page 966 |
| So can we have the question back and see if it's a "yes" or "no" answer. | |
| (RECORD READ.) | |
| MR. JENAL: I'm going to instruct the witness not to answer that question. | Exh. 59. |
| MR. COREY: On what grounds? | |
| MR. JENAL: On the grounds just cited for both privilege and privacy. And outside the scope, for that matter. | |
| BY MR. COREY: | Mattel cannot make that determination without first knowing the trust(s) basic information. The instruction not to answer are improper. To the extent privacy concerns are implicated, and MGA failed to specifically identify such concerns, MGA's remedy is to invoke the Protective Order in place in this matter. It failed to do so. |
| Q   Are you going to follow your counsel's instruction? | |
| A   Yes. | |
| Q   Is there one trust that holds the shares for Mr. Larian in MGA Entertainment, Inc.? | |
| MR. JENAL: Same objections; same instruction. | Further, the attorney-client privilege does not apply in this context where Mattel is attempting to learn the facts of which Ms. Tonnu was "educated" on in response to the Second Notice topics. "When a corporation |
| MR. COREY: It's a "yes" or "no" question. | |
| MR. JENAL: Same objection; same instruction. | |
| Q   Are you going follow your | |

-2-

REDACTED

| | INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|---|
| 4 | counsel's instruction? | produces an employee under <u>Fed. R. Civ.</u> |
| 5 |     A   Yes. | <u>P.</u> 30(b)(6) to testify to corporate |
| 6 | | knowledge, the employee must provide |
| 7 | | responsive underlying factual |
| 8 | | information even though such |
| 9 | | information was transmitted through or |
| 10 | | from corporate lawyers." <u>Sprint</u> |
| 11 | | <u>Communications v. TheGlobe.Com, Inc.,</u> |
| 12 | | 236 F.R.D. 524, 529 (D. Kan. 2006).  As |
| 13 | | Mattel made clear, it is not interested |
| 14 | | specifically in the alleged attorney-client |
| 15 | | communication, but is interested in the |
| 16 | | underlying factual information. |
| 17 | |     Finally, MGA's instructions not to |
| 18 | | answer based on "scope" are improper. |
| 19 | | <u>Federal Rule of Civil Procedure</u> 30, |
| 20 | | provides, in part: |

<blockquote>
Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer <u>only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)</u>.
</blockquote>

<u>Fed. R. Civ. P.</u> 30(d)(1) (emphasis

SEPARATE STATEMENT NO. 2

07209/2315267.1

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | added).  Rule 30(d)(4) describes when "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party," the deposition may be suspended. Ms. Tonnu's deposition was not being conducted in such a manner, and MGA did not, nor could it, assert that such conduct was the basis for its instructions. Thus, it is improper to instruct a witness not to answer a question based on form and "scope" objections.

     "[I]t is generally improper for counsel at a deposition to instruct a deponent (counsel's own client or anyone else) not to answer a question, and doing so may warrant sanctions."   Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1570 (Rutter's Group 2007) (citing Boyd v. Univ. of Md. Med. Sys., 173 F.R.D. 143, 147 (D. Md. 1997) (an instruction not to answer is "presumptively improper")). Objections as to form, or whether a |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | question is compound may be raised, but are not the proper basis for an instruction not to answer.  MGA's instructions not to answer, coupled by Ms. Tonnu's following counsel's instructions, were not only unreasonable but improper. |
| **Instruction No. 2. [55:2-8]**<br><br>    Q    Who is the trustee of the trusts -- trust or trusts?<br><br>    MR. JENAL:  Same objection; same instruction.  By Mr. Corey:<br><br>    Q    Are you going to follow your counsel's instruction?<br><br>    A    Yes. | See Response to Instruction No. 1. |
| **Instruction No. 3. [55:12-23]**<br><br>    Q    Is there -- how many trusts are there that hold Mr. Makabi's shares in MGA Entertainment?<br><br>    MR. JENAL:  Objection.  It's outside the scope.  Calls for privileged and private information. Instruct the witness not to answer.<br><br>    BY MR. COREY:<br><br>    Q    Are you going to follow | See Response to Instruction No. 1. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| your counsel's instruction? <br><br> A    Yes. <br><br> Mr. Corey:  Can we stipulate, Mr. Jenal, that the witness will follow your instruction? <br><br> MR. JENAL:  Yes. | |
| **Instruction No. 4. [55:25-56:10]** <br><br> Q    Do you know who the trustee or trustees are of Mr. Makabi's trust? <br><br> MR. JENAL:  It's a "yes" or "no" question. <br><br> THE WITNESS:  Do -- do I know? <br><br> BY MR. COREY: <br><br> Q    Yes. <br><br> A    Yes. <br><br> Q    Who are they? <br><br> MR. JENAL:  Objection. Outside the scope.  Calls for privileged communications. <br><br> And instruct the witness not to answer. | <u>See</u> Response to Instruction No. 1. |
| **Instruction No. 5. [353:22-354:12]** <br><br> Q.    Does the [Wachovia] loan | <u>See</u> Response to Instruction No. 1. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| have any restrictions on distributions to shareholders?<br><br>    MS. MORGENTHALER LEVER:  Outside the scope.  Calls for speculation.  Lack of foundation.<br><br>    THE DEPONENT:  Yes.<br><br>    BY MR. COREY:<br><br>    Q.    Do you know what those restrictions are?<br><br>    MS. MORGENTHALER LEVER:  Outside the scope.  Calls for speculation.  Lack of foundation.<br><br>    THE DEPONENT:  Yes.<br><br>    BY MR. COREY:<br><br>    Q.    What are they?<br><br>    MS. MORGENTHALER LEVER:  Outside the scope.  Calls for speculation.  Lack of foundation.  And this is just going too far afield.  I'm going to tell the witness not to answer. | |
| **Instruction No. 6. [162:25-164:2]**<br><br>    THE WITNESS:  I just want to make a clarification of something I stated earlier regarding the voucher | The Discovery Master has previously ruled that facts learned from counsel are not privileged.  Indeed, the Discovery Master initially did so based |

SEPARATE STATEMENT NO. 2

07209/2315267.1

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| payments. | upon MGA's and Bryant's own |
|     I did get my dates wrong because | arguments that such matters are not |
| I learned this information a couple days | privileged and did so again in his Order |
| ago. But the two invoices that were | Granting Mattel's Motion for an |
| 1031, that one was actually -- the | Extension of Time to Depose Paula |
| voucher date was October 2000. And | Garcia in Her Individual Capacity and as |
| then the royalty payment was also dated | a 30(b)(6) Designee at 14:2-12, 16:1-3, |
| in October 2000 as well. | attached to the Corey Dec., Exh. 16. |
|     BY MR. COREY: | That is the information sought here. |
|     Q    And that's -- that's what | Mattel may inquire into what was said |
| counsel told you at the break? | between counsel and Ms. Tonnu at the |
|     A    He -- | break. Recess conversations between |
|     MR. JENAL: Objection. Calls | counsel and the deponent are prohibited. |
| for attorney-client communication. | At the very least, Mattel's counsel may |
|     And instruct the witness not to | inquire into what was said and review |
| answer. | the documents, if any, that refreshed Ms. |
|     BY MR. COREY: | Tonnu's recollection. See Fed. R. Evid. |
|     Q    How was your recollection | 612; and Schwarzer, Tashima & |
| refreshed, Ms. Tonnu? | Wagstaffe, Fed. Prac. Guide: Civ. Proc. |
|     A    Excuse me? | Before Trial, § 11:1573, 11:971 (Rutter's |
|     Q    How was your recollection | Group 2007). |
| refreshed as to correct dates that you | |
| testified to? | |
|     MR. JENAL: Same objection. | |
|     Instruct the witness not to answer | |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| to the extent it calls for attorney-client communication.<br><br>    BY MR. COREY:<br><br>    Q    Did Mr. Jenal tell you what the dates were?<br><br>    MR. JENAL:  Same objection. Instruct the witness not to answer. | |
| **Instruction No. 7. [177:9-21]**<br><br>    Q    Do you know whether Mr. Spekin performed any dichloric filter testing?<br><br>    A    No.<br><br>    Q    Do you know whether he performed any microscopic testing?<br><br>    A    No.<br><br>    Q    Do you know whether he made a determination as to whether any -- there had been any erasures on the document?<br><br>    A    No.<br><br>    MR. JENAL:  Objection.  Work product.<br><br>    And instruct the witness not to | In addition to the May 16 Order requiring MGA to produce its witnesses for the Topics and overruling all objections thereto, Mattel is entitled to information concerning the handling, shipment and testing of original Bratz documents.  These questions do not seek the results of any tests that Mr. Speckin may have conducted.  MGA retained Erich Speckin, but has not stated whether Mr. Speckin will testify.  Declaration of Erich J. Speckin, dated July 21, 2006, ¶ 1, attached to the Corey Dec., Exh. 19.  Assuming Mr. Speckin is, at the least, a consulting expert, the Federal Rules of Civil Procedure permit discovery of facts |

SEPARATE STATEMENT NO. 2

07209/2315267.1

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| answer that question. | known or opinions held by Mr. Speckin under the present exceptional circumstances:

A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Federal Rule of Civil Procedure 26(b)(4)(B); see also Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:925-927 (Rutter's Group 2007).  To the extent MGA claims this information is protected as "work product," that contention is without merit.  Rule 26(b)(4)(B) "abolishes the notion that a nontestifying expert's information is 'privileged' or protectable as 'work |

07209/2315267.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | product.' Instead, discovery from nontestifying experts is based on the doctrine of unfairness." Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:927 (Rutter's Group 2007) (emphasis in original) (citations omitted); see also Federal Rule of Civil Procedure 26(b)(4)(B). The premise underlying the unfairness doctrine is that a party should not be permitted to build its case on the preparation and expense of its adversary. See Pearl Brewing Co. v. Jos. Schlitz Brewing Co., 415 F. Supp. 1122, 1138 (S.D. Tex. 1976) (doctrine is intended to protect against the danger that "such discovery would afford the opportunity to take unwarranted advantage of an adversary's trial preparation"). Rule 26(b)(4)(B), however, "is not an 'impenetrable fortress' against discovery and parties seeking discovery can make a showing of exceptional circumstances where there is no practicable alternative by which they can obtain the |

