"Bratz Funk Out! Yasmin" (SKU 269397); "Bratz Funk Out! Jade" (SKU 269403); "Bratz Funk Out! Dana" (SKU 269410); "Bratz Pack Funk Out! Sasha" (SKU 269427); "Bratz Sun-Kissed Summer Cloe" (SKU 269526); "Bratz Sun-Kissed Summer Yasmin" (SKU 269533); "Bratz Sun-Kissed Summer Jade" (SKU 269540); "Bratz Sun-Kissed Summer Dana" (SKU 269557); "Bratz Sun-Kissed Summer Sasha" (SKU 269564); "Bratz Girls Nite Out! Cloe" (SKU 269649); "Bratz Girls Nite Out! Yasmin" (SKU 269656); "Bratz Girls Nite Out! Jade" (SKU 269663); "Bratz Girls Nite Out! Dana" (SKU 269670); "Bratz Girls Nite Out! Sasha" (SKU 269687); "Bratz Motorcycle Style! Yasmin" (SKU 271345); "Bratz Motorcycle Style! Cloe" (SKU 271444); "Easter Bunny Avery" (SKU 272724); "Easter Bunny Tess" (SKU 272731); "Easter Bunny Tatiana" (SKU 272748); "Easter Bunny Viveka" (SKU 272755); "Bratz Formal Funk Date Pk Cloe and Boy" (SKU 272793); "Bratz Formal Funk Date Pk Jade and Boy" (SKU 272809); "Bratz Formal Funk Date Pk Yasmin and Boy" (SKU 272816); "Bratz Formal Funk Date Pk Dana and Boy" (SKU 272823); "Bratz Formal Funk Date Pk Sasha and Dude" (SKU 272830); "Bratz Motorcycle Style! Jade" (SKU 272960); "Bratz Motorcycle Style! Meygan" (SKU 272977); "Bratz Funk Out! Nevra" (SKU 273387); "Bratz Funk Out! Fianna" (SKU 273394); "Bratz Wild Life Safari Nevra" (SKU 273462); "Bratz Wild Life Safari Fianna" (SKU 273479); "Bratz Wild Life Safari Meygan" (SKU 273486); "Bratz Nighty-Nite Cloe" (SKU 277460); "Bratz Nighty-Nite Yasmin" (SKU 277477); "Bratz Nighty-Nite Jade" (SKU 277484); "Bratz Nighty-Nite Fianna" (SKU 277491); "Bratz Nighty-Nite Sasha" (SKU 277507); "Bratz Secret Date Nevra" (SKU 277514); "Bratz Secret Date Meygan" (SKU 277521); "Bratz Wintertime Collection Cloe" (SKU 277545); "Bratz Wintertime Collection Yasmin" (SKU 277552); "Bratz Wintertime Collection Jade" (SKU 277569); "Bratz Wintertime Collection Dana" (SKU 277576); "Bratz Wintertime

MGA'S SUPPLEMENTAL RESPONSE TO
INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
OF INTERROGATORIES

EXHIBIT _41_ PAGE _508_

Collection Sasha" (SKU 277583); "Bratz Flashback Fever Cloe" (SKU
277675); "Bratz Flashback Fever Yasmin" (SKU 277682); "Bratz Flashback
Fever Jade" (SKU 277699); "Bratz Flashback Fever Fianna" (SKU 277705);
"Bratz Tokyo-A-Go Go! Cloe" (SKU 277798); "Bratz Tokyo-A-Go Go!
Yasmin" (SKU 277804); "Bratz Tokyo-A-Go Go! Jade" (SKU 277811);
"Bratz Tokyo-A-Go Go! Fianna" (SKU 277828); "Bratz Tokyo-A-Go Go!
Sasha" (SKU 277835); "Bratz Secret Date Cloe" (SKU 277903); "Bratz
Secret Date Yasmin" (SKU 277910); "Bratz Secret Date Jade" (SKU
277927); "Bratz Twiins Collector Doll" (SKU 277941); "Bratz Cloe
Collector Doll" (SKU 277958); "Bratz Flashback Fever Sasha" (SKU
283782); "Bratz Tokyo-A-Go Go! Collector Doll KUMI" (SKU 283898);
"Bratz Wildlife Safari Cloe" (SKU 284031); "Bratz Wildlife Safari Yasmin"
(SKU 284048); "Bratz i-Candy Cloe" (SKU 291893); "Bratz i-Candy
Yasmin" (SKU 291909); "Bratz i-Candy Phoebe" (SKU 291930); "Bratz
Live In Concert Cloe" (SKU 291954); "Bratz Live In Concert Yasmin"
(SKU 291961); "Bratz Live In Concert Sasha" (SKU 291978); "Bratz Live
In Concert Dana" (SKU 291985); "Bratz World London Pretty N' Punk
Cloe" (SKU 292012); "Bratz World London Pretty N' Punk Yasmin" (SKU
292029); "Bratz World London Pretty N' Punk Jade" (SKU 292043); "Bratz
World London Pretty N' Punk Meygan" (SKU 292050); "Bratz Fabulous
Bratz Cloe" (SKU 293074); "Bratz Fabulous Bratz Yasmin" (SKU 292081);
"Bratz Fabulous Bratz Sasha" (SKU 292098); "Bratz Fabulous Bratz Tiana"
(SKU 292104); "Bratz Play Sportz Yasmin Soccer" (SKU 294092); "Bratz
Play Sportz Meygan Bowling" (SKU 294115); "Bratz Play Sportz Sasha
Cheerleading" (SKU 294122); "Bratz Treasures! Cloe" (SKU 294184);
"Bratz Treasures! Yasmin" (SKU 294191); "Bratz Treasures! Roxxi" (SKU
294214); "Bratz Play Sportz Tennis Fianna" (SKU 295587); "Bratz Play
Sportz Karate Roxxi" (SKU 296669); "Bratz Play Sportz Basketball Dana"

CONFIDENTIAL                    - 8 -     MGA'S SUPPLEMENTAL RESPONSE TO
                                          INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                          OF INTERROGATORIES

EXHIBIT 41 PAGE 509

(SKU 296676); "Bratz Step Out! Cloe" (SKU 296980); "Bratz Step Out! Yasmin" (SKU 296997); "Bratz Step Out! Sasha" (SKU 297000); "Bratz Treasures! Jade" (SKU 297017); "Bratz Treasures! Sasha" (SKU 297024); "Bratz Live In Concert Nevra" (SKU 297031); "Bratz Live In Concert Jade" (SKU 297048); "Bratz Midnight Dance Leah" (SKU 297055); "Bratz Midnight Dance Roxxi" (SKU 297062); "Bratz Rock Angelz Yasmin" (SKU 297079); "Bratz Step Out! Jade" (SKU 297086); "Bratz Step Out! Meygan" (SKU 297093); "Bratz Twiins Orianna & Valentina" (SKU 301226); "Bratz Dynamite Cloe" (SKU 303466); "Bratz Dynamite Nevra" (SKU 303473); "Bratz Dynamite Meygan" (SKU 303480); "Bratz Birthday Bash Yasmin" (SKU 303527); "Bratz Birthday Bash Cloe" (SKU 303534); "Bratz Birthday Bash Phoebe" (SKU 303541); "Bratz Birthday Bash Sasha" (SKU 303558); "Bratz Midnight Dance Yasmin" (SKU 303657); "Bratz Midnight Dance Meygan" (SKU 303664); "Bratz Midnight Dance Fianna" (SKU 303671); "Bratz Rock Angelz Cloe" (SKU 303886); "Bratz Rock Angelz Jade" (SKU 303909); "Bratz Rock Angelz Sasha" (SKU 303916); "Bratz Ooh La La Cloe" (SKU 303954); "Bratz Ooh La La Dana" (SKU 303961); "Bratz Ooh La La Kumi" (SKU 303978); "Bratz Meygan Collector Doll" (SKU 304142); "Bratz Campfire Cloe" (SKU 306016); "Bratz Campfire Phoebe" (SKU 306023); "Bratz Campfire Yasmin" (SKU 306030); "Bratz Campfire Dana" (SKU 306047); "Bratz Campfire Felicia" (SKU 306054); "Bratz Wild Wild West Yasmin" (SKU 306474); "Bratz Wild Wild West Cloe" (SKU 306481); "Bratz Wild Wild West Fianna" (SKU 306498); "Bratz Wild Wild West Dana" (SKU 309000); "Bratz Wild Wild West Kianna" (SKU 309017); "Bratz Hollywood Style Cloe" (SKU 312185); "Bratz Hollywood Style Dana" (SKU 312192); "Bratz Play Sportz Gymnastics Yasmin" (SKU 313168); "Bratz Play Sportz Softball Phoebe" (SKU 313182); "Bratz Feelin' Pretty Collection Cloe" (SKU 313281); "Bratz Feelin' Pretty Collection

MGA'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 OF MATTEL'S FIRST SET OF INTERROGATORIES

EXHIBIT _41_ PAGE _570_

Yasmin" (SKU 313298); "Bratz Feelin' Pretty Collection Jade" (SKU 313304); "Bratz Feelin' Pretty Collection Dana" (SKU 313311); "Bratz Feelin' Pretty Collection Sasha" (SKU 313328); "Bratz Sweet Dreamz Pajama Party Cloe" (SKU 313410); "Bratz Sweet Dreamz Pajama Party Yasmin" (SKU 313427); "Bratz Sweet Dreamz Pajama Party Siernna" (SKU 313434); "Bratz Sweet Dreamz Pajama Party Kumi" (SKU 313441); "Bratz Sweet Dreamz Pajama Party Felicia" (SKU 313458); "Bratz Birthday Cloe" (SKU 313472); "Bratz Birthday Yasmin" (SKU 313489); "Bratz Birthday Jade" (SKU 313496); "Bratz Genie Magic Yasmin" (SKU 313564); "Bratz Genie Magic Jade" (SKU 313571); "Bratz Genie Magic Cloe" (SKU 313588); "Bratz Genie Magic Meygan" (SKU 313595); "Bratz Genie Magic Sasha" (SKU 313601); "Bratz Princess Cloe" (SKU 313632); "Bratz Princess Yasmin" (SKU 313649); "Bratz Princess Jade" (SKU 313656); "Bratz Princess Fianna" (SKU 313663); "Bratz Princess Roxxi" (SKU 313670); "Bratz Princess Sisters (Ciara & Diona)" (SKU 313700); "Bratz Play Sportz Cheerleader Cloe" (SKU 319795); "Bratz Spring Break Doll Pack Cloe" (SKU 320944); "Bratz Spring Break Doll Pack Yasmin" (SKU 320951); "Bratz Spring Break Doll Pack Leah" (SKU 320968); "Bratz Twiins 4th Edition Identical Krysta & Lela" (SKU 321118); "Bratz Sisterz Kiani & Lilani" (SKU 321125); "Bratz Hollywood Yasmin" (SKU 321705); "Bratz Hollywood Phoebe" (SKU 321712); "Play Sportz One on One Basket Ball Cloe & Yasmin" (SKU 324706); "Bratz Design Your Own Bratz Cloe" (SKU 324720); "Bratz Design Your Own Bratz Yasmin" (SKU 324737); "Bratz Hollywood Doll Meygan" (SKU 325680); "Bratz Hollywood Doll Katia" (SKU 325697); "Play Sportz One on One Basketball Yasmin & Jade" (SKU 325703); "Play Sportz One on One Basketball Jade & Meygan" (SKU 325710); "Play Sportz One on One Basketball Cloe & Jade" (SKU 325727); "Play Sportz One on One Basketball Cloe & Meygan" (SKU 325734); "Play

- 10 -

MGA'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 OF MATTEL'S FIRST SET OF INTERROGATORIES

EXHIBIT 41 PAGE 57

1  Sportz One on One Basketball Yasmin & Meygan" (SKU 325741); "Bratz
2  Play Sportz Teamz Tennis Cloe & Yasmin" (SKU 325758); "Play Sportz
3  One on One Tennis Yasmin & Jade" (SKU 325765); "Bratz Play Sportz
4  Teamz Tennis Jade & Meygan" (SKU 325772); "Play Sportz One on One
5  Tennis Cloe & Jade" (SKU 325789); "Play Sportz One on One Tennis Cloe
6  & Meygan" (SKU 325796); "Play Sportz One on One Tennis Yasmin &
7  Meygan" (SKU 325802); "Bratz Ice Champions Playset with Maribel" (SKU
8  327387); "Bratz Play Sportz Doll Snow Boarding Lilee" (SKU 333692);
9  "Bratz Play Sportz Doll Skiing Yasmin" (SKU 333708); "Bratz Play Sportz
10  Doll Sports Car Katia" (SKU 333715); "Bratz Costume Party Angel
11  Yasmin" (SKU 333739); "Bratz Costume Party Witch Lela" (SKU 333746);
12  "Bratz Passion 4 Fashion Yasmin" (SKU 333807); "Bratz Passion 4 Fashion
13  Cloe" (SKU 333814); "Bratz Passion 4 Fashion Sasha" (SKU 333821);
14  "Bratz Passion 4 Fashion Jade" (SKU 333838); "Bratz Forever Diamondz
15  Sasha" (SKU 333944); "Bratz Rodeo Yasmin" (SKU 333999); "Bratz Rodeo
16  Cloe" (SKU 334002); "Bratz Rodeo Sorya" (SKU 334019); "Bratz Forever
17  Diamondz Cloe" (SKU 334088); "Bratz Forever Diamondz Yasmin" (SKU
18  334095); "Bratz Forever Diamondz Jade" (SKU 334101); "Bratz Forever
19  Diamondz Sharidan" (SKU 334118); "Bratz Ice Champions Yasmin" (SKU
20  334125); "Bratz Ice Champions Dana" (SKU 334132); "Bratz Ice
21  Champions Vinessa" (SKU 334149); "Talking Bratz Cloe" (SKU 334187);
22  "Talking Bratz Yasmin" (SKU 334194); "Bratz Holiday Trinity" (SKU
23  334200); "Bratz Babyz Sitter Lana & Alicia" (SKU 334224); "Bratz Play
24  Sportz Teamz Soccer Yasmin & Roxxi" (SKU 334255); "Bratz Play Sportz
25  Teamz Soccer Cloe & Katia" (SKU 334262); "Bratz Triiiplets Adrienne,
26  Brigitte & Janelle" (SKU 334279); "Bratz Play Sportz Teamz Softball Cloe
27  & Yasmin" (SKU 337850); "Bratz Play Sportz Teamz Softball Dana &
28  Cloe" (SKU 337867); "Bratz Play Sportz Teamz Soccer Leah & Dana"

CONFIDENTIAL                          - 11 -          MGA'S SUPPLEMENTAL RESPONSE TO
                                                      INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                                      OF INTERROGATORIES

EXHIBIT 41 PAGE 572

(SKU 337874); "Bratz Play Sportz Teamz Soccer Roxxi & Cloe" (SKU 337911); "Bratz Back to School Yasmin" (SKU 337935); "Bratz Back to School Cloe" (SKU 337942); Bratz Back to School Phoebe" (SKU 337959); "Talking Bratz Jade" (SKU 338390); "Talking Bratz Sasha" (SKU 338406); "Bratz Sleep-Over Cloe" (SKU 339779); "Bratz Sleep-Over Yasmin" (SKU 339786); "Bratz Sleep-Over Jade" (SKU 339793); "Bratz Sleep-Over Meygan" (SKU 340904); "Bratz Sleep-Over Sasha" (SKU 340911); "Bratz Passion 4 Fashion Yasmin" (SKU 341215); "Bratz Passion 4 Fashion Cloe" (SKU 341222); "Bratz Passion 4 Fashion Jade" (SKU 341239); "Bratz Passion 4 Fashion Sasha" (SKU 341246); "Bratz Fashion Pixiez Cloe" (SKU 341307); "Bratz Fashion Pixiez Yasmin" (SKU 341314); "Bratz Fashion Pixiez Jade" (SKU 341321); "Bratz Fashion Pixiez Sasha" (SKU 341338); "Bratz Play Sportz Doll Cheeleading Yasmin" (SKU 343615); "Bratz Birthday Cloe" (SKU 343622); "Bratz Birthday Yasmin" (SKU 343639); "Bratz Birthday Meygan" (SKU 343646); "Bratz Adventure Girlz Cloe" (SKU 343677); "Bratz Adventure Girlz Yasmin" (SKU 343684); "Bratz Adventure Girlz Jade" (SKU 343691); "Bratz S07 Magic Hair Cloe" (SKU 343714); "Bratz S07 Magic Hair Yasmin" (SKU 343721); "Bratz S07 Magic Hair Jade" (SKU 343738); "Bratz Sweet Heart Sasha" (SKU 344070); "Bratz Sweet Heart Lilee" (SKU 344087); "Bratz Sweet Heart Yasmin" (SKU 344094); "Bratz Sweet Heart Phoebe" (SKU 344100); "Bratz Sleep-Over Cloe" (SKU 344117); "Bratz Sleep-Over Yasmin" (SKU 344124); "Bratz Sleep-Over Leah" (SKU 344131); "Bratz Sleep-Over Sasha" (SKU 344155); "Bratz Fashion Pixiez Dee" (SKU 345701); "Bratz Fashion Pixiez Lina" (SKU 345718); "Bratz Hot Summer Dayz Cloe" (SKU 348818); "Bratz Hot Summer Dayz Yasmin" (SKU 348825); "Bratz Hot Summer Dayz Jade" (SKU 348832); "Bratz Hot Summer Dayz Sasha" (SKU 348849); "Bratz Fashion Pixiez Breeana" (SKU 348856); "Bratz Play Sportz

MGA'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 OF MATTEL'S FIRST SET OF INTERROGATORIES

EXHIBIT 4/1   PAGE 573

1   Doll Dance Fianna" (SKU 350644); "Bratz Play Sportz Doll Soccer Cloe"

2   (SKU 350651); "Bratz Spiderman Doll Cloe" (SKU 350910); "Bratz S07

3   Magic Hair Sasha" (SKU 252297); "Bratz Birthday Sasha" (SKU 352310);

4   "Bratz Adventure Girlz Sasha" (SKU 352327); "Bratz Play Sportz Doll

5   Inline Skating Sasha" (SKU 352334); "Bratz Shrek Doll Yasmin" (SKU

6   352341); "Bratz X-Treme Skate Boarding RC Cloe 27 MHZ" (SKU

7   352358); "Bratz X-Treme Skate Boarding RC Yasmin 49 MHZ" (SKU

8   352396); "Bratz X-Treme Skate Boarding RC Sasha 49 MHZ" (SKU

9   353201); "Bratz Gold Medal Gymnasts Cloe" (SKU 353409); "Bratz Gold

10  Medal Gymnasts Yasmin" (SKU 353416); "Bratz Gold Medal Gymnasts

11  Sasha" (SKU 353430); "Bratz Play Sportz Tennis Vinessa" (SKU 357353);

12  "Bratz Blind Date Nevra" (SKU 277514P); "Bratz Blind Date Meygan"

13  (SKU 277521P); "Bratz Blind Date Cloe" (SKU 277903P); "Bratz Blind

14  Date Yasmin" (SKU 277910P); "Bratz Blind Date Jade" (SKU 277927P);

15  "Bratz X-Treme Skate Boarding RC Cloe 27 MHZ" (SKU 352358P); "Bratz

16  X-Treme Skate Boarding RC Yasmin 49 MHZ" (SKU 352396P); "Bratz X-

17  Treme Skate Boarding RC Sasha 49 MHZ" (SKU 353201P).

18  • The packaging of the "Bratz" female fashion dolls. The attributes of the

19  packaging of the "Bratz" fashion dolls that Mattel has copied or infringed

20  include the transparent and open style of the packaging, the *tout ensemble*-

21  style packaging, and the "flying banner" ribbon-style slogan running across

22  the middle of the box.  The SKU numbers for the "Bratz" female fashion

23  dolls that were sold in packaging copied or infringed by Mattel are as

24  follows: "Bratz Play Sportz Teamz Soccer" Cloe (SKU 334262 & 337911);

25  "Bratz Play Sportz Teamz Softball" Cloe (SKU 337850 & 337867); "Sasha"

26  (SKU 248552); "Cloe" (SKU 248538); "Jade" (SKU 248545); "Yasmin"

27  (SKU 248569).

