**REQUEST FOR ADMISSION NO. 41:**

Admit that YOU deny YOU willfully infringed any copyrights MATTEL claims it owns in BRATZ WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that this request calls for a legal conclusion. Larian also objects that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege. Larian also objects that to the term "BRATZ WORKS" as vague and ambiguous. Larian furthers objects that this request is nonsensical as phrased.

Subject to, and without waiving, the foregoing objections, Larian responds: Admit.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that this request calls for a legal conclusion. Larian also objects that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege. Larian also objects that to the term "BRATZ WORKS" as vague and ambiguous. Larian furthers objects that this request is nonsensical as phrased.

Subject to, and without waiving, the foregoing objections, Larian responds: Admit.

**REQUEST FOR ADMISSION NO. 42:**

Admit that YOU did not suspect MATTEL owned any of THE BRATZ PITCH MATERIALS when or before MGA entered into the BRYANT/MGA

44

EXHIBIT 47 PAGE 659

1  AGREEMENT.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

3       In addition to the above General Objections, each of which is

4  incorporated by reference as though fully set forth herein, Larian also objects to this

5  request on the grounds that the terms "suspect" and "THE BRATZ PITCH

6  MATERIALS" are vague and ambiguous.  Larian further objects that this request is

7  compound.

8       Subject to, and without waiving, the foregoing objections, Larian

9  responds: Larian admits that, based on the information provided to him, he did not

10  believe that Mattel owned any of the materials Carter Bryant presented to MGA, but

11  nonetheless took steps to confirm the timing of Mr. Bryant's work prior to executing

12  the agreement, as testified to at his deposition.  Indeed, to this day, Larian does not

13  "suspect" or believe that Mattel owns any rights to "Bratz."

14  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

15       In addition to the above General Objections, each of which is

16  incorporated by reference as though fully set forth herein, Larian also objects to this

17  request on the grounds that the terms "suspect" and "THE BRATZ PITCH

18  MATERIALS" are vague and ambiguous.  Larian further objects that this request is

19  compound.

20       Subject to, and without waiving, the foregoing objections, Larian

21  responds: Admit. Based on the information provided to him, Larian did not believe

22  that Mattel owned any of the materials Carter Bryant presented to MGA, but

23  nonetheless took steps to confirm the tuning of Mr. Bryant's work prior to executing

24  the agreement, as he testified to at his deposition.  Indeed, to this day Larian does not

25  "suspect" or believe that Mattel owns any rights to "Bratz."

26  **REQUEST FOR ADMISSION NO. 43:**

27       Admit that YOU suspected MATTEL owned at least one of THE

28  BRATZ PITCH MATERIALS when or before MGA entered into the

EXHIBIT 47 PAGE 660

1  BRYANT/MGA AGREEMENT.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

3             In addition to the above General Objections, each of which is

4  incorporated by reference as though fully set forth herein, Larian also objects to this

5  request on the grounds that the terms "THE BRATZ PITCH MATERIALS" and

6  "suspected" are vague and ambiguous.  Larian further objects that this request is

7  compound.

8             Subject to, and without waiving, the foregoing objections, Larian

9  responds: Deny.

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

11             In addition to the above General Objections, each of which is

12  incorporated by reference as though fully set forth herein, Larian also objects to this

13  request on the grounds that the terms "THE BRATZ PITCH MATERIALS" and

14  "suspected" are vague and ambiguous.  Larian further objects that this request is

15  compound.

16             Subject to, and without waiving, the foregoing objections, Larian

17  responds: Deny.

18  **REQUEST FOR ADMISSION NO. 44:**

19             Admit that YOU suspected MATTEL owned more than one of THE

20  BRATZ PITCH MATERIALS when or before MGA entered into the

21  BRYANT/MGA AGREEMENT.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

23             In addition to the above General Objections, each of which is

24  incorporated by reference as though fully set forth herein, Larian also objects to this

25  request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague

26  and ambiguous.  Larian further objects that this request is compound.

27             Subject to, and without waiving, the foregoing objections, Larian

28  responds:  Deny.

EXHIBIT _47_ PAGE _646_

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague and ambiguous. Larian further objects that this request is compound.

Subject to, and without waiving, the foregoing objections, Larian responds: Deny.

**REQUEST FOR ADMISSION NO. 45:**

Admit that YOU CONTEND that no one told YOU that any of THE BRATZ PITCH MATERIALS belonged to, or could or might belong to, MATTEL when or before MGA entered into the BRYANT/MGA AGREEMENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects that this request calls for a legal conclusion. Larian also objects to the extent that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege, and specifically excludes any such information from his response. Larian further objects to this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague and ambiguous. Larian further objects that this request is compound.

Subject to, and without waiving, the foregoing objections, Larian responds: Admit.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects that this request calls for a legal conclusion. Larian also objects to the extent that this request calls for the disclosure of information protected by the attorney-client

47

1  privilege, the work-product doctrine, the joint defense privilege and/or the common
2  interest privilege, and specifically excludes any such information from his response.
3  Larian further objects to this request on the grounds that the term "THE BRATZ
4  PITCH MATERIALS" is vague and ambiguous. Larian further objects that this
5  request is compound.

