**Affirmative Defenses**

Bryant states the following affirmative defenses, but does so without assuming the burden of proof on any defense or issue for which that burden rests with Mattel or any other party, and without admitting any wrongful conduct by any defendant or that Mattel has any right to relief of any kind:

**First Affirmative Defense (Unclean Hands)**

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of unclean hands. Mattel's conduct towards Bryant and MGA regarding the matters at issue in this litigation has been unfair, and Mattel is undeserving of any relief against Bryant. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later.

**Second Affirmative Defense (Waiver)**

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of waiver. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Mattel was aware of the relevant facts regarding Mr. Bryant's work for MGA, but intentionally waived and chose to forgo asserting any rights over the Bratz dolls until years later. Mattel has also tolerated conduct by other employees similar to the alleged conduct by Bryant on which Mattel now bases its contract and related claims.

EXHIBIT 28
PAGE 1013

404479.01

**Third Affirmative Defense (Estoppel)**

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of estoppel. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls, and was thus apprised of the relevant facts. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Mattel either intended that its conduct would be acted upon by Bryant to continue working for a competitor, or Mattel acted in such a way that Bryant had a right to believe it was so intended. Bryant was unaware that Mattel asserted any right over the Bratz dolls or that Mattel would claim that his work for MGA was improper. Should Mattel prevail in this litigation, Bryant would have relied on Mattel's conduct to his detriment. Accordingly, Mattel should be estopped from belatedly raising its claims.

**Fourth Affirmative Defense (Laches)**

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of laches. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Mattel thus was apprised of the relevant facts. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Accordingly, laches should bar Mattel from belatedly raising its claims.

**Fifth Affirmative Defense (Consent)**

EXHIBIT 28
PAGE 1014

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of consent. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and

16

404479.01

1   Mattel shortly thereafter began investigating what it suspected to be wrongdoing in
2   connection with the Bratz dolls.   Mattel thus was apprised of the relevant facts.
3   Yet, Mattel waited and said nothing while the dolls were successfully (and at great
4   cost) developed, manufactured and sold, and only filed suit years later.  Mattel has
5   also tolerated conduct by other employees similar to the alleged conduct by Bryant
6   on which Mattel now bases its contract and related claims.

7                **Sixth Affirmative Defense (Statute of Limitations)**

8        Mattel's counterclaims, and each claim for relief, are barred by the
9   applicable statutes of limitations, including but not limited to Code of Civil
10  Procedure §§ 337, 339, 343, and 338(c).

11              **Seventh Affirmative Defense (Failure to Mitigate Damages)**

12       With respect to any alleged damages (the existence of which Bryant denies),
13  Mattel failed to mitigate its damages.  For example, Mattel believed from the time
14  that Bryant left Mattel's employ that he was going to perform work for a Mattel
15  competitor.  However, Mattel failed to take action to minimize any alleged
16  damages that arose from Bryant's work for said competitor.

17                **Eighth Affirmative Defense (Lack of Causation)**

18       Any losses or harms allegedly sustained by Mattel resulted from causes
19  other than any act or omission of Bryant, including but not limited to Mattel's own
20  acts or omissions.  For example, Mattel believed from the time that Bryant left
21  Mattel's employ that he was going to perform work for a Mattel competitor.
22  However, Mattel failed to take action to minimize any alleged damages that arose
23  from Bryant's work for said competitor.

24                **Ninth Affirmative Defense (Lack of Standing)**

EXHIBIT 28
PAGE 1015

25       Mattel's counterclaims are barred in whole or in part by its lack of standing,
26  in that Mattel does not own any valid copyright interests in the copyrights that it
27  seeks to assert against Bryant.  In particular, Mattel does not own any valid
28  copyright interest in the following copyrights it seeks to assert against Bryant:  VA

404479.01

1   1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-

2   378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-

3   378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271, and VAu

4   715-273.

5               **Tenth Affirmative Defense (Information Readily Ascertainable)**

6          Bryant cannot be liable, either on his own account or by association with

7   MGA or other defendants, for alleged misappropriation of information that was

8   readily ascertainable by proper means at the time of the alleged acquisition or use.

9   Such information includes, but is not limited to, the identity of hair manufacturers.

10              **Eleventh Affirmative Defense (Lack of Ownership)**

11         Mattel is neither the legal nor beneficial owner in the copyrights purportedly

12  at issue, including the following copyrights which Mattel purports to own:  VA 1-

13  378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-

14  378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-

15  378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271, and VAu

16  715-273.

17              **Twelfth Affirmative Defense (Copyright Invalidity)**

18         Mattel's purported copyrights, including VA 1-378-648, VA 1-378-649, VA

19  1-378-650, VA 1-378-651, VA 1-378-652, VA 1-378-653, VA 1-378-654, VA 1-

20  378-655, VA 1-378-656, VA 1-378-657, VA 1-378-658, VA 1-378-659, VA 1-

21  378-660, VAu 715-270, VAu 715-271, and VAu 715-273, are invalid.

22     **Thirteenth Affirmative Defense (No Statutory Damages or Attorney's Fees)**

23         Mattel is barred from recovering statutory damages and/or attorneys' fees

24  because it failed to register the copyrights that are purportedly at issue within the

25  time required by 17 U.S.C. § 412.

EXHIBIT 28
PAGE 1016

26      **Fourteenth Affirmative Defense (Joinder in Defenses of Co-Defendants)**

27         Bryant hereby adopts and incorporates by this reference any and all other

28  affirmative defenses that have been or will be asserted by any other defendant

404479.01

1  (including MGA) in this litigation to the extent that defendants may share in such
2  affirmative defenses.

3

4      Bryant has not knowingly and intentionally waived any applicable
5  affirmative defense and reserves the right to raise additional affirmative defenses
6  as they become known to him through discovery in this litigation.  In stating the
7  above affirmative defenses, Bryant also does not in any way waive or limit any
8  defenses raised by its denials of Mattel's allegations above.  Bryant further
9  reserves the right to amend his answer and/or affirmative defenses accordingly
10 and/or to delete affirmative defenses that he determines during later discovery are
11 not applicable.

12                        **Prayer for Relief**

13     WHEREFORE, Bryant respectfully requests relief as follows:

14     1.     That Mattel's counterclaims be dismissed with prejudice;

15     2.     That Mattel take nothing by its counterclaims;

16     3.     That Mattel's request for injunctive and other equitable relief be
17 denied;

18     4.     That Bryant be awarded the cost of this litigation, including
19 reasonable attorneys' fees and interest; and

20     5.     That Bryant receive such other relief as the Court may deem proper.

21

22                            Respectfully submitted,

23  Dated:  October 16, 2007          KEKER & VAN NEST, LLP

24

25                        By: _____

26     EXHIBIT_____          CHRISTA M. ANDERSON
                                   Attorneys for Plaintiff
27                                 CARTER BRYANT

28     PAGE_____
                                        **EXHIBIT 28**
                                        **PAGE 1017**

                              19

1 | **DEMAND FOR JURY TRIAL**

2

3 | Bryant respectfully requests a trial by jury for all issues so triable.

4

5 | Dated:  October 16, 2007                          KEKER & VAN NEST, LLP

6

7

8 | By: _____
                                    CHRISTA M. ANDERSON
9 |                                     Attorneys for Plaintiff
                                    CARTER BRYANT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 | EXHIBIT _____

27 | PAGE _____

28 |
                                          **EXHIBIT 28**
                                          **PAGE 1018**

1

PROOF OF SERVICE

2   I am employed in the City and County of San Francisco, State of California
3   in the office of a member of the bar of this court at whose direction the following
    service was made. I am over the age of eighteen years and not a party to the within
4   action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San
5   Francisco, California 94111.

