Exhibit #12
Glamorous Barbies


Celebration Barbie

EXHIBIT 52
PAGE 1660

CONFIDENTIAL –
ATTORNEYS EYES ONLY



Grand Entrance Barbie



Flamingo Barbie

EXHIBIT 52
PAGE 1661

CONFIDENTIAL —
ATTORNEYS EYES ONLY

13

EXHIBIT 52
PAGE 1662

Exhibit #13
Bratz Products





EXHIBIT 52
PAGE 1663

CONFIDENTIAL –
ATTORNEYS EYES ONLY

64





EXHIBIT 52
PAGE 1664

CONFIDENTIAL —
ATTORNEYS EYES ONLY

14

EXHIBIT 52
PAGE 1665

## Exhibit #14
## Bratz Packaging





EXHIBIT 52
PAGE 1666

CONFIDENTIAL –
ATTORNEYS EYES ONLY





EXHIBIT 52
PAGE 1667

CONFIDENTIAL –
ATTORNEYS EYES ONLY

67

15

EXHIBIT 52
PAGE 1668

Exhibit #15
Prior Art



art by Margaret Keane



Blythe doll

EXHIBIT 52
PAGE 1669

CONFIDENTIAL --
ATTORNEYS EYES ONLY



Speed Racer

EXHIBIT 52
PAGE 1670

CONFIDENTIAL –
ATTORNEYS EYES ONLY

16

EXHIBIT 52
PAGE 1671

Exhibit #16
Diva Starz and Toon Teens



Diva Starz



Toon Teens

EXHIBIT 52
PAGE 1672

CONFIDENTIAL —
ATTORNEYS EYES ONLY

17

EXHIBIT 52
PAGE 1673

Exhibit #17
My Scene Foot





EXHIBIT 52
PAGE 1674

CONFIDENTIAL --
ATTORNEYS EYES ONLY

71

**EXHIBIT 53**

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 90378)
2   (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys for Plaintiff
    Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                EASTERN DIVISION

12

| | |
|---|---|
| 13   CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 14         Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 15     v. | Hon. Stephen G. Larson |
| 16   MATTEL, INC., a Delaware Corporation, | MATTEL, INC.'S AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA'S SECOND SET OF REQUESTS FOR ADMISSION |
| 17 | |
| 18         Defendant, | |
| 19   AND CONSOLIDATED ACTIONS. | |
| 20 | |

21   PROPOUNDING PARTY:  MGA ENTERTAINMENT, INC.

22   RESPONDING PARTY:     MATTEL, INC.

23   SET NO.:                         TWO (2)

24

25

26

27

28                                   **EXHIBIT 53**
                                      **PAGE 1575**

12 - 4

1   Mattel hereby provides amended and supplemental responses to certain
2   of MGA Entertainment Inc.'s Second Set of Requests for Admission to Mattel, Inc.
3   as follows:

4

5                            **Preliminary Statement**

6   Mattel has not yet completed its investigation of the facts relating to
7   this action, has not yet reviewed all documents relating to this action, has not yet
8   interviewed all witnesses in this action, has yet to propound or receive additional
9   discovery with regard to this action, and has not yet calculated its damages as
10  discovery is not yet complete.  Consequently, Mattel reserves the right to amend
11  and/or supplement its responses if and when additional facts or documents are
12  discovered.  Additionally, because Mattel's responses are based on facts and
13  documents that Mattel has identified to date, they do not preclude Mattel from later
14  relying on facts or documents discovered or generated pursuant to subsequent
15  investigation or discovery.  Mattel's partial response to any of the Second Set of
16  Requests for Admission (the "Requests") is not to be construed as a waiver of any of
17  its objections or its right to object to any other request.

18                            **General Objections**

19  Mattel objects to each of the Requests on each and every one of the
20  following grounds:

21      1.      Mattel objects to the Requests on the grounds that they call for
22  information that is not relevant to the claims or defenses of the pending action, nor
23  reasonably calculated to lead to the discovery of admissible evidence.

24      2.      Mattel objects to the Requests on the grounds that they are
25  unduly burdensome, premature and vague and ambiguous in that the type and
26  amount damages that Mattel may recover and has suffered as a result of the
27  misconduct alleged in Mattel's Complaint and the other facts necessary to answer
28  the Requests are uniquely known by defendants and by third parties within

EXHIBIT 53
PAGE 1576

7209/2238755.6

1  defendants' control, but are not fully known by Mattel at this juncture because

2  defendants have not disclosed information to Mattel.  Mattel further anticipates that

3  defendants and/or additional persons associated with defendants, but who have not

4  yet been deposed or who have not yet been identified, have knowledge pertinent to

5  the topics that are the subject of the Requests.

6          3.     Mattel objects to the Requests as overbroad, unduly burdensome

7  and oppressive on the grounds that they seek admissions relating to all "Bratz"

8  products, which MGA does not identify, and only some of which Mattel may be

9  aware, and are an attempt to harass Mattel.

10          4.     Mattel objects to the Requests on the grounds that they seek to

11  impose obligations upon Mattel beyond those required by the Federal Rules of Civil

12  Procedure.  In particular, Instruction No. 2 purports to demand that "Mattel shall

13  answer these Requests for Admission with admissions or denials."  The Instruction

14  is therefore contrary to Federal Rule of Civil Procedure 36(a), which states that an

15  answer "shall specifically deny the matter or set forth in detail why the answering

16  party cannot truthfully admit or deny the matter."  (Emphasis added.)  It further

17  provides that a party may give lack of information as a reason for failure to admit or

18  deny if the party "has made reasonable inquiry" and "the information known or

19  readily available to the party is insufficient to enable the party to admit or deny."

20          5.     Mattel objects to the Requests on the grounds that they call for

21  the disclosure of information subject to the attorney-client privilege, the attorney

22  work-product doctrine, or any other applicable privileges, including the privilege

23  against disclosure of the identities and work product of consulting experts.  Such

24  information will not be disclosed.       **EXHIBIT 53**

                                                                     **PAGE 1577**

25          6.     Mattel objects to the Requests on the grounds that the definitions

26  of "Bratz" and "Mattel" are overbroad, vague, ambiguous, and non-specific.

