1  **REQUEST FOR ADMISSION NO. 33:**

2  Admit that YOU are seeking to recover, by way of YOUR

3  COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie"

4  line of products caused by FIRST BRATZ DOLLS.

5

6  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

7  In addition to the foregoing general objections, which are incorporated

8  herein by reference, Mattel specifically objects to this Request on the grounds that it

9  is premature and seeks to circumvent the expert disclosure provisions of the Federal

10  and Local Rules.  Mattel further objects to this Request on the grounds that it is

11  vague and ambiguous in that the term "YOUR COMPLAINT" is undefined.  Mattel

12  further objects to this Request as vague and ambiguous, and overbroad and

13  oppressive, including without limitation as to the terms "First Bratz Dolls" and

14  "'Barbie' line of products."  "'Barbie' line of products" covers a broad spectrum of

15  different products, including without limitation hundreds of licensed products as

16  well as products which are sold as "Barbie" and/or which are sold as part of the

17  "Barbie" brand.  For these same reasons, Mattel further objects to the Request on the

18  grounds that it seeks information that is not relevant to this action nor likely to lead

19  to the discovery of admissible evidence.  Mattel further objects to this Request in

20  that it is vague and ambiguous to the time frame of the information it purports to

21  seek.  Mattel further objects to this Request as compound.  Mattel further objects to

22  this Request on the grounds that it is undefined, oppressive, overbroad and unduly

23  burdensome in that it seeks an admission for each "image, character, logo, doll, toy,

24  accessory, product, packaging, or other thing or matter that is or has ever been

25  manufactured, marketed or sold by MGA, or others under license, as part of a line of

26  goods or merchandise commonly known as, or sold and marketed under the 'Bratz'

27  trademark or trade dress" for eight different SKU numbers.  For these same reasons,

28  Mattel further objects to the Request on the grounds that it seeks information that is

**EXHIBIT 53**
**PAGE 1604**

1   not relevant to this action nor likely to lead to the discovery of admissible evidence.
2   Mattel further objects to the Request on the grounds that it is unreasonably
3   burdensome and premature in that the facts necessary to determine the full nature
4   and extent of Mattel's relief and damages from defendants' acts or omissions are
5   known by defendants and third parties associated with defendants, but are not fully
6   known by Mattel at this juncture because of defendants' refusals to produce basic
7   discovery, including as to matters that are the subject of pending motions to compel.
8   Mattel further objects on the grounds that the phrases "due to lost sales" and "caused
9   by FIRST BRATZ DOLLS" are vague and ambiguous in that lost sales of any
10  product could potentially be at issue and the manner in which "FIRST BRATZ
11  DOLLS" could potentially "cause" such lost sales is unspecified.

12          Subject to and without waiving the foregoing general and specific
13  objections, Mattel admits that it is seeking revenues and profits (including without
14  limitation through disgorgement) that defendants and other parties have obtained
15  from "First Bratz Dolls" on its claims alleged in the Mattel, Inc. v. Bryant case and
16  that it does not intend to attempt to quantify as a measure of recoverable damages on
17  its claims in the Mattel, Inc. v. Bryant case the amount of sales of Mattel products
18  Mattel has marketed to date which Mattel has or may have lost because of "First
19  Bratz Dolls." Mattel further states that its investigation into, and discovery
20  regarding, defendants' thefts of Mattel's trade secrets and other claims asserted in,
21  and the conduct at issue in the MGA Entertainment, Inc. v. Mattel, Inc. case
22  (including Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right
23  to seek any and all damages remedies (including without limitation lost profits) in
24  connection with such conduct. Furthermore, Mattel states that its damages will be
25  the subject of expert opinion, which will be disclosed at the time and in the manner
26  required by the Rules and Court Orders.

27

28
**EXHIBIT 53**
**PAGE 1605**

1 **REQUEST FOR ADMISSION NO. 34:**

2       Admit that YOU are not seeking to recover, by way of YOUR

3 COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie"

4 line of products caused by FIRST BRATZ DOLLS.

5

6 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

7       In addition to the foregoing general objections, which are incorporated

8 herein by reference, Mattel specifically objects to this Request on the grounds that it

9 is premature and seeks to circumvent the expert disclosure provisions of the Federal

10 and Local Rules. Mattel further objects to this Request on the grounds that it is

11 vague and ambiguous in that the term "YOUR COMPLAINT" is undefined. Mattel

12 further objects to this Request as vague and ambiguous, and overbroad and

13 oppressive, including without limitation as to the terms "First Bratz Dolls" and

14 "'Barbie' line of products." "'Barbie' line of products" covers a broad spectrum of

15 different products, including without limitation hundreds of licensed products as

16 well as products which are sold as "Barbie" and/or which are sold as part of the

17 "Barbie" brand. For these same reasons, Mattel further objects to the Request on the

18 grounds that it seeks information that is not relevant to this action nor likely to lead

19 to the discovery of admissible evidence. Mattel further objects to this Request in

20 that it is vague and ambiguous to the time frame of the information it purports to

21 seek. Mattel further objects to this Request as compound. Mattel further objects to

22 this Request on the grounds that it is undefined, oppressive, overbroad and unduly

23 burdensome in that it seeks an admission for each "image, character, logo, doll, toy,

24 accessory, product, packaging, or other thing or matter that is or has ever been

25 manufactured, marketed or sold by MGA, or others under license, as part of a line of

26 goods or merchandise commonly known as, or sold and marketed under the 'Bratz'

27 trademark or trade dress" for eight different SKU numbers. For these same reasons,

28 Mattel further objects to the Request on the grounds that it seeks information that is

**EXHIBIT 53**
**PAGE 1606**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1  not relevant to this action nor likely to lead to the discovery of admissible evidence.
2  Mattel further objects to the Request on the grounds that it is unreasonably
3  burdensome and premature in that the facts necessary to determine the full nature
4  and extent of Mattel's relief and damages from defendants' acts or omissions are
5  known by defendants and third parties associated with defendants, but are not fully
6  known by Mattel at this juncture because of defendants' refusals to produce basic
7  discovery, including as to matters that are the subject of pending motions to compel.
8  Mattel further objects on the grounds that the phrases "due to lost sales" and "caused
9  by FIRST BRATZ DOLLS" are vague and ambiguous in that lost sales of any
10 product could potentially be at issue and the manner in which "FIRST BRATZ
11 DOLLS" could potentially "cause" such lost sales is unspecified.

12      Subject to and without waiving the foregoing general and specific
13 objections, Mattel admits that it is seeking revenues and profits (including without
14 limitation through disgorgement) that defendants and other parties have obtained
15 from "First Bratz Dolls" on its claims alleged in the Mattel, Inc. v. Bryant case and
16 that it does not intend to attempt to quantify as a measure of recoverable damages on
17 its claims in the Mattel, Inc. v. Bryant case the amount of sales of Mattel products
18 Mattel has marketed to date which Mattel has or may have lost because of "First
19 Bratz Dolls." Mattel further states that its investigation into, and discovery
20 regarding, defendants' thefts of Mattel's trade secrets and other claims asserted in,
21 and the conduct at issue in the MGA Entertainment, Inc. v. Mattel, Inc. case
22 (including Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right
23 to seek any and all damages remedies (including without limitation lost profits) in
24 connection with such conduct. Furthermore, Mattel states that its damages will be
25 the subject of expert opinion, which will be disclosed at the time and in the manner
26 required by the Rules and Court Orders.

27

28

**EXHIBIT 53**
**PAGE 1607**

1 | **REQUEST FOR ADMISSION NO. 35:**

2 |   Admit that YOU are seeking to recover, by way of YOUR

3 | COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie"

4 | line of products caused by BRATZ DOLLS.

5 |

6 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

7 |   In addition to the foregoing general objections, which are incorporated

8 | herein by reference, Mattel specifically objects to this Request on the grounds that it

9 | is premature and seeks to circumvent the expert disclosure provisions of the Federal

10 | and Local Rules. Mattel further objects to this Request on the grounds that it is

11 | vague and ambiguous in that the term "YOUR COMPLAINT" is undefined. Mattel

12 | further objects to this Request as vague and ambiguous, and overbroad and

13 | oppressive, including without limitation as to the terms "Bratz Dolls" and "'Barbie'

14 | line of products." "'Barbie' line of products" covers a broad spectrum of different

15 | products, including without limitation hundreds of licensed products as well as

16 | products which are sold as "Barbie" and/or which are sold as part of the "Barbie"

17 | brand. For these same reasons, Mattel further objects to the Request on the grounds

18 | that it seeks information that is not relevant to this action nor likely to lead to the

19 | discovery of admissible evidence. Mattel further objects to this Request in that it is

20 | vague and ambiguous to the time frame of the information it purports to seek.

21 | Mattel further objects to this Request as compound. Mattel further objects to this

22 | Request on the grounds that it is undefined, oppressive, overbroad and unduly

23 | burdensome in that it seeks an admission for each "image, character, logo, doll, toy,

24 | accessory, product, packaging, or other thing or matter that is or has ever been

25 | manufactured, marketed or sold by MGA, or others under license, as part of a line of

26 | goods or merchandise commonly known as, or sold and marketed under the 'Bratz'

27 | trademark or trade dress," with very few exceptions. For these same reasons, Mattel

28 | further objects to the Request on the grounds that it seeks information that is not

**EXHIBIT 53**
**PAGE 1608**

-33-

1 relevant to this action nor likely to lead to the discovery of admissible evidence.
2 Mattel further objects to the Request on the grounds that it is unreasonably
3 burdensome and premature in that the facts necessary to determine the full nature
4 and extent of Mattel's relief and damages from defendants' acts or omissions are
5 known by defendants and third parties associated with defendants, but are not fully
6 known by Mattel at this juncture because of defendants' refusals to produce basic
7 discovery, including as to matters that are the subject of pending motions to compel.
8 Mattel further objects on the grounds that the phrases "due to lost sales" and "caused
9 by BRATZ DOLLS" are vague and ambiguous in that lost sales of any product
10 could potentially be at issue and the manner in which "BRATZ DOLLS" could
11 potentially "cause" such lost sales is unspecified.

12    Subject to and without waiving the foregoing general and specific
13 objections, Mattel admits that it is seeking revenues and profits (including without
14 limitation through disgorgement) that defendants and other parties have obtained
15 from "Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it
16 does not intend to attempt to quantify as a measure of recoverable damages on its
17 claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products
18 Mattel has marketed to date which Mattel has or may have lost because of "Bratz
19 Dolls." Mattel further states that its investigation into, and discovery regarding,
20 defendants' thefts of Mattel's trade secrets and other claims asserted in, and the
21 conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including
22 Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any
23 and all damages remedies (including without limitation lost profits) in connection
24 with such conduct. Furthermore, Mattel states that its damages will be the subject of
25 expert opinion, which will be disclosed at the time and in the manner required by the
26 <u>Rules</u> and Court Orders.

27

28

**EXHIBIT 53**
**PAGE 1609**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1 | **REQUEST FOR ADMISSION NO. 36:**

2 |       Admit that YOU are not seeking to recover, by way of YOUR

3 | COMPLAINT, damages for lost profits due to lost sales of MATTEL'S "Barbie"

4 | line of products caused by BRATZ DOLLS.

5 |

6 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

7 |       In addition to the foregoing general objections, which are incorporated

8 | herein by reference, Mattel specifically objects to this Request on the grounds that it

9 | is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>

10 | and <u>Local Rules</u>. Mattel further objects to this Request on the grounds that it is

11 | vague and ambiguous in that the term "YOUR COMPLAINT" is undefined. Mattel

12 | further objects to this Request as vague and ambiguous, and overbroad and

13 | oppressive, including without limitation as to the terms "Bratz Dolls" and "'Barbie'

14 | line of products." "'Barbie' line of products" covers a broad spectrum of different

15 | products, including without limitation hundreds of licensed products as well as

16 | products which are sold as "Barbie" and/or which are sold as part of the "Barbie"

17 | brand. For these same reasons, Mattel further objects to the Request on the grounds

18 | that it seeks information that is not relevant to this action nor likely to lead to the

19 | discovery of admissible evidence. Mattel further objects to this Request in that it is

20 | vague and ambiguous to the time frame of the information it purports to seek.

21 | Mattel further objects to this Request as compound. Mattel further objects to this

22 | Request on the grounds that it is undefined, oppressive, overbroad and unduly

23 | burdensome in that it seeks an admission for each "image, character, logo, doll, toy,

24 | accessory, product, packaging, or other thing or matter that is or has ever been

25 | manufactured, marketed or sold by MGA, or others under license, as part of a line of

26 | goods or merchandise commonly known as, or sold and marketed under the 'Bratz'

27 | trademark or trade dress," with very few exceptions. For these same reasons, Mattel

28 | further objects to the Request on the grounds that it seeks information that is not

**EXHIBIT 53**
**PAGE 1610**

-35-

1 relevant to this action nor likely to lead to the discovery of admissible evidence.
2 Mattel further objects to the Request on the grounds that it is unreasonably
3 burdensome and premature in that the facts necessary to determine the full nature
4 and extent of Mattel's relief and damages from defendants' acts or omissions are
5 known by defendants and third parties associated with defendants, but are not fully
6 known by Mattel at this juncture because of defendants' refusals to produce basic
7 discovery, including as to matters that are the subject of pending motions to compel.
8 Mattel further objects on the grounds that the phrases "due to lost sales" and "caused
9 by BRATZ DOLLS" are vague and ambiguous in that lost sales of any product
10 could potentially be at issue and the manner in which "BRATZ DOLLS" could
11 potentially "cause" such lost sales is unspecified.

12          Subject to and without waiving the foregoing general and specific
13 objections, Mattel admits that it is seeking revenues and profits (including without
14 limitation through disgorgement) that defendants and other parties have obtained
15 from "Bratz Dolls" on its claims alleged in the Mattel, Inc. v. Bryant case and that it
16 does not intend to attempt to quantify as a measure of recoverable damages on its
17 claims in the Mattel, Inc. v. Bryant case the amount of sales of Mattel products
18 Mattel has marketed to date which Mattel has or may have lost because of "Bratz
19 Dolls." Mattel further states that its investigation into, and discovery regarding,
20 defendants' thefts of Mattel's trade secrets and other claims asserted in, and the
21 conduct at issue in the MGA Entertainment, Inc. v. Mattel, Inc. case (including
22 Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any
23 and all damages remedies (including without limitation lost profits) in connection
24 with such conduct. Furthermore, Mattel states that its damages will be the subject of
25 expert opinion, which will be disclosed at the time and in the manner required by the
26 Rules and Court Orders.

27

28

**EXHIBIT 53**
**PAGE 1611**

**REQUEST FOR ADMISSION NO. 39:**

Admit that YOU are seeking to recover, by way of YOUR COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by BRATZ.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel specifically objects to this Request on the grounds that it is premature and seeks to circumvent the expert disclosure provisions of the Federal and Local Rules. Mattel further objects to this Request as vague and ambiguous, including without limitation as to the term "Bratz." Mattel further objects to this Request as compound. Mattel further objects to this Request on the grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined. Mattel further objects to this Request on the grounds that it is incomprehensible, oppressive, overbroad and unduly burdensome in that it seeks an admission as to "fashion dolls" for each "image, character, logo, doll, toy, accessory, product, packaging, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the 'Bratz' trademark or trade dress." For these same reasons, Mattel further objects to the Request on the grounds that it seeks information that is not relevant to this action nor likely to lead to the discovery of admissible evidence. Mattel further objects to the Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce basic discovery, including as to matters that are the subject of pending motions to compel. Mattel further objects on the grounds that the

**EXHIBIT 53**
**PAGE 1612**

1  phrases "due to lost sales" and "caused by BRATZ" are vague and ambiguous in that
2  lost sales of any product could potentially be at issue and the manner in which
3  "BRATZ" could potentially "cause" such lost sales is unspecified.

