# EXHIBIT A

1

```
 1              UNITED STATES DISTRICT COURT

 2             CENTRAL DISTRICT OF CALIFORNIA

 3                    EASTERN DIVISION

 4                        - - -

 5    HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                        - - -

 7   MATTEL, INC.,                )
                                  )
 8                   PLAINTIFF,   )
                                  )
 9        VS.                     )   NO. ED CV 04-09049
                                  )   (LEAD LOW NUMBER)
10   MGA ENTERTAINMENT, INC., ET. AL., )
                                  )
11                   DEFENDANTS.  )   MOTION HEARING
                                  )
12   AND CONSOLIDATED ACTIONS,    )
                                  )
13

14

15        REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17             MONDAY , JUNE 2 , 2008

18                    1:33 P.M.
```

**CERTIFIED COPY**

```
23           THERESA A. LANZA, RPR, CSR
          FEDERAL OFFICIAL COURT REPORTER
24            3470 12TH STREET, RM. 134
           RIVERSIDE, CALIFORNIA  92501
25                951-274-0844
             WWW.THERESALANZA.COM
```

2

```
 1  APPEARANCES:
 2
 3
    ON BEHALF OF MATTEL:
 4
                QUINN EMANUEL
 5              BY:  HARRY A. OLIVAR
                BY:  JON COREY
 6              BY:  DYLAN PROCTOR
                865 S. FIGUEROA STREET,
 7              10TH FLOOR
                LOS ANGELES, CALIFORNIA  90017
 8              213-624-7707
 9
10  ON BEHALF OF MGA ENTERTAINMENT:
11              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                BY:  JASON RUSSELL
12              BY:  JOSE ALLAN
                300 SOUTH GRAND AVENUE
13              LOS ANGELES, CALIFORNIA  90071-3144
                213-687-5000
14
15
16
17
18
19
20
21
22
23
24
25
```

MONDAY, JUNE 2, 2008                              MOTIONS HEARING

3

```
 1                    I N D E X
 2                                              PAGE
 3   MOTIONS .....................................  4
 4
 5
 ...
25
```

MONDAY, JUNE 2, 2008                MOTIONS HEARING

1  MET.

2      **THE COURT:** WHAT KIND OF EVIDENCE ARE YOU LOOKING
3  FOR? THAT'S SOMETHING ELSE YOU SAY AS WELL, BUT I AM NOT SURE
4  WHAT YOU ARE LOOKING FOR.

5      **MR. OLIVAR:** SOME TESTIMONY FROM A PERCIPIENT WITNESS
6  THAT BANDAI AND ACCLAIM GAMES HAVE AN IDENTICAL LEGAL ISSUE; IT
7  PUTS IT CLOSE TO IDENTICAL WITH MGA IN DEFENDING AGAINST THE
8  CLAIMS OF THIS LAWSUIT.

9      **THE COURT:** SO YOU'RE LOOKING FOR A DECLARATION OR
10 SOMETHING TO THAT EFFECT.

11     **MR. OLIVAR:** WE HAVE THAT, BUT IT REALLY SAYS NOTHING
12 AT ALL. IT SAYS WE WORK WITH BANDAI CLOSELY, THEY HAVE VARIOUS
13 ROLES, THEY HAVE INTERESTS IN THE SALE OF BRATZ. WE ACCEPT
14 THEY HAVE ECONOMIC INTERESTS AS A LICENSEE. BUT THE CASE LAW
15 IS CLEAR THAT JUST BECAUSE SOMEONE IS INTERESTED IN THE SALES
16 OF BRATZ CONTINUING IN A COMMERCIAL SENSE, THAT DOES NOT COUNT
17 AS AN IDENTICAL OR MERELY AN IDENTICAL LEGAL INTEREST.

18     THERE'S NO EVIDENCE THAT BANDAI HAS BEEN WORKING WITH
19 MGA ON A COORDINATED LEGAL STRATEGY OR THAT ANY OF THESE
20 DOCUMENTS IN ANY WAY FIT INTO THAT STRATEGY. THEY JUST HAVE
21 DOCUMENTS INVOLVING PRODUCT SALES OR INVOICES OR TRADEMARKS AND
22 THEY SAY PURSUANT TO COMMON INTEREST, AND THERE'S NO EVIDENCE
23 TO SATISFY ANY OF THE LEGAL TESTS AS TO THESE DOCUMENTS.

