# EXHIBIT C

```
              UNITED STATES DISTRICT COURT

             CENTRAL DISTRICT OF CALIFORNIA

                    EASTERN DIVISION

                        - - -

       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

                        - - -

MATTEL, INC.,              )     CERTIFIED
                           )       COPY
              PLAINTIFF,   )
                           )
       VS.                 )    NO. CV 04-09049
                           )
MGA ENTERTAINMENT, INC., ET. AL., )
                           )
              DEFENDANTS.  )
_____)    MOTIONS IN LIMINE
AND CONSOLIDATED ACTIONS,  )    AFTERNOON SESSION
_____)


           REPORTER'S TRANSCRIPT OF PROCEEDINGS

                  RIVERSIDE, CALIFORNIA

                  THURSDAY, MAY 22, 2008

                       1:34 P.M.




              THERESA A. LANZA, RPR, CSR
            FEDERAL OFFICIAL COURT REPORTER
               3470 12TH STREET, RM. 134
             RIVERSIDE, CALIFORNIA  92501
                    951-274-0844
                 WWW.THERESALANZA.COM
```

MAY 22, 2008                              AFTERNOON SESSION

2

```
 1   APPEARANCES:

 2
     ON BEHALF OF MATTEL, INC.:
 3
                         QUINN EMANUEL
 4                  BY:  JOHN QUINN
                         JON COREY
 5                       MICHAEL T. ZELLER
                         HARRY OLIVAR
 6                       TIMOTHY ALGER
                         DIANE HUTNYAN
 7                  865 S. FIGUEROA STREET,
                    10TH FLOOR
 8                  LOS ANGELES, CALIFORNIA  90017
                    213-624-7707
 9

10
     ON BEHALF OF MGA ENTERTAINMENT:
11
                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
12                  BY:  THOMAS J. NOLAN
                         JASON RUSSELL
13                       MATTHEW E. SLOAN
                    300 SOUTH GRAND AVENUE
14                  LOS ANGELES, CALIFORNIA  90071-3144
                    213-687-5000
15

16

17

18

19

20

21

22

23

24

25
```

MAY 22, 2008                    AFTERNOON SESSION

```
 1                        I N D E X

 2                                                  PAGE

 3   MOTIONS IN LIMINE..............................  4

 4

 5

 ...

25
```

MAY 22, 2008                    AFTERNOON SESSION

```
 1  OF THEIR FORMER PEOPLE HAVE CONVENIENTLY SAID, WHICH IS, 'WELL,
 2  EVERYBODY DID IT.'
 3         THE COURT:  THEN THAT'S HEARSAY.  AND YOU'RE GOING TO
 4  STAND UP AND YOU'RE GOING TO SAY, 'OBJECTION; HEARSAY'; I'M
 5  GOING TO SAY, 'SUSTAINED'; AND WE'RE GOING TO GO ON TO THE NEXT
 6  QUESTION.
 7         MR. ZELLER:  AND HE'S GOING TO SAY, OF COURSE, 'WELL,
 8  THAT'S AN EXCEPTION BECAUSE IT BEARS ON OUR STATE OF MIND.'
 9  THAT'S GOING TO BE HIS ARGUMENT.
10         THAT IS ONE CONCERN THAT WE HAVE OVER THIS.
11         THE COURT:  YOU UNDERSTAND, MR. NOLAN, THAT'S NOT
12  GOING TO WORK.
13         MR. NOLAN:  I UNDERSTAND.  BUT I'M GOING TO TAKE DOWN
14  THESE SUGGESTIONS, BECAUSE --
15         THE COURT:  I'LL SPELL THIS OUT IN THE ORDER FOR THE
16  MOTION IN LIMINE, BUT I'M DENYING THE MOTION IN LIMINE AS
17  PHRASED, HOWEVER, SUBJECT TO THE STRICT LIMITATIONS THAT I'M
18  DISCUSSING HERE.
19         NUMBER SEVEN:  ADVICE OF COUNSEL.
20         MGA TAKES THE POSITION THAT THEY'RE NOT RELYING ON
21  ADVICE OF COUNSEL.  AND IF THEY DO RELY ON THE ADVICE OF
22  COUNSEL, OF COURSE THEY'RE GOING TO HAVE TO PRODUCE PRIVILEGED
23  DOCUMENTS RELATED TO THAT ADVICE.  THEY SEEM TO READILY
24  RECOGNIZE THAT.  SO I GUESS IT'S NOT CLEAR TO ME WHAT THE
25  PROBLEM IS AT THIS POINT.
```

