# EXHIBIT D

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Duane R. Lyons (Bar No. 125091)
  (duanelyons@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

Plaintiff,

v.

MATTEL, INC., a Delaware corporation,

Defendant.

---

MGA ENTERTAINMENT, INC. a California corporation,

Plaintiff,

v.

MATTEL, INC., a Delaware corporation, and DOES 1-10,

Defendants.

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated With Case No. 04-9059 and Case No. 05-2727

MATTEL, INC.'S SECOND AMENDED ANSWER IN CASE NO. 05-2727 AND COUNTERCLAIMS FOR:

1. COPYRIGHT INFRINGEMENT;
2. VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT;
3. CONSPIRACY TO VIOLATE THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT;
4. MISAPPROPRIATION OF TRADE SECRETS;
5. BREACH OF CONTRACT;
6. INTENTIONAL INTERFERENCE WITH CONTRACT;
7. BREACH OF FIDUCIARY DUTY;
8. AIDING AND ABETTING BREACH OF FIDUCIARY DUTY;
9. BREACH OF DUTY OF LOYALTY;

**CONFIDENTIAL FILED UNDER SEAL, PURSUANT TO PROTECTIVE ORDER**

Volume I

SECOND AMENDED ANSWER AND COUNTERCLAIMS

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Counter-claimant,<br><br>       v.<br><br>MGA ENTERTAINMENT, INC., a California corporation; ISAAC LARIAN, an individual; CARTER BRYANT, an individual; MGA ENTERTAINMENT (HK) LIMITED, a Hong Kong Special Administrative Region business entity; MGAE DE MEXICO, S.R.L. DE C.V., a Mexico business entity; CARLOS GUSTAVO MACHADO GOMEZ, an individual; and DOES 4 through 10,<br><br>            Counter-defendants.<br><br>AND CONSOLIDATED CASES | 10. AIDING AND ABETTING BREACH OF DUTY OF LOYALTY;<br>11. CONVERSION;<br>12. UNFAIR COMPETITION; AND<br>13. DECLARATORY RELIEF.<br><br>DEMAND FOR JURY TRIAL |

### Second Counterclaim

### Violation of the Racketeer Influenced and Corrupt Organizations Act

### 18 U.S.C. §§ 1962(c) and 1964(c)

### (Against All Counter-defendants)

88. Mattel repeats and realleges each and every allegation set forth in paragraphs 1 through 87, above, as though fully set forth at length.

89. Beginning at various times from approximately 1999 through the filing of this Second Amended Answer and Counterclaims, in the Central District of California and elsewhere, Counter-defendants MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado, Does 4 through 10, and Brawer, Trueba, Vargas and Brisbois were employed by and associated-in-fact with an enterprise engaging in, and the activities of which affect, interstate and foreign commerce (the "MGA Criminal Enterprise"). The MGA Criminal Enterprise is made up of the MGA Group (MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, certain of the Doe Counter-defendants and Brawer), the Bryant Group (Bryant and certain of the Doe Counter-defendants), the Mexican Group (Machado, Trueba and Vargas) and the Canadian Group (Brisbois). In addition, beginning at various times from approximately 1999 through the filing of this Second Amended Answer and Counterclaims, in the Central District of California and elsewhere, Counter-defendants MGA, MGA Entertainment (HK) Limited, Larian and Bryant, and certain of the Doe Counter-defendants, were employed by and associated-in-fact with a second enterprise engaging in, and the activities of which affect, interstate and foreign commerce (the "Bratz Criminal Enterprise").

90. MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado, Does 4 through 10, and Brawer, Trueba, Vargas, Brisbois, and the Other Former Employees, and each of them, for the purpose of executing and attempting to execute the scheme to improperly defraud Mattel and steal its trade secret or otherwise confidential and proprietary information, by

means of tortious, fraudulent and criminal conduct, did and do unlawfully, willfully and knowingly conduct and participate, directly and indirectly, in the conduct of the MGA Criminal Enterprise's affairs and, in the case of MGA, MGA Entertainment (HK) Limited, Larian, Bryant, and certain of the Doe Counter-defendants, the Bratz Criminal Enterprise's affairs, through a pattern of racketeering activity. Their actions include multiple, related acts in violation of: 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1512 (tampering with a witness victim, or informant), 18 U.S.C. § 1952 (interstate and foreign travel to aid racketeering), and 18 U.S.C. § 2319(a) and 17 U.S.C. § 506(a)(1)(A) (criminal copyright infringement).

91. MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado, Does 4 through 10, and Brawer, Trueba, Vargas, Brisbois, and the Other Former Employees, and each of them, shared the common purpose of enabling MGA to obtain confidential, proprietary and otherwise valuable Mattel property through improper means in order to assist MGA in illegally competing with Mattel domestically and throughout the world.

