# EXHIBIT E

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| Defendant. | **MATTEL, INC.'S SECOND AMENDED PROPOSED JURY INSTRUCTIONS** |
| AND CONSOLIDATED ACTIONS | **Phase 1:**<br><br>Pre-Trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

09/2554367.1

Mattel, Inc. ("Mattel") hereby submits the following second amended disputed jury instructions for Phase 1A and 1B of the trial in this matter. Mattel's second amended disputed jury instructions for Phase 1A are included behind Tab A. Mattel's second amended disputed jury instructions for Phase 1B are included behind Tab B.

Mattel requests and reserves the right to amend, modify, withdraw and/or supplement the following instructions during the trial in this matter. Mattel may submit further proposed jury instructions depending upon and based upon rulings issued in connection with any motions *in limine* or other trial motions, and the evidence and theories proffered by the parties during the course of the trial. *See Fed. R. Civ. P.* 51A.

In Mattel's initial filing of proposed disputed jury instructions, dated May 5, 2008, Mattel proposed several instructions to be read to the jury at the start of the Phase 1A trial. Because trial has already commenced, Mattel does not include those proposed instructions in this amended filing. However, Mattel expressly reserves its rights as to such proposed instructions.

DATED: June 27, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Jon D. Corey
Jon D. Corey
Attorneys for Mattel, Inc.

# MATTEL'S SPECIAL JURY INSTRUCTION NO. ___
# COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT

Mattel also claims that defendants engaged in willful infringement of Mattel's copyrights. An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1.  The defendant engaged in acts that infringed the copyright; and
2.  The defendant knew that those acts infringed the copyright.

A defendant cannot deduct overhead expenses, operating expenses or taxes from his/its gross revenue when the copyright infringement is willful. You may deduct defendants' production costs only if defendants can demonstrate that the costs actually assisted in the production, distribution or sale of the infringing product(s).

**Authority:** 9th Cir. Civ. Jury Instr. 17.27 (2007); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000) (noting that willful infringers are not permitted to deduct income taxes); *Kamar Int'l, Inc. v. Russ Berrie and Co., Inc.*, 752 F.2d 1326, 1331-32 (9th Cir. 1982) ("[a] portion of an infringer's overhead properly may be deducted from gross revenues to arrive at profits, at least where the infringement was not willful, conscious, or deliberate.") (emphasis added); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 106 F.2d 45, 53 (2d Cir. 1939) (a willful infringer may not deduct its income taxes); *Saxon v. Blann*, 968 F.2d 676, 681 (8th Cir. 1992) (a willful infringer may not deduct overhead expenses); *Jarvis v. A & M Records*, 827 F. Supp. 282, 294 (1993) ("[I]f defendant's conduct is willful, overhead may not be deducted"); *Liu v. Price Waterhouse LLP*, 2000 WL 1644585, *6 (N.D. Ill. 2000) (approving jury instruction barring deduction of overhead if the jury were to find willful infringement); 5 Melville B. Nimmer &

David Nimmer, *Nimmer on Copyright*, § 14.03[C][2] (2006) (it is "settled law" that infringers are not entitled to income tax deductions).