# EXHIBIT F









CONFIDENTIAL -
ATTORNEYS' EYES ONLY

**EXHIBIT 63**
**PAGE 2208**

# EXHIBIT F









**EXHIBIT 63
PAGE 2209**

CONFIDENTIAL -
ATTORNEYS' EYES ONLY

# EXHIBIT G

EXHIBIT 63
PAGE 2210

1

CONFIDENTIAL -
ATTORNEYS' EYES ONLY



CONFIDENTIAL -
ATTORNEYS' EYES ONLY

Exhibit G

EXHIBIT 63
PAGE 2211

# EXHIBIT H

1

CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2212

CONFIDENTIAL -
ATTORNEYS' EYES ONLY



Exhibit H

EXHIBIT 63
PAGE 2213

# EXHIBIT I

1

CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2214

# EXHIBIT I





CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2215

# EXHIBIT J

1

CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2216

## Exhibit J



CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2217





CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2218

# EXHIBIT K

1

CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2219

# Exhibit K





CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2220





CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2221

# EXHIBIT L

(Original Expert Report Exhibit #6)

1

CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2222

**Exhibit #6**
**Clippings from August 1998 Seventeen Magazine**
**and Other 1998 Seventeen Magazines**





CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2223





CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2224





CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2225





CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2226





CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2227

# EXHIBIT M

(Original Expert Report Exhibits #6, 7, and 15)

CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2228

**Exhibit #6**
**Clippings from August 1998 Seventeen Magazine**
**and Other 1998 Seventeen Magazines**





CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2229





CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2230





CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2231





CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2232





CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2233

**Exhibit #7**
**Spice Girls -- Dixie Chicks**



Spice Girls



Dixie Chicks

CONFIDENTIAL -
ATTORNEYS' EYES ONLY

**EXHIBIT 63**
**PAGE 2234**





relating

Stuff like being short feels the worst in high school.

**illicit kiss**

**CHICKS WITH ATTITUDE!**



Sunday, August 16th

**Leo Mania**
DiCaprio's Unauthorized Story
**5PM** E/P

**hot & spicy**

**Spice Girls-Wild!**
In Concert With Ginger Spice
**6PM** E/P

August 1998 Seventeen Magazine

CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2235

**Exhibit #15**
**Prior Art**



art by Margaret Keane



Blythe doll

CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2236



Speed Racer

CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2237

# EXHIBIT N

(Original Expert Report Exhibit #7A)

1

CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2238

## Exhibit #7a
## Barbie Illustration



CONFIDENTIAL -
ATTORNEYS' EYES ONLY

EXHIBIT 63
PAGE 2239

**EXHIBIT 64**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

11
   CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)
12
               Plaintiff,               Consolidated with
13                                      Case No. CV 04-09059
                                        Case No. CV 05-02727
14        vs.
                                        THIRD NOTICE OF DEPOSITION OF
15 MATTEL, INC., a Delaware             MGA ENTERTAINMENT, INC.
   corporation,                         PURSUANT TO FEDERAL RULE OF
16                                      CIVIL PROCEDURE 30(B)(6)
               Defendant.
17                                      Discovery Cut-Off: October 22, 2007
                                        Pre-Trial Conference: January 14, 2008
18 ──────────────────────────────       Trial Date: February 12, 2008

   AND CONSOLIDATED ACTIONS
19

20

21

22

23

24

25

26

27

28

07209/2048031.1

06|05|c7

THIRD NOTICE OF DEPOSITION OF MGA

EXHIBIT 64
PAGE 2240

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 26, 2007 beginning on 9:30 a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant MGA Entertainment, Inc. at the offices of Quinn Emanuel Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017.  Pursuant to Fed. R. Civ. P. 30(b)(6), MGA Entertainment, Inc. shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A hereto.

PLEASE TAKE FURTHER NOTICE that the deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use Livenote or other technology for real-time transcription of the testimony.

DATED: June 5, 2007              QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                 By _____
                                    Michael T. Zeller
                                    Attorneys for Mattel, Inc.

**EXHIBIT 64**
**PAGE 2241**

07209/2048031

-1-

THIRD NOTICE OF DEPOSITION OF MGA

1
2

## EXHIBIT A

3

     1.     "YOU," "YOUR" or "MGA" means MGA Entertainment, Inc., any

4

of its current or former employees, officers, directors, agents, representatives, attorneys,

5

parents, subsidiaries, divisions, affiliates, predecessors-in-interest and

6

successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

7

authority or subject to its control.

8

     2.     "BRYANT" means Carter Bryant, any of his current or former

9

agents, representatives, attorneys, employees, partners, joint venturers, predecessors-in-

10

interest and successors-in-interest, and any other PERSON acting on his behalf,

11

pursuant to his authority or subject to his control.

12

     3.     "BRATZ" means any project, product, doll or DESIGN ever known

13

by that name (whether in whole or in part and regardless of what such project, product

14

or doll is or has been also, previously or subsequently called) and any product, doll or

15

DESIGN or any portion thereof that is now or has ever been known as, or sold or

16

marketed under, the name or term "Bratz" (whether in whole or in part and regardless

17

of what such product, doll or DESIGN or portion thereof is or has been also, previously

18

or subsequently called) or that is now or has ever been sold or marketed as part of the

19

"Bratz" line, and each version or iteration of such product, doll or DESIGN or any

20

portion thereof. As used herein, "product, doll or DESIGNS or any portion thereof"

21

also includes without limitation any names, fashions, accessories, artwork, packaging

22

or any other works, materials, matters or items included or associated therewith.

23

Without limiting the generality of the foregoing, and contrary to MGA's recent

24

assertions in connection with other Mattel discovery requests, the term "BRATZ" does

25

not and shall not require that there be a doll existing at the time of the event, incident or

26

occurrence that is the subject of, or otherwise relevant or responsive to, the Topics of

27

Examination herein.

28

**EXHIBIT 64**
**PAGE 2242**

4.     "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

5.     "ANGEL" refers to those projects, products, dolls or DESIGNS, sometimes called "Angel Faces" and/or "Prayer Angels," that MGA has claimed are the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734. Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "ANGEL" does not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Topics of Examination herein.

6.     "IDENTIFY" or "IDENTITY" means the following:

(a)     With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

(b)     With reference to an entity or governmental organization, means such entity's or organization's name, present or last-known address, and present or last-known telephone number and the IDENTITY of each individual who has served or participated as a contact for or on behalf of such entity or organization.

(c)     With reference to an account with a bank or financial institution, means the name and address of the bank or financial institution, the account

EXHIBIT 64
PAGE 2243

THIRD NOTICE OF DEPOSITION OF MGA

07209/2048031.

number(s) for or otherwise associated with such account and the name of each holder, including without limitation each beneficial holder, of each such account.

(d)     With reference to a STORAGE DEVICE, means the manufacturer name, brand, model name and number, serial number and all other manufacturer identifiers, and the technical specifications and capacities of such STORAGE DEVICE.

7.     "ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly *Mattel v. Bryant, Inc.*, first filed in Los Angeles County Superior Court; *Bryant v. Mattel, Inc.*; and *MGA Entertainment, Inc. v. Mattel, Inc.*; and all counterclaims, cross-claims and defenses therein.

8.     "DIGITAL INFORMATION" means any information created or stored digitally, including but not limited to electronically, magnetically or optically.

9.     "STORAGE DEVICE" means any computer hard drive, memory, USB device, tape, storage array or any other device or medium that allows a user, whether permanently, temporarily or otherwise, to create, generate, transmit, copy, retain, store or maintain DIGITAL INFORMATION.

