



CONFIDENTIAL –
ATTORNEYS EYES ONLY

EXHIBIT 69
PAGE 2453





The Medici Venus
after Cleomenes of Athens
1st century B.C.

CONFIDENTIAL –
ATTORNEYS EYES ONLY

18

EXHIBIT 69
PAGE 2454





CONFIDENTIAL –
ATTORNEYS EYES ONLY

19

EXHIBIT 69
PAGE 2455





CONFIDENTIAL –
ATTORNEYS EYES ONLY

20

EXHIBIT 69
PAGE 2456





CONFIDENTIAL –
ATTORNEYS EYES ONLY

21

EXHIBIT 69
PAGE 2457





CONFIDENTIAL –
ATTORNEYS EYES ONLY

**EXHIBIT 69**
**PAGE 2458**





CONFIDENTIAL –
ATTORNEYS EYES ONLY

23

EXHIBIT 69
PAGE 2459





CONFIDENTIAL –
ATTORNEYS EYES ONLY

24

EXHIBIT 69
PAGE 2460

[7] The district court performed what can be described as an analytic dissection of similarities in its findings of fact and stated:

Plaintiff's and defendant's games each encompass the idea of depicting the performance of karate martial arts combat in each of the following respects:

A. Each game has fourteen moves.

B. Each game has a two-player option.

C. Each game has a one-player option.

D. Each game has forward and backward somersault moves and about-face moves.

E. Each game has a squatting reverse punch wherein the heel is not on the ground.

F. Each game has an upper-lunge punch.

G. Each game has a back-foot sweep.

H. Each game has a jumping side-kick.

I. Each game has low kick.

J. Each game has a walk-backwards position.

K. Each game has changing background scenes.

L. Each game has 30-second countdown rounds.

M. Each game uses one referee.

N. In each game the referee says "begin," "stop," "white," "red," which is depicted by a cartoon-style speech balloon.

O. Each game has a provision for 100 bonus points per remaining second.

Slide B49

---

The fifteen features listed by the court "encompass the idea of karate." These features, which consist of the game procedure, common karate moves, the idea of background scenes, a time element, a referee, computer graphics, and bonus points, result from either constraints inherent in the sport of karate or computer restraints. After careful consideration and viewing of these features, we find that they necessarily follow from the *idea* of a martial arts karate combat game, or are inseparable from, indispensable to, or even standard treatment of the *idea* of the karate sport. As such, they are not protectable. "When idea and expression coincide, there will be protection against nothing other than identical copying." *Krofft*, 562 F.2d at 1168. A comparison of the works in this case demonstrates that identical copying is not an issue.

Accordingly, we hold that the court did not give the appropriate weight and import to its findings which support Epyx's argument that the similarities result from unprotectable expression. Consequently, it was clear error for the district court to determine that protectable substantial similarity existed based upon these facts.

The lower court erred by not limiting the scope of Data East's copyright protection to the author's contribution—the scoreboard and background scenes. In actuality, however, the backgrounds are quite dissimilar and the method of scorekeeping, though similar, is inconsequential. Based upon these two features, a discerning 17.5 year-old boy [6] could not regard the works as substantially similar. Accordingly, Data East's copyright was not infringed on this basis either.

6. The district court found that the average age of individuals purchasing "Karate Champ" is 17.5 years, that the purchasers are predominantly male, and comprise a knowledgeable, critical, and discerning group.

Slide B50

CONFIDENTIAL –
ATTORNEYS EYES ONLY

25

EXHIBIT 69
PAGE 2461





CONFIDENTIAL --
ATTORNEYS EYES ONLY

26

EXHIBIT 69
PAGE 2462

**APPLE COMPUTER, INC. v. MICROSOFT CORP.**
Cite as 799 F.Supp. 1006 (N.D.Cal. 1992)

Copyright's purpose is to overcome the public goods externality resulting from the non-excludability of copier/free riders who do not pay the costs of creation. Peter S. Menell, *An Analysis of the Scope of Copyright Protection for Applications Programs,* 41 Stan.L.Rev. 1045, 1059 (1989). But overly inclusive copyright protection can produce its own negative effects by inhibiting the adoption of compatible standards (and reducing so-called "network externalities"). Such standards in a graphical user interface would enlarge the market for computers by making it easier to learn how to use them. Id. at 1067-70. Striking the balance between these considerations, especially in a new and rapidly changing medium such as computer screen displays, represents a most ambitious enterprise.

