**EXHIBIT 96**

6-13-3

STEPHENSON & SONS

SCRIVENER NOTARIES
TRANSLATORS OF LANGUAGES

ALBERT BUILDINGS
49 QUEEN VICTORIA STREET
LONDON     EC4N 4SA

Telephone
(020) - 7329 2020/7329 2022

International
(+44) - 20 - 7329 2020/7329 2022

Facsimile
(020) - 7329 0025

International
(+44) - 20 - 7329 0025

E-Mail: Johnstewardson@BTinternet.com

BARRINGTON W. HOOKE. LL.B.
Scrivener Notary
Translator of Languages

Mobile
(07802) - 47 98 49

THIS IS THE EXHIBIT MARKED "RDB13" MENTIONED AND REFERRED TO IN THE AFFIDAVIT OF RAYMOND DAVID BLACK MADE BEFORE ME THIS 13th DAY OF JUNE 2003

BARRINGTON WILLIAM HOOKE.
NOTARY PUBLIC, LONDON.



EXHIBIT _____ 94 _____

PAGE _____ 1292 _____

Confidential - Attorney's Eyes Only

MGA 0885348

HCA No. 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BETWEEN

MGA ENTERTAINMENT INC.                    1st Plaintiff

MGA ENTERTAINMENT (HK) LIMITED            2nd Plaintiff

And

DOUBLE GRAND CORPORATION LIMITED     Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This is the marked exhibit referred to in the Affidavit of Raymond David Black dated the 13 day of June 2003.

| Exhibit Ref | Date | Description | Page No. |
|---|---|---|---|
| RDB13 | 21 May 2003 & 3 June 2003 | Copies of claim form and particulars of claim | 11 |

Before me,

EXHIBIT ___ 94 ___

PAGE ___ 1293 ___

Confidential - Attorney's Eyes Only

MGA 0885349



**Claim Form**

| In the | High Court of Justice |
| | Chancery Division |
| Claim No. | HC03C01893. |

Claimant
> MGA ENTERTAINMENT, INC.
> 16730 Schoenborn Street
> North Hills
> California
> CA 913453
> United States of America



Defendant(s)
> JAMES THOMAS CONNOLLY
> 19 Whitehouses
> Mytholmroyd
> Hebden Bridge
> Halifax
> West Yorkshire
> HX7 5AB

Does your claim include any issues under the Human Rights Act 1998?   ☐ Yes   ☒ No

Brief details of claim

> The claim is for copyright and registered design right infringement. Please refer to the attached document entitled "Brief details of claim".

Value

> The Claimant cannot say how much it expects to recover, but should exceed £15,000 and not more than £50,000.

Defendants name and address:

JAMES THOMAS CONNOLLY
19 Whitehouses
Mytholmroyd
Hebden Bridge
Halifax
West Yorkshire
HX7 5AB

| Amount Claimed | Unspecified Amount |
| --- | --- |
| Court Fee | |
| Solicitor's costs | To Be Assessed |
| Total amount | |
| Issue date | 21 May 2003 |

The Court office at
Chancery Chambers, Thomas Moore Building, Royal Courts of Justice, Strand, London, WC2A 2LL
is open from 10am to 4.30pm Monday to Friday.  When corresponding with the court please address forms or letters to the Court Manager and quote the claim number.

N7 Claim Form (CPR Part 7) (10.00)   #289401

Confidential - Attorney's Eyes Only

MGA 0885350

n Number

Particulars of Claim (attached) (to follow)

Statement of Truth
* (I believe) ( The Claimant believes) that the facts stated in these particulars of claim are true.
* I am duly authorised by the claimant to sign this statement

Full Name                                    Raymond David Black
Name of claimant's solicitor's firm          SJ Berwin & Co

signed                                                    position or office held  Partner
(Claimant's solicitor)
*delete as appropriate

SJ Berwin                                    Claimant's (or claimant's solicitor's) address to
222 Gray's Inn Road                          which documents or payments should be sent if
London          WC1X 8XF                     different from overleaf including (if appropriate)
Ref: M17447.49                               details of DX, fax or e-mail
DX no:  DX 255 LONDON   CHANCERY LANE
Tel no:  0207 533 2222
Fax no:  020 7533 2000

EXHIBIT _____ 94
PAGE _____ 1295

Confidential - Attorney's Eyes Only

MGA 0885351

Brief details of claim:

THE CLAIMANT CLAIM IS FOR:

1.  An injunction to restrain the Defendant whether acting by himself, his servants or agents or any of them or otherwise howsoever from doing the following acts or any of them that is to say:

    1.1.  infringing registered design nos. 2103577, 2103578, 2103579 and 2103580; and

    1.2.  infringing copyright in the drawings annexed at Schedule 1.

2.  An injunction to restrain the Defendant whether acting by himself, his servants, or agents or any of them or otherwise howsoever from manufacturing, selling, offering for sale, importing, exporting, distributing, ordering, purchasing, advertising, supplying, disposing of or otherwise howsoever dealing in or with the MINI TRENDY TEENZ and TRENDY TEENZ dolls, ROCKERHEADZ BOBBLE PENS and ROCKERHEADZ BOBBLEHEAD FASHION DOLLS representations of which are annexed at Schedule 2.

3.  An Order for delivery up to the Claimant or the Claimant's legal representative, SJ Berwin, or alternatively, destruction upon oath, of all infringing goods, articles and materials in the power, possession, custody or control of the Defendant together with confirmation on Affidavit sworn by the Defendant that such delivery up (or destruction) has been completed.

4.  An Order that the Defendant serve, within 7 (seven) days of the date of this Order, a statutory declaration upon SJ Berwin setting out in full:

    4.1  the names and addresses of all persons from whom the Defendant has obtained supplies of MINI TRENDY TEENZ and TRENDY TEENZ dolls, ROCKERHEADZ BOBBLE Pen's and ROCKERHEADZ

EXHIBIT _____ 9l0

1  PAGE _____ 1296

#289376.1

Confidential - Attorney's Eyes Only

MGA 0885352

BOBBLEHEAD FASHION dolls (or any of them) ("the Infringing Articles");

4.2    the names and addresses of all persons from whom the Defendant has received orders or to whom the Defendant has supplied and/or distributed the Infringing Articles (or any of them); and

4.3    the particulars of quantities of the Infringing Articles (or any of them) which the Defendant has manufactured, purchased, sold, supplied and/or distributed together with copies of purchase orders, sales orders, invoices and other documents evidencing such transactions.

5.    An inquiry as to damages for copyright and registered design infringement or, at the option of the Claimant, an account of profits.

6.    An Order for payment of all sums found to be due to the Claimant on the taking of the inquiry or account, such sums to be paid together with interest pursuant to section 35A of the Supreme Court Act 1981 or under the equitable jurisdiction of the Court.

