1  racketeering by each member of the MGA Criminal Enterprise and Bratz Criminal
2  Enterprise, is interrelated, not isolated and is perpetrated for the same or similar
3  purposes by the same persons. This activity extends over a substantial period of
4  time, up to and beyond the date of this Second Amended Answer and
5  Counterclaims. These activities occurred after the effective date of 18 U.S.C.
6  §§ 1961 *et seq.*, and the last such act occurred within 10 years after the commission
7  of a prior act of racketeering activity. These racketeering activities included
8  repeated acts of:

9        (a)   <u>Mail Fraud</u>:  Counter-defendants MGA, MGA Entertainment
10              (HK) Limited, MGA de Mexico, Larian, Bryant, Machado and
11              Does 4 through 10, aided and abetted by each other and some or
12              all of the remaining members of the MGA Criminal Enterprise,
13              having devised a scheme or artifice to defraud Mattel of its
14              confidential trade secret information and property by conversion,
15              false representations, concealment and breaches of fiduciary duty,
16              did for the purpose of furthering and executing such a scheme or
17              artifice to defraud, deposited or caused to be deposited matters or
18              things to be sent or delivered by the Postal Service, or any private
19              or commercial interstate carrier, or took or received matters or
20              things therefrom, or knowingly caused matters or things to be
21              delivered by mail or such carrier according to the direction
22              thereon, or at the place at which it is directed to be delivered by
23              the person to whom it is addressed, in violation of 18 U.S.C.
24              § 1341 and 18 U.S.C. § 2, as alleged with greater particularity in
25              the foregoing paragraphs and as evidenced by, among other
26              things, the true and correct copies of communications and other
27              evidence included in Exhibit C;
28

(b) <u>Wire Fraud</u>:  Counter-defendants MGA, MGA Entertainment
(HK) Limited, MGA de Mexico, Larian, Bryant, Machado and
Does 4 through 10, aided and abetted by each other and some or
all of the remaining members of the MGA Criminal Enterprise,
having devised a scheme or artifice to defraud Mattel of its
confidential and trade secret information and property by
conversion, false representations, concealment and breaches of
fiduciary duty, did for the purpose of furthering and executing
such a scheme or artifice to defraud, transmit and cause to be
transmitted by means of wire communications in interstate or
foreign commerce, writing, signs, signals, pictures or sound, in
violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2, as alleged with
greater particularity in the foregoing paragraphs and as evidenced
by, among other things, the true and correct copies of
communications and other evidence included in Exhibit C;

(c) <u>Tampering With a Witness, Victim or Informant</u>:  Counter-
defendants MGA, MGA Entertainment (HK) Limited, MGA de
Mexico, Larian, Bryant, Machado and Does 4 through 10, aided
and abetted by each other and some or all of the remaining
members of the MGA Criminal Enterprise, did corruptly alter,
destroy, mutilate, or conceal more than one record, document, or
other object, or attempted to do so, with the intent to impair the
object's integrity or availability for use in an official proceeding,
including this action, including without limitation by:

i.       altering Bryant's contract with MGA relating to
Bratz to conceal evidence that Bryant faxed the contract from the
BARBIE COLLECTIBLES department of Mattel, using a fax

Exhibit 21
Page 352

2154363.2

-58-

1   machine owned by Mattel and while Bryant was employed by

2   Mattel;

3         ii.    altering numerous original Bratz drawings created

4   by Bryant by adding false and misleading date notations of

5   "8/1998" and "© 8/1998" to the drawings even though the

6   drawings were not created in August 1998; and

7         iii.   destroying electronic and other evidence, including

8   by destroying evidence previously contained on Carter Bryant's

9   and Isaac Larian's computer hard drives.

10        Such actions are in violation of 18 U.S.C. § 1512 and 18

11   U.S.C. § 2, as alleged with greater particularity in the foregoing

12   paragraphs;

13   (d)  Interstate and Foreign Travel in Aid of Racketeering Enterprises:

14        Counter-defendants MGA, MGA Entertainment (HK) Limited,

15        MGA de Mexico, Larian, Bryant, Machado and Does 4 through

16        10, aided and abetted by each other and some or all of the

17        remaining members of the MGA Criminal Enterprise, traveled in

18        interstate and foreign commerce, or used the mail or any facility

19        in interstate or foreign commerce, with the intent to promote,

20        manage, establish, carry on and facilitate the promotion,

21        management, establishment and carrying on of unlawful activity,

22        *i.e.* bribery, in violation of the laws of the State of California,

23        *Cal. Penal Code* § 641.3, all in violation of 18 U.S.C. § 1952 and

24        18 U.S.C. § 2, as alleged with greater particularity in the

25        foregoing paragraphs;

26   (e)  Criminal Copyright Infringement: Counter-defendants MGA,

27        MGA Entertainment (HK) Limited, MGA de Mexico, Larian,

28        Bryant, Machado and Does 4 through 10, aided and abetted by

Exhibit 21
Page 853

2154363.2

-59-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

1          each other and some or all of the remaining members of the MGA

2          Criminal Enterprise, willfully infringed Mattel's copyrights,

3          including with respect to documents containing Mattel trade

4          secret and confidential information, for purposes of commercial

5          advantage and private financial gain, all in violation of 18 U.S.C.

