**Exhibit 1**

1 | Hon. Edward A. Infante (Ret.)
  | JAMS
2 | Two Embarcadero Center
  | Suite 1500
3 | San Francisco, California  94111
  | Telephone:     (415) 774-2611
4 | Facsimile:     (415) 982-5287

5

6

7

8 |                UNITED STATES DISTRICT COURT

9 |              CENTRAL DISTRICT OF CALIFORNIA

10 |                    EASTERN DIVISION

11

12 | CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
13 |
              Plaintiff,
14 |                                        Consolidated with
          v.                               Case No. CV 04-09059
15 |                                        Case No. CV 05-2727
     MATTEL, INC., a Delaware corporation,
16 |                                        ORDER GRANTING IN PART AND
              Defendant.                    DENYING IN PART MATTEL'S
17 |                                        MOTION TO COMPEL PRODUCTION
                                            OF DOCUMENTS BY ISAAC LARIAN;
18 |                                        DENYING REQUEST FOR
                                            SANCTIONS
19 |

20 | CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
21 | MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.
22 |

23 |                         I. INTRODUCTION
24 |
          On October 11, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Compel Production
25 |
     of Documents by Isaac Larian and for Award of Monetary Sanctions."  Specifically, Mattel seeks
26 |
     an order compelling Isaac Larian ("Larian") to produce documents responsive to Mattel's First
27 |
     Set of Requests for Documents and Things, including, without limitation, Request Nos. 1, 2, 13,
28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12-31

EXHIBIT ___1___

PAGE ___6___

1  15, 32, 33, 35, 41, 61-76, 79-101, 113-115, 123-125, 139-146, 178, 180, 181, 190-192, 194-199,

2  207-209, 213, 221-225, 227-228, 269, 272 and 273 and a privilege log identifying all documents

3  withheld based on any claimed privilege. Mattel also seeks an award of sanctions against Larian

4  in the amount of $4,500, which represents a portion of the costs incurred by Mattel in bringing

5  this motion. Larian submitted an opposition on December 5, 2007.[1] Mattel submitted a reply on

6  December 10, 2007. The matter was heard on December 14, 2007. Having considered the

7  motion papers and comments of counsel at the hearing, Mattel's motion to compel is granted in

8  part and denied in part, and the request for sanctions is denied.

## II. BACKGROUND

9      On June 13, 2007, Mattel propounded its First Set of Requests for Production of

10 Documents and Things to Larian, the CEO and majority owner of MGA. On August 6, 2007,

11 Larian filed his initial responses and objections. The parties met and conferred, and on September

12 25, 2007, Larian served supplemental responses and objections.

13     Mattel filed the instant motion on October 11, 2007 seeking further responses to 87 of the

14 276 Requests. The parties met and conferred further, and Larian ultimately agreed to provide

15 further responses to 55 of the disputed 87 Requests. Specifically, Larian agreed to supplement his

16 responses and to produce documents responsive to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-

17 76, 82-101, 139-146, 213, 221 and 223, "to include documents, if any, in his personal files that

18 have not previously been produced." MGA's Opposition at pp. 1-2.

19     The remaining 32 Requests at issue can be grouped into ten categories: (1) personal

20 financial data; (2) communications with Mattel employees; (3) statements to the media; (4)

21 telephone records; (5) storage devices; (6) Carter Bryant's ("Bryant") storage devices; (7) market

22 research concerning products not at issue; (8) Bryant's attorney and niece; (9) the Larian brother's

23 arbitration; and (10) MGA Hong Kong and MGA Mexico.

24 //

---

26  [1] Mattel filed an Objection to Larian's Opposition and Response to Mattel's Separate Statement, asserting that the submissions should

27  not be considered because they are untimely and because the Response to Mattel's Separate Statement fails to set forth a complete and verbatim statement of Mattel's position. The Objection is overruled because Mattel has not been prejudiced and because of the court's preference to resolve Mattel's motion on the merits.

28  Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

2

**EXHIBIT** 1

**PAGE** 7

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000) (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for the phrase "subject matter involved in the pending action," were intended to prevent discovery that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly litigate the issues presented by the pleadings but to develop new claims or defenses.).

Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or extent of use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

### The 55 Requests Resolved During Meet and Confer Session

During the meet and confer session held after the instant motion was filed, Larian agreed to produce documents responsive to 55 requests. In his Opposition brief, Larian states that the 55 requests are no longer in dispute.

Nevertheless, a court order compelling production is warranted for two reasons. First, Larian has not yet produced documents responsive to the 55 requests or provided a date by which

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___1___

PAGE ___8___

3

1  he will do so.  Second, Larian's agreement to produce responsive documents is apparently limited

2  to documents from his so-called "personal files."  <u>See</u> Opposition at 2:2-3.

3       Mattel's counsel "never agreed that Larian could limit his response to the above requests

4  to documents in his 'personal files' and Larian's counsel did not state that Larian would limit his

5  response to documents in Larian's 'personal files.'"  Supp. Decl. of Scott B. Kidman.

6  Furthermore, the limitation to "personal files" suggested by Larian is contrary to Rule 34,

7  Fed.R.Civ.P, which imposes a duty to produce responsive documents within the responding

8  parties' "possession, custody or control."  The limitation is also unworkable because, as Mattel

9  points out, it "would create a situation by which responsive and highly relevant documents might

10  never be produced because MGA, on the one hand, deems [a] document to belong to Larian, and

11  Larian, on the other hand, deems [a] document not to be part of his 'personal files.'"  Reply at p.6.

12  <u>Market Research for Products Not at Issue: Request Nos. 79-81</u>

13       In Request No. 79, Mattel seeks all documents relating to any focus groups relating to

14  Bratz and/or Angel, including without limitation all videotapes, summaries, notes and reports.  In

15  his supplemental response, Larian agrees to produce the following documents, subject to his

16  general objections:

17       Larian will produce all documents within his possession, custody, or control that
18       relate to focus groups for "MGA contested products" and "Mattel contested
         products," as those terms are defined in Mattel's First Requests for Production
19       regarding Claims of Unfair Competition, if any, and that have not already been
         produced, that he discovers in the course of his reasonable search and diligent
20       inquiry, and to which no privilege or other protection applies, including without
         limitation, the attorney-client privilege or attorney's work product doctrine.
21

22  Mattel's Consolidated Separate Statement at pp. 20-21.

23       In Request No. 80, Mattel seeks all documents relating to any services or work performed

24  by L.A. Focus between January 1, 1999 and December 31, 2001, including without limitation, all

25  videotapes, summaries, notes and reports associated therewith.  In his supplemental response,

26  Larian agrees to produce documents relating or referring to Bratz or Angel that are responsive to

27  the request and to which no privilege or other protection applies.

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                    4

EXHIBIT ____1____

PAGE ____9____

1    In Request No. 81, Mattel seeks all documents relating to Alaska Momma.  In his

2  supplemental response, Larian agrees to produce all documents relating or referring to Bratz,

3  Angel or Bryant that are responsive to the request and to which no privilege or other protection

4  applies.

5    Mattel contends that the requests are as narrowly tailored as possible to capture relevant

6  information.  More specifically, Mattel contends that Request No. 79 seeks documents that bear

7  directly on the timing of the development of Bratz, as well as MGA's unfair competition claims

8  and Mattel's defense thereto.  Mattel contends that the requested documents may demonstrate that

9  MGA is guilty of copying Mattel's Barbie and My Scene products.

10    Larian contends that Request Nos. 79-81 are overbroad and unduly burdensome.  As an

11  example, Larian points to Request No. 80, which requests all documents relating to any services

12  or work performed by L.A. Focus, regardless of whether that work has any relation to the claims

13  and defenses in the action or any of the products at issue.  Larian similarly contends that Request

14  Nos. 79 and 81 are unbounded by subject matter or time, and are untethered to any claim or

15  defense in this case.

16    Mattel's motion to compel Larian to produce all documents responsive to Request No. 79

17  is granted.  The request is reasonably limited in subject matter to Bratz and Angel.  The requested

18  documents are relevant to several issues in the case, including the origin, conception and creation

19  of Bratz.  The requested documents are also relevant to the unfair competition claims.  Larian's

20  supplemental response to Request No. 79 is unduly restrictive.  Among other things, the

21  definitions of "contested MGA products" encompass only those products that provide a basis for

22  any claim by MGA against Mattel, and not claims by Mattel against MGA.

23    Mattel's motion to compel Larian to produce all documents responsive to Request Nos.

24  80-81 is denied.  These requests, as drafted, are clearly overbroad because they have no

25  reasonable limitations on subject matter or time.  In particular, the requests are directed to L.A.

26  Focus and Alaska Momma without regard to whether the services or work the companies

27  provided has any relation to any product at issue.

28    Larian's supplemental responses to Request Nos. 80 and 81 are reasonably limited to

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT ___1___

PAGE ___10___

1  documents related to the products at issue:  Bratz and Angel.  In Mattel's view, Larian's

2  supplemental response is too narrow and "may result in the exclusion of highly relevant

3  documents because the project, concept or design that is the subject of the focus group is deemed

4  not to relate to something then known as Bratz or Angel."  However, Larian acknowledges that

5  these types of hypothetical documents would still fall within the narrower scope of production

6  proposed in his supplemental response.

7      Mattel also contends that it is entitled to all of the requested documents called for by

8  Request No. 80 because they are relevant to credibility and bias, particularly if the documents

9  show that work relating to Bratz or Angel deviate from standard procedures that MGA and L.A.

10  Focus used.  It is, however, not apparent how deviations from standard procedures would impact

11  credibility or bias.

12      As to Request No. 81, Mattel contends that the documents showing the relationship

13  between Larian or MGA and Alaska Momma are relevant, even if they do not themselves

14  specifically relate to Bratz, Angel or Bryant.  Mattel contends that communications from Larian

15  or MGA asking Alaska Momma to look for fashion doll opportunities around the time Bryant

16  claims to have pitched Bratz to Alaska Momma would be highly relevant in impeaching MGA's

17  and Bryant's stories about how and when they came to be introduced.  Mattel also contends that

18  documents showing other dealings between Larian or MGA and Alaska Momma are relevant to

19  the issues of bias and credibility.  Mattel's supposition about the types of documents that might

20  exist does not justify the type of far-reaching request it has propounded.  Request No. 81 is also

21  not limited by either subject matter or time.

22      Accordingly, Larian shall produce documents responsive to Request Nos. 80 and 81 in

23  accordance with his supplemental responses.

24  Bryant's Attorney and Niece:  Request Nos. 113-115

25      In Request No. 113, Mattel seeks all communications between Larian or MGA and Anne

26  Wang, a lawyer who represented Bryant in his contract negotiations with MGA.  In Request No.

27  114, Mattel seeks all documents, including without limitation all communications, between

28  
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT ____1____

PAGE ____11____

1  Larian or MGA and Anne Wang.  In Request No. 115, Mattel seeks documents relating to Brooke
2  Gilbert, Bryant's niece.  In his supplemental responses, Larian agrees to produce documents
3  relating to Bratz, Angel or Bryant that are responsive to the requests and to which no privilege or
4  other protection applies.  Thus, the only issue is whether Larian should be required to produce
5  responsive documents that do not relate to Bratz, Angel or Bryant.

6      Mattel contends that Request Nos. 113-114 seek documents that are relevant to the origin
7  and conception of Bratz and the timing thereof.  Mattel also contends that the documents may
8  disclose relevant information regarding Mattel's claims for breach of contract and inducing
9  breach of contract, including information regarding Bryant's or MGA's knowledge of Bryant's
10  contractual obligations with Mattel.  Mattel also contends that Larian has failed to carry his
    burden of demonstrating that the requests are overly burdensome.

11      Mattel further contends that Larian's supplemental responses to Request Nos. 113 and 114
12  are inadequate because the limitations on scope may eliminate otherwise relevant documents that
13  do not specifically refer to Bratz, Angel or Bryant.  For example, Mattel contends that
14  communications with or about Bryant's lawyer that do not specifically relate to Bratz, Angel or
15  Bryant may be relevant to the issues of credibility and bias.

16      Mattel contends that Request No. 115 seeks documents that are relevant to determine
17  whether evidence on Bryant's computer was destroyed by the "Evidence Eliminator" software
18  that had been installed and run on the hard drive.  Bryant claims to have given his computer to his
19  niece.  Mattel also contends that the requested documents are relevant to the issues of credibility
20  and bias.  Further, Mattel contends that Larian's supplemental response to Request No. 115 is
21  inadequate, because evidence of any communication between Larian and his niece, regardless of
22  subject matter, is significant.

23      Larian contends that Request Nos. 113-115 are overbroad and unduly burdensome
24  because they lack any subject matter or time constraints.  Further, Larian contends that the
25  requests constitute an improper fishing expedition and necessarily sweep in documents that are
26  not relevant to any claim or defense.

27  //

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT ___1___

PAGE ___12___

1   Mattel's motion to compel documents responsive to Request Nos. 113-115 is denied. The
2   requests are overbroad because they are not focused on relevant subject matter and are untethered
3   to any claim or defense. Although Mattel asserts that responsive documents unrelated to Bratz,
4   Angel or Bryant might be relevant to the issues of credibility and bias, that speculative possibility
5   is too remote to justify the breadth of Mattel's requests.

6   Larian's supplemental responses are sufficient to provide Mattel with relevant and
7   responsive documents. Larian shall produce documents responsive to Request Nos. 113-115 in
8   accordance with his supplemental responses.

9   The Larian Brothers' "Arbitrations and Suits": Request Nos. 123-125

10   In Request No. 123, Mattel seeks all documents relating to any and all arbitrations and
11   suits between Larian and his brother, Farhad Larian. In Request No. 124, Mattel seeks all
12   documents filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad
13   Larian against Larian, including without limitation all declarations, affidavits, transcripts, video
14   and/or audio recordings and sworn testimony given by any person in such suit or arbitration
15   proceedings. In Request No. 125, Mattel seeks all documents relating to any and all settlements,
16   resolutions, or compromises of any suit and/or arbitration proceedings between Larian and Farhad
17   Larian. In his supplemental responses, Larian agrees to produce all documents referring or
18   relating to Bratz that are responsive to the requests and to which no privilege or other protection
19   applies.

20   Mattel contends that the court has already ruled that the arbitration proceedings between
21   Larian and his brother are relevant because they involve, among other matters, the conception and
22   creation date for Bratz. Mattel contends that Larian's supplemental responses improperly limit
23   the requests to the exclusion of potentially relevant documents. For example, Mattel contends
24   that documents that relate to the business, activities and plans of MGA in early 2000 are relevant
25   to the timing of the development of Bratz, whether or not they specifically refer to Bratz.
26   Mattel also contends that the requested documents are relevant to the value of the Bratz brand and
27   the net worths of Larian and MGA, as well as Mattel's claims for damages, including, for

28   Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                          8

EXHIBIT ___1___

PAGE ___13___

1  example, profits from the sale and licensing of Bratz and other information that would impeach

2  Larian's testimony that he has not made any profits from Bratz. Further, Mattel contends that the

3  requested documents may lead to evidence of the assessments or valuations of the net worth or

4  value of MGA or Larian, regardless of any reference to Bratz specifically. Mattel also contends

5  that settlement documents may contain information that bears on the merit of Farhad Larian's

6  claims and the value of Bratz. Mattel also claims that the requested documents are relevant to

7  motive, intent, bias and credibility.

8      Larian contends the instant requests are overbroad and unduly burdensome. Further,

9  Larian contends that the relationship of the requested documents to any of the claims or defenses

10  in the present action is questionable, and the existence of such documents is conjectural.

11  Moreover, Larian contends that many of the categories of documents of interest to Mattel are

12  already the subject of other requests. Larian also contends that Request Nos. 123-125 impose an

13  undue burden because of the protective orders in place that strictly limit the use of any documents

14  from an arbitration and suit between Larian and his brother. Larian represents that he is currently

15  working with Mattel and his brother in an attempt to achieve suitable modifications to the orders

16  that are agreeable to all parties.

17      Mattel's motion to compel documents responsive to Request Nos. 123-125 as drafted is

18  denied. The requests are clearly overbroad in calling for all documents from the arbitrations and

19  suits between Larian and his brother, without any subject matter limitations. Furthermore, these

20  requests are unduly burdensome to the extent they require production of documents that do not

21  refer or relate to Bratz. Such documents have marginal relevance, at best, to the claims and

22  defenses in the case.

23      Larian's supplemental responses to Request Nos. 123 -125 are sufficient. Larian's

24  agreement to produce documents that refer or relate to Bratz is a reasonable compromise that will

25  enable Mattel to obtain documents relevant to the claims and defenses in the case, including many

26  of the categories of documents of interest to Mattel. For example, under Larian's proposed

27  limitation, documents that relate to the business, activities and plans of MGA in 2000 that also

28  refer or relate to Bratz must be produced. Documents relating to the value of the Bratz brand are

EXHIBIT _____1_____

PAGE _____14_____

1   also within the scope of Larian's proposed limitation and would have to be produced. Documents

2   relating to the net worth of Larian or MGA that refer or relate to Bratz would also have to be

3   produced. Further, Larian's proposed limitation does not necessarily foreclose discovery

4   regarding the appraisal of MGA prepared by Mr. Dutcher. In particular, documents relating to

5   MGA's liabilities, debt, intangible assets, inventory, loans, growth rate projection, and revenue

6   projections must be produced if such documents refer or relate to Bratz. Accordingly, Larian

7   shall produce documents responsive to Request Nos. 123-125 in accordance with his

8   supplemental responses.

9

10  <u>Telephone Records:  Request Nos. 178-181</u>

11          In Request No. 178, Mattel seeks all documents relating to, including without limitation

    phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period

12  from January 1, 1998 through January 1, 2001. Larian objects to this request.

13          In Request No. 179, Mattel seeks all documents relating to, including without limitation

14  phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period

15  from January 1, 1998 through January 1, 2001 relating to Bratz and/or Angel. In his supplemental

16  responses, Larian agrees to produce documents responsive to Request No. 179. In response to

17  this motion, however, Larian contends that he should be permitted to produce documents

18  responsive to Request No. 179 in redacted form as discussed more fully below.

19          In Request No. 180, Mattel seeks all documents relating to, including without limitation

20  phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period

21  from April 1, 2004 through June 1, 2004. Larian objects to this request.

