QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>        Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-09049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO CALL CARTER BRYANT AS A REBUTTAL WITNESS IN PHASE 1(a); AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: TBA<br>Time: TBA<br>Place: Courtroom 1<br><br>**Phase 1:**<br>Trial Date:    May 27, 2008 |

07209/2561202.3

MATTEL'S MOTION TO CALL CARTER BRYANT AS A REBUTTAL WITNESS IN PHASE 1(a)

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, as soon as counsel may be heard, in the courtroom of the Honorable Stephen G. Larson, located at 3470 Twelfth Street, Riverside, California 92501, plaintiff and counter-defendant Mattel, Inc. ("Mattel") will, and hereby does, move the Court to call Carter Bryant as a witness in Mattel's rebuttal case in Phase 1(a) of this trial.

This Motion is made pursuant to Fed. R. Evid. 611(a) and the Court's inherent powers on the grounds that, after Carter Bryant testified in Mattel's case in chief, defendants raised new issues that could not reasonably have been foreseen by Mattel, and which Mattel cannot rebut without further testimony from Carter Bryant.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Cyrus S. Naim and exhibits filed concurrently, and all other matters of which the Court may take judicial notice.

DATED: July 3, 2008            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
    Michael T. Zeller
    Attorneys for Mattel, Inc.

## Introduction

Carter Bryant was called by Mattel in its case-in-chief in Phase 1(a). After he was called, however, MGA raised new issues which Mattel could not have anticipated, and which Mattel cannot adequately rebut without further cross examination of Carter Bryant.[1]  Mattel therefore now seeks to recall Bryant to testify on rebuttal on these matters raised by MGA.

Bryant's counsel has argued that Bryant cannot be compelled because he has ostensibly discharged his obligation to appear in Mattel's case-in-chief.  As shown below, this Court continues to have jurisdiction over a duly subpoenaed witness.  Moreover, this Court already ruled that Bryant's new third-party status does not obviate his ongoing obligations to this Court.

## Argument

### I. THE COURT IS EMPOWERED TO COMPEL BRYANT TO APPEAR PURSUANT TO A DULY SERVED SUBPOENA

Contrary to Mr. Bryant's assertions, Mr. Bryant is obligated to appear as a rebuttal witness.  Mr. Bryant was duly served with a trial subpoena.[2]  He never objected to the subpoena for testimony or moved to have it quashed.[3]  Mr. Bryant's objections to the subpoena have therefore been waived, and Mr. Bryant is obligated to comply with it as if it were an Order of this Court.  See, e.g., Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 n. 5 (9th Cir. 1983) (subpoena "is itself a

---

[1] As authorized by the Court, Mattel is submitting *in camera* the Declaration of John B. Quinn showing that Mattel requires Mr. Bryant to address new, unanticipated matters that arose after Mr. Bryant left the stand.

[2] Declaration of Cyrus Naim, dated July 3, 2008 and filed concurrently herewith ("Naim Dec."), ¶ 2, Exh. 1.

[3] Id., at ¶ 2.  Indeed, Mr. Bryant specifically objected to document requests that accompanied the subpoena for his trial testimony but raised no objection to the subpoena's requirement that he appear for trial.

court order"); Uzzell v. Teletech Holdings, Inc., 2007 WL 4358315, *1 (W.D. Wash. 2007) ("Because Plaintiff never objected, filed a motion to quash, or filed a motion for a protective order until more than two months after the subpoenas were issued, he has waived all objections to the subpoenas.").

Nor does the fact that Bryant has already testified bar his further testimony. Courts have broad discretion to allow the recall of a witness. See, e.g., U.S. v. Liefer, 778 F.2d 1236, 1249 n.11 (7th Cir. 1985) (noting that "trial court had broad discretion" to permit recall of witness to present rebuttal evidence); U.S. v. Harvey, 756 F.2d 636, 643-644 (8th Cir. 1985); see also Kuhn v. U.S., 24 F.2d 910, 914 (9th Cir. 1928) ("Permission to recall the witness was clearly within the sound discretion of the court."), cert. denied, Lee v. United States, 278 U.S. 605 (1928). Courts allow witnesses to be recalled where they can testify to matters of material significance or rebut of the opposing party. See, e.g., Liefer, 778 F.2d at 1249 n.11 (affirming recall of witnesses to rebut defense); Harvey, 756 F.2d at 644 (affirming recall of witness to rebut claims made by defendant); Kuhn, 24 F.2d at 914 (affirming recall of witness where testimony was "relevant and material").

Because Mr. Bryant is properly subject to this Court's jurisdiction, and because Mattel's in camera declaration demonstrates that recalling Bryant is appropriate as rebuttal, Mr. Bryant may be compelled to appear for testimony.

## II. BRYANT'S DISMISSAL FROM THE CASE HAS NO BEARING ON THIS ANALYSIS

In communications with Mattel's counsel, Bryant has argued that the May 23, 2008 Order by which he was dismissed from this case obviates any obligation to appear for rebuttal testimony. His dismissal as a party, however, has no bearing on the analysis. Bryant relies upon language in the dismissal stating that "Bryant has agreed to appear and, upon reasonable notice, Bryant shall appear to

testify at trial in Phase 1(a) and Phase 1(b) during Mattel's case-in-chief."[4]  From this statement, Bryant concludes that he has no continuing obligation to appear as a witness at trial.

Yet, the Order is completely silent as to -- and does nothing to terminate -- Bryant's duties to appear as a rebuttal witness.  Nothing in the Order diminishes his independent obligations to comply with the trial subpoena.  As a result, it can have no bearing on the question of his duties under the trial subpoena which he was served and to which he did not object.  Indeed, in analyzing the settlement agreement in the Order Compelling the Production of Certain Computer Hard Drives, June 6, 2008, the Court reached a similar conclusion.  Rejecting Mr. Bryant's contentions that the settlement agreement and Order of dismissal divested this Court of jurisdiction over him, this Court ruled that Bryant's settlement and dismissal from the case did not deprive Mattel of the right to enforce valid Court orders against Bryant.[5]  Since Bryant has a continuing duty to obey a lawfully served trial subpoena in this case, he cannot rely on the settlement agreement to bar enforcement of that subpoena.

If anything, the terms of the Order on Dismissal reinforce the point that Mattel was not to be deprived of Bryant's testimony merely because he was being dismissed as a party.  The dismissal Order clearly provides that this Court "retains jurisdiction to enforce the terms of the Settlement," which include the requirements that Bryant testify in this case.  Though nominally a non-party, Bryant certainly has an ongoing interest in the outcome of the case.  Aside from the monetary benefits he will continue to receive if MGA is victorious, the Order on his dismissal

---

[4]  Order of Dismissal Upon Stipulation, dated May 23, 2008, at ¶ 6, Naim Dec., Exh. 2.

[5]  "Bryant bought himself relief from further suit, he did not procure repose from meeting his existing obligations from prior discovery orders entered in this case." [Redacted] Minute Order dated June 6, 2008, at 5, Naim Dec., Exh. 3.

acknowledges that he will be bound by any injunctive relief the Court grants Mattel. <u>See</u> Order of Dismissal Upon Stipulation, dated May 23, 2008, at ¶ 8 ("Any such MGA Bratz Injunction shall be binding on Bryant to the same extent as it is binding on the MGA Parties, or any of them."). Merely treating him as a disinterested third-party would be inappropriate in these circumstances.

## **Conclusion**

For the foregoing reasons Mattel respectfully requests that the Motion be granted and Carter Bryant be compelled to appear for cross examination as a rebuttal witness in Phase 1(a).

DATED: July 3, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Plaintiff
Mattel, Inc.