# Exhibit 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual

## SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation

Case Number:[1] CV 04-9049 SGL (RNBx)

TO: Carter Bryant c/o Michael Page, Esq., Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

[X] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| US District Court, Central District of California Eastern Division - Riverside Courthouse 3470 Twelfth Street Riverside, CA 92501 | Hon. Stephen G. Larson Court Room 1 |
| | DATE AND TIME |
| | May 27, 2008, 9:00 a.m. |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Mattel, Inc. | 3/27/08 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Lesley E. Williams, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017    (213) 443-3000

Exhibit 1
Page 2

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3/27/2008 | 710 Sansome Street<br>San Francisco, CA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Darwin Villaruel, authorized to accept for Carter Bryant | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Fernando Castro (Served 3-27-08 at 5:26 p.m.) | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    3/28/2008
                    DATE

SIGNATURE OF SERVER

c/o Now Legal Service, 1301 W. 2nd Street, #206,
ADDRESS OF SERVER

L.A., CA 90026, (213) 482-1567, Reg. San Fran., CA

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit 1
Page 3

## ATTACHMENT A (CARTER BRYANT)

### Documents To Be Produced

(1) ALL of YOUR royalty statements RELATING TO BRATZ.

(2) ALL of YOUR royalty statements from MGA.

(3) DOCUMENTS sufficient to show your net worth as of December 31, 2007 and through March 31, 2009.

(4) ALL ORIGINALS of any drawings, sculpts, molds, and other tangible items you have produced in this action.

# Exhibit 2

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

No JS-6

O

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**ORDER OF DISMISSAL UPON STIPULATION**<br><br>Pretrial Conference: May 19, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br>Trial Date: May 27, 2008 |
|---|---|

07209/2510567.1
6052/2505373.1

Exhibit 2
Case No. CV 04-9049 SGL (RNBx)
Page 5

ORDER OF DISMISSAL UPON STIPULATION

The Court having received and considered the Stipulation of Dismissal of Carter Bryant (the "Stipulation") entered into between Mattel, Inc. ("Mattel") and Carter Bryant ("Bryant") pursuant to their Settlement Agreement (the "Settlement"), and good cause appearing therefor, the Stipulation is HEREBY APPROVED and it is further HEREBY ORDERED that:

1. Pursuant to Fed. R. Civ. P. 41(a)(1), Mattel's claims and counterclaims against Bryant only (and not against MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., Carlos Gustavo Machado Gomez or any fictitious party, collectively hereinafter "the MGA Parties") are hereby dismissed with prejudice.

2. As between Mattel and Bryant only, Mattel and Bryant shall bear each of their respective attorneys' fees and costs.

3. The dismissal of Bryant shall not waive, limit or modify in any manner, and shall not be construed to waive, limit or modify, Mattel's claims and rights against the MGA Parties or against any entity or person other than Bryant in connection with these consolidated actions or otherwise.

4. In the event of entry of any order, judgment or decree in favor of Mattel and against the MGA Parties, or any of them, Bryant will be bound by and adhere to any such order, judgment or decree to the extent (and only to the extent) that it grants or enters in whole or in part any non-monetary relief prohibiting or restricting or otherwise in any way affecting the MGA Parties' right or ability to exploit, profit from, prepare a derivative work based upon, distribute, license, sell, offer for sale, display, manufacture, produce, promote, market or otherwise deal in any Bratz Invention (hereinafter "MGA Bratz Injunction").  Any such MGA Bratz Injunction shall be binding on Bryant to the same extent as it is binding on the MGA Parties, or any of them.  By way of example and not limitation, if an MGA Bratz Injunction remains in force against the MGA Parties, or any of them, pending appeal, it shall likewise remain in force against Bryant pending that appeal;

07209/2510567.1
76052/2505373.1
1
Case No. CV 04-9049 SGL (RNBx)
Exhibit 2
Page 6
ORDER OF DISMISSAL UPON STIPULATION

conversely, if an MGA Bratz Injunction is stayed, vacated or overturned as to the MGA Parties, is shall be stayed, vacated or overturned as against Bryant. Other than as set forth in paragraph 13 of the Settlement, Bryant has waived any and all rights he may have to appeal or otherwise challenge any prior or future order or judgment entered in the Action and waives further findings of fact and conclusions of law in connection therewith.

