QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER FED. R. CIV. P. 50(A); AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of B. Dylan Proctor filed concurrently herewith]<br><br>Hearing Date: July 7, 2008<br>Time:         10:00 a.m.<br>Place:        Courtroom 1<br><br>**Phase 1:**<br>Trial Date:        May 27, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on July 7, 2008, or as soon as counsel may be heard, in the Courtroom of the Honorable Stephen G. Larson, located at Courtroom 1, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court, pursuant to Fed. R. Civ. P. 50(a), for judgment as a matter of law ("JMOL") against defendants Isaac Larian, MGA Entertainment Inc. ("MGA"), and MGA Entertainment (HK), Ltd. ("MGA Hong Kong"), on Mattel's claims for a declaratory judgment of ownership as to the following items and conversion of them:

Trial Exhibit 1 (BRYANT 00262-272)
Trial Exhibit 2 (BRYANT 00310-319)
Trial Exhibit 3-1 (BRYANT 00222)
Trial Exhibit 3-2 (BRYANT 00223)
Trial Exhibit 3-3 (BRYANT 00224)
Trial Exhibit 3-4 (BRYANT 00225)
Trial Exhibit 3-5 (BRYANT 00226)
Trial Exhibit 3-6 (BRYANT 00227)
Trial Exhibit 3-7 (BRYANT 00228)
Trial Exhibit 3-8 (BRYANT 00229)
Trial Exhibit 3-9 (BRYANT 00230)
Trial Exhibit 3-10 (BRYANT 00231)
Trial Exhibit 3-11 (BRYANT 00232)
Trial Exhibit 3-12 (BRYANT 00233)
Trial Exhibit 3-13 (BRYANT 00234)
Trial Exhibit 5-26 (BRYANT 00163)
Trial Exhibit 5-27 (BRYANT 00164)
Trial Exhibit 5-80 (BRYANT 00221)
Trial Exhibit 5-81 (BRYANT 00235)
Trial Exhibit 5-82 (BRYANT 00236)

| | |
|---|---|
| 1 | Trial Exhibit 5-83 (BRYANT 00237) |
| 2 | Trial Exhibit 5-84 (BRYANT 00273) |
| 3 | Trial Exhibit 5-85, 719 (BRYANT 00274) |
| 4 | Trial Exhibit 5-86, 722 (BRYANT 00275) |
| 5 | Trial Exhibit 5-87, 725 (BRYANT 00276) |
| 6 | Trial Exhibit 5-108 (BRYANT 00297) |
| 7 | Trial Exhibit 10-2 (M 001489) |
| 8 | Prototype doll that Bryant presented to MGA on Sept. 1, 2000 |

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor (with exhibits), all evidence introduced at trial, the files and records of the Court, and such matters of which the Court may take judicial notice.

### Local Rule 7-3 Certification

This motion is made following the conference of counsel, which was held pursuant to Local Rule 7-3 on July 2, 2008.

DATED: July 3, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_/s/_____
   Michael T. Zeller
   Attorneys for Mattel, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

This Court "grant[ed] summary judgment in favor of Mattel on the issue of the enforceability of the Inventions Agreement and the issue of applicability of the Inventions Agreement to any Bratz-related 'inventions' (including any designs, improvements, ideas, concepts, and copyrightable subject matter) *that [Bryant] is found to have created during the period of his employment with Mattel*." April 25, 2008 Order ("Order") at 5 (emphasis added).

During Mr. Bryant's now completed trial testimony, he admitted creating numerous such inventions during his Mattel tenure. Given these uncontroverted admissions from the creator of these inventions (*i.e.*, Bryant), no reasonable jury could fail to find that Bryant did in fact create those inventions during Bryant's Mattel tenure. Accordingly, under the Order, Mattel owns these inventions pursuant to the Inventions Agreement, and Mattel is entitled to JMOL under Fed. R. Civ. P. 50(a) on its claims for declaratory judgment of ownership of these inventions and conversion of them.

