THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
Jason D. Russell (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>(1) MGA PARTIES' NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT AS A MATTER OF LAW;<br><br>(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION;<br><br>**FILED UNDER SEPARATE COVER**:<br><br>(3)　　[PROPOSED] ORDER<br><br><br>Hearing Date:　July 7, 2008<br>Time:　　　　　TBD |

MGA Parties' Motion for Partial Judgment as a Matter of Law – Case No. CV 04-9049 SGL (RNBx)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to the Court's order on July 2, 2008, Defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited ("MGA HK"), and Isaac Larian (collectively, the "MGA Parties"), will and hereby do move pursuant to Federal Rule of Evidence 50(a) for a partial judgment as a matter of law as to Mattel's claims for aiding and abetting breaches of fiduciary duty and duty of loyalty, as well as the unfair competition claim asserted against MGA HK under California Business and Professions Code Section 17200 on the following grounds:

<u>First</u>, the claims for aiding and abetting breaches of fiduciary duty and duty of loyalty are preempted by the Copyright Act to the extent they are based on Mattel's purported rights to BRATZ;

<u>Second</u>, the evidence in the record is insufficient for a reasonable jury to find the MGA Parties liable for aiding and abetting a breach of fiduciary duty allegedly owed by Carter Bryant to Mattel other than to maintain the confidentiality of information provided to him by Mattel;

<u>Third</u>, the evidence in the record is insufficient as a matter of law for a reasonable jury to find the MGA Parties liable for aiding and abetting a breach of fiduciary duty allegedly owed by Carter Bryant to Mattel because Mattel has failed to prove an element of its claim; and

<u>Fourth</u>, the evidence in the record is insufficient for a reasonable jury to find MGA HK liable for unfair competition.

This Motion is based upon this Notice of Motion and accompanying Memorandum of Points and Authorities, the records and files of this court, and any other matter of which the court may take judicial notice.

DATED: July 3, 2008         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Thomas J. Nolan_____
Thomas J. Nolan
Attorneys for the MGA Parties

## PRELIMINARY STATEMENT

The MGA Parties are entitled to a judgment as a matter of law as to Mattel's claims for aiding and abetting breaches of fiduciary duty and duty of loyalty, and MGA HK is entitled to judgment on Mattel's unfair competition claim for the following reasons.

<u>First</u>, Mattel's aiding and abetting claims are preempted by the Copyright Act to the extent that Mattel attempts to base these claims on its purported rights to exploit Bratz or recover profits from the exploitation of Bratz. Limiting these claims in this way brings them in line with this Court's prior preemption rulings. (<u>See</u> Section I, <u>infra</u>.)

<u>Second</u>, Mattel failed to proffer sufficient evidence to prove that (i) Bryant assumed any fiduciary duty to Mattel beyond the limited duty that the Court identified on summary judgment, or (ii) MGA or Larian knew that Bryant owed <u>any</u> duty. (<u>See</u> Section II, <u>infra</u>.)

<u>Finally</u>, MGA HK is entitled to judgment as a matter of law as to Mattel's unfair competition claim because Mattel failed to introduce any evidence implicating MGA HK in any actionable conduct that could conceivably support this claim. (<u>See</u> Section III, <u>infra</u>.)

## ARGUMENT

### I. MATTEL'S AIDING AND ABETTING BREACHES OF FIDUCIARY DUTY AND DUTY OF LOYALTY CLAIMS ARE PREEMPTED TO THE EXTENT THEY ARE BASED ON MATTEL'S PURPORTED RIGHTS TO BRATZ

This Court held that Mattel's intentional interference and unfair competition claims are preempted by the Copyright Act "to the extent that [they are] based on Mattel's rights to Bratz." (4/25/08 Order at 2 and 4.) Mattel apparently now construes its aiding and abetting claims against MGA and Larian in a manner that renders them equally subject to preemption.[1] Preempting these claims is appropriate to bring them in line with the Court's prior rulings. <u>Hingson v. Pac. Sw. Airlines</u>, 743 F.2d 1408, 1415-17 (9th Cir. 1984) (affirming directed verdict on preempted claims). While a portion of these claims may

---

[1] For example, in Mattel's 6/25/08 "Objections To MGA Parties' Second Revised [Proposed] Phase 1-A Special Verdict Form," Mattel took the position that it was entitled to "recover damages for all harm caused by defendants' wrongful conduct, including harm to Mattel after Bryant left Mattel" and cited a case discussing disgorgement of profits. <u>See</u> Obj. 4(c), 5(c), 6(c), & 7(c). The only profits Mattel conceivably could be seeking are those arising from exploiting Bratz.

