KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Specially Appearing Non-Party
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>　　　　　　　Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx)<br>(consolidated with CV 04-9059 & 05-2727)<br><br>**NONPARTY WITNESS CARTER BRYANT'S SPECIAL OPPOSITION TO MATTEL'S MOTION TO COMPEL BRYANT TO TRAVEL FROM MISSOURI TO TESTIFY AS A MATTEL REBUTTAL WITNESS**<br><br>Date:　　July 7, 2008<br>Time:　　10:00 a.m.<br>Dept:　　Courtroom 1<br>Judge:　　Hon. Stephen G. Larson<br><br>Date Comp. Filed:  April 13, 2005<br><br>Discovery Cut-Off: Jan. 28, 2008<br>Pre-Trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

NONPARTY WITNESS CARTER BRYANT'S SPECIAL OPPOSITION TO MATTEL'S MOTION TO COMPEL BRYANT TO TRAVEL FROM MISSOURI TO TESTIFY AS A MATTEL REBUTTAL WITNESS
CASE NO. CV 04-09049 SGL (RNBx)

420647.01

## I. Introduction

Nonparty witness Carter Bryant respectfully opposes Mattel's motion to compel him to return to California from his home in Missouri to testify as a rebuttal witness. Mattel's motion should be denied because Mattel's two reasons for compelling Mr. Bryant to testify both fail: (1) the Order of dismissal regarding Mr. Bryant, which requires Mr. Bryant to testify only in Mattel's "case-in-chief", does not require Mr. Bryant to testify in Mattel's rebuttal case, and (2) a nonparty, out-of-state witness like Mr. Bryant cannot be compelled to appear at trial by subpoena, as a matter of clear, black-letter law. Thus, Mattel has no legal right or authority to compel Mr. Bryant to testify again.[1] Moreover, Mattel's insupportable attempt to force Mr. Bryant to return again to California is made particularly burdensome given the fact that Mr. Bryant's elderly father had to undergo surgery in Missouri on the Fourth of July and is expected to be hospitalized for a period of three to five days.

## II. Argument

### A. Mattel has no right to compel Mr. Bryant, a nonparty witness and resident of Missouri, to return to California for further testimony.

Mattel has no right to compel Mr. Bryant to appear again at trial in Riverside for further testimony in Phase 1(a), either (1) under the Order of Dismissal pursuant to Mr. Bryant's settlement, or (2) under Mattel's invalid trial subpoena to Mr. Bryant.

In May of this year, Mr. Bryant was dismissed with prejudice from all proceedings in this case under a confidential settlement between Mattel and Mr. Bryant and this Court's stipulated Order of Dismissal. As a result, Mr. Bryant is

---

[1] After Mattel notified Mr. Bryant's counsel late in the evening of June 30 that Mattel wanted to call Mr. Bryant in rebuttal, we responded the next day with an email explaining that we did not understand that Mr. Bryant was required to attend beyond Mattel's case-in-chief, and asking Mattel to provide us with any authority they had for the notion that Mr. Bryant had to return. Mattel made no response, except to serve this motion to compel at approximately 2:30 a.m. on Thursday, July 3. *See* Declaration of Christa M. Anderson (filed concurrently), ¶ 2 & Exh. 1.

1
NONPARTY WITNESS CARTER BRYANT'S SPECIAL OPPOSITION TO MATTEL'S MOTION TO COMPEL BRYANT TO TRAVEL FROM MISSOURI TO TESTIFY AS A MATTEL REBUTTAL WITNESS
CASE NO. CV 04-09049 SGL (RNBx)

420647.01

1 no longer a party to the litigation. After his dismissal as a party, Mr. Bryant
2 testified at length as a witness during Mattel's case-in-chief, and was subject to
3 cross-examination, re-cross-examination, and re-re-cross examination on the
4 numerous days that he testified. Mattel made no attempt to reserve any right to
5 recall Mr. Bryant while he was on the stand, and the Court duly dismissed him as a
6 witness. That extensive testimony satisfied Mr. Bryant's obligation to testify in
7 Mattel's "case-in-chief" per the Order of Dismissal, as well as any possible claim
8 under Mattel's invalid trial subpoena. Mr. Bryant has returned to his home in
9 Missouri, and has no obligation to come back to California for further testimony in
10 Phase 1(a).

