THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071
Tel.: (213) 687-5000
Fax: (213) 687-5600

Attorneys for the MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09039 and Case No. CV 05-02727<br><br>MGA'S OPPOSITION TO MATTEL'S MOTION TO CALL CARTER BRYANT AS A REBUTTAL WITNESS IN PHASE 1(a)<br><br>Date:  July 7, 2008<br>Time:  10:00 a.m.<br>Judge: Honorable Stephen G. Larson<br>Place: Courtroom 1 |

## **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I. Mattel Cannot Use Rebuttal To Address Cross-Examination Issues Raised In Mattel's Case-In-Chief .............................................. 1

II. Mattel Has Set Forth No "New" And "Unanticipated" Issues That Allow Bryant To Be Recalled As A Rebuttal Witness On "Rainy Day Rascals" ................................................................................................. 1

    A. Mattel Knew The Temporal Relevance Of The "Rainy Day Rascals" Black Notebook Sketches Long Before Trial ............... 2

    B. Mattel Knew The Temporal Relevance Of The "Rainy Day Rascals" Sketches As A Result Of Carter Bryant's Testimony ............................................................................................ 3

    C. TX 10624 Is Irrelevant ........................................................................ 4

III. Mattel Has Set Forth No "New" And "Unanticipated" Issues That Allow Bryant To Be Recalled As A Rebuttal Witness On Jewel ......... 4

CONCLUSION .......................................................................................................... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

Mattel's Motion to Call Carter Bryant as a Rebuttal Witness in Phase 1(a) (the "Motion") is improper and baseless, and thus should be denied in its entirety.

### I. Mattel Cannot Use Rebuttal To Address Cross-Examination Issues Raised In Mattel's Case-In-Chief

The declared basis for the Motion is information that was elicited during the examination of two witnesses called by Mattel in its case-in-chief. (Quinn Decl. ¶¶ 7, 14.) Mattel relies on no evidence or facts from MGA's case. Accordingly, the relief sought is inappropriate. A rebuttal witness can be called only to rebut the defense's case-in-chief, not to "re-do" the plaintiff's case-in-chief, cure misplayed tactical decisions, take a "second bite at the apple," or allow the plaintiff to "lie in the weeds." *See, e.g., Koch v. Koch Indus.*, 203 F.3d 1202, 1224-26 (10th Cir. 2000) (affirming denial of plaintiffs' attempt to recall witness for rebuttal because plaintiffs could have reasonably anticipated the evidence, and because the purported "new" evidence was elicited on cross-examination during plaintiffs' case-in-chief); *U.S. v. McCollum*, 732 F.2d 1419, 1426 (9th Cir. 1984) (affirming exclusion of rebuttal testimony related to plaintiff's case-in-chief); RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL TRIALS AND EVIDENCE § 9:376 (2008) ("Proper rebuttal evidence is that offered to disprove evidence offered during the other party's case-in-chief . . . Rebuttal should be limited to evidence designed to counter 'new' evidence or theories raised during the defendant's case-in-chief"). Mattel's Motion does not meet this test.

### II. Mattel Has Set Forth No "New" And "Unanticipated" Issues That Allow Bryant To Be Recalled As A Rebuttal Witness On "Rainy Day Rascals"

Mattel seeks to recall Mr. Bryant to testify about his work on "Rainy Day Rascals" greeting cards. Mattel alleges that while cross-examining Mattel's expert, Lloyd Cunningham, MGA raised the "new" and "unanticipated" issue that Rainy Day Rascals sketches were drawn in 1998 in one of Mr. Bryant's black notebooks. (Quinn Decl. ¶¶ 4-7.) Mattel claims it needs to recall Mr. Bryant to testify "simply to introduce" TX 10624, an apparent "Rainy Day Rascals" drawing dated April 4,

MGA PARTIES' OPPOSITION TO MATTEL'S MOTION TO CALL CARTER BRYANT AS A REBUTTAL WITNESS IN PHASE 1 (a) - CASE NO: CV 04-9049 SGL (RNBx)

1

1999. (Quinn Decl. ¶ 6.) As a dispositive matter, however, Mattel cannot claim surprise and an "unanticipated" need to introduce TX 10624 in rebuttal; *before trial*, Mattel listed TX 10624 on its exhibit list, and specifically designated it for use with Mr. Bryant. (¶ 2.)[1] Regardless, the pre-trial and trial history refute any claim that the issue was "new" and "unanticipated" until Mr. Cunningham testified at trial.

