QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>        vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**MATTEL, INC.'S OBJECTIONS TO MGA PARTIES' THIRD REVISED [PROPOSED] PHASE 1-A SPECIAL VERDICT FORM** |
| AND CONSOLIDATED ACTIONS | **Phase 1:**<br><br>Pre-Trial Conference:    May 19, 2008<br>Trial Date:                     May 27, 2008 |

1    Plaintiff Mattel, Inc. ("Mattel") hereby objects to defendants' third revised

2  proposed special verdict form for Phase 1A of the trial in this matter.  Mattel

3  requests and reserves the right to amend, modify, withdraw and/or supplement the

4  following objections during the trial of this matter.  Mattel reserves the right to

5  submit further objections to defendants' proposed verdict form depending upon and

6  based upon rulings issued in connection with any motions *in limine* or other pre-trial

7  or trial motions, and the evidence and theories proffered by the parties during the

8  course of the trial.  Each of Mattel's General Objections to this verdict form and

9  defendants' proposed jury instructions is hereby expressly incorporated in full in the

10  objections to the specific verdict form and proposed findings.

11

12  DATED:  July 6, 2008                QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP

13

14                                      By  /s/ Jon D. Corey
                                          Jon D. Corey
15                                        Attorneys for Mattel, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

**GENERAL OBJECTIONS**

Each of the following General Objections is hereby incorporated in full into the objections to specific verdict forms and proposed findings set forth below:

1.      Mattel objects generally to defendants' proposal to present the jury with an argumentative and defense-slanted verdict form.  Defendants will be afforded an opportunity at the close of the evidence to present argument as to any issues properly presented to the jury.  There is no reason for defendants to attempt to re-argue the issues in their proposed verdict forms.  Yet defendants now propose to bombard the jury with forms containing every argument and addressing every sub-issue they believe is in the case, each framed as a special verdict question.  The result is a convoluted, over-length set of forms.  There is no reason to require the jury to make explicit findings on every element of every claim.  Instead, defendants have proposed this to attempt to induce the jury to find for them by improperly erecting hurdles the jury must jump over to find for Mattel.

2.      Mattel further objects to defendants' proposed verdict forms for Phase 1A on the ground that they improperly and confusingly ask the jury to make findings on issues the Court has already adjudicated in connection with the parties' motions for partial summary judgment and are contrary to the Court's findings.  *See, e.g.*, April 25, 2008 Order Granting in Part, Denying in Part, and Deferring in Part the Parties' Motions for Partial Summary Judgment ("April 25, 2008 Order"); June 7, 2008 Final Pre-Trial Conference Order for Phase 1 Trial ("Final Pre-Trial Conference Order").

The Court has already held as a matter of law that the "Inventions Agreement explicitly conveys to Mattel an employee's interest in any copyright applications" and that, assuming copyrightability and resolution of timing issues in Mattel's favor, "the original Bratz drawings clearly fall within the scope of the Inventions Agreement."  April 25, 2008 Order, at 4.  The Court confirmed in the Final Pre-Trial

Conference Order that "Mattel owns 'any Bratz-related "inventions" (including any designs, improvements, ideas, concepts and copyrightable subject matter)' that Carter Bryant 'created during the period of his employment with Mattel.'" Final Pre-Trial Conference Order, at 4.

The Court also found as a matter of law that Bryant owed a fiduciary duty and duty of loyalty to Mattel and that he breached his duty of loyalty when he "secretly entered into a contract with Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products." April 25, 2008 Order, at 5-6.

The Court also ruled that Mattel has satisfied at least two elements of its claim against MGA and Larian for intentional interference with contractual relations. April 25, 2008 Order, at 6; May 21, 2008 Order, at 9-10 (finding that the first element [a valid contract] and fifth element [resulting damage] are met).

3.      Mattel further objects to the defendants' proposed verdict forms on the ground that the questions they pose deviate substantially from the model instructions found in the Ninth Circuit Manual of Model Jury Instructions and CACI.

4.      Mattel further objects to the defendants' proposed verdict forms on the ground that the questions they pose incorporate the same erroneous statements of law that are set forth in the defendants' revised disputed proposed jury instructions. *See* Mattel's Objections to the Defendants' Revised Disputed Proposed Jury Instructions. If these erroneous statements of law are included in the final verdict form, an unfavorable verdict would be subject to reversal on appeal.

5.      Mattel further objects to the defendants' proposed verdict forms on the ground that they are excessively fact-specific and argumentative, which makes them hopelessly confusing and prejudicial. Many of the "facts" assumed by the defendants in their proposed verdict forms are argumentative, biased and inaccurate. The defendants make numerous assumptions in their proposed verdict forms

07209/2548828.1

1   regarding what Mattel claims, many of which are irrelevant and unnecessary the

2   causes of action at issue in this case.  For example, defendants ask the jury to make

3   numerous findings regarding whether Bryant breached his contracts with Mattel,

4   even though Mattel need not prove actual breach to recover against defendants for

5   intentional interference with contractual relations.

6       6.      Mattel further objects to the defendants' proposed verdict forms on the

7   ground that they are materially biased toward the defendants.

8       7.      Mattel further objects to defendants' proposed verdict forms on the

9   ground that defendants' instructions are inconsistent with applicable legal standards,

10  as set forth in the briefing on Mattel's motion for partial summary judgment,

11  Mattel's motions *in limine* and Mattel's proposed jury instructions, which are hereby

12  incorporated herein.

