QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**MATTEL, INC.'S OPPOSITION TO MGA PARTIES' MOTION FOR PARTIAL JUDGMENT AS A MATTER OF LAW**<br><br>[Declaration of B. Dylan Proctor filed concurrently herewith]<br><br>**Phase 1:**<br>Trial Date:            May 27, 2008 |

## I. MATTEL'S AIDING/ABETTING CLAIMS ARE NOT PREEMPTED

1. MGA relies on the Court's prior ruling that Mattel's interference and unfair competition claims are preempted to the extent they are premised on Mattel's copyrights in Bratz. MGA ignores, however, that the Court also explicitly held that Mattel's interference claim "is *not* preempted as to Mattel's claims for breach of fiduciary duty." 4/25/08 Order at 2 (emphasis added), Proctor Dec., Exh. 1. MGA is overreaching. Indeed, MGA did not even seek summary judgment as to Mattel's aiding/abetting claims on preemption grounds, knowing the argument it now makes is spurious. MGA's MPSJ at 35-41, Proctor Dec., Exh. 2.

2. Lacking on-point precedent, MGA rests its aiding and abetting arguments entirely on an inapposite decision regarding an unfair competition claim, Del Madera Props. v. Rhodes & Gardner, Inc., 820 F.2d 973 (9th Cir. 1987). That case is distinguishable both because it involved a different legal claim (unfair competition) and because that claim was indistinguishable from copyright infringement (alleging the defendant had misappropriated the plaintiff's "time and effort" in creating maps and documents). Id. at 977. Mattel's aiding/abetting claims do not focus on the "time and effort" involved in creating Bratz. Rather, they are predicated on Bryant's breaches of his statutory duty of loyalty and his fiduciary obligations created by the Inventions Agreement, including his misuse and disclosure of Mattel's confidential information and work for a competitor. Such claims are not preempted. See, e.g., Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1089 (9th Cir. 2005) (rejecting contention similar to MGA's here that claims are preempted merely because they involve ownership of expression protected by copyright; claims based on "use" of information protected by copyright in violation of contractual obligations are *not* preempted); Grosso v. Miramax Film Corp., 383 F.3d 965, 968 (9th Cir. 2004) (distinguishing Del Madera; holding that even implied contractual obligations avoid preemption); Balboa Ins. Co. v. Trans Global Equities,

218 Cal. App. 3d 1327, 1352 (1990) (Del Madera does not apply where there are "broader allegations of breach" beyond creation of a copyright).

Ample case law, including from the Ninth Circuit, confirms that Mattel's aiding/abetting claims contain an element that Mattel's copyright claims do not, and are not preempted. In Oddo v. Ries, 743 F.2d 630, 635 (9th Cir. 1984), for example, the Circuit held that an allegation that a partner breached his fiduciary duty "is quite different from the interests preempted by copyright," and thus was not preempted.[1] Indeed, Congress expressly carved out such claims from the Copyright Act's preemption provision. See William F. Patry, Patry on Copyright, § 18:22 (2007).[2]

3. Finally, MGA's attempt to convert Mattel's aiding and abetting claims into copyright claims based on the relief sought fails because, in evaluating preemption, courts look at the allegations supporting liability, not the desired remedies. See, e.g., Goldberg v. Cameron, 482 F. Supp. 2d 1136, 1151 (N.D. Cal. 2007) ("The remedy ... does not inform the court's decision, only whether the state law right includes an extra element.").[3]

---

[1] See also, e.g., Briarpatch v. Phoenix Pictures, 373 F.3d 296, 307 (2d Cir. 2004) (aiding/abetting breach of fiduciary duty claim not preempted because "the underlying right they seek to vindicate is the right to redress violations of the duty owed to a partnership by those who control it"); Daboub v. Gibbons, 42 F.3d 285, 289-90 (5th Cir. 1995) (claims preempted only because failed to allege "any element, such as … breach of fiduciary duty, which render [claims] different in kind from copyright infringement"); Groubert v. Spyglass Entm't, 2002 WL 2031271 at *5 (C.D. Cal. 2002) ("Plaintiff's breach of confidence claim ... contains an extra element, namely, the confidential relationship."); Metrano v. Fox Broadcasting Co., 2000 WL 979664 at *7 (C.D. Cal. 2000) ("This agreement of confidentiality constitutes an extra element that brings plaintiff's breach of confidentiality claim outside the realm of copyright protection.").

