THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>OBJECTIONS TO MATTEL'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS |

# MATTEL'S SPECIAL JURY INSTRUCTION NO. __
# ALL PERSONS AND CORPORATIONS EQUAL BEFORE THE LAW

In deciding this case, you should not consider the relative sizes of the corporations involved as parties in this case, including Mattel or MGA Entertainment. Do not let bias, prejudice or sympathy play any part in your deliberations. All parties, including these corporations and the individual defendant in this case, Mr. Larian, are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Authority**: 9th Cir. Civ. Jury Instr. 4.1 (2007); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (5th ed.), §§ 103.11-103.12, Notes.

1 **MGA PARTIES' RESPONSE:**

2     Provided certain agreed upon changes are made, the MGA Parties have no objection
3 to this instruction.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MGA Parties' Objections to Mattel's Supplemental Proposed Jury Instructions – Case No. CV 04-9049 SGL (RNBx)

# MATTEL'S SPECIAL JURY INSTRUCTION NO. __
## OBLIGATIONS OF NOTARY PUBLIC

You've heard testimony in this case regarding a notary journal maintained by a former notary public. A notary public is obligated by law to deliver all notary-related records and papers, including notary journals, to the county clerk within 30 days of the expiration of her commission. A notary public is prohibited by law from surrendering the journal to any other person.

**Authority:** Cal. Gov't Code §§ 8206(d), 8209(a).

**MGA PARTIES' OBJECTION:**

The MGA Parties object to this instruction on the grounds that it is plainly an attempt on the part of Mattel to reinforce its own legal arguments and nothing more.  Mattel offers no justification for offering an instruction on this topic, which has no direct bearing on any of the claims in this case and serves only to direct the jury to reach specific conclusions regarding one particular exhibit and one particular witness.  There is no justification for drawing the jury's attention back to this particular topic above all other evidence offered over the course of several weeks of trial.  Having the Court provide this instruction would suggest to the jury that evidence regarding the notary journal and testimony about it should be given special weight, a suggestion that is improper and inaccurate.  Mattel is welcome to present argument on the impact and proper interpretation of each witness's testimony and each exhibit in its closing statement.  Moreover, the last sentence is confusing, as it may be read to signify "any person other than the county clerk" or "any person (other than him/herself)."