QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>CV 04-09059<br>CV 05-2727<br><br>MATTEL INC.'S NOTICE OF MOTION AND MOTION TO PRECLUDE VIDEO TESTIMONY IN CLOSING ARGUMENT; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: September 8, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>**Phase 1:**<br>Trial Date:           May 27, 2008 |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that at 10:00 a.m. on September 8, 2008, or as soon
3  thereafter as counsel may b heard in Courtroom 1 of the above-captioned court
4  located at 3470 Twelfth Street, Riverside, California, before the Honorable Stephen
5  G. Larson, Mattel, Inc. ("Mattel") will, and hereby does, move the Court to preclude
6  the playing of prior video deposition testimony during closing arguments of the trial
7  in the reference matter.

8      Mattel brings this motion pursuant to Rule 611(a) of the Federal Rules of
9  Evidence and the Court's inherent powers, after having been granted leave to file it
10 by the Court.

11     This Motion is based on this Notice of Motion and Motion and the records
12 and files of this Court, all matters of which the Court may take judicial notice, and
13 any other evidence and argument as may be presented at the hearing on the Motion.

14

15 DATED: July 7, 2008             QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
16

17                                 By  /s/ Jon D. Corey
                                       Jon D. Corey
18                                     Attorneys for Mattel, Inc.

19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

MGA Entertainment, Inc. ("MGA") should not be permitted to play video testimony during its closing argument. The jury has seen the video deposition testimony of MGA's witnesses once. Permitting MGA to playing video testimony a second time during closing arguments would improperly place undue emphasis on the testimony of those witnesses who appeared by video over those who testified live and whose testimony must be presented by transcript in closing. Mattel will be prejudiced because it has no opportunity to present video testimony of those witnesses who testified live. Mattel must rely on transcripts. To prevent this prejudice and undue emphasis, MGA should not be permitted to play video testimony a second time in closing.

### Argument

Video testimony has a more dramatic effect on the jury than a displaying the transcript of a witnesses' testimony or reading a witness' testimony. By replaying video testimony, MGA can reconvey to the jury the witnesses' appearance, demeanor, tone of voice and body language during his or her testimony. *See United States v. Binder*, 769 F.2d 595, 600 (9th Cir. 1985) ("Videotape testimony is unique. It enables the jury to observe the demeanor and to hear the testimony of the witness."), *overruled in part on other grounds by United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997). In contrast, Mattel cannot re-convey to the jury the tenor of the testimony and the demeanor of the witnesses who testified live at trial. This medium places undue emphasis on the videotaped witnesses' testimony, elevates its impact and the importance of their testimony over the testimony of the witnesses who testified live.

Judge Whyte, in the Northern District of California, recently acknowledged this concern. In *Hynix Semiconductor Inc. v. Rambus Inc.*, he noted, "videotaped testimony may seem more believable or important to the lay jury because it can both

see and hear the witness."  2008 WL 190990, *1-2 (N.D. Cal. Jan. 21, 2008) (granting motion in limine to preclude videotaped deposition testimony during opening statements).

In addition, replaying video testimony runs afoul of the rule that witnesses are not allow to testify a second time during closing arguments.  In *Sundeen v. Lehenbauer*, 428 N.W.2d 629 (Neb. 1988), the plaintiff submitted the testimony of five medical witnesses by videotape.  The trial court ruled that it would be prejudicial to play the videotaped depositions in final argument.  The appellate court affirmed the trial court's decision to restrict the use of videotaped depositions in final argument because "the proposed use would have been tantamount to calling a witness to the stand in the middle of final argument." *Id*. at 630.  *See, e.g.*, *Hawkins v. Rosenbloom*, 17 S.W.3d 116, 120 (Ky. App. 1999) (affirming trial court decision refusing to allow a party "to play the videotape of trial testimony during closing arguments"), *citing Reed v. Craig*, 244 S.W.2d 733 (Ky. 1951).

Replaying video testimony for only a select group of witnesses--here MGA's--places undue emphasis on them, and will prejudice Mattel.  The repetition of video testimony in the exact same form throughout the trial "seems to exalt the relevance of those videotaped shreds of evidence over live testimony." *Hynix v. Rambus Inc.*, 2008 WL 190990, *2.  As a result, some judges have ruled that video deposition testimony cannot be shown twice in order "[t]o deal with the problem that lawyers want to play their favorite videotapes as many times during trial as possible."  Federal Judicial Center, *Effective Use of Courtroom Technology: A Judge's Guide to Pretrial and Trial* at 156.

## Conclusion

To prevent MGA from improperly capitalizing on the fact that a select group of its witnesses did not testify live and improperly creating the impression that their testimony is more important or warrants more emphasis than those witnesses who

1  did testify live, Mattel respectfully requests that the all parties to this action be
2  precluded from playing video deposition testimony during their closing arguments.

4  DATED: July 7, 2008    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

   By  /s/ Jon D. Corey
       Jon D. Corey
       Attorneys for Mattel, Inc.