1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
6    Facsimile: (213) 443-3100

7   Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

| 11 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 12 | Plaintiff, | Consolidated with |
| 13 | vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 14 | MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| 15 | Defendant. | **[PUBLIC REDACTED]** |
| 16 | | DECLARATION OF JUAN PABLO ALBAN IN SUPPORT OF MATTEL, |
| 17 | AND CONSOLIDATED ACTIONS | INC.'S OPPOSITION TO MOTION FOR LEAVE TO SUBMIT PAUL K. MEYER'S |
| 18 | | SUPPLEMENTAL EXPERT REPORT CONCERNING DISCOVERY |
| 19 | | RECENTLY PRODUCED BY MATTEL |
| 20 | | Hearing Date:   July 14, 2008<br>Time:   10:00 a.m. |
| 21 | | Place:   Courtroom 1 |
| 22 | | **Phase 1:**<br>Trial Date:   May 27, 2008 |

23

24

25

26

27

28

## DECLARATION OF JUAN PABLO ALBÁN

I, Juan Pablo Albán, declare as follows:

1. I am a member of the bar of the State of California and an associate with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of the Expert Report of Paul K. Meyer, dated February 11, 2008.

3. Attached as Exhibit 2 is a true and correct copy of MGA's Notice of Motion and Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6), or, in the Alternative, for leave to Serve Such Notice, dated December 21, 2007.

4. Attached as Exhibit 3 is a true and correct copy of MGA's Reply Memorandum in Support of its Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6), or, in the Alternative, for Leave to Serve Such Notice, dated January 17, 2008.

5. Attached as Exhibit 4 is a true and correct copy of the Stipulation Regarding Briefing Schedule on Objections to Discovery Master's Orders of April 11 and 22, 2008, dated April 25, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 14, 2008, at Los Angeles, California.

Juan Pablo Albán

# EXHIBIT 1

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 2

1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
3  Los Angeles, CA  90071-3144
   Tel.: (213) 687-5000/Fax: (213) 687-5600
4
   RAOUL D. KENNEDY (Bar No. 40892)
5  (rkennedy@skadden.com)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, CA  94111-5974
7  Tel.: (415) 984-6400 / Fax: (415) 984-2698

8  Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
   MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian
9

10              UNITED STATED DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  CARTER BRYANT, an individual,          )  CASE NO. CV 04-9049 SGL (RNBx)
                                           )
14              Plaintiff,                 )  **DISCOVERY MATTER**
                                           )
15       v.                                )  MGA'S NOTICE OF MOTION AND
                                           )  MOTION TO COMPEL MATTEL
16  MATTEL, INC., a Delaware               )  TO PRODUCE WITNESSES
    corporation,                           )  PURSUANT TO NOTICE OF
17                                         )  DEPOSITION UNDER RULE
                Defendant.                 )  30(b)(6), OR, IN THE
18                                         )  ALTERNATIVE, FOR LEAVE TO
                                           )  SERVE SUCH NOTICE
19  ─────────────────────────────         )
                                           )  [To be heard by Discovery Master
20  AND CONSOLIDATED ACTIONS               )  Hon. Edward Infante (Ret.) Pursuant
                                           )  to Court Order of December 6, 2006]
21                                         )
                                              Hearing Date: TBD
22                                            Time: TBD

23

24

25

26

27

28                          9 · 31
   ─────────────────────────────────────────────────────────────
        MGA'S MOTION TO COMPEL PRODUCTION OF 30(B)(6) WITNESSES

                    EXHIBIT _____2_____

                    PAGE _____58_____

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that MGA Entertainment, Inc. ("MGA") hereby moves the court for an order pursuant to Federal Rule of Civil Procedure 30(b)(6) compelling Mattel, Inc. ("Mattel") to designate and produce witnesses to testify on the following topics identified in MGA's Rule 30(b)(6) notice: topics 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 30, 31, 32, 39, 42, 47, 48, 58, 60, 65, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84 and 85. MGA also hereby moves the Court pursuant to Rule 37(a) for an Order awarding MGA its costs of bringing this motion.

In the alternative, MGA moves the court for leave, pursuant to Federal Rule of Civil Procedure Rule 30(a)(2), to serve notice on Mattel of the above-listed deposition topics, together with an Order awarding its costs of seeking leave.

This motion is made on the grounds that Mattel refuses to identify or produce any witness to testify on these topics, which are relevant to MGA's claims and defenses and reasonable in scope in accordance with Federal Rule of Civil Procedure 26(b). The parties met and conferred regarding this Motion, as mandated by Local Rule 37-1 and Section 5 of the Discovery Master Stipulation, but were unable to come to a resolution of the dispute.

///

///

///

EXHIBIT ____2____

PAGE ____59____

1        This Motion is based upon this notice of motion and accompanying

2 memorandum of points and authorities, the declaration of Marcus R. Mumford filed

3 concurrently herewith, the records and files of this court, and any other matter of

4 which the court may take judicial notice. Discovery Master Hon. Edward Infante

5 (Ret.) will preside over the hearing on this Motion, which will occur at a time and

6 manner to be determined.

7 DATED: December 21, 2007

8

9                              SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

10                              By:

11                              Raoul D. Kennedy
                             Attorney for MGA Entertainment, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA'S MOTION TO COMPEL PRODUCTION OF 30(B)(6) WITNESSES

EXHIBIT 2
PAGE 66

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ................................................. 1

    A.    Mattel Serves Three Rule 30(b)(6) Notices On MGA Over More Than Two Years, During Which Time the Parties Make Material Amendments to the Pleadings. ................................................................... 1

    B.    MGA Serves Its First and Only 30(b)(6) Deposition Notice on Mattel, and Mattel Categorically Refuses to Identify or Produce Witnesses in Response .......................................................................... 4

ARGUMENT ................................................................................................................. 4

I.    The Court Should Compel Mattel to Produce Witnesses for Each of the Topics at Issue ....................................................................................... 4

II.   The Court Should Sanction Mattel in the Amount of MGA's Costs in Bringing this Motion. ......................................................................................... 7

CONCLUSION ............................................................................................................. 7

-i-

EXHIBIT _____ 2

PAGE _____ 61

**INTRODUCTION**

Although Mattel has itself served *three* Rule 30(b)(6) notices upon MGA, Mattel has taken the position that MGA is not entitled to serve a single 30(b)(6) notice upon Mattel. This position is contrary to law, contrary to Mattel's own prior legal argument in this case, unfair and untenable. First, MGA is entitled, like Mattel, to notice a 30(b)(6) deposition to develop its claims and defenses. Second, Mattel's argument that *Carter Bryant's* 2004 notice of deposition should be attributed to MGA and constitute MGA's only opportunity to identify topics for 30(b)(6) deposition is without merit. Third, even if Bryant's 2004 notice could properly be attributed to MGA, which it cannot, three years of intervening litigation have changed the landscape of the case, and the parties have amended their pleadings to add new claims and defenses. MGA therefore seeks an Order compelling production of witnesses, and monetary sanctions against Mattel for the costs of bringing this motion.[1]

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.   Mattel Serves Three Rule 30(b)(6) Notices On MGA Over More Than Two Years, During Which Time the Parties Make Material Amendments to the Pleadings.**

In December 2004, shortly after MGA was allowed to intervene in this case, Carter Bryant served on Mattel a notice of deposition pursuant to Rule 30(b)(6).[2] The notice was served by Bryant's attorneys only, not MGA's, and are targeted to the development of Bryant's claims and defenses, not MGA's. For example, Bryant's name appears in most of the descriptions of the 56 designated topics, while MGA is named in only a handful.[3]

---

[1] Attached as Exhibit 1 to the Declaration of Marcus R. Mumford in Support of MGA's Motion To Compel Production of 30(b)(6) Witnesses ("Mumford Decl."), is MGA's Notice of Deposition of Mattel Pursuant to Fed. R. Civ. P. 30(b)(6).

