THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
MARINA V. BOGORAD (Bar No. 217524)
(mbogorad@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Ste. 3400, Los Angeles, CA 90071-3144
Tel.: (213) 687-5000 / Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111-5974
Tel.: (415) 984-2698 / Fax: (415) 984-2626

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>MATTEL, INC., a Delaware<br>corporation,<br><br>                    Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059<br>and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br>[PUBLIC REDACTED]<br><br>1)   MGA PARTIES' NOTICE OF MOTION<br>AND MOTION *IN LIMINE* NO. 2 TO<br>EXCLUDE ALL EVIDENCE<br>RELATING TO ISAAC LARIAN'S<br>WEALTH AND ASSETS;<br><br>(2)   MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>THEIR MOTION;<br><br>**FILED UNDER SEPARATE COVER:**<br><br>(3)   DECLARATION OF JASON D.<br>RUSSELL IN SUPPORT THEREOF;<br><br>(4)   PROPOSED ORDER; and<br><br>(5)   PROOF OF SERVICE.<br><br>Hearing Date: May 21, 2008; Time: 1:00 p.m. |

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |     PLEASE TAKE NOTICE that on May 21, 2008 at 1 p.m., or as soon thereafter as

3 | the matter may be heard by the Honorable Stephen G. Larson in the above-referenced court

4 | located at 3470 Twelfth St., Riverside, California 92501, Defendants MGA Entertainment,

5 | Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac

6 | Larian (collectively, the "MGA Parties") will and hereby do move *in limine* pursuant to

7 | Federal Rules of Evidence 401, 402, 403, and 804 to exclude any evidence, argument, or

8 | other reference at trial relating to the wealth and assets of Isaac Larian on the following

9 | grounds:

10 |     First, this evidence is irrelevant;

11 |     Second, even if relevant, the prejudicial effect of this evidence substantially

12 | outweighs any even arguable probative value.

13 |     This Motion *in limine* is based upon this Notice of Motion and accompanying

14 | Memorandum of Points and Authorities, the Declaration of Jason D. Russell filed

15 | concurrently under separate cover, the records and files of this court, and any other matter

16 | of which the court may take judicial notice.

17 |     This Motion is made following the conference of counsel pursuant to Local Rule 7-3,

18 | which took place on April 4, 2008.

19 | DATED: April 14, 2008          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

20 |

21 |                 By: _____

                          Jason D. Russell

22 |                      Attorneys for the MGA Parties

23 |

24 |

25 |

26 |

27 |

28 |

MGA Parties' Motion *in limine* No. 2 to Preclude Evidence of Isaac Larian's Wealth and Assets –
Case No. CV 04-9049 SGL (RNBx)

ii

# TABLE OF CONTENTS

PAGE

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 2

    A.   Evidence Relating to Larian's Personal Wealth Is Irrelevant and Inadmissible ........................................................................................ 2

    B.   Even If It Were Somehow Marginally Relevant, Evidence Regarding Larian's Wealth And Assets Is Unduly Prejudicial, Confusing and Misleading ........................................................................................ 4

CONCLUSION ............................................................................................................... 6

# TABLE OF AUTHORITIES

**CASES**                                                                                                     **PAGE(S)**

Bradley Trust v. Zenith Capital LLC,
   No. C-04-2239 JSW(EMC),
   2006 WL 798991 (N.D. Cal. Mar. 24, 2006)...................................................... 6

Candle Corp. v. Boole & Babbage, Inc.,
   No. CV 82-4758-PAR,
   1985 WL 1087794 (C.D. Cal. Aug. 2, 1985)..................................................... 2

Draper v. Airco, Inc.,
   580 F.2d 91 (3d Cir. 1978).............................................................................. 4-5

Geddes v. United Fin. Group,
   559 F.2d 557 (9th Cir. 1977)............................................................................. 5

M2 Software, Inc. v. Madacy Entm't,
   No. CV 00-2853 AHM (RZx),
   2003 WL 25667610 (C.D. Cal. Jan. 23, 2003) .............................................. 2, 5

Molski v. Franklin,
   222 F.R.D. 433 (S.D. Cal. 2004) ...................................................................... 6

Mt. Funding, Inc. v. Frontier Ins. Co.,
   No. 01 C 2785,
   2004 WL 868366 (N.D. Ill. Apr. 22, 2004)................................................... 3, 5

Neilson v. Union Bank of California, N.A.,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) ............................................................ 3

Papadopoulos v. Fred Meyer Stores, Inc.,
   No. C04-0102RSL,
   2006 WL 3249195 (W.D. Wash. Nov. 8, 2006)................................................ 3

Pennington v. Clayton Indus.,
   No. CV00-12266 FMC (EX),
   2002 WL 34357428 (C.D. Cal. Apr. 18, 2002) ............................................. 2, 5

