THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**(1) THE MGA PARTIES' NOTICE OF MOTION AND MOTION TO QUASH LARRY MCFARLAND'S SUBPOENA;**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF;**<br><br><u>**FILED UNDER SEPARATE COVER:**</u><br><br>**(3) DECLARATIONS OF JASON D. RUSSELL AND LARRY MCFARLAND IN SUPPORT THEREOF; AND**<br><br>**(4) [PROPOSED] ORDER**<br><br>Date: July 23, 2008<br>Time: 10:00 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 23, 2008 at 10:00 a.m. or as soon thereafter as the matter may be heard by the Honorable Stephen G. Larson in the above-referenced court located at 3470 Twelfth St., Riverside, California 92501, Defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian (collectively, the "MGA Parties") will and hereby do move, pursuant to Federal Rule of Civil Procedure 45, for an order quashing the subpoena issued by Mattel, Inc. ("Mattel") to non-party Larry McFarland. This Motion is made on the grounds, <u>inter alia</u>, that Judge Infante has already found that the subpoena listed above is improper pursuant to the test established by <u>Shelton v. American Motors Corp.</u>, 805 F.2d 1323 (8th Cir. 1986), which limits one's ability to compel testimony of opposing counsel.

This Motion is based on this notice of motion, the accompanying memorandum of points and authorities in support thereof, the supporting Declarations of Larry W. McFarland ("McFarland Decl.") and Jason D. Russell ("Russell Decl.") filed concurrently herewith, the pleadings and records on file in this action, and any further evidence and argument as may be presented to the Court on this motion or for which judicial notice may be taken.

DATED: July 21, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Thomas J. Nolan
    Thomas J. Nolan
    Attorneys for the MGA Parties

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................ iii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.   PRELIMINARY STATEMENT ..................................................................... 1

II.  PROCEDURAL BACKGROUND ................................................................. 2

III. ARGUMENT .................................................................................................... 5

    A.   Mattel Must Prove That Mr. McFarland Has Unique Information Critical To Mattel's Case That Is Available From No Other Source ..................................................................................................... 5

    B.   Mattel Should Not Be Permitted To Compel Mr. McFarland To Testify ..................................................................................................... 8

IV.  CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

Page(s)

Boughton v. Cotter Corp.,
  65 F.3d 823 (10th Cir. 1995) ........................................................................ 6

Dibel v. Jenny Craig, Inc.,
  No. 06 CV 2533 GEN AJB, 2007 WL 2220987 (S.D. Cal. Aug. 1, 2007) ............. 6

FMC Technologies Inc. v. Edwards,
  No. C05-946C, 2007 WL 836709 (W.D. Wash. Mar. 15, 2007) .......................... 6

Gordon v. Superior Court,
  55 Cal. App. 4th 1546 (1997) ........................................................................ 8

KL Group v. Case, Kay & Lynch,
  829 F.2d 909 (9th Cir. 1987) ......................................................................... 8

Lloyd Lifestyle Ltd. v. Soaring Helmet Corp.,
  No. C06-0349C, 2006 WL 753243 (W.D. Wash. Mar. 23, 2006) ........................ 6

N.L.R.B. v. Pfizer, Inc.,
  763 F.2d 887 (7th Cir. 1985) ......................................................................... 7

Nocal, Inc. v. Sabercat Ventures, Inc.,
  No. C 04-0240 PJH (JL), 2004 WL 3174427 (N.D. Cal. Nov. 15, 2004) ............... 7

In re Rindlisbacher,
  225 B.R. 180 (BAP 9th Cir. 1998) .................................................................. 8

Rittenhouse v. Superior Court,
  235 Cal. App. 3d 1584 (1991) ....................................................................... 8

Shelton v. American Motors Corp.,
  805 F.2d 1323 (8th Cir. 1986) ................................................................ 5, 6, 7

## OTHER AUTHORITIES

9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2463.1
  (3d ed. 2008) .............................................................................................. 6

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  PRELIMINARY STATEMENT**

Mattel's trial subpoena of MGA counsel Larry McFarland simply disregards the fact that Judge Infante already rejected Mattel's efforts to obtain testimony from this witness (an attorney for MGA) in April.  Mattel failed to appeal, and only now brings this last ditch effort to demand documents and testimony Judge Infante specifically barred Mattel from obtaining.  There is no basis to allow Mattel to end-run Judge Infante's prior orders, particularly when Mattel never appealed those orders to this Court and, in any event, could not have done so in good faith.

