

1  LARRY W. MCFARLAND (State Bar No. 129668)
   DAVID K. CAPLAN (State Bar No. 181174)
2  ELLIE SCHWIMMER (State Bar No. 221522)
   KEATS MCFARLAND & WILSON LLP
3  9720 Wilshire Boulevard
   Penthouse Suite
4  Beverly Hills, California 90212
   Tel: (310) 248-3830
5  Fax: (310) 860-0363

6  Attorneys for Plaintiff
   MGA ENTERTAINMENT, INC.
7

8

9

               UNITED STATES DISTRICT COURT
10
               CENTRAL DISTRICT OF CALIFORNIA
11
                      WESTERN DIVISION
12
                                      CV04-2524 CBM (CWx)
13  MGA ENTERTAINMENT, INC.,          UNDER SEAL
14          Plaintiff,                Civil Action No.:
15     v.                             COMPLAINT FOR:
16  MULTITOY, INC., YUAN-LAN LIU,     1. FEDERAL COPYRIGHT
    an individual, JEFF WU, an individual   INFRINGEMENT (17 U.S.C. §§ 501
17  and dba IMC TOYS, ALL TOYS            et seq.);
18  IMPORTS, INC., SUSAN LIU, an      2. FEDERAL TRADEMARK
    individual, TOYSDIVISION, INC.,       COUNTERFEITING (15 U.S.C.
19  TOM LIU, an individual, and DOES 1-   § 1114);
20  20,                               3. FALSE DESIGNATION OF ORIGIN
                                          AND FALSE DESCRIPTION (15
21          Defendants.                   U.S.C. § 1125(a));
                                      4. TRADE DRESS INFRINGEMENT-
22                                        PRODUCT PACKAGING (15 U.S.C.
                                          §§ 1125 et seq.);
23                                    5. TRADE DRESS INFRINGEMENT-
                                          PRODUCT CONFIGURATION
24                                        (15 U.S.C. §§ 1125 et seq.);
                                      6. STATE STATUTORY UNFAIR
25                                        COMPETITION;
                                      7. STATE COMMON LAW
26                                        TRADEMARK INFRINGEMENT
                                          AND UNFAIR COMPETITION; and
27                                    8. CONSTRUC...
28

i:\IP\10306\00009\pleadings\Complaint4 - downtown.doc

Exhibit 1
Page 2

M 0078522

EX 13738-0001

Plaintiff MGA Entertainment, Inc. ("Plaintiff") for its Complaint alleges and avers as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 17 U.S.C. § 501 et seq.; 15 U.S.C. § 1121; 28 U.S.C. § 1331, and § 1338(a) and (b); and 28 U.S.C. § 1367. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c) and § 1400(a).

## PLAINTIFF AND ITS RIGHTS.

2. Plaintiff MGA Entertainment, Inc. is a corporation organized pursuant to the laws of the State of California, with its principal place of business in this judicial district. Plaintiff is a manufacturer and distributor of a wide variety of popular toys, including dolls, plush animals and radio controlled vehicles.

3. Plaintiff is the exclusive owner of all rights in and to the internationally famous BRATZ characters, which include, but are not limited to, "Cloe," "Jade," "Sasha," "Yasmin," "Meygan," "Dana," "Fianna," "Nevra," "Cameron," "Dylan," "Eitan," "Koby," "Cade," "Ailani," "Nazalia," "Talia," "Zada," "Mikko," "Colin," "Deavon" and "Lakin" (including all of the different dolls and authorized versions of these characters). These characters are hereinafter referred to as the "BRATZ Characters." True and correct copies of exemplars of depictions of the BRATZ Characters, in the form of selected pages from Plaintiff's copyrighted BRATZ Purse Style Guide, are attached hereto as **Exhibit 1**.

4. The BRATZ Characters, the associated images, accessories, designs, and all other forms of intellectual property associated with the BRATZ Characters, including the distinctive trapezoidal packaging therefor, are extremely valuable to Plaintiff.

5. In 2001, Plaintiff introduced a new line of fashion dolls known as the "BRATZ" or, alternatively, the "BRATZPACK" which are three-dimensional depictions of the BRATZ Characters (hereinafter the "BRATZ Dolls"). When first

1  introduced, the BRATZ Dolls only included "Cloe," "Jade," "Sasha" and "Yasmin."
2  Dolls based on the additional characters listed in paragraph 3 have been introduced
3  since that time.

