49. Defendants' conduct in importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting products bearing one or more of the BRATZ Trademarks constitutes false designation of origin or sponsorship of said products and tends falsely to represent that products bearing the BRATZ Trademarks originate with Defendants or that said products and Defendants have been sponsored, approved, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff. Such conduct of Defendants is likely to confuse, mislead, and deceive Defendants' customers, purchasers and members of the public as to the origin of said products, or cause said persons to believe that those products and/or Defendants have been sponsored, approved, authorized or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, all in violation of 15 U.S.C. § 1125(a).

50. Upon information and belief, Defendants' actions were done willfully with full knowledge of the falsity of such designations of origin and false descriptions or representations, and with the express intent to cause confusion, and to mislead and deceive the purchasing public.

51. Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts in an amount not thus far determined, but which will be established at trial.

52. The conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the BRATZ Property, and to Plaintiff's business, reputation, and goodwill. Defendants' wrongful conduct will continue unless enjoined by this Court.

///
///
///
///
///

## FOURTH CLAIM FOR RELIEF

### (Trade Dress Infringement- Product Packaging)

### [15 U.S.C. § 1125(a)]

### (Applicable to All Defendants)

53. Plaintiff repeats and realleges the allegations contained in paragraphs 1-30, 39-46 and 48-52 of this Complaint as though the same were fully set forth herein.

54. The unique trade dress of Plaintiff's packaging for the BRATZ Dolls includes, but is not limited to, the unique non-functional shape of the trapezoidal display packaging encasing Plaintiff's BRATZ Products, the arrangement and placement of images of the BRATZ Characters and the BRATZ Trademarks on the product packaging, the type-style, colors, color printing style, and the display of the accessories for Defendants' goods in the packaging for the BRATZ Dolls (hereinafter referred to as the "BRATZ Packaging Trade Dress").

55. The BRATZ Packaging Trade Dress is non-functional and inherently distinctive.

56. The BRATZ Packaging Trade Dress has also developed secondary meaning associating such Trade Dress in the mind of the consuming public with a single source.

57. Defendants have competed unfairly with Plaintiff and have misappropriated and traded upon Plaintiff's goodwill and business reputation symbolized by the BRATZ Packaging Trade Dress.

58. Defendants have used, in connection with importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting of products and the packaging for such products, one or more of the elements of the BRATZ Packaging Trade Dress. Defendants have additionally caused goods bearing such misleading packaging to enter into interstate commerce. Defendants' use of the BRATZ Packaging Trade Dress, or a colorable

imitation thereof, is a false description and representation that the goods are made by, sponsored by or affiliated with Plaintiff, in violation of 15 U.S.C. § 1125(a).

59. Plaintiff is likely to be damaged by such false descriptions or representations by reason of the likelihood that purchasers will be confused as to the true source, sponsorship or affiliation of said goods of Defendants.

60. As a direct and proximate result of the foregoing acts, Defendants have made substantial profits to which they are not entitled.

61. As a result of the foregoing, Defendants have unfairly competed with Plaintiff in violation of 15 U.S.C. § 1125(a).

62. Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined, but which will be established at trial.

63. The conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the BRATZ Property, and to Plaintiff's business, reputation and goodwill. Defendants' wrongful conduct will continue unless enjoined by this Court.

## FIFTH CLAIM FOR RELIEF

### (Trade Dress Infringement-Product Configuration)

### [15 U.S.C. § 1125(a)]

### (Applicable To All Defendants)

64. Plaintiff repeats and realleges the allegations contained in paragraphs 1-30, 39-46, 48-52 and 54-63 of this Complaint as though the same were fully set forth herein.

65. The unique elements of the BRATZ Dolls include, but are not limited to, oversized heads with prominent jawbones; almond-shaped eyes with multi-colored eye makeup; stylable hair; full lips with lipstick; noses that are reduced in size; slender bodies that bend at the waists; slim arms; noticeable (but not oversized) chests; long slim legs that move forward and backward and that flex at the knee, but do not move

1  side to side; and oversized, removable feet with shoes (hereinafter referred to as the "BRATZ Product Configuration Trade Dress").

66. The BRATZ Product Configuration Trade Dress is non-functional.

67. Based on Plaintiff's extensive advertising and sales, as well as the wide popularity of Plaintiff's products, the BRATZ Product Configuration Trade Dress has acquired secondary meaning so that any product or advertisement bearing such trade dress is immediately associated by purchasers and the public as being a product of, and affiliated with, a single source – namely, Plaintiff.

68. Defendants have competed unfairly with Plaintiff and have misappropriated and traded upon Plaintiff's goodwill and business reputation symbolized by the unique BRATZ Product Configuration Trade Dress.

