THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**(1)   REPLY IN SUPPORT OF THE MGA PARTIES' MOTION TO QUASH LARRY MCFARLAND'S SUBPOENA; and**<br><br>**(2)   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF.**<br><br>Date: July 24, 2008<br>Time: 3 p.m. |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................. ii

I.   PRELIMINARY STATEMENT ..................................................................1

II.  ARGUMENT.................................................................................................2

    A.   Mattel's Recycled (and Rejected) Opposition Arguments Against Applying Shelton To These Facts Must Again Be Disregarded...........2

        1.   As Judge Infante Found, Shelton is the Leading Authority on Opposing Counsel Testimony in the Ninth Circuit ...............2

        2.   Judge Infante Rejected Mattel's Attempt to Distinguish McFarland's Role as MGA Outside Counsel ...........................4

    B.   Mattel Still Cannot Satisfy the Shelton Requirements To Overcome the Prejudice to MGA Here Because The Testimony Sought is Available From Other Sources and Not Crucial to Mattel's Case ..........................................................................................5

    C.   Mattel's Document Request is Both Late and Already Produced From Other Sources .........................................................................7

III. CONCLUSION ..........................................................................................10

# TABLE OF AUTHORITIES

**PAGE(S):**

**CASES**

BASF Corp. v. Old World Trading Co.,
  1992 WL. 24076 (N.D. Ill. Feb. 4, 1992) .................................................................. 9

Boughton v. Cotter Corp.,
  65 F.3d 823 (10th Cir. 1995) .................................................................................... 4

FMC Technologies Inc. v. Edwards,
  No. C05-946C, 2007 WL 836709 (W.D. Wash. Mar. 15, 2007) ............................. 4

Hatchett v. United States,
  1997 WL 397730 (E.D. Mich. Feb. 28, 1997) .......................................................... 9

Integra Lifesciences I, Ltd. v. Merck KgaA,
  190 F.R.D. 556 (S.D. Cal. 1999) ....................................................................... 9, 10

Marvin Lumber & Cedar Co. v. PPG Industries, Inc.,
  177 F.R.D. 443 (D. Minn.) ........................................................................................ 9

McNerney v. Archer Daniels Midland Co.,
  164 F.R.D. 584 (W.D.N.Y. 1995) ............................................................................. 9

Pitter v. American Express Co.,
  1984 WL 1272 (S.D.N.Y. Nov. 27, 1984) ............................................................... 9

Puritan Investment Corp. v. ASLL Corp.,
  1997 WL 793569 (E.D. Pa. 1997) .................................................................... 7, 8, 9

Rice v. United States,
  164 F.R.D. 556 (N.D. Okla. 1995) ........................................................................... 9

Shelton v. American Motors Corp.,
  805 F.2d 1323 (8th Cir. 1986) .................................................................. 2, 3, 4, 5, 6

Sukumar v. Direct Focus, Inc.,
  No. 00cv0304-LAB (AJB), 2008 WL 1860677 (S.D. Cal. Apr. 24, 2008) ............. 3

**STATUTE**

Fed. R. Civ. P. 26(a)(5) ................................................................................................ 9

I. **PRELIMINARY STATEMENT**

Mattel's Corrected Opposition To MGA Parties' Motion To Quash Trial Subpoena Issued To Larry McFarland ("Mattel Opp'n" or "Opposition") is more appropriately styled a tardy motion to reconsider Judge Infante's order of four months ago rejecting precisely the relief that Mattel seeks here. As explained below, Mattel mechanically repeats, in many instances practically verbatim, arguments that it presented to Judge Infante when it sought to depose Mr. McFarland. Judge Infante, applying discovery standards that are more liberal than the ones governing subpoenas for trial testimony, quashed Mattel's deposition subpoena in a well-reasoned order. Indeed, the order was so well-reasoned that Mattel did not even challenge the order, in striking contrast to the many other orders of Judge Infante that Mattel did appeal to this Court. Now, some four months after Judge Infante ruled, and without any new facts or law to justify its tardy reconsideration motion, Mattel asks this Court simply to ignore Judge Infante's prior order and to render meaningless the entire discovery protocol utilized in this case. The Court should reject Mattel's veiled reconsideration motion and quash the trial subpoena.

