QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017–2543
Telephone:   (213) 443–3000
Facsimile:    (213) 443–3100

Attorneys for Plaintiff and Cross-
Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04–9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04–09059<br>Case No. CV 05–02727<br><br>**MATTEL'S *EX PARTE* APPLICATION (1) FOR ORDER COMPELLING COMPLIANCE OF LARRY MCFARLAND, MITCHELL KAMARCK AND DAPHNE GRONICH WITH TRIAL SUBPOENAS, AND (2) FOR CONDITIONAL ADMISSION OF EVIDENCE; AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:   July 24, 2008<br>Time:              3:00 p.m.<br>Place:             Courtroom 1<br><br>**Phase 1:**<br>Trial Date:       May 27, 2008 |

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2           Pursuant to Local Rule 7-19, Mattel, Inc. respectfully submits this *ex*

3   *parte* application for an Order (1) compelling Larry McFarland to appear for trial on

4   Friday, July 25, 2008, (2) compelling Daphne Gronich and Mitchell Kamarck to

5   appear for trial on August 5, 2008, (3) permitting the conditional admission of those

6   exhibits Mattel intends to introduce through these witnesses, including without

7   limitation Trial Exhibits 10, 17, 505, 507, 509, 509, 511, 557, 558, 559, 560, 561,

8   561, 562, 563, 564, 5463, 5473, 5477, 10173, 10234, 11840, 13119, 13561, 13561,

9   13572, 13690, 13691, 13692, 13692, 13693, 13695, 13696, 13696, 13697, 13697,

10  13698, 13698, 13699, 13699, 13700, 13700, 13705, 13706, 13707, 13708, 13709,

11  13710, 13711, 13712, 13713, 13714, 13715, 13718, 13721, 13725, 13729, 13730,

12  13731, 13732, 13733, 13734, 13735, 13736, 13738, 13740, 13741, 13742, 13743,

13  13747, 13751, 13753, 13754, 13755, 13756, 13783, 13784, and 13785, and

14  (4) ordering that Mattel may recall Isaac Larian to the stand after these witnesses

15  testify.

16          This Application is made pursuant to Federal Rule of Civil Procedure

17  45 on the grounds that, despite trial subpoenas requiring these witnesses to appear,

18  and despite Mattel's repeated requests that they appear and give testimony on either

19  July 23, 2008 or July 25, 2008, each has stated that they are unavailable to testify

20  until August 5, 2008.  Mattel will be prejudiced if it is unable to call these witnesses

21  to testify or if the Trial Exhibits to admitted through these witnesses are not

22  conditionally admitted prior to the testimony of Isaac Larian.  See Mission Power

23  Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995) (*ex*

24  *parte* is warranted upon a showing of prejudice).

25          Pursuant to Local Rule 7-19, Mattel gave notice of its intent to file this

26  *ex parte* on July 23, 2008 to counsel for Daphne Gronich, Mitchell Kamark, MGA

27  Entertainment, Inc., MGAE de Mexico, S.A. de C.R.L., MGA Entertainment (HK)

28  Limited, Isaac Larian (collectively "MGA"), Lauren Aguiar of Skadden, Arps, Slate,

07209/2582004.1

-1-

1  Meagher & Flom LLP (telephone: 212-735-2235; address: 4 Times Square, New

2  York, NY 10036), and Larry McFarland of Keats, McFarland & Wilson, LLP

3  (telephone: 310-248-3830; address: 9720 Wilshire Boulevard, Penthouse Suite,

4  Beverly Hills, California 90212).  MGA indicated that it would oppose this

5  Application.  Mr. McFarland did not respond.[1]

6           This Application is based on this Notice of Application, the

7  accompanying Memorandum of Points and Authorities, the Declaration of Cyrus S.

8  Naim filed concurrently herewith, and all other matters of which the Court may take

9  judicial notice.

10

11  DATED:  July 24, 2008              QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

12

13

                                      By  /s/ Michael T. Zeller
14                                        Michael T. Zeller
                                          Attorneys for Mattel, Inc.
15

16

17

18

19

20

21

22

23

24

25  _____

26     [1]  Despite Mattel's inquiries, MGA's counsel would not confirm that they

27  represent Mr. McFarland.  In any event, Mattel gave notice of this *ex parte* to Mr. McFarland as well as MGA's counsel.

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

Mattel needs the Court's assistance to ensure that three MGA lawyers with direct, personal knowledge of MGA's prior judicial admissions will appear to testify and that Mattel will be permitted to fully and fairly examine Isaac Larian at trial tomorrow.  As this Court has ruled, MGA's inconsistent factual statements in other litigation are relevant and admissible.  The witnesses at issue on this motion are Larry McFarland, Daphne Gronich and Mitchell Kamarck.  Each witness has been properly served with a subpoena.  Two of them have on-call agreements in which they promised to appear on 48 hours' notice.  Mattel has made clear since last week  that it needs and expects these witnesses to appear this week.  In response, MGA has provided moving target claims about their availability, including last-minute announcements that the witnesses have other purported commitments that take precedence over their obligations to appear as witnesses in this federal trial.  Most recently, after having declined to produce them earlier this week, MGA revealed yesterday that *none* of these three witnesses will appear on Friday either.

