# Exhibit 1

07/15/2008 16:35 FAX 12134433100          QEUQH LA0 2                      @006/008

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

| CENTRAL DISTRICT | OF CALIFORNIA |
|---|---|

CARTER BRYANT, an individual

V.

MATTEL, INC., a Delaware corporation

**SUBPOENA IN A CIVIL CASE**

Case Number:¹  CV 04-9049 SGL (RNBx)
Consolidated with cases
CV 04-9059 and CV 05-2727

TO: Larry McFarland, Keats, McFarland & Wilson
9720 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90212

[X]  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| US District Court - Central District of California Eastern Division - Riverside Courthouse 3470 Twelfth Street Riverside, CA 92501 | Hon. Stephen Larson Court Room 1 |
| | DATE AND TIME |
| | July 22, 2008 9:00 a.m. |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | July 15, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
James Webster, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017          (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO-88

Exhibit 1
Page 3

## ATTACHMENT A (LARRY McFARLAND)

### Documents To Be Produced

(1)     ALL original photographs of the dolls "Musical Trendy Teenies", "Angel Doll", and "Fashion Doll".

(2)     ALL of the actual doll products known as "Musical Trendy Teenies", "Angel Doll", and "Fashion Doll".

(3)     ALL DOCUMENTS referring or relating to the lawsuit filed by MGA against Multitoy in 2004, styled MGA ENTERTAINMENT, INC., Plaintiff v. MULTITOY, INC., YUAN-LAN LIU, an individual, JEFF WU, an individual, and dba IMG TOYS, ALL TOY IMPORTS, INC., SUSAN LIU, an individual, TOYSDIVISION, INC., TOM LIU, an individual, and DOES 1-10, Defendants.

(4)     ALL ORIGINALS of any drawings, sculpts, molds, and other tangible items relating to the dolls known as "Musical Trendy Teenies", "Angel Doll", and "Fashion Doll".

07209/2571840.1

Exhibit 1
Page 4

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.
(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit 1
Page 5

Exhibit 2

AO88  (Rev. 12/06) Subpoena in a Civil C

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL      DISTRICT OF   CALIFORNIA

CARTER BRYANT, an individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation

Case Number: [1]  CV 04-9049 SGL  (RNBx)
Consolidated with cases
CV 04-9059 and CV 05-2727

TO:  Daphne Gronich
611 North Los Casas Avenue
Pacific Palisades, CA 90272

[x]  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY<br>United States District Court<br>Eastern Division, Riverside<br>3470 Twelfth Street<br>Riverside, CA 92501 | COURTROOM<br>Hon. Stephen G. Larson<br>Court Room 1 |
|---|---|
| | DATE AND TIME<br>May 27, 2008<br>9:00 a.m. |

[ ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[ ]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ]  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Mattel, Inc. | DATE<br>4/24/08 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Lesley E. Williams, Quinn Emanuel Urquhart Oliver & Hedges, LLP,
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)
[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit 2
Page 6
AO88

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5/2/2008 | 865 South Figueroa Street, 3rd Floor<br>Los Angeles, CA 90017 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| DAPHNE GRONICH -- Witness Fee Paid $121.50 | Personal (Served 5-2-08 at 6:05 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David Quintana | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on      5/5/2008

DATE

_Steve Quintana_

SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los

ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A.Cty. #5426

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit 2
Page 7

# Exhibit 3

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

## UNITED STATES DISTRICT COURT

_____CENTRAL_____ DISTRICT OF _CALIFORNIA_____

CARTER BRYANT, an individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation

Case Number: [1] CV 04-9049 SGL (RNBx)
Consolidated with cases
CV 04-9059 and CV 05-2727

TO: Mitchell David Kamarck
2660 Byron Place
Los Angeles, CA 90046

[X] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| US District Court - Central District of California Eastern Division - Riverside Courthouse 3470 Twelfth Street Riverside, CA 92501 | Hon. Stephen G. Larson Court Room 1 |
| | DATE AND TIME May 27, 2008, 9:00 a.m. |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _signature_ Attorney for Mattel, Inc. | 4/30/08 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Lesley E. Williams, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017    (213)443-3000

Exhibit 3
Page 8

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4/30/2008 | 2660 Byron Place<br>Los Angeles, CA 90046 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Mitchell David Kamarck --Witness Fee Paid $109.70 | Personal (Served 4-30-08 at 8:13 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Mark Shurlock | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on      5/1/2008
               DATE

SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los

ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B)(iii), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit 3
Page 9

Exhibit 4

## RE: Bryant v. Mattel et al - McFarland Subpoena

Larry W. McFarland [LMcfarland@kmwlaw.com]

| | |
|---|---|
| **Sent:** | Wednesday, July 23, 2008 9:13 AM |
| **To:** | James Webster; Christian C. Dowell [CDowell@kmwlaw.com] |
| **Cc:** | Michael T Zeller |
| **Attachments:** | KMW-ECOPYPH_EXCHANGE_07232~1.pdf (153 KB) |

---

James,

I am confused by the email that you sent to me last night at 9 pm. As you know, as a professional courtesy I agreed on July 16 to accept service of the subpoena on me, but I specifically reserved all of my rights to object to the subpoena, including without limitation, objecting to the production of documents, and that my acceptance of service of the subpoena was without waiver of the right to file a motion to quash. You agreed that I had reserved all of my objections, apart from any objection as to service. Along with the subpoena that your courier hand delivered to me, you included an on call agreement which stated in relevant part that it would be "unlikely that [I would] be called to testify on July 22" which is the date that the subpoena that you served on me commanded that I appear. (see attached subpoena)

I signed the on call agreement as drafted, except that I changed the 24 hour notice period to 48 hours, which has been the on going practice in this case. Christian emailed the signed agreement to you yesterday at approximately 2:30 pm. Also, as you know and pursuant to my email dated July 16, where I reserved all of my rights to object to the subpoena, on July 21 Skadden filed a motion to quash the subpoena.

With respect to the demand in your email last night that I appear in court today with the documents requested in the subpoena, unfortunately I am not available. Based on your on call letter, I did not expect to be called as a witness today and in addition you did not provide me with even the 24 hours notice set forth in your letter (which should be 48 hours notice as set forth above).

Michael, if you raise this matter up with Judge Larson today, I would appreciate it if you would tell Judge Larson about my position as set forth in this email.

