**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

| | |
|---|---|
| Case No.   CV 04-09049 SGL(RNBx) | Date:  July 25, 2008 |
| Title:   MATTEL, INC. -*v*- MGA ENTERTAINMENT, INC. AND CONSOLIDATED ACTIONS | |

=======================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

| | |
|---|---|
| Jim Holmes | Theresa Lanza |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| John B. Quinn | Thomas J. Nolan |
| William Price | Lauren E. Aguiar |

PROCEEDINGS:   **ORDER REGARDING JUROR NO. 8**

The Court, pursuant to stipulation of counsel, conducted an <u>in camera</u> interview of all 10 jurors concerning the issue of allegedly improper statements made by one of the jurors during deliberations of Phase 1(a) of this trial.  The allegation was initially brought to the Court's attention via a note submitted by Juror No. 6.  Having fully considered the answers to the Court's questions given by each of the 10 jurors and their manner and demeanor while answering the Court's questions, the Court finds as follows:

1. Juror No. 8 made grossly inappropriate remarks concerning defendant Isaac Larian based on his ethnicity during jury deliberations.  Specifically, Juror No. 8 indicated that her husband, an attorney, has told her about client or clients who are Iranian and who are stubborn, rude, stingy, are thieves, and have stolen other person's ideas.  Although Juror No. 8 minimized her remarks and insisted that she did not mean to do anything wrong, the relative consistency and degree of detail of the other jurors who heard her make the remarks, combined with other factors that lend credibility to the other jurors' account of the remarks and not to Juror No. 8, leads the Court to conclude that Juror No. 8 made the remarks, or something close to the remarks, set forth above.

2. The remarks described above were heard, in varying degrees, by some but not all of the jurors. At least one juror did not hear the remarks at all, and other jurors only heard portions or snippets of the remarks. Several of the jurors clearly heard all of the remarks.

3. The juror foreperson immediately admonished Juror No. 8 for making the remarks and strongly instructed that there was no room in the jury deliberation process for such remarks. Contemporaneously, several other jurors also registered their disapproval with Juror No. 8's comments, some very emotionally.

4. The remarks were made toward the end of the deliberation and after the jury had reached agreement on the Verdict Form questions that were ultimately returned unanimously. The remarks were made while the jury was attempting to resolve the question of the four outstanding questions, questions which it was ultimately never able to return a unanimous verdict on.

5. Although the remarks offended and upset several of the jurors, the remarks did not, in any way, effect or influence the decision made by the jury. All of the jurors clearly indicated, by both their verbal and non-verbal response to the Court's questioning, that the remarks had no impact on their decision in Phase 1(a).

6. Some of the jurors believed that it was important that, going forward, Juror No. 8 should be removed from the jury. One juror indicated that she was afraid that, if Juror No. 8 remained on the jury, she would overcompensate for Juror No. 8's apparent bias and not be fair to Mattel. Another juror indicated she felt uncomfortable continuing to serve with Juror No. 8 after the remarks were made.

7. All of the jurors clearly indicated, by both their verbal and non-verbal responses to the Court's questioning, that the remarks would have no effect on any deliberations or decision in Phase 1(b) of the trial. All jurors believed that they would be completely fair to all parties.

Juror No. 8 was, with the agreement of counsel for both parties, ORDERED excused from the jury panel. Furthermore, the Court ORDERS Juror No. 8 not to discuss her service on this case with anyone until the case has been concluded. The Courtrooom Deputy Clerk will promptly notify Juror No. 8 once the case had concluded.

Counsel for MGA and Isaac Larian have orally moved for a mistrial. The Court has excused the jury until August 5, 2008, at 9:00 a.m. and will afford MGA and Isaac Larian an opportunity to brief its motion. The motion is due <u>to be delivered to the Court</u> by July 29, 2008; opposition is due <u>to be delivered to the Court</u> by July 31, 2008; an optional reply is due <u>to be delivered to the Court</u> by August 1, 2008; and a hearing will be held on August 4, 2008, at 1:00 p.m.

**IT IS SO ORDERED.**

Time: 02/16

MINUTES FORM 90         Initials of Deputy Clerk __jh_____
CIVIL -- GEN                              2