QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| Defendant. | **MATTEL, INC.'S OBJECTIONS TO DEFENDANTS' REVISED [PROPOSED] PHASE 1-B VERDICT FORM** |
| AND CONSOLIDATED ACTIONS | |
| | **Phase 1B:**<br>Trial Date:          July 23, 2008 |

1    Plaintiff Mattel, Inc. ("Mattel") hereby objects to defendants' revised

2  proposed verdict form for Phase 1B of the trial in this matter.  Mattel requests and

3  reserves the right to further amend, modify, withdraw and/or supplement the

4  following objections during the trial of this matter.  Mattel reserves the right to

5  submit further objections to defendants' proposed verdict form depending upon and

6  based upon subsequent rulings and the evidence and theories proffered by the parties

7  during the course of the trial.

8  DATED:  July 28, 2008              QUINN EMANUEL URQUHART OLIVER &
9                                     HEDGES, LLP

10

11                                    By  /s/ Jon D. Corey
                                         Jon D. Corey
12                                       Attorneys for Mattel, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **GENERAL OBJECTIONS**

Each of the following General Objections is hereby incorporated in full into the objections to specific verdict forms and proposed findings set forth below:

1.      Mattel objects to the defendants' proposed verdict form regarding damages on the ground that it is overly complicated.  Defendants purport to list the specific Bratz-related products that could infringe Mattel's copyrights, but their lists are not comprehensive in any way, and comprehensive lists of potentially infringing products would be voluminous and unwieldy.  More general damages questions -- asking the jury to make findings as to the amount of profits attributable to infringement based on the evidence presented at trial -- are appropriate and far less confusing and burdensome than defendants' proposed damages form.  The goal of any verdict form should be to assist the jury in rendering its verdict, not to make the process difficult and confusing.

2.      Mattel further objects to the defendants' proposed verdict form regarding damages on the ground that it does not properly account for Mattel's claim for indirect profits, as to which Mattel need not show direct infringement.  In fact, under this form an award of indirect profits would be impossible.

3.      Mattel further objects to defendants' proposed verdict form on the ground that it improperly limits Mattel's copyright infringement claim to "the 16 Bryant drawings that Mattel has registered with the Copyright office."  Mattel's claim encompasses all of the Bratz-related works the jury found that Mattel owns in Phase 1A, whether or not those works were previously registered.  *See Perfect 10, Inc. v. Amazon.com Inc.*, 487 F.3d 701, 710 n.1 (9th Cir. 2007) (noting, in a case where some works were registered and some were not, that Section 411 of the Copyright Act does not limit the remedies a court can grant for copyright infringement even of unregistered works); 28 U.S.C. § 1367(a) ("The district courts shall have supplemental jurisdiction over all other claims that are so related to

claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  Moreover, Mattel is in the process of registering its copyrights in additional Bratz-related works the jury found Mattel owns, which renders defendant's limitation moot.  Not considering defendants' infringement of these additional works would be nonsensical, and would require the filing of a separate lawsuit, after this one, to address Mattel's claims that defendants have infringed Bratz works Mattel now owns, which were not previously registered.  The works will all be registered within a matter of days, now that Mattel has been found to own them.  Mattel's infringement claim should be considered in its entirety, as to all of the Bratz works Mattel owns.

4.     Mattel objects to the proposed order and structure of the verdict form, which is defense oriented and biased.

5.     Mattel further objects to defendants' proposed verdict form to the extent that defendants' instructions are inconsistent with applicable legal standards, as set forth in the briefing on Mattel's motion for partial summary judgment, Mattel's motions in limine and Mattel's proposed jury instructions, which are hereby incorporated herein, and as set forth in the Court's prior Orders.

6.     Mattel further objects to the defendants' proposed verdict form on the ground that it is biased toward the defendants.

7.     Mattel incorporates by reference herein, each of the objections that it has made or may make to the jury instructions proposed by MGA to the extent that they relate to the same subject matter addressed by those objections.

8.     Based on the foregoing General Objections, Mattel respectfully requests that the Court reject defendants' proposed verdict form in its entirety and adopt Mattel's proposed verdict form for Phase 1B.

