QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
  Timothy L. Alger (Bar No. 160303)
  timalger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**MATTEL, INC.'S AMENDED PROPOSED VERDICT FORM FOR PHASE 1B—DISPUTED SET;**<br><br>**DEFENDANTS' OBJECTIONS THERETO;**<br><br>**MATTEL, INC.'S STATEMENTS IN SUPPORT THEREOF**<br><br>**Phase 1B:**<br><br>Trial Date:          July 23, 2008 |

Mattel, Inc. ("Mattel") hereby proposes the following amended proposed disputed verdict form for Phase 1B of the trial in this matter. Mattel requests and reserves the right to amend, modify, withdraw and/or supplement this form before or during the trial of this matter.

DATED:  July 29, 2008                QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By  /s/ Jon D. Corey
Jon D. Corey
Attorneys for Mattel, Inc.

**Verdict Form for Phase 1B**

We answer the questions submitted to us as follows:

**Intentional Interference With Contractual Relations**

1. In Phase 1A of this trial, you found that MGA Entertainment, Inc. ("MGA") and Isaac Larian are liable to Mattel for intentional interference with contractual relations. What amount of damages do you award to Mattel?

$____________________________

**Aiding and Abetting Breach of Fiduciary Duty**

2. In Phase 1A of this trial, you found that MGA and Isaac Larian are liable to Mattel for aiding and abetting Carter Bryant's breach of fiduciary duty. What amount of damages do you award to Mattel?

$____________________________

**Aiding and Abetting Breach of the Duty of Loyalty**

3. In Phase 1A of this trial, you found that MGA and Isaac Larian are liable to Mattel for aiding and abetting Carter Bryant's breach of the duty of loyalty. What amount of damages do you award to Mattel?

$____________________________

**Conversion**

4. In Phase 1A of this trial, you found that MGA, Isaac Larian and MGA Entertainment (HK) Limited ("MGA Hong Kong") are liable to Mattel for conversion. What amount of damages do you award to Mattel?

$____________________________

**Copyright Infringement**

5. Did MGA infringe Mattel's copyrights?

Yes ____

No ____

*If your answer is "yes," then answer Questions 6 and 7.*

*If your answer is "no," then answer Question 8.*

6. Was MGA's infringement of Mattel's copyrights willful?

Yes ____

No ____

7. What amount of damages do you award to Mattel for MGA's infringement of Mattel's copyrights?

$____________________________

8. Did Isaac Larian infringe Mattel's copyrights?

Yes ____

No ____

*If your answer is "yes," then answer Questions 9, 10 and 11.*

*If your answer is "no," then answer Question 12.*

-2-

Case No. CV 04-9049 SGL (RNBx)

MATTEL'S AMENDED PROPOSED VERDICT FORM FOR PHASE 1B—DISPUTED SET

9. Was Mr. Larian's infringement of Mattel's copyright's willful?

Yes ____

No ____

10. You must answer two questions regarding damages for Isaac Larian's infringement of Mattel's copyrights. First, what amount of damages do you award to Mattel for Isaac Larian's infringement of Mattel's copyrights, as measured by distributions by MGA to Mr. Larian?

$____________________________

11. Separately, what amount of damages do you award to Mattel for Isaac Larian's infringement of Mattel's copyrights, as measured by the value of Mr. Larian's ownership interests in MGA?

$____________________________

12. Did MGA Hong Kong infringe Mattel's copyrights?

Yes ____

No ____

*If your answer is "yes," then answer Questions 13 and 14.*

*If your answer is "no," then answer Question 15.*

13. Was MGA Hong Kong's infringement of Mattel's copyrights willful?

Yes ____

No ____

14. What amount of damages do you award to Mattel for MGA Hong Kong's infringement of Mattel's copyrights?

$___________________________

**Fraudulent Concealment**

15. Did MGA fraudulently conceal the bases for Mattel's claim of intentional interference with contract against it?

Yes ____

No ____

16. Did Isaac Larian fraudulently conceal the bases for Mattel's claim of intentional interference with contract against him?

