THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (Admitted Pro Hac Vice)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>MGA PARTIES' REVISED [PROPOSED] PHASE 1-B VERDICT FORM |

[The MGA Parties reserve the right to amend this verdict form in accordance with the evidence presented at trial, particularly with respect to Mattel's copyright claims.]

# VERDICT FORM

We answer the questions submitted to us as follows:

## Copyright Claims

1. Has Mattel proven by a preponderance of the evidence that MGA is liable for copyright infringement?

    Yes ____    No ____

2. Has Mattel proven by a preponderance of the evidence that MGA (HK) is liable for copyright infringement?

    Yes ____    No ____

3. Has Mattel proven by a preponderance of the evidence that Isaac Larian is liable for copyright infringement?

    Yes ____    No ____

4. Has Mattel proven by a preponderance of the evidence that Isaac Larian is liable for contributory copyright infringement?

    Yes ____    No ____

5. Has Mattel proven by a preponderance of the evidence that Isaac Larian is liable for vicarious copyright infringement?

    Yes ____    No ____

Affirmative Defenses

6. Have the MGA Parties proven by a preponderance of the evidence that Mattel's copyright claims are barred by the defense of consent?

    Yes ____    No ____

7. Have the MGA Parties proven by a preponderance of the evidence that Mattel's copyright claims are barred by the defense of abandonment?

    Yes ____    No ____

8. Have the MGA Parties proven by a preponderance of the evidence that Mattel's copyright claims are barred by the defense under Section 205(d) (Bona Fide Purchaser for Value)?

    Yes ____    No ____

9. Have the MGA Parties proven by a preponderance of the evidence that Mattel's copyright claims are barred by the defense of *de minimis* use?

    Yes ____    No ____

Damages

First Generation Core Fashion Dolls:

10. If you answered "yes" to any of Questions 1-5, has Mattel proven by a preponderance of the evidence that the following MGA products infringe the copyrighted drawings in Exhibit A:

| Yes | No | |
|---|---|---|
| ☐ | ☐ | TX 12286 (Cloe) |
| ☐ | ☐ | TX 17551 (Jade) |
| ☐ | ☐ | TX 17558 (Sasha) |
| ☐ | ☐ | TX 17561 (Yasmin) |

11. If you answered "Yes" to Question No. 10, state the amount of damages that Mattel is entitled to, if any:

$_____

Later Fashion Dolls:

12. If you answered "yes" to any of Questions 1-5, has Mattel proven by a preponderance of the evidence that the following MGA products infringe the copyrighted drawings in Exhibit A:

| Yes | No | |
|---|---|---|
| ☐ | ☐ | Fashion Dolls, e.g., TX xxx, TX xxx, TX xxx , TX xxx |
| ☐ | ☐ | Fashion Doll Accessories, e.g., TX xxx, TX xxx, TX xxx, TX xxx |

13. If you answered "Yes" to Question No. 12, state the amount of damages that Mattel is entitled to, if any:

$_____

Other Product Lines:

14. If you answered "yes" to any of Questions 1-5, has Mattel proven by a preponderance of the evidence that the following MGA products infringe the copyrighted drawings in Exhibit A:

| Yes | No | |
|---|---|---|
| ☐ | ☐ | Small/Mini Dolls, e.g., TX xxx, TX xxx, TX xxx, TX xxx |
| ☐ | ☐ | Large Dolls, e.g., TX xxx, TX xxx, TX xxx, TX xxx |
| ☐ | ☐ | Small/Mini Doll Accessories, e.g., TX xxx, TX xxx, TX xxx, TX xxx |
| ☐ | ☐ | Large Doll Accessories, e.g., TX xxx, TX xxx, TX xxx, TX xxx |

15. If you answered "Yes" to Question No. 14, state the amount of damages that Mattel is entitled to, if any:

$_____

[If Mattel is seeking damages based on copyright infringement of merchandise:]

<u>Merchandise:</u>

16. If you answered "yes" to any of Questions 1-5, has Mattel proven by a preponderance of the evidence that the following MGA products infringe the copyrighted drawings in Exhibit A:

| Yes | No | |
|---|---|---|
| ☐ | ☐ | Accessories, e.g., TX xxx, TX xxx, TX xx and TX xxx |
| ☐ | ☐ | Home Decor, e.g., TX xxx, TX xxx, TX xx and TX xxx |
| ☐ | ☐ | Stationery, e.g., TX xxx, TX xxx, TX xx and TX xxx |
| ☐ | ☐ | Games & Puzzles, e.g., TX xxx, TX xxx, TX xx and TX xxx |
| ☐ | ☐ | Sporting Goods, e.g., TX xxx, TX xxx, TX xx and TX xxx |
| ☐ | ☐ | Consumer Electronics, e.g., TX xxx, TX xxx, TX xx and TX xxx |

17. If you answered "Yes" to Question No. 16, state the amount of damages that Mattel is entitled to, if any, :

$_____

### **<u>Non-Copyright Claims</u>**

<u>Affirmative Defenses</u>

18. Has Mattel proven by a preponderance of the evidence that MGA fraudulently concealed Mattel's intentional interference with contractual relations claim until after April 27, 2002?

