THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (Admitted Pro Hac Vice)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>               Plaintiff,<br><br>      v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>               Defendant.<br><br>_____<br><br>AND CONSOLIDATED ACTIONS.<br>_____ | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>**MGA PARTIES' RESPONSES TO MATTEL'S OBJECTIONS TO MGA PARTIES' REVISED [PROPOSED] PHASE 1-B VERDICT FORM** |

## Mattel's General Objections

Each of the following General Objections is hereby incorporated in full into the objections to specific verdict forms and proposed findings set forth below:

1.      Mattel objects to the defendants' proposed verdict form regarding damages on the ground that it is overly complicated.  Defendants purport to list the specific Bratz-related products that could infringe Mattel's copyrights, but their lists are not comprehensive in any way, and comprehensive lists of potentially infringing products would be voluminous and unwieldy.  More general damages questions -- asking the jury to make findings as to the amount of profits attributable to infringement based on the evidence presented at trial -- are appropriate and far less confusing and burdensome than defendants' proposed damages form.  The goal of any verdict form should be to assist the jury in rendering its verdict, not to make the process difficult and confusing.

2.      Mattel further objects to the defendants' proposed verdict form regarding damages on the ground that it does not properly account for Mattel's claim for indirect profits, as to which Mattel need not show direct infringement.  In fact, under this form an award of indirect profits would be impossible.

3.      Mattel further objects to defendants' proposed verdict form on the ground that it improperly limits Mattel's copyright infringement claim to "the 16 Bryant drawings that Mattel has registered with the Copyright office."  Mattel's claim encompasses all of the Bratz-related works the jury found that Mattel owns in Phase 1A, whether or not those works were previously registered.  *See Perfect 10, Inc. v. Amazon.com Inc.*, 487 F.3d 701, 710 n.1 (9th Cir. 2007) (noting, in a case where some works were registered and some were not, that Section 411 of the Copyright Act does not limit the remedies a court can grant for copyright infringement even of unregistered works); 28 U.S.C. § 1367(a) ("The district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

1

controversy under Article III of the United States Constitution.").  Moreover, Mattel is in the process of registering its copyrights in additional Bratz-related works the jury found Mattel owns, which renders defendant's limitation moot.  Not considering defendants' infringement of these additional works would be nonsensical, and would require the filing of a separate lawsuit, after this one, to address Mattel's claims that defendants have infringed Bratz works Mattel now owns, which were not previously registered.  The works will all be registered within a matter of days, now that Mattel has been found to own them.  Mattel's infringement claim should be considered in its entirety, as to all of the Bratz works Mattel owns.

4.       Mattel objects to the proposed order and structure of the verdict form, which is defense oriented and biased.

5.       Mattel further objects to defendants' proposed verdict form to the extent that defendants' instructions are inconsistent with applicable legal standards, as set forth in the briefing on Mattel's motion for partial summary judgment, Mattel's motions in limine and Mattel's proposed jury instructions, which are hereby incorporated herein, and as set forth in the Court's prior Orders.

6.       Mattel further objects to the defendants' proposed verdict form on the ground that it is biased toward the defendants.

7.       Mattel incorporates by reference herein, each of the objections that it has made or may make to the jury instructions proposed by MGA to the extent that they relate to the same subject matter addressed by those objections.

8.       Based on the foregoing General Objections, Mattel respectfully requests that the Court reject defendants' proposed verdict form in its entirety and adopt Mattel's proposed verdict form for Phase 1B.

2

Responses to Objections to MGA Parties' [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

## MGA Parties' Responses

1.     The MGA Parties respectfully suggest that a general verdict form on copyright damages is simply inappropriate in this case.  As Mattel notes, a list of every potentially infringing product would be voluminous and unwieldy, but the solution to this problem is not to simply ignore the volume of items entirely.  The MGA Parties have made an initial effort based on their understanding of the evidence that may be presented at trial, but submit that a final verdict form is premature at this point.  Once the evidence is presented, the MGA Parties and Mattel should meet and confer, as they did on the Phase 1-A verdict form, to devise a verdict form with categories of potentially infringing items that will be meaningful to the jury.

