THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (Admitted Pro Hac Vice)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

Attorneys for MGA Parties

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>MGA PARTIES' OBJECTIONS TO MATTEL, INC.'S PROPOSED PHASE 1-B SPECIAL VERDICT FORMS |

The MGA Parties respectfully submit their objections to Mattel's Proposed Special Verdict Forms as set forth below. The MGA Parties object to Mattel's Proposed Special Verdict Forms in general for omitting any of the questions proposed by the MGA Parties. In particular, the MGA Parties object to the Mattel Special Verdict Forms because they ignore entirely MGA Parties' legal affirmative defenses. <u>See</u> July 24, 2008 Order re Proceedings Regarding Laches And Other Equitable Defenses ("the Court will have the parties present to the jury evidence relevant only to the remaining claims, the issue of fraudulent concealment, and any legal defenses to the remaining claims").

The MGA Parties further preserve their objection to the extent that Mattel has proposed a special, rather than an general, verdict form. The purpose of a special verdict is to concentrate the jury on its fact-finding role. <u>See</u> <u>Zhang v. Am. Gem. Seafoods, Inc.</u>, 339 F.3d 1020, 1031 (9th Cir. 2003) (discussing differences between special verdicts and general verdicts and noting that "special verdicts 'compel the jury to focus exclusively on its fact-finding role'") (quoting <u>Floyd v. Laws</u>, 929 F.2d 1390, 1395 (9th Cir. 1991)). Particularly where cases are complex and fact-intensive, special verdict forms provide the jurors with assistance in framing their understanding of the issue. For example, in a First Amendment case, <u>Tavoulareas v. Piro</u>, then Circuit Court Judge Ruth Bader Ginsburg lauded the use of detailed special verdict forms, noting that they "impel the jurors to advert to the framework within which the judge has instructed them to consider the case and could assist them to hold the distinct legal questions in clear and separate view" and "thus may promote both comprehension and actual application of the governing … law." 817 F.2d 762, 809 (D.C. Cir. 1987) (Ginsburg, J., concurring). She described with approval the use of "a jury verdict form which 'took the jury step by step through each of the theories on which plaintiff relied.'" <u>Id.</u> at 809 n.4 (internal citations omitted). Given the complexity of the issues in this case, particularly with respect to

1 | the copyright claims at issue in this Phase, the MGA Parties respectfully submit that
2 | a special verdict form would be appropriate.
3 |      Finally, to the extent Mattel's proposed verdict form incorporates or relies
4 | upon Mattel's objectionable jury instructions, the MGA Parties renew their
5 | objections to those instructions and incorporate those objections by reference.

## Special Verdict Form for Phase 1B

We answer the questions submitted to us as follows:

### Intentional Interference With Contractual Relations

1.      In Phase 1A of this trial, you found that MGA Entertainment, Inc. ("MGA") and Isaac Larian are liable to Mattel for intentional interference with contractual relations. What amount of damages do you award to Mattel?

$_____

### Aiding and Abetting Breach of Fiduciary Duty

2.      In Phase 1A of this trial, you found that MGA and Isaac Larian are liable to Mattel for aiding and abetting Carter Bryant's breach of fiduciary duty. What amount of damages do you award to Mattel?

$_____

### Aiding and Abetting Breach of the Duty of Loyalty

3.      In Phase 1A of this trial, you found that MGA and Isaac Larian are liable to Mattel for aiding and abetting Carter Bryant's breach of the duty of loyalty. What amount of damages do you award to Mattel?

$_____

### Conversion

4. In Phase 1A of this trial, you found that MGA, Isaac Larian and MGA Entertainment (HK) Limited ("MGA Hong Kong") are liable to Mattel for conversion. What amount of damages do you award to Mattel?

$_____

1     **OBJECTION.**  The MGA Parties object to questions 1-4 to the extent that they do not distinguish between damages awarded against different defendants. Particularly as to conversion, where the defendants may have been found to convert different items with different fair market values, this distinction is necessary.

## Copyright Infringement

5. Did MGA infringe Mattel's copyrights?

   Yes ____

   No ____

   *If your answer is "yes," then answer Questions 6 and 7.*

   *If your answer is "no," then answer Question 8.*

6. Was MGA's infringement of Mattel's copyrights willful?

   Yes ____

   No ____

7. What amount of damages do you award to Mattel for MGA's infringement of Mattel's copyrights?

   $_____

8. Did Isaac Larian infringe Mattel's copyrights?

   Yes ____

   No ____

   *If your answer is "yes," then answer Questions 9, 10 and 11.*

   *If your answer is "no," then answer Question 12.*

9. Was Mr. Larian's infringement of Mattel's copyright's willful?

   Yes ____

   No ____

10. You must answer two questions regarding damages for Isaac Larian's infringement of Mattel's copyrights. First, what amount of damages do you

award to Mattel for Isaac Larian's infringement of Mattel's copyrights, as measured by distributions by MGA to Mr. Larian?

