QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727<br><br>**[PUBLIC REDACTED]**<br><br>**MATTEL, INC.'S *EX PARTE* APPLICATION TO (1) EXCLUDE BELATEDLY- PRODUCED MGA FINANCIAL RECORDS AND (2) COMPEL PRODUCTION OF BRATZ-RELATED LITIGATION MATERIALS; AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Declaration of Juan Pablo Albán filed concurrently]**<br><br>**Phase 1**<br>Pre-Trial Conference: May 19, 2008<br>Trial Date:  May 27, 2008 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to the <u>Federal Rules</u> and <u>Local Rule</u> 7-19, Mattel, Inc. ("Mattel") respectfully moves *ex parte* for (A) an order precluding MGA from offering into evidence (i) certain MGA "supplemental" 2007 financial information that it had but failed to produce in early 2008 as ordered by the Court (MGA 3896237-3896257, MGA3896257R and MGA3896565), (ii) a Moss Adams Valuation Analysis of MGA Entertainment, Inc. (MGA 3896305-3896408), which MGA had in its possession in October 2007 but failed to produce as ordered by the Court, and (iii) certain MGA/Larian Tax Payment Records (MGA 3896503-564), most of which MGA has had in its possession for years but had failed to produce; and (B) an order compelling production of legible images and tangible items for products that MGA has previously claimed in litigation infringed Bratz.

Mattel brings this application pursuant to <u>Rules</u> 26 and 37(b) of the <u>Federal Rules of Civil Procedure</u> on the grounds that MGA had been ordered to produce the financial documents by January 2008; MGA failed to produce those financial documents until July 23, 2008 and July 25, 2008, despite having had possession of these documents for months and in some cases for years and despite this Court's prior Orders compelling their production; and MGA's violation of those Orders by its belated July 2008 production of these financial documents has denied Mattel sufficient time to adequately analyze these documents and prepare for trial.

With respect to the documents from other Bratz litigation, Mattel brings this application on the grounds that, again, the Court already ordered these documents and tangible items produced. Despite Mattel's repeated requests, MGA has failed to provide legible copies of images of those products and/or failed to make the products available for inspection. Accordingly, Mattel respectfully requests that MGA be ordered, without further delay, to produce clear, legible, high quality color copies of TX 10174-19; TX 13747-005; TX 13561-0025-0027, 0029-0031, 0044-0065, 0114-0118, 0120-0122, 0124-0125, 0194, 0278, 0280; TX 13718-

0163, 0182-3; TX 13707-0091-105, 0113, 0116, 0119; and TX 13725-0175-208, and make available for inspection and introduction into evidence at trial the tangible items depicted therein.  In addition, MGA has failed to produce plainly relevant documents submitted by MGA in other Bratz litigation that are referenced in documents MGA produced and that this Court ordered produced.  Accordingly, Mattel respectfully requests that MGA be ordered to immediately produce LSC-3 and LSC-22 to the Affirmation of Lee Shiu Cheung, dated August 28, 2003 and submitted by MGA in *MGA Entertainment, Inc. v. Union Top (HK) Co.*, and LSC-3 and LSC-9 to the Lee Shiu Cheung Affirmation, dated January 13, 2004 and submitted by MGA in *MGA Entertainment Inc. v. Wai Man Int'l (H.K.) Limited*.

Mattel has good cause to bring this Application on an *ex parte* basis because a ruling by the Court on these matters is necessary before the conclusion of the Phase 1B trial and prior to the resumption of trial after this weeks' previously scheduled break.  Mattel understands that MGA intends to use the documents Mattel seeks to exclude during the Phase 1B trial, and Mattel has the right to offer as evidence legible documents and tangible items that are relevant to the jury's determination of Mattel's copyright claims and that the Court has already ordered produced.  Mattel will thus be unfairly prejudiced if the Court does not rule on these issues on an expedited basis.

Mattel gave MGA notice of its intent to file this *ex parte* application on July 30, 2008.  MGA stated that it would oppose the Application.

