# EXHIBIT 10

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 11

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S SECOND SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to these document requests ("Requests") and make available for inspection and copying originals of the following documents within 30 days of service at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement

07209/2132825.2

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 11
PAGE 220
0606c7

1 | REQUEST FOR PRODUCTION NO. 7:

2 |      All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

3 | YOUR profits from the sale of each BRATZ DOLL sold by YOU or YOUR

4 | licensees.

5 | REQUEST FOR PRODUCTION NO. 8:

6 |      For each customer to whom YOU or YOUR licensees have ever sold

7 | any BRATZ DOLL, DOCUMENTS sufficient to show the number of units of each

8 | such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

9 | REQUEST FOR PRODUCTION NO. 9:

10 |      For each customer to whom YOU or YOUR licensees have ever sold

11 | any BRATZ DOLL, documents sufficient to show the revenue received by YOU

12 | from each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

13 | REQUEST FOR PRODUCTION NO. 10:

14 |      For each customer to whom YOU or YOUR licensees have ever sold

15 | any BRATZ DOLL, documents sufficient to show YOUR profits from each such

16 | BRATZ DOLL sold by YOU or YOUR licensees to that customer.

17 | REQUEST FOR PRODUCTION NO. 11:

18 |      DOCUMENTS sufficient to show customer returns to YOU of BRATZ

19 | DOLLS sold or distributed by YOU or YOUR licensees.

20 | REQUEST FOR PRODUCTION NO. 12:

21 |      DOCUMENTS sufficient to show customer rebates or credits given by

22 | YOU or YOUR licensees to customers in connection with BRATZ DOLLS.

23 | REQUEST FOR PRODUCTION NO. 13:

24 |      DOCUMENTS sufficient to show, by product number or SKU, the

25 | number of units of each BRATZ DOLL sold by YOU or YOUR licensees.

26 |

27 |         EXHIBIT ____ *11*

28 |         PAGE ____ *221*

07209/2132825.2

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

1    REQUEST FOR PRODUCTION NO. 14:

2          DOCUMENTS sufficient to show, by product number or SKU, the

3    revenue received by YOU from the sale of each BRATZ DOLL sold by YOU or

4    YOUR licensees.

5    REQUEST FOR PRODUCTION NO. 15:

6          DOCUMENTS sufficient to show, by product number or SKU, YOUR

7    cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by YOU

8    or YOUR licensees.

9    REQUEST FOR PRODUCTION NO. 16:

10         All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

11    YOUR profits, by product number or SKU, from the sale of each BRATZ DOLL

12    sold by YOU or YOUR licensees.

13    REQUEST FOR PRODUCTION NO. 17:

14         For each customer to whom YOU or YOUR licensees have ever sold

15    any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

16    the number of units of each such BRATZ DOLL sold by YOU or YOUR licensees

17    to that customer.

18    REQUEST FOR PRODUCTION NO. 18:

19         For each customer to whom YOU or YOUR licensees have ever sold

20    any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

21    the revenue received by YOU from each such BRATZ DOLL sold by YOU or

22    YOUR licensees to that customer.

23    REQUEST FOR PRODUCTION NO. 19:

24         For each customer to whom YOU or YOUR licensees have ever sold

25    any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

26    YOUR profits from each such BRATZ DOLL sold by YOU or YOUR licensees to

27    that customer.

EXHIBIT _____ 11

28

PAGE _____ 222

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

1   DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,

2   gross margins, royalties paid and received, gross profits and net profits.

3   REQUEST FOR PRODUCTION NO. 40:

4          All DOCUMENTS that describe YOUR cost allocation procedures.

5   REQUEST FOR PRODUCTION NO. 41:

6          YOUR general ledgers from January 1, 1995 through the present.

7   REQUEST FOR PRODUCTION NO. 42:

8          All quarterly and annual profit and loss statements for BRATZ.

9   REQUEST FOR PRODUCTION NO. 43:

10          All sales, profit and cash flow projections or forecasts for BRATZ

11   DOLLS, BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION

12   SHOWS.

13   REQUEST FOR PRODUCTION NO. 44:

14          All DOCUMENTS that REFER OR RELATE TO the value of the

15   Bratz brand.

16   REQUEST FOR PRODUCTION NO. 45:

17          DOCUMENTS sufficient to calculate YOUR net worth on a yearly

18   basis for each year from 1999 to the present.

19

20

21

22

23

24

25

26

27          EXHIBIT _____ 1)

28          PAGE _____ 223

07209/2132825.2

-13-

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

1  REQUEST FOR PRODUCTION NO. 46:

2        All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

3  the BRATZ DOLL's share of the fashion doll market including, without limitation,

4  the extent to which Bratz has been or is gaining or losing market share in the fashion

5  doll market.

6  DATED:  June 6, 2007

7                                    QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
8

9                                    By
10                                       Scott B. Kidman
                                         Attorneys for Mattel, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                   EXHIBIT _____ / /

28                                   PAGE _____ 224

07209/2132825.2

                              -14-
                    MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

# EXHIBIT 12



1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                     EASTERN DIVISION

12  CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)

13            Plaintiff,                   Consolidated with
                                           Case No. CV 04-09059
14       vs.                               Case No. CV 05-02727

15  MATTEL, INC., a Delaware corporation,  **DISCOVERY MATTER**

16            Defendant.                   Hon. Edward A. Infante (Ret.)
                                           Discovery Master
17

18  AND CONSOLIDATED CASES                 [PROPOSED] ORDER GRANTING
                                           MATTEL, INC.'S MOTION TO
19                                         COMPEL PRODUCTION OF
                                           DOCUMENTS BY MGA
20                                         ENTERTAINMENT, INC.

21                                         Date:  December 14, 2007
                                           Time:  10:45 a.m..
22                                         Place:  JAMS S.F. Office

23                                         Discovery Cut-Off:  January 28, 2008
                                           Pre-Trial Conference: April 7, 2008
24                                         Trial Date:  April 29, 2008

25

26

27

28                          )

                          12-28

PROPOSED ORDER

EXHIBIT ___12___

PAGE ___225___

## [PROPOSED] ORDER

Having considered Mattel, Inc.'s Motion to Compel Production of Documents by MGA Entertainment, Inc. dated November 26, 2007 (the "Motion"), and all other papers and argument submitted in support of or in opposition to the Motion,

IT IS HEREBY ORDERED that:

1.     Mattel's Motion is GRANTED.

2.     MGA Entertainment, Inc. ("MGA") shall produce on or before January 10, 2008 all non-privileged documents responsive to Request Nos. 2-6, 8-15, 17-23, 25-33, 35-43 and 45-46 of Mattel, Inc.'s Second Set of Requests for Documents and Things to MGA Entertainment, Inc.

3.     In response to Request No. 7, MGA shall produce on or before January 10, 2008 (a) all documents that state or refer to MGA's profits (including without limitation gross profits, net profits or incremental profits) from the sale of each Bratz doll sold by MGA or its licensees and (b) documents sufficient to determine, calculate and/or evaluate MGA's profits (including without limitation gross profits, net profits and incremental profits) from the sale of each Bratz doll sold by MGA or its licensees, including any summary reports of such profits or summary reports of costs deductible from revenue to arrive at such profits.

4.     In response to Request No. 16, MGA shall produce on or before January 10, 2008 (a) all documents that state or refer to MGA's profits (including without limitation gross profits, net profits or incremental profits) by product number or SKU from the sale of each Bratz doll sold by MGA or its licensees and (b) documents sufficient to determine, calculate and/or evaluate MGA's profits (including without limitation gross profits, net profits and incremental profits) by product number or SKU from the sale of each Bratz doll sold by MGA or its licensees, including any summary reports of such profits or summary reports of costs deductible from revenue to arrive at such profits.

-1-

EXHIBIT ____12____

PAGE ____224____

1      5.     In response to Request No. 24, MGA shall produce on or before January
2  10, 2008 (a) all documents that state or refer to MGA's profits (including without
3  limitation gross profits, net profits or incremental profits) from the sale of each Bratz
4  product sold by MGA or its licensees and (b) documents sufficient to determine,
5  calculate and/or evaluate MGA's profits (including without limitation gross profits,
6  net profits and incremental profits) from the sale of each Bratz product sold by MGA
7  or its licensees, including any summary reports of such profits or summary reports of
8  costs deductible from revenue to arrive at such profits.

