THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>MGA PARTIES' NOTICE OF MOTION AND MOTION TO QUASH OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER;<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; AND<br><br>DECLARATION OF ROBERT HERRINGTON [FILED UNDER SEPARATE COVER]<br><br>Date: August 5, 2008<br>Time: 8:30 a.m.<br>Judge: Hon. Stephen G. Larson |

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT .................................................................. 1

II. FACTUAL BACKGROUND ...................................................................... 2

    A. The Discovery Master Already Has Ruled That Mattel is Not Entitled to the Discovery Sought in its Subpoenas. ............................. 2

    B. Mattel Waited Until Six Months After the Close of Fact Discovery to Serve a Subpoena on Non-Party Multitoy. ...................... 4

III. ARGUMENT ............................................................................................... 5

    A. Mattel's Subpoenas Are An Improper End-Run on the Discovery Master's Orders. ...................................................................................... 5

    B. Mattel's Subpoenas Constitute Untimely Fact Discovery and Violate the Court's Scheduling Order. .................................................. 5

    C. Mattel's Subpoenas Are Unduly Burdensome. .................................... 6

IV. CONCLUSION ........................................................................................... 7

# TABLE OF AUTHORITIES

Page

## CASES

Burns v. Bank of America,
    2007 WL. 1589437 (S.D.N.Y. June 4, 2007) .................................................. 5

F.T.C. v. Netscape Communications Corp.,
    196 F.R.D. 559 (N.D. Cal. 2000) ............................................................... 1, 6

nSight, Inc. v. PeopleSoft, Inc.,
    No. 3:04 CV 3836 MMC (MEJ), 2006 WL. 988807
    (N.D. Cal. Apr. 13, 2006) ............................................................................. 6

Integra Lifesciences I, Ltd. v. Merck KGaA,
    190 F.R.D. 556 (S.D. Cal. 1999) .................................................................. 6

Johnson v. Mammoth Recreations, Inc.,
    975 F.2d 604 (9th Cir. 1992) ........................................................................ 6

## STATUTES

Federal Rules of Civil Procedure 45 ..................................................................... 6

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on August 5, 2008, or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Stephen G. Larson, Courtroom 1 of the United States District Court for the Central District of California, located at 3470 Twelfth Street, Riverside, California 92501, MGA will, and hereby does, move the Court for an order quashing Mattel Inc.'s ("Mattel") trial subpoenas to MGA Entertainment, Inc., MGA Entertainment (HK) Limited (together "MGA") and non-party Multitoy, Inc. ("Multitoy") (collectively the "Subpoenas"), which were served on July 24, 2008, July 25, 2008, and July 29, 2008, or in the alternative, for a protective order relieving MGA of any obligation to produce tangible items or documents in response to the Subpoenas.

This motion is made pursuant to Federal Rules of Civil Procedure 16, 34 and 45 and the Court's scheduling and discovery orders on the grounds that (i) the Discovery Master already has ruled that MGA need not produce the items requested in the Subpoenas; (ii) the Subpoena constitutes an improper attempt by Mattel to conduct fact discovery long after the January 28, 2008 Phase 1 discovery cut-off; and (iii) the Subpoenas impose an undue burden on MGA.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in support therefore, the concurrently filed Declaration of Robert Herrington, all pleadings and papers on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

## STATEMENT OF LOCAL RULE 7-3 COMPLIANCE

This motion is made following efforts to meet and confer under Local Rule 7-3. After notifying Mattel of its intent to file this Motion to Quash, MGA's counsel exchanged telephone voice messages with counsel for Mattel on June 30, 2008. Mattel has since filed a motion that appears to seek to compel production of the tangible items sought in the subpoena. MGA therefore believes that Mattel opposes this Motion.

