# EXHIBIT 1

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
   johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
   (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
   (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>        Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. |

Exhibit  1 ,
P. 3

J7209/2261215.1

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

Pursuant to <u>Rule</u> 34 of the Federal Rules of Civil Procedure, Mattel, Inc. hereby requests that MGA Entertainment, Inc. respond to these document requests ("Requests") and make available for inspection and copying originals of the following documents within 30 days of service at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor, Los Angeles, CA 90017.  MGA Entertainment, Inc. shall be obligated to supplement responses to these requests at such times and to the extent required by <u>Rule</u> 26(e) of the Federal Rules of Civil Procedure.

## I.    **DEFINITIONS**

For purposes of these Requests, the following definitions apply:

A.    "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc. and all of its current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

B.    "MATTEL" means Mattel, Inc. and all of its current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

C.    "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

Exhibit  1 ,

P.  4

1        D.    "PERSON" or "PERSONS" means all natural persons,

2 partnerships, corporations, joint ventures and any kind of business, legal or public

3 entity or organization, as well as its, his or her agents, representatives, employees,

4 officers and directors and any one else acting on its, his or her behalf, pursuant to

5 its, his or her authority or subject to its, his or her control.

6        E.    "BRATZ" means any project, product, doll or DESIGN ever

7 known by that name (whether in whole or in part and regardless of what such

8 project, product or doll is or has been also, previously or subsequently called) and

9 any product, doll or DESIGN or any portion thereof that is now or has ever been

10 known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

11 in part and regardless of what such product, doll or DESIGN or portion thereof is or

12 has been also, previously or subsequently called) or that is now or has ever been

13 sold or marketed as part of the "Bratz" line, and each version or iteration of such

14 product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

15 DESIGNS or any portion thereof" also includes without limitation any names,

16 fashions, accessories, artwork, packaging or any other works, materials, matters or

17 items included or associated therewith.  Without limiting the generality of the

18 foregoing, the term "BRATZ" does not and shall not require that there be a doll,

19 product or three-dimensional embodiment existing at the time of the event, incident

20 or occurrence that is the subject of, or otherwise relevant or responsive to, the

21 Requests herein.

22        F.    "SCOOTER SAMANTHA" means any project, product, doll or

23 DESIGN ever known by that name (whether in whole or in part and regardless of

24 what such project, product or doll is or has been also, previously or subsequently

25 called) and any product, doll or DESIGN or any portion thereof that is now or has

26 ever been known as, or sold or marketed under, the name or term "Scooter

27 Samantha" (whether in whole or in part and regardless of what such product, doll or

28 DESIGN or portion thereof is or has been also, previously or subsequently called) or

1  that is now or has ever been sold or marketed as part of the "Scooter Samantha"

2  line, and each version or iteration of such product, doll or DESIGN or any portion

3  thereof.  As used herein, "product, doll or DESIGNS or any portion thereof" also

4  includes without limitation any names, fashions, accessories, artwork, packaging or

5  any other works, materials, matters or items included or associated therewith.

6  Without limiting the generality of the foregoing, the term "SCOOTER

7  SAMANTHA" does not and shall not require that there be a doll, product or three-

8  dimensional embodiment existing at the time of the event, incident or occurrence

9  that is the subject of, or otherwise relevant or responsive to, the Requests herein.

10         G.    "SPACE BABES" means the project, product, doll or DESIGN

11  referenced in MGA 2144569 or that has ever known by that name (whether in whole

12  or in part and regardless of what such project, product or doll is or has been also,

13  previously or subsequently called) and any product, doll or DESIGN or any portion

14  thereof that is now or has ever been known as, or sold or marketed under, the name

15  or term "Space Babes" (whether in whole or in part and regardless of what such

16  product, doll or DESIGN or portion thereof is or has been also, previously or

17  subsequently called) or that is now or has ever been sold or marketed as part of the

18  "Scooter Samantha" line, and each version or iteration of such product, doll or

19  DESIGN or any portion thereof.  As used herein, "product, doll or DESIGNS or any

20  portion thereof" also includes without limitation any names, fashions, accessories,

21  artwork, packaging or any other works, materials, matters or items included or

22  associated therewith.  Without limiting the generality of the foregoing, the term

23  "SPACE BABES" does not and shall not require that there be a doll, product or

24  three-dimensional embodiment existing at the time of the event, incident or

25  occurrence that is the subject of, or otherwise relevant or responsive to, the Requests

26  herein.

27         H.    "SCOOTER SHANNEN" means any project, product, doll or

28  DESIGN ever known by that name (whether in whole or in part and regardless of

172092261215.1

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

Exhibit ___1___,

P. ___6___

1   what such project, product or doll is or has been also, previously or subsequently

2   called) and any product, doll or DESIGN or any portion thereof that is now or has

3   ever been known as, or sold or marketed under, the name or term "Scooter Shannen"

4   (whether in whole or in part and regardless of what such product, doll or DESIGN

5   or portion thereof is or has been also, previously or subsequently called) or that is

6   now or has ever been sold or marketed as part of the "Scooter Shannen" line, and

7   each version or iteration of such product, doll or DESIGN or any portion thereof.

8   As used herein, "product, doll or DESIGNS or any portion thereof" also includes

9   without limitation any names, fashions, accessories, artwork, packaging or any other

10  works, materials, matters or items included or associated therewith.  Without

11  limiting the generality of the foregoing, the term "SCOOTER SHANNEN" does not

12  and shall not require that there be a doll, product or three-dimensional embodiment

13  existing at the time of the event, incident or occurrence that is the subject of, or

14  otherwise relevant or responsive to, the Requests herein.

15      I.    "DESIGN" or "DESIGNS" means any and all representations,

16  whether two-dimensional or three-dimensional, and whether in tangible, digital,

17  electronic or other form, including but not limited to all works, designs, artwork,

18  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

19  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

20  practice, developments, inventions and/or improvements, as well as all other items,

21  things and DOCUMENTS in which any of the foregoing are or have been

22  expressed, embodied, contained, fixed or reflected in any manner, whether in whole

23  or in part.

24      J.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

25  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

26  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

27  limited to, all writings and records of every type and description including, but not

28  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

07209/2261215.1

-5-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

Exhibit ___1___,
P. ___7___

1   electronic mail ("e-mail"), records of telephone conversations, handwritten and

2   typewritten notes of any kind, statements, reports, minutes, recordings, transcripts

3   and summaries of meetings, voice recordings, pictures, photographs, drawings,

4   computer cards, tapes, discs, printouts and records of all types, studies, instruction

5   manuals, policy manuals and statements, books, pamphlets, invoices, canceled

6   checks and every other device or medium by which or through which information of

7   any type is transmitted, recorded or preserved.  Without any limitation on the

8   foregoing, the term "DOCUMENT" shall include all copies that differ in any respect

9   from the original or other versions of the DOCUMENT, including, but not limited

10  to, all drafts and all copies of such drafts or originals containing initials, comments,

11  notations, insertions, corrections, marginal notes, amendments or any other variation

12  of any kind.

13          K.      "THIRD-PARTY LAWSUIT" or "THIRD-PARTY

14  LAWSUITS" means any legal proceeding of any kind, including without limitation

15  any suit, lawsuit, action, arbitration or customs proceeding, other than this ACTION.

16          L.      "BRATZ LAWSUITS" means any legal proceeding of any kind,

17  including without limitation any suit, lawsuit, action, arbitration or customs

18  proceeding, other than this ACTION that REFERS OR RELATES to BRATZ,

19  including without limitation each of the following legal actions and each of their

20  associated proceedings and appeals:

21          *MGA Entertainment Inc. v. Wai Man International (H.K.) Limited*

22          *MGA Entertainment inc. v. Sunny Toys Industrial Company Limited*

23          *MGA Entertainment Inc. and Elliot Rudell trading as Rudell Design v.*

24  *Wealth Ocean Industrial Limited*

25          *MGA Entertainment Inc. v. Registrar of Companies & Yokon*

26  *International Limited & Wong Tat*

27          *MGA Entertainment Inc. and MGA Entertainment (H.K.) Limited v.*

28  *Double Grand Corporation Limited*

Exhibit __1__,
P. __8__

Y7209/2261215.1

-6-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1        *MGA Entertainment Inc. v. Hunglam Toys Company Limited*

2        *MGA Entertainment Inc. v. Union Top (HK) Company Limited*

3        *MGA Entertainment Inc. v. Uni-Fortune Toys Industrial Limited & Fu*

4    *Wei Toys Company Limited*

5        *MGA Entertainment Inc. v. Linwell Industries Limited*

6        *MGA Entertainment Inc. v. Yokon International Limited; Golden City*

7    *Toys Company Limited; Wong Tat*

8        *MGA Entertainment Inc. v. Fu Li Sheng Craft Toy Company Limited*

9    *and Xie Jun Yu trading as Tracy Industrial (H.K.) Company*

10       *Kin Yat Industrial Company Limited v. MGA Entertainment (H.K.)*

11   *Limited*

12       *ABC International Traders doing business as MGA Entertainment v.*

13   *Toys & Trends (Hong Kong) Limited; Cityworld Limited; Jurg Willi Kesselring*

14       *Golden Bright Manufacturer Limited v. MGA Entertainment (HK)*

15   *Limited*

16       *MGA Entertainment (HK) Limited v. Leaves Industries Limited*

17       *Queentex Company Limited v. MGA Entertainment (HK) Limited*

18       *MGA Entertainment (HK) Limited v. Queentex Company Limited*

19       *ABC International Traders doing business as MGA Entertainment v.*

20   *Qualiman Industrial Company Ltd.*

21       *Golden Bright Manufacturer Limited v. Sunlight Electronic Toys*

22       *Larian v. Larian*

23       *MGA Entertainment v. Ubisoft Entertainment S.A.*

24       *MGA Entertainment v. Fun-4-All*

25       *McDonald's Corporation v. MGA Entertainment, Inc. f/k/a ABC*

26   *International Traders*

27       *Karen Dudnikov, Michael Meadors v. MGA Entertainment, Inc.*

28       *Art Attacks Ink, LLC v. MGA Entertainment, Inc.*

-7-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

Exhibit ___1___,
P. ___9___

1    M.    "INFRINGE" or "INFRINGES" means infringe, dilute, be

2    substantially or confusingly similar to, or otherwise violate any rights in, whether

3    statutory, common law, contractual or otherwise.

4    N.    "REFER OR RELATE TO" means constituting, embodying,

5    containing, referring to, commenting on, evidencing, regarding, discussing,

6    describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting,

7    contradicting, negating, revoking or otherwise relating to in any manner.

8    O.    "IDENTIFY" or "IDENTITY" means the following:

9        (i)    with reference to an individual or individuals, means to

10   state, fully and separately as to each, such individual's full name, any known

11   business title, current or last known business affiliation, current or last known

12   residential address, current or last known business address, current or last known

13   relationship to MGA Entertainment, Inc., and current or last known telephone

14   number.

15       (ii)    with reference to an entity or entities, means to state, fully

16   and separately as to each, such entity's full name, state (or country) of incorporation

17   or organization, present or last known address, and present or last known telephone

18   number.

19   P.    "Any" as used in these Requests includes the word "all," and the

20   word "all" as used in these Requests includes the word "any."

21   Q.    The singular form of a noun or pronoun includes within its

22   meaning the plural form of the noun or pronoun so used, and vice versa; the use of

23   the masculine form of a pronoun also includes within its meaning the feminine form

24   of the pronoun so used, and vice versa; the use of any tense of any verb includes

25   also within its meaning all other tenses of the verb so used, whenever such

26   construction results in a broader request for information; and "and" includes "or"

27   and vice versa, whenever such construction results in a broader disclosure of

28   documents or information.    Exhibit  1  ,
                                   P.  10

17209/2261215.1

-8-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

## II.   **INSTRUCTIONS**

A.   YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

B.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or protection that YOU are not prepared to waive, identify each such DOCUMENT and provide the following information:

    1.   the date and type of the DOCUMENT, the author(s) and all recipients;

    2.   the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

    3.   the title and subject matter of the DOCUMENT;

    4.   any additional facts on which YOU base YOUR claim of privilege or protection; and

    5.   the identity of the current custodian of the original of the DOCUMENT.

C.   DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.   The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that have or had attachments, the attachments shall be attached when produced.

E.   DOCUMENTS in electronic form shall be produced in that form.

-9-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

Exhibit __1__,
P. __11__

F.   In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

    1.   the date and type of the DOCUMENT, the author(s) and all recipients;

    2.   the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

    3.   the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

    4.   the PERSONS who were authorized to carry out such destruction or discard;

    5.   the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

    6.   whether any copies of the document exist and, if so, the name of the custodian of each copy.

## III.   REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:**

    A sample of each doll, product or other matter that, whether in whole or in part, YOU have alleged or contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including without limitation in the BRATZ LAWSUITS.

**REQUEST FOR PRODUCTION NO. 2:**

    To the extent not produced in Response to Request No. 1, a sample of each doll, product or other matter that, whether in whole or in part, YOU have alleged or contended, including in any cease and desist letter, INFRINGES BRATZ.

Exhibit __1__,
P. __12__

-10-
DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1  REQUEST FOR PRODUCTION NO. 3:

2         All photographs, digital scans or other depictions of each and every

3  doll, product or other matter that, whether in whole or in part, YOU have alleged or

4  contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including

5  without limitation in the BRATZ LAWSUITS.

6

7  REQUEST FOR PRODUCTION NO. 4:

8         To the extent not produced in Response to Request No. 3, all

9  photographs, digital scans or other depictions of each doll, product or other matter

10  that, whether in whole or in part, YOU have ever alleged or contended, including in

11  any cease and desist letter, INFRINGES BRATZ.

12

13  REQUEST FOR PRODUCTION NO. 5:

14         DOCUMENTS sufficient to identify each doll, product or other matter

15  sold, offered for sale, manufactured, distributed, promoted or advertised by any

16  PERSON other than MATTEL that YOU have alleged or contended, whether in

17  whole or in part, INFRINGES BRATZ.

18

19  REQUEST FOR PRODUCTION NO. 6:

20         All DOCUMENTS that REFER OR RELATE TO any claim or

21  contention by YOU (other than in this ACTION) that any doll, product or other

22  matter, whether in whole or in part, that has been sold, offered for sale,

23  manufactured, distributed, promoted or advertised by any PERSON INFRINGES

24  BRATZ.

25

26  REQUEST FOR PRODUCTION NO. 7:

27         All COMMUNICATIONS, including without limitation cease and

28  desist letters, between YOU and any other PERSON that REFER OR RELATE TO

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

07209/2261215.1

Exhibit __1__,
P. _13_

1   any claim or contention by YOU that any doll or product, whether in whole or in

2   part, sold, offered for sale, manufactured, distributed, promoted or advertised by

3   such PERSON INFRINGES BRATZ.

4

5   REQUEST FOR PRODUCTION NO. 8:

6          All complaints, statements of claim, counterclaims and answers in the

7   BRATZ LAWSUITS, including without limitation all amendments thereto.

8

9   REQUEST FOR PRODUCTION NO. 9:

10          All witness lists and other disclosures of witness names or identities in

11   the BRATZ LAWSUITS, including without limitation all amendments thereto.

12

13   REQUEST FOR PRODUCTION NO. 10:

14          All interrogatory responses by YOU or made on YOUR behalf in the

15   BRATZ LAWSUITS, including without limitation all amendments thereto.

16

17   REQUEST FOR PRODUCTION NO. 11:

18          All transcripts of proceedings, including all trial and hearing

19   transcripts, in the BRATZ LAWSUITS, including without limitation all

20   amendments thereto.

