# EXHIBIT 3

1   THOMAS J. NOLAN (Bar No. 066992)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2   300 South Grand Avenue
    Los Angeles, California 90071-3144
3   Telephone:   (213) 687-5000
    Facsimile:   (213) 687-5600
4   E-mail:      tnolan@skadden.com

5   RAOUL D. KENNEDY (Bar No.  40892)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6   4 Embarcadero Center, 38th Floor
    San Francisco, CA  94111-5974
7   Telephone:  (415) 984-6400
    Facsimile:   (415) 984-2698
8   Email:       rkennedy@skadden.com

9   Attorneys for MGA Entertainment, Inc.

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14   CARTER BRYANT, an individual,        )   CASE NO. CV 04-9049 SGL (RNBx)
                                          )
15                  Plaintiff,            )   Consolidated with Case No. 04-9059
                                          )   and Case No. 05-2727
16        v.                              )
                                          )   MGA ENTERTAINMENT, INC.'S
17   MATTEL, INC., a Delaware             )   OBJECTIONS AND
     corporation,                         )   SUPPLEMENTAL RESPONSES
18                                        )   TO MATTEL, INC.'S THIRD SET
                                          )   OF REQUESTS FOR
19                  Defendant.            )   PRODUCTION OF DOCUMENTS
                                          )   AND THINGS
20   _____        )
                                          )
21   Consolidated with MATTEL, INC. v.    )
     BRYANT and MGA                       )
22   ENTERTAINMENT, INC. v.               )
     MATTEL, INC.                         )
23                                        )

24

25   PROPOUNDING PARTY:     MATTEL, INC.

26   RESPONDING PARTY:      MGA ENTERTAINMENT, INC.

27   SET NUMBER:            THIRD

28

---

MGA'S SUPPLEMENTAL RESPONSES TO
MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3
P. 85

1   Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGA
2   Entertainment, Inc. ("MGA") hereby submits these responses and objections (the
3   "Supplemental Response") to Mattel, Inc.'s ("Mattel's") Third Set of Requests for
4   Production of Documents to MGA (the "Requests").

5   **GENERAL RESPONSE**

6   The General Response and General and Specific Objections set forth herein
7   apply to all documents that MGA may in the future produce in response to the
8   Requests.  The Supplemental Response is made without waiving, or intending to
9   waive but, on the contrary, expressly reserving:  (a) the right to object, on the
10  grounds of competency, privilege, relevancy or materiality, or any other proper
11  grounds, to the use of the documents, for any purpose in whole or in part, in any
12  subsequent step or proceeding in this action or any other action; (b) the right to
13  object on any and all grounds, at any time, to other requests for production or other
14  discovery procedures involving or relating to the subject matter of the Requests; and
15  (c) the right at any time to revise, correct, add to, or clarify any of the responses
16  propounded herein.

17  The Supplemental Response reflects only the present state of MGA's
18  discovery regarding the documents that Mattel seeks.  Except as otherwise stated
19  below, an objection to a specific document request does not imply that documents
20  responsive to the request exist or have ever existed.  In addition, an agreement to
21  produce documents responsive to any specific document request does not imply that
22  documents responsive to the request exist or have existed; rather, it is an agreement
23  to produce non-privileged documents responsive to that particular document request
24  as limited by or interpreted in any applicable General or Specific objections, if any
25  exist.  Production of any document is not intended as, and, to the extent permitted by
26  law, shall not be deemed to be, a waiver of any objection set forth herein.  Discovery
27  and other investigation or research concerning this litigation are continuing.  MGA,
28

1

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3 ,
P. 86

1  therefore, reserves the right to amend or supplement this Supplemental Response at

2  any time in light of future investigation, research or analysis, and also expressly

3  reserves the right to rely on, at any time, including trial, subsequently discovered

4  information or information omitted from this Supplemental Response as a result of

5  mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or

6  acquiesce in any factual or legal contention, assertion or characterization contained

7  in the Request or any particular request therein, even where MGA has not otherwise

8  objected to a particular request, or has agreed to produce documents responsive to a

9  particular request.

10  **GENERAL OBJECTIONS**

11  MGA incorporates the following General Objections, as well as the General

12  Response, into its Specific Supplemental Responses and Objections to each and

13  every request for documents contained in the Requests:

14  1.  MGA objects to the date and place of production on the grounds

15  that they impose an undue burden on MGA.  The time set for compliance is unduly

16  burdensome, especially in light of the number of document requests, and the scope

17  and volume of the material being sought.  To the extent MGA later agrees to produce

18  responsive documents, MGA intends to proceed expeditiously to collect the

19  documents for production, if any, and will produce them at a date and time, and in

20  such a manner, as may be mutually agreed by counsel for the parties.

21  2.  MGA objects to the Requests to the extent that they seek

22  documents not relevant to the claims or defenses in this action and are not reasonably

23  calculated to lead to the discovery of admissible evidence.

24  3.  MGA objects to the Requests on the grounds that they are overly

25  broad and unduly burdensome.

26  4.  MGA objects to the Requests insofar as they seek documents that

27  are protected from disclosure under any applicable privilege, doctrine or immunity,

28

2

1   including without limitation the attorney-client privilege, the attorney work product

2   doctrine, the right of privacy, and all other privileges recognized under the

3   constitutional, statutory or decisional law of the United States of America or any

4   other applicable jurisdiction.  MGA shall not produce such documents in response to

5   Mattel's Request.  Any production of such protected or privileged materials is

6   inadvertent and shall not be construed as a waiver of those privileges or protections.

7           5.      MGA objects to the Requests insofar as they seek documents that

8   by reason of public filing, public distribution or otherwise are already in Mattel's

9   possession or are readily accessible to Mattel from public sources or third parties.

10          6.      MGA objects to the Requests insofar as they seek production of

11   documents (1) not within its possession, custody or control; (2) that MGA cannot

12   locate after a reasonably diligent search; or (3) that refer to persons, entities, or

13   events not known to MGA.  Such instructions, definitions, or requests are

14   objectionable where they subject MGA to unreasonable and undue annoyance,

15   oppression, burden, and expense; and/or seek to impose upon MGA an obligation to

16   produce documents from sources equally accessible to Mattel.  To the extent MGA

17   agrees to produce documents in response to the Requests, MGA will make a

18   reasonably diligent search for responsive documents within its possession, custody or

19   control.

20          7.      In responding to Mattel's Requests, MGA has not and will not

21   comply with any instructions or definitions that seek to impose requirements in

22   addition to those imposed by Federal law.

23          8.      MGA objects to each and every request to the extent it purports to

24   require MGA to search all documents and things within its possession, custody or

25   control or within the possession, custody or control of any of MGA's current or

26   former employees, officers, directors, agents, representatives, attorneys, parents,

27   subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,

28

3

MGA'S SUPPLEMENTAL RESPONSES<br>TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3 ,<br>P. 00

1  and any other person acting on its behalf, pursuant to its authority or subject to its

2  control, on the grounds that such request is unreasonable, overbroad, unduly

3  burdensome and oppressive, violates the right to privacy, and purports to require

4  MGA to search for documents not within its possession, custody or control.  To the

5  extent MGA agrees to produce documents in response to the Requests, MGA will

6  make a reasonably diligent search for responsive documents within its possession,

7  custody or control.

8          9.      MGA objects to each and every request to the extent it seeks "all

9  documents" responsive to a certain category on the grounds that such request is

10 overbroad and unduly burdensome and oppressive.  MGA will not respond to

11 duplicative or cumulative requests and will not re-produce documents it has already

12 produced or produce documents that it has received from Mattel or others in the

13 course of discovery in this matter.

14         10.     MGA objects to the Requests insofar as they seek production of

15 confidential, proprietary, or trade-secret information, the disclosure of which would

16 be inimical to the business interests of MGA.

17         11.     MGA objects to each request to the extent it seeks information

18 relating to the activities or conduct of other entities or non-parties.

19         12.     MGA objects to each request to the extent it seeks information

20 relating to activities or conduct in foreign countries.

21         13.     MGA objects to the definitions and instructions to the extent such

22 definitions and instructions purport to enlarge, expand, or alter in any way the plain

23 meaning and scope of any specific term or specific request on the ground that such

24 enlargement, expansion, or alteration renders such a term or request vague,

25 ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

26         14.     MGA objects to the Instructions to the extent that they purport to

27 deprive MGA of the right to redact information from any documents "for any

28

reason." MGA retains and reserves the right to redact documents on any appropriate grounds, including in particular for privilege.

15.   MGA specifically objects to the following definitions in the Requests:

(a)   MGA objects to the terms "YOU," "YOUR" and "MGA" (Definitions ¶ A) as vague, ambiguous, overbroad, and unduly burdensome. The definition includes "MGA Entertainment, Inc., and all of its current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control." Because of Mattel's incorporating the overbroad definition of "AFFILIATE" (Definitions ¶ C) as including "any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity," it is impossible for MGA to know whether a particular person comes within this definition unless that person or entity at some point in time held himself or herself out as being affiliated with MGA. Thus, MGA will interpret the terms "YOU," "YOUR" and "MGA" to refer to all persons or entities who held themselves out to MGA as officers, employees, agents, subsidiaries or divisions of MGA.

(b)   MGA objects to the definition of the term "BRATZ" (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact. The definition includes "any project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole or in part and regardless of what such project, product or doll is or has been also,

1 previously or subsequently called) and any product, doll or DESIGN or any portion

2 thereof that is now or has ever been known as, or sold or marketed under, the name

3 or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

4 or DESIGN or portion thereof is or has been also, previously or subsequently called)

5 or that is now or has ever been marketed as part of the 'Bratz' line, and each version

6 or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

7 By incorporating the definition of "DESIGN," the overly broad definition of

8 "BRATZ" includes two-dimensional and three-dimensional representations,

9 including "works, designs, artwork, sketches, drawings, illustrations, representations,

10 depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

11 samples, rotocasts, reductions to practice, developments, inventions and/or

12 improvements . . . ." (Definitions ¶ I.)  These convoluted and multi-part definitions

13 combine to render the document requests that refer to the term vague, ambiguous and

14 overly broad, and to include within the term "BRATZ" things that do not fairly

15 represent the Bratz line of dolls, accessories and related products that are the subject

16 of this case.  In responding to the Requests, MGA will interpret the term "BRATZ"

17 to mean the line of dolls introduced by MGA to the market for sale in May or June of

18 2001 and subsequent dolls, accessories and other products known as Bratz or

19 associated by MGA with the Bratz line of dolls.

20          (c)    MGA objects to the definition of the term "SCOOTER

21 SAMANTHA" (Definitions ¶ F) as vague, ambiguous, overly broad and unduly

22 burdensome, and designed to mislead and confuse the trier of fact.  The definition

23 includes "any project, product, doll or DESIGN ever known by [the Scooter

24 Samantha] name (whether in whole or in part and regardless of what such project,

25 product or doll is or has been also, previously or subsequently called) and any

26 product, doll or DESIGN or any portion thereof that is now or has ever been known

27 as, or sold or marketed under, the name or term 'Scooter Samantha' (whether in

28

1  whole or in part and regardless of what such product, doll or DESIGN or portion

2  thereof is or has been also, previously or subsequently called) or that is now or has

3  ever been marketed as part of the 'Scooter Samantha' line, and each version or

4  iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

5  By incorporating the definition of "DESIGN," the overly broad definition of

6  "SCOOTER SAMANTHA" includes two-dimensional and three-dimensional

7  representations, including "works, designs, artwork, sketches, drawings, illustrations,

8  representations, depictions, blueprints, schematics, diagrams, images, sculptures,

9  prototypes, models, samples, rotocasts, reductions to practice, developments,

10  inventions and/or improvements . . . ." (Definitions ¶ I.) These convoluted and

11  multi-part definitions combine to render the document requests that refer to the term

12  vague, ambiguous and overly broad, and to include within the term "SCOOTER

13  SAMANTHA" things that do not fairly represent the Scooter Samantha line of dolls,

14  accessories and related products that are the subject of this case.  In responding to the

15  Requests, MGA will interpret the term "SCOOTER SAMANTHA" to mean the line

16  of dolls introduced by MGA to the market for sale in June 2001 and subsequent dolls,

17  accessories and other products known as Scooter Samantha or associated by MGA

18  with the Scooter Samantha line of dolls.

19          (d)    MGA objects to the definition of the term "SPACE

20  BABES" (Definitions ¶ G) as vague, ambiguous, overly broad and unduly

21  burdensome, and designed to mislead and confuse the trier of fact.  The definition

22  includes "any project, product, doll or DESIGN ever known by [the Space Babes]

23  name (whether in whole or in part and regardless of what such project, product or

24  doll is or has been also, previously or subsequently called) and any product, doll or

25  DESIGN or any portion thereof that is now or has ever been known as, or sold or

26  marketed under, the name or term 'Space Babes' (whether in whole or in part and

27  regardless of what such product, doll or DESIGN or portion thereof is or has been

28

7

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3 ,
P. 92

1  also, previously or subsequently called) or that is now or has ever been marketed as

2  part of the 'Scooter Samantha' line, and each version or iteration of such product,

3  doll or DESIGN or any portion thereof," and it goes on.  The definition is also

4  nonsensical as it seeks to define "SPACE BABES" as any product, doll or DESIGN

5  that has ever been marketed as part of the Scooter Samantha line as those are distinct

6  doll lines.  By incorporating the definition of "DESIGN," the overly broad definition

7  of "SPACE BABES" includes two-dimensional and three-dimensional

8  representations, including "works, designs, artwork, sketches, drawings, illustrations,

9  representations, depictions, blueprints, schematics, diagrams, images, sculptures,

10  prototypes, models, samples, rotocasts, reductions to practice, developments,

11  inventions and/or improvements . . . ." (Definitions ¶ I.)  These convoluted and

12  multi-part definitions combine to render the document requests that refer to the term

13  vague, ambiguous and overly broad.

14              (e)    MGA objects to the definition of the term "SCOOTER

15  SHANNON" (Definitions ¶ H) as vague, ambiguous, overly broad and unduly

16  burdensome, and designed to mislead and confuse the trier of fact.  The definition

17  includes "any project, product, doll or DESIGN ever known by [the Scooter Shannon]

18  name (whether in whole or in part and regardless of what such project, product or

19  doll is or has been also, previously or subsequently called) and any product, doll or

20  DESIGN or any portion thereof that is now or has ever been known as, or sold or

21  marketed under, the name or term 'Scooter Shannon' (whether in whole or in part

22  and regardless of what such product, doll or DESIGN or portion thereof is or has

23  been also, previously or subsequently called) or that is now or has ever been

24  marketed as part of the 'Scooter Shannon' line, and each version or iteration of such

25  product, doll or DESIGN or any portion thereof," and it goes on.  By incorporating

26  the definition of "DESIGN," the overly broad definition of "SCOOTER

27  SHANNON" includes two-dimensional and three-dimensional representations,

28

8

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3 ,
P. 93

1  including "works, designs, artwork, sketches, drawings, illustrations, representations,

2  depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

3  samples, rotocasts, reductions to practice, developments, inventions and/or

4  improvements . . . ." (Definitions ¶ I.)  These convoluted and multi-part definitions

5  combine to render the document requests that refer to the term vague, ambiguous and

6  overly broad, and to include within the term "SCOOTER SHANNON" things that do

7  not fairly represent the Scooter Shannon line of dolls, accessories and related

8  products that are the subject of this case.  In responding to the Requests, MGA will

9  interpret the term "SCOOTER SHANNON" to mean the line of dolls introduced by

10  Mattel to the market for sale October 2001 and subsequent dolls, accessories and

11  other products known as Scooter Shannon or associated by MGA with the Scooter

12  Shannon line of dolls.

13          (f)     MGA also objects to the terms "any" (Definitions ¶ P) and

14  "REFER OR RELATE TO" (Definitions ¶ N) on the grounds and to the extent they

15  are overbroad, unduly burdensome, and/or are vague and ambiguous in the context

16  of the Requests as written and as those requests would be plainly understood absent

17  Mattel's definitions.

18          (g)     MGA objects to the term "THIRD PARTY LAWSUITS"

19  as overbroad and unduly burdensome.

20          (h)     MGA objects to the term "BRATZ LAWSUITS" as

21  overbroad, unduly burdensome, vague and ambiguous and designed to mislead and

22  confuse the trier of fact.  The definition includes any suit, lawsuit, action, arbitration

23  or customs proceedings, other than the instant action that "REFERS OR RELATES"

24  to "BRATZ."  MGA's definition of the terms "BRATZ" and "REFERS OR

25  RELATES" renders the definition of "BRATZ LAWSUITS" unintelligible because

26  MGA cannot know, by way of example, what lawsuits may "constitut[e], embod[y]

27  or evidenc[e]" "BRATZ."  In responding to the Requests, MGA will interpret the

28

1  term "BRATZ LAWSUIT" as only the legal actions listed in the Requests

2  (Definitions ¶ L).

3          (i)     MGA objects to the term "INFRINGE" or "INFRINGES"

4  as overbroad, unduly burdensome, vague and ambiguous and designed to mislead

5  and confuse the trier of fact. The definition includes "dilute, be substantially or

6  confusingly similar to, or otherwise violate any rights in, whether statutory, common

7  law, contractual, or otherwise." The definition strays far from the accepted legal

8  meaning of "infringe" as used in copyright and trademark law by including concepts

9  such as "dilute" or "otherwise violate any rights in, whether statutory, common law,

10  contractual or otherwise." In responding to the Requests, MGA will not interpret the

11  term "INFRINGE" or "INFRINGES," but will rather respond using words contained

12  within the Mattel definition in their normal accepted legal meaning as used in

13  copyright and trademark law.

14         16.    MGA objects to the Requests to the extent they seek the

15  production of documents in their native format where the burden of such production

16  outweighs the likelihood of discovering information that is relevant to the subject

17  matter of the claims or defenses in this action or calculated to lead to the discovery

18  of admissible evidence.

19         17.    MGA objects to the Requests on the grounds that they are

20  harassing, oppressive and unduly burdensome. Mattel has already propounded 667

21  requests for documents and things to MGA, MGA Entertainment (HK) Limited and

22  Isaac Larian ("the MGA Parties"), in response to which the MGA Parties have

23  already produced approximately 3.4 million pages. MGA is, however, willing to

24  meet and confer regarding the additional 88 requests propounded in Mattel's Third

25  Set of Requests for Documents and Things to MGA.

26

27

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3
P. 95

## SPECIFIC RESPONSES AND OBJECTIONS

Without waiving or departing from its General Response and General Objections and specifically incorporating its General Response and General Objections into each of the Specific Supplemental Responses below, MGA makes the following specific responses to the Requests:

REQUEST FOR PRODUCTION NO. 1:

A sample of each doll, product or other matter that, whether in whole or in part, YOU have alleged or contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including without limitation in the BRATZ LAWSUITS.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ, BRATZ LAWSUITS, INFRINGES and THIRD-PARTY LAWSUIT. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how samples of each doll, product or other matter alleged or contended to have INFRINGE[D] BRATZ in any THIRD-PARTY LAWSUIT could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad.

