1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
   (laguiar@skadden.com)
3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
4  Los Angeles, CA 90071-3144
   Tel.: (213) 687-5000
5  Fax: (213) 687-5600

6  Attorneys for The MGA Parties

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  CARTER BRYANT, an individual,      )  CASE NO. CV 04-9049 SGL (RNBx)
                                        )
12                    Plaintiff,        )  Consolidated with Case No. 04-9059
                                        )  and Case No. 05-2727
13          v.                          )  **PUBLIC REDACTED**
                                        )  DECLARATION OF CARL ALAN
14  MATTEL, INC., a Delaware            )  ROTH IN SUPPORT OF MGA
    corporation,                        )  PARTIES' OPPOSITION TO
15                                      )  MATTEL'S EX PARTE
                      Defendant.        )  APPLICATION TO (1) EXCLUDE
16  _____ )  BELATEDLY-PRODUCED MGA
                                        )  FINANCIAL RECORDS AND (2)
17  AND CONSOLIDATED ACTIONS            )  COMPEL PRODUCTION OF
                                        )  BRATZ-RELATED LITIGATION
18  _____ )  MATERIALS

19

20

21

22

23

24

25

26

27

28  DECLARATION OF CARL ALAN ROTH IN SUPPORT OF MGA PARTIES' OPPOSITION TO MATTEL'S EX
    PARTE APPLICATION TO (1) EXCLUDE BELATEDLY-PRODUCED MGA FINANCIAL RECORDS AND (2)
    COMPEL PRODUCTION OF BRATZ-RELATED LITIGATION MATERIALS
    Case No. CV 04-9049 SGL (RNBx)

I, Carl A. Roth, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California and am an associate at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for MGA Entertainment, Inc., Isaac Larian, and MGA Entertainment (HK) Limited (collectively, the "MGA Defendants") in the above-captioned matter. I submit this Declaration in Support of MGA's Opposition to Mattel's Ex Parte Application to (1) Exclude Belatedly-Produced MGA Financial Records and (2) Compel Production of Bratz-Related Litigation Materials. Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2. In connection with this matter, I have been involved in negotiations with counsel for Mattel concerning the expert discovery process, focusing specifically on those experts that relate to damages questions.

3. In connection with this role, on July 17, 2008 I received an e-mail message from Jon Corey, counsel for Mattel concerning Mattel's request for year-end 2007 and 2008 financial data from MGA. Mr. Corey asked that MGA produce that data promptly. A true and correct copy of the email embodying this request from Mattel counsel, Jon Corey, dated July 17, 2008 is attached as **Exhibit 1.**

4. Accordingly, five days later, on July 22, 2008, MGA began producing year-end 2007 and 2008 financial data. The 2008 data remained draft and preliminary because it has not been subject to a period-ending audit. Nevertheless, it was produced. MGA produced additional data the next day. MGA has since produced additional data as a result of further inquiries by Mattel.

5. On July 22, 2008, Mattel produced revised schedules from Michael Wagner its damages expert. The revised schedules changed Mr. Wagner's damages calculation by more than $100 million. A true and correct copy of the email

1  transmitting this production from Mattel counsel, Jon Corey, dated July 22, 2008 is
2  attached as **Exhibit 2.**

3       6.     Also on July 22, 2008, Mattel produced the expert report of Ran Kivitz.
4  Mr. Kivitz report also relates to the damages case, focused specifically on
5  apportionment issues.

6       7.     During the same week, I spoke with Mr. Corey about Mr. Meyer's
7  deposition.  Mr. Corey asked if MGA was going to be producing a revised Meyer
8  report based on the year-end 2007 and 2008 data.  I indicated that MGA would be
9  producing revised schedules reflecting that data.  Mr. Corey indicated that the length
10 of Mr. Meyer's deposition would depend on the nature of Mr. Meyer's revised
11 schedules.

12      8.     On July 29, 2008, Mr. Corey indicated by e-mail message that Mattel
13 proposed to limit Mr. Meyer's deposition to 90 minutes.  A true and correct copy of
14 this email dated July 29, 2008 is attached as **Exhibit 3.**

15      9.     On July 30, 2008, MGA produced Mr. Meyer's revised schedules,
16 reflecting changes in Mr. Meyer's opinion based on the year-end 2007 and 2008
17 financials.

