QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727<br><br>**MATTEL, INC.'S OPPOSITION TO MGA'S MOTION TO QUASH TRIAL SUBPOENA ISSUED TO CUSTODIANS OF RECORDS FOR MGA, MGA HK AND MULTITOY**<br><br>[Declaration of Lesley E. Williams filed concurrently herewith]<br><br>Date: N/A<br>Time: N/A<br><br>**Phase 1**<br>Pre-Trial Conference: May 19, 2008<br>Trial Date: May 27, 2008 |

## Introduction

MGA seeks to quash trial subpoenas issued to custodians of records for MGA, MGA Hong Kong ("MGA HK," collectively "MGA") and third party Multitoy. The heart of its motion is an irrelevant argument that Mattel is seeking "discovery." The trial subpoenas do not seek to circumvent discovery Orders or violate this Court's Scheduling Orders. Rather, they permissibly seek testimony at trial on the matters raised in the Bratz-related infringement actions MGA has filed in other jurisdictions, as well as the tangible products MGA sued upon in those actions. Mattel is entitled to present this evidence at trial because MGA's representations in those cases -- and the dolls that allegedly infringed MGA's copyrights in the Bratz drawings -- belie a central contention of MGA in Phase 1(b) that the Bratz dolls are *not* substantially similar to Bryant's Bratz drawings.

Furthermore, Multitoy, which is one of the parties that MGA sued, has posited no objection to the subpoena. MGA has no standing to assert objections on behalf of Multitoy. This is particularly so in relation to the argument of undue burden, given that Multitoy is located in Los Angeles County. MGA's further argument that to comply with the trial subpoenas it "could" violate unspecified "Undertakings" in Hong Kong that allegedly require MGA's counsel to "maintain custody of tangible items" is unavailing. The items in question are mass produced, mass marketed dolls. MGA's evident suggestion that it is unable to provide and testify about those items at trial because all of these mass produced, mass marketed dolls are subject to an undertaking is implausible. Indeed, non-party Multitoy -- which is based in this District and was sued in this District -- does not appear to be subject to any Hong Kong prohibition at all. Nor, in any event, is it even clear what the alleged Undertaking is; the MGA parties fail to show the actual terms of the prohibition, when it was entered into, whether one or both of them are impacted by it, and whether there is an exception (as one would fully expect) for judicial

proceedings such as the present action. In sum, MGA's objections are simply insufficient to deprive Mattel of this critical testimony for trial.

### Procedural History

On July 24, 2008, Mattel served trial subpoenas on Custodians of Records for MGA and MGA HK for testimony on August 5, 2008.[1] The subpoenas also included several requests for the originals of dolls (or exemplification of dolls) that MGA had sued upon in prior litigation or were the subject of threatened litigation:

ORIGINALS of the following documents, items and tangible things:

(1) Dolls, tangible items, and photographs of the dolls and tangible items on which MGA sued in the lawsuit captioned <u>MGA vs. Cityworld</u>.

(2) Dolls, tangible items, and photographs of dolls and tangible items on which MGA sued on in the lawsuit captioned <u>MGA vs. Double Grand</u>.

(3) Dolls, tangible items, and photographs of dolls and tangible items on which MGA sued in the lawsuit captioned <u>MGA vs. Hunglam</u>.

(4) Dolls, tangible items, and photographs of dolls and tangible items that on which MGA sued in the lawsuit captioned <u>MGA vs. Union Top</u>.

(5) Dolls, tangible items, and photographs of dolls and tangible items that MGA sued in the lawsuit captioned <u>MGA vs. Mutlitoy</u>.

(6) Dolls, tangible items, and photographs of dolls and tangible items on which MGA sued in the lawsuit captioned <u>MGA vs. Wai Man</u>.

---

[1] Declaration of Lesley E. Williams, dated August 1, 2008 ("Williams Decl."), Exs. 1, 2.

(7) Dolls, tangible items, and photographs of dolls and tangible items on which MGA in the lawsuit captioned <u>MGA vs. Uni-Fortune</u>.

(8) Dolls, tangible items, and photographs of dolls and tangible items produced by Bandai America on which MGA threatened to sue.

