QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727 |
| vs. | NOTICE OF MOTION AND MOTION OF MATTEL, INC. TO QUASH MGA TRIAL SUBPOENA ISSUED TO EXPERT LEE LOETZ; |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| | [Declaration of Scott B. Kidman filed concurrently] |
| | Hearing Date:   September 15, 2008<br>Time:   10:00 a.m.<br>Place:   Courtroom 1 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE in Courtroom 1 of the above-captioned court located at 3470 Twelfth Street, Riverside, California, before the Honorable Stephen G. Larson, on September 15, 2008 or on a date and at a time to be determined by the Court, Mattel, Inc. ("Mattel") will, and hereby does, move the Court to quash the trial subpoena served by MGA Entertainment, Inc. ("MGA") on Mattel's expert Lee Loetz, dated July 25, 2008.

Mattel brings this motion pursuant to Rule 26(b)(4) and Rule 45 of the Federal Rules of Civil Procedure.

This Motion is based on this Notice of Motion and Motion, the Declaration of Scott B. Kidman filed concurrently herewith, the records and files of this Court, all matters of which the Court may take judicial notice, and any other evidence and argument as may be presented at the hearing on the Motion.

<u>Statement of Rule 7-3 Compliance</u>

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 3, 2008.

DATED: August 4, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

The Federal Rules expressly prohibit a party from seeking the testimony of another party's non-testifying experts.   Yet that is exactly what MGA seeks to do here.  The Mattel expert in question, Lee Loetz, was initially designated as a potential expert regarding the similarities of the Bratz dolls to the Bryant drawings on which they were based.  Mattel no longer intends to call Mr. Loetz in its case-in-chief.  Now, MGA has independently subpoenaed Mr. Loetz seeking to have him testify as their own witness.

The District Courts of California have consistently held that a party may not seek testimony of an adverse party's non-testifying expert even where that expert was initially designated as a testifying expert.  As Mattel is not calling Mr. Loetz in its case-in-chief, those cases apply here.  Moreover, in the event that Mr. Loetz testifies in Mattel's rebuttal case, MGA will have every opportunity to cross-examine him at that time.  Simply put, the manner in which MGA now seeks Mr. Loetz's testimony is entirely improper and the subpoena should be quashed.

## Statement of Facts

On February 11, 2008, pursuant to this Court's scheduling orders and the disclosure requirements of Rule 26, the parties exchanged their slate of potential expert witnesses.  Among others, Mattel identified Lee Loetz as a potential expert witness regarding the similarities between the Bratz dolls and the Bryant drawings on which they were based.[1]  On that same date, Mattel served Mr. Loetz's expert report.[2]  MGA responded with three separate rebuttal reports from its own experts.[3]

---

[1] See Declaration of Scott B. Kidman ("Kidman Decl.") ¶ 2.
[2] See id.

Prior to the start of Phase 1(b) Mattel submitted a list of potential witnesses who might be called in its case-in-chief, including, among others, Mr. Loetz.[4] Mattel expressly reserved its rights to alter or supplement its witnesses and noted to the Court that certain witness would likely "fall off" the then-current list.[5] Which they did: as of today, a number of the witnesses on Mattel's original witness list have been removed or replaced, including Mr. Loetz. Nevertheless, despite the fact that Mattel no longer intends to call Mr. Loetz in its case-in-chief, MGA now seeks to call Mattel's expert as its own independent witness. On July 25, 2008, MGA served a trial subpoena on Mr. Loetz.[6]

## Argument

**I.  THE COURT SHOULD QUASH MGA'S SUBPOENA OF MR. LOETZ**

**A.  Rule 26(b)(4)(b) Prohibits MGA From Calling Mr. Loetz As A Witness**

The Federal Rules of Procedure draw a sharp distinction between which kinds of experts may be compelled to provide discovery or testimony at trial. Under Rule 26(b), a party may depose or seek trial testimony from any expert that will testify at trial. See Fed. R. Civ. P. 26(b)(4)(A). By contrast, the Rules expressly prohibit a party from calling an opposing party's non-testifying experts. See Fed. R. Civ. P. 26(b)(4)(B).

---

[3] See id. On March 17, 2008, Mattel served a rebuttal report from Mr. Loetz rebutting certain opinions of MGA's experts Robert Tonner and Debora Middleton. Id.
[4] See Amended List of Witnesses Mattel Intends to Call in its Case-in-Chief in Phase 1B, filed July 18, 2008, Kidman Decl. Ex. 1.
[5] See July 18, 2008 Hearing Tr. at 5102:2-7, Kidman Decl., Ex. 2.
[6] See MGA's Trial Subpoena to Lee Loetz, dated July 25, 2008, Kidman Decl., Ex. 3. Notice of the Loetz subpoena was never served on Mattel and was only brought to Mattel's attention because Mr. Loetz informed Mattel's counsel. See Kidman Decl. ¶ 5.

1    The reason for this distinction, as indicated in the Advisory Committee
2 Notes and opinions interpreting the Rules, is that Rule 26(b)(4)(A) is intended to
3 allow a party to prepare adequately for cross-examination at trial and to promote
4 fairness.  However, no such concerns are present where the expert will not testify,
5 and therefore Rule 26(b)(4)(B) appropriately limits an adverse party's right to
6 discovery or trial testimony.  See generally Estate of Manship v. U.S., 240 F.R.D.
7 229, 235 (M.D. La. 2006).

