# Exhibit 1.

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br>Plaintiff,<br>vs.<br>MATTEL, INC., a Delaware corporation,<br>Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>Hon. Stephen G. Larson<br><br>[AMENDED] LIST OF WITNESSES MATTEL INTENDS TO CALL IN ITS CASE-IN-CHIEF IN PHASE 1B |
| AND CONSOLIDATED ACTIONS | |

EXHIBIT 1

PAGE 3

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to the direction of the Court, Mattel, Inc. ("Mattel") hereby submits an amended list of witnesses it intends to call in its case-in-chief in the Phase 1B trial. This list is attached as Exhibit A.

Mattel expressly reserves the right to amend and/or supplement this list.

DATED: July 18, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ B. Dylan Proctor
B. Dylan Proctor
Attorneys for Mattel, Inc.

EXHIBIT 1

PAGE 4

07209/2576651.1

-2-

[AMENDED] LIST OF WITNESSES MATTEL INTENDS TO CALL IN ITS CASE-IN-CHIEF IN PHASE 1B

**EXHIBIT A**

1. Lily Martinez
2. Daphne Gronich
3. Mitchell Kamarck
4. Larry Mcfarland
5. Paula Garcia
6. Kenneth Hollander
7. Frank Keiser
8. Isaac Larian
9. Michael Moore
10. Carol Scott
11. Michael Wagner
12. Ralph Oman
13. Carter Bryant
14. Janet Bryant (Video)
15. Edmond Lee (Video)
16. Sarah Chui (Video)
17. Lisa Tonnu
18. Lee Loetz

EXHIBIT 1

PAGE 5

07209/2576651.1

-3-

[AMENDED] LIST OF WITNESSES MATTEL INTENDS TO CALL IN ITS CASE-IN-CHIEF IN PHASE 1B

# Exhibit 2.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

---

**HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING**

---

MATTEL, INC., PLAINTIFF, VS. MGA ENTERTAINMENT, INC., ET AL., DEFENDANTS.

PAGES: 5098 - 5215

NO. ED CV04-09049-SGL [CONSOLIDATED WITH CV04-9059 & CV05-2727]

REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

FRIDAY, JULY 18, 2008

CERTIFIED COPY

MARK SCHWEITZER, CSR, RPR, CRR
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
181-H ROYBAL FEDERAL BUILDING
255 EAST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012
(213) 663-3494

EXHIBIT 2

PAGE 6

**Appearances of Counsel:**

On Behalf of Mattel:

Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
By John B. Quinn, Esq.
B. Dylan Proctor, Esq.
Michael T. Zeller, Esq.
Harry Olivar, Esq.
John Corey, Esq.
Diane Hutnyan, Esq.
William Price, Esq.
Scott Kidman, Esq.
855 South Figueroa Street
10th Floor
Los Angeles, CA 90017
(213) 624-7707

On Behalf of MGA Entertainment:

Skadden, Arps, Slate, Meagher & Flom LLP
By Thomas J. Nolan, Esq.
Carl Alan Roth, Esq.
Jason Russell, Esq.
Lauren Aguiar, Esq.
David Hansen, Esq.
Matthew Sloan, Esq.
Robert Herrington, Esq.
300 South Grand Avenue
Los Angeles, CA 90071-3144
(213) 687-5000

EXHIBIT 2

PAGE 7

INDEX

MATTER: 1-B CONFERENCE........................... 5100

EXHIBIT 2

PAGE 8

**Riverside, California; Friday, July 18, 2008**

**12:05 P.M.**

WHEREUPON THE CASE HAVING BEEN CALLED AND APPEARANCES GIVEN, THE FOLLOWING PROCEEDINGS WERE HELD:

THE COURT: Good afternoon, Counsel. I asked counsel to come together at noon today to basically go over any pretrial matters that we need to take up to prepare for next week. And I also asked counsel to submit to the Court copies of any motions that they believe might still be outstanding, and I've received those, and I appreciate that.

What I'd like to do in this first part of the hearing this afternoon is get a sense, pin down on both sides what exactly it is counsel intends to do with the trial, what we need to get resolved now, and figure out where we are.

I'll begin with plaintiff Mattel. I trust that we have a witness list at this point.

