QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727<br><br>**[PUBLIC REDACTED]**<br>**MATTEL, INC.'S OPPOSITION TO MGA'S MOTION FOR SANCTIONS AND A CURATIVE INSTRUCTION IN CONNECTION WITH MATTEL'S IMPROPER USE OF FOREIGN LAWSUITS DURING MATTEL'S PHASE 1-B OPENING STATEMENT**<br><br>Date: August 5, 2008<br>Time: 8:30 am.<br>Place: Courtroom 1<br><br>**Phase 1**<br>Pre-Trial Conference: May 19, 2008<br>Trial Date:  May 27, 2008 |

Case No. CV 04-9049 SGL (RNBx)
[PUBLIC REDACTED] OPPOSITION TO MGA'S MOTION FOR SANCTIONS RE PHASE 1-B OPENING

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

ARGUMENT .............................................................................................................. 1

I. MATTEL'S COUNSEL DID NOT ENGAGE IN ANY MISCONDUCT BY SHOWING THE JURY THE "TRENDY TEENZ" DOLL ............................................................................................... 1

    A. MGA Did Not Object Prior To Opening That Mattel Proposed To Show The Jury The Wrong Doll .......................................... 1

    B. Mattel's Opening Statements Are Supported By The Testimony of MGA's Former General Counsel .......................................... 2

    C. MGA Has Not Offered Evidence Sufficient To Show That Mattel Did Not Have A Good Faith Belief For Its Statement In Opening ............................................................................................ 4

II. THE COURT SHOULD NOT REVISIT THE DECISION TO ADMIT EVIDENCE OF MGA'S OTHER LITIGATION POSITIONS ..................... 5

    A. The Court Has Already Rejected MGA's Arguments ........................... 5

    B. Mattel's Statements In Opening Were Accurate and Consistent With The Court's Order ......................................................................... 6

    C. Mattel Would Be Prejudiced By A Decision To Reconsider The Court's Ruling ....................................................................................... 8

CONCLUSION .......................................................................................................... 9

## Introduction

MGA's Motion is simply a request for reconsideration of the Court's ruling on MGA's Motion in Limine No. 3 and its bench brief on the Hong Kong litigation. MGA resorts to attacking the integrity of Mattel's counsel to justify a third attempt to exclude factual statements MGA made to foreign courts. MGA repeatedly accuses Mr. Price of "misconduct" by "attempt[ing] . . . to confuse and mislead the jury," and "intend[ing] to prejudice the jury," before asking for the same relief yet again. Mattel did no such thing. The Court should again deny MGA's efforts to avoid its earlier statements.

## Argument

### I. MATTEL'S COUNSEL DID NOT ENGAGE IN ANY MISCONDUCT BY SHOWING THE JURY THE "TRENDY TEENZ" DOLL

#### A. MGA Did Not Object Prior To Opening That Mattel Proposed To Show The Jury The Wrong Doll

As a threshold matter, Mattel provided MGA with all the slides it intended to use prior to opening. MGA never objected that Mattel's graphics showed a doll that had not been the subject of a lawsuit filed by MGA.[1] At no point prior to filing this motion did MGA ever inform Mattel that it believed the doll pictured on the slide was the wrong doll. As the Court made clear in connection with the Phase 1A opening, a party waives its right to object to an opening demonstrative if it does not raise the objection before opening.[2] MGA also did not object when Mr. Price displayed the slides in opening. MGA should not be permitted to seek sanctions based on slides they implicitly agreed Mattel could show.

---

[1] Indeed, while MGA's counsel expressly discussed the Trendy Teenz dolls in arguing on the morning of opening, he never raised this issue. Corey Decl. Ex. 1 (Tr. Trans. at 5386:9-22).

