QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-2727<br><br>[PUBLIC REDACTED]<br><br>DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL'S OPPOSITION AGAINST MGA'S MOTION FOR SANCTIONS AND A CURATIVE INSTRUCTION IN CONNECTION WITH MATTEL'S IMPROPER USE OF FOREIGN LAWSUITS DURING MATTEL'S PHASE 1-B OPENING STATEMENT<br><br>Hearing Date:  August 5, 2008<br>Time:  8:30 a.m.<br>Place:  Courtroom 1<br><br>**Phase 1**<br>Pre-Trial Conference: May 19, 2008<br>Trial Date:  May 27, 2008 |

## DECLARATION OF JON D. COREY

I, Jon D. Corey, declare as follows:

1.     I am a member of the bars of the State of California and the District of Columbia. I am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration in support of Mattel, Inc.'s Opposition to MGA's Motion for Sanctions And A Curative Instruction In Connection With Mattel's Improper Use of Foreign Lawsuits During Mattel's Phase 1-B Opening Statement. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.     Attached as Exhibit 1 hereto is a true and correct copy of excerpts of the July 23, 2008 AM Trial Transcript.

3.     Attached as Exhibit 2 hereto is a true and correct copy of excerpts of the May 27, 2008 PM Trial Transcript.

4.     Attached as Exhibit 3 hereto is a true and correct copy of an E-mail message from Tamara Jih to Jonathan Ulsaner sent on July 30, 2008.

5.     Attached as Exhibit 4 hereto is a true and correct copy of the April 22, 2008 Letter from Geoff Grundy to Amy Park.

6.     Attached as Exhibit 5 hereto is a true and correct copy of Mattel Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc., dated October 24, 2007.

7.     Attached as Exhibit 6 hereto is a true and correct copy of the Order Granting In Part and Denying In Part Mattel's Motion To Compel Production of Documents And Things By MGA Entertainment, Inc.; Denying Request For Sanctions, dated April 14, 2008.

8.     Attached as Exhibit 7 hereto is a true and correct copy of Deposition Exhibit No. 4204 (Trendy Teenz doll in packaging), marked and shown at the deposition of Mitchell D. Kamarck on January 28, 2008.

9.     Attached as Exhibit 8 hereto is a true and correct copy of excepts of the Deposition of Mitchell D. Kamarck, January 28, 2008.

10.     Attached as Exhibit 9 hereto is a true and correct copy of excepts of the Deposition of Daphne Gronich, May 2, 2008.

11.     Attached as Exhibit 10 hereto is a true and correct copy of the Subpoena In A Civil Case To The Custodian of Records, MGA Entertainment (HK) Limited, dated July 24, 2008.

12.     Attached as Exhibit 11 hereto is a true and correct copy of MGA Parties' Notice of Motion and Motion to Quash Or, In The Alternative, For Protective Order, dated July 31, 2008.

13.     Attached as Exhibit 12 hereto is a true and correct copy of the Amended Statement of Claim in <u>MGA Entertainment Inc. v. Double Grand Corporation Limited</u>, dated October 4, 2004, Trial Exhibit No. 13690.

14.     Attached as Exhibit 13 hereto is a true and correct copy of excerpts of the Affirmation of Lee Shiu Cheung in <u>MGA v. Double Grand</u>, dated June 18, 2003, Trial Exhibit No. 13691.

15.     Attached as Exhibit 14 hereto is a true and correct copy of excerpts of the Affidavit of Raymond David Black in <u>MGA v. Double Grand</u>, dated June 13, 2003, Trial Exhibit No. 13561.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 4, 2008, at Riverside, California.

/s/ Jon D. Corey

———————————————

Jon D. Corey

DECLARATION OF JON D. COREY

# EXHIBIT 1

```
 1                    UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3                          EASTERN DIVISION

 4                              - - -

 5           HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                              - - -

 7   MATTEL, INC.,                  )

                                    )

 8                    PLAINTIFF,    )

                                    )

 9            VS.                   )    NO. CV 04-09049

                                    )

10   MGA ENTERTAINMENT, INC., ET. AL.,  )   TRIAL DAY 27

                                    )    MORNING SESSION

11                    DEFENDANTS.   )    PAGES 5324-5477

                                    )

12   AND CONSOLIDATED ACTIONS,      )

                                    )

13

14

15         REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16                    RIVERSIDE, CALIFORNIA

17                  WEDNESDAY, JULY 23, 2008

18                        8:17 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR

              FEDERAL OFFICIAL COURT REPORTER

24              3470 12TH STREET, RM. 134

              RIVERSIDE, CALIFORNIA  92501

25                    951-274-0844

                    WWW.THERESALANZA.COM
```

EXHIBIT _____ \

PAGE _____ 4

1        THE COURT:  THE COURT HAS HAD A CHANCE NOW TO READ

2    MGA'S BENCH MEMORANDUM SUBMITTED IN CONNECTION WITH MATTEL'S

3    INTENT TO OFFER INTO EVIDENCE HONG KONG PLEADINGS DURING THE

4    PHASE 1-B TRIAL.  THE COURT HAS ALSO RECEIVED THE OPPOSITION TO

5    MGA PARTIES' BENCH MEMORANDUM REGARDING HONG KONG PLEADINGS AND

6    THE DECLARATION OF MR. PROCTOR THAT WAS FILED CONCURRENTLY.

7        THE COURT WANTS TO HEAR ORAL ARGUMENT ON THIS, JUST

8    TO GET SOME CLARIFICATION.

9        FIRST OF ALL, THE PROCEDURAL OBJECTION RAISED BY

10   MATTEL IS NOT WELL TAKEN.  THE COURT DID PROVIDE LEAVE FOR THIS

11   BENCH MEMORANDUM TO BE FILED.  I DO UNDERSTAND THAT IT WAS

12   ADDRESSED BY THE COURT'S RULING ON MGA'S MOTION IN LIMINE

13   NUMBER THREE, IN WHICH THE COURT ONLY GRANTED THE MOTION

14   INSOFAR AS RULINGS BY THE HONG KONG COURTS WERE CONCERNED, BUT

15   OTHERWISE, DEFERRED RULING ON THAT MOTION.

16       I THINK IT'S APPROPRIATE TO TAKE THAT UP AT THIS

17   POINT IN TIME.

18       MY GENERAL SENSE, IN GOING THROUGH THIS, IS PROBABLY,

19   THE BEST WAY TO ADDRESS THE CONCERNS IS TO PERMIT FACT-BASED

20   ADMISSIONS OR STATEMENTS INTO EVIDENCE, BUT NOT LEGAL ARGUMENTS

21   BASED ON FOREIGN LAW INTO EVIDENCE.  AND I KNOW THE DIVISION

22   WILL NOT ALWAYS BE NEAT AND TIDY, AND THE COURT MAY HAVE TO

23   CONSIDER SOME OF THIS IN THE CONTEXT OF THE TRIAL ITSELF.

24       I CAN GIVE CLEAR EXAMPLES OF ONE OR THE OTHER, BUT

25   THAT'S WHERE I THINK I COME OUT ON THIS.

Mattel v. MGA II

EXHIBIT _____ 1

PAGE _____ 6

1    MR. ZELLER'S FIRST POINT.  MAYBE NOT HIS FIRST POINT, BUT THE

2    JUDICIAL ESTOPPEL POINT, THE FUNDAMENTAL -- I'M WITH YOU ON THE

3    LEGAL DISTINCTION AND THE DANGERS, THE 403 DANGERS, OF HAVING

4    TO INSTRUCT THE JURY ON HONG KONG LAW AND GETTING INTO WHAT I

5    THINK MIGHT VERY WELL BE A QUAGMIRE IF WE WENT DOWN THIS ROAD

6    TOO FAR.

7           BUT THERE'S A FUNDAMENTAL UNFAIRNESS THAT MR. ZELLER

8    HAS IDENTIFIED THAT RESONATES WITH THE COURT.  FOR MGA TO BE

9    ABLE TO GO IN ONE COURT, WHETHER IT'S HONG KONG OR OREGON OR

10   WHEREVER IT IS, AND SAY, 'AHA, YOU'RE INFRINGING OUR DRAWINGS;

11   YOU'RE INFRINGING OUR DOLLS,' AND THEN TURN AROUND AND MAKE ALL

12   OF THE ARGUMENTS IN TERMS OF SIMILARITY OF EYES, SIMILARITY OF

13   WHATEVER, AND THEN TURN AROUND IN ANOTHER COURT AND SAY, 'NOW

14   WE'RE GOING TO BRING IN EXPERTS AND SAY THEY DON'T LOOK

15   ANYTHING LIKE THE DRAWINGS AND THE DOLLS DON'T EVEN LOOK ALIKE,

16   LET ALONE THE DRAWINGS AND THE DOLLS AND SOME OTHER DOLL,' THIS

17   REALLY STRIKES THE COURT AS A FUNDAMENTALLY UNFAIR POSITION FOR

18   MGA TO BE TAKING.

19           MR. HANSEN:  IF YOU'RE SPEAKING, YOUR HONOR, TO THE

20   NOTION THAT'S IN THEIR BRIEF OF WHETHER OR NOT WE'RE ARGUING

21   THAT A THREE-DIMENSIONAL ITEM CANNOT INFRINGE A TWO-DIMENSIONAL

22   DRAWING, THAT'S THE RED HERRING.

23           WE'RE NOT ARGUING THAT.

24           SO PART OF WHAT THEY'RE SAYING IS WE CAN'T COME IN

25   HERE AND SAY --

EXHIBIT _____1_____

PAGE _____6_____

1          THE COURT:  ADDRESS WHAT MR. PRICE -- IN THE CONTEXT

2     OF MR. PRICE.

3          IN ANOTHER COURT, MGA, THROUGH MR. LARIAN, HAS STOOD

4     UP AND SAID THESE EYES LOOK ALIKE; AND NOW WE'RE GOING TO HEAR

5     EVIDENCE FROM MGA'S EXPERT SAYING THEY DON'T LOOK ANYTHING

6     ALIKE.

7          THERE'S A FUNDAMENTAL INCOHERENCE TO THAT POSITION,

8     WHICH I THINK THE DOCTRINE OF JUDICIAL ESTOPPEL DOES SPEAK TO.

9          MR. HANSEN:  WHAT WE HAVE, YOUR HONOR, IS -- THE

10    REASON IT DOESN'T SPEAK TO IT IS THAT -- WHAT WE'RE TALKING

11    ABOUT OVER IN HONG KONG IS -- WE HAVE -- I DON'T KNOW WHAT DOLL

12    THAT IS, SAY THE TRENDY TEENS OR --

13         THE COURT:  TRENDY TEENS.

14         MR. HANSEN:  I DON'T KNOW THE NAMES EXACTLY, BUT

15    LET'S SAY TRENDY TEENS, ONE OF THE ONES THAT THEY TALK ABOUT.

16         SO WHAT'S BEING DISCUSSED OVER THERE IS THAT A BRATZ

17    DOLL LOOKS LIKE A TRENDY TEENS DOLL.  SO THE ANALYSIS OF THAT

18    IS BASED ON -- THE THINGS THAT ARE BEING SAID ARE BEING SAID

19    UNDER THE APPLICABLE HONG KONG LEGAL PRINCIPLES; SO THE

20    ARGUMENTS ARE INTERTWINED WITH THE HONG KONG LAW.

21         WHAT'S AT ISSUE IN THIS CASE IS NOT WHETHER BRATZ

22    LOOKS LIKE TRENDY TEENS --

23         THE COURT:  WE'VE GOT TO BREAK THIS DOWN, BECAUSE I

24    CAN'T ACCEPT A BROAD-BASED GENERALITY.

25         IN THE CONTEXT OF THE SPECIFIC EYE COMMENT, HOW IS

Mattel v. MGA II                    EXHIBIT _____1_____                    Page 5386

PAGE _____7_____

1                              CERTIFICATE

2

3    I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED

     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF

4    THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-

     ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN

5    CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF

     THE UNITED STATES.

6

7    _____              _____

     THERESA A. LANZA, CSR, RPR                      DATE

8    FEDERAL OFFICIAL COURT REPORTER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Mattel v. MGA II                    EXHIBIT _____1_____        Page 5477

                                    PAGE _____8_____

# EXHIBIT 2

Trial - PM Session: Defense Opening 214; Ross 276 5/27/2008

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3                      - - -

4          HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

5                      - - -

6   MATTEL, INC.,              :   PAGES 200 - 339

                               :

7          PLAINTIFF,          :

                               :

8      VS.                     :   NO. ED CV04-09049-SGL

                               :   [CONSOLIDATED WITH

9   MGA ENTERTAINMENT, INC.,   :   CV04-9059 & CV05-2727]

    ET AL.,                    :

10                             :

           DEFENDANTS.         :

11

12

13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16               RIVERSIDE, CALIFORNIA

17              TUESDAY, MAY 27, 2008

18               JURY TRIAL - DAY 2

19               AFTERNOON SESSION

20

21

22               MARK SCHWEITZER, CSR, RPR, CRR

                 OFFICIAL COURT REPORTER

23               UNITED STATES DISTRICT COURT

                 181-H ROYBAL FEDERAL BUILDING

24               255 EAST TEMPLE STREET

                 LOS ANGELES, CALIFORNIA 90012

25               (213) 663-3494

1              They say that Isaac Larian is concealing Carter

2      Bryant as the designer of Bratz.  This is consistent with

3      Mr. Larian's testimony.  In fact, as I explained to you, it

4      was Jasmine who, when looking at the drawings, the drawings.

5              You'll hear testimony that during those 10 days or

6      so, when Mr. Larian was considering whether or not he would

7      take the risk for the reward and coming out with the doll, he

8      was reflecting that the drawings look a lot like the kids

9      that are coming over to my house.  They make it out as though

10     this is concealment.

11             Let me go to a couple of other examples.  They talk

12     about -- let's go to Trial Exhibit 4900.

13             This is a document that is issued by Isaac right

14     after the launch of Bratz.  And he's being told by the

15     outside that this is an e-mail that's being sent to his

16     internal people.  MGA has full, free, and clear rights to

17     Bratz, and Bratz follows, I've been advised that Mattel is

18     spreading rumors that there are legal issues regarding Bratz.

19     This is untrue.  We are and will deliver our full capacity of

20     Bratz products with no delays.  If you or your customers have

21     any questions, please call me directly.

22             See, Isaac Larian, once he knew that he launched

23     Bratz, he knew that he was going to waken the sleeping giant

24     Mattel.  In an e-mail that he receives October 11th, '01,

25     this is from Isaac Larian to Mr. Block, Hasbro.  Isaac Larian

Mattel v. MGA II

EXHIBIT ___2___

PAGE ___10___

Page 264

1  says it is hard for a baby sheep to fight off a --

2         MR. QUINN:  I object, your Honor.  This is just not

3  relevant.

4         THE COURT:  Was this stipulated to as admissible?

5         MR. NOLAN:  Yes, your Honor.  This was shown this

6  morning.

7         MR. QUINN:  We agree it can be shown to the jury

8  subject to the Court's rulings.

9         THE COURT:  This was shown this morning?

10        MR. QUINN:  It was, your Honor, but it's not

11  relevant.

12        THE COURT:  If it was shown this morning,

13  overruled.

14        MR. NOLAN:  Okay.  It is hard for a baby sheep to

15  fight off a lion.

16        There's another document, your Honor, that I want

17  to -- with respect to the massive conspiracy and that Carter

18  Bryant was kept in concealment, I want to show a couple

19  things.

20        Think about it, if this is so secret and this is so

21  much of a concern to everybody, of all the notaries that

22  Carter Bryant could go to, why does he go to a Mattel notary

23  who is the administrative assistant to a vice-president of

24  Mattel and show her and ask her to notarize his drawings?  I

25  suppose he could have gone to Kinko's, and nobody would have

Mattel v. MGA II

EXHIBIT ___2___

PAGE ___11___

Page 265

1    known about it --

2              MR. QUINN:  Your Honor, this is argument.

3              THE COURT:  It is.  Move along.

4              MR. NOLAN:  Okay.  He did not go to Kinko's.  He

5    went to a notary public at the time.

6              THE COURT:  Counsel, please.  When I sustain an

7    objection, stop and move on.

8              MR. NOLAN:  You heard evidence that he was told

9    that he used resources, that he had friends of his paint the

10   dummy with the eyes.  Show Trial Exhibit 1310.  This is a

11   check dated August 25th, 2000.  This is pay to the Mattel

12   co-worker.  We didn't know about this.  We didn't ask him to

13   do this.  And Carter Bryant's not here anymore.  But clearly,

14   if you are involved in a conspiracy and you are trying to

15   hide it so much --

16             MR. QUINN:  Your Honor, this is more argument.

17             THE COURT:  Counsel, it is argumentative.

18             MR. NOLAN:  I'm sorry.  I apologize, your Honor.

19             You will see that this check is written out on

20   Carter Bryant's check stock, made out in the amount of $150.

21   No effort to conceal it.

22             Again, we talked about the Mattel hair vendor,

23   Universal.

24             Let's have this exhibit up here.  Exhibit No. 0030.

25   This is the letter regarding Saran hair that Carter Bryant

EXHIBIT ____2____

PAGE ____12____

1    tomorrow morning at 8:30.

2

3                    (Proceedings concluded at 5:05 P.M.)

