QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>             Plaintiff,<br><br>      vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>             Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727<br><br>NOTICE OF MOTION AND MOTION OF MATTEL, INC. TO QUASH MGA TRIAL SUBPOENA ISSUED TO CUSTODIAN OF RECORDS;<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[Declaration of Cyrus S. Naim filed concurrently]<br><br>**Phase 1B**<br>Trial Date:   July 23, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that in Courtroom 1 of the above-captioned court located at 3470 Twelfth Street, Riverside, California, before the Honorable Stephen G. Larson, on a date and at a time to be determined by the Court, Mattel, Inc. ("Mattel") will, and hereby does, move the Court to quash the subpoena served by MGA Entertainment, Inc. ("MGA") on Mattel's custodian of records on July 31, 2008.

Mattel brings this motion pursuant to Rule 45 of the Federal Rules of Civil Procedure.

This Motion is based on this Notice of Motion and Motion, the Declaration of Cyrus S. Naim filed concurrently herewith, the records and files of this Court, all matters of which the Court may take judicial notice, and any other evidence and argument as may be presented at the hearing on the Motion.

DATED: August 7, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Jon D. Corey
　　Jon D. Corey
　　Attorneys for Mattel, Inc.

Case 2:04-cv-09049-DOC-RNB   Document 4229   Filed 08/07/08   Page 3 of 6   Page ID
 #:106091

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel, Inc. ("Mattel") respectfully requests that the Court quash the trial subpoena directed to its custodian of records ("the Subpoena"). The Subpoena seeks a witness to testify about BARBIE and BARBIE MY SCENE documents. But, in its ruling on Motion in Limine No. 9, the Court barred any reference to BARBIE. On that ground alone, the motion should be granted.

Separately, the Subpoena does not afford Mattel a reasonable amount of time to respond. In addition, the evidence MGA seeks to admit cannot be properly introduced through Mattel's corporate custodian. For all of these reasons, the Court should quash the Subpoena.

## Statement of Facts

On July 31, 2008, defendant MGA served a trial subpoena directed to Mattel's Custodian of Records, requesting that the Custodian "authenticate, identify, and testify as to the manner of keeping" forty-four separate trial exhibits.[1] The subpoena also includes an improper request for additional discovery beyond the discovery cut-off date in this case.[2] Mattel served objections to the Subpoena on August 7, 2008.[3]

---

[1] See Trial Subpoena of Custodian of Records, Mattel, Inc., and Attachment A thereto, dated July 31, 2008, attached as Exhibit 1 to the Declaration of Cyrus S. Naim, dated August 7, 2008 ("Naim Dec.") and filed concurrently herewith.
[2] See id. at Request Nos. 23 and 24.
[3] See Mattel, Inc.'s Objections to Custodian of Records Subpoena, dated August 7, 2008, Naim Dec., Exh. 2.

07209/2597181.1

-1-
MATTEL'S MOTION TO QUASH MGA TRIAL SUBPOENA

## Argument

### I. THE COURT EXCLUDED REFERENCES TO BARBIE, BUT THE CUSTODIAN OF RECORDS SUBPOENA SEEKS ONLY BARBIE-RELATED DOCUMENT

The 44 exhibits that MGA has subpoenaed relate to BARBIE and MY SCENE, and specifically the marketing of BARBIE and the BARBIE MY SCENE product.[4] They include documents like "My Scene Go Forward Strategy," "MY My Scene 360: Notes," "Girls Monthly Brand Tracking Study in the U.S.," "Barbie and Me Quantitative and Quantitative Test Report," and "Mattel Worldwide Consumer Research Memorandum."[5] These, and the other documents that MGA seeks a custodian to testify about, are BARBIE and BARBIE MY SCENE documents, as even a cursory review of these documents show (and any one of these is in the courtroom for the Court to review if it wishes). The Court barred this exact type of documents in connection with Motion in Limine Number 9. It could not have been more clear. "The Court is ruling that reference to Barbie is precluded."[6] On this ground alone, the subpoena should be quashed.

