EXHIBIT 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL        DISTRICT OF   CALIFORNIA

CARTER BRYANT, an individual, Plaintiff,

V.

MATTEL, INC., a Delaware corporation, Defendant

AND CONSOLIDATED ACTIONS

TO:

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV 04-09049 SGL (RNBx)
Consolidated with Case Nos. CV 04-9059 and
CV 05-2727

Custodian of Records, Mattel Inc., 333 Continental Blvd., El Segundo, CA 90245 (SEE ATTACHMENT "A")

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court | Hon. Stephen G. Larson - Ctrm. 1 |
| Central District of California, Eastern Division | DATE AND TIME |
| 3470 Twelfth Street, Riverside, CA 92501 | August 7, 2008 - 9:00 AM |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.   The deposition will be recorded by videotape and stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| USDC Central District of California, Eastern Division 3470 Twelfth Street, Riverside, CA 92501 | August 7, 2008 - 9:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jonathan D. Uslaner*    Atty for Counter Defendant MGA Ent. et al. | July 31, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jonathan D. Uslaner, Skadden, Arps, Slate, Meagher & Flom LLP, 300 S. Grand Ave., Los Angeles, CA 90071-3144 (213) 687-5000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT** 1
**PAGE** 2

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____

                           DATE                                  SIGNATURE OF SERVER

                                                                         ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT    1

PAGE    3

ATTACHMENT A

You are requested to authenticate, identify, and testify as to the manner of keeping of the following documents, things and/or tangible items:

