QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727<br><br>**MATTEL, INC.'S SUPPLEMENTAL RESPONSE TO MGA'S MOTION FOR CLARIFICATION OR RECONSIDERATION OF THE COURT'S JULY 24, 2008 ORDER CONCERNING SCOPE OF COPYRIGHT PROTECTION**<br><br>**Phase 1B**<br>Trial Date:   July 23, 2008 |

## Preliminary Statement

Defendants contend that they are entitled to present evidence regarding how and why they made purported changes to Bryant's designs during the Bratz' dolls development process and their efforts in producing manufacturable dolls. Such evidence is not relevant to either substantial similarity or damages.

In determining substantial similarity, the trier of fact compares the plaintiff's work with the allegedly infringing work. How or why the defendant made changes in preparing the infringing work, or how much labor or creativity the defendant put into preparing the accused work, is not relevant to infringement analysis. Nor are defendants' purported efforts or creative contributions to the Bratz dolls relevant to damages issues. Settled precedent holds that apportionment of profits is improper where the infringing and non-infringing elements in the defendant's work cannot be readily separated. Here, there is competent evidence that MGA's profits are not attributable to any specific feature of the design of the Bratz dolls, such as eye, nose or lip design. Thus, even if defendants contributed additional expressive features to the Bratz dolls, it would be immaterial to apportionment.

The Court should also exclude evidence regarding defendants' purported creative input pursuant to Rule 403 since it would unfairly prejudice Mattel and risk jury confusion. While such testimony is of little to no relevance, it threatens to erroneously cause the jury to magnify trivial differences in works and inappropriately focus on the extent of additional material in defendants' works, contrary to legal standards of substantial similarity. It also would suggest that Mattel seeks to seize MGA's employees' work, which in turn would confuse the jury and create improper sympathy.

07209/2597166.1

1

Case No. CV 04-9049 SGL (RNBx)
SUPPLEMENTAL RESPONSE TO MOTION FOR CLARIFICATION OR RECONSIDERATION OF JULY 24, 2008 ORDER

## Argument

### I. THE PROFFERED TESTIMONY IS IRRELEVANT TO SUBSTANTIAL SIMILARITY

In deciding substantial similarity, the trier of fact compares solely the works at issue, and not the process by which the defendant created the accused work. Therefore, the jury need only compare Bryant's drawings and the Bratz dolls to render its findings concerning substantial similarity. *E.g., Moore v. Columbia Pictures Indus., Inc.*, 972 F.2d 939, 945 (8th Cir. 1992) (plaintiff must "establish a substantial similarity between his work and the alleged copy."); *Integral Systems, Inc. v. Peoplesoft, Inc.*, 1991 WL 498874, at *6 (N.D. Cal. 1991) (same).

The Bryant drawings' relative contribution to the dolls, or defendants' purported contribution to the doll development process, are irrelevant to this standard. Under black-letter copyright law, infringement is determined by whether a substantial portion of the copyright owner's work was taken, not by whether the copied material constitutes a substantial portion of defendant's work or by what else the copier's work contains. *Worth v. Selchow & Righter Co.*, 827 F.2d 569, 570 n. 1 (9th Cir. 1987) ("[T]he relevant inquiry is whether a substantial portion of the protectable material in the plaintiff's work was appropriated--not whether a substantial portion of defendant's work was derived from plaintiff's work."); *Warner Bros., Inc. v. American Broadcasting Cos., Inc.*, 720 F.2d 231, 241 (2d Cir. 1983); 4 Nimmer, NIMMER ON COPRIGHT, § 13.03[A][2], at 13-46 ("The question in each case is whether the similarity relates to matter that constitutes a substantial portion of plaintiff's work-not whether such material constitutes a substantial portion of defendant's work."). This rule is expressed by the classic formulation that "a taking may not be excused merely because it is insubstantial with respect to the infringing work .... '[N]o plagiarist can excuse the wrong by showing how much of his work he did not pirate.'" *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S.

07209/2597166.1

2

Case No. CV 04-9049 SGL (RNBx)
SUPPLEMENTAL RESPONSE TO MOTION FOR CLARIFICATION OR RECONSIDERATION OF JULY 24, 2008 ORDER

539, 565 (1985) (quoting *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (2d Cir. 1936)).  The law requires that the focus in the substantial similarity analysis be on plaintiff's work "because a contrary rule that measured the significance of the copied segment in the defendant's work would allow an unscrupulous defendant to copy large or qualitatively significant portions of another's work and escape liability by burying them beneath non-infringing material in the defendant's own work, even where the average audience might recognize the appropriation."  *Newton v. Diamond*, 388 F.3d 1189, 1195 (9th Cir. 2004).  *See also Baxter v. MCA, Inc.*, 812 F.2d 421, 425 (9th Cir. 1987) ("Even if a copied portion be relatively small in proportion to the entire work, if qualitatively important, the finder of fact may properly find substantial similarity."); *Stromback v. New Line Cinema*, 384 F.3d 283, (6th Cir. 2004) (same); *Mattel, Inc. v. Goldberger Doll Mfg. Co.*, 365 F.3d 133, 137 n.4 (2d Cir. 2004) ("Nor can one who copies portions of a work protected by copyright escape liability by changing other portions.").

