1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
   (laguiar@skadden.com)
3  CARL ALAN ROTH (Bar No. 151517)
   (croth@skadden.com)
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
5  Los Angeles, CA 90071-3144
   Tel.: (213) 687-5000
6  Fax: (213) 687-5600

7  Attorneys for the MGA Parties

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11
    CARTER BRYANT, an individual,           )   CASE NO. CV 04-9049 SGL (RNBx)
12                                          )
                          Plaintiff,        )   Consolidated with Case No. 04-9059
13                                          )   and Case No. 05-2727
                 v.                         )
14                                          )
    MATTEL, INC., a Delaware                )   **DECLARATION OF JONATHAN**
15  corporation,                            )   **D. USLANER IN SUPPORT OF**
                                            )   **MGA PARTIES' OPPOSITION TO**
16                        Defendant.        )   **MATTEL'S MOTION TO QUASH**
                                            )   **PHASE 1B CUSTODIAN OF**
17  _____ )   **RECORDS TRIAL SUBPOENA**
                                            )
18                                          )
    AND CONSOLIDATED ACTIONS                )
19                                          )
                                            )
20  _____ )

21

22

23

24

25

26

27

28

I, Jonathan D. Uslaner declare and state as follows:

I am an attorney with Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), counsel of record for MGA Entertainment, Inc., Isaac Larian and MGA Entertainment (HK) Limited ( collectively, the "MGA Parties").

1. Attached as **Exhibit 1** hereto are  true and correct copies of trial subpoenas served on the Custodian of Records for MGA and MGA (HK) on June 12, 2008.

2. Attached as **Exhibit 2** hereto is a true and correct copy of  the trial subpoena served on the Custodian of Records for Mattel, Inc. on June 27, 2008.

3. Attached as **Exhibit 3** hereto are true and correct copies of excerpts from the trial transcript of this case dated July 2, 2008.

4. Attached as **Exhibit 4** hereto is a true and correct copy of MGA Parties' Phase IB Witness list submitted to the Court and Mattel on July 18, 2008.

5. Attached as **Exhibit 5** hereto is a true and correct copy of the trial subpoena issued by Mattel to MGA's Phase 1B Custodian of Records on July 21, 2008.

6. Attached as **Exhibit 6** hereto is a true and correct copy of the trial subpoena served on Mattel's Phase 1B Custodian of Records to MGA's Phase 1B Custodian of Records on July 31, 2008.

7. Attached as **Exhibit 7** hereto are true and correct copies of excerpts from the hearing transcript of this case dated July 21, 2008.

8. Attached as **Exhibit 8** hereto is a true and correct copy Mattel, Inc.'s Notice of Motion and Motion in Limine No. 9.

1    I declare under penalty of perjury under the laws of the United States of

2    America and the State of California that the foregoing is true and correct.

3

4    Executed on August 11, 2008, at Riverside, California.

5

6                                            Jonathan D. Uslaner

7                                            Jonathan D. Uslaner

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____ CENTRAL DISTRICT _____        OF CALIFORNIA _____

CARTER BRYANT, an individual

V.

MATTEL, INC., a Delaware corporation

### SUBPOENA IN A CIVIL CASE

Case Number: ¹  CV 04-9049 SGL (RNB)x
Consolidated with cases
CV 04-9059 and CV 05-2727

TO: Custodian of Records, MGA Entertainment, Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, CA 91406

[X] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| US District Court, Central District of California Eastern District, Riverside Courthouse 3470 Twelfth Street Riverside, CA 92501 | Hon. Stephen Larson Court Room 1 |
| | DATE AND TIME June 17, 2008 9:00 a.m. |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| US District Court, Central District of California Eastern Division, Riverside Courthouse 3470 Twelfth Street, Riverside, CA 92501 | June 17, 2008 9:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Mattel, Inc. | June 12, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lesley E. Williams, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017        (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO-88

Exhibit __1__,
P. __2__

## Attachment A (MGA Custodian of Records)

You are requested to authenticate, identify, and/or verify the authenticity and manner of keeping of the following documents, things and/or tangible items:

1.   Trial Exhibit 669 -- Affidavit of Daphne Gronich in Response to Court's Request for Information Regarding Document Preservation, dated September 10, 2007

2.   Trial Exhibit 941 -- Affirmation of Lee Shiu Cheung in MGA vs. CityWorld (Hong Kong Litigation)

3.   Trial Exhibit 952 — Affirmation of Lee Shiu Cheung in MGA vs. Double Grand (Hong Kong Litigation)

4.   Trial Exhibit 1932 -- List of Former Mattel Employees

5.   Trial Exhibit 10175 - Affidavit of Raymond David Black, dated June 13, 2003, in MGA vs. Double Grand (HK Litigation)

