# EXHIBIT 6

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual, Plaintiff,

V.

MATTEL, INC., a Delaware corporation, Defendant

AND CONSOLIDATED ACTIONS

**SUBPOENA IN A CIVIL CASE**

Case Number: CV 04-09049 SGL (RNBx)
Consolidated with Case Nos. CV 04-9059 and CV 05-2727

TO: Custodian of Records, Mattel Inc., 333 Continental Blvd., El Segundo, CA 90245 (SEE ATTACHMENT "A")

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court<br>Central District of California, Eastern Division<br>3470 Twelfth Street, Riverside, CA 92501 | Hon. Stephen G. Larson - Ctrm. 1 |
| | DATE AND TIME |
| | August 7, 2008 - 9:00 AM |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be recorded by videotape and stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| USDC Central District of California, Eastern Division 3470 Twelfth Street, Riverside, CA 92501 | August 7, 2008 - 9:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jonathan D. Uslaner* Atty for Counter Defendant MGA Ent. et al. | July 31, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jonathan D. Uslaner, Skadden, Arps, Slate, Meagher & Flom LLP, 300 S. Grand Ave., Los Angeles, CA 90071-3144 (213) 687-5000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit 6,
P. 40

## ATTACHMENT A

You are requested to authenticate, identify, and testify as to the manner of keeping of the following documents, things and/or tangible items:

1. TX 1195RS (M0074307 – M0074430): Investigative File 02-115;
2. TX 1286 (M0079797): 5–Apr–02 Email from Larry Clayton to Paul Cheung, among others, re: Glamermaids;
3. TX 1805 (M0079765 – M0079771): 14–Nov–03 "The Bratz Brief";
4. TX 1809 (M0086591 – M0086592): Memo: My Scene Go Forward Strategy;
5. TX 1810 (M0086622 – M0086623): Memo: My Scene vs. Bratz Dolls – Competitive Analysis & Recommendations;
6. TX 1811 (M0078511 – M0078512): My Scene & Bratz: What's Working & What's Not;
7. TX 1812A (M0086631 – M0086676): 11–Aug–03 Presentation: My Scene Competitive Analysis;
8. TX 1813 (M0079856 – M0079863): 15–Mar–03 Barbie Action Plan Notes;
9. TX 1820 (M0082033): 12–Dec–03 Email from R. Arons to S. Robillard re: FW: MultiBrand Doll Line;
10. TX 2108 (M0253478 – M0253479): 23–Sept–04 Email from M. Zablow re: Kohl's 2004 Tower Update;
11. TX 2114 (M0082032): 5–Dec–03 Email from C. Park re: MGA's Best Friend Assortment;
12. TX 4436 (M0155946 – M0155947): 24–Oct–02 My Scene 360. Notes: Vol. 6;
13. TX 4585 (M0082065 – M0082065): 5–Nov–04 Worldwide Consumer Research Memorandum;
14. TX 4994 (M0082159 – M0082168): 25–Aug–04 Memo re: Girls Monthly Brand Tracking Study in the U.S.;

15. TX 5003 (M0079807 – M0079816): 3–Aug–05 Memo re: Girls Monthly Brand Tracking Study in the U.S.;

16. TX 5114 (M0747909 – M0747914): 13–Oct–03 Worldwide Consumer Research Memorandum;

17. TX 5117 (M0065305 – M0065305): Brand Comparison Chart;

18. TX 15664 (M0057471 – M0057472): Memo: My Scene Competitor Q and A;

19. TX 15676 (M0065497 – M0065538): 2004 Presentation: Barbie Retail Experience Presentation;

20. TX 15680 (M0065871 – M0065892): 30–Apr–04 Presentation: State of Girls Consumer Insights;

21. TX 15684 (M0066490 – M0066493): 5–Nov–04 Email: Barbie and Me Quantitative and Quantitative Test Report;

22. TX 15724 (M0078109 – M0078169): 2005 Presentation: Barbie My Scene Update;

23. TX 15740 (M0079806 – M0079806): 12–Sep–05 Mattel Worldwide Consumer Research Memorandum;

24. TX 15747 (M0080379 – M0080388): 4–Mar–05 Worldwide Consumer Research Memorandum;

25. TX 15754 (M0082200 – M0082216): 9–Mar–04 Worldwide Consumer Research Memorandum;

26. TX 15755 (M0082217 – M0082226): 22–Dec–04 Worldwide Consumer Research Memorandum;

27. TX 15757 (M0082296 – M0082306): 20–Oct–04 Worldwide Consumer Research Memorandum;

28. TX 15758 (M0082317 – M0082326): 3–Nov–04 Worldwide Consumer Research Memorandum;

Case 2:04-cv-09049-DOC-RNB   Document 4240-4   Filed 08/11/08   Page 5 of 20   Page ID #:106232

