THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>MGA PARTIES' SUPPLEMENTAL [PROPOSED] PHASE 1-B JURY INSTRUCTIONS |

# DAMAGES

The MGA Parties withdraw Proposed Jury Instruction No. 430: Causation: Substantial Factor, and propose the following two additional instructions:

| No. | Description | Authority | Page |
|---|---|---|---|
| MGA Special Inst. __ | DISGORGEMENT OF PROFITS | SEC v. First Pac. Bancorp, 142 F.3d 1186, 1192 (9th Cir. 2001); SEC v. Platforms Wireless Int'l Corp., 2008 U.S. Dist. LEXIS 27503, at **38-39 (S.D. Cal. Apr. 3, 2008).  See also Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A., 2007 U.S. Dist. LEXIS 91947, at **62 (N.D. Tex. Dec. 14, 2007); Commodity Futures Trading Comm'n v. American Bd. Of Trade, 803 F.2d 1242, 1251 (2d Cir. 1986); Allstate Ins. Co v. Receivable Fin. Co. LLC, 501 F.3d 398, 413 (5th Cir. 2007); FTC v. Magui Publishers, Inc., 1991 U.S. Dist. LEXIS 20452, at **48-50 (C.D. Cal. Mar. 28, 1991); Oshana v. Coca-Cola Co., 2005 U.S. Dist. LEXIS 14184, at **34-35 (N.D. Ill. July 13, 2005).  Cf. Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC, 479 F. Supp. 2d 349, 371 (S.D.N.Y. 2007). | 1 |
| CACI 3947 | PUNITIVE DAMAGES – INDIVIDUAL AND ENTITY DEFENDANTS – TRIAL NOT BIFURCATED | CACI No. 3947. | 3 |

# MGA'S SPECIAL JURY INSTRUCTION NO. \_\_\_\_

## DISGORGEMENT OF PROFITS

Mattel is entitled to obtain disgorgement of profits that MGA and Isaac Larian obtained by engaging in the wrongful acts of aiding and abetting breach of fiduciary duty and duty of loyalty that you have found.  Accordingly, if you find that MGA and/or Mr. Larian obtained profits or advantages because of these wrongful acts, those profits and advantages should be awarded to Mattel.

**Authority**: SEC v. First Pac. Bancorp, 142 F.3d 1186, 1192 (9th Cir. 2001) (finding that a disgorgement award requires a "reasonable approximation of profits causally connected to the violation"); SEC v. Platforms Wireless Int'l Corp., 2008 U.S. Dist. LEXIS 27503, at **38-39 (S.D. Cal. Apr. 3, 2008) (vacating a disgorgement order where the "causal connection between the profits and [the defendant's] violation [was] too speculative to support disgorgement").  See also Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A., 2007 U.S. Dist. LEXIS 91947, at *62 (N.D. Tex. Dec. 14, 2007) (finding that plaintiff was "not entitled to disgorgement" because plaintiff had "not offered a reasonable approximation of what the Defendants [had] earned as a result of their alleged breach of fiduciary duties"); Commodity Futures Trading Comm'n v. American Bd. Of Trade, 803 F.2d 1242, 1251 (2d Cir. 1986) ("Normally, where the defendant has received benefits from both lawful and unlawful activities, the party seeking disgorgement must distinguish between the legally and illegally derived profits"); Allstate Ins. Co v. Receivable Fin. Co. LLC, 501 F.3d 398, 413 (5th Cir. 2007) (reversing a disgorgement award and explaining that "the party seeking disgorgement must distinguish between that which has been legally and illegally obtained"; also explaining that in a "private action, the party seeking monetary compensation [through disgorgement] may have a greater burden to prove its claim to the amount requested" than in an action brought by a public entity like the SEC); FTC v. Magui Publishers, Inc., 1991 U.S. Dist. LEXIS 20452, at **48-50 (C.D. Cal. Mar.

1

28, 1991) (explaining in an FTC action that the threshold requirements for an award of disgorgement require a showing that "the defendant profited from violations of the FTC Act," "that the profits are causally related to the violations," and "that the disgorgement figure reasonably approximates the amount of unjust enrichment"); Oshana v. Coca-Cola Co., 2005 U.S. Dist. LEXIS 14184, *34-35 (N.D. Ill. July 13, 2005) ("Any disgorgement award must be traceable to her individual injury. Accordingly, Oshana's disgorgement remedy is limited to only those ill-gotten gains that Coca-Cola obtained from her in connection with its alleged illegal conduct").  Cf. Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC, 479 F. Supp. 2d 349, 371 (S.D.N.Y. 2007) ("In the aiding and abetting context, a plaintiff must allege that the defendant's substantial assistance in the primary violation proximately caused the harm on which the primary liability is predicated.  Plaintiffs must allege more than but-for causation.  They must allege also that their injury was 'a direct or reasonably foreseeable result of the conduct.'").

## CACI NO. 3947

## PUNITIVE DAMAGES – INDIVIDUAL AND ENTITY DEFENDANTS – TRIAL NOT BIFURCATED

If you decide that MGA's or Mr. Larian's conduct caused Mattel harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Mr. Larian only if Mattel proves by clear and convincing evidence that Mr. Larian engaged in that conduct with malice, oppression, or fraud.

You may award punitive damages against MGA only if Mattel proves that MGA acted with malice, oppression, or fraud. To do this, Mattel must prove one of the following by clear and convincing evidence:

1. That the malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of MGA, who acted on behalf of MGA; or

2. That an officer, a director, or a managing agent of MGA had advance knowledge of the unfitness of another officer, director, or managing agent of MGA and employed that person with a knowing disregard of the rights or safety of others; or

3. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of MGA; or

4. That one or more officers, directors, or managing agents of MGA knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it had occurred.

"Malice" means that a defendant acted with intent to cause injury or that a defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of his, her, or its conduct and deliberately fails to avoid those consequences.

"Oppression" means that a defendant's conduct was despicable and subjected Mattel to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct " is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that a defendant intentionally misrepresented or concealed a material fact and did so intending to harm Mattel.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following separately for each defendant in determining the amount:

(a) How reprehensible was that defendant's conduct? In deciding how reprehensible a defendant's conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether the defendant disregarded the health or safety of others;

3. Whether Mattel was financially weak or vulnerable and the defendant knew Mattel was financially weak or vulnerable and took advantage of it;

4. Whether the defendant's conduct involved a pattern or practice; and

5. Whether the defendant acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Mattel's harm or between the amount of punitive damages and potential harm to Mattel that the defendant knew was likely to occur because of its conduct? Punitive damages may not be used to punish a defendant for the impact of its alleged misconduct on persons other than Mattel.

(c) In view of the defendant's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources. Any award you impose may not exceed that defendant's ability to pay.

**Authority:** CACI No. 3947.

DATED: August 11, 2008              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                    By:  ___/s/ Thomas J. Nolan___
                                         Thomas J. Nolan
                                         Attorneys for the MGA Parties