QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727 |
| vs. | **Hon. Stephen G. Larson** |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S OBJECTIONS TO THE MGA PARTIES' PHASE 1B DESIGNATIONS OF JILL NORDQUIST |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | **Phase 1**<br>Phase 1B Trial Date:          July 23, 2008 |

07209/2597279.1

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Mattel, Inc. ("Mattel") hereby objects to the MGA Parties' ("MGA") Phase 1B Designations of Jill Nordquist.[1]

<u>Ms. Nordquist's Testimony That Carter Bryant Lied Is Irrelevant to Phase 1B Without a Nexus to Any Evidence that Mattel Knew at the Time that Bryant Was Working With MGA.</u>  MGA is seeking to introduce testimony from Jill Nordquist, a Mattel employee, stating that (1) at the time of Carter Bryant's resignation from Mattel, Nordquist suspected that he might be going to work for a competitor;[2] and (2) that when the Bratz dolls hit the market in the summer of 2001, Nordquist heard that Bryant was working at MGA on Bratz.[3]  At no point was Ms. Nordquist asked whether she knew or had heard that Bryant was either working on Bratz while at Mattel or working for MGA while at Mattel, MGA has failed to create a factual nexus that this innocuous knowledge was sufficient to trigger Mattel's knowledge of Mr. Bryant's wrongful conduct.  Without showing that nexus, the introduction of Ms. Nordquist's testimony is irrelevant, would prejudice Mattel and would confuse the jury as to what constitutes notice to Mattel to defeat MGA's fraudulent

---

[1]   These objections are in addition to Mattel's general objections to the MGA Parties' designations of Jill Nordquist, which have been interlineated in the deposition transcript submitted to the Court.

[2]   <u>See, e.g.,</u> Deposition Transcript of Jill Nordquist, dated July 31, 2007, at 134:4-6 ("Q.  At that point in time were you concerned that he was potentially going to a competitor?  A.  Absolutely."); <u>id.</u> at 134:18-135:1 ("Q.  Do you recall anything else about the conversation with Kitty other than what you've already told me?  A.  My own feeling as to why I didn't believe -- or why I assumed or thought he would be going to a competitor is because I didn't think that he had any other -- I thought that he was first and foremost a doll designer so I couldn't imagine that he was going to do something other than design dolls.").

[3]   <u>See, e.g.,</u> Deposition Transcript of Jill Nordquist, dated July 31, 2007, at 186:1-7 ("When did you first learn that Carter Bryant was involved in any way with Bratz?  A.  Around the time that Bratz launched in I think it was the summer of 2001 when I -- I think when we first learned about the launch of Bratz I heard from people in the Design Center that Carter was working there."); <u>id.</u> at 186:12-14 ("Q.  Do you remember what anybody said?  A.  I just remember people saying that he was working at MGA on Bratz.").

concealment defense.  Fed. R. Evid. 402, 403.  Admission of this testimony will unfairly prejudice Mattel and cause the jury confusion which the Court is properly seeking to avoid.

<u>MGA Cannot Play Deposition Testimony of Ms. Nordquist that Exceeds the Scope of Her Rule 30(b)(6) Designations</u>.  Rule 32 permits a party to play the deposition testimony of a Rule 30(b)(6) witness.  <u>Fed. R. Civ. P.</u> 32(a)(3).  To be sure, Ms. Nordquist was a Mattel Rule 30(b)(6) designee on the following topics:

> 2.     All contractual and non-contractual duties and obligations Bryant owed or performed for Mattel during his employment with Mattel, and thereafter.

> 3.     All of Bryant's acts or omissions which breached any contractual or non-contractual duty or obligation Bryant owed to Mattel.

> 4.     All of Bryant's acts or omissions which breached any duties or obligations imposed by the Conflicts of Interest Questionnaire and/or Employee Confidential Information and Inventions Agreement.

> 5.     All Mattel proprietary or confidential information Bryant had access to during his employment with Mattel.

> . . .

> 55.     All acts, omissions, circumstances and/or evidence showing, or tending to show, that Bryant made affirmative misrepresentations to any and all Mattel employees upon his departure from Mattel.

Nordquist Tr. at 14:11-23.  To the extent that Ms. Nordquist's testimony falls within the ambit of those categories, MGA may be able to play the testimony.  To the extent that the testimony exceeds those categories, MGA must call Ms. Nordquist to testify live.  As a director (not a member of the Board of Directors), Ms. Nordquist is a valued employee, but not an officer, director or managing agent that would allow MGA to play other portions of her testimony under Rule 32(a)(3).  Nordquist

Tr. at 53:8-23.  Also, Ms. Nordquist works and resides in this District, so she is not unavailable, and thus does not fall under the exceptions permitted by Rule 32(a)(4).

Accordingly, Mattel respectfully objects to MGA's designations of Jill Nordquist.


DATED:  August 8, 2008                 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                       By /s/ Jon D. Corey_____
                                          Jon D. Corey
                                          Attorneys for Mattel, Inc.