QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-09049 SGL (RNBx)<br><br>Judge:  Hon. Stephen G. Larson<br>Dept.:<br><br>**MATTEL INC.'s OBJECTIONS TO THE MGA PARTIES' INSTRUCTION REGARDING PUNITIVE DAMAGES**<br><br>**<u>Phase 1B:</u>**<br><br>Trial Date:  July 23, 2008 |

Case 2:04-cv-09049-DOC-RNB   Document 4245   Filed 08/13/08   Page 2 of 6   Page ID
 #:106272


...


Mattel Inc. hereby objects to the MGA Parties' proposed jury instruction regarding punitive damages.

## CACI NO. 3947

## PUNITIVE DAMAGES – INDIVIDUAL AND ENTITY DEFENDANTS – TRIAL NOT BIFURCATED

If you decide that MGA's or Mr. Larian's conduct caused Mattel harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Mr. Larian only if Mattel proves by clear and convincing evidence that Mr. Larian engaged in that conduct with malice, oppression, or fraud.

You may award punitive damages against MGA only if Mattel proves that MGA acted with malice, oppression, or fraud. To do this, Mattel must prove one of the following by clear and convincing evidence:

1. That the malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of MGA, who acted on behalf of MGA; or

2. That an officer, a director, or a managing agent of MGA had advance knowledge of the unfitness of another officer, director, or managing agent of MGA and employed that person with a knowing disregard of the rights or safety of others; or

3. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of MGA; or

4. That one or more officers, directors, or managing agents of MGA knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it had occurred.

"Malice" means that a defendant acted with intent to cause injury or that a defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of his, her, or its conduct and deliberately fails to avoid those consequences.

"Oppression" means that a defendant's conduct was despicable and subjected Mattel to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct " is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that a defendant intentionally misrepresented or concealed a material fact and did so intending to harm Mattel.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive

damages, you should consider all of the following separately for each defendant in determining the amount:

(a) How reprehensible was that defendant's conduct? In deciding how reprehensible a defendant's conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether the defendant disregarded the health or safety of others;

3. Whether Mattel was financially weak or vulnerable and the defendant knew Mattel was financially weak or vulnerable and took advantage of it;

4. Whether the defendant's conduct involved a pattern or practice; and

5. Whether the defendant acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Mattel's harm or between the amount of punitive damages and potential harm to Mattel that the defendant knew was likely to occur because of its conduct? Punitive damages may not be used to punish a defendant for the impact of its alleged misconduct on persons other than Mattel.

(c) In view of the defendant's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources. Any award you impose may not exceed that defendant's ability to pay.

**Authority:** CACI No. 3947.

## MATTEL'S OBJECTIONS TO THE INSTRUCTION

Mattel objects to the proposed instruction on the following grounds.

1. The proposed instruction improperly omits references to MGA HK, even though Mattel is seeking punitive damages against this defendant.

2. The proposed instruction is likely to confuse and mislead the jury because it includes factors that are not relevant in the context of this action. Specifically, the proposed instruction states that the jury is to consider "Whether the conduct caused physical harm;" "Whether the defendant disregarded the health or safety of others;" "Whether Mattel was financially weak or vulnerable and the defendant knew Mattel was financially weak or vulnerable and took advantage of it." These factors may be relevant in a case involving allegations of intentional infliction of emotional distress or elder abuse. They are not, however, appropriate in this case because it does not involve allegations of physical harm or financial imbalance. Mattel respectfully requests the Court issue Mattel's proposed instruction on punitive damages, which omits these irrelevant factors.

3. The proposed instruction improperly states that "Punitive damages may not be used to punish a defendant for the impact of its alleged misconduct on persons other than Mattel." That statement has no application in this case, where

Mattel does not allege as a basis for punitive damages any detrimental impact on persons other than Mattel.

4. The proposed instruction improperly states that "Any award you impose may not exceed that defendant's ability to pay." The commentary to the model instruction states that this language should be included in the instruction only if the defendant presents evidence of its inability to satisfy an award of damages. But here, MGA and MGA Hong Kong have not proffered a net worth figure, and Larian claims a net worth of between $500 and $600 million. In this case, this sentence should be deleted from the instruction.

DATED: August 13, 2008       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/
Michael T. Zeller
Attorneys for Mattel, Inc.