QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| Defendant. | **MATTEL, INC.'S FOURTH AMENDED PROPOSED JURY INSTRUCTIONS FOR PHASE 1B** |
| AND CONSOLIDATED ACTIONS | **Phase 1B:** |
| | Trial Date:                    July 23, 2008 |

1    Mattel, Inc. ("Mattel") hereby submits the following fourth amended disputed

2  jury instructions for Phase 1B of the trial in this matter.  Mattel requests and

3  reserves the right to amend, modify, withdraw and/or supplement the following

4  instructions during the trial in this matter.  Mattel may submit further proposed jury

5  instructions depending upon and based upon rulings issued in connection with any

6  motions *in limine* or other trial motions, and the evidence and theories proffered by

7  the parties during the course of the trial.  *See Fed. R. Civ. P.* 51A.

8

9  DATED:  August 13, 2008          QUINN EMANUEL URQUHART OLIVER &
10                                                    HEDGES, LLP

11

12                                      By  /s/ Jon D. Corey
13                                            Jon D. Corey
                                              Attorneys for Mattel, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

| Number | Title | Source | Page |
|---|---|---|---|
| 17.1 | COPYRIGHT—DEFINED (17 U.S.C. § 106) | 9th Cir. Civ. Jury Instr. 17.1 (2007) (modified) | 1 |
| 17.4 | COPYRIGHT INFRINGEMENT—OWNERSHIP AND COPYING (17 U.S.C. § 501A–(b)) | 9th Cir. Civ. Jury Instr. 17.4 (2007) | 2 |
| 17.10 | COPYRIGHT INTERESTS—ASSIGNEE (17 U.S.C. § 201(d)(1)) | 9th Cir. Civ. Jury Instr. 17.10 (2007) (modified) | 3 |
| 17.13 | COPYRIGHT INTERESTS—DERIVATIVE WORKS (17 U.S.C. §§ 101, 106(2)) | 9th Cir. Civ. Jury Instr. 17.13 (2007) (modified) | 4 |
| 17.15 | COPYING—DIRECT COPYING AND ACCESS AND SUBSTANTIAL SIMILARITY (REVISED) | 9th Cir. Civ. Jury Instr. 17.15 (2007) (modified); *Norse v. Henry Holt and Co.*, 991 F.2d 563, 566 (9th Cir. 1993); *Twentieth Century Fox Film Corp. v. Dastar Corp.*, 2000 WL 35503105, at *10 (C.D. Cal. 2000); *Funky Films, Inc., Inc. v. Time Warner Entertainment Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006); *Three Boys v. Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000) (same); *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996) same). | 5 |
| MSJI No. — | COPYRIGHT INFRINGEMENT—SUBSTANTIAL SIMILARITY (REVISED) | *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1398 (9th Cir. 1997); *Shaw v. Lindheim*, 919 F.2d 1353, 1356 57 (9th Cir. 1990); *Jada Toys, Inc. v. Mattel, Inc.*, 1008 WL 450891, *6 (9th Cir. Feb. 21, 2008); *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1164, 1166 (9th Cir. 1977); *Newton v. Diamond*, 204 F. Supp. 1244, 1253 (C.D. Cal. 2002); *Stillman v. Leo Burnett Co., Inc.*, 720 F. Supp. 1353, 1360-61 (N.D. Ill. 1989); *Coston v. Product Movers*, 1990 WL 56516 at *3 (E.D. Pa., 1990); *Webloyalty.com, Inc. v. Consumer Innovations, LLC*, 2005 WL 468496 | 6 |

| Number | Title | Source | Page |
|---|---|---|---|
| | | at *2 (D. Del. 2005); *Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, 932 F. Supp. 220, 225 (N.D. Ill 1996); *ADA v. Delta Dental Plans Ass'n*, 1996 U.S. Dist. LEXIS 5809 at *19 n. 15 (N.D. Ill. 1996) | |
| MSJI No. — | SUBSTANTIAL SIMILARITY—THE "INVERSE RATIO RULE" (REVISED) | *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000); *Shaw v. Lindheim*, 919 F.2d 1353, 1361 62 (9th Cir. 1990); *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1172 (9th Cir. 1977); *Smith v. Jackson*, 84 F.3d 1213, 1220-21 (9th Cir. 1996); *Swirsky v. Carey*, 376 F.3d 841 (9th Cir. 2004); *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170 (9th Cir. 2003); *3D, Ltd. v. Spectratek Technologies, Inc.*, 41 Fed. Appx. 931 (9th Cir. 2002) | 9 |
| MSJI No. — | COPYRIGHTABILITY OF CHARACTERS | *Olson v. National Broadcasting Co., Inc.*, 855 F.2d 1446, 1452 (9th Cir. 1988); *Warner Bros. Inc. v. American Broadcasting Companies, Inc.*, 720 F.2d 231, 235 (2d Cir. 1983); *Walt Disney Productions v. Air Pirates*, 581 F.2d 751, 755 (9th Cir. 1978), cert. denied, 439 U.S. 1132 (1979); *Anderson v. Stallone*, 1989 Copr. L. Dec. P 26427, 1989 WL 206431 (C.D. Cal. 1989); *Toho Co., Ltd. v. William Morrow and Co., Inc.*, 33 F. Supp. 2d 1206, 1215 (C.D. Cal. 1998); *Metro-Goldwyn-Mayer, Inc. v. American Honda Motor Co., Inc.*, 900 F. Supp. 1287, 1296 (C.D. Cal. 1995) | 10 |
| MSJI No. — | COPYRIGHT INFRINGEMENT—EVIDENCE OF COPYING OF NAMES OR TITLES | *Shaw v. Lindheim*, 919 F.2d 1353, 1362 (9th Cir. 1994); *Wihtol v. Wells*, 231 F.2d 550, 553 (7th Cir. 1956) | 11 |
| MSJI No. — | COPYRIGHT INFRINGEMENT—THREE-DIMENSIONAL WORKS CAN INFRINGE TWO-DIMENSIONAL WORKS | *King Features Syndicate v. Fleischer*, 299 F. 533, 534, 538 (2d Cir. 1924); *Fleischer Studios v. Ralph A. Freundlich, Inc.*, 73 F.2d 276, 278 (2d Cir. 1934); *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1222-23 (9th Cir. 1997) | 12 |

-ii-

Case No. CV 04-9049 SGL (RNBx)

