THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>        v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>MGA PARTIES' RESPONSE TO MATTEL'S OBJECTION TO MGA PARTIES' JURY INSTRUCTION ON PUNITIVE DAMAGES |

# CACI NO. 3947
# PUNITIVE DAMAGES – INDIVIDUAL AND ENTITY DEFENDANTS – TRIAL NOT BIFURCATED

If you decide that MGA's, MGA (HK)'s, or Mr. Larian's conduct caused Mattel harm, you must decide whether that conduct justifies an award of punitive damages.  The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Mr. Larian only if Mattel proves by clear and convincing evidence that Mr. Larian engaged in that conduct with malice, oppression, or fraud.

You may award punitive damages against MGA (HK) only if Mattel proves that MGA (HK) acted with malice, oppression, or fraud.  You may award punitive damages against MGA only if Mattel proves that MGA acted with malice, oppression, or fraud.  To do this, Mattel must prove one of the following by clear and convincing evidence:

1. That the malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of MGA or MGA (HK), who acted on behalf of MGA or MGA (HK); or

2. That an officer, a director, or a managing agent of MGA or MGA (HK) had advance knowledge of the unfitness of another officer, director, or managing agent of MGA or MGA (HK) and employed that person with a knowing disregard of the rights or safety of others; or

3. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of MGA or MGA (HK); or

1

    4. That one or more officers, directors, or managing agents of MGA or MGA (HK) knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it had occurred.

"Malice" means that a defendant acted with intent to cause injury or that a defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.  A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of his, her, or its conduct and deliberately fails to avoid those consequences.

"Oppression" means that a defendant's conduct was despicable and subjected Mattel to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct " is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that a defendant intentionally misrepresented or concealed a material fact and did so intending to harm Mattel.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.  If you decide to award punitive damages, you should consider all of the following separately for each defendant in determining the amount:

(a) How reprehensible was that defendant's conduct? In deciding how reprehensible a defendant's conduct was, you may consider, among other factors:

1. Whether the conduct caused physical harm;

2. Whether the defendant disregarded the health or safety of others;

3. Whether Mattel was financially weak or vulnerable and the defendant knew Mattel was financially weak or vulnerable and took advantage of it;

4. Whether the defendant's conduct involved a pattern or practice; and

5. Whether the defendant acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Mattel's harm or between the amount of punitive damages and potential harm to Mattel that the defendant knew was likely to occur because of its conduct? Punitive damages may not be used to punish a defendant for the impact of its alleged misconduct on persons other than Mattel.

(c) In view of the defendant's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources. Any award you impose may not exceed that defendant's ability to pay.

**Authority:** CACI No. 3947.

**Mattel's Objection:**

Mattel objects to the proposed instruction on the following grounds.

1. The proposed instruction improperly omits references to MGA HK, even though Mattel is seeking punitive damages against this defendant.

2. The proposed instruction is likely to confuse and mislead the jury because it includes factors that are not relevant in the context of this action. Specifically, the proposed instruction states that the jury is to consider "Whether the conduct caused physical harm;" "Whether the defendant disregarded the health or safety of others;" "Whether Mattel was financially weak or vulnerable and the defendant knew Mattel was financially weak or vulnerable and took advantage of it." These factors may be relevant in a case involving allegations of intentional infliction of emotional distress or elder abuse. They are not, however, appropriate in this case because it does not involve allegations of physical harm or financial imbalance. Mattel respectfully requests the Court issue Mattel's proposed instruction on punitive damages, which omits these irrelevant factors.

3. The proposed instruction improperly states that "Punitive damages may not be used to punish a defendant for the impact of its alleged misconduct on persons other than Mattel." That statement has no application in this case, where Mattel does not allege as a basis for punitive damages any detrimental impact on persons other than Mattel.

4. The proposed instruction improperly states that "Any award you impose may not exceed that defendant's ability to pay." The commentary to the model instruction states that this language should be included in the instruction only if the defendant presents evidence of its inability to satisfy an award of damages. But here, MGA and MGA Hong Kong have not proffered a net worth figure, and Larian claims a net worth of between $500 and $600 million. In this case, this sentence should be deleted from the instruction.

