QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**MATTEL, INC.'S REVISED PROPOSED JURY INSTRUCTIONS RE COPYRIGHT FOR PHASE 1B**<br><br>**Phase 1:**<br><br>Pre-Trial Conference:  May 19, 2008<br>Trial Date:                     May 27, 2008 |

1    Mattel, Inc. ("Mattel") hereby submits the following additional jury
2    instruction for Phase 1B of the trial in this matter. Mattel requests and reserves the
3    right to amend, modify, withdraw and/or supplement its proposed jury instructions
4    before or during the trial in this matter.

6    DATED: August 12, 2008        QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP

                                    By /s/ Jon D. Corey
                                       Jon D. Corey
                                       Attorneys for Mattel, Inc.

# MATTEL'S SPECIAL JURY INSTRUCTION NO. __
## COPYRIGHT INFRINGEMENT -- APPORTIONMENT

If you cannot readily separate the infringing and noninfringing elements of a work that you find infringes Mattel's copyrights, then you should not apportion defendants' profits and should award all of the profits associated with that work to Mattel.  It is undisputed between the parties that the infringing and noninfringing elements of the Bratz dolls cannot be separated and cannot be apportioned.

**Authority**:  Comment to Ninth Circuit Model Instruction No. 17.24 (quoting *Nintendo of America, Inc. v. Dragon Pacific Int'l.*, 40 F.3d 1007, 1012 (9th Cir. 1994)); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 401-02 (1940) ("when the copyrighted portions are so intermingled with the rest of the piratical work 'that they cannot well be distinguished from it,' the entire profits realized by the defendants will be given to the plaintiff.") (citation omitted); William F. Patry, PATRY ON COPYRIGHT, § 22:147 (2008) ("where the infringing work consists mostly of infringed material that gives the work its value and is inextricably intertwined with the original, courts have refused to apportion.").

# MATTEL'S SPECIAL JURY INSTRUCTION NO. __
# COPYRIGHT INFRINGEMENT—THREE DIMENSIONAL INFORMATION NOT NECESSARY

A drawing may be substantially similar to a three-dimensional object, such as a doll, even if the drawing is not sufficiently detailed to make or manufacture the three-dimensional object. A drawing may be substantially similar to a three-dimensional object, such as a doll, even if the drawing does not contain specifications or otherwise explain how to make or manufacture such a three-dimensional object.

**Authority**: Shine v. Childs, 382 F. Supp. 2d 602, 608 (S.D.N.Y. 2005) (architectural "plans or designs not sufficiently detailed to allow for construction still may be protected"); see also Fleisher Studios v. Ralph A. Freundlich, Inc., 73 F.2d 276, 278) (2d Cir. 1934); King Features Syndicate v. Fleisher, 299 F. 533 (2d Cir. 1924).