THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
DAVID W. HANSEN (Bar. No. 196958)
(dhansen@skadden.com)
LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>   v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>**MGA'S TRIAL BRIEF CONCERNING UNPROTECTABLE ELEMENTS IN THE BRYANT DRAWINGS** |

MGA respectfully submits this trial brief concerning unprotectable elements in the Bryant drawings. MGA reserves the right to further address these issues based on additional instructions from the Court and additional evidence that may be pertinent to these issues.

## I. THE AUGUST 7, 2008 HEARING

During the August 7, 2008, the Court issued a preliminary ruling that the following elements in Bryant's drawings are unprotectable by copyright:

1. The resemblance or similarity between the Bryant drawings and human form and human physiology. (Tr. 6196).

2. The presence in the drawings of certain anatomical features such as a head, hair, two eyes, eyebrows, lips, nose, chin, mouth or other features that track human physiology or human anatomy. (Id.)

3. Human clothes, shoes and accessories. (Id.)

4. Age, race, ethnicity and skin tone. (Id. at 6197, 6207)

5. An "urban" look versus a "rural" look. (Id.)

6. Common or standard treatments of the subject matter (*scenes a faire*). (Id.).

7. Make-up and rouge shown in the drawings. (Tr. 6207).

The Court also issued a preliminary ruling that the following elements in Bryant's drawings are protectable:

1. Particularized synergistic compilations and expressions in the drawings of the human form and anatomy that express a unique style and/or convey a distinct look or attitude. (Tr. 6197)

2. Particularized expressions in the drawings of the head, lips, eyes, eyebrows, eye features, nose, chin, hairstyle and breasts, including accentuation or exaggeration of certain anatomical features relative to others and de-emphasis of certain anatomical features relative to others. (Id.)

3. Particularized non-functional doll clothes, doll shoes and doll accessories that

express aggressive, contemporary, youthful style. (Id. at 6198)

MGA objects to certain of these categories, particularly to the extent they are vague and are not limited to particularized expression. However, MGA recognizes that the categories provided by the Court were merely initial indications. MGA will provide more specific objections as the Court's categories are refine.

## II. MGA'S PROPOSED ADDITIONAL UNPROTECTABLE ELEMENTS

1. **Words and short phases (e.g., "Bratz," "Jade," "Hip Hop") are not protected by copyright.** It is well-settled that "[w]ords and short phrases such as names, titles, and slogans" are not protected by copyright. See 37 C.F.R. § 202.1(a). See also Planesi v. Peters, 2005 U.S. App. LEXIS 17425 (9th Cir. Aug. 15, 2005) ("The district court properly dismissed Planesi's copyright infringement claim because the one-word name of Planesi's board game is not entitled to copyright protection.") (citing 37 C.F.R. § 202.1(a)) (unpublished); Narell v. Freeman, 872 F.2d 907, 911 (9th Cir. 1989) ("Ordinary phrases are not entitled to copyright protection." (citation omitted); Identity Arts v. Best Buy Enter. Serv., Inc., 2007 U.S. Dist. LEXIS 32060, at * 36 (N.D. Cal. Apr. 18, 2007) (words and phrases not copyrightable); Advanz Behavioral Mgmt. Res. v. Miraflor, 21 F. Supp. 2d 1179 (C.D. Cal. 1998) ("Words or short phrases, of course, are not themselves copyrightable subject matter.") (citing 37 C.F.R. § 202.1(a)).

Mattel concedes in connection with its proposed jury instructions that "names or titles are not copyrightable by themselves," Mattel's Third Amended Proposed Jury Instructions For Phase 1B – Disputed Set at 76, and the jury should be instructed that names and short phrases are not protected by copyright.

2. **"Ideas" or "concepts," and elements not original to Bryant, are not protected by copyright.** The Court has recognized that copyright does not protect ideas. (4/25/08 Order at 3 ("Both sides acknowledge, as this Court certainly agrees, that one cannot copyright an idea."); 8/7/08 Tr. at 6203 ("copyright does not protect ideas; it only the author's particularized expression of the idea")). See also Apple Computer, Inc. v.

