UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
CIVIL MINUTES -- GENERAL

Case No.     CV 04-09049 SGL(RNBx)                            Date:  August 15, 2008
Title:       CARTER BRYANT -*v*- MATTEL, INC.
             AND CONSOLIDATED ACTIONS
=======================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

         Jim Holmes                                    None Present
         Courtroom Deputy Clerk                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                              None Present


PROCEEDINGS:     **ORDER RE MGA'S MOTION FOR CLARIFICATION/RECONSIDERATION**

        The Court has received and reviewed defendant MGA's motion for clarification/reconsideration and plaintiff Mattel's response thereto.

        As clearly set forth in the case law and previously agreed to by both plaintiff and defendants, the scope of copyright protection is for the Court to decide.  See Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435, 1443 (9th 1994).  The Court shall determine the appropriate dissection and filtration of the copyrighted drawing and, through that process, determine the protectable elements of the copyrighted materials.  Id.  Because this process is a question of law, there is no need, and it would be unduly confusing, to instruct the jury on how to do the filtration and dissection; rather, the jury will be instructed as to the protectable elements of the copyrighted materials as well as the extrinsic and intrinsic test and asked to consider whether the copyright-protectable elements (extrinsic) of Carter Bryant's drawings and copyright-protected Carter Bryant's drawings as a whole (intrinsic) are substantially similar to the allegedly infringing Bratz dolls and Bratz products.

        Based on all of the evidence submitted to date, the Court is able to tentatively identify the following protectable and non-protectable elements of the copyrighted Carter Bryan drawings:

MINUTES FORM 90                                    Initials of Deputy Clerk: cls for jh
CIVIL -- GEN

| Protectable elements of the copyrighted CB drawings | Non-protectable elements of the copyrighted CB drawings |
|---|---|
| 1.    Particularized, synergistic compilation and expression of the human form and anatomy that expresses a unique style and conveys a distinct look or attitude.<br><br>2.    Particularized expression of the doll's head, lips, eyes, eyebrows, eye features, nose, chin, hair style and breasts, including the accentuation or exaggeration of certain anatomical features relative to others (doll lips, eyes, eyebrows, and eye features) and de-emphasis of certain anatomical features relative to others (doll nose and thin, small doll bodies).<br><br>3.    Particularized, non-functional doll clothes, doll shoes, and doll accessories that express aggressive, contemporary, youthful style. | 1.    The resemblance or similarity to human form and human physiology.<br><br>2.    The mere presence of hair, heads, two eyes, eyebrows, lips, nose, chin, mouth, and other features that track human anatomy and physiology.<br><br>3.    Human clothes, shoes, and accessories.<br><br>4.    Age, race, ethnicity, and "urban" or "rural" appearances.<br><br>5.    Common or standard anatomical features relative to others (doll nose and relatively thin, small bodies).<br><br>6.    Scenes a faire, or common or standard treatments of the subject matter. |

It is well-established that particularized expressions of human forms and human features as well as non-functional clothing are protectable. Mattel v. Goldberger Doll, 365 F.3d 133, 136 (2d Cir. 2004) ("One artist's version of a doll face with upturned nose, bow lips, and widely spaced eyes will be irresistible to an eight-year-old collector. Another artist's version, which to a grownup may look very like the first, will be a dud to the eight-year-old. . . .  We can surmise that in the highly competitive, billion-dollar industry, getting the doll's face and expression exactly right is crucial to success."); Mattel, Inc. v. Azrak-Hamway Intern., Inc., 724 F.2d 357, 360 (2d Cir. 1983) ("[t]he rendering of such an idea [of a muscleman crouching] is not in itself protectable; only the particularized expression of that idea, for example, the particular form created by the decision to accentuate certain muscle groups relative to others, can be protected.").  Having considered the very wide range (almost limitless) of possible expressions for the particularized expressions of the protectable elements, the Court finds that they are to be afforded broad protection. McCulloch v. Albert E. Price, Inc., 823 F.2d 316, 321 (9th Cir. 1987) ("Works that are not factual receive much broader protection under the copyright laws because of the endless variations of expression available to the artist.").

The Court has already found that the "virtual identity" standard does not apply; rather, the standard to be applied to the protectable elements is the extrinsic/intrinsic substantial similarity test of the Ninth Circuit.  See July 24, 2008, Order at 2.

**IT IS SO ORDERED.**

MINUTES FORM 90                                                      Initials of Deputy Clerk: cls for jh
CIVIL -- GEN