THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
LAUREN AGUIAR (Admitted Pro Hac Vice)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>          Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with Case No. 04-9059<br>and Case No. 05-2727<br><br>MGA'S SUPPLEMENTAL PROPOSED SPECIAL JURY INSTRUCTIONS ON WILLFUL INFRINGEMENT<br><br>Trial Date: May 27, 2008 |

MGA'S SUPPLEMENTAL PROPOSED SPECIAL JURY INSTRUCTION ON WILLFUL INFRINGEMENT
Case No. CV 04-9049 SGL (RNBx)

### MGA'S SPECIAL JURY INSTRUCTION NO. ___
### COPYRIGHT – DAMAGES – WILLFUL INFRINGEMENT

You may consider whether MGA, MGA-Hong Kong, or Isaac Larian committed willful infringement. An infringement is considered willful when the plaintiff has proven both of the following elements by a preponderance of the evidence:

(1) The defendant intentionally engaged in acts that infringed upon the plaintiff's copyright; and

(2) The defendant deliberately intended to plagiarize the plaintiff's copyright.

If you make a finding of willful infringement, you may hold a defendant's allocation formulas for calculating overhead deductions to a particularly high standard of fairness. You may also consider limiting or denying a defendant from making certain deductions from gross revenues, including taxes, for purposes of determining profits. If a willful infringement is found, you should still deduct general overhead costs from gross revenues.

**Authority**: Sheldon v. Metro-Goldwyn Pictures Corp., 106 F.2d 45, 50-51 (2d Cir. 1939) (finding that deliberate plagiarists who "were not innocent offenders [in that] they deliberately lifted the play" were entitled to deduct factors "they bought and paid for; the actors, the scenery, the producers, the directors and the general overhead", but not the cost of the "labor in exploiting what [was]…taken."); Kamar International, Inc. v. Russ Berrie & Co., 752 F.2d 1326, 1331 (9th Cir. 1984) (allowing a non-willful infringer to deduct overhead while explaining that the rule in

1
MGA'S SUPPLEMENTAL PROPOSED SPECIAL JURY INSTRUCTION ON WILLFUL INFRINGEMENT
Case No. CV 04-9049 SGL (RNBx)

1 | Sheldon does "not disallow all overhead" and that "it also does not necessarily apply
2 | to less than 'deliberate plagiarism'"); Hamil Am., Inc. v. GFI, Inc., 193 F.3d 92,
3 | 104-105 (2d Cir. 1999) (explaining that the rule articulated in Sheldon allows willful
4 | infringers to deduct "certain categories of general overhead expenses -- in this case,
5 | those relating to creating and maintaining a 'supervising staff and organization' --
6 | were appropriately deducted from gross revenue"); ZZ Top v. Chrysler Corp., 70 F.
7 | Supp. 2d 1167, 1169 (W.D. Wash. 1999) ("At most, the Kamar opinion draws
8 | attention to, without deciding, the issue of whether a willful infringement justifies
9 | limitations on the type of costs that are normally deducted from profits. The Ninth
10 | Circuit has not, therefore, required the preclusion of an overhead deduction where
11 | the infringement was intentional or considered the appropriateness of such a rule in
12 | light of the provisions of the 1976 Act"). See also Hamil Am., Inc. v. GFI, Inc., 193
13 | F.3d 92, 106-107 (2d Cir. 1999) (rejecting "a hard and fast rule denying all overhead
14 | deductions to willful infringers" but instead finding that an "allocation formula of a
15 | willful infringer should be held to a particularly high standard of fairness").

DATED: August 15, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Carl A. Roth
Carl A. Roth
Attorneys for the MGA Parties

---

2
MGA'S SUPPLEMENTAL PROPOSED SPECIAL JURY INSTRUCTION ON WILLFUL INFRINGEMENT
Case No. CV 04-9049 SGL (RNBx)