1 THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
2 DAVID W. HANSEN (Bar. No. 196958)
(dhansen@skadden.com)
3 LAUREN AGUIAR (Admitted Pro Hac Vice)
(laguiar@skadden.com)
4 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
5 Los Angeles, CA 90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with Case No. 04-9059<br>and Case No. 05-2727<br><br>MGA PARTIES' REVISED PROPOSED JURY INSTRUCTION 17.15 REGARDING "COPYING – ACCESS AND SUBSTANTIAL SIMILARITY" AND THE "INVERSE RATIO RULE"<br><br>Trial Date: May 27, 2008 |

MGA hereby submits the following revised proposed Copyright Jury Instruction No. 17.15, concerning "access and substantial similarity" and the so-called "inverse ratio rule." MGA's proposed instruction is a modified version of Ninth Circuit Model Copyright Instruction 17.15, is consistent with the Comments included with the model instruction concerning the "inverse ratio rule," and addresses the Court's concerns regarding the burden of proof.

MGA still contends, and preserves its objection, that the "inverse ratio rule" only applies to copying as a *factual* matter and not "actionable" or "legal" copying (improper appropriation). See e.g., BensBargains.Net v. XPBargains.com, 2007 U.S. Dist. LEXIS 60544, at **8-10 (S.D. Cal. August 16, 2007); 4-13 Nimmer on Copyright §§ 13.03[D] (2008); Patry on Copyright: § 9:91. See also Feist Publications v. Rural Telephone Co., 499 U.S. 340, 361 (1991) ("not all copying…is copyright infringement"). Mattel's Revised Proposed Jury Instruction provided on August 15, 2008 remains unnecessarily confusing to the jury and represents an incorrect statement of applicable law. However, if the Court determines that such an instruction on "inverse ratio" principles is necessary, MGA submits the following:

1. The Court should strike any reference to the actual phrase "inverse ratio," and instead title the instruction "Access and Substantial Similarity."

2. The Court should specify to the jury that the "rule" does not displace the extrinsic or intrinsic tests which the jury must apply in this case.

3. Consistent with the Comments to the Ninth Circuit's Model Copyright Instructions and MGA's proposal, any proposed jury instruction on the "inverse ratio rule" should appear as part of Instruction 17.15 and prior to the Court's instruction on the proper Ninth Circuit test of substantial similarity so as to reduce jury confusion.

4. The Court should accept MGA's proposed instruction as follows:

## MGA'S PROPOSED JURY INSTRUCTION NO. 17.15
## ACCESS AND SUBSTANTIAL SIMILARITY

Mattel has the burden of proving that the defendants copied original elements from the copyrighted works. Mattel may show that the defendants copied from the copyrighted works by showing, by a preponderance of the evidence, that the defendants had access to Mattel's copyrighted works and that there are substantial similarities between the defendant's works and original elements of Mattel's copyrighted works.

In determining whether the defendants copied original elements from Mattel's copyrighted works, the degree of similarity required to support a finding of substantial similarity may be affected by the degree of access that the defendants had to Mattel's copyrighted works. If Mattel shows that the defendants had a high degree of access to the copyrighted works, you may determine that the threshold for finding substantial similarity is lowered. However, in order to find copyright infringement, you are still required to apply both the extrinsic and intrinsic tests of substantial similarity which I will instruct you on. Further, the burden of proving substantial similarity by a preponderance of the evidence always remains with Mattel.

DATED: August 15, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____
Thomas J. Nolan
Attorneys for the MGA Parties

MGA PARTIES' REVISED PROPOSED JURY INSTRUCTION 17.15 REGARDING "COPYING – ACCESS AND SUBSTANTIAL SIMILARITY" AND THE "INVERSE RATIO RULE"
Case No. CV 04-9049 SGL (RNBx)