THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>(1)   MGA PARTIES' NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT AS A MATTER OF LAW FOR PHASE 1B;<br><br>(2)   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;<br><br>**FILED UNDER SEPARATE COVER**:<br><br>(3)   [PROPOSED] ORDER<br><br>Hearing Date:   August 21, 2008<br>Time:   10:00 AM |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to the Court's order of August 15, 2008, Defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited ("MGA HK"), and Isaac Larian, will and hereby do move pursuant to Federal Rule of Civil Procedure 50(a) for a partial judgment as a matter of law as to Mattel's claims on the following grounds:

First, Mattel has failed to prove an essential element – damages – for its state law claims of intentional interference with contractual relations, aiding and abetting breach of fiduciary duty, aiding and abetting breach of duty of loyalty, conversion, and unfair competition, and thus those claims should be dismissed or, in the alternative, limited to nominal damages;

Second, Mattel has failed to prove any damages arising from conduct of MGA HK and therefore its claims against MGA HK conversion and unfair competition should be dismissed in their entirety or, in the alternative, limited to nominal damages;

Third, Mattel's claims for copyright damages and disgorgement of Bratz profits do not support its claim for punitive damages, and thus Mattel is not entitled to punitive damages as a matter of law;

Fourth, the name "Bratz" is not subject to copyright protection, and thus Mattel is not entitled to base any on claim on the name "Bratz" as a matter of law; and

Fifth, Mattel has failed to prove that there is any substantial similarity between Bryant's drawings and the later-generation Bratz dolls, other product lines, or branded merchandise, and thus these should be excluded from Mattel's copyright claims.

This Motion is based upon this Notice of Motion and accompanying Memorandum of Points and Authorities, the records and files of this Court, and any other matter of which the Court may take judicial notice.

DATED: August 18, 2008          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Thomas J. Nolan_____
Thomas J. Nolan
Attorneys for the MGA Parties

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ................................................................................................................1

    I.    MATTEL DID NOT PROVE DAMAGES FOR ITS STATE LAW CLAIMS ........................................................................................................1

        A.    Mattel Did Not Present Evidence Of Any Permissible Damages .........1

        B.    Preemption Bars Recovery Of MGA's Bratz Profits For State Law Claims ....................................................................................................2

        C.    Damages For Aiding And Abetting Are Limited To Bryant's Profits .....................................................................................................5

        D.    Bratz Profits Are Not A Proper Measure Of Damages For Conversion ..............................................................................................6

    II.    MATTEL DID NOT PROVE ANY DAMAGES AGAINST MGA HK .......7

    III.    MATTEL IS NOT ENTITLED TO PUNITIVE DAMAGES .......................7

    IV.    MATTEL CANNOT BASE A CLAIM ON THE NAME "BRATZ" AND THE UNDISPUTED EVIDENCE SHOWS THAT MGA OWNS THAT NAME ......................................................................................................8

    V.    MATTEL HAS FAILED TO PROVE COPYRIGHT INFRINGEMENT BY LATER GENERATION BRATZ DOLLS, OTHER PRODUCT LINES, OR BRANDED MERCHANDISE .................................................9

CONCLUSION ...........................................................................................................11

## **TABLE OF AUTHORITIES**

### **CASES**

Page(s)

Abraham v. Super Buy Tires, Inc.,
    Civil No: 05CV1296-B(NLS),
    2007 U.S. Dist. LEXIS 35403 (S.D. Cal. May 15, 2007) .......................................9

Adams v. Herman,
    106 Cal. App. 2d 92 (1951) ....................................................................................6

Aetna Health Inc. v. Davila,
    542 U.S. 200 (2004) ................................................................................................3

Anderson v. Thacher,
    76 Cal. App. 2d 50 (1946) ......................................................................................6

Avina v. Spurlock,
    28 Cal. App. 3d 1086 (1972) ..................................................................................2

Bird v. Parsons,
    289 F.3d 865 (6th Cir. 2002) ..................................................................................8

Bucklew v. Hawkins, Ash, Baptie & Co., LLP.,
    329 F.3d 923 (7th Cir. 2003) ..........................................................................3, 4, 8

Cano v. A World of Difference Institute,
    No. C 95-03291 CW,
    1996 U.S. Dist. LEXIS 8161 (N.D. Cal. May 31, 1996) ........................................9

Carpenter Foundation v. Oakes,
    26 Cal. App. 3d 784 (1972) ....................................................................................1

