QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>      Plaintiff,<br><br>   vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>      Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Honorable Stephen G. Larson<br><br>**MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER FED. R. CIV. P. 50(A); AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: August 20, 2008<br>Time:    TBA<br>Place:    Courtroom 1<br><br>**Phase 1:**<br>Trial Date:    May 27, 2008 |

07209/2606540.4

MATTEL'S MOTION FOR JUDGMENT AS A MATTER OF LAW

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on August 20, 2008, or as soon as counsel may be heard, in the Courtroom of the Honorable Stephen G. Larson, located at Courtroom 1 of the United States District Court, 3470 Twelfth Street, Riverside, California 92501, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court, pursuant to Fed. R. Civ. P. 50(a), for judgment as a matter of law against defendants Isaac Larian, MGA Entertainment Inc. ("MGA"), and MGA Entertainment (HK), Ltd. (collectively "Defendants"), on their independent creation and statute of limitations defenses, and on the substantial similarity element of Mattel's claim for copyright infringement.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Oleg Stolyar filed concurrently herewith, all evidence introduced at trial, the files and records of the Court, and such matters of which the Court may take judicial notice.

### Statement of Local Rule 7-3 Compliance

This motion is made following the conference of counsel, which was held pursuant to Local Rule 7-3 on August 15, 2008.

DATED: August 18, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                                By /s/ John Quinn
                                   John B. Quinn
                                   Attorneys for Mattel, Inc.

07209/2606540.4

-i-
MATTEL'S MOTION FOR JUDGMENT AS A MATTER OF LAW

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ............................................................................................................ 1

I. THE COURT SHOULD GRANT JMOL AS TO MGA'S CLAIM OF INDEPENDENT CREATION AND ITS STATUTE OF LIMITATIONS DEFENSE................................................................................ 1

    A. Independent Creation was Waived and Fails as a Matter of Law ........... 1

    B. No Reasonable Juror Could Find That the Statute of Limitations on Mattel's Claims for Interference with Contract and Conversion Has Expired ................................................................................ 3

II. THE BRATZ DOLLS ARE SUBSTANTIALLY SIMILAR TO THE BRYANT DRAWINGS THAT ARE OWNED BY MATTEL ......................... 6

    A. Defendants Are Judicially Estopped from Denying That the Bratz Dolls Are Substantially Similar to Bryant's Drawings ............................ 6

    B. No Reasonable Jury Could Fail to Find That the Works at Issue Are Substantially Similar ........................................................................ 8

        1. Mattel Has Satisfied the Extrinsic Test ......................................... 8

        2. Mattel Also Clearly Satisfies the Intrinsic Test........................... 10

CONCLUSION....................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

### Cases

Applied Med. Resources Corp. v. U.S. Surgical Corp.,
  2008 WL. 1901935 (C.D. Cal. 2008) ................................................................... 1

Berkic v. Crichton,
  761 F.2d 1289 (9th Cir. 1985) ........................................................................... 11

Bethea v. Burnett,
  2005 WL. 1720631 (C.D. Cal. 2005) ................................................................... 2

Dimmie v. Carey,
  88 F. Supp. 2d 142 (S.D.N.Y 2000) ..................................................................... 3

Educ. Testing Serv. v. Simon,
  95 F. Supp. 2d 1081 (C.D. Cal. 1999) .................................................................. 9

Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,
  122 F.3d 1211 (9th Cir. 1997) ............................................................................. 3

Fox v. Ethicon Endo-Surgery, Inc.,
  35 Cal. 4th 797 (2005) ......................................................................................... 6

Garamendi v. SDI Vendome SA,
  276 F. Supp. 2d 1030 (C.D. Cal. 2003) ................................................................ 5

Hamilton v. State Farm Fire & Cas. Co.,
  270 F.3d 778 (9th Cir. 2001) ............................................................................... 8

Harbeson v. Parke Davis, Inc.,
  746 F.2d 517 (9th Cir. 1984) ............................................................................... 2

Harper & Row Publishers, Inc. v. Nation Enters.,
  471 U.S. 539 (1985) ........................................................................................... 11

Hernandez v. Spacelabs Medical Inc.,
  343 F.3d 1107 (9th Cir. 2003) ............................................................................. 5

Ideal Toy Corp. v. Fab-Lu, Limited,
  261 F. Supp. 238, 242 (S.D.N.Y. 1966) ............................................................. 11

