# EXHIBIT 19

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                                        Plaintiff

and

DOUBLE GRAND CORPORATION LIMITED               Defendant

### AFFIDAVIT OF DAPHNE GRONICH

I, Daphne GRONICH of 16380 Roscoe Boulevard, Van Nuys, California 91406, the United States of America, hereby make oath and say as follows:-

1.     I am the General Counsel of MGA Entertainment, Inc. formerly known as ABC International Traders, Inc. trading as MGA Entertainment, the Plaintiff herein (hereinafter referred to as "MGA Inc."). MGA Inc. is a company incorporated and existing under the laws of the State of California in the U.S.A. I am duly authorized by MGA Inc. to make this affidavit for and on its behalf pursuant to Section 121 of the Copyright Ordinance, Cap. 528. Unless otherwise stated, the facts and matters contained herein are true to the best of my knowledge and belief and they are either within my own personal knowledge or gleaned from books and records of MGA Inc. to which I have access. Insofar as facts and matters that do not fall within the

1

EXHIBIT
5463

Confidential - Attorney's Eyes Only

EXHIBIT  19
PAGE  128

5463-1

MGA 0883844

EX 5463-0001

aforesaid category, they are related to me by the respective sources stated hereunder and are true to the best of my knowledge and belief.

2.   MGA Inc. is a successful and reputable company in the toy business internationally. Since 1987, it has concentrated and focused its efforts primarily in the toy industry.

3.   The toys designed and marketed by MGA Inc. have won international acclaim and were made the subject of numerous awards and prizes. However, the most successful toys designed and marketed by MGA Inc. must be the BRATZ dolls.

4.   The BRATZ dolls come in 2 sizes. The full size version stands at 10 inches tall and the mini version stands at 4 and a half inches tall. The mini version has been marketed under the names "Micro Bratz" and 'Lil' Bratz" but will be referred to herein as "Mini Bratz".

5.   MGA Inc. is and was at all material times the owner of copyright in the following artistic works relating to the BRATZ dolls ("the Copyright Works").

## Particulars of the Copyright Works

6.   (a)   15 design drawings of various BRATZ fashion dolls ("the Design Drawings"); now produced and shown to me marked as "DG-1" are true copies of the Design Drawings.

(b)   1 drawing of a body sketch of the BRATZ fashion dolls ("the Body Sketch");

2

Confidential - Attorney's Eyes Only

EXHIBIT 19   5463-2

PAGE 129

MGA 0883845

EX 5463-0002

now produced and shown to me marked as "DG-2" is a true copy of the Body Sketch.

(c)   wax models of the head, body and shoes of the BRATZ fashion dolls ("the Wax Models").

(d)   wax models of the head, body and shoes of the Mini Bratz dolls ("the Wax Models – Mini")

(e)   silicon rubber moulds of the head, body and shoes of the BRATZ fashion dolls made from the Wax Models ("the Silicon Rubber Moulds").

(f)   Silicon rubber moulds of the head, body and shoes of the Mini Bratz dolls made from the Wax Models – Mini ("the Silicon Rubber Moulds – Mini").

(g)   polyurethane samples of the head, body and shoes of the BRATZ fashion dolls made from the Silicon Rubber Moulds ("the PU Samples"); now produced and shown to me marked as "DG-3" is the photograph of the PU Samples being true copies of the same.

(h)   polyurethane samples of the head, body and shoes of the Mini Bratz dolls made from the Silicon Rubber Moulds ("the PU Samples – Mini"); now produced and shown to me marked as "DG-4" is the photograph of the PU Samples – Mini being true copies of the same.

3

Confidential - Attorney's Eyes Only

EXHIBIT   19   5463·3

PAGE   130

MGA 0883846

EX 5463-0003

(i)    4 drawings of the facial decoration of the BRATZ fashion dolls ("the **Decoration Directions**"); now produced and shown to me marked as "**DG-5**" are true copies of the Decoration Directions.

(j)    8 drawings 4 of which are pantone colour guides of the facial decorations of the BRATZ fashion dolls ("**the Pantone Colour Guides**"); now produced and shown to me marked as "**DG-6**" are true copies of the Pantone Colour Guides.

(k)    4 hand-painted décor-masters on 4 rubber head sculpts of the BRATZ fashion dolls ("**the Décor-Masters**"); now produced and shown to me marked as "**DG-7**" is the photograph of the Décor-Masters being true copies of the same.

### Particulars of Subsistence and Ownership of the Copyright Works

7.    (a)    Carter Bryant (hereinafter referred to as "**Mr. Bryant**") made the Design Drawings, the Body Sketch, the Decoration Directions and the Pantone Colour Guides referred to in paragraph 6(a), (b), (i) and (j) hereinabove wherein copyright subsist.

(b)    Mr. Bryant made the aforesaid copyright works at the following times and place:-

| The Copyright Works | Time of creation | Place of Creation |
|---|---|---|
| Design Drawings | Between 1998 and prior to 18th September 2000 | Missouri and California |

4

Confidential - Attorney's Eyes Only

EXHIBIT 19

PAGE 131

5463-4

MGA 0883847

EX 5463-0004

| Body Sketch | Around November 2000 | California |
|---|---|---|
| Decoration Directions | Between late 2000 and 2001 | California |
| Pantone Colour Guides | Between late 2000 and 2001 | California |

(c)   (i)   Pursuant to an agreement dated 18th September 2000 ("the Bryant 2000 Agreement"), Mr. Bryant assigned all rights including the copyright subsisting in the Design Drawings to MGA Inc. Now produced and shown to me marked as "DG-8" is a true copy of the Bryant 2000 Agreement.

       (ii)   As for the Body Sketch, Decoration Directions and Pantone Colour Guides, they were made by Mr. Bryant subsequent and pursuant to the Bryant 2000 Agreement which provides, inter alia, that copyright subsisting in the works should vest in MGA Inc.

       (iii)   MGA Inc. and Mr. Bryant had further entered into a "Modification and Clarification of the Agreement dated September 18, 2000" in May 2004 making modifications to and/or clarification of the Bryant 2000 Agreement. Now produced and shown to me marked as "DG-9" is a true copy of the said Agreement.

       (iv)   By virtue of the aforesaid, MGA Inc. is the owner of the Design Drawings, the Body Sketch, the Decoration Directions and the Pantone Colour Guides and the copyright subsisting therein.

(d)   At the time when the aforesaid copyright works were created, Mr. Bryant was a resident of the USA and was domiciled in the States of Missouri and

5

Confidential – Attorney's Eyes Only

EXHIBIT 19

PAGE 132

5463-5

MGA 0883848

EX 5463-0005

California in the USA.   As at the date hereof, Mr. Bryant's residence and domicile are unchanged.

8.   (a)   Margaret Leahy (hereinafter referred to as "Ms. Leahy") made the Wax Models and Wax Models – Mini referred to in paragraph 6(c) and 6(d) hereinabove wherein copyright subsist.

(b)   Ms. Leahy made the Wax Models between the years 2000 and 2001 and Wax Models – Mini in 2001 in the State of California in the United States of America.

(c)   (i)   Ms. Leahy was commissioned by MGA Inc. to make the Wax Models and Wax Models – Mini.   At all material times, it was the understanding and agreement between MGA Inc. and Ms. Leahy that copyright subsisting in the Wax Models should vest in MGA Inc.

(ii)   Pursuant to the understanding and agreement under the preceding sub-paragraph, Ms. Leahy entered into a confirmatory assignment in June 2003, which has been superseded by a re-confirmatory assignment entered into between MGA Inc. and Ms. Leahy in February 2004 ("the Leahy 2004 Assignment").   Now produced and shown to me marked as "DG-10" is a true copy of the Leahy 2004 Assignment.

(iii)   By virtue of the aforesaid, MGA Inc. is the owner of the Wax Models and Wax Models – Mini and the copyright subsisting therein.

6

Confidential - Attorney's Eyes Only

EXHIBIT   19

5463-6

PAGE   133

MGA 0883849

EX 5463-0006

(d)     At the time when the aforesaid copyright works were created, Ms. Leahy was a resident of the USA and was domiciled in the State of California in the USA. As at the date hereof, Ms. Leahy's residence and domicile are unchanged.

(e)     The Wax Models and Wax Models – Mini were respectively destroyed during the making of the Silicon Rubber Moulds and Silicon Rubber Moulds – Mini. The Silicon Rubber Moulds and Silicon Rubber Moulds – Mini being the negative of the Wax Models and Wax Models – Mini respectively, however, evidence the existence thereof.

9.   (a)     Jessie Ramirez (hereinafter referred to as "**Mr. Ramirez**") made the Silicon Rubber Moulds, the Silicon Rubber Moulds – Mini, the PU Samples and the PU Samples – Mini referred to in paragraph 6(e), (f), (g) & (h) hereinabove wherein copyright subsist.

(b)     Mr. Ramirez made the Silicon Rubber Moulds and the PU Samples between the Years 2000 and 2001 in the State of California in the United States of America; Mr. Ramirez made the Silicon Rubber Moulds – Mini and the PU Samples – Mini in 2001 in the State of California in the United States of America.

(c)   (i)     Mr. Ramirez was commissioned by MGA Inc. to make the Silicon Rubber Moulds, the Silicon Rubber Moulds – Mini, the PU Samples and the PU Samples – Mini.   At all material times, it was the

7

Confidential – Attorney's Eyes Only

EXHIBIT _19_

PAGE _134_

5463-7

MGA 0883850

EX 5463-0007

understanding and agreement between MGA Inc. and Mr. Ramirez that copyright subsisting in the Silicon Rubber Moulds, the Silicon Rubber Moulds – Mini, the PU Samples and the PU Samples – Mini should vest in MGA Inc.

(ii)    Pursuant to the understanding and agreement under the preceding sub-paragraph, Mr. Ramirez had entered into a confirmatory assignment on 16th June 2003. Now produced and shown to me marked as "**DG-11**" is a true copy of the said confirmatory assignment.

(iii)   By virtue of the aforesaid, MGA Inc. is the owner of the Silicon Rubber Moulds, the Silicon Rubber Moulds – Mini, the PU Samples and the PU Samples – Mini and the copyright subsisting therein.

(d)    At the time when the aforesaid copyright works were created, Mr. Ramirez was a resident of the USA and is domiciled in the State of California in the USA. As at the date hereof, Mr. Ramirez's residence and domicile are unchanged.

(e)    The Silicon Rubber Moulds and the Silicon Rubber Moulds – Mini were respectively destroyed during the making of the PU Samples and the PU Samples – Mini. The PU Samples and the PU Samples – Mini being the negative of the Silicon Rubber Moulds and the Silicon Rubber Moulds – Mini respectively, however, evidence the existence of the Silicon Rubber Moulds and the Silicon Rubber Moulds – Mini and constitute true copies thereof.

8

Confidential – Attorney's Eyes Only

54603-8

EXHIBIT 19

PAGE 135

MGA 0883851

EX 5463-0008

10.    (a)    Anna Rhee (hereinafter referred to as "Ms. Rhee") made the Décor-Masters referred to in paragraph 6(k) hereinabove wherein copyright subsist.

     (b)    Ms. Rhee made the Décor-Masters between the Years 2000 and 2001 and in the State of California in the United States of America.

     (c)    (i)    Ms. Rhee was commissioned by MGA Inc. to make the Décor-Masters. At all material times, it was the understanding and agreement between MGA Inc. and Ms. Rhee that copyright subsisting in the Décor-Masters should vest in MGA Inc.

