# EXHIBIT 23

1   LARRY W. MCFARLAND (State Bar No. 129668)
    DAVID K. CAPLAN (State Bar No. 181174)
2   ELLIE SCHWIMMER (State Bar No. 221522)
    KEATS MCFARLAND & WILSON LLP
3   9720 Wilshire Boulevard
    Penthouse Suite
4   Beverly Hills, California 90212
    Tel: (310) 248-3830
5   Fax: (310) 860-0363

6   Attorneys for Plaintiff
    MGA ENTERTAINMENT, INC.

7

8

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                  WESTERN DIVISION

13   MGA ENTERTAINMENT, INC.,        CV04-2524 CBM  (CWx)

14          Plaintiff,               UNDER SEAL

15          v.                       Civil Action No.:

16   MULTITOY, INC., YUAN-LAN LIU,   COMPLAINT FOR:
     an individual, JEFF WU, an individual
17   and dba IMC TOYS, ALL TOYS      1. FEDERAL COPYRIGHT
     IMPORTS, INC., SUSAN LIU, an       INFRINGEMENT (17 U.S.C. §§ 501
18   individual, TOYSDIVISION, INC.,    et seq.);
     TOM LIU, an individual, and DOES 1- 2. FEDERAL TRADEMARK
19   20,                                COUNTERFEITING (15 U.S.C.
                                        § 1114);
20          Defendants.             3. FALSE DESIGNATION OF ORIGIN
                                        AND FALSE DESCRIPTION (15
21                                      U.S.C. § 1125(a));
                                    4. TRADE DRESS INFRINGEMENT-
22                                      PRODUCT PACKAGING (15 U.S.C.
                                        §§ 1125 et seq.);
23                                  5. TRADE DRESS INFRINGEMENT-
                                        PRODUCT CONFIGURATION
24                                      (15 U.S.C. §§ 1125 et seq.);
                                    6. STATE STATUTORY UNFAIR
25                                      COMPETITION;
                                    7. STATE COMMON LAW
26                                      TRADEMARK INFRINGEMENT
                                        AND UNFAIR COMPETITION; and
27                                  8. CONSTRUCTIVE FRAUD

28   I:\IP\10306\00009\pleadings\Complaint4 - downtown.doc

FILED
CLERK, U.S. DISTRICT COURT
APR 12 2004
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

DOCKETED ON CM
APR 16 2004
BY          019

EXHIBIT 23 M 0078522
PAGE 217
EX 13738-0001

1    Plaintiff MGA Entertainment, Inc. ("Plaintiff") for its Complaint alleges and
2    avers as follows:

3    ### JURISDICTION AND VENUE

4    1.    This Court has jurisdiction over this matter pursuant to 17 U.S.C. § 501
5    et seq.; 15 U.S.C. § 1121; 28 U.S.C. § 1331, and § 1338(a) and (b); and 28 U.S.C. §
6    1367. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c) and
7    § 1400(a).

8    ### PLAINTIFF AND ITS RIGHTS.

9    2.    Plaintiff MGA Entertainment, Inc. is a corporation organized pursuant to
10   the laws of the State of California, with its principal place of business in this judicial
11   district. Plaintiff is a manufacturer and distributor of a wide variety of popular toys,
12   including dolls, plush animals and radio controlled vehicles.

13   3.    Plaintiff is the exclusive owner of all rights in and to the internationally
14   famous BRATZ characters, which include, but are not limited to, "Cloe," "Jade,"
15   "Sasha," "Yasmin," "Meygan," "Dana," "Fianna," "Nevra," "Cameron," "Dylan,"
16   "Eitan," "Koby," "Cade," "Ailani," "Nazalia," "Talia," "Zada," "Mikko," "Colin,"
17   "Deavon" and "Lakin" (including all of the different dolls and authorized versions of
18   these characters). These characters are hereinafter referred to as the "BRATZ
19   Characters." True and correct copies of exemplars of depictions of the BRATZ
20   Characters, in the form of selected pages from Plaintiff's copyrighted BRATZ Purse
21   Style Guide, are attached hereto as **Exhibit 1.**

22   4.    The BRATZ Characters, the associated images, accessories, designs, and
23   all other forms of intellectual property associated with the BRATZ Characters,
24   including the distinctive trapezoidal packaging therefor, are extremely valuable to
25   Plaintiff.

26   5.    In 2001, Plaintiff introduced a new line of fashion dolls known as the
27   "BRATZ" or, alternatively, the "BRATZPACK" which are three-dimensional
28   depictions of the BRATZ Characters (hereinafter the "BRATZ Dolls"). When first

I:\IP\10X06\00009\pleadings\Complaint4 - downtown.doc          -1-

EXHIBIT ___23___

PAGE ___218___    M 0078523

1    introduced, the BRATZ Dolls only included "Cloe," "Jade," "Sasha" and "Yasmin."

2    Dolls based on the additional characters listed in paragraph 3 have been introduced

3    since that time.

4         6.    Plaintiff's rights in and to the internationally famous BRATZ Characters

5    and the BRATZ Dolls include all intellectual and industrial property rights associated

6    therewith, including, without limitation, all copyrights, patents, trademarks, industrial

7    designs, trade secrets, contract and licensing rights, design rights, moral rights and

8    trade dress rights in and to the BRATZ Characters, the BRATZ Dolls and the BRATZ

9    Packaging Trade Dress (as defined in paragraph 54 below), consisting of the

10   distinctive packaging in which such dolls, playsets and accessories are sold, as well as

11   the BRATZ Product Configuration Trade Dress (as defined in paragraph 65 below), in

12   any country of the world (collectively referred to as the "BRATZ Property").

13        7.    Plaintiff has obtained numerous federal copyright registrations for the

14   BRATZ Characters and the BRATZ Dolls (the "BRATZ Copyrights"). Plaintiff has

15   complied with all applicable copyright laws. The BRATZ Copyrights are valid,

16   subsisting and in full force and effect. True and correct photocopies of representative

17   copyright registrations, including copyright registrations for Plaintiff's BRATZ Dolls,

18   are attached hereto as **Exhibit 2**.

