QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Honorable Stephen G. Larson |
| Defendant. | **MATTEL, INC.'S OPPOSITION TO THE MGA PARTIES' MOTION FOR JUDGMENT AS A MATTER OF LAW** |
| AND CONSOLIDATED ACTIONS | |
| | Hearing Date: August 21, 2008<br>Place:           Courtroom 1<br>Time:           10:00 a.m. |
| | **Phase 1B:** |
| | Trial Date:           July 23, 2008 |

07209/2609633

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

I. MATTEL HAS PROVED DAMAGES FOR ITS STATE LAW CLAIMS .................................................................................................... 1

    A. The Jury and the Court Have Already Found Harm or Damage. ............ 1

    B. Mattel's State Law Claims Are Not Preempted. ..................................... 2

    C. Damages Are Not Limited to Bryant's Profits. ....................................... 5

    D. MGA Is Not Entitled to JMOL on Conversion. ..................................... 6

II. MATTEL PRESENTED EVIDENCE OF DAMAGES AS TO MGA HK ............................................................................................................... 7

III. DEFENDANT'S PUNITIVE DAMAGES ARGUMENT IS MERITLESS .................................................................................................. 8

IV. MATTEL HAS VIABLE CLAIMS BASED ON THE "BRATZ" NAME ............................................................................................................. 9

V. LATER GENERATION BRATZ DOLLS, OTHER BRATZ PRODUCT LINES, AND BRATZ-BRANDED MERCHANDISE INFRINGE MATTEL'S COPYRIGHTS ...................................................... 10

# TABLE OF AUTHORITIES

Page

**Cases**

Accuimage Diagnostics Corp. v. Terarecon, Inc.,
   260 F. Supp. 2d 941 (N.D. Cal. 2003) ................................................................5

Altera Corp. v. Clear Logic, Inc.,
   424 F.3d 1079 (9th Cir. 2005) ............................................................................3

Anderson v. Thacher,
   76 Cal. App. 2d 50 (1946) ..................................................................................6

Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.,
   373 F.3d 296 (2d Cir. 2004) ...............................................................................3

Bucklew v. Hawkins, Ash. Baptie & Co., LLP,
   329 F.3d 923 (7th Cir. 2003) .......................................................................... 4, 9

Butler v. Continental Airlines, Inc.,
   2001 WL 1509545 (S.D. Tex. 2001) ..................................................................3

Convolve, Inc. v. Compaq Computer Corp.,
   2006 WL 839022 (S.D.N.Y. March 31, 2006) ...................................................5

County of San Bernardino v. Walsh,
   158 Cal. App. 4th 533 (2007) .............................................................................6

Digital Envoy, Inc. v. Google, Inc.,
   370 F. Supp. 2d 1025 (N.D. Cal. 2005) ..............................................................5

Dorsey v. Money Mack Music, Inc.,
   304 F. Supp. 2d 858 (E.D. La. 2003) .................................................................4

Downing v. Abercrombie & Fitch,
   265 F.3d 994 (9th Cir. 2001) ..............................................................................2

Ernest Paper Products. Inc. v. Mobil Chem. Co. Inc.,
   1997 WL 33485320 .............................................................................................5

Frank Music Corp. v. MGM, Inc.,
   772 F.2d 505 (9th Cir. 1985) ..............................................................................7

Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.,
   886 F.2d 1545 (9th Cir. 1989) ............................................................................9

Freund v. Nycomed Amersham,
   347 F.3d 752 (9th Cir. 1986) ..............................................................................1

Goldberg v. Cameron,
   482 F. Supp. 2d 1136 (N.D. Cal. 2007) ..............................................................3

Grosso v. Miramax Film Corp.,
  383 F.3d 965 (9th Cir. 2004) ................................................................................3

Jan Marini Skin Research, Inc. v. Allure Cosmetic USA, Inc.,
  2007 WL 1508686 (Cal. App. 2007) ...................................................................5

Johnson v. Arista Holding, Inc.,
  2006 WL. 3511894 (S.D.N.Y. 2006) ...................................................................4

Myers v. Stephens,
  233 Cal. App. 2d 104 (1965) ................................................................................7

