# EXHIBIT A

1
2
3
4
5
6



FILED
CLERK, U.S. DISTRICT COURT

JUL 10 2008

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION      BY DEPUTY

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| 11  MATTEL, INC., | CASE NO. CV 04-9049 SGL (RNBx) |
| 12          Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 13       vs. | |
| 14  MGA ENTERTAINMENT, INC., | Hon. Stephen G. Larson |
| 15          Defendant. | **FINAL JURY INSTRUCTIONS AS GIVEN** |
| 16 | |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | |

19
20
21
22
23
24
25
26
27
28

EXHIBIT A

PAGE 4

# JURY INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence and will soon hear the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

EXHIBIT A

PAGE 5

Case No. Case No. CV 04-9049 SGL (RNBx)
JOINT PROPOSED JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 2

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

In criminal trials, the prosecution must prove that the defendant is guilty beyond a reasonable doubt. But in civil trials, such as this one, the party who is required to prove something by a preponderance of the evidence need prove only that it is more likely to be true than not true.

# JURY INSTRUCTION NO. 3

The law defines cause in its own particular way.  A cause of injury, damage, loss or harm is something that is a substantial factor in bringing about an injury, damage, loss or harm.

A "substantial factor" is something which is more than a slight, trivial, negligible, or theoretical factor in producing a particular result.

Case No. Case No. CV 04-9049 SGL (RNBx)
JOINT PROPOSED JURY INSTRUCTIONS

EXHIBIT A

PAGE 1

1

## JURY INSTRUCTION NO. 4

2

3

4     You should decide the case as to each defendant separately. Unless

5  otherwise stated, the instructions apply to all parties.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

(1)  The sworn testimony of any witness;

(2)  The exhibits which are received into evidence; and

(3)  Any facts to which the lawyers have agreed.

-5-

Case No. Case No. CV 04-9049 SGL (RNBx)
JOINT PROPOSED JURY INSTRUCTIONS

EXHIBIT A

PAGE 9

1

2

### JURY INSTRUCTION NO. 6

3

4      In reaching your verdict, you may consider only the testimony and exhibits

5  received into evidence. Certain things are not evidence, and you may not consider

6  them in deciding what the facts are. I will list them for you.

7

8      (1)    Arguments and statements by lawyers are not evidence. The lawyers

9          are not witnesses. What they have said in their opening statements, closing

10         arguments, and at other times is intended to help you interpret the evidence,

11         but it is not evidence. If the facts as you remember them differ from the way

12         the lawyers have stated them, your memory of them controls.

13

14     (2)    Questions and objections by lawyers are not evidence. Attorneys

15         have a duty to their clients to object when they believe a question is

16         improper under the rules of evidence. You should not be influenced by the

17         objection or by the court's ruling on it.

18

19     (3)    Testimony that has been excluded or stricken, or that you have been

20         instructed to disregard, is not evidence and must not be considered. In

21         addition sometimes testimony and exhibits are received only for a limited

22         purpose; when I have given a limiting instruction, you must follow it.

23

24     (4)    Anything you may have seen or heard when the court was not in

25         session is not evidence. You are to decide the case solely on the evidence

26         received at the trial.

27

28

EXHIBIT A

PAGE 10

-6-

1

2

### <u>JURY INSTRUCTION NO. 7</u>

3

4          Some evidence may be admitted for a limited purpose only.

5

6          When I instruct you that an item of evidence has been admitted for a limited

7     purpose, you must consider it only for that limited purpose and for no other.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT** A

**PAGE** 11

1

2                    ## JURY INSTRUCTION NO. 8

3

4           Evidence may be direct or circumstantial.  Direct evidence is direct proof of

5    a fact, such as testimony by a witness about what that witness personally saw or

6    heard or did.  Circumstantial evidence is proof of one or more facts from which

7    you could find another fact.  You should consider both kinds of evidence.  The law

8    makes no distinction between the weight to be given to either direct or

9    circumstantial evidence.  It is for you to decide how much weight to give to any

10   evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

PAGE 12

1

2

## **JURY INSTRUCTION NO. 9**

3

4       If weaker and less satisfactory evidence is offered by a party, when it was

5  within that party's ability to produce stronger and more satisfactory evidence, the

6  evidence offered should be viewed with distrust.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _A_

PAGE _B_

1

2        ## JURY INSTRUCTION NO. 10

3

4        In deciding the facts in this case, you may have to decide which testimony to

5    believe and which testimony not to believe. You may believe everything a witness

6    says, or part of it, or none of it. Proof of a fact does not necessarily depend on the

7    number of witnesses who testify about it.

