# EXHIBIT B

1              UNITED STATES DISTRICT COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3                        - - -

4       **HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING**

5                        - - -

6    MATTEL, INC.,                :   PAGES 340 - 450
                                  :
7            PLAINTIFF,           :
                                  :
8       VS.                       :   NO. ED CV04-09049-SGL
                                  :   [CONSOLIDATED WITH
9    MGA ENTERTAINMENT, INC.,     :   CV04-9059 & CV05-2727]
     ET AL.,                      :
10                                :
             DEFENDANTS.          :
11   _____:

12

13

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16               RIVERSIDE, CALIFORNIA

17             WEDNESDAY, MAY 28, 2008

18                JURY TRIAL - DAY 3

19                 MORNING SESSION

20

21

22                           MARK SCHWEITZER, CSR, RPR, CRR
                             OFFICIAL COURT REPORTER
23                           UNITED STATES DISTRICT COURT
                             181-H ROYBAL FEDERAL BUILDING
24                           255 EAST TEMPLE STREET
                             LOS ANGELES, CALIFORNIA 90012
25                           (213) 663-3494

CERTIFIED
COPY

1    **Appearances of Counsel:**

2

3    On Behalf of Mattel:

4        Quinn Emanuel
         By John B. Quinn, Esq.
5            B. Dylan Proctor, Esq.
             Michael T. Zeller, Esq.
6            Harry Olivar, Esq.
             John Corey, Esq.
7            Diane Hutnyan, Esq.
             William Prince, Esq.
8        855 South Figueroa Street
         10th Floor
9        Los Angeles, CA 90017
         (213) 624-7707
10

11
     On Behalf of MGA Entertainment:
12
         Skadden, Arps, Slate, Meagher & Flom LLP
13       By Thomas J. Nolan, Esq.
             Carl Alan Roth, Esq.
14           Jason Russell, Esq.
             Lauren Aguiar, Esq.
15           David Hansen, Esq.
             Matthew Sloan, Esq.
16       300 South Grand Avenue
         Los Angeles, CA 90071-3144
17       (213) 687-5000

18

19

20

21

22

23

24

25

EXHIBIT B
PAGE  42

```
 1  take this up.  Because I don't want to -- if the parties have
 2  agreed with Judge Infante that these motions don't need to be
 3  ruled on, that kind of conflicts with what I understand from
 4  our discussion a few days ago.  But I'd like to get that
 5  straightened out before I issue any further guidance in terms
 6  of these motions.  So I just wanted to relay that to you, and
 7  I'll do some more homework myself.  Let's take a 15-minute
 8  recess, and we'll resume at quarter till.
 9           (Recess taken.)
10           (WHEREUPON THE JURY ENTERS.)
11           THE COURT:  Mr. Nolan, you may proceed.
12  Q.   BY MR. NOLAN:  Ms. Ross, by the time you left Barbie
13  toward the end of 2003, it's true that Barbie had lost
14  significant market share to Bratz; correct?
15  A.   I don't know if I'd use the word significant.  It
16  definitely lost some market share to Bratz.
17  Q.   Was it a concern within Mattel?
18  A.   It was something we were all aware of, like we were
19  aware of the competing issues, fighting for market share.  So
20  we were concerned, yes.
21  Q.   Did you know a gentleman by the name of Tim Kilpin?
22  A.   Yes.
23  Q.   Who is Tim Kilpin?
24  A.   He came toward the end when I was leaving.  I forget his
25  exact title.  Maybe senior vice-president of marketing.
```

EXHIBIT B

PAGE 43

```
 1                    (WHEREUPON THE JURY WITHDRAWS.)

 2              THE COURT:  Counsel, please be seated.  I'd like to

 3    see counsel back here at 1:15 to take up the discovery

 4    matter.   Are there any other matters that we need to take up

 5    this afternoon from counsel's perspective?  Mr. Nolan?

 6              MR. NOLAN:  Not for MGA.

 7              THE COURT:  Mr. Quinn?

 8              MR. QUINN:  No, your Honor.

 9              THE COURT:  Very well.  I'll see you at 1:15.

10

11                  (Lunch recess taken at 12:00 P.M.)

12

13                      C E R T I F I C A T E

14

15

16              I hereby certify that pursuant to Title 28,

17    Section 753 United States Code, the foregoing is a true and

18    correct transcript of the stenographically reported

19    proceedings in the above matter.

20              Certified on May 28, 2008.

21

22

23              MARK SCHWEITZER, CSR, RPR, CRR
                Official Court Reporter
24              License No. 10514

25
```

451

1          UNITED STATES DISTRICT COURT

2        CENTRAL DISTRICT OF CALIFORNIA **CERTIFIED**

3              EASTERN DIVISION **COPY**

4                  - - -

5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                  - - -

7   MATTEL, INC.,                ) PAGES 451-577
                                 )
8                  PLAINTIFF,    )
                                 )
9        VS.                     ) NO. CV 04-09049
                                 )
10  MGA ENTERTAINMENT, INC., ET. AL.,  )
                                 )
11                 DEFENDANTS.   ) TRIAL DAY 3,
    _____) AFTERNOON SESSION
12  AND CONSOLIDATED ACTIONS,    )
    _____)
13

14

15     REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17            WEDNESDAY, MAY 28, 2008

18                 1:18 P.M.

19

20

21

22

23            THERESA A. LANZA, RPR, CSR
           FEDERAL OFFICIAL COURT REPORTER
24            3470 12TH STREET, RM. 134
           RIVERSIDE, CALIFORNIA  92501
25               951-274-0844
              WWW.THERESALANZA.COM

452

```
 1  APPEARANCES:

 2
    ON BEHALF OF MATTEL, INC.:
 3
                          QUINN EMANUEL
 4                        BY:   JOHN QUINN
                               JON COREY
 5                             MICHAEL T. ZELLER
                               HARRY OLIVAR
 6                             TIMOTHY ALGER
                          865 S. FIGUEROA STREET,
 7                        10TH FLOOR
                          LOS ANGELES, CALIFORNIA  90017
 8                        213-624-7707

 9

10  ON BEHALF OF MGA ENTERTAINMENT:

11                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          BY:   THOMAS J. NOLAN
12                             JASON RUSSELL
                               RAOUL KENNEDY
13                             LAUREN AGUIAR
                          300 SOUTH GRAND AVENUE
14                        LOS ANGELES, CALIFORNIA  90071-3144
                          213-687-5000
15

16

17

18

19

20

21

22

23

24

25
```

MAY 28TH, 2008          TRIAL DAY 3, AFTERNOON SESSION

529

1   THAT RIGHT?

2   A    I'M NOT CERTAIN WHEN MARGARET LEFT.

3   Q    IN ANY EVENT, LATER IN SEPTEMBER OF 2000, YOU BEGAN

4   WORKING WITH MS. LEAHY AS A SCULPTOR ON BRATZ; CORRECT?

5   A    TO BE CLEAR, I WAS WORKING WITH MARGARET LEAHY TOWARDS THE     03:38

6   END OF SEPTEMBER ON AN EXPLORATION SCULPT FOR BRATZ.

7   Q    AND THEN ALSO WITH RESPECT TO BRATZ, YOU NEEDED SOMEONE TO

8   DESIGN AND WORK ON OR LEAST TO WORK ON THE CLOTHES, THE

9   FASHIONS; RIGHT?

10  A    YES.                                                            03:39

11  Q    AND AGAIN, YOU TURNED TO AN OUTSIDE CONTRACTOR FOR THAT;

12  CORRECT?

13  A    CORRECT.

14  Q    AND THAT WAS VERONICA MARLOW WHO HAD BEEN A FORMER MATTEL

15  DESIGNER; RIGHT?                                                     03:39

16  A    CORRECT.

17  Q    YOU ALSO NEEDED A FACE PAINTER AT SOME POINT; CORRECT?

18  A    YES.

19  Q    AND TO DO THE FACE PAINTING, A PERSON YOU TURNED TO WAS AN

20  OUTSIDE VENDOR NAMED ANNA RHEE; CORRECT?                            03:39

21  A    YES.

22  Q    SHE WAS A FORMER MATTEL FACE PAINTER; CORRECT?

23  A    YES.  I BELIEVE SO.

24  Q    AND THEN THERE WAS A WOMAN NAMED -- TELL ME IF I GET THE

25  PRONUNCIATION WRONG -- MERCEDE WARD?                                03:40

530

```
 1  A    I UNDERSTOOD IT TO BE PRONOUNCED MERCEDEH.

 2  Q    SO THERE WAS A WOMAN NAMED MERCEDEH WARD WHO WORKED AT

 3  MATTEL UNTIL ABOUT OCTOBER OF 2000; CORRECT?

 4  A    I'M NOT CERTAIN WHEN MERCEDEH WORKED AT MATTEL.

 5  Q    DIDN'T SHE CONTACT YOU WHILE SHE WAS AT MATTEL TO SAY THAT    03:40

 6  SHE WANTED TO JOIN YOU AND WORK WITH YOU AT MGA?

 7  A    I DON'T REMEMBER THAT.

 8  Q    IN ANY EVENT, SHE HAD ENGINEERING EXPERIENCE; CORRECT?

 9  A    YES.

10  Q    AND SHE AT LEAST WORKED AT MATTEL, AS FAR AS YOU KNOW,        03:40

11  THROUGH THE SUMMER OF 2000; CORRECT?

12  A    AGAIN, I'M NOT CERTAIN WHEN MERCEDEH WORKED THERE.

13  Q    YOU ENDED UP USING HER TO WORK WITH HONG KONG TO ASSIST IN

14  MANUFACTURING, OVERSEEING THE MANUFACTURING; CORRECT?

15  A    YES.                                                          03:40

16  Q    NOW, LET ME STEP BACK A BIT AND TALK ABOUT YOUR TIME AT

17  MATTEL.  I'M GOING TO TAKE YOU BACK TO THE TIME BETWEEN

18  JULY 1997 AND APRIL OF 2000.  OKAY?

19          DURING THAT TIME FRAME, THERE WAS A PERIOD OF TIME

20  WHERE YOU DID SOME PLANNING WORK FOR SOMETHING CALLED CHATT        03:41

21  GIRLS.

22  A    I HAD A SMALL AMOUNT OF -- A SHORT PERIOD OF TIME IN

23  RESPONSIBILITIES TO PLANNING.  I'M NOT SURE IF IT WAS REFERRED

24  TO AS CHATT GIRLS OR, LATER, DIVA STARZ.

25  Q    ACTUALLY, CHATT GIRLS WAS AN EARLIER NAME FOR WHAT            03:41
```

Page 563

1   DEVELOPMENT WITH PRAYER ANGELS, I DIDN'T HAVE ANYTHING SPECIFIC

2   THAT I NEEDED HER TO CREATE.  IT WAS A VERY VAGUE ASSIGNMENT

3   AND IT WAS JUST TO ADJUST AS MUCH AS SHE CAN TO CHANGE THE FACE

4   SO THAT IT DOESN'T LOOK AS MUCH LIKE A CABBAGE PATCH.

5   Q    WELL, I'VE ASKED YOU ABOUT THIS JUNE TIME FRAME AND ABOUT

6   MS. MORRIS AND MS. RHEE AND WHAT SHE WAS DOING IN THIS TIME

7   FRAME, SO LET ME ASK YOU THEN ABOUT THE AUGUST TIME FRAME.

8        PREVIOUSLY, YOU WERE SAYING THAT YOU'RE NOT SURPRISED

9   YOU MET WITH MR. LARIAN IN SEPTEMBER BEFORE PREVIOUSLY MEETING

10  WITH MR. BRYANT.  DO YOU RECALL THAT?

11       THAT'S NOT SOMETHING THAT WOULD SURPRISE YOU.

12  A    CORRECT.

13  Q    NOW, YOU TOLD US WHO MS. O'CONNOR IS; SHE'S IN FINANCE; IS

14  THAT RIGHT?

15  A    SHE WAS RESPONSIBLE FOR LICENSING AT MGA.

16  Q    AND ISN'T IT TRUE THAT YOU HAD A MEETING IN AUGUST WITH

17  MS. O'CONNOR AND MR. BRYANT AND YOU?

18  A    I DON'T REMEMBER THAT MEETING.

19  Q    DO YOU RECALL A MEETING WHERE MR. BRYANT SHOWED YOU SOME

20  DRAWINGS AND YOU SHRIEKED AND SAID YOU LOVED THEM?

21  A    I'M SORRY.  CAN YOU PLEASE REPEAT.

22  Q    DO YOU REMEMBER A MEETING WHERE MR. BRYANT SHOWED YOU SOME

23  DRAWINGS AND YOU SHRIEKED AND SAID YOU LOVED THEM?

24  A    YES.

25  Q    AND MS. O'CONNOR HAD SAID BEFORE GOING IN, 'WHATEVER YOU

EXHIBIT B
PAGE 49

MAY 28TH, 2008                    TRIAL DAY 3, AFTERNOON SESSION

6fbf4439-243a-412c-8f57-f08cac3fc32d

577

1   Q    AND WITH RESPECT TO THE HAIR VENDOR, IN SEPTEMBER HE

2   ACTUALLY CONTACTED THE HAIR VENDOR ON YOUR BEHALF TO TALK ABOUT

3   WHAT HAIR TO USE FOR THE BRATZ DOLLS; CORRECT?

4   A    HE CONTACTED THE SARAN HAIR MATERIAL MANUFACTURER, BUT NOT

5   THROUGH MY REQUEST; THAT WAS HIS DECISION.                    05:0(

6   Q    SO YOU DIDN'T KNOW HE WAS ACTUALLY GOING OUT AND FINDING

7   THE HAIR VENDOR THAT YOU WOULD THEN RECOMMEND TO HONG KONG?

8   A    IT'S MY MEMORY THAT I ONLY ASKED HIM FOR HIS

9   RECOMMENDATION.

10          **THE COURT:**  MR. PRICE, WE'RE AT THE END OF THE DAY.    05:0(

11          THE JURY IS EXCUSED FOR THIS EVENING.  REMEMBER THE

12  ADMONITION NOT TO DISCUSS THIS CASE OR RESEARCH OR READ

13  ANYTHING ABOUT IT.

14          I'LL SEE YOU BACK TOMORROW MORNING AT 9:00.

15          (WHEREUPON JURORS DEPART COURTROOM.)                  05:01

16          **THE COURT:**  COUNSEL, I'LL SEE YOU TOMORROW MORNING AT

17  8:30.  WE'RE IN RECESS FOR THE DAY.

18                      CERTIFICATE

19

20  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
21  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE
    ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
22  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.

23

24

25  THERESA A. LANZA, RPR, CSR              5-29-08
    FEDERAL OFFICIAL COURT REPORTER              DATE

EXHIBIT  B

PAGE  50

MAY 28TH, 2008          TRIAL DAY 3, AFTERNOON SESSION

823

1                     UNITED STATES DISTRICT COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3                          EASTERN DIVISION

4                              - - -

5           HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                              - - -                CERTIFIED
                                                      COPY
7     MATTEL, INC.,                        )

8                         PLAINTIFF,       )   NO. CV 04-09049
                                           )
9              VS.                         )   TRIAL DAY 5
                                           )
10    MGA ENTERTAINMENT, INC., ET. AL.,    )   MORNING SESSION
                                           )
11                        DEFENDANTS.      )   PAGES 823-882
      _____)
12    AND CONSOLIDATED ACTIONS,            )
      _____)
13

14

15          REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16                      RIVERSIDE, CALIFORNIA

17                     FRIDAY, MAY 30, 2008

18                          9:09 A.M.

