# EXHIBIT D

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 2 of 69   Page ID
#:107160
Case 2:04-cv-09049-SGL-RNB     Document 4267     Filed 08/20/2008     Page 1 of 56

1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10                        EASTERN DIVISION

| | |
|---|---|
| 11  MATTEL, INC., | CASE NO. CV 04-9049 SGL (RNBx) |
| 12       Plaintiff, | |
| 13 | Consolidated with |
| 14       vs. | CASE NO. CV 04-9059 SGL (RNBx) |
| 15 | CASE NO. CV 05-2727 SGL (RNBx) |
| 16  MGA ENTERTAINMENT, INC., et al., | Hon. Stephen G. Larson |
| 17 | |
| 18  Defendants. | |
| 19  AND CONSOLIDATED ACTIONS | **COURT'S PHASE B JURY** |
| 20 | **INSTRUCTIONS AS GIVEN** |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |



EXHIBIT D

PAGE 155

**JURY INSTRUCTION NO. 1**

Members of the Jury:

Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

EXHIBIT D

PAGE 156

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 4 of 69   Page ID
#:107162
Case 2:04-cv-09049-SGL-RNB      Document 4267      Filed 08/20/2008      Page 3 of 56

1

## JURY INSTRUCTION NO. 2

2

You should decide the case as to each party separately. Unless otherwise stated,

3

the instructions apply to all parties.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT D

PAGE 57

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 5 of 69   Page ID
#:107163
Case 2:04-cv-09049-SGL-RNB      Document 4267      Filed 08/20/2008      Page 4 of 56

**JURY INSTRUCTION NO. 3**

Whether or not you have taken notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 6 of 69   Page ID
#:107164
Case 2:04-cv-09049-SGL-RNB      Document 4267      Filed 08/20/2008      Page 5 of 56

## JURY INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed or stipulated.

**JURY INSTRUCTION NO. 5**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

EXHIBIT  D

PAGE  160

6

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 8 of 69   Page ID
#:107166
Case 2:04-cv-09049-SGL-RNB      Document 4267      Filed 08/20/2008      Page 7 of 56

**JURY INSTRUCTION NO. 6**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

EXHIBIT $\mathcal{D}$

PAGE ___ 161

Case 2:04-cv-09049-DOC-RNB  Document 4269-6  Filed 08/20/08  Page 9 of 69  Page ID
#:107167
Case 2:04-cv-09049-SGL-RNB     Document 4267     Filed 08/20/2008     Page 8 of 56

## JURY INSTRUCTION NO. 7

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I have ordered that evidence be stricken from the record. That means that when you are deciding the case, you must not consider that evidence.

# JURY INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

EXHIBIT D

PAGE 163

9

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 11 of 69   Page ID
#:107169
Case 2:04-cv-09049-SGL-RNB    Document 4267    Filed 08/20/2008    Page 10 of 56

## JURY INSTRUCTION NO. 9

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

EXHIBIT D

PAGE 164

10

1

**JURY INSTRUCTION NO. 10**

2

During deliberations, you will have to make your decision based on what you

3

recall of the evidence. You will not have a transcript of the trial.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## JURY INSTRUCTION NO. 11

2

You must not make any assumptions about a witness based solely upon the use of

3

an interpreter to assist that witness.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 12

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

EXHIBIT D

PAGE 167

13

**JURY INSTRUCTION NO. 13**

The parties have agreed to certain facts. You should therefore treat these facts as having been proved.

**JURY INSTRUCTION NO. 14**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person, including a videotaped deposition, may be used at the trial.

EXHIBIT _D_

PAGE _169_

**JURY INSTRUCTION NO. 15**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

## JURY INSTRUCTION NO. 16

2

Certain charts and summaries not received in evidence have been shown to you

3

4

in order to help explain the contents of books, records, documents, or other evidence in

5

the case. They are not themselves evidence or proof of any facts. If they do not correctly

6

reflect the facts or figures shown by the evidence in the case, you should disregard these

7

charts and summaries and determine the facts from the underlying evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## JURY INSTRUCTION NO. 17

2

3       Other charts and summaries have been received into evidence to illustrate

4       information brought out in the trial.  Charts and summaries are only as good as the

5       underlying evidence that supports them.  You should, therefore, give them only such

6       weight as you think the underlying evidence deserves.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _D_

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 20 of 69   Page ID
#:107178
Case 2:04-cv-09049-SGL-RNB      Document 4267      Filed 08/20/2008      Page 19 of 56

**JURY INSTRUCTION NO. 18**

You have heard evidence that both Mattel and MGA purchased and evaluated each other's existing products and had those products in their respective facilities. In this trial, there is no allegation that it is illegal or improper for a company or person to purchase, possess, or evaluate the publicly available product of a competitor.

EXHIBIT 2

PAGE 173

## JURY INSTRUCTION NO. 19

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

EXHIBIT D

PAGE 174

**JURY INSTRUCTION NO. 20**

Mattel claims that the defendants, MGA Entertainment, Inc. ("MGA"), Isaac Larian and MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), engaged in copyright infringement of certain items that you found in Phase A of this trial were created by Carter Bryant when he worked at Mattel. The defendants deny that claim.

Copyright is the exclusive right to copy.

This right to copy includes the exclusive rights to:

(1) Authorize, or make additional copies, or otherwise reproduce the copyrighted work;

(2) Recast, transform, or adopt the work, that is, to prepare derivative works based upon the copyrighted work;

(3) Distribute copies of the copyrighted work to the public by sale or other transfer of ownership; and

(4) Display publicly a copyrighted work.

It is the owner of a copyright who may exercise these exclusive rights to copy.

