UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MATTEL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., et al., <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx) <br><br> Consolidated with <br> Case No. CV 04-09059 SGL (RNBx) <br> Case No. CV 05-02727 SGL (RNBx) <br><br> Honorable Stephen G. Larson <br><br> **PHASE B VERDICT FORM AS GIVEN** |

# VERDICT FORM - PHASE B

We answer the questions submitted to us as follows:

## I. Damages for Phase A Claims

(Answer all four questions in this section.)

### Intentional Interference With Contractual Relations

1. In Phase A of this trial, you found that MGA Entertainment, Inc. ("MGA") and Isaac Larian are liable to Mattel for intentional interference with contractual relations. What amount of damages, if any, should be awarded to Mattel?

    As to MGA:    $ _20 MILLION_

    As to Mr. Larian:  $ _10 MILLION_

### Aiding and Abetting Breach of Fiduciary Duty

2. In Phase A of this trial, you found that MGA and Isaac Larian are liable to Mattel for aiding and abetting Carter Bryant's breach of fiduciary duty. What amount of damages, if any, should be awarded to Mattel?

    As to MGA:    $ _20 MILLION_

    As to Mr. Larian:  $ _10 MILLION_

### Aiding and Abetting Breach of the Duty of Loyalty

3. In Phase A of this trial, you found that MGA and Isaac Larian are liable to Mattel for aiding and abetting Carter Bryant's breach of the duty of loyalty. What amount of damages, if any, should be awarded to Mattel?

    As to MGA:    $ _20 MILLION_

    As to Mr. Larian:  $ _10 MILLION_

## Conversion

4. In Phase A of this trial, you found that MGA, Isaac Larian and MGA Entertainment (HK) Limited ("MGA Hong Kong") are liable to Mattel for conversion. What amount of damages, if any, should be awarded to Mattel?

As to MGA: $ __31,500 PLUS 7% INTEREST__
As to Mr. Larian: $ __0__  CALCULATED FROM
As to MGA Hong Kong: $ __0__  THE DATE MATTEL'S
PROPERTY WAS
CONVERTED.

## II. Copyright Infringement

5.  Has Mattel proven by a preponderance of the evidence that MGA is liable to Mattel for copyright infringement?

    Yes   X
    No   ___

If your answer is "yes," then answer Question 6.

If your answer is "no," then answer Question 7.

6.  Was MGA's copyright infringement willful?

    Yes   ___
    No    X

Answer Question 7.

7.  Has Mattel proven by a preponderance of the evidence that Isaac Larian is liable to Mattel for copyright infringement?

    Yes   X
    No   ___

If your answer is "yes," then answer Question 8.

If your answer is "no," then answer Question 9.

8.  Was Mr. Larian's copyright infringement willful?

    Yes   ___
    No    X

Answer Question 9.

9.  Has Mattel proven by a preponderance of the evidence that MGA Hong Kong is liable to Mattel for copyright infringement?

    Yes   X

1  No ____
2  If your answer is "yes," then answer Question 10.
3  If your answer is "no," then answer Question 11.

5  10.  Was MGA Hong Kong's copyright infringement willful?
6       Yes ____
7       No  X

8  Answer Question 11.

10  11.  What amount of damages, if any, should be awarded to Mattel for the
11  defendants' copyright infringement?
12      (a)  Copyright Infringement by MGA
13           $  6 Million
14      (b)  Copyright Infringement by Isaac Larian
15           Distributions Mr. Larian received from MGA attributable to Bratz-
16           related works:
17           $  3 Million
18           Value of Mr. Larian's ownership percentage of MGA attributable to
19           Bratz-related works:
20           $  0
21      (c)  Copyright Infringement by MGA Hong Kong:
22           $  1 Million

### III. Punitive Damages

12. Has Mattel proven by clear and convincing evidence that MGA acted with malice, oppression, or fraud?

    Yes ____

    No  _X_

If your answer is "yes," then answer Question 13.

If your answer is "no," then answer Question 14.

13. What amount of punitive damages, if any, should be awarded against MGA?

    $_____0_____

Answer Question 14.

14. Has Mattel proven by clear and convincing evidence that Isaac Larian acted with malice, oppression, or fraud?

    Yes ____

    No  _X_

If your answer is "yes," then answer Question 15.

If your answer is "no," then answer Question 16.

15. What amount of punitive damages, if any, should be awarded against Mr. Larian?

    $_____0_____

Answer Question 16.

16. Has Mattel proven by clear and convincing evidence that MGA Hong Kong acted with malice, oppression, or fraud?

    Yes ____

1   No   X

2   If your answer is "yes," then answer Question 17.

3   If your answer is "no," then answer Question 18.

5   17.   What amount of punitive damages, if any, should be awarded against
6   MGA Hong Kong?

7   $_____0_____

8   Answer Question 18.

# IV. Fraudulent Concealment

(Answer all five questions in this section.)

18. Has Mattel proven by a preponderance of the evidence that MGA fraudulently concealed the bases for Mattel's claim of intentional interference with contract against it until at least April 27, 2002?

    Yes  _X_

    No  ___

19. Has Mattel proven by a preponderance of the evidence that Isaac Larian fraudulently concealed the bases for Mattel's claim of intentional interference with contract against him until at least April 27, 2002?

    Yes  ___

    No  _X_

20. Has Mattel proven by a preponderance of the evidence that MGA fraudulently concealed the bases for Mattel's claim of conversion against it until at least April 27, 2001?

    Yes  _X_

    No  ___

21. Has Mattel proven by a preponderance of the evidence that Mr. Larian fraudulently concealed the bases for Mattel's claim of conversion against him until at least April 27, 2001?

    Yes  ___

    No  _X_

22. Has Mattel proven by a preponderance of the evidence that MGA Hong Kong fraudulently concealed the bases for Mattel's claim of conversion against it until at least April 27, 2001?

Yes ___

No _X_

Once this verdict form is completed, the foreperson of the jury should sign and date on the lines below.

DATED: August 26, 2008          /s/
                          _____
                          Jury Foreperson