QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                   Plaintiff,<br><br>        vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                   Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727<br><br>MATTEL, INC.'S REQUEST FOR MODIFICATIONS TO PROPOSED SCHEDULE |

1  At the August 27, 2008 Status Conference, the Court directed that the remaining activities in these consolidated cases be phased according to the following general structure:  (1) stay (to discuss settlement), (2) finish Phase 1 trial (equitable claims and defenses), (3) post-trial motions (JMOL, new trial, etc.), (4) remedial motions (injunction, attachment, etc.), and (5) phase 2 stay lifted.

Mattel has separately submitted a proposed schedule that comports with this structure, which Mattel submits is preferable to the schedule proposed by MGA. However, Mattel respectfully submits that some modifications to this general structure are also appropriate, as set forth below.

First, Mattel requests that the Court consider the appropriateness of injunctive and other equitable relief on an expedited basis.  Under the contemplated structure, the propriety of injunctive relief will not be decided for many months, at the earliest. That is problematic.  The jury has found that Bryant created the Bratz drawings while employed by Mattel -- the copyrights of which are therefore owned by Mattel -- and the jury has found that MGA and Larian have infringed those copyrights. Mattel is entitled to an injunction against further infringement.  Without a representation by MGA that it is not continuing to sell Bratz dolls (which are infringing), and a representation by Mr. Larian that he is not continuing to profit from such sales, Mattel's inability to file its motion for an injunction visits irreparable harm upon Mattel.  It may also require Mattel to seek a further damages trial, or even file a separate action to obtain damages, for the sales occurring between the date of the verdict and the date of the Court's injunction.  Trying Mattel's equitable claims and relief along with defendants' equitable defenses -- i.e., as part of the completion of the Phase 1 trial -- will promote efficiency and avoid prejudice and further irreparable harm to Mattel.

Second, Mattel requests that the Court permit limited aspects of Phase 2 discovery to proceed.  All Phase 2 discovery has now been stayed for more than six months.  Before that, Mattel's efforts to obtain even basic Phase 2 discovery were

stymied because of defendants' obstructionist tactics.  They should not be permitted to continue; yet a stay of Phase 2 discovery for many months to come would do just that.

In particular, Mattel has been attempting to depose Carlos Gustavo Machado Gomez -- a named defendant in this action -- since June 2007, to no avail.  Mattel first served a notice of deposition for Machado in June 2007.[1]  On September 4, 2007, Machado's counsel, and later counsel for MGA, agreed that October 26, 2007 was an acceptable date for Machado's deposition, and Mattel noticed Machado's deposition for that date.[2]  Machado then unilaterally cancelled that deposition, and failed to offer any alternative dates.[3]  Mattel filed a motion to compel Machado's deposition on November 15, 2007, which Machado opposed.[4]  Then, on December 6, 2007, counsel for Machado offered to make Machado available for deposition in Mexico City on January 15, 2008.[5]  Mattel accepted, and served an amended deposition notice for Machado's deposition on January 15, 2008 in Mexico City.[6]  Counsel for Machado then asked Mattel to agree to continue the hearing on Mattel's motion to compel the deposition.  Based on counsel's representation that Machado would be made available on the agreed date, Mattel agreed not to oppose a continuance of the hearing on the motion to compel to February 8, 2008.[7]  However, only three days before Machado's deposition was scheduled to occur, counsel for MGA informed Mattel that Machado's deposition would have to be cancelled.[8]  Machado's counsel also notified Mattel that Machado would not be appearing on the

---

[1] Proctor Dec., ¶ 2.
[2] Id.
[3] Id.
[4] See Docket Nos. 1122 and 1139.
[5] Second Supplemental Declaration of Jon D. Corey in Support of Mattel, Inc.'s Motion to Compel Deposition of Carlos Gustavo Machado Gomez, Docket No. 1527, Exhibit 1.
[6] Id. Exhibit 3.
[7] Id. at Paragraph 5.
[8] Id. at Exhibit 5.

1 agreed date.[9]  Before Mattel's motion could be heard, on February 4, 2008, the Court
2 ordered all discovery related to Phase 2 stayed.[10]

3 Mattel also has been trying to depose Jorge Castilla -- who, like Machado,
4 absconded with Mattel's trade secrets when he left for MGA -- since August 10,
5 2007, when Mattel subpoenaed him for deposition.[11]  When MGA challenged
6 Mattel's right to the deposition, Mattel brought a motion to compel additional
7 discovery on November 19, 2007,[12] which the Court granted, specifically granting
8 Mattel leave to take Castilla's deposition.[13]  On January 15, 2008, pursuant to the
9 Order, Mattel served another deposition subpoena on Castilla.[14]  However, this
10 deposition could not be completed prior to the February 4, 2008, stay of Phase 2
11 discovery ordered by the Court.

12 Mattel's inability to take such basic discovery as a deposition of Machado, a
13 named defendant, and Castilla, a key Phase 2 witness, despite having filed its trade
14 secrets counterclaims nearly two years ago, has prejudiced it.  Memories fade, and
15 the more time that passes the more plausible MGA's witnesses' "I don't recall"
16 answers will become.  Mattel respectfully submits that it should be permitted to take

---

[9] Id. at Exhibit 7.
[10] Proctor Dec., ¶ 4.
[11] Id. ¶ 3.
[12] Mattel Inc.'s Notice of Motion and Motion for Leave to Take Additional Discovery, dated November 19, 2007, at p. 13, Docket No. 1134.
[13] Order Granting in Part and denying in Part Mattel's Motion for Leave to Take Additional Discovery, dated January 7, 2008, at pp. 2-3, Docket No. 1504.
[14] Id. ¶ 3.

1  this limited Phase 2 discovery by deposing Machado and Castilla forthwith, while
2  remaining Phase 1 issues are adjudicated.
3
4  DATED:  August 29, 2008            QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
5
6
                                       By /s/ Michael T. Zeller
7                                         Michael T. Zeller
                                          Attorneys for Mattel, Inc.
8