UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                                         Date: September 3, 2008

Title:   MATTEL, INC. -v- MGA, INC.
             AND CONSOLIDATED ACTIONS
=======================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                                                          None Present
        Courtroom Deputy Clerk                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                             None present

PROCEEDINGS:      **ORDER DENYING MATTEL'S REQUEST TO RECALL THE JURY**

     On August 28, 2008, the Court held a hearing regarding an email received from Juror No. 7, in which she reported the jury intended to award $100 million dollars as the total amount of damages.  Although at the hearing counsel for both parties initially indicated that no inquiry of the jury should be made, the Court gave leave to both sides to file points and authorities concerning the matter.  The Court has received and reviewed the parties' submissions and issues the following Order.

     The cases cited by Mattel in its brief generally support its present position that the jury should be recalled to determine the amount of damages the jury intended to award.  However, factual distinctions between those cases and the present case counsel against such action.  Those cases all involved situations in which the jury had not yet been discharged, had not yet discussed the case with the attorneys involved, and were presumably not yet exposed to any publicity regarding the trial.  Here, this issue arose more than twenty-four hours after the jury had been discharged, after many of the jurors had discussed the case with parties' attorneys (as well as the individual defendant and his family), and after the jurors had the opportunity to be exposed to a substantial amount of publicity regarding the trial.

MINUTES FORM 90                                                                   Initials of Deputy Clerk __jh_____
CIVIL -- GEN                                                      1

The Court's analysis is governed by Fed. R. Evid. 606(b), which allows jurors to testify regarding "extraneous prejudicial information," "outside influence[s]," and "mistake," but which generally prohibits testimony on all other topics, serving the purpose of insulating the jury's deliberative process from post-verdict scrutiny.  See United States v. Henley, 238 F.3d 1111, 1120 (9th Cir. 2001).  Rule 606(b) codified the long-standing common law rule that is succinctly stated as "[j]urors may not impeach their own verdict."  United States v. Weiner, 578 F.2d 757, 764 (9th Cir. 1978) (citing McDonald v. Pless, 238 U.S. 264 (1915)).

Although Mattel argues that the Court's inquiry could be limited such that it delves into only a confirmation of the amount of damages the jury intended to award (which could be viewed as falling into the "mistake" category, upon which jurors are permitted to testify), MGA correctly argues that, given the presence of the jury instruction on the allocation of damages, any inquiry into this matter would stray far too close to – if it did not invade entirely – the territory protected by Rule 606(b):  The jury's deliberative process.

Moreover, in light of the opportunity for many, if not all, of the jurors to be exposed to the substantial publicity this case has generated, as well as personal, off-the-record conversations with counsel, the Court finds that it must agree with MGA's assessment of this jury:  They are hopelessly tainted by influences outside the evidence presented during the trial, the instructions given by the Court, and the arguments made by counsel.  During the trial, the jurors were prohibited from reading any of the numerous press accounts of this case.  After the trial, this restriction was lifted, and most, if not all, the jurors have ready access to archived press accounts of the case (as well as blog commentaries and the parties' various press releases) via the internet.  Having devoted three months of their lives to the trial in this action, the Court presumes many of the jurors, like Juror No. 7, have been curious enough since the verdict was rendered to review the results of a simple on-line search.  Likewise, during the trial, the attorneys were precluded from communicating with the jury; after the trial, whether the jurors speak with attorneys is left entirely up to each individual juror, and it appears that all parties are in agreement that there has been a great deal of communications with the jurors.

Mattel's request to recall the jury is **DENIED**.

**IT IS SO ORDERED.**

# NOTICE PARTY SERVICE LIST

**Case No.** _____   **Case Title** _____

**Title of Document** _____

| | | | |
|---|---|---|---|
| | Atty Sttlmnt Officer Panel Coordinator | | US Attorneys Office - Civil Division -L.A. |
| | BAP (Bankruptcy Appellate Panel) | | US Attorneys Office - Civil Division - S.A. |
| | Beck, Michael J (Clerk, MDL Panel) | | US Attorneys Office - Criminal Division -L.A. |
| | BOP (Bureau of Prisons) | | US Attorneys Office - Criminal Division -S.A. |
| | CA St Pub Defender (Calif. State PD) | | US Bankruptcy Court |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | US Marshal Service - Los Angeles (USMLA) |
| | Case Asgmt Admin (Case Assignment Administrator) | | US Marshal Service - Riverside (USMED) |
| | Catterson, Cathy (9th Circuit Court of Appeal) | | US Marshal Service -Santa Ana (USMSA) |
| | Chief Deputy Admin | | US Probation Office (USPO) |
| | Chief Deputy Ops | | US Trustee's Office |
| | Clerk of Court | | Warden, San Quentin State Prison, CA |
| | Death Penalty H/C (Law Clerks) | | |
| | Dep In Chg E Div | | |
| | Dep In Chg So Div | | |
| | Federal Public Defender | | |
| | Fiscal Section | | |
| | Intake Section, Criminal LA | | |
| | Intake Section, Criminal SA | | |
| | Intake Supervisor, Civil | | |
| | PIA Clerk - Los Angeles (PIALA) | | |
| | PIA Clerk - Riverside (PIAED) | | |
| | PIA Clerk - Santa Ana (PIASA) | | |
| | PSA - Los Angeles (PSALA) | | |
| | PSA - Riverside (PSAED) | | |
| | PSA - Santa Ana (PSASA) | | |
| | Schnack, Randall (CJA Supervising Attorney) | | |
| | Statistics Clerk | | |

***ADD NEW NOTICE PARTY***
**(if sending by fax, mailing address must also be provided)**

Name:

Firm:

Address (*include suite or floor*):

*E-mail:

*Fax No.:

* For CIVIL cases only

***JUDGE / MAGISTRATE JUDGE (list below):***

**Initials of Deputy Clerk** _____