1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     johnquinn@quinnemanuel.com
3    Michael T. Zeller (Bar No. 196417)
     (michaelzeller@quinnemanuel.com)
4    Jon D. Corey (Bar No. 185066)
     (joncorey@quinnemanuel.com)
5  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
6  Telephone: (213) 443-3000
   Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13        Plaintiff, | Consolidated with<br>Case No. CV 04-09039 |
| 14        vs. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware<br>corporation, | **MATTEL, INC.'S NOTICE OF<br>MOTION AND MOTION FOR<br>DECLARATORY JUDGMENT OF** |
| 16 | **OWNERSHIP OF BRATZ WORKS;** |
| 17        Defendant. | **AND** |
| 18  AND CONSOLIDATED ACTIONS | **MEMORANDUM OF POINTS AND<br>AUTHORITIES** |
| 19 | [Declaration of Cyrus Naim filed<br>concurrently] |
| 20 | |
| 21 | Hearing Date:   November 10, 2008 |
| 22 | Time:           1:00 p.m.<br>Place:           Courtroom 1 |
| 23 | |
| 24 | **Phase 1**<br>Trial Date:     May 27, 2008 |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

07209/2619663.4

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |     PLEASE TAKE NOTICE that on November 10, 2008, at 1:00 p.m., or as
3 | soon as counsel may otherwise be heard, in the courtroom of the Honorable
4 | Stephen G. Larson, located at 3470 Twelfth Street, Riverside, California 92501,
5 | plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court to enter
6 | declaratory judgment that (i) Mattel owns all right, title and interest in and to the
7 | Bratz-related works, ideas, and concepts that the jury found Bryant had created
8 | while employed by Mattel, (ii) MGA Entertainment, Inc., MGA Entertainment (HK)
9 | Ltd. and Isaac Larian (collectively "MGA") do not have any rights in or to such
10 | works, ideas or concepts, and (iii) any purported assignment and other transfer of
11 | the rights to such items to MGA was invalid, ineffectual and void ab initio. In
12 | addition, Mattel respectfully requests that the Court declare that MGA's copyright
13 | registrations of the Bratz works are subject to a constructive trust in favor of Mattel
14 | or, in the alternative, issue a declaration that MGA's copyright registrations in the
15 | Bratz works owned by Mattel are invalid because MGA is not, and never was, the
16 | true owner of those works. Mattel also requests that the Court declare that all Bratz-
17 | related works Bryant created or conceived while employed at Mattel are subject to a
18 | constructive trust in favor of Mattel, and that Defendants shall deliver the originals
19 | of such works to Mattel forthwith.

20 |     This Motion is made pursuant to Federal Rule of Civil Procedure 57 and 28
21 | U.S.C. § 2201 on the grounds that a declaratory judgment is appropriate in this case,
22 | and the Court's prior rulings and the jury's findings at trial compel a finding in
23 | Mattel's favor.

24 |     This Motion is based on this Notice of Motion and Motion, the accompanying
25 | Memorandum of Points and Authorities, the Declaration of Cyrus S. Naim and
26 | exhibits filed concurrently, and the evidence admitted at trial and all other matters of
27 | which the Court may take judicial notice.

28 |

1

## **Statement of Rule 7-3 Compliance**

2      Counsel for Mattel and defendants met and conferred regarding the issues

3  presented by this Motion on September 17, 2008.

4  DATED:  September 29, 2008    QUINN EMANUEL URQUHART OLIVER &
                             HEDGES, LLP

5

6                            By /s/ Michael T. Zeller_____

7                              Michael T. Zeller
                              Attorneys for Mattel, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

On summary judgment, this Court determined that Bryant's Inventions Agreement with Mattel was valid and enforceable. The Court further ruled that, pursuant to the Inventions Agreement, Mattel is the owner of all Bratz-related "inventions" -- including any designs, improvements, ideas, concepts, and copyrightable subject matter -- Bryant created while employed by Mattel. At trial, the jury found that Bryant created virtually all the disputed Bratz designs while employed by Mattel and that, furthermore, he conceived the ideas for the Bratz characters and the name "Bratz" while employed by Mattel.

