UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>[PROPOSED] ORDER GRANTING DECLARATORY JUDGMENT |

07209/2641997.3

[PROPOSED] ORDER

# [PROPOSED] ORDER

Having considered Mattel, Inc.'s Motion for Declaratory Judgment of Ownership of Bratz Works ("Motion"), any opposition thereto and all other papers and arguments submitted in connection therewith, as well as the evidence admitted at trial and the jury's verdicts in the Phase 1 trial, the Court hereby GRANTS said Motion, and ORDERS that a declaratory judgment be entered, as follows:

1. On January 4, 1999, Carter Bryant entered into an Employee Confidential Information and Inventions Agreement (the "Inventions Agreement") with Mattel, Inc. ("Mattel").

2. The Inventions Agreement is an enforceable contract under California law.

3. Under the Inventions Agreement, Mattel owns the rights to all "inventions" in Mattel's line of business that Mr. Bryant "conceived or reduced to practice" while employed at Mattel.

4. As a matter of California law, the Inventions Agreement effected an assignment to Mattel of all Bratz-related "inventions," including any designs, improvements, ideas, concepts, and copyrightable subject matter, that Mr. Bryant created, alone or jointly with others, during the period of his employment with Mattel. All such inventions were assigned to Mattel upon their conception and/or creation.

5. At the Phase 1 trial of this matter, the jury found that Carter Bryant created two- and three-dimensional designs and conceived ideas or concepts related to the Bratz line of dolls and products while employed by Mattel, as set forth specifically below.

6. The Inventions Agreement applies to all these designs and ideas, and assigns ownership of them to Mattel.

7. Accordingly, the Court hereby DECLARES that Mattel owns all right, title and interest, including any and all copyright rights, in and to the Bratz-related works, ideas, and concepts that Carter Bryant conceived or created while employed by Mattel, as found by the jury in this case, including the idea for the name "Bratz" and the idea for the "Bratz" characters, which are protectible property interests as a matter of California state law, and the following works (identified by Trial Exhibit (TX) numbers):

| |
|---|
| TX 5-52, 62-1, 624, 5-74, 62-11, 10537, 15180, 5-75, 62-12, 10538, 15181, 5-111, 708, 5-112, 62-13, 5-113, 5-114, 62-14, 62-15, 1152-1, 1152-2, 10613, 1328, 10033-3, 10033-4 |
| TX 5-88, 35-1, 35-3, 5-101, 1327, 10153-3, 10153-4 |
| TX 5-35, 757 |
| TX 5-36, 701, 702 |
| TX 5-37, 703 |
| TX 5-38, 762 |
| TX 5-43, 709 |
| TX 5-46, 710 |
| TX 5-49, 704 |
| TX 5-50, 705 |
| TX 5-53, 1152-5, 1152-6, 10534, 15175 |
| TX 5-54, 62-2, 620, 774, 775 |
| TX 5-55, 62-3, 785, 1152-9 |
| TX 5-56, 764, 15176 |
| TX 5-57, 776, 777 |
| TX 5-58, 765, 15177 |
| TX 5-59, 739, 740 |
| TX 5-60, 761 |
| TX 5-61, 62-4, 782, 796-1, 1748 |
| TX 5-62, 62-5, 621, 767, 768, 5-71, 62-10, 770, 1752-1 |
| TX 5-63, 758, 759, 760 |
| TX 5-64, 62-6, 795, 1152-14, 1750 |

