EXHIBIT A

# BIOGRAPHICAL MATERIAL

*-Kenneth A. Hollander-*

## CAREER

- *Procter & Gamble, Cincinnati*
  - Research Brand Manager

- *Hallmark Cards, Kansas City*
  - Associate Research Director

- *Young & Rubicam, Chicago*
  - Research Director

- *Interpublic Group of Companies, Atlanta*
  - Vice President, Director of Communications Planning Group

- *Kenneth Hollander Associates*
  - Chief Executive Officer

## ACADEMIC INVOLVEMENT

- *University of Georgia Graduate School of Business*
  - Lecturer
  - Chairman, Board of Advisors, Masters of Marketing Research Program
  - Distinguished Practitioner, Department of Marketing

- *Emory University Graduate School of Business*
  - Lecturer

- *Stanford University Graduate School of Business*
  - Lecturer

## PUBLICATION

- Contributing Editor, Advertising, McGraw Hill

## SPEAKER

- *American Marketing Association*
- *Association of National Advertisers*
- *Advertising Research Foundation*
- *Marketing Research Association*

## EDUCATION

- *B.S.*    *The Ohio State University*
- *MBA*    *The University of Missouri*

EXHIBIT __A__
PAGE __3__

## Kenneth Hollander Deposition and/or Trial Testimony: 2003-2007

2003
US District Court of Nevada. Hartl Crushek LLP v. Erin Systems, Hartl Anlagerbau GmbH. CV:S-02-0379-LDG-LRL

US District Court of South Florida. Nitro Leisure Products v. Acushnet Company. CV:02-14008-CIV Middlebrooks/Lynch

US District Court Southern District of Texas —Houston Division. TXU v. Encore Bank. CV:H-02-3463

US District Court of South Florida—Miami Division. Doral Golf Resort & Spa v. International Doral Miami. CV:01-23425

2004
US District Court Southern District of Florida—Fort Lauderdale Division. Bank of America v. Nations Mortgage and Investments, Inc. 03-62037 CIV-ZLOCH

2005
US District Court of Nevada. R&R Partners v. Dorothy Tovar. CV-N-04-0145-LRH-VPC

US District Court Southern District of California. Votivo v. Archieligo. CV03-230L

2006
US District Court for Western District of Washington. Richard Bach and Russell v. Forever Living Products U.S., Inc., C05-0970P

US District Court Central District of California, Southern Division, Lamoon, Inc. v. Lamour Nail Products, Inc., SAV05-191 AHS (ANx).

US District Court of South Florida, Miami Division. Manpower Software v. Manpower. Inc.. 04-22997.

US District Court of Nevada. Hansen Beverage v. Rockstar, Inc.   CV 2:06-cv-00733

U.S. District Court for the Eastern District of North Carolina Western Division. Georgia-Pacific Corporation v. Von Drehle Corporation, 5-05-CV-478-BO(1)

2007
U. S. District Court for Central District of California Western Division. Nissan Motor Co. Ltd. and Nissan North America, Inc. v. Nissan Computer Corporation and The Internet Center, Inc., CV 99-12980 DDP (Mcx).

U.S. District Court District of New Jersey. IDT Telecom Inc. and Union Telecard Alliance, LLC v. CVT Prepaid Solutions, Inc. CV 07-1076

U.S. District Court Central District of California. TrafficSchool.Com, Inc. v. Edriver, Inc. CV06-7561 PA (Cwx)

U.S. District Court Southern District of California. Brighton Collectibles. Inc. v. Renaissance Group International and Ralph's Grocery Company, CV-06-1115 H POR

U.S. District Court Northern District of Illinois Eastern Division, Luster Products v. Intimate Beauty Corporation and V. Secret Catalogue, Inc, CV05C-4527

EXHIBIT  A
PAGE      4

EXHIBIT B

# EXPERT REBUTTAL REPORT OF
## KENNETH HOLLANDER

**March, 2008**

Kenneth Hollander Associates

45431 Greenling Circle Mendocino, CA 95460

(707) 962-1648   www.kharesearch.com

EXHIBIT __B__

PAGE __5__

# TABLE OF CONTENTS

Rule 26(a)(2)(B) Disclosure .................................................................................. 1

