1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  JASON D. RUSSELL (Bar No. 169219)
   (jrussell@skadden.com)
3  LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
   (laguiar@skadden.com)
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
5  Los Angeles, CA  90071-3144
   Tel.: (213) 687-5000
6  Fax: (213) 687-5600

7  Attorneys for The MGA Parties

8  UNITED STATES DISTRICT COURT

9  CENTRAL DISTRICT OF CALIFORNIA

10  EASTERN DIVISION

11  CARTER BRYANT, an individual,          ) CASE NO. CV 04-9049 SGL (RNBx)
                                            )
12                      Plaintiff,          ) Consolidated with Case No. 04-9059
                                            ) and Case No. 05-2727
13         v.                               )
                                            ) Honorable Stephen G. Larson
14  MATTEL, INC., a Delaware corporation,   )
                                            ) MGA PARTIES' REQUEST FOR
15                      Defendant.          ) JUDICIAL NOTICE IN SUPPORT OF
                                            ) MGA PARTIES' STATEMENT OF
16                                          ) POSITION ON PHASE 1C
                                            )
17  AND CONSOLIDATED ACTIONS.               )
                                            ) Hearing Date:   November 10, 2008
18                                          ) Time:           1:00 PM

Pursuant to Rule 201 of the Federal Rules of Evidence, MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian (collectively, the "MGA Parties"), respectfully request that the Court take mandatory judicial notice of the following exhibits attached to the concurrently filed Declaration of Jason D. Russell ("Russell Decl."):

1. A true and correct copy of the Application for Trademark Serial No. 76179479, dated December 11, 2000, attached as **Exhibit 1**;

2. A true and correct copy of the Registration Certificate for Trademark Serial No. 76179479, dated December 2, 2003, attached as **Exhibit 2**;

3. A true and correct copy of the Statement Of Use Submitted In Support Of Trademark Serial No. 76179479, dated February 24, 2003, attached as **Exhibit 3**;

4. A true and correct copy of the Opposition to Registration filed in Trademark Trial And Appeal Board Case No. 91150381, dated November 9, 2001, attached as **Exhibit 4**;

5. A true and correct copy of the 1st Amended Complaint <u>Lovins Inc v. Abc Intl Traders Inc, et al.</u> W.D. Wash. Case No. 2:02cv1405, submitted to the U.S. Trademark Trial And Appeal Board in conjunction with Case No. 91150381, dated July 8, 2002, attached as **Exhibit 5**;

6. A true and correct copy of the Application for Trademark Serial No. 76242565, dated April 18, 2001, attached as **Exhibit 6**;

7. A true and correct copy of the Record of Assignment of Trademark Serial No. 76242565, dated November 12, 2002, attached as **Exhibit 7**; and

8. A true and correct copy of the Registration Certificate for Trademark Serial No. 76242565, dated December 2, 2003, attached as **Exhibit 8**.

## ARGUMENT

Rule 201 of the Federal Rules of Evidence authorizes the Court to take judicial notice of a fact that is "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Further, upon proper

notice, the Court is required to take judicial notice of such documents if furnished with sufficient information to enable it to take judicial notice. Fed. R. Evid. 201(d). Such judicial notice is appropriate at any stage in the proceeding. Fed. R. Evid. 201(f). Each document identified in the Request for Judicial Notice and attached to the Russell Declaration is the proper subject of judicial notice under Rule 201.

The documents contained in Exhibits 1, 2, 6 and 8 are trademark applications and registrations filed with the United States Patent and Trademark Office ("USPTO") and available on the USPTO website (http://www.uspto.gov) using the Trademark Document Retrieval system ("TDR" – http://tmportal.uspto.gov/external/portal/tow). (See Russell Decl. ¶¶ 2, 3, 4, 8, 10.) The documents in Exhibits 3 and 7 are documents filed with the USPTO in support of trademark applications and are also available through the TDR system on the USPTO website. (Id. ¶¶ 2, 5, 9.) The documents in Exhibits 4 and 5 are documents filed with the USPTO Trademark Trial and Appeals Board in support of an opposition by Lovins, Inc. to MGA Entertainment, Inc.'s trademark application, and are likewise available on the USPTO website, via the Trademark Trial and Appeals Board inquiry system ("TTABVUE" – http://ttabvue.uspto.gov/ttabvue). (Id. ¶¶ 2, 6, 7.)

