QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>  Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No.   CV 04-09059<br>Case No.   CV 05-2727<br><br>**MATTEL INC.'S *EX PARTE* APPLICATION FOR AN EXPEDITED HEARING ON MATTEL'S MOTION FOR A PERMANENT INJUNCTION**<br><br>[Declaration of Kathleen Simpson Taylor and Proposed Order filed concurrently herewith]<br><br>**Phase 1(a)**<br>Trial Date:  May 27, 2008<br><br>**Phase 1(b)**<br>Trial Date:  July 23, 2008 |

07209/2649858.1

Case No. CV 04-9049 SGL (RNBx)
APPLICATION FOR EXPEDITED HEARING ON MOTION FOR PERMANENT INJUNCTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Local Rule 7-19, Mattel, Inc. ("Mattel") hereby applies to the above-entitled Court *ex parte* for an expedited hearing on Mattel's Motion for a Permanent Injunction ("Motion"), currently scheduled for hearing on November 10, 2008. For the reasons set forth in this Application, and the accompanying Memorandum of Points and Authorities, Mattel respectfully requests that the Court set hearing on Mattel's Motion for October 27, 2008.

Mattel makes this Application on the grounds that the sale of infringing Bratz products during the holiday season poses an enormous, but largely unquantifiable, threat to Mattel's holiday sales. The months of September, October, November, and December are the most important months of the year for Mattel. Mattel ships thousands upon thousands of toys to retailers during these four months, garnering the majority of its annual revenues in the process. The continued presence of infringing Bratz products on the market poses a significant threat of irreparable harm to Mattel's sales during this crucial time of year.

Pursuant to Local Rule 7-19, on September 29, 2008, Mattel provided telephonic notice of this *ex parte* Application to Jason Russell, Esq., of Skadden, Arps, Slate, Meagher & Flom LLP, counsel for the MGA Parties, 300 South Grand Avenue, Suite 3400, telephone (213) 687-5000. Counsel for defendants confirmed that they oppose the application and wish to be heard.

| | |
|---|---|
| 1 | |
| 2 | This Application is based on this Notice of Application, the |
| 3 | accompanying Memorandum of Points and Authorities in Support thereof, the |
| 4 | Declaration of Kathleen Simpson Taylor filed concurrently herewith, the records |
| 5 | and files of this Court, and all other matters of which the Court may take judicial |
| 6 | notice. |

DATED: September 29, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
    Michael T. Zeller
    Attorneys for Mattel, Inc.

**Memorandum of Points and Authorities**

## I. THE THREAT OF UNQUANTIFIABLE DAMAGE TO MATTEL'S HOLIDAY SALES WARRANTS AN EXPEDITED HEARING

For Mattel, the holiday season is a critical time of year, extensively influencing overall financial performance for the preceding year and expectations for the following year. Months of preparation and heavy investment in advertising are required for a successful holiday season. A threat to sales during the holiday season is almost inevitably a threat of irreparable harm.

Greater than 50% of all shipments for the year occur during the holiday season, generating over 50% of overall receivables for the year. Declaration of Kathleen Simpson Taylor ("Taylor Decl.") at ¶ 4. The particular revenue segments threatened by infringing Bratz products are concentrated in the final months of the year. Mattel typically earns over 70% of its fashion doll revenue in the second half of the year, with a heavy concentration in the final months of the year. Id. at ¶ 6. Therefore, the risk to Mattel during the holiday season posed by infringing Bratz products is substantial.

Mattel's heavy concentration of sales in the final months of the year is supported by high and increasing levels of advertising expenditures in the second half of the year. Mattel allocates the bulk of its advertising budget to the second half of the year to align advertising with seasonal shipping activities. Id. at ¶ 5. Thus, the majority of Mattel's annual advertising spending on BARBIE for 2008 is about to occur (id.), and as the holiday season progresses, Mattel becomes more and more heavily invested in the success of its holiday toy lines. Consequently, damage stemming from infringing Bratz products poses an ever increasing risk to Mattel in November and through the end of December.

Although it may not be possible to estimate the full extent of the damage infringing Bratz products will inflict, it is likely to be substantial. The

greatest demographic overlap between Mattel products and infringing Bratz products falls within the 3-8 age group. Id. at ¶ 7. This age group is associated with 70% of Mattel's retail dollars from dolls, which is in the range of hundreds of millions of dollars. Id.

More difficult to predict and measure is the potential damage to intangibles, such as Mattel's reputation with retailers. For example, should infringing Bratz products remain on shelves, reducing sales of Mattel products, retailers may become less eager to purchase Mattel products for the 2009 holiday season. Unless Mattel's motion is heard on an expedited basis, Mattel will be exposed to these irreparable harms for well over half of the holiday season. On the other hand, expediting the hearing on the motion will help minimize these harms.

## II. MATTEL DID NOT CREATE THE SITUATION REQUIRING *EX PARTE* RELIEF

Mattel's need for *ex parte* relief stems from the timing and importance of the holiday season. In light of that timing, the current briefing schedule will cause harm to Mattel -- harm which was not caused through Mattel's fault. Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (*ex parte* application may be granted where delay from regular noticed-motion procedures causes irreparable harm). That harm should be avoided.

Moreover, Mattel seeks only to advance the date for hearing the Motion to October 27, 2008, 28-days' notice, which more than satisfies the 21-day notice requirement of Local Rule 6-1. In compliance with Local Rule 7-9 and to account for Columbus Day on October 13, 2008, Mattel requests that the Court set a due date of October 10, 2008 for MGA's opposition brief and October 20, 2008 for Mattel's reply brief.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court order an expedited hearing of Mattel's Motion for a Permanent Injunction on October 27, 2008.

DATED: September 29, 2008    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
    Michael T. Zeller
    Attorneys for Mattel, Inc.