1  side to side; and oversized, removable feet with shoes (hereinafter referred to as the "BRATZ Product Configuration Trade Dress").

66. The BRATZ Product Configuration Trade Dress is non-functional.

67. Based on Plaintiff's extensive advertising and sales, as well as the wide popularity of Plaintiff's products, the BRATZ Product Configuration Trade Dress has acquired secondary meaning so that any product or advertisement bearing such trade dress is immediately associated by purchasers and the public as being a product of, and affiliated with, a single source – namely, Plaintiff.

68. Defendants have competed unfairly with Plaintiff and have misappropriated and traded upon Plaintiff's goodwill and business reputation symbolized by the unique BRATZ Product Configuration Trade Dress.

69. Defendants have used, in connection with importing, advertising, manufacturing (or causing to be manufactured), distributing, selling, offering for sale and/or otherwise exploiting products, one or more of the elements of the BRATZ Product Configuration Trade Dress, and have caused such misleading products to enter into interstate commerce. Defendants' use of the BRATZ Product Configuration Trade Dress, or a colorable imitation thereof, is a false description and representation that the goods are made by, sponsored by or affiliated with Plaintiff, in violation of 15 U.S.C. § 1125(a).

70. Plaintiff is likely to be damaged by Defendants' false descriptions or representations by reason of the likelihood that purchasers will be confused as to the true source, sponsorship, or affiliation of Defendants' goods.

71. In engaging in the foregoing conduct, Defendants have made substantial profits to which they are not entitled.

72. As a result of the foregoing, Defendants have unfairly competed with Plaintiff in violation of 15 U.S.C. § 1125(a).

EXHIBIT 16   M 0078537
PAGE 1522

EX 13738-0016

1  73.  Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined, but which will be established at trial.

74.  The conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the BRATZ Property, and to Plaintiff's business, reputation and goodwill. Defendants' wrongful conduct will continue unless enjoined by this Court.

### SIXTH CLAIM FOR RELIEF
(State Statutory Unfair Competition)
[Cal. Bus. & Prof. Code § 17200 et seq.]
(Applicable To All Defendants)

75.  Plaintiff repeats and realleges the allegations contained in paragraphs 1-30, 39-46, 48-52, 54-63 and 65-74 of this Complaint as though the same were fully set forth herein.

76.  This claim arises under California Business and Professions Code §17200 et seq. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Lanham Act, and under 28 U.S.C. § 1367.

77.  Plaintiff owns all rights, title and interest in and to the distinctive trade names, trademarks, designs, symbols and logos used by Plaintiff by virtue of its extensive manufacture, distribution, promotion, advertising, licensing, offering for sale and sale of a wide variety of goods bearing such trade names, trademarks, designs, symbols, and logos (collectively the "Common Law Trademarks"), as set forth in preceding paragraphs of this Complaint.

78.  None of the Defendants have any rights to Plaintiff's Common Law Trademarks.

-16-

EXHIBIT 16
PAGE 1523
M 0078538
EX 13738-0017

79. Products bearing Plaintiff's Common Law Trademarks have been imported, advertised, manufactured (or caused to be manufactured), distributed, sold, offered for sale and/or otherwise exploited and are being continuously imported, advertised, manufactured (or caused to be manufactured), distributed, sold, offered for sale and/or otherwise exploited in California to this day by Defendants. In such marketing and sales activity, Defendants' Counterfeit and/or Infringing Products bear infringing copies of Plaintiff's Common Law Trademarks, and are confusingly similar to Plaintiff's own products. Such unauthorized use by Defendants of Plaintiff's Common Law Trademarks, or confusingly similar imitations thereof, is likely to cause confusion and mistake in the minds of the trade and the purchasing public and to deceive them as to the source of origin, authorization or sponsorship of the Counterfeit and/or Infringing Products and, therefore, to cause purchasers to buy such products in the erroneous belief that they are authentic.

