1    REQUEST FOR ADMISSION NO. 85:

2         Admit that the set of 18 BRATZ design drawings referenced in Paragraph

3    3(a) in the DOCUMENT attached hereto as Exhibit 2 does not include any of the

4    BRATZ PITCH MATERIALS.

5

6    REQUEST FOR ADMISSION NO. 86:

7         Admit that, in the DOCUMENT attached hereto as Exhibit 2, YOU

8    claimed in Paragraph 3(g) that at all material times there was an understanding and

9    agreement between YOU and BRYANT that the copyrights subsisting in the 18

10   BRATZ design drawings referenced in Paragraph 3(a) should vest in MGA.

11

12   REQUEST FOR ADMISSION NO. 87:

13        Admit that, prior to September 18, 2000, there was an understanding and

14   agreement between YOU and BRYANT that the copyrights subsisting in the 18

15   BRATZ design drawings referenced in Paragraph 3(a) of the DOCUMENT attached

16   hereto as Exhibit 2 should vest in MGA.

17

18   REQUEST FOR ADMISSION NO. 88:

19        Admit that, prior to September 18, 2000, there was not an understanding

20   and agreement between YOU and BRYANT that the copyrights subsisting in the 18

21   BRATZ design drawings referenced in Paragraph 3(a) of the DOCUMENT attached

22   hereto as Exhibit 2 should vest in MGA.

23

24   REQUEST FOR ADMISSION NO. 89:

25        Admit that, prior to September 18, 2000, there was an understanding or

26   agreement between YOU and BRYANT that the copyrights subsisting in at least one

27   BRATZ WORK should vest in MGA.

28

07209/2138116.1

MATTEL'S FIFTH SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA

EXHIBIT __22__
PAGE __1576__

EX 10234-0021

REQUEST FOR ADMISSION NO. 90:

Admit that, prior to September 18, 2000, there was neither an understanding nor an agreement between YOU and BRYANT that the copyrights subsisting in any BRATZ WORK should vest in MGA.

REQUEST FOR ADMISSION NO. 91:

Admit that, in the DOCUMENT attached hereto as Exhibit 2 YOU claimed in Paragraph 3(g) that the assignment between Bryant and MGA in the BRYANT/MGA AGREEMENT was confirmatory.

REQUEST FOR ADMISSION NO. 92:

Admit that the assignment between Bryant and MGA in the BRYANT/MGA AGREEMENT was confirmatory.

REQUEST FOR ADMISSION NO. 93:

Admit that the assignment between Bryant and MGA in the BRYANT/MGA AGREEMENT was not confirmatory.

REQUEST FOR ADMISSION NO. 94:

Admit that, while BRYANT was employed by MATTEL in 1999 and 2000, he held a position of confidence and trust at MATTEL.

REQUEST FOR ADMISSION NO. 95:

Admit that, while BRYANT was employed by MATTEL in 1999 and 2000, he did not hold a position of confidence and trust at MATTEL.

07209/2138116.1

MATTEL'S FIFTH SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA

EXHIBIT 22
PAGE 1577

EX 10234-0022

REQUEST FOR ADMISSION NO. 96:

Admit that, while BRYANT was employed by MATTEL in 1999 and 2000, he was MATTEL's fiduciary.

REQUEST FOR ADMISSION NO. 97:

Admit that, while BRYANT was employed by MATTEL in 1999 and 2000, he was not MATTEL's fiduciary.

REQUEST FOR ADMISSION NO. 98:

Admit that, when YOU met with BRYANT on September 1, 2000, YOU knew BRYANT was employed by MATTEL at the time.

REQUEST FOR ADMISSION NO. 99:

Admit that, when YOU met with BRYANT on September 1, 2000, YOU did not know BRYANT was employed by MATTEL at the time.

REQUEST FOR ADMISSION NO. 100:

Admit that, when YOU entered into the BRYANT/MGA AGREEMENT, YOU knew BRYANT was employed by MATTEL at the time.

REQUEST FOR ADMISSION NO. 101:

Admit that, when YOU entered into the BRYANT/MGA AGREEMENT, YOU did not know BRYANT was employed by MATTEL at the time.

EXHIBIT __22__
PAGE __1578__                    EX 10234-0023



1  DATED: June 8, 2007

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2138116.1

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _B. Dylan Proctor_/
   B. Dylan Proctor
   Attorneys for Mattel, Inc.

