by way of an advertisement in p.140 of Vol. 2 of 2003 issue of the Hong Kong Toys Magazine.

f)  The exhibition in public of the Infringing Dolls by the 1st and/or 2nd Defendants at the Hong Kong Houseware Fair and Hong Kong Gifts & Premium Fair 2003 ("the Hong Kong Fair") in July 2003.

g)  The manufacture, authorization of manufacture, sale and export on divers dates an unknown quantity of the Infringing Dolls to Europe and the United States by the 1st and 2nd Defendants.

h)  The admission by the 1st and 2nd Defendants that the 2nd Defendant was the supplier of the Infringing Dolls to the 1st Defendant in a letter dated 21st August 2003 sent by the 1st and 2nd Defendants' solicitor to the Plaintiff's solicitors.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full particulars of all the wrongful acts of copyright infringement of the 1st and 2nd Defendants but will seek to recover damages in respect of each and every such wrongful act.

5.  The Plaintiff will in so far as is necessary rely on the fact that at all material times

C:\MAGGIE\Picopyright\W9 -1878-MCAWIA.doc

M0012600

EXHIBIT __22__
PAGE __1601__

EX 10234-0046

by way of an advertisement in p.140 of Vol. 2 of 2003 issue of the Hong Kong Toys Magazine.

f) The exhibition in public of the Infringing Dolls by the 1st and/or 2nd Defendants at the Hong Kong Houseware Fair and Hong Kong Gifts & Premium Fair 2003 ("the Hong Kong Fair") in July 2003.

g) The manufacture, authorization of manufacture, sale and export on divers dates an unknown quantity of the Infringing Dolls to Europe and the United States by the 1st and 2nd Defendants.

h) The admission by the 1st and 2nd Defendants that the 2nd Defendant was the supplier of the Infringing Dolls to the 1st Defendant in a letter dated 21st August 2003 sent by the 1st and 2nd Defendants' solicitor to the Plaintiff's solicitors.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full particulars of all the wrongful acts of copyright infringement of the 1st and 2nd Defendants but will seek to recover damages in respect of each and every such wrongful act.

5. The Plaintiff will in so far as is necessary rely on the fact that at all material times

C:\MACGIE\Pxcopyright\WF-1575-MCAWFR-INK

M0012601

EXHIBIT 22
PAGE 1602

EX 10234-0047

the 1st and 2nd Defendants knew or had reason to believe that the Infringing Dolls are infringing copies of the said Artistic Works within the meaning of the Copyright Ord., Cap. 528.

### Particulars of Knowledge

The Plaintiff will in particular rely upon the following facts and matters:-

(a)   The Plaintiff relies on the fact that the 1st and 2nd Defendants are in the same business as the Plaintiff, the Bratz fashion dolls being first exhibited and sold in the USA in June 2001.

(b)   The Bratz fashion dolls have won numerous awards including Toy of the Year Award, People's Choice of the Year Award, Doctor Toy Award and Family Fun Best Toy Award and numerous articles have been about the Bratz fashion dolls and their success.  The Bratz fashion dolls have achieved worldwide fame and publicity.

(c)   The Plaintiff relies on the objective similarity between the said Artistic Works and the Infringing Dolls.

(d)   On 14th February 2003, a Mr. Allen Ho on behalf of the 1st and 2nd Defendants informed an investigator employed by the Plaintiff that some modifications were made to the Infringing Dolls so that the Infringing Dolls would not resemble the Bratz fashion dolls too much.

(e)   In correspondence dated 7th August 2003 between the solicitors for the

C:\MAGIC\EVP\copyright\WF-1878-MCASW\6.doc

M0012602

EXHIBIT 22
PAGE 1603

EX 10234-0048

the 1st and 2nd Defendants knew or had reason to believe that the Infringing Dolls are infringing copies of the said Artistic Works within the meaning of the Copyright Ord., Cap. 528.

<u>**Particulars of Knowledge**</u>

The Plaintiff will in particular rely upon the following facts and matters:-

(a)   The Plaintiff relies on the fact that the 1st and 2nd Defendants are in the same business as the Plaintiff, the Bratz fashion dolls being first exhibited and sold in the USA in June 2001.

(b)   The Bratz fashion dolls have won numerous awards including Toy of the Year Award, People's Choice of the Year Award, Doctor Toy Award and Family Fun Best Toy Award and numerous articles have been about the Bratz fashion dolls and their success.  The Bratz fashion dolls have achieved worldwide fame and publicity.

(c)   The Plaintiff relies on the objective similarity between the said Artistic Works and the Infringing Dolls.

(d)   On 14th February 2003, a Mr. Allen Ho on behalf of the 1st and 2nd Defendants informed an investigator employed by the Plaintiff that some modifications were made to the Infringing Dolls so that the Infringing Dolls would not resemble the Bratz fashion dolls too much.

(e)   In correspondence dated 7th August 2003 between the solicitors for the

C:\MAGIC\EV\copyright\WP - 1578-MGA\WHL.doc

M0012603

EXHIBIT 22
PAGE 1609

EX 10234-0049

1st and 2nd Defendants and the Plaintiff's solicitors, the 1st Defendant asserted that it ceased dealing with the Infringing Dolls upon learning the infringement of copyright, however on 21 August 2003, the 1st Defendant asserted that prior to the receipt of the cease and desist letter dated 30th July 2003, it had not promoted, offered and/or exposed for sale and/or sold the Infringing Dolls. On 10th September 2003, the 1st Defendant further asserted that it has not promoted, offered and/or exposed for sale and/or sold the Infringing Dolls. The Plaintiff refers to sub-paragraphs (a) to (e) of paragraph 4 herein. In light of the foregoing, the Plaintiff relies on the deliberate attempt by the 1st Defendant to conceal its infringing activities to show that the 1st Defendant had knowledge or had reason to believe that the Infringing Dolls were infringing copies of the said Artistic Works. The Plaintiff also relies on the fact that the 1st and 2nd Defendants have identical directors and thus any knowledge of the 1st Defendant is imputed to the 2nd Defendant as well.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full particulars of all the particulars of knowledge of the 1st and 2nd Defendants.

