HCA 3856/2003

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
CIVIL ACTION NO. 3856 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                          Plaintiff

AND

UNI-FORTUNE TOYS INDUSTRIAL LIMITED             1ST Defendant
FU WEI TOYS COMPANY LIMITED                     2nd Defendant

---

ANSWER TO REQUEST FOR FURTHER AND BETTER
PARTICULARS OF THE STATEMENT OF CLAIM

---

Under paragraph 3

1.  Of the allegation that "The Plaintiff is and has at all material times, has been the owner of the copyright subsisting in original artistic works in respect of the Plaintiff's Bratz fashion dolls ("the said Artistic Works").

Particulars of Original Artistic Works

(a) 18 design drawings of various Bratz fashion dolls made between the years 1998 and 2000.

(b) Wax models of the head, body and shoes of the Bratz fashion dolls made between the year 2000 and 2001.

(c) Silicon rubber moulds not polyurethane samples made therefrom of the Bratz fashion dolls made between the years 2000 and 2001.

(d) 4 drawings of the facial decoration of the Bratz fashion dolls made between the years 2000 & 2001.

(e) 8 drawings 4 of which are pantone colour guides of the facial decorations of the Bratz fashion dolls made between the years of 2000 and 2001.

MGA 3886514

EX 13572-0001

EXHIBIT _26_
PAGE _1641_

EX 13572-0001

(f) 4 hand painted deco-masters on 4 rubber head sculpts made between the years 2000 and 2001.

Give full particulars of all facts and matters relied upon in support of the allegation that the said artistic works relied upon by the Plaintiff are "original" including, in particular, without prejudice to the generality of the foregoing, in relation to each such drawings, model and sculpt.

(i) full particulars of each and every antecedent design, product, drawing or article from which the same was derived, from which the same was developed and/or which were referred to or otherwise used by the author of each allegedly original drawing, model and sculpt.

(ii) full particulars of the part or parts of each of the allegedly original drawing, model and sculpt relied on which were not present in the antecedent design(s), product(s), drawing(s) and/or article(s) identified in the answer to (i) thereof.

<u>ANSWER</u>

1(i).     As far as the Plaintiff is aware, there were no antecedent designs, products, drawings or articles from which the artistic works referred to in sub-paragraphs (a), (b) (c), (d), (e) and (f) of the Particulars of Original Artistic were derived.   The author of the artistic works pleaded in sub-paragraphs (b), (d), (e) and (f) of the Particulars of Original Works referred to the drawings in sub-paragraph (a) of the Particulars of Original Works.   The silicon rubber moulds in sub-paragraph (c) were developed from the wax models in sub-paragraph (b) of the Particulars of Original Works.   The polyurethane samples in sub-paragraph (e) were developed from the rubber moulds.

1(ii).    As the wax models and the silicon rubber moulds have been destroyed, the Plaintiff cannot make any comparison between the wax models and the silicon rubber moulds.   As far as the Plaintiff is aware, there was no part in the wax models which was not present in the silicon rubber moulds and there was no part in the silicon rubber moulds that was not present in the polyurethane samples.

MGA 3886515

EX 13572-0002

EXHIBIT 26
PAGE 1642

EX 13572-0002

2. Of the allegation that

### Particulars of Ownership and Subsistence

(g)   Carter Bryant (hereinafter referred to as "Mr. Bryant") was commissioned by the Plaintiff to make the design drawings referred to in sub-paragraph (a) and (e) hereof.   At all material times, it was the understanding and agreement between the Plaintiff and Mr. Bryant that copyright subsisting in the artistic works should vest in the Plaintiff.   Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Mr. Bryant in September 2000."

(a) State whether in making the drawings referred to in sub-paragraphs (a) and (e) of paragraph 3 of the Statement of Claim, Mr. Bryant was acting in the course of employment by the Plaintiff.

