home furnishing, stationery, toiletrics, video games, footwear and electrical appliances etc. Pursuant to these licenses, BRATZ branded goods are sold in Spain, Portugal, Australia, New Zealand, Finland, Germany, Austria, Switzerland, France, Belgium, Luxembourg, Mexico, Italy, UK, Ireland, Eire, Greece, Norway, Channel Islands, Brazil, Columbia, Greece, Cyprus, Denmark, Iceland, Sweden, Columbia, Venezuela, Turkey, Peru, Israel, all Central America countries, all Carribean Island countries, Dominican Republic, Ecuador, Venezuela, Bolivia, Paraguay, Chile, UAE, Saudi Arabia, Kuwait, Iran, Lebanon, Syria, Jordan, Egypt, Qatar, Oman, Behrain, Yemen and Hong Kong. The Plaintiff projects an annual licensing revenue of US$12 million per year by year end 2004.

26.     Furthermore, the Plaintiff has granted exclusive distribution rights of the BRATZ dolls to, inter alia, Bandai Espana S.A. in Spain, Vivid Imagination in UK and to Hasbro S.A. in France, Belgium, the Netherlands and Luxembourg.

**The Defendant's Infringing Activities**

27.     By reason of the success of the BRATZ dolls many knock offs have appeared in the market.   The Plaintiff had initiated many court actions against infringers in Hong Kong and elsewhere and interim relief such as Anton Pillers and interlocutory injunctions have been obtained against several of them.  In early January 2004, the Plaintiff instructed its legal advisers Messrs. William W. L. Fan & Co., Solicitors ("the Plaintiff's solicitors") to check the booths of the exhibitors of the Hong Kong Toys and Games Fair 2004 ("the Fair") held from 6th–9th January 2004 at the Hong Kong Convention and Exhibition Centre.

11



EXHIBIT 44
PAGE 1956

MGA 3888213
EX 13743-0011

28.  The Plaintiff's solicitors then instructed private investigators to attend the Fair to keep a lookout for potential knock offs on 6th January 2004.  The investigators have found certain exhibitors, one of which was the Defendant, displaying suspected BRATZ knock offs at their booths.  I have read the Affirmation of Lam Yuen Chak of IP Impetus Consultants Limited dated 13th January 2004 and filed on behalf of the Plaintiff and verily believe the contents thereof to be true.  Furthermore, a director of the Plaintiff's Product Development (Gifts), Shawn Brower, noted that 7 companies were displaying infringements at the Fair and the Defendant was one of them.  Now produced and shown to me marked "LSC-17A" is a copy of Shawn Brower's email with the details of the other 6 companies redacted.

29.  Now produced and shown to me marked "LSC-18" is a copy of the latest annual return of the Defendant.  It was filed on 7th January 2003.  The Defendant has an authorized capital of HK$10,000.00 of which only 2 shares with a nominal value of HK$1.00 each were issued.

30.  Based on the information obtained by the investigators from the Defendant, in particular, a catalogue for a series of dolls named "The Twin Sisters" and a Quotation Sheet 2004 which are exhibited to the said Affirmation of Lam Yuen Chak as "LYC-4", the Plaintiff's solicitors lodged a complaint to the organiser of the Fair, Hong Kong Trade Development Council ("HKTDC") for copyright infringement by the Defendant on 6th January 2004, and the said complaint was accepted as valid by HKTDC.  Now produced and shown to me marked "LSC-19" are copies of a

12

EXHIBIT 44
PAGE 1957

MGA  3888214
EX 13743-0012

complaint letter dated 6th January 2004 from the Plaintiff's solicitors to the Fair Management Office and IPR Form A.

31.   Ms. Catherine Ching who is an assistant solicitor to the Plaintiff's solicitors, accompanied by a litigation clerk Mr. Cheung, attended the Defendant's booth (Booth No. 5P07) in the afternoon of 7th January 2004 to examine the infringing dolls displayed thereat and to serve a cease and desist letter.  Now produced and shown to me marked "LSC-20" is a copy of the said cease and desist letter.

32.   Ms. Ching, during the visit to the Defendant's booth on 7th January 2004 found that apart from the said series of dolls named "The Twin Sisters" which bears a striking resemblance of the full version BRATZ dolls, are two other mini versions of dolls called "Paulina" and "Thalia", the design and facial decoration of which are also substantially similar to mini BRATZ dolls.

33.   Despite the Plaintiff's compliant to HKTDC and the said cease and desist letter, the Defendant refused to withdraw from display any of the infringing dolls.  Now produced and shown to me marked "LSC-21" are copies of photos of "The Twin Sisters", "Paulina" and "Thalia" taken by HKTDC and an Undertaking dated 8th January 2004 signed by the Defendant to HKTDC refusing to withdraw.

