

SCULPTURAL BODY DRAWING; 9/19/99
(& REUSED FOR ALL DOLLS)

JOINTED HERE, @ SHOULDERS

JOINTED @ HIPS

SCULPTED FINGERNAILS

TOTAL DOLL HEIGHT w/ HEAD:

9"

( ACTUAL SIZE )

BASIC SHOE SCULPT

2" APPX.

2 1/4" APPX.

EXHIBIT 121
PAGE 2605

EX 1327-0002

M 0920543

EX 13899-0025



? 90?o ?





ATTORNEY'S EYES
ONLY

BRYANT 00211

1752.1

EX 1752-0001

EXHIBIT 121
PAGE 2606

M 0920544

EX 13899-0026



ATTORNEY'S EYES
ONLY

BRYANT 00196

TRIAL EXHIBIT 15176-001

EXHIBIT 121
PAGE 2607

M 0920545

EX 13899-0027



ATTORNEY'S EYES ONLY

BRYANT 00198

TRIAL EXHIBIT 15177-001

EXHIBIT 121
PAGE 2608

M 0920546

EX 13899-0028

EXHIBIT 122

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**VAu 964-321**

**Effective date of registration:**

July 25, 2008

## Title

Title of Work: Body and Head Sculpture

Nature of Work: Sculpture

## Completion/Publication

Year of Completion: 2000

## Author

Author: Carter Bryant

Author Created: 3-Dimensional Sculpture

Work made for hire: No

Citizen of: United States

Year Born: 1968

Anonymous: No  Pseudonymous: No

## Copyright claimant

Copyright Claimant: Mattel, Inc

333 Continental Blvd , El Segundo, CA, 90245-5012

Transfer Statement: by assignment

## Limitation of copyright claim

Previously registered: No

## Certification

Name: Robert D Walsh

Date: July 24, 2008

Correspondence: Yes

Page 1 of 1

EXHIBIT 122
PAGE 2609

**M 0920547**

EX 13900-0001

IPN#:

**Registration #:**   VAU000964321

**Service Request #:**   1-81192546

Mattel, Inc  MI-1220
Robert Walsh
333 Continental Blvd
El Segundo, CA 90245-5012

EXHIBIT **122**
PAGE **2610**

M 0920548

EX 13900-0002



Confidential - Attorney's Eyes Only

MGA HK 0011156

TRIAL EXHIBIT 1105-002

EXHIBIT 122
PAGE 2611

M 0920549

EX 13900-0003



EXHIBIT
1136

EXHIBIT 122
PAGE 26/2

EX 1136-0001

M 0920550

EX 13900-0004



EXHIBIT 122
PAGE 263

EX 1126 0002

M 0920551

EX 13900-0005



EX 1136-0003

M 0920552

EXHIBIT __122__
PAGE __26/4__

EX 13900-0006



EXHIBIT __122__
PAGE __26 / 5__

EX 1136-0004

M 0920553

EX 13900-0007



EX 1126-0005

EXHIBIT 122
PAGE 2616

M 0920554

EX 13900-0008

EXHIBIT 123

1

```
 1                    UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3                              ---

 4          HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 5                              ---

 6   MATTEL, INC.,                  :
                                    :
 7             PLAINTIFF,           :
                                    :
 8       VS.                        :  NO. ED CV04-09049-SGL
                                    :  [CONSOLIDATED WITH
 9   MGA ENTERTAINMENT, INC.,       :  CV04-9059 & CV05-2727]
     ET AL.,                        :
10                                  :
               DEFENDANTS.          :  SIDEBAR CONFERENCE
                                    :  AS REDACTED BY THE COURT.
11

12

13

14

15          REPORTER'S REDACTED TRANSCRIPT OF PROCEEDINGS

16                      RIVERSIDE, CALIFORNIA

17                    THURSDAY, JUNE 5, 2008

18                    JURY TRIAL - DAY 8

19          SIDEBAR CONFERENCE - AFTERNOON SESSION

20

21

22                          MARK SCHWEITZER, CSR, RPR, CRR
                            OFFICIAL COURT REPORTER
23                          UNITED STATES DISTRICT COURT
                            181-H ROYBAL FEDERAL BUILDING
                            255 EAST TEMPLE STREET
                            LOS ANGELES, CALIFORNIA 90012
25                          (213) 663-3494
```

