UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>[PROPOSED] ORDER GRANTING MATTEL, INC.'S MOTION FOR PERMANENT INJUNCTION |

# ORDER

Having considered Mattel, Inc.'s Motion for Permanent Injunction (the "Motion"), the opposition thereto, and all other papers, evidence and arguments submitted in connection therewith, as well as the evidence admitted at trial and the jury's verdicts in the Phase 1 trial, the Court hereby GRANTS Mattel's Motion against MGA Entertainment Inc. ("MGA"), MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), Isaac Larian ("Larian") and Carter Bryant ("Bryant") (MGA, MGA Hong Kong, Larian and Bryant are, collectively, "Defendants"), and hereby ORDERS as follows:

1. MGA, MGA Hong Kong, Larian, and Bryant, along with their respective officers, directors, principals, agents, representatives, servants, employees, affiliates, successors or assigns, and any person or entity acting on their behalf or in concert or participation with them, are hereby PERMANENTLY ENJOINED from manufacturing, procuring the manufacture of, making, producing, reproducing, copying, distributing, transferring, displaying, marketing, advertising, shipping, importing, exporting, licensing, offering to license, selling or offering to sell:

    (a) any doll, product or other item that embodies or depicts in whole or in part, or incorporates or uses in any manner, the head and/or body sculpt shown in Exhibit 1 (sometimes known as the "core Bratz fashion doll production sculpt"), which is incorporated herein by this reference;

    (b) any doll, product or other item that embodies or depicts in whole or in part, or incorporates or uses in any manner, the head and/or body sculpt shown in Exhibit 2 (sometimes known as the "Bratz Movie sculpt"), which is incorporated herein by this reference;

(c) any doll shown in Exhibits 3 to 4, inclusive, which are incorporated herein by this reference;

(d) any product shown in Exhibits 5 to 6, inclusive, which are incorporated herein by this reference;

(e) any product, packaging or other item that embodies or depicts in whole or in part, or incorporates or uses in any manner, the artwork shown in Exhibit 7, which is incorporated herein by this reference.

(f) any doll, product, packaging or other item that embodies or depicts in whole or in part, or incorporates or uses in any manner, any of the Jade, Cloe, Yasmin and Sasha Bratz characters, including without limitation the items shown in Exhibits 3 and 5, which are incorporated herein by this reference;

(g) any marketing or advertising materials that embody or depict in whole or in part, or incorporate or use in any manner, any of the dolls, products, items or other matter described in paragraphs (a) through (f) above, including without limitation the marketing or advertising materials shown in Exhibits 8 (screen captures from television commercials) to 9 (print advertisements), inclusive, which are incorporated herein by this reference;

(h) any doll that counterfeits, copies, is substantially similar to or otherwise utilizes the combination of features of Mattel's copyrighted designs, specifically, (i) oversized eyes; (ii) diminutive nose; (iii) oversized or pouty lips; (iv) head that is oversized in proportion to body; and (iv) feet and/or shoes that are oversized in proportion to body.

(i) any doll, product, packaging, advertising or other item or materials that counterfeits, copies or is substantially similar to

|   |   |
|---|---|
| 1 | Mattel's copyright protected head and/or body sculpt shown in |
| 2 | Exhibit 10, which is incorporated herein by this reference, |
| 3 | including without limitation the Bratz fashion dolls known as |
| 4 | Cloe, Yasmin, Sasha, Jade, Ciara, Dana, Diona, Felicia, Fianna, |
| 5 | Katia, Kiana, Krysta, Kumi, Lana, Leah, Lela, Liliana, Lilee, |
| 6 | Lina, Maribel, May Lin, Meygan, Nevra, Nevaeh, Nona, Nora, |
| 7 | Oriana, Peyton, Phoebe, Rina, Roxxi, Sharidan, Sierrna, Sorya, |
| 8 | Sunya, Tess, Tiana, Trinity, Vinessa, and Valentina, and any and |
| 9 | all other dolls employing a sculpt which is substantially similar |
| 10 | to Exhibit 10; |

       (j)     any doll, product, packaging, advertising or other item or materials that embodies or depicts in whole or in part, or incorporates or uses in any manner, any of the Jade, Cloe, Yasmin and Sasha Bratz characters depicted or described in Exhibit 11, which is incorporated herein by this reference; and

       (k)     any doll, product, packaging, advertising or other item or materials that counterfeit, copy or are substantially similar to Mattel's Bratz-related copyrighted works, including without limitation such works in Exhibits 11 and 12, inclusive, which are incorporated herein by this reference.

