1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
3  Los Angeles, CA 90071-3144
   Tel.: (213) 687-5000 / Fax: (213) 687-5600
4
   RAOUL D. KENNEDY (Bar No. 40892)
5  (rkennedy@skadden.com)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, CA 94111-5974
7  Tel.: (415) 984-6400 / Fax: (415) 984-2698

8  Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
   MGAE de Mexico, S.R.L. de C.V., and Isaac Larian
9

10
                    UNITED STATES DISTRICT COURT
11
                   CENTRAL DISTRICT OF CALIFORNIA
12

13
   CARTER BRYANT, an individual,     )  CASE NO. CV 04-9049 SGL (RNBx)
14                                   )
                   Plaintiff,        )  Consolidated with Case No. 04-9059
15                                   )  and Case No. 05-2727
         v.                          )
16                                   )  MGA DEFENDANTS' *EX PARTE*
   MATTEL, INC., a Delaware          )  APPLICATION TO EXTEND PAGE
17 corporation,                      )  LIMIT FOR OPPOSITION TO
                                     )  MATTEL'S MOTION FOR
18                 Defendant.        )  PERMANENT INJUNCTION BY
                                     )  FIVE PAGES
19 ─────────────────────────────     )
   AND CONSOLIDATED ACTIONS.         )
20                                   )  Honorable Stephen G. Larson
                                     )
21                                      **Phase 1(a)**
                                        Trial Date:    May 27, 2008
22
                                        **Phase 1(b)**
23                                      Trial Date:    July 23, 2008

24                                      **Phase 1(c)**
                                        Hearing Date:  Nov. 10, 2008
25

26

27

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Local Rule 7-19, counter-defendants MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, "MGA") hereby submit this *ex parte* application for a court order to increase by 5 pages the 30-page limit for the joint opposition to the Motion for Permanent Injunction ("Motion") filed by counter-plaintiff Mattel, Inc. ("Mattel"). The 30-page limit does not afford MGA a full opportunity to address the multitude of issues raised in the Motion. MGA's counsel requested from Mattel's counsel the traditional lawyer-to-lawyer courtesy of a stipulation to a page extension request, but Mattel's counsel remarkably refused. Accordingly, in order to avoid prejudice, MGA must seek relief from the Court through emergency motion practice. This *ex parte* application is based on this notice of application, the accompanying memorandum of points and authorities, the Declaration of Thomas J. Nolan, and all pleadings and papers on file with the Court in this action.

### Statement of Compliance with Local Rule 7-19

Counsel for Mattel, Inc. is Dylan Proctor of Quinn, Emaunel, Urquhart, Oliver & Hedges, LLP (telephone: 213-443-3000; address: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017). Pursuant to Local Rule 7-19.1, counsel for MGA gave notice of this application to counsel for Mattel by phone and e-mail on October 8, 2008. Mattel's counsel indicated that Mattel will oppose the application.

DATED: October 9, 2008

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

        By: /s/ Thomas J. Nolan
        Thomas J. Nolan
        Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

MGA DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER EXTENDING PAGE LIMIT
Case No. CV 04-9049 SGL (RNBx)

# MEMORANDUM OF POINTS AND AUTHORITIES

MGA seeks a five-page extension of the previously ordered 30-page limit for its Opposition to Mattel's Motion for Permanent Injunction. The parties have routinely stipulated to such unremarkable requests and MGA has refused not a single one.[1] Here, before resorting to *ex parte* relief from the Court, MGA counsel sought cooperation from Mattel's counsel not once, but multiple times and through multiple actors.[2] Mattel, however, would not extend the simple professional courtesy that MGA previously extended to Mattel.

As the parties agreed in their prior stipulation to extend the page limitations on the briefs concerning Mattel's Motion for Permanent Injunction, "the complexity and importance of the issues that will be raised in these briefs justify relief" from the applicable rules governing page limitations.[3] Indeed, Mattel seeks, *inter alia*, to permanently enjoin the production of the entire Bratz operation, which threatens the very existence of MGA. The stakes could not be any higher for MGA.

