1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
3  Los Angeles, CA 90071-3144
   Tel.: (213) 687-5000 / Fax: (213) 687-5600
4
   RAOUL D. KENNEDY (Bar No. 40892)
5  (rkennedy@skadden.com)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, CA 94111-5974
7  Tel.: (415) 984-6400 / Fax: (415) 984-2698

8  Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
   MGAE de Mexico, S.R.L. de C.V., and Isaac Larian
9

10                    UNITED STATED DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12 | CARTER BRYANT, an individual, | ) | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| Plaintiff, | ) | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | ) | DECLARATION OF THOMAS J. NOLAN IN SUPPORT OF MGA PARTIES' *EX PARTE* APPLICATION TO EXTEND PAGE LIMIT FOR OPPOSITION TO MATTEL'S MOTION FOR PERMANENT INJUNCTION BY FIVE PAGES |
| MATTEL, INC., a Delaware corporation, | ) | |
| Defendant. | ) | |
| | ) | Honorable Stephen G. Larson |
| | ) | **Phase 1(a)** Trial Date: May 27, 2008 |
| | ) | **Phase 1(b)** Trial Date: July 23, 2008 |
| | ) | **Phase 1(c)** Hearing Date: Nov. 10, 2008 |
| AND CONSOLIDATED ACTIONS. | ) | |

---

Declaration of Thomas J. Nolan in Support of MGA's Ex Parte Application For An Order Extending Page Limit
Case No. CV 04-9049 SGL (RNBx)
1

I, Thomas J. Nolan, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California and am a partner at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for MGA Entertainment, Inc., Isaac Larian, and MGA Entertainment (HK) Limited (collectively, the "MGA Parties") in the above-captioned matter. I submit this Declaration in Support of the MGA Parties' *Ex Parte* Application to Extend Page Limit for Opposition to Mattel's Motion for Permanent Injunction By Five Pages.

2. On October 8, 2008, my colleague Jason D. Russell telephoned and spoke with Dylan Proctor, counsel for Mattel, requesting a five-page extension of the 30-page limit for MGA's Opposition to Mattel's Motion for Permanent Injunction. Mr. Russell explained the reasons why the MGA Parties needed the additional pages and Mr. Proctor and Mr. Russell discussed that each side had given one another such extensions in the past as a matter of course.

3. By return phone message later that day, Mr. Proctor stated that Mattel was unwilling to agree to the extension. Upon receipt of Mr. Proctor's voicemail, Mr. Russell tried reaching him by telephone at the office. When he was unsuccessful in doing so, Mr. Russell sent Mr. Proctor an e-mail asking him to reconsider his position and, alternatively, asking that he provide Mr. Russell with Mattel's statement of reasons for its denial so that it could be included in an *ex parte* application to the Court seeking the five-page extension. Mr. Proctor then responded by e-mail stating that his firm was unwilling to reconsider its denial and that the reason for their position was that Mattel had relied on the prior stipulation granting Mattel a total of 30 pages in crafting its opening brief and felt that it would be unfair if MGA now got additional pages. Mr. Proctor also indicated that it would be unfair to expect his firm to be able to prepare a reply to a 35-page opposition brief in a week, even though his firm had no problem turning around a 30-page brief in that

amount of time. As Mr. Russell understood Mr. Proctor's response to be unequivocal and to constitute an intent to oppose MGA's *ex parte* application, he did not see any reason to respond to his e-mail. Attached as **Exhibit 1** is a true and correct copy of the e-mail correspondence between Mr. Russell and Mr. Proctor.

4. Desirous of avoiding this application, Mr. Russell asked me to reach out to John Quinn, counsel for Mattel, to see if perhaps Mattel's counsel might reconsider its position. On October 9, 2008, I spoke to Mr. Quinn and again asked that Mattel stipulate to the requested five-page extension. Mr. Quinn refused to so stipulate and gave reasons consistent with those articulated by Mr. Proctor in his e-mail to Mr. Russell.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on October 9, 2008, at Los Angeles, California.

_____
Thomas J. Nolan

---

Declaration of Thomas J. Nolan in Support of MGA's Ex Parte Application For An Order Extending Page Limit
Case No. CV 04-9049 SGL (RNBx)
3

# EXHIBIT 1

**Hammon, Patrick (PAL)**

From: Russell, Jason D (LAC)
Sent: Thursday, October 09, 2008 10:52 AM
To: Hammon, Patrick (PAL)
Subject: FW: More pages

---

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Wednesday, October 08, 2008 9:05 PM
**To:** Russell, Jason D (LAC)
**Subject:** Re: More pages

Jason, it is true that we have both generally agreed to extensions of page limits and the like in the past. But the circumstances here are different. Before we filed, we proposed a mutual extension of the page limits because we recognized the importance of the motion, and both wanted more space ourselves and suspected you would want more space. We reached a deal, which the Court ordered. We then prepared our papers in reliance on that deal, and limited ourselves to the allotted 30 pages. To extend the page limits further now that we've filed, and after we reached our deal, seems unfair to us. Also, it would be unfair to expect us to turn around a reply to a 35 page brief in just a week. In the past, when we've had such lengthy briefs, like on SJ, we've also built in more time to respond, recognizing that it takes more time to address longer briefs.

Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA 90017

Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Russell, Jason D
**To:** Dylan Proctor
**Sent:** Wed Oct 08 19:11:52 2008
**Subject:** More pages

Dylan,

I got your vm but could not believe it. Really? You guys are not going to agree to more pages? I understand zealous advocacy as much as the next guy but we have never denied you a single request for more pages and this seems like something that should be given as a matter of course. If you are serious, could you give me a reason that I can put into an ex parte as this is probably the most important motion in the case and I gotta suspect Larson is not going to like us haggling over something

10/9/2008

Exhibit 1,
P. 4

like this.

Jason

------------------------------------------------------------------------
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
================================================================

10/9/2008

Exhibit 1,
P. 5