QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>CV 04-09059<br>CV 05-2727 |
| vs. | |
| MATTEL, INC., a Delaware corporation,<br><br>Defendant. | **MATTEL, INC.'S OPPOSITION TO MGA'S *EX PARTE* APPLICATION TO EXTEND PAGE LIMIT FOR ITS OPPOSITION TO MATTEL'S MOTION FOR A PERMANENT INJUNCTION** |
| AND CONSOLIDATED ACTIONS | **Phase 1(a):**<br>Trial Date:   May 27, 2008<br><br>**Phase 1(b):**<br>Trial Date:   July 23, 2008 |

## MEMORANDUM OF POINTS AND AUTHORITIES

Mattel and its lawyers respect the importance of professional courtesy. As MGA notes, both sides in this case have repeatedly agreed to extensions of page limitations as an expression of professional courtesy. What makes this request different is that both sides had *already* agreed to an extension of the page limits for this motion, and this Court had already entered an order specifying the expanded limits. In preparing its motion, Mattel relied upon and complied with these agreed-upon limits. To do so, Mattel had to leave much of the argument it would like to have included in its moving papers on the cutting room floor. Now, after Mattel has complied with the negotiated page limit, MGA seeks to exceed the agreed limit for its opposition. This would place Mattel at a double disadvantage both because Mattel abided by the limits in its own submission, and because Mattel would now be required to respond to a 35-page filing in a mere seven days.

Prior to filing its motion for injunctive relief, Mattel proposed a *mutual* extension of the applicable page limitations for *every* brief associated with this motion -- from 25 to 30 pages for both motion *and* opposition, and from 12 pages to 20 for reply. MGA agreed, and the Court so ordered. Mattel pared its motion down to 30 pages to comply with that order, expecting MGA to do the same. MGA should be required to comply with the agreement it made.

MGA's stated reasons for suddenly needing more pages do not withstand scrutiny. MGA claims that it did not know that Mattel would seek to "supplement the record with two additional expert reports and thousands of pages of exhibits."[1] But the "additional expert reports" MGA refers to -- from Messrs. Hollander and Keiser, both of whom were designated as trial witnesses -- simply recite survey results (which were long ago turned over to MGA, and against which MGA moved *in*

---

[1] *Ex Parte* Application at 1.

*limine*[2]) and attach scan comparisons of a Mattel-owned sculpt and the sculpt used on the Bratz dolls (which also was long ago turned over to MGA, and which MGA threatened to move to exclude during trial).[3]  As for the "thousands" of additional pages, what MGA is complaining about are its own filings in foreign cases and in the Copyright Office, as well as transcripts from these proceedings -- the vast majority of which were introduced at trial -- in which MGA itself attests to the fact that the Bratz dolls were based on Mattel's designs.  MGA cannot genuinely complain that it has been unfairly surprised by its own past admissions.

MGA also argues that the "complexity of the issues" justifies an extension above and beyond the one already ordered.[4]  But there have been a great many important motions in this case, and the parties have briefed most of them within the allotted limits under the Rules.  For example, the parties' mistrial papers (both complex and important by any standard) were capped at 25 pages, and their motions for judgment as a matter of law were capped at far less (5 pages for Phase 1A). Notably, *neither* of the only two cases MGA cites to support its request for additional pages granted an extension beyond the 30 pages MGA already has, and *neither* granted an extension after one extension had been granted already.  See Coastal Delivery Corp. v. United States Customs Serv., 272 F. Supp. 2d 958, 961 (C.D. Cal. 2003) (permitting brief capped at 30 pages); Moreno v. Baca, 2002 WL 338366 at *2 (C.D. Cal. Feb. 25, 2002) (permitting 28 page brief). Compare Gulf Petro Trading Co. v. Nigerian Nat. Petroleum, 233 F.R.D. 492, 493 (E.D. Tex. 2005) ("The order to General Eisenhower to invade the entire continent of Europe consisted of a single paragraph. It would be unusual if the grounds for a motion to dismiss under Fed.R.Civ.P. 12(b)(1) or (2) could not be set out in thirty pages. In this case there is

---

[2]  See Docket No. 3134, MGA Parties' Notice Of Motion and Motion In Limine No. 8.
[3]  Trial Transcript, July 21, 2008 at 5309:03-16, 5320:5-5321:08.
[4]  Ex Parte Application. at 2.

no reason to believe that an expansion of the page limit is going to improve the clarity of the argument.").

Under the Court's Orders, Mattel has one week to reply to MGA's opposition-- the amount of time allotted in the <u>Local Rules</u> for everyday motions with regular page limitations.[5]  It will be challenging enough for Mattel to prepare its reply to a 30 page opposition in that time frame.  In fact, both sides have recognized that longer briefs require extended time for adequate responses.  For example, when the parties proposed the filing of longer briefs on summary judgment, they also stipulated to an extended, nearly two week period for reply memoranda because they recognized that adequate reply briefs "cannot feasibly be prepared in one week's time."[6]  Prejudice to Mattel justifies denial of MGA's application.  <u>See, e.g.,</u> <u>S.S. v. Eastern Kentucky University</u>, 532 F.3d 445, 451-52 (6th Cir. 2008) (upholding district court's denial of request to extend page limits in opposition brief because it would prejudice the moving party who had to adhere to length guidelines).

Mattel respectfully submits that MGA's application should be denied in its entirety.  Thirty pages should be enough.  The Order already entered by this Court should be enforced.  However, should the Court be inclined to grant the application,

---

[5]  MGA's Opposition brief is due on October 13, Columbus Day, and Mattel's Reply brief is due the following Monday, October 20.  <u>See</u> Docket No. 4293, Sept. 2, 2008 Minutes Of In Chambers Order.

[6]  <u>See</u> Docket No. 2327, Stipulation Re Briefing Of Phase One Motions For Partial Summary Judgment at 2.

1 | Mattel requests a reciprocal five page extension of the page limitations on its reply,
2 | to 25 pages, and an appropriate amount of additional time to submit its reply.

3 | DATED: October 10, 2008        QUINN EMANUEL URQUHART OLIVER &
4 |                                HEDGES, LLP

6 |                                By
                                       _____
7 |                                    John B. Quinn
                                       Attorneys for Mattel, Inc.