KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Specially-Appearing Nonparty
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727)<br><br>**SPECIALLY-APPEARING NON-PARTY CARTER BRYANT'S STATEMENT REGARDING MATTEL'S MOTIONS FOR CONSTRUCTIVE TRUST AND PERMANENT INJUNCTION**<br><br>**PUBLIC VERSION**<br><br>Dept:    Courtroom 1<br>Judge:   Hon. Stephen G. Larson<br>Date of hearing: Nov. 10, 2008<br><br>Date Comp. Filed: April 13, 2005 |

427652.01

SPECIALLY-APPEARING NON-PARTY CARTER BRYANT'S STATEMENT REGARDING MATTEL'S
MOTIONS FOR CONSTRUCTIVE TRUST AND PERMANENT INJUNCTION
CASE NO. CV 04-09049 SGL (RNBx)

Specially-appearing[1] nonparty witness Carter Bryant respectfully submits this statement regarding Mattel's pending Motion for Permanent Injunction (Corrected, Public Redacted version, Docket No. 4311) and Motion for Construction Trust, Finding of Liability and Injunctive Relief (Docket No. 4305). It has come to Bryant's attention that these motions request relief against him, as well as the MGA defendants, despite the fact that Bryant was dismissed as a defendant in this litigation in May of this year (when all claims against him were dismissed with prejudice by the Court). Because all claims against Bryant have been finally adjudicated, and Bryant is no longer a party to the litigation, Bryant believes that Mattel's inclusion of his name in its motions must be in error.[2] (Consistent with this view, Mattel offers no substantive argument directed towards Bryant himself.[3]) However, Bryant submits this statement to clarify that Mattel's motions are not properly addressed to him, as a former defendant against whom all claims have been dismissed, and the relief purportedly sought should not be issued against him in light of the settlement terms.

**A. Mattel's case against Bryant has been settled and dismissed, and Mattel has no permissible basis for seeking the relief sought on Mattel's dismissed claims against Bryant.**

Because Bryant is no longer a party to this case, and no claims are pending against him, the relief sought against him is improper. Bryant acknowledges that he will be bound to comply with the terms of certain limited forms of relief that the

---

[1] As we have done before, we make this submission today without waiving any jurisdictional or other arguments reserved to Bryant, including any rights on appeal.

[2] Mattel's counsel did not meet and confer with Bryant's counsel about any of the subject motions, and on that basis alone the motions are improper as to Bryant.

[3] Also, Mattel's Motion for Declaratory Judgment (Docket No. 4303) is apparently directed towards the MGA defendants only. That motion properly does not seek relief against Bryant himself. Indeed, Mattel's representation that "[c]ounsel for Mattel and defendants met and conferred regarding the issues presented by this Motion" would be untrue if Mattel intended to include Bryant as a defendant, since Mattel and Bryant's counsel did not meet and confer regarding that motion or any other motion. Docket No. 4303 at 3.

1
NON-PARTY CARTER BRYANT'S STATEMENT REGARDING MATTEL'S MOTIONS FOR CONSTRUCTIVE TRUST AND PERMANENT INJUNCTION
CASE NO. CV 04-09049 SGL (RNBx)

427652.01

Court may issue against the MGA defendants, under this Court's dismissal order of May 23, 2008 ███████████████ However, that obligation is carefully limited and defined in ██████████ the dismissal order.

Specifically, Bryant and Mattel stipulated, and the Court ordered, as follows:

> In the event of entry of any order, judgment or decree in favor of Mattel *and against the MGA Parties*, or any of them, Bryant will be bound by and adhere to any such order, judgment or decree *to the extent (and only to the extent)* that it grants or enters in whole or in part any non-monetary relief prohibiting or restricting or otherwise in any way *affecting the MGA Parties'* right or ability to exploit, profit from, prepare a derivative work based upon, distribute, license, sell, offer for sale, display, manufacture, produce, promote, market or otherwise deal in any Bratz Invention (hereinafter "MGA Bratz Injunction").

