THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>MGA PARTIES' OPPOSITION TO MATTEL'S MOTION FOR DECLARATORY JUDGMENT OF OWNERSHIP OF BRATZ WORKS<br><br>Hearing Date: November 10, 2008<br>Time: 1:00 PM |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT.................................................................................... 1

ARGUMENT ............................................................................................................... 2

    I.    MATTEL'S CLAIM FOR DECLARATORY RELIEF IS PREEMPTED BY THE COPYRIGHT ACT............................................................................. 2

    II.    DECLARATORY RELIEF IS NOT WARRANTED HERE............................. 3

        A.    The Jury's Verdict Obviates Any Request for Declaratory Relief as to the Ownership of the Drawings and Sculpts ..................................... 6

        B.    Mattel Is Not Entitled To Any Rights To The Name BRATZ ................. 8

        C.    The Jury's Verdict Establishes that Mattel Cannot Claim Any Ownership of the BRATZ Characters........................................................ 9

CONCLUSION .......................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s):**

**CASES:**

B & O Manufacturing, Inc. v. Home Depot U.S.A., Inc.,
   No. C 07-02864 JSW,
   2007 WL 3232276 (N.D. Cal. Nov. 1, 2007) ............................................... 4

Bartlett v. Wells,
   No. EDCV 0700546SGL JCRX,
   2008 WL 4390151 (C.D. Cal. Aug. 29, 2008) ........................................... 11

Burlesci v. Petersen,
   68 Cal. App. 4th 1062 (1998) ...................................................................... 6

CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc.,
   97 F.3d 1504 (1st Cir. 1996) ........................................................................ 9

Cauderlier & Associates, Inc. v. Zambrana,
   527 F. Supp. 2d 142 (D.D.C. 2007) ............................................................ 6

Clark v. Hudson Bay Music, Inc.,
   No. 94 CIV.6796JGK,
   1995 WL 600570 (S.D.N.Y. Oct. 12, 1995) ............................................... 6

Classic Media, Inc. v. Mewborn6
   532 F.3d 978 (9th Cir. 2008) ....................................................................... 6

Conversive, Inc. v. Conversagent, Inc.,
   433 F. Supp. 2d 1079 (C.D. Cal. 2006) ...................................................... 9

Dominium Management Services, Inc. v. Nationwide Housing Group,
   195 F.3d 358 (8th Cir. 1999) ....................................................................... 5

Eureka Federal Savings & Loan Association v. American Casualty Co.,
   873 F.2d 229 (9th Cir. 1989) ....................................................................... 6

Exxon Shipping Co. v. Airport Depot Diner, Inc.,
   120 F.3d 166 (9th Cir. 1997) ....................................................................... 4

Food Lion, Inc. v. Capital Cities/ABC, Inc.,
   946 F. Supp. 420 (M.D.N.C. 1996), aff'd 116 F.3d 472 (4th Cir. 1997) ...... 3

Fred Riley Home Building Corp. v. Cosgrove,
   883 F. Supp. 1478 (D. Kan. 1995) ............................................................... 7

Leegin Creative Leather Products, Inc. v. M. M. Rogers & Co.,
    94-4644 RJK,
    1994 WL 761725 (C.D. Cal. Oct. 24, 1994) .................................................................. 7

Loblaw Companies Ltd. v. Azimi,
    No. C 00 3591 WHO
    2001 WL 36028016 (N.D. Cal. Oct. 17, 2001) ............................................................. 4

Los Angeles Police Protective League v. Gates,
    995 F.2d 1469 (9th Cir. 1993) ..................................................................................... 10

Martin v. Kehl,
    145 Cal. App. 3d 228 (1983) ....................................................................................... 7

Motown Record Corp. v. George A. Hormel & Co.,
    657 F. Supp. 1236 (C.D. Cal. 1987) ............................................................................ 2

Price v. Fox Entertainment Group, Inc.,
    473 F. Supp. 2d 446 (S.D.N.Y. 2007) ......................................................................... 6

Ramos v. Kateley,
    No. 1:07CV00738OWWDLBPC,
    2008 WL 4058081 (E.D. Cal. Aug. 26, 2008) ............................................................. 4

Sivak v. Versen,
    NO. 06CV0416-LAB (WMC)
    2007 WL 3333101 (S.D. Cal. Nov. 7, 2007) ............................................................... 5

