1   THOMAS J. NOLAN (Bar No. 66992)
    (tnolan@skadden.com)
2   JASON D. RUSSELL (Bar No. 169219)
    (jrussell@skadden.com)
3   LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
    (laguiar@skadden.com)
4   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    300 South Grand Avenue, Suite 3400
5   Los Angeles, CA  90071-3144
    Tel.: (213) 687-5000 / Fax: (213) 687-5600
6
    RAOUL D. KENNEDY (Bar No. 40892)
7   (rkennedy@skadden.com)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
8   4 Embarcadero Center, 38th Floor
    San Francisco, CA  94111-5974
9   Tel.: (415) 984-6400 / Fax: (415) 984-2698

10  Attorneys for The MGA Parties

11

12                  UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14

15  CARTER BRYANT, an individual,        )  CASE NO. CV 04-9049 SGL (RNBx)
                                         )
16                    Plaintiff,         )  Consolidated with Case No. 04-9059 and
                                         )  Case No. 05-2727
17         v.                            )
                                         )  MGA'S NOTICE OF MOTION AND
18  MATTEL, INC., a Delaware             )  MOTION TO STRIKE THE
    corporation,                         )  DECLARATIONS OF B. DYLAN
19                                       )  PROCTOR, FRANK KEISER AND
                      Defendant.         )  KENNETH HOLLANDER
20  _____ )
                                         )  MEMORANDUM OF POINTS AND
21  AND CONSOLIDATED ACTIONS.            )  AUTHORITIES IN SUPPORT
                                         )  THEREOF; AND
22  _____ )
                                            **FILED UNDER SEPARATE**
23                                          **COVER:**
                                            DECLARATION OF LAUREN E.
24                                          AGUIAR

25                                          [PROPOSED] ORDER

26                                          Hearing Date:    November 10, 2008
                                            Time:            1:00 PM
27

28
    _____
         MGA's Motion to Strike The Declarations of Proctor, Keiser, and Hollander
                        Case No. CV 04-9049 SGL (RNBx)

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2         PLEASE TAKE NOTICE that, counter-defendants MGA Entertainment,
3  Inc., MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and
4  Isaac Larian (collectively, the "MGA Parties"), move to strike the declarations and
5  accompanying exhibits of B. Dylan Proctor, Kenneth Hollander and Frank Keiser,
6  which were filed in support of Mattel's Motion For a Permanent Injunction, on the
7  following grounds:

8         First, all three declarations contain evidence related to the issue of whether the
9  Bratz dolls are substantially similar to the Bryant drawings. Mattel's time to present
10  this evidence was at trial and Mattel had a full and fair opportunity to do so. Mattel
11  chose not to present this evidence at trial to the jury, which decided the issue of
12  substantial similarity when it rendered its verdict on copyright infringement. Mattel
13  has not offered any reason why the Court should consider new evidence or why the
14  Court should reconsider the jury's decision, particularly given MGA's Seventh
15  Amendment right to have the jury decide the issue of substantial similarity.

16         Second, Mr. Proctor's Declaration should be stricken on the following
17  additional grounds. Mattel hired an expert, Lee Loetz, to opine on the issues set forth
18  in Mr. Proctor's Declaration. Mattel not only chose not to call Mr. Loetz at trial, it
19  affirmatively blocked MGA's attempt to call Mr. Loetz. Mattel chose not to put Mr.
20  Loetz before the jury and it should not be able to submit that evidence now, through
21  the Declaration of one of its counsel, who does not purport to have any expertise in
22  any potentially relevant field. Additionally, Mr. Proctor's Declaration improperly
23  contains argument in violation of Local Rule 7-7.

24         Third, Mr. Keiser's Declaration amounts to a late expert report. Moreover, it
25  includes images similar to exhibits that were proposed by Mattel, but never admitted
26  into evidence at trial. MGA objected to the trial exhibits Mattel belatedly produced
27  to use with Mr. Keiser and the same objections apply here. Like the exhibits that

28

1 | Mattel chose not to present at trial, the images attached to Keiser's Declaration are
2 | outside the scope of Mr. Keiser's expertise and outside the scope of his report.

3 |     Fourth, Mr. Hollander's Declaration should be stricken because it is an
4 | improper attempt to put Mr. Hollander's expert report into evidence. The Court
5 | granted MGA's motion *in limine* to exclude Mr. Hollander from testifying in
6 | Mattel's case-in-chief and Mattel chose not to call him in rebuttal. Mattel should not
7 | be allowed to introduce this evidence after-the-fact.

8 |     This motion is based upon this Notice of Motion and accompanying
9 | Memorandum of Points and Authorities, the Declaration of Lauren E. Aguiar filed
10 | concurrently under separate cover, the records and files of this court, and any other
11 | matter of which the court may take judicial notice. This motion is made following
12 | the conference of counsel pursuant to L.R. 7-3 which took place on October 9, 2008.

