THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000 / Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>  Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>DECLARATION OF LAUREN E. AGUIAR IN SUPPORT OF MGA'S MOTION TO STRIKE THE DECLARATIONS OF B. DYLAN PROCTOR, FRANK KEISER AND KENNETH HOLLANDER<br><br>Hearing Date: November 10, 2008<br>Time: 1:00 PM |

I, Lauren E. Aguiar, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of New York and am a Partner at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for MGA Entertainment, Inc. ("MGA"), Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. in the above-captioned matter. I am admitted *pro hac vice* to appear in this matter. I submit this Declaration in Support of MGA's Motion to Strike the Declarations of B. Dylan Proctor, Frank Keiser and Kenneth Hollander. Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2. A true and correct copy of an excerpt from the July 18, 2008 Hearing Transcript are attached hereto as **Exhibit 1.**

3. A true and correct copy of the Lee Loetz Trial Subpoena and Proof of Service is attached hereto as **Exhibit 2.**

4. A true and correct copy of an email dated August 3, 2008 from Zachary Krug to Lauren Aguiar is attached hereto as **Exhibit 3**.

5. A true and correct copy of an excerpt of the Expert Report of Lee Loetz is attached hereto as **Exhibit 4.**

6. True and correct copies of excerpts of the Phase 1b trial transcripts are attached hereto as **Exhibit 5.**

7. A true and correct copy of an email from Michael Zeller to Robert Herrington, Lauren Aguiar, and Larry McFarland dated August 1, 2008 is attached hereto as **Exhibit 6**.

8. A true and correct copy of an excerpt from the July 21, 2008 Hearing Transcript is attached hereto as **Exhibit 7.**

9. A true and correct copy of an email from Lauren Aguiar to Diane Hutnyan dated July 29, 2008 is attached hereto as **Exhibit 8.**

**DECLARATION OF LAUREN E. AGUIAR IN SUPPORT OF MGA'S MOTION TO STRIKE THE DECLARATIONS OF B. DYLAN PROCTOR, FRANK KEISER AND KENNETH HOLLANDER**

10. True and correct copies of emails from Diane Hutnyan to Lauren Aguiar, Robert Herrington, and Donna Hill dated July 22, 2008 are attached hereto as **Exhibit 9**.

11. A true and correct copy of excerpts of the Frank Keiser deposition transcript taken April 11, 2008 is attached hereto as **Exhibit 10.**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 13th day of October 2008, in Los Angeles, California.



DECLARATION OF LAUREN E. AGUIAR IN SUPPORT OF MGA'S MOTION TO STRIKE THE DECLARATIONS OF B. DYLAN PROCTOR, FRANK KEISER AND KENNETH HOLLANDER

# Exhibit 1

Transcript of Proceedings (Larson) 7/18/2008 12:00:00 PM

```
1               UNITED STATES DISTRICT COURT
2               CENTRAL DISTRICT OF CALIFORNIA
3                          ---
4          HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING
5                          ---
6   MATTEL, INC.,            :
                             :
7         PLAINTIFF,         :
                             :
8       VS.              : NO. ED CV04-09049-SGL
                         : [CONSOLIDATED WITH
9   MGA ENTERTAINMENT, INC.,   : CV04-9059 & CV05-2727]
    ET AL.,              :
10                       :
          DEFENDANTS.    :
11
12
13
14
15         REPORTER'S TRANSCRIPT OF PROCEEDINGS
16              RIVERSIDE, CALIFORNIA
17              FRIDAY, JULY 18, 2008
18
19
20
21
22         MARK SCHWEITZER, CSR, RPR, CRR
           OFFICIAL COURT REPORTER
23         UNITED STATES DISTRICT COURT
           181-H ROYBAL FEDERAL BUILDING
24         255 EAST TEMPLE STREET
           LOS ANGELES, CALIFORNIA 90012
25         (213) 663-3494
```

Transcript of Proceedings (Larson) 7/18/2008 12:00:00 PM

1   need to be played now. We're obviously not going to repeat

2   what's already been played to the jury.

3       THE COURT: Very good. I just want to make sure

4   that I have those designated video depositions in the same

5   form that they were provided before.

6       MR. ZELLER: We will, your Honor.

7       THE COURT: All right. Lisa Tonnu.

8       MR. ZELLER: Lisa Tonnu is an MGA person. We would

9   expect to call her on subjects relating to MGA's finances and

10  Isaac Larian's finances potentially.

11      THE COURT: All right. And Lee Loetz?

12      MR. ZELLER: Loetz, L-O-E-T-Z, for the record. He

13  is a designer. Both parties have design experts who will

14  testify on issues of similarity, and there's certainly an

15  issue, I know.

