# Exhibit 5

Exam; Eckert Dir/Cross/ReDir/ReCross; Gronich Dir/Cross/ReDir; Kamarck Dir; Leahy Dir) 7/2/2008 12:00:00 PM

```
 1              UNITED STATES DISTRICT COURT
 2              CENTRAL DISTRICT OF CALIFORNIA
 3                        ---
 4         HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING
 5                        ---
 6   MATTEL, INC.,         : PAGES 4022- 4201
                           :
 7        PLAINTIFF,       :
                           :
 8   VS.                   : NO. ED CV04-09049-SGL
                           : [CONSOLIDATED WITH
 9   MGA ENTERTAINMENT, INC., : CV04-9059 & CV05-2727]
     ET AL.,               :
10                         :
          DEFENDANTS.      :
11
12
13
14
15          REPORTER'S TRANSCRIPT OF PROCEEDINGS
16                 RIVERSIDE, CALIFORNIA
17                WEDNESDAY, JULY 2, 2008
18                  JURY TRIAL - DAY 19
19                   AFTERNOON SESSION
20
21
22           MARK SCHWEITZER, CSR, RPR, CRR
                OFFICIAL COURT REPORTER
23             UNITED STATES DISTRICT COURT
               181-H ROYBAL FEDERAL BUILDING
24                 255 EAST TEMPLE STREET
               LOS ANGELES, CALIFORNIA 90012
25                    (213) 663-3494
```

Exam; Eckert Dir/Cross/ReDir/ReCross; Gronich Dir/Cross/ReDir; Kamarck Dir; Leahy Dir) 7/2/2008 12:00:00 PM

1   THE WITNESS: Again, Bratz. I mean, I understand

2   that he used a croqui, or what he calls a master sketch to

3   draw his drawing. So they are all about the same. So the

4   same things apply here. The feet are kind of turned in kind

5   of pigeon-toed. He has a knock-kneed sort of thing going on.

6   You can't see under the skirt, but the thighs should --

7   THE COURT: So you're saying these are similar.

8   MS. AGUIAR: No, I think he was saying the two

9   Bratz are similar.

10   THE COURT: That's not what I'm asking. Compare

11   these two before you. Are they similar or dissimilar?

12   THE WITNESS: Dissimilar. Her feet are apart, and

13   they are facing forward. They are not turned in. The knees

14   are apart. The arms are in different positions. And the

15   proportion is different. She's also squatting.

16   THE COURT: Wait a second. In the Paris Blues ad,

17   the person was sitting and not standing.

18   THE WITNESS: Well, yes. But we're not

19   comparing --

20   THE COURT: Counsel, I'm starting to get a sense

21   that this is extraordinarily anecdotal. I'm hearing this is

22   a mix master. You just said it's significant that her arms

23   are different, in different --

24   THE WITNESS: Yes, they are in different --

25   THE COURT: But in the Paris Blues ad, her arms are

Exam; Eckert Dir/Cross/ReDir/ReCross; Gronich Dir/Cross/ReDir; Kamarck Dir; Leahy Dir) 7/2/2008 12:00:00 PM

1   different.

2   THE WITNESS: Well, Paris Blues was for proportion.

3   This was for a pose.

4   THE COURT: This is a mix master.

5   MS. AGUIAR: What we're trying to address is

6   Mattel's argument that this is the same, that the poses are

7   the same in Toon Teens or that this is the same. And from an

8   artistic perspective, he's just trying to point out that

9   there are differences.

10  THE COURT: There are differences, and there are

11  similarities. I think that is clear to everybody in the

12  courtroom.

13  MS. AGUIAR: And both of Mattel's witnesses who

14  were fact witnesses, Ivy Ross and Lily Martinez, were not

15  presented as experts, but they design dolls. They are head

16  of the girls division and are artistic people. And they were

17  up on the stand talking about Toon Teens. And so you have

18  evidence in the record.

