QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>MATTEL INC.'S OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MGA PARTIES' STATEMENT OF POSITION ON PHASE 1C<br><br>Hearing Date: November 10, 2008<br>Time: 1:00 p.m. |
| AND CONSOLIDATED ACTIONS | |

Mattel Inc. hereby respectfully submits its objections to the Request for Judicial Notice in Support of MGA Parties' Statement of Position on Phase 1C ("Request"). MGA Parties ask the Court to take judicial notice of certain exhibits to their Request. Accordingly, Mattel's objections reference the pertinent exhibits of the MGA Parties' Request.

| **Noticed Exhibit** | **Objection** |
| --- | --- |
| Exhibit 4 | To the extent the MGA Parties argue that documents filed with the United States Patent and Trademark Office Trademark Trial and Appeals Board ("TTAB") in support of an opposition by Lovins, Inc. to MGA Entertainment, Inc.'s trademark application for BRATZ should be noticed for the truth of the matters discussed therein, there is no legal support for MGA's position. It is well established that courts "may take judicial notice of a document filed in another court *not for the truth of the matters asserted* in the litigation, but rather to establish the fact of such litigation and related filings." USF Ins. Co. v. Clarendon America Ins. Co., 452 F. Supp. 2d 972, 978, n. 1 (C.D. Cal. 2006) (emphasis added); see also Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (same); Metoyer v. Carey, 2007 WL 611229, at *7 (E.D. Cal. 2007) ("To the extent that petitioner is asking the court to take judicial notice of any factual findings in [another case] and apply them to this case, that request should be denied. A court "may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'") (cites |

omitted).

| | |
|---|---|
| Exhibit 5 | To the extent the MGA Parties argue that documents filed in a lawsuit by Lovins, Inc. against MGA Entertainment, Inc. should be noticed for the truth of the matters discussed therein, there is no legal support for MGA's position. It is well established that courts "may take judicial notice of a document filed in another court *not for the truth of the matters asserted* in the litigation, but rather to establish the fact of such litigation and related filings." USF Ins. Co. v. Clarendon America Ins. Co., 452 F. Supp. 2d 972, 978, n. 1 (C.D. Cal. 2006) (emphasis added); see also Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (same); Metoyer v. Carey, 2007 WL 611229, at *7 (E.D. Cal. 2007) ("To the extent that petitioner is asking the court to take judicial notice of any factual findings in [another case] and apply them to this case, that request should be denied. A court "may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'") (cite omitted). |

DATED: October 13, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.