1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3              EASTERN DIVISION

4                 - - -

5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                 - - -

7    Mattel, INC.,              )
                                )
8              Plaintiff,   )
                                )
9         vs.              )  No. CV 04-09049
                                )
10   MGA ENTERTAINMENT, inc., et. Al.,  )  Trial Day 40
                                )
11            Defendants.  )  Pages 8299-8320
     _____)
12   AND CONSOLIDATED ACTIONS,      )
                                )
13

14

15     REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16           RIVERSIDE, CALIFORNIA

17         TUESDAY, AUGUST 26, 2008

18             10:47 A.M.

19

20

21

22

23        THERESA A. LANZA, RPR, CSR
          Federal Official Court Reporter
24        3470 12th Street, Rm. 134
          RIVERSIDE, CALIFORNIA  92501
25          951-274-0844
          WWW.THERESALANZA.COM

Unsigned                                    Page  8299

1    APPEARANCES:

2

     On behalf of Mattel, INC.:

3

               QUINN EMANUEL

4              By:  JON COREY
                    MICHAEL T. ZELLER

5                   WILLIAM PRICE

               865 S. FIGUEROA STREET,

6              10TH FLOOR

               LOS ANGELES, California  90017

7              213-624-7707

8

9    ON BEHALF OF MGA ENTERTAINMENT:

10             SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

               BY:  THOMAS J. NOLAN

11               JASON RUSSELL

                 RAOUL KENNEDY

12               LAUREN AGUIAR

                 CARL ROTH

13             300 SOUTH GRAND AVENUE

               LOS ANGELES, CALIFORNIA  90071-3144

14             213-687-5000

15

16

17

18

19

20

21

22

23

24

25

1               I N D E X

2

3       Proceedings...................................   8302

4       Verdict.......................................   8310

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        RIVERSIDE, CALIFORNIA; TUESDAY, AUGUST 26, 2008; 10:47 A.M.

2                      -oOo-

3        THE CLERK:  Calling case number CV04-09049-SGL,

4    Mattel, INC., v. MGA, INC., et al., outside the presence of the

5    jury.

6        May we have counsel please come forward and state

7    your appearances for the record.

8        MR. PRICE:  Bill Price Mike Zeller for Mattel.

9        MR. NOLAN:  Tom Nolan, Lauren Aguiar, Carl Roth on

10   behalf of MGA and Isaac Larian.

11       THE COURT:  Good morning, counsel.

12       The court received a request from Mattel this morning

13   to hold a brief hearing; they wish to submit a clarification of

14   its response to jury note number four which was received on the

15   22nd of August.

16       The court has received and reviewed the

17   clarification.  I'll hear from counsel.

18       MR. PRICE:  This is probably one of those things that

19   is unnecessary, but when a bunch of lawyers get together, they

20   want to cover all of the basis.  And that is, obviously, we

21   have a JMOL which we filed, and given the state of that and the

22   jury note that we got on Friday, we said the answer to the

23   question, whether they can say the first four do infringe but

24   the remainders don't, that the answer they should be given,

25   given the state of play, was yes.

1       We want to make sure and keep on the record is that,

2    obviously, it's our position that as a matter of law that these

3    dolls do infringe the drawings, and that if the first four

4    infringe, then others do; because of material aspects, they are

5    not different; they are substantially similar.

6       But given the state of play, which is that the Court

7    hasn't ruled and probably is not ready to rule on that issue,

8    then we said the answer that the jury should be given, given

9    that state of play, is yes.

10      But because we had five lawyers worrying about this,

11   we wanted to make clear to the Court that we have not changed

12   our position on that fundamental position, which is that as a

13   matter of law, these dolls infringe the copyright the drawings.

14      THE COURT:  Okay.

15      MR. PRICE:  Of course, if the Court is ready to rule,

16   then the answer could be different.

17      THE COURT:  I understand that.

18      The Court has taken the JMOL under submission, as it

19   indicated that it would, until the jury returns its verdict.

