QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>        vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**REPLY IN SUPPORT OF MATTEL, INC.'S MOTION FOR DECLARATORY JUDGMENT OF OWNERSHIP OF BRATZ WORKS** |
| AND CONSOLIDATED ACTIONS | Hearing Date:     November 10, 2008<br>Time:               1:00 p.m.<br>Place:              Courtroom 1<br><br>**Phase 1C** |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ............................................................................................................. 2

I.  THE OPPOSITION PROVES THAT DECLARATORY RELIEF IS NECESSARY AND APPROPRIATE TO CLARIFY MATTEL'S RIGHTS ...................................................................................................... 2

II.  MATTEL OWNS THE BRATZ NAME UNDER STATE LAW ................... 4

III.  THE JURY'S VERDICT ESTABLISHES THAT MATTEL OWNS THE BRATZ CHARACTERS ............................................................ 6

A.  MGA's Concessions Establish Mattel's Ownership Of The Characters ........................................................................................ 6

B.  Entry Of A Declaratory Judgment Is Consistent With The Jury's Verdict ............................................................................. 7

IV.  MATTEL'S CLAIM FOR DECLARATORY RELIEF IS NOT PREEMPTED BY THE COPYRIGHT ACT ................................... 8

A.  A State Law Claim For Ownership Of A Copyright Is Not Preempted ........................................................................... 8

B.  The Constructive Trust Remedy is Not Preempted By Copyright ........ 9

C.  The Court Can Declare MGA's Copyrights Are Invalid ..................... 10

CONCLUSION ........................................................................................................ 12

REPLY ISO MOTION FOR DECLARATORY JUDGMENT

1

<u>**TABLE OF AUTHORITIES**</u>

2

<u>**Page**</u>

3

<u>**Cases**</u>

4

<u>ABT Building Products Corp. v. National Union Fire Ins. Co. of Pittsburgh,</u>
472 F.3d 99 (4th Cir. 2006) ...................................................................................... 7

5

<u>A. Brod, Inc. v. SK & I Co., L.L.C.,</u>
998 F. Supp. 314 (S.D.N.Y. 1998) ......................................................................... 9

6

7

<u>Altera Corp. v. Clear Logic. Inc.,</u>
424 F.3d 1079 (9th Cir. 2005) .............................................................................. 10

8

<u>Arley v. United Pac. Ins. Co.,</u>
379 F.2d 183 (9th Cir. 1967) .................................................................................. 7

9

10

<u>B & O Mfg., Inc. v. Home Depot U.S.A., Inc.,</u>
2007 WL 3232276 (N.D. Cal. Nov. 1, 2007) ......................................................... 7

11

<u>BUC Intern. Corp. v. International Yacht Council Ltd.,</u>
489 F.3d 1129 (11th Cir. 2007) .............................................................................. 7

12

13

<u>Bibbero Systems, Inc. v. Colwell Systems, Inc.,</u>
893 F.2d 1104 (9th Cir. 1990) .............................................................................. 11

14

<u>Blaustein v. Burton,</u>
9 Cal. App. 3d 161 (Cal. Ct. App. 1970) ................................................................ 5

15

16

<u>Brignoli v. Balch Hardy and Scheinman, Inc.,</u>
645 F. Supp. 1201 (S.D.N.Y. 1986) ..................................................................... 10

17

<u>Carol Barnhart Inc. v. Economy Cover Corp.,</u>
773 F.2d 411 (2d Cir. 1985) ................................................................................. 12

18

19

<u>Classic Media, Inc. v. Mewborn,</u>
532 F.3d 978 (9th Cir. 2008) .................................................................................. 8

20

<u>Colvig v. KSFO,</u>
224 Cal. App. 2d 357 (Cal. Ct. App. 1964) ............................................................ 5

21

22

<u>Cubic Corp. v. Marty,</u>
185 Cal. App. 3d 438 (Cal. Ct. App. 1986) ............................................................ 5

23

<u>Davies v. Krasna,</u>
14 Cal. 3d 502 (Cal. 1975) ..................................................................................... 5

