THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>MGA PARTIES' RESPONSE TO MATTEL'S OBJECTIONS TO MGA PARTIES' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MGA PARTIES' STATEMENT OF POSITION ON PHASE 1C<br><br>Hearing Date:　November 10, 2008<br>Time:　　　　　1:00 PM |

MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian (collectively, the "MGA Parties"), respond to Mattel, Inc.'s Objections to the MGA Parties' Request for Judicial Notice in Support of their Statement of Position on Phase 1c Issues:

Exhibit 4   **Mattel's Objection**

To the extent the MGA Parties argue that documents filed with the United States Patent and Trademark Office Trademark Trial and Appeals Board ("TTAB") in support of an opposition by Lovins, Inc. to MGA Entertainment, Inc.'s trademark application for BRATZ should be noticed for the truth of the matters discussed therein, there is no legal support for MGA's position. It is well established that courts "may take judicial notice of a document filed in another court *not for the truth of the matters asserted* in the litigation, but rather to establish the fact of such litigation and related filings." USF Ins. Co. v. Clarendon Am. Ins. Co., 452 F. Supp. 2d 972, 978, n. 1 (C.D. Cal. 2006) (emphasis added); see also Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (same); Metoyer v. Carey, 2007 WL 611229, at *7 (E.D. Cal. 2007) ("To the extent that petitioner is asking the court to take judicial notice of any factual findings in [another case] and apply them to this case, that request should be denied. A court 'may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'") (cites omitted).

**MGA Parties' Response**

The MGA Parties do not request that the Court take notice of the truth of the matters asserted in Lovins, Inc.'s opposition. Indeed, as noted in the MGA Parties' Statement of Position on Phase 1c Issues ("Stmt."), MGA settled the dispute with Lovins, Inc., and acquired its trademark application, so the merits

of this opposition were never reached and no factual findings were ever made. (Stmt. at 16.)  The MGA Parties submit Exhibit 4 to establish the fact that Lovins, Inc.'s opposed MGA's registration of the BRATZ trademark.  (See id.)  As Mattel acknowledges, this is entirely proper, because courts "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the litigation, but rather to establish the fact of such litigation and related filings."  (Mattel Obj. at 1.)

Exhibit 5   **Mattel's Objection**

To the extent the MGA Parties argue that documents filed in a lawsuit by Lovins, Inc. against MGA Entertainment, Inc. should be noticed for the truth of the matters discussed therein, there is no legal support for MGA's position. It is well established that courts "may take judicial notice of a document filed in another court *not for the truth of the matters asserted* in the litigation, but rather to establish the fact of such litigation and related filings." USF Ins. Co. v. Clarendon Am. Ins. Co., 452 F. Supp. 2d 972, 978, n. 1 (C.D. Cal. 2006) (emphasis added); see also Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (same); Metoyer v. Carey, 2007 WL 611229, at *7 (E.D. Cal. 2007) ("To the extent that petitioner is asking the court to take judicial notice of any factual findings in [another case] and apply them to this case, that request should be denied. A court 'may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'") (cites omitted).

**MGA Parties Response**

The MGA Parties do not request that the Court take notice of the truth of the matters asserted in Lovins, Inc.'s complaint.  Indeed, as noted  in the MGA

| | |
|---|---|
| 1 | |
| 2 | Parties' Statement of Position on Phase 1c Issues ("Stmt."), MGA settled the dispute with Lovins, Inc., and acquired its trademark application, so the merits of this complaint were never reached and no factual findings were ever made. (Stmt. at 16.)  The MGA Parties submit Exhibit 5 to establish the fact that Lovins, Inc.'s opposed MGA's registration of the BRATZ trademark.  (See id.) As Mattel acknowledges, this is entirely proper, because courts "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the litigation, but rather to establish the fact of such litigation and related filings."  (Mattel Obj. at 2.) |

DATED:  October 20, 2008            SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                    By:      /s/ Thomas J. Nolan
                                                Thomas J. Nolan
                                         Attorneys for the MGA Parties