| | |
|---|---|
| QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>John B. Quinn (Bar No. 090378)<br>(johnquinn@quinnemanuel.com)<br>Michael T. Zeller (Bar No. 196417)<br>(michaelzeller@quinnemanuel.com)<br>Jon D. Corey (Bar No. 185066)<br>(joncorey@quinnemanuel.com)<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 | |

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>DECLARATION OF JUDY A. WILLIS<br><br>Date:  November 10, 2008<br>Time:  1 p.m.<br>Place:  Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-Off:     Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:            May 27, 2008 |

## DECLARATION OF JUDY A. WILLIS

I, Judy A. Willis, declare as follows:

1. I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. I am Senior Vice President, Business Affairs, at Mattel, Inc. in El Segundo, California. My responsibilities in that position include overseeing Mattel's in-licensing business. I have held the title of Senior Vice President, Business Affairs, since 1996 and been employed by Mattel since 1989.

3. I have been informed that MGA has asked the Court to order, in lieu of enjoining MGA, that Mattel license out Bratz-related properties for MGA to continue to produce Bratz dolls, in exchange for royalty payments (at a rate consisting of less than a fraction of one percent). This is inconsistent with standard toy industry practice and unworkable in the case of MGA.

4. As a matter of practice for as long as I have been with Mattel, Mattel does not license out to third parties its rights to manufacture fashion dolls, but instead licenses out its brands in categories where Mattel does not itself manufacture. This is consistent with standard industry practice, for several reasons. Most notably, doll manufacturers can earn substantially greater profit margins by producing their own fashion doll products, either through their own manufacturing facilities or through vendor-subcontractors (or a combination of both). Furthermore, doll manufacturers are able to further leverage fashion dolls to earn additional profits by selling accessories and other related merchandise -- an opportunity that is diminished if the fashion doll is licensed to a third party. Licensing out rights to manufacture fashion dolls also would divest doll manufacturers of critical elements of direct control over their core doll products and create unacceptable risks. As discussed further below, licensing a third party to produce fashion dolls under a royalty arrangement requires trust and puts, as a practical matter, important

responsibilities on the third party. Where that third party is in the business of manufacturing other, competing dolls, a conflict of interest also exists. Imposing upon Mattel a requirement that it license Bratz rights to MGA would be especially impractical and inappropriate from a business perspective.

5. For example, MGA is a competitor of Mattel. It manufactures dolls that compete with and take away sales of Mattel's BARBIE brand dolls and other dolls. Even assuming it could be done at all, it would make rational business sense for Mattel to license out its Bratz properties under these circumstances only if the royalty rate yielded a return that is greater than the total of (a) the profits that Mattel could earn from manufacturing and marketing the dolls itself <u>and</u> (b) the profits that Mattel would lose from the sales of its own dolls such as BARBIE as a result of Bratz sales. But even if this amount could be calculated, the fact that MGA is a competitor would create several conflicts of interest. MGA manufactures and sells fashion dolls such as "America's Next Top Model" that compete with other fashion dolls, including Bratz and BARBIE. MGA therefore would have incentives to attempt to sell these dolls at the expense of licensed dolls and therefore of Mattel.

6. Furthermore, in those instances where a license is granted as part of a voluntary business transaction, it is standard practice in the toy industry that a licensor approve its licensee's marketing plans. It is also standard toy industry practice for a licensor to coordinate the marketing of its licensee in order to, among other things, avoid overlap with the licensor's own products, which necessarily entails disclosing confidential information to the licensee about the licensor's own marketing plans. In the case of an imposed license to MGA for Bratz, however, Mattel would be forced either to rely entirely on MGA's manufacturing and marketing efforts for the licensed dolls, which would put Mattel at risk that those efforts fail or are less than optimal and that the licensed dolls continue to take away Mattel sales, or else to provide Mattel's confidential manufacturing and marketing information to MGA. As a matter of practice, of course, Mattel does not share

1 | confidential information such as this with a competitor. In this case, MGA is not only a competitor, but has already stolen Mattel property and Mattel trade secrets. As a result, imposing a license would pose substantial harm to Mattel. Mattel would be forced to either exercise control over the manufacture and marketing of the dolls (which would further compromise Mattel's confidential and trade secret information and force it into an unwanted relationship with a competitor) or else forego that control (which would deprive Mattel of control over its own property and would put Mattel and its property in the hands of MGA, which is untrustworthy, has conflicts of interest and does not adhere to Mattel standards).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 21, 2008, at El Segundo, California.

Judy A. Willis