07209/2315267.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | information." <u>Bank Brussels Lambert v. Chase Manhattan Bank, N.A.</u>, 175 F.R.D. 34, 44 (S.D.N.Y. 1997). "In assessing 'unfairness,' courts <u>balance</u> the intrusion on the resisting party's work product and the coerced appropriation of the nontestifying expert's knowledge <u>against the need for information that cannot be obtained in any other way</u>, in order to make an accurate determination of the facts." Schwarzer, Tashima & Wagstaffe, <u>Fed. Prac. Guide: Civ. Proc. Before Trial</u>, § 11:927 (Rutter's Group 2007) (emphasis in original) (citations omitted); <u>see</u> also Federal Rule of Civil Procedure 26(b)(4)(B). Mattel is entitled to information concerning the handling, shipping and testing of original Bratz documents while in Mr. Speckin's possession.  Mattel seeks information concerning which documents Mr. Speckin tested, how these documents were handled, and which tests were performed on the documents, how they were shipped and |

SEPARATE STATEMENT NO. 2

07209/2315267.1

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | how they were stored.  Mattel is not attempting to avoid the expense of retaining its own consultants (and, in fact, Mattel has engaged its own consultants as the Discovery Master is aware).  The manner in which Mr. Speckin transported, analyzed, tested or otherwise used the documents is also plainly relevant.  Indeed, as Judge Larson held over a year ago, the facts concerning MGA's handling of key evidence in this matter are fundamental and potentially dispositive.  Court's Order Denying Appointment of Expert Witness ("Expert Order") dated August 11, 2006 , 11:8-10, attached to the Corey Dec., Exh. 13.  In August, 2006, Judge Larson noted concerns about MGA's and Bryant's potential spoliation with respect to key Bratz design drawings and the destructive testing defendants' performed on them after this suit was filed, without prior notice to either the Court or Mattel.  Expert Order at 11:10-11:13, attached to |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | the Corey Dec., Exh. 13("That there are serious questions concerning the handling of these critical documents certainly causes the Court much concern about whether the truth seeking functions of the adversarial system have been fundamentally compromised in this case.").  As the Court noted, the documents "are not peripheral to the case[,]" and their dating "is a fundamental, perhaps dispositive, issue to this case."  Expert Order at 10:25-11:1, 11:9-11:10, attached to the Corey Dec., Exh. 13. |
| | It is not only impracticable, but impossible, for Mattel to obtain these facts elsewhere.  Facts concerning the handling of original Bratz documents during Mr. Speckin's testing are known uniquely to him.  These facts are available no where else other than in Mr. Speckin's mind and in what he relayed to MGA or Bryant.  And, as an agent of MGA, MGA has an obligation to prepare a witness to provide that |

-14-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | factual information to Mattel pursuant to the Discovery Master's May 16 and August 14 Orders. Not only has MGA refused to provide this information to Mattel, it will not permit Mattel to depose MGA on this issue, even though ordered. MGA's refusal to provide information concerning the factual circumstances of Mr. Speckin's handling of original Bratz documents is, therefore, inherently unfair. |
| | Mattel is not attempting to gain an unfair advantage by "appropriating" Mr. Speckin's "knowledge." On balance, any intrusion on MGA's alleged "work product," to the extent any such product exists (and MGA has not identified anything in particular), is outweighed by Mattel's need for this information that cannot be obtained in any other way. Exceptional circumstances exist which require MGA to provide information concerning Mr. Speckin's facts or opinions. See People ex rel. Wheeler v. Southern Pacific Transp. Co., 1993 WL |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | 816066, *16 (E.D. Cal. Sept. 2, 1993) (affirming magistrate judge's holding that exceptional circumstances existed where it was "impracticable for defendants to obtain significantly equivalent information by other means, in part because of the extraordinary costs involved and in part because of changing [testing conditions] and logistical considerations"); Delcastor, Inc. v. Vail Assocs., Inc., 108 F.R.D. 405, 408-09 (D. Colo. 1985) (exceptional circumstances established where defendant's expert was the only expert to examine the slide area before the relevant terrain had substantially changed); Pearl Brewing, 415 F. Supp. at 1138 (permitting discovery because defendant was not trying to avoid burden of using its own experts, but rather needed to know computer codes used by plaintiff's consultants so that it could analyze the conclusions of plaintiff's testifying experts). MGA should be compelled to testify concerning the |

07209/2315267.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | aforementioned facts known to Mr. Speckin, and MGA's spurious instructions not to answer should be overruled. |
| **Instruction No. 8. [178:3-10]**<br><br>Q    Do you know if anyone at O'Melveny & Meyers was told what the results of Mr. Spekin's tests were?<br><br>MR. JENAL: Objection. Work product. Instruct the witness not to answer.<br><br>BY MR. COREY:<br><br>Q    Are you going to follow your counsel's instruction?<br><br>A    Yes. | See Response to Instruction No. 7. |
| **Instruction No. 9. [178:18-179:3]**<br><br>Q    Do you know how the documents in Exhibit 521 have been stored or maintained since being tested by Mr. Spekin?<br><br>MR. JENAL: Objection. Scope.<br><br>THE WITNESS: No.<br><br>BY MR. COREY:<br><br>Q    Do you know if they were | See Response to Instruction No. 7.<br><br>The Discovery Master has previously ruled that facts learned from counsel are not privileged. Indeed, the Discovery Master initially did so based upon MGA's and Bryant's own arguments that such matters are not privileged and did so again in his Order Granting Mattel's Motion for an |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ever delivered to Mr. Spekin's lab?<br><br>        MR. JENAL: Objection. Scope. Calls for work product. Instruct the witness not to answer. | Extension of Time to Depose Paula Garcia in Her Individual Capacity and as a 30(b)(6) Designee at 14:2-12, 16:1-3, attached to the Corey Dec., Exh. 16. That is the information sought here. Mattel may inquire into what was said between counsel and Ms. Tonnu at the break. Recess conversations between counsel and the deponent are prohibited. At the very least, Mattel's counsel may inquire into what was said and review the documents, if any, that refreshed Ms. Tonnu's recollection. See Fed. R. Evid. 612; and Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1573, 11:971 (Rutter's Group 2007). |
| **Instruction No. 10. [179:5-10]**<br>        Q        Do you know who made the decision as to which documents on exhibit -- or why the documents on Exhibit 521 should be provided to Mr. Spekin?<br><br>        MR. JENAL: Objection. Asked | See Response to Instruction No. 7. |

-18-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| and answered.  Calls for work product. Instruct the witness not to answer. | |
| **Instruction No. 11. [179:19-179:25]** Q     Do you know who was with Mr. Spekin when he perform this testing, if anyone? A     No. Q     Do you know whether it was videotaped? MR. JENAL:  Objection.  Calls for work product.  Instruct the witness not to answer. | <u>See</u> Responses to Instruction Nos. 7 and 9. |
| **Instruction No. 12. [180:1-180:14]** BY MR. COREY: Q     Other than the ink testing, which Mr. Jenal had said he didn't believe had been done for all of the documents identified on Exhibit 521, do you know whether the sidelight, infrared and E.S.D.A. testing was done on all of the documents identified in Exhibit 521? MR. JENAL:  Objection.  Calls | |

-19-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| for work product.  Instruct the witness not to answer.<br><br>      BY MR. COREY:<br>      Q    Are you going to follow your counsel's instruction?<br>A    Yes. | |
| **Instruction No. 13. [181:5-11]**<br>      Q    Do you know whether he identified -- he's identified the source of any of the paper used for any of the drawings identified in Exhibit 521?<br>      MR. JENAL:  I'm sorry.  He?<br>      MR. COREY:  Mr. Spekin.<br>      MR. JENAL:  Objection.  Calls for work product.  Instruct the witness not to answer. | See Response to Instruction No. 7. |
| **Instruction No. 14. [181:14-21]**<br>      Q    I believe that I answered -- I asked this.  Do you know whether Mr. Spekin examined the documents to determine whether any erasures had occurred?<br>      MR. JENAL:  You did ask that.  Asked and answered.  Instruct the | See Response to Instruction No. 7.<br><br>      Moreover, MGA's instructions not to answer based on form and/or scope are improper pursuant to Federal Rule of Civil Procedure 30, which provides, in part:<br>      Any objection during a deposition must be stated concisely and in a non-argumentative and non- |

07209/2315267.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| witness not to answer.  Work product. | suggestive manner. A person may instruct a deponent not to answer <u>only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4).</u>

<u>Fed. R. Civ. P.</u> 30(d)(1) (emphasis added).  <u>Rule</u> 30(d)(4) describes when "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party," the deposition may be suspended. Ms. Tonnu's deposition was not being conducted in such a manner, and MGA did not, nor could it, assert that such conduct was the basis for its instructions.