28

CONFIDENTIAL                    - 13 -     MGA'S SUPPLEMENTAL RESPONSE TO
                                           INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                           OF INTERROGATORIES

EXHIBIT 41 PAGE 574

- The "Wintertime Wonderland" theme and concept for "Bratz" fashion dolls. The attributes of the "Wintertime Wonderland" theme and concept that Mattel has copied or infringed include a line of fashion dolls that are dressed in trendy winter clothes and are packaged with winter sport accessories. The SKU numbers for the "Wintertime Wonderland"-themed "Bratz" fashion dolls and accessories that Mattel has infringed or copied are as follows: "Bratz Wintertime Wonderland Collection" "Cloe" (SKU 260356); "Bratz Wintertime Wonderland Collection" "Yasmin" (SKU 260363); "Bratz Wintertime Wonderland Collection" "Jade" (SKU 260387); "Bratz Wintertime Wonderland Collection" "Dana" (SKU 260370); "Bratz Wintertime Wonderland Collection" "Sasha" (SKU 260394); "Bratz Wintertime Wonderland Collection" (SKU 263333); "Bratz Wintertime Collection" "Cameron" (SKU 277606); "Bratz Wintertime Collection" "Dylan" (SKU 277613); "Bratz Wintertime Collection" "Eitan" (SKU 277620); "Bratz Wintertime Collection" "Koby" (SKU 277637); "Bratz Wintertime Collection" "Cade" (SKU 277644); "Boyz Wintertime Collection" 6 Piece Assortment (SKU 277590).

- The "Formal Funk" theme and concept for "Bratz" fashion dolls. The attributes of the "Formal Funk" theme and concept that Mattel has copied or infringed include a line of fashion dolls that are dressed in trendy formal wear or evening gowns. The SKU numbers for the "Formal Funk"-themed "Bratz" fashion dolls and accessories that Mattel has infringed or copied are as follows: "Bratz Formal Funk Collection" "Cloe" (SKU 260400); "Bratz Formal Funk Collection" "Jade" (SKU 260431); "Bratz Formal Funk Collection" "Yasmin" (SKU 260417); "Bratz Formal Funk Collection" "Dana" (SKU 260424); "Bratz Formal Funk Collection" "Sasha" (SKU 260448); "Bratz Formal Funk Collection" Assortment (SKU 262008); "Bratz Boyz Formal Funk Collection" "Cameron" (SKU 261209); "Bratz Boyz

CONFIDENTIAL                                    - 14 -                    MGA'S SUPPLEMENTAL RESPONSE TO
                                                                         INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                                                         OF INTERROGATORIES

EXHIBIT 4  PAGE 575

Formal Funk Collection" "Dylan" (SKU 261216); "Bratz Boyz Formal Funk Collection" "Eitan" (SKU 261223); "Bratz Boyz Formal Funk Collection" "Koby" (SKU 261230); "Bratz Boyz Formal Funk Collection" Assortment (SKU 261193); "Bratz Formal Funk Date Pak" "Cloe" + Boy (SKU 272793); "Bratz Formal Funk Date Pak" "Jade" + Boy (SKU 272809); "Bratz Formal Funk Date Pak" "Yasmin" + Boy (SKU272816); "Bratz Formal Funk Date Pak" "Dana" + Boy (SKU 272823); "Bratz Formal Funk Date Pak" "Sasha" + Dude (SKU 272830).

- The "Sun-Kissed Summer" theme and concept for "Bratz" fashion dolls. The attributes of the "Sun-Kissed Summer" theme and concept that Mattel has copied or infringed include a line of fashion dolls that are dressed in trendy bathing suits and are packaged with beach gear and water sport accessories. The SKU numbers for the "Sun-Kissed Summer"-themed "Bratz" fashion dolls and accessories that Mattel has infringed or copied are as follows: "Bratz Sun-Kissed Summer" "Cloe" (SKU 269526); "Bratz Sun-Kissed Summer" "Yasmin" (SKU 269533); "Bratz Sun-Kissed Summer" "Jade" (SKU 269540); "Bratz Sun-Kissed Summer" "Jade" (SKU 269557); "Bratz Sun-Kissed Summer" "Sasha" (SKU 269564); "Bratz Sun-Kissed Summer" Assortment (SKU 269519); "Boyz Sun-Kissed Summer" "Cameron" (SKU 269588); "Boyz Sun-Kissed Summer" "Dylan" (SKU 269595); "Boyz Sun-Kissed Summer" "Koby" (SKU 269601); "Boyz Sun-Kissed Summer" "Eitan" (SKU 269618); "Boyz Sun-Kissed Summer" "Cade" (SKU 269625); "Boyz Sun-Kissed Summer" Assortment (SKU 269571).

- The "Forever Diamondz" theme and concept for "Bratz" fashion dolls. The attributes of the "Forever Diamondz" theme and concept that Mattel has infringed or copied include a line of fashion dolls that are packaged with real diamond jewelry that can be worn by girls. The SKU numbers for the

CONFIDENTIAL                                    - 15 -          MGA'S SUPPLEMENTAL RESPONSE TO
                                                               INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                                               OF INTERROGATORIES

"Forever Diamondz"-themed "Bratz" fashion dolls and accessories that Mattel has infringed or copied are: "Bratz Forever Diamondz" 6 piece assortment (SKU 334071); "Bratz Forever Diamondz" "Cloe" (SKU 334088); "Bratz Forever Diamondz" "Yasmin" (SKU 334095); "Bratz Forever Diamondz" "Jade" (SKU 334101); "Bratz Forever Diamondz" "Sharidan" (SKU 334118); "Bratz Forever Diamondz" "Sasha" (SKU 333944).

- The "Bratz Formal Funk Super Stylin' Runway Disco" play set and its distinctive trapezoidal-shaped packaging. The SKU number for the "Bratz Formal Funk Super Stylin' Runway Disco" is: 257790.

- The "Bratz Funky Fashion Makeover" heads. The common attributes of all "Bratz Funky Fashion Makeover" heads that Mattel has copied or infringed include the distinctive faces with artfully made-up, heavy-lidded, almond-shaped large eyes, and large, overly-lined and lipsticked lips. The SKU numbers for the "Bratz Funky Fashion Makeover" products that Mattel has copied or infringed are as follows: "Bratz Funky Fashion Makeover" "Cloe" (SKU 255406, 325598); "Bratz Funky Fashion Makeover" "Yasmin" (SKU 255413, 325628); "Bratz Funky Fashion Makeover" "Jade" (SKU 255420, 325611); "Bratz Funky Fashion Makeover" "Sasha" (SKU 255451, 327486); "Bratz Funky Fashion Makeover" "Dana" (SKU 263562, 271413); "Bratz Funky Fashion Makeover" "Meygan" (SKU 263555, 271420); "Bratz Funky Fashion Makeover" (SKU 254324); "Bratz Funky Fashion Makeover" "Nevra" (SKU 269694); "Bratz Funky Fashion Makeover" "Fianna" (SKU 269700); "Bratz Funky Fashion Makeover" Assortment (SKU 264644M3, 271437, 303367S6).

- The "Bratz Petz" plush toys. The common attributes of the "Bratz Petz" plush toys that Mattel has copied or infringed include animals with large, human-like, made-up eyes with long eye lashes and wearing trendy human

CONFIDENTIAL                                    - 16 -                MGA'S SUPPLEMENTAL RESPONSE TO
                                                                     INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                                                     OF INTERROGATORIES

EXHIBIT 41   PAGE 572

clothing.  The SKU numbers for the "Bratz Petz" plush toys that Mattel has copied or infringed are as follows: "Bratz Petz Catz" "Brigitte" (SKU 268796, 304739); "Bratz Petz Catz" "Jolie" (SKU 268802, 304715); "Bratz Petz Catz" "Kendall" (SKU 268819, 304708); "Bratz Petz Catz" "Daphne" (SKU 268826, 304722); "Bratz Petz Foxz" "Carly" (SKU 274131); "Bratz Petz Foxz" "Reilly" (SKU 274148); "Bratz Petz Foxz" "Shayna" (SKU 274155); "Bratz Petz Foxz" "Bree" (SKU 274162); "Bratz Petz Foxz" Assortment (SKU 274124); "Bratz Petz Dogz" "Shae" (SKU 274087); "Bratz Petz Dogz" "Kali" (SKU 274094); "Bratz Petz Dogz" "Pilar" (SKU 274100); "Bratz Petz Dogz" "Abby" (SKU 274117); "Bratz Petz Dogz" Assortment (SKU 274070).

• The packaging for "Bratz Petz" plush toys.  The attributes of the packaging for the "Bratz Petz" plush toys that Mattel has copied or infringed include an open box with no top and with partial side panels that slope from a narrow front panel to a higher back panel.  The SKU numbers for the "Bratz Petz" that were sold in the packaging copied or infringed by Mattel are listed above.

• The "4-Ever Best Friends" fashion dolls.  The attributes of the "4-Ever Best Friends" fashion dolls that Mattel has copied or infringed include the concept of a line of "little girl" fashion dolls with a number in the name of the doll line, packaged together as "friends" with themed accessories and mix-and-match outfits.  The SKU numbers for the "4-Ever Best Friends" fashion dolls that were infringed or copied by Mattel are as follows: "4-Ever Best Friends Just Chillin'" "Dianthe & Akire" (SKU 277200); "4-Ever Best Friends Just Chillin'" "Brianee & Dianthe" (SKU 277217); "4-Ever Best Friends Just Chillin'" "Calista & Noelle" (SKU 277224); "4-Ever Best Friends Just Chillin'" "Akire & Calista" (SKU 277262); "4-Ever Best Friends Just Chillin'" "Noelle & Brianee" (SKU 277279); "4-Ever Best Friends Just

CONFIDENTIAL        - 17 -        MGA'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 OF MATTEL'S FIRST SET OF INTERROGATORIES

EXHIBIT 41 PAGE 578

Chillin'" "Calista & Dianthe" (SKU 277286); "4-Ever Best Friends Girl Party" "Dianthe & Akire" (SKU 277231); "4-Ever Best Friends Girl Party" "Brianee & Calista" (SKU 277248); "4-Ever Best Friends Girl Party" "Noelle & Calista" (SKU 277255); "4-Ever Best Friends Girl Party" "Akire & Brianee" (SKU 277293); "4-Ever Best Friends Girl Party" "Calista & Dianthe" (SKU 277309); "4-Ever Best Friends Girl Party" "Calista & Noelle" (SKU 277316); "4-Ever Best Friends" 12 Piece Assortment (SKU 277194).

- The distinctive packaging for "4-Ever Best Friends" fashion dolls. The attributes of the packaging that Mattel has copied or infringed include the color schemes (both the pink and the light blue versions of the packaging), the rounded heart-like shape and packaging that serves as a display/carrying case. The SKU numbers for the "4-Ever Best Friends" fashion dolls that were sold in packaging that was infringed or copied by Mattel are listed above.

- "Mommy's Little…" line of dolls, which includes "Mommy's Little Patient" (the only doll in the line that was released by MGA). The attributes of the "Mommy's Little…" line of dolls that Mattel copied or infringed include the concept of a line or series of baby or toddler-like dolls with the words "Little" and "Mommy" in the title and that are sold with themed-accessories. Mattel also copied the headband with bow from MGA's "Mommy's Little Patient" and included a similar headband with bow on its "Little Mommy Potty Training Doll". The SKU numbers for the "Mommy's Little Patient" dolls Mattel infringed or copied are as follows: "Mommy's Little Patient" (SKU 265450, 265481, 253969, 258100); "Mommy's Little Bathtime Baby" (SKU 285328, 284314); "Mommy's Little…" 3 Piece Assortment (SKU 286608, 286615).

CONFIDENTIAL                                    - 18 -

MGA'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 OF MATTEL'S FIRST SET OF INTERROGATORIES

EXHIBIT _4_ PAGE _579_

- "Alien Racers" toy racing vehicles.  The attributes of the "Alien Racers" toy racing vehicles that Mattel copied and infringed include the strong, extreme, battle-like theme of the racing vehicles and the "Alien Racers" logo, which accentuates the "A," "R," and "S" in compressed block lettering.  The SKU numbers for the "Alien Racers" toy racing vehicles that Mattel has copied or infringed are as follows: "Alien Racers RC Ultrox" (SKU 273721, 288442); "Alien Racers RC GNARL" (SKU 273738, 288459); "Alien Racers G'ROG" (SKU 273714, 288473); "Alien Racers SKRASH" (SKU 273745, 288480); "Alien Racers RC" 2 Piece Assortment (SKU 273707).

MGA is the source of the concepts, designs, products, and product packaging listed above.

AS TO OBJECTIONS ONLY:

Dated:  June 20, 2007

O'MELVENY & MYERS LLP

Johanna Schmitt
Attorneys for MGA Entertainment, Inc.

CONFIDENTIAL                                          - 19 -                    MGA'S SUPPLEMENTAL RESPONSE TO
                                                                                INTERROGATORY NO. 2 OF MATTEL'S FIRST SET
                                                                                OF INTERROGATORIES

EXHIBIT 41   PAGE 580

**EXHIBIT 42**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware Corporation,

　　　　　　　Plaintiff,

　　　　　vs.　　　　　　　NO. CV 04-9059 NM (RJBx)

CARTER BRYANT, an individual, and
DOES 1 through 10, Inclusive.

　　　　　　　Defendants.

_____

CARTER BRYANT, on behalf of himself,
all present and former employees of
Mattel, Inc., and the general public.

　　　　　　Cross-Complaint.

　　　　vs.

MATTEL, INC.,
a Delaware corporation.

　　　　　　Cross-Defendant.

**CERTIFIED COPY**

_____

CONFIDENTIAL - ATTORNEYS' EYES ONLY

DEPOSITION OF PAULA GARCIA

Friday, May 25, 2007

Los Angeles, California

VOLUME 2

Reported by:
DAVID OCANAS
CSR No. 12567

JOB NO. 66420

EXHIBIT _42_ PAGE _581_

1       IN THE UNITED STATES DISTRICT COURT

2     FOR THE CENTRAL DISTRICT OF CALIFORNIA

3

4  MATTEL, INC., a Delaware Corporation,

5              Plaintiff,

6           vs.              NO. CV 04-9059 NM (RJBx)

7  CARTER BRYANT, an individual, and
   DOES 1 through 10, Inclusive.

8
               Defendants.

9  _____

   CARTER BRYANT, on behalf of himself,
10 all present and former employees of
   Mattel, Inc., and the general public.

11
               Cross-Complaint.

12
           vs.