6          Subject to, and without waiving, the foregoing objections, Larian
7  responds: Admit.

8  **REQUEST FOR ADMISSION NO. 46:**

9          Admit that YOU do not CONTEND that no one told YOU that any of
10 THE BRATZ PITCH MATERIALS belonged to, or could or might belong to,
11 MATTEL when or before MGA entered into the BRYANT/MGA AGREEMENT.

12 **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

13         In addition to the above General Objections, each of which is
14 incorporated by reference as though fully set forth herein, Larian also objects that
15 this request calls for a legal conclusion. Larian also objects to the extent that this
16 request calls for the disclosure of information protected by the attorney-client
17 privilege, the work-product doctrine, the joint defense privilege and/or the common
18 interest privilege, and specifically excludes any such information from his response.
19 Larian further objects to this request on the grounds that the term "THE BRATZ
20 PITCH MATERIALS" is vague and ambiguous. Larian further objects that this
21 request is compound.

22         Subject to, and without waiving, the foregoing objections, Larian
23 responds: Deny.

24 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

25         In addition to the above General Objections, each of which is
26 incorporated by reference as though fully set forth herein, Larian also objects that
27 this request calls for a legal conclusion. Larian also objects to the extent that this
28 request calls for the disclosure of information protected by the attorney-client

EXHIBIT 47 PAGE 663

1  privilege, the work-product doctrine, the joint defense privilege and/or the common

2  interest privilege, and specifically excludes any such information from his response.

3  Larian further objects to this request on the grounds that the term "THE BRATZ

4  PITCH MATERIALS" is vague and ambiguous.  Larian further objects that this

5  request is compound.

6        Subject to, and without waiving, the foregoing objections, Larian

7  responds:  Deny.

8  **REQUEST FOR ADMISSION NO. 47:**

9        Admit that at least one person told YOU that at least one of THE

10  BRATZ PITCH MATERIALS belonged to, or could or might belong to, MATTEL

11  when or before MGA entered into the BRYANT/MGA AGREEMENT.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

13        In addition to the above General Objections, each of which is

14  incorporated by reference as though fully set forth herein, Larian also objects that

15  this request calls for a legal conclusion.  Larian also objects to the extent that this

16  request calls for the disclosure of information protected by the attorney-client

17  privilege, the work-product doctrine, the joint defense privilege and/or the common

18  interest privilege, and specifically excludes any such information from his response.

19  Larian further objects to this request on the grounds that the term "THE BRATZ

20  PITCH MATERIALS" is vague and ambiguous.  Larian further objects that this

21  request is compound.

22        Subject to, and without waiving, the foregoing objections, Larian

23  responds:  Deny.

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

25        In addition to the above General Objections, each of which is

26  incorporated by reference as though fully set forth herein, Larian also objects that

27  this request calls for a legal conclusion.  Larian also objects to the extent that this

28  request calls for the disclosure of information protected by the attorney-client

49

1  privilege, the work-product doctrine, the joint defense privilege and/or the common

2  interest privilege, and specifically excludes any such information from his response.

3  Larian further objects to this request on the grounds that the term "THE BRATZ

4  PITCH MATERIALS" is vague and ambiguous. Larian further objects that this

5  request is compound.

6         Subject to, and without waiving, the foregoing objections, Larian

7  responds: Deny.

8  **REQUEST FOR ADMISSION NO. 48:**

9         Admit that YOU CONTEND that no one told YOU that BRYANT

10  CREATED OR IMPROVED any BRATZ WORK while employed by MATTEL

11  when or before MGA entered into the BRYANT/MGA AGREEMENT.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

13         In addition to the above General Objections, each of which is

14  incorporated by reference as though fully set forth herein, Larian also objects that

15  this request calls for a legal conclusion. Larian also objects to the extent that this

16  request calls for the disclosure of information protected by the attorney-client

17  privilege, the work-product doctrine, the joint defense privilege and/or the common

18  interest privilege, and specifically excludes any such information from his response.

19  Larian further objects to this request on the grounds that the terms "CREATED OR

20  IMPROVED" and "BRATZ WORK" are vague and ambiguous. Larian further

21  objects to this Request on the grounds that, in using the phrase "created," it calls for a

22  legal conclusion. Larian further objects that this request is compound.

23         Subject to, and without waiving, the foregoing objections, Larian

24  responds: Admit.

25  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

26         In addition to the above General Objections, each of which is

27  incorporated by reference as though fully set forth herein. Larian also objects that

28  this request calls for a legal conclusion. Larian also objects to the extent that this

EXHIBIT 47 PAGE 665

1  request calls for the disclosure of information protected by the attorney-client
2  privilege, the work-product doctrine, the joint defense privilege and/or the common
3  interest privilege, and specifically excludes any such information from his response.
4  Larian further objects to this request on the grounds that the terms "CREATED OR
5  IMPROVED" and "BRATZ WORK" are vague and ambiguous. Larian further
6  objects to this Request on the grounds that, in using the phrase "created," it calls for a
7  legal conclusion. Larian further objects that this request is compound.