6   On October 16, 2007, I served the following document(s):

7   **CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S**
    **COUNTERCLAIMS**
8

9   **DEMAND FOR JURY TRIAL**

10
    by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope
11  addressed as shown below. I am readily familiar with the practice of Keker & Van
12  Nest, LLP for correspondence for delivery by FedEx Corporation. According to
    that practice, items are retrieved daily by a FedEx Corporation employee for
13  overnight delivery.

14
    John B. Quinn                              Thomas J. Nolan
15  Michael T. Zeller                          Skadden Arps Slate Meagher & Flom
16  Quinn Emanuel Urquhart Oliver &            300 South Grand Avenue, Suite 3400
    Hedges, LLP                                Los Angeles, CA 90071-3144
17  865 South Figueroa Street, 10th Floor      Tel:   213/687-5000
18  Los Angeles, CA 90017-2543                 Fax:  213/687-5600
    Tel:   213/443-3000                        tnolan@skadden.com
19  Fax:  213/443-3100
20  johnquinn@quinnemanuel.com
    michaelzeller@quinnemanuel.com
21

22      Executed on October 16, 2007, at San Francisco, California.

23
        I declare under penalty of perjury under the laws of the State of California
24  that the above is true and correct.

25

26                                          _Julie A. Selby_
27                                          JULIE A. SELBY

28

**EXHIBIT 28**
**PAGE 1019**

395645.01

1

## PROOF OF SERVICE

2      I am employed in the City and County of San Francisco, State of California
3  in the office of a member of the bar of this court at whose direction the following
   service was made. I am over the age of eighteen years and not a party to the within
4  action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San
5  Francisco, California 94111.

6  On October 16, 2007, I served the following document(s):

7       **CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S**
                        **COUNTERCLAIMS**
8

9                    **DEMAND FOR JURY TRIAL**

10
   by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope
11 addressed as shown below. I am readily familiar with the practice of Keker & Van
   Nest, LLP for correspondence for delivery by FedEx Corporation. According to
12 that practice, items are retrieved daily by a FedEx Corporation employee for
13 overnight delivery.

14
   John B. Quinn                        Thomas J. Nolan
15 Michael T. Zeller                    Skadden Arps Slate Meagher & Flom
   Quinn Emanuel Urquhart Oliver &      300 South Grand Avenue, Suite 3400
16 Hedges, LLP                          Los Angeles, CA 90071-3144
17 865 South Figueroa Street, 10th Floor Tel:   213/687-5000
   Los Angeles, CA 90017-2543           Fax:   213/687-5600
18 Tel:   213/443-3000                  tnolan@skadden.com
19 Fax:   213/443-3100
   johnquinn@quinnemanuel.com
20 michaelzeller@quinnemanuel.com
21

22      Executed on October 16, 2007, at San Francisco, California.
23
        I declare under penalty of perjury under the laws of the State of California
24 that the above is true and correct.
25

26    EXHIBIT _____              _Julie A. Selby_
27    _____                      JULIE A. SELBY
28    PAGE _____

**EXHIBIT 28**
**PAGE 1020**

**EXHIBIT 29**

DALE M. CENDALI (admitted pro hac vice)
DIANA M. TORRES (S.B. #162284)
MARC F. FEINSTEIN (S.B. #158901)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California  90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Counter-defendants MGA
Entertainment, Inc., Isaac Larian, MGA
Entertainment (HK) Limited, and MGAE de
Mexico S.R.L. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant | Case No. CV 05-2727 SGL (RNBx)<br>(Consolidated with CV 04-09049 and CV 04-9059)<br><br>**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF MGA ENTERTAINMENT INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS** |
| CONSOLIDATED WITH<br><br>MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Judge:      Hon. Stephen G. Larson<br>Courtroom:  1 |

EXHIBIT _____

PAGE _____

**EXHIBIT 29
PAGE 1021**

1   Counter-defendants MGA Entertainment, Inc. ("MGA"), MGA
2   Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively
3   the "MGA Defendants") hereby answer, for themselves alone, the Second
4   Amended Answer and Counterclaim of Counter-claimant Mattel Inc., as follows:
5   As a preliminary matter, Mattel's use of headings throughout its
6   counterclaims is improper, and therefore no response to Mattel's headings is
7   required. If any response is required, MGA Defendants deny all allegations
8   contained in Mattel's headings.
9   **RESPONSES**
10  1.   MGA Defendants deny the allegations set forth in paragraph 1.
11  2.   MGA Defendants deny the allegations set forth in paragraph 2.
12  3.   MGA Defendants admit that MGA decided to expand into
13  Mexico in or about 2004, and deny the remaining allegations set forth in paragraph
14  3.
15  4.   MGA Defendants deny the allegations set forth in paragraph 4.
16  5.   MGA Defendants deny the allegations set forth in paragraph 5.
17  6.   MGA Defendants admit that the Court has federal question
18  jurisdiction over this action pursuant to 28 U.S.C. § 1331, deny that 17 U.S.C. §§
19  101 and 18 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the
20  Counterclaims, and deny that Mattel is entitled to any relief on its Counterclaims.
21  7.   MGA Defendants admit that venue is proper in this District for
22  Mattel's claims based on conduct alleged to have occurred within this District and
23  deny that venue is proper in this District for acts alleged to have occurred in
24  Mexico, Canada, Hong Kong, or other places outside of this District.
25  8.   MGA Defendants admit the allegations set forth in paragraph 8.
26  9.   MGA Defendants admit the allegations set forth in the first and
27  second sentences of paragraph 9, and deny the remaining allegations set forth in
28  paragraph 9.

LA2:841935.2

-2-

**EXHIBIT 29**
**PAGE 1022**

1          10.    MGA Defendants admit the allegations set forth in paragraph

2   10.

3          11.    MGA Defendants admit the allegations set forth in the first

4   sentence of paragraph 11, and deny the remaining allegations set forth in paragraph

5   11.

6          12.    MGA Defendants admit the allegations set forth in paragraph

7   12.

8          13.    MGA Defendants admit the allegations set forth in the first

9   sentence of paragraph 13, and deny the remaining allegations set forth in paragraph

10  13.

11         14.    MGA Defendants admit the allegations set forth in paragraph

12  14.

13         15.    Paragraph 15 is a statement of Mattel's legal position, to which

14  no response is necessary.  To the extent a response is required, MGA Defendants

15  deny the allegations set forth in paragraph 15.

16         16.    MGA Defendants admit the allegations set forth in the first

17  sentence of paragraph 16.  MGA Defendants are without sufficient knowledge to

18  admit or deny the remaining allegations set forth in paragraph 16, and on that basis,

19  deny the remaining allegations set forth in paragraph 16.

20         17.    MGA Defendants are without sufficient knowledge to admit or

21  deny the allegations set forth in paragraph 17, and on that basis, deny the

22  allegations set forth in paragraph 17.

23         18.    MGA Defendants are without sufficient knowledge to admit or

24  deny the allegations set forth in paragraph 18, and on that basis, deny the

25  allegations set forth in paragraph 18.

26         19.    MGA Defendants admit that MGA is a toy manufacturer, that

27  MGA began as a consumer electronics business and expanded into the toy business

28  with licenses to sell handheld electronic games, and later expanded its business by

EXHIBIT

PAGE _____

EXHIBIT 29
PAGE 1023

1  launching the Bratz fashion doll line, and deny the remaining allegations set forth in
2  paragraph 19.

3       20.   MGA Defendants deny the allegations set forth in paragraph 20.

4       21.   MGA Defendants admit that Carter Bryant is a former employee
5  of Mattel, and state that they are without sufficient knowledge to admit or deny the
6  remaining allegations set forth in paragraph 21, and on that basis, deny the
7  remaining allegations set forth in paragraph 21.