27          7.     Mattel objects to the Requests on the grounds that such discovery

28  from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead

7209/2238755.6

1  to the discovery of admissible evidence in that Mattel's actions in relation to the
2  "Bratz" line of products are not at issue in this action and are irrelevant to the claims
3  and defenses in this suit.  Rather, at issue are the actions of defendants and third
4  parties associated with defendants in connection with the projects that defendant
5  Bryant worked on with defendant MGA, which is information known to and within
6  the possession, custody and control of defendants and their associated third parties,
7  not Mattel, including because defendants refuse to disclose it.

8       8.    Mattel objects to the Requests on the grounds that they seek
9  confidential, proprietary and trade secret information.  Such information, to the
10  extent it is relevant to this action and either has been or will be produced, has been
11  and will be produced in reliance upon and pursuant to protective order.

12      9.    Mattel objects to the Requests on the grounds that they seek
13  confidential, proprietary and trade secret information that has no bearing on the
14  claims or defenses in this case.

15      10.   Mattel objects to the Requests on the grounds that they are
16  premature and seek to circumvent the expert disclosure provisions of the Federal
17  and Local Rules.  Mattel has not yet computed or calculated its damages and has not
18  yet engaged any testifying expert to compute or calculate its damages or on any
19  other matter contained within the Requests that may be the subject of expert
20  testimony.  Mattel will disclose such testimony in the manner, and at the time,
21  provided for by the Federal and Local Rules and the Court's Orders.

22      **Specific Objections And Responses To Requests For Admission**

23      Each of the following objections and responses to the Requests is
24  expressly made subject to the above Preliminary Statement and General Objections,
25  all of which are incorporated in each of the following objections and responses to
26  specific requests.

27

28

**EXHIBIT 53**
**PAGE 1578**

7209/2238755.6

-3-

1 | **REQUEST FOR ADMISSION NO. 15:**

2 |       Admit that YOU are seeking to recover, by way of YOUR

3 | COMPLAINT, damages for lost profits due to lost sales in the United States caused

4 | by BRATZ.

5 |

6 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

7 |       In addition to the foregoing general objections, which are incorporated

8 | herein by reference, Mattel specifically objects to this Request on the grounds that it

9 | is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>

10 | and <u>Local Rules</u>. Mattel further objects to this Request as vague and ambiguous,

11 | including without limitation the term "Bratz." "Bratz" potentially covers a range of

12 | products and matters, including matters that MGA has not specified. Mattel further

13 | objects to this Request as compound. Mattel further objects to this Request on the

14 | grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is

15 | undefined. Mattel further objects to this Request on the grounds that it is undefined,

16 | oppressive, overbroad and unduly burdensome in that it seeks an admission for each

17 | "image, character, logo, doll, toy, accessory, product, packaging, or other thing or

18 | matter that is or has ever been manufactured, marketed or sold by MGA, or others

19 | under license, as part of a line of goods or merchandise commonly known as, or sold

20 | and marketed under the 'Bratz' trademark or trade dress." For these same reasons,

21 | Mattel further objects to the Request on the grounds that it seeks information that is

22 | not relevant to this action nor likely to lead to the discovery of admissible evidence.

23 | Mattel further objects to this Request as unreasonably burdensome and premature in

24 | that the facts necessary to determine the full nature and extent of Mattel's relief and

25 | damages from defendants' acts or omissions are known by defendants and third

26 | parties associated with defendants, but the facts are not fully known by Mattel at this

27 | juncture because of defendants' refusals to produce basic discovery, including as to

28 | matters that are the subject of pending motions to compel. Mattel further objects on

EXHIBIT 53
PAGE 1579

1   the grounds that the phrases "due to lost sales" and "caused by BRATZ" are vague

2   and ambiguous in that lost sales of any product could potentially be at issue and the

3   manner in which "BRATZ" could potentially "cause" such lost sales is unspecified.

4          Subject to and without waiving the foregoing general and specific

5   objections, Mattel states that it is seeking revenues and profits (including without

6   limitation through disgorgement) that defendants and other parties have obtained

7   from "Bratz" on its claims alleged in the Mattel, Inc. v. Bryant case and that it does

8   not intend to attempt to quantify as a measure of recoverable damages on its claims

9   in the Mattel, Inc. v. Bryant case the amount of sales of Mattel products Mattel has

10  marketed to date which Mattel has or may have lost because of "Bratz."  Mattel

11  further states that its investigation into, and discovery regarding, defendants' thefts

12  of Mattel's trade secrets and other claims asserted in, and the conduct at issue in, the

13  MGA Entertainment, Inc. v. Mattel, Inc. case (including Mattel's Counterclaims

14  therein) is ongoing, and Mattel reserves the right to seek any and all damages

15  remedies (including without limitation lost profits) in connection with such

16  conduct.  Furthermore, Mattel states that its damages will be the subject of expert

17  opinion, which will be disclosed at the time and in the manner required by the Rules

18  and Court Orders.

19

20  **REQUEST FOR ADMISSION NO. 16:**

21         Admit that YOU are seeking to recover, by way of YOUR

22  COMPLAINT, damages for lost profits due to lost sales in the United States caused

23  by FIRST BRATZ DOLLS.

EXHIBIT 53
PAGE 1580

24

25  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

26         In addition to the foregoing general objections, which are incorporated

27  herein by reference, Mattel specifically objects to this Request on the grounds that it

28  is premature and seeks to circumvent the expert disclosure provisions of the Federal

1  and <u>Local Rules</u>. Mattel further objects to this Request as vague and ambiguous,

2  including without limitation as to the term "First Bratz Dolls." "First Bratz Dolls"

3  potentially covers a range of products and matters, including matters that MGA has

4  not specified. Mattel further objects to this Request as compound. Mattel further

5  objects to this Request on the grounds that it is vague and ambiguous in that the

6  term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request on

7  the grounds that it is undefined, oppressive, overbroad and unduly burdensome in

8  that it seeks an admission for each "image, character, logo, doll, toy, accessory,

9  product, packaging, or other thing or matter that is or has ever been manufactured,

10  marketed or sold by MGA, or others under license, as part of a line of goods or

11  merchandise commonly known as, or sold and marketed under the 'Bratz' trademark

12  or trade dress" for eight different SKU numbers. For these same reasons, Mattel

13  further objects to the Request on the grounds that it seeks information that is not

14  relevant to this action nor likely to lead to the discovery of admissible evidence.