4        Subject to and without waiving the foregoing general and specific
5  objections, Mattel admits that it is seeking revenues and profits (including without
6  limitation through disgorgement) that defendants and other parties have obtained
7  from "Bratz" on its claims alleged in the Mattel, Inc. v. Bryant case and that it does
8  not intend to attempt to quantify as a measure of recoverable damages on its claims
9  in the Mattel, Inc. v. Bryant case the amount of sales of Mattel products Mattel has
10  marketed to date which Mattel has or may have lost because of "Bratz." Mattel
11  further states that its investigation into, and discovery regarding, defendants' thefts
12  of Mattel's trade secrets and other claims asserted in, and the conduct at issue in the
13  MGA Entertainment, Inc. v. Mattel, Inc. case (including Mattel's Counterclaims
14  therein) is ongoing, and Mattel reserves the right to seek any and all damages
15  remedies (including without limitation lost profits) in connection with such
16  conduct.  Furthermore, Mattel states that its damages will be the subject of expert
17  opinion, which will be disclosed at the time and in the manner required by the Rules
18  and Court Orders.

19

20  **REQUEST FOR ADMISSION NO. 40:**

21        Admit that YOU are not seeking to recover, by way of YOUR
22  COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by
23  BRATZ.

EXHIBIT 53
PAGE 1613

24

25  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

26        In addition to the foregoing general objections, which are incorporated
27  herein by reference, Mattel specifically objects to this Request on the grounds that it
28  is premature and seeks to circumvent the expert disclosure provisions of the Federal

1  and <u>Local Rules</u>. Mattel further objects to this Request as vague and ambiguous,
2  including without limitation as to the term "Bratz." Mattel further objects to this
3  Request as compound. Mattel further objects to this Request on the grounds that it
4  is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined.
5  Mattel further objects to this Request on the grounds that it is incomprehensible,
6  oppressive, overbroad and unduly burdensome in that it seeks an admission as to
7  "fashion dolls" for each "image, character, logo, doll, toy, accessory, product,
8  packaging, or other thing or matter that is or has ever been manufactured, marketed
9  or sold by MGA, or others under license, as part of a line of goods or merchandise
10 commonly known as, or sold and marketed under the 'Bratz' trademark or trade
11 dress." For these same reasons, Mattel further objects to the Request on the grounds
12 that it seeks information that is not relevant to this action nor likely to lead to the
13 discovery of admissible evidence. Mattel further objects to the Request on the
14 grounds that it is unreasonably burdensome and premature in that the facts necessary
15 to determine the full nature and extent of Mattel's relief and damages from
16 defendants' acts or omissions are known by defendants and third parties associated
17 with defendants, but are not fully known by Mattel at this juncture because of
18 defendants' refusals to produce basic discovery, including as to matters that are the
19 subject of pending motions to compel. Mattel further objects on the grounds that the
20 phrases "due to lost sales" and "caused by BRATZ" are vague and ambiguous in that
21 lost sales of any product could potentially be at issue and the manner in which
22 "BRATZ" could potentially "cause" such lost sales is unspecified.

23        Subject to and without waiving the foregoing general and specific
24 objections, Mattel admits that it is seeking revenues and profits (including without
25 limitation through disgorgement) that defendants and other parties have obtained
26 from "Bratz" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it does
27 not intend to attempt to quantify as a measure of recoverable damages on its claims
28 in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products Mattel has

**EXHIBIT 53**
**PAGE 1614**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1  marketed to date which Mattel has or may have lost because of "Bratz." Mattel
2  further states that its investigation into, and discovery regarding, defendants' thefts
3  of Mattel's trade secrets and other claims asserted in, and the conduct at issue in the
4  MGA Entertainment, Inc. v. Mattel, Inc. case (including Mattel's Counterclaims
5  therein) is ongoing, and Mattel reserves the right to seek any and all damages
6  remedies (including without limitation lost profits) in connection with such
7  conduct. Furthermore, Mattel states that its damages will be the subject of expert
8  opinion, which will be disclosed at the time and in the manner required by the Rules
9  and Court Orders.

10

11 **REQUEST FOR ADMISSION NO. 41:**

12          Admit that YOU are seeking to recover, by way of YOUR
13 COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by
14 the FIRST BRATZ DOLLS.

15

16 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

17          In addition to the foregoing general objections, which are incorporated
18 herein by reference, Mattel specifically objects to this Request on the grounds that it
19 is premature and seeks to circumvent the expert disclosure provisions of the Federal
20 and Local Rules. Mattel further objects to this Request as vague and ambiguous,
21 including without limitation as to the term "First Bratz Dolls." Mattel further
22 objects to this Request as compound. Mattel further objects to this Request on the
23 grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is
24 undefined. Mattel further objects to this Request on the grounds that it is
25 incomprehensible, oppressive, overbroad and unduly burdensome in that it seeks an
26 admission as to "fashion dolls" for each "image, character, logo, doll, toy, accessory,
27 product, packaging, or other thing or matter that is or has ever been manufactured,
28 marketed or sold by MGA, or others under license, as part of a line of goods or

EXHIBIT 53
PAGE 1615

7209/2238755.6

-40-

1 || merchandise commonly known as, or sold and marketed under the 'Bratz' trademark
2 || or trade dress" for eight different SKU numbers. For these same reasons, Mattel
3 || further objects to the Request on the grounds that it seeks information that is not
4 || relevant to this action nor likely to lead to the discovery of admissible evidence.
5 || Mattel further objects to the Request on the grounds that it is unreasonably
6 || burdensome and premature in that the facts necessary to determine the full nature
7 || and extent of Mattel's relief and damages from defendants' acts or omissions are
8 || known by defendants and third parties associated with defendants, but are not fully
9 || known by Mattel at this juncture because of defendants' refusals to produce basic
10 || discovery, including as to matters that are the subject of pending motions to compel.
11 || Mattel further objects on the grounds that the phrases "due to lost sales" and "caused
12 || by FIRST BRATZ DOLLS" are vague and ambiguous in that lost sales of any
13 || product could potentially be at issue and the manner in which "FIRST BRATZ
14 || DOLLS" could potentially "cause" such lost sales is unspecified.

15 ||        Subject to and without waiving the foregoing general and specific
16 || objections, Mattel admits that it is seeking revenues and profits (including without
17 || limitation through disgorgement) that defendants and other parties have obtained
18 || from "First Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and
19 || that it does not intend to attempt to quantify as a measure of recoverable damages on
20 || its claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products
21 || Mattel has marketed to date which Mattel has or may have lost because of "First
22 || Bratz Dolls." Mattel further states that its investigation into, and discovery
23 || regarding, defendants' thefts of Mattel's trade secrets and other claims asserted in,
24 || and the conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case
25 || (including Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right
26 || to seek any and all damages remedies (including without limitation lost profits) in
27 || connection with such conduct. Furthermore, Mattel states that its damages will be
28 ||

**EXHIBIT 53**
**PAGE 1616**

1   the subject of expert opinion, which will be disclosed at the time and in the manner

2   required by the Rules and Court Orders.

3

4   **REQUEST FOR ADMISSION NO. 42:**

5        Admit that YOU are not seeking to recover, by way of YOUR

6   COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by

7   the FIRST BRATZ DOLLS.

8

9   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

10        In addition to the foregoing general objections, which are incorporated

11   herein by reference, Mattel specifically objects to this Request on the grounds that it

12   is premature and seeks to circumvent the expert disclosure provisions of the Federal

13   and Local Rules. Mattel further objects to this Request as vague and ambiguous,

14   including without limitation as to the term "First Bratz Dolls." Mattel further

15   objects to this Request as compound. Mattel further objects to this Request on the

16   grounds that it is vague and ambiguous in that the term "YOUR COMPLAINT" is

17   undefined. Mattel further objects to this Request on the grounds that it is

18   incomprehensible, oppressive, overbroad and unduly burdensome in that it seeks an

19   admission as to "fashion dolls" for each "image, character, logo, doll, toy, accessory,

20   product, packaging, or other thing or matter that is or has ever been manufactured,

21   marketed or sold by MGA, or others under license, as part of a line of goods or

22   merchandise commonly known as, or sold and marketed under the 'Bratz' trademark

23   or trade dress" for eight different SKU numbers. For these same reasons, Mattel

24   further objects to the Request on the grounds that it seeks information that is not

25   relevant to this action nor likely to lead to the discovery of admissible evidence.

26   Mattel further objects to the Request on the grounds that it is unreasonably

27   burdensome and premature in that the facts necessary to determine the full nature

28   and extent of Mattel's relief and damages from defendants' acts or omissions are

**EXHIBIT 53**
**PAGE 1617**

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1  known by defendants and third parties associated with defendants, but are not fully
2  known by Mattel at this juncture because of defendants' refusals to produce basic
3  discovery, including as to matters that are the subject of pending motions to compel.
4  Mattel further objects on the grounds that the phrases "due to lost sales" and "caused
5  by FIRST BRATZ DOLLS" are vague and ambiguous in that lost sales of any
6  product could potentially be at issue and the manner in which "FIRST BRATZ
7  DOLLS" could potentially "cause" such lost sales is unspecified.

8          Subject to and without waiving the foregoing general and specific
9  objections, Mattel admits that it is seeking revenues and profits (including without
10  limitation through disgorgement) that defendants and other parties have obtained
11  from "First Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and
12  that it does not intend to attempt to quantify as a measure of recoverable damages on
13  its claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products
14  Mattel has marketed to date which Mattel has or may have lost because of "First
15  Bratz Dolls." Mattel further states that its investigation into, and discovery
16  regarding, defendants' thefts of Mattel's trade secrets and other claims asserted in,
17  and the conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case
18  (including Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right
19  to seek any and all damages remedies (including without limitation lost profits) in
20  connection with such conduct. Furthermore, Mattel states that its damages will be
21  the subject of expert opinion, which will be disclosed at the time and in the manner
22  required by the <u>Rules</u> and Court Orders.

23

24  **REQUEST FOR ADMISSION NO. 43:**

25          Admit that YOU are seeking to recover, by way of YOUR
26  COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by
27  BRATZ DOLLS.

28                                                          **EXHIBIT 53**
                                                            **PAGE 1618**

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

2          In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel specifically objects to this Request on the grounds that it

4  is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>

5  and <u>Local Rules</u>.  Mattel further objects to this Request as vague and ambiguous,

6  including without limitation as to the term "Bratz Dolls."  Mattel further objects to

7  this Request as compound.  Mattel further objects to this Request on the grounds

8  that it is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined.

9  Mattel further objects to this Request on the grounds that it is incomprehensible,

10  oppressive, overbroad and unduly burdensome in that it seeks an admission as to

11  "fashion dolls" for each "image, character, logo, doll, toy, accessory, product,

12  packaging, or other thing or matter that is or has ever been manufactured, marketed

13  or sold by MGA, or others under license, as part of a line of goods or merchandise

14  commonly known as, or sold and marketed under the 'Bratz' trademark or trade

15  dress," with very few exceptions.  For these same reasons, Mattel further objects to

16  the Request on the grounds that it seeks information that is not relevant to this action

17  nor likely to lead to the discovery of admissible evidence.  Mattel further objects to

18  the Request on the grounds that it is unreasonably burdensome and premature in that

19  the facts necessary to determine the full nature and extent of Mattel's relief and

20  damages from defendants' acts or omissions are known by defendants and third

21  parties associated with defendants, but are not fully known by Mattel at this juncture

22  because of defendants' refusals to produce basic discovery, including as to matters

23  that are the subject of pending motions to compel.  Mattel further objects on the

24  grounds that the phrases "due to lost sales" and "caused by BRATZ DOLLS" are

25  vague and ambiguous in that lost sales of any product could potentially be at issue

26  and the manner in which "BRATZ DOLLS" could potentially "cause" such lost

27  sales is unspecified.

28                                                              **EXHIBIT 53**
                                                                **PAGE 1619**

1    Subject to and without waiving the foregoing general and specific
2  objections, Mattel admits that it is seeking revenues and profits (including without
3  limitation through disgorgement) that defendants and other parties have obtained
4  from "Bratz Dolls" on its claims alleged in the <u>Mattel, Inc. v. Bryant</u> case and that it
5  does not intend to attempt to quantify as a measure of recoverable damages on its
6  claims in the <u>Mattel, Inc. v. Bryant</u> case the amount of sales of Mattel products
7  Mattel has marketed to date which Mattel has or may have lost because of "Bratz
8  Dolls." Mattel further states that its investigation into, and discovery regarding,
9  defendants' thefts of Mattel's trade secrets and other claims asserted in, and the
10  conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including
11  Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any
12  and all damages remedies (including without limitation lost profits) in connection
13  with such conduct. Furthermore, Mattel states that its damages will be the subject of
14  expert opinion, which will be disclosed at the time and in the manner required by the
15  <u>Rules</u> and Court Orders.

16

17  **REQUEST FOR ADMISSION NO. 44:**

18    Admit that YOU are not seeking to recover, by way of YOUR
19  COMPLAINT, damages for lost profits due to lost sales of fashion dolls caused by
20  BRATZ DOLLS.

**EXHIBIT 53**
**PAGE 1620**

21

22  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

23    In addition to the foregoing general objections, which are incorporated
24  herein by reference, Mattel specifically objects to this Request on the grounds that it
25  is premature and seeks to circumvent the expert disclosure provisions of the <u>Federal</u>
26  and <u>Local Rules</u>. Mattel further objects to this Request as vague and ambiguous,
27  including without limitation as to the term "Bratz Dolls." Mattel further objects to
28  this Request as compound. Mattel further objects to this Request on the grounds

1  that it is vague and ambiguous in that the term "YOUR COMPLAINT" is undefined.