24     THE ONE DECLARATION THEY PUT IN, MR. KHARI, SAYS
25 NOTHING THAT WOULD SATISFY THE LEGAL TESTS.

```
 1              SO THAT ONE I THINK IS SUSCEPTIBLE TO A CLEAR RULING.
 2   WE HIT A STONE WALL DURING MEET AND CONFER TRYING TO GET
 3   PRODUCTION OF THOSE DOCUMENTS.
 4           THE COURT:  VERY GOOD.
 5           MR. ALLAN, LET ME HEAR FROM YOU ON THIS.                02:09
 6           MR. ALLAN:  GOOD AFTERNOON, YOUR HONOR.
 7           JOSE ALLAN.  I'M FROM THE SKADDEN ARPS OFFICE IN SAN
 8   FRANCISCO.
 9           THE COURT:  WELCOME, COUNSEL.
10           MR. ALLAN:  I'VE SPENT QUITE A BIT OF TIME FOCUSED      02:10
11   JUST ON THESE PRIVILEGED LOG ISSUES, YOUR HONOR, AND THEY DO
12   BREAK DOWN INTO THREE GENERAL CATEGORIES; THOSE THAT THE CLAIM
13   IS MADE THAT THIS JUST REFLECTS COMMUNICATIONS AMONG IN-HOUSE
14   PERSONNEL AND NO LAWYER IS INVOLVED; THE SO-CALLED TRADEMARK
15   SEARCH RESULTS; AND THEN THE THIRD-PARTY COMMUNICATIONS.        02:10
16           LET'S DEAL WITH THE FIRST CATEGORY FIRST, BECAUSE I
17   HAVE HAD QUITE EXTENSIVE COMMUNICATIONS WITH THE QUINN FIRM
18   CONCERNING THE NATURE OF THE DOCUMENTS.
19           WHEN THIS ISSUE FIRST CAME UP, WE WENT BACK THROUGH
20   THE PRIVILEGED LOGS AND IDENTIFIED THE DOCUMENTS WHICH WE       02:10
21   BELIEVED COULD BE REDACTED AND PRODUCED IN PART WHERE THERE WAS
22   NONPRIVILEGED COMMUNICATIONS INVOLVED.  THE DOCUMENTS THAT
23   REMAINED ON THE LOG WERE DOCUMENTS IN WHICH INTERNAL MGA
24   PERSONNEL WERE DISCUSSING ADVICE RECEIVED FROM COUNSEL
25   CONCERNING A BROAD ARRAY OF MATTERS.  THOSE ARE THE DOCUMENTS   02:11
```