MAY 22, 2008                    AFTERNOON SESSION

48

1          **MR. PROCTOR:** THE PROBLEM IS THAT MGA WANTS TO -- I
2  DON'T PARTICULARLY LIKE THIS EXPRESSION, BUT IT FITS -- "HAVE
3  ITS CAKE AND EAT IT TOO."
4          YOU CAN RELY ON ADVICE OF COUNSEL IMPLIEDLY.
5          WHAT MGA WANTS TO DO IS CALL MR. ROSENBAUM, THEIR
6  COUNSEL, AND SAY, 'I PERFORMED A DOLL OWNERSHIP INQUIRY,' AND
7  SAY, 'MR. ROSENBAUM WAS TASKED TO PERFORM A DOLL OWNERSHIP
8  INQUIRY AND INVESTIGATE WHETHER MR. BRYANT OWNED THESE
9  DRAWINGS, WHICH HE THEN WARRANTED TO US HE OWNED.' THEY'RE NOT
10 GOING TO SAY WHAT MR. ROSENBAUM ACTUALLY ADVISED THEM.
11         BUT WHEN YOU COMBINE THE FACT THAT HE PERFORMED A
12 DOLL OWNERSHIP INQUIRY, ACCORDING TO THEM, THE TESTIMONY THAT
13 HE PERFORMED A DOLL OWNERSHIP INQUIRY, INVESTIGATED, AND THEN
14 THEY PURCHASED BRATZ FROM MR. BRYANT AND THEY HIRED A LAWYER TO
15 DO THIS -- THAT'S GOING TO BE A MAJOR PART OF THE PRESENTATION.
16 THE OBVIOUS INFERENCE TO THE JURY IS, 'HEY, HE MUST HAVE SIGNED
17 OFF ON IT. THE LAWYER MUST HAVE APPROVED IT.'
18         AND THAT IS ABSOLUTELY, IF THEY DO THAT,
19 UNEQUIVOCALLY, A WAIVER OF THE PRIVILEGE.
20         THERE'S A CASE -- MGA CITED IT, ACTUALLY; IT'S THE
21 <u>BROADCOM</u> CASE; THIS COURT, TWO YEARS AGO -- IT'S DIRECTLY ON
22 POINT. "A RELIANCE ON COUNSEL PRIVILEGE WAIVER DOES NOT
23 REQUIRE A PARTY'S DIRECT STATEMENT THAT COUNSEL WAS RELIED
24 UPON. IT MAY ALSO ARISE FROM MORE INDIRECT EVIDENCE, WHERE A
25 PARTY AFFIRMATIVELY RAISES AN INFERENCE OF RELIANCE ON COUNSEL

MAY 22, 2008                          AFTERNOON SESSION

1  FOR THE PARTY'S OWN BENEFIT."

2  IN THEIR OPPOSITION, THEY TALK ABOUT HOW WE'RE TRYING

3  TO PRECLUDE THEIR GOOD FAITH DEFENSE. THIS ISN'T ABOUT THEIR

4  GOOD FAITH DEFENSE. MGA DENIES INTENT, HAS A GOOD FAITH

5  DEFENSE, AND IT'S ENTITLED TO PUT ON EVIDENCE ON THAT. THAT'S

6  NOT WHAT IT'S ABOUT. BUT WHAT IT'S NOT ENTITLED TO DO IS MAKE

7  A SUGGESTION TO THE JURY, A VERY OBVIOUS INTENTIONAL

8  SUGGESTION, AS TO WHAT ITS LAWYERS ADVISED IT, WITHOUT ACTUALLY

9  PRODUCING ITS LAWYERS' ADVICE ON THE SUBJECT MATTER.

10  **THE COURT:** MR. RUSSELL?

11  **MR. RUSSELL:** YOUR HONOR, I WAS AT MR. ROSENBAUM'S

12  DEPOSITION. I AM PROBABLY THE MOST FAMILIAR PERSON IN THIS

13  ROOM WITH THIS TESTIMONY. I WAS AT MS. WANG'S DEPOSITION AS

14  WELL. THE TESTIMONY THAT MR. PROCTOR IS REFERRING TO WAS

15  ELICITED BY MATTEL'S COUNSEL, ESSENTIALLY TRYING TO EXPERTISE

16  MR. ROSENBAUM ABOUT HIS EXPERIENCE --

17  **THE COURT:** EXPERTISE?