92. The MGA Criminal Enterprise and Bratz Criminal Enterprise as described herein are and have been at all relevant times continuing enterprises because, among other reasons, each is designed to and did unlawfully acquire the confidential business information and property of Mattel and incorporated this information and property into MGA's ongoing business, marketing strategies and business methods, practices and processes. The conduct of each enterprise continues through the date of this Second Amended Answer and Counterclaims and is ongoing by virtue of MGA's continuing use of Mattel's information and property, all to the detriment of Mattel.

93. The pattern of racketeering activity, as defined by 18 U.S.C. §§ 1961(1) and (5), presents both a history of criminal conduct and a distinct threat of continuing criminal activity. This activity consists of multiple acts of

2154363.2

-56-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

1  racketeering by each member of the MGA Criminal Enterprise and Bratz Criminal
2  Enterprise, is interrelated, not isolated and is perpetrated for the same or similar
3  purposes by the same persons. This activity extends over a substantial period of
4  time, up to and beyond the date of this Second Amended Answer and
5  Counterclaims. These activities occurred after the effective date of 18 U.S.C.
6  §§ 1961 *et seq.*, and the last such act occurred within 10 years after the commission
7  of a prior act of racketeering activity. These racketeering activities included
8  repeated acts of:

    (a)    <u>Mail Fraud</u>: Counter-defendants MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado and Does 4 through 10, aided and abetted by each other and some or all of the remaining members of the MGA Criminal Enterprise, having devised a scheme or artifice to defraud Mattel of its confidential trade secret information and property by conversion, false representations, concealment and breaches of fiduciary duty, did for the purpose of furthering and executing such a scheme or artifice to defraud, deposited or caused to be deposited matters or things to be sent or delivered by the Postal Service, or any private or commercial interstate carrier, or took or received matters or things therefrom, or knowingly caused matters or things to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2, as alleged with greater particularity in the foregoing paragraphs and as evidenced by, among other things, the true and correct copies of communications and other evidence included in Exhibit C;

(b) <u>Wire Fraud</u>: Counter-defendants MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado and Does 4 through 10, aided and abetted by each other and some or all of the remaining members of the MGA Criminal Enterprise, having devised a scheme or artifice to defraud Mattel of its confidential and trade secret information and property by conversion, false representations, concealment and breaches of fiduciary duty, did for the purpose of furthering and executing such a scheme or artifice to defraud, transmit and cause to be transmitted by means of wire communications in interstate or foreign commerce, writing, signs, signals, pictures or sound, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2, as alleged with greater particularity in the foregoing paragraphs and as evidenced by, among other things, the true and correct copies of communications and other evidence included in Exhibit C;

(c) <u>Tampering With a Witness, Victim or Informant</u>: Counter-defendants MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado and Does 4 through 10, aided and abetted by each other and some or all of the remaining members of the MGA Criminal Enterprise, did corruptly alter, destroy, mutilate, or conceal more than one record, document, or other object, or attempted to do so, with the intent to impair the object's integrity or availability for use in an official proceeding, including this action, including without limitation by:

    i. altering Bryant's contract with MGA relating to Bratz to conceal evidence that Bryant faxed the contract from the BARBIE COLLECTIBLES department of Mattel, using a fax

machine owned by Mattel and while Bryant was employed by Mattel;

  ii. altering numerous original Bratz drawings created by Bryant by adding false and misleading date notations of "8/1998" and "© 8/1998" to the drawings even though the drawings were not created in August 1998; and

  iii. destroying electronic and other evidence, including by destroying evidence previously contained on Carter Bryant's and Isaac Larian's computer hard drives.

Such actions are in violation of 18 U.S.C. § 1512 and 18 U.S.C. § 2, as alleged with greater particularity in the foregoing paragraphs;

(d) <u>Interstate and Foreign Travel in Aid of Racketeering Enterprises</u>: Counter-defendants MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado and Does 4 through 10, aided and abetted by each other and some or all of the remaining members of the MGA Criminal Enterprise, traveled in interstate and foreign commerce, or used the mail or any facility in interstate or foreign commerce, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of unlawful activity, *i.e.* bribery, in violation of the laws of the State of California, *Cal. Penal Code* § 641.3, all in violation of 18 U.S.C. § 1952 and 18 U.S.C. § 2, as alleged with greater particularity in the foregoing paragraphs;

(e) <u>Criminal Copyright Infringement</u>: Counter-defendants MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado and Does 4 through 10, aided and abetted by

each other and some or all of the remaining members of the MGA Criminal Enterprise, willfully infringed Mattel's copyrights, including with respect to documents containing Mattel trade secret and confidential information, for purposes of commercial advantage and private financial gain, all in violation of 18 U.S.C. § 2319(a) and 17 U.S.C. § 506(a)(1)(A), as alleged with greater particularity in the foregoing paragraphs.