10.     "EMPLOYEE AGREEMENT" or "EMPLOYEE AGREEMENTS" means any agreement or contract between YOU and any of YOUR employees that purports to assign to, convey to or vest in YOU in any manner, whether in whole or in part, and whether expressly or by implication or in effect, any right, title or interest in any such employee's inventions, works, work product, ideas, concepts, discoveries, improvements, processes, developments, DESIGNS, know-how, data and/or formulae.

11.     "FAMILY MEMBER" means any PERSON who at any time is, was or has been a parent, spouse, or child of another PERSON.

12.     "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing,

**EXHIBIT 64**
**PAGE 2244**

mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

13.     "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

14.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

15.     The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also within its meaning

EXHIBIT 64
PAGE 2245

THIRD NOTICE OF DEPOSITION OF MGA

07209/2048031.

all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and *vice versa*, whenever such construction results in a broader disclosure of documents or information.

## Topics of Examination

1. The IDENTITY, current or last known location, and disposition of each STORAGE DEVICE that each of the following PERSONS has used to create, generate, prepare, draft, send and/or receive any DOCUMENT or DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ and/or ANGEL at any time since January 1, 1999, including without limitation the date of acquisition and the date of disposition of each such STORAGE DEVICE:

Isaac Larian

Farhad Larian

Paula Garcia

BRYANT

Kami Gillmour

Veronica Marlow

Mercedeh Ward

Margaret Hatch-Leahy

Jennifer Maurus

Judy Rich

Ninette Pembleton

Kerri Brode

Victoria O'Connor

Aileen Storer

Charles O'Connor

Helene Bartels

Colleen O'Higgins

**EXHIBIT 64**
**PAGE 2246**

THIRD NOTICE OF DEPOSITION OF MGA

07209/2048031.

1  Vivian Matt

2  Maureen Mullen

3  Rachel Harris

4  Barbara Malcolm

5  David Dees

6  Ben Ton

7  Dave Malacrida

8     2.    The IDENTITY, current or last known location, and disposition of

9  each backup, copy or image of the STORAGE DEVICES referenced in Topic 1 of this

10  Notice, including without limitation the date of creation and the date of disposition of

11  each such backup or copy.

12     3.    YOUR search for and production of DOCUMENTS and DIGITAL

13  INFORMATION from the STORAGE DEVICES referenced in Topic 1 of this Notice.

14     4.    Each of YOUR EMPLOYEE AGREEMENTS since January 1,

15  1995, including without limitation the meaning, validity and enforcement of such

16  EMPLOYEE AGREEMENTS.

17     5.    Any requirement or practice by YOU, at any time since January 1,

18  1995, that YOUR employees sign or execute EMPLOYEE AGREEMENTS.

19     6.    YOUR statements to Christopher Palmeri in connection with the

20  *Business Week* article entitled "To Really Be A Player, Mattel Needs Hotter Toys,"

21  published on or about July 28, 2003, including without limitation in connection with the

22  statement that Isaac Larian "got the idea for Bratz after seeing his own kids run around

23  in navel-bearing tops and hip-huggers."

24     7.    YOUR statements to Denise I. O'Neal in connection with the

25  *Chicago Sun-Times* article entitled "Bratz Packers Are What's Cool in Doll World,"

26  published on or about March 5, 2004, including without limitation in connection with

27  the statements that MGA's "creative team decided the name should be catchy and not

28

EXHIBIT 64
PAGE 2247

-7-

THIRD NOTICE OF DEPOSITION OF MGA

07209/2048031.

1 | have more than six letters. Keeping with today's trend of making names more 'cool' by

2 | changing the spelling, MGA executives decided to replace the 's' with a 'z.'"

3      8.    YOUR statements to Jeff Weiss in connection with the *San*

4 | *Fernando Valley Business Journal* article entitled "Immigrant's Creative Company

5 | Shakes Up Toy Industry," published on or about March 29, 2004, including without

6 | limitation in connection with the statement that "[i]t was Jason's idea for Bratz."

7      9.    The IDENTITY of each PERSON who YOU had perform, or who

8 | YOU requested, asked or solicited to perform, any "test project" in advance of or in

9 | consideration of employment by YOU since January 1, 1995, including without

10 | limitation the IDENTITY of each such PERSON who was a MATTEL employee at the

11 | time.

12      10.    YOUR relationship with Stephen Lee since April 1, 2004, including

13 | without limitation any agreements or contracts between YOU and Stephen Lee.

14      11.    Payments of money or any other item of value that YOU have made

15 | to, for or on behalf of Isaac Larian or any FAMILY MEMBER of Isaac Larian since

16 | January 1, 1999, including without limitation (a) the amounts of such payment and the

17 | equivalent dollar value of each of item of value, (b) the dates of such payment, (c) the

18 | IDENTITY of each recipient of such payment, (d) the IDENTITY of each bank or

19 | financial institution account to which such payment was made and (e) the reasons for

20 | each such payment.

21      12.    Payments of money or any other item of value that YOU have made

22 | to, for or on behalf of Farhad Larian or any FAMILY MEMBER of Farhad Larian since

23 | January 1, 1999, including without limitation (a) the amounts of each such payment and

24 | the equivalent dollar value of each of item of value, (b) the timing of each such

25 | payment, (c) the IDENTITY of each recipient of each such payment, (d) the

26 | IDENTITY of each bank or financial institution account to which such payment was

27 | made and (e) the reasons for each such payment.

28

**EXHIBIT 64**
**PAGE 2248**

THIRD NOTICE OF DEPOSITION OF MGA

1    13.    Payments of money or any other item of value that YOU have made

2 to, for or on behalf of Morad Zarabi or any FAMILY MEMBER of Morad Zarabi since

3 January 1, 1999, including without limitation (a) the amounts of each such payment and

4 the equivalent dollar value of each of item of value, (b) the timing of each such

5 payment, (c) the IDENTITY of each recipient of each such payment, (d) the

6 IDENTITY of each bank or financial institution account to which such payment was

7 made and (e) the reasons for each such payment.

8    14.    The nature, extent and timing of work and services that Veronica

9 Marlow, Amy Myers, Sarah Halpern, Maureen Mullen and David Dees provided to, or

10 were requested, solicited or proposed by, YOU at any time from January 1, 1999

11 through December 31, 2001, inclusive.

12    15.    Payments of money or any other item of value that YOU have made

13 to Veronica Marlow, Amy Myers, Sarah Halpern, Maureen Mullen and David Dees

14 since January 1, 1999, including without limitation (a) the amounts of each such

15 payment and the equivalent dollar value of each of item of value, (b) the timing of each

16 such payment, (c) the IDENTITY of each recipient of each such payment, (d) the

17 IDENTITY of each bank or financial institution account to which such payment was

18 made and (e) the reasons for each such payment.

19    16.    The IDENTITY of each PERSON who is not, as of June 5, 2007, an

20 MGA employee and for whom or on behalf of whom YOU are paying, have paid or

21 have offered, promised or agreed to pay fees or costs in connection with this ACTION,

22 any contracts, agreements or other DOCUMENTS between YOU and such PERSON

23 pertaining thereto, the amounts YOU have so paid or agreed to pay to such PERSON

24 and the dates on which such payments were made.

25

26

27

28

**EXHIBIT 64**
**PAGE 2249**

THIRD NOTICE OF DEPOSITION OF MGA

**EXHIBIT 65**

## CONFORMED COPY

1 Hon. Edward A. Infante (Ret.)
JAMS
2 Two Embarcadero Center
Suite 1500
3 San Francisco, California 94111
Telephone:   (415) 774-2611
4 Facsimile:   (415) 982-5287

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

11 CARTER BRYANT, an individual,

12          Plaintiff,

13    v.