Slide B53

**APPLE COMPUTER, INC. v. MICROSOFT CORP.**
Cite as 35 F.3d 1435 (9th Cir. 1994)

The district court's conclusion that the works as a whole are entitled only to limited protection and should be compared for virtual identity follows from its analytic dissection. By virtue of the licensing agreement, Microsoft and HP were entitled to use the vast majority of features that Apple claims ~~were copied. Of those that remain, the dis~~

Thus, any claim of infringement that Apple may have against Microsoft must rest on the copying of Apple's unique selection and arrangement of all of these features. Under *Harper House* and *Frybarger,* there can be no infringement unless the works are virtually identical.

Slide B54

CONFIDENTIAL –
ATTORNEYS EYES ONLY

27

EXHIBIT 69
PAGE 2463

C

EXHIBIT 69
PAGE 2464





CONFIDENTIAL –
ATTORNEYS EYES ONLY

1

**EXHIBIT 69
PAGE 2465**





CONFIDENTIAL –
ATTORNEYS EYES ONLY

2

**EXHIBIT 69
PAGE 2466**





CONFIDENTIAL –
ATTORNEYS EYES ONLY

3

EXHIBIT 69
PAGE 2467





CONFIDENTIAL –
ATTORNEYS EYES ONLY          4

EXHIBIT 69
PAGE 2468



Slide C9



Slide C10

CONFIDENTIAL --
ATTORNEYS EYES ONLY

5

EXHIBIT 69
PAGE 2469





CONFIDENTIAL –
ATTORNEYS EYES ONLY

6

EXHIBIT 69
PAGE 2470





CONFIDENTIAL –
ATTORNEYS EYES ONLY

7

EXHIBIT 69
PAGE 2471





CONFIDENTIAL –
ATTORNEYS EYES ONLY

8

EXHIBIT 69
PAGE 2472





CONFIDENTIAL –
ATTORNEYS EYES ONLY

EXHIBIT 69
PAGE 2473





CONFIDENTIAL –
ATTORNEYS EYES ONLY

10

EXHIBIT 69
PAGE 2474





EXHIBIT 69
PAGE 2475





CONFIDENTIAL –
ATTORNEYS EYES ONLY

12

EXHIBIT 69
PAGE 2476





CONFIDENTIAL –
ATTORNEYS EYES ONLY

13

EXHIBIT 69
PAGE 2477





CONFIDENTIAL –
ATTORNEYS EYES ONLY

14

EXHIBIT 69
PAGE 2478





EXHIBIT 69
PAGE 2479





CONFIDENTIAL –
ATTORNEYS EYES ONLY

16

EXHIBIT 69
PAGE 2480





CONFIDENTIAL –
ATTORNEYS EYES ONLY

17

EXHIBIT 69
PAGE 2481



CONFIDENTIAL –
ATTORNEYS EYES ONLY                18

EXHIBIT 69
PAGE 2482

Copyright Office fees are subject to change
For current fees, check the Copyright Office
website at *www copyright gov*, write the Copy-
right Office, or call (202) 707-3000