7.    Further or other relief.

8.    Costs.

EXHIBIT    96

PAGE    ˄ 1297

Confidential - Attorney's Eyes Only

MGA 0885353

# SCHEDULE 1

EXHIBIT ___ 9 4

PAGE ___ 1298

Confidential - Attorney's Eyes Only                MGA 0885354

6.4.23



*Original* face design, Fall 2001

EXHIBIT 96
PAGE 1299

Confidential - Attorney's Eyes Only

MGA 0885355

10.4.44



Yasmin
original face design;
Fall 2001

EXHIBIT 96

PAGE 1300

Confidential - Attorney's Eyes Only

MGA 0885356

6.4.25



Cloe original
face design
Fall 2001

EXHIBIT 90

1301

Confidential - Attorney's Eyes Only                    MGA 0885357

6.4.26



Jade
Regional face design
Fall 2001

EXHIBIT _____ 9(_

PAGE _____ 1302

Confidential - Attorney's Eyes Only                    MGA 0885358

8/1998

All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO

Current date 9/5/00

EXHIBIT 96

PAGE 1803

Confidential - Attorney's Eyes Only

MGA 0885359



EXHIBIT 1304
PAGE 96

All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO
Contract date 9/15/00



© 8/1998

All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date 9/18/00

EXHIBIT 0/6

PAGE 1305

Confidential - Attorney's Eyes Only

MGA 0885361



© 1998

All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date 9/18/00

EXHIBIT 94

PAGE 1306

Confidential - Attorney's Eyes Only

MGA 0885362

All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date : 9/18/00

EXHIBIT 96
PAGE 1307

Confidential - Attorney's Eyes Only

MGA 0885363



© 8/1998

EXHIBIT 94

PAGE 1308

All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO

Confidential - Attorney's Eyes Only

MGA 0885364

8/1998

EXHIBIT ay

PAGE 1309

All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Current date   9/18/00

Confidential - Attorney's Eyes Only

MGA 0885365



8/1998

9φ

EXHIBIT

PAGE 1310

All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date 9/18/00

MGA 0885366



EXHIBIT 94
PAGE 1311

ⓒ
All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Confidential - Attorney's Eyes Only

MGA 0885367



All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date: 9/18/00

EXHIBIT _____

PAGE 13/2

Confidential - Attorney's Eyes Only

MGA 0885368



Confidential - Attorney's Eyes Only

MGA 0885369

All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date. 9/18/00

EXHIBIT 13H
PAGE 94

Confidential - Attorney's Eyes Only

MGA 0885370



All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO

JUNE 2001

EXHIBIT 94
PAGE 1315

Confidential - Attorney's Eyes Only

MGA 0885371

# SCHEDULE 2

1111/M17447.49/LT:289394.1/lads

Confidential - Attorney's Eyes Only

MGA 0885372



EXHIBIT 94
PAGE 1317

Confidential - Attorney's Eyes Only

MGA 0885373



Confidential - Attorney's Eyes Only

MGA 0885374

ROCKERHEADZ BOBBLE PENS



EXHIBIT 96
PAGE 1319

MGA 0885375



Confidential - Attorney's Eyes Only

MGA 0885376

IN THE HIGH COURT OF JUSTICE

CHANCERY DIVISION

Claim form issued 21 May 2003

B E T W E E N:

MGA ENTERTAINMENT, INC.

Claimant

- and -

JAMES THOMAS CONNOLLY

Defendant

---

PARTICULARS OF CLAIM

---

A       **Background to the Claimant**

1       The Claimant, formerly known as ABC International Traders, Inc., is a United States corporation, organised and existing under the laws of California.

2       Since 1987 the Claimant has built up a substantial reputation throughout the world (including the UK) in the toy business and has held certain rights to well known and successful products such as the NINTENDO GAMEBOY and POWER RANGERS products.

3       The Claimant now has 8 product categories; smart toys, interactive dolls, handheld games, fashion dolls, youth electronics, music, license products and small dolls.

B       **BRATZ range of dolls**

4       Since 2001, the Claimant has marketed a doll under the trade mark, "BRATZ". There are five female dolls in the BRATZ range: Chloe, Sacha, Yasmin, Dana and Jade.

5       The Claimant has sold over 45 million units of BRATZ dolls worldwide and the BRATZ range of dolls has won numerous awards in the US including the Familiy Fun Toy of the Year for 2001 and 2002 and the Toy Industry Association's People's Choice Toy of the Year for 2001 and 2002.

Confidential - Attorney's Eyes Only

MGA 0885377

6   The "BRATZ dolls" and various accessories are marketed and sold in the European Union, the Americas, Australia, New Zealand, Philippines, Indonesia, Israel, Japan and Switzerland. Details of these dolls are found on the website www.bratzpack.com.

C   **Copyright**

7   The designs of the BRATZ dolls were originally created by Mr Carter Bryant in 1999 and subsequently amended.   Copies of the drawings of the designs are at Schedule 1 ("Drawings").

8   Copyright subsists in the Drawings and the Claimant owns such copyright.

## PARTICULARS

8.1   The Drawings are original artistic works within the meaning of section 1 of the Copyright Designs and Patents Act 1988 ("the Act").

8.2   Mr Byrant is and has been at all relevant times a qualifying person within the meaning of sections 154 and 155 of the Act. Mr Bryant is a citizen of the United States of America, and the dolls were first published in the United States on or about November 2001.   Mr Bryant is still alive and when he prepared the Drawings he was a resident of and domiciled in the United States, which is a signatory to the Berne Convention.

8.3   Mr Bryant is the author and first owner of the Drawings by virtue of sections 9(1) and 11(1) of the Act.

8.4   On 18 September 2000, the Claimant entered into an agreement with Mr Bryant in relation to the design and development of the BRATZ dolls ("the Design Agreement").   A copy of the Design Agreement is produced at Schedule 2. Clause 3 (a) of the Design Agreement provides that the Claimant will be the worldwide owner of the copyright in any works produced pursuant to the Design Agreement. Clause 3 (b) provides that Mr Bryant assigns to the Claimant the worldwide copyright in any works prepared relating to the "BRATZ dolls" prior to the commencement of the Design Agreement.

8.5   Pursuant to Sections 12(2), 12(6), 15A and 52 of the Act, copyright in the Drawings still subsists.

D   **Registered Designs**

-2-

Confidential - Attorney's Eyes Only

MGA 0885378

The Claimant is also the registered proprietor of the following registered design rights (hereinafter "Registered Designs");

8.1     UK registered design number 2103577;

8.2     UK registered design number 2103578;

8.3     UK registered design number 2103579;

8.4     UK registered design number 2103580;

Each of these Registered Designs is and at all material times, have been valid and subsisting.

E       **Defendant's Activities**

10      The Defendant is a distributor and seller of toys and other goods in the UK.   The Defendant sources his goods from the Far East. Until 31 January 2003, the Defendant was a director of Toy Depot Limited in the UK. Until a time unknown to the Claimant, the Defendant was a partner in Toy Depot (Far East) Company based in Hong Kong. As from 1 April 2002, the Defendant has been and as far as the Claimant is aware remains a partner of Toy Depot (Far East) Company, a partnership registered in Hong Kong.

(i)     **MINI TRENDY TEENZ and TRENDY TEENZ Dolls**

11      The Claimant learnt that Toy Depot Limited had been trading in a doll called the MINI TRENDY TEENZ (a photograph is at Schedule 3) and the Claimant's solicitors, SJ Berwin sent a cease and desist letter to Toy Depot Limited on 7 March 2003.