6          § 2319(a) and 17 U.S.C. § 506(a)(1)(A), as alleged with greater

7          particularity in the foregoing paragraphs.

8       94.   The persons alleged herein to have violated 18 U.S.C. § 1962(c)

9  are separate from, though employed by or associated with, MGA, the MGA Group,

10  the Bryant Group, the Mexican Group and the Canadian Group.

11       95.   MGA had a role in the racketeering activity that was distinct

12  from the undertaking of those acting on its behalf.  MGA also attempted to benefit,

13  and did benefit, from the activity of its employees and agents alleged herein, and

14  thus was not a passive victim of racketeering activity, but an active perpetrator.

15       96.   Mattel has been injured in its business or property as a direct

16  and proximate result of the Counter-defendants' and the other enterprise members'

17  violations of 18 U.S.C. § 1962(c), including injury by reason of the predicate acts

18  constituting the pattern of racketeering activity.

19       97.   As a result of the violations of 18 U.S.C. § 1962(c), by MGA,

20  MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado,

21  Does 4 through 10, Brawer, Trueba, Vargas, Brisbois and the Other Former

22  Employees, Mattel has suffered substantial damages, in an amount to be proved at

23  trial.  Pursuant to 18 U.S.C. § 1964(c), Mattel is entitled to recover treble its

24  general and special compensatory damages, plus interest, costs and attorneys, fees,

25  incurred by reason of Counter-defendants' violations of 18 U.S.C. § 1962(c).

26

27

28

Exhibit 21
Page 354
-60-

2154363.2

SECOND AMENDED ANSWER AND COUNTERCLAIMS

1

2

3

4

5

**Third Counterclaim**

**Conspiracy To Violate the Racketeer**

**Influenced And Corrupt Organizations Act**

**(18 U.S.C. §§ 1962(d) and 1964(c))**

**(Against All Counter-defendants)**

6       98.   Mattel repeats and realleges each and every allegation set forth in

7    paragraphs 1 through 97, above, as though fully set forth at length.

8       99.   Beginning at various times from approximately 1999 through the

9    filing of this Second Amended Answer and Counterclaims, in the Central District

10   of California and elsewhere, Counter-defendants MGA, MGA Entertainment (HK)

11   Limited, MGA de Mexico, Larian, Bryant, Machado, Does 4 through 10, and

12   Brawer, Trueba, Vargas, Brisbois and the Other Former Employees willfully,

13   knowingly and unlawfully, did conspire, combine, confederate and agree together

14   to violate 18 U.S.C. § 1962(c).

15       100. These conspirators were employed by and associated-in-fact with

16   the MGA Criminal Enterprise engaging in, and the activities of which affect,

17   interstate and foreign commerce. Specifically, the MGA Group, the Bryant Group,

18   the Mexican Group and the Canadian Group, constituting a group of individuals

19   associated-in-fact, did unlawfully, willfully, and knowingly participate in and

20   conduct, directly and indirectly, the MGA Criminal Enterprise's affairs through a

21   pattern of racketeering activity. In addition, MGA, MGA Entertainment (HK)

22   Limited, Larian and Bryant, and certain of the Doe Counter-defendants,

23   constituting a group of individuals associated-in-fact, did unlawfully, willfully, and

24   knowingly participate in and conduct, directly and indirectly, the Bratz Criminal

25   Enterprise's affairs through a pattern of racketeering activity.

26       101. The pattern of racketeering activity, as defined by 18 U.S.C.

27   §§ 1961(1) and (5), including acts of mail fraud in violation of 18 U.S.C. § 1341

28   and 18 U.S.C. § 2; acts of wire fraud in violation of 18 U.S.C. § 1343 and 18

Exhibit 21
Page 355

-61-

1    U.S.C. § 2; acts of tampering with witnesses, victims or informants in violation of

2    18 U.S.C. § 1512 and 18 U.S.C. § 2; acts of interstate and foreign travel in aid of

3    racketeering enterprises in violation of 18 U.S.C. § 1952 and 18 U.S.C. § 2; and

4    acts of criminal copyright infringement in violation of 18 U.S.C. § 2319(a) and 17

5    U.S.C. § 506(a)(1)(A).

6        102.  Counter-defendants and the other members of the MGA Criminal

7    Enterprise schemed to defraud Mattel and steal its property and trade secret

8    information by means of false representation, breaches of fiduciary duty,

9    conversation and concealment, as more fully set forth in the foregoing paragraphs.

10        103.  In furtherance of this unlawful conspiracy, and to effect its

11    objectives, Counter-defendants and various co-conspirators committed numerous

12    overt acts, including but not limited to those set forth in the foregoing paragraphs.