22          In Request No. 181, Mattel seeks all documents relating to, including without limitation

23  phone records for, telephone calls relating to Bryant by or to Larian or anyone on Larian's behalf

24  at any time. In his supplemental response, Larian agrees to produce all documents pertaining to

25  communications made prior to January 1, 2001 that are responsive to the request and to which no

    privilege or other protection applies.

26

27  //

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                                    10

EXHIBIT ___1___

PAGE ___15___

1   Mattel contends that Request No. 178 seeks documents relevant to show Larian's
2   communications with Bryant and other Mattel employees while such employees may still have
3   been employed by Mattel and before Larian claims to have known about Bratz. Similarly, Mattel
4   contends that Request No. 180 seeks documents relevant to Mattel's allegation that MGA, and
5   Larian in particular, were recruiting employees of Mattel's Mexican subsidiary and enticing them
6   to steal Mattel trade secrets.

7   Further, Mattel contends that the requested documents regarding telephone records are
8   relevant to (a) Mattel's claims regarding ownership of Bratz to the extent they show
9   communications with Carter Bryant; (b) Mattel's claims for theft of trade secrets to the extent
10  they show communications with current and former Mattel employees, including Machado,
11  Vargas, Trueba, Brawer, and Brisbois; (c) Mattel's claims regarding allegedly false statements
12  Larian made to retailers; (d) MGA's counterclaims; and (e) Mattel's defenses. With respect to
13  burden, Mattel contends that it would be more burdensome to attempt to produce the requested
14  records in redacted form, and further, that the protective order in place is sufficient to protect
    Larian's privacy concerns.

15  Larian contends that the requests regarding telephone records are overbroad, completely
16  unbounded as to subject matter, and necessarily sweep in private information that is completely
17  irrelevant to any of the claims or defenses in the case. Larian also points out that the court
18  previously considered similar requests served on Bryant and allowed production of redacted
19  copies of telephone records as long as Bryant provided a signed verification that none of his
20  redactions related to Bratz, MGA or any other project he worked on for MGA. Specifically,
21  Bryant was permitted to produce redacted phone records as long as he provided a "signed
22  verification that none of the telephone records that were redacted relate or refer in any way to
23  MGA, Bratz, or any other project that Bryant worked on, with, for or on behalf of MGA."
24  Kennedy Decl., Ex. 1 (January 25, 2007 Order Granting Mattel's Motion to Compel Production
25  of Documents by Bryant). Larian contends that he should be permitted to redact responsive
26  documents consistent with the court's prior order. During the meet and confer, Larian offered to
27  provide redacted records and a signed verification that none of the redacted information was

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                              11

EXHIBIT ___1___
PAGE ___16___

1  relevant to the case, but Mattel did not respond to the offer.

2     Mattel's motion to compel documents responsive to Request Nos. 178 (all documents

3  relating to phone records by or to Larian for January 1, 1998 – January 1, 2001) is denied. The

4  request is overbroad because it lacks any subject matter limitation, and thus necessarily sweeps in

5  private information that is completely irrelevant to the case. Larian should not be subjected to

6  such an intrusion into his private and business affairs when Mattel has made no attempt to tailor

7  the request to the communications, claims, and defenses identified above.

8     In contrast to Request No. 178, Request No. 179 is reasonably tailored to phone records

9  for a particular time frame (January 1, 1998 to January 1, 2001), and to particular subject matters

10  (Bratz and/or Angel). Accordingly, Larian shall abide by his agreement to comply with Request

11  No. 179, as stated in his supplemental response. Larian's proposal to produce responsive

12  documents in redacted form is appropriate to address his privacy concerns. More specifically,

13  Larian may produce documents responsive to Request No. 179 in redacted form as long as Larian

14  provides a signed verification that none of the redacted material refers or relates in any way to

15  MGA, Bratz, or any other proposed or actual project worked on, with, for or on behalf of MGA,

   or that are otherwise relevant to the case.

16     Mattel's motion to compel documents responsive to Request No. 180 (documents relating

17  to telephone calls by or to Larian from April 1, 2004 – June 1, 2004) is granted. Request No. 180

18  is reasonably tailored to a two month period during which MGA and Larian allegedly recruited

19  employees out of Mattel's Mexican subsidiary and enticed them to steal Mattel trade secrets. See

20  Mattel's Second Amended Answer and Counterclaims, ¶¶37-54. Larian may produce documents

21  responsive to Request No. 180 in redacted form as specified above with respect to Request No.

22  179.

23     Request No. 181 (documents relating to telephone calls relating to Bryant by or to Larian)

24  is overbroad as written because it has no time limits. In his supplemental response, Larian agrees

25  to produce communications prior to January 1, 2001 that are responsive to the request. Larian's

26  proposed limitation is a reasonable compromise that will provide Mattel with relevant documents

27  without imposing an undue burden. Accordingly, Larian shall produce documents responsive to

28

1   Request No. 181 consistent with his supplemental response, and may produce such documents in

2   redacted form as specified above with respect to Request No. 179.

3

4   Statements to the Media: Request Nos. 190-192, 194-197 and 199

5       In Request Nos. 190-192, 194-197 and 199, Mattel seeks communications between Larian

6   and members of the press or financial institutions relating to Bratz, Bryant, Mattel or this action.

7   Mattel contends that the requests are sufficiently narrowly tailored to seek information that goes

8   to the issues in the lawsuit.  More specifically, Mattel contends that the request are relevant to

9   Mattel's allegation that MGA and Larian repeatedly issued false and misleading press releases

10  regarding Bratz's sales, Bratz's market share, Bratz's position relative to Mattel's Barbie

11  products, sales of Mattel's Barbie products, and the market share of Mattel's Barbie products.

12  Further, Mattel contends that statements to lenders or investors relating to Bratz or Bryant may

13  also contain admissions regarding the origin and conception of Bratz and statements relevant to

    damages.

14      Larian contends that the requests are overbroad and unduly burdensome, particularly

15  because several of the requests seek publicly available information.  Further, Larian points out

16  that the court has already considered and rejected as overbroad a nearly identical request served

17  on MGA that called for all documents relating to any communications by MGA with any news

18  organization regarding the contested MGA products or the contested Mattel products.  Larian

19  contends that the same reasoning applies to the instant requests.

20      Mattel's motion to compel documents responsive to Request Nos. 190-192, 194-197 and

21  199 is denied.  Although several of the requests encompass potentially relevant documents, the

22  requests are overbroad and encompass documents that have little to no relevance to the claims and

23  defenses in the case.  Not one of the requests is limited to relevant subject matters, such as Bratz's

24  sales, Bratz's market share, Bratz's position relative to Mattel's Barbie products, sales of Mattel's

25  Barbie products, the market share of Mattel's Barbie products, the origin and conception of Bratz,

26  or damages.

27  //

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                13

EXHIBIT ____1____

PAGE ____18____

1    Furthermore, many of these overbroad requests seek publicly available information that is

2  readily accessible to Mattel for which Larian should not be burdened.  To the extent the requested

3  documents and information are not publicly available, such documents and information are

4  marginally, if at all, relevant because they are not likely to have caused Mattel compensable harm.

5  In either case, the burden and expense of searching for and producing responsive documents are

6  unjustified.

7

8  Communications With Mattel Employees:  Request No. 198

9    In Request No. 198, Mattel seeks all communications between Larian and any individual

   while the individual was employed by Mattel.  Mattel contends that this request is directly

10  relevant to Mattel's claims of trade secret theft, and that the relevancy outweighs any purported

11  burden of production.

12    Larian contends that the request is overbroad and unduly burdensome because it is

13  unrestricted as to time and subject matter.  Larian also points out that the court has previously

14  found a similar request overbroad.  Larian further contends that employees in the toy industry are

15  likely to maintain contacts with other toy manufacturers, and that a large corporation such as

16  Mattel is likely to have a high number of employees communicating with MGA or its officers,

17  which makes the request more unduly burdensome and unreasonable than it appears on its face.

18    Unlike other requests regarding communications, Request No. 198 is reasonably tailored

19  to the specific and numerous allegations in the case regarding alleged trade secret theft.  Although

20  the request is not limited by subject matter, it is limited in other respects to seek relevant

21  documents without imposing an undue burden.  The request is limited to communications

22  between Larian (and not MGA or persons acting on his behalf) and individuals employed at

23  Mattel.  The request is also limited to only those communications that took place while the

24  individuals were employed at Mattel.

25    Nevertheless, an additional temporal limit is appropriate to tailor the request to Mattel's

26  allegations of trade secret theft.  The alleged trade secret theft began with Bryant's conduct in

27  1999 and continued to 2005.  Accordingly, Larian shall produce documents responsive to Request

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

14

EXHIBIT ___1___

PAGE ___19___

1    No. 198 that are limited to the time frame 1999 to 2005.

2

3    <u>Personal Financial Data: Request Nos. 207-209 and 269</u>

4      In Request No. 207, Mattel seeks documents sufficient to identify each of Larian's banks

5    or financial institutions and other banking relationships since January 1, 1999.  In Request No.

6    208, Mattel seeks documents sufficient to establish Larian's gross income and sources for such

7    income for each year from 1999 to the present.  In Request No. 209, Mattel seeks Larian's federal

8    and state tax returns for each year from 1999 to the present.  In Request No. 269, Mattel seeks

9    documents sufficient to show or calculate Larian's net worth on a yearly basis for each year from

10    1999 to the present.

11      Mattel contends that Request No. 207 seeks information reasonably calculated to lead to

12    information showing the timing of payments to Bryant and others, which in turn is relevant to the

13    timing of the development of Bratz and issues of credibility.  Mattel contends that Request Nos.

14    208-209 and 269 seek non-privileged information that is directly relevant to Larian's financial

15    condition, which in turn is relevant to damages.  Further, Mattel contends that it is entitled to

16    information regarding the sources of Larian's income to determine whether they are attributable

17    to the alleged misconduct and thus subject to disgorgement.

18      Larian contends that the requested personal financial information is not relevant to the

19    claims or defenses at issue.  More specifically, Larian contends that neither the names of his

20    banks nor his gross income have any bearing upon either compensatory or punitive damages or

21    Mattel's claim for disgorgement of profits.  Larian further contends that there is no support for

22    Mattel's supposition that Larian has siphoned off MGA assets for his own personal benefit.

23      Larian also contends that all three of the requests overlap substantially with requests

24    Mattel previously propounded upon MGA, and that Mattel has failed to justify the duplication or

25    burden posed by these requests to him.  Further, Larian contends that the court has previously

26    found that Mattel was not entitled to obtain tax returns from Bryant, and that Mattel has offered

27    no reason why the same result should not apply here.

28      Mattel's motion to compel responses to Request Nos. 207-208 and 269 is granted.  The

EXHIBIT   <u>1</u>

PAGE   <u>20</u>

1  requests are reasonably calculated to lead to the discovery of admissible evidence relevant to

2  several issues in the case. For example, the requested information is likely to lead to information

3  regarding payments from Larian to Bryant, which is relevant to, among other things, the timing of

4  the creation of Bratz. The requested information is also likely to show Larian's income and net

5  worth, which are relevant to damages. Further, Larian has failed to establish that the requests are

6  unduly burdensome. Although Mattel has sought and obtained broad discovery of financial

7  information from MGA, Mattel is also entitled to seek financial information directly from Larian.

8      Mattel's motion is denied as to Request No. 209, provided that Larian complies with

9  Request Nos. 207, 208 and 269. In light of the discovery of financial information ordered herein

10  and other requests propounded to MGA, Mattel has not shown a compelling need for Larian's tax

11  returns.

12  Storage Devices: Request Nos. 222 and 224

13      In Request Nos. 222 and 224, Mattel seeks digital storage devices and documents relating

14  to digital storage devices used by Larian to create, prepare, generate, copy, transmit, receive,

15  delete or modify digital information relating to Bratz, Angel, or Bryant. Mattel contends that a

16  request for documents under Rule 34, Fed.R.Civ.P., operates as a request for documents stored in

17  electronic form. Mattel also contends that Rule 34 permits a party to obtain and test computer

18  hard drives and other storage devices.

19      Larian contends that the requests are overbroad, unduly burdensome, duplicative, and

20  ignore his privilege and privacy interests. Larian also objects to an inspection of his actual hard

21  drives or other storage devices based upon the Committee Note to Rule 34, Fed.R.Civ.P., which

22  states that the amendment of Rule 34 relating to "electronically stored information is not meant to

23  create a routine right of direct access to a party's electronic information system." See

24  Fed.R.Civ.P. 34(a)(1), 2006 Adv. Comm. Notes. Larian contends that there is no justification for

25  an inspection of his electronic devices because there is no allegation that he improperly deleted

26  documents.

27      Mattel's motion to compel documents responsive to Request Nos. 222 and 224 is denied.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

16

EXHIBIT ___1___
PAGE ___2 /___

1    With respect to Request No. 222, Larian correctly notes that Rule 34 was not intended to

2    authorize the routine production of a party's electronic devices.  Mattel attempts to justify

3    Request No. 222 by pointing to various instances of alleged destruction of evidence.  See Mattel's

4    Consolidated Separate Statement at pp. 203-204 (purported destruction of Larian's computer

5    laptops; "wiping" information from the hard drives of Larian's computer laptops every six

6    months; redacting  "Barbie Collectibles" from a faxed version of Bryant's Bratz agreement; and

7    destructive testing of Bryant's original Bratz drawings).  However, Mattel fails to explain how

8    these alleged instances of evidence destruction justify Request No. 222, other than to assert that it

9    has a right to inspect Larian's storage devices to ensure that relevant information has not been

10   deleted or permanently destroyed.  Mattel's stated purpose suggests instead that Mattel is

11   launching a fishing expedition in pursuit of new claims, which is not permitted by the Federal

12   Rules of Civil Procedure.  See e.g. Rivera v. NIBCO, Inc., supra.  Furthermore, Mattel's stated

13   purpose for inspecting Larian's storage devices does not justify the breadth of Request No. 222.

14   Among other things, Request No. 222 encompasses every storage device that Larian has used to

15   copy digital information relating to Bratz.  Mattel does not need every CD and DVD containing

16   copies of Bratz-related video and audio content, but that is what the request seeks.

17        Request No. 222 is also duplicative because it requests information that is sought in

18   numerous other requests served on Larian as well as MGA.  Mattel has served hundreds of

19   requests for documents and communications relating to Bratz, Angel, and Bryant.  To comply

20   with the requests, Larian was required to search for documents in both hard-copy and electronic

21   form.  Under the circumstances, it is unnecessary for Larian to also produce the requested storage

22   devices.

23        Documents responsive to Request No. 224 are minimally relevant (if at all) to the claims

24   and defenses in the case, and therefore do not justify the burden of production on Larian.

25   Bryant's Storage Devices:  Request Nos. 225, 227 and 228

26        In Request Nos. 225, 227 and 228, Mattel seeks digital storage devices and documents

27   relating to digital storage devices used by Bryant to create, prepare, generate, copy, transmit,

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

17

EXHIBIT ___1___

PAGE ___22___

1  receive, delete or modify digital information relating to Bratz, Angel, or MGA.

2        Larian contends that the requests are improperly directed to him because he does not have

3  personal possession of Bryant's hard drive or storage devices, or other information about those

4  devices. Mattel's Consolidated Separate Statement at p. 206. Larian also contends that the

5  requests are overbroad and unduly burdensome for the reasons discussed above in connection

6  with Request Nos. 222 and 224.

7        Mattel's motion to compel documents responsive to Request Nos. 225, 227 and 228 is

8  denied for the reasons already discussed in connection with Request Nos. 222 and 224.

9  <u>MGA Hong Kong and MGA Mexico: Request Nos. 272 and 273</u>

10       In Request Nos. 272 and 273, Mattel seeks documents relating to the ownership of MGA

11  Entertainment HK Ltd. ("MGA Hong Kong") and MGAE de Mexico S.r.l. de C.V. ("MGA

12  Mexico"), both of which are named defendants. In his supplemental responses, Larian agrees to

13  produce documents sufficient to show the ownership of these entities.

14       Mattel contends that the requests seek information relevant to refute MGA Mexico's

15  personal jurisdiction defense, and which bear on whether the acts of Larian and others are

16  attributable to the entities. Mattel also contends that Larian's (or MGA's ) ownership interest in

17  these companies is relevant to net worth. Mattel contends that Larian's supplemental response is

18  inadequate because it would allow Larian to withhold contradictory information and conceal the

19  true ownership of the business entities. Furthermore, Mattel contends that it is entitled to know

20  the ownership of these entities at times when different allegedly wrongful acts took place and to

21  determine if the ownership structure changed as a means of concealing assets or concealing the

22  payments of commercial bribes.

23       Larian contends that these requests should not be made to him, but to the entities

24  themselves or to MGA. Further, Larian contends that the requests are duplicative of a request

25  Mattel served on MGA Mexico, another request served on MGA Hong Kong, and another request

26  served on MGA. Moreover, Larian contends that the requests are overbroad and unduly

27  burdensome, and that at most, he should only have to produce a list of owners.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

18

EXHIBIT   _1_

PAGE   _23_

1        Mattel contends that Larian cannot avoid his duty to respond to these requests simply by

2  saying that the information is obtainable from another source.  Further, Mattel contends that

3  Larian has failed to establish that the requests are unduly burdensome.

4        Mattel's motion to compel documents responsive to Request Nos. 272-273 is denied

5  pursuant to Rule 26(b)(2), Fed.R.Civ.P., because the requested information is clearly obtainable

6  from another source that is more convenient, less burdensome, or less expensive, namely MGA

7  Mexico and MGA Hong Kong.  The requests are also overbroad and unduly burdensome.

8                    IV. CONCLUSION

9        For the reasons set forth above, it is hereby ordered as follows:

10       1.     At meet and confer sessions held after the filing of this motion, Larian agreed to

produce documents in response to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 82-101, 139-

146, 213, 221 and 223.  Accordingly, Larian shall produce, without limitation, all non-privileged

documents that are responsive to these Requests.

       2.     With respect to the remaining requests that are at issue in this motion, Larian shall:

          A.     produce, without limitation, all non-privileged documents that are

responsive to Request Nos.  79, 180, 198 (for the time period 1999-2005), 207, 208 and

269; and

          B.     produce, in accordance with his supplemental responses, non-privileged

documents that are responsive to Request Nos. 80, 81, 113-115, 123-125, 179, 181 and

209.