5. With respect to certain orders in this case, the Settlement provides as follows: "Carter Bryant opposed Mattel's motions for summary judgment and disagrees with certain of the Court's rulings therein. Had this matter continued, Carter Bryant would have challenged those rulings on appeal. Because this settlement will include a dismissal of the action, those appeals will not occur. As a result, Carter Bryant acknowledges that he is bound by those orders and agrees to be bound by any future order, judgment or decree in the circumstances and under the terms set forth in Section 4(d) [of the Settlement]." The provisions of Section 4(d) of the Settlement are generally set forth above in paragraph 4 of this Order.

6. Bryant has agreed to appear and, upon reasonable notice, Bryant shall appear to testify at trial in Phase 1(a) and Phase 1(b) during Mattel's case-in-chief; provided, however, that such agreement to appear is not conditioned in any manner upon the substance of any testimony to be given by Bryant at trial or otherwise, and there is no agreement between Mattel and Bryant regarding how Bryant will testify, or what he will say, during the trial between Mattel and the MGA Parties, or in any other proceeding.

7. Bryant's pending motions are denied as moot.

8. This Order of dismissal is being entered pursuant to the terms and conditions of the Settlement between Mattel and Bryant. This Court retains jurisdiction to enforce the terms of the Settlement and that a violation of any term of the Settlement shall be a violation of this Order of dismissal.

1      9.    Nothing in this Order is intended to waive, limit or modify in any
2  manner, and shall not be construed to waive, limit or modify, Mattel's claims and
3  rights against the MGA Parties or against any entity or person other than Bryant in
4  connection with these consolidated actions or otherwise.

6      **IT IS SO ORDERED.**

8  DATED: May 23, 2008

                                      STEPHEN G. LARSON
                                      United States District Judge

# Exhibit 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No. CV 04-09049 SGL(RNBx)     Date: June 6, 2008
Title: CARTER BRYANT -v- MATTEL, INC.

Consolidated With Related Actions:
CASE NO. CV 04-09059 SGL(RNBx): MATTEL, INC. v. CARTER BRYANT
CASE NO. CV 05-02727 SGL (RNBx): MGA ENTERTAINMENT, INC. v. MATTEL, INC.
===================================================================
PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes
Courtroom Deputy Clerk

ATTORNEYS PRESENT FOR CARTER BRYANT:

Christa M. Anderson

ATTORNEYS PRESENT FOR MATTEL:

Michael T. Zeller
Jon D. Corey

ATTORNEYS PRESENT FOR MGA AND ISAAC LARIAN:

None Present

**REDACTED BY COURT**

PROCEEDINGS: (IN CHAMBERS)

**ORDER OVERRULING BRYANT'S PRELIMINARY OBJECTIONS TO THE COURT'S ABILITY TO ENTERTAIN MATTEL'S JANUARY 29, 2008, MOTION TO ENFORCE THE COURT'S JANUARY 25, 2007, ORDER COMPELLING THE PRODUCTION OF CERTAIN COMPUTER HARD DRIVES**

**ORDER SETTING MATTEL'S JANUARY 29, 2008, MOTION TO ENFORCE FOR HEARING ON JUNE 10, 2008**

**IMPORTANT NOTE TO DOCKET CLERK: THIS ORDER TO BE FILED UNDER SEAL AND SHALL BE SERVED <u>ONLY</u> ON COUNSEL FOR MATTEL AND COUNSEL FOR CARTER BRYANT; A REDACTED VERSION OF THIS ORDER PROVIDED BY THE COURT SHALL BE PLACED IN THE PUBLIC FILE**

MINUTES FORM 90     Initials of Deputy Clerk: jh
CIVIL -- GEN     1     Time: 0/00

Exhibit 3
Page 9

On January 25, 2007, the Discovery Master ordered Bryant to "produce the hard drives of his computers for forensic imaging" by no later than February 23, 2007. Mattel and Bryant thereafter disagreed regarding the meaning and scope of the Discovery Master's order and whether Bryant had complied with that order.

On January 29, 2008, Mattel filed a motion to enforce the Discovery Master's order.[1] Bryant filed a substantive opposition to the motion on February 7, 2008, Mattel filed a reply thereto on February 15, 2008, and Bryant thereafter filed a surreply on March 20, 2008.

On May 18, 2008, before the Discovery Master had resolved the motion, Mattel and Bryant entered into a settlement agreement resulting in Mattel dismissing with prejudice its claims against Bryant. Remaining was Mattel's suit against co-defendant MGA (and its CEO and corporate affiliates). Although the motion was initially assigned to the Discovery Master to resolve, this Court subsequently withdrew reference of the matter after the trial between Mattel and MGA began in late May, 2008.