### Argument

Fed. R. Civ. P. 50(a)(1) provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." In other words, a court should "grant a JMOL motion when there is a 'complete absence of probative facts to support the conclusion reached so that no reasonable juror could have found for the nonmoving party.'" Applied Med. Resources Corp. v. U.S. Surgical Corp., No. SACV03-01267-CJC, 2008 WL 1901935, at *1 (C.D. Cal. Apr. 29, 2008) (quoting Eich v. Bd. of Regents for Central Mo. State Univ., 350 F.3d 752, 761 (8th

Cir. 2003)).  See <u>Am. Prof'l Testing Serv., Inc. v. Harcourt Brace Jovanovich Legal & Prof'l Publications, Inc.</u>, 108 F.3d 1147, 1155 (9th Cir. 1997) (affirming JMOL).

## I. JMOL SHOULD BE GRANTED TO MATTEL ON OWNERSHIP OF CERTAIN BRATZ-RELATED WORKS.

Here, JMOL is warranted in favor of Mattel on its claims for declarations of ownership of a certain Bratz-related works.[1]  Defendants MGA, MGA Hong Kong, and Isaac Larian have been fully heard on all issues relevant to those claims, and no reasonable jury could find in their favor.

***First***, this Court held that Bryant's Inventions Agreement is enforceable and applies "to any Bratz-related 'inventions' (including any designs, improvements, ideas, concepts, and copyrightable subject matter) *that he is found to have created during the period of his employment with Mattel*."  Order at 5 (emphasis added).

***Second***, that remaining factual question (concerning timing of creation) was resolved as to the items subject to this motion at trial, where Bryant admitted the following:

<u>Ex. 1 (BRYANT 00262-272)</u>.  He "took pen, pencil, whatever, and drew these drawings in Exhibit 1 in 1999 … while employed by Mattel."  Tr. 2734:9-17.

<u>Ex. 2 (BRYANT 00310-319)</u>.  These drawings "look like" those done "in preparation for the pitch that [he] made to MGA in 2000."  Tr. 2735:19-23.

---

[1]  Exs. 1 (BRYANT 00262-272); 2 (BRYANT 00310-319); 3-1 (BRYANT 00222); 3-2 through 3-13 (BRYANT 00223-00234); 5-26 (BRYANT 00163); 5-27 (BRYANT 00164); 5-80 (BRYANT 00221); 5-81 (BRYANT 00235); 5-82 (BRYANT 00236); 5-83 (BRYANT 00237); 5-84 (BRYANT 00273); 5-85, 719 (BRYANT 00274); 5-86, 722 (BRYANT 00275); 5-87, 725 (BRYANT 00276); 5-108 (BRYANT 00297); 10-2 (M 001489); prototype doll that Bryant presented to MGA on Sept. 1, 2000.  Copies of these exhibits, as well as trial testimony cited in this Memorandum of Points and Authorities, are attached to the Declaration of B. Dylan Proctor, contemporaneously filed herewith.

1   Ex. 3-1 (BRYANT 00222).  He made what was a blank poster board "not
2   blank" "in 1999." Tr. 2481:2-17.
3   Exs. 3-2 through 3-13 (BRYANT 00223-00234).  His "activity of changing
4   that from a blank poster board to … what we have in front of us[] took place
5   sometime after [he] started working at Mattel." Tr. 2487:22-2488:7.
6   Ex. 5-26 (BRYANT 00163).  "[T]his is one of the drawings where [he] put
7   the pen to the paper sometime between January '99 and September of 2000 …
8   [w]hile [he was] employed at Mattel."  Tr. 2736:5-21.
9   Ex. 5-27 (BRYANT 00164).  He "put pen to paper and created it … while [he
10  was] employed by Mattel." Tr. 2736:22-2737:4.
11  Ex. 5-80 (BRYANT 00221).  "This was put on this piece of paper while [he
12  was] employed at Mattel." Tr. 2740:16-19.
13  Ex. 5-81 (BRYANT 00235).  "[D]one while [he was] employed at Mattel."
14  Tr. 2740:20-23.
15  Ex. 5-82 (BRYANT 00236).  "[D]one while [he was] employed at Mattel."
16  Tr. 2740:24-2741:1.
17  Ex. 5-83 (BRYANT 00237).  "[D]one while [he was] employed at Mattel."
18  Tr. 2741:2-3.
19  Ex. 5-84 (BRYANT 00273).  "[D]one while [he was] employed at Mattel."
20  Tr. 2741:4-9.
21  Ex. 5-85, 719 (BRYANT 00274).  "[D]one while [he was] employed at
22  Mattel." Tr. 2741:10-12.
23  Ex. 5-86, 722 (BRYANT 00275).  "[D]one while [he was] employed at
24  Mattel." Tr. 2741:13-15.
25  Ex. 5-87, 725 (BRYANT 00276).  "[D]one while [he was] employed at
26  Mattel." Tr. 2741:23-25.
27  Ex. 5-108 (BRYANT 00297).  "[D]one while [he was] at Mattel."  Tr.
28  2742:4-9.