1

survive, as a portion of Mattel's other claims have, Mattel should not be permitted to use these claims to replicate a copyright claim and seek recovery based on any rights to BRATZ.

State law claims are preempted to the extent that "(1) the work at issue comes within the subject matter of copyright, and (2) the state law rights are 'equivalent to rights within the general scope of copyright.'" (4/25/08 Order at 2 (quoting <u>Del Madera Props. v. Rhodes & Gardner, Inc.</u>, 820 F.2d 973, 977 (9th Cir. 1987), <u>overruled on other grounds</u>, <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517 (1994)).) The first prong of this test is met to the extent that Mattel's claims are premised upon "Mattel's deprivation of rights to intellectual property." (<u>Id.</u>) As for the second prong, the Ninth Circuit in <u>Del Madera</u> explained that "[t]o survive preemption, the state cause of action must protect rights which are <u>qualitatively</u> different from the copyright rights" and "must have an 'extra element' which <u>changes the nature</u> of the action." 820 F.2d at 977 (emphasis added). A state law claim that has an additional element that effects only the scope of its protection – creating liability only where there is intent, for example – is still preempted. <u>See, e.g.</u>, <u>Worth v. Univ. Pictures, Inc.</u>, 5 F. Supp. 2d 816, 822 (C.D. Cal. 1997) (claim preempted despite need to allege "intentional acts by Defendant that were designed to disrupt the business relationship with the third party").

In <u>Del Madera</u>, the plaintiffs brought an unfair competition claim based upon a breach of fiduciary duty by a non-defendant, much like Mattel's aiding and abetting claims. The plaintiffs, designers of a housing development, asserted that their former joint venturer had breached a fiduciary duty by absconding with certain intellectual property (the master plan for the community and other information) and giving it to the defendants. <u>Id.</u> at 975, 977. In arguing against preemption, the plaintiffs claimed that this breach of fiduciary duty, and the defendants' inducement thereof, provided the necessary "extra element" to save their claim. <u>Id.</u> at 977. The Ninth Circuit rejected plaintiff's position completely:

> This argument … does not add any "extra element" which changes the nature of the action. <u>The argument is constructed upon the premise that the documents and information McCart furnished to the defendants belonged to Del Madera and were misappropriated by the defendants.</u> Del Madera's ownership of this material,

2

and the alleged misappropriation by the defendants, are part and parcel of the copyright claim.

Id. (emphasis added). Thus, to the extent the claim was based on the purportedly misappropriated property, the plaintiffs' claim was preempted. Id.

Just as in Del Madera, Mattel's claims that MGA and Larian aided and abetted Carter Bryant's breaches of fiduciary duty and duty of loyalty appear to be primarily based on Mattel's assertion that it owns the rights to BRATZ and that Bryant's assigning those rights to MGA and Larian was a breach of his duties to Mattel – an assertion which is "part and parcel" of its copyright claims. As this Court has already recognized, consistent with Del Madera, the fact that these claims focus on materials that MGA or Larian acquired in some purportedly nefarious way changes the scope, not the nature, of Mattel's claims – these claims are still premised on Mattel's claim to ownership of those materials. This Court has already held that Mattel's intentional interference claim is preempted "to the extent that it is based on Mattel's rights to Bratz." (4/25/08 Order at 2.) It permitted that claim to survive only to the extent that it is based on some breach of duty outside of Mattel's purported rights to BRATZ. (Id.) This limitation should apply to Mattel's aiding and abetting claims.

## II. MATTEL'S FAILED TO PROVE ITS CLAIMS AGAINST MGA AND LARIAN FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

### A. Mattel Failed To Prove A Duty Beyond That Found At Summary Judgment

This Court has found that Bryant owed a fiduciary duty to Mattel arising out of Paragraph 1(a) of the Inventions Agreement to protect Mattel's confidential information. (5/21/08 Order at 4.) However, this Court did not conclude, as a matter of law, that Bryant had any duties to Mattel beyond those identified, and left it for Mattel to prove any broader duties at trial. (Id.) Despite this burden, Mattel offered no evidence on this "broader" duty, and its claims should be limited to those identified by this Court's prior rulings.

As this Court explained, to prove the existence of a fiduciary duty, Mattel must show that "a confidence is reposed by one person in the integrity of another, and … the party in whom the confidence is reposed … voluntarily accepts or assumes to accept the confidence." (4/25/08 Order at 5 (emphasis added).) Applying this principle, this Court

held that Bryant owed Mattel a fiduciary duty arising out of Paragraph 1(a) of the Inventions Agreement.[2]  The Court held that this language contains both crucial elements: 1) a confidence (the Proprietary Information), and 2) voluntary acceptance thereof (in the words "I accept the position of trust").  (4/25/08 Order at 5; 5/21/08 Order at 3-4.)