**1. Mr. Bryant has complied with the Order of Dismissal, which expressly requires him only to testify during Mattel's "case-in-chief."**

The Order of Dismissal, which requires that Mr. Bryant testify in Mattel's "case-in-chief," creates no duty for Mr. Bryant to testify as a rebuttal witness for Mattel. As Mattel is forced to concede, the Order "is completely silent" as to any such duty. Motion at 3:4-5. Recognizing that the Order required Mr. Bryant to testify only during Mattel's "case-in-chief," Mattel argues only that the Order does not "terminate" or "diminish[]" any independent obligation for Mr. Bryant to testify on rebuttal for Mattel, *id.* at 3:5-6, and that it "can have no bearing" on any such duties. *Id.* at 3:7. Thus, Mattel does not dispute that Mr. Bryant complied in full with the dismissal Order's provision requiring his testimony when he appeared (for many days) during Mattel's case-in-chief, and was dismissed as a witness after doing so.

**2. Mattel's invalid subpoena to Mr. Bryant before his dismissal as a party cannot compel his appearance at trial as a nonparty witness, and any purported obligation under the invalid subpoena would have been satisfied by his appearance, testimony and dismissal.**

The only remaining basis for Mattel's motion, therefore, is the trial subpoena issued to Mr. Bryant prior to the parties' settlement. However, Mattel's subpoena

2

ordering Mr. Bryant to appear at trial in California is invalid and unenforceable because it would impermissibly require Mr. Bryant—a nonparty witness in Missouri—to travel more than the maximum amount permitted under the Federal Rules.  Fed. R. Civ. P. 45(c)(3)(A)(ii).  Nonparty travel over 100 miles can be required only from locations within the state in which a trial is held, and a court *must* quash a subpoena that requires excessive travel by a non-party. *Id.* Moreover, Mr. Bryant was *not* required to move to quash Mattel's invalid subpoena because, as the Federal Rules expressly instruct, a subpoena requiring excessive travel cannot be enforced *even if it is not quashed.*  Fed. R. Civ. P. 45(e). Rather, "[a] nonparty's *failure to obey* [a subpoena] must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)." *Id.* (emphasis added).  Because this excessive-travel defect excuses compliance with the subpoena automatically, delay or failure to expressly raise the objection cannot waive it.  *See id.*; Schwarzer, Tashima, & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2008 rev.), § 11:2293.1, 11:2270.2.[2]

In addition, Mattel has implicitly acknowledged that its pre-settlement trial subpoena could not compel Mr. Bryant's appearance after his dismissal from the lawsuit, despite his failure to object.  Mattel did so by taking the trouble of obtaining Mr. Bryant's express consent to a stipulated Order of Dismissal that required him to appear at trial to testify during Mattel's "case-in-chief."  That provision would be entirely unnecessary if Mattel could simply compel Mr. Bryant's appearance at trial under its pre-dismissal subpoena, as it now claims.

Moreover, even if Mattel's subpoena created any valid duty for Mr. Bryant to appear post-dismissal (which it did not), Mr. Bryant fully discharged that duty

---

[2] Mattel's subpoena also appears to be invalid because Mr. Bryant has not been able to locate any evidence that Mattel tendered witness fees to Mr. Bryant. *See* Anderson Decl., ¶ 3; Fed. R. Civ. P. 45(b)(1); *CF&I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983); *In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003).

3
NONPARTY WITNESS CARTER BRYANT'S SPECIAL OPPOSITION TO MATTEL'S MOTION TO COMPEL BRYANT TO TRAVEL FROM MISSOURI TO TESTIFY AS A MATTEL REBUTTAL WITNESS
CASE NO. CV 04-09049 SGL (RNBx)

420647.01

1  by appearing at trial until dismissed as a witness by the Court. After that dismissal,
2  Mr. Bryant was—and remains—under no compulsion to return to court to testify
3  further under the initial subpoena. *See* Wright & Gold, 28 Federal Practice &
4  Procedure § 6164 (2008 rev.) (explaining witness is normally excused from further
5  testimony unless right to recall is reserved; failure to reserve right to recall is
6  grounds for denial of request to recall witness); *United States v. DeRosa*, 670 F.2d
7  889, 896 (9th Cir. 1982) (finding no error in denial of request to recall witness who
8  had been dismissed and left the state, where no right to recall was reserved).