### A. Mattel Knew The Temporal Relevance Of The "Rainy Day Rascals" Black Notebook Sketches Long Before Trial

The dating of all of the documents from Mr. Bryant's black notebook has been directly at issue in this case for years. (¶ 4.) Moreover, Mattel had full knowledge long before trial of the temporal and general relevance of TX 15333 and TX 15393, the two "Rainy Day Rascals" sketches from the black notebook.

From February to June 2007, Mattel's attorneys spent 5 days reviewing and photographing all of Bryant's original drawings and papers. (¶ 5.) Mattel then submitted to Judge Infante a lengthy list of documents that it wanted its forensic experts to examine, which he approved without amendment. (¶¶ 6, 7.) TX 15333 and TX 15393 were on that list and were sent to Mattel's experts for examination. At trial, Mr. Cunningham testified that when he examined the black notebook in September 2007, he noticed the impressions of the two "Rainy Day Rascals" greeting card sketches on the same pages where he had found impressions of Mr. Bryant's "very first" Bratz sketches. (¶ 15.) He also testified that, at the time of his discovery, he specifically identified TX 15333 as the source of one of those impressions, and he freely admitted that he reported his findings to Mattel attorney Diane Hutnyan. (*Id.*) Mr. Cunningham even testified that Ms. Hutnyan herself could see the impressions. (*Id.*) Accordingly, as of at least September 2007, Mattel was on notice of the temporal relevance of TX 15333 and TX 15393.

Nevertheless, Mattel opted <u>not</u> to ask Mr. Bryant about those sketches during the two subsequent days it deposed Mr. Bryant, on January 23 and 24, 2008. In

---

[1] Paragraphs cited herein are to the accompanying Declaration of Lauren E. Aguiar.

addition, Mattel's attorneys affirmatively directed Mr. Cunningham not to include his findings about the "Rainy Day Rascals" impressions (TX 15333 and TX 15393) in his expert report, but rather to discuss *only* the impressions of the Bratz sketches, as that "was the evidence that [Mattel was] going to submit to the Court."  (¶ 15.)

Further, in March 2008, MGA's forensic experts, Dr. Lyter and Mr. Kullman, also discovered the "Rainy Day Rascals" impressions in the black notebook and determined that TX 15333 and TX 15393 were the sources of those impressions. Both of MGA's experts expressly discussed these findings in expert reports served on Mattel on March 17, 2008 – two months before trial.  (¶¶ 8, 9.)

### B. Mattel Knew The Temporal Relevance Of The "Rainy Day Rascals" Sketches As A Result Of Carter Bryant's Testimony

Mattel cannot bury its head in the sand and then claim "surprise" after taking 40 hours to present its case-in-chief.  Mr. Quinn's declaration that "there was no relevance to the dating of the 'Rainy Day Rascal' greeting cards until MGA's cross-examination of Mr. Cunningham" is simply false.  (Quinn Decl. ¶ 5.)  Three days before the cross-examination of Mr. Cunningham, MGA questioned Mr. Bryant at length about the "Rainy Day Rascals" sketches from the black notebook; Mr. Bryant testified that he drew TX 15333 and TX 15393 in 1998.  (¶ 11.)

More importantly, during Mr. Price's re-direct examination of Carter Bryant on the morning of June 20, 2008, he specifically questioned Mr. Bryant about the "Rainy Day Rascals" drawings.  (¶ 12.)  During a sidebar conference later that same day, the Court acknowledged that Mr. Bryant had testified about the precise question of when the Rainy Day Rascal cards were done  (Court: "We have testimony from Carter Bryant that it was; that he did the Rainy Day Rascal card in 1998.")  (¶ 13.) Mr. Price then appeared to agree that he questioned Mr. Bryant on this issue:  "I asked [Mr. Bryant] again this morning."  (*Id.*)

Further, *on direct examination of its expert Mr. Cunningham*, Mr. Quinn elicited testimony that he had seen the impressions of the "Rainy Day Rascals"

sketches in the black notebook.  (¶ 15.)  Thus, Mattel's representation that the dating and temporal relevance of TX 15333 and TX 15393 was "new" and "unanticipated" until the cross-examination of Mr. Cunningham is plainly incorrect.