13      8.      Mattel incorporates by reference herein, each of the objections that it

14  has made or may make to the jury instructions proposed by MGA to the extent that

15  they relate to the same subject matter addressed by those objections.

16      9.      Based on the foregoing General Objections, Mattel respectfully

17  requests that the Court reject defendants' proposed verdict form in its entirety.  To

18  the extent the Court intends to adopt any portion of defendants' proposed verdict

19  form, Mattel reserves the right to assert additional General and Specific Objections

20  to defendants' proposed form.

21

22

23

24

25

26

27

28

1

## SPECIFIC OBJECTIONS—PHASE 1-A VERDICT FORM

2

## Question No. 1:  Ownership of Drawings

3          Mattel objects to defendants' proposed verdict form as follows:

4          Defendants proposed verdict form is vague and ambiguous because it does

5    not specify the Bratz-related works that Mattel claims it owns pursuant to the

6    Inventions Agreement, as Mattel's proposed form does.  Accordingly, the proposed

7    jury finding would be unclear and insufficient for purposes of Mattel's declaratory

8    relief claim.  The proposed verdict form is also confusing as phrased and does not

9    adequately inform the jury as to which questions must be answered.

10          Mattel objects to defendants' specific proposed questions follows:

11          (a)      Defendants' proposed form is compound and therefore misleading.  As

12    the Court has already ruled as a matter of law, Mattel owns all Bratz-related

13    inventions created by Bryant while he was employed by Mattel.  *See* April 25, 2008

14    Order, at 4-5; June 7, 2008 Final Pre-Trial Conference Order, at 4.  Mattel owns

15    those works regardless of when Bryant "conceived of the idea for" Bratz.

16    Accordingly, it is misleading and improper for defendants to suggest – as this

17    proposed form does – that Mattel must prove that Bryant both conceived of the idea

18    and created works while he was employed by Mattel in order for Mattel to own

19    Bratz-related works.

20          The proposed form also improperly attempts to limit Mattel's claim to the idea

21    for Bratz and the "initial master drawings of the Bratz characters."  Mattel's claim is

22    not so limited.  As set forth in Mattel's proposed verdict form, Mattel claims that it

23    owns numerous Bratz-related works created by Bryant while he was employed by

24    Mattel.  It is up to the jury to make findings as to the ownership of those works.  It is

25    improper and misleading for defendants to limit the jury's findings to some sub-set

26    of the works identified in Mattel's proposed verdict form.  Nor is the phrase "initial

27    master drawings of the Bratz characters" defined, rendering the question hopelessly

28

1    vague.  Nor is this phrase proper in the first place -- it is a slanted, loaded phrase

2    designed to further MGA's theory of the case.

3          (b)    This proposed question is erroneous as a matter of law and therefore

4    misleading and prejudicial to Mattel.  The issue of whether or not Bratz-related

5    works created by Bryant while he was employed by Mattel were "based on the

6    drawings he created in 1998" is irrelevant to the ownership issues before the jury in

7    Phase 1A.  The Court has ruled as a matter of law that, pursuant to the Inventions

8    Agreement, Mattel owns all Bratz-related works created by Bryant while at Mattel.

9    Accordingly, if the jury finds that Bryant created Bratz-related works while

10   employed by Mattel, Mattel is the rightful owner of such works.  Defendants'

11   argument that such works were "based on" drawings allegedly created while Bryant

12   was not at Mattel is irrelevant to any issue in Phase 1A and would only confuse and

13   mislead the jury.

14          The question is also misleading and erroneous to the extent it purports to

15   inform the jury that Mattel bears the burden of proving that Bratz-related works

16   created by Bryant while he was employed by Mattel "were **not** prepared by Mr.

17   Bryant based on" earlier drawings.  In connection with its declaratory relief and

18   conversion claims, Mattel's burden is to show that Bratz-related works were created

19   by Bryant while he was employed by Mattel.  Per the Inventions Agreement and the

20   Court's prior rulings, Mattel is the rightful owner of such works.  Defendants have

21   no basis to suggest that Mattel bears some additional burden of proving that those

22   works were not based on earlier works allegedly created by Bryant.

23          The proposed question is argumentative and assumes facts.  The creation

24   dates of Bratz-related works, including drawings defendants claim Bryant created in

25   1998, is a disputed issue in this case.  Accordingly, it would be improper and

26   misleading to inform the jury that Bryant created those drawings "in 1998 while he

27   was not a Mattel employee."

28

Finally, the proposed form improperly attempts to limit Mattel's claim to "drawings related to Bratz."  Mattel's claim is not so limited.

(c)     Mattel objects to the schedule of works to be set forth at Exhibit A on the ground that defendants have not yet provided Mattel with a copy of this schedule.  Mattel reserves the right to object to defendants' proposed schedule.

Defendants' proposed questions should be rejected.

## Question No. 2:  Intentional Interference with Contract

Defendants' proposed form regarding intentional interference with contract incorporates the same erroneous statements of law as their proposed jury instructions and should be rejected on that basis alone.  To the extent the Court is inclined to ask the jury to make such specific findings regarding Mattel's claims (which Mattel does not think is necessary), such findings should track the elements of the claim as set forth in the model instruction found in CACI (as Mattel's proposed jury instruction does).  Defendants' proposed form does not conform to the model instruction.