[2] Worth v. Universal Pictures, Inc., 5 Supp. 2d 816, 822 (C.D. Cal. 1997), which MGA also cites, merely says that an extra element of "awareness or intent" may not save a claim from copyright preemption. But Mattel's aiding and abetting claims contain the extra elements of fiduciary duty and duty of loyalty -- which courts have consistently held satisfy the "extra element" requirement, particularly where arising out of contract.

[3] MGA also improperly assumes that an aiding/abetting claim can be properly divided between preempted and non-preempted elements. To the contrary, even a claim that involves areas protected by copyright is wholly *non*-preempted if it includes the requisite "extra element." See, e.g., 1 Nimmer on Copyright § 1.01[B], at p. 1-12 ("[I]f under state law the act of reproduction, performance, distribution or display ... will *in itself* infringe
(footnote continued)

## II. THE AIDING/ABETTING FIDUCIARY DUTY CLAIM IS VIABLE

### A. Bryant's Fiduciary Duty to Mattel Includes Communicating to Mattel and Maintaining the Confidentiality of Bratz Works

Defendants attempt to limit the scope of Bryant's fiduciary duty to Mattel to protecting Mattel confidential information *other than* Bryant's Bratz works. There is no basis for this limitation.

Bryant's Bratz works qualify as Proprietary Information that Bryant had a fiduciary duty to keep confidential. The Court has already found that Bryant owed a fiduciary duty to maintain the confidentiality of all Mattel confidential information, including "Proprietary Information" under ¶ 1 of the Inventions Agreement.[4] "Proprietary Information" includes "information that [Bryant] may ***develop or discover as a result of [his] employment*** with the Company" and includes "***any*** information ... that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use."[5] This definition certainly includes new doll designs that have yet to hit the market, such as Bryant's Bratz designs.

Indeed, the Court has already found that Bryant's fiduciary duties extend beyond ¶ 1(a) to include the duty to communicate his inventions to Mattel referenced in ¶ 2(a). 4/25/08 Order at 6 ("[T]he duty imposed upon Bryant was essentially to police his own actions by maintaining Mattel's confidentiality ***and communicating his own 'inventions' to Mattel*** ....") (emphasis added). MGA concedes that, once a fiduciary relationship has been found, the fiduciary's obligations are construed broadly. See MGA Parties' Revised Disputed [Proposed]

---

the state created right, then such right is preempted. But if qualitatively other elements are required, instead of, or in addition to ... the acts of reproduction, performance, distribution or display, in order to constitute a state created cause of action, then the right does not lie 'within the general scope of copyright,' and there is no preemption.") (emphasis added).

[4] 5/21/08 Order at 3, Proctor Dec., Exh. 3.
[5] TX 25 at ¶¶ 1(a) and (b) (emphasis added), Proctor Dec., Exh 5.

Phase 1A Jury Instructions, dated July 3, 2008 at 21, Proctor Dec. Exh. 4 ("Once a party assumes a fiduciary duty to another, that party is obligated to act on behalf of the other party, to hold the interests of the other paramount over his own interests, and to take no action that would further his interests over the other person's interest."). Bryant's fiduciary duty was to act in Mattel's best interests as to Mattel's confidential information; Bryant's Bratz designs were confidential Mattel information due to his creation of them while employed by Mattel.[6]

In any case, evidence presented at trial would permit reasonable jurors to find that Bryant understood he had undertaken a duty under his agreement with Mattel not to work for a Mattel competitor while he was employed by Mattel and specifically not to sell any drawings he made while employed by Mattel.[7]

### B.  Defendants Had Knowledge of Bryant's Duty And Breach Thereof

Mattel need not prove actual knowledge of Bryant's duty and breach to prevail on its aiding/abetting claim. Willful blindness is sufficient.[8] Even were actual knowledge required, it may be established through circumstantial evidence.[9]

---

[6] That ¶ 2(a) does not explicitly mention a position of trust is of no moment. Bryant's fiduciary duty was not created solely by ¶ 1; for example, the cautionary language above the signature block expressly informed Bryant that the Inventions Agreement created obligations of trust, including his obligation to communicate his inventions to Mattel. TX 25, Proctor Dec., Exh. 5.  Moreover, it does not follow that simply because an invention was assigned under ¶ 2(a), it is not also Proprietary Information under ¶ 1(b).