[2] Mumford Decl., Ex. 2, Bryant's Notice of Deposition of Plaintiff and Counterdefendant Mattel, Inc.

[3] *Id., passim.*

EXHIBIT ___2___

PAGE ___62___

In February 2005, Mattel served on MGA its first of three notices of deposition under Rule 30(b)(6) (the "First Mattel Notice"), listing eight topics.[4] The First Mattel Notice focused, among other things, on certain purported MGA projects entitled "Angel Faces" and "Prayer Angels" that were the alleged subject matter of certain documents produced to Mattel by MGA.[5]

In April, 2005, MGA served its complaint against Mattel in Case Number CV 05-02727 CBM(RZx), which was later consolidated with this action. That complaint raised, among other issues, certain intellectual property claims that are the subject of "Phase 2" of this litigation.[6]

In November, 2006, Mattel moved to amend its complaint, raising numerous additional allegations against MGA.[7] Mattel's motion was granted in January 2007.

Mattel served its second Rule 30(b)(6) notice on MGA (the "Second Mattel Notice") in February 2007.[8] The Second Mattel Notice expanded the number of deposition topics, adding 46 new topics and focusing, among other things, on numerous issues relating to "Bratz" dolls.

In June 2007, Mattel served its third Rule 30(b)(6) notice on MGA (the "Third Mattel Notice" or "Third Notice").[9] The Third Mattel Notice identified 16

---

[4] Mumford Decl., Ex. 3, Notice of Deposition of MGA Entertainment Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6).

[5] *Id.* at 3.

[6] Mumford Decl., Ex. 4, MGA's Complaint for False Designation of Origin and other claims.

[7] Mumford Decl., Ex. 5, Mattel's Notice of Motion and Motion for Leave to File Amended Complaint.

[8] Mumford Decl., Ex. 6, Second Notice of Deposition of MGA Entertainment Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6).

[9] Mumford Decl., Ex. 7, Third Notice of Deposition of MGA Entertainment Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6).

EXHIBIT ___2___

PAGE ___63___

1  new deposition topics relating to, among other things, statements to the press by

2  Isaac Larian and any payments by MGA to Isaac or Farhad Larian.[10]

3       Because Mattel had already served two notices on MGA pursuant to

4  Rule 30(b)(6), MGA objected to the Third Mattel Notice. In July 2007, Mattel filed

5  a motion to compel.[11]  Among other things, Mattel argued that "[Federal Rule of

6  Civil Procedure] 30(a)(2)(B)'s requirement to obtain leave of Court prior to deposing

7  a person for a second [sic] time does *not* apply to 30(b)(6) depositions."[12]

8       The Court found it unnecessary to resolve this legal issue and treated

9  Mattel's motion as one "for leave to serve an additional 30(b)(6) notice with

10  additional topics."[13]  Pursuant to this analysis, the Court granted Mattel leave to

11  serve notice of some topics (including statements to the press by Isaac Larian and

12  payments by MGA to Isaac or Farhad Larian), but not of others (including, for

13  example, topics regarding any payments made to Larian family members).

14       Finally, also in July 2007, Mattel served amended claims against MGA

15  pursuant to the Court's prior Orders regarding the scope of the parties' pleadings.[14]

16       Thus, Mattel has now successfully served three separate notices of

17  deposition under Rule 30(b)(6) on MGA.

18

19

20

21  _____

[10] *Id.* at 6-9.

22  [11] Mumford Decl., Ex. 8, Mattel's Notice of Motion and Motion to Compel MGA to
23  Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule
    30(b)(6) and for Sanctions.  Because MGA's opposition brief was marked
24  "Attorneys' Eyes Only," it is not reprinted in MGA's exhibits hereto.

[12] Mumford Decl., Ex. 9, Mattel's Reply Brief at 4:6-7 (emphasis in original).

25  [13] Mumford Decl., Ex. 10, Order Granting in Part and Denying in Part Mattel's
26  Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of
    Deposition Under Rule 30(b)(6); Denying Request for Sanctions, at 6.

27  [14] Mumford Decl., Ex. 11, Mattel's Second Amended Answer in Case No. 05-2727
    and Counterclaims.

28

EXHIBIT ___2___

PAGE ___64___

**B.** **MGA Serves Its First and Only 30(b)(6) Deposition Notice on Mattel, and Mattel Categorically Refuses to Identify or Produce Witnesses in Response.**

On September 5, 2007, MGA served its first and only Rule 30(b)(6) notice on Mattel, identifying 86 deposition topics, 47 of which are the subject of this motion to compel. Consistent with the size and complexity of this case, these topics cover a range of issues relating to different aspects of the litigation. MGA's topics do not materially overlap with those served three years ago by Carter Bryant, and MGA has made clear in the "meet and confer" process that for now it is only seeking testimony relating to Phase I topics.

Notwithstanding MGA's attempts to meet and confer on this issue, Mattel has refused to identify or produce a single witness, or even to acknowledge MGA's right to notice a 30(b)(6) deposition upon Mattel.[15] Rather, Mattel has taken the position that, because Carter Bryant served a Rule 30(b)(6) notice in 2004, MGA categorically may not do so now.

## ARGUMENT

**I.** **The Court Should Compel Mattel to Produce Witnesses for Each of the Topics at Issue.**

Having successfully served three separate notices of deposition under Rule 30(b)(6) on MGA, Mattel now refuses to acknowledge MGA's right to serve even one. The relief MGA seeks from the Court is thus based on a far narrower interpretation of Rule 30(b)(6) than Mattel itself has argued for in support of its own discovery rights. Mattel has flatly rejected MGA's repeated requests to identify and produce responsive witnesses, claiming that because *another party*, Carter Bryant, served a 30(b)(6) notice on Mattel *in 2004*, MGA is not entitled to serve any 30(b)(6)

---

[15] *See, e.g.,* Mumford Decl., Ex. 12, Letter from Paul M. Eckles to Jon D. Corey, Esq. dated December 12, 2007, at 2 (requesting meet-and-confer); Ex. 14, Letter from Jon D. Corey, Esq. to Paul Eckles, Esq. dated December 20, 2007, at 2 ("MGA's Notice of Deposition of [Mattel] is a nullity given that it seeks to depose a person more than once without leave of court in violation of Rule 30.").