United States v. Cabrera,
   222 F.3d 590 (9th Cir. 2000)............................................................................. 2

United States v. Ellis,
   147 F.3d 1131 (9th Cir. 1998) .......................................................................... 4

United States v. Gonzalez-Flores,
   418 F.3d 1093 (9th Cir. 2005) .......................................................................... 4

United States v. Mitchell,
   172 F.3d 1104 (9th Cir. 1999) .......................................................................... 2

United States v. Walker,
  479 F.2d 407 (9th Cir. 1973)........................................................................... 2

Valley Bank of Nev. v. Superior Court,
  15 Cal. 3d 652 (1975) .............................................................................. 5, 6

Van Bumble v. Wal-Mart Stores, Inc.,
  407 F.3d 823 (7th Cir. 2005)..................................................................... 3, 5

Wrather v. Farnam Cos. Inc.,
  No. SACV 03-967-JVS(RCx),
  2003 WL 25667639 (C.D. Cal. Nov. 3, 2003)............................................... 5

**Other Authorities**

3 Nimmer on Copyright § 12.04 (2008)............................................................ 4

**Rules**

Fed. R. Evid. 401 ........................................................................................... 2

Fed. R. Evid. 402 ........................................................................................... 2

Fed. R. Evid. 403 ........................................................................................... 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

The MGA Parties move this Court for an order *in limine*, precluding Mattel from addressing or mentioning during voir dire or opening statement, or otherwise in the presence of the jury, and from introducing at trial, evidence relating to the wealth and assets of Isaac Larian. Evidence of a defendant's wealth and assets is the classic type of evidence that is excluded from the jury because of its obvious tendency to bias the jury against the defendant. Seeking to capitalize on that prejudice to defendants, Mattel seeks to make Mr. Larian's wealth and assets a center-piece of its case. The Court should not permit such a result.

In its original 21,000 Trial Exhibit List (since rejected), Mattel included numerous documents reflecting Larian and MGA's financial information. For example, Mattel seeks to rely on a January 30, 2003 email Larian wrote to his friend Haim Saban asking for advice on an offer from outside investors for a stake in MGA, in which Larian explains that he " ." and that currently he " ]

# REDACTED

(See Ex. 13 (Email chain beginning on January 30, 2003, Bates numbered MGA1008775-78) at MGA1008776-77.)[1] Another example is a June 26. 2003 email from MGA financial advisers to Larian informing him that he " REDACTED

" (See Ex. 14 (Email chain beginning on June 26, 2003, Bates numbered MGA4008769-71) at MGA4008769.) These documents are merely samples of the numerous Mattel exhibits addressing Isaac Larian's wealth and assets, all of which should be excluded as irrelevant, prejudicial or otherwise inadmissible at trial.[2]

As shown below, this "evidence" is both irrelevant and highly prejudicial. Hence, all

---

[1]    All "Ex.   " references herein are to documents submitted with Declaration of Jason D. Russell dated April 14, 2008.

[2]    Because Mattel's 21,000 trial exhibit list was rejected by the Court – and Mattel has yet to provide a revised (meaningful) list – the MGA Parties cannot provide an exhaustive listing of all of the documents that should be excluded. However, they reserve the right to supplement this Motion with that complete list should Mattel provide a meaningful exhibit list in the future.

---

MGA Parties' Motion *in limine* No. 2 to Preclude Evidence of Isaac Larian's Wealth and Assets – Case No. CV 04-9049 SGL (RNBx)

1

REDACTED

1 evidence, argument, and reference to Mr. Larian's wealth and assets should be precluded.

## ARGUMENT

### A. Evidence Relating To Larian's Personal Wealth Is Irrelevant And Inadmissible

Federal Rule of Evidence 402 bars the admission of "[e]vidence which is not relevant." Fed. R. Evid. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; see also United States v. Cabrera, 222 F.3d 590, 596 (9th Cir. 2000).

As a preliminary matter, evidence of financial worth is not probative of whether Larian engaged in wrongful conduct here and therefore it should be excluded. See, e.g., United States v. Mitchell, 172 F.3d 1104, 1110 (9th Cir. 1999) (district court did not have discretion to admit evidence of defendant's financial circumstances because "[t]hat a person is feckless and poor, or greedy and rich, without more, has little tendency to establish that the person committed a crime to get more money, and its probative value is substantially outweighed by the danger of unfair prejudice"); United States v. Walker, 479 F.2d 407, 408-09 (9th Cir. 1973) (reversing district court's admission of defendant's gross income); M2 Software, Inc. v. Madacy Entm't, 2003 WL 25667610, at *2 (C.D. Cal. Jan. 23, 2003) (holding that "plaintiff may not introduce evidence of Defendants' net worth, profits, stock prices, remuneration of their officers and the like"); Pennington v. Clayton Indus., 2002 WL 34357428, at *2 (C.D. Cal. April 18, 2002) (granting motion in limine to exclude evidence regarding executive compensation because "[e]vidence of the compensation paid to defendant's high-level executives is irrelevant. To the extent that it could be marginally relevant on the issue of the true economic necessity for a reduction in force, that relevance is substantially outweighed by the prejudice defendant would suffer in the eyes of the jurors, who would be deflected from the legitimate issues in the case."); Candle Corp. v. Boole & Babbage, Inc., 1985 WL 1087794, at **7, 8 (C.D. Cal. August 2, 1985) (granting in part