Beginning in November 2007, Mattel sought to depose Mr. McFarland and issued a subpoena to compel his testimony. The MGA Parties moved to quash that subpoena because Mr. McFarland is MGA's attorney and virtually all of the information he has is privileged or inextricably intertwined with privileged information.  Mattel responded by asserting that Mr. McFarland was "involved in representing dates of creation and publication for Bratz works that are of questionable accuracy," that "the parties have produced in this case over 1,000 documents containing Mr. McFarland's name" and, most importantly for the instant Motion, that "Mr. McFarland has represented MGA in other copyright infringement cases in which he, on behalf of MGA, has taken positions about the enforceability and scope of copyrights and what products are 'substantially similar' to the Carter Bryant's Bratz drawings that are inconsistent with MGA's positions in this case." (Ex. A (Mattel, Inc.'s Opposition To MGA Defendant's [*sic*] Motion To Quash Larry McFarland's Deposition Subpoena dated March 27, 2008 ("Mattel MTQ Opp'n") at 12.)[1]

In a detailed and well-reasoned opinion, Judge Infante rejected Mattel's arguments outright and quashed the McFarland deposition subpoena, finding that

---

[1]  All "Ex." references are to exhibits attached to the Declaration of Jason D. Russell dated July 21, 2008 ("Russell Decl."), filed concurrently herewith, unless otherwise noted.

"Mattel has had ample opportunity to obtain the information it seeks" and that "McFarland is also not likely to have any relevant non-privileged information beyond that which Mattel has already sought and received in this case." (Ex. C (Order Granting MGA's Motion to Quash Larry McFarland's Deposition Subpoena or For Protective Order dated April 29, 2008 ("April 29, 2008 Order")) at 5-6.) As Judge Infante recognized, compelling Mr. McFarland's testimony would risk improper intrusions on the attorney-client privilege – intrusions that are wholly unwarranted given the volume of discovery and testimony Mattel already has taken on the issues *Mattel actually identified* as relevant to McFarland's testimony.

In its trial subpoena to Mr. McFarland, Mattel again seeks the very information that Judge Infante already denied Mattel. For example, during discovery Mattel sought to depose McFarland claiming that he "has repeatedly accused the products of defendants in other cases of infringing the copyrights in Carter Bryant's drawings," citing the pleadings in the 2004 MGA litigation against Multitoy. Judge Infante denied Mattel this discovery. The trial subpoena (again) seeks to compel Mr. McFarland to testify about this same litigation. (Compare Ex. A at 15 n.28, with Ex. B (McFarland Trial Subpoena dated July 15, 2008) at Attachment A.)

Nothing has changed to merit modifying that Judge Infante's well-reasoned opinion now – literally weeks into trial. And it is readily apparent that the trial subpoena seeks the very information that Judge Infante addressed and determined was not appropriately obtained by Mattel. Thus, the McFarland trial subpoena should be quashed.

## II. PROCEDURAL BACKGROUND

Larry McFarland is an attorney who has represented MGA for years in various matters, including this matter.[2] Mr. McFarland also currently represents several third party witnesses, including Margaret Leahy, Veronica Marlow, Peter Marlow, Sarah

---

[2] See Declaration of Larry McFarland dated July 21, 2008 ("McFarland Decl.") ¶ 1.