4      6.    Plaintiff's rights in and to the internationally famous BRATZ Characters
5  and the BRATZ Dolls include all intellectual and industrial property rights associated
6  therewith, including, without limitation, all copyrights, patents, trademarks, industrial
7  designs, trade secrets, contract and licensing rights, design rights, moral rights and
8  trade dress rights in and to the BRATZ Characters, the BRATZ Dolls and the BRATZ
9  Packaging Trade Dress (as defined in paragraph 54 below), consisting of the
10  distinctive packaging in which such dolls, playsets and accessories are sold, as well as
11  the BRATZ Product Configuration Trade Dress (as defined in paragraph 65 below), in
12  any country of the world (collectively referred to as the "BRATZ Property").

13      7.    Plaintiff has obtained numerous federal copyright registrations for the
14  BRATZ Characters and the BRATZ Dolls (the "BRATZ Copyrights"). Plaintiff has
15  complied with all applicable copyright laws. The BRATZ Copyrights are valid,
16  subsisting and in full force and effect. True and correct photocopies of representative
17  copyright registrations, including copyright registrations for Plaintiff's BRATZ Dolls,
18  are attached hereto as **Exhibit 2**.

19      8.    More than 50 million BRATZ Dolls have been sold to date on a
20  worldwide basis, of which over 35 million have been sold in the United States. In
21  addition, more than 25 million packages of accessories for such BRATZ Dolls have
22  been sold worldwide, including over 15 million sold in the United States.

23      9.    For two consecutive years in 2001 and 2002, Plaintiff won the toy
24  industry's most prestigious award, the People's Choice Toy of the Year Award, for its
25  BRATZ Dolls. In 2003, Plaintiff won the Toy Industry Association, Inc. ("TIA")
26  Property Toy of the Year Award, the TIA Girl Toy of the Year Award, the Family Fun
27  Toy of the Year, Toy Wishes Magazine Hot Dozen, MSNBC Hottest Toy of the Year
28  2003, MSN.com Top Holiday Toy 2003, NBC Today Show Toy Test Winner 2003,

1\IP\10306\00009\pleadings\Complaint4 - downtown.doc    -2-

Exhibit 1
Page 4

M 0078524

EX 13738-0003

1  Toys R. Us/Amazon.com, eBay, and KB Toys Host Lists for 2003, and CNN Money
2  Top 10 Holiday Toys for Girls 2003.
3      10.    Plaintiff operates a web site to promote the BRATZ Dolls and BRATZ
4  Products (as defined below in paragraph 12) at www.bratzpack.com. This web site
5  provides games, e-greetings and the Mix 'N Match Mall of BRATZ fashion and hair
6  designs. The web site also offers visitors the opportunity to join the "Bratz" fan club.
7  Over 250,000 BRATZ fans have signed up and have asked to be notified of new
8  fashion trends that the BRATZ Dolls will wear, as well as the launch and marketing of
9  those new fashions and new dolls.
10      11.    Plaintiff has spent millions of dollars to develop, build and promote the
11  BRATZ Property including, without limitation, the placement of advertisements in all
12  media, including print ads, television spots and radio spots.
13      12.    A significant portion of Plaintiff's business since 2001 has been devoted
14  to the creation and commercial exploitation of the BRATZ Property. Plaintiff licenses
15  the right to use the BRATZ Characters in a wide range of products such as apparel,
16  back-to-school products, home decor, jewelry and beauty products. Plaintiff
17  manufactures a wide range of merchandise, including the BRATZ Dolls, and has also
18  produced an upcoming direct-to-video production entitled "BRATZ: The Video,
19  Starrin' 'N' Stylin'!" which will be released in the third quarter of 2004 (these
20  products are hereinafter referred to as the "BRATZ Products"). Plaintiff has
21  numerous active merchandise and promotional licenses, and the number of licenses is
22  continuing to grow. In order to maintain its reputation as well as the value of its
23  licenses, Plaintiff carefully selects each licensee to ensure the quality of its licensed
24  products and has subjected each licensee to a strict quality review and approval
25  program. Plaintiff currently has over 200 licensees worldwide for BRATZ Products.
26      13.    In keeping with the importance of the BRATZ Property, Plaintiff and/or
27  its licensees have expended tens of millions of dollars in advertising the BRATZ
28  Products and promoting the use of the BRATZ Characters on original licensed

I:\IP\10306\00009\pleadings\Complaint4 - downtown.doc

-3-

Exhibit 1
Page 5

M 0078525

EX 13738-0004

1 products, which include apparel and other items. Items bearing the BRATZ Characters and/or the BRATZ name and mark have proven to be in great demand.