69. Defendants have used, in connection with importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting products, one or more of the elements of the BRATZ Product Configuration Trade Dress, and have caused such misleading products to enter into interstate commerce. Defendants' use of the BRATZ Product Configuration Trade Dress, or a colorable imitation thereof, is a false description and representation that the goods are made by, sponsored by or affiliated with Plaintiff, in violation of 15 U.S.C. § 1125(a).

70. Plaintiff is likely to be damaged by Defendants' false descriptions or representations by reason of the likelihood that purchasers will be confused as to the true source, sponsorship, or affiliation of Defendants' goods.

71. In engaging in the foregoing conduct, Defendants have made substantial profits to which they are not entitled.

72. As a result of the foregoing, Defendants have unfairly competed with Plaintiff in violation of 15 U.S.C. § 1125(a).

73. Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined, but which will be established at trial.

74. The conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the BRATZ Property, and to Plaintiff's business, reputation and goodwill. Defendants' wrongful conduct will continue unless enjoined by this Court.

### SIXTH CLAIM FOR RELIEF
### (State Statutory Unfair Competition)
### [Cal. Bus. & Prof. Code § 17200 et seq.]
### (Applicable To All Defendants)

75. Plaintiff repeats and realleges the allegations contained in paragraphs 1-30, 39-46, 48-52, 54-63 and 65-74 of this Complaint as though the same were fully set forth herein.

76. This claim arises under California Business and Professions Code §17200 et seq. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Lanham Act, and under 28 U.S.C. § 1367.

77. Plaintiff owns all rights, title and interest in and to the distinctive trade names, trademarks, designs, symbols and logos used by Plaintiff by virtue of its extensive manufacture, distribution, promotion, advertising, licensing, offering for sale and sale of a wide variety of goods bearing such trade names, trademarks, designs, symbols, and logos (collectively the "Common Law Trademarks"), as set forth in preceding paragraphs of this Complaint.

78. None of the Defendants have any rights to Plaintiff's Common Law Trademarks.

79. Products bearing Plaintiff's Common Law Trademarks have been imported, advertised, manufactured (or caused to be manufactured), distributed, sold, offered for sale and/or otherwise exploited and are being continuously imported, advertised, manufactured (or caused to be manufactured), distributed, sold, offered for sale and/or otherwise exploited in California to this day by Defendants. In such marketing and sales activity, Defendants' Counterfeit and/or Infringing Products bear infringing copies of Plaintiff's Common Law Trademarks, and are confusingly similar to Plaintiff's own products. Such unauthorized use by Defendants of Plaintiff's Common Law Trademarks, or confusingly similar imitations thereof, is likely to cause confusion and mistake in the minds of the trade and the purchasing public and to deceive them as to the source of origin, authorization or sponsorship of the Counterfeit and/or Infringing Products and, therefore, to cause purchasers to buy such products in the erroneous belief that they are authentic.

80. Upon information and belief, Defendants have intentionally appropriated one or more of Plaintiff's Common Law Trademarks with the intent of causing confusion, mistake and deception as to the source of their goods and with the intent to palm off their goods as those of Plaintiff and to place others in the position to palm off their goods as those of Plaintiff.

81. Plaintiff states, upon information and belief, and thereupon alleges, that the acts of Defendants have violated the unfair competition laws of the State of California and specifically California Business and Professions Code §17200 et seq.

82. By such actions in infringing Plaintiff's Common Law Trademarks, Defendants are improperly trading upon the enviable reputation and goodwill of Plaintiff and are impairing Plaintiff's valuable rights in and to such Common Law Trademarks.

83. Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined, but which will be established at trial.

84. The conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the BRATZ Property, and to Plaintiff's business, reputation and goodwill. Defendants' wrongful conduct will continue unless enjoined by this Court.

### SEVENTH CLAIM FOR RELIEF
### (State Common Law Trademark Infringement and Unfair Competition)
### (Applicable To All Defendants)

85. Plaintiff repeats and realleges the allegations contained in paragraphs 1-30, 39-46, 48-52, 54-63, 65-74 and 76-84 of this Complaint, as though the same were fully set forth herein.

86. This claim arises under the common law of California. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Lanham Act, and under 28 U.S.C. § 1367.

87. Plaintiff owns all rights, title, and interest in and to Plaintiff's distinctive Common Law Trademarks, as set forth in paragraph 77 of this Complaint.