Mattel's Opposition makes plain that Mattel seeks testimony from MGA's attorney Larry McFarland regarding representations made in publicly available pleadings filed in the 2004 MGA Multitoy litigation, but Mattel simply ignores the fact that Mattel *specifically named those Multitoy representations* as justification for its (quashed) deposition subpoena of McFarland – and Judge Infante unequivocally held that Mattel *was not entitled to that testimony* nearly four months ago. (Compare Mattel Opp'n at 3-5 with Russell Decl. Ex. A at 15 n.28 and Ex. C at 5.)[1]

---

[1] All "Ex." references are to exhibits attached to the Declaration of Jason D. Russell dated July 21, 2008 ("Russell Decl."), filed with the MGA Parties' Motion to Quash Larry McFarland's Subpoena ("MGA MTQ"), unless otherwise noted.

Mattel also simply ignores its failure to appeal or even object to the Infante order rejecting these *exact* arguments, instead urging this Court to disregard Judge Infante's dispositive, well-reasoned prior order without offering any new or different reasons why the information it seeks is "crucial" to its case and unobtainable from other sources sufficient to merit overturning Judge Infante's decision. To the contrary, Mattel's Opposition regurgitates (mostly verbatim) the very arguments that Judge Infante rejected the first time around – indeed, Mattel even *cites* its prior (unsuccessful) opposition in its current version. (See Mattel Opp'n at nn.1-3, 10.)

Under Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986), Mattel had to show that the testimony it seeks from Mr. McFarland, a current counsel for MGA, was crucial to its case and unavailable from any other source. Mattel's opposition completely fails to meet this onerous standard. Judge Infante already found that Mattel could not satisfy any of the Shelton factors based on precisely the same arguments Mattel repeats here. Mattel offers neither new fact nor new law to justify its tardy and improper collateral attack on Judge Infante's prior decision. There is no new fact or law to overturn Judge Infante's well-reasoned and dispositive opinion. Without more, Mattel is not entitled to endanger MGA's attorney-client privileged information and risk prejudicing the jury against the MGA Parties by putting Mr. McFarland on the stand.

Consequently, the MGA Parties' motion to quash should be granted.

## II. ARGUMENT

### A. Mattel's Recycled (and Rejected) Opposition Arguments Against Applying Shelton To These Facts Must Again Be Disregarded

#### 1. As Judge Infante Found, Shelton is the Leading Authority on Opposing Counsel Testimony in the Ninth Circuit

As described at length in the MGA Parties' Motion to Quash Larry McFarland's Subpoena ("MGA MTQ"), Mattel's attempt to call Mr. McFarland is inappropriate because, under Shelton v. American Motors Corp., 805 F.2d 1323 (8th

Cir. 1986), "[t]he harassing practice of deposing opposing counsel (unless that counsel's testimony is crucial and unique) appears to be an adversary trial tactic that does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process." Id. at 1330.  Thus, parties seeking to compel testimony from the opposing party's current or former counsel must demonstrate that: (1) no other means exists to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.  Shelton, 805 F.2d at 1327.  Absent those elements, the subpoena must be quashed.  Judge Infante already found Mattel failed to satisfy any of those elements four months ago, a decision that Mattel chose not to challenge, and Mattel has not met those elements now. (See MGA MTQ at 5-7.)[2]

In response, in an argument that appeared virtually **word-for-word** in Mattel's prior failed Opposition, Mattel asserts that Shelton has not been accepted by the Ninth Circuit.  (Compare Mattel Opp'n at 6-7 with Ex. A at 7-8, 9-10.)   Judge Infante rejected this argument then and Mattel is still wrong now.  As the MGA Parties pointed out in their Reply before Judge Infante, "[a]lthough the Ninth Circuit has not expressly adopted the test set forth in Shelton, it has been accepted by the district courts within this Circuit as the proper standard for determining whether an attorney should be deposed."  (See Ex. F at 2-3 (collecting cases).)  Judge Infante agreed and applied the Shelton test in granting the MGA Parties' motion to quash the McFarland deposition subpoena, noting that while the Ninth Circuit has not adopted

---

[2]  Mattel suggests in a footnote that this Court simply ignore Judge Infante's well-considered order on these exact issues, and employ its own discretion in compelling the testimony of MGA's counsel.  (Mattel Opp'n at n.10.) But Mattel's suggestion is not founded in law or common sense.  See, e.g, Sukumar v. Direct Focus, Inc., No. 00cv0304-LAB (AJB), 2008 WL 1860677, at *2 (S.D. Cal. Apr. 24, 2008) (district court's review of recommendations to which no party objected "would render all Special Master proceedings and all R & R processes wholly redundant and extravagant").