Mattel must have the ability to call these witnesses.  MGA is inappropriately dictating the presentation of Mattel's case through the refusal of present and former counsel -- all of whom are officers of this Court -- to comply with trial subpoenas except when convenient for them.  Their refusals to appear also will prevent Mattel from having dolls MGA sued upon in prior litigation admitted into evidence before Isaac Larian takes the stand on Friday.  Though both parties have attempted to make accommodations when a particular witness is legitimately unavailable on any given day, it is simply unreasonable when *three* separate witnesses profess to be wholly unavailable for either of two trial days.  Mattel cannot adequately present its case in the current circumstances.

In short, timely compliance with duly issued subpoenas seems to be optional to each of these attorney-witnesses, as it apparently does to MGA.  An

-1-

1  Order is necessary because Mattel is prejudiced by the failure of these witnesses to

2  comply.  Accordingly, Mattel respectfully requests that the Court (1) compel Larry

3  McFarland to appear for trial on Friday, July 25, 2008, (2) compel Daphne Gronich

4  and Mitchell Kamarck to appear for trial on August 5, 2008, (3) conditionally admit

5  the exhibits Mattel intends to introduce through these witnesses and (4) order that

6  Mattel may recall Isaac Larian to the stand after these witnesses testify.

7  **Argument**

8       Each of the three witnesses has acted as counsel for MGA and are

9  presumably cooperative with their client, MGA.  These witnesses are, furthermore,

10  officers of this Court.  MGA and the witnesses have had ample notice of the fact

11  that each of these witnesses were to appear at the start of Phase 1(b) of Mattel's case.

12  Indeed, Mattel stated in open court and in filings on July 18, 2008 that it intended to

13  call these witnesses to testify in Phase 1(b).[2]  That Phase commenced on July 23.

14  Nevertheless, ***all three*** of these MGA witnesses -- from whom Mattel needs key

15  testimony regarding the inconsistent positions MGA has taken in other litigation --

16  have declined to appear on ***any*** trial day this week, including through last-minute

17  claims of unspecified scheduling conflicts.[3]

18       More specifically, Larry McFarland was served with a subpoena on

19  July 16, 2008.[4]  Mr. McFarland served as MGA counsel in litigation in which MGA

20  took positions inconsistent with its positions in this suit.  The subpoena required Mr.

21  McFarland to appear at trial with documents and items -- including the dolls MGA

22  has sued upon in prior litigation -- at the start of phase 1(b) trial.  Mr. McFarland

23  _____

24    [2]  Trial Tr. dated July 18, 2008, at 5102:8-20, attached as Exhibit 11 to the
concurrently filed Declaration of Cyrus S. Naim ("Naim Dec."); see also [Amended]

25  List of Witnesses Mattel Intends to Call in Its Case-in-Chief in Phase 1B, dated July

26  18, 2008, Naim Dec., Exh. 9.

  [3]  Naim Dec., Exhs. 5, 12.

27    [4]  Naim Dec., Exh. 1.

28

-2-

EX PARTE APPLICATION FOR ORDER COMPELLING COMPLIANCE WITH TRIAL SUBPOENAE

1  accepted service of the subpoena.[5]  It was not until the afternoon of July 22, 2008

2  that Mr. McFarland purported to make himself available to testify, although only on

3  a unilaterally imposed condition that was not acceptable to Mattel.[6]  That same

4  evening, Mattel again informed Mr. McFarland that he should appear to testify on

5  July 23, with the subpoenaed documents and original items.[7]

6          On July 23, 2008, Mr. McFarland claimed in response that for various

7  reasons he was not available to testify that day.[8]  Mattel responded that, subject to

8  the Court ruling upon the motion to quash his subpoena, he would be required for

9  testimony on Friday, July 25, 2008.[9]  Again, Mr. McFarland resisted.  At 6:40 p.m.

10  on July 23, he wrote:  "[a]s you know I accepted service of the subpoena.  However

11  I have client commitments on Friday, but I am available on what I think is the next

12  court day which is Tuesday August 5."[10]  Mattel responded that despite

13  Mr. McFarland's vaguely described "client commitments," Mattel still expected his

14  appearance on July 25, 2008.[11]  Subsequent efforts by Mattel to confirm with Mr.

15  McFarland and MGA that Mr. McFarland would in fact appear were unavailing.[12]

16

17  _____

18      [5]   Email chain ending with email from Larry McFarland to James Webster, dated
19  July 23, 2008, at 6:40 p.m., Naim Dec., Exh. 5.  Mr. McFarland was previously
ordered by the Court to accept service of subpoenas for his clients -- former MGA
20  employees -- who were evading service. Civil Minutes Order, dated February 25,
2008, Naim Dec., Exh. 10.
21      [6]   Email chain ending with email from Larry McFarland to James Webster, dated
22  July 23, 2008, at 9:13 a.m., Naim Dec., Exh. 4.
      [7]   Id.
23      [8]   Id.
24      [9]   Email chain ending with email from Larry McFarland to James Webster, dated
July 23, 2008, at 6:40 p.m., Naim Dec., Exh. 5.
25      [10]   Id.
26      [11]   Email chain ending with an email from Lauren Aguiar to Michael Zeller and
John Quinn, dated July 23, 2008, at 8:38 p.m., Naim Dec., Exh. 6.
27      [12]   Id.
28

07209/2582004.1

-3-

EX PARTE APPLICATION FOR ORDER COMPELLING COMPLIANCE WITH TRIAL SUBPOENAE

1    Daphne Gronich is former General Counsel of MGA.  Ms. Gronich was

2   responsible for MGA's litigation at a time when MGA made relevant admissions in

3   litigation proceedings, i.e. of which Mattel will adduce evidence in Phase 1(b).