Best regards,

Larry McFarland
**KEATS, McFARLAND & WILSON, LLP**
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Direct: (310) 777-3750
Facsimile: (310) 860-0363
www.kmwlaw.com

=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=
THIS MESSAGE IS INTENDED ONLY FOR THE
USE OF THE INDIVIDUAL OR ENTITY TO
WHICH IT IS ADDRESSED AND MAY CONTAIN
INFORMATION THAT IS PRIVILEGED, CONFI-
DENTIAL, AND EXEMPT FROM DISCLOSURE
UNDER APPLICABLE LAW.

Exhibit 4
Page 10

If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the
message to the intended recipient, you are hereby notified that any dissemination, distribution, forwarding, or
copying of this communication is strictly prohibited. If you have received this communication in error, please
notify the sender immediately by e-mail or telephone, and delete the original message immediately. For more
information, please visit http://www.kmwlaw.com. Thank you.

**From:** James Webster [mailto:jameswebster@quinnemanuel.com]
**Sent:** Tuesday, July 22, 2008 9:12 PM
**To:** Christian C. Dowell
**Cc:** Larry W. McFarland; Michael T Zeller
**Subject:** RE: Bryant v. Mattel et al - McFarland Subpoena

Larry and Christian -

It goes without saying that the subpoena requiring Larry to appear tomorrow July 23 in Judge Larson's
courtroom, with the requested documents remains in. The order of witnesses was made clear last week to all
parties, as you are undoubtedly aware.

We look forward to seeing you tomorrow morning.

---

**From:** Christian C. Dowell [mailto:CDowell@kmwlaw.com]
**Sent:** Tuesday, July 22, 2008 2:37 PM
**To:** James Webster
**Subject:** Bryant v. Mattel et al - McFarland Subpoena

James,

I hope you are well.  Please find the attached agreement executed by Larry.

Best regards,

Christian C. Dowell, Esq.
**KEATS, McFARLAND & WILSON, LLP**
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Direct: (310) 777-3749
Facsimile: (310) 860-0363
www.kmwlaw.com

=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=
THIS MESSAGE IS INTENDED ONLY FOR THE
USE OF THE INDIVIDUAL OR ENTITY TO
WHICH IT IS ADDRESSED AND MAY CONTAIN
INFORMATION THAT IS PRIVILEGED, CONFI-
DENTIAL, AND EXEMPT FROM DISCLOSURE
UNDER APPLICABLE LAW.
If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the
message to the intended recipient, you are hereby notified that any dissemination, distribution, forwarding, or
copying of this communication is strictly prohibited. If you have received this communication in error, please

Exhibit 4
Page 11

notify the sender immediately by e-mail or telephone, and delete the original message immediately. For more information, please visit http://www.kmwlaw.com. Thank you.
=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=

Exhibit 4
Page 12

# Exhibit 5

## RE: Update re your appearance at trial

Larry W. McFarland [LMcfarland@kmwlaw.com]

**Sent:** Wednesday, July 23, 2008 6:40 PM

**To:** James Webster

**Cc:** Christian C. Dowell [CDowell@kmwlaw.com]

---

James,

   If Judge Larson does not quash the subpoena, I will of course comply. As you know I accepted service of the subpoena. However, I have client commitments on Friday, but I am available on what I think is the next court day which is Tuesday August 5.

Sincerely,

Larry W. McFarland
KEATS, McFARLAND & WILSON, LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Direct: (310) 777-3750
Telephone: (310) 248-3830
Facsimile: (310) 860-0363


=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=
THIS MESSAGE IS INTENDED ONLY FOR THE
USE OF THE INDIVIDUAL OR ENTITY TO
WHICH IT IS ADDRESSED AND MAY CONTAIN
INFORMATION THAT IS PRIVILEGED, CONFI-
DENTIAL, AND EXEMPT FROM DISCLOSURE
UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, forwarding, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by e-mail or telephone, and delete the original message immediately. For more information, please visit http://www.kmwlaw.com . Thank you.


=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=

---

**From:** James Webster [mailto:jameswebster@quinnemanuel.com]
**Sent:** Wednesday, July 23, 2008 5:07 PM
**To:** James Webster; Larry W. McFarland
**Cc:** Christian C. Dowell
**Subject:** RE: Update re your appearance at trial

correction - that is Friday July 25 at 9am. Thank you.

---

**From:** James Webster
**Sent:** Wednesday, July 23, 2008 5:05 PM
**To:** 'Larry W. McFarland'
**Cc:** 'Christian C. Dowell'
**Subject:** Update re your appearance at trial

Exhibit 5
Page 13

Hello Larry -

I understand that the Court intends to rule tomorrow Thursday on the motion to quash the trial subpoena for you to appear with documents and tangibles.

Please note that if the subpoena remains in effect Mattel requires your attendance at trial with the requested items on Friday July 24 at 9am.

Thank you.

Exhibit 5
Page 14

# Exhibit 6

# RE: Friday

## Aguiar, Lauren E [Lauren.Aguiar@skadden.com]

**Sent:**  Wednesday, July 23, 2008 8:38 PM

**To:**  Michael T Zeller; John Quinn

**Cc:**  Herrington, Robert J (LAC) [Robert.Herrington@skadden.com]; William Price; Jon Corey; LMcfarland@kmwlaw.com; Nolan, Thomas J (LAC) [Thomas.Nolan@skadden.com]

---

I'm not going to engage in these email exchanges with you any further.
If the issue needs to be raised with the Judge, we'll do so.

-----Original Message-----
From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent: Wednesday, July 23, 2008 8:23 PM
To: Aguiar, Lauren E (NYC); John Quinn
Cc: Herrington, Robert J (LAC); William Price; Jon Corey;
'LMcfarland@kmwlaw.com'; Nolan, Thomas J (LAC)
Subject: RE: Friday

He is MGA's lawyer.  We expect MGA to ensure his production on Friday
without further excuses.

-----Original Message-----
From: Aguiar, Lauren E [mailto:Lauren.Aguiar@skadden.com]
Sent: Wednesday, July 23, 2008 8:21 PM
To: Michael T Zeller; John Quinn
Cc: Herrington, Robert J (LAC); William Price; Jon Corey;
LMcfarland@kmwlaw.com; Nolan, Thomas J (LAC)
Subject: RE: Friday

Thank you for the list of witnesses for Friday.