## MATTEL'S SPECIFIC OBJECTIONS TO DEFENDANTS' 1B VERDICT FORM

### Copyright Claims

Mattel objects to defendants' proposed verdict form regarding Copyright Claims on the following grounds:

**Questions 1-5:**  The Court should not include the phrase "by a preponderance of the evidence" in these questions.  The jury instructions make the burden of proof clear.  As the Court ruled previously, where a question asks for a finding of liability, there is no need to separately specify the burden of proof.

**Questions 4 and 5:**  There is no need to include separate findings regarding contributory and vicarious copyright infringement because that is encompassed within a finding of liability for copyright infringement (whether direct, vicarious or contributory).  To the extent the Court finds that separate findings are appropriate, defendants' form should include a finding regarding Mattel's claim that MGA Hong Kong is liable for contributory infringement.

### Affirmative Defenses

**Questions 6-9:**  There is no need to include separate findings regarding affirmative defenses to the copyright infringement claim because the jury will be given instructions on those defenses; their determination of those defenses will be encompassed within a finding of liability or no liability.

**Question 6:**  This proposed finding is misleading and erroneous because there is no defense of consent to Mattel's copyright infringement claims.  Nothing in defendants' jury instruction suggests otherwise -- indeed, their proposed instruction indicates that any purported consent defense is based on Mattel employees' moonlighting and only to "claims arising out of breach of the Inventions Agreement," and not copyright infringement.

**Questions 6-9:**  To the extent the Court finds that findings are appropriate as to copyright affirmative defenses, the questions should include findings as to each defendant, and not the MGA Parties generically.

### Damages

Mattel objects to defendants' proposed verdict form on the ground that it improperly limits Mattel's copyright infringement claim to "the 16 Bryant drawings that Mattel has registered with the Copyright office."  Mattel's claim encompasses all of the Bratz-related works the jury found that Mattel owns in Phase 1A, whether or not those works were previously registered.  *See Perfect 10, Inc. v. Amazon.com Inc.*, 487 F.3d 701, 710 n.1 (9th Cir. 2007) (noting, in a case where some works were registered and some were not, that Section 411 of the Copyright Act does not limit the remedies a court can grant for copyright infringement even of unregistered works); 28 U.S.C. § 1367(a) ("The district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  Moreover, Mattel is in the process of registering its copyrights in additional Bratz-related works the jury found Mattel owns, which renders defendant's limitation moot.

Not considering defendants' infringement of these additional works would be nonsensical, and would require the filing of a separate lawsuit, after this one, to address Mattel's claims that defendants have infringed Bratz works Mattel now owns, which were not previously registered.  The works will all be registered within a matter of days, now that Mattel has been found to own them.  Mattel's infringement claim should be considered in its entirety, as to all of the Bratz works Mattel owns.

Mattel therefore objects to defendants' proposed Exhibit A, which sets forth only the 16 Bryant drawings.

1    Moreover, the separation of damages categories in defendants' proposed form
2  is confusing and erroneous.  The purported categories of potentially-infringing
3  products -- which includes "dolls," "other product lines" and "merchandise" -- are
4  woefully inadequate and not sufficiently precise to be helpful to the jury.  For
5  example, the category of "other product lines" is so overbroad as to be useless.  The
6  jury should simply be asked what profits the jury finds attributable to defendants'
7  copyright infringement.  Defendants do not even attempt to identify the vast
8  universe of Bratz-related products that could infringe Mattel's copyrighted works.
9  And any comprehensive list of potentially-infringing products would be voluminous
10  and unwieldy.

11    There is no basis for defendants to require that the jury make separate
12  findings as to whether each individual Bratz-related product infringes on Mattel's
13  copyrights and then what the amount of damages would be from that infringement.

14    Moreover, defendants' proposed form does not account for Mattel's claim for
15  indirect profits, as to which Mattel need not show direct infringement.  Hence, under
16  this form Mattel cannot possibly obtain an award of indirect profits, even though it
17  is entitled to such damages.

18    More general damages questions -- asking the jury to make findings as to the
19  amount of profits attributable to infringement based on the evidence presented at
20  trial -- are appropriate and far less confusing and burdensome than defendants'
21  proposed damages form.

22
23    **<u>Non-Copyright Claims</u>**
24
25    Mattel objects to defendants' proposed verdict form regarding Non-Copyright
26  Claims as follows:
27    **<u>Affirmative Defenses</u>**
28

**Questions 18-22:**  There is no need to include the dates of April 27, 2002 or April 27, 2001 in proposed findings regarding fraudulent concealment in this case, and the inclusion of those dates could lead to juror confusion.