Yes ____

No ____

17. Did MGA fraudulently conceal the bases for Mattel's claim of conversion against it?

Yes ____

No ____

18. Did Mr. Larian fraudulently conceal the bases for Mattel's claim of conversion against him?

Yes ____

No ____

19. Did MGA Hong Kong fraudulently conceal the bases for Mattel's claim of conversion against it?

Yes ____

No ____

**Punitive Damages**

20. Did MGA act with malice, oppression, or fraud?

Yes ____

No ____

*If your answer is "yes," then answer Question 21.*

*If your answer is "no," then answer Question 22.*

21. What amount of punitive damages do you award against MGA?

$__________________________

22. Did Isaac Larian act with malice, oppression, or fraud?

Yes ____

No ____

*If your answer is "yes," then answer Question 23.*

*If your answer is "no," then answer Question 24.*

23. What amount of punitive damages do you award against Mr. Larian?

$__________________________

24. Did MGA Hong Kong act with malice, oppression, or fraud?

Yes ____

No ____

*If your answer is "yes," then answer Question 25.*

25. What amount of punitive damages do you award against MGA Hong Kong, if any?

$__________________________

Once this verdict form is completed, the foreperson of the jury should sign and date on the lines below.

DATED: _______________, 2008

_____________________________________
Jury Foreperson

**DEFENDANTS' GENERAL OBJECTIONS TO PROPOSED VERDICT FORM**

The MGA Parties respectfully submit their objections to Mattel's Proposed Special Verdict Forms as set forth below. The MGA Parties object to Mattel's Proposed Special Verdict Forms in general for omitting any of the questions proposed by the MGA Parties. In particular, the MGA Parties object to the Mattel Special Verdict Forms because they ignore entirely MGA Parties' legal affirmative defenses. See July 24, 2008 Order re Proceedings Regarding Laches And Other Equitable Defenses ("the Court will have the parties present to the jury evidence relevant only to the remaining claims, the issue of fraudulent concealment, and any legal defenses to the remaining claims").

The MGA Parties further preserve their objection to the extent that Mattel has proposed a special, rather than an general, verdict form. The purpose of a special verdict is to concentrate the jury on its fact-finding role. See Zhang v. Am. Gem. Seafoods, Inc., 339 F.3d 1020, 1031 (9th Cir. 2003) (discussing differences between special verdicts and general verdicts and noting that "special verdicts 'compel the jury to focus exclusively on its fact-finding role'") (quoting Floyd v. Laws, 929 F.2d 1390, 1395 (9th Cir. 1991)). Particularly where cases are complex and fact-intensive, special verdict forms provide the jurors with assistance in framing their understanding of the issue. For example, in a First Amendment case, Tavoulareas v. Piro, then Circuit Court Judge Ruth Bader Ginsburg lauded the use of detailed special verdict forms, noting that they "impel the jurors to advert to the framework within which the judge has instructed them to consider the case and could assist them to hold the distinct legal questions in clear and separate view" and "thus may promote both comprehension and actual application of the governing … law." 817 F.2d 762, 809 (D.C. Cir. 1987) (Ginsburg, J., concurring). She described with approval the use of "a jury verdict form which

'took the jury step by step through each of the theories on which plaintiff relied.'" Id. at 809 n.4 (internal citations omitted). Given the complexity of the issues in this case, particularly with respect to the copyright claims at issue in this Phase, the MGA Parties respectfully submit that a special verdict form would be appropriate.

Finally, to the extent Mattel's proposed verdict form incorporates or relies upon Mattel's objectionable jury instructions, the MGA Parties renew their objections to those instructions and incorporate those objections by reference.

**MATTEL'S STATEMENT IN SUPPORT OF ITS PROPOSED VERDICT FORM FOR PHASE 1B**

The MGA Parties and Bryant have raised a variety of objections to Mattel's Proposed Special Verdict Forms. They are not well taken. For the reasons stated in Mattel's objections to defendants' proposed verdict forms, the Court should provide Mattel's verdict forms to the jury.

Defendants continue to cite *Zhang v. Am. Gen. Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003), and assert that Mattel's form is not proper because the Court should give lengthy "special" verdict forms that walk the jury through every fact, every element and every defense conceivably relevant to Mattel's claims against defendants. The Court has already concluded that the type of "special" verdict form discussed in *Zhang* is not appropriate here, rendering defendants' objections inapplicable. (Mattel will not repeat its response to defendants' arguments regarding this issue but hereby incorporates its prior responses.)