Yes ____   No ____

19. Has Mattel proven by a preponderance of the evidence that Isaac Larian fraudulently concealed Mattel's intentional inference with contractual relations claim until after April 27, 2002?

    Yes ____  No ____

20. Has Mattel proven by a preponderance of the evidence that MGA fraudulently concealed Mattel's conversion claim until after April 27, 2001?

    Yes ____  No ____

21. Has Mattel proven by a preponderance of the evidence that Isaac Larian fraudulently concealed Mattel's conversion claim until after April 27, 2001?

    Yes ____  No ____

22. Has Mattel proven by a preponderance of the evidence that MGA (HK) fraudulently concealed Mattel's conversion claim until after April 27, 2001?

    Yes ____  No ____

### Damages

23. State the amount of nominal or compensatory damages Mattel is entitled to on its claim against MGA for intentional interference with contractual relations, if any:

    $_____

24. State the amount of nominal or compensatory damages Mattel is entitled to on its claim against Larian for intentional interference with contractual relations, if any:

    $_____

25. State the amount of nominal or compensatory damages Mattel is entitled to on its claim against MGA for aiding and abetting breach of fiduciary duty, if any:

$_____

26. State the amount of nominal or compensatory damages Mattel is entitled to on its claim against Larian for aiding and abetting breach of fiduciary duty, if any:

$_____

27. State the amount of nominal or compensatory damages Mattel is entitled to on its claim against MGA for aiding and abetting breach of the duty of loyalty, if any:

$_____

28. State the amount of nominal or compensatory damages Mattel is entitled to on its claim against Larian for aiding and abetting breach of the duty of loyalty, if any:

$_____

29. For those drawings and items in Exhibit B that you found were converted by MGA, state the total fair market value of these drawings and items at the time of conversion, if any:

$_____

and state the amount of reasonable compensation for the time and money spent by Mattel in attempting to recover this property:

$_____

30. For those drawings and items in Exhibit B that you found were converted by Larian, state the total fair market value of these drawings and items at the time of conversion, if any:

$_____

and state the amount of reasonable compensation for the time and money spent by Mattel in attempting to recover this property:

$_____

31. For those drawings and items in Exhibit B that you found were converted by MGA (HK), state the total fair market value of these drawings and items at the time of conversion, if any:

$_____

and state the amount of reasonable compensation for the time and money spent by Mattel in attempting to recover this property:

$_____

Once this verdict form is completed, the foreperson of the jury should sign and date on the lines below.

DATED: _____, 2008

_____
Presiding Juror

[Based on the Court's rulings, the MGA Parties have omitted from their verdict form questions regarding the affirmative defenses that the Court has found to be equitable: laches, waiver, estoppel and acquiescence. The MGA Parties understand that the Court will make findings of fact and rule on these affirmative defenses after the jury renders its verdict. In omitting these questions, the MGA Parties preserve their position that the jury should be instructed and questioned on these defenses. Likewise, the MGA Parties understand the Court to have stated that a general, rather than a special, verdict form should be submitted on non-copyright issues. The MGA Parties have therefore presented general verdict questions above, but preserve their

position that a special verdict form would be appropriate given the complexity of all claims in this case.]

DATED: July 29, 2008         SKADDEN, ARPS, SLATE, MEAGHER
                                              & FLOM LLP

                                     By:  _____/s/ Thomas J. Nolan_____
                                                  Thomas J. Nolan
                                             Attorneys for the MGA Parties

# EXHIBIT A

## [SIXTEEN COPYRIGHTED DRAWINGS]

TX [302] [VA 1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271 and VAu 715-273.]

1
2
3
4
5
6
7
8
9
10                              EXHIBIT B
11    [EXHIBITS FOR WHICH JURORS MARKED "YES" IN QUESTIONS 1-4 OF
12                    THE VERDICT FORM IN PHASE 1-A]
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28