2.     The MGA Parties' verdict form does not prevent the awarding of indirect profits, as it simply asks for any damages relating to a particular category of goods.  Furthermore, Mattel's request for indirect profits is problematic for all the reasons stated the MGA Parties' Objection to Mattel's Proposed Jury Instruction: Copyright – Damages – Indirect Profits, which reasons are incorporated herein by reference.

3.     The MGA Parties incorporate by reference their Response to Mattel's Objection to the MGA Parties' Proposed Jury Instruction: Copyright – Preliminary Instruction.

4.     Other than a boilerplate accusation, Mattel does not explain how the order and structure of this form is "defense-oriented" and "biased."  The MGA Parties respond to Mattel's specific objections below.

5.     Other than a boilerplate accusation, Mattel does not explain how the proposed verdict form is inconsistent with the applicable legal standards.  The MGA Parties respond to Mattel's specific objections below.

6.     Other than a boilerplate accusation, Mattel does not explain how this form is "biased."  The MGA Parties respond to Mattel's specific objections below.

3

7.      The MGA Parties incorporate by reference their responses to each of the objections that Mattel has made or may make to the jury instructions proposed by MGA to the extent that they relate to the same subject matter addressed by those objections.

8.      The MGA Parties respectfully requests that the Court adopt their proposed verdict form in its entirety and reject Mattel's proposed verdict form in its entirety.

4

Responses to Objections to MGA Parties' [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

[The MGA Parties reserve the right to amend this verdict form in accordance with the evidence presented at trial, particularly with respect to Mattel's copyright claims.]

## VERDICT FORM

We answer the questions submitted to us as follows:

### <u>Copyright Claims</u>

1.   Has Mattel proven by a preponderance of the evidence that MGA is liable for copyright infringement?

      Yes _____     No _____

2.  Has Mattel proven by a preponderance of the evidence that MGA (HK) is liable for copyright infringement?

      Yes _____     No _____

3.  Has Mattel proven by a preponderance of the evidence that Isaac Larian is liable for copyright infringement?

      Yes _____     No _____

4.  Has Mattel proven by a preponderance of the evidence that Isaac Larian is liable for contributory copyright infringement?

      Yes _____     No _____

5.  Has Mattel proven by a preponderance of the evidence that Isaac Larian is liable for vicarious copyright infringement?

      Yes _____     No _____

<u>Affirmative Defenses</u>

6.     Have the MGA Parties proven by a preponderance of the evidence that Mattel's copyright claims are barred by the defense of consent?

              Yes _____     No _____

7.     Have the MGA Parties proven by a preponderance of the evidence that Mattel's copyright claims are barred by the defense of abandonment?

              Yes _____     No _____

8.     Have the MGA Parties proven by a preponderance of the evidence that Mattel's copyright claims are barred by the defense under Section 205(d) (Bona Fide Purchaser for Value)?

              Yes _____     No _____

9.     Have the MGA Parties proven by a preponderance of the evidence that Mattel's copyright claims are barred by the defense of *de minimis* use?

              Yes _____     No _____

<u>Damages</u>

<u>First Generation Core Fashion Dolls:</u>

10.  If you answered "yes" to any of Questions 1-5, has Mattel proven by a preponderance of the evidence that the following MGA products infringe the copyrighted drawings in Exhibit A:

| Yes | No | |
|---|---|---|
| ☐ | ☐ | TX 12286 (Cloe) |
| ☐ | ☐ | TX 17551 (Jade) |
| ☐ | ☐ | TX  17558 (Sasha) |
| ☐ | ☐ | TX 17561 (Yasmin) |

6

11.  If you answered "Yes" to Question No. 10, state the amount of damages that Mattel is entitled to, if any:

$_____

Later Fashion Dolls:

12.  If you answered "yes" to any of Questions 1-5, has Mattel proven by a preponderance of the evidence that the following MGA products infringe the copyrighted drawings in Exhibit A:

| Yes | No | |
|-----|-----|-----|
| ☐ | ☐ | Fashion Dolls, e.g., TX xxx, TX xxx, TX xxx , TX xxx |
| ☐ | ☐ | Fashion Doll Accessories, e.g., TX  xxx, TX xxx, TX xxx, TX xxx |