$_____

11. Separately, what amount of damages do you award to Mattel for Isaac Larian's infringement of Mattel's copyrights, as measured by the value of Mr. Larian's ownership interests in MGA?

$_____

12. Did MGA Hong Kong infringe Mattel's copyrights?

Yes ____

No ____

*If your answer is "yes," then answer Questions 12 and 13.*

*If your answer is "no," then answer Question 14.*

13. Was MGA Hong Kong's infringement of Mattel's copyrights willful?

Yes ____

No ____

14. What amount of damages do you award to Mattel for MGA Hong Kong's infringement of Mattel's copyrights?

$_____

**OBJECTION.** The MGA Parties object to questions 5-14 on the grounds that they are patently overbroad in the face of the complex copyright issues in this case. There are sixteen drawings at issue in this case, and the jury might be asked consider both BRATZ character art and BRATZ dolls – potentially thousands of items. One question, "Is [] liable to Mattel for copyright infringement?" can hardly produce a factual finding on all of these diverse issues. The MGA Parties respectfully suggest that it is premature at this point to determine what questions should be asked on the verdict form for copyright claims because Mattel has not yet indicated the precise parameters of its claim, and reserve the right to amend their own verdict form to conform to the evidence and arguments presented at trial. However, regardless of the evidence, Mattel's form is woefully inadequate.

      The MGA Parties further object to these questions to the extent that they incorporate Mattel's improper approach to damages calculation for the reasons set forth in the MGA Parties' objections to Mattel's jury instructions on copyright damages, which are incorporated by reference.

      Finally, the MGA Parties object to these questions to the extent that they refer to willful infringement, for the reasons set forth in the MGA Parties' objection to Mattel's instruction Copyright – Damages - Willful Infringement, which is incorporated by reference.

**Fraudulent Concealment**

15. Did MGA fraudulently conceal the bases for Mattel's claim of intentional interference with contract against it?

  Yes  ____

  No   ____

16. Did Isaac Larian fraudulently conceal the bases for Mattel's claim of intentional interference with contract against him?

  Yes  ____

  No   ____

17. Did MGA fraudulently conceal the bases for Mattel's claim of conversion against it?

  Yes  ____

  No   ____

18. Did Mr. Larian fraudulently conceal the bases for Mattel's claim of conversion against him?

  Yes  ____

  No   ____

19. Did MGA Hong Kong fraudulently conceal the bases for Mattel's claim of conversion against it?

  Yes  ____

  No   ____

**OBJECTION.** The MGA Parties object to questions 15-19 to the extent they do not refer to Mattel's burden of proof on the issue of fraudulent concealment. (See MGA Parties' Proposed Verdict Form Questions 18-22 ("Has Mattel proven by a preponderance of the evidence that …").  The MGA Parties further respectfully submit that it would be appropriate to mention the relevant date (April 27, 2001 or 2002) in the verdict form to ensure clarity on the part of the jury. (See id.)  The MGA Parties also incorporate by reference their response to Mattel's Statement Regarding Fraudulent Concealment in Mattel's jury instructions.

**Punitive Damages**

20. Did MGA act with malice, oppression, or fraud?

    Yes  ____

    No   ____

    *If your answer is "yes," then answer Question 21.*

    *If your answer is "no," then answer Question 22.*

21. What amount of punitive damages do you award against MGA?

    $_____

22. Did Isaac Larian act with malice, oppression, or fraud?

    Yes  ____

    No   ____

    *If your answer is "yes," then answer Question 23.*

    *If your answer is "no," then answer Question 24.*

23. What amount of punitive damages do you award against Mr. Larian?

    $_____

24. Did MGA Hong Kong act with malice, oppression, or fraud?

    Yes  ____

    No   ____

    *If your answer is "yes," then answer Question 25.*

25. What amount of punitive damages do you award against MGA Hong Kong, if any?

    $_____

1   **OBJECTION.** The MGA Parties object to questions 20-25 on the grounds that
2   Mattel lacks any evidentiary basis to submit a verdict form concerning punitive
3   damages. See Barry v. Raskov, 232 Cal. App. 3d 447, 457 (1991) (trial court
4   properly refused to instruct jury on punitive damages, as there was not clear and
5   convincing evidence of fraud); see also Jones v. Williams, 297 F.3d 930, 934 (9th
6   Cir. 2002) ("[a] party is entitled to an instruction about his or her theory of the case if
7   it is supported by law and has foundation in the evidence").

Once this verdict form is completed, the foreperson of the jury should sign and date on the lines below.

DATED: _____, 2008

_____
Jury Foreperson

DATED: July 29, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By:   /s/ Thomas J,. Nolan
Thomas J. Nolan
Attorneys for the MGA Parties