This Application is based on this Application and the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Juan Pablo Albán, the records and files of this Court, all matters of which the Court may take judicial notice, and any other evidence and argument as may be presented at the hearing on the Motion.

| | | |
|---|---|---|
| 1 | DATED: July 31, 2008 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| 2 | | |
| 3 | | |
| 4 | | By /s/ |
| 5 | | Jon Corey<br>Attorneys for Defendant<br>Mattel, Inc. |

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Larian and MGA refuse to play by the rules. In the past week, Larian and MGA have produced many thousands of pages of financial documents that the Court had ordered them to produce by January 2008 and that Mattel's experts should have had months ago. Larian and MGA intend to rely on these financial records to defend against Mattel's damages claims. Larian and MGA should have thought of that when they decided not to comply with the <u>Federal Rules</u>, with Judge Infante's Orders and this Court's Orders. Mattel respectfully requests that the Court preclude Larian and MGA from relying on these documents.

Further, even though the Court ordered MGA to produce documents related to other infringement actions during trial, MGA has failed to produce legible copies of its documents containing images of the dolls that they had accused of infringing the Bratz copyrights, including Carter Bryant's drawings that the jury has now determined were created when Bryant was a Mattel employee. MGA likewise has failed to produce the underlying products that they had sued on in those cases. MGA has no legitimate excuse for these failures, and Mattel respectfully requests that MGA be compelled to immediately produce legible copies and the underlying items MGA sued upon as infringements in its prior Bratz-related litigation.

## Statement of Facts

### I. LARIAN SEEKS TO RELY ON NET WORTH DOCUMENTS THAT WERE COMPELLED, BUT THAT HE WITHHELD

#### A. After Being Ordered To Do So, Isaac Larian Produces Documents Showing His Net Worth to be $1.9 Billion Dollars.

In June 2007, Mattel requested from Larian "DOCUMENTS sufficient to show or calculate YOUR net worth on a yearly basis for each year from 1999 to

1  the present." This was Request No. 269.[1]  Larian refused.  On December 31, 2007,
2  Judge Infante found that Mattel was entitled to Larian net worth information and
3  ordered him to produce all documents responsive to Mattel's request.[2]  In response,
4  on January 15, 2008, Mr. Larian produced spreadsheets showing his net worth for a
5  number of years, with the most recent being as of October 2007.[3] ███████████
6  ████████████████████████████████████████████████████████████████████
7  ███████████████████████

### B. Larian Now Claims His Share of MGA Is Worth Less Than $400 Million.

On Tuesday, July 29, 2008, in purported response to the Court's second order compelling Mr. Larian to provide current net worth information for purposes of this trial, he produced a "revised" net worth calculation of ███████ ████████████████████████████████████████████████████████████████████ █████████

To justify this supposed reduction in his net worth, on July 23, 2008, Larian produced for the first time a valuation of MGA that had been performed by Moss Adams, Larian's accountants.[5] ████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████████████████████████

---

[1] Exh. 1 to the declaration of Juan Pablo Albán filed concurrently (Albán Dec.) at 63 (Mattel First Set of RFPs to I. Larian).
[2] Albán Dec., Exh. 2 at 16, 19 (Dec. 31, 2007 Order).
[3] Albán Dec., Exh. 3 (TX 4947).
[4] Albán Dec., Exh. 4 (MGA3896257R). This is a revised version of a document originally produced on July 23, 2008 (MGA3896257), *id.* Exh. 30.
[5] Albán Dec., Exh. 6 (Moss Adams Valuation as of June 30, 2007).
[6] Even if it had not, there can be no question that the documents in the possession of Mr. Larian's accountant are within his possession, custody and control.

### C. MGA Quashed Mattel's Subpoena of Moss Adams Because Larian Had Produced All Responsive Documents.

As the Court will recall, Mattel subpoenaed information from Moss Adams related to Mr. Larian's financial state and net worth. MGA moved to quash the subpoena on the grounds that the subpoena was "duplicative" of documents that Larian had previously produced.[7] Based on that representation -- now known to be false -- the Court quashed the subpoena.[8]

### D. MGA's Corporate Designee Denied That MGA Calculated Its Net Worth.

The fact that this October 12, 2007 Moss Adams valuation even exists is a startling revelation. Not only did defendants fail to produce it until last week (and thwarted Mattel's ability to obtain it from Moss Adams directly by representing to the Court that Moss Adams had no additional relevant documents that had not already been produced by Larian), but MGA's Rule 30(b)(6) designee denied it existed. MGA designated Lisa Tonnu, its Vice President of Taxation, to testify on the Mattel Rule 30(b)(6) topic of "Your Net Worth."[9] At her deposition session on September 24, 2007, Ms. Tonnu testified that she, as the designee, did not know MGA's net worth.[10] She further testified that she doesn't "deal with net worth valuations and net worth calculations."[11] The Moss Adams valuation proves that Ms. Tonnu testified falsely. The document itself references prior valuations that Moss Adams had done.[12] Even more troubling, Ms. Tonnu herself was the person who had been dealing with Moss Adams and had requested the valuation.[13]