9      6.     In response to Request No. 34, MGA shall produce on or before January
10  10, 2008 (a) all documents that state or refer to MGA's profits (including without
11  limitation gross profits, net profits or incremental profits) by product number or SKU
12  from the sale of each Bratz product sold by MGA or its licensees and (b) documents
13  sufficient to determine, calculate and/or evaluate MGA's profits (including without
14  limitation gross profits, net profits and incremental profits) by product number or
15  SKU from the sale of each Bratz product sold by MGA or its licensees, including any
16  summary reports of such profits or summary reports of costs deductible from revenue
17  to arrive at such profits.

18
19
20
21
22
23
24
25
26
27
28

72335377.1

-2-

PROPOSED ORDER

EXHIBIT ___12___

PAGE ___227___

1      7.     In response to Request No. 44, MGA shall produce on or before January

2  10, 2008 (a) all valuations of, or that refer or relate to, Bratz at any time from 1998 to

3  the present, (b) all documents that state or refer to the value of the Bratz at any time

4  from 1998 to the present and (c) documents sufficient to determine, calculate and/or

5  evaluate the value of the Bratz for each year from 1998 to the present.

6

7      **IT IS SO ORDERED.**

8

9  DATED: *12 – 28*        , 2007

10

11                                        _____

12                                        Hon. Edward A. Infante (Ret.)
                                          Discovery Master

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

N2335377.1                                         -3-

                                                                          PROPOSED ORDER

EXHIBIT ____12____

PAGE ____228____

# EXHIBIT 13

RECEIVED

JUL 2 5 2008

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
213.687.5526
DIRECT FAX
213.621.5526
EMAIL ADDRESS
RYAN.WEINSTEIN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEWARK
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

July 25, 2008

Jon Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:    Mattel v. MGA

Dear Jon:

        Enclosed please find a CD containing single page TIFFs with Concordance Data Load files with documents bearing Bates numbers MGA 3896503 to MGA 3896564. All documents on the CD, and hence that CD, have been marked as CONFIDENTIAL- Attorneys' Eyes Only under the stipulated Protective Order.

Sincerely,

Ryan Weinstein by ksc

Ryan Weinstein

cc:    Carl Roth, Esq.

EXHIBIT ___13___

PAGE ___229___



EXHIBIT ___13___

PAGE ___230___

# EXHIBIT 14

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 15

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 16

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 17

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 18

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 19

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 20

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 21

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 22

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 23

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 24

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 25

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 26

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 27

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 28

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 29

# REDACTED


# SUBJECT TO


# PROTECTIVE ORDER

# EXHIBIT 30

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 31

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 32

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 33

Case 2:04-cv-09049-DOC-RNB  Document 4172-3  Filed 07/31/08  Page 56 of 90  Page ID
#:105127
Case 2:04-cv-09049-SGL-RNB  Document 3669  Filed 05/12/2008  Page 1 of 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.   CV 04-09049 SGL(RNBx)                          Date:  May 12, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.

Consolidated With Related Actions:
CASE NO. CV 04-09059 SGL(RNBx):  MATTEL, INC., v. CARTER BRYANT,
CASE NO. CV 05-02727 SGL (RNBx): MGA ENTERTAINMENT, INC., v. MATTEL, INC.,
=============================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                            Theresa Lanza
            Courtroom Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:
                                      Jon D. Corey
Matthew M. Werdegar                   Harry A. Olivar
                                      Timothy L. Alger
                                      Diane Hutnyan

ATTORNEYS PRESENT FOR MGA             ATTORNEYS PRESENT FOR THIRD
PARTIES:                              PARTIES

Thomas J. Nolan                       Sandra I. Tholen
Raoul D. Kennedy                      for Matthew Bousquette

                                      Christian C. Dowell
                                      for AnaElise Cloonan, Margaret Hatch-Leahy,
                                      and Veronica Marlow

**PROCEEDINGS:   ORDER RULING ON DISCOVERY MOTIONS**

        The Court heard argument regarding eleven motions seeking review of various orders of
the Discovery Master.

EXHIBIT_____33_____

PAGE_____478_____

Case 2:04-cv-09049-DOC-RNB  Document 4172-3  Filed 07/31/08  Page 57 of 90  Page ID
#:105128
Case 2:04-cv-09049-SGL-RNB     Document 3669     Filed 05/12/2008     Page 2 of 9

As agreed by the parties and as ordered by the Court, the Court reviews the orders of the Discovery Master under the standard set forth in Fed. R. Civ. P. 72(a), and will modify or set aside only those parts of the Discovery Master's orders that are clearly erroneous or contrary to law. This is a deferential standard, under which the Court upholds rulings on issues that it perhaps would have resolved differently if presented with them in the first instance.

With this standard in mind, the Court **DENIES** the following motions as neither clearly erroneous nor contrary to law:

2. Docket # 3338 Mattel's Motion for Review of and Objecting to Discovery Master's April 14, 2008 Order Granting in Part Mattel's Motion to Compel Communications Regarding this Action;

5. Docket # 3443 Mattel's Motion Objecting to Portions of Discovery Masters April 14, 2008, Order Denying Motion to Compel Production in Response to Mattel's Fifth Set of Request for Production of Documents;[1]

8. Docket # 3334 Mattel's Motion to Set Aside Order of Discovery Master, dated April 11, 2008, Granting in Part MGA's Motion to Compel Mattel to Produce a Witness Pursuant to Notice of Deposition Pursuant to Rule 30(b)(6);[2]

10. Docket # 3289 Mattel's Motion for Review of and Objecting to Portions of the Discovery Master's April 11, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow;

11. Docket # 3287 Ana Elise Cloonan's Motion Objecting to Portions of the Discovery Master's April 11, 2008, Order Regarding Further Examination of Ms. Cloonan's Computer and Zip Disk; and

---

[1]  The Court considered the issues as presented to the Discovery Master rather than the more narrow issues presented by Mattel's post hoc efforts to compromise. See Motion at 4 n.17.

[2]  At the hearing, counsel raised two points regarding this motion in need of clarification. First, the parties' positions differ as to whether the need for discovery regarding Mattel employees who have refused to sign the Inventions Agreement has been mooted by the Court's Order addressing the parties' motions for partial summary judgment. It has not. The Court's ruling that the Inventions Agreement is enforceable is based strictly on contract construction and does not take into account the unresolved equitable affirmative defenses. Second, the parties are in agreement that four issues, set forth in Mattel's Reply at 10-11, are related only to Phase 2. Although the Court at this time upholds the Discovery Master's Order compelling testimony regarding these topics, the deposition as to these four Phase 2 topics is nevertheless subject to the Order staying all Phase 2 discovery.

MINUTES FORM 90
CIVIL -- GEN                                Page 2                          Initials of Deputy Clerk: jh
                                                                            Time:  1/35

EXHIBIT ___153___
PAGE ___479___

Case 2:04-cv-09049-DOC-RNB  Document 4172-3  Filed 07/31/08  Page 58 of 90  Page ID
#:105129
Case 2:04-cv-09049-SGL-RNB    Document 3669    Filed 05/12/2008    Page 3 of 9

12.    Docket # 3483 Mattel's Motion for Review of Discovery Master's April 22, 2008 Order
Denying Motion To Compel Additional Deposition Testimony Of Veronica Marlow.

The issues raised in each of the above motions represent the Discovery Master's balancing
of relevant factors against the burdens of production, and the relevant findings and conclusions
are neither clearly erroneous nor contrary to law.

The Court **GRANTS** the following motion:

1.    Docket # 3314 MGA's Motion for Review of Discovery Master's April 22, 2008 Order
Granting Matthew Bousquette's Motion To Quash Subpoena.

The Discovery Master improperly concluded that Mr. Bousquette does not reside in
California. Based on the evidence before this Court that Mr. Bousquette owns a residence (upon
which he claimed a California homeowner's exemption) and business in California; is registered to
vote in California; holds a California driver license and has registered several motor vehicles with
the state of California Department of Motor Vehicles, the Court finds that Mr. Bousquette is in fact
a resident of California. The Court therefore sets aside the Discovery Master's Order quashing
the subpoena of Matthew Bousquette. The Court orders that Mr. Bousquette be deposed on May
17, 2008, in Palm Springs, California, the city of his residence.