DATED: July 31, 2008            SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Robert J. Herrington
   Robert J. Herrington

   Attorneys for MGA Entertainment, Inc.
   MGA Entertainment (HK) Limited,
   MGAE de Mexico, S.R.L. DE C.V., and
   Isaac Larian

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Undeterred by the Court's scheduling order, Mattel continues to seek fact discovery six months after the discovery cutoff and two months after the start of trial. Mattel has served Subpoenas on MGA and non-party Multitoy during trial (on July 24 and 29, 2008 respectively), which seek the production of tangible items from several lawsuits, most of which are taking place halfway around the world. These Subpoenas should be quashed for at least three independent reasons:

**First**, Mattel's Subpoenas are an improper attempt to circumvent the Discovery Master's Order on this issue. Mattel already moved to compel the production of the same items it seeks through its Subpoenas. The Discovery Master denied Mattel's motion to compel. Although Mattel appealed portions of the Discovery Master's ruling, it did not appeal the portions of the order denying Mattel's request for the production of the same items it seeks in the Subpoenas. Having failed to appeal, Mattel is barred from seeking these items under the guise of a trial subpoena.

**Second**, Mattel's Subpoenas violate the Court's Scheduling Order, which set January 28, 2008 as the discovery cutoff for Phase 1. See F.T.C. v. Netscape Commc'ns Corp., 196 F.R.D. 559, 561 (N.D. Cal. 2000) ("[P]arties cannot circumvent discovery deadlines by attempting to obtain with a trial subpoena documents and testimony that they should have secured with a discovery subpoena."). Mattel served these Subpoenas six months after the close of fact discovery, and the Subpoenas seek tangible items that should have been secured, if at all, during discovery. Because Mattel's Subpoenas violate the Court's Scheduling Order, they should be quashed.

**Third**, Mattel's Subpoenas should be quashed because they impose an undue burden. In the midst of the Phase 1b trial, Mattel seeks to compel MGA and a non-party to obtain multiple tangible items in foreign jurisdictions and then deliver those

items to Court in the United States in as few as ten business days. The Discovery Master already has held that these types of requests are unduly burdensome, and that burden is only more acute now that the parties are in the midst of trial. Indeed, MGA has been advised that there are Undertakings in place that prohibit MGA from removing these items from Hong Kong. Amending those Undertakings will take weeks or more, thus making it impossible, as a practical matter, to comply. Mattel's Subpoenas should be quashed on this ground as well.

## II. FACTUAL BACKGROUND

### A. The Discovery Master Already Has Ruled That Mattel is Not Entitled to the Discovery Sought in its Subpoenas.

On October 24, 2007, Mattel propounded its Third Set of Requests for Documents and Things to MGA Entertainment, Inc. (the "Third Set of Requests"), which included 88 separate requests for production. [Declaration of Robert Herrington ("Herrington Decl.") ¶ 2, Exh. 1 (Third Set of RFP to MGA)] These requests sought thirty categories of documents and tangible items relating to the "BRATZ LAWSUITS," which were defined by Mattel as various actions pursued by MGA, including actions in Hong Kong. [*Id.*] In particular, Mattel sought the production of:

1.  A sample of each doll, product or other matter that, whether in whole or in part, [MGA has] alleged or contended INFRINGES BRATZ in any THIRD PARTY LAWSUIT, including without limitation in the BRATZ LAWSUITS.

2.  To the extent not produced in Response to Request No. 1, a sample of each doll, product or other matter that, whether in whole or in part, [MGA has] alleged .or contended, including in any cease and desist letter, INFRINGES BRATZ.

3.  All photographs, digital scans or other depictions of each and every doll, product or other matter that, whether in whole or in part,

[MGA has] alleged or contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including without limitation in the BRATZ LAWSUITS.

4. To the extent not produced in Response to Request No. 3, all photographs, digital scans or other depictions of each doll, product or other matter that, whether in whole or in part, [MGA has] ever alleged or contended, including in any cease and desist letter, INFRINGES BRATZ.

[*Id.*]

MGA served Objections and Responses to Mattel, Inc.'s Third Set of Requests, on November 26, 2007. [Herrington Decl. ¶ 3, Exh. 2 (Objections to Third Set of RFP to MGA)] After a meet and confer process, MGA agreed to produce certain documents in response to the Third Set of Requests. On January 9, 2008, MGA served its Objections and Supplemental Responses to Mattel, Inc.'s Third Set of Requests. [Herrington Decl. ¶ 4, Exh. 3 (Supplemental Objections to Third Set of RFP to MGA)] On January 28, 2008, the day of the fact discovery cutoff, Mattel filed its Motion to Compel Production of Documents and Things by MGA Entertainment, Inc. On February 7, 2008, MGA submitted its opposition; on February 14, 2008, Mattel submitted its reply; and the Discovery Master heard the motion on April 11, 2008.