21

22   REQUEST FOR PRODUCTION NO. 12:

23          All transcripts of depositions given by or on behalf of YOU in the

24   BRATZ LAWSUITS, including without limitation all amendments thereto.

25

26   REQUEST FOR PRODUCTION NO. 13:

27          All pleadings and other DOCUMENTS filed, submitted or served by

28   YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

Exhibit 1 ,
P. 14

**REQUEST FOR PRODUCTION NO. 14:**

All pleadings and other DOCUMENTS filed, submitted or served by YOU in the BRATZ LAWSUITS that compare BRATZ to any other doll or product, whether in whole or in part.

**REQUEST FOR PRODUCTION NO. 15:**

All pleadings and other DOCUMENTS filed, submitted or served by YOU in the BRATZ LAWSUITS that claim, allege or assert that the appearance or features of any doll or other product, whether in whole or in part, INFRINGES BRATZ.

**REQUEST FOR PRODUCTION NO. 16:**

All demonstrative exhibits filed, submitted, introduced, displayed or used by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

**REQUEST FOR PRODUCTION NO. 17:**

All expert reports and expert disclosures filed, submitted or served by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

**REQUEST FOR PRODUCTION NO. 18:**

All subpoenas served in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS produced pursuant to any subpoena in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

Exhibit __1__,
P. __15__

-13-
DOCUMENT REQUESTS TO MGA ENTERTAINMENT

Y7209/2261215.1

REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS produced or made available for inspection by YOU in the BRATZ LAWSUITS.

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS produced or made available for inspection by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

REQUEST FOR PRODUCTION NO. 22:

All DOCUMENTS produced or made available for inspection by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO MGA, including without limitation the finances or financial condition of MGA.

REQUEST FOR PRODUCTION NO. 23:

All Court orders, decisions and judgments in the BRATZ LAWSUITS.

REQUEST FOR PRODUCTION NO. 24:

All Court orders, decisions and judgments in any THIRD-PARTY LAWSUIT in which YOU have claimed, alleged or stated, in words or substance, that any doll or product sold, offered for sale, manufactured, distributed, promoted or advertised by any PERSON infringes, dilutes or is confusingly similar to BRATZ.

REQUEST FOR PRODUCTION NO. 25:

To the extent not produced in response to any other Request for Production, all DOCUMENTS in which YOU have claimed, alleged or stated, in words or substance, that any doll, product or other matter sold, offered for sale,

Exhibit 1,
P. 16

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1   manufactured, distributed, promoted or advertised by any PERSON infringes,

2   dilutes or is confusingly similar to BRATZ.

3

4   <u>REQUEST FOR PRODUCTION NO. 26:</u>

5          To the extent not produced in response to any other Request for

6   Production, all DOCUMENTS, including without limitation pleadings, in which

7   YOU have referenced or described YOUR alleged trade dress rights or potential

8   trade dress in BRATZ.

9

10  <u>REQUEST FOR PRODUCTION NO. 27:</u>

11         To the extent not produced in response to any other Request for

12  Production, all DOCUMENTS, including without limitation pleadings, in which

13  YOU have referenced or described YOUR alleged copyright rights or potential

14  copyright rights in BRATZ.

15

16  <u>REQUEST FOR PRODUCTION NO. 28:</u>

17         To the extent not produced in response to any other Request for

18  Production, all DOCUMENTS, including without limitation pleadings, in which

19  YOU have referenced or described YOUR alleged patent rights or potential patent

20  rights in BRATZ.

21

22  <u>REQUEST FOR PRODUCTION NO. 29:</u>

23         All DOCUMENTS that REFER OR RELATE TO any agreements

24  settling, resolving, compromising or otherwise disposing of the BRATZ

25  LAWSUITS.

26

27

28                        Exhibit  1  ,
                          P.  17

07209/2261215.1

-15-

1  REQUEST FOR PRODUCTION NO. 30:

2         All DOCUMENTS that REFER OR RELATE TO any agreements

3  settling, resolving, compromising or otherwise disposing of any legal proceedings in

4  which YOU have claimed that any product sold, offered for sale, manufactured,

5  distributed, promoted or advertised by such PERSON infringes, dilutes or is

6  confusingly similar to BRATZ.

7

8  REQUEST FOR PRODUCTION NO. 31:

9         All DOCUMENTS that REFER OR RELATE to any use or

10  considered, proposed or potential use, of the term "Jade" in connection with any

11  MGA doll, product or other matter, including without limitation all trademark

12  search report for "Jade."

13

14  REQUEST FOR PRODUCTION NO. 32:

15         All DOCUMENTS that REFER OR RELATE to when and the

16  circumstances under which Sandra Bilotto first came to YOUR attention.

17

18  REQUEST FOR PRODUCTION NO. 33:

19         All DOCUMENTS that REFER OR RELATE to when and the

20  circumstances under which YOU first hired or engaged for any reason Sandra

21  Bilotto.

22

23  REQUEST FOR PRODUCTION NO. 34:

24         All DOCUMENTS that REFER OR RELATE to the work or services

25  that Sandra Bilotto provided to YOU in connection with her first engagement by

26  YOU, including without limitation all invoices relating thereto.

27

28

Exhibit __,
P. __

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1  REQUEST FOR PRODUCTION NO. 35:

2          All DOCUMENTS that REFER OR RELATE to work or services

3  provided by Sandra Bilotto to YOU prior to January 1, 2001.

4

5  REQUEST FOR PRODUCTION NO. 36:

6          All DOCUMENTS that REFER OR RELATE to work or services

7  provided by Sandra Bilotto to MATTEL prior to January 1, 2001.

8

9  REQUEST FOR PRODUCTION NO. 37:

10         All tangible items, including without limitation all head sculpts,

11 prototypes and models, provided by Sandra Bilotto to YOU prior to January 1, 2001.

12

13 REQUEST FOR PRODUCTION NO. 38:

14         All DOCUMENTS that REFER OR RELATE to YOUR knowledge of

15 the work or services provided by Sandra Bilotto to MATTEL prior to January 1,

16 2001, regardless of when such knowledge was acquired.

17

18 REQUEST FOR PRODUCTION NO. 39:

19         All DOCUMENTS that REFER OR RELATE to payments made by

20 YOU to Sandra Bilotto prior to January 1, 2001.

21

22 REQUEST FOR PRODUCTION NO. 40:

23         All DOCUMENTS that REFER OR RELATE to payments made by

24 YOU to Sandra Bilotto after January 1, 2001.

25

26

27                      Exhibit  1  ,

28                      P. 19

J7209/2261215.1

-17-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1 | REQUEST FOR PRODUCTION NO. 41:

2          All COMMUNICATIONS between Isaac Larian and Sandra Bilotto,

3 | including without limitation all such COMMUNICATIONS that REFER OR

4 | RELATE TO MATTEL, any MATTEL doll or product, BRYANT or BRATZ.

5

6 | REQUEST FOR PRODUCTION NO. 42:

7          All COMMUNICATIONS between Isaac Larian and Paula Garcia,

8 | including without limitation all such COMMUNICATIONS that REFER OR

9 | RELATE TO MATTEL, any MATTEL doll or product, BRYANT or BRATZ.

10

11 | REQUEST FOR PRODUCTION NO. 43:

12          All DOCUMENTS that REFER OR RELATE TO when and under

13 | what circumstances SCOOTER SAMANTHA was first conceived of, including

14 | without limitation all such DOCUMENTS that identify the PERSON who conceived

15 | of SCOOTER SAMANTHA.

16

17 | REQUEST FOR PRODUCTION NO. 44:

18          All DOCUMENTS that REFER OR RELATE TO the conception,

19 | creation, design, development, sculpting, tooling, production and manufacture of

20 | SCOOTER SAMANTHA.

21

22 | REQUEST FOR PRODUCTION NO. 45:

23          A sample of each doll or other product that, whether in whole or in

24 | part, has been sold as or under the name SCOOTER SAMANTHA or as part of the

25 | SCOOTER SAMANTHA line.

26

27                      Exhibit 1

28                      P. 20

1  REQUEST FOR PRODUCTION NO. 46:

2      All prototypes, models, samples and tangible items that REFER OR

3  RELATE TO SCOOTER SAMANTHA.

4

5  REQUEST FOR PRODUCTION NO. 47:

6      All prototypes, models, samples and tangible items that REFER OR

7  RELATE TO SCOOTER SHANNEN.

8

9  REQUEST FOR PRODUCTION NO. 48:

10     All DOCUMENTS that REFER OR RELATE TO SCOOTER

11  SAMANTHA as it was first presented to YOU.

12

13  REQUEST FOR PRODUCTION NO. 49:

14     All DOCUMENTS that REFER OR RELATE TO SCOOTER

15  SAMANTHA prior to January 1, 2002.

16

17  REQUEST FOR PRODUCTION NO. 50:

18     All DOCUMENTS that REFER OR RELATE TO SCOOTER

19  SHANNEN and REFER OR RELATE TO the time period prior to January 1, 2002

20  (regardless of when such DOCUMENT was created, drafted, generated, sent,

21  received or transmitted).

22

23  REQUEST FOR PRODUCTION NO. 51:

24     All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work

25  in connection with or role in SCOOTER SAMANTHA.

26

27                    Exhibit 1

28                    P. 21

                    DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1  REQUEST FOR PRODUCTION NO. 52:

2      All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work

3  in connection with or role in SCOOTER SAMANTHA.

4

5  REQUEST FOR PRODUCTION NO. 53:

6      DOCUMENTS sufficient to show the first manufacture date of each

7  and every SCOOTER SAMANTHA product.

8

9  REQUEST FOR PRODUCTION NO. 54:

10      DOCUMENTS sufficient to show the first ship date of each and every

11  SCOOTER SAMANTHA product.

12

13  REQUEST FOR PRODUCTION NO. 55:

14      DOCUMENTS sufficient to show YOUR revenues from SCOOTER

15  SAMANTHA.

16

17  REQUEST FOR PRODUCTION NO. 56:

18      All DOCUMENTS that REFER OR RELATE TO when and under

19  what circumstances SPACE BABES was first conceived of, including without

20  limitation all such DOCUMENTS that identify the PERSON who conceived of

21  SPACE BABES.

22

23  REQUEST FOR PRODUCTION NO. 57:

24      All DOCUMENTS that REFER OR RELATE TO the conception,

25  creation, design, development, sculpting, tooling, production and manufacture of

26  SPACE BABES.

27

28

Exhibit 1,
P. 22

-20-

)7209/2261215.1

1  REQUEST FOR PRODUCTION NO. 58:

2        A sample of each doll or other product that, whether in whole or in

3  part, has been sold as or under the name SPACE BABES or as part of the SPACE

4  BABES line.

5

6  REQUEST FOR PRODUCTION NO. 59:

7        All prototypes, models, samples and tangible items that REFER OR

8  RELATE TO SPACE BABES.

9

10 REQUEST FOR PRODUCTION NO. 60:

11       All DOCUMENTS that REFER OR RELATE TO SPACE BABES as

12 it was first presented to YOU.

13

14 REQUEST FOR PRODUCTION NO. 61:

15       All DOCUMENTS that REFER OR RELATE TO SPACE BABES

16 prior to January 1, 2005.

17

18 REQUEST FOR PRODUCTION NO. 62:

19       All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work

20 in connection with or role in SPACE BABES.

21

22 REQUEST FOR PRODUCTION NO. 63:

23       All DESIGNS conceived of, made, produced or created, whether in

24 whole or in part, by Scot Reyes in connection with SPACE BABES.

25

26

27

28

Exhibit __1__,

P. __22__

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1  <u>REQUEST FOR PRODUCTION NO. 64</u>:

2       All DOCUMENTS that REFER OR RELATE TO DESIGNS

3  conceived of, made, produced or created, whether in whole or in part, by Scot Reyes

4  in connection with SPACE BABES.

5

6  <u>REQUEST FOR PRODUCTION NO. 65</u>:

7       All DOCUMENTS that REFER OR RELATE TO Scot Reyes' work in

8  connection with or role in SPACE BABES.

9

10  <u>REQUEST FOR PRODUCTION NO. 66</u>:

11       All actual or proposed contracts and agreements between YOU and

12  Scot Reyes that REFER OR RELATE TO SPACE BABES, including without

13  limitation all drafts thereof.

14

15  <u>REQUEST FOR PRODUCTION NO. 67</u>:

16       All DOCUMENTS that REFER OR RELATE TO payments by YOU

17  to Scot Reyes for or in connection with SPACE BABES.

18

19  <u>REQUEST FOR PRODUCTION NO. 68</u>:

20       All DOCUMENTS that REFER OR RELATE TO payments by YOU

21  to Scot Reyes.

22

23  <u>REQUEST FOR PRODUCTION NO. 69</u>:

24       All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work

25  in connection with or role in SPACE BABES.

26

27                        Exhibit 1,

28                        P. 24

1 | REQUEST FOR PRODUCTION NO. 70:

2 |     DOCUMENTS sufficient to show the first manufacture date of each

3 | and every SPACE BABES product.

4 |

5 | REQUEST FOR PRODUCTION NO. 71:

6 |     DOCUMENTS sufficient to show the first ship date of each and every

7 | SPACE BABES product.

8 |

9 | REQUEST FOR PRODUCTION NO. 72:

10 |     DOCUMENTS sufficient to show YOUR revenues from SPACE

11 | BABES.

12 |

13 | REQUEST FOR PRODUCTION NO. 73:

14 |     All DOCUMENTS that REFER OR RELATE TO any DESIGN

15 | offered, submitted, pitched, assigned or transferred by Scot Reyes to YOU, acquired

16 | or purchased by, or assigned to, YOU from Scot Reyes, requested or solicited by

17 | YOU from Scot Reyes or made, created, produced or conceived of, whether in

18 | whole or in party, by Scot Reyes on YOUR behalf.

19 |

20 | REQUEST FOR PRODUCTION NO. 74:

21 |     All COMMUNICATIONS between YOU and Scot Reyes that REFER

22 | OR RELATE TO MATTEL or any MATTEL doll or product.

23 |

24 | REQUEST FOR PRODUCTION NO. 75:

25 |     All DOCUMENTS that REFER OR RELATE TO MATTEL

26 | documents or information provided, shown or otherwise disclosed to YOU by Scot

27 | Reyes.

28 |

Exhibit 1
P. 25

-23-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

07209/2261215.1

1  REQUEST FOR PRODUCTION NO. 76:

2          All DOCUMENTS that REFER OR RELATE to payments made by

3  YOU to Paula Garcia prior to January 1, 2002.

4

5  REQUEST FOR PRODUCTION NO. 77:

6          All DOCUMENTS that REFER OR RELATE to any payments made

7  by YOU to Paula Garcia, including without limitation any and all bonuses and

8  incentive payments made by YOU to Paula Garcia.

9

10  REQUEST FOR PRODUCTION NO. 78:

11          All personnel and vendor files for Maureen Mullen (formerly

12  Chianese).

13

14  REQUEST FOR PRODUCTION NO. 79:

15          All personnel and vendor files for Scot Reyes.

16

17  REQUEST FOR PRODUCTION NO. 80:

18          All personnel and vendor files for Sandra Bilotto.

19

20  REQUEST FOR PRODUCTION NO. 81:

21          All personnel and vendor files for Steve Linker.

22

23  REQUEST FOR PRODUCTION NO. 82:

24          All personnel and vendor files for Veronica Marlow.

25

26  REQUEST FOR PRODUCTION NO. 83:

27          All personnel and vendor files for Peter Marlow.

28

-24-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

Exhibit 1,
P. 26

1  REQUEST FOR PRODUCTION NO. 84:

2       All personnel and vendor files for Wendy Ragsdale.

3

4  REQUEST FOR PRODUCTION NO. 85:

5       All personnel and vendor files for Billy Ragsdale.

6

7  REQUEST FOR PRODUCTION NO. 86:

8       All personnel and vendor files for Sarah Halpern.

9

10  REQUEST FOR PRODUCTION NO. 87:

11       To the extent not produced in response to any other Request for

12  Production, all personnel and vendor files for each person identified in Exhibit 664

13  (bearing Bates numbers MGA 0868630-31).