Exhibit 3,
P. 96

1  See Magistrate Judge Infante's August 13, 2007 Order ("Aug. 13 Order") at 9:17-20;

2  see also Magistrate Judge Infante's May 22, 2007 Order ("May 22 Order") at 21:5-7

3  (requests that require production of documents "merely mention[ing] MGA and

4  Bratz but that otherwise have no relevance to the claims and defenses in the suit" are

5  impermissibly overbroad).  MGA further objects to this request as being overly

6  broad and unduly burdensome on the grounds that it is not limited in time or

7  geographical scope.  MGA further objects to this request on the grounds that the

8  terms BRATZ, BRATZ LAWSUITS, INFRINGES and THIRD-PARTY LAWSUIT

9  render the request vague, ambiguous, overly broad and unduly burdensome.  MGA

10  further objects to the request to the extent that it seeks information that by reason of

11  public filing, public distribution or otherwise are already in Mattel's possession or

12  are readily accessible to Mattel.  MGA further objects to the request to the extent that

13  it seeks tangible items not in MGA's possession, custody or control.  MGA further

14  objects to the request to the extent it seeks confidential, proprietary or commercially

15  sensitive information, the disclosure of which would be inimical to the business

16  interests of MGA.  Such information may also be subject to protective orders

17  governing other litigations thereby precluding disclosure in response to this request.

18  MGA further objects to this request as cumulative, duplicative, and unduly

19  burdensome to the extent that it seeks documents previously requested by Mattel or

20  produced by MGA in response to Mattel's document requests.

21  REQUEST FOR PRODUCTION NO. 2:

22       To the extent not produced in Response to Request No. 1, a sample of each

23  doll, product or other matter that, whether in whole or in part, YOU have alleged or

24  contended, including in any cease and desist letter, INFRINGES BRATZ.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

26       MGA incorporates by reference its General Response and General Objections

27  above, as though fully set forth herein and specifically incorporates General

28

1  Objection No. 15 (regarding Definitions), including without limitation MGA's

2  objection to the definition of the terms BRATZ and INFRINGES.  MGA further

3  objects to the request to the extent it seeks the production of documents that are

4  protected from disclosure under any applicable privilege, doctrine or immunity,

5  including without limitation the attorney-client privilege, the work product doctrine,

6  the right of privacy, and all other privileges recognized under the constitutional,

7  statutory or decisional law of the United States of America, the State of California or

8  any other applicable jurisdiction.  MGA further objects to this request on the grounds

9  that it is overly broad and unduly burdensome in that it seeks tangible items not

10 relevant to the claims or defenses in this action and not reasonably calculated to lead

11 to the discovery of admissible evidence.  Mattel has not demonstrated how samples

12 of each doll, product or other matter alleged or contended to have INFRINGE[D]

13 BRATZ could be relevant to the claims and defenses in this action.  The request is

14 not limited to the subject matter of this action and is thus impermissibly overbroad.

15 See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

16 request as being overly broad and unduly burdensome on the grounds that it is not

17 limited in time or geographical scope.  MGA further objects to this request on the

18 grounds that the terms BRATZ and INFRINGES render the request vague,

19 ambiguous, overly broad and unduly burdensome.  MGA further objects to the

20 request to the extent that it seeks information that by reason of public filing, public

21 distribution or otherwise are already in Mattel's possession or are readily accessible

22 to Mattel. MGA further objects to the request to the extent that it seeks tangible

23 items not in MGA's possession, custody or control.  MGA further objects to the

24 request to the extent it seeks confidential, proprietary or commercially sensitive

25 information, the disclosure of which would be inimical to the business interests of

26 MGA.  Such information may also be subject to protective orders governing other

27 litigations thereby precluding disclosure in response to this request.  MGA further

28

13

MGA'S SUPPLEMENTAL RESPONSES<br>TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit  3 ,
P. 98

1 objects to this request as cumulative, duplicative, and unduly burdensome to the

2 extent that it seeks documents previously requested by Mattel or produced by MGA

3 in response to Mattel's document requests.

4 REQUEST FOR PRODUCTION NO. 3:

5      All photographs, digital scans or other depictions of each and every doll,

6 product or other matter, that, whether in whole or in part, YOU have alleged or

7 contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including

8 without limitation in the BRATZ LAWSUITS.

9 RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

10      MGA incorporates by reference its General Response and General Objections

11 above, as though fully set forth herein and specifically incorporates General

12 Objection No. 15 (regarding Definitions), including without limitation MGA's

13 objection to the definition of the terms BRATZ, BRATZ LAWSUITS, INFRINGES

14 and THIRD-PARTY LAWSUIT.  MGA further objects to the request to the extent it

15 seeks the production of documents that are protected from disclosure under any

16 applicable privilege, doctrine or immunity, including without limitation the attorney-

17 client privilege, the work product doctrine, the right of privacy, and all other

18 privileges recognized under the constitutional, statutory or decisional law of the

19 United States of America, the State of California or any other applicable jurisdiction.

20 MGA further objects to this request on the grounds that it is overly broad and unduly

21 burdensome in that it seeks tangible items not relevant to the claims or defenses in

22 this action and not reasonably calculated to lead to the discovery of admissible

23 evidence.  Mattel has not demonstrated how all photographs, digital scans or other

24 depictions of each and every doll, product or other matter alleged or contended to

25 have INFRINGE[D] BRATZ in any THIRD-PARTY LAWSUIT could be relevant

26 to the claims and defenses in this action.  The request is not limited to the subject

27 matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

28

1 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

2 overly broad and unduly burdensome on the grounds that it is not limited in time or

3 geographical scope.  MGA further objects to this request on the grounds that the

4 terms BRATZ, BRATZ LAWSUITS, INFRINGES and THIRD-PARTY LAWSUIT

5 render the request vague, ambiguous, overly broad and unduly burdensome.  MGA

6 further objects to the request to the extent that it seeks information that by reason of

7 public filing, public distribution or otherwise are already in Mattel's possession or

8 are readily accessible to Mattel. MGA further objects to the request to the extent that

9 it seeks tangible items not in MGA's possession, custody or control.  MGA further

10 objects to the request to the extent it seeks confidential, proprietary or commercially

11 sensitive information, the disclosure of which would be inimical to the business

12 interests of MGA.  Such information may also be subject to protective orders

13 governing other litigations thereby precluding disclosure in response to this request.

14 MGA further objects to this request as cumulative, duplicative, and unduly

15 burdensome to the extent that it seeks documents previously requested by Mattel or

16 produced by MGA in response to Mattel's document requests.

17 REQUEST FOR PRODUCTION NO. 4:

18      To the extent not produced in Response to Request No. 3, all photographs,

19 digital scans or other depictions of each doll, product or other matter that, whether in

20 whole or in part, YOU have ever alleged or contended, including in any cease and

21 desist letter, INFRINGES BRATZ.

22 RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

23      MGA incorporates by reference its General Response and General Objections

24 above, as though fully set forth herein and specifically incorporates General

25 Objection No. 15 (regarding Definitions), including without limitation MGA's

26 objection to the definition of the terms BRATZ and INFRINGES.  MGA further

27 objects to the request to the extent it seeks the production of documents that are

28

15

MGA'S SUPPLEMENTAL RESPONSES<br>TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3 ,<br>P. 100

1  protected from disclosure under any applicable privilege, doctrine or immunity,

2  including without limitation the attorney-client privilege, the work product doctrine,

3  the right of privacy, and all other privileges recognized under the constitutional,

4  statutory or decisional law of the United States of America, the State of California or

5  any other applicable jurisdiction.  MGA further objects to this request on the grounds

6  that it is overly broad and unduly burdensome in that it seeks tangible items not

7  relevant to the claims or defenses in this action and not reasonably calculated to lead

8  to the discovery of admissible evidence.  Mattel has not demonstrated how all

9  photographs, digital scans or other depictions of each doll, product or other matter

10  alleged or contended to have INFRINGE[D] BRATZ could be relevant to the claims

11  and defenses in this action.  The request is not limited to the subject matter of this

12  action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22

13  Order at 21:5-7.  MGA further objects to this request as being overly broad and

14  unduly burdensome on the grounds that it is not limited in time or geographical

15  scope.  MGA further objects to this request on the grounds that the terms BRATZ

16  and INFRINGES render the request vague, ambiguous, overly broad and unduly

17  burdensome.  MGA further objects to the request to the extent that it seeks

18  documents that by reason of public filing, public distribution or otherwise are already

19  in Mattel's possession or are readily accessible to Mattel. MGA further objects to the

20  request to the extent that it seeks tangible items not in MGA's possession, custody or

21  control.  MGA further objects to the request to the extent it seeks confidential,

22  proprietary or commercially sensitive information, the disclosure of which would be

23  inimical to the business interests of MGA.  Such information may also be subject to

24  protective orders governing other litigations thereby precluding disclosure in

25  response to this request.  MGA further objects to this request as cumulative,

26  duplicative, and unduly burdensome to the extent that it seeks information previously

27  requested by Mattel or produced by MGA in response to Mattel's document requests.

28

1  REQUEST FOR PRODUCTION NO. 5:

2       DOCUMENTS sufficient to identify each doll, product or other matter sold,

3  offered for sale, manufactured, distributed, promoted or advertised by any PERSON

4  other than MATTEL that YOU have alleged or contended, whether in whole or in

5  part, INFRINGES BRATZ.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

7       MGA incorporates by reference its General Response and General Objections

8  above, as though fully set forth herein and specifically incorporates General

9  Objection No. 15 (regarding Definitions), including without limitation MGA's

10  objection to the definition of the terms BRATZ and INFRINGES.  MGA further

11  objects to the request to the extent it seeks the production of documents that are

12  protected from disclosure under any applicable privilege, doctrine or immunity,

13  including without limitation the attorney-client privilege, the work product doctrine,

14  the right of privacy, and all other privileges recognized under the constitutional,

15  statutory or decisional law of the United States of America, the State of California or

16  any other applicable jurisdiction.  MGA further objects to this request on the grounds

17  that it is overly broad and unduly burdensome in that it seeks documents not relevant

18  to the claims or defenses in this action and not reasonably calculated to lead to the

19  discovery of admissible evidence.  Mattel has not demonstrated how each doll,

20  product or other matter alleged or contended to have INFRINGE[D] BRATZ could

21  be relevant to the claims and defenses in this action.  The request is not limited to the

22  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

23  at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

24  overly broad and unduly burdensome on the grounds that it is not limited in time or

25  geographical scope.  MGA further objects to this request on the grounds that the

26  terms BRATZ and INFRINGES render the request vague, ambiguous, overly broad

27  and unduly burdensome.  MGA further objects to the term "sufficient to identify" as

28

17

MGA'S SUPPLEMENTAL RESPONSES<br/>TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3 ,<br/>P. 102

1  vague and ambiguous.  MGA further objects to the request to the extent that it seeks

2  documents that by reason of public filing, public distribution or otherwise are already

3  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to

4  the request to the extent that it seeks tangible items not in MGA's possession,

5  custody or control.  MGA further objects to the request to the extent it seeks

6  confidential, proprietary or commercially sensitive information, the disclosure of

7  which would be inimical to the business interests of MGA.  Such information may

8  also be subject to protective orders governing other litigations thereby precluding

9  disclosure in response to this request.  MGA further objects to this request as

10  cumulative, duplicative, and unduly burdensome to the extent that it seeks

11  documents previously requested by Mattel or produced by MGA in response to

12  Mattel's document requests.

13  REQUEST FOR PRODUCTION NO. 6:

14      All DOCUMENTS that REFER OR RELATE TO any claim or contention by

15  YOU (other than in this ACTION) that any doll, product or other matter, whether in

16  whole or in part, that has been sold, offered for sale, manufactured, distributed,

17  promoted or advertised by any PERSON INFRINGES BRATZ.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

19      MGA incorporates by reference its General Response and General Objections

20  above, as though fully set forth herein and specifically incorporates General

21  Objection No. 15 (regarding Definitions), including without limitation MGA's

22  objection to the definition of the terms BRATZ, INFRINGES and REFER OR

23  RELATE.  MGA further objects to the request to the extent it seeks the production of

24  documents that are protected from disclosure under any applicable privilege, doctrine

25  or immunity, including without limitation the attorney-client privilege, the work

26  product doctrine, the right of privacy, and all other privileges recognized under the

27  constitutional, statutory or decisional law of the United States of America, the State

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3 ,
P. 103

1 | of California or any other applicable jurisdiction.  MGA further objects to this

2 | request on the grounds that it is overly broad and unduly burdensome in that it seeks

3 | documents not relevant to the claims or defenses in this action and not reasonably

4 | calculated to lead to the discovery of admissible evidence.  Mattel has not

5 | demonstrated how all DOCUMENTS that REFER OR RELATE TO any claim or

6 | contention that any doll, product or other matter INFRINGES BRATZ could be

7 | relevant to the claims and defenses in this action.  The request is not limited to the

8 | subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

9 | at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

10 | overly broad and unduly burdensome on the grounds that it is not limited in time or

11 | geographical scope.  MGA further objects to this request on the grounds that the

12 | terms BRATZ, INFRINGES and REFER AND RELATE TO render the request

13 | vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to

14 | the request to the extent that it seeks documents that by reason of public filing,

15 | public distribution or otherwise are already in Mattel's possession or are readily

16 | accessible to Mattel.  MGA further objects to the request to the extent that it seeks

17 | documents not in MGA's possession, custody or control.  MGA further objects to the

18 | request to the extent it seeks confidential, proprietary or commercially sensitive

19 | information, the disclosure of which would be inimical to the business interests of

20 | MGA.  Such information may also be subject to protective orders governing other

21 | litigations thereby precluding disclosure in response to this request.

22 |      MGA further objects to this request as cumulative, duplicative, and unduly

23 | burdensome to the extent that it seeks documents previously requested by Mattel or

24 | produced by MGA in response to Mattel's document requests, including, but not

25 | limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

26 | Requests for Documents and Things re Claims of Unfair Competition to MGA

27 | Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

28 |

19

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3 ,
P. 104

1 | Production of Documents and Tangible Things to MGA, and Request No. 182 from
2 | Mattel's First Set of Requests for Documents and Things to Isaac Larian.
3 | REQUEST FOR PRODUCTION NO. 7:
4 |     All COMMUNICATIONS, including without limitation cease and desist
5 | letters, between YOU and any other PERSON that REFER OR RELATE TO any
6 | claim or contention by YOU that any doll or product, whether in whole or in part,
7 | sold, offered for sale, manufactured, distributed, promoted or advertised by such
8 | PERSON INFRINGES BRATZ.
9 | RESPONSE TO REQUEST FOR PRODUCTION NO. 7:
10 |     MGA incorporates by reference its General Response and General Objections
11 | above, as though fully set forth herein and specifically incorporates General
12 | Objection No. 15 (regarding Definitions), including without limitation MGA's
13 | objection to the definition of the terms BRATZ, INFRINGES and REFER OR
14 | RELATE TO.  MGA further objects to the request to the extent it seeks the
15 | production of documents that are protected from disclosure under any applicable
16 | privilege, doctrine or immunity, including without limitation the attorney-client
17 | privilege, the work product doctrine, the right of privacy, and all other privileges
18 | recognized under the constitutional, statutory or decisional law of the United States
19 | of America, the State of California or any other applicable jurisdiction.  MGA further
20 | objects to this request on the grounds that it is overly broad and unduly burdensome
21 | in that it seeks documents not relevant to the claims or defenses in this action and not
22 | reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not
23 | demonstrated how all COMMUNICATIONS that REFER OR RELATE TO any
24 | claim or contention that any doll or product INFRINGES BRATZ could be relevant
25 | to the claims and defenses in this action.  The request is not limited to the subject
26 | matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at
27 | 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being
28 |

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION
Exhibit 3
P. 105

1  overly broad and unduly burdensome on the grounds that it is not limited in time or

2  geographical scope.  MGA further objects to this request on the grounds that the

3  terms BRATZ, INFRINGES and REFER OR RELATE TO render the request vague,

4  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

5  request to the extent that it seeks documents not in MGA's possession, custody or

6  control.  MGA further objects to the request to the extent it seeks confidential,

7  proprietary or commercially sensitive information, the disclosure of which would be

8  inimical to the business interests of MGA.  Such information may also be subject to

9  protective orders governing other litigations thereby precluding disclosure in

10  response to this request.

11     MGA further objects to this request as cumulative, duplicative, and unduly

12  burdensome to the extent that it seeks documents previously requested by Mattel or

13  produced by MGA in response to Mattel's document requests, including, but not

14  limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

15  Requests for Documents and Things re Claims of Unfair Competition to MGA

16  Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

17  Production of Documents and Tangible Things to MGA, and Request No. 182 from

18  Mattel's First Set of Requests for Documents and Things to Isaac Larian.

19  REQUEST FOR PRODUCTION NO. 8:

20     All complaints, statements of claim, counterclaims and answers in the BRATZ

21  LAWSUITS, including without limitation all amendments thereto.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

23     MGA incorporates by reference its General Response and General Objections

24  above, as though fully set forth herein and specifically incorporates General

25  Objection No. 15 (regarding Definitions), including without limitation MGA's

26  objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

27  the request to the extent it seeks the production of documents that are protected from

28

21

1  disclosure under any applicable privilege, doctrine or immunity, including without

2  limitation the attorney-client privilege, the work product doctrine, the right of

3  privacy, and all other privileges recognized under the constitutional, statutory or

4  decisional law of the United States of America, the State of California or any other

5  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

6  overly broad and unduly burdensome in that it seeks documents not relevant to the

7  claims or defenses in this action and not reasonably calculated to lead to the

8  discovery of admissible evidence.  Mattel has not demonstrated how all complaints,

9  statements of claim, counterclaims and answers in the BRATZ LAWSUITS could be

10  relevant to the claims and defenses in this action.  The request is not limited to the

11  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

12  at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

13  overly broad and unduly burdensome on the grounds that it is not limited in time.

14  MGA further objects to this request on the grounds that the term BRATZ

15  LAWSUITS renders the request vague, ambiguous, overly broad and unduly

16  burdensome.  MGA further objects to the request to the extent that it seeks

17  documents that by reason of public filing, public distribution or otherwise are already

18  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to

19  the request to the extent that it seeks documents not in MGA's possession, custody or

20  control.  MGA further objects to the request to the extent it seeks confidential,

21  proprietary or commercially sensitive information, the disclosure of which would be

22  inimical to the business interests of MGA.  Such information may also be subject to

23  protective orders governing other litigations thereby precluding disclosure in

24  response to this request.

25      MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA in response to Mattel's document requests, including, but not

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION
Exhibit 3
P. 107

1  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

2  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

3  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

4  Larian.

5  REQUEST FOR PRODUCTION NO. 9:

6       All witness lists and other disclosures of witness names or identities in the

7  BRATZ LAWSUITS, including without limitation all amendments thereto.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

9       MGA incorporates by reference its General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General

11  Objection No. 15 (regarding Definitions), including without limitation MGA's

12  objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

13  the request to the extent it seeks the production of documents that are protected from

14  disclosure under any applicable privilege, doctrine or immunity, including without

15  limitation the attorney-client privilege, the work product doctrine, the right of

16  privacy, and all other privileges recognized under the constitutional, statutory or

17  decisional law of the United States of America, the State of California or any other

18  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

19  overly broad and unduly burdensome in that it seeks documents not relevant to the

20  claims or defenses in this action and not reasonably calculated to lead to the

21  discovery of admissible evidence.  Mattel has not demonstrated how all witness lists

22  and other disclosures of witness names or identities in the BRATZ LAWSUITS

23  could be relevant to the claims and defenses in this action.  The request is not limited

24  to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

25  Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as

26  being overly broad and unduly burdensome on the grounds that it is not limited in

27  time.  MGA further objects to this request on the grounds that the term BRATZ

28

1 LAWSUITS renders the request vague, ambiguous, overly broad and unduly

2 burdensome. MGA further objects to the request to the extent that it seeks

3 documents that by reason of public filing, public distribution or otherwise are already

4 in Mattel's possession or are readily accessible to Mattel. MGA further objects to

5 the request to the extent that it seeks documents not in MGA's possession, custody or

6 control. MGA further objects to the request to the extent it seeks confidential,

7 proprietary or commercially sensitive information, the disclosure of which would be

8 inimical to the business interests of MGA. Such information may also be subject to

9 protective orders governing other litigations thereby precluding disclosure in

10 response to this request.