18      10.    Today, August 1, 2008, Mr. Meyer is having his deposition taken.
19 During that deposition Mattel will be free to examine Mr. Meyer about his revised
20 schedules.

21      11.    Attached as **Exhibit 4** is a true and correct copy of Attachment A of the
22 Subpoena in a Civil Case to Isaac Larian, dated March 27, 2008.

23      12.    Attached as **Exhibit 5** is a true and correct copy of excerpts from a July
24 21, 2008 telephonic hearing in this matter.

25

26

27

28

1       13.    Attached as **Exhibit 6** is a true and correct copy of excerpts from the

2   Expert Report and accompanying schedules of Michael J. Wagner, dated February

3   11, 2008.

4       14.    Attached as **Exhibit 7** is a true and correct copy of Trial Exhibit 12983.

5       I declare under penalty of perjury under the laws of the United States of

6   America and the State of California that the foregoing is true and correct.

7

8       Executed on August 1, 2008, at Los Angeles, California.

9

10                                        Carl Alan Roth

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

## Roth, Carl A (LAC)

| | |
|---|---|
| **From:** | Jon Corey [joncorey@quinnemanuel.com] |
| **Sent:** | Thursday, July 17, 2008 11:22 PM |
| **To:** | Roth, Carl A (LAC) |
| **Cc:** | Aguiar, Lauren E (NYC); Nolan, Thomas J (LAC); Herrington, Robert J (LAC); Michael T Zeller; Dylan Proctor |

**Subject:** Mattel v. MGA

Carl,

With the verdict in Phase 1A, I write to follow up on two outstanding matters regarding MGA and Larian financial information.

First, as you will recall, the Court compelled Isaac Larian to provide Mattel with current financial information relating to his net worth. We expect to call Mr. Larian early on in Mattel's case. Please confirm that Mr. Larian will provide complete financial information as of year end 2007 and as of June 30, 2008 no later than next Wednesday, July 23, 2008 so that Mattel's experts may take that information into account. Please further confirm that said financial information will include (a) any and all assets owned or controlled by him or by any entity in which he or any of his trusts has a controlling interest, and (b) any distributions received by him or any Larian-affiliated trusts since June 2007.

Second, Mattel again asks MGA to provide financial information (audited financial statements, operating statements, revenues and costs by product, etc., distributions, etc.) through June 2008. Please be advised that Mattel has projected MGA financial results for MGA through June 2008. Unless MGA agrees to produce updated financial information, which MGA surely possesses, then Mattel will seek to preclude MGA from introducing any actual information not identified on the current exhibit list to challenge Mattel's projections or the assumptions upon which those projections are based.

Best regards,

Exhibit ____,
P. ____

**Exhibit 2**

## Roth, Carl A (LAC)

| | |
|---|---|
| **From:** | Jon Corey [joncorey@quinnemanuel.com] |
| **Sent:** | Tuesday, July 22, 2008 1:22 PM |
| **To:** | Roth, Carl A (LAC) |
| **Cc:** | Nolan, Thomas J (LAC); Aguiar, Lauren E (NYC); John Quinn; William Price; Michael T Zeller; Scott Kidman |
| **Subject:** | Mattel v. MGA |
| **Attachments:** | 2579879_Corrections to Expert Report of Michael J. Wagner - Tab B2.PDF; 2579877_Corrections to Expert Report of Michael J. Wagner - Tab B1.PDF |

Counsel,

I have attached to this email two spreadsheets identifying certain corrections and updates to Mr. Wagner's reports and associated schedules. He has also revised the schedules attached to his report, which will be provided to you on a DVD to be delivered within the hour. Mattel reserves the right to further amend or supplement Mr. Wagner's reports or associated schedules based on any information provided by Mr. Larian by the close of business tomorrow.