On July 27, 2008 Mattel served a trial subpoena on Multitoy at it place of business in Los Angeles County, for testimony on August 5, 2008.[2] The subpoena also included the following requests:

(1) ALL original photographs of the dolls "Musical Trendy Teenies", "Angel Doll", and "Fashion Doll".

(2) ALL of the actual doll products known as "Musical Trendy Teenies", "Angel Doll", and "Fashion Doll".

(3) ALL DOCUMENTS referring or relating to the lawsuit filed by MGA against Multitoy in 2004, styled MGA ENTERTAINMENT, INC., Plaintiff v. MULTITOY, INC., YUAN-LAN LIU, an individual, JEFF WU, an individual, and dba IMG TOYS, ALL TOY IMPORTS, INC., SUSAN LIU, an individual, TOYSDIVISION, INC., TOM LIU, an individual, and DOES I-10, Defendants.

(4) ALL ORIGINALS of any drawings, sculpts, molds, and other tangible items relating to the dolls known as "Musical Trendy Teenies", "Angel Doll", and "Fashion Doll".

On July 31, 2008, MGA moved to quash all three of these subpoenas and refused to make any witness available for trial testimony or provide the requested originals.[3] For its part, Multitoy has not served or filed any objections to the subpoena, other than indicating informally to counsel for Mattel that it was looking

---

[2] Williams Decl., Ex. 3.
[3] Motion at 1, 7.

whether it had the items sought by Mattel.[4]  Subsequently, following conversations with MGA's counsel (which were not disclosed to Mattel until today), Multitoy's counsel inexplicably concluded that Multitoy could unilaterally decline to appear at trial of this action, notwithstanding Mattel's subpoena.[5]

## Argument

### I. MATTEL'S SUBPOENAS PROPERLY SEEK EVIDENCE AND TESTIMONY FOR TRIAL.

In the Motion, MGA makes the same argument this Court rejected in relation to a subpoena issued to MGA and Larry McFarland, i.e., that Mattel's subpoenas must be quashed as impermissible discovery violative of the Discovery Master's Orders and this Court's Scheduling Order.[1]  This Court is not bound by the Discovery Master's Orders regarding discovery in determining who may testify at trial.[6]  Cf. In re Aircrash in Bali, Indonesia v. Zinke, 871 F.2d 812, 816 (9th Cir. 1989) ("A trial court has broad discretion to admit or exclude evidence."); Rodella v. U. S., 286 F.2d 306, 309 (9th Cir. 1960) ("[T]he trial court has a very large discretion as to how it will permit the introduction of evidence.").  This is particularly so given that the Court has presided over weeks of testimony and a jury verdict in favor of Mattel in Phase 1(a).  The jury has found that Mattel is the rightful owner of Carter Bryant's Bratz drawings, created while he was a Mattel employee.  The testimony and documents sought are now directly relevant to whether the Bratz dolls are substantially similar to the Bratz drawings, and thus infringe Mattel's copyrights in those drawings, and to the contradictory positions MGA has elsewhere taken regarding those very copyrights.

---

[4] Williams Decl., ¶ 5.
[5] Williams Decl., ¶ 5.
[6] Transcript of Court Hearing dated July 24, 2008, at 5629:12-5630:9.

Mattel's trial subpoenas were duly served pursuant to Federal Rule of Civil Procedure 45. These trial requests do not constitute discovery after the close of the discovery period. See Atkins v. County of Riverside, 2007 WL 4696859 at *7 (C.D. Cal. 2007). Despite MGA's rehash of its recent -- and rejected -- arguments to the contrary, a trial subpoena pursuant to Rule 45 may include a request for documents and things. See Fed. R. Civ. P. 45(a)(1)(C); Atkins, 2007 WL 4696859 at *7 (trial subpoenas may be used to secure documents at trial); see also Rice v. U.S., 164 F.R.D. 556, 558 n. 1 (N.D. Okla. 1995) (contrasting trial subpoenas with discovery subpoenas and noting that trial subpoenas may be used to ensure availability at trial of original documents).