8    B.    **Federal District Courts In California Have Consistently Adopted**
9          **The Majority Approach Holding That An Expert's Initial**
10         **Designation Is Not Controlling**

11    That the non-testifying expert was once designated as potential trial
12 witness does not change this result.   The District Court's of California have
13 consistently adopted the "majority" approach applying Rule 26(b)(4)(B)'s
14 restrictions to formerly designated witnesses—absent a showing of "exceptional
15 circumstances" they may not be called to testify.  See Federal Ins. Co. v. St. Paul
16 Fire and Marine Ins. Co., 2008 WL 761417, at *2-3  (N.D. Cal. Mar. 19, 2008)
17 (holding that Rule 24(b)(4)(B) applied to an expert witness later re-designated as a
18 non-testifying witness and granting motion to quash) (unpublished); see also FMC
19 Corp. v. Vendo Co., 196 F. Supp. 2d 1023, 1042-46 (E.D. Cal. 2002) (same).

20    Thus, that Loetz was initially designated as an expert for Mattel's case-
21 in-chief and an initial report was served are of no moment.  A party is "free to
22 choose its expert witnesses to consult with and to exercise its judgment on whether
23 or not to call the expert witness at trial." Lehan v. Ambassador Programs, Inc., 190
24 F.R.D. 670, 672 (E.D. Wash. 2000) (noting the split in authority and holding the
25 "exceptional circumstances approach is the proper" standard to apply to a formerly
26 designated expert).  Mattel's decision not to call Loetz in its case-in-chief
27 effectively removes him from the ambit of Rule 24(b)(4)(A) and places him with
28 Rule 24(b)(4)(B)'s protections:  "the conversion of an expert designated for trial

purposes under Rule 26(b)(4)(A), to a consulting expert, under Rule 26(b)(4)(B) is allowed and results in insulating that expert from discovery, absent the showing of exceptional circumstances." Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc., 2002 WL 1906628, at *3 (D. Del. Aug. 14, 2002); see also Plymovent Corp. v. Air Technology Solutions, Inc., 243 F.R.D. 139, 146 (D.N.J. 2007); Lehan, 190 F.R.D. at 672 (holding that an "expert witnesses once retained remain the witness of the retaining party" and may not be called to testify absent exceptional circumstances).

The policy underlying the distinctions between Rule 26(b)(4)(A) and (B) applies equally where a party, as here, determines not call an expert in its case-in-chief—there is no concern that MGA will be unfairly prejudiced in its cross-examination <u>as there will be none</u>.[7] And clearly, if Mattel presents Mr. Loetz's testimony as part of its rebuttal case, MGA would—having already been served with Mr. Loetz's reports and taken his deposition—have every opportunity to cross-examine Mr. Loetz. See, e.g., Plymovent Corp., 243 F.R.D. at 146 n.14 (affirming motion to quash after party determined not to rely on an expert's opinion and noting the matter could be revisited if the party changed positions yet again and relied on the expert after all).

---

[7]  Nor, for that matter, will there be anything to rebut. MGA's need is belied by its own recent arguments to this Court—upon which it prevailed—that Mattel must be precluded from offering the expert testimony of Kenneth Hollander because he was designated as a rebuttal expert to MGA's expert testimony that had since been withdrawn. See July 21 Hearing Tr. at 5232:17-5233:20 (excluding Mattel's rebuttal expert based on MGA's representation that it no longer intended to proffer certain expert reports), Kidman Decl., Ex. 4. Similarly, MGA's rebuttal expert to Mr. Loetz, Glenn Vilppu, should not be permitted to testify unless and until Mattel presents Mr. Loetz's testimony, as "[a]bsent expert testimony from [Loetz], there is nothing for [Vilppu] to rebut." Diabetes Centers of Am., Inc. v. Healthpia Am., Inc., 2008 WL 375505, *4 (S.D. Tex. 2008) (excluding rebuttal testimony as irrelevant). And by that same logic, if MGA cannot call its own expert absent Mattel first calling Mr. Loetz, then neither should MGA be permitted to call Loetz independently.

### C. **MGA Cannot Demonstrate The Existence "Exceptional Circumstances" To Justify Its Subpoena**

Exceptional circumstances exist only where (1) "the condition observed by the expert is no longer observable," (2) "where the costs of an independent examination would be judicially prohibitive," or (3) where "there are no other available experts in the same field or subject area." Oki America, Inc. v. Advanced Micro Devices, Inc., 2006 WL 2987022, at *2 (N.D. Cal. Sept. 27, 2006) (citations omitted).

Plainly, these circumstances are not present here. Mr. Loetz's expert report opined on the similarities of the Bratz dolls to the Bryant drawings on which they were based. These materials are observable and extant. Nor are these matters on which MGA could not independently have offered its own expert analysis. In fact, MGA sought to do so through three of its own experts—Peter Menell, Robert Tonner and Glenn Vilppu, each of which offered a rebuttal report to Mr. Loetz.[8] MGA cannot satisfy the "heavy burden" of demonstrating exceptional circumstances sufficient to compel the testimony of Mattel's expert because this is not the type of case where a party might, in fairness, require the opinions of an adversary's expert. Oki, 2006 WL 2987022, at *2. Accordingly it should be rejected for what it is—at best, an improper attempt to secure the benefit of Mattel's trial preparation, or worse, a ploy to suggest that something in Mr. Loetz's report should sow doubt in the jury's mind for why else would Mattel not call its own expert.[9]

---

[8] See Kidman Decl. ¶ 2. The Court subsequently excluded testimony from Mr. Tonner.

[9] For this reason, courts have been particularly hesitant to allow one party to call an adverse party's expert witnesses. See generally 8 Wright & Miller, Federal Practice & Procedure § 2032 at n.7.

## Conclusion

For the foregoing reasons Mattel respectfully requests that the Court quash the subpoena of Mr. Loetz.

DATED: August 4, 2008   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.