MR. ZELLER: If I could get some guidance from the Court as to what is the best way of summarizing what we intend to do. We have provided witness lists, which is our best effort as of today, to put in order what we expect to do.

THE COURT: Can I get a copy of that?

MR. ZELLER: Yes, I'm sure we have an extra copy of that, your Honor. We may have E-filed it.

EXHIBIT 2

PAGE 9

THE COURT: Very good.

MR. ZELLER: This was our best effort, of course, and I think, as we flagged for the Court yesterday, some of these witnesses we do expect to fall off, subject to stipulations that we're pursuing, both parties are pursuing. And in the event that that's reached, then some of these people will fall off.

THE COURT: Why don't you go down the 17 and just tell me very brief one line statement or two what you are calling them for, what you anticipate their testimony is, just to give me some understanding of what to expect in this phase.

MR. ZELLER: Certainly, your Honor. Daphne Gronich, I think one of the main reasons we would call her would be to put into evidence certain statements that MGA has made in prior litigation. These go to originality, protectability, comparison, substantial similarity, other copyright type issues.

The same is true for Mr. Kamarck, and the same is true for No. 3, which is Larry McFarland.

THE COURT: Okay. So these are all from prior litigation involving copyright and trademark; correct?

MR. ZELLER: That's correct, your Honor. And one issue that I'm not sure has been resolved is we certainly, I know on summary judgment, have raised the issue that in some

respects, which -- I think in some respects, we have -- we raised on summary judgment the issue of judicial estoppel, because our view is that in some of those cases, MGA had asserted that the very works that the jury has now ruled were created during the term of Bryant's employment were copyright protectable, that they were original. They have sued other parties on those exact works.

So from our perspective, they should not be allowed to argue anything to the contrary in this case.

The next witness we have is Paula Garcia. In the main, her -- how we're envisioning her potential testimony would be to get into evidence products that we believe are infringing. And then we will argue to the jury they are infringing. Dolls, licensed product, other accused works.

THE COURT: How are we doing in that area? That was something you flagged yesterday as being a concern in terms of the exhibits you wanted to introduce.

MR. ZELLER: I know that there has been discussion, and I know that even draft stipulations have been passed back and forth. I can get additional information as to exactly where we are in that process, but I know that there had been continued discussions among the parties as to a stipulation that would hopefully obviate the need to put in a lot of product through a witness. We did, by the way, too, your Honor, we did prepare and serve an exhibit list. I know MGA

C E R T I F I C A T E

I hereby certify that pursuant to Title 28, Section 753 United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings in the above matter.

Certified on July 18, 2008.

MARK SCHWEITZER, CSR, RPR, CRR
Official Court Reporter
License No. 10514

# Exhibit 3.

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual, Plaintiff,

V.

MATTEL, INC., a Delaware corporation, Defendant

AND CONSOLIDATED ACTIONS

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV 04-09049 SGL (RNBx) Consolidated with Case Nos. CV 04-9059 and CV 05-2727

TO:

LEE LOETZ, 290 East Verdugo Avenue, Unit 207, Burbank, California 91502

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court<br>Central District of California, Eastern Division<br>3470 Twelfth Street, Riverside, CA 92501 | Hon. Stephen G. Larson - Ctrm. 1 |
| | DATE AND TIME |
| | August 5, 2008 - 9:00 AM |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be recorded by videotape and stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Atty for Counter Defendant MGA Ent. et al. | July 25, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Donna Hill, Skadden, Arps, Slate, Meagher & Flom LLP, 300 S. Grand Ave., Los Angeles, CA 90071-3144 (213) 687-5000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT 3

PAGE 13

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc. www.FormsWorkflow.com

EXHIBIT 3

PAGE 14

# Exhibit 4.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

- - -

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

- - -

CERTIFIED COPY

| | |
|---|---|
| MATTEL, INC., PLAINTIFF, | |
| VS. | NO. CV 04-09049 |
| MGA ENTERTAINMENT, INC., ET. AL., DEFENDANTS. | CONTINUED BENCH CONFERENCE |
| AND CONSOLIDATED ACTIONS, | PAGES 5216-5323 |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

MONDAY, JULY 21, 2008

4:04 P.M.