MGA claims in its moving papers that Mattel did not produce the Trendy Teenz doll prior to opening. (Mtn at 1:5). This is incorrect. The parties exchanged emails on this precise topic just two days before MGA filed its motion.[3] As Mattel pointed out in that email, Mattel produced a photograph of the Trendy Teenz doll used in opening in April 2008. On April 22, 2008, Mattel offered to make certain tangible items, including the Trendy Teenz doll, available for inspection.[4] MGA's claim that Mattel did not provide an opportunity for it to inspect the doll is untrue.

### B. Mattel's Opening Statements Are Supported By The Testimony of MGA's Former General Counsel

The notion that Mattel somehow intentionally misled the jury is ironic. Mattel has made every possible effort to determine precisely what dolls MGA has claimed were too similar to Bratz and which have been the subject of litigation filed by MGA. At each turn, MGA has refused to produce, identify or authenticate those items. In its Third Set of Requests for Production, Mattel asked MGA to produce samples, photographs and other information that would permit Mattel to identify each accused product.[5] MGA objected and Judge Infante sustained those objections.[6] Mattel was forced to collect many of the accused products by purchasing them where they could be located. This is what Mattel did with the Trendy Teenz.

---

[2] Corey Decl. Ex. 2 (Tr. Trans. 265:2-13 (overruling objection by Mattel's counsel to use of a document in opening where the document had been exchanged the morning of opening).

[3] Corey Decl. Ex. 3 (July 30, 2008 Email from Tamara Jih to Jonathan Ulsaner).

[4] Corey Decl. Ex. 4 (April 22, 2008 Letter from Geoff Grundy to Amy Park).

[5] Corey Decl. Ex. 5 (Mattel Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc. Requests 1-6).

[6] Corey Decl. Ex. 6.

1    The Trendy Teenz doll Mattel located shares a number of similarities
2 with the Bratz drawings and dolls.  Both have large heads, eyes and feet (among
3 other similarities).[7]  The packaging also has similarities to Bratz.  It contains a
4 "hero shot" of four multiethnic girls, spells "teenz" with a "z," and even contains
5 the tag line "Girls with feel for fashion."  Based on these facts alone, a reasonable
6 person could conclude that this was probably one of the dolls MGA sued on.

7    Mattel then deposed Mitchell Kamarck, MGA's former General
8 Counsel, to confirm that it had obtained the correct product.  Mattel placed before
9 Mr. Kamarck the same Trendy Teenz doll shown at opening.[8]  Mr. Kamarck
10 testified that he believed that doll was at issue in MGA's Hong Kong Litigation:



---

[7] Corey Decl. Ex. 7 (Deposition. Ex. 4204).
[8] Id.

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[9]

This testimony, combined with the obvious similarities between the doll shown in opening and the Bratz drawings and dolls, provided ample basis for the statements made in Mattel's opening.

MGA's efforts to prevent Mattel from demonstrating precisely what products it sued on in Hong Kong continue to this day. On July 24, 2008, Mattel served a subpoena on MGA for a Custodian of Records to produce at trial products the accused products from suits MGA had filed, including the products at issue in MGA v. Double Grand.[10] MGA has moved to quash that subpoena.[11]

### C. **Mattel Clearly Had A Good Faith Belief For The Statements Made In Opening; MGA Has Not Show Otherwise.**

Mattel's counsel had a good faith belief that the doll shown at opening was one of those at issue in the Double Grand litigation. To contradict Mr. Kamarck's testimony, MGA offers a cease and desist letter directed to a party in the United Kingdom that attaches two (poor) images of another product, also apparently called Trendy Teenz.[12] Those blurry images do not show that Mattel's statement was false, much less that Mattel sought to intentionally mislead the jury. Even if the photo were evidence that the product depicted *was* at issue in Double Grand, it does not prove that other products were not as well. In the nine days that

---

[9] Corey Decl. Ex. 8 (Deposition of Mitchell D. Kamarck, January 28, 2008 at 65:15-68:2) and Corey Decl. Ex. 7 (Deposition Ex. 4204). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Corey Decl. Ex. 9 (Deposition of Daphne Gronich, May 2, 2008 at 27:2-10).
[10] Corey Decl. Ex. 10.
[11] Corey Decl. Ex. 11.
[12] Hansen Decl. Ex. 1. MGA has submitted only six pages from Exhibit 13561. Perhaps to save paper, perhaps to give the misimpression that Mattel's
(footnote continued)

passed between the Phase 1B opening and this Motion being filed, MGA could have obtained declarations from a host of people-- inside counsel, UK counsel, Hong Kong counsel-- that the Trendy Teenz doll Mattel displayed at opening was not at issue in the <u>Double Grand</u> action. It has not done so.