4

5

6

7

8

9

10

11

12                    C E R T I F I C A T E

13

14

15          I hereby certify that pursuant to Title 28,

16   Section 753 United States Code, the foregoing is a true and

17   correct transcript of the stenographically reported

18   proceedings in the above matter.

19          Certified on May 27, 2008.

20

21

                       _____

22                     MARK SCHWEITZER, CSR, RPR, CRR

                       Official Court Reporter

23                     License No. 10514

24

25

Mattel v. MGA II                EXHIBIT ____2____                Page 339

                                PAGE ____13____

# EXHIBIT 3

## J'Lene Ancell

| | |
|---|---|
| **From:** | Scott Watson |
| **Sent:** | Monday, August 04, 2008 6:35 PM |
| **To:** | J'Lene Ancell |
| **Subject:** | FW: Mattel Tangibles |

**Attachments:** Letter to Park (2).pdf

---

**From:** Bridget Hauler
**Sent:** Monday, August 04, 2008 6:34 PM
**To:** Scott Watson
**Subject:** FW: Mattel Tangibles

---

**From:** Tamara Jih
**Sent:** Wednesday, July 30, 2008 6:38 PM
**To:** 'Uslaner, Jonathan D'; Michael T Zeller; Dylan Proctor; Bridget Hauler; Christopher Price
**Cc:** 'Aguiar, Lauren E (NYC)'; 'Herrington, Robert J (LAC)'
**Subject:** RE: Mattel Tangibles

Jonathan,

Mattel produced photographs of the tangible items it claims were the subject of MGA copyright infringement actions in April. On April 22, 2008, Mattel sent a letter to Amy Park, inviting counsel for MGA to inspect the tangible items in our Los Angeles office. Attached, please find a copy of that letter.

In any event, please identify by exhibit number which tangible items MGA would like to inspect, and we can make them available to you again.

Unfortunately, we will not be able to arrange the inspection for 10AM tomorrow in Riverside, as our attorneys and staff are currently working out of our Los Angeles office. Once you identify which exhibits MGA would like to inspect, perhaps we can schedule a mutually agreeable time later this week for the inspection?

Please let me know your availability.

Thanks,
Tammy

---

**From:** Uslaner, Jonathan D [mailto:Jonathan.Uslaner@skadden.com]
**Sent:** Wednesday, July 30, 2008 6:09 PM
**To:** Michael T Zeller; Dylan Proctor; Bridget Hauler; Christopher Price; Tamara Jih
**Cc:** Aguiar, Lauren E (NYC); Herrington, Robert J (LAC)
**Subject:** Mattel Tangibles

Mattel added as exhibits (and, in fact, used during in its opening statement) tangibles that were never produced by Mattel in this litigation and/or were never made available to MGA for inspection. For example, Mattel has added tangible items that it claims were the subject of MGA copyright infringement actions.

EXHIBIT ___3___

8/4/2008

PAGE ___19___

As Mr. Christopher Price will recall, the parties agreed to provide each other an opportunity to inspect all tangibles that were identified as trial exhibits.  Mattel has not done so.

Please make available for inspection tomorrow beginning at 10 am in Riverside any tangibles on Mattel's exhibit list that have not already been inspected by MGA including, but not limited to, those tangible items that Mattel claims were the subject of MGA's copyright infringement actions.

Best Regards,
Jonathan

Jonathan D. Uslaner
Skadden, Arps, Slate, Meagher & Flom LLP
300 S. Grand Ave.
Los Angeles, CA 90071
Tel:  213-687-5523
Fax: 213-621-5523

-----------------------------------------------------------
*************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
*************************************************
*************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*************************************************
=============================================

EXHIBIT ____3____

PAGE ____15____

# EXHIBIT 4

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

April 22, 2008

## VIA FACSIMILE AND U.S. MAIL

Amy S. Park, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301

Re:   Bryant v. Mattel CV 04-9049

Dear Counsel:

We recently produced photos of tangible items. These photos included items that are
available for inspection in our Los Angeles office. Please contact Tamar Buchakjian if you
would like to inspect them.

Sincerely,

Geoffrey Grundy
Paralegal

07209/2459452.1

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT ___4___

PAGE ___16___

# EXHIBIT 5

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14         Plaintiff,                    Consolidated with
                                         Case No. CV 04-09059
15    vs.                                Case No. CV 05-02727

16  MATTEL, INC., a Delaware             MATTEL, INC.'S THIRD SET OF
    corporation,                         REQUESTS FOR DOCUMENTS AND
17                                       THINGS TO MGA
           Defendant.                    ENTERTAINMENT, INC.
18

19  AND CONSOLIDATED CASES

20

21

22

23

24

25

26

27

28

07209/2261215.1

10-24

EXHIBIT _____

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

PAGE _____ 17

1     Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>,

2   Mattel, Inc. hereby requests that MGA Entertainment, Inc. respond to these

3   document requests ("Requests") and make available for inspection and copying

4   originals of the following documents within 30 days of service at the offices of

5   Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

6   floor, Los Angeles, CA 90017.  MGA Entertainment, Inc. shall be obligated to

7   supplement responses to these requests at such times and to the extent required by

8   <u>Rule</u> 26(e) of the <u>Federal Rules of Civil Procedure</u>.

9

10  **I.   DEFINITIONS**

11

12     For purposes of these Requests, the following definitions apply:

13     A.   "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc.

14   and all of its current or former directors, officers, employees, agents, contractors,

15   attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES,

16   predecessors-in-interest and successors-in-interest, and any other PERSON acting

17   on its behalf, pursuant to its authority or subject to its control.

18     B.   "MATTEL" means Mattel, Inc. and all of its current or former

19   directors, officers, employees, agents, contractors, attorneys, accountants,

20   representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

21   successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

22   authority or subject to its control.

23     C.   "AFFILIATES" means any and all corporations, proprietorships,

24   d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

25   indirectly, in whole or in part, own or control, are under common ownership or

26   control with, or are owned or controlled by a PERSON, party or entity, including

27   without limitation each parent, subsidiary and joint venture of such PERSON, party

28   or entity.

07209/1261215.1

EXHIBIT _2_   DOCUMENT REQUESTS TO MGA ENTERTAINMENT
PAGE ___18___

1      D.    "PERSON" or "PERSONS" means all natural persons,

2 partnerships, corporations, joint ventures and any kind of business, legal or public

3 entity or organization, as well as its, his or her agents, representatives, employees,

4 officers and directors and any one else acting on its, his or her behalf, pursuant to

5 its, his or her authority or subject to its, his or her control.

6      E.    "BRATZ" means any project, product, doll or DESIGN ever

7 known by that name (whether in whole or in part and regardless of what such

8 project, product or doll is or has been also, previously or subsequently called) and

9 any product, doll or DESIGN or any portion thereof that is now or has ever been

10 known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

11 in part and regardless of what such product, doll or DESIGN or portion thereof is or

12 has been also, previously or subsequently called) or that is now or has ever been

13 sold or marketed as part of the "Bratz" line, and each version or iteration of such

14 product, doll or DESIGN or any portion thereof. As used herein, "product, doll or

15 DESIGNS or any portion thereof" also includes without limitation any names,

16 fashions, accessories, artwork, packaging or any other works, materials, matters or

17 items included or associated therewith. Without limiting the generality of the

18 foregoing, the term "BRATZ" does not and shall not require that there be a doll,

19 product or three-dimensional embodiment existing at the time of the event, incident

20 or occurrence that is the subject of, or otherwise relevant or responsive to, the

21 Requests herein.

22      F.    "SCOOTER SAMANTHA" means any project, product, doll or

23 DESIGN ever known by that name (whether in whole or in part and regardless of

24 what such project, product or doll is or has been also, previously or subsequently

25 called) and any product, doll or DESIGN or any portion thereof that is now or has

26 ever been known as, or sold or marketed under, the name or term "Scooter

27 Samantha" (whether in whole or in part and regardless of what such product, doll or

28 DESIGN or portion thereof is or has been also, previously or subsequently called) or

-3-

EXHIBIT 2 DOCUMENT REQUESTS TO MGA ENTERTAINMENT

PAGE 19

1  that is now or has ever been sold or marketed as part of the "Scooter Samantha"

2  line, and each version or iteration of such product, doll or DESIGN or any portion

3  thereof. As used herein, "product, doll or DESIGNS or any portion thereof" also

4  includes without limitation any names, fashions, accessories, artwork, packaging or

5  any other works, materials, matters or items included or associated therewith.

6  Without limiting the generality of the foregoing, the term "SCOOTER

7  SAMANTHA" does not and shall not require that there be a doll, product or three-

8  dimensional embodiment existing at the time of the event, incident or occurrence

9  that is the subject of, or otherwise relevant or responsive to, the Requests herein.

10      G.    "SPACE BABES" means the project, product, doll or DESIGN

11  referenced in MGA 2144569 or that has ever known by that name (whether in whole

12  or in part and regardless of what such project, product or doll is or has been also,

13  previously or subsequently called) and any product, doll or DESIGN or any portion

14  thereof that is now or has ever been known as, or sold or marketed under, the name

15  or term "Space Babes" (whether in whole or in part and regardless of what such

16  product, doll or DESIGN or portion thereof is or has been also, previously or

17  subsequently called) or that is now or has ever been sold or marketed as part of the

18  "Scooter Samantha" line, and each version or iteration of such product, doll or

19  DESIGN or any portion thereof. As used herein, "product, doll or DESIGNS or any

20  portion thereof" also includes without limitation any names, fashions, accessories,

21  artwork, packaging or any other works, materials, matters or items included or

22  associated therewith. Without limiting the generality of the foregoing, the term

23  "SPACE BABES" does not and shall not require that there be a doll, product or

24  three-dimensional embodiment existing at the time of the event, incident or

25  occurrence that is the subject of, or otherwise relevant or responsive to, the Requests

26  herein.

27      H.    "SCOOTER SHANNEN" means any project, product, doll or

28  DESIGN ever known by that name (whether in whole or in part and regardless of

07209/2261215.1

-4-

EXHIBIT ⟵5   DOCUMENT REQUESTS TO MGA ENTERTAINMENT

PAGE _____ 10

1   what such project, product or doll is or has been also, previously or subsequently

2   called) and any product, doll or DESIGN or any portion thereof that is now or has

3   ever been known as, or sold or marketed under, the name or term "Scooter Shannen"

4   (whether in whole or in part and regardless of what such product, doll or DESIGN

5   or portion thereof is or has been also, previously or subsequently called) or that is

6   now or has ever been sold or marketed as part of the "Scooter Shannen" line, and

7   each version or iteration of such product, doll or DESIGN or any portion thereof.

8   As used herein, "product, doll or DESIGNS or any portion thereof" also includes

9   without limitation any names, fashions, accessories, artwork, packaging or any other

10  works, materials, matters or items included or associated therewith.  Without

11  limiting the generality of the foregoing, the term "SCOOTER SHANNEN" does not

12  and shall not require that there be a doll, product or three-dimensional embodiment

13  existing at the time of the event, incident or occurrence that is the subject of, or

14  otherwise relevant or responsive to, the Requests herein.

15          I.      "DESIGN" or "DESIGNS" means any and all representations,

16  whether two-dimensional or three-dimensional, and whether in tangible, digital,

17  electronic or other form, including but not limited to all works, designs, artwork,

18  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

19  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

20  practice, developments, inventions and/or improvements, as well as all other items,

21  things and DOCUMENTS in which any of the foregoing are or have been

22  expressed, embodied, contained, fixed or reflected in any manner, whether in whole

23  or in part.

24          J.      "DOCUMENT" or "DOCUMENTS" means all "writings" and

25  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

26  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

27  limited to, all writings and records of every type and description including, but not

28  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

1  electronic mail ("e-mail"), records of telephone conversations, handwritten and
2  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
3  and summaries of meetings, voice recordings, pictures, photographs, drawings,
4  computer cards, tapes, discs, printouts and records of all types, studies, instruction
5  manuals, policy manuals and statements, books, pamphlets, invoices, canceled
6  checks and every other device or medium by which or through which information of
7  any type is transmitted, recorded or preserved. Without any limitation on the
8  foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
9  from the original or other versions of the DOCUMENT, including, but not limited
10 to, all drafts and all copies of such drafts or originals containing initials, comments,
11 notations, insertions, corrections, marginal notes, amendments or any other variation
12 of any kind.

13        K.     "THIRD-PARTY LAWSUIT" or "THIRD-PARTY
14 LAWSUITS" means any legal proceeding of any kind, including without limitation
15 any suit, lawsuit, action, arbitration or customs proceeding, other than this ACTION.

16        L.     "BRATZ LAWSUITS" means any legal proceeding of any kind,
17 including without limitation any suit, lawsuit, action, arbitration or customs
18 proceeding, other than this ACTION that REFERS OR RELATES to BRATZ,
19 including without limitation each of the following legal actions and each of their
20 associated proceedings and appeals:

21        *MGA Entertainment Inc. v. Wai Man International (H.K.) Limited*
22        *MGA Entertainment inc. v. Sunny Toys Industrial Company Limited*
23        *MGA Entertainment Inc. and Elliot Rudell trading as Rudell Design v.*
24 *Wealth Ocean Industrial Limited*
25        *MGA Entertainment Inc. v. Registrar of Companies & Yokon*
26 *International Limited & Wong Tat*
27        *MGA Entertainment Inc. and MGA Entertainment (H.K.) Limited v.*
28 *Double Grand Corporation Limited*

07209/2261215.1

-6-

EXHIBIT 5    DOCUMENT REQUESTS TO MGA ENTERTAINMENT

PAGE 22



1    MGA Entertainment Inc. v. Hunglam Toys Company Limited

2    MGA Entertainment Inc. v. Union Top (HK) Company Limited

3    MGA Entertainment Inc. v. Uni-Fortune Toys Industrial Limited & Fu

4  Wei Toys Company Limited

5    MGA Entertainment Inc. v. Linwell Industries Limited

6    MGA Entertainment Inc. v. Yokon International Limited; Golden City

7  Toys Company Limited; Wong Tat

8    MGA Entertainment Inc. v. Fu Li Sheng Craft Toy Company Limited

9  and Xie Jun Yu trading as Tracy Industrial (H.K.) Company

10    Kin Yat Industrial Company Limited v. MGA Entertainment (H.K.)

11  Limited

12    ABC International Traders doing business as MGA Entertainment v.

13  Toys & Trends (Hong Kong) Limited; Cityworld Limited; Jurg Willi Kesselring

14    Golden Bright Manufacturer Limited v. MGA Entertainment (HK)

15  Limited

16    MGA Entertainment (HK) Limited v. Leaves Industries Limited

17    Queentex Company Limited v. MGA Entertainment (HK) Limited

18    MGA Entertainment (HK) Limited v. Queentex Company Limited

19    ABC International Traders doing business as MGA Entertainment v.

20  Qualiman Industrial Company Ltd.

21    Golden Bright Manufacturer Limited v. Sunlight Electronic Toys

22    Larian v. Larian

23    MGA Entertainment v. Ubisoft Entertainment S.A.

24    MGA Entertainment v. Fun-4-All

25    McDonald's Corporation v. MGA Entertainment, Inc. f/k/a ABC

26  International Traders

27    Karen Dudnikov, Michael Meadors v. MGA Entertainment, Inc.

28    Art Attacks Ink, LLC v. MGA Entertainment, Inc.

07.209/2261215.1

-7-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT  5

PAGE  17

1        M.    "INFRINGE" or "INFRINGES" means infringe, dilute, be

2 substantially or confusingly similar to, or otherwise violate any rights in, whether

3 statutory, common law, contractual or otherwise.

4        N.    "REFER OR RELATE TO" means constituting, embodying,

5 containing, referring to, commenting on, evidencing, regarding, discussing,

6 describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting,

7 contradicting, negating, revoking or otherwise relating to in any manner.

8        O.    "IDENTIFY" or "IDENTITY" means the following:

9            (i)    with reference to an individual or individuals, means to

10 state, fully and separately as to each, such individual's full name, any known

11 business title, current or last known business affiliation, current or last known

12 residential address, current or last known business address, current or last known

13 relationship to MGA Entertainment, Inc., and current or last known telephone

14 number.

15            (ii)    with reference to an entity or entities, means to state, fully

16 and separately as to each, such entity's full name, state (or country) of incorporation

17 or organization, present or last known address, and present or last known telephone

18 number.

19        P.    "Any" as used in these Requests includes the word "all," and the

20 word "all" as used in these Requests includes the word "any."

21        Q.    The singular form of a noun or pronoun includes within its

22 meaning the plural form of the noun or pronoun so used, and vice versa; the use of

23 the masculine form of a pronoun also includes within its meaning the feminine form

24 of the pronoun so used, and vice versa; the use of any tense of any verb includes

25 also within its meaning all other tenses of the verb so used, whenever such

26 construction results in a broader request for information; and "and" includes "or"

27 and vice versa, whenever such construction results in a broader disclosure of

28 documents or information.

07209/2261215.1

-8-

EXHIBIT ___5___    DOCUMENT REQUESTS TO MGA ENTERTAINMENT

PAGE ___14___

## II.   **INSTRUCTIONS**

     A.    YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

     B.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or protection that YOU are not prepared to waive, identify each such DOCUMENT and provide the following information:

          1.    the date and type of the DOCUMENT, the author(s) and all recipients;

          2.    the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

          3.    the title and subject matter of the DOCUMENT;

          4.    any additional facts on which YOU base YOUR claim of privilege or protection; and

          5.    the identity of the current custodian of the original of the DOCUMENT.