### II. THE CUSTODIAN OF RECORDS SUBPOENA DOES NOT PROVIDE MATTEL A REASONABLE AMOUNT OF TIME TO RESPOND

Rule 45(c)(3)(A)(i) of the Federal Rules of Civil Procedure expressly provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply."

Here, MGA served the Custodian of Records Subpoena on July 31, 2008, well-into trial and a mere five court days before the Subpoena's August 7, 2008 return date. MGA's belated attempt to compel testimony and further discovery

---

[4] Subpoena at 2-5, Naim Dec. Ex. 1.
[5] Id.
[6] July 21, 2008 Trial Tr. at 5276:6-10, Naim Dec. Exh. 4.

denies Mattel the reasonable time required under Rule 45(c)(3)(A)(i).  As such, the Subpoena is invalid and should be quashed.

## II. MATTEL'S CUSTODIAN OF RECORDS IS NOT A PROPER WITNESS FOR INTRODUCING THE EVIDENCE MGA SEEKS TO ADMIT

MGA's attempt to introduce thirty-four separate exhibits through Mattel's corporate custodian of records is improper.  The custodian does not possess personal knowledge regarding the exhibits, but rather will only testify as to whether or not the documents were regularly kept by Mattel in the course of a regularly conducted business activity.  Indeed, MGA's counsel has herself argued to the Court that a custodian of records' testimony is so limited:

> THE COURT:  What's your foundational objection?
> MS. AGUIAR:  We do not dispute the authenticity of this document, your Honor.  But this witness, if asked the question, has never seen this document before, doesn't know anything about this document, doesn't know how it was prepared, nor had any involvement in preparing the document.  He wasn't there --
> THE COURT:  Well, who did?  He is your designated Custodian of Records.
> MS. AGUIAR:  I understand that.  But a Custodian of Records is not -- I've looked at the cases on Custodian of Records, and Custodian of Records don't need to be the person who has personal knowledge of these documents.  He just said it came from MGA's files. . . . [7]

At most, the custodian can provide a foundation for a Fed. R. Evid. 803(6) business records exception to the hearsay rule.  See Fed. R. Evid. 803(6).  However, the majority of the exhibits MGA identifies in connection with the Subpoena are not regularly kept Mattel business records, and thus cannot qualify for the exception.  MGA successfully prevented Mattel from relying on a custodian of records to

---

[7]  June 24, 2008 Trial Tr. at 3565:18-3566:6, Naim Dec., Exh. 3.

1  introduce MGA business records.  MGA should be held to the same standard and
2  should not be permitted to rely solely on a Mattel custodian to admit a hodge-podge
3  of forty-four documents, many of which are not even Mattel business records.
4      This is especially true where MGA attempts to call such a custodian as its
5  first witness.  At best, a custodian of records should only be called at the end of
6  MGA's case as a housekeeping matter, to admit into evidence business records
7  MGA was unable to authenticate through other witnesses.  This is what Mattel has
8  done in its case, and what the Court has allowed.  If MGA wishes to question
9  witnesses regarding these documents, it can do so after they confirm that they can
10 authenticate them.  It should not be permitted to use a custodian of records subpoena
11 as a means to question witnesses about documents they have never seen.  As MGA
12 has argued, it is incumbent upon MGA to call witnesses for whom a proper
13 evidentiary foundation may be laid.  A custodian of records is not that witness.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court quash MGA's trial subpoena to Mattel's Custodian of Records.

DATED: August 7, 2008　　　　QUINN EMANUEL URQUHART OLIVER &
　　　　　　　　　　　　　　　HEDGES, LLP

　　　　　　　　　　　　　　　By /s/ Jon D. Corey
　　　　　　　　　　　　　　　　Jon D. Corey
　　　　　　　　　　　　　　　　Attorneys for Mattel, Inc.

07209/2597181.1

-4-
MATTEL'S MOTION TO QUASH MGA TRIAL SUBPOENA