1.   TX 1195RS (M0074307 – M0074430): Investigative File 02–115;

2.   TX 1286 (M0079797): 5–Apr–02 Email from Larry Clayton to Paul Cheung, among others, re: Glamermaids;

3.   TX 1805 (M0079765 – M0079771): 14–Nov–03 "The Bratz Brief";

4.   TX 1809 (M0086591 – M0086592): Memo: My Scene Go Forward Strategy;

5.   TX 1810 (M0086622 – M0086623): Memo: My Scene vs. Bratz Dolls – Competitive Analysis & Recommendations;

6.   TX 1811 (M0078511 – M0078512): My Scene & Bratz: What's Working & What's Not;

7.   TX 1812A (M0086631 – M0086676): 11–Aug–03 Presentation: My Scene Competitive Analysis;

8.   TX 1813 (M0079856 – M0079863): 15–Mar–03 Barbie Action Plan Notes;

9.   TX 1820 (M0082033): 12–Dec–03 Email from R. Arons to S. Robillard re: FW: MultiBrand Doll Line;

10.   TX 2108 (M0253478 – M0253479): 23–Sept–04 Email from M. Zablow re: Kohl's 2004 Tower Update;

11.   TX 2114 (M0082032): 5–Dec–03 Email from C. Park re: MGA's Best Friend Assortment;

12.   TX 4436 (M0155946 – M0155947): 24–Oct–02 My Scene 360. Notes: Vol. 6;

13.   TX 4585 (M0082065 – M0082065): 5–Nov–04 Worldwide Consumer Research Memorandum;

14.   TX 4994 (M0082159 – M0082168): 25–Aug–04 Memo re: Girls Monthly Brand Tracking Study in the U.S.;

EXHIBIT __1__
PAGE __4__

15. TX 5003 (M0079807 – M0079816): 3–Aug–05 Memo re: Girls Monthly Brand Tracking Study in the U.S.;

16. TX 5114 (M0747909 – M0747914): 13–Oct–03 Worldwide Consumer Research Memorandum;

17. TX 5117 (M0065305 – M0065305): Brand Comparison Chart;

18. TX 15664 (M0057471 – M0057472): Memo: My Scene Competitor Q and A;

19. TX 15676 (M0065497 – M0065538): 2004 Presentation: Barbie Retail Experience Presentation;

20. TX 15680 (M0065871 – M0065892): 30–Apr–04 Presentation: State of Girls Consumer Insights;

21. TX 15684 (M0066490 – M0066493): 5–Nov–04 Email: Barbie and Me Quantitative and Quantitative Test Report;

22. TX 15724 (M0078109 – M0078169): 2005 Presentation: Barbie My Scene Update;

23. TX 15740 (M0079806 – M0079806): 12–Sep–05 Mattel Worldwide Consumer Research Memorandum;

24. TX 15747 (M0080379 – M0080388): 4–Mar–05 Worldwide Consumer Research Memorandum;

25. TX 15754 (M0082200 – M0082216): 9–Mar–04 Worldwide Consumer Research Memorandum;

26. TX 15755 (M0082217 – M0082226): 22–Dec–04 Worldwide Consumer Research Memorandum;

27. TX 15757 (M0082296 – M0082306): 20–Oct–04 Worldwide Consumer Research Memorandum;

28. TX 15758 (M0082317 – M0082326): 3–Nov–04 Worldwide Consumer Research Memorandum;

EXHIBIT ___1___
PAGE ___5___

29. TX 15766 (M0087625 – M0087671): 27–Aug–03 Presentation: My Scene Competitive Overview;

30. TX 15775 (M0089605 – M0089624): 2–Aug–04 Presentation: My Scene Fall 2005 Presentation;

31. TX 15779 (M0090302 – M0090303): 15–Sep–03 Memo: My Scene 360 Meeting Minutes report;

32. TX 15785 (M0090696 – M0090697): 4–Sep–03 Memo: My Scene 360 Meeting Minutes;

33. TX 15788 (M0093289 – M0093314): Sep–05 Presentation: Barbie Board of Directors Update;

34. TX 15843 (M0110717 – M0110717): 2001 Tokyo Toy Fair Video;

35. TX 15862 (M0146971 – M0147019): Jul–02 Presentation: Findings Concept Potential of My Scene per Se and versus Competition;

36. TX 15869 (M0149032 – M0149032): 2–Sep–03 My Scene 360;

37. TX 15904 (M0155943 – M0155945): 17–Oct–02 My Scene 360 – Agenda: Vol. 5;

38. TX 16196 (M0738195 – M0738318): 6–Aug–02 Presentation: Barbie Final Recommendations Appendices;

39. TX 16199 (M0738433 – M0738519): 28–Jan–05 Worldwide Consumer Research Memorandum;

40. TX 16201 (M0738659 – M0738700): 14–Jul–04 Presentation: Barbie Business Update;

41. TX 16202 (M0738701 – M0738739): 20–Apr–05 Presentation: Project: Barbie Margin Makeover Presentation;

42. TX 18284 (M0049912 – M0049952): 17–Sep–04 Presentation: Barbie Business Update;

EXHIBIT __1__
PAGE ___6___

43.  TX 18286 (M0080091 – M0080100): 7–Jul–05 Girls Monthly Brand Tracking Study in the US;

44.  TX 18287 (M0080111 – M0080120): 10–Jun–05 Girls Monthly Brand Tracking Study in the US; and

45.  Any other trial exhibits in your possession custody, or control specifically identified by the MGA Parties at least twenty-four hours in advance of your examination.

EXHIBIT ___1___
PAGE ___7___

EXHIBIT 2

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:   (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

12                 Plaintiff,            Consolidated with
                                         Case Nos. CV 04-09059 & CV 05-2727
13          vs.
                                         MATTEL, INC.'S OBJECTIONS TO
14  MATTEL, INC., a Delaware             CUSTODIAN OF RECORDS
    corporation,                         SUBPOENA
15
                   Defendant.
16
17  AND CONSOLIDATED ACTIONS
18
19
20
21
22
23
24
25
26
27                                       EXHIBIT ___2___
28                                       PAGE ___8___

1      Plaintiff Mattel, Inc. ("Mattel") hereby objects to the Subpoena of the

2  Custodian of Records (the "Subpoena") served by defendant MGA Entertainment,

3  Inc. ("MGA"), as follows:

4

5                          **GENERAL OBJECTIONS**

6

7      Mattel generally objects to the Subpoena and to each of the Requests

8  specifically on each and every one of the following grounds, which are incorporated

9  into and made a part of Mattel's response to each and every individual specific

10  request:

11      1.    Mattel objects to the Subpoena on the grounds that it seeks to

12  impose obligations on Mattel that are greater than those required or permitted by the

13  Federal Rules of Civil Procedure and the Local Civil Rules of the United States

14  District Court for the Central District of California.

15      2.    Mattel objects to the Subpoena as untimely, as it was served in

16  the midst of trial and seeks to impose on Mattel discovery burdens beyond the

17  discovery cut-off date.

18      3.    Mattel objects to the Subpoena on the grounds that it does not

19  provide a reasonable amount of time to respond.

20      4.    Mattel objects to the Subpoena on the grounds that it is

21  overbroad, unduly burdensome and oppressive.

22      5.    Mattel objects to the Subpoena as vague and ambiguous.  The

23  document requests attached to the Subpoena fail to describe the requested

24  documents with reasonable particularity.