Also irrelevant to the infringement analysis is defendants' efforts and purported creativity in translating Bryant's drawings into three-dimensional form.  *Whelan Associates, Inc. v. Jaslow Dental Laboratory, Inc.*, 797 F.2d 1222 (3d Cir. 1986), illustrates the point.  There, the defendant emphasized its independent efforts in creating the allegedly infringing work.  The Court of Appeals rejected the argument.

> ***[T]he fact that it will take a great deal of effort to copy a copyrighted work does not mean that the copier is not a copyright infringer.***  The issue in a copyrighted case is simply whether the copyright holder's expression has been copied, ***not how difficult it was to do the copying.***
> Whether an alleged infringer spent significant time and

07209/2597166.1

3

Case No. CV 04-9049 SGL (RNBx)
SUPPLEMENTAL RESPONSE TO MOTION FOR CLARIFICATION OR RECONSIDERATION OF JULY 24, 2008 ORDER

|  |  |
|---|---|
| 1 | effort to copy an original work is therefore irrelevant to |
| 2 | whether he has pirated the expression of an original work. |

*Id.*, at 1237 (emphasis added).  Or, as the D.C. Circuit has put it, "the question" in evaluating substantial similarity "is whether [defendant's] end product (his revised design) is substantially similar to [plaintiff's]**, not how it got that way.**" *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1300 (D.C. Cir. 2002) (emphasis added). *Cf. Morris Communications Corp., v. PGA Tour, Inc.*, 364 F.3d 1288, 1297 (11th Cir. 2004) ("Morris refers to this distinction as PGA's 'sweat of the brow' defense and correctly states that it is not a defense in a copyright case."); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 359-60, 111 S.Ct. 1282, 1295, 113 L.Ed.2d 358 (1991) (concluding that 'sweat of the brow' is no defense in a copyright case.");[1] *Madrid v. Chronicle Books, Inc.*, 209 F. Supp. 2d. 1227, 1236-37 (D. Wyo. 2002) (granting summary judgment for defendant because the final works were not substantially similar and denying as irrelevant additional discovery into process by which defendant created its work).

*Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211 (9th Cir. 1997), is also instructive.  In that case, the defendant produced three-dimensional inflatable costumes based on two-dimensional characters.  The defendant argued that in ruling on the issue of infringement the District Court should have considered the "number of creative decisions to enable the costumes to be manufactured successfully" and the "'artistic decision[s]' as to what changes should be made to the costumes so that the original character's essence would not be lost." *Id*. at 1222-23.  The Ninth Circuit affirmed the District Court's rejection of such considerations. *Id*. at 1222.  It explained,

---

[1] Well settled laws holds that, in determining originality under the Copyright Act, "originality, not 'sweat of the brow,' is the touchstone of copyright protection". *Feist*, 499 U.S. at 359-60.

07209/2597166.1

4

Case No. CV 04-9049 SGL (RNBx)
SUPPLEMENTAL RESPONSE TO MOTION FOR CLARIFICATION OR RECONSIDERATION OF JULY 24, 2008 ORDER

> Originality is not present solely because [the defendant] placed a lot of thought and effort into figuring out how to transform the two-dimensional copyrighted characters into three-dimensional inflatable costumes. . . .  Indeed, the courts and commentators seem to agree that making decisions that enable one to reproduce or transform an already existing work into another medium or dimensional— though perhaps quite difficult and intricate decisions—is not enough to constitute the contribution of something "recognizably his own."

*Id*. (citation omitted).

Accordingly, even if defendants could show that they added material or expended substantial effort, skill and creativity in translating Bryant's drawings into three dimensional dolls,[2] the inquiry is whether the dolls are substantially similar to the drawings and thus whether defendants are liable for infringement of Mattel's copyrights. Because the proffered evidence is not relevant to the issue of substantial similarity or any other infringement issue, it is inadmissible on that basis. Fed. R. Evid. 401-402.