6.   Trial Exhibit 11952 -- Supplemental Declaration of Daphne Gronich in Response to Court's Request for Information Regarding Document Preservation, dated September 10, 2007

7.   Trial Exhibit 13569 -- Third Affidavit of Daphne Gronich in MGA vs. CityWorld, dated September 27, 2004 (HK Litigation) Exhibit 13571 — Voluntary Particulars of the Plaintiff's Re-Re Amended Statement of Claim in MGA vs. CityWorld, dated February 22, 2008 (HK Litigation)

8.   Trial Exhibit 13626 -- Meeting Agenda (MGA4028989-MGA4028990) dated February 28, 2001

9.   Any other exhibits on the parties' trial exhibit lists in your possession, custody and/or control that have not yet been authenticated.

Exhibit  1  ,
P.  4

06-12-2008   12:28   From-QUINN EMANUEL                    2134433100          T-008   P.004/004   F-259

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|--|------|-------|
| SERVED | | |

SERVED ON (PRINT NAME)                          MANNER OF SERVICE


SERVED BY (PRINT NAME)                          TITLE


## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                            SIGNATURE OF SERVER


ADDRESS OF SERVER


Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007;

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit _____,
P. __5__



AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT                 OF CALIFORNIA

CARTER BRYANT, an individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation

Case Number: [1]  CV 04-9049 SGL (RNB)x
Consolidated with cases
CV 04-9059 and CV 05-2727

TO: Custodian of Records, MGA Entertainment (H.K.) Limited
    16380 Roscoe Blvd., Suite 200
    Van Nuys, CA 91406

[X] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| US District Court, Central District of California Eastern District, Riverside Courthouse 3470 Twelfth Street Riverside, CA 92501 | Hon. Stephen Larson Court Room 1 |
| | DATE AND TIME June 17, 2008 9:00 a.m. |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| US District Court, Central District of California Eastern Division, Riverside Courthouse 3470 Twelfth Street, Riverside, CA 92501 | June 17, 2008 9:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Mattel, Inc. | June 12, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lesley E. Williams, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017          (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

Exhibit ___,
P. ___

## Attachment A (MGA HK Custodian of Records)

You are requested to authenticate, identify, and/or verify the authenticity and
manner of keeping of the following documents, things and/or tangible items:

1.    Trial Exhibit 669 -- Affidavit of Daphne Gronich in Response to Court's Request
for Information Regarding Document Preservation, dated September 10, 2007

2.    Trial Exhibit 941 -- Affirmation of Lee Shiu Cheung in MGA vs. CityWorld
(Hong Kong Litigation)

3.    Trial Exhibit 952 -- Affirmation of Lee Shiu Cheung in MGA vs. Double Grand
(Hong Kong Litigation)

4.    Trial Exhibit 10175 - Affidavit of Raymond David Black, dated June 13, 2003, in
MGA vs. Double Grand (HK Litigation)

5.    Trial Exhibit 11952 -- Supplemental Declaration of Daphne Gronich in Response
to Court's Request for Information Regarding Document Preservation, dated September 10, 2007

6.    Trial Exhibit 13569 -- Third Affidavit of Daphne Gronich in MGA vs. CityWorld,
dated September 27, 2004 (HK Litigation) Exhibit 13571 -- Voluntary Particulars of the
Plaintiff's Re-Re Amended Statement of Claim in MGA vs. CityWorld, dated February 22, 2008
(HK Litigation)

7.    Any other exhibits on the parties' trial exhibit lists in your possession, custody
and/or control that have not yet been authenticated.

Exhibit ___1___,
P. _9_

06-12-2008   12:23   From-QUINN EMANUEL                    2134493100              T-007   P.004/004   F-258

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                  DATE

                                        _____
                                        SIGNATURE OF SERVER

                                        _____
                                        ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit ____,
P. ____



# EXHIBIT 2

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF   CALIFORNIA

CARTER BRYANT, an individual, Plaintiff,

V.