29. TX 15766 (M0087625 – M0087671): 27–Aug–03 Presentation: My Scene Competitive Overview;

30. TX 15775 (M0089605 – M0089624): 2–Aug–04 Presentation: My Scene Fall 2005 Presentation;

31. TX 15779 (M0090302 – M0090303): 15–Sep–03 Memo: My Scene 360 Meeting Minutes report;

32. TX 15785 (M0090696 – M0090697): 4–Sep–03 Memo: My Scene 360 Meeting Minutes;

33. TX 15788 (M0093289 – M0093314): Sep–05 Presentation: Barbie Board of Directors Update;

34. TX 15843 (M0110717 – M0110717): 2001 Tokyo Toy Fair Video;

35. TX 15862 (M0146971 – M0147019): Jul–02 Presentation: Findings Concept Potential of My Scene per Se and versus Competition;

36. TX 15869 (M0149032 – M0149032): 2–Sep–03 My Scene 360;

37. TX 15904 (M0155943 – M0155945): 17–Oct–02 My Scene 360 – Agenda: Vol. 5;

38. TX 16196 (M0738195 – M0738318): 6–Aug–02 Presentation: Barbie Final Recommendations Appendices;

39. TX 16199 (M0738433 – M0738519): 28–Jan–05 Worldwide Consumer Research Memorandum;

40. TX 16201 (M0738659 – M0738700): 14–Jul–04 Presentation: Barbie Business Update;

41. TX 16202 (M0738701 – M0738739): 20–Apr–05 Presentation: Project: Barbie Margin Makeover Presentation;

42. TX 18284 (M0049912 – M0049952): 17–Sep–04 Presentation: Barbie Business Update;

Case No. CV 04-9049 SGL (RNBx)
- 4 -

Exhibit 6,
P. 43

43. TX 18286 (M0080091 – M0080100): 7–Jul–05 Girls Monthly Brand Tracking Study in the US;

44. TX 18287 (M0080111 – M0080120): 10–Jun–05 Girls Monthly Brand Tracking Study in the US; and

45. Any other trial exhibits in your possession custody, or control specifically identified by the MGA Parties at least twenty-four hours in advance of your examination.

E

# EXHIBIT 7

```
 1              UNITED STATES DISTRICT COURT

 2             CENTRAL DISTRICT OF CALIFORNIA

 3                    EASTERN DIVISION

 4                         - - -

 5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                         - - -

 7   MATTEL, INC.,                  )
                                    )
 8                  PLAINTIFF,      )
                                    )
 9           VS.                    )   NO. CV 04-09049
                                    )
10   MGA ENTERTAINMENT, INC., ET. AL.,)
                                    )
11                  DEFENDANTS.     )   CONTINUED BENCH
                                    )   CONFERENCE
12   AND CONSOLIDATED ACTIONS,      )   PAGES 5216-5323
                                    )
13

14

15         REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17              MONDAY, JULY 21, 2008

18                   4:04 P.M.

19

20

21

22

23          THERESA A. LANZA, RPR, CSR
         FEDERAL OFFICIAL COURT REPORTER
24          3470 12TH STREET, RM. 134
          RIVERSIDE, CALIFORNIA  92501
25              951-274-0844
             WWW.THERESALANZA.COM
```