MATTEL'S FOURTH AMENDED DISPUTED PROPOSED JURY INSTRUCTIONS FOR PHASE 1B

| Number | Title | Source | Page |
|---|---|---|---|
| MSJI No. — | COPYRIGHT INFRINGEMENT—THREE DIMENSIONAL INFORMATION NOT NECESSARY | *Shine v. Childs*, 382 F. Supp. 2d 602, 608 (S.D.N.Y. 2005); *Fleisher Studios v. Ralph A. Freundlich, Inc.*, 73 F.2d 276, 278) (2d Cir. 1934); *King Features Syndicate v. Fleisher*, 299 F. 533 (2d Cir. 1924) | 13 |
| MSJI No. — | ALTERATION OF COLOR NOT A DEFENSE TO COPYRIGHT INFRINGEMENT | *Novelty Textile Mills, Inc. v. Joan Fabrics, Corp.*, 558 F.2d 1090, 1094 n.6 (2d Cir. 1977); *McCaskill v. Ray*, 2008 WL 2222056 at *3 (11th Cir. May 30, 2008); *Tennessee Fabricating Co. v. Moutlrie Mfg. Co.*, 421 F.2d 279, 284 (5th Cir. 1970); *Universal Pictures Co. v. Harold Lloyd Corp.*, 162 F.2d 354, 360 (9th Cir. 1947); *Mendler v. Winterland Production, Ltd.*, 207 F.3d 1119, 1124 (9th Cir. 2000) | 14 |
| MSJI No. — | COPYRIGHT INFRINGEMENT—INTERMEDIATE WORKS | *Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1518 19 (9th Cir. 1993); *Walker v. Univ. Books, Inc.*, 602 F.2d 859, 864 (9th Cir. 1979); *Walt Disney Prods. v. Filmation Assocs.*, 628 F. Supp. 871, 875 76 (C.D. Cal. 1986) | 16 |
| MSJI No.__ | COPYRIGHT INFRINGEMENT—INTENT TO INFRINGE NOT NECESSARY FOR LIABILITY | *Pye v. Mitchell*, 574 F.2d 476, 481 (9th Cir. 1978); *L.A. News Serv. v. Conus Communications Co.*, 969 F. Supp. 579, 584 (C.D. Cal. 1997) | 17 |
| 17.20 | DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT—ELEMENTS AND BURDEN OF PROOF | 9th Cir. Civ. Jury Instr. 17.20 (2007) (modified) | 18 |
| 17.21 | DERIVATIVE LIABILITY—CONTRIBUTORY INFRINGEMENT | 9th Cir. Civ. Jury Instr. 17.21 (2007) | 19 |
| 17.19 | COPYRIGHT—AFFIRMATIVE DEFENSE—ABANDONMENT | 9th Cir. Civ. Jury Instr. 17.19 (2007) | 20 |
| MSJI No. — | COPYRIGHT—AFFIRMATIVE DEFENSE—GOOD FAITH TRANSFER | 17 U.S.C. § 205(d); *Peer Int'l Corp. v. Latin Amer. Music Corp.*, 161 F. Supp. 2d 38, 47-48 (D.P.R. 2001); Compendium II, *Copyright Office Practices*, Chapters 1602.2, 1604.02 | 21 |
| MSJI No. — | STATUTE OF LIMITATIONS—FRAUDULENT CONCEALMENT | *Garamendi v. SDI Vendome S.A.*, 276 F. Supp. 2d 1030, 1042-3 (C.D. Cal. 2003); *Hynix Semiconductor v. Rambus, Inc.*, 2007 WL 3284060, at *3 (N.D. Cal. Nov. 2, 2007); | 23 |

| Number | Title | Source | Page |
|--------|-------|--------|------|
| | | *Grisham v. Philip Morris U.S.A., Inc.*, Cal.4th, 54 Cal. Rptr. 3d 735, 744 (2007); *Bernson v. Browning-Ferris Indus.*, 7 Cal. 4th 926, 931 (1994); *April Enterprises, Inc. v. KTTV*, 147 Cal. App.3d 805, 831-32 (1983). | |
| MSJI No. — | AFFIRMATIVE DEFENSE—CONSENT | 2 Schwing, *California Affirmative Defenses*, § 32:3, at 197 (2007); *Greenawalt v. Rogers*, 151 Cal. 630 (1907) | 24 |
| CACI 3901 | INTRODUCTION TO TORT DAMAGES—LIABILITY ESTABLISHED FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS | CACI No. 3901; *GHK Assocs., v. Mayer Group*, 224 Cal. App. 3d 856, 874-76 (1990); *Ramona Manor Convalescent Hosp. v. Care Enters.*, 177 Cal. App. 3d 1120, 1140 (1986) | 25 |
| CACI 3901 | INTRODUCTION TO TORT DAMAGES—LIABILITY ESTABLISHED FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AND BREACH OF THE DUTY OF LOYALTY | CACI No. 3901 | 26 |
| MSJI No. — | DISGORGEMENT OF PROFITS | Restatement of Restitution, § 201 (2008); *County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 543 (2007); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1127 (C.D. Cal. 2003) (citing *Heckmann v. Ahmanson*, 168 Cal. App. 3d 119 (1985)); *Xum Speegle, Inc. v. Fields*, 216 Cal. App. 2d 546 (1963); *Adams v. Herman*, 106 Cal. App. 2d 92, 99 (1951); *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1086 (9th Cir. 2003); Restatement (2d) of Agency, § 403 | 27 |
| CACI 2102 | PRESUMED MEASURE OF DAMAGES FOR CONVERSION | CACI No. 2102 (modified); *Betzer v. Olney*, 14 Cal. App. 2d 53 (1937) | 29 |
| 17.22 | COPYRIGHT—DAMAGES (17 U.S.C. § 504) | 9th Cir. Civ. Jury Instr. 17.22 (2007) | 30 |

| Number | Title | Source | Page |
|---|---|---|---|
| 17.24 | COPYRIGHT—DAMAGES—DEFENDANTS' PROFITS (17 U.S.C. § 504(b)) | 9th Cir. Civ. Jury Instr. 17.24 (2007) (modified) | 31 |
| MSJI No. — | COPYRIGHT—DAMAGES—APPORTIONMENT OF PROFITS | 9th Cir. Civ. Jury Instr. 17.24, comments (2007); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1549 (9th Cir. 1989) | 32 |
| MSJI No. — | COPYRIGHT INFRINGEMENT—APPORTIONMENT | 9th Cir. Civ. Jury Instr. 17.24, comments (2007) (quoting *Nintendo of America, Inc. v. Dragon Pacific Int'l.*, 40 F.3d 1007, 1012 (9th Cir. 1994)); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 401-02 (1940); William F. Patry, PATRY ON COPYRIGHT, § 22:147 (2008) | 33 |
| MSJI No. — | COPYRIGHT—DAMAGES—INDIRECT PROFITS | 9th Cir. Civ. Jury Instr. 17.24 (2007); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004) | 34 |
| MSJI No. — | COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT | 9th Cir. Civ. Jury Instr. 17.27 (2007); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000); *Kamar Int'l, Inc. v. Russ Berrie and Co., Inc.*, 752 F.2d 1326, 1331-32 (9th Cir. 1982); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 106 F.2d 45, 53 (2d Cir. 1939); *Saxon v. Blann*, 968 F.2d 676, 681 (8th Cir. 1992); *Jarvis v. A & M Records*, 827 F. Supp. 282, 294 (1993); *Liu v. Price Waterhouse LLP*, 2000 WL 1644585, *6 (N.D. Ill. 2000) ; 5 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 14.03[C][2] (2006) | 35 |
| MSJI No. — | AFFIRMATIVE DEFENSE—FAILURE TO MITIGATE | CACI No. 358; *Valle de Oro Bank v. Gamboa*, 26 Cal. App. 4th 1686 (1994) | 36 |
| CACI 3947 | PUNITIVE DAMAGES—INDIVIDUAL AND ENTITY DEFENDANTS (REVISED) | CACI No. 3947 (modified) | 37 |

**17.1**

**COPYRIGHT—DEFINED**

**(17 U.S.C. § 106)**

Mattel claims that the defendants, MGA Entertainment, Inc. ("MGA"), Isaac Larian and MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), engaged in copyright infringement.  The defendants deny that claim.