4

MGA Parties' Responses to Mattel's Objection to MGA Parties' Punitive Damages Instruction–
Case No. CV 04-9049 SGL (RNBx)

**MGA Parties' Response:**

The MGA Parties have revised the instruction to include MGA (HK).

Mattel's objection to the inclusion of all of the factors in paragraph (a) has no basis in law or in the jury instruction. These are not optional portions of the instructions for use only when they bear some resemblance to the case at hand. See CACI No. 3947 Directions for Use. Rather, they represent precisely the factors to be considered in determining whether to award punitive damages. <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408, 419 (2003) ("We have instructed courts to determine the reprehensibility of a defendant by considering whether: the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident. The existence of any one of these factors weighing in favor of a plaintiff may not be sufficient to sustain a punitive damages award; and the absence of all of them renders any award suspect.") The purpose of the instruction is to inform the jury of all of the factors relevant to punitive damages, **not** merely to direct the jury to factors that might support Mattel's claim that it is entitled to punitive damages.

That said, the MGA Parties inclusion of optional but accurate statements of the law cannot conceivably prejudice Mattel.

Mattel's objection to the statement that "Punitive damages may not be used to punish a defendant for the impact of its alleged misconduct on persons other than Mattel" does not question the legitimacy of this statement as an accurate reflection of the law. Indeed, the comments to CACI 3907 cite to the Supreme Court's holding in <u>Philip Morris USA v. Williams</u> that "the Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, i.e., injury that it inflicts upon those who are,

5

MGA Parties' Responses to Mattel's Objection to MGA Parties' Punitive Damages Instruction–
Case No. CV 04-9049 SGL (RNBx)

essentially, strangers to the litigation." 549 U.S. 346, --, 127 S. Ct. 1057, 1063 (2007). Moreover, in discussing litigation against parties other than Mattel, Mattel has painted the MGA Parties as litigious. The jury may be inclined to consider those other parties and unrelated "bad acts" in assessing its damages award, which would be improper. State Farm Mut. Auto. Ins. Co., 538 U.S. at 423 ("A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business.").

Mattel's objection that the statement that "Any award you impose may not exceed that defendant's ability to pay" should not be included because of the defendants' purported wealth is disingenuous. Mattel has repeatedly expressed its desire for a substantial, if not completely debilitating, damages award in this case. Mattel is seeking disgorgement of profits, and punitive damages on top of that. The jury could easily return a damages award greater than the MGA Parties' ability to pay, despite whatever resources they may have. Moreover, the MGA Parties have not yet finished presenting their case and this Court has already considered briefing on the admissibility of information on the parties' current financial state. See MGA Parties' Memorandum Re Punitive Damages, filed 8/6/08.

Notably, Mattel does not dispute that this statement is an accurate recitation of the law. "[T]he purpose of punitive damages is not served by financially destroying a defendant. The purpose is to deter, not to destroy." Adams v. Murakami, 54 Cal. 3d 105, 112 (1991); see also Ferguson v. Lieff, Cabraser, Heimann & Bernstein, 30 Cal. 4th 1037, 1047-48 (2003) ("The ultimately proper level of punitive damages is an amount not so low that the defendant can absorb it with little or no discomfort, nor so high that it destroys, annihilates, or cripples the defendant.") Indeed, California courts have held that punitive damages should generally not exceed ten percent of a defendant's net worth. See Michelson v. Hamada, 29 Cal. App. 4th 1566, 1596 (1994). Thus, this is an appropriate

6

MGA Parties' Responses to Mattel's Objection to MGA Parties' Punitive Damages Instruction–
Case No. CV 04-9049 SGL (RNBx)

instruction for the jury and it would be error to omit it given the prejudice and potential confusion its omission would cause.

DATED:  August 13, 2008                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                   By:      /s/ Thomas J. Nolan
                                            Thomas J. Nolan
                                    Attorneys for the MGA Parties

7

MGA Parties' Responses to Mattel's Objection to MGA Parties' Punitive Damages Instruction–
Case No. CV 04-9049 SGL (RNBx)