Microsoft Corp., 35 F.3d 1435, 1443 (9th Cir. 1994) ("similarities derived from the use of common ideas cannot be protected; otherwise, the first to come up with an idea will corner the market") (citing Herbert Rosenthal Jewelry Corp. v. Kalpakian, 446 F.2d 738, 742 (9th Cir. 1971)).  Also, "[t]he mere fact that a work is copyrighted does not mean that every element of the work may be protected.  Originality remains the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author."  Feist Publications Inc. v. Rural Tel. Services Co., 499 U.S. at 347 (1991) (emphasis added).  See also Apple, 35 F.3d at 1445 ("Originality is another doctrine which limits the scope of protection.  As the Supreme Court recently made clear, protection extends only to those components of a work that are original to the author") (citing Feist).  Consistent with these fundamental tenets of copyright law, the court held in Idema v. Dreamworks, Inc., 162 F. Supp.2d 1129, 1176-77 (C.D. Cal. 2001), that "[a]mong the 'unprotectable elements' which the court must 'filter' out of its comparison of a copyrighted work and an allegedly infringing work are: 'ideas,' as distinguished from the expression of those ideas" and "elements borrowed from another author or from the 'public domain[.]'"  Id. at 1176 (citing Feist, 499 U.S. at 347-48).  See also Apple, 35 F.3d

    The idea of a group of multi-ethnic, young girls with an interest in fashion that denotes a knowing urban hip attitude is not protectable.  Also, the use of oversized heads, eyes and lips, oversized/detachable feet/shoes, small noses, short torsos, and long legs are "ideas" or "concepts" that are not entitled to copyright protection.[1]  These elements are also not protectable since they are not "original" to Bryant, as shown by the advertisements for Steve Madden, Paris Blues and Coke that are in evidence.  Although the particularized expression of these elements in Bryant's drawings may be protectable, they are not

---

[1] This was confirmed by Mattel's copyright law expert, Professor Robert Lind, who testified at deposition that unprotectible "ideas" include the fact that "both the Bryant drawings and the Bratz dolls are constructed of large heads, wide eyes, full lips, very small noses, short torsos, long thin legs and large feet that can be detached and replaced with interchangeable feet in different style shoes."  (See MGA Parties' Mem. In Opp. To Mattel Motion *In Limine* No. 12 at 2 (quoting Lind Dep. at 172:12-16)).

generally protectable and the jury should be so instructed. The Court appeared to agree with at least some of this during the August 7, 2008 hearing, but the record is not clear. (Tr. at 6205, 6213)

MGA also believes that it should be allowed to present this prior art to the jury to allow the jury to consider this issue in context.

3. **Common or standard treatments of the subject matter (*scenes a faire*) are not protected by copyright.** The Court held during the August 7, 2008 hearing that common or standard treatments of the subject matter are not protected by copyright. (See 8/7/08 Tr. at 6197). See also Satava v. Lowry, 323 F.3d 805, 810 (9th Cir. 2003) ("expressions that are standard, stock, or common to a particular subject matter or medium are not protectable under copyright law") (citing See v. Durang, 711 F.2d 141, 143 (9th Cir. 1983)). In connection with fashion dolls, standard treatments include changeable fashions, inclusion of accessories, and manipulable hair. Standard fashion doll treatments also include "full faces; pert, upturned noses; bow lips; large, widely spaced eyes; and slim figures." See Mattel, Inc. v. Goldberger Doll Mfg. Co., 365 F.3d 133, 134 (quoting Ideal Toy Corp. v. Fab-Lu Ltd., 360 F.2d 1021, 1023 (1966)). see also id. at 136 ("Mattel's copyright in a doll visage with an upturned nose, bow lips, and widely spaced eyes will not prevent a competitor from making dolls with upturned noses, bow lips, and widely spaced eyes, even if the competitor has taken the idea from Mattel's example, so long as the competitor has not copied Mattel's particularized expression. An upturned nose, bow lips, and wide eyes are the 'idea' of a certain type of doll face. That idea belongs not to Mattel but to the public domain.")

MGA does not dispute that the particularized expression of these features are protectable by copyright, but the features themselves are not generally protectable. MGA also believes that it is entitled to present illustrations to the jury to allow the jury to consider this issue in context.

| | |
|---|---|
| DATED: August 14, 2008 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | By: _____/s/ Thomas J. Nolan_____ |
| | Thomas J. Nolan |
| | Attorneys for the MGA Parties |