Convolve, Inc. v. Compaq Computer Corp.,
    No. 00 CV 5141 (GBD),
    2006 WL 839022 (S.D.N.Y. Mar. 31, 2006) ..........................................................5

County of San Bernardino v. Walsh,
    158 Cal. App. 4th 533 (2007) .................................................................................6

Del Madera Properties v. Rhodes & Gardner, Inc.,
    820 F.2d 973 (9th Cir. 1987) ..................................................................................3

Digital Envoy, Inc. v. Google, Inc.,
    370 F. Supp. 2d 1025 (N.D. Cal. 2005) ..................................................................5

Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.,
    109 F.3d 1394 (9th Cir. Cal. 1997) ........................................................................9

Eckard Brandes, Inc. v. Riley,
    338 F.3d 1082 (9th Cir. 2003) ................................................................................6

Ernest Paper Products Inc. v. Mobil Chemical Co.,
    No. CV95-7918 LGB(AJWX),
    1997 WL 33483520 (C.D. Cal. Dec. 2,1997) ................................................5

Frank Music Corp. v. Metropolitan-Goldwyn-Mayer, Inc.,
    772 F.2d 505 (9th Cir. 1985) ........................................................................4

Haines v. Parra,
    193 Cal. App. 3d 1553 (1987) ......................................................................7

Heckmann v. Ahmanson,
    168 Cal. App. 3d 119 (1985) ........................................................................6

Johnson v. Arista Holding, Inc.,
    No. 05 CIV. 9645 (LBS),
    2006 WL 3511894 (S.D.N.Y. Dec. 5, 2006) ............................................3, 4

Kouf v. Walt Disney Pictures & Television,
    16 F.3d 1042 (9th Cir. 1994) ........................................................................9

Lanard Toys, Ltd. v. Novelty, Inc.,
    511 F. Supp. 2d 1020 (C.D. Cal. 2007) ........................................................9

Lueter v. California,
    94 Cal. App. 4th 1285 (2002) ......................................................................6

Melchior v. New Line Products, Inc.,
    106 Cal. App. 4th 779 (2003) ......................................................................6

Moore v. Local Union 569 of International Brotherhood of Electric Workers,
    989 F.2d 1534 (9th Cir. 1993) ......................................................................2

Neilson v. Union Bank of California, N.A.,
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ........................................................6

People v. Bestline Products, Inc.,
    61 Cal. App. 3d 879 (1976) ..........................................................................5

Rickards v. Canine Eye Registration Foundation, Inc.,
    704 F.2d 1449 (9th Cir. 1983) ......................................................................2

Rosenthal v. Gould,
    273 Cal. App. 2d 239 (1969) ........................................................................5

Seals-McClellan v. Dreamworks, Inc.,
    No. 03-55570 ,
    2004 U.S. App. LEXIS 25426 (9th Cir. Dec. 9, 2004) ................................9

Spates v. Dameron Hospital Association,
    114 Cal. App. 4th 208 (2003) ......................................................................6

Thrifty-Telegraph, Inc. v. Bezenek,
    46 Cal. App. 4th 1559 (1996) ......................................................................2

Troensegaard v. Silvercrest Industrial, Inc.,
    175 Cal. App. 3d 218 (1985)..................................................................................8

Worth v. Universal Pictures, Inc.,
    5 F. Supp. 2d 816 (C.D. Cal. 1997)........................................................................4

Xum Speegle, Inc. v. Fields,
    216 Cal. App. 2d 546 (1963)..................................................................................6

**STATUTES**

Cal. Civ. Code § 3336..................................................................................................6

Cal. Civ. Code § 3426.7...............................................................................................5

17 U.S.C. §301 ............................................................................................................3

**MISCELLANEOUS**

5 William F. Patry, Patry on Copyright §18:21 (2008)......................................3, 4, 8

## PRELIMINARY STATEMENT

Mattel failed to prove damages under any legally appropriate measure for any of its state law claims. Instead, by its own admission, Mattel put forth a single theory of recovery – disgorgement of MGA's and Larian's Bratz-related profits – which could only be properly awarded on its copyright claim. This theory of recovery is inappropriate for Mattel's state law claims because preemption bars the award of state law damages for conduct that is, in essence, copyright infringement. Mattel's aiding and abetting claims also fail because the appropriate measure of damages for these claims is the <u>fiduciary's</u> (that is, Bryant's) profits, not those of the abettor. Mattel's conversion claim similarly fails because the proper measure is the value of the drawings themselves at the time they were converted – a burden that Mattel recognized it faced but never met with any evidence. MGA HK is entitled to judgment as a matter of law because Mattel failed to prove any damages, an essential element of its claims, arising from MGA HK's conduct. Moreover, Mattel's request for punitive damages fails because Mattel seeks only disgorgement tantamount to copyright damages, with no showing whatsoever that Mattel itself suffered any other damages, which is a prerequisite for the imposition of punitive damages.