JCW Invs., Inc. v. Novelty, Inc.,
  289 F. Supp. 2d 1023 (N.D. Ill. 2003) ................................................................. 9

Jolly v. Eli Lilly & Co.,
  44 Cal. 3d 1103 (Cal. 1988) ................................................................................. 6

Litchfield v. Spielberg,
  736 F.2d 1352 (9th Cir. 1984) ........................................................................... 11

Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.,
  2008 WL. 2952074 (C.D. Cal. 2008) ............................................................... 8

Payne v. Anvil Knitwear, Inc.,
  2007 WL. 1953438 (C.D. Cal. 2007) ............................................................... 3

Three Boys Music Corp. v. Bolton,
  212 F.3d 477 (9th Cir. 2000) ........................................................................... 2

United States v. Wilson,
  881 F.2d 596 (9th Cir. 1989) ........................................................................... 5

Wagner v. Prof'l Eng'rs in Calif. Gov't, ,
  354 F.3d 1036 (9th Cir. 2004) ......................................................................... 7

**Statutes**

C.D. Cal. Local Rule 16.7 ..................................................................................... 2

Fed. R. Civ. P. 50(a)(1) ......................................................................................... 1

**Preliminary Statement**

Pursuant to Federal Rule of Civil Procedure 50(a), Mattel respectfully requests that the Court grant judgment as a matter of law on the independent creation and statute of limitations defenses raised by MGA, and on the substantial similarity element of Mattel's copyright infringement claim. Defendants have been fully heard on these issues. Defendants waived any claim of independent creation by not pleading it in their answers or pretrial form, as required by Fed. R. Civ. P. 8(c) and Local Rule 16.7; it is contrary to the verdict already reached in Phase 1A; and no reasonable juror could find that the Bratz dolls were created independently of Carter Bryant's drawings and other works that he gave to MGA.

As to the statute of limitations defense, no reasonable juror could fail to find that Defendants fraudulently concealed that Bryant created the Bratz drawings, thus defeating the limitations defense. Finally, now that all the evidence has been heard, no reasonable juror could fail to find that the Bratz dolls are substantially similar to the Bratz drawings and other works created by Bryant.

**Argument**

**I. THE COURT SHOULD GRANT JMOL AS TO MGA'S CLAIM OF INDEPENDENT CREATION AND ITS STATUTE OF LIMITATIONS DEFENSE.**

**A.  Independent Creation was Waived and Fails as a Matter of Law**

As a threshold, Defendants waived the independent creation defense by not asserting it either in answer to Mattel's counterclaims or in the Final Pretrial Conference Order.[1] See Local Rule 16.7 & Appendix A ("Defendant should identify [in the Pretrial Form] those matters on which the Defendant bears the burden of proof"); Three Boys Music Corp. v. Bolton, 212 F.3d 477, 486 (9th Cir. 2000) (holding that the burden of proving "independent creation" is on the party asserting

---

[1]  See generally Final Pretrial Conference Order, attached as Exhibit 1 to the concurrently filed Declaration of Oleg Stolyar ("Stolyar Dec.").

that defense); Bethea v. Burnett, 2005 WL 1720631, at *15 (C.D. Cal. 2005) (independent creation is an affirmative defense); Harbeson v. Parke Davis, Inc., 746 F.2d 517, 520 (9th Cir. 1984) (unasserted affirmative defenses are waived). As this Court held, failing to assert a claim or defense in the pretrial conference order constitutes waiver and is grounds for striking the defense.[2]

Moreover, with their independent creation defense, Defendants ask the jury to reconsider its verdict in Phase 1A. Carter Bryant testified that the Bratz sculpt was based on his drawings,[3] Isaac Larian and Paula Garcia testified that Bryant's drawings were the inspiration for Bratz,[4] and MGA's counsel stressed that Bryant's drawings were "the original concept drawings for Bratz" in MGA's Phase 1A Closing Statement.[5] MGA has failed to present any evidence that the infringing works were based solely on source material other than Bryant's drawings. Independent creation requires that the accused infringer show that he created the work prior to or wholly independent of the infringed work (*i.e.*, where the infringing work was created before the infringed work or where two different people happen independently to create similar works). See, e.g., Payne v. Anvil Knitwear, Inc., 2007 WL 1953438, at *3 (C.D. Cal. 2007) (finding "independent creation" because alleged infringer created his work "***before*** plaintiff's copyrights were fixed") (emphasis added); Dimmie v. Carey, 88 F. Supp. 2d 142 (S.D.N.Y 2000) (sustaining defendants' independent creation defense because they had produced working tapes and journal, which evidenced creative steps taken independently to create the allegedly infringing hit song). In