         (ii)    Pursuant to the understanding and agreement under the preceding sub-paragraph, Ms. Rhee had entered into a confirmatory assignment on 12th June 2003, which has been superseded by a re-confirmatory assignment made between MGA Inc. and Ms. Rhee on 27th January 2004 ("the Rhee 2004 Assignment"). Now produced and shown to me marked as "DG-12" is a true copy of the Rhee 2004 Assignment.

         (iii)    By virtue of the aforesaid, MGA Inc. is the owner of the Décor-Masters and the copyright subsisting therein.

     (d)    At the time when the aforesaid copyright works were created, Ms. Rhee was a resident of the USA and is domiciled in the State of California in the USA. As at the date hereof, Ms. Rhee's residence and domicile are unchanged.

9

EXHIBIT   19     5463-9

PAGE   130

Confidential – Attorney's Eyes Only

MGA 0883852

EX 5463-0009

### Design Process of BRATZ and Mini Bratz dolls

11.    (a)    As regards the BRATZ dolls, after making the Design Drawings exhibited hereto as "DG-1", which were created by Mr. Bryant using his own independent labour, skill and judgment, the Wax Models of the sculpting of the head, body parts and shoes of the BRATZ dolls were made by Ms. Leahy. The Wax Models were created by Ms. Leahy using her own independent skill, labour and judgement. The Wax Models were then used to make the Silicon Rubber Moulds of the head, body parts and shoes of the BRATZ dolls. The PU Samples were then made from the Silicon Rubber Moulds. The Silicon Rubber Moulds and the PU Samples were created by Mr. Ramirez using his own independent skill, labour and judgement.

(b)    As regards the Mini Bratz, the design process is more or less the same as the full sized version. Ms. Leahy was again commissioned to produce the Wax Models – Mini, which were used by Mr. Ramirez to produce the Silicon Rubber Moulds – Mini, and from the Silicon Rubber Moulds – Mini, the PU Samples – Mini of the head, body parts and shoes of the Mini Bratz were produced.

(c)    Ms. Rhee was commissioned to paint the facial decorations of the BRATZ dolls and Mini Bratz. Based on the Pantone Colour Guides, she created the original décor-masters (which are hand-painted facial decorations on a rubber head sculpt of a doll) that were used to serve as the template from which the individual facial decorations of the original several different BRATZ dolls'

10

Confidential – Attorney's Eyes Only

5463-10

EXHIBIT 19

PAGE 137

MGA 0883853

EX 5463-0010

and Mini-BRATZ dolls were thereafter mass produced by spray masking.

12.    The artistic works referred to in paragraph 6(a), (b), (c), (e), (g), (i), (j) and (k) hereinabove were first published in the USA in or about June 2001 when the BRATZ fashion dolls were first exhibited and offered for sale and the artistic works referred to in paragraph 6(d), (f) and (h) hereinabove were first published in the USA in or about March 2002 when the Mini Bratz dolls were first exhibited and offered for sale.

Sworn at 16380 Roscoe Boulevard
Van Nuys, California 91406
                              USA

this 7th day of October 2005.

Before me,

Notary Public

This affidavit is filed for and on behalf of the Plaintiff.

11

Confidential - Attorney's Eyes Only

EXHIBIT 19

PAGE 138

5463-11

MGA 0883854

EX 5463-0011

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                    Plaintiff

and

DOUBLE GRAND CORPORATION LIMITED    Defendant

---

**AFFIDAVIT OF DAPHNE GRONICH**

Filed on the        day of   *17 OCT 2005*        2005.

Messrs. William W. L. Fan & Co.
Solicitors,
Room 507, 5th Floor, Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel: 2110 2128        Fax: 2111 9336
WF-1921

12

Confidential – Attorney's Eyes Only

EXHIBIT  19       5463-12

MGA 0883855

PAGE  139       EX 5463-0012

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                    Plaintiff

and

DOUBLE GRAND CORPORATION LIMITED          Defendant

This is the marked exhibit referred to in the Affidavit of Daphne Gronich dated the 7th day of October 2005.

| Exhibit Reference | Date | Description | No. of Page |
|---|---|---|---|
| DG-1 | Between 1998 and prior to 18th September 2000 | 15 true copies of the Design Drawings | 15 |

Before me,

*Joseph David Newcomb  Oct 7, 2005*

Notary Public

Confidential – Attorney's Eyes Only

EXHIBIT   19   5463-13

PAGE   140

MGA 0883904

EX 5463-0013

5463-14

Confidential - Attorney's Eyes Only

EXHIBIT __19__

PAGE __141__

EX 5463-0014



5463-15

Confidential - Attorney's Eyes Only

MGA 0985906

EXHIBIT _____ 19

PAGE _____ 142

EX 5463-0015



5463-16

Confidential - Attorney's Eyes Only

EXHIBIT     19

PAGE     143

MGA 0836907

EX 5463-0016

5463-17

Confidential - Attorney's Eyes Only

EXHIBIT ___19___

PAGE ___144___

MGA 0865108

EX 5463-0017



5463-18

Confidential - Attorney's Eyes Only

EXHIBIT 19

PAGE 145

MGA 0985900

EX 5463-0018



EXHIBIT 19

PAGE 146

Confidential Attorney's Eyes Only

MGA 0883910

EX 5463-0019

5463-19



5463-20

EXHIBIT 19
PAGE 147

Confidential - Attorney's Eyes Only

MGA 0680911

EX 5463-0020



5463-21

Confidental - Attorney's Eyes Only

EXHIBIT ___ 19

PAGE ___ 148

MGA 0885912

EX 5463-0021



EVIDENT **19**

5463-22

Confidential - Attorneys Eyes Only
MGA 0883913

EX 5463-0022



5463-23

EXHIBIT 79

PAGE 150

Confidential - Attorney's Eyes Only

MGA 0883914

EX 5463-0023



5463-24

Confidential - Attorney's Eyes Only

EXHIBIT 19

PAGE 15

MGA 0893915

EX 5463-0024

EXHIBIT __19__

PAGE __152__

5463-25

Confidential - Attorney's Eyes Only

EX 5463-0025

5463216

Confidential - Attorney's Eyes Only

EXHIBIT  14

PAGE  153

MGA 0363912

EX 5463-0026



Confidential - Attorney's Eyes Only

EXHIBIT ___19___

PAGE ___151___

54163-27

MGA 0980918

EX 5463-0027

5463-28

Confidential - Attorneys Eyes Only

EXHIBIT _____ 19

PAGE _____ 155

MGA 0989919

EX 5463-0028

HCA 1883/2003

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                    Plaintiff

and

DOUBLE GRAND CORPORATION LIMITED          Defendant

This is the marked exhibit referred to in the Affidavit of Daphne Gronich dated the
7th day of   October 2005.

| Exhibit Reference | Date | Description | No. of Page |
|---|---|---|---|
| DG-2 | Around November 2000 | True copy of the Body Sketch | 1 |

Before me,

*Joseph David Newcomb*
Oct 7, 2005

Notary Public

5463-29

Confidential - Attorney's Eyes Only

MGA 0883856

EXHIBIT   19

PAGE   150

EX 5463-0029



TOP OF HEAD

ROOTING LINE/SEPERATION LINE

ACTUAL PROPORTION

ACTUAL SIZE
10"

EXHIBIT 19
151

5463-30

Confidential - Attorney's Eyes Only

MGA 0883857

EX 5463-0030

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                    Plaintiff

and

DOUBLE GRAND CORPORATION LIMITED          Defendant

This is the marked exhibit referred to in the Affidavit of Daphne Gronich dated the 7th day of October 2005.

| Exhibit Reference | Date | Description | No. of Page |
|---|---|---|---|
| DG-3 | N/A | Photograph of the PU Samples being true copies of the same | 1 |

Before me,

Joseph David Newcomb
Oct 7, 2005

Notary Public

Confidential – Attorney's Eyes Only

EXHIBIT   19

PAGE   158

5463-31

MGA 0883858

EX 5463-0031



54635-32

Confidential - Attorney's Eyes Only

EXHIBIT 19

PAGE 159

MGA 0883850

EX 5463-0032

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                    Plaintiff

and

DOUBLE GRAND CORPORATION LIMITED          Defendant

This is the marked exhibit referred to in the Affidavit of Daphne Gronich dated the
7th day of   October  2005.

| Exhibit Reference | Date | Description | No. of Page |
|---|---|---|---|
| DG-4 | N/A | Photograph of the PU Samples – Mini being true copies of the same | 1 |

Before me,

Joseph David Newcomb
Oct 7, 2005

Notary Public

[notary seal: JOSEPH DAVID NEWCOMB, Commission # 1466641, Notary Public – California, Los Angeles County, My Comm. Expires Jan 27, 2008]

5463-33

Confidential - Attorney's Eyes Only

EXHIBIT ___19___      MGA 0883860

PAGE ___100___        EX 5463-0033



Confidential – Attorney's Eyes Only



5469-34

EXHIBIT ___19___

PAGE ___161___

MGA 0883861

EX 5463-0034

HCA 1883/2003

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                    Plaintiff

and

DOUBLE GRAND CORPORATION LIMITED          Defendant

This is the marked exhibit referred to in the Affidavit of Daphne Gronich dated the 7th day of October 2005.

| Exhibit Reference | Date | Description | No. of Page |
|---|---|---|---|
| DG-5 | Between late 2000 and 2001 | True copies of the Decoration Directions | 4 |

Before me,

*Joseph David Newcomb*
*Oct 7, 2005*

Notary Public

JOSEPH DAVID NEWCOMB
Commission # 1465341
Notary Public — California
Los Angeles County
My Comm. Expires Apr 17, 2008

EXHIBIT   19
PAGE   162

5469-35

Confidential – Attorney's Eyes Only

MGA 0883862

EX 5463-0035

Confidential - Attorney's Eyes Only

EXHIBIT __19__

PAGE __103__

EX 5463-0036



Confidential - Attorneys Eyes Only

MGA 0616664

EX 5463-0037

5463-38

Confidential - Attorneys' Eyes Only

EXHIBIT 19

PAGE 105

EX 5463-0038



EXHIBIT  19

5463·39

PAGE  166

Confidential - Attorney's Eyes Only

MGA 0838868

EX 5463-0039

HCA 1883/2003

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                              Plaintiff

and

DOUBLE GRAND CORPORATION LIMITED          Defendant

This is the marked exhibit referred to in the Affidavit of Daphne Gronich dated the 7th day of October 2005.

| Exhibit Reference | Date | Description | No. of Page |
|---|---|---|---|
| DG-6 | Between late 2000 and 2001 | True copies of the Pantone Colour Guides | 6 |

Before me,

*Joseph David Newcomb*
*Oct 7, 2005*

Notary Public

JOSEPH DAVID NEWCOMB
Commission # 1466441
Notary Public — California
Los Angeles County
My Comm. Expires Jan 27, 2008

Confidential - Attorney's Eyes Only

EXHIBIT __19__

PAGE __107__

546940

MGA 0883867

EX 5463-0040

Asien

Cloe — ›B,
Yasmin — ›B, ›
Jade — ›B, zu (
Sasha — ›S, ›



BLACK

 