19        8.    More than 50 million BRATZ Dolls have been sold to date on a

20   worldwide basis, of which over 35 million have been sold in the United States.  In

21   addition, more than 25 million packages of accessories for such BRATZ Dolls have

22   been sold worldwide, including over 15 million sold in the United States.

23        9.    For two consecutive years in 2001 and 2002, Plaintiff won the toy

24   industry's most prestigious award, the People's Choice Toy of the Year Award, for its

25   BRATZ Dolls.  In 2003, Plaintiff won the Toy Industry Association, Inc. ("TIA")

26   Property Toy of the Year Award, the TIA Girl Toy of the Year Award, the Family Fun

27   Toy of the Year, Toy Wishes Magazine Hot Dozen, MSNBC Hottest Toy of the Year

28   2003, MSN.com Top Holiday Toy 2003, NBC Today Show Toy Test Winner 2003,

EXHIBIT **23**    **M 0078524**

PAGE **219**    EX 13738-0003

1  Toys R. Us/Amazon.com, eBay, and KB Toys Host Lists for 2003, and CNN Money
2  Top 10 Holiday Toys for Girls 2003.

3      10.    Plaintiff operates a web site to promote the BRATZ Dolls and BRATZ
4  Products (as defined below in paragraph 12) at www.bratzpack.com. This web site
5  provides games, e-greetings and the Mix 'N Match Mall of BRATZ fashion and hair
6  designs. The web site also offers visitors the opportunity to join the "Bratz" fan club.
7  Over 250,000 BRATZ fans have signed up and have asked to be notified of new
8  fashion trends that the BRATZ Dolls will wear, as well as the launch and marketing of
9  those new fashions and new dolls.

10      11.    Plaintiff has spent millions of dollars to develop, build and promote the
11  BRATZ Property including, without limitation, the placement of advertisements in all
12  media, including print ads, television spots and radio spots.

13      12.    A significant portion of Plaintiff's business since 2001 has been devoted
14  to the creation and commercial exploitation of the BRATZ Property.  Plaintiff licenses
15  the right to use the BRATZ Characters in a wide range of products such as apparel,
16  back-to-school products, home decor, jewelry and beauty products.  Plaintiff
17  manufactures a wide range of merchandise, including the BRATZ Dolls, and has also
18  produced an upcoming direct-to-video production entitled "BRATZ: The Video,
19  Starrin' 'N' Stylin'!" which will be released in the third quarter of 2004 (these
20  products are hereinafter referred to as the "BRATZ Products").  Plaintiff has
21  numerous active merchandise and promotional licenses, and the number of licenses is
22  continuing to grow. In order to maintain its reputation as well as the value of its
23  licenses, Plaintiff carefully selects each licensee to ensure the quality of its licensed
24  products and has subjected each licensee to a strict quality review and approval
25  program.  Plaintiff currently has over 200 licensees worldwide for BRATZ Products.

26      13.    In keeping with the importance of the BRATZ Property, Plaintiff and/or
27  its licensees have expended tens of millions of dollars in advertising the BRATZ
28  Products and promoting the use of the BRATZ Characters on original licensed

EXHIBIT   23
PAGE   220

M 0078525

EX 13738-0004

1   products, which include apparel and other items. Items bearing the BRATZ Characters

2   and/or the BRATZ name and mark have proven to be in great demand.

3        14.   The BRATZ Characters are extremely valuable and successful. The

4   licensing of rights to the BRATZ Characters and sale of BRATZ Products has

5   generated tens of millions of dollars in revenue. In 2003, such sales and licenses

6   generated in excess of $500 million in revenue.

7        15.   The BRATZ Characters are extremely popular with the public, and the

8   BRATZ Dolls and BRATZ Characters have received enormous amounts of

9   unsolicited publicity, through various magazine and newspaper articles discussing the

10  BRATZ Dolls and Characters.

11       16.   Through Plaintiff's extensive sales and promotional efforts, as well as its

12  strict adherence to the highest standards of quality for its licensed and manufactured

13  products, Plaintiff and its BRATZ Property are associated in the public mind with

14  high-quality dolls, playsets and accessories, and the BRATZ Property has

15  considerable value to Plaintiff.

16       17.   As a result of the foregoing, Plaintiff has developed strong trademark

17  rights in various elements associated with the sale and marketing of the BRATZ

18  Property (hereinafter the "BRATZ Trademarks"). The BRATZ Trademarks are

19  renowned nationwide as identifiers of quality dolls and related products. These

20  trademarks include, but are not limited to, the following: BRATZ, the names and

21  designs of the individual BRATZ Characters as well as of the BRATZPACK, the

22  design of the packaging for the BRATZ Dolls, and various taglines and other word

23  marks associated with the sale and marketing of the BRATZ Products including, but

24  not limited to, the mark "THE GIRLS WITH A PASSION FOR FASHION." Plaintiff

25  has also obtained numerous federal trademark registrations for the BRATZ

26  Trademarks. Among these registrations are registrations for the BRATZ and BRATZ

27  PACK marks, the names of several of the BRATZ Characters, and for the mark THE

28  GIRLS WITH A PASSION FOR FASHION in Class 28 for dolls and dolls'

J:\IP\16306\00009\pleadings\Complaint4 - downtown.doc                -4-

EXHIBIT __23__

PAGE __221__

M 0078526

EX 13738-0005

accessories (hereinafter the "PASSION FOR FASHION Trademark"). True and correct photocopies of representative trademark registrations are attached hereto as **Exhibit 3**.

18.  Plaintiff has used the BRATZ Trademarks continuously on and in connection with the BRATZ Products since the inception of each of the various BRATZ Products, and these BRATZ Trademarks have never been abandoned. The BRATZ Trademarks are valid, subsisting and in full force and effect.

19.  Based on the extensive sales and promotion of the BRATZ Products and the wide popularity of such products including Plaintiff's promotion of its BRATZ Products in media outlets and on its website www.bratzpack.com, the BRATZ Trademarks have developed secondary meaning and significance in the minds of the public, and the services and products utilizing and/or bearing such marks are immediately identified by the purchasing public with Plaintiff.