Nelson-Salabes, Inc. v. Morningside Development,
  284 F.3d 505 (4th Cir. 2002) ................................................................................7

Oddo v. Ries,
  743 F.2d 630 (9th Cir. 1984) ................................................................................3

People v. Bestline Prods., Inc.,
  61 Cal. App. 3d 879 (1976) ..................................................................................6

Rosenthal v. Gould,
  273 Cal. App. 2d 239 (1969) ................................................................................6

Runge v. Lee,
  441 F.2d 579 (9th Cir. 1971) ................................................................................7

Shuptrine v. McDougal Littell,
  535 F. Supp. 2d 892 (E.D. Tenn. 2008) ........................................................... 4, 9

Silicon Image, Inc. v. Analogix Semiconductor, Inc.,
  2007 WL 1455903 (N.D. Cal. May 16, 2007) .....................................................5

Stromback v. New Line Cinema,
  384 F.3d 283 (6th Cir. 2004) ..............................................................................10

Troensegaard v. Silvercrest Indus. Inc.,
  175 Cal. App. 3d 218 (1985) ................................................................................9

United States v. First Nat'l Bank of Circle,
  652 F.2d 882 (9th Cir. 1981) ................................................................................5

Universal Pictures Co. v. Harold Lloyd, Corp.,
  162 F.2d 354 (9th Cir. 1947) ................................................................................7

Weiss v. Marcus,
  51 Cal. App. 3d 590 (1975) ................................................................................10

Worth v. Universal Pictures, Inc.,
  5 F. Supp. 2d 816 (C.D. Cal. 1997) ......................................................................5

**Statutes**

Cal. Civ. Code § 1794 ...............................................................................................9

Cal. Civ. Code § 3294 ............................................................................................... 9

Cal. Civ. Code § 3336 ............................................................................................... 7

Cal. Civ. Code § 3426.7(a) ....................................................................................... 5

Cal. Civ. Code § 3426.7(b) ....................................................................................... 5

Fed. R. Civ. P. 50(a)(2) ............................................................................................. 1

**Miscellaneous**

3 Nimmer § 12.04[C][3] ........................................................................................... 7

Nimmer § 1.01[B][1] ................................................................................................ 5

Restatement of Restitution, § 201 (2008) ........................................................... 6, 10

William F. Patry, Patry on Copyright § 18:21 (2008) ............................................. 5

**Introduction**

A motion for judgment as a matter of law should not be an occasion for undercutting a jury verdict that has already been reached (as MGA does here with its claims of no damages from and no ownership of the name "Bratz"), seeking reconsideration of decisions already reached by this Court (as MGA does with its preemption/punitive damages assertions) or challenging well-established law (as MGA does in seeking judgment in favor of MGA HK). The Court has rejected most of the arguments in MGA's motion. It should reject the balance now.

### I. MATTEL HAS PROVED DAMAGES FOR ITS STATE LAW CLAIMS

#### A. The Jury and the Court Have Already Found Harm or Damage.

MGA argues that Mattel has "failed to prove an essential element -- damages -- for its state law claims," and seeks dismissal of the claims. (Motion at 1-2.) This argument is both untimely and incorrect. First, harm or damage was an element of Mattel's state law claims decided in Phase *1A* -- the jury was instructed it must find harm and causation to hold defendants liable, and it did.[1] MGA cannot challenge those findings now, in Phase 1B, where the only issue is the *amount* of damages. "A motion for judgment as a matter of law may be made at any time *before* the case is submitted to the jury," Fed. R. Civ. P. 50(a)(2) (emphasis added), not after the verdict has been reached. See Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 1986) (trial court erred in hearing post-verdict motion; Rule 50(a) timing requirements must be complied with).

Second, Mattel introduced substantial evidence of harm. As the Court has observed, "the harm [here] is manifest."[2] In fact, the Court found harm as a matter

---

[1] See Cole Dec. Ex. A (Final [Phase 1A] Jury Instructions as Given), at 24-25, 28-30, 33 (Jury Instruction Nos. 22, 25-27, 29).