8

9        In considering the testimony of any witness, you may take into account:

10

11           (1)    the opportunity and ability of the witness to see or hear or know

12    the things testified to;

13

14           (2)    the witness's memory;

15

16           (3)    the witness's manner while testifying;

17

18           (4)    the witness's interest in the outcome of the case and any bias or

19    prejudice;

20

21           (5)    whether other evidence contradicted the witness's testimony;

22

23           (6)    the reasonableness of the witness's testimony in light of all the

24    evidence; and

25

26           (7)    any other factors that bear on believability.

27

28

EXHIBIT A

PAGE 14

1     The weight of the evidence as to a fact does not necessarily depend on the

2   number of witnesses who testify about it.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

Case No. Case No. CV 04-9049 SGL (RNBx)
JOINT PROPOSED JURY INSTRUCTIONS

EXHIBIT __A__

PAGE __5__

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 11

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

EXHIBIT A

PAGE 16

Case 2:04-cv-09049-SGL-RNB     Document 4115     Filed 07/10/2008     Page 14 of 37

## JURY INSTRUCTION NO. 12

The parties have agreed to certain facts to be placed in evidence. You should therefore treat these facts as having been proved.

-13-

EXHIBIT A

PAGE 17

## <u>JURY INSTRUCTION NO. 13</u>

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of a number of witnesses were taken in this case. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

EXHIBIT A

PAGE 15

## JURY INSTRUCTION NO. 14

The evidence that a witness has lied under oath on a prior occasion or given inconsistent testimony under oath may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

EXHIBIT _D_

PAGE _19_

1
2 ## <u>JURY INSTRUCTION NO. 15</u>
3
4    Evidence has been presented to you in the form of answers of one of the
5 parties to written interrogatories submitted by the other side. These answers have
6 been given in writing and under oath, before the actual trial, in response to
7 questions that were submitted in writing under established court procedures. You
8 should consider the answers, insofar as possible, in the same way as if they were
9 made from the witness stand by the party that responded to the written
10 interrogatories.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. Case No. CV 04-9049 SGL (RNBx)
JOINT PROPOSED JURY INSTRUCTIONS

EXHIBIT A
PAGE 20

1

## JURY INSTRUCTION NO. 16

2

3    Evidence has been presented to you in the form of admissions of one of the

4  parties to written requests submitted by the other side. These answers have been

5  given in writing and under oath, before the actual trial, in response to requests that

6  were submitted in writing under established court procedures. The matters

7  admitted are deemed conclusively established as to the party that made the

8  admission.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

PAGE 21

## JURY INSTRUCTION NO. 17

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Case No. Case No. CV 04-9049 SGL (RNBx)
JOINT PROPOSED JURY INSTRUCTIONS

EXHIBIT A

PAGE 22

Case 2:04-cv-09049-SGL-RNB     Document 4115     Filed 07/10/2008     Page 20 of 37

## JURY INSTRUCTION NO. 18

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

-19-

Case No. Case No. CV 04-9049 SGL (RNBx)
JOINT PROPOSED JURY INSTRUCTIONS

EXHIBIT A

PAGE 23

1

2

## JURY INSTRUCTION NO. 19

3

4      Certain charts and summaries have been received into evidence to illustrate

5   information brought out in the trial. Charts and summaries are only as good as the

6   underlying evidence that supports them. You should, therefore, give them only

7   such weight as you think the underlying evidence deserves.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___A___

PAGE ___24___

1

## JURY INSTRUCTION NO. 20

2

3      All parties are equal before the law and a corporation is entitled to the same

4   fair and conscientious consideration by you as any party.

5

6      Under the law, a corporation is considered to be a person.  It can only act

7   through its employees, agents, directors, or officers.  Therefore, a corporation is

8   responsible for the acts of its employees, agents, directors, and officers performed

9   within the scope of authority.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B

PAGE 25

## JURY INSTRUCTION NO. 21

In its first claim, Mattel contends that it has certain rights to all Bratz-related ideas, concepts, drawings, designs, and other works "conceived or reduced to practice," that is, created, by Carter Bryant, alone or jointly with others, while he was employed by Mattel, including Bratz drawings and the idea for the name "Bratz."

MGA and Isaac Larian deny Mattel's contention.

Mattel's claim is based on a contract between Carter Bryant and Mattel called the "Employee Confidential Information and Inventions Agreement" or simply the "Inventions Agreement."  As a matter of law, the Inventions Agreement is a valid and enforceable agreement.

Section 2(a) of the Inventions Agreement provides:

"I agree to communicate to the Company as promptly and fully as practicable all inventions [as defined below] conceived or reduced to practice by me (alone or jointly [with] others) at any time during my employment by the Company.  I hereby assign to the Company and/or its nominees all my right, title

EXHIBIT A

PAGE 26

1   and interest in such inventions, and all my right, title and interest in any patents,

2   copyrights, patent applications or copyright applications based thereon. I will

3   assist the Company and/or its nominees (without charge but at no expense to me)

4

5   at any time in every proper way to obtain for its and/or their own benefit, patents,

6   and copyrights for all such inventions anywhere in the world and to enforce its

7   and/or their rights in legal proceedings."