19

20

21

22

23               THERESA A. LANZA, RPR, CSR
                FEDERAL OFFICIAL COURT REPORTER
24                3470 12TH STREET, RM. 134
                RIVERSIDE, CALIFORNIA  92501
25                    951-274-0844
                  WWW.THERESALANZA.COM

EXHIBIT B
PAGE 51

824

```
 1    APPEARANCES:

 2
      ON BEHALF OF MATTEL, INC.:
 3
                           QUINN EMANUEL
 4                         BY:  JOHN QUINN
                                JON COREY
 5                              MICHAEL T. ZELLER
                                HARRY OLIVAR
 6                              TIMOTHY ALGER
                           865 S. FIGUEROA STREET,
 7                         10TH FLOOR
                           LOS ANGELES, CALIFORNIA  90017
 8                         213-624-7707

 9

10    ON BEHALF OF MGA ENTERTAINMENT:

11                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                           BY:  THOMAS J. NOLAN
12                              JASON RUSSELL
                                RAOUL KENNEDY
13                              LAUREN AGUIAR
                                CARL ROTH
14                         300 SOUTH GRAND AVENUE
                           LOS ANGELES, CALIFORNIA  90071-3144
15                         213-687-5000

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT _B_

PAGE _52_

MAY 30, 2008                    TRIAL DAY 5, MORNING SESSION

833

1   VERY, VERY POWERFUL FOR THEIR OWN ABILITY IN THE PROCESS.

2   CARTER BRYANT IS A VERY GOOD FASHION DESIGNER.  HE'S AN AWESOME

3   FASHION DESIGNER.  BUT HE HAD NO ABILITY TO ACTUALLY SEW THE

4   FASHIONS.  HE'S NOT A SEAMSTRESS.  HE DIDN'T KNOW HOW TO

5   TRANSLATE HIS SKETCHES INTO SOMETHING THAT HE COULD SEW AND          09:19

6   MAKE 3-D, SO VERONICA WAS INTEGRAL TO ACTUALLY PULL IT

7   TOGETHER, LITERALLY, YOU KNOW, MAKE IT POSSIBLE TO BE PUT INTO

8   A 3-D FORM, IN A SEWING FORM FOR HIM.

9   Q    DID MR. BRYANT, TO YOUR KNOWLEDGE, HAVE ANY EXPERIENCE IN

10  PATTERN MAKING?                                                     09:20

11  A    NO.

12  Q    AND TO YOUR KNOWLEDGE, WAS MR. BRYANT A SEAMSTRESS?

13  A    NO.

14  Q    HAD HE EVER, TO YOUR KNOWLEDGE, MADE ACTUAL CLOTHES FOR

15  HUMANS OR FOR DOLLS?                                                09:20

16  A    NOT TO MY KNOWLEDGE, NO.

17  Q    YOU WERE SHOWN A NUMBER OF E-MAILS YESTERDAY BY MR. PRICE,

18  WHERE, IN ONE OF THEM, FOR EXAMPLE, YOU HAD CHARACTERIZED, IN

19  AN E-MAIL TO HONG KONG, THE FASHIONS AS BEING FINAL IN LATE

20  OCTOBER.                                                            09:21

21       DO YOU REMEMBER THAT?

22  A    YES.

23  Q    CAN YOU DESCRIBE FOR ME, IN YOUR OWN WORDS, WHY YOU KNOW

24  THAT AS OF LATE OCTOBER, THE FASHIONS FOR BRATZ WERE NOT

25  FINALIZED.                                                          09:21

EXHIBIT B

PAGE 53

MAY 30, 2008               TRIAL DAY 5, MORNING SESSION

```
 1   A    I KNOW, BECAUSE MY MEMORY IS THAT WE WERE WORKING ON THE

 2   FASHIONS FOR BRATZ ALL OF THE WAY THROUGH NOVEMBER, AND EVEN

 3   INTO DECEMBER.  AND, FRANKLY, I REMEMBER WORKING ALL OF THE WAY

 4   UP TO THINKING I WASN'T GOING TO SEE MY CHRISTMAS ON

 5   DECEMBER 25TH, TRYING TO GET ALL OF THE SEWING PATTERNS DONE.      09:21

 6   I REMEMBER THAT WE DIDN'T RELEASE OUR OFFICIAL SWATCH PACKAGES,

 7   WHICH IS THE FORMS THAT INCLUDE THE FINAL FABRICS WE WANTED

 8   HONG KONG TO FIND IN CHINA; SO I'M GOING TO GUESS LATE

 9   NOVEMBER, EARLY DECEMBER, AND THEN SEWING PATTERNS LATE INTO

10   DECEMBER, CLOSE TO CHRISTMAS.                                      09:22

11           MS. AGUIAR:  YOUR HONOR, I'D LIKE TO, WITH YOUR

12   PERMISSION, SHOW COUNSEL AND THEN SHOW THE WITNESS ANOTHER

13   TANGIBLE EXHIBIT.  IT'S 17770.

14           THE COURT:  YOU MAY, COUNSEL.

15   BY MS. AGUIAR:                                                     09:23

16   Q    WOULD YOU DESCRIBE FOR ME WHAT I'VE PLACED THERE, WHICH IS

17   EXHIBIT 17770.

18   A    THIS IS A HUGE PART OF THE HISTORY, BECAUSE THIS ACTUALLY

19   IS THE BINDER THAT INCLUDES ALL OF THE ORIGINAL SWATCHES THAT

20   WE RELEASED.  AND, AGAIN, WHEN I SAY SWATCH, THAT MEANS A CUT      09:23

21   OF FABRIC THAT IDENTIFIED WHAT WE INTENDED TO USE IN THE FINAL

22   FASHIONS FOR THE MANUFACTURED PRODUCT.  SO THESE ARE THE

23   ORIGINAL SWATCH SHEETS THAT INCLUDED ALL OF THE FINAL FABRICS,

24   AS WELL AS THE PAGES THAT HONG KONG RESUBMITTED BACK TO ME WITH

25   FABRICS THEY FOUND IN CHINA; THIS IS THEIR ATTEMPT TO MATCH THE    09:23
```

EXHIBIT __B__    MAY 30, 2008              TRIAL DAY 5, MORNING SESSION

PAGE __54__

```
 1   ORIGINAL FABRICS WE SENT TO THEM.

 2          IF THAT'S NOT TOO CONFUSING.

 3   Q    NO.  IT'S NOT TOO COMPLICATED.

 4          IS THAT A BINDER THAT YOU HAVE SEEN BEFORE?

 5   A    YEAH; IT WAS A PART OF ME FOR THAT PERIOD OF TIME.        09:23

 6   Q    IS IT A BINDER THAT YOU HAD SOME INVOLVEMENT IN PUTTING

 7   TOGETHER?

 8   A    YEAH.  I BELIEVE THIS IS MY BINDER.

 9          MS. AGUIAR:  YOUR HONOR, MOVE INTO EVIDENCE

10   EXHIBIT 17770.                                                09:24

11          THE COURT:  ANY OBJECTION?

12          MR. PRICE:  I HAVEN'T HAD TIME TO LOOK AT EACH PAGE,

13   BUT FOR RIGHT NOW --

14          THE COURT:  LET'S DO THAT.

15          AS YOU REFER TO THE PAGES, WE'LL ADMIT THE PAGES.      09:24

16          MS. AGUIAR:  I ACTUALLY DON'T KNOW THAT THEY CAN BE

17   TAKEN APART.

18          THE COURT:  CAN I TAKE A LOOK AT THAT.

19          MS. AGUIAR:  OH, ABSOLUTELY.  IT'S JUST A DIFFICULT

20   THING TO TAKE APART.                                          09:24

21          THE COURT:  OH, I SEE.

22          THE COURT IS GOING TO ADMIT THIS.

23          MR. PRICE, I'LL GIVE YOU AN OPPORTUNITY TO REVIEW

24   THIS DURING THE BREAK.  IF THERE'S PARTICULAR PAGES THAT YOU

25   OBJECT TO, I'LL GIVE YOU LEAVE TO RENEW YOUR OBJECTION.       09:24
```

EXHIBIT B
PAGE 55

MAY 30, 2008                    TRIAL DAY 5, MORNING SESSION

882



1    PERIOD OR NOT.

2          I'LL CALL THE CRIMINAL MATTER AND SEE HOW LONG IT'S

3    GOING TO TAKE.

4          (CONCLUSION OF MORNING SESSION.)

5

6

7

8

9

10

11

12

13

14

15

16

17                              CERTIFICATE

18

19   I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
20   THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
     ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
21   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
     THE UNITED STATES.
22

23   _____          5-31-08
                                       _____
     THERESA A. LANZA, CSR, RPR             DATE
24   FEDERAL OFFICIAL COURT REPORTER

25

EXHIBIT _B_

PAGE _2e_

MAY 30, 2008                    TRIAL DAY 5, MORNING SESSION

883

1              UNITED STATES DISTRICT COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3                        - - -

4      **HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING**

5                        - - -

6  MATTEL, INC.,                    :  PAGES 883 - 1006
                                    :
7            PLAINTIFF,              :
                                    :
8      VS.                          :  NO. ED CV04-09049-SGL
                                    :  [CONSOLIDATED WITH
9  MGA ENTERTAINMENT, INC.,         :  CV04-9059 & CV05-2727]
   ET AL.,                          :
10                                  :
           DEFENDANTS.              :
11  _____

12

13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16               RIVERSIDE, CALIFORNIA

17              FRIDAY, MAY 30, 2008

18               JURY TRIAL - DAY 5

19               AFTERNOON SESSION

20

21

22  **CERTIFIED**          MARK SCHWEITZER, CSR, RPR, CRR
                          OFFICIAL COURT REPORTER
23  **COPY**              UNITED STATES DISTRICT COURT
                          181-H ROYBAL FEDERAL BUILDING
24                        255 EAST TEMPLE STREET
                          LOS ANGELES, CALIFORNIA 90012
25                        (213) 663-3494

884

1    **Appearances of Counsel:**

2

3    On Behalf of Mattel:

4         Quinn Emanuel
          By John B. Quinn, Esq.
5              B. Dylan Proctor, Esq.
               Michael T. Zeller, Esq.
6              Harry Olivar, Esq.
               John Corey, Esq.
7              Diane Hutnyan, Esq.
               William Price, Esq.
8         855 South Figueroa Street
          10th Floor
9         Los Angeles, CA 90017
          (213) 624-7707
10

11

12   On Behalf of MGA Entertainment:

13        Skadden, Arps, Slate, Meagher & Flom LLP
          By Thomas J. Nolan, Esq.
14             Carl Alan Roth, Esq.
               Jason Russell, Esq.
15             Lauren Aguiar, Esq.
               David Hansen, Esq.
16             Matthew Sloan, Esq.
          300 South Grand Avenue
17        Los Angeles, CA 90071-3144
          (213) 687-5000

18

19

20

21

22

23

24

25

1   Q.   Well, and you explained that it kind of bothered you at
2   the time.   You had reservations.
3              MS. AGUIAR:   Objection.   Mischaracterizes her
4   testimony.
5              THE COURT:   Why don't you rephrase your question,
6   Counsel.
7   Q.   BY MR. PRICE:   Did you say you had reservations about
8   this part, that is, the removable hair?
9   A.   I don't remember my exact words.   I believe I was just
10  unsure of its execution.   I wanted to prove that out.
11  Q.   Because, actually, what happened is MGA tried to be able
12  to do that, and had problems with its production in doing
13  that; correct?
14  A.   I believe the way that it went was that we tried, and
15  Hong Kong was absolutely able to produce it, but the way I
16  remember it is that I didn't like the way it looked in the
17  version that Hong Kong was able to manufacture.
18  Q.   Well, as late as December, you recall that you had done
19  some informal kind of focus groups with girls who weren't
20  crazy about the idea of a bald-headed doll.
21  A.   I don't remember that.
22  Q.   You remember suggesting to Mr. Larian, though, that you
23  were going to try to do this removable head feature to see if
24  it would in fact physically work?
25  A.   I don't remember exactly.

EXHIBIT B

PAGE 59

1006

1

2

3

4

5

6

7               C E R T I F I C A T E

8

9

10            I hereby certify that pursuant to Title 28,

11   Section 753 United States Code, the foregoing is a true and

12   correct transcript of the stenographically reported

13   proceedings in the above matter.

14            Certified on May 30, 2008.

15

16

17          MARK SCHWEITZER, CSR, RPR, CRR
            Official Court Reporter
18          License No. 10514

19

20

21

22

23

24

25

EXHIBIT  B

PAGE  60

Page 1753

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

---

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

---

MATTEL, INC.,                    : PAGES 1753 - 1888
                                 :
          PLAINTIFF,             :
                                 :
     VS.                         : NO. ED CV04-09049-SGL
                                 : [CONSOLIDATED WITH
MGA ENTERTAINMENT, INC.,         : CV04-9059 & CV05-2727]
ET AL.,                          :
                                 :
          DEFENDANTS.            :


REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

FRIDAY, JUNE 6, 2008

JURY TRIAL - DAY 9

AFTERNOON SESSION


                    MARK SCHWEITZER, CSR, RPR, CRR
                    OFFICIAL COURT REPORTER
                    UNITED STATES DISTRICT COURT
                    181-H ROYBAL FEDERAL BUILDING
                    255 EAST TEMPLE STREET
                    LOS ANGELES, CALIFORNIA 90012
                    (213) 663-3494

EXHIBIT B

PAGE 61

Page 1754

1    Appearances of Counsel:

2

3    On Behalf of Mattel:

4         Quinn Emanuel
          By John B. Quinn, Esq.
5             B. Dylan Proctor, Esq.
              Michael T. Zeller, Esq.
6             Harry Olivar, Esq.
              John Corey, Esq.
7             Diane Hutnyan, Esq.
              William Price, Esq.
8         855 South Figueroa Street
          10th Floor
9         Los Angeles, CA 90017
          (213) 624-7707

10

11

12   On Behalf of MGA Entertainment:

13        Skadden, Arps, Slate, Meagher & Flom LLP
          By Thomas J. Nolan, Esq.
14            Carl Alan Roth, Esq.
              Jason Russell, Esq.
15            Lauren Aguiar, Esq.
              David Hansen, Esq.
16            Matthew Sloan, Esq.
          300 South Grand Avenue
17        Los Angeles, CA 90071-3144
          (213) 687-5000

18

19

20

21

22

23

24

EXHIBIT _B_

PAGE _62_

d9029057-99ba-4336-b075-1e3ce6b015b5

1  Q.  At this time these were the names for the Bratz dolls;

2  correct?

3  A.  Most likely, yes.  That's the names we were considering.

4  Q.  And if we look at the categories here.  Down at the

5  bottom it says:  "Pulled from fall 2001 price list dated

6  October 18th."

7        Do you see that?

8  A.  I see that.

9  Q.  And you see here these columns, FOB L.A.?  What's that

10  stand for?

11  A.  Means free on board our Los Angeles warehouse.

12  Q.  And what would that mean to someone who doesn't know

13  anything about the toy industry?

14  A.  Means I have no idea.  Ask Mattel.

15  Q.  I think you -- they aren't on the stand yet.  You could

16  explain to the jury what free on board means.

17  A.  Means what I just said, for example, you have

18  merchandise in warehouse.  You have warehouse in Rialto.  And

19  Wal-Mart comes to pick up merchandise.  When they order, they

20  bring a truck to pick up the merchandise.  They bring their

21  own truck.  And we give them the merchandise in their truck.

22  That means FOB, basically from that moment on, it's their

23  product.

24  Q.  So --

25  A.  They own it.  I don't know if I explained it right.

EXHIBIT B

PAGE 63

d9029057-99ba-4336-b075-1e3ce6b015b5

Page 2118

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

- - -

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

- - -

MATTEL, INC.,                    )
                                 )
              PLAINTIFF,         )
                                 )
        VS.                      )  NO. CV 04-09049
                                 )
MGA ENTERTAINMENT, INC., ET. AL.,)
                                 )
              DEFENDANTS.        )  TRIAL DAY 11
_____)  MORNING SESSION
AND CONSOLIDATED ACTIONS,        )  PAGES 2118-2225
                                 )


REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

RIVERSIDE, CALIFORNIA

WEDNESDAY, JUNE 11, 2008

9:02 A.M.


THERESA A. LANZA, RPR, CSR
FEDERAL OFFICIAL COURT REPORTER
3470 12TH STREET, RM. 134
RIVERSIDE, CALIFORNIA  92501
951-274-0844

EXHIBIT B

PAGE 14

Page 2119