As a matter of law, Mattel is the owner, by assignment, of the Bratz-related items that you found were created by Carter Bryant, alone or jointly with others, while employed by Mattel, which items have been registered by Mattel at the U.S. Copyright Office. In general, copyright law protects against production, adaptation and distribution of substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

EXHIBIT D

PAGE 175

1        You must consider each defendant's acts separately to determine whether that

2  defendant has engaged in an act that is an infringement of Mattel's copyright.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___D___

PAGE ___176___

# JURY INSTRUCTION NO. 21

Copyright law allows the author of an original work to prevent others from copying the way or form the author used to express the ideas in the author's work. Only the particular way of expressing an idea can be copyrighted. Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries.

The right to exclude others from copying extends only to how the author expressed the ideas in the copyrighted work. The copyright is not violated when someone uses an idea from a copyrighted work, as long as the particular way of expressing that idea in the work is not copied.

EXHIBIT D

PAGE 177

23

**JURY INSTRUCTION NO. 22**

Anyone who copies original elements of a copyrighted work without the owner's permission infringes the copyright.

Mattel claims that the defendants have infringed copyrights for the Bratz-related items described above. On Mattel's copyright infringement claim, Mattel has the burden of proving both of the following by a preponderance of the evidence:

1.   Mattel is the owner of a valid copyright; and

2.   The defendants copied original elements from the copyrighted work.

If you find that Mattel has proved both of these elements, your verdict should be for Mattel.

If, on the other hand, Mattel has failed to prove either of these elements, your verdict should be for the defendants.

As a matter of law, the first element is satisfied because Mattel is the owner of each of the items you found were created by Carter Bryant, alone or jointly with others, while employed by Mattel and which Mattel has registered with the U.S. Copyright Office.

Whether or not the second element is satisfied is for you to decide.

**JURY INSTRUCTION NO. 23**

A copyright owner is entitled to exclude others from creating derivative works based upon the owner's copyrighted work. The term derivative work refers to a work based on one or more pre-existing works. Accordingly, Mattel is entitled to exclude others from recasting, transforming, or adapting, without Mattel's permission, the copyrighted works you found were created by Carter Bryant, alone or jointly with others, while he was employed by Mattel.

## JURY INSTRUCTION NO. 24

An owner is entitled to copyright protection of a compilation. A compilation is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship.

The owner of a compilation may enforce the right to exclude others in an action for copyright infringement.

# JURY INSTRUCTION NO. 25

As explained above, Mattel has the burden of proving that the defendants copied original elements from Mattel's copyrighted work.  There are two ways in which Mattel may meet that burden.

First, Mattel may show the defendants copied from the work by showing by a preponderance of the evidence that the defendants actually copied a significant amount of protectable expression from the work.

Second, in the alternative, Mattel may also show the defendants copied from the work by showing by a preponderance of the evidence that the defendants had access to Mattel's copyrighted works and that there are substantial similarities between the defendants' works and original elements of Mattel's works.

It is undisputed in this case that defendants had access to Mattel's copyrighted works.  Whether there are substantial similarities between the defendants' works and original elements of Mattel's works is for you to decide.

EXHIBIT __D__

PAGE __181__

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 29 of 69   Page ID
#:107187
Case 2:04-cv-09049-SGL-RNB   Document 4267   Filed 08/20/2008   Page 28 of 56

**JURY INSTRUCTION NO. 26**

You are to make a determination regarding substantial similarity according to a two-step process, which includes application of the "extrinsic test" and the "intrinsic test." To prevail on its claims for copyright infringement, Mattel must satisfy both of these tests.

First, you must apply the extrinsic test. Under the extrinsic test, Mattel must establish that specific ideas and expressive elements of the works Mattel owns and the Bratz-related products that Mattel claims are infringing are substantially similar.

The Court has determined what elements of the works that you found were created by Carter Bryant, solely or jointly while working at Mattel, are protectable under copyright law. These are the elements that you should consider for the purpose of your comparisons to each of the allegedly infringing products under the extrinsic test:

First, the particularized, synergistic compilation and expression of the human form and anatomy that expresses a unique style and conveys a distinct look or attitude;

Second, the particularized expression of a doll's head, lips, eyes, eyebrows, eye features, nose, chin, hair style and breasts, including the accentuation or exaggeration of certain anatomical features relative to others (doll lips, eyes, eyebrows, and eye features) and de-emphasis of certain anatomical features relative to others (doll nose and thin, small doll bodies); and

Third, the particularized doll clothes, doll shoes, and doll accessories that express aggressive, contemporary, youthful style.

In contrast, certain basic elements of Carter Bryant's works are not protectable. Specifically, copying of protected expression or ideas cannot be established by the mere

EXHIBIT D
PAGE 182

1    fact that both Carter Bryant's works and the allegedly infringing designs bear a

2    resemblance or similarity to human form and human physiology; have hair, heads, two

3    eyes, eyebrows, lips, nose, chin, mouth, and other features that track human anatomy and

4

5    physiology; wear or have human clothes, shoes, and accessories; depict a certain age,

6    race, ethnicity, or have an "urban" appearance; possess common or standard anatomical

7    features relative to others or depict common or standard treatment of fashion doll  subject

8    matter. Nevertheless, particular compilations or combinations of these otherwise non-

9    protectable elements in the works which express a particular style or convey a distinct

10

11   look or attitude, are protectable.

12           You should consider only the elements I have just listed for purposes of the

13   extrinsic test. Focusing on the protectable elements of the works by Carter Bryant as

14   compared to those elements in the allegedly infringing Bratz-related works, you must

15   determine whether Mattel has proven by the preponderance of the evidence that the works

16
     are substantially similar. If you so find, you must next consider the intrinsic test. If you
17

18   do not so find, you must find for the defendants.