Based on the jury's findings and consistent with the Court's rulings, the Court should now issue a declaratory judgment pursuant to Mattel's thirteenth claim for relief that Mattel owns all right, title and interest in and to the Bratz-related works, ideas and concepts the jury found Bryant had conceived or created while employed by Mattel, including the Bratz drawings, Bratz sculpts, the ideas for the Bratz characters and the name "Bratz." Furthermore, the Court should declare that MGA does not have any rights in or to such works, ideas or concepts and that Bryant's purported transfer of the rights to such matters to MGA was invalid and void ab initio. Finally, the Court should declare that all Bratz-related works Bryant created or conceived while employed at Mattel, and MGA's copyright registrations of the Bratz works, are subject to a constructive trust in favor of Mattel. In the alternative, the Court should declare that those copyright registrations are invalid because MGA is not -- and never was -- the true owner of those works.

1

## Statement of Facts

2       On January 4, 1999, Carter Bryant entered into an Employee Confidential
3   Information and Inventions Agreement with Mattel (the "Inventions Agreement").
4   Under the Inventions Agreement, Mattel owns the rights to all "inventions" in
5   Mattel's line of business that Bryant conceived or created during the period of his
6   employment at Mattel.[1]   This Court previously ruled that Mattel's Inventions
7   Agreement with Bryant is enforceable and operated to assign to Mattel the Bratz
8   works that Bryant created or conceived while employed at Mattel:

9               The Court grants summary judgment in favor of Mattel on
10              the issue of the enforceability of the Inventions Agreement
11              and the issue of applicability of the Inventions Agreement
12              to any Bratz-related 'Inventions' (including any designs,
13              improvements, ideas, concepts, and copyrightable subject
14              matter) that he is found to have created during the period
15              of his employment with Mattel.[2]

16      After he entered into his Inventions Agreement with Mattel, Carter Bryant
17  purported to transfer to MGA all "Bryant Work Product" relating to Bratz, including
18  in a contract dated "as of" September 18, 2000.[3]

19      At trial, in its Phase 1A verdict, the jury found that all but four of the works
20  and ideas disputed by the parties were conceived or created by Bryant while he was

21

22

23  ─────────────
    [1]  Trial Exhibit 25 (Employee Confidential Information and Inventions
24  Agreement, dated January 4, 1999), attached as Exhibit 1 the Declaration of Cyrus
    S. Naim ("Naim Dec."), filed concurrently herewith.
25  [2]  Order Granting in Part, Denying in Part, and Deferring in Part The Parties'
26  Motions for Partial Summary Judgment, dated April 25, 2008, Docket No. 3286, at
    5, Naim Dec., Exh. 2.
27  [3]  Trial Exhibit 15 (Agreement between MGA Entertainment, Inc. and Carter
28  Bryant, dated as of September 18, 2000), Naim Dec., Exh. 3.

1   employed by Mattel.[4]  The Bratz works that the jury found Bryant conceived or
2   created while he was a Mattel employee included: (1) over 70 Bratz drawings; (2)
3   two three-dimensional representations of Bratz; (3) the ideas for the Bratz
4   characters; and (4) the idea for the name "Bratz" (collectively, the "Bratz works").

5         Accordingly, after the jury reached its Phase 1A verdict, the Court instructed
6   the jury in Phase 1B that Mattel owned the copyrights to the designs Bryant created
7   while employed by Mattel: "As a matter of law, Mattel is the owner, by assignment,
8   of the Bratz-related items that you found were created by Carter Bryant, alone or
9   jointly with others, while employed by Mattel, which items have been registered by
10  Mattel at the U.S. Copyright Office."[5]  Recognizing that this was the import of the
11  verdict, MGA itself proposed a variant of this instruction: "Based on your findings
12  in Phase 1-A of this trial regarding when certain drawings were 'created' by Carter
13  Bryant, the Court has determined as a matter of law that Mattel owns the copyrights
14  to Mr. Bryant's drawings."[6]

15        Mattel now brings this motion to memorialize the Court's ruling in a
16  declaratory judgment as prayed for in Mattel's thirteenth claim for relief.