| # | |
|---|---|
| 1 | TX 5-65, 1152-7, 1152-8, 11789 |
| 2 | TX 5-66, 794, 1152-13 |
| 3 | TX 5-67, 62-7, 784, 1152-11, 1152-12, 10535 |
| 4 | TX 5-68, 62-8, 781, 786, 790, 1751-4 |
| 5 | TX 5-69, 11788, 5-70, 62-9, 623, 783 |
| 6 | TX 5-72, 1152-15, 1152-16, 10536, 15179 |
| 7 | TX 5-73, 741, 742 |
| 8 | TX 5-76, 706 |
| 9 | TX 5-77, 707 |
| 10 | TX 5-78, 10539, 18501 |
| 11 | TX 5-136, 711 |
| 12 | TX 10579, 18281 |
| 13 | TX 15172 |
| 14 | TX 3-1, 779, 780, 1-1, 2-1, 778 |
| 15 | TX 3-2, 726, 727, 728, 1-4, 2-5 |
| 16 | TX 3-3, 1152-19, 1152-20, 11838, 15182, 1-6, 2-10, 5-104, 10544 |
| 17 | TX 3-5, 791, 1-8, 2-2 |
| 18 | TX 3-6, 11837, 15184, 1-7, 2-8, 743, 744, 5-107, 1152-17, 1152-18, 10547 |
| 19 | TX 3-8, 789, 1-11, 2-9, 734, 5-106, 10546 |
| 20 | TX 3-9, 788, 1-10, 2-6, 746, 5-103, 10543 |
| 21 | TX 3-10, 735, 736 |
| 22 | TX 3-12, 792, 1-3, 2-7, 5-102, 10542 |
| 23 | TX 3-13, 793, 1-5, 2-3, 10-3 |
| 24 | TX 5-79, 1-9, 2-4, 737, 10545, 5-105 |
| 25 | TX 1-2 |
| 26 | TX 3-11, |
| 27 | TX 5-26, 712 |
| 28 | TX 5-27, 713 |
| | TX 5-81, 720 |

| | |
|---|---|
| TX 5-82, 715 | |
| TX 5-83, 723 | |
| TX 3-4, 5-84, 716, 717 | |
| TX 3-7, 5-85, 718, 719, 10-2, 63-1 | |
| TX 5-80, 721, 722, 5-86 | |
| TX 5-87, 5-108, 724, 725 | |
| TX 5-34 | |
| TX 5-89, 35-2, 323-32, 323-33 | |
| TX 1107, 10638 | |
| TX 1108, 10639 | |
| TX 1109, 771 | |
| TX 1110, 773 | |
| TX 5-14, 10515 | |
| TX 5-18, 10518 | |
| TX 5-19, 10519 | |
| TX 5-28, 10526 | |
| TX 5-30 | |
| TX 5-95 | |
| TX 5-96 | |
| TX 5-99 | |
| TX 323-18 | |
| TX 323-19 | |
| TX 323-26 | |
| TX 1136 | |
| The Three Dimensional Item Presented at the Meeting where Mr. Bryant Pitched Bratz to MGA Entertainment, Inc. | |

8. The Court further hereby DECLARES that MGA Entertainment Inc. ("MGA"), MGA Entertainment (HK) Ltd. ("MGA Hong Kong") and Isaac Larian do not have any right, title or interest in or to the works, ideas and/or concepts listed above. Any purported assignment from Carter Bryant to MGA of the rights to the

1 | works, ideas or concepts listed above, including any purported assignment of such
2 | rights in the agreement between MGA and Mr. Bryant dated "as of" September 18,
3 | 2000, was invalid, ineffectual and void ab initio.
4 |     9. In addition, the Court hereby ORDERS that all copyright registrations
5 | MGA has obtained in and for the Bratz works listed above, including Registration
6 | Nos. VA 1-218-487 (Trial Exhibit 505), VA 1-218-488 (Trial Exhibit 507), VA 1-
7 | 218-489 (Trial Exhibit 513), VA 1-218-490 (Trial Exhibit 509), VA 1-218-491
8 | (Trial Exhibit 511), are subject to a constructive trust in favor of Mattel and have
9 | been held by MGA for Mattel's benefit. Mattel is the beneficial owner of such
10 | registrations.
11 |     10. The Court further hereby ORDERS that all Bratz-related works listed
12 | in Paragraph 7 above are subject to a constructive trust in favor of Mattel and that
13 | Defendants shall deliver the originals of such works to Mattel forthwith.
14 |     IT IS SO ORDERED.

DATED: _____, 2008 _____
Hon. Stephen G. Larson
United States District Judge