Purpose ................................................................................................................ 2

Findings .............................................................................................................. 3

Design Principles and Standards ........................................................................ 4

Proper Universe .................................................................................................. 5

Sample of Respondents ...................................................................................... 6

Protocol.............................................................................................................. 8

Screener and Questionnaire ................................................................................ 9

Period of Interviewing ...................................................................................... 13

"Double Blind" Procedures .............................................................................. 13

Recapitulation of Survey Neutrality ................................................................ 14

Detailed Findings.............................................................................................. 15

Appendices

A: Resume of Kenneth A. Hollander

B: Questionnaires and Images

C: Computer Tabular Output

EXHIBIT __B__

PAGE __6__

## RULE 26(A)(2)(B) DISCLOSURE

1. Pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, this report states opinions Kenneth Hollander will express in the matter of CARTER BRYANT v. MATTEL, INC. Case # CV 04-9049 SGL (RNBx).

2. The sources considered by Kenneth Hollander in forming these opinions include the information contained in the Complaint for False Designation of Origin, Affiliation, Association, or Sponsorship, Unfair Competition, Dilution, and Unjust Enrichment; Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims; the Reference Manual on Scientific Evidence, Second Edition; The Manual for Complex Litigation, Third Edition; and the results of the interviews, which are the basis for this report.

3. Mr. Hollander's qualifications are found in Appendix A. I have not authored any publications in the past ten years. Although all invoices for cost components of the study reported herein have not yet been received, it is estimated that the total cost for the conduct of this study will be approximately $59,200. His fee for testimony is $450 an hour.

4. These fees are not contingent upon the outcome of either this study or of the litigation.

EXHIBIT  B
PAGE  7

## PURPOSE

5. Mattel's outside attorneys, Quinn Emanuel Urquhart Oliver & Hedges, LLP, asked the firm of Kenneth Hollander Associates to respond to certain portions of the expert reports of Robert Tonner and Mary Bergstein dated February 11, 2008, regarding purported differences between certain Carter Bryant drawings and Bratz dolls.

6. Specifically Kenneth Hollander Associates was asked to conduct survey research to determine the extent to which, if any, girls aged 8-13 recognize certain Carter Bryant drawings as looking like Bratz dolls.

7. The results of this survey are discussed in detail on the following pages where, it will be noted, every effort was made to be objective by recognizing potential, albeit inadvertent, biases and accounting for each of them beforehand.

EXHIBIT __B__

PAGE __8__

## FINDINGS

8.  The results of this survey are that a net nine out of ten respondents (91.1%) identified the Bryant drawings as Bratz dolls.

9.  These results were obtained under neutral conditions: (a) neither the respondents nor the interviewers knew the purpose of the survey; (b) only non-leading questions were asked; (c) there was neither stimulus bias nor question bias; and (d) experimental controls were used to account for any anomalous influences.

10. The basis for my opining about these findings are my qualifications and experience, which include conducting or critiquing more than 100 intellectual property surveys.


_____          3 17 · 08
**Kenneth A. Hollander**                 **Date**

EXHIBIT  B
PAGE  9

## DESIGN PRINCIPLES AND STANDARDS

11. The present survey was designed and conducted in accordance with the principles and standards delineated in the <u>Manual for Complex Litigation,Third Edition</u>, 1995, prepared for the Federal Judicial Center. These principles provide the best assurance that the data collected are valid and can be relied upon to draw conclusions regarding consumers' opinions. The principles provide that:

- The proper universe(s) be identified and examined.

- A representative sample be drawn from each such universe.

- The plan for selecting the samples be prepared in accordance with generally accepted standards of procedure in the field.

- The questionnaire for gathering this relevant information be prepared in accordance with generally accepted standards of procedure.

- The persons designing and conducting the investigation be qualified to perform their tasks.

- The interviewers be well trained and have no knowledge of the pending litigation or purposes for which the data would be used.