Judicial notice is appropriate for records and reports of administrative bodies, as well as other public records. See United States v. 14.02 Acres of Land More or Less in Fresno County, 530 F.3d 883, 894 (9th Cir. 2008); David v. Giurbino, 488 F. Supp. 2d 1048, 1055 (S.D. Cal. 2007); Jimenez v. Domino's Pizza, Inc., 238 F.R.D. 241, 246 (C.D. Cal. 2006). This includes trademark applications and registrations. See, e.g., Metro Pub., Ltd. v. San Jose Mercury News, 987 F.2d 637, 641 n.3 (9th Cir. 1993); see also Buying For The Home, LLC v. Humble Abode, LLC, 459 F. Supp. 2d 310, 319 n.7 (D.N.J. 2006).[1] It also includes

---

[1] In Metro Publishing, the Court took notice of certified registrations, rather than documents retrieved over the internet. Cases such as Metro Publishing predate the U.S. Patent and Trademark Office's efforts to digitize its files and make those files available to the public on its website. See Trademark Manual of Examining Procedure §§ 401.4, 402, 402.1 (5th ed.). Also, as noted below, it is now common practice to take judicial notice of documents from government websites. However, should the Court so require, the MGA Parties will provide certified copies of all registrations at the November 10 hearing.

the records of administrative and court proceedings.  See, e.g., Del Puerto Water Dist. v. U.S. Bureau of Reclamation, 271 F. Supp. 2d 1224, 1232 -1234 (E.D. Cal. 2003) (taking notice of "State Water Resources Control Board Decisions D-990, D-935 and D-1020" as well as "water permit applications" – "all of which are public or quasi-public records. Those documents are of a type appropriate for judicial notice.").  The documents submitted by the MGA Parties – all public records of the USPTO or its Trademark Trial and Appeal Board – fall squarely into these categories of judicially noticeable documents.

Moreover, documents available on federal government websites are regularly accorded judicial notice, as they are readily subject to verification.  See, e.g., In re Amgen Inc. Sec. Litig., 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008) ("[T]he Court grants Defendants' request as to Exhibits 1 and 2, labels for Aranesp and Epogen taken from the [Food and Drug Administration] website, as documents 'capable of accurate and ready determination' and 'not subject to reasonable dispute.'"); Natural Resources Defense Council v. Kempthorne, 539 F. Supp. 2d 1155, 1166-67 (E.D. Cal. 2008) (taking judicial notice of three documents obtained from the Bureau of Reclamation's website, noting that "[e]ach of these documents is a public record available on official United States government websites maintained by the Bureau's Mid-Pacific Region"); In re Calpine Corp. Sec. Litig., 288 F. Supp. 2d 1054, 1075-76 (N.D. Cal. 2003) (taking judicial notice of documents issued by the Securities and Exchange Commission and obtained from the its website).[2] Documents from the records of the USPTO and its Trademark Trial and Appeal Board, retrieved from its official website, are likewise easily verified and thus properly subject to judicial notice.

---

[2] See also Seifert v. Winter, 555 F. Supp. 2d 3, 11 n5 (D.D.C. 2008) (taking judicial notice of materials on the website for the Judge Advocate General for the Navy); Dulaney v. United States, 472 F. Supp. 2d 1085, 1086 (S.D. Ill. 2006) (taking judicial notice of the contents of the website for the United States Department of Veterans Affairs); Bova v. U.S. Bank, N.A., 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill.2006) (a court may judicially notice public records and government documents, including those available from reliable sources on the Internet); In re Wellbutrin SR/Zyban Antitrust Litig., 281 F. Supp. 2d 751, 755 n.2 (E.D. Pa. 2003) ("The fact that an agency report is 'published' on the world wide web does not affect the Court's ability to take judicial notice of the contents of that report.").

MGA Parties' Req. for Jud. Notice –Case No. CV 04-9049 SGL (RNBx)

1     For these reasons, the MGA Parties respectfully request that the Court take judicial notice of Exhibits 1-8 to the Russell Declaration.

DATED: September 29, 2008    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                            By:    /s/ Thomas J. Nolan
                                  Thomas J. Nolan
                              Attorneys for the MGA Parties