80. Upon information and belief, Defendants have intentionally appropriated one or more of Plaintiff's Common Law Trademarks with the intent of causing confusion, mistake and deception as to the source of their goods and with the intent to palm off their goods as those of Plaintiff and to place others in the position to palm off their goods as those of Plaintiff.

81. Plaintiff states, upon information and belief, and thereupon alleges, that the acts of Defendants have violated the unfair competition laws of the State of California and specifically California Business and Professions Code §17200 et seq.

82. By such actions in infringing Plaintiff's Common Law Trademarks, Defendants are improperly trading upon the enviable reputation and goodwill of Plaintiff and are impairing Plaintiff's valuable rights in and to such Common Law Trademarks.

83. Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined, but which will be established at trial.

EXHIBIT 1G
PAGE 1524
M 0078539
EX 13738-0018

84. The conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the BRATZ Property, and to Plaintiff's business, reputation and goodwill. Defendants' wrongful conduct will continue unless enjoined by this Court.

## SEVENTH CLAIM FOR RELIEF

### (State Common Law Trademark Infringement and Unfair Competition)
### (Applicable To All Defendants)

85. Plaintiff repeats and realleges the allegations contained in paragraphs 1-30, 39-46, 48-52, 54-63, 65-74 and 76-84 of this Complaint, as though the same were fully set forth herein.

86. This claim arises under the common law of California. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Lanham Act, and under 28 U.S.C. § 1367.

87. Plaintiff owns all rights, title, and interest in and to Plaintiff's distinctive Common Law Trademarks, as set forth in paragraph 77 of this Complaint.

88. The Counterfeit and/or Infringing Products incorporate matter constituting replicas and imitations of Plaintiff's Common Law Trademarks. Such unauthorized use by Defendants of Plaintiff's Common Law Trademarks constitutes trademark infringement and unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products, and to cause purchasers to believe such products are authentic products of Plaintiff when, in fact, they are not.

89. Upon information and belief, Defendants have intentionally appropriated one or more of Plaintiff's Common Law Trademarks with the intent of causing confusion, mistake and deception as to the source of their goods and with the intent to palm off their goods as those of the Plaintiff and to place others in the position to palm

-18-

EXHIBIT 16   M 0078540
PAGE 1525

EX 13738-0019

1 | off their goods as those of Plaintiff and, as such, Defendants have committed
2 | trademark infringement and unfair competition under the common law.

90. By such actions in infringing Plaintiff's Common Law Trademarks, Defendants are improperly trading upon the enviable reputation and goodwill of Plaintiff and are impairing Plaintiff's valuable rights in and to such trademarks.

91. As set forth above, upon information and belief, the activities of Defendants complained of herein constitute willful and intentional acts of infringement of Plaintiff's Common Law Trademarks and unfair competition.

92. Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined, but which will be established at trial.

93. The conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in the BRATZ Property, and to Plaintiff's business, reputation, and goodwill. Defendants' wrongful conduct will continue unless enjoined by this Court.

### EIGHTH CLAIM FOR RELIEF

(Constructive Trust)

[Cal. Civ. Code § 2224]

[Applicable to all Defendants]

94. Plaintiff repeats and realleges the allegations contained in paragraphs 1-30, 32-37, 39-46, 48-52, 54-63, 65-74, 76-84 and 86-93 of this Complaint as though the same were fully set forth herein.

95. This claim arises under California Civil Code section 2224 and the common law of the State of California. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of constructive trust joined with a substantial and related claim under the Copyright and Trademark Laws of the United States, and under 28 U.S.C. § 1367.

-19-

EXHIBIT 16
PAGE 1526
M 0078541
EX 13738-0020

1  96.  Plaintiff states, upon information and belief and thereupon alleges, that Defendants own and/or possess tangible real and/or personal properties and assets including, but not limited to, bank, savings, and/or other financial accounts, consisting of and/or obtained by profit derived from Defendants' unauthorized manufacture, distribution and/or sale of the Counterfeit and/or Infringing Products.