-23-

MATTEL'S FIFTH SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA

EXHIBIT 22
PAGE 1579

EX 10234-0024

**Exhibit 1**

EXHIBIT 22
PAGE 1586

EX 10234-0025



HCA 2152/2002

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 2152 OF 2002

BETWEEN

    ABC INTERNATIONAL TRADERS, INC.              Plaintiff
    doing business as MGA ENTERTAINMENT

        and

    (1) TOYS & TRENDS (HONG KONG) LIMITED

    (2) CITYWORLD LIMITED

    (3) JURG WILLI KESSELRING                Defendants

---

AFFIDAVIT OF ISAAC LARIAN

---

I, Isaac Larian of 16730 Schoenborn Street, North Hills, California, United States of American do make oath and say as follows: -

1.    I am the CEO of MGA and duly authorised by MGA to make this affidavit on its behalf. Unless otherwise stated, the facts and matters contained herein are either within my own personal knowledge or gleaned from books and records of MGA to which I have free access. Insofar as facts and matters that do not fall within the aforesaid category, they are related to me by the respective sources stated hereinafter and are true to the best of my information and belief. For the purpose of this affidavit, I shall adopt the abbreviations used in the First Affirmation of Lee Shiu Cheung filed on behalf of MGA on the 18th June 2002 (hereinafter referred to as "the 1st Lee Affirmation").

1

M 0001558

EXHIBIT 22
PAGE 1581

EX 10234-0026

2.

3.

4.

5.

2

M 0001559

EXHIBIT 22
PAGE 1582

EX 10234-0027

6.

7.

8.

3

M 0001560

EXHIBIT 22
PAGE 1583

EX 10234-0028



9.

10.

11.

Paragraphs 13 to 19

12.  I fail to understand the point made by the Defendants in these paragraphs and consequently the relevance of these matters. Insofar as the concept of the Bratz dolls are concerned, the 1st Lee Affirmation dealt with these matters to provide the Court with the background and history of the Bratz dolls and mainly the marketing strategy or concept. Furthermore, I am advised by my legal advisors that copyright law does not protect concepts or ideas *per se* but the expression of an idea in a material form. And in this case, it is the 17 design drawings exhibited as "LSC-3". The complaint made by MGA is that

4

M 0001561

EXHIBIT __22__
PAGE __1584__

EX 10234-0029



the 3 dimensional Funky Tweenz dolls have infringed the 2 dimensional drawings which are artistic works in which copyright subsists. The aforesaid, I think, would be sufficient to deal with these paragraphs but for the sake of completeness I shall deal with the dolls mentioned therein.

13. The Bratz dolls were first exhibited in the USA in November 2000. They were further exhibited in Hong Kong in January 2001. The Bratz dolls were first publicly made available for sale at the retail level in August 2001 in the USA.

14. I have never heard of Simba Toys GmbH & Co. and have never come across these Girlz dolls until reading the Kesselring Affidavit. Just by looking at the photographs and not having seen the samples I cannot see how these dolls can infringe MGA's copyright in the artistic works for they do not look the same. Furthermore, I do not accept that these dolls were marketed all over Europe before the Numberg Toy Fair without any evidence but a bare allegation coming from Mr. Kesselring.

15. The photographs of the We Teen dolls exhibited as "JWK-6" do not resemble the Bratz dolls by just looking at the pictures.

16. To say the Fad dolls have similar dimensions and proportions to the Bratz dolls is just sheer nonsense. One can see very clearly from the photographs that they do not. These dolls have plastic hair and square faces  Mr. Kesselring has not asserted that these dolls are published prior to the Bratz dolls.

17. Looking at the photographs of the Sassy Secrets dolls one can see very clearly that they do not resemble the Bratz dolls at all. These are 6 inch electronic dolls which can talk. Further, they do not have change of fabric fashion and shoes that Bratz are popular for and Funky Tweenz have copied. Again Mr. Kesselring has not asserted that these dolls are published prior to the Bratz dolls.

5

M 0001562

EXHIBIT 22
PAGE 1585

EX 10234-0030

18. In light of the foregoing, the existence of these dolls in the market can in no way impeach the originality of MGA's artistic works. Mr. Kesselring is again speculating without any evidence. Furthermore, I find it quite odd for Mr. Kesselring to say that both Funky Tweenz dolls and the Bratz dolls originate from a common source when he attempts to explain how the Defendants came up with the Funky Tweenz dolls.

19.

20.

21.

6

M 0001563

EXHIBIT 22
PAGE 1586

EX 10234-0031



22.   I fail to see any point in paragraph 19 of the Kesselring Affirmation. I am advised by my legal advisors that copyright law is territorial and each jurisdiction has its own set laws regulating copyright. MGA's cause of action is based on the Copyright Ordinance of Hong Kong and not the Federal Copyright Act of the USA. The USA registration certificates were exhibited to show that the Bratz dolls enjoy copyright protection in the USA.