6. By reason of the foregoing, the Plaintiff has suffered loss and unless the 1st and 2nd Defendants are restrained by this Honourable Court, will continue to suffer loss and damage.

7. By reason of all the circumstances of this case, including the flagrancy of the infringement, the benefit accruing to the 1st and 2nd Defendants by reason of the

C:\MAGGIE'S\*copyright\IWF-1875-MOA\WiK.doc

M0012604

EXHIBIT 22
PAGE 1605

EX 10234-0050

infringement and the completeness, accuracy and reliability of the 1st and 2nd Defendants' business accounts and records, the Plaintiff claims additional damages under Section 108 of the Copyright Ord., Cap. 528.

### Particulars

The Plaintiff will in particular rely upon the following facts and matters:-

(a) The Plaintiff repeats the particulars supplied under paragraphs 5 hereof.

(b) The 1st and 2nd Defendants in infringing the said Artistic Works have reaped substantial benefits in that the 1st and 2nd Defendants do not have to incur development costs, marketing costs and the risks that the Infringing Dolls might not be popular with its customers. The 1st and 2nd Defendants knew that in copying the said Artistic Works they will be able to produce, market and sell a product that has proven to be successful and is in demand by members of the trade and public.

8. By reason of the 1st and 2nd Defendants' wrongful acts and/or by reason of the 1st and 2nd Defendants' dealing in the Infringing Dolls, the 1st and 2nd Defendants owe a duty to the Plaintiff to assist the Plaintiff by supplying the Plaintiff with full information relating to the products complained of, all dealings therein or therewith

C:\MAGGIE\Pcopyright\WF - 1675-MGA\WA.doc

M0012605

EXHIBIT 22
PAGE 1606

EX 10234-0051

and the identities of all other wrong doers.

9.  Further by virtue of sections 48 and 49 of the High Court Ordinance (Cap. 4) the Plaintiff is entitled to and claims to recover interest on any amount found to be due to the Plaintiff at such rate(s) and for such period(s) as this Honourable Court considers just and proper.

AND the Plaintiff claims:-

1.  An injunction to restrain the 1st and 2nd Defendants whether acting by themselves, their directors, officers, servants or agents or any of them or otherwise howsoever from infringing the Plaintiff's copyright in original artistic works relating to the Plaintiff's fashion dolls under the name "Bratz" and/or from directing, procuring, instigating, causing, enabling or assisting others to do so.

2.  An order for delivery up or destruction upon oath of all articles and materials in the 1st and 2nd Defendants' possession, power, custody or control including dies, plates, templates, labels, moulds, leaflets, catalogues and packaging the use or sale or dealing therewith by the 1st and 2nd Defendants would offend against the foregoing injunction.

C:\MAGGIE\IP\copyright\WF-1978-MGA\WA.doc

M0012606

EXHIBIT 22
PAGE 1607

EX 10234-0052

3.  An inquiry as to damages, alternatively damages or, at the Plaintiff's option, account of profits, in respect of the 1st and 2nd Defendants' wrongful acts of infringement of copyright.

4.  Additional damages pursuant to section 108(2) of the Copyright Ordinance.

5.  An order for the payment by the 1st and 2nd Defendants' of all sums found due to the Plaintiff upon making such inquiries and/or accounts together with such interest thereon as this Honourable Court shall deem just pursuant to Section 48 of the High Court Ordinance.

6.  An order for discovery or verification upon oath of all matters relating to the foregoing.

7.  Costs

8.  Such further or other relief as this Honourable Court shall deem just.

Dated this 16th day of October 2003.

William W.L. Fan & Co.

Solicitors for the Plaintiff

C:\MAGGIE\IP\copyright\WF-16FB-MOAN\WL.doc

M0012607

EXHIBIT   22
PAGE   160B

EX 10234-0053

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On June 8, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIFTH SET OF REQUESTS FOR ADMISSION TO MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

John Keker
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

Diana M. Torres
O'Melveny & Myers, LLP
400 S Hope Street
Los Angeles, CA 90071

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 8, 2007, at Los Angeles, California.

David Quintana

07209/2138758.1

EXHIBIT  22
PAGE  1609

EX 10234-0054

EXHIBIT 23



EXHIBIT _23_
PAGE _1610_

HKP 00057
EX 13865-0001



EXHIBIT 23
PAGE 1411

HKP 00058
EX 13865-0002



EXHIBIT 23
PAGE 1612

HKP 00059
EX 13865-0003



EXHIBIT 23
PAGE 1613

HKP 00060
EX 13865-0004



EXHIBIT __23__
PAGE __1614__

HKP 00061
EX 13865-0005



EXHIBIT __23__
PAGE __1615__

HKP 00062
EX 13865-0006



EXHIBIT __23__
PAGE ___1616___

HKP 00063
EX 13865-0007



EXHIBIT __23__
PAGE __1017__

HKP 00064
EX 13865-0008



EXHIBIT 24
PAGE 1618

HKP 00065
EX 13866-0001



EXHIBIT  24
PAGE  1619

HKP 00066
EX 13866-0002



EXHIBIT __24__
PAGE __1620__

HKP 00067
EX 13866-0003



EXHIBIT 24
PAGE 1621

HKP 00068
EX 13866-0004