(b) State whether the drawings referred to in sub-paragraphs (a) and (e) of paragraph 3 of the Statement of Claim were made pursuant to design consultancy services.

(c) If the answer to the previous Request is in the affirmative, identify the party or parties who contracted to provide the design consultancy services for the Plaintiff.

(d) Give full particulars of the terms and conditions under which the party or parties identified in the previous Request provided the design consultancy services to the Plaintiff.

(e) State whether in making the design drawings referred to in sub-paragraphs (a) and (e) of paragraph 3 of the Statement of Claim, Mr. Bryant was acting in the course of employment by the party or parties identified in the answer to Request (c) above.

### ANSWER

2(a)   No.

2(b)   The Plaintiff does not understand what the Defendants mean by "design consultancy services".

2(c)   See the answer to (b) above.

2(d)   See the answer to (b) above.

2(e)   See the answer to (b) above.

MGA 3886516
EX 13572-0003



EXHIBIT 26
PAGE 1043

EX 13572-0003

3.  Of the allegation that "(i) Margaret Leahy (hereinunder referred to as "Ms Leahy") was commissioned by the Plaintiff to make the artistic works referred to in sub-paragraph (b) hereof.  At all material times, it was the understanding and agreement between the Plaintiff and Ms. Leahy that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Ms. Leahy in June 2003".

(a)  State whether in making the wax models referred to in sub-paragraph (b) of paragraph 3 of the Statement of Claim, Ms. Leahy was acting in the course of employment by the Plaintiff.

(b)  State whether the wax models referred to in sub-paragraph (b) of paragraph 3 of the Statement of Claim was made pursuant to design consultancy services.

(c)  If the answer to the previous Request is in the affirmative, identify the party or parties who contracted to provide the design consultancy services for the Plaintiff.

(d)  Give full particulars of the terms and conditions under which the party or parties identified in the previous Request provided the design consultancy services to the Plaintiff.

(e)  State whether in making the wax models referred to in sub-paragraph (b) of paragraph 3 of the Statement of Claim, Ms Leahy was acting in the course of employment by the party or parties identified in the answer to Request (c) above.

*Answer*

3(a).  No.

3(b).  The Plaintiff does not understand what the Defendants mean by "design consultancy services".

3(c).  See the answer to (b) above.

3(d).  See the answer to (b) above.

3(e).  See the answer to (b) above.

4.  Of the allegation that "(k) Jessie Ramirez (hereinunder referred to as "Ms. Ramirez") was commissioned by the Plaintiff to make the silicon rubber moulds and polyurethane samples referred in sub-paragraph (c) hereof.  At all material times, it was the understanding and agreement between the

MGA  3886517
EX 13572-0004



EXHIBIT  26
PAGE  1644

EX 13572-0004

Plaintiff and Ms. Ramirez that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Ms. Ramirez on 16ᵗʰ June 2003.

(a)    State whether in making the rubber moulds and samples referred to in sub-paragraph (c) of paragraph 3 of the Statement of Claim, Ms. Ramirez was acting in the course of employment by the Plaintiff.

(b)    State whether the rubber moulds and samples referred to in sub-paragraph (c) of paragraph 3 of the Statement of Claim was made pursuant to design consultancy services.

(c)    If the answer to the previous Request is in the affirmative, identify the party or parties who contracted to provide the design consultancy services for the Plaintiff.

(d)    Give full particulars of the terms and conditions under which the party or parties identified in the previous Request provided the design consultancy services to the Plaintiff.

(e)    State whether in making the rubber moulds and samples referred to in sub-paragraph (c) of paragraph 3 of the Statement of Claim, Ms. Ramirez was acting in the course of employment by the party or parties identified in the answer to Request (c) above.

<u>Answer</u>

4(a).    No.

4(b).    The Plaintiff does not understand what the Defendants mean by "design consultancy services".

4(c).    See the answer to (b) above.

4(d).    See the answer to (b) above.

4(e).    See the answer to (b) above.