34.   In light of the above evidence, the Plaintiff decided to take legal action against the Defendant for copyright infringement.  On 9th January 2004, a Writ of Summons against the Defendant was issued.

EXHIBIT __44__
PAGE __1958__

MGA 3888215
EX 13743-0013

**Serious Issue to be Tried**

35.  I was informed by the Plaintiff's solicitors that the investigators have been unable to obtain a sample doll from the Defendant. However, I have closely examined the said catalogue for "The Twin Sisters" as exhibited to the Affirmation of Lam Yuen Chak and the photos taken by HKTDC, copies of which are exhibited above. I find that "The Twin Sisters", "Paulina" and "Thalia" are obviously slavish copies of the head sculpt and facial decorations of the full version BRATZ dolls and mini BRATZ respectively and it is a clear infringement of the Plaintiff's copyright in BRATZ.

36.  I crave leave to refer to the exhibits "LSC-6" and "LSC-8" the polyurethane samples of the head sculpts of full version BRATZ and mini BRATZ respectively. I would like to draw to this Honourable Court's attention of the shape and configuration of the heads and faces of "The Twin Sisters", "Paulina" and " Thalia" where all the prominent features of the BRATZ dolls are present including in particular the oversized head, eyes and lips and the diminished sized nose.

37.  The similarity between the BRATZ dolls and "The Twin Sisters", "Paulina" and "Thalia" is even more obvious when one looks at them including the facial decoration or makeup on each of the dolls' face. I crave leave to refer to the exhibits "LSC-10a-d", the decor masters and "LSC-9", the drawings. The pattern, style and combination and layers of different colours of the multi-coloured facial decoration or makeup on "The Twin Sisters", "Paulina" and "Thalia" are substantially similar to that of Cloe and Jade of the BRATZ dolls. Even the exaggerated and number of eyelashes are

14

EXHIBIT __44__
PAGE __1959__



MGA  3888216

EX 13743-0014

present in "The Twin Sisters", "Paulina" and "Thalia".

38.     All of above suggest a strong case of direct copying of the BRATZ dolls.  In short, the Defendant has copied the head sculpt and the facial decoration of the BRATZ dolls.

39.     The similarities between the BRATZ dolls and "The Twin Sisters", "Paulina" and "Thalia"  and the infringing acts of the Defendant have raised much more than a triable issue for copyright infringement.

**Balance of Convenience**

40.     Many knock offs have appeared in the market due to the success of the BRATZ dolls.  In order to save guard the business interests and exclusivity of the BRATZ dolls, the Plaintiff had obtained interim injunctions in Hong Kong against Toys & Trends (Hong Kong) Limited, Cityworld Limited, Double Grand Corporation Limited, Hunglam Toys Company Limited and Union Top (HK) Co. Ltd.  The Plaintiff had also taken action in the UK against LB Group Limited and David Halsall International Limited who settled the Plaintiff's claims and paid significant amounts of damages.

41.     As already adverted to hereinabove, one of the main revenue streams of the BRATZ dolls are licence fees.  The demand and price of BRATZ licences depend on the exclusivity and popularity of the product.

42.     The FOB value of "The Twin Sisters" ranges from HK$9.20 to HK$11.80 per piece, while  full versions of a  BRATZ doll is sold at US$10.66.  The FOB value of





EXHIBIT   44
PAGE   1960

MGA  3888217
EX 13743-0015

"Paulina" and "Thalia" in single packing is HK$5.30 each only while a mini BRATZ is sold at US$4.73.  The quotations from the Defendant reflect that the infringing articles are cheap imitations of the BRATZ dolls.

43.   BRATZ is popular because of its unique funky and sassy image.  I have explained the unique facial decoration of the dolls.  "The Twin Sisters", "Paulina" and "Thalia" have copied BRATZ' image in particular the eyes and lips and this will dilute the exclusivity and affect the image of the BRATZ dolls.

44.   The continual sale of the cheap imitations will no doubt affect the demand of licences and the prices that the Plaintiff can command.  Any dilution in exclusivity and diminution in value of licence fee is a potential loss which is not measurable and cannot be adequately compensated by damages.  It is impossible to calculate the monetary loss in this regard.