CERTIFIED
COPY

EXHIBIT __123__
PAGE __2617__

2

1    Appearances of Counsel:

2

3    On Behalf of Mattel:

4         Quinn Emanuel
          By John B. Quinn, Esq.
5             B. Dylan Proctor, Esq.
              Michael T. Zeller, Esq.
6             Harry Olivar, Esq.
              John Corey, Esq.
7             Diane Hutnyan, Esq.
              William Price, Esq.
8         855 South Figueroa Street
          10th Floor
9         Los Angeles, CA 90017
          (213) 624-7707

10

11

12   On Behalf of MGA Entertainment:

13        Skadden, Arps, Slate, Meagher & Flom LLP
          By Thomas J. Nolan, Esq.
14            Carl Alan Roth, Esq.
              Jason Russell, Esq.
15            Lauren Aguiar, Esq.
              David Hansen, Esq.
16            Matthew Sloan, Esq.
          300 South Grand Avenue
17        Los Angeles, CA 90071-3144
          (213) 687-5000

18

19

20

21

22

23

24

25

EXHIBIT _123_
PAGE _2618_

3

```
 1                          I N D E X

 2         MATTER:  Sidebar conference had during afternoon
                     session, as redacted by the Court.
 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT _123_
PAGE _2619_

4

1          Riverside, California; Thursday, June 5, 2008
2                  (REDACTED SIDEBAR CONFERENCE HELD)
3          THE COURT:  Okay.  We're on the record at sidebar
4     outside the presence of the jury and obviously outside the
5     presence of anybody else.  The Court has received the letter
6     submitted under -- well, it actually has not been filed.
7     It's simply been lodged with the Court.  Both counsel have
8     copies of it.  Let me ask Mr. Nolan, what are you asking the
9     Court to do with this?
10         MR. NOLAN:  Your Honor, what I'd like to do is have
11    leave to file a motion before you to perhaps take discovery
12    on this issue.  The reason we lodged it with you is this came
13    in during the course of trial on the eve of Mr. Larian taking
14    the stand.  Don't know who sent this.  This is an anonymous
15    letter; however, your Honor, these allegations that are
16    contained in this anonymous letter XXX-REDACTION-XXX  But
17    your Honor, based on this new information that we have, I
18    just wanted leave to have permission to possibly bring this
19    before you in a formal motion.  You've asked us to alert you
20    and ask permission.  That's the only reason I did it in this
21    fashion.
22         THE COURT:  What type of discovery would you be
23    seeking?
24         MR. NOLAN:  This issue, your Honor, goes to
25    XXX-REDACTION-XXX.

EXHIBIT _123_
PAGE _2620_

5

1          And so that's the reason why I brought it to your

2   attention.

3          THE COURT:  Very good.  Mr. Zeller?

4          MR. ZELLER:  Your Honor, what I would ask is for

5   two things.  Number one, that this be immediately sealed.

6   There is no basis for it being in the public record other

7   than the justification that we now know that Mr. Larian and

8   his people are handing this out to the press.  That's the

9   reason why.  That's why it was --

10          MR. QUINN:  It's happening right now.

11          MR. ZELLER:  That's going on this second.

12          MR. QUINN:  A Mattel P.R. person was just

13   approached by a press person with this letter in hand

14   requesting a comment.

15          Your Honor, I'm sorry.  This was lodged with the

16   Court for the sole reason so that this could be done and we

17   would have this distraction.  XXX-REDACTION-XXX.

18          And Mr. Nolan, I'm really surprised about the

19   representation that was made to the Court.

20          XXX-REDACTION-XXX.

21          THE COURT:  Fair enough.  Okay.  A couple of

22   things.  The allegation is serious enough that the Court is

23   not going to ignore it.  At the same time, it's an anonymous

24   letter, and I look askance at all anonymous letters.

25          MR. NOLAN:  Of course.

EXHIBIT ___123___

PAGE ___2621___

6

1          THE COURT:  As you have probably figured out from
2    my ruling on the statute of limitations.  The fact that we
3    have a an anonymous letter is nothing more than that.  It's
4    an anonymous letter.  There are a number of theories as to
5    how it could come into existence.
6          I'm inclined to give you leave for the -- simply to
7    file a motion for the discovery.  But I'm greatly concerned,
8    and I've expressed this concern before about this becoming
9    simply an issue for the press, particularly what it's
10   predicated on.  So what I'm inclined to do at this point,
11   until there's anything more than what we have right now, to
12   keep this matter under seal.
13          MR. NOLAN:  I agree, your Honor.
14          THE COURT:  And I am reluctant to issue gag orders
15   of any type, but what representations would you be willing --
16   what's your position vis-a-vis this concern of it being