     2.     MGA, MGA Hong Kong, Larian, and Bryant, along with their respective officers, directors, principals, agents, representatives, servants, employees, affiliates, successors or assigns, and any person or entity acting on their behalf or in concert or participation with them, are further hereby PERMANENTLY ENJOINED from engaging in any of the following acts:

       (a)     copying, imitating, selling, offering to sell, marketing, distributing, importing, displaying or making any use of the

|   |   |   |
|---|---|---|
| 1 | | copyrighted works shown in Exhibits 10 to 12, inclusive, which |
| 2 | | works are owned by Mattel; |
| 3 | (b) | engaging in any and all further acts of infringement of the |
| 4 | | copyrighted works shown in Exhibits 10 to 12, inclusive, which |
| 5 | | works are owned by Mattel; |
| 6 | (c) | asserting any ownership of rights or any right, title or interest in |
| 7 | | the copyrighted works shown in Exhibits 10 to 12, inclusive, |
| 8 | | which works are owned by Mattel; |
| 9 | (d) | transferring, disposing of, destroying, spoliating or secreting any |
| 10 | | documents, records, recordings or materials, whether in |
| 11 | | electronic or non-electronic form, that evidence, relate to or |
| 12 | | pertain to any aspect of the dolls, products, packaging, items or |
| 13 | | other materials referred to in paragraphs 1(a) through 1(k) above, |
| 14 | | inclusive, including without limitation any and all agreements, |
| 15 | | contracts, correspondence, communications, invoices, purchase |
| 16 | | orders, sales orders, manufacturing records, import or export |
| 17 | | records, sales records, ledgers, inventory records and shipping |
| 18 | | records relating thereto; |
| 19 | (e) | transferring, disposing of, destroying, spoliating or secreting any |
| 20 | | documents, records, recordings or material, whether in electronic |
| 21 | | or non-electronic form, that in any manner evidence, relate to or |
| 22 | | pertain to any products, services or activities using or displaying |
| 23 | | any simulation, counterfeit, reproduction or copy of, or are |
| 24 | | derived from, Mattel's copyrighted works shown in Exhibits 10 |
| 25 | | to 12, inclusive, which are incorporated herein by this reference; |
| 26 | (f) | transferring, disposing of, destroying, spoliating, secreting or |
| 27 | | exporting any products, product packaging, labels, signs, prints, |
| 28 | | dies, wrappers, receptacles, advertisements or any other tangible |

|  |  |  |
|---|---|---|
| 1 |  | items (including without limitation computer files) that in any |
| 2 |  | manner utilize, contain, evidence, reproduce, display, or relate to |
| 3 |  | any simulation, counterfeit, reproduction or copy of, or are |
| 4 |  | derived from, (i) the dolls, products, packaging, items or other |
| 5 |  | materials referred to in paragraphs 1(a) through 1(k) above, |
| 6 |  | inclusive, or (ii) Mattel's copyrighted works shown in Exhibits |
| 7 |  | 10 to 12, inclusive, which are incorporated herein by this |
| 8 |  | reference; |
| 9 | (g) | transferring, disposing of, destroying, spoliating, secreting or |
| 10 |  | exporting any plates, molds, matrices, and other means of |
| 11 |  | making or manufacturing (i) the dolls, products, packaging, |
| 12 |  | items or other materials referred to in paragraphs 1(a) through |
| 13 |  | 1(k) above, inclusive, or (ii) any reproduction, counterfeit, copy, |
| 14 |  | substantially similar likeness, or derivative of Mattel's |
| 15 |  | copyrighted works shown in Exhibits 10 to 12, inclusive; |
| 16 | (h) | assisting, aiding or abetting any other entity or person in |
| 17 |  | engaging in or performing any of the activities referred to in |
| 18 |  | paragraphs 1(a) through 1(k), inclusive, and/or in paragraphs 2(a) |
| 19 |  | through 2(h), inclusive. |

3. At Defendants' expense, Defendants shall deliver to Mattel's counsel for impoundment, at such location in the Central District of California as Mattel's counsel may direct, all dolls, products, product packaging, labels, signs, prints, dies, wrappers, receptacles and advertisements, in the direct or indirect possession, custody or control of Defendants, their officers, directors, principals, agents, servants, employees, successors or assigns, or any person or entity acting on their behalf or in concert or participation with them, that are referred to in paragraphs 1(a) through 1(k), inclusive, and/or in paragraphs 2(a) through 2(h),

inclusive, together with all plates, molds, matrices and other means of making the same. Mattel's counsel is hereby appointed substitute custodian for all such items.