When MGA courteously stipulated to Mattel's request to reciprocally extend the page limits for Mattel's opening brief and MGA's opposition to 30 pages, MGA had not seen MGA's opening brief nor did it have full knowledge of its scope or content. MGA was unaware, for example, that Mattel would seek to supplement the record with two additional expert reports and thousands of pages of exhibits. Recognizing that we had not seen the full scope of Mattel's initial filing, MGA did

---

[1] See, e.g., Order On Stipulation Re Briefing Of Phase One Motions For Partial Summary Judgment (Docket No. 2334); Order On Stipulation Regarding Oppositions To Motions For Partial Summary Judgment (Docket No. 2791); Order On Stipulation Regarding Reply Briefs On Motions For Partial Summary Judgment (Docket No. 2858); Order Re: Stipulation Re Motion For Permanent Injunction (Docket No. 4317).

[2] Mr. Russell sought a stipulation from Mr. Proctor by phone message on October 8, 2008, and upon receiving Mr. Proctor's return message stating Mattel's unwillingness to agree to the extension, sent an email to Mr. Proctor, which also did not result in a stipulation. On October 9, 2008, Mr. Nolan followed up and sought a stipulation from Mr. Quinn, who also refused. (Declaration of Thomas J. Nolan ¶ 2-4.)

[3] Stipulation Re: Motion For Permanent Injunction; Docket No. 4302.

not state or agree that it would never seek additional pages upon receipt and review of Mattel's opening brief and accompanying papers. We have now had time to review the breadth of Mattel's filing and believe a few additional pages are required to respond.

Upon this backdrop, the complexity of the issues involved justifies MGA's request for five additional pages of briefing. From interpreting the jury's verdict and evaluating the equitable considerations, to discussing the law of remedies and copyright, a reasonable page extension would undoubtedly serve the Court by providing a more complete factual and legal analysis. Thus, good cause exists for the extension. See Standing Order ¶ 4(b) (permitting page-limit extensions "for good cause").

MGA's request is also undeniably a reasonable one. It does not prejudice Mattel nor does it confer any unfair strategic advantage. MGA is *not* asking for more time to respond. MGA is *not* asking to change the timing of the hearing. MGA is *not* asking to cut Mattel's pages. And Mattel has already reserved 20 pages for its reply brief and will have an entire week to formulate such reply. A timely and reasonable page-limit extension is simply not a controversial request. See, e.g., Coastal Delivery Corp. v. United States Customs Serv., 272 F. Supp. 2d 958, 961 (C.D. Cal. 2003) (granting *ex parte* application permitting movant "to file a brief that is 30 pages, 5 pages over the maximum allotment"); Moreno v. Baca, Case No. CV 00-7149 ABC (CWX), 2002 WL 338366, at *2 (C.D.Cal. Feb. 25, 2002) (granting "Plaintiff's *ex parte* application for leave to file an over-sized opposition brief and accept[ing] Plaintiff's twenty-eight page opposition").

To be certain, MGA did not create through its actions, nor through any negligence, the conditions justifying the requested *ex parte* relief. In addition to injunctive relief, Mattel is also seeking the additional, extraordinary equitable remedies of impoundment and recall. Contrary to the implication in Mattel's papers, those remedies involve complicated analyses. In essence, Mattel has essentially filed

three motions in one. Moreover, Mattel is attempting to introduce *new* evidence, which MGA should be entitled to consider and respond to in its Opposition. Because the scope of the Motion rested in the hands of Mattel, MGA faces prejudice that it could not have prevented. See Standing Order ¶ 6 (citing Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995)).

Mattel has also submitted thousands of pages of exhibits and, before the table of contents to its Motion, used 4 full pages to describe in detail its position with regard to the scope of the requested injunctive relief. MGA is saddled with responding to those pages in addition to the 30 pages in the body of the memorandum of points and authorities. Mattel also submitted a lengthy proposed injunction order. Collectively considered, Mattel has used significantly more than its allotted 30 pages to make its case – and will receive 20 more through its reply. Moreover, Mattel has already been afforded a total of 13 extra pages (five for its opening brief and eight for its reply), while MGA has only been afforded five.

For these reasons, MGA respectfully requests that its *ex parte* application be granted and the Proposed Order submitted along with this application be issued.[4]

DATED: October 9, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Thomas J. Nolan
Thomas J. Nolan

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

---

[4] Because MGA's Opposition is due on Monday, October 13, MGA respectfully requests that, if at all possible, the Court rule on this application by the close of business on Friday, October 10.