May 23, 2008 Order at 1 (Docket No. 3811) (emphases added); Stipulation of Dismissal of Carter Bryant at 1 (Docket No. 3708) ██████████ (The Court has been provided with a copy of the underlying confidential settlement agreement. *See* Docket No. 3832.) That stipulation and order expressly contemplate future orders only "against *the MGA parties*" (the only remaining defendants in the litigation), not against Bryant himself ██████████████████████████████████.

Bryant will comply fully with his obligations under the dismissal order █████ if and to the extent the Court grants relief against the MGA defendants that triggers any such obligations. However, the possibility that certain relief against the MGA defendants may indirectly create obligations for Bryant under ███████ the Court's existing May 23, 2008 Order does not permit Mattel to seek any relief directly against him. Bryant is no longer a party, and there is no basis for Mattel to seek or obtain any such relief against him. No claims remain on which the Court could order that relief as to Bryant.

Dismissal with prejudice has the same effect as a final judgment on the merits. *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 686 (9th Cir. 2005). A dismissal under Fed. R. Civ. P. 41(a)(1)—like the dismissal

1  of Bryant here—cannot eliminate only part of an action involving a defendant.
2  The rule governs dismissal of actions, not specific claims; even though it can be
3  used to terminate the action as to a particular defendant only, it must still dismiss
4  all claims against that particular defendant, "so that [that specific] defendant may
5  be dismissed from the entire action." *Id.* at 687; *Ethridge v. Harbor House*
6  *Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988) (Rule 41 can only be used to
7  dismiss a defendant for the litigation entirely, not simply to eliminate certain
8  claims). (Rule 15, not Rule 41, governs dismissals limited to particular claims, or
9  a part of an action against a defendant.) This rule is the same whether the
10 dismissal is unilateral, by stipulation, or by court order. *Hells Canyon*, 403 F.3d at
11 688 (Rule 41(a)(1) and 41(a)(2) require the same result on this issue).

The stipulation and dismissal order here dismissed all claims against Bryant with prejudice: "Pursuant to Fed. R. Civ. P. 41(a)(1), Mattel's claims and counterclaims against Bryant only . . . are hereby dismissed with prejudice." Order at 1. That voluntary dismissal with prejudice operates as a complete adjudication on the merits, barring any further action on the same claims. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). Courts have long recognized that where an action against a defendant has been voluntarily dismissed under a settlement agreement, nothing remains for the court to adjudicate. *See Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 451, (1911) ("When the main case was settled, every proceeding which was dependent on it, or a part of it, was also necessarily settled,-of course, without prejudice to the power and right of the court to punish for contempt by proper proceedings."); *Bryan v. Smith*, 174 F.2d 212, 214 (7th Cir. 1949) (reversing district court judgment entered on ancillary issue after action dismissed pursuant to settlement).

26 ████████████████████████████████████████
27 ████████████████████████████████████████
28 ████████████████████████████████████████

3
NON-PARTY CARTER BRYANT'S STATEMENT REGARDING MATTEL'S MOTIONS FOR
CONSTRUCTIVE TRUST AND PERMANENT INJUNCTION
CASE NO. CV 04-09049 SGL (RNBx)

427652.01

1  ████████████████████████████████████████
2  ████████████████████████████████████████
3  ████████████████████████████████████████
4  ████████████████████████████████████████
5  ████████████████████████████████████████
6  ████████████████████████████████████████
7  ████████████████████████████████████████
8  ████████████████████████████████████████
9  ████████████████████████████████████████
10 ████████████████████████████████████████
11 ████████████████████████████████████████
12 ████████████████████████████████████████
13 ████████████████████████████████████████
14 ████████████████████████████████████████
15 ████████████████████████████████████████
16 ██████████████████████████████ Mattel's claims against
17 Bryant are fully and completely adjudicated and Mattel cannot seek any relief
18 against Bryant.