Syntek Semiconductor Co., Ltd. v. Microchip Technology Inc.,
    307 F.3d 775 (9th Cir. 2002) ....................................................................................... 7

Thayer v. Nydigger,
    No. CIV. 95-2004-AS,
    1999 WL 372552 (D. Or. Apr. 15, 1999) .................................................................... 6

Tiseo Architects, Inc. v. SSOE, Inc.,
    431 F. Supp. 2d 735 (E.D. Mich. 2006) ...................................................................... 7

Xerox Corp. v. Apple Computer, Inc.,
    734 F. Supp. 1542 (N.D. Cal. 1990) ............................................................................ 8

United States v. Jones,
    176 F.2d 278 (9th Cir. 1949) ....................................................................................... 4

United States v. State of Washington,
    759 F.2d 1353 (9th Cir. 1985) ................................................................................. 3, 9

Unocal Corp. v. United States,
    222 F.3d 528 (9th Cir. 2000) .................................................................................. 4, 5

Weiss v. Marcus,
    51 Cal. App. 3d 590 (1975) ....................................................................................... 7

**STATUTES:**

37 C.F.R. § 202.1 ............................................................................................................... 9

17 U.S.C. §§ 502-505........................................................................................................ 8

**OTHER:**

William F. Patry, Patry on Copyright (2008)
    § 5:153 ....................................................................................................................... 3
    § 18:24 ....................................................................................................................... 3

## PRELIMINARY STATEMENT

Apparently dissatisfied with the jury's two verdicts, Mattel asks this Court to weigh in and resolve issues that (1) the jury either already addressed, or (2) that Mattel should have allowed the jury to address but chose not to, under the guise of a motion for declaratory judgment. The Court should decline Mattel's invitation to invade the province of the jury, as to do so would violate the MGA Parties' constitutional right to have the jury decide these issues and would place the Court in a position where its decisions would interfere with the jury's two verdicts. Moreover, because the jury either did or could have resolved the issues presented here, the relief sought is unnecessary, improper, or moot.

Mattel's motion for declaratory judgment attempts to shoehorn four distinct categories of ideas and tangible items under an umbrella of "BRATZ works." (Mattel Mot. at 3.) Specifically, Mattel seeks a declaration that it owns (1) more than 70 Bratz drawings; (2) two three-dimensional BRATZ sculpts; (3) the "ideas for the BRATZ characters" and (4) the "idea for the name BRATZ" based on the jury's findings that Bryant "conceived" them in Phase 1a. (Id.) As a threshold matter, Mattel's motion should be denied because the law is clear that precisely this sort of declaratory relief is pre-empted by federal copyright law. (See Section I, infra.)

Even if Mattel's claim was not preempted, the relief Mattel seeks is either unnecessary or counter to the law and the record in this action. For instance, Mattel asks this Court to grant declaratory relief that Mattel owns the enumerated drawings and sculpts. However, at Mattel's request, the jury already addressed this very issue through its responses to the verdicts in Phases 1a and 1b and thus the issue has already been resolved and any further action by this Court is simply needless. Mattel seeks to justify its request to re-visit the issues resolved by the jury under the guise of seeking "clarification." Yet it was Mattel who proposed the very questions that it now seemingly contends are ambiguous and, in fact, the questions answered by the jury need no clarification. Indeed, were the Court to "clarify" the jury's findings, it indisputably would violate the MGA Parties' Seventh Amendment rights. As there is no need for the Court to render any decision on ownership

1

MGA Parties' Opposition to Mattel's Motion for Declaratory Judgment – Case No. CV 04-9049 SGL (RNBx)

of the drawings and sculpts, the Court should deny Mattel's request as moot.  (See Section II.A, infra.)

Mattel's request for a declaration of rights in the remaining elements of the BRATZ Works (i.e., the BRATZ name and characters) is simply a request by Mattel to reconsider the jury's verdict and to present issues to the jury that Mattel (for whatever reason) chose not to allow the jury to decide.  For instance, Mattel asked the jury to award it the full value of MGA's profits from exploitation of the BRATZ name and characters (in the form of damages in excess of $2.1 billion).  And the jury clearly and emphatically rejected Mattel's request, awarding (depending on how it is calculated) $10 million or less – i.e., less than one-tenth of one percent of what Mattel sought.  Obviously unhappy with that result, Mattel now wants the Court to award Mattel what the jury refused to give it.  Manifestly, Mattel's request flies in the face of the law and the verdict itself – Mattel cannot own the name BRATZ, and the jury verdict is equally clear that Mattel has no ownership interest as to the existing BRATZ characters.  (See Sections II. B. and C, infra.)