13 |

14 | DATED: October 13, 2008       SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                                LLP

15 |

16 |

          By:        /s/ Thomas J. Nolan
17 |                     Thomas J. Nolan
18 |               Attorneys for the MGA Parties

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1

# TABLE OF CONTENTS

2

**Page**

3

4   I.   PRELIMINARY STATEMENT .................................................................. 1

5   II.   MATTEL'S TIME TO PRESENT THIS EVIDENCE WAS AT TRIAL ..... 1

6   III.   THE PROCTOR DECLARATION SHOULD BE STRICKEN.................... 3

7      A.   Mattel Could Have Used, But Did Not Use, Its Expert Lee Loetz
8          To Make These Comparisons ............................................................... 4

9   IV.   THE KEISER DECLARATION SHOULD BE STRICKEN ......................... 8

10      A.   The Court Should Reject Mattel's Attempt to Belatedly Submit
         An Expert Report from Mr. Keiser........................................................ 8

11      B.   Mattel Chose Not to Have Mr. Keiser Testify at Trial, And
12          Should Not be Permitted to Offer His Evidence After the Verdict...... 9

13      C.   The Exhibits Attached to Mr. Keiser's Declaration Are
         Essentially The Same Exhibits To Which MGA Lodged An
14          Objection At Trial.................................................................................. 9

15      D.   The Comparisons Are Outside The Scope of Mr. Keiser's
         Expertise And Outside the Scope of His Expert Report .................... 11

16   V.   THE HOLLANDER DECLARATION SHOULD BE STRICKEN............ 12

17      A.   Mr. Hollander's Report is Subject to a Pending Motion in Limine.... 12

18      B.   Mr. Hollander Did Not Testify At Trial and Mattel Should Not
19          Be Permitted to Submit New Evidence ............................................... 13

     C.   The Issue Addressed by Mr. Hollander Was Within the Province
20          of the Jury ........................................................................................... 13

21      D.   Mr. Hollander's Expert Report is Not Proper Evidence..................... 14

22   VI.   CONCLUSION........................................................................................... 15

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

Page

3

## Cases

4

Danjaq LLC v. Sony Corp.,
263 F.3d 942 (9th Cir. 2001).................................................................. 3

5

Dothard v. Rawlinson,
433 U.S. 321 (1977) ........................................................................... 1

6

7

Feltner v. Columbia Pictures Tv,
523 U.S. 340 (U.S. 1998)....................................................................... 3

8

Floyd v. Laws,
929 F.2d 1390 (9th Cir. 1991)................................................................. 3

9

10

Funky Films, Inc. v. Time Warner Entm't Co. L.P.,
462 F.3d 1072 (9th Cir. 2006)............................................................... 14

11

Level 3 Communs., LLC. v. City of St. Louis,
2007 U.S. Dist. LEXIS 71078, (E.D. Mo. Sept. 25, 2007 .......................... 2

12

13

Los Angeles Police Protective League v. Gates,
995 F.2d 1469 (9th Cir. 1993)................................................................. 3

14

Lott v. Westinghouse Savannah River Co.,
200 F.R.D. 539 (D.S.C. 2000)................................................................. 4

15

16

Miller v. Fairchild Indus., Inc.,
885 F.2d 498 (9th Cir. 1989)................................................................. 3

17

Page v. Children's Council,
2006 U.S. Dist. LEXIS 68269, (N.D. Cal. Sept. 11, 2006) ........................ 7

18

19

Rideout v. Nguyen,
2008 U.S. Dist. LEXIS 62596 (W.D. Ky. Aug. 15, 2008) ........................ 14

20

Spivey v. United States,
912 F.2d 80 (4th Cir. 1990).................................................................... 4

21

22

Syntex (U.S.A.) LLC v. Apotex, Inc.,
2005 U.S. Dist. LEXIS 46199 (N.D. Cal. Oct. 26, 2005)................... 1, 9, 13

23

Thomas v. Walt Disney Co.,
2008 U.S. Dist. LEXIS 14643 (N.D. Cal. Feb. 14, 2008) ........................ 14

24

25

U.S. Philips Corp. v. KXD Tech., Inc.,
2007 U.S. Dist. LEXIS 96605, (C.D. Cal. July 27, 2007)........................... 7

26

United States v. Virginia, 88 F.R.D. 656 (E.D. Va. 1980) ...................... 1, 2

27

United States v. Visinaiz, 428 F.3d 1300 (10th Cir. 2005)....................... 14

28

1 **Rules**

2 Central District of California Local Rule 7-7 ............................................................. 7

3 Federal Rule of Evidence 602 ...................................................................................... 5

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **I.     PRELIMINARY STATEMENT**

2       In support of its motion for permanent injunction, Mattel submitted
3  declarations of B. Dylan Proctor, Frank Keiser and Kenneth Hollander.  All three of
4  these declarations attempt to put before the Court evidence related to the issue of
5  whether later generation Bratz dolls are substantially similar to the Carter Bryant
6  drawings – evidence that was not presented to the jury during the course of the Phase
7  1 trial.  It is MGA's right to have the jury decide the issue of substantial similarity –
8  which it did on August 26, 2008.  Mattel does not (because it cannot) suggest that it
9  was denied a full and fair opportunity to present at trial all of its evidence on
10 substantial similarity.  And Mattel also fails to provide any reason, much less a valid
11 justification, for belatedly introducing new evidence related to substantial similarity
12 in the post-trial stage.  Nevertheless, Mattel is hoping for a re-do on this central issue.