16      THE COURT: MGA No. 12.

17      MR. ZELLER: Right. And we have a corresponding

18  motion for their design expert that they have put forth,

19  Mr. Vilppu.

20      THE COURT: So you are not planning to call

21  Professor Lind; is that correct?

22      MR. ZELLER: That is our intention, your Honor.

23  What we're assuming, of course, is that this list doesn't

24  have rebuttal --

25      THE COURT: I understand that. I'm more focusing

# Exhibit 2

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| CENTRAL | DISTRICT OF | CALIFORNIA |

| CARTER BRYANT, an individual, Plaintiff, | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| MATTEL, INC., a Delaware corporation, Defendant | Case Number:[1] CV 04-09049 SGL (RNBx) |
| AND CONSOLIDATED ACTIONS | Consolidated with Case Nos. CV 04-9059 and |
| TO: | CV 05-2727 |

LEE LOETZ, 290 East Verdugo Avenue, Unit 207, Burbank, California 91502

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court | Hon. Stephen G. Larson - Ctrm. 1 |
| Central District of California, Eastern Division | DATE AND TIME |
| 3470 Twelfth Street, Riverside, CA 92501 | August 5, 2008 - 9:00 AM |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be recorded by videotape and stenographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Atty for Counter Defendant MGA Ent. et al. | July 25, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Donna Hill, Skadden, Arps, Slate, Meagher & Flom LLP, 300 S. Grand Ave., Los Angeles, CA 90071-3144 (213) 687-5000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit 2,
P. 3

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit 2,
P. 4

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| ROBERT J. HERRINGTON, ESQ.<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>300 SOUTH GRAND AVENUE<br>SUITE 3400<br>LOS ANGELES, CA 90071<br>Telephone No: 213-687-5000    FAX No: 213-687-5600 | | | | |
| | | | Ref. No. or File No.: | |
| Attorney for: Defendant | | | | |
| Insert name of Court, and Judicial District and Branch Court: | | | | |
| United States District Court, Central District Of California | | | | |
| Plaintiff: CARTER BRYANT, ETC. | | | | |
| Defendant: MATTEL, INC., ETC. | | | | |
| **PROOF OF SERVICE SUBPOENA IN A CIVIL** | Hearing Date:<br>Tue, Aug. 05, 2008 | Time:<br>9:00AM | Dept/Div: | Case Number:<br>CV04-09049 SGL (RNBX) |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA IN A CIVIL CASE

3. a. Party served:    LEE LOETZ

4. Address where the party was served:    290 EAST VERDUGO AVENUE
   UNIT 207
   BURBANK, CA 91502

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Jul. 25, 2008 (2) at: 3:55PM
   b. I received this subpena for service on:    Friday, July 25, 2008

6. Witness fees were offered or demanded, and paid:    $105.00

7. Person Who Served Papers:                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. RAMON ROBLES                          d. The Fee for Service was:
                                            e. I am: (3) registered California process server
   **First Legal Support Services**              (i)  Independent Contractor
   ATTORNEY SERVICES                             (ii) Registration No.:    3756
   1511 BEVERLY BOULEVARD                        (iii) County:              Los Angeles
   Los Angeles, CA 90026
   (213) 250-1111, FAX (213) 250-1197

8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.
   Date: Tue, Jul. 29, 2008

   Judicial Council Form                    PROOF OF SERVICE                    (RAMON ROBLES)
   Rule 2.150.(a)&(b) Rev January 1, 2007   SUBPOENA IN A CIVIL                 4148454.skaar.149772

Exhibit 2,
P. 5

# Exhibit 3

Redacted

-----Original Message-----
From: Zachary Krug [mailto:zacharykrug@quinnemanuel.com]
Sent: Sunday, August 03, 2008 7:43 PM
To: Aguiar, Lauren E (NYC)
Subject: MGA v. Mattel

Dear Ms. Aguiar,

I write regarding MGA's subpoena of Lee Loetz. Mattel does not currently intend to call Mr. Loetz in its case in chief and will be moving to quash MGA's subpoena.

Please let us know when and if you would like to discuss this matter further.

Best regards,

Zachary Krug

Exhibit 3,
P. 6