19  I appreciate why your Honor is starting to get the

20  sense well, you know, you look at everything, and you can see

21  similarities and differences. I don't -- but the problem is

22  that we've had testimony from Mattel witnesses in this case

23  about these precise issues. And so to say, all of a sudden

24  at this point in the trial, well, we can see similarities and

25  differences in everything --

Bench Conference (Larson) 7/21/2008 4:58:00 PM

1	I INTERRUPTED YOU, BUT I DO UNDERSTAND THE CONCERN.

2	MR. ROTH: JUST FROM A PURE MATH PERSPECTIVE, WE

3	WOULD ASSUME THAT ANY MONIES AWARDED AGAINST MR. LARIAN, BASED

4	UPON DISTRIBUTION PROFITS, WOULD THEN BE SUBTRACTED FROM THE

5	PROFITS THAT WERE AWARDED AGAINST MGA.

6	THE COURT: I UNDERSTAND THE ARGUMENT. I'M NOT GOING

7	TO RULE ON THAT RIGHT NOW, BUT THAT'S THE TYPE OF RULING THAT I

8	WOULD WANT TO BE IN A POSITION TO MAKE POST-TRIAL, DEPENDING ON

9	THE CIRCUMSTANCES. IT WOULD BE PREMATURE FOR THE COURT TO RULE

10	ON THAT RIGHT NOW, BUT I'M VERY MINDFUL OF THAT ISSUE, AND

11	THAT'S PRECISELY WHY I WOULD NOT HAVE A VERDICT FORM WHICH

12	WOULD SIMPLY ALLOW THE JURY TO FILL IN THE TOTAL AMOUNT OF

13	DAMAGES. WE NEED TO MAKE SURE THAT IT'S BROKEN DOWN. BUT I AM

14	MINDFUL OF THE CONCERN, AND I THINK THAT CONCERN CAN BE

15	ADDRESSED POST-TRIAL.

16	MR. ROTH: UNDERSTOOD, YOUR HONOR.

17	THE COURT: VERY WELL.

18	THE NEXT MOTION IS MGA NUMBER EIGHT, REGARDING

19	HOLLANDER.

20	MY DECISION ON NUMBER EIGHT IS TO GRANT MOTION

21	IN LIMINE NUMBER EIGHT, TO EXCLUDE THE TESTIMONY OF

22	MR. HOLLANDER. THIS IS SOMEWHAT TIED IN OR CONNECTED WITH THE

23	REPRESENTATION THAT I RECEIVED FROM MS. AGUIAR THE OTHER DAY

24	WITH RESPECT TO MATTEL'S MOTION NUMBER 11 RELATED TO MR. GRUCA,

25	THAT MGA IS WITHDRAWING THAT AND THEY'RE NOT PLANNING TO USE

Transcript of Proceedings - AM (Proceedings) 7/25/2008 10:21:00 AM

1  ORDER ON THE MOTION IN LIMINE.

2  MS. AGUIAR: BOTH SIDES HAVE EXCHANGED COMMENTS, AND

3  WE WILL GET THAT TO YOU.

4  THE COURT: I SENT THIS TO THE READY FOLDER FOR

5  DOCKETING YESTERDAY ABOUT THREE HOURS BEFORE THE HEARING, SO

6  WE'LL CHECK ON THAT RIGHT NOW.

7  MS. AGUIAR: I APPRECIATE THAT.

8  JUST ANOTHER MINOR ISSUE THAT I WAS GOING TO RAISE

9  TODAY -- AND THIS WILL NOT BE AN ISSUE FOR TODAY, BUT IT IS

10  SOMETHING FOR WHEN OR IF WE RESUME ON TUESDAY -- REGARDING SOME

11  EVIDENCE THAT WAS RECENTLY PRODUCED BY MATTEL FOR ONE OF THEIR

12  EXPERTS WHO WAS GOING TO HAVE TESTIFIED TODAY.

13  I JUST WANTED TO MENTION THAT, THAT I DO WANT TO MAKE

14  AN ORAL MOTION TO PRECLUDE CERTAIN DOCUMENTS THAT WERE JUST

15  RECENTLY PRODUCED BY MR. KEISER, AND I WOULD ASK PERMISSION TO

16  RAISE THAT WHEN WE COME BACK ON TUESDAY.

17  THE COURT: LET'S INCLUDE THAT AMONG THE THINGS FOR

18  TUESDAY MORNING.

19  WE'LL TAKE THIS UP IN CHAMBERS.

20  IS THERE ANYTHING ELSE?

21  MR. NOLAN: NO, YOUR HONOR.

22  THE COURT: VERY WELL.

23  WE'LL SET UP IN CHAMBERS. IT WILL TAKE A FEW MOMENTS

24  FOR THE COURT REPORTER.

25  MR. NOLAN: WE'LL DO THE JUROR FIRST?

nscript of Proceedings - PM (Yeung Direct/Cross/ReDir/ReCross/Frther Redir; Larian Direct) 8/6/2008 1:16:00 PM

1    THE COURT: The series of motions that I did

2    telephonically.