20      To be clear, there was an unqualified position taken

21   by both parties in response to the note, and that was that the

22   answer is yes.  I assume that has not changed, Counsel?

23      MR. PRICE:  I think that has not changed, because I

24   think it would be the Court that would be ruling whether or

25   not, as a matter of law, if the first four dolls infringe, do

1    the remaining dolls -- are they substantially similar, or could

2    a reasonable jury conclude that they are not substantially

3    similar on the material aspects that the court has identified?

4    And we're not there yet with respect to the Court making that

5    ruling.

6          Our position is, it should be that the jury should be

7    instructed that they infringe; that's what the JMOL says, in

8    effect.  But obviously, that's not on the jury's table.

9          THE COURT:  So you're asking the Court now to find --

10    which I think is somewhat different than what you've asked

11    before -- that if the Court were to find that the four dolls,

12    the initial dolls, infringed, that the rest of the dolls

13    infringed as well?

14          MR. PRICE:  That would be what we would be asking the

15    to Court to find if the verdict comes out another way.

16          THE COURT:  But you understand that pursuant to your

17    request, there's not going to be a finding on the four dolls;

18    there's going to be a finding on infringement.

19          MGA requested to have a finding on particular dolls

20    and particular generations --

21          MR. PRICE:  Correct, and I understand that as well.

22          THE COURT:  -- and Mattel did not want that.  And the

23    Court believed that based on the detailed instructions which

24    went through all of this analysis, that such specificity on the

25    interrogatories posed to the jury was not necessary.

1       We're never going to know whether or not the jury

2    did, does or does not -- if they find no to the infringement,

3    then we will know that they have found no infringement.  If

4    they find yes to the infringement, we will not know

5    specifically what they found to be direct infringement and what

6    they found to be derivative or of indirect damage.

7       You understand that that's pursuant to your request.

8       MR. PRICE:  And I understand that.  We're not

9    suggesting that be changed.

10      THE COURT:  Okay.  Then I'm confused as to what is

11   the import of the objection you wish to place on the record.

12      MR. PRICE:  The only thing we wanted to place on the

13   record is that we still are maintaining our position that all

14   of the dolls infringe as a matter of law.

15      THE COURT:  Okay.  And you've made a JMOL to that

16   effect, and that is under submission and the Court will

17   consider that at an appropriate time.

18      MR. PRICE:  There was just some concern that given

19   the yes answer we agreed to, that there might be some argument

20   later that we had waived that position.

21      THE COURT:  You've waived any objections and the

22   answer that was given to the jury's question.

23      I asked you whether there was any legal objection to

24   answering yes -- and both questions, I do this as a matter of

25   course -- there was no legal objection made to the answer that

1   was given; so that is waived.

2       Now, the rest of your position as tied up in your

3   JMOL is your position tied up in your JMOL; whatever it is, it

4   is. I don't really have that in front of me right now, but I

5   trust that it adequately sets forth your legal reasoning, just

6   as the opposition adequately sets forth the response; and the

7   Court will take that up after the jury has returned their

8   verdict.

9       MR. PRICE:  Right.  And I think our position in the

10  JMOL is -- it's a sub position, I don't know how it's

11  articulated -- is that basically they all infringe, and

12  certainly, if any infringe, they all infringe.

13      THE COURT:  And I understand that may be your

14  position.  I just want to make sure that we're not somehow

15  back-loading an objection into the Court's response to the

16  jury's note today that was waived on Friday.

17      My concern right now is the jury, the response to the

18  jury note.  I'm going to worry about the JMOL when I get to

19  that.

20      MR. PRICE:  Right.

21      And I don't think we are.  I think we're on the same

22  wavelength.  I think if we had suggested that the Court tell

23  the jury that if one infringes, they all infringe; that is

24  something which the Court is going to be deciding as a matter

25  of law.

1          THE COURT:  Right.

2          The jury note was very clear:  Can we find that the

3    first generation dolls violate but that subsequent generations

4    do not?

5          It was a permissive; not a suggestion of a

6    requirement.  And the Court's "yes" to that was a "yes" to the

7    permissive question; not to any mandatory finding one way or

8    the other; that they either must or they must not find based on

9    a finding related to the four dolls.