24

25

<u>Davies v. Krasna,</u>
245 Cal. App. 2d 535 (Cal. Ct. App. 1966) ............................................................ 5

26

<u>Desny v. Wilder,</u>
46 Cal. 2d 715 (Cal. 1956) ..................................................................................... 5

27

28

Dolch v. United California Bank,
  702 F.2d 178 (9th Cir. 1983) ........................................................... 8

Durgom v. Janowiak,
  74 Cal. App. 4th 178 (Cal. Ct. App. 1999) ..................................... 9

Food Lion, Inc. v. Capital Cities/ABC, Inc.,
  946 F. Supp. 420 (M.D.N.C. 1996) ............................................... 10

Fred Riley Home Bldg. Corp. v. Cosgrove,
  883 F. Supp. 1478 (D. Kan. 1995) ................................................ 12

Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,
  528 U.S. 167 (2000) ........................................................................ 2

Grosso v. Miramax Film Corp.,
  383 F.3d 965 (9th Cir. 2004) .......................................................... 4

Hartford Fire Ins. Co. v. Herrald,
  483 F.2d 425 (9th Cir. 1973) ..................................................... 7, 8

International Ins. Co. v. RSR Corp.,
  426 F.3d 281 (5th Cir. 2005) .......................................................... 7

Lamps Plus, Inc. v. Seattle Lighting Fixture Co.,
  345 F.3d 1140 (9th Cir. 2003) ...................................................... 11

Leegin Creative Leather Prods., Inc. v. M. M. Rogers & Co.,
  1994 WL 761725 (C.D. Cal. Oct. 24, 1994) ................................. 12

Loblaw Cos. Ltd. v. Azimi,
  2001 WL 36028016 (N.D. Cal. Oct. 17, 2001) .............................. 7

Los Angeles Police Protective League v. Gates,
  995 F.2d 1469 (9th Cir. 1993) ........................................................ 6

Motown Record Corp. v. George A. Hormel & Co.,
  657 F. Supp. 1236 (C.D. Cal. 1987) ............................................. 10

Ohio-Sealy Mattress Manuf. Co. v. Sealy Inc.,
  585 F.2d 821 (7th Cir. 1978) .......................................................... 6

Ramos v. Kateley,
  2008 WL 4058081 (E.D. Cal. August 26, 2008) ............................ 7

Rogers v. Yonce,
  2008 WL 2853207 (N.D. Okla. July 21, 2008) .............................. 9

Scholastic Entertainment, Inc., v. Fox Entertainment Group, Inc.,
  336 F.3d 982 (9th Cir. 2003) .......................................................... 9

Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.,
  307 F.3d 775 (9th Cir. 2002) ........................................................ 11

iii

T.B. Harms Co. v. Eliscu,
   339 F.2d 823 (2d Cir. 1964) ....................................................................... 9

Tiseo Architects, Inc., v. SSOE, Inc.,
   431 F. Supp. 2d 735 (E.D. Mich. 2006) ................................................. 12

Union of Needletrades, Indust. & Textile  Employers, AFL-CIO, CLC v. United
   States Immigration & Naturalization Service,
   202 F. Supp. 2d 265 (S.D.N.Y. 2002) ...................................................... 2

Unocal Corp. v. United States,
   222 F.3d 528 (9th Cir. 2000) ..................................................................... 8

Xerox Corp. v. Apple Computer, Inc.,
   734 F. Supp. 1542 (N.D. Cal. 1990) ....................................................... 12

### Other Authorities

C. Wright, A. Miller, & M. Kane, 10B Federal Practice and Procedure § 2758 (3d
   ed. 2008) ....................................................................................................... 4

W.F. Patry, 5 Patry on Copyright § 18:25 (2008) ...................................... 9

## **Preliminary Statement**

The MGA parties oppose Mattel's straightforward request for a judgment that incorporates the jury's verdict and this Court's rulings, but they do so with contradictory arguments. They argue that declaratory judgment is unnecessary because there is—they assert—no dispute whatsoever as to ownership. After heavily contesting the point through trial, they now concede that Mattel is the owner of all designs conceived by Bryant while employed by Mattel, and accordingly, there is "no disputation of these issues by the MGA parties in light of the jury verdict." (Opp. at 6.) Contradicting themselves, the MGA parties then argue that declaratory relief is improper because Mattel does not own the Bratz name or the Bratz characters conceived by Bryant during his employment with Mattel. (Opp. at 8-11.)