Thus, it is improper to instruct a witness not to answer a question based on form and "scope" objections. "[I]t is generally improper for counsel at a deposition to instruct a deponent (counsel's own client or anyone else) not to answer a question, and doing so may warrant sanctions."  Schwarzer, Tashima & Wagstaffe, <u>Fed. Prac. Guide:</u> |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | Civ. Proc. Before Trial, § 11:1570 (Rutter's Group 2007) (citing Boyd v. Univ. of Md. Med. Sys., 173 F.R.D. 143, 147 (D. Md. 1997) (an instruction not to answer is "presumptively improper")). Objections as to form, or whether a question is already "asked and answered" may be raised, but are not the proper basis for an instruction not to answer. MGA's instruction not to answer was unreasonable and improper. |
| **Instruction No. 15. [181:23-182:3]**<br><br>Q     Do you know whether any of the documents identified in Exhibit 521 were provided -- were ever actually in Mr. Spekin's Forensic Laboratory?<br><br>MR. JENAL:  Objection.  Calls for work product. Instruct the witness not to answer. | See Response to Instruction No. 7. |
| **Instruction No. 16. [182:5-22]**<br><br>Q     Do you know what precautions, if any, were taken with Mr. Spekin to ensure that his testing or the storage or the handling of the | See Response to Instruction No. 7. |

07209/2315267.1

-22-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| documents on Exhibit 521 would not interfere with the ability of other experts to later examine those same documents?<br><br>    MR. JENAL:  Other than what he's attested to in his declaration?<br><br>    MR. COREY:  I don't know that there's any of that in his declaration.<br><br>    MR. JENAL:  Okay.  I think there is, but that's beside the point. Objection.  Work product.  Instruct the witness not to answer.<br><br>    Also beyond the scope, in part.<br><br>    MR. COREY:  So just so -- just so I'm clear, anything that is outside the scope of Mr. Spekin's Declaration that has to do with what he did you're objecting to on work product grounds?<br>MR. JENAL:  Correct. | |
| **Instruction No. 17. [183:5-9]**<br>    Q    Do you know how the documents were stored if they ever were at his laboratory?<br><br>    MR. JENAL:  Objection.  Calls | <u>See</u> Responses to Instruction Nos. 7 and 9. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| for work product.  Instruct the witness not to answer. | |
| **Instruction No. 18. [183:11-13]**<br><br>    Q    Do you know whether he handled the documents with cotton or latex gloves?<br><br>    MR. JENAL:  Same objection; same instruction. | See Responses to Instruction Nos. 7 and 9. |
| **Instruction No. 19. [185:3-6]**<br><br>    Q.  Do you know whether Leonard Spekin conducted any tests on any of the documents on exhibit 521?<br><br>    MR. JENAL:  Objection.  Work product.  Instruct the witness not to answer. | See Responses to Instruction Nos. 7 and 9. |
| **Instruction No. 20. [189:4-16]**<br><br>    Q    Do you know who authorized the removal of Exhibit 524 from Mr. Bryant's Notebook?<br><br>    MR. JENAL:  523?<br><br>    MR. COREY:  523.  I misspoke.<br><br>    THE WITNESS:  No.<br><br>    BY MR. COREY: | See Responses to Instruction Nos. 7 and 9. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| **Q** Do you know who knew it was being removed?<br><br>**A** No.<br><br>**Q** Do you know why the ink testing was done only on some of the documents identified in Exhibit 521?<br><br>MR. JENAL: Objection. Asked and answered. Calls for work product. Instruct the witness not to answer. | |
| **Instruction No. 21. [573:4-9]**<br><br>**Q.** As we sit here today, Ms. Tonnu, can you identify or describe for me any of the documents that were tested by Mr. Speckin?<br><br>MS. MORGENTHALER LEVER: Objection. Asked and answered. Also calls for attorney work product information. Instruct not to answer. | See Responses to Instruction Nos. 7 and 9. |
| **Instruction No. 22. [574:5-575:21]**<br><br>**Q.** As we sit here today, Ms. Tonnu, can you identify or describe for me any of the documents that were | See Response to Instruction No. 7. |

SEPARATE STATEMENT NO. 2

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|

1  tested by Mr. Speckin?

2      MS. MORGENTHALER

3  LEVER:  Objection.  Attorney work --

4  you're seeking work product

5  information.

6      MR. COREY:  What's the work

7  product?

8      MS. MORGENTHALER

9  LEVER:  This was all gone over last

10  time.  I'm not going to go over it again.

11  We -- as you --

12      MR. COREY:  What was gone

13  over last time --

14      MS. MORGENTHALER

15  LEVER:  As you well know, we are

16  going to be taking the position that the

17  results obtained by Mr. Speckin are

18  work product --

19      MR. COREY:  I understand that

20  position, and that question did not --

21      MS. MORGENTHALER

22  LEVER:  -- Information, and we're not

23  testifying as to any results.

24      MR. COREY:  The question had

25  nothing to do with results.  What I am

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|

entitled to testimony about is the documents that were tested, the handling of those documents, and the tests that were done on those documents.  That is directly relevant and within the scope of this topic, as Judge Infante has ruled, because those are absolutely relevant to the testing that our witnesses -- our consultants will do on those documents.  I didn't -- that question did not ask for results at all.

Are you going to continue in your instruction, counsel?  I would --

MS. MORGENTHALER LEVER:  I'm looking to see if the question was -- you claimed -- you just told me that the question was not answered before, and I'm --

MR. COREY:  No, I think the question was answered before.  So I'm not sure what the basis for the instruction was if the same question was asked, and I don't believe that it was.

MS. MORGENTHALER

SEPARATE STATEMENT NO. 2

| | INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | LEVER: Yeah, that's what I'm looking | |
| 5 | for. | |
| 6 | Okay. Restate the question. | |
| 7 | | |
| 8 | **Instruction No. 23. [591:10-592:8]** | <u>See</u> Response to Instruction No. 7. |
| 9 | Q. Do you know who made | |
| 10 | the decision as to which documents | |
| 11 | would be sent to Mr. Speckin? | |
| 12 | MS. MORGENTHALER | |
| 13 | LEVER: Objection. Attorney-client | |
| 14 | communications. Work product | |
| 15 | information. Assumes facts not in | |
| 16 | evidence. Calls for speculation. Lack | |
| 17 | of foundation. Also outside the scope. | |
| 18 | THE DEPONENT: No. | |
| 19 | BY MR. COREY: | |
| 20 | Q. Do you know whether all | |
| 21 | of the Microplugs were tested? | |
| 22 | MS. MORGENTHALER | |
| 23 | LEVER: Objection. Assumes facts not | |
| 24 | in evidence. Objection as to form. | |
| 25 | Instruct the witness not to answer. | |
| 26 | MR. COREY: On what grounds? | |
| 27 | MS. MORGENTHALER | |
| 28 | LEVER: Because you're -- if she says | |

07209/2315267.1

-28-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| yes or no, you don't know if she's answering the question does she know or whether the plugs were tested.  Your question assumes that the plugs were tested when that fact has not been --<br><br>Q.  Do you know whether any --<br>MS. MORGENTHALER LEVER:  -- established one way or the other. | |
| **Instruction No. 24. [270:4-17]**<br>Q.    What did Ms. Garcia tell you about Diva Starz?<br>MS. MORGENTHALER LEVER:  Objection to the extent such discussion occurred in the presence of legal counsel.<br>MR. COREY:  Are you instructing her not to provide information that Ms. Garcia provided her in connection with preparing for this deposition on attorney-client privilege and attorney work product grounds?<br>MS. MORGENTHALER LEVER:  If the attorney -- if legal | Topic No. 21 is compelled.  The Discovery Master ordered MGA to produce a witness to testify about access to Mattel's DIVA STARZ project.  MGA improperly instructed the witness not to answer questions squarely within this topic.  Further, the attorney-client privilege does not apply in this context where Mattel is attempting to learn the facts of which Ms. Tonnu was "educated" on in response to the Second Notice topics.  "When a corporation produces an employee under Fed. R. Civ. P. 30(b)(6) to testify to corporate knowledge, the employee must provide |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| counsel was present and there's no stipulation, as there's no waiver of the attorney-client privilege. | responsive underlying factual information even though such information was transmitted through or from corporate lawyers." Sprint Communications v. TheGlobe.Com, Inc., 236 F.R.D. 524, 529 (D. Kan. 2006). The Discovery Master has previously suggested that facts learned from counsel are not privileged.  Order Granting Mattel's Motion for an Extension of Time to Depose Paula Garcia in Her Individual Capacity and as a 30(b)(6) Designee at 14:2-12, 16:1-3, attached to the Corey Dec., Exh. 16.  That is the information sought here.  As Mattel made clear, it is not interested specifically in the alleged attorney-client communication, but is interested in the underlying factual information concerning document preservation and collection.  MGA's instruction not to answer is improper. |
| **Instruction No. 25. [271:21-25]**   Q.    Okay.  What did Ms. | See Response to Instruction No. 24. |

07209/2315267.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| Garcia tell you about Diva Starz?<br><br>　　MS. MORGENTHALER LEVER:  I object to the extent it calls for communications that occurred in the presence of legal counsel. | |
| **Instruction No. 26. [279:3-9]**<br>　　Q.　Did Ms. Garcia tell you that she had access to the Diva Starz -- any Diva Starz information while she was at Mattel?<br>　　A.　No.<br>　　Q.　Was she asked that?<br>　　MS. MORGENTHALER LEVER:  Objection.  Calls for attorney-client communications. | See Response to Instruction No. 24. |
| **Instruction No. 27. [529:16-531:13]**<br>　　Did MGA have access to Mattel internal information regarding Diva Starz prior to February 1st, 2000?<br>　　MS. MORGENTHALER LEVER:  Objection.  Outside the scope.  Vague and ambiguous.  Calls For Speculation.  Lack of foundation. | See Response to Instruction No. 24. |

07209/2315267.1

-31-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| Assumes facts in evidence, that they did have any information.  You're asking a -- and calls for a legal conclusion.<br><br>        THE DEPONENT:  Not that I'm aware of.<br><br>        BY MR. COREY:<br><br>        Q.    As you sit here today, you don't know one way or the other?<br><br>        MS. MORGENTHALER LEVER:  OBJECTION.  Misstates the witness's testimony.  She said not that she's aware of.  That's a --<br><br>        MR. COREY:  Counsel, you've made your objection.  I'm tired --<br><br>        MS. MORGENTHALER LEVER:  That is completely improper, argumentative, and badgering.<br><br>        MR. COREY:  No --<br><br>        MS. MORGENTHALER LEVER:  You are -- it was asked and answered.<br><br>        MR. COREY:  Your speaking objection --<br><br>        MS. MORGENTHALER LEVER:  No. | |