13
   MATTEL, INC.,
14 a Delaware corporation.

15             Cross-Defendant.
   _____

16

17

18     Videotaped Deposition of PAULA GARCIA,

19 Volume 2, taken on behalf of Plaintiff and

20 Cross-Defendant, at 865 South Figueroa Street,

21 Tenth Floor, Los Angeles, California, beginning at

22 9:56 a.m. and ending at 8:21 p.m. on Friday, May

23 25, 2007 before David Ocanas, Certified Shorthand

24 Reporter No. 12567.

25         EXHIBIT 42  PAGE 582

301

CONFIDENTIAL ATTORNEYS' EYES ONLY

```
1   APPEARANCES:
2
3   For Mattel:
4           QUINN, EMANUEL, URQUHART, OLIVER &
            HEDGES, LLP
5           BY:  BRIDGET MORRIS
            Attorney at Law
6           865 South Figueroa Street
            Tenth Floor
7           Los Angeles, California 90017
            213-624-7707
8           E-mail:  Michaelzeller@quinnemanuel.com
                     bridgetmorris@quinnemanuel.com
9
    For MGA Entertainment:
10
            O'MELVENY & MYERS LLP
11          BY:  DIANA M. TORRES
            Attorney at Law
12          400 South Hope Street
            Los Angeles, California 90071-2899
13          (213) 430-6000
            E-mail:  Dtorres@omm.com
14
    For Carter Bryant:
15
            KEKER & VAN NEST
16          BY:  MICHAEL H. PAGE
            Attorney at Law
17          710 Sansome Street
            San Francisco, California 94111-1704
18          (415) 397-7188
            E-mail:  Mhp@kvn.com
19
    Also Present:
20
            MICHAEL MOORE, Mattel
21          DAPHNE GRONICH, MGA Entertainment
            CRAIG HOLDEN, MGA Entertainment
22
23
24          EXHIBIT 42  PAGE 583
25
```

302

```
1    APPEARANCES:  (CONT'D)

2

3    Videographer:

4            CHARLIE GUILLEN
             SARNOFF COURT REPORTERS
5            AND LEGAL TECHNOLOGIES
             20 Corporate Park
6            Irvine, California 92606
             (877) 955-3855
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT 42 PAGE 584

303

1    BY MR. ZELLER:

2         Q    In other words, no one else at MGA

3    suggested that you call Steve Linker; is that

4    correct?

19:15 5        A    Yes.

6         Q    Do you remember anything about what

7    Mr. Linker said?

8         A    I don't know specifics, but I remember

9    some generally.

19:15 10       Q    And just please tell us what you can

11   recall about what he said.

12        A    I just remember that he was -- he had

13   mentioned that he was interested in pursuing his

14   own brands or -- I can't remember exactly, but it

19:16 15   was that he had -- that he had some interest -- he

16   was interested in MGA support in him creating his

17   own unique brands.

18        Q    At any time during the year 2000 after you

19   started there at MGA, did Isaac Larian ever ask you

19:16 20   to look for fashion doll ideas?

21             MS. TORRES:   Objection, vague and asked

22   and answered.

23   BY MR. ZELLER:

24        Q    Let me be more precise then.

19:16 25             Directing your attention to the time

EXHIBIT 42  PAGE 585                                614

1    period after you started there at MGA in April of

2    2000 and prior to the time that there was that

3    meeting with Carter Bryant on September 1st, 2000,

4    was there ever any instance in which Mr. Larian

19:17 5    asked you to look for fashion doll ideas?

6          MS. TORRES:   Same objections.

7          THE WITNESS:   No, not to my memory.

8    BY MR. ZELLER:

9          Q   Do you recall that there was a WALL STREET

19:17 10   JOURNAL article that came out during the summer of

11   2003 that pertained to Bratz as well as Mattel?

12         A   No, I don't remember an article like that.

13         Q   You don't -- as you sit here now, you

14   don't have a recollection of an article in the WALL

19:17 15   STREET JOURNAL coming out on that subject?

16         A   If that -- maybe if I'm provided some

17   content to that article I can be more sure.

18         Q   What I'll do is ask you more questions,

19   and I'll probably move on to another document

19:18 20   first, just to see what your memory is.

21         Do you recall ever reading or hearing

22   about an article that was published in the WALL

23   STREET JOURNAL where Isaac Larian was quoted as

24   saying that the Bratz doll came to him as the

19:18 25   result of a sort of fashion doll contest in late

EXHIBIT 42 PAGE 586                                   615