8  Subject to, and without waiving, the foregoing objections, Larian
9  responds: Admit.

10 **REQUEST FOR ADMISSION NO. 49:**

11  Admit that YOU do not CONTEND that no one told YOU that
12  BRYANT CREATED OR IMPROVED any BRATZ WORK while employed by
13  MATTEL when or before MGA entered into the BRYANT/MGA AGREEMENT.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

15  In addition to the above General Objections, each of which is
16  incorporated by reference as though fully set forth herein, Larian also objects that
17  this request calls for a legal conclusion. Larian also objects to the extent that this
18  request calls for the disclosure of information protected by the attorney-client
19  privilege, the work-product doctrine, the joint defense privilege and/or the common
20  interest privilege, and specifically excludes any such information from his response.
21  Larian further objects to this request on the grounds that the terms "CREATED OR
22  IMPROVED" and "BRATZ WORK" are vague and ambiguous. Larian further
23  objects to this Request on the grounds that, in using the phrase "created," it calls for a
24  legal conclusion. Larian further objects that this request is compound.

25  Subject to, and without waiving, the foregoing objections, Larian
26  responds: Deny.

27 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

28  In addition to the above General Objections, each of which is

EXHIBIT ___ PAGE ___

1 incorporated by reference as though fully set forth herein, Larian also objects that
2 this request calls for a legal conclusion. Larian also objects to the extent that this
3 request calls for the disclosure of information protected by the attorney-client
4 privilege, the work-product doctrine, the joint defense privilege and/or the common
5 interest privilege, and specifically excludes any such information from his response.
6 Larian further objects to this request on the grounds that the terms "CREATED OR
7 IMPROVED" and "BRATZ WORK" are vague and ambiguous. Larian further
8 objects to this Request on the grounds that, in using the phrase "created," it calls for a
9 legal conclusion. Larian further objects that this request is compound.

10      Subject to, and without waiving, the foregoing objections., Larian
11 responds: Deny.

12 **REQUEST FOR ADMISSION NO. 50:**

13      Admit that at least one person told YOU that BRYANT CREATED OR
14 IMPROVED at least one BRATZ WORK while employed by MATTEL when or
15 before MGA entered into the BRYANT/MGA AGREEMENT.

16 **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

17      In addition to the above General Objections, each of which is
18 incorporated by reference as though fully set forth herein, Larian also objects that
19 this request calls for a legal conclusion. Larian also objects to the extent that this
20 request calls for the disclosure of information protected by the attorney-client
21 privilege, the work-product doctrine, the joint defense privilege and/or the common
22 interest privilege, and specifically excludes any such information from his response.
23 Larian further objects to this request on the grounds that the terms "CREATED OR
24 IMPROVED" and "BRATZ WORK" are vague and ambiguous. Larian further
25 objects that this request is compound. Larian further objects to this Request on the
26 grounds that, in using the phrase "created," it calls for a legal conclusion.

27      Subject to, and without waiving, the foregoing objections, Larian
28 responds: Deny.

EXHIBIT _4-7_ PAGE _667_

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects that this request calls for a legal conclusion. Larian also objects to the extent that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege, and specifically excludes any such information from his response. Larian further objects to this request on the grounds that the terms "CREATED OR IMPROVED" and "BRATZ WORK" are vague and ambiguous. Larian further objects that this request is compound. Larian further objects to this Request on the grounds that, in using the phrase "created," it calls for a legal conclusion.

Subject to, and without waiving, the foregoing objections, Larian responds: Deny.

**REQUEST FOR ADMISSION NO. 51:**

Admit that YOU CONTEND that YOU maintained a good faith belief that MATTEL did not have any rights to THE BRATZ PITCH MATERIALS when MGA entered into the BRYANT/MGA AGREEMENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague and ambiguous.

Subject to, and without waiving, the foregoing objections, Larian responds: Admit.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague

53

EXHIBIT 47 PAGE 608

1  and ambiguous.

2  Subject to, and without waiving, the foregoing objections, Larian

3  responds: Admit.

4  **REQUEST FOR ADMISSION NO. 52:**

5  Admit that YOU do not CONTEND that YOU maintained a good faith

6  belief that MATTEL did not have any rights to THE BRATZ PITCH MATERIALS

7  when MGA entered into the BRYANT/MGA AGREEMENT.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

9  In addition to the above General Objections, each of which is

10  incorporated by reference as though fully set forth herein, Larian also objects to this

11  request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague

12  and ambiguous.

13  Subject to, and without waiving, the foregoing objections, Larian

14  responds: Deny.

15  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

16  In addition to the above General Objections, each of which is

17  incorporated by reference as though fully set forth herein, Larian also objects to this

18  request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague

19  and ambiguous.

20  Subject to, and without waiving, the foregoing objections, Larian

21  responds: Deny.