8       22.   MGA Defendants are without sufficient knowledge to admit or
9  deny the allegations set forth in paragraph 22, and on that basis, deny the
10  allegations set forth in paragraph 22.

11       23.   MGA Defendants are without sufficient knowledge to admit or
12  deny the allegations set forth in paragraph 23, and on that basis, deny the
13  allegations set forth in paragraph 23.

14       24.   MGA Defendants are without sufficient knowledge to admit or
15  deny the allegations set forth in paragraph 24, and on that basis, deny the
16  allegations set forth in paragraph 24.

17       25.   MGA Defendants are without sufficient knowledge to admit or
18  deny the allegations set forth in paragraph 25, and on that basis, deny the
19  allegations set forth in paragraph 25.

20       26.   MGA Defendants deny the allegations set forth in paragraph 26.
21       27.   MGA Defendants deny the allegations set forth in paragraph 27.
22       28.   MGA Defendants deny the allegations set forth in paragraph 28.
23       29.   MGA Defendants deny the allegations set forth in paragraph 29.
24       30.   MGA Defendants admit that after MGA made the decision to
25  proceed with the manufacture of the Bratz dolls, MGA employees communicated
26  with employees of MGA Entertainment (HK) Limited on subjects including the
27  manufacturing of Bratz, and deny the remaining allegations set forth in the first
28

LA2:841935.2               - 4 -

1    sentence of paragraph 30.  MGA Defendants admit the second sentence of
2    paragraph 30.

3         31.    MGA Defendants admit that samples of the four original Bratz
4    dolls were shown at the Hong Kong Toy Fair in January 2001, and deny the
5    remaining allegations set forth in paragraph 31.

6         32.    MGA Defendants admit that MGA and its subsidiaries have
7    distributed and sold Bratz and Bratz-related products in many countries throughout
8    the world, that MGA and its subsidiaries have licensed Bratz to third parties, that
9    MGA has derived annual revenues from its sales and licenses of Bratz in excess of
10   $500 million, that MGA and its subsidiaries continue to market, sell and license
11   Bratz and intend to continue to do so, and deny the remaining allegations set forth
12   in paragraph 32.

13        33.    MGA Defendants deny the allegations set forth in paragraph 33.
14        34.    MGA Defendants deny the allegations set forth in paragraph 34.
15        35.    MGA Defendants deny the allegations set forth in paragraph 35.
16        36.    MGA Defendants admit that Bryant had an agreement with
17   MGA, state that the terms of the agreement speak for themselves, and deny the
18   remaining allegations set forth in paragraph 36.

19        37.    MGA Defendants admit that in or about late 2003 or early 2004,
20   MGA decided to form a new corporation, MGAE de Mexico, S.R.L. de C.V., to
21   conduct business in Mexico, admit that MGAE de Mexico hired three employees of
22   Mattel's Mexican subsidiary, and deny the remaining allegations set forth in
23   paragraph 37.

24        38.    MGA Defendants admit that Carlos Gustavo Machado Gomez
25   was a Marketing Manager, Boys Division, for Mattel Mexico, admit that Machado
26   was employed at Mattel Mexico from April 1997 until April 19, 2004, admit that
27   Machado had access to some nonpublic business information of Mattel Mexico, and
28   state that they are without sufficient knowledge to admit or deny the remaining

LA2:841935.2                          - 5 -

EXHIBIT 29
PAGE 1025

1  allegations set forth in paragraph 38, and on that basis, deny the remaining
2  allegations set forth in paragraph 38.

3      39.   MGA Defendants admit that Mariana Trueba Almada was a
4  Marketing Manager, Girls Division, for Mattel Mexico, admit that Trueba had
5  access to some nonpublic business information of Mattel Mexico, and state that
6  they are without sufficient knowledge to admit or deny the remaining allegations
7  set forth in paragraph 39, and on that basis, deny the remaining allegations set forth
8  in paragraph 39.

9      40.   MGA Defendants admit that Pablo Vargas San Jose was a Trade
10  Marketing Manager for Mattel Mexico, admit that Vargas was employed at Mattel
11  Mexico from March 2001 until April 19, 2004, admit that Vargas had access to
12  some nonpublic business information of Mattel Mexico, and state that they are
13  without sufficient knowledge to admit or deny the remaining allegations set forth in
14  paragraph 40, and on that basis, deny the remaining allegations set forth in
15  paragraph 40.

16      41.   MGA Defendants admit that in or about early 2004, Machado,
17  Trueba and Vargas discussed leaving Mattel Mexico, admit that Machado, Trueba
18  and Vargas resigned from Mattel Mexico on April 19, 2004, admit that they did not
19  identify their new employer to Mattel Mexico, admit that Machado, Trueba and
20  Vargas were offered and accepted employment with MGAE de Mexico, and deny
21  the remaining allegations set forth in paragraph 41.

22      42.   MGA Defendants admit that MGA personnel communicated by
23  telephone with Machado and Vargas prior to their Mattel resignations, admit that
24  MGA personnel, including Isaac Larian, communicated by e-mail with Machado
25  and Vargas concerning terms of employment through an America Online e-mail
26  account with the address <plot04@aol.com>, and deny the remaining allegations
27  set forth in paragraph 42.

28

LA2:841935.2                           - 6 -

EXHIBIT

PAGE

**EXHIBIT 29**
**PAGE 1026**

1   43.   MGA Defendants admit that in or about March 2004, Machado,
2   Trueba, and Vargas made plans to travel from Mexico to Los Angeles in April
3   2004, admit that in or about March 2004, Machado, Trueba and Vargas discussed
4   with MGA personnel, including Larian, employment at MGAE de Mexico, state
5   that the quoted <plot04@aol.com> e-mails speak for themselves, and deny the
6   remaining allegations set forth in paragraph 43.

7   44.   MGA Defendants are without sufficient knowledge to admit or
8   deny the allegations set forth in paragraph 44, and on that basis, deny the
9   allegations set forth in paragraph 44.

10   45.   MGA Defendants are without sufficient knowledge to admit or
11   deny the allegations set forth in paragraph 45, and on that basis, deny the
12   allegations set forth in paragraph 45.

13   46.   MGA Defendants are without sufficient knowledge to admit or
14   deny the allegations set forth in paragraph 46, and on that basis, deny the
15   allegations set forth in paragraph 46.

16   47.   MGA Defendants are without sufficient knowledge to admit or
17   deny the allegation set forth in the third sentence of paragraph 47, and on that basis,
18   deny these allegations, and deny the remaining allegations set forth in paragraph 47.

19   48.   MGA Defendants deny the allegations set forth in paragraph 48.
20   49.   MGA Defendants deny the allegations set forth in paragraph 49.
21   50.   MGA Defendants are without sufficient knowledge to admit or
22   deny the allegation that MGA publicized a claim that, in 2005, it had increased its
23   Mexican market share by 90% over the prior year, and on that basis, deny this
24   allegation, and deny the remaining allegations set forth in paragraph 50.

25   51.   MGA Defendants deny the allegations set forth in paragraph 51.
26   52.   MGA Defendants deny the allegations set forth in paragraph 52.
27   53.   MGA Defendants admit that on October 27, 2005, Mexican
28   authorities searched MGAE de Mexico and seized certain documents, and state that

LA2:841935.2                           - 7 -

EXHIBIT 29
PAGE 1027

1   they are without sufficient knowledge to admit or deny the remaining allegations
2   set forth in paragraph 53, and on that basis, deny the remaining allegations set forth
3   in paragraph 53.

4   54.   MGA Defendants admit that Machado was transferred from
5   MGAE de Mexico to MGA's office in Van Nuys, California, admit that Machado
6   resides in the County of Los Angeles, and deny the remaining allegations set forth
7   in paragraph 54.