15  Mattel further objects to this Request as unreasonably burdensome and premature in

16  that the facts necessary to determine the full nature and extent of Mattel's relief and

17  damages from defendants' acts or omissions are known by defendants and third

18  parties associated with defendants, but the facts are not fully known by Mattel at this

19  juncture because of defendants' refusals to produce basic discovery, including as to

20  matters that are the subject of pending motions to compel. Mattel further objects on

21  the grounds that the phrases "due to lost sales" and "caused by FIRST BRATZ

22  DOLLS" are vague and ambiguous in that lost sales of any product could potentially

23  be at issue and the manner in which "FIRST BRATZ DOLLS" could potentially

24  "cause" such lost sales is unspecified.

25     Subject to and without waiving the foregoing general and specific

26  objections, Mattel states that it is seeking revenues and profits (including without

27  limitation through disgorgement) that defendants and other parties have obtained

28

**EXHIBIT 53
PAGE 1581**

1  from "First Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and

2  that it does not intend to attempt to quantify as a measure of recoverable damages on

3  its claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products

4  Mattel has marketed to date which Mattel has or may have lost because of "First

5  Bratz Dolls."  Mattel further states that its investigation into, and discovery

6  regarding, defendants' thefts of Mattel's trade secrets and other claims asserted in,

7  and the conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel</u> case (including

8  Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any

9  and all damages remedies (including without limitation lost profits) in connection

10  with such conduct.  Furthermore, Mattel states that its damages will be the subject of

11  expert opinion, which will be disclosed at the time and in the manner required by the

12  <u>Rules</u> and Court Orders.

13

14

15  **REQUEST FOR ADMISSION NO. 17:**

16          Admit that YOU are seeking to recover, by way of YOUR

17  COMPLAINT, damages for lost profits due to lost sales in the United States caused

18  by BRATZ DOLLS.                                    **EXHIBIT 53**
                                                       **PAGE 1582**
19

20  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

21          In addition to the foregoing general objections, which are incorporated

22  herein by reference, Mattel specifically objects to this Request on the grounds that it

23  is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>

24  and <u>Local Rules</u>.  Mattel further objects to this Request as vague and ambiguous,

25  including without limitation as to the term "Bratz Dolls."  "Bratz Dolls" potentially

26  covers a range of products and matters, including matters that MGA has not

27  specified.  Mattel further objects to this Request as compound.  Mattel further

28  objects to this Request on the grounds that it is vague and ambiguous in that the

1  term "YOUR COMPLAINT" is undefined.  Mattel further objects to this Request on

2  the grounds that it is undefined, oppressive, overbroad and unduly burdensome in

3  that it seeks an admission for each "image, character, logo, doll, toy, accessory,

4  product, packaging, or other thing or matter that is or has ever been manufactured,

5  marketed or sold by MGA, or others under license, as part of a line of goods or

6  merchandise commonly known as, or sold and marketed under the 'Bratz' trademark

7  or trade dress," with very few exceptions.  For these same reasons, Mattel further

8  objects to the Request on the grounds that it seeks information that is not relevant to

9  this action nor likely to lead to the discovery of admissible evidence.  Mattel further

10  objects to this Request as unreasonably burdensome and premature in that the facts

11  necessary to determine the full nature and extent of Mattel's relief and damages from

12  defendants' acts or omissions are known by defendants and third parties associated

13  with defendants, but the facts are not fully known by Mattel at this juncture because

14  of defendants' refusals to produce basic discovery, including as to matters that are

15  the subject of pending motions to compel.  Mattel further objects on the grounds that

16  the phrases "due to lost sales" and "caused by BRATZ DOLLS" are vague and

17  ambiguous in that lost sales of any product could potentially be at issue and the

18  manner in which "BRATZ DOLLS" could potentially "cause" such lost sales is

19  unspecified.                                      **EXHIBIT 53**
                                                      **PAGE 1583**

20          Subject to and without waiving the foregoing general and specific

21  objections, Mattel admits that it is seeking revenues and profits (including without

22  limitation through disgorgement) that defendants and other parties have obtained

23  from "Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it

24  does not intend to attempt to quantify as a measure of recoverable damages on its

25  claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products

26  Mattel has marketed to date which Mattel has or may have lost because of "Bratz

27  Dolls."  Mattel further states that its investigation into, and discovery regarding,

28  defendants' thefts of Mattel's trade secrets and other claims asserted in, and the

1  conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including
2  Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any
3  and all damages remedies (including without limitation lost profits) in connection
4  with such conduct. Furthermore, Mattel states that its damages will be the subject of
5  expert opinion, which will be disclosed at the time and in the manner required by the
6  <u>Rules</u> and Court Orders.

7

8  **REQUEST FOR ADMISSION NO. 18:**

9          Admit that YOU are seeking to recover, by way of YOUR
10  COMPLAINT, damages for lost profits due to lost sales worldwide caused by
11  BRATZ.

12

13  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

14          In addition to the foregoing general objections, which are incorporated
15  herein by reference, Mattel specifically objects to this Request on the grounds that it
16  is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>
17  and <u>Local Rules.</u> Mattel further objects to this Request as vague and ambiguous,
18  including without limitation as to the term "Bratz." "Bratz" potentially covers a
19  range of products and matters, including matters that MGA has not specified.
20  Mattel further objects to this Request as compound. Mattel further objects to this
21  Request on the grounds that it is vague and ambiguous in that the term "YOUR
22  COMPLAINT" is undefined. Mattel further objects to this Request on the grounds
23  that it is undefined, oppressive, overbroad and unduly burdensome in that it seeks an
24  admission for each "image, character, logo, doll, toy, accessory, product, packaging,
25  or other thing or matter that is or has ever been manufactured, marketed or sold by
26  MGA, or others under license, as part of a line of goods or merchandise commonly
27  known as, or sold and marketed under the 'Bratz' trademark or trade dress." For
28  these same reasons, Mattel further objects to the Request on the grounds that it seeks

EXHIBIT 53
PAGE 1584

7209/2238755.6

-9-

1  information that is not relevant to this action nor likely to lead to the discovery of
2  admissible evidence. Mattel further objects to this Request as unreasonably
3  burdensome and premature in that the facts necessary to determine the full nature
4  and extent of Mattel's relief and damages from defendants' acts or omissions are
5  known by defendants and third parties associated with defendants, but the facts are
6  not fully known by Mattel at this juncture because of defendants' refusals to produce
7  basic discovery, including as to matters that are the subject of pending motions to
8  compel. Mattel further objects on the grounds that the phrases "due to lost sales"
9  and "caused by BRATZ " are vague and ambiguous in that lost sales of any product
10 could potentially be at issue and the manner in which "BRATZ" could potentially
11 "cause" such lost sales is unspecified.