2  Mattel further objects to this Request on the grounds that it is incomprehensible,

3  oppressive, overbroad and unduly burdensome in that it seeks an admission as to

4  "fashion dolls" for each "image, character, logo, doll, toy, accessory, product,

5  packaging, or other thing or matter that is or has ever been manufactured, marketed

6  or sold by MGA, or others under license, as part of a line of goods or merchandise

7  commonly known as, or sold and marketed under the 'Bratz' trademark or trade

8  dress," with very few exceptions. For these same reasons, Mattel further objects to

9  the Request on the grounds that it seeks information that is not relevant to this action

10  nor likely to lead to the discovery of admissible evidence. Mattel further objects to

11  the Request on the grounds that it is unreasonably burdensome and premature in that

12  the facts necessary to determine the full nature and extent of Mattel's relief and

13  damages from defendants' acts or omissions are known by defendants and third

14  parties associated with defendants, but are not fully known by Mattel at this juncture

15  because of defendants' refusals to produce basic discovery, including as to matters

16  that are the subject of pending motions to compel. Mattel further objects on the

17  grounds that the phrases "due to lost sales" and "caused by BRATZ DOLLS" are

18  vague and ambiguous in that lost sales of any product could potentially be at issue

19  and the manner in which "BRATZ DOLLS" could potentially "cause" such lost

20  sales is unspecified.                                    **EXHIBIT 53**
                                                            **PAGE 1621**

21          Subject to and without waiving the foregoing general and specific

22  objections, Mattel admits that it is seeking revenues and profits (including without

23  limitation through disgorgement) that defendants and other parties have obtained

24  from "Bratz Dolls" on its claims alleged in the Mattel, Inc. v. Bryant case and that it

25  does not intend to attempt to quantify as a measure of recoverable damages on its

26  claims in the Mattel, Inc. v. Bryant case the amount of sales of Mattel products

27  Mattel has marketed to date which Mattel has or may have lost because of "Bratz

28  Dolls." Mattel further states that its investigation into, and discovery regarding,

1  defendants' thefts of Mattel's trade secrets and other claims asserted in, and the
2  conduct at issue in the <u>MGA Entertainment, Inc. v. Mattel, Inc.</u> case (including
3  Mattel's Counterclaims therein) is ongoing, and Mattel reserves the right to seek any
4  and all damages remedies (including without limitation lost profits) in connection
5  with such conduct. Furthermore, Mattel states that its damages will be the subject of
6  expert opinion, which will be disclosed at the time and in the manner required by the
7  Rules and Court Orders.

8

9  **REQUEST FOR ADMISSION NO. 67:**

10          Admit that the drawing produced by BRYANT bearing Bates serial
11  number Bryant 00175 is intellectual property whose conversion is one basis of
12  YOUR damage requests.

13

14  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

15          In addition to the foregoing general objections, which are incorporated
16  herein by reference, Mattel objects to this Request on the grounds that it is vague
17  and ambiguous. Mattel further objects to this Request on the grounds that Mattel
18  does not have sufficient information about the drawing produced by Bryant bearing
19  Bates number Bryant 00175 in order to frame a complete response. Mattel further
20  objects to this Request as unreasonably burdensome and premature in that the facts
21  necessary to determine the full nature and extent of Mattel's relief and damages from
22  defendants' acts or omissions are known by defendants and third parties associated
23  with defendants, but are not fully known by Mattel at this juncture because of
24  defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1622**

25          Subject to and without waiving the foregoing general and specific
26  objections, Mattel admits that it seeks damages for defendants' theft and conversion
27  of, among other things, the Bratz brand, including without limitation all inventions,
28  concepts, ideas, drawings and works, which were created, made, improved,

1   conceived, reduced to practice or worked on by Bryant, in whole or in part, while
2   employed by Mattel, from which defendants have profited and/or obtained ill-gotten
3   gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
4   including on the document produced by Bryant bearing Bates serial number Bryant
5   00175, while he was a Mattel employee and as a result of that work and Bryant's
6   unlawful conduct, Mattel was damaged. However, the full extent of defendants'
7   profits and ill-gotten gains from Bratz as well as other facts relating to this request
8   for admission are unknown to Mattel at this time and is known only to defendants,
9   because defendants have not provided necessary discovery and have concealed
10  facts, in violation of Court Orders. Moreover, the subject of this request for
11  admission and the damages suffered by Mattel may be the subject of expert opinion
12  or testimony. Mattel therefore reserves the right to supplement or amend this
13  response at the time and in the manner required by the <u>Rules</u> and Court Orders.
14
15  **REQUEST FOR ADMISSION NO. 68:**
16          Admit that the drawing produced by BRYANT bearing Bates serial
17  number Bryant 00176 is intellectual property whose conversion is one basis of
18  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1623**

19
20  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 68:**
21          In addition to the foregoing general objections, which are incorporated
22  herein by reference, Mattel objects to this Request on the grounds that it is vague
23  and ambiguous. Mattel further objects to this Request on the grounds that Mattel
24  does not have sufficient information about the drawing produced by Bryant bearing
25  Bates number Bryant 00176 in order to frame a complete response. Mattel further
26  objects to this Request as unreasonably burdensome and premature in that the facts
27  necessary to determine the full nature and extent of Mattel's relief and damages from
28  defendants' acts or omissions are known by defendants and third parties associated

1 | with defendants, but are not fully known by Mattel at this juncture because of
2 | defendants' refusals to produce discovery.

3 |      Subject to and without waiving the foregoing general and specific
4 | objections, Mattel admits that it seeks damages for defendants' theft and conversion
5 | of, among other things, the Bratz brand, including without limitation all inventions,
6 | concepts, ideas, drawings and works, which were created, made, improved,
7 | conceived, reduced to practice or worked on by Bryant, in whole or in part, while
8 | employed by Mattel, from which defendants have profited and/or obtained ill-gotten
9 | gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
10 | including on the document produced by Bryant bearing Bates serial number Bryant
11 | 00176, while he was a Mattel employee and as a result of that work and Bryant's
12 | unlawful conduct, Mattel was damaged. However, the full extent of defendants'
13 | profits and ill-gotten gains from Bratz as well as other facts relating to this request
14 | for admission are unknown to Mattel at this time and is known only to defendants,
15 | because defendants have not provided necessary discovery and have concealed
16 | facts, in violation of Court Orders. Moreover, the subject of this request for
17 | admission and the damages suffered by Mattel may be the subject of expert opinion
18 | or testimony. Mattel therefore reserves the right to supplement or amend this
19 | response at the time and in the manner required by the <u>Rules</u> and Court Orders.

20 |

21 | **REQUEST FOR ADMISSION NO. 69:**

22 |      Admit that the drawing produced by BRYANT bearing Bates serial
23 | number Bryant 00177 is intellectual property whose conversion is one basis of
24 | YOUR damage requests.

**EXHIBIT 53**
**PAGE 1624**

25 |

26 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

27 |      In addition to the foregoing general objections, which are incorporated
28 | herein by reference, Mattel objects to this Request on the grounds that it is vague

1  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

2  does not have sufficient information about the drawing produced by Bryant bearing

3  Bates number Bryant 00177 in order to frame a complete response.  Mattel further

4  objects to this Request as unreasonably burdensome and premature in that the facts

5  necessary to determine the full nature and extent of Mattel's relief and damages from

6  defendants' acts or omissions are known by defendants and third parties associated

7  with defendants, but are not fully known by Mattel at this juncture because of

8  defendants' refusals to produce discovery.

9        Subject to and without waiving the foregoing general and specific

10  objections, Mattel admits that it seeks damages for defendants' theft and conversion

11  of, among other things, the Bratz brand, including without limitation all inventions,

12  concepts, ideas, drawings and works, which were created, made, improved,

13  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

14  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

15  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

16  including on the document produced by Bryant bearing Bates serial number Bryant

17  00177, while he was a Mattel employee and as a result of that work and Bryant's

18  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

19  profits and ill-gotten gains from Bratz as well as other facts relating to this request

20  for admission are unknown to Mattel at this time and is known only to defendants,

21  because defendants have not provided necessary discovery and have concealed

22  facts, in violation of Court Orders.  Moreover, the subject of this request for

23  admission and the damages suffered by Mattel may be the subject of expert opinion

24  or testimony.  Mattel therefore reserves the right to supplement or amend this

25  response at the time and in the manner required by the Rules and Court Orders.

26

27

28

**EXHIBIT 53**
**PAGE 1625**

**REQUEST FOR ADMISSION NO. 70:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00179 is intellectual property whose conversion is one basis of YOUR damage requests.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00179 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00179, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

1  because defendants have not provided necessary discovery and have concealed
2  facts, in violation of Court Orders.  Moreover, the subject of this request for
3  admission and the damages suffered by Mattel may be the subject of expert opinion
4  or testimony.  Mattel therefore reserves the right to supplement or amend this
5  response at the time and in the manner required by the <u>Rules</u> and Court Orders.
6
7  **REQUEST FOR ADMISSION NO. 71:**
8       Admit that the drawing produced by BRYANT bearing Bates serial
9  number Bryant 00180 is intellectual property whose conversion is one basis of
10  YOUR damage requests.
11
12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 71:**
13       In addition to the foregoing general objections, which are incorporated
14  herein by reference, Mattel objects to this Request on the grounds that it is vague
15  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel
16  does not have sufficient information about the drawing produced by Bryant bearing
17  Bates number Bryant 00180 in order to frame a complete response.  Mattel further
18  objects to this Request as unreasonably burdensome and premature in that the facts
19  necessary to determine the full nature and extent of Mattel's relief and damages from
20  defendants' acts or omissions are known by defendants and third parties associated
21  with defendants, but are not fully known by Mattel at this juncture because of
22  defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1627**

23       Subject to and without waiving the foregoing general and specific
24  objections, Mattel admits that it seeks damages for theft and conversion of, among
25  other things, the Bratz brand, including without limitation all inventions, concepts,
26  ideas, drawings and works, which were created, made, improved, conceived,
27  reduced to practice or worked on by Bryant, in whole or in part, while employed by
28  Mattel, from which defendants have profited and/or obtained ill-gotten gains.

1  Mattel further admits that the evidence shows that Bryant worked on Bratz,
2  including on the document produced by Bryant bearing Bates serial number Bryant
3  00180, while he was a Mattel employee and as a result of that work and Bryant's
4  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'
5  profits and ill-gotten gains from Bratz as well as other facts relating to this request
6  for admission are unknown to Mattel at this time and is known only to defendants,
7  because defendants have not provided necessary discovery and have concealed
8  facts, in violation of Court Orders.  Moreover, the subject of this request for
9  admission and the damages suffered by Mattel may be the subject of expert opinion
10 or testimony.  Mattel therefore reserves the right to supplement or amend this
11 response at the time and in the manner required by the <u>Rules</u> and Court Orders..
12
13 **REQUEST FOR ADMISSION NO. 72:**
14       Admit that the drawing produced by BRYANT bearing Bates serial
15 number Bryant 00181 is intellectual property whose conversion is one basis of
16 YOUR damage requests.
17
18 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 72:**
19       In addition to the foregoing general objections, which are incorporated
20 herein by reference, Mattel objects to this Request on the grounds that it is vague
21 and ambiguous.  Mattel further objects to this Request on the grounds that Mattel
22 does not have sufficient information about the drawing produced by Bryant bearing
23 Bates number Bryant 00181 in order to frame a complete response.  Mattel further
24 objects to this Request as unreasonably burdensome and premature in that the facts
25 necessary to determine the full nature and extent of Mattel's relief and damages from
26 defendants' acts or omissions are known by defendants and third parties associated
27 with defendants, but are not fully known by Mattel at this juncture because of
28 defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1628**

1        Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it seeks damages for defendants' theft and conversion

3  of, among other things, the Bratz brand, including without limitation all inventions,

4  concepts, ideas, drawings and works, which were created, made, improved,

5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8  including on the document produced by Bryant bearing Bates serial number Bryant

9  00181, while he was a Mattel employee and as a result of that work and Bryant's

10  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

11  profits and ill-gotten gains from Bratz as well as other facts relating to this request

12  for admission are unknown to Mattel at this time and is known only to defendants,

13  because defendants have not provided necessary discovery and have concealed

14  facts, in violation of Court Orders. Moreover, the subject of this request for

15  admission and the damages suffered by Mattel may be the subject of expert opinion

16  or testimony. Mattel therefore reserves the right to supplement or amend this

17  response at the time and in the manner required by the <u>Rules</u> and Court Orders..

18

19  **REQUEST FOR ADMISSION NO. 73:**

20        Admit that the drawing produced by BRYANT bearing Bates serial

21  number Bryant 00182 is intellectual property whose conversion is one basis of

22  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1629**

23

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

25        In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is vague

27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28  does not have sufficient information about the drawing produced by Bryant bearing

1  Bates number Bryant 00182 in order to frame a complete response. Mattel further

2  objects to this Request as unreasonably burdensome and premature in that the facts

3  necessary to determine the full nature and extent of Mattel's relief and damages from

4  defendants' acts or omissions are known by defendants and third parties associated

5  with defendants, but are not fully known by Mattel at this juncture because of

6  defendants' refusals to produce discovery.

7            Subject to and without waiving the foregoing general and specific

8  objections, Mattel admits that it seeks damages for defendants' theft and conversion

9  of, among other things, the Bratz brand, including without limitation all inventions,

10  concepts, ideas, drawings and works, which were created, made, improved,

11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

14  including on the document produced by Bryant bearing Bates serial number Bryant

15  00182, while he was a Mattel employee and as a result of that work and Bryant's

16  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

17  profits and ill-gotten gains from Bratz as well as other facts relating to this request

18  for admission are unknown to Mattel at this time and is known only to defendants,

19  because defendants have not provided necessary discovery and have concealed

20  facts, in violation of Court Orders. Moreover, the subject of this request for

21  admission and the damages suffered by Mattel may be the subject of expert opinion

22  or testimony. Mattel therefore reserves the right to supplement or amend this

23  response at the time and in the manner required by the Rules and Court Orders.

24

25  **REQUEST FOR ADMISSION NO. 74:**

26            Admit that the drawing produced by BRYANT bearing Bates serial

27  number Bryant 00189 is intellectual property whose conversion is one basis of

28  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1630**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00189 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00189, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants, because defendants have not provided necessary discovery and have concealed facts, in violation of Court Orders. Moreover, the subject of this request for admission and the damages suffered by Mattel may be the subject of expert opinion or testimony. Mattel therefore reserves the right to supplement or amend this response at the time and in the manner required by the Rules and Court Orders.

**EXHIBIT 53**
**PAGE 1631**

**REQUEST FOR ADMISSION NO. 75:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00190 is intellectual property whose conversion is one basis of YOUR damage requests.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00190 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00190, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

1  because defendants have not provided necessary discovery and have concealed

2  facts, in violation of Court Orders. Moreover, the subject of this request for

3  admission and the damages suffered by Mattel may be the subject of expert opinion

4  or testimony. Mattel therefore reserves the right to supplement or amend this

5  response at the time and in the manner required by the Rules and Court Orders.

6

7  **REQUEST FOR ADMISSION NO. 76:**

8      Admit that the drawing produced by BRYANT bearing Bates serial

9  number Bryant 00192 is intellectual property whose conversion is one basis of

10  YOUR damage requests.

11

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

13      In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is vague

15  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

16  does not have sufficient information about the drawing produced by Bryant bearing

17  Bates number Bryant 00192 in order to frame a complete response. Mattel further

18  objects to this Request as unreasonably burdensome and premature in that the facts

19  necessary to determine the full nature and extent of Mattel's relief and damages from

20  defendants' acts or omissions are known by defendants and third parties associated

21  with defendants, but are not fully known by Mattel at this juncture because of

22  defendants' refusals to produce discovery.

**EXHIBIT 53
PAGE 1633**

23      Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it seeks damages for defendants' theft and conversion

25  of, among other things, the Bratz brand, including without limitation all inventions,

26  concepts, ideas, drawings and works, which were created, made, improved,

27  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

2  including on the document produced by Bryant bearing Bates serial number Bryant

3  00192, while he was a Mattel employee and as a result of that work and Bryant's

4  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

5  profits and ill-gotten gains from Bratz as well as other facts relating to this request

6  for admission are unknown to Mattel at this time and is known only to defendants,

7  because defendants have not provided necessary discovery and have concealed

8  facts, in violation of Court Orders. Moreover, the subject of this request for

9  admission and the damages suffered by Mattel may be the subject of expert opinion

10  or testimony. Mattel therefore reserves the right to supplement or amend this

11  response at the time and in the manner required by the Rules and Court Orders.