1  THAT WE'VE TOLD THEM WE HAVE DECIDED SHOULD NOT BE PRODUCED.
2  THEY WERE NOT SUSCEPTIBLE OF BEING PRODUCED IN REDACTED FORM.
3  BUT WE COMMITTED AND WE DID GO THROUGH AND REVIEW EVERY
4  DOCUMENT THAT THEY IDENTIFIED IN THEIR LETTER THAT THEY HAD
5  RAISED A QUESTION ABOUT, AND WE ASSURED OURSELVES THAT THE ONES
6  THAT WERE NOT BEING PRODUCED IN REDACTED FORM WERE
7  APPROPRIATELY WITHHELD ON THE GROUNDS OF PRIVILEGED LOGS.
8      **THE COURT:** LET ME STOP YOU THERE.
9      CAN YOU REPRESENT THEN TO THE COURT YOU'VE DONE THAT
10 FOR NOT ONLY THE ONES THEY HAVE RAISED PERHAPS IN A LETTER OR
11 YOUR COMMUNICATIONS, BUT ALL OF THE ONES IDENTIFIED IN THIS
12 FIRST MOTION?
13     **MR. ALLAN:** YES.
14     ONE OF THE PROBLEMS IS WE'VE HAD A MOVING TARGET
15 HERE. I SAID, 'LOOK, I'M GOING TO GIVE YOU A REVISED LOG WHICH
16 IDENTIFIES DOCUMENTS WHICH HAVE BEEN PRODUCED IN REDACTED FORM
17 AND DOCUMENTS WHICH HAVE BEEN WITHHELD IN PART.'
18     **THE COURT:** VERY WELL.
19     **MR. ALLAN:** WE GAVE THEM THOSE LOGS. AND I SAID,
20 'LOOK, ONCE YOU GET THOSE LOGS, I'D LIKE YOU TO GO THROUGH
21 THOSE NEW REVISED LOGS AND TELL ME WHICH DOCUMENTS YOU STILL
22 HAVE A PROBLEM WITH, THAT YOU'VE GOT SOME CONCERNS ABOUT.'
23     I GOT THAT LETTER. I WENT BACK AND WENT THROUGH
24 THOSE DOCUMENTS AND WE IDENTIFIED THE ONES THAT WE BELIEVED ARE
25 APPROPRIATELY WITHHELD IN WHOLE; SO WE'VE BEEN THROUGH THAT

```
 1  EXERCISE.
 2       THE COURT:  WHAT ABOUT THE TRADEMARK SEARCH RESULTS
 3  AND REQUESTS?
 4       MR. ALLAN:  YOUR HONOR, YOU HIT THE NAIL RIGHT ON THE
 5  HEAD WITH REGARD TO THE TRADEMARK SEARCH RESULTS.  WE HAVE NOT
 6  WITHHELD FROM PRODUCTION DOCUMENTS WHERE SOMEBODY DID A
 7  TRADEMARK SEARCH RESULT AND GOT A PRINTOUT BACK IDENTIFYING
 8  WHAT OTHER MARKS WERE OUT THERE.
 9       WHAT WE HAVE WITHHELD ARE DOCUMENTS IN WHICH COUNSEL
10  FOR MGA HAS SAID, 'LOOK, I'VE CONDUCTED A TRADEMARK SEARCH
11  RESULT AND THIS IS WHAT I DISCOVERED AND HERE'S MY ADVICE TO
12  YOU AS TO WHAT YOUR NEXT STEPS OUGHT TO BE.'
13       NOW, MR. OLIVAR HAS AGREED THAT THOSE TYPES OF
14  COMMUNICATIONS WOULD BE PRIVILEGED AND THAT THEY ARE NOT
15  SEEKING PRODUCTION OF THAT TYPE OF COMMUNICATIONS.
16       THE COURT:  LET ME STOP YOU THERE.
17       I DON'T KNOW WHETHER HE DOES OR NOT.  I DON'T KNOW IF
18  I AGREE.
19       THE FIRST SENTENCE THAT YOU SAID THERE, IN YOUR
20  HYPOTHETICAL LETTER, 'I HAVE CONDUCTED A TRADEMARK SEARCH AND
21  THIS IS MY ADVICE TO YOU,' I AGREE THAT EVERYTHING AFTER 'THIS
22  IS MY ADVICE TO YOU...' IS REDACTED AND PROTECTED BY PRIVILEGE.
23  BUT THE FACT HE CONDUCTED OR SHE CONDUCTED A TRADEMARK SEARCH
24  RESULT, THAT FIRST PORTION, THAT IS NOT PROTECTED, UNDER MY
25  READING OF THE LAW.
```

58

1  ASKING THE COURT TO ENTERTAIN A MOTION TO ALLOW THAT EXPERT TO
2  TESTIFY AND TO HAVE MGA CONSIDER THAT REPORT.
3       MR. RUSSELL:  YOUR HONOR, I RECEIVED NOTICE OF THIS
4  FROM MR. COREY APPROXIMATELY AN HOUR BEFORE I SHOWED UP IN
5  COURT.  IT'S DIFFICULT TO, WITH ANY CERTAINTY, RESPOND TO IT.         02:53
6       I GUESS WHAT I'D ASK IS I CAN TELL YOU NOW, MGA IS
7  GOING TO OBJECT, BECAUSE WE BELIEVE THEY HAVE HAD THE
8  OPPORTUNITY TO HAVE THIS REPORT LONG BEFORE THE EXPERT PROCESS
9  COMMENCED; SO IF IT'S THEIR INTENT TO USE THIS REPORT, I'D ASK
10 THEY BE GIVEN A DATE TO FILE THIS MOTION, LET'S SET UP A             02:54
11 BRIEFING SCHEDULE.  BECAUSE, IN OUR VIEW, THIS IS CLEARLY
12 UNTIMELY, INAPPROPRIATE, AND WE STRONGLY OBJECT.
13      THE COURT:  SINCE YOU'VE ONLY HAD AN HOUR TO THINK
14 ABOUT THIS, LET'S TALK ABOUT IT TOMORROW MORNING, AND WE'LL SEE
15 IF BRIEFING IS APPROPRIATE.                                          02:54
16      MR. RUSSELL:  THANK YOU, YOUR HONOR.
17      MR. COREY:  THANK YOU, JUDGE.
18                         CERTIFICATE
19
20 I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
   STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
21 THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE
   ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
22 CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
   THE UNITED STATES.
23
24  _____         6-3-08
                                           _____
25 THERESA A. LANZA, RPR, CSR                DATE
   FEDERAL OFFICIAL COURT REPORTER

MONDAY, JUNE 2, 2008                              MOTIONS HEARING