18  **MR. RUSSELL:** YES; THAT WAS THE WORD THEY USED.

19  EXPERTISE; TO MAKE HIM AN EXPERT ON THE TOY INDUSTRY

20  AND WHAT TYPES OF INQUIRIES ONE COULD DO.

21  THE TESTIMONY MR. ROSENBAUM IS GOING TO GIVE IS QUITE

22  SIMPLE. IT'S NO DIFFERENT THAN IF, TO USE THE EXAMPLE FROM

23  THEIR PAPERS, "THE JANITOR DID IT."

24  ALL HE'S GOING TO TALK ABOUT IS, HE ASKED MR. BRYANT,

25  'DO YOU OWN THE RIGHTS TO BRATZ? ARE YOU SUBJECT TO A

MAY 22, 2008                                    AFTERNOON SESSION

```
 1   CONTRACT?'
 2          HE COULDN'T DO ANY ANALYSIS.  THE EVIDENCE -- IN
 3   FACT, THEY WANT TO USE IT AGAINST US -- THE EVIDENCE IS, HE
 4   DIDN'T SEE MR. BRYANT'S CONTRACT; HE COULDN'T ACCESS IT; SO HE
 5   ASKED MR. BRYANT.  AND HE PUT DOWN INTO A CONTRACT A              02:39
 6   REPRESENTATION THAT MR. BRYANT SIGNED OFF ON THAT SAID, 'I OWN
 7   THE RIGHT TO BRATZ.  IT'S NOT SUBJECT TO RIGHTS FROM ANY OTHER
 8   PARTY.  AND I AGREE TO INDEMNIFY MGA IF I, CARTER BRYANT, AM
 9   NOT TELLING THE TRUTH.'
10          HE WILL ALSO TESTIFY THAT HE SPOKE WITH MS. WANG AND      02:39
11   HE ASKED MS. WANG, CARTER BRYANT'S ATTORNEY, 'IS THIS CONTRACT
12   SUBJECT TO ANY AGREEMENT WITH MATTEL?'  MS. WANG, AN
13   EXPERIENCED PATENT ATTORNEY, TOLD HIM 'NO.'
14          THAT INFORMATION WAS CONVEYED TO MGA.  THAT IS NOT
15   ADVICE OF COUNSEL.  THAT IS A RELAYING OF FACTUAL INFORMATION.   02:39
16          WE'VE NEVER PLACED AT ISSUE MR. ROSENBAUM'S ADVICE.
17   THEY DON'T NEED TO RELY ON IT.  IN FACT, YOUR HONOR, WE CITE
18   YOU TO A NUMBER OF CASES IN OUR BRIEF.  THE NINTH CIRCUIT CASE
19   IN RE: GEOTHERMAL IS THE KEY ONE, WHEREAS HERE, YOU'VE GOT
20   MULTIPLE SOURCES OF INFORMATION VERIFYING A PARTICULAR PIECE OF  02:40
21   FACTUAL INFORMATION.  AND THERE'S EVEN AN ARGUMENT, BY
22   INFERENCE, THAT THE ATTORNEY-CLIENT PRIVILEGE COULD COME UP.
23   THERE'S NO WAIVER.
24          THE COURT:  YOU WOULD AGREE THAT IF, IN THE COURSE OF
25   THIS TRIAL, YOU ELICIT LEGAL ADVICE, YOU WILL HAVE PIERCED THE   02:40
```

MAY 22, 2008                              AFTERNOON SESSION

1  PRIVILEGE?

2     **MR. RUSSELL:** YES, I DO, YOUR HONOR.

3     I JUST WANT TO TAKE A STEP BACK AND NOTE THE IRONY
4  HERE, OF COURSE.

5     AS WE NOTE IN OUR PAPERS, WE OFFERED TO MATTEL TO
6  MAKE AVAILABLE THESE PRIVILEGED DOCUMENTS THAT THEY'RE SO
7  ANXIOUS TO TALK ABOUT, BECAUSE WE NOTED THE INCONSISTENCY
8  BETWEEN THEIR POSITION ON THE INVESTIGATION AND OURS HERE.