94. The persons alleged herein to have violated 18 U.S.C. § 1962(c) are separate from, though employed by or associated with, MGA, the MGA Group, the Bryant Group, the Mexican Group and the Canadian Group.

95. MGA had a role in the racketeering activity that was distinct from the undertaking of those acting on its behalf. MGA also attempted to benefit, and did benefit, from the activity of its employees and agents alleged herein, and thus was not a passive victim of racketeering activity, but an active perpetrator.

96. Mattel has been injured in its business or property as a direct and proximate result of the Counter-defendants' and the other enterprise members' violations of 18 U.S.C. § 1962(c), including injury by reason of the predicate acts constituting the pattern of racketeering activity.

97. As a result of the violations of 18 U.S.C. § 1962(c), by MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado, Does 4 through 10, Brawer, Trueba, Vargas, Brisbois and the Other Former Employees, Mattel has suffered substantial damages, in an amount to be proved at trial. Pursuant to 18 U.S.C. § 1964(c), Mattel is entitled to recover treble its general and special compensatory damages, plus interest, costs and attorneys, fees, incurred by reason of Counter-defendants' violations of 18 U.S.C. § 1962(c).

### Third Counterclaim

**Conspiracy To Violate the Racketeer Influenced And Corrupt Organizations Act**

**(18 U.S.C. §§ 1962(d) and 1964(c))**

**(Against All Counter-defendants)**

98. Mattel repeats and realleges each and every allegation set forth in paragraphs 1 through 97, above, as though fully set forth at length.

99. Beginning at various times from approximately 1999 through the filing of this Second Amended Answer and Counterclaims, in the Central District of California and elsewhere, Counter-defendants MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado, Does 4 through 10, and Brawer, Trueba, Vargas, Brisbois and the Other Former Employees willfully, knowingly and unlawfully, did conspire, combine, confederate and agree together to violate 18 U.S.C. § 1962(c).

100. These conspirators were employed by and associated-in-fact with the MGA Criminal Enterprise engaging in, and the activities of which affect, interstate and foreign commerce. Specifically, the MGA Group, the Bryant Group, the Mexican Group and the Canadian Group, constituting a group of individuals associated-in-fact, did unlawfully, willfully, and knowingly participate in and conduct, directly and indirectly, the MGA Criminal Enterprise's affairs through a pattern of racketeering activity. In addition, MGA, MGA Entertainment (HK) Limited, Larian and Bryant, and certain of the Doe Counter-defendants, constituting a group of individuals associated-in-fact, did unlawfully, willfully, and knowingly participate in and conduct, directly and indirectly, the Bratz Criminal Enterprise's affairs through a pattern of racketeering activity.

101. The pattern of racketeering activity, as defined by 18 U.S.C. §§ 1961(1) and (5), including acts of mail fraud in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2; acts of wire fraud in violation of 18 U.S.C. § 1343 and 18

U.S.C. § 2; acts of tampering with witnesses, victims or informants in violation of 18 U.S.C. § 1512 and 18 U.S.C. § 2; acts of interstate and foreign travel in aid of racketeering enterprises in violation of 18 U.S.C. § 1952 and 18 U.S.C. § 2; and acts of criminal copyright infringement in violation of 18 U.S.C. § 2319(a) and 17 U.S.C. § 506(a)(1)(A).

102. Counter-defendants and the other members of the MGA Criminal Enterprise schemed to defraud Mattel and steal its property and trade secret information by means of false representation, breaches of fiduciary duty, conversation and concealment, as more fully set forth in the foregoing paragraphs.

103. In furtherance of this unlawful conspiracy, and to effect its objectives, Counter-defendants and various co-conspirators committed numerous overt acts, including but not limited to those set forth in the foregoing paragraphs.

104. Mattel has been injured in its business or property as a direct and proximate result of the Counter-defendants' and the other enterprise members' violations of 18 U.S.C. § 1962(d), including injury by reason of the predicate acts constituting the pattern of racketeering activity.

105. As a result of the conspiracies between and among all Counter-defendants and the other conspirators to violate 18 U.S.C. § 1962(c), Mattel has suffered substantial damages, in an amount to be proved at trial. Pursuant to 18 U.S.C. § 1964(c), Mattel is entitled to recover treble its general and special compensatory damages, plus interest, costs and attorneys, fees, incurred by reason of Counter-defendants' violations of 18 U.S.C. § 1962(d).

### Fourth Counterclaim
### Misappropriation of Trade Secrets
### (Against Counter-defendants MGA, MGA de Mexico, Larian, Machado and Does 4 through 10)

106. Mattel repeats and realleges each and every allegation set forth in paragraphs 1 through 105, above, as though fully set forth at length.

-78-

15. That Mattel have such other and further relief as the Court may deem just and proper.

DATED: July 12, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
John B. Quinn
Attorneys for Defendant and Counter-claimant Mattel, Inc.