14 MATTEL, INC., a Delaware corporation,

15          Defendant.

16

17

18

19 CONSOLIDATED WITH
MATTEL, INC. v. BRYANT and
20 MGA ENTERTAINMENT, INC. v. MATTEL,
INC.

21

22

CASE NO. C 04-09049 SGL (RNBx)
JAMS Reference No. 1100049530

Consolidated with
Case No. CV 04-09059
Case No. CV 05-2727

**ORDER GRANTING IN PART AND
DENYING IN PART MATTEL'S
MOTION TO COMPEL MGA TO
PRODUCE WITNESSES PURSUANT
TO THIRD NOTICE OF DEPOSITION
UNDER RULE 30(b)(6); DENYING
REQUEST FOR SANCTIONS**

23                            I. INTRODUCTION

24          On July 13, 2007, Mattel, Inc. ("Mattel") submitted its "Motion to Compel MGA to

25 Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) and for

26 Sanctions." Specifically, Mattel seeks an order compelling MGA Entertainment, Inc. ("MGA")

27 to produce witnesses on Topics 1-3, 6-8, 9 and 11-13 of Mattel's Third Rule 30(b)(6) Notice. On

28 Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

EXHIBIT 65
PAGE 2250

1   July 31, 2007, MGA submitted an opposition brief. On August 6, 2007, Mattel submitted a reply

2   brief. The matter was heard on September 24, 2007. Having considered the motion papers and

3   the comments of counsel, Mattel's motion is granted in part and denied in part, and the request for

4   sanctions is denied.

II. BACKGROUND

6        Mattel first served a Rule 30(b)(6) Notice of Deposition of MGA in February of 2005,

7   which specified eight topics for deposition. Mattel served a Second Notice of Deposition of

8   MGA in February of 2007, which specified forty-six topics for deposition. On June 5, 2007,

9   Mattel served a Third Notice of Deposition of MGA (the "Third Notice"), which is the subject of

10   the present motion to compel. The Third Notice specifies sixteen topics for deposition. On June

11   29, 2007, MGA served objections to the Third Notice, and on July 5, 2007, the parties met and

12   conferred. The parties were not able to resolve their disputes regarding four subject matters: hard

13   drives and other storage devices (Topics 1-3); prior inconsistent statements to the press (Topics 6-

14   8); "test projects" for MGA (Topic 9); and payments MGA made to Isaac Larian, Farhad Larian

15   and Morad Zarabi (Topic 11-13). The topics at issue are set forth below.

Hard Drives and Other Storage Devices

17        1.    The IDENTITY, current or last known location, and disposition of

18       each STORAGE DEVICE that each of the following PERSONS has used to

19       create, generate, prepare, draft, send and/or receive any DOCUMENT or

20       DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ and/or

21       ANGEL at any time since January 1, 1999, including without limitation the date

22       of acquisition and the date of disposition of each STORAGE DEVICE: Isaac

23       Larian, Farhad Larian, Paula Garcia, BRYANT, Kami Gillmour, Veronica

24       Marlow, Mercedeh Ward, Margaret Hatch-Leahy, Jennifer Maurus, Judy Rich,

25       Ninette Pembleton, Kerrie Brode, Victoria O'Connor, Aileen Storer, Charles

26       O'Connor, Helene Bartels, Colleen O'Higgins, Vivian Matt, Maureen Mullen,

27       Rachel Harris, Barbara Malcolm, David Dees, Ben Ton, Dave Malacrida.

28

EXHIBIT 65
PAGE 2251

2.    The IDENTITY, current or last known location, and disposition of each backup, copy or image of the STORAGE DEVICES referenced in Topic 1 of this Notice, including without limitation the date of creation and the date of disposition of each such backup or copy.

3.    YOUR search for and production of DOCUMENTS and DIGITAL INFORMATION from the STORAGE DEVICES referenced in Topic 1 of this Notice.

### Prior Inconsistent Statements to the Press

6.    YOUR statements to Christopher Palmeri in connection with the Business Week article entitled "To Really Be A Player, Mattel Needs Hotter Toys," published on or about July 28, 2003, including without limitation in connection with the statement that Isaac Larian "got the idea for Bratz after seeing his own kids run around in navel-bearing tops and hip-huggers."

7.    YOUR statements to Denise I. O'Neal in connection with the Chicago Sun-Times article entitled "Bratz Packers Are What's Cool in Doll World," published on or about March 5, 2004, including without limitation in connection with the statements that MGA's "creative team decided the name should be catchy and not have more than six letters. Keeping with today's trend of making names more 'cool' by changing the spelling, MGA executives decided to replace the 's' with a 'z'"

8.    YOUR statements to Jeff Weiss in connection with the San Fernando Valley Business Journal article entitled "Immigrant's Creative Company Shakes Up Toy Industry," published on or about March 29, 2004, including without limitation in connection with the statement that "[i]t was Jason's idea for Bratz."

### "Test Projects" for MGA

9.    The IDENTITY of each PERSON who YOU had perform, or who

EXHIBIT 65
PAGE 2252

1    YOU requested, asked or solicited to perform, any "test project" in advance of or

2    in consideration of employment by YOU since January 1, 1995, including without

3    limitation the IDENTITY of each such PERSON who was a MATTEL employee

4    at the time.

5           Payments MGA Made to Isaac Larian, Farhad Larian and Morad Zarabi

6        11.    Payments of money or any other item of value that YOU have

7    made to, for or on behalf of Isaac Larian or any FAMILY MEMBER of Isaac

8    Larian since January 1, 1999, including without limitation (a) the amounts of such

9    payment and the equivalent dollar value of each of item of value, (b) the dates of

10    such payment, (c) the IDENTITY of each recipient of such payment, (d) the

11    IDENTITY of each bank or financial institution account to which such payment

12    was made and (e) the reasons for each such payment.

13        12.    Payments of money or any other item of value that YOU have

14    made to, for or on behalf of Farhad Larian or any FAMILY MEMBER of Farhad

15    Larian since January 1, 1999, including without limitation (a) the amounts of each

16    such payment and the equivalent dollar value of each of item of value, (b) the

17    timing of each such payment, (c) the IDENTITY of each recipient of each such

18    payment, (d) the IDENTITY of each bank or financial institution account to

19    which such payment was made and (e) the reasons for each such payment.

20        13.    Payments of money or any other item of value that YOU have

21    made to, for or on behalf of Morad Zarabi or any FAMILY MEMBER of Morad

22    Zarabi since January 1, 1999, including without limitation (a) the amounts of each

23    such payment and the equivalent dollar value of each item of value, (b) the timing

24    of each such payment, (c) the IDENTITY of each recipient of each such payment,

25    (d) the IDENTITY of each bank or financial institution account to which such

26    payment was made and (e) the reasons for each such payment.

27    Zeller Decl., Ex. 23.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 65
PAGE 2253

1    Mattel seeks an order compelling MGA to produce witnesses to testify on Topics 1-3, 6-8,
2    9 and 11-13, and overruling all of MGA's objections and limitations. Mattel contends that the
3    testimony it seeks is relevant, not unduly burdensome, and not otherwise objectionable as
4    cumulative or duplicative of any other deposition testimony already given in the case.

5    MGA contends that Mattel's Third Notice is invalid because Mattel failed to obtain leave
6    of court to take MGA's deposition after having previously deposed several 30(b)(6) designees.
7    MGA contends that Rule 30(a)(2)(B), Fed.R.Civ.P., requires Mattel to establish good cause for
8    examining MGA any further. MGA further contends that Mattel has not established the requisite
9    good cause, and instead improperly has attempted to shift the burden of proof to MGA to justify
10   its objections to the Third Notice. Lastly, MGA contends that Mattel has had many opportunities
11   to obtain, and in many cases has already obtained, the information it now moves to compel.