 **Form CA**
For Supplementary Registration
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**VA 1–301–533**

*143  940    854*

| TX | TXU | PA | PAU | VA | VAU | SR | SRU | RE |

EFFECTIVE DATE OF SUPPLEMENTARY REGISTRATION

*March 28 2005*

Month   Day   Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**A**

Title of Work ▼

Jade Doll Configuration, Accessories and Packaging

Registration Number of the Basic Registration ▼

VA 1-090-287

Year of Basic Registration ▼

2001

Name(s) of Author(s) ▼

ABC International Traders, Inc d/b/a MGA Entertainment, Inc

Name(s) of Copyright Claimant(s) ▼

ABC International Traders, Inc. d/b/a MGA Entertainment

**B**

Location and Nature of Incorrect Information in Basic Registration ▼

Line Number  2a       Line Heading or Description  Nature of Authorship

Incorrect Information as It Appears in Basic Registration ▼

Only "3-dimensional sculpture" box checked

Corrected Information ▼

Additional box "2-dimensional artwork" should be checked

Explanation of Correction ▼

**C**

Location and Nature of Information in Basic Registration to be Amplified ▼

Line Number  5       Line Heading or Description  Previous Registration

Amplified Information and Explanation of Information ▼

"No" box - checked, 5c box - unchecked
"Yes" box should be checked, 5c box should be checked

This basic registration VA 1-090-287 for the Jade Doll Configuration, Accessories and Packaging, should cite to registration VA 1-218-487 (December 22, 2003) for the Jade Drawing, which was registered after this basic registration but prior to the filing of this Form CA, and should include the following additional information

Line 6a - Derivative Work
          Jade Drawing (VA 1-218-487)

Line 6b - Material Added
          3-dimensional doll, sculpt, artwork and packaging

MORE ON BACK ▶ • Complete all applicable spaces (D-G) on the reverse side of this page.
              • Keep detailed instructions.     Sign the form at Space F

DO NOT WRITE HERE

Page 1 of ___ pages

Δ π EXHIBIT *558*
Deponent *Armstrong*
Date *3/1/05* Rptr. *EC*
WWW.DEPOBOOK.COM

*4966*

M 0110217

EXHIBIT 69
PAGE 2483

\* Added from C.O. records.

| FORM CA RECEIVED | | FORM CA |
|---|---|---|
| | 4/25/05 | |
| FUNDS RECEIVED DATE | | |
| | 3/28/05 | |
| EXAMINED BY | Wм | FOR COPYRIGHT OFFICE USE ONLY |
| CORRESPONDENCE ☑ | | |
| REFERENCE TO THIS REGISTRATION ADDED TO BASIC REGISTRATION   ☐YES ☐NO | | |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

Continuation of ☑ Part B or ☐ Part C

**D**

Line 3a - Year of Completion
    Incorrect information  2000
    Corrected information  2001

Line 3b - Year of Publication
    Incorrect information  February 12, 2001
    Corrected information   At least as early as May 21, 2001

**E**

Correspondence Give name and address to which correspondence about this application should be sent
Carol A. Witschel
White & Case LLP
1155 Avenue of the Americas
New York, New York  10036
Phone ( 212 ) 819-8200      Fax ( 212 )  354-8113      Email  cwitschel@whitecase.com

Deposit Account If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account

Name _____

Account Number  _____

**F**

Certification* I, the undersigned, hereby certify that I am the (Check only one)
☐ author   ☐ owner of exclusive right(s)
☐ other copyright claimant   ☑ duly authorized agent of   MGA Entertainment Inc.
    Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name ▼ Carol A. Witschel         Date ▼ 4/22/05

Handwritten signature (X) ▼
*Carol A. Witschel*

**G**

Certificate will be mailed in window envelope to this address

Name ▼
    Carol A. Witschel - White & Case LLP
Number/Street/Apt ▼
    1155 Avenue of the Americas
City/State/ZIP ▼
    New York, New York  10036

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev July 2002 — 200,000   Web Rev July 2002   Printed on recycled paper         US Government Printing Office 2002-461-113/40,006

558-2

M 0110218

EXHIBIT 69
PAGE 2484

**EXHIBIT 70**

Case 2:04-cv-09049-SGL-RNB      Document 3003      Filed 04/08/2008      Page 1 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.      CV 04-09049 SGL(RNBx)                              Date:  April 8, 2008

Title:       **CARTER BRYANT -v- MATTEL, INC.**

<u>Consolidated With Related Actions</u>:
CASE NO. CV 04-09059 SGL(RNBx):  MATTEL, INC., v. CARTER BRYANT,
CASE NO. CV 05-02727 SGL (RNBx): MGA ENTERTAINMENT, INC., v. MATTEL, INC.,
================================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           Jim Holmes
           Courtroom Deputy Clerk

PROCEEDINGS
(issued in chambers):        **ORDER GRANTING MOTION TO DISQUALIFY EXPERT**
                             **ORDER DENYING MOTION TO DISQUALIFY COUNSEL**

       Based on the findings of fact set forth on the record, and for the reasons stated therein, the
Court **GRANTS** the motion to disqualify the expert, Christina Tomiyama.