12      Mr Alan Brown, an officer of Toy Depot Limited, disclosed to SJ Berwin that Toy Depot Limited had imported and sold 4,800 sets of MINI TRENDY TEENZ dolls and 5,484 TRENDY TEENZ dolls, a larger version of the MINI TRENDY TEENZ doll (a photograph is at Schedule 4) (together "the Dolls").

13      Mr Brown also disclosed that the Defendant had arranged and organised the purchase of the Dolls from Trade Express (H.K) Export Company and Double Grand Corporation Ltd ("Double Grand"). Mr Brown supported this by disclosing the following information:

**PARTICULARS**

-3-

Confidential - Attorney's Eyes Only

MGA 0885379

13.1 an email that the Defendant sent to Trade Express (HK) Export Company on 1 July 2002, on page three is a section relating to the MINI TRENDY TEENZ dolls. In this section the Defendant confirms that the "artwork is fine" but the price needs to be improved.

13.2 a fax from the Defendant to Mr Brown of Toy Depot Limited dated 18 February 2002, where the Defendant provided the contact details of Trade Express to Mr Brown.

14 SJ Berwin sent a cease and desist letter to the Defendant on 2 April 2003.

15 On 14 April 2003, the Defendant indicated that he was willing to enter into a letter of undertakings. Between 14 April – 21 May 2003, SJ Berwin and the Defendant had numerous conversations relating to settlement and the Defendant disclosed various documents relating to the sale of the Dolls. On 29 April 2003, the Defendant attended a meeting at SJ Berwin's premises with Mr Ray Black, where he agreed to provide a statutory declaration relating to his dealings in the Dolls. During this meeting, the Defendant admitted to the following:

## PARTICULARS

15.1 that he asked Double Grand to make a doll about five/six inches in size, dressed in fashionable clothing. Double Grand provided a design of the doll to the Defendant. This doll was later named the MINI TRENDY TEENZ.

15.2 that he drafted all the Purchase Orders sent to Trade Express including the Order particularised in paragraph 12 above and paragraph 15.3 below.

15.3 that Toy Depot (Far East) Company was used to fulfil an order set up by Toy Depot Limited, whereby Trade Express sold 43,056 MINI TRENDY TEENZ to United Overseas in or around 3 October 2002. The Defendant drafted the Purchase Order and sent it to Mr Brown for signing.

15.4 that the MINI TRENDY TEENZ doll was very similar in overall design to the Claimant's baby BRATZ range of dolls

16 The Claimant therefore claims that: (a) the Defendant procured and enticed the manufacture, importation, purchase and sale of the Dolls in the UK; and (b) (i) was directly involved in the purchase of the Dolls in the UK through Toy Depot Limited and Toy Depot (Far East) Company; and/or (ii) directed or arranged the purchase and sale of the Dolls.

-4-

Confidential - Attorney's Eyes Only

(ii)   The ROCKERHEADZ BOBBLE PENS and ROCKERHEADZ BOBBLEHEAD Fashion Dolls ("Products")

17   The Defendant informed Mr Cox in an e-mail dated 6 May 2003 that he intended to market a ROCKERHEADZ BOBBLE Pen ("Pen") (a photograph is at Schedule 5) in the UK and requested him to seek the Claimant's consent to him marketing the Pen in the UK.

18   The Claimant also learnt from an independent source that Double Grand were marketing a product called ROCKERHEADZ BOBBLEHEAD Fashion Dolls, a photograph of which is at Schedule 6.

19   On 8 May 2003, the Claimant requested a further letter of undertaking from the Defendant which covered the Products. The Defendant did not provide the letter of undertaking.

**E.   Copyright Infringement**

20   The Dolls and the Products copy a substantial part of the Drawings.

21   The Defendant acted beyond his duties as a director of Toy Depot Limited, as he enticed and procured Toy Depot Limited to carry out the infringing acts and was directly involved in purchasing the Dolls through Toy Depot Limited. Therefore, the Defendant is a joint tortfeasor with Toy Depot Limited in respect to the Dolls.

22   From a date presently unknown to the Claimant, but prior to the issue of the Claim Form, the Defendant has infringed the copyright in the Drawings by issuing copies and threatening to issue copies of the Dolls and Products to the public.

23   From a date presently unknown to the Claimant, but prior to the issue of the Claim Form, the Defendant has infringed the Copyright in the Drawings by importing, distributing, selling, offering to sell or possessing in the course of business in the UK the Dolls and Products which copy a substantial part of the Drawings and where the Defendant knows or has reason to believe that they are infringing copies of the Drawings.

**PARTICULARS OF KNOWLEDGE AND/OR REASON FOR BELIEF**

Pending information and/or disclosure from the Defendant, the Claimant relies on the following:

23.1   The common knowledge in the Toy industry that the BRATZ dolls are protected by copyright or a right in the nature of copyright, and that such copyright is infringed by copying a substantial part of the design of the BRATZ dolls.

Confidential - Attorney's Eyes Only

MGA 0885381

23.2    The letter dated 2 April 2003 from SJ Berwin to the Defendant by which the Defendant was expressly notified of the Claimant's claim to copyright.

**Registered Design Right Infringement**

24    From a date presently unknown to the Claimant, but prior to the issue of the Claim Form, the Defendant has infringed the Registered Design rights by offering, putting on the market, using, importing and stocking the Dolls and Products which have the same overall impression on the informed user as the Registered Designs.

**G    General**

25    By reason of the sale and distribution of the Dolls and Products in the UK by the Defendant, the Claimant has suffered loss and damage.

26    Unless restrained by this honourable Court, the Defendant threatens and intends to continue selling, dealing in, and distributing these products in the United Kingdom whereby the Claimant will suffer further loss and damage.

27    The Claimant is entitled to and claims interest on all sums which may be found to be due to it on enquiry or account claimed below, such interest being pursuant to Section 35(a) of the Supreme Act 1981 or under the equitable jurisdiction of the Court.

**AND THE CLAIMANT CLAIMS:**

1    An injunction to restrain the Defendant whether acting by himself, his servants or agents or any of them or otherwise howsoever from doing the following acts or any of them that is to say:

1.1.    infringing registered design nos. 2103577, 2103578, 2103579 and 2103580; and

1.2.    infringing copyright in the Drawings annexed at Schedule 1.

2    An injunction to restrain the Defendant whether acting by himself, his servants, or agents or any of them or otherwise howsoever from manufacturing, selling, offering for sale, importing, exporting, distributing, ordering, purchasing, advertising, supplying, disposing of or otherwise howsoever dealing in or with the MINI TRENDY TEENZ and TRENDY TEENZ dolls, ROCKERHEADZ BOBBLE PENS and ROCKERHEADZ BOBBLEHEAD FASHION DOLLS representations of which are annexed at Schedule 3, 4, 5 and 6 respectively.