13        104.  Mattel has been injured in its business or property as a direct and

14    proximate result of the Counter-defendants' and the other enterprise members'

15    violations of 18 U.S.C. § 1962(d), including injury by reason of the predicate acts

16    constituting the pattern of racketeering activity.

17        105.  As a result of the conspiracies between and among all Counter-

18    defendants and the other conspirators to violate 18 U.S.C. § 1962(c), Mattel has

19    suffered substantial damages, in an amount to be proved at trial. Pursuant to 18

20    U.S.C. § 1964(c), Mattel is entitled to recover treble its general and special

21    compensatory damages, plus interest, costs and attorneys, fees, incurred by reason

22    of Counter-defendants' violations of 18 U.S.C. § 1962(d).

23                    **Fourth Counterclaim**

24              **Misappropriation of Trade Secrets**

25        **(Against Counter-defendants MGA, MGA de Mexico,**

26            **Larian, Machado and Does 4 through 10)**

27        106.  Mattel repeats and realleges each and every allegation set forth in

28    paragraphs 1 through 105, above, as though fully set forth at length.

Exhibit 21
Page 356
-62-

21543\63.2

SECOND AMENDED ANSWER AND COUNTERCLAIMS

1    107. As used herein, "Trade Secret Material" shall mean the

2    documents, materials and information stolen by Machado, Trueba, Vargas,

3    Brisbois, the Other Former Employees, and other persons acting for, on behalf of or

4    at the direction of MGA and/or Larian. Prior to their theft by Counter-defendants,

5    the Trade Secret Materials gave Mattel a significant competitive advantage over its

6    existing and would-be competitors, including MGA. This advantage, as to MGA,

7    has now been compromised as a result of Counter-defendants' unlawful activities.

8    108. Mattel made reasonable efforts under the circumstances to

9    maintain the confidentiality of the Trade Secret Materials, including by having

10   employees and consultants who may have access the Trade Secret Materials sign

11   confidentiality agreements that oblige them not to disclose the Trade Secret

12   Materials or characteristics of the Trade Secret Materials; by limiting the

13   circulation of said materials within Mattel; by protecting and limiting access to

14   computers with log-in identifications and passwords; by limiting each employee's

15   access to electronic files to those that the particular employee needs to access; by

16   educating employees on the nature of Mattel's information that is confidential and

17   proprietary; and by reminding employees on a regular and periodic basis of their

18   obligation to protect and maintain Mattel's confidential and proprietary

19   information.

20   109. Mattel's Trade Secret Materials derive independent economic

21   value from not being generally known to the public or to other persons who can

22   obtain economic benefit from their disclosure.

23   110. Counter-defendants have illegally obtained the trade secret

24   materials, as set forth above, and through other means of which Mattel is presently

25   unaware.

26   111. Counter-defendants have used and disclosed Mattel's Trade

27   Secret Materials without Mattel's consent and without regard to Mattel's rights, and

28

Exhibit 21
Page 357

4363.2

-63-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

1  without compensation, permission, or licenses for the benefit of themselves and
2  others.

3       112. Counter-defendants' conduct was, is, and remains willful and
4  wanton, and was taken with blatant disregard for Mattel's valid and enforceable
5  rights.

6       113. Counter-defendants' wrongful conduct has caused and, unless
7  enjoined by this Court, will continue in the future to cause irreparable injury to
8  Mattel. Mattel has no adequate remedy at law for such wrongs and injuries. Mattel
9  is therefore entitled to a permanent injunction restraining and enjoining Counter-
10  defendants, and each of them, as well as their agents, servants, and employees, and
11  all persons acting thereunder, in concert with, or on their behalf, from further using
12  in any manner Mattel's trade secrets.

13       114. In addition, as a proximate result of Counter-defendants'
14  misconduct, Mattel has suffered actual damages, and Counter-defendants have been
15  unjustly enriched.

16       115. The aforementioned acts of the Counter-defendants were willful
17  and malicious, including in that Counter-defendants misappropriated Mattel's trade
18  secrets with the deliberate intent to injure Mattel's business and improve their own.
19  Mattel is therefore entitled to enhanced damages. Mattel is also entitled to
20  reasonable attorney's fees.

21                 **Fifth Counterclaim**
22                 **Breach of Contract**
23                 **(Against Bryant)**

24       116. Mattel repeats and realleges each and every allegation set forth in
25  paragraphs 1 through 115, above, as though fully set forth at length.