          C.     Larian may produce documents responsive to Request Nos. 179, 180 and

181 in redacted form as provided herein.

          D.     Mattel's motion is denied as to Request No. 178, 190-192, 194-197, 199,

209, 222, 224, 225, 227, 228, 272 and 273.

       3.     Larian shall produce all non-privileged documents that are required by this Order

that are in his possession, custody or control and that have not already been produced no later

than January 11, 2008.

       4.     Larian shall produce a privilege log no later than January 15, 2008.

EXHIBIT _____1_____

PAGE _____2 4_____

5.    Mattel's request for sanctions is denied.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: December 31, 2007

_Edward Infante_

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

EXHIBIT ___1___

PAGE ___25___

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 2, 2008, I served

the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO

COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN; DENYING REQUEST FOR

SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above

is true and correct.

Executed on January 2, 2008, at San Francisco, California.

_Sandra Chan_

Sandra Chan

EXHIBIT ___1___

PAGE ___26___

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc
(RNBx), AO279, DISCOVERY, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Proctor, Brett on 1/3/2008 at 10:45 AM PST and filed on 1/3/2008

**Case Name:**       Carter Bryant v. Mattel Inc
**Case Number:**   2:04-cv-9049
**Filer:**                Mattel Inc
**Document Number:** 1439

**Docket Text:**
Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying Request for Sanctions filed by Defendant Mattel Inc re: MOTION to Compel [1092] (Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson   canderson@kvn.com

Michelle M Campana    michelle.campana@skadden.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Emil W Herich    eherich@kmwlaw.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Nathan Meyer    nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com

EXHIBIT _1_

PAGE _27_

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

John B Quinn    johnquinn@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

John Elliot Trinidad    jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmv@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

John W Keker
Keker & Van Nest
710 Sansome St
San Francisco, CA 94111-1704

Kenneth A Plevan
Skadden Arps Slate Meagher & Flom
4 Times Sq
New York, NY 10036-6522

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Larian Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=1/3/2008] [FileNumber=5143390-0]
[5a2187944fc1d22750aedb257eb3d8c53a9b8728f71d46135a28ece1a78d4d01e2732
dde016f334ddcc72b8e691e63a2605761dac19ba72309568688b0698f2c]]

EXHIBIT _____1_____

PAGE _____28_____

**Exhibit 2**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 90378)
     (johnquinn@quinnemanuel.com)
3    Michael T. Zeller (Bar No. 196417)
     (michaelzeller@quinnemanuel.com)
4    Jon D. Corey (Bar No. 185066)
     (joncorey@quinnemanuel.com)
5    Timothy L. Alger (Bar No. 160303)
     (timalger@quinnemanuel.com)
6  865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
7  Telephone: (213) 443-3000
   Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13              Plaintiff,               Consolidated with
                                         Case No. CV 04-09059
14        v.                             Case No. CV 05-02727

15  MATTEL, INC., a Delaware             MATTEL, INC.'S FIRST SET OF
    corporation,                         REQUESTS FOR DOCUMENTS AND
16                                        THINGS TO ISAAC LARIAN
              Defendant.
17

18  AND CONSOLIDATED CASES.

19

20

21

22

23

24

25

26                          EXHIBIT ___2___

27                          PAGE ___29___

28
                                    C6 13 c 7
07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel,

2   Inc. hereby requests that defendant Isaac Larian ("Larian") respond to these

3   document requests ("Requests") and make available for inspection and copying

4   originals of the following documents within 30 days of service at the offices of

5   Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

6   floor, Los Angeles, CA 90017.  Larian shall be obligated to supplement the

7   responses to these Requests at such times and to the extent required by Rule 26(e) of

8   the Federal Rules of Civil Procedure.

9

10  I.    **DEFINITIONS**

11

12          For purposes of these Requests, the following definitions apply:

13          A.    "YOU," "YOUR" and "LARIAN" mean Isaac Larian and any

14  individual or entity acting directly or indirectly by, through, under or on behalf of

15  Isaac Larian, including but not limited to current or former directors, officers,

16  agents, attorneys, employees, partners, joint venturers, contractors, accountants, or

17  representatives of Isaac Larian or any entity under the control or direction of Isaac

18  Larian (including but not limited to MGA), and any corporation, partnership,

19  association, trust, predecessor-in-interest and successor-in-interest, and any other

20  PERSON acting on behalf of Isaac Larian or pursuant to his authority or subject to

21  his control.

22          B.    "MGA" means MGA Entertainment, Inc. and all current or

23  former directors, officers, employees, agents, contractors, attorneys, accountants,

24  representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

25  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

26  authority or subject to its control.

27          C.    "MATTEL" means Mattel, Inc. and all current or former

28  directors, officers, employees, agents, contractors, attorneys, accountants,

07209/2142932.1   EXHIBIT ____2____

PAGE ____30____                                              -2-
                          MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 | representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and
2 | successors-in-interest, and any other PERSON acting on its behalf, pursuant to its
3 | authority or subject to its control.

4 |     D.   "BRYANT" means Carter Bryant, any of his current or former
5 | agents, representatives, attorneys, employees, partners, joint venturers,
6 | predecessors-in-interest and successors-in-interest, and any other PERSON acting
7 | on his behalf, pursuant to his authority or subject to his control. For purposes of
8 | these Requests, "MGA" and "LARIAN" do not include "BRYANT."

9 |     E.   "DOCUMENT" or "DOCUMENTS" means all "writings" and
10 | "recordings" as those terms are defined in <u>Rule</u> 1001 of the <u>Federal Rules of</u>
11 | <u>Evidence</u> and <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and shall include all
12 | writings, including but not limited to handwriting, typewriting, printing, image,
13 | photograph, photocopy, digital file of any kind, transmittal by (or as an attachment
14 | to) electronic mail (including instant messages and text messages) or facsimile,
15 | video and audio recordings, and every other means of recording upon any tangible
16 | thing, any form of communication or representation, and any record thereby created,
17 | regardless of the manner in which the record has been stored, and all non-identical
18 | copies of such DOCUMENTS, in the possession, custody, or control of YOU,
19 | YOUR counsel, or any other PERSON acting on YOUR behalf.

20 |     F.   "COMMUNICATION," in the plural as well as the singular,
21 | means any transmittal and/or receipt of information, whether such was oral or
22 | written, and whether such was by chance, prearranged, formal or informal, and
23 | specifically includes, but is not limited to, conversations in person, telephone
24 | conversations, electronic mail (including instant messages and text messages),
25 | voicemail, letters, memoranda, statements, media releases, magazine and newspaper
26 | articles, and video and audio transmissions.

27 |     G.   "DESIGN" or "DESIGNS" means any and all representations,
28 | whether two-dimensional or three-dimensional, and whether in tangible, digital,

07209/2142932.1

EXHIBIT **2**

PAGE **3 1**

-3-

1  electronic or other form, including but not limited to all works, designs, artwork,

2  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

3  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

4  practice, developments, concepts, ideas, inventions and/or improvements, as well as

5  all other items, things and DOCUMENTS in which any of the foregoing are or have

6  been expressed, embodied, contained, fixed or reflected in any manner, whether in

7  whole or in part.

8          H.     "BRATZ" means any project, product, doll or DESIGN or any

9  portion thereof ever known by that name, that is now or has ever been known as, or

10  sold or marketed under, the name or term "Bratz" or that is now or has ever been

11  sold or marketed as part of the "Bratz" line, including without limitation all

12  prototypes, models, samples and versions thereof.  As used herein, "products, dolls

13  or DESIGNS or any portion thereof" also includes without limitation any names,

14  fashions, accessories, artwork, packaging or any other works, materials, matters or

15  items included or associated therewith.  Without limiting the generality of the

16  foregoing, "BRATZ" includes any such project, product, doll or DESIGN,

17  regardless of what any such project, product, doll or DESIGN has in fact been

18  called, and regardless of what any such project, product, doll or DESIGN is or has

19  been also, previously or subsequently called.  Also without limiting the generality of

20  the foregoing, and contrary to MGA's recent assertions in connection with other

21  Mattel discovery requests, the term "BRATZ" does not require that there be a doll

22  existing at the time of the event, incident or occurrence that is the subject of, or

23  otherwise relevant or responsive to, the Requests herein.

24          I.     "ANGEL" refers to those projects, products, dolls or DESIGNS

25  or any portion thereof, sometimes called "Angel Faces" and/or "Prayer Angels," that

26  MGA has claimed are the subject of MGA000706-08, MGA000710-12,

27  MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734, including

28  without limitation all prototypes, models, samples and versions thereof.  As used

07209/2142932.1

**EXHIBIT** ___2___

**PAGE** ___3.2___

-4-

1  herein, "products, dolls or DESIGNS or any portion thereof" also includes without

2  limitation any names, fashions, accessories, artwork, packaging or any other works,

3  materials, matters or items included or associated therewith. Without limiting the

4  generality of the foregoing, "ANGEL" includes any such project, product, doll or

5  DESIGN, regardless of what any such project, product, doll or DESIGN has in fact

6  been called, and regardless of what any such project, product, doll or DESIGN is or

7  has been also, previously or subsequently called. Also without limiting the

8  generality of the foregoing, and contrary to MGA's recent assertions in connection

9  with other Mattel discovery requests, the term "ANGEL" does not require that there

10  be a doll existing at the time of the event, incident or occurrence that is the subject

11  of, or otherwise relevant or responsive to, the Requests herein.

12      J.    "AFFILIATES" means any and all corporations, proprietorships,

13  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

14  indirectly, in whole or in part, own or control, are under common ownership or

15  control with, or are owned or controlled by a PERSON, party or entity, including

16  without limitation each parent, subsidiary and joint venture of such PERSON, party

17  or entity.

18      K.    "IDENTIFY" or "IDENTITY" means the following:

19          (a)    With reference to an individual, means such individual's

20  name, current or last known business title, current or last known business affiliation,

21  current or last known relationship to YOU, current or last known residential and

22  business address, and current or last known telephone number.

23          (b)    With reference to an entity or governmental organization,

24  means such entity's or organization's name, present or last-known address, and

25  present or last-known telephone number and the IDENTITY of each individual who

26  has served or participated as a contact for or on behalf of such entity or organization.

27          (c)    With reference to an account with a bank or financial

28  institution, means the name and address of the bank or financial institution, the

07209/2142932.1

**EXHIBIT** 2

**PAGE** 33

-5-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  account number(s) for or otherwise associated with such account and the name of

2  each holder, including without limitation each beneficial holder, of each such

3  account.

4          (d)  With reference to a STORAGE DEVICE, means the

5  manufacturer name, brand, model name and number, serial number and all other

6  manufacturer identifiers, and the technical specifications and capacities of such

7  STORAGE DEVICE.

8          L.  "ACTION" means this action now consolidated under Case No.

9  04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first

10  filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA

11  Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses

12  therein.

13          M.  "DIGITAL INFORMATION" means any information created or

14  stored digitally, including but not limited to electronically, magnetically or optically.

15          N.  "STORAGE DEVICE" means any computer hard drive,

16  memory, USB device, tape, storage array or any other device or medium that allows

17  a user, whether permanently, temporarily or otherwise, to create, generate, prepare,

18  transmit, copy, retain, store or maintain DIGITAL INFORMATION.

19          O.  "FAMILY MEMBER" means any PERSON who at any time is,

20  was or has been a parent, spouse, or child of another PERSON.

21          P.  "RELATING," "RELATING TO," "REFERRING OR

22  RELATING TO," or "REFER OR RELATE TO" means any and all of the following

23  terms and their synonyms: refer to, discuss, constitute, evidence, pertain to,

24  mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,

25  identify, state, deal with, concern, comment on, summarize, respond to, relate to, or

26  describe.

27          Q.  "PERSON," in the plural as well as the singular, means any

28  natural person, association, partnership, corporation, joint venture, government

07209/2142932.1

EXHIBIT 2

PAGE 34

-6-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 entity, organization, trust, institution, proprietorship, or any other entity recognized
2 as having an existence under the laws in the United States or any other nation.

3    R.    "BRATZ PRODUCT" means any product, whether two-
4 dimensional or three-dimensional, and whether in tangible, digital, electronic or
5 other form: (i) that is or has ever been distributed, marketed or sold under the name
6 "Bratz" or as part of the "Bratz" line; (ii) that depicts, incorporates, embodies,
7 consists of or REFERS OR RELATES TO BRATZ; and/or (iii) that is or has ever
8 been distributed, marketed or sold in any packaging that includes the name "Bratz"
9 or depicts, incorporates, embodies, consists of or REFERS OR RELATES TO
10 BRATZ.

11    S.    "BRATZ DOLL" means any doll that is or has ever been
12 distributed, marketed, sold or offered for sale under the name "Bratz" or as part of
13 the "Bratz" line.

14    T.    "BRATZ MOVIE" means any motion picture or film that
15 depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ
16 or any BRATZ DESIGN.

17    U.    "BRATZ TELEVISION SHOW" means any production
18 exhibited on television that depicts, incorporates, embodies, consists of or REFERS
19 OR RELATES TO BRATZ or any BRATZ DESIGN.

20    V.    "DIVA STARZ" means any project, product, doll or DESIGN or
21 any portion thereof ever known by that name, that is now or has ever been known
22 as, or sold or marketed under, the name or term "DIVA STARZ" or that is now or
23 has ever been sold or marketed as part of the "DIVA STARZ" line, including
24 without limitation "Chat Girls," "Brats," and "Chat Brats," and including without
25 limitation all prototypes, models, samples and versions thereof. As used herein,
26 "products, dolls or DESIGNS or any portion thereof" also includes without
27 limitation any names, fashions, accessories, artwork, packaging or any other works,
28 materials, matters or items included or associated therewith. Without limiting the

1  generality of the foregoing, "DIVA STARZ" includes any such project, product, doll

2  or DESIGN, regardless of what any such project, product, doll or DESIGN has in

3  fact been called, and regardless of what any such project, product, doll or DESIGN

4  is or has been also, previously or subsequently called.  Also without limiting the

5  generality of the foregoing, and contrary to MGA's recent assertions in connection

6  with other Mattel discovery requests, the term "DIVA STARZ" does not require that

7  there be a doll existing at the time of the event, incident or occurrence that is the

8  subject of, or otherwise relevant or responsive to, the Requests herein.

9        W.    The singular form of a noun or pronoun includes within its

10  meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of

11  the masculine form of a pronoun also includes within its meaning the feminine form

12  of the pronoun so used, and *vice versa*; the use of any tense of any verb includes

13  also within its meaning all other tenses of the verb so used, whenever such

14  construction results in a broader request for information; and "and" includes "or"

15  and *vice versa*, whenever such construction results in a broader disclosure of

16  documents or information

17

18  **II.**   **INSTRUCTIONS**

19

20        A.    YOU are to produce all requested DOCUMENTS in YOUR

21  possession, custody or control.

22        B.   If YOU contend that YOU are not required to produce certain

23  DOCUMENTS called for by these Requests on the grounds of a privilege or

24  protection that YOU are not prepared to waive, identify each such DOCUMENT

25  and provide the following information:

26        1.    the date and type of the DOCUMENT, the author(s) and

27        all recipients;

28  EXHIBIT ___2___

1    2.    the privilege or protection that YOU claim permits YOU

2        to withhold the DOCUMENT;

3    3.    the title and subject matter of the DOCUMENT;

4    4.    any additional facts on which YOU base YOUR claim of

5        privilege or protection; and

6    5.    the identity of the current custodian of the original of the

7        DOCUMENT.

8    C.    DOCUMENTS shall be produced in their original file folders, or

9 in lieu thereof, any writing on the file folder from which each such DOCUMENT is

10 taken shall be copied and appended to such DOCUMENT and the PERSON for

11 whom or department, division or office for which the DOCUMENT or the file

12 folder is maintained shall be identified.

13    D.    The DOCUMENTS should be produced in their complete and

14 unaltered form. Attachments to DOCUMENTS should not be removed. The

15 DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

16 any reason, including alleged nonrelevance. If emails are produced that had

17 attachments, the attachments shall be attached when produced.

18    E.    DOCUMENTS in electronic form shall be produced in that form.

19    F.    In the event that any DOCUMENT called for by these requests

20 has been destroyed or discarded, that DOCUMENT is to be identified by stating:

21    1.    the date and type of the DOCUMENT, the author(s) and

22        all recipients;

23    2.    the DOCUMENT's date, subject matter, number of pages,

24        and attachments or appendices;

25    3.    the date of destruction or discard, manner of destruction

26        or discard, and reason for destruction or discard;

27    4.    the PERSONS who were authorized to carry out such

28        destruction or discard;

EXHIBIT ___2___

PAGE ___37___

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

5.          the PERSONS who have knowledge of the content,
origins, distribution and destruction of the DOCUMENT;
and

6.          whether any copies of the document exist and, if so, the
name of the custodian of each copy.

## III.    REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS prepared, drafted, written, transmitted or received
(whether in whole or in part) prior to December 31, 2001 RELATING TO BRATZ.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS RELATING TO BRATZ and RELATING TO any
time prior to December 31, 2001 (regardless of when such DOCUMENT was
prepared, written, transmitted or received, whether in whole or in part).

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS RELATING TO the origin(s), conception and
creation of BRATZ, including without limitation all DOCUMENTS RELATING
TO the timing and the method and manner in which BRATZ first came to YOUR or
MGA's attention.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS RELATING TO the modeling, prototyping,
rotocasting, sculpting or DESIGN of BRATZ at any time prior to June 30, 2001,
including without limitation all DOCUMENTS RELATING to the creation,
preparation or modification of any three-dimensional representation of BRATZ.

1  REQUEST FOR PRODUCTION NO. 5:

2       All DOCUMENTS RELATING TO any payment or transfer of

3  anything of value made to or on behalf of BRYANT for any DESIGN that

4  BRYANT assigned or transferred to YOU or MGA prior to October 21, 2000,

5  regardless of when such payment was actually made.

6

7  REQUEST FOR PRODUCTION NO. 6:

8       All DOCUMENTS that RELATING TO invoices submitted by

9  BRYANT to YOU or MGA prior to January 31, 2001.

10

11  REQUEST FOR PRODUCTION NO. 7:

12       All royalty statements to or for BRYANT.

13

14  REQUEST FOR PRODUCTION NO. 8:

15       All DOCUMENTS RELATING TO BRYANT's participation in the

16  conception, creation, DESIGN, development, sculpting, tooling, production or

17  manufacture of BRATZ.