Bryant has since filed a letter brief arguing that, for reasons articulated below, his settlement agreement with Mattel strips the Court of its ability to entertain Mattel's motion. It is those preliminary objections – and only those – that the Court resolves by way of this Order.

Bryant's first objection is that the motion is no longer valid as the underlying discovery request which precipitated the January 25, 2007, Order was brought pursuant to Federal Rule of Civil Procedure 34. Bryant observes that Rule 34 demands are only enforceable against parties, and since he is no longer a party the discovery request is no longer applicable to him. That may be true, but the point is irrelevant as the present motion does not concern an effort to compel production from an outstanding yet unresolved discovery request, but one to enforce a previously entered <u>court</u> order to produce certain tangible items and the information contained thereon. Rule 34's proscriptions concerning <u>discovery requests</u> has no bearing on the enforceability of a pre-existing court order, especially one issued when the individual in question was a party to the suit at the time and who in fact contested the motion giving rise to the court order. Counsel for Carter Bryant appeared to have recognized as much during oral argument on this point.

This leads to Bryant's next point: That the terms of the parties' settlement agreement ████████████████████████████████. In essence, Bryant argues that, under the terms of the settlement agreement, ████████████████████████████████.

The purpose of settlement is to bring the parties peace from the burden of further litigation, a peace purchased at some price or under certain conditions by both settling parties. The question before the Court is whether, in settling its case against Bryant, Mattel afforded him peace ███

---

[1] Mattel also sought for the Court to impose sanctions on Bryant under Federal Rule of Civil Procedure 37 for failing to comply with the Discovery Master's order, but has subsequently withdrawn that request.

| MINUTES FORM 90 | | Initials of Deputy Clerk: jh |
|---|---|---|
| CIVIL -- GEN | 2 | Time: 0/00 |

Exhibit 3
Page 10

▓▓▓ As best the Court can discern, Mattel is seeking to require Bryant to comply with what it understand to be Bryant's pre-existing discovery obligations under orders issued prior to his settling with them – ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Mattel seeks only to compel compliance with an existing Court order.

In addressing this question, the terms contained in the settlement agreement assume paramount importance. The settlement agreement between Bryant and Mattel contains the following ▓▓▓▓▓▓▓▓▓▓▓▓



(emphasis added).

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Counsel for Carter Bryant submitted to the Court the case of <u>Dart Indus. Co., Inc. v. Westwood Chemical Co., Inc.</u>, 649 F.2d 646 (9th Cir. 1980). In that case the Ninth Circuit, in an opinion by District Judge Edmund Palmieri (sitting by designation), was confronted with a situation where the settling plaintiff sought to gain further discovery from settling defendant, who was by then a non-party to a suit. The relevant language from the parties' settlement agreement was that the settling plaintiff agreed to "release[] and discharge[] [the now non-party] . . . of <u>any rights it has or may hereafter have by reason</u>" of the settling plaintiffs remaining suit against the non-settling defendant. <u>Id.</u> at 648 (emphasis added).

The Ninth Circuit, pointing to the language "any rights," held that the agreement was far broader than simply a covenant not to sue. "[The settling plaintiff] gave up far more than its right of discovery against Dart. It gave up everything. It released [the settling defendant] from 'any rights [the settling plaintiff] has or may hereafter have by reason of [the remainder of the claims asserted in the suit brought against the non-settling co-defendants].'" <u>Id.</u> at 648.

Here, the language of the settlement agreement between Mattel and Carter Bryant ███████████████████████████████████

Counsel for Carter Bryant insists that the Ninth Circuit's decision in <u>Dart</u> is both the beginning and the end of the analysis: Both the instant case and <u>Dart</u> contained releases, and this Court, like the Ninth Circuit in <u>Dart</u>, must find that, through the release, the settling party is precluded from its right to discovery. Not even the author of the Ninth Circuit's opinion in <u>Dart</u> found the Ninth Circuit's decision to be so encompassing.

Six years after <u>Dart</u>, Judge Palmieri, sitting in the Southern District of New York, was confronted with the question over the scope of a settlement release in connection with a subpoena request issued to the settling now-non-party defendant. <u>See</u> <u>TAG Group v. Haas & Haynie Corp.</u>, 637 F.Supp. 121 (S.D.N.Y. 1986). As Judge Palmieri observed, the Ninth Circuit's decision in <u>Dart</u> was the "only decision arising out of comparable circumstances" and served as the focus for his analysis and ultimate conclusion in <u>TAG Group</u>.