Trial Ex. 10-2 (M 001489). He "recognize[s] this as a drawing [he] did while at Mattel." Tr. 2742:12-16.

Prototype doll (not in evidence). "[I]n putting together this three-dimensional figure for [his] pitch, [he] asked some folks who were connected with Mattel to help [him] out … [his] co-workers." Tr. 2496:1-7.

Given this uncontroverted testimony as to the timing of creation (during Bryant's Mattel employment) of these items by their undisputed creator (Bryant), no reasonable jury could find that these items were not created during Bryant's Mattel employment. Accordingly, pursuant to the Inventions Agreement as construed in the Order (at 5), Mattel owns these tangible items and is entitled to judgment on its claims for a declaration of ownership as to them and conversion.

## II. THAT THE TIMING OF CREATION OF OTHER WORKS IS IN DISPUTE DOES NOT WARRANT DENYING JMOL AS TO THE WORKS SUBJECT TO THIS MOTION.

The existence of a dispute as to the timing of creation of other works does not mean that JMOL is inappropriate as to the Bratz-related works that are the subject of this motion *insofar as their tangible aspect is concerned* because, while the timing of creation of those disputed works may affect the scope of Mattel's *intangible* copyrights in the works addressed in this motion, it has no effect on Mattel's right to ownership of the works as tangible items. As this Court held, "the materials Mattel seeks are works of art that may have value apart from the copyrights they represent or the 'paper and ink' and other materials of which they are comprised. Given the role of the drawings and sculpts in creating a new, commercially successful line of fashion dolls, and given the role of these items in the present litigation, the Court discerns a possible inherent value to the materials themselves." Order at 4.

This distinction between ownership of tangible items and ownership of intangible copyrights in those items is well understood:

> The copyright owner owns the literary property rights, including the right to complain of infringing copying, while the recipient of the letter retains ownership of the tangible physical property .... Having ownership of the physical document, the recipient ... is entitled to deposit it with a library and contract for the terms of access to it.

Salinger v. Random House, Inc., 811 F.2d 90, 94-95 (2d Cir. 1987) (internal citation and quotation marks omitted).  See also, e.g., Carson v. Dynegy, Inc., 344 F.3d 446, 456 (5th Cir. 2003) ("The elements of conversion of physical property are ... qualitatively different than those of copyright infringement."); 1 Nimmer § 1.01[B][1][i] (conversion is a tort that relates to interference of tangible rather than intangible property and is not preempted by the Copyright Act).

The scope of copyright protection in the works Mattel owns is not at issue in this phase -- that is a Phase 1B issue.  Whether Mattel's works are fully or only thinly protected is an issue for another day.  But based on the law and the evidence, there can be no dispute that Mattel owns the Bratz-related items subject to this motion, all of which were created by Bryant while employed by Mattel.

### Conclusion

The Court should grant JMOL to Mattel on its claims for declaratory judgment of ownership and conversion as to the items described above.

Respectfully submitted,

DATED: July 3, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/
Michael T. Zeller
Attorneys for Plaintiff
Mattel, Inc.