On summary judgment, this Court found no other provision that created a fiduciary duty. It was Mattel's burden to prove a more expansive duty at trial, if one existed.  (5/21/08 Order at 4.)  Mattel failed to introduce any evidence that Bryant agreed to accept any other positions of trust or that he understood himself to be in any other position of trust.  (See, e.g., 6/11/08 PM Trial Tr. at 2336:11-15.)  Mattel has not shown that any other provision of the Inventions Agreement creates a position of trust that was accepted by Bryant.  Paragraph 2(a) of the Inventions Agreement, under which Mattel purportedly owns the rights to BRATZ, does not mention either confidentiality or a position of trust.  (See Trial Ex. 25 at ¶ 2(a).)  Nor does it make any reference to Paragraph 1.  (Id.) The definition of Proprietary Information does not refer to any of the inventions defined in Paragraph 2(b), nor is there any indication in Paragraph 2 that such inventions would be Proprietary Information under Paragraph 1.  (Id.)  The same is true of Paragraph 3, under which Mattel purports to be entitled to Bryant's "undivided attention and effort."  (Id.)  Bryant did not testify that he understood any either of these paragraphs to be incorporated into Paragraph 1(a), nor did he testify that he affirmatively assumed a duty of trust as to his inventions or his services.  (See 6/12/08 PM Trial Tr. at 2433:16-2435:5, 2456:6-2457:7; 6/11/08 PM Trial Tr. at 2337:8-16.)

### B. Mattel Failed To Prove That MGA Or Larian Had Actual Knowledge Of Bryant's Fiduciary Duty Or Purported Breach Thereof

To establish its claims for aiding and abetting Bryant's breach of fiduciary duty,

---

[2]  Paragraph 1(a) provides: "I acknowledge that the Company possesses and will continue to develop and acquire valuable Proprietary Information (as defined below), including information that I may develop or discover as a result of my employment with the Company. The value of that Proprietary Information depends on it remaining confidential. The Company depends on me to maintain that confidentiality, and I accept that position of trust."  (Trial Ex. 25 at ¶ 1(a).) "Proprietary Information" is defined in the contract as "any information … that derives independent economic value … from not being generally known to the public or to other persons," such as "information on the Company, its customers, [its] suppliers." (Id. ¶ 1(b).)

4

Mattel must prove that MGA and Larian had actual knowledge that they were assisting in Bryant in committing that specific wrong. See Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1119 -1120 (C.D. Cal. 2003). Mattel elicited no testimony whatsoever indicating that MGA or Larian actually knew that Bryant was a fiduciary bound by any "duty" or "position of trust" arising out of Paragraph 1(a) of the Inventions Agreement, nor has it established that MGA or Larian actually knew that Bryant was breaching such a duty. (See, e.g., 6/5/08 PM Trial Tr. at 1628:17-1629:24; 6/3/08 AM Trial Tr. at 1059:15-20.)[3]

### III. THERE IS NO EVIDENCE THAT WOULD ALLOW A REASONABLE JURY TO CONCLUDE THAT MGA HK IS LIABLE FOR UNFAIR COMPETITION

Mattel's claim for unfair competition against MGA HK fails as the record is devoid of any evidence that would allow a reasonable jury to find that MGA HK could be liable for any alleged acts of unfair competition in this case. In the Final Pretrial Order, MGA HK is listed among the defendants named in Mattel's unfair competition claim. (See 6/4/08 Final Pre-Trial Conference Order at 11.) There are only two predicates remaining for the claim at issue: the alleged intentional interference with Bryant's contract with Mattel and the purported commercial bribery of Bryant. (Id. at 5.) MGA HK is not a defendant on the interference claim (id. at 11) and there is no evidence that MGA HK bribed Bryant.

### CONCLUSION

For the foregoing reasons, the Court should grant partial judgment as a matter of law in favor of the MGA Parties on Mattel's claims for aiding and abetting breaches of fiduciary duty and duty of loyalty, and Mattel's unfair competition claim against MGA HK.

DATED: July 3, 2008            SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Thomas J. Nolan_____
Thomas J. Nolan
Attorneys for the MGA Parties

---

[3] Although Mattel asked Paula Garcia about her contract with Mattel, Mattel did not elicit any testimony from Garcia on any fiduciary duty she may have owed Mattel – only whether she understood that inventions or designs she created while employed by Mattel belonged to Mattel, or whether she was permitted to "work for another company at the same time" as working for Mattel. (5/28/08 PM Trial Tr. at 541:17-544:4, 5/29/08 AM Trial Tr. at 634-3-635:19 .)

5

MGA Parties' Motion for Partial Judgment as a Matter of Law – Case No. CV 04-9049 SGL (RNBx)