9  In addition, even for objections other than those based on excessive travel,
10  delay will not work a waiver where circumstances nevertheless justify quashing the
11  subpoena, as is the case here. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633 (C.D.
12  Cal. 2005) (citing Schwarzer; quashing overbroad document subpoena against non-
13  party, despite non-party's failure to object). Mr. Bryant already came out from
14  Missouri, testified at great length, and was dismissed as a witness with no
15  suggestion that he could be required to return again during Phase 1(a). Even if
16  Mattel's subpoena could somehow require Mr. Bryant to testify again, despite his
17  nonparty status, the subpoena should be quashed because that repeated appearance
18  would impose an unreasonable burden. Fed. R. Civ. P. (c)(3)(A)(iv). In addition to
19  the ordinary burdens of travel and time, requiring Mr. Bryant to return to
20  California now to testify would be especially burdensome to both Mr. Bryant and
21  his parents, because of a family medical situation. Mr. Bryant's elderly father is
22  currently hospitalized in Missouri, after undergoing surgery on the Fourth of July.
23  Mr. Bryant wishes to remain near his parents during this difficult time.
24  Declaration of Carter Bryant (filed concurrently), ¶¶ 2-4.

25  Because neither the Order of Dismissal nor any valid subpoena requires Mr.
26  Bryant to testify further in this litigation, Mattel cannot compel Mr. Bryant – a
27  Missouri resident – to travel hundreds of miles from out-of-state to do so. All of
28  Mattel's argument and purported authority to the contrary is inapposite.

**B.     Even if Mattel could compel Mr. Bryant to appear to testify, Mattel could not recall Mr. Bryant to present testimony that should have been part of its case-in-chief.**

Even if Mattel had any authority to compel Mr. Bryant's further attendance at trial, Mattel's efforts to present rebuttal testimony by Mr. Bryant are improper. Rebuttal testimony is proper only to counter new, unforeseen facts, not merely to support and reiterate a plaintiff's case-in-chief. *See Faigin v. Kelly*, 184 F.3d 67, 85-86 (1st Cir. 1999); *Daly v. Far Eastern Shipping Co. PLC*, 238 F. Supp. 2d 1231, 1238 (W.D. Wash. 2003); Wright & Gold, 28 Federal Practice & Procedure § 6164 (2008 rev.). Nothing in MGA's trial presentation justifies recalling Mr. Bryant as a rebuttal witness. Mr. Bryant testified at great length, and was subject to extensive examination on all manner of issues related to Mattel's claims and MGA's defenses. As discussed more fully in MGA's Opposition brief to Mattel's motion, Mattel has no legitimate basis for seeking further testimony by Mr. Bryant, and should not be permitted to recall Mr. Bryant.

### III.     Conclusion

Accordingly, we respectfully request that the Court reject Mattel's efforts to recall Mr. Bryant as a rebuttal witness.[3]

Respectfully submitted,

Dated: July 6, 2008                          KEKER & VAN NEST, LLP


By:   /s/ Christa M. Anderson
      CHRISTA M. ANDERSON
      Attorney for Non-Party
      CARTER BRYANT

---

[3] As we have done before, Mr. Bryant specially appears to present this opposition, and does so without waiving any jurisdictional or other arguments reserved to Mr. Bryant.

5
NONPARTY WITNESS CARTER BRYANT'S SPECIAL OPPOSITION TO MATTEL'S MOTION TO COMPEL BRYANT TO TRAVEL FROM MISSOURI TO TESTIFY AS A MATTEL REBUTTAL WITNESS
CASE NO. CV 04-09049 SGL (RNBx)

420647.01