### C.    TX 10624 Is Irrelevant

As discussed above, TX 10624 was listed as a trial exhibit by Mattel *prior to trial*, so Mattel cannot now claim a surprise need to introduce the exhibit.  (¶ 2.)  Regardless, TX 10624 is not related to the greeting cards sketched in TX 15333 or TX 15393, and thus would provide the jury with no relevant evidence concerning when TX 15333 and TX 15393 were drawn.  Nowhere in the record is it suggested that Mr. Bryant worked on all "Rainy Day Rascals" greeting cards only in one year.  In fact, Mattel already elicited testimony from Mr. Bryant that he has worked on greeting cards since 1995 and still works on greeting cards to this day.  (¶¶ 10, 12.)  It was Mattel's decision not to specifically ask Mr. Bryant about his "Rainy Day Rascals" work outside of 1998, and not to inquire specifically about other "Rainy Day Rascals" drawings during Bryant's examination, including TX 10624.

### III.   Mattel Has Set Forth No "New" And "Unanticipated" Issues That Allow Bryant To Be Recalled As A Rebuttal Witness On Jewel

Mr. Bryant testified that he did Jewel-themed projects in 1998 and 1999 and Mattel examined him at length *three times* on that testimony.  (¶ 16.)  Mattel did not stop there, however.  "To rebut Mr. Bryant's testimony, Mattel called [Cassidy] Park to the stand the next court day after Bryant completed his testimony."  (Quinn Decl. ¶ 13.)  Because Mattel is apparently not satisfied with the results, Mattel wishes to recall Mr. Bryant to testify about internal Mattel documents as a result of purportedly "new" and "unanticipated" issues allegedly raised during MGA's cross-examination of Ms. Park.  This makes no sense and is baseless.

Mattel argues that it needs to recall Mr. Bryant because "MGA insinuated during its cross of Ms. Park . . . that the 1998 Jewel-themed project on which Bryant claimed to have been working was a Collectibles project about which Ms. Park failed

to investigate." (Quinn Decl. ¶ 14.) But Mattel had the opportunity to conduct re-direct of Ms. Park.

Furthermore, Mattel claims it needs Bryant to testify in rebuttal about TX 18548 to "confirm . . . that the copyright date on the photograph marked as Trial Exhibit 18548 is incorrect." (Quinn Decl. ¶ 15.) As this Court is aware, however, MGA was not permitted to move TX 18548 into evidence and that document was never published to the jury. (¶ 17.) Thus, no rebuttal is necessary.

Likewise, there is no need to recall Mr. Bryant to testify about internal Mattel "Turnover Schedules" as to whether a particular Jewel project was started in 1998 or 1999. (Quinn Decl. ¶ 15.) Mattel has provided no explanation whatsoever as to why it could not have introduced those "Turnover Schedules" through a Mattel employee before it rested. Regardless, Mattel's underlying point is groundless, as Mr. Bryant testified that he did not know whether both 1998 and 1999 Jewel-themed projects were Barbie Collectibles projects. (¶ 16.) Mattel's argument that Mr. Bryant never testified about a 1998 Jewel-themed project during his depositions is also not a basis to recall him in rebuttal. (Quinn Decl. ¶¶ 9-10, 12.) The reason is simple: Mattel never asked him about his 1998 Jewel project or 1998 Jewel drawings at his depositions. Regardless, Mattel already made this point during its examination of Mr. Bryant during its case-in-chief. (¶ 16.)

## CONCLUSION

MGA respectfully requests that Mattel's Motion be denied.

DATED: July 6, 2008

                       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                       By: /s/ Thomas J. Nolan
                           Thomas J. Nolan
                           Attorneys for the MGA Parties

MGA PARTIES' OPPOSITION TO MATTEL'S MOTION TO CALL CARTER BRYANT AS A REBUTTAL WITNESS IN PHASE 1 (a) - CASE NO: CV 04-9049 SGL (RNBx)

5