Mattel objects to defendants' specific proposed questions follows:

(a)     This proposed question is erroneous as a matter of law and therefore misleading and prejudicial to Mattel.  Defendants are simply making up elements of an intentional interference claim that are contrary to the law.  The issue of whether or not MGA or Larian approached Carter Bryant first is irrelevant.  That is not an element of this claim.  *See* CACI No. 2201; April 25, 2008 Order, at 6.  MGA and Larian are liable if they knew of Bryant's contract(s) with Mattel; intended to disrupt the performance of the contract; prevented performance or made performance more difficult; Mattel was harmed; and MGA and/or Larian's conduct was a substantial factor in causing Mattel's harm.  *See* CACI No. 2201; *Plessinger v. Castleman and Haskell*, 838 F. Supp 448, 452 (N.D. Cal. 1993) ("[I]ntent can be met by an

1   allegation that the defendant engaged in an intentional act designed to 'disrupt' the

2   plaintiff's contractual relationship.... and that disruption includes acts which make

3   the plaintiff's performance under the contract more difficult or burdensome");

4   *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990).

5   Even if the issue of initial contact were somehow relevant (which it is not), it

6   certainly would not be Mattel's burden of proof.

7          (b)     This proposed question is erroneous as a matter of law and therefore

8   misleading and prejudicial to Mattel.  Defendants wrongly state that Mattel must

9   prove that defendants were aware of the "material terms" of the contract or contracts

10  between Bryant and Mattel.  That is not the law.  Mattel need only prove that

11  defendants "knew of the contract."  *See* CACI No. 2201.

12         (c)     This proposed question is erroneous as a matter of law and therefore

13  misleading and prejudicial to Mattel.  Mattel need not prove that Bryant actually

14  breached his contract with Mattel to recover against defendants for intentional

15  interference with contractual relations.  Mattel need only prove that performance of

16  the contract was disrupted or made more difficult.  *See* CACI No. 2201; *see also*

17  April 25, 2008 Order, at 6.

18         (d)     The Court has already found, as a matter of law, that Mattel was

19  harmed by defendants' conduct.  *See* April 25, 2008 Order, at 6 (finding that the

20  "resulting damage" element of Mattel's claim for intentional interference with

21  contractual relations has been met).  Hence, the jury need not make such a finding.

22         (e)     This proposed question is duplicative and unnecessary.  The Court has

23  already found that Mattel was harmed as a result of the disruption of its contractual

24  relationship with Bryant.  *See* April 25, 2008 Order, at 6.  There is no need for the

25  jury to make a separate finding that defendants were a "substantial factor" in causing

26  that harm, which is implicit in any finding of harm.

27

28

1    Defendants' proposed question also improperly attempts to limit their

2    wrongful conduct to "entering into an agreement with Carter Bryant" when Mattel's

3    claim is based on all of defendants' conduct that interfered with the contractual

4    relationship between Mattel and Bryant.

5        (f)    This proposed question is erroneous as a matter of law and therefore

6    misleading and prejudicial to Mattel.  Defendants are simply making up elements of

7    this claim that are contrary to law.  Defendants have no basis to inform the jury that

8    Mattel must prove that defendants were "certain that they were contracting for

9    something that belonged to Mattel when [they] contracted with Bryant for the rights

10   to Bratz."  That is not an element of an intentional interference claim.  *See* CACI

11   No. 2201; April 25, 2008 Order, at 6.  Accordingly, it is improper and prejudicial for

12   defendants to inform the jury that Mattel must prove that issue in order to establish

13   liability.

14       Defendants' proposed question also improperly attempts to limit their

15   wrongful conduct to "contract[ing] with Bryant for the rights to Bratz" when

16   Mattel's claim is based on all of defendants' conduct that interfered with the

17   contractual relationship between Mattel and Bryant.

18       Defendants' proposed questions should be rejected.

19

20           **Question No. 3:  Conversion**

21       All of defendants' proposed questions regarding Mattel's conversion claim are

22   erroneous and misleading to the extent they omit reference to MGA (HK).  Mattel is

23   pursuing a conversion claim against MGA, Isaac Larian and MGA (HK).  *See*

24   Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims

25   ("Mattel's Counterclaims"), at 72 (conversion claim "Against All Counter-

26   defendants"); *see also* Final Pre-Trial Conference Order, at 11.

27       Mattel objects to defendants' specific proposed questions as follows:

28

1    (a)    This proposed instruction is vague, ambiguous and confusing as

2  written.  To the extent the Court is inclined to ask the jury to make specific findings

3  regarding Mattel's conversion claim (which Mattel does not think is necessary), the

4  question should simply ask whether Mattel has proved it owns tangible Bratz-related

5  works.  The inclusion of the phrase "under its contract with Carter Bryant" is

6  unnecessary and makes the proposed question confusing to the extent it suggests

7  that the jury must make some sort of finding regarding Mattel's contract with

8  Bryant.  As set forth above, the Court has already ruled as a matter of law that

9  Mattel owns any Bratz-related works that Bryant created while employed with

10  Mattel.  *See* April 25, 2008 Order, at 4-5; June 7, 2008 Final Pre-Trial Conference

11  Order, at 4.

12    While defendants' proposed question is improper, it is worth noting that

13  defendants refer to Mr. Bryant's works as "Bratz drawings" in it.  Defendants should

14  not be heard to object when Mattel does the same in its proposed verdict forms.