[7] 6/11/08 PM Tr. at 2337:24-2338:4, Proctor Dec., Exh. 6; 6/12/08 PM Tr. at 2439:9-2439:15, 2445:4-10, 2457:17-2458:10, 2458:22-2459:1, 2459:10-17, 2459:22-2460:2, Proctor Dec., Exh. 7; see also 7/1/08 AM Tr. at 3722:10-3723:12, Proctor Dec., Exh. 8.

[8] See UMG Recordings, Inc. v. Disco Azteca Distributors, Inc., 446 F. Supp. 2d 1164, 1173 (E.D. Cal. 2006) ("Willful blindness is knowledge, in copyright law . . . as it is in the law generally . . . [A] deliberate effort to avoid guilty knowledge is all the law requires to establish guilty state of mind."); Sony Computer Entm't America, Inc. v. Gamemasters, 87 F. Supp. 2d 976, 985 (N.D. Cal. 1999) (similar in trademark case).

[9] See Silicon Image, Inc. v. Analogix Semiconductor Inc., 2007 WL 1455903, at *4 (N.D. Cal. 2007) (use of agreements which are "common in the industry" permitted inference that defendant "knew that sale of its product to Silicon Image customers violated Software License Agreement"); Gilbert v. Los Angeles, 249 Cal. App. 2d 1006, 1010 (1967) (where actual knowledge is required, "[t]he actual knowledge requisite "may be established by circumstantial evidence from which the knowledge of the fact in question can be reasonably inferred.").

Here, reasonable jurors could find that Defendants had actual knowledge of Bryant's fiduciary duty and breach thereof. First, MGA knew of Bryant's contractual obligations to Mattel because: (1) it was toy industry practice for employees to sign inventions and confidentiality agreements;[10] (2) MGA's own employment contracts contained such provisions;[11] (3) Paula Garcia herself signed an Inventions Agreement with Mattel and knew that all Mattel employees were required to sign such agreements;[12] and (4) Bryant sent a fax to MGA's attorney informing MGA that he had an Inventions Agreement with Mattel.[13] Second, because Bryant's fiduciary duty to Mattel is imposed by the Inventions Agreement, 4/25/08 Order at 5, Defendants' knowledge of Bryant's contract shows their knowledge of his fiduciary duties. And Defendants were certainly aware of Bryant's conduct that breached such duties.[14]

Defendants' motion should be denied.[15]

DATED: July 7, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ John B. Quinn
John B. Quinn
Attorneys for Mattel, Inc.

---

[10] See, e.g., 5/27/08 PM Tr. at 296:25-298:25, Proctor Dec., Exh. 9; 5/28/08 PM Tr. at 541:2-544:13, Proctor Dec., Exh. 10.

[11] See 5/28/08 PM Tr. at 545:9-546:4, Proctor Dec., Exh. 10; 6/3/2008 AM Tr. at 1024:11-1026:2, Proctor Dec., Exh. 11; 6/5/08 PM Tr. at 1624:15-1626:14, Proctor Dec., Exh. 12; see also TX 1117, Proctor Dec., Exh. 13; TX 13532, Proctor Dec., Exh. 14; TX 13620, Proctor Dec., Exh. 15.

[12] See 5/28/08 PM Tr. at 541:2-544:13, Proctor Dec., Exh. 10; see also TX 1116, Proctor Dec., Exh. 16.

[13] See TX 2201, Proctor Dec., Exh. 17.

[14] The evidence of this is overwhelming. For example, MGA knew that Bryant had disclosed Bratz works to both MGA and various vendors and knew Bryant worked on Bratz, and for MGA, and did not disclose this "secret" work to Mattel, long before he left Mattel. See, e.g., Proctor Dec., Exhs. 7, 10, 12, 18, 19, 20, 21, 22.

[15] Mattel does not oppose MGA's motion as to the Phase 1 unfair competition claim against MGA HK as limited by the Court. Mattel reserves all its rights both as to its Phase 2 unfair competition claims and as to the Court's prior rulings regarding the Phase 1 claim.