EXHIBIT ___2___

PAGE ___65___

notice on Mattel.[16]   Mattel's position is contrary to law, unfair, inconsistent with other positions it has taken in this litigation, and should be rejected by the Court.

First, MGA has not previously noticed any 30(b)(6) depositions on Mattel. As Mattel itself has argued to this Court:

> There is no limit to the number of topics a 30(b)(6) notice may contain, and a 30(b)(6) deposition counts as a single deposition regardless of the number of witnesses designated. Therefore, *there is no question that, had Mattel included all topics in its Third Notice in its first 30(b)(6) notice, leave of Court would not be required* ....[17]

Mattel cannot credibly argue that *it* is entitled to multiple 30(b)(6) notices, while MGA is entitled to none. To be sure, MGA opposed Mattel's sweeping form of this argument, but Mattel prevailed and was granted the same relief that MGA seeks in this motion.

Mattel's reason for rejecting MGA's notice also represents a complete about-face from the position Mattel took when arguing in support of its own Third Notice, which was that repeated 30(b)(6) deposition notices are permissible without leave of Court, even when made by the same party.[18]   Here, MGA has served no

---

[16] *See id.*

[17] Mattel's Reply Brief (Ex. 9), at 4:15-19 (emphasis added).  (MGA notes that, under the revised Federal Rules adopted as of December 1, 2007, the relevant Rule is 30(a)(2)(A)(ii).  However, any such changes to Rule 30 "are intended to be stylistic only." Fed. R. Civ. P. 30, commentary to 2007 Amendment.)

[18] *See, e.g.,* Mattel's Reply Brief (Ex. 9), at 4:6-7 ("Rule 30(a)(2)(B)'s requirement to obtain leave of Court prior to deposing a person for a second [sic] time does *not* apply to 30(b)(6) depositions." (emphasis in original), *citing Quality Aero Tech., Inc. v. Telemetrie Elektronik*, 212 F.R.D. 313, 319 (E.D.N.C. 2002). *Compare* Letter of Jon D. Corey, Esq. dated December 20, 2007 (Ex. 13), at 2 (in response to MGA's request to meet and confer on this issue, Mattel stated: "MGA's Notice of Deposition of [Mattel] is a nullity given that it seeks to depose a person more than once without leave of court in violation of Rule 30.").

Indeed, in correspondence with other counsel in this litigation, Mattel has all but acknowledged the inherent conflict in its position. *See* Mumford Decl., Ex. 14, Letter from Jon D. Corey, Esq. to Amman A. Khan, Esq. dated October 2, 2007, at 2 ("[I]n light of Judge Infante's ruling regarding Mattel's Third Notice of Deposition of MGA, Mattel is reconsidering its response to MGA's Notice of Deposition of Mattel."). Notably, despite this representation that it was "reconsidering its

EXHIBIT _____ 2

PAGE _____ 66

1  prior 30(b)(6) notice on Mattel, and Mattel's stunningly one-sided interpretation of

2  the parties' discovery rights and obligations amounts to an improper attempt to

3  deprive MGA of information fundamental to MGA's claims and defenses.

4      Second, Mattel's attribution to MGA of Carter Bryant's 2004 30(b)(6)

5  notice on Mattel is fundamentally misconceived. As explained above, Carter Bryant

6  is a different party from MGA, represented by different counsel, and his 30(b)(6)

7  notice served on Mattel was crafted to develop Bryant's own claims and defenses,

8  not MGA's. Moreover, Bryant's notice was served only weeks after MGA

9  intervened in the case. Thus, Mattel's unsupported attempt to equate Bryant's

10  discovery request with MGA's is baseless.

11      Third, even if it were proper to attribute to MGA *Carter Bryant's* 2004

12  30(b)(6) notice on Mattel, which it is not, that notice was served *three years ago*. In

13  the intervening years of litigation, both MGA and Mattel have amended their

14  pleadings, raising numerous additional claims and defenses, while the case (and

15  therefore the nature of discovery sought by all parties) has evolved with time.

16  Indeed, Mattel has found it necessary to serve three separate notices upon MGA as

17  the issues in the case have continued to evolve. In light of these factors, Mattel's

18  objection to MGA's notice is without merit.[19]

19

20

21

22

23  response," in the more that two months since this letter was written, Mattel has
continued to reject categorically MGA's right to notice its 30(b)(6) depositions.

24  [19] Likewise, if the Court reaches MGA's alternative request for relief and considers
whether MGA should be granted leave to serve its 30(b)(6) notice, these same

25  factors weigh in favor of granting leave. Since Mattel has unreasonably refused to
enter a stipulation allowing MGA to serve such notice, *see* Fed. R. Civ. P.

26  30(a)(2)(A), formerly Rule 30(a), MGA also seeks its costs for seeking such leave of
Court.

27

28

MGA'S MOTION TO COMPEL PRODUCTION OF 30(B)(6) WITNESSES
-6-

EXHIBIT _____ 2

PAGE _____ 67

**II.   The Court Should Sanction Mattel in the Amount of MGA's Costs in Bringing this Motion.**

Federal Rule of Civil Procedure 37(a)(5) (formerly Rule 37(a)(4))[20] states that a party forced to bring a motion to compel is entitled to the "reasonable expenses incurred in making the motion, including attorney's fees[,]" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Here, none of the three excusing factors apply to Mattel's wholesale refusal to produce witnesses in response to MGA's 30(b)(6) notice (or its refusal to stipulate to MGA's right to serve such notice). The Court, therefore, should award MGA its costs in bringing this motion.

### CONCLUSION

For the foregoing reasons, MGA respectfully requests this court to issue an order compelling Mattel to produce witnesses responsive to MGA's notice, with costs. Alternatively, MGA respectfully requests leave to serve its Notice of Deposition of Mattel Pursuant to Fed. R. Civ. P. 30(b)(6),[21] together with MGA's costs of seeking leave.

DATED:  December 21, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
Raoul D. Kennedy
Attorney    for    MGA    ENTERTAINMENT, INC.

---

[20] Changes to Rule 37 "are intended to be stylistic only." Fed. R. Civ. P. 37, commentary to 2007 Amendment.

[21] Mumford Decl., Ex. 1.

EXHIBIT _____ 2

PAGE _____ 68

# EXHIBIT 3

1 | THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
2 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
3 | Los Angeles, CA  90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600
4 |
RAOUL D. KENNEDY (Bar No. 40892)
5 | (rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | 4 Embarcadero Center, 38th Floor
San Francisco, CA  94111-5974
7 | Tel.: (415) 984-6400 / Fax: (415) 984-2698

8 | Attorneys for MGA Entertainment, Inc.