1 motion to exclude evidence of plaintiff corporation's founder and CEO's wealth and

2 compensation because "evidence of [founder and CEO]'s personal wealth is not relevant");

3 see also Van Bumble v. Wal-Mart Stores, Inc., 407 F.3d 823, 826 (7th Cir. 2005) (affirming

4 granting of motion *in limine* excluding information about plaintiffs' "financial situation"

5 because "[e]vidence regarding the Van Bumbles' ... relative wealth or poverty is irrelevant

6 and would have been prejudicial to the jury's determination of damages"); Papadopoulos v.

7 Fred Meyer Stores, Inc., 2006 WL 3249195, at *2 (W.D. Wash. Nov. 8, 2006) (granting

8 motion in limine to exclude "evidence or argument regarding defendant's financial

9 condition or assets and plaintiffs' financial condition"); Mt. Funding, Inc. v. Frontier Ins.

10 Co., 2004 WL 868366, at *3 (N.D. Ill. Apr. 22, 2004) (granting motion *in limine* precluding

11 reference to defendant's financial status as "irrelevant and unfairly prejudicial under Federal

12 Rules of Evidence 402 and 403").[3]

13     Given this overwhelming authority, on April 4, 2008, the MGA Parties asked Mattel

14 to stipulate to the exclusion of the evidence of Larian's wealth and financial condition.

15 Mattel refused, asserting that their claims hinge on the "benefit" Larian has enjoyed from

16 the success of BRATZ. Specifically, Mattel argues in its summary judgment motion that

17 evidence of that the Larian's "financial gain and self-interested profit" from BRATZ

18 "corroborate" the elements of its aiding and abetting claims. (Mattel MSJ at 43.) But the

19 case law cited by Mattel for this proposition is clear that "the California Supreme Court

20 would <u>not</u> hold that <u>personal financial gain</u> is an element of aiding and abetting a breach of

21 fiduciary duty" and "financial gain . . . should not be viewed as an element of the tort."

22 Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1128-29 (C.D. Cal. 2003)

23 (emphasis added). Moreover, on Mattel's Phase 1(b) claim of copyright infringement, while

24 evidence of financial benefit is not relevant to a claim of direct infringement, one of several

25

---

26 [3]     That is not to say that such evidence could never be relevant. For example, where a witness receives a payment to commit a tort or to pay for that person's testimony, then such evidence might

27 be relevant either to establish the tort or to show bias of the witness. But that is neither alleged to be the case here, nor supported by any evidence.

28





1  ways Mattel can show Larian was liable for vicarious infringement is if Larian "derive[d]

2  financial benefit from the infringing activities either as a major shareholder or through other

3  means." 3 Nimmer on Copyright § 12.04 (2008) (emphasis added).  While the MGA Parties

4  do not concede that Mattel's claims require the jury consider any financial information from

5  Larian or MGA, it is significant that Mattel's own articulation of its need to demonstrate

6  "financial gain" requires only that Mattel introduce evidence that MGA profited from

7  BRATZ, and that Larian owns shares in MGA.  There is no reason for Mattel to introduce

8  any evidence whatsoever of Larian's assets or financial worth, and such evidence should

9  therefore be excluded as completely irrelevant to any issue in this case.

10  **B.      Even If It Were Somehow Marginally Relevant, Evidence Regarding Larian's Wealth And Assets Is Unduly Prejudicial, Confusing And Misleading**

11

12

13  Federal Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be

14  excluded if its probative value is substantially outweighed by the danger of unfair prejudice,

15  confusion of the issues, or misleading the jury...."  Fed. R. Evid. 403.  "'Where the

16  evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if

17  there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.'"

18  United States v. Gonzalez-Flores, 418 F.3d 1093, 1098-99 (9th Cir. 2005) (finding abuse of

19  discretion under Rule 403 where court had admitted evidence in alien smuggling

20  prosecution that aliens had suffered heat stroke, because this evidence "very well could have

21  triggered an emotional response from the jury members").  Evidence is prejudicial when it is

22  "likely to elicit a response from jurors that causes them to reach a conclusion based on

23  emotion rather than the evidence presented."  United States v. Ellis, 147 F.3d 1131, 1136

24  (9th Cir. 1998).