Halpern, Anaelise Cloonan and Lucy Arant, and has worked extensively with those third parties to produce documents, prepare for their depositions and trial testimony.[3] He repeatedly appeared before this Court during trial on behalf of those witnesses.[4] Indeed, Mattel's counsel made a point of asking many of those witnesses about Mr. McFarland's role as MGA counsel to stress his connection to MGA to the jury.[5]

On November 20, 2007, Mattel filed an Amended Notice of Motion and Motion For Leave To Take Additional Discovery And Objections To Discovery Master Order Of September 28, 2007 in which they named Mr. Larry McFarland as a third party witness.[6] On March 5, 2008, MGA sent a letter to Mattel's counsel requesting a meet and confer regarding Mattel's proposed deposition of Larry McFarland.[7] MGA explained that it was inappropriate to take Mr. McFarland's deposition because he was MGA's counsel, as well as counsel for several third party witnesses.[8] The parties met and conferred on March 11, 2008, but Mattel refused to withdraw its demand to depose Mr. McFarland.[9]

The MGA Parties then moved to quash Mattel's deposition subpoena issued to Mr. McFarland. As described above, Mattel asserted in its Mattel MTQ Opp'n that Mr. McFarland was "involved in representing dates of creation and publication for Bratz works that are of questionable accuracy," that "the parties have produced in

---

[3]  Id. ¶ 2.
[4]  Id.
[5]  Id.
[6]  See Russell Decl., Ex. D (Amended Notice of Motion and Motion of Mattel Inc. For Leave To Take Additional Discovery And Objections To Discovery Master Order Of September 28, 2007, attached as Exhibit 1 to Declaration of Robert Herrington dated March 17, 2008 in Support of MGA Entertainment Inc.'s Motion to Quash Larry McFarland's Deposition Subpoena ("Herrington Decl.")) at 18.
[7]  See id. (Letter from Robert Herrington to Jon Corey and Dylan Proctor, dated March 5, 2008, attached as Ex. 6 to Herrington Decl.).
[8]  Id.
[9]  See id. (Letter from Jon Corey to Robert Herrington, dated March 11, 2008, attached as Ex. 7 to Herrington Decl.).

1  this case over 1,000 documents containing Mr. McFarland's name" and, most
2  importantly for the instant motion, that "Mr. McFarland has represented MGA in
3  other copyright infringement cases in which he, on behalf of MGA, has taken
4  positions about the enforceability and scope of copyrights and what products are
5  'substantially similar' to the Carter Bryant's Bratz drawings that are inconsistent
6  with MGA's positions in this case." (Ex. A at 12.)  The MGA Parties pointed out
7  that Mattel had already obtained testimony of MGA in-house counsel Samir Khare,
8  Bryan Armstrong, Mitchell Kamarck (MGA former in-house counsel) and Nana
9  Ashong on these exact issues.  (See Ex. E (MGA Defendants' Motion To Quash
10 Larry McFarland's Deposition Subpoena dated March 17, 2008 ("MGA MTQ")) at
11 5-6; Ex. F (Reply in Support of MGA Defendants' Motion To Quash Larry
12 McFarland's Deposition Subpoena Or For Protective Order dated April 7, 2008
13 ("MGA MTQ Reply")) at 5-8.)

14      Judge Infante agreed.  First, Judge Infante rejected Mattel's allegations that
15 McFarland is "the only source of information regarding the representations contained
16 in MGA's applications and registrations for Bratz," holding that "Mattel has already
17 received substantial relevant, non-privileged discovery regarding the creation and
18 publication of Bratz directly from Carter Bryant and many others who were
19 personally involved in developing Bratz and bringing it to market" including Kerri
20 Brode, Nana Ashong, Bryan Armstrong, Mitchell Kamarck and Samir Khare. (Ex. C
21 at 4.)

22      Second, Judge Infante also rejected Mattel's contention that Mr. McFarland
23 has "unique knowledge concerning changes in MGA's copyright registrations for
24 BRATZ dolls"  (Ex. A at 13) because "Mattel has not identified any 'unique'
25 knowledge McFarland may possess beyond that which Mr. Khare and others have
26 already provided to Mattel" and that "[w]hatever 'unique' knowledge McFarland
27 may possess on these subjects (beyond what has already been provided to

Mattel) was received from MGA, and ***therefore, is very likely to be protected by the attorney-client privilege***." (Ex. C at 5 (emphasis added).)