14. The BRATZ Characters are extremely valuable and successful. The licensing of rights to the BRATZ Characters and sale of BRATZ Products has generated tens of millions of dollars in revenue. In 2003, such sales and licenses generated in excess of $500 million in revenue.

15. The BRATZ Characters are extremely popular with the public, and the BRATZ Dolls and BRATZ Characters have received enormous amounts of unsolicited publicity, through various magazine and newspaper articles discussing the BRATZ Dolls and Characters.

16. Through Plaintiff's extensive sales and promotional efforts, as well as its strict adherence to the highest standards of quality for its licensed and manufactured products, Plaintiff and its BRATZ Property are associated in the public mind with high-quality dolls, playsets and accessories, and the BRATZ Property has considerable value to Plaintiff.

17. As a result of the foregoing, Plaintiff has developed strong trademark rights in various elements associated with the sale and marketing of the BRATZ Property (hereinafter the "BRATZ Trademarks"). The BRATZ Trademarks are renowned nationwide as identifiers of quality dolls and related products. These trademarks include, but are not limited to, the following: BRATZ, the names and designs of the individual BRATZ Characters as well as of the BRATZPACK, the design of the packaging for the BRATZ Dolls, and various taglines and other word marks associated with the sale and marketing of the BRATZ Products including, but not limited to, the mark "THE GIRLS WITH A PASSION FOR FASHION." Plaintiff has also obtained numerous federal trademark registrations for the BRATZ Trademarks. Among these registrations are registrations for the BRATZ and BRATZ PACK marks, the names of several of the BRATZ Characters, and for the mark THE GIRLS WITH A PASSION FOR FASHION in Class 28 for dolls and dolls'

1 accessories (hereinafter the "PASSION FOR FASHION Trademark"). True and correct photocopies of representative trademark registrations are attached hereto as **Exhibit 3**.

18. Plaintiff has used the BRATZ Trademarks continuously on and in connection with the BRATZ Products since the inception of each of the various BRATZ Products, and these BRATZ Trademarks have never been abandoned. The BRATZ Trademarks are valid, subsisting and in full force and effect.

19. Based on the extensive sales and promotion of the BRATZ Products and the wide popularity of such products including Plaintiff's promotion of its BRATZ Products in media outlets and on its website www.bratzpack.com, the BRATZ Trademarks have developed secondary meaning and significance in the minds of the public, and the services and products utilizing and/or bearing such marks are immediately identified by the purchasing public with Plaintiff.

## DEFENDANTS AND THEIR INFRINGING ACTS.

20. Upon information and belief, defendant Multitoy, Inc. ("Multitoy") is a California corporation, having its principal place of business at 309 East 4th Street, Los Angeles, California 90013. Defendant Multitoy is selling and offering for sale infringing dolls which bear infringements of trademarks and copyrights owned by Plaintiff, and that infringe upon Plaintiff's trade dress rights. Defendant Multitoy is subject to the jurisdiction of this Court and is importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting merchandise that infringes the BRATZ Property in this judicial district.

21. Upon information and belief, defendant YUAN-LAN LIU is an individual residing in Los Angeles County in the State of California and doing business as Multitoy, located at 309 East 4th Street, Los Angeles, California 90013. Upon information and belief, YUAN-LAN LIU is importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale

1  and/or otherwise exploiting merchandise that infringes the BRATZ Property, and is an
2  active, conscious, and dominant force behind the wrongful acts of Multitoy.

3      22.   Upon information and belief, defendant JEFF WU ("WU") is an
4  individual residing in Los Angeles County in the State of California and doing
5  business as IMC Toys, located at 406 East 4th Street, Los Angeles, California 90013.
6  Defendant WU is selling and offering for sale infringing dolls which bear
7  infringements of trademarks and copyrights owned by Plaintiff, and that infringe upon
8  Plaintiff's trade dress rights. Defendant JEFF WU is subject to the jurisdiction of this
9  Court and is importing, advertising, manufacturing (or causing to be manufactured),
10 distributing, selling, offering for sale and/or otherwise exploiting merchandise that
11 infringes the BRATZ Property in this judicial district.