88. The Counterfeit and/or Infringing Products incorporate matter constituting replicas and imitations of Plaintiff's Common Law Trademarks. Such unauthorized use by Defendants of Plaintiff's Common Law Trademarks constitutes trademark infringement and unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products, and to cause purchasers to believe such products are authentic products of Plaintiff when, in fact, they are not.

89. Upon information and belief, Defendants have intentionally appropriated one or more of Plaintiff's Common Law Trademarks with the intent of causing confusion, mistake and deception as to the source of their goods and with the intent to palm off their goods as those of the Plaintiff and to place others in the position to palm

1  off their goods as those of Plaintiff and, as such, Defendants have committed
2  trademark infringement and unfair competition under the common law.
3        90.     By such actions in infringing Plaintiff's Common Law Trademarks,
4  Defendants are improperly trading upon the enviable reputation and goodwill of
5  Plaintiff and are impairing Plaintiff's valuable rights in and to such trademarks.
6        91.     As set forth above, upon information and belief, the activities of
7  Defendants complained of herein constitute willful and intentional acts of
8  infringement of Plaintiff's Common Law Trademarks and unfair competition.
9        92.     Plaintiff has no adequate remedy at law and has suffered and continues to
10 suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an
11 amount not thus far determined, but which will be established at trial.
12       93.     The conduct of Defendants described above has caused and, if not
13 enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the
14 BRATZ Property, and to Plaintiff's business, reputation, and goodwill. Defendants'
15 wrongful conduct will continue unless enjoined by this Court.

### EIGHTH CLAIM FOR RELIEF
### (Constructive Trust)
### [Cal. Civ. Code § 2224]
### [Applicable to all Defendants]

94.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-30, 32-37, 39-46, 48-52, 54-63, 65-74, 76-84 and 86-93 of this Complaint as though the same were fully set forth herein.

95.     This claim arises under California Civil Code section 2224 and the common law of the State of California. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of constructive trust joined with a substantial and related claim under the Copyright and Trademark Laws of the United States, and under 28 U.S.C. § 1367.

1  96. Plaintiff states, upon information and belief and thereupon alleges, that Defendants own and/or possess tangible real and/or personal properties and assets including, but not limited to, bank, savings, and/or other financial accounts, consisting of and/or obtained by profit derived from Defendants' unauthorized manufacture, distribution and/or sale of the Counterfeit and/or Infringing Products.

97. Plaintiff is entitled to the profits Defendants have derived from the infringement of the BRATZ Property under 17 U.S.C. § 504(b), 15 U.S.C. § 1117, and California Business and Professions Code § 14340.

98. Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of Defendants' acts, as aforementioned. Defendants hold those tangible real and/or personal properties and assets consisting of and/or obtained by profit derived from Defendants' infringing activities as constructive trustees for the benefit of Plaintiff, in an amount thus far not determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

A. That the Court order that Defendants, their agents, servants, employees, representatives, successors and assigns, and all persons, entities, firms or corporations in active concert or participation with any of them, be immediately enjoined from:

   (1) directly or indirectly infringing the BRATZ Property including, but not limited to, the BRATZ Characters, the BRATZ Dolls, the BRATZ Copyrights, the BRATZ Trademarks, the Common Law Trademarks, the BRATZ Product Configuration Trade Dress and the BRATZ Packaging Trade Dress, as described above, in any manner, including generally, but not limited to, manufacturing (or causing to be manufactured), importing, copying, distributing, advertising, selling, offering for sale and/or otherwise exploiting any merchandise which infringes said BRATZ Property and, specifically, manufacturing, importing, copying, distributing,

advertising, selling, offering for sale and/or otherwise exploiting the Counterfeit and/or Infringing Products or any other unauthorized products that picture, reproduce or utilize the likenesses of or which copy or bear a substantial similarity to the BRATZ Property;

(2) engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers and/or members of the public into believing, that the actions of Defendants, the products sold by Defendants or Defendants themselves are connected with Plaintiff, are sponsored, approved or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

(3) affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offering for sale of any goods or services, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Plaintiff;

(4) otherwise competing unfairly with Plaintiff in any manner;

(5) infringing the aforementioned BRATZ Copyrights, BRATZ Trademarks including, but not limited to, the BRATZ, BRATZ PACK and PASSION FOR FASHION trademarks, as well as the Common Law Trademarks, BRATZ Packaging Trade Dress and BRATZ Product Configuration Trade Dress, and damaging Plaintiff's goodwill, reputation, and business;

(6) during the pendency of this action, destroying or otherwise disposing of:

(a) merchandise falsely bearing the BRATZ Property, or infringements or counterfeits thereof;