Shelton, it "is generally regarded as the leading case on deposing opposing counsel." (Ex. C at n.1, see also id. at 3-6 (discussing and applying Shelton test).)

Mattel also complains that the Ninth Circuit has not applied the Shelton test to trial subpoenas and dismisses the MGA Parties' on-point authority to the contrary as "only a Tenth Circuit case and a lone District Court" – neglecting to mention the district court is in the Ninth Circuit. (Compare Mattel Opp'n at 7 with Boughton v. Cotter Corp., 65 F.3d 823, 831 n.12 (10th Cir. 1995) (explaining Shelton test can "protect opposing counsel from being compelled to testify at trial as well") and FMC Techs. Inc. v. Edwards, No. C05-946C, 2007 WL 836709, at **2-5 (W.D. Wash. Mar. 15, 2007) (granting motion to quash trial subpoena for failure to meet Shelton requirements).) Predictably, Mattel fails to point to any authority *at all* suggesting that Shelton does *not* govern trial testimony as well as depositions of attorneys, as such a result defies logic, given the ongoing privilege concerns implicated here.

### 2. Judge Infante Rejected Mattel's Attempt to Distinguish McFarland's Role as MGA Outside Counsel

In their opening brief, the MGA Parties predicted that Mattel would argue, as it did unsuccessfully before Judge Infante, that Shelton is inapplicable here because McFarland is not trial counsel for the MGA Parties. As the MGA Parties established, the law is clear that "attorneys involved in coordinating the legal defense of the case, participating in legal defense strategy discussions, and frequently communicating with their clients, are entitled to the protection provided by the Shelton test, regardless of whether those attorneys are in-house, foreign, and/or outside litigation counsel". (MGA MTQ at n. 11, citing Ex. F at 3-4 (collecting cases).)

As predicted, Mattel argues, again in a nearly verbatim reproduction of its first Opposition, that McFarland is not subject to the Shelton protections because "he is not trial counsel for MGA in this case." (Compare Mattel Opp'n at 8, 9 with Ex. A at 10-12.) In keeping with its repetition of rejected arguments, Mattel simply recycles the very arguments that it made in its prior opposition and does not take the

opportunity to even attempt to address or distinguish any of the MGA Parties' authorities to the contrary. Indeed, Mattel again ignores the material fact that in Shelton the attorney in the case was *an in-house counsel* assisting in the underlying matter (Shelton, 805 F.2d 1329-30), and therefore was wholly analogous to McFarland's role here. (See MGA MTQ at 2-3, 8.)

Most importantly, Mattel fails to address Judge Infante's order rejecting this exact "trial counsel" argument, in which Judge Infante found that "McFarland is counsel for MGA" who has "been involved in this case since the time it was filed" and that "he has 'participated in legal defense discussions' with MGA's prior trial counsel and now with MGA's current trial counsel". (Ex. C at 2.) Nothing has changed since Judge Infante considered this very issue and Mattel offers neither new facts or new law to revisit the issue. Thus, Mattel's "trial counsel" argument should fail for a second (and hopefully final) time.

### B. Mattel Still Cannot Satisfy the Shelton Requirements To Overcome the Prejudice to MGA Here Because The Testimony Sought is Available From Other Sources and Not Crucial to Mattel's Case

As shown above and in the MGA Parties' Motion to Quash, Judge Infante already found Mattel could not satisfy any of the Shelton criteria when he rejected Mattel's attempt to seek testimony from Mr. McFarland concerning the Multitoy litigation pleadings during discovery. Indeed, Judge Infante rejected completely Mattel's contention that "McFarland possesses percipient knowledge regarding statements he has made on behalf of MGA in other lawsuits regarding the similarity between the Bratz dolls and Bryant's drawings that are purportedly inconsistent with MGA's position in this case". (Ex. C at 5.) As noted above, Mattel specifically cited to Judge Infante representations made in the Multitoy litigation as an example of McFarland's knowledge, the exact representations it seeks to explore in its current subpoena. (See Mattel Opp'n at 3-5, and Ex. A at 15 n.28.)