4   Ms. Gronich was served with a trial subpoena on May 2, 2008.[13]  Until July 23,

5   MGA had stated that Ms. Gronich could not appear on July 23, but indicated her

6   potential availability on July 25.[14]  The stated reason Ms. Gronich couldn't appear

7   on July 23 was that she wanted to attend a deposition -- as it turned out, she attended

8   the deposition as an observer only.[15]  Then, on July 23, MGA informed Mattel for

9   the first time that Ms. Gronich would not appear until August 5.[16]

10    Mitchell Kamarck -- another former General Counsel of MGA during a

11   time when judicial admissions relevant to Phase 1(b) were made -- was served with

12   a trial subpoena on April 30, 2008.[17]  MGA initially stated that it left messages for

13   Mr. Kamarck, but that MGA was unable to provide information as to when and

14   whether Mr. Kamarck would appear.[18]  On the afternoon of July 23, MGA informed

15   Mattel that Mr. Kamarck would not be available to appear until August 5.[19]

16   _____

17   [13]  Naim Dec., Exh. 2.

18   [14]  Email chain ending with an email from John Quinn to Lauren Aguiar,
Michael Zeller, and Jon Corey, dated July 21, 2008, at 5:05 p.m., Naim Dec., Exh.
19   7; email chain ending with an email from Lauren Aguiar to Michael Zeller, dated
20   July 21, 2008, at 10:06 p.m., Naim Dec., Exh. 8.
    [15]  Naim Dec., ¶ 9; email chain ending with an email from Lauren Aguiar to
21   Michael Zeller, dated July 21, 2008, at 10:06 p.m., Naim Dec., Exh. 8.
22   [16]  Trial Transcript dated July 23, 2008, P.M. Session, at 5565:20-5566:13, Naim
    Dec., Exh. 12.
23   [17]  Naim Dec., Exh. 3.
24   [18]  Email chain ending with an email from John Quinn to Lauren Aguiar,
Michael Zeller, and Jon Corey, dated July 21, 2008, at 5:05 p.m., Naim Dec., Exh.
25   7; email chain ending with an email from Lauren Aguiar to Michael Zeller, dated
26   July 21, 2008, at 10:06 p.m., Naim Dec., Exh. 8.
    [19]  Trial Transcript dated July 23, 2008, P.M. Session, at 5565:20-5566:13, Naim
27   Dec., Exh. 12.

28

07209/2582004.1

-4-
EX PARTE APPLICATION FOR ORDER COMPELLING COMPLIANCE WITH TRIAL SUBPOENAE

1    Mattel is being prejudiced by MGA's lack of reasonable cooperation

2  because it threatens to impede Mattel's ability to put on its case-in-chief in an

3  orderly, cogent fashion.  It is simply not reasonable to refuse to produce three

4  separate witnesses for either of two trial days, especially on an issue as important to

5  Mattel's case as MGA's prior judicial admissions.  As this Court has made clear,

6  MGA's prior statements in prior suits are relevant and admissible.  MGA should not

7  be permitted to thwart their introduction through further, moving target claims of

8  unavailability by these lawyers.  Mr. McFarland should be ordered to appear at trial

9  on July 25, 2008.  To ensure there is no further last-minute "slippage" of their

10  availability, Ms. Gronich and Mr. Kamarck also should be ordered to appear on

11  August 5, 2008.

12    At a minimum, Mattel asks the Court to conditionally admit into

13  evidence the items and documents Mattel planned to admit through these witnesses

14  before Isaac Larian is called to testify on Friday.  Unless the exhibits are

15  conditionally admitted, Mattel will be unable to cross-examine Mr. Larian on key

16  subjects and will have its case impeded.  Also at a minimum, Mattel asks that this

17  Court order Mr. McFarland to appear on July 25, 2008 with the originals of the

18  items MGA has accused of infringement, as requested in his trial subpoena, and

19  authenticate them, and allow the conditional admission of the exhibits listed above.

20  Finally, Mattel should be permitted the right to recall Isaac Larian after these

21  witnesses have testified.

22  /

23  /

24  /

25  /

26  /

27  /

28  /

-5-

1
## Conclusion

2          For all the foregoing reasons, Mattel respectfully requests that its

3    Application be granted.

4

5    DATED:  July 24, 2008              QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
6

7
                                        By /s/ Michael T. Zeller
8                                          Michael T. Zeller
                                           Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28