I understand that Mr. Webster of your firm continues to correspond with
Mr. McFarland about his availability to testify if the motion to quash
is denied.  Your allegations regarding a general lack of cooperation
regarding scheduling of certain non-party witnesses are unfounded and
tiresome.

-----Original Message-----
From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent: Wednesday, July 23, 2008 8:15 PM
To: John Quinn; Aguiar, Lauren E (NYC)
Cc: Herrington, Robert J (LAC); William Price; Jon Corey;
'LMcfarland@kmwlaw.com'
Subject: RE: Friday

Below is an updated Friday list.  Please note that Mr. McFarland now
claims he is not available on Friday.  This is not acceptable.  We gave
notice well over a week ago that we expected him to testify.  Please
take this as notice that, unless we receive immediate confirmation he
will appear Friday morning and unless his motion to quash is granted in
the interim, we will be moving ex parte to compel his appearance and for
sanctions.  The lack of cooperation and last minute claims of scheduling
conflicts in connection with the appearance of MGA's lawyers -- all of
whom are officers of the court -- needs to end.

Custodian

Exhibit 6
Page 15

McFarland

Janet Bryant (video)

Lee (video)

Chui (video)

Kuemmerle (video)

Armstrong

Carol Scott

Keiser

Larian

-----Original Message-----
From: John Quinn
Sent: Wednesday, July 23, 2008 6:02 PM
To: 'Lauren.Aguiar@skadden.com'; Michael T Zeller
Cc: 'Robert.Herrington@skadden.com'; William Price; Jon Corey
Subject: Re: Friday

Yes of crse but we're scrambling

John B. Quinn
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3200
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

E-Mail: johnquinn@quinnemanuel.com
Web: www.quinnemanuel.com


----- Original Message -----
From: Aguiar, Lauren E <Lauren.Aguiar@skadden.com>
To: Michael T Zeller
Cc: Herrington, Robert J (LAC) <Robert.Herrington@skadden.com>; John
Quinn; William Price; Jon Corey
Sent: Wed Jul 23 17:58:51 2008
Subject: Re: Friday

Ms. Gronich and Mr. Kamarck tell me that they will be available on Tues
the 5th. I appreciate that you are trying to figure out witnesses to
fill in, but we do need to know as soon as possible who is up on Friday.

Thanks


_____

From: Michael T Zeller
To: Aguiar, Lauren E (NYC)
Cc: Herrington, Robert J (LAC); John Quinn ; William Price ; Jon Corey
Sent: Wed Jul 23 20:54:53 2008

                                                            Exhibit 6
                                                            Page 16

Subject: RE: Friday


Lauren, I understand from the sidebar that Gronich and Kamarck are not
available on Friday.  (If I misunderstood, please let me know.)  Given
that, I am looking right now at who we can add on Friday to make sure we
get through the day.  I will send you a follow up email on that.


_____

From: Aguiar, Lauren E [mailto:Lauren.Aguiar@skadden.com]
Sent: Wednesday, July 23, 2008 5:48 PM
To: Michael T Zeller
Cc: Herrington, Robert J (LAC); John Quinn; William Price; Jon Corey
Subject: Re: Friday



Ok, we will have Ms. Pembleton back on Fri.  And Ms. Tonnu will be
released for that day.

Pls confirm that these are the witnesses for Fri:

Custodian

McFarland (pending motion to quash)

Larian

Janet Bryant (video)

Lee (video)

Chui (video)



----- Original Message -----
From: Michael T Zeller <michaelzeller@quinnemanuel.com>
To: Aguiar, Lauren E (NYC)
Cc: Herrington, Robert J (LAC); John Quinn <johnquinn@quinnemanuel.com>;
William Price <williamprice@quinnemanuel.com>; Jon Corey
<joncorey@quinnemanuel.com>
Sent: Wed Jul 23 15:11:09 2008
Subject: Re: Friday

Lauren, a couple other points. One is that we currently don't expect to
need Ms. Tonnu for Friday. Two, the custodian (Ms. Pembleton) will be on
Fri as well if she isn't completed today.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com

Exhibit 6
Page 17

Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above.  This
message may be an attorney-client communication and/or work product and
as such is privileged and confidential.  If the reader of this message
is not the intended recipient or agent responsible for delivering it to
the intended recipient, you are hereby notified that you have received
this document in error and that any review, dissemination, distribution,
or copying of this message is strictly prohibited.  If you have received
this communication in error, please notify us immediately by e-mail, and
delete the original message.


----- Original Message -----
From: Michael T Zeller
To: 'Lauren.Aguiar@skadden.com' <Lauren.Aguiar@skadden.com>
Cc: 'Robert.Herrington@skadden.com' <Robert.Herrington@skadden.com>
Sent: Wed Jul 23 11:55:22 2008
Subject: Re: Friday

Right, assuming that court doesn't rule today re the mcfarland motion to
quash.  Also, is MGA amenable to agreeing that we can introduce
testimony by Bryan Armstrong by video rather than having to call him
live?  We expect it will be a short clip. Thanks.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above.  This
message may be an attorney-client communication and/or work product and
as such is privileged and confidential.  If the reader of this message
is not the intended recipient or agent responsible for delivering it to
the intended recipient, you are hereby notified that you have received
this document in error and that any review, dissemination, distribution,
or copying of this message is strictly prohibited.  If you have received
this communication in error, please notify us immediately by e-mail, and
delete the original message.


----- Original Message -----
From: Aguiar, Lauren E <Lauren.Aguiar@skadden.com>
To: Michael T Zeller
Cc: Herrington, Robert J (LAC) <Robert.Herrington@skadden.com>
Sent: Wed Jul 23 10:57:10 2008
Subject: Re: Friday

So please confirm that your list for Friday is:

Gronich (she may be available on Friday)

Exhibit 6
Page 18

Kamarck

McFarland (motion to quash pending)

Larian

Tonnu

Janet Bryant (video)

Lee (video)

Chui (video)


----- Original Message -----
From: Michael T Zeller <michaelzeller@quinnemanuel.com>
To: Aguiar, Lauren E (NYC)
Cc: Herrington, Robert J (LAC)
Sent: Wed Jul 23 12:50:08 2008
Subject: Re: Friday

Same as before as it currently stands.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above.  This
message may be an attorney-client communication and/or work product and
as such is privileged and confidential.  If the reader of this message
is not the intended recipient or agent responsible for delivering it to
the intended recipient, you are hereby notified that you have received
this document in error and that any review, dissemination, distribution,
or copying of this message is strictly prohibited.  If you have received
this communication in error, please notify us immediately by e-mail, and
delete the original message.