The Court has already found that July 18, 2003 is the <u>earliest</u> date on which Mattel had knowledge of the wrongdoing at issue in this lawsuit.  *See* May 27, 2008 Order re Statute of Limitations Defense, at 8 (finding that the July 18, 2003 *Wall Street Journal* article wherein Larian indicated that he chose Bryant's idea for Bratz in late 1999 is the earliest date on which Mattel's claims could have accrued).  The Court also expressly found, based on undisputed evidence, that that "there is no evidence that Mattel had any **knowledge** of any of the three generic elements of its claims, and thus no claim accrued, prior to the earliest date identified by the Court, which is July 18, 2003."  June 2, 2008 Order at 2 (referring to generic elements of wrongdoing, causation and harm).  That finding is itself dispositive because it shows that, if there was concealment, the period of tolling caused thereby could not have expired prior to July 18, 2003.  The law is clear that tolling result from fraudulent concealment does not end until a plaintiff has, at a bare minimum, "knowledge" of the generic elements of ***both*** harm and causation.  *Hynix Semiconductor*, 2007 WL 3284060, *3 (N.D. Cal. 2003) (tolling based on fraudulent concealment ends when the plaintiff has "a suspicion of wrongdoing, ***coupled with a knowledge*** of the harm ***and*** its cause") (emphasis added).  Indeed, Mattel contends that something more -- "near-actual" notice of the specific harm -- is required to end a period of tolling due to concealment.  *See, e.g., Garamendi v. SDI Vendome SA*, 276 F. Supp. 2d 1030, 1042-3 (C.D. Cal 2003).

Accordingly, because (1) the Court has found as a matter of law that Mattel did not have knowledge of ***either*** the harm or its cause prior to July 18, 2003, and (2) knowledge of both the harm and its cause is required to end a period of tolling where there is concealment, the only issue for the jury is whether there was concealment.  If there was tolling, such tolling could not have ended before July 18,

2003 -- the first date on which Mattel could possibly have learned of the specific harm at issue and its cause under the Court's prior findings.  Because the earliest possible end-of-tolling date (July 18, 2003) is long after the April 27, 2001 and April 27, 2002 dates that would render Mattel's claims for conversion and intentional interference with contractual relations timely, there is no need for the jury to make a finding as to the duration of the tolling.  If the jury finds concealment, Mattel's claims are timely.

**Damages**

**Questions 23-28:**  Defendants' inclusion of the term "nominal" is argumentative and unnecessary.  Defendants have not cited any authority indicating that Mattel would be entitled only to nominal damages.  Even if they had, specifying that term in the verdict form would be prejudicial.

There is also no need to include separate findings regarding damages as to each defendant because liability is joint and several on the tort claims, and the inclusion of separate findings could lead to jury confusion.  A single finding regarding the amount of damages to be awarded to Mattel for each claim is sufficient.  *See, e.g.*, *Sindell v. Abbott Laboratories*, 26 Cal. 3d 588, 604 (1980).

**Questions 29-31:**  Although defendants' proposed jury instructions recognize that Mattel is also entitled to "reasonable compensation for the time and money spent by Mattel in attempting to recover [its] property," *see* Defendants' Proposed Jury Instruction re Presumed Measure of Damages for Conversion (citing CACI No. 2102), this proposed form fails to include a finding as to that amount.  The proposed form also fails to recognize that Mattel may be entitled to seek damages based on the fair market value of the property at the time the conversion was discovered, rather than at the time the property was converted, when an award based on the value at the time of the conversion would be manifestly unjust.  *See Betzer v. Olney*, 14 Cal. App. 2d 53, 61 (1937).  The jury should simply be asked to award damages, the measurement of which will be defined in the jury instructions.

1    There is also no need to include separate findings regarding damages as to

2  each defendant because liability is joint and several, and the inclusion of separate

3  findings could lead to jury confusion.  A single finding regarding the amount of

4  damages to be awarded to Mattel for each claim is sufficient

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL'S OBJECTIONS TO DEFENDANTS' REVISED [PROPOSED] PHASE 1-B VERDICT FORM