Additionally, defendants' objections that Mattel's proposed form should include additional questions should be overruled because the additional questions suggested by defendants are unnecessary.

For the above reasons and those set forth below with respect to defendants' specific objections, Mattel submits that defendants' form should be rejected, and Mattel's form should be provided to the jury in Phase 1B of the trial in this matter.

**Specific Objections**

**DEFENDANTS' OBJECTIONS TO QUESTIONS 1-4**

The MGA Parties object to questions 1-4 to the extent that they do not distinguish between damages awarded against different defendants. Particularly as to conversion, where the defendants may have been found to convert different items with different fair market values, this distinction is necessary.

**MATTEL'S STATEMENT IN SUPPORT OF QUESTIONS 1-4**

Defendants' objection to Mattel's form of verdict should be overruled. As joint tortfeasors, defendants are jointly and severally liable for Mattel's damages. *See, e.g.*, *Sindell v. Abbott Laboratories*, 26 Cal. 3d 588, 604 (1980); *Bostick v. Flex Equip. Co.*, 147 Cal. App. 4th 80, 90 (2007) (confirming that "each tortfeasor remains jointly and severally liable to the plaintiff for economic damages"). This rule specifically applies to "torts committed by . . . those acting in official capacities as officers or directors of a corporation, even though the corporation is also liable." *PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1381-82 (2000) (citing *Golden v. Anderson*, 256 Cal. App. 2d 714 (1967) (holding corporate officers and corporation jointly and severally liable for intentional interference with contractual relations); *Granoff v. Yackle*, 196 Cal. App. 2d 253 (1961) (holding corporate officer and corporation jointly and severally liable for conversion)). There is no need for the jury to separately award damages (whether measured by disgorgement or otherwise) against different defendants where defendants are jointly and severally liable. *See, e.g.*, *Victor Oil Co. v. Drum*, 184 Cal. 226, 237-38 (1920) (rejecting defendants' claim that "judgment should have been only for the share of the profit each received" because as "participants in the scheme, they are each and all

responsible for the full amount of the injury their scheme worked upon the plaintiff.").

Although defendants suggest that the damages might be different for Mattel's conversion claim, defendants are jointly and severally liable for conversion here as well, and separate damages awards are not necessary. *See McCafferty v. Gilbank*, 249 Cal. App. 2d 569, 576 (1967) ("Where conversion is the result of the acts of several persons, which, though separately committed, all tend to the same end, there is a joint conversion."). Defendants fail to identify any specific property that was converted by fewer than all defendants, and there is no evidence that would support such an assertion. Rather, defendants' conversion was joint, and they are jointly liable therefor.

**DEFENDANTS' OBJECTIONS TO QUESTIONS 5-14**

The MGA Parties object to questions 5-14 on the grounds that they are patently overbroad in the face of the complex copyright issues in this case. There are sixteen drawings at issue in this case, and the jury might be asked consider both BRATZ character art and BRATZ dolls – potentially thousands of items. One question, "Is [] liable to Mattel for copyright infringement?" can hardly produce a factual finding on all of these diverse issues. The MGA Parties respectfully suggest that it is premature at this point to determine what questions should be asked on the verdict form for copyright claims because Mattel has not yet indicated the precise parameters of its claim, and reserve the right to amend their own verdict form to conform to the evidence and arguments presented at trial. However, regardless of the evidence, Mattel's form is woefully inadequate.

The MGA Parties further object to these questions to the extent that they incorporate Mattel's improper approach to damages calculation for the reasons set

forth in the MGA Parties' objections to Mattel's jury instructions on copyright damages, which are incorporated by reference.

Finally, the MGA Parties object to these questions to the extent that they refer to willful infringement, for the reasons set forth in the MGA Parties' objection to Mattel's instruction Copyright – Damages - Willful Infringement, which is incorporated by reference.