13.  If you answered "Yes" to Question No. 12, state the amount of damages that Mattel is entitled to, if any:

$_____

Other Product Lines:

14.  If you answered "yes" to any of Questions 1-5, has Mattel proven by a preponderance of the evidence that the following MGA products infringe the copyrighted drawings in Exhibit A:

| Yes | No | |
|-----|-----|-----|
| ☐ | ☐ | Small/Mini Dolls, e.g., TX xxx, TX xxx, TX xxx, TX xxx |
| ☐ | ☐ | Large Dolls, e.g., TX xxx, TX xxx, TX xxx, TX xxx |
| ☐ | ☐ | Small/Mini Doll Accessories, e.g., TX  xxx, TX xxx, TX xxx, TX xxx |
| ☐ | ☐ | Large Doll Accessories, e.g., TX xxx, TX xxx, TX xxx, TX xxx |

7

15.  If you answered "Yes" to Question No. 14, state the amount of damages that Mattel is entitled to, if any:

$\$$_____

[If Mattel is seeking damages based on copyright infringement of merchandise:]

Merchandise:

16.  If you answered "yes" to any of Questions 1-5, has Mattel proven by a preponderance of the evidence that the following MGA products infringe the copyrighted drawings in Exhibit A:

| Yes | No | |
|-----|-----|-----|
| ☐ | ☐ | Accessories, e.g., TX xxx, TX xxx, TX xx and TX xxx |
| ☐ | ☐ | Home Decor, e.g., TX  xxx, TX xxx, TX xx and TX xxx |
| ☐ | ☐ | Stationery, e.g., TX xxx, TX xxx, TX xx and TX xxx |
| ☐ | ☐ | Games & Puzzles, e.g., TX xxx, TX xxx, TX xx and TX xxx |
| ☐ | ☐ | Sporting Goods, e.g., TX xxx, TX xxx, TX xx and TX xxx |
| ☐ | ☐ | Consumer Electronics, e.g., TX  xxx, TX xxx, TX xx and TX xxx |

17.  If you answered "Yes" to Question No. 16, state the amount of damages that Mattel is entitled to, if any, :

$\$$_____

8

Responses to Objections to MGA Parties' [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

**Mattel's Objections**

Mattel objects to defendants' proposed verdict form regarding Copyright Claims on the following grounds:

**Questions 1-5:**  The Court should not include the phrase "by a preponderance of the evidence" in these questions.  The jury instructions make the burden of proof clear.  As the Court ruled previously, where a question asks for a finding of liability, there is no need to separately specify the burden of proof.

**Questions 4 and 5:**  There is no need to include separate findings regarding contributory and vicarious copyright infringement because that is encompassed within a finding of liability for copyright infringement (whether direct, vicarious or contributory).  To the extent the Court finds that separate findings are appropriate, defendants' form should include a finding regarding Mattel's claim that MGA Hong Kong is liable for contributory infringement.

**Affirmative Defenses**

**Questions 6-9:**  There is no need to include separate findings regarding affirmative defenses to the copyright infringement claim because the jury will be given instructions on those defenses; their determination of those defenses will be encompassed within a finding of liability or no liability.

**Question 6:**  This proposed finding is misleading and erroneous because there is no defense of consent to Mattel's copyright infringement claims.  Nothing in defendants' jury instruction suggests otherwise -- indeed, their proposed instruction indicates that any purported consent defense is based on Mattel employees' moonlighting and only to "claims arising out of breach of the Inventions Agreement," and not copyright infringement.

**Questions 6-9:**  To the extent the Court finds that findings are appropriate as to copyright affirmative defenses, the questions should include findings as to each defendant, and not the MGA Parties generically.

9

**Damages**

Mattel objects to defendants' proposed verdict form on the ground that it improperly limits Mattel's copyright infringement claim to "the 16 Bryant drawings that Mattel has registered with the Copyright office."  Mattel's claim encompasses all of the Bratz-related works the jury found that Mattel owns in Phase 1A, whether or not those works were previously registered.  *See Perfect 10, Inc. v. Amazon.com Inc.*, 487 F.3d 701, 710 n.1 (9th Cir. 2007) (noting, in a case where some works were registered and some were not, that Section 411 of the Copyright Act does not limit the remedies a court can grant for copyright infringement even of unregistered works); 28 U.S.C. § 1367(a) ("The district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  Moreover, Mattel is in the process of registering its copyrights in additional Bratz-related works the jury found Mattel owns, which renders defendant's limitation moot.