---

[7] Albán Dec., Exh. 7 at 17:3-25 (MGA Motion to Quash).
[8] Albán Dec., Exh. 8 (Order Granting Motion to Quash).
[9] Albán Dec., Exh. 9 (Tonnu Tr. Vol. 2) at 249:14-17.
[10] *Id.* at 324:18-20.
[11] *Id.* at 333:23-24.
[12] Albán Dec., Exh. 6 at MGA 3896312 (Moss Adams Valuation),
[13] *Id.* at MGA 3896306, 3896310.

E.  **MGA Violated Another Court Order by Failing To Produce Thee Valuation Documents.**

In June 2007, Mattel requested from MGA "DOCUMENTS sufficient to calculate YOUR net worth on a yearly basis for each year from 1999 to present."[14] On December 28, 2007, Judge Infante ordered MGA to produce all non-privileged documents responsive to this request.[15] These valuations were clearly responsive, yet MGA failed to produce them until last week.

II. **MGA FAILED TO SUPPLEMENT ITS PRODUCTION TO PROVIDE ORDERED FINANCIAL DOCUMENTS**

Mattel also requested from MGA "ALL DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR profits from the sale of each BRATZ DOLL sold by YOU or YOUR licensees" and "All DOCUMENTS that evidence, reflect, or REFER OR RELATE TO YOUR profits, by product number or SKU, from the sale of each BRATZ DOLL sold by YOU or YOUR licensees."[16] On December 28, 2007, Judge Infante ordered MGA to produce all documents responsive to these requests.[17]

On or about January 17, 2008, MGA produced what it contended to be financial information responsive to the Order,[18] but only through October 2007 for revenues and only through June 2007 for costs. MGA did not supplement this information, notwithstanding its representation to the Court on December 21, 2007 that it had already produced most of these documents and would soon produce more,

---

[14] Albán Dec., Exh. 11 at 13 (Mattel's 2nd Set of RFPs to MGA, RFP No. 45).
[15] Albán Dec., Exh. 12 at 1 ¶ 2 (Dec. 28, 2007 Order).
[16] Albán Dec., Exh. 11 at 8, 9 (Mattel's 2nd Set of RFPs to MGA, RFP Nos. 7 and 16).
[17] Albán Dec., Exh. 12 at 1 ¶ 2 (Dec. 28, 2007 Order).
[18] Albán Dec., Exh. 10 (Tonnu Tr. Vol. 4) at 757:1-11 and 844:1-7.

purportedly obviating the need for Moss Adams and other financial institutions to produce any documents.[19]

Last week, on July 23, 2008, MGA produced for the first time more than 40,000 pages of "supplemental" year 2007 and 2008 financial information.[20] The 2008 financial information appears to be either through June 2008, or through first quarter 2008, and includes the same type of information for which MGA only last week produced complete 2007 data.[21] In other words, MGA appears to have these documents available within three months or less from the dates they cover. On July 25, 2008, MGA produced additional MGA/Larian Tax Payment Records, the vast majority dated prior to 2008 and dating as far back as 2000.[22] There is no question that MGA was sitting on these records for months.

## Argument

### I. LARIAN AND MGA'S WILLFUL REFUSAL TO PRODUCE DOCUMENTS RESPONSIVE TO COURT ORDERS WARRANTS THEIR PRECLUSION FROM USE AT TRIAL

MGA's and Larian's violations of the Court's December 31, 2007 Order trigger Rule 37(b). Rule 37(b) permits the Court to impose a variety of sanctions for failure to comply with an Order, including "from introducing designated matters into evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii); *Unigard Security Ins. Co. v.*

---

[19] Albán Dec., Exh. 7 at 18 (Mot. to Quash Subpoena). Separately, Mattel has serious reservations and concerns about the accuracy of the information presented to it for 2007. The fiscal year ended December 31, 2007, but MGA has not produced an audited set of financial statements to Mattel. It is now seven months since the year end. Surely MGA has audited financial statements by now. Its lenders would insist on them.

[20] Albán Dec. ¶ 15. The Bates Range for these recently produced documents is MGA 3896237-3896257, MGA3896257R and MGA3896565. The documents with year 2007 financial information are included as Exhibits 4, 14, 15 and 16 through 31 of the Albán Dec. either in their entirety or excerpts thereof for longer documents.