The Court **GRANTS IN PART AND DENIES IN PART** the following motion:

4.    Docket # 3398 Mattel's Motion Objecting to Discovery Master's Denial of Motion to
Compel Production of Document Bates Numbered MGA 3801819-22.

The Discovery Master did not consider this motion on its merits, instead ruling that he
would not decide motions filed after April 16, 2008. The Court, therefore, considers the motion in
the first instance and rules as follows:

Although styled a motion to compel production of a four-page document, the motion, in
substance, is addressed to two lines redacted from MGA 3801819. The redacted lines are
composed of three parts: (1) A listing of three first names, separated by slashes, and followed by
a colon; (2) a request addressed to the three named people (consisting of a five-word sentence);
and (3) a one-sentence declaration addressed to them.

In a declaration filed with the Court, Mr. Larian, the author of the redacted message, states
that the purpose of this message was to seek legal advice. Notwithstanding this declaration, only
the second of the three parts of the redaction is reasonably susceptible to the meaning Mr. Larian
attributes to the whole. Absent even from this part is language that suggests legal advice was
sought, such as: "Let me know what you think," "Please advise," or "Let's discuss further."
Nevertheless, Mr. Larian states that the purpose of this message was to seek legal advice and,
because this language is reasonably susceptible to that meaning, the Court holds that the five-
word sentence beginning with the polite "Please" and ending the with the temporal acronym

MINUTES FORM 90                                                    Initials of Deputy Clerk: jh
CIVIL -- GEN                         Page 3                          Time:  1/35

EXHIBIT _____ 33

PAGE _____ 480

Case 2:04-cv-09049-DOC-RNB Document 4172-3 Filed 07/31/08 Page 59 of 90 Page ID
#:105130
Case 2:04-cv-09049-SGL-RNB Document 3669 Filed 05/12/2008 Page 4 of 9

"ASAP" is privileged and may remain redacted.

The third part, the declarative sentence, is not reasonably susceptible to the seeking of legal advice: It is a declaration by MGA's CEO to a number of employees of what must be done – or, more accurately, what must not be done. It is edict, not inquiry.

To the extent that it may be contended by MGA or Mr. Larian that the two sentences must be read in harmony to comprise one singular message, the declarative nature of the third part, when read together with the lack of inquiry language of the second part, would lead the Court only to the conclusion that the second part is also not privileged; it would not compel a conclusion that the third part is also privileged.

Accordingly, MGA must provide to Mattel, within two days of the entry of this Order, a copy of MGA 3801819 that eliminates the redaction of the three names that identifies to whom the message is addressed and of the sentence that begins, "There must be no mention of," and ends with "etc.".

The Court **DENIES** the following motion:

6.  Docket # 3410 MGA's Motion Objecting to Discovery Master's April 25, 2008, Order Denying MGA's Motion to Compel Discovery on Issues as to Which Mattel has Waived the Attorney-Client and Work Product Privileges;

On April 25, 2008, the Discovery Master issued a well-reasoned order denying MGA's motion to compel discovery as to issues upon which MGA contended Mattel had waived the attorney-client and work product privileges. The Court leaves this Order undisturbed, and therefore **DENIES** MGA's motion.

The Discovery Master correctly applied the so-called <u>Hearn</u> test, which traces its roots back to the district court opinion of <u>Hearn v. Rhay</u>, 68 F.R.D. 574, 581 (E.D. Wash. 1975), to determine whether Mattel had waived the privilege as to materials related to the accrual of its claims. That test may be stated as follows:

> First, the court considers whether the party is asserting the privilege as the result of some affirmative act, such as filing suit. . . . Second, the court examines whether through this affirmative act, the asserting party puts the privileged information at issue. . . . Finally, the court evaluates whether allowing the privilege would deny the opposing party access to information vital to its defense.

<u>United States v. Amlani</u>, 169 F.3d 1189, 1195 (9th Cir. 1999) (internal quotation marks and citation omitted).

In applying this test, the Discovery Master ruled that the first element was met, and this

EXHIBIT____33

PAGE____481

ruling is unchallenged by the parties. However, the Discovery Master also ruled that the second and third elements were not met. These rulings are challenged by MGA.

Although the court finds the second element a close call, the third element is clearly not met. Although Mattel has privileged information relevant to a determination of claim accrual, unless MGA would otherwise be denied evidence on this crucial topic, the privilege is not waived:

> It is true that privileged communications do not become discoverable simply because they are related to issues raised in the litigation. . . . When the sought-after evidence is only one of several forms of indirect evidence about an issue, the privilege has not been waived.

Id. (internal alteration marks, quotation marks, and citations omitted). Here, MGA has had access to, and has presented to the Court in connection with the motions for partial summary judgment, other forms of material evidence regarding the accrual date of Mattel's claims. Accordingly, the Discovery Master's Order on this issue was neither clearly erroneous nor contrary to law, as all three elements must be present to find waiver. See Home Indem. Co. v. Lane Powell Moss and Miller, 43 F.3d 1322, 1327 (9th Cir. 1995) (assuming the first two elements of the Hearn test had been met but nevertheless finding no waiver because the third element was not). Because the Court finds that the Discovery Master correctly ruled that the third element was not met, thus necessitating denial of the present motion, the Court does not consider what is effectively an alternative basis for denial, i.e., whether the second element was met.

In connection with its ruling on this issue, the Court has received and reviewed the unredacted version of the De Anda email referred to by the parties at the summary judgment hearing.

The Court **GRANTS IN PART AND DENIES IN PART** the following motion:

7.   Docket # 3333 Mattel's Motion for Review of and Objecting to Portions of Discovery Master's April 14, 2008 Order Granting in Part and Denying in Part Mattel, Inc.'s Motion to Compel Production of Documents and Things.

The Discovery Master denied the motion to compel as overly broad and unduly burdensome. He also held that the requested discovery is not relevant and that it is unreasonably cumulative of other discovery.

The Discovery Master erred in concluding that Mattel failed to establish the relevancy of its requests. The four requests which are at issue in this motion – Nos. 6, 15, 23, and 25 – are clearly relevant to Mattel's claims and defenses. Specifically, as set forth at page 5 of Mattel's motion, MGA has challenged the protectibility of the Bratz drawings, has asserted that its three-dimensional dolls cannot infringe the two-dimensional Bratz drawings, and has contended that the dolls are not substantially similar to the Bratz drawings. To the extent that MGA has contended otherwise in other litigation – especially to the extent that they have successfully contended

MINUTES FORM 90                                                                                      Initials of Deputy Clerk: jh
CIVIL -- GEN                                            Page 5                                         Time: 1/35

EXHIBIT _____33_____

PAGE _____482_____

Case 2:04-cv-09049-DOC-RNB  Document 4172-3  Filed 07/31/08  Page 61 of 90  Page ID
#:105132
Case 2:04-cv-09049-SGL-RNB    Document 3669    Filed 05/12/2008    Page 6 of 9

otherwise in other litigation – they are relevant to the issue of judicial estoppel.[3]  To a lesser
extent, they may be relevant as impeachment evidence.

Because a determination of whether discovery sought is unduly burdensome represents a
balancing test (with relevancy being among the counterweights), see Fed. R. Civ. P. 26(c)(iii), the
failure to discern the relevancy of evidence effects the accuracy of that balancing. In accordance
with this concern, the Court examines the ruling as to each of the four requests at issue.

As to request number 6, the Court finds that the Discovery Master's ruling that the request
is overly broad and unduly burdensome is neither clearly erroneous or contrary to law. Although
such language is frequently used, the phrase requesting production of "all documents that refer or
relate to" a given topic is fraught with the possibility that the request will be overly broad and
unduly burdensome.

As to requests 15 and 23, the Court finds that the Discovery Master's ruling regarding
overbreadth, burdensomeness, and unreasonable cumulativeness is contrary to law. Without
focusing on the relevance of the judicial estoppel issue, it is tempting in this case to say that the
tens of thousands of documents produced regarding a particular issue are enough. However, in
asserting a judicial estoppel defense, Mattel is entitled to discover the known universe of court
documents in which MGA has made statements regarding what products it contends has infringed
its Bratz products, as well as any court orders addressing its statements. To the extent that MGA
may have successful in staking out a position regarding its rights to Bratz that is contrary to
positions taken in these consolidated actions, the integrity of the judicial process also supports
discovery of documents establishing that fact.