On April 14, 2008, the Discovery Master categorically rejected Mattel's Requests Nos. 1-30. [Herrington Decl. ¶ 5, Exh. 4 (4/14/08 Discovery Master Order)] The Discovery Master held that the requests were "grossly overbroad and unduly burdensome." [*Id.* at 2] The Discovery Master further explained that "the burden and expense" of responding to these requests outweighed the likely benefit from discovery. [*Id.* at 3]

Two weeks later, Mattel filed its Notice of Motion and Motion Objecting to Portions of Discovery Master's April 14, 2008 Order. [Herrington Decl. ¶ 6, Exh. 5

(4/28/2008 Motion appealing Discovery Master's Ruling)] Significantly, Mattel ***did not appeal*** the Discovery Master's order with respect to the tangible items it now seeks in the Subpoenas. [*Id.* at 5] Rather, Mattel sought an order overruling the Discovery Master's denial of Mattel's motion to compel concerning "four specific requests only" – requests not at issue here.[1] [*Id.*]

Six months after the fact discovery cutoff, Mattel served MGA and MGA HK with subpoenas on July 24 and 25, 2008, demanding the production of "[d]olls, tangible items and photographs of the dolls and tangible items on which MGA sued" in seven lawsuits and one allegedly prospective litigation. [Herrington Decl. ¶ 7, Exhs. 6-7 (Subpoenas to MGA and HK)] All but one of the lawsuits listed in the subpoena were included in the definition of "BRATZ LAWSUITS" in the Third Set of Requests.[2] [*Id.*] These lawsuits are (or were) venued in Hong Kong.[3] [Herrington Decl. ¶ 8, Exh. 1]

**B.   Mattel Waited Until Six Months After the Close of Fact Discovery to Serve a Subpoena on Non-Party Multitoy.**

On July 29, 2008, Mattel served a subpoena on the company Multitoy, a non party, demanding the production of documents and tangible items apparently related to litigation with MGA. [Herrington Decl. ¶ 10, Exh. 9 (Subpoena to Multitoy)]

---

[1] Mattel sought relief with respect to Requests Nos. 6, 15, 23, and 25. [Herrington Decl. ¶ 6, Exh. 5 (4/28/2008 Motion appealing Discovery Master's Ruling)] On May 12, 2008, the Court overruled the Discovery Master with respect to Requests Nos. 15 and 23. [Herrington Decl. ¶ 9, Exh. 8 at 5. (5/12/08 Larson Order)] Requests 15 and 23 call for the production of pleadings served by MGA and judgments entered in these cases.

[2] The lawsuits listed in the subpoenas include: MGA v. Cityworld, MGA v. Double Grand, MGA v. Hunglam, MGA v. Union Top, MGA v. Multitoy, MGA v. Wai Man and MGA v. Uni-Fortune.

[3] MGA is investigating the existence of the tangible items sought by the Subpoenas, including the availability to bring the items, if required to, to the United States, which may be hampered by Undertakings (amounting to counsel promising to maintain custody of an item) filed with the Hong Kong courts. In order to abide by their terms, Hong Kong counsel would need to seek to amend such Undertakings – a process that could take several weeks.

1  Significantly, Mattel did not seek third-party discovery of Multitoy before the
2  January 28, 2008 fact discovery cutoff.

### III. ARGUMENT

#### A. Mattel's Subpoenas Are An Improper End-Run on the Discovery Master's Orders.

Mattel's subpoenas seek to circumvent the Discovery Master's April 14 Order. [Herrington Decl. ¶ 5, Exh. 4 (4/14/2008 Infante order)] Mattel cannot use a trial subpoena to circumvent the normal methods of discovery. See Burns v. Bank of Am., 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) ("On the other hand, subpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34."). In its Third Set of Requests, Mattel sought a "sample of each doll" as well as "[a]ll photographs, digital scans or other depictions of each and every doll, product or other matter" that MGA has "alleged or contended" infringes on Bratz. [Herrington Decl. ¶ 2, Exh. 1 at 10-11 (Mattel's Third Set of Requests for Production). The Discovery Master denied these Requests, and Mattel did not appeal the Discovery Master's rulings on those requests. [Herrington Decl. ¶ 5, Exhs. 4 & 5 (4/14/2008 Infante order) and (4/28/2008 Motion appealing Discovery Master's Ruling)] Now, in its Subpoenas, Mattel seeks photographs, dolls, tangible items, and drawings related to the same dolls involved in those same lawsuits. [Herrington Decl. ¶ 7, Exhs. 6-7 (Subpoenas to MGA and HK)] Having already served discovery requests, moved to compel, lost that motion, and failed to appeal, Mattel cannot now seek the same items under the guise of a trial subpoena. The Motion to Quash should be granted.