14

15  REQUEST FOR PRODUCTION NO. 88:

16       To the extent not produced in response to any other Request for

17  Production, all personnel and vendor files for each person who has worked as an

18  employee of or vendor for YOU and who also has been at any time an employee of

19  or vendor for MATTEL.

20

21  DATED:  October 24, 2007

22                          QUINN EMANUEL URQUHART OLIVER &
                            HEDGES, LLP
23

24                          By: _Michael T. Zeller_____
25                              Michael T. Zeller
                                Attorneys for Mattel, Inc.
26

27                          Exhibit __1__,
28                          P. _27_

07209/2261215.1

-25-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

# EXHIBIT 2

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:   (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:  tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, CA 94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8  Email:  rkennedy@skadden.com

9  Attorneys for MGA Entertainment, Inc.

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12 CARTER BRYANT, an individual       )  CASE NO. CV 04-9049 SGL (RNBx)
                                      )
13              Plaintiff,            )  Consolidated with Case No. 04-9059
                                      )  and Case No. 05-2727
14      v.                            )
                                      )  MGA ENTERTAINMENT, INC.'S
15 MATTEL, INC., a Delaware           )  OBJECTIONS AND RESPONSES
   corporation                        )  TO MATTEL, INC.'S THIRD SET
16                                    )  OF REQUESTS FOR
                Defendant.            )  PRODUCTION OF DOCUMENTS
17                                    )  AND THINGS
                                      )
18                                    )
   Consolidated with MATTEL, INC. v.  )
19 BRYANT and MGA                     )
   ENTERTAINMENT, INC. v.             )
20 MATTEL, INC.                       )

21 PROPOUNDING PARTY:      MATTEL, INC.

22 RESPONDING PARTY:       MGA ENTERTAINMENT, INC.

23 SET NUMBER:             THIRD

24

25

26

27              Exhibit  2  ,
                P.  28

28

──────────────────────────────────────────────
MGA'S RESPONSES TO MATTEL'S THIRD              CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGA

2  Entertainment, Inc. ("MGA") hereby submits these responses and objections (the

3  "Response") to Mattel, Inc.'s ("Mattel's") Third Set of Requests for Production of

4  Documents to MGA (the "Requests").

5                           **GENERAL RESPONSE**

6         The General Response and General and Specific Objections set forth herein

7  apply to all documents that MGA may in the future produce in response to the

8  Requests.  The Response is made without waiving, or intending to waive but, on the

9  contrary, expressly reserving:  (a) the right to object, on the grounds of competency,

10  privilege, relevancy or materiality, or any other proper grounds, to the use of the

11  documents, for any purpose in whole or in part, in any subsequent step or proceeding

12  in this action or any other action; (b) the right to object on any and all grounds, at

13  any time, to other requests for production or other discovery procedures involving or

14  relating to the subject matter of the Requests; and (c) the right at any time to revise,

15  correct, add to, or clarify any of the responses propounded herein.

16        The Response reflects only the present state of MGA's discovery regarding

17  the documents that Mattel seeks.  Except as otherwise stated below, an objection to a

18  specific document request does not imply that documents responsive to the request

19  exist or have ever existed.  In addition, an agreement to produce documents

20  responsive to any specific document request does not imply that documents

21  responsive to the request exist or have existed; rather, it is an agreement to produce

22  non-privileged documents responsive to that particular document request as limited

23  by or interpreted in any applicable General or Specific objections, if any exist.

24  Production of any document is not intended as, and, to the extent permitted by law,

25  shall not be deemed to be, a waiver of any objection set forth herein.  Discovery and

26  other investigation or research concerning this litigation are continuing.  MGA,

27  therefore, reserves the right to amend or supplement this Response at any time in

28  light of future investigation, research or analysis, and also expressly reserves the

1

MGA'S RESPONSES TO MATTEL'S THIRD            CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

Exhibit 2
P. 29

1  right to rely on, at any time, including trial, subsequently discovered information or

2  information omitted from this Response as a result of mistake, error, oversight or

3  inadvertence.  MGA does not hereby admit, adopt or acquiesce in any factual or

4  legal contention, assertion or characterization contained in the Request or any

5  particular request therein, even where MGA has not otherwise objected to a

6  particular request, or has agreed to produce documents responsive to a particular

7  request.

8  ## GENERAL OBJECTIONS

9       MGA incorporates the following General Objections, as well as the General

10  Response, into its Specific Responses and Objections to each and every request for

11  documents contained in the Requests:

12       1.    MGA objects to the date and place of production on the grounds

13  that they impose an undue burden on MGA.  The time set for compliance is unduly

14  burdensome, especially in light of the number of document requests, and the scope

15  and volume of the material being sought.  To the extent MGA later agrees to produce

16  responsive documents, MGA intends to proceed expeditiously to collect the

17  documents for production, if any, and will produce them at a date and time, and in

18  such a manner, as may be mutually agreed by counsel for the parties.

19       2.    MGA objects to the Requests to the extent that they seek

20  documents not relevant to the claims or defenses in this action and are not reasonably

21  calculated to lead to the discovery of admissible evidence.

22       3.    MGA objects to the Requests on the grounds that they are overly

23  broad and unduly burdensome.

24       4.    MGA objects to the Requests insofar as they seek documents that

25  are protected from disclosure under any applicable privilege, doctrine or immunity,

26  including without limitation the attorney-client privilege, the attorney work product

27  doctrine, the right of privacy, and all other privileges recognized under the

28  constitutional, statutory or decisional law of the United States of America or any

2

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2 ,
P. 30

1  other applicable jurisdiction. MGA shall not produce such documents in response to

2  Mattel's Request. Any production of such protected or privileged materials is

3  inadvertent and shall not be construed as a waiver of those privileges or protections.

4        5.    MGA objects to the Requests insofar as they seek documents that

5  by reason of public filing, public distribution or otherwise are already in Mattel's

6  possession or are readily accessible to Mattel from public sources or third parties.

7        6.    MGA objects to the Requests insofar as they seek production of

8  documents (1) not within its possession, custody or control; (2) that MGA cannot

9  locate after a reasonably diligent search; or (3) that refer to persons, entities, or

10  events not known to MGA. Such instructions, definitions, or requests are

11  objectionable where they subject MGA to unreasonable and undue annoyance,

12  oppression, burden, and expense; and/or seek to impose upon MGA an obligation to

13  produce documents from sources equally accessible to Mattel. To the extent MGA

14  agrees to produce documents in response to the Requests, MGA will make a

15  reasonably diligent search for responsive documents within its possession, custody or

16  control.

17        7.    In responding to Mattel's Requests, MGA has not and will not

18  comply with any instructions or definitions that seek to impose requirements in

19  addition to those imposed by Federal law.

20        8.    MGA objects to each and every request to the extent it purports to

21  require MGA to search all documents and things within its possession, custody or

22  control or within the possession, custody or control of any of MGA's current or

23  former employees, officers, directors, agents, representatives, attorneys, parents,

24  subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,

25  and any other person acting on its behalf, pursuant to its authority or subject to its

26  control, on the grounds that such request is unreasonable, overbroad, unduly

27  burdensome and oppressive, violates the right to privacy, and purports to require

28  MGA to search for documents not within its possession, custody or control. To the

1  extent MGA agrees to produce documents in response to the Requests, MGA will

2  make a reasonably diligent search for responsive documents within its possession,

3  custody or control.

4     9. MGA objects to each and every request to the extent it seeks "all

5  documents" responsive to a certain category on the grounds that such request is

6  overbroad and unduly burdensome and oppressive.  MGA will not respond to

7  duplicative or cumulative requests and will not re-produce documents it has already

8  produced or produce documents that it has received from Mattel or others in the

9  course of discovery in this matter.

10     10. MGA objects to the Requests insofar as they seek production of

11  confidential, proprietary, or trade-secret information, the disclosure of which would

12  be inimical to the business interests of MGA.

13     11. MGA objects to each request to the extent it seeks information

14  relating to the activities or conduct of other entities or non-parties.

15     12. MGA objects to each request to the extent it seeks information

16  relating to activities or conduct in foreign countries.

17     13. MGA objects to the definitions and instructions to the extent such

18  definitions and instructions purport to enlarge, expand, or alter in any way the plain

19  meaning and scope of any specific term or specific request on the ground that such

20  enlargement, expansion, or alteration renders such a term or request vague,

21  ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

22     14. MGA objects to the Instructions to the extent that they purport to

23  deprive MGA of the right to redact information from any documents "for any

24  reason."  MGA retains and reserves the right to redact documents on any appropriate

25  grounds, including in particular for privilege.

26     15. MGA specifically objects to the following definitions in the

27  Requests:      Exhibit _2_,

         P. _32_

28

4

MGA'S RESPONSES TO MATTEL'S THIRD   CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

1   (a) MGA objects to the terms "YOU," "YOUR" and "MGA"

2 (Definitions ¶ A) as vague, ambiguous, overbroad, and unduly burdensome. The

3 definition includes "MGA Entertainment, Inc., and all of its current or former

4 directors, officers, employees, agents, contractors, attorneys, accountants,

5 representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

6 successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

7 authority or subject to its control." Because of Mattel's incorporating the overbroad

8 definition of "AFFILIATE" (Definitions ¶ C) as including "any and all corporations,

9 proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind

10 that, directly or indirectly, in whole or in part, own or control, are under common

11 ownership or control with, or are owned or controlled by a PERSON, party or entity,

12 including without limitation each parent, subsidiary and joint venture of such

13 PERSON, party or entity," it is impossible for MGA to know whether a particular

14 person comes within this definition unless that person or entity at some point in time

15 held himself or herself out as being affiliated with MGA. Thus, MGA will interpret

16 the terms "YOU," "YOUR" and "MGA" to refer to all persons or entities who held

17 themselves out to MGA as officers, employees, agents, subsidiaries or divisions of

18 MGA.

19   (b) MGA objects to the definition of the term "BRATZ"

20 (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and

21 designed to mislead and confuse the trier of fact. The definition includes "any

22 project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

23 or in part and regardless of what such project, product or doll is or has been also,

24 previously or subsequently called) and any product, doll or DESIGN or any portion

25 thereof that is now or has ever been known as, or sold or marketed under, the name

26 or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

27 or DESIGN or portion thereof is or has been also, previously or subsequently called)

28 or that is now or has ever been marketed as part of the 'Bratz' line, and each version

MGA'S RESPONSES TO MATTEL'S THIRD   CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION   Exhibit 2 ,
                P. 33

1  or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

2  By incorporating the definition of "DESIGN," the overly broad definition of

3  "BRATZ" includes two-dimensional and three-dimensional representations,

4  including "works, designs, artwork, sketches, drawings, illustrations, representations,

5  depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

6  samples, rotocasts, reductions to practice, developments, inventions and/or

7  improvements . . . ." (Definitions ¶ I.)  These convoluted and multi-part definitions

8  combine to render the document requests that refer to the term vague, ambiguous and

9  overly broad, and to include within the term "BRATZ" things that do not fairly

10  represent the Bratz line of dolls, accessories and related products that are the subject

11  of this case.  In responding to the Requests, MGA will interpret the term "BRATZ"

12  to mean the line of dolls introduced by MGA to the market for sale in May or June of

13  2001 and subsequent dolls, accessories and other products known as Bratz or

14  associated by MGA with the Bratz line of dolls.

15         (c)     MGA objects to the definition of the term "SCOOTER

16  SAMANTHA" (Definitions ¶ F) as vague, ambiguous, overly broad and unduly

17  burdensome, and designed to mislead and confuse the trier of fact.  The definition

18  includes "any project, product, doll or DESIGN ever known by [the Scooter

19  Samantha] name (whether in whole or in part and regardless of what such project,

20  product or doll is or has been also, previously or subsequently called) and any

21  product, doll or DESIGN or any portion thereof that is now or has ever been known

22  as, or sold or marketed under, the name or term 'Scooter Samantha' (whether in

23  whole or in part and regardless of what such product, doll or DESIGN or portion

24  thereof is or has been also, previously or subsequently called) or that is now or has

25  ever been marketed as part of the 'Scooter Samantha' line, and each version or

26  iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

27  By incorporating the definition of "DESIGN," the overly broad definition of

28  "SCOOTER SAMANTHA" includes two-dimensional and three-dimensional

6

MGA'S RESPONSES TO MATTEL'S THIRD      CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

Exhibit 2 ,
P. 34

1   representations, including "works, designs, artwork, sketches, drawings, illustrations,

2   representations, depictions, blueprints, schematics, diagrams, images, sculptures,

3   prototypes, models, samples, rotocasts, reductions to practice, developments,

4   inventions and/or improvements . . . ."  (Definitions ¶ I.)  These convoluted and

5   multi-part definitions combine to render the document requests that refer to the term

6   vague, ambiguous and overly broad, and to include within the term "SCOOTER

7   SAMANTHA" things that do not fairly represent the Scooter Samantha line of dolls,

8   accessories and related products that are the subject of this case.  In responding to the

9   Requests, MGA will interpret the term "SCOOTER SAMANTHA" to mean the line

10  of dolls introduced by MGA to the market for sale in June 2001 and subsequent dolls,

11  accessories and other products known as Scooter Samantha or associated by MGA

12  with the Scooter Samantha line of dolls.

13          (d)     MGA objects to the definition of the term "SPACE

14  BABES" (Definitions ¶ G) as vague, ambiguous, overly broad and unduly

15  burdensome, and designed to mislead and confuse the trier of fact.  The definition

16  includes "any project, product, doll or DESIGN ever known by [the Space Babes]

17  name (whether in whole or in part and regardless of what such project, product or

18  doll is or has been also, previously or subsequently called) and any product, doll or

19  DESIGN or any portion thereof that is now or has ever been known as, or sold or

20  marketed under, the name or term 'Space Babes' (whether in whole or in part and

21  regardless of what such product, doll or DESIGN or portion thereof is or has been

22  also, previously or subsequently called) or that is now or has ever been marketed as

23  part of the 'Scooter Samantha' line, and each version or iteration of such product,

24  doll or DESIGN or any portion thereof," and it goes on.  The definition is also

25  nonsensical as it seeks to define "SPACE BABES" as any product, doll or DESIGN

26  that has ever been marketed as part of the Scooter Samantha line as those are distinct

27  doll lines.  By incorporating the definition of "DESIGN," the overly broad definition

28  of "SPACE BABES" includes two-dimensional and three-dimensional

7

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2 ,
P. 35

1   representations, including "works, designs, artwork, sketches, drawings, illustrations,

2   representations, depictions, blueprints, schematics, diagrams, images, sculptures,

3   prototypes, models, samples, rotocasts, reductions to practice, developments,

4   inventions and/or improvements . . . ." (Definitions ¶ I.)  These convoluted and

5   multi-part definitions combine to render the document requests that refer to the term

6   vague, ambiguous and overly broad.