11     MGA further objects to this request as cumulative, duplicative, and unduly

12 burdensome to the extent that it seeks documents previously requested by Mattel or

13 produced by MGA in response to Mattel's document requests, including, but not

14 limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

15 Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

16 and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

17 Larian.

18 REQUEST FOR PRODUCTION NO. 10:

19     All interrogatory responses by YOU or made on YOUR behalf in the BRATZ

20 LAWSUITS, including without limitation all amendments thereto.

21 RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

22     MGA incorporates by reference its General Response and General Objections

23 above, as though fully set forth herein and specifically incorporates General

24 Objection No. 15 (regarding Definitions), including without limitation MGA's

25 objection to the definition of the term BRATZ LAWSUITS. MGA further objects to

26 the request to the extent it seeks the production of documents that are protected from

27 disclosure under any applicable privilege, doctrine or immunity, including without

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3,
P. 109

1  limitation the attorney-client privilege, the work product doctrine, the right of

2  privacy, and all other privileges recognized under the constitutional, statutory or

3  decisional law of the United States of America, the State of California or any other

4  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

5  overly broad and unduly burdensome in that it seeks documents not relevant to the

6  claims or defenses in this action and not reasonably calculated to lead to the

7  discovery of admissible evidence.  Mattel has not demonstrated how all interrogatory

8  responses in the BRATZ LAWSUITS could be relevant to the claims and defenses in

9  this action.  The request is not limited to the subject matter of this action and is thus

10  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

11  MGA further objects to this request as being overly broad and unduly burdensome

12  on the grounds that it is not limited in time.  MGA further objects to this request on

13  the grounds that the term BRATZ LAWSUITS renders the request vague, ambiguous,

14  overly broad and unduly burdensome.  MGA further objects to the request to the

15  extent that it seeks documents that by reason of public filing, public distribution or

16  otherwise are already in Mattel's possession or are readily accessible to Mattel.

17  MGA further objects to the request to the extent that it seeks documents not in

18  MGA's possession, custody or control.  MGA further objects to the request to the

19  extent it seeks confidential, proprietary or commercially sensitive information, the

20  disclosure of which would be inimical to the business interests of MGA.  Such

21  information may also be subject to protective orders governing other litigations

22  thereby precluding disclosure in response to this request.  MGA further objects to the

23  request to the extent it violates the privacy rights of third parties to their private,

24  confidential, proprietary or trade secret information.

25      MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA in response to Mattel's document requests, including, but not

28

25

1  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

2  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

3  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

4  Larian.

5  REQUEST FOR PRODUCTION NO. 11:

6      All transcripts of proceedings, including all trial and hearing transcripts, in the

7  BRATZ LAWSUITS, including without limitation all amendments thereto.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

9      MGA incorporates by reference its General Response and General Objections

10 above, as though fully set forth herein and specifically incorporates General

11 Objection No. 15 (regarding Definitions), including without limitation MGA's

12 objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

13 the request to the extent it seeks the production of documents that are protected from

14 disclosure under any applicable privilege, doctrine or immunity, including without

15 limitation the attorney-client privilege, the work product doctrine, the right of

16 privacy, and all other privileges recognized under the constitutional, statutory or

17 decisional law of the United States of America, the State of California or any other

18 applicable jurisdiction.  MGA further objects to this request on the grounds that it is

19 overly broad and unduly burdensome in that it seeks documents not relevant to the

20 claims or defenses in this action and not reasonably calculated to lead to the

21 discovery of admissible evidence.  Mattel has not demonstrated how all transcripts of

22 proceedings in the BRATZ LAWSUITS could be relevant to the claims and defenses

23 in this action.  The request is not limited to the subject matter of this action and is

24 thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-

25 7.  MGA further objects to this request as being overly broad and unduly

26 burdensome on the grounds that it is not limited in time.  MGA further objects to this

27 request on the grounds that the term BRATZ LAWSUITS renders the request vague,

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit  3 ,
P. 111

1 ambiguous, overly broad and unduly burdensome.  MGA further objects to the

2 request to the extent that it seeks documents that by reason of public filing, public

3 distribution or otherwise are already in Mattel's possession or are readily accessible

4 to Mattel.  MGA further objects to the request to the extent that it seeks documents

5 not in MGA's possession, custody or control.  MGA further objects to the request to

6 the extent it seeks confidential, proprietary or commercially sensitive information,

7 the disclosure of which would be inimical to the business interests of MGA.  Such

8 information may also be subject to protective orders governing other litigations

9 thereby precluding disclosure in response to this request.  MGA further objects to the

10 request to the extent it violates the privacy rights of third parties to their private,

11 confidential, proprietary or trade secret information.

12      MGA further objects to this request as cumulative, duplicative, and unduly

13 burdensome to the extent that it seeks documents previously requested by Mattel or

14 produced by MGA in response to Mattel's document requests, including, but not

15 limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

16 Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

17 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

18 Larian.

19 REQUEST FOR PRODUCTION NO. 12:

20      All transcripts of depositions given by or on behalf of YOU in the BRATZ

21 LAWSUITS, including without limitation all amendments thereto.

22 RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

23      MGA incorporates by reference its General Response and General Objections

24 above, as though fully set forth herein and specifically incorporates General

25 Objection No. 15 (regarding Definitions), including without limitation MGA's

26 objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

27 the request to the extent it seeks the production of documents that are protected from

28

1  disclosure under any applicable privilege, doctrine or immunity, including without

2  limitation the attorney-client privilege, the work product doctrine, the right of

3  privacy, and all other privileges recognized under the constitutional, statutory or

4  decisional law of the United States of America, the State of California or any other

5  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

6  overly broad and unduly burdensome in that it seeks documents not relevant to the

7  claims or defenses in this action and not reasonably calculated to lead to the

8  discovery of admissible evidence.  Mattel has not demonstrated how all transcripts of

9  depositions given by or on behalf of MGA in the BRATZ LAWSUITS could be

10  relevant to the claims and defenses in this action.  The request is not limited to the

11  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

12  at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

13  overly broad and unduly burdensome on the grounds that it is not limited in time.

14  MGA further objects to this request on the grounds that the term BRATZ

15  LAWSUITS renders the request vague, ambiguous, overly broad and unduly

16  burdensome.  MGA further objects to the request to the extent that it seeks

17  documents that by reason of public filing, public distribution or otherwise are already

18  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to

19  the request to the extent that it seeks documents not in MGA's possession, custody or

20  control.  MGA further objects to the request to the extent it seeks confidential,

21  proprietary or commercially sensitive information, the disclosure of which would be

22  inimical to the business interests of MGA.  Such information may also be subject to

23  protective orders governing other litigations thereby precluding disclosure in

24  response to this request.  MGA further objects to the request to the extent it violates

25  the privacy rights of third parties to their private, confidential, proprietary or trade

26  secret information.

27

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3,
P. 113

1        MGA further objects to this request as cumulative, duplicative, and unduly

2   burdensome to the extent that it seeks documents previously requested by Mattel or

3   produced by MGA in response to Mattel's document requests, including, but not

4   limited to: Request Nos. 38 and 41 from Mattel's First Set of Requests for

5   Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

6   123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

7   Larian.

8   REQUEST FOR PRODUCTION NO. 13:

9        All pleadings and other DOCUMENTS filed, submitted or served by YOU in

10  the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

12       MGA incorporates by reference its General Response and General Objections

13  above, as though fully set forth herein and specifically incorporates General

14  Objection No. 15 (regarding Definitions), including without limitation MGA's

15  objection to the definition of the terms BRATZ LAWSUITS, BRATZ and REFER

16  OR RELATE TO. MGA further objects to the request to the extent it seeks the

17  production of documents that are protected from disclosure under any applicable

18  privilege, doctrine or immunity, including without limitation the attorney-client

19  privilege, the work product doctrine, the right of privacy, and all other privileges

20  recognized under the constitutional, statutory or decisional law of the United States

21  of America, the State of California or any other applicable jurisdiction. MGA further

22  objects to this request on the grounds that it is overly broad and unduly burdensome

23  in that it seeks documents not relevant to the claims or defenses in this action and not

24  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

25  demonstrated how all pleading and other DOCUMENTS filed, submitted or served

26  by MGA in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ could

27  be relevant to the claims and defenses in this action. The request is not limited to the

28

29

MGA'S SUPPLEMENTAL RESPONSES<br>TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3<br>P. 114

1  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

2  at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

3  overly broad and unduly burdensome on the grounds that it is not limited in time.

4  MGA further objects to this request on the grounds that the terms BRATZ

5  LAWSUITS, BRATZ and REFER OR RELATE TO render the request vague,

6  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

7  request to the extent that it seeks documents that by reason of public filing, public

8  distribution or otherwise are already in Mattel's possession or are readily accessible

9  to Mattel.  MGA further objects to the request to the extent that it seeks documents

10  not in MGA's possession, custody or control.  MGA further objects to the request to

11  the extent it seeks confidential, proprietary or commercially sensitive information,

12  the disclosure of which would be inimical to the business interests of MGA.  Such

13  information may also be subject to protective orders governing other litigations

14  thereby precluding disclosure in response to this request.  MGA further objects to the

15  request to the extent it violates the privacy rights of third parties to their private,

16  confidential, proprietary or trade secret information.

17         MGA further objects to this request as cumulative, duplicative, and unduly

18  burdensome to the extent that it seeks documents previously requested by Mattel or

19  produced by MGA in response to Mattel's document requests, including, but not

20  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

21  Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

22  123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

23  Larian.

24  REQUEST FOR PRODUCTION NO. 14:

25         All pleadings and other DOCUMENTS filed, submitted or served by YOU in

26  the BRATZ LAWSUITS that compare BRATZ to any other doll or product, whether

27  in whole or in part.

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3 ,
P. 115

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms BRATZ and BRATZ LAWSUITS. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how all pleadings and other DOCUMENTS filed, submitted or served by MGA in the BRATZ LAWSUITS that compare BRATZ to any other doll or product could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms BRATZ LAWSUITS and BRATZ render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential,

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3
P. 116

1   proprietary or commercially sensitive information, the disclosure of which would be

2   inimical to the business interests of MGA.  Such information may also be subject to

3   protective orders governing other litigations thereby precluding disclosure in

4   response to this request.  MGA further objects to the request to the extent it violates

5   the privacy rights of third parties to their private, confidential, proprietary or trade

6   secret information.

7       MGA further objects to this request as cumulative, duplicative, and unduly

8   burdensome to the extent that it seeks documents previously requested by Mattel or

9   produced by MGA in response to Mattel's document requests, including, but not

10  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

11  Production of Documents and Tangible Things to MGA, and Request Nos. 121, and

12  123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

13  Larian.

14  REQUEST FOR PRODUCTION NO. 15:

15      All pleadings and other DOCUMENTS filed, submitted or served by YOU in

16  the BRATZ LAWSUITS that claim, allege or assert that the appearance or features

17  of any doll or other product, whether in whole or in part, INFRINGES BRATZ.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

19      MGA incorporates by reference its General Response and General Objections

20  above, as though fully set forth herein and specifically incorporates General

21  Objection No. 15 (regarding Definitions), including without limitation MGA's

22  objection to the definition of the terms BRATZ, BRATZ LAWSUITS and

23  INFRINGES.  MGA further objects to the request to the extent it seeks the

24  production of documents that are protected from disclosure under any applicable

25  privilege, doctrine or immunity, including without limitation the attorney-client

26  privilege, the work product doctrine, the right of privacy, and all other privileges

27  recognized under the constitutional, statutory or decisional law of the United States

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3 ,
P. 117

1   of America, the State of California or any other applicable jurisdiction.  MGA further

2   objects to this request on the grounds that it is overly broad and unduly burdensome

3   in that it seeks documents not relevant to the claims or defenses in this action and not

4   reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

5   demonstrated how all pleadings and other DOCUMENTS filed, submitted or served

6   by MGA in the BRATZ LAWSUITS that claim, allege or assert that the appearance

7   or features of any doll or other product INFRINGES BRATZ could be relevant to the

8   claims and defenses in this action.  The request is not limited to the subject matter of

9   this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

10  22 Order at 21:5-7.  MGA further objects to this request as being overly broad and

11  unduly burdensome on the grounds that it is not limited in time.  MGA further

12  objects to this request on the grounds that the terms BRATZ, BRATZ LAWSUITS

13  and INFRINGES render the request vague, ambiguous, overly broad and unduly

14  burdensome.  MGA further objects to the request to the extent that it seeks

15  documents that by reason of public filing, public distribution or otherwise are already

16  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to

17  the request to the extent that it seeks documents not in MGA's possession, custody or

18  control.  MGA further objects to the request to the extent it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would be

20  inimical to the business interests of MGA.  Such information may also be subject to

21  protective orders governing other litigations thereby precluding disclosure in

22  response to this request.  MGA further objects to the request to the extent it violates

23  the privacy rights of third parties to their private, confidential, proprietary or trade

24  secret information.

25        MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA in response to Mattel's document requests, including, but not

28

33

**MGA'S SUPPLEMENTAL RESPONSES**
**TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION**

Exhibit  3 ,
P.  110

1 | limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

2 | Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

3 | and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

4 | Larian, and Request Nos. 45 and 123 from Mattel, Inc.'s First Set of Requests for

5 | Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

6 | REQUEST FOR PRODUCTION NO. 16:

7 | All demonstrative exhibits filed, submitted, introduced, displayed or used by

8 | YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

9 | RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

10 | MGA incorporates by reference its General Response and General Objections

11 | above, as though fully set forth herein and specifically incorporates General

12 | Objection No. 15 (regarding Definitions), including without limitation MGA's

13 | objection to the definition of the terms BRATZ, BRATZ LAWSUITS and REFER

14 | OR RELATE TO.  MGA further objects to the request to the extent it seeks the

15 | production of documents that are protected from disclosure under any applicable

16 | privilege, doctrine or immunity, including without limitation the attorney-client

17 | privilege, the work product doctrine, the right of privacy, and all other privileges

18 | recognized under the constitutional, statutory or decisional law of the United States

19 | of America, the State of California or any other applicable jurisdiction.  MGA further

20 | objects to this request on the grounds that it is overly broad and unduly burdensome

21 | in that it seeks tangible items not relevant to the claims or defenses in this action and

22 | not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has

23 | not demonstrated how all demonstrative exhibits filed, submitted, introduced,

24 | displayed or used by MGA in the BRATZ LAWSUITS that REFER OR RELATE

25 | TO BRATZ could be relevant to the claims and defenses in this action.  The request

26 | is not limited to the subject matter of this action and is thus impermissibly overbroad.

27 | See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

28 |

1  request as being overly broad and unduly burdensome on the grounds that it is not

2  limited in time.  MGA further objects to this request on the grounds that the terms

3  BRATZ, BRATZ LAWSUITS and REFER OR RELATE TO render the request

4  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to

5  the term "demonstrative exhibits" as vague and ambiguous.  MGA further objects to

6  the request to the extent that it seeks documents that by reason of public filing,

7  public distribution or otherwise are already in Mattel's possession or are readily

8  accessible to Mattel.  MGA further objects to the request to the extent that it seeks

9  tangible items not in MGA's possession, custody or control.  MGA further objects to

10  the request to the extent it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of

12  MGA.  Such information may also be subject to protective orders governing other

13  litigations thereby precluding disclosure in response to this request.  MGA further

14  objects to the request to the extent it violates the privacy rights of third parties to

15  their private, confidential, proprietary or trade secret information.

16      MGA further objects to this request as cumulative, duplicative, and unduly

17  burdensome to the extent that it seeks documents previously requested by Mattel or

18  produced by MGA in response to Mattel's document requests, including, but not

19  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

20  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

21  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

22  Larian.

23  REQUEST FOR PRODUCTION NO. 17:

24      All expert reports and expert disclosures filed, submitted or served by YOU in

25  the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

26

27

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION
Exhibit 3 ,
P. 120

1  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 17:</u>

2        MGA incorporates by reference its General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation MGA's

5  objection to the definition of the terms BRATZ, BRATZ LAWSUITS and REFER

6  OR RELATE TO. MGA further objects to the request to the extent it seeks the

7  production of documents that are protected from disclosure under any applicable

8  privilege, doctrine or immunity, including without limitation the attorney-client

9  privilege, the work product doctrine, the right of privacy, and all other privileges

10  recognized under the constitutional, statutory or decisional law of the United States

11  of America, the State of California or any other applicable jurisdiction. MGA further

12  objects to this request on the grounds that it is overly broad and unduly burdensome

13  in that it seeks documents not relevant to the claims or defenses in this action and not

14  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

15  demonstrated how all expert reports and expert disclosures filed, submitted or served

16  by MGA in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ could

17  be relevant to the claims and defenses in this action. MGA further objects to this

18  request as being overly broad and unduly burdensome on the grounds that it is not

19  limited in time. The request is not limited to the subject matter of this action and is

20  thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-

21  7. MGA further objects to this request on the grounds that the terms BRATZ,

22  BRATZ LAWSUITS and REFER OR RELATE TO render the request vague,

23  ambiguous, overly broad and unduly burdensome. MGA further objects to the

24  request to the extent that it seeks documents that by reason of public filing, public

25  distribution or otherwise are already in Mattel's possession or are readily accessible

26  to Mattel. MGA further objects to the request to the extent that it seeks documents

27  not in MGA's possession, custody or control. MGA further objects to the request to

28

36

MGA'S SUPPLEMENTAL RESPONSES<br/>TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3 ,<br/>P. 121

1   the extent it seeks confidential, proprietary or commercially sensitive information,

2   the disclosure of which would be inimical to the business interests of MGA.  Such

3   information may also be subject to protective orders governing other litigations

4   thereby precluding disclosure in response to this request.  MGA further objects to the

5   request to the extent it violates the privacy rights of third parties to their private,

6   confidential, proprietary or trade secret information.

7        MGA further objects to this request as cumulative, duplicative, and unduly

8   burdensome to the extent that it seeks documents previously requested by Mattel or

9   produced by MGA in response to Mattel's document requests, including, but not

10   limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

11   Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

12   and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

13   Larian.

14   REQUEST FOR PRODUCTION NO. 18:

15        All subpoenas served in the BRATZ LAWSUITS that REFER OR RELATE

16   TO BRATZ.

17   RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

18        MGA incorporates by reference its General Response and General Objections

19   above, as though fully set forth herein and specifically incorporates General

20   Objection No. 15 (regarding Definitions), including without limitation MGA's

21   objection to the definition of the terms BRATZ, BRATZ LAWSUITS and REFER

22   OR RELATE TO.  MGA further objects to the request to the extent it seeks the

23   production of documents that are protected from disclosure under any applicable

24   privilege, doctrine or immunity, including without limitation the attorney-client

25   privilege, the work product doctrine, the right of privacy, and all other privileges

26   recognized under the constitutional, statutory or decisional law of the United States

27   of America, the State of California or any other applicable jurisdiction.  MGA further

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3 ,
P. 122

1  objects to this request on the grounds that it is overly broad and unduly burdensome

2  in that it seeks documents not relevant to the claims or defenses in this action and not

3  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

4  demonstrated how all subpoenas served in the BRATZ LAWSUITS that REFER OR

5  RELATE TO BRATZ could be relevant to the claims and defenses in this action.

6  MGA further objects to this request as being overly broad and unduly burdensome

7  on the grounds that it is not limited in time.  MGA further objects to this request on

8  the grounds that the terms BRATZ, BRATZ LAWSUITS and REFER OR RELATE

9  TO render the request vague, ambiguous, overly broad and unduly burdensome.

10  MGA further objects to the request to the extent that it seeks documents that by

11  reason of public filing, public distribution or otherwise are already in Mattel's

12  possession or are readily accessible to Mattel.  MGA further objects to the request to

13  the extent that it seeks documents not in MGA's possession, custody or control.