Best regards,

Exhibit 2,
P. 5

**Exhibit 3**

**Roth, Carl A (LAC)**

| | |
|---|---|
| **From:** | Jon Corey [joncorey@quinnemanuel.com] |
| **Sent:** | Tuesday, July 29, 2008 2:05 PM |
| **To:** | Roth, Carl A (LAC) |
| **Cc:** | Weinstein, Ryan (LAC); Lanstra, Allen L (LAC); Scott Kidman |
| **Subject:** | RE: Mattel v. MGA |

Carl,

I assume then that you would have no objection to having Mr. Wagner address that in rebuttal.

Separately, at this point we do not anticipate having Mr. Wagner prepare further supplemental reports based on the MGA and Larian financial information.  If MGA can provide Mattel with an audited financial statement for 2007, then we may reconsider that position.  Until then, Mattel does not believe that any of the information provided is admissible.

Please let me know when I can expect Mr. Meyer's supplemental report and schedules, if any.  Also, I assume that Mr. Meyer's deposition will be on August 1st, as we discussed.  Please let me know what time and can you confirm that it will be in Los Angeles.  Mr. Wagner will be made available for deposition on August 3rd at 11:30 a.m.

Finally, I suggest that we agree to limit the depositions of Mr. Meyer and Mr. Wagner to one and a half hours each.

Best regards,

-----Original Message-----
From: Roth, Carl A [mailto:Carl.Roth@skadden.com]
Sent: Tuesday, July 29, 2008 11:07 AM
To: Jon Corey
Cc: Weinstein, Ryan (LAC); Lanstra, Allen L (LAC)
Subject: RE: Mattel v. MGA

Jon,

MGA would take the position that Mr. Wagner cannot testify re the analysis contained in Meyer's supplemental report on direct unless he submits a supplemental report.  Regarding your second question, we have received your letter (with which we disagree in large measure) and will respond shortly.

Carl Alan Roth
Skadden, Arps, Slate, Meagher & Flom LLP 300 South Grand Avenue Suite 3400 Los Angeles, CA 90071
(213) 687-5262

-----Original Message-----
From: Jon Corey [mailto:joncorey@quinnemanuel.com]
Sent: Monday, July 28, 2008 2:08 PM
To: Roth, Carl A (LAC)
Subject: RE: Mattel v. MGA

Carl,

I will give you a definitive answer tomorrow, but a couple of questions.
First, would MGA take the position that Mr. Wagner would not be permitted to testify about the supplemental report of Mr. Meyer if he did not submit a responsive report?  Second, have you provided Mattel all of the financial information that MGA and Mr. Larian intend to provide?

Thanks,

1

**Exhibit** 3 ,
**P.** 6

```
-----Original Message-----
From: Roth, Carl A [mailto:Carl.Roth@skadden.com]
Sent: Monday, July 28, 2008 1:05 PM
To: Jon Corey
Subject: RE: Mattel v. MGA
```

Jon, we anticipate having revised schedules that we would be in a position to provide to you in the next few days.  As I've asked a number of times, do you expect to submit a supplemental Wagner report?  If so, when do you plan on producing it?  Any agreement re timing of production of a revised Meyer report is, of course, conditioned on reaching a reciprocal agreement vis-a-vis the production of a supplemental Wagner report.

Carl Alan Roth
Skadden, Arps, Slate, Meagher & Flom LLP 300 South Grand Avenue Suite 3400 Los Angeles, CA 90071
(213) 687-5262

```
-----Original Message-----
From: Jon Corey [mailto:joncorey@quinnemanuel.com]
Sent: Friday, July 25, 2008 7:51 PM
To: Roth, Carl A (LAC)
Cc: Tiffany Garcia; Johanna Lopez
Subject: Mattel v. MGA
```

Carl,

When can I expect a revised Meyer report?