## II. THERE IS NO BASIS TO QUASH THE MGA AND MGA CUSTODIAN SUBPOENAS

### A. The Material Mattel Seeks is Relevant

In the trial subpoenas to MGA and MGA Hong Kong, Mattel seeks the originals of tangible doll products and original photos of items that MGA alleged infringed copyrights in Bratz in seven lawsuits and one threatened lawsuit.[7] These materials are relevant to Mattel's copyright infringement claims and MGA's contentions in this case that the Bratz dolls are not substantially similar to Bryant's drawings. In pertinent part, Mattel seeks to use the custodians' testimony to identify

---

[7] As set forth in Mattel's ex parte application to compel production of Bratz related litigation materials filed on July 31, 2008, after months of stonewalling by MGA, the Court ordered MGA to produce materials relating to other lawsuits in which MGA had sued for infringement of Bratz. See Mattel's Ex Parte Application to (1) Exclude Belatedly-Produced MGA Financial Records and (2) Compel Production of Bratz-Related Litigation Materials ("Ex Parte App."), filed July 31, 2008, at 10. That Order compelled production of documents containing images of the specific products MGA alleged infringed Bratz. Ex Parte App., at 10. In several instances, however, MGA has failed to provide legible images of the products MGA claimed were infringing, despite the Court's Order and Mattel's repeated requests for legible copies. See Ex Parte App. at 11. MGA has also refused to produce any of the actual products it claimed were infringing and has failed to produce plainly compelled portions of court pleadings that are referenced in the documents MGA did produce. See Ex Parte App. at 11.

the products upon which MGA sued in its other infringement lawsuits. This is clearly proper.

### B. Mattel's Subpoenas Are Not Unduly Burdensome

The Motion argues that the subpoenas are unduly burdensome because they seek the production of materials that are supposedly in a foreign jurisdiction, i.e. "complying with the Subpoenas could violate [sic] of Undertakings filed with the Hong Kong Courts (i.e., promises by MGA's counsel to maintain custody of tangible items)."[8]

At the outset, significantly, nowhere does MGA deny that it is in possession and control of the items sought. Nor does the motion disclose the terms of the Undertakings or even provide the Undertakings themselves.[9] The Motion's vague reference to MGA's counsel's purportedly being required to maintain custody of the items at issue suggests that MGA's counsel would not in any event be prevented from allowing those to be entered into evidence in this Court for purposes of the trial only.[10] Furthermore, although MGA fails to state when the Undertakings were made, if they arose after the present action was filed, the MGA parties should have known better than to enter (vague) Undertakings that they knew would render important evidence inaccessible in this action.

Similarly, it cannot be the case that the only exemplars of the accused dolls and products -- which are mass produced and mass marketed -- that exist are the ones in Hong Kong. Indeed, it is customary for a potential plaintiff to purchase infringing products before a suit is filed, and obviously those products could not be

---

[8] Motion at 7:8.
[9] MGA's reliance on any Hong Kong undertaking is particularly groundless with respect to the items sought in the Multitoy subpoena. That case was filed in California, and Multitoy is located in Los Angeles. By MGA's own account, the "undertakings" were promises by MGA's counsel regarding items in Hong Kong. Motion at 4, n.3, 7. There is obviously no such issue of a foreign undertaking with regard to Multitoy.
[10] Motion, at 7.

subject to any Undertakings. Surely someone affiliated with MGA did so in the Bratz-related infringement actions. And, even if it were the case that the tangibles in Hong Kong subject to the alleged Undertakings were the only ones of their kind in existence, MGA could, at minimum, take photos of these dolls and products in order to testify about them in this case without violating the alleged Undertakings. MGA makes no argument otherwise.[11]

It is, at bottom, baseless for MGA to claim that its own supposed Undertakings immunize MGA from providing testimony and originals in this case. If such a tactic were permitted, then parties involved in lawsuits could simply enter Undertakings to withhold relevant evidence.

MGA thus has failed to meet its burden in showing that subpoenas are unduly burdensome.[12]

### III. THERE IS NO BASIS TO QUASH THE MULTITOY SUBPOENA

#### A. MGA Has No Standing to Quash the Multitoy Subpoena

Although MGA purports to seek to quash the subpoena to third-party Multitoy, MGA has no standing to challenge that subpoena. Multitoy is a separate third party that MGA once sued, and MGA has no right or privilege relating to the subject matter of the subpoena issued to Multitoy. See Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979); J.B.Hunt Transp., Inc. v. Adams, 2007 WL 789042, at *2 (D.C. Mich. March 14, 2007) (denying motion to quash and stating absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty). MGA's motion as to Multitoy should be rejected for this reason alone.