THERESA A. LANZA, RPR, CSR
FEDERAL OFFICIAL COURT REPORTER
3470 12TH STREET, RM. 134
RIVERSIDE, CALIFORNIA 92501
951-274-0844
WWW.THERESALANZA.COM

EXHIBIT 4

APPEARANCES:

ON BEHALF OF MATTEL, INC.:

QUINN EMANUEL
BY: JOHN QUINN
JON COREY
MICHAEL T. ZELLER
DYLAN PROCTOR
865 S. FIGUEROA STREET,
10TH FLOOR
LOS ANGELES, CALIFORNIA 90017
213-624-7707

ON BEHALF OF MGA ENTERTAINMENT:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
BY: THOMAS J. NOLAN
JASON RUSSELL
LAUREN AGUIAR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144
213-687-5000

EXHIBIT 4

PAGE 16

5218

I N D E X

PAGE

CONTINUED BENCH CONFERENCE (TELEPHONIC).................................. 5219

IONDAY, JULY 21, 2008 CONTINUED BENCH CONFERENCE (TELEPHONIC

EXHIBIT 4
PAGE 17

RIVERSIDE, CALIFORNIA; MONDAY, JULY 21, 2008; 4:04 P.M.

-OOO-

**THE CLERK:** CALLING CASE NUMBER CV04-09049-SGL, MATTEL, INC., V. MGA ENTERTAINMENT, INC.

COUNSEL, PLEASE STATE YOUR APPEARANCES FOR THE RECORD. 04:04

**MR. QUINN:** FOR MATTEL, JOHN QUINN, MIKE ZELLER, BILL PRICE, DYLAN PROCTOR, SCOTT KIDMAN, AND JON COREY.

**MR. NOLAN:** TOM NOLAN FOR MGA, ALONG WITH LAUREN AGUIAR, DAVID HANSEN, JASON RUSSELL, CARL ROTH. 04:04

**THE CLERK:** COUNSEL, COULD I PLEASE REMIND YOU THAT WE ARE ON A TELEPHONIC CONFERENCE AND THAT THE COURT REPORTER WOULD LIKE EVERYONE TO SAY THEIR NAME INTO THE RECORD WHEN THEY SPEAK. THANK YOU.

**THE COURT:** THE OTHER THING TO KEEP IN MIND, GIVEN THE NUMBER OF PEOPLE ON THE LINE, JUST BE SURE TO SPEAK UP CLEARLY FOR EVERYBODY. 04:05

COUNSEL, I APPRECIATE EVERYONE GETTING TOGETHER AT 4:00 BY PHONE. I KNOW THIS IS NOT THE MOST CONVENIENT WAY TO DO THIS, BUT AT LEAST WE'LL BE ABLE TO GET THROUGH THESE ISSUES AND THESE MOTIONS AND HOPEFULLY BE READY TO PROCEED WITH TRIAL ON WEDNESDAY. 04:05

I'VE HAD A CHANCE TO REVIEW THE VARIOUS MOTIONS, AS WELL AS THE ISSUE RELATED TO PROTECTABILITY AND THE AFFIRMATIVE DEFENSES. I'VE GOT EXTENSIVE NOTES HERE IN FRONT OF ME. THE 04:05

I DID TAKE A CAREFUL LOOK AT THAT BURNS CASE OUT OF THE WESTERN DISTRICT OF NEW YORK THAT MGA CITES TO, BUT I THINK THE REPORT HERE IS DISTINGUISHABLE. THE INJUNCTION IS BY NO MEANS A FOREGONE CONCLUSION AT THIS POINT, SO I THINK WE NEED TO PROCEED WITH THE EXPERT. 04:23

SO THAT'S MY RULING ON MGA NUMBER SEVEN.

ANY QUESTIONS FROM EITHER SIDE ON THAT?

**MR. QUINN:** NO QUESTIONS FROM MATTEL.

**THE COURT:** VERY WELL.

**MR. ROTH:** WHILE WE CERTAINLY ACCEPT THE COURT'S 04:23 DECISION, OUR PRIMARY CONCERN IS THE ONE THE COURT HAS IDENTIFIED, AND WE DO BELIEVE THAT, AS PRESENTED, MR. WAGNER IS SEEKING OR IS EXPRESSING AN OPINION THAT WOULD, HE ADMITS, DOUBLE-COUNT DOLLARS.