Interestingly, the Motion says that "MGA's counsel," <u>not</u> MGA, determined that the doll shown in opening was incorrect. (Motion at 1:7). Apparently no one, not even MGA's counsel, is willing to swear to that fact. (<u>See</u> Motion at 4:17-18 (no factual citation to support this statement)). Either MGA does not know what was issue in that litigation, or it can find no one willing to state under oath that Mattel is incorrect. The only witness who claimed any knowledge on this point, Mr. Kamarck, supported Mattel's conclusion. MGA's assertions are an exceptionally weak basis for impugning Mr. Price's integrity.

MGA is free to offer evidence that the Trendy Teenz doll shown at opening was not at issue in <u>Double Grand</u>. The jury will make its own determination about whether Mattel's opening statement was correct. Mattel's credibility would suffer if it could not prove what it promised. But there is no basis for concluding that Mr. Price intentionally misled the jury, or engaged in any "misconduct."

## II. THE COURT SHOULD NOT REVISIT THE DECISION TO ADMIT EVIDENCE OF MGA'S OTHER LITIGATION POSITIONS

### A. The Court Has Already Rejected MGA's Arguments

MGA tries to revisit whether Mattel may introduce evidence of MGA factual statements in other litigation-- by its <u>own</u> count for <u>fourth time</u>. (Mtn. at 9:14-16.) As a pretext to raise the issue again, accuses Mattel of making

---

"error" should have been manifest to them. In fact, Exhibit 13561 is a 284 page document. The pages MGA cites begin at page 109.

"prejudicial and inaccurate" statements in opening. MGA's accusations are unfounded and its arguments are recycled. Mattel limited its opening remarks to factual comparisons MGA made in other litigation, as directed by the Court. There is no reason to revisit the Court's rulings.

The Court heard argument on these issues on May 21, 2008 and again on July 23, 2008 prior to openings. The Court noted that there is a "fundamental unfairness" in MGA's efforts to avoid their previous factual representations to other courts.[13] Nevertheless, mindful of MGA's arguments, the Court concluded that "the best way to address [MGA's] concerns is to permit fact-based admissions or statements into evidence, but not legal arguments based on foreign law into evidence."[14]

### B. Mattel's Statements In Opening Were Accurate and Consistent With The Court's Order

Mattel accordingly limited its opening statement to factual comparisons. Mattel's opening never strayed into legal analyses or claims in the Hong Kong actions.

MGA claims that Mattel made "incorrect" statements in opening regarding the "Mini Trendy Teenz" doll. Not so. Each statement in the quoted paragraph is accurate. MGA did sue on the mini Trendy Teenz doll in Hong Kong.[15] MGA did claim that the mini Trendy Teenz doll was similar to Cloe.[16] MGA did seek to prevent Double Grand from making the mini Trendy Teenz.[17]

---

[13] Corey Decl. Ex. 1 (Trial Trans. at 5385:7-8).
[14] Corey Decl. Ex. 1 (Trial Trans. at 5371:19-21)
[15] Corey Decl. Ex. 12 (Trial Exhibit No. 13690 at ¶ 4 (Amended Statement of Claim in MGA v. Double Grand, dated October 4, 2004).
[16] Corey Decl. Ex. 13 (Trial Exhibit No. 13691 at ¶ 35 ("Defendant was still dealing in mini version of the Trendy Teenz which is a slavish copy of the mini version of Cloe down to the shoes and its snap on function. . . ,").
[17] Corey Decl. Ex. 12 (TX 13690 Prayer for Relief at ¶¶ 1-2).