     C.    DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

     D.    The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that have or had attachments, the attachments shall be attached when produced.

     E.    DOCUMENTS in electronic form shall be produced in that form.

EXHIBIT ___5___

PAGE ___15___

1          F.     In the event that any DOCUMENT called for by these requests

2   has been destroyed or discarded, that DOCUMENT is to be identified by stating:

3             1.    the date and type of the DOCUMENT, the author(s) and all

4                  recipients;

5             2.    the DOCUMENT's date, subject matter, number of pages, and

6                  attachments or appendices;

7             3.    the date of destruction or discard, manner of destruction or

8                  discard, and reason for destruction or discard;

9             4.    the PERSONS who were authorized to carry out such destruction

10                 or discard;

11            5.    the PERSONS who have knowledge of the content, origins,

12                 distribution and destruction of the DOCUMENT; and

13            6.    whether any copies of the document exist and, if so, the name of

14                 the custodian of each copy.

15

16  **III.   REQUESTS FOR DOCUMENTS AND THINGS**

17

18  REQUEST FOR PRODUCTION NO. 1:

19         A sample of each doll, product or other matter that, whether in whole or

20  in part, YOU have alleged or contended INFRINGES BRATZ in any THIRD-

21  PARTY LAWSUIT, including without limitation in the BRATZ LAWSUITS.

22

23  REQUEST FOR PRODUCTION NO. 2:

24         To the extent not produced in Response to Request No. 1, a sample of

25  each doll, product or other matter that, whether in whole or in part, YOU have

26  alleged or contended, including in any cease and desist letter, INFRINGES BRATZ.

27

28

07209/2261215.1

-10-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT ____5____

PAGE ____26____

1  REQUEST FOR PRODUCTION NO. 3:

2       All photographs, digital scans or other depictions of each and every

3  doll, product or other matter that, whether in whole or in part, YOU have alleged or

4  contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including

5  without limitation in the BRATZ LAWSUITS.

6

7  REQUEST FOR PRODUCTION NO. 4:

8       To the extent not produced in Response to Request No. 3, all

9  photographs, digital scans or other depictions of each doll, product or other matter

10 that, whether in whole or in part, YOU have ever alleged or contended, including in

11 any cease and desist letter, INFRINGES BRATZ.

12

13 REQUEST FOR PRODUCTION NO. 5:

14      DOCUMENTS sufficient to identify each doll, product or other matter

15 sold, offered for sale, manufactured, distributed, promoted or advertised by any

16 PERSON other than MATTEL that YOU have alleged or contended, whether in

17 whole or in part, INFRINGES BRATZ.

18

19 REQUEST FOR PRODUCTION NO. 6:

20      All DOCUMENTS that REFER OR RELATE TO any claim or

21 contention by YOU (other than in this ACTION) that any doll, product or other

22 matter, whether in whole or in part, that has been sold, offered for sale,

23 manufactured, distributed, promoted or advertised by any PERSON INFRINGES

24 BRATZ.

25

26 REQUEST FOR PRODUCTION NO. 7:

27      All COMMUNICATIONS, including without limitation cease and

28 desist letters, between YOU and any other PERSON that REFER OR RELATE TO

-11-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT 5

PAGE 27

1  any claim or contention by YOU that any doll or product, whether in whole or in
2  part, sold, offered for sale, manufactured, distributed, promoted or advertised by
3  such PERSON INFRINGES BRATZ.

4

5  REQUEST FOR PRODUCTION NO. 8:
6      All complaints, statements of claim, counterclaims and answers in the
7  BRATZ LAWSUITS, including without limitation all amendments thereto.

8

9  REQUEST FOR PRODUCTION NO. 9:
10     All witness lists and other disclosures of witness names or identities in
11 the BRATZ LAWSUITS, including without limitation all amendments thereto.

12

13 REQUEST FOR PRODUCTION NO. 10:
14     All interrogatory responses by YOU or made on YOUR behalf in the
15 BRATZ LAWSUITS, including without limitation all amendments thereto.

16

17 REQUEST FOR PRODUCTION NO. 11:
18     All transcripts of proceedings, including all trial and hearing
19 transcripts, in the BRATZ LAWSUITS, including without limitation all
20 amendments thereto.

21

22 REQUEST FOR PRODUCTION NO. 12:
23     All transcripts of depositions given by or on behalf of YOU in the
24 BRATZ LAWSUITS, including without limitation all amendments thereto.

25

26 REQUEST FOR PRODUCTION NO. 13:
27     All pleadings and other DOCUMENTS filed, submitted or served by
28 YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

1  **REQUEST FOR PRODUCTION NO. 14:**

2          All pleadings and other DOCUMENTS filed, submitted or served by

3  YOU in the BRATZ LAWSUITS that compare BRATZ to any other doll or product,

4  whether in whole or in part.

5

6  **REQUEST FOR PRODUCTION NO. 15:**

7          All pleadings and other DOCUMENTS filed, submitted or served by

8  YOU in the BRATZ LAWSUITS that claim, allege or assert that the appearance or

9  features of any doll or other product, whether in whole or in part, INFRINGES

10 BRATZ.

11

12 **REQUEST FOR PRODUCTION NO. 16:**

13         All demonstrative exhibits filed, submitted, introduced, displayed or

14 used by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

15

16 **REQUEST FOR PRODUCTION NO. 17:**

17         All expert reports and expert disclosures filed, submitted or served by

18 YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

19

20 **REQUEST FOR PRODUCTION NO. 18:**

21         All subpoenas served in the BRATZ LAWSUITS that REFER OR

22 RELATE TO BRATZ.

23

24 **REQUEST FOR PRODUCTION NO. 19:**

25         All DOCUMENTS produced pursuant to any subpoena in the BRATZ

26 LAWSUITS that REFER OR RELATE TO BRATZ.

27

28

07209/2261215.1

-13-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT ____5____

PAGE ____19____

REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS produced or made available for inspection by YOU in the BRATZ LAWSUITS.

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS produced or made available for inspection by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

REQUEST FOR PRODUCTION NO. 22:

All DOCUMENTS produced or made available for inspection by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO MGA, including without limitation the finances or financial condition of MGA.

REQUEST FOR PRODUCTION NO. 23:

All Court orders, decisions and judgments in the BRATZ LAWSUITS.

REQUEST FOR PRODUCTION NO. 24:

All Court orders, decisions and judgments in any THIRD-PARTY LAWSUIT in which YOU have claimed, alleged or stated, in words or substance, that any doll or product sold, offered for sale, manufactured, distributed, promoted or advertised by any PERSON infringes, dilutes or is confusingly similar to BRATZ.

REQUEST FOR PRODUCTION NO. 25:

To the extent not produced in response to any other Request for Production, all DOCUMENTS in which YOU have claimed, alleged or stated, in words or substance, that any doll, product or other matter sold, offered for sale,



EXHIBIT 5

PAGE 30

1  manufactured, distributed, promoted or advertised by any PERSON infringes,

2  dilutes or is confusingly similar to BRATZ.

3

4  REQUEST FOR PRODUCTION NO. 26:

5          To the extent not produced in response to any other Request for

6  Production, all DOCUMENTS, including without limitation pleadings, in which

7  YOU have referenced or described YOUR alleged trade dress rights or potential

8  trade dress in BRATZ.

9

10  REQUEST FOR PRODUCTION NO. 27:

11          To the extent not produced in response to any other Request for

12  Production, all DOCUMENTS, including without limitation pleadings, in which

13  YOU have referenced or described YOUR alleged copyright rights or potential

14  copyright rights in BRATZ.

15

16  REQUEST FOR PRODUCTION NO. 28:

17          To the extent not produced in response to any other Request for

18  Production, all DOCUMENTS, including without limitation pleadings, in which

19  YOU have referenced or described YOUR alleged patent rights or potential patent

20  rights in BRATZ.

21

22  REQUEST FOR PRODUCTION NO. 29:

23          All DOCUMENTS that REFER OR RELATE TO any agreements

24  settling, resolving, compromising or otherwise disposing of the BRATZ

25  LAWSUITS.

26

27

28

-15-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT ___5___

PAGE ___71___

1  REQUEST FOR PRODUCTION NO. 30:

2          All DOCUMENTS that REFER OR RELATE TO any agreements

3  settling, resolving, compromising or otherwise disposing of any legal proceedings in

4  which YOU have claimed that any product sold, offered for sale, manufactured,

5  distributed, promoted or advertised by such PERSON infringes, dilutes or is

6  confusingly similar to BRATZ.

7

8  REQUEST FOR PRODUCTION NO. 31:

9          All DOCUMENTS that REFER OR RELATE to any use or

10  considered, proposed or potential use, of the term "Jade" in connection with any

11  MGA doll, product or other matter, including without limitation all trademark

12  search report for "Jade."

13

14  REQUEST FOR PRODUCTION NO. 32:

15          All DOCUMENTS that REFER OR RELATE to when and the

16  circumstances under which Sandra Bilotto first came to YOUR attention.

17

18  REQUEST FOR PRODUCTION NO. 33:

19          All DOCUMENTS that REFER OR RELATE to when and the

20  circumstances under which YOU first hired or engaged for any reason Sandra

21  Bilotto.

22

23  REQUEST FOR PRODUCTION NO. 34:

24          All DOCUMENTS that REFER OR RELATE to the work or services

25  that Sandra Bilotto provided to YOU in connection with her first engagement by

26  YOU, including without limitation all invoices relating thereto.

27

28

EXHIBIT _____ 5

32

REQUEST FOR PRODUCTION NO. 35:

All DOCUMENTS that REFER OR RELATE to work or services provided by Sandra Bilotto to YOU prior to January 1, 2001.

REQUEST FOR PRODUCTION NO. 36:

All DOCUMENTS that REFER OR RELATE to work or services provided by Sandra Bilotto to MATTEL prior to January 1, 2001.

REQUEST FOR PRODUCTION NO. 37:

All tangible items, including without limitation all head sculpts, prototypes and models, provided by Sandra Bilotto to YOU prior to January 1, 2001.

REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS that REFER OR RELATE to YOUR knowledge of the work or services provided by Sandra Bilotto to MATTEL prior to January 1, 2001, regardless of when such knowledge was acquired.

REQUEST FOR PRODUCTION NO. 39:

All DOCUMENTS that REFER OR RELATE to payments made by YOU to Sandra Bilotto prior to January 1, 2001.

REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS that REFER OR RELATE to payments made by YOU to Sandra Bilotto after January 1, 2001.

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT ___5___

PAGE ___33___

1

1  REQUEST FOR PRODUCTION NO. 41:

2  All COMMUNICATIONS between Isaac Larian and Sandra Bilotto,

3  including without limitation all such COMMUNICATIONS that REFER OR

4  RELATE TO MATTEL, any MATTEL doll or product, BRYANT or BRATZ.

5

6  REQUEST FOR PRODUCTION NO. 42:

7  All COMMUNICATIONS between Isaac Larian and Paula Garcia,

8  including without limitation all such COMMUNICATIONS that REFER OR

9  RELATE TO MATTEL, any MATTEL doll or product, BRYANT or BRATZ.

10

11  REQUEST FOR PRODUCTION NO. 43:

12  All DOCUMENTS that REFER OR RELATE TO when and under

13  what circumstances SCOOTER SAMANTHA was first conceived of, including

14  without limitation all such DOCUMENTS that identify the PERSON who conceived

15  of SCOOTER SAMANTHA.

16

17  REQUEST FOR PRODUCTION NO. 44:

18  All DOCUMENTS that REFER OR RELATE TO the conception,

19  creation, design, development, sculpting, tooling, production and manufacture of

20  SCOOTER SAMANTHA.

21

22  REQUEST FOR PRODUCTION NO. 45:

23  A sample of each doll or other product that, whether in whole or in

24  part, has been sold as or under the name SCOOTER SAMANTHA or as part of the

25  SCOOTER SAMANTHA line.

26

27

28

-18-
DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT _____

PAGE _____

1  REQUEST FOR PRODUCTION NO. 46:

2  All prototypes, models, samples and tangible items that REFER OR

3  RELATE TO SCOOTER SAMANTHA.

4

5  REQUEST FOR PRODUCTION NO. 47:

6  All prototypes, models, samples and tangible items that REFER OR

7  RELATE TO SCOOTER SHANNEN.

8

9  REQUEST FOR PRODUCTION NO. 48:

10  All DOCUMENTS that REFER OR RELATE TO SCOOTER

11  SAMANTHA as it was first presented to YOU.

12

13  REQUEST FOR PRODUCTION NO. 49:

14  All DOCUMENTS that REFER OR RELATE TO SCOOTER

15  SAMANTHA prior to January 1, 2002.

16

17  REQUEST FOR PRODUCTION NO. 50:

18  All DOCUMENTS that REFER OR RELATE TO SCOOTER

19  SHANNEN and REFER OR RELATE TO the time period prior to January 1, 2002

20  (regardless of when such DOCUMENT was created, drafted, generated, sent,

21  received or transmitted).

22

23  REQUEST FOR PRODUCTION NO. 51:

24  All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work

25  in connection with or role in SCOOTER SAMANTHA.

26

27

28

-19-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT ___5___

PAGE ___25___

1   REQUEST FOR PRODUCTION NO. 52:

2       All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work

3   in connection with or role in SCOOTER SAMANTHA.

4

5   REQUEST FOR PRODUCTION NO. 53:

6       DOCUMENTS sufficient to show the first manufacture date of each

7   and every SCOOTER SAMANTHA product.

8

9   REQUEST FOR PRODUCTION NO. 54:

10      DOCUMENTS sufficient to show the first ship date of each and every

11  SCOOTER SAMANTHA product.

12

13  REQUEST FOR PRODUCTION NO. 55:

14      DOCUMENTS sufficient to show YOUR revenues from SCOOTER

15  SAMANTHA.

16

17  REQUEST FOR PRODUCTION NO. 56:

18      All DOCUMENTS that REFER OR RELATE TO when and under

19  what circumstances SPACE BABES was first conceived of, including without

20  limitation all such DOCUMENTS that identify the PERSON who conceived of

21  SPACE BABES.

22

23  REQUEST FOR PRODUCTION NO. 57:

24      All DOCUMENTS that REFER OR RELATE TO the conception,

25  creation, design, development, sculpting, tooling, production and manufacture of

26  SPACE BABES.

27

28

07209/2261215.1

-20-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT ___5___

PAGE ___76___

1

1   REQUEST FOR PRODUCTION NO. 58:

2           A sample of each doll or other product that, whether in whole or in

3   part, has been sold as or under the name SPACE BABES or as part of the SPACE

4   BABES line.

5

6   REQUEST FOR PRODUCTION NO. 59:

7           All prototypes, models, samples and tangible items that REFER OR

8   RELATE TO SPACE BABES.

9

10  REQUEST FOR PRODUCTION NO. 60:

11          All DOCUMENTS that REFER OR RELATE TO SPACE BABES as

12  it was first presented to YOU.

13

14  REQUEST FOR PRODUCTION NO. 61:

15          All DOCUMENTS that REFER OR RELATE TO SPACE BABES

16  prior to January 1, 2005.

17

18  REQUEST FOR PRODUCTION NO. 62:

19          All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work

20  in connection with or role in SPACE BABES.

21

22  REQUEST FOR PRODUCTION NO. 63:

23          All DESIGNS conceived of, made, produced or created, whether in

24  whole or in part, by Scot Reyes in connection with SPACE BABES.

25

26

27

28

07 209/2261215.1

-21-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT ___5___

PAGE ___37___

1

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS conceived of, made, produced or created, whether in whole or in part, by Scot Reyes in connection with SPACE BABES.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS that REFER OR RELATE TO Scot Reyes' work in connection with or role in SPACE BABES.

**REQUEST FOR PRODUCTION NO. 66:**

All actual or proposed contracts and agreements between YOU and Scot Reyes that REFER OR RELATE TO SPACE BABES, including without limitation all drafts thereof.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS that REFER OR RELATE TO payments by YOU to Scot Reyes for or in connection with SPACE BABES.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS that REFER OR RELATE TO payments by YOU to Scot Reyes.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work in connection with or role in SPACE BABES.

-22-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT ___5___

PAGE ___38___

1

1  REQUEST FOR PRODUCTION NO. 70:

2        DOCUMENTS sufficient to show the first manufacture date of each

3  and every SPACE BABES product.

4

5  REQUEST FOR PRODUCTION NO. 71:

6        DOCUMENTS sufficient to show the first ship date of each and every

7  SPACE BABES product.

8

9  REQUEST FOR PRODUCTION NO. 72:

10       DOCUMENTS sufficient to show YOUR revenues from SPACE

11  BABES.

12

13  REQUEST FOR PRODUCTION NO. 73:

14       All DOCUMENTS that REFER OR RELATE TO any DESIGN

15  offered, submitted, pitched, assigned or transferred by Scot Reyes to YOU, acquired

16  or purchased by, or assigned to, YOU from Scot Reyes, requested or solicited by

17  YOU from Scot Reyes or made, created, produced or conceived of, whether in

18  whole or in party, by Scot Reyes on YOUR behalf.