25      6.    Mattel objects to the Subpoena on the grounds that it seeks

26  information that is not relevant to the subject matter of this action or reasonably

27  calculated to lead to the discovery of admissible evidence, including information

28  that is not relevant to Phase 1B of this trial and that has been precluded from

EXHIBIT    2

PAGE       9

-2-

OBJECTIONS TO CUSTODIAN OF RECORDS SUBPOENA

1   admission by rulings on motions in limine, including but not limited to Mattel's

2   Motion in Limine No. 9, in which the Court excluded any reference to Barbie from

3   Phase 1B.

4          7.    Mattel objects to the Subpoena on the grounds that it purports to

5   demand information subject to the attorney-client privilege, the attorney work

6   product doctrine, and other applicable privileges.  Such information will not be

7   produced.

8          8.    Mattel objects to the Subpoena on the grounds that it calls for

9   production or disclosure of confidential and/or proprietary information.  Such

10   information and documents will not be produced except pursuant to and in reliance

11   upon the Protective Order entered in this action.

12          9.    Mattel objects to the Subpoena on the grounds that it is

13   duplicative of prior discovery already served by MGA.  Mattel will not reproduce

14   documents which it has previously produced in this action, nor will Mattel produce

15   originals of any previously produced document unless MGA identifies any dispute

16   as to authenticity.  Mattel understands that the trial exhibits identified are present in

17   the courtroom.

18         10.    Mattel objects on the grounds that a custodian of records

19   subpoena is an improper method to introduce inadmissible evidence at trial.

20         11.    Mattel objects on the grounds that certain of the requests seek

21   discovery after the close of the discovery cut-off date.

22         12.    Mattel objects on the grounds that the use of a custodian or

23   record to admit records before MGA calls a single witness in this case.

24         13.    Mattel reserves any and all objections to the admissibility of any

25   document identified or sought in Attachment A to the Subpoena.

26

27

28

EXHIBIT ___2___

PAGE ___10___

07209/2557891.1

-3-

OBJECTIONS TO CUSTODIAN OF RECORDS SUBPOENA

**SPECIFIC OBJECTIONS**

REQUEST NO. 45:

Any documents, things, and/or tangible items in your possession, custody or control specifically identified by the MGA Parties at least twenty-four hours in advance of your examination.

OBJECTIONS TO REQUEST NO. 45:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it may call for documents and information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is vague and ambiguous, and not reasonably particularized. Mattel further objects to this Request on the grounds that it may seek information or documents that were prepared in anticipation of litigation or are protected by the attorney-client privilege or work product doctrine. Mattel further objects to this Request on the ground that it does not provide sufficient time to respond. Additionally, Mattel will produce originals of any document sought by this Request unless MGA identifies any dispute as to authenticity.

DATED:  August 7, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By_____
    Jon D. Corey
    Attorneys for Mattel, Inc.


EXHIBIT ___2___
PAGE ___11___

07209/2557891.1

-4-

OBJECTIONS TO CUSTODIAN OF RECORDS SUBPOENA

**quinn emanuel**

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Quinn, Emanuel,

3 Urquhart, Oliver & Hedges, LLP 865 S. Figureoa Street, Los Angeles, CA 90017.

4      On August 7, 2008, I served true copies of the following document(s) described as

5 **1.    MATTEL, INC.'S OBJECTIONS TO CUSTODIAN OF RECORDS SUBPOENA**

6      on the parties in this action as follows:

7      Thomas J. Nolan
       **Skadden, Arps, Slate, Meageher & Flom**
8      **LLP**
       **Mission Inn**
9      3649 Mission Inn Avenue
       Riverside, CA 92501

10

11

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)
12 being served.

13      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14

15      Executed on August 7, 2008, at Los Angeles, California.

16

17                                                    Shanda L. Conners

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___2___
PAGE ___12___

EXHIBIT 3

3469

1        UNITED STATES DISTRICT COURT

2        CENTRAL DISTRICT OF CALIFORNIA

3                    ---

4    **HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING**

5                    ---

6  MATTEL, INC.,                    :   PAGES 3469 - 3588
                                    :
7             PLAINTIFF,            :
                                    :
8       VS.                         :   NO. ED CV04-09049-SGL
                                    :   [CONSOLIDATED WITH
9  MGA ENTERTAINMENT, INC.,         :   CV04-9059 & CV05-2727]
   ET AL.,                          :
10                                  :
              DEFENDANTS.           :
11 _____