## II. THE PROFFERED TESTIMONY IS NOT RELEVANT TO DAMAGES

Defendants are also mistaken in arguing that any alleged independent efforts in developing Bratz dolls are relevant to the apportionment of profits. Applicable case law precludes defendants from attempting to apportion damages based on the significance, or lack of significance, of particular elements in a design. "In the final analysis, 'where infringing and noninfringing elements of a work cannot be readily separated, all of a defendant's profits should be awarded to a plaintiff.'" Comment

---

[2] Mattel disputes this contention.

07209/2597166.1

5

Case No. CV 04-9049 SGL (RNBx)
SUPPLEMENTAL RESPONSE TO MOTION FOR CLARIFICATION OR RECONSIDERATION OF JULY 24, 2008 ORDER

to Ninth Circuit Model Instruction No. 17.24 (quoting *Nintendo of America, Inc. v. Dragon Pacific Int'l.*, 40 F.3d 1007, 1012 (9th Cir. 1994)); *see also Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 401-02 (1940) ("when the copyrighted portions are so intermingled with the rest of the piratical work 'that they cannot well be distinguished from it,' the entire profits realized by the defendants will be given to the plaintiff.") (citation omitted); *Neal v. Thomas Organ Co.*, 241 F. Supp. 1020, 1022 (S.D. Cal. 1965) (because non-infringing phonograph records were sold with an infringing instruction manual and only had value when sold as part of the course, there could be no apportionment; "the records had no purpose when separated from the instruction manual and . . . only the course as a whole had any substantial value. . . . Defendant's profit must be attributed to the sale of the course as a whole and the profit can not be apportioned since none were, and could not have been, derived from the sale of the records alone."); William F. Patry, PATRY ON COPYRIGHT, § 22:147 ("where the infringing work consists mostly of infringed material that gives the work its value and is inextricably intertwined with the original, courts have refused to apportion.").

Here, it is obviously not possible to "readily separate" profits that are attributable, for example, to a doll's eyes or other facial features, as opposed to its hairstyle or posture. Likewise, the individual design components of the dolls have no independent value apart from the dolls' design as a whole. Therefore, even if defendants could show that some discrete feature of the accused Bratz dolls is not substantially similar to the representation of that feature in Bryant's drawings, there is no reasonable way to assign a specific portion of defendants' profits from the Bratz line to that discrete feature. Defendants' intended evidence is not relevant to apportionment of damages as a result.[3]

---

[3] There is nothing unfair about this. Because they may deduct their costs from a profits disgorgement award, defendants may be credited with their labor and (footnote continued)

## III. THE COURT SHOULD EXCLUDE THE PROFFERED EVIDENCE PURSUANT TO RULE 403

Even if the proffered evidence were admissible, -- and it is not -- the Court should exclude it as unduly prejudicial. <u>Fed. R. Evid.</u> 403. Defendants intend to present a parade of employees to testify about their purported creative contributions to Bratz. Defendants may or may not permitted to point out differences between the drawings and the accused Bratz products. But any detailed description of their processes would not only improperly appeal to jury sympathy,[4] but as shown above the process by which the defendant created the allegedly infringing work is simply immaterial. Indeed, permitting defendants to embark on a lengthy exegesis of their development process risks confusing the jury about the appropriate legal standards for the reasons discussed above. *See Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1431-32 (9th Cir. 1986) (affirming exclusion under Rule 403 of evidence that the jury could interpret as raising a legal issue that was actually not in controversy).

---

efforts to the extent that they required out-of-pocket costs. 17 U.S.C. § 504 ("In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work."). If anything, allowing an apportionment based upon such efforts may result in unfairness to a plaintiff and inappropriate double-counting, whereby a defendant first deducts the costs it incurred in its efforts to produce an infringing product and then reduces the award further for those same efforts under the banner of apportionment.

[4] *See, e.g.*, *Epstein v. Kalvin-Miller Int'l, Inc.,* 121 F. Supp. 2d 742, 746 (S.D.N.Y. 2000) (excluding relevant evidence about the extent of plaintiff's medical condition because it "carries the potential of an inappropriate appeal to the jury's sympathy").

07209/2597166.1

7   Case No. CV 04-9049 SGL (RNBx)
SUPPLEMENTAL RESPONSE TO MOTION FOR CLARIFICATION OR RECONSIDERATION OF JULY 24, 2008 ORDER

## Conclusion

For the foregoing reasons, Mattel respectfully requests the Court to exclude evidence of defendants' creative efforts or skill in transforming Bryant's drawings into three dimensional dolls.

DATED: August 8, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ John B. Quinn
John B. Quinn
Attorneys for Mattel, Inc.

07209/2597166.1

8

Case No. CV 04-9049 SGL (RNBx)
SUPPLEMENTAL RESPONSE TO MOTION FOR CLARIFICATION OR RECONSIDERATION OF JULY 24, 2008 ORDER