MATTEL, INC., a Delaware corporation, Defendant

AND CONSOLIDATED ACTIONS
TO:

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV 04-09049 SGL (RNBx)
Consolidated with Case Nos. CV 04-9059 and
CV 05-2727

Custodian of Records, Mattel Inc., 333 Continental Blvd., El Segundo, CA 90245 (SEE ATTACHMENT "A")

☒   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court | Hon. Stephen G. Larson - Ctrm. 1 |
| Central District of California, Eastern Division | DATE AND TIME |
| 3470 Twelfth Street, Riverside, CA 92501 | July 2, 2008 - 9:00 AM |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  The deposition will be recorded by videotape and stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| USDC Central District of California, Eastern Division 3470 Twelfth Street, Riverside, CA 92501 | July 2, 2008 - 9:00 AM |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Jonathan D. Uslaner_  Atty for Counter Defendant MGA Ent. et al. | June 27, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jonathan D. Uslaner, Skadden, Arps, Slate, Meagher & Flom LLP, 300 S. Grand Ave., Los Angeles, CA 90071-3144 (213) 687-5000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit __2__,
P. __11__

## ATTACHMENT A

You are requested to authenticate, identify, and testify as to the manner of keeping of the following documents, things and/or tangible items:

1.   TX 28 (M 0001666): Absence Summary for Carter H. Bryant;

2.   TX 47 (M 0012564): November 28, 2003 Copyright registration for Toon Teens;

3.   TX 280 – 282: Photographs of Toon Teens prototypes;

4.   TX 1195RS (M 0074307 – M 0074430): Investigative File 02-115;

5.   TX 1286 (M 0079797): April 5, 2002 Email from Larry Clayton to Paul Cheung, among others, re: Glamermaids;

6.   TX 1506 (M 0001654 – M 0001655): October 19, 2000 Exit Interview Report for Carter Bryant;

7.   TX 1703 (M 0151750 – M 0151762): September 26, 2002 Copyright registrations of Bratz designs in Brazil;

8.   TX 2139: (M 0897075 – M 0897084): May 30, 2006 Email from Maureen Tafoya to Dan Cooney (with attachments) re: Confidentiality Agreement;

9.   TX 4436 (M 0155946 – M 0155947): October 24, 2002 My Scene 360 Meeting Minutes;

10.  TX 5377 (M 0744374 – M 0744375): December 10, 2002 Email re: FW: Vote Now for the 2002 T.O.T.Y. People's Choice Award!;

11.  TX 15904 (M 0155943 – M 0155945): October 17, 2002 My Scene 360 Meeting Minutes;

12.  TX 15975 (M 0230390 – M 0230487): Chart identifying Mattel employee status changes;

13.  TX 16002 (M 0254181 – M 0254246): June 2001 Girls/Barbie Organizational Chart;

14.  TX 16056 (M 0259729 – M 0259774): March 5, 2005 Email from Jokton Strealy to Mike Baral with attachments;

15.  TX 16083 (M 0282097 – M 0282100): July 28, 2003 Believe In Barbie Survey Of Key Issues;

16.  TX 16114 (M 0292533 – M 0292546): July 19, 2004 Presentation titled "Girls Team: Today → Tomorrow";

17.  TX 16196 (M 0738195 – M 0738318): August 6, 2002 Presentation titled "Barbie Final Recommendations: Appendices";

18.  TX 16240 (M 0743955): October 19, 2000 Email from Matthew Turner to, among others, Robert Best re: (Note) from Carter;

19.  TX 18423 (M0255268 – M0255270): Business Validation Application for Anna Rhee;

20.  TX 18424 (M0255281): Payment Statement to, among others, Anna Rhee;

21.  TX 18429 (M0794346 – M0794348): Chart re: amounts paid to vendors;

22.  TX 18548 (M0049044): Photographs of Emerald Jewel;

23.  Any documents, notes, memoranda, and/or tangible items shown or provided by Ms. Jill Thomas or any other Mattel employee, representative, or attorney, to Ms. Rachel Harris in connection with this litigation; and

24.  Any documents, things, and/or tangible items in your possession, custody or control specifically identified by the MGA Parties at least twenty-four hours in advance of your examination.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

              SIGNATURE OF SERVER

              ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit __2__,
P. __14__



# EXHIBIT 3

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3                    - - -

4      **HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING**

5                    - - -

6   MATTEL, INC.,              :   PAGES 4022- 4201
                              :
7          PLAINTIFF,          :
                              :
8      VS.                    :   NO. ED CV04-09049-SGL
                              :   [CONSOLIDATED WITH
9   MGA ENTERTAINMENT, INC.,   :   CV04-9059 & CV05-2727]
    ET AL.,                    :
10                            :
          DEFENDANTS.          :
11  _____:

12

13

14

15         REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17            WEDNESDAY, JULY 2, 2008

18              JURY TRIAL - DAY 19

19              AFTERNOON SESSION

20

21

22                          MARK SCHWEITZER, CSR, RPR, CRR
                            OFFICIAL COURT REPORTER
23                          UNITED STATES DISTRICT COURT
                            181-H ROYBAL FEDERAL BUILDING
24                          255 EAST TEMPLE STREET
                            LOS ANGELES, CALIFORNIA 90012
25                          (213) 663-3494

CERTIFIED COPY

Exhibit  3 ,
P.  15

1          Drolnick (phonetic) is coming up.  You can do it

2     with her.  The Custodian of Records has no knowledge about

3     that.  We didn't get in a single -- there was one document I

4     put in front where there was a conditional admission.  That's

5     what that all amounted to at the end of the day, one

6     document.  And even that didn't come in until Mr. Marlow took

7     the stand earlier today, I think it was.