**CERTIFIED COPY**

1  THE COURT'S GUIDANCE. BUT WE THINK THAT WE JUST CANNOT BE
2  PROHIBITED FROM MAKING ANY KIND OF REFERENCE TO BARBIE IN
3  CONNECTION WITH OUR APPORTIONMENT CASE.
4     **THE COURT:** WELL, THIS GETS INTO A DIFFERENT LIGHT,
5  AND I WILL GIVE YOU LEAVE TO -- LET'S RAISE THIS WITH THE COURT
6  BEFORE WE GO DOWN THIS ROAD. I'M RULING ON THE MOTION
7  *IN LIMINE* AS IT'S PRESENTED TO THE COURT, AND FOR THE PURPOSES
8  SET FORTH BY MGA IN ITS OPPOSITION TO THAT MOTION *IN LIMINE*,
9  THE COURT IS RULING THAT REFERENCE TO BARBIE IS PRECLUDED. AND
10 THAT'S ALL I'M RULING AT THIS POINT.
11    **MR. NOLAN:** YOUR HONOR, A LOT OF THE ISSUES THAT
12 TRIGGERED, I THINK, THE MOTION NUMBER NINE BY MATTEL AROSE OUT
13 OF THE EXPERT REPORT OF MARY BERGSTEIN WHICH WE HAD EARLIER
14 INDICATE WE WERE WITHDRAWING.
15    **THE COURT:** VERY WELL.
16 ANY QUESTIONS FROM MATTEL?
17    **MR. QUINN:** NO, YOUR HONOR.
18    **THE COURT:** THE ONE CAVEAT I'D ISSUE TO MATTEL -- I
19 HAD CERTAINLY INTENDED TO KEEP A LOT OF THE STUFF THAT WE ENDED
20 UP GETTING INTO IN THE FIRST PHASE OUT, BUT A LOT OF THAT WAS
21 OPENED UP TO BY MATTEL; SO I WANT TO MAKE THE SAME WARNING
22 AGAIN.
23    MATTEL CAN CERTAINLY UNDO, AND MGA, OF COURSE, CAN
24 UNDO THE SAME THING; ANY OF THESE RULINGS IN YOUR RESPECTIVE
25 FAVORS CAN BE UNDONE BY STATEMENTS MADE IN OPENING STATEMENT OR

MONDAY, JULY 21, 2008    Exhibit 7, P. 46    CONTINUED BENCH CONFERENCE (TELEPHONIC

# EXHIBIT 8

**COPY**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059 and<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 9 TO EXCLUDE ARGUMENT, EVIDENCE, OR EXPERT TESTIMONY REGARDING BARBIE AND OTHER MATTEL DOLLS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declarations of Jon D. Corey and B. Dylan Proctor and Notice of Lodging filed concurrently]<br><br>Date: May 21, 2008<br>Time: 1:00 p.m.<br>Place: Courtroom 1<br><br>**Phase 1**<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

**CONFIDENTIAL -- ATTORNEYS' EYES ONLY**
**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

59302.3

Exhibit 8
P. 47

MATTEL'S MOTION IN LIMINE NO. 9

Statement of Local Rule 7-3 Compliance

Before filing this motion, counsel met and conferred regarding the subject matter of the motion on March 25, 2008, and thereafter.

DATED: April 14, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ John B. Quinn
John B. Quinn
Attorneys for Mattel, Inc.

169302.3

MATTEL'S MOTION IN LIMINE NO. 9

Exhibit 8, P. 48

## TABLE OF AUTHORITIES

Page

### Cases

Andrews v. Metro N. Commuter R.R. Co.,
 882 F.2d 705 (2d Cir. 1989)................................................................3

City of Grass Valley v. Newmont Mining Corp., Slip Copy,
 2008 WL. 544388 (E.D.Cal.) (2d Cir. 1989)........................................3

DSU Medical Corp. v. JMS Co., Ltd.,
 296 F. Supp. 2d 1140 (N.D.Cal. 2003).................................................3

Daubert v. Merrell Dow Pharmaceuticals, Inc.,
 509 U.S. 579 (1993)........................................................................2, 12

Edmonds v. Illinois Central Gulf Railroad Co.,
 910 F.2d 1284 (5th Cir. 1990)..............................................................2

Gomez v. Ryan, Slip Copy,
 2007 WL. 2109168 (E.D.Cal.).............................................................3

Kumo Tire v. Carmichael,
 526 U.S. 137 (1999).........................................................................2, 3

McGlinchy v. Shell Chemical Co.,
 845 F.2d 802 (9th Cir. 1988)................................................................2

In re Rezulin Prods. Liab. Litig.,
 309 F. Supp. 2d 531 (S.D.N.Y. 2004)..................................................3