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

(1)     Authorize, or make additional copies, or otherwise reproduce the copyrighted work;

(2)     Prepare derivative works based upon the copyrighted work;

(3)     Distribute copies of the copyrighted work to the public by sale or other transfer of ownership; and

(4)     Display publicly a copyrighted work.

It is the owner of a copyright who may exercise these exclusive rights to copy.  The term "owner" includes an assignee.  In general, copyright law protects against production, adaptation and distribution of substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.

**Authority:**  9th Cir. Civ. Jury Instr. 17.1 (2007) (modified).

**17.4**

**COPYRIGHT INFRINGEMENT—OWNERSHIP AND COPYING**

**(17 U.S.C. § 501A–(b))**

Anyone who copies original elements of a copyrighted work without the owner's permission infringes the copyright.

Mattel claims that the defendants have infringed copyrights for Bratz works. On Mattel's copyright infringement claim, Mattel has the burden of proving both of the following by a preponderance of the evidence:

1.    Mattel is the owner of a valid copyright; and

2.    The defendants copied original elements from the copyrighted work.

If you find that Mattel has proved both of these elements, your verdict should be for Mattel.

If, on the other hand, Mattel has failed to prove either of these elements, your verdict should be for the defendants.

**Authority:**  9th Cir. Civ. Jury Instr. 17.4 (2007).

**17.10**

**COPYRIGHT INTERESTS—ASSIGNEE**

**(17 U.S.C. § 201(d)(1))**

In this case, the plaintiff, Mattel, does not claim to be the creator of the copyright at issue. Instead, Mattel claims it received the copyright by virtue of assignment from the work's creator, Carter Bryant, in the Inventions Agreement, so that Mattel is now the owner of the copyright.  You should assume that Mattel owns all the works you found were created by Carter Bryant, alone or jointly with others, while he was employed by Mattel, and that Mattel may sue for infringement of those works.

**Authority:**  9th Cir. Civ. Jury Instr. 17.10 (2007) (modified).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**17.13**

**COPYRIGHT INTERESTS—DERIVATIVE WORKS**

**(17 U.S.C. §§ 101, 106(2))**


A copyright owner is entitled to exclude others from creating derivative works based upon the owner's copyrighted work.  The term derivative work refers to a work based on one or more pre-existing works, such as drawings or dolls. Accordingly, Mattel is entitled to exclude others from recasting, transforming or adapting, without Mattel's permission, the copyrighted works you found were created by Carter Bryant, alone or jointly with others, while he was employed by Mattel.


**Authority:**  9th Cir. Civ. Jury Instr. 17.13 (2007) (modified).

**17.15 (REVISED)**

**COPYING—DIRECT COPYING AND ACCESS AND**

**SUBSTANTIAL SIMILARITY**

I just instructed you that Mattel has the burden of proving that the defendants copied original elements from Mattel's copyrighted work.  There are two ways in which Mattel may meet that burden.

First, Mattel may show the defendants copied from the work by showing by a preponderance of the evidence that the defendants actually copied a significant amount of protectable expression from the work.

Second, in the alternative, Mattel may also show the defendants copied from the work by showing by a preponderance of the evidence that the defendants had access to Mattel's copyrighted works and that there are substantial similarities between the defendants' works and original elements of Mattel's works.  It is undisputed in this case that defendants had access to Mattel's copyrighted works. Whether there are substantial similarities between the defendants' works and original elements of Mattel's works is for you to decide.

**Authority:**  9th Cir. Civ. Jury Instr. 17.15 (2007) (modified); *Norse v. Henry Holt and Co.*, 991 F.2d 563, 566 (9th Cir. 1993) (finding that substantial similarity analysis is inapposite where there is proof of copying); *Twentieth Century Fox Film Corp. v. Dastar Corp.*, 2000 WL 35503105, at *10 (C.D. Cal. 2000) ("[W]here there is admission of copying, the court need not employ the two part [access and substantial similarity] analysis."); *Funky Films, Inc., Inc. v. Time Warner Entertainment Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (noting that proof of copying involves demonstration of access and substantial similarity "absent evidence of direct copying"), *Three Boys v. Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000) (same); *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996) same).

# MATTEL'S SPECIAL JURY INSTRUCTION NO. ___
## COPYRIGHT INFRINGEMENT—SUBSTANTIAL SIMILARITY
## (REVISED)

You are to make a determination regarding substantial similarity according to a two-step process, which includes application of the "extrinsic test" and the "intrinsic test." To prevail on its claims for copyright infringement, Mattel must satisfy both of these tests.

Under the extrinsic test, Mattel must establish that specific ideas and expressive elements of the works Mattel owns and the Bratz products that Mattel claims are infringing are substantially similar.

The Court has determined what elements of the designs created by Carter Bryant are protectable under copyright law. These are the elements that you should consider for the purpose of your comparisons under the extrinsic test.

First, Mr. Bryant's particularized expressions of the characters' heads, lips, eyes, eyebrows, eye features, nose, chin, and hair are protectable.

Second, Mr. Bryant's particularized expressions of the torso, body and feet of the characters are protectable.

Third, Mr. Bryant's particularized expressions of the characters' clothes, shoes and accessories are protectable.

Certain basic features in the designs created by Carter Bryant are not protectable. Specifically, the mere fact that both the figures in drawings and the dolls have a head, hair, two eyes, eyebrows, lips, nose, chin, and mouth, are wearing clothes and shoes, and have an urban rather than rural style, does not constitute copying of protected expression or ideas.

Nevertheless, particular compilations or combinations of these elements in the drawings, which express a particular style or convey a distinct look or attitude, are protectable. In particular, Mr. Bryant's accentuation or exaggeration of certain

1  anatomical features relative to others, or de-emphasis of certain anatomical features

2  relative to others, is protectable.  For instance, a combination of elements such as an

3  oversized head, eyes, lips, feet and shoes, de-emphasized or absent nose, and funky

4  clothing is protectable.

5      You should consider the elements I have just listed for purposes of the

6  extrinsic test.

7      The intrinsic test looks at the overall similarity of ideas and expression in the

8  works from the perspective of an ordinary observer.  You should ask yourself

9  whether the ordinary, reasonable audience, in this case girls between the ages of 6

10  and 12, would recognize the defendants' products as a "picturization" of the Bratz

11  works that Mattel owns.