In addition, Mattel's copyright claims should be limited. To begin with, Mattel is barred as a matter of law from basing its copyright claims on the name "Bratz" because a single word or phrase is not the proper subject of copyright protection. More significantly, the later generation Bratz dolls, other product lines, or branded merchandise should be excluded from Mattel's copyright infringement claims, as Mattel has failed to offer any evidence of substantial similarity between those items and Bryant's drawings.

## ARGUMENT

### I. MATTEL DID NOT PROVE DAMAGES FOR ITS STATE LAW CLAIMS

#### A. Mattel Did Not Present Evidence Of Any Permissible Damages

Mattel must prove damages as an element of each of its state-law claims. <u>See</u> <u>Carpenter Found. v. Oakes</u>, 26 Cal. App. 3d 784, 799-800 (1972) ("It is elementary that a party claiming damage must prove that he has suffered damage and prove the elements

thereof with reasonable certainty."); see also Thrifty-Tel, Inc. v. Bezenek, 46 Cal. App. 4th 1559, 1570 (1996) (trial court erred in not requiring proof of actual damages).[1] Mattel failed to present any evidence of damages that is not tied up in its purported rights to Bratz based on its theory of copyright infringement. (See, e.g., Tr. 6286:15-6304:14 & Ex. 13932 (presenting evidence of the profits derived from Bratz).) Moreover, Mattel has only presented evidence of MGA's and Larian's – not Bryant's – profits. (See id.) For the reasons discussed below, such evidence does not suffice as an appropriate measure of recovery on any of Mattel's claims. Consequently, having made no showing here with respect to intentional interference, aiding and abetting, conversion, or unfair competition, Mattel's state law claims should be dismissed. Moore v. Local Union 569 of Int'l B'hd. of Elec. Workers, 989 F.2d 1534, 1542 (9th Cir. 1993) (affirming directed verdict in favor of defendant where plaintiff did not prove damages); Rickards v. Canine Eye Registration Found., Inc., 704 F.2d 1449, 1457 (9th Cir. 1983) (same).[2]

### B. Preemption Bars Recovery Of MGA's Bratz Profits For State Law Claims

Mattel's claims for intentional interference and unfair competition are limited by this Court's Order on summary judgment, in which the Court held that they are preempted by the Copyright Act "to the extent that [they are] based on Mattel's rights to Bratz." (4/25/08 Order at 2 & 4.) Likewise, as the MGA Parties established in their Phase 1a JMOL brief,

---

[1] Absent a showing of the damages arising as a consequence of the specific harm which underlies its claim, Mattel is entitled to nominal damages at most. Avina v. Spurlock, 28 Cal. App. 3d 1086, 1089 (1972) ("The rule rests upon the elemental concept that an award of damages, as in other findings, must rest upon substantial legal evidence; to award other than a token or trifling sum in the absence of such evidence is a judgment not supported by the evidence."). Thus, to the extent Mattel has sought nominal damages in this case, such damages may be awarded as an alternative to dismissal.

[2] Although the Court, not the jury, will decide Mattel's damages on its unfair competition claims, Mattel has presented no evidence on which the Court could base this decision, and thus the unfair competition claim is equally subject to this motion. See Rickards, 704 F.2d at 1457 (affirming directed verdict where jury was sitting in advisory capacity and decision was to be made by court). The only theory of unfair competition that survived summary judgment was commercial bribery (as to which Mattel offered no evidence of damages) and intentional interference (which has been preempted to the extent it seeks recovery of profits from the exploitation of the rights to Bratz). (4/25/08 Order at 7 & 5/21/08 Order at 10.)