---

[2] See Trial Tr. at 7490:21-7491:5 (noting that one of the grounds for striking the joint authorship defense was because it was not plead in the Pretrial Conference Order), Stolyar Dec., Exh. 24. Defendants also waived the affirmative defense of independent creation by not pleading it in their answers. See, e.g., Bethea v. Burnett, 2005 WL 1720631, at *15 (C.D. Cal. 2005) ("[i]ndependent creation is an affirmative defense to copyright infringement");

[3] Trial Tr., at 6664:14-6667:22 (Bryant's testimony that the sculpt for the Bratz dolls was created based on his drawings and that the fashions in his drawings reflect "the final fashion designs for the original release Bratz"), Stolyar Dec., Exh. 24.

[4] Trial Tr. at 1749:10-14 (Isaac Larian's testimony); Trial Tr. at 92:9-929:10, 994:20-995:8 (Paula Garcia's testimony), Stolyar Dec., Exh. 24.

[5] Trial Tr. at 4901:23-25, 4950:6-8 (MGA's Closing Statement for Phase 1A), Stolyar Dec., Exh. 24.

contrast, the infringing works (*i.e.*, Bratz dolls) were created after MGA had access to the infringed works (*i.e.,* Bryant's drawings), and the author of the infringed works (Bryant) also worked on the infringing works.[6]  With that evidence, any reference to "independent creation" fails as a matter of law.[7]

### B. No Reasonable Juror Could Find That the Statute of Limitations on Mattel's Claims for Interference with Contract and Conversion Has Expired

This Court granted summary judgment to Mattel on Defendants' statute of limitations defenses except with respect to Mattel's claims for interference with contract and conversion.  The Court found that the discovery rule did not apply to those claims and they are time barred.  Mattel can prosecute those claims if it proves that defendants fraudulently concealed from Mattel their conversion and interference with Bryant's contract.  The evidence adduced at trial has conclusively resolved this dispute.

With the evidence at trial, no reasonable juror could fail to find that defendants fraudulently concealed their conduct from Mattel.  Both Isaac Larian and Paula Garcia gave strict instructions that no one at MGA was to discuss Bryant's

---

[6] See, e.g., Trial Exh. 502 (Bryant's Declaration to the U.S. Patent and Trademark Office, wherein Bryant states under oath that he "was actively involved with the release of the Bratz dolls"), attached as Exhibit 8 to the concurrently filed Declaration of Oleg Stolyar ("Stolyar Dec."); Trial Tr., at 6664:14-6667:22 (Bryant's testimony that the sculpt for the Bratz dolls was created based on his drawings and that the fashions in his drawings reflect "the final fashion designs for the original release Bratz"), Stolyar Dec. Exh. 24.

[7] Moreover, the law is clear that three-dimensional works (here, Bratz dolls) are not independent creations if they are recognizable as embodiments of two-dimensional works (here, Bryant's drawings). See, e.g., Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1223 (9th Cir. 1997) ("because [a party's] costumes are 'instantly identifiable as embodiments' of the underlying copyrighted characters in 'yet another form,' no reasonable juror could conclude that there are any 'non-trivial' artistic differences between the underlying cartoon characters and the immediately recognizable costumes").  Similarly, steps taken by Defendants to translate Bryant's two-dimensional drawings into three-dimensional Bratz dolls are not sufficient to prove independent creation because they merely show a ***translation*** -- not an independent creation -- of those drawings (which the jury has already found are owned by Mattel) into another medium.

involvement with Bratz outside of the company.[8] Larian e-mailed MGA's personnel dictating that "[t]here must be no mention about Mattel or any of their properties, Carter, any MGA Bratz arts, etc."[9] The MGA employees understood their mandate to "keep Carter under wraps."[10] Even more telling, Larian spread false information about Bratz's creation by describing himself or his son -- rather than Bryant -- as the creator of Bratz.  For example, Mr. Larian submitted a declaration in another case stating that he (*i.e.*, Larian) "was the inspiration behind the Bratz dolls."[11] In an interview with BusinessWeek magazine, he claimed that he "got the idea for Bratz after seeing his own kids run around in navel-baring tops and hip-huggers."[12] In another newspaper interview, Mr. Larian claimed that, "It was Jason's [Mr. Larian's son's] idea for Bratz."[13] In a declaration to the Patent Office, Mr. Larian stated that he was the "original, first and sole inventor" of a doll with removable feet (*i.e.*, the Bratz doll).[14]