Jan 7, 01

5463-41

Confidential – Attorney's Eyes Only

EXHIBIT 19

PAGE 108

MGA 0883868

EX 5463-0041

white




hispanic



Jan'01

EXHIBIT __19__   5464 42

Confidential – Attorney's Eyes Only

MGA 0883869

EX 5463-0042



EXHIBIT 19 5463-43

PAGE 170

Confidential - Attorney's Eyes Only

MGA 0985870

EX 5463-0043



EXHIBIT 19

PAGE 171

5463-44

Confidential - Attorney's Eyes Only   MGA 0899871

EX 5463-0044



Confidential - Attorney's Eyes Only

5463-45

EXHIBIT **19**

MGA 0685874

PAGE **172**

EX 5463-0045

EXHIBIT 5193-46

PAGE 173

Confidential - Attorney's Eyes Only

EX 5463-0046

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC,                          Plaintiff

and

DOUBLE GRAND CORPORATION LIMITED          Defendant

This is the marked exhibit referred to in the Affidavit of Daphne Gronich dated the
7th day of   October 2005.

| Exhibit Reference | Date | Description | No. of Page |
|---|---|---|---|
| DG-7 | N/A | Photograph of the Décor-Masters being true copies of the same | 1 |

Before me,

*Joseph David Newcomb*
*Oct 7, 2005*

Notary Public

JOSEPH DAVID NEWCOMB
Commission # 1466341
Notary Public — California
Los Angeles County
My Comm. Expires Jan 27, 2009



EXHIBIT 5463-48 19

Confidential - Attorney's Eyes Only

PAGE    MGA 0883875 175

EX 5463-0048

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                                Plaintiff

and

DOUBLE GRAND CORPORATION LIMITED          Defendant

This is the marked exhibit referred to in the Affidavit of Daphne Gronich dated the

7th  day of  October  2005.

| Exhibit Reference | Date | Description | No. of Page |
|---|---|---|---|
| DG-8 | 18th September 2000 | True copy of the Bryant 2000 Agreement | 6 |

Before me,

*Joseph David Newcomb*

*Oct 7, 2005*

Notary Public

JOSEPH DAVID NEWCOMB
Commission # 1466841
Notary Public — California
Los Angeles County
My Comm. Expires Jan 27, 2006

EXHIBIT _____ 19

PAGE _____ 5463-49 176

Confidential – Attorney's Eyes Only                MGA 0883876

EX 5463-0049

**MGA ENTERTAINMENT**
16730 Schoenborn Street
North Hills, California 91343

Dated as of September 18, 2000

Mr. Carter Bryant
1319 West 160th Street
Gardena, California 90247

Dear Mr. Bryant:

Set forth below are the terms and conditions upon which we (hereinafter "MGA") are retaining you ("Bryant") to consult and advise MGA in the design and development of certain products which MGA wishes to manufacture and distribute (hereinafter our agreement is sometimes referred to as the "MGA Consulting Agreement"). The parties' agreement is as follows:

1.  **Retention as Consultant/Services:** MGA retains Bryant to provide his services to consult with MGA and advise MGA on the design and development by MGA of a line of dolls presently known as "Bratz" (the "MGA Products"). Bryant will render his services at such locations and times as may reasonably be designated by MGA. It is understood and agreed that Bryant shall provide his services on a "top priority" basis as his services pertain to other clients of Bryant. In addition, Bryant and all other Bryant staff will take direction from and be under the supervision of such person(s) as may be reasonably designated by MGA from time to time upon notice to Bryant. It is understood and agreed that, subject to MGA's prior written consent, Bryant may retain third party contractors ("Contractors") to assist at his direction in the services to be rendered hereunder. Such third parties shall be compensated in a manner ("Contractor Fees") to be determined between Bryant and such third parties and shall be subject to the terms of this Agreement, including without limitation, paragraphs 3, 4, and 7, below. Bryant shall enter into agreements with all Contractors on a form approved by MGA as conforming to the terms of this Agreement and confirming MGA's ownership of all results and proceeds of the services provided by any such Contractors; such form is attached as Exhibit "A" to this Agreement, and is incorporated herein by reference.

2.  **Term/Exclusivity:** The Term shall commence on the date of this Agreement. MGA shall have the right to terminate this Agreement on not less than forty-five (45) days prior written notice to Bryant. During the Term of this Agreement, Bryant will not provide consulting services to any person, firm or corporation engaged in the design, development and manufacture and sale of dolls or similar products.

3.  **Ownership:**

    (a)   All results and proceeds of the services provided by Bryant hereunder and any Contractor, including without limitation, any inventions, and any documentation related thereto, and any other material, whether written or oral (collectively, the "Bryant Work Product") shall be considered "work made for hire" and shall be owned exclusively, throughout the world, and in perpetuity by MGA (including all copyrights and patents therein and thereto, and all renewals and extensions thereof). MGA shall have the sole and exclusive right to use the Bryant Work Product, in whole or in part, in whatever manner MGA may desire, including without limitation, the right to cut, edit, revise, alter and/or otherwise modify the Bryant Work Product and the results of Bryant's services hereunder and the Contractors' services, and to freely use, perform, distribute, exhibit and exploit such materials and license others to do so in any and all media now known or hereafter devised. MGA shall have the sole and exclusive right to copyright or patent the Bryant Work Product in MGA's name, as the owner and author thereof, and to secure any and all registrations, renewals and extensions of such copyrights and

{00006662.DOC/2 / 10/04/2000 03:05 PM}

1

EXHIBIT 19

PAGE 5463-50 177

Confidential - Attorney's Eyes Only

MGA 0883877

EX 5463-0050

patents in MGA's name or Bryant's name or the Contractors' names, as permitted pursuant to applicable statute. Bryant expressly waives, and shall cause all Contractors to waive, any "moral rights" (as such term is commonly understood around the world) in and to the Bryant Work Product prepared by Bryant and/or the Contractors pursuant to the Agreement. Bryant shall, upon request, execute, acknowledge and deliver, and shall cause each Contractor to execute, acknowledge and deliver, to MGA such additional documents as MGA may deem necessary to evidence and effectuate MGA's rights hereunder, and Bryant hereby grants to MGA the right as Bryant's attorney-in-fact to execute, acknowledge, deliver and record in the U.S. Copyright Office, the U.S. Patent Office or elsewhere any and all such documents. If, whether by statutory amendment to the U.S. Copyright and/or Patent Laws, or a decision by a court of competent jurisdiction interpreting such laws, MGA shall not be deemed to be the author or owner of the Bryant Work Product, this Agreement and each agreement with a Contractor shall, nevertheless, constitute an irrevocable assignment by Bryant and each Contractor, as applicable, to MGA of any and all of Bryant's and each Contractors' right, title and interest, including copyright and patent (and all renewals and extensions thereof), in and to the Bryant Work Product. Bryant acknowledges and agrees, and shall cause each Contractor to acknowledge and agree, that he and they have no interest in and shall not, by virtue of this Agreement or any services rendered by Bryant and/or each Contractor to MGA acquire any interest in the MGA Products and that MGA may exploit the MGA Products and any derivative works thereto, without obligation to Bryant and/or the Contractors, except as provided in Paragraph 4, below.

(b)     Without limiting the generality of the provisions of Paragraph 3(a), above, with respect only to any inventions, and any documentation related thereto, and any other material, whether written or oral, created by or for Bryant relating to the MGA Products prior to the commencement of the term of this Agreement, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by Bryant, Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in perpetuity all of Bryant's right, title and interest, in an to the such material, including, without limiting the generality of the foregoing, all rights under copyright and patent (and all renewals and extensions thereof) including the right to produce and authorize the production of any and all derivative works, and all proprietary rights of any kind therein, now known or hereafter created throughout the world. MGA shall have the sole and exclusive right to use such material, in whole or in part, in whatever manner MGA may desire, including without limitation, the right to cut, edit, revise, alter and/or otherwise modify such materials and to freely use, perform, distribute, exhibit and exploit such materials and license others to do so in any and all media now known or hereafter devised or refrain from doing so as MGA may determine. Bryant expressly waives any "moral rights" (as such term is commonly understood around the world) in and to such materials.

4.    **Compensation/Costs**:

(a)     For the first six (6) months of the Term of this Agreement, MGA shall pay Bryant for his services at the rate of five thousand five hundred dollars ($5,500.00) per month; for the next three (3) months of the Term, MGA shall pay Bryant for his services at the rate of five thousand dollars ($5,000.00) per month. All sums paid to Bryant as monthly fees shall be deemed to be non-refundable, fully-recoupable advances against any royalties that may be payable to Bryant pursuant to paragraph 4(b), below.

(b)     MGA shall pay to Bryant a royalty of three percent (3%) of the Net Sales Receipts from the sales by MGA of any of the MGA Products developed by MGA on which Bryant provided his consulting services. As used herein, the term "Net Sales Receipts" means all monies actually received by MGA from its customers on sales of MGA Products less (i) any and all excise, sales, value added or comparable or similar taxes; (ii) freight and similar third party handling charges paid or payable by MGA; and (iii) returns, discounts, allowances or credits (inclusive of co-op and trade discounts and allowances). MGA shall account to Bryant on a calendar quarterly basis within thirty (30) days after the end of each quarter. All statements of royalties rendered by MGA hereunder shall be conclusive, final;

{00006662.DOC/2 / 10/04/2000  03:05 PM}

2

EXHIBIT _____ **19**

PAGE ____ 5463-5178

Confidential - Attorney's Eyes Only

MGA 0883878

EX 5463-0051

and binding on Bryant, shall constitute an account stated, and shall not be subject to any question for any reason whatsoever unless specific written objection, stating the basis thereof, is given by Bryant to MGA within two (2) years after the date rendered. No action, suit, or proceeding of any nature in respect of any royalty statement or other accounting rendered by MGA hereunder may be maintained against MGA unless such action, suit, or proceeding is commenced against MGA in a court of competent jurisdiction within one (1) year after the date of MGA's notice rejecting such objection. Bryant or his representatives shall have the right, not more than once per year and not more than once per statement of royalties, to examine MGA's books and records relating to the sales of such MGA Products, such examination to be conducted during MGA's normal business hours and upon reasonable prior written notice.

(c)    All costs and expenses incurred by Bryant in connection with the performance of his obligations hereunder shall be borne solely by Bryant, except as otherwise agreed and incurred with MGA's prior written consent. In the event MGA requests Bryant to travel to the Orient on MGA's behalf in connection with his services hereunder, MGA will reimburse Bryant for all travel expenses incurred in connection therewith, such as parking, airfare (economy class), auto rental, meals and hotel accommodations. Reimbursement shall be at the actual cost of such item without any mark-up.

(d)    Bryant shall submit invoices to MGA for his monthly fees (and reimbursable expenses, if and as agreed) on a monthly basis. Each invoice shall provide sufficient detail to support the monthly fee charges and hours rendered (and shall include satisfactory copies of bills and/or payments for reimbursable expenses, as applicable). MGA shall pay each such invoice within fifteen (15) days after receipt of such invoice, provided, however, MGA reserves the right to request further explanation or documentation before paying any invoice submitted by Bryant.

(e)    MGA shall use its reasonable business efforts, consistent with its business judgment, to market, promote, distribute, sell and/or exploit the MGA Products and to collect on all monies due from sales. MGA has not made and does not hereby make any representation or warranty with respect to the quantity of sales (if any) of MGA Products embodying the Property which MGA may sell. Bryant recognizes and acknowledges that the sale of MGA Products is speculative and agrees that MGA's judgment and the judgment of its subsidiaries and affiliated companies with regard to the sales of any of its MGA Products and with regard to the marketing, promotion, advertising and exploitation of the MGA Products shall be binding and conclusive upon Bryant. Bryant warrants and agrees that Bryant will not make any claim, nor shall any liability be imposed upon MGA based upon any claim, that more sales could have been made or that better business could have been done than what was actually made or done by MGA or any of MGA's subsidiaries or its affiliated companies, or that better prices or terms could have been obtained.