**DEFENDANTS AND THEIR INFRINGING ACTS.**

20.  Upon information and belief, defendant Multitoy, Inc. ("Multitoy") is a California corporation, having its principal place of business at 309 East 4th Street, Los Angeles, California 90013. Defendant Multitoy is selling and offering for sale infringing dolls which bear infringements of trademarks and copyrights owned by Plaintiff, and that infringe upon Plaintiff's trade dress rights. Defendant Multitoy is subject to the jurisdiction of this Court and is importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting merchandise that infringes the BRATZ Property in this judicial district.

21.  Upon information and belief, defendant YUAN-LAN LIU is an individual residing in Los Angeles County in the State of California and doing business as Multitoy, located at 309 East 4th Street, Los Angeles, California 90013. Upon information and belief, YUAN-LAN LIU is importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale

I:\IP\10100\0000\Pleadings\Complaint4 - downtown.doc                    -5-

EXHIBIT **23**   M 0078527

PAGE **222**

EX-13738-0006

1  and/or otherwise exploiting merchandise that infringes the BRATZ Property, and is an

2  active, conscious, and dominant force behind the wrongful acts of Multitoy.

3      22.    Upon information and belief, defendant JEFF WU ("WU") is an

4  individual residing in Los Angeles County in the State of California and doing

5  business as IMC Toys, located at 406 East 4th Street, Los Angeles, California 90013.

6  Defendant WU is selling and offering for sale infringing dolls which bear

7  infringements of trademarks and copyrights owned by Plaintiff, and that infringe upon

8  Plaintiff's trade dress rights.  Defendant JEFF WU is subject to the jurisdiction of this

9  Court and is importing, advertising, manufacturing (or causing to be manufactured),

10  distributing, selling, offering for sale and/or otherwise exploiting merchandise that

11  infringes the BRATZ Property in this judicial district.

12      23.    Upon information and belief, defendant All Toys Imports, Inc. ("All

13  Toys") is a California corporation, having its principal place of business at 330 South

14  Wall Street, Unit 9, Los Angeles, California 90013.  Defendant All Toys is selling and

15  offering for sale infringing dolls which bear infringements of trademarks and

16  copyrights owned by Plaintiff, and that infringe upon Plaintiff's trade dress rights.

17  Defendant All Toys is subject to the jurisdiction of this Court and is importing,

18  advertising, manufacturing (or causing to be manufactured), distributing, selling,

19  offering for sale and/or otherwise exploiting merchandise that infringes the BRATZ

20  Property in this judicial district.

21      24.    Upon information and belief, defendant SUSAN LIU is an individual

22  residing in Los Angeles County in the State of California and doing business as All

23  Toys, located at 330 South Wall Street, Unit 9, Los Angeles, California 90013.  Upon

24  information and belief, SUSAN LIU is importing, advertising, manufacturing (or

25  causing to be manufactured), distributing, selling, offering for sale and/or otherwise

26  exploiting merchandise that infringes the BRATZ Property, and is an active,

27  conscious, and dominant force behind the wrongful acts of All Toys.

28

I:\JP\10300\0000\Pleadings\Complaint4 - downtown.doc       -6-

EXHIBIT **23**  M 0078528

PAGE **233**  EX 13738-0007

25.     Upon information and belief, defendant Toys Division, Inc. ("Toys Division") is a California corporation, having its principal places of business at 1440 Boyd Street, Los Angeles, California 90033 and on its Web site located at <www.toysdivision.com>. Defendant Toys Division is selling and offering for sale infringing dolls which bear infringements of trademarks and copyrights owned by Plaintiff, and that infringe upon Plaintiff's trade dress rights.  Defendant Toys Division is subject to the jurisdiction of this Court and is importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting merchandise that infringes the BRATZ Property in this judicial district.

26.     Upon information and belief, defendant TOM LIU is an individual residing in Los Angeles County in the State of California and doing business as Toys Division, located at 1440 Boyd Street, Los Angeles, California 90033 and on the Web site located at <www.toysdivision.com>.  Upon information and belief, TOM LIU is importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting merchandise that infringes the BRATZ Property, and is an active, conscious, and dominant force behind the wrongful acts of Toys Division.

27.     Upon information and belief, various Does 1 through 20 are either entities or individuals who are residents of, or are present in, this judicial district, are transacting business in this judicial district, are subject to the jurisdiction of this Court, and are individuals who are principals or supervisory employees of the respective named defendants, or are suppliers to the respective named defendants, and/or are other entities or individuals who are importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting merchandise in Los Angeles, California, which infringes upon some or all of the BRATZ Property in this judicial district.  The identities of the various Does are unknown to Plaintiff at this time.  This Complaint will be amended to include the

EXHIBIT __23__   M 0078529

PAGE __224__

EX 13738-0008

1 | names of such individuals when identified to Plaintiff. The named defendants and
2 | Does 1 through 20 are hereinafter collectively referred to as "Defendants."

3 |     28.    Defendants, without any authorization from Plaintiff, have been
4 | importing, advertising, manufacturing (or causing to be manufactured), distributing,
5 | selling, offering for sale and/or otherwise exploiting merchandise incorporating the
6 | BRATZ Property, for which Plaintiff has the exclusive rights. The result of
7 | Defendants' activities has been that Defendants have profited, and continue to profit,
8 | from their infringement of Plaintiff's rights.

9 |     29.    Upon information and belief, long after Plaintiff's adoption and use of
10 | the BRATZ Property on a diverse range of goods, and after Plaintiff obtained federal
11 | copyright and trademark registrations, Defendants have adopted and used likenesses
12 | of the BRATZ Property without Plaintiff's consent, by importing, advertising,
13 | manufacturing (or causing to be manufactured), distributing, selling, offering for sale
14 | and/or otherwise exploiting counterfeit and/or infringing products bearing likenesses
15 | of the BRATZ Property (hereinafter "Counterfeit and/or Infringing Products"), and
16 | have caused said Counterfeit and/or Infringing Products to enter into commerce and/or
17 | to be transported or used in commerce. Defendants' products are not licensed by
18 | Plaintiff and, at all relevant times, Defendants were not authorized by Plaintiff, or any
19 | authorized agent of Plaintiff, to import, advertise, manufacture (or cause to be
20 | manufactured), distribute, sell, offer for sale or otherwise exploit such Counterfeit
21 | and/or Infringing Products. Defendants are currently engaged in such use and unless
22 | enjoined by this Court will continue such use.