[2] See, e.g., Cole Dec. Ex. B (July 8, 2008 Tr.), at 4710:20-4711:2 (regarding intentional interference: "How could you possibly not have harm, at some measure, the measure of which is damages, and we'll reserve that for 1-B."), and 4713:5-16 ("I don't think there's anyone in this room that would suggest that to the extent that an invention or a design or a drawing or conception is in fact induced or aided and
(footnote continued)

of law as to Mattel's claim for intentional interference.[3] The Court also found that Bryant breached his duty of loyalty by secretly entering into a contract with Mattel's competitor "to produce a line of fashion dolls to be marketed in direct competition with Mattel's products."[4] The jury found defendants aided and abetted that breach and the theft of Mattel's property. Moreover, Bratz products directly compete with Mattel's products; defendants harmed Mattel by competing against it with Mattel's own design, which defendants stole.[5] There can be no question that Mattel has proven harm, including the deprivation of its property.

### B. Mattel's State Law Claims Are Not Preempted.

This Court has ruled that "the mere fact that the remedies are the same does not result in preemption."[6] Defendants offer no basis to reconsider this holding.[7]

Ninth Circuit law establishes a two-pronged preemption test: "First, the content of the protected right must fall within the subject matter of copyright …. Second, the right asserted under state law must be equivalent to the exclusive rights contained in Section 106 of the Copyright Act." <u>Downing v. Abercrombie & Fitch</u>, 265 F.3d 994, 1003 (9th Cir. 2001). Under the second prong, "[i]f a state law claim includes an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted by the Copyright Act." <u>Altera Corp. v. Clear Logic, Inc.</u>, 424 F.3d 1079, 1089-90 (9th Cir.

---

abetted in violation of the inventions agreement, is induced or aided and abetted by MGA, that there would not be a manifest showing of harm"); Cole Dec. Ex. B (July 9, 2008 Tr.), at 23:23-24:2 (regarding conversion: "The element of harm, assuming that they find that property was taken, seems pretty self-evident to the Court, given the nature of the property.").
[3] Cole Dec. Ex. C (April 25, 2008 Order), at 6.
[4] Cole Dec. Ex. C (April 25, 2008 Order), at 5.
[5] <u>See, e.g.</u>, Cole Dec. Ex. B (May 28, 2008 Tr.), at 405:12-25 (testimony of I. Ross that Mattel lost market share to Bratz); <u>id.</u> (July 1, 2008 Tr.), at 3855:24-25 (testimony of R. Eckert that MGA competes with Mattel and that Mattel lost market share to Bratz); <u>id.</u> (August 13, 2008 Tr.), at 7277:16-25 (testimony of T. Kilpin that Bratz competes with Barbie); <u>id.</u> (August 15, 2008 Tr.), at 7677:18-7678:15 (testimony of I. Larian that MGA fiercely competes with Mattel in the marketplace).
[6] Cole Dec. Ex. B (August 18, 2008 Tr.), at 7927:20-21.
[7] Cole Dec. Ex. C (April 25, 2008 Order), at 2-3.

2005). As the Court has held, defendants failed to establish the equivalence required by the second prong as to virtually all of Mattel's state law claims.

Having failed to meet this test, defendants now seek to add a ***third*** element to it -- that the remedies sought must be completely distinct from those available under copyright law. That is not the law. The focus of the extra element/equivalent rights test is on the elements of the claim, not the remedies. For that reason, courts addressing the issue overwhelmingly find claims for breach of duty and intentional interference *not* to be preempted by federal copyright law without even considering the remedies sought by the plaintiff -- the focus is on the rights, not the remedies. See, e.g., Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1089 (9th Cir. 2005) (intentional interference claim not preempted though it involved the same underlying conduct as that protected by copyright); Grosso v. Miramax Film Corp., 383 F.3d 965, 968 (9th Cir. 2004) (reversing preemption ruling where implied contract provided extra element: "The dispositive preemption issue in this case is whether the *rights* protected by a Desny claim are equivalent to the rights protected by copyright."); Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 307 (2d Cir. 2004) (rejecting argument that aiding/abetting breach of fiduciary duty claim was preempted without considering remedy); Butler v. Continental Airlines, Inc., 2001 WL 1509545, *3 (S.D. Tex. 2001) (breach of contract and breach of fiduciary duty claims arising out of Inventions Agreement held not preempted without considering remedies).