8

9

10      The Inventions Agreement defines the term "inventions" as follows:

11

12      "[T]he term 'inventions' includes, but is not limited to, all discoveries,

13   improvements, processes, developments, designs, know-how, data computer programs

14   and formulae, whether patentable or unpatentable."

15

16      To prevail on its first claim, Mattel must show, by the preponderance of the

17   evidence, that any particular Bratz-related idea, concept, drawing, design or work was

18   "conceived or reduced to practice," that is, created, by Mr. Bryant, alone or jointly

19   with others, while employed by Mattel.

20

21      It is for you to decide what, if any, Bratz-related works were created by Mr.

22   Bryant, alone or jointly with others, while he was employed by Mattel.

23

24

25

26

27

28

EXHIBIT A

PAGE 21

## JURY INSTRUCTION NO. 22

In its second claim, Mattel contends that that MGA and Isaac Larian intentionally interfered with the Inventions Agreement between Mattel and Carter Bryant. To establish this claim, Mattel must prove the following by a preponderance of the evidence:

1.      That there was a contract or contracts between Mattel and Carter Bryant;

2.      That MGA and/or Mr. Larian knew of the contract;

3.      That MGA and/or Mr. Larian intended to disrupt the performance of this contract;

4.      That the conduct of MGA and/or Mr. Larian prevented performance or made performance more difficult;

5.      That Mattel was harmed in some way; and

EXHIBIT _A_

PAGE _25_

1         6.    That the conduct of MGA and/or Mr. Larian was a substantial factor

2    in causing Mattel's harm.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. Case No. CV 04-9049 SGL (RNBx)
JOINT PROPOSED JURY INSTRUCTIONS

EXHIBIT A

PAGE 29

Case 2:04-cv-09049-DOC-RNB   Document 4269-3   Filed 08/20/08   Page 28 of 38   Page ID
#:107032
Case 2:04-cv-09049-SGL-RNB   Document 4115   Filed 07/10/2008   Page 27 of 37

## JURY INSTRUCTION NO. 23

As a matter of law, there was a valid contract between Mattel and Mr. Bryant, namely the Inventions Agreement.

As a matter of law, Mr. Bryant directly competed with Mattel by entering into a contract with MGA, Mattel's competitor, to produce a competing product while he was still employed by Mattel. Whether the remaining requirements of Mattel's claim for intentional interference with contractual relations have been satisfied or not is for you to decide.

It is also a matter of law that MGA and/or Isaac Larian's mere offering of employment to Carter Bryant would not be sufficient, by itself, to establish an intentional interference with the contract between Mattel and Mr. Bryant.

EXHIBIT A

PAGE 30

1
2

### JURY INSTRUCTION NO. 24

3        In deciding whether MGA or Isaac Larian acted intentionally, you may
4
consider whether they knew that a disruption in the performance of a contract or
5
contracts was substantially certain to result from their conduct.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT  B

PAGE  31

## JURY INSTRUCTION NO. 25

1
2
3
     In its third and fourth claims, Mattel contends that MGA and Isaac Larian
4
aided and abetted Carter Bryant's breaches of (1) his fiduciary duty to Mattel and
5
6 (2) his duty of loyalty to Mattel.  To establish that MGA and/or Mr. Larian are
7 liable for aiding and abetting breaches of fiduciary duty or breach of the duty of
8
9 loyalty, Mattel must prove the following by a preponderance of the evidence:
10
11
     1.    Mr. Bryant's conduct constituted a breach of such duty or duties;
12
13
14
     2.    MGA and/or Mr. Larian knew that Mr. Bryant's conduct constituted a
15
breach of duty or duties; and
16
17
18
     3.    MGA and/or Mr. Larian gave substantial assistance or encouragement
19
to Mr. Bryant to breach his duty or duties.
20
21
22
23
24
25
26
27
28

EXHIBIT A

PAGE 32

## JURY INSTRUCTION NO. 26

To establish that Mr. Bryant breached his fiduciary duty to Mattel, Mattel must prove the following by a preponderance of the evidence:

1.   That Mr. Bryant owed a fiduciary duty to Mattel;

2.   That Mr. Bryant breached his fiduciary duty to Mattel;

3.   That Mattel did not give informed consent to Mr. Bryant's conduct;

4.   That Mattel was harmed in some way; and

5.   That Mr. Bryant's conduct was a substantial factor in causing Mattel's harm.

Once a party assumes a fiduciary duty to another, that party is obligated to act on behalf of the other party, to hold the interest of the other paramount over his own interests, and to take no action that would further his interests over the other person's interest.