```
 1    APPEARANCES:

 2
      ON BEHALF OF MATTEL, INC.:
 3
                          QUINN EMANUEL
 4                        BY:   JOHN QUINN
                                JON COREY
 5                              MICHAEL T. ZELLER
                                HARRY OLIVAR
 6                              TIMOTHY ALGER
                          865 S. FIGUEROA STREET,
 7                        10TH FLOOR
                          LOS ANGELES, CALIFORNIA  90017
 8

 9

10    ON BEHALF OF MGA ENTERTAINMENT:

11                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          BY:   THOMAS J. NOLAN
12                              JASON RUSSELL
                                RAOUL KENNEDY
13                              LAUREN AGUIAR
                                CARL ROTH
14                        300 SOUTH GRAND AVENUE
                          LOS ANGELES, CALIFORNIA  90071-3144
15                        213-687-5000

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT _B_

3ff7c67c-2e2a-4b6a-8c3b-471fbbc4f05e

Page 2167

1    REVENUE THAT WE WOULD GET FOR BRATZ.

2    Q    IN ANY EVENT, IN THESE CONVERSATIONS THAT YOU HAD WITH

3    MR. BRYANT, ONE OF THE THINGS YOU SAID TO HIM WAS, 'THINK ABOUT

4    ALL OF THE MONEY YOU'RE GOING TO MAKE BECAUSE YOU'RE GOING TO

5    GET A ROYALTY OF 3 PERCENT'; CORRECT?

6    A    I TOLD HIM, 'THINK ABOUT ALL OF THE MONEY YOU'RE GOING TO

7    GET,' THAT'S RIGHT.  'AND YOU'RE GOING TO GET A 3 PERCENT

8    ROYALTY.'

9    Q    SO IN HAVING THE DISCUSSIONS, IN TRYING TO GET HIM TO SIGN

10   WITH MGA AND LEAVE MATTEL, YOU TOLD HIM, ONE, 'YOU'RE GOING TO

11   GET AN ADVANCE ON ROYALTY'; CORRECT?

12   A    THAT'S RIGHT.

13   Q    AND, TWO, 'YOU SHOULD THINK ABOUT ALL OF THE ROYALTY

14   YOU'RE GOING TO MAKE ON THIS'; CORRECT?

15   A    I DID.

16   Q    AND, IN FACT, AROUND THAT TIME FRAME, YOUR ESTIMATE AS TO

17   THE REVENUES FOR BRATZ IN JUST THE FIRST YEAR WAS ABOUT

18   $25 MILLION; RIGHT?

19   A    THAT'S CORRECT.

20   Q    SO FOR THAT FIRST YEAR ALONE, MR. BRYANT'S ROYALTY WOULD

21   BE ABOUT -- EXPECTED, NOT ACTUAL -- WOULD BE ABOUT 3 PERCENT OF

22   $25 MILLION; CORRECT?

23   A    THAT'S CORRECT.  EXPECTED.

24   Q    YOU'RE PROBABLY AS BAD AT MATH AS I AM.

25          DO YOU KNOW WHAT 3 PERCENT OF $25 MILLION WOULD BE?

EXHIBIT _B_

PAGE _66_

3ff7c67c-2e2a-4b6a-8c3b-471fbbc4f05e

1   A    I'M NOT AS BAD AS YOU ARE.  I THINK IT'S $750,000.

2   Q    SO IN TRYING TO CONVINCE MR. BRYANT TO SIGN WITH MGA AND

3   LEAVE MATTEL, IN YOUR DISCUSSIONS WITH HIM, YOU SAID HE SHOULD

4   EXPECT TO GET SOMEWHERE AROUND $750,000 FOR THE YEAR 2001.

5   A    NO.  I EXPECTED HIM TO GET A 3 PERCENT ROYALTY ON THE

6   PRODUCT THAT WE BRING TO THE MARKET AND SELL.  AND THAT'S WHAT

7   HE GOT, AGAINST THE ADVANCES HE WAS RECEIVING.

8   Q    BUT AS YOU SAID, YOU EXPECTED THAT TO BE ABOUT $25

9   MILLION.

10  A    THAT WAS MY FORECAST, AND NOT ALL OF MY FORECASTS HAVE

11  COME TRUE.

12  Q    BUT I'M JUST TALKING ABOUT TRYING TO CONVINCE MR. BRYANT

13  TO LEAVE MATTEL AND JOIN MGA.

14        ONE OF THE THINGS YOU SAID TO HIM WAS, 'WE FORECAST

15  $25 MILLION, OR A LOT OF SALES, AND YOU SHOULD THINK ABOUT ALL

16  OF THE MONEY YOU'RE GOING TO MAKE FROM THOSE SALES.'

17  A    WE DID NOT.  TO THE BEST OF MY RECOLLECTION, WE NEVER TOLD

18  HIM THAT WE'RE GOING TO FORECAST $25 MILLION.  THIS WAS AN

19  INTERNAL FORECAST THAT WE DO FOR OUR SALES REPORT, TO HAVE A

20  BUDGETED PLAN.  BUT I DID TELL HIM THAT HE SHOULD THINK ABOUT

21  THE ROYALTIES HE WILL MAKE ON THIS LINE IF IT BECOMES

22  SUCCESSFUL.

23  Q    AND THAT'S BECAUSE, IN YOUR VIEW, THE ROYALTIES ON THE

24  LINE WERE GOING TO DWARF THESE ADVANCES OF $5,500 PER MONTH, OR

25  $5,000 PER MONTH; CORRECT?

EXHIBIT B

PAGE 67

2708

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3              EASTERN DIVISION

4                 - - -

5   HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                 - - -

7   MATTEL, INC.,                    )

8                      PLAINTIFF,    )

9          VS.                       )   NO. CV 04-09049

10  MGA ENTERTAINMENT, INC., ET. AL.,)

11                     DEFENDANTS.   )   TRIAL DAY 14
                                     )   MORNING SESSION
12  AND CONSOLIDATED ACTIONS,        )   PAGES 2708-2817
                                     )

13

14

15     REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17             TUESDAY, JUNE 17, 2008

18                 8:47 A.M.

19

20

21

22

23             THERESA A. LANZA, RPR, CSR
             FEDERAL OFFICIAL COURT REPORTER
24             3470 12TH STREET, RM. 134
             RIVERSIDE, CALIFORNIA  92501
25                951-274-0844
                WWW.THERESALANZA.COM

**CERTIFIED COPY**

EXHIBIT B

PAGE 68

2709

```
 1   APPEARANCES:

 2
     ON BEHALF OF MATTEL, INC.:
 3
                         QUINN EMANUEL
 4                       BY:   JOHN QUINN
                               JON COREY
 5                             MICHAEL T. ZELLER
                               HARRY OLIVAR
 6                             TIMOTHY ALGER
                         865 S. FIGUEROA STREET,
 7                       10TH FLOOR
                         LOS ANGELES, CALIFORNIA   90017
 8

 9

10   ON BEHALF OF MGA ENTERTAINMENT:

11                       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                         BY:   THOMAS J. NOLAN
12                             JASON RUSSELL
                               RAOUL KENNEDY
13                             LAUREN AGUIAR
                               CARL ROTH
14                       300 SOUTH GRAND AVENUE
                         LOS ANGELES, CALIFORNIA   90071-3144
15                       213-687-5000

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT B

PAGE 69

TUESDAY, JUNE 17, 2008                    TRIAL DAY 14, MORNING SESSION

2764

1  FASHIONS AND THINGS LIKE THAT.

2  Q    BUT YOU'RE NOT TALKING ABOUT JUST THE DRAWINGS THERE;

3  YOU'RE ACTUALLY TALKING ABOUT TRANSLATING YOUR DRAWINGS INTO A

4  THREE-DIMENSIONAL OBJECT; CORRECT?

5  A    RIGHT.                                                      10:21

6  Q    WE HAD EARLIER BEEN TALKING ABOUT THE TEEN SKIPPER BARBIE

7  WHICH YOU DESIGNED.

8  A    YES.

9  Q    IF YOU WOULD LOOK AT EXHIBIT 11245, THE SECOND PAGE.

10        I GUESS MY QUESTION IS THIS:  ARE YOU AWARE -- THIS     10:22

11  IS DATED OCTOBER 31ST.  IT'S ALREADY IN EVIDENCE.  I DON'T KNOW

12  IF YOU RECEIVED THIS E-MAIL, BUT I'M WONDERING -- WERE YOU

13  AWARE THAT MGA HAD SENT TO HONG KONG, IN AN ATTEMPT TO HELP

14  THEM COME UP WITH THE BRATZ DESIGN, A SKIPPER DOLL?

15        **MR. NOLAN:**  YOUR HONOR, OBJECTION.  LACK OF          10:22

16  FOUNDATION WHETHER OR NOT HE'S EVER SEEN THIS.

17        **THE COURT:**  SUSTAINED.

18  BY MR. PRICE:

19  Q    I'M JUST ASKING IN GENERAL, ARE YOU AWARE THAT IN THE

20  OCTOBER 2000 TIME FRAME, THAT MGA HAD SENT TO HONG KONG, MGA'S  10:23

21  FACILITY, A SKIPPER DOLL?

22  A    I DON'T REMEMBER THAT.

23  Q    DID YOU ASSIST IN ACTUALLY GOING OUT AND GETTING THE

24  SKIPPER DOLL THAT WAS THEN SENT TO HONG KONG?

25  A    I DON'T REMEMBER DOING THAT, NO.                          10:23

EXHIBIT B

PAGE 10

TUESDAY, JUNE 17, 2008          TRIAL DAY 14, MORNING SESSION

2817

1

2

3                              CERTIFICATE

4

5    I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
6    THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE
     ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
7    CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
     THE UNITED STATES.

8

9    _____          6-18-08
                                                _____
10   THERESA A. LANZA, RPR, CSR                      DATE
     OFFICIAL COURT REPORTER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

TUESDAY, JUNE 17, 2008                TRIAL DAY 14, MORNING SESSION

1                    UNITED STATES DISTRICT COURT

2                   CENTRAL DISTRICT OF CALIFORNIA

3                              ---

4       **HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING**

5                              ---

6    MATTEL, INC.,                    :    PAGES 3033 - 3190
                                      :
7              PLAINTIFF,             :
                                      :
8         VS.                         :    NO. ED CV04-09049-SGL
                                      :    [CONSOLIDATED WITH
9    MGA ENTERTAINMENT, INC.,         :    CV04-9059 & CV05-2727]
     ET AL.,                          :
10                                    :
               DEFENDANTS.            :
11   _____

12

13

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                   RIVERSIDE, CALIFORNIA

17               WEDNESDAY, JUNE 18, 2008

18                  JURY TRIAL - DAY 15

19                   AFTERNOON SESSION

20

21

22                             MARK SCHWEITZER, CSR, RPR, CRR
                               OFFICIAL COURT REPORTER
23     CERTIFIED                UNITED STATES DISTRICT COURT
                               181-H ROYBAL FEDERAL BUILDING
24      COPY                   255 EAST TEMPLE STREET
                               LOS ANGELES, CALIFORNIA 90012
25                             (213) 663-3494

EXHIBIT B

PAGE 12

3034

```
 1   Appearances of Counsel:

 2


 3   On Behalf of Mattel:

 4        Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
          By John B. Quinn, Esq.
 5            B. Dylan Proctor, Esq.
              Michael T. Zeller, Esq.
 6            Harry Olivar, Esq.
              John Corey, Esq.
 7            Diane Hutnyan, Esq.
              William Price, Esq.
 8        855 South Figueroa Street
          10th Floor
 9        Los Angeles, CA 90017
          (213) 624-7707
10

11

12   On Behalf of MGA Entertainment:

13        Skadden, Arps, Slate, Meagher & Flom LLP
          By Thomas J. Nolan, Esq.
14            Carl Alan Roth, Esq.
              Jason Russell, Esq.
15            Lauren Aguiar, Esq.
              David Hansen, Esq.
16            Matthew Sloan, Esq.
              Robert Herrington, Esq.
17        300 South Grand Avenue
          Los Angeles, CA 90071-3144
18        (213) 687-5000

19   On Behalf of Carter Bryant
          Keker & Van Nest
20        By:   Christa Anderson, Esq.
                Michael H. Page, Esq.
21        710 Sansome Street
          San Francisco, CA 94111-1704
22        (415) 391-5400

23

24

25
```

EXHIBIT _B_

PAGE _73_

3101

1   Q.   By the way, getting back to MGA's knowledge about what

2   you were doing in September, I want to put up what's been

3   marked as Exhibit 18, and this is an e-mail from

4   Ms. Treantafelles, September 27, to Hong Kong, where it says

5   the very last page of this binder indicates preferred hair

6   vendor, contact name, address, and phone number.

7           You came to know who Franki Tsang and Judy Fich

8   were?

9               MR. NOLAN:   Objection.   Foundation.

10              THE COURT:   Sustained.

11  Q.   BY MR. PRICE:   Let me ask you this.   The preferred

12  vendor, hair vendor, that MGA identified to Hong Kong was the

13  one you found; right?

14  A.   I don't know.   I don't remember ever seeing this e-mail

15  before.

16  Q.   Well, the hair vendor MGA used was the one you located;

17  right?

18  A.   Eventually, yes.

19  Q.   Does this refresh your recollection that in September,

20  you told Ms. Garcia here's who I want you to use as the

21  vendor, Universal?

22  A.   I'm not sure I said exactly that.   I just said, you

23  know, I just said that I know these people have a nice

24  product.

25  Q.   And you shared the hair samples with Ms. Garcia?

EXHIBIT B

PAGE 74

3190

1

2          (Proceedings concluded at 5:50 P.M.)

3

4

5

6

7                    C E R T I F I C A T E

8

9

10          I hereby certify that pursuant to Title 28,

11   Section 753 United States Code, the foregoing is a true and

12   correct transcript of the stenographically reported

13   proceedings in the above matter.

14          Certified on June 18, 2008.

15

16

17   MARK SCHWEITZER, CSR, RPR, CRR
     Official Court Reporter
18   License No. 10514

19

20

21

22

23

24

25

EXHIBIT B

PAGE 75

3822

1             UNITED STATES DISTRICT COURT

2            CENTRAL DISTRICT OF CALIFORNIA

3                     ---

4    HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

5                     ---

6    MATTEL, INC.,                :    PAGES 3822 - 3880
                                  :
7             PLAINTIFF,          :
                                  :
8        VS.                      :    NO. ED CV04-09049-SGL
                                  :    [CONSOLIDATED WITH
9    MGA ENTERTAINMENT, INC.,     :    CV04-9059 & CV05-2727]
     ET AL.,                      :
10                                :
              DEFENDANTS.         :
11   _____:

12

13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17             TUESDAY, JULY 1, 2008

18             JURY TRIAL - DAY 18

19             AFTERNOON SESSION

20

21

22                              MARK SCHWEITZER, CSR, RPR, CRR
                                OFFICIAL COURT REPORTER
23                              UNITED STATES DISTRICT COURT
                                181-H ROYBAL FEDERAL BUILDING
24                              255 EAST TEMPLE STREET
                                LOS ANGELES, CALIFORNIA 90012
25                              (213) 663-3494

CERTIFIED COPY

3823

```
 1  Appearances of Counsel:

 2

 3  On Behalf of Mattel:

 4      Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
        By John B. Quinn, Esq.
 5          B. Dylan Proctor, Esq.
            Michael T. Zeller, Esq.
 6          Harry Olivar, Esq.
            John Corey, Esq.
 7          Diane Hutnyan, Esq.
            William Price, Esq.
 8      855 South Figueroa Street
        10th Floor
 9      Los Angeles, CA 90017
        (213) 624-7707
10

11

12  On Behalf of MGA Entertainment:

13      Skadden, Arps, Slate, Meagher & Flom LLP
        By Thomas J. Nolan, Esq.
14          Carl Alan Roth, Esq.
            Jason Russell, Esq.
15          Lauren Aguiar, Esq.
            David Hansen, Esq.
16          Matthew Sloan, Esq.
            Robert Herrington, Esq.
17      300 South Grand Avenue
        Los Angeles, CA 90071-3144
18      (213) 687-5000

19

20

21

22

23

24

25
```

EXHIBIT B

PAGE 77

1    identified as opportunities for improvement at Mattel?

2    A.    I remember the biggest one was in the area of leadership

3    development, training programs in building leadership

4    capabilities.

5    Q.    And what was the opportunity that you saw?

6    A.    I don't remember the specific score, but it was lower

7    than I had hoped.  So it was one of the things we worked on

8    over the next several years to do a better job for employees

9    in that area.

10    Q.    Do you recall ever being advised or reviewing any

11    surveys that reported back that marketing was too involved in

12    product development?

13    A.    No, I don't remember that.

14    Q.    Do you ever recall any survey results suggesting that

15    Mattel was scared and defensive about Barbie, its premiere

16    brand?

17            MR. QUINN:  Your Honor, object.  It's irrelevant.

18            THE COURT:  Sustained.

19    Q.    BY MR. NOLAN:  Mr. Eckert, Mr. Price asked this question

20    of Mr. Larian.  By the way, do you know Isaac Larian?

21    A.    No, I do not.

22    Q.    You've never met him?

23    A.    That's correct.

24    Q.    How long -- I mean, is MGA competing with Mattel?

25    A.    Yes, it is.

EXHIBIT B

PAGE 78

1    Q.   BY MR. NOLAN:   Sure.   Is it your understanding that the

2    My Scene sub-brand competes with Bratz?

3    A.   My belief is that all of the dolls in the fashion doll

4    category are competitive with one another.

5    Q.   So that would include Barbie?

6    A.   As being competitive with?

7    Q.   Bratz.

8    A.   Yes, I believe that's true.

9    Q.   And what about -- are you familiar with a doll called

10   Princess?   The Princess line?

11   A.   I'm familiar with several princess doll lines.

12   Q.   And are any of those products made by Disney?

13   A.   We produce some dolls for Disney under the Disney

14   Princess brand, yes.

15   Q.   Now, does Disney also offer for sale the Disney Princess

16   line that you are the licensee for?

17   A.   That's the line I was just referring to, yes.

18   Q.   So Disney distributes it as well as you distributing it

19   as a licensee of Disney; correct?

20   A.   Yes, Disney distributes it, for example, in the Disney

21   stores.   We distribute it, for example, in Toys-R-Us or

22   Wal-Mart or Target.

23   Q.   Do you agree with me that the Disney Princess doll

24   distributed by Disney competes with the Disney Princess doll

25   that you distributed -- you distribute for Disney; correct?

EXHIBIT B
PAGE 79

3880

# C E R T I F I C A T E

10      I hereby certify that pursuant to Title 28,

11   Section 753 United States Code, the foregoing is a true and

12   correct transcript of the stenographically reported

13   proceedings in the above matter.

14          Certified on July 1, 2008.


_____
MARK SCHWEITZER, CSR, RPR, CRR
Official Court Reporter
License No. 10514

EXHIBIT _B_

PAGE _80_

3881

1           UNITED STATES DISTRICT COURT

2           CENTRAL DISTRICT OF CALIFORNIA

3               EASTERN DIVISION

4                 - - -

5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                 - - -           CERTIFIED
                                    COPY

7   MATTEL, INC.,                 )
                                  )
8              PLAINTIFF,         )
                                  )
9       VS.                       )   NO. CV 04-09049
                                  )
10  MGA ENTERTAINMENT, INC., ET. AL., )
                                  )
11             DEFENDANTS.        )   TRIAL DAY 19
                                  )   MORNING SESSION
12  AND CONSOLIDATED ACTIONS,     )   PAGES 3881-4021
                                  )

13

14

15     REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17            WEDNESDAY, JULY 2, 2008

18                 8:48 A.M.

19

20

21

22

23            THERESA A. LANZA, RPR, CSR
          FEDERAL OFFICIAL COURT REPORTER
24          3470 12TH STREET, RM. 134
            RIVERSIDE, CALIFORNIA  92501
25               951-274-0844
            WWW.THERESALANZA.COM

EXHIBIT  B

PAGE  81

WEDNESDAY, JULY 2, 2008          TRIAL DAY 19, MORNING SESSION

3882

```
 1  APPEARANCES:

 2
    ON BEHALF OF MATTEL, INC.:
 3
                         QUINN EMANUEL
 4                       BY:  JOHN QUINN
                              JON COREY
 5                             MICHAEL T. ZELLER
                               HARRY OLIVAR
 6                             TIMOTHY ALGER
                         865 S. FIGUEROA STREET,
 7                       10TH FLOOR
                         LOS ANGELES, CALIFORNIA  90017
 8

 9

10  ON BEHALF OF MGA ENTERTAINMENT:

11                       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                         BY:  THOMAS J. NOLAN
12                            JASON RUSSELL
                              RAOUL KENNEDY
13                            LAUREN AGUIAR
                              CARL ROTH
14                       300 SOUTH GRAND AVENUE
                         LOS ANGELES, CALIFORNIA  90071-3144
15                       213-687-5000

16
    ON BEHALF OF THIRD-PARTY DEFENDANT PETER MARLOW:
17
                         LAW OFFICES OF STEVEN M. GOLDSOBEL
18                       BY:   STEVEN M. GOLDSOBEL
                         1900 AVENUE OF THE STARS
19                       SUITE 1800
                         LOS ANGELES, CA  90067
20                       310-552-4848

21

22

23

24

25
```

EXHIBIT B
PAGE 82

WEDNESDAY, JULY 2, 2008                 TRIAL DAY 19, MORNING SESSION

4002

```
 1              MR. QUINN:  OBJECTION.  VAGUE; RELEVANCE.

 2              THE COURT:  SUSTAINED ON VAGUENESS.

 3              REPHRASE, COUNSEL.

 4   BY MR. NOLAN:

 5   Q    DID YOU HAVE A VIEW AS TO WHETHER OR NOT COMPETITORS SUCH     11:52

 6   AS BRATZ WAS OUTEXECUTING AND OUTTHINKING THE BARBIE TEAM?

 7              MR. QUINN:  OBJECTION.  TIME FRAME.

 8              THE COURT:  COUNSEL?

 9              MR. NOLAN:  IN 2001.

10              THE COURT:  TAKE IT FROM THE TOP.                       11:53

11   BY MR. NOLAN:

12   Q    BRATZ WAS ENTERED IN 2001; CORRECT?

13   A    IN SPAIN, YES.

14   Q    IT CAME TO YOUR ATTENTION THAT IN SPAIN, BRATZ WAS TAKING

15   MARKET SHARE AWAY FROM BARBIE; CORRECT?                           11:5

16   A    IN 2001, YES.

17   Q    AND DID IT COME TO YOUR ATTENTION AT THAT TIME THAT THE

18   REASON WHY BRATZ WAS TAKING MARKET SHARE AWAY FROM BARBIE WAS

19   THAT THE BARBIE TEAM WAS BEING OUTTHOUGHT AND OUTEXECUTED BY

20   BRATZ?                                                            11:5

21   A    IN SPAIN IN 2001?

22   Q    YES.

23   A    I DON'T REMEMBER REACHING THAT CONCLUSION.

24   Q    HAVE YOU EVER REACHED THAT CONCLUSION?

25              MR. QUINN:  EXCUSE ME.  TIME FRAME?                     11:5
```

EXHIBIT B

PAGE 83

4003

1        **THE COURT:**  WITH RESPECT TO THAT PARTICULAR TIME

2   FRAME?

3        **MR. NOLAN:**  YES.

4        **THE WITNESS:**  DID I EVER REACH THE CONCLUSION IN

5   SPAIN IN 2001 THAT THE BARBIE TEAM WAS OUTEXECUTED OR -- NO, I      11:54

6   DON'T RECALL.  I DON'T RECALL EVER REACHING THAT CONCLUSION.

7   BY MR. NOLAN:

8   Q    WELL, WE'VE TALKED ABOUT SPAIN.  NOW I WANT TO TALK

9   DOMESTICALLY IN THE UNITED STATES.  YOU KNOW THAT BRATZ ENTERED

10  THE UNITED STATES IN APPROXIMATELY AUGUST OF 2001.  DO YOU        11:5‹

11  RECALL THAT?

12  A    NO, I DON'T.  I WOULD HAVE THOUGHT IT CAME TO THE U.S.

13  LATER.

14  Q    WHEN DO YOU BELIEVE THAT BRATZ CAME TO THE UNITED STATES?

15  A    I DON'T HAVE -- I DON'T REMEMBER A SPECIFIC TIME.           11:5‹

16  Q    WAS IT YEARS AFTER IT HAD BEEN INTRODUCED IN SPAIN?

17  A    I BELIEVE IT WAS AFTER IT WAS INTRODUCED IN SPAIN.  BUT I

18  DON'T THINK IT WAS YEARS AFTER, NO.

19  Q    WHEN IT WAS INTRODUCED IN THE UNITED STATES, WAS IT

20  BROUGHT TO YOUR ATTENTION THAT BRATZ WAS TAKING MARKET SHARE      11:5‹

21  AWAY FROM BARBIE IN SALES IN THE UNITED STATES?

22        **MR. QUINN:**  YOUR HONOR, OBJECTION, BECAUSE IT'S NOT

23  LIMITED TO THE TIME FRAME THAT WAS DISCUSSED.

24        **MR. NOLAN:**  2001, YOUR HONOR.

25        **THE COURT:**  VERY WELL.                                 11:5

XHIBIT _B_

ʾAGE _84_

WEDNESDAY, JULY 2, 2008              TRIAL DAY 19, MORNING SESSION

4004

```
 1              YOU MAY ANSWER.