19           The intrinsic test looks at the overall similarity of ideas and expression in the

20   works from the perspective of an ordinary observer. You should ask yourself whether the

21   ordinary, reasonable audience, in this case girls between the ages of 7 and 12, would

22
     determine or recognize the defendants' products as reflecting the total concept and feel, or
23

24   as a "picturization," of the Bratz-related works that you have found Carter Bryant created

25   alone or jointly with others while employed by Mattel.

26           Mattel does not need to establish that the works it alleges are infringing are

27   identical or virtually identical to the works it owns, nor that the allegedly infringing

28

1  works do not contain any non-infringing material.  However, Mattel does need to

2  establish that, focusing on the protectable elements of Carter Bryant's designs which I

3  have identified under the extrinsic test, and the overall look and feel of the works under

4
5  the intrinsic test, there are substantial similarities between the copyright-protected works

6  and the allegedly infringing works.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT $\underline{D}$

PAGE $\underline{184}$

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 32 of 69   Page ID
#:107190
Case 2:04-cv-09049-SGL-RNB      Document 4267      Filed 08/20/2008      Page 31 of 56

1

## JURY INSTRUCTION NO. 27

2        The degree of similarity required to support a finding of substantial similarity is

3 affected by the degree of access MGA, Isaac Larian and MGA Hong Kong had to Carter

4

5 Bryant's works.  The greater the level of access, the lower the showing of similarity

6 required to support a finding of substantial similarity.  However, the burden of proving

7 substantial similarity by a preponderance of the evidence always remains with Mattel.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT D
PAGE 185

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 33 of 69   Page ID
#:107191
Case 2:04-cv-09049-SGL-RNB      Document 4267      Filed 08/20/2008      Page 32 of 56

1

## JURY INSTRUCTION NO. 28

2

   Copyright law protects distinctive characters.  Defendants' works infringe

3

Mattel's copyrights if they copy recognizable and distinctive traits, attributes, and

4

5

elements of the personalities of the characters portrayed in Carter Bryant's works.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 29**

If you find that defendants had access to the copyrighted works and substantial similarity between the copyrighted works and allegedly infringing works, you must find that defendants infringed Mattel's copyrights. Defendants contend that certain Bratz-related works were created independently, that is, that defendants did not actually copy or prepare derivative works from Carter Bryant's works when they created these Bratz-related works, notwithstanding their admitted access to these works. A claim of independent creation applies where a defendant can prove that he or she created the allegedly infringing work without copying or adapting or preparing derivative works from the original to which he or she had access.

Defendants bear the burden of proof on the issue of independent creation.

If you find that Mattel has shown the elements of infringement and defendants have not established independent creation by a preponderance of the evidence, then you must find for Mattel on its claim of copyright infringement.

EXHIBIT D

PAGE 167

1

**JURY INSTRUCTION NO. 30**

2

A two-dimensional work, such as a drawing, can be infringed by a

3

4

three-dimensional work, such as a doll. A doll, which consists of different materials or

5

includes aspects that are not visible in a copyrighted drawing, nevertheless will infringe

6

the drawing when the works are substantially similar in their appearance under the

7

extrinsic and intrinsic tests. A three-dimensional work is not an independent creation

8

merely because it includes or is a result of artistic or non-artistic work not included in the

9

copyrighted work. Rather, the question is whether the three-dimensional work is

10

11

substantially similar to the two-dimensional work as a whole using the extrinsic/intrinsic

12

test described above.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 𝒟

PAGE 188

34

**JURY INSTRUCTION NO. 31**

A copyright can be infringed by intermediate or preparatory works, including works prepared in the product development or marketing stage, that are substantially similar to a copyrighted work, regardless of whether the end product of the copying also infringes the copyright.

EXHIBIT D
PAGE 189

## JURY INSTRUCTION NO. 32

Mattel has presented evidence concerning certain copyright infringement lawsuits brought by MGA in Hong Kong pursuant to Hong Kong law.

The Court has excluded, and you may not consider, any reference to any legal arguments or legal conclusions associated with those lawsuits.

You may, however, consider any factual statements or factual representations that MGA made in those lawsuits.

It is for you to decide how much weight, if any, to give to those factual statements or factual representations.

EXHIBIT _D_

PAGE _190_

Case 2:04-cv-09049-DOC-RNB  Document 4269-6  Filed 08/20/08  Page 38 of 69  Page ID
#:107196
Case 2:04-cv-09049-SGL-RNB    Document 4267    Filed 08/20/2008    Page 37 of 56

**JURY INSTRUCTION NO. 33**

If you find that MGA infringed Mattel's copyright in the Bratz works, you may consider Mattel's claim that Isaac Larian vicariously infringed that copyright. Mattel has the burden of proving each of the following by a preponderance of the evidence:

1.    Isaac Larian profited directly from the infringing activity of MGA;

2.    Isaac Larian had the right and ability to supervise/control the infringing activity of MGA; and

3.    Isaac Larian failed to exercise that right and ability.

If you find that Mattel proved each of these elements, your verdict should be for Mattel if you also find that MGA infringed Mattel's copyright. If, on the other hand, Mattel has failed to prove any of these elements, your verdict should be for Isaac Larian on Mattel's claim for copyright infringement, unless you find that Isaac Larian is liable for contributory infringement under the instruction that follows.

**JURY INSTRUCTION NO. 34**

A defendant may be liable for copyright infringement engaged in by another if he/it knew or had reason to know of the infringing activity and intentionally materially contributes to that infringing activity.