17
18
19
20
21
22
23
24

25  [4]  See Final Verdict Form as Given, dated July 17, 2008, at Nos. 1-6, Naim Dec., Exh. 4.
26  [5]  Phase B Jury Instructions As Given, Instruction No. 20, Docket No. 4267, Naim Dec., Exh. 5; see also id., Instruction No. 22 (similar).
27  [6]  MGA Parties' Revised Disputed [Proposed] Jury Instructions, dated July 25, 2008, Docket No. 4164, at 32, Naim Dec., Exh. 6.
28

1

## Argument

2 **I.    DECLARATORY RELIEF IS APPROPRIATE IN THIS CASE**

3          In its Counterclaims, Mattel sought a declaration that Mattel is the owner of
4 the Bratz works and that Bryant's purported transfer of rights in those works to
5 MGA was invalid.[7]  Courts "have generally recognized two criteria for determining
6 whether declaratory relief is appropriate: (1) when the judgment will serve a useful
7 purpose in clarifying and settling the legal relations in issue, and (2) when it will
8 terminate and afford relief from the uncertainty, insecurity, and controversy giving
9 rise to the proceeding." Bilbrey by Bilbrey v. Brown, 738 F.2d 1462, 1470 (9th Cir.
10 1984) (quotations omitted).  As one leading treatise has recognized, "declaratory
11 judgment should not be considered an extraordinary remedy or an unusual or a
12 strange form of action; it should be considered a simple, ordinary auxiliary
13 remedy—no more strange than injunction, specific performance, or damages—to be
14 asked for and given whenever it will remove uncertainty in the rights of a litigant or
15 settle a controversy existing or incipient."  C. Wright, A. Miller, & M. Kane, 10B
16 Federal Practice and Procedure § 2758 (3d ed. 2008).  As the Federal Rules also
17 make explicit, it is immaterial that Mattel has obtained or seeks other relief. "The
18 existence of another adequate remedy does not preclude a declaratory judgment that
19 is otherwise appropriate. " Fed. R. Civ. P. 57.

20          Under established standards, declaratory relief is appropriate here.  First, a
21 declaratory judgment will clarify and settle aspects of the legal relations between the
22 parties.  After entering into the Inventions Agreement that assigned rights in his
23 inventions -- including Bratz-related inventions as the Court has found -- Bryant
24 entered into a conflicting agreement purporting to transfer rights to the Bratz works

25

26

---

27  [7]  See Second Amended Answer and Counterclaims, dated July 12, 2007, Prayer
28 for Relief ¶¶ 1-2, Naim Dec., Exh. 7; see also id. at Counterclaims ¶¶ 167-170.

-4-

1  at issue to a separate party, MGA.[8]  Both MGA and Bryant also have repeatedly
2  disputed Mattel's rights,[9] and MGA obtained copyright registrations for Bratz works
3  that purport to reflect MGA's ownership in them,[10] even though Mattel owns those
4  works.  The ownership of the Bratz works can be resolved in Mattel's favor at this
5  juncture in light of the jury's findings and the Court's prior rulings.  Numerous
6  courts have granted declaratory relief to settle issues of intellectual property
7  ownership and contract validity.  See, e.g., Classic Media, Inc. v. Mewborn, 532
8  F.3d 978 (9th Cir. 2008) (granting declaratory judgment of copyright ownership);
9  Thayer v. Nydigger, 1999 WL 372552, at *10 (D. Or. Apr. 15, 1999) (granting
10 declaratory judgment of trademark ownership as the result of contract transferring
11 ownership); Price v. Fox Ent't Group, Inc., 473 F. Supp. 2d 446, 460 (S.D.N.Y.
12 2007) (granting plaintiffs' motion for declaratory judgment of copyright ownership);
13 Clark v. Hudson Bay Music, Inc., 1995 WL 600570, at *9 (S.D.N.Y. Oct. 12, 1995)
14 (same); Cauderlier & Associates, Inc. v. Zambrana, 527 F. Supp. 2d 142, 153-154
15 (D.D.C. 2007) (granting declaratory judgment regarding validity of contract).