- The interviewing be conducted in accordance with generally accepted standards of procedure in the field.

- The questioning of respondents be correct and unbiased.

- Once gathered, the data be accurately analyzed and reported.

March 17, 2008
EXHIBIT B
PAGE 10

## PROPER UNIVERSE

12. The <u>Reference Manual on Complex Litigation, Second Edition</u>, West Group, St. Paul, MN, 2000, prepared for the Federal Judicial Center, states on page 239, "One of the first steps in designing a survey or in deciding whether an existing survey is relevant is to identify the target population (or universe). The target population consists of all elements (i.e., objects, individuals, or other social units) whose characteristics or perceptions the survey is intended to represent."

13. With respect to this issue, we understand that an intended audience for Bratz dolls is females aged 8-13.

14. Accordingly, we have defined the proper universe for this survey as follows:

    A. Females aged 8-13,

    B. Residing in the United States,

    C. Who have had a Bratz doll (among others) bought for them within the past 12 months.

    D. And, to avoid their knowledge base and opinions being influenced, no member of their immediate household works for:

        (1) A marketing or marketing research firm

        (2) An advertising or public relations agency

        (3) A law firm

        (4) A newspaper, radio or TV station

        (5) A manufacturer, distributor, or retailer of children's dolls

EXHIBIT ___B___

PAGE ___11___

## SAMPLE OF RESPONDENTS

15. The Reference Manual also states on page 240 that "The surveyor's job generally is easier if a complete list of every eligible member of the population is available...so that the sampling frame lists the identity of all members of the target population." A sample drawn at random from such a list would be a true probability sample.

16. A complete list of all members of this proper universe was not available, which means that a true probability sample was not possible. Therefore, a non-probability sample was used for this investigation.

17. Non-probability samples are and have been used to make consequential academic and business decisions and are also accepted into evidence in Federal Courts throughout the country.

18. In this case, the Internet was used as the preferred interviewing medium, not only because it has fewer drawbacks than the alternatives but also because it has significant advantages, such that it is fast becoming the preferred medium whenever appropriate. In fact, according to the leading marketing research publication, "Inside Research," one-third of all survey research in 2006 was conducted via the Internet and this percentage will continue to increase.

19. Given such widespread adoption, the use of the Internet as an interviewing medium affords the opportunity to (a) locate and interview a representative sample of the proper universe in a timely and efficient manner, (b) eliminate any potential

March 17, 2008
EXHIBIT **B**
PAGE 12

interviewer biases, (c) expose the exact same stimuli to specific respondents in exactly the same manner, and (d) allow respondents to complete a survey at a time and place of their choosing and, thus, to do so in a more thoughtful manner than if it were a time and place of the researcher's choosing.

20. With these considerations in mind, the sample for this survey comprised females aged 8-13 living in households recruited by the Internet interviewing firm of Greenfield Online; all met the screening requirements previously discussed.

21. Greenfield Online is America's largest exclusive Internet interviewing company, is widely respected, and has been used before by Kenneth Hollander Associates.

22. We therefore assert that the beliefs of the Greenfield Online respondents meeting this survey's screening requirements are reasonably representative of all USA respondents meeting these same requirements.

23. The protocol for this survey was to recruit and interview 410 female respondents aged 8-13: 203 were exposed to certain Bryant drawings and another 207 were exposed to certain uncontested drawings.

24. The rationale for this survey design is explained in the following section of the report headed, "Protocol."

EXHIBIT ___ B

PAGE ___ 13

# PROTOCOL

25. This survey employed a Test and Control protocol in order to account for what survey researchers refer to as "noise," that is, any exogenous and unmeasureable respondent issues such as going-in knowledge and/or preconceived opinions. The way around these potentially confounding influences is to use a control group.

26. The Test Group saw two different screens of Bryant drawings: one screen displayed a different drawing in each quadrant of the screen (the "Quadrant" screen); the second screen displayed a group drawing (the "Group" screen). The Control Group saw two analogous screens except the Quadrant and Group screens were non-contested "Cherry Merry Muffin" drawings.