97.  Plaintiff is entitled to the profits Defendants have derived from the infringement of the BRATZ Property under 17 U.S.C. § 504(b), 15 U.S.C. § 1117, and California Business and Professions Code § 14340.

98.  Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of Defendants' acts, as aforementioned. Defendants hold those tangible real and/or personal properties and assets consisting of and/or obtained by profit derived from Defendants' infringing activities as constructive trustees for the benefit of Plaintiff, in an amount thus far not determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

A.  That the Court order that Defendants, their agents, servants, employees, representatives, successors and assigns, and all persons, entities, firms or corporations in active concert or participation with any of them, be immediately enjoined from:

(1)  directly or indirectly infringing the BRATZ Property including, but not limited to, the BRATZ Characters, the BRATZ Dolls, the BRATZ Copyrights, the BRATZ Trademarks, the Common Law Trademarks, the BRATZ Product Configuration Trade Dress and the BRATZ Packaging Trade Dress, as described above, in any manner, including generally, but not limited to, manufacturing (or causing to be manufactured), importing, copying, distributing, advertising, selling, offering for sale and/or otherwise exploiting any merchandise which infringes said BRATZ Property and, specifically, manufacturing, importing, copying, distributing,

-20-

EXHIBIT 16
PAGE 1527
M 0078542
EX 13738-0021

advertising, selling, offering for sale and/or otherwise exploiting the Counterfeit and/or Infringing Products or any other unauthorized products that picture, reproduce or utilize the likenesses of or which copy or bear a substantial similarity to the BRATZ Property;

(2) engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers and/or members of the public into believing, that the actions of Defendants, the products sold by Defendants or Defendants themselves are connected with Plaintiff, are sponsored, approved or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

(3) affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offering for sale of any goods or services, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Plaintiff;

(4) otherwise competing unfairly with Plaintiff in any manner;

(5) infringing the aforementioned BRATZ Copyrights, BRATZ Trademarks including, but not limited to, the BRATZ, BRATZ PACK and PASSION FOR FASHION trademarks, as well as the Common Law Trademarks, BRATZ Packaging Trade Dress and BRATZ Product Configuration Trade Dress, and damaging Plaintiff's goodwill, reputation, and business;

(6) during the pendency of this action, destroying or otherwise disposing of:

(a) merchandise falsely bearing the BRATZ Property, or infringements or counterfeits thereof;

EXHIBIT 16 M 0078543
PAGE 1528
EX 13738-0022

(b) any other products which reproduce, copy, counterfeit, imitate or bear the BRATZ Property including, but not limited to, the BRATZ Characters, the BRATZ Dolls, the BRATZ Copyrights, the BRATZ Trademarks, the Common Law Trademarks, the BRATZ Product Configuration Trade Dress and the BRATZ Packaging Trade Dress, trade names, logos or designs, or which picture, reproduce or utilize the likenesses of or copy or bear a substantial similarity to the BRATZ Property including, without limitation, the BRATZ Characters and the BRATZ Dolls;

(c) any promotional and advertising material labels, packages, wrappers, containers and any other unauthorized items which reproduce, copy, counterfeit, imitate or bear the BRATZ Property including, but not limited to, the BRATZ Characters, the BRATZ Dolls, the BRATZ Copyrights, the BRATZ Trademarks, the Common Law Trademarks, the BRATZ Product Configuration Trade Dress and the BRATZ Packaging Trade Dress, trade names, logos or designs, or which picture, reproduce or utilize the likenesses of or copy or bear a substantial similarity to the BRATZ Property;

(d) any molds, screens, patterns, plates, disks, negatives or other items used specifically for making or manufacturing products bearing the BRATZ Property including, but not limited to, the BRATZ Characters, the BRATZ Dolls, the BRATZ Copyrights, the BRATZ Trademarks, the Common Law Trademarks, the BRATZ Product Configuration Trade Dress and the BRATZ Packaging Trade Dress, trade names, logos, or designs, or which picture, reproduce or utilize the