23.

24.

25.

7

M 0001564

EXHIBIT 22
PAGE 1587

EX 10234-0032

26.    Dressing dolls had always been a huge market for the toy industry. The Barbie doll has been around for over 43 years and has a retail turnover of US$1.5 billion a year. According to the leading USA toy market research company, TRSTS, Barbie dolls command 88.5% of the doll market last year. But the latest research results show this share has shrunken to 84.6% so far this year due to the appearance of the Bratz dolls which now command 10.1% of the market share which is the 2nd largest market share after Mattel and Barbie. Prior to the appearance of Bratz dolls, no doll could take away the market share enjoyed by Barbie. The Barbie doll has been so successful because it has been able to reinvent itself time and time again like 3 or 4 years ago, the Barbie doll range introduced a new range of dolls called the Generation Girls which is a dressing doll with a trendy look.

27.

28.

29.

8

M 0001565

EXHIBIT 22
PAGE 1588

EX 10234-0033



30.    Mr. Kesselring said he took inspiration from a lot of other dolls on the market but oddly, he never referred to the Bratz dolls. The Bratz dolls won the People's Choice Awards of the Toy Industry which is similar to the Oscars in the film industry, as well as Doctor Toy best top 10 Toy Award and Family Fun Best Toy Award. Bratz were further cited to be the first doll ever to beat Barbie in the fashion doll category. I find it quite inconceivable that he never referred to the Bratz dolls despite its huge success and wide media coverage evidenced by some of the sample media cuttings exhibited as "LSC-10" to the 1st Lee Affirmation. Even the article taken from The Toy Book which he exhibited as "JWK-10c" has a whole column devoted to Bratz dolls. The said article says and I quote, "Trying to capture some of MGA's success, a host of manufacturers are debuting personality/fashion dolls."

31.    The reason why design drawings of the dolls head had to be made was because they had to get the colour scheme of features of the head so that after moulding they can be dyed properly according to the scheme which serves as a benchmark.   This is very apparent from paragraph 21 of the Affirmation of Wilson Lam.

32.    Having taken a look at the pictures of the Barbie dolls exhibited as "JWK-12" they bear no resemblance to the Funky Tweenz but Funky Tweenz bear a striking resemblance to the Bratz dolls.

Paragraphs 30-33

33.    The safety certificates exhibited as "JWK-13" only pertain to Europe and Canada and not the USA which has more stricter requirements.  MGA's fears stated in paragraph 36 of the 1st Lee Affirmation are valid.

34.    I fail to see how that the life span of fashion dolls will only last 2 years as alleged. The Barbie doll has been around for over 43 years. The Defendants have not shown by way of evidence how an injunction would affect their reputation.

9

M 0001566

EXHIBIT 22
PAGE 1589

EX 10234-0034

35. MGA is not using this action to stifle competition as alleged. MGA welcomes lawful competition but not copying. The other examples of dolls mentioned in the Kesselring Affidavit do not resemble the Bratz dolls at all. If MGA was to stifle lawful competition it would have taken legal action against those manufacturers. One must bear in mind that no one has stated that other dolls on the market resemble Bratz dolls save and except Funky Tweenz dolls. There is abundant evidence in this regard from independent third parties.

36.

37.

38.

10

M 0001567

EXHIBIT ___22___
PAGE ___1590___

EX 10234-0035



39.

40.

41.

42.

Sworn at State of California )
County of Los Angeles )
                              )
                              )
Subscribed and sworn to before )
me on                          )
this 2 day of July     2002 )

Before me, Eve Marie Johnson

_____ Notary Public

EVE MARIE JOHNSON
COMM. # 1312814
NOTARY PUBLIC • CALIFORNIA
LOS ANGELES COUNTY
Comm. Exp. JULY 12, 2005

This affidavit is filed on behalf of the Plaintiff.

11

M 0001568

EXHIBIT  22
PAGE  1591

EX 10234-0036



HCA 2152/2002

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 2152 OF 2002

BETWEEN

ABC INTERNATIONAL TRADERS, INC.
doing business as MGA ENTERTAINMENT          Plaintiff

and

(1) TOYS & TRENDS (HONG KONG) LIMITED

(2) CITYWORLD LIMITED

(3) JURG WILLI KESSELRING          Defendants

---

AFFIDAVIT OF ISAAC LARIAN

Filed this 5ᵗʰ day of July, 2002.