5.    Of the allegation that "(m) Anna Rhee (hereinunder referred to as Ms. Rhee") was commissioned by the Plaintiff to make the artistic works referred to in sub-paragraphs (d) and (f) hereof. At all material times, it was the understanding and agreement between the Plaintiff and Ms. Rhee that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff

MGA 3886518

EX 13572-0005

EXHIBIT 26
PAGE 1645

EX 13572-0005

and Ms. Rhee on 12th June 2003."

(a) State whether in making the drawings and sculpts referred to in sub-paragraphs (d) and (f) of paragraph 3 of the Statement of Claim, Ms. Rhee was acting in the course of employment by the Plaintiff.

(b) State whether the drawings and sculpts referred to in sub-paragraphs (d) and (f) of paragraph 3 of the Statement of Claim were made pursuant to design consultancy services.

(c) If the answer to the previous Request is in the affirmative, identify the party or parties who contracted to provide the design consultancy services for the Plaintiff.

(d) Give full particulars of the terms and conditions under which the party or parties identified in the previous Request provided the design consultancy services to the Plaintiff.

(e) State whether in making the drawings and sculpts referred to in sub-paragraphs (d) and (f) of paragraph 3 of the Statement of Claim, Ms. Rhee was acting in the course of employment by the party or parties identified in the answer to Request (c) above.

## ANSWER

5(a).    No.

5(b).    The Plaintiff does not understand what the Defendants mean by "design consultancy services".

5(c).    See the answer to (b) above.

5(d).    See the answer to (b) above.

5(e).    See the answer to (b) above.

Dated this/7th day of December 2003.



William W. L. Fan & Co.
Solicitors for the Plaintiff

MGA 3886519

EX 13572-0006

EXHIBIT 26
PAGE 1646

EX 13572-0006

HCA 3856 / 2003

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
ACTION NO. 3856 OF 2002

BETWEEN

MGA ENTERTAINMENT INC.                    Plaintiff

and

UNI-FORTUNE TOYS INDUSTRIAL              1ᵗ Defendant
LIMITED

FU WEI TOYS COMPANY LIMITED              2ⁿᵈ Defendant

ANSWER TO REQUEST FOR FURTHER AND
BETTER PARTICULARS OF THE
STATEMENT OF CLAIM

Filed this 12ᵗʰ day of *December*  2003.

WILLIAM W. L. FAN & CO.
SOLICITORS
Room 507, 5ᵗʰ Floor,
Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel.: 2110 2128    Fax: 2111 9336
Ref: WF-1878-MKL

MGA 3886520

EX 13572-0007

EXHIBIT 26
PAGE 1647

EX 13572-0007

EXHIBIT 27

<u>Amended as underlined in red pursuant to the Order dated 4ᵗʰ October 2004 made by Master K.H. Hui of High Court in Chambers.</u>
<u>Dated 4ᵗʰ of the October 2004.</u>

Registrar

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                    Plaintiff

AND

DOUBLE GRAND CORPORATION LIMITED          Defendant

(Writ was issued on 26ᵗʰ May 2003)

<u>AMENDED</u> STATEMENT OF CLAIM

1.  The Plaintiff is and has at all material times been a corporation existing under the laws of the U.S.A. carrying on business in the design, manufacture, marketing and selling of toys, in particular, fashion dolls.

2.  The Defendant is and has at all material times been a company incorporated and existing under the laws of Hong Kong carrying on the business in the manufacture and marketing of toys.

3.  The Plaintiff is and has at all material times been the owner of the copyright subsisting in original artistic works in respect of the Plaintiff's Bratz fashion dolls ("the said Artistic Works").

1

EXHIBIT __27__
PAGE __1648__

MGA  3888987
EX 13690-0001

Particulars of Original Artistic Works

(a)         18 17 design drawings of various Bratz fashion dolls made between the years 1998 and 2000.

(b)         1 drawing of body sketch of the Bratz fashion dolls made in around November 2000.