45.   There have already been complaints to the Plaintiff from its exclusive distributors concerning the appearance of infringing dolls on the markets.  Now produced and shown to me marked "LSC-22a-c" several complaints from the Plaintiff's distributors concerning discovery of BRATZ knock offs at the Fair:

| Exhibit Marked | Complainant | Date of Complaint | Form of Complaint |
| --- | --- | --- | --- |
| LSC-22a | Mr. Neil Bandtock of Vivid Imagination, UK | 9th January 2004 | Email |
| LSC-22b | Mr. Jose Antonio of Bandai, Spain | 9th January 2004 | Email |

16



EXHIBIT 44
PAGE 1961



MGA 3888218
EX 13743-0016

LSC-22c     Mr. Jean-Michel CADET of     10th January 2004   Email
            Hasbro, France
            (English translation also attached
            to the this exhibits)

It can be seen that the distributors of BRATZ are seriously and genuinely concerned about the infringing dolls. The continual sale of the cheap imitation would no doubt adversely affect the sales of BRATZ. Thus, the appearance of "The Twin Sisters", "Paulina" and "Thalia" have already caused concern and if the Defendant is not stopped, the Plaintiff's future bargaining power with its distributors would be affected. In particular, Bandai and Hasbro are two of the largest toy companies in the world and the Plaintiff cannot afford to maintain a lesser bargaining position with them by reason of the appearance of cheap imitations. This will affect the terms of the distributorships when they come up for renewal. Cheap imitations also affect the value of licence fees and such loss is irreparable and unquantifiable.

46.     The targeted consumers of BRATZ dolls are girls aged between 4 and 14 years old. They may not all be savvy or mature enough to notice that "The Twin Sisters", "Paulina" and "Thalia" are not of the Plaintiff's manufacture. Many customers may have mistakenly thought this is an addition to the line of BRATZ dolls. Even without taking the aforesaid into account, it would be entirely a matter of guesswork to know how many sales of BRATZ dolls would have been made were it not for the Defendant's unlawful activities. It would be difficult, if not impossible, for the Plaintiff to show any diminution in projected sales attributable to infringing copies on the market.

17

EXHIBIT 44
PAGE 1962

MGA  3888219
EX 13743-0017

47.   Since toy safety laws in USA are very stringent, MGAHK has to conduct many safety, reliability and drop tests on the BRATZ dolls.   There is no evidence that the Defendant did any of these tests to comply with US legislation.  Although there is at present no evidence to show that "The Twin Sisters", "Paulina" and "Thalia" are available for sale in USA at retail level, this does not stop them from reaching North American customers since the Fair is arguably the world's largest toys fair attracting buyers from all over the world, including USA.   Due to the apparent similarity between the dolls, any accident caused by defective manufacture of the Defendant's dolls in USA or elsewhere e.g. may falsely be attributed to BRATZ dolls and the Plaintiffs.   Again this damage to reputation, especially to a new product is unquantifiable and irreparable.

48.   As shown by the Defendant's latest annual return herein, it is an insubstantial company and its ability to pay damages is in doubt.  On the other hand, as shown hereinabove the Plaintiff is a company doing business in a substantial way and it is able and willing to give a cross-undertaking on damages.

49.   As stated in the Affirmation of Lam Yuen Chak, "The Twin Sisters", "Paulina" and "Thalia" were only newly launched and the Defendants have only just embarked on its unlawful activities, the balance of convenience would favour the grant of an injunction for any loss would be easily quantifiable by mould costs and limited advertising expenses incurred unlike on the other hand, the Plaintiff's BRATZ dolls have appeared in the market far longer than the Defendant's dolls.  Further, "The

18

EXHIBIT   44
PAGE   1963

MGA  3888220
EX 13743-0018

Twin Sisters", "Paulina" and "Thalia" are still in their early stages in marketing, an injunction against would cause only minimal impact on their sales.

50. It is essential that this Honourable Court grants an interim injunction against the Defendant as soon as possible because orders for Easter which is one of the major peak season for toy industry are normally placed around this time. Further, the Fair has just ended. According to my experience, most of the orders generated from such fair come within the first month immediately after the Fair. I hereby humbly ask that this Honourable Court grants the relief as asked for in the summons.

Affirmed at *Messrs. C.L. Chow & Macksion*  )
*Chan, Solicitors, Rooms 501-2, Hong*  )
*Seng Bldg, 77 Des Voeux Road, Central*  )
*Hong Kong*  )
this *17th* day of January 2004 ------------  )

Before me,

Chan Yiu Choo
Solicitor, Hong Kong SAR
C.L. Chow & Macksion Chan, Solicitors
Solicitor, Hong Kong SAR

This affirmation is filed for and on behalf of the Plaintiff.