17   passed out at this point?
18          MR. NOLAN:  Well, I agree absolutely, your Honor,
19   and I will take it upon myself.  We have not distributed it.
20   And I don't perceive it as a gag order.
21          THE COURT:  Fair enough.
22          MR. NOLAN:  I will go and make absolutely certain
23   that there is no distribution to the press.  If there has
24   been, it has been without my knowledge, and --
25          THE COURT:  If this is happening right now, why

EXHIBIT _123_
PAGE _2622_

7

1  don't we adjourn this sidebar, and let's take whatever

2  measure you want to take up on this representation, and I

3  will give you leave to file under seal, and I'll give Mattel

4  time to respond in writing. And let's keep this to no more

5  than seven pages.

6       MR. NOLAN: I understand, and I realize this is

7  anonymous, but it --

8       THE COURT: But it's serious. So we'll flesh this

9  out.

10      MR. ZELLER: If I may just address some of this,

11  because I mean this -- for Mr. Nolan to turn this on Mattel

12  is frankly really quite -- I hate to use the word outrage,

13  but that's I think where we are. And let me tell you why.

14  The Court is familiar with the fact that they have made all

15  manner of allegations against Mattel that turn out to have

16  zero substance, and the Court has found that.

17      THE COURT: And this might be another one.

18      MR. ZELLER: And that is, of course, our

19  perception. Then on the day while Mr. Larian is going to

20  testify, and this letter has a postmark of May 21st. Days

21  later it is now suddenly lodged in the public record without

22  any notice to us, no advance notice, done by counsel. And

23  then we find out it's being distributed to the press. Right

24  after that, to argue it's a coincidence or assert somehow

25  that it's a coincidence or these are unrelated is very hard

EXHIBIT __123__
PAGE __2623__

8

1    for us to accept.  And I do think that to the extent that

2    they are going to raise this through some sort of motion

3    practice, we would be asked to give -- we would ask for leave

4    to file a motion of our own for what we consider to be an

5    inappropriate use of the Court's procedures.

6         THE COURT:  Well, you can certainly respond.

7    There's no need for a separate motion.  You can certainly

8    address your concerns in the context of responding to

9    whatever motion they bring.  And let's leave it at that.

10   Let's both be very careful as we go down this road.  Do not

11   do something that we're going to regret.  I don't know what,

12   if anything, that this means or doesn't mean.

13        MR. NOLAN:  I want to make it absolutely clear that

14   the process -- and I don't think I abused the process.  I

15   understood that this is something that to file we would have

16   to get permission.  That's all.

17        THE COURT:  I'm not making any findings at this

18   point with respect to any of this.  And one other thing.  And

19   maybe Mr. Price might wants to come up.

20        Mr. Price, Mr. Larian is the CEO of the company.  I

21   trust he's well prepared for his testimony.  I certainly

22   never want to rush anybody through their testimony,

23   particularly when English is a second language, and I will

24   afford him an opportunity to read whatever he wants.  At some

25   point in time, the Court will exercise its discretion,

EXHIBIT 123
PAGE 2624

9

1   however, to charge that time to MGA.

2         MR. NOLAN:  I understand.  And your Honor, I

3   understand that.

4         THE COURT:  I'm not suggesting that this is being

5   done to delay time or to take time from Mattel.  It is what

6   it is.  But there does come a point in time that I expect

7   witnesses, particularly a party witness, to be prepared

8   enough to review exhibits that have been designated in

9   advance, deposition testimony that has been extensively

10  covered, most of these same documents.  So there needs to be

11  some degree of preparation.

12        MR. NOLAN:  Your Honor, I understand.  And I accept

13  that.  Two things, one is that we just got these binders this

14  morning, okay?  I think that the original designation for

15  Mr. Larian may have been over 700 or 800 documents.

16        THE COURT:  Fair enough.

17        MR. NOLAN:  But I will tell you this, your Honor.

18  He speaks English.  His reading is abominable.  And it's very

19  slow.  But I will tell him that, and I am also telling your

20  Honor he's not gaming here.  It's just that he is the slowest

21  reader --

22        THE COURT:  I'm not suggesting he is.  I'm just

23  saying that at some point in time out of fairness, I think

24  the time has to be credited to MGA.  We're not there yet, and

25  probably not even close to it, but I wanted to put everybody

EXHIBIT 123

PAGE 2625