4. Defendants are hereby ORDERED to procure the return, and to withdraw and recall, from any and all channels of trade and distribution, including without limitation from retail shelves and from on-line retailers, all of the dolls and doll products that are referred to in paragraphs 1(a) through 1(k), inclusive, and/or in paragraphs 2(a) through 2(h), inclusive. As to each entity or person returning such dolls and doll products, Defendants shall refund all monies paid by each entity or person in connection with such dolls and doll products and shall reimburse each such entity or person for all associated shipping charges.

5. Defendants shall hand serve upon Mattel's counsel a declaration, made under oath, that sets forth fully and completely the following information: (a) the identity of each and every doll, product, package or other item manufactured, marketed, displayed, distributed, imported, exported, sold or offered for sale by or for Defendants that are referred to in paragraphs 1(a) through 1(k), inclusive, and/or in paragraphs 2(a) through 2(h), inclusive; (b) for each such doll, product, package or other item, the number of units manufactured, marketed, displayed, distributed, shipped, imported, exported, sold or offered for sale by or for Defendants; (c) for each unit of each such doll, product, package or other item, the purchaser, transferee or recipient of each such unit(s), the quantities acquired by such purchaser, transferee or recipient and complete contact information (including limitation the address, telephone number, fax number and email address where known) for each such purchaser, transferee or recipient; (d) for each unit of such doll, product, package or other item, the current or last known location of each such unit, including without limitation the location of all such dolls, products, package or other items in Defendant's inventory; and (v) for each person or entity to whom or which Defendants have promoted, advertised, marketed or offered to sell any doll, product, package or other item that is the subject of this Order, the identity of, and complete

1  contact information for (including limitation the address, telephone number, fax
2  number and email address where known), each such person or entity.
3         6.     At Defendants' expense, Defendants shall make written contact
4  (either through fax or electronic mail) with (i) each retailer, distributor, wholesaler,
5  importer, exporter, customer, licensee or any other person and entity to or through
6  whom Defendants have shipped, transferred, imported, exported or sold any doll,
7  product or other item that is the subject of this Order; and (ii) each retailer,
8  distributor, wholesaler, licensee, potential licensee, customer, potential customer or
9  any other person and entity who Defendants have contacted (whether by mail,
10 electronic mail, orally or otherwise) within the past ninety (90) days in marketing,
11 promoting or advertising any doll, product or other item that is the subject of this
12 Order, and shall provide each such person and entity with a copy of this Order and
13 with a verbatim copy of the following notice, in legible and conspicuous print, in its
14 entirety (hereinafter, the "Notice"):

<u>NOTICE PUBLISHED PURSUANT TO ORDER OF THE UNITED STATES DISTRICT COURT</u>

YOU ARE HEREBY ADVISED as follows:

Recently you may have bought, seen, or been contacted regarding, the sale of Bratz dolls or other Bratz products.

Pursuant to the rulings of the United States District Court, Mattel is the owner of Bratz-related copyrights that are infringed by Bratz dolls, products and packaging manufactured by or for MGA.

The Court has ordered MGA to immediately cease any further manufacture, sale, promotion, shipment or distribution of Bratz dolls, products and packaging.

In addition, the Court has ordered that Bratz dolls must be returned immediately to the following address:  MGA Entertainment, Inc., Attn: Customer Service, 163000 Roscoe Blvd., Suite 150, Van Nuys, CA 91406.

    MGA will refund to you all monies paid by you for these dolls and reimburse you for all associated shipping charges.

  7. At Defendants' expense, Defendants shall post in legible and conspicuous print a verbatim copy of the entire Notice set forth in Paragraph 6, above, upon the home page of MGA's web site at www.mgae.com beginning within twenty-four hours of receipt of notice of this Order and continuing for a period of no less than one hundred and twenty (120) days.