**B.      There is no basis for any of the relief Mattel now seeks against Bryant.**

Mattel has no basis for seeking injunctive relief or a constructive trust against Bryant. ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

4
NON-PARTY CARTER BRYANT'S STATEMENT REGARDING MATTEL'S MOTIONS FOR
CONSTRUCTIVE TRUST AND PERMANENT INJUNCTION
CASE NO. CV 04-09049 SGL (RNBx)

427652.01

Case 2:04-cv-09049-DOC-RNB   Document 4346   Filed 10/13/08   Page 6 of 8   Page ID #:111146

1
2
3
4
5
6
7

8  There is also clearly no basis for an order holding Bryant "liable to Mattel"
9  on its settled and dismissed claim under California Business & Professions Code §
10 17200. Mattel seeks an affirmative finding of *liability* against Bryant under
11 California Business & Professions Code § 17200, purportedly based on Mattel's
12 "twelfth claim for relief." Yet that claim was dismissed with prejudice as to Carter
13 Bryant under the stipulation and order of dismissal, along with all of Mattel's other
14 claims, and no basis for liability remains. Mattel asserts (in a brief footnote) that
15 Bryant is bound by all declarations, injunctions and other rulings of this Court, but
16 that is incorrect and incomplete.
17
18
19
20
21
22
23
24
25
26
27
28

5
NON-PARTY CARTER BRYANT'S STATEMENT REGARDING MATTEL'S MOTIONS FOR
CONSTRUCTIVE TRUST AND PERMANENT INJUNCTION
CASE NO. CV 04-09049 SGL (RNBx)

427652.01

1 ▮
2 ▮
3 ▮
4 ▮
5 ▮
6 ▮
7 ▮
8 ▮
9 ▮ That future, narrow obligation is specifically limited to the terms
10 set forth in the stipulation and order of dismissal. ▮
11 ▮
12 ▮
13 ▮
14 ▮
15 ▮
16 ▮
17 ▮
18 ▮
19 ▮
20 ▮
21 ▮
22 ▮
23 ▮
24 ▮
25   In sum, Bryant is no longer a defendant in this litigation, and there are no
26 claims pending against him: Mattel's "twelfth claim for relief" and all other claims
27 as to Bryant were dismissed in their entirety in this Court's May 23, 2008 order.
28 Therefore, there is no basis for any finding of liability by Bryant on Mattel's

6
NON-PARTY CARTER BRYANT'S STATEMENT REGARDING MATTEL'S MOTIONS FOR
CONSTRUCTIVE TRUST AND PERMANENT INJUNCTION
CASE NO. CV 04-09049 SGL (RNBx)

427652.01

1  "twelfth claim for relief" or any other dismissed claim.

## C. Conclusion

For all the foregoing reasons, Bryant respectfully requests that the Court consider Mattel's motions as seeking relief only against the defendants who remain before the Court, and not consider any judgment, order, or finding directly against Bryant, based on Mattel's § 17200 claim or any other ground.[4] Bryant will of course honor his obligations under the settlement, stipulation of dismissal, and order of dismissal, to the extent that those obligations are implicated by certain forms of non-monetary relief identified in the dismissal order to the extent it is granted against the MGA defendants. However, where no one has asserted a claim that Bryant is in breach of the settlement (and he is certainly not in breach), the relief sought by these motions against Bryant is improper.

Dated: October 13, 2008

Respectfully submitted,

KEKER & VAN NEST, LLP

By: _____
CHRISTA M. ANDERSON
Attorneys for Nonparty
CARTER BRYANT

---

[4] Because Mattel has presented no argument for relief directly against Bryant, and because no pending claim exists to support such relief given Bryant's dismissal as a defendant, Bryant does not present here any argument as to the substantive merits of Mattel's motions. Bryant reserves all rights to challenge any grant of relief against him, including on appeal or in collateral proceedings, should that become necessary.

7
NON-PARTY CARTER BRYANT'S STATEMENT REGARDING MATTEL'S MOTIONS FOR CONSTRUCTIVE TRUST AND PERMANENT INJUNCTION
CASE NO. CV 04-09049 SGL (RNBx)

427652.01