As the first two prongs of Mattel request for declaratory relief are moot and the latter two prongs are baseless, the Mattel's motion should be denied in its entirety.

## ARGUMENT

**I.  MATTEL'S CLAIM FOR DECLARATORY RELIEF IS PREEMPTED BY THE COPYRIGHT ACT**

As a preliminary matter, as discussed at length in the MGA Parties' Statement of Position to which the Court is respectfully referred, Mattel's claim for declaratory relief is preempted under the Copyright Act.  Mattel is asking the Court "declare that Mattel owns all right, title and interest in and to the Bratz properties the jury found were conceived or created by Bryant while employed by Mattel" and place the MGA copyright registrations in five BRATZ drawings in a constructive trust. (Mattel Mot. at 7.)  Such claims are governed by federal copyright law.  See, e.g., Motown Record Corp. v. George A. Hormel & Co., 657 F. Supp. 1236, 1241 (C.D. Cal. 1987) (claim for constructive trust preempted where "the facts alleged in support of … the constructive trust claims are rooted primarily on

1  contentions that defendants infringed on plaintiffs' copyrighted work."); Food Lion, Inc. v.
2  Capital Cities/ABC, Inc., 946 F. Supp. 420, 422 (M.D.N.C. 1996), aff'd, 116 F.3d 472 (4th
3  Cir. 1997) ("Plaintiff's alternative, constructive trust theory is similarly unavailing. …
4  Here, Plaintiff seeks a declaration of copyright ownership based on state law.  The
5  Copyright Act sets out the elements of copyright ownership, and thus, a declaration of
6  ownership is a right exclusively provided for under federal law. Plaintiff's attempt to
7  expand upon or circumvent this right by relying on state law is preempted."); see also
8  William F. Patry, 5 Patry on Copyright § 18:24 (2008) ("Equally unavailing are efforts to
9  impose a constructive trust on the actual ownership of the copyright. Such claims are
10 nothing more than a declaratory judgment for ownership, an action arising solely under the
11 Copyright Act"); id. § 5:153 ("Analogies to state law which regard property wrongfully
12 usurped (as under the corporate opportunity doctrine) as being impressed with a
13 constructive trust, with the 'trustee' being regarded as a beneficial owner, are wholly
14 unavailing. . . . Beneficial owner under copyright law has nothing to do with wrongful
15 usurpation of rights.  But beyond the misapplication of terms, the larger point is one of
16 preemption: federal law is exclusive in the field; state law cannot be used to supply what
17 courts wish Congress had not.").

18      Mattel's Motion ignores this well-established proposition, and for good reason – there
19 is no answer to the obvious conclusion.  This Court should reject Mattel's preempted claim.

20 **II.    DECLARATORY RELIEF IS NOT WARRANTED HERE**

21      The Ninth Circuit has repeatedly held that "[d]eclaratory relief should be denied
22 when it will neither serve a useful purpose in clarifying and settling the legal relations in
23 issue nor terminate the proceedings and afford relief from the uncertainty and controversy
24 faced by the parties." United States v. State of Wash., 759 F.2d 1353, 1357 (9th Cir. 1985)
25 (vacating declaratory relief on environmental issue regarding fish habitat as too broad where
26 the standards governing the state's obligations would be dependent on facts of future
27 disputes). "It should go without saying that a declaratory judgment action must serve some
28 purpose in resolving a dispute.  If the relief serves no purpose, or an illegitimate one, then