13 **II.    MATTEL'S TIME TO PRESENT THIS EVIDENCE WAS AT TRIAL**

14      "[T]he time to present evidence . . . is at trial." United States v. Virginia, 88
15 F.R.D. 656, 664 (E.D. Va. 1980) (citing Dothard v. Rawlinson, 433 U.S. 321 (1977));
16 see also id. at 664 ("[P]arties, absent error on the part of the Court [in the
17 introduction of evidence], have but one opportunity to present evidence supporting
18 their respective positions.").

19      In Syntex (U.S.A.) LLC v. Apotex, Inc., 2005 U.S. Dist. LEXIS 46199 (N.D.
20 Cal. Oct. 26, 2005) (rev'd on other grounds 164 F. App'x. 977 (Fed. Cir. 2005), the
21 court rejected the plaintiffs' attempt to offer additional post-trial evidence because
22 the plaintiffs had a "full and fair opportunity" to present all of their evidence at trial,
23 the newly-offered evidence was available at the time of trial, and the failure to
24 introduce the evidence at trial was a tactical decision.  As the court explained, any
25 limitation on presentation of this evidence "was the result of Plaintiffs' decisions as
26 to how to allocate their time among the disputed issues and the depth of testimony to
27 elicit from their witnesses." Id. at *11-12.  The plaintiffs' belief that the additional

28

1  evidence "may bolster their position . . . is insufficient to justify opening the

2  evidentiary record." Id. at *12.

3      Here, Mattel indisputably had a "full and fair opportunity" to present to the

4  jury the evidence it now proffers in the Proctor, Keiser, and Hollander declarations.

5  Mattel had the Bryant drawings and dozens of later generation Bratz dolls well

6  before trial. Additionally, the question of whether the Bryant drawings and the Bratz

7  dolls are "substantially similar" was the subject of extensive pre-trial discovery, from

8  percipient fact witnesses and various experts including Lee Loetz, Frank Keiser,

9  Kenneth Hollander, Glenn Vilppu, and Robert Tonner. Mattel knew full well that

10  "substantial similarity" was a key issue for the Phase 1 trial. Therefore, Mattel's

11  failure to introduce this evidence at trial was the result of either a tactical decision or

12  neglect and "[i]t is well established that a party who fails to introduce at trial all

13  evidence necessary to obtain judgment has generally made a fatal error." Level 3

14  Communs., LLC. v. City of St. Louis, 2007 U.S. Dist. LEXIS 71078, at *11 (E.D.

15  Mo. Sept. 25, 2007) (citing cases) (aff'd, 540 F.3d 794 (8th Cir. 2008)); Virginia, 88

16  F.R.D. at 662-63 (same). Mattel is now bound by its decision not to present such

17  evidence at trial. To reopen the evidentiary record to allow this evidence to be

18  considered would not only be improper, it also would be highly prejudicial to MGA.

19  Had MGA imagined that the issue of substantial similarity might be taken away from

20  the jury and instead decided anew, post verdict, by the Court, MGA may have used

21  its own trial time differently. Additionally, allowing Mattel to back-fill the record

22  with new evidence in this manner denies MGA the opportunity to cross-examine the

23  witnesses who offer this new evidence.

24      Moreover, to the extent this evidence is offered on the issue of copyright

25  infringement, MGA has a Seventh Amendment right to have that issue decided by

26  the jury. The Seventh Amendment requires the Court "to follow the jury's implicit

27  or explicit factual findings" on legal claims.

28

1    The jury's findings are controlling here. "[I]t would be a
2    violation of the seventh amendment right to jury trial for
     the court to disregard a jury's finding of fact. Thus, in a
3    case where legal claims are tried by a jury and equitable
     claims are tried by a judge, and the claims are based on the
4    same facts, in deciding the equitable claims the Seventh
     Amendment requires the trial judge to follow the jury's
5    implicit or explicit factual determinations." Los Angeles
     Police Protective League v. Gates, 995 F.2d 1469, 1473
6    (9th Cir. 1993) (quotations omitted); see also Floyd v.
     Laws, 929 F.2d 1390, 1397 (9th Cir. 1991); Miller v.
7    Fairchild Indus., Inc., 885 F.2d 498, 507 (9th Cir. 1989).