3    MS. AGUIAR: We did give our comments to the Quinn

4    firm about a week or so ago. We're just waiting to hear

5    back, I believe is the state of play.

6    MR. ZELLER: But I'll look into it, and we'll get

7    it resolved. We'll respond tonight.

8    THE COURT: Let's get those in tomorrow if we can.

9    There are a few outstanding motions which I plan to

10   take up tomorrow morning at 8:00. Do we have an opposition

11   at all? Are there any additional briefs on any of the

12   motions that were submitted, the three motions submitted by

13   MGA and the ex parte? I think I've ruled on most, except for

14   the motion for sanctions and the motion for clarification.

15   Is there anything further, any further briefing

16   that I should be expecting, or do I have everything that the

17   parties have submitted?

18   MR. ZELLER: The second motion you mentioned was

19   the reconsideration motion?

20   THE COURT: Reconsideration clarification.

21   MR. ZELLER: One that MGA brought.

22   THE COURT: Yes.

23   MR. ZELLER: I know that there is the motion

24   concerning our expert, and I believe it's an oral motion.

25   I'm not aware of anything in writing. But it's our expert,

nscript of Proceedings - PM (Yeung Direct/Cross/ReDir/ReCross/Frther Redir; Larian Direct) 8/6/2008 1:16:00 PM

1    Frank Keiser.

2        THE COURT: It was referenced earlier today by

3    Mr. Quinn, I believe.

4        MR. ZELLER: Right. And that was something that

5    MGA was raising. I believe it could probably be tabled for

6    the moment if only because we have decided we're not going to

7    call him in our case in chief. We reserve to call him in

8    rebuttal, but at least the issue could be tabled at the

9    moment.

10       If the Court's question was have we filed an

11   opposition to the clarification/reconsideration motion, the

12   answer is that we have. I know it was over at the court here

13   today, earlier today.

14       THE COURT: If you'd provide a courtesy copy to the

15   courtroom deputy.

16       MR. ZELLER: I believe we have.

17       THE COURT: Maybe it was submitted outside?

18       MR. ZELLER: I understand that it was provided to

19   Mr. Holmes earlier today.

20       THE COURT: Very well. So it should be sitting on

21   my desk, then. I'll take up those two motions at least to

22   the extent that I'm going to take them up. To a large

23   extent, as I already indicated, that clarification/

24   reconsideration motion is going to be largely decided in the

25   context of the jury instructions that Ms. Aguiar just

MGA v. Mattel-Trial Transcripts (FINAL)        Unsigned                    Page 6185

Exhibit 5,
P. 29

'M (Middleton Direct/Cross; Djiguerian Direct/Cross; Domingo Direct/Cross; Kilpin Direct) 8/13/2008 1:00:00 PM

1   what's going to lead to it. And Mr. Price had explained that

2   earlier. So --

3        THE COURT: I understand.

4        MR. ZELLER: I know obviously the Court wouldn't be

5   surprised.

6        THE COURT: It's on the record. And I hope we

7   don't go down that road. I've done everything I can to keep

8   the -- to respect the boundaries of Phase 1 and Phase 2. And

9   it's up to counsel.

10       MR. ZELLER: Thank you, your Honor.

11       The last point would I make, and this if it's an

12  administrative matter. We're certainly hoping that we will

13  save some time for a very short rebuttal case. We would

14  potentially put our damages expert back up as well as

15  Mr. Hollander. The Court had made a ruling about

16  Mr. Hollander for purposes of our case in chief. We think

17  that they have put at issue exactly what it is that that

18  survey goes to.

19       That's all I have.

20       MS. AGUIAR: Then we need to schedule a time for a

21  hearing on Mr. Hollander because we have a motion in limine.

22       THE COURT: We're not getting to it today. We are

23  now eating jury time. Please, let me bring in the jury.

24  Mr. Proctor, the same to you unless you've got something that

25  has to come up right now.