10         That's my understanding, anyway.

11         MR. PRICE:  Thank you for that finding.

12         THE COURT:  And that's consistent with your

13   understanding?

14         MR. PRICE:  Yes.

15         THE COURT:  I'll hear from MGA.

16         MR. NOLAN:  Thank you, your Honor.

17         I think Mr. Price may have led off with my opening

18   line, and that was that I didn't think this filing was

19   necessary if they were not going to take back the unqualified

20   agreement that the appropriate answer to that question number

21   four was "yes" to the jury.

22         I understand that they are not, in any way,

23   retreating from that position.

24         The JMOL is the JMOL.

25         THE COURT:  And that's the Court's understanding as

Unsigned                                          Page  8307

1   well.

2       MR. NOLAN:  The JMOL is the JMOL.

3       We pointed out in footnote 18 in our opposition that

4   the JMOL was directed to the first generation anyway.  But we

5   will get to that at some point in time.

6       THE COURT:  Right.

7       My understanding now is not so much that this filing

8   is attempting to undermine anything that was represented to the

9   court on Friday; but rather, they just wanted to make clear

10  that anything that was represented to the Court on Friday does

11  not somehow alter or undermine their rights with respect to

12  what they have already submitted in the JMOL.

13      MR. NOLAN:  And I think we'll address that issue when

14  we get to the JMOL.

15      THE COURT:  We shall.

16      Thank you, counsel.

17      I hope you had a good trip to Washington, D.C.

18      MR. NOLAN:  It was excellent.  Thank you.

19      Emotional; so don't get mad at me today.

20      THE COURT:  I'm sure it was.

21      We're in recess on this matter.

22      The court will resume in ten minutes on the marine

23  trial.

24      (Court stands in recess; other matters heard.)

25      THE CLERK:  Calling Case Number CV04-09049-SGL,

1    Mattel, Inc., v. MGA, Inc., et al., outside the presence of the

2    jury.

3          May we have counsel state your appearances for the

4    record.

5          MR. PRICE:  Bill Price, Mike Zeller for Mattel.

6          MR. NOLAN:  Tom Nolan, Lauren Aguiar, Carl Roth,

7    David Hansen, and Jordan Feirman on behalf of MGA and

8    Isaac Larian.

9          THE COURT:  Good afternoon, Counsel.

10         Since we last met, the Court has received two notes.

11   The first note was simply an indication that the jury will

12   break until 11:15 and return to the jury room.  The second note

13   indicated they had reached a unanimous verdict.  The Court

14   asked them to have lunch and be prepared to return to court at

15   1:00.

16         We have delayed this so that Mr. Larian could join

17   us.  Mr. Larian is here now.  We'll bring the jury in and have

18   the verdict read.

19         There may be a delay, because they're coming from the

20   third floor.

21         MR. NOLAN:  Your Honor, on behalf of Mr. Larian, we

22   thank you for the Court's courtesy.

23         THE COURT:  After the verdict has been read, they'll

24   be returned to the Courtroom 4 jury room.  I will go up and

25   thank them for their service and excuse them at that time.  I

1    will offer them, basically, one of two choices.  They can

2    certainly go out the front of the courtroom and speak to

3    counsel or whoever else they want to, or if they so desire,

4    I'll provide an escorted departure, some other route.  I'll

5    leave that up to them.

6         MR. PRICE:  Your Honor, if they want to talk, could

7    we possibly do it in the jury room that they're using up there?

8         THE COURT:  Let me ask them about that.

9         (Whereupon, jurors enter courtroom.)

10        THE COURT:  Good afternoon, members of the jury.

11        I understand the jury has reached a unanimous verdict

12   in this matter.

13        Is that true?

14        JUROR FOREMAN:  Yes, Your Honor.

15        THE COURT:  If you would please provide the verdict

16   to Mr. Holmes.