The Opposition thus proves Mattel's point. Declaratory judgment is necessary to clarify the rights of the parties so as to avoid the very sorts of disputes illustrated in the briefing. At the end of protracted litigation, the parties—and the world at large—ought to know who owns what. Without such clarity, more litigation is inevitable. A declaratory judgment by this Court will be that stitch in time that saves nine and spares other courts and parties from piecing together rulings, verdict forms, pleadings, and statements in briefs in order to decide what was decided.

In arguing that Mattel does not own the Bratz name, MGA ignores Mattel's state law claims. The very principles of contract law, fiduciary duty and the duty of loyalty that governed the ownership of the drawings and sculpts—which MGA now concedes Mattel owns—also apply to ideas. These claims (and hence a declaration pursuant to them) are not preempted by copyright or trademark law.

MGA also argues that declaratory relief would be inconsistent with the jury's verdict during the damages phase and thus violative of the Seventh Amendment. MGA asks this Court to speculate—based solely on the amount of

1  damages—that when the jury determined damages, it went beyond its charge to
2  determine ownership of ideas and determined that issue in favor of MGA.  It is
3  indisputable, however, that the jury was not asked to make the findings that MGA
4  asserts.  The law prohibits interpreting jury verdicts to apply to issues not presented
5  to them.

6  <u>**Argument**</u>

7  **I.    THE OPPOSITION PROVES THAT DECLARATORY RELIEF IS**
8  **NECESSARY AND APPROPRIATE TO CLARIFY MATTEL'S**
9  **RIGHTS**

10  Mattel has spent years litigating what this Court has said was the
11  central issue of the Phase 1 trial—"Did anything from Bryant's employment at
12  Mattel during the 1999-2000 period give Mattel ownership rights to the Bratz doll
13  line?"[1]  After vigorously contesting the matter, the MGA parties do an about-face
14  and oppose declaratory relief by arguing it is superfluous because, they say,
15  defendants now concede that Mattel owns all rights to the Bratz drawings and
16  sculpts.  "Mattel cannot point to any disputation of these issues [of ownership of the
17  Bratz works] by the MGA parties in light of the jury verdict—because there is
18  none."  (Opp. at 6:13-15.)  A statement in a brief is not the equivalent of a judgment,
19  and it certainly does not amount to the type of binding, unambiguous concession
20  that could possibly moot the dispute that gave rise to Mattel's request for declaratory
21  relief.  <u>See, e.g.</u>, <u>Friends of the Earth, Inc. v. Laidlaw Environmental Services</u>
22  <u>(TOC), Inc.</u>, 528 U.S. 167, 189 (2000) (defendant cannot moot declaratory judgment
23  claim through voluntary cessation of conduct, as this would "leave the defendant
24  free to return to his old ways"); <u>Union of Needletrades, Indust. & Textile</u>

25  _____

26  [1]  Order Re Mattel's Motion for Leave to Amend, dated January 11, 2007 at
27  18:14-17, attached as Exhibit D to the concurrently filed Supplemental Declaration
   of Scott B. Kidman ("Supp. Kidman Dec.").
28

Employers, AFL-CIO, CLC v. United States Immigration & Naturalization Service, 202 F. Supp. 2d 265, 284 (S.D.N.Y. 2002) (action for declaratory judgment "is not automatically mooted by a defendant's voluntary decision to concede some wrongdoing or otherwise capitulate").[2]  Were it otherwise, a party could contest claims, lose them and then—just as MGA attempts here—avoid the binding effect of a Court judgment once it realizes that a declaration is inevitable.  And if there is indeed no dispute, there should be no reason for MGA to oppose entry of a judgment on the conceded point.