07209/2315267.1

-32-

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| MR. COREY:  Your speaking --<br><br>MS. MORGENTHALER LEVER:  Asked and answered.  I'm not going to let you do this.  This is completely improper.<br><br>BY MR. COREY:<br><br>Q.     Go ahead and answer the question.<br><br>MS. MORGENTHALER LEVER:  And this is your last repeating of this.  You've asked these same questions yesterday.<br><br>MR. COREY:  That is absolutely not true, counsel, and you know that.  I asked her what she did to prepare for her deposition --<br><br>MS. MORGENTHALER LEVER:  No, you didn't.<br><br>MR. COREY:  -- Yesterday.<br><br>MS. MORGENTHALER LEVER:  You went through the entire Diva Starz and this yesterday.<br><br>BY MR. COREY:<br><br>Q.     Go ahead and answer the question. | |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
|     A.    Not that I'm aware of.<br><br>    Q.    So you don't know one way or the other?<br><br>    MS. MORGENTHALER LEVER: No -- objection. You know -- instruction not to answer. This is the second time you've said this. | |
| **Instruction No. 28. [532:7-18]**<br><br>    Q.    The question was: MGA is denying that it had access to internal information about Mattel's Diva Starz project prior to September 1st, 2000?<br><br>    MS. MORGENTHALER LEVER: It calls for a legal conclusion and also calls for attorney-client privileged information. Outside -- and you're asking a legal conclusion of a lay witness.<br><br>    MR. COREY: Are you instructing the witness?<br><br>    MS. MORGENTHALER LEVER: You know, instruct not to answer. That's an improper question. | <u>See</u> Response to Instruction No. 24. Further, instructions not to answer based on "scope" or the question is "improper" are incorrect. <u>Federal Rule of Civil Procedure</u> 30, provides, in part:<br><br>    Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer <u>only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)</u>.<br><br><u>Fed. R. Civ. P.</u> 30(d)(1) (emphasis added). <u>Rule</u> 30(d)(4) describes when "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | embarrass, or oppress the deponent or party," the deposition may be suspended. Ms. Tonnu's deposition was not being conducted in such a manner, and MGA did not, nor could it, assert that such conduct was the basis for its instructions. Thus, it is improper to instruct a witness not to answer a question based on form and "scope" objections. |

"[I]t is generally improper for counsel at a deposition to instruct a deponent (counsel's own client or anyone else) not to answer a question, and doing so may warrant sanctions."   Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1570 (Rutter's Group 2007) (citing Boyd v. Univ. of Md. Med. Sys., 173 F.R.D. 143, 147 (D. Md. 1997) (an instruction not to answer is "presumptively improper")). Objections as to form, or whether a question is compound or improper may be raised, but are not the proper basis for an instruction not to answer.  MGA's instructions not to answer were

C7209/2315267.1

-35-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | unreasonable and improper. |
| **Instruction No. 29. [535:10-536:19]**<br><br>    Q.    Okay.  Do you know whether MGA learned during late '99 and early 2000 that Mattel was considering using the name "Brat[s]" in connection with the Diva Starz project?<br>    MS. MORGENTHALER LEVER:  Objection.  Assumes facts not in evidence.  Misstates the witness's prior testimony.<br>    MR. COREY:  Listen, counsel --<br>    MS. MORGENTHALER LEVER:  This is compound.<br>    MR. COREY:  -- It's a foundational question.<br>    MS. MORGENTHALER LEVER:  No, it's not foundation because you didn't -- you've -- you've --<br>    MR. COREY:  Come on.  This is ridiculous.<br>    MS. MORGENTHALER LEVER:  -- Put two things together.<br>    MR. COREY:  Stop talking.  Make your objection -- no speaking | <u>See</u> Responses to Instruction Nos. 24 and 28. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| objections -- and we'll get this done.<br><br>          MS. MORGENTHALER LEVER:  Object not to -- instruct not to answer, then, because you -- once again you've linked two facts together.<br>          MR. COREY:  Counsel, are you instructing?<br>          MS. MORGENTHALER LEVER:  Yeah.<br>          MR. COREY:  Okay.<br>          MS. MORGENTHALER LEVER:  Restate the question.<br>          MR. COREY:  I'm not restating it.  I'm entitled to an answer to my question.  What's the basis for the instruction?<br>          MS. MORGENTHALER LEVER:  You've put two facts together in the question and made it compound.<br>          MR. COREY:  And compound is a basis to instruct?<br>          MS. MORGENTHALER LEVER:  Yes, it is. | |
| **Instruction No. 30. [538:18-539:7]**<br>          Q.     Isn't it true that Paula | See Responses to Instruction Nos. 24 and 28. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| Treantafelles --Paula Garcia now -- knew prior to September 1st, 2000, that during the late 1999 and 2000 time frame, that Mattel considered using the name "Brats," B-R-A-T-S, in connection with the Diva Starz project?<br><br>    MS. MORGENTHALER LEVER:  Objection.  Compound. Assumes facts not in evidence.  May call for attorney-client communications. Outside the scope of the deposition. Improper as to form.  Instruct the witness not to answer.<br><br>    BY MR. COREY:<br>    Q.    Are you going to follow your counsel's instruction?<br>    A.    Yes. |  |
| **Instruction No. 31. [537:2-538:17]**<br>    Q.    Is MGA denying that -- is MGA denying that it knows that in 1999 and 2000, Mattel considered using the "Brat[s]" name in connection with its Diva Starz line?<br>    MS. MORGENTHALER | See Responses to Instruction Nos. 24 and 28. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| LEVER: Objection. Assumes facts not in evidence. Improper as to form. Lack of foundation. It's "do you know that you were beating your wife?" That's the kind of question it is. Object -- instruct not to answer. BY MR. COREY: Q. Do you know whether MGA has at any time known that in the late '99/2000 time period, Mattel considered using "Bratz" in connection with its Diva Starz line? MS. MORGENTHALER LEVER: Objection as to form. Compound. Assumes facts not in evidence. Instruct not to answer. Clean up the question. BY MR. COREY: Q. Are you going to follow your counsel's instruction? A. Yes. Q. Do you know whether MGA learned during -- learned that Mattel, during the 2000 time period, contemplated using the name "Boyz," | |

-39-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| B-O-Y-Z, in connection with its Diva Starz line?<br><br>    MS. MORGENTHALER LEVER:  Objection.  Outside the scope of this deposition.  Instruct not to answer.<br><br>    BY MR. COREY:<br><br>    Q.    Is MGA denying that it has never -- never known that MGA -- that Mattel considered using the "Boyz," B-O-Y-Z, name in connection with its Diva Starz project during 2000?<br><br>    MS. MORGENTHALER LEVER:  Outside the scope of this deposition.  Instruct the witness not to answer.<br><br>    Q.  Are you going to follow your counsel's instruction?<br><br>    A.  Yes. | |
| **Instruction No. 32. [540:9-541:6]**<br><br>    Is MGA denying that Ms. Treantafelles knew that -- knew prior to September 1st, 2000, that Mattel was considering using the name "Brats," B- | See Responses to Instruction Nos. 24 and 28. |

-40-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
| --- | --- |
| R-A-T-S, in connection with the Diva Starz project?<br><br>    MS. MORGENTHALER LEVER:  Objection.  Compound. You're asking her whether they denied a fact that does not exist or hasn't been established in the record.  Assumes facts not in evidence.  Improper as to form.  And also outside the scope of the deposition.  Instruct not to answer.<br><br>    BY MR. COREY:<br>    Q.    Are you going to follow your counsel's instruction?<br>    A.    Yes.<br>    Q.    Do you know whether Ms. Treantafelles knew that the "Boyz" name, B-O-Y-Z, was going to be used by Mattel in connection with the Diva Starz project prior to September 1st, 2000?<br><br>    MS. MORGENTHALER LEVER:  Objection.  Compound. Assumes facts not in evidence.  Outside the scope of the deposition.  Lacks foundation.  Calls for speculation. | |

07209/2315267.1

SEPARATE STATEMENT NO. 2

| | INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | Instruct not to answer. | |
| 5 | **Instruction No. 33. [542:3-22]** | See Responses to Instruction Nos. 24 and |
| 6 | Is MGA denying that prior to | 28. |
| 7 | September 2000 -- excuse me -- prior to | |
| 8 | September 1st, 2000, Paula Garcia | |
| 9 | knew that Mattel was considering using | |
| 10 | the name "Boyz," B-O-Y-Z, in | |
| 11 | connection with the Diva Starz project | |
| 12 | during the 2000 time period? | |
| 13 | MS. MORGENTHALER | |
| 14 | LEVER: You know -- God. Instruct | |
| 15 | not to answer. It just has too many | |
| 16 | problems. Compound. Objection as to | |
| 17 | form. Vague and ambiguous. | |
| 18 | MR. COREY: Let's start here. | |
| 19 | Q.    At any time has Paula | |
| 20 | Treantafelles known that MGA -- | |
| 21 | excuse me -- that Mattel used the name | |
| 22 | "Boyz" -- contemplated using the name | |
| 23 | "Boyz," B-O-Y-Z, in connection with | |
| 24 | the Diva Starz project? | |
| 25 | MS. MORGENTHALER | |
| 26 | LEVER: Objection. How can this -- | |
| 27 | you're asking -- this is a 30(b)(6) | |
| 28 | witness as to MGA, not Mattel. Calls | |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| for speculation.  Assumes facts not in evidence.  Objection as to form.  It's a ridiculous question.  Instruct not to answer. | |
| **Instruction No. 34. [543:7-15]**<br><br>    Q.    At any time has Ms. Treantafelles known that during the 2000 time period, Mattel considered using the "Boyz" name, B-O-Y-Z, in connection with the Diva Starz project?<br>    MS. MORGENTHALER LEVER:  Objection.  Assumes facts not in evidence.  Lack of foundation.  Calls for speculation.  You can ask her what Paula told her, but this question is improper.  Instruct not to answer. | <u>See</u> Responses to Instruction Nos. 24 and 28. |
| **Instruction No. 35. [556:15-557:1]**<br><br>    Q.    Do you know whether Mr. Linker worked on the Bratz project or not?<br>    A.    Not to my personal knowledge.<br>    Q.    But you don't know one | <u>See</u> Responses to Instruction Nos. 24 and 28. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| way or the other?<br><br>    MS. MORGENTHALER LEVER:  Objection.  Asked and answered.  Instruct not to answer. You're just repeating the same question. Argumentative.  Instruct not to answer.<br><br>    BY MR. COREY:<br><br>    Q.    Are you going to follow your counsel's instruction?<br><br>    A.    Yes. | |
| **Instruction No. 36. [327:25-329:16]**<br><br>    Q.    Did you have a conversation with Mr. Jenal about the net worth or the valuation of the company?<br><br>    MS. MORGENTHALER LEVER:  Objection.  Calls for attorney-client communications.  Instruct not to answer.<br><br>    BY MR. COREY:<br><br>    Q.    You can answer that yes or no.<br><br>    MS. MORGENTHALER LEVER:  No, that would -- that would | The attorney-client privilege does not apply in this context where Mattel is attempting to learn the facts of which Ms. Tonnu was "educated" on in response to the Second Notice topics. "When a corporation produces an employee under Fed. R. Civ. P. 30(b)(6) to testify to corporate knowledge, the employee must provide responsive underlying factual information even though such information was transmitted through or from corporate lawyers."  Sprint Communications v. TheGlobe.Com, Inc., |