```
 1    1999?
 2         A    No.
 3         Q    Are you aware of any sort of fashion doll
 4    contest that was going on within MGA in the year
 5    2000?
 6              MS. TORRES:   Objection, vague.
 7              THE WITNESS:   I'm not aware of a fashion
 8    doll contest.
 9    BY MR. ZELLER:
10         Q    That doesn't sound familiar to you in
11    terms of what happened at MGA in 2000; is that
12    correct?
13         A    I don't remember that.
14              MR. ZELLER:   What I would like to do is
15    show you what was previously marked as Exhibit 302.
16              (Deposition Exhibit 302,
17         Bratz Photocopies, was previously marked.)
18    BY MR. ZELLER:
19         Q    If you can take a look at what we marked
20    as Exhibit 302 --
21              MS. TORRES:   I think we need to take a
22    break.
23              THE VIDEOGRAPHER:   Going off the record.
24              (Recess taken.)
25              THE VIDEOGRAPHER:   Back on the record at
```

EXHIBIT 72 PAGE 582

616

1    7:33.

2              THE WITNESS:  Excuse me, Mr. Zeller --

3    BY MR. ZELLER:

4         Q    If you can take a look at what we

19:33 5   previously marked as Exhibit 302?

6         A    I don't mean to interrupt.

7              I want to state something before we got

8    started.

9              With some more thought during our break, I

19:33 10  just wanted to state for the record that I am very

11   sure that Margaret Leahy received the armature

12   engineering drawings that I mentioned in my earlier

13   testimony.

14             I originally mentioned I wasn't sure, but

19:34 15  I'm very sure she received that sketch.

16        Q    What's your basis for now being very sure

17   of that?

18        A    Taking a few minutes with fresh air and

19   thinking through my memory more clearly.

19:34 20           My memory is more sharp and more clear.

21        Q    Between the time that you gave your prior

22   answers about that particular drawing and now, you

23   obviously had discussions with MGA's counsel; is

24   that correct?

19:34 25       A    Yes.

EXHIBIT 42  PAGE 588

617

1

2

3

4    I, the undersigned, a Certified

5    Shorthand Reporter, do hereby certify:

6    That the foregoing proceedings were

7    taken before me at the time and place herein set

8    forth; that any witness in the foregoing

9    proceedings, prior to testifying, were placed under

10   oath; that a verbatim record of the proceedings was

11   made by me using machine shorthand which was

12   thereafter transcribed under my direction; further,

13   that the foregoing is an accurate transcription

14   thereof.

15          I further certify that I am neither

16   financially interested in the action nor a relative

17   or employee of any attorney of any of the parties.

18          IN WITNESS WHEREOF, I have this

19   date subscribed by name.

20

21   Dated:      MAY 3 0 2007

22

23   _____

24   DAVID OCANAS

25   CSR No. 12567

**EXHIBIT 43**

1   DALE M. CENDALI (admitted *pro hac vice*)
    O'MELVENY & MYERS LLP
2   400 South Hope Street
    Los Angeles, CA 90071-2899
3   Telephone:  (213) 430-6000
    Facsimile:  (213) 430-6407
4   Email:      jjenal@omm.com

5   PATRICIA GLASER (S.B. # 55668)
    CHRISTENSEN, GLASER, FINK,
6   JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
7   Los Angeles, CA 90067
    Telephone:  (310) 553-3000
8   Facsimile:  (310) 557-9815

9   Attorneys for MGA Entertainment, Inc.

10  JOHN KECKER
    KECKER & VAN NEST, LLP
11  710 Sansome Street
    San Francisco, CA 94111
12  Telephone:  (415) 391-5400
    Facsimile:  (415) 397-7188
13
14  Attorneys for Carter Bryant

RECEIVED

JUL 2 3 2007
BRL 4:45

CALENDARED

15              UNITED STATES DISTRICT COURT

                CENTRAL DISTRICT OF CALIFORNIA
16

17

18  CARTER BRYANT, an individual,      | Case No. CV 04-09049 SGL (RNBx)
                                       | (consolidated with CV 04-9059 & 05-
19              Plaintiff,             | 2727)

20      v.                             | **MGA ENTERTAINMENT, INC.'S**
                                       | **NOTICE OF MOTION FOR**
21  MATTEL, INC., a Delaware           | **TERMINATING SANCTIONS**
    Corporation,                       | **AGAINST MATTEL, INC. DUE TO**
22                                     | **SPOLIATION OF EVIDENCE; AND**
                Defendant.
23                                     | **[PROPOSED] ORDER**

24                                     | Hearing Date:  August 13, 2007
                                       | Time:  10:00 a.m.
25                                     | Place:  Courtroom 1

26  AND CONSOLIDATED ACTIONS           | Discovery Cutoff: January 14, 2008
                                       | Pre-trial Conference: April 7, 2008
27                                     | Trial Date: April 29, 2008

28

MGA'S NOTICE OF MTN FOR
TERMINATING SANCTIONS DUE TO
SPOLIATION CV 04-09049 SGL (RNBX)

EXHIBIT 43 PAGE 590

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2            PLEASE TAKE NOTICE that, on August 13, 2007, at 10:00 a.m.

3    before Hon. Stephen G. Larson, MGA Entertainment, Inc. ("MGA") and Carter

4    Bryant ("Bryant") jointly will, and hereby do, move the Court to issue an order for

5    terminating sanctions against Mattel, Inc. ("Mattel") due to Mattel's spoliation of

6    evidence.

7            This Motion is made on the grounds that Mattel has engaged in a

8    conscious and systematic effort to destroy evidence relevant to its claims against

9    MGA and Mr. Bryant, and then deliberately sought to conceal its efforts. Mattel's

10   conduct is in plain violation of its legal obligations, is highly prejudicial, and

11   warrants terminating sanctions.

12           This Motion is based on this Notice of Motion, the accompanying

13   Memorandum of Points and Authorities, the Declaration of Michael Keats filed

14   concurrently herewith and attached exhibits, the Declaration of Kendall J. Burr filed

15   concurrently herewith and attached exhibits, the Declaration of James P. Jenal filed

16   concurrently herewith and attached exhibits, the Declaration of Yvonne L. Garcia

17   filed concurrently herewith and attached exhibits, the record and files of this Court,

18   and all other matters of which the Court may take judicial notice.

19

20

21   Dated:      July 23 , 2007         MICHAEL KEATS
                                        O'MELVENY & MYERS LLP
22

23                                      By: _Michael Keats_ (initials)
24                                          Michael Keats
                                        Attorneys for MGA Entertainment, Inc.
25

26

27

28

- 2 -

EXHIBIT 43 PAGE 591

MGA'S NOTICE OF MTN FOR
TERMINATING SANCTIONS DUE TO
SPOLIATION CV 04-09049 SGL (RNBX)

1

## [PROPOSED] ORDER

2

3          Based on the above Application, and good cause appearing for the

entry thereof, IT IS HEREBY ORDERED that each of the following actions:

4

5              1.  Case No. CV 04-9059 SGL (RNBx); and

6              2.  Mattel's Counterclaims in Case No. CV 05-2727 SGL (RNBx)

are hereby dismissed with prejudice.

7

8    DATED: _____          _____

9                                          Hon. Stephen G. Larson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 43 PAGE 592

MGA'S NOTICE OF MTN FOR
TERMINATING SANCTIONS DUE TO
SPOLIATION CV 04-09049 SGL (RNBX)

**EXHIBIT 44**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9                    UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

12

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br><br>AND CONSOLIDATED CASES | Case No. CV 04-09049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>Hon. Edward A. Infante (Ret.)<br>Discovery Master<br><br>[PROPOSED] ORDER GRANTING<br>MATTEL INC.'S MOTION TO<br>COMPEL MGA TO PRODUCE<br>WITNESSES FOR DEPOSITION<br>PURSUANT TO RULE 30(B)(6)<br><br>Date:  May 15, 2007<br>Time:  8:15 a.m.<br>Place:  Telephonic<br><br>Discovery Cut-Off:  October 22, 2007<br>Pre-Trial Conference: January 14, 2008<br>Trial Date:  February 12, 2008 |

EXHIBIT 44 PAGE 593

07209/2121176.1

*Ef*

**~~[PROPOSED]~~ ORDER**

Having considered Mattel, Inc.'s Motion To Compel MGA To Produce Witnesses For Deposition Pursuant To <u>Rule</u> 30(b)(6) (the "Motion"), and all other papers and argument submitted in support of or opposition to the Motion, and finding good cause therefor, Mattel's Motion is GRANTED.

IT IS HEREBY ORDERED that:

1.    MGA shall make Paula Garcia available for deposition on or before June 15, 2007 as a designee on Topics 1-3 and 6-8 of Mattel's Notice of Deposition of MGA Pursuant to <u>Rule</u> 30(b)(6) dated February 16, 2005 and in her individual capacity.

2.    MGA shall confirm its designees and the dates of the designees' availability for deposition for all Topics except Topic Nos. 25 and 26 in Mattel's Notice of Deposition of MGA Pursuant to <u>Rule</u> 30(b)(6) dated February 1, 2007 (the "Second Notice") on or before May 22, 2007.

3.    MGA shall make its designees for all Topics in the Second Notice, except Topic Nos. 25 and 26, available for deposition on or before June 30, 2007.

4.    The parties shall meet and confer regarding the timing of the depositions on Topic Nos. 25 and 26 of the Second Notice. Such depositions may take place after June 30, 2007.

5.    All of MGA's objections and/or limitations regarding the Topics in Mattel's <u>Rule</u> 30(b)(6) deposition notices are overruled.

//
//
//
//
//
//

EXHIBIT *44* PAGE *594*

07209/2121176.1

-1-
ORDER GRANTING MATTEL'S MOTION TO COMPEL DEPOSITION OF MGA

1

2     6.    Mattel's request for sanctions is denied.

3

4    **IT IS SO ORDERED.**

5

6  DATED: May 16,    , 2007

7

8

9     Hon. Edward A. Infante (Ret.)
         Discovery Master

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                 EXHIBIT 44 PAGE 595

28

-2-
ORDER GRANTING MATTEL'S MOTION TO COMPEL DEPOSITION OF MGA

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 17,

2007, I served the attached ORDER GRANTING MATTEL INC.'S MOTION TO COMPEL

*MGA TO PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO RULE 30(B)(6)*

in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@qquinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 17, 2007, at San Francisco, California

_____
Anthony R. Sales

EXHIBIT 44 PAGE 596

**EXHIBIT 45**

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
& ENTERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                         Date:  July 2, 2007

Title:    CARTER BRYANT -v- MATTEL, INC.
          AND CONSOLIDATED ACTIONS
===============================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                              Theresa Lanza
        Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                           John B. Quinn
                                        Brett Dylan Proctor
                                        Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendali
Patricia Glaser

PROCEEDINGS:    MINUTE ORDER

> ENTERED
> CLERK, U.S. DISTRICT COURT
> JUL - 5 2007
> CENTRAL DISTRICT OF CALIFORNIA
> EASTERN DIVISION    BY DEPUTY

> DOCKETED ON CM
> JUL - 5 2007
> BY ___ 164

    As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1)    The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)    The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3)    The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                         1                    Initials of Deputy Clerk _jh_
CIVIL -- GEN                                                 Time: 01/15



EXHIBIT 45 PAGE 597 (608)

regarding date of production of documents (docket #545); and

(4)   The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)   The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1)   Motion re Trial Structure (docket #462)

   Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases.  The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1.  Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues.  Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings.  This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings.  A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

   Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL**, as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007.  Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)   MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)   MGA's Ex Parte Application regarding date of production of documents (docket #545).

   The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products.  The order required that documents be produced no later than the end of May.

   The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

   The Discovery Master's order compels the production of only non-privileged documents.  Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced.  If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

   MGA acknowledges that it has raised an argument before the Court that was not raised

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT 45 PAGE 597

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4)     MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)     Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

**EXHIBIT 46**

1  Hon. Edward A. Infante (Ret.)
2  JAMS
   Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6                    UNITED STATES DISTRICT COURT

7                 CENTRAL DISTRICT OF CALIFORNIA

8                        EASTERN DIVISION

9

10                                          CASE NO. C 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
11  CARTER BRYANT, an individual,

12           Plaintiff,                     Consolidated with
                                            Case No. CV 04-09059
13       v.                                 Case No. CV 05-2727

14  MATTEL, INC., a Delaware corporation,   ORDER GRANTING IN PART AND
                                            DENYING IN PART MATTEL'S
15           Defendant.                     MOTION TO COMPEL MGA TO
                                            PRODUCE WITNESSES PURSUANT
16                                          TO THIRD NOTICE OF DEPOSITION
                                            UNDER RULE 30(b)(6); DENYING
17                                          REQUEST FOR SANCTIONS

18
    CONSOLIDATED WITH
19  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
20  INC.

21

22                        I. INTRODUCTION

23      On July 13, 2007, Mattel, Inc. ("Mattel") submitted its "Motion to Compel MGA to

24

25  Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) and for

26  Sanctions."  Specifically, Mattel seeks an order compelling MGA Entertainment, Inc. ("MGA")

27  to produce witnesses on Topics 1-3, 6-8, 9 and 11-13 of Mattel's Third Rule 30(b)(6) Notice.  On

28
    Bryant v. Mattel, Inc.,                                                  1
    CV-04-09049 SGL (RNBx)          EXHIBIT 46   PAGE 602

1   July 31, 2007, MGA submitted an opposition brief.  On August 6, 2007, Mattel submitted a reply

2   brief.  The matter was heard on September 24, 2007.  Having considered the motion papers and

3   the comments of counsel, Mattel's motion is granted in part and denied in part, and the request for

4   sanctions is denied.

## II. BACKGROUND

6       Mattel first served a Rule 30(b)(6) Notice of Deposition of MGA in February of 2005,

7   which specified eight topics for deposition.  Mattel served a Second Notice of Deposition of

8   MGA in February of 2007, which specified forty-six topics for deposition.  On June 5, 2007,

9   Mattel served a Third Notice of Deposition of MGA (the "Third Notice"), which is the subject of

10  the present motion to compel.  The Third Notice specifies sixteen topics for deposition.  On June

11  29, 2007, MGA served objections to the Third Notice, and on July 5, 2007, the parties met and

12  conferred.  The parties were not able to resolve their disputes regarding four subject matters: hard

13  drives and other storage devices (Topics 1-3); prior inconsistent statements to the press (Topics 6-

14  8); "test projects" for MGA (Topic 9); and payments MGA made to Isaac Larian, Farhad Larian

15  and Morad Zarabi (Topic 11-13).  The topics at issue are set forth below.

### Hard Drives and Other Storage Devices

17      1.      The IDENTITY, current or last known location, and disposition of

18      each STORAGE DEVICE that each of the following PERSONS has used to

19      create, generate, prepare, draft, send and/or receive any DOCUMENT or

20      DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ and/or

21      ANGEL at any time since January 1, 1999, including without limitation the date

22      of acquisition and the date of disposition of each STORAGE DEVICE:  Isaac

23      Larian, Farhad Larian, Paula Garcia, BRYANT, Kami Gillmour, Veronica

24      Marlow, Mercedeh Ward, Margaret Hatch-Leahy, Jennifer Maurus, Judy Rich,

25      Ninette Pembleton, Kerrie Brode, Victoria O'Connor, Aileen Storer, Charles

26      O'Connor, Helene Bartels, Colleen O'Higgins, Vivian Matt, Maureen Mullen,

27      Rachel Harris, Barbara Malcolm, David Dees, Ben Ton, Dave Malacrida.

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT 46 PAGE 003

2

2.    The IDENTITY, current or last known location, and disposition of each backup, copy or image of the STORAGE DEVICES referenced in Topic 1 of this Notice, including without limitation the date of creation and the date of disposition of each such backup or copy.

3.    YOUR search for and production of DOCUMENTS and DIGITAL INFORMATION from the STORAGE DEVICES referenced in Topic 1 of this Notice.

<u>Prior Inconsistent Statements to the Press</u>

6.    YOUR statements to Christopher Palmeri in connection with the Business Week article entitled "To Really Be A Player, Mattel Needs Hotter Toys," published on or about July 28, 2003, including without limitation in connection with the statement that Isaac Larian "got the idea for Bratz after seeing his own kids run around in navel-bearing tops and hip-huggers."

7.    YOUR statements to Denise I. O'Neal in connection with the Chicago Sun-Times article entitled "Bratz Packers Are What's Cool in Doll World," published on or about March 5, 2004, including without limitation in connection with the statements that MGA's "creative team decided the name should be catchy and not have more than six letters. Keeping with today's trend of making names more 'cool' by changing the spelling, MGA executives decided to replace the 's' with a 'z'"

8.    YOUR statements to Jeff Weiss in connection with the San Fernando Valley Business Journal article entitled "Immigrant's Creative Company Shakes Up Toy Industry," published on or about March 29, 2004, including without limitation in connection with the statement that "[i]t was Jason's idea for Bratz."

<u>"Test Projects" for MGA</u>

9.    The IDENTITY of each PERSON who YOU had perform, or who

EXHIBIT _46_ PAGE _604_

1  YOU requested, asked or solicited to perform, any "test project" in advance of or

2  in consideration of employment by YOU since January 1, 1995, including without

3  limitation the IDENTITY of each such PERSON who was a MATTEL employee

4  at the time.

5  Payments MGA Made to Isaac Larian, Farhad Larian and Morad Zarabi

6  11.    Payments of money or any other item of value that YOU have

7  made to, for or on behalf of Isaac Larian or any FAMILY MEMBER of Isaac

8  Larian since January 1, 1999, including without limitation (a) the amounts of such

9  payment and the equivalent dollar value of each of item of value, (b) the dates of

10  such payment, (c) the IDENTITY of each recipient of such payment, (d) the

11  IDENTITY of each bank or financial institution account to which such payment

12  was made and (e) the reasons for each such payment.

13  12.    Payments of money or any other item of value that YOU have

14  made to, for or on behalf of Farhad Larian or any FAMILY MEMBER of Farhad

15  Larian since January 1, 1999, including without limitation (a) the amounts of each

16  such payment and the equivalent dollar value of each of item of value, (b) the

17  timing of each such payment, (c) the IDENTITY of each recipient of each such

18  payment, (d) the IDENTITY of each bank or financial institution account to

19  which such payment was made and (e) the reasons for each such payment.

20  13.    Payments of money or any other item of value that YOU have

21  made to, for or on behalf of Morad Zarabi or any FAMILY MEMBER of Morad

22  Zarabi since January 1, 1999, including without limitation (a) the amounts of each

23  such payment and the equivalent dollar value of each item of value, (b) the timing

24  of each such payment, (c) the IDENTITY of each recipient of each such payment,

25  (d) the IDENTITY of each bank or financial institution account to which such

26  payment was made and (e) the reasons for each such payment.

27  Zeller Decl., Ex. 23.

28

1    Mattel seeks an order compelling MGA to produce witnesses to testify on Topics 1-3, 6-8,

2    9 and 11-13, and overruling all of MGA's objections and limitations. Mattel contends that the

3    testimony it seeks is relevant, not unduly burdensome, and not otherwise objectionable as

4    cumulative or duplicative of any other deposition testimony already given in the case.

5    MGA contends that Mattel's Third Notice is invalid because Mattel failed to obtain leave

6    of court to take MGA's deposition after having previously deposed several 30(b)(6) designees.

7    MGA contends that Rule 30(a)(2)(B), Fed.R.Civ.P., requires Mattel to establish good cause for

8    examining MGA any further. MGA further contends that Mattel has not established the requisite

9    good cause, and instead improperly has attempted to shift the burden of proof to MGA to justify

10   its objections to the Third Notice. Lastly, MGA contends that Mattel has had many opportunities

11   to obtain, and in many cases has already obtained, the information it now moves to compel.

12                               III. STANDARDS

13   Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

14   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

15   party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the

16   discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

17   Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court shall limit the frequency or extent of

18   use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably

19   cumulative or duplicative, or is obtainable from some other source that is more convenient, less

20   burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

21   discovery in the action to obtain the information sought; or (iii) the burden or expense of the

22   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

23   amount in controversy, the parties' resources, the importance of the issues at stake in the

24   litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

25   26(b)(2)(C).

26   Pursuant to Rule 30, Fed.R.Civ.P., a party may take the testimony of any person, including

27   a party, by deposition upon oral examination without leave of court, except as provided in Rule

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 46 PAGE 606

5

1  30(a)(2), Fed.R.Civ.P.  In particular, Rule 30(a)(2) specifies that a party must obtain leave of

2  court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2),

3  Fed.R.Civ.P., if "the person to be examined already has been deposed in the case."  Fed.R.Civ.P.

4  30(a)(2)(B).

5                                    IV. DISCUSSION

6          As a threshold matter, the parties dispute whether Rule 30(a)(2)(B), Fed.R.Civ.P., applies

7  to depositions taken pursuant Rule 30(b)(6), Fed.R.Civ.P.  There is caselaw to support each

8  party's position.  See e.g. Ameristar Jet Starter, Inc. v. Signal Composites, Inc., 244 F.3d 189 (1st

9  Cir. 2001) (second Rule 30(b)(6) subpoena issued without leave of court was invalid); In re

10  Sulfuric Acid Antitrust Litig., 2005 WL 1994105 (D. Ill. Aug. 19, 2005) (holding that second

11  Rule 30(b)(6) subpoena issued without leave of court was invalid); Innomed Labs, LLC v. Alza

12  Corp., 211 F.R.D. 237 (S.D. N.Y. 2002) (quashing overbroad 30(b)(6) subpoena issued without

13  leave of court); Quality Aero Tech., Inc. v. Telemetrie Elektronik, 212 F.R.D. 313, 319 (E.D.

14  N.C. 2002) (holding that Rule 30(a)(2)(B) does not apply to Rule 30(b)(6) depositions).  For

15  purposes of the present motion, however, it is unnecessary to resolve this conflict in the law