22  **REQUEST FOR ADMISSION NO. 53:**

23  Admit that YOU did not maintain a good faith belief that MATTEL did

24  not have any rights to any of THE BRATZ PITCH MATERIALS when MGA

25  entered into the BRYANT/MGA AGREEMENT.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

27  In addition to the above General Objections, each of which is

28  incorporated by reference as though fully set forth herein, Larian also objects to this

EXHIBIT 22 PAGE 1004

1  request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague
2  and ambiguous.

3          Subject to, and without waiving, the foregoing objections, Larian
4  responds: Deny.

5  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

6          In addition to the above General Objections, each of which is
7  incorporated by reference as though fully set forth herein, Larian also objects to this
8  request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague
9  and ambiguous.

10          Subject to, and without waiving, the foregoing objections, Larian
11 responds: Deny.

12 **REQUEST FOR ADMISSION NO. 54:**

13          Admit that BRYANT was the sole author of each of THE BRATZ
14 PITCH MATERIALS.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

16          In addition to the above General Objections, each of which is
17 incorporated by reference as though fully set forth herein, Larian also objects that the
18 request calls for a legal conclusion concerning the definition of "sole author" under
19 the Copyright Act. Larian also objects that this request calls for the disclosure of
20 information protected by the attorney-client privilege, the work-product doctrine, the
21 joint defense privilege and/or the common interest privilege. Larian also objects to
22 this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is
23 vague and ambiguous.

24 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

25          In addition to the above General Objections, each of which is
26 incorporated by reference as though fully set forth herein, Larian also objects that the
27 request calls for a legal conclusion concerning the definition of "sole author" under
28 the Copyright Act. Larian also objects that this request calls for the disclosure of

55

1 information protected by the attorney-client privilege, the work-product doctrine, the
2 joint defense privilege and/or the common interest privilege.  Larian also objects to
3 this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is
4 vague and ambiguous.

5 **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**
6 **NO. 54:**

7          In addition to the above General Objections, each of which is
8 incorporated by reference as though fully set forth herein, Larian also objects that the
9 request calls for a legal conclusion concerning the definition of "sole author" under
10 the Copyright Act.  Larian also objects that this request calls for the disclosure of
11 information protected by the attorney-client privilege, the work-product doctrine, the
12 joint defense privilege and/or the common interest privilege.  Larian also objects to
13 this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is
14 vague and ambiguous.

15          Subject to, and without waiving, the foregoing objections, Larian
16 responds to this request as follows:  ADMITTED, to the extent that anything Bryant
17 presented to MGA prior to October 4, 2000, could qualify as a work of authorship.
18 Larian reserves the right to contend that certain of the items presented by Bryant to
19 MGA prior to October 4, 2000, would not qualify as a work of authorship.

20 **REQUEST FOR ADMISSION NO. 55:**

21          Admit that BRYANT was not the sole author of each of THE BRATZ
22 PITCH MATERIALS.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

24          In addition to the above General Objections, each of which is
25 incorporated by reference as though fully set forth herein, Larian also objects that the
26 request calls for a legal conclusion concerning the definition of "sole author" under
27 the Copyright Act.  Larian also objects that this request calls for the disclosure of
28 information protected by the attorney-client privilege, the work-product doctrine, the

1  joint defense privilege and/or the common interest privilege.  Larian also objects to

2  this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is

3  vague and ambiguous.

4  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

5          In addition to the above General Objections, each of which is

6  incorporated by reference as though fully set forth herein, Larian also objects that the

7  request calls for a legal conclusion concerning the definition of "sole author" under

8  the Copyright Act.  Larian also objects that this request calls for the disclosure of

9  information protected by the attorney-client privilege, the work-product doctrine, the

10  joint defense privilege and/or the common interest privilege.  Larian also objects to

11  this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is

12  vague and ambiguous.

13  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**

14  **NO. 55:**

15          In addition to the above General Objections, each of which is

16  incorporated by reference as though fully set forth herein, Larian also objects that the

17  request calls for a legal conclusion concerning the definition of "sole author" under

18  the Copyright Act.  Larian also objects that this request calls for the disclosure of

19  information protected by the attorney-client privilege, the work-product doctrine, the

20  joint defense privilege and/or the common interest privilege.  Larian also objects to

21  this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is

22  vague and ambiguous.

23          Subject to, and without waiving, the foregoing objections, Larian

24  responds to this request as follows:  DENIED.

25  **REQUEST FOR ADMISSION NO. 56:**

26          Admit that BRYANT was the sole author of all of THE BRATZ PITCH

27  MATERIALS.

28

EXHIBIT 4 PAGE 672

1 | **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

2          In addition to the above General Objections, each of which is

3 incorporated by reference as though fully set forth herein, Larian also objects that the

4 request calls for a legal conclusion concerning the definition of "sole author" under

5 the Copyright Act. Larian also objects that this request calls for the disclosure of

6 information protected by the attorney-client privilege, the work-product doctrine, the

7 joint defense privilege and/or the common interest privilege. Larian also objects to

8 this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is

9 vague and ambiguous.