8   55.   MGA Defendants admit the allegations set forth in the first
9   sentence of paragraph 55. MGA Defendants admit that Tyco Toys hired Brawer on
10  April 22, 1996, and state that they are without sufficient knowledge to admit or
11  deny the remaining allegations set forth in the second sentence of paragraph 55, and
12  on that basis, deny the remaining allegations set forth in the second sentence of
13  paragraph 55. MGA Defendants admit the allegations set forth in third sentence of
14  paragraph 55. MGA Defendants admit that on April 9, 1997, Brawer became a
15  Marketing Director for Mattel in Mount Laurel, New Jersey, and state that the
16  remaining allegations in the fourth sentence of paragraph 55 are a statement of
17  Mattel's legal position, to which no response is necessary. To the extent a response
18  is required, MGA Defendants deny the remaining allegations set forth in paragraph
19  55.

20  56.   MGA Defendants are without sufficient knowledge to admit or
21  deny the allegations set forth in paragraph 56, and on that basis, deny the
22  allegations set forth in paragraph 56. The last sentence of paragraph 56 is a
23  statement of Mattel's legal position, to which no response is necessary. To the
24  extent a response is required, MGA Defendants deny the remaining allegations set
25  forth in paragraph 56.

26  57.   MGA Defendants admit that by 2003, Brawer had advanced
27  within Mattel to a Senior Vice President position over customer marketing, and
28  state that the remaining allegations in the first sentence of paragraph 57 are a

EXHIBIT _____

PAGE ____

**EXHIBIT 29
PAGE 1028**

1   statement of Mattel's legal position, to which no response is necessary. To the
2   extent a response is required, MGA Defendants deny the remaining allegations set
3   forth in the first sentence of paragraph 57. MGA Defendants admit that in his
4   executive position, Brawer was provided access to certain nonpublic Mattel
5   information.

6         58.   MGA Defendants admit the allegations set forth in the first
7   sentence of paragraph 58. MGA Defendants deny the allegations set forth in the
8   second sentence of paragraph 58. MGA Defendants are without sufficient
9   knowledge to admit or deny the remaining allegations set forth in paragraph 58, and
10  on that basis, deny the remaining allegations set forth in paragraph 58.

11        59.   MGA Defendants are without sufficient knowledge to admit or
12  deny the allegations set forth in paragraph 59, and on that basis, deny the
13  allegations set forth in paragraph 59.

14        60.   MGA Defendants admit that in April 2004, Mattel made Brawer
15  a Senior Vice President/General Manager, and state that they are without sufficient
16  knowledge to admit or deny the remaining allegations set forth in paragraph 60, and
17  on that basis, deny the remaining allegations set forth in paragraph 60.

18        61.   MGA Defendants admit that in May 2004, Brawer began
19  performing General Manager duties, working with one of Mattel's major retail
20  customer accounts, and state that they are without sufficient knowledge to admit or
21  deny the remaining allegations set forth in paragraph 61, and on that basis, deny the
22  remaining allegations set forth in paragraph 61.

23        62.   MGA Defendants admit the allegations set forth in the first
24  sentence of paragraph 62. MGA Defendants admit that as Brawer left, he carried a
25  large cardboard box, and deny the remaining allegations set forth in the second
26  sentence of paragraph 62. MGA Defendants state that they are without sufficient
27  knowledge to admit or deny the remaining allegations set forth in paragraph 62, and
28  on that basis, deny the remaining allegations set forth in paragraph 62.

LA2:841935.2                                      - 9 -

PAGE _____

**EXHIBIT 29**
**PAGE 1029**

63.     MGA Defendants admit the allegations set forth in paragraph 63.

64.     MGA Defendants admit that on September 20, 2004, Mattel hand-delivered a letter to Brawer, state that the contents of the letter speak for themselves, and deny the remaining allegations set forth in paragraph 64.

65.     MGA Defendants admit that at his exit interview on September 29, 2004, Brawer was given a copy of an agreement with Tyco that he had signed on April 22, 1996, and a copy of Mattel's Code of Conduct, admit that Brawer stated that he had not signed the Code of Conduct, and deny the remaining allegations set forth in paragraph 65.

66.     MGA Defendants admit that on October 1, 2004, Brawer's last day of employment with Mattel, Mattel delivered a letter to Brawer, state that the contents of the letter speak for themselves, and deny the remaining allegations set forth in paragraph 66.

67.     MGA Defendants admit that Brawer became MGA's Executive Vice President of Sales and Marketing, admit that he was responsible for sales worldwide, admit that he had and continues to have responsibility for MGA's accounts with some of the same retailers that he worked with while at Mattel, and deny the remaining allegations set forth in paragraph 67.

68.     MGA Defendants admit that Brawer stated during his exit interview that he had returned all confidential proprietary information to Mattel, state that he did not provide copies of information from his personal contacts file, and deny the remaining allegations set forth in paragraph 68.

69.     MGA Defendants admit that since leaving Mattel, Brawer has had contacts with certain Mattel employees, both by telephone and electronic mail, and deny the remaining allegations set forth in paragraph 69.

70.     MGA Defendants deny the allegations set forth in paragraph 70.

EXHIBIT 29
PAGE 1030

1    71.    MGA Defendants are without sufficient knowledge to admit or

2    deny the allegations set forth in paragraph 71, and on that basis, deny the

3    allegations set forth in paragraph 71.

4    72.    MGA Defendants are without sufficient knowledge to admit or

5    deny the allegations set forth in paragraph 72, and on that basis, deny the

6    allegations set forth in paragraph 72.

7    73.    MGA Defendants admit that on September 26, 2005, Brisbois

8    resigned from Mattel Canada, state that she took a position as Vice President of

9    National Accounts at MGAE Canada, and deny the remaining allegations set forth

10   in the first sentence of paragraph 73. MGA Defendants are without sufficient

11   knowledge to admit or deny the remaining allegations set forth in paragraph 73, and

12   on that basis, deny the remaining allegations set forth in paragraph 73.

13   74.    MGA Defendants admit that Brisbois spoke with Isaac Larian

14   by telephone on or about the evening of September 22, 2005, deny that Brisbois

15   copied approximately 45 Mattel documents onto a USB or thumb drive on that

16   same date, deny that Brisbois concealed the thumb drive the last time she left

17   Mattel Canada's office, and state that they are without sufficient knowledge to

18   admit or deny the remaining allegations set forth in paragraph 74, and on that basis,

19   deny the remaining allegations set forth in paragraph 74.

20   75.    MGA Defendants are without sufficient knowledge to admit or

21   deny the allegations set forth in paragraph 75, and on that basis, deny the

22   allegations set forth in paragraph 75.

23   76.    MGA Defendants admit that Brisbois traveled several times to

24   MGA's offices in Van Nuys, California and met with Larian and Brawer, that

25   MGA issued a press release, state that the press release speaks for itself, and state

26   that they are without sufficient knowledge to admit or deny the remaining

27   allegations set forth in paragraph 76 and, on that basis, deny the remaining

28   allegations set forth in paragraph 76.

LA2:841935.2                    - 11 -

EXHIBIT 29
PAGE 1031

77.   MGA Defendants admit that MGA has hired at least 25 employees directly from Mattel's United States operations in the past few years, and deny the remaining allegations set forth in paragraph 77.

78.   MGA Defendants deny the allegations set forth in the first sentence of paragraph 78. MGA Defendants admit that Larian has sent email messages to a "Bratz News" distribution list, admit that the recipients of e-mail messages sent to the "Bratz News" distribution list includes members of the media as well as representatives of customers of both MGA and Mattel, and deny the remaining allegations set forth in paragraph 78.

79.   MGA Defendants admit that on May 12, 2006, Larian sent an email message to the "Bratz News" distribution list that included a reference to the new My Scene product with real gems, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 79, and on that basis, deny the remaining allegations set forth in paragraph 79.