12          Subject to and without waiving the foregoing general and specific
13 objections, Mattel admits that it is seeking revenues and profits (including without
14 limitation through disgorgement) that defendants and other parties have obtained
15 from "Bratz" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it does
16 not intend to attempt to quantify as a measure of recoverable damages on its claims
17 in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products Mattel has
18 marketed to date which Mattel has or may have lost because of "Bratz." Mattel
19 further states that its investigation into, and discovery regarding, defendants' thefts
20 of Mattel's trade secrets and other claims asserted in, and the conduct at issue in the
21 <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including Mattel's Counterclaims
22 therein) is ongoing, and Mattel reserves the right to seek any and all damages
23 remedies (including without limitation lost profits) in connection with such
24 conduct. Furthermore, Mattel states that its damages will be the subject of expert
25 opinion, which will be disclosed at the time and in the manner required by the <u>Rules</u>
26 and Court Orders.

27

28

**EXHIBIT 53**
**PAGE 1585**

1  **REQUEST FOR ADMISSION NO. 19:**

2          Admit that YOU are seeking to recover, by way of YOUR

3  COMPLAINT, damages for lost profits due to lost sales worldwide caused by

4  FIRST BRATZ DOLLS.

5

6  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

7          In addition to the foregoing general objections, which are incorporated

8  herein by reference, Mattel specifically objects to this Request on the grounds that it

9  is premature and seeks to circumvent the expert disclosure provisions of the Federal

10  and Local Rules. Mattel further objects to this Request as vague and ambiguous,

11  including without limitation as to the term "First Bratz Dolls." "First Bratz Dolls"

12  potentially covers a range of products and matters, including matters that MGA has

13  not specified. Mattel further objects to this Request as compound. Mattel further

14  objects to this Request on the grounds that it is vague and ambiguous in that the

15  term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request on

16  the grounds that it is undefined, oppressive, overbroad and unduly burdensome in

17  that it seeks an admission for each "image, character, logo, doll, toy, accessory,

18  product, packaging, or other thing or matter that is or has ever been manufactured,

19  marketed or sold by MGA, or others under license, as part of a line of goods or

20  merchandise commonly known as, or sold and marketed under the 'Bratz' trademark

21  or trade dress" for eight different SKU numbers. For these same reasons, Mattel

22  further objects to the Request on the grounds that it seeks information that is not

23  relevant to this action nor likely to lead to the discovery of admissible evidence.

24  Mattel further objects to this Request as unreasonably burdensome and premature in

25  that the facts necessary to determine the full nature and extent of Mattel's relief and

26  damages from defendants' acts or omissions are known by defendants and third

27  parties associated with defendants, but the facts are not fully known by Mattel at this

28  juncture because of defendants' refusals to produce basic discovery, including as to

**EXHIBIT 53**
**PAGE 1586**

-11-

1   matters that are the subject of pending motions to compel.  Mattel further objects on

2   the grounds that the phrases "due to lost sales" and "caused by FIRST BRATZ

3   DOLLS" are vague and ambiguous in that lost sales of any product could potentially

4   be at issue and the manner in which "FIRST BRATZ DOLLS" could potentially

5   "cause" such lost sales is unspecified.

6          Subject to and without waiving the foregoing general and specific

7   objections, Mattel admits that it is seeking revenues and profits (including without

8   limitation through disgorgement) that defendants and other parties have obtained

9   from "First Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and

10  that it does not intend to attempt to quantify as a measure of recoverable damages on

11  its claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products

12  Mattel has marketed to date which Mattel has or may have lost because of "First

13  Bratz Dolls."  Mattel further states that its investigation into, and discovery

14  regarding, defendants' thefts of Mattel's trade secrets and other claims asserted in,

15  and the conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case

16  (including Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right

17  to seek any and all damages remedies (including without limitation lost profits) in

18  connection with such conduct.  Furthermore, Mattel states that its damages will be

19  the subject of expert opinion, which will be disclosed at the time and in the manner

20  required by the <u>Rules</u> and Court Orders.

21

22  **REQUEST FOR ADMISSION NO. 20:**

23          Admit that YOU are seeking to recover, by way of YOUR

24  COMPLAINT, damages for lost profits due to lost sales worldwide caused by

25  BRATZ DOLLS.

26

27

28                                                    **EXHIBIT 53**
                                                      **PAGE 1587**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that it is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local Rules</u>. Mattel further objects to this Request as vague and ambiguous, including without limitation as to the term "Bratz Dolls." "Bratz Dolls" potentially covers a range of products and matters, including matters that MGA has not specified. Mattel further objects to this Request as compound. Mattel further objects to this Request on the grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request on the grounds that it is undefined, oppressive, overbroad and unduly burdensome in that it seeks an admission for each "image, character, logo, doll, toy, accessory, product, packaging, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the 'Bratz' trademark or trade dress," with very few exceptions. For these same reasons, Mattel further objects to the Request on the grounds that it seeks information that is not relevant to this action nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but the facts are not fully known by Mattel at this juncture because of defendants' refusals to produce basic discovery, including as to matters that are the subject of pending motions to compel. Mattel further objects on the grounds that the phrases "due to lost sales" and "caused by BRATZ DOLLS" are vague and ambiguous in that lost sales of any product could potentially be at issue and the manner in which "BRATZ DOLLS" could potentially "cause" such lost sales is unspecified.