12

13  **REQUEST FOR ADMISSION NO. 77:**

14        Admit that the drawing produced by BRYANT bearing Bates serial

15  number Bryant 00193 is intellectual property whose conversion is one basis of

16  YOUR damage requests.

17

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

19        In addition to the foregoing general objections, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is vague

21  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

22  does not have sufficient information about the drawing produced by Bryant bearing

23  Bates number Bryant 00193 in order to frame a complete response. Mattel further

24  objects to this Request as unreasonably burdensome and premature in that the facts

25  necessary to determine the full nature and extent of Mattel's relief and damages from

26  defendants' acts or omissions are known by defendants and third parties associated

27  with defendants, but are not fully known by Mattel at this juncture because of

28  defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1634**

1           Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it seeks damages for defendants' theft and conversion

3  of, among other things, the Bratz brand, including without limitation all inventions,

4  concepts, ideas, drawings and works, which were created, made, improved,

5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8  including on the document produced by Bryant bearing Bates serial number Bryant

9  00193, while he was a Mattel employee and as a result of that work and Bryant's

10  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

11  profits and ill-gotten gains from Bratz as well as other facts relating to this request

12  for admission are unknown to Mattel at this time and is known only to defendants,

13  because defendants have not provided necessary discovery and have concealed

14  facts, in violation of Court Orders. Moreover, the subject of this request for

15  admission and the damages suffered by Mattel may be the subject of expert opinion

16  or testimony. Mattel therefore reserves the right to supplement or amend this

17  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

18

19  **REQUEST FOR ADMISSION NO. 78:**

20           Admit that the drawing produced by BRYANT bearing Bates serial

21  number Bryant 00194 is intellectual property whose conversion is one basis of

22  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1635**

23

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

25           In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is vague

27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28  does not have sufficient information about the drawing produced by Bryant bearing

1  Bates number Bryant 00194 in order to frame a complete response.  Mattel further
2  objects to this Request as unreasonably burdensome and premature in that the facts
3  necessary to determine the full nature and extent of Mattel's relief and damages from
4  defendants' acts or omissions are known by defendants and third parties associated
5  with defendants, but are not fully known by Mattel at this juncture because of
6  defendants' refusals to produce discovery.

7          Subject to and without waiving the foregoing general and specific
8  objections, Mattel admits that it seeks damages for defendants' theft and conversion
9  of, among other things, the Bratz brand, including without limitation all inventions,
10  concepts, ideas, drawings and works, which were created, made, improved,
11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while
12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten
13  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
14  including on the document produced by Bryant bearing Bates serial number Bryant
15  00194, while he was a Mattel employee and as a result of that work and Bryant's
16  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'
17  profits and ill-gotten gains from Bratz as well as other facts relating to this request
18  for admission are unknown to Mattel at this time and is known only to defendants,
19  because defendants have not provided necessary discovery and have concealed
20  facts, in violation of Court Orders.  Moreover, the subject of this request for
21  admission and the damages suffered by Mattel may be the subject of expert opinion
22  or testimony.  Mattel therefore reserves the right to supplement or amend this
23  response at the time and in the manner required by the Rules and Court Orders.
24

25  **REQUEST FOR ADMISSION NO. 79:**

26          Admit that the drawing produced by BRYANT bearing Bates serial
27  number Bryant 00195 is intellectual property whose conversion is one basis of
28  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1636**

7209/2238755.6

1 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

2          In addition to the foregoing general objections, which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is vague

4 and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

5 does not have sufficient information about the drawing produced by Bryant bearing

6 Bates number Bryant 00195 in order to frame a complete response.  Mattel further

7 objects to this Request as unreasonably burdensome and premature in that the facts

8 necessary to determine the full nature and extent of Mattel's relief and damages from

9 defendants' acts or omissions are known by defendants and third parties associated

10 with defendants, but are not fully known by Mattel at this juncture because of

11 defendants' refusals to produce discovery.

12          Subject to and without waiving the foregoing general and specific

13 objections, Mattel admits that it seeks damages for defendants' theft and conversion

14 of, among other things, the Bratz brand, including without limitation all inventions,

15 concepts, ideas, drawings and works, which were created, made, improved,

16 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

17 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

18 gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

19 including on the document produced by Bryant bearing Bates serial number Bryant

20 00195, while he was a Mattel employee and as a result of that work and Bryant's

21 unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

22 profits and ill-gotten gains from Bratz as well as other facts relating to this request

23 for admission are unknown to Mattel at this time and is known only to defendants,

24 because defendants have not provided necessary discovery and have concealed

25 facts, in violation of Court Orders.  Moreover, the subject of this request for

26 admission and the damages suffered by Mattel may be the subject of expert opinion

27 or testimony.  Mattel therefore reserves the right to supplement or amend this

28 response at the time and in the manner required by the Rules and Court Orders.

**EXHIBIT 53**
**PAGE 1637**

f209/2238755.6

**REQUEST FOR ADMISSION NO. 80:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00196 is intellectual property whose conversion is one basis of YOUR damage requests.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00196 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00196, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

**EXHIBIT 53**
**PAGE 1638**

1  because defendants have not provided necessary discovery and have concealed

2  facts, in violation of Court Orders.  Moreover, the subject of this request for

3  admission and the damages suffered by Mattel may be the subject of expert opinion

4  or testimony.  Mattel therefore reserves the right to supplement or amend this

5  response at the time and in the manner required by the Rules and Court Orders.

6

7  **REQUEST FOR ADMISSION NO. 81:**

8  　　　　　Admit that the drawing produced by BRYANT bearing Bates serial

9  number Bryant 00198 is intellectual property whose conversion is one basis of

10  YOUR damage requests.

11

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

13  　　　　　In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is vague

15  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16  does not have sufficient information about the drawing produced by Bryant bearing

17  Bates number Bryant 00198 in order to frame a complete response.  Mattel further

18  objects to this Request as unreasonably burdensome and premature in that the facts

19  necessary to determine the full nature and extent of Mattel's relief and damages from

20  defendants' acts or omissions are known by defendants and third parties associated

21  with defendants, but are not fully known by Mattel at this juncture because of

22  defendants' refusals to produce discovery.

**EXHIBIT 53
PAGE 1639**

23  　　　　　Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it seeks damages for defendants' theft and conversion

25  of, among other things, the Bratz brand, including without limitation all inventions,

26  concepts, ideas, drawings and works, which were created, made, improved,

27  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1   gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

2   including on the document produced by Bryant bearing Bates serial number Bryant

3   00198, while he was a Mattel employee and as a result of that work and Bryant's

4   unlawful conduct, Mattel was damaged. However, the full extent of defendants'

5   profits and ill-gotten gains from Bratz as well as other facts relating to this request

6   for admission are unknown to Mattel at this time and is known only to defendants,

7   because defendants have not provided necessary discovery and have concealed

8   facts, in violation of Court Orders. Moreover, the subject of this request for

9   admission and the damages suffered by Mattel may be the subject of expert opinion

10  or testimony. Mattel therefore reserves the right to supplement or amend this

11  response at the time and in the manner required by the Rules and Court Orders.

12

13  **REQUEST FOR ADMISSION NO. 82:**

14          Admit that the drawing produced by BRYANT bearing Bates serial

15  number Bryant 00199 is intellectual property whose conversion is one basis of

16  YOUR damage requests.

17

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

19          In addition to the foregoing general objections, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is vague

21  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

22  does not have sufficient information about the drawing produced by Bryant bearing

23  Bates number Bryant 00199 in order to frame a complete response. Mattel further

24  objects to this Request as unreasonably burdensome and premature in that the facts

25  necessary to determine the full nature and extent of Mattel's relief and damages from

26  defendants' acts or omissions are known by defendants and third parties associated

27  with defendants, but are not fully known by Mattel at this juncture because of

28  defendants' refusals to produce discovery.                        **EXHIBIT 53**
                                                                    **PAGE 1640**

7209/2238755.6

1      Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it seeks damages for defendants' theft and conversion

3  of, among other things, the Bratz brand, including without limitation all inventions,

4  concepts, ideas, drawings and works, which were created, made, improved,

5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8  including on the document produced by Bryant bearing Bates serial number Bryant

9  00199, while he was a Mattel employee and as a result of that work and Bryant's

10  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

11  profits and ill-gotten gains from Bratz as well as other facts relating to this request

12  for admission are unknown to Mattel at this time and is known only to defendants,

13  because defendants have not provided necessary discovery and have concealed

14  facts, in violation of Court Orders. Moreover, the subject of this request for

15  admission and the damages suffered by Mattel may be the subject of expert opinion

16  or testimony. Mattel therefore reserves the right to supplement or amend this

17  response at the time and in the manner required by the Rules and Court Orders.

18

19  **REQUEST FOR ADMISSION NO. 83:**

20      Admit that the drawing produced by BRYANT bearing Bates serial

21  number Bryant 00200 is intellectual property whose conversion is one basis of

22  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1641**

23

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

25      In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is vague

27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28  does not have sufficient information about the drawing produced by Bryant bearing

7209/2238755.6

1 │ Bates number Bryant 00200 in order to frame a complete response. Mattel further
2 │ objects to this Request as unreasonably burdensome and premature in that the facts
3 │ necessary to determine the full nature and extent of Mattel's relief and damages from
4 │ defendants' acts or omissions are known by defendants and third parties associated
5 │ with defendants, but are not fully known by Mattel at this juncture because of
6 │ defendants' refusals to produce discovery.

7 │ Subject to and without waiving the foregoing general and specific
8 │ objections, Mattel admits that it seeks damages for defendants' theft and conversion
9 │ of, among other things, the Bratz brand, including without limitation all inventions,
10 │ concepts, ideas, drawings and works, which were created, made, improved,
11 │ conceived, reduced to practice or worked on by Bryant, in whole or in part, while
12 │ employed by Mattel, from which defendants have profited and/or obtained ill-gotten
13 │ gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
14 │ including on the document produced by Bryant bearing Bates serial number Bryant
15 │ 00200, while he was a Mattel employee and as a result of that work and Bryant's
16 │ unlawful conduct, Mattel was damaged. However, the full extent of defendants'
17 │ profits and ill-gotten gains from Bratz as well as other facts relating to this request
18 │ for admission are unknown to Mattel at this time and is known only to defendants,
19 │ because defendants have not provided necessary discovery and have concealed
20 │ facts, in violation of Court Orders. Moreover, the subject of this request for
21 │ admission and the damages suffered by Mattel may be the subject of expert opinion
22 │ or testimony. Mattel therefore reserves the right to supplement or amend this
23 │ response at the time and in the manner required by the Rules and Court Orders.
24 │

25 │ **REQUEST FOR ADMISSION NO. 84:**

26 │ Admit that the drawing produced by BRYANT bearing Bates serial
27 │ number Bryant 00201 is intellectual property whose conversion is one basis of
28 │ YOUR damage requests.

**EXHIBIT 53**
**PAGE 1642**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00201 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00201, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants, because defendants have not provided necessary discovery and have concealed facts, in violation of Court Orders. Moreover, the subject of this request for admission and the damages suffered by Mattel may be the subject of expert opinion or testimony. Mattel therefore reserves the right to supplement or amend this response at the time and in the manner required by the <u>Rules</u> and Court Orders.

EXHIBIT 53
PAGE 1643

1 **REQUEST FOR ADMISSION NO. 85:**

2   Admit that the drawing produced by BRYANT bearing Bates serial

3 number Bryant 00202 is intellectual property whose conversion is one basis of

4 YOUR damage requests.

5

6 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

7   In addition to the foregoing general objections, which are incorporated

8 herein by reference, Mattel objects to this Request on the grounds that it is vague

9 and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

10 does not have sufficient information about the drawing produced by Bryant bearing

11 Bates number Bryant 00202 in order to frame a complete response.  Mattel further

12 objects to this Request as unreasonably burdensome and premature in that the facts

13 necessary to determine the full nature and extent of Mattel's relief and damages from

14 defendants' acts or omissions are known by defendants and third parties associated

15 with defendants, but are not fully known by Mattel at this juncture because of

16 defendants' refusals to produce discovery.

17   Subject to and without waiving the foregoing general and specific

18 objections, Mattel admits that it seeks damages for defendants' theft and conversion

19 of, among other things, the Bratz brand, including without limitation all inventions,

20 concepts, ideas, drawings and works, which were created, made, improved,

21 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

22 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

23 gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

24 including on the document produced by Bryant bearing Bates serial number Bryant

25 00202, while he was a Mattel employee and as a result of that work and Bryant's

26 unlawful conduct, Mattel was damaged. However, the full extent of defendants'

27 profits and ill-gotten gains from Bratz as well as other facts relating to this request

28 for admission are unknown to Mattel at this time and is known only to defendants,

EXHIBIT 53
PAGE 1644

MATTEL'S AMENDED RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR ADMISSIONS

1 because defendants have not provided necessary discovery and have concealed
2 facts, in violation of Court Orders. Moreover, the subject of this request for
3 admission and the damages suffered by Mattel may be the subject of expert opinion
4 or testimony. Mattel therefore reserves the right to supplement or amend this
5 response at the time and in the manner required by the Rules and Court Orders.

6

7 **REQUEST FOR ADMISSION NO. 86:**

8           Admit that the drawing produced by BRYANT bearing Bates serial
9 number Bryant 00203 is intellectual property whose conversion is one basis of
10 YOUR damage requests.

11

12 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

13           In addition to the foregoing general objections, which are incorporated
14 herein by reference, Mattel objects to this Request on the grounds that it is vague
15 and ambiguous. Mattel further objects to this Request on the grounds that Mattel
16 does not have sufficient information about the drawing produced by Bryant bearing
17 Bates number Bryant 00203 in order to frame a complete response. Mattel further
18 objects to this Request as unreasonably burdensome and premature in that the facts
19 necessary to determine the full nature and extent of Mattel's relief and damages from
20 defendants' acts or omissions are known by defendants and third parties associated
21 with defendants, but are not fully known by Mattel at this juncture because of
22 defendants' refusals to produce discovery.