9     **THE COURT:** I READ THAT.

10    **MR. RUSSELL:** NOT ONLY DID THEY WITHDRAW THEIR MOTION
11 SEEKING THE PRIVILEGED INFORMATION; THEY SAID THEY DON'T NEED
12 IT. AND NOW THEY TURN AROUND -- AND IT'S NOT US TRYING TO HAVE
13 OUR CAKE AND EAT IT TOO. IT'S THEM. THEY'RE THE ONES WHO WANT
14 TO -- HAVING WALKED AWAY FROM THE RIGHT TO GET DISCOVERY,
15 HAVING WALKED AWAY FROM A CHANCE TO GET THIS IN-CAMERA, THEY
16 NOW, AT TRIAL, WOULD LIKE YOUR HONOR TO FORCE US TO THIS POINT
17 OF PRIVILEGE.

18    **THE COURT:** I'M GOING TO GRANT THE MOTION THAT YOU
19 ARE NOT TO RELY ON ADVICE OF COUNSEL, BECAUSE YOU HAVE NOT
20 PRODUCED THE PRIVILEGE. BUT I WILL ENTERTAIN AN APPROPRIATE
21 OBJECTION IF IT COMES UP DURING THE TRIAL THAT YOU ARE RELYING
22 ON ADVICE OF COUNSEL, AND WE'LL SEE WHERE WE'RE AT. BUT YOU'RE
23 NOT TO DO THAT. THE MOTION IS GRANTED. THERE'S REALLY NO
24 DISAGREEMENT HERE.

25    **MR. RUSSELL:** I JUST WANT TO BE CLEAR ON THE RECORD

1   THAT THAT IS NOT THE SAME AS SAYING MR. ROSENBAUM IS SOMEHOW
2   PRECLUDED FROM RELAYING HIS CONVERSATIONS WITH MS. WANG OR
3   RELAYING HIS CONVERSATIONS WITH MR. BRYANT.
4          IN OTHER WORDS, THERE'S NO PROHIBITION --
5      **THE COURT:** I DON'T HAVE A COPY OF THE DEPOSITION        02:41
6   BEFORE ME. I'M NOT REALLY SURE EXACTLY WHAT IS GOING TO BE
7   SAID OR NOT SAID, BUT WHAT I'M COMFORTABLE IN RULING IS THAT
8   THERE IS TO BE NO ADVICE OF COUNSEL PROVIDED.
9          IF WHAT YOU'RE SAYING IS ACCURATE -- AND I HAVE NO
10  REASON TO QUESTION IT; YOU KNOW THE DEPOSITION BETTER THAN ANY   02:42
11  OF US --
12     **MR. RUSSELL:** I DO.
13     **THE COURT:** -- THAT THE ONLY INFORMATION THAT'S GOING
14  TO COME OUT IS NONADVICE, NONOPINION TESTIMONY, FROM THE
15  ATTORNEY, I'M NOT GOING TO EXPERTISE ANYBODY AND YOU'RE NOT       02:42
16  GOING TO EXPERTISE ANYBODY. WE'RE NOT GOING TO HAVE A PROBLEM.
17     **MR. RUSSELL:** WITH THAT UNDERSTANDING, I THINK WE'RE
18  FINE.
19     **THE COURT:** GOOD.
20         NUMBER EIGHT: WHETHER MATTEL WOULD HAVE MARKETED          02:42
21  BRATZ.
22         THIS IS THE ONE THAT WE REFERRED TO EARLIER AS WELL,
23  THE INEVITABLE BREACH MOTION *IN LIMINE*.
24     **MR. OLIVAR:** THE INEVITABLE BREACH THEORY.
25         IT IS NOT A DEFENSE TO A CRIME OR A TORT TO SAY THAT      02:42

133

1       I APPRECIATE THAT VERY MUCH.

2       **THE COURT:** GOOD EVENING, EVERYONE.

3       (PROCEEDINGS CONCLUDED.)

11                          CERTIFICATE

13  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
14  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
15  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.

17  _____          5-23-08
    THERESA A. LANZA, CSR, RPR                 DATE
18  FEDERAL OFFICIAL COURT REPORTER

MAY 22, 2008                              AFTERNOON SESSION