12                                    III. STANDARDS

13   Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain
14   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any
15   party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the
16   discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

17   Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court shall limit the frequency or extent of
18   use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably
19   cumulative or duplicative, or is obtainable from some other source that is more convenient, less
20   burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
21   discovery in the action to obtain the information sought; or (iii) the burden or expense of the
22   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the
23   amount in controversy, the parties' resources, the importance of the issues at stake in the
24   litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.
25   26(b)(2)(C).

26   Pursuant to Rule 30, Fed.R.Civ.P., a party may take the testimony of any person, including
27   a party, by deposition upon oral examination without leave of court, except as provided in Rule

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                                                              5

EXHIBIT 65
PAGE 2254

1  30(a)(2), Fed.R.Civ.P.  In particular, Rule 30(a)(2) specifies that a party must obtain leave of

2  court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2),

3  Fed.R.Civ.P., if "the person to be examined already has been deposed in the case."  Fed.R.Civ.P.

4  30(a)(2)(B).

5                                IV. DISCUSSION

6        As a threshold matter, the parties dispute whether Rule 30(a)(2)(B), Fed.R.Civ.P., applies

7  to depositions taken pursuant Rule 30(b)(6), Fed.R.Civ.P.  There is caselaw to support each

8  party's position.  See e.g. Ameristar Jet Starter, Inc. v. Signal Composites, Inc., 244 F.3d 189 (1st

9  Cir. 2001) (second Rule 30(b)(6) subpoena issued without leave of court was invalid); In re

10  Sulfuric Acid Antitrust Litig., 2005 WL 1994105 (D. Ill. Aug. 19, 2005) (holding that second

11  Rule 30(b)(6) subpoena issued without leave of court was invalid); Innomed Labs, LLC v. Alza

12  Corp., 211 F.R.D. 237 (S.D. N.Y. 2002) (quashing overbroad 30(b)(6) subpoena issued without

13  leave of court); Quality Aero Tech., Inc. v. Telemetrie Elektronik, 212 F.R.D. 313, 319 (E.D.

14  N.C. 2002) (holding that Rule 30(a)(2)(B) does not apply to Rule 30(b)(6) depositions).  For

15  purposes of the present motion, however, it is unnecessary to resolve this conflict in the law

16  because the debate is purely academic and inconsequential.  As Mattel has requested, Mattel's

17  motion is treated herein as a motion for leave to serve an additional 30(b)(6) notice with

18  additional topics.  In evaluating the appropriateness of the topics, it is Mattel's burden to

19  demonstrate that there is good cause for such discovery (see e.g. Boston Scientific Corp. v. Cordis

20  Corp., 2004 WL 1945643 (N.D.Cal. 2004)), applying the principles stated in Rule 26(b)(2),

21  Fed.R.Civ.P.

22                    Hard Drives and Other Storage Devices (Topics 1-3)

23        Topic 1 seeks information regarding the location and disposition of computer hard drives

24  or other storage devices used by specified MGA employees or contractors that contain or

25  contained documents related to the Bratz or Angel projects. Topic 2 seeks the identification and

26  last known location of any backup, copy or image of the hard drives or storage devices identified

27  in Topic 1.  Topic 3 seeks information regarding MGA's search for and production of documents

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                    6

EXHIBIT 65
PAGE 2255

1 │ and digital information from the hard drives and storage devices referenced in Topic 1.

2 │     MGA objected to Topics 1-3 as overbroad, unduly burdensome, vague, ambiguous,

3 │ irrelevant, and not reasonably calculated to lead to admissible evidence. MGA also objected to

4 │ Topics 1-3 to the extent that the information sought is obtainable through other more convenient,

5 │ less burdensome and less expensive means. Lastly, MGA objected to Topics 1-3 as unreasonably

6 │ cumulative and duplicative of information already provided by Ken Lockhart, Vice President and

7 │ Chief Information Officer for MGA.

8 │     Topics 1-3 unquestionably seek information that is relevant within the meaning of Rule

9 │ 26(b)(1), Fed.R.Civ.P., which specifically authorizes discovery regarding any matter, not

10 │ privileged, that is relevant to the claim or defense of any party, including "the existence,

11 │ description, nature, custody, condition, and location of any books, documents or other things." A

12 │ portion of the discovery sought, however, is unreasonably cumulative and duplicative of

13 │ information already provided by Mr. Lockhart. MGA designated Mr. Lockhart as a 30(b)(6)

14 │ witness to testify about MGA's retention, destruction and data back-up policies, MGA's digital

15 │ information systems and application software, employees' electronic messaging systems, and

16 │ MGA's policies regarding the use of transportable media. Mr. Lockhart testified about the

17 │ location and disposition of MGA employees' hard drives and storage devices in general.

18 │     Mattel contends that Topics 1-3 differ from the topics in the Second Notice and the

19 │ testimony previously given by Mr. Lockhart in that Mattel now seeks information about the

20 │ locations and dispositions of hard drives used by 24 named individuals. Mattel contends that the

21 │ testimony it seeks will enable it to assess MGA's production, including whether any documents

22 │ requested or compelled by the Court were destroyed, not collected or otherwise made unavailable

23 │ to Mattel. Mattel's Reply at p.7.

24 │     Although Mattel's stated objective for seeking testimony regarding Topics 1-3 may be

25 │ legitimate, the burden and expense of a Rule 30(b)(6) deposition is not justified under the

26 │ circumstances of this case. Mattel has accused MGA of obstructing discovery, and in particular

27 │ withholding Bryant's computer. There is no evidence, however, to suggest that MGA has refused

28 │ 

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT 65
PAGE 2256

1   or failed to search for and produce responsive documents located on the hard drives of the other

2   individuals named in Topic 1. It is burdensome and expensive to prepare a witness to testify

3   about the locations and dispositions of hard drives used for 24 different individuals. The likely

4   benefit of undergoing such a burden and expense is doubtful. Furthermore, there are other less

5   burdensome and less expensive means of assessing whether MGA has complied with its

6   discovery obligations, including for example, document requests and interrogatories. Therefore,

7   Mattel's motion is denied as to Topics 1-3.

8                     Prior Inconsistent Statements to the Press (Topics 6-8)

9             Topics 6-8 seek testimony regarding three public statements made by Isaac Larian

10   regarding who conceived of Bratz. MGA objected to Topics 6-8 as irrelevant and not reasonably

11   calculated to lead to admissible evidence. MGA also objected to Topics 6-8 to the extent that the

12   information sought is obtainable through other more convenient, less burdensome and less

13   expensive means. Further, MGA objected to Topics 6-8 as unreasonably cumulative and

14   duplicative of information already provided by MGA and/or Carter Bryant. MGA also objected

15   to a deposition on these Topics "to the extent that the statements referenced above were not made

16   by MGA as a corporate actor and thus they are not the appropriate subject of a 30(b)(6)

17   designation." Zeller Decl., Ex. 24.

18             Mattel contends that Topics 6-8 are the proper subject of a Rule 30(b)(6) deposition

19   because each of the statements identified therein was made by MGA's Chief Executive Officer,

20   Isaac Larian. Mattel acknowledges that it already deposed Isaac Larian regarding one of the

21   articles identified in Topics 6-8, but contends that it is not attempting to re-depose him. Rather,

22   Mattel contends that it is entitled to elicit testimony that will bind the corporation so that it will

23   not be "sandbagged" at trial. Mattel's Reply at p.6.