       Toward that end, the Court **ORDERS** the following:

             Counsel for MGA, including in-house counsel, shall have no
       further contact with Ms. Tomiyama regarding this litigation except as
       necessary to effectuate the Court's orders.

             All counsel for MGA and Ms. Tomiyama, and any persons
       subject to their authority or control, or those acting in concert with them,
       are **ORDERED** to refrain from using, disclosing, or otherwise
       disseminating any of Mattel's privileged communications or attorney
       work product for any purpose.

             All counsel for MGA and Ms. Tomiyama, and any persons

MINUTES FORM 90                                                  Initials of Deputy Clerk: jh
CIVIL -- GEN                         Page 1

EXHIBIT _

PAGE ____

**EXHIBIT 70**
**PAGE 2485**

subject to their authority or control or those acting in concert with them, are **ORDERED** to return to Mattel and/or destroy all of Mattel's privileged and work-product materials.

Counsel for MGA is **ORDERED** to file under seal the original Tomiyama expert report, and to destroy all other copies thereof. If the original report has been destroyed, a copy of the report shall be so filed, along with a declaration of trial counsel regarding the original's destruction.

Counsel for MGA are **ORDERED** to arrange for a copy of this Order to be personally served on Ms. Tomiyama and shall file a proof of service with an accompanying declaration of the process server.

Should Ms. Tomiyama wish to serve in the future as an expert witness in any unrelated litigation, she is **ORDERED** to provide to counsel for all parties in that litigation a copy of this Order before entering into an agreement to provide expert witness opinions, reports, or testimony.

The Court **DENIES** the motion to disqualify counsel. Given the nature of the attorney-client privileged material and attorney work product possessed by Ms. Tomiyama and the particular circumstances of this case, this Court finds that it was incumbent upon Mattel to seek a protective order once she was no longer employed by Mattel. See Nalian Truck Lines, Inc. v. Nakano Warehouse & Transportation Corp., 6 Cal.App.4th 1256, 1264 (1992) ("[I]t is incumbent upon a party who knows that its former employees . . . possess privileged information to seek a protective order."). Moreover, a careful consideration of the relative burdens and costs to each party and to the Court does not warrant disqualification. See City of Santa Barbara v. Superior Court, 122 Cal.App.4th 17, 23 (2004) (noting that motions for disqualification should be "examined carefully" because attorney disqualification "imposes heavy burdens on both the clients and courts [because] clients are deprived of their chosen counsel, litigation costs inevitably increase and delays inevitably occur.").

Nevertheless, in addition to the steps taken in the injunction set forth above, in order to further limit any inadvertent disclosure of privilege, at the appropriate time, the Court will consider both a motion in limine to preclude Ms. Tomiyama from testifying as a fact witness and a motion in limine to preclude MGA from presenting its legal argument based on the ramifications of comparing two-dimensional drawings of Bratz dolls with the three-dimensional products.

The Court **DENIES** Mattel's request for attorney fees.

**IT IS SO ORDERED.**

EXHIBIT

PAGE

**EXHIBIT 70
PAGE 2486**

Case 2:04-cv-09049-SGL-RNB      Document 3003      Filed 04/08/2008      Page 3 of 3

## NOTICE PARTY SERVICE LIST

**Case No.**   CV 04-09049 SGL(RNBx)      **Case Title**   Carter Bryant v. Mattel, Inc.

**Title of Document**   Minute Order of April 8, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor): P.O. Box 581103

Salt Lake City, UT   84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

\* For CIVIL cases only

| *JUDGE / MAGISTRATE JUDGE (list below):* |
|---|
| |
| |
| |
| |

**Initials of Deputy Clerk** jh

EXHIBIT

PAGE

**EXHIBIT 70**
**PAGE 2487**