3    An Order for delivery up to the Claimant or the Claimant's legal representative, SJ Berwin, or alternatively, destruction upon oath, of all infringing goods, articles and materials in the

-6-

Confidential - Attorney's Eyes Only

MGA 0885382

power, possession, custody or control of the Defendant together with confirmation on Affidavit sworn by the Defendant that such delivery up (or destruction) has been completed.

4     An Order that the Defendant serve, within 7 (seven) days of the date of this Order, a statutory declaration upon SJ Berwin setting out in full:

4.1     the names and addresses of all persons from whom the Defendant has obtained supplies of MINI TRENDY TEENZ and TRENDY TEENZ dolls, ROCKERHEADZ BOBBLE Pen's and ROCKERHEADZ BOBBLEHEAD FASHION dolls (or any of them) ("the Infringing Articles");

4.2     the names and addresses of all persons from whom the Defendant has received orders or to whom the Defendant has supplied and/or distributed the Infringing Articles (or any of them); and

4.3     the particulars of quantities of the Infringing Articles (or any of them) which the Defendant has manufactured, purchased, sold, supplied and/or distributed together with copies of purchase orders, sales orders, invoices and other documents evidencing such transactions.

5     An inquiry as to damages for copyright and registered design infringement or, at the option of the Claimant, an account of profits.

6     An Order for payment of all sums found to be due to the Claimant on the taking of the inquiry or account, such sums to be paid together with interest pursuant to section 35A of the Supreme Court Act 1981 or under the equitable jurisdiction of the Court.

-7-

Confidential - Attorney's Eyes Only

MGA 0885383

Further or other relief.

8        Costs.

The Claimant believes that the facts stated in this Particulars of Claim are true. I am duly authorised by the Claimant to sign this statement.

Signed ........................................        Dated .3 June 2003

Full name:        Raymond David Black
Solicitor at SJ Berwin, 222 Grays Inn Road, London, WC1X 8XF

Served this 3 June 2003 by SJ Berwin, 222 Grays Inn Road, London, WC1X 8XF    Ref: RDB/M17447.49   Solicitors for the Claimant.

-8-

Confidential - Attorney's Eyes Only        MGA 0885384

IN THE HIGH COURT OF JUSTICE

CHANCERY DIVISION

Claim form issued

B E T W E E N:

MGA ENTERTAINMENT INC.

Claimant

- and -

JAMES THOMAS CONNOLLY

Defendants

PARTICULARS OF CLAIM

SJ Berwin
222 Gray's Inn Road
London   WC1X 8XF

Tel: 020 7533 2222

Ref: 245/M17447.49/LT:289550.1/sacs

Confidential - Attorney's Eyes Only

MGA 0885385

# SCHEDULE 1

1111/M17447.49/LT:289394.1/lads

Confidential - Attorney's Eyes Only

MGA 0885386

6.4.23



Sasha
Original face design, Fall 2001

EXHIBIT 94
PAGE 1331

Confidential - Attorney's Eyes Only

MGA 0885387

10.4.44



Yasmin
original face design;
Fall 2001

9/6

1332

Confidential - Attorney's Eyes Only

MGA 0885388

6.4.25



Cloe original
face design
Fall 2001

94

1333

Confidential - Attorney's Eyes Only

MGA 0885389

6.4.26



original face design
Fall 2001

Confidential - Attorney's Eyes Only

MGA 0885390



8/1998

All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date 9/6/00

Confidential - Attorney's Eyes Only

MGA 0885391



All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date - 9/15/00

Confidential - Attorney's Eyes Only

MGA 0885392



© 8/1998

All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date 9/18/00

Confidential - Attorney's Eyes Only

MGA 0885393



©
/1998

All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date: 9/15/00

96

1338

EXHIBIT

PAGE

Confidential - Attorney's Eyes Only

MGA 0885394



All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date : 9/18/00

96

1339

EXHIBIT

PAGE

Confidential - Attorney's Eyes Only

MGA 0885395



© 8/1998

All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO

MGA 0885396



8/1998

All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date   9/18/00

Confidential - Attorney's Eyes Only

MGA 0885397



8/1998

96

1342

All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date 9/18/00

Confidential - Attorney's Eyes Only

MGA 0885398



All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO

EXHIBIT 96

PAGE 1343

Confidential - Attorney's Eyes Only

MGA 0885399



All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date: 8/18/00

EXHIBIT 96
PAGE 1344

Confidential - Attorney's Eyes Only

MGA 0885400



All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO
Contact date  9/18/00

EXHIBIT 96
PAGE 1345

Confidential - Attorney's Eyes Only

MGA 0885401



All Rights Assigned to ABC International Traders
d/b/a MGA Entertainment.

Isaac Larian, CEO

Contract date: 9/18/00

EXHIBIT 74
PAGE 1346

Confidential - Attorney's Eyes Only

MGA 0885402



All Rights Assigned to ABC International Traders d/b/a MGA Entertainment.

Isaac Larian, CEO

JUNE 2001

96

1347

EXHIBIT

PAGE

Confidential - Attorney's Eyes Only

MGA 0885403

# SCHEDULE 2

1111/M17447.49/LT:289394.1/iads

Confidential - Attorney's Eyes Only

MGA 0885404

MGA ENTERTAINMENT
16730 Schoenborn Street
North Hills, California 91343

Dated as of September 18, 2000

Mr. Carter Bryant
1319 West 160th Street
Gardena, California 90247

Dear Mr. Bryant:

Set forth below are the terms and conditions upon which we (hereinafter "MGA") are retaining you ("Bryant") to consult and advise MGA in the design and development of certain products which MGA wishes to manufacture and distribute (hereinafter our agreement is sometimes referred to as the "MGA Consulting Agreement"). The parties' agreement is as follows:

1.    **Retention as Consultant/Services**: MGA retains Bryant to provide his services to consult with MGA and advise MGA on the design and development by MGA of a line of dolls presently known as "Bratz" (the "MGA Products"). Bryant will render his services at such locations and times as may be reasonably be designated by MGA. It is understood and agreed that Bryant shall provide his services on a "top priority" basis as his services pertain to other clients of Bryant. In addition, Bryant and all other Bryant staff will take direction from and be under the supervision of such person(s) as may be reasonably designated by MGA from time to time upon notice to Bryant. It is understood and agreed that, subject to MGA's prior written consent, Bryant may retain third party contractors ("Contractors") to assist at his direction in the services to be rendered hereunder. Such third parties shall be compensated in a manner ("Contractor Fees") to be determined between Bryant and such third parties and shall be subject to the terms of this Agreement, including without limitation, paragraphs 3, 4, and 7, below. Bryant shall enter into agreements with all Contractors on a form approved by MGA as conforming to the terms of this Agreement and confirming MGA's ownership of all results and proceeds of the services provided by any such Contractors; such form is attached a Exhibit "A" to this Agreement, and is incorporated herein by reference.

2.    **Term/Exclusivity**: The Term shall commence on the date of this Agreement. MGA shall have the right to terminate this Agreement on not less than forty-five (45) days prior written notice to Bryant. During the Term of this Agreement, Bryant will not provide consulting services to any person, firm or corporation engaged in the design, development and manufacture and sale of dolls or similar products.