26       117. Pursuant to his Employment Agreement, Bryant agreed that he
27  would not, without Mattel's express written consent, engage in any employment or
28  business other than for Mattel or assist in any manner any business competitive

Exhibit 21
Page 358

2154363.2

1  with the business or future business plans of Mattel during his employment with
2  Mattel. Pursuant to his Mattel Employment Agreement, Bryant further assigned to
3  Mattel all right, title and interest in "inventions," including without limitation
4  "designs" and other works that he conceived, created or reduced to practice during
5  his employment by Mattel. In addition, pursuant to the Conflict Questionnaire,
6  Bryant certified that, other than as disclosed, he had not worked for any competitor
7  of Mattel and had not engaged in any business venture or transaction involving a
8  Mattel competitor that could be construed as a conflict of interest. Bryant further
9  promised that he would notify his supervisor immediately of any change in his
10 situation that would cause him to change any of the foregoing certifications or
11 representations.

12        118. The Employment Agreement and the Conflict Questionnaire are
13 valid, enforceable contracts, and Mattel has performed each and every term and
14 condition of the Employment Agreement and Conflict Questionnaire required to be
15 performed by Mattel.

16        119. Bryant materially breached the foregoing contracts with Mattel,
17 in that, among other things, he secretly aided, assisted and worked for a Mattel
18 competitor during his employment with Mattel without the express written consent
19 of Mattel.

20        120. As a consequence of Bryant's breach, Mattel has suffered and
21 will, in the future, continue to suffer damages in an amount to be proven at trial.
22 Such damages include, without limitation, the amounts paid by the competitor to
23 Bryant during his Mattel employment; the amounts paid by MGA to Bryant during
24 his Mattel employment; the amount that Mattel paid Bryant during the time he
25 wrongfully worked with MGA; the value of information and intellectual property
26 owned by Mattel which Bryant provided to MGA; the value of the benefits that
27 MGA obtained from Bryant during the time he was employed by Mattel; and the
28

Exhibit 21
Page 359
-65-

2154363.2

1  value of the benefits that MGA obtained from Bryant as a result of the work he

2  performed for or with MGA during his Mattel employment.

3      121. Bryant's conduct has caused, and unless enjoined will continue to

4  cause, irreparable injury to Mattel that cannot be adequately compensated by

5  money damages and for which Mattel has no adequate remedy at law.  Bryant

6  specifically acknowledged in his Employment Agreement that his breach of the

7  Agreement "likely will cause irreparable harm" to Mattel and that Mattel "will be

8  entitled to injunctive relief to enforce this Agreement, in addition to damages and

9  other available remedies."  Accordingly, Mattel is entitled to orders mandating

10  Bryant's specific performance of his contracts with Mattel and restraining Bryant

11  from further breach.

**Sixth Counterclaim**

**Intentional Interference with Contract**

**(Against MGA, Larian and Does 4 through 10)**

15      122. Mattel repeats and realleges each and every allegation set forth in

16  paragraphs 1 through 121, above, as though fully set forth at length.

17      123. Valid agreements existed between Mattel and Bryant, Brawer,

18  Machado, Trueba, Vargas, Brisbois and the Other Former Employees (collectively,

19  the "Mattel Employees")

20      124. At all times herein mentioned, MGA, Larian and Does 4 through

21  10 knew that the Mattel Employees had a duty under their agreements not to work

22  for or assist any competitor of Mattel, such as MGA.  In addition, at all times

23  mentioned herein, MGA, Larian and Does 4 through 10 knew that Bryant had

24  assigned to Mattel, and was obligated to disclose to Mattel all inventions, including

25  designs and other works, created, conceived or reduced to practice during their

26  employment with Mattel.

1         125. Despite such knowledge, Counter-defendants MGA, Larian and

2   Does 4 through 10 intentionally and without justification solicited, induced and

3   encouraged the Mattel Employees to breach their contracts with Mattel.

4         126. As a direct and proximate result of Counter-defendants' efforts

5   and inducements, the Mattel Employees did breach their contracts with Mattel.

6         127. As a result of said breaches, Mattel has suffered damages and

7   will imminently suffer further damages, including the loss of its competitive

8   position and lost profits, in an amount to be proven at trial.

9         128. Counter-defendants performed the aforementioned conduct with

10  malice, fraud and oppression, and in conscious disregard of Mattel's rights.

11  Accordingly, Mattel is entitled to recover exemplary damages from Counter-

12  defendants in an amount to be determined at trial.

13                  **Seventh Counterclaim**

14             **Breach of Fiduciary Duty**

15          **(Against Bryant and Machado)**

16        129. Mattel repeats and realleges each and every allegation set forth in

17  paragraphs 1 through 128, above, as though fully set forth at length.

18        130. Bryant and Machado held positions of trust and confidence with

19  Mattel. In their positions, Bryant and Machado had access to and were entrusted

20  with Mattel's proprietary and confidential information, supervised the work of

21  others, exercised discretion and worked independently in many of their job

22  assignments and duties. In their positions, Bryant and Machado also represented

23  Mattel in its dealings with third parties and, in actions in the course and scope of

24  their employment with Mattel, were agents of Mattel. They confirmed their

25  relationship of trust with Mattel in respective employee agreements. Bryant and

26  Machado thus owed Mattel a fiduciary duty that included, but was not limited to,

27  an obligation not to take any action that would be contrary to Mattel's best interests

28

1 | or that would deprive Mattel of any opportunities, profit or advantage which Bryant
2 | or Machado might bring to Mattel.