18

19  REQUEST FOR PRODUCTION NO. 9:

20       All DOCUMENTS RELATING TO COMMUNICATIONS between

21  YOU or MGA and BRYANT and RELATING TO the period prior to December 31,

22  2001 (regardless of when such document was prepared, written, transmitted or

23  received, whether in whole or in part), including without limitation all diaries, notes,

24  calendars, logs, phone records and letters, that reflect, record or memorialize or

25  otherwise RELATING TO any such COMMUNICATIONS.

26

27  **EXHIBIT** _2_

28  **PAGE** _40_

07209/2142932.1

-11-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 10:

2      All DOCUMENTS RELATING TO COMMUNICATIONS between

3  YOU or MGA and BRYANT prior to December 31, 2001, including without

4  limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

5  record or memorialize or otherwise RELATING TO any such

6  COMMUNICATIONS.

7

8  REQUEST FOR PRODUCTION NO. 11:

9      All COMMUNICATIONS between YOU or MGA and BRYANT prior

10  to December 31, 2001.

11

12  REQUEST FOR PRODUCTION NO. 12:

13      All DOCUMENTS RELATING TO COMMUNICATIONS between

14  YOU or MGA and BRYANT prior to December 31, 2001 (regardless of when such

15  DOCUMENT was prepared, written, transmitted or received, whether in whole or in

16  part), including without limitation all diaries, notes, calendars, logs, phone records

17  and letters, that reflect, record or memorialize or otherwise RELATING TO any

18  such COMMUNICATIONS.

19

20  REQUEST FOR PRODUCTION NO. 13:

21      All COMMUNICATIONS RELATING TO BRATZ between YOU or

22  MGA and any PERSON prior to December 31, 2001.

23                                    EXHIBIT ___2___

24  REQUEST FOR PRODUCTION NO. 14:        PAGE ___41___

25      All DOCUMENTS RELATING TO COMMUNICATIONS between

26  YOU or MGA and any PERSON and RELATING TO the period prior to December

27  31, 2001 (regardless of when such DOCUMENT was prepared, written, transmitted

28  or received, whether in whole or in part), including without limitation all diaries,

1  notes, calendars, logs, phone records and letters, that reflect, record or memorialize

2  or otherwise RELATING TO any such COMMUNICATIONS.

3

4  REQUEST FOR PRODUCTION NO. 15:

5          All COMMUNICATIONS RELATING TO BRATZ between YOU or

6  MGA and BRYANT.

7

8  REQUEST FOR PRODUCTION NO. 16:

9          All DOCUMENTS RELATING TO BRYANT's employment by

10 MATTEL.

11

12 REQUEST FOR PRODUCTION NO. 17:

13         All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

14 BRYANT's employment by MATTEL.

15

16 REQUEST FOR PRODUCTION NO. 18:

17         All DOCUMENTS RELATING TO DESIGNS that BRYANT

18 produced, prepared, created, authored, conceived of or reduced to practice, whether

19 alone or jointly with others, prior to December 31, 2001.

20

21 REQUEST FOR PRODUCTION NO. 19:

22         All DOCUMENTS RELATING TO DESIGNS produced, prepared,

23 created, authored, conceived of or reduced to practice prior to December 31, 2001

24 by BRYANT, whether alone or jointly with others, in which YOU or MGA have

25 purported at any time to purchase, acquire or own any right, title or interest (whether

26 in whole or in part).

27                                                EXHIBIT ___2___

28                                                PAGE ___42___

07209/2142932.1

-13-

1  REQUEST FOR PRODUCTION NO. 20:

2          All DOCUMENTS, including without limitation all

3  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4  any agreement or contract between BRYANT and MATTEL.

5

6  REQUEST FOR PRODUCTION NO. 21:

7          All DOCUMENTS, including without limitation all

8  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

9  YOUR or MGA's knowledge of any agreement or contract between BRYANT and

10 MATTEL.

11

12 REQUEST FOR PRODUCTION NO. 22:

13          All DOCUMENTS RELATING TO any payment or transfer of

14 anything of value made to or on behalf of BRYANT prior to October 21, 2000 or for

15 work or services performed by BRYANT prior to October 21, 2000 regardless of

16 when such payment was actually made.

17

18 REQUEST FOR PRODUCTION NO. 23:

19          All DOCUMENTS RELATING TO any agreement or contract

20 between YOU or MGA, on the one hand, and BRYANT, on the other hand,

21 including without limitation all drafts thereof, all actual or proposed amendments,

22 modifications and revisions thereto and all COMMUNICATIONS RELATING

23 thereto.

24

25 REQUEST FOR PRODUCTION NO. 24:

26          All doll heads, sculpts, prototypes, models, samples and tangible items

27 that were created, prepared or made, whether in whole or in part, prior to December

28 31, 2001 RELATING TO BRATZ.

EXHIBIT ___2___

PAGE ___43___

07209/2142932.1

-14-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 25:

2          All doll heads, sculpts, prototypes, models, samples and tangible items

3  that were created, prepared or made, whether in whole or in part, prior to December

4  31, 2001 RELATING TO ANGEL.

5

6  REQUEST FOR PRODUCTION NO. 26:

7          All DOCUMENTS RELATING TO each and every sculpt of BRATZ

8  (including without limitation any model, prototype or sample thereof) prior to June

9  1, 2001.

10

11  REQUEST FOR PRODUCTION NO. 27:

12          All DOCUMENTS RELATING TO each and every sculpt of ANGEL

13  (including without limitation any model, prototype or sample thereof).

14

15  REQUEST FOR PRODUCTION NO. 28:

16          All DOCUMENTS RELATING TO the procurement, fabrication,

17  preparation and production of each and every mold for BRATZ (including without

18  limitation for any model, prototype or sample thereof) prior June 30, 2001,

19  including without limitation all orders, purchase orders and invoices relating thereto.

20

21  REQUEST FOR PRODUCTION NO. 29:

22          DOCUMENTS sufficient to show when any mold for ANGEL

23  (including without limitation for any model, prototype or sample thereof) was first

24  ordered, requested, procured, fabricated, prepared and produced.

25                                          EXHIBIT ____2____

26  REQUEST FOR PRODUCTION NO. 30:      PAGE ____44____

27          All DOCUMENTS RELATING TO any showing, presentation or

28  exhibition, or any proposed, offered or requested showing, presentation or

07209/2142932.1

-15-

1 exhibition, of BRATZ (including without limitation any model, prototype or sample

2 thereof) prior to June 30, 2001.

3

4 REQUEST FOR PRODUCTION NO. 31:

5         DOCUMENTS sufficient to show when ANGEL (including without

6 limitation any model, prototype or sample thereof) was first exhibited, shown or

7 presented to any third party.

8

9 REQUEST FOR PRODUCTION NO. 32:

10         All COMMUNICATIONS between YOU or MGA and any wholesaler,

11 distributor, and/or retailer RELATING TO BRATZ prior to December 31, 2001.

12

13 REQUEST FOR PRODUCTION NO. 33:

14         All COMMUNICATIONS between YOU or MGA and any wholesaler,

15 distributor, and/or retailer RELATING TO ANGEL.

16

17 REQUEST FOR PRODUCTION NO. 34:

18         All DOCUMENTS RELATING TO when and where BRATZ

19 (including without limitation any model, prototype or sample thereof) was first

20 marketed to any wholesaler, distributor and/or retailer.

21

22 REQUEST FOR PRODUCTION NO. 35:

23         All DOCUMENTS RELATING TO when and where ANGEL

24 (including without limitation any model, prototype or sample thereof) was first

25 marketed to any wholesaler, distributor and/or retailer.

26

27 EXHIBIT __2__

28 PAGE __45__

07209/2142932.1

-16-

REQUEST FOR PRODUCTION NO. 36:

DOCUMENTS sufficient to show when and where BRATZ was first shipped, distributed and sold.

REQUEST FOR PRODUCTION NO. 37:

DOCUMENTS sufficient to show when and where ANGEL was first shipped, distributed and sold.

REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS RELATING TO the licensing, including without limitation the proposed, offered or requested licensing, of BRATZ prior to December 31, 2001.

REQUEST FOR PRODUCTION NO. 39:

All COMMUNICATIONS between YOU or MGA and any manufacturer, or any contemplated, proposed or potential manufacturer, RELATING TO BRATZ prior to December 31, 2001.

REQUEST FOR PRODUCTION NO. 40:

DOCUMENTS sufficient to identify when YOU or MGA first contacted any manufacturer, or any contemplated, proposed or potential manufacturer, for the production or manufacture of ANGEL.

REQUEST FOR PRODUCTION NO. 41:

All COMMUNICATIONS between YOU or MGA and any PERSON that REFER OR RELATE TO the distribution or proposed or potential distribution of BRATZ prior to December 31, 2001.

EXHIBIT _2_

PAGE _46_

07209/2142932.1

-17-

1  REQUEST FOR PRODUCTION NO. 42:

2            All DOCUMENTS RELATING TO the performance of any agreement

3  or contract between YOU or MGA, on the one hand, and BRYANT, on the other

4  hand.

5

6  REQUEST FOR PRODUCTION NO. 43:

7            All DOCUMENTS RELATING TO the agreement dated as of

8  September 18, 2000 between MGA and BRYANT, including without limitation all

9  drafts thereof, any actual or proposed modifications, amendments or revisions

10  thereto and all COMMUNICATIONS RELATING thereto.

11

12  REQUEST FOR PRODUCTION NO. 44:

13            All DOCUMENTS RELATING TO the Modification and Clarification

14  of the Agreement dated as of September 18, 2000 between MGA and BRYANT,

15  including without limitation all drafts thereof, any actual or proposed modifications,

16  amendments or revisions thereto and all COMMUNICATIONS RELATING

17  thereto.

18

19  REQUEST FOR PRODUCTION NO. 45:

20            All DOCUMENTS RELATING TO the agreement dated April 2001

21  between MGA and BRYANT, including without limitation all drafts thereof, any

22  actual or proposed modifications, amendments or revisions thereto and all

23  COMMUNICATIONS RELATING thereto.

EXHIBIT ___2___

24

PAGE ___47___

25  REQUEST FOR PRODUCTION NO. 46:

26            All DOCUMENTS that RELATING TO any agreement or contract that

27  REFERS AND RELATES TO BRATZ between Isaac Larian and any PERSON

28  (including without limitation MGA), including without limitation all drafts thereof,

07209/2142932.1

-18-

1 | all actual or proposed amendments, modifications and revisions thereto and all
2 | COMMUNICATIONS RELATING thereto.

3

4 | REQUEST FOR PRODUCTION NO. 47:

5 | All DOCUMENTS RELATING TO the performance of any agreement
6 | or contract that REFERS AND RELATES TO BRATZ between Isaac Larian and
7 | any PERSON (including without limitation MGA).

8

9 | REQUEST FOR PRODUCTION NO. 48:

10 | All DOCUMENTS that REFER OR RELATE TO any agreement or
11 | contract that REFERS AND RELATES TO BRYANT between Isaac Larian and
12 | any PERSON (including without limitation MGA), including without limitation all
13 | drafts thereof, all actual or proposed amendments, modifications and revisions
14 | thereto and all COMMUNICATIONS RELATING thereto.

15

16 | REQUEST FOR PRODUCTION NO. 49:

17 | All DOCUMENTS RELATING TO the performance of any agreement
18 | or contract that REFERS AND RELATES TO BRYANT between Isaac Larian and
19 | any PERSON (including without limitation MGA).

20

21 | REQUEST FOR PRODUCTION NO. 50:

22 | All DOCUMENTS that REFER OR RELATE TO any agreement or
23 | contract that REFERS AND RELATES TO BRATZ between any FAMILY
24 | MEMBER of Isaac Larian and any PERSON (including without limitation MGA
25 | and/or Isaac Larian), including without limitation all drafts thereof, all actual or
26 | proposed amendments, modifications and revisions thereto and all
27 | COMMUNICATIONS RELATING thereto.

28

EXHIBIT __2__

PAGE __48__

07209/2142932.1

-19-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 51:

2        All DOCUMENTS RELATING TO the performance of any agreement

3  or contract that REFERS AND RELATES TO BRATZ between any FAMILY

4  MEMBER of Isaac Larian and any PERSON (including without limitation MGA

5  and/or Isaac Larian).

6

7  REQUEST FOR PRODUCTION NO. 52:

8        All DOCUMENTS RELATING TO any agreement or contract that

9  REFERS AND RELATES TO BRYANT between any FAMILY MEMBER of

10 Isaac Larian and any PERSON (including without limitation MGA and/or Isaac

11 Larian), including without limitation all drafts thereof, all actual or proposed

12 amendments, modifications and revisions thereto and all COMMUNICATIONS

13 RELATING thereto.

14

15 REQUEST FOR PRODUCTION NO. 53:

16       All DOCUMENTS RELATING TO the performance of any agreement

17 or contract that REFERS AND RELATES TO BRYANT between any FAMILY

18 MEMBER of Isaac Larian and any PERSON (including without limitation MGA

19 and/or Isaac Larian).

20

21 REQUEST FOR PRODUCTION NO. 54:

22       All DOCUMENTS RELATING TO royalties or payments RELATING

23 TO BRATZ that have been made by any PERSON (including without limitation

24 MGA) to, for or on behalf of Isaac Larian.

25

26

27       EXHIBIT ___2___

28       PAGE ___49___

07209/2142932.1

-20-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 55:

2        All DOCUMENTS RELATING TO royalties or payments RELATING

3  TO BRATZ that have been made by any PERSON (without limitation MGA) to, for

4  or on behalf of any FAMILY MEMBER of Isaac Larian.

5

6  REQUEST FOR PRODUCTION NO. 56:

7        All DOCUMENTS RELATING TO DIVA STARZ and RELATING

8  TO any time prior to December 31, 2001 (regardless of when such document was

9  prepared, written, transmitted or received, whether in whole or in part).

10

11  REQUEST FOR PRODUCTION NO. 57:

12        All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

13  DIVA STARZ and RELATING TO any time prior to December 31, 2001

14  (regardless of when such document was prepared, written, transmitted or received,

15  whether in whole or in part).

16

17  REQUEST FOR PRODUCTION NO. 58:

18        All DOCUMENTS RELATING TO MATTEL's consideration or

19  proposed use of "Brats," "Chat Brats" or any variation thereon and RELATING TO

20  any time prior to December 31, 2001 (regardless of when such document was

21  prepared, written, transmitted or received, whether in whole or in part).

22

23  REQUEST FOR PRODUCTION NO. 59:

24        All DOCUMENTS RELATING TO "Toon Teens."

25

26  REQUEST FOR PRODUCTION NO. 60:

27        All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

28  "Toon Teens."

**EXHIBIT** 2

07209/2142932.1

-21-

**PAGE** 50

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS, including without limitation COMMUNICATIONS, prepared, drafted, created, received or transmitted (whether in whole or in part) prior to December 31, 2001 RELATING TO BRYANT.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by BRYANT for, with or on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by Anna Rhee for, with or on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by Veronica Marlow for, with or on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

EXHIBIT ___2___

PAGE ___51___

07209/2142932.1

-22-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  DOCUMENT was prepared, created, received or transmitted, whether in whole or in
2  part).

3

4  REQUEST FOR PRODUCTION NO. 65:

5         All DOCUMENTS RELATING TO any actual, potential, proposed,
6  considered or contemplated work, activities or services, including without limitation
7  any freelance work or consulting services, by Sarah Halpern for, with or on behalf
8  of YOU or MGA prior to December 31, 2001 (regardless of when any such
9  DOCUMENT was prepared, created, received or transmitted, whether in whole or in
10  part).

11

12  REQUEST FOR PRODUCTION NO. 66:

13         All DOCUMENTS RELATING TO any actual, potential, proposed,
14  considered or contemplated work, activities or services, including without limitation
15  any freelance work or consulting services, by Jesse Ramirez for, with or on behalf of
16  YOU or MGA prior to December 31, 2001 (regardless of when any such
17  DOCUMENT was prepared, created, received or transmitted, whether in whole or in
18  part).

19

20  REQUEST FOR PRODUCTION NO. 67:

21         All DOCUMENTS RELATING TO any actual, potential, proposed,
22  considered or contemplated work, activities or services, including without limitation
23  any freelance work or consulting services, by Margaret Hatch (also known as
24  Margaret Leahy and/or Margaret Hatch-Leahy) for, with or on behalf of YOU or
25  MGA prior to December 31, 2001 (regardless of when any such DOCUMENT was
26  prepared, created, received or transmitted, whether in whole or in part).

27

28

EXHIBIT ___2___

PAGE ___52___

07209/2142932.1

-23-

1  REQUEST FOR PRODUCTION NO. 68:

2          All DOCUMENTS RELATING TO any actual, potential, proposed,

3  considered or contemplated work, activities or services, including without limitation

4  any freelance work or consulting services, by Elise Cloonan for, with or on behalf of

5  YOU or MGA.

6

7  REQUEST FOR PRODUCTION NO. 69:

8          All DOCUMENTS RELATING TO any actual, potential, proposed,

9  considered or contemplated work, activities or services, including without limitation

10  any freelance work or consulting services, by Maureen Mullen for, with or on behalf

11  of YOU or MGA.

12

13  REQUEST FOR PRODUCTION NO. 70:

14          All DOCUMENTS RELATING TO any actual, potential, proposed,

15  considered or contemplated work, activities or services, including without limitation

16  any freelance work or consulting services, by Billy Ragsdale for, with or on behalf

17  of YOU or MGA.

18

19  REQUEST FOR PRODUCTION NO. 71:

20          All DOCUMENTS RELATING TO any actual, potential, proposed,

21  considered or contemplated work, activities or services, including without limitation

22  any freelance work or consulting services, by Wendy Ragsdale for, with or on

23  behalf of YOU or MGA.

24

25  REQUEST FOR PRODUCTION NO. 72:

26          All DOCUMENTS RELATING TO any actual, potential, proposed,

27  considered or contemplated work, activities or services, including without limitation

28

EXHIBIT ___2___

PAGE ___53___

-24-

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 | any freelance work or consulting services, by David Dees for, with or on behalf of
2 | YOU or MGA.