The settlement release at issue in <u>TAG Group</u> was the following: The settling plaintiff released the settling defendant "from any and all claims (including, without limitation, claims for contribution or indemnification), suits, damages, debts, loans, dues, accounts, bonds, guarantees, covenants, contracts, agreements, promises, judgments, demands, actions or manner of actions . . . [which the settling plaintiff] ever had, now has or hereafter may have against [the settling defendant] . . . ." The settling defendant, citing the Ninth Circuit decision in <u>Dart</u>, argued to Judge Palmieri that such a release similarly precluded the settling plaintiff's later attempt to gain discovery from it in the action that remained. Judge Palmieri found his opinion in <u>Dart</u> "distinguishable" owing in large measure to the differences between the terms of the release in <u>Dart</u> and those at issue in <u>TAG Group</u>. As Judge Palmieri observed, the settling defendant in his case sought "to equate the terms 'claim' and 'right' with each other in an attempt to extend <u>Dart</u> to this case." <u>Id</u>. at 124.



Judge Palmieri observed that the relinquishment of a party's claim against another "does not provide for so comprehensive an effect" as that of relinquishing all of one's rights, but only "relinquishes limited rights"; he then identified those rights that were relinquished based on the particular words used in the release. In the end, Judge Palmieri held that the settling defendant was released from amounts owing to the other side, was released from having to defend against actions in which it may be found liable, and was released from its contractual obligations. <u>Id</u>. at 125. It was the precise language used

that determines the scope of any release contained in a settlement agreement. In sum, language matters.



The Court is persuaded by Judge Palmieri's subsequent exposition and distinguishing of the earlier decision he wrote in Dart.

Furthermore, as Judge Palmieri noted in TAG Group, it cannot be overlooked that the decision in Dart was also driven in some measure by the standard of review under which the Ninth Circuit was judging the validity of the district court's decision denying the settling plaintiff to conduct discovery from the settling defendant. District courts are given a large measure of discretion in ruling on such matters, and those decisions will only be disturbed for "unusual and exceptional" reasons. 649 F.2d at 648.

Bryant bought himself peace from further suit, he did not procure repose from meeting his existing obligations from prior discovery orders entered in this case, including that found in the January 27, 2007, order. Accordingly, the Court overrules Bryant's objection to having to fulfill his court imposed obligations to produce "the hard drives of his computers for forensic imaging" either because of his current non-party status or the release contained the parties' settlement agreement.[2] Counsel for Bryant is therefore ORDERED to appear before this Court on Tuesday,

---

[2] Bryant's argument, citing Federal Rule of Civil Procedure 37(a)(1), that this Court lacks jurisdiction to hear this matter as he is now a non-party residing out-of-district (namely, Missouri) is equally mistaken. The matter is presently before the Court not on a motion to compel discovery, as stated by Bryant, but on a motion to enforce this Court's own orders. The Ninth Circuit has previously held that courts do have the jurisdiction (both subject matter and personal) to enforce their own orders, even against out-of-district non-parties, so long as the non-party in question has notice of that order. See Reebok International v. McLaughlin, 49 F.3d 1387, 1390, 1391-92 (9th Cir. 1995) (finding the exercise of personal jurisdiction over the violators in such circumstances to "sound, even necessary" (citing Waffenschmidt v. MacKay, 763 F.2d 711, 714 (5th Cir. 1985) ("[n]onparties who reside outside the territorial jurisdiction of a district court may be subject to that court's jurisdiction if, with actual notice of the court's order, they actively aid and abet a party in violating that order"))). Bryant had more than sufficient notice of the January 27, 2007, Order: Bryant was a party at the time of the Court's January 27, 2007, Order, and his counsel actively

June 10, 2008, at 8:00 a.m., to argue the merits of Mattel's January 29, 2008, Motion to Enforce. To that end, counsel for Carter Bryant shall be prepared to expressly represent to the Court whether, and to what extent, any information or data contained on Carter Bryant's October, 2000, desktop computer and Carter Bryant's late 2001 or early 2002 laptop computer was, at any time, stored or otherwise transferred to Carter Bryant's 2004 and 2007 computers, or any other computers over which he has had possession or control.

**IT IS SO ORDERED.**

---

contested the motion leading to the Order's issuance.