15    (b)    This proposed question is erroneous as a matter of law and therefore

16  misleading and prejudicial to Mattel.  Defendants' proposed question wrongly states

17  that Mattel must prove that defendants "intentionally prevented Mattel from having

18  access to" the tangible items in question, when it is sufficient for Mattel to prove

19  that defendants either intentionally took possession of the items <u>or</u> prevented access

20  to them.  *See* CACI No. 2100.

21    (c)    This proposed question is vague and ambiguous in its reference to "any

22  of the above conduct."

23    (d)    This proposed question is duplicative and unnecessary.  There is no

24  need for the jury to make a separate finding that defendants were a "substantial

25  factor" in causing harm, when that is implicit in any finding of harm.

26    Defendants' proposed questions should be rejected.

27

28

## Question No. 4:  Aiding and Abetting Breach of Fiduciary Duty Other Than to Maintain the Confidentiality of Information Provided to Him by Mattel

Mattel objects to the title of this question as argumentative and misleading, and because it misstates the Court's rulings regarding Bryant's fiduciary duty to Mattel.  The Court ruled as a matter of law that Bryant owed a fiduciary duty to Mattel with respect to "Mattel's confidential information," which would include any Bratz-related materials provided by Bryant to defendants that Mattel proves that it owns.  *See* May 21, 2008 Order re Motion for Reconsideration, at 4 & n.2. Accordingly, Bryant's fiduciary duty already established as a matter of law is not limited to "Information Provided to [Bryant] by Mattel," as defendants misleadingly suggest.  The title is also vague and ambiguous to the extent it refers to "Him" instead of Carter Bryant.

Further, defendants' proposed form regarding Mattel's claim for aiding and abetting breach of fiduciary duty (Question Nos. 4 and 5) is unintelligible and confusing.  Defendants attempt to artificially separate this claim into two parts: "Breach of Fiduciary Duty Other Than to Maintain the Confidentiality of Information Provided to Him by Mattel" and "Breach of Fiduciary Duty to Maintain the Confidentiality of Information Provided to Him by Mattel."  The proposed form as written is convoluted, and the jury is sure to be confused by defendants' artificial separation.  Mattel's claim is that defendants aided and abetted Bryant's breaches of fiduciary duty, whatever the jury finds those breaches to be based on the evidence admitted at trial.  It is improper and prejudicial to Mattel for defendants to attempt to break down Mattel's claim in this manner.

Mattel further objects to defendants' specific proposed questions as follows:

(a)     This proposed question is unintelligible and confusing to the extent it (like the title of this proposed form) references a "fiduciary duty to Mattel other than to maintain the confidentiality of information provided to him by Mattel."  Mattel's

1   claim is that defendants aided and abetted Bryant's breaches of fiduciary duty,
2   whatever the jury finds those breaches to be based on the evidence admitted at trial.
3   It is improper and prejudicial to Mattel for defendants to attempt to break down
4   Mattel's claim in this artificial manner.

5          This proposed question also misstates the Court's rulings regarding Bryant's
6   fiduciary duty to Mattel.  The Court ruled as a matter of law that Bryant owed a
7   fiduciary duty to Mattel with respect to "Mattel's confidential information," which
8   would include any Bratz-related materials provided by Bryant to defendants that
9   Mattel proves that it owns.  *See* May 21, 2008 Order re Motion for Reconsideration,
10  at 4 & n.2.  Accordingly, Bryant's fiduciary duty already established as a matter of
11  law is not limited to "Information Provided to [Bryant] by Mattel," as defendants
12  misleadingly suggest.

13         Finally, defendants' question is also erroneous to the extent it purports to
14  inform the jury that Mattel must prove that Bryant "expressly agreed" to assume a
15  fiduciary duty to Mattel.  That is not the law.  *See, e.g.*, *Michelson v. Hamada*, 29
16  Cal. App. 4th 1566, 1581 (1991) (fiduciary relationships arise "whenever trust and
17  confidence is reposed by one person in the integrity of another"); *Carpenter v.*
18  *United States*, 484 U.S. 19, 27 (1987) (at common law, "even in the absence of a
19  written contract, an employee has a fiduciary obligation to protect confidential
20  information obtained during the course of his employment).  In any case, the Court
21  has already found that Mr. Bryant did so agree.  There is no reason to ask the jury to
22  make such a finding again.

23         (c)     The proposed question misstates the law and erroneously states that
24  Mattel must prove that it suffered harm "while Carter Bryant was employed at
25  Mattel."  That is not supported by law.  Mattel need only prove that it was harmed
26  by Bryant's breach of fiduciary duty.  *See, e.g.*, CACI No. 4102.  Mattel is entitled to
27  recover damages for all harm caused by defendants' wrongful conduct, including
28

-12-

harm to Mattel after Bryant left Mattel.  *See Cal. Civ. Code* § 3333 ("For the breach of an obligation not arising from contract, the measure of damages . . . is the amount which will compensate *for all the detriment proximately caused thereby, whether it could have been anticipated or not.*"); *see also County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 543 (2007) ("Disgorgement of profits is particularly applicable in cases dealing with breach of a fiduciary duty"; "Active participants in the breach of fiduciary duty by another are accountable for all advantages they gained thereby and are liable to the beneficiary of the duty").

(d)     The jury instructions set forth the elements of Mattel's claims.  There is no reason to include each and every element of a claim in the verdict form as well. Moreover, defendants' phrasing misstates the legal elements of Mattel's claim.