9 |

UNITED STATED DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 |

12 |

13 | CARTER BRYANT, an individual,       )   CASE NO. CV 04-9049 SGL (RNBx)
                                      )
14 |              Plaintiff,           )   **DISCOVERY MATTER**
                                      )
15 |        v.                         )   MGA'S REPLY MEMORANDUM IN
                                      )   SUPPORT OF ITS MOTION TO
16 | MATTEL, INC., a Delaware          )   COMPEL MATTEL TO PRODUCE
     corporation,                     )   WITNESSES PURSUANT TO
17 |                                   )   NOTICE OF DEPOSITION UNDER
              Defendant.              )   RULE 30(b)(6), OR, IN THE
18 |                                   )   ALTERNATIVE, FOR LEAVE TO
                                      )   SERVE SUCH NOTICE
19 | ─────────────────────────────    )
     AND CONSOLIDATED ACTIONS         )   [To be heard by Discovery Master
20 |                                   )   Hon. Edward Infante (Ret.) Pursuant
                                      )   to Court Order of December 6, 2006]
21 |
                                          Hearing Date: TBD
22 |                                       Time: TBD

23 |

24 |

25 |

26 |

27 |

28 |

1-17

MGA'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF 30(B)(6) WITNESSES

EXHIBIT ____3____

PAGE ____69____

INTRODUCTION ...................................................................................................1

ARGUMENT.........................................................................................................2

I.    The Court Should Compel Mattel to Produce Witnesses Pursuant to MGA's Notice of Deposition. ..........................................................2

    A.    Mattel Categorically Refused to Discuss MGA's 30(b)(6) Notice. .......................................................................................2

    B.    Mattel Has Been Given Leave to Serve Two Additional 30(b)(6) Deposition Notices Since MGA's Moving Papers Were Filed, and Has Now Served *Six* to MGA's *Zero*. .............3

    C.    Mattel Seeks to Establish a Double Standard of Discovery. ......4

        1.    Mattel Flouts the Meet and Confer Process, Then Seeks to Use it as a Weapon Against MGA. ...................4

        2.    Mattel Seeks to Apply a Different Set of Rules to MGA than to Its Own Offensive Discovery. ...................5

    D.    The Breadth, Burden and Potential for Duplicative Discovery of MGA's 47 Deposition Topics Is Less Than that Imposed by the 291 Topics Served by Mattel on MGA, MGA Mexico and MGA HK. ...................................................6

        1.    Topics Containing "Including, but Not Limited To" or Similar Language.......................................................6

        2.    Purportedly "Burdensome" Topics................................6

        3.    Purportedly "Duplicative" Topics. ...............................8

        4.    Topics Purportedly Similar to Contention Interrogatories...............................................................10

    E.    Mattel's Objection to Certain of MGA's Statute of Limitations-Related Topics as "Duplicative" of Other Discovery *It Had Refused to Provide* at the Time MGA's Motion Was Filed Is Misleading. ...........................................11

CONCLUSION ....................................................................................................11

EXHIBIT _____ 3

PAGE _____ 70

1

**INTRODUCTION**

2    Mattel's opposition brief raises for the first time, including in the

3   parties' meet-and-confer correspondence and discussions, Mattel's concerns

4   regarding the scope and specificity of MGA's 30(b)(6) notices. As stated in MGA's

5   moving papers, during the meet-and-confer process, Mattel refused to undertake any

6   discussion of the depositions themselves, insisting simply that MGA's notice was "a

7   nullity" and that discussion of specific deposition topics was "premature." Having

8   refused even to discuss deposition topics with MGA, Mattel may not now in good

9   faith use those topics – much less the Court's meet-and-confer requirements – to

10   seek denial of MGA's request for relief. The Court should reject Mattel's arguments

11   on this basis alone. Further, Mattel espoused its absolutist position despite having

12   served three 30(b)(6) notices on MGA, a fourth served on MGA Hong Kong affiliate,

13   and having prevailed on the same arguments now made by MGA.

14    Mattel's opposition brief ("Opp.") also neglects to mention that, in the

15   time since MGA's moving papers were filed, Judge Larson has given Mattel leave to

16   serve two more notices of 30(b)(6) depositions on MGA, bringing the running total

17   of 30(b)(6) notices served by Mattel to six, including 291 separate topics. In light of

18   the enormous breadth and burden of discovery sought by Mattel, its protestations

19   against MGA's notice in this regard ring hollow. Indeed, as demonstrated below,

20   many of MGA's requests are functionally no different from Mattel's.

21    Mattel devotes the considerable bulk of its opposition papers to arguing

22   that the 30(b)(6) deposition topics that MGA has served on Mattel are unduly

23   burdensome, overbroad, duplicative or otherwise improper. These objections are not

24   well taken in light of the history of discovery in the present case, and in particular

25   Mattel's own conduct in serving 30(b)(6) deposition notices on MGA. As

26   demonstrated below, the 291 deposition topics that Mattel has served on MGA are at

27   least equally burdensome, broad and duplicative.

28

-1-

MGA'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF 30(B)(6) WITNESSES

EXHIBIT _____ 3

PAGE_____ 71

1      Moreover, at the time MGA's moving papers were filed, Mattel

2  continued to object to all topics served by Bryant relating to defendants' statute of

3  limitations and laches defenses.  As a result, Mattel can hardly be heard to complain

4  that discovery to which it refused to consent renders MGA's request "duplicative."

5  Mattel's objections have now been overruled, and no deposition on "duplicative"

6  topics will be necessary.  MGA has always been and remains willing to discuss with

7  Mattel a reasonable narrowing of issues.  However, when MGA sought to do so, it

8  was rebuffed by Mattel's counsel.

9      In the context and history of this litigation, Mattel's opposition to

10  MGA's first[1] notice of deposition pursuant to Rule 30(b)(6) represents an improper

11  attempt by Mattel to impose a double-standard under which Mattel is permitted to

12  notice hundreds of far-ranging deposition topics while MGA may notice none.[2]  The

13  Court should reject Mattel's gambit and grant the requested relief, with costs.

14                                **ARGUMENT**

15  **I.    The Court Should Compel Mattel to Produce Witnesses Pursuant to
16         MGA's Notice of Deposition.**

17      **A.    Mattel Categorically Refused to Discuss MGA's 30(b)(6) Notice.**

18          In its opposition papers, Mattel argues that it extended "repeated

19  invitations" to "meet and confer … regarding good cause" for MGA to notice Mattel

20  under Rule 30(b)(6).[3]  This claim is not only false, but directly contradicted by

21  Mattel's own meet-and-confer correspondence summarizing the parties' positions.

22  On December 20, 2007, Mattel's lawyer Jon Corey, Esq. wrote a letter to MGA's

23

24  [1] Mattel's representation that "[a]t issue here is MGA's third notice of deposition of
    Mattel pursuant to Rule 30(b)(6)" (Opp. at 2 (emphasis added)), is unsupported and
25  simply false.  MGA has served only one such notice, the one at issue in this motion.
    [2] Emblematic of Mattel's approach to this litigation is the fact that, while it was
26  unwilling to devote any time to meet and confer on the appropriate scope of MGA's
    30(b)(6) depositions, it has now deluged the Court with a brief exceeding the Court's
27  page limitations and many hundreds of pages of exhibits and other supporting
    documents.
28  [3] Opp. at 5.