25  Even if the evidence Mattel seeks to cite was relevant – which it is not – Mattel

26  cannot be permitted to exploit Larian's compensation, wealth, or assets.  "[J]ustice is not

27  dependent upon the wealth or poverty of the parties and *a jury should not be urged to*

28  *predicate its verdict on a prejudice against bigness or wealth.*"  Draper v. Airco, Inc., 580

MGA Parties' Motion *in limine* No. 2 to Preclude Evidence of Isaac Larian's Wealth and Assets –
Case No. CV 04-9049 SGL (RNBx)
4

1 | F.2d 91, 95 (3d Cir. 1978) (emphasis added).  See also Geddes v. United Fin. Group, 559

2 | F.2d 557, 560 (9th Cir. 1977) ("the financial standing of the defendant is inadmissible as

3 | evidence in determining the amount of compensatory damages to be awarded ... and the

4 | ability of a defendant to pay the necessary damages injects into the damage determination *a*

5 | *foreign, diverting, and distracting issue which may effectuate a prejudicial result*")

6 | (citations omitted) (emphasis added); Wrather v. Farnam Cos. Inc., 2003 WL 25667639, at

7 | *1 (C.D. Cal. Nov. 3, 2003) (granting motion to exclude evidence of plaintiffs' "financial

8 | wealth and holdings" because such evidence "could prejudice the jury" and [j]ustice should

9 | be the same for the rich and the poor"); M2 Software, 2003 WL 25667610, at *2 (citing Fed.

10 | R. Evid. 403, holding that "plaintiff may not introduce evidence of Defendants' net worth,

11 | profits, stock prices, *remuneration of their officers* and the like") (emphasis added);

12 | Pennington, 2002 WL 34357428, at *2 (granting motion *in limine* to exclude evidence

13 | regarding  executive  compensation  because  any  marginal  relevance  of  executive

14 | compensation "is substantially outweighed by the prejudice defendant would suffer in the

15 | eyes of the jurors, who would be deflected from the legitimate issues in the case"); accord

16 | Van Bumble, 407 F.3d at 826 (affirming granting of motion *in limine* excluding information

17 | about plaintiffs' "financial situation" because "[e]vidence regarding the Van Bumbles' ...

18 | relative wealth or poverty is irrelevant and would have been prejudicial to the jury's

19 | determination of damages"); Mt. Funding, Inc, 2004 WL 868366, at *3 (granting motion *in*

20 | *limine* precluding reference to defendant's financial status as "irrelevant and unfairly

21 | prejudicial under Federal Rules of Evidence 402 and 403").  Mattel's intent to introduce

22 | evidence of Larian's wealth is clearly a tactic designed to engender jury prejudice against

23 | Larian, and at the very least will confuse the jury, and therefore such evidence must be

24 | excluded under Rule 403.

25 |         Furthermore, California federal courts recognize the constitutional right to privacy

26 | afforded by California law to private financial information, relying on Valley Bank of Nev.

27 | v. Superior Court, 15 Cal. 3d 652, 656 (1975) (California constitutional right to privacy

28 |

---

1  extends to financial information).  See Bradley Trust v. Zenith Capital LLC, 2006 WL

2  798991, at *2 (N.D. Cal. Mar. 24, 2006) (noting that "[p]rivate financial records are

3  normally entitled to privacy protections") (citing Valley Bank); Molski v. Franklin, 222

4  F.R.D. 433 (S.D. Cal. 2004) (granting plaintiff's request for protective order against

5  discovery of settlement proceeds, recognizing plaintiff's "right to financial privacy that is

6  protected under Article 1, Section 1 of the California Constitution") (citing Valley Bank).

7  Isaac Larian has a right to privacy in the evidence of his own financial worth and such

8  evidence cannot be shared publicly without justification.  That justification is absent here.

9      Thus, to the extent that evidence regarding Larian's wealth and assets has any

10  probative value, and the MGA Parties do not believe that there is any, that negligible

11  relevance is dwarfed by the probability that its admission will unduly prejudice defendants,

12  confuse the issues, and mislead the jury, not to mention the harm to Larian's constitutional

13  rights to privacy in his own financial information.  Thus, such evidence should be excluded.

14  **CONCLUSION**

15      For the foregoing reasons, the MGA Parties respectfully request that the Court grant

16  their motion *in limine* and exclude any and all evidence relating to the assets and wealth of

17  Isaac Larian.

18  DATED: April 14, 2008    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

20  By: _____
    Jason D. Russell
    Attorneys for the MGA Parties

MGA Parties' Motion *in limine* No. 2 to Preclude Evidence of Isaac Larian's Wealth and Assets --
Case No. CV 04-9049 SGL (RNBx)
6