<u>Finally</u>, Judge Infante scoffed at Mattel's contention that "McFarland possesses percipient knowledge regarding statements he has made on behalf of MGA in other lawsuits regarding the similarity between the Bratz dolls and Bryant's drawings that are purportedly inconsistent with MGA's position in this case." (<u>Id.</u>) Mattel specifically cited representations made in the Multitoy litigation as an example. (<u>See</u> Ex. A at 15 n.28.) This is particularly relevant here, as Mattel's trial subpoena specifically seeks documents in a 2004 MGA lawsuit against Multitoy where Mr. McFarland represented MGA, and presumably Mattel intends to elicit testimony from Mr. McFarland on his work relating to those documents. (<u>See</u> Ex. B at Attachment A.) Judge Infante pointed out that "Mattel … has already deposed MGA's 30(b)(6) designee on Topic No. 34 of Mattel's Second Notice of Deposition of MGA, which essentially called for MGA's designee to testify regarding the testimony, transcripts, declarations, affidavits and other sworn written statements made by or on behalf of MGA that referred or related to Bratz in other lawsuits." (Ex. C at 5.) For these reasons, Judge Infante concluded, "Mattel has had ample opportunity to obtain the information it seeks" and testimony from Mr. McFarland on these issues would be "duplicative and cumulative." (<u>Id.</u>) Mattel did not appeal Judge Infante's April 29, 2008 Order.

### III. ARGUMENT

#### A. Mattel Must Prove That Mr. McFarland Has Unique Information Critical To Mattel's Case That Is Available From No Other Source

Mattel's attempt to call Mr. McFarland as a witness is improper under the prevailing rule limiting testimony of opposing litigation counsel, set forth in <u>Shelton v. American Motors Corp.</u>, 805 F.2d 1323 (8th Cir. 1986). The <u>Shelton</u> court explained, "[t]he harassing practice of deposing opposing counsel (unless that counsel's testimony is crucial and unique) appears to be an adversary trial tactic that

does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process." Id. at 1330. The Ninth Circuit district courts have "uniformly followed" Shelton. See Lloyd Lifestyle Ltd. v. Soaring Helmet Corp., No. C06-0349C, 2006 WL 753243, at * 2 (W.D. Wash. Mar. 23, 2006); accord Ex. C April 29, 2008 Order at 3-4 & n.1 (applying the Shelton test).[10]

Recognizing the obvious potential for abuse and prejudice, courts impose an onerous standard before a party's current or former counsel can be compelled to testify. Thus, the party seeking such testimony must show that: (1) no other means exists to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. Shelton, 805 F.2d at 1327. If the party seeking testimony from opposing litigation counsel cannot prove all three of these elements, courts will quash the subpoena. See, e.g., Dibel v. Jenny Craig, Inc., No. C 04-0240 PJH (JL), 2007 WL 2220987 (S.D. Cal. Aug. 1, 2007) (quashing subpoena of defendant's attorney); Lloyd Lifestyle Ltd., 2006 WL 753243, at *3 (same); FMC Techs., 2007 WL 836709, at **2-5 (granting motion to quash trial subpoena to opponent's former counsel in a related case); see also Nocal, Inc. v. Sabercat Ventures, Inc., No. C 04-0240 PJH