12     23.   Upon information and belief, defendant All Toys Imports, Inc. ("All
13 Toys") is a California corporation, having its principal place of business at 330 South
14 Wall Street, Unit 9, Los Angeles, California 90013. Defendant All Toys is selling and
15 offering for sale infringing dolls which bear infringements of trademarks and
16 copyrights owned by Plaintiff, and that infringe upon Plaintiff's trade dress rights.
17 Defendant All Toys is subject to the jurisdiction of this Court and is importing,
18 advertising, manufacturing (or causing to be manufactured), distributing, selling,
19 offering for sale and/or otherwise exploiting merchandise that infringes the BRATZ
20 Property in this judicial district.

21     24.   Upon information and belief, defendant SUSAN LIU is an individual
22 residing in Los Angeles County in the State of California and doing business as All
23 Toys, located at 330 South Wall Street, Unit 9, Los Angeles, California 90013. Upon
24 information and belief, SUSAN LIU is importing, advertising, manufacturing (or
25 causing to be manufactured), distributing, selling, offering for sale and/or otherwise
26 exploiting merchandise that infringes the BRATZ Property, and is an active,
27 conscious, and dominant force behind the wrongful acts of All Toys.
28

1  25. Upon information and belief, defendant Toys Division, Inc. ("Toys
2 Division") is a California corporation, having its principal places of business at 1440
3 Boyd Street, Los Angeles, California 90033 and on its Web site located at
4 <www.toysdivision.com>. Defendant Toys Division is selling and offering for sale
5 infringing dolls which bear infringements of trademarks and copyrights owned by
6 Plaintiff, and that infringe upon Plaintiff's trade dress rights. Defendant Toys Division
7 is subject to the jurisdiction of this Court and is importing, advertising, manufacturing
8 (or causing to be manufactured), distributing, selling, offering for sale and/or
9 otherwise exploiting merchandise that infringes the BRATZ Property in this judicial
10 district.

11  26. Upon information and belief, defendant TOM LIU is an individual
12 residing in Los Angeles County in the State of California and doing business as Toys
13 Division, located at 1440 Boyd Street, Los Angeles, California 90033 and on the Web
14 site located at <www.toysdivision.com>. Upon information and belief, TOM LIU is
15 importing, advertising, manufacturing (or causing to be manufactured), distributing,
16 selling, offering for sale and/or otherwise exploiting merchandise that infringes the
17 BRATZ Property, and is an active, conscious, and dominant force behind the
18 wrongful acts of Toys Division.

19  27. Upon information and belief, various Does 1 through 20 are either
20 entities or individuals who are residents of, or are present in, this judicial district, are
21 transacting business in this judicial district, are subject to the jurisdiction of this Court,
22 and are individuals who are principals or supervisory employees of the respective
23 named defendants, or are suppliers to the respective named defendants, and/or are
24 other entities or individuals who are importing, advertising, manufacturing (or causing
25 to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting
26 merchandise in Los Angeles, California, which infringes upon some or all of the
27 BRATZ Property in this judicial district. The identities of the various Does are
28 unknown to Plaintiff at this time. This Complaint will be amended to include the

1  names of such individuals when identified to Plaintiff. The named defendants and
2  Does 1 through 20 are hereinafter collectively referred to as "Defendants."

28. Defendants, without any authorization from Plaintiff, have been importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting merchandise incorporating the BRATZ Property, for which Plaintiff has the exclusive rights. The result of Defendants' activities has been that Defendants have profited, and continue to profit, from their infringement of Plaintiff's rights.

29. Upon information and belief, long after Plaintiff's adoption and use of the BRATZ Property on a diverse range of goods, and after Plaintiff obtained federal copyright and trademark registrations, Defendants have adopted and used likenesses of the BRATZ Property without Plaintiff's consent, by importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting counterfeit and/or infringing products bearing likenesses of the BRATZ Property (hereinafter "Counterfeit and/or Infringing Products"), and have caused said Counterfeit and/or Infringing Products to enter into commerce and/or to be transported or used in commerce. Defendants' products are not licensed by Plaintiff and, at all relevant times, Defendants were not authorized by Plaintiff, or any authorized agent of Plaintiff, to import, advertise, manufacture (or cause to be manufactured), distribute, sell, offer for sale or otherwise exploit such Counterfeit and/or Infringing Products. Defendants are currently engaged in such use and unless enjoined by this Court will continue such use.

30. By engaging in this conduct, Defendants have acted in willful disregard of the laws protecting Plaintiff's goodwill, copyrights, trademarks and trade dress rights, and have confused and deceived, or threaten to confuse and deceive, the consuming public as to the source or sponsorship of the products. By their wrongful conduct, Defendants have blatantly traded upon and diminished Plaintiff's goodwill and infringed Plaintiff's rights.