-21-

Exhibit 1
Page 23

M 0078543

EX 13738-0022

(b) any other products which reproduce, copy, counterfeit, imitate or bear the BRATZ Property including, but not limited to, the BRATZ Characters, the BRATZ Dolls, the BRATZ Copyrights, the BRATZ Trademarks, the Common Law Trademarks, the BRATZ Product Configuration Trade Dress and the BRATZ Packaging Trade Dress, trade names, logos or designs, or which picture, reproduce or utilize the likenesses of or copy or bear a substantial similarity to the BRATZ Property including, without limitation, the BRATZ Characters and the BRATZ Dolls;

(c) any promotional and advertising material labels, packages, wrappers, containers and any other unauthorized items which reproduce, copy, counterfeit, imitate or bear the BRATZ Property including, but not limited to, the BRATZ Characters, the BRATZ Dolls, the BRATZ Copyrights, the BRATZ Trademarks, the Common Law Trademarks, the BRATZ Product Configuration Trade Dress and the BRATZ Packaging Trade Dress, trade names, logos or designs, or which picture, reproduce or utilize the likenesses of or copy or bear a substantial similarity to the BRATZ Property;

(d) any molds, screens, patterns, plates, disks, negatives or other items used specifically for making or manufacturing products bearing the BRATZ Property including, but not limited to, the BRATZ Characters, the BRATZ Dolls, the BRATZ Copyrights, the BRATZ Trademarks, the Common Law Trademarks, the BRATZ Product Configuration Trade Dress and the BRATZ Packaging Trade Dress, trade names, logos, or designs, or which picture, reproduce or utilize the

likenesses of or copy or bear a substantial similarity to the BRATZ Property; and

(e) any sales and supplier or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogues, recordings of any type whatsoever, and all other business records and documents believed to concern the importation, manufacture, reproduction, purchase, advertising, sale or offering for sale of such Counterfeit and/or Infringing Products;

(7) during the pendency of this action, destroying any documents, electronic files or business records that pertain to the importation, manufacture, reproduction, advertisement, offer for sale or sale of the Counterfeit and/or Infringing Products or any other items which infringe the rights of Plaintiff in the BRATZ Property, including any correspondence (including but not limited to electronic mail), importation documents, manufacturing specifications, shipping orders, phone records, phone logs, sales and supplier or customer journals, ledgers, invoices, purchase orders, product catalogs, web site order logs, inventory control documents, bank records, catalogues, recordings of any type whatsoever, and all other business records and documents believed to concern the importation, manufacture, reproduction, purchase, advertising, sale or offering for sale of such Counterfeit and/or Infringing Products; and

(8) effecting assignments or transfers of money, real or personal property, business licenses, forming new entities or associations or utilizing any other device for the purpose of circumventing or

otherwise avoiding the prohibitions or restrictions set forth in subparagraphs (1) - (7) above;

B. That the Court issue an order directing the United States Marshal for this District, one or more of the Marshal's deputies, on-duty law enforcement officers or off-duty law enforcement officers, assisted by one or more attorneys or agents of Plaintiff, to enter Defendants' premises as listed above, and that Plaintiff and/or their designees be authorized to seize the following items which are in the possession, custody or control of any of Defendants:

(a) all unauthorized products bearing the BRATZ Property including, but not limited to, the BRATZ Characters, the BRATZ Dolls, the BRATZ Copyrights, the BRATZ Trademarks, the Common Law Trademarks, the BRATZ Product Configuration Trade Dress and the distinctive BRATZ Packaging Trade Dress, or infringement, counterfeits or likenesses thereof, or that are substantially similar thereto;

(b) any other unauthorized products which picture, reproduce or utilize the likenesses of or copy or bear a substantial similarity to the BRATZ Property or any elements thereof;

(c) any unauthorized promotional and advertising material, labels, packages, wrappers, containers and any other items which picture, reproduce or utilize the likenesses of or copy or bear a substantial similarity to the BRATZ Property or any elements thereof;

(d) any plates, molds, matrices, masters, tapes, film negatives, disks and other articles by means of which such Counterfeit and/or Infringing Products, or unauthorized items which picture, reproduce or utilize the likenesses of or copy or bear a substantial similarity to the BRATZ Property or any elements thereof, may be reproduced;

(e) any other matter or material in any media embodying any unauthorized copies of the BRATZ Property or that are substantially similar thereto or any other evidence of infringement, including, but not limited to, hard disks, tapes, electronic mail, documents, product catalogs or software;