Unable to meet its burden, Mattel attempts to shift it to the MGA Parties by contending that the MGA Parties were somehow obligated to "show where [MGA] witnesses answered Mattel's questions about Mr. McFarland's allegations[.]" (Mattel Opp'n at 10.)  Mattel simply misstates the law.  It is not incumbent on the MGA Parties to provide an alternate source for the information sought.  The Shelton court was clear that the burden of showing that there is no other available source for the documents is placed on the party seeking testimony, i.e., Mattel.  The Shelton court held that testimony may be obtained from a party's counsel only where the moving party "has shown that (1) no other means exist to obtain the information than to depose opposing counsel….".  Shelton, 805 F.2d at 1327.  Mattel made no such showing before Judge Infante and it makes no such showing now.

Moreover, even though they did not bear the burden, as the MGA Parties pointed out in their reply motion to the motion to quash the McFarland deposition subpoena, "Mattel has already deposed [MGA witness Samir] Khare as to the accuracy of statements made regarding when Bratz dolls were first exhibited and sold that were made in other lawsuits" and indicated where such testimony could be found.  (Ex. F at 7-8 (citing Khare deposition transcript).)  Clearly, Mr. Khare is an alternate source for information about MGA statements in other lawsuits– one that Mattel can explore without burdening Mr. McFarland.

Judge Infante agreed with the MGA Parties' showing.  In quashing the McFarland deposition subpoena, Judge Infante found that "Mattel … has already deposed MGA's 30(b)(6) designee on Topic No. 34 of Mattel's Second Notice of Deposition of MGA, which essentially called for MGA's designee to testify regarding the testimony, transcripts, declarations, affidavits and other sworn written statements made by or on behalf of MGA that referred or related to Bratz in other lawsuits".  (Ex. C at 5.)   Judge Infante concluded, "Mattel has had ample opportunity to obtain the information it seeks" and testimony from McFarland on

these issues would be "duplicative and cumulative" and that "McFarland is also not likely to have ***any relevant non-privileged information beyond that which Mattel has already sought and received in this case***".  (Id. at 5-6 (emphasis added).)

Moreover, Mattel's conclusory argument that McFarland is the only source for the testimony and documents sought here is particularly disingenuous given that in the very next paragraph of its Opposition, Mattel argues that the subject matter of testimony it seeks from McFarland is not protected as privileged as "Mattel seeks testimony from McFarland about what is in publicly available documents".  (Mattel Opp'n at 10; see also id. at 8 (Mattel "intends only to ask him questions for the purpose of introducing into evidence MGA's prior admissions made in publicly available pleadings").)  Mattel cannot reasonably be heard to argue that the *only* possible source for testimony about statements made in admittedly publicly filed documents is the MGA Parties' outside counsel.

Mattel also ignores the potential prejudice to the MGA Parties by dismissively suggesting that the Court can "consider[]" the privilege issues inherent in calling a party's counsel to the stand "on a question-by-question basis, with MGA asserting instructions during the course of the testimony[.]" (Mattel Opp'n at 10-11.)  But this scenario is precisely what the Shelton court sought to avoid.  Calling McFarland to the stand will no doubt require the MGA Parties and third parties to lodge a series of privilege objections, at best testing the patience (and at worst rousing the suspicions) of the jury.  The resulting prejudice to the MGA Parties in the eyes of the jury surely outweighs any benefit to Mattel.

### C. Mattel's Document Request is Both Inexcuseably Tardy and Already Produced From Other Sources

Mattel argues that, despite the fact that it has already asked for and received all the documents in its request, that its trial subpoena is not an impermissibly late discovery attempt and cites Puritan Inv. Corp. v. ASLL Corp., No. Civ. A. 97-1580, 1997 WL 793569 (E.D. Pa. Dec. 9, 1997), as its leading authority.  (Mattel Opp'n at

11.) The court in Puritan, however, soundly *rejected* the very discovery attempt via a Rule 45 subpoena that Mattel touts here, holding that where the party seeking the documents could not show that the information sought was unknown during discovery, the party could not use a trial subpoena to secure production of documents at trial. Here, of course, Mattel would be hard-pressed to show that the documents sought were unknown to it during discovery, given that these documents not only were produced to Mattel as a result of the Court's Order on Mattel's motion to compel (see MGA MTQ at 10), but also sought by Mattel via its deposition subpoena addressed to McFarland – the very same subpoena that Judge Infante quashed.