----- Original Message -----
From: Aguiar, Lauren E <Lauren.Aguiar@skadden.com>
To: Michael T Zeller
Cc: Herrington, Robert J (LAC) <Robert.Herrington@skadden.com>
Sent: Wed Jul 23 09:49:02 2008
Subject: Friday

Mike:  we need your witness list for Friday. Thanks.

------------------------------------------------------------------------
------ ****************************************************

To ensure compliance with Treasury Department regulations, we advise you
that, unless otherwise expressly indicated, any federal tax advice
contained in this message was not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding tax-related penalties
under the Internal Revenue Code or applicable state or local tax law
provisions or (ii) promoting, marketing or recommending to another party
any tax-related matters addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email and any attachments thereto, is intended only for use by the
addressee(s) named herein and may contain legally privileged and/or
confidential information. If you are not the intended recipient of this
email, you are hereby notified any dissemination, distribution or
copying of this email, and any attachments thereto, is strictly
prohibited. If you receive this email in error please immediately notify
me at (212) 735-3000 and permanently delete the original copy and any
copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their
professional qualifications will be provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
==================================================================
======


-----------------------------------------------------------------------
------ \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To ensure compliance with Treasury Department regulations, we advise you
that, unless otherwise expressly indicated, any federal tax advice
contained in this message was not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding tax-related penalties
under the Internal Revenue Code or applicable state or local tax law
provisions or (ii) promoting, marketing or recommending to another party
any tax-related matters addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email and any attachments thereto, is intended only for use by the
addressee(s) named herein and may contain legally privileged and/or
confidential information. If you are not the intended recipient of this
email, you are hereby notified any dissemination, distribution or
copying of this email, and any attachments thereto, is strictly
prohibited. If you receive this email in error please immediately notify
me at (212) 735-3000 and permanently delete the original copy and any
copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their
professional qualifications will be provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
==================================================================
======


-----------------------------------------------------------------------
------ \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Exhibit 6
Page 20

To ensure compliance with Treasury Department regulations, we advise you
that, unless otherwise expressly indicated, any federal tax advice
contained in this message was not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding tax-related penalties
under the Internal Revenue Code or applicable state or local tax law
provisions or (ii) promoting, marketing or recommending to another party
any tax-related matters addressed herein.
****************************************************
****************************************************

This email and any attachments thereto, is intended only for use by the
addressee(s) named herein and may contain legally privileged and/or
confidential information. If you are not the intended recipient of this
email, you are hereby notified any dissemination, distribution or
copying of this email, and any attachments thereto, is strictly
prohibited. If you receive this email in error please immediately notify
me at (212) 735-3000 and permanently delete the original copy and any
copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their
professional qualifications will be provided upon request.
****************************************************
======================================================================
======

------------------------------------------------------------------------
------ ****************************************************

To ensure compliance with Treasury Department regulations, we advise you
that, unless otherwise expressly indicated, any federal tax advice
contained in this message was not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding tax-related penalties
under the Internal Revenue Code or applicable state or local tax law
provisions or (ii) promoting, marketing or recommending to another party
any tax-related matters addressed herein.
****************************************************
****************************************************

This email and any attachments thereto, is intended only for use by the
addressee(s) named herein and may contain legally privileged and/or
confidential information. If you are not the intended recipient of this
email, you are hereby notified any dissemination, distribution or
copying of this email, and any attachments thereto, is strictly
prohibited. If you receive this email in error please immediately notify
me at (212) 735-3000 and permanently delete the original copy and any
copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their
professional qualifications will be provided upon request.
****************************************************
======================================================================
======

------------------------------------------------------------------------
------
****************************************************

Exhibit 6
Page 21

To ensure compliance with Treasury Department regulations, we advise you
that, unless otherwise expressly indicated, any federal tax advice
contained in this message was not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding tax-related penalties
under the Internal Revenue Code or applicable state or local tax law
provisions or (ii) promoting, marketing or recommending to another party
any tax-related matters addressed herein.
***************************************************
***************************************************

This email and any attachments thereto, is intended only for use by the
addressee(s) named herein and may contain legally privileged and/or
confidential information. If you are not the intended recipient of this
email, you are hereby notified any dissemination, distribution or
copying of this email, and any attachments thereto, is strictly
prohibited. If you receive this email in error please immediately notify
me at (212) 735-3000 and permanently delete the original copy and any
copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their
professional qualifications will be provided upon request.
***************************************************
==================================================================
======


-------------------------------------------------------------------------------
***************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly
indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot
be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state
or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters
addressed herein.
***************************************************
***************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may
contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you
are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is
strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and
permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon
request.
***************************************************
===================================================================

Exhibit 6
Page 22

Exhibit 7

# Re:

John Quinn

**Sent:**  Monday, July 21, 2008 5:05 PM

**To:**    Lauren.Aguiar@skadden.com; Jon Corey; Michael T Zeller

---

We wld like to proceed immediately to begin exhibit tagging all the bratz products.  When can we start doing this?  Or will mga do it?

Also please confirm that mga's document custodian will be prepared to authenticate all these products immediately upon taking the stand friday.

John B. Quinn
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3200
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

E-Mail: johnquinn@quinnemanuel.com
Web: www.quinnemanuel.com

----- Original Message -----
From: Aguiar, Lauren E <Lauren.Aguiar@skadden.com>
To: John Quinn
Sent: Mon Jul 21 16:44:10 2008
Subject: Re:

That is correct. I believe she would be available on Fri., obviously subject to how the discovery issue plays out.

----- Original Message -----
From: John Quinn <johnquinn@quinnemanuel.com>
To: Aguiar, Lauren E (NYC)
Sent: Mon Jul 21 19:05:03 2008
Subject: Re:

Ms gronich is not available wed?