**MATTEL'S STATEMENT IN SUPPORT OF QUESTIONS 5-14**

Defendants' objections to this proposed form of verdict should be overruled. Defendants' own proposed verdict form simply asks the jury: "Has Mattel proven by a preponderance of the evidence that [] is liable for copyright infringement?" Accordingly, defendants have no basis to object to Mattel's proposed liability findings as "woefully inadequate." Defendants suggest that the factual findings they would seek would apparently relate to "potentially thousands of items," which shows why their preferred approach is not feasible. Indeed, defendants have not themselves even attempted to identify in their proposed verdict form the vast universe of Bratz-related products that the jury could find infringe Mattel's copyrighted works. Any comprehensive list of potentially-infringing products would be voluminous, unwieldy and unnecessary.

Moreover, there is no reason to require that the jury make separate findings as to each individual Bratz-related product that infringes on Mattel's copyrights. The universe of infringement found by the jury will be made clear through the jury's award of damages for that infringement (e.g., "What amount of damages do you award to Mattel for []'s infringement of Mattel's copyrights?"). If the jury finds only minimal acts of infringement, its damages award will reflect that finding, and vice versa. Mattel's proposed form thus captures everything it must, and is far less confusing and burdensome than defendants' suggested revisions.

Defendants' objection that the proposed form incorporates Mattel's "improper approach to damages calculation" is vague and incomprehensible. Mattel's proposed form simply asks the jury to make liability findings and damages awards, if appropriate, as to each defendant. Those questions do not incorporate any "approach" to the calculation of damages, which will be addressed in the jury instructions to be given to the jury.

Finally, defendants' objection to the proposed findings regarding willful infringement should be overruled. As set forth in Mattel's proposed jury instruction, the law is clear that in cases of willful infringement, defendants may not deduct certain expenses. *See* 9th Cir. Civ. Jury Instr. 17.27 (2007); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000) (noting that willful infringers are not permitted to deduct income taxes); *Kamar Int'l, Inc. v. Russ Berrie and Co., Inc*., 752 F.2d 1326, 1331-32 (9th Cir. 1982) ("[a] portion of an infringer's overhead properly may be deducted from gross revenues to arrive at profits, at least where the infringement was not willful, conscious, or deliberate.") (emphasis added); *Sheldon v. Metro-Goldwyn Pictures Corp*., 106 F.2d 45, 53 (2d Cir. 1939) (a willful infringer may not deduct its income taxes); *Saxon v. Blann*, 968 F.2d 676, 681 (8th Cir. 1992) (a willful infringer may not deduct overhead expenses); *Jarvis v. A & M Records*, 827 F. Supp. 282, 294 (1993) ("[I]f defendant's conduct is willful, overhead may not be deducted"); *Liu v. Price Waterhouse LLP*, 2000 WL 1644585, *6 (N.D. Ill. 2000) (approving jury instruction barring deduction of overhead if the jury were to find willful infringement); 5 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 14.03[C][2] (2006) (it is "settled law" that infringers are not entitled to income tax deductions). Willful infringement can also be relevant to apportionment issues. *See Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1010 (2d Cir. 1995) (recognizing that willfulness may be relevant to apportionment). Accordingly, a finding of willful infringement is highly relevant.

**DEFENDANTS' OBJECTIONS TO QUESTIONS 15-19**

The MGA Parties object to questions 15-19 to the extent they do not refer to Mattel's burden of proof on the issue of fraudulent concealment. (See MGA Parties' Proposed Verdict Form Questions 18-22 ("Has Mattel proven by a preponderance of the evidence that …"). The MGA Parties further respectfully submit that it would be appropriate to mention the relevant date (April 27, 2001 or 2002) in the verdict form to ensure clarity on the part of the jury. (See id.) The MGA Parties also incorporate by reference their response to Mattel's Statement Regarding Fraudulent Concealment in Mattel's jury instructions.

**MATTEL'S STATEMENT IN SUPPORT OF QUESTIONS 15-19**

Defendants' objections to this proposed form of verdict should be overruled. There is no need to reference Mattel's burden of proof on this issue because the jury instructions sufficiently inform the jury on that issue. *See* Mattel's Proposed Jury Instruction re Fraudulent Concealment ("Mattel must show that the defendants intentionally concealed the facts . . .").