Not considering defendants' infringement of these additional works would be nonsensical, and would require the filing of a separate lawsuit, after this one, to address Mattel's claims that defendants have infringed Bratz works Mattel now owns, which were not previously registered.  The works will all be registered within a matter of days, now that Mattel has been found to own them.  Mattel's infringement claim should be considered in its entirety, as to all of the Bratz works Mattel owns.

Mattel therefore objects to defendants' proposed Exhibit A, which sets forth only the 16 Bryant drawings.

Moreover, the separation of damages categories in defendants' proposed form is confusing and erroneous.  The purported categories of potentially-infringing products -- which includes "dolls," "other product lines" and "merchandise" -- are woefully inadequate and not sufficiently precise to be helpful to the jury.  For example, the category of "other product lines" is so overbroad as to be useless.  The

10

jury should simply be asked what profits the jury finds attributable to defendants' copyright infringement.  Defendants do not even attempt to identify the vast universe of Bratz-related products that could infringe Mattel's copyrighted works.  And any comprehensive list of potentially-infringing products would be voluminous and unwieldy.

There is no basis for defendants to require that the jury make separate findings as to whether each individual Bratz-related product infringes on Mattel's copyrights and then what the amount of damages would be from that infringement.

Moreover, defendants' proposed form does not account for Mattel's claim for indirect profits, as to which Mattel need not show direct infringement.  Hence, under this form Mattel cannot possibly obtain an award of indirect profits, even though it is entitled to such damages.

More general damages questions – asking the jury to make findings as to the amount of profits attributable to infringement based on the evidence presented at trial – are appropriate and far less confusing and burdensome than defendants' proposed damages form.

11

Responses to Objections to MGA Parties' [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

**MGA Parties' Response**

**Questions 1-5:**  Questions 1-6 of the Phase 1-A Final Verdict Form submitted by the Court to the jury included the phrase "by a preponderance of the evidence." Omitting it here could confuse the jury by suggesting that this burden had changed.

**Questions 4 and 5:**  As contributory and vicarious infringement are discussed separately in the jury instructions proposed by both parties, the verdict form should also address these separately in order to avoid jury confusion.  The MGA Parties propose that subsequent forms shall include Mattel's claim for contributory infringement by MGA (HK).

**Affirmative Defenses**

**Questions 6-9:**  Because the affirmative defenses for the claims in Phase 1A were not presented concurrently with those claims, the MGA Parties respectfully submit that the jury may be confused as to how to deal with them in this phase.  In order to ensure that the jury considers and decides upon each affirmative defense, the MGA Parties request that special verdict questions on the affirmative defenses be asked.  Given the limited number of defenses, any suggestion that this presents a burden to the jury or is too complicated should be rejected.

**Question 6:**  This Court has recognized that the MGA Parties intend to present a defense of consent to Mattel's copyright claim and Mattel did not object to this categorization in the Pre-Trial Hearing on July 18, 2008.  See 7/18/08 Hearing Tr. 93:3-94:6 ("THE COURT:  Well, let me summarize, then.  As far as the ones characterized as legal defenses, the bona fide purchaser for value, the abandonment, good faith and consent, to the extent that those will go to the jury in the form of the instructions given on copyright infringement.").

**Questions 6-9:**  The questions regarding the affirmative defenses may appropriately be asked as to all of the MGA Parties, as they all relate to and arise out of the same conduct by Mattel or the same agreement between MGA and Bryant. (See MGA Parties' Proposed Jury Instructions: Affirmative Defenses – Consent

12

Responses to Objections to MGA Parties' [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1  (Mattel's consent to moonlighting); Affirmative Defenses – Abandonment (Mattel's

2  abandonment of its copyrights); and Affirmative Defenses – Section 205(D)(Bona

3  Fide Purchaser For Value) (MGA agreement with Bryant takes priority over Mattel

4  agreement with Bryant).)  Given Mattel's oft-repeated concern about over-burdening

5  and confusing the jury, it makes little sense to have the jury answer questions about

6  each of the defendants individually when there conduct underlying these defenses

7  focuses primarily on the conduct of Mattel and, thus, would not vary among

8  defendants.