[21] *Compare, e.g.,* Albán Dec. Exh. 15 (2007 Sales by SKU) *with id.* Exh. 16 (YTD 2008 Sales by SKU). *See also id.* Exhs. 25 and 26 (2007 and YTD 2008 ad media and ad production expenses per brand).

[22] Albán Dec., Exh. 32 (MGA 3896503-3896564).

*Lakewood Eng. & Mfg. Corp.*, 982 F.2d 363, 367 (9th Cir. 1992) (Rule 37(b)(2)(B) authorizes, inter alia, the sanction of prohibiting a party from introducing designated matters in evidence if that party fails to comply with an order to provide or permit discovery). Rule 37(b) applies here.

### A. The Court Should Preclude Introduction of or Reliance Upon the Moss Adams Valuation

Larian wants to use the Moss Adams valuation to prove that his October 2007 net worth calculation -- the only one he provided to Mattel before last week -- was wrong. Judge Infante compelled Larian to produce, and he produced, documents showing his net worth. These documents produced in January 2008 showed his net worth as of October 2007 to be ▓▓▓▓. Now that it suits his purpose, Larian now wants to rely on an October 2007 document that he had at the time, that was subject to the Order and that he failed to produce.

Based on Larian's and MGA's failure to produce these net worth documents, the false statements by their corporate designee that such calculations did not exist, when she herself had requested them and defendants' thwarting of Mattel's subpoena to Moss Adams to further conceal their existence, MGA and Larian should be precluded from introducing or relying on the October 2007 Moss Adams valuation at trial.

### B. The Court Should Preclude Any Use or Reliance Upon Financial Information that MGA Possessed But Refused to Produce

MGA and Larian want to use the tens of thousands of pages of financial information produced days ago to defend against Mattel's damages claim. The Court ordered MGA to produce this information by January 11, 2008, which Mattel agreed to extend to January 15, 2008. As shown by MGA's production on July 23, 2008 of financial information through the end of June 2008, it is unquestioned that when MGA produced financial information in January of this year, it possessed year end financial information for 2007. MGA elected not to produce that information

until now, flouting Judge Infante's Order.  Instead, it produced financial information for only part of the year (presumably to keep this information from Mattel's experts and sandbag Mattel at trial).  Having made this calculated decision to violate Judge Infante's Order, MGA may not now produce tens of thousands of pages at the last minute, to the prejudice of Mattel and its experts.  Under Rule 37(b), MGA and Larian should be precluded from introducing or relying upon any 2007 financial information that was not produced before Judge Infante's deadline of January 11, 2007.

## II. LARIAN AND MGA SHOULD NOT BE PERMITTED TO USE DOCUMENTS THAT THEY POSSESSED, WERE COMPELLED TO PRODUCE, BUT REFUSED TO SUPPLEMENT

Rule 26(e) requires that a party "who has responded to a ... request for production ... must supplement or correct its ... response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete. Fed. R. Civ. P. 26(e)(1)(A).  And Rule 37(c) is clear. "If a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... at a trial, unless the failure was substantially justified or is harmless." The advisory committee's notes state such a sanction is "automatic" so as "to provide . . . a strong inducement for disclosure".  Fed. R. Civ. P. 37 advisory committee's note (1993); *see also Wilson v. Bradlees of New England., Inc.*, 250 F.3d 10, 20 (1st Cir. 2001) (Rule 37(c)(1) "requires the near automatic exclusion of Rule 26 information that is not timely disclosed.").

Larian and MGA, as the parties failing to comply with Rule 26 must show that their failure to produce was substantially justified or harmless to avoid Rule 37(c)'s exclusion. *See Yeti By Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2005) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness"); see also *Bradlees of New Eng., Inc.*, 250 F.3d at 20 ("[I]t is the obligation of the party facing sanctions for belated

disclosure to show that its failure to comply with the Rule was either justified or harmless ..."). This they cannot do since they obviously long had these documents but withheld them anyway.

### A. MGA's Failure To Produce Documents Responsive to Court Orders Are Not "Substantially Justified"

Larian and MGA have no excuse for their failure to produce documents that they intended to rely upon at trial to contest Mattel's damages claims. They have had these documents, specifically the year 2007 financial information, for months, including prior to discovery closing. They did not produce them for Mattel's expert to analyze. They did not give them to MGA's expert to use. Instead, they elected affirmatively to withhold them until the last minute, when they dropped thousands and thousands of pages on Mattel only days ago.