Accordingly, the Court **ORDERS** that MGA produce within five days all non-privileged
documents that are responsive to requests 15 and 23 (and that have not already been produced)
that are in the custody or control of MGA or MGA's current or former counsel.

As to request 25, the Court finds that the Discovery Master's ruling that the request is
overly broad and unduly burdensome is neither clearly erroneous or contrary to law. The requests
presented in this motion represent a spectrum of burdensomeness. At one end is the request of
"all documents that refer or relate to" Bratz claims, which represents a clearly burdensome
production of documents. At the other end is the request for court documents that are likely to be
maintained by counsel separately from other documents and that are not particularly burdensome
to produce. In the middle is this request, which seeks "all documents" claiming infringement as to
Bratz products. Here, although a closer call, which the Court may have decided it differently if it
decided it in the first instance, the Court cannot conclude that the Discovery Master's ruling was

---

[3]  In addition to being important to a defense advanced by Mattel, the doctrine of judicial
estoppel, also known as the doctrine of preclusion of inconsistent positions, serves to protect the
integrity of the judicial process. See Helfand v. Gerson, 105 F.3d 530, 534 (9th Cir. 1997).

EXHIBIT ____33____

PAGE ____483____

clearly erroneous or contrary to law. If, for instance, the request at issue was a more narrow request, such as one limited only to documents (such as cease-and-desist letters) sent to third parties, the Court might have decided otherwise. However, as the request was propounded, and as the Discovery Master ruled, the Court can discerns no clear factual error or error of law.

Accordingly, the Court **GRANTS** the Motion as to requests 15 and 23, but **DENIES** the motion as to request 6 and 25.

Finally, the Court **DENIES** the following motion:

9. Docket # 3233 Mattel's Motion for Review of the Discovery Master's April 11, 2008, Order Denying Mattel's Application to Enforce Court Orders Compelling Production of Tangible Items; Motion to Enforce those Orders and to Compel Production of the Tangible Items.

The Court's February 4, 2008, Order, granted in part Mattel's ex parte application addressing the issue presented by this motion. The Discovery Master correctly interpreted the Court's Order as implicitly denying the those portions of the ex parte application not explicitly granted.

As set forth on the record, the Court will hear further argument on the motions for partial summary judgment and will hear the motion for reconsideration during the afternoon of May 19, 2008, beginning at 1:30 p.m. The pretrial conference will be held at that time as well. The following morning, May 20, 2008, at 9:00 a.m., jury selection will begin. Once a jury has been selected, the Court will consider any pending discovery motions and the parties' motions in limine. Opening statements are set to begin May 27, 2008.

**IT IS SO ORDERED.**

Case 2:04-cv-09049-DOC-RNB   Document 4172-3   Filed 07/31/08   Page 63 of 90   Page ID
#:105134
Case 2:04-cv-09049-SGL-RNB      Document 3669      Filed 05/12/2008      Page 8 of 9

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)   **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document**  Court Minutes of May 12, 2008

| | |
|---|---|
| Atty Sttlmnt Officer Panel Coordinator | |
| BAP (Bankruptcy Appellate Panel) | |
| Beck, Michael J (Clerk, MDL Panel) | |
| BOP (Bureau of Prisons) | |
| CA St Pub Defender (Calif. State PD) | |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | |
| Case Asgmt Admin (Case Assignment Administrator) | |
| Catterson, Cathy (9th Circuit Court of Appeal) | |
| Chief Deputy Admin | |
| Chief Deputy Ops | |
| Clerk of Court | |
| Death Penalty H/C (Law Clerks) | |
| Dep In Chg E Div | |
| Dep In Chg So Div | |
| Federal Public Defender | |
| Fiscal Section | |
| Intake Section, Criminal LA | |
| Intake Section, Criminal SA | |
| Intake Supervisor, Civil | |
| PIA Clerk - Los Angeles (PIALA) | |
| PIA Clerk - Riverside (PIAED) | |
| PIA Clerk - Santa Ana (PIASA) | |
| PSA - Los Angeles (PSALA) | |
| PSA - Riverside (PSAED) | |
| PSA - Santa Ana (PSASA) | |
| Schnack, Randall (CJA Supervising Attorney) | |
| Statistics Clerk | |

| | |
|---|---|
| US Attorneys Office - Civil Division -L.A. | |
| US Attorneys Office - Civil Division - S.A. | |
| US Attorneys Office - Criminal Division -L.A. | |
| US Attorneys Office - Criminal Division -S.A. | |
| US Bankruptcy Court | |
| US Marshal Service - Los Angeles (USMLA) | |
| US Marshal Service - Riverside (USMED) | |
| US Marshal Service -Santa Ana (USMSA) | |
| US Probation Office (USPO) | |
| US Trustee's Office | |
| Warden, San Quentin State Prison, CA | |

| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address *(include suite or floor)*:  Two Embarcadero

Center, Suite 1500, San Francisco, CA  94111

*E-mail:

*Fax No.:

\* For CIVIL cases only

| *JUDGE / MAGISTRATE JUDGE (list below):* |
|---|
| |
| |
| |
| |

**Initials of Deputy Clerk** jh

G-75   (03/07)

# NOTICE PARTY SERVICE LIST

**Case No.** CV 04-09049 SGL(RNBx)    **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document** Court Minutes of May 12, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service -  Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor): P.O. Box 581103

Salt Lake City, UT  84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

* For CIVIL cases only

| *JUDGE / MAGISTRATE JUDGE (list below):* |
|---|
| |
| |
| |
| |

**Initials of Deputy Clerk** jh

EXHIBIT _____ 33_____

PAGE _____ 486_____

# EXHIBIT 34

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                   UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12                          EASTERN DIVISION

13  CARTER BRYANT, an individual,       CASE NO. CV 04-9049 SGL (RNBx)

14            Plaintiff,                 Consolidated with
                                         Case No. CV 04-09059
15       vs.                             Case No. CV 05-02727

16  MATTEL, INC., a Delaware             MATTEL, INC.'S THIRD SET OF
    corporation,                         REQUESTS FOR DOCUMENTS AND
17                                       THINGS TO MGA
              Defendant.                 ENTERTAINMENT, INC.
18

19  AND CONSOLIDATED CASES

20

21

22

23

24

25

26                    EXHIBIT ____ 34 _____

27                    PAGE ____ 487 _____

28                         10-24

                              DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1          Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure,</u>

2  Mattel, Inc. hereby requests that MGA Entertainment, Inc. respond to these

3  document requests ("Requests") and make available for inspection and copying

4  originals of the following documents within 30 days of service at the offices of

5  Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

6  floor, Los Angeles, CA 90017.  MGA Entertainment, Inc. shall be obligated to

7  supplement responses to these requests at such times and to the extent required by

8  <u>Rule</u> 26(e) of the <u>Federal Rules of Civil Procedure.</u>

9

10  **I.**    **DEFINITIONS**

11

12          For purposes of these Requests, the following definitions apply:

13        A.    "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc.

14  and all of its current or former directors, officers, employees, agents, contractors,

15  attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES,

16  predecessors-in-interest and successors-in-interest, and any other PERSON acting

17  on its behalf, pursuant to its authority or subject to its control.

18        B.    "MATTEL" means Mattel, Inc. and all of its current or former

19  directors, officers, employees, agents, contractors, attorneys, accountants,

20  representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

21  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

22  authority or subject to its control.

23        C.    "AFFILIATES" means any and all corporations, proprietorships,

24  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

25  indirectly, in whole or in part, own or control, are under common ownership or

26  control with, or are owned or controlled by a PERSON, party or entity, including

27  without limitation each parent, subsidiary and joint venture of such PERSON, party

28  or entity.

EXHIBIT _____ 34 _____ -2-

                            DOCUMENT REQUESTS TO MGA ENTERTAINMENT

PAGE _____ 488

1        D.       "PERSON" or "PERSONS" means all natural persons,

2   partnerships, corporations, joint ventures and any kind of business, legal or public

3   entity or organization, as well as its, his or her agents, representatives, employees,

4   officers and directors and any one else acting on its, his or her behalf, pursuant to

5   its, his or her authority or subject to its, his or her control.