#### B. Mattel's Subpoenas Constitute Untimely Fact Discovery and Violate the Court's Scheduling Order.

Mattel's Subpoenas to MGA and Multitoy also should be quashed because they violate the Court's order regarding the cutoff for Phase 1 fact discovery, which was January 28, 2008. Whether proceeding under Rule 34 or Rule 45, Mattel was

required to have served these requests over six months ago, before the fact discovery cutoff. Mattel cannot obtain through a belated trial subpoena that which it could have obtained during discovery. See nSight, Inc. v. PeopleSoft, Inc., No. 3:04 CV 3836 MMC (MEJ), 2006 WL 988807, at *3 (N.D. Cal. Apr. 13, 2006); see also F.T.C. v. Netscape Commc'ns Corp., 196 F.R.D. 559, 561 (N.D. Cal. 2000) ("[P]arties cannot circumvent discovery deadlines by attempting to obtain with a trial subpoena documents and testimony that they should have secured with a discovery subpoena."); Integra Lifesciences I, Ltd. v. Merck KGaA, 190 F.R.D. 556, 561 (S.D. Cal. 1999) ("[S]ubpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case.").

Mattel's Subpoenas are nothing more than belated requests for production. The Subpoenas seek the same tangible items Mattel tried to obtain during discovery. The Discovery Master denied Mattel's request for that discovery, and Mattel cannot use belated trial subpoenas to seek a "redo" of discovery. As the Court made clear, "[a]ny phase 1 discovery not properly served on or before th[e discovery] deadline may not now be pursued." [Herrington Decl. ¶ 11, Exh. 10 at 2. Order dated Feb 4, 2008 [Docket No. 1931]]; see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." (internal quotation omitted), (citation omitted)). Mattel's Subpoenas were not served before the discovery deadline and may not now be pursued. MGA's Motion to Quash should be granted.

C.  **Mattel's Subpoenas Are Unduly Burdensome.**

Mattel's Subpoenas should be quashed on the ground that they impose an undue burden. See Fed. R. Civ. Proc. 45(3)(A)(i) & (iv). Mattel seeks the production of tangible items, most of which are located in foreign jurisdictions – all in less than ten business days. The Discovery Master already ruled in the context of Mattel's Third Set of Requests that these types of requests are overbroad,

burdensome, and that the burden and expense of responding outweighs any benefit. [Herrington Decl. ¶ 5, Exh. 4 (4/14/08 Discovery Master Order)] Mattel failed to appeal that ruling and has offered no justification for seeking to impose the same burden on MGA now that the parties are in the midst of trial. If anything, these requests are even more burdensome now that MGA Parties are focused on the trial.

The burden on MGA is further aggravated because complying with the Subpoenas could violate of Undertakings filed with the Hong Kong Courts (*i.e.*, promises by MGA's counsel to maintain custody of tangible items). After receiving the Subpoenas, MGA investigated whether there are Undertakings that would affect MGA's ability to comply with the Subpoenas. MGA has been advised that there are Undertakings in place that prohibit bringing these tangible items to the United States. MGA also has been advised that seeking to amend the Undertakings to allow the items to be shipped to the United States will take several weeks or more. [Herrington Decl. ¶ 12] In other words, there is no way MGA can produce these items in the United States before the trial concludes. Thus, not only are the Subpoenas unduly burdensome, Mattel, through its delay, has created a situation where it is impossible for MGA to comply. Mattel has no justification for seeking to impose this type of burden on MGA, and the Subpoenas should be quashed on this ground as well.

## IV.  CONCLUSION

For all the foregoing reasons, the subpoenas to MGA, MGA HK and Multitoy should be quashed.

DATED: July 31, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Robert J. Herrington
Robert J. Herrington

Attorneys for The MGA Parties