7          (e)     MGA objects to the definition of the term "SCOOTER

8   SHANNON" (Definitions ¶ H) as vague, ambiguous, overly broad and unduly

9   burdensome, and designed to mislead and confuse the trier of fact.  The definition

10  includes "any project, product, doll or DESIGN ever known by [the Scooter Shannon]

11  name (whether in whole or in part and regardless of what such project, product or

12  doll is or has been also, previously or subsequently called) and any product, doll or

13  DESIGN or any portion thereof that is now or has ever been known as, or sold or

14  marketed under, the name or term 'Scooter Shannon' (whether in whole or in part

15  and regardless of what such product, doll or DESIGN or portion thereof is or has

16  been also, previously or subsequently called) or that is now or has ever been

17  marketed as part of the 'Scooter Shannon' line, and each version or iteration of such

18  product, doll or DESIGN or any portion thereof," and it goes on.  By incorporating

19  the definition of "DESIGN," the overly broad definition of "SCOOTER

20  SHANNON" includes two-dimensional and three-dimensional representations,

21  including "works, designs, artwork, sketches, drawings, illustrations, representations,

22  depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

23  samples, rotocasts, reductions to practice, developments, inventions and/or

24  improvements . . . ." (Definitions ¶ I.)  These convoluted and multi-part definitions

25  combine to render the document requests that refer to the term vague, ambiguous and

26  overly broad, and to include within the term "SCOOTER SHANNON" things that do

27  not fairly represent the Scooter Shannon line of dolls, accessories and related

28  products that are the subject of this case.  In responding to the Requests, MGA will

8

1  interpret the term "SCOOTER SHANNON" to mean the line of dolls introduced by

2  Mattel to the market for sale October 2001 and subsequent dolls, accessories and

3  other products known as Scooter Shannon or associated by MGA with the Scooter

4  Shannon line of dolls.

5          (f)     MGA also objects to the terms "any" (Definitions ¶ P) and

6  "REFER OR RELATE TO" (Definitions ¶ N) on the grounds and to the extent they

7  are overbroad, unduly burdensome, and/or are vague and ambiguous in the context

8  of the Requests as written and as those requests would be plainly understood absent

9  Mattel's definitions.

10          (g)     MGA objects to the term "THIRD PARTY LAWSUITS"

11  as overbroad and unduly burdensome.

12          (h)     MGA objects to the term "BRATZ LAWSUITS" as

13  overbroad, unduly burdensome, vague and ambiguous and designed to mislead and

14  confuse the trier of fact.  The definition includes any suit, lawsuit, action, arbitration

15  or customs proceedings, other than the instant action that "REFERS OR RELATES"

16  to "BRATZ."  MGA's definition of the terms "BRATZ" and "REFERS OR

17  RELATES" renders the definition of "BRATZ LAWSUITS" unintelligible because

18  MGA cannot know, by way of example, what lawsuits may "constitut[e], embod[y]

19  or evidenc[e]" "BRATZ."  In responding to the Requests, MGA will interpret the

20  term "BRATZ LAWSUIT" as only the legal actions listed in the Requests

21  (Definitions ¶ L).

22          (i)     MGA objects to the term "INFRINGE" or "INFRINGES"

23  as overbroad, unduly burdensome, vague and ambiguous and designed to mislead

24  and confuse the trier of fact.  The definition includes "dilute, be substantially or

25  confusingly similar to, or otherwise violate any rights in, whether statutory, common

26  law, contractual, or otherwise."  The definition strays far from the accepted legal

27  meaning of "infringe" as used in copyright and trademark law by including concepts

28  such as "dilute" or "otherwise violate any rights in, whether statutory, common law,

9

1  contractual or otherwise." In responding to the Requests, MGA will not interpret the

2  term "INFRINGE" or "INFRINGES," but will rather respond using words contained

3  within the Mattel definition in their normal accepted legal meaning as used in

4  copyright and trademark law.

5        16.   MGA objects to the Requests to the extent they seek the

6  production of documents in their native format where the burden of such production

7  outweighs the likelihood of discovering information that is relevant to the subject

8  matter of the claims or defenses in this action or calculated to lead to the discovery

9  of admissible evidence.

10        17.   MGA objects to the Requests on the grounds that they are

11  harassing, oppressive and unduly burdensome. Mattel has already propounded 667

12  requests for documents and things to MGA, MGA Entertainment (HK) Limited and

13  Isaac Larian ("the MGA Parties"), in response to which the MGA Parties have

14  already produced approximately 3.4 million pages. MGA is, however, willing to

15  meet and confer regarding the additional 88 requests propounded in Mattel's Third

16  Set of Requests for Documents and Things to MGA.

17  **SPECIFIC RESPONSES AND OBJECTIONS**

18        Without waiving or departing from its General Response and General

19  Objections and specifically incorporating its General Response and General

20  Objections into each of the Specific Responses below, MGA makes the following

21  specific responses to the Requests:

22  REQUEST FOR PRODUCTION NO. 1:

23        A sample of each doll, product or other matter that, whether in whole or in

24  part, YOU have alleged or contended INFRINGES BRATZ in any THIRD-PARTY

25  LAWSUIT, including without limitation in the BRATZ LAWSUITS.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

27        MGA incorporates by reference its General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General

10

MGA'S RESPONSES TO MATTEL'S THIRD          CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

Exhibit 2 ,
P. 38

1  Objection No. 15 (regarding Definitions), including without limitation MGA's
2  objection to the definition of the terms BRATZ, BRATZ LAWSUITS, INFRINGES
3  and THIRD-PARTY LAWSUIT.  MGA further objects to the request to the extent it
4  seeks the production of documents that are protected from disclosure under any
5  applicable privilege, doctrine or immunity, including without limitation the attorney-
6  client privilege, the work product doctrine, the right of privacy, and all other
7  privileges recognized under the constitutional, statutory or decisional law of the
8  United States of America, the State of California or any other applicable jurisdiction.
9  MGA further objects to this request on the grounds that it is overly broad and unduly
10 burdensome in that it seeks tangible items not relevant to the claims or defenses in
11 this action and not reasonably calculated to lead to the discovery of admissible
12 evidence.  Mattel has not demonstrated how samples of each doll, product or other
13 matter alleged or contended to have INFRINGE[D] BRATZ in any THIRD-PARTY
14 LAWSUIT could be relevant to the claims and defenses in this action.  The request is
15 not limited to the subject matter of this action and is thus impermissibly overbroad.
16 See Magistrate Judge Infante's August 13, 2007 Order ("Aug. 13 Order") at 9:17-20;
17 see also Magistrate Judge Infante's May 22, 2007 Order ("May 22 Order") at 21:5-7
18 (requests that require production of documents "merely mention[ing] MGA and
19 Bratz but that otherwise have no relevance to the claims and defenses in the suit" are
20 impermissibly overbroad).  MGA further objects to this request as being overly
21 broad and unduly burdensome on the grounds that it is not limited in time or
22 geographical scope.  MGA further objects to this request on the grounds that the
23 terms BRATZ, BRATZ LAWSUITS, INFRINGES and THIRD-PARTY LAWSUIT
24 render the request vague, ambiguous, overly broad and unduly burdensome.  MGA
25 further objects to the request to the extent that it seeks information that by reason of
26 public filing, public distribution or otherwise are already in Mattel's possession or
27 are readily accessible to Mattel.  MGA further objects to the request to the extent that
28 it seeks tangible items not in MGA's possession, custody or control.  MGA further

---

11

MGA'S RESPONSES TO MATTEL'S THIRD          CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

Exhibit  2  ,
P._39_

1  objects to the request to the extent it seeks confidential, proprietary or commercially

2  sensitive information, the disclosure of which would be inimical to the business

3  interests of MGA.  Such information may also be subject to protective orders

4  governing other litigations thereby precluding disclosure in response to this request.

5  MGA further objects to this request as cumulative, duplicative, and unduly

6  burdensome to the extent that it seeks documents previously requested by Mattel or

7  produced by MGA in response to Mattel's document requests.

8  REQUEST FOR PRODUCTION NO. 2:

9      To the extent not produced in Response to Request No. 1, a sample of each

10  doll, product or other matter that, whether in whole or in part, YOU have alleged or

11  contended, including in any cease and desist letter, INFRINGES BRATZ.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

13      MGA incorporates by reference its General Response and General Objections

14  above, as though fully set forth herein and specifically incorporates General

15  Objection No. 15 (regarding Definitions), including without limitation MGA's

16  objection to the definition of the terms BRATZ and INFRINGES.  MGA further

17  objects to the request to the extent it seeks the production of documents that are

18  protected from disclosure under any applicable privilege, doctrine or immunity,

19  including without limitation the attorney-client privilege, the work product doctrine,

20  the right of privacy, and all other privileges recognized under the constitutional,

21  statutory or decisional law of the United States of America, the State of California or

22  any other applicable jurisdiction.  MGA further objects to this request on the grounds

23  that it is overly broad and unduly burdensome in that it seeks tangible items not

24  relevant to the claims or defenses in this action and not reasonably calculated to lead

25  to the discovery of admissible evidence.  Mattel has not demonstrated how samples

26  of each doll, product or other matter alleged or contended to have INFRINGE[D]

27  BRATZ could be relevant to the claims and defenses in this action.  The request is

28  not limited to the subject matter of this action and is thus impermissibly overbroad.

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2 ,
P. 40

1   See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

2   request as being overly broad and unduly burdensome on the grounds that it is not

3   limited in time or geographical scope.  MGA further objects to this request on the

4   grounds that the terms BRATZ and INFRINGES render the request vague,

5   ambiguous, overly broad and unduly burdensome.  MGA further objects to the

6   request to the extent that it seeks information that by reason of public filing, public

7   distribution or otherwise are already in Mattel's possession or are readily accessible

8   to Mattel.  MGA further objects to the request to the extent that it seeks tangible

9   items not in MGA's possession, custody or control.  MGA further objects to the

10  request to the extent it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of

12  MGA.  Such information may also be subject to protective orders governing other

13  litigations thereby precluding disclosure in response to this request.  MGA further

14  objects to this request as cumulative, duplicative, and unduly burdensome to the

15  extent that it seeks documents previously requested by Mattel or produced by MGA

16  in response to Mattel's document requests.

17  REQUEST FOR PRODUCTION NO. 3:

18       All photographs, digital scans or other depictions of each and every doll,

19  product or other matter, that, whether in whole or in part, YOU have alleged or

20  contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including

21  without limitation in the BRATZ LAWSUITS.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

23       MGA incorporates by reference its General Response and General Objections

24  above, as though fully set forth herein and specifically incorporates General

25  Objection No. 15 (regarding Definitions), including without limitation MGA's

26  objection to the definition of the terms BRATZ, BRATZ LAWSUITS, INFRINGES

27  and THIRD-PARTY LAWSUIT.  MGA further objects to the request to the extent it

28  seeks the production of documents that are protected from disclosure under any

---

13

MGA'S RESPONSES TO MATTEL'S THIRD                CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

Exhibit 2 ,
P. 41

1  applicable privilege, doctrine or immunity, including without limitation the attorney-

2  client privilege, the work product doctrine, the right of privacy, and all other

3  privileges recognized under the constitutional, statutory or decisional law of the

4  United States of America, the State of California or any other applicable jurisdiction.

5  MGA further objects to this request on the grounds that it is overly broad and unduly

6  burdensome in that it seeks tangible items not relevant to the claims or defenses in

7  this action and not reasonably calculated to lead to the discovery of admissible

8  evidence.  Mattel has not demonstrated how *all* photographs, digital scans or other

9  depictions of each and every doll, product or other matter alleged or contended to

10  have INFRINGE[D] BRATZ in any THIRD-PARTY LAWSUIT could be relevant

11  to the claims and defenses in this action.  The request is not limited to the subject

12  matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

13  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

14  overly broad and unduly burdensome on the grounds that it is not limited in time or

15  geographical scope.  MGA further objects to this request on the grounds that the

16  terms BRATZ, BRATZ LAWSUITS, INFRINGES and THIRD-PARTY LAWSUIT

17  render the request vague, ambiguous, overly broad and unduly burdensome.  MGA

18  further objects to the request to the extent that it seeks information that by reason of

19  public filing, public distribution or otherwise are already in Mattel's possession or

20  are readily accessible to Mattel. MGA further objects to the request to the extent that

21  it seeks tangible items not in MGA's possession, custody or control.  MGA further

22  objects to the request to the extent it seeks confidential, proprietary or commercially

23  sensitive information, the disclosure of which would be inimical to the business

24  interests of MGA.  Such information may also be subject to protective orders

25  governing other litigations thereby precluding disclosure in response to this request.

26  MGA further objects to this request as cumulative, duplicative, and unduly

27  burdensome to the extent that it seeks documents previously requested by Mattel or

28  produced by MGA in response to Mattel's document requests.

MGA'S RESPONSES TO MATTEL'S THIRD          CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

Exhibit 2 ,
P. 42

REQUEST FOR PRODUCTION NO. 4:

To the extent not produced in Response to Request No. 3, all photographs, digital scans or other depictions of each doll, product or other matter that, whether in whole or in part, YOU have ever alleged or contended, including in any cease and desist letter, INFRINGES BRATZ.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ and INFRINGES. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* photographs, digital scans or other depictions of each doll, product or other matter alleged or contended to have INFRINGE[D] BRATZ could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. MGA further objects to this request on the grounds that the terms BRATZ and INFRINGES render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks

15

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2,
P. 43

1  documents that by reason of public filing, public distribution or otherwise are already

2  in Mattel's possession or are readily accessible to Mattel. MGA further objects to the

3  request to the extent that it seeks tangible items not in MGA's possession, custody or

4  control. MGA further objects to the request to the extent it seeks confidential,

5  proprietary or commercially sensitive information, the disclosure of which would be

6  inimical to the business interests of MGA. Such information may also be subject to

7  protective orders governing other litigations thereby precluding disclosure in

8  response to this request. MGA further objects to this request as cumulative,

9  duplicative, and unduly burdensome to the extent that it seeks information previously

10  requested by Mattel or produced by MGA in response to Mattel's document requests.

11  REQUEST FOR PRODUCTION NO. 5:

12     DOCUMENTS sufficient to identify each doll, product or other matter sold,

13  offered for sale, manufactured, distributed, promoted or advertised by any PERSON

14  other than MATTEL that YOU have alleged or contended, whether in whole or in

15  part, INFRINGES BRATZ.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

17     MGA incorporates by reference its General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General

19  Objection No. 15 (regarding Definitions), including without limitation MGA's

20  objection to the definition of the terms BRATZ and INFRINGES. MGA further

21  objects to the request to the extent it seeks the production of documents that are

22  protected from disclosure under any applicable privilege, doctrine or immunity,

23  including without limitation the attorney-client privilege, the work product doctrine,

24  the right of privacy, and all other privileges recognized under the constitutional,

25  statutory or decisional law of the United States of America, the State of California or

26  any other applicable jurisdiction. MGA further objects to this request on the grounds

27  that it is overly broad and unduly burdensome in that it seeks documents not relevant

28  to the claims or defenses in this action and not reasonably calculated to lead to the

16

1  discovery of admissible evidence.  Mattel has not demonstrated how each doll,

2  product or other matter alleged or contended to have INFRINGE[D] BRATZ could

3  be relevant to the claims and defenses in this action.  The request is not limited to the

4  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

5  at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

6  overly broad and unduly burdensome on the grounds that it is not limited in time or

7  geographical scope.  MGA further objects to this request on the grounds that the

8  terms BRATZ and INFRINGES render the request vague, ambiguous, overly broad

9  and unduly burdensome.  MGA further objects to the term "sufficient to identify" as

10  vague and ambiguous.  MGA further objects to the request to the extent that it seeks

11  documents that by reason of public filing, public distribution or otherwise are already

12  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to

13  the request to the extent that it seeks tangible items not in MGA's possession,

14  custody or control.  MGA further objects to the request to the extent it seeks

15  confidential, proprietary or commercially sensitive information, the disclosure of

16  which would be inimical to the business interests of MGA.  Such information may

17  also be subject to protective orders governing other litigations thereby precluding

18  disclosure in response to this request.  MGA further objects to this request as

19  cumulative, duplicative, and unduly burdensome to the extent that it seeks

20  documents previously requested by Mattel or produced by MGA in response to

21  Mattel's document requests.

22  REQUEST FOR PRODUCTION NO. 6:

23      All DOCUMENTS that REFER OR RELATE TO any claim or contention by

24  YOU (other than in this ACTION) that any doll, product or other matter, whether in

25  whole or in part, that has been sold, offered for sale, manufactured, distributed,

26  promoted or advertised by any PERSON INFRINGES BRATZ.