14  MGA further objects to the request to the extent it seeks confidential, proprietary or

15  commercially sensitive information, the disclosure of which would be inimical to the

16  business interests of MGA.  Such information may also be subject to protective

17  orders governing other litigations thereby precluding disclosure in response to this

18  request.  MGA further objects to the request to the extent it violates the privacy

19  rights of third parties to their private, confidential, proprietary or trade secret

20  information.

21      MGA further objects to this request as cumulative, duplicative, and unduly

22  burdensome to the extent that it seeks documents previously requested by Mattel or

23  produced by MGA in response to Mattel's document requests, including, but not

24  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

25  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

26  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

27  Larian.

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3 ,
P. 123

1  REQUEST FOR PRODUCTION NO. 19:

2       All DOCUMENTS produced pursuant to any subpoena in the BRATZ

3  LAWSUITS that REFER OR RELATE TO BRATZ.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

5       MGA incorporates by reference its General Response and General Objections

6  above, as though fully set forth herein and specifically incorporates General

7  Objection No. 15 (regarding Definitions), including without limitation MGA's

8  objection to the definition of the terms BRATZ, BRATZ LAWSUITS and REFER

9  OR RELATE TO. MGA further objects to the request to the extent it seeks the

10 production of documents that are protected from disclosure under any applicable

11 privilege, doctrine or immunity, including without limitation the attorney-client

12 privilege, the work product doctrine, the right of privacy, and all other privileges

13 recognized under the constitutional, statutory or decisional law of the United States

14 of America, the State of California or any other applicable jurisdiction. MGA further

15 objects to this request on the grounds that it is overly broad and unduly burdensome

16 in that it seeks documents not relevant to the claims or defenses in this action and not

17 reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

18 demonstrated how all DOCUMENTS produced pursuant to any subpoena in the

19 BRATZ LAWSUITS that REFER OR RELATE TO BRATZ could be relevant to the

20 claims and defenses in this action. The request is not limited to the subject matter of

21 this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May

22 22 Order at 21:5-7. MGA further objects to this request as being overly broad and

23 unduly burdensome on the grounds that it is not limited in time. MGA further

24 objects to this request on the grounds that the terms BRATZ, BRATZ LAWSUITS

25 and REFER OR RELATE TO render the request vague, ambiguous, overly broad

26 and unduly burdensome. MGA further objects to the request to the extent that it

27 seeks documents that by reason of public filing, public distribution or otherwise are

28

1  already in Mattel's possession or are readily accessible to Mattel.  MGA further

2  objects to the request to the extent that it seeks documents not in MGA's possession,

3  custody or control.  MGA further objects to the request to the extent it seeks

4  confidential, proprietary or commercially sensitive information, the disclosure of

5  which would be inimical to the business interests of MGA.  Such information may

6  also be subject to protective orders governing other litigations thereby precluding

7  disclosure in response to this request.  MGA further objects to the request to the

8  extent it violates the privacy rights of third parties to their private, confidential,

9  proprietary or trade secret information.

10      MGA further objects to this request as cumulative, duplicative, and unduly

11  burdensome to the extent that it seeks documents previously requested by Mattel or

12  produced by MGA in response to Mattel's document requests, including, but not

13  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

14  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

15  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

16  Larian.

17  REQUEST FOR PRODUCTION NO. 20:

18      All DOCUMENTS produced or made available for inspection by YOU in the

19  BRATZ LAWSUITS.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

21      MGA incorporates by reference its General Response and General Objections

22  above, as though fully set forth herein and specifically incorporates General

23  Objection No. 15 (regarding Definitions), including without limitation MGA's

24  objection to the definition of the term BRATZ LAWSUITS.  MGA further objects to

25  the request to the extent it seeks the production of documents that are protected from

26  disclosure under any applicable privilege, doctrine or immunity, including without

27  limitation the attorney-client privilege, the work product doctrine, the right of

28

40

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3
P. 126

1 privacy, and all other privileges recognized under the constitutional, statutory or

2 decisional law of the United States of America, the State of California or any other

3 applicable jurisdiction. MGA further objects to this request on the grounds that it is

4 overly broad and unduly burdensome in that it seeks documents not relevant to the

5 claims or defenses in this action and not reasonably calculated to lead to the

6 discovery of admissible evidence. Mattel has not demonstrated how all

7 DOCUMENTS produced or made available for inspection by MGA in the BRATZ

8 LAWSUITS could be relevant to the claims and defenses in this action. The request

9 is not limited to the subject matter of this action and is thus impermissibly overbroad.

10 See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this

11 request as being overly broad and unduly burdensome on the grounds that it is not

12 limited in time. MGA further objects to this request on the grounds that the term

13 BRATZ LAWSUITS renders the request vague, ambiguous, overly broad and

14 unduly burdensome. MGA further objects to the request to the extent that it seeks

15 documents that by reason of public filing, public distribution or otherwise are already

16 in Mattel's possession or are readily accessible to Mattel. MGA further objects to

17 the request to the extent that it seeks documents not in MGA's possession, custody or

18 control. MGA further objects to the request to the extent it seeks confidential,

19 proprietary or commercially sensitive information, the disclosure of which would be

20 inimical to the business interests of MGA. Such information may also be subject to

21 protective orders governing other litigations thereby precluding disclosure in

22 response to this request. MGA further objects to the request to the extent it violates

23 the privacy rights of third parties to their private, confidential, proprietary or trade

24 secret information.

25     MGA further objects to this request as cumulative, duplicative, and unduly

26 burdensome to the extent that it seeks documents requested pursuant to Request No

27 21 or previously requested by Mattel or produced by MGA in response to Mattel's

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3
P. 126

1  document requests, including, but not limited to:  Request Nos. 38 and 41 from

2  Mattel's First Set of Requests for Production of Documents and Tangible Things to

3  MGA, and Request Nos. 118, 121, and 123-124 from Mattel's First Set of Requests

4  for Documents and Things to Isaac Larian.

5  REQUEST FOR PRODUCTION NO. 21:

6      All DOCUMENTS produced or made available for inspection by YOU in the

7  BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

9      MGA incorporates by reference its General Response and General Objections

10 above, as though fully set forth herein and specifically incorporates General

11 Objection No. 15 (regarding Definitions), including without limitation MGA's

12 objection to the definition of the terms BRATZ, BRATZ LAWSUITS and REFER

13 OR RELATE TO.  MGA further objects to the request to the extent it seeks the

14 production of documents that are protected from disclosure under any applicable

15 privilege, doctrine or immunity, including without limitation the attorney-client

16 privilege, the work product doctrine, the right of privacy, and all other privileges

17 recognized under the constitutional, statutory or decisional law of the United States

18 of America, the State of California or any other applicable jurisdiction.  MGA further

19 objects to this request on the grounds that it is overly broad and unduly burdensome

20 in that it seeks documents not relevant to the claims or defenses in this action and not

21 reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

22 demonstrated how all DOCUMENTS produced or made available for inspection by

23 MGA in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ could be

24 relevant to the claims and defenses in this action.  This request "would . . . require

25 production of documents that merely mention . . . Bratz but that otherwise have no

26 relevance to the claims and defenses in the suit" and is thus impermissibly overbroad.

27 See  May 22, 2007 at 21:5-7.  MGA further objects to this request as being overly

28

Exhibit 3

P. 127

1 | broad and unduly burdensome on the grounds that it is not limited in time. MGA
2 | further objects to this request on the grounds that the terms BRATZ, BRATZ
3 | LAWSUITS and REFER OR RELATE TO render the request vague, ambiguous,
4 | overly broad and unduly burdensome. MGA further objects to the request to the
5 | extent that it seeks documents that by reason of public filing, public distribution or
6 | otherwise are already in Mattel's possession or are readily accessible to Mattel.
7 | MGA further objects to the request to the extent that it seeks documents not in
8 | MGA's possession, custody or control. MGA further objects to the request to the
9 | extent it seeks confidential, proprietary or commercially sensitive information, the
10 | disclosure of which would be inimical to the business interests of MGA. Such
11 | information may also be subject to protective orders governing other litigations
12 | thereby precluding disclosure in response to this request. MGA further objects to the
13 | request to the extent it violates the privacy rights of third parties to their private,
14 | confidential, proprietary or trade secret information.
15 | MGA further objects to this request as cumulative, duplicative, and unduly
16 | burdensome to the extent that it seeks documents requested pursuant to Request No.
17 | 20 or previously requested by Mattel or produced by MGA in response to Mattel's
18 | document requests, including, but not limited to: Request Nos. 38 and 41 from
19 | Mattel's First Set of Requests for Production of Documents and Tangible Things to
20 | MGA, and Request Nos. 118, 121, and 123-124 from Mattel's First Set of Requests
21 | for Documents and Things to Isaac Larian.
22 | REQUEST FOR PRODUCTION NO. 22:
23 | All DOCUMENTS produced or made available for inspection by YOU in the
24 | BRATZ LAWSUITS that REFER OR RELATE TO MGA, including without
25 | limitation the finances or financial condition of MGA.
26 |
27 |
28 |

43

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3
P. 128

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 22:</u>

1  MGA incorporates by reference its General Response and General Objections

2  above, as though fully set forth herein and specifically incorporates General

3  Objection No. 15 (regarding Definitions), including without limitation MGA's

4  objection to the definition of the terms BRATZ LAWSUITS and REFER OR

5  RELATE TO.  MGA further objects to the request to the extent it seeks the

6  production of documents that are protected from disclosure under any applicable

7  privilege, doctrine or immunity, including without limitation the attorney-client

8  privilege, the work product doctrine, the right of privacy, and all other privileges

9  recognized under the constitutional, statutory or decisional law of the United States

10  of America, the State of California or any other applicable jurisdiction.  MGA further

11  objects to this request on the grounds that it is overly broad and unduly burdensome

12  in that it seeks documents not relevant to the claims or defenses in this action and not

13  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

14  demonstrated how all DOCUMENTS produced or made available for inspection by

15  MGA in the BRATZ LAWSUITS that REFER OR RELATE TO MGA could be

16  relevant to the claims and defenses in this action.  The request is not limited to the

17  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

18  at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

19  overly broad and unduly burdensome on the grounds that it is not limited in time.

20  MGA further objects to this request on the grounds that the terms BRATZ, BRATZ

21  LAWSUITS and REFER OR RELATE TO render the request vague, ambiguous,

22  overly broad and unduly burdensome.  MGA further objects to the request to the

23  extent that it seeks documents that by reason of public filing, public distribution or

24  otherwise are already in Mattel's possession or are readily accessible to Mattel.

25  MGA further objects to the request to the extent that it seeks documents not in

26  MGA's possession, custody or control.  MGA further objects to the request to the

27

28

44

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3
P. 129

1 extent it seeks confidential, proprietary or commercially sensitive information, the

2 disclosure of which would be inimical to the business interests of MGA. Such

3 information may also be subject to protective orders governing other litigations

4 thereby precluding disclosure in response to this request. MGA further objects to the

5 request to the extent it violates the privacy rights of third parties to their private,

6 confidential, proprietary or trade secret information.

7       MGA further objects to this request as cumulative, duplicative, and unduly

8 burdensome to the extent that it seeks documents requested pursuant to Request No

9 20 or previously requested by Mattel or produced by MGA in response to Mattel's

10 document requests, including, but not limited to: Request Nos. 38 and 41 from

11 Mattel's First Set of Requests for Production of Documents and Tangible Things to

12 MGA, and Request Nos. 118, 121, 123-124, and 125 from Mattel's First Set of

13 Requests for Documents and Things to Isaac Larian, and Request Nos. 157 and 158-

14 159 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of

15 Unfair Competition to MGA Entertainment, Inc.

16 REQUEST FOR PRODUCTION NO. 23:

17       All Court orders, decisions and judgments in the BRATZ LAWSUITS.

18 RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

19       MGA incorporates by reference its General Response and General Objections

20 above, as though fully set forth herein and specifically incorporates General

21 Objection No. 15 (regarding Definitions), including without limitation MGA's

22 objection to the definition of the term BRATZ LAWSUITS. MGA further objects to

23 the request to the extent it seeks the production of documents that are protected from

24 disclosure under any applicable privilege, doctrine or immunity, including without

25 limitation the attorney-client privilege, the work product doctrine, the right of

26 privacy, and all other privileges recognized under the constitutional, statutory or

27 decisional law of the United States of America, the State of California or any other

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3
P. 130

1  applicable jurisdiction.  MGA further objects to this request on the grounds that it is

2  overly broad and unduly burdensome in that it seeks documents not relevant to the

3  claims or defenses in this action and not reasonably calculated to lead to the

4  discovery of admissible evidence.  Mattel has not demonstrated how all Court orders,

5  decisions and judgments in the BRATZ LAWSUITS could be relevant to the claims

6  and defenses in this action.  The request is not limited to the subject matter of this

7  action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22

8  Order at 21:5-7.  MGA further objects to this request as being overly broad and

9  unduly burdensome on the grounds that it is not limited in time.  MGA further

10  objects to this request on the grounds that the term BRATZ LAWSUITS renders the

11  request vague, ambiguous, overly broad and unduly burdensome.  MGA further

12  objects to the request to the extent that it seeks documents that by reason of public

13  filing, public distribution or otherwise are already in Mattel's possession or are

14  readily accessible to Mattel.  MGA further objects to the request to the extent that it

15  seeks documents not in MGA's possession, custody or control.  MGA further objects

16  to the request to the extent it seeks confidential, proprietary or commercially

17  sensitive information, the disclosure of which would be inimical to the business

18  interests of MGA.  Such information may also be subject to protective orders

19  governing other litigations thereby precluding disclosure in response to this request.

20         MGA further objects to this request as cumulative, duplicative, and unduly

21  burdensome to the extent that it seeks documents previously requested by Mattel or

22  produced by MGA in response to Mattel's document requests, including, but not

23  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

24  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

25  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

26  Larian.

27

28

1  REQUEST FOR PRODUCTION NO. 24:

2       All Court orders, decisions and judgments in any THIRD-PARTY LAWSUIT

3  in which YOU have claimed, alleged or stated, in words or substance, that any doll

4  or product sold, offered for sale, manufactured, distributed, promoted or advertised

5  by any PERSON infringes, dilutes or is confusingly similar to BRATZ.

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

7       MGA incorporates by reference its General Response and General Objections

8  above, as though fully set forth herein and specifically incorporates General

9  Objection No. 15 (regarding Definitions), including without limitation MGA's

10  objection to the definition of the terms BRATZ and THIRD-PARTY LAWSUITS.

11  MGA further objects to the request to the extent it seeks the production of documents

12  that are protected from disclosure under any applicable privilege, doctrine or

13  immunity, including without limitation the attorney-client privilege, the work

14  product doctrine, the right of privacy, and all other privileges recognized under the

15  constitutional, statutory or decisional law of the United States of America, the State

16  of California or any other applicable jurisdiction.  MGA further objects to this

17  request on the grounds that it is overly broad and unduly burdensome in that it seeks

18  documents not relevant to the claims or defenses in this action and not reasonably

19  calculated to lead to the discovery of admissible evidence.  Mattel has not

20  demonstrated how all Court orders, decisions and judgment in any THIRD-PARTY

21  LAWSUIT in which MGA claimed, alleged or stated that any doll or product

22  "infringes, dilutes or is confusingly similar to BRATZ" could be relevant to the

23  claims and defenses in this action.  The request is not limited to the subject matter of

24  this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

25  22 Order at 21:5-7.  MGA further objects to this request as being overly broad and

26  unduly burdensome on the grounds that it is not limited in time or geographical

27  scope.  MGA further objects to this request on the grounds that the terms BRATZ

28

1  and THIRD-PARTY LAWSUIT render the request vague, ambiguous, overly broad

2  and unduly burdensome.  MGA further objects to the phrase "infringes, dilutes or is

3  confusingly similar" as vague and ambiguous.  MGA further objects to the request to

4  the extent that it seeks documents that by reason of public filing, public distribution

5  or otherwise are already in Mattel's possession or are readily accessible to Mattel.

6  MGA further objects to the request to the extent that it seeks documents not in

7  MGA's possession, custody or control.  MGA further objects to the request to the

8  extent it seeks confidential, proprietary or commercially sensitive information, the

9  disclosure of which would be inimical to the business interests of MGA.  Such

10  information may also be subject to protective orders governing other litigations

11  thereby precluding disclosure in response to this request.  MGA further objects to the

12  request to the extent it violates the privacy rights of third parties to their private,

13  confidential, proprietary or trade secret information.

14      MGA further objects to this request as cumulative, duplicative, and unduly

15  burdensome to the extent that it seeks documents previously requested by Mattel or

16  produced by MGA in response to Mattel's document requests, including, but not

17  limited to:  Request Nos. 38 and 41 from Mattel's First Set of Requests for

18  Production of Documents and Tangible Things to MGA, and Request Nos. 118, 121,

19  and 123-124 from Mattel's First Set of Requests for Documents and Things to Isaac

20  Larian, and Request Nos. 45 and 123 from Mattel, Inc.'s First Set of Requests for

21  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

22  REQUEST FOR PRODUCTION NO. 25:

23      To the extent not produced in response to any other Request for Production, all

24  DOCUMENTS in which YOU have claimed, alleged or stated, in words or substance,

25  that any doll, product or other matter sold, offered for sale, manufactured, distributed,

26  promoted or advertised by any PERSON infringes, dilutes or is confusingly similar

27  to BRATZ.                    Exhibit 3 ,

28                               P. 133

48

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

2        MGA incorporates by reference its General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation MGA's

5  objection to the definition of the term BRATZ.  MGA further objects to the request

6  to the extent it seeks the production of documents that are protected from disclosure

7  under any applicable privilege, doctrine or immunity, including without limitation

8  the attorney-client privilege, the work product doctrine, the right of privacy, and all

9  other privileges recognized under the constitutional, statutory or decisional law of

10  the United States of America, the State of California or any other applicable

11  jurisdiction.  MGA further objects to this request on the grounds that it is overly

12  broad and unduly burdensome in that it seeks documents not relevant to the claims or

13  defenses in this action and not reasonably calculated to lead to the discovery of

14  admissible evidence.  Mattel has not demonstrated how all DOCUMENTS in which

15  MGA claimed that any doll product or other matter "infringes, dilutes or is

16  confusingly similar to BRATZ" could be relevant to the claims and defenses in this

17  action.  The request is not limited to the subject matter of this action and is thus

18  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

19  MGA further objects to this request as being overly broad and unduly burdensome

20  on the grounds that it is not limited in time or geographical scope.  MGA further

21  objects to this request on the grounds that the term BRATZ renders the request vague,

22  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

23  phrase "infringes, dilutes or is confusingly similar" as vague and ambiguous.  MGA

24  further objects to the request to the extent that it seeks documents that by reason of

25  public filing, public distribution or otherwise are already in Mattel's possession or

26  are readily accessible to Mattel.  MGA further objects to the request to the extent that

27  it seeks documents not in MGA's possession, custody or control.  MGA further

28

1  objects to the request to the extent it seeks confidential, proprietary or commercially

2  sensitive information, the disclosure of which would be inimical to the business

3  interests of MGA.  Such information may also be subject to protective orders

4  governing other litigations thereby precluding disclosure in response to this request.

5  MGA further objects to the request to the extent it violates the privacy rights of third

6  parties to their private, confidential, proprietary or trade secret information.