Best regards,

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA   90017

Direct:  (213) 443-3130
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  joncorey@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

```
----------------------------------------------------------------------
------
**************************************************
```

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
```
**************************************************
```

2

Exhibit 3 ,
P. 7

**************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

**************************************************
======================================================================
======

------------------------------------------------------------------------------
**********************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**********************************************************
**********************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

**************************************************
================================================================================

**Exhibit** _3_ ,
**P.** _8_

3

# Exhibit 4

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

_____ CENTRAL _____ DISTRICT OF __CALIFORNIA__

CARTER BRYANT, an individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation

Case Number: [1]  CV 04-9049 SGL (RNBx)

TO:  Isaac Larian c/o Thomas Nolan, Skadden, Arps, Slate, Meagher & Flom LLP
     300 S. Grand Avenue, Suite 3400
     Los Angeles, CA 90071

[X]   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| US District Court, Central District of California Eastern Division - Riverside Courthouse 3470 Twelfth Street Riverside, CA 92501 | Hon. Stephen G. Larson Court Room 1 |
| | DATE AND TIME |
| | May 27, 2008, 9:00 a.m. |

[ ]   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X]   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ]   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Lesley E.W._  Attorney for Mattel, Inc. | 2-27/08 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Lesley E. Williams, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017        (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

**Exhibit** 4 ,
**P.** 9

## ATTACHMENT A (ISAAC LARIAN)

### Documents To Be Produced

(1)     DOCUMENTS sufficient to show the amount of royalties or payments RELATING TO BRATZ that have been made by any PERSON (including without limitation MGA) through March 31, 2009, including the date and amount of each payment and the identity of the payee.

(2)     Documents sufficient to establish YOUR gross income, and the sources of that gross income through March 31, 2009.

(3)     DOCUMENTS sufficient to establish your net worth as of December 31, 2007 and through March 31, 2009.

(4)     DOCUMENTS sufficient to show the revenue, gross and net profits derived by YOU or MGA from the sale by YOU, MGA or its licensees of BRATZ PRODUCTS including, without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and nets profits.

(5)     All quarterly and annual profit and loss statements for BRATZ.

(6)     To the extent not already produced, DOCUMENTS sufficient to show the number of units of each BRATZ DOLL sold by MGA or its licensees through March 31, 2009.

(7)     To the extent not already produced, DOCUMENTS sufficient to show the number of units of each BRATZ PRODUCT sold by MGA or its licensees through March 31, 2009.

07209/2423769.2

1

**Exhibit** 4 ,
**P.** 10

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).



Exhibit ___4___,
P. ___11___

# Exhibit 5

Bench Conference (Larson)  7/21/2008  4:58:00 PM

1                UNITED STATES DISTRICT COURT

2                CENTRAL DISTRICT OF CALIFORNIA

3                    EASTERN DIVISION

4                        - - -

5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                        - - -

7    MATTEL, INC.,              )
                                )
8            PLAINTIFF,  )
                                )
9        VS.            ) NO. CV 04-09049
                                )
10   MGA ENTERTAINMENT, INC., ET. AL., )
                                )
11           DEFENDANTS.  ) CONTINUED BENCH
     _____) CONFERENCE
12   AND CONSOLIDATED ACTIONS,      ) PAGES 5216-5323
                                )
13

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                RIVERSIDE, CALIFORNIA

17                MONDAY, JULY 21, 2008

18                    4:04 P.M.

19

20

21

22

23            THERESA A. LANZA, RPR, CSR

              FEDERAL OFFICIAL COURT REPORTER

24            3470 12TH STREET, RM. 134

              RIVERSIDE, CALIFORNIA  92501

25                951-274-0844          Exhibit 5 ,
                                        P. 12

1    APPEARANCES:

2

    ON BEHALF OF MATTEL, INC.:

3

        QUINN EMANUEL

4            BY:  JOHN QUINN

           JON COREY

5              MICHAEL T. ZELLER

          DYLAN PROCTOR

6            865 S. FIGUEROA STREET,

        10TH FLOOR

7            LOS ANGELES, CALIFORNIA  90017

        213-624-7707

8

9

10

    ON BEHALF OF MGA ENTERTAINMENT:

11

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

12           BY:  THOMAS J. NOLAN

          JASON RUSSELL

13             LAUREN AGUIAR

        300 SOUTH GRAND AVENUE

14           LOS ANGELES, CALIFORNIA  90071-3144

        213-687-5000

15

16

17

18

19

20

21

22

23

24

25                **Exhibit** 5 ,
              **P.** 13

Bench Conference (Larson) 7/21/2008 4:58:00 PM

1        THE COURT:  VERY WELL.

2        MATTEL'S MOTION IN LIMINE NUMBER 13, THAT WAS

3    PREVIOUSLY GRANTED.

4        I BELIEVE I ALSO ALREADY ADDRESSED ON FRIDAY,

5    ALTHOUGH I DID TAKE A LOOK AT IT AGAIN OVER THE WEEKEND,

6    MATTEL'S MOTION IN LIMINE NUMBER EIGHT.  I HAD INDICATED THAT I

7    WAS GOING TO GRANT THAT MOTION.  ALTHOUGH I DO WANT TO GET --

8    JUST TO BE CLEAR, I NEED A COMMITMENT FROM MATTEL.  YOU'VE

9    ALREADY GIVEN THIS TO ME.  I JUST WANT TO MAKE SURE I

10   UNDERSTOOD IT RIGHT -- THAT THE DISGORGEMENT OF PROFITS AND

11   REVENUES IS THE DAMAGES THAT YOU'RE SEEKING WITH RESPECT TO ALL

12   CLAIMS, NOT JUST THE CLAIM FOR COPYRIGHT INFRINGEMENT.

13       IS THAT CORRECT?

14       MR. ZELLER:  THAT'S CORRECT, YOUR HONOR.

15       THE COURT:  VERY WELL.

16       BECAUSE WHETHER MATTEL WOULD HAVE MARKETED BRATZ

17   WOULD BE RELEVANT IF YOU WERE SEEKING TRADITIONAL DAMAGES, BUT

18   I AGREE WITH YOUR ANALYSIS THAT IT'S NOT RELEVANT IF THE ONLY

19   DAMAGES BEING SOUGHT ARE DISGORAGEMENT OF PROFITS AND REVENUE

20       I KNOW THERE WAS SOME CONCERN BY MGA THAT THIS IS

21   RELEVANT TO THE CAUSATION OF STATE COURT CLAIMS, BUT WE'RE PAST

22   THAT AT THIS POINT, GIVEN THE JURY'S FINDINGS.

23       ANYTHING FURTHER FROM MGA ON THAT POINT?

24       MR. NOLAN:  I DO HAVE ONE QUESTION THAT ARISES IN

25   TERMS OF THE SCOPE OF DAMAGES, AND I CERTAINLY UNDERSTAND THE

Bench Conference (Larson)  7/21/2008  4:58:00 PM

1      REPRESENTATION THAT THIS IS JUST DISGORGEMENT AND IT'S FOR ALL

2      CAUSES OF ACTION, BUT I JUST WANT TO PAUSE FOR A MOMENT, YOUR

3      HONOR, ON AN ISSUE.

4          GROSS REVENUES, DISTRIBUTIONS, THAT'S ALL ONE THING.

5      THERE'S A REQUEST OUTSTANDING THAT MR. LARIAN SHOULD PRODUCE

6      EVIDENCE OF HIS NET WORTH THAT GOES BEYOND, LET'S SAY, BRATZ.

7      AS WE HAVE BRIEFED -- AND I KNOW WE'RE NOT GOING TO ARGUE RIGHT

8      NOW THE JMOL MOTIONS.  HOWEVER, THE PUNITIVE DAMAGE --

9          THE COURT:  HIS NET WORTH FOR OUTSIDE OF BRATZ WOULD

10     GO TO THE ISSUE OF PUNITIVE DAMAGES.

11         MR. NOLAN:  YES, YOUR HONOR.  AND THE MOTION THAT HAS

12     BEEN TEED UP IN THE JMOL IS THAT TO THE EXTENT THAT MATTEL IS

13     SEEKING DAMAGES ON THEIR WHAT I'LL JUST CALL THE STATE TORT

14     CLAIMS, THAT WOULD INCLUDE PUNITIVE DAMAGES -- THAT THE MEASURE

15     OF DAMAGES THERE WOULD NOT BE COPYRIGHT DAMAGES FLOWING FROM

16     THE SALE OF THE BRATZ DOLLS; IT WOULD BE LIMITED TO THE EXTENT