---

[11] This point too disposes of MGA's argument that it would take weeks for MGA to amend the Undertakings to enable the shipment of the items requested by Mattel from Hong Kong.

[12] Green v. Baca, 226 F.R.D. 624, 653 (C.D. Cal. 2005); Cunningham v. Gates, 2006 WL 2294877, at *3. Whether a subpoena is burdensome depends on the facts of the case. Green, 226 F.R.D., at 653; Hussey v. State Farm Lloyds Ins. Co., 216 F.R.D. 591, 596 (E.D. Tex. 2003). The burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant. Id.

### B. The Material Mattel Seeks is Relevant

Mattel's subpoena to third party Multitoy seeks testimony and materials relating to the MGA v. Multitoy infringement lawsuit. These include tangible doll products and original photos of the products MGA alleged infringed its copyrights in Bratz in that suit (e.g., "Musical Trendy Teenies," "Angel Doll" and "Fashion Doll"). These matters are directly relevant to this case in multiple respects.

First, this information is pertinent to Mattel's copyright infringement claims because it refutes MGA's arguments that the Bratz line of dolls are not substantially similar to -- and therefore do not infringe Mattel's copyrights in -- the Bratz works that the jury found were created during the time Bryant was employed by Mattel.

Second, MGA's pleadings in Multitoy allege that the accused merchandise sold by the defendants in that action infringed MGA's rights in the Bratz drawings, which the jury has now determined were created during Bryant's employment at Mattel.[13] They thus rebut MGA's present contention that the drawings are irrelevant because these are ostensibly different from the Bratz dolls.[14] MGA also averred that Multitoy's merchandise infringed MGA's rights in the Bratz dolls and drawings, i.e., despite that the accused merchandise then at issue was certainly more different from the Bratz dolls and drawings than are the Bratz dolls now at issue.[15] This rebuts MGA's contention in this case that the Bratz dolls cannot infringe the Bratz drawings because they are not substantially similar.

Third, MGA asserted in pleadings that the Bratz dolls are three-dimensional depictions of the original Bratz drawings -- i.e., drawings that the jury has determined were created by Bryant during his Mattel employment.[16] This refutes

---

[13] Mattel' Inc.'s Corrected Opposition to MGA's and Larian's Motion to Quash Larry McFarland Subpoena ("Corrected Opp."), at 3.
[14] Corrected Opp., at 3.
[15] Corrected Opp., at 4.
[16] Corrected Opp., at 4.

1  MGA's contention now that the Bratz dolls which Mattel accuses of copyright
2  infringement in this case are not similar to the Bratz drawings owned by Mattel.
3      Fourth, MGA urged in those prior proceedings that the popularity of the Bratz
4  characters drives the sales of other Bratz-related products, including licensed
5  product.[17]  Those admissions are relevant to prove Mattel's entitlement to damages
6  for indirect Bratz sales.
7      The requested documents and items are further necessary for Mattel's
8  preparation for trial and to refresh the memory of witnesses.  As set forth above,
9  Mattel requires the documents and items to properly address evidence of MGA's
10 liability for copyright infringement.  The jury will be enabled to compare other dolls
11 that MGA has professed are substantially similar to Bryant's Bratz drawings, and
12 decide itself whether those Bratz drawings are substantially similar to the Bratz
13 dolls.

## Conclusion

15 For the foregoing reasons, Mattel respectfully requests that the Court deny
16 MGA's Motion to Quash and that the Court compel MGA, MGA HK and Multitoy
17 to testify at trial and produce the originals sought by the trial subpoenas when they
18 appear to testify at trial.

20 DATED:  August 1, 2008          QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP

                                  By  /s/ James J. Webster
                                     James Webster
                                     Attorneys for Mattel, Inc.

---

[17] Corrected Opp., at 5.