**THE COURT:** AND I READ THAT. YOU INCLUDE THE 04:24 DEPOSITION TRANSCRIPT IN THERE, AND HE DOUBLE-COUNTS IN THE SENSE OF THAT IF YOU COUNTED BOTH ISAAC LARIAN AND MGA. AND I DO GET IT; I DO UNDERSTAND HOW IT'S THE SAME DOLLARS; AND THAT'S WHY I THINK WE NEED TO SEPARATE THIS OUT ON THE VERDICT FORM. 04:24

BUT THEY ARE SEPARATE DEFENDANTS, AND AS LONG AS WE CAN SEPARATE THAT OUT IN THE VERDICT FORM AND THE JURY HAS A BASIS, A FACTUAL BASIS, TO MAKE THAT DISTINCTION, I THINK WE'D BE ABLE TO MAKE THE DECISIONS THAT WE NEED TO POST-TRIAL IF THAT ARISES. 04:24

I INTERRUPTED YOU, BUT I DO UNDERSTAND THE CONCERN.

**MR. ROTH:** JUST FROM A PURE MATH PERSPECTIVE, WE WOULD ASSUME THAT ANY MONIES AWARDED AGAINST MR. LARIAN, BASED UPON DISTRIBUTION PROFITS, WOULD THEN BE SUBTRACTED FROM THE PROFITS THAT WERE AWARDED AGAINST MGA.

**THE COURT:** I UNDERSTAND THE ARGUMENT. I'M NOT GOING TO RULE ON THAT RIGHT NOW, BUT THAT'S THE TYPE OF RULING THAT I WOULD WANT TO BE IN A POSITION TO MAKE POST-TRIAL, DEPENDING ON THE CIRCUMSTANCES. IT WOULD BE PREMATURE FOR THE COURT TO RULE ON THAT RIGHT NOW, BUT I'M VERY MINDFUL OF THAT ISSUE, AND THAT'S PRECISELY WHY I WOULD NOT HAVE A VERDICT FORM WHICH WOULD SIMPLY ALLOW THE JURY TO FILL IN THE TOTAL AMOUNT OF DAMAGES. WE NEED TO MAKE SURE THAT IT'S BROKEN DOWN. BUT I AM MINDFUL OF THE CONCERN, AND I THINK THAT CONCERN CAN BE ADDRESSED POST-TRIAL.

**MR. ROTH:** UNDERSTOOD, YOUR HONOR.

**THE COURT:** VERY WELL.

THE NEXT MOTION IS MGA NUMBER EIGHT, REGARDING HOLLANDER.

MY DECISION ON NUMBER EIGHT IS TO GRANT MOTION *IN LIMINE* NUMBER EIGHT, TO EXCLUDE THE TESTIMONY OF MR. HOLLANDER. THIS IS SOMEWHAT TIED IN OR CONNECTED WITH THE REPRESENTATION THAT I RECEIVED FROM MS. AGUIAR THE OTHER DAY WITH RESPECT TO MATTEL'S MOTION NUMBER 11 RELATED TO MR. GRUCA, THAT MGA IS WITHDRAWING THAT AND THEY'RE NOT PLANNING TO USE

EXHIBIT 4

PAGE 20

THE SURVEY EVIDENCE FOR MR. GRUCA, FOR WHICH MR. HOLLANDER'S TESTIMONY OR EXPERT REPORT WAS A REBUTTAL. SO IF MGA IS NO LONGER PLANNING TO USE THAT AND THEY'RE STILL REPRESENTING TO THE COURT, THEN THE COURT IS GOING TO TREAT THIS AS THE REBUTTAL REPORT THAT IT WAS PROFFERED TO BE AND PRECLUDE THAT FROM MATTEL'S CASE-IN-CHIEF. 04:26