MGA admitted that the Bratz dolls were based on Bryant's drawings.[18] And MGA identified the precise points of similarity that Mr. Price mentioned in opening. The Affirmation of Lee Shiu Cheung identifies similarities between the heads, noses, eyes, lips and feet.[19] ███████████████████████

███████████████████████[20]

MGA claims these comparisons were not made in connection with MGA's copyright claims. but instead were made in a UK cease and desist letter. But MGA's own exhibit makes clear that the UK letter was also attached as an exhibit to the Black Affidavit which was filed in the Hong Kong <u>Double Grand</u> action. It was also expressly referenced and incorporated in the Cheung Affirmation filed in the Hong Kong <u>Double Grand</u> action.[21] All these documents were filed in a Hong Kong action that expressly sought damages under "section 108(2) of the Copyright Ordinance."[22]

In any event, does not matter what type of cause of action the statements were made in connection with. These were factual comparisons. As the Court has recognized, the statement that one thing looks like another does not depend on the legal context in which the statement is made. The Court noted during the July 23, 2008 hearing that "a statement that this doll looks like another

---

[18] Corey Decl. Ex. 13 at ¶ 16 (TX 13691)("Based on and originated from the initial concept drawings of Mr. Bryant, Anna Rhee drew some decoration directions for the facial decorations for different series of dolls. She then created the original deco masters which are hand-painted facial decorations on a rubber head sculpt of a doll. With the input of Mr. Bryant, Ms. Rhee revised the deco masters a number of times until they are perfected being the final version that were used to serve as the benchmark and template from which the original four different Bratz dolls' individual facial decorations are mass produced by spray masking.").
[19] Corey Decl. Ex. 13 at ¶¶18, 19, 35, (TX 13691)
[20] Corey Decl. Ex. 14 (Trial Exhibit No. 13561-0109 thru 112)
[21] Corey Decl. Ex. 13 at ¶ 29 (TX 13691).
[22] Corey Decl. Ex. 12 at page 11(TX 13690).

Case 2:04-cv-09049-DOC-RNB   Document 4195   Filed 08/05/08   Page 10 of 11   Page ID
 #:105794

doll" is a "common lay statement" that can presented to the jury.[23]  MGA's counsel even admitted that "if we're talking eye to eye, that's one thing.  And that is probably the best example of something that could be arguably fact-based."[24]

Regardless of the context of MGA's factual statements, it made those statements-- and it does not claim otherwise.  The Court should not permit "MGA to run from [those] statement[s]."[25]

### C. Mattel Would Be Prejudiced By A Decision To Reconsider The Court's Ruling

The Court rejected MGA's effort to exclude all evidence MGA's prior factual statements comparing the Bratz dolls and drawings to the dolls at issue in foreign infringement actions.  It would be greatly prejudicial for the Court to change the rules of the game after it is already underway.  If Mattel is precluded from presenting the evidence to the jury, the jury might well conclude that Mattel made an empty promise in opening.

---

[23] Corey Decl. Ex. 1 (Trial Trans. at 5390:16-23.)
[24] Corey Decl. Ex. 1 (Trial Trans. at 5389:13-15.)
[25] Corey Decl. Ex. 1 (Trial Trans. at 5390 at 18-19.)  For this reason, MGA's discussion of Hong Kong law is irrelevant.  Because MGA's motion was served without notice at 6:58 pm on Friday night, Mattel has not had sufficient opportunity to prepare a discussion of the cited Hong Kong law.  Mattel will do so at the Court's invitation.

-8- Case No. CV 04-9049 SGL (RNBx)
[PUBLIC REDACTED] OPPOSITION TO MGA'S MOTION FOR SANCTIONS RE PHASE 1-B OPENING

## Conclusion

For the foregoing reasons, the Court should deny MGA's Motion in its entirety.

DATED: August 4, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ John B. Quinn
John B. Quinn
Attorneys for Mattel, Inc.