19

20  REQUEST FOR PRODUCTION NO. 74:

21       All COMMUNICATIONS between YOU and Scot Reyes that REFER

22  OR RELATE TO MATTEL or any MATTEL doll or product.

23

24  REQUEST FOR PRODUCTION NO. 75:

25       All DOCUMENTS that REFER OR RELATE TO MATTEL

26  documents or information provided, shown or otherwise disclosed to YOU by Scot

27  Reyes.

28

-23-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT _____5_____

PAGE _____39_____

1

1  REQUEST FOR PRODUCTION NO. 76:

2         All DOCUMENTS that REFER OR RELATE to payments made by

3  YOU to Paula Garcia prior to January 1, 2002.

4

5  REQUEST FOR PRODUCTION NO. 77:

6         All DOCUMENTS that REFER OR RELATE to any payments made

7  by YOU to Paula Garcia, including without limitation any and all bonuses and

8  incentive payments made by YOU to Paula Garcia.

9

10  REQUEST FOR PRODUCTION NO. 78:

11        All personnel and vendor files for Maureen Mullen (formerly

12  Chianese).

13

14  REQUEST FOR PRODUCTION NO. 79:

15        All personnel and vendor files for Scot Reyes.

16

17  REQUEST FOR PRODUCTION NO. 80:

18        All personnel and vendor files for Sandra Bilotto.

19

20  REQUEST FOR PRODUCTION NO. 81:

21        All personnel and vendor files for Steve Linker.

22

23  REQUEST FOR PRODUCTION NO. 82:

24        All personnel and vendor files for Veronica Marlow.

25

26  REQUEST FOR PRODUCTION NO. 83:

27        All personnel and vendor files for Peter Marlow.

28

-24-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT  5

PAGE  40

1  REQUEST FOR PRODUCTION NO. 84:

2        All personnel and vendor files for Wendy Ragsdale.

3

4  REQUEST FOR PRODUCTION NO. 85:

5        All personnel and vendor files for Billy Ragsdale.

6

7  REQUEST FOR PRODUCTION NO. 86:

8        All personnel and vendor files for Sarah Halpern.

9

10  REQUEST FOR PRODUCTION NO. 87:

11        To the extent not produced in response to any other Request for

12  Production, all personnel and vendor files for each person identified in Exhibit 664

13  (bearing Bates numbers MGA 0868630-31).

14

15  REQUEST FOR PRODUCTION NO. 88:

16        To the extent not produced in response to any other Request for

17  Production, all personnel and vendor files for each person who has worked as an

18  employee of or vendor for YOU and who also has been at any time an employee of

19  or vendor for MATTEL.

20

21  DATED:  October 24, 2007

22                            QUINN EMANUEL URQUHART OLIVER &
                              HEDGES, LLP
23

24                            By  _Mike T. Zer~_
25                              Michael T. Zeller
                                Attorneys for Mattel, Inc.
26

27

28

07209/2261215.1

-25-

                              DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT ___5___

41

# EXHIBIT 6



1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10                              EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
13
              Plaintiff,
14
         v.                                Consolidated with
15                                         Case No. CV 04-09059
    MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727
16
              Defendant.                   ORDER GRANTING IN PART AND
17                                         DENYING IN PART MATTEL'S
                                           MOTION TO COMPEL PRODUCTION
18                                         OF DOCUMENTS AND THINGS BY
                                           MGA ENTERTAINMENT, INC.;
19                                         DENYING REQUEST FOR
                                           SANCTIONS
20  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
21  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
22

23

24                            I. INTRODUCTION

25       On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Production of

26  Documents and Things by MGA Entertainment, Inc. ("MGA") and for Award of Monetary

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

4-15-08 EXHIBIT _____6_____

PAGE _____42_____

1  Sanctions. Specifically, Mattel seeks an order compelling MGA to produce documents and things

2  responsive to Request Nos. 1-88 of Mattel's Third Set of Requests for Documents and Things, as

3  well as a complete privilege log identifying any documents responsive to these Requests that have

4  been withheld on privilege grounds. On February 7, 2008, MGA submitted an opposition, and on

5  February 14, 2008, Mattel submitted a reply. On April 9, 2008, Mattel submitted the

6  Supplemental Declaration of Jon D. Corey, and the next day MGA submitted the Supplemental

7  Declaration of Bernard Shek. The motion was heard on April 11, 2008.

8                    II. DISCUSSION

9       Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

10  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

11  party." Fed.R.Civ.P. 26(b)(1). The court shall, however, limit the frequency or extent of use of

12  the discovery methods if the court determines that (i) the discovery sought is unreasonably

13  cumulative or duplicative, or is obtainable from some other source that is more convenient, less

14  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

15  discovery in the action to obtain the information sought; or (iii) the burden or expense of the

16  proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

17  amount in controversy, the parties' resources, the importance of the issues at stake in the

18  litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P.

19  26(b)(2)(C).

20  A. Documents and Things Related to Other Bratz-Related Lawsuits and Claims by MGA That

21  Other Dolls or Products Infringe Bratz (Request Nos. 1-30)

22       In Request Nos. 1-30, Mattel asks for documents and things relating to MGA's assertion of

23  rights relating to Bratz and to twenty-five different litigations that Mattel defines as the "BRATZ

24  LAWSUITS." These requests are grossly overbroad and unduly burdensome. The mere fact that

25  Bratz was the subject of separate and unrelated litigation between MGA (and its affiliates) and

26  various third parties does not render every pleading, discovery response, order, exhibit, transcript

27

28  Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                      2

EXHIBIT _____ 6

PAGE _____ 42

1   or other document or thing relating to these twenty-five different litigations relevant to this

2   litigation. Mattel has made no attempt to narrow these requests to the claims and defenses in this

3   case. For example, Request No. 6 seeks "[a]ll DOCUMENTS that REFER OR RELATE TO any

4   claim or contention by YOU (other than in this ACTION) that any doll, product or other matter,

5   whether in whole or in part, that has been sold, offered for sale, manufactured, distributed,

6   promoted or advertised by any PERSON INFRINGES BRATZ." Kidman Decl., Ex. 1. The

7   phrase "REFER OR RELATE" is defined expansively to mean "constituting, embodying,

8   containing, referring to, commenting on, evidencing, regarding, discussing, describing,

9   mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating,

10   revoking or otherwise relating to in any manner." Id. As another example, Request No. 20 seeks

11   "[a]ll DOCUMENTS produced or made available for inspection by YOU in the BRATZ

12   LAWSUITS." Kidman Decl., Ex. 1. Mattel has not demonstrated how all of these requested

13   documents could be relevant to the claims and defenses in this case.

14        Further, to the extent Request Nos. 1-30 encompass relevant documents and things, the

15   requests are unreasonably cumulative of other discovery Mattel has sought and received from

16   MGA. According to MGA's calculations, MGA has produced more than 20,000 pages of

17   documents relating to more than a dozen other lawsuits, including numerous sworn statements

18   and testimony. Moreover, the burden and expense of responding to Request Nos. 1-30, which

19   cover seven years worth of litigation from twenty-five separate lawsuits, far outweigh the likely

20   benefit of the discovery, particularly in light of the production of documents MGA has already

21   made. Accordingly, Mattel's motion is denied as to Request Nos. 1-30.

22   B. Documents Relating to Any Use or Considered Use of the Term "Jade" (Request No. 31)

23        In Request No. 31, Mattel seeks documents related to the use or considered use of the term

24   "Jade" in connection with any MGA doll or product. In its supplemental response, MGA agrees

25   to produce non-privileged documents in its possession, custody or control, if any, that it is able to

26   locate following a reasonably diligent search, that were created prior to January 1, 2001 and refer

27

28

EXHIBIT _____ 6

PAGE _____ 44

1   or relate to the use, or considered, proposed or potential use, of the term "Jade" in connection with

2   any MGA doll, product or other matter.  The parties' most recent submissions indicate that Mattel

3   is prepared to limit the time frame for its request through September 30, 2001, whereas MGA

4   proposes through June 30, 2001.

5          Mattel's motion to compel production of documents responsive to Request No. 31 is

6   granted with respect to the period through June 30, 2001.  Bratz was released to the market

7   sometime in June 2001, and thus MGA's proposed time frame is reasonably tailored to include

8   documents relevant to the creation and development of Bratz.  To the extent Mattel seeks

9   documents beyond what MGA agrees to produce, Mattel's motion is denied.  The burden and

10  expense of requiring MGA to conduct another search for responsive documents at this stage in the

11  litigation far outweigh the likely benefit of the discovery, taking into consideration all of the

12  factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

13  C. Documents and Things Related to Sandra Bilotto, the "Prayer Angels" (Request Nos. 32-41)

14         In Request Nos. 32-41, Mattel seeks documents and things related to Sandra Bilotto, a

15  former Mattel vendor and the sculptor of MGA's "Prayer Angels" dolls.  In its supplemental

16  responses, MGA agrees to produce documents requested in Nos. 35, 37, 39 and 41, limited to the

17  period prior to January 1, 2001.  MGA objects to producing any additional documents responsive

18  to this category of requests.

19         The parties' most recent submissions indicate that Mattel agrees to defer its motion to

20  compel as to Request Nos. 32, 33, 36 and 38 in light of the stay on Phase 2 discovery, and to

21  withdraw its motion as to Request Nos. 34, 35, 37 and 39 based upon MGA's representations

22  regarding the completeness of its document production.[1]  Further, Mattel agrees to limit Request

23

24

25

26         [1] Although Mattel agrees to withdraw its motion as to Request Nos. 34, 35, 37 and 39, Mattel requests that
    MGA update its supplemental responses to these requests to reflect what documents MGA has produced.  Mattel's
    request is granted.  MGA shall serve supplemental responses to these requests no later than April 30, 2008.

27

28  Bryant v. Mattel, Inc.,                                                                          4
    CV-04-09049 SGL (RNBx)

EXHIBIT ____6____

PAGE ____45____

1  Nos. 40 and 41 to documents through September 30, 2001.  In contrast, MGA proposes limiting

2  Request Nos. 40 and 41 to documents through June 30, 2001.

3          Mattel's motion to compel production of documents responsive to Request Nos. 40 and 41

4  is granted consistent with MGA's proposal.  To the extent Mattel seeks documents beyond what

5  MGA agrees to produce, Mattel's motion is denied on the grounds that the discovery is overly

6  broad and unduly burdensome, taking into consideration all of the factors set forth in Rule

7  26(b)(2)(C), Fed.R.Civ.P.

8  D. MGA's Communications With and Payments to Paula Garcia (Request Nos. 42, 76, 77)

9          In Request Nos. 42, 76 and 77, Mattel seeks communications between Isaac Larian and

10  Paula Garcia, and documents regarding MGA's payments to Ms. Garcia.  Ms. Garcia was MGA's

11  Bratz project manager.  Prior to her employment with MGA, Ms. Garcia was employed by Mattel.

12          The parties' most recent submissions indicate that Mattel agrees to narrow Request No. 42

13  to communications through September 30, 2001.  In contrast, MGA proposes limiting Request

14  No. 42 to communications between Mr. Larian and Ms. Garcia that refer or relate to Carter Bryant

15  or Bratz through June 30, 2001.

16          Mattel's motion to compel production of documents responsive to Request No. 42 is

17  granted consistent with MGA's proposal.  To the extent Mattel seeks additional communications

18  beyond what MGA agrees to produce, Mattel's motion is denied because the discovery sought is

19  overbroad, unduly burdensome, and cumulative of other Phase 1 discovery Mattel has previously

20  sought and received.  See Temkin Decl., ¶3.

21          With respect to Request Nos. 76-77, Mattel's recent submission indicates that Mattel is

22  willing to withdraw its motion if MGA represents that it has produced and can identify documents

23  that show the total amount of payments made to Ms. Garcia.  MGA provides the requested

24  representation and identification of documents in its April 10, 2008 submission.  During the April

25  11, 2008 hearing, however, it was apparent that these requests remained at issue.

26

27

28
   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)                                                                  5

EXHIBIT ____6____

PAGE ____46____

1        Mattel's motion is denied as to Request Nos. 76-77 because MGA has already produced

2  documents sufficient to show what payments MGA has made to Ms. Garcia. See Supp. Shek

3  Decl., Ex. at p.6. Furthermore, although the requests encompass relevant documents, the requests

4  are overbroad and unduly burdensome, taking into consideration all of the factors set forth in Rule

5  26(b)(2)(C), Fed.R.Civ.P.

6  E. Documents Relating to the Development of Scooter Samantha (Request Nos. 43-55)

7        In Request Nos. 43-55, Mattel seeks documents and things related to the conception,

8  design and development of MGA's Scooter Samantha products. Mattel's motion is denied as to

9  these requests because they relate primarily to Phase 2 of this case, and discovery relating to

10  Phase 2 has been stayed. Mattel's reasons for seeking such discovery in Phase 1 are twofold: to

11  develop evidence to challenge MGA's product development timeline for Bratz and to impeach

12  Ms. Garcia's credibility. Mattel's stated reasons do not justify the substantial breadth and burden

13  of the requested discovery, taking into consideration all of the factors set forth in Rule

14  26(b)(2)(C), Fed.R.Civ.P.

15  F. Documents Relating to the Development of Scot Reyes and the Development of Space Babes

16  (Request Nos. 56-75)

17        In Request Nos. 56-75, Mattel seeks documents and things related to the conception,

18  design and development of Space Babes and to Scot Reyes, a former Mattel employee. Mattel's

19  most recent submission indicates that Mattel agrees to defer its motion to compel as to Request

20  Nos. 56-75 in light of the stay on Phase 2 discovery.

21  G. Personnel and Vendor Files (Request Nos. 78-88)

22        In Request Nos. 78-88, Mattel seeks all personnel and vendor files for more than 120

23  individuals. In its supplemental responses, MGA agrees to produce non-privileged documents

24  from the personnel and vendor files of the individuals identified in Request Nos. 78-86 to the

25  extent such documents relate to work that the individuals performed relating to Bratz prior to

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT _____6_____

PAGE _____47_____

1   January 1, 2001.  MGA objects to producing any documents responsive to Request Nos. 87 and

2   88.

3        The parties' most recent submissions indicate that MGA proposes to produce documents

4   from the personnel and vendor files of the individuals identified in Request Nos. 78-86 that relate

5   to any work they performed on Bratz, Angel and Prayer Angel through June 30, 2001.  Mattel

6   contends that it is entitled to all documents it has requested.

7        Mattel's motion is granted as to Request Nos. 78-86 consistent with MGA's proposal.  To

8   the extent Mattel seeks any additional documents responsive to Request Nos. 78-86, Mattel's

9   motion is denied pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P.

10       Mattel's motion is also denied as to Request Nos. 87 and 88 (files for former Mattel

11  employees), because they relate primarily to Phase 2 issues.  To the extent Request Nos. 87 and

12  88 include documents potentially relevant to Phase 1 issues, these requests are overbroad and

13  unduly burdensome, taking into consideration all of the factors set forth in Rule 26(b)(2)(C),

14  Fed.R.Civ.P.

15                          III. CONCLUSION

16       For the reasons set forth above, Mattel's motion to compel is granted as to Request Nos.

17  31, 40-42 and 78-86, only to the extent MGA agrees to produce responsive documents as

18  reflected in MGA's Supplemental Declaration of Bernard Shek dated April 10, 2008.  MGA shall

19  produce documents and things in accordance with this order, as well as privilege log identifying

20  responsive documents withheld on the basis of privilege, no later than April 30, 2008.  Further,

21  MGA shall serve supplemental responses to Request Nos. 34, 35, 37 and 39 no later than April

22  30, 2008.

23  Mattel's motion to compel is denied in all other respects.  Mattel's request for sanctions is denied.

24       In view of the stay on Phase 2 discovery, this Order does not address the propriety of any

25  of Mattel's requests for purposes of Phase 2 discovery.  Nothing in this Order is intended to

26

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                          7

                         EXHIBIT _____6_____

                         PAGE _____48_____

1   authorize or preclude Mattel from seeking further production of documents in response to Request

2   Nos. 1-88 during Phase 2 discovery.

3       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

4   Master, Mattel shall file this Order with the Clerk of Court forthwith.

5

6   Dated: April 14, 2008

7                                   HON. EDWARD A. INFANTE (Ret.)
                                         Discovery Master
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
    Bryant v. Mattel, Inc.,                                                    8
    CV-04-09049 SGL (RNBx)

EXHIBIT _____ 6
PAGE _____ 49

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 14, 2008, I served the attached: (1) ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE COMMUNICATIONS REGARDING THIS ACTION; (2) ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC.; DENYING REQUEST FOR SANCTIONS; AND (3) ORDER DENYING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MAGA IN RESPONSE TO MATTEL'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS; DENYING MGA'S REQUEST FOR SANCTIONS in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | aperk@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Cheryl Plambeck, Esq. | Davis & Gilbert LLP | cplambeck@dglaw.com |

EXHIBIT _____ 6

PAGE _____ 50

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 14, 2008, at San Francisco, California.