12

13

14

15      REPORTER'S TRANSCRIPT OF PROCEEDINGS

16           RIVERSIDE, CALIFORNIA

17         TUESDAY, JUNE 24, 2008

18          JURY TRIAL - DAY 17

19            MORNING SESSION

20

21

22                      MARK SCHWEITZER, CSR, RPR, CRR
                        OFFICIAL COURT REPORTER
23                      UNITED STATES DISTRICT COURT
                        181-H ROYBAL FEDERAL BUILDING
24                      255 EAST TEMPLE STREET
                        LOS ANGELES, CALIFORNIA 90012
25                      (213) 663-3494

CERTIFIED
COPY

EXHIBIT ___3___
PAGE ___13___

3588

1

2

3

4

5

6

7

8

9

10                     C E R T I F I C A T E

11

12

13          I hereby certify that pursuant to Title 28,

14   Section 753 United States Code, the foregoing is a true and

15   correct transcript of the stenographically reported

16   proceedings in the above matter.

17          Certified on June 24, 2008.

18

19

20   MARK SCHWEITZER, CSR, RPR, CRR
     Official Court Reporter
21   License No. 10514

22

23

24

25

EXHIBIT ___3___
PAGE ___14___

3470

```
 1   Appearances of Counsel:

 2

 3   On Behalf of Mattel:

 4       Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
         By John B. Quinn, Esq.
 5           B. Dylan Proctor, Esq.
             Michael T. Zeller, Esq.
 6           Harry Olivar, Esq.
             John Corey, Esq.
 7           Diane Hutnyan, Esq.
             William Price, Esq.
 8       855 South Figueroa Street
         10th Floor
 9       Los Angeles, CA 90017
         (213) 624-7707
10

11

12   On Behalf of MGA Entertainment:

13       Skadden, Arps, Slate, Meagher & Flom LLP
         By Thomas J. Nolan, Esq.
14           Carl Alan Roth, Esq.
             Jason Russell, Esq.
15           Lauren Aguiar, Esq.
             David Hansen, Esq.
16           Matthew Sloan, Esq.
             Robert Herrington, Esq.
17       300 South Grand Avenue
         Los Angeles, CA 90071-3144
18       (213) 687-5000

19

20

21

22

23

24

25
```

EXHIBIT ___3___
PAGE ___16___

3563

1   from your deposition talked about having someone do

2   something, quote, to show you their skills, end quote.  And

3   is that something that typically happens as part of an

4   interview process, you expect them to show you drawings or

5   other works that they have done of some kind?

6   **A.**  Well, prospective candidates would definitely bring a

7   portfolio.  We look through their portfolio.  If they are

8   from a different industry or if they are fresh out of school

9   or something like that, we may very well ask them to do a

10   little test project.

11   **Q.**  And have you ever -- did you ask Mr. Bryant to do such a

12   thing while he was employed by another company?

13         MR. NOLAN:  Asked and answered.

14         THE COURT:  Overruled.

15         THE WITNESS:  I don't believe so, no.

16   **Q.**  BY MR. ZELLER:  Have you ever asked anyone who was

17   working for a competing toy company at the time to do

18   anything like that and paid them for it?

19   **A.**  No.

20         MR. ZELLER:  I have nothing further.

21         MR. NOLAN:  Very quickly.

22         **FURTHER RECROSS-EXAMINATION**

23   BY MR. NOLAN:

24   **Q.**  Ms. Park, have you ever hired another designer from

25   another toy company?

EXHIBIT 3
PAGE 16

3564

1          MR. ZELLER:  Relevance.

2          THE COURT:  Overruled.

3          THE WITNESS:  I'm sure we have, yes.

4          MR. NOLAN:  Nothing further, thank you.

5          THE COURT:  Anything further?

6          MR. ZELLER:  No, your Honor.

7          THE COURT:  All right.  You are excused, ma'am.

8          MR. QUINN:  Your Honor, the next witness would be

9    Craig Holden, a Custodian of Records designated by MGA.

10         THE CLERK:  Raise your right hand.

11                    **CRAIG HOLDEN, SWORN.**

12         THE CLERK:  Thank you.  Please be seated.

13         Please state your full name for the record, and

14   spell the last name.

15         THE WITNESS:  Craig Holden, H-O-L-D-E-N.

16         THE CLERK:  Thank you.

17                    **DIRECT EXAMINATION**

18   BY MR. QUINN:

19   **Q.**   Good morning, Mr. Holden.

20   **A.**   Good morning.

21   **Q.**   It's my understanding that you're the one that got the

22   lucky assignment of being designated Custodian of Records,

23   responding with documents we subpoenaed from MGA?