8          Now I'm dealing with a list of 34?

9          THE COURT:  I understand.  And you know, I want to

10    treat both parties the same, though, Counsel.  So I do think

11    that you need to come up with a custodian just as they did.

12    I will certainly reserve for you the same rights to object as

13    MGA objected in terms of foundational objections to the

14    custodian not having knowledge.

15          I mean, it really does seem -- I want to treat both

16    sides the same here.  What's good for the goose is good for

17    the gander.  I know that it's not named in the Federal Rules

18    of Civil Procedure, but that's essentially what we're trying

19    to enforce here.  There is a voluminous number of documents.

20    And I'm sure Mr. Nolan could give us a recap in terms of the

21    actual numbers, but I think we've had to adopt certain unique

22    procedures in this case just to marshal this effectively

23    consistent with the time allotted by the Court.

24          So the Court has developed some procedures that are

25    not normally imposed, and one of them that makes sense to me

Exhibit 3,
P. 16

1    is having a kind of catchall custodian to get in those

2    documents that need to be -- that do need to be moved into

3    evidence that don't naturally line up with one of the

4    witnesses.

5           You have very forcefully argued that I should just

6    permit these documents in as long as there's a stipulation of

7    authenticity.  And the Court is satisfied with the relevance

8    of foundation without a witness.

9           I have insisted on a witness just to -- as part of

10   the case management here.  What I think we need to do tonight

11   is I do think the -- your request to have a definitive list

12   on the documents, a refined list of the documents is a

13   reasonable one.  I hate to rule in the abstract without

14   knowing what documents that we're talking about.  And just

15   what role those documents play in this case.

16          So I guess what I'm inclined to do is say get

17   together tonight.  Let's go over the exact documents that you

18   absolutely need.  Certainly if there's no dispute over

19   authenticity, I think that's an appropriate way to get them

20   in.  And if there is a dispute over authenticity, that's a

21   whole separate question.

22          And if Mattel has reserved their rights to

23   challenge, that puts it in a different category than the

24   documents that were in question with MGA.  And you have

25   preserved those rights, and you can exercise those objections

Exhibit 3 ,
P. 17

# EXHIBIT 4

THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

Attorneys for the MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | Honorable Stephen G. Larson |
| MATTEL, INC., a Delaware corporation | MGA PARTIES' ANTICIPATED WITNESS LIST FOR PHASE 1(B) |
| Defendant. | |
| AND CONSOLIDATED ACTIONS. | |

Exhibit 4,
P. 18

1    The MGA Parties respectfully submit the following list of witnesses they

2 currently intend to call in Phase 1(B).  The MGA Parties expressly reserve the right

3 to amend or modify this list based on the evidence and testimony adduced at trial.

4

5    Margaret Leahy
     Veronica Marlow
6    Aileen Storer
     Steffan Smith
7    Paula Garcia
     Ann Driskill
8    Glenn Vilppu
     Robert Tonner
9    Debbie Middleton
     Daphne Gronich
10   Lily Martinez
     Jill Nordquist
11   Richard De Anda
     Robert Eckert
12   Tim Kilpin
     Martin Hitch
13   Edmond Lee
14   Kathleen Simpson-Taylor
     Michael Moore
15   Matt Bousquette
     Bruce Stein
16   Mattel Custodian of Records
     Kevin Farr
17   Tina Patel
     Deborah Haag
18   Heather Polk
     Russell Arons
19   Lisa Tonnu
20   Tom Gruca
     Eric Joachimsthaler
21   Paul Meyer

22    In addition, the MGA Parties identify the following witnesses, who may be

23 called if the need arises: Mercedeh Ward, Mina Mirkazemi, Cassidy Park, Brian

24 Hooks, Ron Brawer, Neil Friedman, Milt Zablow, Chuck Scothoon, Jerry Cleary,

25 Robert Simoneau, Evelyn Viohl, Ivy Ross, Adrienne Fontanella, Alan Kaye, Victoria

26 O'Connor, Rachel Harris, and Paul Warner.

27

28

Exhibit 4,
P. 19

1

2 Dated: July 18, 2008

3                              SKADDEN, ARPS, SLATE, MEAGHER &
                               FLOM LLP
4

5                              By: _____
6                                  Thomas J. Nolan
                                   Attorneys for the MGA Parties
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28