Ruvalcaba v. City of Los Angeles,
 64 F.3d 1323 (9th Cir. 1995)................................................................3

Salem v. U.S. Lines Co.,
 370 U.S. 31 (1962)...............................................................................4

United States v. Hicks,
 103 F.3d 837 (9th Cir. 1996)................................................................3

### Statutes

Fed. R. Civ. Pro. 26(a)(2)(B).................................................................9, 10

Fed. R. Civ. Pro. 37(c)(1)...........................................................................10

Fed. R. Evid. 403..........................................................................................8

Fed. R. Evid. 702.....................................................................................2, 3

of BARBIE over the past half-century. Each day, millions of children throughout the world play happily with BARBIE dolls. This would not only be irrelevant to the key issues in the case, it would waste an enormous amount of time and could only serve to confuse the jury. Accordingly, such testimony should be excluded.

### Legal Standards Applicable To This Motion

Expert testimony is admissible only if (1) the purported expert has "scientific, technical, or other specialized knowledge;" (2) the testimony is based upon sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the witness has applied the principles and methods reliably to the facts of the case. See Fed. R. Evid. 702; see also Kumo Tire v. Carmichael, 526 U.S. 137, 141 (1999); Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589-92 (1993).

Federal Rule of Evidence 702 requires that an expert have "knowledge, skill, experience, training or education" pertaining to the issues that go beyond "subjective belief or unsupported speculation." Daubert, 509 U.S. at 588-590. "Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." Edmonds v. Illinois Central Gulf Railroad Co., 910 F.2d 1284, 1287 (5th Cir. 1990). "[I]f an opinion is fundamentally unsupported, then it offers no expert assistance to the jury." Id. at 1287. Courts in the Ninth Circuit do not hesitate to exclude expert testimony that lacks proper foundation or is based on speculation. See, e.g., McGlinchy v. Shell Chemical Co., 845 F.2d 802, 807 (9th Cir. 1988).

To be reliable and thus admissible, an expert's opinion must provide more than "subjective belief or unsupported speculation." Rather, the opinions must rest upon "good grounds, based on what is known." Daubert, 509 U.S. at 588-90. "[T]rial judges are responsible for determining whether the knowledge of the expert, whether scientific, technical, or specialized, is based upon the application of reliable

1  intelligibly described to the jury, and if they, as men of common understanding, are
2  as capable of comprehending the primary facts and of drawing correct conclusions
3  from them as are witnesses possessed of special or peculiar training, experience, or
4  observation in respect of the subject under investigation.'") (quoting Salem v. U.S.
5  Lines Co., 370 U.S. 31, 35 (1962)).

## Argument

### I.  THE TRIAL HAS NOTHING TO DO WITH WHETHER BARBIE IS A CULTURAL ICON

#### A.  The Success of BARBIE and Her Appearance Is Irrelevant to Issue of Who Owns Bratz

This trial does not present the question, "How is Bratz different from BARBIE?" Nor will the jury be asked to determine why BARBIE has been so successful or the cultural significance of BARBIE. How academics – including a professor who last purchased a BARBIE doll 16 years ago – perceive BARBIE is not at issue. Rather, the central issue in Phase 1 is whether Bryant designed Bratz while employed by Mattel, whether Bratz belongs to Mattel and whether MGA infringes Mattel's property. Testimony comparing Bratz to BARBIE,[1] or discussing what BARBIE represents to art critics and scholars – including such descriptions of

---

[1] Counsel for MGA represented at Bergstein's deposition that Bergstein does not intend to express opinions regarding BARBIE, "per se," (whatever that means) but would "use Barbie as a reference [if] it would pertain to her opinions about the development of Bratz in the larger popular culture and the comparison of Carter Bryant's preliminary sketches to the Bratz dolls." (Deposition of Mary Bergstein, dated April 7, 2008 ("Bergstein Depo."), at 103:18-104:25, attached as Exhibit 10 to the Declaration of Jon D. Corey, dated April 14, 2008 ("Corey Dec.") (Lauren E. Aguiar, Esq., counsel for MGA and Isaac Larian).) However, even if Bergstein limited her commentary regarding BARBIE to this description – which she did not – it would still be inappropriate, unnecessary, and unhelpful to the jury. Even assuming that it is appropriate at all, discussion of popular culture does not require any
(footnote continued)

represents a defiant, independent modern woman, able to stand on her own feet.[9] Such views are wholly irrelevant to the issues in this case and are an attempt to play on the jury's sympathies. Comparison of Bratz to BARBIE and BARBIE to ancient art, or cultural and gender deconstruction of BARBIE, in no way provides the factfinder with assistance in determining the ultimate issues in the case – who owns Bratz – and serves only to inflame jurors on hot-button issues such as sex,[10] perceptions of beauty, and the role of women in society.