12      Mattel does not need to establish that the works it alleges are infringing are

13  identical or virtually identical to the works it owns, nor that the allegedly infringing

14  works do not contain any noninfringing material.  Rather, the test is whether,

15  focusing on the protectable elements of Mr. Bryant's designs which I have identified

16  under the extrinsic test, and the overall look and feel of the works under the intrinsic

17  test, there are substantial similarities in the allegedly infringing works.

18

19  **Authority:**  *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d

20  1394, 1398 (9th Cir. 1997); *Shaw v. Lindheim*, 919 F.2d 1353, 1356-57 (9th Cir.

21  1990); *Jada Toys, Inc. v. Mattel, Inc.*, 1008 WL 450891, *6 (9th Cir. Feb. 21, 2008);

22  *see also Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*,

23  562 F.2d 1157, 1164, 1166 (9th Cir. 1977); *See, e.g., Newton v. Diamond*, 204 F.

24  Supp. 1244, 1253 (C.D. Cal. 2002) ("The protectability of elements in a copyrighted

25  work is a question of law.");  *Stillman v. Leo Burnett Co., Inc.*, 720 F. Supp. 1353,

26  1360-61 (N.D. Ill. 1989) ("The extrinsic and intrinsic tests both involve findings of

27  fact, but the issue of protectibility/nonprotectibility is an issue of law.  Thus, before a

28  court may send a copyright case to the jury, it must satisfy itself that, even assuming

1  copying of an idea and its expression, at least some of what the defendant copied

2  falls into the area of protectible expression."); *Coston v. Product Movers*, 1990 WL

3  56516 at *3 (E.D. Pa., 1990) ("The question of which aspects of plaintiffs' work are

4  protectible expression as opposed to unprotectible idea is an issue of law.");

5  *Webloyalty.com, Inc. v. Consumer Innovations, LLC*, 2005 WL 468496 at *2 (D.

6  Del. 2005) (holding that while a finding of copyright infringement may involve

7  questions of fact, the protectability of copyrighted material is a question of law);

8  *Pivot Point Int'l, Inc. v. Charlene Prods.*, Inc., 932 F. Supp. 220, 225 (N.D. Ill 1996)

9  (the issue of whether a work is "copyrightable is a question of law," and the "jury

10 has nothing to do with this subject."); *ADA v. Delta Dental Plans Ass'n*, 1996 U.S.

11 Dist. LEXIS 5809 at *19 n. 15 (N.D. Ill. 1996) (although copyrightability analysis

12 necessarily requires a court to consider some facts surrounding the works at issue,

13 the inquiry "is far more heavily loaded with policy implications than most other

14 standards," making it appropriate for determination by a court instead of a jury);

15 Trial Transcript, at 6197:14-6198:3.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MATTEL'S SPECIAL JURY INSTRUCTION NO.＿**

**SUBSTANTIAL SIMILARITY—THE "INVERSE RATIO RULE"**

**(REVISED)**

If Mattel shows that the defendants had a high degree of access to the Bratz drawings that Mattel owns, you should view Mattel's burden of proving substantial similarity as lowered.

**Authority:**  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000) ("Under our case law, substantial similarity is inextricably linked to the issue of access.  In what is known as the 'inverse ratio rule,' we 'require a lower standard of proof of substantial similarity when a high degree of access is shown.'"); *Shaw v. Lindheim*, 919 F.2d 1353, 1361-62 (9th Cir. 1990); *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1172 (9th Cir. 1977) (high "degree of access justifies a lower standard of proof to show substantial similarity"); *Smith v. Jackson*, 84 F.3d 1213, 1220-21 (9th Cir. 1996); *Swirsky v. Carey*, 376 F.3d 841 (9th Cir. 2004); *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170 (9th Cir. 2003) ("Under the 'inverse ratio rule,' we 'require a lower standard of proof of substantial similarity when a high degree of access is shown"); *3D, Ltd. v. Spectratek Technologies, Inc.*, 41 Fed. Appx. 931 (9th Cir. 2002) ("Because 3D has presented evidence of Spectratek's access to its pattern, we require less proof of substantial similarity.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MATTEL'S SPECIAL JURY INSTRUCTION NO. ___

## COPYRIGHTABILITY OF CHARACTERS

Copyright law protects distinctive characters.  Defendants' works infringe Mattel's copyrights if they copy recognizable and distinctive elements of the personalities of the characters portrayed in Carter Bryant's drawings.

**Authority:** *Olson v. National Broadcasting Co., Inc.*, 855 F.2d 1446, 1452 (9th Cir. 1988) (distinctive characters can be protected by copyright); *Warner Bros. Inc. v. American Broadcasting Companies, Inc.*, 720 F.2d 231, 235 (2d Cir. 1983) ("Plaintiffs own the copyright in various works embodying the character of Superman and have thereby acquired copyright protection for the character itself."); *Walt Disney Productions v. Air Pirate*s, 581 F.2d 751, 755 (9th Cir. 1978), cert. denied, 439 U.S. 1132 (1979) (distinctive characters, especially if they are expressed in visual form, are protectable by copyright); *Anderson v. Stallone*, 1989 Copr. L. Dec. P 26427, 1989 WL 206431 (C.D. Cal. 1989) (copyright protection extended to the Rocky character); *Toho Co., Ltd. v. William Morrow and Co., Inc.*, 33 F. Supp. 2d 1206, 1215 (C.D. Cal. 1998) (Godzilla); *Metro-Goldwyn-Mayer, Inc. v. American Honda Motor Co., Inc.*, 900 F. Supp. 1287, 1296 (C.D. Cal. 1995) (James Bond).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### MATTEL'S SPECIAL JURY INSTRUCTION NO. ___
### COPYRIGHT INFRINGEMENT—EVIDENCE OF COPYING OF
### NAMES OR TITLES

Although names or titles are not copyrightable by themselves, in considering whether defendants copied protected expression from the works that Mattel owns, you may consider whether defendants copied the title or name of those works.

**Authority:** *Shaw v. Lindheim*, 919 F.2d 1353, 1362 (9th Cir. 1994); *Wihtol v. Wells*, 231 F.2d 550, 553 (7th Cir. 1956).

# MATTEL'S SPECIAL JURY INSTRUCTION NO. ___ COPYRIGHT INFRINGEMENT—THREE-DIMENSIONAL WORKS CAN INFRINGE TWO-DIMENSIONAL WORKS

A two-dimensional work, such as a drawing, can be infringed by a three-dimensional work, such as a doll.  A doll, which consists of different materials or includes aspects that are not visible in a copyrighted drawing, nevertheless will infringe the drawing when the works are substantially similar in their appearance.  A three-dimensional work is not an independent creation, or non-infringing, merely because it includes or is a result of artistic or non-artistic work not included in the copyrighted work. Rather, the question is whether, under the standards I have explained, the three-dimensional work is substantially similar to the two-dimensional work as a whole.