Mattel's aiding and abetting claims are preempted to the extent they replicate a copyright claim and seek recovery based on exploiting any rights to Bratz. (See MGA Parties' Phase 1a JMOL at 1-3 (Docket 4080) (citing <u>Del Madera Props. v. Rhodes & Gardner, Inc.</u>, 820 F.2d 973, 977 (9th Cir. 1987)).)³

Although Mattel has suggested otherwise, the Copyright Act is clear that it preempts not just equivalent claims but also equivalent <u>remedies</u>. 17 U.S.C. § 301(b)(1). The Supreme Court has cautioned district courts to be mindful of the "careful balancing" engaged in by Congress when it enacts statutes like the Copyright Act that completely preempt the field and instructing courts to find preemption when state law claims provide alternative remedies to those provided in federal statutes. <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 213-14 (2004). As a leading treatise explains in noting that preemption must occur both for rights and remedies:

> Section 301(b)(1) <u>expressly</u> preempts equivalent rights <u>or remedies</u>. Section 504 of the Copyright Act grants a successful plaintiff the right to the defendant's infringing profits. … The range of monetary relief available under the Copyright Act is quite broad; <u>therefore, a state claim for profits from use of a copyrighted work or the reasonable value of the work cannot survive preemption.</u>

5, William F. Patry, <u>Patry on Copyright</u> § 18:21 (2008) (emphasis added).

---

³ The MGA Parties are mindful of this Court's tentative conclusion that there is an extra element present in Mattel's fiduciary duty claim. (Tr. 5496:13-25, 7473:1-7474:18.) The MGA Parties concede that it is possible that some portion of Mattel's claim relates to conduct other than the exploitation of the rights to Bratz. But to the extent this claim is seeking damages for the exploitation of the rights to Bratz, this portion of the claim "does not add any 'extra element' which changes the nature of the action. … [O]wnership of this material, and the alleged misappropriation by the defendants, are part and parcel of the copyright claim." <u>Del Madera</u>, 820 F.2d at 977. The fact that Mattel's proposed measure of damages is premised on the same conduct for both its copyright and state law claims, indeed, Mattel concedes it is identical (Tr. 7480:15-17 ("as is clearly the case, we're seeking disgorgement of benefits for the copyright claim as well as the tort claims"), should be dispositive that Mattel's claims are preempted. The Court had asked the MGA Parties whether there was any authority for the proposition that pursuit of copyright remedies on state law theories resulted in preemption, and there is such authority, including the express terms of the Copyright Act itself. 17 U.S.C. § 301(b)(1); <u>Bucklew v. Hawkins, Ash, Baptie & Co., LLP.</u>, 329 F.3d 923, 934 (7th Cir. 2003); <u>Johnson v. Arista Holding, Inc.</u>, 2006 WL 3511894, at *7 (S.D.N.Y. Dec. 5, 2006); 5 <u>Patry on Copyright</u> § 18:21.

Just as the claims themselves cannot be based on Mattel's purported rights to Bratz, which arise only in the context of copyright, Mattel's damages likewise cannot be based on Mattel's purported rights to the profits from Bratz. See id. (citing Bucklew v. Hawkins, Ash, Baptie & Co., LLP., 329 F.3d 923, 934 (7th Cir. 2003) (where "[t]he compensatory damages" that a plaintiff seeks for state law claims "are identical to the damages that it seeks for copyright infringement," the "preemption clause forbids states to add sanctions for a wrongful act that is identical to a violation of the [Copyright Act]")); see also Johnson v. Arista Holding, Inc., 2006 WL 3511894, at *7 (S.D.N.Y. Dec. 5, 2006) ("Common law causes of action are generally preempted when they seek damages that are identical to those sought for copyright infringement"); Worth v. Universal Pictures, Inc., 5 F. Supp. 2d 816, 822-23 (C.D. Cal. 1997) (finding conversion claim preempted based on damages sought: "Plaintiffs do not bring their conversion action for retrieval of these items, but rather for the profits from the movie's reproduction and distribution. ... The profits created from the movie "Daylight" are the damages sought from the movie's unauthorized reproduction and distribution and are subsumed within federal copyright law.") Any other rule would make a finding of preemption meaningless.