In response, Defendants offered only evidence of conclusory denials.  As to the article in which Mr. Larian told a reporter that Bratz was his son's idea, Mr. Larian simply denied making the statement, and could not recall having spoken to the reporter.[15] Faced with overwhelming evidence, Mr. Larian simply stated, "We've never tried to hide Carter Bryant's name."[16] Conclusory denials are insufficient to rebut concrete documentary evidence and eye-witness testimony of concealment from numerous and unrelated sources.[17] MGA's fraudulent concealment is beyond dispute.

---

[8] Trial Tr., at 2375:22-2379:6; 2381:17-2383:16 (testimony of Rachel Harris), Stolyar Dec., Exh. 24.
[9] See Trial Ex. 4507, Stolyar Dec., Exh. 17.
[10] See Trial Ex. 4942, Stolyar Dec., Exh. 18.
[11] See Trial Exh. 947, Stolyar Dec., Exh. 14.
[12] See Tr. Exh. 631, Stolyar Dec., Exh. 13.
[13] See Trial Exh. 12058, Stolyar Dec., Exh. 22.
[14] See Trial Exh. 1701, Stolyar Dec., Exh. 16.
[15] Trial Tr. at 1858:16-22, Stolyar Dec., Exh. 24.
[16] Trial Tr. at 1739:2-3, Stolyar Dec., Exh. 24.
[17] See United States v. Wilson, 881 F.2d 596, 601 (9th Cir. 1989) ("conclusory statement of fact and self-serving declarations" insufficient to survive motion for summary judgment); Hernandez v. Spacelabs Medical Inc., 343 F.3d 1107, 1116 (9th
(footnote continued)

The only remaining issue is timing. Where defendants have attempted to conceal their conduct, the statute of limitations is equitably tolled unless and until Mattel has "near-actual" knowledge of its claims. <u>Garamendi v. SDI Vendome SA</u>, 276 F. Supp. 2d 1030, 1042-3 (C.D. Cal. 2003).

At trial, Mattel offered evidence that it had no knowledge until November 2003 that Bryant worked on Bratz while a Mattel employee. Its in-house counsel, Michael Moore, testified that neither he, nor anyone else to his knowledge, knew that Carter Bryant had a relationship with MGA while employed by Mattel,[18] or worked on Bratz while a Mattel employee,[19] until he received Carter Bryant's agreement with MGA at a meeting in November 2003. A Mattel executive, Jill Nordquist, testified that she did not learn of these facts until after this lawsuit was filed.[20]

Defendants introduced no evidence that Mattel had knowledge of Bryant's disloyalty before November 2003. Rather, they presented evidence of whether Mattel knew Carter Bryant worked on Bratz (not *when* he worked on Bratz),[21] whether Mattel knew that Bryant was going to work for a competitor,[22] whether Mattel believed Bratz infringed Toon Teens,[23] and whether Mattel believed Bratz infringed on Diva Starz.[24] This evidence does not join the dispositive question: When Mattel learned that Carter Bryant worked on Bratz and with MGA while a Mattel employee. MGA's evidence of notice does nothing to counter the evidence related to Mattel's claims: Mattel's evidence that it had no knowledge of Bryant's Mattel-era work on Bratz, nor any reason to suspect it, until 2003. No reasonable jury could reject such

---

Cir. 2003) ("[C]onclusory allegations, unsupported by facts, are insufficient to survive a motion for summary judgment.").
 [18] Trial Transcript at 6463:14-22, Stolyar Dec., Exh. 24.
 [19] Trial Transcript at 6465:2-8, Stolyar Dec., Exh. 24.
 [20] Trial Transcript at 7430:24-7431:1; 7432:2-18, Stolyar Dec., Exh. 24.
 [21] <u>See, e.g.,</u> Trial Transcript at 6606:16-6608:2; 7413:21-7414:1, Stolyar Dec., Exh. 24.
 [22] <u>See, e.g.,</u> Trial Transcript at 7411:4-12, Stolyar Dec., Exh. 24.
 [23] Trial Transcript at 6605:3-21; 7787:15-7788:6, Stolyar Dec., Exh. 24.
 [24] Trial Transcript at 7417:25-7418:12; 7425:13-7427:18, Stolyar Dec., Exh. 24.