5.    **Warranties and Indemnity:**  Bryant represents, warrants and agrees that:

(a)    he has the right and is free to execute this Agreement, to grant the rights granted by him to MGA hereunder, and to perform each and every term and provision hereof;

(b)    neither the execution and delivery of this Agreement nor the performance by Bryant of any of his obligations hereunder will constitute a violation, breach or default under any agreement, arrangement or understanding, or any other restriction of any kind, to which Bryant is a party or by which Bryant is bound;

(c)    the Bryant Work Product shall be free of all liens and encumbrances and there will be no claims, demands or actions pending or threatened with respect thereto; and that the Bryant Work Product is original and no part thereof infringes or shall infringe upon any common law or statutory rights or intellectual property rights of any third party including, without limitation, contractual rights,

{00006662.DOC/2 / 10/04/2000  03:05 PM}

3

EXHIBIT    19
PAGE    179 5463 52

Confidential - Attorney's Eyes Only                              MGA 0883879

EX 5463-0052

patents, copyrights, mask-work rights, trade secrets, rights of privacy and other intellectual property
rights;

(d)     he shall comply with all applicable laws and regulations in force during the Term of this
Agreement with respect to the services to be rendered hereunder; and

(e)     he shall indemnify and hold MGA harmless from and against any and all claims, losses,
costs, judgments, settlements, damages and expenses (including reasonable counsel fees) arising
from any breach by him of any of the warranties, representations and agreements made by him
hereunder.

## 6.    Default/Termination:

(a)     In the event either Party fails to perform any of its material obligations hereunder, or
breaches any representation, warranty or agreement contained herein, the other Party may terminate
this Agreement on thirty (30) days prior written notice, provided the breaching Party shall not have
remedied such failure within such thirty (30) day period.

(b)     Upon the termination of this Agreement Bryant shall turn over to MGA all materials
relating to the MGA Products furnished by MGA to Bryant or shall give MGA satisfactory evidence of
their destruction.

## 7.    Confidentiality:

(a)     Bryant shall keep in confidence and not disclose to any third party, without the written
permission of MGA, the Confidential Information made known to him under this Agreement.  As used
herein, the term "Confidential Information" means information relating to MGA's products (whether
current or projected), product titles, customers, employees, tools and techniques, designs, drawings,
schematics and other documentation relating thereto and other confidential and proprietary business
information of MGA and which is expressly labeled or identified to Bryant in writing as "confidential" or
which, under the circumstances of such disclosure, Bryant knows, or reasonably should know, are
treated by MGA as confidential.  This requirement of confidentiality shall not apply to any information
that is (i) in the public domain through no wrongful act of Bryant; (ii) rightfully received by the Bryant
from a third party who is not bound by a restriction of nondisclosure; (iii) already in the Bryant's
possession without restriction as to disclosure; or (iv) required to be disclosed by operation of law or by
order of a court or administrative body of competent jurisdiction, (provided that prior to such disclosure,
MGA shall first receive notice thereof from Bryant and have the opportunity to contest such order or
requirement of disclosure or seek appropriate protective order).

(b)     Bryant agrees and acknowledges that all Confidential Information disclosed to him shall
be and remain the sole property of MGA. Nothing contained in this Agreement shall be construed as
granting to Bryant any right, title or interest of any kind, by license or otherwise, to the Confidential
Information disclosed by MGA, the intellectual property therein or any part or copy thereof. Bryant
further acknowledges and agrees that nothing contained herein shall be construed as granting Bryant
any right to develop, manufacture, produce and/or distribute any product(s) derived from or which
otherwise uses any of the Confidential Information disclosed by MGA, or authorize or in any way assist
others to do so.  Bryant may not make, sell, license or distribute copies of the Confidential Information
disclosed by MGA and may not sublicense, transfer or assign in any manner whatsoever this
Agreement or any of Bryant's rights or obligations under this Agreement.

(c)     Bryant acknowledges that his failure to perform any of the terms or conditions of this
Agreement shall result in immediate and irreparable damage to MGA.  Bryant also acknowledges that
there may be no adequate remedy at law for such failures and that in the event thereof MGA shall be

{00006662.DOC/2 / 10/04/2000  03:05 PM)

4

EXHIBIT 19

PAGE 180

Confidential - Attorney's Eyes Only                                                MGA 0883880

EX 5463-0053

entitled to equitable relief in the nature of injunction and to all other available relief, at law and/or in equity.

8.    **Notices:** All notices, statements and/or payments to be given to the parties hereunder shall be addressed to the parties at the addresses set forth on the first page hereof or at such other address as the parties shall designate in writing from time to time. All notices shall be in writing and shall either be served by personal delivery, mail, or facsimile (if confirmed by mail or personal delivery of the hard copy), all charges prepaid. Except as otherwise provided herein, such notices shall be deemed given when personally delivered, all charges prepaid, or on the date five (5) days following the date of mailing, except that notices of change of address shall be effective only after the actual receipt thereof. Copies of all notices to MGA shall be sent to Fischbach, Perlstein & Lieberman LLP, 1875 Century Park East, Suite 850, Los Angeles, California 90067, Attention: David S. Rosenbaum, Esq. Copies of all notices to Bryant shall be sent to Carter Bryant 1319 West 166th Street, Gardena, California 90247.

9.    **Independent Contractor/No Partnership/Third Party Beneficiary:** Bryant's relationship with MGA is that of an independent contractor. Bryant does not have, and will not represent that he has, any power, right or authority to bind MGA, or to assume or create any obligation or responsibility, express or implied, on behalf of MGA in MGA's name. Nothing stated in the Agreement shall be construed as constituting a partnership or as creating the relationships of employer/employee or principal/agent between the parties. In all matters relating to the Agreement, Bryant shall not act as MGA's employee within the meaning or application of any federal or state unemployment insurance laws, or any other laws or regulations which may impute any obligations or liabilities to MGA by reason of an employment relationship. Bryant will be solely responsible for all taxes, including without limitation, employee and employer, and that he carries all of his own insurance. Neither of the parties hereto shall hold itself out contrary to the terms of this provision by advertising or otherwise. This Agreement shall not be construed to be for the benefit of any third party.

10.   **Services Rendered Deemed Special, etc.:** Bryant acknowledges that the services to be rendered by him hereunder are of a special, unique, extraordinary and intellectual character which gives them peculiar value, the loss of which cannot be adequately compensated for in an action at law and that a breach of any term, condition or covenant hereof will cause irreparable harm and injury to MGA and in addition to any other available relief MGA will be entitled to seek injunctive relief.

11.   **General Provisions:**

(a)    This Agreement may not be assigned by either Party hereto either voluntarily or by operation of law. Any such assignment shall not relieve such Party of its obligations hereunder.

(b)    The titles of the paragraphs of this Agreement are for convenience only and shall not in any way affect the interpretation of any paragraph of this Agreement or the Agreement itself.

(c)    A waiver by either Party of the terms or conditions of this Agreement in any instance shall not be deemed or construed to be a waiver of such terms or conditions for the future or of any subsequent breach thereof. All remedies, rights, undertakings, obligations and agreements contained herein shall be cumulative and none of them shall be in limitation of any other remedy, right, undertaking, obligation or agreement of either Party.

(d)    Neither Party hereto shall be liable to the other for any incidental, consequential, special or punitive damages of any nature or kind, arising out of in connection with a breach by such Party of this Agreement, whether such liability is asserted on the basis of contract, tort (including negligence or strict liability), or otherwise, even if such Party has been warned of the possibility of any such loss or damage.

{00006662.DOC/2 / 10/04/2000 03:05 PM}

5

EXHIBIT   19

PAGE    181

Confidential – Attorney's Eyes Only

5463-54

MGA 0883881

EX 5463-0054

(e)      This Agreement shall be construed and interpreted pursuant to the laws of the State of California, applicable to agreements made and to be performed entirely therein, and the parties hereto submit and consent to the jurisdiction of the courts of the State of California, including Federal Courts located therein, should Federal jurisdiction requirements exist, in any action brought to enforce (or otherwise relating to) this contract.

(f)      This Agreement constitutes the entire Agreement between the parties hereto and supersedes all prior agreements, whether written or oral, with respect to the subject matter herein contained.  No provision of this Agreement shall be deemed waived, amended or modified by either Party unless such waiver, amendment or modification shall be in writing and signed by a duly authorized officer of the Party against whom the waiver, amendment or modification is to be enforced.

(g)      Nothing contained in this Agreement shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provision of this Agreement and any material statute, law, ordinance, order or regulation contrary to which the parties hereto have no legal right to contract, the latter shall prevail, but in such event any provision of this Agreement so affected shall be curtailed and limited only to the extent necessary to bring it within the legal requirements.

Kindly indicate your agreement with the foregoing by signing in the space provided below.

Very truly yours,

MGA ENTERTAINMENT

By: _____

Its: _____

AGREED TO AND ACCEPTED:

_____
CARTER BRYANT

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
Social Security Number

{00008662.DOC/2 / 10/04/2000  03:06 PM}

6

EXHIBIT 19

PAGE 182

Confidential - Attorney's Eyes Only

MGA 0883882

EX 5463-0055

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                    Plaintiff

and

DOUBLE GRAND CORPORATION LIMITED          Defendant

This is the marked exhibit referred to in the Affidavit of Daphne Gronich dated the
7th day of  October 2005.

| Exhibit Reference | Date | Description | No. of Page |
|---|---|---|---|
| DG-9 | May 2004 | True copy of the Modification and Clarification of the Agreement dated September 18, 2000 executed by Mr. Bryant and MGA Inc. | 6 |

Before me,

*Joseph David Newcomb*
*Oct 7, 2005*

Notary Public

EXHIBIT   19

PAGE   183   2463-56

Confidential - Attorney's Eyes Only

MGA 0883883

EX 5463-0056

## MODIFICATION AND CLARIFICATION
## OF THE 2000 AGREEMENT

MGA Entertainment, Inc., having an office and principal place of business at 16730 Schoenborn Street, North Hills, California 91343 (hereinafter "MGA") and Carter Bryant, an individual residing at 694 W. Mount Vernon, #264 Nixa, MO 65714 (hereinafter "Bryant") hereby modify and clarify the intent of the parties in, and meaning of, the agreement entered into between the parties in 2000.

## RECITALS

WHEREAS MGA has retained and continues to retain Bryant to perform services relating to the Bratz Property (defined below) for MGA; and

WHEREAS Bryant has performed and continues to perform services for MGA with the understanding that all Intellectual Property Rights (defined below), title and interest of every kind and nature now known or unknown, or hereafter created or coming into force as a result of such services being performed by Bryant for MGA, shall be owned exclusively by MGA;

NOW THEREFORE, as set forth herein, MGA and Bryant confirm that it was and is the intent of the parties that MGA is the owner of all Intellectual Property Rights worldwide, in perpetuity pertaining to the Bratz Property.

## AGREEMENTS

1.    **DEFINITIONS.**  For the purposes of this Modification and Clarification Agreement, the following terms shall have the following meanings:

1.1    "Bryant's Services" or "Services" means all creative and production services and materials used to develop, create, design, render, produce, or deliver the Projects (defined below).