23 |     30.    By engaging in this conduct, Defendants have acted in willful disregard
24 | of the laws protecting Plaintiff's goodwill, copyrights, trademarks and trade dress
25 | rights, and have confused and deceived, or threaten to confuse and deceive, the
26 | consuming public as to the source or sponsorship of the products. By their wrongful
27 | conduct, Defendants have blatantly traded upon and diminished Plaintiff's goodwill
28 | and infringed Plaintiff's rights.

I:\IP\103004\00009\pleadings\Complaint4 - downtown.doc                    -8-

EXHIBIT **23**   M 0078530

PAGE **225**

EX-13738-0009

**FIRST CLAIM FOR RELIEF**

**(Federal Copyright Infringement)**

**[17 U.S.C. § 501]**

**(Applicable to All Defendants)**

31.   Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

32.   At all relevant times, Plaintiff has owned all right, title, and interest in and to the BRATZ Copyrights as delineated herein.

33.   Plaintiff has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the above-referenced copyrights, and in compliance with the law has received from the Registrar of Copyrights the appropriate certificates of registration, which constitute prima facie evidence of the validity of the copyrights and of the facts stated in the certificates.

34.   After the date that Plaintiff obtained federal copyright registrations and continuing to date, Defendants have infringed the BRATZ Copyrights by importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale, or otherwise exploiting without Plaintiff's consent, the Counterfeit and/or Infringing Products which are copies of or bear a substantial similarity to the BRATZ Copyrights.

35.   Upon information and belief, Defendants' conduct was and is willfully done with knowledge of Plaintiff's rights in and to the BRATZ Copyrights.

36.   Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined, but which will be established at trial.

37.   Defendants' wrongful conduct will continue unless enjoined by this Court.

///

///

EXHIBIT 23      M 0078531

PAGE 226

EX 13738-0010

## SECOND CLAIM FOR RELIEF

### (Trademark Counterfeiting)

### [15 U.S.C. § 1114]

### (Applicable only to Defendant All Toys)

38.   Plaintiff repeats and realleges the allegations contained in paragraphs 1-30 of this Complaint as though the same were fully set forth herein.

39.   Defendant All Toys has used spurious designations that are identical with, or substantially indistinguishable from, the PASSION FOR FASHION Trademark on goods covered by the registration for the PASSION FOR FASHION Trademark.

40.   Upon information and belief, Defendant All Toys has intentionally and willfully used these spurious designations, knowing they are counterfeit, in connection with importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting goods for its own personal financial gain, and such intentional and willful conduct by defendant All Toys makes this an exceptional case.

41.   Defendant All Toys' conduct in importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting products bearing the PASSION FOR FASHION Trademark was and is without Plaintiff's consent.

42.   Defendant All Toys' unauthorized use of the PASSION FOR FASHION Trademark on and in connection with importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting the Counterfeit Products constitutes use of the PASSION FOR FASHION Trademark in commerce.

43.   Defendant All Toys' unauthorized use of the PASSION FOR FASHION Trademark as set forth above is likely to:

(a)   cause confusion, mistake and deception;

EXHIBIT __23__   M 0078532

PAGE __227__   EX-13738-0011

(b)     cause the public to believe that defendant All Toys' Counterfeit Products are authorized, sponsored or approved by Plaintiff or that defendant All Toys is affiliated, connected or associated with or in some way related to Plaintiff; and

(c)     result in defendant All Toys unfairly benefiting from Plaintiff's goodwill and reputation, to the substantial and irreparable injury of the public, Plaintiff, the PASSION FOR FASHION Trademark, and the substantial goodwill represented thereby.

44.     Defendant All Toys' acts as recited herein constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1114, 1116.

45.     Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of defendant All Toys' acts in an amount not thus far determined, but which will be established at trial.

46.     The conduct of Defendant All Toys described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the BRATZ Property, and to Plaintiff's business, reputation, and goodwill.  Defendant All Toys' wrongful conduct will continue unless enjoined by this Court.

### THIRD CLAIM FOR RELIEF

**(False Designation of Origin and False Description)**

**[15 U.S.C. § 1125(a)]**

**(Applicable to All Defendants)**

47.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-30 and 39-46 of this Complaint as though the same were fully set forth herein.

48.     The BRATZ Trademarks, including all of the images and designs embodied in the BRATZ Property, as set forth in the preceding paragraphs hereof, are distinctive, have been used throughout the United States and worldwide, and are well known to the trade and members of the purchasing public.  The public generally associates and identifies the BRATZ Trademarks with Plaintiff.

EXHIBIT  23      M 0078533

PAGE  228      EX 13738-0012

49.     Defendants' conduct in importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting products bearing one or more of the BRATZ Trademarks constitutes false designation of origin or sponsorship of said products and tends falsely to represent that products bearing the BRATZ Trademarks originate with Defendants or that said products and Defendants have been sponsored, approved, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff.   Such conduct of Defendants is likely to confuse, mislead, and deceive Defendants' customers, purchasers and members of the public as to the origin of said products, or cause said persons to believe that those products and/or Defendants have been sponsored, approved, authorized or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, all in violation of 15 U.S.C. § 1125(a).

50.     Upon information and belief, Defendants' actions were done willfully with full knowledge of the falsity of such designations of origin and false descriptions or representations, and with the express intent to cause confusion, and to mislead and deceive the purchasing public.

51.     Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts in an amount not thus far determined, but which will be established at trial.

52.     The conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the BRATZ Property, and to Plaintiff's business, reputation, and goodwill.   Defendants' wrongful conduct will continue unless enjoined by this Court.