Where litigants argue for "remedy" preemption, the courts correctly hold that overlapping remedies are immaterial. See, e.g., Oddo v. Ries, 743 F.2d 630, 635 (9th Cir. 1984) (fiduciary duty claim not preempted because the duty provides an extra element; authorizing remedy of accounting "for any profits earned from use of the co-owned copyrights"); Goldberg v. Cameron, 482 F. Supp. 2d 1136, 1151 (N.D. Cal. 2007) ("The remedy ... does not inform the court's decision, only whether the state law right includes an extra element."); Shuptrine v. McDougal Littell, 535

F. Supp. 2d 892, 897 (E.D. Tenn. 2008) ("the test [for preemption] is not whether [remedies] overlap but whether there is an extra element that changes the nature of the action so it is qualitatively different"); Dorsey v. Money Mack Music, Inc. 304 F. Supp. 2d 858, 865 (E.D. La. 2003) (where the "core of plaintiff's claims arise from breaches of contractual and fiduciary duties among the parties," claims not preempted even if relief is coextensive with copyright relief); see also NIMMER, at § 1.01[B][1], at 1-12 (courts look at the rights being enforced, not remedies, when applying the preemption test).

Mattel's state and federal remedies are thus legally distinct, even if both involve disgorgement. As the Court has observed, "one is predicated on a copyright [infringement] claim, one is predicated on state tort law claim. The two are, under the law, separate and distinct even though they result in – or they trigger similar remedies or similar damages."[8] The Court's skepticism regarding the applicability of Bucklew v. Hawkins, Ash, Baptie & Co., LLP, 329 F.3d 923, 925, 934 (7th Cir. 2003), is well founded. Both Bucklew and Johnson v. Arista Holding, Inc., 2006 WL 3511894, *7 (S.D.N.Y. 2006), involved state law claims for which the rights were equivalent to those protected by copyright; the "claims were merely duplicative of the rights ... assert[ed] under the Copyright Act." Because in both cases the rights at issue were deemed to be equivalent, they have no applicability to the claims here, which the Court has held are not based on equivalent rights.[9]

Last, in a footnote MGA contends for the first time that the CUTSA preempts Mattel's aiding and abetting claims. This fails for a variety of reasons. MGA

---

[8] Cole Dec. Ex. B (August 18, 2008 Tr.), at 7927:14-17.
[9] MGA's reliance on Patry also fails. First, Patry's primary authority is Bucklew. Second, Patry too recognizes that it is the elements of liability, not the remedy, that controls preemption analysis. William F. Patry, Patry on Copyright § 18:21 (2008) (lauding one court for not focusing on remedies in a preemption analysis). Worth v. Universal Pictures, Inc., 5 F. Supp. 2d 816, 822 (C.D. Cal. 1997), is also unavailing because it says only that an extra element of "awareness or intent" may not save a claim from preemption. That has no bearing on Mattel's aiding and abetting claims,
(footnote continued)

waived this claim by failing to raise the issue before now,[10] and it is, in any event, without merit.[11]

### C. Damages Are Not Limited to Bryant's Profits.

This Court has repeatedly rejected MGA's argument that Mattel's damages for MGA's aiding and abetting are limited to Bryant's profits, and should do so again. As set forth in the Court's Phase 1B jury instructions, Mattel is entitled to recover all profits and advantages that MGA and Larian obtained as a result of their aiding and abetting Bryant's breaches of his duties. Cole Dec. Ex. D (Court's Phase B Jury Instructions as Given), at 43 (Jury Instruction No. 39);[12] see Restatement of

---

which arise from breach of a contract and a fiduciary relationship and involve the "extra elements" needed to survive preemption.

[10] MGA failed to include this issue in the Final Pre-Trial Conference Orders ("FPTCO") on May 16, 2008 and May 23, 2008. The FPTCO supersedes the parties' pleadings and controls the subsequent course of the suit. See United States v. First Nat'l Bank of Circle, 652 F.2d 882, 886 (9th Cir. 1981) (a party may not "offer evidence or advance theories at the trial which are not included in the order or which contradicts its terms.").