EXHIBIT A

PAGE 33

## __JURY INSTRUCTION NO. 27__

To establish that Mr. Bryant breached his duty of loyalty to Mattel, Mattel must prove the following by a preponderance of the evidence:

1.     That Mr. Bryant was Mattel's employee;

2.     That Mr. Bryant knowingly acted against Mattel's interests while he was employed by Mattel;

3.     That Mattel did not give informed consent to Mr. Bryant's conduct;

4.     That Mattel was harmed in some way; and

5.     That Mr. Bryant's conduct was a substantial factor in causing Mattel's harm.

An employee owes his or her employer a duty of loyalty. The scope of the employee's duty varies with the nature of the employee's relationship with his employer.

Case No. Case No. CV 04-9049 SGL (RNBx)
JOINT PROPOSED JURY INSTRUCTIONS

EXHIBIT __A__

PAGE __34__

## JURY INSTRUCTION NO. 28

As a matter of law, Carter Bryant owed both a fiduciary duty and duty of loyalty to Mattel.

Mr. Bryant's fiduciary duty to Mattel is predicated upon paragraph 1(a) of the Inventions Agreement and is related to Mr. Bryant's obligation to keep Proprietary Information confidential.

Section 1(a) of the Inventions Agreement provides:

"I acknowledge that the Company possesses and will continue to develop and acquire valuable Proprietary Information (as defined below), including information that I may develop or discover as a result of my employment with the Company. The value of that Proprietary information depends on it remaining confidential. The Company depends on me to maintain that confidentiality, and I accept that position of trust."

The Inventions Agreement defines the term "Proprietary Information" as follows:

EXHIBIT A

PAGE 95

1   "'Proprietary Information' means any information (including formula,

2   pattern, compilation, device, method, technique or process) that derives

3   independent economic value, actual or potential, from not being generally known

4

5   to the public or to other persons who can obtain economic value from its disclosure

6   or use, and includes information on the Company, its customers, suppliers, joint

7   ventures, licensors, licensees, distributors, and other persons and entities with

8

9   whom the Company does business."

10

11   As a matter of law, Mr. Bryant breached his duty of loyalty to Mattel when

12

13   he entered into a contract with MGA, Mattel's competitor, while still employed by

14   Mattel, to produce a line of fashion dolls to be marketed in direct competition with

15   Mattel's products.

16

17

18   At the same time, merely seeking employment from a competitor, and a

19   failure to notify an employer of a decision to seek new employment until a

20   decision is final, does not constitute a breach of duty of loyalty.

21

22

23

24

25

26

27

28

EXHIBIT A

PAGE 30

## JURY INSTRUCTION NO. 29

In its final claim, Mattel contends that MGA, MGA Entertainment (HK) Limited, and Isaac Larian wrongfully exercised control over Mattel's property, including tangible Bratz-related works such as Mr. Bryant's drawings. To establish this claim for conversion, Mattel must prove the following by a preponderance of the evidence:

    1.    That tangible property was "conceived or reduced to practice" --- that is, created --- by Carter Bryant, alone or jointly with others, during the period in which he was employed by Mattel (January 4, 1999, to October 19, 2000);

    2.    That any of the defendants intentionally took possession of such property for a significant period of time;

    3.    That Mattel did not consent;

    4.    That Mattel was harmed; and

    5.    That any one of the defendant's conduct was a substantial factor in causing Mattel's harm..

EXHIBIT A

PAGE 37

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### JURY INSTRUCTION NO. 30

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

-34-                    Case No. Case No. CV 04-9049 SGL (RNBx)
                        JOINT PROPOSED JURY INSTRUCTIONS

EXHIBIT __A__

PAGE __38__

1

2                           **JURY INSTRUCTION NO. 31**

3

4           If it becomes necessary during your deliberations to communicate with me,

5    you may send a note through the bailiff, signed by your presiding juror or by one

6    or more members of the jury.  No member of the jury should ever attempt to

7    communicate with me except by a signed writing; I will communicate with any

8    member of the jury on anything concerning the case only in writing, or here in

9    open court.  If you send out a question, I will consult with the parties before

10   answering it, which may take some time.  You may continue your deliberations

11   while waiting for the answer to any question.  Remember that you are not to tell

12   anyone—including me—how the jury stands, numerically or otherwise, until after

13   you have reached a unanimous verdict or have been discharged.  Do not disclose

14   any vote count in any note to the court.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -35-        Case No. Case No. CV 04-9049 SGL (RNBx)
                                                JOINT PROPOSED JURY INSTRUCTIONS

EXHIBIT B

PAGE 35

## <u>JURY INSTRUCTION NO. 32</u>

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

EXHIBIT A

PAGE 40