 2              THE WITNESS:  IN 2001 IN THE UNITED STATES?

 3   BY MR. NOLAN:

 4   Q    YES.  IN 2001, IN THE UNITED STATES, ISN'T IT TRUE THAT

 5   BRATZ WAS TAKING MARKET SHARE AWAY FROM BARBIE?              11:55

 6              MR. QUINN:  ALSO IRRELEVANT, YOUR HONOR.

 7              THE COURT:  OVERRULED.

 8              YOU MAY ANSWER.

 9              THE WITNESS:  IT'S POSSIBLE IF BRATZ WERE INTRODUCED

10   IN THE UNITED STATES IN 2001.                               11:55

11   BY MR. NOLAN:

12   Q    WERE YOU AT THE NEW YORK TOY FAIR WHEN BRATZ WAS NAMED TOY

13   OF THE YEAR FOR 2001?

14              MR. QUINN:  ASSUMES FACTS NOT IN EVIDENCE.

15              THE COURT:  SUSTAINED AS PHRASED.                 11:56

16              REPHRASE, COUNSEL.

17   BY MR. NOLAN:

18   Q    DO YOU KNOW, SIR, WHETHER OR NOT BRATZ, THE BRAND, THE

19   DOLL, WAS EVER NAMED TOY OF THE YEAR?

20   A    BY THE TOY INDUSTRY ASSOCIATION?                        11:5

21   Q    YES.

22   A    YES, I DO.

23   Q    AND DO YOU RECALL WHEN THAT OCCURRED?

24   A    NO, I DON'T.

25   Q    WERE YOU PRESENT AT THAT CEREMONY?                      11:5
```

EXHIBIT B
PAGE 85

WEDNESDAY, JULY 2, 2008                    TRIAL DAY 19, MORNING SESSION

4021

1          **MS. AGUIAR:**  BUT THERE WOULD BE LESS THAN ASKING

2     EVERY SINGLE QUESTION, I WOULD JUST ASK HIM TO EXPLAIN TO YOU

3     HIS TESTIMONY, AND THEN MR. COREY WOULD BE ABLE TO FOLLOW UP ON

4     THAT.

5          **THE COURT:**  VERY WELL.                                    12:18

6          LET'S GET BACK TOGETHER IN ABOUT TEN OR 15 MINUTES.

7          (WHEREUPON A BRIEF RECESS WAS HELD.)

8          (MORNING SESSION CONCLUDED. )

9

10

11

12

13

14

15                            CERTIFICATE

16

17    I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
      STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
18    THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE
      ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
19    CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
      THE UNITED STATES.
20

21

22    THERESA A. LANZA, RPR, CSR            7-3-08
      OFFICIAL COURT REPORTER               DATE

23

24

25

Page 4642

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

---

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

---

| | | |
|---|---|---|
| MATTEL, INC., | : | PAGES 4642 - 4763 |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| VS. | : | NO. ED CV04-09049-SGL |
| | : | [CONSOLIDATED WITH |
| MGA ENTERTAINMENT, INC., | : | CV04-9059 & CV05-2727] |
| ET AL., | : | |
| | : | |
| DEFENDANTS. | : | |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

TUESDAY, JULY 8, 2008

JURY TRIAL - DAY 21

AFTERNOON SESSION

MARK SCHWEITZER, CSR, RPR, CRR
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
181-H ROYBAL FEDERAL BUILDING
255 EAST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012
(213) 663-3494

EXHIBIT B

PAGE 87

Page 4643

1    Appearances of Counsel:

2

3    On Behalf of Mattel:

4        Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
         By John B. Quinn, Esq.
5            B. Dylan Proctor, Esq.
             Michael T. Zeller, Esq.
6            Harry Olivar, Esq.
             John Corey, Esq.
7            Diane Hutnyan, Esq.
             William Price, Esq.
8        855 South Figueroa Street
         10th Floor
9        Los Angeles, CA 90017
         (213) 624-7707

10

11

12   On Behalf of MGA Entertainment:

13       Skadden, Arps, Slate, Meagher & Flom LLP
         By Thomas J. Nolan, Esq.
14           Carl Alan Roth, Esq.
             Jason Russell, Esq.
15           Lauren Aguiar, Esq.
             David Hansen, Esq.
16           Matthew Sloan, Esq.
             Robert Herrington, Esq.
17       300 South Grand Avenue
         Los Angeles, CA 90071-3144
18       (213) 687-5000

19

20

21

22

23

24

EXHIBIT B

PAGE 88

1    that question in the abstract, not knowing all the elements,

2    but I guess all I would say --

3            THE COURT:  I just listed all of the elements

4    except the harm.

5            MR. RUSSELL:  I understand that.

6            THE COURT:  And the circumstances of this

7    particular case, not in the abstract, but based on the

8    evidence in this case that you have available to argue in

9    closing, how could you possibly argue that there was no harm,

10   assuming the jury finds all of those factors?

11           I've tried to put myself back to where I was when I

12   made this finding on the motion for summary judgment.  And if

13   you find all of those elements, assume those to be true, how

14   could there not be harm?

15           MR. RUSSELL:  Well, given that you've assumed the

16   last element that follows --

17           THE COURT:  Put that aside.  Just take the first

18   four.

19           MR. RUSSELL:  So that you've got a contract.

20           THE COURT:  You have a contract.  You have

21   Mr. Larian and MGA knowing of the contract.  You have

22   Mr. Larian and MGA intending to disrupt the performance under

23   the contract.  And finally, you have the conduct of MGA and

24   Mr. Larian actually preventing performance under the

25   contract.  How could you possibly not have harm, at some

EXHIBIT B

PAGE 89

measure, the measure of which is damages, and we'll reserve that for 1-B.

So that's not relevant to establishing the tort itself. But in terms of the element of having some harm or detriment or negative effect, how could you possibly argue that it's not --

MR. RUSSELL: Setting to the side the transfer of the ownership of Bratz, which has been preempted out, I guess what I would say is it could very well be the case that there was no harm to Mattel from all of those things being true because Mr. Mattel -- Mr. Bryant could leave at any time. They didn't have any expectation that he was going to remain an employee.

THE COURT: That's that at-will issue, which is a red herring. The Court's already dispensed with that.

MR. RUSSELL: I agree with you that --

THE COURT: It's not about his employment. It's about the inventions agreement. It's assuming that they interfered in the inventions agreement, not intervening in his employment contract. If in fact Mr. Larian -- and I'll just use him as a substitute for MGA -- knew about the inventions agreement, interfered with the inventions agreement, and actually interfered with it, because that's what the element is, that he has to actually interfere with it. In other words, get Carter Bryant to violate the

1     for any period of time.  He could have quit and left the

2     office that day.

3             So it could be a technical violation of the

4     inventions agreement.

5             THE COURT:  Now let me put the question to Mr. --

6     given that that theoretical issue is not what you're going to

7     be arguing, it's not what you're seeking by this trial, that

8     it's all about the inventions clause, it's all about the

9     drawings, or not all about it, but a big portion of it, and

10    that has a clear manifest, I don't think there's anyone in

11    this room that would suggest that to the extent that an

12    invention or a design or a drawing or conception is in fact

13    induced or aided and abetted in violation of the inventions

14    agreement, is induced or aided and abetted by MGA, that there

15    would not be a manifest showing of harm, what's the concern

16    here?

17            MR. ZELLER:  Well, I think the concern is that we

18    have a situation where the jury is instructed here are the X

19    number of elements, and, you know, they, as presumably most

20    juries work, they go down these element by element and say

21    what's been satisfied here.  And then they get to the element

22    of harm, and then they say well, you know, there really

23    hasn't been anything on this.

24            THE COURT:  You are arguing conversion.  You are

25    arguing -- these inventions.  As far as they know, they

EXHIBIT  B

PAGE  91

Page 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

- - -

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

- - -

MATTEL, INC.,                          )
                                       )
                    PLAINTIFF,         )
                                       )
         VS.                           )   NO. ED CV 04-09049
                                       )   (LEAD LOW NUMBER)
MGA ENTERTAINMENT, INC., ET. AL.,      )
                                       )
                    DEFENDANTS.        )   JURY INSTRUCTION
_____)   CONFERENCE
AND CONSOLIDATED ACTIONS,              )
                                       )


REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

WEDNESDAY, JULY 9, 2008

1:39 P.M.


THERESA A. LANZA, RPR, CSR
FEDERAL OFFICIAL COURT REPORTER
3470 12TH STREET, RM. 134
RIVERSIDE, CALIFORNIA  92501
951-274-0844

EXHIBIT  B

PAGE  92

Page 2

1    APPEARANCES:

2

3

     ON BEHALF OF MATTEL:
4

                          QUINN EMANUEL
5                         BY:   MIKE ZELLER
                          BY:   DYLAN PROCTOR
6                         865 S. FIGUEROA STREET,
                          10TH FLOOR
7                         LOS ANGELES, CALIFORNIA   90017
                          213-624-7707
8

9

     ON BEHALF OF MGA ENTERTAINMENT:
10

                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
11                        BY:   THOMAS J. NOLAN
                          BY:   LAUREN AGUIAR
12                        300 SOUTH GRAND AVENUE
                          LOS ANGELES, CALIFORNIA   90071-3144
13                        213-687-5000

14

15

16

17

18

19

20

21

22

23

24

25   EXHIBIT B

     PAGE 93

1    THE COURT:  YES.

2           MR. ZELLER:  -- RATHER THAN "TO LOYALTY."

3           INSTRUCTION NUMBER 29, ELEMENT FOUR, PAGE 33, "THAT

4    MATTEL WAS HARMED" -- I THINK WE OUGHT TO PICK UP ON THAT

5    SIMILAR LANGUAGE ELSEWHERE IN SOME WAY.

6           THE COURT:  I DIDN'T PUT IT THERE.  I'M TRYING TO

7    BALANCE BETWEEN -- I'M NOT GIVING THE INSTRUCTION "AS A MATTER

8    OF LAW," WHICH I DO UNDERSTAND THAT YOU BELIEVE YOU'RE ENTITLED

9    TO, SINCE THE COURT HAS FOUND ALREADY ON HARM.

10          I'M TRYING TO ADDRESS THE PRACTICAL CONCERN THAT YOU

11   RAISED YESTERDAY BY GIVING YOU THAT LANGUAGE.

12          MY UNDERSTANDING IS, THAT'S NOT AN ISSUE, THOUGH, IN

13   THE CONVERSION CLAIM, AND THE COURT NEVER REACHED A FINDING OF

14   HARM ON THE CONVERSION CLAIM, AND THAT ONE IS WIDE OPEN.  I

15   DIDN'T THINK IT WAS NECESSARY THERE.

16          AM I MISSING SOMETHING?

17          MR. ZELLER:  NO.  I THINK THAT HELPS ME UNDERSTAND

18   WHY THERE WAS DIFFERENT LANGUAGE IN THOSE.

19          THE COURT:  IT WAS INTENTIONAL.

20          MR. ZELLER:  PART OF IT WAS JUST IN THE EVENT THAT IF

21   SOMEONE IN THE JURY WAS SCRUTINIZING THE LANGUAGE THAT THEY

22   WOULD SEE THERE WAS A DIFFERENT AND PERHAPS READ MORE INTO IT.

23          THE COURT:  AGAIN, THE ELEMENT OF HARM, ASSUMING THAT

24   THEY FIND THAT PROPERTY WAS TAKEN, SEEMS PRETTY SELF-EVIDENT TO

25   THE COURT, GIVEN THE NATURE OF THE PROPERTY.  BUT IF IT TRULY

EXHIBIT B

PAGE 94

1  WAS DE MINIMIS, THEN YOU WOULD WANT THE JURY TO FIND ON THAT

2  ELEMENT; SO I THINK IT'S APPROPRIATE AS IT IS.

3           ANYTHING ELSE?

4           MR. ZELLER:  NO.  I THINK THAT COVERS IT WITH RESPECT

5  TO THE JURY INSTRUCTIONS.  I KNOW WE HAVE A COUPLE OF COMMENTS

6  ON THE VERDICT FORM.

7           THE COURT:  WE'LL GO TO THAT.  LET'S GET THROUGH THE

8  JURY INSTRUCTIONS FIRST.

9           MR. NOLAN, YOU MAY TAKE IT FROM THE TOP, OR IN

10  WHATEVER ORDER YOU WANT TO.

11           MR. NOLAN:  LET'S GO BACK TO THE BEGINNING, JURY

12  INSTRUCTION NUMBER 2, WHERE YOU MADE THE CHANGE; THIS IS AT

13  PAGE 2 OF INSTRUCTION NUMBER 2, LINE 12.

14           THE COURT:  YES.

15           MR. NOLAN:  I WOULD ASK THE COURT THAT -- I THINK THE

16  BETTER WAY TO STATE THIS NOW WOULD BE "BUT IN CIVIL TRIALS SUCH

17  AS THIS ONE, THE PARTY WHO IS REQUIRED TO PROVE SOMETHING BY

18  PREPONDERANCE OF THE EVIDENCE NEEDS TO PROVE THAT IT IS MORE

19  LIKELY TO BE TRUE THAN NOT TRUE."

20           THE COURT:  YOU WANT TO TAKE OUT THE WORD "ONLY"?

21           MR. NOLAN:  RIGHT.  I THINK IT'S ARGUMENTATIVE.  I

22  THINK IT DIMINISHES FROM THE STANDARD OF PREPONDERANCE OF THE

23  EVIDENCE, AND IT'S ALMOST A COMMENT THAT IT IS NOT VERY MUCH.

24           THE COURT:  THE NINTH CIRCUIT JURY INSTRUCTION

25  COMMITTEE THAT PUT THIS TOGETHER REASONED THAT THE WORD "ONLY"

5490

1              UNITED STATES DISTRICT COURT

2             CENTRAL DISTRICT OF CALIFORNIA

3                        ---

4     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

5                        ---

6   MATTEL, INC.,                 :   PAGES 5490 - 5576
                                  :
7             PLAINTIFF,          :
                                  :
8        VS.                      :   NO. ED CV04-09049-SGL
                                  :   [CONSOLIDATED WITH
9   MGA ENTERTAINMENT, INC.,      :   CV04-9059 & CV05-2727]
    ET AL.,                       :
10                                :
             DEFENDANTS.          :
11  _____:

12

13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16               RIVERSIDE, CALIFORNIA

17             WEDNESDAY, JULY 23, 2008

18               JURY TRIAL - DAY 27

19                AFTERNOON SESSION

20

21

22                          MARK SCHWEITZER, CSR, RPR, CRR
                            OFFICIAL COURT REPORTER
23                          UNITED STATES DISTRICT COURT
                            181-H ROYBAL FEDERAL BUILDING
24                          255 EAST TEMPLE STREET
                            LOS ANGELES, CALIFORNIA 90012
25                          (213) 663-3494

CERTIFIED
COPY

EXHIBIT B

PAGE 96

5491

```
 1 │ Appearances of Counsel:
   │
 2 │
   │
 3 │ On Behalf of Mattel:
   │
 4 │      Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
   │      By John B. Quinn, Esq.
 5 │        B. Dylan Proctor, Esq.
   │        Michael T. Zeller, Esq.
 6 │        Harry Olivar, Esq.
   │        John Corey, Esq.
 7 │        Diane Hutnyan, Esq.
   │        William Price, Esq.
 8 │      855 South Figueroa Street
   │      10th Floor
 9 │      Los Angeles, CA 90017
   │      (213) 624-7707
10 │
   │
11 │
   │
12 │ On Behalf of MGA Entertainment:
   │
13 │      Skadden, Arps, Slate, Meagher & Flom LLP
   │      By Thomas J. Nolan, Esq.
14 │        Carl Alan Roth, Esq.
   │        Jason Russell, Esq.
15 │        Lauren Aguiar, Esq.
   │        David Hansen, Esq.
16 │        Matthew Sloan, Esq.
   │        Robert Herrington, Esq.
17 │      300 South Grand Avenue
   │      Los Angeles, CA 90071-3144
18 │      (213) 687-5000
   │
19 │
   │
20 │
   │
21 │
   │
22 │
   │
23 │
   │
24 │
   │
25 │
```

EXHIBIT B

PAGE 97

1  they are preempted. And that's an entirely different

2  argument than the one that was made on the telephone

3  conference Monday evening and the one that was made before

4  lunch, which said that disgorgement of profits and the one

5  that was made at sidebar -- and I've reviewed the transcripts

6  on this. The argument that you've been pressing is that

7  disgorgement of profits is not an appropriate or not the

8  right measure of damages. That's just not true.

9  MR. NOLAN: To the extent that the Court -- you're

10  right, your Honor. To the extent that I framed the issue

11  that way, it was wrong. But it was not unfounded in the

12  context of how we've been arguing this on the --

13  THE COURT: Now I will address the issue of the

14  JMOL, and I'm going to defer final ruling on this, as I

15  indicated, until the trial is over because frankly, I think

16  further briefing needs to be done on both sides of the issue.

17  What was submitted is pursuant to the Court's directions, a

18  rather limited briefing on that, but frankly, the preemption

19  issue on the fiduciary duty, the Del Madera case I don't

20  think blocks the claim at this point. That's my tentative

21  thoughts. There is a clear additional element, that extra

22  element that I found on the Motion for Summary Judgment here,

23  and that's namely the confidential relationship, the

24  fiduciary relationship that's established by section 1 of the

25  contract, and that's what's been established in the first

EXHIBIT B

PAGE 98

Page 5497

1    phase of the trial.

2            I think there's sufficient evidence of that.

3    That's my tentative thoughts.  I will revisit this at the

4    end, but it certainly does not interfere at this point, given

5    the jury's clear finding in pursuing these remedies.

6            Mr. Zeller?

7            MR. ZELLER:  I don't really have anything to add,

8    your Honor.  It's just that if the Court is interested, I can

9    certainly provide additional authority on the appropriateness

10   of the remedy, including in addition to the restatement,

11   there are a number of cases that I looked at --

12           THE COURT:  I just found one quickly.  There's no

13   authority to the contrary.  So that's a red herring as far as

14   the Court is concerned at this point.  The preemption

15   argument I don't think goes anywhere in light of the long

16   string of California cases which clearly hold that a breach

17   of fiduciary duty and a -- the elements of the breach of

18   fiduciary duty render it separate and apart from a claim for

19   copyright infringement, assuming that the breach and the duty

20   are established.  Those were the elements given to the jury,

21   and I think there's sufficient evidence to support that.

22           Outside of that, I don't know if there's anything

23   else left to argue here.

24           MR. NOLAN:  No, your Honor.  We'll submit it.

25           THE COURT:  Very well.  And the objection on that

```
 1   said, is the Bratz name itself.  And the --
 2           MR. PRICE:  Objection, your Honor.  That is a
 3   misstatement.
 4           MR. NOLAN:  Your Honor, trademark is not an issue.
 5           MR. PRICE:  The jury's findings, your Honor.
 6           THE COURT:  Sidebar.
 7           (SIDEBAR CONFERENCE HELD.)
 8           THE COURT:  Trademark is not an issue, that is
 9   correct.  But the Bratz name is part of what was claimed or
10   was awarded by the jury to Mattel in the first phase.
11           MR. NOLAN:  Only that he conceived of the idea --
12   or the name Bratz.
13           THE COURT:  The name and the conception both went
14   to Mattel.
15           MR. NOLAN:  But, your Honor, that doesn't go to the
16   trademark issue.
17           THE COURT:  There is no trademark issue.
18           MR. NOLAN:  I know.  We own the trademark.  They
19   never went after the trademark.  This is a hearing that we
20   had before the start of the trial.  We own the trademark.
21           THE COURT:  I understand that.
22           MR. NOLAN:  That's the point that I'm making.
23           THE COURT:  Counsel?
24           MR. ZELLER:  Your Honor, the problem is that he is
25   misstating the law.  And part of it is because trademark is
```

5576

7                    C E R T I F I C A T E

10          I hereby certify that pursuant to Title 28,

11  Section 753 United States Code, the foregoing is a true and

12  correct transcript of the stenographically reported

13  proceedings in the above matter.

14          Certified on July 23, 2008.

17  MARK SCHWEITZER, CSR, RPR, CRR
    Official Court Reporter
18  License No. 10514

EXHIBIT B

PAGE 101

```
1                 UNITED STATES DISTRICT COURT

2                CENTRAL DISTRICT OF CALIFORNIA

3                      EASTERN DIVISION

4                         -  -  -

5          HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                         -  -  -

7    MATTEL, INC.,                    )
                                      )
8                        PLAINTIFF,   )
                                      )
9              VS.                    )   NO. CV 04-09049
                                      )
10   MGA ENTERTAINMENT, INC., ET. AL., )
                                      )
11                       DEFENDANTS.  )   TRIAL DAY 29
     _____)   MORNING SESSION
12   AND CONSOLIDATED ACTIONS,        )   PAGES 5722-5814
                                      )

13

14

15         REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16                   RIVERSIDE, CALIFORNIA

17                 TUESDAY, AUGUST 5, 2008

18                       8:41 A.M.