If you find that MGA infringed Mattel's copyright in Bratz works, but that MGA Hong Kong and/or Isaac Larian did not directly or vicariously engage in acts of infringement, you should proceed to consider Mattel's claim that MGA Hong Kong and Isaac Larian contributorily infringed that copyright. To prove contributory copyright infringement, Mattel must prove both of the following elements by a preponderance of the evidence:

1.    Isaac Larian and/or MGA Hong Kong knew or had reason to know of the infringing activity of MGA; and

2.    Isaac Larian and/or MGA Hong Kong intentionally materially contributed to MGA's infringing activity.

If you find that MGA infringed Mattel's copyright and you also find that Mattel has proved both of these elements, your verdict should be for Mattel. If, on the other hand, Mattel has failed to prove either or both of these elements as against MGA Hong Kong and/or Isaac Larian, and also failed to prove direct or vicarious infringement by MGA Hong Kong and/or Isaac Larian, your verdict should be for those defendants.

## JURY INSTRUCTION NO. 35

Mattel claims that defendants fraudulently concealed the facts underlying Mattel's claims of intentional interference with contract and conversion. Defendants deny these allegations.

To prove fraudulent concealment, Mattel must show the following by a preponderance of the evidence

    (1)   the defendants took affirmative steps to conceal the facts that could have led Mattel to discover that Carter Bryant created Bratz-related works while employed by Mattel or that Carter Bryant entered into a contract with and worked with MGA while he was still employed by Mattel; and

    (2)   Mattel was not aware of such facts that either did or would have, with diligence, led Mattel to discover that Carter Bryant created Bratz works while employed by Mattel or that Carter Bryant entered into a contract with and worked with MGA while he was still employed by Mattel.

If you so find by the preponderance of the evidence, you should find for Mattel on its allegations of fraudulent concealment. If not, you should find for defendants on the allegations of fraudulent concealment.

EXHIBIT D
PAGE 193

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 41 of 69   Page ID
#:107199
Case 2:04-cv-09049-SGL-RNB       Document 4267       Filed 08/20/2008     Page 40 of 56

**JURY INSTRUCTION NO. 36**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

EXHIBIT D

PAGE 194

**JURY INSTRUCTION NO. 37**

In Phase A, you determined that Mattel had proved its claim for intentional interference with contractual relations against the defendants MGA and Isaac Larian. You must now decide how much money, if any, should be awarded as damages.

The amount of damages must include an award for each item of harm that was caused by MGA's and Isaac Larian's wrongful conduct, even if the particular harm could not have been anticipated.

Mattel must prove the amount of damages. However, Mattel does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Mattel:

(1)    Compensatory and general damages, including disgorgement of profits earned by MGA and Isaac Larian as a result of their wrongful conduct;

(2)    Prejudgment interest at the maximum rate, which is 7%, calculated from the date Mattel's claim arose;

(3)    Punitive damages.

EXHIBIT D

PAGE 195

41

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 43 of 69   Page ID
#:107201
Case 2:04-cv-09049-SGL-RNB     Document 4267     Filed 08/20/2008     Page 42 of 56

## JURY INSTRUCTION NO. 38

In Phase A, you determined that Mattel had proved its claims against the defendants MGA and Isaac Larian for aiding and abetting Carter Bryant's breach of fiduciary duty and breach of the duty of loyalty. You must now decide how much money, if any, should be awarded as damages.

The amount of damages must include an award for each item of harm that was caused by MGA's and Isaac Larian's wrongful conduct, even if the particular harm could not have been anticipated.

Mattel must prove the amount of its damages. However, Mattel does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Mattel:

(1)   Compensatory and general damages, including disgorgement of profits earned by MGA and Isaac Larian as a result of their wrongful conduct;

(2)   Prejudgment interest at the maximum rate, which is 7%, calculated from the date Mattel's claim arose;

(3)   Punitive damages.

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 44 of 69   Page ID
#:107202
Case 2:04-cv-09049-SGL-RNB      Document 4267      Filed 08/20/2008      Page 43 of 56

**JURY INSTRUCTION NO. 39**

Mattel is entitled to obtain disgorgement of profits as an element of its damages for the wrongful acts of aiding and abetting breach of fiduciary duty and duty of loyalty that you have found. Accordingly, if you find that MGA and/or Isaac Larian obtained profits or advantages because of these specific wrongful acts, those profits and advantages should be awarded to Mattel.

EXHIBIT _D_

PAGE _197_

## JURY INSTRUCTION NO. 40

In Phase A of this trial, you found that Mattel had proved its claims for conversion of tangible property against MGA, Isaac Larian and MGA Hong Kong. You must now decide how much money will reasonably compensate Mattel for the harm. This compensation is called damages.

Mattel must prove the amount of its damages. However, Mattel does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Mattel:

(1)    The fair market value of the tangible Bratz works created by Carter Bryant while he was employed by Mattel; and

(2)    Prejudgment interest at the maximum rate, which is 7%, calculated from the date Mattel's property was converted;

(3)    Punitive damages.

Fair market value is measured as of the time the tangible item was converted. Fair market value is the highest price that a willing buyer would have paid to a willing seller assuming that there is no pressure on either one to buy or sell, and that the buyer and seller know all the uses and purposes for which the tangible items are reasonably capable of being used.

**JURY INSTRUCTION NO. 41**

If you find for the plaintiff, Mattel, on any of its copyright infringement claims against the defendants, you must determine Mattel's damages. Mattel is entitled to recover any profits of the defendants attributable to the infringement. Mattel must prove damages by a preponderance of the evidence.