16      Second, declaratory judgment will "terminate and afford relief from the
17 uncertainty, insecurity, and controversy giving rise to the proceeding[s]."  A central
18 issue that gave rise to the instant case is the ownership of the Bratz works Bryant
19 created while employed by Mattel, and the uncertainty created by Bryant's purported
20 transfer of rights in those works to MGA and MGA's improper claims of ownership
21
22
23  [8]  See, e.g., Trial Exhibit 15, Naim Dec., Exh. 3; Trial Tr. at 1326:13-1327:21.
    [9]  See, e.g., Amended Answer and Affirmative Defenses of MGA Entertainment
24  Inc., MGA Entertainment (HK) Limited And MGAE de Mexico S.R.L. de C.V. to
    Mattel, Inc.'s Second Amended Answer and Counterclaims, dated September 19,
25  2007, Docket No. 1005, at ¶¶ 21-36, 83, Naim Dec., Exh. 8; Carter Bryant's Second
26  Amended Reply to Mattel's Counterclaims, dated October 16, 2007, Docket No.
    1099, at ¶¶ 21-36, 83, Naim Dec., Exh. 9; Trial Tr. at 2781:22-2782:8.
27  [10]  See Trial Exhibits 505, 507, 509, 511, and 513 (MGA copyright registrations
28  in Bratz drawings), Naim Dec., Exhs. 10-14.

1  in them.  Issuing a declaratory judgment adjudicating these facts will resolve that
2  controversy.  Thus, this factor also favors granting of declaratory relief here.  See,
3  e.g., Eureka Federal Sav. and Loan Ass'n v. American Cas. Co. of Reading, Pa., 873
4  F.2d 229, 231-232 (9th Cir. 1989) (holding judicial declaration appropriate because
5  it would afford relief from uncertainty).

6  **II.     THE FINDINGS OF THE JURY AND THE COURT'S PRIOR**
7          **RULINGS COMPEL DECLARATORY JUDGMENT OF OWNERSHIP**
8          **IN MATTEL'S FAVOR**

9          The Court's prior orders, coupled with the jury's findings, necessitate entry of
10  a declaratory judgment in Mattel's favor.  In ruling on the parties' motions for partial
11  summary judgment, the Court found as a matter of law that Mattel's Inventions
12  Agreement with Carter Bryant was valid and enforceable and served to grant Mattel
13  all rights to any Bratz-related works, including designs and ideas, that Carter Bryant
14  conceived or created while employed by Mattel.  There is no cause to revisit that
15  ruling.

16         The jury's verdict found that Carter Bryant created numerous Bratz works,
17  sculpts and concepts while employed by Mattel.[11]   The jury's findings are
18  controlling here.  "[I]t would be a violation of the seventh amendment right to jury
19  trial for the court to disregard a jury's finding of fact.  Thus, in a case where legal
20  claims are tried by a jury and equitable claims are tried by a judge, and the claims
21  are based on the same facts, in deciding the equitable claims the Seventh
22  Amendment requires the trial judge to follow the jury's implicit or explicit factual
23  determinations."  Los Angeles Police Protective League v. Gates, 995 F.2d 1469,
24  1473 (9th Cir. 1993) (quotations omitted); see also Floyd v. Laws, 929 F.2d 1390,
25  1397 (9th Cir. 1991); Miller v. Fairchild Indus., Inc., 885 F.2d 498, 507 (9th Cir.
26

27  [11]   See Final Verdict Form as Given, dated July 17, 2008, at Nos. 1-6, Naim
28  Dec., Exh. 4.

1    1989).  Here, the factual issue of when the Bratz properties at issue were created
2    was decided by the jury in Mattel's favor.  The Court should therefore declare that
3    Mattel owns all right, title and interest in and to the Bratz properties the jury found
4    were conceived or created by Bryant while employed by Mattel.

5        The Court should also declare that MGA has no rights in or to such properties
6    and, more specifically, that MGA's contract with Bryant purporting to convey them
7    is invalid.  MGA's ostensible basis for asserting ownership of the Bratz properties is
8    an agreement by which Carter Bryant purported to transfer rights to Bratz to MGA.
9    However, Bryant had granted those rights to Mattel and thus had no rights to convey
10   to MGA.  As a result, Bryant's supposed transfer of rights to MGA was invalid.
11   See, e.g., Howell v. War Finance Corp., 71 F.2d 237, 245 (9th Cir. 1934) ("At law a
12   person cannot convey that which he does not own . . . . ") (quotations omitted);
13   Septembertide Pub., B.V. v. Stein and Day, Inc., 884 F.2d 675, 682 (2d Cir. 1989)
14   (holding that publisher could not validly assign rights it did not own).