27. Respondents were assigned either to the Test Group or the Control Group on an every-other-interview basis. The respondents in both the Test Group and the Control Group were asked identical questions in an identical order.

28. This protocol ensures that if there are different "Bratz" answers for the Test and Control Groups, they are not caused by "noise," or by differences between the respondents themselves, or by the questions asked of these respondents.

March 17, 2008

EXHIBIT __B__

PAGE __14__

## SCREENER AND QUESTIONNAIRE

29. The "screening" questionnaire established that: no one in the household worked for a prohibited firm (Question A); there was a girl aged 8-13 living in the household (Questions B and C); a Bratz doll had been bought in the past 12 months for a girl aged 8-13 living in the household (Questions D and E); and a girl aged 8-13 for whom a doll had been bought in the past 12 months was available to take the survey (Questions F1 and F2).

*SCREENER [COMPLETED BY THE ADULT PANEL MEMBER]*

*A. Do you yourself or does any member of your immediate household work for....*

|  | Yes | No |  |
|---|---|---|---|
| *A manufacturer of children's apparel* | O | O |  |
| *A marketing or marketing research firm* | O | O | *IF "YES"* **TERMINATE** |
| *An advertising or public relations agency* | O | O | *IF "YES"* **TERMINATE** |
| *A law firm* | O | O | *IF "YES"* **TERMINATE** |
| *A newspaper, radio or TV station* | O | O | *IF "YES"* **TERMINATE** |
| *A manufacturer, distributor, or retailer of children's dolls* | O | O | *IF "YES"* **TERMINATE** |
| *A manufacturer, distributor, or retailer of children's toys or games* | O | O |  |

*B. Do you currently have children living in your home?*

    O  *Yes  [CONTINUE]*
    O  *No  [TERMINATE]*

EXHIBIT __B__
PAGE __15__

C.  How many of the children currently living in your home are:

| Girls | 0 | 1 | 2 | 3 or more |
|---|---|---|---|---|
| Under 8 yrs. old | O | O | O | O |
| 8-13 yrs. old | O | O | O | O |
| 14-18 yrs. old | O | O | O | O |

| Boys | 0 | 1 | 2 | 3 or more |
|---|---|---|---|---|
| Under 8 yrs. old | O | O | O | O |
| 8-13 yrs. old | O | O | O | O |
| 14-18 yrs. old | O | O | O | O |

## [TERMINATE IF GIRLS 8-13 YRS. OLD IS '0']

D.  In the past 12 months, which of the following items (if any) have you or anyone in your immediate household bought <u>for an 8-13 year-old girl</u> currently living in your home? (please select all that apply) [ROTATE LIST ITEMS]

☐  A doll [TERMINATE IF NOT SELECTED]
☐  A dress
☐  Shoes
☐  Athletic equipment
☐  An electronic game
☐  None of the above

E.  In the past 12 months, what brand or brands of dolls were bought <u>for an 8-13 year-old girl</u> currently living in your home?

[QT=OE]
[FIVE OPEN END TEXT BOXES; RESPONDENT CAN ONLY CONTINUE IF ONE OF THE QUALIFYING VARIATIONS OF "BRATZ SPELLING" IS INCLUDED]

Qualifying variations of BRATZ DOLL (not case sensitive):
- Bratz
- Brats
- Brat
- Braz
- Bras
- Bratt
- Brattz
- Bratts
- Brazz
- Brass

March 17, 2008

EXHIBIT ___ B

PAGE ___ 1b

- *Bratz Doll*
- *Brats Doll*
- *Brat Doll*
- *Braz Doll*
- *Bras Doll*
- *Bratt Doll*
- *Brattz Doll*
- *Bratts Doll*
- *Brazz Doll*
- *Brass Doll*

*F1. Is the 8-13 year old girl for whom a doll was purchased available to participate in the study?*

    O  *Yes [SHOW INFO NODE G2]*
    O  *No [TERMINATE]*

*F2. Please invite the 8-13 year old girl for whom a doll was purchased to join you at the computer and have **her** answer the following questions. [CONTINUE TO MAIN QUESTIONNAIRE]*