EXHIBIT 16
PAGE 1529

M 0078544

EX 13738-0023

likenesses of or copy or bear a substantial similarity to the BRATZ Property; and

(e) any sales and supplier or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogues, recordings of any type whatsoever, and all other business records and documents believed to concern the importation, manufacture, reproduction, purchase, advertising, sale or offering for sale of such Counterfeit and/or Infringing Products;

(7) during the pendency of this action, destroying any documents, electronic files or business records that pertain to the importation, manufacture, reproduction, advertisement, offer for sale or sale of the Counterfeit and/or Infringing Products or any other items which infringe the rights of Plaintiff in the BRATZ Property, including any correspondence (including but not limited to electronic mail), importation documents, manufacturing specifications, shipping orders, phone records, phone logs, sales and supplier or customer journals, ledgers, invoices, purchase orders, product catalogs, web site order logs, inventory control documents, bank records, catalogues, recordings of any type whatsoever, and all other business records and documents believed to concern the importation, manufacture, reproduction, purchase, advertising, sale or offering for sale of such Counterfeit and/or Infringing Products; and

(8) effecting assignments or transfers of money, real or personal property, business licenses, forming new entities or associations or utilizing any other device for the purpose of circumventing or

I:\IP\10306\00009\pleadings\Complaint4 - downtown.doc

-23-

EXHIBIT 16
PAGE 1530        M 0078545

EX 13738-0024

otherwise avoiding the prohibitions or restrictions set forth in subparagraphs (1) - (7) above;

B.  That the Court issue an order directing the United States Marshal for this District, one or more of the Marshal's deputies, on-duty law enforcement officers or off-duty law enforcement officers, assisted by one or more attorneys or agents of Plaintiff, to enter Defendants' premises as listed above, and that Plaintiff and/or their designees be authorized to seize the following items which are in the possession, custody or control of any of Defendants:

(a) all unauthorized products bearing the BRATZ Property including, but not limited to, the BRATZ Characters, the BRATZ Dolls, the BRATZ Copyrights, the BRATZ Trademarks, the Common Law Trademarks, the BRATZ Product Configuration Trade Dress and the distinctive BRATZ Packaging Trade Dress, or infringement, counterfeits or likenesses thereof, or that are substantially similar thereto;

(b) any other unauthorized products which picture, reproduce or utilize the likenesses of or copy or bear a substantial similarity to the BRATZ Property or any elements thereof;

(c) any unauthorized promotional and advertising material, labels, packages, wrappers, containers and any other items which picture, reproduce or utilize the likenesses of or copy or bear a substantial similarity to the BRATZ Property or any elements thereof;

(d) any plates, molds, matrices, masters, tapes, film negatives, disks and other articles by means of which such Counterfeit and/or Infringing Products, or unauthorized items which picture, reproduce or utilize the likenesses of or copy or bear a substantial similarity to the BRATZ Property or any elements thereof, may be reproduced;

-24-

EXHIBIT 16
PAGE 1531
M 0078546

EX 13738-0025

(e) any other matter or material in any media embodying any unauthorized copies of the BRATZ Property or that are substantially similar thereto or any other evidence of infringement, including, but not limited to, hard disks, tapes, electronic mail, documents, product catalogs or software;

(f) with respect to those defendants who have committed trademark counterfeiting, any correspondence (including but not limited to electronic mail), phone records, phone logs, importation documents, manufacturing specifications, shipping orders, sales journals, supplier journals, customer journals, ledgers, invoices, purchase orders, shipping logs, inventory control documents, bank records, catalogues, product lists, computer files, computers, recordings of any type whatsoever and all other business records and documents believed to concern the manufacture, distribution, purchase, advertising, sale or offering for sale of infringing merchandise; and