William WL Fan & Co.
507 Hang Seng Building
77 Des Voeux Road
Central
Hong Kong
Tel: 2110 2128

12

M 0001569

EXHIBIT 22
PAGE 1592

EX 10234-0037

Exhibit 2

EXHIBIT 22
PAGE 1593

EX 10234-0038




(Folio 1)

**HCA 3856/2003**

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
CIVIL ACTION NO.$3856$ OF 2003     HIGH COURT ACC. OFFICE

Served by   FEESPAID

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FC2                                    1045.00
CHEQUE                               1045.00
OCT16 TG3#001AD101 16:01R     FEESPAID

BETWEEN:-

MGA ENTERTAINMENT INC.                        **Plaintiff**

and

UNI-FORTUNE TOYS INDUSTRIAL LIMITED           1st   **Defendant**
FU WEI TOYS COMPANY LIMITED                   2nd   **Defendant**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To the 1st Defendant UNI-FORTUNE TOYS INDUSTRIAL LIMITED whose registered office is situate at Flat A-B, 21st Floor, Cheung Hing Shing Centre, 23 Sha Tsui Road, Tsuen Wan, New Territories, Hong Kong

And to the 2nd Defendant FU WEI TOYS COMPANY LIMITED whose registered office situate at Flat A-B, 21st Floor, Cheung Hing Shing Centre, 23 Sha Tsui Road, Tsuen Wan, New Territories, Hong Kong

THIS WRIT OF SUMMONS has been issued against you by the above-named Plaintiff in respect of the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Registry of High court the accompanying ACKNOWLEDGEMENT OF SERVICE stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgement within the time stated, or if you return the Acknowledgement without stating therein an intention to contest the proceedings, the Plaintiff(s) may proceed with the action and judgment may be entered against you forthwith without further notice.

Issued from the Registry of the High Court this 16th day of October 2003

Note:-     This Writ may not be served later than 12 calendar months beginning with that date unless renewed by order of the Court.

**IMPORTANT**
Directions for Acknowledgement of Service are given with the accompanying form.
S.C.549 (s)

E:\MAGGIE\IP\copyright\WF-1878-MGA\Writ.doc

M0012593

EXHIBIT _22_
PAGE _1594_

EX 10234-0039

## STATEMENT OF CLAIM
### (Please see attached)

*(Where the Plaintiff's claim is for a debt or liquidated demand only: If, within the time for returning the Acknowledgment of Service, the Defendant pays the amount claimed and $1,550.00 for costs and, if the Plaintiff obtains an order for substituted service, the additional sum of $565.00, further proceedings will stayed. The money must be paid to the Plaintiff or his Solicitors.)

**THIS WRIT** was issued by Messrs. William W. L. Fan & Co. of Room 507, 5th Floor, Hang Seng Building, 77 Des Voeux Road Central, Hong Kong, Solicitors for the Plaintiff MGA Entertainment Inc. whose principal place of business is situate at 16730 Schoenborn Street, North Hills, Ca 91343-6122, USA and c/o Room 1001, 10th Floor, Empire Centre, 68 Mody Road, Tsimshatsui East, Kowloon, Hong Kong.

C:\MAGGIE\Copyright\Writ - 1878-MGA\Writ.doc

M0012594

EXHIBIT __22__
PAGE __1595__

EX 10234-0040

**STATEMENT OF CLAIM**

1. The Plaintiff is and at all material times a corporation existing under the laws of the U.S.A. carrying on business in the design, manufacture, marketing and selling of toys, in particular, fashion dolls.

2. The 1st and 2nd Defendants were and at all material times companies incorporated and existing under the laws of Hong Kong carrying on the business in the manufacture and marketing of toys. The shareholders, directors and registered office of 1st and 2nd Defendant are identical.

3. The Plaintiff is and at all material times, has been the owner of the copyright subsisting in original artistic works in respect of the Plaintiff's Bratz fashion dolls ("the said Artistic Works").

**Particulars of Original Artistic Works**

(a) 18 design drawings of various Bratz fashion dolls made between the years 1998 and 2000.

(b) Wax models of the head, body and shoes of the Bratz fashion dolls made between the year 2000 and 2001.

C:\MAGGIE\Pcopyright\W7 - 1878-MGARW8.doc

M0012595

EXHIBIT **22**
PAGE **1896**

EX 10234-0041

(c) Silicon rubber moulds and polyurethane samples made therefrom of the Bratz fashion dolls made between the years 2000 and 2001.