(b)(c)     Wax models of the head, body and shoes of the Bratz fashion dolls made between the years late 2000 and 2001.

(c)(d)     Silicon rubber moulds and polyurethane samples made therefrom of the Bratz fashion dolls made between the years late 2000 and 2001.

(d)(e)     4 drawings of the facial decoration of the Bratz fashion dolls made between the years late 2000 and 2001.

(e)(f)     8 drawings 4 of which are pantone colour guides of the facial decorations of the Bratz fashion dolls made between the years of late 2000 and 2001.

(f)(g)     4 hand painted decor-masters on 4 rubber head sculpts made between the years late 2000 and 2001.

2



EXHIBIT 27
PAGE 1649

MGA  3888988
EX 13690-0002

Particulars of Ownership and Subsistence

(g)(h)   Carter Bryant (hereinafter referred to as "Mr. Bryant") ~~was commissioned by the Plaintiff to make the~~ designed drawings referred to in sub-paragraphs (a), (b) ~~and~~ (e) & (f) hereof. ~~At all material times, it was the understanding and agreement between the Plaintiff and Mr. Bryant that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Mr. Bryant in September 2000.~~

(i)  As for the design drawings referred to in sub-paragraph (a) hereinabove, the Plaintiff avers: -

(i)      that the drawings were created by Mr. Bryant prior to 18th September 2000; and

(ii)     that by an agreement dated 18th September 2000 ("the Bryant 2000 Agreement"), Mr. Bryant assigned all rights including copyright subsisting in the drawings to the Plaintiff.

(j)  As for the design drawings referred to in sub-paragraphs (b), (e) & (f) hereinabove, the Plaintiff avers that the drawings were created by Mr. Bryant subsequent and pursuant to the Bryant 2000 Agreement which provides, inter alia, that copyright subsisting in the artistic works should vest in the Plaintiff.

(k) The Plaintiff and Mr. Bryant had further entered into a "Modification and Clarification of the Agreement dated September 18, 2000" signed by the

3

EXHIBIT  27
PAGE     1650

MGA  3888989
EX 13690-0003

Plaintiff and Mr. Bryant on 11th May 2004 and 5th May 2004, respectively, making modifications to and / or clarification of the Bryant 2000 Agreement.

(h)(l)    At all material times, Mr. Bryant is a resident of and domiciled in the U.S.A.

(i)(m)    Margaret Leahy (hereinunder referred to as "Ms. Leahy") was commissioned by the Plaintiff to make the artistic works referred to in subparagraph (b) (c) hereof.  At all material times, it was the understanding and agreement between the Plaintiff and Ms. Leahy that copyright subsisting in the artistic works should vest in the Plaintiff.  Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Ms. Leahy in June 2003 which has been superseded by a re-confirmatory assignment signed by the Plaintiff and Ms Leahy on 19th February 2004 and 18th February 2004 respectively

(j)(n)  At all material times, Ms. Leahy is a resident of and domiciled in the USA.

(k)(o)  Jessie Ramirez (hereinunder referred to as "Ms.Mr. Ramirez") was commissioned by the Plaintiff to make the silicon rubber moulds and polyurethane samples referred in subparagraph (e)(d) hereof.  At all material times, it was the understanding and agreement between the Plaintiff and Ms.Mr. Ramirez that copyright subsisting in the artistic works should vest in the Plaintiff.  Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Ms.Mr. Ramirez on 16th June 2003.

(l)(p)  At all material times, Ms.Mr. Ramirez is a resident of and domiciled in the USA.

(m)(q)  Anna Rhee (hereinunder referred to as "Ms. Rhee") was commissioned by the Plaintiff to make the artistic works referred to in sub-paragraphs (d) and

4

EXHIBIT 27
PAGE 1651

MGA  3888990
EX 13690-0004

~~(f)~~(g) hereof. At all material times, it was the understanding and agreement between the Plaintiff and Ms. Rhee that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Ms. Rhee on 12th June 2003 which has been superseded by a re-confirmatory assignment made between the Plaintiff and Ms. Rhee on 27th January 2004.