19

EXHIBIT __44__
PAGE __1964__

MGA 3888221
EX 13743-0019

HCA NO. 46/2004

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

ACTION NO. 46 OF 2004

BETWEEN

MGA ENTERTAINMENT INC.                    Plaintiff

and

WAI MAN INTERNATIONAL (HK) LTD.      Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AFFIRMATION OF LEE SHIU CHEUNG**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Filed on the    13th day of January 2004.

**William W. L. Fan & Co.**
**Solicitors**

Room 507, Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel: 2110 2128  Fax: 2111 9336
Ref: WF-2169-CKM

20

EXHIBIT   44
PAGE   1965

MGA  3888222
EX 13743-0020

HCA No. 46/2004

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 46 OF 2004

***************

BETWEEN

MGA ENTERTAINMENT INC.                                    Plaintiff


And


WAI MAN INTERNATIONAL (HK) LIMITED          Defendant


*********************************

This is the marked exhibit referred to in the Affirmation of Lee Shiu Cheung dated the 13 day of January 2004.

| Exhibit Ref | Date | Description | Page No. |
|---|---|---|---|
| LSC-21 | 08.01.2004 | Copies of photos of "The Twin Sisters", "Paulina" and "Thalia" taken by HKTDC and an Undertaking dated 08.01.2004 signed by Defendant | 4 |

Before me,

Chan Yee Chee
Solicitor, Hong Kong SAR
Solicitor, HKSAR & Notary Public

EXHIBIT  44
PAGE  19616

MGA  3888344
EX 13743-0142



This photo is taken by Anthony Mak of HKTDC at Booth (___|___|___) in HKCEC re HK Toys & Games Fair / HK Int'l Stationery Fair   dated __8__ January 2004 (Ref # _____ ).

EXHIBIT 44
PAGE 1967

MGA  3888345

EX 13743-0143



This photo is taken by Anthony Mak of
HKTDC at Booth ( ____ ) in
HKCEC re HK Toys & Games Fair / HK Int'l
Stationery Fair dated ___ January 2004
(Ref # _____ ).

FUJIFILM   instax   FUJIFILM   instax

EXHIBIT 44
PAGE 1968

MGA  3888346
EX 13743-0144



This photo is taken by Anthony Mak of HKTDC at Booth (_____) in HKCEC re HK Toys & Games Fair / HK Int'l Stationery Fair  dated ___ January 2004 (Ref # _____).

EXHIBIT __44__
PAGE __1969__

MGA  3888347
EX 13743-0145

EXHIBIT 45

HCA 46/2004

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

ACTION NO. 46 OF 2004

BETWEEN

MGA ENTERTAINMENT INC.                                               Plaintiff

and

WAI MAN INTERNATIONAL (HK) LIMITED                          Defendant

AFFIRMATION OF LAM YUEN CHAK

I, Lam Yuen Chak of Room 604, 6th Floor, Gold & Silver Commercial
Building, 12-18 Mercer Street, Central, Hong Kong do make solemnly, sincerely and
truly affirm and say as follows: -

1.   I am the Head of Investigation of IP ImPetus Consultants Limited ("my
     Company"), a company incorporated under the laws of Hong Kong carrying
     on business in conducting enquiries relating to infringement of intellectual and
     industrial property rights.  I am duly authorised by my Company and the
     Plaintiff to make this affirmation in support of the Plaintiff's application
     herein. Save where otherwise indicated below, the matters deposed to herein

EXHIBIT 44
PAGE 1910



MGA 3888355

are gleaned from public documents and records or related to me by the investigators employed by my Company and are true to the best of my information and belief. Since investigators employed by my Company frequently conduct investigations, I humbly crave leave from this Honourable Court that the names of the investigators be kept confidential. The names of the investigators, hereinafter referred to as Investigator X (the overseas trading front) and Investigator Y (the local front) who carried out the investigation herein and who reported the results to me are written on two pieces of paper and sealed in the envelope now produced and shown to me marked "LYC-1".

2.  On 5th January 2004, my Company received instructions from Messrs. William W. L. Fan & Co., the Plaintiffs' solicitors herein to attend the Hong Kong Toys and Games Fair 2004 ("The Fair") on 6th January 2004 to conduct investigation on the Plaintiff's targeted companies (those currently being sued by the Plaintiff or already under investigation) and general checking of the booths of other exhibitors to see if any BRATZ knock offs or suspected BRATZ knock offs being displayed.

3.  The Fair was organised by the Hong Kong Trade Development Council ("HKTDC") and held from 6th -9[th] January 2004 at the Hong Kong Convention and Exhibition Centre ("the Exhibition Centre") and is arguably the largest toy Fair in the world with buyers from all over the world. The Fair occupied



2

EXHIBIT ___45___

PAGE ___1971___

MGA 3888356