  8. Defendants, and any person or entity acting on their behalf or in concert or participation with Defendants, shall fully comply with Paragraphs 1 and 2 of this Order immediately, shall fully comply with Paragraph 6 of this Order within two (2) calendar days of the date of this Order, shall fully comply with Paragraph 5 of this Order within seven (7) calendar days of the date of this Order and shall fully comply with Paragraphs 3 and 4 of this Order within thirty (30) days of this Order. In the event that any additional doll, product or item that is the subject of this Order subsequently is delivered to or comes within the direct or indirect possession, custody or control of Defendants, Defendants shall deliver such additional doll, product or item to Mattel's counsel within two (2) calendar days in accordance with the terms of Paragraph 3, above.

  9. Within forty (40) calendar days of the date of this Order, Defendants shall file with the Court, and personally serve on counsel for Mattel, a report in writing under oath setting forth the actions taken to comply with the terms herein pursuant to 15 U.S.C. § 1116(a). Such Report shall have appended to it complete, true and accurate copies of each communication ordered to be sent pursuant to Paragraph 6 of this Order.

  10. Pursuant to Federal Rule of Civil Procedure 53, the Court hereby appoints a special master to supervise implementation of the requirements of this Order (the "Special Master"). The parties shall confer on an agreed upon designee to serve as Special Master. Within five (5) calendar days of the date of this Order,

1  the parties shall file either (1) a joint document setting forth their agreed selection of
2  a Special Master and a certification by the selected designee that he or she is willing
3  to serve as Special Master, or (2) if the parties cannot agree on a selection, Mattel on
4  the one hand, and Defendants on the other hand, may each file a list of proposed
5  designees, from which the Court will select the Special Master.
6          11.   Any and all disputes arising out of this Order and/or motions or
7  applications seeking to enforce the terms of this Order shall be presented to the
8  Special Master for resolution in the first instance, once the Special Master is
9  appointed.  The Special Master shall have the authority to set the time, place and
10 manner of hearings and other proceedings he or she will conduct; to preside over
11 hearings, whether telephonic or in person; to take evidence in connection with
12 disputes before the Special Master; to make inspections in connection with the
13 requirements of this Order, including inspections of Defendants' facilities and
14 warehouses; to issue orders resolving motions, applications and matters arising out
15 of this Order and/or seeking to enforce the terms of this Order; to issue orders
16 awarding non-contempt sanctions, including, without limitation, the award of
17 attorney's fees; and to issue reports and recommendations on matters for which the
18 Special Master lacks jurisdiction to issue an order, including, without limitation,
19 reports and recommendations regarding contempt sanctions.  In addition to any
20 other filing procedures the Special Master may permit, the Special Master shall
21 permit the filing of *ex parte* applications to enforce the terms of this Order, which
22 must be heard and adjudicated within ten (10) calendar days of filing.  A party may
23 bring an *ex parte* application for relief pursuant to this provision only upon
24 certifying, as an officer of the Court, that such expedited adjudication is required
25 and could not be avoided in due course.  The parties shall file with this Court,
26 contemporaneously, the original of all submissions made to the Special Master such
27 that the Court's Docket shall be complete and include all pertinent submissions.
28

1  Third parties shall be bound by the Special Master's orders to the same extent as
2  Orders of this Court.
3      12.   The Special Master's orders, reports and recommendations shall
4  be treated as rulings made by a Magistrate Judge of this Court and may be reviewed
5  in the same manner and pursuant to the same procedures as this Court reviews such
6  orders, reports and recommendations of a Magistrate Judge.  A court reporter shall
7  transcribe all hearings and proceedings held before the Special Master.  The Special
8  Master's fees, and other costs incurred in connection with proceedings before the
9  Special Master, including the fees of court reporters, shall be paid one-half by
10 Mattel, Inc. and one-half by MGA Entertainment, Inc. unless, consistent with the
11 Federal Rules of Civil Procedure, the Special Master orders otherwise.  The Special
12 Master shall not have *ex parte* communications with a party or counsel.
13     13.   The Special Master shall be authorized to receive information
14 designated "CONFIDENTIAL" and "CONFIDENTIAL--ATTORNEY'S EYES
15 ONLY" pursuant to the protective order dated January 4, 2005.
16     14.   This Court shall have jurisdiction to interpret and enforce the
17 terms of this Permanent Injunction and to determine any issues which may arise
18 concerning this Permanent Injunction.
19     **IT IS SO ORDERED**.
20 DATED:           , 2008  _____
                                  Hon. Stephen G. Larson
21                                United States District Judge