the district court should not grant it." <u>Exxon Shipping Co. v. Airport Depot Diner, Inc.</u>, 120 F.3d 166, 168-69 (9th Cir. 1997) (overturning granting of declaratory relief as serving "no purpose" where, <u>inter alia</u>, majority of plaintiffs had already had claims subject to judgment in other consolidated action and thus "there was no need for the separate declaration") (emphasis added). "And it is an accepted principle that <u>no declaration should be made, unless it serves a useful, practical purpose, or when no beneficial result would follow</u>." <u>United States v. Jones</u>, 176 F.2d 278, 280-281 (9th Cir. 1949) (affirming denial of declaratory relief where "primary relief sought" by the declaration had already been decided against the plaintiff by the trial court and a "declaration of rights, after such conclusion, would have served no useful purpose") (emphasis added). <u>See also</u> <u>Ramos v. Kateley</u>, 2008 WL 4058081, at *3 (E.D. Cal. Aug. 26, 2008) (dismissing claim for declaratory relief where "[i]n the event that this action reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that plaintiff's constitutional rights were violated" and thus "[a] declaration that the defendants violated plaintiff's rights is unnecessary"); <u>B & O Mfg., Inc. v. Home Depot U.S.A., Inc.</u>, 2007 WL 3232276, at *7 (N.D. Cal. Nov. 1, 2007) (dismissing claim for declaratory relief where it "would not 'serve a useful purpose in clarifying and settling the legal relations in issue'" because it was "essentially duplicative" of breach of contract claim "contesting the same conduct"); <u>Loblaw Cos. Ltd. v. Azimi</u>, 2001 WL 36028016, at *15 (N.D. Cal. Oct. 17, 2001) (dismissing declaratory relief claim with prejudice as "unnecessary" and "add[ing] nothing to the case" where "the issue upon which declaratory relief is sought will be decided in the course of litigating [plaintiff]'s claims").

This is particularly true when a litigant seeks declaratory relief on remaining issues beyond the scope of a jury verdict in its favor. The Ninth Circuit's decision in <u>Unocal Corp. v. United States</u>, 222 F.3d 528 (9th Cir. 2000) is instructive here. When an oil pipeline owned by Unocal ruptured and caused a spill during the construction of a train station in Norwalk, Unocal sued Metrolink and the construction company for reimbursement of the cleanup costs; the jury returned a verdict in Unocal's favor based on negligence, breach of contract and quasi-contract theories, and pursuant to the Oil Pollution Act of 1990. <u>Id.</u> at

531, 533.  After the verdict, Unocal requested a declaration that Metrolink and the construction company should be substituted for Unocal on the hazardous waste manifests Unocal was required to file to record the Norwalk cleanup as a "generator" of hazardous waste.  Id. at 545.  The district court rejected Unocal's proposed declaratory relief and the Ninth Circuit affirmed, finding that "Unocal has provided no support for the premise that it should no longer be considered a 'generator' of waste as a result of the jury verdict" and that "Unocal's requested declaration is far afield from the declaration required by [Oil Pollution Act] section 2717(f)(2), which addresses only liability for cleanup costs and damages. . . . Neither the statute nor the jury verdict supports Unocal's request."  Id. (emphasis added).  See also Sivak v. Versen, 2007 WL 3333101, at *4 (S.D. Cal. Nov. 7, 2007) (denying plaintiff's "significantly narrowed" remaining claim for declaratory judgment on copyright issues, based on analysis of relevant jury instruction and contrary jury findings "implicit in the verdicts" for plaintiff); Dominium Mgmt. Servs., Inc. v. Nationwide Hous. Group, 195 F.3d 358, 367 (8th Cir. 1999) (where jury found for cross-claimant Pinnacle Group in breach of contract claim against co-defendant Nationwide, district court denied Pinnacle's claim for declaratory judgment that another contract between plaintiff Dominium and Nationwide was unenforceable; the Eighth Circuit affirmed because, in light of the jury's verdict, "the declaratory judgment requested by Pinnacle would serve no useful purpose and would engender more uncertainty and controversy than it would resolve").

  Mattel bases its claim for relief here on the proposition that "[n]umerous courts have granted declaratory relief to settle issues of intellectual property ownership and contract validity" (Mattel Mot. at 5) – but the cases on which Mattel relies are wholly inapposite.  Tellingly, Mattel does not cite a single case where a court granted declaratory relief after a jury verdict on other claims addressing the issues that would be "resolved" by the

declaratory relief.[1] This is unsurprising, given that Mattel is urging this Court, at least in part, to ignore the jury's intentions here.