8    See Mattel Motion for Decl. Judg. Of Ownership of Bratz Works (Docket No.
9    4303) at 6-7.

10   Mattel's copyright infringement claims are classic "legal claims" on which the

11   jury's "implicit and explicit" findings bind the Court. See, e.g., Danjaq LLC v. Sony

12   Corp., 263 F.3d 942, 962 (9th Cir. 2001) ("McClory has a constitutional right to a

13   jury trial on his copyright infringement claims . . . .") (citing Feltner v. Columbia

14   Pictures Tv, 523 U.S. 340, 355 (U.S. 1998); 3 Nimmer § 12.10[A], at 12-145 (May

15   2000)).

16   If the Court is inclined to admit the Hollander and Keiser Declarations and

17   attached reports, then MGA wishes to seek leave to submit its own expert reports,

18   including those of Glenn Vilppu and Peter Menell, in the event this post-trial phase is

19   going to involve an entirely new evidentiary record and transform into a battle of

20   experts who never testified at trial.

21   **III.   THE PROCTOR DECLARATION SHOULD BE STRICKEN**

22   One of the declarations submitted in support of Mattel's motion for permanent

23   injunction is from B. Dylan Proctor – an outside attorney representing Mattel in this

24   litigation. The Proctor Declaration is filled with comparisons of, and commentary

25   upon, (i) the Carter Bryant drawings and later generation Bratz dolls; and (ii) later

26

27

28

1  generation Bratz dolls to other dolls.[1]  Mattel offers no explanation as to why the

2  comparisons and arguments related to "similarities" made in Mr. Proctor's

3  Declaration were not introduced through fact or expert witnesses at trial.  Instead,

4  Mattel now attempts improperly to slip in this new "evidence" through one of its

5  outside counsel after the verdict has been rendered.  See e.g. Lott v. Westinghouse

6  Savannah River Co., 200 F.R.D. 539, 548-549 (D.S.C. 2000) ("Insofar as an affidavit

7  of counsel may attempt to introduce substantive evidence, 'it is elementary that

8  counsel may not participate both as an advocate and as a witness, absent special

9  circumstances.'") (quoting Spivey v. United States, 912 F.2d 80, 84 (4th Cir. 1990)).

10  There are no special circumstances here to justify the introduction of evidence by

11  Mattel's counsel, particularly when Mattel hired an expert (but discarded him at trial)

12  to address the issues that are the subject of Mr. Proctor's Declaration.

13  
### A.   Mattel Could Have Used, But Did Not Use, Its Expert Lee Loetz To Make These Comparisons
14  

15      On February 11, 2008, Mattel's expert, Lee Loetz, submitted a report that

16  made certain comparisons between the Bryant drawings and Bratz dolls.  Mr. Loetz

17  was deposed on March 26, 2008 regarding his opinions on the similarities between

18  the Bryant drawings and the first and later generation dolls.

19      Mr. Loetz was included on Mattel's July 18, 2008 list of trial witnesses

20  (Docket No. 4129) and Mattel represented to the Court that it planned to call Mr.

21  Loetz to testify on "issues of similarity."  (See Ex. 1 (July 18, 2008 Hearing Tr.) at

22  12:12-15.)[2]  On July 25, 2008, MGA served Mr. Loetz with a trial subpoena because

23  

24  [1]    It is worth noting that Mr. Proctor's Declaration does not include any
25  comparisons of the Bryant drawings to other allegedly infringing products, including
   MGA sub-brands (such as Bratz Petz, Bratz Boyz, Bratz Lil Angelz, etc) or to any
26  licensed products.

   [2]    All "Ex.      " references herein are to the Declaration of Lauren E. Aguiar
27  filed October 13, 2008.

28

1 MGA wanted the opportunity to cross-examine Mattel's expert on these alleged
2 similarities. (See Ex. 2 (Loetz Trial Subpoena and Proof of Service).) On August 3,
3 2008, Mattel notified MGA that Mattel had affirmatively decided not to call Mr.
4 Loetz to testify at trial. (See Ex. 3 (Email from Z. Krug to L. Aguiar).) Mattel was
5 apparently so concerned with keeping Mr. Loetz off the stand that it went so far as to
6 file a motion to quash MGA's trial subpoena of Mr. Loetz. (See Motion of Mattel,
7 Inc. To Quash MGA Trial Subpoena Issued To Expert Lee Loetz (Docket No. 4194).)

8     Exit, Mr. Loetz; enter, Mr. Proctor. With all due respect to Mr. Proctor, he
9 does not even purport to have experience or expertise in any potentially relevant field,
10 such as human anatomy, life figure drawing, sculpting, face painting, art, fashions or
11 doll manufacturing. Federal Rule of Evidence 602 states that "[a] witness may not
12 testify to a matter unless evidence is introduced sufficient to support a finding that
13 the witness has personal knowledge of the matter." Clearly, he has no basis for
14 making most of the statements that are included in his Declaration. While
15 Mr. Proctor's J.D. degree qualifies him to make legal arguments to this Court, surely
16 it does not qualify him to sponsor evidence regarding the "substantial similarity" of
17 drawings and fashion dolls.