# Exhibit 6

Redacted

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Friday, August 01, 2008 10:21 AM
**To:** Herrington, Robert J (LAC); Aguiar, Lauren E (NYC); Larry W. McFarland
**Cc:** John Quinn; William Price
**Subject:** Tues and Weds witnesses

Current witness line-up is:

Custodian re products (Pembleton)

Kamarck

Gronich

MGA Custodian re lawsuits

Leung Wai Hung

Peter Leung

Edmund Yeung

Multitoy

Jurg Kesselring

Larian

Scott

McFarland

Janet Bryant (video)

Exhibit 6,
P. 31

Lee (video)

Chui (video)

Armstrong (video)

Carter Bryant (video)

Keiser

Moore

Tonnu

Wagner

Please let us know who MGA's custodian will be re the lawsuits. Also, because MGA is unreasonably requiring a number of witnesses to testify about the authenticity of MGA's own pleadings and products MGA previously sued upon, even though there can be no legitimate, good faith dispute as to those matters, we will be asking the Court to charge MGA with the time for each of the following witnesses: Kamarck, Gronich, MGA Custodian re lawsuits, Leung Wai Hung, Peter Leung, Edmund Yeung, Multitoy and Jurg Kesselring.

# Exhibit 7

Bench Conference (Larson) 7/21/2008 4:58:00 PM

1   MS. AGUIAR: I'M SORRY. I DIDN'T MEAN TO INTERJECT

2   IN THE MIDDLE, YOUR HONOR.

3   THE COURT: I JUST WANTED TO HAVE THIS DONE, BECAUSE

4   I FIGURED THERE WOULD BE MORE TO THIS THAN THERE WAS.

5   MS. AGUIAR: AND YOU WERE ABSOLUTELY RIGHT. I JUST

6   WANTED TO MAKE SURE I GOT THIS OUT THERE BEFORE WE HUNG UP.

7   THERE IS A DISCOVERY DISPUTE THAT WE'VE BEEN TRYING

8   TO RESOLVE WITH MATTEL. WE WROTE A LETTER ON THIS AS EARLY AS

9   THE FIRST WEEK IN JUNE. THERE ARE SOME EXHIBITS THEY WANT TO

10  PUT INTO EVIDENCE WITH A WITNESS, FRANK KEISER. WE HAVE ASKED

11  FOR THOSE EXHIBITS, AND THEY KEEP TELLING US THAT WE HAVE THEM.

12  WHAT WE HAVE IS THE UNDERLYING DATA. WE HAVE WHAT -- FOR LACK

13  OF A BETTER WORD, WE HAVE, LIKE, GOBBLY-DE-GOOK. WE HAVE DATA,

14  STRINGS OF NUMBERS AND LETTERS. BUT THEY ARE PLANNING TO TRY

15  TO PUT INTO EVIDENCE A RENDERING, A 3-DIMENSIONAL RENDERING,

16  AND ACTUALLY PUT THAT IN AS A TRIAL EXHIBIT.

17  THE COURT: WHO CAN SPEAK TO THIS ISSUE FROM MATTEL?

18  MR. ZELLER: WE HAVE GIVEN MGA IMAGES, SO IT IS TRUE

19  WE HAVE BEEN SAYING TO THEM THAT THEY HAVE THIS INFORMATION.

20  I'M NOT REALLY SURE WHY WE'RE BEING TOLD HERE THAT THEY ONLY

21  HAVE IT IN SOME FORM THAT THEY CAN'T READ.

22  AFTER WE'RE DONE HERE, I'LL LOOK INTO IT. I WILL, I

23  GUESS, GIVE CHAPTER AND VERSE AS TO WHAT THEY HAVE, AND IF

24  THERE'S SOMETHING AS TO WHY THEY CAN'T READ IT, PERHAPS IT'S IN

25  THE MEDIUM THAT WE HAVE GIVEN IT, WE CAN ADDRESS THAT.

Bench Conference (Larson) 7/21/2008 4:58:00 PM

1  THE COURT: WHY DON'T WE DO THIS, MR. ZELLER: WHY

2  DON'T YOU MAKE SURE THAT YOU'VE PROVIDED TO THEM THE EXHIBIT

3  THAT YOU INTEND TO USE AT TRIAL. IF YOU DON'T PRODUCE IT BY

4  5:00 TOMORROW, THEN IT WON'T BE INTRODUCED AT TRIAL.