17        Mr. Holmes, please read the verdict.

18        THE CLERK:  Yes, Your Honor.

19        Title of court and cause, Page 2, Verdict Form, Phase

20   B, we answer the questions submitted to us as follows:

21        Roman Numeral I:  Damages for Phase A Claims.

22        Intentional Interference With Contractual Relations

23        Number 1:  In Phase A of this trial, you found that

24   MGA Entertainment, Inc. (MGA) and Isaac Larian are liable to

25   Mattel for intentional interference with contractual relations.

1     What amount of damages, if any, should be awarded to Mattel?

2          As to Mattel [sic], the jury entered the amount of 20

3     million --

4          THE COURT:  I'm sorry, Mr. Holmes.  As to MGA, I

5     believe.

6          THE CLERK:  Thank you, Your Honor.  I'll read it

7     again.

8          At Line Number 12, as to MGA, the jury entered the

9     amount of $20 million.

10         As to Mr. Larian, the jury entered the amount of

11    $10 million.

12         Aiding and Abetting Breach of Fiduciary Duty

13         Number 2:  In Phase A of this trial, you found that

14    MGA and Isaac Larian are liable to Mattel for aiding and

15    abetting Carter Bryant's breach of fiduciary duty.  What

16    amount, if any, should be awarded to Mattel?

17         As to MGA, the jury entered the amount of

18    $20 million.

19         As to Mr. Larian, the jury entered the amount of

20    $10 million.

21         Aiding and Abetting Breach of Duty of Loyalty

22         Number 3:  In Phase A of this trial, you found that

23    MGA and Isaac Larian are liable to Mattel for aiding and

24    abetting Carter Bryant's breach of duty of loyalty.  What

25    amount of damages, if any, should be awarded to Mattel?

1       As to MGA, the jury entered the amount of

2    $20 million.

3       As to Mr. Larian, the jury entered the amount of

4    $10 million.

5       Page 3.

6          Conversion

7       Number 4:  In Phase A of this trial, you found that

8    MGA, Isaac Larian, and MGA Entertainment (HK) Limited (MGA Hong

9    Kong) are liable to Mattel for conversion.  What amount of

10    damages, if any, should be awarded to Mattel?

11       As to MGA, the jury entered the amount of $31,500

12    plus 7 percent interest.

13       As to Mr. Larian, the jury entered the amount $0,

14    calculated from the date Mattel's property was converted.

15       As to MGA Hong Kong, same answer.

16       Page 4, Roman Numeral II.

17       Copyright Infringement

18       Number 5:  Has Mattel proven by a preponderance of

19    the evidence that MGA is liable to Mattel for copyright

20    infringement?

21       The jury answered "Yes."

22       Number 6:  Was MGA's copyright infringement willful?

23       The jury answered "No."

24       Number 7:  Has Mattel proven by a preponderance of

25    the evidence that Isaac Larian is liable to Mattel for

1    copyright infringement?

2        The jury answered "Yes."

3        Number 8:  Was Mr. Larian's copyright infringement

4    willful?

5        The jury answered "No."

6        Number 9:  Has Mattel proven by a preponderance of

7    the evidence that MGA Hong Kong is liable to Mattel for

8    copyright infringement?

9        The jury answered "Yes."

10        Page 5, Number 10:

11        Was MGA Hong Kong's copyright infringement willful?

12        The jury answered "No."

13        Number 11:  What amount of damages, if any, should be

14    awarded to Mattel for defendants' copyright infringement?

15        A, Copyright Infringement by MGA:  The jury entered

16    the amount of $6 million.

17        B, Copyright Infringement by Isaac Larian.

18    Distributions Mr. Larian received from MGA attributable to

19    Bratz-related works:  The jury entered the amount of

20    $3 million.

21        Value of Mr. Larian's ownership percentage of MGA

22    attributable to Bratz-related works:  The jury entered the

23    amount $0.

24        C, Copyright Infringement by MGA Hong Kong:  The jury

25    entered the amount of $1 million.

1        Page 6, Roman Numeral III.

2        Punitive Damages

3        Number 12:  Has Mattel proven by clear and convincing

4    evidence that MGA acted with malice, oppression, or fraud?