Furthermore, two pages later in the opposition MGA does raise a "disputation."  Notwithstanding the Court's rulings on summary judgment finding the Inventions Agreement valid and enforceable and the jury's findings that Bryant conceived of Bratz while employed by Mattel, MGA asserts that "Mattel cannot lay claim to the name 'BRATZ'".  (Opp. at 8:23-24).  Defendants go so far as to argue "there is no evidence in the record that Mattel is entitled to own the four [Bratz] characters, and indeed, an examination of the verdict shows the opposite is true." (Opp. at 9:27-28.)  It is precisely because MGA continues to hold contradictory positions as to the ownership of the disputed Bratz works that a declaration is necessary to establish Mattel's rights as against MGA.

The purpose of a declaration is not merely to ensure that MGA understands who owns the rights to the Bratz works, but also to allow Mattel to establish this fact to the rest of the world, including foreign courts which may not be willing to act absent a concise judicial declaration of rights.  MGA has claimed it is the rightful owner of the Bratz works for years.  It continues to do so now, as to at

---

[2]  For example, the MGA parties describe the jury's verdict, but do not unambiguously say even now that they agree that the Bratz-related inventions were created by Bryant while a Mattel employee and that they are therefore owned by Mattel.

1 least some of those works.  To prove otherwise, Mattel would have to provide a
2 third party or another court with the rulings of this Court on summary judgment, the
3 jury instructions, and the jury verdict.  The recipient of these documents would then
4 have to accurately piece together the record and come to the correct conclusion.
5 The record as it now stands is an invitation to further litigation.  This Court should
6 expressly "connect the dots" now.

7       Given the narrowness of the relief Mattel seeks, and the benefits of
8 clarifying the parties' rights, the Court should issue a declaration.  "[D]eclaratory
9 judgment should not be considered an extraordinary remedy or an unusual or a
10 strange form of action; it should be considered a simple, ordinary auxiliary remedy
11 . . . to be asked for and given whenever it will remove uncertainty in the rights of a
12 litigant or settle a controversy existing or incipient."  C. Wright, A. Miller, & M.
13 Kane, 10B <u>Federal Practice and Procedure</u> § 2758 (3d ed. 2008).  Contrary to
14 MGA's argument, declaratory relief would serve an important purpose here.

15 **II.     <u>MATTEL OWNS THE BRATZ NAME UNDER STATE LAW</u>**

16       MGA argues that Mattel has *no* rights to the Bratz name because
17 "Mattel has no claims to the name under either *copyright* or *trademark* law."  (Opp.
18 at 9:19-20; emphasis added).  But Mattel does not claim rights to the Bratz name
19 under copyright or trademark law.  Mattel owns the Bratz name as a matter of state
20 law.[3]  The issue here is contract law, not federal copyright or trademark law—as
21 MGA previously conceded.[4]  <u>See</u> <u>Grosso v. Miramax Film Corp.</u>, 383 F.3d 965, 968

22

23 ────────────────────

24   [3]  Mattel separately seeks a constructive trust over the Bratz trademark as an
25 equitable remedy in connection with its state law tort claims, as set forth in Mattel's
26 Motion For Constructive Trust and Finding of Liability and Injunctive Relief under
<u>Cal. Bus. & Prof. Code</u> § 17200 (Docket No. 4305).
27   [4]  Hearing Transcript dated June 11, 2007 at 59:21-60:6, Supp. Kidman Dec.,
Exh. P ("It's a contract question as to who owned his work at the time.").

28

1  (9th Cir. 2004) (holding state law implied contract claim for ideas not preempted by

2  copyright).

3        California law provides that an idea can be protected by contract, even

4  though it cannot be copyrighted.   "The policy that precludes protection of an

5  abstract idea by copyright does not prevent its protection by contract." Desny v.

6  Wilder, 46 Cal.2d 715, 732 (Cal. 1956); Blaustein v. Burton, 9 Cal. App. 3d 161,

7  177-178 (Cal. Ct. App. 1970) (same).   "[A]n abstract idea [is] subject to express or

8  implied contract."   Colvig v. KSFO, 224 Cal. App. 2d 357, 367 (Cal. Ct. App.