SEPARATE STATEMENT NO. 2

07209/2315267.1

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| go into what the substance of the conversation is. | 236 F.R.D. 524, 529 (D. Kan. 2006). The Discovery Master has previously suggested that facts learned from counsel are not privileged.  Order Granting Mattel's Motion for an Extension of Time to Depose Paula Garcia in Her Individual Capacity and as a 30(b)(6) Designee at 14:2-12, 16:1-3, attached to the Corey Dec., Exh. 16.  That is the information sought here.  As Mattel made clear, it is not interested specifically in the alleged attorney-client communication, but is interested in the underlying factual information concerning document preservation and collection. |

1  go into what the substance of the

2  conversation is.

3       MR. COREY:  As long as it

4  relates -- we have an agreement if it

5  relates to facts, then that's not privileged

6  and you can't instruct on that.

7       Look, counsel, has the witness

8  been prepared to talk about MGA's net

9  worth or not?  Because based on the

10  questions and the answer -- based on the

11  questions -- the answers to the questions

12  I'm getting, I don't think she has.  If you

13  want to tell me --

14       MS. MORGENTHALER

15  LEVER:  A witness can only provide

16  answer -- information that exists within

17  the company, so -- I'm not the witness's

18  --I'm not testifying here today, but why

19  don't you just proceed with your

20  questions.  And I'd like to have the

21  question pending read back.

22       MR. COREY:  Okay.  That's fine.

23  I'll ask it again.

24       Q.     Well, did you and Mr.

25  Jenal discuss the net worth or the

Finally, instructions not to answer based on "scope" or the form of the question and whether it is "vague and ambiguous," are improper.  Federal Rule of Civil Procedure 30, provides, in part:

> Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve

| | INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|---|
| 4 | valuation of the company? | a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4). |
| 5 | MS. MORGENTHALER | |
| 6 | LEVER:  Calls for attorney-client | Fed. R. Civ. P. 30(d)(1) (emphasis |
| 7 | communications.  You're not asking | added).  Rule 30(d)(4) describes when |
| 8 | what facts Mr. Jenal provided to her. | "upon a showing that the examination is |
| 9 | MR. COREY:  Well, that's -- the | being conducted in bad faith or in such |
| 10 | first question is whether they had a | manner as unreasonably to annoy, |
| 11 | conversation.  Then we can get into | embarrass, or oppress the deponent or |
| 12 | facts. | party," the deposition may be suspended. |
| 13 | MS. MORGENTHALER | Ms. Tonnu's deposition was not being |
| 14 | LEVER:  Objection.  Also misstates the | conducted in such a manner, and MGA |
| 15 | witness's prior testimony.  Vague and | did not, nor could it, assert that such |
| 16 | ambiguous.  Calls for speculation. | conduct was the basis for its instructions. |
| 17 | MR. COREY:  Are you | Thus, it is improper to instruct a witness |
| 18 | instructing the witness not to answer? | not to answer a question based on form |
| 19 | MS. MORGENTHALER | and "scope" objections. |
| 20 | LEVER:  Yes, as phrased. | "[I]t is generally improper for |
| 21 | | counsel at a deposition to instruct a |
| 22 | | deponent (counsel's own client or anyone |
| 23 | | else) not to answer a question, and doing |
| 24 | | so may warrant sanctions."  Schwarzer, |
| 25 | | Tashima & Wagstaffe, Fed. Prac. Guide: |
| 26 | | Civ. Proc. Before Trial, § 11:1570 |
| 27 | | (Rutter's Group 2007) (citing Boyd v. |
| 28 | | |

07209/2315267.1

-46-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | Univ. of Md. Med. Sys., 173 F.R.D. 143, 147 (D. Md. 1997) (an instruction not to answer is "presumptively improper")). Objections as to form, how a question is phrased, or whether a question is compound may be raised, but are not the proper basis for an instruction not to answer.  MGA's instructions not to answer, coupled by Ms. Tonnu's following counsel's instructions, were not only unreasonable but improper. |
| **Instruction No. 37. [330:4-7]**<br><br>    Q.    What did Mr. Daniels tell you about the net worth or valuation of the company?<br>    MS. MORGENTHALER LEVER:  Objection.  Calls for attorney-client communications. | See Response to Instruction No. 36. |
| **Instruction No. 38. [519:12-520:11]**<br><br>    Q.    As you sit here today, Ms. Tonnu, you're not aware of any effort that MGA has made to determine whether any former MGA independent | Topic No. 31, which is compelled, requires MGA to provide testimony regarding the identity of Mattel employees who worked for MGA.  MGA improperly instructed the witness not to |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| contractors, freelancers, or temps were paid by MGA while they were working for Mattel; is that correct?<br><br>    MS. MORGENTHALER LEVER:  Objection.  Vague and ambiguous as to time.  Former as to when?  Calls for speculation.  Lack of foundation.  Misstates the witness's prior testimony.  And objection as to form.  The question makes no sense and assumes facts not in evidence.  It's actually a completely unfair question and objectionable.<br><br>    MR. COREY:  Are you instructing the witness not to answer?<br><br>    MS. MORGENTHALER LEVER:  Yeah, I'm instructing her not -- you need to restate the question because you haven't asked her when this document was prepared, what the term "current" as opposed to "former" means.  There's been no definitions.  You didn't even ask her what -- what the subheading means, and you're just -- the record's completely unclear. | answer a question squarely on topic.  MGA's instructions were improper pursuant to <u>Federal Rule of Civil Procedure</u> 30, which provides, in part:<br><br>    Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer <u>only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4).</u><br><br><u>Fed. R. Civ. P.</u> 30(d)(1) (emphasis added).  <u>Rule</u> 30(d)(4) describes when "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party," the deposition may be suspended.  Ms. Tonnu's deposition was not being conducted in such a manner, and MGA did not, nor could it, assert that such conduct was the basis for its instructions.<br><br>    Thus, it is improper to instruct a witness not to answer a question based on form and "scope" objections. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| BY MR. COREY:<br><br>Q.    Are you going to answer the question?<br><br>A.    No.  I'll follow my attorney's advice. | The majority of MGA's instructions had nothing to do with privilege, but counsel's objections to the form of the question.  To the extent MGA asserted the attorney-client communication privilege, it failed to identify the portion of the question that calls for privileged information, the testimony to which MGA believed the privilege applied.  "[I]t is generally improper for counsel at a deposition to instruct a deponent (counsel's own client or anyone else) not to answer a question, and doing so may warrant sanctions."  Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1570 (Rutter's Group 2007) (citing Boyd v. Univ. of Md. Med. Sys., 173 F.R.D. 143, 147 (D. Md. 1997) (an instruction not to answer is "presumptively improper")).  Objections as to form, or whether a question is compound may be raised, but are not the proper basis for an instruction not to answer.  MGA's instructions not to |

07209/2315267.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | answer, coupled by Ms. Tonnu's following counsel's instructions, were not only unreasonable but improper. |
| **Instruction No. 39. [520:15-522:15]**<br><br>Q.     As you sit here today, Ms. Tonnu, you're not aware of any effort that MGA has made to determine whether any former MGA independent contractor, freelancer, or temp was paid or their own Mattel employee -- or Mattel independent contractor, freelancers, or temp or employee?<br><br>MS. MORGENTHALER LEVER:  Same instruction.<br><br>MR. COREY:  What's the basis for the instruction, counsel?<br><br>MS. MORGENTHALER LEVER:  Because you're saying -- first of all, this list --<br><br>MR. COREY:  Is it privilege?<br><br>MS. MORGENTHALER LEVER:  -- Wasn't prepared today. This list -- it's objectionable as to form. You're assuming facts --<br><br>MR. COREY:  It's a yes-or-no | See Response to Instruction No. 38. |

-50-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|

1  question.

2       MS. MORGENTHALER

3  LEVER:  No.  You're assuming facts

4  not in evidence because you're saying

5  that -- first of all, "former."  Former as

6  opposed to what?  Non- -- other than

7  these three people --

8       MR. COREY:  As opposed to

9  current.

10       MS. MORGENTHALER

11  LEVER:  You have to say "other than

12  these three people listed" because some

13  of these people may not even be

14  employed by Mattel that are listed as

15  current.  You didn't set that foundation,

16  so there's no foundation for your

17  question.

18       There are all sorts of people on

19  this list that probably aren't even at

20  Mattel and -- even though they're under

21  "active employees."  So that preamble

22  to your question is completely false.

23       Why don't you take a look --

24       MR. COREY:  Have you finished

25  shouting?

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|

1  MS. MORGENTHALER

2  LEVER:  -- At this list before you --

3  there are people on this list that aren't

4  even at MGA anymore.  You realize

5  that?

6      THE DEPONENT:  Yes.

7      MS. MORGENTHALER

8  LEVER:  Okay.

9      MR. COREY:  What are you

10  doing, counsel?  Should we put you

11  under oath?

12      MS. MORGENTHALER

13  LEVER:  Do you understand that you're

14  confusing the witness with your

15  questions?

16      MR. COREY:  The witness is not

17  confused.