16  because the debate is purely academic and inconsequential.  As Mattel has requested, Mattel's

17  motion is treated herein as a motion for leave to serve an additional 30(b)(6) notice with

18  additional topics.  In evaluating the appropriateness of the topics, it is Mattel's burden to

19  demonstrate that there is good cause for such discovery (see e.g. Boston Scientific Corp. v. Cordis

20  Corp., 2004 WL 1945643 (N.D.Cal. 2004)), applying the principles stated in Rule 26(b)(2),

21  Fed.R.Civ.P.

22               Hard Drives and Other Storage Devices (Topics 1-3)

23          Topic 1 seeks information regarding the location and disposition of computer hard drives

24  or other storage devices used by specified MGA employees or contractors that contain or

25  contained documents related to the Bratz or Angel projects.  Topic 2 seeks the identification and

26  last known location of any backup, copy or image of the hard drives or storage devices identified

27  in Topic 1.  Topic 3 seeks information regarding MGA's search for and production of documents

28

1   and digital information from the hard drives and storage devices referenced in Topic 1.

2   MGA objected to Topics 1-3 as overbroad, unduly burdensome, vague, ambiguous,

3   irrelevant, and not reasonably calculated to lead to admissible evidence. MGA also objected to

4   Topics 1-3 to the extent that the information sought is obtainable through other more convenient,

5   less burdensome and less expensive means. Lastly, MGA objected to Topics 1-3 as unreasonably

6   cumulative and duplicative of information already provided by Ken Lockhart, Vice President and

7   Chief Information Officer for MGA.

8   Topics 1-3 unquestionably seek information that is relevant within the meaning of Rule

9   26(b)(1), Fed.R.Civ.P., which specifically authorizes discovery regarding any matter, not

10   privileged, that is relevant to the claim or defense of any party, including "the existence,

11   description, nature, custody, condition, and location of any books, documents or other things." A

12   portion of the discovery sought, however, is unreasonably cumulative and duplicative of

13   information already provided by Mr. Lockhart. MGA designated Mr. Lockhart as a 30(b)(6)

14   witness to testify about MGA's retention, destruction and data back-up policies, MGA's digital

15   information systems and application software, employees' electronic messaging systems, and

16   MGA's policies regarding the use of transportable media. Mr. Lockhart testified about the

17   location and disposition of MGA employees' hard drives and storage devices in general.

18   Mattel contends that Topics 1-3 differ from the topics in the Second Notice and the

19   testimony previously given by Mr. Lockhart in that Mattel now seeks information about the

20   locations and dispositions of hard drives used by 24 named individuals. Mattel contends that the

21   testimony it seeks will enable it to assess MGA's production, including whether any documents

22   requested or compelled by the Court were destroyed, not collected or otherwise made unavailable

23   to Mattel. Mattel's Reply at p.7.

24   Although Mattel's stated objective for seeking testimony regarding Topics 1-3 may be

25   legitimate, the burden and expense of a Rule 30(b)(6) deposition is not justified under the

26   circumstances of this case. Mattel has accused MGA of obstructing discovery, and in particular

27   withholding Bryant's computer. There is no evidence, however, to suggest that MGA has refused

28

EXHIBIT 46 PAGE 608

7

1    or failed to search for and produce responsive documents located on the hard drives of the other

2    individuals named in Topic 1. It is burdensome and expensive to prepare a witness to testify

3    about the locations and dispositions of hard drives used for 24 different individuals. The likely

4    benefit of undergoing such a burden and expense is doubtful. Furthermore, there are other less

5    burdensome and less expensive means of assessing whether MGA has complied with its

6    discovery obligations, including for example, document requests and interrogatories. Therefore,

7    Mattel's motion is denied as to Topics 1-3.

8                       Prior Inconsistent Statements to the Press (Topics 6-8)

9           Topics 6-8 seek testimony regarding three public statements made by Isaac Larian

10   regarding who conceived of Bratz. MGA objected to Topics 6-8 as irrelevant and not reasonably

11   calculated to lead to admissible evidence. MGA also objected to Topics 6-8 to the extent that the

12   information sought is obtainable through other more convenient, less burdensome and less

13   expensive means. Further, MGA objected to Topics 6-8 as unreasonably cumulative and

14   duplicative of information already provided by MGA and/or Carter Bryant. MGA also objected

15   to a deposition on these Topics "to the extent that the statements referenced above were not made

16   by MGA as a corporate actor and thus they are not the appropriate subject of a 30(b)(6)

17   designation." Zeller Decl., Ex. 24.

18          Mattel contends that Topics 6-8 are the proper subject of a Rule 30(b)(6) deposition

19   because each of the statements identified therein was made by MGA's Chief Executive Officer,

20   Isaac Larian. Mattel acknowledges that it already deposed Isaac Larian regarding one of the

21   articles identified in Topics 6-8, but contends that it is not attempting to re-depose him. Rather,

22   Mattel contends that it is entitled to elicit testimony that will bind the corporation so that it will

23   not be "sandbagged" at trial. Mattel's Reply at p.6.

24          MGA accuses Mattel of misusing the 30(b)(6) procedure when Mattel knows that Isaac

25   Larian is the person who should be, and already has been, deposed about the statements identified

26   in Topics 6-8. MGA also contends that Mattel opted to limit its examination of Isaac Larian to

27   one article, and that Mattel's failure to fully question Isaac Larian in no way justifies deposing

28

EXHIBIT 4/6   PAGE 609

8

1    MGA now.  MGA also contends that Mattel could avail itself of other discovery methods, such as

2    interrogatories or requests for admission, to obtain further information about the publications

3    identified in Topics 6-8.

4           Topics 6-8 seek information relevant to the central issue in the case:  who conceived of

5    Bratz.  Mattel's use of the 30(b)(6) procedure is justified in order to obtain testimony that will

6    bind the corporation.  The testimony Mattel now seeks is not unreasonably cumulative or

7    duplicative of testimony it has already sought from Isaac Larian because Mattel previously

8    questioned Isaac Larian about only one of the articles identified in Topics 6-8.  Further, the likely

9    benefit to Mattel of testimony from Isaac Larian (or another corporate designee) regarding Topics

10   6-8 outweighs the burden and expense to MGA, given the importance of the testimony Mattel

11   seeks.  Mattel's motion is granted as to Topics 6-8.

12                             "Test Projects" for MGA (Topic 9)

13          In Topic 9, Mattel seeks the identity of each person MGA had perform or who MGA

14   requested, asked or solicited to perform, any "test project" in advance of or in consideration of

15   employment by MGA since January 1, 1995.  MGA objected to Topic 9 as irrelevant, not

16   reasonably calculated to lead to the discovery of admissible evidence, overbroad, unduly

17   burdensome, and unreasonably cumulative and duplicative.  MGA also objected to Topic 9 as

18   vague and ambiguous, particularly with respect to the term "test project."  MGA also objected to

19   Topic 9 to the extent that the information sought is obtainable through other, more convenient,

20   less burdensome and less expensive means.  MGA also objected to Topic 9 as seeking

21   confidential, proprietary, and commercially sensitive information with no relevance to the

22   litigation.

23          When Carter Bryant was deposed by Mattel, he testified that he "did sort of a tryout kind

24   of a project for" MGA.  Zeller Decl., Ex. 29 at 9:19-20.  He also referred to this "tryout" project

25   as a "test assignment."  Id. at 515-516.  In light of Bryant's testimony, Mattel's stated purpose of

26   Topic 9 is to "obtain information that will refute MGA and Bryant's assertions that Bryant's

27   working for MGA while employed by Mattel was no different than a supposedly standard

28

1   industry practice of having candidates for creative positions make artwork as part of the job

2   interview." Mattel's Motion at p.22.

3       MGA acknowledges that Mattel provided a definition for the phrase "test assignment" in

4   its motion papers. MGA's Opposition at p.10. MGA nevertheless contends that Topic 9 remains

5   objectionable as overbroad, reasoning that it would require MGA to provide information "with

6   regard to how it proceeded with hiring virtually every single employee hired since 1995."

7   MGA's Opposition at p.9. MGA also contends that it would be unduly burdensome to require

8   MGA to have a designee review and potentially memorize information about every single person

9   who has applied for a job at MGA since 1995, particularly when Bryant only began working for

10   MGA in 2000. MGA contends that a contention interrogatory is more appropriate than a 30(b)(6)

11   deposition to obtain the information called for in Topic 9.

12       Topic 9 seeks information relevant to one of MGA and Bryant's defenses, namely their

13   claim that Bryant's work for MGA while employed by Mattel was no different than a standard

14   industry practice of having candidates for creative positions make artwork as part of the job

15   interview. Topic 9, however, is objectionable because it is overbroad and burdensome. In

16   particular, Topic 9 is overbroad in terms of the specified time frame because Bryant did not begin

17   working at MGA until the year 2000. Topic 9 is also objectionable because the information

18   sought is more appropriately obtained through a contention interrogatory, which would be

19   significantly less burdensome and less expensive than a 30(b)(6) deposition. Therefore, Mattel's

20   motion is denied as to Topic 9. In lieu of taking a 30(b)(6) deposition on Topic 9, Mattel is

21   granted leave to serve a contention interrogatory regarding Topic 9 limited to the years 1998

22   through 2004.

23     <u>Payments MGA Made to Isaac Larian, Farhad Larian and Morad Zarabi (Topics 11-13)</u>

24       In Topics 11-13, Mattel seeks information regarding payments made by MGA to Isaac

25   Larian (Topic 11), Farhad Larian (Topic 12), and Morad Zarabi (Topic 13). MGA objected to

26   these Topics as irrelevant, not reasonably calculated to lead to the discovery of admissible

27   evidence, overbroad, unduly burdensome, and unreasonably cumulative and duplicative. MGA

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 46 PAGE 611

10

1    also objected to Topics 11-13 to the extent that the information sought is obtainable through

2    other, more convenient, less burdensome and less expensive means. MGA also objected to

3    Topics 11-13 as seeking confidential, proprietary, and commercially sensitive information with no

4    relevance to the litigation.

5        Mattel explains that Morad Zarabi arbitrated a dispute between Isaac Larian and Farhad

6    Larian that involved the timing of the creation of Bratz. More specifically, Farhad Larian claimed

7    that Isaac Larian concealed from him MGA's development with Carter Bryant of Bratz dolls and

8    alleged that Bryant began working with MGA during a time Bryant was employed by Mattel.

9    Mattel considers all three individuals involved in the arbitration as witnesses in this litigation, and

10    therefore seeks information that may establish their bias. Mattel also emphasizes that Isaac

11    Larian is a party to the litigation, and that payments made by MGA to him are relevant to Mattel's

12    claim for punitive damages, and may be used as impeachment evidence. Lastly, although Mattel

13    acknowledges that it deposed Isaac Larian regarding payments he received from MGA, Mattel

14    contends that it is entitled to testimony from MGA to corroborate or refute his testimony.

15        MGA contends that Topics 11-13 are not relevant to this lawsuit. In particular, MGA

16    objects to Topics 12 and 13 as seeking "private financial records of persons who are neither

17    parties nor witnesses in this action, and whose only connection is knowing people involved in the

18    lawsuit." MGA's Opposition at p. 13. With regard to payments to Isaac Larian, MGA contends

19    that Mattel already had the opportunity to ask him about payments during his deposition. MGA

20    also contends that Mattel is not entitled to conduct discovery regarding Isaac Larian's net worth at

21    this time. Even if Mattel is entitled to conduct such discovery, MGA contends that payments

22    made to him would not establish his net worth because they represent only one of many sources

23    of income and do not account for his other assets and liabilities.

24        MGA's payments to Isaac Larian and Farhad Larian are relevant to the claims and

25    defenses in the case. Payments to Isaac Larian and Farhad Larian may also show possible bias

26    and be used for impeachment purposes. Moreover, MGA's payments to Isaac Larian may be

27    relevant to Mattel's claim for punitive damages. Payments to Isaac Larian are a component of his

28

EXHIBIT 46 PAGE 612

11

net worth, even if they represent one source of income. The burden of producing such information does not outweigh its relevance, taking into consideration the circumstances of this case. Furthermore, there is no stay on discovery pertaining to punitive damages. Accordingly, Mattel's motion is granted as to Topics 11 and 12.

In contrast, MGA's payments to Morad Zarabi are irrelevant. His only connection to this litigation appears to be with the arbitration proceedings. Any potential relevance of MGA's payments to Morad Zarabi is outweighed by the burden and the intrusion into his private financial affairs. Mattel's motion is denied as to Topic 13.

## V. CONCLUSION

For the reasons set forth above, it is hereby ordered as follows:

1.      Mattel's motion to compel is granted as to Topics 6-8, 11 and 12.

2.      Mattel's motion to compel is denied as to Topics 1-3, 9 and 13. In lieu of taking a deposition on Topic 9, Mattel is hereby granted leave to serve a contention interrogatory regarding Topic 9 that is limited to the years 1998 through 2004.

3. Mattel's request for sanctions is denied.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: September _25_, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on September 26, 2007, I served the attached ORDER GRANTING IN PART AND DENYI8NG IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE WITNESSES PURSUANT TO THIRD NOTICE OF DEPOSITION UNDER RULE 30(b)(6); DENYING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on September 26, 2007, at San Francisco, California.

_____
Sandra Chan

**EXHIBIT 47**

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA  90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:        tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, Suite 3800
   San Francisco, CA  94111
7  Telephone:  (415) 984-6400
   Facsimile:   (415) 984-2698
8  E-mail:        rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | **ISAAC LARIAN'S SECOND SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |
| MATTEL, INC., a Delaware corporation | |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off:  March 3, 2008 |

PROPOUNDING PARTY:    **MATTEL, INC. ("MATTEL")**

RESPONDING PARTY:      **ISAAC LARIAN**

SET NO.:                            **ONE**

EXHIBIT _47_ PAGE _650_

# INTRODUCTORY STATEMENT

1

2     Isaac Larian's ("Larian's") responses and objections are made solely for

3 the purpose of this action, and are made based upon information presently known

4 and available to Larian.  Larian has not completed his investigation of facts relating

5 to this case, has not fully completed his discovery in this action, and has not

6 completed his preparation for trial.  Accordingly, the following responses are based

7 only upon such information and documents as are presently available and

8 specifically known to Larian, and disclose only those facts and contentions that

9 presently occur to Larian.  Further discovery, independent investigation, legal

10 research and analysis may supply additional facts, add meaning to known facts, and

11 establish entirely new factual conclusions and legal contentions, any of which may

12 lead to additions to, changes to, or variations from the responses set forth below.

13     The following responses are given without prejudice to Larian's right to

14 produce evidence of any subsequently discovered facts that Larian may later recall or

15 locate.  Larian, accordingly, reserves the right to supplement and/or change any and

16 all of the following responses as additional facts are ascertained, analyses are made,

17 legal research is completed, and contentions are investigated, and reserves the right

18 to rely upon and present at hearing or trial any information or documents that may be

19 subsequently discovered as a result of this ongoing discovery and investigation.  The

20 responses contained herein are made in a good faith effort to supply as much factual

21 information as is presently known, but should in no way be to the prejudice of Larian

22 in relation to further discovery, research or analysis.

23     A response to any of the Requests does not constitute an admission by

24 Larian that he agrees with plaintiff's characterization or definition contained therein,

25 that the information sought is relevant to a claim or defense, or that the information

26 sought is likely to lead to admissible evidence.  Except for explicit facts admitted

27 herein, no admission of any nature whatsoever is to be implied by or inferred from

28 any response anywhere stated in this document.  By responding to these Requests,

1

1  Larian does not concede the relevancy, materiality, or admissibility of any

2  information sought by the requests or any responses thereto.

3       In order to clarify his responses in light of previous numbering issues,

4  Larian is hereby providing complete sets of responses for all of the requests so that

5  the original and supplemental responses to each request for admission will be

6  included in a single document.  By providing his Second Supplemental Objections

7  and Responses to Mattel's First Set of Requests for Admission in this format, Larian

8  is only supplementing responses to Request Nos. 32-33, 54-61, and 66-69.

9       This Introductory Statement applies to each and every response

10  contained herein.

11  **GENERAL OBJECTIONS**

12       The following General Objections apply to the entirety of Mattel's First

13  Set of Requests for Admission (the "Requests").  The assertion of same, similar, or

14  additional objections to the individual requests does not waive any of Larian's

15  General Objections as set forth below.

16       1.    To the extent these Requests request Larian to provide

17  information concerning the legal basis regarding its defense of this matter, Larian

18  objects on the grounds that the Requests impermissibly call for mental impressions,

19  conclusions, opinions and/or legal theories of Larian's attorneys.

20       2.    Larian also objects to the extent these Requests call for the

21  disclosure of information protected by the attorney-client privilege, the work-product

22  doctrine, the joint defense or common interest privilege or any other applicable

23  privilege.

24       3.    Larian further objects to the extent that these Requests seek

25  information comprising the trade secrets of MGA and/or third parties, and/or

26  otherwise constitute confidential information, protected from disclosure by

27  California and/or federal law.

28       4.    Larian objects to the Requests on the grounds that they attempt to

2

EXHIBIT _£77_ PAGE _£¡7_

1   unfairly restrict the facts on which Larian may rely at trial.  Discovery has not been

2   completed and Larian is not yet necessarily in possession of all the facts and

3   documents upon which Larian intends to rely.  All of the responses submitted

4   herewith are tendered to Mattel with the reservation that the responses are submitted

5   without limiting the evidence on which Larian may rely to support the contentions

6   that Larian may assert at the trial of this action.  Further, Larian reserves the right to

7   supplement or amend these responses at a future date if same is deemed appropriate.

8             5.     Larian objects to the Requests on the grounds that they are

9   compound, vague, overbroad, unduly burdensome or oppressive, seek information

10  that is not within Larian's knowledge, or seek information that is neither relevant to

11  this litigation nor reasonably calculated to lead to the discovery of admissible

12  evidence.

13            6.     Larian objects to the defined terms "MGA," "Affiliates,"

14  "Person," Design," "Bratz," "Bratz Works," "Mattel," "The Bratz Pitch Materials"

15  and "Create or Improve" on the grounds that these terms, as defined, are overbroad,

16  are vague and ambiguous, and call for legal conclusions.

17            These General Objections shall be deemed incorporated into each

18  specific response below as if they were fully set forth below.  Nevertheless, without

19  waiver of, without prejudice to, and expressly hereby reserving all of the foregoing

20  General Objections, Larian submits the following responses to the Requests.

21                        **SPECIFIC RESPONSES**

22  **REQUEST FOR ADMISSION NO. 1:**

23            Admit that YOU have copied or prepared derivative works from at least

24  one of THE BRATZ PITCH MATERIALS.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

26            In addition to the above General Objections, each of which is

27  incorporated by reference as though fully set forth herein, Larian also objects to this

28  request on the grounds that this request, in using the phrase "copied or prepared

1 derivative works," calls for a legal conclusion. Larian also objects that this request
2 calls for the disclosure of information protected by the attorney-client privilege, the
3 work-product doctrine, the joint defense privilege and/or the common interest
4 privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"
5 as vague and ambiguous. MGA further objects that the RFA is compound and
6 cannot be answered by "admit" or "deny."

7 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

8 In addition to the above General Objections, each of which is
9 incorporated by reference as though fully set forth herein, Larian also objects to this
10 request on the grounds that this request, in using the phrase "copied or prepared
11 derivative works," calls for a legal conclusion. Larian also objects that this request
12 calls for tire disclosure of information protected by the attorney-client privilege, the
13 work-product doctrine, the joint defense privilege and/or the common interest
14 privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"
15 as vague and ambiguous. Larian further objects that the RFA is compound.

16 Subject to, and without waiving, the foregoing objections, Larian
17 responds: Deny.

18 **REQUEST FOR ADMISSION NO. 2:**

19 Admit that YOU have not copied or prepared derivative works from at
20 least one of THE BRATZ PITCH MATERIALS.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

22 In addition to the above General Objections, each of which is
23 incorporated by reference as though fully set forth herein, Larian also objects to this
24 request on the grounds that this request, in using the phrase "copied or prepared
25 derivative works," calls for a legal conclusion. Larian also objects that this request
26 calls for the disclosure of information protected by the attorney-client privilege, the
27 work-product doctrine, the joint defense privilege and/or the common interest
28 privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"

4

1 | as vague and ambiguous.  MGA further objects that the RFA is compound and
2 | cannot be answered by "admit" or "deny."

3 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

4 | In addition to the above General Objections, each of which is