10 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

11          In addition to the above General Objections, each of which is

12 incorporated by reference as though fully set forth herein, Larian also objects that the

13 request calls for a legal conclusion concerning the definition of "sole author" under

14 the Copyright Act. Larian also objects that this request calls for the disclosure of

15 information protected by the attorney-client privilege, the work-product doctrine, the

16 joint defense privilege and/or the common interest privilege. Larian also objects to

17 this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is

18 vague and ambiguous.

19 | **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**

20 | **NO. 56:**

21          In addition to the above General Objections, each of which is

22 incorporated by reference as though fully set forth herein, Larian also objects that the

23 request calls for a legal conclusion concerning the definition of "sole author" under

24 the Copyright Act. Larian also objects that this request calls for the disclosure of

25 information protected by the attorney-client privilege, the work-product doctrine, the

26 joint defense privilege and/or the common interest privilege. Larian also objects to

27 this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is

28 vague and ambiguous.

EXHIBIT 6 / 2 PAGE 623

1         Subject to, and without waiving, the foregoing objections, Larian

2 responds to this request as follows: ADMITTED to the extent that anything Bryant

3 presented to MGA prior to October 4, 2000, could qualify as a work of authorship.

4 Larian reserves the right to contend that certain of the items presented by Bryant to

5 MGA prior to October 4, 2000, would not qualify as a work of authorship.

6 **REQUEST FOR ADMISSION NO. 57:**

7         Admit that BRYANT was not the sole author of all of THE BRATZ

8 PITCH MATERIALS.

9 **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

10         In addition to the above General Objections, each of which is

11 incorporated by reference as though fully set forth herein, Larian also objects that the

12 request calls for a legal conclusion concerning the definition of "sole author" under

13 the Copyright Act. Larian also objects that this request calls for the disclosure of

14 information protected by the attorney-client privilege, the work-product doctrine, the

15 joint defense privilege and/or the common interest privilege. Larian also objects to

16 this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is

17 vague and ambiguous.

18 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

19         In addition to the above General Objections, each of which is

20 incorporated by reference as though fully set forth herein, Larian also objects that the

21 request calls for a legal conclusion concerning the definition of "sole author" under

22 the Copyright Act. Larian also objects that this request calls for the disclosure of

23 information protected by the attorney-client privilege, the work-product doctrine, the

24 joint defense privilege and/or the common interest privilege. Larian also objects to

25 this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is

26 vague and ambiguous.

27

28

EXHIBIT 4 7 PAGE 674

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects that the request calls for a legal conclusion concerning the definition of "sole author" under the Copyright Act. Larian also objects that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege. Larian also objects to this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague and ambiguous.

Subject to, and without waiving, the foregoing objections, Larian responds to this request as follows:  DENIED.

**REQUEST FOR ADMISSION NO. 58:**

Admit that BRYANT was the sole author of each and every BRATZ WORK created on or before October 3, 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects that the request calls for a legal conclusion concerning the concept of creation and the definition of "sole author" under the Copyright Act. Larian also objects that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege. Larian also objects to this request on the grounds that the term "BRATZ WORK" is vague and ambiguous.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects that the request calls for a legal conclusion concerning the concept of creation and the

EXHIBIT 47 PAGE 625

1 definition of "sole author" under the Copyright Act. Larian also objects that this

2 request calls for the disclosure of information protected by the attorney-client

3 privilege, the work-product doctrine, the joint defense privilege and/or the common

4 interest privilege. Larian also objects to this request on the grounds that the term

5 "BRATZ WORK" is vague and ambiguous.

6 **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**

7 **NO. 58:**

8          In addition to the above General Objections, each of which is

9 incorporated by reference as though fully set forth herein, Larian also objects that the

10 request calls for a legal conclusion concerning the concept of creation and the

11 definition of "sole author" under the Copyright Act. Larian also objects that this

12 request calls for the disclosure of information protected by the attorney-client

13 privilege, the work-product doctrine, the joint defense privilege and/or the common

14 interest privilege. Larian also objects to this request on the grounds that the term

15 "BRATZ WORK" is vague and ambiguous.

16          Subject to, and without waiving, the foregoing objections, Larian

17 responds to this request as follows: DENIED as stated.

18          Larian admits that Bryant was the sole author of each and every BRATZ

19 drawing presented to MGA by Bryant on or before October 3, 2000, and what was

20 referred to by Bryant at his deposition as the "dummy," to the extent that the

21 "dummy" could be considered a BRATZ WORK as defined by Mattel (Larian

22 reserves the right to argue that the "dummy" would not qualify as a work of

23 authorship, and notes that Bryant testified that the "dummy" was not intended to be a

24 representation of Bratz.)

25          With respect to any sculpts or molds created by Margaret Leahy on or

26 before October 3, 2000, Larian has made reasonable inquiry and the information

27 known or readily available to Larian is insufficient to allow Larian to admit or deny

28 this request insofar as the request could be read to include any such sculpts or molds

EXHIBIT _41_ PAGE _674_

1 | and, on that basis, Larian denies the request.

2 |      Larian reserves the right to supplement or modify this response based

3 | on any facts or evidence that may emerge during the discovery process.