80.   MGA Defendants admit that Larian told one retailer that such retailer was the only retailer with plans to purchase MY SCENE BLING BLING with real gems, at a time when Larian had a good faith belief that such retailer was the only retailer with plans to purchase MY SCENE BLING BLING with real gems, and deny the remaining allegations set forth in paragraph 80.

81.   MGA Defendants deny the allegation set forth in paragraph 81.

82.   MGA Defendants repeat their responses contained in paragraphs 1 through 81 of this Answer and incorporate them by reference as though fully and completely set forth herein.

83.   MGA Defendants deny the allegations set forth in paragraph 83.

84.   MGA Defendants deny the allegations set forth in paragraph 84.

85.   MGA Defendants deny the allegations set forth in paragraph 85.

86.   MGA Defendants deny the allegations set forth in paragraph 86.

87.   MGA Defendants deny the allegations set forth in paragraph 87.

EXHIBIT 29
PAGE 1032

1    88.   MGA Defendants repeat their responses contained in paragraphs
2  1 through 87 of this Answer and incorporate them by reference as though fully and
3  completely set forth herein.

4    89.   MGA Defendants deny the allegations set forth in paragraph 89.
5    90.   MGA Defendants deny the allegations set forth in paragraph 90.
6    91.   MGA Defendants deny the allegations set forth in paragraph 91.
7    92.   MGA Defendants deny the allegations set forth in paragraph 92.
8    93.   MGA Defendants deny the allegations set forth in paragraph 93.
9    94.   MGA Defendants deny the allegations set forth in paragraph 94.
10   95.   MGA Defendants deny the allegations set forth in paragraph 95.
11   96.   MGA Defendants deny the allegations set forth in paragraph 96.
12   97.   MGA Defendants deny the allegations set forth in paragraph 97.
13   98.   MGA Defendants repeat their responses contained in paragraphs
14  1 through 97 of this Answer and incorporate them by reference as though fully and
15  completely set forth herein.

16   99.   MGA Defendants deny the allegations set forth in paragraph 99.
17   100.  MGA Defendants deny the allegations set forth in paragraph
18  100.

19   101.  MGA Defendants deny the allegations set forth in paragraph
20  101.

21   102.  MGA Defendants deny the allegations set forth in paragraph
22  102.

23   103.  MGA Defendants deny the allegations set forth in paragraph
24  103.

25   104.  MGA Defendants deny the allegations set forth in paragraph
26  104.

27   105.  MGA Defendants deny the allegations set forth in paragraph
28  105.

LA2:841935.2                                    - 13 -

1      106.   MGA Defendants repeat their responses contained in paragraphs
2  1 through 105 of this Answer and incorporate them by reference as though fully and
3  completely set forth herein.

4      107.   MGA Defendants deny the allegations set forth in paragraph
5  107.

6      108.   MGA Defendants deny the allegations set forth in paragraph
7  108.

8      109.   MGA Defendants deny the allegations set forth in paragraph
9  109.

10     110.   MGA Defendants deny the allegations set forth in paragraph
11  110.

12     111.   MGA Defendants deny the allegations set forth in paragraph
13  111.

14     112.   MGA Defendants deny the allegations set forth in paragraph
15  112.

16     113.   MGA Defendants deny the allegations set forth in paragraph
17  113.

18     114.   MGA Defendants deny the allegations set forth in paragraph
19  114.

20     115.   MGA Defendants deny the allegations set forth in paragraph
21  115.

22     116.   MGA Defendants repeat their responses contained in paragraphs
23  1 through 115 of this Answer and incorporate them by reference as though fully and
24  completely set forth herein.

25     117.   MGA Defendants deny the remaining allegations set forth in
26  paragraph 117.

27     118.   MGA Defendants deny the allegations set forth in paragraph
28  118.

LA2:841935.2                          - 14 -

EXHIBIT 29
PAGE 1034

119.    MGA Defendants deny the allegations set forth in paragraph 119.

120.    MGA Defendants deny the allegations set forth in paragraph 120.

121.    MGA Defendants deny the allegations set forth in paragraph 121.

122.    MGA Defendants repeat their responses contained in paragraphs 1 through 121 of this Answer and incorporate them by reference as though fully and completely set forth herein.

123.    MGA Defendants deny the allegations set forth in paragraph 123.

124.    MGA Defendants deny the allegations set forth in paragraph 124.

125.    MGA Defendants deny the allegations set forth in paragraph 125.

126.    MGA Defendants deny the allegations set forth in paragraph 126.

127.    MGA Defendants deny the allegations set forth in paragraph 127.

128.    MGA Defendants deny the allegations set forth in paragraph 128.

129.    MGA Defendants repeat their responses contained in paragraphs 1 through 128 of this Answer and incorporate them by reference as though fully and completely set forth herein.

130.    The first and fifth sentences of paragraph 130 are statements of Mattel's legal position, to which no response is necessary. To the extent a response is required, MGA Defendants deny the allegations set forth in the first and fifth sentences of paragraph 130. MGA Defendants are without sufficient knowledge to

LA2:841935.2                                    - 15 -

EXHIBIT 29
PAGE 1035

1   admit or deny the remaining allegations set forth in paragraph 130, and on that

2   basis, deny the remaining allegations set forth in  paragraph 130.

3            131.   MGA Defendants deny the allegations set forth in paragraph

4   131.

5            132.   MGA Defendants deny the allegations set forth in paragraph

6   132.

7            133.   MGA Defendants deny the allegations set forth in paragraph

8   133.

9            134.   MGA Defendants deny the allegations set forth in paragraph

10   134.

11            135.   MGA Defendants deny the allegations set forth in paragraph

12   135.

13            136.   MGA Defendants repeat their responses contained in paragraphs

14   1 through 135 of this Answer and incorporate them by reference as though fully and

15   completely set forth herein.

16            137.   MGA Defendants deny the allegations set forth in paragraph

17   137.

18            138.   MGA Defendants deny the allegations set forth in paragraph

19   138.

20            139.   MGA Defendants deny the allegations set forth in paragraph

21   139.

22            140.   MGA Defendants deny the allegations set forth in paragraph

23   140.

24            141.   MGA Defendants deny the allegations set forth in paragraph

25   141.

26            142.   MGA Defendants repeat their responses contained in paragraphs

27   1 through 141 of this Answer and incorporate them by reference as though fully and

28   completely set forth herein.

LA2:841935.2

- 16 -

EXHIBIT 29
PAGE 1036

143. Paragraph 143 is a statement of Mattel's legal position, to which no response is necessary. To the extent a response is required, MGA Defendants deny the allegations set forth in the paragraph 143.

144. MGA Defendants deny the allegations set forth in paragraph 144.

145. MGA Defendants deny the allegations set forth in paragraph 145.

146. MGA Defendants deny the allegations set forth in paragraph 146.

147. MGA Defendants deny the allegations set forth in paragraph 147.

148. MGA Defendants deny the allegations set forth in paragraph 148.

149. MGA Defendants repeat their responses contained in paragraphs 1 through 148 of this Answer and incorporate them by reference as though fully and completely set forth herein.

150. MGA Defendants deny the allegations set forth in paragraph 150.

151. MGA Defendants deny the allegations set forth in paragraph 151.

152. MGA Defendants deny the allegations set forth in paragraph 152.

153. MGA Defendants deny the allegations set forth in paragraph 153.

154. MGA Defendants deny the allegations set forth in paragraph 154.

- 17 -

EXHIBIT

EXHIBIT 29
PAGE 1037

155.   MGA Defendants repeat their responses contained in paragraphs 1 through 154 of this Answer and incorporate them by reference as though fully and completely set forth herein.