1    Subject to and without waiving the foregoing general and specific
2    objections, Mattel admits that it is seeking revenues and profits (including without
3    limitation through disgorgement) that defendants and other parties have obtained
4    from "Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it
5    does not intend to attempt to quantify as a measure of recoverable damages on its
6    claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products
7    Mattel has marketed to date which Mattel has or may have lost because of "Bratz
8    Dolls." Mattel further states that its investigation into, and discovery regarding,
9    defendants' thefts of Mattel's trade secrets and other claims asserted in, and the
10    conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including
11    Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any
12    and all damages remedies (including without limitation lost profits) in connection
13    with such conduct. Furthermore, Mattel states that its damages will be the subject of
14    expert opinion, which will be disclosed at the time and in the manner required by the
15    <u>Rules</u> and Court Orders.

16

17    **REQUEST FOR ADMISSION NO. 21:**

18    Admit that YOU are not seeking to recover, by way of YOUR
19    COMPLAINT, damages for lost profits due to lost sales in the United States caused
20    by BRATZ.

21

**EXHIBIT 53**
**PAGE 1589**

22    **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

23    In addition to the foregoing general objections, which are incorporated
24    herein by reference, Mattel specifically objects to this Request on the grounds that it
25    is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>
26    and <u>Local Rules</u>. Mattel further objects to this Request as vague and ambiguous,
27    including without limitation as to the term "Bratz." "Bratz" potentially covers a
28    range of products and matters, including matters that MGA has not specified.

1   Mattel further objects to this Request as compound.  Mattel further objects to this
2   Request on the grounds that it is vague and ambiguous in that the term "YOUR
3   COMPLAINT" is undefined.  Mattel further objects to this Request on the grounds
4   that it is undefined, oppressive, overbroad and unduly burdensome in that it seeks an
5   admission for each "image, character, logo, doll, toy, accessory, product, packaging,
6   or other thing or matter that is or has ever been manufactured, marketed or sold by
7   MGA, or others under license, as part of a line of goods or merchandise commonly
8   known as, or sold and marketed under the 'Bratz' trademark or trade dress."  For
9   these same reasons, Mattel further objects to the Request on the grounds that it seeks
10  information that is not relevant to this action nor likely to lead to the discovery of
11  admissible evidence.  Mattel further objects to this Request as unreasonably
12  burdensome and premature in that the facts necessary to determine the full nature
13  and extent of Mattel's relief and damages from defendants' acts or omissions are
14  known by defendants and third parties associated with defendants, but the facts are
15  not fully known by Mattel at this juncture because of defendants' refusals to produce
16  basic discovery, including as to matters that are the subject of pending motions to
17  compel.  Mattel further objects on the grounds that the phrases "due to lost sales"
18  and "caused by BRATZ" are vague and ambiguous in that lost sales of any product
19  could potentially be at issue and the manner in which "BRATZ " could potentially
20  "cause" such lost sales is unspecified.

EXHIBIT 53
PAGE 1590

21                  Subject to and without waiving the foregoing general and specific
22  objections, Mattel admits that it is seeking revenues and profits (including without
23  limitation through disgorgement) that defendants and other parties have obtained
24  from "Bratz" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it does
25  not intend to attempt to quantify as a measure of recoverable damages on its claims
26  in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products Mattel has
27  marketed to date which Mattel has or may have lost because of "Bratz."  Mattel
28  further states that its investigation into, and discovery regarding, defendants' thefts

1 | of Mattel's trade secrets and other claims asserted in, and the conduct at issue in the

2 | MGA Entertainment, Inc. v. Mattel, Inc. case (including Mattel's Counterclaims

3 | therein) is ongoing, and Mattel reserves the right to seek any and all damages

4 | remedies (including without limitation lost profits) in connection with such

5 | conduct. Furthermore, Mattel states that its damages will be the subject of expert

6 | opinion, which will be disclosed at the time and in the manner required by the Rules

7 | and Court Orders.

8

9 | **REQUEST FOR ADMISSION NO. 22:**

10 | Admit that YOU are not seeking to recover, by way of YOUR

11 | COMPLAINT, damages for lost profits due to lost sales in the United States caused

12 | by FIRST BRATZ DOLLS.

13

14 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

15 | In addition to the foregoing general objections, which are incorporated

16 | herein by reference, Mattel specifically objects to this Request on the grounds that it

17 | is premature and seeks to circumvent the expert disclosure provisions of the Federal

18 | and Local Rules. Mattel further objects to this Request as vague and ambiguous,

19 | including without limitation as to the term "First Bratz Dolls." "First Bratz Dolls"

20 | potentially covers a range of products and matters, including matters that MGA has

21 | not specified. Mattel further objects to this Request as compound. Mattel further

22 | objects to this Request on the grounds that it is vague and ambiguous in that the

23 | term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request on

24 | the grounds that it is undefined, oppressive, overbroad and unduly burdensome in

25 | that it seeks an admission for each "image, character, logo, doll, toy, accessory,

26 | product, packaging, or other thing or matter that is or has ever been manufactured,

27 | marketed or sold by MGA, or others under license, as part of a line of goods or

28 | merchandise commonly known as, or sold and marketed under the 'Bratz' trademark

1   or trade dress" for eight different SKU numbers.  For these same reasons, Mattel

2   further objects to the Request on the grounds that it seeks information that is not

3   relevant to this action nor likely to lead to the discovery of admissible evidence.

4   Mattel further objects to this Request as unreasonably burdensome and premature in

5   that the facts necessary to determine the full nature and extent of Mattel's relief and

6   damages from defendants' acts or omissions are known by defendants and third

7   parties associated with defendants, but the facts are not fully known by Mattel at this

8   juncture because of defendants' refusals to produce basic discovery, including as to

9   matters that are the subject of pending motions to compel.  Mattel further objects on

10  the grounds that the phrases "due to lost sales" and "caused by FIRST BRATZ

11  DOLLS" are vague and ambiguous in that lost sales of any product could potentially

12  be at issue and the manner in which "FIRST BRATZ DOLLS" could potentially

13  "cause" such lost sales is unspecified.