**EXHIBIT 53
PAGE 1645**

23           Subject to and without waiving the foregoing general and specific
24 objections, Mattel admits that it seeks damages for defendants' theft and conversion
25 of, among other things, the Bratz brand, including without limitation all inventions,
26 concepts, ideas, drawings and works, which were created, made, improved,
27 conceived, reduced to practice or worked on by Bryant, in whole or in part, while
28 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1 gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
2 including on the document produced by Bryant bearing Bates serial number Bryant
3 00203, while he was a Mattel employee and as a result of that work and Bryant's
4 unlawful conduct, Mattel was damaged. However, the full extent of defendants'
5 profits and ill-gotten gains from Bratz as well as other facts relating to this request
6 for admission are unknown to Mattel at this time and is known only to defendants,
7 because defendants have not provided necessary discovery and have concealed
8 facts, in violation of Court Orders. Moreover, the subject of this request for
9 admission and the damages suffered by Mattel may be the subject of expert opinion
10 or testimony. Mattel therefore reserves the right to supplement or amend this
11 response at the time and in the manner required by the Rules and Court Orders.
12
13 **REQUEST FOR ADMISSION NO. 87:**
14       Admit that the drawing produced by BRYANT bearing Bates serial
15 number Bryant 00204 is intellectual property whose conversion is one basis of
16 YOUR damage requests.
17
18 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 87:**
19       In addition to the foregoing general objections, which are incorporated
20 herein by reference, Mattel objects to this Request on the grounds that it is vague
21 and ambiguous. Mattel further objects to this Request on the grounds that Mattel
22 does not have sufficient information about the drawing produced by Bryant bearing
23 Bates number Bryant 00204 in order to frame a complete response. Mattel further
24 objects to this Request as unreasonably burdensome and premature in that the facts
25 necessary to determine the full nature and extent of Mattel's relief and damages from
26 defendants' acts or omissions are known by defendants and third parties associated
27 with defendants, but are not fully known by Mattel at this juncture because of
28 defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1646**

7209/2238755.6

-71-

1          Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it seeks damages for defendants' theft and conversion

3  of, among other things, the Bratz brand, including without limitation all inventions,

4  concepts, ideas, drawings and works, which were created, made, improved,

5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8  including on the document produced by Bryant bearing Bates serial number Bryant

9  00204, while he was a Mattel employee and as a result of that work and Bryant's

10  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

11  profits and ill-gotten gains from Bratz as well as other facts relating to this request

12  for admission are unknown to Mattel at this time and is known only to defendants,

13  because defendants have not provided necessary discovery and have concealed

14  facts, in violation of Court Orders.  Moreover, the subject of this request for

15  admission and the damages suffered by Mattel may be the subject of expert opinion

16  or testimony.  Mattel therefore reserves the right to supplement or amend this

17  response at the time and in the manner required by the Rules and Court Orders.

18

19  **REQUEST FOR ADMISSION NO. 88:**

20          Admit that the drawing produced by BRYANT bearing Bates serial

21  number Bryant 00205 is intellectual property whose conversion is one basis of

22  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1647**

23

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

25          In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is vague

27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28  does not have sufficient information about the drawing produced by Bryant bearing

1   Bates number Bryant 00205 in order to frame a complete response.  Mattel further

2   objects to this Request as unreasonably burdensome and premature in that the facts

3   necessary to determine the full nature and extent of Mattel's relief and damages from

4   defendants' acts or omissions are known by defendants and third parties associated

5   with defendants, but are not fully known by Mattel at this juncture because of

6   defendants' refusals to produce discovery.

7          Subject to and without waiving the foregoing general and specific

8   objections, Mattel admits that it seeks damages for defendants' theft and conversion

9   of, among other things, the Bratz brand, including without limitation all inventions,

10   concepts, ideas, drawings and works, which were created, made, improved,

11   conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12   employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13   gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

14   including on the document produced by Bryant bearing Bates serial number Bryant

15   00205, while he was a Mattel employee and as a result of that work and Bryant's

16   unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

17   profits and ill-gotten gains from Bratz as well as other facts relating to this request

18   for admission are unknown to Mattel at this time and is known only to defendants,

19   because defendants have not provided necessary discovery and have concealed

20   facts, in violation of Court Orders.  Moreover, the subject of this request for

21   admission and the damages suffered by Mattel may be the subject of expert opinion

22   or testimony.  Mattel therefore reserves the right to supplement or amend this

23   response at the time and in the manner required by the Rules and Court Orders.

24

25   **REQUEST FOR ADMISSION NO. 89:**

26          Admit that the drawing produced by BRYANT bearing Bates serial

27   number Bryant 00206 is intellectual property whose conversion is one basis of

28   YOUR damage requests.

**EXHIBIT 53**
**PAGE 1648**

EXHIBIT 53
PAGE 1649

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 89:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00206 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00206, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants, because defendants have not provided necessary discovery and have concealed facts, in violation of Court Orders. Moreover, the subject of this request for admission and the damages suffered by Mattel may be the subject of expert opinion or testimony. Mattel therefore reserves the right to supplement or amend this response at the time and in the manner required by the Rules and Court Orders.

1  **REQUEST FOR ADMISSION NO. 90:**

2          Admit that the drawing produced by BRYANT bearing Bates serial

3  number Bryant 00207 is intellectual property whose conversion is one basis of

4  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1650**

5

6  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

7          In addition to the foregoing general objections, which are incorporated

8  herein by reference, Mattel objects to this Request on the grounds that it is vague

9  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

10 does not have sufficient information about the drawing produced by Bryant bearing

11 Bates number Bryant 00207 in order to frame a complete response.  Mattel further

12 objects to this Request as unreasonably burdensome and premature in that the facts

13 necessary to determine the full nature and extent of Mattel's relief and damages from

14 defendants' acts or omissions are known by defendants and third parties associated

15 with defendants, but are not fully known by Mattel at this juncture because of

16 defendants' refusals to produce discovery.

17         Subject to and without waiving the foregoing general and specific

18 objections, Mattel admits that it seeks damages for defendants' theft and conversion

19 of, among other things, the Bratz brand, including without limitation all inventions,

20 concepts, ideas, drawings and works, which were created, made, improved,

21 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

22 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

23 gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

24 including on the document produced by Bryant bearing Bates serial number Bryant

25 00207, while he was a Mattel employee and as a result of that work and Bryant's

26 unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

27 profits and ill-gotten gains from Bratz as well as other facts relating to this request

28 for admission are unknown to Mattel at this time and is known only to defendants,

1 │ because defendants have not provided necessary discovery and have concealed

2 │ facts, in violation of Court Orders.  Moreover, the subject of this request for

3 │ admission and the damages suffered by Mattel may be the subject of expert opinion

4 │ or testimony.  Mattel therefore reserves the right to supplement or amend this

5 │ response at the time and in the manner required by the Rules and Court Orders.

6

7 │ **REQUEST FOR ADMISSION NO. 91:**

8 │         Admit that the drawing produced by BRYANT bearing Bates serial

9 │ number Bryant 00208 is intellectual property whose conversion is one basis of

10 │ YOUR damage requests.

**EXHIBIT 53**
**PAGE 1651**

11

12 │ **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

13 │         In addition to the foregoing general objections, which are incorporated

14 │ herein by reference, Mattel objects to this Request on the grounds that it is vague

15 │ and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16 │ does not have sufficient information about the drawing produced by Bryant bearing

17 │ Bates number Bryant 00208 in order to frame a complete response.  Mattel further

18 │ objects to this Request as unreasonably burdensome and premature in that the facts

19 │ necessary to determine the full nature and extent of Mattel's relief and damages from

20 │ defendants' acts or omissions are known by defendants and third parties associated

21 │ with defendants, but are not fully known by Mattel at this juncture because of

22 │ defendants' refusals to produce discovery.

23 │         Subject to and without waiving the foregoing general and specific

24 │ objections, Mattel admits that it seeks damages for defendants' theft and conversion

25 │ of, among other things, the Bratz brand, including without limitation all inventions,

26 │ concepts, ideas, drawings and works, which were created, made, improved,

27 │ conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28 │ employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

2  including on the document produced by Bryant bearing Bates serial number Bryant

3  00208, while he was a Mattel employee and as a result of that work and Bryant's

4  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

5  profits and ill-gotten gains from Bratz as well as other facts relating to this request

6  for admission are unknown to Mattel at this time and is known only to defendants,

7  because defendants have not provided necessary discovery and have concealed

8  facts, in violation of Court Orders. Moreover, the subject of this request for

9  admission and the damages suffered by Mattel may be the subject of expert opinion

10  or testimony. Mattel therefore reserves the right to supplement or amend this

11  response at the time and in the manner required by the Rules and Court Orders.

12

13  **REQUEST FOR ADMISSION NO. 92:**

14            Admit that the drawing produced by BRYANT bearing Bates serial

15  number Bryant 00209 is intellectual property whose conversion is one basis of

16  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1652**

17

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

19            In addition to the foregoing general objections, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is vague

21  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

22  does not have sufficient information about the drawing produced by Bryant bearing

23  Bates number Bryant 00209 in order to frame a complete response. Mattel further

24  objects to this Request as unreasonably burdensome and premature in that the facts

25  necessary to determine the full nature and extent of Mattel's relief and damages from

26  defendants' acts or omissions are known by defendants and third parties associated

27  with defendants, but are not fully known by Mattel at this juncture because of

28  defendants' refusals to produce discovery.

1    Subject to and without waiving the foregoing general and specific
2  objections, Mattel admits that it seeks damages for defendants' theft and conversion
3  of, among other things, the Bratz brand, including without limitation all inventions,
4  concepts, ideas, drawings and works, which were created, made, improved,
5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while
6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten
7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
8  including on the document produced by Bryant bearing Bates serial number Bryant
9  00209, while he was a Mattel employee and as a result of that work and Bryant's
10  unlawful conduct, Mattel was damaged. However, the full extent of defendants'
11  profits and ill-gotten gains from Bratz as well as other facts relating to this request
12  for admission are unknown to Mattel at this time and is known only to defendants,
13  because defendants have not provided necessary discovery and have concealed
14  facts, in violation of Court Orders. Moreover, the subject of this request for
15  admission and the damages suffered by Mattel may be the subject of expert opinion
16  or testimony. Mattel therefore reserves the right to supplement or amend this
17  response at the time and in the manner required by the Rules and Court Orders.
18
19  **REQUEST FOR ADMISSION NO. 93:**
20    Admit that the drawing produced by BRYANT bearing Bates serial
21  number Bryant 00210 is intellectual property whose conversion is one basis of
22  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1653**

23
24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 93:**
25    In addition to the foregoing general objections, which are incorporated
26  herein by reference, Mattel objects to this Request on the grounds that it is vague
27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel
28  does not have sufficient information about the drawing produced by Bryant bearing

1  Bates number Bryant 00210 in order to frame a complete response.  Mattel further

2  objects to this Request as unreasonably burdensome and premature in that the facts

3  necessary to determine the full nature and extent of Mattel's relief and damages from

4  defendants' acts or omissions are known by defendants and third parties associated

5  with defendants, but are not fully known by Mattel at this juncture because of

6  defendants' refusals to produce discovery.

7         Subject to and without waiving the foregoing general and specific

8  objections, Mattel admits that it seeks damages for defendants' theft and conversion

9  of, among other things, the Bratz brand, including without limitation all inventions,

10  concepts, ideas, drawings and works, which were created, made, improved,

11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

14  including on the document produced by Bryant bearing Bates serial number Bryant

15  00210, while he was a Mattel employee and as a result of that work and Bryant's

16  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

17  profits and ill-gotten gains from Bratz as well as other facts relating to this request

18  for admission are unknown to Mattel at this time and is known only to defendants,

19  because defendants have not provided necessary discovery and have concealed

20  facts, in violation of Court Orders.  Moreover, the subject of this request for

21  admission and the damages suffered by Mattel may be the subject of expert opinion

22  or testimony.  Mattel therefore reserves the right to supplement or amend this

23  response at the time and in the manner required by the Rules and Court Orders.

24

25  **REQUEST FOR ADMISSION NO. 94:**

26         Admit that the drawing produced by BRYANT bearing Bates serial

27  number Bryant 00211 is intellectual property whose conversion is one basis of

28  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1654**

EXHIBIT 53
PAGE 1655

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

2          In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel objects to this Request on the grounds that it is vague

4  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

5  does not have sufficient information about the drawing produced by Bryant bearing

6  Bates number Bryant 00211 in order to frame a complete response. Mattel further

7  objects to this Request as unreasonably burdensome and premature in that the facts

8  necessary to determine the full nature and extent of Mattel's relief and damages from

9  defendants' acts or omissions are known by defendants and third parties associated

10  with defendants, but are not fully known by Mattel at this juncture because of

11  defendants' refusals to produce discovery.

12          Subject to and without waiving the foregoing general and specific

13  objections, Mattel admits that it seeks damages for defendants' theft and conversion

14  of, among other things, the Bratz brand, including without limitation all inventions,

15  concepts, ideas, drawings and works, which were created, made, improved,

16  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

17  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

18  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

19  including on the document produced by Bryant bearing Bates serial number Bryant

20  00211, while he was a Mattel employee and as a result of that work and Bryant's

21  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

22  profits and ill-gotten gains from Bratz as well as other facts relating to this request

23  for admission are unknown to Mattel at this time and is known only to defendants,

24  because defendants have not provided necessary discovery and have concealed

25  facts, in violation of Court Orders. Moreover, the subject of this request for

26  admission and the damages suffered by Mattel may be the subject of expert opinion

27  or testimony. Mattel therefore reserves the right to supplement or amend this

28  response at the time and in the manner required by the Rules and Court Orders.

**REQUEST FOR ADMISSION NO. 95:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00212 is intellectual property whose conversion is one basis of YOUR damage requests.

**EXHIBIT 53**
**PAGE 1656**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00212 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00212, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

1 because defendants have not provided necessary discovery and have concealed
2 facts, in violation of Court Orders. Moreover, the subject of this request for
3 admission and the damages suffered by Mattel may be the subject of expert opinion
4 or testimony. Mattel therefore reserves the right to supplement or amend this
5 response at the time and in the manner required by the Rules and Court Orders.

6

7 **REQUEST FOR ADMISSION NO. 96:**

8       Admit that the drawing produced by BRYANT bearing Bates serial
9 number Bryant 00213 is intellectual property whose conversion is one basis of
10 YOUR damage requests.

**EXHIBIT 53**
**PAGE 1657**

11

12 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

13       In addition to the foregoing general objections, which are incorporated
14 herein by reference, Mattel objects to this Request on the grounds that it is vague
15 and ambiguous. Mattel further objects to this Request on the grounds that Mattel
16 does not have sufficient information about the drawing produced by Bryant bearing
17 Bates number Bryant 00213 in order to frame a complete response. Mattel further
18 objects to this Request as unreasonably burdensome and premature in that the facts
19 necessary to determine the full nature and extent of Mattel's relief and damages from
20 defendants' acts or omissions are known by defendants and third parties associated
21 with defendants, but are not fully known by Mattel at this juncture because of
22 defendants' refusals to produce discovery.

23       Subject to and without waiving the foregoing general and specific
24 objections, Mattel admits that it seeks damages for defendants' theft and conversion
25 of, among other things, the Bratz brand, including without limitation all inventions,
26 concepts, ideas, drawings and works, which were created, made, improved,
27 conceived, reduced to practice or worked on by Bryant, in whole or in part, while
28 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1   gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

2   including on the document produced by Bryant bearing Bates serial number Bryant

3   00213, while he was a Mattel employee and as a result of that work and Bryant's

4   unlawful conduct, Mattel was damaged. However, the full extent of defendants'

5   profits and ill-gotten gains from Bratz as well as other facts relating to this request

6   for admission are unknown to Mattel at this time and is known only to defendants,

7   because defendants have not provided necessary discovery and have concealed

8   facts, in violation of Court Orders. Moreover, the subject of this request for

9   admission and the damages suffered by Mattel may be the subject of expert opinion

10  or testimony. Mattel therefore reserves the right to supplement or amend this

11  response at the time and in the manner required by the Rules and Court Orders.

12

13  **REQUEST FOR ADMISSION NO. 97:**

14          Admit that the drawing produced by BRYANT bearing Bates serial

15  number Bryant 00214 is intellectual property whose conversion is one basis of

16  YOUR damage requests.                              **EXHIBIT 53**
                                                        **PAGE 1658**
17

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

19          In addition to the foregoing general objections, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is vague

21  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

22  does not have sufficient information about the drawing produced by Bryant bearing

23  Bates number Bryant 00214 in order to frame a complete response. Mattel further

24  objects to this Request as unreasonably burdensome and premature in that the facts

25  necessary to determine the full nature and extent of Mattel's relief and damages from

26  defendants' acts or omissions are known by defendants and third parties associated

27  with defendants, but are not fully known by Mattel at this juncture because of

28  defendants' refusals to produce discovery.