24             MGA accuses Mattel of misusing the 30(b)(6) procedure when Mattel knows that Isaac

25   Larian is the person who should be, and already has been, deposed about the statements identified

26   in Topics 6-8. MGA also contends that Mattel opted to limit its examination of Isaac Larian to

27   one article, and that Mattel's failure to fully question Isaac Larian in no way justifies deposing

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                                                                    8

EXHIBIT 65
PAGE 2257

1   MGA now. MGA also contends that Mattel could avail itself of other discovery methods, such as

2   interrogatories or requests for admission, to obtain further information about the publications

3   identified in Topics 6-8.

4        Topics 6-8 seek information relevant to the central issue in the case: who conceived of

5   Bratz. Mattel's use of the 30(b)(6) procedure is justified in order to obtain testimony that will

6   bind the corporation. The testimony Mattel now seeks is not unreasonably cumulative or

7   duplicative of testimony it has already sought from Isaac Larian because Mattel previously

8   questioned Isaac Larian about only one of the articles identified in Topics 6-8. Further, the likely

9   benefit to Mattel of testimony from Isaac Larian (or another corporate designee) regarding Topics

10  6-8 outweighs the burden and expense to MGA, given the importance of the testimony Mattel

11  seeks. Mattel's motion is granted as to Topics 6-8.

12                    "Test Projects" for MGA (Topic 9)

13       In Topic 9, Mattel seeks the identity of each person MGA had perform or who MGA

14  requested, asked or solicited to perform, any "test project" in advance of or in consideration of

15  employment by MGA since January 1, 1995. MGA objected to Topic 9 as irrelevant, not

16  reasonably calculated to lead to the discovery of admissible evidence, overbroad, unduly

17  burdensome, and unreasonably cumulative and duplicative. MGA also objected to Topic 9 as

18  vague and ambiguous, particularly with respect to the term "test project." MGA also objected to

19  Topic 9 to the extent that the information sought is obtainable through other, more convenient,

20  less burdensome and less expensive means. MGA also objected to Topic 9 as seeking

21  confidential, proprietary, and commercially sensitive information with no relevance to the

22  litigation.

23       When Carter Bryant was deposed by Mattel, he testified that he "did sort of a tryout kind

24  of a project for" MGA. Zeller Decl., Ex. 29 at 9:19-20. He also referred to this "tryout" project

25  as a "test assignment." Id. at 515-516. In light of Bryant's testimony, Mattel's stated purpose of

26  Topic 9 is to "obtain information that will refute MGA and Bryant's assertions that Bryant's

27  working for MGA while employed by Mattel was no different than a supposedly standard

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT 65
PAGE 2258

1 │ industry practice of having candidates for creative positions make artwork as part of the job

2 │ interview." Mattel's Motion at p.22.

3 │     MGA acknowledges that Mattel provided a definition for the phrase "test assignment" in

4 │ its motion papers. MGA's Opposition at p.10. MGA nevertheless contends that Topic 9 remains

5 │ objectionable as overbroad, reasoning that it would require MGA to provide information "with

6 │ regard to how it proceeded with hiring virtually every single employee hired since 1995."

7 │ MGA's Opposition at p.9. MGA also contends that it would be unduly burdensome to require

8 │ MGA to have a designee review and potentially memorize information about every single person

9 │ who has applied for a job at MGA since 1995, particularly when Bryant only began working for

10 │ MGA in 2000. MGA contends that a contention interrogatory is more appropriate than a 30(b)(6)

11 │ deposition to obtain the information called for in Topic 9.

12 │     Topic 9 seeks information relevant to one of MGA and Bryant's defenses, namely their

13 │ claim that Bryant's work for MGA while employed by Mattel was no different than a standard

14 │ industry practice of having candidates for creative positions make artwork as part of the job

15 │ interview. Topic 9, however, is objectionable because it is overbroad and burdensome. In

16 │ particular, Topic 9 is overbroad in terms of the specified time frame because Bryant did not begin

17 │ working at MGA until the year 2000. Topic 9 is also objectionable because the information

18 │ sought is more appropriately obtained through a contention interrogatory, which would be

19 │ significantly less burdensome and less expensive than a 30(b)(6) deposition. Therefore, Mattel's

20 │ motion is denied as to Topic 9. In lieu of taking a 30(b)(6) deposition on Topic 9, Mattel is

21 │ granted leave to serve a contention interrogatory regarding Topic 9 limited to the years 1998

22 │ through 2004.

23 │     <u>Payments MGA Made to Isaac Larian, Farhad Larian and Morad Zarabi (Topics 11-13)</u>

24 │     In Topics 11-13, Mattel seeks information regarding payments made by MGA to Isaac

25 │ Larian (Topic 11), Farhad Larian (Topic 12), and Morad Zarabi (Topic 13). MGA objected to

26 │ these Topics as irrelevant, not reasonably calculated to lead to the discovery of admissible

27 │ evidence, overbroad, unduly burdensome, and unreasonably cumulative and duplicative. MGA

28 │

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT 65
PAGE 2259

1  also objected to Topics 11-13 to the extent that the information sought is obtainable through

2  other, more convenient, less burdensome and less expensive means. MGA also objected to

3  Topics 11-13 as seeking confidential, proprietary, and commercially sensitive information with no

4  relevance to the litigation.

5         Mattel explains that Morad Zarabi arbitrated a dispute between Isaac Larian and Farhad

6  Larian that involved the timing of the creation of Bratz. More specifically, Farhad Larian claimed

7  that Isaac Larian concealed from him MGA's development with Carter Bryant of Bratz dolls and

8  alleged that Bryant began working with MGA during a time Bryant was employed by Mattel.

9  Mattel considers all three individuals involved in the arbitration as witnesses in this litigation, and

10  therefore seeks information that may establish their bias. Mattel also emphasizes that Isaac

11  Larian is a party to the litigation, and that payments made by MGA to him are relevant to Mattel's

12  claim for punitive damages, and may be used as impeachment evidence. Lastly, although Mattel

13  acknowledges that it deposed Isaac Larian regarding payments he received from MGA, Mattel

14  contends that it is entitled to testimony from MGA to corroborate or refute his testimony.

15         MGA contends that Topics 11-13 are not relevant to this lawsuit. In particular, MGA

16  objects to Topics 12 and 13 as seeking "private financial records of persons who are neither

17  parties nor witnesses in this action, and whose only connection is knowing people involved in the

18  lawsuit." MGA's Opposition at p. 13. With regard to payments to Isaac Larian, MGA contends

19  that Mattel already had the opportunity to ask him about payments during his deposition. MGA

20  also contends that Mattel is not entitled to conduct discovery regarding Isaac Larian's net worth at

21  this time. Even if Mattel is entitled to conduct such discovery, MGA contends that payments

22  made to him would not establish his net worth because they represent only one of many sources

23  of income and do not account for his other assets and liabilities.

24         MGA's payments to Isaac Larian and Farhad Larian are relevant to the claims and

25  defenses in the case. Payments to Isaac Larian and Farhad Larian may also show possible bias

26  and be used for impeachment purposes. Moreover, MGA's payments to Isaac Larian may be

27  relevant to Mattel's claim for punitive damages. Payments to Isaac Larian are a component of his

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

EXHIBIT 65
PAGE 2260

1  net worth, even if they represent one source of income. The burden of producing such information

2  does not outweigh its relevance, taking into consideration the circumstances of this case.

3  Furthermore, there is no stay on discovery pertaining to punitive damages.  Accordingly, Mattel's

4  motion is granted as to Topics 11 and 12.