3.    **Ownership**:

(a)    All results and proceeds of the services provided by Bryant hereunder and any Contractor, including without limitation, any inventions, and any documentation related thereto, and any other material, whether written or oral (collectively, the "Bryant Work Product") shall be considered "work made for hire" and shall be owned exclusively, throughout the world, and in perpetuity by MGA (including all copyrights and patents therein and thereto, and all renewals and extensions thereof). MGA shall have the sole and exclusive right to use the Bryant Work Product, in whole or in part, in whatever manner MGA may desire, including without limitation, the right to cut, edit, revise, alter and/or otherwise modify the Bryant Work Product and the results of Bryant's services hereunder and the Contractors' services, and to freely use, perform, distribute, exhibit and exploit such materials and license others to do so in any and all media now known or hereafter devised. MGA shall have the sole and exclusive right to copyright or patent the Bryant Work Product in MGA's name, as the owner and author thereof, and to secure any and all registrations, renewals and extensions of such copyrights and

{00006662.DOC/2 / 10/04/2000  03:05 PM}

1

Confidential - Attorney's Eyes Only

MGA 0885405

patents in MGA's name or Br___'s name or the Contractors' names, as p___ ___ted pursuant to applicable statute. Bryant expressly waives, and shall cause all Contractors to waive, any "moral rights" (as such term is commonly understood around the world) in and to the Bryant Work Product prepared by Bryant and/or the Contractors pursuant to the Agreement. Bryant shall, upon request, execute, acknowledge and deliver, and shall cause each Contractor to execute, acknowledge and deliver, to MGA such additional documents as MGA may deem necessary to evidence and effectuate MGA's rights hereunder, and Bryant hereby grants to MGA the right as Bryant's attorney-in-fact to execute, acknowledge, deliver and record in the U.S. Copyright Office, the U.S. Patent Office or elsewhere any and all such documents. If, whether by statutory amendment to the U.S. Copyright and/or Patent Laws, or a decision by a court of competent jurisdiction interpreting such laws, MGA shall not be deemed to be the author or owner of the Bryant Work Product, this Agreement and each agreement with a Contractor shall, nevertheless, constitute an irrevocable assignment by Bryant and each Contractor, as applicable, to MGA of any and all of Bryant's and each Contractors' right, title and interest, including copyright and patent (and all renewals and extensions thereof), in and to the Bryant Work Product. Bryant acknowledges and agrees, and shall cause each Contractor to acknowledge and agree, that he and they have no interest in and shall not, by virtue of this Agreement or any services rendered by Bryant and/or each Contractor to MGA acquire any interest in the MGA Products and that MGA may exploit the MGA Products and any derivative works thereto, without obligation to Bryant and/or the Contractors, except as provided in Paragraph 4, below.

(b)   Without limiting the generality of the provisions of Paragraph 3(a), above, with respect only to any inventions, and any documentation related thereto, and any other material, whether written or oral, created by or for Bryant relating to the MGA Products prior to the commencement of the term of this Agreement, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in perpetuity all of Bryant's right, title and interest, in an to the such material, including, without limiting the generality of the foregoing, all rights under copyright and patent (and all renewals and extensions thereof) including the right to produce and authorize the production of any and all derivative works, and all proprietary rights of any kind therein, now known or hereafter created throughout the world. MGA shall have the sole and exclusive right to use such material, in whole or in part, in whatever manner MGA may desire, including without limitation, the right to cut, edit, revise, alter and/or otherwise modify such materials and to freely use, perform, distribute, exhibit and exploit such materials and license others to do so in any and all media now known or hereafter devised or refrain from doing so as MGA may determine. Bryant expressly waives any "moral rights" (as such term is commonly understood around the world) in and to such materials.

4.   **Compensation/Costs:**

(a)   For the first six (6) months of the Term of this Agreement, MGA shall pay Bryant for his services at the rate of five thousand five hundred dollars ($5,500.00) per month; for the next three (3) months of the Term, MGA shall pay Bryant for his services at the rate of five thousand dollars ($5,000.00) per month. All sums paid to Bryant as monthly fees shall be deemed to be non-refundable, fully-recoupable advances against any royalties that may be payable to Bryant pursuant to paragraph 4(b), below.

(b)   MGA shall pay to Bryant a royalty of three percent (3%) of the Net Sales Receipts from the sales by MGA of any of the MGA Products developed by MGA on which Bryant provided his consulting services. As used herein, the term "Net Sales Receipts" means all monies actually received by MGA from its customers on sales of MGA Products less (i) any and all excise, sales, value added or comparable or similar taxes; (ii) freight and similar third party handling charges paid or payable by MGA; and (iii) returns, discounts, allowances or credits (inclusive of co-op and trade discounts and allowances). MGA shall account to Bryant on a calendar quarterly basis within thirty (30) days after the end of each quarter. All statements of royalties rendered by MGA hereunder shall be conclusive, final,

{00006662.DOC/2 / 10/04/2000  03:05 PM}

2

Confidential - Attorney's Eyes Only

MGA 0885406

and binding on Bryant, shall constitute an account stated, and shall not be subject to any question for any reason whatsoever unless specific written objection, stating the basis thereof, is given by Bryant to MGA within two (2) years after the date rendered. No action, suit, or proceeding of any nature in respect of any royalty statement or other accounting rendered by MGA hereunder may be maintained against MGA unless such action, suit, or proceeding is commenced against MGA in a court of competent jurisdiction within one (1) year after the date of MGA's notice rejecting such objection. Bryant or his representatives shall have the right, not more than once per year and not more than once per statement of royalties, to examine MGA's books and records relating to the sales of such MGA Products, such examination to be conducted during MGA's normal business hours and upon reasonable prior written notice.

(c)     All costs and expenses incurred by Bryant in connection with the performance of his obligations hereunder shall be borne solely by Bryant, except as otherwise agreed and incurred with MGA's prior written consent. In the event MGA requests Bryant to travel to the Orient on MGA's behalf in connection with his services hereunder, MGA will reimburse Bryant for all travel expenses incurred in connection therewith, such as parking, airfare (economy class), auto rental, meals and hotel accommodations. Reimbursement shall be at the actual cost of such item without any mark-up.

(d)     Bryant shall submit invoices to MGA for his monthly fees (and reimbursable expenses, if and as agreed) on a monthly basis. Each invoice shall provide sufficient detail to support the monthly fee charges and hours rendered (and shall include satisfactory copies of bills and/or payments for reimbursable expenses, as applicable). MGA shall pay each such invoice within fifteen (15) days after receipt of such invoice, provided, however, MGA reserves the right to request further explanation or documentation before paying any invoice submitted by Bryant.

(e)     MGA shall use its reasonable business efforts, consistent with its business judgment, to market, promote, distribute, sell and/or exploit the MGA Products and to collect on all monies due from sales. MGA has not made and does not hereby make any representation or warranty with respect to the quantity of sales (if any) of MGA Products embodying the Property which MGA may sell. Bryant recognizes and acknowledges that the sale of MGA Products is speculative and agrees that MGA's judgment and the judgment of its subsidiaries and affiliated companies with regard to the sales of any of its MGA Products and with regard to the marketing, promotion, advertising and exploitation of the MGA Products shall be binding and conclusive upon Bryant. Bryant warrants and agrees that Bryant will not make any claim, nor shall any liability be imposed upon MGA based upon any claim, that more sales could have been made or that better business could have been done than what was actually made or done by MGA or any of MGA's subsidiaries or its affiliated companies, or that better prices or terms could have been obtained.