3 |      131. Bryant breached his fiduciary duty to Mattel in that, while
4 | employed by Mattel, he secretly aided and assisted a competitor of Mattel,
5 | including without limitation by entering into an agreement with a Mattel
6 | competitor. As alleged above, Bryant also breached the aforementioned duty by
7 | using Mattel property and resources for the benefit of, and to aid and assist, himself
8 | personally and MGA.

9 |      132. Machado breached his fiduciary duty to Mattel, in that while
10 | employed by Mattel, he secretly aided and assisted a competitor of Mattel by,
11 | among other things, misappropriating Mattel trade secret and proprietary
12 | information and providing said information to officers of MGA. Machado also
13 | breached the aforementioned duty by using Mattel property and resources for the
14 | benefit of, and to aid and assist, himself personally and MGA.

15 |      133. As a direct and proximate result of Counter-defendants' wrongful
16 | conduct, Mattel·has incurred damages in an amount to be determined at trial.

17 |      134. Counter-defendants acted with malice, fraud and oppression, and
18 | in conscious disregard of Mattel's rights. Accordingly, Mattel is entitled to an
19 | award of exemplary damages against Counter-defendants in an amount to be
20 | determined at trial.

21 |      135. Furthermore, Counter-defendants' conduct has caused, and unless
22 | enjoined will continue to cause, irreparable injury to Mattel that cannot be
23 | adequately compensated by money damages and for which Mattel has no adequate
24 | remedy at law. Accordingly, Mattel is entitled to an order restraining further
25 | breach of Bryant's fiduciary duty to Mattel and/or restraining Counter-defendants
26 | from continuing to benefit from such breach.

27

28

Exhibit 21
Page 362

**Eighth Counterclaim**

**Aiding and Abetting Breach of Fiduciary Duty**

**(Against MGA, Larian and Does 4 through 10)**

136.  Mattel repeats and realleges each and every allegation set forth in paragraphs 1 through 135, above, as though fully set forth at length.

137.  At all times herein mentioned, MGA, Larian and Does 4 through 10 knew that Bryant held a position of trust and confidence at Mattel.  At all times herein mentioned, MGA, Larian and Does 4 through 10 knew that Bryant owed a fiduciary duty to Mattel not to take any action that would be contrary to Mattel's best interests, including but not limited to secretly developing and designing Bratz while employed by Mattel and by secretly assisting Larian and MGA .

138.  At all times herein mentioned, MGA, Larian and Does 4 through 10 knew that the Mattel Employees (excluding Bryant) held positions of trust and confidence at Mattel.  At all times herein mentioned, MGA, Larian and Does 4 through 10 knew that the Mattel Employees (excluding Bryant) owed a fiduciary duty to Mattel not to take any action that would be contrary to Mattel's best interests, including but not limited to taking confidential trade secret information from Mattel's premises and providing that information to a competitor.

139.  Despite such knowledge, Counter-defendants MGA, Larian and Does 4 through 10 intentionally and without justification solicited, encouraged, aided and abetted and gave substantial assistance to the Mattel Employees to breach their fiduciary duties to Mattel, knowing that their conduct would constitute breaches of their fiduciary duties to Mattel.

140.  As a direct and proximate result of Counter-defendants' efforts, the Mattel Employees did breach their fiduciary duties to Mattel and Mattel has incurred damages in an amount to be proven at trial.  Mattel, therefore, is entitled to recover compensatory damages in an amount to be determined at trial.

Exhibit 21
Page 363

-69-

2154363.2

SECOND AMENDED ANSWER AND COUNTERCLAIMS

141. In taking the aforesaid actions, MGA, Larian and Does 4 through
10 acted with malice, fraud and oppression, and in conscious disregard of Mattel's
rights. Accordingly, Mattel is entitled to recover exemplary damages from
Counter-defendants in an amount to be determined at trial.

### Ninth Counterclaim

### Breach of Duty of Loyalty

### (Against Bryant and Machado)

142. Mattel repeats and realleges each and every allegation set forth in
paragraphs 1 through 141, above, as though fully set forth at length.

143. As employees of Mattel, Bryant and Machado owed a duty of
undivided loyalty to Mattel. Pursuant to this duty, Bryant and Machado could not
compete with Mattel or assist a competitor of Mattel during their employment with
Mattel. Pursuant to this duty, Bryant and Machado were required to always give
preference to Mattel's business over their own, similar interests during the course of
their employment with Mattel.

144. Bryant and Machado breached their duty of loyalty to Mattel in
that, while employed by Mattel, they secretly aided, assisted and worked for a
competitor of Mattel, including without limitation by entering into agreements with
a Mattel competitor. As alleged above, they also breached the aforementioned duty
by using Mattel property and resources for the benefit of, and to aid and assist,
themselves personally and the competitor of Mattel.