3

4 | REQUEST FOR PRODUCTION NO. 73:

5 |       All DOCUMENTS RELATING TO any actual, potential, proposed,
6 | considered or contemplated work, activities or services, including without limitation
7 | any freelance work or consulting services, by Steve Linker for, with or on behalf of
8 | YOU or MGA.

9

10 | REQUEST FOR PRODUCTION NO. 74:

11 |       All DOCUMENTS RELATING TO Steve Linker and RELATING TO
12 | any time prior to December 31, 2001 (regardless of when such document was
13 | prepared, written, transmitted or received, whether in whole or in part).

14

15 | REQUEST FOR PRODUCTION NO. 75:

16 |       All DOCUMENTS RELATING TO any actual, potential, proposed,
17 | considered or contemplated work, activities or services, including without limitation
18 | any freelance work or consulting services, by Liz Hogan for, with or on behalf of
19 | YOU or MGA.

20

21 | REQUEST FOR PRODUCTION NO. 76:

22 |       All DOCUMENTS RELATING TO any actual, potential, proposed,
23 | considered or contemplated work, activities or services, including without limitation
24 | any freelance work or consulting services, by Amy Meyers for, with or on behalf of
25 | YOU or MGA.

26

27

28

EXHIBIT __2__

PAGE __54__

07209/2142932.1

-25-

1   REQUEST FOR PRODUCTION NO. 77:

2          To the extent not covered by other Requests, all DOCUMENTS

3   RELATING TO any actual, potential, proposed, considered or contemplated work,

4   activities or services, including without limitation any freelance work or consulting

5   services, by any PERSON RELATING TO BRATZ prior to December 31, 2001.

6

7   REQUEST FOR PRODUCTION NO. 78:

8          To the extent not covered by other Requests, all DOCUMENTS

9   RELATING TO any actual, potential, proposed, considered or contemplated work,

10  activities or services, including without limitation any freelance work or consulting

11  services, by any PERSON RELATING TO ANGEL prior to December 31, 2001.

12

13  REQUEST FOR PRODUCTION NO. 79:

14         All DOCUMENTS RELATING TO any focus groups RELATING TO

15  BRATZ and/or ANGEL, including without limitation all videotapes, summaries,

16  notes and reports associated therewith.

17

18  REQUEST FOR PRODUCTION NO. 80:

19         All DOCUMENTS RELATING TO any services or work performed by

20  L.A. Focus between January 1, 1999 and December 31, 2001, including without

21  limitation all videotapes, summaries, notes and reports associated therewith.

22

23  REQUEST FOR PRODUCTION NO. 81:

24         All DOCUMENTS RELATING TO Alaska Momma.

25                                          EXHIBIT __2__

26  REQUEST FOR PRODUCTION NO. 82:         PAGE ___55___

27         All DOCUMENTS RELATING TO any actual, potential, proposed,

28  considered or contemplated agreement or contract between YOU or MGA and Anna

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

07209/2142932.1

1  Rhee, including without limitation all drafts thereof and amendments, modifications

2  and revisions thereto, and all COMMUNICATIONS relating thereto.

3

4  REQUEST FOR PRODUCTION NO. 83:

5         All DOCUMENTS RELATING TO any payments of money or the

6  transfer of anything of value to Anna Rhee or her FAMILY MEMBERS.

7

8  REQUEST FOR PRODUCTION NO. 84:

9         All DOCUMENTS RELATING TO any actual, potential, proposed,

10  considered or contemplated agreement or contract between YOU or MGA and

11  Veronica Marlow or her FAMILY MEMBERS, including without limitation all

12  drafts thereof and amendments, modifications and revisions thereto, and all

13  COMMUNICATIONS relating thereto.

14

15  REQUEST FOR PRODUCTION NO. 85:

16         All DOCUMENTS RELATING TO any payments of money or the

17  transfer of anything of value to Veronica Marlow or her FAMILY MEMBERS.

18

19  REQUEST FOR PRODUCTION NO. 86:

20         All DOCUMENTS RELATING TO any actual, potential, proposed,

21  considered or contemplated agreement or contract between YOU or MGA and

22  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or

23  her FAMILY MEMBERS, including without limitation all drafts thereof and

24  amendments, modifications and revisions thereto, and all COMMUNICATIONS

25  relating thereto.

26

27                                              EXHIBIT ___2___

28                                              PAGE ___56___

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

REQUEST FOR PRODUCTION NO. 87:

All DOCUMENTS RELATING TO any payments of money or the transfer of anything of value to Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY MEMBERS.

REQUEST FOR PRODUCTION NO. 88:

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated agreement or contract between YOU or MGA and Sarah Halpern or her FAMILY MEMBERS, including without limitation all drafts thereof and amendments, modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

REQUEST FOR PRODUCTION NO. 89:

All DOCUMENTS RELATING TO any payments of money or the transfer of anything of value to Sarah Halpern or her FAMILY MEMBERS.

REQUEST FOR PRODUCTION NO. 90:

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated agreement or contract between YOU or MGA and Jesse Ramirez or his FAMILY MEMBERS, including without limitation all drafts thereof and amendments, modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

REQUEST FOR PRODUCTION NO. 91:

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated agreement or contract between YOU or MGA and Elise Cloonan or her FAMILY MEMBERS, including without limitation all drafts thereof

EXHIBIT __2__

PAGE __57__

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1   and amendments, modifications and revisions thereto, and all
2   COMMUNICATIONS relating thereto.

3

4   REQUEST FOR PRODUCTION NO. 92:
5         All DOCUMENTS RELATING TO any payments of money or the
6   transfer of anything of value to Elise Cloonan or her FAMILY MEMBERS.

7

8   REQUEST FOR PRODUCTION NO. 93:
9         All DOCUMENTS RELATING TO any actual, potential, proposed,
10  considered or contemplated agreement or contract between YOU or MGA and
11  Stephen Lee or his FAMILY MEMBERS at any time after January 1, 2003,
12  including without limitation all drafts thereof and amendments, modifications and
13  revisions thereto, and all COMMUNICATIONS relating thereto.

14

15  REQUEST FOR PRODUCTION NO. 94:
16        All DOCUMENTS RELATING TO any actual, potential, proposed,
17  considered or contemplated agreement or contract between YOU or MGA and
18  David Dees or his FAMILY MEMBERS, including without limitation all drafts
19  thereof and amendments, modifications and revisions thereto, and all
20  COMMUNICATIONS relating thereto.

21

22  REQUEST FOR PRODUCTION NO. 95:
23        All DOCUMENTS RELATING TO any payments of money or the
24  transfer of anything of value to David Dees or her FAMILY MEMBERS.
25

26  REQUEST FOR PRODUCTION NO. 96:
27        All DOCUMENTS RELATING TO any actual, potential, proposed,
28  considered or contemplated agreement or contract between YOU or MGA and Steve

EXHIBIT __2__

PAGE __58__

-29-

1  Linker, including without limitation all drafts thereof and amendments,

2  modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

3

4  REQUEST FOR PRODUCTION NO. 97:

5          All DOCUMENTS RELATING TO any actual, potential, proposed,

6  considered or contemplated agreement or contract between YOU or MGA and Liz

7  Hogan, including without limitation all drafts thereof and amendments,

8  modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

9

10  REQUEST FOR PRODUCTION NO. 98:

11          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

12  created, authored, conceived of or reduced to practice prior to December 31, 2001

13  by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy),

14  whether alone or jointly with others, in which YOU or MGA have purported at any

15  time to purchase, acquire or own any right, title or interest (whether in whole or in

16  part).

17

18  REQUEST FOR PRODUCTION NO. 99:

19          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

20  created, authored, conceived of or reduced to practice prior to December 31, 2001

21  by Anna Rhee, whether alone or jointly with others, in which YOU or MGA have

22  purported at any time to purchase, acquire or own any right, title or interest (whether

23  in whole or in part).

24                                              **EXHIBIT** _2_

25  REQUEST FOR PRODUCTION NO. 100:      **PAGE** _59_

26          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

27  created, authored, conceived of or reduced to practice prior to January 1, 2001 by

28  Veronica Marlow, whether alone or jointly with others, in which YOU or MGA

1  have purported at any time to purchase, acquire or own any right, title or interest

2  (whether in whole or in part).

3

4  REQUEST FOR PRODUCTION NO. 101:

5          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

6  created, authored, conceived of or reduced to practice by Elise Cloonan, whether

7  alone or jointly with others, in which YOU or MGA have purported at any time to

8  purchase, acquire or own any right, title or interest (whether in whole or in part).

9

10  REQUEST FOR PRODUCTION NO. 102:

11          All DOCUMENTS prepared, written, transmitted or received (whether

12  in whole or in part) prior to January 1, 2001 RELATING TO ANGEL.

13

14  REQUEST FOR PRODUCTION NO. 103:

15          All DOCUMENTS RELATING TO ANGEL RELATING TO any time

16  prior to January 1, 2001 (regardless of when such document was prepared, written,

17  transmitted or received, whether in whole or in part).

18

19  REQUEST FOR PRODUCTION NO. 104:

20          All DOCUMENTS, including without limitation all

21  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

22  any agreement or contract between Margaret Hatch (also known as Margaret Leahy

23  and/or Margaret Hatch-Leahy) and MATTEL.

24                                          EXHIBIT __2__

25  REQUEST FOR PRODUCTION NO. 105:        PAGE __60__

26          All DOCUMENTS, including without limitation all

27  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

28  any agreement or contract between Kami Gillmour and MATTEL.

07209/2142932.1

-31-

1  REQUEST FOR PRODUCTION NO. 106:

2          All DOCUMENTS, including without limitation all

3  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4  any agreement or contract between Paula Garcia and MATTEL.

5

6  REQUEST FOR PRODUCTION NO. 107:

7          All DOCUMENTS, including without limitation all

8  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

9  any agreement or contract between Mercedeh Ward and MATTEL.

10

11  REQUEST FOR PRODUCTION NO. 108:

12          All DOCUMENTS, including without limitation all

13  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

14  any agreement or contract between Jessie Ramirez and MATTEL.

15

16  REQUEST FOR PRODUCTION NO. 109:

17          All DOCUMENTS, including without limitation all

18  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

19  any agreement or contract between Billy Ragsdale and MATTEL.

20

21

22  REQUEST FOR PRODUCTION NO. 110:

23          All DOCUMENTS, including without limitation all

24  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25  any agreement or contract between Wendy Ragsdale and MATTEL.

26

27  EXHIBIT __2__

28  PAGE __61__

07209/2142932.1

-32-

1   REQUEST FOR PRODUCTION NO. 111:

2           All DOCUMENTS, including without limitation all

3   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4   any agreement or contract between Veronica Marlow and MATTEL.

5

6   REQUEST FOR PRODUCTION NO. 112:

7           To the extent not covered by other Requests, all DOCUMENTS,

8   including without limitation all COMMUNICATIONS between YOU or MGA and

9   any PERSON, RELATING TO any agreement or contract between MATTEL, on

10  the one hand, and any former employee of MATTEL who has been hired,

11  considered, solicited or interviewed for any position or potential position or

12  employment by YOU or MGA.

13

14  REQUEST FOR PRODUCTION NO. 113:

15          All COMMUNICATIONS between YOU or MGA and Anne Wang.

16

17  REQUEST FOR PRODUCTION NO. 114:

18          All DOCUMENTS, including without limitation all

19  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

20  Anne Wang.

21

22  REQUEST FOR PRODUCTION NO. 115:

23          All DOCUMENTS, including without limitation all

24  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25  Brooke Gilbert.

26

27                          EXHIBIT __2__

28                          PAGE __62__

07209/2142932.1

-33-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 116:

2            All COMMUNICATIONS between YOU or MGA and BRYANT

3  RELATING TO MATTEL or any officer, director, employee or representative of

4  MATTEL.

5

6  REQUEST FOR PRODUCTION NO. 117:

7            All declarations, affidavits and other sworn written statements of any

8  other type or form by any PERSON RELATING TO BRATZ (other than those

9  previously filed and served in this ACTION), including all such declarations,

10  affidavits and other sworn written statements of any other type or form by or on

11  behalf of YOU.

12

13  REQUEST FOR PRODUCTION NO. 118:

14            All transcripts and video and/or audio recordings of statements made

15  by any PERSON under oath, including without limitation all deposition transcripts,

16  trial transcripts and arbitration transcripts, RELATING TO BRATZ (other than

17  those taken in this ACTION when MATTEL's counsel was in attendance),

18  including all such transcripts and video and/or audio recordings of statements by or

19  on behalf of YOU.

20

21  REQUEST FOR PRODUCTION NO. 119:

22            All declarations, affidavits and other sworn written statements of any

23  other type or form by any PERSON RELATING TO ANGEL (other than those

24  previously filed and served in this ACTION), including all such declarations,

25  affidavits and other sworn written statements of any other type or form by or on

26  behalf of YOU.

27

28

EXHIBIT ___2___

PAGE ___63___

07209/2142932.1

-34-

REQUEST FOR PRODUCTION NO. 120:

All transcripts and video and/or audio recordings of statements made by any PERSON under oath, including without limitation all deposition transcripts, trial transcripts and arbitration transcripts, that RELATING TO ANGEL (other than those taken in this ACTION when Mattel's counsel was in attendance), including all such declarations, affidavits and other sworn written statements of any other type or form by or on behalf of YOU.

REQUEST FOR PRODUCTION NO. 121:

All DOCUMENTS RELATING TO the litigation encaptioned *The Ships Carpenter, Inc. v. MGA Entertainment*, filed in Los Angeles Superior Court on or about October 11, 2001, Case Nos. 01S03739 and 01S03740.

REQUEST FOR PRODUCTION NO. 122:

All DOCUMENTS seen, viewed or reviewed by YOU at any time in preparation for the deposition of YOU that was taken in this ACTION on July 18, 2006.

REQUEST FOR PRODUCTION NO. 123:

All DOCUMENTS RELATING TO any and all arbitrations and suits between YOU and Farhad Larian.

REQUEST FOR PRODUCTION NO. 124:

All DOCUMENTS filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad Larian against YOU, including without limitation all declarations, affidavits, transcripts, video and/or audio recordings and sworn testimony given by any PERSON in such suit or arbitration proceedings.

EXHIBIT 2

PAGE 64

07209/2142932.1

-35-

1  REQUEST FOR PRODUCTION NO. 125:
2      All DOCUMENTS RELATING TO any and all settlements resolutions
3  or compromises of any suit and/or arbitration proceedings between YOU and Farhad
4  Larian.
5
6  REQUEST FOR PRODUCTION NO. 126:
7      All contracts or agreements between YOU or MGA and Farhad Larian.
8
9  REQUEST FOR PRODUCTION NO. 127:
10      All COMMUNICATIONS RELATING TO BRATZ between YOU or
11  MGA and Farhad Larian.
12
13  REQUEST FOR PRODUCTION NO. 128:
14      All DOCUMENTS RELATING TO COMMUNICATIONS between
15  YOU or MGA and Farhad Larian that REFER OR RELATE TO BRATZ, including
16  without limitation all diaries, notes, calendars, logs, phone records and letters, that
17  reflect, record or memorialize or otherwise RELATING TO any such
18  COMMUNICATIONS.
19
20  REQUEST FOR PRODUCTION NO. 129:
21      All COMMUNICATIONS RELATING TO BRYANT between YOU
22  or MGA and Farhad Larian.
23
24  REQUEST FOR PRODUCTION NO. 130:
25      All DOCUMENTS RELATING TO COMMUNICATIONS between
26  YOU or MGA and Farhad Larian that REFER OR RELATE TO BRYANT,
27  including without limitation all diaries, notes, calendars, logs, phone records and
28

EXHIBIT 2
PAGE 65

-36-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

07209/2142932.1

1 | letters, that reflect, record or memorialize or otherwise RELATING TO any such
2 | COMMUNICATIONS.
3 |
4 | REQUEST FOR PRODUCTION NO. 131:
5 |     All DOCUMENTS RELATING TO any and all payments or transfer of
6 | anything of value that YOU or MGA have made, have offered or proposed to make
7 | or have promised or agreed to make, to or for the benefit of Farhad Larian or his
8 | FAMILY MEMBERS at any time since January 1, 2001.
9 |
10 | REQUEST FOR PRODUCTION NO. 132:
11 |     All contracts or agreements between YOU or MGA and Morad Zarabi.
12 |
13 | REQUEST FOR PRODUCTION NO. 133:
14 |     All COMMUNICATIONS RELATING TO BRATZ between YOU or
15 | MGA and Morad Zarabi.
16 |
17 | REQUEST FOR PRODUCTION NO. 134:
18 |     All DOCUMENTS RELATING TO COMMUNICATIONS between
19 | YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRATZ, including
20 | without limitation all diaries, notes, calendars, logs, phone records and letters, that
21 | reflect, record or memorialize or otherwise RELATING TO any such
22 | COMMUNICATIONS.
23 |
24 | REQUEST FOR PRODUCTION NO. 135:
25 |     All COMMUNICATIONS RELATING TO BRYANT between YOU
26 | or MGA and Morad Zarabi.

EXHIBIT _2_

PAGE _66_

07209/2142932.1

-37-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 136:

2         All DOCUMENTS RELATING TO COMMUNICATIONS between

3  YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRYANT,

4  including without limitation all diaries, notes, calendars, logs, phone records and

5  letters, that reflect, record or memorialize or otherwise RELATING TO any such

6  COMMUNICATIONS.

7

8  REQUEST FOR PRODUCTION NO. 137:

9         All DOCUMENTS RELATING TO any and all payments or transfer of

10  anything of value that YOU or MGA have made, have offered or proposed to make

11  or have promised or agreed to make, to or for the benefit of Morad Zarabi or his

12  FAMILY MEMBERS at any time since January 1, 2001.

13

14  REQUEST FOR PRODUCTION NO. 138:

15         All DOCUMENTS RELATING TO any and all payments or transfers

16  of anything of value that YOU or MGA have made, have offered or proposed to

17  make or have promised or agreed to make, to or for the benefit of BRYANT or his

18  FAMILY MEMBERS.

19

20  REQUEST FOR PRODUCTION NO. 139:

21         All DOCUMENTS RELATING TO any and all payments or transfers

22  of anything of value that YOU or MGA have made, have offered or proposed to

23  make or have promised or agreed to make, to or for the benefit of Elise Cloonan or

24  her FAMILY MEMBERS.