(e)     This proposed question is erroneous as a matter of law and therefore misleading and prejudicial to Mattel.  Contrary to defendants' proposed form, Mattel is not required to prove that MGA and/or Larian "made a conscious decision to participate in wrongful activity designed to assist Carter Bryant's breach of [] fiduciary duty."  *See Berg & Berg Enter. LLC v. Sherwood Partners, Inc.*, 131 Cal. App. 4th 802, 823 n.10 (2005) (finding aiding and abetting does not require that a defendant agree to join the wrongful conduct).  As set forth in Mattel's proposed jury instructions, MGA and/or Larian are liable for aiding and abetting Bryant's breaches of duty if they knowingly provided him substantial assistance in so acting. *See Neilson v. Union Bank of Calif.*, 290 F. Supp. 2d 1101, 1119 (C.D. Cal. 2003). Indeed, even ordinary business transactions can constitute substantial assistance. *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005) (finding that ordinary business transactions by a bank were sufficient to constitute substantial assistance).

Defendants' proposed questions should be rejected.

1  **Question No. 5:  Aiding and Abetting Breach of Fiduciary Duty to Maintain the**
2  **Confidentiality of Information Provided to Him by Mattel**

3       Mattel objects to the title of this question as argumentative and misleading,
4  and because it misstates the Court's rulings regarding Bryant's fiduciary duty to
5  Mattel.  The Court ruled as a matter of law that Bryant owed a fiduciary duty to
6  Mattel with respect to "Mattel's confidential information," which would include any
7  Bratz-related materials provided by Bryant to defendants that Mattel proves that it
8  owns.  *See* May 21, 2008 Order re Motion for Reconsideration, at 4 & n.2.
9  Accordingly, Bryant's fiduciary duty already established as a matter of law is not
10 limited to "Information Provided to [Bryant] by Mattel," as defendants misleadingly
11 suggest.  The title is also vague and ambiguous to the extent it refers to "Him"
12 instead of Carter Bryant.

13      Further, defendants' proposed form regarding Mattel's claim for aiding and
14 abetting breach of fiduciary duty (Question Nos. 4 and 5) is unintelligible and
15 confusing.  Defendants attempt to artificially separate this claim into two parts:
16 "Breach of Fiduciary Duty Other Than to Maintain the Confidentiality of
17 Information Provided to Him by Mattel" and "Breach of Fiduciary Duty to Maintain
18 the Confidentiality of Information Provided to Him by Mattel."  The proposed form
19 as written is convoluted, and the jury is sure to be confused by defendants' artificial
20 separation.  Mattel's claim is that defendants aided and abetted Bryant's breaches of
21 fiduciary duty, whatever the jury finds those breaches to be based on the evidence
22 admitted at trial.  It is improper and prejudicial to Mattel for defendants to attempt to
23 break down Mattel's claim in this manner.

24      Mattel further objects to defendants' specific proposed questions as follows:

25      (a)    This proposed instruction is contrary to the Court's April 25, 2008
26 Order.  The Court has already found as a matter of law that Bryant owed a fiduciary
27 duty to Mattel with respect to Mattel's confidential information.  *See* April 25, 2008

28

1  Order, at 5-6; May 21, 2008 Order, at 4.  Hence, the jury need not make such a

2  finding.

3         In any event, this proposed question is unintelligible and confusing to the

4  extent it (like the title of this proposed form) references a "fiduciary duty to Mattel

5  to maintain the confidentiality of information provided to him by Mattel."  Mattel's

6  claim is that defendants aided and abetted Bryant's breaches of fiduciary duty,

7  whatever the jury finds those breaches to be based on the evidence admitted at trial.

8  It is improper and prejudicial to Mattel for defendants to attempt to break down

9  Mattel's claim in this artificial manner.

10        This proposed question also misstates the Court's rulings regarding Bryant's

11  fiduciary duty to Mattel.  The Court ruled as a matter of law that Bryant owed a

12  fiduciary duty to Mattel with respect to "Mattel's confidential information," which

13  would include any Bratz-related materials provided by Bryant to defendants that

14  Mattel proves that it owns.  *See* May 21, 2008 Order re Motion for Reconsideration,

15  at 4 & n.2.  Accordingly, Bryant's fiduciary duty already established as a matter of

16  law is not limited to "Information Provided to [Bryant] by Mattel," as defendants

17  misleadingly suggest.

18        Finally, defendants' question is also erroneous to the extent it purports to

19  inform the jury that Mattel must prove that Bryant "expressly agreed" to assume a

20  fiduciary duty to Mattel.  That is not the law.  *See, e.g.*, *Michelson v. Hamada*, 29

21  Cal. App. 4th 1566, 1581 (1991) (fiduciary relationships arise "whenever trust and

22  confidence is reposed by one person in the integrity of another"); *Carpenter v.

23  United States*, 484 U.S. 19, 27 (1987) (at common law, "even in the absence of a

24  written contract, an employee has a fiduciary obligation to protect confidential

25  information obtained during the course of his employment).  In any case, the Court

26  has already found that Mr. Bryant did so agree.  There is no reason to ask the jury to

27  make such a finding again.