MGA'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF 30(B)(6) WITNESSES

EXHIBIT ___3___

PAGE ___12___

counsel summarizing the meet and confer conference that had taken place earlier that day.[4]  Mr. Corey's letter reiterated Mattel's position that

> MGA's Notice of Deposition of [Mattel] is a nullity given that it seeks to depose a person more than once without leave of court in violation of Rule 30.  [...]  I responded to your request about producing a witness on Phase 1, as opposed to Phase 2 topics, by saying that a discussion of the specific topics was premature.[5]

Far from "repeated[ly] invit[ing]" MGA to discuss specific deposition topics, Mattel in fact refused to do so, and rebuffed MGA's attempt to discuss a narrower scope of topics, even after MGA had unilaterally narrowed the number of topics on which it sought to depose Mattel from 86 to 47.[6]  Mr. Corey's attestation that "Mattel ... invited MGA to show good cause why MGA was entitled to testimony on any of the topics"[7] is thus belied by his own letter.  Nothing of the kind took place.[8]

**B.    Mattel Has Been Given Leave to Serve Two Additional 30(b)(6) Deposition Notices Since MGA's Moving Papers Were Filed, and Has Now Served *Six* to MGA's *Zero.***

Studiously overlooked in Mattel's 26 pages of briefing and hundreds of pages of supporting documents is any reference to the fact that – in addition to the three 30(b)(6) notices that had already been served by Mattel on MGA – since the present motion was filed, Mattel has served two additional 30(b)(6) notices: a fourth notice upon MGA, and a further notice on MGAE de Mexico, S.R.L. DE C.V ("MGA Mexico").[9]  These new notices of deposition contain a total of 160 additional

---

[4] Mumford Decl, Ex. 13.

[5] *Id.* at 2 (emphasis added).

[6] *See* Mumford Decl., Ex. 12.

[7] Corey Decl. ¶ 8.

[8] Declaration of Thomas E. Haroldson in Further Support of MGA's Motion To Compel Production of 30(b)(6) Witnesses ("Haroldson Decl.") ¶¶ 1-3; Declaration of Paul Eckles in Further Support of MGA's Motion To Compel Production of 30(b)(6) Witnesses ("Eckles Decl.") ¶¶ 1-3.

[9] Attached as Exhibit 15 to the Second Mumford Declaration, is Judge Larson's January 7, 2008 Order.  That Order, among other things, grants Mattel leave to serve two additional 30(b)(6) deposition notices.  *Id.* at 3.  Exhibits 16 and 17 to the 2nd Mumford Decl. are these two new deposition notices, served on MGA and MGA

-3-

EXHIBIT ___3___

PAGE ___73___

deposition topics.[10]  In addition, Mattel had already served 61 topics under Rule 30(b)(6) on MGA Entertainment (HK) Ltd. ("MGA HK").[11]  Thus, Mattel has now served six separate notices of deposition under Rule 30(b)(6) on MGA and its affiliates, containing a total of 291 topics.[12]  In contrast, Mattel refuses to acknowledge a single such notice or deposition topic served by MGA.  Indeed, there is not a single one of MGA's 47 deposition topics to which Mattel does not specifically object in its voluminous opposition papers.  MGA also notes that Mattel's assertion in its brief that MGA has served three notices of deposition pursuant to Rule 30(b)(6)[13] is unsupported and simply false.

C.    **Mattel Seeks to Establish a Double Standard of Discovery.**

1.    Mattel Flouts the Meet and Confer Process, Then Seeks to Use it as a Weapon Against MGA.

Incongruously, having *refused to discuss* "specific topics" set forth in MGA's notice of deposition, Mattel now *opposes* MGA's motion on the basis of the Court's meet-and-confer requirements, insisting that MGA demonstrate to the Discovery Master what Mattel refused to discuss: the particulars of why MGA needs the 30(b)(6) deposition it has served on Mattel.[14]  Mattel's intransigence on this issue has compelled MGA to bring this motion, and forced the Discovery Master to deal with an issue more properly agreed upon – or at least discussed – between the parties.  Mattel should not be rewarded for its refusal to meet-and-confer on the topics set forth in MGA's notice and subsequent meet-and-confer request.[15]

---

Mexico respectively.  Exhibits to the 2d Mumford Decl. are numbered in sequence to the exhibits attached to the Mumford Declaration filed with MGA's moving papers.

[10] *See* 2d Mumford Decl., Exs. 16, 17.

[11] 2d Mumford Decl., Ex. 18.

[12] *See* 2d Mumford Decl., Exs. 16-18; Mumford Decl., Exs. 3, 6, 7.

[13] Opp. at 2.

[14] *Id.* at 5.

[15] *See* Mumford Decl., Ex. 12.

-4-

EXHIBIT _____ 3

PAGE _____ 74

### 2. Mattel Seeks to Apply a Different Set of Rules to MGA than to Its Own Offensive Discovery.

As discussed in MGA's moving papers, Mattel's opposition represents a complete about-face from its prior legal position on 30(b)(6) notices. When Mattel sought to notice its <u>third</u> set of 30(b)(6) deposition topics on MGA, Mattel argued that "<u>Rule 30(a)(2)(B)'s requirement to obtain leave of Court prior to deposing a person for a second [sic] time does *not* apply to 30(b)(6) depositions.</u>"[16] Contrary to Mattel's contention that it "lost" on this issue,[17] the Discovery Master declined to reach it.[18] Now that MGA seeks depositions on 47 topics to Mattel's 291, Mattel argues the opposite position: that MGA, although it has not previously served a single notice of deposition on Mattel, must nonetheless seek leave of court, because "<u>[a] different rule does not apply for Rule 30(b)(6) depositions.</u>"[19]

Moreover, Mattel's assertion that "MGA has provided no authority suggesting an exception [to the one-deposition rule] for depositions of corporations"[20] is false. Not only did MGA provide such authority,[21] Mattel itself relied on the same authority when it argued in support of its Third Notice of Deposition on MGA: *Quality Aero Tech., Inc. v. Telemetrie Elektronik*, 212 F.R.D. 313, 319 (E.D.N.C. 2002).

With considerable success, Mattel has fought at every turn in this case to expand the scope of its offensive discovery. For example, of the "more than four

---

[16] Mumford Decl., Ex. 9, Mattel's Reply Brief in Support of Motion to Compel MGA to Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) and for Sanctions, at 4 (underlining added, italics in original).

[17] Opp. at 1.

[18] Mumford Decl., Ex. 10, Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), at 266.

[19] Opp. at 2 (emphasis added).