---

[10] Although Shelton and its progeny apply the Shelton test to determine whether to quash deposition subpoenas, the test applies with equal force when a party seeks to quash a subpoena for testimony at trial under Rule 45(c)(3). See Boughton v. Cotter Corp., 65 F.3d 823, 831 n.12 (10th Cir. 1995) ("It would be an anomalous holding to say that the trial court was within its discretion in preventing the deposition of opposing counsel and on the other hand to hold that the trial court exceeded its discretion in protecting opposing counsel from being called as a witness at trial. Accordingly, we hold that where the Shelton criteria are not all met during trial it will ordinarily be permissible to protect opposing counsel from being compelled to testify at trial as well."); see also FMC Techs. Inc. v. Edwards, No. C05-946C, 2007 WL 836709, at **2-5 (W.D. Wash. Mar. 15, 2007) (granting motion to quash brought pursuant to Fed. R. Civ. Proc. 45(c)(3)(A)(iii) upon failure to meet Shelton requirements); accord 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2463.1 (3d ed. 2008) (since 1991 amendments, Rule 45(c)(3) "tracks the provisions for discovery found in Rule 26(c)").

(JL), 2004 WL 3174427, at *4 (N.D. Cal. Nov. 15, 2004) (quashing subpoena and granting protective order).  As shown below, Mattel cannot satisfy any element of the Shelton test as to testimony from Mr. McFarland.[11]

As noted above, Judge Infante already found Mattel could not satisfy any of the Shelton criteria when he rejected Mattel's attempt to seek testimony from Mr. McFarland during discovery. As it was during discovery, Judge Infante employed a much lower standard of relevance governing discoverability of evidence. Mattel failed to meet this low standard.  Now, almost three months after Judge Infante completely rejected this exact tactic, and after Mattel failed to appeal that ruling to this Court, Mattel seeks a second bite at the apple – this time during trial and subject to a much higher standard of relevance.  Any argument that this evidence could still be somehow sufficiently relevant for admissibility at trial would be specious. See, e.g., N.L.R.B. v. Pfizer, Inc., 763 F.2d 887, 889-90 (7th Cir. 1985) (distinguishing between "'discovery-type' standard" and "trial-type standard" of evidentiary relevance and noting that the former is a much broader standard).

---

[11] Mattel will no doubt argue, as it did before Judge Infante, that Shelton is inapplicable because Mr. McFarland is not trial counsel for the MGA Parties (see Ex. A at 10-12), but as the MGA Parties pointed out in their reply briefing, courts routinely hold that attorneys involved in coordinating the legal defense of the case, participating in legal defense strategy discussions, and frequently communicating with their clients, are entitled to the protection provided by the Shelton test, regardless of whether those attorneys are in-house, foreign, and/or outside litigation counsel.  (See Ex. F at 3-4 (collecting cases).) Moreover, Mattel ignores the fact that in Shelton the attorney in the case was ***an in-house counsel*** assisting in the underlying matter.  Shelton, 805 F.2d 1329-30.  Judge Infante acknowledged Mattel's "conten[tion] that ... Shelton does not apply to McFarland because he is not trial counsel" (Ex. C at 3), but ***rejected*** Mattel's false distinction in granting the MGA Parties' motion, finding that "McFarland is counsel for MGA" who has "been involved in this case since the time it was filed" and that "he has 'participated in legal defense discussions' with MGA's prior trial counsel and now with MGA's current trial counsel."  (Id. at 2.)  Mattel's contention, if offered again, should be similarly rejected here.

### B. Mattel Should Not Be Permitted To Compel Mr. McFarland To Testify

There are several reasons why Mattel should not be permitted to call Mr. McFarland as a witness. <u>First</u>, MGA is not asserting an advice of counsel defense in this action, as this Court has already found, and therefore has not waived any attorney-client privilege as to McFarland's knowledge of or advice to MGA. (<u>See</u> MGA MIL Opp'n No. 7 at 11-14 (collecting cases).)