I:\IP\10306\00009\pleadings\Complaint4 - downtown.doc    -8-

Exhibit 1
Page 10

M 0078530

EX 13738-0009

## FIRST CLAIM FOR RELIEF

### (Federal Copyright Infringement)

### [17 U.S.C. § 501]

### (Applicable to All Defendants)

31.  Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

32.  At all relevant times, Plaintiff has owned all right, title, and interest in and to the BRATZ Copyrights as delineated herein.

33.  Plaintiff has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the above-referenced copyrights, and in compliance with the law has received from the Registrar of Copyrights the appropriate certificates of registration, which constitute <u>prima facie</u> evidence of the validity of the copyrights and of the facts stated in the certificates.

34.  After the date that Plaintiff obtained federal copyright registrations and continuing to date, Defendants have infringed the BRATZ Copyrights by importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale, or otherwise exploiting without Plaintiff's consent, the Counterfeit and/or Infringing Products which are copies of or bear a substantial similarity to the BRATZ Copyrights.

35.  Upon information and belief, Defendants' conduct was and is willfully done with knowledge of Plaintiff's rights in and to the BRATZ Copyrights.

36.  Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined, but which will be established at trial.

37.  Defendants' wrongful conduct will continue unless enjoined by this Court.

///

///

-9-

Exhibit 1
Page 11

M 0078531

EX 13738-0010

## SECOND CLAIM FOR RELIEF

(Trademark Counterfeiting)

[15 U.S.C. § 1114]

(Applicable only to Defendant All Toys)

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1-30 of this Complaint as though the same were fully set forth herein.

39. Defendant All Toys has used spurious designations that are identical with, or substantially indistinguishable from, the PASSION FOR FASHION Trademark on goods covered by the registration for the PASSION FOR FASHION Trademark.

40. Upon information and belief, Defendant All Toys has intentionally and willfully used these spurious designations, knowing they are counterfeit, in connection with importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting goods for its own personal financial gain, and such intentional and willful conduct by defendant All Toys makes this an exceptional case.

41. Defendant All Toys' conduct in importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting products bearing the PASSION FOR FASHION Trademark was and is without Plaintiff's consent.

42. Defendant All Toys' unauthorized use of the PASSION FOR FASHION Trademark on and in connection with importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting the Counterfeit Products constitutes use of the PASSION FOR FASHION Trademark in commerce.

43. Defendant All Toys' unauthorized use of the PASSION FOR FASHION Trademark as set forth above is likely to:

(a) cause confusion, mistake and deception;

I:\IP\10306\00009\pleadings\Complaint4 - downtown.doc

-10-

Exhibit 1
Page 12

M 0078532

EX 13738-0011

(b) cause the public to believe that defendant All Toys' Counterfeit Products are authorized, sponsored or approved by Plaintiff or that defendant All Toys is affiliated, connected or associated with or in some way related to Plaintiff; and

(c) result in defendant All Toys unfairly benefiting from Plaintiff's goodwill and reputation, to the substantial and irreparable injury of the public, Plaintiff, the PASSION FOR FASHION Trademark, and the substantial goodwill represented thereby.

44. Defendant All Toys' acts as recited herein constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1114, 1116.

45. Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of defendant All Toys' acts in an amount not thus far determined, but which will be established at trial.

46. The conduct of Defendant All Toys described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the BRATZ Property, and to Plaintiff's business, reputation, and goodwill. Defendant All Toys' wrongful conduct will continue unless enjoined by this Court.

### THIRD CLAIM FOR RELIEF
### (False Designation of Origin and False Description)
### [15 U.S.C. § 1125(a)]
### (Applicable to All Defendants)

47. Plaintiff repeats and realleges the allegations contained in paragraphs 1-30 and 39-46 of this Complaint as though the same were fully set forth herein.

48. The BRATZ Trademarks, including all of the images and designs embodied in the BRATZ Property, as set forth in the preceding paragraphs hereof, are distinctive, have been used throughout the United States and worldwide, and are well known to the trade and members of the purchasing public. The public generally associates and identifies the BRATZ Trademarks with Plaintiff.

I:\IP\10306\00009\pleadings\Complaint4 - downtown.doc    -11-

Exhibit 1
Page 13

M 0078533

EX 13738-0012