(f) with respect to those defendants who have committed trademark counterfeiting, any correspondence (including but not limited to electronic mail), phone records, phone logs, importation documents, manufacturing specifications, shipping orders, sales journals, supplier journals, customer journals, ledgers, invoices, purchase orders, shipping logs, inventory control documents, bank records, catalogues, product lists, computer files, computers, recordings of any type whatsoever and all other business records and documents believed to concern the manufacture, distribution, purchase, advertising, sale or offering for sale of infringing merchandise; and

(g) with respect to those defendants who have committed trademark counterfeiting, all computers and computer storage media, including without limitation, hard drives, floppies, CDs, DVDs, removable media (such as Zip/Jazz disks and Syquest), data cartridges and backup media, believed to concern the manufacture, importation, distribution, purchase, advertising, sale or offering for sale of any products bearing any labels, tags, logos, decals, emblems or other markings and/or any products which reproduce, copy, counterfeit, imitate, or bear any of the BRATZ Property that are identical with or substantially indistinguishable therefrom. Instead of seizing the items set forth in this paragraph (g), at Plaintiff's election, Plaintiff may make copies of the items set forth

|   |   |
|---|---|
| 1 | in this paragraph at the site of the seizure. If Plaintiff seizes the |
| 2 | items set forth in this paragraph, Plaintiff may make copies of all |
| 3 | such computer storage media and shall return such seized items to |
| 4 | Defendants no later than five (5) business days after such seizure; |

    C.    That the Court issue an order allowing Plaintiff (or its designees) to be allowed to accompany the United States Marshal or other law enforcement officers, including off-duty officers, and to assist in the seizure;

    D.    That the Court issue an Order permitting accelerated pre-trial discovery within two (2) business days in order to ensure that other available evidence in this case – which includes evidence that is transitory, portable and easily destroyed – is available for a hearing on a preliminary injunction and preserved for trial;

    E.    That the Court issue an order requiring Defendants to show cause why, pending a trial on the merits, it should not issue a Preliminary Injunction Order in accordance with Prayer For Relief A;

    F.    That the Court issue a Preliminary Injunction in accordance with the order requested in Prayer For Relief A;

    G.    That the Court issue a Permanent Injunction making permanent the orders requested in Prayer For Relief A1-6, 8;

    H.    That Plaintiff be awarded damages for Defendants' copyright infringement in the form of either: (i) actual damages in an amount to be determined at trial, together with Defendants' profits derived from their unlawful infringement of the BRATZ Copyrights or (ii) statutory damages for each act of infringement in an amount provided by law, including enhanced damages for willful infringement, as set forth in 17 U.S.C. §504, at Plaintiff's election before the entry of a final judgment, together with pre-judgment and post-judgment interest;

    I.    That Plaintiffs be awarded treble damages in an amount to be determined at trial for Defendants' willful trademark infringement pursuant to 15 U.S.C. § 1117(a), together with pre-judgment and post-judgment interest;

-26-

Exhibit 1
Page 28

M 0078548

EX 13738-0027

1    J.    That Plaintiff be awarded damages for Defendant All Toys' trademark
2 counterfeiting in the form of either: (i) treble damages in an amount to be determined
3 at trial, or (ii) statutory damages for each counterfeit mark per type of goods or
4 services sold, offered for sale or distributed in an amount provided by law, as set forth
5 in 15 U.S.C. §1117(c), together with pre-judgment and post-judgment interest;
6    K.    That Defendants account for and pay over to Plaintiff all damages
7 sustained by Plaintiff and profits realized by Defendants by reason of Defendants'
8 unlawful acts herein alleged, and that those profits be increased as provided and
9 allowed by law;
10   L.    That Defendants hold, as constructive trustees for the benefit of Plaintiff,
11 any and all personal and/or real properties and assets consisting of and/or obtained by
12 profits derived from Defendants' infringing activities, and that Plaintiff be granted
13 possession of or trustee rights over these properties;
14   M.    That the Court issue an order requiring Defendants to deliver to Plaintiff
15 or, at Plaintiff's option, destroy, at Defendants' cost, all infringing copies of the
16 BRATZ Property at the conclusion of the present matter;
17   N.    That the Court award Plaintiff its reasonable attorneys' fees pursuant to
18 17 U.S.C. § 505 and 15 U.S.C. § 1117(a);
19   O.    That the Court award Plaintiff its costs of suit incurred herein; and
20   P.    That the Court grant Plaintiff such other and further relief as it deems just
21 and equitable.

DATED: April __, 2004

Respectfully submitted,

KEATS MCFARLAND & WILSON LLP

*/s/ Larry W. McFarland*

Larry W. McFarland

Attorneys for Plaintiff
MGA Entertainment, Inc.

-27-

Exhibit 1
Page 29

M 0078549

EX 13738-0028