Indeed, in citing Puritan for the unremarkable proposition that trial subpoenas may be used "for purposes of obtaining originals of documents produced in the litigation, for trial preparation and for memory refreshment", Mattel omits the Puritan court's rebuke of the plaintiff's use of trial subpoenas to seek documents obtainable during discovery:

> Trial subpoenas may not be used, however, as means to engage in discovery after the discovery deadline has passed. … A trial subpoena is not an appropriate means of ascertaining facts or uncovering evidence. This should be done through discovery in the manner and time provided by the Federal Rules and court order. Plaintiff does not explain why the desired records were not obtained through a proper Rule 34 document request before the discovery deadline. Plaintiff bears the burden of preparing its own case for trial. Any documents it wished to peruse which were not voluntarily disclosed should have been timely demanded through formal discovery procedures. Plaintiff does not and credibly could not aver that it was unaware of the possible existence of the subpoenaed documents before the discovery deadline. … Moreover, plaintiff's contention that defendants … that such records might be used

by plaintiff to support its alter ego theory shows that plaintiff itself was aware of the existence of such documents months before the close of discovery. The only reasonable conclusion from the record presented is that plaintiff is attempting to use trial subpoenas improperly as a discovery device on the eve of trial.[3]

Courts in this Circuit are in accord. Thus, for example, the court in Integra Lifesciences I, Ltd. v. Merck KgaA, 190 F.R.D. 556, 561-62 (S.D. Cal. 1999), rejected a similar improper discovery attempt via a trial subpoena, holding that "Plaintiffs are correct in their assertion that the subpoena issued by Defendants was an improper use of discovery devices after the close of discovery in this case" because "subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case".[4]  While recognizing a narrow exception to this rule for production of original documents subject to an authenticity objection – which has no application here, given that Mattel never raised such

---

[3]  Puritan, 1997 WL 793569, at **1-2 (internal citations omitted), citing, inter alia, Hatchett v. United States, No. 94-CV-74708-DT, 1997 WL 397730, at *3 (E.D. Mich. Feb. 28, 1997) (trial subpoena cannot be used to obtain belated discovery after discovery period has ended); McNerney v. Archer Daniels Midland Co., 164 F.R.D. 584, 588 (W.D.N.Y. 1995) ("when a [party] … is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied"); Pitter v. Am. Express Co., No. 82 Civ. 7451-CSH, 1984 WL 1272, at *5 (S.D.N.Y. Nov. 27, 1984) ("shotgun" production demands through use of trial subpoenas are impermissible substitute for proper pre-trial discovery).

[4]  Id., citing, inter alia, Marvin Lumber & Cedar Co. v. PPG Industries, Inc., 177 F.R.D. 443, 445 (D. Minn.) (subpoenas under Rule 45, invoking the authority of the court to obtain the pretrial production of documents and things, are discovery within the definition of Fed. R. Civ. P. 26(a)(5) and are therefore subject to the time constraints that apply to all other methods of formal discovery); Rice v. United States, 164 F.R.D. 556, 558 (N.D. Okla. 1995) (subpoenas duces tecum for particular records, issued to third parties after close of discovery for purposes of discovering impeachment material, were quashed as improper attempt to engage in discovery after designated time period); BASF Corp. v. Old World Trading Co., No. 86 C 5602, 1992 WL 24076, at **1-2, (N.D. Ill. Feb. 4, 1992) (trial subpoenas quashed as improper discovery after close of appropriate time period).

objections as to the documents in question, the <u>Integra</u> court also distinguished another authority cited by Mattel here, <u>Rice</u>, 164 F.R.D. 556, noting that "although the court in <u>Rice</u> did comment that a discovery cut-off did not bar a party from conducting an investigation for impeachment material or from performing other, more general, trial preparation, the court stressed that the further investigation after a discovery cut-off may not invoke the authority of the court (i.e. the issuance of a subpoena under Rule 45)." <u>Integra</u>, 190 F.R.D. at 562.

Since Mattel cannot maintain here that it did not have access to or knowledge of the documents it now seeks via a trial subpoena before the discovery was closed in this case, its subpoena should be quashed for the additional reason that it is a belated and improper discovery attempt.

## III. **CONCLUSION**

For the foregoing reasons, the MGA Parties request that the Court quash Mattel's subpoena to Mr. McFarland.

DATED: July 24, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/Thomas J. Nolan
Thomas J. Nolan
Attorneys for the MGA Parties