John B. Quinn
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3200
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

E-Mail: johnquinn@quinnemanuel.com
Web: www.quinnemanuel.com

----- Original Message -----
From: Aguiar, Lauren E <Lauren.Aguiar@skadden.com>
To: John Quinn
Sent: Mon Jul 21 15:57:47 2008
Subject: Re:

Exhibit 7
Page 23

I've traded messages with Ms. Gronich and I should be able to confirm tonight that she is available on Friday. I left a voicemail and an email for Mr. Kamarck and have not heard back from him. (But we do not concede that the pleadings from other cases should come in, or that they should testify.)


_____

From: John Quinn
To: Aguiar, Lauren E (NYC)
Sent: Mon Jul 21 18:28:21 2008
Subject:


any news on kaymark and gronich availability for wed?

John B. Quinn
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: 213-443-3000
Facsimile:  213-443-3100
E-mail:  johnquinn@quinnemanuel.com <mailto:johnquinn@quinnemanuel.com>
Web:  www.quinnemanuel.com <http://www.quinnemanuel.com/>

"There is nothing which is not the subject of debate.  Amidst all this bustle tis not reason which carries the prize but eloquence, and no man needs ever despair of gaining prosylelites to the most extravagant hypothesis who has art enough to represent it in any favorable colors.  The victory is not gained by the men at arms who manage the pike and sword, but by the trumpeters, drummers and musicians of the army."

--David Hume

----------------------------------------------------------------------------- ********************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
******************************************************** ********************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
****************************************************
===============================================================================


----------------------------------------------------------------------------- ********************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state

Exhibit 7
Page 24

or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
************************************************** **************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
****************************************************

===============================================================================

Exhibit 7
Page 25

# Exhibit 8

## Re: Wednesday witnesses

Aguiar, Lauren E [Lauren.Aguiar@skadden.com]

**Sent:** Monday, July 21, 2008 10:06 PM

**To:** Michael T Zeller

**Cc:** Herrington, Robert J (LAC) [Robert.Herrington@skadden.com]; John Quinn; William Price; Jon Corey

---

As I told John earlier today, Ms. Gronich is not available on Wednesday. It may be Friday, but she did not confirm that tonight. Apparently she has a deposition previously scheduled in another case.

There has been a motion to quash filed as to Mr. McFarland.

I have been trading emails and calls with Mr. Kamarck. He wrote me this evening that he has work things and issues with his daughter so I haven't gotten a firm date.

I'm doing everything I can on these three.

In any event, we need to know your witnesses for Wednesday and Friday.

---

**From**: Michael T Zeller
**To**: Aguiar, Lauren E (NYC)
**Cc**: Herrington, Robert J (LAC); John Quinn ; William Price ; Jon Corey
**Sent**: Tue Jul 22 00:55:35 2008
**Subject**: RE: Wednesday witnesses

We need you to provide Gronich, McFarland and Kamarck.  Two of them have 48 hour on-call agreements.  We expect them to show up.

---

**From:** Aguiar, Lauren E [mailto:Lauren.Aguiar@skadden.com]
**Sent:** Monday, July 21, 2008 9:50 PM
**To:** Michael T Zeller
**Cc:** Herrington, Robert J (LAC)
**Subject:** Re: Wednesday witnesses

Mike:  we need to know your witness line-up.

------Original Message------
To: Michael T Zeller
Cc: Robert Herrington
Sent: Jul 21, 2008 10:03 PM
Subject: Wednesday witnesses

In light of the various rulings and developments today, who are your desired witnesses for Wednesday and Friday? Thanks

-------------------------------------------------------------------- ****************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
************************************************************ ****************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in

Exhibit 8
Page 26

error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
****************************************************
=========================================================================

-------------------------------------------------------------------------- ***************************************************


To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
**************************************************** ***************************************************


This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
****************************************************
=========================================================================

Exhibit 8
Page 27

Exhibit 9

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  |   John B. Quinn (Bar No. 090378)
2 |   (johnquinn@quinnemanuel.com)
  |   Michael T. Zeller (Bar No. 196417)
3 |   (michaelzeller@quinnemanuel.com)
  |   Jon D. Corey (Bar No. 185066)
4 |   (joncorey@quinnemanuel.com)
  | 865 South Figueroa Street, 10th Floor
5 | Los Angeles, California  90017-2543
  | Telephone:  (213) 443-3000
6 | Facsimile:  (213) 443-3100

7 | Attorneys for Mattel, Inc.

8 

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

12 | CARTER BRYANT, an individual,

13 |                 Plaintiff,

14 |         vs.

15 | MATTEL, INC., a Delaware corporation,

16 

17 |                 Defendant.

18 | AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 SGL (RNBx)
Consolidated with
Case Nos. CV 04-09059 & CV 05-2727

Hon. Stephen G. Larson

[AMENDED] LIST OF WITNESSES MATTEL INTENDS TO CALL IN ITS CASE-IN-CHIEF IN PHASE 1B

Exhibit 9
Page 28

07209/2576651.1

-1-

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2           Pursuant to the direction of the Court, Mattel, Inc. ("Mattel") hereby

3   submits an amended list of witnesses it intends to call in its case-in-chief in the

4   Phase 1B trial.  This list is attached as Exhibit A.

5           Mattel expressly reserves the right to amend and/or supplement this list.

6

7   DATED:  July 18, 2008            QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
8

9                                    By /s/ B. Dylan Proctor
10                                      B. Dylan Proctor
                                        Attorneys for Mattel, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 9
Page 29

1

# EXHIBIT A

2       1.      Lily Martinez

3       2.      Daphne Gronich

4       3.      Mitchell Kamarck

5       4.      Larry Mcfarland

6       5.      Paula Garcia

7       6.      Kenneth Hollander

8       7.      Frank Keiser

9       8.      Isaac Larian

10      9.      Michael Moore

11      10.     Carol Scott

12      11.     Michael Wagner

13      12.     Ralph Oman

14      13.     Carter Bryant

15      14.     Janet Bryant (Video)

16      15.     Edmond Lee (Video)

17      16.     Sarah Chui (Video)