Moreover, there is no need to "mention" the dates of April 27, 2001 or April 27, 2002 in this proposed form. The only issue remaining in light of the Court's prior rulings is whether there was fraudulent concealment and resulting tolling. The jury need not make a finding as to the duration of the concealment because, for the reasons set forth below, the first date on which Mattel could have learned of the specific harm at issue and its cause under the Court's prior findings (July 18, 2003) is long after the April 27, 2002 and April 27, 2001 dates that would render Mattel's claims timely.

The Court has already found that July 18, 2003 is the earliest date on which Mattel had knowledge of the wrongdoing at issue in this lawsuit. *See* May 27, 2008 Order re Statute of Limitations Defense, at 8 (finding that the July 18, 2003 *Wall*

*Street Journal* article wherein Larian indicated that he chose Bryant's idea for Bratz in late 1999 is the earliest date on which Mattel's claims could have accrued). The Court also expressly found, based on undisputed evidence, that "there is no evidence that Mattel had any **knowledge** of any of the three generic elements of its claims, and thus no claim accrued, prior to the earliest date identified by the Court, which is July 18, 2003." June 2, 2008 Order at 2 (referring to generic elements of wrongdoing, causation and harm). That finding is itself dispositive because it shows that, if there was concealment, the period of tolling caused thereby could not have expired prior to July 18, 2003. The law is clear that tolling resulting from fraudulent concealment does not end until a plaintiff has, at a bare minimum, "knowledge" of the generic elements of ***both*** harm and causation. *Hynix Semiconductor*, 2007 WL 3284060, *3 (N.D. Cal. 2003) (tolling based on fraudulent concealment ends when the plaintiff has "a suspicion of wrongdoing, ***coupled with a knowledge*** of the harm and its cause") (emphasis added). Indeed, Mattel contends that something more -- "near-actual" notice of the specific harm -- is required to end a period of tolling due to concealment. *See, e.g.*, *Garamendi v. SDI Vendome SA*, 276 F. Supp. 2d 1030, 1042-3 (C.D. Cal 2003). Accordingly, because (1) the Court has found as a matter of law that Mattel did not have knowledge of ***either*** the harm or its cause prior to July 18, 2003, and (2) knowledge of both the harm and its cause is required to end a period of tolling where there is concealment, the only issue for the jury is whether there was concealment. If there was tolling, such tolling could not have ended before July 18, 2003 -- the first date on which Mattel could possibly have learned of the specific harm at issue and its cause under the Court's prior findings. Because the earliest possible end-of-tolling date (July 18, 2003) is long after the April 27, 2001 and April 27, 2002 dates that would render Mattel's claims for conversion and intentional interference with contractual relations timely, there is no need for the

jury to make a finding as to the duration of the tolling. If the jury finds concealment, Mattel's claims are timely.

**DEFENDANTS' OBJECTIONS TO QUESTIONS 20-25**

The MGA Parties object to questions 20-25 on the grounds that Mattel lacks any evidentiary basis to submit a verdict form concerning punitive damages. See Barry v. Raskov, 232 Cal. App. 3d 447, 457 (1991) (trial court properly refused to instruct jury on punitive damages, as there was not clear and convincing evidence of fraud); see also Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("[a] party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence").

**MATTEL'S STATEMENT IN SUPPORT OF QUESTIONS 20-25**

Defendants' objections to Mattel's proposed form of verdict should be overruled. Mattel seeks punitive damages against the defendants based on its allegations in this case that defendants acted "with malice, fraud and oppression" and "in conscious disregard of Mattel's rights." *See* Mattel's Counterclaims, at ¶ 128. Defendants have not moved for summary adjudication or judgment as a matter of law as to Mattel's claims for punitive damages, and the Court has recognized that Mattel is pursuing punitive damages against the defendants in this phase. It is well settled that "[w]hether or not punitive damages should be awarded and the amount to be awarded are within the discretion of the jury . . .." *Hannon Eng'g, Inc. v. Reim*, 126 Cal. App. 3d 415, 431 (1981). Hence, jury instructions and verdict form questions on this issue are proper.