9       **Damages**

10      The MGA Parties incorporate by reference their Response to Mattel's

11  Objection to the MGA Parties' Proposed Jury Instruction: Copyright – Preliminary

12  Instruction.

13      The MGA Parties respectfully suggest that a general verdict form on copyright

14  damages is simply inappropriate in this case.  As Mattel notes, a list of every

15  potentially infringing product would be voluminous and unwieldy, but the solution to

16  this problem is not to simply ignore the volume of items entirely.  The MGA Parties

17  have made an initial effort based on their understanding of the evidence that may be

18  presented at trial, but submit that a final verdict form is premature at this point.

19  Once the evidence is presented, the MGA Parties and Mattel should meet and confer,

20  as they did on the Phase 1-A verdict form, to devise a verdict form with categories of

21  potentially infringing items that will be meaningful to the jury.

22      The MGA Parties' verdict form does not prevent the awarding of indirect

23  profits, as it simply asks for any damages relating to a particular category of goods.

24  Furthermore, Mattel's request for indirect profits is problematic for all the reasons

25  stated the MGA Parties' Objection to Mattel's Proposed Jury Instruction: Copyright

26  – Damages – Indirect Profits.

27

28

13

Responses to Objections to MGA Parties' [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

## Non-Copyright Claims

### Affirmative Defenses

18.     Has Mattel proven by a preponderance of the evidence that MGA fraudulently concealed Mattel's intentional interference with contractual relations claim until after April 27, 2002?

           Yes _____     No _____

19.     Has Mattel proven by a preponderance of the evidence that Isaac Larian fraudulently concealed Mattel's intentional inference with contractual relations claim until after April 27, 2002?

           Yes _____     No _____

20.     Has Mattel proven by a preponderance of the evidence that MGA fraudulently concealed Mattel's conversion claim until after April 27, 2001?

           Yes _____     No _____

21.     Has Mattel proven by a preponderance of the evidence that Isaac Larian fraudulently concealed Mattel's conversion claim until after April 27, 2001?

           Yes _____     No _____

22.     Has Mattel proven by a preponderance of the evidence that MGA (HK) fraudulently concealed Mattel's conversion claim until after April 27, 2001?

           Yes _____     No _____

### Damages

23.     State the amount of nominal or compensatory damages Mattel is entitled to on its claim against MGA for intentional interference with contractual relations, if any:

           $_____

14

24.    State the amount of nominal or compensatory damages Mattel is entitled to on its claim against Larian for intentional interference with contractual relations, if any:

$_____

25.    State the amount of nominal or compensatory damages Mattel is entitled to on its claim against MGA for aiding and abetting breach of fiduciary duty, if any:

$_____

26.    State the amount of nominal or compensatory damages Mattel is entitled to on its claim against Larian for aiding and abetting breach of fiduciary duty, if any:

$_____

27.    State the amount of nominal or compensatory damages Mattel is entitled to on its claim against MGA for aiding and abetting breach of the duty of loyalty, if any:

$_____

28.    State the amount of nominal or compensatory damages Mattel is entitled to on its claim against Larian for aiding and abetting breach of the duty of loyalty, if any:

$_____

29.    For those drawings and items in Exhibit B that you found were converted by MGA, state the total fair market value of these drawings and items at the time of conversion, if any:

$_____

and state the amount of reasonable compensation for the time and money spent by Mattel in attempting to recover this property:

$_____

15

Responses to Objections to MGA Parties' [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1   30.   For those drawings and items in Exhibit B that you found were converted by

2   Larian, state the total fair market value of these drawings and items at the time of

3   conversion, if any:

4          $_____

5          and state the amount of reasonable compensation for the time and money spent

6   by Mattel in attempting to recover this property:

7          $_____

8

9   31.   For those drawings and items in Exhibit B that you found were converted by

10  MGA (HK), state the total fair market value of these drawings and items at the time

11  of conversion, if any:

12         $_____

13         and state the amount of reasonable compensation for the time and money spent

14  by Mattel in attempting to recover this property:

15         $_____

16

17  Once this verdict form is completed, the foreperson of the jury should sign and date

18  on the lines below.