These were not outside Larian's or MGA's possession or did not exist. To the contrary, MGA and Larian have produced financial information that is current as of a couple of weeks ago. There was no excuse for them to withhold this information until now. Rather, they were required to supplement as Rule 26 mandated, but they elected not to do so, at their peril.

Similarly, the vast majority of the records showing check payments for taxes are dated *from 2007 and earlier*, and MGA has not offered, and cannot offer, any justification for not producing them within the Court ordered discovery period. The same is true for any tax payment records that MGA has not yet produced but may try to produce at a later time.

### B. MGA's Failures to Comply with Rule 26 Are Not Harmless

MGA's attempt to flout the fairness guarantees of Rule 26 and the Court's discovery Orders would prejudice Mattel. "The purpose of ... the Federal Rules, is to prevent unfair and prejudicial surprise, not to facilitate last-minute production of evidence." *ATD Corp. v. Lydall*, 159 F.3d 534, 550-551 (Fed. Cir. 1998). Mattel is dependent upon MGA for much of its information about MGA and

1  Larian's net worth from Bratz. Mattel has prepared for trial, and Mattel's expert for
2  months prepared reports and rebuttals based on MGA-produced information. MGA
3  cannot produce a valuation of Larian's MGA shares in excess of ▮▮▮▮▮ in
4  response to an order, then *after the damages phase has already begun* offer a new,
5  never before seen valuation of ▮▮▮▮▮.

6        The same is true of documents purportedly showing deductions to
7  Mattel's damages – the tax payment records and "supplemental" year 2007
8  information. These should have been included both in response to Mattel's financial
9  document production requests and as part of MGA's expert reports. Mattel is
10 harmed because its own experts did not have access to the documents, and its
11 attorneys and expert will not have anywhere near sufficient time to prepare to
12 address these documents. Mattel's expert's damages analysis involved months of
13 analysis and preparation.

14       These issues, the net worth of MGA and Larian, and possible
15 deductions from profits, are at the very core of the damages phase of this action. It
16 is difficult to imagine a move more harmful than this attempt by MGA to keep some
17 cards hidden in its pocket during the entire game, only to bring them out at the very
18 last moment.

### III. MGA'S EXTREME LATENESS IN PRODUCING THESE DOCUMENTS VIOLATES RULE 26

21       Pursuant to the Discovery Master's December 28 and December 31,
22 2007 Orders to Compel, MGA should have produced the Valuation Analysis no
23 later than January 2008. The Valuation Analysis looks at different factors in valuing
24 MGA stock to calculate a net valuation, and is therefore directly responsive to
25 Mattel's RFP No. 45. The Tax Payment Records are also responsive to RFP No. 45,
26 as well as the RFP to Larian No. 269, and therefore should have been produced no
27 later than January 11, 2008. Further, insofar as the Tax Payment Records are
28 deductions from MGA profits, MGA had to produce them with MGA's expert

reports, which addressed deductible expenses. Therefore, in addition to the duty arising under Judge Infante's Order, an independent duty required MGA to produce them no later than March 17, 2008 (the date of the rebuttal report of MGA's damages expert, Meyer). The same is true of the "supplemental" year 2007 financial information that MGA just produced. It primarily consists of unaudited income statement information that MGA apparently intends to use as part of its proof of adequate deductions from damages. MGA apparently already had this information by March 2008 – at the time its damages expert submitted his deductions analysis – but unjustifiably failed to produce it.

MGA has had possession of the Valuation Analysis since October, 2007, its "supplemental" 2007 financial information since early 2008, and all, or virtually all, of the Tax Payment Records for *years*. MGA's failure to produce them as ordered, MGA's failure to supplement its Responses to Mattel's RFPs under Rule 26(e), and MGA's failure to abide by the Scheduling Order's requirements on expert discovery, make MGA's last-second production a flagrant violation of the Rules.