6        E.       "BRATZ" means any project, product, doll or DESIGN ever

7   known by that name (whether in whole or in part and regardless of what such

8   project, product or doll is or has been also, previously or subsequently called) and

9   any product, doll or DESIGN or any portion thereof that is now or has ever been

10  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

11  in part and regardless of what such product, doll or DESIGN or portion thereof is or

12  has been also, previously or subsequently called) or that is now or has ever been

13  sold or marketed as part of the "Bratz" line, and each version or iteration of such

14  product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

15  DESIGNS or any portion thereof" also includes without limitation any names,

16  fashions, accessories, artwork, packaging or any other works, materials, matters or

17  items included or associated therewith.  Without limiting the generality of the

18  foregoing, the term "BRATZ" does not and shall not require that there be a doll,

19  product or three-dimensional embodiment existing at the time of the event, incident

20  or occurrence that is the subject of, or otherwise relevant or responsive to, the

21  Requests herein.

22       F.       "SCOOTER SAMANTHA" means any project, product, doll or

23  DESIGN ever known by that name (whether in whole or in part and regardless of

24  what such project, product or doll is or has been also, previously or subsequently

25  called) and any product, doll or DESIGN or any portion thereof that is now or has

26  ever been known as, or sold or marketed under, the name or term "Scooter

27  Samantha" (whether in whole or in part and regardless of what such product, doll or

28  DESIGN or portion thereof is or has been also, previously or subsequently called) or

07209/2261215.1

34          -3-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

PAGE _____ 489

1 | that is now or has ever been sold or marketed as part of the "Scooter Samantha"
2 | line, and each version or iteration of such product, doll or DESIGN or any portion
3 | thereof. As used herein, "product, doll or DESIGNS or any portion thereof" also
4 | includes without limitation any names, fashions, accessories, artwork, packaging or
5 | any other works, materials, matters or items included or associated therewith.
6 | Without limiting the generality of the foregoing, the term "SCOOTER
7 | SAMANTHA" does not and shall not require that there be a doll, product or three-
8 | dimensional embodiment existing at the time of the event, incident or occurrence
9 | that is the subject of, or otherwise relevant or responsive to, the Requests herein.

10 |      G.    "SPACE BABES" means the project, product, doll or DESIGN
11 | referenced in MGA 2144569 or that has ever known by that name (whether in whole
12 | or in part and regardless of what such project, product or doll is or has been also,
13 | previously or subsequently called) and any product, doll or DESIGN or any portion
14 | thereof that is now or has ever been known as, or sold or marketed under, the name
15 | or term "Space Babes" (whether in whole or in part and regardless of what such
16 | product, doll or DESIGN or portion thereof is or has been also, previously or
17 | subsequently called) or that is now or has ever been sold or marketed as part of the
18 | "Scooter Samantha" line, and each version or iteration of such product, doll or
19 | DESIGN or any portion thereof. As used herein, "product, doll or DESIGNS or any
20 | portion thereof" also includes without limitation any names, fashions, accessories,
21 | artwork, packaging or any other works, materials, matters or items included or
22 | associated therewith. Without limiting the generality of the foregoing, the term
23 | "SPACE BABES" does not and shall not require that there be a doll, product or
24 | three-dimensional embodiment existing at the time of the event, incident or
25 | occurrence that is the subject of, or otherwise relevant or responsive to, the Requests
26 | herein.

27 |      H.    "SCOOTER SHANNEN" means any project, product, doll or
28 | DESIGN ever known by that name (whether in whole or in part and regardless of

-4-

EXHIBIT _____ 34

PAGE _____ 490

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1 what such project, product or doll is or has been also, previously or subsequently
2 called) and any product, doll or DESIGN or any portion thereof that is now or has
3 ever been known as, or sold or marketed under, the name or term "Scooter Shannen"
4 (whether in whole or in part and regardless of what such product, doll or DESIGN
5 or portion thereof is or has been also, previously or subsequently called) or that is
6 now or has ever been sold or marketed as part of the "Scooter Shannen" line, and
7 each version or iteration of such product, doll or DESIGN or any portion thereof.
8 As used herein, "product, doll or DESIGNS or any portion thereof" also includes
9 without limitation any names, fashions, accessories, artwork, packaging or any other
10 works, materials, matters or items included or associated therewith. Without
11 limiting the generality of the foregoing, the term "SCOOTER SHANNEN" does not
12 and shall not require that there be a doll, product or three-dimensional embodiment
13 existing at the time of the event, incident or occurrence that is the subject of, or
14 otherwise relevant or responsive to, the Requests herein.

15     I.     "DESIGN" or "DESIGNS" means any and all representations,
16 whether two-dimensional or three-dimensional, and whether in tangible, digital,
17 electronic or other form, including but not limited to all works, designs, artwork,
18 sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
19 diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
20 practice, developments, inventions and/or improvements, as well as all other items,
21 things and DOCUMENTS in which any of the foregoing are or have been
22 expressed, embodied, contained, fixed or reflected in any manner, whether in whole
23 or in part.

24     J.     "DOCUMENT" or "DOCUMENTS" means all "writings" and
25 "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil
26 Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not
27 limited to, all writings and records of every type and description including, but not
28 limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

1  electronic mail ("e-mail"), records of telephone conversations, handwritten and
2  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
3  and summaries of meetings, voice recordings, pictures, photographs, drawings,
4  computer cards, tapes, discs, printouts and records of all types, studies, instruction
5  manuals, policy manuals and statements, books, pamphlets, invoices, canceled
6  checks and every other device or medium by which or through which information of
7  any type is transmitted, recorded or preserved. Without any limitation on the
8  foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
9  from the original or other versions of the DOCUMENT, including, but not limited
10 to, all drafts and all copies of such drafts or originals containing initials, comments,
11 notations, insertions, corrections, marginal notes, amendments or any other variation
12 of any kind.

13        K.      "THIRD-PARTY LAWSUIT" or "THIRD-PARTY
14 LAWSUITS" means any legal proceeding of any kind, including without limitation
15 any suit, lawsuit, action, arbitration or customs proceeding, other than this ACTION.

16        L.      "BRATZ LAWSUITS" means any legal proceeding of any kind,
17 including without limitation any suit, lawsuit, action, arbitration or customs
18 proceeding, other than this ACTION that REFERS OR RELATES to BRATZ,
19 including without limitation each of the following legal actions and each of their
20 associated proceedings and appeals:

21            *MGA Entertainment Inc. v. Wai Man International (H.K.) Limited*
22            *MGA Entertainment inc. v. Sunny Toys Industrial Company Limited*
23            *MGA Entertainment Inc. and Elliot Rudell trading as Rudell Design v.*
24 *Wealth Ocean Industrial Limited*
25            *MGA Entertainment Inc. v. Registrar of Companies & Yokon*
26 *International Limited & Wong Tat*
27            *MGA Entertainment Inc. and MGA Entertainment (H.K.) Limited v.*
28 *Double Grand Corporation Limited*

1        *MGA Entertainment Inc. v. Hunglam Toys Company Limited*

2        *MGA Entertainment Inc. v. Union Top (HK) Company Limited*

3        *MGA Entertainment Inc. v. Uni-Fortune Toys Industrial Limited & Fu*

4 *Wei Toys Company Limited*

5        *MGA Entertainment Inc. v. Linwell Industries Limited*

6        *MGA Entertainment Inc. v. Yokon International Limited; Golden City*

7 *Toys Company Limited; Wong Tat*

8        *MGA Entertainment Inc. v. Fu Li Sheng Craft Toy Company Limited*

9 *and Xie Jun Yu trading as Tracy Industrial (H.K.) Company*

10        *Kin Yat Industrial Company Limited v. MGA Entertainment (H.K.)*

11 *Limited*

12        *ABC International Traders doing business as MGA Entertainment v.*

13 *Toys & Trends (Hong Kong) Limited; Cityworld Limited; Jurg Willi Kesselring*

14        *Golden Bright Manufacturer Limited v. MGA Entertainment (HK)*

15 *Limited*

16        *MGA Entertainment (HK) Limited v. Leaves Industries Limited*

17        *Queentex Company Limited v. MGA Entertainment (HK) Limited*

18        *MGA Entertainment (HK) Limited v. Queentex Company Limited*

19        *ABC International Traders doing business as MGA Entertainment v.*

20 *Qualiman Industrial Company Ltd.*

21        *Golden Bright Manufacturer Limited v. Sunlight Electronic Toys*

22        *Larian v. Larian*

23        *MGA Entertainment v. Ubisoft Entertainment S.A.*

24        *MGA Entertainment v. Fun-4-All*

25        *McDonald's Corporation v. MGA Entertainment, Inc. f/k/a ABC*

26 *International Traders*

27        *Karen Dudnikov, Michael Meadors v. MGA Entertainment, Inc.*

28        *Art Attacks Ink, LLC v. MGA Entertainment, Inc.*

-7-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT _____ 34 _____

PAGE _____ 493

1    M.    "INFRINGE" or "INFRINGES" means infringe, dilute, be

2 substantially or confusingly similar to, or otherwise violate any rights in, whether

3 statutory, common law, contractual or otherwise.