27                          Exhibit _2_,
                               P. _45_
28

17

MGA'S RESPONSES TO MATTEL'S THIRD                    CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ, INFRINGES and REFER OR RELATE. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO any claim or contention that any doll, product or other matter INFRINGES BRATZ could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographical scope. MGA further objects to this request on the grounds that the terms BRATZ, INFRINGES and REFER AND RELATE TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive

18

Exhibit 2 ,
P. 46

1  information, the disclosure of which would be inimical to the business interests of

2  MGA.  Such information may also be subject to protective orders governing other

3  litigations thereby precluding disclosure in response to this request.

4       MGA further objects to this request as cumulative, duplicative, and unduly

5  burdensome to the extent that it seeks documents previously requested by Mattel or

6  produced by MGA in response to Mattel's document requests, including, but not

7  limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

8  Requests for Documents and Things re Claims of Unfair Competition to MGA

9  Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

10  Production of Documents and Tangible Things to MGA, and Request No. 182 from

11  Mattel's First Set of Requests for Documents and Things to Isaac Larian.

12  REQUEST FOR PRODUCTION NO. 7:

13       All COMMUNICATIONS, including without limitation cease and desist

14  letters, between YOU and any other PERSON that REFER OR RELATE TO any

15  claim or contention by YOU that any doll or product, whether in whole or in part,

16  sold, offered for sale, manufactured, distributed, promoted or advertised by such

17  PERSON INFRINGES BRATZ.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

19       MGA incorporates by reference its General Response and General Objections

20  above, as though fully set forth herein and specifically incorporates General

21  Objection No. 15 (regarding Definitions), including without limitation MGA's

22  objection to the definition of the terms BRATZ, INFRINGES and REFER OR

23  RELATE TO.  MGA further objects to the request to the extent it seeks the

24  production of documents that are protected from disclosure under any applicable

25  privilege, doctrine or immunity, including without limitation the attorney-client

26  privilege, the work product doctrine, the right of privacy, and all other privileges

27  recognized under the constitutional, statutory or decisional law of the United States

28  of America, the State of California or any other applicable jurisdiction.  MGA further

19

MGA'S RESPONSES TO MATTEL'S THIRD          CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

Exhibit  2  ,
P. 47

1  objects to this request on the grounds that it is overly broad and unduly burdensome
2  in that it seeks documents not relevant to the claims or defenses in this action and not
3  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not
4  demonstrated how *all* COMMUNICATIONS that REFER OR RELATE TO any
5  claim or contention that any doll or product INFRINGES BRATZ could be relevant
6  to the claims and defenses in this action. The request is not limited to the subject
7  matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at
8  9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being
9  overly broad and unduly burdensome on the grounds that it is not limited in time or
10  geographical scope. MGA further objects to this request on the grounds that the
11  terms BRATZ, INFRINGES and REFER OR RELATE TO render the request vague,
12  ambiguous, overly broad and unduly burdensome. MGA further objects to the
13  request to the extent that it seeks documents not in MGA's possession, custody or
14  control. MGA further objects to the request to the extent it seeks confidential,
15  proprietary or commercially sensitive information, the disclosure of which would be
16  inimical to the business interests of MGA. Such information may also be subject to
17  protective orders governing other litigations thereby precluding disclosure in
18  response to this request.
19       MGA further objects to this request as cumulative, duplicative, and unduly
20  burdensome to the extent that it seeks documents previously requested by Mattel or
21  produced by MGA in response to Mattel's document requests, including, but not
22  limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of
23  Requests for Documents and Things re Claims of Unfair Competition to MGA
24  Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for
25  Production of Documents and Tangible Things to MGA, and Request No. 182 from
26  Mattel's First Set of Requests for Documents and Things to Isaac Larian.
27                          Exhibit 2 ,
                           P. 48
28

20

MGA'S RESPONSES TO MATTEL'S THIRD           CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

1  REQUEST FOR PRODUCTION NO. 8:

2       All complaints, statements of claim, counterclaims and answers in the BRATZ

3  LAWSUITS, including without limitation all amendments thereto.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

5       MGA incorporates by reference its General Response and General Objections

6  above, as though fully set forth herein and specifically incorporates General

7  Objection No. 15 (regarding Definitions), including without limitation MGA's

8  objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

9  the request to the extent it seeks the production of documents that are protected from

10  disclosure under any applicable privilege, doctrine or immunity, including without

11  limitation the attorney-client privilege, the work product doctrine, the right of

12  privacy, and all other privileges recognized under the constitutional, statutory or

13  decisional law of the United States of America, the State of California or any other

14  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

15  overly broad and unduly burdensome in that it seeks documents not relevant to the

16  claims or defenses in this action and not reasonably calculated to lead to the

17  discovery of admissible evidence.  Mattel has not demonstrated how *all* complaints,

18  statements of claim, counterclaims and answers in the BRATZ LAWSUITS could be

19  relevant to the claims and defenses in this action.  The request is not limited to the

20  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

21  at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

22  overly broad and unduly burdensome on the grounds that it is not limited in time.

23  MGA further objects to this request on the grounds that the term BRATZ

24  LAWSUITS renders the request vague, ambiguous, overly broad and unduly

25  burdensome.  MGA further objects to the request to the extent that it seeks

26  documents that by reason of public filing, public distribution or otherwise are already

27  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to

28  the request to the extent that it seeks documents not in MGA's possession, custody or

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2 ,
P. 49

1  control.  MGA further objects to the request to the extent it seeks confidential,

2  proprietary or commercially sensitive information, the disclosure of which would be

3  inimical to the business interests of MGA.  Such information may also be subject to

4  protective orders governing other litigations thereby precluding disclosure in

5  response to this request.

6      MGA further objects to this request as cumulative, duplicative, and unduly

7  burdensome to the extent that it seeks documents previously requested by Mattel or

8  produced by MGA in response to Mattel's document requests, including, but not

9  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

10  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

11  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

12  Larian.

13  REQUEST FOR PRODUCTION NO. 9:

14      All witness lists and other disclosures of witness names or identities in the

15  BRATZ LAWSUITS, including without limitation all amendments thereto.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

17      MGA incorporates by reference its General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General

19  Objection No. 15 (regarding Definitions), including without limitation MGA's

20  objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

21  the request to the extent it seeks the production of documents that are protected from

22  disclosure under any applicable privilege, doctrine or immunity, including without

23  limitation the attorney-client privilege, the work product doctrine, the right of

24  privacy, and all other privileges recognized under the constitutional, statutory or

25  decisional law of the United States of America, the State of California or any other

26  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

27  overly broad and unduly burdensome in that it seeks documents not relevant to the

28  claims or defenses in this action and not reasonably calculated to lead to the

1   discovery of admissible evidence.  Mattel has not demonstrated how *all* witness lists

2   and other disclosures of witness names or identities in the BRATZ LAWSUITS

3   could be relevant to the claims and defenses in this action.  The request is not limited

4   to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

5   Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as

6   being overly broad and unduly burdensome on the grounds that it is not limited in

7   time.  MGA further objects to this request on the grounds that the term BRATZ

8   LAWSUITS renders the request vague, ambiguous, overly broad and unduly

9   burdensome.  MGA further objects to the request to the extent that it seeks

10  documents that by reason of public filing, public distribution or otherwise are already

11  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to

12  the request to the extent that it seeks documents not in MGA's possession, custody or

13  control.  MGA further objects to the request to the extent it seeks confidential,

14  proprietary or commercially sensitive information, the disclosure of which would be

15  inimical to the business interests of MGA.  Such information may also be subject to

16  protective orders governing other litigations thereby precluding disclosure in

17  response to this request.

18       MGA further objects to this request as cumulative, duplicative, and unduly

19  burdensome to the extent that it seeks documents previously requested by Mattel or

20  produced by MGA in response to Mattel's document requests, including, but not

21  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

22  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

23  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

24  Larian.

25  REQUEST FOR PRODUCTION NO. 10:

26       All interrogatory responses by YOU or made on YOUR behalf in the BRATZ

27  LAWSUITS, including without limitation all amendments thereto.

28

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2 ,
P. 51

1 RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

2      MGA incorporates by reference its General Response and General Objections

3 above, as though fully set forth herein and specifically incorporates General

4 Objection No. 15 (regarding Definitions), including without limitation MGA's

5 objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

6 the request to the extent it seeks the production of documents that are protected from

7 disclosure under any applicable privilege, doctrine or immunity, including without

8 limitation the attorney-client privilege, the work product doctrine, the right of

9 privacy, and all other privileges recognized under the constitutional, statutory or

10 decisional law of the United States of America, the State of California or any other

11 applicable jurisdiction.  MGA further objects to this request on the grounds that it is

12 overly broad and unduly burdensome in that it seeks documents not relevant to the

13 claims or defenses in this action and not reasonably calculated to lead to the

14 discovery of admissible evidence.  Mattel has not demonstrated how *all* interrogatory

15 responses in the BRATZ LAWSUITS could be relevant to the claims and defenses in

16 this action.  The request is not limited to the subject matter of this action and is thus

17 impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

18 MGA further objects to this request as being overly broad and unduly burdensome

19 on the grounds that it is not limited in time.  MGA further objects to this request on

20 the grounds that the term BRATZ LAWSUITS renders the request vague, ambiguous,

21 overly broad and unduly burdensome.  MGA further objects to the request to the

22 extent that it seeks documents that by reason of public filing, public distribution or

23 otherwise are already in Mattel's possession or are readily accessible to Mattel.

24 MGA further objects to the request to the extent that it seeks documents not in

25 MGA's possession, custody or control.  MGA further objects to the request to the

26 extent it seeks confidential, proprietary or commercially sensitive information, the

27 disclosure of which would be inimical to the business interests of MGA.  Such

28 information may also be subject to protective orders governing other litigations

24

1  thereby precluding disclosure in response to this request.  MGA further objects to the

2  request to the extent it violates the privacy rights of third parties to their private,

3  confidential, proprietary or trade secret information.

4       MGA further objects to this request as cumulative, duplicative, and unduly

5  burdensome to the extent that it seeks documents previously requested by Mattel or

6  produced by MGA in response to Mattel's document requests, including, but not

7  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

8  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

9  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

10  Larian.

11  REQUEST FOR PRODUCTION NO. 11:

12       All transcripts of proceedings, including all trial and hearing transcripts, in the

13  BRATZ LAWSUITS, including without limitation all amendments thereto.

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

15       MGA incorporates by reference its General Response and General Objections

16  above, as though fully set forth herein and specifically incorporates General

17  Objection No. 15 (regarding Definitions), including without limitation MGA's

18  objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

19  the request to the extent it seeks the production of documents that are protected from

20  disclosure under any applicable privilege, doctrine or immunity, including without

21  limitation the attorney-client privilege, the work product doctrine, the right of

22  privacy, and all other privileges recognized under the constitutional, statutory or

23  decisional law of the United States of America, the State of California or any other

24  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

25  overly broad and unduly burdensome in that it seeks documents not relevant to the

26  claims or defenses in this action and not reasonably calculated to lead to the

27  discovery of admissible evidence.  Mattel has not demonstrated how *all* transcripts of

28  proceedings in the BRATZ LAWSUITS could be relevant to the claims and defenses

25

MGA'S RESPONSES TO MATTEL'S THIRD          CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION
                                           Exhibit 2 ,
                                           P. 53

1  in this action.  The request is not limited to the subject matter of this action and is

2  thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-

3  7.  MGA further objects to this request as being overly broad and unduly

4  burdensome on the grounds that it is not limited in time.  MGA further objects to this

5  request on the grounds that the term BRATZ LAWSUITS renders the request vague,

6  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

7  request to the extent that it seeks documents that by reason of public filing, public

8  distribution or otherwise are already in Mattel's possession or are readily accessible

9  to Mattel.  MGA further objects to the request to the extent that it seeks documents

10  not in MGA's possession, custody or control.  MGA further objects to the request to

11  the extent it seeks confidential, proprietary or commercially sensitive information,

12  the disclosure of which would be inimical to the business interests of MGA.  Such

13  information may also be subject to protective orders governing other litigations

14  thereby precluding disclosure in response to this request.  MGA further objects to the

15  request to the extent it violates the privacy rights of third parties to their private,

16  confidential, proprietary or trade secret information.

17       MGA further objects to this request as cumulative, duplicative, and unduly

18  burdensome to the extent that it seeks documents previously requested by Mattel or

19  produced by MGA in response to Mattel's document requests, including, but not

20  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

21  Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

22  123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

23  Larian.

24  REQUEST FOR PRODUCTION NO. 12:

25       All transcripts of depositions given by or on behalf of YOU in the BRATZ

26  LAWSUITS, including without limitation all amendments thereto.

27

28

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2,
P. 54

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

2       MGA incorporates by reference its General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation MGA's

5  objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

6  the request to the extent it seeks the production of documents that are protected from

7  disclosure under any applicable privilege, doctrine or immunity, including without

8  limitation the attorney-client privilege, the work product doctrine, the right of

9  privacy, and all other privileges recognized under the constitutional, statutory or

10 decisional law of the United States of America, the State of California or any other

11 applicable jurisdiction.  MGA further objects to this request on the grounds that it is

12 overly broad and unduly burdensome in that it seeks documents not relevant to the

13 claims or defenses in this action and not reasonably calculated to lead to the

14 discovery of admissible evidence.  Mattel has not demonstrated how *all* transcripts of

15 depositions given by or on behalf of MGA in the BRATZ LAWSUITS could be

16 relevant to the claims and defenses in this action.  The request is not limited to the

17 subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

18 at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

19 overly broad and unduly burdensome on the grounds that it is not limited in time.

20 MGA further objects to this request on the grounds that the term BRATZ

21 LAWSUITS renders the request vague, ambiguous, overly broad and unduly

22 burdensome.  MGA further objects to the request to the extent that it seeks

23 documents that by reason of public filing, public distribution or otherwise are already

24 in Mattel's possession or are readily accessible to Mattel.  MGA further objects to

25 the request to the extent that it seeks documents not in MGA's possession, custody or

26 control.  MGA further objects to the request to the extent it seeks confidential,

27 proprietary or commercially sensitive information, the disclosure of which would be

28 inimical to the business interests of MGA.  Such information may also be subject to

27

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

1  protective orders governing other litigations thereby precluding disclosure in

2  response to this request.  MGA further objects to the request to the extent it violates

3  the privacy rights of third parties to their private, confidential, proprietary or trade

4  secret information.

5      MGA further objects to this request as cumulative, duplicative, and unduly

6  burdensome to the extent that it seeks documents previously requested by Mattel or

7  produced by MGA in response to Mattel's document requests, including, but not

8  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

9  Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

10 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

11 Larian.

12 REQUEST FOR PRODUCTION NO. 13:

13     All pleadings and other DOCUMENTS filed, submitted or served by YOU in

14 the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

15 RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

16     MGA incorporates by reference its General Response and General Objections

17 above, as though fully set forth herein and specifically incorporates General

18 Objection No. 15 (regarding Definitions), including without limitation MGA's

19 objection to the definition of the terms BRATZ LAWSUITS, BRATZ and REFER

20 OR RELATE TO.  MGA further objects to the request to the extent it seeks the

21 production of documents that are protected from disclosure under any applicable

22 privilege, doctrine or immunity, including without limitation the attorney-client

23 privilege, the work product doctrine, the right of privacy, and all other privileges

24 recognized under the constitutional, statutory or decisional law of the United States

25 of America, the State of California or any other applicable jurisdiction.  MGA further

26 objects to this request on the grounds that it is overly broad and unduly burdensome

27 in that it seeks documents not relevant to the claims or defenses in this action and not

28 reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

28

MGA'S RESPONSES TO MATTEL'S THIRD                    CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION
                        Exhibit 2 ,
                        P. 56

1  demonstrated how *all* pleading and other DOCUMENTS filed, submitted or served

2  by MGA in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ could

3  be relevant to the claims and defenses in this action.  The request is not limited to the

4  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

5  at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

6  overly broad and unduly burdensome on the grounds that it is not limited in time.