7      MGA further objects to this request as cumulative, duplicative, and unduly

8  burdensome to the extent that it seeks documents previously requested by Mattel or

9  produced by MGA in response to Mattel's document requests, including, but not

10  limited to:  Request Nos. 5-12, 20, 45-47, and 123 from Mattel, Inc.'s First Set of

11  Requests for Documents and Things re Claims of Unfair Competition to MGA

12  Entertainment, Inc., Request Nos. 90 from Mattel's First Set of Requests for

13  Production of Documents and Tangible Things to MGA, and Request Nos. 182 from

14  Mattel's First Set of Requests for Documents and Things to Isaac Larian.

15  REQUEST FOR PRODUCTION NO. 26:

16      To the extent not produced in response to any other Request for Production, all

17  DOCUMENTS, including without limitation pleadings, in which YOU have

18  referenced or described YOUR alleged trade dress rights or potential trade dress in

19  BRATZ.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

21      MGA incorporates by reference its General Response and General Objections

22  above, as though fully set forth herein and specifically incorporates General

23  Objection No. 15 (regarding Definitions), including without limitation MGA's

24  objection to the definition of the terms BRATZ.  MGA further objects to the request

25  to the extent it seeks the production of documents that are protected from disclosure

26  under any applicable privilege, doctrine or immunity, including without limitation

27  the attorney-client privilege, the work product doctrine, the right of privacy, and all

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3,
P. 135

1   other privileges recognized under the constitutional, statutory or decisional law of

2   the United States of America, the State of California or any other applicable

3   jurisdiction.  MGA further objects to this request on the grounds that it is overly

4   broad and unduly burdensome in that it seeks documents not relevant to the claims or

5   defenses in this action and not reasonably calculated to lead to the discovery of

6   admissible evidence.  Mattel has not demonstrated how all DOCUMENTS

7   referencing MGA's alleged or potential trade dress in BRATZ could be relevant to

8   the claims and defenses in this action.  The request is not limited to the subject

9   matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

10  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

11  overly broad and unduly burdensome on the grounds that it is not limited in time or

12  geographical scope.  MGA further objects to this request on the grounds that the term

13  BRATZ renders the request vague, ambiguous, overly broad and unduly burdensome.

14  MGA further objects to the request to the extent that it seeks documents that by

15  reason of public filing, public distribution or otherwise are already in Mattel's

16  possession or are readily accessible to Mattel.  MGA further objects to the request to

17  the extent that it seeks documents not in MGA's possession, custody or control.

18  MGA further objects to the request to the extent it seeks confidential, proprietary or

19  commercially sensitive information, the disclosure of which would be inimical to the

20  business interests of MGA.

21       MGA further objects to this request as cumulative, duplicative, and unduly

22  burdensome to the extent that it seeks documents previously requested by Mattel or

23  produced by MGA in response to Mattel's document requests, including, but not

24  limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

25  Requests for Documents and Things re Claims of Unfair Competition to MGA

26  Entertainment, Inc., Request Nos. 90 from Mattel's First Set of Requests for

27

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION
Exhibit  3  ,
P. 136

1 | Production of Documents and Tangible Things to MGA, and Request No. 182 from

2 | Mattel's First Set of Requests for Documents and Things to Isaac Larian.

3 | REQUEST FOR PRODUCTION NO. 27:

4 | To the extent not produced in response to any other Request for Production, all

5 | DOCUMENTS, including without limitation pleadings, in which YOU have

6 | referenced or described YOUR alleged copyright rights or potential copyright rights

7 | in BRATZ.

8 | RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

9 | MGA incorporates by reference its General Response and General Objections

10 | above, as though fully set forth herein and specifically incorporates General

11 | Objection No. 15 (regarding Definitions), including without limitation MGA's

12 | objection to the definition of the terms BRATZ.  MGA further objects to the request

13 | to the extent it seeks the production of documents that are protected from disclosure

14 | under any applicable privilege, doctrine or immunity, including without limitation

15 | the attorney-client privilege, the work product doctrine, the right of privacy, and all

16 | other privileges recognized under the constitutional, statutory or decisional law of

17 | the United States of America, the State of California or any other applicable

18 | jurisdiction.  MGA further objects to this request on the grounds that it is overly

19 | broad and unduly burdensome in that it seeks documents not relevant to the claims or

20 | defenses in this action and not reasonably calculated to lead to the discovery of

21 | admissible evidence.  Mattel has not demonstrated how all DOCUMENTS

22 | referencing MGA's alleged or potential copyright rights in BRATZ could be relevant

23 | to the claims and defenses in this action.  The request is not limited to the subject

24 | matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

25 | 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

26 | overly broad and unduly burdensome on the grounds that it is not limited in time or

27 | geographical scope.  MGA further objects to this request on the grounds that the term

28 |

1  BRATZ renders the request vague, ambiguous, overly broad and unduly burdensome.

2  MGA further objects to the request to the extent that it seeks documents that by

3  reason of public filing, public distribution or otherwise are already in Mattel's

4  possession or are readily accessible to Mattel.  MGA further objects to the request to

5  the extent that it seeks documents not in MGA's possession, custody or control.

6  MGA further objects to the request to the extent it seeks confidential, proprietary or

7  commercially sensitive information, the disclosure of which would be inimical to the

8  business interests of MGA.  Such information may also be subject to protective

9  orders governing other litigations thereby precluding disclosure in response to this

10  request.

11       MGA further objects to this request as cumulative, duplicative, and unduly

12  burdensome to the extent that it seeks documents previously requested by Mattel or

13  produced by MGA in response to Mattel's document requests, including, but not

14  limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

15  Requests for Documents and Things re Claims of Unfair Competition to MGA

16  Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

17  Production of Documents and Tangible Things to MGA, and Request No. 182 from

18  Mattel's First Set of Requests for Documents and Things to Isaac Larian.

19  REQUEST FOR PRODUCTION NO. 28:

20       To the extent not produced in response to any other Request for Production, all

21  DOCUMENTS, including without limitation pleadings, in which YOU have

22  referenced or described YOUR alleged patent rights or potential patent rights in

23  BRATZ.

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

25       MGA incorporates by reference its General Response and General Objections

26  above, as though fully set forth herein and specifically incorporates General

27  Objection No. 15 (regarding Definitions), including without limitation MGA's

28

1  objection to the definition of the terms BRATZ.  MGA further objects to the request

2  to the extent it seeks the production of documents that are protected from disclosure

3  under any applicable privilege, doctrine or immunity, including without limitation

4  the attorney-client privilege, the work product doctrine, the right of privacy, and all

5  other privileges recognized under the constitutional, statutory or decisional law of

6  the United States of America, the State of California or any other applicable

7  jurisdiction.  MGA further objects to this request on the grounds that it is overly

8  broad and unduly burdensome in that it seeks documents not relevant to the claims or

9  defenses in this action and not reasonably calculated to lead to the discovery of

10  admissible evidence.  Mattel has not demonstrated how all DOCUMENTS

11  referencing MGA's alleged or potential patent rights in BRATZ could be relevant to

12  the claims and defenses in this action.  The request is not limited to the subject

13  matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at

14  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

15  overly broad and unduly burdensome on the grounds that it is not limited in time or

16  geographical scope.  MGA further objects to this request on the grounds that the term

17  BRATZ renders the request vague, ambiguous, overly broad and unduly burdensome.

18  MGA further objects to the request to the extent that it seeks documents that by

19  reason of public filing, public distribution or otherwise are already in Mattel's

20  possession or are readily accessible to Mattel.  MGA further objects to the request to

21  the extent that it seeks documents not in MGA's possession, custody or control.

22  MGA further objects to the request to the extent it seeks confidential, proprietary or

23  commercially sensitive information, the disclosure of which would be inimical to the

24  business interests of MGA.

25      MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA in response to Mattel's document requests, including, but not

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3
P. 139

1   limited to:  Request Nos. 5-12, 20, and 46-47 from Mattel, Inc.'s First Set of

2   Requests for Documents and Things re Claims of Unfair Competition to MGA

3   Entertainment, Inc., Request No. 90 from Mattel's First Set of Requests for

4   Production of Documents and Tangible Things to MGA, and Request No. 182 from

5   Mattel's First Set of Requests for Documents and Things to Isaac Larian.

6   REQUEST FOR PRODUCTION NO. 29:

7        All DOCUMENTS that REFER OR RELATE TO any agreements settling,

8   resolving, compromising or otherwise disposing of the BRATZ LAWSUITS.

9   RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

10        MGA incorporates by reference its General Response and General Objections

11   above, as though fully set forth herein and specifically incorporates General

12   Objection No. 15 (regarding Definitions), including without limitation MGA's

13   objection to the definition of the terms BRATZ LAWSUITS and REFER OR

14   RELATE TO.  MGA further objects to the request to the extent it seeks the

15   production of documents that are protected from disclosure under any applicable

16   privilege, doctrine or immunity, including without limitation the attorney-client

17   privilege, the work product doctrine, the right of privacy, and all other privileges

18   recognized under the constitutional, statutory or decisional law of the United States

19   of America, the State of California or any other applicable jurisdiction.  MGA further

20   objects to this request on the grounds that it is overly broad and unduly burdensome

21   in that it seeks documents not relevant to the claims or defenses in this action and not

22   reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

23   demonstrated how all DOCUMENTS that REFER OR RELATE TO any agreements

24   settling, resolving, compromising or otherwise disposing of the BRATZ LAWSUITS

25   could be relevant to the claims and defenses in this action.  The request is not limited

26   to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

27   Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as

28

1 being overly broad and unduly burdensome on the grounds that it is not limited in

2 time.  MGA further objects to this request on the grounds that the terms BRATZ and

3 REFER OR RELATE TO render the request vague, ambiguous, overly broad and

4 unduly burdensome.  MGA further objects to the phrase "agreements settling,

5 resolving, compromising or otherwise disposing of" as vague and ambiguous.  MGA

6 further objects to the request to the extent that it seeks documents that by reason of

7 public filing, public distribution or otherwise are already in Mattel's possession or

8 are readily accessible to Mattel.  MGA further objects to the request to the extent that

9 it seeks documents not in MGA's possession, custody or control.  MGA further

10 objects to the request to the extent it seeks confidential, proprietary or commercially

11 sensitive information, the disclosure of which would be inimical to the business

12 interests of MGA.  Such information may also be confidential and subject to

13 protective orders governing other litigations or other non-disclosure or

14 confidentiality agreements thereby precluding disclosure in response to this request.

15 MGA further objects to the request to the extent it violates the privacy rights of third

16 parties to their private, confidential, proprietary or trade secret information.

17       MGA further objects to this request as cumulative, duplicative, and unduly

18 burdensome to the extent that it seeks documents previously requested by Mattel or

19 produced by MGA in response to Mattel's document requests, including, but not

20 limited to:  Request No. 125 from Mattel's First Set of Requests for Production of

21 Documents and Tangible Things to MGA.

22 <u>REQUEST FOR PRODUCTION NO. 30:</u>

23       All DOCUMENTS that REFER OR RELATE TO any agreements settling,

24 resolving, compromising or otherwise disposing of any legal proceedings in which

25 YOU have claimed that any product sold, offered for sale, manufactured, distributed,

26 promoted or advertised by such PERSON infringes, dilutes or is confusingly similar

27 to BRATZ.

28

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

2       MGA incorporates by reference its General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General

4  Objection No. 15 (regarding Definitions), including without limitation MGA's

5  objection to the definition of the terms BRATZ and REFER OR RELATE TO.

6  MGA further objects to the request to the extent it seeks the production of documents

7  that are protected from disclosure under any applicable privilege, doctrine or

8  immunity, including without limitation the attorney-client privilege, the work

9  product doctrine, the right of privacy, and all other privileges recognized under the

10  constitutional, statutory or decisional law of the United States of America, the State

11  of California or any other applicable jurisdiction.  MGA further objects to this

12  request on the grounds that it is overly broad and unduly burdensome in that it seeks

13  documents not relevant to the claims or defenses in this action and not reasonably

14  calculated to lead to the discovery of admissible evidence.  Mattel has not

15  demonstrated how all DOCUMENTS that REFER OR RELATE TO any agreements

16  settling, resolving, compromising or otherwise disposing of any legal proceedings in

17  which MGA claimed any product "infringes, dilutes or is confusingly similar" to

18  BRATZ could be relevant to the claims and defenses in this action.  The request is

19  not limited to the subject matter of this action and is thus impermissibly overbroad.

20  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this

21  request as being overly broad and unduly burdensome on the grounds that it is not

22  limited in time or geographic scope.  MGA further objects to this request on the

23  grounds that the terms BRATZ and REFER OR RELATE TO render the request

24  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to

25  the phrases "agreements settling, resolving, compromising or otherwise disposing

26  of" and "infringes, dilutes or is confusingly similar" as vague and ambiguous.  MGA

27  further objects to the request to the extent that it seeks documents that by reason of

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 3,
P. 142

1  public filing, public distribution or otherwise are already in Mattel's possession or

2  are readily accessible to Mattel.  MGA further objects to the request to the extent that

3  it seeks documents not in MGA's possession, custody or control.  MGA further

4  objects to the request to the extent it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the business

6  interests of MGA.  Such information may also be subject to protective orders

7  governing other litigations or other non-disclosure or confidentiality agreements

8  thereby precluding disclosure in response to this request.

9      MGA further objects to this request as cumulative, duplicative, and unduly

10  burdensome to the extent that it seeks documents previously requested by Mattel or

11  produced by MGA in response to Mattel's document requests, including, but not

12  limited to:  Request Nos. 45 and 123 from Mattel, Inc.'s First Set of Requests for

13  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

14  REQUEST FOR PRODUCTION NO. 31:

15      All DOCUMENTS that REFER OR RELATE to any use or considered,

16  proposed or potential use, of the term "Jade" in connection with any MGA doll,

17  product or other matter, including without limitation all trademark search report for

18  "Jade."

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

20      MGA incorporates by reference its General Response and General Objections

21  above, as though fully set forth herein and specifically incorporates General

22  Objection No. 15 (regarding Definitions), including without limitation MGA's

23  objection to the definition of the term REFER OR RELATE TO.  MGA further

24  objects to the request to the extent it seeks the production of documents that are

25  protected from disclosure under any applicable privilege, doctrine or immunity,

26  including without limitation the attorney-client privilege, the work product doctrine,

27  the right of privacy, and all other privileges recognized under the constitutional,

28

MGA'S SUPPLEMENTAL RESPONSES
TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION
Exhibit 3,
P. 143

1  relevant to this action, and is thus impermissibly overbroad.  See Aug. 13 Order at

2  9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

3  overly broad and unduly burdensome on the grounds that it is not limited in time.

4  MGA further objects to the request to the extent that it seeks documents not in

5  MGA's possession, custody or control.  MGA further objects to the request to the

6  extent it seeks confidential, proprietary or commercially sensitive information, the

7  disclosure of which would be inimical to the business interests of MGA.  MGA

8  further objects to the request to the extent it violates the privacy rights of third parties

9  to their private, confidential, proprietary or trade secret information.  Such

10  information may also be subject to protective orders governing other litigations

11  thereby precluding disclosure in response to this request.

12      MGA further objects to this request as cumulative, duplicative, and unduly

13  burdensome to the extent that it seeks documents previously requested by Mattel or

14  produced by MGA in response to Mattel's document requests, including, but not

15  limited to:  Request Nos. 79-89 from Mattel's First Set of Requests for Production of

16  Documents and Tangible Things to MGA, and Request No. 60 from Mattel, Inc.'s

17  First Set of Requests for Documents and Things re Claims of Unfair Competition to

18  MGA Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests

19  for Documents and Things to Isaac Larian.

20  DATED:  January 9, 2008

21                              SKADDEN, ARPS, SLATE, MEAGHER &
22                              FLOM, LLP

23                      By: _____
24                                  Timothy A. Miller
                                Attorneys for Counter-Defendants, MGA
25                            ENTERTAINMENT, INC., ISAAC
                            LARIAN, MGA ENTERTAINMENT (HK)
26                            LIMITED, AND MGAE de MEXICO
                                    S.R.L. de C.V.

27

28

                              157
                MGA'S SUPPLEMENTAL RESPONSES
        TO MATTEL'S THIRD SET OF REQUESTS FOR PRODUCTION
                        Exhibit 3
                        P. 144

# EXHIBIT 4

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:   (415) 774-2611
Facsimile:   (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>     Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>     Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC.; DENYING REQUEST FOR SANCTIONS** |

## I. INTRODUCTION

On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Production of Documents and Things by MGA Entertainment, Inc. ("MGA") and for Award of Monetary

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

Exhibit 4
P. 145

1   Sanctions.  Specifically, Mattel seeks an order compelling MGA to produce documents and things

2   responsive to Request Nos. 1-88 of Mattel's Third Set of Requests for Documents and Things, as

3   well as a complete privilege log identifying any documents responsive to these Requests that have

4   been withheld on privilege grounds.  On February 7, 2008, MGA submitted an opposition, and on

5   February 14, 2008, Mattel submitted a reply.  On April 9, 2008, Mattel submitted the

6   Supplemental Declaration of Jon D. Corey, and the next day MGA submitted the Supplemental

7   Declaration of Bernard Shek.  The motion was heard on April 11, 2008.

8                                    II. DISCUSSION

9        Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

10  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

11  party."  Fed.R.Civ.P. 26(b)(1).  The court shall, however, limit the frequency or extent of use of

12  the discovery methods if the court determines that (i) the discovery sought is unreasonably

13  cumulative or duplicative, or is obtainable from some other source that is more convenient, less

14  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

15  discovery in the action to obtain the information sought; or (iii) the burden or expense of the

16  proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

17  amount in controversy, the parties' resources, the importance of the issues at stake in the

18  litigation, and the importance of the proposed discovery in resolving the issues.  Fed.R.Civ.P.

19  26(b)(2)(C).

20  A.  Documents and Things Related to Other Bratz-Related Lawsuits and Claims by MGA That

21  Other Dolls or Products Infringe Bratz (Request Nos. 1-30)

22       In Request Nos. 1-30, Mattel asks for documents and things relating to MGA's assertion of

23  rights relating to Bratz and to twenty-five different litigations that Mattel defines as the "BRATZ

24  LAWSUITS."  These requests are grossly overbroad and unduly burdensome.  The mere fact that

25  Bratz was the subject of separate and unrelated litigation between MGA (and its affiliates) and

26  various third parties does not render every pleading, discovery response, order, exhibit, transcript

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

Exhibit  4  ,
P. 146

1  or other document or thing relating to these twenty-five different litigations relevant to this

2  litigation. Mattel has made no attempt to narrow these requests to the claims and defenses in this

3  case. For example, Request No. 6 seeks "[a]ll DOCUMENTS that REFER OR RELATE TO any

4  claim or contention by YOU (other than in this ACTION) that any doll, product or other matter,

5  whether in whole or in part, that has been sold, offered for sale, manufactured, distributed,

6  promoted or advertised by any PERSON INFRINGES BRATZ." Kidman Decl., Ex. 1. The

7  phrase "REFER OR RELATE" is defined expansively to mean "constituting, embodying,

8  containing, referring to, commenting on, evidencing, regarding, discussing, describing,

9  mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating,

10  revoking or otherwise relating to in any manner." Id. As another example, Request No. 20 seeks

11  "[a]ll DOCUMENTS produced or made available for inspection by YOU in the BRATZ

12  LAWSUITS." Kidman Decl., Ex. 1. Mattel has not demonstrated how all of these requested

13  documents could be relevant to the claims and defenses in this case.