17     THAT THEY ARE RECOVERABLE DAMAGES PURSUANT TO THE STATE LAW

18     CLAIMS.

19         ONE OF THE CONCERNS THAT WE HAVE AND WHAT WE SAID IN

20     THE JMOL MOTION IS, YOUR HONOR, THAT IN ANALYZING WHETHER OR

21     NOT MR. LARIAN SHOULD BE FORCED TO DISCLOSE HIS NET WORTH

22     INFORMATION ON A POTENTIAL PUNITIVE DAMAGE CLAIM ON A STATE LAW

23     CLAIM WHERE WE WOULD CONTEND THAT THE RECORD EVIDENCE IS OVER

24     WHELMING THAT THE AMOUNT IN QUESTION WOULD NOT EXCEED -- AND

25     I'M JUST GIVING A ROUGH FIGURE -- $75,000; AND I USED THAT

Bench Conference (Larson) 7/21/2008 4:58:00 PM

1    FIGURE, BECAUSE BEFORE THEY WERE FIGHTING OVER THE -- WHETHER

2    OR NOT FOR REMOVAL PURPOSES, THE BRATZ RELATED ROYALTIES WERE

3    BEING IMPACTED.  THEY ARGUED BEFORE JUDGE MANELLA -- AND I

4    THINK SUCCESSFULLY DID IT ONE TIME -- THAT THE AMOUNT IN

5    QUESTION WAS NOT IN EXCESS OF $75,000.

6         IN LIGHT OF THAT, YOUR HONOR, WE UNDERSTAND THAT WE

7    HAVE TO PRODUCE DOCUMENTS WITH RESPECT TO GROSS REVENUES AND

8    THE EXTENT THAT THIS IS THE SUBCHAPTER S, THE DISTRIBUTIONS

9    THAT WERE MADE TO MR. LARIAN.

10        BUT, YOUR HONOR, TO THE EXTENT THAT THE NET WORTH

11   INFORMATION IS IN ADDITION TO THAT, THEN WE DON'T THINK THAT

12   IT'S CALLED FOR UNDER THE PRESENT POSTURE OF THIS CASE, EVEN IN

13   LIGHT OF THE JURY'S FINDINGS; AND THAT CERTAINLY REPRESENT THAT

14   THE FINANCIAL INFORMATION WITH RESPECT TO THE AMOUNT OF

15   DISTRIBUTIONS FLOWING FROM BRATZ, CERTAINLY DWARFS ANY

16   POTENTIAL CLAIM THEY WOULD HAVE ON THE CONTRACT CLAIMS.  I JUST

17   WANTED TO FLAG THAT ISSUE, BECAUSE IT MAY BE SOMETHING WE NEED

18   TO BRING TO THE COURT IN FURTHER DETAIL.  UNLESS MATTEL WOULD

19   AGREE WITH US THAT THE NET WORTH FINANCIAL INFORMATION FROM

20   MR. LARIAN IS NOT PRODUCIBLE AT THIS TIME.

21        THE COURT:  WE'LL TAKE THAT ISSUE UP BEFORE

22   MR. LARIAN TESTIFIES.

23        MR. NOLAN:  I JUST WANTED TO FLAG IT.

24        THE COURT:  VERY WELL.

25        MR. ZELLER:  YOUR HONOR, THERE IS ONE ISSUE I WOULD

Bench Conference (Larson) 7/21/2008 4:58:00 PM

1    ASK THE COURT TO TAKE UP HOWEVER, CONCERNING MR. LARIAN'S

2    FINANCIALS.

3        THE COURT WILL RECALL THAT IT ORDERED MR. LARIAN TO

4    PRODUCE HIS FINANCIAL INFORMATION.

5        THE COURT: YES.

6        MR. ZELLER: THERE WAS A LONG HISTORY OF THIS

7    THROUGHOUT DISCOVERY, AND THE COURT, QUITE SPECIFICALLY --

8        THE COURT: I RECALL THE HISTORY. I RECALL THE

9    COURT'S ORDERS. HAS THAT NOT BEEN DONE?

10       MR. QUINN: WE ASKED MGA, MR. LARIAN, FOR THAT

11   INFORMATION, AND WE HAVE NOT RECEIVED IT, AND THIS IS CAUSING

12   US GREAT CONCERN.

13       THE COURT: MR. NOLAN, I DO BELIEVE I DID ORDER THAT

14   TURNED OVER.

15       MR. NOLAN: YOUR HONOR, MR. ROTH HAS BEEN DEALING