I LOOK TO THE MERITS OF THIS ISSUE AS WELL. THE LAW GENERALLY SEEMS TO BE THAT INTRINSIC ANALYSIS DOES NOT ALLOW FOR EXPERT TESTIMONY. HOWEVER, I'M SOMEWHAT PERSUADED BY THE MATTEL LINE OF CASES WHICH SUGGESTS THAT IN THE PARTICULAR CONTEXT OF CHILDREN, A SUB GROUP LIKE CHILDREN, THAT 'AVERAGE, REASONABLE ADULTS MIGHT NOT BE ABLE TO FULLY UNDERSTAND THAT A TYPE OF SURVEY ANALYSIS OF THIS NATURE MIGHT BE ADMISSIBLE'; SO I SUPPOSE ON THE MERITS, I MIGHT BE INCLINED TO INCLUDE IT. 04:27

HOWEVER, GIVEN THAT THIS WAS NOT AN EXPERT REPORT THAT WAS SUBMITTED BY MATTEL IN THE FIRST INSTANCE, THAT'S GIVING MGA AN OPPORTUNITY TO RESPOND TO IT, BUT RATHER IT WAS A REBUTTAL REPORT, AND IT WAS A REBUTTAL OF SOMEONE WHO WAS NO LONGER BEING CALLED, I THINK THE BEST COURSE IS TO KEEP ALL OF THE SURVEY EVIDENCE OUT. 04:27 04:27

BUT I DO WANT TO RECONFIRM WITH MGA THAT THEY ARE NOT CALLING MR. GRUCA.

**MS. AGUIAR:** THE STATEMENT THAT I MADE ON THE RECORD THE OTHER DAY IN COURT WAS THAT WE ARE NOT CALLING THE TWO PEOPLE THAT THIS SURVEY SUPPOSEDLY IS IN REBUTTAL TO; AND THOSE 04:28

TWO PEOPLE ARE ROBERT TONNER -- AND WE CURRENTLY DON'T INTEND TO CALL MARY BERGSTEIN EITHER. THOSE WERE THE TWO EXPERTS THAT WE'RE NOT CALLING. THOSE ARE THE TWO EXPERTS THAT MR. TONNER WAS SUPPOSEDLY REBUTTING.

**THE COURT:** WHAT ABOUT THE GRUCA SURVEY EVIDENCE? IS THAT OUT AS WELL? THE ON-LINE SURVEY BY BRAND RESEARCH. 04:28

**MR. ROTH:** THE COUPLING THERE WAS, MATTEL HAD FILED A MOTION SEEKING TO HAVE MR. GRUCA'S SURVEY EXCLUDED. WE ARGUED THAT IT SHOULD BE INCLUDED UNDER THE STRAUS CASE BECAUSE IT WAS CLEARLY APPROPRIATE REBUTTAL. MATTEL THEN MADE A MOTION THAT -- I THINK IT'S A MR. KIVETZ -- WHO WOULD OFFER -- THAT IF WE WERE PERMITTED TO PROCEED WITH THE GRUCA SURVEY, THEY WANTED TO OFFER UP THE KIVETZ SURVEY. THAT'S THE SURVEY, YOU RECALL, THAT WAS CONCLUDED, I THINK, SOMETIME IN EARLY JUNE. THERE WAS SOME ARGUMENT ABOUT WHETHER THAT HAS BEEN PROPERLY PRODUCED. BUT THERE REALLY WAS NO EXPLICIT CONNECTION, AT LEAST FROM MGA'S PERSPECTIVE, BETWEEN HOLLANDER ON THE ONE HAND AND GRUCA ON THE OTHER HAND. 04:29 04:29

**THE COURT:** WHILE WE'RE ON THAT, MR. ROTH, ARE YOU PROCEEDING WITH THE GRUCA REPORT? 04:29

**MR. ROTH:** YES, WE ARE, YOUR HONOR. ASSUMING THAT THE COURT, AS WE BELIEVE IS APPROPRIATE, DENIES MOTION *IN LIMINE* NUMBER 11 FILED BY MATTEL, WE WOULD SUBMIT THE GRUCA REPORT.

**THE COURT:** ALL RIGHT. I WAS TYING IT, THEN, TO THE 04:30

EXHIBIT 4

PAGE 22

CERTIFICATE

I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

THERESA A. LANZA, CSR, RPR
FEDERAL OFFICIAL COURT REPORTER

7-23-08
DATE

EXHIBIT 4