Sandra Chan

EXHIBIT ___6___

PAGE ___51___

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc

(RNBx), AO279, DISCOVERY, PROTORD, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Proctor, Brett on 4/15/2008 at 10:43 AM PDT and filed on 4/15/2008

**Case Name:** Carter Bryant v. Mattel Inc
**Case Number:** 2:04-cv-9049
**Filer:** Mattel Inc
**Document Number:** 3113

**Docket Text:**
Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents and Things by MGA Entertainment, Inc.; Denying Request for Sanctions filed by Defendant Mattel Inc (Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Juan Pablo Alban    juanpabloalban@quinnemanuel.com

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Linda M Burrow    burrow@caldwell-leslie.com

Michelle M Campana    michelle.campana@skadden.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Scott E Gizer    sgizer@chrisglase.com

Melissa Grant    melissagrant@quinnemanuel.com

Emil W Herich    eherich@kmwlaw.com

Diane C Hutnyan    dianehutnyan@quinnemanuel.com, andreahoeven@quinnemanuel.com

EXHIBIT _____ 6

PAGE _____ 52

CM/ECF - California Central District                                      Page 2 of 3

John W Keker    jkeker@kvn.com, DRoberts@kvn.com, efiling@kvn.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Larry W McFarland    lmcfarland@kmwlaw.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com, carl.roth@skadden.com, marcus.mumford@skadden.com

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com, efiling@kvn.com

Kenneth A Plevan    kenneth.plevan@skadden.com, drogosa@skadden.com, sumclaug@skadden.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

John B Quinn    johnquinn@quinnemanuel.com

Jason D Russell    jrussell@skadden.com, allison.velkes@skadden.com

David C Scheper    dscheper@obsklaw.com

Oleg Stolyar    alexstolyar@quinnemanuel.com

John Elliot Trinidad    jtrinidad@kvn.com, cparker@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmw@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Lauren E Aguiar
Skadden Arps Slate Meagher & Flom
1440 New York Ave
Washington, DC 20005-2111

Marina Vladimir Bogorad
Skadden Arps Slate Meagher & Flom
300 S Grand Ave, Ste 3400
Los Angeles, CA 90071-3144

David W Foster
Skadden Arps Slate Meagher & Flom LLP

EXHIBIT _____ 6

PAGE _____ 53

1440 New York Avenue NW
Washington, DC 20005-2111

Michael P Kelly
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005-2111

James E Lyons
Skadden Arps Slate Meagher & Flom
4 Embarcadero Center
Ste 3800
San Francisco, CA 94111-5974

Nathan Meyer
Kaye Scholer
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067

Cheryl Plambeck
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019

Amy R Sabrin
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005-2111

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino, CA 91316

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Order re MGA Doc Production.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=4/15/2008] [FileNumber=5688975-0]
[40845ddb932dca661fc467bb4474a5bda014b476e9c9274c22c0ff9a80824eba8208
b728b37fde7aad268eba6e80c674bd4c6b27116fa94dcb2ab76c9c31b975]]

EXHIBIT _____ 6.

54

# EXHIBIT 7



# EXHIBIT 8

# THIS EXHIBIT IS FILED UNDER SEAL

# EXHIBIT 9

# THIS EXHIBIT IS FILED UNDER SEAL

# EXHIBIT 10

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| CENTRAL DISTRICT | OF CALIFORNIA |
|---|---|

CARTER BRYANT, an individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases
CV 04-9059 and CV 05-2727

TO: Custodian of Records, MGA Entertainment (HK) Limited
16380 Roscoe Blvd., Suite 200
Van Nuys, CA 91406

[X]  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| US District Court - Central District of California Eastern Division - Riverside Courthouse 3470 Twelfth Street Riverside, CA 92501 | Hon. Stephen Larson Court Room 1 |
| | DATE AND TIME August 5, 2008 9:00 a.m. |

[ ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| US District Court - Central Dist. of CA, Eastern Division 3470 Twelfth Street Riverside, CA 92501 | August 5, 2008 9:00 a.m. |

[ ]  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | July 24, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lesley E. Williams, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017      (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

Exhibit 6,
P. 164

EXHIBIT    10

PAGE    74

## Exhibit A (MGA HK)

Please produce ORIGINALS of the following documents, items and

tangible things:

1.      Dolls, tangible items, and photographs of the dolls and tangible

items on which MGA sued in the lawsuit captioned <u>MGA vs. Cityworld</u>.

2.      Dolls, tangible items, and photographs of dolls and tangible

items on which MGA sued on in the lawsuit captioned <u>MGA vs. Double Grand</u>.

3.      Dolls, tangible items, and photographs of dolls and tangible

items on which MGA sued in the lawsuit captioned <u>MGA vs. Hunglam</u>.

4.      Dolls, tangible items, and photographs of dolls and tangible

items that on which MGA sued in the lawsuit captioned <u>MGA vs. Union Top</u>.

5.      Dolls, tangible items, and photographs of dolls and tangible

items that MGA sued in the lawsuit captioned <u>MGA vs. Mutlitoy</u>.

6.      Dolls, tangible items, and photographs of dolls and tangible

items on which MGA sued in the lawsuit captioned <u>MGA vs. Wai Man</u>.

7.      Dolls, tangible items, and photographs of dolls and tangible

items on which MGA in the lawsuit captioned <u>MGA vs. Uni-Fortune</u>.

8.      Dolls, tangible items, and photographs of dolls and tangible

items produced by Bandai America on which MGA threatened to sue.

Exhibit _b_ ,
P. _11o5_

EXHIBIT ___10___

PAGE ___79___

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:**

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

---

Exhibit 6,
P. 166

EXHIBIT __10__

PAGE __716__

# EXHIBIT 11

1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  JASON D. RUSSELL (Bar No. 169219)
   (jrussell@skadden.com)
3  LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
   (laguiar@skadden.com)
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
5  Los Angeles, CA  90071-3144
   Tel.: (213) 687-5000
6  Fax: (213) 687-5600

7  Attorneys for The MGA Parties

8

9

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14  CARTER BRYANT, an individual,      )  CASE NO. CV 04-9049 SGL (RNBx)
                                       )
15              Plaintiff,             )  Consolidated with Case No. 04-9059
                                       )  and Case No. 05-2727
16        v.                           )
                                       )  MGA PARTIES' NOTICE OF
17  MATTEL, INC., a Delaware           )  MOTION AND MOTION TO
    corporation,                       )  QUASH OR, IN THE
18                                     )  ALTERNATIVE, FOR
                                       )  PROTECTIVE ORDER;
19              Defendant.             )
                                       )  MEMORANDUM OF POINTS AND
20  _____        )  AUTHORITIES IN SUPPORT; AND
                                       )
21  AND CONSOLIDATED ACTIONS           )  DECLARATION OF ROBERT
                                       )  HERRINGTON [FILED UNDER
22                                     )  SEPARATE COVER]
                                       )
23                                     )  Date:  August 5, 2008
                                       )  Time:  8:30 a.m.
24                                     )  Judge: Hon. Stephen G. Larson
25

26

27

28

---

MGA Parties' Motion to Quash or, in the Alternative, for Protective Order
Case No. CV 04-9049 SGL (RNBx)

EXHIBIT ____11____

PAGE ____79____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

Page

I.    PRELIMINARY STATEMENT ................................................ 1

II.   FACTUAL BACKGROUND ................................................... 2

   A.   The Discovery Master Already Has Ruled That Mattel is Not
      Entitled to the Discovery Sought in its Subpoenas. ............................ 2

   B.   Mattel Waited Until Six Months After the Close of Fact
      Discovery to Serve a Subpoena on Non-Party Multitoy. ...................... 4

III.  ARGUMENT .................................................................. 5

   A.   Mattel's Subpoenas Are An Improper End-Run on the Discovery
      Master's Orders. ........................................................... 5

   B.   Mattel's Subpoenas Constitute Untimely Fact Discovery and
      Violate the Court's Scheduling Order. .................................... 5

   C.   Mattel's Subpoenas Are Unduly Burdensome. ..................................... 6

IV.   CONCLUSION ................................................................ 7

1

# TABLE OF AUTHORITIES

2

Page

3

## CASES

4

Burns v. Bank of America,
    2007 WL. 1589437 (S.D.N.Y. June 4, 2007) ................................................. 5

5

6

F.T.C. v. Netscape Communications Corp.,
    196 F.R.D. 559 (N.D. Cal. 2000).............................................................. 1, 6

7

nSight, Inc. v. PeopleSoft, Inc.,
    No. 3:04 CV 3836 MMC (MEJ), 2006 WL. 988807
    (N.D. Cal. Apr. 13, 2006) .......................................................................... 6

8

9

Integra Lifesciences I, Ltd. v. Merck KGaA,
    190 F.R.D. 556 (S.D. Cal. 1999) ................................................................. 6

10

11

Johnson v. Mammoth Recreations, Inc.,
    975 F.2d 604 (9th Cir. 1992) .................................................................... 6

12

## STATUTES

13

Federal Rules of Civil Procedure 45 ........................................................... 6

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___11___

PAGE ___79___

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE that, on August 5, 2008, or as soon thereafter as the

3   matter may be heard, in the Courtroom of the Honorable Stephen G. Larson,

4   Courtroom 1 of the United States District Court for the Central District of California,

5   located at 3470 Twelfth Street, Riverside, California 92501, MGA will, and hereby

6   does, move the Court for an order quashing Mattel Inc.'s ("Mattel") trial subpoenas

7   to MGA Entertainment, Inc., MGA Entertainment (HK) Limited (together "MGA")

8   and non-party Multitoy, Inc. ("Multitoy") (collectively the "Subpoenas"), which

9   were served on July 24, 2008, July 25, 2008, and July 29, 2008, or in the alternative,

10  for a protective order relieving MGA of any obligation to produce tangible items or

11  documents in response to the Subpoenas.

12  This motion is made pursuant to Federal Rules of Civil Procedure 16, 34 and

13  45 and the Court's scheduling and discovery orders on the grounds that (i) the

14  Discovery Master already has ruled that MGA need not produce the items requested

15  in the Subpoenas; (ii) the Subpoena constitutes an improper attempt by Mattel to

16  conduct fact discovery long after the January 28, 2008 Phase 1 discovery cut-off; and

17  (iii) the Subpoenas impose an undue burden on MGA.

18  This Motion is based upon this Notice of Motion and Motion, the attached

19  Memorandum of Points and Authorities in support therefore, the concurrently filed

20  Declaration of Robert Herrington, all pleadings and papers on file in this action, such

21  other evidence or arguments as may be presented to the Court, and such other

22  matters of which this Court may take judicial notice.

23

24

25

26

27

28

EXHIBIT ___11___

PAGE ___80___

1

## STATEMENT OF LOCAL RULE 7-3 COMPLIANCE

2          This motion is made following efforts to meet and confer under Local Rule 7-

3   3. After notifying Mattel of its intent to file this Motion to Quash, MGA's counsel

4   exchanged telephone voice messages with counsel for Mattel on June 30, 2008.

5   Mattel has since filed a motion that appears to seek to compel production of the

6   tangible items sought in the subpoena. MGA therefore believes that Mattel opposes

7   this Motion.

8

9   DATED: July 31, 2008           SKADDEN, ARPS, SLATE, MEAGHER &

10                                  FLOM, LLP

11                            By: /s/ Robert J. Herrington

12                                Robert J. Herrington

13                            Attorneys for MGA Entertainment, Inc.
                              MGA Entertainment (HK) Limited,

14                            MGAE de Mexico, S.R.L. DE C.V., and
                              Isaac Larian

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ____ 11

PAGE ____ 6

1                     **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.    PRELIMINARY STATEMENT**

3          Undeterred by the Court's scheduling order, Mattel continues to seek fact

4   discovery six months after the discovery cutoff and two months after the start of trial.

5   Mattel has served Subpoenas on MGA and non-party Multitoy during trial (on July

6   24 and 29, 2008 respectively), which seek the production of tangible items from

7   several lawsuits, most of which are taking place halfway around the world.  These

8   Subpoenas should be quashed for at least <u>three</u> independent reasons:

9          **First**, Mattel's Subpoenas are an improper attempt to circumvent the

10  Discovery Master's Order on this issue.  Mattel already moved to compel the

11  production of the same items it seeks through its Subpoenas.  The Discovery Master

12  <u>denied</u> Mattel's motion to compel.  Although Mattel appealed portions of the

13  Discovery Master's ruling, it did not appeal the portions of the order denying

14  Mattel's request for the production of the same items it seeks in the Subpoenas.

15  Having failed to appeal, Mattel is barred from seeking these items under the guise of

16  a trial subpoena.

17         **Second**, Mattel's Subpoenas violate the Court's Scheduling Order, which set

18  January 28, 2008 as the discovery cutoff for Phase 1.  See <u>F.T.C. v. Netscape</u>

19  <u>Commc'ns Corp.</u>, 196 F.R.D. 559, 561 (N.D. Cal. 2000) ("[P]arties cannot

20  circumvent discovery deadlines by attempting to obtain with a trial subpoena

21  documents and testimony that they should have secured with a discovery

22  subpoena.").  Mattel served these Subpoenas six months after the close of fact

23  discovery, and the Subpoenas seek tangible items that should have been secured, if at

24  all, during discovery.  Because Mattel's Subpoenas violate the Court's Scheduling

25  Order, they should be quashed.

26         **Third**, Mattel's Subpoenas should be quashed because they impose an undue

27  burden.  In the midst of the Phase 1b trial, Mattel seeks to compel MGA and a non-

28  party to obtain multiple tangible items in foreign jurisdictions and then deliver those

EXHIBIT __11__

PAGE ____82____

1  items to Court in the United States in as few as ten business days. The Discovery

2  Master already has held that these types of requests are unduly burdensome, and that

3  burden is only more acute now that the parties are in the midst of trial. Indeed, MGA

4  has been advised that there are Undertakings in place that prohibit MGA from

5  removing these items from Hong Kong. Amending those Undertakings will take

6  weeks or more, thus making it impossible, as a practical matter, to comply. Mattel's

7  Subpoenas should be quashed on this ground as well.

8
9  **II.    FACTUAL BACKGROUND**

10  **A.    The Discovery Master Already Has Ruled That Mattel is Not Entitled to the Discovery Sought in its Subpoenas.**

11         On October 24, 2007, Mattel propounded its Third Set of Requests for

12  Documents and Things to MGA Entertainment, Inc. (the "Third Set of Requests"),

13  which included 88 separate requests for production. [Declaration of Robert

14  Herrington ("Herrington Decl.") ¶ 2, Exh. 1 (Third Set of RFP to MGA)] These

15  requests sought thirty categories of documents and tangible items relating to the

16  "BRATZ LAWSUITS," which were defined by Mattel as various actions pursued by

17  MGA, including actions in Hong Kong. [*Id.*] In particular, Mattel sought the

18  production of:

19         1.    A sample of each doll, product or other matter that, whether in

20         whole or in part, [MGA has] alleged or contended INFRINGES

21         BRATZ in any THIRD PARTY LAWSUIT, including without

22         limitation in the BRATZ LAWSUITS.

23         2.    To the extent not produced in Response to Request No. 1, a

24         sample of each doll, product or other matter that, whether in whole or

25         in part, [MGA has] alleged .or contended, including in any cease and

26         desist letter, INFRINGES BRATZ.

27         3.    All photographs, digital scans or other depictions of each and

28         every doll, product or other matter that, whether in whole or in part,

EXHIBIT ____1____

PAGE ___8 3___

1   [MGA has] alleged or contended INFRINGES BRATZ in any

2   THIRD-PARTY LAWSUIT, including without limitation in the

3   BRATZ LAWSUITS.

4       4.      To the extent not produced in Response to Request No. 3, all

5   photographs, digital scans or other depictions of each doll, product or

6   other matter that, whether in whole or in part, [MGA has] ever alleged

7   or contended, including in any cease and desist letter, INFRINGES

8   BRATZ.

9   [*Id.*]

10      MGA served Objections and Responses to Mattel, Inc.'s Third Set of Requests,

11  on November 26, 2007. [Herrington Decl. ¶ 3, Exh. 2 (Objections to Third Set of

12  RFP to MGA)]  After a meet and confer process, MGA agreed to produce certain

13  documents in response to the Third Set of Requests.  On January 9, 2008, MGA

14  served its Objections and Supplemental Responses to Mattel, Inc.'s Third Set of

15  Requests. [Herrington Decl. ¶ 4, Exh. 3 (Supplemental Objections to Third Set of

16  RFP to MGA)]  On January 28, 2008, the day of the fact discovery cutoff, Mattel

17  filed its Motion to Compel Production of Documents and Things by MGA

18  Entertainment, Inc.  On February 7, 2008, MGA submitted its opposition; on

19  February 14, 2008, Mattel submitted its reply; and the Discovery Master heard the

20  motion on April 11, 2008.