24   **A.**   Yes.

25   **Q.**   You're a lawyer employed by MGA?

EXHIBIT __3__
PAGE __17__

3565

1   A.   That's correct.

2   Q.   There should be a black binder up there.  And the first

3   document is tabbed 1932.

4   A.   Okay.

5   Q.   And you recognize this as a document that was produced

6   in this case by MGA?

7   A.   It does have an MGA Bates number on it.

8           MR. QUINN:  I offer this in evidence, your Honor.

9           MS. AGUIAR:  Objection, your Honor.  Lack of

10  foundation.

11          MR. QUINN:  There's no dispute about the

12  authenticity, your Honor.

13          THE COURT:  Counsel?

14          MS. AGUIAR:  I don't know -- do you want to do this

15  at sidebar?

16          THE COURT:  Sure.

17          **(SIDEBAR CONFERENCE HELD.)**

18          THE COURT:  What's your foundational objection?

19          MS. AGUIAR:  We do not dispute the authenticity of

20  this document, your Honor.  But this witness, if asked the

21  question, has never seen this document before, doesn't know

22  anything about this document, doesn't know how it was

23  prepared, nor had any involvement in preparing the document.

24  He wasn't there --

25          THE COURT:  Well, who did?  He is your designated

EXHIBIT ___3___
PAGE ___18___

3566

1    Custodian of Records.

2              MS. AGUIAR:  I understand that.  But a Custodian of

3    Records is not -- I've looked at the cases on Custodian of

4    Records, and Custodian of Records don't need to be the person

5    who has personal knowledge of these documents.  He just said

6    it came from MGA's files.  I had an e-mail exchange with

7    Mr. Zeller specifically telling him who the witness was who

8    this document could come in through.  And I identified that

9    witness as Daphne Gronich.  We gave him a date for

10   Ms. Gronich, and she's prepared to testify about this

11   document.  But this witness, other than saying it has a Bates

12   number on it and agreeing to authenticate --

13             THE COURT:  You're calling Ms. Gronich; correct?

14             MR. QUINN:  We are.  But it should come into

15   evidence.  I've got a live witness.  It's relevant.  There

16   was a motion in limine that was overruled.  I should be able

17   to offer it into evidence and publish it.

18             THE COURT:  What about these other exhibits?  Are

19   there similar objections?

20             MS. AGUIAR:  Yes, there are.  Because again, first

21   of all, this is an exhibit, Exhibit No. 5561, that has a

22   Bates stamp with a prefix KMW/M.  So that's not even an MGA

23   Bates number.  So I don't know what we can -- what this

24   document custodian from MGA can say about that document, and

25   it's from O'Melveny to another law firm concerning Veronica

EXHIBIT    3
PAGE    19

3567

1   Marlow.

2          And then the last one in the binder, 10034, is MGA,

3   but I would -- I have objections to that based on relevance

4   and 403 and your Honor's ruling this morning.

5          THE COURT:  Well, let's go back to this O'Melveny &

6   Myers document.  You're saying this is not an MGA document?

7          MR. QUINN:  It's not produced by MGA, your Honor,

8   but he supervised this litigation.  He knows that O'Melveny

9   has represented MGA.  The only fact in there that we wanted

10  was that MGA is paying for the Marlows' representation.

11         THE COURT:  This is -- Ms. Gronich can testify to

12  this?

13         MR. QUINN:  Ms. Gronich can testify to that,

14  presumably.

15         THE COURT:  What's the relevance of this?

16         MR. QUINN:  This is one of the three women

17  working --

18         THE COURT:  Okay.

19         MR. QUINN:  -- her employment application to MGA.

20  She said she did the first patterns for the first released

21  Bratz dolls.

22         MS. AGUIAR:  But my objections on this document are

23  along the lines of what I'm going to immediately object to

24  when Peter Marlow takes the stand.  First of all, this

25  document, the date is hard to see, but it's a date in 2003,

EXHIBIT ___3___
PAGE ___20___

3568

1   which is well outside the relevant time period, and there is

2   no foundation or relevance for this document coming in

3   because a predicate for this document coming in is MGA having

4   knowledge that this, at the relevant time, this employee

5   worked simultaneously for Mattel and the Marlows.  And that

6   has not been established.

7         MR. QUINN:  Your Honor, I can't get that through

8   the Marlows.  I've got a witness on the stand who can

9   authenticate this document as being the employment

10  application.  And there is no dispute about the authenticity.