### B. The Court Should Exclude All Expert Testimony Regarding BARBIE's Race As Irrelevant and Unduly Prejudicial

Defendants also intend to "play the race card" by characterizing Mattel's BARBIE as an icon of "white domination" and racism that is harmful to children and society.[11] She refers to BARBIE as "Aryan," "white-skin privilege," and "white aesthetic":

> You see, whereas Mattel's "Barbie" started out singular and white, the Bratz dolls were conceived from their launch as a quartet of inter-ethnic, inter-racial types (fig. 14). . . .
>
> These differences cut deeply through American culture. Indeed, Barbie's whiteness has been the subject of serious cultural commentary (fig. 15).
>
> The contemporary photographer David Levinthal, well known for his mysterious and slightly weird looking set-up photographs of dolls and figurines, for example, made some photo-series works about Barbie and her cultural persona. He is the author of Barbie Millicent Roberts (New York: Pantheon, 1998). Levinthal began posing the dolls Barbie and "G.I. Joe" as lovers while in an MFA program at Yale University (1972), where he wanted to critique the idea of race in America. **His**

---

[9] Id., at 5-6.
[10] Amazingly, Bergstein holds the view that BARBIE is more "sexual" than Bratz because BARBIE has breasts. Bergstein Depo., 106:15-21, 276:1-6, Corey Dec., Exh. 10.
[11] Bergstein Report, at 11, Proctor Dec., Exh. 55.

-6-

"blended" look, where the "Barbie-like" white/Anglo model no longer dominates the aesthetic.[13]

At deposition, Bergstein refused to disavow the statements of Levinthal, Rogers, and Lord, which she chose to include in her report and which clearly informed her opinions. Bergstein expressly endorsed some of them.[14]

Bergstein took pains at her deposition to emphasize that she is using the views of others comparatively, to describe Bratz as an "anti-Barbie."[15] However, by citing these references and repeating their views in her report, there can be no doubt that Bergstein will be used by MGA and Bryant to attack BARBIE at trial. Simply put, there is no need to define Bratz by comparing it to anything else.

The Court should preclude the foregoing opinion evidence from being admitted on the additional ground that Fed. R. Evid. 403 allows exclusion of evidence whose probative value is outweighed by the risk of confusing the issues or misleading the jury. Here, Bergstein's testimony regarding BARBIE's race or ethnicity has no probative value and would mislead the jury to believe that race is relevant to the case. To communicate to the jury what Bratz dolls look like and the extent to which they resemble Bryant's drawings, it is unnecessary to compare them to BARBIE or comment on BARBIE as a "persistently white" agent for "white domination," "white

---

[13] Bergstein Report, at 9-14, Proctor Dec., Exh. 55.
[14] Bergstein Depo., 93:12-25, Corey Dec., Exh. 10 ("In some ways what I cited in my report stands in for a general climate of opinion that verifies my personal or my intellectual opinion so I am pointing to these as publications as examples. . . . of cultural studies of Barbie."), 111:10-24 ("[M]y terminology 'white culture' is also cited by Mary Rogers. I believe it is Mary Rogers. . . . 'White culture' meaning the dominant steering class of society and its particular aesthetic."), 239:22-240:9 (colloquy between counsel in which counsel for MGA confirms that Bergstein will testify about the opinions and references to BARBIE in her report at trial), 263:9-264:19 (endorsing M.G. Lord's 1979 writings regarding Fiesta BARBIE).
[15] Bergstein Depo., 105:3-16, 108:23-109:21, 241:21-242:11, Corey Dec., Exh. 10.

reasons therefor." Fed. R. Civ. Pro. 26(a)(2)(B) (emphasis added). Under Rule 37(c)(1), if a party's expert, "without substantial justification," fails to disclose all opinions in his expert report, the party is not allowed to use such information at trial, unless his failure to disclose such information is "harmless." Fed. R. Civ. Pro. 37(c)(1) (emphasis added). Mattel requested at deposition that Bergstein disclose all opinions she intended to express regarding BARBIE at her deposition, and she refused to do so.[18] Accordingly, Bergstein should be prevented from testifying in any respect about BARBIE at trial.