**Authority:**  *King Features Syndicate v. Fleischer*, 299 F. 533, 534, 538 (2d Cir. 1924) (copyright of a comic book infringed by three-dimensional dolls of a character); *Fleischer Studios v. Ralph A. Freundlich, Inc.*, 73 F.2d 276, 278 (2d Cir. 1934) (drawing of Betty Boop character infringed by substantially similar doll:  "a three-dimensional form of doll, is an infringement of the two-dimensional picture or drawing"); *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1222-23 (9th Cir. 1997) ("making decisions that enable one to reproduce or transform an already existing work into another medium or dimension - though perhaps quite difficult and intricate decisions - is not enough to constitute the contribution of something 'recognizably his own,'" even where those decisions are "artistic").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### MATTEL'S SPECIAL JURY INSTRUCTION NO. ___

### COPYRIGHT INFRINGEMENT—THREE DIMENSIONAL

### INFORMATION NOT NECESSARY

Drawings may be substantially similar to a three dimensional object, such as a doll, even if the drawing does not explain how to design or manufacture such a three dimensional object.

**Authority**:  *Shine v. Childs*, 382 F. Supp. 2d 602, 608 (S.D.N.Y. 2005) (architectural "plans or designs not sufficiently detailed to allow for construction still may be protected"); *see also Fleisher Studios v. Ralph A. Freundlich, Inc.*, 73 F.2d 276, 278) (2d Cir. 1934); *King Features Syndicate v. Fleisher*, 299 F. 533 (2d Cir. 1924).

1

2

3

4

<u>**MATTEL'S SPECIAL JURY INSTRUCTION NO.**</u>

<u>**ALTERATION OF COLOR NOT A DEFENSE TO COPYRIGHT**</u>

<u>**INFRINGEMENT**</u>

5

6

7

8

The unauthorized reproduction of a copyrighted work which changes the colors or color scheme is nevertheless act of copyright infringement.  In other words, changing the color scheme of a copyrighted work is not a defense to copyright infringement.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Authority**:  *Novelty Textile Mills, Inc. v. Joan Fabrics, Corp.*, 558 F.2d 1090, 1094 n.6 (2d Cir. 1977) ("[O]nce a copyrighted design is found to have been copied, mere changes in the color scheme of the copied design would ordinarily not protect the defendant from a claim of infringement."); *McCaskill v. Ray*, 2008 WL 2222056 at *3 (11th Cir. May 30, 2008) (holding that district court erred in granting summary judgment in favor of plaintiff for copyright infringement when portions of the accused work were "identical" to or "essentially the same except for minor changes in wording or color coding" as plaintiff's work); *Tennessee Fabricating Co. v. Moutrie Mfg. Co.*, 421 F.2d 279, 284 (5th Cir. 1970) ("no doubt" that defendant does not avoid infringement by adding additional straight lines to plaintiff's filigree pattern for metal casting); *Universal Pictures Co. v. Harold Lloyd Corp.*, 162 F.2d 354, 360 (9th Cir. 1947) ("[I]nfringement is not confined to literal and exact repetition or reproduction; it includes also the various modes in which the matter of any work may be adopted, imitated, transferred, or reproduced, with more or less colorable alterations to disguise the piracy."); *Mendler v. Winterland Production, Ltd.*, 207 F.3d 1119, 1124 (9th Cir. 2000) (Apparel manufacturer's modifications to photograph that was licensed by photographer for use as "guide, model, and example for illustrations on screen-printed" apparel, which included digital reproduction, horizontal flip of image, extension of subject sailing vessel, and

1  changes in color and tonal range, did not destroy photographic quality of

2  photograph, and manufacturer's use of photograph was thus unauthorized by license,

3  which prohibited photographic reproductions, and infringed photographer's

4  copyright).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MATTEL'S SPECIAL JURY INSTRUCTION NO. \_\_\_
## COPYRIGHT INFRINGEMENT—INTERMEDIATE WORKS

A copyright can be infringed by intermediate or preparatory works, including works prepared in the product development or marketing stage, that are substantially similar to a copyrighted work, regardless of whether the end product of the copying also infringes the copyright.

**Authority:** *Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1518-19 (9th Cir. 1993); *Walker v. Univ. Books, Inc.*, 602 F.2d 859, 864 (9th Cir. 1979); *Walt Disney Prods. v. Filmation Assocs.*, 628 F. Supp. 871, 875-76 (C.D. Cal. 1986).

1
2
3
4

## MATTEL'S SPECIAL JURY INSTRUCTION NO.___
## COPYRIGHT INFRINGEMENT—INTENT TO INFRINGE NOT
## NECESSARY FOR LIABILITY

5     Direct copyright infringement does not require intent or any particular state of

6  mind.  A defendant may be held liable for copyright infringement even if he

7  believes in good faith that he is not infringing a copyright.

8

9     **Authority:**  *Pye v. Mitchell*, 574 F.2d 476, 481 (9th Cir. 1978) ("[E]ven when

10  the defendant believes in good faith that he is not infringing a copyright, he may be

11  found liable."); *L.A. News Serv. v. Conus Communications Co.*, 969 F. Supp. 579,

12  584 (C.D. Cal. 1997) ("Direct infringement does not require intent or any particular

13  state of mind.").

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**17.20**

**DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT—ELEMENTS AND BURDEN OF PROOF**

If you find that MGA infringed Mattel's copyright in the Bratz works, you may consider Mattel's claim that MGA's CEO Isaac Larian vicariously infringed that copyright.  Mattel has the burden of proving each of the following by a preponderance of the evidence:

1.      Mr. Larian profited directly from the infringing activity of MGA;

2.      Mr. Larian had the right and ability to supervise/control the infringing activity of MGA; and

3.      Mr. Larian failed to exercise that right and ability.

If you find that Mattel proved each of these elements, your verdict should be for Mattel if you also find that MGA infringed Mattel's copyright.  If, on the other hand, Mattel has failed to prove any of these elements, your verdict should be for Mr. Larian on Mattel's claim for copyright infringement, unless you find that Mr. Larian is liable for contributory infringement under the instruction that follows.

**Authority:**  9th Cir. Civ. Jury Instr. 17.20 (2007) (modified).

**17.21**

**DERIVATIVE LIABILITY—CONTRIBUTORY INFRINGEMENT**

A defendant may be liable for copyright infringement engaged in by another if he/it knew or had reason to know of the infringing activity and intentionally materially contributes to that infringing activity.