Indeed, the rationale for finding preemption of state law claims that mirror the copyright claims is brought into stark relief in this Phase. Mattel seeks to recover under its state law claims all of MGA's profits from exploiting Bratz. As Mattel candidly admits, this is precisely the same relief that Mattel seeks on its Copyright claim, but with one major caveat. Under the Copyright Act, Mattel's right to recovery is subject to an exhaustive and detailed apportionment scheme that reduces and excludes certain items from any recovery. See, e.g., Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 518 (9th Cir. 1985). By contrast, Mattel contends that there is no such limitation on its recovery for its state law claims and relies on the fact there is no authority suggesting such an apportionment is proper. (See Tr. 6313:18-20.) While it is true that there is little authority, the absence of any authority stems, not surprisingly, from the fact that Congress expressly occupied the entire area of calculating damages from the exploitation of rights to original

works of authorship and made plain that state law claims must give way to this statutory scheme. 17 U.S.C. § 301(a) (mandating that any rights granted under state law that are "equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 [of the Copyright Act]" are preempted).[4] Given this broad preemption, disgorgement of Bratz profits is not an appropriate measure of damages for any of Mattel's state law claims as that theory of recovery is not only "equivalent to any of the exclusive rights within the general scope of copyright," it is identical to such exclusive rights.[5]

### C. Damages For Aiding And Abetting Are Limited To Bryant's Profits

With respect to Mattel's aiding and abetting claims, there is an additional limitation on Mattel's damages. Even if disgorgement of Bratz profits were an appropriate remedy in this case, it is Bryant's profits from Bratz, not Larian's or MGA's, that would be the appropriate measure. It is well-established that the aiding and abetting party may be held jointly liable with the fiduciary for the fiduciary's profits, not the abettor's own profits. See People v. Bestline Prods., Inc., 61 Cal. App. 3d 879, 919 (1976) ("One who knowingly aids and abets a fiduciary to make secret profits may be held liable jointly with the fiduciary for such secret profits"); Rosenthal v. Gould, 273 Cal. App. 2d 239, 243 (1969) ("it is equally

---

[4] In addition to preemption by the federal Copyright Act, Mattel's claim for aiding and abetting breach of fiduciary duty is also preempted by the California Uniform Trade Secrets Act ("CUTSA"). See Cal. Civ. Code § 3426.7. Mattel's breach of fiduciary duty claim is based on Bryant's misappropriation of proprietary information in violation of his duty under Paragraph 1(a) of the Inventions Agreement to protect Mattel's confidential information. (5/21/08 Order at 4.) CUTSA preemption applies to any common law tort claim, like this one, involving conduct that could support a claim for misappropriation of trade secrets. See Digital Envoy, Inc. v. Google, Inc., 370 F. Supp. 2d 1025, 1032-35 (N.D. Cal. 2005); see also Convolve, Inc. v. Compaq Computer Corp., 2006 WL 839022, at *7 (S.D.N.Y. Mar. 31, 2006) (applying California law, finding preemption of "all common law claims that are based on the same conduct which could support a UTSA cause of action"); Ernest Paper Prods. Inc. v. Mobil Chem. Co. Inc., 1997 WL 33483520, at *9 (C.D. Cal. Dec. 2,1997) (finding preemption of all claims based on misappropriation of customer lists). Thus, Mattel's claim is doubly preempted.

[5] Even if the Court decided not to find preemption of the aiding and abetting claims, if the Court's prior determination on summary judgment that the tortious interference and unfair competition claims are preempted is to have any meaning whatsoever, then Mattel must be barred from recovery under Copyright-like theories for these two claims. The same would be true for the Court's grant of summary judgment on Mattel's conversion claim to the extent it sought recovery beyond the value of the "paper and ink" of Carter Bryant's drawings at the time of the alleged conversion in 2000. (See 4/25/08 Order at 2.)

clear that their liability is co-extensive with Gould's if, as determined by the trier of the fact, they conspired with Gould and aided and abetted him in the breach of his fiduciary obligations"); Anderson v. Thacher, 76 Cal. App. 2d 50, 72 (1946) ("And where, after the violation of a fiduciary obligation, an amount is found to be due from the agent, judgment for the same amount may also be rendered against those proven to have fraudulently aided in the attempt of the fiduciary to obtain secret profits, although they themselves are not fiduciaries, and even though they receive no share of the profits").[6] Thus, once again, MGA's profits from Bratz are not the appropriate measure of damages on these claims. And as Mattel sought recovery under no other theory, these claims fail as a matter of law.