evidence in favor of no evidence at all.[25]

## II. THE BRATZ DOLLS ARE SUBSTANTIALLY SIMILAR TO THE BRYANT DRAWINGS THAT ARE OWNED BY MATTEL

In denying Mattel's motion for summary judgment on the question of substantial similarity, the Court concluded MGA had offered sufficient evidence, including from its design expert, to create a triable issue of fact as to whether the Bratz doll was substantially similar to the Bratz drawings.[26] That expert did not testify at trial, and the evidence presented by Mattel has been overwhelming. Given the totality of the evidence, no reasonable juror could fail to find substantial similarity.[27] Moreover, MGA should be estopped as a matter of law from urging otherwise to the jury.

### A. Defendants Are Judicially Estopped from Denying That the Bratz Dolls Are Substantially Similar to Bryant's Drawings

Positions taken in prior litigation estop a party from asserting a contrary position in subsequent litigation. See, e.g., Wagner v. Prof'l Eng'rs in Calif. Gov't, 354 F.3d 1036, 1044 (9th Cir. 2004) ("Judicial estoppel . . . precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position" and "applies to a party's stated position whether it is

---

[25] Indeed, in addressing the application of the discovery notice rule, this Court relied on many of these same undisputed facts in concluding that Mattel could not have discovered Bryant's wrongdoing until July 18, 2003. See May 27, 2008 Order re Statute of Limitations Defense, at 8; see also Order dated July 2, 2008, at 2 ("there is no evidence that Mattel had any knowledge of any one of the three generic elements of its claims."). The standard of knowledge is *higher* on fraudulent concealment than for the mere inquiry notice that is the subject of the discovery rule. Compare Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005) ("a claim accrues where a plaintiff has ***knowledge of at least one*** of the three generic elements of wrongdoing, causation, and harm") (emphasis added) with Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1112 (Cal. 1988) ("a suspicion of wrongdoing, coupled with a ***knowledge of the harm and its cause***, commences the limitations period") (emphasis omitted and added).
[26] Order dated July 24, 2008, at 3, Stolyar Dec. Exh. 4.
[27] Since the other two elements of Mattel's copyright infringement claim are established (Defendants' access to the drawings is undisputed and the jury in Phase 1A found that Mattel owns the drawings), granting Mattel judgment as a matter of law on the substantial similarity element entitles Mattel to judgment as a matter of law on Defendants' liability for copyright infringement.

1 an expression of intention, a statement of fact, or a legal assertion"); <u>Hamilton v.
2 State Farm Fire & Cas. Co.</u>, 270 F.3d 778, 782 (9th Cir. 2001) (Ninth Circuit
3 "invokes judicial estoppel not only to prevent a party from gaining an advantage by
4 taking inconsistent positions," but also because of "regard for the dignity of judicial
5 proceedings," and to "protect against a litigant playing fast and loose with the
6 courts."); <u>Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc</u>., 2008 WL
7 2952074, at *9 (C.D. Cal. 2008).

8      MGA has repeatedly sued for copyright infringement of the very Bryant
9 drawings that the jury in phase 1A found are owned by Mattel, successfully asserting
10 that the Bratz dolls were based on Bryant's drawings, and that these dolls and
11 drawings were substantially similar to and infringed by competitors' dolls.  In
12 <u>MGA v. Double Grand Corporation Limited</u>, MGA's Lee declared under oath that
13 "[t]he designs of the Bratz dolls are all original drawings created by Mr. Bryant using
14 his own independent labour, skill and judgment."[28]  The court then held that "[t]he
15 substantial similarity between [Bryant's] drawings and the [Bratz] dolls produced
16 from them and the defendant's dolls are obvious on inspection."[29]  Similarly, in <u>ABC
17 International Traders v. Toys & Trends</u>, Isaac Larian swore under oath that an MGA
18 competitor's dolls "have infringed the 2-dimensional [Bryant] drawings which are
19 artistic works in which copyright subsists."[30]  Yet again, in <u>MGA v. Multitoy</u>, MGA
20 represented to the California Central District Court that a competitor's dolls infringed