1.2    "Bratz Property" means and refers to MGA's famous Bratz property consisting of, without limitation, the BRATZ Characters (including without limitation, SASHA, CLOE, DANA, YASMIN, JADE, MEYGAN, FIANNA, NEVRA, DYLAN, CADE, EITAN, CAMRON and KOBE), and all intellectual and industrial property rights associated therewith, including without limitation all copyrights, patents, trademarks, industrial designs, design rights and trade dress rights in any country of the world.

1.3    "Materials" includes all results and proceeds created in or by the Projects including all additions, deletions, alterations, or revisions to the Projects, and all drafts, notes, concepts, ideas, suggestions, and approaches related thereto or contained therein, or other materials including, without limitation, artwork, sketches, specifications, designs, drawings, models, prototypes, sculptures, works of artistic craftsmanship or other tangible work developed, produced, created or furnished by Bryant, and each element and part thereof, and all results and proceeds thereof.

1.4    "Projects" means and refers to any and all projects worked on by Bryant with respect to the Bratz Property, and includes, without limitation, all the projects listed or identified

C:\Documents and Settings\fwan\Local Settings\Temporary Internet Files\OLK7\Bryant Agreement.doc

1

EXHIBIT **19**

PAGE **181** 5463-57

MGA 0883884

EX 5463-0057

on any invoice provided by Bryant to MGA, all the projects listed or identified on any purchase order provided by MGA to Bryant, and any and all projects otherwise worked on by Bryant with respect to the Bratz Property.

    1.5   "Intellectual Property Rights" means copyright rights, trademark rights, patent rights, design rights, industrial designs, trade secrets, moral rights, rights of publicity, authors' rights, contract and licensing rights, goodwill and all other rights as may exist now and/or hereafter come into existence which arise out of the performance by Bryant of the Services, and including all renewals and extensions thereof, regardless of whether such rights arise under the law of the United States or any other state, country or jurisdiction.

    1.6   The "2000 Agreement" means the agreement entered into between MGA and Bryant in 2000.

**2.    INTENT.** Bryant confirms, acknowledges and agrees that it is the continuing intent, and has always been the intent of the parties from the beginning of their contractual relationship, that MGA shall own, in the United States and in all other countries and jurisdictions of the world, all Intellectual Property Rights subsisting in all Services and Materials created and worked on by Bryant. Bryant confirms, acknowledges and agrees that in order to effect this intent in any country or jurisdiction, he will execute the assignments and any and all other documents necessary to confirm this Agreement. In addition, Bryant confirms, acknowledges and agrees that but for Bryant's agreement that MGA shall own all Intellectual Property Rights worldwide pertaining to the BRATZ Property, MGA would not have employed Bryant and would not have entered into the 2000 Agreement. Bryant further confirms, acknowledges and agrees that all services rendered by Bryant in connection with one or more Projects have been, or will be rendered, on behalf of MGA and that the results and proceeds thereof, including, without limitation, all Materials of whatever nature rendered by Bryant hereunder, were and/or will be created by Bryant as a work made for hire specially ordered or commissioned by MGA, and that as a work made for hire all rights vest in MGA. To the extent that any such rights in all Services and Materials did not or do not automatically vest in MGA as a work made for hire, Bryant confirms, acknowledges and agrees that for good and valuable consideration, the receipt and adequacy of which he acknowledged in the 2000 Agreement and hereby acknowledges again, Bryant irrevocably granted, assigned and transferred and continues to grant, assign and transfer to MGA all of Bryant's worldwide rights, title and interest in and to the Services and Materials upon creation. Bryant shall, at the request of MGA, execute additional documentation, assignments or other agreements confirming the original intention of the parties that all Intellectual Property Rights vest in MGA in all countries and jurisdictions, and evidencing the existence of this Modification and Clarification Agreement.

**3.    RIGHTS.**

    3.1   MGA shall solely and exclusively own throughout the world in perpetuity all right, title, and interest of every kind and nature now known or hereafter created in and to the Projects and the Materials. Such rights, title, and interest shall include, without limitation, (i) all Intellectual Property Rights; (ii) all of the results, products and proceeds of Bryant's Services hereunder; (iii) all original ideas in connection therewith; and (iv) all rights generally known as "moral rights of authors."

EXHIBIT 19 <sup>2</sup>

PAGE 185

5463-58

Confidential - Attorney's Eyes Only

MGA 0883885

EX 5463-0058

3.2     Without limiting section 3.1, with respect to all work done by Bryant prior to September 18, 2000, which became known as the Bratz Property, including without limitation the drawings which are the subject of Copyright Registration Nos. VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490 and VA 1-218-491 (and the characters that are now referred to as CLOE, JADE, SASHA and YASMIN) and during the same period, all additions, deletions, alterations, or revisions, and all drafts, notes, concepts, ideas, suggestions, and approaches related thereto or contained therein, and other materials including, without limitation, artwork, sketches, specifications, designs, drawings, models, prototypes, sculptures, works of artistic craftsmanship or other tangible work developed, produced, created or furnished by Bryant, and each element and part thereof, and all results and proceeds thereof, Bryant confirms that through the 2000 Agreement, he did irrevocably grant, assign, and transfer to MGA all of Bryant's right, title, and interest worldwide in and to the Services and Materials and the results and proceeds thereof including, without limitation, all right, title and interest in (i) all Intellectual Property Rights in the United States of America and in all other countries throughout the world; (ii) all versions and derivative works of the Materials, and all copyrights in and to such other versions, derivative works, and all renewals and extensions thereof, in the United States of America, and all copyrights and proprietary rights therein in all other countries throughout the world; and (iii) all causes of action for infringement of the copyright and of all other rights of whatsoever nature, vested or contingent, past, present and future, in and to the Materials in the United States of America and in all other countries throughout the world and all of the proceeds from the foregoing, accrued and unpaid and hereafter accruing.  To the extent the 2000 Agreement does not operate to effect such irrevocable grant, assignment, and transfer, by this Modification and Clarification Agreement, Bryant hereby irrevocably grants, assigns, and transfers to MGA all of such rights as set forth in sections (i)-(iii) contained in this paragraph.  For the purposes of this paragraph and the 2000 Agreement, Bryant hereby appoints MGA as attorney-in-fact for the limited purpose of effecting this assignment and executing all documents necessary to effect this assignment. This power of attorney is coupled with an interest and is irrevocable. Bryant confirms, acknowledges and agrees that the compensation paid to Bryant includes consideration for this grant, assignment and transfer, and Bryant further acknowledges by its signature on this Agreement the adequacy and sufficiency of the consideration therefor.

3.3     Without limiting section 3.1, Bryant confirms and acknowledges that Bryant's Services after September 18, 2000, and all results and proceeds thereof, including, without limitation, the Materials, are and were works done under MGA's direction and control, are and have been specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a supplementary work, or as a compilation, and that all such services, results, and proceeds shall be considered work made for hire.  As agreed by the parties at the outset of their relationship, as between Bryant and MGA, MGA shall be considered the author of the Materials and shall own all the rights in and to the Materials including, without limitation, all Intellectual Property Rights, and shall have the right to register the copyrights and other Intellectual Property Rights therefor in MGA's name or in the name of its nominee.

3.4     To the extent that any rights in the work or services set forth in section 3.3, in whole or in part, did not or do not vest in MGA as a work made for hire or otherwise in the United States or any other country, Bryant confirms that he did, does and will irrevocably grant, assign, and transfer to MGA all of Bryant's right, title, and interest worldwide in and to the Services and Materials and the results and proceeds thereof including, without

EXHIBIT __19__

PAGE __186__
5463-59

Confidential - Attorney's Eyes Only                    MGA 0883886

EX 5463-0059

limitation, all right, title and interest in (i) all Intellectual Property Rights in the United States of America and in all other countries throughout the world; (ii) all versions and derivative works of the Materials and all copyrights in and to such other versions, derivative works, and all renewals and extensions thereof, in the United States of America, and all copyrights and proprietary rights therein in all other countries throughout the world; and (iii) all causes of action for infringement of the copyright and of all other rights of whatsoever nature, vested or contingent, past, present and future, in and to the Materials in the United States of America and in all other countries throughout the world, and all of the proceeds from the foregoing, accrued and unpaid and hereafter accruing. For this purpose, Bryant hereby appoints MGA as attorney-in-fact for the limited purpose of effecting this assignment and executing all documents necessary to effect this assignment. This power of attorney is coupled with an interest and is irrevocable. Bryant confirms, acknowledges and agrees that the compensation paid to Bryant includes consideration for this grant, assignment and transfer, and Bryant further acknowledges by its signature on this Agreement the adequacy and sufficiency of the consideration therefor.

3.5     MGA shall have the sole and exclusive right throughout the world, in all languages, in perpetuity to use and exploit all or any part of the Materials and all or any part of any material contained therein or prepared therefor, whether or not used therein, in any format or version, by any means and in any media, whether now or hereafter known or developed, each without further payment or consideration to Bryant. Without limiting the foregoing, Bryant hereby waives any and all claims that Bryant may now or hereafter have in any jurisdiction to so-called "moral rights" or "droit moral" with respect to the results and proceeds of Bryant's Services hereunder.

3.6     Bryant represents and confirms that he is the sole creator of all Materials contributed by Bryant, that he had no employees, agents, subcontractors, vendors and/or independent contractors working on the Projects, and therefore that no copies of Exhibit A to the 2000 Agreement were ever signed, as none were required..

3.7     Bryant acknowledges, confirms and agrees that with respect to this Modification and Clarification Agreement, he has received valuable consideration, the adequacy and sufficiency of which is hereby acknowledged, that this Modification and Clarification Agreement is fully enforceable, and that Bryant's assignment of rights to MGA and acknowledgement of rights as set forth herein and in the 2000 Agreement (including without limitation the work-made-for-hire nature of Bryant's work as set forth in section 3.3 herein) are irrevocable and, subject only to the Copyright Act, non-terminable. If MGA breaches its obligations under this Modification and Clarification Agreement or the 2000 Agreement, the damage, if any, caused to Bryant shall not be irreparable or sufficient to entitle Bryant to injunctive or other equitable relief. Consequently, Bryant's rights and remedies in such cases shall be limited to the right, if any, to obtain damages at law and Bryant shall not have any right in such event to terminate, revoke or rescind this Modification and Clarification Agreement or the 2000 Agreement or any of the rights granted to MGA hereunder or in the 2000 Agreement, or to enjoin or restrain any manufacturing, production, advertising, promotion, distribution or exploitation of the BRATZ Property, any derivative work, and/or any of MGA's rights hereunder or under the 2000 Agreement.

4.     ADDITIONAL PROVISIONS

EXHIBIT  **19**

PAGE  ~~187~~ 51463-60

Confidential - Attorney's Eyes Only

MGA 0883887

EX 5463-0060

**4.1.**    Other than as set forth herein, the 2000 Agreement remains in full force and effect. The 2000 Agreement, as clarified and modified by this document, constitutes the entire and final agreement of the parties with respect to the subject matter hereof and supersedes any and all prior agreements, representations, promises and undertakings of any kind, whether oral or written. In the event of any conflict between this Modification and Clarification Agreement and the 2000 Agreement or any other agreement, the parties agree that this Modification and Clarification Agreement shall govern.

**4.2.**    The parties understand and agree that the 2000 Agreement was entered into between Carter Bryant and ABC International Traders, Inc. d/b/a MGA Entertainment and that ABC International Traders, Inc. is now known as MGA Entertainment, Inc.

**4.3.**    MGA may freely assign any or all of its Intellectual Property Rights, including any and all rights in the Bratz Property.