///
///
///
///
///

EXHIBIT __23__M 0078534

PAGE __229__   EX 13738-0013

**FOURTH CLAIM FOR RELIEF**

**(Trade Dress Infringement- Product Packaging)**

**[15 U.S.C. § 1125(a)]**

**(Applicable to All Defendants)**

53.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-30, 39-46 and 48-52 of this Complaint as though the same were fully set forth herein.

54.     The unique trade dress of Plaintiff's packaging for the BRATZ Dolls includes, but is not limited to, the unique non-functional shape of the trapezoidal display packaging encasing Plaintiff's BRATZ Products, the arrangement and placement of images of the BRATZ Characters and the BRATZ Trademarks on the product packaging, the type-style, colors, color printing style, and the display of the accessories for Defendants' goods in the packaging for the BRATZ Dolls (hereinafter referred to as the "BRATZ Packaging Trade Dress").

55.     The BRATZ Packaging Trade Dress is non-functional and inherently distinctive.

56.     The BRATZ Packaging Trade Dress has also developed secondary meaning associating such Trade Dress in the mind of the consuming public with a single source.

57.     Defendants have competed unfairly with Plaintiff and have misappropriated and traded upon Plaintiff's goodwill and business reputation symbolized by the BRATZ Packaging Trade Dress.

58.     Defendants have used, in connection with importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting of products and the packaging for such products, one or more of the elements of the BRATZ Packaging Trade Dress.  Defendants have additionally caused goods bearing such misleading packaging to enter into interstate commerce.  Defendants' use of the BRATZ Packaging Trade Dress, or a colorable

EXHIBIT  23

PAGE  229

M 0078535

EX 13738-0014

1  imitation thereof, is a false description and representation that the goods are made by,

2  sponsored by or affiliated with Plaintiff, in violation of 15 U.S.C. § 1125(a).

3      59.    Plaintiff is likely to be damaged by such false descriptions or

4  representations by reason of the likelihood that purchasers will be confused as to the

5  true source, sponsorship or affiliation of said goods of Defendants.

6      60.    As a direct and proximate result of the foregoing acts, Defendants have

7  made substantial profits to which they are not entitled.

8      61.    As a result of the foregoing, Defendants have unfairly competed with

9  Plaintiff in violation of 15 U.S.C. § 1125(a).

10      62.    Plaintiff has no adequate remedy at law and has suffered and continues to

11  suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an

12  amount not thus far determined, but which will be established at trial.

13      63.    The conduct of Defendants described above has caused and, if not

14  enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the

15  BRATZ Property, and to Plaintiff's business, reputation and goodwill.  Defendants'

16  wrongful conduct will continue unless enjoined by this Court.

17                      **FIFTH CLAIM FOR RELIEF**

18          **(Trade Dress Infringement-Product Configuration)**

19                 **[15 U.S.C. § 1125(a)]**

20              **(Applicable To All Defendants)**

21      64.    Plaintiff repeats and realleges the allegations contained in paragraphs 1-

22  30, 39-46, 48-52 and 54-63 of this Complaint as though the same were fully set forth

23  herein.

24      65.    The unique elements of the BRATZ Dolls include, but are not limited to,

25  oversized heads with prominent jawbones; almond-shaped eyes with multi-colored

26  eye makeup; stylable hair; full lips with lipstick; noses that are reduced in size; slender

27  bodies that bend at the waists; slim arms; noticeable (but not oversized) chests; long

28  slim legs that move forward and backward and that flex at the knee, but do not move

I:\UP\10200000009\pleadings\Complaint4 - downtown.doc          -14-

EXHIBIT 23

M 0078536

PAGE 230

EX 13738-0015

1  side to side; and oversized, removable feet with shoes (hereinafter referred to as the

2  "BRATZ Product Configuration Trade Dress").

3      66.    The BRATZ Product Configuration Trade Dress is non-functional.

4      67.    Based on Plaintiff's extensive advertising and sales, as well as the wide

5  popularity of Plaintiff's products, the BRATZ Product Configuration Trade Dress has

6  acquired secondary meaning so that any product or advertisement bearing such trade

7  dress is immediately associated by purchasers and the public as being a product of,

8  and affiliated with, a single source – namely, Plaintiff.

9      68.    Defendants have competed unfairly with Plaintiff and have

10  misappropriated and traded upon Plaintiff's goodwill and business reputation

11  symbolized by the unique BRATZ Product Configuration Trade Dress.

12      69.    Defendants have used, in connection with importing, advertising,

13  manufacturing (or causing to be manufactured), distributing, selling, offering for sale

14  and/or otherwise exploiting products, one or more of the elements of the BRATZ

15  Product Configuration Trade Dress, and have caused such misleading products to

16  enter into interstate commerce.  Defendants' use of the BRATZ Product Configuration

17  Trade Dress, or a colorable imitation thereof, is a false description and representation

18  that the goods are made by, sponsored by or affiliated with Plaintiff, in violation of 15

19  U.S.C. § 1125(a).

20      70.    Plaintiff is likely to be damaged by Defendants' false descriptions or

21  representations by reason of the likelihood that purchasers will be confused as to the

22  true source, sponsorship, or affiliation of Defendants' goods.

23      71.    In engaging in the foregoing conduct, Defendants have made substantial

24  profits to which they are not entitled.

25      72.    As a result of the foregoing, Defendants have unfairly competed with

26  Plaintiff in violation of 15 U.S.C. § 1125(a).

27

28

I:\IP\10309\00009\pleadings\Complaint4 - downtown.doc       -15-

EXHIBIT 23

PAGE 231      M 0078537

EX 13738-0016

73.    Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined, but which will be established at trial.

74.    The conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the BRATZ Property, and to Plaintiff's business, reputation and goodwill.  Defendants' wrongful conduct will continue unless enjoined by this Court.

### SIXTH CLAIM FOR RELIEF

**(State Statutory Unfair Competition)**

**[Cal. Bus. & Prof. Code § 17200 et seq.]**

**(Applicable To All Defendants)**

75.    Plaintiff repeats and realleges the allegations contained in paragraphs 1-30, 39-46, 48-52, 54-63 and 65-74 of this Complaint as though the same were fully set forth herein.