[11] CUTSA's preemption clause expressly excludes contractual rights and remedies. Cal. Civ. Code § 3426.7(b); Accuimage Diagnostics Corp. v. Terarecon, Inc., 260 F. Supp. 2d 941, 953 (N.D. Cal. 2003) (CUTSA does not affect contractual remedies). As the Court recognized, Mattel's claims arise from a contractual relationship and therefore fall outside CUTSA. Moreover, CUTSA does not affect civil remedies that "are not based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(a); see, e.g., Silicon Image, Inc. v. Analogix Semiconductor, Inc., 2007 WL 1455903 at *9 (N.D. Cal. May 16, 2007) (false advertising/tortious interference claims not preempted by CUTSA because they were based on facts that went beyond an alleged misappropriation of trade secrets); Jan Marini Skin Research, Inc. v. Allure Cosmetic USA, Inc., 2007 WL 1508686 at *26 (Cal. App. 2007) ("claim for interference with prospective economic advantage is not preempted by the UTSA if it depends on factual allegations in addition to those that form the basis of the misappropriation claim."). MGA's authority is inapt: in each of its cases, the claims were held preempted because they were based on an identical set of facts as the trade secret claim. See Digital Envoy Inc., v. Google, Inc., 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005) ("identical facts"); Convolve, Inc. v. Compaq Computer Corp., 2006 WL 839022 at *7 (S.D.N.Y. Mar. 31, 2006) (alleged facts "indistinguishable"); Ernest Paper Prods., Inc. v. Mobil Chemical Co., Inc., 1997 WL 33483520 at *9 (C.D. Cal. Dec. 2, 1997) (preemption turns on "information in question qualifying as trade secrets"). Mattel's claims that MGA aided and abetted Bryant's breaches of duty, however, arise out of the confidential and fiduciary relationship between Bryant and Mattel. Moreover, the claims in those cases did not arise from a contractual relationship.

[12] Notably, this conforms to a jury instruction MGA itself proposed just last week, which confirmed that "Mattel is entitled to obtain disgorgement of profits that MGA and Isaac Larian obtained by engaging in the wrongful acts of aiding and
(footnote continued)

Restitution, § 201 (2008) ("Where a fiduciary in violation of his duty to the beneficiary communicates confidential information to a third person, the third person, if he had notice of the violation of duty, holds upon a constructive trust for the beneficiary any profit which he makes through the use of such information."); County of San Bernardino v. Walsh, 158 Cal. App. 4th 533, 543 (2007) ("Active participants in the breach of fiduciary duty by another are accountable for all advantages they gained thereby and are liable to the beneficiary of the duty . . . .").[13]

MGA has never cited any authority to support its argument that an aider and abettor is entitled to keep his ill-gotten gains. The authorities cited by MGA confirm that defendants could *also* be held jointly and severally liable for Bryant's profits, e.g., People v. Bestline Prods., Inc., 61 Cal. App. 3d 879, 919 (1976); Rosenthal v. Gould, 273 Cal. App. 2d 239, 243 (1969); Anderson v. Thacher, 76 Cal. App. 2d 50, 72 (1946), not that they cannot be held liable for their own.

### D.   MGA Is Not Entitled to JMOL on Conversion.

MGA claims Mattel has not offered evidence of the value of the stolen drawings. However, the evidence at trial establishes the stolen drawings were valuable when Bryant presented them to MGA. Paula Garcia thought they "were incredible,"[14] and "shrieked" and said she loved them when she first saw them.[15] MGA thought they were so valuable it offered Bryant a consulting contract to obtain

---

abetting breach of fiduciary duty and duty of loyalty that you have found." See Cole Dec. Ex. E (MGA Parties' Supplemental [Proposed] Phase 1-B Jury Instructions), at 1 ("Disgorgement of Profits").