19

20

21

22

23             THERESA A. LANZA, RPR, CSR

              FEDERAL OFFICIAL COURT REPORTER

24              3470 12TH STREET, RM. 134

              RIVERSIDE, CALIFORNIA  92501

25                  951-274-0844

                WWW.THERESALANZA.COM
```

EXHIBIT B

PAGE 102

```
 1    APPEARANCES:
 2
      ON BEHALF OF MATTEL, INC.:
 3
                          QUINN EMANUEL
 4                        BY:   JOHN QUINN
                                JON COREY
 5                                MICHAEL T. ZELLER
                                  WILLIAM PRICE
 6                        865 S. FIGUEROA STREET,
                          10TH FLOOR
 7                        LOS ANGELES, CALIFORNIA   90017
 8
 9
      ON BEHALF OF MGA ENTERTAINMENT:
10
                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
11                        BY:   THOMAS J. NOLAN
                                RAOUL KENNEDY
12                                LAUREN AGUIAR
                                  CARL ROTH
13                        300 SOUTH GRAND AVENUE
                          LOS ANGELES, CALIFORNIA   90071-3144
14                        213-687-5000
15
16
17
18
19
20
21
22
23
24
25
```

EXHIBIT _B_

PAGE _103_

1    YOUR DELIBERATION ROOM.  THAT WAY, YOU CAN USE THEM, THEY'RE

2    CONVENIENT, THEY'RE CLOSE TO YOU, AND THEY WILL BE AVAILABLE TO

3    YOU.

4         SO THAT'S WHAT WE'RE GOING TO DO.

5         AT THIS TIME, I'M GOING TO ASK COUNSEL TO SET FORTH

6    ON THE RECORD THE STIPULATION CONCERNING THESE VARIOUS

7    EXHIBITS.

8         MR. QUINN:  MGA ENTERTAINMENT, INC.; MGA HK LIMITED;

9    AND ISAAC LARIAN, THE MGA PARTIES, ON THE ONE HAND, AND MATTEL,

10   INC., ON THE OTHER HAND, BY AND THROUGH THEIR COUNSEL OF

11   RECORD, HEREBY STIPULATE AS FOLLOWS:

12        ONE:  MATTEL AND MGA OFFER THE BRATZ DOLLS AND OTHER

13   MGA PRODUCTS IDENTIFIED IN THE ATTACHED EXHIBIT A INTO

14   EVIDENCE.

15        AND, YOUR HONOR, THAT EXHIBIT A HAS BEEN PROVIDED TO

16   THE COURT.  IT'S THE LIST OF PRODUCTS AND EXHIBIT NUMBERS.

17        TWO:  THE BRATZ DOLLS AND OTHER MGA PRODUCTS

18   INTRODUCED AT TRIAL ARE A REPRESENTATIVE SAMPLE OF ALL BRATZ

19   DOLLS AND OTHER MGA PRODUCTS, INCLUDING LICENSED PRODUCTS.

20        THREE:  THE MGA PARTIES WILL NOT CONTEND THAT MATTEL

21   HAS FAILED TO MEET ITS BURDEN IN ANY RESPECT BY FAILING TO

22   INTRODUCE OTHER BRATZ DOLLS OR MGA PRODUCTS, INCLUDING LICENSED

23   PRODUCTS.

24        FOUR:  THESE STIPULATED FACTS SHALL BE READ TO THE

25   JURY.

EXHIBIT  B

1      THE COURT:  VERY WELL.

2          AND WITH RESPECT TO EXHIBIT A, WHICH HAS ALL OF THE

3   EXHIBITS -- AS I UNDERSTAND IT, THOSE ARE ALL OF THE EXHIBITS

4   THAT ARE IN COURTROOM NUMBER 4 OF THIS COURTHOUSE.  THE

5   PARTIES, I KNOW, HAVE SPENT A LOT OF TIME REVIEWING THOSE

6   PRODUCTS, AND BOTH PARTIES ARE REPRESENTING TO THE COURT THAT

7   LIST AND THOSE PRODUCTS CORRESPOND.

8          IS THAT CORRECT?

9          MR. QUINN:  THAT'S CORRECT, YOUR HONOR.

10          THE COURT:  FROM MGA, YOU JOIN IN THE STIPULATION, AS

11   WELL AS THE REPRESENTATION CONCERNING THE PRODUCTS?

12          MS. AGUIAR:  WE DO.

13          THE COURT:  VERY WELL.

14          AT THIS TIME, COUNSEL ARE INVITED TO COME UP TO THE

15   COURTROOM.  THE VERY FIRST ROW, THE FIRST BENCH, IS FOR

16   COUNSEL, AND THEN EVERYTHING BEHIND THAT IS FOR EVERYBODY ELSE.

17   I KNOW IT'S GOING TO BE A LITTLE BIT CROWDED, BUT WE'RE GOING

18   TO GO UP.  YOU SHOULD USE THE ELEVATOR OUT HERE, THE PUBLIC

19   ELEVATORS.  GO TO THE FOURTH FLOOR.  AGAIN, THE FIRST ROW IS

20   FOR COUNSEL, AND THEN EVERYTHING BEHIND THAT WILL BE OPEN.

21          NOBODY IS TO SAY ANYTHING DURING THIS PROCESS,

22   INCLUDING THE JURORS.  AND WHEN THE JURORS ARE FINISHED

23   LOOKING, THEY CAN HAVE A SEAT IN THE JURY BOX IN THAT ROOM.

24   ONCE ALL OF THE JURORS HAVE SEATED DOWN, I'LL THEN ESCORT YOU

25   BACK DOWN HERE AND WE'LL RESUME WITH TESTIMONY.

EXHIBIT _B_

PAGE _105_

1   Q NOW, ALL OF THE MGA PRODUCTS THAT YOU SAW IN THE COURTROOM

2   UPSTAIRS AND THEN THAT THE JURY SAW WERE DESIGNED BY MGA HERE

3   IN THE UNITED STATES; IS THAT CORRECT?

4   A THAT IS CORRECT, IN COLLABORATION WITH SOME OF OUR HONG

5   KONG TEAM.

6   Q BUT AS I UNDERSTAND IT, PART OF THE DESIGN WORK IS DONE

7   MOSTLY HERE IN THE U.S.

8   A THAT'S CORRECT.

9   Q AND THAT DESIGN WORK INCLUDES MAKING DRAWINGS AND OTHER

10   REPRODUCTIONS OF THE BRATZ DOLLS AND OTHER PRODUCTS?

11   A CAN YOU SAY THAT AGAIN.

12   Q YES. THE DESIGN WORK WE'RE TALKING ABOUT THAT'S DONE HERE

13   IN THE U.S., WE'RE TALKING ABOUT CREATING DRAWINGS; CORRECT?

14   A WELL, ONCE THERE'S BEEN SOME STUDY IN THE MARKETPLACE, YOU

15   KNOW, AND BRAINSTORMING, YES, THEN DRAWINGS ARE MANIFESTED FROM

16   THAT.

17   Q AND YOU ALSO MAKE OTHER REPRODUCTIONS THAT ARE DEVELOPED

18   AND DESIGNED IN THE U.S. OF BRATZ DOLLS AS PART OF THAT

19   DEVELOPMENT PROCESS.

20   A YES. PART OF THE DEVELOPMENT PROCESS INCLUDES GOING INTO

21   DIFFERENT TYPES OF DEVELOPMENT.

22   Q AND ONCE THAT DESIGN WORK IS COMPLETED AND SIGNED OFF ON

23   HERE IN THE UNITED STATES, THEN THE DESIGN IS SENT OVER TO THE

24   FAR EAST, TO HONG KONG, FOR PRODUCTION; CORRECT?

25   A YES; THAT IS CORRECT.

EXHIBIT _B_

PAGE _106_

6048

1                    UNITED STATES DISTRICT COURT

2                   CENTRAL DISTRICT OF CALIFORNIA

3                              - - -

4        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

5                              - - -

6   MATTEL, INC.,                 :   PAGES 6048 - 6190
                                   :
7           PLAINTIFF,             :
                                   :
8      VS.                         :   NO. ED CV04-09049-SGL
                                   :   [CONSOLIDATED WITH
9   MGA ENTERTAINMENT, INC.,       :   CV04-9059 & CV05-2727]
    ET AL.,                        :
10                                 :
            DEFENDANTS.            :
11  _____:

12

13

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                  RIVERSIDE, CALIFORNIA

17               WEDNESDAY, AUGUST 6, 2008

18                 JURY TRIAL - DAY 30

19                  AFTERNOON SESSION

20

21

22                          MARK SCHWEITZER, CSR, RPR, CRR
                            OFFICIAL COURT REPORTER
23                          UNITED STATES DISTRICT COURT
                            181-H ROYBAL FEDERAL BUILDING
24                          255 EAST TEMPLE STREET
                            LOS ANGELES, CALIFORNIA 90012
25                          (213) 663-3494

CERTIFIED COPY

6049

1   **Appearances of Counsel:**

2

3   On Behalf of Mattel:

4       Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
        By John B. Quinn, Esq.
5           B. Dylan Proctor, Esq.
            Michael T. Zeller, Esq.
6           Harry Olivar, Esq.
            John Corey, Esq.
7           Diane Hutnyan, Esq.
            William Price, Esq.
8       855 South Figueroa Street
        10th Floor
9       Los Angeles, CA 90017
        (213) 624-7707

10

11

12  On Behalf of MGA Entertainment:

13      Skadden, Arps, Slate, Meagher & Flom LLP
        By Thomas J. Nolan, Esq.
14          Carl Alan Roth, Esq.
            Jason Russell, Esq.
15          Lauren Aguiar, Esq.
            David Hansen, Esq.
16          Matthew Sloan, Esq.
            Robert Herrington, Esq.
17      300 South Grand Avenue
        Los Angeles, CA 90071-3144
18      (213) 687-5000

19

20

21

22

23

24

25

EXHIBIT B

PAGE 108

 1  A.    I'm sorry.  Can you repeat that again?

 2  Q.    Sure.  It's accurate to say that Nevra, your other Bratz

 3  character that you created, looks more like the first four

 4  Bratz dolls than the Mini Trendy Teenz doll?

 5           MR. NOLAN:  Objection, your Honor.  403.  Also

 6  calls for legal conclusion with respect to Hong Kong.

 7           THE COURT:  Overruled.

 8           THE WITNESS:  I'm sorry.  Can you repeat the

 9  question?

10           THE COURT:  You're not asking under Hong Kong

11  standards.

12           MR. PRICE:  No.

13  Q.    You'll agree that Nevra, that new Bratz character, looks

14  more like the original four Bratz dolls than the Mini Trendy

15  Teenz doll?

16  A.    But Nevra looks different than the first original four

17  Bratz dolls, but it does have more similarity to the first

18  four Bratz dolls than what we're seeing there on the screen.

19  Q.    And maybe you could just turn that around.  I don't know

20  how well the jury can see that.

21           It's true that this other Bratz character, Nevra,

22  for example, has the same oversized head as the original four

23  Bratz dolls; correct?

24  A.    It does.

25  Q.    It has -- in fact, it's the exact same sculpt, facial

EXHIBIT 8

PAGE 109

6190

1          Court is in recess.

2              (Proceedings concluded at 5:12 P.M.)

3

4

5                  C E R T I F I C A T E

6

7

8          I hereby certify that pursuant to Title 28,

9    Section 753 United States Code, the foregoing is a true and

10   correct transcript of the stenographically reported

11   proceedings in the above matter.

12             Certified on August 6, 2008.

13

14

15         MARK SCHWEITZER, CSR, RPR, CRR
               Official Court Reporter
16             License No. 10514

17

18

19

20

21

22

23

24

25

EXHIBIT B

PAGE 110

6627

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3                    ---

4     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

5                    ---

6  MATTEL, INC.,                  :  PAGES 6627 - 6744
                                  :
7           PLAINTIFF,            :
                                  :
8     VS.                         :  NO. ED CV04-09049-SGL
                                  :  [CONSOLIDATED WITH
9  MGA ENTERTAINMENT, INC.,       :  CV04-9059 & CV05-2727]
   ET AL.,                        :
10                                :
            DEFENDANTS.           :
11  _____   :

12

13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17             FRIDAY, AUGUST 8, 2008

18              JURY TRIAL - DAY 32

19               AFTERNOON SESSION

20

21

22                          MARK SCHWEITZER, CSR, RPR, CRR
                            OFFICIAL COURT REPORTER
23                          UNITED STATES DISTRICT COURT
                            181-H ROYBAL FEDERAL BUILDING
24                          255 EAST TEMPLE STREET
                            LOS ANGELES, CALIFORNIA 90012
25                          (213) 663-3494

**CERTIFIED COPY**

EXHIBIT B

PAGE 111

Page 6628

1    Appearances of Counsel:

2

3    On Behalf of Mattel:

4        Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
         By John B. Quinn, Esq.
5            B. Dylan Proctor, Esq.
             Michael T. Zeller, Esq.
6            Harry Olivar, Esq.
             John Corey, Esq.
7            Diane Hutnyan, Esq.
             William Price, Esq.
8        855 South Figueroa Street
         10th Floor
9        Los Angeles, CA 90017
         (213) 624-7707
10

11

12   On Behalf of MGA Entertainment:

13       Skadden, Arps, Slate, Meagher & Flom LLP
         By Thomas J. Nolan, Esq.
14           Carl Alan Roth, Esq.
             Jason Russell, Esq.
15           Lauren Aguiar, Esq.
             David Hansen, Esq.
16           Matthew Sloan, Esq.
             Robert Herrington, Esq.
17       300 South Grand Avenue
         Los Angeles, CA 90071-3144
18       (213) 687-5000

19

20

21

22

23

24

25

EXHIBIT _B_

PAGE _112_

57e285fd-704f-48fc-9058-dc433e15ae50

1        THE COURT:  Very well.

2        (Whereupon the videotaped deposition excerpts

3        of Bryan Armstrong, as provided by counsel, were

4        played for the jury as follows:)

5  Q.  Could you please tell us your full name for the record.

6  A.  Bryan Joseph Armstrong, with a Y.

7  Q.  How long have you been employed by MGA?

8  A.  Since November 3rd, 2003.

9  Q.  What is your title there?

10  A.  Senior paralegal.

11  Q.  Have you ever had the title senior trademark paralegal?

12  A.  Sometimes my title gets morphed into that, yeah.

13  Q.  Just generally speaking, and I don't want you to

14  disclose, you know, communications that you have with -- with

15  MGA lawyers, but if you could tell me, just generally

16  speaking, what your responsibilities have been while at MGA?

17  A.  Generally, my responsibilities are to maintain the

18  records for the company's intellectual property

19  registrations, that being patents, trademarks, copyrights, to

20  do the day-to-day work on trademark on those registrations.

21  Q.  Take a look at the second page of Exhibit 491.

22  You'll see from the first paragraph that this

23  agreement pertains to, quote, "certain artwork for use in a

24  style guide based upon and derived from MGA's line of doll

25  products which are produced under the name 'Bratz'" --

EXHIBIT B

PAGE 113

6654

| | | |
|---|---|---|
| 1 | **A.** | Yeah, I see that. |
| 2 | **Q.** | End quote. |
| 3 | **A.** | Yes, I see that. |

4  **Q.**  Do you have any reason to dispute that in agreement

5  relates to a style guide that was based upon and derived from

6  MGA's line of dolls sold or produced under the name Bratz?

7  **A.**  No, I don't dispute it.

8  **Q.**  Do you have any knowledge or information as to when any

9  kind of work was first done on that style guide that was the

10  compilation for licensed products that you mentioned?

11  **A.**  No.

12  **Q.**  So you don't know whether that work was started in 2000

13  versus 2001; is that correct?

14  **A.**  That's correct.

15  **Q.**  Directing your attention back to the second page of

16  Exhibit 491. The sentence we were talking about with respect

17  to, quote, certain artwork for use in a style guide based

18  upon and derived from MGA's line of doll products which are

19  produced under the name of Bratz, end quote.

20  Do you see that?

21  **A.**  Yes.

22  **Q.**  What's your understanding of what "based upon and

23  derived from MGA's line of doll products" means?

24  **A.**  Well, I believe that it refers to the -- the initial

25  Bratz doll line: Cloe, Jade, Yasmin, and Sasha.

EXHIBIT B

PAGE 114

6655

1  Q.  And that the style guide was based upon those dolls?

2  A.  Yes.

3  Q.  Is it true that MGA's style guides with respect to Bratz

4  are based upon the dolls?

5  A.  Yes.

6  Q.  And I believe you may have touched upon this earlier,

7  but the style guides are -- are put together to be provided

8  to licensees; is that correct?

9  A.  That's correct.

10  Q.  And the style guides provide, well, the guide that the

11  licensees follow in connection with the use of Bratz on a

12  licensed product. Is that true?

13  A.  That's true.

14  Q.  Do you recognize Exhibit 513 as a copyright registration

15  that MGA obtained on or about December 22nd, 2003, from the

16  U.S. copyright office?

17  A.  Yes.

18  Q.  And this is a registration that MGA obtained for a work

19  called Bratz group drawing?

20  A.  Yes.

21  Q.  Is the group drawing that's the subject of this

22  registration the last page of Exhibit 513?

23  A.  Yes.

24  Q.  Is this a drawing that Carter Bryant made?

25  A.  Yes.

EXHIBIT B

PAGE 115

6656

1   **Q.**   Do you recognize Exhibit 565 as a copyright registration

2   that MGA obtained from the copyright office on or about March

3   25th, 2002, as it pertained to a Bratz doll sculpture?

4   **A.**   Yes.

5   **Q.**   Do you recognize Exhibit 566 as a correction form that

6   MGA submitted to the copyright office on or about March 28th,

7   2005, as it pertained to this Bratz doll's sculpture

8   registration that we previously marked as Exhibit 565?

9   **A.**   Yes.

10  **Q.**   Do you recognize Exhibit 567 as the registration form

11  for a Bratz Passion for Fashion packaging style guide from

12  the fall of 2006 that MGA obtained from the copyright office

13  on or about January 25th, 2006?

14  **A.**   Yes, I do.

15  **Q.**   Do you know what the deposit materials were for

16  Exhibit 567?

17  **A.**   Yes, it was a style guide.

18  **Q.**   Do you recognize what we marked as Exhibit 568?

19  **A.**   Yes.

20  **Q.**   This is the certificate of registration form for Bratz

21  Rock Angelz packaging style guide fall 2005 that MGA obtained

22  from the copyright office on or about January 25th, 2006?

23  **A.**   Yes, it is.

24  **Q.**   Do you recognize Exhibit 569 as a copyright registration

25  that MGA obtained from the copyright office on or about

EXHIBIT  B

PAGE  116

1   January 25th, 2006, as it pertains to the Bratz Genie Magic

2   style guide?

3   **A.**   Yes, I do.

4   **Q.**   Do you recognize Exhibit 570 as a copyright registration

5   for form that MGA obtained from the U.S. copyright office on

6   for about January 25th, 2006, as it pertained to the Bratz

7   Genie Magic packaging style guy in spring of 2006?

8   **A.**   Yes.

9   **Q.**   Do you recognize Exhibit 571 as a copyright registration

10   that MGA obtained from the U.S. Copyright Office on or about

11   January 25th, 2006?

12   **A.**   Yes.

13   **Q.**   And that was a registration that pertains to the Bratz

14   Passion for Fashion style guide?

15   **A.**   Yes.

16   **Q.**   Do you recognize Exhibit 572 as a copyright registration

17   that MGA obtained from the U.S. Copyright Office on or about

18   February 1st, 2006?

19   **A.**   Yes.

20   **Q.**   And this is one that pertains to the Bratz Camp Fire

21   packaging style guide for holiday of 2005?

22   **A.**   Yes.

23   **Q.**   Do you recognize Exhibit 573 as a copyright registration

24   for the Bratz Ooh, La La packaging style guide Holiday 2005

25   that MGA obtained from the U.S. Copyright Office on or about

1   February 1st, 2006?

2   A.   Yes.

3   Q.   Do you recognize Exhibit 574 as a copyright registration

4   that MGA obtained from the copyright office on or about

5   March 19, 2004?

6   A.   Yes.

7   Q.   And this is a registration for the Bratz purse style

8   guide?

9   A.   Yes.

10  Q.   Do you recognize Exhibit 576 as a compilation of

11  correction forms that MGA submitted to the U.S. Copyright

12  Office in connection with various style guide registrations

13  it had previously obtained?

14  A.   Yes.

15  Q.   Are all of these correction forms that MGA submitted to

16  the U.S. copyright office in or about July of 2007?

17  A.   Yes.

18  Q.   Do you recognize Exhibit 577?

19  A.   Yes.

20  Q.   Is this the correction form for the articulated Bratz

21  doll sculpt registration that you talked about earlier today?

22  A.   Yes.

23          (Conclusion of deposition excerpts.)

24          MR. ZELLER:   Your Honor, I have some exhibits to

25  move in.

EXHIBIT _B_

PAGE _118_

6663