EXHIBIT D

PAGE 199

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 47 of 69   Page ID
#:107205
Case 2:04-cv-09049-SGL-RNB      Document 4267      Filed 08/20/2008      Page 46 of 56

**JURY INSTRUCTION NO. 42**

1

2       You may make an award of the defendants' profits only if you find that the

3    plaintiff showed a causal relationship between the infringement and the defendants' gross

4    revenue.

5

6       The defendants' profit is determined by deducting expenses from the defendants'

7    gross revenue.

8       The defendants' gross revenue is all of the defendants' receipts from sale of a

9    product containing or using the copyrighted work or associated with the infringement.

10   Mattel has the burden of proving the defendants' gross revenue by a preponderance of the

11   evidence.

12

13      Expenses are all operating costs and production costs incurred in producing the

14   defendants' gross revenue.  The defendants have the burden of proving the defendants'

15   expenses by a preponderance of the evidence.

16      Indirect profits are the defendants' profits with a less direct connection or link to

17   the infringement.  A plaintiff such as Mattel may be entitled to indirect profits in addition

18
19   to direct profits.  To recover indirect profits, Mattel must establish a causal relationship

20   between the infringement and the profits generated indirectly from such infringement.

21      In other words, Mattel must offer some evidence that the infringement at least

22   partially caused the profits that the infringer generated as a result of the infringement.

23
24      Unless you find that a portion of the profit from the sale of a product containing

25   or using the copyrighted work is attributable to factors other than use of the copyrighted

26   work, all of the profit is to be attributed to the infringement.  The defendants have the

27

28

EXHIBIT D

PAGE 200

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 48 of 69   Page ID
#:107206
Case 2:04-cv-09049-SGL-RNB   Document 4267   Filed 08/20/2008   Page 47 of 56

1    .burden of proving the portion of the profit, if any, attributable to factors other than

2    infringing the copyrighted work.

3       Defendants are not required to prove with precision the percentage of its profits

4

5    attributable to factors other than infringement, so long as the apportionment is reasonable

6    and just. However, in determining what portion of the defendants' profits are attributable

7    to copyright infringement, the benefit of the doubt should be given to Mattel and not

8    defendants.

9       If the copyrighted portions are so intermingled with the rest of the infringing

10    work that they cannot well be distinguished from it, the entire profits realized by the

11    defendants are to be given to the plaintiff. At the same time, defendants do not need to

12

13    demonstrate that the profits not attributable to infringement are completely free of

14    infringing material.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 49 of 69   Page ID
#:107207
Case 2:04-cv-09049-SGL-RNB      Document 4267      Filed 08/20/2008      Page 48 of 56

1

## JURY INSTRUCTION NO. 43

2    Mattel also claims that defendants engaged in willful infringement of Mattel's

3    copyrights. An infringement is considered willful when the plaintiff has proved both of

4    the following elements by a preponderance of the evidence:

5

6    1.    The defendants engaged in acts that infringed the copyright; and

7    2.    The defendants knew that those acts infringed the copyright.

8    A defendant cannot deduct overhead expenses, operating expenses, or taxes from

9    his/its gross revenue when the copyright infringement is willful.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _D_

PAGE _202_

**JURY INSTRUCTION NO. 44**

Mattel seeks damages under more than one legal claim or theory and as to three defendants. In awarding damages as to any particular claim or defendant, you should not consider or discount your award based on amounts, if any, that you award as to any other claim or defendant. That is, you should award the full amount of damages you find appropriate, if any, as to each separate claim against each defendant. The Court will ensure, once your verdict has been reached, that the plaintiff does not obtain duplicative damages.

## JURY INSTRUCTION NO. 45

If you decide that Isaac Larian's, MGA's or MGA Hong Kong's conduct caused Mattel harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Isaac Larian only if Mattel proves by clear and convincing evidence that Isaac Larian engaged in that conduct with malice, oppression, or fraud.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

You may award punitive damages against MGA or MGA Hong Kong only if Mattel proves that MGA or MGA Hong Kong acted with malice, oppression, or fraud. To do this, Mattel must prove one of the following by clear and convincing evidence:

1.      That the malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of MGA or MGA Hong Kong, who acted on behalf of MGA or MGA Hong Kong; or

2.      That an officer, a director, or a managing agent of MGA or MGA Hong Kong had advance knowledge of the unfitness of another officer, director, or managing

EXHIBIT  D

PAGE  204

50

1    agent of MGA or MGA Hong Kong and employed that person with a knowing disregard

2    of the rights or safety of others; or

3        3.    That the conduct constituting malice, oppression, or fraud was authorized by

4    one or more officers, directors, or managing agents of MGA or MGA Hong Kong; or

5

6        4.    That one or more officers, directors, or managing agents of MGA or MGA

7    Hong Kong knew of the conduct constituting malice, oppression, or fraud and adopted or

8    approved that conduct after it had occurred.

9        "Malice" means that a defendant acted with intent to cause injury or that a

10   defendant's conduct was despicable and was done with a willful and knowing disregard of

11
     the rights or safety of another.  A defendant acts with knowing disregard when the
12
13   defendant is aware of the probable dangerous consequences of his or its conduct and

14   deliberately fails to avoid those consequences.

15       "Oppression" means that a defendant's conduct was despicable and subjected

16   Mattel to cruel and unjust hardship in knowing disregard of its rights.

17
         "Despicable conduct" is conduct that is so vile, base, or contemptible that it
18
19   would be looked down on and despised by reasonable people.

20       "Fraud" means that a defendant intentionally misrepresented or concealed a

21   material fact and did so intending to harm Mattel.