15   **III.**    **THE COURT SHOULD DECLARE THAT MGA'S REGISTRATIONS**
16          **OF THE BRATZ DRAWINGS AND ALL BRATZ-RELATED WORKS**
17          **CREATED BY BRYANT ARE SUBJECT TO A CONSTRUCTIVE**
18          **TRUST IN FAVOR OF MATTEL**

19        As discussed above, Mattel owns the copyrights in the Bratz works, and
20   MGA does not.  MGA, however, has registered copyrights in five of the Bratz
21   drawings the jury found were created by Bryant while employed by Mattel.[12]  These
22   MGA registrations should be declared to be subject to a constructive trust and
23   transferred to Mattel.  A constructive trust is appropriate to prevent a defendant from
24   retaining the benefits of its wrongful conduct.  See Burlesci v. Petersen, 68 Cal.
25   App. 4th 1062, 1069 (Cal. Ct. App. 1998) ("The essence of the theory of
26   constructive trust is to prevent unjust enrichment and to prevent a person from

27

28   [12]   See Trial Exhibits 505, 507, 509, 511, and 513, Naim Dec., Exhs. 10-14.

-7-

1 taking advantage of his or her wrongdoing."); <u>Martin v. Kehl</u>, 145 Cal. App. 3d 228,
2 237 (1983) ("A constructive trust is a remedial device primarily created to prevent
3 unjust enrichment."); <u>Weiss v. Marcus</u>, 51 Cal. App. 3d 590, 600 (1975) ("[A]
4 constructive trust may be imposed in practically any case where there is a wrongful
5 acquisition or detention of property to which another is entitled."); <u>see</u> <u>also</u> Dobbs,
6 <u>Law of Remedies</u> § 4.3(2) (2d ed. 1993) at 589-90 ("The constructive trust might be
7 imposed on any identifiable kind of property or entitlement in the defendant's hands
8 if, in equity and conscience, it belongs to the plaintiff").

9 Here, the sole basis MGA had for registering these works was its false claim
10 that it owned the rights to the Bratz drawings as a result of Bryant's alleged transfer
11 of them to MGA. As the jury found, however, Bryant created these drawings at
12 Mattel, and MGA engaged in wrongful conduct to obtain its purported rights to the
13 drawings. Absent a constructive trust, MGA may continue to assert an interest in
14 the drawings through its copyright registrations. A trust, and transfer of those
15 registrations to Mattel, is therefore necessary to prevent its unjust enrichment.

16 In the alternative, if the Court is disinclined to declare that the registrations
17 are subject to a constructive trust, Mattel respectfully requests that the Court declare
18 MGA's copyright registrations in the Bratz works are invalid because MGA is not,
19 and never was, the true owner of the drawings. <u>See</u> 17 U.S.C. § 408 (permitting
20 only owner of copyright or other exclusive right in a work to obtain registration);
21 <u>Fred Riley Home Bldg. Corp. v. Cosgrove</u>, 883 F. Supp. 1478, 1481 (D. Kan. 1995)
22 (declaring registration invalid because registrant was not owner of the copyrighted
23 work).

24 The Court should also declare that all Bratz-related works created or
25 conceived by Bryant while employed by Mattel are subject to a constructive trust in
26 favor of Mattel and are to be transferred to Mattel.

27
28

## Conclusion

For the foregoing reasons, Mattel respectfully requests that this Court issue a declaratory judgment that (i) Mattel owns all right, title and interest in and to the Bratz-related works, ideas, and concepts that Bryant conceived or created while employed by Mattel, including the ideas for the Bratz characters and the name "Bratz" and the Bratz designs the jury found Bryant created at Mattel, (ii) MGA does not have any rights in or to such works, ideas or concepts, and (iii) any purported transfer of the rights to such items by Bryant to MGA was invalid, ineffectual and void ab initio.   In addition, Mattel respectfully requests that the Court declare that MGA's copyright registrations of the Bratz works, are subject to a constructive trust in favor of Mattel.   In the alternative, the Court should declare that MGA's copyright registrations in the Bratz works are invalid.   Mattel also requests that the Court declare that all Bratz-related works Bryant created or conceived while employed at Mattel are subject to a constructive trust in favor of Mattel, and that Defendants shall deliver the originals of such works to Mattel forthwith.

DATED:  September 29, 2008          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP

                                    By /s/ Michael T. Zeller
                                       Michael T. Zeller
                                       Attorneys for Mattel, Inc.