30. The girl aged 8-13 completed the Main Questionnaire:

*MAIN QUESTIONNAIRE*

*Hello!*

*Thank you for participating in our study.*

*How old are you?*
    O  *Age 8*
    O  *Age 9*
    O  *Age 10*
    O  *Age 11*
    O  *Age 12*
    O  *Age 13*

*As soon as you are ready to begin, click the >> button.*

*[ON AN EVERY-OTHER BASIS, ASSIGN RESPONDENT TO ONE OF THE FOLLOWING CELLS]*

    O  *Cell M*
    O  *Cell N*

EXHIBIT __B__
PAGE __17__

*H1. We're going to show you some drawings and ask you a few questions about them. If you don't know an answer, it's okay. There are no right or wrong answers, so you won't need to guess.*

---

*H2. Please look at the drawings on the following two screens. Take as much time as you wish looking at each. When you're finished looking at each screen, click the "NEXT" button.*

---

**IMAGE 1**
IF CELL=M, IMAGE = m1.jpg
IF CELL=N, IMAGE = n1.jpg

---

**IMAGE 2**
IF CELL=M, IMAGE = m2.jpg
IF CELL=N, IMAGE = n2.jpg

---

*You just saw two screens of drawings. What, if anything, do these drawings look like to you?*

- ☐ *Angie dolls*
- ☐ *Barbie dolls*
- ☐ *Bratz dolls*
- ☐ *Cabbage Patch dolls*
- ☐ *Cherry Merry Muffin dolls*
- ☐ *Madam Alexander dolls*
- ☐ *Strawberry Shortcake dolls*
- ☐ *None of the above*
- ☐ *Don't know*

*[1. ROTATE 1ST 7 RESPONSES (Angie - Strawberry Shortcake dolls)*
*2. ANCHOR LAST 2 RESPONSES ("None of the above"& "Don't know")*
*3. ALLOW MULTIPLE RESPONSES (EXCEPT "None of the above" and "Don't know")]*

EXHIBIT __B__
PAGE __18__

## PERIOD OF INTERVIEWING

31. Interviewing was conducted from March 4 to March 7, 2008. Given the nature of Internet interviewing, respondents completed their interview at a time and place convenient to them, which means that they had no constraints of either time or place to interfere with their giving considered answers to the questions.

## "DOUBLE-BLIND" PROCEDURES

32. Because of the way the questions were crafted, neither the survey programmer nor the respondents knew the purpose of this survey. That is, no question suggested the survey's sponsor or purpose.

33. Thus, neither the programmer nor the respondents could either advertently or inadvertently influence the results.

EXHIBIT __B__
PAGE __19__

## RECAPITULATION OF SURVEY NEUTRALITY

34. All nine of the Design Principles and Standards delineated in Paragraph 11 were observed in this survey and have been referenced in the discussion of each applicable issue. Furthermore, the following additional five safeguards were observed:

   A. Respondents were told that it was permissible to have no opinion about a subject, and thus that they shouldn't feel the need to guess at an answer.

   B. The Test and Control protocol accounted for any unknown and, therefore, unmeasureable "noise" factors.

   C. Answers that included names were rotated on an every-other-interview basis to eliminate position bias.

   D. Adults who themselves had potentially atypical knowledge because of their profession, or who had family members with such atypical knowledge, were excluded from the survey.

   E. Finally, neither the survey company nor the respondents knew the sponsor or the purpose of the study; thus, neither could attempt to influence the results.

EXHIBIT __B__
PAGE __20__

---

## DETAILED FINDINGS

---

35. The table below shows that a net of 91.1% identified the Bryant drawings as Bratz dolls. Statistically, this result could occur by chance only once in 100 occurrences; that is, the result is "statistically significant" at the 99% confidence level.