(g) with respect to those defendants who have committed trademark counterfeiting, all computers and computer storage media, including without limitation, hard drives, floppies, CDs, DVDs, removable media (such as Zip/Jazz disks and Syquest), data cartridges and backup media, believed to concern the manufacture, importation, distribution, purchase, advertising, sale or offering for sale of any products bearing any labels, tags, logos, decals, emblems or other markings and/or any products which reproduce, copy, counterfeit, imitate, or bear any of the BRATZ Property that are identical with or substantially indistinguishable therefrom. Instead of seizing the items set forth in this paragraph (g), at Plaintiff's election, Plaintiff may make copies of the items set forth

-25-

EXHIBIT 16
PAGE 1532
M 0078547
EX 13738-0026

1         in this paragraph at the site of the seizure. If Plaintiff seizes the
2         items set forth in this paragraph, Plaintiff may make copies of all
3         such computer storage media and shall return such seized items to
4         Defendants no later than five (5) business days after such seizure;

5    C.    That the Court issue an order allowing Plaintiff (or its designees) to be
6 allowed to accompany the United States Marshal or other law enforcement officers,
7 including off-duty officers, and to assist in the seizure;

8    D.    That the Court issue an Order permitting accelerated pre-trial discovery
9 within two (2) business days in order to ensure that other available evidence in this
10 case – which includes evidence that is transitory, portable and easily destroyed – is
11 available for a hearing on a preliminary injunction and preserved for trial;

12    E.    That the Court issue an order requiring Defendants to show cause why,
13 pending a trial on the merits, it should not issue a Preliminary Injunction Order in
14 accordance with Prayer For Relief A;

15    F.    That the Court issue a Preliminary Injunction in accordance with the
16 order requested in Prayer For Relief A;

17    G.    That the Court issue a Permanent Injunction making permanent the
18 orders requested in Prayer For Relief A1-6, 8;

19    H.    That Plaintiff be awarded damages for Defendants' copyright
20 infringement in the form of either: (i) actual damages in an amount to be determined
21 at trial, together with Defendants' profits derived from their unlawful infringement of
22 the BRATZ Copyrights or (ii) statutory damages for each act of infringement in an
23 amount provided by law, including enhanced damages for willful infringement, as set
24 forth in 17 U.S.C. §504, at Plaintiff's election before the entry of a final judgment,
25 together with pre-judgment and post-judgment interest;

26    I.    That Plaintiffs be awarded treble damages in an amount to be determined
27 at trial for Defendants' willful trademark infringement pursuant to 15 U.S.C. §
28 1117(a), together with pre-judgment and post-judgment interest;

-26-

EXHIBIT 16
PAGE 1533   M 0078548

EX 13738-0027

1  J.  That Plaintiff be awarded damages for Defendant All Toys' trademark counterfeiting in the form of either: (i) treble damages in an amount to be determined at trial, or (ii) statutory damages for each counterfeit mark per type of goods or services sold, offered for sale or distributed in an amount provided by law, as set forth in 15 U.S.C. §1117(c), together with pre-judgment and post-judgment interest;

K.  That Defendants account for and pay over to Plaintiff all damages sustained by Plaintiff and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that those profits be increased as provided and allowed by law;

L.  That Defendants hold, as constructive trustees for the benefit of Plaintiff, any and all personal and/or real properties and assets consisting of and/or obtained by profits derived from Defendants' infringing activities, and that Plaintiff be granted possession of or trustee rights over these properties;

M.  That the Court issue an order requiring Defendants to deliver to Plaintiff or, at Plaintiff's option, destroy, at Defendants' cost, all infringing copies of the BRATZ Property at the conclusion of the present matter;

N.  That the Court award Plaintiff its reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a);

O.  That the Court award Plaintiff its costs of suit incurred herein; and

P.  That the Court grant Plaintiff such other and further relief as it deems just and equitable.

DATED: April ___, 2004

Respectfully submitted,

KEATS MCFARLAND & WILSON LLP

_____
Larry W. McFarland

Attorneys for Plaintiff
MGA Entertainment, Inc.