(d) 4 drawings of the facial decoration of the Bratz fashion dolls made between the years 2000 and 2001.

(e) 8 drawings 4 of which are pantone colour guides of the facial decorations of the Bratz fashion dolls made between the years of 2000 and 2001.

(f) 4 hand painted deco-masters on 4 rubber head sculpts made between the years 2000 and 2001.

## Particulars of Ownership and Subsistence

(g) Carter Bryant (hereinafter referred to as "Mr. Bryant") was commissioned by the Plaintiff to make the design drawings referred to in sub-paragraphs (a) and (e) hereof. At all material times, it was the understanding and agreement between the Plaintiff and Mr. Bryant that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Mr. Bryant in September 2000.

C:\MAGGIE\IP\copyright\WF-1878-MCA\PPR.doc

M0012596

EXHIBIT 22
PAGE 1597

EX 10234-0042

(h) At all material times, Mr. Bryant is a resident of and domiciled in the U.S.A.

(i) Margaret Leahy (hereinunder referred to as "Ms. Leahy") was commissioned by the Plaintiff to make the artistic works referred to in subparagraph (b) hereof. At all material times, it was the understanding and agreement between the Plaintiff and Ms. Leahy that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Ms. Leahy in June 2003.

(j) At all material times, Ms. Leahy is a resident of and domiciled in the USA.

(k) Jessie Ramirez (hereinunder referred to as "Ms. Ramirez") was commissioned by the Plaintiff to make the silicon rubber moulds and polyurethane samples referred in subparagraph (c) hereof. At all material times, it was the understanding and agreement between the Plaintiff and Ms. Ramirez that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Ms. Ramirez on 16th June 2003.

(l) At all material times, Ms. Ramirez is a resident of and domiciled in the USA.

(m) Anna Rhee (hereinunder referred to as "Ms. Rhee") was commissioned by the Plaintiff to make the artistic works referred to in sub-paragraphs (d) and (f) hereof. At all material times, it was the understanding and agreement

C:\MAGGIE\IP\copyright\WF-1879-MGAWW.doc

M0012597

EXHIBIT  22
PAGE  1598

EX 10234-0043

between the Plaintiff and Ms. Rhee that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Ms. Rhee on 12ᵗʰ June 2003.

(n) At all material times, Ms. Rhee is a resident of and domiciled in the USA.

(o) The said Artistic Works as described in sub-paragraphs (a) to (f) above were first published in the USA in or about June 2001 when the Bratz fashion dolls were exhibited and offered for sale. Alternatively, the said Artistic Works are unpublished. The artistic works referred to in sub-paragraph (b) hereof and the silicon rubber moulds referred to in sub-paragraph (c) hereof were destroyed in the course of the Plaintiff's business.

4. Prior to the issue of the Writ herein, the 1ˢᵗ and 2ⁿᵈ Defendants have infringed the said Artistic Works by authorising the manufacture, the manufacture of and/or importing into and exporting from Hong Kong in its course of business, possessing for the purpose of trade or business, selling or offering or exposing for sale, for the purpose of trade or business exhibiting in public or distributing fashion dolls known as Glitter Girls which are reproductions of or a reproduction of a substantial part of the said Artistic Works without the license of the Plaintiff (hereinafter collectively

C:\MAGGIE\IP\copyright\WF -1874-MGA\Writ.doc

M0012598

EXHIBIT 22
PAGE 1599

EX 10234-0044

referred as "the Infringing Dolls")

## Particulars

The Plaintiff will in particular rely on the following facts and matters:-

a) The exposure for sale of the Infringing Dolls to an investigator employed by the Plaintiff by the distribution of leaflets depicting the Infringing Dolls on 8th February 2003 and 14th February 2003.

b) The possession for the purpose of trade or business and exposure for sale of the Infringing Dolls by the 1st and/or the 2nd Defendants in a showroom at Room 802A, Empire Centre, Tsimshatsui East, Kowloon on the 14th February 2003 to an investigator employed by the Plaintiff.

c) The sale and/or distribution of 2 Infringing Dolls by the 1st Defendant at the 1st and 2nd Defendant's registered offices on the 11th March 2003 to an investigator employed by the Plaintiff.

d) The exposure for sale by the 2nd Defendant of the Infringing Dolls by the provision of a quotation dated 11th March 2003.

e) The exposure for sale of the Infringing Dolls by the 1st and 2nd Defendants

C:\IMAGE\IE\P\copyright\inf-1978-MCAN\HN.doc

M0012599

EXHIBIT __22__
PAGE __1600__

EX 10234-0045