~~(q)~~(r) At all material times, Ms. Rhee is a resident of and domiciled in the USA.

~~(e)~~(s) The said Artistic Works as described in sub-paragraphs (a) to ~~(f)~~(g) above were first published in the USA in or about June 2001 when the Bratz fashion dolls were exhibited and offered for sale. Alternatively, the said Artistic Works are unpublished. The artistic works referred to in sub-paragraph ~~(b)~~(c) hereof and the silicon rubber moulds referred to in sub-paragraph ~~(e)~~(d) hereof were destroyed in the course of the Plaintiff's business.

4.    Prior to the issue of the Writ herein, the Defendant has infringed the said Artistic Works by authorising the manufacture, the manufacture of and/or importing into and exporting from Hong Kong in its course of business, possessing for the purpose of trade or business, selling or offering or exposing for sale, for the purpose of trade or business exhibiting in public or distributing fashion dolls known as Trendy Teenz dolls ("TRENDY TEENZ"), Mini Trendy Teenz dolls ("MINI TRENDY TEENZ"), RockerHeadz Bobblehead Fashion Dolls ("ROCKERHEADZ DOLLS") and RockerHeadz Fashion Doll Bobble Pen ("ROCKERHEADZ PENS") which are reproductions of or a reproduction of a substantial part of the said Artistic Works without the license of the Plaintiff (hereinafter collectively referred as "the Infringing Dolls")

5



EXHIBIT ___27___
PAGE ___1652___

MGA  3888991
EX 13690-0005

<u>Particulars</u>

The Plaintiff will in particular rely upon the following facts and matters: -

a)  On divers dates, the Defendant manufactured or authorized the manufacture of, sold and exported the Infringing Dolls to various companies with particulars as follows: -

TRENDY TEENZ

| Name of Companies | Address | Date of Order | Price (US$) | Quantity (psc) | Invoice No. |
|---|---|---|---|---|---|
| Toy Depot Limited | Trade House, 52 Yester Road, Chislehurst, KENT BR7 5HR, UK | 29/07/02 | 2.78 | 5,484 | 02/1281, 02/1296 |

MINI TRENDY TEENZ

| Name of Companies | Address | Date of Order | Price (US$) | Quantity (psc) | Invoice No. |
|---|---|---|---|---|---|
| Toy Depot Limited | Trade House, 52 Yester Road, Chislehurst, KENT BR7 5HR, UK | 29/07/02 | 0.77 | 4,800 | 02/1281, 02/1296 |
|  |  | 09/09/02 | 0.77 | 43,056 | 02/1340 |
| Prima Toys | P.O. Box 30, Eppindust 7475 Cape Town, Rep. of South Africa | 17/01/03 | 0.75 | 3,600 | 03/1075 |
|  |  | 30/04/03 | 0.75 | 2,400 | 03/1218 |

6

EXHIBIT __27__
PAGE __1053__

MGA 3888992
EX 13690-0006

## ROCKERHEADZ DOLLS

| Name of Companies | Address | Date of Order | Price (US$) | Quantity (psc) | Invoice No. |
|---|---|---|---|---|---|
| M.R. Import-Export | 4 A Saudi Building Nozha St., 7th Floor, Flate 3 - Heliopolis, Cairo - Egypt | 15/11/02 | 1.43 | 1,200 | 02/1423 |
|  |  | 15/11/02 | 1.43 | 840 | 02/1434 |
| CMX Toys | P.O. Box 5258 North Hollywood CA 91616, USA | 24/12/02 | 1.83 | 1,200 | 03/1005 |
| Prima Toys | P.O. Box 30, Eppindust 7475 Cape Town, Rep. of South Africa | 30/04/03 | 0.75 | 1,200 | 03/1075 |