### A. The Jury's Verdict Obviates Any Request For Declaratory Relief As To The Ownership Of The Drawings And Sculpts

Mattel maintains that a declaratory judgment is necessary here to "clarify and settle aspects of the legal relations between the parties" as to the ownership of the drawings and sculpts, because "[b]oth MGA and Bryant … have repeatedly disputed Mattel's rights … even though Mattel owns those works" citing, incredibly, the MGA Parties' and Bryant's complaints in this action and Bryant's testimony at trial – not any ongoing threat posed by MGA. (Mattel Mot. at 4-5, n.9.) Heedless of the significance of it to the relief sought here, Mattel points out that the jury found that the drawings and the sculpts were conceived while Bryant was at Mattel, resulting in this Court's Phase 1b instruction that "[a]s a matter of law, Mattel is the owner, by assignment" of those items. (Id. at 3.) But Mattel cannot point to any disputation of these issues by the MGA Parties in light of the jury verdict – because there is none. Mattel cannot show how a declaratory judgment would serve any purpose, let alone a useful one, nor that any further uncertainty exists here, and therefore a declaration of the ownership of the sculpts and the drawings already determined by the jury should be rejected as unnecessary.

Moreover, Mattel's request for a declaration that MGA's copyright registrations in five of the BRATZ drawings be subject to a constructive trust and transferred to Mattel is unwarranted. Mattel does not point to a single case where a constructive trust was imposed on copyright registrations. See Mattel Mot. at 7-8 (citing Burlesci v. Petersen, 68 Cal. App.

---

[1] See Mattel Mot. at 5-6 (citing Classic Media, Inc. v. Mewborn, 532 F.3d 978 (9th Cir. 2008) (addressing declaratory relief claims on summary judgment); Thayer v. Nydigger, 1999 WL 372552, at *10 (D. Or. Apr. 15, 1999) (same); Price v. Fox Entm't Group, Inc., 473 F. Supp. 2d 446, 460 (S.D.N.Y. 2007) (same); Cauderlier & Assocs., Inc. v. Zambrana, 527 F. Supp. 2d 142, 155 (D.D.C. 2007) (same); Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co., 873 F.2d 229, 231, 232 (9th Cir. 1989) (same, trying to prevent "prolonged and costly trial"); Clark v. Hudson Bay Music, Inc., 1995 WL 600570, at *9 (S.D.N.Y. Oct. 12, 1995) (after bench trial, granting plaintiff's declaratory relief motion).)

4th 1062, 1069 (1998) (plaintiff sought to put constructive trust on her own home); <u>Martin v. Kehl</u>, 145 Cal. App. 3d 228, 237 (1983) (one-half interest in residential real property); <u>Weiss v. Marcus</u>, 51 Cal. App. 3d 590, 600 (1975) ($6750 in unpaid legal fees)).  Indeed, as cited above, courts asked to impose constructive trusts as to ownership of a copyright have rejected such gambits as preempted by federal law.  (<u>See</u> Section I, <u>supra</u> (collecting authorities).)   Mattel has not offered any reason why this Court should ignore that precedent and engage in a needless act that impinges on the jury's two verdicts.

Moreover, Mattel's alternative request that this Court declare MGA's registrations invalid because MGA is not "the true owner of the drawings" (Mattel Mot. at 8), relying on a lone District of Kansas case, <u>Fred Riley Home Building Corp. v. Cosgrove</u>, 883 F. Supp. 1478 (D. Kan. 1995), is wholly contrary to the law of this Circuit.  Courts routinely refuse to invalidate or cancel copyright registrations because they lack jurisdiction to do so; such actions are entirely the province of the Copyright Office.  <u>See</u> <u>Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.</u>, 307 F.3d 775, 781-82 (9th Cir. 2002) (rejecting request for "declaration of registration invalidity" as "<u>indistinguishable from the remedy of copyright registration cancellation</u>" and referring suit to the Register of Copyrights for determination under primary jurisdiction doctrine, <u>citing</u> 37 C.F.R. § 201.7(a)-(b)); <u>Leegin Creative Leather Prods., Inc. v. M. M. Rogers & Co.</u>, 1994 WL 761725, at *2 (C.D. Cal. Oct. 24, 1994) (dismissing plaintiff's claim for relief for order cancelling defendant's copyrights "because <u>federal district courts are without jurisdiction to cancel copyright registrations duly issued by the United States Copyright Office</u>" and the Copyright Act "<u>does not provide for judicial cancellation of copyright registrations</u>, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy") (emphasis added); <u>accord</u> <u>Tiseo Architects, Inc. v. SSOE, Inc.</u>, 431 F. Supp. 2d 735, 740 (E.D. Mich. 2006) (noting that "the Court appears to lack jurisdiction to cancel Plaintiff's copyright registration, which would be required were the Court to rule as Defendant suggests," <u>citing</u> 17 U.S.C. §§ 701, 702 and 37 C.F.R. §§ 201, <u>et seq.</u>, because the governing statutes and regulations "do not contemplate judicial cancellation of copyright registration").