18     For example, in paragraph 5, Mr. Proctor refers to an image comparing a
19 Bryant drawing with a later generation Bratz doll, and says "this view shows the
20 similarity of curves and proportions both vertically and horizontally, as well as the in
21 common angular waist, knock-knees, pigeon toes, and hands upturned at the wrists."
22 (Proctor Decl. (Docket No. 4307) at ¶5.) Instead of drawing upon the requisite
23 personal knowledge that would be necessary to make this comparison, Mr. Proctor
24 unabashedly cribs it directly from the report of Mattel's long-lost expert, Mr. Loetz,
25 and adopts these "opinions" as his own. (See Ex. 4 (Loetz Report) at 4 ("The Bratz
26 characters have an angular waist pose with knock knees, pigeon toes, and hands
27 upturned at the wrist."))

28

1  The following demonstrates another such example[3]:



**PROCTOR ¶ 9**          **LOETZ EX. 37**

"This view is a straight on view showing the similarity of proportions and anatomical landmarks, including crown, chin, shoulders, chest, waist, crotch, knees, and ankles. The comparison also shows the similarity of horizontal landmarks like the elbows and wrists." Proctor ¶ 9

"This comparison shows the major anatomical landmarks line up on a horizontal plane. As between the drawing and the doll, the chins, shoulders, chests, waists, crotch, knees, and ankles line up on a horizontal plane. In addition, this side-by-side comparison #37 shows that on the arms, the elbows and wrists between of the drawing and doll line up."  Loetz p. 3

In fact, Mr. Proctor's Declaration goes even further than Mr. Loetz felt comfortable doing as an expert.  In paragraphs 34, 39, 44, 49, and 54, Mr. Proctor lines up later generation Bratz doll faces "for comparison," even though Mr. Loetz testified that he was not able to make comparisons of later generation Bratz dolls to the Bryant drawings when shown a similar line up of faces at his deposition.  (See MGA Parties' Notice of Motion and Motion *in limine* No. 12 to Strike Portion of the Expert Report of Lee Loetz (Docket No. 3138) at 2-6.)

---

[3]     See Proctor Decl. (Docket No. 4307) at ¶ 9) and Ex. 4 (Loetz Report) at 3 & Loetz Ex. 37.

1   Mr. Proctor also attempts to sponsor and interpret the two-dimensional
2  scanned images included with Mr. Keiser's Declaration (which, for different reasons,
3  should be stricken as well). In Paragraph 18, Mr. Proctor apparently displays a
4  newly-found knowledge of anatomy, and delves into great detail about facial features,
5  stating: "these renderings allow comparison of the shape of the head, the placement
6  of the eyes, nose, lips and ears, the contour of the forehead leading down to the eyes,
7  the contour of the cheeks coming up to the eyes, and the orientation or positioning of
8  the eyes. They also demonstrate the relationship between the various facial
9  features." (Proctor Decl. (Docket No. 4307) at ¶ 18.)

10   Mr. Proctor's Declaration is also improper on the grounds that he argues the
11  new comparisons illustrate various "similarities" between the dolls and the drawings.
12  (See Proctor Decl. (Docket No. 4307) at ¶¶ 5, 9, 11, 18, 22, 24, 27, 29, 56, 57, 59, 62,
13  64, 67, 68, 71, 73, 75, 78, 80, 82, 83, 84, 85, 86, and 88.) MGA could equally argue
14  that the features Mr. Proctor compares are not similar. Mr. Proctor's attempt to use
15  his Declaration to make arguments Mattel failed to make at trial is a violation of
16  Central District of California Local Rule 7-7, which states that "[d]eclarations shall
17  contain **only** factual, evidentiary matter and shall conform as far as possible to the
18  requirements of Federal Rule of Civil Procedure 56(e)." (emphasis added). On this
19  additional basis, the arguments in Mr. Proctor's Declaration should be stricken. See
20  U.S. Philips Corp. v. KXD Tech., Inc., 2007 U.S. Dist. LEXIS 96605, at *4-5 (C.D.
21  Cal. July 27, 2007) (attorney declaration containing "argument and hyperbole"
22  violated Local Rule 7-7); Page v. Children's Council, 2006 U.S. Dist. LEXIS 68269,
23  at *14-15 (N.D. Cal. Sept. 11, 2006) (striking paragraphs of attorney's declaration on
24  the ground that it contains arguments in violation of similar N.D. Cal. Local Rule 7-
25  5(b)).