5  MR. ZELLER: FAIR ENOUGH, YOUR HONOR.

6  THE COURT: DOES THAT ADDRESS YOUR CONCERN,

7  MS. AGUIAR?

8  MS. AGUIAR: IT DOES.

9  I JUST WANT TO COME BACK TO YOU, IF THAT'S OKAY, IF

10  THAT DOESN'T HAPPEN.

11  THE COURT: IF IT DOESN'T HAPPEN, THEN IT'S NOT

12  COMING IN.

13  MS. AGUIAR: THANK YOU.

14  THE COURT: ANYTHING ELSE, FROM MGA'S PERSPECTIVE?

15  MR. NOLAN: NOTHING. THANK YOU VERY MUCH, YOUR

16  HONOR.

17  THE COURT: ANYTHING ELSE, FROM MATTEL'S PERSPECTIVE?

18  MR. QUINN: NO, YOUR HONOR. THANK YOU.

19  THE COURT: BEFORE MS. LARSON TAKES MY COMPUTER, MY

20  BINDERS, MY NOTES, AND EVERYTHING ELSE, AND THROWS THEM, ALONG

21  WITH ME, INTO THE LAKE, I BETTER SAY GOOD NIGHT.

22  I TRUST, MR. NOLAN, EVERYTHING WENT WELL THIS

23  AFTERNOON.

24  MR. NOLAN: THANK YOU VERY MUCH FOR THE

25  ACCOMMODATION.

MGA v. Mattel-OMM Hearing Transcripts     Unsigned     Page 5321

Exhibit 7,
P. 34

# Exhibit 8

| | |
|---|---|
| **From:** | Aguiar, Lauren E (NYC) |
| **Sent:** | Tuesday, July 29, 2008 8:52 PM |
| **To:** | 'dianehutnyan@quinnemanuel.com'; Hill, Donna (PAL) |
| **Cc:** | 'johnquinn@quinnemanuel.com'; 'michaelzeller@quinnemanuel.com'; 'dylanproctor@quinnemanuel.com'; 'brentsmyth@quinnemanuel.com' |
| **Subject:** | Re: MGA's Motion as to Keiser scans |

Grounds for oral motion are primarily that the exs are outside the scope of his report; beyond his expertise; and produced late.

----- Original Message -----
From: Diane Hutnyan <dianehutnyan@quinnemanuel.com>
To: Aguiar, Lauren E (NYC); Hill, Donna (PAL)
Cc: John Quinn <johnquinn@quinnemanuel.com>; Michael T Zeller <michaelzeller@quinnemanuel.com>; Dylan Proctor <dylanproctor@quinnemanuel.com>; Brent Smyth <brentsmyth@quinnemanuel.com>
Sent: Tue Jul 29 18:22:06 2008
Subject: RE: MGA's Motion as to Keiser scans

Lauren,

I have still received no response to my inquiries of last week regarding your planned Keiser-related motion (see below emails requesting information). When will a response be forthcoming? I would appreciate hearing from you by the end of the day today.

Thank you.

-----Original Message-----
From: Diane Hutnyan
Sent: Friday, July 25, 2008 6:12 PM
To: 'lauren.aguiar@skadden.com'
Subject: Fw: MGA's Motion as to Keiser scans

I accidentally misspelled your email address. Sorry about that. Please see attached.

Thanks

Diane C. Hutnyan, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA   90017

Direct:   (213) 443-3666
Main Phone:   (213) 443-3000
Main Fax:   (213) 443-3100

E-mail:   dianehutnyan@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

----- Original Message -----
From: Diane Hutnyan
To: 'lauren.aguilar@skadden.com' <lauren.aguilar@skadden.com>; 'donna.hill@skadden.com' <donna.hill@skadden.com>
Cc: Michael T Zeller; Dylan Proctor; Brent Smyth; John Quinn

Exhibit 8,
P. 35

Sent: Fri Jul 25 18:09:04 2008
Subject: Fw: MGA's Motion as to Keiser scans

If you are basing your motion on an allegation that materials were untimely, also please let me know what materials you believe were untimely and why.

Thanks

Diane C. Hutnyan, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA   90017

Direct:   (213) 443-3666
Main Phone:   (213) 443-3000
Main Fax:   (213) 443-3100

E-mail:   dianehutnyan@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


----- Original Message -----
From: Diane Hutnyan
To: 'lauren.aguiar@skadden.com' <lauren.aguiar@skadden.com>; 'donna.hill@skadden.com' <donna.hill@skadden.com>
Cc: John Quinn; Michael T Zeller; Dylan Proctor; Brent Smyth
Sent: Fri Jul 25 17:59:31 2008
Subject: MGA's Motion as to Keiser scans

I understand MGA plans to bring a motion as to materials being presented by Keiser. Please let us know the anticipated basis(es) for such a motion, and the specific relief requested, as soon as possible. Also please share any authority you believe supports your position.

Thank you.

Diane C. Hutnyan, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA   90017

Direct:  (213) 443-3666
Main Phone:   (213) 443-3000
Main Fax:   (213) 443-3100

E-mail:   dianehutnyan@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Exhibit  8 ,
P. 36