5        The jury answered "No."

6        Number 13:  What amount of punitive damages, if any,

7    should be awarded against MGA?

8        The jury entered the amount $0.

9        Number 14:  Has Mattel proven by clear and convincing

10   evidence that Isaac Larian acted with malice, oppression, or

11   fraud?

12       The jury answered "No."

13       Number 15:  What amount of punitive damages, if any,

14   should be awarded against Mr. Larian?

15       The jury entered the amount $0.

16       Number 16:  Has Mattel proven by clear and convincing

17   evidence that MGA Hong Kong acted with malice, oppression, or

18   fraud?

19       The jury answered "No."

20       Number 17, Page 7:  What amount of punitive damages,

21   if any, should be awarded against MGA Hong Kong?

22       The jury entered the amount $0.

23       Page 8, Roman Number IV.

24       Fraudulent Concealment

25       Number 18:  Has Mattel proven by a preponderance of

1    the evidence that MGA fraudulently concealed the basis for

2    Mattel's claim of intentional interference with contract

3    against it until at least April 27, 2002?

4        The jury answered "Yes."

5        Number 19:  Has Mattel proven by a preponderance of

6    the evidence that Isaac Larian fraudulently concealed the basis

7    for Mattel's claim of intentional interference with contract

8    against him until at least April 27, 2002?

9        The jury answered "No."

10       Number 20:  Has Mattel proven by a preponderance of

11   the evidence that MGA fraudulently concealed the basis for

12   Mattel's claim of conversion against it until at least

13   April 27, 2001?

14       The jury answered "Yes."

15       Number 21:  Has Mattel proven by a preponderance of

16   the evidence that Mr. Larian fraudulently concealed the basis

17   for Mattel's claim of conversion against it until at least

18   April 27, 2001?

19       The jury answered "No."

20       Page 9, Number 22:

21       Has Mattel proven by a preponderance of the evidence

22   that MGA Hong Kong fraudulently concealed the basis for

23   Mattel's claim of conversion against it until at least

24   April 27, 2001?

25       The jury answered "No."

1       Dated August 26, 2008, signed by the jury foreperson.

2       Ladies and gentlemen of the jury, is the verdict as

3   presented and read into the record this afternoon the verdict

4   of each of you, so say you one, so say you all?

5       Please answer aloud.

6       JURORS:  Yes.

7       THE CLERK:  Thank you, Your Honor.

8       THE COURT:  Counsel, is there a request by either

9   side to poll the jury?

10      MR. PRICE:  Yes, Your Honor.

11      THE COURT:  Very well.

12      Mr. Holmes?

13      THE CLERK:  Juror Number 1, is the verdict as

14  presented and read your verdict?

15      JUROR NUMBER 1:  Yes, it is.

16      THE CLERK:  Juror Number 2, Judith Appleton, is the

17  verdict as presented and read your verdict?

18      JUROR NUMBER 2:  Yes, it is.

19      THE CLERK:  Juror Number 3, Rhonda Johnstone, is the

20  verdict as presented and read your verdict?

21      JUROR NUMBER 3:  Yes, it is.

22      THE CLERK:  Juror Number 4, Christopher Blazer, is

23  the verdict as presented and read your verdict?

24      JUROR NUMBER 4:  Yes, sir.

25      THE CLERK: Juror Number 5, Linda Clark, is the

1    verdict as presented and read your verdict?

2           JUROR NUMBER 5:  Yes.

3           THE CLERK:  Juror Number 6, Paul Russell, is the

4    verdict as presented and read your verdict?

5           JUROR NUMBER 6:  Yes.

6           THE CLERK:  Juror Number 7, Lisa Dome, is the verdict

7    as presented and read your verdict?

8           JUROR NUMBER 7:  Yes.

9           THE CLERK:  Juror Number 9, Celestine Hairston, is

10   the verdict as presented and read your verdict?

11          JUROR NUMBER 9:  Yes, it is.

12          THE CLERK:  Juror Number 10, Ms. McEachern, is the

13   verdict as presented and read your verdict?