9  1964).   Where an employee has created an idea that falls under an inventions

10  agreement with his employer, that idea becomes part of his employer's confidential

11  information and is subject to legal protection.  See Cubic Corp. v. Marty, 185 Cal.

12  App. 3d 438, 456 (Cal. Ct. App. 1986) (affirming injunction enjoining defendant

13  from disclosing confidential information he created while employed by plaintiff).

14  Bryant's creation of the "Bratz" idea was subject to the ownership provisions of the

15  Inventions Agreement between Mattel and Bryant.   Separately, the idea for the name

16  became separately protectable as Mattel's confidential information, and could not be

17  disclosed to third parties without Mattel's consent.  See Davies v. Krasna, 14 Cal. 3d

18  502, 508 (Cal. 1975) (holding that defendant could not use plaintiff's confidential

19  information without consent, and that this duty "lies not in the contractual language

20  but is imposed by law  . . . ."); Davies v. Krasna, 245 Cal. App. 2d 535, 547-548

21  (Cal. Ct. App. 1966) ("The courts will sometimes protect a plaintiff's idea on the

22  theory of breach of confidential relationship . . . .") (quoting Nimmer, The Law of

23  Ideas, 27 So. Cal. L. Rev. 119, 138-140 (1954)).

24        Mattel owns the idea for the Bratz name and, for the same reasons, the

25  Jade name as well.

26

27

28

## III.   THE JURY'S VERDICT ESTABLISHES THAT MATTEL OWNS THE BRATZ CHARACTERS

### A.   MGA's Concessions Establish Mattel's Ownership Of The Characters

Notably, MGA concedes that the jury explicitly found that Bryant conceived the Bratz characters while employed by Mattel.  (Opp. at 10:7-8.)  It also concedes that under Mattel's agreement with Bryant, Mattel owns all works Bryant conceived while employed by Mattel.  (Opp. at 6:13-15.)  These concessions should be the end of the inquiry, and the Court should declare that Mattel owns the rights to the Bratz characters.

Nevertheless, MGA argues that the jury verdict awarding $10 million to Mattel for copyright infringement during Phase 1B bars a declaratory judgment. MGA speculates that the amount of the award could mean that the jury believed certain dolls did not copy the four characters owned by Mattel.  (Opp. at 10:21-26). This is a red herring and sheer conjecture.  Mattel is seeking a declaration that it owns the four characters that the jury found Bryant conceived while a Mattel employee, not dolls.   Furthermore, in its Opposition to Mattel's Motion for Permanent Injunction MGA argues that the same jury verdict must mean that any infringement was limited to the four "first generation dolls" based on the very same four characters.  (Injunction Opp. at 19).  MGA's interpretations of the jury's intent undercut its assertion that the jury's "implicit" Phase 1B findings somehow undermine the express findings it made in Phase 1A.  The MGA parties cannot agree within their own briefs what the verdict "must" mean.  This inconsistency establishes beyond doubt that the standards for awarding jury verdicts preclusive effect have not been met, and the Phase 1B verdict cannot be interpreted to rewrite the prior verdict.  See Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1475 (9th Cir. 1993) (only issues "actually and necessarily" decided by the jury are binding on the Court); Ohio-Sealy Mattress Manuf. Co. v. Sealy Inc., 585

1  F.2d 821, 844 (7th Cir. 1978) (damages awards have preclusive effect only where it

2  is established "to a mathematical certainty" that the award reflects a judgment by the

3  jury on an issue of fact).

4     **B.    Entry Of A Declaratory Judgment Is Consistent With The Jury's**

5          **Verdict**

6          A declaratory judgment would be consistent with the jury's verdict and

7  with the Seventh Amendment.  (Opp. at 3-6.)  The MGA parties' argument would

8  make declaratory relief unavailable in any case decided by a jury.  Yet courts,

9  including the Ninth Circuit, routinely affirm the entry of declaratory judgments

10 based on jury findings.  See, e.g., BUC Intern. Corp. v. International Yacht Council

11 Ltd., 489 F.3d 1129, 1151 (11th Cir. 2007) (affirming issuance of declaratory

12 judgment of copyright ownership based on jury verdict); ABT Building Products

13 Corp. v. National Union Fire Ins. Co. of Pittsburgh, 472 F.3d 99, 118-119 (4th Cir.

14 2006) (affirming declaratory judgment issued after jury verdict); International Ins.