18      MS. MORGENTHALER

19  LEVER: Yes, she is.  She's confused

20  because you --

21      MR. COREY:  Your declaration

22  that the witness is confused makes the

23  witness confused?  Let's ask the

24  witness.

25      Q.  Ms. Tonnu, did you

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| understand my question?<br><br>A.   No.  At this point, no.<br><br>**Instruction No. 40. [557:24-558:19]**<br>Q.      Do you know whether -- well, does MGA know whether Paula Garcia ever saw this e-mail, Exhibit 314?<br>MS. MORGENTHALER LEVER:  Objection as to form.  Vague and ambiguous.  Lacks foundation. You're asking whether MGA knows something within the mindset of Paula Garcia?  Is that what you're saying?<br>MR. COREY:  It's not within the mindset of Paula Garcia.  It's fact.  It either happened or didn't happen, and MGA either knows about it or doesn't know about it.<br>MS. MORGENTHALER LEVER:  Calls for speculation.  Lack of foundation.  Instruct not to answer. Rephrase the question.  It's improper as to form.<br>BY MR. COREY: | See Response to Instruction No. 38. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| Q.    Are you going to follow your counsel's instruction? A.    Yes. | |
| **Instruction No. 41. [625:21-626:16]** Q.    And someone prepared this report, Exhibit 660, using the information in the target system? A.    Yes. Q.    But this report, Exhibit 660, in this format was a single-purpose report prepared for some litigation other than this one? A.    Yes. Q.    Okay.  What litigation was it prepared for? MS. MORGENTHALER LEVER:  Objection.  Calls for work product information.  Instruct not to answer. MR. COREY:  On the identity of the litigation? MS. MORGENTHALER LEVER:  Yeah.  It's outside the scope. MR. COREY:  That's not a basis | See Responses to Instructions Nos. 28 and 36. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| to instruct.<br><br>     MS. MORGENTHALER LEVER:  And it's also work product. | |
| **Instruction No. 42. [627:13-23]**<br>     Q.    Do you know who the parties are to that litigation?<br>     MS. MORGENTHALER LEVER:  Same objection.<br>     You can answer yes or no.<br>     THE DEPONENT:  Yes.<br>     BY MR. COREY:<br>     Q.    Who are the parties to that litigation?<br>     MS. MORGENTHALER LEVER:  Instruct not to answer on work product grounds and also seeks attorney-client privileged information. Instruct not to answer. | <u>See</u> Responses to Instruction Nos. 1, 14, 24, 28 and 36.<br>     The attorney-client privilege does not apply in this context where Mattel is attempting to learn the facts of which Ms. Tonnu was "educated" on in response to the Second Notice topics. "When a corporation produces an employee under <u>Fed. R. Civ. P.</u> 30(b)(6) to testify to corporate knowledge, the employee must provide responsive underlying factual information even though such information was transmitted through or from corporate lawyers." <u>Sprint Communications v. TheGlobe.Com, Inc.,</u> 236 F.R.D. 524, 529 (D. Kan. 2006). The Discovery Master has previously suggested that facts learned from counsel are not privileged.  Order Granting Mattel's Motion for an Extension of |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | Time to Depose Paula Garcia in Her Individual Capacity and as a 30(b)(6) Designee at 14:2-12, 16:1-3, attached to the Corey Dec., Exh. 16.  That is the information sought here.  As Mattel made clear, it is not interested specifically in the alleged attorney-client communication, but is interested in the underlying factual information concerning document preservation and collection. |
| **Instruction No. 43. [628:7-14]**<br><br>Q.    Do you know, is the litigation ongoing?<br><br>MS. MORGENTHALER LEVER:  Asked and answered.<br><br>You can -- that's a yes-or-no answer -- or instruct not to answer.  It's actually been asked, whether you know, so instruct not to answer on the grounds of attorney-client communications and work product privilege. | See Responses to Instruction Nos. 1, 14, 24, 28, 36 and 42. |
| **Instruction No. 44. [631:22-632:3]** | See Responses to Instruction Nos. 1, 14, |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| Q.    Who are the parties to the litigation that Exhibit 660 was created for?<br><br>MS. MORGENTHALER LEVER:  Calls for attorney-client communications and work product information.  Outside the scope.  Calls for speculation.  Lacks foundation. Instruct not to answer. | 24, 28, 36 and 42. |
| **Instruction No. 45. [694:14-695:4]**<br>Q.    Did you have any conversation with anyone about Ms. Gronich's declaration?<br><br>MS. MORGENTHALER LEVER:  Objection.  Vague and ambiguous.<br><br>THE DEPONENT:  I spoke to Rich Daniels.<br><br>BY MR. COREY:<br>Q.    Anyone else?<br>A.    No.<br>Q.    Did Mr. Daniels write this?<br>MS. MORGENTHALER LEVER:  Objection.  Calls for attorney | See Response to Instruction No. 1, 14, 24, 28 and 42. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| work product information. Instruct the witness not to answer.<br><br>    BY MR. COREY:<br><br>    Q.   Are you going to follow your counsel's instruction?<br><br>    A.   Yes. | |

**IMPROPER INSTRUCTIONS AT THE DEPOSITION OF MGA DESIGNEE SPENCER WOODMAN**

| **Instruction No. 46. [40:16-41:19]** | Instructions not to answer based on |
|---|---|
|     Q.  Do you remember reading any transcripts, either deposition or trial transcripts, from any other case besides art attacks?<br><br>    A.  Yes, I did.<br><br>    Q.  Okay. What Case?<br><br>    MR. KLEVENS: I Just – I just want to clarify something for the record because I think you're getting some confused testimony. Art Attacks – Testimony from the Art Attacks trial is beyond the scope of designation 34 because Mattel counsel were in attendance throughout the Art Attacks trial. So Art Attacks testimony was not | "scope" or the question is "improper" are incorrect. <u>Federal Rule of Civil Procedure</u> 30, provides, in part:<br><br>    Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer <u>only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4).</u><br><br><u>Fed. R. Civ. P.</u> 30(d)(1) (emphasis added). <u>Rule</u> 30(d)(4) describes when "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| presented to Mr. Woodman for his review.<br><br>    MS. HUTNYAN: Okay. Well, we --<br><br>    MR. KLEVENS: I want you to be aware<br><br>    MS. HUTNYAN: -- disagree that it's outside the scope.<br><br>    MR. KLEVENS: We can disagree but that's the situation.<br><br>    MS. HUTNYAN: Okay, well.<br><br>    Q.   Are you not going to testify on that subject?<br><br>    MR. KLEVENS: He is not.<br><br>    MS. HUTNYAN: Okay.<br><br>    MR. KLEVENS: I have instructed him – I instruct him not to testify regarding Art Attacks trial testimony because Mattel counsel were present throughout that trial, and designation 34 specifically excludes that. | embarrass, or oppress the deponent or party," the deposition may be suspended. Mr. Woodman's deposition was not being conducted in such a manner, and MGA did not, nor could it, assert that such conduct was the basis for its instructions. Thus, it is improper to instruct a witness not to answer a question based on form and "scope" objections.<br><br>    "[I]t is generally improper for counsel at a deposition to instruct a deponent (counsel's own client or anyone else) not to answer a question, and doing so may warrant sanctions."   Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1570 (Rutter's Group 2007) (citing Boyd v. Univ. of Md. Med. Sys., 173 F.R.D. 143, 147 (D. Md. 1997) (an instruction not to answer is "presumptively improper").). MGA's instructions not to answer were unreasonable and improper. |
| **Instruction No. 47. [46:12-24]**<br><br>    Q.   Have you seen this | See Response to Instruction No. 46. Further, statements made by applicants |

07209/2315535.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| document before?<br><br>    A. I don't believe so.<br><br>    MR. KLEVENS: I'm going to object to questions about this document on the ground that it is not within topic 34. You have topic 33 that deals with Applications and registrations for copyright and trademark. That was not a subject on which Mr. Woodman was designated to testify and this doesn't constitute a sworn statement in another action. So he's instructed not to answer questions about exhibit 500. | to the Patent and Trademark Offices are made under oath. *See* 35 U.S.C. § 115 ("The applicant shall make oath that he believes himself to be the original and first inventor of the process, machine, manufacture, or composition of matter, or improvement thereof, for which he solicits a patent; and shall state of what country he is a citizen. "); 37 C.F.R. § 151(b) ("A complete application . . . comprises an oath or declaration"). Accordingly, Statements to the Patent Office are commonly viewed as sworn statements of fact relevant to later proceedings. *See Baker Oil Tools, Inc. v. Geo Vann, Inc.,* 828 F.2d 1558, 1562 (Fed. Cir. 1987) ("This is more than a pleading, but not an adjudication. It is a sworn statement of fact. Baker Oil's assertion before the PTO . . . could be considered as a factor in determining whether the pre-critical date uses were . . . experimental"); *Control Components, Inc. v. Valtek, Inc.,* 609 F.2d 763, 769 (5th Cir. 1980) (considering use of |

SEPARATE STATEMENT NO. 2

07209/2315535.1

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | "statements made under oath to the patent office" for impeachment purposes). |
| **Instruction No. 48. [48:15-20]**<br><br>Q. Okay. I'm handing you a document that's previously marked 501.<br><br>MR. KLEVENS: Mr. Woodman is instructed not to answer questions regarding exhibit 501 on the same basis: that it's covered within item 33 and not covered within item 34. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 49. [51:20-52:3]**<br><br>Q. Okay. And is it your understanding that this declaration was submitted to the United States Patent and Trademark Office with respect to application no. 10/373,602?<br><br>MR. KLEVENS: Ob -- Objection; I mean, you're just asking -- if you're asking him if that's what he reads, I'm going to instruct him not to answer that question, it's not an appropriate question. I mean, you can read the document -- | See Response to Instruction No. 46. |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| **Instruction No. 50. [60:2-61:11]** | See Response to Instruction No. 46. |

**Instruction No. 50. [60:2-61:11]**

1    Q.  Do you understand that this

2  document, No. 502, relates to a patent

3  application?

4    A.   To the best of my

5  knowledge, yes.

6    Q.   Okay.  Do you have any

7  understanding whatsoever of the

8  context in which this particular sworn

9  statement was made?