5 | incorporated by reference as though fully set forth herein, Larian also objects to this
6 | request on the grounds that this request, in using the phrase "copied or prepared
7 | derivative works," calls for a legal conclusion.  Larian also objects that this request
8 | calls for the disclosure of information protected by the attorney-client privilege, the
9 | work-product doctrine, the joint defense privilege and/or the common interest
10 | privilege.  Larian further objects to the term "THE BRATZ PITCH MATERIALS"
11 | as vague and ambiguous.  Larian further objects that the RFA is compound.

12 | Subject to, and without waiving, the foregoing objections, Larian
13 | responds: Admit.

14 | **REQUEST FOR ADMISSION NO. 3:**

15 | Admit that YOU have copied or prepared derivative works from more
16 | than one of THE BRATZ PITCH MATERIALS.

17 | **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

18 | In addition to the above General Objections, each of which is
19 | incorporated by reference as though fully set forth herein, Larian also objects to this
20 | request on the grounds that this request, in using the phrase "copied or prepared
21 | derivative works," calls for a legal conclusion.  Larian also objects that this request
22 | calls for the disclosure of information protected by the attorney-client privilege, the
23 | work-product doctrine, the joint defense privilege and/or the common interest
24 | privilege.  Larian further objects to the term "THE BRATZ PITCH MATERIALS"
25 | as vague and ambiguous.  Larian further objects that the RFA is compound and
26 | cannot be answered by "admit" or "deny."

27 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

28 | In addition to the above General Objections, each of which is

5

1 | incorporated by reference as though fully set forth herein, Larian also objects to this
2 | request on the grounds that this request, in using the phrase "copied or prepared
3 | derivative works," calls for a legal conclusion.  Larian also objects that this request
4 | calls for the disclosure of information protected by the attorney-client privilege, the
5 | work-product doctrine, the joint defense privilege and/or the common interest
6 | privilege.  Larian further objects to the term "THE BRATZ PITCH MATERIALS"
7 | as vague and ambiguous.  Larian further objects that the RFA is compound.

8 | Subject to, and without waiving, the foregoing objections, Larian
9 | responds:  Deny.

10 | **REQUEST FOR ADMISSION NO. 4:**

11 | Admit that YOU have not copied or prepared derivative works from
12 | more than one of THE BRATZ PITCH MATERIALS.

13 | **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

14 | In addition to the above General Objections, each of which is
15 | incorporated by reference as though fully set forth herein, Larian also objects to this
16 | request on the grounds that this request, in using the phrase "copied or prepared
17 | derivative works," calls for a legal conclusion.  Larian also objects that this request
18 | calls for the disclosure of information protected by the attorney-client privilege, the
19 | work-product doctrine, the joint defense privilege and/or the common interest
20 | privilege.  Larian further objects to the term "THE BRATZ PITCH MATERIALS"
21 | as vague and ambiguous.  Larian further objects that the RFA is compound and
22 | cannot be answered by "admit" or "deny."

23 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

24 | In addition to the above General Objections, each of which is
25 | incorporated by reference as though fully set forth herein, Larian also objects to this
26 | request on the grounds that this request, in using the phrase "copied or prepared
27 | derivative works," calls for a legal conclusion.  Larian also objects that this request
28 | calls for the disclosure of information protected by the attorney-client privilege, the

6

EXHIBIT 4 / PAGE 021

1  work-product doctrine, the joint defense privilege and/or the common interest

2  privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"

3  as vague and ambiguous. Larian further objects that the RFA is compound.

4          Subject to, and without waiving, the foregoing objections, Larian

5  responds: Admit.

6  **REQUEST FOR ADMISSION NO. 5:**

7          Admit that YOU have copied or prepared derivative works from all of

8  THE BRATZ PITCH MATERIALS.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

10         In addition to the above General Objections, each of which is

11 incorporated by reference as though fully set forth herein, Larian also objects to this

12 request on the grounds that this request, in using the phrase "copied or prepared

13 derivative works," calls for a legal conclusion. Larian also objects that this request

14 calls for the disclosure of information protected by the attorney-client privilege, the

15 work product doctrine, the joint defense privilege and/or the common interest

16 privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"

17 as vague and ambiguous. Larian further objects that the RFA is compound and

18 cannot be answered by "admit" or "deny."

19 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

20         In addition to the above General Objections, each of which is

21 incorporated by reference as though fully set forth herein, Larian also objects to this

22 request on the grounds that this request, in using the phrase "copied or prepared

23 derivative works," calls for a legal conclusion. Larian also objects that this request

24 calls for the disclosure of information protected by the attorney-client privilege, the

25 work-product doctrine, the joint defense privilege and/or the common interest

26 privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"

27 as vague and ambiguous. Larian further objects that the RFA is compound.

28         Subject to, and without waiving, the foregoing objections, Larian

7

EXHIBIT 47 PAGE 1022

1 | responds: Deny.

2 | **REQUEST FOR ADMISSION NO. 6:**

3 |       Admit that YOU have not copied or prepared derivative works from all

4 | of THE BRATZ PITCH MATERIALS.

5 | **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

6 |       In addition to the above General Objections, each of which is

7 | incorporated by reference as though fully set forth herein, Larian also objects to this

8 | request on the grounds that this request, in using the phrase "copied or prepared

9 | derivative works," calls for a legal conclusion. Larian also objects that this request

10 | calls for the disclosure of information protected by the attorney-client privilege, the

11 | work-product doctrine, the joint defense privilege and/or the common interest

12 | privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"

13 | as vague and ambiguous. MGA further objects that the RFA is compound and

14 | cannot be answered by "admit" or "deny."

15 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

16 |       In addition to the above General Objections, each of which is

17 | incorporated by reference as though fully set forth herein, Larian also objects to this

18 | request on the grounds that this request, in using the phrase "copied or prepared

19 | derivative works," calls for a legal conclusion. Larian also objects that this request

20 | calls for the disclosure of information protected by the attorney-client privilege, the

21 | work-product doctrine, the joint defense privilege and/or the common interest

22 | privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"

23 | as vague and ambiguous. Larian further objects that the RFA is compound.

24 |       Subject to, and without waiving, the foregoing objections, Larian

25 | responds: Admit.

26 | **REQUEST FOR ADMISSION NO. 7:**

27 |       Admit that at least one of THE BRATZ PITCH MATERIALS is an

28 | original work of authorship within the meaning of 17 U.S.C. § 102.

EXHIBIT ＿＿ PAGE ＿＿

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

2 In addition to the above General Objections, each of which is

3 incorporated by reference as though fully set forth herein, Larian also objects to this

4 request on the grounds that this request calls for a legal conclusion.  Larian also

5 objects that this request calls for the disclosure of information protected by the

6 attorney-client privilege, the work-product doctrine, the joint defense privilege

7 and/or the common interest privilege.  Larian further objects to the term "THE

8 BRATZ PITCH MATERIALS" as vague and ambiguous.

9 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

10 In addition to the above General Objections, each of which is

11 incorporated by reference as though fully set forth herein, Larian also objects to this

12 request on the grounds that this request calls for a legal conclusion.  Larian also

13 objects that this request calls for the disclosure of information protected by the

14 attorney-client privilege, the work-product doctrine, the joint defense privilege

15 and/or the common interest privilege.  Larian further objects to the term "THE

16 BRATZ PITCH MATERIALS" as vague and ambiguous.

17 Subject to, and without waiving, the foregoing objections, Larian

18 responds: Admit.

19 **REQUEST FOR ADMISSION NO. 8:**

20 Admit that none of THE BRATZ PITCH MATERIALS is an original

21 work of authorship within the meaning of 17 U.S.C. § 102.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

23 In addition to the above General Objections, each of which is

24 incorporated by reference as though fully set forth herein, Larian also objects to this

25 request on the grounds that this request calls for a legal conclusion.  Larian also

26 objects that this request calls for the disclosure of information protected by the

27 attorney-client privilege, the work-product doctrine, the joint defense privilege

28 and/or the common interest privilege.  Larian further objects to the term "THE

9

1  BRATZ PITCH MATERIALS" as vague and ambiguous.

2  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

3  In addition to the above General Objections, each of which is
4  incorporated by reference as though fully set forth herein, Larian also objects to this
5  request on the grounds that this request calls for a legal conclusion.  Larian also
6  objects that this request calls for the disclosure of information protected by the
7  attorney-client privilege, the work-product doctrine, the joint defense privilege
8  and/or the common interest privilege.  Larian further objects to the term "THE
9  BRATZ PITCH MATERIALS" as vague and ambiguous.

10  Subject to, and without waiving, the foregoing objections, Larian
11  responds: Deny.

12  **REQUEST FOR ADMISSION NO. 9:**

13  Admit that more than one of THE BRATZ PITCH MATERIALS is an
14  original work of authorship within the meaning of 17 U.S.C. § 102.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

16  In addition to the above General Objections, each of which is
17  incorporated by reference as though fully set forth herein, Larian also objects to this
18  request on the grounds that this request calls for a legal conclusion.  Larian also
19  objects that this request calls for the disclosure of information protected by the
20  attorney-client privilege, the work-product doctrine, the joint defense privilege
21  and/or the common interest privilege.  Larian further objects to the term "THE
22  BRATZ PITCH MATERIALS" as vague and ambiguous.

23  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

24  In addition to the above General Objections, each of which is
25  incorporated by reference as though fully set forth herein, Larian also objects to this
26  request on the grounds that this request calls for a legal conclusion.  Larian also
27  objects that this request calls for the disclosure of information protected by the
28  attorney-client privilege, the work-product doctrine, the joint defense privilege

10

1  and/or the common interest privilege.  Larian further objects to the term "THE

2  BRATZ PITCH MATERIALS" as vague and ambiguous.

3       Subject to, and without waiving, the foregoing objections, Larian

4  responds: Admit.

5  **REQUEST FOR ADMISSION NO. 10:**

6       Admit that each of THE BRATZ PITCH MATERIALS is an original

7  work of authorship within the meaning of 17 U.S.C. § 102.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

9       In addition to the above General Objections, each of which is

10 incorporated by reference as though fully set forth herein, Larian also objects to this

11 request on the grounds that this request calls for a legal conclusion.  Larian also

12 objects that this request calls for the disclosure of information protected by the

13 attorney-client privilege, the work-product doctrine, the joint defense privilege

14 and/or the common interest privilege.  Larian further objects to the term "THE

15 BRATZ PITCH MATERIALS" as vague and ambiguous.

16 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

17       In addition to the above General Objections, each of which is

18 incorporated by reference as though fully set forth herein, Larian also objects to this

19 request on the grounds that this request calls for a legal conclusion.  Larian also

20 objects that this request calls for the disclosure of information protected by the

21 attorney-client privilege, the work-product doctrine, the joint defense privilege

22 and/or the common interest privilege.  Larian further objects to the term "THE

23 BRATZ PITCH MATERIALS" as vague and ambiguous.

24       Subject to, and without waiving, the foregoing objections, Larian

25 responds: Admit.

26 **REQUEST FOR ADMISSION NO. 11:**

27       Admit that YOU CONTEND YOU believed the BRYANT/MGA

28 AGREEMENT was lawful when MGA entered into the agreement.

11

EXHIBIT _7_ PAGE _626_

1 | **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

2 |         In addition to the above General Objections, each of which is

3 | incorporated by reference as though fully set forth herein, Larian also objects to this

4 | request on the grounds that this request calls for a legal conclusion.  Larian also

5 | objects that this request calls for the disclosure of information protected by the

6 | attorney-client privilege, the work-product doctrine, the joint defense privilege

7 | and/or the common interest privilege.

8 |         Subject to, and without waiving, the foregoing objections, Larian

9 | responds: Admit.

10 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

11 |         In addition to the above General Objections, each of which is

12 | incorporated by reference as though fully set forth herein, Larian also objects to this

13 | request on the grounds that this request calls for a legal conclusion.  Larian also

14 | objects that this request calls for the disclosure of information protected by the

15 | attorney-client privilege, the work-product doctrine, the joint defense privilege

16 | and/or the common interest privilege.

17 |         Subject to, and without waiving, the foregoing objections, Larian

18 | responds: Admit.

19 | **REQUEST FOR ADMISSION NO. 12:**

20 |         Admit that YOU do not CONTEND YOU believed the BRYANT/MGA

21 | AGREEMENT was lawful when MGA entered into the agreement.

22 | **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

23 |         In addition to the above General Objections, each of which is

24 | incorporated by reference as though fully set forth herein, Larian also objects to this

25 | request on the grounds that this request calls for a legal conclusion.  Larian also

26 | objects that this request calls for the disclosure of information protected by the

27 | attorney-client privilege, the work-product doctrine, the joint defense privilege

28 | and/or the common interest privilege.

EXHIBIT 9 7 PAGE 627

1    Subject to, and without waiving, the foregoing objections, Larian

2  responds: Deny.

3  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

4    In addition to the above General Objections, each of which is

5  incorporated by reference as though fully set forth herein, Larian also objects to this

6  request on the grounds that this request calls for a legal conclusion.  Larian also

7  objects that this request calls for the disclosure of information protected by the

8  attorney-client privilege, the work-product doctrine, the joint defense privilege

9  and/or the common interest privilege.

10    Subject to, and without waiving, the foregoing objections, Larian

11  responds: Deny.

12  **REQUEST FOR ADMISSION NO. 13:**

13    Admit that YOU believed the BRYANT/MGA AGREEMENT may not

14  be lawful when MGA entered into the agreement.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

16    In addition to the above General Objections, each of which is

17  incorporated by reference as though fully set forth herein, Larian also objects to this

18  request on the grounds that this request calls for a legal conclusion.  Larian also

19  objects that this request calls for the disclosure of information protected by the

20  attorney-client privilege, the work-product doctrine, the joint defense privilege

21  and/or the common interest privilege.

22    Subject to, and without waiving, the foregoing objections, Larian

23  responds: Deny.

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

25    In addition to the above General Objections, each of which is

26  incorporated by reference as though fully set forth herein, Larian also objects to this

27  request on the grounds that this request calls for a legal conclusion.  Larian also

28  objects that this request calls for the disclosure of information protected by the

LARIAN'S 2d SUPP. RESPONSES TO MATTEL, INC'S 1st SET OF REQ. FOR ADMISSION    NO. CV 04-9049 SGL (RNBx)

EXHIBIT _4/7_ PAGE _(628_

1 | attorney-client privilege, the work-product doctrine, the joint defense privilege
2 | and/or the common interest privilege.
3 |         Subject to, and without waiving, the foregoing objections, Larian
4 | responds: Deny.
5 | **REQUEST FOR ADMISSION NO. 14:**
6 |         Admit that YOU CONTEND YOU believed at the time MGA entered
7 | into the BRYANT/MGA AGREEMENT that it would be lawful for MGA to market
8 | BRATZ.
9 | **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**
10 |         In addition to the above General Objections, each of which is
11 | incorporated by reference as though fully set forth herein, Larian also objects to this
12 | request on the grounds that this request calls for a legal conclusion. Larian also
13 | objects that this request calls for the disclosure of information protected by the
14 | attorney-client privilege, the work-product doctrine, the joint defense privilege
15 | and/or the common interest privilege. Larian further objects to the term "BRATZ" as
16 | vague and ambiguous, and, as defined by Mattel, renders the RFA nonsensical as no
17 | BRATZ then existed.
18 |         Subject to, and without waiving, the foregoing objections, Larian
19 | responds: Larian admits that he believed at the time MGA entered into its agreement
20 | with Bryant and at all times thereafter that MGA had the right to market products
21 | developed as a result of its agreement with Bryant.
22 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 14:**
23 |         In addition to the above General Objections, each of which is
24 | incorporated by reference as though fully set forth herein, Larian also objects to this
25 | request on the grounds that this request calls for a legal conclusion. Larian also
26 | objects that this request calls for the disclosure of information protected by the
27 | attorney-client privilege, the work-product doctrine, the joint defense privilege
28 | and/or the common interest privilege. Larian further objects to the term "BRATZ" as

1 | vague and ambiguous, and, as defined by Mattel, renders the RFA nonsensical as no
2 | BRATZ then existed.
3 |       Subject to, and without waiving, the foregoing objections, Larian
4 | responds: Larian admits that he contends he believed at the time MGA entered into
5 | its agreement with Bryant and at all times thereafter that MGA had the right to
6 | market products developed as a result of its agreement with Bryant.
7 | **REQUEST FOR ADMISSION NO. 15:**
8 |       Admit that YOU do not CONTEND YOU believed at the time MGA
9 | entered into the BRYANT/MGA AGREEMENT that it would be lawful for MGA to
10 | market BRATZ.
11 | **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**
12 |       In addition to the above General Objections, each of which is
13 | incorporated by reference as though fully set forth herein, Larian also objects to this
14 | request on the grounds that this request calls for a legal conclusion.  Larian also
15 | objects that this request calls for the disclosure of information protected by the
16 | attorney-client privilege, the work-product doctrine, the joint defense privilege
17 | and/or the common interest privilege.  Larian further objects to the term "BRATZ" as
18 | vague and ambiguous, and, as defined by Mattel, renders the RFA nonsensical as no
19 | BRATZ then existed.
20 |       Subject to, and without waiving, the foregoing objections, Larian
21 | responds: Larian denies the request and specifically denies that he did not believe at
22 | the time MGA entered into its agreement with Bryant or at any time thereafter that
23 | MGA had the right to market products developed as a result of its agreement with
24 | Bryant.
25 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 15:**
26 |       In addition to the above General Objections, each of which is
27 | incorporated by reference as though fully set forth herein, Larian also objects to this
28 | request on the grounds that this request calls for a legal conclusion.  Larian also

15

EXHIBIT 47 PAGE 631

1  objects that this request calls for the disclosure of information protected by the

2  attorney-client privilege, the work-product doctrine, the joint defense privilege

3  and/or the common interest privilege.  Larian further objects to the term "BRATZ" as

4  vague and ambiguous, and, as defined by Mattel, renders the RFA nonsensical as no

5  BRATZ then existed.

6          Subject to, and without waiving, the foregoing objections, Larian

7  responds: Larian denies the request and specifically denies that he does not contend

8  he believed at the time MGA entered into its agreement with Bryant or at any time

9  thereafter that MGA had the right to market products developed as a result of its

10 agreement with Bryant.

11 **REQUEST FOR ADMISSION NO. 16:**

12          Admit that YOU believed at the time YOU entered into the

13 BRYANT/MGA AGREEMENT that it may not be lawful for MGA to market

14 BRATZ.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

16          In addition to the above General Objections, each of which is

17 incorporated by reference as though fully set forth herein, Larian also objects to this

18 request on the grounds that this request calls for a legal conclusion.  Larian also

19 objects that this request calls for the disclosure of information protected by the

20 attorney-client privilege, the work-product doctrine, the joint defense privilege

21 and/or the common interest privilege.  Larian further objects to the term "BRATZ" as

22 vague and ambiguous, and, as defined by Mattel, renders the RFA nonsensical as no

23 BRATZ then existed.

24          Subject to, and without waiving, the foregoing objections, Larian

25 responds: Larian denies the request and specifically denies that he did not believe at

26 the time MGA entered into its agreement with Bryant or at any time thereafter that

27 MGA had the right to market products developed as a result of its agreement with

28 Bryant.

16

1 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

2 | In addition to the above General Objections, each of which is

3 | incorporated by reference as though fully set forth herein, Larian also objects to this

4 | request on the grounds that this request calls for a legal conclusion. Larian also

5 | objects that this request calls for the disclosure of information protected by the

6 | attorney-client privilege, the work-product doctrine, the joint defense privilege

7 | and/or the common interest privilege. Larian further objects to the term "BRATZ" as

8 | vague and ambiguous, and, as defined by Mattel, renders the RFA nonsensical as no

9 | BRATZ then existed.

10 | Subject to, and without waiving, the foregoing objections, Larian

11 | responds: Larian denies the request and specifically denies that he did not believe at

12 | the time MGA entered into its agreement with Bryant or at any time thereafter that