4 | **REQUEST FOR ADMISSION NO. 59:**

5 |      Admit that BRYANT was not the sole author of each and every BRATZ

6 | WORK created on or before October 3, 2000.

7 | **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

8 |      In addition to the above General Objections, each of which is

9 | incorporated by reference as though fully set forth herein, Larian also objects that the

10 | request calls for a legal conclusion concerning the concept of creation and the

11 | definition of "sole author" under the Copyright Act.  Larian also objects that this

12 | request calls for the disclosure of information protected by the attorney-client

13 | privilege, the work-product doctrine, the joint defense privilege and/or the common

14 | interest privilege.  Larian also objects to this request on the grounds that the term

15 | "BRATZ WORK" is vague and ambiguous.

16 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

17 |      In addition to the above General Objections, each of which is

18 | incorporated by reference as though fully set forth herein, Larian also objects that the

19 | request calls for a legal conclusion concerning the concept of creation and the

20 | definition of "sole author" under the Copyright Act.  Larian also objects that this

21 | request calls for the disclosure of information protected by the attorney-client

22 | privilege, the work-product doctrine, the joint defense privilege and/or the common

23 | interest privilege.  Larian also objects to this request on the grounds that the term

24 | "BRATZ WORK" is vague and ambiguous.

25 | **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**

26 | **NO. 59:**

27 |      In addition to the above General Objections, each of which is

28 | incorporated by reference as though fully set forth herein, Larian also objects that the

EXHIBIT ⟨⟨‾⟩ PAGE 6‾7

1 request calls for a legal conclusion concerning the concept of creation and the

2 definition of "sole author" under the Copyright Act. Larian also objects that this

3 request calls for the disclosure of information protected by the attorney-client

4 privilege, the work-product doctrine, the joint defense privilege and/or the common

5 interest privilege. Larian also objects to this request on the grounds that the term

6 "BRATZ WORK" is vague and ambiguous.

7          Subject to, and without waiving, the foregoing objections, Larian

8 responds to this request as follows: DENIED as stated.

9          Larian admits that Bryant was the sole author of each and every BRATZ

10 drawing presented to MGA by Bryant on or before October 3, 2000, and what was

11 referred to by Bryant at his deposition as the "dummy," to the extent that the

12 "dummy" could be considered a BRATZ WORK as defined by Mattel. (Larian

13 reserves the right to argue that the "dummy" would not qualify as a work of

14 authorship, and notes that Bryant testified that the "dummy" was not intended to be a

15 representation of Bratz.)

16          With respect to any sculpts or molds created by Margaret Leahy on or

17 before October 3, 2000, Larian has made reasonable inquiry and the information

18 known or readily available to Larian is insufficient to allow Larian to admit or deny

19 this request insofar as the request could be read to include any such sculpts or molds

20 and, on that basis, Larian denies the request.

21          Larian reserves the right to supplement or modify this response based

22 on any facts or evidence that may emerge during the discovery process.

23 **REQUEST FOR ADMISSION NO. 60:**

24          Admit that BRYANT was the sole author of at least one BRATZ

25 WORK created on or before October 3, 2000.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

27          In addition to the above General Objections, each of which is

28 incorporated by reference as though fully set forth herein, Larian also objects that the

63

1 request calls for a legal conclusion concerning the concept of creation and the

2 definition of "sole author" under the Copyright Act. Larian also objects that this

3 request calls for the disclosure of information protected by the attorney-client

4 privilege, the work-product doctrine, the joint defense privilege and/or the common

5 interest privilege. Larian also objects to this request on the grounds that the term

6 "BRATZ WORK" is vague and ambiguous.

7 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

8 　　　　　In addition to the above General Objections, each of which is

9 incorporated by reference as though fully set forth herein, Larian also objects that the

10 request calls for a legal conclusion concerning the concept of creation and the

11 definition of "sole author" under the Copyright Act. Larian also objects that this

12 request calls for the disclosure of information protected by the attorney-client

13 privilege, the work-product doctrine, the joint defense privilege and/or the common

14 interest privilege. Larian also objects to this request on the grounds that the term

15 "BRATZ WORK" is vague and ambiguous.

16 **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**

17 **NO. 60:**

18 　　　　　In addition to the above General Objections, each of which is

19 incorporated by reference as though fully set forth herein, Larian also objects that the

20 request calls for a legal conclusion concerning the concept of creation and the

21 definition of "sole author" under the Copyright Act. Larian also objects that this

22 request calls for the disclosure of information protected by the attorney-client

23 privilege, the work-product doctrine, the joint defense privilege and/or the common

24 interest privilege. Larian also objects to this request on the grounds that the term

25 "BRATZ WORK" is vague and ambiguous.

26 　　　　　Subject to, and without waiving, the foregoing objections, Larian

27 responds to this request as follows: ADMITTED.