156.   MGA Defendants deny the allegations set forth in paragraph 156.

157.   MGA Defendants deny the allegations set forth in paragraph 157.

158.   MGA Defendants deny the allegations set forth in paragraph 158.

159.   MGA Defendants deny the allegations set forth in paragraph 159.

160.   MGA Defendants deny the allegations set forth in paragraph 160.

161.   MGA Defendants deny the allegations set forth in paragraph 161.

162.   MGA Defendants deny the allegations set forth in paragraph 162.

163.   MGA Defendants repeat their responses contained in paragraphs 1 through 162 of this Answer and incorporate them by reference as though fully and completely set forth herein.

164.   MGA Defendants deny the allegations set forth in paragraph 164.

165.   MGA Defendants deny the allegations set forth in paragraph 165.

166.   MGA Defendants deny the allegations set forth in paragraph 166.

EXHIBIT 29
PAGE 1038

167.   MGA Defendants repeat their responses contained in paragraphs 1 through 166 f this Answer and incorporate them by reference as though fully and completely set forth herein.

168.   MGA Defendants deny the allegations set forth in paragraph 168.

169.   Paragraph 169 is a statement of Mattel's legal position, to which no response is necessary. To the extent a response is required, MGA Defendants deny the allegations set forth in the paragraph 169.

170.   Paragraph 170 is a statement of Mattel's legal position, to which no response is necessary. To the extent a response is required, MGA Defendants deny the allegations set forth in the paragraph 170.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of MGA Defendants or any Counter-Defendant, and without admitting that Mattel suffered any loss, damage, or injury, MGA Defendants allege the following affirmative defenses to the Counterclaims. By designating the following as affirmative defenses, MGA Defendants do not in any way waive or limit any defenses which are or may be raised by their denials, allegations, and averments set forth herein. MGA Defendants also do not, by alleging any affirmative defense, admit that Mattel does not have the burden of proof for any or all facts underlying any of those defenses. These defenses are pled in the alternative, and are raised to preserve the rights of MGA Defendants to assert such defenses, and are without prejudice to their ability to raise other and further defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Mattel's counterclaims fail to state a claim against MGA Defendants upon which relief can be granted.

LA2:841935.2

- 19 -

EXHIBIT 29
PAGE 1039

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands/*in Pari Delicto*)

Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands and wrongful acts. This affirmative defense is based, in part, on Mattel's efforts to undermine MGA's business and to "kill" Bratz at any cost which include, but are not limited to, Mattel's efforts to infringe and dilute MGA's trade dress, copy MGA's products, packaging, themes, and advertising (including for Mattel products My Scene, Diva Starz, Wee 3 Friends, Acceleracers, Polly Pocket, and Little Mommy products, to name a few), and engage in other acts of unfair competition against MGA as alleged in MGA's complaint against Mattel; Mattel's efforts to create negative publicity or press about MGA, MGA products, Bryant, Larian, or MGA employees; Mattel's efforts to fund or commission market research or studies that portray Bratz or MGA products negatively; Mattel's efforts to interfere with MGA's acquisition of or investment in Zapf Creation AG; Mattel's efforts to include negative references to MGA or Bratz on Mattel's "We Believe in Girls" website; Mattel's efforts or intent to interfere with business dealings or contractual relations between MGA and Smoby Group; Mattel's influencing Nickelodeon to reject MGA advertisements or to limit time slots for advertisements; assisting parties in lawsuits against MGA; Mattel's monitoring, "spying on" or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development; gaining access, or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses; Mattel's wrongfully obtaining MGA's costs and sales information through Mattel-employed category managers at retailers; Mattel's inducing non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products; Mattel's covertly investigating MGA, its officers and employees, and their family members; Mattel's contacting persons under false

EXHIBIT 29
PAGE 1040

1  pretense in order to interrogate them about Bratz and this litigation; Mattel's
2  coercing its employees to accept restrictive covenants (right before a massive
3  layoff) and non-compete clauses and other efforts to prevent prospective MGA
4  employees from accepting offers of employment; Mattel's delay in suing Carter
5  Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel
6  case; Mattel's falsely inflating its Barbie sales figures in an effort to mislead the
7  public and retailers; and Mattel's taking all measures to conceal its bad acts,
8  including the willful non-retention and destruction of documents. Additionally,
9  Mattel believed from the time that Carter Bryant left Mattel's employ that he was
10 going to perform work for a Mattel competitor. Mattel began investigating Bryant
11 and MGA Defendants, including Bryant's role in the creation and development of
12 Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring
13 suit, all the while allowing MGA Defendants to spend years developing their
14 business and invest tens of millions of dollars developing the Bratz products and
15 building the Bratz brand. These averments are made on information and belief
16 except where MGA Defendants have knowledge thereof.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

19     Mattel's counterclaims are barred by the equitable doctrine of laches
20 because, among other things, Mattel believed from the time that Carter Bryant left
21 Mattel's employ that he was going to perform work for a Mattel competitor. Mattel
22 began investigating Bryant and MGA Defendants, including Bryant's role in the
23 creation and development of Bratz, at least as early as March 2002 and thereafter
24 continued its investigation into Bryant's role in the creation and development of
25 Bratz, as well as his work with MGA, in August 2002 after Mattel's CEO, Robert
26 Eckert, received an "anonymous letter" that claimed that Bryant stole the idea for
27 Bratz from Mattel and sold it to MGA Defendants. Nonetheless, Mattel waited
28 years to bring suit, all the while allowing MGA Defendants to spend years

LA2:841935.2                                    - 21 -

EXHIBIT 29
PAGE 1041

1    developing their business and invest tens of millions of dollars developing the Bratz

2    products and building the Bratz brand.

**FOURTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

5       Mattel's counterclaims are barred by the applicable statutes of limitations,

6    including but not limited to, 18 U.S.C. § 1961 *et seq.*, 17 U.S.C. § 507(b), and Code

7    of Civil Procedure §§ 337, 339, 343 and 338(c).

**FIFTH AFFIRMATIVE DEFENSE**

(*Bona Fide* Purchaser for Value)

10       Mattel cannot maintain its counterclaims against MGA Defendants because

11    MGA Defendants paid valuable consideration for Bryant's assignment of his rights

12    in the original Bratz drawings to MGA Defendants, and MGA Defendants acted

13    with a good faith belief that Bryant owned the rights to his original Bratz drawings

14    and that his assignment of such rights to MGA Defendants was valid and

15    permissible.

**SIXTH AFFIRMATIVE DEFENSE**

(17 U.S.C. § 205(d))

18       Mattel cannot maintain its counterclaims against MGA Defendants because,

19    among other things, MGA Defendants acted with a good faith belief that Bryant

20    owned the rights to his original Bratz drawings and that his assignment of such

21    rights to MGA Defendants was valid and permissible.

**SEVENTH AFFIRMATIVE DEFENSE**

(Information Readily Ascertainable)

24       MGA Defendants cannot be liable, either on their own account or by

25    association with other defendants, for misappropriation of information that was

26    readily ascertainable by proper means at the time of the alleged acquisition or use.

27    Such information includes, but is not limited to, the identity of suppliers,

28

**EXHIBIT 29**
**PAGE 1042**

1 | manufacturers, distributors and retailers; contact information for the same; and
2 | sales, marketing and media data.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Acts or Omissions of Others)

Mattel's damages, if any, were not caused by MGA Defendants and are not attributable to any acts or omissions of MGA Defendants.

### NINTH AFFIRMATIVE DEFENSE

#### (Estoppel)

Mattel's counterclaims are barred in whole or in part by the equitable doctrine of estoppel because, among other things, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor. Mattel began investigating Bryant and MGA Defendants, including Bryant's role in the creation and development of Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing MGA Defendants to spend years developing their business and invest tens of millions of dollars developing the Bratz products and building the Bratz brand.