14          Subject to and without waiving the foregoing general and specific

15  objections, Mattel admits that it is seeking revenues and profits (including without

16  limitation through disgorgement) that defendants and other parties have obtained

17  from "First Bratz Dolls" on its claims alleged in the Mattel, Inc. v. Bryant case and

18  that it does not intend to attempt to quantify as a measure of recoverable damages on

19  its claims in the Mattel, Inc. v. Bryant case the amount of sales of Mattel products

20  Mattel has marketed to date which Mattel has or may have lost because of "First

21  Bratz Dolls."  Mattel further states that its investigation into, and discovery

22  regarding, defendants' thefts of Mattel's trade secrets and other claims asserted in,

23  and the conduct at issue in the MGA Entertainment, Inc. v. Mattel, Inc. case

24  (including Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right

25  to seek any and all damages remedies (including without limitation lost profits) in

26  connection with such conduct.  Furthermore, Mattel states that its damages will be

27  the subject of expert opinion, which will be disclosed at the time and in the manner

28  required by the Rules and Court Orders.

**EXHIBIT 53**
**PAGE 1592**

-17-

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU are not seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales in the United States caused by BRATZ DOLLS.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that it is premature and seeks to circumvent the expert disclosure provisions of the Federal and Local Rules. Mattel further objects to this Request as vague and ambiguous, including without limitation as to the term "Bratz Dolls." "Bratz Dolls" potentially covers a range of products and matters, including matters that MGA has not specified. Mattel further objects to this Request as compound. Mattel further objects to this Request on the grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request on the grounds that it is undefined, oppressive, overbroad and unduly burdensome in that it seeks an admission for each "image, character, logo, doll, toy, accessory, product, packaging, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the 'Bratz' trademark or trade dress," with very few exceptions. For these same reasons, Mattel further objects to the Request on the grounds that it seeks information that is not relevant to this action nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but the facts are not fully known by Mattel at this juncture because of defendants' refusals to produce basic discovery, including as to matters that are

**EXHIBIT 53**
**PAGE 1593**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1 | the subject of pending motions to compel. Mattel further objects on the grounds that
2 | the phrases "due to lost sales" and "caused by BRATZ DOLLS" are vague and
3 | ambiguous in that lost sales of any product could potentially be at issue and the
4 | manner in which "BRATZ DOLLS" could potentially "cause" such lost sales is
5 | unspecified.

6 |       Subject to and without waiving the foregoing general and specific
7 | objections, Mattel admits that it is seeking revenues and profits (including without
8 | limitation through disgorgement) that defendants and other parties have obtained
9 | from "Bratz Dolls" on its claims alleged in the Mattel, Inc. v. Bryant case and that it
10 | does not intend to attempt to quantify as a measure of recoverable damages on its
11 | claims in the Mattel, Inc. v. Bryant case the amount of sales of Mattel products
12 | Mattel has marketed to date which Mattel has or may have lost because of "Bratz
13 | Dolls." Mattel further states that its investigation into, and discovery regarding,
14 | defendants' thefts of Mattel's trade secrets and other claims asserted in, and the
15 | conduct at issue in the MGA Entertainment, Inc. v. Mattel, Inc. case (including
16 | Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any
17 | and all damages remedies (including without limitation lost profits) in connection
18 | with such conduct. Furthermore, Mattel states that its damages will be the subject of
19 | expert opinion, which will be disclosed at the time and in the manner required by the
20 | Rules and Court Orders.

21 |

22 | **REQUEST FOR ADMISSION NO. 24:**

23 |       Admit that YOU are not seeking to recover, by way of YOUR
24 | COMPLAINT, damages for lost profits due to lost sales worldwide caused by
25 | BRATZ.

26 |
27 |
28 |

**EXHIBIT 53**
**PAGE 1594**

7209/2238755.6

-19-

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that it is premature and seeks to circumvent the expert disclosure provisions of the Federal and Local Rules. Mattel further objects to this Request as vague and ambiguous, including without limitation as to the term "Bratz." "Bratz" potentially covers a range of products and matters, including matters that MGA has not specified. Mattel further objects to this Request as compound. Mattel further objects to this Request on the grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request on the grounds that it is undefined, oppressive, overbroad and unduly burdensome in that it seeks an admission for each "image, character, logo, doll, toy, accessory, product, packaging, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the 'Bratz' trademark or trade dress." For these same reasons, Mattel further objects to the Request on the grounds that it seeks information that is not relevant to this action nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but the facts are not fully known by Mattel at this juncture because of defendants' refusals to produce basic discovery, including as to matters that are the subject of pending motions to compel. Mattel further objects on the grounds that the phrases "due to lost sales" and "caused by BRATZ" are vague and ambiguous in that lost sales of any product could potentially be at issue and the manner in which "BRATZ" could potentially "cause" such lost sales is unspecified.

**EXHIBIT 53**
**PAGE 1595**

1    Subject to and without waiving the foregoing general and specific

2 objections, Mattel admits that it is seeking revenues and profits (including without

3 limitation through disgorgement) that defendants and other parties have obtained

4 from "Bratz" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it does

5 not intend to attempt to quantify as a measure of recoverable damages on its claims

6 in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products Mattel has

7 marketed to date which Mattel has or may have lost because of "Bratz." Mattel

8 further states that its investigation into, and discovery regarding, defendants' thefts

9 of Mattel's trade secrets and other claims asserted in, and the conduct at issue in the

10 <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including Mattel's Counterclaims

11 therein) is ongoing, and Mattel reserves the right to seek any and all damages

12 remedies (including without limitation lost profits) in connection with such

13 conduct. Furthermore, Mattel states that its damages will be the subject of expert

14 opinion, which will be disclosed at the time and in the manner required by the <u>Rules</u>

15 and Court Orders.