1    Subject to and without waiving the foregoing general and specific

2 objections, Mattel admits that it seeks damages for defendants' theft and conversion

3 of, among other things, the Bratz brand, including without limitation all inventions,

4 concepts, ideas, drawings and works, which were created, made, improved,

5 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7 gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8 including on the document produced by Bryant bearing Bates serial number Bryant

9 00214, while he was a Mattel employee and as a result of that work and Bryant's

10 unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

11 profits and ill-gotten gains from Bratz as well as other facts relating to this request

12 for admission are unknown to Mattel at this time and is known only to defendants,

13 because defendants have not provided necessary discovery and have concealed

14 facts, in violation of Court Orders.  Moreover, the subject of this request for

15 admission and the damages suffered by Mattel may be the subject of expert opinion

16 or testimony.  Mattel therefore reserves the right to supplement or amend this

17 response at the time and in the manner required by the Rules and Court Orders.

18

19 **REQUEST FOR ADMISSION NO. 98:**

20    Admit that the drawing produced by BRYANT bearing Bates serial

21 number Bryant 00215 is intellectual property whose conversion is one basis of

22 YOUR damage requests.

**EXHIBIT 53**
**PAGE 1659**

23

24 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

25    In addition to the foregoing general objections, which are incorporated

26 herein by reference, Mattel objects to this Request on the grounds that it is vague

27 and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28 does not have sufficient information about the drawing produced by Bryant bearing

'209/2238755.6

-84-

1  Bates number Bryant 00215 in order to frame a complete response.  Mattel further

2  objects to this Request as unreasonably burdensome and premature in that the facts

3  necessary to determine the full nature and extent of Mattel's relief and damages from

4  defendants' acts or omissions are known by defendants and third parties associated

5  with defendants, but are not fully known by Mattel at this juncture because of

6  defendants' refusals to produce discovery.

7          Subject to and without waiving the foregoing general and specific

8  objections, Mattel admits that it seeks damages for defendants' theft and conversion

9  of, among other things, the Bratz brand, including without limitation all inventions,

10  concepts, ideas, drawings and works, which were created, made, improved,

11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

14  including on the document produced by Bryant bearing Bates serial number Bryant

15  00215, while he was a Mattel employee and as a result of that work and Bryant's

16  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

17  profits and ill-gotten gains from Bratz as well as other facts relating to this request

18  for admission are unknown to Mattel at this time and is known only to defendants,

19  because defendants have not provided necessary discovery and have concealed

20  facts, in violation of Court Orders.  Moreover, the subject of this request for

21  admission and the damages suffered by Mattel may be the subject of expert opinion

22  or testimony.  Mattel therefore reserves the right to supplement or amend this

23  response at the time and in the manner required by the Rules and Court Orders.

24

25  **REQUEST FOR ADMISSION NO. 99:**

26          Admit that the drawing produced by BRYANT bearing Bates serial

27  number Bryant 00216 is intellectual property whose conversion is one basis of

28  YOUR damage requests.                          **EXHIBIT 53**
                                                **PAGE 1660**

EXHIBIT 53
PAGE 1661

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00216 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00216, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants, because defendants have not provided necessary discovery and have concealed facts, in violation of Court Orders. Moreover, the subject of this request for admission and the damages suffered by Mattel may be the subject of expert opinion or testimony. Mattel therefore reserves the right to supplement or amend this response at the time and in the manner required by the Rules and Court Orders.

**REQUEST FOR ADMISSION NO. 100:**

Admit that the drawing produced by BRYANT bearing Bates serial number Bryant 00218 is intellectual property whose conversion is one basis of YOUR damage requests.

**EXHIBIT 53**
**PAGE 1662**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00218 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00218, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants,

1  because defendants have not provided necessary discovery and have concealed
2  facts, in violation of Court Orders.  Moreover, the subject of this request for
3  admission and the damages suffered by Mattel may be the subject of expert opinion
4  or testimony.  Mattel therefore reserves the right to supplement or amend this
5  response at the time and in the manner required by the Rules and Court Orders.

6

7  **REQUEST FOR ADMISSION NO. 101:**

8       Admit that the drawing produced by BRYANT bearing Bates serial
9  number Bryant 00341 is intellectual property whose conversion is one basis of
10 YOUR damage requests.

**EXHIBIT 53**
**PAGE 1663**

11

12 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

13       In addition to the foregoing general objections, which are incorporated
14 herein by reference, Mattel objects to this Request on the grounds that it is vague
15 and ambiguous.  Mattel further objects to this Request on the grounds that Mattel
16 does not have sufficient information about the drawing produced by Bryant bearing
17 Bates number Bryant 00341 in order to frame a complete response.  Mattel further
18 objects to this Request as unreasonably burdensome and premature in that the facts
19 necessary to determine the full nature and extent of Mattel's relief and damages from
20 defendants' acts or omissions are known by defendants and third parties associated
21 with defendants, but are not fully known by Mattel at this juncture because of
22 defendants' refusals to produce discovery.

23       Subject to and without waiving the foregoing general and specific
24 objections, Mattel admits that it seeks damages for defendants' theft and conversion
25 of, among other things, the Bratz brand, including without limitation all inventions,
26 concepts, ideas, drawings and works, which were created, made, improved,
27 conceived, reduced to practice or worked on by Bryant, in whole or in part, while
28 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
2  including on the document produced by Bryant bearing Bates serial number Bryant
3  00341, while he was a Mattel employee and as a result of that work and Bryant's
4  unlawful conduct, Mattel was damaged. However, the full extent of defendants'
5  profits and ill-gotten gains from Bratz as well as other facts relating to this request
6  for admission are unknown to Mattel at this time and is known only to defendants,
7  because defendants have not provided necessary discovery and have concealed
8  facts, in violation of Court Orders. Moreover, the subject of this request for
9  admission and the damages suffered by Mattel may be the subject of expert opinion
10  or testimony. Mattel therefore reserves the right to supplement or amend this
11  response at the time and in the manner required by the Rules and Court Orders.
12

13  **REQUEST FOR ADMISSION NO. 102:**

14          Admit that the drawing produced by BRYANT bearing Bates serial
15  number Bryant 00972 is intellectual property whose conversion is one basis of
16  YOUR damage requests.                          **EXHIBIT 53**
17                                                  **PAGE 1664**

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

19          In addition to the foregoing general objections, which are incorporated
20  herein by reference, Mattel objects to this Request on the grounds that it is vague
21  and ambiguous. Mattel further objects to this Request on the grounds that Mattel
22  does not have sufficient information about the drawing produced by Bryant bearing
23  Bates number Bryant 00972 in order to frame a complete response. Mattel further
24  objects to this Request as unreasonably burdensome and premature in that the facts
25  necessary to determine the full nature and extent of Mattel's relief and damages from
26  defendants' acts or omissions are known by defendants and third parties associated
27  with defendants, but are not fully known by Mattel at this juncture because of
28  defendants' refusals to produce discovery.

1    Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it seeks damages for defendants' theft and conversion

3  of, among other things, the Bratz brand, including without limitation all inventions,

4  concepts, ideas, drawings and works, which were created, made, improved,

5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8  including on the document produced by Bryant bearing Bates serial number Bryant

9  00972, while he was a Mattel employee and as a result of that work and Bryant's

10  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

11  profits and ill-gotten gains from Bratz as well as other facts relating to this request

12  for admission are unknown to Mattel at this time and is known only to defendants,

13  because defendants have not provided necessary discovery and have concealed

14  facts, in violation of Court Orders.  Moreover, the subject of this request for

15  admission and the damages suffered by Mattel may be the subject of expert opinion

16  or testimony.  Mattel therefore reserves the right to supplement or amend this

17  response at the time and in the manner required by the Rules and Court Orders.

18

19  **REQUEST FOR ADMISSION NO. 103:**

20    Admit that the drawing produced by BRYANT bearing Bates serial

21  number Bryant 01014 is intellectual property whose conversion is one basis of

22  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1665**

23

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

25    In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is vague

27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28  does not have sufficient information about the drawing produced by Bryant bearing

1  Bates number Bryant 01014 in order to frame a complete response. Mattel further
2  objects to this Request as unreasonably burdensome and premature in that the facts
3  necessary to determine the full nature and extent of Mattel's relief and damages from
4  defendants' acts or omissions are known by defendants and third parties associated
5  with defendants, but are not fully known by Mattel at this juncture because of
6  defendants' refusals to produce discovery.

7         Subject to and without waiving the foregoing general and specific
8  objections, Mattel admits that it seeks damages for defendants' theft and conversion
9  of, among other things, the Bratz brand, including without limitation all inventions,
10  concepts, ideas, drawings and works, which were created, made, improved,
11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while
12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten
13  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
14  including on the document produced by Bryant bearing Bates serial number Bryant
15  01014, while he was a Mattel employee and as a result of that work and Bryant's
16  unlawful conduct, Mattel was damaged. However, the full extent of defendants'
17  profits and ill-gotten gains from Bratz as well as other facts relating to this request
18  for admission are unknown to Mattel at this time and is known only to defendants,
19  because defendants have not provided necessary discovery and have concealed
20  facts, in violation of Court Orders. Moreover, the subject of this request for
21  admission and the damages suffered by Mattel may be the subject of expert opinion
22  or testimony. Mattel therefore reserves the right to supplement or amend this
23  response at the time and in the manner required by the Rules and Court Orders.

24

25  **REQUEST FOR ADMISSION NO. 104:**

26         Admit that the drawing produced by BRYANT bearing Bates serial
27  number Bryant 01116 is intellectual property whose conversion is one basis of
28  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1666**

1   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

2           In addition to the foregoing general objections, which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is vague

4 and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

5 does not have sufficient information about the drawing produced by Bryant bearing

6 Bates number Bryant 01116 in order to frame a complete response.  Mattel further

7 objects to this Request as unreasonably burdensome and premature in that the facts

8 necessary to determine the full nature and extent of Mattel's relief and damages from

9 defendants' acts or omissions are known by defendants and third parties associated

10 with defendants, but are not fully known by Mattel at this juncture because of

11 defendants' refusals to produce discovery.

                                                  **EXHIBIT 53**
                                                  **PAGE 1667**

12           Subject to and without waiving the foregoing general and specific

13 objections, Mattel admits that it seeks damages for defendants' theft and conversion

14 of, among other things, the Bratz brand, including without limitation all inventions,

15 concepts, ideas, drawings and works, which were created, made, improved,

16 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

17 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

18 gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

19 including on the document produced by Bryant bearing Bates serial number Bryant

20 01116, while he was a Mattel employee and as a result of that work and Bryant's

21 unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

22 profits and ill-gotten gains from Bratz as well as other facts relating to this request

23 for admission are unknown to Mattel at this time and is known only to defendants,

24 because defendants have not provided necessary discovery and have concealed

25 facts, in violation of Court Orders.  Moreover, the subject of this request for

26 admission and the damages suffered by Mattel may be the subject of expert opinion

27 or testimony.  Mattel therefore reserves the right to supplement or amend this

28 response at the time and in the manner required by the Rules and Court Orders.

1  **REQUEST FOR ADMISSION NO. 105:**

2         Admit that the drawing produced by BRYANT bearing Bates serial

3  number Bryant 01117 is intellectual property whose conversion is one basis of

4  YOUR damage requests.

**EXHIBIT 53**
**PAGE 1668**

5

6  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

7         In addition to the foregoing general objections, which are incorporated

8  herein by reference, Mattel objects to this Request on the grounds that it is vague

9  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

10  does not have sufficient information about the drawing produced by Bryant bearing

11  Bates number Bryant 01117 in order to frame a complete response. Mattel further

12  objects to this Request as unreasonably burdensome and premature in that the facts

13  necessary to determine the full nature and extent of Mattel's relief and damages from

14  defendants' acts or omissions are known by defendants and third parties associated

15  with defendants, but are not fully known by Mattel at this juncture because of

16  defendants' refusals to produce discovery.

17         Subject to and without waiving the foregoing general and specific

18  objections, Mattel admits that it seeks damages for defendants' theft and conversion

19  of, among other things, the Bratz brand, including without limitation all inventions,

20  concepts, ideas, drawings and works, which were created, made, improved,

21  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

22  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

23  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

24  including on the document produced by Bryant bearing Bates serial number Bryant

25  01117, while he was a Mattel employee and as a result of that work and Bryant's

26  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

27  profits and ill-gotten gains from Bratz as well as other facts relating to this request

28  for admission are unknown to Mattel at this time and is known only to defendants,

1  because defendants have not provided necessary discovery and have concealed

2  facts, in violation of Court Orders.  Moreover, the subject of this request for

3  admission and the damages suffered by Mattel may be the subject of expert opinion

4  or testimony.  Mattel therefore reserves the right to supplement or amend this

5  response at the time and in the manner required by the Rules and Court Orders.

6

7  **REQUEST FOR ADMISSION NO. 106:**

8         Admit that the drawing produced by BRYANT bearing Bates serial

9  number Bryant 01118 is intellectual property whose conversion is one basis of

10  YOUR damage requests.

11  **EXHIBIT 53**
**PAGE 1669**

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

13         In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is vague

15  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16  does not have sufficient information about the drawing produced by Bryant bearing

17  Bates number Bryant 01118 in order to frame a response, complete response.

18  Mattel further objects to this Request as unreasonably burdensome and premature in

19  that the facts necessary to determine the full nature and extent of Mattel's relief and

20  damages from defendants' acts or omissions are known by defendants and third

21  parties associated with defendants, but are not fully known by Mattel at this juncture

22  because of defendants' refusals to produce discovery.

23         Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it seeks damages for defendants' theft and conversion

25  of, among other things, the Bratz brand, including without limitation all inventions,

26  concepts, ideas, drawings and works, which were created, made, improved,

27  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7209/2238755.6

-94-

1   gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

2   including on the document produced by Bryant bearing Bates serial number Bryant

3   01118, while he was a Mattel employee and as a result of that work and Bryant's

4   unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

5   profits and ill-gotten gains from Bratz as well as other facts relating to this request

6   for admission are unknown to Mattel at this time and is known only to defendants,

7   because defendants have not provided necessary discovery and have concealed

8   facts, in violation of Court Orders.  Moreover, the subject of this request for

9   admission and the damages suffered by Mattel may be the subject of expert opinion

10   or testimony.  Mattel therefore reserves the right to supplement or amend this

11   response at the time and in the manner required by the Rules and Court Orders.

12

13   **REQUEST FOR ADMISSION NO. 107:**

14            Admit that the drawing produced by BRYANT bearing Bates serial

15   number Bryant 00175 is not intellectual property for whose conversion YOU seek

16   damages.