5      In contrast, MGA's payments to Morad Zarabi are irrelevant.  His only connection to this

6  litigation appears to be with the arbitration proceedings.  Any potential relevance of MGA's

7  payments to Morad Zarabi is outweighed by the burden and the intrusion into his private financial

8  affairs.  Mattel's motion is denied as to Topic 13.

9                              V. CONCLUSION

10     For the reasons set forth above, it is hereby ordered as follows:

11     1.   Mattel's motion to compel is granted as to Topics 6-8, 11 and 12.

12     2.   Mattel's motion to compel is denied as to Topics 1-3, 9 and 13.  In lieu of taking a

13  deposition on Topic 9, Mattel is hereby granted leave to serve a contention interrogatory

14  regarding Topic 9 that is limited to the years 1998 through 2004.

15     3.  Mattel's request for sanctions is denied.

16  Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master,

17  Mattel shall file this Order with the Clerk of Court forthwith.

18

19

20  Dated: September 25, 2007

21                              HON. EDWARD A. INFANTE (Ret.)
                                Discovery Master

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

EXHIBIT 65
PAGE 2261

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on September 26, 2007, I served the attached ORDER GRANTING IN PART AND DENYI8NG IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE WITNESSES PURSUANT TO THIRD NOTICE OF DEPOSITION UNDER RULE 30(b)(6); DENYING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on September 26, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT 65
PAGE 2262

**EXHIBIT 66**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

| | |
|---|---|
| 12 CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 13       Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14       vs. | MATTEL, INC.'S SUPPLEMENTAL INTERROGATORY PURSUANT TO ORDER DATED SEPTEMBER 25, 2007 |
| 15 MATTEL, INC., a Delaware corporation, | |
| 16       Defendant. | |
| 17 _____ | Discovery Cut-off: January 14, 2008 Pre-trial Conference: April 7, 2008 |
| 18 AND CONSOLIDATED ACTIONS | Trial Date: April 29, 2008 |
| 19 | Discovery Cutoff: March 3, 2008 Final Pretrial Conf.: June 2, 2008 |
| 20 | Trial Date: July 1, 2008 |

21

22

23  PROPOUNDING PARTY:      Mattel, Inc.

24  RESPONDING PARTIES:     MGA Entertainment, Inc.

25  SET NO.:                SUPPLEMENTAL

26

27

28

07209/2254170.1

                          10-19

EXHIBIT 66
PAGE 2263

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33 and the Court's Order dated
2  September 25, 2007, plaintiff Mattel, Inc. ("Mattel") hereby requests that MGA
3  Entertainment, Inc. answer the following Interrogatory separately and fully, in writing
4  and under oath, within 30 days after service hereof. MGA Entertainment, Inc. shall be
5  obligated to supplement its response to the Interrogatory at such times and to the extent
6  required by the <u>Federal Rules of Civil Procedure</u>.

7

8                             **Definitions**

9         1.    "MGA," "YOU" and "YOUR" means MGA Entertainment, Inc.,
10  any of its current or former employees, officers, directors, agents, representatives,
11  attorneys, experts, divisions, AFFILIATES (including without limitation MGA
12  Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V.), predecessors-in-
13  interest and successors-in-interest, and any other PERSON acting on its behalf,
14  pursuant to its authority or subject to its control. Without limiting the foregoing,
15  "MGA" includes the entities known as ABC International Traders or ABC International
16  Traders, Inc. For purposes of the these Interrogatories, "MGA" does not include
17  BRYANT.

18        2.    "MATTEL" means Mattel, Inc., its current employees, officers,
19  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,
20  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other
21  PERSON acting on its behalf, pursuant to its authority or subject to its control.

22        3.    "AFFILIATES" means any and all corporations, proprietorships,
23  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or
24  indirectly, in whole or in part, own or control, are under common ownership or control
25  with, or are owned or controlled by a PERSON, party or entity, including without
26  limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

27        4.    "PERSON" or "PERSONS" means all natural persons, partnerships,
28  corporations, joint ventures and any kind of business, legal or public entity or

07209/2254170.1                                -2-

EXHIBIT 66
PAGE 2264

1  organization, as well as its, his or her agents, representatives, employees, officers and
2  directors and any one else acting on its, his or her behalf, pursuant to its, his or her
3  authority or subject to its, his or her control.

4       5.    "DESIGN" or "DESIGNS" means any and all representations,
5  whether two-dimensional or three-dimensional, and whether in tangible, digital,
6  electronic or other form, including but not limited to all works, designs, artwork,
7  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
8  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
9  practice, developments, inventions and/or improvements, as well as all other items,
10 things and DOCUMENTS in which any of the foregoing are or have been expressed,
11 embodied, contained, fixed or reflected in any manner, whether in whole or in part.

12      6.    "DOCUMENT" or "DOCUMENTS" means all "writings" and
13 "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil
14 Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited
15 to, all writings and records of every type and description including, but not limited to,
16 contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail
17 ("e-mail"), records of telephone conversations, handwritten and typewritten notes of
18 any kind, statements, reports, minutes, recordings, transcripts and summaries of
19 meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,
20 discs, printouts and records of all types, studies, instruction manuals, policy manuals
21 and statements, books, pamphlets, invoices, canceled checks and every other device or
22 medium by which or through which information of any type is transmitted, recorded or
23 preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall
24 include all copies that differ in any respect from the original or other versions of the
25 DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or
26 originals containing initials, comments, notations, insertions, corrections, marginal
27 notes, amendments or any other variation of any kind.

28

EXHIBIT 66
PAGE 2265

7. "REFER OR RELATE TO" a given subject matter means relate to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify, state, deal with, comment on, respond to, describe, analyze, support, refute, contradict, or in any way pertain to that subject matter, either directly or indirectly.

8. "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

9. "TEST PROJECT" means any DESIGN, project, assignment or other work of any kind created, developed, improved upon or performed by any candidate, interviewee, applicant or prospective or potential employee or independent contractor in advance of, in consideration of, or otherwise as part of or in connection with any interview or interviewing process for, employment or contracting or potential employment or contracting of any kind.

10. "IDENTIFY" or "IDENTITY" means the following:

(a) with reference to an individual or individuals, means to state, fully and separately as to each, such individual's full name, any known business title, current or last known business affiliation, current or last known residential address, current or last known business address, current or last known relationship to MGA, and current or last known telephone number.

(b) with reference to an entity or entities, means to state, fully and separately as to each, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

(c) with reference to any other DOCUMENT or DOCUMENTS, means to describe each DOCUMENT by Bates number. In the event that a

EXHIBIT 66
PAGE 2266

1  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each
2  such DOCUMENT, to provide a complete description of it such that it may be the
3  subject of a request for the production of documents, including by stating the date,
4  identity of the author, addressee(s), signatories, parties, or other PERSONS identified
5  therein, its present location or custodian and a description of its contents.

6         (d)    with reference to a TEST PROJECT, means to IDENTIFY
7  the individual who performed, or was requested, asked or solicited to perform, the
8  TEST PROJECT, including without limitation by stating whether the individual was a
9  MATTEL employee at the time; to IDENTIFY the individual who requested, asked for
10  or solicited the TEST PROJECT or caused the TEST PROJECT to be performed; to
11  provide a detailed, full and complete description of the DESIGN, project, assignment or
12  other work that was performed or that was requested, asked or solicited to be
13  performed; and to state the date(s) on which the TEST PROJECT was performed or
14  was requested, asked or solicited to be performed.