5.     <u>Warranties and Indemnity</u>: Bryant represents, warrants and agrees that:

(a)     he has the right and is free to execute this Agreement, to grant the rights granted by him to MGA hereunder, and to perform each and every term and provision hereof;

(b)     neither the execution and delivery of this Agreement nor the performance by Bryant of any of his obligations hereunder will constitute a violation, breach or default under any agreement, arrangement or understanding, or any other restriction of any kind, to which Bryant is a party or by which Bryant is bound;

(c)     the Bryant Work Product shall be free of all liens and encumbrances and there will be no claims, demands or actions pending or threatened with respect thereto; and that the Bryant Work Product is original and no part thereof infringes or shall infringe upon any common law or statutory rights or intellectual property rights of any third party including, without limitation, contractual rights,

{00006662.DOC/2 / 10/04/2000  03:05 PM}

3

Confidential - Attorney's Eyes Only

MGA 0885407

tents, copyrights, mask-work ...s, trade secrets, rights of privacy and oul .............. ........
rights;

(d)     he shall comply with all applicable laws and regulations in force during the Term of this Agreement with respect to the services to be rendered hereunder; and

(e)     he shall indemnify and hold MGA harmless from and against any and all claims, losses, costs, judgments, settlements, damages and expenses (including reasonable counsel fees) arising from any breach by him of any of the warranties, representations and agreements made by him hereunder.

6.   Default/Termination:

(a)     In the event either Party fails to perform any of its material obligations hereunder, or breaches any representation, warranty or agreement contained herein, the other Party may terminate this Agreement on thirty (30) days prior written notice, provided the breaching Party shall not have remedied such failure within such thirty (30) day period.

(b)     Upon the termination of this Agreement Bryant shall turn over to MGA all materials relating to the MGA Products furnished by MGA to Bryant or shall give MGA satisfactory evidence of their destruction.

7.   Confidentiality:

(a)     Bryant shall keep in confidence and not disclose to any third party, without the written permission of MGA, the Confidential Information made known to him under this Agreement. As used herein, the term "Confidential Information" means information relating to MGA's products (whether current or projected), product titles, customers, employees, tools and techniques, designs, drawings, schematics and other documentation relating thereto and other confidential and proprietary business information of MGA and which is expressly labeled or identified to Bryant in writing as "confidential" or which, under the circumstances of such disclosure, Bryant knows, or reasonably should know, are treated by MGA as confidential. This requirement of confidentiality shall not apply to any information that is (i) in the public domain through no wrongful act of Bryant; (ii) rightfully received by the Bryant from a third party who is not bound by a restriction of nondisclosure; (iii) already in the Bryant's possession without restriction as to disclosure; or (iv) required to be disclosed by operation of law or by order of a court or administrative body of competent jurisdiction, (provided that prior to such disclosure, MGA shall first receive notice thereof from Bryant and have the opportunity to contest such order or requirement of disclosure or seek appropriate protective order).

(b)     Bryant agrees and acknowledges that all Confidential Information disclosed to him shall be and remain the sole property of MGA. Nothing contained in this Agreement shall be construed as granting to Bryant any right, title or interest of any kind, by license or otherwise, to the Confidential Information disclosed by MGA, the intellectual property therein or any part or copy thereof. Bryant further acknowledges and agrees that nothing contained herein shall be construed as granting Bryant any right to develop, manufacture, produce and/or distribute any product(s) derived from or which otherwise uses any of the Confidential Information disclosed by MGA, or authorize or in any way assist others to do so. Bryant may not make, sell, license or distribute copies of the Confidential Information disclosed by MGA and may not sublicense, transfer or assign in any manner whatsoever this Agreement or any of Bryant's rights or obligations under this Agreement.

(c)     Bryant acknowledges that his failure to perform any of the terms or conditions of this Agreement shall result in immediate and irreparable damage to MGA. Bryant also acknowledges that there may be no adequate remedy at law for such failures and that in the event thereof MGA shall be

{00006662.DOC/2 / 10/04/2000  03:05 PM}

4

Confidential - Attorney's Eyes Only

MGA 0885408

entitled to equitable relief in the nature of injunction and to all other available relief, at law and/or in equity.

8.    **Notices:** All notices, statements and/or payments to be given to the parties hereunder shall be addressed to the parties at the addresses set forth on the first page hereof or at such other address as the parties shall designate in writing from time to time. All notices shall be in writing and shall either be served by personal delivery, mail, or facsimile (if confirmed by mail or personal delivery of the hard copy), all charges prepaid. Except as otherwise provided herein, such notices shall be deemed given when personally delivered, all charges prepaid, or on the date five (5) days following the date of mailing, except that notices of change of address shall be effective only after the actual receipt thereof. Copies of all notices to MGA shall be sent to Fischbach, Perlstein & Lieberman LLP, 1875 Century Park East, Suite 850, Los Angeles, California 90067, Attention: David S. Rosenbaum, Esq. Copies of all notices to Bryant shall be sent to Carter Bryant 1319 West 160th Street, Gardena, California 90247.

9.    **Independent Contractor/No Partnership/Third Party Beneficiary:** Bryant's relationship with MGA is that of an independent contractor. Bryant does not have, and will not represent that he has, any power, right or authority to bind MGA, or to assume or create any obligation or responsibility, express or implied, on behalf of MGA in MGA's name. Nothing stated in the Agreement shall be construed as constituting a partnership or as creating the relationships of employer/employee or principal/agent between the parties. In all matters relating to the Agreement, Bryant shall not act as MGA's employee within the meaning or application of any federal or state unemployment insurance laws, or any other laws or regulations which may impute any obligations or liabilities to MGA by reason of an employment relationship. Bryant will be solely responsible for all taxes, including without limitation, employee and employer, and that he carries all of his own insurance. Neither of the parties hereto shall hold itself out contrary to the terms of this provision by advertising or otherwise. This Agreement shall not be construed to be for the benefit of any third party.

10.    **Services Rendered Deemed Special, etc.:** Bryant acknowledges that the services to be rendered by him hereunder are of a special, unique, extraordinary and intellectual character which gives them peculiar value, the loss of which cannot be adequately compensated for in an action at law and that a breach of any term, condition or covenant hereof will cause irreparable harm and injury to MGA and in addition to any other available relief MGA will be entitled to seek injunctive relief.

11.    **General Provisions:**

(a)    This Agreement may not be assigned by either Party hereto either voluntarily or by operation of law. Any such assignment shall not relieve such Party of its obligations hereunder.

(b)    The titles of the paragraphs of this Agreement are for convenience only and shall not in any way affect the interpretation of any paragraph of this Agreement or the Agreement itself.