145. As a direct and proximate result of Counter-defendants' wrongful
conduct, Mattel has incurred damages in an amount to be determined at trial.

146. Counter-defendants acted with malice, fraud and oppression, and
in conscious disregard of Mattel's rights. Accordingly, Mattel is entitled to an
award of punitive damages against Counter-defendants in an amount to be
determined at trial.

Exhibit 21
Page 364

!154363.2

SECOND AMENDED ANSWER AND COUNTERCLAIMS

1    147. Furthermore, Counter-defendants' conduct has caused, and unless

2  enjoined will continue to cause, irreparable injury to Mattel that cannot be

3  adequately compensated by money damages and for which Mattel has no adequate

4  remedy at law. Accordingly, Mattel is entitled to an order restraining further

5  breach of Counter-defendants' duty of loyalty to Mattel and/or restraining Counter-

6  defendants from continuing to benefit from such breach.

7    148. In breaching their duty of loyalty to Mattel, Bryant and Machado

8  acted with malice, fraud and oppression, and in conscious disregard of Mattel's

9  rights. Accordingly, Mattel is entitled to recover exemplary damages from

10  Counter-defendants in an amount to be determined at trial.

11                              **Tenth Counterclaim**

12                **Aiding and Abetting Breach of Duty of Loyalty**

13                **(Against MGA, Larian and Does 4 through 10)**

14    149. Mattel repeats and realleges each and every allegation set forth in

15  paragraphs 1 through 148, above, as though fully set forth at length.

16    150. MGA, Larian and Does 4 through 10 knew that Bryant, as an

17  employee of Mattel, owed a duty of loyalty to his employer. MGA, Larian and

18  Does 4 through 10 knew that this duty included an obligation on the part of Bryant

19  not to compete with Mattel or assist a competitor of Mattel during the term of his

20  employment with Mattel. MGA, Larian and Does 4 through 10 also knew that

21  Bryant was required to give preference to Mattel's business over his own, similar

22  interests or those of Mattel's competitors. or those of Mattel's competitors during

23  the course of his employment with Mattel.

24    151. MGA, Larian and Does 4 through 10 knew that the Mattel

25  Employees (excluding Bryant) were employed by Mattel, and, as employees of

26  Mattel, that they owed duties of loyalty to Mattel. MGA, Larian and Does 4

27  through 10 knew that these duties included an obligation on the part of the Mattel

28

Exhibit 21
Page 365

2154363.2

-71-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

1  Employees (excluding Bryant) not to compete with Mattel or assist a competitor of
2  Mattel during their Mattel employment.

3      152. Despite such knowledge, Counter-defendants MGA, Larian and
4  Does 4 through 10 intentionally and without justification solicited, encouraged,
5  aided and abetted and gave substantial assistance to the Mattel Employees to
6  breach their duties of loyalty to Mattel, knowing that their conduct would constitute
7  breaches of their duties of loyalty to Mattel.

8      153. As a further consequence of Counter-defendants' efforts, Mattel
9  has suffered injury and is entitled to compensatory damages in an amount to be
10 proven at trial.

11     154. In taking the aforesaid actions, MGA, Larian and Does 4 through
12 10 acted with malice, fraud and oppression, and in conscious disregard of Mattel's
13 rights. Accordingly, Mattel is entitled to recover exemplary damages from
14 Counter-defendants in an amount to be determined at trial.

15                    **Eleventh Counterclaim**
16                         **Conversion**
17                 **(Against All Counter-defendants)**

18     155. Mattel repeats and realleges each and every allegation set forth in
19 paragraphs 1 through 154, above, as though fully set forth at length.

20     156. Counter-defendants wrongfully converted Mattel property and
21 resources by appropriating and using them for their own benefit and gain and for
22 the benefit and gain of others, without the permission of Mattel.

23     157. Mattel was entitled to, among other things, the exclusive right
24 and enjoyment in property and tangible materials owned by Mattel, including
25 without limitation such proper and materials that were created by Bryant while he
26 was a Mattel product designer. Such property was taken by Bryant from Mattel to
27 further his own interests and, in at least some instances, provided by Bryant to
28 Larian and MGA in furtherance of the interests of Bryant, Larian and MGA.

Exhibit 21
Page 366

1    158. In addition, Counter-defendants wrongfully converted Mattel's

2  property by removing the Trade Secret Materials in electronic and paper form from

3  Mattel's offices. Counter-defendants did so without Mattel's permission and

4  continue to possess them.

5    159. As a direct and proximate result of Counter-defendants' wrongful

6  conversion of Mattel property, including those relating to Bratz and Mattel's Trade

7  Secret Materials, Mattel has incurred damages. Mattel, therefore, is entitled to

8  recover compensatory damages in an amount to be determined at trial.