EXHIBIT 2

25

PAGE 67

26  REQUEST FOR PRODUCTION NO. 140:

27         All DOCUMENTS RELATING TO any and all payments or transfers

28  of anything of value that YOU or MGA have made, have offered or proposed to

1 make or have promised or agreed to make, to or for the benefit of Margaret Hatch
2 (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY
3 MEMBERS.

4

5 REQUEST FOR PRODUCTION NO. 141:
6       All DOCUMENTS RELATING TO any and all payments or transfers
7 of anything of value that YOU or MGA have made, have offered or proposed to
8 make or have promised or agreed to make, to or for the benefit of Amy Meyers or
9 her FAMILY MEMBERS.

10

11 REQUEST FOR PRODUCTION NO. 142:
12       All DOCUMENTS RELATING TO any and all payments or transfers
13 of anything of value that YOU or MGA have made, have offered or proposed to
14 make or have promised or agreed to make, to or for the benefit of Sarah Halpern or
15 her FAMILY MEMBERS at any time since January 1, 1999.

16

17 REQUEST FOR PRODUCTION NO. 143:
18       All DOCUMENTS RELATING TO any and all payments or transfers
19 of anything of value that YOU or MGA have made, have offered or proposed to
20 make or have promised or agreed to make, to or for the benefit of Maureen Mullen
21 or her FAMILY MEMBERS at any time since January 1, 1999.

22

23 REQUEST FOR PRODUCTION NO. 144:
24       All DOCUMENTS RELATING TO any and all payments or transfers
25 of anything of value that YOU or MGA have made, have offered or proposed to
26 make or have promised or agreed to make, to or for the benefit of Wendy Ragsdale
27 or her FAMILY MEMBERS.

EXHIBIT 2

28

PAGE 68

07209/2142932.1

-39-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 145:

2        All DOCUMENTS RELATING TO any and all payments or transfers

3  of anything of value that YOU or MGA have made, have offered or proposed to

4  make or have promised or agreed to make, to or for the benefit of Billy Ragsdale or

5  his FAMILY MEMBERS.

6

7  REQUEST FOR PRODUCTION NO. 146:

8        All DOCUMENTS RELATING TO any and all payments or transfers

9  of anything of value that YOU or MGA have made, have offered or proposed to

10  make or have promised or agreed to make, to or for the benefit of Anna Rhee or her

11  FAMILY MEMBERS at any time since January 1, 1999.

12

13  REQUEST FOR PRODUCTION NO. 147:

14        All DOCUMENTS RELATING TO any indemnification that

15  BRYANT has sought, proposed, requested or obtained in connection with this

16  ACTION.

17

18  REQUEST FOR PRODUCTION NO. 148:

19        All DOCUMENTS RELATING TO any indemnification that Elise

20  Cloonan has sought, proposed, requested or obtained in connection with this

21  ACTION.

22

23  REQUEST FOR PRODUCTION NO. 149:

24        All DOCUMENTS RELATING TO any indemnification that Margaret

25  Hatch-Leahy has sought, proposed, requested or obtained in connection with this

26  ACTION.

27

28

EXHIBIT __2__

PAGE __69__

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

REQUEST FOR PRODUCTION NO. 150:

All DOCUMENTS RELATING TO any indemnification that Veronica Marlow has sought, proposed, requested or obtained in connection with this ACTION.

REQUEST FOR PRODUCTION NO. 151:

All DOCUMENTS RELATING TO any indemnification that Sarah Halpern has sought, proposed, requested or obtained in connection with this ACTION.

REQUEST FOR PRODUCTION NO. 152:

All DOCUMENTS RELATING TO any indemnification that Paula Garcia (also known as Paula Treantafellas) has sought, proposed, requested or obtained in connection with this ACTION.

REQUEST FOR PRODUCTION NO. 153:

To the extent not covered by other Requests, all DOCUMENTS RELATING TO any indemnification that any PERSON has sought, proposed, requested or obtained in connection with this ACTION.

REQUEST FOR PRODUCTION NO. 154:

All DOCUMENTS RELATING TO any indemnification that YOU or MGA have sought, proposed, requested or obtained in connection with this ACTION.

REQUEST FOR PRODUCTION NO. 155:

All COMMUNICATIONS between YOU or MGA and Universal Commerce Corp., Ltd. prior to June 1, 2001.

EXHIBIT __2__

PAGE __70__

07209/2142932.1

-41-

1  REQUEST FOR PRODUCTION NO. 156:

2       All DOCUMENTS that REFER OR RELATE TO MATTEL, or that

3  were prepared, authored or created by MATTEL, that BRYANT has ever provided

4  to, shown, described to, communicated to or disclosed in any manner to YOU or

5  MGA.

6

7  REQUEST FOR PRODUCTION NO. 157:

8       All COMMUNICATIONS between YOU or MGA and BRYANT prior

9  to January 1, 2001, including without limitation all diaries, notes, calendars, logs,

10  phone records and letters, that reflect, record or memorialize or otherwise

11  RELATING TO any such COMMUNICATIONS.

12

13  REQUEST FOR PRODUCTION NO. 158:

14       All COMMUNICATIONS between YOU or MGA and Elise Cloonan

15  that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee,

16  including without limitation all diaries, notes, calendars, logs, phone records and

17  letters, that reflect, record or memorialize or otherwise RELATING TO any such

18  COMMUNICATIONS.

19

20  REQUEST FOR PRODUCTION NO. 159:

21       All COMMUNICATIONS between YOU or MGA and Elise Cloonan

22  prior to June 11, 2002, including without limitation all diaries, notes, calendars,

23  logs, phone records and letters, that reflect, record or memorialize or otherwise

24  RELATING TO any such COMMUNICATIONS.

25                                    EXHIBIT __2__

26  REQUEST FOR PRODUCTION NO. 160:        PAGE __71__

27       All COMMUNICATIONS between YOU or MGA and Veronica

28  Marlow prior to January 1, 2001, including without limitation all diaries, notes,

07209/2142932.1

-42-

1  calendars, logs, phone records and letters, that reflect, record or memorialize or

2  otherwise RELATING TO any such COMMUNICATIONS.

3

4  REQUEST FOR PRODUCTION NO. 161:

5         All COMMUNICATIONS between YOU or MGA and Mercedeh

6  Ward prior to November 6, 2000, including without limitation all diaries, notes,

7  calendars, logs, phone records and letters, that reflect, record or memorialize or

8  otherwise RELATING TO any such COMMUNICATIONS.

9

10  REQUEST FOR PRODUCTION NO. 162:

11         All COMMUNICATIONS between YOU or MGA and Margaret Hatch

12  (also known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1,

13  2001, including without limitation all diaries, notes, calendars, logs, phone records

14  and letters, that reflect, record or memorialize or otherwise RELATING TO any

15  such COMMUNICATIONS.

16

17  REQUEST FOR PRODUCTION NO. 163:

18         All COMMUNICATIONS between YOU or MGA and Anna Rhee

19  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

20  logs, phone records and letters, that reflect, record or memorialize or otherwise

21  RELATING TO any such COMMUNICATIONS.

22

23  REQUEST FOR PRODUCTION NO. 164:

24         All COMMUNICATIONS between Veronica Marlow and Anna Rhee

25  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

26  logs, phone records and letters, that reflect, record or memorialize or otherwise

27  RELATING TO any such COMMUNICATIONS.            EXHIBIT __2__

28                                                 PAGE __72__

07209/2142932.1

-43-

1 | REQUEST FOR PRODUCTION NO. 165:

2 |       All COMMUNICATIONS between YOU or MGA and Sarah Halpern

3 | prior to January 1, 2001, including without limitation all diaries, notes, calendars,

4 | logs, phone records and letters, that reflect, record or memorialize or otherwise

5 | RELATING TO any such COMMUNICATIONS.

6 |

7 | REQUEST FOR PRODUCTION NO. 166:

8 |       All COMMUNICATIONS between YOU or MGA and Jesse Ramirez

9 | prior to January 1, 2001, including without limitation all diaries, notes, calendars,

10 | logs, phone records and letters, that reflect, record or memorialize or otherwise

11 | RELATING TO any such COMMUNICATIONS.

12 |

13 | REQUEST FOR PRODUCTION NO. 167:

14 |       Any personnel or vendor file that YOU created, control, or maintain

15 | concerning BRYANT.

16 |

17 | REQUEST FOR PRODUCTION NO. 168:

18 |       Any personnel file that YOU created, control, or maintain concerning

19 | Paula Garcia (also known as Paula Treantafellas).

20 |

21 | REQUEST FOR PRODUCTION NO. 169:

22 |       Any personnel file that YOU created, control, or maintain concerning

23 | Mercedeh Ward.

24 |

25 | REQUEST FOR PRODUCTION NO. 170:

26 |       Any personnel or vendor file that YOU created, control, or maintain

27 | concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-

28 | Leahy).

**EXHIBIT 2**

**PAGE 73**

1  REQUEST FOR PRODUCTION NO. 171:

2      Any personnel or vendor file that YOU created, control, or maintain

3  concerning Veronica Marlow.

4

5  REQUEST FOR PRODUCTION NO. 172:

6      Any personnel or vendor file that YOU created, control, or maintain

7  concerning Anna Rhee.

8

9  REQUEST FOR PRODUCTION NO. 173:

10     Any personnel or vendor file that YOU created, control, or maintain

11  concerning Jessie Ramirez.

12

13  REQUEST FOR PRODUCTION NO. 174:

14     Any personnel file that YOU created, control, or maintain concerning

15  Shirin Salemnia.

16

17  REQUEST FOR PRODUCTION NO. 175:

18     DOCUMENTS sufficient to show the relationship, whether by blood or

19  marriage, between Isaac Larian or any FAMILY MEMBER of Isaac Larian, on the

20  one hand, and Shirin Salemnia.

21

22  REQUEST FOR PRODUCTION NO. 176:

23     Any personnel file that YOU created, control, or maintain concerning

24  Victoria O'Connor.

25

26  REQUEST FOR PRODUCTION NO. 177:

27     Any personnel file that YOU created, control, or maintain concerning

28  Farhad Larian.

**EXHIBIT _2_**

**PAGE _74_**

07209/2142932.1

-45-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1    REQUEST FOR PRODUCTION NO. 178:

2            All DOCUMENTS RELATING TO, including without limitation

3    phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

4    time period from January 1, 1998 through January 1, 2001.

5

6    REQUEST FOR PRODUCTION NO. 179:

7            All DOCUMENTS RELATING TO, including without limitation

8    phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

9    time period from January 1, 1998 through January 1, 2001 RELATING TO BRATZ

10   and/or ANGEL.

11

12   REQUEST FOR PRODUCTION NO. 180:

13           All DOCUMENTS RELATING TO, including without limitation

14   phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

15   time period from April 1, 2004 through June 1, 2004.

16

17   REQUEST FOR PRODUCTION NO. 181:

18           All DOCUMENTS RELATING TO, including without limitation

19   phone records for, telephone calls RELATING TO BRYANT by or to YOU or

20   anyone on YOUR behalf at any time.

21

22   REQUEST FOR PRODUCTION NO. 182:

23           All DOCUMENTS that RELATING TO any actual, proposed,

24   contemplated, considered or potential copyright, patent or any other application or

25   registration for BRATZ or any BRATZ DESIGN, including without limitation all

26   COMMUNICATIONS pertaining thereto.

27

28

EXHIBIT _2_

PAGE _75_

07209/2142932.1

-46-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 183:

2      All DOCUMENTS RELATING TO any actual, proposed,

3  contemplated, considered or potential copyright, patent or any other application or

4  registration for ANGEL or any ANGEL DESIGN, including without limitation all

5  COMMUNICATIONS pertaining thereto.

6

7  REQUEST FOR PRODUCTION NO. 184:

8      All doll heads, sculpts, prototypes, models, samples and tangible items

9  that Anna Rhee painted, whether in whole or in part, for YOU, MGA or BRYANT,

10  or on behalf of YOU, MGA or BRYANT, prior to January 1, 2001.

11

12  REQUEST FOR PRODUCTION NO. 185:

13      All doll heads, sculpts, prototypes, models, samples and tangible items

14  that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that

15  BRYANT produced, created, authored, conceived of or reduced to practice, whether

16  alone or jointly with others, prior to January 1, 2001.

17

18  REQUEST FOR PRODUCTION NO. 186:

19      All DOCUMENTS RELATING TO the exhibition or showing of

20  BRATZ at the Hong Kong Toy Fair in January 2001.

21

22  REQUEST FOR PRODUCTION NO. 187:

23      All DOCUMENTS RELATING TO the exhibition or showing of

24  BRATZ at the Tokyo Toy Fair in or about February 2001.

25

26  REQUEST FOR PRODUCTION NO. 188:

27      All DOCUMENTS RELATING TO the exhibition of BRATZ at the

28  New York Toy Fair in or about February 2001.

EXHIBIT __2__

PAGE __76__

07209/2142932.1

-47-

**REQUEST FOR PRODUCTION NO. 189:**

To the extent not covered by other Requests, all DOCUMENTS RELATING TO the exhibition of BRATZ at any toy fair at any time prior to December 31, 2001.

**REQUEST FOR PRODUCTION NO. 190:**

All COMMUNICATIONS between YOU and any stock analyst, investment analyst, investment bank, institutional lender, or venture capital fund RELATING TO BRYANT, this ACTION OR MATTEL since January 1, 1999.

**REQUEST FOR PRODUCTION NO. 191:**

All COMMUNICATIONS between YOU and any member of the press RELATING TO BRATZ, including without limitation RELATING TO the origins, conception, creation, DESIGN or development thereof.

**REQUEST FOR PRODUCTION NO. 192:**

All COMMUNICATIONS between YOU and any member of the press RELATING TO BRYANT since January 1, 1999.

**REQUEST FOR PRODUCTION NO. 193:**

All COMMUNICATIONS between YOU and any member of the press RELATING TO this ACTION.

**REQUEST FOR PRODUCTION NO. 194:**

All COMMUNICATIONS between YOU and any member of the press RELATING TO MATTEL since January 1, 1999.

EXHIBIT 2
PAGE 77

1  REQUEST FOR PRODUCTION NO. 195:

2          All DOCUMENTS RELATING TO any statements made by YOU to

3  any stock analyst, investment analyst, investment bank, institutional lender, or

4  venture capital fund RELATING TO BRYANT since January 1, 1999.

5

6  REQUEST FOR PRODUCTION NO. 196:

7          All DOCUMENTS RELATING TO any statements made by YOU to

8  any stock analyst, investment analyst, investment bank, institutional lender, or

9  venture capital fund RELATING TO this ACTION.

10

11  REQUEST FOR PRODUCTION NO. 197:

12          All DOCUMENTS RELATING TO any statements made by YOU to

13  any stock analyst, investment analyst, investment bank, institutional lender, or

14  venture capital fund RELATING TO MATTEL since January 1, 1999.

15

16

17  REQUEST FOR PRODUCTION NO. 198:

18          All COMMUNICATIONS between YOU and any individual while the

19  individual was employed by MATTEL.

20

21  REQUEST FOR PRODUCTION NO. 199:

22          All DOCUMENTS RELATING TO publicity by YOU or MGA

23  RELATING TO BRATZ, ANGEL and/or BRYANT since January 1, 1999,

24  including but not limited to advertising, media releases, and public relations

25  material.

26

27          EXHIBIT __2__

28          PAGE __78__

1 REQUEST FOR PRODUCTION NO. 200:

2      All DOCUMENTS RELATING TO any effort by YOU or MGA to

3 recruit employees or contractors who have been or are employed by or who have

4 worked for MATTEL since January 1, 1999, including but not limited to

5 advertising, media releases, brochures, articles, catalogs, handbooks, and public

6 relations material.

7

8 REQUEST FOR PRODUCTION NO. 201:

9      All DOCUMENTS RELATING TO the hiring, engagement, or

10 retention by YOU or MGA of any current or former MATTEL employee or

11 contractor since January 1, 1999, including but not limited to all employment

12 agreements and agreements RELATING TO confidentiality or the invention,

13 authorship, or ownership of any concept or product.

14

15 REQUEST FOR PRODUCTION NO. 202:

16      All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

17 receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

18 deletion or use of any DOCUMENTS or DIGITAL INFORMATION, including but

19 not limited to any compilation of information, that was prepared, made, created,

20 generated, assembled or compiled by or for MATTEL and that was not publicly

21 available at the time of YOUR receipt of such DOCUMENT or DIGITAL

22 INFORMATION.

23

24 REQUEST FOR PRODUCTION NO. 203:

25      All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

26 knowledge of any MATTEL product prior to the time that such product had been

27 announced or disclosed by MATTEL to retailers or the public.

28

EXHIBIT 2

PAGE 79

-50-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 204:

2          All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

3  knowledge of any DESIGN created by, on behalf of, or at the behest of MATTEL,

4  or created by any PERSON employed by or under contract with MATTEL at the

5  time of the DESIGN's creation, that was not manufactured for sale or placed into the

6  retail market.

7

8  REQUEST FOR PRODUCTION NO. 205:

9          All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

10  receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

11  deletion or use of any MATTEL line list or other DOCUMENT prepared by

12  MATTEL identifying MATTEL products in the planning, design or development

13  phase.

14

15  REQUEST FOR PRODUCTION NO. 206:

16          All DOCUMENTS, since January 1, 1999, RELATING TO MGA's

17  receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

18  deletion or use of any MATTEL line list or other DOCUMENT prepared by

19  MATTEL identifying MATTEL products in the planning, design or development

20  phase.

21

22  REQUEST FOR PRODUCTION NO. 207:

23          DOCUMENTS sufficient to IDENTIFY each account with any bank or

24  financial institution that YOU have or have had, or that YOU have or have had any

25  legal or beneficial interest in, since January 1, 1999.

26

27          EXHIBIT __2__

28          PAGE __80__

07209/2142932.1

-51-

1 | REQUEST FOR PRODUCTION NO. 208:

2 |      Documents sufficient to establish YOUR gross income, and the sources

3 | of that gross income, for the years 1999 through the present, inclusive.

4 |

5 | REQUEST FOR PRODUCTION NO. 209:

6 |      YOUR federal and state tax returns for each of the years 1999 through

7 | the present, inclusive.