28

(b)     This proposed question misstates the Court's rulings regarding Bryant's fiduciary duty to Mattel established as a matter of law.  The Court ruled that Bryant owed a fiduciary duty to Mattel with respect to "Mattel's confidential information," which would include any Bratz-related materials provided by Bryant to defendants that Mattel proves that it owns.  *See* May 21, 2008 Order re Motion for Reconsideration, at 4 & n.2.  Accordingly, Bryant's fiduciary duty already established as a matter of law is not limited to "Information Provided to [Bryant] by Mattel," as defendants misleadingly suggest.

(c)     The proposed question misstates the law and erroneously states that Mattel must prove that it suffered harm "while Carter Bryant was employed at Mattel."  That is not supported by law.  Mattel need only prove that it was harmed by Bryant's breach of fiduciary duty.  *See, e.g.*, CACI No. 4102.  Mattel is entitled to recover damages for all harm caused by defendants' wrongful conduct, including harm to Mattel after Bryant left Mattel.  *See Cal. Civ. Code* § 3333 ("For the breach of an obligation not arising from contract, the measure of damages . . . is the amount which will compensate *for all the detriment proximately caused thereby, whether it could have been anticipated or not*."); *see also County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 543 (2007) ("Disgorgement of profits is particularly applicable in cases dealing with breach of a fiduciary duty"; "Active participants in the breach of fiduciary duty by another are accountable for all advantages they gained thereby and are liable to the beneficiary of the duty").

(d)     The jury instructions set forth the elements of Mattel's claims.  There is no reason to include each and every element of a claim in the verdict form as well.  Moreover, defendants' phrasing misstates the legal elements of Mattel's claim.

(e)     This proposed question is erroneous as a matter of law and therefore misleading and prejudicial to Mattel.  Contrary to defendants' proposed form, Mattel is not required to prove that MGA and/or Larian "made a conscious decision to

-16-

1    participate in wrongful activity designed to assist Carter Bryant's breach of []

2    fiduciary duty."  *See Berg & Berg Enter. LLC v. Sherwood Partners, Inc.*, 131 Cal.

3    App. 4th 802, 823 n.10 (2005) (finding aiding and abetting does not require that a

4    defendant agree to join the wrongful conduct).  As set forth in Mattel's proposed

5    jury instructions, MGA and/or Larian are liable for aiding and abetting Bryant's

6    breaches of duty if they knowingly provided him substantial assistance in so acting.

7    *See Neilson v. Union Bank of Calif.*, 290 F. Supp. 2d 1101, 1119 (C.D. Cal. 2003).

8    Indeed, even ordinary business transactions can constitute substantial assistance.

9    *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005) (finding that

10   ordinary business transactions by a bank were sufficient to constitute substantial

11   assistance).

12        Defendants' proposed questions should be rejected.

13

14   **Question No. 6:  Aiding and Abetting Breach of Duty of Loyalty Other Than**

15   **Not Entering Into a Contract with Another Company While Employed at**

16   **Mattel**

17        Mattel objects to the title of this question as argumentative and misleading,

18   and because it misstates the Court's rulings regarding Bryant's duty of loyalty.  The

19   Court ruled as a matter of law that Bryant owed a duty of loyalty to Mattel and that

20   he breached that duty.  *See* April 25, 2008 Order, at 5 (finding that "Bryant, like all

21   other California employees, owed a duty of loyalty to Mattel while employed

22   there").  An employee's duty of loyalty is a general duty of undivided loyalty, which

23   precludes an employee from acting against his employer's best interests.  *See* CACI

24   No. 4102.  The Court did not purport to limit Bryant's duty of loyalty to some

25   limited duty to "not enter into a contract with another company while employed at

26   Mattel," as defendants misleadingly suggest.  The title is also vague and ambiguous

27   to the extent it does not refer to Carter Bryant.

28

1    Further, defendants' proposed form regarding Mattel's claim for aiding and

2    abetting breach of the duty of loyalty (Question Nos. 6 and 7) is unintelligible and

3    confusing.  Defendants attempt to artificially separate this claim into two parts:

4    "Breach of Duty of Loyalty Other Than Not Entering Into a Contract with Another

5    Company While Employed at Mattel" and "Breach of Duty of Loyalty by Entering

6    Into a Contract with Another Company While Employed at Mattel."  The proposed

7    form as written is convoluted, and the jury is sure to be confused by defendants'

8    artificial separation.  As set forth above, an employee's duty of loyalty is a general

9    duty of undivided loyalty, which precludes an employee from acting against his

10   employer's best interests.  Such a duty of loyalty is not appropriately broken down,

11   as defendants suggest, into some lesser duties not to do certain specific things (like

12   entering into a contract with a competitor).  Mattel's claim is that defendants aided

13   and abetted Bryant's breaches of the duty of loyalty, which includes the specific

14   breaches that the Court has found as a matter of law (*see* April 25, 2008 Order, at 5-

15   6), as well as any additional breaches of the duty of loyalty that the jury finds based

16   on the evidence admitted at trial.  It is improper and prejudicial for defendants to

17   attempt to break down Mattel's claim in this manner.

18   Finally, several of defendants' proposed questions regarding breach of the

19   duty of loyalty are confusing and unnecessary because the Court has already found

20   that Bryant did in fact breach his duty of loyalty to Mattel.  *See* April 25, 2008

21   Order, at 5-6.

22   Mattel further objects to defendants' specific proposed questions as follows:

23   (a)    This proposed question is contrary to the Court's April 25, 2008 Order

24   and therefore moot.  The Court found as a matter of law that Bryant owed a duty of

25   loyalty to Mattel.  *See* April 25, 2008 Order, at 5.  Hence, the jury need not make

26   such a finding.