[20] *Id.*

[21] MGA's Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6), or, in the Alternative, for Leave to Serve Such Notice, at 5, n.18.

-5-

EXHIBIT _____3_____

PAGE _____15_____

million pages of documents in this case to date," cited by Mattel,[22] more than 3.5 million have been produced by MGA, at very considerable effort and expense.[23]  In the context and history of discovery in this case, including the 291 30(b)(6) deposition topics it has already served on MGA, MGA Mexico and MGA HK, Mattel's protestations of over-breadth, burden, and potentially duplicative discovery improperly seek to apply a double standard, under which Mattel would have the Court deny to MGA precisely the sort of discovery that Mattel itself has already succeeded in imposing on MGA.

**D.    The Breadth, Burden and Potential for Duplicative Discovery of MGA's 47 Deposition Topics Is Less Than that Imposed by the 291 Topics Served by Mattel on MGA, MGA Mexico and MGA HK.**

    1.    Topics Containing "Including, but Not Limited To" or Similar Language.

Mattel complains that 21 of MGA's 47 topics contain the language "included [sic], but not limited to."[24]  Mattel does not mention that it has itself already noticed 83 topics on MGA and MGA Mexico that include one or more uses of the phrase "including but not limited to" or "including without limitation."[25] Mattel's strident objections to a form it has already used in nearly four times as many topics is typical of the double standard Mattel seeks to apply on this issue.

    2.    Purportedly "Burdensome" Topics.

Mattel complains that some of the 47 topics for which MGA seeks testimony would be unduly burdensome, but in the context of this case, and particularly in light of the discovery burden already imposed on MGA by Mattel's topics, Mattel cannot show that the burden of MGA's deposition notice is either disproportionate or unwarranted by the complexity of the case.

---

[22] Corey Decl. ¶ 3.
[23] Haroldson Decl. ¶ 4.
[24] Opp. at 17.
[25] See Mumford Decl. Exs. 3, 6, 7; 2d Mumford Decl., Exs. 16, 17.

-6-

EXHIBIT _____3_____

PAGE _____16_____

For example, Mattel objects to MGA's topic relating to infringement actions regarding "My Scene" or "Diva Starz," (Topic 42), and testimony relating to those products and "Barbie" (Topic 47).[26] Yet Mattel has recently noticed similar, yet far broader discovery:

> 20. Any complaints or dissatisfaction concerning the CONTESTED MGA PRODUCTS, including but not limited to the returns of, or the number of or rate of defects for, such products.[27]

This topic covers the overwhelming majority of "complaints" or expressions of "dissatisfaction" (whatever that may mean) that MGA has ever received. This is particularly true given that the "CONTESTED MGA PRODUCTS" are defined to include

> CONTESTED BRATZ DOLLS PRODUCTS, the CONTESTED BRATZ PETZ PRODUCTS, the CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD, the CONTESTED 4-EVER BEST FRIENDS PRODUCTS, the CONTESTED MOMMY'S LITTLE DOLL PRODUCTS, and the CONTESTED ALIENRACERS PRODUCTS, and any other doll product, toy, packaging, advertisement or other matter that, in whole or in part, provides a basis for any claim or defense by YOU against MATTEL.[28]

Each capitalized term in this definition is in turn defined in broad terms, such that complaints or "dissatisfaction" from suppliers, sculptors, distributors, radio talk show hosts, etc. – any entity that ever comes into contact with or has anything to say about any of these products at any stage – are covered by the topic.

Continuing with Mattel's objection to "testimony," (MGA's topic 47), Mattel has noticed the following deposition on MGA with nearly the same phrasing, but relating to BRATZ rather than Mattel products:

> 95. Except for deposition testimony provided in this ACTION, the testimony, transcripts, declarations, affidavits and other sworn written statements of any other

---

[26] Mumford Decl., Ex. 1 at A-22-23.

[27] 2d Mumford Decl., Ex. 16 at 16 (emphasis added).

[28] Id. at 6.

EXHIBIT _____3_____

PAGE _____11_____

1    type by or from YOU or made on YOUR behalf that a
     REFER OR RELATE TO BRATZ and that REFER OR
2    RELATE TO the time period prior to June 30, 2001
     (regardless of when such testimony or sworn statement was
3    taken, given, signed, made or filed).[29]

4         3.    Purportedly "Duplicative" Topics.

5         Mattel complains that some MGA topics are "duplicative" of topics

6    previously noticed by Bryant, yet Mattel's own Fourth Notice of 30(b)(6) deposition

7    on MGA includes a number of topics that duplicate Mattel's own previously-noticed

8    topics. For example, Topic 95 from Mattel's Fourth Notice, quoted on the preceding

9    page, is duplicative of Topic 34 in Mattel's Second Notice:

10        34. Other than those previously filed and served in this
          ACTION or in which Mattel, Inc.'s counsel in this
11        ACTION was in attendance, the testimony, transcripts,
          declarations, affidavits and other sworn written statements
12        of any other type by or from YOU or made on YOUR
          behalf that REFER OR RELATE TO BRATZ THAT
13        REFER OR RELATE TO the time period prior to June 30,
          2001 (regardless of when such testimony or sworn
14        statement was taken, given, signed, made or filed).[30]

15        To take another example, Mattel's Fourth Notice includes the following

16   topic:

17        13. Any copyright, patent, design right or any other
          registration or application for registration of the
18        CONTESTED MGA PRODUCTS, including but not
          limited to all COMMUNICATIONS relating thereto, and
19        all filings, declarations, affidavits, correspondence, notes
          and other DOCUMENTS relating thereto.[31]
20
     Similarly, Topic 33 from Mattel's Second Notice on MGA states:
21
22        33. The applications for registration and the registrations
          for copyright, patent, trademark or any other right that
23        REFER OR RELATE TO BRATZ or BRATZ DESIGNS
          sought, made or obtained by, for or on behalf of YOU or
24        BRYANT, including without limitation
          COMMUNICATIONS pertaining thereto.[32]
25

26   _____
     [29] Id. at 24-25.
27   [30] Mumford Decl., Ex. 6 at 10.
     [31] 2d Mumford Decl., Ex. 16 at 15 (emphasis added).
28   [32] Mumford Decl., Ex. 6 at 10 (emphasis added).

-8-

EXHIBIT _____3_____

PAGE _____18_____

To take a third example, Topic 10 from Mattel's Fourth Notice states:

> 10. The tooling and manufacture of any of the CONTESTED MGA PRODUCTS, including but not limited to all invoices, contracts, sales orders, purchase orders and payment relating thereto and including but not limited to all DOCUMENTS relating to the engineering, preparation, fabrication and creation of the molds and face paint masks used in connection therewith and to the film and/or digital files used in connection with the packaging therefor.[33]

This duplicates topics 7, 12 and 13 from Mattel's Second Notice:

> 7. The identity of, and the design, development, sculpting, development, engineering, rotocasting, modeling, prototyping and first sale of, any doll, product, work or item that has been produced, developed, manufactured, licensed, sold or offered for sale by, for or on behalf of YOU and that was BASED ON any DESIGN [of Carter Bryant].