<u>Second</u>, Mr. McFarland is MGA's counsel – indeed, the fact of his representation of MGA has been a subject of consistent emphasis by Mattel's counsel throughout the trial. (<u>See</u> McFarland Decl. ¶ 2 (citing trial transcripts).) The information that Mattel would attempt to elicit through McFarland's testimony could have been obtained by Mr. McFarland only through his attorney-client communications with MGA or is inextricably intertwined with such privileged communications. (<u>See</u> <u>id.</u> ¶ 3.) Absent MGA's consent, McFarland is simply not permitted to disclose confidential communications from his client. As the Ninth Circuit recognizes, "[s]ections 953(a) and 954 of the California Evidence Code provide that the client, as the holder of the privilege, is ***entitled to refuse to disclose*** a confidential communication between the client and his lawyer." <u>KL Group v. Case, Kay & Lynch,</u> 829 F.2d 909, 918 (9th Cir. 1987) (applying California state law to privilege issues under Fed. R. Evid. 501) (emphasis added). Thus, "[a]n attorney has the duty to preserve the confidences of the client at every peril to himself and to assert the privilege for the client ***even after the attorney-client relationship ends***." <u>In re Rindlisbacher</u>, 225 B.R. 180, 184 (BAP 9th Cir. 1998) (emphasis added); <u>see also</u> <u>Rittenhouse v. Super. Ct.</u>, 235 Cal. App. 3d 1584, 1590 (1991) ("As a general rule, privileged communications are protected ***regardless of their relevancy to the issues in the litigation***, and despite any private or public interest in disclosure.") (emphasis added); <u>accord</u> <u>Gordon v. Super. Ct.</u>, 55 Cal. App. 4th 1546, 1556-57 (1997). Thus, regardless of the relevance of the information sought, Mr. McFarland

1 is not permitted to testify as to his work for MGA at Mattel's behest here. Indeed, Mr. McFarland is not only obligated to protect the confidences of the MGA Parties, but of the six individuals he has represented in these proceedings – thus, his appearance on the stand raises the spectre of choruses of objections and demands for sidebars in response to any number of questions. Given the impropriety of calling Mr. McFarland at all, it is patently unfair and unduly prejudicial to place MGA in the position of having to assert the attorney-client privilege in front of the jury – particularly when Mattel has highlighted Mr. McFarland's role as counsel.

Finally and most importantly, Judge Infante has already held that Mattel cannot establish that Mr. McFarland is the sole source of the sought-after information or that he can provide any non-privileged information "crucial" to Mattel's case. As described above, Judge Infante explained that Mr. McFarland "is not the only source of information regarding the representations contained in MGA's applications and registrations for Bratz" and that "Mattel has already received substantial relevant, non-privileged discovery regarding the creation and publication of Bratz directly from Carter Bryant and many others who were personally involved in developing Bratz and bringing it to market" including Kerri Brode, Nana Ashong, Bryan Armstrong, Mitchell Kamarck and Samir Khare. (Ex. C at 4.) Judge Infante also pointed out that the universe of non-privileged information on changed dates or positions taken in prior MGA litigations was already provided by MGA witnesses like Khare. (Id. at 5.) Thus, any testimony from Mr. McFarland on these issues would be "duplicative and cumulative." (Id.)

Moreover, the documents Mattel seeks described in Attachment A to Mattel's trial subpoena to Larry McFarland are not only available from another source; they have already been produced in this litigation. On May 22, 2008, pursuant to Judge Larson's May 12, 2008 Order Granting in Part Mattel's Motion to Compel Production of Documents Involved in Third Party Bratz Lawsuits ("May 12, 2008

Order"), MGA Parties produced documents Bates numbered MGA 3881130 - MGA 3894935. (See Ex. G (Letter from Andrew C. Temkin to Tim Alger dated May 22, 2008).) If Mattel believes that additional documents should have been produced in response to the Court's Order, it should have filed a motion to compel *the MGA Parties* (as opposed to Mr. McFarland) to produce those documents. Mattel should not now be permitted, nearly two months after the initial production and *in the middle of trial*, to subpoena Mr. McFarland to turn over documents already in its possession.

## IV. CONCLUSION

For the foregoing reasons, the MGA Parties request that the Court quash Mattel's subpoena to Mr. McFarland.

DATED: July 21, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/Thomas J. Nolan
    Thomas J. Nolan
    Attorneys for the MGA Parties