18      17.     Lisa Tonnu

19      18.     Lee Loetz

20

21

22

23

24

25

26

27

28

Exhibit 9
Page 30
-3-

07209/2576651.1

[AMENDED] LIST OF WITNESSES MATTEL INTENDS TO CALL IN ITS CASE-IN-CHIEF IN PHASE 1B

Exhibit 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                              Date:  February 25, 2008
Title:       CARTER BRYANT -v- MATTEL, INC.
                AND CONSOLIDATED ACTIONS
========================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

|  |  |
|---|---|
| Jim Holmes | Anne Kielwasser |
| Courtroom Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR CARTER BRYANT:

ATTORNEYS PRESENT FOR MATTEL:

John Quinn
Jon D. Corey

ATTORNEYS PRESENT FOR MGA:

ATTORNEY PRESENT FOR THIRD-PARTY WITNESSES:

Thomas J.  Nolan
Carl A. Roth

Larry McFarland

PROCEEDINGS:   **ORDER GRANTING MOTION OBJECTING TO PORTIONS OF THE
                DISCOVERY MASTER'S DECEMBER 31, 2007, ORDER RE HARD DRIVES**

                **ORDER DISCHARGING ORDER TO SHOW CAUSE ON CONDITIONS**

                **ORDER STRIKING EX PARTE APPLICATION**

These matters were heard on February 25, 2008.

As set forth in the concurrently filed order, the Court **GRANTS** Mattel's motion objecting to portions of the Discovery Master's December 31, 2007, Order regarding hard drives.

As set forth on the record, the Court orders that counsel Larry McFarland be deemed timely served with a notice for his deposition and that he serve notices of deposition on his clients, Lucy Arant, Sarah Halpern, and Peter Marlow.  Neither Mr. McFarland nor his clients may object to the

MINUTES FORM 90                                                Initials of Deputy Clerk __jh_____
CIVIL -- GEN                              1                    Time: 00/35

Exhibit 10
Page 31

Case 2:04-cv-09049-SGL-RNB      Document 2359      Filed 02/25/2008      Page 2 of 2

taking of their depositions on the basis of notice, service, or timeliness, but may assert any other objections they may have thereto and may seek any appropriate protective orders from the Discovery Master.  Subject to these conditions, the Court **DISCHARGES** the order to show cause.

As for the final item, the Court **STRIKES** the ex parte application to compel the depositions of Matthew Bousquette and Tina Patel, for two reasons.  First, the entire application and all exhibits thereto were filed under seal without the requisite showing of the necessity of filing it under seal.  Putting aside for consideration on another day the much broader issue of the necessity of filing under seal the narrower category of all documents designated under the protective order as "Confidential" and/or "Attorneys Eyes Only", there is no possible justification for filing the present ex parte application under seal.  Secondly, and importantly, the present ex parte application ignores the Court's previous orders that discovery matters must be presented in the first instance to the Discovery Master.  It is **STRICKEN** for that reason.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL -- GEN                                   2

Initials of Deputy Clerk ___jh_____
Time: 00/35

Exhibit 10
Page 32

Exhibit 11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

---

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

---

MATTEL, INC.,                    :  PAGES:  5098 - 5215

                                 :

          PLAINTIFF,             :

                                 :

     VS.                         :  NO. ED CV04-09049-SGL

                                 :  [CONSOLIDATED WITH

MGA ENTERTAINMENT, INC.,         :  CV04-9059 & CV05-2727]

ET AL.,                          :

                                 :

          DEFENDANTS.            :


REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

FRIDAY, JULY 18, 2008


MARK SCHWEITZER, CSR, RPR, CRR

OFFICIAL COURT REPORTER

UNITED STATES DISTRICT COURT

181-H ROYBAL FEDERAL BUILDING

255 EAST TEMPLE STREET

LOS ANGELES, CALIFORNIA 90012

(213) 663-3494

Exhibit 11
Page 33

```
1     Appearances of Counsel:

2

3     On Behalf of Mattel:

4         Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
          By John B. Quinn, Esq.

5             B. Dylan Proctor, Esq.
              Michael T. Zeller, Esq.

6             Harry Olivar, Esq.
              John Corey, Esq.

7             Diane Hutnyan, Esq.
              William Price, Esq.

8             Scott Kidman, Esq.
          855 South Figueroa Street

9         10th Floor
          Los Angeles, CA 90017

10        (213) 624-7707

11

12    On Behalf of MGA Entertainment:

13        Skadden, Arps, Slate, Meagher & Flom LLP
          By Thomas J. Nolan, Esq.

14            Carl Alan Roth, Esq.
              Jason Russell, Esq.

15            Lauren Aguiar, Esq.
              David Hansen, Esq.

16            Matthew Sloan, Esq.
              Robert Herrington, Esq.

17        300 South Grand Avenue
          Los Angeles, CA 90071-3144

18        (213) 687-5000

19

20

21

22

23

24

25
```

Exhibit 11
Page 34

5100

1                          I N D E X

2

3        MATTER:  1-B CONFERENCE.......................... 5100

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit 11
Page 35

```
 1              Riverside, California; Friday, July 18, 2008

 2                        12:05 P.M.

 3          WHEREUPON THE CASE HAVING BEEN CALLED AND

 4          APPEARANCES GIVEN, THE FOLLOWING PROCEEDINGS

 5          WERE HELD:

 6          THE COURT:  Good afternoon, Counsel.  I asked

 7   counsel to come together at noon today to basically go over

 8   any pretrial matters that we need to take up to prepare for

 9   next week.  And I also asked counsel to submit to the Court

10   copies of any motions that they believe might still be

11   outstanding, and I've received those, and I appreciate that.

12          What I'd like to do in this first part of the

13   hearing this afternoon is get a sense, pin down on both sides

14   what exactly it is counsel intends to do with the trial, what

15   we need to get resolved now, and figure out where we are.

16          I'll begin with plaintiff Mattel.  I trust that we

17   have a witness list at this point.

18          MR. ZELLER:  If I could get some guidance from the

19   Court as to what is the best way of summarizing what we

20   intend to do.  We have provided witness lists, which is our

21   best effort as of today, to put in order what we expect to

22   do.

23          THE COURT:  Can I get a copy of that?

24          MR. ZELLER:  Yes, I'm sure we have an extra copy of

25   that, your Honor.  We may have E-filed it.
```

Exhibit 11
Page 36

5102

1          THE COURT:  Very good.

2          MR. ZELLER:  This was our best effort, of course,

3    and I think, as we flagged for the Court yesterday, some of

4    these witnesses we do expect to fall off, subject to

5    stipulations that we're pursuing, both parties are pursuing.