19  DATED: _____, 2008

20         _____

21                              Presiding Juror

22

23  [Based on the Court's rulings, the MGA Parties have omitted from their verdict form

24  questions regarding the affirmative defenses that the Court has found to be equitable:

25  laches, waiver, estoppel and acquiescence.  The MGA Parties understand that the

26  Court will make findings of fact and rule on these affirmative defenses after the jury

27  renders its verdict.  In omitting these questions, the MGA Parties preserve their

28  position that the jury should be instructed and questioned on these defenses.

16

1  Likewise, the MGA Parties understand the Court to have stated that a general, rather

2  than a special, verdict form should be submitted on non-copyright issues.  The MGA

3  Parties have therefore presented general verdict questions above, but preserve their

4  position that a special verdict form would be more appropriate given the complexity

5  of all claims in this case.]

6

7

8

9                              EXHIBIT A

10                 [SIXTEEN COPYRIGHTED DRAWINGS]

11  TX [302] [VA 1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-

12  652, VA 1-378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657,

13     VA 1-378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271 and

14                           VAu 715-273.]

15

16

17

18

19                              EXHIBIT B

20  [EXHIBITS FOR WHICH JURORS MARKED "YES" IN QUESTIONS 1-4 OF

21                THE VERDICT FORM IN PHASE 1-A]

22

23

24

25

26

27

28

                                    17

1 | **Mattel's Objection**

2 |     Mattel objects to defendants' proposed verdict form regarding Non-Copyright

3 | Claims as follows:

4 |     **Affirmative Defenses**

5 |     **Questions 18-22:**  There is no need to include the dates of April 27, 2002 or

6 | April 27, 2001 in proposed findings regarding fraudulent concealment in this case,

7 | and the inclusion of those dates could lead to juror confusion.

8 |     The Court has already found that July 18, 2003 is the <u>earliest</u> date on which

9 | Mattel had knowledge of the wrongdoing at issue in this lawsuit.  *See* May 27, 2008

10 | Order re Statute of Limitations Defense, at 8 (finding that the July 18, 2003 *Wall*

11 | *Street Journal* article wherein Larian indicated that he chose Bryant's idea for Bratz

12 | in late 1999 is the earliest date on which Mattel's claims could have accrued).  The

13 | Court also expressly found, based on undisputed evidence, that that "there is no

14 | evidence that Mattel had any **knowledge** of any of the three generic elements of its

15 | claims, and thus no claim accrued, prior to the earliest date identified by the Court,

16 | which is July 18, 2003."  June 2, 2008 Order at 2 (referring to generic elements of

17 | wrongdoing, causation and harm).  That finding is itself dispositive because it shows

18 | that, if there was concealment, the period of tolling caused thereby could not have

19 | expired prior to July 18, 2003.  The law is clear that tolling result from fraudulent

20 | concealment does not end until a plaintiff has, at a bare minimum, "knowledge" of

21 | the generic elements of **both** harm and causation.  *Hynix Semiconductor*, 2007 WL

22 | 3284060, *3 (N.D. Cal. 2003) (tolling based on fraudulent concealment ends when

23 | the plaintiff has "a suspicion of wrongdoing, ***coupled with a knowledge*** of the harm

24 | ***and*** its cause") (emphasis added).  Indeed, Mattel contends that something more --

25 | "near-actual" notice of the specific harm -- is required to end a period of tolling due

26 | to concealment.  *See, e.g.*, *Garamendi v. SDI Vendome SA*, 276 F. Supp. 2d 1030,

27 | 1042-3 (C.D. Cal 2003).