### IV. MGA SHOULD BE COMPELLED TO PRODUCE MATERIALS RELATING TO OTHER BRATZ-RELATED INFRINGEMENT ACTIONS.

After months of stonewalling by MGA, the Court ordered MGA to produce materials relating to other lawsuits in which MGA had sued for infringement of Bratz.[23] As the Court is aware, this information is highly relevant to Mattel's copyright infringement claims, including to refute MGA's arguments that the Bratz line of dolls are not substantially similar to -- and therefore do not infringe Mattel's copyrights in -- the Bratz works that the jury found were created during the

---

[23] Albán Dec., Exh. 33 (May 12, 2008 Order Granting in Part Mattel's Motion for Review of and Objecting to Portions of the Discovery Master's April 14, 2008 Order). See also id. Exh. 34 (Mattel's 3rd Set of RFPs to MGA Entertainment, Inc., dated October 24, 2007).

1  time Bryant was employed by Mattel.  The Court's Order clearly compels
2  production of documents containing images of the specific products MGA alleged
3  infringed Bratz.  In several instances, however, MGA has failed to provide legible
4  images of the products MGA claimed were infringing, despite the Court's Order and
5  Mattel's repeated requests for clear copies.  MGA has also refused to produce to
6  Mattel any of the actual products it claimed were infringing and has failed to
7  produce plainly compelled portions of court pleadings that are referenced in the
8  documents MGA did produce.

9  For example, in *MGA Entertainment, Inc. v. Uni-Fortune Toys*
10 *Industrial Limited and Fu Wei Toys Company Limited*, MGA claimed that a doll
11 product called the "Glitter Girls" infringed Bratz.[24]  The only images of the "Glitter
12 Girls" MGA appears to have produced are wholly illegible.[25]  In *MGA*
13 *Entertainment, Inc. v. Double Grand Corp., Ltd*, MGA claimed that dolls called
14 "Trendy Teenz" and "Mini Trendy Teenz" infringed Bratz, and in particular, certain
15 Bratz products and Bratz design registrations.  Here as well, the images of the
16 "Trendy Teenz," "Mini Trendy Teenz," Bratz products, and Bratz design
17 registrations that MGA produced are very difficult to discern.[26]  The same is true of
18 the images produced by MGA of the "Scampz," "Funky Tweenz," and "Fashion
19 Doll" dolls, which MGA claimed infringed Bratz in the *MGA Entertainment Inc. v.*
20 *Hunglam Toys Co. Limited, et al.*, the *MGA Entertainment, Inc. v. Toys and Trends*
21 *(Hong Kong) Limited, Cityworld Limited, et al.*, and the *MGA Entertainment, Inc. v.*
22 *Union Top (HK) Co.* actions.[27]  Nor has MGA provided to Mattel the tangible

---

[24] Albán Dec., Exh. 35 at ¶ 4 (TX 10234).
[25] Albán Dec., Exhs. 36 (TX 10174-19) and 37 (TX 13747-005).
[26] Albán Dec., Exh. 38 (TX 13561-0025-0027, 0029-0031, 0044-0065, 0114-0118, 0120-0122, 0124-0125, 0194, 0278, 0280).
[27] *See, e.g.*, Albán Dec., Exhs. 39 (TX 13718-0163, 0182-3); 40 (TX 13707-0091-105, 0113, 0116, 0119); 41 (TX 13725-0175-208).

1  products depicted in these images or that were the subject of its infringement
2  actions.
3      Moreover, MGA has failed to produce certain portions of responsive
4  pleadings.  For example, in the *MGA Entertainment, Inc. v. Union Top (HK) Co*
5  case, MGA has failed to produce Exhibits LSC-3 and LSC-22 to the Affirmation of
6  Lee Shiu Cheung, dated August 28, 2003.[28]  In the *MGA Entertainment Inc. v. Wai*
7  *Man Int'l (H.K.) Limited* case, MGA has failed to produce Exhibits LSC-3 and LSC-
8  9 to the Affirmation of Lee Shiu Cheung, dated January 13, 2004.[29]
9      MGA is thwarting the Court's Order by failing to produce legible
10 images of the products MGA alleged infringed Bratz in other lawsuits, by refusing
11 to produce the actual tangible products MGA alleged infringed Bratz and by
12 refusing to produce complete copies of the documents they were compelled to
13 produce.  MGA should be ordered to turn over these materials without further delay,
14 well in advance of the resumption of trial next week.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that its Application be granted.

DATED:  July 31, 2008            QUINN EMANUEL URQUHART OLIVER &
                                 HEDGES, LLP


                                 By /s/
                                    Jon D. Corey
                                    Attorneys for Mattel, Inc.

---

[28] Albán Dec., Exh. 41 (TX 13725) at 4-5, 25.
[29] Albán Dec., Exh. 42 (TX 13743) at 4-5, 7-8.