4    N.    "REFER OR RELATE TO" means constituting, embodying,

5 containing, referring to, commenting on, evidencing, regarding, discussing,

6 describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting,

7 contradicting, negating, revoking or otherwise relating to in any manner.

8    O.    "IDENTIFY" or "IDENTITY" means the following:

9        (i)    with reference to an individual or individuals, means to

10 state, fully and separately as to each, such individual's full name, any known

11 business title, current or last known business affiliation, current or last known

12 residential address, current or last known business address, current or last known

13 relationship to MGA Entertainment, Inc., and current or last known telephone

14 number.

15        (ii)    with reference to an entity or entities, means to state, fully

16 and separately as to each, such entity's full name, state (or country) of incorporation

17 or organization, present or last known address, and present or last known telephone

18 number.

19    P.    "Any" as used in these Requests includes the word "all," and the

20 word "all" as used in these Requests includes the word "any."

21    Q.    The singular form of a noun or pronoun includes within its

22 meaning the plural form of the noun or pronoun so used, and vice versa; the use of

23 the masculine form of a pronoun also includes within its meaning the feminine form

24 of the pronoun so used, and vice versa; the use of any tense of any verb includes

25 also within its meaning all other tenses of the verb so used, whenever such

26 construction results in a broader request for information; and "and" includes "or"

27 and vice versa, whenever such construction results in a broader disclosure of

28 documents or information.

07209/2261215.1

-8-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

PAGE _____ 494

## II.   **INSTRUCTIONS**

      A.   YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

      B.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or protection that YOU are not prepared to waive, identify each such DOCUMENT and provide the following information:

         1.   the date and type of the DOCUMENT, the author(s) and all recipients;

         2.   the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

         3.   the title and subject matter of the DOCUMENT;

         4.   any additional facts on which YOU base YOUR claim of privilege or protection; and

         5.   the identity of the current custodian of the original of the DOCUMENT.

      C.   DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

      D.   The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that have or had attachments, the attachments shall be attached when produced.

      E.   DOCUMENTS in electronic form shall be produced in that form.

1            F.     In the event that any DOCUMENT called for by these requests

2 has been destroyed or discarded, that DOCUMENT is to be identified by stating:

3            1.     the date and type of the DOCUMENT, the author(s) and all

4                 recipients;

5            2.     the DOCUMENT's date, subject matter, number of pages, and

6                 attachments or appendices;

7            3.     the date of destruction or discard, manner of destruction or

8                 discard, and reason for destruction or discard;

9            4.     the PERSONS who were authorized to carry out such destruction

10                or discard;

11            5.     the PERSONS who have knowledge of the content, origins,

12                distribution and destruction of the DOCUMENT; and

13            6.     whether any copies of the document exist and, if so, the name of

14                the custodian of each copy.

15

16 **III.    REQUESTS FOR DOCUMENTS AND THINGS**

17

18 REQUEST FOR PRODUCTION NO. 1:

19       A sample of each doll, product or other matter that, whether in whole or

20 in part, YOU have alleged or contended INFRINGES BRATZ in any THIRD-

21 PARTY LAWSUIT, including without limitation in the BRATZ LAWSUITS.

22

23 REQUEST FOR PRODUCTION NO. 2:

24       To the extent not produced in Response to Request No. 1, a sample of

25 each doll, product or other matter that, whether in whole or in part, YOU have

26 alleged or contended, including in any cease and desist letter, INFRINGES BRATZ.

27

28

EXHIBIT ___34___

PAGE ___496___

-10-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1  REQUEST FOR PRODUCTION NO. 3:

2          All photographs, digital scans or other depictions of each and every

3  doll, product or other matter that, whether in whole or in part, YOU have alleged or

4  contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including

5  without limitation in the BRATZ LAWSUITS.

6

7  REQUEST FOR PRODUCTION NO. 4:

8          To the extent not produced in Response to Request No. 3, all

9  photographs, digital scans or other depictions of each doll, product or other matter

10  that, whether in whole or in part, YOU have ever alleged or contended, including in

11  any cease and desist letter, INFRINGES BRATZ.

12

13  REQUEST FOR PRODUCTION NO. 5:

14          DOCUMENTS sufficient to identify each doll, product or other matter

15  sold, offered for sale, manufactured, distributed, promoted or advertised by any

16  PERSON other than MATTEL that YOU have alleged or contended, whether in

17  whole or in part, INFRINGES BRATZ.

18

19  REQUEST FOR PRODUCTION NO. 6:

20          All DOCUMENTS that REFER OR RELATE TO any claim or

21  contention by YOU (other than in this ACTION) that any doll, product or other

22  matter, whether in whole or in part, that has been sold, offered for sale,

23  manufactured, distributed, promoted or advertised by any PERSON INFRINGES

24  BRATZ.

25

26  REQUEST FOR PRODUCTION NO. 7:

27          All COMMUNICATIONS, including without limitation cease and

28  desist letters, between YOU and any other PERSON that REFER OR RELATE TO

07209/2261215.1

EXHIBIT 34    -11-

PAGE 497          DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1 | any claim or contention by YOU that any doll or product, whether in whole or in
2 | part, sold, offered for sale, manufactured, distributed, promoted or advertised by
3 | such PERSON INFRINGES BRATZ.
4 |
5 | REQUEST FOR PRODUCTION NO. 8:
6 |     All complaints, statements of claim, counterclaims and answers in the
7 | BRATZ LAWSUITS, including without limitation all amendments thereto.
8 |
9 | REQUEST FOR PRODUCTION NO. 9:
10 |     All witness lists and other disclosures of witness names or identities in
11 | the BRATZ LAWSUITS, including without limitation all amendments thereto.
12 |
13 | REQUEST FOR PRODUCTION NO. 10:
14 |     All interrogatory responses by YOU or made on YOUR behalf in the
15 | BRATZ LAWSUITS, including without limitation all amendments thereto.
16 |
17 | REQUEST FOR PRODUCTION NO. 11:
18 |     All transcripts of proceedings, including all trial and hearing
19 | transcripts, in the BRATZ LAWSUITS, including without limitation all
20 | amendments thereto.
21 |
22 | REQUEST FOR PRODUCTION NO. 12:
23 |     All transcripts of depositions given by or on behalf of YOU in the
24 | BRATZ LAWSUITS, including without limitation all amendments thereto.
25 |
26 | REQUEST FOR PRODUCTION NO. 13:
27 |     All pleadings and other DOCUMENTS filed, submitted or served by
28 | YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

07209/2261215.1

-12-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT ___34___

PAGE ___498___

1 | REQUEST FOR PRODUCTION NO. 14:

2 |        All pleadings and other DOCUMENTS filed, submitted or served by

3 | YOU in the BRATZ LAWSUITS that compare BRATZ to any other doll or product,

4 | whether in whole or in part.

5 |

6 | REQUEST FOR PRODUCTION NO. 15:

7 |        All pleadings and other DOCUMENTS filed, submitted or served by

8 | YOU in the BRATZ LAWSUITS that claim, allege or assert that the appearance or

9 | features of any doll or other product, whether in whole or in part, INFRINGES

10 | BRATZ.

11 |

12 | REQUEST FOR PRODUCTION NO. 16:

13 |        All demonstrative exhibits filed, submitted, introduced, displayed or

14 | used by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

15 |

16 | REQUEST FOR PRODUCTION NO. 17:

17 |        All expert reports and expert disclosures filed, submitted or served by

18 | YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

19 |

20 | REQUEST FOR PRODUCTION NO. 18:

21 |        All subpoenas served in the BRATZ LAWSUITS that REFER OR

22 | RELATE TO BRATZ.