7  MGA further objects to this request on the grounds that the terms BRATZ

8  LAWSUITS, BRATZ and REFER OR RELATE TO render the request vague,

9  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

10 request to the extent that it seeks documents that by reason of public filing, public

11 distribution or otherwise are already in Mattel's possession or are readily accessible

12 to Mattel.  MGA further objects to the request to the extent that it seeks documents

13 not in MGA's possession, custody or control.  MGA further objects to the request to

14 the extent it seeks confidential, proprietary or commercially sensitive information,

15 the disclosure of which would be inimical to the business interests of MGA.  Such

16 information may also be subject to protective orders governing other litigations

17 thereby precluding disclosure in response to this request.  MGA further objects to the

18 request to the extent it violates the privacy rights of third parties to their private,

19 confidential, proprietary or trade secret information.

20      MGA further objects to this request as cumulative, duplicative, and unduly

21 burdensome to the extent that it seeks documents previously requested by Mattel or

22 produced by MGA in response to Mattel's document requests, including, but not

23 limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

24 Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

25 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

26 Larian.

27

28

Exhibit 2,
P. 57

29

MGA'S RESPONSES TO MATTEL'S THIRD          CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

1  REQUEST FOR PRODUCTION NO. 14:

2      All pleadings and other DOCUMENTS filed, submitted or served by YOU in

3  the BRATZ LAWSUITS that compare BRATZ to any other doll or product, whether

4  in whole or in part.

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

6      MGA incorporates by reference its General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General

8  Objection No. 15 (regarding Definitions), including without limitation MGA's

9  objection to the definition of the terms BRATZ and BRATZ LAWSUITS.  MGA

10  further objects to the request to the extent it seeks the production of documents that

11  are protected from disclosure under any applicable privilege, doctrine or immunity,

12  including without limitation the attorney-client privilege, the work product doctrine,

13  the right of privacy, and all other privileges recognized under the constitutional,

14  statutory or decisional law of the United States of America, the State of California or

15  any other applicable jurisdiction.  MGA further objects to this request on the grounds

16  that it is overly broad and unduly burdensome in that it seeks documents not relevant

17  to the claims or defenses in this action and not reasonably calculated to lead to the

18  discovery of admissible evidence.  Mattel has not demonstrated how *all* pleadings

19  and other DOCUMENTS filed, submitted or served by MGA in the BRATZ

20  LAWSUITS that compare BRATZ to any other doll or product could be relevant to

21  the claims and defenses in this action.  The request is not limited to the subject

22  matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

23  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

24  overly broad and unduly burdensome on the grounds that it is not limited in time.

25  MGA further objects to this request on the grounds that the terms BRATZ

26  LAWSUITS and BRATZ render the request vague, ambiguous, overly broad and

27  unduly burdensome.  MGA further objects to the request to the extent that it seeks

28  documents that by reason of public filing, public distribution or otherwise are already

MGA'S RESPONSES TO MATTEL'S THIRD         CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

Exhibit 2 ,
P. 58

1   in Mattel's possession or are readily accessible to Mattel. MGA further objects to

2   the request to the extent that it seeks documents not in MGA's possession, custody or

3   control. MGA further objects to the request to the extent it seeks confidential,

4   proprietary or commercially sensitive information, the disclosure of which would be

5   inimical to the business interests of MGA. Such information may also be subject to

6   protective orders governing other litigations thereby precluding disclosure in

7   response to this request. MGA further objects to the request to the extent it violates

8   the privacy rights of third parties to their private, confidential, proprietary or trade

9   secret information.

10         MGA further objects to this request as cumulative, duplicative, and unduly

11  burdensome to the extent that it seeks documents previously requested by Mattel or

12  produced by MGA in response to Mattel's document requests, including, but not

13  limited to: Request Nos. 38 and 41 from Mattel's First Set of Requests for

14  Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

15  123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

16  Larian.

17  REQUEST FOR PRODUCTION NO. 15:

18         All pleadings and other DOCUMENTS filed, submitted or served by YOU in

19  the BRATZ LAWSUITS that claim, allege or assert that the appearance or features

20  of any doll or other product, whether in whole or in part, INFRINGES BRATZ.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

22         MGA incorporates by reference its General Response and General Objections

23  above, as though fully set forth herein and specifically incorporates General

24  Objection No. 15 (regarding Definitions), including without limitation MGA's

25  objection to the definition of the terms BRATZ, BRATZ LAWSUITS and

26  INFRINGES. MGA further objects to the request to the extent it seeks the

27  production of documents that are protected from disclosure under any applicable

28  privilege, doctrine or immunity, including without limitation the attorney-client

31

MGA'S RESPONSES TO MATTEL'S THIRD          CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

Exhibit 2,
P. 59

1  privilege, the work product doctrine, the right of privacy, and all other privileges

2  recognized under the constitutional, statutory or decisional law of the United States

3  of America, the State of California or any other applicable jurisdiction.  MGA further

4  objects to this request on the grounds that it is overly broad and unduly burdensome

5  in that it seeks documents not relevant to the claims or defenses in this action and not

6  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

7  demonstrated how *all* pleadings and other DOCUMENTS filed, submitted or served

8  by MGA in the BRATZ LAWSUITS that claim, allege or assert that the appearance

9  or features of any doll or other product INFRINGES BRATZ could be relevant to the

10  claims and defenses in this action.  The request is not limited to the subject matter of

11  this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

12  22 Order at 21:5-7.  MGA further objects to this request as being overly broad and

13  unduly burdensome on the grounds that it is not limited in time.  MGA further

14  objects to this request on the grounds that the terms BRATZ, BRATZ LAWSUITS

15  and INFRINGES render the request vague, ambiguous, overly broad and unduly

16  burdensome.  MGA further objects to the request to the extent that it seeks

17  documents that by reason of public filing, public distribution or otherwise are already

18  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to

19  the request to the extent that it seeks documents not in MGA's possession, custody or

20  control.  MGA further objects to the request to the extent it seeks confidential,

21  proprietary or commercially sensitive information, the disclosure of which would be

22  inimical to the business interests of MGA.  Such information may also be subject to

23  protective orders governing other litigations thereby precluding disclosure in

24  response to this request.  MGA further objects to the request to the extent it violates

25  the privacy rights of third parties to their private, confidential, proprietary or trade

26  secret information.

27       MGA further objects to this request as cumulative, duplicative, and unduly

28  burdensome to the extent that it seeks documents previously requested by Mattel or

32

1  produced by MGA in response to Mattel's document requests, including, but not

2  limited to: Request Nos. 38 and 41 from Mattel's First Set of Requests for

3  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

4  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

5  Larian, and Request Nos. 45 and 123 from Mattel, Inc.'s First Set of Requests for

6  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

7  REQUEST FOR PRODUCTION NO. 16:

8       All demonstrative exhibits filed, submitted, introduced, displayed or used by

9  YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

10 RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

11      MGA incorporates by reference its General Response and General Objections

12 above, as though fully set forth herein and specifically incorporates General

13 Objection No. 15 (regarding Definitions), including without limitation MGA's

14 objection to the definition of the terms BRATZ, BRATZ LAWSUITS and REFER

15 OR RELATE TO.  MGA further objects to the request to the extent it seeks the

16 production of documents that are protected from disclosure under any applicable

17 privilege, doctrine or immunity, including without limitation the attorney-client

18 privilege, the work product doctrine, the right of privacy, and all other privileges

19 recognized under the constitutional, statutory or decisional law of the United States

20 of America, the State of California or any other applicable jurisdiction.  MGA further

21 objects to this request on the grounds that it is overly broad and unduly burdensome

22 in that it seeks tangible items not relevant to the claims or defenses in this action and

23 not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has

24 not demonstrated how *all* demonstrative exhibits filed, submitted, introduced,

25 displayed or used by MGA in the BRATZ LAWSUITS that REFER OR RELATE

26 TO BRATZ could be relevant to the claims and defenses in this action.  The request

27 is not limited to the subject matter of this action and is thus impermissibly overbroad.

28 See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

33

MGA'S RESPONSES TO MATTEL'S THIRD          CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

Exhibit 2 ,
P. 61

1  request as being overly broad and unduly burdensome on the grounds that it is not

2  limited in time.  MGA further objects to this request on the grounds that the terms

3  BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO render the request

4  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to

5  the term "demonstrative exhibits" as vague and ambiguous.  MGA further objects to

6  the request to the extent that it seeks documents that by reason of public filing,

7  public distribution or otherwise are already in Mattel's possession or are readily

8  accessible to Mattel.  MGA further objects to the request to the extent that it seeks

9  tangible items not in MGA's possession, custody or control.  MGA further objects to

10  the request to the extent it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of

12  MGA.  Such information may also be subject to protective orders governing other

13  litigations thereby precluding disclosure in response to this request.  MGA further

14  objects to the request to the extent it violates the privacy rights of third parties to

15  their private, confidential, proprietary or trade secret information.

16  　　　MGA further objects to this request as cumulative, duplicative, and unduly

17  burdensome to the extent that it seeks documents previously requested by Mattel or

18  produced by MGA in response to Mattel's document requests, including, but not

19  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

20  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

21  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

22  Larian.

23  REQUEST FOR PRODUCTION NO. 17:

24  　　　All expert reports and expert disclosures filed, submitted or served by YOU in

25  the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

27  　　　MGA incorporates by reference its General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General

34

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2 ,
P. 62

1  Objection No. 15 (regarding Definitions), including without limitation MGA's

2  objection to the definition of the terms BRATZ, BRATZ LAWSUITS and REFER

3  OR RELATE TO.  MGA further objects to the request to the extent it seeks the

4  production of documents that are protected from disclosure under any applicable

5  privilege, doctrine or immunity, including without limitation the attorney-client

6  privilege, the work product doctrine, the right of privacy, and all other privileges

7  recognized under the constitutional, statutory or decisional law of the United States

8  of America, the State of California or any other applicable jurisdiction.  MGA further

9  objects to this request on the grounds that it is overly broad and unduly burdensome

10  in that it seeks documents not relevant to the claims or defenses in this action and not

11  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

12  demonstrated how *all* expert reports and expert disclosures filed, submitted or served

13  by MGA in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ could

14  be relevant to the claims and defenses in this action.  MGA further objects to this

15  request as being overly broad and unduly burdensome on the grounds that it is not

16  limited in time.  The request is not limited to the subject matter of this action and is

17  thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-

18  7.  MGA further objects to this request on the grounds that the terms BRATZ,

19  BRATZ LAWSUITS and REFER OR RELATE TO render the request vague,

20  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

21  request to the extent that it seeks documents that by reason of public filing, public

22  distribution or otherwise are already in Mattel's possession or are readily accessible

23  to Mattel.  MGA further objects to the request to the extent that it seeks documents

24  not in MGA's possession, custody or control.  MGA further objects to the request to

25  the extent it seeks confidential, proprietary or commercially sensitive information,

26  the disclosure of which would be inimical to the business interests of MGA.  Such

27  information may also be subject to protective orders governing other litigations

28  thereby precluding disclosure in response to this request.  MGA further objects to the

---

35

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit  2 ,

P. 63

1   request to the extent it violates the privacy rights of third parties to their private,

2   confidential, proprietary or trade secret information.

3     MGA further objects to this request as cumulative, duplicative, and unduly

4   burdensome to the extent that it seeks documents previously requested by Mattel or

5   produced by MGA in response to Mattel's document requests, including, but not

6   limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

7   Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

8   and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

9   Larian.

10  REQUEST FOR PRODUCTION NO. 18:

11    All subpoenas served in the BRATZ LAWSUITS that REFER OR RELATE

12  TO BRATZ.

13  RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

14    MGA incorporates by reference its General Response and General Objections

15  above, as though fully set forth herein and specifically incorporates General

16  Objection No. 15 (regarding Definitions), including without limitation MGA's

17  objection to the definition of the terms BRATZ, BRATZ LAWSUITS and REFER

18  OR RELATE TO.  MGA further objects to the request to the extent it seeks the

19  production of documents that are protected from disclosure under any applicable

20  privilege, doctrine or immunity, including without limitation the attorney-client

21  privilege, the work product doctrine, the right of privacy, and all other privileges

22  recognized under the constitutional, statutory or decisional law of the United States

23  of America, the State of California or any other applicable jurisdiction.  MGA further

24  objects to this request on the grounds that it is overly broad and unduly burdensome

25  in that it seeks documents not relevant to the claims or defenses in this action and not

26  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

27  demonstrated how *all* subpoenas served in the BRATZ LAWSUITS that REFER OR

28  RELATE TO BRATZ could be relevant to the claims and defenses in this action.

36

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2 ,
P. 64

1  MGA further objects to this request as being overly broad and unduly burdensome

2  on the grounds that it is not limited in time.  MGA further objects to this request on

3  the grounds that the terms BRATZ, BRATZ LAWSUITS and REFER OR RELATE

4  TO render the request vague, ambiguous, overly broad and unduly burdensome.

5  MGA further objects to the request to the extent that it seeks documents that by

6  reason of public filing, public distribution or otherwise are already in Mattel's

7  possession or are readily accessible to Mattel.  MGA further objects to the request to

8  the extent that it seeks documents not in MGA's possession, custody or control.

9  MGA further objects to the request to the extent it seeks confidential, proprietary or

10  commercially sensitive information, the disclosure of which would be inimical to the

11  business interests of MGA.  Such information may also be subject to protective

12  orders governing other litigations thereby precluding disclosure in response to this

13  request.  MGA further objects to the request to the extent it violates the privacy

14  rights of third parties to their private, confidential, proprietary or trade secret

15  information.

16      MGA further objects to this request as cumulative, duplicative, and unduly

17  burdensome to the extent that it seeks documents previously requested by Mattel or

18  produced by MGA in response to Mattel's document requests, including, but not

19  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

20  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

21  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

22  Larian.

23  REQUEST FOR PRODUCTION NO. 19:

24      All DOCUMENTS produced pursuant to any subpoena in the BRATZ

25  LAWSUITS that REFER OR RELATE TO BRATZ.

26  RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

27      MGA incorporates by reference its General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General

37

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2 ,
P. 105

1  Objection No. 15 (regarding Definitions), including without limitation MGA's

2  objection to the definition of the terms BRATZ, BRATZ LAWSUITS and REFER

3  OR RELATE TO.  MGA further objects to the request to the extent it seeks the

4  production of documents that are protected from disclosure under any applicable

5  privilege, doctrine or immunity, including without limitation the attorney-client

6  privilege, the work product doctrine, the right of privacy, and all other privileges

7  recognized under the constitutional, statutory or decisional law of the United States

8  of America, the State of California or any other applicable jurisdiction.  MGA further

9  objects to this request on the grounds that it is overly broad and unduly burdensome

10  in that it seeks documents not relevant to the claims or defenses in this action and not

11  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

12  demonstrated how *all* DOCUMENTS produced pursuant to any subpoena in the

13  BRATZ LAWSUITS that REFER OR RELATE TO BRATZ could be relevant to the

14  claims and defenses in this action.  The request is not limited to the subject matter of

15  this action and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May

16  22 Order at 21:5-7.  MGA further objects to this request as being overly broad and

17  unduly burdensome on the grounds that it is not limited in time.  MGA further

18  objects to this request on the grounds that the terms BRATZ, BRATZ LAWSUITS

19  and REFER OR RELATE TO render the request vague, ambiguous, overly broad

20  and unduly burdensome.  MGA further objects to the request to the extent that it

21  seeks documents that by reason of public filing, public distribution or otherwise are

22  already in Mattel's possession or are readily accessible to Mattel.  MGA further

23  objects to the request to the extent that it seeks documents not in MGA's possession,

24  custody or control.  MGA further objects to the request to the extent it seeks

25  confidential, proprietary or commercially sensitive information, the disclosure of

26  which would be inimical to the business interests of MGA.  Such information may

27  also be subject to protective orders governing other litigations thereby precluding

28  disclosure in response to this request.  MGA further objects to the request to the

38

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2 ,
P. 66

1  extent it violates the privacy rights of third parties to their private, confidential,

2  proprietary or trade secret information.