14       Further, to the extent Request Nos. 1-30 encompass relevant documents and things, the

15  requests are unreasonably cumulative of other discovery Mattel has sought and received from

16  MGA. According to MGA's calculations, MGA has produced more than 20,000 pages of

17  documents relating to more than a dozen other lawsuits, including numerous sworn statements

18  and testimony. Moreover, the burden and expense of responding to Request Nos. 1-30, which

19  cover seven years worth of litigation from twenty-five separate lawsuits, far outweigh the likely

20  benefit of the discovery, particularly in light of the production of documents MGA has already

21  made. Accordingly, Mattel's motion is denied as to Request Nos. 1-30.

22  **B. Documents Relating to Any Use or Considered Use of the Term "Jade" (Request No. 31)**

23       In Request No. 31, Mattel seeks documents related to the use or considered use of the term

24  "Jade" in connection with any MGA doll or product. In its supplemental response, MGA agrees

25  to produce non-privileged documents in its possession, custody or control, if any, that it is able to

26  locate following a reasonably diligent search, that were created prior to January 1, 2001 and refer

27

28  

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

Exhibit 4,
P. 147

1   or relate to the use, or considered, proposed or potential use, of the term "Jade" in connection with

2   any MGA doll, product or other matter.  The parties' most recent submissions indicate that Mattel

3   is prepared to limit the time frame for its request through September 30, 2001, whereas MGA

4   proposes through June 30, 2001.

5          Mattel's motion to compel production of documents responsive to Request No. 31 is

6   granted with respect to the period through June 30, 2001.  Bratz was released to the market

7   sometime in June 2001, and thus MGA's proposed time frame is reasonably tailored to include

8   documents relevant to the creation and development of Bratz.  To the extent Mattel seeks

9   documents beyond what MGA agrees to produce, Mattel's motion is denied.  The burden and

10  expense of requiring MGA to conduct another search for responsive documents at this stage in the

11  litigation far outweigh the likely benefit of the discovery, taking into consideration all of the

12  factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

13  C. Documents and Things Related to Sandra Bilotto, the "Prayer Angels" (Request Nos. 32-41)

14         In Request Nos. 32-41, Mattel seeks documents and things related to Sandra Bilotto, a

15  former Mattel vendor and the sculptor of MGA's "Prayer Angels" dolls.  In its supplemental

16  responses, MGA agrees to produce documents requested in Nos. 35, 37, 39 and 41, limited to the

17  period prior to January 1, 2001.  MGA objects to producing any additional documents responsive

18  to this category of requests.

19         The parties' most recent submissions indicate that Mattel agrees to defer its motion to

20  compel as to Request Nos. 32, 33, 36 and 38 in light of the stay on Phase 2 discovery, and to

21  withdraw its motion as to Request Nos. 34, 35, 37 and 39 based upon MGA's representations

22  regarding the completeness of its document production.[1]  Further, Mattel agrees to limit Request

23

24

25         [1] Although Mattel agrees to withdraw its motion as to Request Nos. 34, 35, 37 and 39, Mattel requests that

26  MGA update its supplemental responses to these requests to reflect what documents MGA has produced.  Mattel's request is granted.  MGA shall serve supplemental responses to these requests no later than April 30, 2008.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                                          4

Exhibit   4
P. 148

1   Nos. 40 and 41 to documents through September 30, 2001. In contrast, MGA proposes limiting

2   Request Nos. 40 and 41 to documents through June 30, 2001.

3       Mattel's motion to compel production of documents responsive to Request Nos. 40 and 41

4   is granted consistent with MGA's proposal. To the extent Mattel seeks documents beyond what

5   MGA agrees to produce, Mattel's motion is denied on the grounds that the discovery is overly

6   broad and unduly burdensome, taking into consideration all of the factors set forth in Rule

7   26(b)(2)(C), Fed.R.Civ.P.

8   D. MGA's Communications With and Payments to Paula Garcia (Request Nos. 42, 76, 77)

9       In Request Nos. 42, 76 and 77, Mattel seeks communications between Isaac Larian and

10  Paula Garcia, and documents regarding MGA's payments to Ms. Garcia. Ms. Garcia was MGA's

11  Bratz project manager. Prior to her employment with MGA, Ms. Garcia was employed by Mattel.

12      The parties' most recent submissions indicate that Mattel agrees to narrow Request No. 42

13  to communications through September 30, 2001. In contrast, MGA proposes limiting Request

14  No. 42 to communications between Mr. Larian and Ms. Garcia that refer or relate to Carter Bryant

15  or Bratz through June 30, 2001.

16      Mattel's motion to compel production of documents responsive to Request No. 42 is

17  granted consistent with MGA's proposal. To the extent Mattel seeks additional communications

18  beyond what MGA agrees to produce, Mattel's motion is denied because the discovery sought is

19  overbroad, unduly burdensome, and cumulative of other Phase 1 discovery Mattel has previously

20  sought and received. See Temkin Decl., ¶3.

21      With respect to Request Nos. 76-77, Mattel's recent submission indicates that Mattel is

22  willing to withdraw its motion if MGA represents that it has produced and can identify documents

23  that show the total amount of payments made to Ms. Garcia. MGA provides the requested

24  representation and identification of documents in its April 10, 2008 submission. During the April

25  11, 2008 hearing, however, it was apparent that these requests remained at issue.

26

27

28

Exhibit 4,
P. 149

1    Mattel's motion is denied as to Request Nos. 76-77 because MGA has already produced

2    documents sufficient to show what payments MGA has made to Ms. Garcia.  See Supp. Shek

3    Decl., Ex. at p.6.  Furthermore, although the requests encompass relevant documents, the requests

4    are overbroad and unduly burdensome, taking into consideration all of the factors set forth in Rule

5    26(b)(2)(C), Fed.R.Civ.P.

6    E. Documents Relating to the Development of Scooter Samantha (Request Nos. 43-55)

7    In Request Nos. 43-55, Mattel seeks documents and things related to the conception,

8    design and development of MGA's Scooter Samantha products.  Mattel's motion is denied as to

9    these requests because they relate primarily to Phase 2 of this case, and discovery relating to

10   Phase 2 has been stayed.  Mattel's reasons for seeking such discovery in Phase 1 are twofold:  to

11   develop evidence to challenge MGA's product development timeline for Bratz and to impeach

12   Ms. Garcia's credibility.  Mattel's stated reasons do not justify the substantial breadth and burden

13   of the requested discovery, taking into consideration all of the factors set forth in Rule

14   26(b)(2)(C), Fed.R.Civ.P.

15   F. Documents Relating to the Development of Scot Reyes and the Development of Space Babes

16   (Request Nos. 56-75)

17   In Request Nos. 56-75, Mattel seeks documents and things related to the conception,

18   design and development of Space Babes and to Scot Reyes, a former Mattel employee.  Mattel's

19   most recent submission indicates that Mattel agrees to defer its motion to compel as to Request

20   Nos. 56-75 in light of the stay on Phase 2 discovery.

21   G. Personnel and Vendor Files (Request Nos. 78-88)

22   In Request Nos. 78-88, Mattel seeks all personnel and vendor files for more than 120

23   individuals.  In its supplemental responses, MGA agrees to produce non-privileged documents

24   from the personnel and vendor files of the individuals identified in Request Nos. 78-86 to the

25   extent such documents relate to work that the individuals performed relating to Bratz prior to

26

27

28

1   January 1, 2001.  MGA objects to producing any documents responsive to Request Nos. 87 and

2   88.

3        The parties' most recent submissions indicate that MGA proposes to produce documents

4   from the personnel and vendor files of the individuals identified in Request Nos. 78-86 that relate

5   to any work they performed on Bratz, Angel and Prayer Angel through June 30, 2001.  Mattel

6   contends that it is entitled to all documents it has requested.

7        Mattel's motion is granted as to Request Nos. 78-86 consistent with MGA's proposal.  To

8   the extent Mattel seeks any additional documents responsive to Request Nos. 78-86, Mattel's

9   motion is denied pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P.

10        Mattel's motion is also denied as to Request Nos. 87 and 88 (files for former Mattel

11   employees), because they relate primarily to Phase 2 issues.  To the extent Request Nos. 87 and

12   88 include documents potentially relevant to Phase 1 issues, these requests are overbroad and

13   unduly burdensome, taking into consideration all of the factors set forth in Rule 26(b)(2)(C),

14   Fed.R.Civ.P.

15   III. CONCLUSION

16        For the reasons set forth above, Mattel's motion to compel is granted as to Request Nos.

17   31, 40-42 and 78-86, only to the extent MGA agrees to produce responsive documents as

18   reflected in MGA's Supplemental Declaration of Bernard Shek dated April 10, 2008.  MGA shall

19   produce documents and things in accordance with this order, as well as privilege log identifying

20   responsive documents withheld on the basis of privilege, no later than April 30, 2008.  Further,

21   MGA shall serve supplemental responses to Request Nos. 34, 35, 37 and 39 no later than April

22   30, 2008.

23   Mattel's motion to compel is denied in all other respects.  Mattel's request for sanctions is denied.

24        In view of the stay on Phase 2 discovery, this Order does not address the propriety of any

25   of Mattel's requests for purposes of Phase 2 discovery.  Nothing in this Order is intended to

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

Exhibit _4_,
P._151_

1   authorize or preclude Mattel from seeking further production of documents in response to Request

2   Nos. 1-88 during Phase 2 discovery.

3        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

4   Master, Mattel shall file this Order with the Clerk of Court forthwith.

5

6   Dated: April 14, 2008

7                 HON. EDWARD A. INFANTE (Ret.)
                    Discovery Master

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                              8

Exhibit 4
P. 152

# EXHIBIT 5

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
4     Jon D. Corey (Bar No. 185066)
      (joncorey@quinnemanuel.com)
5   865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
7   Telephone:  (213) 443-3000
    Facsimile:   (213) 443-3100
8
9   Attorneys for Mattel, Inc.

10
11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                    EASTERN DIVISION

14  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

15           Plaintiff,                  Consolidated with
                                         Case No. CV 04-09059
16        vs.                            Case No. CV 05-02727

17                                       MATTEL, INC.'S NOTICE OF
18  MATTEL, INC., a Delaware             MOTION AND MOTION
    corporation,                         OBJECTING TO PORTIONS OF
                                         DISCOVERY MASTER'S APRIL 14,
19                                       2008 ORDER GRANTING IN PART
           Defendant.                    AND DENYING IN PART MATTEL,
20                                       INC.'S MOTION TO COMPEL
                                         PRODUCTION OF DOCUMENTS
21                                       AND THINGS BY MGA
    AND CONSOLIDATED ACTIONS             ENTERTAINMENT, INC.
22
23                                       Date:     June 16, 2008
                                         Time:    10:00 a.m.
24                                       Place:    Courtroom 1

25                                       **Phase 1**
                                         Pre-Trial Conference:   May 19, 2008
26                                       Trial Date:             May 27, 2008

27                    Exhibit 5
28                    P. 153

-07209/2486431.1                         Case No. CV 04-9049 SGL (RNBx)
       MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 14, 2008 ORDER DENYING IN PART
                    MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that on June 16, 2008, at 10:00 a.m., or as

3  soon thereafter as counsel may be heard, in the Courtroom of The Honorable

4  Stephen G. Larson, located at 3470 Twelfth Street, Riverside, California 92501,

5  plaintiff and counter-defendant Mattel, Inc. ("Mattel") will, and hereby does, move

6  the Court to overrule portions of the Discovery Master's April 14, 2008 Order

7  Granting in Party and Denying in Part Mattel's Motion to Compel Production of

8  Documents and Things by MGA Entertainment, Inc.; Denying Request for

9  Sanctions.

10          This Motion is made pursuant to <u>Federal Rule of Civil Procedure</u> 72(a)

11  on the grounds that the Discovery Master's Order was clearly erroneous in its ruling

12  denying Mattel's motion to compel production as to Request Nos. 6, 15, 23 and 25.

13          This Motion is based on this Notice of Motion and Motion, the

14  accompanying Memorandum of Points and Authorities, the Declaration of Jon D.

15  Corey filed concurrently herewith, and all other matters of which the Court may take

16  judicial notice.

17          **<u>Statement of Rule 37-1 Compliance</u>**

18          Mattel met and conferred with MGA Entertainment, Inc. on the issues

19  raised in this motion beginning on December 24, 2007 and times thereafter.

20

21  DATED:  April 28, 2008        QUINN EMANUEL URQUHART OLIVER &
                           HEDGES, LLP

22

23                    By  /s/ Jon D. Corey

24                        Jon D. Corey

25                        Attorneys for Mattel, Inc.

26

27               Exhibit __5__,
               P. __154__

28

-07209/2486431.1                         -1-               Case No. CV 04-9049 SGL (RNBx)

Case 2:04-cv-09049-DOC-RNB   Document 4173-4   Filed 07/31/08   Page 74 of 111   Page ID
#:105448
Case 2:04-cv-09049-SGL-RNB   Document 3333   Filed 04/28/2008   Page 3 of 11

## Preliminary Statement

1             Contradicting positions MGA espouses in this case, MGA has accused
2 other toy companies of producing dolls that infringe the copyrights in Carter
3 Bryant's Bratz drawings.  MGA has asserted in those suits (a) Bryant's Bratz
4 drawings are original and protected by copyright; (b) that three-dimensional dolls
5 infringe the copyrights in those two-dimensional drawings, and (c) that the allegedly
6 infringing dolls are substantially similar to both Bryant's drawings and the Bratz
7 dolls.  In this case, however, and in a complete about face, MGA argues that
8 Bryant's Bratz drawings are not original or protectible, that three-dimensional dolls
9 cannot infringe those two-dimensional drawings, and that even through competitors'
10 dolls are substantially similar to the drawings *and the Bratz dolls*, Bryant's drawings
11 and the Bratz dolls are not substantially similar.
12
13             To prove that these arguments are a contrivance for this case and to
14 show that MGA is judicially estopped from making those arguments here, Mattel
15 served its Third Set of Requests for Documents and Things to MGA (the "Third
16 Requests"), seeking, among other things, documents from the cases in which MGA
17 had taken the opposite position.  MGA refused to produce them.  The Discovery
18 Master denied Mattel's motion to compel production of these documents even
19 though Mattel, during the meet and confer process, agreed to reduce MGA's claimed
20 "burden" to simply identifying the location of the court and pleading files from these
21 cases (which would contain only non-privileged documents) so that Mattel could go
22 to their locations and review these non-privileged documents.  The Discovery
23 Master's decision to deny Mattel such unquestionably relevant and potentially
24 determinative evidence is clear error and contrary to law.
25             Mattel moves this Court for an Order overruling the Discovery Master's
26 April 14, 2008 Order regarding Mattel's Third Requests as to four specific requests
27 only.  Request Nos. 6, 15, 23 and 25 seek documents relating to claims or
28

MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 14, 2008 ORDER DENYING IN PART
MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA

Exhibit 5 ,
P. 155

1  contentions by MGA that dolls or other products infringe Bratz or are confusingly

2  similar to Bratz and court orders and judgments from other Bratz-related lawsuits.

3  These requests are narrowly tailored to documents that are directly relevant to

4  MGA's claims and defenses in this lawsuit.  Accordingly, the Discovery Master's

5  Order denying Mattel's motion to compel production of documents responsive to

6  these requests should be overruled, and MGA should be ordered to produce

7  responsive documents.

8                              **Procedural History**

9          Mattel served its Third Set of Requests for Documents and Things to

10  MGA Entertainment, Inc. (the "Third Requests") on October 24, 2007.[1]  Mattel

11  sought documents related to claims and contentions by MGA—in other lawsuits or

12  otherwise—about what type of products MGA claims infringes the Bratz copyrights,

13  including Bryant's drawings.[2]

14          MGA served its responses to the Third Requests on November 26,

15  2007.[3]  In its initial responses, MGA objected to each requests and did not agree to

16  produce any responsive documents.  After meeting and conferring, MGA agreed to a

17  limited production, but still would not agree to produce responsive documents

18  relating to positions taken in other Bratz copyright infringement cases.

19      [1]    Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA
20  Entertainment, Inc. dated October 24, 2007 ("Third Requests") (The Third Requests
    are attached as Exhibit 1 to the January 28, 2008 Declaration of Scott B. Kidman in
21  Support of Mattel, Inc.'s Motion to Compel Production of and Things by MGA
22  Entertainment, Inc. and for Award of Monetary Sanctions ("Kidman Dec."), a copy
    of is being concurrently lodged with the Court.)
23
        [2]    Id. at 11, 13, 14-15 (Request Nos. 6, 15, 23 and 25).
24
        [3]    MGA Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s
25  Third Set of Requests for Production of Documents and Things, dated November
26  26, 2007 and Objections and Supplemental Responses to Mattel, Inc.'s Third Set of
    Requests for Production of Documents and Things, dated January 9, 2008 (Kidman
27  Dec. Exs. 2, 4).                    Exhibit  5
                                        P. 156
28

07209/2486431.1

1    Mattel moved to compel.  The Discovery Master issued an Order

2  Granting in Part and Denying in Part Mattel's Motion on April 14, 2008.[4]  The

3  Discovery Master denied Mattel's motion to compel production of documents in

4  response to Request Nos. 1-30 on the grounds that the requests are overbroad and

5  unduly burdensome.[5]  The Discovery Master found that "the burden and expense of

6  responding to Request Nos. 1-30, which cover seven years worth of litigation from

7  twenty-five separate lawsuits, far outweigh the likely benefit of the discovery."[6]

8    **Argument**

9  I.     **THE STANDARD OF REVIEW**

10    By Stipulation and Order appointing the Discovery Master in this case,

11  the Discovery Master's ruling are treated like those of a Magistrate Judge.  Such

12  rulings should be overruled if they are "clearly erroneous or [] contrary to law." Fed.

13  R. Civ. Proc. 72(a).

14    Mattel seeks an Order overruling the Discovery Master's denial of

15  Mattel's motion to compel regarding the Third Requests as to four specific requests

16  only.  These requests are:

17    •    **REQUEST NO. 6:**  "All DOCUMENTS that REFER OR

18    RELATE TO any claim or contention by YOU (other than in this

19    ACTION) that any doll, product or other matter, whether in

20    whole or in part, that has been sold, offered for sale,

21

22

---

23    [4]   Discovery Master's April 14, 2008 Order Granting in Part and Denying in

24  Part Mattel's Motion to Compel Production of Documents and Things by MGA

25  Entertainment, Inc.; Denying Request for Sanctions ("April 14, 2008 Order") (Corey

  Dec. Ex. 1).

26    [5]   Id. at 2.

27    [6]   Id. at 3.                                Exhibit  5
                                               P. 157

28

MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 14, 2008 ORDER DENYING IN PART
MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA

1    manufactured, distributed, promoted or advertised by any

2    PERSON INFRINGES BRATZ."

3    •    **REQUEST NO. 15:** "All pleadings and other DOCUMENTS

4        filed, submitted or served by YOU in the BRATZ LAWSUITS

5        that claim, allege or assert that the appearance or features of any

6        doll or other product, whether in whole or in part, INFRINGES

7        BRATZ."

8    •    **REQUEST NO. 23:** "All Court orders, decisions and judgments

9        in the BRATZ LAWSUITS."