16   WITH THAT. I'M NOT PASSING THE BUCK; I'LL COMMENT AS WELL; BUT

17   MR. ROTH CAN GIVE YOU THE UPDATED REPORT.

18       MR. ROTH: WE UNDERSTOOD THAT THE ORDER WAS TO HAVE

19   IT AVAILABLE WHEN MR. LARIAN TESTIFIED. WE ARE GATHERING THAT

20   INFORMATION AND WE WILL BE PRODUCING IT WITHIN THE NEXT FEW

21   DAYS.

22       THE COURT: ALL RIGHT.

23       I GUESS I THOUGHT THAT WOULD BE HAVE BEEN PRODUCED

24   BEFORE NOW. BUT BE THAT AS IT MAY, MR. ZELLER, YOU'LL HAVE

25   THAT INFORMATION WITHIN THE NEXT FEW DAYS.

Bench Conference (Larson) 7/21/2008 4:58:00 PM

1    MR. ZELLER: UNFORTUNATELY, YOUR HONOR, WE GAVE

2    NOTICE OF THIS SOME PERIOD OF TIME AGO TO MGA. WE EXPECT TO

3    CALL MR. LARIAN ON WEDNESDAY OR FRIDAY; HE IS EARLY IN OUR

4    CASE. AND AS THE COURT KNOWS, WE DON'T HAVE THAT MUCH TIME.

5    MR. NOLAN: YOUR HONOR, AS MR. ROTH INDICATED, WE ARE

6    GATHERING THAT INFORMATION. THEY TOLD US FOR THE FIRST TIME, I

7    BELIEVE -- CONTRARY, MR. LARIAN WAS LISTED NINTH, ON FRIDAY

8    WHEN WE WERE LAST BEFORE YOU, YOUR HONOR. WE SAID WE WOULD

9    PULL THE INFORMATION AND WE WILL PRESENT IT AS QUICKLY AS WE

10   GET IT. I'M HOPEFUL WE CAN HAVE IT IN A DAY OR TWO.

11   CERTAINLY, GIVEN THE LENGTH OF TIME MR. QUINN AND I

12   HAVE TALKED ABOUT WITH RESPECT TO THE AMOUNT OF OPENING

13   STATEMENTS IN THIS PHASE OF THE CASE, I THINK IT'S MORE LIKELY

14   THAT MR. LARIAN WILL BE ON THE STAND BY FRIDAY AND WE'LL GATHER

15   THE INFORMATION, AS WE HAVE BEEN DIRECTED TO.

16   THE COURT: I AM GOING TO PUT A STOP TO THIS.

17   BY THE CLOSE OF BUSINESS ON WEDNESDAY, THAT

18   INFORMATION IS TO BE PRODUCED.

19   MR. NOLAN: THANK YOU, YOUR HONOR. WE'LL DO THAT.

20   THE COURT: MATTEL NUMBER NINE, TESTIMONY REGARDING

21   BARBIE. AS I PREVIOUSLY INDICATED, MY TENTATIVE IS TO GRANT

22   THIS MOTION IN LIMINE.

23   THE ONLY RELEVANCE THAT I CAN SEE THIS POTENTIALLY

24   HAVING IS RELEVANT TO SOME OF THE AFFIRMATIVE DEFENSES. I'M

25   GOING TO ADDRESS THE AFFIRMATIVE DEFENSES AFTER I'VE GONE

Bench Conference (Larson) 7/21/2008 4:58:00 PM

1                      CERTIFICATE

2

3    I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED

      STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF

4    THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-

      ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN

5    CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF

      THE UNITED STATES.

6

7    _____    _____

      THERESA A. LANZA, CSR, RPR      DATE

8    FEDERAL OFFICIAL COURT REPORTER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                            **Exhibit** 5 ,
                               **P.** 19

**Exhibit 6**

THIS EXHIBIT IS FILED
UNDER SEAL
PURSUANT TO
PROTECTIVE ORDER

**Exhibit 7**

THIS EXHIBIT IS FILED
UNDER SEAL
PURSUANT TO
PROTECTIVE ORDER