21      On April 14, 2008, the Discovery Master categorically rejected Mattel's

22  Requests Nos. 1-30. [Herrington Decl. ¶ 5, Exh. 4 (4/14/08 Discovery Master Order)]

23  The Discovery Master held that the requests were "grossly overbroad and unduly

24  burdensome." [*Id.* at 2]  The Discovery Master further explained that "the burden

25  and expense" of responding to these requests outweighed the likely benefit from

26  discovery. [*Id.* at 3]

27      Two weeks later, Mattel filed its Notice of Motion and Motion Objecting to

28  Portions of Discovery Master's April 14, 2008 Order. [Herrington Decl. ¶ 6, Exh. 5

EXHIBIT

PAGE _____ 84

1  (4/28/2008 Motion appealing Discovery Master's Ruling)]  Significantly, Mattel ***did***

2  ***not appeal*** the Discovery Master's order with respect to the tangible items it now

3  seeks in the Subpoenas. [*Id.* at 5]  Rather, Mattel sought an order overruling the

4  Discovery Master's denial of Mattel's motion to compel concerning "four specific

5  requests only" – requests not at issue here.[1] [*Id.*]

6       Six months after the fact discovery cutoff, Mattel served MGA and MGA HK

7  with subpoenas on July 24 and 25, 2008, demanding the production of "[d]olls,

8  tangible items and photographs of the dolls and tangible items on which MGA sued"

9  in seven lawsuits and one allegedly prospective litigation. [Herrington Decl. ¶ 7,

10 Exhs. 6-7 (Subpoenas to MGA and HK)]  All but one of the lawsuits listed in the

11 subpoena were included in the definition of "BRATZ LAWSUITS" in the Third Set

12 of Requests.[2] [*Id.*]  These lawsuits are (or were) venued in Hong Kong.[3]

13 [Herrington Decl. ¶ 8, Exh. 1]

14 **B.    Mattel Waited Until Six Months After the Close of Fact Discovery to**
   **Serve a Subpoena on Non-Party Multitoy.**

15      On July 29, 2008, Mattel served a subpoena on the company Multitoy, a non-

16 party, demanding the production of documents and tangible items apparently related

17 to litigation with MGA. [Herrington Decl. ¶ 10, Exh. 9 (Subpoena to Multitoy)]

18

19

20 [1] Mattel sought relief with respect to Requests Nos. 6, 15, 23, and 25. [Herrington
21 Decl. ¶ 6, Exh. 5 (4/28/2008 Motion appealing Discovery Master's Ruling)]  On
   May 12, 2008, the Court overruled the Discovery Master with respect to Requests
22 Nos. 15 and 23. [Herrington Decl. ¶ 9, Exh. 8 at 5, (5/12/08 Larson Order)]
   Requests 15 and 23 call for the production of pleadings served by MGA and
23 judgments entered in these cases.

24 [2] The lawsuits listed in the subpoenas include: MGA v. Cityworld, MGA v. Double
   Grand, MGA v. Hunglam, MGA v. Union Top, MGA v. Multitoy, MGA v. Wai Man
25 and MGA v. Uni-Fortune.

26 [3] MGA is investigating the existence of the tangible items sought by the Subpoenas,
   including the availability to bring the items, if required to, to the United States,
27 which may be hampered by Undertakings (amounting to counsel promising to
   maintain custody of an item) filed with the Hong Kong courts.  In order to abide by
28 their terms, Hong Kong counsel would need to seek to amend such Undertakings – a
   process that could take several weeks.

EXHIBIT _____ 11

PAGE _____ 65

1  Significantly, Mattel did not seek third-party discovery of Multitoy before the

2  January 28, 2008 fact discovery cutoff.

3
4  **III.   ARGUMENT**

5  **A.   Mattel's Subpoenas Are An Improper End-Run on the Discovery Master's Orders.**

6        Mattel's subpoenas seek to circumvent the Discovery Master's April 14 Order.

7  [Herrington Decl. ¶ 5, Exh. 4 (4/14/2008 Infante order)]  Mattel cannot use a trial

8  subpoena to circumvent the normal methods of discovery.  See Burns v. Bank of

9  Am., 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) ("On the other hand,

10  subpoenas under Rule 45 are clearly not meant to provide an end-run around the

11  regular discovery process under Rules 26 and 34.").  In its Third Set of Requests,

12  Mattel sought a "sample of each doll" as well as "[a]ll photographs, digital scans or

13  other depictions of each and every doll, product or other matter" that MGA has

14  "alleged or contended" infringes on Bratz. [Herrington Decl. ¶ 2, Exh. 1 at 10-11

15  (Mattel's Third Set of Requests for Production).  The Discovery Master denied these

16  Requests, and Mattel did not appeal the Discovery Master's rulings on those requests.

17  [Herrington Decl. ¶ 5, Exhs. 4 & 5 (4/14/2008 Infante order) and (4/28/2008 Motion

18  appealing Discovery Master's Ruling)]  Now, in its Subpoenas, Mattel seeks

19  photographs, dolls, tangible items, and drawings related to the same dolls involved in

20  those same lawsuits.  [Herrington Decl. ¶ 7, Exhs. 6-7 (Subpoenas to MGA and HK)]

21  Having already served discovery requests, moved to compel, lost that motion, and

22  failed to appeal, Mattel cannot now seek the same items under the guise of a trial

23  subpoena.  The Motion to Quash should be granted.

24  **B.   Mattel's Subpoenas Constitute Untimely Fact Discovery and Violate the Court's Scheduling Order.**

25        Mattel's Subpoenas to MGA and Multitoy also should be quashed because

26  they violate the Court's order regarding the cutoff for Phase 1 fact discovery, which

27  was January 28, 2008.  Whether proceeding under Rule 34 or Rule 45, Mattel was

28

EXHIBIT _____

PAGE _____

1    required to have served these requests over six months ago, before the fact discovery
2    cutoff. Mattel cannot obtain through a belated trial subpoena that which it could
3    have obtained during discovery. See nSight, Inc. v. PeopleSoft, Inc., No. 3:04 CV
4    3836 MMC (MEJ), 2006 WL 988807, at *3 (N.D. Cal. Apr. 13, 2006); see also
5    F.T.C. v. Netscape Commc'ns Corp., 196 F.R.D. 559, 561 (N.D. Cal. 2000)
6    ("[P]arties cannot circumvent discovery deadlines by attempting to obtain with a trial
7    subpoena documents and testimony that they should have secured with a discovery
8    subpoena."); Integra Lifesciences I, Ltd. v. Merck KGaA, 190 F.R.D. 556, 561 (S.D.
9    Cal. 1999) ("[S]ubpoenas under Rule 45 are discovery, and must be utilized within
10   the time period permitted for discovery in a case.").

11        Mattel's Subpoenas are nothing more than belated requests for production.
12   The Subpoenas seek the same tangible items Mattel tried to obtain during discovery.
13   The Discovery Master denied Mattel's request for that discovery, and Mattel cannot
14   use belated trial subpoenas to seek a "redo" of discovery. As the Court made clear,
15   "[a]ny phase 1 discovery not properly served on or before th[e discovery] deadline
16   may not now be pursued." [Herrington Decl. ¶ 11, Exh. 10 at 2. Order dated Feb 4,
17   2008 [Docket No. 1931]]; see also Johnson v. Mammoth Recreations, Inc., 975 F.2d
18   604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly
19   entered, which can be cavalierly disregarded by counsel without peril." (internal
20   quotation omitted), (citation omitted)). Mattel's Subpoenas were not served before
21   the discovery deadline and may not now be pursued. MGA's Motion to Quash
22   should be granted.

23   C.    **Mattel's Subpoenas Are Unduly Burdensome.**

24        Mattel's Subpoenas should be quashed on the ground that they impose an
25   undue burden. See Fed. R. Civ. Proc. 45(3)(A)(i) & (iv). Mattel seeks the
26   production of tangible items, most of which are located in foreign jurisdictions – all
27   in less than ten business days. The Discovery Master already ruled in the context of
28   Mattel's Third Set of Requests that these types of requests are overbroad,

6

EXHIBIT

PAGE

1  burdensome, and that the burden and expense of responding outweighs any benefit.
2  [Herrington Decl. ¶ 5, Exh. 4 (4/14/08 Discovery Master Order)]  Mattel failed to
3  appeal that ruling and has offered no justification for seeking to impose the same
4  burden on MGA now that the parties are in the midst of trial.  If anything, these
5  requests are even more burdensome now that MGA Parties are focused on the trial.

6    The burden on MGA is further aggravated because complying with the
7  Subpoenas could violate of Undertakings filed with the Hong Kong Courts (*i.e.*,
8  promises by MGA's counsel to maintain custody of tangible items).  After receiving
9  the Subpoenas, MGA investigated whether there are Undertakings that would affect
10  MGA's ability to comply with the Subpoenas.  MGA has been advised that there are
11  Undertakings in place that prohibit bringing these tangible items to the United States.
12  MGA also has been advised that seeking to amend the Undertakings to allow the
13  items to be shipped to the United States will take several weeks or more.
14  [Herrington Decl. ¶ 12]  In other words, there is no way MGA can produce these
15  items in the United States before the trial concludes.  Thus, not only are the
16  Subpoenas unduly burdensome, Mattel, through its delay, has created a situation
17  where it is impossible for MGA to comply.  Mattel has no justification for seeking to
18  impose this type of burden on MGA, and the Subpoenas should be quashed on this
19  ground as well.

20  IV. **CONCLUSION**

21    For all the foregoing reasons, the subpoenas to MGA, MGA HK and Multitoy
22  should be quashed.

23
24  DATED:  July 31, 2008    SKADDEN, ARPS, SLATE, MEAGHER &
              FLOM, LLP
25
26         By: /s/ Robert J. Herrington
          Robert J. Herrington
27
       Attorneys for The MGA Parties
28

EXHIBIT     11

PAGE          88

# EXHIBIT 12

Amended as underlined in red pursuant to the Order dated 4th October 2004 made by Master K.H. Hui of High Court in Chambers.
Dated 4th of the October 2004.

Registrar

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                          Plaintiff

AND

DOUBLE GRAND CORPORATION LIMITED          Defendant

(Writ was issued on 26th May 2003)

AMENDED STATEMENT OF CLAIM

1.  The Plaintiff is and has at all material times been a corporation existing under the laws of the U.S.A. carrying on business in the design, manufacture, marketing and selling of toys, in particular, fashion dolls.

2.  The Defendant is and has at all material times been a company incorporated and existing under the laws of Hong Kong carrying on the business in the manufacture and marketing of toys.

3.  The Plaintiff is and has at all material times been the owner of the copyright subsisting in original artistic works in respect of the Plaintiff's Bratz fashion dolls ("the said Artistic Works").

1

EXHIBIT ____12____

PAGE _____

MGA  3888987

EX 13690-0001

Particulars of Original Artistic Works

(a)        18 17 design drawings of various Bratz fashion dolls made between the
years 1998 and 2000.

(b)        1 drawing of body sketch of the Bratz fashion dolls made in around
November 2000.

(b)(c)     Wax models of the head, body and shoes of the Bratz fashion dolls
made between the years late 2000 and 2001.

(c)(d)     Silicon rubber moulds and polyurethane samples made therefrom of
the Bratz fashion dolls made between the years late 2000 and 2001.

(d)(e)     4 drawings of the facial decoration of the Bratz fashion dolls made
between the years late 2000 and 2001.

(e)(f)     8 drawings 4 of which are pantone colour guides of the facial
decorations of the Bratz fashion dolls made between the years of late 2000 and
2001.

(f)(g)     4 hand painted decor-masters on 4 rubber head sculpts made between
the years late 2000 and 2001.

2

EXHIBIT ____12____

PAGE ____90____

MGA  3888988
EX 13690-0002

Particulars of Ownership and Subsistence

(g)(h)    Carter Bryant (hereinafter referred to as "Mr. Bryant") was commissioned by the Plaintiff to make the designed drawings referred to in sub-paragraphs (a), (b) and (e) & (f) hereof. At all material times, it was the understanding and agreement between the Plaintiff and Mr. Bryant that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Mr. Bryant in September 2000.

(i) As for the design drawings referred to in sub-paragraph (a) hereinabove, the Plaintiff avers: -

(i)    that the drawings were created by Mr. Bryant prior to 18th September 2000; and

(ii)    that by an agreement dated 18th September 2000 ("the Bryant 2000 Agreement"), Mr. Bryant assigned all rights including copyright subsisting in the drawings to the Plaintiff.

(j) As for the design drawings referred to in sub-paragraphs (b), (e) & (f) hereinabove, the Plaintiff avers that the drawings were created by Mr. Bryant subsequent and pursuant to the Bryant 2000 Agreement which provides, inter alia, that copyright subsisting in the artistic works should vest in the Plaintiff.

(k) The Plaintiff and Mr. Bryant had further entered into a "Modification and Clarification of the Agreement dated September 18, 2000" signed by the

3

EXHIBIT _____12_____

PAGE _____

MGA 3888989
EX 13690-0003

Plaintiff and Mr. Bryant on 11th May 2004 and 5th May 2004, respectively, making modifications to and / or clarification of the Bryant 2000 Agreement.

(h)(l)   At all material times, Mr. Bryant is a resident of and domiciled in the U.S.A.

(i)(m)   Margaret Leahy (hereinunder referred to as "Ms. Leahy") was commissioned by the Plaintiff to make the artistic works referred to in subparagraph (b) (c) hereof.   At all material times, it was the understanding and agreement between the Plaintiff and Ms. Leahy that copyright subsisting in the artistic works should vest in the Plaintiff.   Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Ms. Leahy in June 2003 which has been superseded by a re-confirmatory assignment signed by the Plaintiff and Ms Leahy on 19th February 2004 and 18th February 2004 respectively

(j)(n) At all material times, Ms. Leahy is a resident of and domiciled in the USA.

(k)(o)  Jessie Ramirez (hereinunder referred to as "Ms.Mr. Ramirez") was commissioned by the Plaintiff to make the silicon rubber moulds and polyurethane samples referred in subparagraph (e)(d) hereof.   At all material times, it was the understanding and agreement between the Plaintiff and Ms.Mr. Ramirez that copyright subsisting in the artistic works should vest in the Plaintiff.   Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Ms.Mr. Ramirez on 16th June 2003.

(l)(p) At all material times, Ms.Mr. Ramirez is a resident of and domiciled in the USA.

(m)(q) Anna Rhee (hereinunder referred to as "Ms. Rhee") was commissioned by the Plaintiff to make the artistic works referred to in sub-paragraphs (d) and

4

EXHIBIT ___12___

PAGE ____92____

MGA 3888990

EX 13690-0004

~~(f)~~(g) hereof. At all material times, it was the understanding and agreement between the Plaintiff and Ms. Rhee that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Ms. Rhee on 12th June 2003 which has been superseded by a re-confirmatory assignment made between the Plaintiff and Ms. Rhee on 27th January 2004.~~.~~

~~(q)~~(r) At all material times, Ms. Rhee is a resident of and domiciled in the USA.

~~(e)~~(s) The said Artistic Works as described in sub-paragraphs (a) to ~~(f)~~(g) above were first published in the USA in or about June 2001 when the Bratz fashion dolls were exhibited and offered for sale. Alternatively, the said Artistic Works are unpublished. The artistic works referred to in sub-paragraph ~~(b)~~(c) hereof and the silicon rubber moulds referred to in sub-paragraph ~~(e)~~(d) hereof were destroyed in the course of the Plaintiff's business.

4.  Prior to the issue of the Writ herein, the Defendant has infringed the said Artistic Works by authorising the manufacture, the manufacture of and/or importing into and exporting from Hong Kong in its course of business, possessing for the purpose of trade or business, selling or offering or exposing for sale, for the purpose of trade or business exhibiting in public or distributing fashion dolls known as Trendy Teenz dolls ("TRENDY TEENZ"), Mini Trendy Teenz dolls ("MINI TRENDY TEENZ"), RockerHeadz Bobblehead Fashion Dolls ("ROCKERHEADZ DOLLS") and RockerHeadz Fashion Doll Bobble Pen ("ROCKERHEADZ PENS") which are reproductions of or a reproduction of a substantial part of the said Artistic Works without the license of the Plaintiff (hereinafter collectively referred as "the Infringing Dolls")

5

EXHIBIT ___12___

PAGE _____

MGA 3888991
EX 13690-0005

<u>Particulars</u>

The Plaintiff will in particular rely upon the following facts and matters: -

a) On divers dates, the Defendant manufactured or authorized the manufacture of, sold and exported the Infringing Dolls to various companies with particulars as follows: -

<u>TRENDY TEENZ</u>

| Name of Companies | Address | Date of Order | Price (US$) | Quantity (psc) | Invoice No. |
|---|---|---|---|---|---|
| Toy Depot Limited | Trade House, 52 Yester Road, Chislehurst, KENT BR7 5HR, UK | 29/07/02 | 2.78 | 5,484 | 02/1281, 02/1296 |

<u>MINI TRENDY TEENZ</u>

| Name of Companies | Address | Date of Order | Price (US$) | Quantity (psc) | Invoice No. |
|---|---|---|---|---|---|
| Toy Depot Limited | Trade House, 52 Yester Road, Chislehurst, KENT BR7 5HR, UK | 29/07/02 | 0.77 | 4,800 | 02/1281, 02/1296 |
| | | 09/09/02 | 0.77 | 43,056 | 02/1340 |
| Prima Toys | P.O. Box 30, Eppindust 7475 Cape Town, Rep. of South Africa | 17/01/03 | 0.75 | 3,600 | 03/1075 |
| | | 30/04/03 | 0.75 | 2,400 | 03/1218 |

6

EXHIBIT ___12___

PAGE _____

MGA 3888992
EX 13690-0006

ROCKERHEADZ DOLLS

| Name of Companies | Address | Date of Order | Price (US$) | Quantity (psc) | Invoice No. |
|---|---|---|---|---|---|
| M.R. Import-Export | 4 A Saudi Building Nozha St., 7th Floor, Flate 3 - Heliopolis, Cairo - Egypt | 15/11/02 | 1.43 | 1,200 | 02/1423 |
| | | 15/11/02 | 1.43 | 840 | 02/1434 |
| CMX Toys | P.O. Box 5258 North Hollywood CA 91616, USA | 24/12/02 | 1.83 | 1,200 | 03/1005 |
| Prima Toys | P.O. Box 30, Eppindust 7475 Cape Town, Rep. of South Africa | 30/04/03 | 0.75 | 1,200 | 03/1075 |

ROCKERHEADZ PENS

| Name of Companies | Address | Date of Order | Price (US$) | Quantity (psc) | Invoice No. |
|---|---|---|---|---|---|
| CMX Toys | P.O. Box 5258 North Hollywood CA 91616, USA | 24/12/02 | 0.78 | 2,256 | 03/1005 |
| | | 24/12/02 | 0.83 | 144 | 03/1005 |
| Prima Toys | P.O. Box 30, Eppindust 7475 Cape Town, Rep. of South Africa | 30/04/03 | 0.75 | 1,800 | 03/1075 |

b) The offering or exposing for sale (i) MINI TRENDY TEENZ (ii) ROCKERHEADZ DOLLS and (iii) ROCKERHEADZ PENS to an investigator employed by the Plaintiff by email with photos of the abovementioned products.

c) The exposure for sale of the Infringing Dolls to the public by exhibiting pictures of the Infringing Dolls at the Defendant's website at www.doublegrand.com in May 2003.