11        THE COURT:  This is what I'm going to do on this.

12  We're going to conditionally admit this.  Let's go through

13  the Peter Marlow deposition and see how that plays out.  And

14  the Court will rule on relevance.  But this is a witness who

15  can lay the foundation for this document.

16        MS. AGUIAR:  Right.  But I mean -- and I have

17  relevance and 403 objections to this document.

18        THE COURT:  Okay.  I'm going to overrule --

19        MS. AGUIAR:  Because Mr. --

20        THE COURT:  That's why I'm going to say

21  conditionally.  If Mr. Marlow doesn't say that, it comes out.

22  Let's use Ms. Gronich to get the other two documents in.

23        MR. QUINN:  All right, your Honor.

24        **(CONCLUSION OF SIDEBAR CONFERENCE.)**

25  Q.   BY MR. QUINN:  Mr. Holden, if you'd turn, please, to the

EXHIBIT  3

PAGE  21

EXHIBIT 4

5216



1    UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA

3    EASTERN DIVISION

4    - - -

5    HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6    - - -

7    MATTEL, INC.,                    )
                                      )
8                    PLAINTIFF,       )
                                      )
9         VS.                         )    NO. CV 04-09049
                                      )
10   MGA ENTERTAINMENT, INC., ET. AL., )
                                      )
11                   DEFENDANTS.      )    CONTINUED BENCH
     _____)    CONFERENCE
12   AND CONSOLIDATED ACTIONS,        )    PAGES 5216-5323
     _____)

13

14

15           REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                  RIVERSIDE, CALIFORNIA

17                 MONDAY, JULY 21, 2008

18                      4:04 P.M.

19

20

21

22

23            THERESA A. LANZA, RPR, CSR
         FEDERAL OFFICIAL COURT REPORTER
24          3470 12TH STREET, RM. 134
         RIVERSIDE, CALIFORNIA  92501
25              951-274-0844
            WWW.THERESALANZA.COM

**CERTIFIED COPY**

EXHIBIT 4
PAGE 22

5217

```
 1   APPEARANCES:

 2

 3   ON BEHALF OF MATTEL, INC.:

 4                       QUINN EMANUEL
                         BY:   JOHN QUINN
                               JON COREY
 5                             MICHAEL T. ZELLER
                               DYLAN PROCTOR
 6                       865 S. FIGUEROA STREET,
                         10TH FLOOR
 7                       LOS ANGELES, CALIFORNIA  90017
                         213-624-7707
 8

 9

10   ON BEHALF OF MGA ENTERTAINMENT:

11                       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
12                       BY:   THOMAS J. NOLAN
                               JASON RUSSELL
13                             LAUREN AGUIAR
                         300 SOUTH GRAND AVENUE
14                       LOS ANGELES, CALIFORNIA  90071-3144
                         213-687-5000
15

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT __4__
PAGE __23__

MONDAY, JULY 21, 2008                    CONTINUED BENCH CONFERENCE (TELEPHONIC

5218

```
1                        I N D E X

2                                              PAGE

3  CONTINUED BENCH CONFERENCE

4  (TELEPHONIC)...............................    5219

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT ___4___
PAGE ___∂4___

1    THERE ARE OTHER EXAMPLES ABOUT HOW MATTEL VIEWS THE

2  IMPORTANCE OF PACKAGING, OF FASHIONS; ALL OF THESE FACTORS THAT

3  WE THINK ARE CRUCIAL TO OUR APPORTIONMENT OF THE CASE; AND WE

4  SIMPLY WANT TO POINT OUT THAT THOSE FACTORS THAT WE BELIEVE ARE

5  IMPORTANT, VIS-À-VIS BRATZ, MATTEL BELIEVES THEY ARE IMPORTANT          05:34

6  VIS-À-VIS BOTH BRATZ AND THEIR OTHER DOLLS, INCLUDING BARBIE.

7        **THE COURT:**  THIS ARGUMENT YOU'RE MAKING NOW IS NOT

8  THE ARGUMENT YOU SET FORTH IN YOUR OPPOSITION TO THE MOTION

9  *IN LIMINE.*

10        WHAT I'M REJECTING AND WHAT I'M GRANTING IS THE             05:34

11  MOTION *IN LIMINE* FOR USE OF BARBIE IN ANY OF THE CONTEXT

12  THAT --

13        (BRIEF TECHNICAL PROBLEMS.)

14        **MR. QUINN:**  I THINK WE JUST LOST JUDGE LARSON.