## II. TONNER AND BERGSTEIN'S OPINIONS REGARDING MATTEL'S HISTORY, THE SUCCESS OF BARBIE, AND OTHER DOLLS CREATED BY MATTEL, ARE IRRELEVANT

Tonner's expert report spends considerable time suggesting that Mattel has always been able to crush its competitors, winning competitive "battles" using the well-oiled "BARBIE machine," until Bratz became the only David able to conquer the BARBIE-Goliath since the 1970's.[19] For example, Tonner states:

- BARBIE was and had been the number one fashion doll for decades, and she did not take kindly to new dolls in her fashion doll aisle.[20]

- Competitor after competitor closed its doors when they could no longer compete with the "BARBIE machine."[21]

- Mattel, over the years, has rightfully protected its BARBIE property. There are numerous examples of a competing toy company trying to knock BARBIE off her shelf time and time again, BARBIE was able to stop the challenge with great design and marketing efforts.[22]

- Throughout BARBIE's history, Mattel has aggressively gone after just about every company that dares to try to

---

[18] Id.
[19] Expert Report of Robert Tonner, dated February 11, 2008 ("Tonner Report"), at 7, 9, attached as Exhibit 52 to the Proctor Dec.
[20] Id., at 8.
[21] Id., at 9.
[22] Id., at 17.

-10-

success of Bratz versus BARBIE, the extent to which Bratz has been successful, or the reasons for its success, and such opinions should be excluded. See Daubert, 509 U.S. at 588-90 (expert's opinion must provide more than "subjective belief or unsupported speculation").

Similarly, Tonner's views regarding competition between MGA and Mattel and the winner of that competition at any given time is irrelevant. Tonner's report states:

- Mattel has almost always been on top of the competition. I believe through rather unique circumstances, MGA was able to get Bratz into the market rather quietly, test it, and then ramp up before Mattel realized what was happening. Mattel seemed to have been distracted by the disastrous purchase of the Learning Company in 1999 and fallout from that purchase in 2000. As a result, MGA was able to debut and promote Bratz (the product got off to a great start in Spain) while Mattel was otherwise occupied.[29]

- At the time, MGA's designer out-designed Mattel.[30]

- Although Mattel probably has some of the most talented people working in dolls today, MGA has been able to out design and out market them.[31]

Tonner's report also compares Bratz to Mattel's Flavas and My Scene dolls, suggesting that Mattel tried to imitate the Bratz attitude in these dolls by making them similar to Bratz. Tonner opines that "As a result of trying to compete, in my opinion, My Scene later started to look more and more like Bratz."[32] This is a Phase 2 issue that is improper at this trial.[33] The jury will understand very early in the trial that MGA and Mattel are competitors in the doll industry. Mattel's response to Bratz is not at issue in this trial, and testimony about it should be excluded.

---

[29] Tonner Report, at 14, Proctor Dec., Exh. 52.
[30] Id., at 14.
[31] Id., at 17.
[32] Id.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On April 14, 2008, I served true copies of the following document(s) described as MATTEL, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 9 TO EXCLUDE ARGUMENT, EVIDENCE, OR EXPERT TESTIMONY REGARDING BARBIE AND OTHER MATTEL DOLLS; MEMORANDUM OF POINTS AND AUTHORITIES on the parties in this action as follows:

Thomas J. Nolan
**Skadden, Arps, Slate, Meageher & Flom LLP**
300 South Grand Ave., Ste. 3400
Los Angeles, CA 90071

Mark E. Overland
David C. Scheper
Alexander H. Cote
**Overland Borenstein Scheper & Kim LLP**
601 West Fifth Street, 12th Floor
Los Angeles, CA 90017

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111

BY PERSONAL SERVICE: I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 14, 2008, at Los Angeles, California

_____
NOW LEGAL -- Dave Quintana

Exhibit 8, P. 56