If you find that MGA infringed Mattel's copyright in Bratz works, but that MGA Hong Kong and/or MGA's CEO Isaac Larian did not directly or vicariously engage in acts of infringement, you should proceed to consider Mattel's claim that MGA Hong Kong and Mr. Larian contributorily infringed that copyright.  To prove contributory copyright infringement, Mattel must prove both of the following elements by a preponderance of the evidence:

1.     Mr. Larian and/or MGA Hong Kong knew or had reason to know of the infringing activity of MGA; and

2.     Mr. Larian and/or MGA Hong Kong intentionally materially contributed to MGA's infringing activity.

If you find that MGA infringed Mattel's copyright and you also find that Mattel has proved both of these elements, your verdict should be for Mattel.  If, on the other hand, Mattel has failed to prove either or both of these elements as against MGA Hong Kong and/or Mr. Larian, and also failed to prove direct or vicarious infringement by MGA Hong Kong and/or Mr. Larian, your verdict should be for those defendants.

**Authority:**  9th Cir. Civ. Jury Instr. 17.21 (2007).

**Affirmative Defenses**

**17.19**

**COPYRIGHT—AFFIRMATIVE DEFENSE—ABANDONMENT**

Defendants contend that Mattel does not own the copyrights at issue in this case because Mattel abandoned the copyrights.  Mattel cannot claim ownership of the copyrights if they were abandoned.  In order to show abandonment, the defendants have the burden of proving each of the following by a preponderance of the evidence:

1.      Mattel intended to surrender rights in the works; and

2.      An act by Mattel evidencing that intent.

Mere inaction does not constitute abandonment of the copyright; however, this may be a factor for you to consider in determining whether Mattel has abandoned the copyright.

If you find that Mattel has proved its claims for copyright infringement against the defendants, your verdict should be for Mattel, unless you find that the defendants have proved each of the elements of this affirmative defense, in which case your verdict should be for the defendants.

**Authority:**  9th Cir. Civ. Jury Instr. 17.19 (2007).

## MATTEL'S SPECIAL JURY INSTRUCTION NO. ___
## COPYRIGHT—AFFIRMATIVE DEFENSE—GOOD FAITH TRANSFER

The defendants claim that their rights in the Bratz works created by Carter Bryant should prevail over Mattel's rights in those works because Mr. Bryant transferred the rights to MGA after he transferred them to Mattel and MGA obtained the rights in good faith.  In order to establish that MGA's later-acquired rights in the Bratz works should prevail, the defendants have the burden of proving by a preponderance of the evidence that MGA:

1.      Received the transfer of rights in Bratz works in good faith and without notice of Mr. Bryant's earlier transfer to Mattel, that is, without notice that Mattel had rights to the works;

2.      Paid valuable consideration;

3.      Registered each of the copyrights in Bratz works with the Copyright Office; and

4.       Duly recorded the transfer of the rights to MGA, i.e., the MGA/Bryant assignment agreement, before Mattel recorded its transfer, i.e., the Inventions Agreement.

To duly record the transfer, as required for the fourth element, MGA must have submitted to the Copyright Office the MGA/Bryant assignment agreement such that the recorded document, or material attached to it, specifically identifies the copyrighted works to which the assignment pertains.  A registration of a copyright is not a substitute for recordation.

It is undisputed in this case that the MGA/Bryant assignment agreement has not been recorded.

1     **Authority:**  17 U.S.C. § 205(d); *Peer Int'l Corp. v. Latin Amer. Music Corp.*,

2  161 F. Supp. 2d 38, 47-48 (D.P.R. 2001); Compendium II, *Copyright Office*

3  *Practices*, Chapters 1602.2, 1604.02.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**MATTEL'S SPECIAL JURY INSTRUCTION NO.** ___
**STATUTE OF LIMITATIONS—FRAUDULENT CONCEALMENT**

3

4       Mattel claims that defendants fraudulently concealed the facts underlying

5   Mattel's claims of intentional interference with contract and conversion.  Defendants

6   deny these allegations.

7       To prove fraudulent concealment, Mattel must show that the defendants

8   intentionally concealed the facts that could have led Mattel to discover that Carter

9   Bryant created Bratz works while employed by Mattel or that Mr. Bryant entered

10   into a contract with and worked with MGA while he was still employed by Mattel.

11       If you find that defendants intentionally concealed the facts that could have

12   led Mattel to discover that Carter Bryant created Bratz works while employed by

13   Mattel or that Mr. Bryant entered into a contract with and worked with MGA while

14   he was still employed by Mattel, you should find for Mattel on its allegations of

15   fraudulent concealment.

16

17       **Authority:**  *Garamendi v. SDI Vendome S.A.*, 276 F. Supp. 2d 1030, 1042-3

18   (C.D. Cal. 2003); *Hynix Semiconductor v. Rambus, Inc.*, 2007 WL 3284060, at *3

19   (N.D. Cal. Nov. 2, 2007) (tolling based on fraudulent concealment ends when the

20   plaintiff has "a suspicion of wrongdoing, coupled with a knowledge of the harm and

21   its cause"); *Grisham v. Philip Morris U.S.A., Inc.*, _ Cal.4th _, 54 Cal. Rptr. 3d 735,

22   744 (2007) ("[a] defendant's fraud in concealing a cause of action against him will

23   toll the statute of limitations."); *Bernson v. Browning-Ferris Indus.*, 7 Cal. 4th 926,

24   931 (1994) (reversing summary judgment on statute of limitations grounds where

25   "defendant's fraud in concealing a cause of action against him tolls the applicable

26   statute of limitations"); *April Enterprises, Inc. v. KTTV*, 147 Cal. App.3d 805, 831-

27   32 (1983).

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MATTEL'S SPECIAL JURY INSTRUCTION NO.    
# AFFIRMATIVE DEFENSE—CONSENT

The defendants claim that Mattel consented to the wrongful conduct underlying Mattel's claims against the defendants in this case.  To prevail on this affirmative defense, the defendants must prove that Mattel knew of the defendants' wrongful conduct and consented to such conduct, and that such consent was obtained without any fraud or mistake.

**Authority:**  2 Schwing, *California Affirmative Defenses*, § 32:3, at 197 (2007)  ("To be a defense, the consent given must have been to the very act or circumstances that caused the harm giving rise to the action.") (citation omitted); *Greenawalt v. Rogers*, 151 Cal. 630, 635 (1907) ("An apparent consent is not real or free when obtained through . . . fraud [or] mistake.").

-24-

1

**<u>Damages</u>**

2

3

**<u>CACI 3901</u>**

4

**<u>INTRODUCTION TO TORT DAMAGES—LIABILITY ESTABLISHED</u>**

5

**<u>FOR INTENTIONAL INTERFERENCE WITH</u>**

6

**<u>CONTRACTUAL RELATIONS</u>**

7

8        In Phase 1A, you determined that Mattel had proved its claim for intentional

9    interference with contractual relations against the defendants MGA and Isaac

10   Larian.  You must now decide how much money will reasonably compensate Mattel

11   for this harm.  This compensation is called "damages."

12        The amount of damages must include an award for each item of harm that

13   was caused by MGA's and Mr. Larian's wrongful conduct, even if the particular

14   harm could not have been anticipated.

15        Mattel does not have to prove the exact amount of damages that will provide

16   reasonable compensation for the harm.  However, you must not speculate or guess

17   in awarding damages.