### D. Bratz Profits Are Not A Proper Measure Of Damages For Conversion

To be awarded damages on its conversion claim, Mattel was obliged to prove: 1) the fair market value of the items converted, and 2) the expenses it incurred in attempting to recover the property. See Cal. Civ. Code §3336; Melchior v. New Line Prods., Inc., 106 Cal. App. 4th 779 (2003). The fair value market value is measured as of the time that the property was converted, not at any later time. See, e.g., Spates v. Dameron Hosp. Assn., 114 Cal. App. 4th 208, 221 (2003); Lueter v. Cal., 94 Cal. App. 4th 1285, 1302 (2002). Pursuant to this Court's order, Mattel's claim is limited to the value of the drawings themselves as pieces of art, and Mattel is precluded from seeking recovery for any value that exists from the exploitation of the rights to these drawings (i.e., copyright-like theories of recovery). (See 4/25/08 Order at 2.) For these reasons, the MGA Parties' Bratz profits

---

[6] Indeed, despite it its efforts to support its jury instruction on damages for aiding and abetting, Mattel failed to point to a single case authorizing disgorgement of the aider/abettor's profits connected to a fiduciary's breach of duty. (See Mattel's Proposed Jury Inst. – Disgorgement of Profits and Objection thereto (Docket 4163) at 129-137) (citing County of San Bernardino v. Walsh, 158 Cal. App. 4th 533, 537 (2007) (awarding damages in the amount of the benefit conferred upon fiduciary and actual damages suffered by County); Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1127-29 (C.D. Cal. 2003) (making no reference to any profits by defendants, denying defendants' motion to dismiss and explaining that personal financial gain was not a prerequisite to liability); Heckmann v. Ahmanson, 168 Cal. App. 3d 119, 123 (1985) (addressing direct liability, not aiding and abetting); Xum Speegle, Inc. v. Fields, 216 Cal. App. 2d 546, 551-52 (1963) (addressing direct liability, not aiding and abetting); Adams v. Herman, 106 Cal. App. 2d 92 (1951) (addressing direct liability, not aiding and abetting); Eckard Brandes, Inc. v. Riley, 338 F.3d 1082, 1085 (9th Cir. 2003) (addressing direct liability, not aiding and abetting)).)

6

MGA Parties' Motion for Partial Judgment as a Matter of Law (Phase 1b) –
Case No. CV 04-9049 SGL (RNBx)

are not the proper measure of recovery for this claim.  Mattel's counsel conceded that its conversion claim was subject to these limitations and could not be established through pursuit of defendants' profits.  (Tr. 7476:14-19 ("MR. PROCTOR:  Thank you, Judge.  Alternative methods doesn't fit the case.  We have one damages theory as to the state law claims, as to the aiding and abetting claim, as to the intentional interference claim.  **Conversion permits a different remedy.**  So that's a different claim, but there's going to be a different damages instruction on that claim.").)  Notwithstanding these limitations, known to Mattel before trial, Mattel did not offer any evidence of the alleged value of any of the converted drawings at the time of the alleged conversion.  In addition, it has failed to offer any evidence of the expenses it incurred in seeking to recover the converted property.[7]  Thus, this claim fails for lack of proof of an essential element and should be dismissed.

## II.     MATTEL DID NOT PROVE ANY DAMAGES AGAINST MGA HK

As the MGA Parties established in their JMOL for Phase 1a, Mattel's claim for unfair competition against MGA HK fails as the record is devoid of any evidence that would allow a reasonable jury to find that MGA HK could be liable for any alleged acts of unfair competition  Mattel has further failed to prove any damages arising from conduct of MGA (HK) and therefore all of its claims against MGA HK should be dismissed in their entirety.

## III.    MATTEL IS NOT ENTITLED TO PUNITIVE DAMAGES

Because the only recovery Mattel seeks are disgorgement of MGA's and Larian's profits, and Mattel has not offered any evidence that it was harmed in any way by the conduct of the MGA Parties, Mattel is not entitled to pursue punitive damages against the MGA Parties.[8]  To begin with, punitive damages are not permissible on state law claims that merely duplicate copyright claims.  As Judge Posner explained in a well-reasoned opinion

---

[7] Indeed, in light of Mattel's failure to present **any** evidence, the issue of expenses should not even reach the jury.  If it were to do so, the jury may be inclined to guess at Mattel's attorneys' fees, which is not a proper measure under Cal. Civ. Code § 3336.  See, e.g., Haines v. Parra, 193 Cal. App. 3d 1553, 1559 (1987) (collecting cases).