---

[28] Trial Exh. 952 (Affirmation of Lee Shiu Cheung, dated June 18, 2003), ¶ 8, Stolyar Dec., Exh. 15.
[29] Trial Exh. 10176-0004, Stolyar Dec., Exh. 21. Although the Hong Kong court rulings were not introduced into evidence in this case on grounds of possible juror confusion, Mattel respectfully submits that they are relevant and necessary evidence that can and should be considered to determine the legal issue of judicial estoppel.
[30] <u>See</u> Trial Exh. 12 (Affidavit of Isaac Larian dated July 2, 2002, at ¶ 12, filed in <u>ABC International Traders, Inc. (d/b/a MGA Entertainment) v. Toys & Trends (Hong Kong) Limited, et al.</u>, High Court of the Hong Kong Special Administrative Region, Court of First Instance, Civ. Action No. 2152 (2002)), Stolyar Dec. Exh. 6; <u>see also</u> Trial Exh. 10 (Bryant's Bratz drawings attached to Hong Kong filings), Stolyar Dec., Exh. 5.

the Bryant's drawings.[31]

As this Court has noted, "[f]or MGA to be able to go in one Court, whether its Hong Kong or Oregon or wherever it is, and say, "Aha, you're infringing our drawings; you're infringing our dolls . . . and then turn around in another court and say [the dolls] don't look anything like the drawings . . . strikes the Court as a fundamentally unfair position for MGA to be taking."[32] Because MGA has repeatedly argued before other courts that the Bratz dolls are based on Bryant's drawings, and competitors' dolls are substantially similar to those drawings (dolls which, as a matter of law, are <u>less</u> similar to the drawings than the Bratz dolls -- no reasonable juror could find otherwise), it should be estopped from seeking an advantage by taking an incompatible position in this case.

### B. No Reasonable Jury Could Fail to Find That the Works at Issue Are Substantially Similar

Given the undisputed fact that MGA had access to Bryant's drawings before the Bratz dolls were created, and Mattel's correspondingly reduced burden to show substantial similarity, Mattel has met both the extrinsic and intrinsic tests for substantial similarity and is entitled to judgment as a matter of law on this issue.[33]

#### 1. Mattel Has Satisfied the Extrinsic Test

With respect to the extrinsic test, Mattel has established that the body proportions, facial features, eyes, lips, clothing, accessories, footwear and postures of the the first-generation Bratz dolls are similar to the Bryant-created Bratz drawings

---

[31] See generally Trial Exh. 13738, Stolyar Dec., Exh. 23.
[32] Trial Tr. at 5385:7-18, Stolyar Dec., Exh. 24.
[33] Judgment as a matter of law on "substantial similarity" in favor of copyright infringement plaintiffs is hardly a rarity. See, e.g., Educ. Testing Serv. v. Simon, 95 F. Supp. 2d 1081, 1083-88, 1090 (C.D. Cal. 1999) (finding that defendants' works were substantially similar to plaintiff's and infringed plaintiff's copyright as a matter of law); JCW Invs., Inc. v. Novelty, Inc., 289 F. Supp. 2d 1023, 1039-1040 (N.D. Ill. 2003), aff'd, 482 F.3d 910 (7th Cir. 2007) (finding plaintiff's and defendant's works "substantially similar" as a matter of law).

that the jury has found are owned by Mattel.[34]  This Court has already ruled that these elements are fully protected, specifically referencing: (1) the particularized expressions of the head, the lips, eyes, eyebrows, eye features, nose, chin, hairstyle, and/or breasts; (2) accentuation or exaggeration of certain anatomical features relative to others; (3) de-emphasis of certain anatomical features relative to others, such as the doll nose or relatively thin torsos; (4) the particularized, non-functional doll clothes, doll shoes, and doll accessories that express a distinct style; (5) the synergistic combination of an oversized head, eyes, lips, feet and shoes, de-emphasized or absent nose, and hip, and (6) urban clothing designs.[35]