**4.4.**    The 2000 Agreement and this Modification and Clarification Agreement shall be binding upon and shall inure to the benefit of the parties and their respective successors and assigns. Bryant shall not voluntarily or by operation of law assign, transfer, encumber or otherwise dispose of all or part of any rights or obligations set forth in the 2000 Agreement or this Modification and Clarification Agreement.

**4.5.**    Any amendment or modification of the 2000 Agreement or this Modification and Clarification Agreement, or any waiver of the terms, in order to be binding, must be written and signed by the parties hereto.

**4.6.**    Except as expressly stated in the 2000 Agreement and this Modification and Clarification Agreement, no party hereto has made any statement or representation to any other party hereto regarding any facts relied upon by said party in entering into these agreements, and, except for the representation and warranties stated in these agreements, each party hereto specifically does not rely upon any statement, representation or promise of any other party hereto in executing these agreements.

**4.7.**    Each of the parties to this Modification and Clarification Agreement represents and warrants that as of the date of this agreement it has the right and authority to execute this agreement on its or his behalf, and that it or he has not sold, assigned, transferred, conveyed, or otherwise disposed of any claim or demand relating to any right surrendered by virtue of this agreement. Each of the parties to this agreement represents and warrants that it or he has not entered into any agreements which conflict with this agreement and has taken the necessary steps to give effect to this Modification and Clarification Agreement.

**4.8.**    This Modification and Clarification Agreement and the 2000 Agreement will be governed by and construed in accordance with federal laws of the United States and the laws of the State of California applicable to agreements entered into, and to be performed entirely, within California without regard to choice of law provisions and regardless of the place or places of its actual execution or performance. Any suit, action or proceeding between or among any of the parties hereto arising out of or related to these agreements shall be brought solely in the United States District Court, Central District of California, or the Superior Court, County of Los Angeles, and Bryant hereby submits to the personal jurisdiction thereof and agrees to such court as the appropriate venue.

C:\Documents and Settings\Jvera\Local Settings\Temporary Internet Files\OLK7\Bryant Agreement.doc

EXHIBIT **19**    5

PAGE **188**

5463-61

Confidential - Attorney's Eyes Only

MGA 0883888

EX 5463-0061

4.9.    These agreements are severable. If any provision of the 2000 Agreement or this Modification and Clarification Agreement is found invalid or unenforceable in any jurisdiction, that provision, as to that jurisdiction, will be ineffective to the extent of such invalidity or unenforceable without rendering invalid or unenforceable the other remaining provisions of these agreements, which other remaining provisions will not be affected and shall remain in force, to the maximum extent permissible.

4.10.    This Modification and Clarification Agreement may be executed in one or more counterparts, and by facsimile transmission, each copy of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument, but this Agreement shall not be binding upon the parties until it has been signed by all parties.

Date: _MAY 11_____, 2004        MGA ENTERTAINMENT, INC.

By: _DAPHNE GRONICH_
Its: _SENIOR V.P. + GENERAL COUNSEL_

Date: _5/5_____, 2004

By: CARTER BRYANT

C:\Documents and Settings\User\Local Settings\Temporary Internet Files\OLK3\Bryant Agreement.doc

6

EXHIBIT __19__

PAGE __169__

Confidential - Attorney's Eyes Only

MGA 0883889

EX 5463-0062

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                    Plaintiff

and

DOUBLE GRAND CORPORATION LIMITED        Defendant

This is the marked exhibit referred to in the Affidavit of Daphne Gronich dated the 7th day of October 2005.

| Exhibit Reference | Date | Description | No. of Page |
|---|---|---|---|
| DG-10 | February 2004 | True copy of the Leahy 2004 Assignment | 5 |

Before me,

*Joseph David Newcomb*

*Oct 7, 2005*

Notary Public

JOSEPH DAVID NEWCOMB
Commission # 1466841
Notary Public — California
Los Angeles County
My Comm. Expires Jan 27, 2009

EXHIBIT 19

PAGE 54 / 103-63

Confidential – Attorney's Eyes Only

MGA 0883890

EX 5463-0063

# AGREEMENT

The parties to this Agreement confirm that on the 1st day of October 2000,  (the "Effective Date") the Agreement set out below was entered into between MGA Entertainment, Inc., having an office and principal place of business at 16730 Schoenborn Street, North Hills, California 91343 (hereinafter "MGA") and Margaret Leahy (as defined below) having an office and principal place of business at Highway Avenue, Altadena, California.

## RECITALS

WHEREAS MGA is the owner of all "Intellectual Property Rights" worldwide pertaining to the "Bratz Property";

WHEREAS MGA has retained, and continues to retain, Margaret Leahy to perform services on one or more "Projects" relating to the "Bratz Property" for MGA;

AND WHEREAS Margaret Leahy has performed and continues to perform services on one or more "Projects" for MGA on the understanding that all "Intellectual Property Rights", title and interest of every kind and nature now known or unknown, or hereafter created or coming into force as a result of such services being performed by Margaret Leahy for MGA, shall be owned exclusively by MGA;

NOW THEREFORE this Agreement confirms and witnesses that Margaret Leahy has acknowledged and agreed to the following:

## AGREEMENTS

1.  **TERM.** This confirms that the Agreement became effective on the Effective Date and continues to be effective until the satisfactory completion of the Projects (defined below).

2.  **DEFINITIONS.** For the purposes of this Agreement, the following terms shall have the following meanings:

2.1  "Margaret Leahy" means Margaret Leahy and all of her employees, representatives and agents (the "Related Entities"), and all full-time, part-time, and freelance employees, agents, subcontractors, vendors, and independent contractors of Margaret Leahy, or of her Related Entities.

2.2  "Margaret Leahy's Services" or "Services" means all creative and production services and materials used to develop, create, design, render, produce, or deliver the Projects (defined below).

2.3  "Bratz Property" means and refers to MGA's famous Bratz property consisting of, without limitation, the BRATZ Characters (including without limitation, SASHA, CLOE, DANA, YASMIN, JADE and MEYGAN), and all intellectual and industrial property rights associated therewith, including

without limitation all copyrights, patents, trademarks, industrial designs, design rights and trade dress rights in any country of the world.

2.4  "Materials" includes all results and proceeds created in or by the Projects including all additions, deletions, alterations, or revisions to the Projects, and all drafts, notes, concepts, ideas, suggestions, and approaches related thereto or contained therein, or other materials including, but without limitation, sketches, specifications, designs, drawings, models, prototypes, sculptures, works of artistic craftsmanship or other tangible work developed, produced, created or furnished by Margaret Leahy, and each element and part thereof, and all results and proceeds thereof.

2.5  "Projects" means and refers to any and all projects worked on by Margaret Leahy with respect to the Bratz Property and includes, without limitation, all the projects to be listed or identified on the attached form entitled "Creative Services – Freelance Project Log" (hereinafter the "Freelance Project Log"), all the projects listed or identified on any invoice provided by Margaret Leahy to MGA, all the projects listed or identified on any purchase order provided by MGA to Margaret Leahy, and any and all projects otherwise worked on by Margaret Leahy with respect to the Bratz Property.

2.6  "Intellectual Property Rights" means copyright rights, trademark rights, patent rights, design rights, industrial designs, trade secrets, moral rights, rights of publicity, authors' rights, contract and licensing rights, goodwill and all other rights as may exist now and/or hereafter come into existence which arise out of the performance by Margaret Leahy of the Services on behalf of MGA in relation to the Bratz Property, and including all renewals and extensions thereof, regardless of whether such rights arise under the law of the United States or any other state, country or jurisdiction.

3.  **REPRESENTATIONS AND WARRANTIES.**

Margaret Leahy represents and warrants that she did not perform any Services or perform any work on any Projects with respect to the Bratz Property prior to the Effective Date of this Agreement.  Margaret Leahy further agrees that if she later discovers that any Services were performed by Margaret Leahy

C:\DOCIME-1\MKAHAR~1\LOCALS~1\Temp\Leahy Agreement.doc

1

EXHIBIT 19    5463-04

PAGE 191    MGA 0883891

Confidential - Attorney's Eyes Only

EX 5463-0064

prior to the Effective Date, this Agreement is hereby effective as of such earlier date.

4. INTENT. Margaret Leahy confirms, acknowledges and agrees that it is the continuing intent, and has always been the intent of the parties from the beginning of their contractual relationship, that MGA shall own, in the United States and in all other countries and jurisdictions of the world, all Intellectual Property Rights subsisting in all Materials created and worked on by Margaret Leahy with respect to the Bratz Property. Margaret Leahy confirms, acknowledges and agrees that in order to effect this intent in any country or jurisdiction, she will execute the assignments and any and all other documents necessary to confirm this Agreement. In addition, Margaret Leahy confirms, acknowledges and agrees that but for Margaret Leahy agreement to the paragraph entitled "Rights" herein, MGA would not have employed Margaret Leahy. Margaret Leahy further confirms, acknowledges and agrees that all services rendered by Margaret Leahy in connection with one or more Projects have been, or will be rendered, on behalf of the MGA and that the results and proceeds thereof, including, without limitation, all Materials of whatever nature rendered by Margaret Leahy hereunder, were and/or will be created by Margaret Leahy as a work made for hire specially ordered or commissioned by MGA and that as a work made for hire all rights vest in MGA. To the extent that any such rights in all Materials did not or do not automatically vest in MGA as a work made for hire, Margaret Leahy confirms, acknowledges and agrees that for good and valuable consideration, the receipt of which is hereby acknowledged, Margaret Leahy irrevocably granted, assigned and transferred to MGA all of Margaret Leahy worldwide rights, title and interest in and to the Materials upon creation and will, at the request of MGA, execute appropriate assignments or other agreements confirming the original intention of the parties that all Intellectual Property Rights vest in MGA in all countries and jurisdictions and evidencing the existence of this Agreement.

5. RIGHTS.

5.1 MGA shall solely and exclusively own throughout the world in perpetuity all right, title, and interest of every kind and nature now known or hereafter created in and to the Projects and the Materials. Such rights, title, and interest shall include, without limitation, (i) all Intellectual Property Rights; (ii) all of the results, products and proceeds of Margaret Leahy's Services hereunder; (iii) all original ideas in connection therewith; and (iv) all rights generally known as "moral rights of authors."

5.2 Without limiting the foregoing, Margaret Leahy confirms and acknowledges that Margaret Leahy's work and services hereunder and all results and proceeds thereof, including without limitation the Materials, are and were works done under MGA's direction and control; are and have been specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a supplementary work, or as a compilation; and that all such services, results, and proceeds shall be considered work made for hire. As agreed by the parties at the outset of their relationship, as between Margaret Leahy and MGA, MGA shall be considered the author of the Materials and shall own all the rights in and to the Materials including all Intellectual Property Rights and shall have the right to register the copyrights and other Intellectual Property Rights therefor in MGA's name or in the name of its nominee.

5.3 To the extent that any rights, in whole or in part, did not or do not vest in MGA as a work made for hire or otherwise in the United States or any other country, Margaret Leahy confirms that she did and does irrevocably grant, assign, and transfer to MGA all of Margaret Leahy's right, title, and interest worldwide in and to the Materials and the results and proceeds thereof including, without limitation, all right, title and interest in (i) all Intellectual Property Rights in the United States of America and in all other countries throughout the world; (ii) all versions and derivative works of the Materials and all copyrights in and to such other versions, derivative works, and all renewals and extensions thereof, in the United States of America, and all copyrights and proprietary rights therein in all other countries throughout the world; and (iii) all causes of action for infringement of the copyright and of all other rights of whatsoever nature, vested or contingent, past, present and future, in and to the Materials in the United States of America and in all other countries throughout the world and all of the proceeds from the foregoing, accrued and unpaid and hereafter accruing. For this purpose, Margaret Leahy hereby appoints MGA as attorney-in-fact for the limited purpose of effecting this assignment and executing all documents necessary to effect this assignment. This power of attorney is coupled with an interest and is irrevocable. Margaret Leahy confirms, acknowledges and agrees that the compensation paid to Margaret Leahy includes consideration for this grant, assignment and transfer, and Margaret Leahy further acknowledges by her signature on this Agreement the adequacy and sufficiency of the consideration therefor.