76.    This claim arises under California Business and Professions Code §17200 et seq.  This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Lanham Act, and under 28 U.S.C. § 1367.

77.    Plaintiff owns all rights, title and interest in and to the distinctive trade names, trademarks, designs, symbols and logos used by Plaintiff by virtue of its extensive manufacture, distribution, promotion, advertising, licensing, offering for sale and sale of a wide variety of goods bearing such trade names, trademarks, designs, symbols, and logos (collectively the "Common Law Trademarks"), as set forth in preceding paragraphs of this Complaint.

78.    None of the Defendants have any rights to Plaintiff's Common Law Trademarks.

EXHIBIT **23**   ~~M 0078538~~

PAGE **232**

EX 13738-0017

79.   Products bearing Plaintiff's Common Law Trademarks have been imported, advertised, manufactured (or caused to be manufactured), distributed, sold, offered for sale and/or otherwise exploited and are being continuously imported, advertised, manufactured (or caused to be manufactured), distributed, sold, offered for sale and/or otherwise exploited in California to this day by Defendants.  In such marketing and sales activity, Defendants' Counterfeit and/or Infringing Products bear infringing copies of Plaintiff's Common Law Trademarks, and are confusingly similar to Plaintiff's own products.  Such unauthorized use by Defendants of Plaintiff's Common Law Trademarks, or confusingly similar imitations thereof, is likely to cause confusion and mistake in the minds of the trade and the purchasing public and to deceive them as to the source of origin, authorization or sponsorship of the Counterfeit and/or Infringing Products and, therefore, to cause purchasers to buy such products in the erroneous belief that they are authentic.

80.   Upon information and belief, Defendants have intentionally appropriated one or more of Plaintiff's Common Law Trademarks with the intent of causing confusion, mistake and deception as to the source of their goods and with the intent to palm off their goods as those of Plaintiff and to place others in the position to palm off their goods as those of Plaintiff.

81.   Plaintiff states, upon information and belief, and thereupon alleges, that the acts of Defendants have violated the unfair competition laws of the State of California and specifically California Business and Professions Code §17200 et seq.

82.   By such actions in infringing Plaintiff's Common Law Trademarks, Defendants are improperly trading upon the enviable reputation and goodwill of Plaintiff and are impairing Plaintiff's valuable rights in and to such Common Law Trademarks.

83.   Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined, but which will be established at trial.

1:\IP\103000000\Pleading\Complaint4 - downtown.doc                    -17-

EXHIBIT 23
M 0078539
PAGE 233
EX 13738-0018

84.    The conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the BRATZ Property, and to Plaintiff's business, reputation and goodwill.  Defendants' wrongful conduct will continue unless enjoined by this Court.

### SEVENTH CLAIM FOR RELIEF

### (State Common Law Trademark Infringement and Unfair Competition)

### (Applicable To All Defendants)

85.    Plaintiff repeats and realleges the allegations contained in paragraphs 1-30, 39-46, 48-52, 54-63, 65-74 and 76-84 of this Complaint, as though the same were fully set forth herein.

86.    This claim arises under the common law of California.  This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Lanham Act, and under 28 U.S.C. § 1367.

87.    Plaintiff owns all rights, title, and interest in and to Plaintiff's distinctive Common Law Trademarks, as set forth in paragraph 77 of this Complaint.

88.    The Counterfeit and/or Infringing Products incorporate matter constituting replicas and imitations of Plaintiff's Common Law Trademarks.  Such unauthorized use by Defendants of Plaintiff's Common Law Trademarks constitutes trademark infringement and unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products, and to cause purchasers to believe such products are authentic products of Plaintiff when, in fact, they are not.

89.    Upon information and belief, Defendants have intentionally appropriated one or more of Plaintiff's Common Law Trademarks with the intent of causing confusion, mistake and deception as to the source of their goods and with the intent to palm off their goods as those of the Plaintiff and to place others in the position to palm

I:\BP\10506\00009\pleadings\Complaint4 - downtown.doc                    -18-

EXHIBIT 23
PAGE 234

M 0078540

EX 13738-0019

off their goods as those of Plaintiff and, as such, Defendants have committed trademark infringement and unfair competition under the common law.

90.     By such actions in infringing Plaintiff's Common Law Trademarks, Defendants are improperly trading upon the enviable reputation and goodwill of Plaintiff and are impairing Plaintiff's valuable rights in and to such trademarks.

91.     As set forth above, upon information and belief, the activities of Defendants complained of herein constitute willful and intentional acts of infringement of Plaintiff's Common Law Trademarks and unfair competition.

92.     Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined, but which will be established at trial.

93.     The conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the BRATZ Property, and to Plaintiff's business, reputation, and goodwill.  Defendants' wrongful conduct will continue unless enjoined by this Court.

## EIGHTH CLAIM FOR RELIEF

### (Constructive Trust)

### [Cal. Civ. Code § 2224]

### [Applicable to all Defendants]

94.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-30, 32-37, 39-46, 48-52, 54-63, 65-74, 76-84 and 86-93 of this Complaint as though the same were fully set forth herein.

95.     This claim arises under California Civil Code section 2224 and the common law of the State of California.  This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of constructive trust joined with a substantial and related claim under the Copyright and Trademark Laws of the United States, and under 28 U.S.C. § 1367.

I:\IP\10106\00009\pleading\Complaint4 - downtown.doc                    -19-

EXHIBIT 23

M 0078541

PAGE 235

EX 13738-0020

96.   Plaintiff states, upon information and belief and thereupon alleges, that Defendants own and/or possess tangible real and/or personal properties and assets including, but not limited to, bank, savings, and/or other financial accounts, consisting of and/or obtained by profit derived from Defendants' unauthorized manufacture, distribution and/or sale of the Counterfeit and/or Infringing Products.

97.   Plaintiff is entitled to the profits Defendants have derived from the infringement of the BRATZ Property under 17 U.S.C. § 504(b), 15 U.S.C. § 1117, and California Business and Professions Code § 14340.