[13] County of San Bernardino is on point. Defendants Walsh and Mays bribed a County official. Id. at 538-39. The court found that Walsh, not himself a fiduciary, was liable to the County for his role as an active participant in the County officials' breach of fiduciary duty. Id. at 543 ("[A]lthough Walsh was [not a fiduciary], liability extends both to the holder of the fiduciary duty and to others who are active participants in a breach of such duty."). The court then upheld a judgment against the defendants, including Walsh, which included disgorgement of the kickbacks that *Walsh* had received as a result of the illegal scheme, even though he was not a fiduciary. Id. at 540-543 ("The judgment against Mays/Walsh takes back the money they reaped from their personal fraud and dishonesty.").

[14] Cole Dec. Ex. F (Trial Ex. 10001).
[15] Cole Dec. Ex. B (May 28, 2008 Tr.), at 563:22-24

them.[16]  Mattel need only present evidence from which the jury can approximate damages, and it has; expert testimony as to fair market value is not required.[17]  See, e.g., Runge v. Lee, 441 F.2d 579, 582 (9th Cir. 1971) (lay testimony regarding value of property sufficient to support award of damages); Universal Pictures Co. v. Harold Lloyd, Corp., 162 F. 2d 354, 369 (9th Cir. 1947) (same).

## II.     MATTEL PRESENTED EVIDENCE OF DAMAGES AS TO MGA HK

MGA argues Mattel has not proven copyright damages against MGA HK.  That is incorrect.  MGA and MGA HK are jointly liable for all of Mattel's damages.  Although "defendants in copyright infringement proceedings are generally not jointly liable for profits, a long-standing exception to this rule exists" when the defendants act as "'practical partners.'"  Nelson-Salabes, Inc. v. Morningside Development, 284 F.3d 505, 517 (4th Cir. 2002) (quoting Frank Music Corp. v. MGM, Inc., 772 F.2d 505, 519 (9th Cir. 1985)).  Related corporate entities are jointly liable if there is a "substantial and continuing connection between the entities" with respect to the infringing acts.  Frank Music, 772 at 519-20; see also 3 Nimmer § 12.04[C][3] (defendants "engaged in a partnership, joint venture, or similar enterprise" may be held jointly liable for total profits among infringers).  MGA and MGA HK had precisely this connection with respect to the manufacture and sale of Bratz dolls.  MGA and MGA HK employees regularly communicated regarding the manufacture of the Bratz dolls, which MGA and MGA HK "collaborat[ed]" on.[18]  MGA HK "mass produced" these dolls.[19]  MGA HK is a

---

[16] Cole Dec. Ex. B (June 11, 2008 Tr.), at 2167:16-2168:1.
[17] Even if Bryant's drawings had only nominal value in 2000 -- and the evidence shows they did not -- Mattel is entitled to their present market value.  If the converted property goes up in value, plaintiff may obtain its value at the time of judgment.  Cal. Civ. Code § 3336 (permitting recovery of "an amount sufficient to indemnify the party injured for the loss"); Myers v. Stephens, 233 Cal. App. 2d 104, 118-24 (1965) (affirming award to the plaintiff of the increased value of a converted house).
[18] Cole Dec. Ex. B (August 5, 2008 Tr.), at 5782:1-5, 22-25) (testimony of N. Pembleton); see also id. (May 28, 2008 Tr.), at 529:24-530:15 (MGA employees assisting and overseeing manufacturing in Hong Kong); id. (May 30, 2008 Tr.), at
(footnote continued)

"wholly-owned subsidiary" of MGA, and both are under "common control."[20] The fact that MGA consolidates its financial statements for MGA and MGA HK confirms the application of joint liability.[21] As the Ninth Circuit has recognized, "[j]oint liability for profits among interrelated corporate defendants serves the purpose of giving a successful copyright plaintiff its due reward without subjecting that award to the vagaries of corporate structures which, in the context of the particular infringement, should in fairness be ignored." Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1554 n. 13 (9th Cir. 1989).