```
 1          (CONCLUSION OF SIDEBAR CONFERENCE.)
 2          MR. QUINN:  Next witness, your Honor, Sarah Chui.
 3          (Whereupon the videotaped deposition excerpts
 4          of Sarah Chui, as provided by counsel, were
 5          played for the jury as follows:)
 6   Q.   When did you start working for MGA?
 7   A.   It was September 1st, 1999.
 8   Q.   What was your job title at that time?
 9   A.   Product designer.
10   Q.   Has your job title changed since then?
11   A.   Yes.
12   Q.   What is it now?
13   A.   Now it's design director.
14   Q.   What is MGA Hong Kong's role in the production of Bratz
15   dolls?
16   A.   Production.
17          THE INTERPRETER:  Production.
18   Q.   And what do you mean by production?
19   A.   To follow up on the project and also follow up with the
20   factory on the mass -- in the area of mass production.
21   Q.   Okay.  So when it comes to the Bratz dolls, the designs
22   for the dolls are coming from Los Angeles, and MGA Hong Kong
23   is involved in reproducing and mass producing the dolls?
24   A.   I would say so.
25   Q.   Are you aware of any design work that was done -- design
```

EXHIBIT _B_

PAGE _119_

1  hair were also completely changed.

2  **Q.** How was Lupe's face changed from the drawings that you

3  showed Mr. Larian?

4  **A.** I believe it was just given a slightly softer look.

5  **Q.** And how was that done? Bigger nose, smaller nose, wider

6  eyes? Can you describe for us how that softer look

7  manifested itself?

8  **A.** I don't know. I mean, again, as I said, I'm not a face

9  painter. I just said, you know, what I suggested that maybe

10  we could make the face look, you know, a little bit softer.

11  **Q.** Do you believe that the Bratz doll line has a similar --

12  that all the dolls in the Bratz -- do you believe that all

13  the dolls in the Bratz doll line have a similar appearance?

14  **A.** Well, if you're talking about -- what exactly are you

15  talking about? Are you referring to the fashions, the dolls

16  themselves?

17  **Q.** Say the dolls themselves.

18  **A.** Yes, they are similar.

19  **Q.** Do you believe that all the Bratz dolls have an overall

20  similar appearance?

21  **A.** Again, if you're just talking about the doll, without

22  any fashions or accessories or anything like that, then yes,

23  they're similar.

24  **Q.** How about the fashions? Do you believe that there's an

25  overall similar appearance to the Bratz fashions?

EXHIBIT B
PAGE 120

6744

1

2

3

4

5

6

7                    C E R T I F I C A T E

8

9

10          I hereby certify that pursuant to Title 28,

11    Section 753 United States Code, the foregoing is a true and

12    correct transcript of the stenographically reported

13    proceedings in the above matter.

14          Certified on August 8, 2008.

15

16

17          MARK SCHWEITZER, CSR, RPR, CRR
            Official Court Reporter
18          License No. 10514

19

20

21

22

23

24

25

EXHIBIT B

PAGE 121

6856

1                UNITED STATES DISTRICT COURT

2               CENTRAL DISTRICT OF CALIFORNIA

3                     - - -

4       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

5                     - - -

6   MATTEL, INC.,           :   PAGES 6856 - 7046

7         PLAINTIFF,       :

8    VS.                :   NO. ED CV04-09049-SGL
                         :   [CONSOLIDATED WITH

9   MGA ENTERTAINMENT, INC.,   :   CV04-9059 & CV05-2727]
   ET AL.,             :

10                      :

         DEFENDANTS.     :

11

12

13

14

15        REPORTER'S TRANSCRIPT OF PROCEEDINGS

16           RIVERSIDE, CALIFORNIA

17         TUESDAY, AUGUST 12, 2008

18          JURY TRIAL - DAY 33

19           AFTERNOON SESSION

20

21

22         MARK SCHWEITZER, CSR, RPR, CRR
           OFFICIAL COURT REPORTER

23         UNITED STATES DISTRICT COURT
          181-H ROYBAL FEDERAL BUILDING

24         255 EAST TEMPLE STREET
          LOS ANGELES, CALIFORNIA 90012

25         (213) 663-3494

CERTIFIED COPY

EXHIBIT B
PAGE 122

6857

1    **Appearances of Counsel:**

2

3    On Behalf of Mattel:

4        Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
         By John B. Quinn, Esq.
5            B. Dylan Proctor, Esq.
             Michael T. Zeller, Esq.
6            Harry Olivar, Esq.
             John Corey, Esq.
7            Diane Hutnyan, Esq.
             William Price, Esq.
8        855 South Figueroa Street
         10th Floor
9        Los Angeles, CA 90017
         (213) 624-7707
10

11

12   On Behalf of MGA Entertainment:

13       Skadden, Arps, Slate, Meagher & Flom LLP
         By Thomas J. Nolan, Esq.
14           Carl Alan Roth, Esq.
             Jason Russell, Esq.
15           Lauren Aguiar, Esq.
             David Hansen, Esq.
16           Matthew Sloan, Esq.
             Robert Herrington, Esq.
17       300 South Grand Avenue
         Los Angeles, CA 90071-3144
18       (213) 687-5000

19

20

21

22

23

24

25

EXHIBIT _B_

PAGE _123_

1   Q.   Did you have involvement in overseeing the process or

2   the approval of what the face paint ended up looking like on

3   the dolls?

4   A.   Yes, I did.

5   Q.   If you could turn to Exhibit 951-B in your binder.   Have

6   you got that?

7   A.   Yes.

8   Q.   Do you recognize that?

9   A.   Yes, I do.

10   Q.   What is it?

11   A.   This is the hand-drawn eye artwork that was prepared by

12   Anna Rhee, which was included in our paint master release

13   from Los Angeles to the Hong Kong office.

14           MS. AGUIAR:   And, your Honor, I would move 951-B,

15   pages 002 through 007.

16           THE COURT:   Any objection?

17           MR. PRICE:   No objection.

18           THE COURT:   It's admitted.   You may publish.

19           (Exhibit 951-B, Pages 002-007, received.)

20           MS. AGUIAR:   And put up 951-B-007.

21   Q.   Ms. Garcia, if you could describe what we're looking at

22   here?

23   A.   This is a swatch card or swatch page that also was

24   included in the paint master release that we released from

25   Los Angeles to Hong Kong.   The swatches of color indicate the

EXHIBIT B

PAGE 124

6961

1    colors we wanted Hong Kong to match in manufacturing the

2    Bratz doll in China.

3    Q.   And let me also have you look at -- I'm going to bring

4    you up a little box.  A box of heads.  And they are Trial

5    Exhibits 17712 through 17715.

6              Can you tell us what you are looking at there in

7    that box?

8    A.   These are the original paint master faces that were

9    painted by Anna and released to Hong Kong so that Hong Kong

10   could duplicate the same exact eye artwork in manufacturing.

11             MS. AGUIAR:  Your Honor, I want to move into

12   evidence the tangibles 17712 through 17715.

13             MR. PRICE:  No objection.

14             THE COURT:  Admitted.

15             (Exhibits 17712-17715 received.)

16             MS. AGUIAR:  I don't think we are going to be able

17   to put this on the screen.  Do we have a picture -- oh, okay.

18   That's weird.

19   Q.   Do you recognize these images here as photos of the sort

20   of half heads that are in those boxes there?

21   A.   Yes.

22   Q.   And so tell us, describe to us what we're looking at

23   here, then.

24   A.   So these are actually the head.  A roto cast head, which

25   would have been the actual correct manufactured size of a

EXHIBIT B

PAGE 125

1   **A.**   Yes.

2   **Q.**   And how does it affect your decision in that regard?

3   **A.**   I'm sorry.  Can you rephrase it?

4   **Q.**   How does the information that you get from consumers

5   regarding the different dolls impact how you then develop

6   different dolls?

7   **A.**   The feedback is -- the consumer is very vocal in

8   communication.  They are very expressive.  So I'm able to

9   differentiate between their likes and appreciations and their

10   dislikes.  And with those learnings, I learn to not recreate

11   their dislikes in the future.  And I do everything I can to

12   recreate their likes in the future.

13   **Q.**   While we have a couple of the Bratz dolls up there,

14   let's talk for a few minutes about packaging.

15   **A.**   Okay.

16   **Q.**   Do you also oversee the development of the packaging for

17   the Bratz dolls?

18   **A.**   Yes.

19   **Q.**   What's your involvement in that?

20   **A.**   My responsibility in packaging is that I communicate

21   with the packaging team, to educate them on the concept, the

22   purpose, the intent of the theme and the inspiration.  I'll

23   give them references of inspiration that inspired me.  I'll

24   give them references of sketches that were provided or

25   developed by my fashion designers so they have a sense of

EXHIBIT 12

PAGE 126

1  what the product looks like. Once given that information,

2  they will then go into concepting.

3         So they will give me varieties of different

4  concepts that can kind of similarly approach the same theme.

5  And I will lead them down or give comments on which ones I

6  like or dislike for various reasons. And I'll work with them

7  all the way through what is called a mechanical stage.

8         The mechanical stage is actually getting down into

9  the intricacies of writing the copies and the language and

10  the copy, the tone, the way we use our words is accurate.

11  The character art in making sure the character art represents

12  the right attitude expression. And I'll oversee all that

13  have until it is perfect, frankly, and then it's released to

14  Hong Kong for manufacturing.

15  Q.   Let's go back to -- and I'm sorry for this, but I'm

16  going to flip back for the next couple of questions to the

17  first generation dolls. And I put them here on the table.

18         In Mr. Bryant's concept drawings, did he envision

19  any sort of packaging that would go along with whatever doll

20  was eventually developed?

21  A.   No.

22  Q.   So was there anything that MGA used from Mr. Bryant's

23  drawings to develop the Bratz packaging?

24  A.   No.

25  Q.   Was there any idea or concept anywhere in what

EXHIBIT B

PAGE 121

7046

1

2

3

4                    C E R T I F I C A T E

5

6

7          I hereby certify that pursuant to Title 28,

8    Section 753 United States Code, the foregoing is a true and

9    correct transcript of the stenographically reported

10   proceedings in the above matter.

11          Certified on August 12, 2008.

12

13

14   MARK SCHWEITZER, CSR, RPR, CRR
     Official Court Reporter
15   License No. 10514

16

17

18

19

20

21

22

23

24

25

EXHIBIT B

PAGE 128

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3               EASTERN DIVISION

4                  - - -

5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                  - - -

7     MATTEL, INC.,              )

                              )

8          Plaintiff,  )

                              )

9          vs.            ) No. CV 04-09049

                              )

10    MGA ENTERTAINMENT, inc., et. Al., )  Trial Day 34

                         ) MORNING session

11          Defendants. ) Pages 7047-7162

     _____)

12    AND CONSOLIDATED ACTIONS,        )

                              )

13                        .

14

15     REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16               RIVERSIDE, CALIFORNIA

17            WEDNESDAY, AUGUST 13, 2008

18                 8:39 A.M.

19

20

21

22

23          THERESA A. LANZA, RPR, CSR

          Federal Official Court Reporter

24          3470 12th Street, Rm. 134

          RIVERSIDE, CALIFORNIA  92501

25             951-274-0844

EXHIBIT B

PAGE 129

```
 1    APPEARANCES:
 2
      On behalf of MATTEL, INC.:
 3
                QUINN EMANUEL
 4                By: JOHN QUINN
                       JON COREY
 5                     MICHAEL T. ZELLER
                       HARRY OLIVAR
 6                     TIMOTHY ALGER
                       WILLIAM PRICE
 7                865 S. FIGUEROA STREET,
                  10TH FLOOR
 8                LOS ANGELES, California 90017
                  213-624-7707
 9
10
      ON BEHALF OF MGA ENTERTAINMENT:
11
                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
12                BY: THOMAS J. NOLAN
                       JASON RUSSELL
13                     RAOUL KENNEDY
                       LAUREN AGUIAR
14                     CARL ROTH
                  300 SOUTH GRAND AVENUE
15                LOS ANGELES, CALIFORNIA 90071-3144
                  213-687-5000
16
17
18
19
20
21
22
23
24
25
```

EXHIBIT **D**

1    feed your brand so it remains successful.

2    Q    And the core of this brand was what MGA had in its

3    possession in September, which was Mattel's confidential

4    information, those drawings?

5    A    In September of 2000? I guess I just don't understand

6    your question.

7    Q    I'll move on.

8         By the way, with respect to the sculpt, one of the

9    things that you mentioned was that there had to be -- the

10   actual mechanics of the sculpt had to be done to make sure the

11   doll moved in the correct way; correct?

12   A    Yes.

13   Q    And you said that Mr. Bryant is not an engineer; he didn't

14   design those joints; correct?

15   A    Correct.

16   Q    And if you would look at Exhibit 11171 in the big binder.

17        Do you recognize this as an e-mail string from

18   Mercedeh Ward to you, among others?

19   A    Yes.

20        MR. PRICE: I'd move Exhibit 11171 into evidence,

21   Your Honor.

22        MS. AGUIAR: No objection.

23        THE COURT: It's admitted.

24        You may publish.

25        (Exhibit 11171 is admitted.)

EXHIBIT 8

PAGE 12

1       MR. PRICE: And if we could just blow up the first

2   part here.

3   BY MR. PRICE:

4   Q   You see there's a third paragraph here, "I have provided

5   HK with the Skipper doll. All Bratz production armatures that

6   go into assembling the doll for production will be just like

7   that product. As an engineer, I've always provided engineering

8   drawings drawn on a CAD system. I do not have the tools to do

9   so at this time."

10      Ms. Ward was in charge of interfacing with Hong Kong

11  to get this doll produced; correct?

12  A   Yes.

13  Q   She had just come from Mattel; right?

14  A   Yes.

15  Q   And at the time, MGA didn't have the sort of tools that

16  she was used to using at Mattel to do her job; correct?

17  A   Seems so from her document.

18  Q   So what she did was, she just told Hong Kong, for the

19  production armatures, make it just like the Skipper doll;

20  correct?

21  A   Yes.

22  Q   And the Skipper doll is Mattel's doll; correct?

23  A   Yes. But if I might please explain.

24      The armatures --

25  Q   On their time.

EXHIBIT _B_

PAGE _(3)_ Mattel v. MGA II - Trial Transcripts Phase 1      Unsigned

Page 7163

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

---

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

---

MATTEL, INC.,                    :  PAGES 7163 - 7323
                                 :
          PLAINTIFF,             :
                                 :
     VS.                         :  NO. ED CV04-09049-SGL
                                 :  [CONSOLIDATED WITH
MGA ENTERTAINMENT, INC.,         :  CV04-9059 & CV05-2727]
ET AL.,                          :
                                 :
          DEFENDANTS.            :


REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

WEDNESDAY, AUGUST 13, 2008

JURY TRIAL - DAY 34

AFTERNOON SESSION


MARK SCHWEITZER, CSR, RPR, CRR
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
181-H ROYBAL FEDERAL BUILDING
255 EAST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012
(213) 663-3494

EXHIBIT B
PAGE 133

c82378c4-88ea-4514-b582-e8043d481e71

Page 7164

1    Appearances of Counsel:

2

3    On Behalf of Mattel:

4        Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
         By John B. Quinn, Esq.
5            B. Dylan Proctor, Esq.
             Michael T. Zeller, Esq.
6            Harry Olivar, Esq.
             John Corey, Esq.
7            Diane Hutnyan, Esq.
             William Price, Esq.
8        855 South Figueroa Street
         10th Floor
9        Los Angeles, CA 90017
         (213) 624-7707
10

11

12   On Behalf of MGA Entertainment:

13       Skadden, Arps, Slate, Meagher & Flom LLP
         By Thomas J. Nolan, Esq.
14           Carl Alan Roth, Esq.
             Jason Russell, Esq.
15           Lauren Aguiar, Esq.
             David Hansen, Esq.
16           Matthew Sloan, Esq.
             Robert Herrington, Esq.
17       300 South Grand Avenue
         Los Angeles, CA 90071-3144
18       (213) 687-5000

19

20

21

22

23

24

EXHIBIT _B_

PAGE _134_

c82378c4-88ea-4514-b582-e8043d481e71

1    packages occasionally once they were being created with the

2    character art on them.

3    Q.    And I think you said, I wrote it down, that the

4    character art looks similar but not identical to the doll in

5    the box; is that right?

6    A.    That's right.

7                MR. PRICE:  No further questions.

8                THE COURT:  Anything further?

9                MR. NOLAN:  Nothing further, your Honor.

10               You are excused, ma'am.  Thank you.

11               Your next witness.

12               MS. AGUIAR:  That was quite unexpectedly short, but

13   we're going to be ready in a moment.  We need to set up a

14   table.

15               THE CLERK:  Please stand and raise your right hand.

16                    LEON DJIGUERIAN, SWORN.

17               THE CLERK:  Please be seated.

18               Please state your full name, and spell your last

19   name for the record.

20               THE WITNESS:  Leon Djiguerian, D-J-I-G-U-E-R-I-A-N.

21               MS. AGUIAR:  Your Honor, I can certainly wait until

22   we're done, or if it wouldn't be too distracting, we can

23   finish setting up the table --

24               THE COURT:  I don't want to --

25               MS. AGUIAR:  I don't want to distract the jury.

EXHIBIT _B_

PAGE _135_

1   of the marketing reports?

2   A.   Well, I had a group -- what time frame are we talking

3   about?

4   Q.   During the time that you were the senior vice-president

5   in charge of girls marketing and design for such things as

6   Barbie and My Scene?

7   A.   At that time I had a group that was probably about 10 or

8   12 people that were responsible for marketing.  So they would

9   be the ones working on those plans.

10   Q.   And when did you leave the girls division?

11   A.   October of 2005.

12   Q.   And what were the circumstances by which you were moved

13   out of the girls division?

14            MR. ZELLER:  Relevance.

15            THE COURT:  Sustained.

16   Q.   BY MR. NOLAN:  During the period of time that you were

17   overseeing the marketing for Barbie and My Scene, did you

18   engage in any competitive analysis?  In other words, what

19   your competitors' products were doing?

20   A.   Well, yes.  Typically we would look at the competitive

21   set on a regular basis.

22   Q.   And the competitive set during the period of time that

23   you were there in the girls division, 203 and 2005, included

24   Bratz; correct?

25   A.   Yes, it did.

EXHIBIT B

PAGE 126

c82378c4-88ea-4514-b582-e8043d481e71

Page 7652

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

---

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

---

| | | |
|---|---|---|
| MATTEL, INC., | : | PAGES 7652 - 7873 |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| VS. | : | NO. ED CV04-09049-SGL |
| | : | [CONSOLIDATED WITH |
| MGA ENTERTAINMENT, INC., | : | CV04-9059 & CV05-2727] |
| ET AL., | : | |
| | : | |
| DEFENDANTS. | : | |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

FRIDAY, AUGUST 15, 2008

JURY TRIAL - DAY 36

AFTERNOON SESSION

MARK SCHWEITZER, CSR, RPR, CRR
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
181-H ROYBAL FEDERAL BUILDING
255 EAST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012
(213) 663-3494

Page 7653

1   Appearances of Counsel:

2

3   On Behalf of Mattel:

4       Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
        By John B. Quinn, Esq.
5           B. Dylan Proctor, Esq.
            Michael T. Zeller, Esq.
6           Harry Olivar, Esq.
            John Corey, Esq.
7           Diane Hutnyan, Esq.
            William Price, Esq.
8       855 South Figueroa Street
        10th Floor
9       Los Angeles, CA 90017
        (213) 624-7707
10

11

12  On Behalf of MGA Entertainment:

13      Skadden, Arps, Slate, Meagher & Flom LLP
        By Thomas J. Nolan, Esq.
14          Carl Alan Roth, Esq.
            Jason Russell, Esq.
15          Lauren Aguiar, Esq.
            David Hansen, Esq.
16          Matthew Sloan, Esq.
            Robert Herrington, Esq.
17          Raoul D. Kennedy, Esq.
        300 South Grand Avenue
18      Los Angeles, CA 90071-3144
        (213) 687-5000
19

20

21

22

23

24

25

EXHIBIT B

PAGE 138

1   with the jury's verdict that, quote, Mattel succeeded in

2   confusing the jury.

3   A.   I said that, yes.

4   Q.   You also -- Mr. Nolan asked you about whether you had

5   any malice toward Mattel.

6            Do you recall that?

7   A.   I'm sorry?

8   Q.   Mr. Nolan asked you whether you had any malice toward

9   Mattel.

10            Do you recall that?

11  A.   Do I have any malice toward Mattel?

12  Q.   Yes.  Do you recall Mr. Nolan's --

13  A.   In regards to what?

14  Q.   Mattel.

15  A.   Yes, I heard the question.

16  Q.   And you said you did not; correct?

17  A.   That's correct.

18  Q.   I believe your testimony was that the idea for a fashion

19  doll began when someone at Wal-Mart said they wanted

20  something to compete with Mattel?

21  A.   I believe one of the things that was -- that I said

22  created the idea for fashion doll was Ron Stover, who was a

23  Wal-Mart buyer, said bring me something that competes with

24  Barbie.

25  Q.   And in connection with that competition and talking with

EXHIBIT B

PAGE 129

1   employees at MGA, you have used the phrase that you want to,

2   quote, kick Mattel's ass; correct?

3   A.   I'm sorry?  Have I said that?

4   Q.   Yes, to your employees.

5   A.   Yes, I have.

6          MR. PRICE:  No further questions.

7                FURTHER REDIRECT EXAMINATION

8   BY MR. NOLAN:

9   Q.   Mr. Larian, do you compete with Mattel in the

10  marketplace?

11  A.   Yes, fiercely.

12  Q.   For how long?

13  A.   For at least the past seven years.

14  Q.   Do you want to kick their ass in the marketplace?

15  A.   Yes, I do.

16         MR. NOLAN:  Nothing further.

17  Q.   Well, you know, Mr. Price asked you a series of

18  questions regarding percentages of effort with respect to

19  various product lines at MGA.

20         Do you remember that line of questioning?

21  A.   I do.

22  Q.   And he was asking you percentages.  Have you done any

23  analysis on the percentages --

24         MR. PRICE:  I'll object.  It is beyond the scope of

25  my recross.

96fca866-3674-426d-9b46-49752bc738e5

1                   UNITED STATES DISTRICT COURT

2                CENTRAL DISTRICT OF CALIFORNIA

3                     EASTERN DIVISION

4                         - - -

5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                         - - -

7  MATTEL, INC.,              )
                           )

8           PLAINTIFF,    )
                           )

9        VS.            ) NO. ED CV 04-09049
                           )

10  MGA ENTERTAINMENT, INC.,  )
   ET. AL.,              )

11                         )
           DEFENDANTS.  ) CONFERENCE

12  _____)
   AND CONSOLIDATED ACTIONS,  )

13  _____)

14

15         REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17           MONDAY, AUGUST 18, 2008

18                9:02 A.M.

19

20

21

22

23         KYUNG LEE-GREEN, CSR NO. 12655
        FEDERAL CONTRACT COURT REPORTER

24         3470 12TH STREET, RM. 134
        RIVERSIDE, CALIFORNIA 92501

25           (951)274-0844

EXHIBIT B

PAGE 141

7874

```
 1    APPEARANCES:

 2

 3    ON BEHALF OF MATTEL:

 4                        QUINN EMANUEL
                         BY:  MIKE ZELLER, ESQ.
 5                            DYLAN PROCTOR, ESQ.
                         865 SOUTH FIGUEROA STREET
 6                       10TH FLOOR
                         LOS ANGELES, CALIFORNIA 90017
 7                       (213)624-7707

 8

 9    ON BEHALF OF MGA ENTERTAINMENT AND ISAAC LARIAN:

10                        SKADDEN, ARPS, SLATE, MEAGHER &
                         FLOM, LLP
11                       BY:  THOMAS NOLAN, ESQ.
                             CARL ROTH, ESQ.
12                           LAUREN AGUIAR, ESQ.
                             RAOUL KENNEDY, ESQ.
13                       300 SOUTH GRAND AVENUE
                         LOS ANGELES, CALIFORNIA 90071-3144
14                       (213)687-5000

15

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT _B_

PAGE _142_

7875

1  DAMAGES ARISING UNDER THE COPYRIGHT ACT SHOULD NOT BE

2  PERMITTED.

3          SO THERE -- THERE ARE -- WHEN WE SAW LOTS OF

4  EVIDENCE IN THIS CASE ABOUT HARM THAT COULD GIVE RISE TO A

5  DAMAGE THEORY.

6          THE COURT:  I UNDERSTAND HOW THIS LEADS TO

7  DUPLICATIVE DAMAGES, WHICH THE COURT WAS GOING TO ADDRESS

8  IF -- IF IT'S CALLED UPON TO DO SO.  BUT -- AND I KNOW IT --

9  THERE'S -- THERE'S A CERTAIN LACK OF APPEAL, PARTICULARLY

10  FROM THE DEFENDANT'S PERSPECTIVE -- OF -- OF MAKING THIS

11  THEORETICAL DISTINCTION BETWEEN CLAIMS THAT END UP HAVING

12  THE SAME DAMAGES.  BUT THEY'RE PREDICATED ON -- ON TWO

13  DIFFERENT INSTRUCTIONS.

14          ONE IS PREDICATED ON A COPYRIGHT INTRINSIC CLAIM,

15  ONE IS PREDICATED ON STATE TORT LAW CLAIM.  THE TWO ARE,

16  UNDER THE LAW, SEPARATE AND DISTINCT EVEN THOUGH THEY RESULT

17  IN -- OR THEY TRIGGER SIMILAR REMEDIES OR SIMILAR DAMAGES.

18          AND THE -- THE COURT IS FINDING -- LET ME MAKE

19  THIS EXPLICIT IF IT HAS NOT BEEN CLEAR FROM THE IMPLICIT

20  INCLUSION OF THESE -- THAT THE MERE FACT THAT THE REMEDIES

21  ARE THE SAME DOES NOT RESULT IN THE PREEMPTION.

22          MR. ROTH:  UNDERSTOOD, YOUR HONOR.  OBVIOUSLY, WE

23  RESPECTFULLY DISAGREE.

24          THE COURT:  I UNDERSTAND -- I UNDERSTAND THAT.

25          MR. ROTH:  AND I WOULD REFER THE COURT TO

7927

EXHIBIT B

PAGE 143