22       An employee is a "managing agent" if he or she exercises substantial independent

23
     authority and judgment in his or her corporate decision making such that his or her
24
25   decisions ultimately determine corporate policy.

26       There is no fixed formula for determining the amount of punitive damages, and

27   you are not required to award any punitive damages.  If you decide to award punitive

28

EXHIBIT  D

PAGE  205

1   damages, you should consider all of the following separately for each defendant in

2   determining the amount:

3          a.     How reprehensible was that defendant's conduct?

4          b.     Is there a reasonable relationship between the amount of punitive damages

5
    and Mattel's harm or between the amount of punitive damages and potential harm to
6
7   Mattel that the defendant knew was likely to occur because of his or its conduct?

8   Punitive damages may not be used to punish a defendant for the impact of its alleged

9   misconduct on persons other than Mattel.

10         c.     In view of that defendant's financial condition, what amount is necessary to
11
    punish him or it and discourage future wrongful conduct? You may not increase the
12
13  punitive award above an amount that is otherwise appropriate merely because a defendant

14  has substantial financial resources. Any award you impose may not exceed that

15  defendant's ability to pay.

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _D_

PAGE _206_

# JURY INSTRUCTION NO. 46

You have heard testimony regarding the prospect of an injunction being issued in this case. It is for the Court to decide what, if any, injunctive relief to order.

EXHIBIT D

PAGE 207

Case 2:04-cv-09049-DOC-RNB  Document 4269-6  Filed 08/20/08  Page 55 of 69  Page ID
#:107213
Case 2:04-cv-09049-SGL-RNB  Document 4267  Filed 08/20/2008  Page 54 of 56

## JURY INSTRUCTION NO. 47

When you begin your deliberations, your foreperson will preside over the deliberations and will speak for you here in Court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

EXHIBIT _D_

PAGE _208_

54

## JURY INSTRUCTION NO. 48

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

EXHIBIT ___D___

PAGE ___209___

1

## JURY INSTRUCTION NO. 49

2        A verdict form has been prepared for you.  After you have reached unanimous

3  agreement on a verdict, your presiding juror will fill in the form that has been given to

4  you, sign and date it, and advise the court that you are ready to return to the courtroom.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _D_

PAGE _210_

# EXHIBIT E

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 59 of 69   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 4242   Filed 08/11/2008   Page 1 of 7
#:101212

THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>MGA PARTIES' SUPPLEMENTAL [PROPOSED] PHASE 1-B JURY INSTRUCTIONS |

EXHIBIT *E*

PAGE 211

---

MGA Parties' Supplemental [Proposed] Jury Instructions – Case No. CV 04-9049 SGL (RNBx)

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 60 of 69   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 4242   Filed 08/11/2008   Page 2 of 7
#:101216

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DAMAGES

The MGA Parties withdraw Proposed Jury Instruction No. 430: Causation: Substantial Factor, and propose the following two additional instructions:

| No. | Description | Authority | Page |
|-----|-------------|-----------|------|
| MGA Special Inst. __ | DISGORGEMENT OF PROFITS | SEC v. First Pac. Bancorp, 142 F.3d 1186, 1192 (9th Cir. 2001); SEC v. Platforms Wireless Int'l Corp., 2008 U.S. Dist. LEXIS 27503, at **38-39 (S.D. Cal. Apr. 3, 2008).  See also Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A., 2007 U.S. Dist. LEXIS 91947, at **62 (N.D. Tex. Dec. 14, 2007); Commodity Futures Trading Comm'n v. American Bd. Of Trade, 803 F.2d 1242, 1251 (2d Cir. 1986); Allstate Ins. Co v. Receivable Fin. Co. LLC, 501 F.3d 398, 413 (5th Cir. 2007); FTC v. Magui Publishers, Inc., 1991 U.S. Dist. LEXIS 20452, at **48-50 (C.D. Cal. Mar. 28, 1991); Oshana v. Coca-Cola Co., 2005 U.S. Dist. LEXIS 14184, at **34-35 (N.D. Ill. July 13, 2005).  Cf. Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC, 479 F. Supp. 2d 349, 371 (S.D.N.Y. 2007). | 1 |
| CACI 3947 | PUNITIVE DAMAGES – INDIVIDUAL AND ENTITY DEFENDANTS – TRIAL NOT BIFURCATED | CACI No. 3947. | 3 |

EXHIBIT E

PAGE 212

i

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 61 of 69   Page ID
#:191213
Case 2:04-cv-09049-SGL-RNB   Document 4242   Filed 08/11/2008   Page 3 of 7

1  **MGA'S SPECIAL JURY INSTRUCTION NO. \_\_\_\_**
2  **DISGORGEMENT OF PROFITS**

3

4  Mattel is entitled to obtain disgorgement of profits that MGA and Isaac Larian obtained by
5  engaging in the wrongful acts of aiding and abetting breach of fiduciary duty and duty of
6  loyalty that you have found.   Accordingly, if you find that MGA and/or Mr. Larian
7  obtained profits or advantages because of these wrongful acts, those profits and advantages
8  should be awarded to Mattel.