**Drawings Look Like...**

|  | Test Group | Control Group |
|---|---|---|
| Base=Total in Each Group.......... | (200) | (200) |
|  | % | % |
| Angie dolls only | 0.0 | 0.0 |
| Barbie dolls only | 0.5 | 0.0 |
| **Bratz dolls only** | 92.1† | 1.0 |
| Cabbage Patch dolls only | 0.0 | 1.9 |
| Cherry Merry Muffin dolls only | 0.0 | 9.2 |
| Madam Alexander dolls only | 0.5 | 1.0 |
| Strawberry Shortcake dolls only | 0.0 | 55.6 |
| More than one doll | 4.4 | 26.6 |
| None of the above | 2.0 | 2.4 |
| Don't know | 0.5 | 2.4 |
|  | 100.0 | 100.0 |

---

*Q. What, if anything, do these drawings look like to you?*

†Significantly higher than Control Group at 99% confidence level

EXHIBIT __B__
PAGE __21__

---

**APPENDIX A**

Resume of Kenneth A. Hollander

EXHIBIT __B__

PAGE ___22___

# BIOGRAPHICAL MATERIAL

*-Kenneth A. Hollander-*

**CAREER**
- *Procter & Gamble, Cincinnati*
  - Research Brand Manager

- *Hallmark Cards, Kansas City*
  - Associate Research Director

- *Young & Rubicam, Chicago*
  - Research Director

- *Interpublic Group of Companies, Atlanta*
  - Vice President, Director of Communications Planning Group

- *Kenneth Hollander Associates*
  - Chief Executive Officer

**ACADEMIC INVOLVEMENT**
- *University of Georgia Graduate School of Business*
  - Lecturer
  - Chairman, Board of Advisors, Masters of Marketing Research Program
  - Distinguished Practitioner, Department of Marketing

- *Emory University Graduate School of Business*
  - Lecturer

- *Stanford University Graduate School of Business*
  - Lecturer

**PUBLICATION**
- Contributing Editor, <u>Advertising</u>, McGraw Hill

**SPEAKER**
- *American Marketing Association*
- *Association of National Advertisers*
- *Advertising Research Foundation*
- *Marketing Research Association*

**EDUCATION**
- *B.S.     The Ohio State University*
- *MBA    The University of Missouri*

## Kenneth Hollander Deposition and/or Trial Testimony: 2003-2007

2003

US District Court of Nevada. Hartl Crushek LLP v. Erin Systems, Hartl Anlagerbau GmbH. CV:S-02-0379-LDG-LRL

US District Court of South Florida. Nitro Leisure Products v. Acushnet Company. CV:02-14008-CIV Middlebrooks/Lynch

US District Court Southern District of Texas —Houston Division. TXU v. Encore Bank. CV:H-02-3463

US District Court of South Florida—Miami Division. Doral Golf Resort & Spa v. International Doral Miami, CV:01-23425

2004

US District Court Southern District of Florida—Fort Lauderdale Division. Bank of America v. Nations Mortgage and Investments, Inc. 03-62037 CIV-ZLOCH

2005

US District Court of Nevada. R&R Partners v. Dorothy Tovar. CV-N-04-0145-LRH-VPC

US District Court Southern District of California. Votivo v. Archieligo. CV03-230L

2006

US District Court for Western District of Washington. Richard Bach and Russell v. Forever Living Products U.S., Inc., C05-0970P

US District Court Central District of California, Southern Division, Lamoon, Inc. v. Lamour Nail  Products, Inc., SAV05-191 AHS (ANx).

US District Court of South Florida, Miami Division. Manpower Software v. Manpower, Inc., 04-22997.

US District Court of Nevada. Hansen Beverage v. Rockstar, Inc.  CV 2:06-cv-00733

U.S.  District Court for the Eastern District of North Carolina Western Division. Georgia-Pacific Corporation v. Von Drehle Corporation, 5-05-CV-478-BO(1)

2007

U. S. District Court for Central District of California Western Division, Nissan Motor Co. Ltd. and Nissan North America, Inc. v. Nissan Computer Corporation and The Internet Center, Inc., CV 99-12980 DDP (Mcx).