1:\IP\10305\00009\pleadings\Complaint4 - downtown.doc

-27-

EXHIBIT 16
PAGE 1534

M 0078549

EX 13738-0028

EXHIBIT 17

Copyright Office
For current website
right Office

139092638

Form VA
For a Work of the Visual Arts

VA 1-233-273

EFFECTIVE DATE OF REGISTRATION

MAR 01 2004

DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET

**1** Title of This Work ▼
BRATZ Purse Style Guide

NATURE OF THIS WORK ▼ See instructions
Text Illustrations

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical serial or collection give information about the collective work in which the contribution appeared Title of Collective Work ▼

If published in a periodical or serial give Volume ▼  Number ▼  Issue Date ▼  On Pages ▼

**2** NAME OF AUTHOR ▼
a  MGA Entertainment Inc

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"
☒ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
     { Domiciled in USA

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☒ No
Pseudonymous? ☐ Yes ☒ No

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☒ 2 Dimensional artwork   ☐ Photograph   ☒ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

b  Name of Author ▼

Dates of Birth and Death
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
     { Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☐ No
Pseudonymous? ☐ Yes ☐ No

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2 Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**3** a Year in Which Creation of This Work Was Completed  2002

b Date and Nation of First Publication of This Particular Work
Month October  Day 14  Year 2002 at least as early as
United States of America  Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
MGA Entertainment Inc
16730 Schoenborn Street North Hills California 91343

APPLICATION RECEIVED
MAR - 1 2004
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAR - 1 2004
FUNDS RECEIVED

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

MORE ON BACK ▶  Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions  Sign the form at line 8
DO NOT WRITE HERE
Page 1 of __

Δ π EXHIBIT 574
Deponent Armstrong
Date 8/1/04  Rptr. AC
WWW.DEPOBOOK.COM

EXHIBIT 17
PAGE 1535

M 0110205

EX 574-0001

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☐ No If your answer is Yes why is another registration being sought? (Check appropriate box) ▼
a ☐ This is the first published edition of a work previously registered in unpublished form
b ☐ This is the first application submitted by the author as copyright claimant
c ☐ This is a changed version of the work as shown by space 6 on the application
If your answer is Yes give Previous Registration Number ▼   Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work complete only 6b for a compilation
a Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

Preexisting artwork including Reg Nos VA 1 218-487 VA 1 218 488 VA 1 218 489 VA 1 218-490 VA 1 218 491 VA 1 090 287 VA 1 090 288 VA 1 090 289 and VA 1 090 290 and other prior character artwork

b Material Added to This Work Give a brief general statement of the material that has been added to this work and in which copyright is claimed ▼

New illustrations and text

**6**

a
b

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office give name and number of Account
Name ▼   Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent Name/Address/Apt/City/State/ZIP ▼

Larry W McFarland Keats McFarland & Wilson LLP
9720 Wilshire Boulevard Penthouse Suite
Beverly Hills California 90212

Area code and daytime telephone number (310) 248 3830   Fax number (310) 860 0363
Email lmcfarland@kmwlaw com

**7**
a
b

**CERTIFICATION** I the undersigned hereby certify that I am the
check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of MGA Entertainment Inc
Name of author or other copyright claimant or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3 do not sign and submit it before that date
Larry W McFarland                              Date February 27 2004

Handwritten signature (X) ▼
X _[signature]_

**8**

| Certificate will be mailed in window envelope to this address | Name ▼ Larry W McFarland Keats McFarland & Wilson LLP | **9** |
|---|---|---|
| | Number/Street/Apt ▼ 9720 Wilshire Boulevard Penthouse Suite | |
| | City/State/ZIP ▼ Beverly Hills California 90212 | |

17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409 or in any written statement filed in connection with the application shall be fined not more than $2 500

Rev August 2003—30 000  Web Rev June 2002  ⓖ Printed on recycled paper                    US Government Printing Office 2003-496 605/60 029

EXHIBIT 17
PAGE 1536
574-2
M 0110206
EX 574-0002

EXHIBIT 18