## ROCKERHEADZ PENS

| Name of Companies | Address | Date of Order | Price (US$) | Quantity (psc) | Invoice No. |
|---|---|---|---|---|---|
| CMX Toys | P.O. Box 5258 North Hollywood CA 91616, USA | 24/12/02 | 0.78 | 2,256 | 03/1005 |
|  |  | 24/12/02 | 0.83 | 144 | 03/1005 |
| Prima Toys | P.O. Box 30, Eppindust 7475 Cape Town, Rep. of South Africa | 30/04/03 | 0.75 | 1,800 | 03/1075 |

b) The offering or exposing for sale (i) MINI TRENDY TEENZ (ii) ROCKERHEADZ DOLLS and (iii) ROCKERHEADZ PENS to an investigator employed by the Plaintiff by email with photos of the abovementioned products.

c) The exposure for sale of the Infringing Dolls to the public by exhibiting pictures of the Infringing Dolls at the Defendant's website at www.doublegrand.com in May 2003.

7

EXHIBIT __27__
PAGE __1654__

MGA  3888993
EX 13690-0007

d)  The manufacture, authorization of manufacture, sale and export on divers dates an unknown quantity of Infringing Dolls to the Netherlands.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full particulars of all the wrongful acts of copyright infringement of the Defendant but will seek to recover damages in respect of each and every such wrongful act.

5.      The Plaintiff will in so far as is necessary rely on the fact that at all material times the Defendant knew or had reason to believe that the Infringing Dolls are infringing copies of the said Artistic Works within the meaning of the Copyright Ordinance, Cap. 528.

<u>Particulars of Knowledge</u>

The Plaintiff will in particular rely upon the following facts and matters:-

(a) The Plaintiff relies on the fact that the Defendant is in the same business as the Plaintiff, the Bratz Fashion dolls being first exhibited and sold in the USA in June 2001. <u>The Bratz dolls were introduced in the Hong Kong market since about December 2002 and were widely reported in the Chinese and English press in Hong Kong.</u>

(b) <u>The Bratz fashion dolls are and have since December 2002 been available for sale in retail outlets in Hong Kong such as Jusco, Toys "R" Us, Sogo, Citi-Store, Seibu, Seiyu and Kalm's, etc.</u>

8

EXHIBIT __27__
PAGE __1655__

MGA  3888994

EX 13690-0008

(c)       The Bratz fashion dolls were extensively marketed and promoted in Hong Kong, and elsewhere, including via the Internet.

~~(b)~~(d)       The Bratz Fashion dolls have won numerous awards including Toy of the Year Award, People's Choice of the Year Award, Doctor Toy Award and Family Fun Best Toy Award and numerous articles have been about the Bratz Fashion dolls and their success.   The Bratz Fashion dolls have achieved worldwide fame and publicity.

~~(e)~~(e)       The Plaintiff relies on the objective similarity between the said Artistic Works and the Infringing Dolls.

~~(d)~~(f)       Insofar as acts of infringement after the 6 May 2003 are concerned, the Plaintiff relies on a cease and desist letter sent to the Defendant on the same date.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full particulars of all the particulars of knowledge of the Defendant.

6.       By reason of the foregoing, the Plaintiff has suffered loss and unless the Defendant is restrained by this Honourable Court, will continue to suffer loss and damage.

7.       By reason of all the circumstances of this case, including the flagrancy of the infringement, the benefit accruing to the Defendants by reason of the infringement and the completeness, accuracy and reliability of the Defendant's

9

EXHIBIT  27
PAGE  1656        MGA  3888995
                  EX 13690-0009

business accounts and records, the Plaintiff claims additional damages under Section 108 of the Copyright Ordinance, Cap. 528.

Particulars

The Plaintiff will in particular rely upon the following facts and matters: -

(a) The Plaintiff repeats the particulars supplied under paragraphs 5 hereof.