The analysis in <u>Xerox Corp. v. Apple Computer, Inc.</u>, 734 F. Supp. 1542, 1547-48 (N.D. Cal. 1990) is particularly illuminating. There, the plaintiff sought a competitor's copyrights "declared invalid and ordered stricken" in conjunction with a declaratory relief claim. <u>Id.</u> The district court refused to do so, noting that:

> <u>A number of considerations militate against the conclusion that Congress intended courts to be in the business of cancelling copyrights</u>. Viewing the Copyright Act as a whole, it is apparent that Congress intended that aggrieved copyright holders find their remedies exclusively in [17 USC] §§ 501-510…. The fact that a plaintiff's ideal relief is not specified in §§ 501 <u>et seq.</u> <u>does not give the courts license to grant such relief simply upon application by the plaintiff. In copyright law, remedies not provided are remedies not intended</u>.

<u>Id.</u> at 1549 (emphasis added).[2]  The <u>Xerox</u> court concluded that because Section 701 of the Copyright Act specifies that "'all administrative functions and duties under this title . . . are the responsibility of the Register of Copyrights as director of the Copyright Office of the Library of Congress'" and that the Copyright Office promulgated regulations relating to the cancellation of copyrights, that "<u>[t]his court will not intrude at this juncture in matters under the jurisdiction of the Copyright Office</u>." <u>Id.</u> (emphasis added). Mattel's request for invalidation of the MGA copyright registrations must thus also be denied as a matter of law.

### B. **Mattel Is Not Entitled To Any Rights To The Name BRATZ**

As thoroughly discussed in the MGA Parties' Statement of Position Regarding Phase 1c Issues, Mattel cannot lay claim to the name "BRATZ" because, <u>inter alia</u>, the name "BRATZ" cannot be copyrighted and is governed by trademark law, and MGA, not Mattel, holds the trademark for "BRATZ." (<u>See</u> MGA Parties Statement of Position (Dkt 4308) at

---

[2] This reasoning is equally applicable to Mattel's request for a constructive trust, which is also not a remedy provided by the Copyright Act. <u>See</u> 17 U.S.C §§ 502-505 (describing available remedies in infringement actions).

14-16.) Mattel tries to lay claim to the name as an invention of Carter Bryant's governed by his Inventions Agreement (Mattel Mot. at 2-3) but this position ignores that neither Bryant nor Mattel (by assignment) have any intellectual property rights under trademark or copyright law as the "inventor" of a single word. (See MGA Parties Statement of Position at 14-15 (citing, inter alia, CMM Cable Rep, Inc. v. Ocean Coast Props., Inc., 97 F.3d 1504, 1519-20 (1st Cir. 1996) ("It is axiomatic that copyright law denies protection to fragmentary words and phrases and to forms of expression dictated solely a[s] functional considerations on the grounds that these materials do not exhibit the minimal level of creativity necessary to warrant copyright protection."); 37 C.F.R. § 202.1 ("words and short phrases such as names, titles and slogans" are not subject to copyright protection); Conversive, Inc. v. Conversagent, Inc., 433 F. Supp. 2d 1079, 1089 (C.D. Cal. 2006) ("It is axiomatic in trademark law that the standard test of ownership is priority of use. To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services.") (emphasis added)).) Even if Bryant "conceived" the name BRATZ while at Mattel as the jury found, that fact has no legal significance; Bryant simply had no rights in the name "BRATZ" to assign to Mattel under his agreement. Moreover, Mattel indisputably never used the name BRATZ, and MGA did (and has the trademarks to back it up). (MGA Parties' Statement of Position at 15-16.) Because Mattel has no claims to the name under either copyright or trademark law, Mattel is not entitled to declaratory relief on its claim to own the name "BRATZ."