26   Of course, in the twenty pages of his Declaration, Mr. Proctor does not point
27  out a single difference between the images he pairs together and selectively places

28

1  before the Court.  In the words of this Court, that type of testimony might even make
2  Mr. Proctor eligible to be labeled a "mix master".  (See Ex. 5 (Trial Tr.) at 4051:20-
3  4052:4.)

4      Having decided not to call Mr. Loetz, and then affirmatively blocking MGA's
5  efforts to cross-examine Mr. Loetz at trial, Mattel should not be permitted at this
6  stage -- in an improper declaration by one of its outside attorneys, no less -- to
7  submit evidence and arguments regarding "substantial similarity" comparisons that
8  could have been, but were not, made by a fact or expert witness at trial.

9  **IV.    THE KEISER DECLARATION SHOULD BE STRICKEN**

10             **A.    The Court Should Reject Mattel's Attempt to
11                     Belatedly Submit An Expert Report from Mr. Keiser**

12      Mattel offers the Declaration of Frank Keiser in order to place before the
13  Court information regarding certain three-dimensional scans and two-dimensional
14  renderings of those scans.  (See Declaration of Frank Keiser in Support of Mattel's
15  Motion for Preliminary Injunction (Docket No. 4306) Ex. B.)  What Mr. Keiser's
16  Declaration does not mention is that he created a series of scans for Mattel in early
17  2008 and submitted three expert reports in this litigation -- dated February 11, 2008,
18  April 3, 2008, and April 22, 2008.  Now, Mattel seeks to have the Court consider
19  new expert evidence from Mr. Keiser.

20      The time to submit expert reports on the issues that were tried to the jury in
21  Phase 1 expired 7 months ago -- on March 17, 2008.  All expert reports concerning
22  copyright issues already were exchanged, all motions *in limine* addressed to the
23  reports were filed, and rulings were made on the admissibility of such reports.  Now,
24  after all of the relevant evidence was offered by both parties at trial and the jury
25  decided copyright liability on the basis of that evidentiary record, the Court should
26  not countenance the submission of new expert evidence by Mattel related to the very
27  claims that were tried to, and decided by, the jury.

28

1  **B.**   **Mattel Chose Not to Have Mr. Keiser Testify at Trial, And**
2         **Should Not be Permitted to Offer His Evidence After the Verdict**

3      As mentioned above, Mr. Keiser was an expert put forward by Mattel during
4  discovery regarding three-dimensional scanning issues. Mr. Keiser submitted three
5  expert reports. Mattel included Mr. Keiser on its July 18, 2008 witness list (Docket
6  No. 4129), as well as subsequent witness notifications during the Phase 1B trial.
7  (See e.g. Ex 6 (August 1, 2008 email from M. Zeller to R. Herrington, L. Aguiar, and
8  L. McFarland).) In the end, Mattel chose not to call Mr. Kesier in its case-in-chief or
9  in its rebuttal case. The issue upon which Mr. Keiser would have testified at trial is
10  the same as the issue addressed in his Declaration. And that issue was decided by
11  the jury, which heard the evidence on the substantial similarity question and rendered
12  a verdict on the copyright claim. Therefore, Mattel should not be allowed to offer
13  testimony from Mr. Keiser in support of a post-trial substantial similarity analysis.
14  See Syntex (U.S.A.) 2005 U.S. Dist. LEXIS 46199, at * 11-12.

15  **C.**   **The Exhibits Attached to Mr. Keiser's Declaration Are Essentially**
16         **The Same Exhibits To Which MGA Lodged An Objection At Trial**

17      Not only should Mr. Keiser's Declaration be stricken because it improperly
18  attempts to introduce evidence that Mattel could have tried to introduce at trial (but
19  did not), but because the exhibits accompanying his Declaration are objectionable.
20  Despite numerous requests for the actual trial exhibits that Mattel planned to use
21  with Mr. Keiser, Mattel refused to produce such exhibits until July 21, 2008, after
22  the Court ordered Mattel to do so. (See Ex. 7 (July 21, 2008 Hearing Tr.) at 5320:5-
23  5321:12).

24      After reviewing the exhibits, MGA requested permission to make a motion to
25  preclude these exhibits from being introduced at trial. (See Ex. 5 (Trial Tr.) at
26  5674:13-16.) MGA informed Mattel that the grounds for the motion would be that
27  the exhibits were (1) outside the scope of Mr. Keiser's report, (2) beyond his

28

1   expertise, and (3) produced late.  (See Ex 8 (July 29, 2008 email from L. Aguiar to D.

2   Hutnyan).)  On August 6, 2008, Mattel asked the Court to table consideration of

3   MGA's motion to exclude Mr. Keiser's exhibits, because Mattel had decided not to

4   call Mr. Keiser as a trial witness.  (See Ex. 5 (Trial Tr.) at 6184:23-6185:9.)