14          JUROR NUMBER 10:  Yes, it is.

15          THE CLERK:  Thank you.

16          THE COURT:  Members of the jury, let me begin by

17   thanking you for your extraordinary service in this case.  You

18   were selected on May 20th, and here we are at the end of

19   August.  Your service has now come to a conclusion.

20          On behalf of the Court; on behalf of counsel, the

21   parties; on behalf of the country, I thank you.  Our system

22   depends upon jurors such as yourself.  This case was

23   extraordinary in terms of its length, as well as its

24   complexity, and I appreciate the tremendous attention that you

25   have paid throughout this trial.  I know it hasn't always been

1    easy and a lot of different things have come at you.  There

2    have been all kinds of things that have come up in the course

3    of the trial.  I really appreciate your patience and your

4    dedication to your service.

5         At this time, all of the admonitions that I gave you

6    previously are lifted.  You may speak about this case with

7    anyone that you want to speak to.  You may also not speak about

8    this case, if that is what you want to do.  It's entirely up to

9    you.

10        What's going to happen next is, you're going to be

11    brought back up to the jury room.  I'm going to come up and

12    briefly meet with you and then excuse you, and we'll go from

13    there.  The attorneys may want to speak with you.  Again, you

14    may if you wish; and if you don't wish, they will certainly

15    respect that.

16        The same with the press or any member of the public.

17    It's entirely up to you.  You have a right to speak if you

18    want.  You also have a right not to speak.  It's entirely your

19    choice.

20        But again, I do thank you, and I know I speak for

21    counsel and for the parties; we all thank you for your

22    tremendous service.

23        If the court security officer would bring the jury

24    back up to the jury room one last time.

25        (Whereupon, jurors depart courtroom.)

1         THE COURT:  Counsel, the Court needs to get back to

2    the criminal trial proceeding, so what I'm going to order

3    counsel to do is to appear tomorrow morning at 8:30 a.m. for a

4    status conference in terms of proceeding from this point

5    forward.  I'll make sure that Mr. Holmes makes a copy of the

6    verdict.  Both counsel will receive it.  Of course, it's going

7    to be filed today, so it will be part of the record.

8         I'm going to go up and speak with the jury right now

9    and see how they wish to proceed.

10        Is there anything that we need to take up with this

11   matter that cannot wait until tomorrow morning at 8:30?

12        MR. ZELLER:  Your Honor, just quickly, Your Honor.

13        The Court, obviously, had entered an order that we

14   should not be filing motions without prior permission from the

15   Court.

16        Is that now lifted?

17        THE COURT:  Until tomorrow morning, Counsel.

18        MR. ZELLER:  We obviously have a --

19        THE COURT:  Take a break this afternoon.

20        MR. ZELLER:  We will.

21        THE COURT:  I suspect that both sides may have

22   motions.  There are a lot of issues that we need to discuss.

23   Let's not do anything until we get together tomorrow morning at

24   8:30, and then the Court will give guidance from that point.

25        MR. ZELLER:  Thank you.


                          Unsigned                          Page  8319

1          THE COURT:  Very well.

2          Anything from MGA?

3          MS. AGUIAR:  When you hear from the jury what they

4    want to do, will you be coming back down?

5          THE COURT:  Yes.  Why don't you go ahead and wait

6    here, and I'll have Mr. Holmes report back to you.  I'll go up

7    and talk to the jury right now.

8          Thank you, Counsel.

9          Court is in recess until 2:00 on the criminal matter.

10          (Whereupon, proceedings were concluded.)

11

12

13

14

15

16

17               CERTIFICATE

18

19    I hereby certify that pursuant to section 753, title 28, united
       states code, the foregoing is a true and correct transcript of

20    the stenographically recorded proceedings held in the above-
       entitled matter and that the transcript page format is in

21    conformance with the regulations of the judicial conference of
       the united states.

22

23    _____          _____

       THERESA A. LANZA, CSR, RPR               Date

24    Federal Official Court Reporter

25