15 Co. v. RSR Corp., 426 F.3d 281, 289-290 (5th Cir. 2005) (same); Hartford Fire Ins.

16 Co. v. Herrald, 483 F.2d 425, 426 (9th Cir. 1973) (per curiam) (same); Arley v.

17 United Pac. Ins. Co., 379 F.2d 183, 186 & n.2 (9th Cir. 1967) (same).  It is only

18 where a declaration does no more than simply recite the findings of the jury that

19 courts have held declaratory relief duplicative.[5]  Here, as the continued disputes

20 between the parties make all too clear, a declaration by the Court "adding up" its

21

22 _____

23    [5]  In each of the cases that MGA cites, a judgment on the underlying claim would
    provide the identical declaration sought.  See Ramos v. Kateley, 2008 WL 4058081,
24 *3 (E.D. Cal. August 26, 2008) (plaintiffs claim for violation of civil rights would
    be duplicated by requested injunction); B & O Mfg., Inc. v. Home Depot U.S.A.,
25 Inc., 2007 WL 3232276, *7 (N.D. Cal. Nov. 1, 2007) (breach of contract and
    declaration of breach of contract); Loblaw Cos. Ltd. v. Azimi, 2001 WL 36028016,
26 *15 (N.D. Cal. Oct. 17, 2001) (defense of non-infringement and declaration of non-
    infringement).
27

28

1  own rulings and the jury verdict is essential to establishing, once and for all, that

2  Mattel owns the rights in Bratz-related inventions, and MGA does not.

3        Defendants cite <u>Unocal Corp. v. United States</u>, 222 F.3d 528 (9th Cir.

4  2000), to argue (inconsistently) that a declaration is inappropriate to decide "issues

5  beyond the scope of a jury verdict." <u>Unocal</u> involved a complex regulatory statute

6  which *required* the issuance of a declaratory judgment.  The only issue was the

7  content of the required declaration:  "We hold that the OPA required the district

8  court to issue a declaration in this case. . . . .  The question that we must address is

9  precisely what the district court should have declared." <u>Id.</u> at 544.  Nothing in

10 <u>Unocal</u> supports a claim that a judge is barred from drawing conclusions from a jury

11 verdict or relying on its own conclusions of law.   <u>See</u> <u>Hartford Fire Ins. Co.</u>, 483

12 F.2d at 426 (noting that jury's general verdict necessitated findings of fact that

13 supported  district  judge's  declaration).   Mattel  properly  seeks  a  declaration

14 connecting this Court's rulings and the works and other matters that the jury found

15 were created by Bryant during his Mattel employment in its Phase 1A verdict.

16 **IV.**    **<u>MATTEL'S  CLAIM  FOR  DECLARATORY  RELIEF  IS  NOT</u>**

17 **<u>PREEMPTED BY THE COPYRIGHT ACT</u>**

18     **A.**    **<u>A State Law Claim For Ownership Of A Copyright Is Not</u>**

19 **<u>Preempted</u>**

20       Finally, defendants argue that Mattel's claim for declaratory relief is

21 preempted by the Copyright Act.  But this Motion does not concern infringement of

22 a copyright.  The Motion concerns ownership under Bryant's contract with Mattel.

23       The  Ninth  Circuit  has  repeatedly  held  that  actions  to  determine

24 ownership of rights in a work—as opposed to infringement of those rights—are not

25 preempted by copyright law.  <u>See, e.g.</u>, <u>Classic Media, Inc. v. Mewborn</u>, 532 F.3d

26 978 (9th Cir. 2008) (granting declaratory judgment of copyright ownership under

27 assignment agreement); <u>Dolch v. United California Bank</u>, 702 F.2d 178, 180 (9th

28 Cir. 1983) (holding that determination of ownership of copyright under assignment

1  contract was matter of state law); <u>T.B. Harms Co. v. Eliscu</u>, 339 F.2d 823, 825 (2d

2  Cir. 1964) (finding that action to determine ownership of copyright did not arise

3  under Copyright Act); <u>Scholastic Entertainment, Inc., v. Fox Entertainment Group,</u>

4  <u>Inc.</u>, 336 F.3d 982, 986 (9th Cir. 2003) (adopting <u>T.B. Harms</u>).   "State courts are

5  fully competent to adjudicate state-law breach of contract claims, even where the

6  underlying contract involves the ownership, assignment, or license of a copyright."