10    MR. KLEVENS:  Objection;

11  vague and ambiguous.

12    THE WITNESS:  I have not

13  reviewed this document.

14    BY MS. HUTNYAN:

15    Q.   Take the opportunity to

16  review it, please, and let me know when

17  you're done.

18    MR. KLEVENS:  For the

19  record, I will object on the ground that

20  this --

21    MS. HUTNYAN:  There's a

22  question pending.

23    MR. KLEVENS:  that's fine.  I

24  will object on the ground that the

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| declaration by its terms pertains to a period outside the period specified in paragraph 34 because it pertains to a period after June 30, 2001. | |

1
2
3
4       declaration by its terms pertains to a

5       period outside the period specified in

6       paragraph 34 because it pertains to a

7       period after June 30, 2001.

8               MS. HUTNYAN:  Are you

9       instructing?

10              MR. KLEVENS:  Because

11      it states in paragraph -- it states in

12      paragraph 4 that the -- that Carter

13      Bryant states that he was involved with

14      the release of the Bratz -- Bratz dolls of

15      the configuration as set forth in

16      paragraph 3 above, and this release did

17      not occur until the fall of the year 2000.

18      So unless you can point to me

19      something in this declaration that

20      pertains to the period prior to June 30,

21      2001, this declaration is outside of item

22      34, with all due respect.

23              MS. HUTNYAN:  Is that an

24      instruction not to answer?

25              MR. KLEVENS:  Yes,

26      unless you can tell me that it pertains to

27      the period prior to June 30, 2001, and if

28      you can, I will let him answer.

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| **Instruction No. 51. [66:14-24]**<br><br>Q.  Do you have an understanding that this patent application had been rejected on the basis that the Bratz reference that was cited was in -- was in existence as of December 2001?<br><br>MR. KLEVENS:  Objection; beyond the scope of item 34.  Instructed not to answer.<br><br>BY MS. HUTNYAN:<br><br>Q.  Are you going to take your counsel's instruction?<br><br>A.  Yes, I am. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 52. [66:24-67:9]**<br><br>Q.  Okay.  Do you have any reason to doubt that the patent office rejected this application on the basis that the Bratz reference actually was in existence as of December of 2001?<br><br>MR. KLEVENS:  Objection; beyond the scope of topic 34, instructed not to answer.<br><br>BY MS. HUTNYAN:<br><br>Q.  Are you going to take your | See Responses to Instruction Nos. 46 & 47. |

-64-

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| counsel's -- | |
|     A.   I'm going to take -- | |
|     Q.   -- instruction? | |
|     A.   -- my counsel's instruction. | |
| **Instruction No. 53. [71:12-72:8]** | See Responses to Instruction Nos. 46 & 47. |

**Instruction No. 53. [71:12-72:8]**

    Q.   I'm handing you an exhibit that was previously marked 548.  Have you seen this document before?

    A.   No, I have not.

    Q.   In comparing it with the declaration of Carter Bryant, which is exhibit 502, can you see that it relates to the same application – patent application, called "doll with aesthetic changeable footgear"?

    MR. KLEVENS:  Objection; this document's not a sworn statement within item 34.

    BY MS. HUTNYAN:

    Q.   You can answer my question.

    MR. KLEVENS:  I'm not going to let him answer the question.

    MS. HUTNYAN:  Oh, you're instructing?  Well, you got to say that.

07209/2315535.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| MR. KLEVENS: I instruct him not to answer, I apologize. Unless you can explain to me how this is within item 34, he's instructed not to answer. If you can, I will be happy to listen to you. | |
| **Instruction No. 54. [73:8-16]**<br><br>Q.  Do you see that this is an amendment that was submitted by "attorney for applicant," which was Larian, in connection with this patent application?<br><br>MR. KLEVENS:  Objection; instructed not to answer.  It's outside the scope of item 34 unless you're prepared to explain to me that it is within 34 and why.<br><br>THE WITNESS:  I will take my counsel's advice and not answer that question. | <u>See</u> Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 55. [73:8-16]**<br><br>Q.  Okay.  So is it your view that when MGA submits patent applications to the patent office, that it is not supposed to tell the truth? | <u>See</u> Responses to Instruction Nos. 46 & 47. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| MR. KLEVENS:  Objection; calls for a legal conclusion, beyond the scope of item 34, instructed not to answer.<br><br>THE WITNESS:  I will not answer that question. | |
| **Instruction No. 56. [80:6-19]**<br><br>Q.   Okay.  And do you see to the right of it, by 3(b), it says February 12th, 2001?<br><br>A.   Yes, I see that.<br><br>Q.   Okay.  And do you understand that this document refers or relates to the time period prior to June 30th, 2001?<br><br>MR. KLEVENS:  Objection; calls for a legal conclusion, and these questions pertain to a document which is not a sworn statement within item 34, so I'm instructing him not to answer further questions about this document unless you can explain to me how it falls within item 34.<br><br>THE WITNESS:  I will take my counsel's instruction not to answer. | See Responses to Instruction Nos. 46 & 47. |

07209/2315535.1

-67-

SEPARATE STATEMENT NO. 2

| | |
|---|---|
| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
| **Instruction No. 57. [85:15-86:16]** | See Responses to Instruction Nos. 46 & 47. |

1
2
3
4   **Instruction No. 57. [85:15-86:16]**

5          Q.   Exhibit 390.

6          A.   Yes.

7          Q.   Topic 34.

8          A.   Yes.

9          Q.   Okay.  See at the end of

10   that where it says (reading):  the time

11   period prior to June 30th, 2001,

12   regardless of when such testimony or

13   sworn statement was taken, given,

14   signed, made, or filed?

15          A.   Uh-huh.

16          Q.   Do you see that?

17          A.   Yes.

18          Q.   Okay.  And do you

19   understand what that means?

20          A.   Yes.         —

21          Q.   Okay.  Does reviewing --

22   and please, feel free to read that entire

23   paragraph again, that topic 34 that

24   you've said you're going to testify on,

25   let me know, does this change your

26   view as to whether you're going to take

27   your counsel's instruction on this?

28          A.   Okay.  I'm reading it now.

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| Q. Okay.<br><br>A. Yes, I'm going to take my counsel's instruction not to respond. | |
| **Instruction No. 58. [86:16-87:4]**<br><br>Q. Okay. I'm going to show you exhibit 506 -- oh. And do you see on the first page of this document there are two references to dates earlier than June 30th, 2001?<br><br>MR. KLEVENS: Objection; instructed not to answer. This is not a sworn statement within item 34. So he's instructed not to answer questions about exhibit 506 unless you can explain to me how this became a sworn statement.<br><br>BY MS. HUTNYAN:<br><br>Q. Okay. You're not going to answer that question, I take it?<br><br>A. That is correct. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 59. [88:3-21]**<br><br>Q. Have you seen this document before?<br><br>A. No, I have not.<br><br>Q. On page M 0110185, do you see in 3(a) and 3(b) that there are | See Responses to Instruction Nos. 46 & 47. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| dates earlier than June 30th, 2001? | |
|     A.  Yes. | |
|     Q.  And would you disagree with me that this document refers or relates to the time period prior to June 30th, 2001? | |
|     MR. KLEVENS:  I instruct the witness not to answer your question because you've left out the critical predicate of item 34, which is not just that it be some document that relates to the period prior to June 30th, 2001, but that it be a sworn statement, transcript, declaration, affidavit pertaining to Bratz prior to June 30th, 2001.  Unless you can explain to me that this is such a sworn statement I'm going to instruct the witness not to answer questions about exhibit 507. | |
| **Instruction No. 60. [92:12-24]**     Q.  I've put in front of you a document that was previously marked exhibit 508.  Can you testify about anything on this document?     MR. KLEVENS:  Objection; | See Responses to Instruction Nos. 46 & 47. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| now, this document is not within the definition of item 34. it is not a sworn statement of any kind.<br><br>        MS. HUTNYAN:  So either --<br>        MR. KLEVENS:  So unless you can explain to me --<br>        MS. HUTNYAN:  -- Instruct him or object.<br>        MR. KLEVENS:  -- Unless you can explain to me that this is a sworn statement, I will instruct him not to answer. | |
| **Instruction No. 61. [94:12-15]**<br>        Q.   So can you provide any testimony as to document -- exhibit 508?<br>        MR. KLEVENS:  I instructed him not to answer.  Move along. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 62. [94:21-95:2]**<br>        Q.   Putting in front of you exhibit 509.  As you can see, it's very, very similar to 507 and 505. are you able to provide me any testimony on exhibit 509 today?<br>        MR. KLEVENS:  The witness | See Responses to Instruction Nos. 46 & 47. |

| | INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|---|
| 1 2 3 | | |
| 4 5 6 | is instructed not to answer regarding exhibit 509 because it's not a sworn statement within item 34. | |
| 7 8 9 10 11 12 13 14 15 16 17 | **Instruction No. 63. [95:6-13]**<br><br>Q.  Okay.  In front of you is exhibit 510.  As you can see it's similar to 508 and 506 in that it includes dates before June 30th, 2001.  Do you disagree with me?<br><br>MR. KLEVENS:  Objection; the witness is instructed not to answer on the grounds that this is not a sworn statement within the definition of item 34. | See Responses to Instruction Nos. 46 & 47. |
| 18 19 20 21 22 23 24 25 26 27 | **Instruction No. 64. [95:18-23]**<br><br>Q.  Okay.  Do you have any understanding that this was a document that was submitted by MGA's counsel to the copyright office?<br><br>MR. KLEVENS:  Same instruction.<br><br>THE WITNESS:  I'm taking instruction from my counsel not to respond. | See Responses to Instruction Nos. 46 & 47. |
| 28 | **Instruction No. 65. [95:25-96:9]** | See Responses to Instruction Nos. 46 & |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| Q. Okay. Let's do 511. You can see it's similar to 509 in that it has dates relating on the second page of the exhibit to a period before June 30th, 2001. Can you give me -- can you tell me anything about this document today?<br><br>MR. KLEVENS: Same objection, same instruction.<br><br>THE WITNESS: I take my counsel's instruction not to answer. | 47. |
| **Instruction No. 66. [96:11-97:7]**<br><br>Q. Okay. And let's finish it up with -- oh, no, we have got a few more. 512. As you can see, exhibit 512, which is in front of you, is similar to 510 in that it includes dates before June 30th, 2001. Can you give me any testimony whatsoever about exhibit 512?<br><br>MR. KLEVENS: Objection; this document is not a sworn statement within item 34 and -- and, as with all these other documents, falls clearly within item 33 but not item 34. | See Responses to Instruction Nos. 46 & 47. |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| MS. HUTNYAN: And that's why -- <br><br> MR. KLEVENS: And he's instructed -- <br><br> MS. HUTNYAN: -- you're instructing? <br><br> MR. KLEVENS: That's right. <br><br> MS. HUTNYAN: Okay, thank you. <br><br> Q. Can you provide me with any testimony whatsoever as to this document? <br><br> MR. KLEVENS: I just instructed him not to answer. <br><br> THE WITNESS: I take my counsel's instruction not to respond. | |
| **Instruction No. 67. [97:20-98:2]** <br><br> Q. Let's look at document 513. Thanks. And do you see here on the second page which ends in -189 that the copyright claimant is MGA Entertainment? <br><br> MR. KLEVENS: Objection; the document is outside the scope of item 34 and is not a sworn statement | See Responses to Instruction Nos. 46 & 47. |