13 | MGA had the right to market products developed as a result of its agreement with

14 | Bryant.

15 | **REQUEST FOR ADMISSION NO. 17:**

16 | Admit that YOU CONTEND YOU believed at the time MGA entered

17 | into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to copy

18 | THE BRATZ PITCH MATERIALS.

19 | **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

20 | In addition to the above General Objections, each of which is

21 | incorporated by reference as though fully set forth herein, Larian also objects to this

22 | request on the grounds that this request calls for a legal conclusion. Larian also

23 | objects that this request calls for the disclosure of information protected by the

24 | attorney-client privilege, the work-product doctrine, the joint defense privilege

25 | and/or the common interest privilege. Larian further objects to the term "THE

26 | BRATZ PITCH MATERIALS" as vague and ambiguous.

27 | Subject to, and without waiving, the foregoing objections, Larian

28 | responds: Larian admits that he believed at the time MGA entered into its agreement

17

EXHIBIT 47 PAGE 632

1  with Bryant and at all times thereafter that he and MGA would have the lawful right
2  to fully exploit the drawings created and presented by Bryant prior to the execution
3  of MGA's agreement with Bryant.

4  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

5      In addition to the above General Objections, each of which is
6  incorporated by reference as though fully set forth herein, Larian also objects to this
7  request on the grounds that this request calls for a legal conclusion. Larian also
8  objects that this request calls for the disclosure of information protected by the
9  attorney-client privilege, the work-product doctrine, the joint defense privilege
10 and/or the common interest privilege. Larian further objects to the term "THE
11 BRATZ PITCH MATERIALS" as vague and ambiguous.

12     Subject to, and without waiving, the foregoing objections, Larian
13 responds: Larian admits that he contends he believed at the time MGA entered into
14 its agreement with Bryant and at all times thereafter that he and MGA would have
15 the lawful right to fully exploit the drawings created and presented by Bryant prior to
16 the execution of MGA's agreement with Bryant.

17 **REQUEST FOR ADMISSION NO. 18:**

18     Admit that YOU do not CONTEND YOU believed at the time MGA
19 entered into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to
20 copy THE BRATZ PITCH MATERIALS.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

22     In addition to the above General Objections, each of which is
23 incorporated by reference as though fully set forth herein, Larian also objects to this
24 request on the grounds that this request calls for a legal conclusion. Larian also
25 objects that this request calls for the disclosure of information protected by the
26 attorney-client privilege, the work-product doctrine, the joint defense privilege
27 and/or the common interest privilege. Larian further objects to the term "THE
28 BRATZ PITCH MATERIALS" as vague and ambiguous.

18

EXHIBIT 4 7 PAGE 433

1         Subject to, and without waiving, the foregoing objections, Larian

2   responds: Larian denies the request and specifically denies that he believed at the

3   time MGA entered into its agreement with Bryant or at any time thereafter that either

4   he or MGA would not have the lawful right to fully exploit the drawings created and

5   presented by Bryant prior to the execution of MGA's agreement with Bryant.

6   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

7         In addition to the above General Objections, each of which is

8   incorporated by reference as though fully set forth herein, Larian also objects to this

9   request on the grounds that this request calls for a legal conclusion.  Larian also

10  objects that this request calls for the disclosure of information protected by the

11  attorney-client privilege, the work-product doctrine, the joint defense privilege

12  and/or the common interest privilege.  Larian further objects to the term "THE

13  BRATZ PITCH MATERIALS" as vague and ambiguous.

14        Subject to, and without waiving, the foregoing objections, Larian

15  responds: Larian denies the request and specifically denies that he does not contend

16  he believed at the time MGA entered into its agreement with Bryant or at any time

17  thereafter that either he or MGA would have the lawful right to fully exploit the

18  drawings created and presented by Bryant prior to the execution of MGA's

19  agreement with Bryant.

20  **REQUEST FOR ADMISSION NO. 19:**

21        Admit that YOU believed at the time MGA entered into the

22  BRYANT/MGA AGREEMENT that it may not be lawful for YOU to copy THE

23  BRATZ PITCH MATERIALS.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

25        In addition to the above General Objections, each of which is

26  incorporated by reference as though fully set forth herein, Larian also objects to this

27  request on the grounds that this request calls for a legal conclusion.  Larian also

28  objects that this request calls for the disclosure of information protected by the

19

1 | attorney-client privilege, the work-product doctrine, the joint defense privilege

2 | and/or the common interest privilege.  Larian further objects to the term "THE

3 | BRATZ PITCH MATERIALS" as vague and ambiguous.

4 |         Subject to, and without waiving, the foregoing objections, Larian

5 | responds: Larian denies the request and specifically denies that he believed at the

6 | time MGA entered into its agreement with Bryant or at any time thereafter that he or

7 | MGA would not have the lawful right to fully exploit the drawings created and

8 | presented by Bryant prior to the execution of MGA's agreement with Bryant.

9 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

10 |         In addition to the above General Objections, each of which is

11 | incorporated by reference as though fully set forth herein, Larian also objects to this

12 | request on the grounds that this request calls for a legal conclusion.  Larian also

13 | objects that this request calls for the disclosure of information protected by the

14 | attorney-client privilege, the work-product doctrine, the joint defense privilege

15 | and/or the common interest privilege.  Larian further objects to the term "THE

16 | BRATZ PITCH MATERIALS" as vague and ambiguous.

17 |         Subject to, and without waiving the foregoing objections, Larian

18 | responds:  Larian denies the request and specifically denies that he believed at the

19 | time MGA entered into its agreement with Bryant or at any time thereafter that he or

20 | MGA would not have the lawful right to fully exploit the drawings created and

21 | presented by Bryant prior to the execution of MGA's agreement with Bryant.

22 | **REQUEST FOR ADMISSION NO. 20:**

23 |         Admit that YOU CONTEND YOU believed at the time MGA entered

24 | into the BRYANT/MGA AGREEMENT that it would be lawful for MGA to

25 | produce BRATZ.

26 | **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

27 |         In addition to the above General Objections, each of which is

28 | incorporated by reference as though fully set forth herein, Larian also objects to this

EXHIBIT ⊂/ 7 PAGE 635

1 | request on the grounds that this request calls for a legal conclusion. Larian also
2 | objects that this request calls for the disclosure of information protected by the
3 | attorney-client privilege, the work-product doctrine, the joint defense privilege
4 | and/or the common interest privilege. Larian further objects to the term "BRATZ" as
5 | vague and ambiguous and, as defined by Mattel, renders the RFA nonsensical as no
6 | BRATZ then existed.

7 |       Subject to, and without waiving, the foregoing objections, Larian
8 | responds: Larian admits that he believed at the time MGA entered into its agreement
9 | with Bryant (and at all times thereafter) that MGA had the right to fully exploit
10 | products developed as a result of its agreement with Bryant.

11 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

12 |       In addition to the above General Objections, each of which is
13 | incorporated by reference as though fully set forth herein, Larian also objects to this
14 | request on the grounds that this request calls for a legal conclusion. Larian also
15 | objects that this request calls for the disclosure of information protected by the
16 | attorney-client privilege, the work-product doctrine, the joint defense privilege
17 | and/or the common interest privilege. Larian further objects to the term "BRATZ" as
18 | vague and ambiguous and, as defined by Mattel, renders the RFA nonsensical as no
19 | BRATZ then existed.

20 |       Subject to, and without waiving, the foregoing objections, Larian
21 | responds: Larian admits that he contends he believed at the time MGA entered into
22 | its agreement with Bryant {and at all times thereafter} that MGA had the right to
23 | fully exploit products developed as a result of its agreement with Bryant.

24 | **REQUEST FOR ADMISSION NO. 21:**

25 |       Admit that YOU do not CONTEND YOU believed at the time MGA
26 | entered into the BRYANT/MGA AGREEMENT that it would be lawful for MGA to
27 | produce BRATZ.

28 |

21

EXHIBIT _2 / 1_ PAGE _( 30_

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that this request calls for a legal conclusion. Larian also objects that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege. Larian further objects to the term "BRATZ" as vague and ambiguous and, as defined by Mattel, renders the RFA nonsensical as no BRATZ then existed.

Subject to, and without waiving, the foregoing objections, Larian responds: Larian denies the request and specifically denies that he did not believe at the time MGA entered into its agreement with Bryant (and at all times thereafter) that MGA had the right to fully exploit products developed as a result of its agreement with Bryant.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that this request calls for a legal conclusion. Larian also objects that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege. Larian further objects to the term "BRATZ" as vague and ambiguous and, as defined by Mattel, renders the RFA nonsensical as no BRATZ then existed.

Subject to, and without waiving, the foregoing objections, Larian responds: Larian denies the request and specifically denies that he does not contend he believed at the time MGA entered into its agreement with Bryant (and at all times thereafter) that MGA had the right to fully exploit products developed as a result of its agreement with Bryant.

EXHIBIT 47 PAGE 637

1 | **REQUEST FOR ADMISSION NO. 22:**

2 | Admit that YOU believed at the time MGA entered into the

3 | BRYANT/MGA AGREEMENT that it may not be lawful for MGA to produce

4 | BRATZ.

5 | **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

6 | In addition to the above General Objections, each of which is

7 | incorporated by reference as though fully set forth herein, Larian also objects to this

8 | request on the grounds that this request calls for a legal conclusion. Larian also

9 | objects that this request calls for the disclosure of information protected by the

10 | attorney-client privilege, the work-product doctrine, the joint defense privilege

11 | and/or the common interest privilege. Larian further objects to the term "BRATZ" as

12 | vague and ambiguous and, as defined by Mattel, renders the RFA nonsensical as no

13 | BRATZ then existed.

14 | Subject to, and without waiving, the foregoing objections, Larian

15 | responds: Larian denies the request and specifically denies that he believed at the

16 | time MGA entered into its agreement with Bryant (and at all times thereafter) that

17 | MGA would not have the lawful right to fully exploit the drawings created and

18 | presented by Bryant prior to the execution of MGA's agreement with Bryant.

19 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

20 | In addition to the above General Objections, each of which is

21 | incorporated by reference as though fully set forth herein, Larian also objects to this

22 | request on the grounds that this request calls for a legal conclusion. Larian also

23 | objects that this request calls for the disclosure of information protected by the

24 | attorney-client privilege, the work-product doctrine, the joint defense privilege

25 | and/or the common interest privilege. Larian further objects to the term "BRATZ" as

26 | vague and ambiguous and, as defined by Mattel, renders the RFA nonsensical as no

27 | BRATZ then existed.

28 | Subject to, and without waiving, the foregoing objections, Larian

EXHIBIT 47 PAGE 638

1  responds: Larian denies the request and specifically denies that he believed at the

2  time MGA entered into its agreement with Bryant (and at all times thereafter) that

3  MGA would not have the lawful right to fully exploit the drawings created and

4  presented by Bryant prior to the execution of MGA's agreement with Bryant.

5  **REQUEST FOR ADMISSION NO. 23:**

6        Admit that YOU CONTEND YOU believed at the time MGA entered

7  into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to prepare

8  derivative works from THE BRATZ PITCH MATERIALS.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

10        In addition to the above General Objections, each of which is

11  incorporated by reference as though fully set forth herein, Larian also objects to this

12  request, in using the phrase "prepare derivative works," on the grounds that this

13  request calls for a legal conclusion. Larian also objects that this request calls for the

14  disclosure of information protected by the attorney-client privilege, the work-product

15  doctrine, the joint defense privilege and/or the common interest privilege. Larian

16  further objects to the term "THE BRATZ PITCH MATERIALS" as vague and

17  ambiguous.

18        Subject to, and without waiving, the foregoing objections, MGA

19  responds: Larian admits that he believed at the time MGA entered into its agreement

20  with Bryant (and at all times thereafter) that he and MGA had the right to fully

21  exploit products developed as a result of its agreement with Bryant.

22  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

23        In addition to the above General Objections, each of which is

24  incorporated by reference as though fully set forth herein, Larian also objects to this

25  request, in using the phrase "prepare derivative works," on the grounds that this

26  request calls for a legal conclusion. Larian also objects that this request calls for the

27  disclosure of information protected by the attorney-client privilege, the work-product

28  doctrine, the joint defense privilege and/or the common interest privilege. Larian

24

1 | further objects to the term "THE BRATZ PITCH MATERIALS" as vague and
2 | ambiguous.
3 |     Subject to, and without waiving, the foregoing objections, Larian
4 | responds: Larian admits that he contends he believed at the time MGA entered into
5 | its agreement with Bryant (and at all times thereafter) that he and MGA had the right
6 | to fully exploit products developed as a result of its agreement with Bryant.
7 | **REQUEST FOR ADMISSION NO. 24:**
8 |     Admit that YOU do not CONTEND YOU believed at the time MGA
9 | entered into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to
10 | prepare derivative works from THE BRATZ PITCH MATERIALS.
11 | **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**
12 |     In addition to the above General Objections, each of which is
13 | incorporated by reference as though fully set forth herein, Larian also objects to this
14 | request on the grounds that this request, in using the phrase "prepare derivative
15 | works," calls for a legal conclusion. Larian also objects that this request calls for the
16 | disclosure of information protected by the attorney-client privilege, the work-product
17 | doctrine, the joint defense privilege and/or the common interest privilege. Larian
18 | further objects to the term "THE BRATZ PITCH MATERIALS" as vague and
19 | ambiguous.
20 |     Subject to, and without waiving, the foregoing objections, Larian
21 | responds: Larian denies the request and specifically denies that he did not believe at
22 | the time MGA entered into its agreement with Bryant (and at all times thereafter)
23 | that he and MGA would have the lawful right to fully exploit the drawings created
24 | and presented by Bryant prior to the execution of MGA's agreement with Bryant.
25 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**
26 |     In addition to the above General Objections, each of which is
27 | incorporated by reference as though fully set forth herein, Larian also objects to this
28 | request on the grounds that this request, in using the phrase "prepare derivative

EXHIBIT 47 PAGE 6/0

1 works," calls for a legal conclusion. Larian also objects that this request calls for the

2 disclosure of information protected by the attorney-client privilege, the work-product

3 doctrine, the joint defense privilege and/or the common interest privilege. Larian

4 further objects to the term "THE BRATZ PITCH MATERIALS" as vague and

5 ambiguous.

6         Subject to, and without waiving, the foregoing objections, Larian

7 responds: Larian denies the request and specifically denies that he does not contend

8 he believed at the time MGA entered into its agreement with Bryant (and at all times

9 thereafter) that he and MGA would have the lawful right to fully exploit the

10 drawings created and presented by Bryant prior to the execution of MGA's

11 agreement with Bryant.

12 **REQUEST FOR ADMISSION NO. 25:**

13         Admit that YOU believed at the time MGA entered into the

14 BRYANT/MGA AGREEMENT that it may not be lawful for YOU to prepare

15 derivative works from THE BRATZ PITCH MATERIALS.

16 **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

17         In addition to the above General Objections, each of which is

18 incorporated by reference as though fully set forth herein, Larian also objects to this

19 request on the grounds that this request, in using the phrase "prepare derivative

20 works," calls for a legal conclusion. Larian also objects that this request calls for the

21 disclosure of information protected by the attorney-client privilege, the work-product

22 doctrine, the joint defense privilege and/or the common interest privilege. Larian

23 further objects to the term "THE BRATZ PITCH MATERIALS" as vague and

24 ambiguous.

25         Subject to, and without waiving, the foregoing objections, Larian

26 responds: Larian denies the request and specifically denies that he believed at the

27 time MGA entered into its agreement with Bryant (and at all times thereafter) that he

28 or MGA would not have the lawful right to fully exploit the drawings created and

EXHIBIT 27 PAGE 641

1  presented by Bryant prior to the execution' of MGA's agreement with Bryant.

2  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

3  In addition to the above General Objections, each of which is

4  incorporated by reference as though fully set forth herein, Larian also objects to this

5  request on the grounds that this request, in using the phrase "prepare derivative

6  works," calls for a legal conclusion.  Larian also objects that this request calls for the

7  disclosure of information protected by the attorney-client privilege, the work-product

8  doctrine, the joint defense privilege and/or the common interest privilege.  Larian

9  further objects to the term "THE BRATZ PITCH MATERIALS" as vague and

10  ambiguous.

11  Subject to, and without waiving the foregoing objections, Larian

12  responds:  Larian denies the request and specifically denies that he believed at the

13  time MGA entered into its agreement with Bryant (and at all times thereafter) that he

14  or MGA would not have the lawful right to fully exploit the drawings created and

15  presented by Bryant prior to the execution of MGA's agreement with Bryant.

16  **REQUEST FOR ADMISSION NO. 26:**

17  Admit that YOU CONTEND YOU believed at the time MGA entered

18  into the BRYANT/MGA AGREEMENT that entering into the BRYANT/MGA

19  AGREEMENT would not subject YOU or MGA to legal liability.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

21  In addition to the above General Objections, each of which is

22  incorporated by reference as though fully set forth herein, Larian also objects to this

23  request on the grounds that this request calls for a legal conclusion.  Larian also

24  objects that this request calls for the disclosure of information protected by the

25  attorney-client privilege, the work-product doctrine, the joint defense privilege

26  and/or the common interest privilege.

27  Subject to, and without waiving the foregoing objections, Larian

28  responds: Admit.

27

EXHIBIT _<17_ PAGE _642_

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that this request calls for a legal conclusion. Larian also objects that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege.

Subject to, and without waiving, the foregoing objections, Larian responds: Admit.

**REQUEST FOR ADMISSION NO. 27:**

Admit that YOU believed at the time MGA entered into the BRYANT/MGA AGREEMENT that entering into the BRYANT/MGA AGREEMENT could subject YOU or MGA to legal liability.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that this request calls for a legal conclusion. Larian also objects that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege.

Subject to, and without waiving, the foregoing objections, Larian responds: Deny.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that this request calls for a legal conclusion. Larian also objects that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege

28

1  and/or the common interest privilege.

2  Subject to, and without waiving, the foregoing objections, Larian

3  responds: Deny.

4  **REQUEST FOR ADMISSION NO. 28:**

5  Admit that YOU CONTEND that no one told YOU when or before

6  MGA entered into the BRYANT/MGA AGREEMENT that entering into the

7  BRYANT/MGA AGREEMENT could or might subject YOU or MGA to legal

8  liability.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

10  In addition to the above General Objections, each of which is

11  incorporated by reference as though fully set forth herein, Larian also objects to this

12  request on the grounds that this request calls for a legal conclusion. Larian also

13  objects to the extent that this request calls for the disclosure of information protected

14  by the attorney-client privilege, the work-product doctrine, the joint defense

15  privilege and/or the common interest privilege, and specifically excludes any such

16  information from his response. Larian further objects that this request is compound.

17  Larian further objects that the phrase "could or might" in this context is vague and

18  ambiguous.

19  Subject to, and without waiving,, the foregoing objections, Larian

20  responds: Admit.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

22  In addition to the above General Objections, each of which is

23  incorporated by reference as though fully set forth herein, Larian also objects to this

24  request on the grounds that this request calls for a legal conclusion. Larian also

25  objects to the extent that this request calls for the disclosure of information protected

26  by the attorney-client privilege, the work-product doctrine, the joint defense

27  privilege and/or the common interest privilege, and specifically excludes any such

28  information from his response. Larian further objects that this request is compound.

29

1 Larian further objects that the phrase "could or might" in this context is vague and
2 ambiguous.

3         Subject to, and without waiving, the foregoing objections, Larian
4 responds: Admit.

5 **REQUEST FOR ADMISSION NO. 29:**

6         Admit that at least one person told YOU when or before MGA entered
7 into the BRYANT/MGA AGREEMENT that entering into the BRYANT/MGA
8 AGREEMENT could or might subject YOU or MGA to legal liability.

9 **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

10         In addition to the above General Objections, each of which is
11 incorporated by reference as though fully set forth herein, Larian also objects to this
12 request on the grounds that this request calls for a legal conclusion. Larian also
13 objects to the extent that this request calls for the disclosure of information protected