28

LARIAN'S 2d SUPP. RESPONSES TO MATTEL, INC'S 1st SET OF REQ. FOR ADMISSION 　　NO. CV 04-9049 SGL (RNBx)

EXHIBIT 42 PAGE 6 79

1 **REQUEST FOR ADMISSION NO. 61**:

2        Admit that BRYANT was not the sole author of at least one BRATZ

3 WORK created on or before October 3, 2000.

4 **RESPONSE TO REQUEST FOR ADMISSION NO. 61**:

5        In addition to the above General Objections, each of which is

6 incorporated by reference as though fully set forth herein, Larian also objects that the

7 request calls for a legal conclusion concerning the concept of creation and the

8 definition of "sole author" under the Copyright Act.  Larian also objects that this

9 request calls for the disclosure of information protected by the attorney-client

10 privilege, the work-product doctrine, the joint defense privilege and/or the common

11 interest privilege.  Larian also objects to this request on the grounds that the term

12 "BRATZ WORK" is vague and ambiguous.

13 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 61**:

14        In addition to the above General Objections, each of which is

15 incorporated by reference as though fully set forth herein, Larian also objects that the

16 request calls for a legal conclusion concerning the concept of creation and the

17 definition of "sole author" under the Copyright Act.  Larian also objects that this

18 request calls for the disclosure of information protected by the attorney-client

19 privilege, the work-product doctrine, the joint defense privilege and/or the common

20 interest privilege.  Larian also objects to this request on the grounds that the term

21 "BRATZ WORK" is vague and ambiguous.

22 **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**

23 **NO. 61**:

24        In addition to the above General Objections, each of which is

25 incorporated by reference as though fully set forth herein, Larian also objects that the

26 request calls for a legal conclusion concerning the concept of creation and the

27 definition of "sole author" under the Copyright Act.  Larian also objects that this

28 request calls for the disclosure of information protected by the attorney-client

1  privilege, the work-product doctrine, the joint defense privilege and/or the common

2  interest privilege.  Larian also objects to this request on the grounds that the team

3  "BRATZ WORK" is vague and ambiguous.

4         Subject to, and without waiving, the foregoing objections, Larian

5  responds to this request as follows:  DENIED.

6  **REQUEST FOR ADMISSION NO. 62:**

7         Admit that the DOCUMENT attached hereto as Exhibit 1 is an

8  authentic and genuine copy of a sworn affidavit signed by YOU on or about July 5,

9  2002.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

11         Larian incorporates by reference the above General Objections as

12  though fully set forth herein.

13         Subject to, and without waiving the General Objections, Larian

14  responds: Admit.

15  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

16         Larian incorporates by reference the above General Objections as

17  though fully set forth herein.

18         Subject to, and without waiving the General Objections.  Larian

19  responds:  Admit.

20  **REQUEST FOR ADMISSION NO. 63:**

21         Admit that, in the DOCUMENT attached hereto as Exhibit 1, YOU

22  swore that the BRATZ dolls were first exhibited in the United States in November

23  2000.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

25         In addition to the above General Objections, each of which is

26  incorporated by reference as though fully set forth herein, Larian also objects to the

27  phrases "BRATZ dolls" and "first exhibited" in this context as vague and ambiguous.

28         Subject to, and without waiving, the foregoing objections, Larian

EXHIBIT 47 PAGE 681

1  responds: Admit.

2  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

3  In addition to the above General Objections, each of which is

4  incorporated by reference as though fully set forth herein, Larian also objects to the

5  phrases "BRATZ dolls" and "first exhibited" in this context as vague and ambiguous.

6  Subject to, and without waiving, the foregoing objections, Larian

7  responds: Admit.

8  **REQUEST FOR ADMISSION NO. 64:**

9  Admit that the BRATZ dolls were first exhibited in the United States in

10  November 2000.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

12  In addition to the above General Objections, each of which is

13  incorporated by reference as though fully, set forth herein, Larian also objects to the

14  phrases "BRATZ dolls" and "first exhibited" in this context as vague and ambiguous.

15  Subject to, and without waiving, the foregoing objections, Larian

16  responds: Larian admits that boards showing "Bratz" character art were shown in

17  November 2000.  Except as so admitted, Larian denies the request.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

19  In addition to the above General Objections, each of which is

20  incorporated by reference as though fully set forth herein, Larian also objects to the

21  phrases "BRATZ dolls" and "first exhibited" in this context as vague and ambiguous.

22  Subject to, and without waiving, the foregoing objections, Larian

23  responds: Larian denies the request, except insofar as Larian admits that boards

24  showing "Bratz" character art were shown to certain retailers in November 2000.

25  **REQUEST FOR ADMISSION NO. 65:**

26  Admit that the BRATZ dolls were not first exhibited in the United

27  States in November 2000.

28

67

EXHIBIT 47 PAGE 682

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to the phrases "BRATZ dolls" and "first exhibited" as vague and ambiguous.

Subject to, and without waiving, the foregoing objections, Larian responds: Larian admits the request but, for purposes of clarification, states that boards showing "Bratz" character art were shown in November 2000.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to the phrases "BRATZ dolls" and "first exhibited" as vague and ambiguous.

Subject to, and without waiving, the foregoing objections, Larian responds: Larian admits the request but, for purposes of clarification, states that boards showing "Bratz" character art were shown to certain retailers in November 2000.