### TENTH AFFIRMATIVE DEFENSE

#### (Acquiescence)

Mattel's counterclaims are barred in whole or in part by acquiescence because, among other things, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor. Mattel began investigating Bryant and MGA Defendants, including Bryant's role in the creation and development of Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing MGA Defendants to spend years developing their business and invest tens of millions of dollars developing the Bratz products and building the Bratz brand. Additionally, Mattel tolerated and condoned conduct by other employees similar to the alleged conduct by Bryant and others on which Mattel bases its claims.

LA2:841935.2

- 23 -

**EXHIBIT 29**
**PAGE 1043**

1

## ELEVENTH AFFIRMATIVE DEFENSE

2

### (Failure to Mitigate)

3       MGA Defendants deny that Mattel suffered any damages, but even if it did,

4   Mattel failed to take reasonable steps to mitigate those purported damages.

5

## TWELFTH AFFIRMATIVE DEFENSE

6

### (No Statutory Damages or Attorneys' Fees)

7       Mattel is barred from recovering statutory damages and/or attorneys' fees

8   because it failed to register the copyrights that are purportedly at issue within the

9   time required by 17 U.S.C. § 412.

10

## THIRTEENTH AFFIRMATIVE DEFENSE

11

### (Waiver)

12       Mattel's counterclaims are barred in whole or in part by waiver because,

13   among other things, Mattel believed from the time that Carter Bryant left Mattel's

14   employ that he was going to perform work for a Mattel competitor.  Mattel began

15   investigating Bryant and MGA Defendants, including Bryant's role in the creation

16   and development of Bratz, at least as early as March 2002.  Nonetheless, Mattel

17   waited years to bring suit, all the while allowing MGA Defendants to spend years

18   developing their business and invest tens of millions of dollars developing the Bratz

19   products and building the Bratz brand.

20

## FOURTEENTH AFFIRMATIVE DEFENSE

21

### (Abandonment)

22       Mattel has abandoned any interest it may have had in the alleged copyrighted

23   works.

24

## FIFTEENTH AFFIRMATIVE DEFENSE

25

### (*De Minimus* Use)

26       MGA Defendants deny that Mattel owns any copyright interest in the alleged

27   works, but even if Mattel could craft a claim that the Bratz dolls incorporate an

28

LA2:841935.2

- 24 -

EXHIBIT 29
PAGE 1044

1 | aspect of a Mattel copyrighted work, such use would be *de minimus* and non-
2 | infringing.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Joint Authorship)

MGA Defendants deny that Mattel owns any copyright interest in the alleged works, but even if it did, any liability would be eliminated or greatly diminished by the doctrine of joint authorship.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Competition Privilege/Justification)

Mattel's counterclaims are barred in whole or in part on the grounds that the acts of the MGA Defendants were lawful competition or justified.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Good Faith)

Mattel's counterclaims are barred in whole or in part because the MGA Defendants acted in good faith.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Lack of Authority)

Mattel's counterclaims are barred in whole or in part on the grounds that to the extent any person committed an unlawful or tortious act, the person lacked authority to commit such act on behalf of the MGA Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Joinder in Defenses of Co-Defendants)

MGA Defendants hereby adopt and incorporate by reference any and all other affirmative defenses that have been or will be asserted by any other defendant (including Bryant) in this litigation to the extent that defendants may share in such

**EXHIBIT 29**
**PAGE 1045**

1    affirmative defenses.

2    ## TWENTY-SECOND AFFIRMATIVE DEFENSE

3    (Undiscovered Defenses)

4    MGA Defendants have insufficient knowledge or information upon which to

5    form a belief as to whether additional defenses are available.  MGA Defendants

6    reserve the right to assert any further or additional defenses upon receiving more

7    complete information regarding the matters alleged in the Counterclaims, through

8    discovery or otherwise.

9

10    WHEREFORE, MGA Entertainment, Inc., MGA Entertainment (HK)

11    Limited, and MGAE de Mexico S.R.L. de C.V., pray for relief as follows:

12        a.    that the Counterclaims be dismissed with prejudice;

13        b.    that judgment be entered in favor of counter-defendants and against

14    counterclaimant;

15        c.    that counter-defendants recover their costs and attorneys' fees; and

16        d.    that the Court award such other and further relief as is just and proper.

17

18    Dated: September 19, 2007        O'MELVENY & MYERS LLP

19

20

21                                 Marc F. Feinstein
Attorneys for Counter-defendants

22    MGA Entertainment, Inc., Isaac Larian,
MGA Entertainment (HK) Limited, and

23    MGAE de Mexico S.R.L. de C.V.

24

25

26

27

28

LA2:841935.2

- 26 -

**EXHIBIT 29
PAGE 1046**

1

## PROOF OF SERVICE

2

I, Karen A. Nakatsu, declare:

3

4

I am a resident of the State of California and over the age of eighteen years, and
not a party to the within action; my business address is 400 South Hope Street, Los Angeles,
California 90071-2899. On September 19, 2007, I served the within document(s):

5

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF**

6

**MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT
(HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V.**

7

**TO MATTEL, INC.'S SECOND AMENDED ANSWER AND
COUNTERCLAIMS**

8

☒       by causing to be personally served the document(s) listed above to the person(s)
listed below.

9

10

John B. Quinn, Esq.
Michael T. Zeller, Esq.

11

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP

12

865 South Figueroa Street,
10th Floor

Los Angeles, CA 90017

13

14

☒       by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at Los Angeles, California addressed as set

15

forth below. I am readily familiar with the firm's practice of collecting and
processing correspondence for mailing. Under that practice it would be deposited

16

with the U.S. Postal Service on that same day with postage thereon fully prepaid in
the ordinary course of business. I am aware that on motion of the party served,

17

service is presumed invalid if the postal cancellation date or postage meter date is
more than one day after date of deposit for mailing in affidavit.

18

19

Patricia Glaser, Esq.               Michael H. Page, Esq.
Christensen, Glaser, Fink, Jacobs,   Keker & Van Nest LLP

20

Weil & Shapiro, LLP               710 Sansome Street
10250 Constellation Blvd.,         San Francisco, CA 94111

21

19th Floor
Los Angeles, CA 90067

22

23

James W. Spertus, Esq.
Law Offices of James W. Spertus

24

12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

25

26

27

28

LA2:817525.2

**EXHIBIT 29**
**PAGE 1047**

1    I declare under penalty of perjury under the laws of the United States that the above is true and correct.

2

3    Executed on September 19, 2007, at Los Angeles, California.

4

5    _Karen a. Nakatsu_
     Karen A. Nakatsu

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2:817525.2

EXHIBIT _____

PAGE _____

**EXHIBIT 29
PAGE 1048**

**EXHIBIT 30**

1

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3                EASTERN DIVISION

4                 -- -- --

5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                 -- -- --

7   CARTER BRYANT, ET. AL.,        )

8                PLAINTIFFS,        )

9         VS.                       )   NO. ED CV 04-09049
                                    )   (LEAD LOW NUMBER)
10  MATTEL, INC., ET. AL.,          )

11               DEFENDANTS.        )   MOTIONS
                                    )
12  AND CONSOLIDATED ACTIONS,       )
                                    )

13

14

15        REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17            MONDAY, JANUARY 7, 2008

18                 10:11 A.M.