16

17 **REQUEST FOR ADMISSION NO. 25:**

18    Admit that YOU are not seeking to recover, by way of YOUR

19 COMPLAINT, damages for lost profits due to lost sales worldwide caused by

20 FIRST BRATZ DOLLS.

EXHIBIT 53
PAGE 1596

21

22 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

23    In addition to the foregoing general objections, which are incorporated

24 herein by reference, Mattel specifically objects to this Request on the grounds that it

25 is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>

26 and <u>Local Rules</u>. Mattel further objects to this Request as vague and ambiguous,

27 including without limitation as to the term "First Bratz Dolls." "First Bratz Dolls"

28 potentially covers a range of products and matters, including matters that MGA has

-21-

1  not specified.  Mattel further objects to this Request as compound.  Mattel further
2  objects to this Request on the grounds that it is vague and ambiguous in that the
3  term "YOUR COMPLAINT" is undefined.  Mattel further objects to this Request on
4  the grounds that it is undefined, oppressive, overbroad and unduly burdensome in
5  that it seeks an admission for each "image, character, logo, doll, toy, accessory,
6  product, packaging, or other thing or matter that is or has ever been manufactured,
7  marketed or sold by MGA, or others under license, as part of a line of goods or
8  merchandise commonly known as, or sold and marketed under the 'Bratz' trademark
9  or trade dress" for eight different SKU numbers.  For these same reasons, Mattel
10  further objects to the Request on the grounds that it seeks information that is not
11  relevant to this action nor likely to lead to the discovery of admissible evidence.
12  Mattel further objects to this Request as unreasonably burdensome and premature in
13  that the facts necessary to determine the full nature and extent of Mattel's relief and
14  damages from defendants' acts or omissions are known by defendants and third
15  parties associated with defendants, but the facts are not fully known by Mattel at this
16  juncture because of defendants' refusals to produce basic discovery, including as to
17  matters that are the subject of pending motions to compel.  Mattel further objects on
18  the grounds that the phrases "due to lost sales" and "caused by FIRST BRATZ
19  DOLLS" are vague and ambiguous in that lost sales of any product could potentially
20  be at issue and the manner in which "FIRST BRATZ DOLLS" could potentially
21  "cause" such lost sales is unspecified.

**EXHIBIT 53**
**PAGE 1597**

22        Subject to and without waiving the foregoing general and specific
23  objections, Mattel admits that it is seeking revenues and profits (including without
24  limitation through disgorgement) that defendants and other parties have obtained
25  from "First Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and
26  that it does not intend to attempt to quantify as a measure of recoverable damages on
27  its claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products
28  Mattel has marketed to date which Mattel has or may have lost because of "First

7209/2238755.6

1  Bratz Dolls."  Mattel further states that its investigation into, and discovery

2  regarding, defendants' thefts of Mattel's trade secrets and other claims asserted in,

3  and the conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case

4  (including Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right

5  to seek any and all damages remedies (including without limitation lost profits) in

6  connection with such conduct.  Furthermore, Mattel states that its damages will be

7  the subject of expert opinion, which will be disclosed at the time and in the manner

8  required by the <u>Rules</u> and Court Orders.

9

10  **REQUEST FOR ADMISSION NO. 26:**

11          Admit that YOU are not seeking to recover, by way of YOUR

12  COMPLAINT, damages for lost profits due to lost sales worldwide caused by

13  BRATZ DOLLS.

14

15  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

16          In addition to the foregoing general objections, which are incorporated

17  herein by reference, Mattel specifically objects to this Request on the grounds that it

18  is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>

19  and <u>Local Rules</u>.  Mattel further objects to this Request as vague and ambiguous,

20  including without limitation as to the term "Bratz Dolls."  Bratz Dolls" potentially

21  covers a range of products and matters, including matters that MGA has not

22  specified.  Mattel further objects to this Request as compound.  Mattel further

23  objects to this Request on the grounds that it is vague and ambiguous in that the

24  term "YOUR COMPLAINT" is undefined.  Mattel further objects to this Request on

25  the grounds that it is undefined, oppressive, overbroad and unduly burdensome in

26  that it seeks an admission for each "image, character, logo, doll, toy, accessory,

27  product, packaging, or other thing or matter that is or has ever been manufactured,

28  marketed or sold by MGA, or others under license, as part of a line of goods or

7209/2238755.6

**EXHIBIT 53**

-23-                    **PAGE 1598**

1  merchandise commonly known as, or sold and marketed under the 'Bratz' trademark
2  or trade dress," with very few exceptions. For these same reasons, Mattel further
3  objects to the Request on the grounds that it seeks information that is not relevant to
4  this action nor likely to lead to the discovery of admissible evidence. Mattel further
5  objects to this Request as unreasonably burdensome and premature in that the facts
6  necessary to determine the full nature and extent of Mattel's relief and damages from
7  defendants' acts or omissions are known by defendants and third parties associated
8  with defendants, but the facts are not fully known by Mattel at this juncture because
9  of defendants' refusals to produce basic discovery, including as to matters that are
10 the subject of pending motions to compel. Mattel further objects on the grounds that
11 the phrases "due to lost sales" and "caused by BRATZ DOLLS" are vague and
12 ambiguous in that lost sales of any product could potentially be at issue and the
13 manner in which "BRATZ DOLLS" could potentially "cause" such lost sales is
14 unspecified.

15         Subject to and without waiving the foregoing general and specific
16 objections, Mattel admits that it is seeking revenues and profits (including without
17 limitation through disgorgement) that defendants and other parties have obtained
18 from "Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it
19 does not intend to attempt to quantify as a measure of recoverable damages on its
20 claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products
21 Mattel has marketed to date which Mattel has or may have lost because of "Bratz
22 Dolls." Mattel further states that its investigation into, and discovery regarding,
23 defendants' thefts of Mattel's trade secrets and other claims asserted in, and the
24 conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including
25 Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any
26 and all damages remedies (including without limitation lost profits) in connection
27 with such conduct. Furthermore, Mattel states that its damages will be the subject of
28

1  expert opinion, which will be disclosed at the time and in the manner required by the
2  Rules and Court Orders.

3

4  **REQUEST FOR ADMISSION NO. 31:**

5        Admit that YOU are seeking to recover, by way of YOUR
6  COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie"
7  line of products caused by BRATZ.