17

18   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

19            In addition to the foregoing general objections, which are incorporated

20   herein by reference, Mattel objects to this Request on the grounds that it is vague

21   and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

22   does not have sufficient information about the drawing produced by Bryant bearing

23   Bates number Bryant 00175 in order to frame a complete response.  Mattel further

24   objects to this Request as unreasonably burdensome and premature in that the facts

25   necessary to determine the full nature and extent of Mattel's relief and damages from

26   defendants' acts or omissions are known by defendants and third parties associated

27   with defendants, but are not fully known by Mattel at this juncture because of

28   defendants' refusals to produce discovery.                     **EXHIBIT 53**
                                                                      **PAGE 1670**

1    Subject to and without waiving the foregoing general and specific
2  objections, Mattel admits that it seeks damages for defendants' theft and conversion
3  of, among other things, the Bratz brand, including without limitation all inventions,
4  concepts, ideas, drawings and works, which were created, made, improved,
5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while
6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten
7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
8  including on the document produced by Bryant bearing Bates serial number Bryant
9  00175, while he was a Mattel employee and as a result of that work and Bryant's
10 unlawful conduct, Mattel was damaged. However, the full extent of defendants'
11 profits and ill-gotten gains from Bratz as well as other facts relating to this request
12 for admission are unknown to Mattel at this time and is known only to defendants,
13 because defendants have not provided necessary discovery and have concealed
14 facts, in violation of Court Orders. Moreover, the subject of this request for
15 admission and the damages suffered by Mattel may be the subject of expert opinion
16 or testimony. Mattel therefore reserves the right to supplement or amend this
17 response at the time and in the manner required by the Rules and Court Orders.
18
19 **REQUEST FOR ADMISSION NO. 108:**
20    Admit that the drawing produced by BRYANT bearing Bates serial
21 number Bryant 00176 is not intellectual property for whose conversion YOU seek
22 damages.

EXHIBIT 53
PAGE 1671

23
24 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 108:**
25    In addition to the foregoing general objections, which are incorporated
26 herein by reference, Mattel objects to this Request on the grounds that it is vague
27 and ambiguous. Mattel further objects to this Request on the grounds that Mattel
28 does not have sufficient information about the drawing produced by Bryant bearing

1  Bates number Bryant 00176 in order to frame a complete response.  Mattel further

2  objects to this Request as unreasonably burdensome and premature in that the facts

3  necessary to determine the full nature and extent of Mattel's relief and damages from

4  defendants' acts or omissions are known by defendants and third parties associated

5  with defendants, but are not fully known by Mattel at this juncture because of

6  defendants' refusals to produce discovery.

7          Subject to and without waiving the foregoing general and specific

8  objections, Mattel admits that it seeks damages for defendants' theft and conversion

9  of, among other things, the Bratz brand, including without limitation all inventions,

10 concepts, ideas, drawings and works, which were created, made, improved,

11 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13 gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

14 including on the document produced by Bryant bearing Bates serial number Bryant

15 00176, while he was a Mattel employee and as a result of that work and Bryant's

16 unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

17 profits and ill-gotten gains from Bratz as well as other facts relating to this request

18 for admission are unknown to Mattel at this time and is known only to defendants,

19 because defendants have not provided necessary discovery and have concealed

20 facts, in violation of Court Orders.  Moreover, the subject of this request for

21 admission and the damages suffered by Mattel may be the subject of expert opinion

22 or testimony.  Mattel therefore reserves the right to supplement or amend this

23 response at the time and in the manner required by the Rules and Court Orders.

24

25 **REQUEST FOR ADMISSION NO. 109:**

26          Admit that the drawing produced by BRYANT bearing Bates serial

27 number Bryant 00177 is not intellectual property for whose conversion YOU seek

28 damages.

**EXHIBIT 53**
**PAGE 1672**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00177 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1673**

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00177, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants, because defendants have not provided necessary discovery and have concealed facts, in violation of Court Orders. Moreover, the subject of this request for admission and the damages suffered by Mattel may be the subject of expert opinion or testimony. Mattel therefore reserves the right to supplement or amend this response at the time and in the manner required by the Rules and Court Orders.

1 **REQUEST FOR ADMISSION NO. 110:**

2    Admit that the drawing produced by BRYANT bearing Bates serial

3 number Bryant 00179 is not intellectual property for whose conversion YOU seek

4 damages.

5

6 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

7    In addition to the foregoing general objections, which are incorporated

8 herein by reference, Mattel objects to this Request on the grounds that it is vague

9 and ambiguous. Mattel further objects to this Request on the grounds that Mattel

10 does not have sufficient information about the drawing produced by Bryant bearing

11 Bates number Bryant 00179 in order to frame complete response. Mattel further

12 objects to this Request as unreasonably burdensome and premature in that the facts

13 necessary to determine the full nature and extent of Mattel's relief and damages from

14 defendants' acts or omissions are known by defendants and third parties associated

15 with defendants, but are not fully known by Mattel at this juncture because of

16 defendants' refusals to produce discovery.     **EXHIBIT 53**
                    **PAGE 1674**

17    Subject to and without waiving the foregoing general and specific

18 objections, Mattel admits that it seeks damages for defendants' theft and conversion

19 of, among other things, the Bratz brand, including without limitation all inventions,

20 concepts, ideas, drawings and works, which were created, made, improved,

21 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

22 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

23 gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

24 including on the document produced by Bryant bearing Bates serial number Bryant

25 00179, while he was a Mattel employee and as a result of that work and Bryant's

26 unlawful conduct, Mattel was damaged. However, the full extent of defendants'

27 profits and ill-gotten gains from Bratz as well as other facts relating to this request

28 for admission are unknown to Mattel at this time and is known only to defendants,

1 | because defendants have not provided necessary discovery and have concealed

2 | facts, in violation of Court Orders. Moreover, the subject of this request for

3 | admission and the damages suffered by Mattel may be the subject of expert opinion

4 | or testimony. Mattel therefore reserves the right to supplement or amend this

5 | response at the time and in the manner required by the <u>Rules</u> and Court Orders.

6

7 | **REQUEST FOR ADMISSION NO. 111:**

8 | Admit that the drawing produced by BRYANT bearing Bates serial

9 | number Bryant 00180 is not intellectual property for whose conversion YOU seek

10 | damages.

**EXHIBIT 53**
**PAGE 1675**

11

12 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

13 | In addition to the foregoing general objections, which are incorporated

14 | herein by reference, Mattel objects to this Request on the grounds that it is vague

15 | and ambiguous. Mattel further objects to this Request on the grounds that Mattel

16 | does not have sufficient information about the drawing produced by Bryant bearing

17 | Bates number Bryant 00180 in order to frame complete response. Mattel further

18 | objects to this Request as unreasonably burdensome and premature in that the facts

19 | necessary to determine the full nature and extent of Mattel's relief and damages from

20 | defendants' acts or omissions are known by defendants and third parties associated

21 | with defendants, but are not fully known by Mattel at this juncture because of

22 | defendants' refusals to produce discovery.

23 | Subject to and without waiving the foregoing general and specific

24 | objections, Mattel admits that it seeks damages for defendants' theft and conversion

25 | of, among other things, the Bratz brand, including without limitation all inventions,

26 | concepts, ideas, drawings and works, which were created, made, improved,

27 | conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28 | employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

2  including on the document produced by Bryant bearing Bates serial number Bryant

3  00180, while he was a Mattel employee and as a result of that work and Bryant's

4  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

5  profits and ill-gotten gains from Bratz as well as other facts relating to this request

6  for admission are unknown to Mattel at this time and is known only to defendants,

7  because defendants have not provided necessary discovery and have concealed

8  facts, in violation of Court Orders. Moreover, the subject of this request for

9  admission and the damages suffered by Mattel may be the subject of expert opinion

10 or testimony. Mattel therefore reserves the right to supplement or amend this

11 response at the time and in the manner required by the Rules and Court Orders.

12

13 **REQUEST FOR ADMISSION NO. 112:**

14        Admit that the drawing produced by BRYANT bearing Bates serial

15 number Bryant 00181 is not intellectual property for whose conversion YOU seek

16 damages.

17

18 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

19        In addition to the foregoing general objections, which are incorporated

20 herein by reference, Mattel objects to this Request on the grounds that it is vague

21 and ambiguous. Mattel further objects to this Request on the grounds that Mattel

22 does not have sufficient information about the drawing produced by Bryant bearing

23 Bates number Bryant 00181 in order to frame a complete response. Mattel further

24 objects to this Request as unreasonably burdensome and premature in that the facts

25 necessary to determine the full nature and extent of Mattel's relief and damages from

26 defendants' acts or omissions are known by defendants and third parties associated

27 with defendants, but are not fully known by Mattel at this juncture because of

28 defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1676**

1    Subject to and without waiving the foregoing general and specific
2  objections, Mattel admits that it seeks damages for defendants' theft and conversion
3  of, among other things, the Bratz brand, including without limitation all inventions,
4  concepts, ideas, drawings and works, which were created, made, improved,
5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while
6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten
7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
8  including on the document produced by Bryant bearing Bates serial number Bryant
9  00181, while he was a Mattel employee and as a result of that work and Bryant's
10  unlawful conduct, Mattel was damaged. However, the full extent of defendants'
11  profits and ill-gotten gains from Bratz as well as other facts relating to this request
12  for admission are unknown to Mattel at this time and is known only to defendants,
13  because defendants have not provided necessary discovery and have concealed
14  facts, in violation of Court Orders. Moreover, the subject of this request for
15  admission and the damages suffered by Mattel may be the subject of expert opinion
16  or testimony. Mattel therefore reserves the right to supplement or amend this
17  response at the time and in the manner required by the <u>Rules</u> and Court Orders.
18
19  **REQUEST FOR ADMISSION NO. 113:**
20    Admit that the drawing produced by BRYANT bearing Bates serial
21  number Bryant 00182 is not intellectual property for whose conversion YOU seek
22  damages.

**EXHIBIT 53**
**PAGE 1677**

23

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 113:**
25    In addition to the foregoing general objections, which are incorporated
26  herein by reference, Mattel objects to this Request on the grounds that it is vague
27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel
28  does not have sufficient information about the drawing produced by Bryant bearing

1 | Bates number Bryant 00182 in order to frame a complete response. Mattel further

2 | objects to this Request as unreasonably burdensome and premature in that the facts

3 | necessary to determine the full nature and extent of Mattel's relief and damages from

4 | defendants' acts or omissions are known by defendants and third parties associated

5 | with defendants, but are not fully known by Mattel at this juncture because of

6 | defendants' refusals to produce discovery.

7 |       Subject to and without waiving the foregoing general and specific

8 | objections, Mattel admits that it seeks damages for defendants' theft and conversion

9 | of, among other things, the Bratz brand, including without limitation all inventions,

10 | concepts, ideas, drawings and works, which were created, made, improved,

11 | conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12 | employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13 | gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

14 | including on the document produced by Bryant bearing Bates serial number Bryant

15 | 00182, while he was a Mattel employee and as a result of that work and Bryant's

16 | unlawful conduct, Mattel was damaged. However, the full extent of defendants'

17 | profits and ill-gotten gains from Bratz as well as other facts relating to this request

18 | for admission are unknown to Mattel at this time and is known only to defendants,

19 | because defendants have not provided necessary discovery and have concealed

20 | facts, in violation of Court Orders. Moreover, the subject of this request for

21 | admission and the damages suffered by Mattel may be the subject of expert opinion

22 | or testimony. Mattel therefore reserves the right to supplement or amend this

23 | response at the time and in the manner required by the Rules and Court Orders.

24 |

25 | **REQUEST FOR ADMISSION NO. 114:**

26 |       Admit that the drawing produced by BRYANT bearing Bates serial

27 | number Bryant 00189 is not intellectual property for whose conversion YOU seek

28 | damages.

**EXHIBIT 53**
**PAGE 1678**

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 114:

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00189 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1679**

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00189, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants, because defendants have not provided necessary discovery and have concealed facts, in violation of Court Orders. Moreover, the subject of this request for admission and the damages suffered by Mattel may be the subject of expert opinion or testimony. Mattel therefore reserves the right to supplement or amend this response at the time and in the manner required by the <u>Rules</u> and Court Orders.

1 | **REQUEST FOR ADMISSION NO. 115:**

2        Admit that the drawing produced by BRYANT bearing Bates serial

3 | number Bryant 00190 is not intellectual property for whose conversion YOU seek

4 | damages.

5

6 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

7        In addition to the foregoing general objections, which are incorporated

8 | herein by reference, Mattel objects to this Request on the grounds that it is vague

9 | and ambiguous. Mattel further objects to this Request on the grounds that Mattel

10 | does not have sufficient information about the drawing produced by Bryant bearing

11 | Bates number Bryant 00190 in order to frame a complete response. Mattel further

12 | objects to this Request as unreasonably burdensome and premature in that the facts

13 | necessary to determine the full nature and extent of Mattel's relief and damages from

14 | defendants' acts or omissions are known by defendants and third parties associated

15 | with defendants, but are not fully known by Mattel at this juncture because of

16 | defendants' refusals to produce discovery.         **EXHIBIT 53**
                                                  **PAGE 1680**

17        Subject to and without waiving the foregoing general and specific

18 | objections, Mattel admits that it seeks damages for defendants' theft and conversion

19 | of, among other things, the Bratz brand, including without limitation all inventions,

20 | concepts, ideas, drawings and works, which were created, made, improved,

21 | conceived, reduced to practice or worked on by Bryant, in whole or in part, while

22 | employed by Mattel, from which defendants have profited and/or obtained ill-gotten

23 | gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

24 | including on the document produced by Bryant bearing Bates serial number Bryant

25 | 00190, while he was a Mattel employee and as a result of that work and Bryant's

26 | unlawful conduct, Mattel was damaged. However, the full extent of defendants'

27 | profits and ill-gotten gains from Bratz as well as other facts relating to this request

28 | for admission are unknown to Mattel at this time and is known only to defendants,

1  because defendants have not provided necessary discovery and have concealed

2  facts, in violation of Court Orders. Moreover, the subject of this request for

3  admission and the damages suffered by Mattel may be the subject of expert opinion

4  or testimony. Mattel therefore reserves the right to supplement or amend this

5  response at the time and in the manner required by the <u>Rules</u> and Court Orders.

6

7  **REQUEST FOR ADMISSION NO. 116:**

8  　　　　Admit that the drawing produced by BRYANT bearing Bates serial

9  number Bryant 00192 is not intellectual property for whose conversion YOU seek

10  damages.

11

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

13  　　　　In addition to the foregoing general objections, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is vague

15  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

16  does not have sufficient information about the drawing produced by Bryant bearing

17  Bates number Bryant 00192 in order to frame a complete response. Mattel further

18  objects to this Request as unreasonably burdensome and premature in that the facts

19  necessary to determine the full nature and extent of Mattel's relief and damages from

20  defendants' acts or omissions are known by defendants and third parties associated

21  with defendants, but are not fully known by Mattel at this juncture because of

22  defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1681**

23  　　　　Subject to and without waiving the foregoing general and specific

24  objections, Mattel admits that it seeks damages for defendants' theft and conversion

25  of, among other things, the Bratz brand, including without limitation all inventions,

26  concepts, ideas, drawings and works, which were created, made, improved,

27  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1 gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
2 including on the document produced by Bryant bearing Bates serial number Bryant
3 00192, while he was a Mattel employee and as a result of that work and Bryant's
4 unlawful conduct, Mattel was damaged. However, the full extent of defendants'
5 profits and ill-gotten gains from Bratz as well as other facts relating to this request
6 for admission are unknown to Mattel at this time and is known only to defendants,
7 because defendants have not provided necessary discovery and have concealed
8 facts, in violation of Court Orders. Moreover, the subject of this request for
9 admission and the damages suffered by Mattel may be the subject of expert opinion
10 or testimony. Mattel therefore reserves the right to supplement or amend this
11 response at the time and in the manner required by the <u>Rules</u> and Court Orders.
12

13 **REQUEST FOR ADMISSION NO. 117:**

14      Admit that the drawing produced by BRYANT bearing Bates serial
15 number Bryant 00193 is not intellectual property for whose conversion YOU seek
16 damages.