15        11.    "Any" as used in these interrogatories includes the word "all," and
16  the word "all" as used in these interrogatories includes the word "any." The singular
17  form of a noun or pronoun includes within its meaning the plural form of the noun or
18  pronoun so used, and vice versa; the use of the masculine form of a pronoun also
19  includes within its meaning the feminine form of the pronoun so used, and vice versa;
20  the use of any tense of any verb includes also within its meaning all other tenses of the
21  verb so used, whenever such construction results in a broader request for information;
22  and "and" includes "or" and vice versa, whenever such construction results in a broader
23  disclosure of documents or information.

24
25
26
27
28

**EXHIBIT 66**
**PAGE 2267**

07209/2254170.1

-5-

MATTEL'S SUPPLEMENTAL INTERROGATORY

**Instructions**

A.   When an interrogatory requests disclosure of a COMMUNICATION or other information as to which YOU claim any privilege or protection as a ground for nondisclosure, identify each PERSON who participated in or had knowledge of the COMMUNICATION or other information and provide the following:

(i)   the privilege or protection that YOU claim precludes disclosure;

(ii)   the subject matter of the COMMUNICATION or information (without revealing the content as to which the privilege is claimed); and

(iii)   any additional facts or grounds on which YOU base YOUR claim of privilege or protection.

B.   When an interrogatory requests that YOU provide information, YOU are required to supply all information known by or available to YOU or YOUR employees, officers, directors, agents, representatives, attorneys and experts. If YOU cannot completely answer the interrogatory after making diligent efforts to do so, please so state. Then describe in detail all efforts made to answer the interrogatory; identify every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory.

EXHIBIT 66
PAGE 2268

07209/2254170.1

MATTEL'S SUPPLEMENTAL INTERROGATORY

1

## Interrogatory

2

3   SUPPLEMENTAL INTERROGATORY:

4           IDENTIFY, fully and completely, each and every TEST PROJECT that

5   YOU caused, had, requested, asked or solicited any PERSON to perform during the

6   time period January 1, 1998 through December 31, 2004, inclusive, and IDENTIFY all

7   PERSONS with knowledge thereof and all DOCUMENTS that REFER OR RELATE

8   TO such TEST PROJECT.

9

10  DATED:  October 19, 2007           QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
11

12                                     By  B Dylan Proctor
13                                         B. Dylan Proctor
                                           Attorneys for Plaintiff
14                                         Mattel, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                           **EXHIBIT 66**
                                                           **PAGE 2269**

1

**PROOF OF SERVICE**

2       I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,

3  1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4       On October 19, 2007, I served true copies of the following document(s) described as

5  **1.    MATTEL, INC.'S SUPPLEMENTAL INTERROGATORY PURSUANT TO ORDER DATED SEPTEMBER 25, 2007**

6

7       on the parties in this action as follows:

8  Thomas Nolan, Esq.              Mark E. Overland, Esq.
    **SKADDEN ARPS SLATE MEAGHER**   David C. Scheper, Esq.

9  **& FLOM, LLP**                   Alexander H. Cote
    300 South Grand Avenue, Suite 3400    **OVERLAND BORENSTEIN**

10  Los Angeles, CA 90071           **SCHEPER & KIM LLP**
                                   300 South Grand Avenue, Suite 2750

11                                      Los Angeles, CA 90071-3144

12

13

14  **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

15       I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

16

17       Executed on October 19, 2007, at Los Angeles, California.

18

19                                   NOW LEGAL -- Dave Quintana

20

21

22

23

24

25

26

27

28

**EXHIBIT 66
PAGE 2270**

**PROOF OF SERVICE**

1

2        I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3    Street, 10th Floor, Los Angeles, California 90017-2543.

4    On October 19, 2007, I served true copies of the following document(s) described as **MATTEL,
INC.'S SUPPLEMENTAL INTERROGATORY PURSUANT TO ORDER DATED
5    SEPTEMBER 25, 2007** on the parties in this action as follows:

6        Michael H. Page, Esq.
     **KEKER & VAN NEST, LLP**
7    710 Sansome Street
     San Francisco, CA 94111

8

9

10   **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I
deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with
11   postage thereon fully prepaid.

12       I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.

13

14       Executed on October 19, 2007, at Los Angeles, California.

15

16                                          Charlene Ho

17

18

19

20

21

22

23

24

25

26

27

28

07209/2261487.1

**EXHIBIT 66
PAGE 2271**

**EXHIBIT 67**

1   THOMAS J. NOLAN (Bar No. 066992)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2   300 South Grand Avenue
    Los Angeles, California 90071-3144
3   Telephone:  (213) 687-5000
    Facsimile:   (213) 687-5600
4   E-mail:       tnolan@skadden.com

5   KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6   4 Times Square
    New York, NY  10036
7   Telephone:  (212) 735-3000
    Facsimile:   (212) 735-2000
8   E-mail:       kplevan@skadden.com

9   Attorneys for Counter-Defendants,
    MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10  (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11            **UNITED STATES DISTRICT COURT**

12           **CENTRAL DISTRICT OF CALIFORNIA**

13               **EASTERN DIVISION**

| | |
|---|---|
| 13  CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| 14          Plaintiff, | Consolidated with Case No. 04-9059 |
| 15 | and Case No. 05-2727 |
| 16     v. | **MGA ENTERTAINMENT** |
| 17  MATTEL, INC., a Delaware corporation | **INC.'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S SUPPLEMENTAL SET** |
| 18        Defendant. | **OF INTERROGATORIES** |
| 19 | |
| 20 | Honorable Stephen G. Larson |
| 21 | Courtroom 1 |
| 22  Consolidated with MATTEL, INC. v. BRYANT and MGA | Discovery Cut-Off:  March 3, 2008 |
| 23  ENTERTAINMENT, INC. v. MATTEL, INC. | |
| 24 | |

25   **PROPOUNDING PARTY:**    **MATTEL, INC.**

26   **RESPONDING PARTY:**     **MGA ENTERTAINMENT, INC.**

27   **SET NUMBER:**         **SUPPLEMENTAL**

28

h-19

**EXHIBIT 67**
**PAGE 2272**

## PRELIMINARY STATEMENT

1
2     The General Response set forth herein applies to all responses that
3 MGA is providing in response to these interrogatories or may in the future provide in
4 response to any discovery request in this action.  The Response is made without
5 waiving, or intending to waive but, on the contrary, expressly reserving:  (a) the right
6 to object, on the grounds of competency, privilege, relevancy or materiality, or any
7 other proper grounds, to the use of the Response, for any purpose in whole or in part,
8 in any subsequent step or proceeding in this action or any other action; (b) the right
9 to object on any and all grounds, at any time, to other interrogatories or other
10 discovery procedures; and (c) the right at any time to revise, correct, add to, or
11 clarify any of the responses propounded herein.
12     The Response reflects only the present state of MGA's discovery
13 regarding the information that Mattel seeks.  Discovery and other investigation or
14 research concerning this litigation are continuing.  It is anticipated that further
15 discovery, independent investigation, and legal research and analysis will supply
16 additional facts and meaning to the known facts, as well as establish entirely new
17 factual conclusions, all of which may lead MGA to discover other information
18 responsive to these interrogatories.  MGA therefore reserves the right to amend or
19 supplement this Response at any time in light of future investigation, research or
20 analysis, and also expressly reserves the right to rely on, at any time, including trial,
21 subsequently discovered information omitted from this Response as a result of
22 mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or
23 acquiesce in any factual or legal contention, assertion or characterization contained
24 in the Interrogatories or any particular request therein, even where MGA has not
25 otherwise objected to a particular interrogatory, or has agreed to provide information
26 responsive to a particular interrogatory.
27     No incidental or implied admissions are intended by this Response.
28 These responses should not be taken as an admission that MGA accepts or admits the

MGA'S RESPONSES TO MATTEL INC.'S SUPPLEMENTAL SET OF INTERROGATORIES    NO. CV 04-9049 SGL (RNBx)

EXHIBIT 67
PAGE 2273

1 | existence of any facts set forth or assumed by any instruction, definition or
2 | interrogatory.