(c)    A waiver by either Party of the terms or conditions of this Agreement in any instance shall not be deemed or construed to be a waiver of such terms or conditions for the future or of any subsequent breach thereof. All remedies, rights, undertakings, obligations and agreements contained herein shall be cumulative and none of them shall be in limitation of any other remedy, right, undertaking, obligation or agreement of either Party.

(d)    Neither Party hereto shall be liable to the other for any incidental, consequential, special or punitive damages of any nature or kind, arising out of in connection with a breach by such Party of this Agreement, whether such liability is asserted on the basis of contract, tort (including negligence or strict liability), or otherwise, even if such Party has been warned of the possibility of any such loss or damage.

{00006662.DOC/2 / 10/04/2000  03:05 PM}

5

Confidential - Attorney's Eyes Only

MGA 0885409

State of California, applica[...] o agreements made and to be performed [...]ely therein, and the parties hereto submit and consent to the jurisdiction of the courts of the State of California, including Federal Courts located therein, should Federal jurisdiction requirements exist, in any action brought to enforce (or otherwise relating to) this contract.

(f)     This Agreement constitutes the entire Agreement between the parties hereto and supersedes all prior agreements, whether written or oral, with respect to the subject matter herein contained. No provision of this Agreement shall be deemed waived, amended or modified by either Party unless such waiver, amendment or modification shall be in writing and signed by a duly authorized officer of the Party against whom the waiver, amendment or modification is to be enforced.

(g)     Nothing contained in this Agreement shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provision of this Agreement and any material statute, law, ordinance, order or regulation contrary to which the parties hereto have no legal right to contract, the latter shall prevail, but in such event any provision of this Agreement so affected shall be curtailed and limited only to the extent necessary to bring it within the legal requirements.

Kindly indicate your agreement with the foregoing by signing in the space provided below.

Very truly yours,

MGA ENTERTAINMENT

By: _____

Its: _____

AGREED TO AND ACCEPTED:

_____
CARTER BRYANT

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
Social Security Number

{00008862.DOC/2 / 10/04/2000  03:05 PM}

6

Confidential - Attorney's Eyes Only

MGA 0885410

# SCHEDULE 3

1111/M17447.49/LT:289394.1/lads

Confidential - Attorney's Eyes Only

MGA 0885411



Mini TRENDY TEEN 2

EXHIBIT 96

PAGE 1355

Confidential - Attorney's Eyes Only

MGA 0885412

# SCHEDULE 4

EXHIBIT ___ all

1354

66

1111/M17447.49/LT:289394.1/lgds

Confidential - Attorney's Eyes Only

MGA 0885413



EXHIBIT 90
PAGE 157

Confidential - Attorney's Eyes Only

MGA 0885414



# SCHEDULE 5

1111/M17447.49/LT:289394.1/lads

Confidential - Attorney's Eyes Only

MGA 0885415



ROCKERHEADZ BOBBLE PENS

EXHIBIT 96
PAGE 1359

Confidential - Attorney's Eyes Only                                MGA 0885416

# SCHEDULE 6

1111/M17447.49/LT:289394.1/lads

Confidential - Attorney's Eyes Only

MGA 0885417



EXHIBIT 94

PAGE 1301

Confidential - Attorney's Eyes Only

MGA 0885418

**EXHIBIT 97**

6-16-3

HCA No. 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

***************

BETWEEN

MGA ENTERTAINMENT INC.                                    1st Plaintiff

MGA ENTERTAINMENT (H.K.) LIMITED              2nd Plaintiff

And

DOUBLE GRAND CORPORATION LIMITED          Defendant

********************************

This is the marked exhibit referred to in the Affidavit of Lam Yuen Chak dated the 16 day of June 2003.

| Exhibit Ref | Date | Description | Page No. |
|---|---|---|---|
| LYC-8 | 16 April 2003 | Copies of email from Ken of the Defendant to Investigator X | 7 |

Before me,

ELSIE C.S. CHAN

Solicitor, HKSAR

EXHIBIT ___97___

PAGE ___1362___

Confidential - Attorney's Eyes Only                                    MGA 0885066

ananzi MAIL
FIND IT FAST

Home   Startpage   Chat   E-mail   Sitemap

News | Entertainment | Shop | Trade | Sport |

Ananzi Shopping
Easter Garden **Only R225**
Easter Kids Hamper **Only R200**
Dino Egg **Only R19**

○ SA Web
○ SA Site Directory

SEARCH

gged in as .. oribi@ananzi.co.za

Dial-up   FAQ   Privacy Policy   AUP   POP3   Support   Suggestion   Logout

ananzi Startup

Compose E-mail
Folders
Drafts
Inbox
Sent
Trash
ecdfmsub
tent
Miscellaneous
Settings
Address Book
Signature
Filtering
Rules
Mail Retrieval

**Message in Inbox**

✉ ▶   **Next Unread**      **Reply**         **Reply To All**        **Forward**

     **Back to Inbox**    **Delete & next**   **Set Flag**      **Close as Unread**

**From:** "Ken" <ken@doublegrand.com>
**Subject:**
**Date:** Wed, 16 Apr 2003 18:15:55 +0800
**To:** "JohanVesteburg" <oribi@ananzi.co.za>

Dear Johan

Please see attached quotes.

Best regards

Ken

ken@doublegrand.com

**File: Oribi -Quote-03-1001 (Little Big Eye).xls** (249Kbytes)

**File: Oribi-Quote-03-1002(Fashion Doll).xls** (183Kbytes)

EXHIBIT   97
PAGE   1363

Confidential - Attorney's Eyes Only

MGA 0885067

**File:** Oribi-Quote-03-1003 ( Bobble Pen).xls (426Kbytes)



**File:** Oribi-Quote-03-1005 (Mini Little Big Eyes).xls (158Kbytes)



**File:** Oribi-Quote-03-1004(Mini Tredny Teenz).xls (95Kbytes)

✉ ▶   **Next Unread**   **Reply**   **Reply To All**   **Forward**

**Back to Inbox**   **Delete & next**   **Set Flag**   **Close as Unread**

  — select folder — 

Select the folder to move/copy to, and click the appropriate button.



Enter an e-mail address (or list of addresses, seperated by commas) to send this message to.



Use this button to add the address of the sender to your address book.

Newsletter | Help | About Us | Advertise | Add Your Site to Ananzi
FAQ | Copyright | Privacy Policy | Company Info | Email your comments

Ananzi (Pty) Ltd and its associates disclaim all liability for any loss, damage, injury or expense however caused, arising from the use of or reliance upon, in any manner, the information provided through this service and does not warrant the truth , accuracy or completeness of the information provided.