9    160.   As a result of Counter-defendants' acts of conversion, Mattel is

10  entitled to damages in an amount sufficient to indemnify Mattel for the loss

11  suffered, which is not measured by the value of the property misappropriated, but

12  includes the lost profits that Mattel suffered as a result of the conversion or,

13  alternatively, the profits generated by the Counter-defendants that would not have

14  been generated but for the conversion. Only such a measure of damages would

15  fully and fairly compensate Mattel for the injury it suffered due to Counter-

16  defendants' acts of conversion.

17    161. Counter-defendants performed the aforementioned conduct with

18  malice, fraud and oppression, and in conscious disregard of Mattel's rights.

19  Accordingly, Mattel is entitled to recover exemplary damages from Counter-

20  defendants in an amount to be determined at trial.

21    162. Furthermore, Counter-defendants' conduct has caused, and unless

22  enjoined will continue to cause, irreparable injury to Mattel that cannot be

23  adequately compensated by money damages and for which Mattel has no adequate

24  remedy at law. Accordingly, Mattel is entitled to an order restraining Counter-

25  defendants from further conversion of Mattel property and resources and/or

26  restraining Counter-defendants from continuing to benefit from such conversion.

27

28

Exhibit 21
Page 367
-73-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

2154363.2

## Twelfth Counterclaim

## Unfair Competition

### (Common Law and *Cal. Bus. & Prof. Code* § 17200)

### (Against All Counter-defendants)

163. Mattel repeats and realleges each and every allegation set forth in paragraphs 1 through 162, above, as though fully set forth at length.

164. Section 17200 of the California Business and Professions Code prohibits unfair competition, including "any unlawful, unfair or fraudulent business act or practice . . . ."

165. By engaging in the foregoing conduct, Counter-defendants have, individually and in combination, engaged in unlawful, unfair and/or fraudulent acts of unfair competition in violation of both the common law of the state of California and *Cal. Bus. & Prof. Code* § 17200 *et seq.* Such conduct included, without limitation, MGA's commercial bribery of Bryant in violation of *Cal. Penal Code* § 641.3 and misappropriation of trade secrets in violation of 18 U.S.C. § 1832(a). Such conduct also included, without limitation, MGA's and Larian's disparagement of Mattel's products and misrepresentations as alleged above.

166. As a result of the aforementioned conduct, Mattel has suffered damages and will imminently suffer further damages, including but not limited to lost profits in an amount to be proven at trial. No adequate remedy at law exists for the wrongs and injuries Mattel has suffered and will continue to suffer, and Mattel is entitled to an injunction enjoining Counter-defendants' continued wrongful acts. Mattel is also entitled to recover compensatory and exemplary damages pursuant to the doctrine of common law unfair competition and *Cal. Civ. Code* § 3294.

Exhibit 21
Page 368
-74-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

21543632

## Thirteenth Counterclaim

### Declaratory Relief

### (Against All Counter-defendants)

167. Mattel repeats and realleges each and every allegation set forth in paragraphs 1 through 166, above, as though fully set forth at length.

168. As shown in the foregoing paragraphs above, an actual controversy exists between Mattel and Counter-defendants regarding Counter-defendants' lack of ownership interests in Bratz and Mattel's rights in the same.

169. Accordingly, Mattel seeks a declaration of the Court that Counter-defendants have no valid or protectable ownership rights or interests in Bratz, and that Mattel is the true owner of the same, and further seeks an accounting and imposition of a constructive trust over Bratz, including without limitation registrations and applications for registrations relating thereto made or filed by Counter-defendants and third parties, and over all revenues and other monies or benefits derived or obtained from MGA's and Bryant's purported ownership, use, sale, distribution and licensing of Bratz.

170. Mattel seeks a declaration of the Court that any and all agreements between Bryant, on the one hand, and MGA, on the other hand, in which Bryant purports to assign to MGA any right, title or interests in any work that he conceived, created or reduced to practice while a Mattel employee, including but not limited to the Bratz designs, is void and of no effect, including without limitation because Bryant had previously assigned said right, title or interest to Mattel and because Mattel was otherwise the owner of said right, title or interest.

### Prayer for Relief

WHEREFORE, Mattel respectfully requests judgment:

1. For a declaration that Counter-defendants have no valid or protectable ownership interests or rights in Bratz designs and works conceived,