8 |

9 | REQUEST FOR PRODUCTION NO. 210:

10 |      DOCUMENTS sufficient to IDENTIFY each telephone subscription

11 | service account that YOU have or have had, or that YOU use or have used, since

12 | January 1, 1999.

13 |

14 | REQUEST FOR PRODUCTION NO. 211:

15 |      All MATTEL DOCUMENTS that BRYANT or any other PERSON

16 | has shown, given, provided, summarized or otherwise communicated to YOU or

17 | MGA (whether directly or indirectly) at any time since January 1, 1999.

18 |

19 | REQUEST FOR PRODUCTION NO. 212:

20 |      All DOCUMENTS that YOU knew or were informed that, or ever had

21 | any reason to believe, had been or were created by or originated from MATTEL,

22 | other than MATTEL products that YOU or MGA purchased at retail.

23 |

24 | REQUEST FOR PRODUCTION NO. 213:

25 |      All COMMUNICATIONS between YOU and any PERSON

26 | RELATING TO the retention or destruction of DOCUMENTS or DIGITAL

27 | INFORMATION between January 1, 1999 and the present.

28 |

EXHIBIT   2

PAGE   8 1

07209/2142932.1

-52-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 214:

2          All DOCUMENTS RELATING TO any facts underlying any of

3  YOUR defenses in this ACTION.

4

5  REQUEST FOR PRODUCTION NO. 215:

6          All doll heads, sculpts, prototypes, models, samples and tangible items

7  RELATING TO any facts underlying any of YOUR defenses in this ACTION.

8

9  REQUEST FOR PRODUCTION NO. 216:

10          All DOCUMENTS RELATING TO any facts underlying the claims for

11  relief in MATTEL's Complaint (including without limitation its Counterclaims)

12  against YOU or any other PERSON in this ACTION.

13

14  REQUEST FOR PRODUCTION NO. 217:

15          All doll heads, sculpts, prototypes, models, samples and tangible items

16  RELATING TO any facts underlying the claims for relief in MATTEL's Complaint

17  (including without limitation its Counterclaims) against YOU or any other PERSON

18  in this ACTION.

19

20  REQUEST FOR PRODUCTION NO. 218:

21          All DOCUMENTS RELATING TO any testing of or sampling from

22  any DOCUMENTS RELATING TO BRATZ or BRYANT, including without

23  limitation any such testing or sampling in connection with any ink, paper or

24  chemical analysis to date any such DOCUMENTS and including without limitation

25  all results and reports relating thereto.

26

27

28

EXHIBIT ___2___

PAGE ___82___

1  REQUEST FOR PRODUCTION NO. 219:

2          All DOCUMENTS RELATING TO YOUR knowledge of any testing

3  of or sampling from any DOCUMENTS RELATING TO BRATZ or BRYANT.

4

5  REQUEST FOR PRODUCTION NO. 220:

6          All DOCUMENTS RELATING TO Erich Speckin.

7

8  REQUEST FOR PRODUCTION NO. 221:

9          All DOCUMENTS RELATING TO YOUR payment of, or offer,

10  promise or agreement to pay, fees or costs in connection with the representation of

11  or provision of legal advice or legal services to any PERSON who is not, as of June

12  8, 2007, an MGA employee, including without limitation all contracts and

13  agreements RELATING thereto, the amounts YOU have so paid or agreed to pay to

14  such PERSON and the dates on which such payments were made.

15

16  REQUEST FOR PRODUCTION NO. 222:

17          Each STORAGE DEVICE that YOU have used to create, prepare,

18  generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION

19  RELATING TO BRATZ, ANGEL or BRYANT.

20

21  REQUEST FOR PRODUCTION NO. 223:

22          DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that

23  YOU have used to create, prepare, generate, copy, transmit, receive, delete or

24  modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or

25  BRYANT.

26

27

28

EXHIBIT  2

PAGE  83

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 | REQUEST FOR PRODUCTION NO. 224:

2 |     All DOCUMENTS RELATING TO the purchase, acquisition,

3 | installation, transfer, shipment, destruction or disposition of each STORAGE

4 | DEVICE that YOU have used to create, prepare, generate, copy, transmit, receive,

5 | delete or modify any DIGITAL INFORMATION RELATING TO BRATZ,

6 | ANGEL or BRYANT.

7 |

8 | REQUEST FOR PRODUCTION NO. 225:

9 |     Each STORAGE DEVICE that BRYANT has used to create, prepare,

10 | generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION

11 | RELATING TO BRATZ, ANGEL or MGA.

12 |

13 | REQUEST FOR PRODUCTION NO. 226:

14 |     DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that

15 | BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or

16 | modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL, YOU

17 | or MGA.

18 |

19 | REQUEST FOR PRODUCTION NO. 227:

20 |     All DOCUMENTS RELATING TO the purchase, acquisition,

21 | installation, transfer, shipment, destruction or disposition of each STORAGE

22 | DEVICE that BRYANT has used to create, prepare, generate, copy, transmit,

23 | receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ,

24 | ANGEL, YOU or MGA.

25 |

26 | REQUEST FOR PRODUCTION NO. 228:

27 |     All DOCUMENTS RELATING TO the purchase, acquisition,

28 | installation, transfer, shipment, destruction or disposition of each STORAGE

EXHIBIT  2

PAGE  84

07209/2142932.1

1   DEVICE that BRYANT has used to create, prepare, generate, copy, transmit,

2   receive, delete or modify any DIGITAL INFORMATION.

3

4   REQUEST FOR PRODUCTION NO. 229:

5         DOCUMENTS sufficient to identify by product name, product number

6   and SKU each BRATZ PRODUCT including without limitation each BRATZ

7   DOLL, sold by MGA or its licensees.

8

9   REQUEST FOR PRODUCTION NO. 230:

10        DOCUMENTS sufficient to show the number of units of each BRATZ

11   DOLL sold by MGA or its licensees.

12

13   REQUEST FOR PRODUCTION NO. 231:

14        DOCUMENTS sufficient to show the revenue received by YOU from

15   the sale of each BRATZ DOLL sold by MGA or its licensees.

16

17   REQUEST FOR PRODUCTION NO. 232:

18        DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

19   and other costs for each BRATZ DOLL sold by MGA or its licensees.

20

21   REQUEST FOR PRODUCTION NO. 233:

22        All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

23   YOUR profits from the sale of each BRATZ DOLL sold by MGA or its licensees.

24

25   REQUEST FOR PRODUCTION NO. 234:

26        For each customer to whom YOU or YOUR licensees have ever sold

27   any BRATZ DOLL, DOCUMENTS sufficient to show the number of units of each

28   such BRATZ DOLL sold by MGA or its licensees to that customer.

EXHIBIT 2

PAGE 85

07209/2142932.1

-56-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 | **REQUEST FOR PRODUCTION NO. 235:**

2        For each customer to whom YOU or YOUR licensees have ever sold

3 | any BRATZ DOLL, documents sufficient to show the revenue received by YOU

4 | from each such BRATZ DOLL sold by MGA or its licensees to that customer.

5 |

6 | **REQUEST FOR PRODUCTION NO. 236:**

7        For each customer to whom YOU or YOUR licensees have ever sold

8 | any BRATZ DOLL, documents sufficient to show YOUR profits from each such

9 | BRATZ DOLL sold by MGA or its licensees to that customer.

10 |

11 | **REQUEST FOR PRODUCTION NO. 237:**

12        DOCUMENTS sufficient to show customer returns to YOU of BRATZ

13 | DOLLS sold or distributed by MGA or its licensees.

14 |

15 | **REQUEST FOR PRODUCTION NO. 238:**

16        DOCUMENTS sufficient to show customer rebates or credits given by

17 | MGA or its licensees to customers in connection with BRATZ DOLLS.

18 |

19 | **REQUEST FOR PRODUCTION NO. 239:**

20        DOCUMENTS sufficient to show, by product number or SKU, the

21 | number of units of each BRATZ DOLL sold by MGA or its licensees.

22 |

23 | **REQUEST FOR PRODUCTION NO. 240:**

24        DOCUMENTS sufficient to show, by product number or SKU, the

25 | revenue received by YOU from the sale of each BRATZ DOLL sold by MGA or its

26 | licensees.

27

28

EXHIBIT _2_

PAGE _86_

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

07209/2142932.1

1  REQUEST FOR PRODUCTION NO. 241:

2          DOCUMENTS sufficient to show, by product number or SKU, YOUR

3  cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by MGA

4  or its licensees.

5

6  REQUEST FOR PRODUCTION NO. 242:

7          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

8  YOUR profits, by product number or SKU, from the sale of each BRATZ DOLL

9  sold by MGA or its licensees.

10

11  REQUEST FOR PRODUCTION NO. 243:

12          For each customer to whom YOU or YOUR licensees have ever sold

13  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

14  the number of units of each such BRATZ DOLL sold by MGA or its licensees to

15  that customer.

16

17  REQUEST FOR PRODUCTION NO. 244:

18          For each customer to whom YOU or YOUR licensees have ever sold

19  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

20  the revenue received by YOU from each such BRATZ DOLL sold by MGA or its

21  licensees to that customer.

22

23  REQUEST FOR PRODUCTION NO. 245:

24          For each customer to whom YOU or YOUR licensees have ever sold

25  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

26  YOUR profits from each such BRATZ DOLL sold by MGA or its licensees to that

27  customer.

28

EXHIBIT 2

PAGE  87

07209/2142932.1

-58-

REQUEST FOR PRODUCTION NO. 246:

DOCUMENTS sufficient to show the revenue and profits derived by YOU from the sale by MGA or its licensees of BRATZ DOLLS including, without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and nets profits.

REQUEST FOR PRODUCTION NO. 247:

DOCUMENTS sufficient to show the number of units of each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 248:

DOCUMENTS sufficient to show the revenue received by YOU from the sale of each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 249:

DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 250:

All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR profits from the sale of each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 251:

DOCUMENTS sufficient to IDENTIFY all customers to whom MGA or its licensees have ever sold any BRATZ PRODUCT.

EXHIBIT 2

PAGE 88

07209/2142932.1

-59-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

**REQUEST FOR PRODUCTION NO. 252:**

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, DOCUMENTS sufficient to show the number of units of each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

**REQUEST FOR PRODUCTION NO. 253:**

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, documents sufficient to show the revenue received by YOU from each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

**REQUEST FOR PRODUCTION NO. 254:**

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, documents sufficient to show YOUR profits from each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

**REQUEST FOR PRODUCTION NO. 255:**

DOCUMENTS sufficient to show customer returns to MGA of BRATZ PRODUCTS sold or distributed by MGA or its licensees.

**REQUEST FOR PRODUCTION NO. 256:**

DOCUMENTS sufficient to show customer rebates and credits given by MGA or its licensees to customers in connection with BRATZ PRODUCTS.

**REQUEST FOR PRODUCTION NO. 257:**

DOCUMENTS sufficient to show, by product number or SKU, the number of units of each BRATZ PRODUCT sold by MGA or its licensees.

EXHIBIT 2

PAGE 89

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

**REQUEST FOR PRODUCTION NO. 258:**

DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from the sale of each BRATZ PRODUCT sold by MGA or its licensees.

**REQUEST FOR PRODUCTION NO. 259:**

DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by MGA or its licensees.

**REQUEST FOR PRODUCTION NO. 260:**

All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR or MGA's profits, by product number or SKU, from the sale of each BRATZ PRODUCT sold by MGA or its licensees.

**REQUEST FOR PRODUCTION NO. 261:**

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the number of units of each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

**REQUEST FOR PRODUCTION NO. 262:**

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

EXHIBIT _2_

PAGE _90_

07209/2142932.1

-61-

1  **REQUEST FOR PRODUCTION NO. 263:**

2        DOCUMENTS sufficient to show the revenue and profits derived by

3  YOU or MGA from the sale by YOU, MGA or its licensees of BRATZ

4  PRODUCTS including, without limitation, DOCUMENTS sufficient to show sales

5  revenue, costs of goods sold, variable costs, gross margins, royalties paid and

6  received, gross profits and nets profits.

7

8  **REQUEST FOR PRODUCTION NO. 264:**

9        DOCUMENTS sufficient to show the revenue and profits derived by

10 YOU or MGA from BRATZ MOVIES including, without limitation,

11 DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,

12 gross margins, royalties paid and received, gross profits and net profits.

13

14 **REQUEST FOR PRODUCTION NO. 265:**

15       DOCUMENTS sufficient to show the revenue and profits derived by

16 YOU or MGA from BRATZ TELEVISION SHOWS including, without limitation,

17 DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,

18 gross margins, royalties paid and received, gross profits and net profits.

19

20 **REQUEST FOR PRODUCTION NO. 266:**

21       All quarterly and annual profit and loss statements for BRATZ.

22

23 **REQUEST FOR PRODUCTION NO. 267:**

24       All sales, profit and cash flow projections or forecasts for BRATZ

25 DOLLS, BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION

26 SHOWS.

27

28

EXHIBIT __2__

PAGE __91__

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1    REQUEST FOR PRODUCTION NO. 268:

2            All DOCUMENTS that REFER OR RELATE TO the value of the

3    BRATZ brand.

4

5    REQUEST FOR PRODUCTION NO. 269:

6            DOCUMENTS sufficient to show or calculate YOUR net worth on a

7    yearly basis for each year from 1999 to the present.

8

9    REQUEST FOR PRODUCTION NO. 270:

10           All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

11   the BRATZ DOLL's share of the fashion doll market including, without limitation,

12   the extent to which Bratz has been or is gaining or losing market share in the fashion

13   doll market.

14

15   REQUEST FOR PRODUCTION NO. 271:

16           DOCUMENTS sufficient to show each of YOUR position(s), titles and

17   functions with and relationship to MGA, including without limitation with or to

18   MGA Entertainment HK Limited and MGAE de Mexico, S.r.l. de C.V.

19

20   REQUEST FOR PRODUCTION NO. 272:

21           All DOCUMENTS RELATING TO the ownership of MGA

22   Entertainment HK Limited.

23

24

25

26

27                                          EXHIBIT __2__

28                                          PAGE ___92___

07209/2142932.1

-63-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 | REQUEST FOR PRODUCTION NO. 273:

2 |      All DOCUMENTS RELATING TO the ownership of MGAE de

3 | Mexico, S.r.l. de C.V.

4 |

5 | REQUEST FOR PRODUCTION NO. 274:

6 |      An electronic copy of each DOCUMENT that YOU have produced in

7 | this action, or that is responsive to these Requests, that is or was created, prepared,

8 | generated, maintained or transmitted in digital form.

9 |

10 | REQUEST FOR PRODUCTION NO. 275:

11 |      The metadata for each DOCUMENT that YOU have produced in this

12 | action, or that is responsive to these Requests, that is or was created, prepared,

13 | generated, maintained or transmitted in digital form.

14 |

15 | REQUEST FOR PRODUCTION NO. 276:

16 |      To the extent not produced in response to any other Request for

17 | Production, all DOCUMENTS and tangible things upon which YOU intend to rely

18 | in this ACTION.

19 |

20 | DATED:  June 13, 2007          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
21 |

22 |

23 |                          By _Michael T. Zeller_/
24 |                             Michael T. Zeller
                                Attorneys for Mattel, Inc.
25 |

26 |                                              EXHIBIT   2

27 |                                              PAGE    93

28 |

07209/2142932.1

-64-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1

## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3    Street, 10th Floor, Los Angeles, California 90017-2543.

4    On June 13, 2007, I served true copies of the following document(s) described as
**MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**
5    **ISAAC LARIAN** on the parties in this action as follows:

6

7    John W. Keker, Esq.
     Michael H. Page, Esq.
8    Christa M. Anderson, Esq.
     KEKER & VAN NEST, LLP
9    710 Sansome Street
     San Francisco, California 94111
10

11

12    **BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver &
Hedges for collecting and processing correspondence for mailing with the United States Postal
13    Service. Under that practice, it would be deposited with the United States Postal Service that
same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s)
14    addressed as shown above, and such envelope(s) were placed for collection and mailing with
postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary
15    business practices.

16    I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.
17

      Executed on June 13, 2007, at Los Angeles, California.
18

19                                          *Elaine Chavarria*
20                                          Elaine Chavarria

21

22

23

24

25

26

27                                          EXHIBIT ___2___

28                                          PAGE ___94___

09819/2143538.1

## PROOF OF SERVICE

1

2        I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa

3    Street, 10th Floor, Los Angeles, California 90017-2543.

4        On June 13, 2007, I served true copies of the following document(s) described as
**MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**

5    **ISAAC LARIAN** on the parties in this action as follows:

6

7        Diana M. Torres, Esq.
O'Melveny & Myers, LLP

8        400 South Hope Street
Los Angeles, California  90071

9

10

11   **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)
being served.

12       I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.

13

14       Executed on June 13, 2007, at Los Angeles, California.

15

16                                               _____
                                               DAVE QUINTANA

17

18

19

20

21

22

23

24

25

26

27                                        EXHIBIT __2__

28                                        PAGE __95__

# EXHIBIT 3

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:     tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, California 94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8  Email:      rkennedy@skadden.com

9  Attorneys for Counter-Defendants
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA
10 ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de
   C.V.

11

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14                          EASTERN DIVISION

15

16 CARTER BRYANT, an individual          CASE NO. CV 04-9049 SGL (RNBx)

17            Plaintiff,                 Consolidated with Case No. 04-9059
                                         and Case No. 05-2727
18      v.
                                         DISCOVERY MATTER
19 MATTEL, INC., a Delaware
   corporation                           [To Be Heard By Discovery Master
20            Defendant.                 Hon. Edward Infante (Ret.)]