27

28

In any event, this proposed question is unintelligible and confusing to the extent it (like the title of this proposed form) references a "duty of loyalty <u>other than</u> not entering into a contract with another company." As recognized by the Court, an employee's duty of loyalty is a general duty of undivided loyalty, which precludes an employee from acting against his employer's best interests. *See* CACI No. 4102; April 25, 2008 Order, at 5 (ruling that "Bryant, like all other California employees, owed a duty of loyalty to Mattel while employed there"). Such a duty of loyalty is not appropriately broken down, as defendants suggest, into some lesser duties not to do certain specific things (like entering into a contract with a competitor). It is improper and prejudicial for defendants to attempt to break down Mattel's claim in this artificial manner.

This proposed question also misstates the Court's rulings regarding Bryant's duty of loyalty to Mattel. The Court did not rule, as defendants suggest, that Bryant only owed Mattel some lesser duty of loyalty to Mattel not to enter into a contract with a competitor. *See* April 25, 2008 Order, at 5.

Finally, defendants' question is also erroneous as a matter of law because it purports to inform the jury that Mattel must prove that Bryant "expressly agreed" to assume a duty of loyalty to Mattel. An employee owes a duty of loyalty to his employer as a matter of law. *See* April 25, 2008 Order, at 5; *see also Cal. Labor Code* § 2863; CACI No. 4102.

(b)     This proposed question is contrary to the Court's April 25, 2008 Order and therefore moot. The Court found as a matter of law that Bryant owed a duty of loyalty to Mattel and that he breached his duty of loyalty to Mattel. *See* April 25, 2008 Order, at 5. Hence, the jury need not make such a finding.

(c)     The proposed question misstates the law and erroneously states that Mattel must prove that it suffered harm "while Carter Bryant was employed at Mattel." That is not supported by law. Mattel need only prove that it was harmed

1  by Bryant's breach of the duty of loyalty.  *See, e.g.*, CACI No. 4102.  Mattel is

2  entitled to recover damages for all harm caused by defendants' wrongful conduct,

3  including harm to Mattel after Bryant left Mattel.  *See Cal. Civ. Code* § 3333 ("For

4  the breach of an obligation not arising from contract, the measure of damages . . . is

5  the amount which will compensate *for all the detriment proximately caused thereby,*

6  *whether it could have been anticipated or not*."); *see also County of San Bernardino*

7  *v. Walsh*, 158 Cal. App. 4th 533, 543 (2007) ("Disgorgement of profits is

8  particularly applicable in cases dealing with breach of a fiduciary duty"; "Active

9  participants in the breach of fiduciary duty by another are accountable for all

10  advantages they gained thereby and are liable to the beneficiary of the duty").

11      (d)    The jury instructions set forth the elements of Mattel's claims.  There is

12  no reason to include each and every element of a claim in the verdict form as well.

13  Moreover, defendants' phrasing misstates the legal elements of Mattel's claim.

14      (e)    This proposed question is erroneous as a matter of law.  Mattel is not

15  required to prove that MGA and/or Larian "made a conscious decision to participate

16  in wrongful activity designed to assist Bryant in a breach of loyalty."  *See Berg &*

17  *Berg Enter. LLC v. Sherwood Partners, Inc.*, 131 Cal. App. 4th 802, 823 n.10

18  (2005) (finding aiding and abetting does not require that a defendant agree to join

19  the wrongful conduct).  As set forth in Mattel's proposed jury instructions, MGA

20  and/or Larian are liable for aiding and abetting Bryant's breaches of duty if they

21  knowingly provided him substantial assistance in so acting.  Indeed, even ordinary

22  business transactions can constitute substantial assistance.  *Casey v. U.S. Bank Nat'l*

23  *Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005) (finding that ordinary business

24  transactions by a bank were sufficient to constitute substantial assistance).

25      Defendants' proposed questions should be rejected.

26

27

28

**Question No. 7:  Aiding and Abetting Breach of Duty of Loyalty By Entering Into a Contract with Another Company While Employed at Mattel**

Mattel objects to the title of this question as argumentative and misleading, and because it misstates the Court's rulings regarding Bryant's duty of loyalty.  The Court ruled as a matter of law that Bryant owed a duty of loyalty to Mattel and that he breached that duty.  *See* April 25, 2008 Order, at 5 (finding that "Bryant, like all other California employees, owed a duty of loyalty to Mattel while employed there").  An employee's duty of loyalty is a general duty of undivided loyalty, which precludes an employee from acting against his employer's best interests.  *See* CACI No. 4102.  The Court did not purport to limit Bryant's duty of loyalty to some limited duty to "not enter into a contract with another company while employed at Mattel," as defendants misleadingly suggest.  The title is also vague and ambiguous to the extent it does not refer to Carter Bryant.