> 12. The actual, proposed, requested or contemplated manufacture, fabrication or tooling (including the production of molds) of BRATZ, including without limitation the timing thereof and the IDENTITY of each manufacturer and potential manufacturer used, proposed or considered.

> 13. COMMUNICATIONS prior to June 30, 2001 between YOU and any manufacturer, distributor, wholesaler, retailer, or any contemplated, proposed or potential manufacturer, distributor, wholesaler or retailer, that REFER OR RELATE TO BRATZ or any BRATZ DESIGN.[34]

In the same vein, here is topic 7 from Mattel's Fourth Notice:

> 7. The first date of manufacture, shipment and availability for distribution and retail sale of each of the CONTESTED MGA PRODUCTS.[35]

... which is highly similar to Topic 14 from Mattel's Second Notice:

> 14. When and where BRATZ was first manufactured, shipped, distributed and sold, and the IDENTITIES and roles of PERSONS involved therein.[36]

---

[33] 2d Mumford Decl., Ex. 16 at 15 (emphasis added).

[34] Mumford Decl., Ex. 6 at 7-8 (emphasis added).

[35] 2d Mumford Decl., Ex. 16 at 14.

[36] Mumford Decl., Ex. 6 at 8.

-9-

While this is not an exhaustive list of Mattel's duplicative 30(b)(6) deposition topics, it is sufficient to demonstrate the double standard Mattel seeks to apply in opposing MGA's notice.

### 4. Topics Purportedly Similar to Contention Interrogatories.

Mattel also bemoans that some of MGA's topics "ask for testimony related to the bases for the claims and defenses in this case."[37] Mattel cites eight of MGA's topics in this regard.[38] Yet, as with Mattel's protest against MGA's use of the phrase "including but not limited to," Mattel has in fact used the same approach to a far greater degree than MGA. In Mattel's Fourth Notice, there are twelve topics that begin, "[t]he basis for YOUR claim" or "[t]he factual basis for YOUR claim" or similar language.[39] Similarly, Mattel's Fourth Notice contains an additional ten topics regarding Mattel's "alleged" or "purported" behavior, which also seek testimony regarding the basis for MGA's allegations.[40]

Several of Mattel's topics solicit testimony regarding "the bases for the claims and defenses in this case" so broadly that they do not even reference any particular issue, claim or defense. For example, Topic 88 in Mattel's Fourth Notice asks for:

> 88. The factual bases for YOUR affirmative defenses.[41]

That is the entirety of Topic 88. Topic 26 is even more sweepingly vague:

> 26. To the extent not disclosed in response to any other Topic, all other facts RELATING TO any claim made by YOU against MATTEL or the CONTESTED MATTEL PRODUCTS, and the IDENTITY of all PERSONS with knowledge thereof.[42]

---

[37] Opp. at 23.
[38] Id. at 24, n.55.
[39] 2d Mumford Decl., Ex. 16 at 20-21,23-24 (Topics 49, 50, 52, 53, 55, 56, 58, 59, 84, 85, 88, 90).
[40] Id. at 17, 21-22 (Topics 25, 64-68, 72, 74, 76, 77).
[41] 2d Mumford Decl., Ex. 16 at 24.
[42] Id. at 17.

-10-

EXHIBIT _____ 3

PAGE _____ 80

1  This topic apparently solicits testimony encompassing "all …facts RELATING

2  TO …the CONTESTED MATTEL PRODUCTS, and the IDENTITY of all

3  PERSONS with knowledge thereof."[43]  Having noticed these types of deposition

4  topics on MGA, Mattel's objections are, at best, disingenuous.

5  **E.    Mattel's Objection to Certain of MGA's Statute of Limitations-**

6  **Related Topics as "Duplicative" of Other Discovery *It Had Refused***
   **_to Provide_ at the Time MGA's Motion Was Filed Is Misleading.**

7  Mattel argues that MGA's 30(b)(6) deposition topics relating to MGA's

8  statute of limitations and laches defenses are duplicative.[44]  Mattel neglects to

9  mention, however, that at the time MGA filed its motion, Mattel had refused to

10  assent to any discovery on these issues. Mattel can hardly be heard to object that a

11  deposition topic is "duplicative" of testimony that has never taken place. Since this

12  motion was filed, the Discovery Master has ordered Mattel to produce witnesses as

13  to Bryant's noticed topics relating to these defenses.

14  MGA does not seek duplicative testimony, but a reasonable discovery

15  plan that will allow both parties – not just Mattel – to develop their respective cases.

16  MGA, now as ever, is prepared to discuss with Mattel a reasonable narrowing of

17  issues, on both sides, that will allow such discovery to be taken. In the absence of

18  any cooperation from Mattel on this issue, however, MGA is compelled to seek from

19  the Court the relief requested by the present motion.

20  **CONCLUSION**

21  For the foregoing reasons, MGA respectfully requests this Court to

22  issue an order compelling Mattel to produce witnesses responsive to MGA's notice,

23  with costs. Alternatively, MGA respectfully requests leave to serve its Notice of

24

25

26  _____

27  [43] Without belaboring the issue, MGA notes that most, if not all, of Mattel's contention-related deposition topics would fall under Mattel's category of testimony likely to be in possession of the requesting party. *See* Opp. at 22-23.

28  [44] Opp. at 5-7.

-11-

EXHIBIT _____ 3

PAGE _____ 81

1   Deposition of Mattel Pursuant to Fed. R. Civ. P. 30(b)(6),[45] together with MGA's

2   costs of seeking leave.

3   DATED: January 17, 2008

4                                      SKADDEN, ARPS, SLATE, MEAGHER &
                                       FLOM, LLP
5

6

7                                      By:
                                           Raoul D. Kennedy
8                                          Attorney   for   MGA   ENTERTAINMENT,
                                           INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   [45] Mumford Decl., Ex. 1.