6    And in the event that that's reached, then some of these

7    people will fall off.

8          THE COURT:  Why don't you go down the 17 and just

9    tell me very brief one line statement or two what you are

10   calling them for, what you anticipate their testimony is,

11   just to give me some understanding of what to expect in this

12   phase.

13         MR. ZELLER:  Certainly, your Honor.  Daphne

14   Gronich, I think one of the main reasons we would call her

15   would be to put into evidence certain statements that MGA has

16   made in prior litigation.  These go to originality,

17   protectability, comparison, substantial similarity, other

18   copyright type issues.

19         The same is true for Mr. Kamarck, and the same is

20   true for No. 3, which is Larry McFarland.

21         THE COURT:  Okay.  So these are all from prior

22   litigation involving copyright and trademark; correct?

23         MR. ZELLER:  That's correct, your Honor.  And one

24   issue that I'm not sure has been resolved is we certainly, I

25   know on summary judgment, have raised the issue that in some

Exhibit 11
Page 37

1    respects, which -- I think in some respects, we have -- we

2    raised on summary judgment the issue of judicial estoppel,

3    because our view is that in some of those cases, MGA had

4    asserted that the very works that the jury has now ruled were

5    created during the term of Bryant's employment were copyright

6    protectable, that they were original.  They have sued other

7    parties on those exact works.

8           So from our perspective, they should not be allowed

9    to argue anything to the contrary in this case.

10          The next witness we have is Paula Garcia.  In the

11   main, her -- how we're envisioning her potential testimony

12   would be to get into evidence products that we believe are

13   infringing.  And then we will argue to the jury they are

14   infringing.  Dolls, licensed product, other accused works.

15          THE COURT:  How are we doing in that area?  That

16   was something you flagged yesterday as being a concern in

17   terms of the exhibits you wanted to introduce.

18          MR. ZELLER:  I know that there has been discussion,

19   and I know that even draft stipulations have been passed back

20   and forth.  I can get additional information as to exactly

21   where we are in that process, but I know that there had been

22   continued discussions among the parties as to a stipulation

23   that would hopefully obviate the need to put in a lot of

24   product through a witness.  We did, by the way, too, your

25   Honor, we did prepare and serve an exhibit list.  I know MGA

Exhibit 11
Page 38

1

2

3

4

5

6

7                    C E R T I F I C A T E

8

9

10       I hereby certify that pursuant to Title 28,

11   Section 753 United States Code, the foregoing is a true and

12   correct transcript of the stenographically reported

13   proceedings in the above matter.

14            Certified on July 18, 2008.

15

16


            _____

17           MARK SCHWEITZER, CSR, RPR, CRR

             Official Court Reporter

18           License No. 10514


19

20

21

22

23

24

25

Exhibit 11
Page 39

Exhibit 12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

---

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

---

MATTEL, INC.,                    :  PAGES 5490 - 5576

                                 :

          PLAINTIFF,             :

                                 :

     VS.                         :  NO. ED CV04-09049-SGL

                                 :  [CONSOLIDATED WITH

MGA ENTERTAINMENT, INC.,         :  CV04-9059 & CV05-2727]

ET AL.,                          :

                                 :

          DEFENDANTS.            :


REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

WEDNESDAY, JULY 23, 2008

JURY TRIAL - DAY 27

AFTERNOON SESSION


MARK SCHWEITZER, CSR, RPR, CRR

OFFICIAL COURT REPORTER

UNITED STATES DISTRICT COURT

181-H ROYBAL FEDERAL BUILDING

255 EAST TEMPLE STREET

LOS ANGELES, CALIFORNIA 90012

(213) 663-3494

Exhibit 12
Page 40

5491

```
 1    Appearances of Counsel:
 2
 3    On Behalf of Mattel:
 4         Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
           By John B. Quinn, Esq.
 5             B. Dylan Proctor, Esq.
               Michael T. Zeller, Esq.
 6             Harry Olivar, Esq.
               John Corey, Esq.
 7             Diane Hutnyan, Esq.
               William Price, Esq.
 8         855 South Figueroa Street
           10th Floor
 9         Los Angeles, CA 90017
           (213) 624-7707
10
11
12    On Behalf of MGA Entertainment:
13         Skadden, Arps, Slate, Meagher & Flom LLP
           By Thomas J. Nolan, Esq.
14             Carl Alan Roth, Esq.
               Jason Russell, Esq.
15             Lauren Aguiar, Esq.
               David Hansen, Esq.
16             Matthew Sloan, Esq.
               Robert Herrington, Esq.
17         300 South Grand Avenue
           Los Angeles, CA 90071-3144
18         (213) 687-5000
19
20
21
22
23
24
25
```

Exhibit 12
Page 41

5492

1                        I N D E X

2

3    OPENING STATEMENT BY COUNSEL FOR THE DEFENSE........... 5498

4    NINETTE PEMBLETON, SWORN.............................. 5559

5    DIRECT EXAMINATION BY MR. QUINN: ..................... 5560

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit 12
Page 42

```
 1              Riverside, California; Wednesday, July 23, 2008

 2                            1:40 P.M.

 3          (HEARING HELD OUTSIDE THE PRESENCE OF THE JURY.)

 4              THE COURT:  Okay.  We're back on the record outside

 5     the presence of the jury.  The Court wants to take up this

 6     issue raised by MGA concerning the appropriateness of

 7     disgorgement of profits as a remedy for the stated court

 8     claims.

 9              Before the break, Mr. Nolan, I asked you what is

10     the authority for your proposition that disgorgement of

11     profits is not an appropriate remedy for -- is not the right

12     measure of damages for the state tort claims.  I asked you

13     where is it.  You said it's in the JMOL.  Show me.

14              MR. NOLAN:  Okay.

15              THE COURT:  I understand the preemption argument.

16     And that's separate.  Where is the authority that

17     disgorgement is not the right remedy?  I don't see it, and

18     I've read it twice now.

19              MR. NOLAN:  What I'm saying is that this Court, in

20     its order of April 25th, 2008, said that to the extent that

21     Mattel's intentional interference in and unfair competition

22     claims are preempted by the Copyright Act, to the extent that

23     they are based on Mattel's right to Bratz, they are

24     preempted.

25              THE COURT:  I understand that.
```

Exhibit 12
Page 43

5564

1          THE COURT:  What's the first and last exhibit

2    number?