28 |

18

Responses to Objections to MGA Parties' [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

1   Accordingly, because (1) the Court has found as a matter of law that Mattel

2   did not have knowledge of *either* the harm or its cause prior to July 18, 2003, and (2)

3   knowledge of both the harm and its cause is required to end a period of tolling where

4   there is concealment, the only issue for the jury is whether there was

5   concealment.  If there was tolling, such tolling could not have ended before July 18,

6   2003 -- the first date on which Mattel could possibly have learned of the specific

7   harm at issue and its cause under the Court's prior findings.  Because the earliest

8   possible end-of-tolling date (July 18, 2003) is long after the April 27, 2001 and April

9   27, 2002 dates that would render Mattel's claims for conversion and intentional

10   interference with contractual relations timely, there is no need for the jury to make a

11   finding as to the duration of the tolling.  If the jury finds concealment, Mattel's

12   claims are timely.

13   **Damages**

14   **Questions 23-28:**  Defendants' inclusion of the term "nominal" is

15   argumentative and unnecessary.  Defendants have not cited any authority indicating

16   that Mattel would be entitled only to nominal damages.  Even if they had, specifying

17   that term in the verdict form would be prejudicial.

18   There is also no need to include separate findings regarding damages as to

19   each defendant because liability is joint and several on the tort claims, and the

20   inclusion of separate findings could lead to jury confusion.  A single finding

21   regarding the amount of damages to be awarded to Mattel for each claim is

22   sufficient.  *See, e.g.*, *Sindell v. Abbott Laboratories*, 26 Cal. 3d 588, 604 (1980).

23   **Questions 29-31:**  Although defendants' proposed jury instructions recognize

24   that Mattel is also entitled to "reasonable compensation for the time and money spent

25   by Mattel in attempting to recover [its] property," *see* Defendants' Proposed Jury

26   Instruction re Presumed Measure of Damages for Conversion (citing CACI No.

27   2102), this proposed form fails to include a finding as to that amount.  The proposed

28   form also fails to recognize that Mattel may be entitled to seek damages based on the

19

1  fair market value of the property at the time the conversion was discovered, rather

2  than at the time the property was converted, when an award based on the value at the

3  time of the conversion would be manifestly unjust.  *See Betzer v. Olney*, 14 Cal.

4  App. 2d 53, 61 (1937).  The jury should simply be asked to award damages, the

5  measurement of which will be defined in the jury instructions.

6       There is also no need to include separate findings regarding damages as to

7  each defendant because liability is joint and several, and the inclusion of separate

8  findings could lead to jury confusion.  A single finding regarding the amount of

9  damages to be awarded to Mattel for each claim is sufficient.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

Responses to Objections to MGA Parties' [Proposed] Spec. Verdict Forms– Case No. CV 04-9049 SGL (RNBx)

**MGA Parties' Response**

> **Affirmative Defenses**

**Questions 18-22:** As this Court indicated in its July 24, 2008 Order, the Court's analysis in its rulings on May 27 and June 2 rulings summary judgment 1) addressed the accrual of claims other than intentional interference with contractual relations and conversion, and 2) applied the specific test relating to the "discovery rule" under California law. (July 24, 2008 Order at 8.) For these reasons, as the Court indicated in its July 24 Order, there is no prior ruling from this Court that dictates the duration of any period of fraudulent concealment in this case for either intentional interference or conversion. (Id. at 8-9; see also June 2, 2008 Order at 3 ("the conclusions drawn by the Court regarding the possible accrual dates for the remaining state-law claims do not apply to Mattel's claims for intentional interference with contractual relations and conversion").) Thus, these issues have been left for the jury and Mattel's attempt to relitigate this issue should be rejected.

Under California law, the "discovery rule" postpones accrual of a claim until "the plaintiff discovers, or has reason to discover, the cause of action." Norgart v. Upjohn Co., 21 Cal.4th 383, 397 (1999) (emphasis added). "Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1110 (1988) (emphasis added). As this Court's rulings on summary judgment have shown, both the "wrongdoing" and the "injury" vary among Mattel's claims. This is particularly true for Mattel's conversion claim, which is limited to seeking redress for the taking of tangible items. (See April 25, 2008 Order at 3.) Having found the discovery rule inapplicable to Mattel's claims for intentional interference and conversion, this Court has simply never had cause to consider when Mattel became aware of the "wrongdoing" or "injury" asserted in these claims against each of the defendants.