23 |

24 | REQUEST FOR PRODUCTION NO. 19:

25 |        All DOCUMENTS produced pursuant to any subpoena in the BRATZ

26 | LAWSUITS that REFER OR RELATE TO BRATZ.

27 | EXHIBIT _____ 24 _____

28 | PAGE _____ 499 _____

07209/2261215.1

-13-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1 | REQUEST FOR PRODUCTION NO. 20:

2        All DOCUMENTS produced or made available for inspection by YOU

3 | in the BRATZ LAWSUITS.

4

5 | REQUEST FOR PRODUCTION NO. 21:

6        All DOCUMENTS produced or made available for inspection by YOU

7 | in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

8

9 | REQUEST FOR PRODUCTION NO. 22:

10       All DOCUMENTS produced or made available for inspection by YOU

11 | in the BRATZ LAWSUITS that REFER OR RELATE TO MGA, including without

12 | limitation the finances or financial condition of MGA.

13

14 | REQUEST FOR PRODUCTION NO. 23:

15       All Court orders, decisions and judgments in the BRATZ LAWSUITS.

16

17 | REQUEST FOR PRODUCTION NO. 24:

18       All Court orders, decisions and judgments in any THIRD-PARTY

19 | LAWSUIT in which YOU have claimed, alleged or stated, in words or substance,

20 | that any doll or product sold, offered for sale, manufactured, distributed, promoted

21 | or advertised by any PERSON infringes, dilutes or is confusingly similar to

22 | BRATZ.

23

24 | REQUEST FOR PRODUCTION NO. 25:

25       To the extent not produced in response to any other Request for

26 | Production, all DOCUMENTS in which YOU have claimed, alleged or stated, in

27 | words or substance, that any doll, product or other matter sold, offered for sale,

28

07209/2261215.1

EXHIBIT _____34_____

PAGE _____500_____

-14-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1  manufactured, distributed, promoted or advertised by any PERSON infringes,

2  dilutes or is confusingly similar to BRATZ.

3

4  REQUEST FOR PRODUCTION NO. 26:

5          To the extent not produced in response to any other Request for

6  Production, all DOCUMENTS, including without limitation pleadings, in which

7  YOU have referenced or described YOUR alleged trade dress rights or potential

8  trade dress in BRATZ.

9

10  REQUEST FOR PRODUCTION NO. 27:

11          To the extent not produced in response to any other Request for

12  Production, all DOCUMENTS, including without limitation pleadings, in which

13  YOU have referenced or described YOUR alleged copyright rights or potential

14  copyright rights in BRATZ.

15

16  REQUEST FOR PRODUCTION NO. 28:

17          To the extent not produced in response to any other Request for

18  Production, all DOCUMENTS, including without limitation pleadings, in which

19  YOU have referenced or described YOUR alleged patent rights or potential patent

20  rights in BRATZ.

21

22  REQUEST FOR PRODUCTION NO. 29:

23          All DOCUMENTS that REFER OR RELATE TO any agreements

24  settling, resolving, compromising or otherwise disposing of the BRATZ

25  LAWSUITS.

26

27      EXHIBIT ____34____

28      PAGE ____501____

1  REQUEST FOR PRODUCTION NO. 30:

2          All DOCUMENTS that REFER OR RELATE TO any agreements

3  settling, resolving, compromising or otherwise disposing of any legal proceedings in

4  which YOU have claimed that any product sold, offered for sale, manufactured,

5  distributed, promoted or advertised by such PERSON infringes, dilutes or is

6  confusingly similar to BRATZ.

7

8  REQUEST FOR PRODUCTION NO. 31:

9          All DOCUMENTS that REFER OR RELATE to any use or

10  considered, proposed or potential use, of the term "Jade" in connection with any

11  MGA doll, product or other matter, including without limitation all trademark

12  search report for "Jade."

13

14  REQUEST FOR PRODUCTION NO. 32:

15          All DOCUMENTS that REFER OR RELATE to when and the

16  circumstances under which Sandra Bilotto first came to YOUR attention.

17

18  REQUEST FOR PRODUCTION NO. 33:

19          All DOCUMENTS that REFER OR RELATE to when and the

20  circumstances under which YOU first hired or engaged for any reason Sandra

21  Bilotto.

22

23  REQUEST FOR PRODUCTION NO. 34:

24          All DOCUMENTS that REFER OR RELATE to the work or services

25  that Sandra Bilotto provided to YOU in connection with her first engagement by

26  YOU, including without limitation all invoices relating thereto.

27          EXHIBIT __34__

28          PAGE __502__

07209/2261215.1

-16-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1  REQUEST FOR PRODUCTION NO. 35:

2          All DOCUMENTS that REFER OR RELATE to work or services

3  provided by Sandra Bilotto to YOU prior to January 1, 2001.

4

5  REQUEST FOR PRODUCTION NO. 36:

6          All DOCUMENTS that REFER OR RELATE to work or services

7  provided by Sandra Bilotto to MATTEL prior to January 1, 2001.

8

9  REQUEST FOR PRODUCTION NO. 37:

10          All tangible items, including without limitation all head sculpts,

11  prototypes and models, provided by Sandra Bilotto to YOU prior to January 1, 2001.

12

13  REQUEST FOR PRODUCTION NO. 38:

14          All DOCUMENTS that REFER OR RELATE to YOUR knowledge of

15  the work or services provided by Sandra Bilotto to MATTEL prior to January 1,

16  2001, regardless of when such knowledge was acquired.

17

18  REQUEST FOR PRODUCTION NO. 39:

19          All DOCUMENTS that REFER OR RELATE to payments made by

20  YOU to Sandra Bilotto prior to January 1, 2001.

21

22  REQUEST FOR PRODUCTION NO. 40:

23          All DOCUMENTS that REFER OR RELATE to payments made by

24  YOU to Sandra Bilotto after January 1, 2001.

25

26          EXHIBIT ___34___

27

28          PAGE ___503___

07209/2261215.1

-17-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1  REQUEST FOR PRODUCTION NO. 41:

2          All COMMUNICATIONS between Isaac Larian and Sandra Bilotto,

3  including without limitation all such COMMUNICATIONS that REFER OR

4  RELATE TO MATTEL, any MATTEL doll or product, BRYANT or BRATZ.

5

6  REQUEST FOR PRODUCTION NO. 42:

7          All COMMUNICATIONS between Isaac Larian and Paula Garcia,

8  including without limitation all such COMMUNICATIONS that REFER OR

9  RELATE TO MATTEL, any MATTEL doll or product, BRYANT or BRATZ.

10

11  REQUEST FOR PRODUCTION NO. 43:

12          All DOCUMENTS that REFER OR RELATE TO when and under

13  what circumstances SCOOTER SAMANTHA was first conceived of, including

14  without limitation all such DOCUMENTS that identify the PERSON who conceived

15  of SCOOTER SAMANTHA.

16

17  REQUEST FOR PRODUCTION NO. 44:

18          All DOCUMENTS that REFER OR RELATE TO the conception,

19  creation, design, development, sculpting, tooling, production and manufacture of

20  SCOOTER SAMANTHA.

21

22  REQUEST FOR PRODUCTION NO. 45:

23          A sample of each doll or other product that, whether in whole or in

24  part, has been sold as or under the name SCOOTER SAMANTHA or as part of the

25  SCOOTER SAMANTHA line.

26      EXHIBIT 34

27

28      PAGE ____ 504

-18-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1 REQUEST FOR PRODUCTION NO. 46:

2         All prototypes, models, samples and tangible items that REFER OR

3 RELATE TO SCOOTER SAMANTHA.

4

5 REQUEST FOR PRODUCTION NO. 47:

6         All prototypes, models, samples and tangible items that REFER OR

7 RELATE TO SCOOTER SHANNEN.

8

9 REQUEST FOR PRODUCTION NO. 48:

10         All DOCUMENTS that REFER OR RELATE TO SCOOTER

11 SAMANTHA as it was first presented to YOU.

12

13 REQUEST FOR PRODUCTION NO. 49:

14         All DOCUMENTS that REFER OR RELATE TO SCOOTER

15 SAMANTHA prior to January 1, 2002.

16

17 REQUEST FOR PRODUCTION NO. 50:

18         All DOCUMENTS that REFER OR RELATE TO SCOOTER

19 SHANNEN and REFER OR RELATE TO the time period prior to January 1, 2002

20 (regardless of when such DOCUMENT was created, drafted, generated, sent,

21 received or transmitted).