3      MGA further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by MGA in response to Mattel's document requests, including, but not

6  limited to: Request Nos. 38 and 41 from Mattel's First Set of Requests for

7  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

8  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

9  Larian.

10  REQUEST FOR PRODUCTION NO. 20:

11      All DOCUMENTS produced or made available for inspection by YOU in the

12  BRATZ LAWSUITS.

13  RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

14      MGA incorporates by reference its General Response and General Objections

15  above, as though fully set forth herein and specifically incorporates General

16  Objection No. 15 (regarding Definitions), including without limitation MGA's

17  objection to the definition of the term BRATZ LAWSUITS. MGA further objects to

18  the request to the extent it seeks the production of documents that are protected from

19  disclosure under any applicable privilege, doctrine or immunity, including without

20  limitation the attorney-client privilege, the work product doctrine, the right of

21  privacy, and all other privileges recognized under the constitutional, statutory or

22  decisional law of the United States of America, the State of California or any other

23  applicable jurisdiction. MGA further objects to this request on the grounds that it is

24  overly broad and unduly burdensome in that it seeks documents not relevant to the

25  claims or defenses in this action and not reasonably calculated to lead to the

26  discovery of admissible evidence. Mattel has not demonstrated how *all*

27  DOCUMENTS produced or made available for inspection by MGA in the BRATZ

28  LAWSUITS could be relevant to the claims and defenses in this action. The request

39

1   is not limited to the subject matter of this action and is thus impermissibly overbroad.

2   See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

3   request as being overly broad and unduly burdensome on the grounds that it is not

4   limited in time.  MGA further objects to this request on the grounds that the term

5   BRATZ LAWSUITS renders the request vague, ambiguous, overly broad and

6   unduly burdensome.  MGA further objects to the request to the extent that it seeks

7   documents that by reason of public filing, public distribution or otherwise are already

8   in Mattel's possession or are readily accessible to Mattel.  MGA further objects to

9   the request to the extent that it seeks documents not in MGA's possession, custody or

10   control.  MGA further objects to the request to the extent it seeks confidential,

11   proprietary or commercially sensitive information, the disclosure of which would be

12   inimical to the business interests of MGA.  Such information may also be subject to

13   protective orders governing other litigations thereby precluding disclosure in

14   response to this request.  MGA further objects to the request to the extent it violates

15   the privacy rights of third parties to their private, confidential, proprietary or trade

16   secret information.

17        MGA further objects to this request as cumulative, duplicative, and unduly

18   burdensome to the extent that it seeks documents requested pursuant to Request No

19   21 or previously requested by Mattel or produced by MGA in response to Mattel's

20   document requests, including, but not limited to:  Request Nos. 38 and 41 from

21   Mattel's First Set of Requests for Production of Documents and Tangible Things to

22   MGA, and Request Nos. 118, 121, and 123-124 from Mattel's First Set of Requests

23   for Documents and Things to Isaac Larian.

24   REQUEST FOR PRODUCTION NO. 21:

25        All DOCUMENTS produced or made available for inspection by YOU in the

26   BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

27                   Exhibit  2 ,

28                    P. 68

MGA'S RESPONSES TO MATTEL'S THIRD       CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

2        MGA incorporates by reference its General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation MGA's

5  objection to the definition of the terms BRATZ, BRATZ LAWSUITS and REFER

6  OR RELATE TO.  MGA further objects to the request to the extent it seeks the

7  production of documents that are protected from disclosure under any applicable

8  privilege, doctrine or immunity, including without limitation the attorney-client

9  privilege, the work product doctrine, the right of privacy, and all other privileges

10 recognized under the constitutional, statutory or decisional law of the United States

11 of America, the State of California or any other applicable jurisdiction.  MGA further

12 objects to this request on the grounds that it is overly broad and unduly burdensome

13 in that it seeks documents not relevant to the claims or defenses in this action and not

14 reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

15 demonstrated how *all* DOCUMENTS produced or made available for inspection by

16 MGA in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ could be

17 relevant to the claims and defenses in this action.  This request "would . . . require

18 production of documents that merely mention . . . Bratz but that otherwise have no

19 relevance to the claims and defenses in the suit" and is thus impermissibly overbroad.

20 See May 22, 2007 at 21:5-7.  MGA further objects to this request as being overly

21 broad and unduly burdensome on the grounds that it is not limited in time.  MGA

22 further objects to this request on the grounds that the terms BRATZ, BRATZ

23 LAWSUITS and REFER OR RELATE TO render the request vague, ambiguous,

24 overly broad and unduly burdensome.  MGA further objects to the request to the

25 extent that it seeks documents that by reason of public filing, public distribution or

26 otherwise are already in Mattel's possession or are readily accessible to Mattel.

27 MGA further objects to the request to the extent that it seeks documents not in

28 MGA's possession, custody or control.  MGA further objects to the request to the

41

MGA'S RESPONSES TO MATTEL'S THIRD                    CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION
                                                     Exhibit 2 ,
                                                     P. 69

1 extent it seeks confidential, proprietary or commercially sensitive information, the

2 disclosure of which would be inimical to the business interests of MGA. Such

3 information may also be subject to protective orders governing other litigations

4 thereby precluding disclosure in response to this request. MGA further objects to the

5 request to the extent it violates the privacy rights of third parties to their private,

6 confidential, proprietary or trade secret information.

7       MGA further objects to this request as cumulative, duplicative, and unduly

8 burdensome to the extent that it seeks documents requested pursuant to Request No.

9 20 or previously requested by Mattel or produced by MGA in response to Mattel's

10 document requests, including, but not limited to: Request Nos. 38 and 41 from

11 Mattel's First Set of Requests for Production of Documents and Tangible Things to

12 MGA, and Request Nos. 118, 121, and 123-124 from Mattel's First Set of Requests

13 for Documents and Things to Isaac Larian.

14 REQUEST FOR PRODUCTION NO. 22:

15       All DOCUMENTS produced or made available for inspection by YOU in the

16 BRATZ LAWSUITS that REFER OR RELATE TO MGA, including without

17 limitation the finances or financial condition of MGA.

18 RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

19       MGA incorporates by reference its General Response and General Objections

20 above, as though fully set forth herein and specifically incorporates General

21 Objection No. 15 (regarding Definitions), including without limitation MGA's

22 objection to the definition of the terms BRATZ LAWSUITS and REFER OR

23 RELATE TO. MGA further objects to the request to the extent it seeks the

24 production of documents that are protected from disclosure under any applicable

25 privilege, doctrine or immunity, including without limitation the attorney-client

26 privilege, the work product doctrine, the right of privacy, and all other privileges

27 recognized under the constitutional, statutory or decisional law of the United States

28 of America, the State of California or any other applicable jurisdiction. MGA further

42

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2 ,
P. 70

1  objects to this request on the grounds that it is overly broad and unduly burdensome

2  in that it seeks documents not relevant to the claims or defenses in this action and not

3  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

4  demonstrated how *all* DOCUMENTS produced or made available for inspection by

5  MGA in the BRATZ LAWSUITS that REFER OR RELATE TO MGA could be

6  relevant to the claims and defenses in this action.  The request is not limited to the

7  subject matter of this action and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order

8  at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

9  overly broad and unduly burdensome on the grounds that it is not limited in time.

10  MGA further objects to this request on the grounds that the terms BRATZ, BRATZ

11  LAWSUITS and REFER OR RELATE TO render the request vague, ambiguous,

12  overly broad and unduly burdensome.  MGA further objects to the request to the

13  extent that it seeks documents that by reason of public filing, public distribution or

14  otherwise are already in Mattel's possession or are readily accessible to Mattel.

15  MGA further objects to the request to the extent that it seeks documents not in

16  MGA's possession, custody or control.  MGA further objects to the request to the

17  extent it seeks confidential, proprietary or commercially sensitive information, the

18  disclosure of which would be inimical to the business interests of MGA.  Such

19  information may also be subject to protective orders governing other litigations

20  thereby precluding disclosure in response to this request.  MGA further objects to the

21  request to the extent it violates the privacy rights of third parties to their private,

22  confidential, proprietary or trade secret information.

23         MGA further objects to this request as cumulative, duplicative, and unduly

24  burdensome to the extent that it seeks documents requested pursuant to Request No

25  20 or previously requested by Mattel or produced by MGA in response to Mattel's

26  document requests, including, but not limited to:  Request Nos. 38 and 41 from

27  Mattel's First Set of Requests for Production of Documents and Tangible Things to

28  MGA, and Request Nos. 118, 121, 123-124, and 125 from Mattel's First Set of

43

MGA'S RESPONSES TO MATTEL'S THIRD          CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION
                                            Exhibit _2_,
                                            P. _71_

1  Requests for Documents and Things to Isaac Larian, and Request Nos. 157 and 158-

2  159 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of

3  Unfair Competition to MGA Entertainment, Inc.

4  REQUEST FOR PRODUCTION NO. 23:

5       All Court orders, decisions and judgments in the BRATZ LAWSUITS.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

7       MGA incorporates by reference its General Response and General Objections

8  above, as though fully set forth herein and specifically incorporates General

9  Objection No. 15 (regarding Definitions), including without limitation MGA's

10  objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

11  the request to the extent it seeks the production of documents that are protected from

12  disclosure under any applicable privilege, doctrine or immunity, including without

13  limitation the attorney-client privilege, the work product doctrine, the right of

14  privacy, and all other privileges recognized under the constitutional, statutory or

15  decisional law of the United States of America, the State of California or any other

16  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

17  overly broad and unduly burdensome in that it seeks documents not relevant to the

18  claims or defenses in this action and not reasonably calculated to lead to the

19  discovery of admissible evidence.  Mattel has not demonstrated how *all* Court orders,

20  decisions and judgments in the BRATZ LAWSUITS could be relevant to the claims

21  and defenses in this action.  The request is not limited to the subject matter of this

22  action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22

23  Order at 21:5-7.  MGA further objects to this request as being overly broad and

24  unduly burdensome on the grounds that it is not limited in time.  MGA further

25  objects to this request on the grounds that the term BRATZ LAWSUITS renders the

26  request vague, ambiguous, overly broad and unduly burdensome.  MGA further

27  objects to the request to the extent that it seeks documents that by reason of public

28  filing, public distribution or otherwise are already in Mattel's possession or are

---

44

MGA'S RESPONSES TO MATTEL'S THIRD          CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION
                                          Exhibit 2 ,
                                          P. 72

1  readily accessible to Mattel. MGA further objects to the request to the extent that it

2  seeks documents not in MGA's possession, custody or control. MGA further objects

3  to the request to the extent it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of MGA. Such information may also be subject to protective orders

6  governing other litigations thereby precluding disclosure in response to this request.

7       MGA further objects to this request as cumulative, duplicative, and unduly

8  burdensome to the extent that it seeks documents previously requested by Mattel or

9  produced by MGA in response to Mattel's document requests, including, but not

10  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

11  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

12  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

13  Larian.

14  REQUEST FOR PRODUCTION NO. 24:

15       All Court orders, decisions and judgments in any THIRD-PARTY LAWSUIT

16  in which YOU have claimed, alleged or stated, in words or substance, that any doll

17  or product sold, offered for sale, manufactured, distributed, promoted or advertised

18  by any PERSON infringes, dilutes or is confusingly similar to BRATZ.

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

20       MGA incorporates by reference its General Response and General Objections

21  above, as though fully set forth herein and specifically incorporates General

22  Objection No. 15 (regarding Definitions), including without limitation MGA's

23  objection to the definition of the terms BRATZ and THIRD-PARTY LAWSUITS.

24  MGA further objects to the request to the extent it seeks the production of documents

25  that are protected from disclosure under any applicable privilege, doctrine or

26  immunity, including without limitation the attorney-client privilege, the work

27  product doctrine, the right of privacy, and all other privileges recognized under the

28  constitutional, statutory or decisional law of the United States of America, the State

45

MGA'S RESPONSES TO MATTEL'S THIRD        CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

Exhibit _2_,
P. _73_

1   of California or any other applicable jurisdiction.  MGA further objects to this

2   request on the grounds that it is overly broad and unduly burdensome in that it seeks

3   documents not relevant to the claims or defenses in this action and not reasonably

4   calculated to lead to the discovery of admissible evidence.  Mattel has not

5   demonstrated how *all* Court orders, decisions and judgment in any THIRD-PARTY

6   LAWSUIT in which MGA claimed, alleged or stated that any doll or product

7   "infringes, dilutes or is confusingly similar to BRATZ" could be relevant to the

8   claims and defenses in this action.  The request is not limited to the subject matter of

9   this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

10  22 Order at 21:5-7.  MGA further objects to this request as being overly broad and

11  unduly burdensome on the grounds that it is not limited in time or geographical

12  scope.  MGA further objects to this request on the grounds that the terms BRATZ

13  and THIRD-PARTY LAWSUIT render the request vague, ambiguous, overly broad

14  and unduly burdensome.  MGA further objects to the phrase "infringes, dilutes or is

15  confusingly similar" as vague and ambiguous.  MGA further objects to the request to

16  the extent that it seeks documents that by reason of public filing, public distribution

17  or otherwise are already in Mattel's possession or are readily accessible to Mattel.

18  MGA further objects to the request to the extent that it seeks documents not in

19  MGA's possession, custody or control.  MGA further objects to the request to the

20  extent it seeks confidential, proprietary or commercially sensitive information, the

21  disclosure of which would be inimical to the business interests of MGA.  Such

22  information may also be subject to protective orders governing other litigations

23  thereby precluding disclosure in response to this request.  MGA further objects to the

24  request to the extent it violates the privacy rights of third parties to their private,

25  confidential, proprietary or trade secret information.

26      MGA further objects to this request as cumulative, duplicative, and unduly

27  burdensome to the extent that it seeks documents previously requested by Mattel or

28  produced by MGA in response to Mattel's document requests, including, but not

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2,
P. 74

1  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

2  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

3  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

4  Larian, and Request Nos. 45 and 123 from Mattel, Inc.'s First Set of Requests for

5  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

6  REQUEST FOR PRODUCTION NO. 25:

7      To the extent not produced in response to any other Request for Production, all

8  DOCUMENTS in which YOU have claimed, alleged or stated, in words or substance,

9  that any doll, product or other matter sold, offered for sale, manufactured, distributed,

10  promoted or advertised by any PERSON infringes, dilutes or is confusingly similar

11  to BRATZ.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

13      MGA incorporates by reference its General Response and General Objections

14  above, as though fully set forth herein and specifically incorporates General

15  Objection No. 15 (regarding Definitions), including without limitation MGA's

16  objection to the definition of the term BRATZ.  MGA further objects to the request

17  to the extent it seeks the production of documents that are protected from disclosure

18  under any applicable privilege, doctrine or immunity, including without limitation

19  the attorney-client privilege, the work product doctrine, the right of privacy, and all

20  other privileges recognized under the constitutional, statutory or decisional law of

21  the United States of America, the State of California or any other applicable

22  jurisdiction.  MGA further objects to this request on the grounds that it is overly

23  broad and unduly burdensome in that it seeks documents not relevant to the claims or

24  defenses in this action and not reasonably calculated to lead to the discovery of

25  admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS in which

26  MGA claimed that any doll product or other matter "infringes, dilutes or is

27  confusingly similar to BRATZ" could be relevant to the claims and defenses in this

28  action.  The request is not limited to the subject matter of this action and is thus

47

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit  2 ,
P. 75

1 impermissibly overbroad. <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

2 MGA further objects to this request as being overly broad and unduly burdensome

3 on the grounds that it is not limited in time or geographical scope. MGA further

4 objects to this request on the grounds that the term BRATZ renders the request vague,

5 ambiguous, overly broad and unduly burdensome. MGA further objects to the

6 phrase "infringes, dilutes or is confusingly similar" as vague and ambiguous. MGA

7 further objects to the request to the extent that it seeks documents that by reason of

8 public filing, public distribution or otherwise are already in Mattel's possession or

9 are readily accessible to Mattel. MGA further objects to the request to the extent that

10 it seeks documents not in MGA's possession, custody or control. MGA further

11 objects to the request to the extent it seeks confidential, proprietary or commercially

12 sensitive information, the disclosure of which would be inimical to the business

13 interests of MGA. Such information may also be subject to protective orders·

14 governing other litigations thereby precluding disclosure in response to this request.

15 MGA further objects to the request to the extent it violates the privacy rights of third

16 parties to their private, confidential, proprietary or trade secret information.

17      MGA further objects to this request as cumulative, duplicative, and unduly

18 burdensome to the extent that it seeks documents previously requested by Mattel or

19 produced by MGA in response to Mattel's document requests, including, but not

20 limited to: Request Nos. 5-12, 20, 45-47, and 123 from Mattel, Inc.'s First Set of

21 Requests for Documents and Things re Claims of Unfair Competition to MGA

22 Entertainment, Inc., Request Nos. 90 from Mattel's First Set of Requests for

23 Production of Documents and Tangible Things to MGA, and Request Nos. 182 from

24 Mattel's First Set of Requests for Documents and Things to Isaac Larian.

25 <u>REQUEST FOR PRODUCTION NO. 26:</u>

26      To the extent not produced in response to any other Request for Production, all

27 DOCUMENTS, including without limitation pleadings, in which YOU have

28

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2 ,
P. 76

1   referenced or described YOUR alleged trade dress rights or potential trade dress in

2   BRATZ.

3   RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

4          MGA incorporates by reference its General Response and General Objections

5   above, as though fully set forth herein and specifically incorporates General

6   Objection No. 15 (regarding Definitions), including without limitation MGA's

7   objection to the definition of the terms BRATZ.  MGA further objects to the request

8   to the extent it seeks the production of documents that are protected from disclosure

9   under any applicable privilege, doctrine or immunity, including without limitation

10  the attorney-client privilege, the work product doctrine, the right of privacy, and all

11  other privileges recognized under the constitutional, statutory or decisional law of

12  the United States of America, the State of California or any other applicable

13  jurisdiction.  MGA further objects to this request on the grounds that it is overly

14  broad and unduly burdensome in that it seeks documents not relevant to the claims or

15  defenses in this action and not reasonably calculated to lead to the discovery of

16  admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS

17  referencing MGA's alleged or potential trade dress in BRATZ could be relevant to

18  the claims and defenses in this action.  The request is not limited to the subject

19  matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

20  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

21  overly broad and unduly burdensome on the grounds that it is not limited in time or

22  geographical scope.  MGA further objects to this request on the grounds that the term

23  BRATZ renders the request vague, ambiguous, overly broad and unduly burdensome.

24  MGA further objects to the request to the extent that it seeks documents that by

25  reason of public filing, public distribution or otherwise are already in Mattel's

26  possession or are readily accessible to Mattel.  MGA further objects to the request to

27  the extent that it seeks documents not in MGA's possession, custody or control.

28  MGA further objects to the request to the extent it seeks confidential, proprietary or

49

MGA'S RESPONSES TO MATTEL'S THIRD          CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION
                                           Exhibit  2
                                           P. 77

1 commercially sensitive information, the disclosure of which would be inimical to the

2 business interests of MGA.

3       MGA further objects to this request as cumulative, duplicative, and unduly

4 burdensome to the extent that it seeks documents previously requested by Mattel or

5 produced by MGA in response to Mattel's document requests, including, but not

6 limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

7 Requests for Documents and Things re Claims of Unfair Competition to MGA

8 Entertainment, Inc., Request Nos. 90 from Mattel's First Set of Requests for

9 Production of Documents and Tangible Things to MGA, and Request No. 182 from

10 Mattel's First Set of Requests for Documents and Things to Isaac Larian.

11 REQUEST FOR PRODUCTION NO. 27:

12       To the extent not produced in response to any other Request for Production, all

13 DOCUMENTS, including without limitation pleadings, in which YOU have

14 referenced or described YOUR alleged copyright rights or potential copyright rights

15 in BRATZ.

16 RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

17       MGA incorporates by reference its General Response and General Objections

18 above, as though fully set forth herein and specifically incorporates General

19 Objection No. 15 (regarding Definitions), including without limitation MGA's

20 objection to the definition of the terms BRATZ.  MGA further objects to the request

21 to the extent it seeks the production of documents that are protected from disclosure

22 under any applicable privilege, doctrine or immunity, including without limitation

23 the attorney-client privilege, the work product doctrine, the right of privacy, and all

24 other privileges recognized under the constitutional, statutory or decisional law of

25 the United States of America, the State of California or any other applicable

26 jurisdiction.  MGA further objects to this request on the grounds that it is overly

27 broad and unduly burdensome in that it seeks documents not relevant to the claims or

28 defenses in this action and not reasonably calculated to lead to the discovery of

50

MGA'S RESPONSES TO MATTEL'S THIRD                    CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION              Exhibit 2
                                           P. 78

1   admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS

2   referencing MGA's alleged or potential copyright rights in BRATZ could be relevant

3   to the claims and defenses in this action. The request is not limited to the subject

4   matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at

5   9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being

6   overly broad and unduly burdensome on the grounds that it is not limited in time or

7   geographical scope. MGA further objects to this request on the grounds that the term

8   BRATZ renders the request vague, ambiguous, overly broad and unduly burdensome.

9   MGA further objects to the request to the extent that it seeks documents that by

10   reason of public filing, public distribution or otherwise are already in Mattel's

11   possession or are readily accessible to Mattel. MGA further objects to the request to

12   the extent that it seeks documents not in MGA's possession, custody or control.

13   MGA further objects to the request to the extent it seeks confidential, proprietary or

14   commercially sensitive information, the disclosure of which would be inimical to the

15   business interests of MGA. Such information may also be subject to protective

16   orders governing other litigations thereby precluding disclosure in response to this

17   request.

18       MGA further objects to this request as cumulative, duplicative, and unduly

19   burdensome to the extent that it seeks documents previously requested by Mattel or

20   produced by MGA in response to Mattel's document requests, including, but not

21   limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

22   Requests for Documents and Things re Claims of Unfair Competition to MGA

23   Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

24   Production of Documents and Tangible Things to MGA, and Request No. 182 from

25   Mattel's First Set of Requests for Documents and Things to Isaac Larian.

26   REQUEST FOR PRODUCTION NO. 28:

27       To the extent not produced in response to any other Request for Production, all

28   DOCUMENTS, including without limitation pleadings, in which YOU have

51

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2 ,
P. 79

1  referenced or described YOUR alleged patent rights or potential patent rights in

2  BRATZ.

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

4       MGA incorporates by reference its General Response and General Objections

5  above, as though fully set forth herein and specifically incorporates General

6  Objection No. 15 (regarding Definitions), including without limitation MGA's

7  objection to the definition of the terms BRATZ.  MGA further objects to the request

8  to the extent it seeks the production of documents that are protected from disclosure

9  under any applicable privilege, doctrine or immunity, including without limitation

10  the attorney-client privilege, the work product doctrine, the right of privacy, and all

11  other privileges recognized under the constitutional, statutory or decisional law of

12  the United States of America, the State of California or any other applicable

13  jurisdiction.  MGA further objects to this request on the grounds that it is overly

14  broad and unduly burdensome in that it seeks documents not relevant to the claims or

15  defenses in this action and not reasonably calculated to lead to the discovery of

16  admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS

17  referencing MGA's alleged or potential patent rights in BRATZ could be relevant to

18  the claims and defenses in this action.  The request is not limited to the subject

19  matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

20  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

21  overly broad and unduly burdensome on the grounds that it is not limited in time or

22  geographical scope.  MGA further objects to this request on the grounds that the term

23  BRATZ renders the request vague, ambiguous, overly broad and unduly burdensome.

24  MGA further objects to the request to the extent that it seeks documents that by

25  reason of public filing, public distribution or otherwise are already in Mattel's

26  possession or are readily accessible to Mattel.  MGA further objects to the request to

27  the extent that it seeks documents not in MGA's possession, custody or control.

28  MGA further objects to the request to the extent it seeks confidential, proprietary or

52

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2 ,
P. 80

1  commercially sensitive information, the disclosure of which would be inimical to the

2  business interests of MGA.

3      MGA further objects to this request as cumulative, duplicative, and unduly

4  burdensome to the extent that it seeks documents previously requested by Mattel or

5  produced by MGA in response to Mattel's document requests, including, but not

6  limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

7  Requests for Documents and Things re Claims of Unfair Competition to MGA

8  Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

9  Production of Documents and Tangible Things to MGA, and Request No. 182 from

10  Mattel's First Set of Requests for Documents and Things to Isaac Larian.

11  REQUEST FOR PRODUCTION NO. 29:

12      All DOCUMENTS that REFER OR RELATE TO any agreements settling,

13  resolving, compromising or otherwise disposing of the BRATZ LAWSUITS.

14  RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

15      MGA incorporates by reference its General Response and General Objections

16  above, as though fully set forth herein and specifically incorporates General

17  Objection No. 15 (regarding Definitions), including without limitation MGA's

18  objection to the definition of the terms BRATZ LAWSUITS and REFER OR

19  RELATE TO.  MGA further objects to the request to the extent it seeks the

20  production of documents that are protected from disclosure under any applicable

21  privilege, doctrine or immunity, including without limitation the attorney-client

22  privilege, the work product doctrine, the right of privacy, and all other privileges

23  recognized under the constitutional, statutory or decisional law of the United States

24  of America, the State of California or any other applicable jurisdiction.  MGA further

25  objects to this request on the grounds that it is overly broad and unduly burdensome

26  in that it seeks documents not relevant to the claims or defenses in this action and not

27  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

28  demonstrated how *all* DOCUMENTS that REFER OR RELATE TO any agreements

53

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2 ,
P. 81

1  settling, resolving, compromising or otherwise disposing of the BRATZ LAWSUITS

2  could be relevant to the claims and defenses in this action.  The request is not limited

3  to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

4  Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as

5  being overly broad and unduly burdensome on the grounds that it is not limited in

6  time.  MGA further objects to this request on the grounds that the terms BRATZ and

7  REFER OR RELATE TO render the request vague, ambiguous, overly broad and

8  unduly burdensome.  MGA further objects to the phrase "agreements settling,

9  resolving, compromising or otherwise disposing of" as vague and ambiguous.  MGA

10  further objects to the request to the extent that it seeks documents that by reason of

11  public filing, public distribution or otherwise are already in Mattel's possession or

12  are readily accessible to Mattel.  MGA further objects to the request to the extent that

13  it seeks documents not in MGA's possession, custody or control.  MGA further

14  objects to the request to the extent it seeks confidential, proprietary or commercially

15  sensitive information, the disclosure of which would be inimical to the business

16  interests of MGA.  Such information may also be confidential and subject to

17  protective orders governing other litigations or other non-disclosure or

18  confidentiality agreements thereby precluding disclosure in response to this request.

19  MGA further objects to the request to the extent it violates the privacy rights of third

20  parties to their private, confidential, proprietary or trade secret information.

21      MGA further objects to this request as cumulative, duplicative, and unduly

22  burdensome to the extent that it seeks documents previously requested by Mattel or

23  produced by MGA in response to Mattel's document requests, including, but not

24  limited to:  Request No. 125 from Mattel's First Set of Requests for Production of

25  Documents and Tangible Things to MGA.

26  REQUEST FOR PRODUCTION NO. 30:

27      All DOCUMENTS that REFER OR RELATE TO any agreements settling,

28  resolving, compromising or otherwise disposing of any legal proceedings in which

54

MGA'S RESPONSES TO MATTEL'S THIRD       CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

Exhibit 2,
P. 82

1 | YOU have claimed that any product sold, offered for sale, manufactured, distributed,

2 | promoted or advertised by such PERSON infringes, dilutes or is confusingly similar

3 | to BRATZ.

4 | RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

5 |      MGA incorporates by reference its General Response and General Objections

6 | above, as though fully set forth herein and specifically incorporates General

7 | Objection No. 15 (regarding Definitions), including without limitation MGA's

8 | objection to the definition of the terms BRATZ and REFER OR RELATE TO.

9 | MGA further objects to the request to the extent it seeks the production of documents

10 | that are protected from disclosure under any applicable privilege, doctrine or

11 | immunity, including without limitation the attorney-client privilege, the work

12 | product doctrine, the right of privacy, and all other privileges recognized under the

13 | constitutional, statutory or decisional law of the United States of America, the State

14 | of California or any other applicable jurisdiction.  MGA further objects to this

15 | request on the grounds that it is overly broad and unduly burdensome in that it seeks

16 | documents not relevant to the claims or defenses in this action and not reasonably

17 | calculated to lead to the discovery of admissible evidence.  Mattel has not

18 | demonstrated how *all* DOCUMENTS that REFER OR RELATE TO any agreements

19 | settling, resolving, compromising or otherwise disposing of any legal proceedings in

20 | which MGA claimed any product "infringes, dilutes or is confusingly similar" to

21 | BRATZ could be relevant to the claims and defenses in this action.  The request is

22 | not limited to the subject matter of this action and is thus impermissibly overbroad.

23 | See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

24 | request as being overly broad and unduly burdensome on the grounds that it is not

25 | limited in time or geographic scope.  MGA further objects to this request on the

26 | grounds that the terms BRATZ and REFER OR RELATE TO render the request

27 | vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to

28 | the phrases "agreements settling, resolving, compromising or otherwise disposing

MGA'S RESPONSES TO MATTEL'S THIRD
SET OF REQUESTS FOR PRODUCTION

CASE NO. CV 04-9049 SGL (RNBx)

Exhibit 2
P. 83

1  of" and "infringes, dilutes or is confusingly similar" as vague and ambiguous. MGA

2  further objects to the request to the extent that it seeks documents that by reason of

3  public filing, public distribution or otherwise are already in Mattel's possession or

4  are readily accessible to Mattel. MGA further objects to the request to the extent that

5  it seeks documents not in MGA's possession, custody or control. MGA further

6  objects to the request to the extent it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of MGA. Such information may also be subject to protective orders

9  governing other litigations or other non-disclosure or confidentiality agreements

10 thereby precluding disclosure in response to this request.

11      MGA further objects to this request as cumulative, duplicative, and unduly

12 burdensome to the extent that it seeks documents previously requested by Mattel or

13 produced by MGA in response to Mattel's document requests, including, but not

14 limited to:  Request Nos. 45 and 123 from Mattel, Inc.'s First Set of Requests for

15 Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

16 REQUEST FOR PRODUCTION NO. 31:

17      All DOCUMENTS that REFER OR RELATE to any use or considered,

18 proposed or potential use, of the term "Jade" in connection with any MGA doll,

19 product or other matter, including without limitation all trademark search report for

20 "Jade."

21 RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

22      MGA incorporates by reference its General Response and General Objections

23 above, as though fully set forth herein and specifically incorporates General

24 Objection No. 15 (regarding Definitions), including without limitation MGA's

25 objection to the definition of the term REFER OR RELATE TO. MGA further

26 objects to the request to the extent it seeks the production of documents that are

27 protected from disclosure under any applicable privilege, doctrine or immunity,

28 including without limitation the attorney-client privilege, the work product doctrine,

56

MGA'S RESPONSES TO MATTEL'S THIRD          CASE NO. CV 04-9049 SGL (RNBx)
SET OF REQUESTS FOR PRODUCTION

Exhibit 2,
P. 84