10   •    **REQUEST NO. 25:** "To the extent not produced in response to

11       any other Request for Production, all DOCUMENTS in which

12       YOU have claimed, alleged or stated, in words or substance, that

13       any doll, product or other matter sold, offered for sale,

14       manufactured, distributed, promoted or advertised by any

15       PERSON infringes, dilutes or is confusingly similar to BRATZ."

16

17   II.   **THE ORDER IS CLEARLY ERRONEOUS AND CONTRARY TO**

18        **LAW IN DECLINING TO COMPEL MGA TO PRODUCE**

19        **DOCUMENTS SHOWING THAT MGA HAS TAKEN AND**

20        **PREVAILED ON POSITIONS CONTRARY TO THOSE IT ASSERTS**

21        **HERE**

22        A.    **Documents Referring or Relating to Claims by MGA (in Lawsuits**

23             **and Otherwise) That Other Dolls and Products Infringe Bratz**

24

25        The Discovery Master's Order was clearly erroneous and contrary to

26   law in denying Mattel's motion to compel documents responsive to Request Nos. 6,

27   15, 23 and 25.  Request Nos. 6, 15 and 25 seek documents relating to claims or

28

1  contentions by MGA that other dolls or products infringe Bratz or are confusingly

2  similar to Bratz.  Request No. 23 seeks court orders, decisions and judgments from

3  other Bratz-related lawsuits to which MGA is or was a party.

4          Documents responsive to these four requests are directly relevant to

5  key issues in this lawsuit, including some of MGA's primary defenses to Mattel's

6  copyright infringement claim.  MGA has taken the position in this lawsuit that

7  Bryant Bratz drawings are not original or otherwise materially protectible under

8  copyright and that its three-dimensional Bratz dolls cannot infringe the two-

9  dimensional Bratz drawings created by Carter Bryant that Mattel claims it owns

10  pursuant to the Inventions Agreement.  MGA has also taken the position that the

11  Bratz dolls are not substantially similar to Mr. Bryant's Bratz drawings.[7]

12          To rebut those defenses, Mattel wishes to show that MGA has

13  repeatedly asserted—and successfully argued to courts—that other three-

14  dimensional dolls infringe the copyrights in Mr. Bryant's drawings.  In fact, Mattel

15  is aware of at least two instances in which MGA has done this.  In <u>MGA</u>

16  <u>Entertainment, Inc. v. Multitoy, Inc., et al.,</u> Case No. CV04-2524 (C.D. Cal.), MGA

17  _____

18  [7]   <u>See, e.g.,</u> MGA Parties' Mem. of Points and Auths. in Opp. to Mattel, Inc.'s Motion for Partial Summary Judgment (Corey Dec. Ex. 2), at 4 ("MGA Parties'

19  experts show that when Bryant's sketches are filtered of their unprotectable

20  elements, *little original expression remains and that expression is not duplicated in the Bratz dolls*"; "*Bryant's sketches are only entitled to 'thin' copyright protection . .*

21  *..*") (emphasis added); MGA Entertainment, Inc.'s Supplemental Responses to

22  Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated November 30, 2007 (Kidman Dec. Ex. 10), at 7, 9-12 (MGA's Supplemental Response to Interrogatory

23  No. 42) ("[W]ith respect to Carter Bryant's drawings, MGA points out that *two-*

24  *dimensional drawings do not translate into three-dimensional dolls* without original, creative effort.") (emphasis added); Expert Report of Peter S. Menell, dated

25  February 11, 2008 (Corey Dec. Ex. 3); Expert Report of Mary Bergstein, dated

26  February 11, 2008 (Corey Dec. Ex. 4); Expert Report of Debora Middleton, dated February 11, 2008 (Corey Dec. Ex. 5); Expert Report of Paul K. Meyer, dated

27  February 11, 2008 (Corey Dec. Ex. 6), at 16.

28

MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 14, 2008 ORDER DENYING IN PART
MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA

Exhibit  5 ,
P. 159

Case 2:04-cv-09049-DOC-RNB   Document 4173-4   Filed 07/31/08   Page 79 of 111   Page ID
#:105453
Case 2:04-cv-09049-SGL-RNB   Document 3333   Filed 04/28/2008   Page 8 of 11

1    asserted claims of copyright infringement against defendants for producing and

2    selling dolls that allegedly infringed the copyrights in Mr. Bryant's Bratz drawings.[8]

3    And, in litigation initiated by MGA in Hong Kong against Cityworld Ltd. and other

4    companies, MGA's CEO, Isaac Larian, submitted an affidavit confirming that MGA

5    was claiming that defendants' dolls "have infringed the 2 dimensional drawings

6    which are artistic works in which copyright subsists."[9]   The Bratz drawings at issue

7    in these other lawsuits are the very Bryant Bratz drawings that are at the heart of this

8    case.  Mattel is entitled to discover MGA's similarly inconsistent contentions in

9    other litigation.

10          Documents from other Bratz-related lawsuits are highly relevant here,

11   and the requested documents should be produced.  By successfully arguing to other

12   courts that Carter Bryant's drawings are protectable, that those drawings are

13   infringed by three-dimensional dolls and that other dolls are substantially similar to

14   those drawings *and the Bratz dolls*, MGA is judicially estopped from taking

15   inconsistent positions in this lawsuit.  See Hamilton v. State Farm Fire & Cas. Co.,

16   270 F.3d 778, 782 (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that

17   precludes a party from gaining an advantage by asserting one position, and then later

18   seeking an advantage by taking a clearly inconsistent position.").  As recognized by

19   the Ninth Circuit, "[t]he application of judicial estoppel is not limited to bar the

20   assertion of inconsistent positions in the same litigation, but is also appropriate to

21          _____

22          [8]  See Complaint filed by MGA in MGA Entertainment, Inc. v. Multitoy, Inc.,
     et al., Case No. CV04-2524 CBM (CWx).  (A copy of the Multitoy, Inc. Complaint

23   is attached as Exhibit B to the April 9, 2008 Supplemental Declaration of Jon D.
     Corey in Support of Mattel, Inc.'s Motion to Compel Production of Documents and

24   Things by MGA Entertainment, Inc. and for Award of Monetary Sanctions("Supp'l

25   Corey Dec."), a copy of which is being lodged concurrently herewith.)

26          [9]  Affidavit of Isaac Larian from ABC Int'l Traders, Inc. d/b/a MGA
     Entertainment v. Toys & Trends (Hong Kong) Ltd., et al. matter in High Court of

27   the Hong Kong Special Administrative Region (Supp'l Corey Dec. Ex. C), at ¶ 12.

28

07209/2486431.1

-6-                           Case No. CV 04-9049 SGL (RNBx)
MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 14, 2008 ORDER DENYING IN PART
MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA
Exhibit 5 ,
P. 160

Case 2:04-cv-09049-DOC-RNB   Document 4173-4   Filed 07/31/08   Page 80 of 111   Page ID
#:105454
Case 2:04-cv-09049-SGL-RNB     Document 3333     Filed 04/28/2008     Page 9 of 11

1  bar litigants from making incompatible statements in two different cases." Id. at 783

2  (citing Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 497, 605 (9th Cir.

3  1996)).  To refute MGA's contrived defenses in this lawsuit, Mattel has every right

4  to obtain discovery regarding MGA's positions regarding the Bryant drawings and

5  Bratz dolls in other lawsuits—to show that MGA is judicially estopped from taking

6  inconsistent positions in this lawsuit and also to impeach the current positions of

7  MGA and its experts.

8         Each of the four requests as to which Mattel seeks relief are properly

9  tailored to seek documents bearing on these issues.  For example, Request Nos. 6,

10  15 and 25 seek documents relating to claims or contentions by MGA that dolls or

11  other products infringe Bratz or are confusingly similar to Bratz.  Request No. 23

12  seeks court orders, decisions and judgments from other Bratz-related lawsuits.[10]

13  These documents are relevant to this lawsuit for the reasons identified above.

14         Moreover, prior court orders and decisions from other Bratz-related

15  lawsuits are also relevant to another key issue in this case—the origins of Bratz.

16  MGA has admitted that issues relating to the origins of Bratz have been previously

17  litigated in lawsuits between MGA and alleged infringers and counterfeiters, and

18  obtaining discovery regarding those court orders and decisions from those cases is

19  reasonably calculated to lead to the discovery of admissible evidence on that issue.[11]

20         Documents responsive to the Request Nos. 6, 15, 23 and 25 are directly

21  relevant to rebutting and impeaching MGA's current litigation positions and its

22  experts' claims on these issues in this case.  Mattel is plainly entitled to discover

---

23      [10]  Mattel specifically defined "Bratz Lawsuits" in the Third Requests and

24  identified twenty-five lawsuits that Mattel believes may be Bratz-related lawsuits,

25  though there are likely others of which Mattel is unaware.

26      [11]  See MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to

27  Compel Production of Documents and Interrogatory Answers, dated February 20,

2007 (Kidman Dec. Ex. 8), at 25.

28

MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 14, 2008 ORDER DENYING IN PART
MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA

Exhibit  5
P.  161

1   other instances in which MGA has made statements and representations to courts or

2   other parties that are inconsistent with its current positions in this lawsuit that the

3   Bratz dolls cannot infringe Carter Bryant's two-dimensional Bratz drawings and that

4   the dolls are not substantially similar to those drawings.

5        The Discovery Master denied Mattel's motion to compel production of

6   these documents in large part because he found that "the burden and expense of

7   responding to [these requests] . . . far outweigh the likely benefit of the discovery."[12]

8   But that finding is unsupportable on the record.  Mattel sought to limit any burden

9   on MGA by asking that MGA merely identifying the location of responsive non-

10   privileged files from other Bratz-related lawsuits.[13]  MGA refused, showing that

11   MGA's unsubstantiated claims of undue burden as to the requests are nothing more

12   than an effort to avoid its discovery obligations.

13        In fact, there was no legal or evidentiary basis for the conclusion of

14   undue burden as to the requests at issue here.  As the Discovery Master has

15   previously held in this case, the party claiming undue burden is required to prove

16   it.[14]  This is consistent with well-settled law.  See Oakes v. Halvorsen Marine Ltd.,

17   179 F.R.D. 281, 283 (C.D. Cal. 1998) ("The party who resists discovery has the

18   burden to show that discovery should not be allowed, and has the burden of

19   clarifying, explaining, and supporting its objections."); U.S. v. Uptergrove, 2008

20   WL 652119, *6 (E.D. Cal. 2008) (same); Cram v. Electronic Data Systems Corp.,

21   2007 WL 4365516, *2 (S.D. Cal. 2007) (same); see also Rivera v. NIBCO, Inc., 364

---

[12]   Discovery Master's April 14, 2008 Order (Corey Dec. Ex. 1), at 3.

[13]   April 9, 2008 Letter from Jon Corey to Amy Park (Supp'l Corey Dec. Ex. A), at 2.

[14]   See, e.g., Order Granting Mattel's Motion To Compel Production Of Documents And Interrogatory Responses By MGA, dated May 16, 2007 at 12-13, ("Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome . . . ").

Exhibit _5_,
P. _162_

MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 14, 2008 ORDER DENYING IN PART
MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA

1   F.3d 1057, 1063 (9th Cir. 2004) (holding that it is burden of party seeking protective

2   order to "demonstrat[e] harm or prejudice that will result from the discovery").

3   None of MGA's declarations below demonstrated that compliance with these four

4   requests would be unduly burdensome, and certainly not with respect to Mattel's

5   proposal whereby all MGA would have to do is identify the location of responsive

6   files from other Bratz-related lawsuits.  Request Nos. 6, 15, 23 and 25 are not

7   unduly burdensome, especially relative to Mattel's need for this significant evidence

8   to refute MGA's own arguments about key copyrighted works at issue in this case.

9       The Discovery Master's Order denying Mattel's motion to compel

10   production of these documents accordingly should be overruled.

11

12                    **<u>Conclusion</u>**

13       For the foregoing reasons, Mattel, Inc. respectfully requests that the

14   Court enter an Order overruling the Discovery Master's April 14, 2008 Order as to

15   Request Nos. 6, 15, 23 and 25 of Mattel's Third Requests and compelling MGA

16   Entertainment, Inc. to produce documents responsive to those requests.

17

18

19   DATED:  April 28, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

20

21

22                 By  /s/ Jon D. Corey

23                    Jon D. Corey
                    Attorneys for Mattel, Inc.

24

25

26

27              Exhibit _5_,
              P. _163_

28

MATTEL'S MOTION OBJECTING TO DISCOVERY MASTER'S APRIL 14, 2008 ORDER DENYING IN PART
MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA

# EXHIBIT 6

AO88 (Rev. 12/07) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT                    OF CALIFORNIA

CARTER BRYANT, an individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases
CV 04-9059 and CV 05-2727

TO: Custodian of Records, MGA Entertainment (HK) Limited
16380 Roscoe Blvd., Suite 200
Van Nuys, CA 91406

[X]  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| US District Court - Central District of California<br>Eastern Division - Riverside Courthouse<br>3470 Twelfth Street<br>Riverside, CA 92501 | Hon. Stephen Larson<br>Court Room 1 |
|  | DATE AND TIME<br>August 5, 2008<br>9:00 a.m. |

[ ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| US District Court - Central Dist. of CA, Eastern Division<br>3470 Twelfth Street<br>Riverside, CA 92501 | August 5, 2008<br>9:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | July 24, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lesley E. Williams, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017      (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit 6 ,
P. 164

AO-88

<u>Exhibit A (MGA HK)</u>

Please produce ORIGINALS of the following documents, items and tangible things:

1.      Dolls, tangible items, and photographs of the dolls and tangible items on which MGA sued in the lawsuit captioned <u>MGA vs. Cityworld</u>.

2.      Dolls, tangible items, and photographs of dolls and tangible items on which MGA sued on in the lawsuit captioned <u>MGA vs. Double Grand</u>.

3.      Dolls, tangible items, and photographs of dolls and tangible items on which MGA sued in the lawsuit captioned <u>MGA vs. Hunglam</u>.

4.      Dolls, tangible items, and photographs of dolls and tangible items that on which MGA sued in the lawsuit captioned <u>MGA vs. Union Top</u>.

5.      Dolls, tangible items, and photographs of dolls and tangible items that MGA sued in the lawsuit captioned <u>MGA vs. Mutlitoy</u>.

6.      Dolls, tangible items, and photographs of dolls and tangible items on which MGA sued in the lawsuit captioned <u>MGA vs. Wai Man</u>.

7.      Dolls, tangible items, and photographs of dolls and tangible items on which MGA in the lawsuit captioned <u>MGA vs. Uni-Fortune</u>.

8.      Dolls, tangible items, and photographs of dolls and tangible items produced by Bandai America on which MGA threatened to sue.

Exhibit _6_,
P. _1165_

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit 6,
P. 166

# EXHIBIT 7

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

__CENTRAL DISTRICT__        OF CALIFORNIA

CARTER BRYANT, an individual

V.

MATTEL, INC., a Delaware corporation

**SUBPOENA IN A CIVIL CASE**

Case Number: [1]  CV 04-9049 SGL  (RNBx)
Consolidated with cases
CV 04-9059 and CV 05-2727

TO: Custodian of Records, MGA Entertainment, Inc.
      16380 Roscoe Blvd., Suite 200
      Van Nuys, CA 91406

[X]  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| US District Court - Central District of California Eastern Division - Riverside Courthouse 3470 Twelfth Street Riverside, CA 92501 | Hon. Stephen Larson Court Room 1 |
| | DATE AND TIME August 5, 2008 9:00 a.m. |

[ ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| US District Court - Central Dist. of CA, Eastern Division 3470 Twelfth Street Riverside, CA 92501 | August 5, 2008 9:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | July 24, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lesley E. Williams, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017      (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

Exhibit 7
P. 167

## Exhibit A (MGA)

Please produce ORIGINALS of the following documents, items and tangible things:

1.     Dolls, tangible items, and photographs of the dolls and tangible items on which MGA sued in the lawsuit captioned <u>MGA vs. Cityworld</u>.

2.     Dolls, tangible items, and photographs of dolls and tangible items on which MGA sued on in the lawsuit captioned <u>MGA vs. Double Grand</u>.

3.     Dolls, tangible items, and photographs of dolls and tangible items on which MGA sued in the lawsuit captioned <u>MGA vs. Hunglam</u>.

4.     Dolls, tangible items, and photographs of dolls and tangible items that on which MGA sued in the lawsuit captioned <u>MGA vs. Union Top</u>.

5.     Dolls, tangible items, and photographs of dolls and tangible items that MGA sued in the lawsuit captioned <u>MGA vs. Mutlitoy</u>.

6.     Dolls, tangible items, and photographs of dolls and tangible items on which MGA sued in the lawsuit captioned <u>MGA vs. Wai Man</u>.

7.     Dolls, tangible items, and photographs of dolls and tangible items on which MGA in the lawsuit captioned <u>MGA vs. Uni-Fortune</u>.

8.     Dolls, tangible items, and photographs of dolls and tangible items produced by Bandai America on which MGA threatened to sue.

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                           DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



Exhibit **7**,
P. **169**

# EXHIBIT 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                    Date:  May 12, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.

<u>Consolidated With Related Actions:</u>
CASE NO. CV 04-09059 SGL(RNBx):  MATTEL, INC., v. CARTER BRYANT,
CASE NO. CV 05-02727 SGL (RNBx): MGA ENTERTAINMENT, INC., v. MATTEL, INC.,
===================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                              Theresa Lanza
        Courtroom Deputy Clerk                  Court Reporter

<u>ATTORNEYS PRESENT FOR CARTER BRYANT</u>:          <u>ATTORNEYS PRESENT FOR MATTEL</u>:

Matthew M. Werdegar                    Jon D. Corey
                                       Harry A. Olivar
                                       Timothy L. Alger
                                       Diane Hutnyan


<u>ATTORNEYS PRESENT FOR MGA PARTIES</u>:              <u>ATTORNEYS PRESENT FOR THIRD PARTIES</u>

Thomas J. Nolan                        Sandra I. Tholen
Raoul D. Kennedy                       for Matthew Bousquette

                                       Christian C. Dowell
                                       for AnaElise Cloonan, Margaret Hatch-Leahy,
                                       and Veronica Marlow


**PROCEEDINGS:    ORDER RULING ON DISCOVERY MOTIONS**

        The Court heard argument regarding eleven motions seeking review of various orders of
the Discovery Master.


MINUTES FORM 90                                Initials of Deputy Clerk:  jh
CIVIL -- GEN                  Page 1          Time:  1/35

Exhibit  *8* ,
P.  170

As agreed by the parties and as ordered by the Court, the Court reviews the orders of the Discovery Master under the standard set forth in Fed. R. Civ. P. 72(a), and will modify or set aside only those parts of the Discovery Master's orders that are clearly erroneous or contrary to law. This is a deferential standard, under which the Court upholds rulings on issues that it perhaps would have resolved differently if presented with them in the first instance.

With this standard in mind, the Court **DENIES** the following motions as neither clearly erroneous nor contrary to law:

2.  Docket # 3338 Mattel's Motion for Review of and Objecting to Discovery Master's April 14, 2008 Order Granting in Part Mattel's Motion to Compel Communications Regarding this Action;

5.  Docket # 3443 Mattel's Motion Objecting to Portions of Discovery Masters April 14, 2008, Order Denying Motion to Compel Production in Response to Mattel's Fifth Set of Request for Production of Documents;[1]

8.  Docket # 3334 Mattel's Motion to Set Aside Order of Discovery Master, dated April 11, 2008, Granting in Part MGA's Motion to Compel Mattel to Produce a Witness Pursuant to Notice of Deposition Pursuant to Rule 30(b)(6);[2]

10. Docket # 3289 Mattel's Motion for Review of and Objecting to Portions of the Discovery Master's April 11, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow;

11. Docket # 3287 Ana Elise Cloonan's Motion Objecting to Portions of the Discovery Master's April 11, 2008, Order Regarding Further Examination of Ms. Cloonan's Computer and Zip Disk; and

---

[1]  The Court considered the issues as presented to the Discovery Master rather than the more narrow issues presented by Mattel's post hoc efforts to compromise. See Motion at 4 n.17.

[2]  At the hearing, counsel raised two points regarding this motion in need of clarification. First, the parties' positions differ as to whether the need for discovery regarding Mattel employees who have refused to sign the Inventions Agreement has been mooted by the Court's Order addressing the parties' motions for partial summary judgment. It has not. The Court's ruling that the Inventions Agreement is enforceable is based strictly on contract construction and does not take into account the unresolved equitable affirmative defenses. Second, the parties are in agreement that four issues, set forth in Mattel's Reply at 10-11, are related only to Phase 2. Although the Court at this time upholds the Discovery Master's Order compelling testimony regarding these topics, the deposition as to these four Phase 2 topics is nevertheless subject to the Order staying all Phase 2 discovery.

MINUTES FORM 90                                                                      Initials of Deputy Clerk: jh
CIVIL -- GEN                                    Page 2                               Time:  1/35

Exhibit _8_
P. _171_

12.    Docket # 3483 Mattel's Motion for Review of Discovery Master's April 22, 2008 Order Denying Motion To Compel Additional Deposition Testimony Of Veronica Marlow.

The issues raised in each of the above motions represent the Discovery Master's balancing of relevant factors against the burdens of production, and the relevant findings and conclusions are neither clearly erroneous nor contrary to law.

The Court **GRANTS** the following motion:

1.    Docket # 3314 MGA's Motion for Review of Discovery Master's April 22, 2008 Order Granting Matthew Bousquette's Motion To Quash Subpoena.

The Discovery Master improperly concluded that Mr. Bousquette does not reside in California. Based on the evidence before this Court that Mr. Bousquette owns a residence (upon which he claimed a California homeowner's exemption) and business in California; is registered to vote in California; holds a California driver license and has registered several motor vehicles with the state of California Department of Motor Vehicles, the Court finds that Mr. Bousquette is in fact a resident of California. The Court therefore sets aside the Discovery Master's Order quashing the subpoena of Matthew Bousquette. The Court orders that Mr. Bousquette be deposed on May 17, 2008, in Palm Springs, California, the city of his residence.

The Court **GRANTS IN PART AND DENIES IN PART** the following motion:

4.    Docket # 3398 Mattel's Motion Objecting to Discovery Master's Denial of Motion to Compel Production of Document Bates Numbered MGA 3801819-22.

The Discovery Master did not consider this motion on its merits, instead ruling that he would not decide motions filed after April 16, 2008. The Court, therefore, considers the motion in the first instance and rules as follows:

Although styled a motion to compel production of a four-page document, the motion, in substance, is addressed to two lines redacted from MGA 3801819. The redacted lines are composed of three parts: (1) A listing of three first names, separated by slashes, and followed by a colon; (2) a request addressed to the three named people (consisting of a five-word sentence); and (3) a one-sentence declaration addressed to them.

In a declaration filed with the Court, Mr. Larian, the author of the redacted message, states that the purpose of this message was to seek legal advice. Notwithstanding this declaration, only the second of the three parts of the redaction is reasonably susceptible to the meaning Mr. Larian attributes to the whole. Absent even from this part is language that suggests legal advice was sought, such as: "Let me know what you think," "Please advise," or "Let's discuss further." Nevertheless, Mr. Larian states that the purpose of this message was to seek legal advice and, because this language is reasonably susceptible to that meaning, the Court holds that the five-word sentence beginning with the polite "Please" and ending the with the temporal acronym

"ASAP" is privileged and may remain redacted.

The third part, the declarative sentence, is not reasonably susceptible to the seeking of legal advice:  It is a declaration by MGA's CEO to a number of employees of what must be done – or, more accurately, what must not be done.  It is edict, not inquiry.

To the extent that it may be contended by MGA or Mr. Larian that the two sentences must be read in harmony to comprise one singular message, the declarative nature of the third part, when read together with the lack of inquiry language of the second part, would lead the Court only to the conclusion that the second part is also not privileged; it would not compel a conclusion that the third part is also privileged.

Accordingly, MGA must provide to Mattel, within two days of the entry of this Order, a copy of MGA 3801819 that eliminates the redaction of the three names that identifies to whom the message is addressed and of the sentence that begins, "There must be no mention of," and ends with "etc.".

The Court **DENIES** the following motion:

6.      Docket # 3410 MGA's Motion Objecting to Discovery Master's April 25, 2008, Order Denying MGA's Motion to Compel Discovery on Issues as to Which Mattel has Waived the Attorney-Client and Work Product Privileges;

On April 25, 2008, the Discovery Master issued a well-reasoned order denying MGA's motion to compel discovery as to issues upon which MGA contended Mattel had waived the attorney-client and work product privileges.  The Court leaves this Order undisturbed, and therefore **DENIES** MGA's motion.

The Discovery Master correctly applied the so-called Hearn test, which traces its roots back to the district court opinion of Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975), to determine whether Mattel had waived the privilege as to materials related to the accrual of its claims.  That test may be stated as follows:

> First, the court considers whether the party is asserting the privilege as the result of some affirmative act, such as filing suit. . . .  Second, the court examines whether through this affirmative act, the asserting party puts the privileged information at issue. . . .  Finally, the court evaluates whether allowing the privilege would deny the opposing party access to information vital to its defense.

United States v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999) (internal quotation marks and citation omitted).

In applying this test, the Discovery Master ruled that the first element was met, and this

Initials of Deputy Clerk:  jh
Time:  1/35

Exhibit 8 ,
P. 173

ruling is unchallenged by the parties.  However, the Discovery Master also ruled that the second and third elements were not met.  These rulings are challenged by MGA.

Although the court finds the second element a close call, the third element is clearly not met.  Although Mattel has privileged information relevant to a determination of claim accrual, unless MGA would otherwise be denied evidence on this crucial topic, the privilege is not waived:

> It is true that privileged communications do not become discoverable simply because they are related to issues raised in the litigation. . . . When the sought-after evidence is only one of several forms of indirect evidence about an issue, the privilege has not been waived.

Id. (internal alteration marks, quotation marks, and citations omitted).  Here, MGA has had access to, and has presented to the Court in connection with the motions for partial summary judgment, other forms of material evidence regarding the accrual date of Mattel's claims.  Accordingly, the Discovery Master's Order on this issue was neither clearly erroneous nor contrary to law, as all three elements must be present to find waiver.  See Home Indem. Co. v. Lane Powell Moss and Miller, 43 F.3d 1322, 1327 (9th Cir. 1995) (assuming the first two elements of the Hearn test had been met but nevertheless finding no waiver because the third element was not).  Because the Court finds that the Discovery Master correctly ruled that the third element was not met, thus necessitating denial of the present motion, the Court does not consider what is effectively an alternative basis for denial, i.e., whether the second element was met.

In connection with its ruling on this issue, the Court has received and reviewed the unredacted version of the De Anda email referred to by the parties at the summary judgment hearing.

The Court **GRANTS IN PART AND DENIES IN PART** the following motion:

7.   Docket # 3333 Mattel's Motion for Review of and Objecting to Portions of Discovery Master's April 14, 2008 Order Granting in Part and Denying in Part Mattel, Inc.'s Motion to Compel Production of Documents and Things.

The Discovery Master denied the motion to compel as overly broad and unduly burdensome.  He also held that the requested discovery is not relevant and that it is unreasonably cumulative of other discovery.

The Discovery Master erred in concluding that Mattel failed to establish the relevancy of its requests.  The four requests which are at issue in this motion – Nos. 6, 15, 23, and 25 – are clearly relevant to Mattel's claims and defenses.  Specifically, as set forth at page 5 of Mattel's motion, MGA has challenged the protectibility of the Bratz drawings, has asserted that its three-dimensional dolls cannot infringe the two-dimensional Bratz drawings, and has contended that the dolls are not substantially similar to the Bratz drawings.  To the extent that MGA has contended otherwise in other litigation – especially to the extent that they have successfully contended



Exhibit 8 ,
P. 144

Case 2:04-cv-09049-DOC-RNB   Document 4173-4   Filed 07/31/08   Page 97 of 111   Page ID
#:105438
Case 2:04-cv-09049-SGL-RNB    Document 3669    Filed 05/12/2008    Page 6 of 9

otherwise in other litigation – they are relevant to the issue of judicial estoppel.[3] To a lesser extent, they may be relevant as impeachment evidence.

Because a determination of whether discovery sought is unduly burdensome represents a balancing test (with relevancy being among the counterweights), see Fed. R. Civ. P. 26(c)(iii), the failure to discern the relevancy of evidence effects the accuracy of that balancing. In accordance with this concern, the Court examines the ruling as to each of the four requests at issue.

As to request number 6, the Court finds that the Discovery Master's ruling that the request is overly broad and unduly burdensome is neither clearly erroneous or contrary to law. Although such language is frequently used, the phrase requesting production of "all documents that refer or relate to" a given topic is fraught with the possibility that the request will be overly broad and unduly burdensome.

As to requests 15 and 23, the Court finds that the Discovery Master's ruling regarding overbreadth, burdensomeness, and unreasonable cumulativeness is contrary to law. Without focusing on the relevance of the judicial estoppel issue, it is tempting in this case to say that the tens of thousands of documents produced regarding a particular issue are enough. However, in asserting a judicial estoppel defense, Mattel is entitled to discover the known universe of court documents in which MGA has made statements regarding what products it contends has infringed its Bratz products, as well as any court orders addressing its statements. To the extent that MGA may have successful in staking out a position regarding its rights to Bratz that is contrary to positions taken in these consolidated actions, the integrity of the judicial process also supports discovery of documents establishing that fact.

Accordingly, the Court **ORDERS** that MGA produce within five days all non-privileged documents that are responsive to requests 15 and 23 (and that have not already been produced) that are in the custody or control of MGA or MGA's current or former counsel.

As to request 25, the Court finds that the Discovery Master's ruling that the request is overly broad and unduly burdensome is neither clearly erroneous or contrary to law. The requests presented in this motion represent a spectrum of burdensomeness. At one end is the request of "all documents that refer or relate to" Bratz claims, which represents a clearly burdensome production of documents. At the other end is the request for court documents that are likely to be maintained by counsel separately from other documents and that are not particularly burdensome to produce. In the middle is this request, which seeks "all documents" claiming infringement as to Bratz products. Here, although a closer call, which the Court may have decided it differently if it decided it in the first instance, the Court cannot conclude that the Discovery Master's ruling was

---

[3]  In addition to being important to a defense advanced by Mattel, the doctrine of judicial estoppel, also known as the doctrine of preclusion of inconsistent positions, serves to protect the integrity of the judicial process. See Helfand v. Gerson, 105 F.3d 530, 534 (9th Cir. 1997).


Exhibit  8 ,
P. 175

clearly erroneous or contrary to law.  If, for instance, the request at issue was a more narrow request, such as one limited only to documents (such as cease-and-desist letters) sent to third parties, the Court might have decided otherwise.  However, as the request was propounded, and as the Discovery Master ruled, the Court can discerns no clear factual error or error of law.

Accordingly, the Court **GRANTS** the Motion as to requests 15 and 23, but **DENIES** the motion as to request 6 and 25.

Finally, the Court **DENIES** the following motion:

9.      Docket # 3233 Mattel's Motion for Review of the Discovery Master's April 11, 2008, Order Denying Mattel's Application to Enforce Court Orders Compelling Production of Tangible Items; Motion to Enforce those Orders and to Compel Production of the Tangible Items.

The Court's February 4, 2008, Order, granted in part Mattel's ex parte application addressing the issue presented by this motion.  The Discovery Master correctly interpreted the Court's Order as implicitly denying the those portions of the ex parte application not explicitly granted.

As set forth on the record, the Court will hear further argument on the motions for partial summary judgment and will hear the motion for reconsideration during the afternoon of May 19, 2008, beginning at 1:30 p.m.  The pretrial conference will be held at that time as well.  The following morning, May 20, 2008, at 9:00 a.m., jury selection will begin.  Once a jury has been selected, the Court will consider any pending discovery motions and the parties' motions in limine. Opening statements are set to begin May 27, 2008.

**IT IS SO ORDERED.**

Exhibit 8 ,
P. 176

# NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)   **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**  Court Minutes of May 12, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (include suite or floor): Two Embarcadero Center, Suite 1500, San Francisco, CA 94111

*E-mail:

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

**Initials of Deputy Clerk** jh

Exhibit 8

P. 177

# NOTICE PARTY SERVICE LIST

**Case No.** CV 04-09049 SGL(RNBx)   **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document** Court Minutes of May 12, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | *ADD NEW NOTICE PARTY* (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor): P.O. Box 581103

Salt Lake City, UT   84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

\* For CIVIL cases only

| *JUDGE / MAGISTRATE JUDGE (list below):* |
|---|
| |
| |
| |
| |

**Initials of Deputy Clerk** jh

Exhibit   8

P. 178

# EXHIBIT 9

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT  OF CALIFORNIA

CARTER BRYANT, an individual

V.

MATTEL, INC., a Delaware corporation

**SUBPOENA IN A CIVIL CASE**

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases
CV 04-9059 and CV 05-2727

TO: Multitoy, Inc.
309 E. 4th Street
Los Angeles, CA 90013

[X]  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| US District Court - Central District of California Eastern Division - Riverside Courthouse 3470 Twelfth Street Riverside, CA 92501 | Hon. Stephen Larson Court Room 1 |
| | DATE AND TIME August 5, 2008 9:00 a.m. |

[ ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| US District Court - Central Dist. of CA, Eastern Division 3470 Twelfth Street Riverside, CA 92501 | August 5, 2008 9:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | July 25, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lesley E. Williams, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017      (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit 9,
P. 179

AO-88

## Attachment A (MULTITOY)

(1)    ALL ORIGINAL photographs of the dolls "Musical Trendy Teenies", "Angel Doll", and "Fashion Doll".

(2)    ALL ORIGINALS of the actual doll products known as "Musical Trendy Teenies", "Angel Doll", and "Fashion Doll".

(3)    ALL DOCUMENTS referring or relating to the lawsuit filed by MGA Entertainment Inc. against Multitoy in 2004, styled MGA ENTERTAINMENT, INC., Plaintiff v. MULTITOY, INC., YUAN-LAN LIU, an individual, JEFF WU, an individual, and dba IMG TOYS, ALL TOY IMPORTS, INC., SUSAN LIU, an individual, TOYSDIVISION, INC., TOM LIU, an individual, and DOES I-10, Defendants.

(4)    ALL ORIGINALS of any drawings, sculpts, molds, and other tangible items relating to the dolls known as "Musical Trendy Teenies", "Angel Doll", and "Fashion Doll".

Exhibit 9
P. 180

# EXHIBIT 10

Case 2:04-cv-09049-DOC-RNB   Document 4173-4   Filed 07/31/08   Page 105 of 111   Page ID
#:105479
Case 2:04-cv-09049-SGL-RNB   Document 1931   Filed 02/04/2008   Page 1 of 7

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
### CIVIL MINUTES -- GENERAL

Case No.   CV 04-09049 SGL(RNBx)                     Date: February 4, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS

=============================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

              Jim Holmes                         Theresa Lanza
              Courtroom Deputy Clerk             Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

  Michael Page                           John Quinn
                                         Jon D. Corey

                                        ATTORNEY PRESENT FOR CARLOS
ATTORNEYS PRESENT FOR MGA:              GUSTAVO MACHADO GOMEZ:

Thomas J.  Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo


Alexander H. Cote


MINUTES FORM 90                                    Initials of Deputy Clerk __jh_
CIVIL -- GEN                       1               Time: 1/45



Exhibit 10 ,
P. 181

Case 2:04-cv-09049-DOC-RNB   Document 4173-4   Filed 07/31/08   Page 106 of 111   Page ID
#:105480
Case 2:04-cv-09049-SGL-RNB   Document 931   Filed 02/04/2008   Page 2 of 7

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

**EX PARTE APPLICATIONS REGARDING DEPOSITIONS
(DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE**

These applications are DENIED IN PART, subject to the following rulings:

(1) The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2) The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

MINUTES FORM 90
CIVIL -- GEN                                       2

Initials of Deputy Clerk ___jh_____
Time: 1/45

Exhibit  10 ,
P. 182

McFarland, who represents certain third-party witnesses.  Mattel submits that Mr.
McFarland has been deliberately evading service of a notice of deposition on him
and his clients – serious allegations when made by an officer of the Court against
another officer of the Court.   Accordingly, Mr. McFarland is **ORDERED TO SHOW
CAUSE** why he and his clients should not be ordered to appear for deposition.  A
written response to this OSC must be filed no later than February 11, 2008.  Other
parties may file written replies no later than February 19, 2008.  The Court will hear
the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-
referenced Court.

(3)     Phase 1 depositions that have been scheduled past the discovery deadline for the
convenience of the witnesses or pursuant to the stipulation of the parties and/or
witnesses may proceed as scheduled.

(4)     All discovery related to Phase 2, other than certain individual depositions that may be
related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)     As previously ordered and reaffirmed by this Court, all discovery matters shall be
presented in the first instance to the Discovery Master.  The fact that the Discovery
Master's ruling might impact upon the Court's scheduling order does not relieve the
parties of following this procedure.   For instance, motions to compel, motions to
quash, or motions challenging service as to existing discovery requests shall be
brought before the Discovery Master.  So, too, must objections based on
burdensomeness, relevancy, or privilege.  In general, and on the matters touched
upon herein, the Court expresses no opinion as to these issues, and instead leaves
those issues to the Discovery Master to decide in the first instance.

(6)     To the extent that certain challenged depositions are within the scope of the Court's
January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given
deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and
Phase 2), said deposition may proceed subject to the challenges set forth in the
previous paragraph.  To the extent that the depositions are related to Phase 2, they
are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)     The parties' arguments require the Court to resolve an internal inconsistency in the
Court's January 7, 2008, Order.  The Court's Order was meant to grant all parts of
Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the
relief sought as to the deposition of Carter Bryant.  The Court amends its 01.07.08
Order as follows:

          Delete: <Specifically, the Court grants Mattel's request to take the
          individual depositions relating to the Bratz claims (set forth in the
          moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90
CIVIL -- GEN                                            3

Initials of Deputy Clerk __jh_____
Time: 1/45

Exhibit 10 ,
P. 183

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)   The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)   At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

## MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

## MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

## MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

Case 2:04-cv-09049-DOC-RNB   Document 4173-4   Filed 07/31/08   Page 109 of 111   Page ID
#:105483
Case 2:04-cv-09049-SGL-RNB   Document 1931   Filed 02/04/2008   Page 5 of 7

arrangements for inspection in both Hong Kong and the PRC.   Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports.  Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART.  The Court sets the motion for hearing on February 11, 2008.  Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008.  The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk ___jh_____
Time: 1/45

Exhibit 10
P. 185

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)    **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**    Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So  Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service -  Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

✓ **ADD NEW NOTICE PARTY**
**(if sending by fax, mailing address must also be provided)**

Name: Ambassador Pierre-Richard Prosper

Firm:

Address *(include suite or floor)*: P.O. Box 581103

Salt Lake City,  UT   84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

* For CIVIL cases only

| *JUDGE / MAGISTRATE JUDGE (list below):* |
|---|
| |
| |
| |

**Initials of Deputy Clerk** jh

Exhibit 10 ,
P. 186

# NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)    **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So  Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service -  Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

✓ **ADD NEW NOTICE PARTY**
**(if sending by fax, mailing address must also be provided)**

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address *(include suite or floor)*:  Two Embarcadero
Center, Suite 1500, San Francisco,  CA  94111

*E-mail:

*Fax No.:

* For CIVIL cases only

| JUDGE / MAGISTRATE JUDGE (list below): |
|---|
| |
| |
| |
| |

**Initials of Deputy Clerk** jh

Exhibit 10
P. 187