7

EXHIBIT ___12___

PAGE ___95___

MGA 3888993
EX 13690-0007

d) The manufacture, authorization of manufacture, sale and export on divers
dates an unknown quantity of Infringing Dolls to the Netherlands.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give
full particulars of all the wrongful acts of copyright infringement of the
Defendant but will seek to recover damages in respect of each and every such
wrongful act.

5.    The Plaintiff will in so far as is necessary rely on the fact that at all material
times the Defendant knew or had reason to believe that the Infringing Dolls are
infringing copies of the said Artistic Works within the meaning of the Copyright
Ordinance, Cap. 528.

<div align="center">Particulars of Knowledge</div>

The Plaintiff will in particular rely upon the following facts and matters:-

(a)  The Plaintiff relies on the fact that the Defendant is in the same business as the
Plaintiff, the Bratz Fashion dolls being first exhibited and sold in the USA in
June 2001. The Bratz dolls were introduced in the Hong Kong market since
about December 2002 and were widely reported in the Chinese and English
press in Hong Kong.

(b) The Bratz fashion dolls are and have since December 2002 been available for
sale in retail outlets in Hong Kong such as Jusco, Toys "R" Us, Sogo, Citi-
Store, Seibu, Seiyu and Kalm's, etc.

8

EXHIBIT ___12___

PAGE ___96___

MGA  3888994
EX 13690-0008

(c)      The Bratz fashion dolls were extensively marketed and promoted in Hong Kong, and elsewhere, including via the Internet.

~~(b)~~(d)      The Bratz Fashion dolls have won numerous awards including Toy of the Year Award, People's Choice of the Year Award, Doctor Toy Award and Family Fun Best Toy Award and numerous articles have been about the Bratz Fashion dolls and their success.  The Bratz Fashion dolls have achieved worldwide fame and publicity.

~~(c)~~(e)      The Plaintiff relies on the objective similarity between the said Artistic Works and the Infringing Dolls.

~~(d)~~(f)      Insofar as acts of infringement after the 6 May 2003 are concerned, the Plaintiff relies on a cease and desist letter sent to the Defendant on the same date.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full particulars of all the particulars of knowledge of the Defendant.

6.      By reason of the foregoing, the Plaintiff has suffered loss and unless the Defendant is restrained by this Honourable Court, will continue to suffer loss and damage.

7.      By reason of all the circumstances of this case, including the flagrancy of the infringement, the benefit accruing to the Defendants by reason of the infringement and the completeness, accuracy and reliability of the Defendant's

9

EXHIBIT ___12___      MGA 3888995

PAGE _____97_____      EX 13690-0009

business accounts and records, the Plaintiff claims additional damages under
Section 108 of the Copyright Ordinance, Cap. 528.

<div align="center">Particulars</div>

The Plaintiff will in particular rely upon the following facts and matters: -

(a) The Plaintiff repeats the particulars supplied under paragraphs 5 hereof.

(b) The Defendant in infringing the said Artistic Works have reaped substantial
benefits in that the Defendant does not have to incur development costs,
marketing costs and the risks that the Infringing Dolls might not be popular
with its customers.  The Defendant knew that in copying the said Artistic
Works it will be able to produce, market and sell a product that has proven to
be successful and is in demand by members of the trade and public.

8.   By reason of the Defendant's wrongful acts and/or by reason of the
Defendant's dealing in the Infringing Dolls, the Defendant owes a duty to the
Plaintiff to assist the Plaintiff by supplying the Plaintiff with full information
relating to the products complained of, all dealings therein or therewith and
the identities of all other wrong doers.

9.   Further by virtue of sections 48 and 49 of the High Court Ordinance (Cap. 4)
the Plaintiff is entitled to and claims to recover interest on any amount found

10

EXHIBIT ___12___

PAGE ___48___

MGA 3888996
EX 13690-0010

to be due to the Plaintiff at such rate(s) and for such period(s) as this Honourable Court considers just and proper.


AND the Plaintiff claims: -


1.    An injunction to restrain the Defendant and whether acting by itself, its directors, officers, servants or agents or any of them or otherwise howsoever from infringing the Plaintiff's copyright in original artistic works relating to the Plaintiff's fashion dolls under the name "Bratz" and/or from directing, procuring, instigating, causing, enabling or assisting others to do so.


2.    An order for delivery up or destruction upon oath of all articles and materials in the Defendant's possession, power, custody or control including dies, plates, templates, labels, moulds, leaflets, catalogues and packaging the use or sale or dealing therewith by the Defendant would offend against the foregoing injunctions or either of them.


3.    An inquiry as to damages, alternatively damages or, at the Plaintiffs' option, account of profits, in respect of the Defendant's wrongful acts of infringement of copyright and passing off as aforesaid.


4.    Additional damages pursuant to section 108(2) of the Copyright Ordinance.


11

EXHIBIT __12__

PAGE __99__

MGA  3888997
EX 13690-0011

5.    An order for the payment by the Defendant's of all sums found due to the Plaintiffs upon making such inquiries and/or accounts together with such interest thereon as this Honourable Court shall deem just pursuant to Section 48 of the High Court Ordinance.

6.    An order for discovery or verification upon oath of all matters relating to the foregoing.

7.    Costs

8.    Such further or other relief as this Honourable Court shall deem just.

~~Dated this 1ˢᵗ day of December 2003.~~

Dated this   4ᵗʰ   day of  October   2004

                                        Colin Andrew Shipp

                                        Counsel for the Plaintiff

                                        ~~William W. L. Fan & Co.~~

                                        ~~Solicitors for the Plaintiff~~

                                        William W. L. Fan & Co.

                                        Solicitors for the Plaintiff

                                                            12

EXHIBIT ___12___

PAGE ___100___

MGA 3888998
EX 13690-0012

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE

REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN: -

MGA ENTERTAINMENT INC.                    Plaintiff

and

DOUBLE GRAND CORPORATION
LIMITED                                   Defendant

(Writ was issued on 26th May 2003)

AMENDED STATEMENT OF CLAIM

~~Dated the 1st day of December 2003.~~
Re-Filed on the _4th_ day of _October_ 2004.

For and on behalf of
DOUBLE GRAND CORP. LTD.

Authorized Signature

**William W. L. Fan & Co.**
Solicitors,
Room 507, Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel: 2110 2128    Fax: 2111 9336

Ref: WF-1921-CKM

13

EXHIBIT ____12____

PAGE ____161____

MGA 3888999
EX 13690-0013

# EXHIBIT 13

$(-18-3$

HCA No. 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

***************

BETWEEN

| | |
|---|---|
| MGA ENTERTAINMENT INC. | 1st Plaintiff |
| MGA ENTERTAINMENT (H.K.) LIMITED | 2nd Plaintiff |

And

DOUBLE GRAND CORPORATION LIMITED    Defendant

**********************

**AFFIRMATION OF LEE SHIU CHEUNG**

**********************

I, Lee Shiu Cheung of Room 1001, Empire Centre, 68 Mody Road, Tsimshatsui East, Kowloon, Hong Kong do solemnly, sincerely and truly affirm and say as follows:-

1.  I am the Managing Director of MGA (H.K.) Entertainment Limited (hereinafter referred to as "MGA HK"), the 2nd Plaintiff herein, which is an affiliate of MGA Entertainment Inc., the 1st Plaintiff herein (hereinafter referred to as "MGA US"). I am duly authorised by MGA US and MGA HK to make this affirmation on their behalf. Unless otherwise stated, the facts and matters contained herein are true and they are either within my own personal knowledge or gleaned from books and records of MGA US or MGAHK to which I have free access. Insofar as facts and matters that do

1

Confidential – Attorney's Eyes Only

EXHIBIT _____13_____

PAGE _____102_____

MGA 0883920
EX 13691-0001

not fall within the aforesaid category, they are related to me by the respective sources stated hereinafter and are true to the best of my information and belief.

2. MGA US was originally founded in 1979 as a consumer electronics business. In 1987, MGA US obtained exclusive rights to sell Nintendo hand held LCD games (Game Boy) in the USA and naturally, Game Boy was an instant success worldwide. This event paved way for MGA US to create innovative products for other best selling licenses, including Hello Kitty and Power Rangers. In 2002, MGA US added Spider-Man: The Movie and in 2003 MGA US added The Hulk to its already existing collection of licenses. MGA US is thus a successful and reputable company in the toy business. MGA US holds other licenses including licences from Marvel Characters, Inc., Atari Corporation and BVS Merchandising, Inc. (Disney). Now produced and shown to me marked exhibit "LSC-1" is a copy of the corporate profile of MGA US downloaded from its website.

3. Since 1987 MGA US has primarily concentrated and focused its efforts in the toy industry and as at the date hereof, MGA US has 8 product categories and they are smart toys, interactive dolls, handheld games, fashion dolls, youth electronics, music, licensed products and small dolls. In the years 2001 and 2002, MGA US's revenue exceeded US$98 million and US$225 million respectively. The projected revenue for the year 2003 is over US$650 million due to the success of a range of dolls known as BRATZ which is the subject matter of this action and will be dealt with in detail hereinafter. For the year 2002, the sale of BRATZ dolls and, accessories accounted for 69% of the total revenue of approximately US$225 million. MGA US forecasts that the sale of BRATZ dolls, and accessories for the year 2003 will account for 72%

2

Confidential – Attorney's Eyes Only

EXHIBIT _____ 12

PAGE _____ 103

MGA 0883921
EX 13691-0002

of the revenue of this year.

4. Toys designed and marketed by MGA US have been the subject of numerous awards and prizes. However, the most successful toy designed and marketed by MGA US must be BRATZ dolls. For two consecutive years, MGA has won the toy industry's most prestigious award, The People's Choice Toy of the Year for Bratz-related toys. It has also won two consecutive Family Fun Toy of the Year award for Bratz-related toys. Additionally, in 2001 and 2002, Bratz-related toys won Today's toy tests.

5. The BRATZ dolls come in 2 sizes. The full version stands at 10 inches tall and the mini version stands at 4 and a half inches tall. The mini version has been marketed under the names "Micro Bratz" and "Lil' Bratz" but will be referred to herein as "mini Bratz"

6. MGA HK has become a manufacturing licensee of MGA as of 1st January 2003.

**Copyright Works**

7. On 18th September 2000, MGA entered into an agreement with Mr. Carter Bryant (hereinafter referred to as "Mr. Bryant") whereby Mr. Bryant designed and developed a line of dolls known as BRATZ (hereinafter referred to as "the Bryant Agreement"). Mr. Bryant was a graduate of Ottis College in fashion and toy design. Although BRATZ is a misspelling of the word "brats", the former was coined by MGA US not to denote naughty or spoilt children by to denote hip and cool young adolescent or

3

Confidential - Attorney's Eyes Only

EXHIBIT ___12___

PAGE ___104___

MGA 0883922
EX 13691-0003

teenage girls. This idea of hip and cool is born out in the design of the BRATZ dolls.

8.  Now produced and shown to me marked "LSC-2" is a copy of the Bryant Agreement. I crave leave to draw this Court's attention to clause 3 of the Bryant Agreement whereby all intellectual property rights including copyright subsisting in the works generated by Mr. Bryant shall be owned by MGA US. Pursuant and prior to the Bryant Agreement and commission, Mr. Bryant initially designed a range of 4 girls and subsequently extended the range by adding 1 more girl and 2 boys. The designs of the BRATZ dolls are all original drawings created by Mr. Bryant using his own independent labour, skill and judgement. At all material times, Mr. Bryant is a resident of and domiciled in the USA.

9.  Now produced and shown to me marked "LSC-3 " are copies of 17 initial concept drawings of the first 4 BRATZ dolls designed by Mr. Bryant pursuant to the Bryant Agreement. Now produced and shown to me marked "LSC-4" is a copy of a sheet of paper setting out the initial concept and idea of the BRATZ dolls by Mr. Bryant. The girls represent best friends in high school who love to trade clothes, shoes and hairdos. Since these accessories are interchangeable, the dolls can look different every day. The success of the BRATZ dolls ensured a lucrative business of supplying accessories to the owners of BRATZ dolls creating a steady stream of revenue.

4

Confidential - Attorney's Eyes Only

EXHIBIT 13

PAGE 105

MGA 0883923
EX 13691-0004

10. The first 4 BRATZ dolls were given a name and a different ethnic origin so they could appeal to everyone in the targeted age group of girls between 5 and 14 years old. Cloe is Caucasian, Sasha is Black, Yasmin is Hispanic and Jade is Asian. Meygan the 5th female doll that was subsequently added to the range is a red-head.

11. After making the design drawings exhibited as "LSC-3", wax models of the sculpting of the head, body parts and shoes of the BRATZ dolls were made by Margaret Leheay who is a freelance sculptor in or about winter 2000-2001. These wax models were created by Margaret Leheay using her own independent skill, labour and judgement. Margaret Leheay was commissioned by MGA US to make the said wax models for valuable consideration. At all material times, Margaret Leheay was a resident of and domiciled in the United States of America. It was the understanding and agreement between Margaret Leheay and MGA US that all intellectual property rights including copyright subsisting in the wax models shall belong to MGA US. Now produced and shown to me marked exhibit "LSC-5" being a copy assignment of copyright executed by Margaret Leheay in favour of MGA US.

12. The wax models were then used to make silicon rubber moulds of the head, body parts and shoes of the BRATZ dolls. The silicon rubber moulds were made under commission by Jessie Ramirez under valuable consideration in or about winter 2000-2001. These silicon rubber moulds were created by Jessie Ramirez using her own independent skill, labour and judgement. At all material times, Jessie Ramirez is a resident of and domiciled in the United States of America. It was the understanding and agreement between Jessie Ramirez and MGA US that all intellectual property rights including copyright subsisting in the silicon rubber moulds shall belong to MGA

5

Confidential - Attorney's Eyes Only

EXHIBIT _____13_____

PAGE _____106_____

MGA 0883924
EX 13691-0005

US. During the process of making the silicon rubber moulds the wax models were destroyed.

13. Polyurethane samples were produced from the silicon rubber moulds. The silicon rubber moulds have also been destroyed after the polyurethane samples were made. These samples were necessary for the making of production moulds of the dolls. There are now produced and shown to me marked "LSC-5" the polyurethane samples of the head sculpt and some body parts and shoes of the full version BRATZ dolls. It was the understanding and agreement between Jesse Ramirez and MGA US that all intellectual property rights including copyright subsisting in the polyurethane samples shall belong to MGA US. Now produced and shown to me marked "LSC-6" is the copy assignment of copyright executed by Jesse Ramirez in favour of MGA US.

14. As regards the mini Bratz, the design process is more or less the same as the full sized version. Margaret Leheay was again commissioned to produce wax models of the miniature version of the Bratz dolls. The wax models were used by Jessie Ramirez to produce silicon rubber moulds and from the silicon rubber moulds, polyurethane samples of the head and body parts were produced. Now produced and shown to me marked as "LSC-7 " are polyurethane samples of the head and body parts of the mini Bratz. Again, the wax models and the silicon rubber moulds were destroyed during the process only leaving behind the polyurethane samples behind. Similar to the full sized version, copyright subsisting in the mini version of the wax model, silicon rubber moulds and polyurethane samples belong to MGA US and are covered by the assignment exhibited as "LSC-6".

6

EXHIBIT ___12___

PAGE ___107___

MGA 0883925
EX 13691-0006

15. The facial decorations and features of the BRATZ dolls are unique and much time, effort and monetary resources have been expended in perfecting them. MGA US commissioned one Anna Rhee to design the facial decoration of the BRATZ dolls with the understanding and agreement that all intellectual property rights including copyright shall belong to MGA US. At all material times, Anna Rhee is a resident of and domiciled in the United States of America.

16. Based on and originated from the initial concept drawings of Mr. Bryant, Anna Rhee drew some decoration directions for the facial decorations for different series of dolls. She then created the original deco masters which are hand-painted facial decorations on a rubber head sculpt of a doll. With the input of Mr. Bryant, Ms. Rhee revised the deco masters a number of times until they are perfected being the final version that were used to serve as the benchmark and template from which the original four different Bratz dolls' individual facial decorations are mass produced by spray masking. Now produced and shown to me marked "LSC-8" is the pile of decoration directions (inclusive those on the 2001 Fall series), "LSC-9a to d" are the deco masters for the 2001 Fall Series and "LSC-10" is a bundle of documents setting out the various changes during the design process made by Anna Rhee from the initial concept drawings of Mr. Bryant.

17. The full size versions of the first 4 BRATZ dolls were first published in the United States of America in November 2001 (2001 Fall Series) when they were offered for

7

EXHIBIT 13

108

Confidential - Attorney's Eyes Only

MGA 0883926
EX 13691-0007

sale to the general public. The mini versions of the first 4 BRATZ dolls were first published in the United States of America in or about March 2002 when they were offered for sale to the general public. Both versions of the BRATZ dolls were available for sale in Hong Kong since December 2002. Now produced and shown to me marked "LSC-11a to d" are samples of the first 4 full sized version BRATZ dolls in their packaging and "LSC-12" is a sample of Cloe in the mini version and her packaging.

18. The Bratz dolls are unique in a variety of ways including their oversized heads and individual facial decoration. One thing that has contributed to the success of Bratz and mini-Bratz is the oversized eyes and mouth that are capable of being decorated with makeup and the diminished size of the nose that serves no decorative purposes. Thus, the elements of the face that can be made-up, the eyes and mouth, are exaggerated while the elements of the face that cannot be made-up, the nose, is reduced. In addition, Bratz make-up is multi-colored and the eyelashes are exaggerated in size but limited in number of eyelashes. The lipstick is also two-toned in order to draw attention to the lips.

19. A prominent feature of Bratz and Mini-Bratz is the snap on shoes. Carter Bryant originally designed the snap on shoes so that shoes could be an important part of the play value of Bratz. By employing snap on shoes, girls are able to easily change the dolls footwear and it allows many different varieties of footwear to be worn by the dolls.

20. Insofar as this action is concerned, the Defendant has copied the facial decoration of

8

Confidential - Attorney's Eyes Only

EXHIBIT ___12___

PAGE ___109___

MGA 0883927
EX 13691-0008

the full and mini versions of Cloe and the head, body parts and shoes of the mini
version of Cloe. I crave leave to refer to "LSC-11a" and "LSC-12".

21. The current average FOB sales value of the full and mini version of the BRATZ dolls
are respectively US$10.66 and US$4.73.

22. The BRATZ dolls and their accessories (which are not the subject matter of this
action) are marketed and sold in more than 52 countries and places including the
European Union, the Americas, the Balkans, the Baltics, Norway, Switzerland,
Russia, Ukraine, Poland, Hungary, Czech Republic, Lebanon, UAE, Saudi Arabia,
Egypt, Syria, Israel, South Africa, Australia, New Zealand, Philippines, Indonesia,
Taiwan, Thailand, Singapore, South Korea, Japan and Hong Kong.

23. The BRATZ dolls have their own website at www.bratzpack.com. The site provides
some games, e-greetings and Mix N Match Mall of Bratz' fashion and hairdos. The
site also maintains a fan club known as BRATZ pack and maintains a list of its
members. The aim of this fan club is to notify its members of new fashion trends that
the BRATZ dolls will wear themselves and the launch and marketing thereof. Now
produced and shown to me marked "LSC-13" are downloaded copies from the said
web-site.

23. So far MGA US has spent a total of over US$22 million in advertising and promotion
expenses worldwide in relation to the Bratz brand.

9

Confidential - Attorney's Eyes Only

EXHIBIT ___ 12

PAGE ___ 110

MGA 0883928
EX 13691-0009

24. As mentioned hereinbefore, the BRATZ dolls have become an instant success and they have become collectibles.  Considerable media coverage have been given to these dolls and now produced and shown to me marked "LSC-14" is a selection of press cuttings and celebrity photos of the BRATZ pack.

25. Another major source of revenue generated by the BRATZ dolls is income derived from merchandising rights by granting non-exclusive licenses to other companies worldwide.  So far, 120 merchandise licence agreements have been granted in respect of a wide range of products including paper napkins, girls clothing, jewelry, bedding, home furnishing, stationery, toiletries, video games, footwear and electrical appliances etc.  Pursuant to these licenses, Bratz branded goods are sold in Spain, Portugal, Australia, New Zealand, Finland, Germany, Austria, Switzerland, France, Belgium, Luxembourg, Mexico, Italy, UK, Ireland, Eire, Greece, Norway, Channel Islands, Brazil, Columbia, Greece, Cyprus, Denmark, Iceland, Sweden, Columbia, Venezuela, Turkey, Peru, Israel, all Central America countries, all Carribean Island countries, Dominican Republic, Ecuador, Venezuela, Bolivia, Paraguay, Chile, UAE, Saudi Arabia, Kuwait, Iran, Lebanon, Syria, Jordan, Egypt, Qatar, Oman, Behrain, Yemen and Hong Kong.  MGA projects annual licensing revenue of $12 million per year by year-end 2004.

26. Furthermore, MGA US has granted exclusive distribution rights of the BRATZ dolls and accessories to Bandai Inc. for a term of 3 years starting from 1st April 2001 in France, Belgium, Germany, Austria, Switzerland, Spain, UK, Portugal, Ireland,

10

EXHIBIT  12

PAGE  111

Confidential - Attorney's Eyes Only

MGA 0883929
EX 13691-0010

Luxembourg and Netherlands.

**The Defendant and its Infringing Activities**

27. BY reason of the success of the BRATZ dolls many knock offs have appeared in the market. In order to save guard the business interests and exclusivity of the BRATZ dolls, the Plaintiff had obtained interim injunctions in Hong Kong against Toys & Trends (Hong Kong) Limited and Cityworld Limited. The Plaintiff has also taken action in the UK against LB Group Limited and David Halsall International Limited who settled the Plaintiff's claims and paid significant amounts of damages.

28. Now produced and shown to me marked "LSC-15" is a copy of the latest annual return of the Defendant. It was filed on 18th July 2002. The Defendant has a paid up capital of HK$10,000 of which 1 share with a nominal value of HK$1.00 is held by Peter Leung. Peter Leung and Leung Wai Hung are directors of the Defendant.

29. I crave leave to refer to the Affidavit of Ray Black dated 13th June 2003 and filed on behalf of the Plaintiffs which sets out the full background that brought to light the infringing activities of the Defendant.

30. On 6th March 2003, Mr. Ray Dorrity of Bandai, UK ("Dorrity"), the distributor of BRATZ dolls in the UK had discovered the sale of "Mini Trendy Teenz" by one Fareham Toys in Fareham, the UK. Dorrity then purchased two samples of the Mini Trendy Teenz

11

EXHIBIT ____13____

PAGE ____112____

MGA 0883930
EX 13691-0011

and had referred the matter to Mr. Ray Black of SJ Berwin, the UK lawyers of MGA US together with the samples.  Now produced and shown to me marked "LSC-16" is a sample of the infringing Mini Trendy Teenz obtained by Dorrity.

31. SJ Berwin had obtained 4 full sized versions Trendy Teenz from Toy Depot UK on 25th March 2003 and sent a sample to Messrs. William W. L. Fan & Co. in end March 2003. Now produced and shown to me marked exhibit "LSC-17" is the said sample.

32. In the meantime, private investigators were instructed to conduct enquiries into the Defendant's infringing activities. I crave leave to refer to the Affirmation of Lam Yuen Chak of Kroll Fact Finders Limited dated 16th June 2003 and filed on behalf of the Plaintiffs.

33. On 4th April 2003, Mr. Erik Siersema of Hasbro, UK, the distributor of BRATZ dolls in Holland, wrote to Sandrine Raspide of MGA US disclosing to MGA US that they had encountered a "L'il Bratz knock off" called Designer Girls / Mini Trendy Teens with the name Toy Depot (Far East) Company in HK on the packaging and enquired about the "Bratz Knock Off products / protection".  Now produced and shown to me marked "LSC-18" is a copy of the said e-mail and "LSC-19" is a sample of Mini Trendy Teenz provided by Hasbro UK, the back of the packing bears two companies names, namely one "Kingsley Palge Plc" and one "Toy Depot (Far East) Company".

34. In reliance of what Mr. Connolly had said to Mr. Ray Black that he was able to procure undertakings from the Defendant and/or its directors, the Plaintiffs' solicitors in Hong Kong wrote to the Defendant on 6 May 2003 requesting a suitable undertaking from

12

Confidential - Attorney's Eyes Only

EXHIBIT _____ 13

PAGE _____ 113

MGA 0883931
EX 13691-0012

and had referred the matter to Mr. Ray Black of SJ Berwin, the UK lawyers of MGA US together with the samples. Now produced and shown to me marked "LSC-16" is a sample of the infringing Mini Trendy Teenz obtained by Dorrity.

31. SJ Berwin had obtained 4 full sized versions Trendy Teenz from Toy Depot UK on 25th March 2003 and sent a sample to Messrs. William W. L. Fan & Co. in end March 2003. Now produced and shown to me marked exhibit "LSC-17" is the said sample.

32. In the meantime, private investigators were instructed to conduct enquiries into the Defendant's infringing activities. I crave leave to refer to the Affirmation of Lam Yuen Chak of Kroll Fact Finders Limited dated 16th June 2003 and filed on behalf of the Plaintiffs.

33. On 4th April 2003, Mr. Erik Siersema of Hasbro, UK, the distributor of BRATZ dolls in Holland, wrote to Sandrine Raspide of MGA US disclosing to MGA US that they had encountered a "L'il Bratz knock off" called Designer Girls / Mini Trendy Teens with the name Toy Depot (Far East) Company in HK on the packaging and enquired about the "Bratz Knock Off products / protection". Now produced and shown to me marked "LSC-18" is a copy of the said e-mail and "LSC-19" is a sample of Mini Trendy Teenz provided by Hasbro UK, the back of the packing bears two companies names, namely one "Kingsley Paige Plc" and one "Toy Depot (Far East) Company".

34. In reliance of what Mr. Connolly had said to Mr. Ray Black that he was able to procure undertakings from the Defendant and/or its directors, the Plaintiffs' solicitors in Hong Kong wrote to the Defendant on 6 May 2003 requesting a suitable undertaking from

12

Confidential - Attorney's Eyes Only

EXHIBIT _____ 13

PAGE _____ 114

MGA 0883931
EX 13691-0012

the Defendant. Now produced and shown to me in a bundle marked "LSC-20" is a copy of the said letter. The Defendant's solicitors replied on 12 May 2003 requesting more time to take instructions.   The said letter is exhibited as "LSC-21". Correspondence was exchanged between the 2 firms, copies of which are all exhibited as "LSC-22". The end result of this series of correspondence was that the Defendant might have been alerted of an impending civil claim and refused to supply samples to the investigators. Accordingly, a writ was issued against the Defendant on 26 May 2003. However, if Mr. Connolly did not misrepresent that the Defendant was willing to give suitable undertakings, the writ would be issued against the Defendant sooner. The misrepresentation of Mr. Connolly lured the Plaintiff into a false sense of security.

35.   However, the investigations do show that the Defendant was still dealing in mini version of the Trendy Teenz which is a slavish copy of the mini version of Cloe down to the shoes and its snap on function. However, due to time constraints the Plaintiff has been unable to locate the copyright works relating to the shoes.  The facial decoration of the doll head design on the Bobble pen and Rocker Headz Bobbing Fashion doll is also a reproduction of the facial decoration of Cloe. I crave leave to refer to paragraph 9 of the Affirmation of Lam Yuen Chak on the Defendant's quotations.

36.   We have visited the Defendant's website again at www.doublegrand.com on 26th May 2003. The front page displayed some photographs of the Defendant's products including the Rocker Headz Bobblehead Fashion Dolls. Now produced and shown

13

Confidential - Attorney's Eyes Only

EXHIBIT ____ 12

DACE ___ 115

MGA 0883932
EX 13691-0013

to me marked "LSC-23" is the print-out of the web-site.

**BALANCE OF CONVENIENCE**

37. As already adverted to hereinabove, one of the main revenue streams of the BRATZ dolls are license fees. The demand and price of BRATZ licenses depend on the exclusivity and popularity of the product.

    (i)    The FOB value of Mini Trendy Teenz was US$0.86 each only, while the mini Bratz is sold at US$4.73. The quotations from the Defendant on the Mini Trendy Teenz, RockerHeadz Bobblehead Fashion Dolls and RockerHeadz Fashion Doll Bobble Pen also reflected that the infringing articles are cheap imitations of the Bratz dolls.

    (ii)    Bratz is popular because of its unique funky and sassy image. I also refer to paragraph 18 hereinbefore explaining the unique facial features of the dolls. The Trendy Teenz, RockerHeadz Bobblehead Fashion Dolls and RockerHeadz Fashion Doll Bobble Pen have copied BRATZ' image in particular the eyes and lips and will dilute the exclusivity and affect the image of the BRATZ dolls.

The continual sale of the cheap imitations will no doubt affect the demand of licenses and the prices that MGA US can command. Any dilution in exclusivity and diminution in value of license fee is a potential loss which can not be adequately compensated by damages. It is impossible to calculate the monetary loss in this regard.

    (iii)    Furthermore, Bandai UK, MGA US' licensee in the UK and Hasbro, MGA US' distributor in Holland have already lodged complaints to MGA US concerning the appearance of the infringing dolls on the markets. Now produced and

14

Confidential – Attorney's Eyes Only

EXHIBIT __13__

PAGE __116__

MGA 0883933
EX 13691-0014

shown to me marked "LSC-24" is an e-mail from Mr. Dorrity to Mr. Ray Black of SJ Berwin of 2nd June 2003. As shown in Dorrity's said e-mail, the continual sale of the cheap imitations would no doubt adversely affect the sales of BRATZ.

38. From the aforesaid e-mail from Mr. Dorrity of Bandai to Mr. Ray Black and from the e-mail from Mr. Erik Siersema of Hasbro as referred to above ("LSC-18"), the licensee and distributor of Bratz have expressed their deep concern about the status of Bratz knock off products protection. Thus, the appearance of the infringing Trendy Teenz dolls have already caused concern and if the Defendant is not stopped, MGA US's future bargaining power with Bandai UK and Hasbro would be affected. Bandai Inc. is one of the largest toy companies in the world and MGA US cannot afford to maintain a lesser bargaining position by reason of the appearance of cheap imitations. The will affect the terms of the distributorship when it comes up for renewal next year. Cheap imitations also affect the value of licence fees and such loss is irreparable and unquantifiable.

39. The targeted consumers of BRATZ dolls are girls aged between 4 and 14 years old. They may not all be savvy or mature enough to notice the Mini Trendy Teenz, full version trendy Teenz dolls, RockerHeadz Bobblehead Fashion Dolls and RockerHeadz Fashion Doll Bobble Pen are not of MGA US' manufacture. Many customers may have mistakenly thought this is an addition to the line of BRATZ dolls especially the Mini Trendy Teenz is of the same size as Little Bratz. Even without taking the aforesaid into account, it would be entirely a matter of guesswork to know how many sales of BRATZ dolls would have been made were it not for the

15

Confidential – Attorney's Eyes Only

EXHIBIT ___12___

PAGE ___117___

MGA 0883934
EX 13691-0015

Defendant's unlawful activities. It would be difficult, if not impossible, for MGA US to show any diminution in projected sales was attributable to infringing copies on the market.

40.   Since toy safety laws in the USA are very stringent, MGA HK had to conduct many safety, reliability and drop tests on the BRATZ dolls. There is no evidence that the Defendant did any of these tests to comply with US legislation. There is also no evidence to show that Mini Trendy Teenz, full version trendy Teenz dolls, RockerHeadz Bobblehead Fashion Dolls and RockerHeadz Fashion Doll Bobble Pen are available for sale in USA at retail level. However, this does not stop North American customers from purchasing these infringements through the web. Due to the apparent similarity between the toys, any accident caused by defective manufacture in USA or elsewhere e.g. maybe falsely attributed to BRATZ dolls and the Plaintiffs. Again this damage to reputation, especially to a new product is unquantifiable and irreparable.

41.   Since Toy Depot Ltd., the exclusive distributor of Trendy Teenz dolls in the UK, has agreed not to deal with the infringing dolls anymore and the Defendant has only just embarked on its unlawful activities, the balance of convenience would favour the grant of an injunction for any loss would be easily quantifiable by mould costs and limited advertising expenses incurred unlike on the other hand, the Plaintiffs' BRATZ dolls have appeared in the market for longer than the Defendant's dolls.

42.   As shown by the Defendant's annual return herein, it is an insubstantial company and its ability to pay damages is in doubt. On the other hand, as shown hereinabove

16

EXHIBIT ____13____

PAGE ____118____

MGA 0883935
EX 13691-0016

MGA US is a company doing business in a substantial way and it is able and willing

to give a cross-undertaking on damages.

Affirmed at *Messrs. C. L. Chow &*    )
*Mackson Chan, Solicitors,*    )
*Rooms 501-2, Heng Seng Building,*    )
*77 Des Voeux Road Central, H.K.*    )
this *8th* day of June 2003.    )

Before me,

Chan Yin Chee
Solicitor, Hong Kong BAR
Solicitor & Mackson Chan, Solicitors

This affirmation is filed for and on behalf of the 1st and 2nd Plaintiffs.

17

Confidential – Attorney's Eyes Only

EXHIBIT 13

PAGE 119

MGA 0883936
EX 13691-0017

# EXHIBIT 14

# THIS EXHIBIT IS FILED UNDER SEAL