15        **THE CLERK:**  I THINK WE MIGHT NEED HIM.                 05:35

16        HOLD ON ONE MOMENT.

17        (RESUMING WITH PROCEEDINGS.)

18        **THE COURT:**  THIS IS JUDGE LARSON.

19        IS EVERYONE STILL THERE?

20        **MR. QUINN:**  YES.                                       05:35

21        **MR. NOLAN:**  YES.

22        **THE COURT:**  I GUESS I GOT CUTOFF.

23        I DON'T KNOW WHERE I CUT OUT.  I WAS SPEAKING WITH

24  MR. ROTH, INDICATING THAT WHAT HE JUST SET FORTH WAS NOT WHAT

25  WAS SET FORTH IN MOTION IN LIMINE NUMBER NINE.                   05:36

EXHIBIT  4
PAGE ___ 25

IONDAY, JULY 21, 2008                    CONTINUED BENCH CONFERENCE (TELEPHONIC

1          I WILL HEAR MATTEL'S RESPONSE TO THIS PARTICULAR USE

2     OF EVIDENCE RELATED TO BARBIE.

3          **MR. COREY:**  YOUR HONOR, I THINK WHAT MR. ROTH

4     ARTICULATED REALLY ISN'T THAT DISSIMILAR FROM WHAT WAS IN THEIR

5     PAPERS BEFORE, AND I THINK IT RUNS SQUARELY INTO THE TEETH OF          05:36

6     THE CONCERN THAT THE COURT IDENTIFIED; THAT BARBIE IS A VERY

7     BIG BRAND WITH A LOT OF PRODUCT, AND TO THE EXTENT WE START

8     INTRODUCING THAT IN FRONT OF THE JURY, WE ARE GOING TO HAVE

9     SIGNIFICANT 403 PROBLEMS.

10          I THINK MR. ROTH STATED CLEARLY THAT AT LEAST          05:36

11     ACCORDING TO MGA, MGA DOES, WITH RESPECT TO BRATZ, WHAT BARBIE

12     DOES WITH RESPECT TO MATTEL; SO THERE SHOULDN'T BE ANY

13     PREJUDICE HERE.

14          MR. ROTH CAN GO AHEAD AND RELY ON THAT INFORMATION

15     FROM MGA IF HE WANTS TO MAKE WHATEVER POINTS HE THINK HE NEEDS          05:36

16     TO MAKE WITH RESPECT TO APPORTIONMENT.

17          **MR. ROTH:**  OBVIOUSLY, THE EXTENT TO WHICH MATTEL DOES

18     IT CONFIRMS THE IMPORTANCE OF THAT CONSIDERATION.  WHAT WE NEED

19     TO DO IS CONVINCE THE JURY THAT THINGS LIKE, YOU KNOW, THEMES

20     AND PACKAGING ARE IMPORTANT.  THE FACT THAT WE THINK IT'S          05:37

21     IMPORTANT, OBVIOUSLY THAT WEIGHS IN, BUT THE FACT THAT MATTEL,

22     VIS-À-VIS BARBIE OR MY SCENE OR WHATEVER FASHION DOLL THEY

23     THINK IS IMPORTANT AS WELL, WE THINK ALSO CONFIRMS OUR

24     ARGUMENTS.  AND OBVIOUSLY WE UNDERSTAND AND WE HAVE TIME AND

25     STRENGTHS, AND WE'LL USE OUR TIME AS WE DEEM APPROPRIATE, GIVEN          05:37

EXHIBIT __9__

PAGE __96__

MONDAY, JULY 21, 2008                    CONTINUED BENCH CONFERENCE (TELEPHONIC

5276

```
 1   THE COURT'S GUIDANCE.  BUT WE THINK THAT WE JUST CANNOT BE
 2   PROHIBITED FROM MAKING ANY KIND OF REFERENCE TO BARBIE IN
 3   CONNECTION WITH OUR APPORTIONMENT CASE.
 4            THE COURT:  WELL, THIS GETS INTO A DIFFERENT LIGHT,
 5   AND I WILL GIVE YOU LEAVE TO -- LET'S RAISE THIS WITH THE COURT     05:38
 6   BEFORE WE GO DOWN THIS ROAD.  I'M RULING ON THE MOTION
 7   IN LIMINE AS IT'S PRESENTED TO THE COURT, AND FOR THE PURPOSES
 8   SET FORTH BY MGA IN ITS OPPOSITION TO THAT MOTION IN LIMINE,
 9   THE COURT IS RULING THAT REFERENCE TO BARBIE IS PRECLUDED.  AND
10   THAT'S ALL I'M RULING AT THIS POINT.                                05:38
11            MR. NOLAN:  YOUR HONOR, A LOT OF THE ISSUES THAT
12   TRIGGERED, I THINK, THE MOTION NUMBER NINE BY MATTEL AROSE OUT
13   OF THE EXPERT REPORT OF MARY BERGSTEIN WHICH WE HAD EARLIER
14   INDICATE WE WERE WITHDRAWING.
15            THE COURT:  VERY WELL.                                     05:38
16            ANY QUESTIONS FROM MATTEL?
17            MR. QUINN:  NO, YOUR HONOR.
18            THE COURT:  THE ONE CAVEAT I'D ISSUE TO MATTEL -- I
19   HAD CERTAINLY INTENDED TO KEEP A LOT OF THE STUFF THAT WE ENDED
20   UP GETTING INTO IN THE FIRST PHASE OUT, BUT A LOT OF THAT WAS       05:38
21   OPENED UP TO BY MATTEL; SO I WANT TO MAKE THE SAME WARNING
22   AGAIN.
23            MATTEL CAN CERTAINLY UNDO, AND MGA, OF COURSE, CAN
24   UNDO THE SAME THING; ANY OF THESE RULINGS IN YOUR RESPECTIVE
25   FAVORS CAN BE UNDONE BY STATEMENTS MADE IN OPENING STATEMENT OR     05:39
```

EXHIBIT ___4___
PAGE ___87___

5277

1   EVIDENCE INTRODUCED IN YOUR CASE IN CHIEF; SO JUST KEEP THAT IN

2   MIND.

3            MATTEL'S MOTION IN LIMINE NUMBER 11, I THINK THIS WAS

4   MR. GRUCA.   I AM FAMILIAR WITH THE SURVEY AT ISSUE HERE; THIS

5   IS THE ONLINE SURVEY BY BRAND WEAR RESEARCH.   AND THEN IF THIS        05:39

6   COMES IN, MATTEL IS SEEKING THE KIVETZ SURVEY.

7            IS THAT CORRECT?

8       MR. KIDMAN:   YES, YOUR HONOR.

9            I WOULD LIKE TO RAISE, YOUR HONOR, THAT IN LIGHT OF

10   YOUR RULING WITH RESPECT TO CAROL SCOTT, OUR POSITION               05:39

11   PREVIOUSLY WAS THE GRUCA SURVEY SHOULD NOT COME IN BECAUSE IT

12   WAS AN IMPROPER REBUTTAL TO PROFESSOR SCOTT.   IN LIGHT OF YOUR

13   RULING THIS AFTERNOON THAT MS. SCOTT CAN'T SPEAK TO BRATZ, IT'S

14   CLEAR THAT THE GRUCA SURVEY IS COMPLETELY IMPROPER REBUTTAL TO

15   MS. SCOTT.   IN HIS REPORT HE SAID HE WAS REBUTTING STATEMENTS       05:40

16   MADE BY MS. SCOTT IN PARAGRAPH 12 OF HER INITIAL REPORT.   IN

17   THAT PARAGRAPH, MS. SCOTT TALKS ABOUT THE BRATZ DOLL, MGA'S

18   SUCCESS OF THE BRATZ DOLL DUE TO THE DESIGN AND APPEARANCE OF

19   THE DOLL; SO I THINK IT'S CLEAR, IN LIGHT OF YOUR RULINGS

20   TODAY, THAT MR. GRUCA WOULD BE IMPROPER REBUTTAL TO MS. SCOTT.      05:40

21       THE COURT:   IS THERE SOMEONE FROM MGA WHO WANTS TO

22   SPEAK TO THIS.

23            I KNOW YOU DIDN'T HAVE THE BENEFIT OF MY RULING ON

24   MS. SCOTT WHEN YOU WERE MAKING THIS; SO WHAT IS THE ANALYSIS

25   FROM MGA'S PERSPECTIVE?                                             05:41

EXHIBIT ___4___
PAGE ___28___

5323

| | |
|---|---|
| 1 | CERTIFICATE |
| 2 | |
| 3 | I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED |
| | STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF |
| 4 | THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE- |
| | ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN |
| 5 | CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF |
| | THE UNITED STATES. |
| 6 | |
| 7 | |
| 8 | THERESA A. LANZA, CSR, RPR          DATE |
| | FEDERAL OFFICIAL COURT REPORTER |
| 9 | |

_1-23-08_

DATE

EXHIBIT ___4___
PAGE ___29___