18        The following are the specific items of damages claimed by Mattel:

19        (1)      Compensatory and general damages, including disgorgement of profits

20   earned by MGA and Mr. Larian as a result of their wrongful conduct;

21        (2)      Prejudgment interest at the maximum rate, which is 7%, calculated

22   from the date Mattel's claim arose;

23        (3)      Punitive damages.

24

25        **Authority:**  CACI No. 3901; *GHK Assocs. v. Mayer Group*, 224 Cal. App. 3d

26   856, 874-76 (1990); *Ramona Manor Convalescent Hosp. v. Care Enters.*, 177 Cal.

27   App. 3d 1120, 1140 (1986).

28

**CACI 3901**

**INTRODUCTION TO TORT DAMAGES—LIABILITY ESTABLISHED**

**FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AND**

**BREACH OF THE DUTY OF LOYALTY**

In Phase 1A, you determined that Mattel had proved its claims against the defendants MGA and Isaac Larian for aiding and abetting Carter Bryant's breach of fiduciary duty and breach of the duty of loyalty.  You must now decide how much money will reasonably compensate Mattel for this harm.  This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by MGA's and Mr. Larian's wrongful conduct, even if the particular harm could not have been anticipated.

Mattel does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Mattel:

(1)    Compensatory and general damages, including disgorgement of profits earned by MGA and Mr. Larian as a result of their wrongful conduct;

(2)    Prejudgment interest at the maximum rate, which is 7%, calculated from the date Mattel's claim arose;

(3)    Punitive damages.

**Authority:**  CACI No. 3901.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MATTEL'S SPECIAL JURY INSTRUCTION NO. ___
## DISGORGEMENT OF PROFITS

Mattel is entitled to obtain disgorgement of profits as an element of its damages.  Under the law, MGA and Isaac Larian are not permitted to retain profits or advantages they obtained by engaging in the wrongful acts of aiding and abetting breach of fiduciary duty and duty of loyalty that you have found.  Accordingly, if you find that MGA and/or Mr. Larian obtained profits or advantages because of these wrongful acts, those profits and advantages should be awarded to Mattel.

**Authority:**  Restatement of Restitution, § 201 (2008) ("Where a fiduciary in violation of his duty to the beneficiary communicates confidential information to a third person, the third person, if he had notice of the violation of duty, holds upon a constructive trust for the beneficiary any profit which he makes through the use of such information."); *County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 543 (2007) ("Disgorgement of profits is particularly applicable in cases dealing with breach of a fiduciary duty"; "Active participants in the breach of fiduciary duty by another are accountable for all advantages they gained thereby and are liable to the beneficiary of the duty"); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1127 (C.D. Cal. 2003) (a party who aids and abets a breach of fiduciary duty will be jointly liable) (citing *Heckmann v. Ahmanson*, 168 Cal. App. 3d 119 (1985)); *Xum Speegle, Inc. v. Fields*, 216 Cal. App. 2d 546 (1963) (upholding accounting of all insurance commissions wrongfully diverted to defendant in action for breach of fiduciary duty); *Adams v. Herman*, 106 Cal. App. 2d 92, 99 (1951) ("It is an integral part of that rule that, if the agent makes a secret profit from the agency, the principal may recover such profit."); *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1086 (9th Cir. 2003) ("Although there are few reported cases addressing the appropriate remedy, those we have found have also required employees to turn over profits

1   received as a result of breaching their duty of loyalty."); Restatement (2d) of

2   Agency, § 403 ("If an agent receives anything as a result of his violation of a duty of

3   loyalty to the principal, he is subject to a liability to deliver it, its value, or its

4   proceeds, to the principal.").

# CACI 2102

## PRESUMED MEASURE OF DAMAGES FOR CONVERSION

In Phase 1A of this trial, you found that Mattel had proved its claims for conversion against MGA, Isaac Larian and MGA Hong Kong.  You must now decide how much money will reasonably compensate Mattel for the harm.  This compensation is called "damages."

Mattel must prove the amount of its damages.  However, Mattel does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.  You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Mattel:

(1)     The fair market value of the tangible Bratz works created by Carter Bryant while he was employed by Mattel; and

(2)     Prejudgment interest at the maximum rate, which is 7%, calculated from the date Mattel's property was converted;

(3)     Reasonable compensation for the time and money spent by Mattel in attempting to recover this property;

(4)     Punitive damages.

**Authority:**  CACI No. 2102 (modified); *Betzer v. Olney*, 14 Cal. App. 2d 53, 61 (1937).

MATTEL'S FOURTH AMENDED DISPUTED PROPOSED JURY INSTRUCTIONS FOR PHASE 1B

1

2

3

4

**<u>17.22</u>**

**<u>COPYRIGHT—DAMAGES</u>**

**<u>(17 U.S.C. § 504)</u>**

5   If you find for the plaintiff, Mattel, on any of its copyright infringement

6   claims against the defendants, you must determine Mattel's damages.  Mattel is

7   entitled to recover the actual damages suffered as a result of the infringement.  In

8   addition, Mattel is also entitled to recover any profits of the defendants attributable

9   to the infringement.  Mattel must prove damages by a preponderance of the

10  evidence.

11

12   **Authority:**  9th Cir. Civ. Jury Instr. 17.22 (2007).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**17.24**

**COPYRIGHT—DAMAGES—DEFENDANTS' PROFITS**

**(17 U.S.C. § 504(b))**

Mattel is entitled to any profits of the defendants attributable to the infringement.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal relationship between the infringement and the defendant's gross revenue.

The defendant's profit is determined by deducting expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from sale of a product containing or using the copyrighted work or associated with the infringement.  Mattel has the burden of proving the defendants' gross revenue by a preponderance of the evidence.

Expenses are all operating costs and production costs incurred in producing the defendant's gross revenue.  The defendants have the burden of proving the defendants' expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement.  The defendants have the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

**Authority:**  9th Cir. Civ. Jury Instr. 17.24 (2007) (modified).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MATTEL'S SPECIAL JURY INSTRUCTION NO. ___
## COPYRIGHT—DAMAGES—APPORTIONMENT OF PROFITS

In determining what portion of the defendants' profits are attributable to copyright infringement, the benefit of the doubt should be given to Mattel, and not defendants.

**Authority:**  9th Cir. Civ. Jury Instr. 17.24, comments (2007); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1549 (9th Cir. 1989) ("In performing the apportionment, the benefit of the doubt must always be given to the plaintiff, not the defendant . . . .").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MATTEL'S SPECIAL JURY INSTRUCTION NO. ___
## COPYRIGHT INFRINGEMENT—APPORTIONMENT

If you cannot readily separate the infringing and non-infringing elements of a work that you find infringes Mattel's copyrights, then you should not apportion defendants' profits.  Instead, in such a circumstance, all profits defendants' obtained from the infringing works should be awarded to Mattel.

**Authority**:  Comment to Ninth Circuit Model Instruction No. 17.24 (quoting *Nintendo of America, Inc. v. Dragon Pacific Int'l.*, 40 F.3d 1007, 1012 (9th Cir. 1994)); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 401-02 (1940) ("when the copyrighted portions are so intermingled with the rest of the piratical work 'that they cannot well be distinguished from it,' the entire profits realized by the defendants will be given to the plaintiff.") (citation omitted); William F. Patry, PATRY ON COPYRIGHT, § 22:147 (2008) ("where the infringing work consists mostly of infringed material that gives the work its value and is inextricably intertwined with the original, courts have refused to apportion.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MATTEL'S SPECIAL JURY INSTRUCTION NO. ___
## COPYRIGHT—DAMAGES—INDIRECT PROFITS

Indirect profits are the defendant's profits with a less direct connection or link to the infringement.  A plaintiff such as Mattel may be entitled to indirect profits in addition to direct profits.  To recover indirect profits, Mattel must establish a causal relationship between the infringement and the profits generated indirectly from such infringement.

In other words, Mattel must offer some evidence that the infringement at least partially caused the profits that the infringer generated as a result of the infringement.

**Authority:**  9th Cir. Civ. Jury Instr. 17.24 (2007); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 710-11, 714 n.10 (9th Cir. 2004).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MATTEL'S SPECIAL JURY INSTRUCTION NO.____
## COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT

Mattel also claims that defendants engaged in willful infringement of Mattel's copyrights.  An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

    1.    The defendant engaged in acts that infringed the copyright; and

    2.    The defendant knew that those acts infringed the copyright.

A defendant cannot deduct overhead expenses, operating expenses or taxes from his/its gross revenue when the copyright infringement is willful.

**Authority:**  9th Cir. Civ. Jury Instr. 17.27 (2007); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000) (noting that willful infringers are not permitted to deduct income taxes); *Kamar Int'l, Inc. v. Russ Berrie and Co., Inc.*, 752 F.2d 1326, 1331-32 (9th Cir. 1982) ("[a] portion of an infringer's overhead properly may be deducted from gross revenues to arrive at profits, at least where the infringement was not willful, conscious, or deliberate.") (emphasis added); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 106 F.2d 45, 53 (2d Cir. 1939) (a willful infringer may not deduct its income taxes); *Saxon v. Blann*, 968 F.2d 676, 681 (8th Cir. 1992) (a willful infringer may not deduct overhead expenses); *Jarvis v. A & M Records*, 827 F. Supp. 282, 294 (1993) ("[I]f defendant's conduct is willful, overhead may not be deducted"); *Liu v. Price Waterhouse LLP*, 2000 WL 1644585, *6  (N.D. Ill. 2000) (approving jury instruction barring deduction of overhead if the jury were to find willful infringement); 5 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 14.03[C][2] (2006) (it is "settled law" that infringers are not entitled to income tax deductions).

1

2

3

## MATTEL'S SPECIAL JURY INSTRUCTION NO. ___
## AFFIRMATIVE DEFENSE—FAILURE TO MITIGATE[1]

4       The defendants claim that Mattel failed to mitigate damages allegedly caused

5   by the defendants' wrongful conduct.  The doctrine of mitigation of damages holds

6   that a plaintiff who suffers damages as a result of a breach of contract or a tort has a

7   duty to take reasonable steps to mitigate those damages and may not recover for

8   damages avoidable through ordinary care and reasonable exertion.  The duty to

9   mitigate damages does not require an injured party to do what is unreasonable or

10  impracticable.

11      The burden of proving that losses could have been avoided by plaintiff by

12  reasonable effort and expense is always on the party who harmed the plaintiff.

13

14      **Authority:**  CACI No. 358, comments; *Valle de Oro Bank v. Gamboa*,

15  26 Cal. App. 4th 1686, 1691 (1994).

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1]   Mattel does not believe that any instruction on mitigation is appropriate.
However, if any instruction is to be given, Mattel proposes this instruction.

**CACI 3947**

**PUNITIVE DAMAGES—INDIVIDUAL AND ENTITY DEFENDANTS**

**(REVISED)**

If you decide that Isaac Larian's, MGA's or MGA Hong Kong's conduct caused Mattel harm, you must decide whether that conduct justifies an award of punitive damages.  The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Mr. Larian only if Mattel proves by clear and convincing evidence that Mr. Larian engaged in that conduct with malice, oppression, or fraud.

You may award punitive damages against MGA or MGA Hong Kong only if Mattel proves that MGA or MGA Hong Kong acted with malice, oppression, or fraud.  To do this, Mattel must prove one of the following by clear and convincing evidence:

1. That the malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of MGA or MGA Hong Kong, who acted on behalf of MGA or MGA Hong Kong; or

2. That an officer, a director, or a managing agent of MGA or MGA Hong Kong had advance knowledge of the unfitness of another officer, director, or managing agent of MGA or MGA Hong Kong and employed that person with a knowing disregard of the rights or safety of others; or

3. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of MGA or MGA Hong Kong; or

4. That one or more officers, directors, or managing agents of MGA or MGA Hong Kong knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it had occurred.

1   "Malice" means that a defendant acted with intent to cause injury or that a
2   defendant's conduct was despicable and was done with a willful and knowing
3   disregard of the rights or safety of another.  A defendant acts with knowing
4   disregard when the defendant is aware of the probable dangerous consequences of
5   his or its conduct and deliberately fails to avoid those consequences.

6   "Oppression" means that a defendant's conduct was despicable and subjected
7   Mattel to cruel and unjust hardship in knowing disregard of its rights.

8   "Despicable conduct" is conduct that is so vile, base, or contemptible that it
9   would be looked down on and despised by reasonable people.

10   "Fraud" means that a defendant intentionally misrepresented or concealed a
11   material fact and did so intending to harm Mattel.

12   An employee is a "managing agent" if he or she exercises substantial
13   independent authority and judgment in his or her corporate decision making such
14   that his or her decisions ultimately determine corporate policy.

15   There is no fixed formula for determining the amount of punitive damages,
16   and you are not required to award any punitive damages.  If you decide to award
17   punitive damages, you should consider all of the following separately for each
18   defendant in determining the amount:

19   (a)   How reprehensible was that defendant's conduct?  In deciding how
20   reprehensible a defendant's conduct was, you may consider, among other factors:

21   1.   Whether the defendant's conduct involved a pattern or practice; and

22   2.   Whether the defendant acted with trickery or deceit.

23   (b)   Is there a reasonable relationship between the amount of punitive
24   damages and Mattel's harm or between the amount of punitive damages and
25   potential harm to Mattel that the defendant knew was likely to occur because of his
26   or its conduct?

27   (c)   In view of that defendant's financial condition, what amount is
28   necessary to punish him or it and discourage future wrongful conduct?  You may not

1   increase the punitive award above an amount that is otherwise appropriate merely

2   because a defendant has substantial financial resources.

3

4        **Authority:**   CACI No. 3947 (modified).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28