[8] Moreover, the Court (at Mattel's urging) precluded the MGA Parties from introducing any evidence to show that Mattel was not harmed by the conduct at issue here and that Mattel never even would have offered Bratz products on the market had it owned such rights.

---

7

MGA Parties' Motion for Partial Judgment as a Matter of Law (Phase 1b) –
Case No. CV 04-9049 SGL (RNBx)

of the Seventh Circuit, where the "compensatory damages" that a plaintiff seeks for state law claims "are identical to the damages that it seeks for copyright infringement," the plaintiff's "request for punitive damages is in fact a request for punitive damages for copyright infringement." Bucklew, 329 F.3d at 934. "The copyright statute does not authorize such damages … and the statute's preemption clause forbids states to add sanctions for a wrongful act that is identical to a violation of the statute." Id. As a leading treatise explains in discussing this case, "[t]he key to Judge Posner's opinion is his statement that the damages plaintiff sought were identical to the damages that arose from the acts constituting copyright infringement; in essence, the same acts gave rise to the same damages and hence in that case the fraud claim was merely a re-labeled copyright infringement claim." 5 Patry on Copyright § 18:21. Likewise, California courts have held that plaintiffs may not recover duplicative damages where those damages serve the same punitive – rather than compensatory – purpose. See, e.g., Troensegaard v. Silvercrest Indus., Inc., 175 Cal. App. 3d 218, 226-28 (1985) (denying recovery of both civil penalty and punitive damages where both served "the purpose of punishing, and making an example of, [the defendant]"). For these reasons, Mattel is not entitled to punitive damages on its claims.

## IV. MATTEL CANNOT BASE A CLAIM ON THE NAME "BRATZ" AND THE UNDISPUTED EVIDENCE SHOWS THAT MGA OWNS THAT NAME

In Phase 1a, the jury was asked whether Carter Bryant "conceived" or "reduced to practice" the name "Bratz" while employed by Mattel, and the jury found he did. But that finding, by itself, cannot support a copyright claim. As Mattel admitted in its proposed jury instruction on the issue, names are not subject to copyright. (See Mattel's Prop. Jury Inst. – Copyright Infringement—Evidence Of Copying Of Names Or Titles (Docket 4163).) Rather, names are only subject to trademark protection. See, e.g., Bird v. Parsons, 289 F.3d 865, 881 (6th Cir. 2002) (use of trademark consisting of single word did not constitute copyright infringement because single word is not subject to copyright; collecting cases). Indeed, the MGA Parties have presented uncontested evidence that they purchased the trademark for the name "Bratz" from a company that asserted prior ownership. (Tr. 2149:2-

13.) Thus, the jury's Phase 1a finding that Bryant conceived of the name "Bratz" while at Mattel may not serve as the basis of its copyright or state law claims, and MGA is entitled as a matter of law to continue to use that name in the marketing and sales of its products.

## V. MATTEL HAS FAILED TO PROVE COPYRIGHT INFRINGEMENT BY LATER GENERATION BRATZ DOLLS, OTHER PRODUCT LINES, OR BRANDED MERCHANDISE

As the Court's August 15, 2008 Proposed Phase 1b Jury Instructions explain, in order to prove copyright infringement, Mattel must demonstrate both that the MGA Parties copied original elements from Mattel's copyrighted work, and that there is "substantial similarity" between each allegedly infringing work and the "protected expression" in the copyrighted works.  See Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc., 109 F.3d 1394, 1398 (9th Cir. 1997); Seals-McClellan v. Dreamworks, Inc., 2004 U.S. App. LEXIS 25426, at *2 (9th Cir. Dec. 9, 2004) (unpublished) ("Proof of copying requires evidence that the alleged infringer had access to the protected work before creating the accused work and that a substantial similarity of expression exists between the protected and accused works."); Lanard Toys, Ltd. v. Novelty, Inc., 511 F. Supp. 2d 1020, 1031 (C.D. Cal. 2007) ("To establish copyright infringement, plaintiffs have the burden of showing that (1) they own the allegedly infringed works, and (2) defendants copied protected expression from plaintiffs' works without authorization"); Kouf v. Walt Disney Pictures & Television, 16 F.3d 1042, 1043 n.2 (9th Cir. 1994); Cano v. A World of Difference Inst., 1996 U.S. Dist. LEXIS 8161 (N.D. Cal. May 31, 1996). Cf. Abraham v. Super Buy Tires, Inc., 2007 U.S. Dist. LEXIS 35403 (S.D. Cal. May 15, 2007) (noting that, in the context of a patent infringement case, "it is Plaintiffs' burden to prove infringement against each and every accused product.")

Mattel's Phase 1b case-in-chief focused almost entirely on a high-level comparison between the Bryant drawings and the first generation Bratz dolls.[9] Mattel has not made any

---

[9] Mattel has devoted most of its time to statements made by MGA in pleadings in other litigations, such as in Hong Kong. Evidence admitted through these pleadings does not discuss later generation Bratz dolls, other product lines, or branded merchandise.

9

MGA Parties' Motion for Partial Judgment as a Matter of Law (Phase 1b) –
Case No. CV 04-9049 SGL (RNBx)

attempt to demonstrate "substantial similarity" between "protected expression" in the Bryant drawings and any of the later generation Bratz dolls, which differ significantly from first generation dolls in terms of the particularized expression that the Court has deemed protectable. MGA offered evidence demonstrating how later generation Bratz dolls differ from first generation dolls – including the themes, fashions, accessories, face paint, and characters. Mattel, however, could not adduce any evidence to demonstrate that the MGA artists who designed these later generation dolls "copied" protected expression from Carter Bryant's drawings. In fact, the evidence is squarely to the contrary. It shows that MGA employees working on later generation dolls used their own creative process to create new doll designs, and had never even seen Carter Bryant's drawings. (See, e.g., Tr. 7249:1-9 (testimony of L. Domingo, explaining that he had never seen Bryant's drawings and designed different face paint, accessories, and fashions for later generation Bratz dolls).)

Mattel has also presented no evidence that indicates that any of the other product lines (e.g., Kidz, Petz, Boyz, Babyz, etc.) are based on Carter Bryant's drawings, or that these other products are substantially similar to the copyrighted works. MGA presented the testimony of MGA employee Leon Djiguerian, that the following product lines were developed without reference to Carter Bryant's drawings, and each have different visual attributes and appearances, as well as independently created sculpts: Bratz Boyz [Tr. 7204-05]; Lil Bratz [7206]; Bratz Babyz [7207]; Bratz Big Babyz [7208]; Bratz Kidz [7209-10]; Big Kidz [7210]; Lil Angelz [7211-12]; Star Singerz [7212-13]; Fashion Pixiez [7213-14]; Talking Bratz [7214-15]; and Walking Bratz [7215-16]. MGA also offered the testimony of MGA's Director of Operations, Ninette Pembleton, regarding the independent development and design of various product lines, including Bratz Fashion Pixiez [Tr. 5756]; Bratz Babyz [5763]; Micro Bratz [id.]; Big Babyz [5765]; Bratz Kidz [id.]; Bratz Babyz' Ponyz [5766]; Itsy Bitsy Bratz [5767]; and Bratz Petz [5785].

Finally, Mattel has failed to demonstrate infringement by MGA's branded merchandise. On July 21, 2008, Mattel represented during a telephonic hearing that one of its theories "with respect to much of the merchandise … is that it is a derivative work – or

actually, it directly infringes to the extent that the merchandise has the images from the protected works on them …" (Hearing Tr. 5249:19-23.)  However, Mattel has failed to provide evidence to support its theory with regard to the character art that appears on MGA's branded merchandise.[10]  Debora Middleton, MGA's character art director, testified that in developing hundreds of character art images per year, she has <u>never</u> seen or made reference to the Carter Bryant drawings which Mattel now owns, nor has she ever directed any of her employees to do so. (Tr. 7198-99.)  Indeed, Ms. Middleton testified to creating character art independently of the Bryant drawings and of the Bratz dolls themselves. (Tr. 7197.)  Mattel has not proffered any contrary evidence.  Thus, no reasonable juror could conclude that the later generation Bratz dolls, other product lines, or branded merchandise infringe upon Bryant's drawings.

## CONCLUSION

For the foregoing reasons, the MGA Parties respectfully request that their Motion for Partial Judgment as a Matter of Law be granted in its entirety.

DATED: August 18, 2008     SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:     /s/ Thomas J. Nolan
Thomas J. Nolan
Attorneys for the MGA Parties

---

[10]   MGA has conceded that the first generation Bratz doll packaging art was derivative of Carter Bryant's drawings.  However, all other generations of character art, whether appearing on doll packaging or branded merchandise, are in dispute.