Indeed, MGA has admitted substantial similarity by claiming under oath in its filings with the U.S. Copyright Office that the BRATZ dolls are "derivative" of Bryant's drawings.[36]  It is well established that "a work is not derivative unless it has been substantially copied from the prior work." Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984); see also Berkic v. Crichton, 761 F.2d 1289, 1291 n.1 (9th Cir. 1985) (same).  Moreover, both MGA and Carter Bryant have repeatedly stated, including under oath, that the Bratz dolls are based on and modeled from Bryant's drawings; even if such statements do not support estoppel, they prove substantial similarity.  In particular: (1) Carter Bryant admitted that he intended his Bratz drawings to serve as guides for the creation of the Bratz dolls;[37] (2) Paula Garcia stated that: "The four girls were already concepted [] when presented by the inventor [Bryant] during our first meeting. I thought they were incredible and I tried to stay

---

[34] See, e.g., Trial Tr. at 6664:14-6667:22 (Bryant's testimony that the sculpt for the Bratz dolls was created based on his drawings and that the fashions in his drawings reflect "the final fashion designs for the original release Bratz"); Trial Tr. at 6669:19-23 (Bryant's testimony that "all the Bratz dolls have an overall similar appearance"); Trial Tr. at 6847:6-6848:1 (Leahy's testimony that "Bryant's drawings have the factors that MGA say are unique to the [Bratz] dolls, which is the oversized eyes, protrusive lips, and the diminished nose"), Stolyar Dec., Exh. 24.
[35] See Trial Tr. at 6197:14-6198:3, Stolyar Dec., Exh. 24.
[36] See Trial Exhs. 558, 560, 562 and 564 (MGA's Supplementary Copyright Registrations for the Jade, Sasha, Cloe and Yasmin dolls, identifying them as "derivative" of Bryant's drawings), Stolyar Dec. Exhs. 9- 12.
[37] Trial Tr. at 6665:8-6666:10, Stolyar Dec., Exh. 24.

true [to] this inventor/creator's vision;"[38] (3) MGA described Bryant's drawings as "the Bratz property;"[39] and (4) MGA's counsel and officers have repeatedly stated under oath that Bryant's drawings are the artistic works upon which Bratz dolls are modeled.[40] Given these facts, no reasonable juror could find that Mattel had failed to meet the extrinsic test.[41]

### 2. Mattel Also Clearly Satisfies the Intrinsic Test

Mattel satisfies the intrinsic test because the similarities between Bryant's drawings and the Bratz dolls are apparent upon first glance. The body proportions, facial features, eyes, lips, clothing, accessories, footwear, postures, and the attitude projected are markedly similar, and no reasonable juror could find otherwise. Indeed, though MGA now claims that Bryant's drawings look nothing like the Bratz dolls, MGA took the opposite position when it sued Hong Kong manufacturers infringing those drawings. "What's really troublesome about this is, in Hong Kong, MGA was saying the drawings and the dolls, grouped together essentially look just like those other dolls."[42] As this Court has noted, because Hong Kong courts apply the same "intrinsic analysis" as the Ninth Circuit, it is "entirely unfair" for MGA to take such contrary positions.[43] It is also entirely contrary to any reasonable comparison of the drawings and the dolls.

### Conclusion

The Court should grant judgment as a matter of law for Mattel on MGA's claim

---

[38] Trial Exh. 10001, Stolyar Dec. Exh. 20.
[39] Trial Exh. 17, Stolyar Dec. Exh. 7.
[40] For example, in a sworn affidavit filed in MGA v. Double Grand Corp., Daphne Gronich (MGA's former general counsel) identified Bryant's drawings as the "artistic works" upon which the Bratz dolls are modeled. Trial Exh. 5463, ¶¶ 6-7, 12, Stolyar Dec. Exh. 19.
[41] "As Judge Learned Hand cogently remarked, 'no plagiarist can excuse the wrong by showing how much of his work he did not pirate.'" Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 565 (1985) (cite omitted); see also Ideal Toy Corp. v. Fab-Lu, Limited, 261 F. Supp. 238, 242 (S.D.N.Y. 1966) ("In [youngsters'] enthusiasm to acquire Tammy or Pepper [dolls] they certainly are not bent upon 'detecting disparities'…").
[42] Trial Tr. at 5387:9-15, Stolyar Dec., Exh. 24.
[43] Trial Tr. at 5403:12-21, Stolyar Dec., Exh. 24.

1  of independent creation and its statute of limitations defense, and on the substantial
2  similarity element of Mattel's copyright infringement claim.

3  DATED: August 18, 2008            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

5                                    By /s/ John Quinn
                                         John B. Quinn
6                                        Attorneys for Mattel, Inc.