5.4 Margaret Leahy acknowledges, confirms and agrees that even if no further compensation is paid to

EXHIBIT 19

PAGE 192

5463-65

Confidential - Attorney's Eyes Only

MGA 0883892

EX 5463-0065

Margaret Leahy or if this Agreement is terminated, Margaret Leahy has received valuable consideration, the adequacy and sufficiency of which is hereby acknowledged and that the provisions of this Agreement are in full force and effect.

5.5   MGA shall have the sole and exclusive right throughout the world, in all languages, in perpetuity to use and exploit all or any part of the Materials and all or any part of any material contained therein or prepared therefor, whether or not used therein, in any format or version, by any means and in any media, whether now or hereafter known or developed, each without further payment or consideration to Margaret Leahy. Without limiting the foregoing, Margaret Leahy hereby waives any and all claims that Margaret Leahy may now or hereafter have in any jurisdiction to so-called "moral rights" or "droit moral" with respect to the results and proceeds of Margaret Leahy's Services hereunder.

5.6   Margaret Leahy confirms that she has taken and will continue to take all necessary and appropriate steps to ensure that with respect to all of her employees, agents, subcontractors, vendors and independent contractors working on the Projects, all Materials shall be the property of MGA as work made for hire or by assignment and all Intellectual Property Rights in the Materials shall vest in MGA whether as a work made for hire or by assignment, including, without limitation, the right to claim and sue for past infringement. Margaret Leahy shall provide to MGA executed copies of all agreements with such employees, agents, subcontractors, vendors and independent contractors prior to the commencement of any work on any Project.

6.   MISCELLANEOUS PROVISIONS

6.1.   Any amendment or modification of this Agreement, or any waiver of its terms, in order to be binding, must be written and signed by the parties hereto.

6.2.   This Agreement constitutes the entire and final agreement of the parties with respect to the subject matter hereof and supersedes any and all prior agreements, representations, promises and undertakings of any kind, whether oral or written.

6.3.   This Agreement shall be binding upon and shall inure to the benefit of the parties and their respective successors and assigns. Margaret Leahy shall not voluntarily or by operation of law assign, transfer, encumber or otherwise dispose of all or part of any rights or obligations in this Agreement.

6.4.   Except as expressly stated in this Agreement, no party hereto has made any statement or representation to any other party hereto regarding any facts relied upon by said party in entering into this Agreement, and, except for the representation and warranties stated in this Agreement, each party hereto specifically does not rely upon any statement, representation or promise of any other party hereto in executing this Agreement.

6.5.   Each of the parties to this Agreement represents and warrants that as of the date of this Agreement it or she has the right and authority to execute this Agreement on its or her behalf, and that it or she has not sold, assigned, transferred, conveyed, or otherwise disposed of any claim or demand relating to any right surrendered by virtue of this Agreement. Each of the parties to this Agreement represents and warrants that it or she has not entered into any agreements which conflict with this Agreement and has taken the necessary steps to give effect to this Agreement.

6.6. ·   This Agreement will be governed by and construed in accordance with federal laws of the United States and the laws of the State of California applicable to agreements entered into, and to be performed entirely, within California without regard to choice of law provisions and regardless of the place or places of its actual execution or performance. Any suit, action or proceeding between or among any of the parties hereto arising out of or related to this Agreement shall be brought solely in the United States District Court, Central District of California, or the Superior Court, County of Los Angeles, and Margaret Leahy hereby submits to the personal jurisdiction thereof and agrees to such court as the appropriate venue.

6.7.   This Agreement is severable. If any provision of this Agreement is found invalid or unenforceable in any jurisdiction, that provision, as to that jurisdiction, will be ineffective to the extent of such invalidity or unenforceable without rendering invalid or unenforceable the other remaining provisions of this Agreement, which other remaining provisions will not be affected and shall remain in force, to the maximum extent permissible.

C:\DOCUME~1\MGXAMAR~1\LOCALS~1\Temp\Leahy Agreement.doc

3

EXHIBIT 19

PAGE 193

5463-66

6.8.   This Agreement may be executed in one or more counterparts, and by facsimile transmission, each copy of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument, but this Agreement shall not be binding upon the parties until it has been signed by all parties.

Date: 2/19/ , 2004     MGA ENTERTAINMENT, INC.

By: DAPHNE GRONICH
Its: SVP and GENERAL COUNSEL

Date: 2/18 , 2004     MARGARET LEAHY

Margaret Leahy

EXHIBIT 19

PAGE 194

5463-67

MGA 0883894

Confidential - Attorney's Eyes Only

EX 5463-0067

## PROJECT LOG

I, _MARGARET LEAHY_, hereby warrant and represent that I have read the Agreement (the "Agreement") between MGA Entertainment, Inc. and Margaret Leahy and acknowledge that all work rendered by me in connection with each of the below listed Projects was rendered on behalf of MGA Entertainment, Inc. and/or its related companies and that the results and proceeds thereof are governed by the terms of the Agreement between MGA Entertainment, Inc. and Margaret Leahy.

I further understand and agree that the terms "Margaret Leahy" and "Projects" are defined terms in the Agreement and that these terms as used in this Project Log have the same meaning as in the Agreement.

I hereby warrant and represent that this Project Log is accurate and complete, and that all the Projects that I worked on for MGA Entertainment, Inc., are listed below.

By _[signature]_

1)   Project Description:   all sculpture work related to the Bratz line of dolls.

2)   Project Description:   "              " _Best Friends_

3)   Project Description:   "              " _5 aies_

4)   Project Description:   "              " _Lipstix_

5)   Project Description:   _____

6)   Project Description:   _____

7)   Project Description:   _____

EXHIBIT **19**

PAGE **195**

5463-68

C:\DOCUME~1\KAHAR~1\LOCALS~1\Temp\Leahy Agreement.doc          5

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                          Plaintiff

and

DOUBLE GRAND CORPORATION LIMITED                Defendant

This is the marked exhibit referred to in the Affidavit of Daphne Gronich dated the 7th day of October 2005.

| Exhibit Reference | Date | Description | No. of Page |
|---|---|---|---|
| DG-11 | 16th June 2003 | True copy of the Confirmatory Assignment entered into by Mr. Ramirez | 1 |

Before me,

*Joseph David Newcomb*

Oct 7, 2005

Notary Public

EXHIBIT **19**

PAGE **190**

5463-69

Confidential - Attorney's Eyes Only

MGA 0883896

EX 5463-0069

## COPYRIGHT ASSIGNMENT

For good and valuable consideration, the receipt of which is hereby acknowledged, Jessie Ramirez hereby irrevocably assigns and transfers with full title guarantee (and where relevant by present assignment of future rights) all rights, title and interest (including the right to claim and sue for past infringements) in and to such silicon rubber moulds of head and full body of "Bratz" and "Lil' Bratz" dolls  (including but not limited to all copyrights, patents, inventions, and ideas) as previously produced for MGA Entertainment, Inc. (formerly known as ABC International Traders, Inc.) and all renderings, specifications, designs, drawings, concepts, models, prototypes, sculptures, works of artistic craftsmanship or other tangible work product produced or created or to be produced or created by Jesse Ramirez for on behalf of and/or at the direction of MGA Entertainment,  Inc. and/or any of its employee including, but without limitations, Paula Treantafelles (collectively hereinafter, the "Works"), to MGA Entertainment, Inc. throughout the world for the full period of copyright and any renewals, extensions, reversions, or revivals thereof and thereafter in perpetuity .

Jessie Ramirez hereby irrevocably waives all rights of droit moral and any such similar rights throughout the world relating to the Works.

Jessie Ramirez agrees to co-operate fully with MGA Entertainment Inc. and execute any and all documents necessary upon MGA Entertainment, Inc's request to further evidence any of the transfers or assignments provided for herein.

Jessie Ramirez

By:

Name: Jessie Ramirez

Title: owner

Date: 10-16-03

Jessie Ramirez Copyright Assignment

EXHIBIT 19

PAGE 197
5463-70

Confidential – Attorney's Eyes Only

MGA 0883897

EX 5463-0070

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                          Plaintiff

and

DOUBLE GRAND CORPORATION LIMITED          Defendant

This is the marked exhibit referred to in the Affidavit of Daphne Gronich dated the

7th day of  October 2005.

| Exhibit Reference | Date | Description | No. of Page |
|---|---|---|---|
| DG-12 | 27th January 2004 | True copy of the Rhee 2004 Assignment | 5 |

Before me,

*Josh David Newcomb*

*Oct 7, 2005*

Notary Public

EXHIBIT  19

PAGE  196

5463-71

Confidential - Attorney's Eyes Only

MGA 0883898

EX 5463-0071

# AGREEMENT

The parties to this Agreement confirm that on the 1st day of December 1999,   (the "Effective Date") the Agreement set out below was entered into between MGA Entertainment, Inc., having an office and principal place of business at 16730 Schoenborn Street, North Hills, California 91343 (hereinafter "MGA") and Anna Rhee (as defined below) having an office and principal place of Business at 101 S. Guadalope Avenue, Redondo Beach, California.

## RECITALS

WHEREAS MGA is the owner of all "Intellectual Property Rights" worldwide pertaining to the "Bratz Property";

WHEREAS MGA has retained, and continues to retain, Anna Rhee to perform services on one or more "Projects" relating to the "Bratz Property" for MGA;

AND WHEREAS Anna Rhee has performed and continues to perform services on one or more "Projects" for MGA on the understanding that all "Intellectual Property Rights", title and interest of every kind and nature now known or unknown, or hereafter created or coming into force as a result of such services being performed by Anna Rhee for MGA, shall be owned exclusively by MGA;

NOW THEREFORE this Agreement confirms and witnesses that Anna Rhee has acknowledged and agreed to the following:

## AGREEMENTS

1.   TERM.  This confirms that the Agreement became effective on the Effective Date and continues to be effective until the satisfactory completion of the Projects (defined below).

2.   DEFINITIONS.  For the purposes of this Agreement, the following terms shall have the following meanings:

2.1   "Anna Rhee" means Anna Rhee and all of her employees, representatives and agents (the "Related Entities"), and all full-time, part-time, and freelance employees, agents, subcontractors, vendors, and independent contractors of Anna Rhee, or of her Related Entities.

2.2   "Anna Rhee's Services" or "Services" means all creative and production services and materials used to develop, create, design, render, produce, or deliver the Projects (defined below).

2.3   "Bratz Property" means and refers to MGA's famous Bratz property consisting of, without limitation, the BRATZ Characters (including without limitation, SASHA, CLOE, DANA, YASMIN, JADE and MEYGAN), and all intellectual and industrial property rights associated therewith, including

without limitation all copyrights, patents, trademarks, industrial designs, design rights and trade dress rights in any country of the world.

2.4   "Materials" includes all results and proceeds created in or by the Projects including all additions, deletions, alterations, or revisions to the Projects, and all drafts, notes, concepts, ideas, suggestions, and approaches related thereto or contained therein, or other materials including, but without limitation, sketches, specifications, designs, drawings, models, prototypes, sculptures, works of artistic craftsmanship or other tangible work developed, produced, created or furnished by Anna Rhee, and each element and part thereof, and all results and proceeds thereof.

2.5   "Projects" means and refers to any and all projects worked on by Anna Rhee with respect to the Bratz Property and includes, without limitation, all the projects to be listed or identified on the attached form entitled "Creative Services – Freelance Project Log" (hereinafter the "Freelance Project Log"), all the projects listed or identified on any invoice provided by Anna Rhee to MGA, all the projects listed or identified on any purchase order provided by MGA to Anna Rhee, and any and all projects otherwise worked on by Anna Rhee with respect to the Bratz Property.

2.6   "Intellectual Property Rights" means copyright rights, trademark rights, patent rights, design rights, industrial designs, trade secrets, moral rights, rights of publicity, authors' rights, contract and licensing rights, goodwill and all other rights as may exist now and/or hereafter come into existence which arise out of the performances by Anna Rhee of the Services on behalf of MGA in relation to the Bratz Property, and including all renewals and extensions thereof, regardless of whether such rights arise under the law of the United States or any other state, country or jurisdiction.

3.   REPRESENTATIONS AND WARRANTIES.

Anna Rhee represents and warrants that she did not perform any Services or perform any work on any Projects with respect to the Bratz Property prior to the Effective Date of this Agreement.  Anna Rhee further agrees that if she later discovers that any

C:\Documents and Settings\Volume\Holly Documents\Anna Rhee agreement.doc

1

EXHIBIT 19

PAGE 199  5463-72

MGA 0883899

EX 5463-0072

Services were performed by Anna Rhee prior to the Effective Date, this Agreement is hereby effective as of such earlier date.

4.   INTENT.   Anna Rhee confirms, acknowledges and agrees that it is the continuing intent, and has always been the intent of the parties from the beginning of their contractual relationship, that MGA shall own, in the United States and in all other countries and jurisdictions of the world, all Intellectual Property Rights subsisting in all Materials created and worked on by Anna Rhee with respect to the Bratz Property. Anna Rhee confirms, acknowledges and agrees that in order to effect this intent in any country or jurisdiction, she will execute the assignments and any and all other documents necessary to confirm this Agreement. In addition, Anna Rhee confirms, acknowledges and agrees that but for Anna Rhee's agreement to the paragraph entitled "Rights" herein, MGA would not have employed Anna Rhee. Anna Rhee further confirms, acknowledges and agrees that all services rendered by Anna Rhee in connection with one or more Projects have been, or will be rendered, on behalf of the MGA and that the results and proceeds thereof, including, without limitation, all Materials of whatever nature rendered by Anna Rhee hereunder, were and/or will be created by Anna Rhee as a work made for hire specially ordered or commissioned by MGA and that as a work made for hire all rights vest in MGA. To the extent that any such rights in all Materials did not or do not automatically vest in MGA as a work made for hire, Anna Rhee confirms, acknowledges and agrees that for good and valuable consideration, the receipt of which is hereby acknowledged, Anna Rhee irrevocably granted, assigned and transferred to MGA all of Anna Rhee's worldwide rights, title and interest in and to the Materials upon creation and will, at the request of MGA, execute appropriate assignments or other agreements confirming the original intention of the parties that all Intellectual Property Rights vest in MGA in all countries and jurisdictions and evidencing the existence of this Agreement.

5.   RIGHTS.

5.1   MGA shall solely and exclusively own throughout the world in perpetuity all right, title, and interest of every kind and nature now known or hereafter created in and to the Projects and the Materials. Such rights, title, and interest shall include, without limitation, (i) all Intellectual Property Rights; (ii) all of the results, products and proceeds of Anna Rhee's Services hereunder; (iii) all original ideas in connection therewith; and (iv) all rights generally known as "moral rights of authors."

5.2   Without limiting the foregoing, Anna Rhee confirms and acknowledges that Anna Rhee's work and services hereunder and all results and proceeds thereof, including without limitation the Materials, are and were works done under MGA's direction and control; are and have been specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a supplementary work, or as a compilation; and that all such services, results, and proceeds shall be considered work made for hire. As agreed by the parties at the outset of their relationship, as between Anna Rhee and MGA, MGA shall be considered the author of the Materials and shall own all the rights in and to the Materials including all Intellectual Property Rights and shall have the right to register the copyrights and other Intellectual Property Rights therefor in MGA's name or in the name of its nominee.

5.3   To the extent that any rights, in whole or in part, did not or do not vest in MGA as a work made for hire or otherwise in the United States or any other country, Anna Rhee confirms that she did and does irrevocably grant, assign, and transfer to MGA all of Anna Rhee's right, title, and interest worldwide in and to the Materials and the results and proceeds thereof including, without limitation, all right, title and interest in (i) all Intellectual Property Rights in the United States of America and in all other countries throughout the world; (ii) all versions and derivative works of the Materials and all copyrights in and to such other versions, derivative works, and all renewals and extensions thereof, in the United States of America, and all copyrights and proprietary rights therein in all other countries throughout the world; and (iii) all causes of action for infringement of the copyright and of all other rights of whatsoever nature, vested or contingent, past, present and future, in and to the Materials in the United States of America and in all other countries throughout the world and all of the proceeds from the foregoing, accrued and unpaid and hereafter accruing. For this purpose, Anna Rhee hereby appoints MGA as attorney-in-fact for the limited purpose of effecting this assignment and executing all documents necessary to effect this assignment. This power of attorney is coupled with an interest and is irrevocable. Anna Rhee confirms, acknowledges and agrees that the compensation paid to Anna Rhee includes consideration for this grant, assignment and transfer, and Anna Rhee further acknowledges by her signature on this Agreement the adequacy and sufficiency of the consideration therefor.

5.4   Anna Rhee acknowledges, confirms and agrees that even if no further compensation is paid to Anna Rhee or if this Agreement is terminated, Anna Rhee

EXHIBIT 19

PAGE 260

5463-73

Confidential - Attorney's Eyes Only

MGA 0883900

EX 5463-0073

has received valuable consideration, the adequacy and sufficiency of which is hereby acknowledged and that the provisions of this Agreement are in full force and effect.

5.5   MGA shall have the sole and exclusive right throughout the world, in all languages, in perpetuity to use and exploit all or any part of the Materials and all or any part of any material contained therein or prepared therefor, whether or not used therein, in any format or version, by any means and in any media, whether now or hereafter known or developed, each without further payment or consideration to Anna Rhee. Without limiting the foregoing, Anna Rhee hereby waives any and all claims that Anna Rhee may now or hereafter have in any jurisdiction to so-called "moral rights" or "droit moral" with respect to the results and proceeds of Anna Rhee's Services hereunder.

5.6   Anna Rhee confirms that she has taken and will continue to take all necessary and appropriate steps to ensure that with respect to all of her employees, agents, subcontractors, vendors and independent contractors working on the Projects, all Materials shall be the property of MGA as work made for hire or by assignment and all Intellectual Property Rights in the Materials shall vest in MGA whether as a work made for hire or by assignment, including, without limitation, the right to claim and sue for past infringement. Anna Rhee shall provide to MGA executed copies of all agreements with such employees, agents, subcontractors, vendors and independent contractors prior to the commencement of any work on any Project.

6.   MISCELLANEOUS PROVISIONS

6.1.   Any amendment or modification of this Agreement, or any waiver of its terms, in order to be binding, must be written and signed by the parties hereto.

6.2.   This Agreement constitutes the entire and final agreement of the parties with respect to the subject matter hereof and supersedes any and all prior agreements, representations, promises and undertakings of any kind, whether oral or written.

6.3.   This Agreement shall be binding upon and shall inure to the benefit of the parties and their respective successors and assigns. Anna Rhee shall not voluntarily or by operation of law assign, transfer, encumber or otherwise dispose of all or part of any rights or obligations in this Agreement.

6.4.   Except as expressly stated in this Agreement, no party hereto has made any statement or representation to any other party hereto regarding any facts relied upon by said party in entering into this Agreement, and, except for the representation and

warranties stated in this Agreement, each party hereto specifically does not rely upon any statement, representation or promise of any other party hereto in executing this Agreement.

6.5.   Each of the parties to this Agreement represents and warrants that as of the date of this Agreement it or she has the right and authority to execute this Agreement on its or her behalf, and that it or she has not sold, assigned, transferred, conveyed, or otherwise disposed of any claim or demand relating to any right surrendered by virtue of this Agreement. Each of the parties to this Agreement represents and warrants that it or she has not entered into any agreements which conflict with this Agreement and has taken the necessary steps to give effect to this Agreement.

6.6.   This Agreement will be governed by and construed in accordance with federal laws of the United States and the laws of the State of California applicable to agreements entered into, and to be performed entirely, within California without regard to choice of law provisions and regardless of the place or places of its actual execution or performance. Any suit, action or proceeding between or among any of the parties hereto arising out of or related to this Agreement shall be brought solely in the United States District Court, Central District of California, or the Superior Court, County of Los Angeles, and Anna Rhee hereby submits to the personal jurisdiction thereof and agrees to such court as the appropriate venue.

6.7.   This Agreement is severable. If any provision of this Agreement is found invalid or unenforceable in any jurisdiction, that provision, as to that jurisdiction, will be ineffective to the extent of such invalidity or unenforceable without rendering invalid or unenforceable the other remaining provisions of this Agreement, which other remaining provisions will not be affected and shall remain in force, to the maximum extent permissible.

C:\Documents and Settings\tdismuke\My Documents\Anna Rhee 1p34.wsd.doc          3

EXHIBIT  19

PAGE  201

5463-74

Confidential - Attorney's Eyes Only

MGA 0883901

EX 5463-0074

6.8.   This Agreement may be executed in one or more counterparts, and by facsimile transmission, each copy of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument, but this Agreement shall not be binding upon the parties until it has been signed by all parties.

Date: _1/27/04_, 2004     MGA ENTERTAINMENT, INC.

By: _DAPHNE GRANICH_
Its: _SVP and GENERAL COUNSEL_

Date: _1/27/04_, 2004     ANNA RHEE

Anna Rhee

EXHIBIT _19_

PAGE _202_

5463-75

Confidential - Attorney's Eyes Only

MGA 0883902

EX 5463-0075

# PROJECT LOG

I, _ANNA RHEE_ , hereby warrant and represent that I have read the Agreement (the "Agreement") between MGA Entertainment, Inc. and Anna Rhee and acknowledge that all work rendered by me in connection with each of the below listed Projects was rendered on behalf of MGA Entertainment, Inc. and/or its related companies and that the results and proceeds thereof are governed by the terms of the Agreement between MGA Entertainment, Inc. and Anna Rhee.

I further understand and agree that the terms "Anna Rhee" and "Projects" are defined terms in the Agreement and that these terms as used in this Project Log have the same meaning as in the Agreement.

I hereby warrant and represent that this Project Log is accurate and complete, and that all the Projects that I worked on for MGA Entertainment, Inc., are listed below.

By: _____

1)  Project Description: All drawings, face painting and design work related to the Bratz line of dolls.

2)  Project Description: _painting faces_

3)  Project Description: _painting shoes_

4)  Project Description: _painting statues_

5)  Project Description: _____

6)  Project Description: _____

7)  Project Description: _____

EXHIBIT 19
PAGE 203
5463-76

Confidential - Attorney's Eyes Only                MGA 0883903

EX 5463-0076