98.   Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of Defendants' acts, as aforementioned.  Defendants hold those tangible real and/or personal properties and assets consisting of and/or obtained by profit derived from Defendants' infringing activities as constructive trustees for the benefit of Plaintiff, in an amount thus far not determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands:

A.   That the Court order that Defendants, their agents, servants, employees, representatives, successors and assigns, and all persons, entities, firms or corporations in active concert or participation with any of them, be immediately enjoined from:

        (1)   directly or indirectly infringing the BRATZ Property including, but not limited to, the BRATZ Characters, the BRATZ Dolls, the BRATZ Copyrights, the BRATZ Trademarks, the Common Law Trademarks, the BRATZ Product Configuration Trade Dress and the BRATZ Packaging Trade Dress, as described above, in any manner, including generally, but not limited to, manufacturing (or causing to be manufactured), importing, copying, distributing, advertising, selling, offering for sale and/or otherwise exploiting any merchandise which infringes said BRATZ Property and, specifically, manufacturing, importing, copying, distributing,



EXHIBIT   M 00___42
          23
PAGE ___  230
          X 13738-0021

advertising, selling, offering for sale and/or otherwise exploiting the Counterfeit and/or Infringing Products or any other unauthorized products that picture, reproduce or utilize the likenesses of or which copy or bear a substantial similarity to the BRATZ Property;

(2)   engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers and/or members of the public into believing, that the actions of Defendants, the products sold by Defendants or Defendants themselves are connected with Plaintiff, are sponsored, approved or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

(3)   affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offering for sale of any goods or services, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Plaintiff;

(4)   otherwise competing unfairly with Plaintiff in any manner;

(5)   infringing the aforementioned BRATZ Copyrights, BRATZ Trademarks including, but not limited to, the BRATZ, BRATZ PACK and PASSION FOR FASHION trademarks, as well as the Common Law Trademarks, BRATZ Packaging Trade Dress and BRATZ Product Configuration Trade Dress, and damaging Plaintiff's goodwill, reputation, and business;

(6)   during the pendency of this action, destroying or otherwise disposing of:

     (a)   merchandise falsely bearing the BRATZ Property, or infringements or counterfeits thereof;

EXHIBIT 23
PAGE 231
M-0078543

EX 13738-0022

(b)     any other products which reproduce, copy, counterfeit, imitate or bear the BRATZ Property including, but not limited to, the BRATZ Characters, the BRATZ Dolls, the BRATZ Copyrights, the BRATZ Trademarks, the Common Law Trademarks, the BRATZ Product Configuration Trade Dress and the BRATZ Packaging Trade Dress, trade names, logos or designs, or which picture, reproduce or utilize the likenesses of or copy or bear a substantial similarity to the BRATZ Property including, without limitation, the BRATZ Characters and the BRATZ Dolls;

(c)     any promotional and advertising material labels, packages, wrappers, containers and any other unauthorized items which reproduce, copy, counterfeit, imitate or bear the BRATZ Property including, but not limited to, the BRATZ Characters, the BRATZ Dolls, the BRATZ Copyrights, the BRATZ Trademarks, the Common Law Trademarks, the BRATZ Product Configuration Trade Dress and the BRATZ Packaging Trade Dress, trade names, logos or designs, or which picture, reproduce or utilize the likenesses of or copy or bear a substantial similarity to the BRATZ Property;

(d)     any molds, screens, patterns, plates, disks, negatives or other items used specifically for making or manufacturing products bearing the BRATZ Property including, but not limited to, the BRATZ Characters, the BRATZ Dolls, the BRATZ Copyrights, the BRATZ Trademarks, the Common Law Trademarks, the BRATZ Product Configuration Trade Dress and the BRATZ Packaging Trade Dress,  trade names, logos, or designs, or which picture, reproduce or utilize the

EXHIBIT __23__

PAGE __M 0078544__

EX 13738-0023

likenesses of or copy or bear a substantial similarity to the BRATZ Property; and

(e)  any sales and supplier or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogues, recordings of any type whatsoever, and all other business records and documents believed to concern the importation, manufacture, reproduction, purchase, advertising, sale or offering for sale of such Counterfeit and/or Infringing Products;

(7)  during the pendency of this action, destroying any documents, electronic files or business records that pertain to the importation, manufacture, reproduction, advertisement, offer for sale or sale of the Counterfeit and/or Infringing Products or any other items which infringe the rights of Plaintiff in the BRATZ Property, including any correspondence (including but not limited to electronic mail), importation documents, manufacturing specifications, shipping orders, phone records, phone logs, sales and supplier or customer journals, ledgers, invoices, purchase orders, product catalogs, web site order logs, inventory control documents, bank records, catalogues, recordings of any type whatsoever, and all other business records and documents believed to concern the importation, manufacture, reproduction, purchase, advertising, sale or offering for sale of such Counterfeit and/or Infringing Products; and

(8)  effecting assignments or transfers of money, real or personal property, business licenses, forming new entities or associations or utilizing any other device for the purpose of circumventing or

EXHIBIT __23__

PAGE ____  M 0078545
339

EX 13738-0024

1    otherwise avoiding the prohibitions or restrictions set forth in

2    subparagraphs (1) - (7) above;

3    B.    That the Court issue an order directing the United States Marshal for this

4    District, one or more of the Marshal's deputies, on-duty law enforcement officers or

5    off-duty law enforcement officers, assisted by one or more attorneys or agents of

6    Plaintiff, to enter Defendants' premises as listed above, and that Plaintiff and/or their

7    designees be authorized to seize the following items which are in the possession,

8    custody or control of any of Defendants:

9        (a)    all unauthorized products bearing the BRATZ Property including,

10               but not limited to, the BRATZ Characters, the BRATZ Dolls, the

11               BRATZ Copyrights, the BRATZ Trademarks, the Common Law

12               Trademarks, the BRATZ Product Configuration Trade Dress and

13               the distinctive BRATZ Packaging Trade Dress, or infringement,

14               counterfeits or likenesses thereof, or that are substantially similar

15               thereto;

16       (b)    any other unauthorized products which picture, reproduce or utilize

17               the likenesses of or copy or bear a substantial similarity to the

18               BRATZ Property or any elements thereof;

19       (c)    any unauthorized promotional and advertising material, labels,

20               packages, wrappers, containers and any other items which picture,

21               reproduce or utilize the likenesses of or copy or bear a substantial

22               similarity to the BRATZ Property or any elements thereof;

23       (d)    any plates, molds, matrices, masters, tapes, film negatives, disks

24               and other articles by means of which such Counterfeit and/or

25               Infringing Products, or unauthorized items which picture,

26               reproduce or utilize the likenesses of or copy or bear a substantial

27               similarity to the BRATZ Property or any elements thereof, may be

28               reproduced;

I:\IP\10300\00009\pleadings\Complaint4 - downtown.doc                -24-

EXHIBIT    23
M 0078546
PAGE    240

EX 13738-0025

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(e)    any other matter or material in any media embodying any unauthorized copies of the BRATZ Property or that are substantially similar thereto or any other evidence of infringement, including, but not limited to, hard disks, tapes, electronic mail, documents, product catalogs or software;

(f)    with respect to those defendants who have committed trademark counterfeiting, any correspondence (including but not limited to electronic mail), phone records, phone logs, importation documents, manufacturing specifications, shipping orders, sales journals, supplier journals, customer journals, ledgers, invoices, purchase orders, shipping logs, inventory control documents, bank records, catalogues, product lists, computer files, computers, recordings of any type whatsoever and all other business records and documents believed to concern the manufacture, distribution, purchase, advertising, sale or offering for sale of infringing merchandise; and

(g)    with respect to those defendants who have committed trademark counterfeiting, all computers and computer storage media, including without limitation, hard drives, floppies, CDs, DVDs, removable media (such as Zip/Jazz disks and Syquest), data cartridges and backup media, believed to concern the manufacture, importation, distribution, purchase, advertising, sale or offering for sale of any products bearing any labels, tags, logos, decals, emblems or other markings and/or any products which reproduce, copy, counterfeit, imitate, or bear any of the BRATZ Property that are identical with or substantially indistinguishable therefrom. Instead of seizing the items set forth in this paragraph (g), at Plaintiff's election, Plaintiff may make copies of the items set forth

I:\IP\10100\00009\pleading\Complaint4 - downtown.doc    -25-

EXHIBIT __23__
M 0078547
PAGE __241__
EX 13738-0026

in this paragraph at the site of the seizure.  If Plaintiff seizes the items set forth in this paragraph, Plaintiff may make copies of all such computer storage media and shall return such seized items to Defendants no later than five (5) business days after such seizure;

C.     That the Court issue an order allowing Plaintiff (or its designees) to be allowed to accompany the United States Marshal or other law enforcement officers, including off-duty officers, and to assist in the seizure;

D.     That the Court issue an Order permitting accelerated pre-trial discovery within two (2) business days in order to ensure that other available evidence in this case — which includes evidence that is transitory, portable and easily destroyed — is available for a hearing on a preliminary injunction and preserved for trial;

E.     That the Court issue an order requiring Defendants to show cause why, pending a trial on the merits, it should not issue a Preliminary Injunction Order in accordance with Prayer For Relief A;

F.     That the Court issue a Preliminary Injunction in accordance with the order requested in Prayer For Relief A;

G.     That the Court issue a Permanent Injunction making permanent the orders requested in Prayer For Relief A1-6, 8;

H.     That Plaintiff be awarded damages for Defendants' copyright infringement in the form of either: (i) actual damages in an amount to be determined at trial, together with Defendants' profits derived from their unlawful infringement of the BRATZ Copyrights or (ii) statutory damages for each act of infringement in an amount provided by law, including enhanced damages for willful infringement, as set forth in 17 U.S.C. §504, at Plaintiff's election before the entry of a final judgment, together with pre-judgment and post-judgment interest;

I.     That Plaintiffs be awarded treble damages in an amount to be determined at trial for Defendants' willful trademark infringement pursuant to 15 U.S.C. § 1117(a), together with pre-judgment and post-judgment interest;

EXHIBIT **23**

M 0078548

PAGE **242**

EX 13738-0027

1    J.    That Plaintiff be awarded damages for Defendant All Toys' trademark

2  counterfeiting in the form of either: (i) treble damages in an amount to be determined

3  at trial, or (ii) statutory damages for each counterfeit mark per type of goods or

4  services sold, offered for sale or distributed in an amount provided by law, as set forth

5  in 15 U.S.C. §1117(c), together with pre-judgment and post-judgment interest;

6    K.    That Defendants account for and pay over to Plaintiff all damages

7  sustained by Plaintiff and profits realized by Defendants by reason of Defendants'

8  unlawful acts herein alleged, and that those profits be increased as provided and

9  allowed by law;

10    L.    That Defendants hold, as constructive trustees for the benefit of Plaintiff,

11  any and all personal and/or real properties and assets consisting of and/or obtained by

12  profits derived from Defendants' infringing activities, and that Plaintiff be granted

13  possession of or trustee rights over these properties;

14    M.    That the Court issue an order requiring Defendants to deliver to Plaintiff

15  or, at Plaintiff's option, destroy, at Defendants' cost, all infringing copies of the

16  BRATZ Property at the conclusion of the present matter;

17    N.    That the Court award Plaintiff its reasonable attorneys' fees pursuant to

18  17 U.S.C. § 505 and 15 U.S.C. § 1117(a);

19    O.    That the Court award Plaintiff its costs of suit incurred herein; and

20    P.    That the Court grant Plaintiff such other and further relief as it deems just

21  and equitable.

22

23  DATED: April ___, 2004          Respectfully submitted,

24                        KEATS MCFARLAND & WILSON LLP

25

26

27                        Larry W. McFarland

28                        Attorneys for Plaintiff
                               MGA Entertainment, Inc.

EXHIBIT **23**
M 0078549
PAGE **243**
EX 13738-0028