### III. DEFENDANT'S PUNITIVE DAMAGES ARGUMENT IS MERITLESS

Defendants' punitive damages argument is grounded on the same flawed argument addressed above that (1) Mattel's state and federal remedies are "identical" and (2) the Copyright Act requires state law remedies to be entirely distinct from

---

833:16-22, 834:16-835:1 (communications with MGA HK regarding fabric for doll fashions); id. (May 30, 2008 Tr.), at 958:11-17 (MGA HK's production difficulties and MGA's dissatisfaction); id. (June 17, 2008 Tr.), at 2764:9-22 (MGA directing MGA HK regarding personnel involved in Bratz projects); id. (June 18, 2008 Tr.), at 3101:1-18 (MGA directing MGA HK to certain hair vendors); id. (August 12, 2008 Tr.), at 6960:14-6961:2 (communication to MGA HK regarding doll painting); id. (August 12, 2008 Tr.) at 7028:16-7029:14 (MGA HK's involvement in doll packaging at MGA's direction); id. (August 13, 2008), at 7098:20-7099:21 (MGA overseeing manufacturing in Hong Kong). The jury was also presented with evidence showing how MGA HK, as a "subsidiary company," assisted MGA in its attempts to sue other manufacturers for infringement of Bratz. See, e.g., Cole Dec. Ex. G (Trial Ex. 13725), at 01-29.
[19] Cole Dec. Ex. B (August 8, 2008 Tr.) at 6663:14-24 (testimony of S. Chui).
[20] Cole Dec. Ex. H (Trial Ex. 655), at 07 (MGA Consolidated Financial Statements, 2001-2002).
[21] Cole Dec. Ex. H (Trial Ex. 655), at 07. Under GAAP -- with which MGA's consolidated statements comply (see id. at p. 2) -- a company is required to consolidate its financial statements when a parent corporations controls its subsidiaries, unless control is temporary. See FASB Statement of Fin. Accounting Standards No. 4 at p. 2. The methodology MGA uses shows the inseparability of MGA and MGA HK profits. To avoid double counting in its financial statements, MGA eliminates "all significant intercompany balances and transactions." E.g., Cole Dec. Exs. H-O (Trial Exs. 655-659, 13931, 13959, 13960). In any event, Mattel has offered evidence from which the jury can reasonably calculate copyright damages for MGA HK independently. Mr. Wagner's schedules compared "Net Income from Bratz" to "Net Income from Bratz, US Only." Cole Dec. Ex. M (Trial Ex. 13931), at 0001-48. The difference is net income from Bratz accrued in Hong Kong because MGA accounts for revenue "FOB" either domestically or out of Hong Kong.

copyright remedies, even if the claims satisfy the "extra element" test. <u>Bucklew</u>, on which defendants rely, found the state law claims preempted -- it does not support the proposition that punitive damages cannot be awarded on state claims which *survive* preemption, as Mattel's claims here have. Neither does <u>Troensegaard v. Silvercrest Indus. Inc.</u>, 175 Cal. App. 3d 218, 226-28 (1985), which does not even address Copyright Act preemption.[22] Where a state law claim is not preempted and permits punitive damages, the fact that copyright law permits no such damages is irrelevant. <u>See, e.g.</u>, <u>Shuptrine</u>, 535 F. Supp. 2d at 897 (rejecting attack on punitive damages claim because underlying state-law claim not preempted).

## IV. <u>MATTEL HAS VIABLE CLAIMS BASED ON THE "BRATZ" NAME</u>

MGA's arguments regarding the Bratz name are specious. The "Bratz" name is an invention assigned to Mattel and is part of the proprietary information Bryant wrongfully disclosed to MGA, which MGA wrongfully obtained and used. Under Mattel's state law claims, MGA's continuing wrongful use of property stolen from Mattel, under a name that belongs to Mattel, is actionable. Mattel is entitled to recover MGA's benefits from the use of the name under a disgorgement of benefits theory and through a constructive trust.[23] Indeed, the Court has already found that "the Bratz name is part of what was claimed or was awarded by the jury to Mattel in

---

[22] Instead, that case denied punitive damages because the state legislature did not intend such recovery under the general civil remedy, <u>Cal. Civ. Code</u> § 1794, for the same "willful, oppressive, malicious and oppressive acts" encompassed by the punitive damages provisions of a separate section of the code. Cal. Civ. Code § 3294.

[23] <u>See, e.g., Weiss v. Marcus</u>, 51 Cal. App. 3d 590, 600 (1975) ("[A] constructive trust may be imposed in practically any case where there is a wrongful acquisition or detention of property to which another is entitled."); Restatement of Restitution, § 201 (2008) ("Where a fiduciary in violation of his duty to the beneficiary communicates confidential information to a third person, the third person, if he had notice of the violation of duty, holds upon a constructive trust for the beneficiary any profit which he makes through the use of such information.").

the first phase. . . . The name and the conception both went to Mattel."[24]  MGA fails to even address this finding, let alone present grounds to disturb it.[25]

## V. LATER BRATZ DOLLS, OTHER BRATZ PRODUCT LINES, AND BRATZ-BRANDED MERCHANDISE INFRINGE MATTEL'S COPYRIGHTS

MGA's motion as to Mattel's copyright claim fails.  If Mattel is not entitled to JMOL on its claim of infringement, which it is, at most this is a jury issue. Hundreds of Bratz products -- including later Bratz dolls, other Bratz product lines, and Bratz branded merchandise -- were admitted into evidence.[26]  The parties stipulated that these items were a representative sample of all Bratz products.[27]  The jury can compare this evidence to Mattel's copyrighted works to determine whether they are substantially similar.  See, e.g., Stromback v. New Line Cinema, 384 F.3d 283, 295 (6th Cir. 2004) (expert testimony was not necessary in a copyright infringement case because jury could compare two works to determine if they were substantially similar).[28]

Moreover, several MGA witnesses acknowledged the similarity between Bryant's drawings and later generation Bratz dolls, other Bratz product lines and Bratz-branded merchandise.  Isaac Larian himself testified that a later Bratz character had "more similarity to the first four Bratz dolls than [to Mini Trendy

---

[24] Cole Dec. Ex. B (July 23, 2008 Tr.), at 5526:8-14.
[25] MGA contends that it purchased the right to use the Bratz name from a third party.  What is at issue here are MGA's rights to the Bratz name vis-a-vis *Mattel*, not with respect to some third party.
[26] Cole Dec. Ex. P (Stipulation Regarding Admission of Tangible Items, dated August 5, 2008) (listing more than 600 Bratz products admitted into evidence).
[27] Cole Dec. Ex. P; id. at Ex. B (August 5, 2008 Tr.), at 5748:8-5749:12.
[28] MGA claims Mattel must prove both that MGA copied original elements from Mattel's copyrighted works and that there is a substantial similarity between the allegedly infringing works and the copyrighted works.  Not so.  As the Court's jury instructions make clear, Mattel need only show that MGA copied original elements from Mattel's copyrighted works.  Mattel can prove that by *either* (1) showing that MGA actually copied a significant amount of protectable expression from the works, *or* (2) showing that there are substantial similarities between the
(footnote continued)

Teenz]," a doll that MGA claimed infringed its purported copyright in Bratz.[29] Carter Bryant testified that "all the Bratz dolls have an overall similar appearance."[30] And Debora Middleton, MGA's character art director, testified that the character art MGA created for its Bratz branded merchandise is similar to the Bratz dolls.[31] MGA's style guides -- the registrations for which list the Bratz designs created by Bryant as the works on which they were based -- mandated that licensed products look like their designs.[32] In short, not only is the jury capable of determining substantial similarity through its own examination, but defendants' own admissions support such a finding with respect to every Bratz product that bears an image of the Bratz characters. MGA's motion should be denied.

DATED: August 20, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ John B. Quinn
John B. Quinn
Attorneys for Mattel, Inc.

---

allegedly infringing works and original elements of Mattel's works. Cole Dec. Ex. D (Court's Phase B Jury Instructions as Given), at 27 (Jury Instruction No. 25).
[29] Cole Dec. Ex. B (August 6, 2008 Tr.), at 6159:13-18.
[30] Cole Dec. Ex. B (August 8, 2008 Tr.), at 6669:19-23.
[31] Cole Dec. Ex. B (August 13, 2008 Tr.), at 7200:3-6.
[32] Cole Dec. Ex. B (August 8, 2008 Tr.), at 6653:21-6658:22; id. at Exs. Q-Y (Trial Exs. 513, 567-574).