9

10  **Authority**: SEC v. First Pac. Bancorp, 142 F.3d 1186, 1192 (9th Cir. 2001) (finding that a
11  disgorgement award requires a "reasonable approximation of profits causally connected to
12  the violation"); SEC v. Platforms Wireless Int'l Corp., 2008 U.S. Dist. LEXIS 27503, at
13  **38-39 (S.D. Cal. Apr. 3, 2008) (vacating a disgorgement order where the "causal
14  connection between the profits and [the defendant's] violation [was] too speculative to
15  support disgorgement").   See also Super Future Equities, Inc. v. Wells Fargo Bank Minn.,
16  N.A., 2007 U.S. Dist. LEXIS 91947, at *62 (N.D. Tex. Dec. 14, 2007) (finding that
17  plaintiff was "not entitled to disgorgement" because plaintiff had "not offered a reasonable
18  approximation of what the Defendants [had] earned as a result of their alleged breach of
19  fiduciary duties"); Commodity Futures Trading Comm'n v. American Bd. Of Trade, 803
20  F.2d 1242, 1251 (2d Cir. 1986) ("Normally, where the defendant has received benefits
21  from both lawful and unlawful activities, the party seeking disgorgement must distinguish
22  between the legally and illegally derived profits"); Allstate Ins. Co v. Receivable Fin. Co.
23  LLC, 501 F.3d 398, 413 (5th Cir. 2007) (reversing a disgorgement award and explaining
24  that "the party seeking disgorgement must distinguish between that which has been legally
25  and illegally obtained"; also explaining that in a "private action, the party seeking
26  monetary compensation [through disgorgement] may have a greater burden to prove its
27  claim to the amount requested" than in an action brought by a public entity like the SEC);
28  FTC v. Magui Publishers, Inc., 1991 U.S. Dist. LEXIS 20452, at **48-50 (C.D. Cal. Mar.

Case 2:04-cv-09049-DOC-RNB    Document 4269-6    Filed 08/20/08    Page 62 of 69    Page ID
Case 2:04-cv-09049-SGL-RNB    Document 4242    Filed 08/11/2008    Page 4 of 7
#:107222

1  28, 1991) (explaining in an FTC action that the threshold requirements for an award of

2  disgorgement require a showing that "the defendant profited from violations of the FTC

3  Act," "that the profits are causally related to the violations," and "that the disgorgement

4  figure reasonably approximates the amount of unjust enrichment"); Oshana v. Coca-Cola

5  Co., 2005 U.S. Dist. LEXIS 14184, *34-35 (N.D. Ill. July 13, 2005) ("Any disgorgement

6  award must be traceable to her individual injury. Accordingly, Oshana's disgorgement

7  remedy is limited to only those ill-gotten gains that Coca-Cola obtained from her in

8  connection with its alleged illegal conduct").  Cf. Fraternity Fund Ltd. v. Beacon Hill

9  Asset Mgmt., LLC, 479 F. Supp. 2d 349, 371 (S.D.N.Y. 2007) ("In the aiding and abetting

10  context, a plaintiff must allege that the defendant's substantial assistance in the primary

11  violation proximately caused the harm on which the primary liability is predicated.

12  Plaintiffs must allege more than but-for causation.  They must allege also that their injury

13  was 'a direct or reasonably foreseeable result of the conduct.'").

EXHIBIT E

PAGE 214

2

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 63 of 69   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 4242   Filed 08/11/2008   Page 5 of 7
#:12112

**CACI NO. 3947**

**PUNITIVE DAMAGES – INDIVIDUAL AND ENTITY DEFENDANTS –**
**TRIAL NOT BIFURCATED**

If you decide that MGA's or Mr. Larian's conduct caused Mattel harm, you must decide whether that conduct justifies an award of punitive damages.  The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Mr. Larian only if Mattel proves by clear and convincing evidence that Mr. Larian engaged in that conduct with malice, oppression, or fraud.

You may award punitive damages against MGA only if Mattel proves that MGA acted with malice, oppression, or fraud.  To do this, Mattel must prove one of the following by clear and convincing evidence:

1. That the malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of MGA, who acted on behalf of MGA; or

2. That an officer, a director, or a managing agent of MGA had advance knowledge of the unfitness of another officer, director, or managing agent of MGA and employed that person with a knowing disregard of the rights or safety of others; or

3. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of MGA; or

4. That one or more officers, directors, or managing agents of MGA knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it had occurred.

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 64 of 69   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 4242   Filed 08/11/2008   Page 6 of 7
#:121222

1

2   "Malice" means that a defendant acted with intent to cause injury or that a defendant's

3   conduct was despicable and was done with a willful and knowing disregard of the rights or

4   safety of another.  A defendant acts with knowing disregard when the defendant is aware

5   of the probable dangerous consequences of his, her, or its conduct and deliberately fails to

6   avoid those consequences.

7

8   "Oppression" means that a defendant's conduct was despicable and subjected Mattel to

9   cruel and unjust hardship in knowing disregard of its rights.

10

11   "Despicable conduct " is conduct that is so vile, base, or contemptible that it would be

12   looked down on and despised by reasonable people.

13

14   "Fraud" means that a defendant intentionally misrepresented or concealed a material fact

15   and did so intending to harm Mattel.

16

17   An employee is a "managing agent" if he or she exercises substantial independent

18   authority and judgment in his or her corporate decision making such that his or her

19   decisions ultimately determine corporate policy.

20

21   There is no fixed formula for determining the amount of punitive damages, and you are not

22   required to award any punitive damages.  If you decide to award punitive damages, you

23   should consider all of the following separately for each defendant in determining the

24   amount:

25

26     (a) How reprehensible was that defendant's conduct? In deciding how reprehensible a

27       defendant's conduct was, you may consider, among other factors:

28

EXHIBIT _E_

PAGE __216__

4

Case 2:04-cv-09049-DOC-RNB   Document 4269-6   Filed 08/20/08   Page 65 of 69   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 4242   Filed 08/11/2008   Page 7 of 7
#:101223

1. Whether the conduct caused physical harm;

2. Whether the defendant disregarded the health or safety of others;

3. Whether Mattel was financially weak or vulnerable and the defendant knew Mattel was financially weak or vulnerable and took advantage of it;

4. Whether the defendant's conduct involved a pattern or practice; and

5. Whether the defendant acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Mattel's harm or between the amount of punitive damages and potential harm to Mattel that the defendant knew was likely to occur because of its conduct?  Punitive damages may not be used to punish a defendant for the impact of its alleged misconduct on persons other than Mattel.

(c) In view of the defendant's financial condition, what amount is necessary to punish it and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources.  Any award you impose may not exceed that defendant's ability to pay.

**Authority:** CACI No. 3947.

DATED:  August 11, 2008          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Thomas J. Nolan_____
Thomas J. Nolan
Attorneys for the MGA Parties

# EXHIBIT F

**From:** Paula Treantafelles
**To:** 'Robert Haynes-Peterson'
**CC:**
**BCC:**
**Sent Date:** 2001-05-01 02:50:17:657
**Received Date:** 2001-05-01 02:50:17:657
**Subject:** RE: From DOLLS
**Attachments:**

Robert
I apologize for taking so long to respond to the below. Please see my responses to your questions below.

-----Original Message-----
From: Robert Haynes-Peterson [mailto:rhp@collector-online.com]
Sent: Wednesday, April 25, 2001 1:23 PM
To: ptreantafelles@mgae.com
Subject: From DOLLS

Hi Paula,

I'm just following up on the email I sent you last week. Our email system was down over the weekend and Monday, so in case you sent me a response I didn't get, I'm resending you the questions and information.

Sorry if I'm repreating myself, but I would love to get to talk with you ASAP, and my editor's reminding me it's time for a story. :-)

Thanks for your help,

Robert Haynes-Peterson
Associate Editor, DOLLS Magazine

Previous letter:

It was a pleasure indeed meeting you at Toyfair!

I think Dave told you I was going to email you with some questions on the Bratz dolls for our "Small Talk" feature. You can either answer them here, or give me a call at 212-989-8700 x 209

Basically, the deal is for Small Talk, we want the company to chat about their dolls a little, give us some quotes, enthusiasm etc. That's easy enough with Bratz because they're so dang cool! :-)

So here ya go, feel free to answer what you like and how you like. This is supposed to be fun:

EXHIBIT _E_

PAGE _218_

Confidential - For Attorney's Eyes Only

What is your exact title?
Senior Product Manager

What is your involvement with Bratz?
I am the Senior brand manager for BRATZ. I found the original concept from the inventor. In the meantime I have challenged the inventor in terms of designing of the fashion/dolls, I have managed the development of the dolls in HK, I have done all Marketing (packaging, press kit, TV commericial and website development). I have also supported the liscensing directior in developing strategies to launch our licensing plan

Can you give me some idea what the Bratz line is about? Who it's for, what the goal of the dolls are (fun, aspiration, diversity, play, collectibility, whatever), and the niche MGA feels they'll fill?
The BRATZ are the dolls with a passion for fashion. Cloe, Sasha, Jade and Yasmin are the bratzpack. They about style, attitude and self expression. BRATZ are the dolls that young girls aspire to and the older girls identify with.

BRATZ appeal to two very different consumers.

Our core target market are girls 7-10 years old (the young consumer). The young consumer loves BRATZ since they look so cool and they allow an extension for more traditional fashion/small doll play but more importantly they are dolls that like the girl they want to become when they get older (cool and pretty).

The older consumer (girls between 10-13) love BRATZ because they can identify with them. They represent the strength, attitude and fashion expression that are appropriate to girls of this age group. This is my niche. BRATZ are extremely collectible for girls who fall within this age group. They are far more interested in representing their BRATZ in the coolest fashion and decorating their room

How did MGA design the four different girls? Both inspiration for the overall design, and the look of each girl?
The four girls were already concepted when presented by the inventor during our first meeting. I thought they were incredible and I tried to stay true this inventor/creator's vision.

Do the girls have any sort of back story?
BRATZ all have very different personallities characterized by each of their own "fashion passion" but they all represent style, self expression and strength/indepence.

What kind of feedback are you getting from girls about the dolls? How they relate to them, how they're initiating play, etc?
I think I covered this in the above. Please let me know if you more on this.

Are more girls planned as the line takes off? And accessories?
Absolutely. There will be more characters and tons more FASHION accessories.

Any news yet on website development, animation tie-ins, etc? This question may be premature?
We are in full development of an interactive BRATZ website www.bratzpack.com. The objective of this website is to introduce each character and the position of the bratzpack. Its so fun!

EXHIBIT F
PAGE 219

Confidential - For Attorney's Eyes Only

What kind of feedback are you getting from older girls? I ask, because my personal suspicion is that this line will get a lot of attention from older teens through 20-somethings, especially if there is a strong web presence.

Got any other great "inside scoops" for DOLLS? Nothing I can speak of now... but MGA is always poised for more incredible dolls. We are just getting started.

Finally, anything personal you want to say about Bratz - personal impressions, on your excitement over the line, what they mean to you? Anything like that?
I am stronly commited to the BRATZ position. I hope that BRATZ will be the line that represents the self expression and indepence of girls today.

Thanks so much for your help! As I said, feel free to call or email. I look forward to the new images from Dave, and I think they are a great little line. Good luck with them and all the new lines you introduced at Toy Fair!

Take care,
Robert Haynes-Peterson
Associate Editor, DOLLS Magazine



EXHIBIT _F_

PAGE _220_

Confidential - For Attorney's Eyes Only

MGA 0051257
EX 10001-0003