U.S. District Court District of New Jersey. IDT Telecom Inc. and Union Telecard Alliance, LLC v. CVT Prepaid Solutions, Inc. CV 07-1076

U.S. District Court Central District of California. TrafficSchool.Com, Inc. v. Edriver, Inc. CV06-7561 PA (Cwx)

U.S. District Court Southern District of California. Brighton Collectibles, Inc. v. Renaissance Group International and Ralph's Grocery Company, CV-06-1115 H POR

U.S. District Court Northern District of Illinois Eastern Division, Luster Products v. Intimate Beauty Corporation and V. Secret Catalogue, Inc, CV05C-4527

EXHIBIT  B
PAGE  24

**APPENDIX B**
Questionnaires & Images

EXHIBIT __B__
PAGE __25__

## GIRLS DOLL STUDY

SCREENER (TO BE COMPLETED BY THE PARENT)

A.  Do you yourself or does any member of your immediate household work for....

|  | Yes | No |  |
|---|---|---|---|
| A manufacturer of children's apparel | O | O |  |
| A marketing or marketing research firm | O | O | IF "YES" T&T |
| An advertising or public relations agency | O | O | IF "YES" T&T |
| A law firm | O | O | IF "YES" T&T |
| A newspaper, radio or TV station | O | O | IF "YES" T&T |
| A manufacturer, distributor, or retailer of children's dolls | O | O | IF "YES" T&T |
| A manufacturer, distributor, or retailer of children's toys or games | O | O |  |

B.  Do you currently have children living in your home?

O  Yes [CONTINUE]
O  No  [T&T]

C.  How many of the children currently living in your home are:

| Girls | 0 | 1 | 2 | 3 or more |
|---|---|---|---|---|
| Under 8 yrs. old | O | O | O | O |
| 8-13 yrs. old | O | O | O | O |
| 14-18 yrs. old | O | O | O | O |

| Boys | 0 | 1 | 2 | 3 or more |
|---|---|---|---|---|
| Under 8 yrs. old | O | O | O | O |
| 8-13 yrs. old | O | O | O | O |
| 14-18 yrs. old | O | O | O | O |

[IF GIRLS 8-13 YRS. OLD IS '0' T&T]

D.  In the past 12 months, which of the following items (if any) have you or anyone in your immediate household bought for an 8-13 year-old girl currently living in your home? (please select all that apply) [ROTATE LIST ITEMS]

☐  A doll [IF NOT SELECTED, T&T]
☐  A dress
☐  Shoes
☐  Athletic equipment
☐  An electronic game
☐  None of the above

EXHIBIT __B__
PAGE __26__

E. In the past 12 months, what brand or brands of dolls were bought for an 8-13 year-old girl currently living in your home?

[QT=OE]
[include 5 open end text boxes; respondent can only continue if one of the qualifying variations of "Bratz spelling" is included]

Qualifying variations of BRATZ DOLL (not case sensitive):
- Bratz
- Brats
- Brat
- Braz
- Bras
- Bratt
- Brattz
- Bratts
- Brazz
- Brass
- Bratz Doll
- Brats Doll
- Brat Doll
- Braz Doll
- Bras Doll
- Bratt Doll
- Brattz Doll
- Bratts Doll
- Brazz Doll
- Brass Doll

F1. Is the 8-13 year old girl for whom a doll was purchased available to participate in the study?

- ○ Yes [show info node G2]
- ○ No [TERMINATE]

F2. Please invite the 8-13 year old girl for whom a doll was purchased to join you at the computer and have *her* answer the following questions. [continue to main questionnaire]

**[PAGE BREAK]**

Hello!

Thank you for participating in our study.

EXHIBIT __B__
PAGE __27__

How old are you?

    O  Age 8
    O  Age 9
    O  Age 10
    O  Age 11
    O  Age 12
    O  Age 13

As soon as you are ready to begin, click the >> button.

EXHIBIT __B__
PAGE __28__

MAIN QUESTIONNAIRE

ON AN EVERY-OTHER BASIS, ASSIGN RESPONDENT TO ONE OF THE FOLLOWING CELLS

O   Cell M
O   Cell N

H1. We're going to show you some drawings and ask you a few questions about them. If you don't know an answer, it's okay. There are no right or wrong answers, so you won't need to guess.

H2. Please look at the drawings on the following two screens. Take as much time as you wish looking at each. When you're finished looking at each screen, click the "NEXT" button.

**IMAGE 1**
IF CELL=M, IMAGE = m1.jpg
IF CELL=N, IMAGE = n1.jpg

**IMAGE 2**
IF CELL=M, IMAGE = m2.jpg
IF CELL=N, IMAGE = n2.jpg

You just saw two screens of drawings. What, if anything, do these drawings look like to you?

☐ Angie dolls
☐ Barbie dolls
☐ Bratz dolls
☐ Cabbage Patch dolls
☐ Cherry Merry Muffin dolls
☐ Madam Alexander dolls
☐ Strawberry Shortcake dolls
☐ None of the above
☐ Don't know

[1. ROTATE 1ST 7 RESPONSES (Angie - Strawberry Shortcake dolls)
2. ANCHOR LAST 2 RESPONSES ("None of the above"& "Don't know")
3. ALLOW MULTIPLE RESPONSES (EXCEPT "None of the above" and "Don't know")]

EXHIBIT __B__
PAGE __29__

# Test Group Images
## (Cell M)

EXHIBIT __B__
PAGE __30__



EXHIBIT __B__
PAGE ___31___



EXHIBIT __B__
PAGE ___32___

# Control Group Images
## (Cell N)

EXHIBIT __B__
PAGE __33__



EXHIBIT __B__
PAGE __34__



EXHIBIT __B__

PAGE ___35___

**APPENDIX C**
**Computer Tabular Output**

EXHIBIT __B__
PAGE __36__

|  | Test Group | Control Group |
|---|---|---|
| Base=Total in Each Group......... | 203 | 207 |
| Angie dolls only | 0.0 | 0.0 |
| Barbie dolls only | 0.5 | 0.0 |
| Bratz dolls only | 92.1 | 1.0 |
| Cabbage Patch dolls only | 0.0 | 1.9 |
| Cherry Merry Muffin dolls only | 0.0 | 9.2 |
| Madam Alexander dolls only | 0.5 | 1.0 |
| Strawberry Shortcake dolls only | 0.0 | 55.6 |
| More than one doll | 4.4 | 26.6 |
| None of the above | 2.0 | 2.4 |
| Don't know | 0.5 | 2.4 |
|  | 100.0 | 100.0 |

EXHIBIT __B__
PAGE __37__

1

## PROOF OF SERVICE

2   I am employed in the County of Los Angeles, State of California. I am over the age
3   of eighteen years and not a party to the within action; my business address is Now Legal
    Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4   On March 17, 2008, I served true copies of the following document(s) described as
    **EXPERT REBUTTAL REPORT OF KENNETH HOLLANDER** on the parties in this
5   action as follows:

6   Mark E. Overland, Esq.                    John W. Keker, Esq.
    David C. Scheper, Esq.                    Michael H. Page, Esq.
7   Alexander H. Cote                         Christina M. Anderson, Esq.
    **Overland Borenstein Scheper**          **Keker & Van Nest LLP**
8   **& Kim LLP**                             710 Sansome Street
    300 South Grand Avenue                    San Francisco, CA 94111
9   Suite 2750
    Los Angeles, CA 90071-3144
10

11  Thomas J. Nolan, Esq.
    Carl Roth, Esq.
12  **Skadden, Arps, Slate, Meagher &**
    **Flom LLP**
13  300 South Grand Avenue, Suite 3400
    Los Angeles, CA  90071
14

15  **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the
    person(s) being served.
16
    I declare that I am employed in the office of a member of the bar of this Court at
17  whose direction the service was made.

18  Executed on March 17, 2008, at Los Angeles, California.

19

20  _____
    NOW LEGAL -- Dave Quintana
21

22

23

24

25

26

27

28

EXHIBIT  B
PAGE   3B