(b) The Defendant in infringing the said Artistic Works have reaped substantial benefits in that the Defendant does not have to incur development costs, marketing costs and the risks that the Infringing Dolls might not be popular with its customers. The Defendant knew that in copying the said Artistic Works it will be able to produce, market and sell a product that has proven to be successful and is in demand by members of the trade and public.

8.    By reason of the Defendant's wrongful acts and/or by reason of the Defendant's dealing in the Infringing Dolls, the Defendant owes a duty to the Plaintiff to assist the Plaintiff by supplying the Plaintiff with full information relating to the products complained of, all dealings therein or therewith and the identities of all other wrong doers.

9.    Further by virtue of sections 48 and 49 of the High Court Ordinance (Cap. 4) the Plaintiff is entitled to and claims to recover interest on any amount found

10

EXHIBIT __27__
PAGE __1657__

MGA 3888996
EX 13690-0010

to be due to the Plaintiff at such rate(s) and for such period(s) as this Honourable Court considers just and proper.

AND the Plaintiff claims: -

1.    An injunction to restrain the Defendant and whether acting by itself, its directors, officers, servants or agents or any of them or otherwise howsoever from infringing the Plaintiff's copyright in original artistic works relating to the Plaintiff's fashion dolls under the name "Bratz" and/or from directing, procuring, instigating, causing, enabling or assisting others to do so.

2.    An order for delivery up or destruction upon oath of all articles and materials in the Defendant's possession, power, custody or control including dies, plates, templates, labels, moulds, leaflets, catalogues and packaging the use or sale or dealing therewith by the Defendant would offend against the foregoing injunctions or either of them.

3.    An inquiry as to damages, alternatively damages or, at the Plaintiffs' option, account of profits, in respect of the Defendant's wrongful acts of infringement of copyright and passing off as aforesaid.

4.    Additional damages pursuant to section 108(2) of the Copyright Ordinance.

11

EXHIBIT __27__
PAGE __1658__

MGA  3888997
EX 13690-0011

5.    An order for the payment by the Defendant's of all sums found due to the Plaintiffs upon making such inquiries and/or accounts together with such interest thereon as this Honourable Court shall deem just pursuant to Section 48 of the High Court Ordinance.

6.    An order for discovery or verification upon oath of all matters relating to the foregoing.

7.    Costs

8.    Such further or other relief as this Honourable Court shall deem just.

~~Dated this 1ˢᵗ day of December 2003.~~

Dated this ___4ᵗʰ___ day of __October__ 2004

Colin Andrew Shipp

Counsel for the Plaintiff

~~William W. L. Fan & Co.~~

~~Solicitors for the Plaintiff~~



William W. L. Fan & Co.

Solicitors for the Plaintiff

12

EXHIBIT __27__
PAGE __1657__

MGA  3888998
EX 13690-0012

HCA 1883/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE

REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 1883 OF 2003

BETWEEN: -

MGA ENTERTAINMENT INC.                    Plaintiff

and

DOUBLE GRAND CORPORATION
LIMITED                                    Defendant

(Writ was issued on 26th May 2003)

AMENDED STATEMENT OF CLAIM

~~Dated the 1st day of December 2003.~~
Re-Filed on the   4th   day of October 2004.

*For and on behalf of*
DOUBLE GRAND CORP. LTD.

......................................
*Authorized Signature*

**William W. L. Fan & Co.**
Solicitors,
Room 507, Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel: 2110 2128    Fax: 2111 9336

Ref: WF-1921-CKM

13

EXHIBIT ___27___
PAGE ___1660___

MGA  3888999
EX 13690-0013

EXHIBIT 28

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

EXHIBIT 29



M-TI 0000016

EXHIBIT __29__
PAGE __1695__

EX 13696-0001

EXHIBIT 30

M-TI 0000030

EXHIBIT  30
PAGE  11096

EX 13698-0001

EXHIBIT 31