### C. The Jury's Verdict Establishes That Mattel Cannot Claim Any Ownership Of The BRATZ Characters

The Ninth Circuit has made it clear that "the court may, after a full consideration of the merits, exercise its discretion to refuse to grant declaratory relief because the state of the record is inadequate to support the extent of relief sought." United States v. State of Wash., 759 F.2d at 1356. Here, there is no evidence in the record that Mattel is entitled to own the four characters, indeed, an examination of the verdict shows the opposite is true. As Mattel

1  points out in its motion, "in a case where legal claims are tried by a jury and equitable
2  claims are tried by a judge, and the claims are based on the same facts, in deciding the
3  equitable claims the Seventh Amendment requires the trial judge to follow the jury's
4  implicit or explicit factual determinations."  (Mattel Mot. at 6, quoting Los Angeles Police
5  Protective League v. Gates, 995 F.2d 1469, 1473 (9th Cir. 1993).)  Here, there is little doubt
6  what the jury intended.

7         Mattel rightly states that the Phase 1a verdict found that "Bryant conceived the
8  BRATZ characters while employed by Mattel" (Mattel Mot. at 3, citing Naim Decl. Ex. 4 at
9  5).  But in Phase 1b, over MGA's protest, the jury heard Jury Instruction 28, which stated
10 that "[c]opyright law protects distinctive characters.  Defendants' works infringe Mattel's
11 copyrights if they copy recognizable and distinctive traits, attributes, and elements of the
12 personalities of the characters portrayed in Carter Bryant's works."  (Phase 1b Jury
13 Instructions As Given (Dkt 4267), at No. 28.)  For reasons known only to Mattel, Mattel did
14 not seek further clarification of the relationship between the characters Mattel owns to the
15 MGA BRATZ products with a question on the verdict form reflecting this instruction.  This
16 is an oversight Mattel now seeks to exploit.  For despite that instruction, as addressed at
17 length in the MGA Parties' Opposition to Mattel's Motion for Permanent Injunction, the
18 jury only awarded $10 million or less in copyright infringement damages, a microscopic
19 percentage of Mattel's demand of more than $2.1 billion, and less than half of the $25
20 million in BRATZ sales MGA made in 2001, the first year the dolls were sold.  (MGA PI
21 Opp'n at 21-22, see also Tr. 7698:5-10.)  The *de minimus* damages awarded by the jury
22 clearly demonstrate that any "recognizable and distinctive traits, attributes, and elements of
23 the personalities of the characters portrayed in" the drawings that Mattel owns <u>were not
24 copied in the BRATZ characters sold by MGA</u>, and Mattel has virtually no protectable
25 interest in any of the existing BRATZ characters (or at the very least, the value of Mattel's
26 interest in the characters is minimal).  Confronted with the jury's implicit (but clear)
27 rejection of their ownership of the BRATZ characters, Mattel looks to its declaratory relief
28 claim and this Court as a last chance to expand Mattel's rights into something more

(financially) meaningful.  However, such an expansion flies in the face of the jury's findings and is therefore impermissible as violative of the Seventh Amendment.

This Court's recent reasoning in dismissing, <u>inter alia</u>, a plaintiff's declaratory relief claim on res judicata grounds because he had already litigated his action and received an unfavorable result, is equally applicable here despite the slightly different procedural context:  "Contrary to his allegations, [plaintiff] has had his day in court on the matters raised in the present complaint and the state court ruled against him.  <u>The fact that the previous state court decision … did not fulfill [plaintiff]'s wishes does not allow him to bring this action again.</u>"  <u>Bartlett v. Wells</u>, 2008 WL 4390151, at *4 (C.D. Cal. Aug. 29, 2008) (Larson, J.) (emphasis added).  Similarly, Mattel cannot use its remaining declaratory relief claim as an end run around the fact that the jury considered and implicitly rejected Mattel's claim to ownership to the characters in its copyright infringement verdict.  Thus, Mattel's claim for declaratory relief must be denied.

## **CONCLUSION**

For the foregoing reasons, Mattel's declaratory relief claim must fail.

DATED:  October 13, 2008     SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:  _____/s/ Thomas J. Nolan_____
Thomas J. Nolan
Attorneys for the MGA Parties