5        Nevertheless, Mattel now seeks to have the Court consider renderings of

6   computerized scans, which purport to compare a 3-D scan of Trial Exhibit 1135 (an

7   early sculpt created by Margaret Leahy) to a later generation Bratz doll (Peyton,

8   Bratz World Twiins doll).  (See Keiser Decl. (Docket No. 4306) Ex. B.)  As

9   demonstrated below, the images attached to Mr. Keiser's Declaration are essentially

10  the same as the images that MGA previously objected to and Mattel chose not to use

11  at trial.[4]

12
          KEISER DECLARATION          KEISER TRIAL EXHIBITS[5]
13        1135 TO LATER GEN. BRATZ    1135 TO LATER GEN. BRATZ





24  _____

25  [4]     If the Court is considering whether to accept Mr. Keiser's Declaration in ruling
    on Mattel's motion, then MGA requests the opportunity to officially renew its motion
26  as to Mr. Keiser's exhibits.

27  [5] See Ex. 9 (Email from D. Hutnyan to L. Aguiar, R. Herrington, and D. Hill
    enclosing trial exhibits.)

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KEISER DECLARATION          KEISER TRIAL EXHIBITS[5]
1135 TO LATER GEN. BRATZ     1135 TO LATER GEN. BRATZ

          

**D.    The Comparisons Are Outside The Scope of Mr. Keiser's Expertise And Outside the Scope of His Expert Report**

As MGA would have argued during trial in its motion to preclude, the exhibits to Mr. Keiser's Declaration are outside of his expertise and outside the scope of his expert reports.

Mr. Keiser conceded in his deposition that his work on this case was limited to data acquisition. (See e.g. Ex. 10 (Keiser Dep.) at 51:3-4 ("All I do is data acquisition. That's my expertise and that's what I do."); see also id. at 57:17-23 ("I don't add things. All I do is reverse engineering. Basically I'm doing data acquisition. That's all I'm doing. And if -- if a customer wants to do that, yes, they do. And they'll do it but I don't. You know, I only do the data acquisition. This is what I'm -- my expertise is."))

Mr. Keiser specifically testified that he did not have expertise in "downstream processes," like manipulating data. (See id. at 49:14-50:1 and 68:25-69:2 ("I limit my work to reverse engineering and that's as far as I go. I don't do the downstream processes.") Moreover, Mr. Keiser testified that he only provides a file with data to his clients. For example, the raw data that he captures does not include any color. Clients can add color, shading, and light, but those attributes are external to the file that he provides, and he is not involved with that process. (See id. at 61:8-17.)

The exhibits attached to Mr. Keiser's Declaration also are misleading. In order to make the comparisons for his Declaration, Mr. Keiser apparently manipulated the scan of the sculpt (TX 1135). The scan was actually reduced in size (shrunken) to

1 make it look more like the later generation Bratz doll. (See e.g. Keiser Decl. (Docket
2 No. 4306) at ¶ 11.) In its un-manipulated state, the sculpt (TX 1135) is significantly
3 larger than the later generation Bratz doll. It is also evident from the exhibits that
4 color, light and shading were added to the data Mr. Keiser acquired. Since Mr.
5 Keiser is not an expert in the areas of data manipulation or the addition of color, the
6 exhibits attached to his declaration are outside the scope of Mr. Keiser's expertise.

7 The exhibits are also outside the scope of the three reports submitted by
8 Mr. Keiser in this case. In the report that he submitted on February 11, prior to his
9 deposition, he did not attach as exhibits any visual images or renderings. In none of
10 those reports does he include comparisons such as the ones attached to his post-trial
11 Declaration. Moreover, in the report dated February 11, he did not give any opinions
12 regarding 3-D computer renderings that resulted from the data that he collected. He
13 did not attach any renderings that did an image-to-image, piece-by-piece
14 manipulation to any of the three reports that he submitted in this case.

15 ## V. THE HOLLANDER DECLARATION SHOULD BE STRICKEN

16 ### A. Mr. Hollander's Report is Subject to a Pending Motion in Limine

17 On April 14, 2008, MGA filed a motion *in limine* to exclude Mr. Hollander's
18 expert report on numerous grounds, including (i) it does not address an issue relevant
19 to copyright infringement (ii) it does not constitute proper rebuttal testimony, and
20 (iii) it contained too many serious defects in methodology to be presented to the jury.
21 (See MGA Parties Motion *in limine* No. 8 To Strike Hollander, McComb, Van
22 Patten, and Mirzoeff (Docket No. 3134) at 5-10.) The Court did not decide the
23 substance of MGA's motion, given Mattel's last-minute decision to pull Mr.
24 Hollander from the witness line-up.

25 If the Court is inclined to consider Mr. Hollander's expert report in the context
26 of Mattel's motion for a permanent injunction, then MGA requests the opportunity
27 for a proper hearing on the pending motion *in limine*, as well as an opportunity to
28

1 cross-examine Mr. Hollander regarding MGA's numerous <u>Daubert</u> challenges to his
2 report and opinions.

3     **B.**    **Mr. Hollander Did Not Testify At Trial and Mattel**
4         **Should Not Be Permitted to Submit New Evidence**

5     Mr. Hollander's Declaration also should be stricken because Mattel chose not
6 to introduce evidence from him at trial. As discussed in more detail above, to permit
7 Mattel to do so now would be inequitable and against the weight of legal authority,
8 and would result in prejudice to MGA. <u>See</u> <u>Syntex (USA),</u> 2005 LEXIS 46199, at
9 *11-12.

10     Moreover, on July 21, 2008, the Court granted MGA's motion *in limine*
11 insofar as it excluded Mr. Hollander from testifying in Mattel's case-in-chief because
12 he was offered only as a rebuttal expert and the two MGA experts which Mr.
13 Hollander supposedly was rebutting did not testify in MGA's case-in-chief. <u>See</u> Ex.
14 5 (Trial Tr.) at 5232:20-22 ("My decision on number eight is to grant motion *in*
15 *limine* number eight, to exclude the testimony of Mr. Hollander.").) Mattel
16 identified Mr. Hollander as a witness for its rebuttal case, <u>Id.</u> at 7266:12-18 "We're
17 certainly hoping that we will save some time for a very short rebuttal case. We
18 would potentially put [up] … Mr. Hollander."). Then, Mattel opted <u>not</u> to call
19 Mr. Hollander as a witness at trial. Having made the tactical decision to abandon
20 Mr. Hollander's testimony at trial, Mattel should not be permitted to introduce
21 Mr. Hollander's evidence after-the-fact.

22     **C.**    **The Issue Addressed by Mr. Hollander Was Within the Province of**
23         **the Jury**

24     Mr. Hollander states in his Declaration that his survey was conducted "to
25 determine the extent to which, if any, girls ages 8-13 recognize certain Carter
26 Bryant's drawings as looking like Bratz." (Hollander Decl. (Docket No. 4306)
27 at ¶ 3.) The Court specifically instructed the jurors that this was an issue for them to
28

1    decide.  The Ninth Circuit has repeatedly emphasized that the "the intrinsic test,
2    which examines an ordinary person's subjective impressions of the similarities
3    between two works, is exclusively the province of the jury."  Funky Films, Inc. v.
4    Time Warner Entm't Co. L.P., 462 F.3d 1072, 1077 (9th Cir. 2006).  See also
5    Thomas v. Walt Disney Co., 2008 U.S. Dist. LEXIS 14643 (N.D. Cal. Feb. 14, 2008)
6    (same).  The Court acknowledged this in its summary judgment rulings and in the
7    jury instructions.  (See, e.g. Jury Instruct. No. 26 (Docket No. 4267) (the subjective
8    (i.e. intrinsic) inquiry is whether "girls between the ages of 7 and 12 … would
9    determine or recognize the defendants' products as reflecting the total concept and
10   feel" of Bryant's works).)

11       **D.    Mr. Hollander's Expert Report is Not Proper Evidence**

12          The sole reason for the submission of Mr. Hollander's Declaration is to put
13   before the Court a copy of the "Expert Rebuttal Report of Kenneth Hollander," dated
14   March 2008.  (See Declaration of Kenneth Hollander in Support of Mattel, Inc.'s
15   Motion for a Permanent Injunction (Docket No. 4306).)  This is an improper attempt
16   to back-door the admission of Mr. Hollander's expert report into evidence.  The case
17   law is clear that expert reports typically are not admitted into evidence, but rather are
18   prepared for purposes of putting one's adversary on notice of the subject matter of an
19   expert's opinions.  It is the testimony of the expert -- not the written report-- that is
20   offered into the evidentiary record.  See e.g. United States v. Visinaiz, 428 F.3d 1300,
21   1314 (10th Cir. 2005) (district court did not abuse its discretion in excluding the
22   expert report as hearsay because the author of the report, did not testify and
23   "admitting an expert report without that expert's testimony was highly confusing and
24   prejudicial since no cross examination could occur.");  Rideout v. Nguyen, 2008 U.S.
25   Dist. LEXIS 62596, at *4 (W.D. Ky. Aug. 15, 2008) ("The written report of expert
26   witnesses prepared in anticipation of trial are generally inadmissible because they are
27   considered hearsay.").

28

## VI.   CONCLUSION

For the foregoing reasons, the Court should grant MGA's Motion to Strike the Declarations of B. Dylan Proctor, Frank Keiser and Kenneth Hollander.

DATED:  October 13, 2008      SKADDEN, ARPS, SLATE,
                                              MEAGHER & FLOM LLP


                              By: _____/s/ Thomas J. Nolan_____
                                                    Thomas J. Nolan
                                              Attorneys for the MGA Parties