7  <u>Durgom v. Janowiak</u>, 74 Cal. App. 4th 178, 180 (Cal. Ct. App. 1999).   "A classic

8  example of a dispute not arising under the Copyright Act is a contract to assign title

9  to a work."  W.F. Patry, 5 <u>Patry on Copyright</u> § 18:25 (2008).

10          Such a declaration of ownership is exactly what Mattel seeks here.  The

11 Court affirmed that Mattel's claims of ownership based on assignment are not

12 preempted on summary judgment, when it found the Inventions Agreement fully

13 enforceable, and permitted Mattel's tortious interference with contract claim to go

14 forward.[6]  There is no basis to revisit these rulings here.  The declaration Mattel

15 seeks is not preempted.

16          **B.**     <u>**The Constructive Trust Remedy is Not Preempted By Copyright**</u>

17          Similarly, Mattel's request for a declaration of constructive trust is also

18 not preempted by the Copyright Act.  Mattel does not seek a constructive trust over

19 the copyrights for the Bratz *dolls*.  Its request applies only to the copyrights for the

20 underlying drawings and designs, which the MGA parties concede that Mattel owns

21 as a result of the jury verdict.  Again, the issue is not copyright infringement, but

22 ownership as defined by state law.  <u>See</u> <u>Rogers v. Yonce</u>, 2008 WL 2853207, *13

23 (N.D. Okla. July 21, 2008) (constructive trust not preempted because "the elements

24 of copyright infringement [were] not present in" claim); <u>A. Brod, Inc. v. SK & I Co.,</u>

25 _____

26      [6]   Order Granting in Part, Denying in Part, and Deferring in Part the Parties'
Motions for Partial Summary Judgment, dated April 25, 2008, at 2, 5, Supp. Kidman

27 Dec., Exh. C.

28

1  L.L.C., 998 F. Supp. 314, 323 (S.D.N.Y. 1998) (constructive trust not preempted
2  where based upon breach of duty of trust, and not copyright infringement); Brignoli
3  v. Balch Hardy and Scheinman, Inc., 645 F. Supp. 1201, 1204-1205 (S.D.N.Y.
4  1986) (state law claims seeking constructive trust not preempted where plaintiff
5  alleged more than unauthorized use of works).

6       Motown Record Corp. v. George A. Hormel & Co., 657 F. Supp. 1236
7  (C.D. Cal. 1987), which the MGA parties rely on in arguing for preemption, (Opp.
8  at 2), in fact undercuts their position.  The reason the constructive trust in that case
9  was preempted was precisely because "the constructive trust claims are rooted
10 primarily on contentions that defendants *infringed* on plaintiffs' copyrighted work."
11 657 F. Supp at 1241 (emphasis added).  That is explicitly *not* what Mattel is seeking
12 here.[7]   Mattel's right to a constructive trust is based on its ownership, not
13 infringement.

14       ## C.   The Court Can Declare MGA's Copyrights Are Invalid

15       The MGA parties point out that the Ninth Circuit has held that courts
16 lack jurisdiction to invalidate or cancel copyright registrations. (Opp. at 7).  The
17 case they rely on makes the distinction that is crucial here: courts do not determine
18 the sufficiency of the registration application (e.g., whether two copies of the
19 registered work were deposited, etc.).  The Copyright Office does that.  But courts
20 do adjudicate the validity of copyrights.

21

22  _____

23   [7]  Defendants also cite Food Lion, Inc. v. Capital Cities/ABC, Inc., 946 F. Supp.
24  420, 422 (M.D.N.C. 1996).  Food Lion, however, ignores the preemption analysis
     followed in the Ninth Circuit, which states that a claim is not preempted if it
25  "includes an 'extra element' that makes the right asserted qualitatively different from
     those protected under the Copyright Act."  Altera Corp. v. Clear Logic Inc., 424
26  F.3d 1079, 1089 (9th Cir. 2005).  It is therefore inapplicable here.  See A. Brod,
27  Inc., 998 F. Supp. at 323 n.5 (distinguishing Food Lion because its reasoning "is
     inconsistent with the extra element analysis").

28

1    In Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc., 307 F.3d
2  775 (9th Cir. 2002), the plaintiff did not dispute the validity of the copyright itself;
3  It only challenged the registration.  The Ninth Circuit declined to take up the clerical
4  aspects of the registration (whether the defendant had correctly deposited two copies
5  of the registered work), stating that such matters were better left to the Copyright
6  Office.  See id. at 779-782.  In so holding, the court distinguished between the
7  "typical lawsuit" cases where a party challenged the validity of the copyright
8  itself—which a court should hear and determine—and the validity of registration:

9         [I]t is important to note that Syntek does not seek a
10        declaratory judgment that Microchip's copyright is invalid,
11        just that Microchip's copyright registration is invalid.  This
12        is in contrast to the typical lawsuit, in which the validity of
13        the underlying copyright, not the validity of the
14        registration, is in dispute.  In such a case, the registration
15        is considered prima facie evidence of the validity of the
16        copyright, which can be challenged by presenting
17        evidence attacking the elements of a valid copyright, such
18        as ownership, copyrightable subject matter, and
19        originality.  Those issues are absent from the instant case
20        because Syntek's challenge is to the validity of the
21        registration, not the copyright.

22  Id. at 781 (emphasis added).  Mattel's claim—which was confirmed by the jury—
23  was and is that MGA does not have ownership of the Bratz works.  Consistent with
24  Syntek, this Court can and should declare that MGA's purported copyrights are
25  invalid.  See also Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d 1140,
26  1147 (9th Cir. 2003) (declaring copyright invalid for lack of originality); Bibbero
27  Systems, Inc. v. Colwell Systems, Inc., 893 F.2d 1104, 1108 (9th Cir. 1990)
28  (affirming invalidity of copyright of work that was not copyrightable subject

1  matter); <u>Carol Barnhart Inc. v. Economy Cover Corp.</u>, 773 F.2d 411, 418 (2d Cir.

2  1985) (same); <u>Fred Riley Home Bldg. Corp. v. Cosgrove</u>, 883 F. Supp. 1478, 1481

3  (D. Kan. 1995) (declaring copyright invalid because registrant was not owner of the

4  copyrighted work).  All the cases cited by MGA involve challenges to the copyright

5  *registrations*.[8]  If the Court does not declare that the Bratz copyrights are subject to

6  a constructive trust on behalf of Mattel, Mattel respectfully requests that the Court

7  declare those copyrights invalid.

8  **Conclusion**

9  For the foregoing reasons, Mattel respectfully requests that the Court grant

10  this motion in all respects.

11

12  DATED:  October 20, 2008          QUINN EMANUEL URQUHART OLIVER &
13                                    HEDGES, LLP

14                                    By /s/ Michael T. Zeller
15                                        Michael T. Zeller
                                          Attorneys for Mattel, Inc.

16

17

18

19

20

21

22

_____

23    [8]   See <u>Tiseo Architects, Inc., v. SSOE, Inc.</u>, 431 F. Supp. 2d 735, 740 (E.D.
24  Mich. 2006) (failure to identify design as derivative work); <u>Leegin Creative Leather
    Prods., Inc. v. M. M. Rogers & Co.</u>, 1994 WL 761725, at *2 (C.D. Cal. Oct. 24,
25  1994) (no claim of invalid copyright, only invalid registration); <u>Xerox Corp. v.
    Apple Computer, Inc.</u>, 734 F. Supp. 1542, 1547-48  (N.D. Cal. 1990) (seeking
26  cancellation of registration for, *inter alia*, failure to identify registered software as
27  derivative work in application).

28