37209/2315535.1

SEPARATE STATEMENT NO. 2

| | INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | within that item and appears to be an | |
| 5 | item within category 33.  He's | |
| 6 | instructed not to answer. | |
| 7 | **Instruction No. 68. [98:6-21]** | See Responses to Instruction Nos. 46 & |
| 8 | Q.  And you will not provide | 47. |
| 9 | me any testimony about exhibit 513 | |
| 10 | based on that instruction? | |
| 11 | MR. KLEVENS:  He's | |
| 12 | instructed not to answer. | |
| 13 | THE WITNESS:  Not as it | |
| 14 | relates to this document. | |
| 15 | BY MS. HUTNYAN: | |
| 16 | Q.   Okay.  Any testimony -- | |
| 17 | my -- my question was whether you | |
| 18 | could provide any testimony with | |
| 19 | respect to the document.  So it all deals | |
| 20 | with the document. | |
| 21 | A.  No. | |
| 22 | MR. KLEVENS:  He's | |
| 23 | instructed not to answer questions about | |
| 24 | this -- | |
| 25 | MS. HUTNYAN:  Just | |
| 26 | making sure -- | |
| 27 | MR. KLEVENS:  -- this | |
| 28 | document. | |

07209/2315535.1

-75-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| **Instruction No. 69. [98:24-99:3]** Q.  Okay, let's do 514. MR. KLEVENS:  The witness is instructed not to answer questions about exhibit 514 on the ground that it's not within item 34.  To the contrary, it appears to be within item 33. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 70. [99:8-22]** Q.  Okay.  I've passed you exhibit 553.  Have you seen this document before? A.  No, I have not. Q.  Okay.  On the -- on the third page, do you see that this is a trademark -- a supplemental -- it's a certificate of registration on the supplemental register on behalf of MGA Entertainment? MR. KLEVENS:  Objection; the witness is instructed not to answer on the ground that this exhibit 553 is not a document within the definition of item 34.  Indeed, it appears to be a document within the definition of item 33.  He's instructed not to answer. | See Responses to Instruction Nos. 46 & 47. |

209/2315535.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| **Instruction No. 71. [100:14-23]**<br><br>Q.  Okay.  Can you give me -- can you tell me anything about the first use here in may of 2001 --<br><br>MR. KLEVENS:  Objection --<br><br>BY MS. HUTNYAN:<br><br>Q.  -- that's on the left column, bottom line on the third page?<br><br>MR. KLEVENS:  Objection; the witness is instructed not to answer regarding this document because it's beyond the scope of item 34, as I previously advised. | <u>See</u> Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 72. [101:2-13]**<br><br>Q.  Do you see on the first page in the second paragraph that's italicized it says (reading): the records of the United States Patent and Trademark Office show that an application registration for application of the marks shown in this certificate was filed in the office?<br><br>MR. KLEVENS:  Objection; the witness is instructed not to answer regarding exhibit 553 because it's | <u>See</u> Responses to Instruction Nos. 46 & 47. |

-77-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| beyond the scope of item 34 on which he was designated. | |
| **Instruction No. 73. [102:2-14]**<br><br>Q.  Okay.  In front of you is exhibit 554.  Have you seen this document before?<br><br>A.  No, I have not.<br><br>Q.  Okay.  I can represent to you that this is -- it purports to be a certificate of registration from the patent and trademark office on behalf of MGA Entertainment.  Do you see that reflected on page 3?<br><br>MR. KLEVENS:  Objection.  The witness is instructed not to answer regarding the contents of exhibit 554 because it's beyond the scope of his designation pursuant to paragraph 34 of the second notice of deposition under 30(b)(6). | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 74. [102:18-103:1]**<br><br>Q.  Okay.  And likewise you will not be answering any questions that I have about the submissions that were | See Responses to Instruction Nos. 46 & 47. |

209/2315535.1

-78-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| made by MGA's counsel on behalf of MGA to the patent office that resulted in the certificate of registration?<br><br>     A.   Yes.<br><br>     Q.   And that's because of your counsel's instruction?<br><br>     A.   Yes. | |
| **Instruction No. 75. [103:14-104:1]**<br><br>     Q.   Okay.  557.  I'm putting in front of you exhibit 557, previously marked. Have you had a chance to look at the document?<br><br>     A.   Of 557?<br><br>     Q.   Uh-huh.<br><br>     A.   I was just handed the document.  Okay, I have looked at it.<br><br>     Q.   Okay.  Are you going to be able to provide any testimony relating to this document?<br><br>     MR. KLEVENS:  The witness is instructed not to answer regarding exhibit 557 because it's not a document within the definition of item 34. | <u>See</u> Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 76. [104:13-105:7]**<br><br>     Q.   Okay.  And let's do the | <u>See</u> Responses to Instruction Nos. 46 & 47. |

07209/2315535.1

-79-

SEPARATE STATEMENT NO. 2

| | INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|---|
| 4 | same thing with 558. | |
| 5 | MR. KLEVENS:  What | |
| 6 | question are you asking? | |
| 7 | BY MS. HUTNYAN: | |
| 8 | Q.  Can I ask any questions | |
| 9 | with regard to exhibit 558? | |
| 10 | MR. KLEVENS:  Well, you | |
| 11 | can ask any questions you want, but the | |
| 12 | witness will be instructed not to answer | |
| 13 | regarding exhibit 558 because it's a | |
| 14 | document that is not within item 34 and | |
| 15 | is within item 33. | |
| 16 | Q.  And you're taking your | |
| 17 | counsel's instruction on that? | |
| 18 | A.  I didn't know there was a | |
| 19 | question posed to me.  I'm sorry, was | |
| 20 | there a  question posed? | |
| 21 | Q.  Are you able to answer any | |
| 22 | questions at all with regard to exhibit | |
| 23 | 558? | |
| 24 | A.  I take my counsel's | |
| 25 | instruction not to respond. | |
| 26 | **Instruction No. 77. [105:18-106:14]** | <u>See</u> Responses to Instruction Nos. 46 & |
| 27 | Q.  Okay.  We're going to | 47. |
| 28 | hand to you exhibits 559, 560, 561, 562, | |

209/2315535.1

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| 563, 564, 565, 566.  And my question to you is going to be, although you can have as much time as you want to look at those, whether your answers to my questions about these documents will be the same as your answers to the last ten or so documents.  MR. KLEVENS:  Has anybody handed me those documents?  MS. HUTNYAN:  You should have it.  MR. DANIELS:  It's right here.  MR. KLEVENS:  Don't answer until I have had an opportunity to look at the documents, please.  The witness is instructed not to answer questions regarding exhibits 559 through 566 on the ground that each of those documents is outside of the definition of item 34 from the second notice of deposition under federal rule of civil procedure 30(b)(6) and appears to be within item 33.  So he's instructed not to answer. | |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| **Instruction No. 78. [122:12-21]**<br><br>Q.  We're going to present to you five documents that are the certificates of registration that resulted from the last five documents.  Let's take a look at them, they're exhibits 585 through 589, inclusive.<br><br>MR. KLEVENS:  The witness is instructed not to answer questions regarding exhibits 585 through 589 on the ground that they are not documents within the definition of item 34 and they appear to be documents within the definition of item 33. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 79. [122:12-21]**<br><br>Q.  I'm going to hand you exhibit 591.  Take as long as you need to look and let me know whether that's going to receive an instruction or not.<br><br>MR. KLEVENS:  Yeah, he's instructed not to answer regarding exhibit 591 on the ground that it's outside of topic 34. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 80. [191:11-15]** | See Responses to Instruction Nos. 46 & |

-82-

SEPARATE STATEMENT NO. 2

315535.1

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| Q.  Do you see that it says "statement of claim" on page M 0012595?<br><br>MR. KLEVENS:  Yeah. same objection and same instruction, unless you can point out that this is a sworn statement by somebody. | 47. |
| **Instruction No. 81. [192:10-193:1]**<br>Q.  Okay.  So when you turn to 12604, you are also not going to be able to tell me whether this is a claim by MGA submitted to the Hong Kong court for loss that MGA alleges it suffered as a result of infringement by this -- these other companies?<br>MR. KLEVENS:  Same instruction not to answer. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 82. [221:11-19]**<br>Q.  -- on the second page, which is MGA 0868040, do you see paragraph 7?<br>A.  Yes.<br>Q.  Is the information in paragraph 7 true and correct?<br>MR. KLEVENS:  Objection; | See Responses to Instruction Nos. 46 & 47. |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| calls for information outside the scope of topic 34 and beyond the date June 30, 2001.  The witness is instructed not to answer. | |

DATED:  December 5, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Jon D. Corey
Attorneys for Mattel, Inc.

-84-