14 by the attorney-client privilege, the work-product doctrine, the joint defense
15 privilege and/or the common interest privilege, and specifically excludes any such
16 information from his response. Larian further objects that this request is compound.
17 Larian further objects that the phrase "could or might" in this context is vague and
18 ambiguous.

19         Subject to, and without waiving, the foregoing objections, Larian
20 responds:

21         Deny.

22 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

23         In addition to the above General Objections, each of which is
24 incorporated by reference as though fully set forth herein, Larian also objects to this
25 request on the grounds that this request calls for a legal conclusion. Larian also
26 objects to the extent that this request calls for the disclosure of information protected
27 by the attorney-client privilege., the work-product doctrine, the joint defense
28 privilege and/or the common interest privilege, and specifically excludes any such

1  information from his response.  Larian further objects that this request is compound.

2  Larian further objects that the phrase "could or might" in this context is vague and

3  ambiguous.

4          Subject to, and without waiving, the foregoing objections, Larian

5  responds:  Deny.

6  **REQUEST FOR ADMISSION NO. 30:**

7          Admit that YOU CONTEND YOU believed at the time MGA entered

8  into the BRYANT/MGA AGREEMENT that BRYANT did not CREATE OR

9  IMPROVE any of THE BRATZ PITCH MATERIALS while employed by

10  MATTEL.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

12          In addition to the above General Objections, each of which is

13  incorporated by reference as though fully set forth herein, Larian also objects to this

14  request on the grounds that the terms "CREATE OR IMPROVE" and "THE BRATZ

15  PITCH MATERIALS" are vague and ambiguous.  Larian further objects to this

16  Request on the grounds that the request, in using the phrase "create," calls for a legal

17  conclusion.

18          Subject to, and without waiving, the foregoing objections, Larian

19  responds: Admit.

20  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

21          In addition to the above General Objections, each of which is

22  incorporated by reference as though fully set forth herein, Larian also objects to this

23  request on the grounds that the terms "CREATE OR IMPROVE" and "THE BRATZ

24  PITCH MATERIALS" are vague and ambiguous.  Larian further objects to this

25  Request on the grounds that the request, in using the phrase "create," calls for a legal

26  conclusion.

27          Subject to, and without waiving, the foregoing objections, Larian

28  responds: Admit.

LARIAN'S 2d SUPP. RESPONSES TO MATTEL, INC'S 1st SET OF REQ. FOR ADMISSION        NO. CV 04-9049 SGL (RNBx)

EXHIBIT 47 PAGE 646

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU do not CONTEND YOU believed at the time MGA entered into the BRYANT/MGA AGREEMENT that BRYANT did not CREATE OR IMPROVE any of THE BRATZ PITCH MATERIALS while employed by MATTEL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that the terms "CREATE OR IMPROVE" and "THE BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to this Request on the grounds that, in using the phrase "create," it calls for a legal conclusion.

Subject to, and without waiving, the foregoing objections, Larian responds: Deny.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that the terms "CREATE OR IMPROVE" and "THE BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to this Request on the grounds that, in using the phrase "create," it calls for a legal conclusion.

Subject to, and without waiving, the foregoing objections, Larian responds: Deny.

**REQUEST FOR ADMISSION NO. 32:**

Admit that BRYANT CREATED OR IMPROVED at least one of THE BRATZ PITCH MATERIALS while employed by MATTEL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

In addition to the above General Objections, each of which is

32

1 | incorporated by reference as though fully set forth herein, Larian also objects to this
2 | request on the grounds that the terms "CREATED OR IMPROVED" and "THE
3 | BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to
4 | this Request on the grounds that, in using the phrase "created," it calls for a legal
5 | conclusion. Larian also objects to this request on the grounds that it seeks Larian to
6 | admits facts not within its percipient knowledge but based solely on the same
7 | information available to Mattel.

8 |          Subject to, and without waiving, the foregoing objections, Larian
9 | responds: Larian admits that Bryant testified at deposition that he applied color to
10 | some tracings of drawings created in 1998 and drew outfits of formal wear (that were
11 | ultimately not used) in 2000 prior to his pitch. Larian also admits that Bryant further
12 | testified that he put together a dummy for his pitch but denies that the dummy was
13 | intended to be, or was, a depiction of anything that was, or was intended to be, a
14 | representation of "Bratz." Larian denies the remainder of this request and
15 | specifically denies that Bryant "created" "Bratz" while employed by Mattel.

16 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

17 |          In addition to the above General Objections, each of which is
18 | incorporated by reference as though fully set forth herein, Larian also objects to this
19 | request on the grounds that the terms "CREATED OR IMPROVED" and "THE
20 | BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to
21 | this Request on the grounds that, in using the phrase "created," it calls for a legal
22 | conclusion. Larian also objects to this request on the grounds that it seeks Larian to
23 | admits facts not within its percipient knowledge but based solely on the same
24 | information available to Mattel.

25 |          Subject to, and without waiving, the foregoing objections, Larian
26 | responds: Larian denies that Bryant created "Bratz" while employed by Mattel.
27 | Larian admits that Bryant testified at deposition that he applied color to some
28 | tracings of drawings created in 1998 that he used in his pitch, and drew outfits of

33

セグ

1  formal wear (that were ultimately not used) in 2000 prior to his pitch.

2  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**

3  **NO. 32:**

4        In addition to the above General Objections, each of which is

5  incorporated by reference as though fully set forth herein, Larian also objects to this

6  request on the grounds that the terms "CREATED OR IMPROVED" and "THE

7  BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to

8  this Request on the grounds that, in using the phrase "created," it calls for a legal

9  conclusion. Larian also objects to this request on the grounds that it seeks Larian to

10  admits facts not within its percipient knowledge but based solely on the same

11  information available to Mattel.

12        Subject to, and without waiving, the foregoing objections, Larian

13  responds to this request as follows: DENIED.

14        Bryant admitted in his response to Request No. 27 of Mattel's Fifth Set

15  of Requests for Admission served on Bryant that: (1) in the spring or summer of

16  1999, he traced Bratz sketches that had been created by him in 1998, and colored

17  such tracings, and (2) between January 1, 2000 and October 20, 2000, he traced

18  sketches of Bratz created by him in 1998, and colored such tracings and drew a few

19  outfits of formal wear. Larian is presently unaware of any facts that would

20  contradict Bryant's admissions. Larian reserves the right to supplement or modify

21  this response based on any facts or evidence that may emerge during the discovery

22  process.

23        Larian denies that such activity by Bryant constitutes the creation or

24  improvement of THE BRATZ PITCH MATERIALS as that term is defined by

25  Mattel.

26  **REQUEST FOR ADMISSION NO. 33:**

27        Admit that BRYANT CREATED OR IMPROVED more than one of

28  THE BRATZ PITCH MATERIALS while employed by MATTEL.

34

EXHIBIT ____ PAGE ____

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that the terms "CREATED OR IMPROVED" and "THE BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to this Request on the grounds that, in using the phrase "created," it calls for a legal conclusion. Larian also objects to this request on the grounds that it seeks Larian to admits facts not within its percipient knowledge but based solely on the same information available to Mattel.

Subject to, and without waiving, the foregoing objections, Larian responds: Larian admits that Bryant testified at deposition that he applied color to some tracings of drawings created in 1998, and drew outfits of formal wear (that were ultimately not used) in 2000 prior to his pitch. Larian also admits that Bryant further testified that he put together a dummy for his pitch but denies that the dummy was intended to be, or was, a depiction of anything that was, or was intended to be, a representation of "Bratz." Larian denies the remainder of this request and specifically denies that Bryant "created" "Bratz" while employed by Mattel.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that the terms "CREATED OR IMPROVED" and "THE BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to this Request on the grounds that, in using the phrase "created," it calls for a legal conclusion. Larian also objects to this request on the grounds that it seeks Larian to admits facts not within its percipient knowledge but based solely on the same information available to Mattel.

Subject to, and without waiving, the foregoing objections, Larian responds: Larian denies that Bryant created "Bratz" while employed by Mattel.

35

1  Larian admits that Bryant testified at deposition that he applied color to some

2  tracings of drawings created in 1998 that he used in his pitch, and drew outfits of

3  formal wear (that were ultimately not used) in 2000 prior to his pitch.

4  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**

5  **NO. 33:**

6       In addition to the above General Objections, each of which is

7  incorporated by reference as though fully set forth herein, Larian also objects to this

8  request on the grounds that the terms "CREATED OR IMPROVED" and "THE

9  BRATZ PITCH MATERIALS" are vague and ambiguous.  Larian further objects to

10 this Request on the grounds that, in using the phrase "created," it calls for a legal

11 conclusion.  Larian also objects to this request on the grounds that it seeks Larian to

12 admits facts not within its percipient knowledge but based solely on the same

13 information available to Mattel.

14       Subject to, and without waiving, the foregoing objections, Larian

15 responds to this request as follows: DENIED.

16       Bryant admitted in his response to Request No. 28 of Mattel's Fifth Set

17 of Requests for Admission served on Bryant that: (1) in the spring or summer of

18 1999, he traced Bratz sketches that had been created by him in 1998, and colored

19 such tracings, and (2) between January 1, 2000 and October 20, 2000, he traced

20 sketches of Bratz created by him in 1998, and colored such tracings and drew a few

21 outfits of formal wear.  Larian is presently unaware of any facts that would

22 contradict Bryant's admissions.  Larian reserves the right to supplement or modify

23 this response based on any facts or evidence that may emerge during the discovery

24 process.

25       Larian denies that such activity by Bryant constitutes the creation or

26 improvement of THE BRATZ PITCH MATERIALS as that term is defined by

27 Mattel.

28

EXHIBIT ___ PAGE ___

**REQUEST FOR ADMISSION NO. 34:**

Admit that BRYANT CREATED OR IMPROVED all of THE BRATZ PITCH MATERIALS while employed by MATTEL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that the terms "CREATED OR IMPROVED" and "THE BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to this Request on the grounds that, in using the phrase "created," it calls for a legal conclusion. Larian also objects to this request on the grounds that it seeks Larian to admits facts not within its percipient knowledge but based solely on the same information available to Mattel.

Subject to, and without waiving, the foregoing objections, Larian responds: Deny.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that the terms "CREATED OR IMPROVED" and "THE BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to this Request on the grounds that, in using the phrase "created," it calls for a legal conclusion. Larian also objects to this request on the grounds that it seeks Larian to admits facts not within its percipient knowledge but based solely on the same information available to Mattel.

Subject to, and without waiving, the foregoing objections, Larian responds: Deny.

**REQUEST FOR ADMISSION NO. 35:**

Admit that YOU CONTEND that at the time MGA entered into the BRYANT/MGA AGREEMENT, YOU had no reason to believe that BRYANT

37

EXHIBIT 17 PAGE 652

1  CREATED OR IMPROVED any of THE BRATZ PITCH MATERIALS while

2  employed by MATTEL.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

4           In addition to the above General Objections, each of which is

5  incorporated by reference as though fully set forth herein, Larian also objects to this

6  request on the grounds that the terms "CREATED OR IMPROVED," "THE BRATZ

7  PITCH MATERIALS" and "no reason to believe" are vague and ambiguous.  Larian

8  further objects on the grounds that the Request's use of the phrase "no reason to

9  believe" requires a statement of opinion rather than an admission of fact.  Larian

10  further objects to this Request on the grounds that, in using the phrase "created," it

11  calls for a legal conclusion.

12           Subject to, and without waiving, the foregoing objections, Larian

13  responds: Larian admits that he did not believe or believe he had reason to believe

14  that BRYANT created or improved any of THE BRATZ PITCH MATERIALS

15  while employed by MATTEL.

16  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

17           In addition to the above General Objections, each of which is

18  incorporated by reference as though fully set forth herein, Larian also objects to this

19  request on the grounds that the terms "CREATED OR IMPROVED," "THE BRATZ

20  PITCH MATERIALS'" and "no reason to believe'" are vague and ambiguous.

21  Larian further objects on the grounds that the Request's use of the phrase "no reason

22  to believe" requires a statement of opinion rather than an admission of fact.  Larian

23  further objects to this Request on the grounds that, in using the phrase "created," it

24  calls for a legal conclusion.

25           Subject to, and without waiving, the foregoing objections, Larian

26  responds: Larian admits that he contends he did not believe or believe he had reason

27  to believe that BRYANT created or improved any of THE BRATZ PITCH

28  MATERIALS while employed by MATTEL.

EXHIBIT 47  PAGE 653

**REQUEST FOR ADMISSION NO. 36:**

Admit that YOU do not CONTEND that at the time MGA entered into the BRYANT/MGA AGREEMENT, YOU had no reason to believe that BRYANT CREATED OR IMPROVED any of THE BRATZ PITCH MATERIALS while employed by MATTEL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that the terms "CREATED OR IMPROVED," "THE BRATZ PITCH MATERIALS" and "no reason to believe" are vague and ambiguous. Larian further objects on the grounds that the Request's use of the phrase "no reason to believe" requires a statement of opinion rather than an admission of fact. Larian further objects to this Request on the grounds that, in using the phrase "created," it calls for a legal conclusion. Larian further objects to this Request because, as phrased, it is nearly unintelligible

Subject to, and without waiving, the foregoing objections, Larian responds: Larian denies the request and specifically denies that he believed or believed he had reason to believe that BRYANT created or improved any of THE BRATZ PITCH MATERIALS while employed by MATTEL.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that the terms "CREATED OR IMPROVED," "THE BRATZ PITCH MATERIALS" and "no reason to believe" are vague and ambiguous. Larian further objects on the grounds that the Request's use of the phrase "no reason to believe" requires a statement of opinion rather than an admission of fact. Larian further objects to this Request on the grounds that, in using the phrase "created," it calls for a legal conclusion. Larian further objects to this Request because, as

39

EXHIBIT _21_ PAGE _251_

1 phrased, it is nearly unintelligible.

2 Subject to and without waiving, the foregoing objections, Larian

3 responds: Larian denies the request and specifically denies that he does not contend

4 he did not believe or believe he had reason to believe that BRYANT created or

5 improved any of THE BRATZ PITCH MATERIALS while employed by MATTEL.

6 **REQUEST FOR ADMISSION NO. 37:**

7 Admit that at the time MGA entered into the BRYANT/MGA

8 AGREEMENT, YOU knew or had reason to believe that BRYANT CREATED OR

9 IMPROVED at least one of THE BRATZ PITCH MATERIALS while employed by

10 MATTEL.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

12 In addition to the above General Objections, each of which is

13 incorporated by reference as though fully set forth herein, Larian also objects to this

14 request on the grounds that the terms "CREATED OR IMPROVED," "THE BRATZ

15 PITCH MATERIALS" and "reason to believe" are vague and ambiguous. Larian

16 further objects to this Request on the grounds that, in using the phrase "created," it

17 calls for a legal conclusion. Larian further objects that this request is compound.

18 Larian further objects on the grounds that the Request's use of the phrase "reason to

19 believe" requires a statement of opinion rather than an admission of fact.

20 Subject to, and without waiving, the foregoing objections, Larian

21 responds: Deny.

22 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

23 In addition to the above General Objections, each of which is

24 incorporated by reference as though fully set forth herein, Larian also objects to this

25 request on the grounds that the terms "CREATED OR IMPROVED," "THE BRATZ

26 PITCH MATERIALS" and "reason to believe" are vague and ambiguous. Larian

27 further objects to this Request on the grounds that, in using the phrase "created," it

28 calls for a legal conclusion. Larian further objects that this request is compound.

LARIAN'S 2d SUPP. RESPONSES TO MATTEL, INC'S 1st SET OF REQ. FOR ADMISSION      NO. CV 04-9049 SGL (RNBx)

EXHIBIT 41 PAGE 655

1 Larian further objects on the grounds that the Request's use of the phrase "reason to

2 believe" requires a statement of opinion rather than an admission of fact.

3          Subject to, and without waiving, the foregoing objections, Larian

4 responds: Deny.

5 **REQUEST FOR ADMISSION NO. 38:**

6          Admit that at the time MGA entered into the BRYANT/MGA

7 AGREEMENT, YOU knew or had reason to believe that BRYANT CREATED OR

8 IMPROVED more than one of THE BRATZ PITCH MATERIALS while employed

9 by MATTEL.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

11          In addition to the above General Objections, each of which is

12 incorporated by reference as though fully set forth herein, Larian also objects to this

13 request on the grounds that the terms "CREATED OR IMPROVED," "THE BRATZ

14 PITCH MATERIALS" and "reason to believe" are vague and ambiguous. Larian

15 further objects to this Request on the grounds that, in using the phrase "created," it

16 calls for a legal conclusion. Larian further objects that this request is compound.

17 Larian further objects on the grounds that the Request's use of the phrase "reason to

18 believe" requires a statement of opinion rather than an admission of fact.

19          Subject to, and without waiving, the foregoing objections, Larian

20 responds: Deny.

21 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

22          In addition to the above General Objections, each of which is

23 incorporated by reference as though fully set forth herein, Larian also objects to this

24 request on the grounds that the terms "CREATED OR IMPROVED," "THE BRATZ

25 PITCH MATERIALS" and "reason to believe" are vague and ambiguous. Larian

26 further objects to this Request on the grounds that, in using the phrase "created," it

27 calls for a legal conclusion. Larian further objects that this request is compound.

28 Larian further objects on the grounds that the Request's use of the phrase "reason to

41

EXHIBIT _4/2_ PAGE _050_

1 believe" requires a statement of opinion rather than an admission of fact.

2      Subject to, and without waiving, the foregoing objections, Larian

3 responds: Deny.

4 **REQUEST FOR ADMISSION NO. 39:**

5      Admit that at the time MGA entered into the BRYANT/MGA

6 AGREEMENT, YOU knew or had reason to believe that BRYANT CREATED OR

7 IMPROVED all of THE BRATZ PITCH MATERIALS while employed by

8 MATTEL.

9 **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

10      In addition to the above General Objections, each of which is

11 incorporated by reference as though fully set forth herein, Larian also objects to this

12 request on the grounds that the terms "CREATED OR IMPROVED" and "THE

13 BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to

14 this Request on the grounds that, in using the phrase "created," it calls for a legal

15 conclusion. Larian further objects that this request is compound. Larian further

16 objects on the grounds that the Request's use of the phrase "reason to believe"

17 requires a statement of opinion rather than an admission of fact.

18      Subject to, and without waiving, the foregoing objections, Larian

19 responds. Deny.

20 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

21      In addition to the above General Objections, each of which is

22 incorporated by j reference as though fully set forth herein, Larian also objects to this

23 request on the grounds that the terms "CREATED OR IMPROVED" and "THE

24 BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to

25 this Request on the grounds that, in using the phrase "created," it calls for a legal

26 conclusion. Larian further objects that this request is compound. Larian further

27 objects on the grounds that the Request's use of the phrase "reason to believe"

28 requires a statement of opinion rather than an admission of fact.

LARIAN'S 2d SUPP. RESPONSES TO MATTEL, INC'S 1st SET OF REQ. FOR ADMISSION    NO. CV 04-9049 SGL (RNBx)

EXHIBIT 47 PAGE 652

1        Subject to, and without waiving, the foregoing objections, Larian

2   responds: Deny.

3   **REQUEST FOR ADMISSION NO. 40:**

4        Admit that YOU deny YOU willfully infringed any copyrights in

5   BRATZ WORKS.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

7        In addition to the above General Objections, each of which is

8   incorporated by reference as though fully set forth herein, Larian also objects to this

9   request on the grounds that this request calls for a legal conclusion. Larian also

10  objects that this request calls for the disclosure of information protected by the

11  attorney-client privilege, the work-product doctrine, the joint defense privilege

12  and/or the common interest privilege. Larian also objects that to the term "BRATZ

13  WORKS" as vague and ambiguous. Larian furthers objects that this request is

14  nonsensical as phrased.

15       Subject to, and without waiving, the foregoing objections, Larian

16  responds: Admit.

17  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

18       In addition to the above General Objections, each of which is

19  incorporated by reference as though filly set forth herein, Larian also objects to this

20  request on the grounds that this request calls for a legal conclusion. Larian also

21  objects that this request calls for the disclosure of information protected by the

22  attorney-client privilege, the work-product doctrine, the joint defense privilege

23  and/or the common interest privilege. Larian also objects that to the term "BRATZ

24  WORKS" as vague and ambiguous. Larian furthers objects that this request is

25  nonsensical as phrased.

26       Subject to, and without waiving, the foregoing objections, Larian

27  responds: Admit.

28

LARIAN'S 2d SUPP. RESPONSES TO MATTEL, INC'S 1st SET OF REQ. FOR ADMISSION    NO. CV 04-9049 SGL (RNBx)

EXHIBIT 47 PAGE 658