**REQUEST FOR ADMISSION NO. 66:**

Admit that, while BRYANT was employed by MATTEL in 1999 and 2000, he held a position of confidence and trust at MATTEL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects that use of the phrase "position of confidence and trust" is vague and ambiguous and calls for a legal conclusion. Larian also objects that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects that

68

EXHIBIT _____ PAGE _____

1  use of the phrase "position of confidence and trust" is vague and ambiguous and calls

2  for a legal conclusion. Larian also objects that this request calls for the disclosure of

3  information protected by the attorney-client privilege, the work-product doctrine, the

4  joint defense privilege and/or the common interest privilege.

5  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**

6  **NO. 66:**

7  　　　　　In addition to the above General Objections, each of which is

8  incorporated by reference as though fully set forth herein, Larian also objects that

9  use of the phrase "position of confidence and trust" is vague and ambiguous and calls

10  for a legal conclusion. Larian also objects that this request calls for the disclosure of

11  information protected by the attorney-client privilege, the work-product doctrine, the

12  joint defense privilege and/or the common interest privilege.

13  　　　　　Subject to, and without waiving, the foregoing objections, Larian

14  responds to this request as follows: DENIED.

15  **REQUEST FOR ADMISSION NO. 67:**

16  　　　　　Admit that, while BRYANT was employed by MATTEL in 1999 and

17  2000, he did not hold a position of confidence and trust at MATTEL.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

19  　　　　　In addition to the above General Objections, each of which is

20  incorporated by reference as though fully set forth herein, Larian also objects that

21  use of the phrase "position of confidence and trust" is vague and ambiguous and calls

22  for a legal conclusion. Larian also objects that this request calls for the disclosure of

23  information protected by the attorney-client privilege, the work-product doctrine, the

24  joint defense privilege and/or the common interest privilege.

25  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

26  　　　　　In addition to the above General Objections, each of which is

27  incorporated by reference as though fully set forth herein, Larian also objects that

28  use of the phrase "position of confidence and trust" is vague and ambiguous and calls

EXHIBIT _4 7_ PAGE _684_

1 | for a legal conclusion. Larian also objects that this request calls for the disclosure of
2 | information protected by the attorney-client privilege, the work-product doctrine, the
3 | joint defense privilege and/or the common interest privilege.

4 | **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**
5 | **NO. 67:**

6 | In addition to the above General Objections, each of which is
7 | incorporated by reference as though fully set forth herein, Larian also objects that
8 | use of the phrase "position of confidence and trust" is vague and ambiguous and calls
9 | for a legal conclusion. Larian also objects that this request calls for the disclosure of
10 | information protected by the attorney-client privilege, the work-product doctrine, the
11 | joint defense privilege and/or the common interest privilege.

12 | Subject to, and without waiving, the foregoing objections, Larian
13 | responds to this request as follows: ADMITTED.

14 | **REQUEST FOR ADMISSION NO. 68:**

15 | Admit that, while BRYANT was employed by MATTEL in 1999 and
16 | 2000, he was MATTEL's fiduciary.

17 | **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

18 | In addition to the above General Objections, each of which is
19 | incorporated by reference as though fully set forth herein, Larian also objects that
20 | this request calls for a legal conclusion. Larian also objects that this request calls for
21 | the disclosure of information protected by the attorney-client privilege, the work-
22 | product doctrine, the joint defense privilege and/or the common interest privilege.

23 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

24 | In addition to the above General Objections, each of which is
25 | incorporated by reference as though fully set forth herein, Larian also objects that
26 | this request calls for a legal conclusion. Larian also objects that this request calls for
27 | the disclosure of information protected by the attorney-client privilege, the work-
28 | product doctrine, the joint defense privilege and/or the common interest privilege.

EXHIBIT 4 PAGE 68

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects that this request calls for a legal conclusion. Larian also objects that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege.

Subject to, and without waiving, the foregoing objections, Larian responds to this request as follows: DENIED.

**REQUEST FOR ADMISSION NO. 69:**

Admit that, while BRYANT was employed by MATTEL in 1999 and 2000, he was not MATTEL's fiduciary.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects that this request calls for a legal conclusion. Larian also objects that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects that this request calls for a legal conclusion. Larian also objects that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects that

EXHIBIT 47 PAGE 686

1  this request calls for a legal conclusion.  Larian also objects that this request calls for

2  the disclosure of information protected by the attorney-client privilege, the work-

3  product doctrine; the joint defense privilege and/or the common interest privilege.

4     Subject to, and without waiving, the foregoing objections, Larian

5  responds to this request as follows:  ADMITTED.

6  DATED:  November 30, 2007

7        SKADDEN, ARPS, SLATE, MEAGHER &
      FLOM LLP

8

9        By: _____

10         Thomas J. Nolan
      Attorneys for Counter-Defendants, MGA
      ENTERTAINMENT, INC., ISAAC LARIAN,

11       MGA ENTERTAINMENT (HK) LTD., and
      MGAE de MEXICO S.R.L. de C.V.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

72