19

20

21

22

23          THERESA A. LANZA, RPR, CSR
         FEDERAL OFFICIAL COURT REPORTER
24          3470 12TH STREET, RM. 134
         RIVERSIDE, CALIFORNIA   92501
25             951-274-0844
           CSR11457@SBCGLOBAL.NET    EXHIBIT

**EXHIBIT 30**
**PAGE 1049**

JANUARY 7, 2008              BRYANT VS. MATTEL

18

1    LONG TIME THAT THEY WILL HAVE WITH MY CLIENT, YOUR HONOR.

2              THE COURT:  THANK YOU, COUNSEL.

3              MS. ANDERSON:  THANK YOU.

4              THE COURT:  MR. NOLAN?

5              MR. NOLAN:  THANK YOU.                              10:3

6              YOUR HONOR, I WOULD BE REMISS IF I DID NOT START OUT

7    BY SAYING THAT LAST EVENING, ONE OF THE LAST THINGS I READ IN

8    PREPARING FOR THE HEARING THIS MORNING WAS THE OCTOBER 31ST

9    TRANSCRIPT.  WHEN I WAS HERE, I WAS JUST KIND OF NEW TO THE

10   CASE AND SAYING WE NEEDED JUST A BRIEF STAY UNTIL JANUARY 15TH  10:3

11   FOR THE DEPOSITIONS.  AND MR. QUINN PROPERLY POINTED OUT THAT

12   WE'RE A BIG FIRM; ALL FIRMS KIND OF PARACHUTE IN; BASICALLY,

13   SUCK IT UP AND GET READY.

14             I HAVE TO TELL YOU, YOUR HONOR, THAT WE HAVE DONE

15   THAT, AND THE NOTION THAT THERE'S BEEN ANY DELAY, I THINK, IS   10:3

16   JUST BELIED BY THE ACTUAL FACTS.  IF I COULD JUST TELL YOU A

17   LITTLE BIT ABOUT WHAT WE'VE BEEN DOING TO GET THIS CASE READY,

18   AND THEN COME UP WITH A PROPOSAL FOR YOU WITH RESPECT TO THE

19   DISCOVERY REQUEST.

20             FROM THE BEGINNING OF TIME IN THIS CASE -- AND QUINN  10:3

21   HAS BEEN THERE FOREVER -- THERE'S BEEN 4,600 REQUESTS FOR

22   ADMISSIONS; 2,865 REQUESTS FOR PRODUCTION; 131 30(B)(6) TOPICS;

23   50-PLUS THIRD-PARTY SUBPOENAS; 63 INTERROGATORIES.  WE'VE

24   PRODUCED, MGA HAS PRODUCED, YOUR HONOR, ABOUT 3.8 MILLION.

25             INTERESTINGLY, QUINN EMANUEL, WHO'S BEEN IN THIS CASE 10:3

EXHIBIT ____

PAGE ____

**EXHIBIT 30**
**PAGE 1050**

JANUARY 7, 2008                    BRYANT VS. MATTEL

1    FOR FOUR YEARS, JUST RECENTLY, ON JANUARY 2ND AND JANUARY 4TH,

2    DOUBLED THEIR PRODUCTION, DROPPED ON US ABOUT A HALF MILLION

3    PAGES OF DOCUMENTS, WITHOUT ANY EXPLANATION AS TO WHY THESE

4    DOCUMENTS WERE NOT PRODUCED.  WE'RE STILL GOING THROUGH THEM.

5         SINCE WE'VE COME INTO THE CASE, SINCE SKADDEN CAME                 10:3:

6    INTO THE CASE AND MR. QUINN DID NOT WANT TO GIVE THE RELIEF

7    THAT WE REQUESTED, WE WENT TO THE MAT, AS DID MGA, AT ENORMOUS

8    EXPENSE.  WE BROUGHT IN ALMOST 50 LAWYERS TO DEAL WITH

9    OUTSTANDING ISSUES.  WE'VE ANSWERED 2,584 REQUESTS FOR

10   ADMISSIONS; WE'VE ANSWERED 101 INTERROGATORIES; WE'VE PRODUCED         10:3:

11   1.6 MILLION PAGES IN DOCUMENTS.  WE HAD TO FILE 17 OPPOSITION

12   BRIEFS TO MATTEL.

13        IF THERE'S ANY NOTION HERE, YOUR HONOR, THAT WE

14   DISAGREE WITH POSITIONS IN DISCOVERY, WITH ALL DUE RESPECT,

15   MATTEL HAS WRITTEN THE BOOK ON THIS.                                   10:3

16        **THE COURT:**  THAT'S WHY, MR. NOLAN, I WAS VERY CAREFUL

17   IN MY INITIAL REMARKS THAT I AM NOT SUGGESTING ANY FAULT

18   WHATSOEVER IN YOUR PRODUCTION PATTERN SINCE COMING INTO THE

19   CASE.  I'VE READ WHAT YOU'VE PRODUCED, AND I HAVE A SENSE THAT

20   YOU AND YOUR FIRM HAVE WORKED AS HARD AS HUMANLY POSSIBLE TO DO        10:3

21   WHAT YOU CAN.

22        I GUESS MY TENTATIVE STEMS MORE FROM WHAT I PERCEIVE

23   AS THE GOOD CAUSE SHOWN FOR SOME ADDITIONAL DISCOVERY IN LIGHT

24   OF WHAT IS BEING PRODUCED, AND THE DELAY IN THE SENSE THAT IT'S

25   BEING PRODUCED NOW AS OPPOSED TO EARLIER.  AND I'M NOT                 10:3

**EXHIBIT 30**
**PAGE 1051**

36

1    GIVEN DURING THE HEARING ABOUT WHO WAS SUPPOSED TO DO IT AND

2    WHAT WAS SUPPOSED TO BE IN IT.

3         WE WERE NOT TRYING TO BE DIFFICULT.

4         YOUR HONOR, FRANKLY, IN THIS LITIGATION, WHICH IS

5    SCORCHED EARTH LITIGATION IF I'VE EVER SEEN IT, WE'VE SPENT, MY    10:5

6    CLIENT AND MYSELF AND MY FIRM, A LOT OF TIME DEFENDING

7    OURSELVES AGAINST WHAT WE VIEW TO BE INCESSANT ACTIVITIES BY

8    MATTEL TO SORT OF MAKE WORK, FILE BRIEFS, DO THINGS FOR

9    SITUATIONS WHERE WE DO NOT BELIEVE IT IS APPROPRIATE, AND WE

10   THINK IT IS HARASSING.  AND THIS APPEARED TO US TO BE YET    10:5

11   ANOTHER SITUATION WHERE WE WERE BEING DRIVEN TO DO THE SAME

12   THING OVER AND OVER AGAIN.

13        THAT IS SORT OF THE CONTEXT OF THE SITUATION WE'VE

14   BEEN DEALING WITH, YOUR HONOR.

15        **THE COURT:**  THANK YOU, COUNSEL.    10:5

16        MR. OVERLAND, DO YOU WISH TO SPEAK ON BEHALF OF

17   MR. MACHADO GOMEZ?

18        **MR. OVERLAND:**  YES, YOUR HONOR.

19        DOES THE COURT WISH ME TO JUST ADDRESS THE CONTENTS

20   OF THE DECLARATION?    10:5

21        **THE COURT:**  YOU MAY ADDRESS THE COURT'S TENTATIVE ON

22   THIS, AND THAT'S TO MAKE IT CLEAR TO THE PARTIES THAT ALL

23   PARTIES NEED TO SUBMIT THE AFFIDAVIT.  BUT PARTICULARLY WITH

24   RESPECT TO THE DECLARATION THAT HAS BEEN SUBMITTED ON BEHALF OF

25   YOUR CLIENT, I DON'T THINK IT FULLY CAPTURES WHAT THE COURT HAS    10:5

**EXHIBIT 30**
**PAGE 1052**

59

1                                  CERTIFICATE

2

3    I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
4    THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
     ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
5    CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
     THE UNITED STATES.

6

7    _____        _____1-16-08_____

8    THERESA A. LANZA, CSR, RPR                          DATE
     FEDERAL OFFICIAL COURT REPORTER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**EXHIBIT 30**
**PAGE 1053**

JANUARY 7, 2008                           BRYANT VS. MATTEL