8

9  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

10       In addition to the foregoing general objections, which are incorporated
11  herein by reference, Mattel specifically objects to this Request on the grounds that it
12  is premature and seeks to circumvent the expert disclosure provisions of the Federal
13  and Local Rules. Mattel further objects to this Request as vague and ambiguous,
14  including without limitation as to the terms "Bratz" and "'Barbie' line of products."
15  "'Barbie' line of products" covers a broad spectrum of different products, including
16  without limitation hundreds of licensed products as well as products which are sold
17  as "Barbie" and/or which are sold as part of the "Barbie" brand. For these same
18  reasons, Mattel further objects to the Request on the grounds that it seeks
19  information that is not relevant to this action nor likely to lead to the discovery of
20  admissible evidence. Mattel further objects to this Request in that it is vague and
21  ambiguous to the time frame of the information it purports to seek. Mattel further
22  objects to this Request as compound. Mattel further objects to this Request on the
23  grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is
24  undefined. Mattel further objects to this Request on the grounds that it is undefined,
25  oppressive, overbroad and unduly burdensome in that it seeks an admission for each
26  "image, character, logo, doll, toy, accessory, product, packaging, or other thing or
27  matter that is or has ever been manufactured, marketed or sold by MGA, or others
28  under license, as part of a line of goods or merchandise commonly known as, or sold

**EXHIBIT 53**
**PAGE 1600**

1  and marketed under the 'Bratz' trademark or trade dress."  For these same reasons,
2  Mattel further objects to the Request on the grounds that it seeks information that is
3  not relevant to this action nor likely to lead to the discovery of admissible evidence.
4  Mattel further objects to the Request on the grounds that it is unreasonably
5  burdensome and premature in that the facts necessary to determine the full nature
6  and extent of Mattel's relief and damages from defendants' acts or omissions are
7  known by defendants and third parties associated with defendants, but are not fully
8  known by Mattel at this juncture because of defendants' refusals to produce basic
9  discovery, including as to matters that are the subject of pending motions to compel.
10  Mattel further objects on the grounds that the phrases "due to lost sales" and "caused
11  by BRATZ" are vague and ambiguous in that lost sales of any product could
12  potentially be at issue and the manner in which "BRATZ" could potentially "cause"
13  such lost sales is unspecified.

14          Subject to and without waiving the foregoing general and specific
15  objections, Mattel admits that it is seeking revenues and profits (including without
16  limitation through disgorgement) that defendants and other parties have obtained
17  from "Bratz" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it does
18  not intend to attempt to quantify as a measure of recoverable damages on its claims
19  in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products Mattel has
20  marketed to date which Mattel has or may have lost because of "Bratz."  Mattel
21  further states that its investigation into, and discovery regarding, defendants' thefts
22  of Mattel's trade secrets and other claims asserted in, and the conduct at issue in the
23  <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including Mattel's Counterclaims
24  therein) is ongoing, and Mattel reserves the right to seek any and all damages
25  remedies (including without limitation lost profits) in connection with such
26  conduct.  Furthermore, Mattel states that its damages will be the subject of expert
27  opinion, which will be disclosed at the time and in the manner required by the <u>Rules</u>
28  and Court Orders.

**EXHIBIT 53**
**PAGE 1601**

1  **REQUEST FOR ADMISSION NO. 32:**

2         Admit that YOU are not seeking to recover, by way of YOUR

3  COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie"

4  line of products caused by BRATZ.

5

6  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

7         In addition to the foregoing general objections, which are incorporated

8  herein by reference, Mattel specifically objects to this Request on the grounds that it

9  is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>

10  and <u>Local Rules</u>. Mattel further objects to this Request as vague and ambiguous,

11  including without limitation as to the terms "Bratz" and "'Barbie' line of products."

12  "'Barbie' line of products" covers a broad spectrum of different products, including

13  without limitation hundreds of licensed products as well as products which are sold

14  as "Barbie" and/or which are sold as part of the "Barbie" brand.  For these same

15  reasons, Mattel further objects to the Request on the grounds that it seeks

16  information that is not relevant to this action nor likely to lead to the discovery of

17  admissible evidence.  Mattel further objects to this Request in that it is vague and

18  ambiguous to the time frame of the information it purports to seek.  Mattel further

19  objects to this Request as compound.  Mattel further objects to this Request on the

20  grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is

21  undefined.  Mattel further objects to this Request on the grounds that it is undefined,

22  oppressive, overbroad and unduly burdensome in that it seeks an admission for each

23  "image, character, logo, doll, toy, accessory, product, packaging, or other thing or

24  matter that is or has ever been manufactured, marketed or sold by MGA, or others

25  under license, as part of a line of goods or merchandise commonly known as, or sold

26  and marketed under the 'Bratz' trademark or trade dress."  For these same reasons,

27  Mattel further objects to the Request on the grounds that it seeks information that is

28  not relevant to this action nor likely to lead to the discovery of admissible evidence.

**EXHIBIT 53**

**PAGE 1602**

-27-

1   Mattel further objects to the Request on the grounds that it is unreasonably
2   burdensome and premature in that the facts necessary to determine the full nature
3   and extent of Mattel's relief and damages from defendants' acts or omissions are
4   known by defendants and third parties associated with defendants, but are not fully
5   known by Mattel at this juncture because of defendants' refusals to produce basic
6   discovery, including as to matters that are the subject of pending motions to compel.
7   Mattel further objects on the grounds that the phrases "due to lost sales" and "caused
8   by BRATZ" are vague and ambiguous in that lost sales of any product could
9   potentially be at issue and the manner in which "BRATZ" could potentially "cause"
10   such lost sales is unspecified.

11         Subject to and without waiving the foregoing general and specific
12   objections, Mattel admits that it is seeking revenues and profits (including without
13   limitation through disgorgement) that defendants and other parties have obtained
14   from "Bratz" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it does
15   not intend to attempt to quantify as a measure of recoverable damages on its claims
16   in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products Mattel has
17   marketed to date which Mattel has or may have lost because of "Bratz."  Mattel
18   further states that its investigation into, and discovery regarding, defendants' thefts
19   of Mattel's trade secrets and other claims asserted in, and the conduct at issue in the
20   <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including Mattel's Counterclaims
21   therein) is ongoing, and Mattel reserves the right to seek any and all damages
22   remedies (including without limitation lost profits) in connection with such
23   conduct.  Furthermore, Mattel states that its damages will be the subject of expert
24   opinion, which will be disclosed at the time and in the manner required by the <u>Rules</u>
25   and Court Orders.

26

27

28

**EXHIBIT 53**
**PAGE 1603**

7209/2238755.6

-28-