17

18 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

19      In addition to the foregoing general objections, which are incorporated
20 herein by reference, Mattel objects to this Request on the grounds that it is vague
21 and ambiguous. Mattel further objects to this Request on the grounds that Mattel
22 does not have sufficient information about the drawing produced by Bryant bearing
23 Bates number Bryant 00193 in order to frame a complete response. Mattel further
24 objects to this Request as unreasonably burdensome and premature in that the facts
25 necessary to determine the full nature and extent of Mattel's relief and damages from
26 defendants' acts or omissions are known by defendants and third parties associated
27 with defendants, but are not fully known by Mattel at this juncture because of
28 defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1682**

1    Subject to and without waiving the foregoing general and specific
2    objections, Mattel admits that it seeks damages for defendants' theft and conversion
3    of, among other things, the Bratz brand, including without limitation all inventions,
4    concepts, ideas, drawings and works, which were created, made, improved,
5    conceived, reduced to practice or worked on by Bryant, in whole or in part, while
6    employed by Mattel, from which defendants have profited and/or obtained ill-gotten
7    gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,
8    including on the document produced by Bryant bearing Bates serial number Bryant
9    00193, while he was a Mattel employee and as a result of that work and Bryant's
10   unlawful conduct, Mattel was damaged. However, the full extent of defendants'
11   profits and ill-gotten gains from Bratz as well as other facts relating to this request
12   for admission are unknown to Mattel at this time and is known only to defendants,
13   because defendants have not provided necessary discovery and have concealed
14   facts, in violation of Court Orders. Moreover, the subject of this request for
15   admission and the damages suffered by Mattel may be the subject of expert opinion
16   or testimony. Mattel therefore reserves the right to supplement or amend this
17   response at the time and in the manner required by the <u>Rules</u> and Court Orders.
18

19   **REQUEST FOR ADMISSION NO. 118:**

20   Admit that the drawing produced by BRYANT bearing Bates serial
21   number Bryant 00194 is not intellectual property for whose conversion YOU seek
22   damages.

23

**EXHIBIT 53**
**PAGE 1683**

24   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

25   In addition to the foregoing general objections, which are incorporated
26   herein by reference, Mattel objects to this Request on the grounds that it is vague
27   and ambiguous. Mattel further objects to this Request on the grounds that Mattel
28   does not have sufficient information about the drawing produced by Bryant bearing

1  Bates number Bryant 00194 in order to frame a complete response.  Mattel further
2  objects to this Request as unreasonably burdensome and premature in that the facts
3  necessary to determine the full nature and extent of Mattel's relief and damages from
4  defendants' acts or omissions are known by defendants and third parties associated
5  with defendants, but are not fully known by Mattel at this juncture because of
6  defendants' refusals to produce discovery.

7          Subject to and without waiving the foregoing general and specific
8  objections, Mattel admits that it seeks damages for defendants' theft and conversion
9  of, among other things, the Bratz brand, including without limitation all inventions,
10  concepts, ideas, drawings and works, which were created, made, improved,
11  conceived, reduced to practice or worked on by Bryant, in whole or in part, while
12  employed by Mattel, from which defendants have profited and/or obtained ill-gotten
13  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,
14  including on the document produced by Bryant bearing Bates serial number Bryant
15  00194, while he was a Mattel employee and as a result of that work and Bryant's
16  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'
17  profits and ill-gotten gains from Bratz as well as other facts relating to this request
18  for admission are unknown to Mattel at this time and is known only to defendants,
19  because defendants have not provided necessary discovery and have concealed
20  facts, in violation of Court Orders.  Moreover, the subject of this request for
21  admission and the damages suffered by Mattel may be the subject of expert opinion
22  or testimony.  Mattel therefore reserves the right to supplement or amend this
23  response at the time and in the manner required by the Rules and Court Orders.
24

25  **REQUEST FOR ADMISSION NO. 119:**

26          Admit that the drawing produced by BRYANT bearing Bates serial
27  number Bryant 00195 is not intellectual property for whose conversion YOU seek
28  damages.

**EXHIBIT 53**
**PAGE 1684**

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

In addition to the foregoing general objections, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague and ambiguous. Mattel further objects to this Request on the grounds that Mattel does not have sufficient information about the drawing produced by Bryant bearing Bates number Bryant 00195 in order to frame a complete response. Mattel further objects to this Request as unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendants' acts or omissions are known by defendants and third parties associated with defendants, but are not fully known by Mattel at this juncture because of defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1685**

Subject to and without waiving the foregoing general and specific objections, Mattel admits that it seeks damages for defendants' theft and conversion of, among other things, the Bratz brand, including without limitation all inventions, concepts, ideas, drawings and works, which were created, made, improved, conceived, reduced to practice or worked on by Bryant, in whole or in part, while employed by Mattel, from which defendants have profited and/or obtained ill-gotten gains. Mattel further admits that the evidence shows that Bryant worked on Bratz, including on the document produced by Bryant bearing Bates serial number Bryant 00195, while he was a Mattel employee and as a result of that work and Bryant's unlawful conduct, Mattel was damaged. However, the full extent of defendants' profits and ill-gotten gains from Bratz as well as other facts relating to this request for admission are unknown to Mattel at this time and is known only to defendants, because defendants have not provided necessary discovery and have concealed facts, in violation of Court Orders. Moreover, the subject of this request for admission and the damages suffered by Mattel may be the subject of expert opinion or testimony. Mattel therefore reserves the right to supplement or amend this response at the time and in the manner required by the Rules and Court Orders.

1  **REQUEST FOR ADMISSION NO. 120:**

2      Admit that the drawing produced by BRYANT bearing Bates serial

3  number Bryant 00196 is not intellectual property for whose conversion YOU seek

4  damages.

5

6  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

7      In addition to the foregoing general objections, which are incorporated

8  herein by reference, Mattel objects to this Request on the grounds that it is vague

9  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

10  does not have sufficient information about the drawing produced by Bryant bearing

11  Bates number Bryant 00196 in order to frame a complete response.  Mattel further

12  objects to this Request as unreasonably burdensome and premature in that the facts

13  necessary to determine the full nature and extent of Mattel's relief and damages from

14  defendants' acts or omissions are known by defendants and third parties associated

15  with defendants, but are not fully known by Mattel at this juncture because of

16  defendants' refusals to produce discovery.                    **EXHIBIT 53**
                                                                  **PAGE 1686**

17      Subject to and without waiving the foregoing general and specific

18  objections, Mattel admits that it seeks damages for defendants' theft and conversion

19  of, among other things, the Bratz brand, including without limitation all inventions,

20  concepts, ideas, drawings and works, which were created, made, improved,

21  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

22  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

23  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

24  including on the document produced by Bryant bearing Bates serial number Bryant

25  00196, while he was a Mattel employee and as a result of that work and Bryant's

26  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

27  profits and ill-gotten gains from Bratz as well as other facts relating to this request

28  for admission are unknown to Mattel at this time and is known only to defendants,

1  because defendants have not provided necessary discovery and have concealed

2  facts, in violation of Court Orders.  Moreover, the subject of this request for

3  admission and the damages suffered by Mattel may be the subject of expert opinion

4  or testimony.  Mattel therefore reserves the right to supplement or amend this

5  response at the time and in the manner required by the Rules and Court Orders.

6

7  **REQUEST FOR ADMISSION NO. 121:**

8      Admit that the drawing produced by BRYANT bearing Bates serial

9  number Bryant 00198 is not intellectual property for whose conversion YOU seek

10 damages.

**EXHIBIT 53**
**PAGE 1687**

11

12 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

13      In addition to the foregoing general objections, which are incorporated

14 herein by reference, Mattel objects to this Request on the grounds that it is vague

15 and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

16 does not have sufficient information about the drawing produced by Bryant bearing

17 Bates number Bryant 00198 in order to frame a complete response.  Mattel further

18 objects to this Request as unreasonably burdensome and premature in that the facts

19 necessary to determine the full nature and extent of Mattel's relief and damages from

20 defendants' acts or omissions are known by defendants and third parties associated

21 with defendants, but are not fully known by Mattel at this juncture because of

22 defendants' refusals to produce discovery.

23      Subject to and without waiving the foregoing general and specific

24 objections, Mattel admits that it seeks damages for defendants' theft and conversion

25 of, among other things, the Bratz brand, including without limitation all inventions,

26 concepts, ideas, drawings and works, which were created, made, improved,

27 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

28 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

1   gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

2   including on the document produced by Bryant bearing Bates serial number Bryant

3   00198, while he was a Mattel employee and as a result of that work and Bryant's

4   unlawful conduct, Mattel was damaged. However, the full extent of defendants'

5   profits and ill-gotten gains from Bratz as well as other facts relating to this request

6   for admission are unknown to Mattel at this time and is known only to defendants,

7   because defendants have not provided necessary discovery and have concealed

8   facts, in violation of Court Orders. Moreover, the subject of this request for

9   admission and the damages suffered by Mattel may be the subject of expert opinion

10  or testimony. Mattel therefore reserves the right to supplement or amend this

11  response at the time and in the manner required by the Rules and Court Orders.

12

13  **REQUEST FOR ADMISSION NO. 122:**

14          Admit that the drawing produced by BRYANT bearing Bates serial

15  number Bryant 00199 is not intellectual property for whose conversion YOU seek

16  damages.

**EXHIBIT 53**
**PAGE 1688**

17

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

19          In addition to the foregoing general objections, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is vague

21  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

22  does not have sufficient information about the drawing produced by Bryant bearing

23  Bates number Bryant 00199 in order to frame a complete response. Mattel further

24  objects to this Request as unreasonably burdensome and premature in that the facts

25  necessary to determine the full nature and extent of Mattel's relief and damages from

26  defendants' acts or omissions are known by defendants and third parties associated

27  with defendants, but are not fully known by Mattel at this juncture because of

28  defendants' refusals to produce discovery.

1           Subject to and without waiving the foregoing general and specific

2  objections, Mattel admits that it seeks damages for defendants' theft and conversion

3  of, among other things, the Bratz brand, including without limitation all inventions,

4  concepts, ideas, drawings and works, which were created, made, improved,

5  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

6  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

7  gains. Mattel further admits that the evidence shows that Bryant worked on Bratz,

8  including on the document produced by Bryant bearing Bates serial number Bryant

9  00199, while he was a Mattel employee and as a result of that work and Bryant's

10  unlawful conduct, Mattel was damaged. However, the full extent of defendants'

11  profits and ill-gotten gains from Bratz as well as other facts relating to this request

12  for admission are unknown to Mattel at this time and is known only to defendants,

13  because defendants have not provided necessary discovery and have concealed

14  facts, in violation of Court Orders. Moreover, the subject of this request for

15  admission and the damages suffered by Mattel may be the subject of expert opinion

16  or testimony. Mattel therefore reserves the right to supplement or amend this

17  response at the time and in the manner required by the Rules and Court Orders.

18

19  **REQUEST FOR ADMISSION NO. 123:**

20           Admit that the drawing produced by BRYANT bearing Bates serial

21  number Bryant 00200 is not intellectual property for whose conversion YOU seek

22  damages.

**EXHIBIT 53**
**PAGE 1689**

23

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

25           In addition to the foregoing general objections, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is vague

27  and ambiguous. Mattel further objects to this Request on the grounds that Mattel

28  does not have sufficient information about the drawing produced by Bryant bearing

1  Bates number Bryant 00200 in order to frame a complete response.  Mattel further

2  objects to this Request as unreasonably burdensome and premature in that the facts

3  necessary to determine the full nature and extent of Mattel's relief and damages from

4  defendants' acts or omissions are known by defendants and third parties associated

5  with defendants, but are not fully known by Mattel at this juncture because of

6  defendants' refusals to produce discovery.

7        Subject to and without waiving the foregoing general and specific

8  objections, Mattel admits that it seeks damages for defendants' theft and conversion

9  of, among other things, the Bratz brand, including without limitation all inventions,

10 concepts, ideas, drawings and works, which were created, made, improved,

11 conceived, reduced to practice or worked on by Bryant, in whole or in part, while

12 employed by Mattel, from which defendants have profited and/or obtained ill-gotten

13 gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

14 including on the document produced by Bryant bearing Bates serial number Bryant

15 00200, while he was a Mattel employee and as a result of that work and Bryant's

16 unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

17 profits and ill-gotten gains from Bratz as well as other facts relating to this request

18 for admission are unknown to Mattel at this time and is known only to defendants,

19 because defendants have not provided necessary discovery and have concealed

20 facts, in violation of Court Orders.  Moreover, the subject of this request for

21 admission and the damages suffered by Mattel may be the subject of expert opinion

22 or testimony.  Mattel therefore reserves the right to supplement or amend this

23 response at the time and in the manner required by the Rules and Court Orders.

24

25 **REQUEST FOR ADMISSION NO. 124:**

26       Admit that the drawing produced by BRYANT bearing Bates serial

27 number Bryant 00201 is not intellectual property for whose conversion YOU seek

28 damages.

**EXHIBIT 53**
**PAGE 1690**

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

2          In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel objects to this Request on the grounds that it is vague

4  and ambiguous.  Mattel further objects to this Request on the grounds that Mattel

5  does not have sufficient information about the drawing produced by Bryant bearing

6  Bates number Bryant 00201 in order to frame a complete response.  Mattel further

7  objects to this Request as unreasonably burdensome and premature in that the facts

8  necessary to determine the full nature and extent of Mattel's relief and damages from

9  defendants' acts or omissions are known by defendants and third parties associated

10  with defendants, but are not fully known by Mattel at this juncture because of

11  defendants' refusals to produce discovery.

**EXHIBIT 53**
**PAGE 1691**

12          Subject to and without waiving the foregoing general and specific

13  objections, Mattel admits that it seeks damages for defendants' theft and conversion

14  of, among other things, the Bratz brand, including without limitation all inventions,

15  concepts, ideas, drawings and works, which were created, made, improved,

16  conceived, reduced to practice or worked on by Bryant, in whole or in part, while

17  employed by Mattel, from which defendants have profited and/or obtained ill-gotten

18  gains.  Mattel further admits that the evidence shows that Bryant worked on Bratz,

19  including on the document produced by Bryant bearing Bates serial number Bryant

20  00201, while he was a Mattel employee and as a result of that work and Bryant's

21  unlawful conduct, Mattel was damaged.  However, the full extent of defendants'

22  profits and ill-gotten gains from Bratz as well as other facts relating to this request

23  for admission are unknown to Mattel at this time and is known only to defendants,

24  because defendants have not provided necessary discovery and have concealed

25  facts, in violation of Court Orders.  Moreover, the subject of this request for

26  admission and the damages suffered by Mattel may be the subject of expert opinion

27  or testimony.  Mattel therefore reserves the right to supplement or amend this

28  response at the time and in the manner required by the <u>Rules</u> and Court Orders.