### GENERAL OBJECTIONS

4 |     MGA responds to these interrogatories subject to the following general
5 | objections and limitations, each of which is incorporated into each and every
6 | response as though fully set forth therein:

7 |     1.    MGA objects to these interrogatories to the extent they seek
8 | information that is not subject to disclosure under any applicable privilege, doctrine
9 | or immunity, including without limitation the attorney-client privilege, the work
10 | product doctrine, the right of privacy, and all other privileges recognized under the
11 | constitutional, statutory or decisional law of the United States of America, the State
12 | of California or any other applicable jurisdiction.

13 |     2.    MGA objects to these interrogatories to the extent they seek
14 | information not relevant to the claims or defenses of any party to this action and not
15 | reasonably calculated to lead to the discovery of admissible evidence.

16 |     3.    MGA objects to these interrogatories to the extent they seek
17 | information which by reason of public filing or otherwise is already in Mattel's
18 | possession or is readily accessible to Mattel.

19 |     4.    MGA objects to these interrogatories to the extent they seek the
20 | disclosure of information (1) not currently within its possession, custody or control;
21 | (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to
22 | persons, entities, or events not known to MGA. Such instructions, definitions, or
23 | requests are objectionable where they seek to require more of MGA than any
24 | obligation imposed by the Federal Rules of Civil Procedure; subject MGA to
25 | unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to
26 | impose upon MGA an obligation to investigate or discover information or materials
27 | from sources equally accessible to Mattel.

28 |

MGA'S RESPONSES TO MATTEL INC.'S SUPPLEMENTAL SET OF INTERROGATORIES    NO. CV 04-9049 SGL (RNBx)

**EXHIBIT 67**
**PAGE 2274**

1         5.      MGA objects to these interrogatories to the extent they are

2    overbroad and unduly burdensome.

3         6.      MGA objects to the definitions and instructions to the extent such

4    definitions and instructions purport to enlarge, expand, or alter in any way the plain

5    meaning and scope of any specific term or specific interrogatories on the ground that

6    such enlargement, expansion, or alteration renders such a term or request vague,

7    ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

8         7.      MGA objects to the following definitions in these interrogatories:

9         (a)     MGA objects to the definition of the terms "DESIGN" and

10   "DESIGNS" as vague, ambiguous, overly broad and unduly burdensome.  The

11   definition strays far from the English meaning of "design" by including "all

12   representations whether two-dimensional or three-dimensional," including "works,

13   designs, artwork, sketches, drawings, illustrations, representations, depictions,

14   blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

15   rotocasts, reductions to practice, developments, inventions and/or

16   improvements . . . ."  (Definitions ¶ 5.)  In responding to these interrogatories, MGA

17   will interpret the terms "DESIGN" and "DESIGNS" consistent with their ordinary

18   accepted meaning.

19        (b)     MGA objects to the definition of the terms "IDENTIFY"

20   and "IDENTITY" as overbroad, unduly burdensome, vague and ambiguous, and

21   oppressive.  Mattel's definition of these terms inherently calls for answers to multiple

22   discrete questions or subparts to questions.  For example, as those terms are used

23   with reference to a "TEST PROJECT" (Definitions ¶ 9) the use of those terms

24   request at least four different and distinct facts:  (a) the identity of the individual who

25   performed, or was requested, asked or solicited to perform, the TEST PROJECT,

26   including without limitation by stating whether the individual was a MATTEL

27   employee at the time; (b) the identity of the individual who requested, asked for or

28   solicited the TEST PROJECT or caused the TEST PROJECT to be performed; (c) a

3

**EXHIBIT 67**
**PAGE 2275**

1  detailed, full and complete description of the DESIGN, project, assignment or other

2  work that was performed or that was requested, asked or solicited to be performed;

3  and (d) the date(s) on which the TEST PROJECT was performed or was requested,

4  asked or solicited to be performed. Therefore, any interrogatory that includes or

5  incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily compound, and

6  should be posed as separate interrogatories. MGA will interpret the terms

7  "IDENTIFY" or "IDENTITY" when used in these interrogatories with reference to a

8  "SOURCE OF INFORMATION" as requesting MGA to identify the "SOURCE OF

9  INFORMATION" searched for the referenced documents with reasonable

10  particularity so as to distinguish it from other sources of information searched for

11  those documents.

12          (c)    MGA also objects to the terms "any" (Definitions ¶ 11) and

13  "REFER OR RELATE TO" (Definitions ¶ 7) on the grounds and to the extent they

14  are overbroad, unduly burdensome, and/or are vague and ambiguous in the context

15  of the interrogatories as written and as those interrogatories would be plainly

16  understood absent Mattel's definitions.

17          8.    MGA objects to these interrogatories to the extent they may

18  unfairly seek to restrict the facts on which MGA may rely at trial. Discovery has not

19  been completed and MGA is not yet necessarily in possession of all the facts and

20  documents upon which MGA intends to rely. All of the responses submitted

21  herewith are tendered to Mattel with the reservation that the responses are submitted

22  without limiting the evidence on which MGA may rely to support the contentions

23  and defenses that MGA may assert at the trial of this action and to rebut or impeach

24  the contentions, assertions and evidence that Mattel may present. MGA reserves the

25  right to supplement or amend these responses at a future date.

26          9.    MGA objects to each interrogatory to the extent it seeks

27  information that will be the subject of expert witness testimony and that is therefore

28  premature.

4

EXHIBIT 67
PAGE 2276

1    10.    MGA objects to each interrogatory to the extent it calls for a legal
2 conclusion.

3    11.    MGA objects to each interrogatory to the extent it seeks the
4 disclosure of confidential, proprietary, or trade-secret information.

5    12.    MGA reserves the right to object on any ground at any time to
6 such other supplemental discovery requests as Mattel may propound involving or
7 relating to the same subject matter of these interrogatories.

8    13.    In responding to these interrogatories, MGA has not and will not
9 comply with any instructions or definitions that seek to impose requirements in
10 addition to those imposed by the Federal Rules of Civil Procedure, the local rules of
11 this Court, any orders entered by the Court in this action, or other applicable law.

12    14.    Consistent with Rule 33(d) of the Federal Rules of Civil
13 Procedure, MGA objects to providing responses to interrogatories that can be
14 derived from documents that have or will be produced (when requested in
15 compliance with Rule 26) and where the burden to derive such information is
16 substantially the same for Mattel as it is for MGA.

17    15.    MGA objects to the definitions, instructions, and interrogatories
18 to the extent they seek information that was prepared in anticipation of litigation,
19 constitutes attorney work product, discloses mental impressions, conclusions,
20 opinions or legal theories of any attorney for or otherwise representative of MGA,
21 contains privileged attorney-client communications, or is otherwise protected from
22 disclosure by any privileges, laws or rules.  MGA shall not produce such information
23 in response to Mattel's interrogatories.  Any disclosure of such protected or
24 privileged information is inadvertent and shall not be construed as a waiver of those
25 privileges or protections.  MGA reserves the right to correct the record with regard to
26 any such inadvertent disclosure, as provided for in the Protective Order governing
27 this case.

28

5

EXHIBIT 67
PAGE 2277