Copyright © 2002 Ananzi (Pty) Ltd

http://mail.ananzi.co.za/Session/36401-92UfqIHpkimIEjQhUvrn/Message.wssp?Mailbox=I...   4/16/2003

EXHIBIT ___97___
PAGE ___1364___

Confidential - Attorney's Eyes Only                                MGA 0885068

# Double Grand Corporation Ltd.

### Rm 501A Energy Plaza, TST East, Hong Kong
### TEL: (852) 2345 6001          FAX: (852) 2793 3164

## QUOTATION

No.: 03/1004

16th April 2003

TO:   **Oribi International (Pty) Ltd.**
      **SOUTH AFRICA.**

Attn.:   Johan Vesteburg

| Item | Description | Unit Price/FOB Yantian US$ | | |
|------|-------------|-------------|-------------|-------------|
| | **PLASTIC TOYS** | **40HQ** | **20** | **LCL** |
| 2011 | Mini Trendy Teenz<br>Package: Window Box  24/48/1.84' | US$0.75 | US$0.79 | US$0.90 |

REMARKS:

1) This price is for container
2) Payment: By T/T 50% Deposit and T/T 50% upon fax copy of B/L
3) Delivery: 30days upon receipt Deposit



EXHIBIT ___97___

PAGE ___1305___

Confidential - Attorney's Eyes Only

MGA 0885069

# Double Grand Corporation Ltd.

**Rm 501A Energy Plaza, TST East, Hong Kong**
**TEL: (852) 2345 6001          FAX: (852) 2793 3164**

## QUOTATION

No.: 03/1001

TO:     **Oribi International (Pty) Ltd.**
        SOUTH AFRICA.

16th April 2003

Attn.:  Johan Vesteburg

| Item | Description | Unit Price/FOB Yantian US$ | | |
|------|-------------|------|------|------|
| | **PLASTIC TOYS** | **40"HQ** | **20'** | **LCL** |
| 2131 | Little Big Eyes | US$3.10 | US$3.20 | US$3.50 |
| | Package: Window Box: 0/12/3.0' | | | |

**REMARKS:**

1) This price is for container
2) Payment: By T/T 50% Deposit and T/T 50% upon fax copy of B/L
3) Delivery: 30days upon receipt Deposit



EXHIBIT ___97___

PAGE ___1366___

Confidential - Attorney's Eyes Only

MGA 0885070

# Double Grand Corporation Ltd.

### Rm 501A Energy Plaza, TST East, Hong Kong
### TEL: (852) 2345 6001          FAX: (852) 2793 3164

## QUOTATION

No.: 02/1003

TO:    **Oribi International (Pty) Ltd.**
       **SOUTH AFRICA.**

16th April 2003

Attn.:  Johan Vesteburg

| **Item** | **Description** | **Unit Price/FOB Yantian** | | |
| --- | --- | --- | --- | --- |
| | **PLASTIC TOYS** | **40HQ** | **20** | **LCL** |
| 2000 | Fashion doll bobble pen - 4 assorted | US$0.75 | US$0.78 | US$0.83 |
| | Package: Clam Shell 24/48/1.4' | | | |

**REMARKS:**

1) This price is for container
2) Payment: By T/T 50% Deposit and T/T 50% upon fax copy of B/L
3) Delivery: 30days upon receipt Deposit




EXHIBIT _____ 97
PAGE _____ 1367

Confidential - Attorney's Eyes Only

MGA 0885071

# Double Grand Corporation Ltd.

### Rm 501A Energy Plaza, TST East, Hong Kong
### TEL: (852) 2345 6001     FAX: (852) 2793 3164

## QUOTATION

No.: 03/1002

TO:   **Oribi International (Pty) Ltd.**
      **SOUTH AFRICA.**

16th April 2003

Attn.:  Johan Vesteburg

| Item | Description | Unit Price/FOB Yantian US$ | | |
|------|-------------|------|------|------|
| | **PLASTIC TOYS** | | | |
| | | **40HQ** | **20** | **LCL** |
| 1000 | Rocker Head Z Bobbing fashion doll - 6 assorted Package: Clam Shell 0/12/2.22' | US$1.70 | US$1.75 | US$1.90 |

**REMARKS:**

1) This price is for container
2) Payment: By T/T 50% Deposit and T/T 50% upon fax copy of B/L
3) Delivery: 30days upon receipt Deposit



EXHIBIT 97

PAGE 1368

Confidential - Attorney's Eyes Only

MGA 0885072

# Double Grand Corporation Ltd.

### 501A Energy Plaza, Tsim Sha Tsui East, Hong Kong

sales@doublegrand.com

TEL: (852) 2345 6001      FAX: (852) 2793 3164

## QUOTATION

| | | |
|---|---|---|
| TO: | Oribi International (Pty) Ltd.<br>SOUTH AFRICA. | 03/1005 |
| | | 16th April 2003 |
| Attn.: | Johan Vesteburg | |

Re: Designer Girls - Mini Pack

| Item | Description | Unit Price/FOB HK | | |
|---|---|---|---|---|
| | | 40' | 20' | LCL |
| 2012 | Mini Little Big Eye | US$0.79 | US$0.80 | US$0.83 |

Lead-time: 35 days after receipt of your confirmation





EXHIBIT ___97___

PAGE ___1309___

Confidential - Attorney's Eyes Only                                                  MGA 0885073

**EXHIBIT 98**

## EXPERT REPORT OF GLENN V. VILPPU

### I.     QUALIFICATIONS

1.     The following is an overview of my qualifications (and my full resume has additional information).

#### A.     Education

2.     I have a Bachelor of Fine Arts and Master of Fine Arts from the Art Center College of Design, which is a private college in Pasadena, California.

#### B.     Professional Experience

3.     I have worked for several studios on animation layout, storyboard, and presentation. I worked for Disney Productions in the early 1980's on films such as "The Fox and The Hound." From 1984-1988, I worked at Marvel Productions on a variety of Saturday morning shows. From 1989-1992, I worked at Warner Bros. Animation. I went from Warner Bros. to work on a European Saturday morning cartoon called "Star Street." In 1992, I went to Turner to work on a Saturday morning series on Peter Pan (unrelated to Disney's Peter Pan). In 1996, I worked at Rhythm & Hue, which involved doing drawings for the making of a sculpture of an anatomical figure. About 20 years ago, I also worked at and was co-owner of a toy company called Heaven Industries.

4.     Of particular note, I worked on the animation for the "Jem" doll cartoon series at Marvel Animation, where I also worked on "My Little Pony" and "Little People."

#### C.     Teaching Experience

5.     I have been teaching drawing for traditional animators, computer animators, and illustrators for over 45 years. In 1973, I opened my own school, the Vilppu Studio, where I taught a broad variety of subjects until 1978. I have taught at the American Animation Institute, which is part of the Animation Guild, since 1984, where I still teach classes such as "Figure Drawing for Animation," "Anatomy," and "Head Drawing." From 1992-1994, I was the acting head of the CalArts Character Animation Department. I was the Artist in Residence for the Savanna College of Art and Design from 2005-2007 and was in La Coste, France for 2007. I am currently an instructor for the Animation Masters program of UCLA's film school where I have taught for the last 10 years. I have given seminars at Ringling College of Art and Design for the last five years. For the last two years, I have given week long seminars in Denmark in their animation schools.

6.     I have also been hired by several studios to teach drawing for animators. Disney sent me around the world teaching drawing for animators from 1978-1984 and again from 1993-2001. Other studios that have hired me as a teacher include DreamWorks, Warner Bros., Industrial Light and Magic (LucasArts), and Marvel Productions.

EXHIBIT ____ 98

PAGE ____ 1370

1

CONFIDENTIAL