1  created or reduced to practice by Bryant during the term of his Mattel employment
2  and/or by any others then-employed by Mattel, as well as in all derivatives
3  prepared therefrom, and that Mattel is the true owner of the foregoing;
4      2.    For a declaration that any agreement between Bryant, on the one
5  hand, and MGA or any person or entity, on the other hand, in which Bryant
6  purported to assign any right, title or interests in any work that he conceived,
7  created or reduced to practice while a Mattel employee, including but not limited to
8  the Bratz designs, is void and of no effect;
9      3.    For an Order enjoining and restraining Counter-defendants, their
10  agents, servants and employees, and all persons in active concert or participation
11  with them, from further wrongful conduct, including without limitation from
12  imitating, copying, distributing, importing, displaying, preparing derivatives from
13  and otherwise infringing Mattel's copyright-protected works;
14      4.    For an Order, pursuant to 17 U.S.C. § 503(a) and other
15  applicable law, impounding all of Counter-defendants' products and materials that
16  infringe Mattel's copyrights, as well as all plates, molds, matrices and other articles
17  by which copies of the works embodied in Mattel's copyrights may be reproduced
18  or otherwise infringed;
19      5.    For an Order mandating that Counter-defendants return to Mattel
20  all tangible items, documents, designs, diagrams, sketches or any other
21  memorialization of inventions created or reduced to practice during Bryant's
22  employment with Mattel as well as all Mattel property converted by Counter-
23  defendants;
24      6.    For an Order mandating specific performance by Bryant to
25  comply with and satisfy Bryant's contractual obligations to Mattel;
26      7.    That Mattel be awarded, and Counter-defendants be ordered to
27  disgorge, all payments, revenues, profits, monies and royalties and any other
28  benefits derived or obtained as a result of the conduct alleged herein, including

-76-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

Exhibit 21
Page 370

1 | without limitation of all revenues and profits attributable to Counter-defendants'
2 | infringement of Mattel's copyrights under 17 U.S.C. § 504;

3 |     8.   For an accounting of all profits, monies and/or royalties from the
4 | exercise of ownership, use, distribution, sales and licensing of Bratz;

5 |     9.   For the imposition of a constructive trust over Bratz, including
6 | without limitation registrations and applications for registrations relating thereto
7 | made or filed by Counter-defendants and third parties, and all profits, monies,
8 | royalties and any other benefits derived or obtained from Counter-defendant's
9 | exercise of ownership, use, sale, distribution and licensing of Bratz;

10 |     10.   That Mattel recover its actual damages and lost profits;

11 |     11.   That Counter-defendants be ordered to pay exemplary damages
12 | in a sum sufficient to punish and to make an example of them, and deter them and
13 | others from similar wrongdoing;

14 |     12.   That Counter-defendants be ordered to pay treble its general and
15 | special damages, plus interest, costs and attorney's fees incurred by reason of
16 | Counter-defendants' violations of 18 U.S.C. §§ 1962(c)-(d).

17 |     13.   That Counter-defendants be ordered to pay double damages due
18 | to their willful and malicious misappropriation of Mattel's trade secrets with
19 | deliberate intent to injure Mattel's business and improve its own;

20 |     14.   That Counter-defendants pay to Mattel the full cost of this action
21 | and Mattel's attorneys' and investigators' fees; and

Exhibit 21
Page 371
2154363.2
-77-
SECOND AMENDED ANSWER AND COUNTERCLAIMS

1      15.   That Mattel have such other and further relief as the Court may

2   deem just and proper.

3

4   DATED:  July 12, 2007            QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
5

6                                    By _____

7                                       John B. Quinn
                                        Attorneys for Defendant and Counter-
8                                       claimant Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEMAND FOR JURY TRIAL**

2

3          Mattel, Inc. respectfully requests a jury trial on all issues triable

4    thereby.

5

6    DATED:  July 12, 2007                QUINN EMANUEL URQUHART OLIVER &
                                          HEDGES, LLP
7

8                                    By _____
                                          John B. Quinn
9                                         Attorneys for Defendant and Counter-
                                          claimant Mattel, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2154363.2

-79-

SECOND AMENDED ANSWER AND COUNTERCLAIMS

Exhibit 21
Page 373

1
## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is Now Legal Service,
3 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4      On April 28, 2008, I served true copies of the following document(s) described as
**DECLARATION OF MELISSA GRANT IN SUPPORT OF MATTEL, INC.'S MOTION**
5 **OBJECTING TO PORTIONS OF DISCOVERY MASTER'S APRIL 14, 2008 ORDER**
**DENYING MOTION TO COMPEL PRODUCTION IN RESPONSE TO MATTEL'S**
6 **FIFTH SET OF REQUESTS FOR PRODUCTION** on the parties in this action as follows:

7    Thomas J. Nolan                         Mark E. Overland
     **Skadden, Arps, Slate, Meagher & Flom**    David C. Scheper
8    **LLP**                                 Alexander H. Cote
     300 South Grand Ave., Ste. 3400          **Overland Borenstein Scheper & Kim**
9    Los Angeles, CA 90071                    **LLP**
                                             601 West Fifth Street, 12th Floor
10                                           Los Angeles, CA 90017

11

12    John W. Keker, Esq.
      Michael H. Page, Esq.
      Christina M. Anderson, Esq.
13    **Keker & Van Nest, LLP**
      710 Sansome Street
14    San Francisco, CA 94111

15 **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)
being served.
16
      I declare that I am employed in the office of a member of the bar of this Court at whose
17 direction the service was made.

18      Executed on April 28, 2008, at Los Angeles, California.

19

20      _____
        NOW LEGAL -- Dave Quintana
21

22

23

24

25

26

27

28

07209/2442344.1

quinn emanuel