21 _____   DECLARATION OF AMY S. PARK
                                         IN SUPPORT OF MGA
22 Consolidated with MATTEL, INC. v.     DEFENDANTS' REPLY IN
   BRYANT and MGA                        SUPPORT OF THEIR MOTION TO
23 ENTERTAINMENT, INC. v.                QUASH MATTEL, INC.'S
   MATTEL, INC.                          SUBPOENA TO BANK OF
24                                       AMERICA

25                                       Hearing Date:  TBD
                                         Time:          TBD
26                                       Place:         TBD

27            CONFIDENTIAL – ATTORNEYS' EYES ONLY
         FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER
28 _____
    DECLARATION OF AMY PARK IN SUPPORT OF MGA DEFENDANTS' REPLY IN
   SUPPORT OF THEIR MOTION TO QUASH MATTEL INC.'S SUBPOENA TO BANK OF
                                AMERICA

EXHIBIT _____3_____

PAGE _____96_____

1   I, Amy S. Park, hereby declare as follows:

2       I am an attorney licensed to practice law in the State of California and

3   am a partner at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP,

4   attorneys of record for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment

5   (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, the "MGA

6   Defendants"), in the above-captioned matter. I submit this Declaration in Support of

7   the MGA Defendant's Reply in Support of Their Motion to Quash Mattel Inc.'s

8   Subpoena To Bank of America. Unless otherwise stated, I have personal knowledge

9   of the facts set forth below and, if called as a witness, I could and would testify

10  competently thereto.

11      1.   I have worked closely with and supervised the attorneys

12  responsible for the MGA Defendants' various document productions in this case.

13  Based on my conversations and work with these attorneys, I am informed and

14  believe that the MGA Defendants have produced more than 4.2 million pages of

15  documents in this case in response to Mattel's thousands of requests for production,

16  including documents produced by Mr. Larian showing payments and disbursements

17  from MGA to Mr. Larian and his family. These include at least the documents

18  bearing Bates numbers MGA 3787372 to MGA 3787397 and MGA 3787400 to

19  MGA 3787426.

20      2.   I am also informed and believe that in January 2008, Mr. Larian

21  produced documents, which included, among other things, documents showing his

22  net worth; his gross income, wages, dividend income, interest income, and other

23  income; and his banks and bank accounts. These documents include documents

24  bearing the Bates numbers MGA 3787275 to MGA 3787284.

25      3.   I am also informed and believe that, among the more than four

26  million pages of documents produced by the MGA Defendants, are documents

27  produced by Mr. Larian and MGA showing payments to every one of the individuals

28
                                    1
DECLARATION OF AMY PARK IN SUPPORT OF MGA DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION TO QUASH MATTEL INC.'S SUBPOENA TO BANK OF
                              AMERICA

EXHIBIT _____3_____

PAGE _____97_____

1  identified in Mattel's First Set of Requests to Mr. Larian that the Discovery Master
2  compelled in his December 31, 2007 Order.  These documents include, among many
3  others, the following:

| | | |
|---|---|---|
| 4 | Anne Rhee | MGA 3709676 |
| | | MGA 3709674 |
| 5 | | MGA 3709675 |
| 6 | | MGA 0072335 – MGA 0072352 |
| | | MGA 3709686 – MGA 3709687 |
| | | MGA 0014926 – MGA 0014927 |
| 7 | | MGA 00066– MGA 000676 |
| 8 | | MGA 00067 – MGA 000742 |
| | | MGA 0072321 – MGA 0072324 |
| 9 | | MGA 0069277 – MGA 0069279 |
| | | MGA 3709673 |
| 10 | | MGA 0014230 – MGA 0014232 |
| | | MGA 0069102 – MGA 0069220 |
| 11 | | MGA 0018368 – MGA 0018369 |
| 12 | Veronica Marlow | MGA 0014230 – MGA 0014232 |
| | | MGA 0069102 – MGA 0069220 |
| 13 | | MGA 006406 – MGA 006408 |
| | | MGA 0072176 – MGA 0072179 |
| 14 | | MGA 008035 – MGA 008038 |
| | | MGA 1476066 – MGA 1476072 |
| 15 | | MGA 008120 – MGA 008140 |
| | | MGA 008109 – MGA 008119 |
| 16 | | MGA 001602 |
| | | MGA 3709669 |
| 17 | | MGA 3709670 – MGA 3709671 |
| | | MGA 1474536 – MGA 1474598 |
| 18 | | MGA 1474382 |
| | | MGA 0028048 |
| 19 | | MGA 3709680 |
| | | MGA 3709681 |
| 20 | | MGA 3709683 |
| | | MGA 3709684 |
| 21 | | MGA 008418 |
| | | MGA 000514 |
| 22 | | MGA 0033822 |
| | | MGA 0081480 – MGA 0081489 |
| 23 | | MGA 008406 |
| | | MGA 003873 |
| 24 | | MGA 005141 – MGA 005142 |
| | | MGA 008080 – MGA 008081 |
| 25 | | MGA 008089 – MGA 008093 |
| | | MGA 008094 – MGA 008108 |
| 26 | | MGA 0080490 – MGA 0080527 |
| | | MGA 0072220 – MGA 0072240 |
| 27 | | MGA 0072047 – MGA 0072069 |
| | | MGA 0072019 – MGA 0072027 |

28

2

DECLARATION OF AMY PARK IN SUPPORT OF MGA DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION TO QUASH MATTEL INC.'S SUBPOENA TO BANK OF
AMERICA

EXHIBIT  3
PAGE  98

|  | | |
|---|---|---|
| 1 | | MGA 0080203 – MGA 0080294 |
| 2 | | MGA 0075753 – MGA 0075766 |
|  | | MGA 0078574 – MGA 0078646 |
| 3 | | MGA 0050725 – MGA 0050726 |
|  | | MGA 0028044 |
| 4 | | MGA 0046911 |
|  | | MGA 005066 – MGA 005068 |
| 5 | | MGA 1475941 – MGA 1475950 |
|  | | MGA 1476012 – MGA 1476018 |
| 6 | Margaret | MGA 0069102 – MGA 0069220 |
|  | Hatch- | MGA 006406 – MGA 006408 |
| 7 | Leahy | MGA 0083537 – MGA 0083543 |
|  | | MGA 1478570 – MGA 1478586 |
| 8 | | MGA 0083544 – MGA 0083548 |
|  | | MGA 0072371 – MGA 0072374 |
| 9 | | MGA 001414 – MGA 001431 |
|  | | MGA 0078422 – MGA 0078439 |
| 10 | | MGA 0078413 – MGA 0078421 |
|  | | MGA 0078394 – MGA 0078399 |
| 11 | | MGA 0072364 – MGA 0072370 |
| 12 | Sarah | MGA 006406 – MGA 006408 |
|  | Halpern | MGA 3787398 – MGA 3787399 |
| 13 | | MGA 0066331 |
|  | | MGA 0050271 |
| 14 | | MGA 0046279 |
|  | | MGA 0100060 |
| 15 | | MGA 0051326 – MGA 0051327 |
|  | | MGA 0050266 – MGA 0050268 |
| 16 | | MGA 0046817 – MGA 0046818 |
|  | | MGA 0836555 – MGA 0836556 |
| 17 | Elise | MGA 1475125 – MGA 1475129 |
| 18 | Cloonan | |
|  | David | MGA 0069102 – MGA 0069220 |
| 19 | Dees | MGA 006406 – MGA 006408 |
|  | | MGA 005050 – MGA 005052 |
| 20 | | MGA 0078219 – MGA 0078245 |
|  | | MGA 0078142 – MGA 0078218 |
| 21 | | MGA 1475125 – MGA 1475129 |
|  | | MGA 0078290 – MGA 0078328 |
| 22 | | MGA 0078246 – MGA 0078272 |
|  | | MGA 1475041 – MGA 1475044 |
| 23 | | MGA 1475045 – MGA 1475073 |
|  | | MGA 1475074 – MGA 1475089 |
| 24 | | MGA 1475090 – MGA 1475106 |
|  | | MGA 1475107 – MGA 1475124 |
| 25 | | MGA 1475130 – MGA 1475138 |
|  | | MGA 1475148 – MGA 1475161 |
| 26 | | MGA 1475167 – MGA 1475184 |
|  | | MGA 1475530 – MGA 1475543 |
| 27 | | MGA 1475621 – MGA 1475647 |
| 28 | | |

3

DECLARATION OF AMY PARK IN SUPPORT OF MGA DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO QUASH MATTEL INC.'S SUBPOENA TO BANK OF AMERICA

EXHIBIT ___3___

PAGE ___99___



|    |         |                             |
|----|---------|-----------------------------|
| 1  |         | MGA 1475648 – MGA 1475674   |
| 2  |         | MGA 1475675 – MGA 1475691   |
|    |         | MGA 1475692 – MGA 1475730   |
| 3  |         | MGA 3787367 – MGA 3787371   |
|    |         | MGA 1475544 – MGA 1475620   |
| 4  |         | MGA 0077506 – MGA 0077521   |
|    |         | MGA 0077451 – MGA 0077467   |
| 5  |         | MGA 0077468 – MGA 0077469   |
|    |         | MGA 0077470 – MGA 0077473   |
| 6  |         | MGA 0077474 – MGA 0077502   |
|    |         | MGA 0077503 – MGA 0077505   |
| 7  |         | MGA 0077522 – MGA 0077533   |
|    |         | MGA 0077534 – MGA 0077550   |
| 8  |         | MGA 0077551 – MGA 0077568   |
|    |         | MGA 0077569 – MGA 0077573   |
| 9  |         | MGA 0078273 – MGA 0078289   |
|    |         | MGA 0077574 – MGA 0077582   |
| 10 |         | MGA 0077583 – MGA 0077591   |
|    |         | MGA 0077592 – MGA 0077605   |
| 11 |         | MGA 0077611 – MGA 0077628   |
|    |         | MGA 0077642 – MGA 0077650   |
| 12 |         | MGA 0077634 – MGA 0077641   |
|    |         | MGA 0077651 – MGA 0077663   |
| 13 |         | MGA 0077664 – MGA 0077671   |
|    |         | MGA 0078128 – MGA 0078141   |
| 14 | Amy     | MGA 0887394                 |
|    | Meyers  | MGA 0882971                 |
| 15 |         | MGA 0882970                 |
|    |         | MGA 3787465 – MGA 3787466   |
| 16 |         | MGA 0050710                 |
|    |         | MGA 0050711                 |
| 17 |         | MGA 0050713                 |
|    |         | MGA 0050714                 |
| 18 |         | MGA 0050715                 |
|    |         | MGA 0050720 – MGA 0050721   |
| 19 |         | MGA 008712                  |
|    |         | MGA 008848                  |
| 20 |         | MGA 0050571                 |
|    |         | MGA 008852                  |
| 21 |         | MGA 008854                  |
|    |         | MGA 008859                  |
| 22 |         | MGA 008035 – MGA 008038     |
|    |         | MGA 008860                  |
| 23 |         | MGA 0068357 – MGA 0068359   |
|    |         | MGA 008849 – MGA 008863     |
| 24 |         | MGA 0050712                 |
|    |         | MGA 0050553                 |
| 25 |         | MGA 0050554 – MGA 0050555   |
|    |         | MGA 0050569                 |
| 26 |         | MGA 0050570                 |
|    |         | MGA 008862                  |
| 27 | Maureen | MGA 0075566 – MGA 0075572   |
|    |         | 4                           |
| 28 |         |                             |

DECLARATION OF AMY PARK IN SUPPORT OF MGA DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO QUASH MATTEL INC.'S SUBPOENA TO BANK OF AMERICA

EXHIBIT ___3___

PAGE ___100___

| | | |
|---|---|---|
| Mullen | MGA 1473756 – MGA 1473762 | |
| | MGA 1473831 – MGA 1473863 | |
| | MGA 1473803 – MGA 1473830 | |
| | MGA 1473780 – MGA 1473802 | |
| | MGA 1473763 – MGA 1473779 | |
| | MGA 1473735 – MGA 1473755 | |
| | MGA 1010923 – MGA 1010926 | |
| | MGA 0075735 – MGA 0075739 | |
| | MGA 0067891 | |
| Wendy Ragsdale | MGA 0836555 – MGA 0836556 | |
| | MGA 0836550 | |
| Billy Ragsdale | MGA 0836555 – MGA 0836556 | |
| | MGA 0060868 – MGA 0060984 | |
| | MGA 005050 – MGA 005052 | |

4.    I am also informed and believe that, among the millions of pages produced by them, Mr. Larian and MGA have also produced documents showing payments to Carter Bryant, including, among others, documents bearing the following Bates numbers:  MGA 0869803 – MGA 0869809; MGA 0869810 – MGA 0869822; MGA 0869823 – MGA 0869833; MGA 0869834 – MGA 086894; MGA 0869905 – MGA 0869935; MGA 0878575 – MGA 0878581; MGA 0878586 – MGA 0878598; MGA 0878599 – MGA 0878601; MGA 0878606 – MGA 0878612; MGA 001294; MGA 001295; MGA 001297; MGA 009000; MGA 009006; MGA 009009; MGA 009015; MGA 009021.

5.    I am also informed and believe that, among the millions of pages the MGA Defendants produced to Mattel, MGA has produced the following financial information:

- Audited and unaudited quarterly and annual profit and loss statements;
- Audited and unaudited quarterly and annual statements;
- Annual reports;
- Various MGA financial reports;
- Various financial documents relating to Veronica Marlow;
- Documents showing royalty payments to Carter Bryant;

5

DECLARATION OF AMY PARK IN SUPPORT OF MGA DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO QUASH MATTEL INC.'S SUBPOENA TO BANK OF AMERICA

EXHIBIT ___3___

PAGE ___101___

- Documents showing MGA's sales, returns and costs of good sold for each month, by SKU, since 2001;

- Documents showing MGA's promotional, advertising and media expenditures, including MGA's internal allocation of those expenditures by brand and/or product;

- Documents showing MGA's amortization and depreciation of certain capital assets and expenditures;

- Documents showing MGA's monthly general ledger entries aggregated by account, including income and expense accounts, reserves and liabilities; and

- Documents sufficient to explicate MGA's various accounts as presently and historically maintained in MGA's books and records, as well as various nomenclature assigned to items, products, brands, sub-brands, and profit centers.

6.     I have been informed and believe that on January 29, 2008, Melissa Grant of Quinn Emanuel contacted my partner, Tim Miller, and offered to postpone the compliance date of Mattel's subpoena to Bank of America to February 11, 2008. Ms. Grant did not represent that Bank of America would comply with any agreement between MGA and Mattel. I was in charge of supervising the drafting and filing of MGA's motion to quash Mattel's subpoena to Bank of America. The motion was already in the process of being filed when Tim Miller relayed Ms. Grant's message to me. Because Bank of America's representative had previously informed one of my associates that Bank of America would not halt compliance with any subpoena absent the filing of a motion to quash, MGA completed the filing. After the motion to quash was filed, I suggested that Ms. Grant review the motion and further stated that although the motion had been filed, I was still available to meet and confer about the subpoena. To date, Ms. Grant has not responded.

7.     Attached hereto as Exhibit 1 is a true and correct copy of Mattel, Inc.'s First Set of Requests for Documents and Things to Isaac Larian, dated June 13, 2007.

DECLARATION OF AMY PARK IN SUPPORT OF MGA DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO QUASH MATTEL INC.'S SUBPOENA TO BANK OF AMERICA

EXHIBIT  3
PAGE  102

8.      Attached hereto as Exhibit 2 is a true and correct copy of pages 48 to 58 of the transcript the February 11, 2008, telephonic hearing before the Discovery Master.

9.      Attached hereto as Exhibit 3 is a true and correct copy of the Declaration of John Trinidad in Support of Carter Bryant's Motion to Quash Mattel, Inc.'s Subpoena Issued to People's Bank of the Ozarks and exhibits D and E thereto. To avoid burdening the Discovery Master with additional papers, we are not attaching the remaining exhibits to Mr. Trinidad's declaration, which were previously filed with the Discovery Master.

10.     Attached hereto as Exhibit 4 is a true and correct copy of Mattel, Inc.'s Subpoena *Duces Tecum* to Wells Fargo Bank, N.A., dated November 20, 2007.

11.     Attached hereto as Exhibit 5 is a true and correct copy of Mattel, Inc.'s Subpoena *Duces Tecum* to Moss Adams, dated November 26, 2007.

12.     Attached hereto as Exhibit 6 is a true and correct copy of the Court's February 4, 2008 Minute Order.

13.     Attached hereto as Exhibit 7 is a true and correct copy of pages 293-296 and 363-366 from the official transcript of the December 28, 2007 deposition of Veronica Marlow (filed under seal).

14.     Attached hereto as Exhibit 8 is a true and correct copy of the Discovery Master's January 25, 2008, Order.

Executed this 15th day of February, 2008, at Palo Alto, California.

_____
Amy S. Park

7

DECLARATION OF AMY PARK IN SUPPORT OF MGA DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO QUASH MATTEL INC.'S SUBPOENA TO BANK OF AMERICA

EXHIBIT __3__

PAGE __103__

*Monies held in MGA cash accounts to be distributed in 2005

CONFIDENTIAL — ATTORNEYS' EYES ONLY

EXHIBIT _____3_____
PAGE _____104_____   MGA/3787275

REDACTED

ISAAC AND ANGELA LARIAN
List of Assets
2006

EXHIBIT ___3___

PAGE ___105___

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA 3787276

REDACTED

EXHIBIT _3_

PAGE _106_

HGA 3787277

CONFIDENTIAL - ATTORNEYS' EYES ONLY

REDACTED

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA 3787178

EXHIBIT __3__

PAGE __107__

REDACTED

OCTOBER 25, 2007

EXHIBIT ___3___

PAGE ___108___

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA 3767279

REDACTED

EXHIBIT _____3_____

PAGE _____109_____

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA 3797290

REDACTED

EXHIBIT _3_

PAGE _110_

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA 3787281

REDACTED

EXHIBIT ___3___

PAGE ___111___

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA 3737262

REDACTED

EXHIBIT ___3___

PAGE ___112___

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA 3787263

REDACTED

EXHIBIT ___3___

PAGE ___113___

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA 3787284

REDACTED

# EXHIBIT 4

CERTIFIED COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL, )
)
PLAINTIFF, )
)           CASE NO.
V. )           CV 04-9040 SGL (RNBX)
)
MATTEL, INC., A DELAWARE )
CORPORATION, ET AL., )
)
DEFENDANTS. )
_____ )
)
AND CONSOLIDATED ACTION (S). )

C O N F I D E N T I A L

(THIS TRANSCRIPT HAS BEEN DESIGNATED CONFIDENTIAL,
ATTORNEYS' EYES ONLY)

DEPOSITION OF ISAAC LARIAN

VOLUME II

MARCH 26, 2008



COURT REPORTERS
515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-(

REPORTED BY:
PAULA PYBURN
CSR NO. 7304
JOB NO. 08AB226-PP

EXHIBIT ___4___
PAGE ___114___