Further, defendants' proposed form regarding Mattel's claim for aiding and abetting breach of the duty of loyalty (Question Nos. 6 and 7) is unintelligible and confusing.  Defendants attempt to artificially separate this claim into two parts: "Breach of Duty of Loyalty Other Than Not Entering Into a Contract with Another Company While Employed at Mattel" and "Breach of Duty of Loyalty by Entering Into a Contract with Another Company While Employed at Mattel."  The proposed form as written is convoluted, and the jury is sure to be confused by defendants' artificial separation.  As set forth above, an employee's duty of loyalty is a general duty of undivided loyalty, which precludes an employee from acting against his employer's best interests.  Such a duty of loyalty is not appropriately broken down, as defendants suggest, into some lesser duties not to do certain specific things (like enter into a contract with a competitor).  Mattel's claim is that defendants aided and abetted Bryant's breaches of the duty of loyalty, which includes the specific

1   breaches that the Court has found as a matter of law (*see* April 25, 2008 Order, at 5-

2   6), as well as any additional breaches of the duty of loyalty that the jury finds based

3   on the evidence admitted at trial.  It is improper and prejudicial to Mattel for

4   defendants to attempt to break down Mattel's claim in this manner.

5        Finally, several of defendants' proposed questions regarding breach of the

6   duty of loyalty are confusing and unnecessary because the Court has already found

7   that Bryant did in fact breach his duty of loyalty to Mattel.  *See* April 25, 2008

8   Order, at 5-6.

9        Mattel further objects to defendants' specific proposed questions as follows:

10       (a)     This proposed question is contrary to the Court's April 25, 2008 Order

11  and therefore moot.  The Court found as a matter of law that Bryant owed a duty of

12  loyalty to Mattel.  *See* April 25, 2008 Order, at 5.  Hence, the jury need not make

13  such a finding.

14       In any event, this proposed question is unintelligible and confusing to the

15  extent it (like the title of this proposed form) references a "duty of loyalty of not

16  entering into a contract with another company."  As recognized by the Court, an

17  employee's duty of loyalty is a general duty of undivided loyalty, which precludes

18  an employee from acting against his employer's best interests.  *See* CACI No. 4102;

19  April 25, 2008 Order, at 5 (ruling that "Bryant, like all other California employees,

20  owed a duty of loyalty to Mattel while employed there").  Such a duty of loyalty is

21  not appropriately broken down, as defendants suggest, into some lesser duties not to

22  do certain specific things (like entering into a contract with a competitor).  It is

23  improper and prejudicial for defendants to attempt to break down Mattel's claim in

24  this artificial manner.

25       This proposed question also misstates the Court's rulings regarding Bryant's

26  duty of loyalty to Mattel.  The Court did not rule, as defendants suggest, that Bryant

27

28

1  only owed Mattel some lesser duty of loyalty not to enter into a contract with a

2  competitor.  *See* April 25, 2008 Order, at 5.

3          Finally, defendants' question is also erroneous as a matter of law because it

4  purports to inform the jury that Mattel must prove that Bryant "expressly agreed" to

5  assume a duty of loyalty to Mattel.  An employee owes a duty of loyalty to his

6  employer as a matter of law.  *See* April 25, 2008 Order, at 5; *see also Cal. Labor*

7  *Code* § 2863; CACI No. 4102.

8          (b)      This proposed question is contrary to the Court's April 25, 2008 Order

9  and therefore moot.  The Court found as a matter of law that Bryant owed a duty of

10  loyalty to Mattel and that he breached his duty of loyalty to Mattel.  *See* April 25,

11  2008 Order, at 5.  Hence, the jury need not make such a finding.

12          (c)      The proposed question misstates the law and erroneously states that

13  Mattel must prove that it suffered harm "while Carter Bryant was employed at

14  Mattel."  That is not supported by law.  Mattel need only prove that it was harmed

15  by Bryant's breach of the duty of loyalty.  *See, e.g.*, CACI No. 4102.  Mattel is

16  entitled to recover damages for all harm caused by defendants' wrongful conduct,

17  including harm to Mattel after Bryant left Mattel.  *See Cal. Civ. Code* § 3333 ("For

18  the breach of an obligation not arising from contract, the measure of damages . . . is

19  the amount which will compensate *for all the detriment proximately caused thereby,*

20  *whether it could have been anticipated or not*."); *see also County of San Bernardino*

21  *v. Walsh*, 158 Cal. App. 4th 533, 543 (2007) ("Disgorgement of profits is

22  particularly applicable in cases dealing with breach of a fiduciary duty"; "Active

23  participants in the breach of fiduciary duty by another are accountable for all

24  advantages they gained thereby and are liable to the beneficiary of the duty").

25          (d)      The jury instructions set forth the elements of Mattel's claims.  There is

26  no reason to include each and every element of a claim in the verdict form as well.

27  Moreover, defendants' phrasing misstates the legal elements of Mattel's claim.

28

1       (e)     This proposed question is erroneous as a matter of law.  Mattel is not

2 required to prove that MGA and/or Larian "made a conscious decision to participate

3 in wrongful activity designed to assist Bryant in a breach of loyalty."  *See Berg &*

4 *Berg Enter. LLC v. Sherwood Partners, Inc.*, 131 Cal. App. 4th 802, 823 n.10

5 (2005) (finding aiding and abetting does not require that a defendant agree to join

6 the wrongful conduct).  As set forth in Mattel's proposed jury instructions, MGA

7 and/or Larian are liable for aiding and abetting Bryant's breaches of duty if they

8 knowingly provided him substantial assistance in so acting.  Indeed, even ordinary

9 business transactions can constitute substantial assistance.  *Casey v. U.S. Bank Nat'l*

10 *Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005) (finding that ordinary business

11 transactions by a bank were sufficient to constitute substantial assistance).

12       Defendants' proposed questions should be rejected.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28