                                       -12-
     MGA'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF 30(B)(6) WITNESSES

EXHIBIT _____ 3

PAGE _____ 82

# EXHIBIT 4

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7
   Attorneys for Plaintiff
8  Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12 | CARTER BRYANT, an individual,       | Case No. CV 04-09049 SGL (RNBx)
   |                                     | Consolidated with
13 |              Plaintiff,             | Case No. CV 04-09059
   |                                     | Case No. CV 05-02727
14 |         vs.                         |
   |                                     | STIPULATION REGARDING
15 | MATTEL, INC., a Delaware            | BRIEFING SCHEDULE ON
   | corporation,                        | OBJECTIONS TO DISCOVERY
16 |                                     | MASTER'S ORDERS OF APRIL 11
   |              Defendant.             | AND 22, 2008
17 |                                     |
   |                                     | [Proposed Order filed concurrently]
18 | AND CONSOLIDATED CASES              |
   |                                     | Phase 1:
19 |                                     | Pre-trial Conference:  May 5, 2008
   |                                     | Trial Date:            May 27, 2008
20

21

22

23

24

25

26

27
                                    EXHIBIT _____4_____
28
                                    PAGE _____83_____

07209/2483384.1

STIPULATION RE OBJECTIONS TO DISCOVERY MASTER ORDERS

**STIPULATION**

WHEREAS, on April 11, 2008 the Discovery Master issued an Order Granting in Part and Denying in Part MGA's Motion to Compel Mattel to Produce a Witness Pursuant to Notice of Deposition Under Rule 30(b)(6) (the "April 11 Order");

WHEREAS, the April 11 Order requires compliance by Mattel no later than May 5, 2008;

WHEREAS, Mattel's Objections are due to be filed by April 25, 2008;

WHEREAS, Mattel intends to file Objections to the April 11 Order;

WHEREAS, on April 22, 2008 the Discovery Master issued an Order Granting Third-Party Matthew Bousquette's Motion to Quash Subpoena (the "April 22 Order";

WHEREAS, MGA intends to file Objections to the April 22 Order;

WHEREAS, Mattel, MGA and Matthew Bousquette (the "Parties") believe that the Discovery Master's Orders raise important issues that should be resolved on an expedited basis;

NOW, THEREFORE, the Parties, by and through their counsel of record, hereby agree as follows:

1.  The Parties' shall have until Monday, April 28, 2008, to file their respective Objections to the Discovery Master's Orders.

2.  The Parties shall have until Thursday, May 1, 2008, to file their respective Oppositions.

3.  The Parties shall file their replies, if any, no later than the morning of Monday, May 5, 2008.

4.  The hearing on the Parties' objections shall be held on Monday, May 5, 2008, at 10:00 a.m., or at such other time as may be designated by the Court.

EXHIBIT _____ 4

PAGE _____ 84

-2-

STIPULATION RE OBJECTIONS TO DISCOVERY MASTER ORDERS

1        5.    The Parties agree that while Mattel's Objections are pending, its

2 obligations to comply with the Discovery Master's April 11, 2008 Order shall be

3 stayed.

4        IT IS SO STIPULATED.

5

6 DATED:  April 25, 2008      QUINN EMANUEL URQUHART OLIVER &

7                  HEDGES, LLP

8

9                  By _Jon D. Corey /ZDK_

10                     Jon D. Corey
                         Attorneys for Mattel, Inc.

11 DATED:  April 25, 2008     CALDWELL LESLIE & PROCTOR, PC

12

13

14                  By _Christopher Caldwell /ZDK_
                     Christopher Caldwell

15                     Attorneys for Third-Party Matthew
                     Bousquette

16

17 DATED:  April 25, 2008     SKADDEN ARPS SLATE MEAGHER &

18                  FLOM, LLP

19

20                  By _Marcus Mumford /ZDK_
                     Marcus M. Mumford

21                     Attorneys for MGA Entertainment, Inc.,
                     Isaac Larian, and MGA Entertainment

22                     (HK) Ltd.

23

24

25

26

27                EXHIBIT ___4___

28                PAGE ___85___

# Stipulation

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc
(RNBx), AO279, DISCOVERY, PROTORD, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered by Corey, Jon on 4/25/2008 at 7:18 PM PDT and filed on 4/25/2008

**Case Name:**        Carter Bryant v. Mattel Inc
**Case Number:**      2:04-cv-9049
**Filer:**            Mattel Inc
**Document Number:** 3292

**Docket Text:**
STIPULATION for Order Establishing a Briefing Schedule for the Parties' Objections to the Discovery Master's April 11 and 22 Orders, Extending Time for Mattel to File its Objections, and Staying the April 11 Order Pending Review of Mattel's Objections filed by Plaintiff Mattel Inc. (Attachments: # (1) Proposed Order)(Corey, Jon)

**2:04-cv-9049 Notice has been electronically mailed to:**

Juan Pablo Alban    juanpabloalban@quinnemanuel.com

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Linda M Burrow    burrow@caldwell-leslie.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com, feseroma@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Scott E Gizer    sgizer@chrisglase.com

Melissa Grant    melissagrant@quinnemanuel.com

Emil W Herich    eherich@kmwlaw.com

Diane C Hutnyan    dianehutnyan@quinnemanuel.com, andreahoeven@quinnemanuel.com

EXHIBIT _____ 4

PAGE _____ 86

John W Keker    jkeker@kvn.com, DRoberts@kvn.com, efiling@kvn.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Larry W McFarland    lmcfarland@kmwlaw.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com, carl.roth@skadden.com, marcus.mumford@skadden.com

Mark E Overland    moverland@obsklaw.com, jhibino@obsklaw.com

Michael H Page    mhp@kvn.com, efiling@kvn.com

Kenneth A Plevan    kenneth.plevan@skadden.com, drogosa@skadden.com, sumclaug@skadden.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

Rebekah L Punak    rpunak@kvn.com, lhartzlewis@kvn.com

John B Quinn    johnquinn@quinnemanuel.com

Jason D Russell    jrussell@skadden.com, allison.velkes@skadden.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

Oleg Stolyar    alexstolyar@quinnemanuel.com

John Elliot Trinidad    jtrinidad@kvn.com, cparker@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmw@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Lauren E Aguiar
Skadden Arps Slate Meagher & Flom
1440 New York Ave
Washington, DC 20005-2111

Marina Vladimir Bogorad
Skadden Arps Slate Meagher & Flom
300 S Grand Ave, Ste 3400

EXHIBIT _____ 4

PAGE _____ 87

Los Angeles, CA 90071-3144

David W Foster
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005-2111

Michael P Kelly
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005-2111

James E Lyons
Skadden Arps Slate Meagher & Flom
4 Embarcadero Center
Ste 3800
San Francisco, CA 94111-5974

Nathan Meyer
Kaye Scholer
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067

Cheryl Plambeck
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019

Amy R Sabrin
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005-2111

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino, CA 91316

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\zacharykrug\Desktop\Stipulation re Discover Master Orders\Stipulation re Discover Master Orders.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=4/25/2008] [FileNumber=5754618-0]
[b9294e9511a7b7cdfde9de4083324b3245f82cfec56bb87650f76e07a98a0711f7ae
40db55479af194119deb8bb1c61f510a839dbaa89a3f8bed680df291235b]]
**Document description:**Proposed Order
**Original filename:**C:\Documents and Settings\zacharykrug\Desktop\Stipulation re Discover Master

EXHIBIT _____ 4

Orders\Proposed Order re Stipulation.pdf

**Electronic document Stamp:**

[STAMP cacdStamp_ID=1020290914 [Date=4/25/2008] [FileNumber=5754618-1]
[9aa1fdb2fd057c6717c29703025e45889ef4d6e58e9a0b9023dda8033ff69b9b1fc6
3587e74c1de766241b93763e054f719df07df47640410df1e9e34fd2d73f]]

EXHIBIT _____ 4
PAGE _____ 89