3          MR. QUINN:  The problem is that there are some gaps

4    because duplicates were weeded out.

5          MS. AGUIAR:  We will provide the Court -- this was

6    actually a fairly difficult process.  I mean, we worked

7    collaboratively to do it.  But we will provide the Court with

8    a list.  They are not sequential.  So it would be difficult

9    for to us say the beginning and ending trial exhibit number,

10   but there are, as of Friday, there will be in the

11   neighborhood of about 8- to 900 of them.

12         THE COURT:  I'll let counsel provide that to the

13   Court.  And the Court will then admit them at that time.  We

14   will have all of these on display in a facility here in the

15   courthouse for the jury to inspect first thing Friday

16   morning.  We'll go forward on that.

17         Any further questions, Mr. Quinn, of this witness?

18         MR. QUINN:  No, your Honor.

19         THE COURT:  MGA may cross-examine.

20         MS. AGUIAR:  As I said, your Honor, I think I will

21   wait until Friday.  She will be coming back, and at that

22   time, once we have all of this better organized --

23         THE COURT:  Counsel, I'm not bringing this witness

24   back.  The witness -- we're bringing in all of the toys at

25   this point pursuant to the indication by counsel that there's

Exhibit 12
Page 44

```
1    no objection.  So all the toys are in once the jury has seen

2    them.  If you want to re-call this witness, you may.

3              MS. AGUIAR:  That's fine.  I did want to, your

4    Honor.  Because what I wanted to do, but we weren't able to

5    bring them all in, is at least let the jury take a few

6    minutes to let them see even just representative samples so

7    that they can appreciate what is on all of these carts, and I

8    did want to take a few minutes to do that, but I'll wait

9    until we have all of them, if that's okay with your Honor.

10             THE COURT:  Very well.  We'll have the jury do that

11   when they inspect them in the room.

12             Thank you, Counsel.

13             All right.  You may step down.

14             MR. QUINN:  May we approach, your Honor?

15             THE COURT:  You may.

16             (SIDEBAR CONFERENCE HELD.)

17             MR. QUINN:  Your Honor, we anticipated that going

18   further.

19             MS. AGUIAR:  Yes.

20             MR. QUINN:  The next three witnesses that we wanted

21   to call are not, we're informed, available, by MGA.

22   Mr. McFarland, Mr. Kamarck, and Ms. Gronich are not available

23   today.  So we're in a situation now where with a half hour

24   plus to go, we don't have a witness.

25             THE COURT:  You know what Judge Rafeedie did in the
```

Exhibit 12
Page 45

```
1    same situation?

2           MR. QUINN:  I have a pretty good idea.

3           MS. AGUIAR:  And just to be clear about the

4    non-party witnesses, Mr. McFarland, there's a motion to quash

5    that was filed.  They responded to that yesterday, I believe.

6    We were planning to reply by tomorrow first thing.  With

7    regard to Ms. Gronich, we've exchanged e-mails.  I did tell

8    them that she would be available either Friday or the very

9    first court day, which is Tuesday.  And Mr. Kamarck just got

10   back to me saying he, too, cannot be available until Friday

11   because of something to do with his daughter, but can be

12   available the 5th.

13          So we didn't just say they are not available.

14          THE COURT:  Okay.  Very well.  This is both sides

15   have had problems getting non-party witnesses.  I understand

16   that.

17          And I am not going to force you to rest at this

18   point in time, Counsel.  But let's not let this happen again.

19          MR. QUINN:  Understood, your Honor.

20          THE COURT:  I'm going to have to send the jury home

21   now, and I don't want to have this happen again.

22          So let's find some other witnesses to start up

23   Friday morning.  It's not going to take that long for the

24   jury to inspect these.  I'm going to work right now on trying

25   to find a location here in the courthouse to set them up.
```

Exhibit 12
Page 46

```
 1    There may be some space over in the Bankruptcy Court across

 2    the way that we could use.  And -- or maybe downstairs, but

 3    I'll work on that, and we'll have these set up, and then

 4    we'll have the jury go down, and they can spend as much time

 5    as they want perusing through the items.  And then I'm going

 6    to admit them.

 7              MS. AGUIAR:  I just want to add, we all, pointing

 8    to Mr. Quinn and to me, thought that this would take up the

 9    balance of the time today.  So that's what we were planning.

10              THE COURT:  Very well.  I assumed that.

11              MR. NOLAN:  Can I just ask my partner a question?

12    Because I think there's a disconnect.  The witness is not

13    going to be back tomorrow.

14              MS. AGUIAR:  What I thought I was making clear is

15    she is our employee.  So she is willing to come back Friday

16    morning after they inspect so that I can use a representative

17    sample of what they saw and have her explain the product.

18    It's our time to use.

19              THE COURT:  That's right.  That's fine.  Basically,

20    you want to have them see the product and then see the

21    exhibits and cross-examine.  I think that's a fair request.

22              MR. NOLAN:  I just wanted to make sure that's fair.

23              THE COURT:  All right.  I want to send the jury

24    home.  Back here at 9:00.

25              (CONCLUSION OF SIDEBAR CONFERENCE.)
```

Exhibit 12
Page 47

5576

1

2

3

4

5

6

7                    C E R T I F I C A T E

8

9

10        I hereby certify that pursuant to Title 28,

11   Section 753 United States Code, the foregoing is a true and

12   correct transcript of the stenographically reported

13   proceedings in the above matter.

14            Certified on July 23, 2008.

15

16

                    _____

17                   MARK SCHWEITZER, CSR, RPR, CRR

                     Official Court Reporter

18                   License No. 10514

19

20

21

22

23

24

25

Exhibit 12
Page 48

# Exhibit 13

## Subpoenas

Michael T Zeller

**Sent:**  Sunday, July 20, 2008 2:56 PM

**To:**  Roth, Carl A (LAC) [Carl.Roth@skadden.com]

**Cc:**  John Quinn

---

Carl, this will confirm our mutual understanding Friday that witnesses previously subpoenaed for trial need not be subpoenaed again for phase 1(b), even if the witness testified and was excused during phase 1(a).  Please let me know if any of this is incorrect in your view.  Thanks.

Exhibit 13
Page 49