1  Thus, even if the discovery rule applied to these claims, there would be no finding on

2  which Mattel could rely to take these questions away from the jury.

3      Moreover, even if there were such a finding, it would be inapposite.  Under

4  California law, the standards for applying fraudulent concealment and the discovery

5  rule are not identical.  As the Ninth Circuit recently observed, "California applies a

6  special standard in cases of fraudulent concealment" under which a plaintiff must

7  show inter alia "that the plaintiff was not at fault for failing to discover [its cause of

8  action] or had no actual or presumptive knowledge of facts sufficient to put him on

9  inquiry."  Clemens v. DaimlerChrysler Corp., -- F.3d --, 2008 WL 2840662, at *4

10 (9th Cir. July 24, 2008); see also Snapp & Assoc. Ins. Servs., Inc. v. Malcolm Bruce

11 Burlingame Robertson, 96 Cal. App. 4th 884, 890-891 (2002) ("The fraudulent

12 concealment doctrine 'does not come into play, whatever the lengths to which a

13 defendant has gone to conceal the wrongs, if a plaintiff is on notice of a potential

14 claim.'").  This Court has already held that it could not resolve whether this standard

15 was met on summary judgment.  (See June 2, 2008 Order at 3 ("Whether a period of

16 fraudulent concealment exists, as well as the duration of any such period, cannot be

17 determined on the undisputed record").)   As such, the entire inquiry should be

18 presented to and decided by the jury.

19      **Damages**

20      **Questions 23-28:**   The MGA Parties respectfully submit that nominal

21 damages are available for all of Mattel's claims.  See, e.g., Midland Pacific Building

22 Corp. v. King, 157 Cal. App. 4th 264, 275 (2007) (nominal damages are available in

23 actions upon a contract).   The MGA Parties have identified both nominal and

24 compensatory damages in their verdict form, as the MGA Parties submit that these

25 are the only damages available on these claims.  (See MGA Parties Objections to

26 Mattel's Proposed Instructions:  Disgorgement of Profits & Punitive Damages –

27 Individual and Entity Defendants, which are incorporated herein by reference.)

28

1      The only case that Mattel cites to support its claim that "a single finding

2  regarding the amount of damages to be awarded to Mattel for each claim is

3  sufficient" deals with a purported "concert of action" among indistinguishable

4  tortfeasors – the manufacturers of a pharmaceutical.   See Sindell v. Abbott

5  Laboratories, 26 Cal. 3d 588, 604 (1980).  In this case, it is much less clear whether

6  the jury has found all of the MGA Parties liable for actions taken together or whether

7  it found them liable for separate, distinguishable acts.  Separate damages assessments

8  will allow the jury to clarify their decision, and are therefore appropriate.

9      **Questions 29-31:**  The MGA Parties have added a line to elicit responses

10 regarding reasonable compensation for the time and money spent by Mattel in

11 attempting to recover its property.

12     Mattel's assertion that it may be entitled to seek damages based on the fair

13 market value of the property at the time the conversion was discovered, rather than at

14 the time the property was converted, has no evidentiary basis because Mattel failed

15 to demonstrate that an award based on the value at the time of the conversion would

16 be manifestly unjust here.  See In re Guillory, 285 B.R. 307, 315 (Bankr. C.D. Cal.

17 2002) ("The measure of damages for conversion is the fair market value of the

18 property at the time of the conversion, plus interest from that date."), citing Cal. Civ.

19 C. § 3336; cf. Betzer v. Olney, 14 Cal. App. 2d 53, 61 (1936) (cited by Mattel)

20 (requiring "special circumstances" for a different measure of damages to apply).

21     Separate findings regarding separate defendants are particularly appropriate as

22 to conversion, because it is unclear from the jury's prior verdict whether each

23 defendant was found to converted every drawing Mattel owned or only some of them.

24

25 DATED:  July 29, 2008           SKADDEN, ARPS, SLATE, MEAGHER

26                   & FLOM LLP

27           By:  _____/s/ Thomas J. Nolan_____

28                    Thomas J. Nolan
                     Attorneys for the MGA Parties