22

23 REQUEST FOR PRODUCTION NO. 51:

24         All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work

25 in connection with or role in SCOOTER SAMANTHA.

26

27     EXHIBIT _____34_____

28     PAGE _____505_____

-19-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1  REQUEST FOR PRODUCTION NO. 52:

2          All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work

3  in connection with or role in SCOOTER SAMANTHA.

4

5  REQUEST FOR PRODUCTION NO. 53:

6          DOCUMENTS sufficient to show the first manufacture date of each

7  and every SCOOTER SAMANTHA product.

8

9  REQUEST FOR PRODUCTION NO. 54:

10          DOCUMENTS sufficient to show the first ship date of each and every

11  SCOOTER SAMANTHA product.

12

13  REQUEST FOR PRODUCTION NO. 55:

14          DOCUMENTS sufficient to show YOUR revenues from SCOOTER

15  SAMANTHA.

16

17  REQUEST FOR PRODUCTION NO. 56:

18          All DOCUMENTS that REFER OR RELATE TO when and under

19  what circumstances SPACE BABES was first conceived of, including without

20  limitation all such DOCUMENTS that identify the PERSON who conceived of

21  SPACE BABES.

22

23  REQUEST FOR PRODUCTION NO. 57:

24          All DOCUMENTS that REFER OR RELATE TO the conception,

25  creation, design, development, sculpting, tooling, production and manufacture of

26  SPACE BABES.

27          EXHIBIT _34_

28          PAGE _506_

07209/2261215.1

-20-

1  REQUEST FOR PRODUCTION NO. 58:

2          A sample of each doll or other product that, whether in whole or in

3  part, has been sold as or under the name SPACE BABES or as part of the SPACE

4  BABES line.

5

6  REQUEST FOR PRODUCTION NO. 59:

7          All prototypes, models, samples and tangible items that REFER OR

8  RELATE TO SPACE BABES.

9

10  REQUEST FOR PRODUCTION NO. 60:

11          All DOCUMENTS that REFER OR RELATE TO SPACE BABES as

12  it was first presented to YOU.

13

14  REQUEST FOR PRODUCTION NO. 61:

15          All DOCUMENTS that REFER OR RELATE TO SPACE BABES

16  prior to January 1, 2005.

17

18  REQUEST FOR PRODUCTION NO. 62:

19          All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work

20  in connection with or role in SPACE BABES.

21

22  REQUEST FOR PRODUCTION NO. 63:

23          All DESIGNS conceived of, made, produced or created, whether in

24  whole or in part, by Scot Reyes in connection with SPACE BABES.

25

26      EXHIBIT _____ 34 _____

27      PAGE _____ 507 _____

28

07209/2261215.1

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1   REQUEST FOR PRODUCTION NO. 64:

2           All DOCUMENTS that REFER OR RELATE TO DESIGNS

3   conceived of, made, produced or created, whether in whole or in part, by Scot Reyes

4   in connection with SPACE BABES.

5

6   REQUEST FOR PRODUCTION NO. 65:

7           All DOCUMENTS that REFER OR RELATE TO Scot Reyes' work in

8   connection with or role in SPACE BABES.

9

10   REQUEST FOR PRODUCTION NO. 66:

11           All actual or proposed contracts and agreements between YOU and

12   Scot Reyes that REFER OR RELATE TO SPACE BABES, including without

13   limitation all drafts thereof.

14

15   REQUEST FOR PRODUCTION NO. 67:

16           All DOCUMENTS that REFER OR RELATE TO payments by YOU

17   to Scot Reyes for or in connection with SPACE BABES.

18

19   REQUEST FOR PRODUCTION NO. 68:

20           All DOCUMENTS that REFER OR RELATE TO payments by YOU

21   to Scot Reyes.

22

23   REQUEST FOR PRODUCTION NO. 69:

24           All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work

25   in connection with or role in SPACE BABES.

26

27       EXHIBIT _____ 34

28       PAGE _____ 508

07209/2261215.1

-22-

1   REQUEST FOR PRODUCTION NO. 70:

2           DOCUMENTS sufficient to show the first manufacture date of each

3   and every SPACE BABES product.

4

5   REQUEST FOR PRODUCTION NO. 71:

6           DOCUMENTS sufficient to show the first ship date of each and every

7   SPACE BABES product.

8

9   REQUEST FOR PRODUCTION NO. 72:

10          DOCUMENTS sufficient to show YOUR revenues from SPACE

11  BABES.

12

13  REQUEST FOR PRODUCTION NO. 73:

14          All DOCUMENTS that REFER OR RELATE TO any DESIGN

15  offered, submitted, pitched, assigned or transferred by Scot Reyes to YOU, acquired

16  or purchased by, or assigned to, YOU from Scot Reyes, requested or solicited by

17  YOU from Scot Reyes or made, created, produced or conceived of, whether in

18  whole or in party, by Scot Reyes on YOUR behalf.

19

20  REQUEST FOR PRODUCTION NO. 74:

21          All COMMUNICATIONS between YOU and Scot Reyes that REFER

22  OR RELATE TO MATTEL or any MATTEL doll or product.

23

24  REQUEST FOR PRODUCTION NO. 75:

25          All DOCUMENTS that REFER OR RELATE TO MATTEL

26  documents or information provided, shown or otherwise disclosed to YOU by Scot

27  Reyes.    EXHIBIT _____ 34

28            PAGE _____ 509

07209/2261215.1

-23-
DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1  REQUEST FOR PRODUCTION NO. 76:

2          All DOCUMENTS that REFER OR RELATE to payments made by

3  YOU to Paula Garcia prior to January 1, 2002.

4

5  REQUEST FOR PRODUCTION NO. 77:

6          All DOCUMENTS that REFER OR RELATE to any payments made

7  by YOU to Paula Garcia, including without limitation any and all bonuses and

8  incentive payments made by YOU to Paula Garcia.

9

10  REQUEST FOR PRODUCTION NO. 78:

11          All personnel and vendor files for Maureen Mullen (formerly

12  Chianese).

13

14  REQUEST FOR PRODUCTION NO. 79:

15          All personnel and vendor files for Scot Reyes.

16

17  REQUEST FOR PRODUCTION NO. 80:

18          All personnel and vendor files for Sandra Bilotto.

19

20  REQUEST FOR PRODUCTION NO. 81:

21          All personnel and vendor files for Steve Linker.

22

23  REQUEST FOR PRODUCTION NO. 82:

24          All personnel and vendor files for Veronica Marlow.

25

26  REQUEST FOR PRODUCTION NO. 83:

27          All personnel and vendor files for Peter Marlow.

28

EXHIBIT _____ 34

PAGE _____ 510

-24-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1  REQUEST FOR PRODUCTION NO. 84:

2        All personnel and vendor files for Wendy Ragsdale.

3

4  REQUEST FOR PRODUCTION NO. 85:

5        All personnel and vendor files for Billy Ragsdale.

6

7  REQUEST FOR PRODUCTION NO. 86:

8        All personnel and vendor files for Sarah Halpern.

9

10  REQUEST FOR PRODUCTION NO. 87:

11        To the extent not produced in response to any other Request for

12  Production, all personnel and vendor files for each person identified in Exhibit 664

13  (bearing Bates numbers MGA 0868630-31).

14

15  REQUEST FOR PRODUCTION NO. 88:

16        To the extent not produced in response to any other Request for

17  Production, all personnel and vendor files for each person who has worked as an

18  employee of or vendor for YOU and who also has been at any time an employee of

19  or vendor for MATTEL.

20

21  DATED:  October 24, 2007

22                              QUINN EMANUEL URQUHART OLIVER &
                                 HEDGES, LLP
23

24                              By   *Michael T. Zeller*
25                                   Michael T. Zeller
                                     Attorneys for Mattel, Inc.
26

27        EXHIBIT _____34_____

28        PAGE _____51_____

07209/2261215.1

-25-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT