1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3          EASTERN DIVISION

4          - - -

5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6          - - -

7   MATTEL, INC.,                    )
                                     )
8                   PLAINTIFF,       )
                                     )
9          VS.                       )    NO. CV 04-09049
                                     )
10  MGA ENTERTAINMENT, INC., ET. AL., )
                                     )
11                  DEFENDANTS.      )    POST-TRIAL
    _____    )    PROCEEDINGS
12  AND CONSOLIDATED ACTIONS,        )
    _____    )    PAGES 8321-8352

13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16          RIVERSIDE, CALIFORNIA

17          WEDNESDAY, AUGUST 27, 2008

18          8:47 A.M.

19

20

21

22

23          THERESA A. LANZA, RPR, CSR
            FEDERAL OFFICIAL COURT REPORTER
24          3470 12TH STREET, RM. 134
            RIVERSIDE, CALIFORNIA  92501
25          951-274-0844
            WWW.THERESALANZA.COM

8322

```
 1   APPEARANCES:

 2

 3   ON BEHALF OF MATTEL, INC.:

 4                        QUINN EMANUEL
                          BY:   JOHN QUINN
 5                              JON COREY
                                MICHAEL T. ZELLER
 6                        865 S. FIGUEROA STREET,
                          10TH FLOOR
 7                        LOS ANGELES, CALIFORNIA   90017
                          213-624-7707

 8

 9

10   ON BEHALF OF MGA ENTERTAINMENT:

11                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          BY:   THOMAS J. NOLAN
12                              JASON RUSSELL
                                LAUREN AGUIAR
13                              CARL ROTH
                          300 SOUTH GRAND AVENUE
14                        LOS ANGELES, CALIFORNIA   90071-3144
                          213-687-5000
15

16

17

18

19

20

21

22

23

24

25
```

WEDNESDAY, AUGUST 27, 2008                    POST-TRIAL PROCEEDINGS

8323

1                               I N D E X

2                                                          PAGE

3     PROCEEDINGS.....................................      8324

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

WEDNESDAY, AUGUST 27, 2008

                                        POST-TRIAL PROCEEDINGS

```
 1     RIVERSIDE, CALIFORNIA; WEDNESDAY, AUGUST 27, 2008; 8:47 A.M.
 2                            -oOo-
 3          THE CLERK:  CALLING CASE NUMBER CV 04-09049-SGL,
 4     MATTEL, INC., V. MGA, INC., ET AL.
 5          MAY WE HAVE COUNSEL PLEASE STATE YOUR APPEARANCES FOR
 6     THE RECORD.
 7          MR. QUINN:  JOHN QUINN, JON COREY FOR MATTEL.
 8          MR. NOLAN:  TOM NOLAN, LAUREN AGUIAR, CARL ROTH,
 9     DAVID HANSEN, AND JORDAN FEIRMAN ON BEHALF OF MGA AND
10     ISAAC LARIAN.
11          THE COURT:  GOOD MORNING, COUNSEL.
12          THERE'S A FEW LOGISTICAL THINGS THAT THE COURT WANTS
13     TO TAKE UP FIRST, AND THEN I'M GOING TO BE SEEKING INPUT FROM
14     COUNSEL IN TERMS OF WHERE WE GO FROM HERE.
15          FIRST OF ALL, WITH RESPECT TO EXHIBITS, THERE ARE
16     THREE CATEGORIES OF EXHIBITS THAT I WANT THE COURT CLERK TO
17     TAKE CUSTODY OF.  FIRST OF ALL, AS TO WHAT WE'VE BEEN REFERRING
18     TO AS THE FIRST GENERATION OF DOLLS.  THE COURT WANTS TO BE
19     ABLE TO HAVE ACCESS TO THOSE FOR ITS OWN PURPOSES IN TERMS OF
20     ANY MOTION WORK THAT'S COMING UP.  SO THOSE ARE TO BE LEFT WITH
21     MR. HOLMES.  SECOND, THE DRAWINGS, BOTH THE ORIGINAL
22     CARTER BRYANT SKETCH DRAWINGS, AS WELL AS ANY DRAWINGS THAT
23     WERE DONE HERE IN COURT -- ALL OF THOSE DRAWINGS WILL REMAIN IN
24     THE CUSTODY OF THE COURTROOM DEPUTY.  AND ACTUALLY, I CONFLATED
25     THE TWO.  THE DRAWINGS THAT CARTER BRYANT DID AND THE THIRD
```



1   THING ARE THE EXHIBITS THAT WERE CREATED DURING THE TRIAL

2   ITSELF.

3          EVERYTHING ELSE, WHICH IS BASICALLY ALL OF THE

4   DOCUMENTS AND ALL OF THE DOLLS AND PRODUCTS AND EVERYTHING, I

5   WANT THOSE TO BE MAINTAINED BY COUNSEL, ACTING AS OFFICERS OF        08:48

6   THE COURT, IN THEIR CUSTODY.  I WILL ASK COUNSEL TO PREPARE AN

7   APPROPRIATE ORDER.  I'M NOT REALLY SURE WHO SHOULD KEEP WHAT AT

8   THIS POINT, BUT I'LL LEAVE THAT UP TO COUNSEL TO WORK OUT.  AND

9   THOSE ARE JUST TO BE MAINTAINED IN A SECURE PLACE.  WE JUST

10  DON'T HAVE THE PHYSICAL SPACE HERE TO STORE ALL OF THE DOLLS        08:48

11  AND TOYS.

12         SECOND, THE COURT WILL BE SENDING OUT, AS IT ALWAYS

13  DOES AFTER A TRIAL, A LETTER TO EACH OF THE JURORS, THANKING

14  THEM FOR THEIR SERVICE.  THERE WAS ONE JUROR THAT I NEED TO

15  INCLUDE SOMETHING THAT COUNSEL WILL NEED TO WORK OUT AND            08:49

16  PROVIDE THAT TO THE COURT TO INCLUDE IN THAT LETTER, AND I

17  TRUST THAT COUNSEL WILL WORK ON DOING THAT.

18         THOSE WERE THE TWO ADMINISTRATIVE ISSUES THAT I

19  WANTED TO TAKE UP.

20         THE THIRD POINT NOW, I SUPPOSE, IS TO TURN IT TO YOU         08:49

21  AND ASK, FROM EACH OF YOUR PERSPECTIVES, WHERE DO WE GO FROM

22  HERE AND HOW DO YOU SEE THIS PROCEEDING?

23         MR. QUINN?

24         **MR. QUINN:**  THANK YOU, YOUR HONOR.

25         WE HAVE A FAIR AMOUNT OF WORK LEFT, IS OUR VIEW OF           08:49

8326

1     THIS, YOUR HONOR.

2            THERE ARE A NUMBER OF MOTIONS, AND I'VE GOT A LIST OF

3     THEM, THAT FROM MATTEL'S PERSPECTIVE, WE WOULD LIKE TO BRING.

4     I'M SURE THE DEFENSE HAS THEIR OWN LIST AS WELL.  THERE'S A

5     CLAIM FOR DECLARATORY RELIEF, WHICH WE THINK -- IT'S FOR THE          08:49

6     COURT TO ENTER AN ORDER GRANTING DECLARATORY RELIEF RELATING TO

7     OWNERSHIP OF THE BRATZ WORKS WHICH WERE DETERMINED IN PHASE

8     1-A.

9            WE WANT TO BRING A MOTION FOR WHAT AT THIS POINT

10    WOULD BE A PRELIMINARY INJUNCTION, DIRECTED TO THE BRATZ DOLLS,        08:50

11    BASED UPON THE FINDING OF INFRINGEMENT.

12           THIRD WOULD BE A MOTION FOR A CONSTRUCTIVE TRUST

13    RELATING TO THE TRADEMARK AND THE RIGHTS IN THE NAME "BRATZ."

14           UNDER THE FEDERAL RULES, WE HAVE TEN DAYS -- BOTH

15    PARTIES HAVE TEN DAYS IN WHICH TO BRING WHAT USED TO BE CALLED         08:50

16    JNOV, NOW RENEWED JMOL MOTIONS; SO THAT'S WITHIN TEN DAYS AFTER

17    THE JURY IS DISCHARGED.

18           **THE COURT:**  AND I TRUST THAT THE NEW JMOL MOTION THAT

19    YOU'LL BE BRINGING WILL INCORPORATE IN THE ONE THAT IS

20    CURRENTLY PENDING BEFORE THE COURT?                                   08:51

21           **MR. QUINN:**  YES, YOUR HONOR.

22           AND THEN NEW TRIAL MOTIONS ARE UNDER THE SAME SPEEDY

23    TIMETABLE.  THEY DON'T NEED TO BE FILED UNDER 59(B) UNTIL, AS

24    WE READ IT, TEN DAYS -- THEY BECOME TOO LATE TEN DAYS AFTER

25    ENTRY OF JUDGMENT, BUT THEY CAN BE FILED BEFORE THEN.                 08:51

8327

1    AND WE'RE STILL LOOKING AT THE JURY'S VERDICT AND

2    TRYING TO SORT OUT WHAT OUR PERSPECTIVE IS ON THAT, YOUR HONOR.

3        THE COURT:  WHETHER OR NOT YOU'RE GOING TO SEEK A NEW

4    TRIAL?

5        MR. QUINN:  YES, YOUR HONOR.                              08:51

6        THERE'S A STATUTORY UNFAIR COMPETITION CLAIM, WHICH

7    IS FOR THE COURT TO DECIDE; THERE'S NO JURY TRIAL RIGHT ON

8    THAT.

9        THE COURT:  AND THERE ARE STILL THE EQUITABLE

10   DEFENSES.                                                      08:51

11       MR. QUINN:  THERE'S THAT AS WELL, YOUR HONOR.

12       THE COURT:  HOW WOULD YOU PROPOSE THE STATUTORY

13   UNFAIR COMPETITION CLAIM AND THE EQUITABLE DEFENSES BEING

14   HANDLED?

15       MR. QUINN:  THE STATUTORY UNFAIR COMPETITION CLAIM,   08:52

16   JUST THINKING OFF THE TOP OF MY HEAD, YOUR HONOR, IT SEEMS TO

17   ME THAT THAT CAN BE DECIDED ON THE EXISTING RECORD.  I DON'T

18   KNOW THAT THERE'S ANY OTHER EVIDENCE THAT WE'D WANT TO PROFFER

19   ON THAT, ALTHOUGH I GUESS I'D LIKED A CHANCE TO THINK ABOUT

20   THAT.  BUT MY GUT REACTION IS THAT THAT'S SOMETHING THAT CAN   08:52

21   JUST BE DONE ON THE PAPERS.

22       I'LL LEAVE IT TO THE DEFENSE TO STATE THEIR POSITION

23   ABOUT THE EQUITABLE DEFENSES.  THEY MAY HAVE SOME ADDITIONAL

24   EVIDENCE THEY WANT TO PRESENT TO THE COURT.  I DON'T KNOW THAT

25   WE DO ON THE MATTEL SIDE.                                      08:52

WEDNESDAY, AUGUST 27, 2008                    POST-TRIAL PROCEEDINGS

8328

1        THE COURT:   OKAY.

2        MR. QUINN:   I ALSO HAD ON MY LIST THE HEARING ON THE

3    PENDING JMOLS, BUT IT SEEMS LIKE THAT CAN GET WRAPPED INTO THE

4    RENEWED JMOLS.

5        THE COURT:   THAT WOULD BE THE COURT'S PREFERENCE.          08:52

6        MR. QUINN:   AND THEN WE GET INTO ISSUES RELATING TO

7    PHASE 2.

8        WE WOULD REQUEST THAT THE PHASE 2 DISCOVERY NOW GO

9    FORWARD AND THAT THE STAY ON PHASE 2 DISCOVERY BE LIFTED.  WE'D

10   ASK FOR MAYBE THAT NOT TO BECOME EFFECTIVE UNTIL NEXT          08:53

11   WEDNESDAY, TO GIVE EVERYBODY A CHANCE TO JUST TAKE A BREATHER

12   HERE.  PLUS, WE'RE NOT SURE HOW SHORT SOME OF THE DEADLINES

13   WERE, HOW CLOSE WE WERE UP TO SOME OF THE DEADLINES FROM WHICH

14   TO APPEAL ORDERS AND THINGS LIKE THAT WHEN THE STAY WENT INTO

15   EFFECT.  AND I'M CONCERNED THAT WE MIGHT NOT BE ABLE TO -- IF  08:53

16   WE WERE TOLD TODAY THAT THE STAY WAS LIFTED, I'M NOT SURE THAT

17   WE --

18       THE COURT:   TO APPEAL DISCOVERY ISSUES FROM BEFORE --

19       MR. QUINN:   YES.  JUST AS AN EXAMPLE.

20       WE MAY HAVE BEEN RIGHT UP, WITHIN A MATTER OF 24,          08:53

21   48 HOURS, AGAINST SOME DEADLINES.  WE DO BELIEVE IT'S

22   APPROPRIATE THAT PHASE 2 DISCOVERY GO FORWARD.  BUT IF THE STAY

23   COULD BE LIFTED MAYBE THE MIDDLE OF NEXT WEEK, THAT WOULD GIVE

24   US A CHANCE TO SORT OUT WHERE WE ARE.

25       THE COURT:   THAT'S SOMETHING THAT I WANT TO -- I          08:54

1   THINK I'D INDICATED -- AND I'M NOT GOING TO GO INTO TOO MUCH

2   DETAIL OF THIS ON THE RECORD, BECAUSE I'M SURE COUNSEL WILL

3   RECALL THE COURT'S DISCUSSIONS OF THE DISCOVERY MASTER AND THAT

4   PROCEDURE, SO THERE MAY BE -- WE CAN TAKE THAT UP --

5           MR. QUINN:   THAT WAS ON MY LIST AS WELL.                08:54

6           AT THE VERY TOP OF OUR -- JUST TO SORT OF SIGNAL

7   THIS -- AT THE TOP OF OUR LIST REGARDING PHASE 2 DISCOVERY ARE

8   THE MUCH-SOUGHT-AFTER DEPOSITIONS OF MR. MACHADO AND

9   MR. CASTILLO, WHO WE HAVE BEEN SEEKING TO DEPOSE FOR MONTHS, IF

10  NOT YEARS; AND THOSE, FROM OUR PERSPECTIVE, WILL BE A FIRST      08:54

11  ORDER OF BUSINESS THERE.

12          WE WOULD SUGGEST THAT THE COURT SET A DATE FOR A

13  RULE 16 CONFERENCE FOR THE PHASE 2 TRIAL, TO SET UP A

14  CONFERENCE AND A SCHEDULING ORDER, TO ESTABLISH A TRIAL DATE,

15  TO ESTABLISH A DISCOVERY CUTOFF DATE AND ANY OTHER NECESSARY     08:55

16  PRETRIAL DATES.   THAT'S OUR LIST.

17          WE WOULD REQUEST, YOUR HONOR, WITH RESPECT TO MOTIONS

18  -- I CERTAINLY UNDERSTAND THE WISDOM OF THE REGIME DURING

19  TRIAL, THAT THE PARTIES NOT BE FILING MOTIONS WITHOUT FIRST

20  GETTING LEAVE OF COURT -- AT THIS POINT, WE WOULD REQUEST        08:55

21  PERMISSION TO BE ABLE TO FILE MOTIONS WITHOUT LEAVE OF COURT,

22  BEING ABLE TO FILE ANY MOTIONS THAT ARE OTHERWISE APPROPRIATE

23  UNDER THE FEDERAL RULES OR THE LOCAL RULES OF THE CENTRAL

24  DISTRICT.

25          THE COURT:   THAT WAS A TRIAL TIME RULE; IT WAS          08:55

8330

1    LIMITED TO THAT.

2            MR. QUINN:  THAT'S THE END OF THE LIST, YOUR HONOR.

3            THE COURT:  ONE THING THAT'S NOTABLY ABSENT FROM YOUR

4    LIST OF ITEMS, COUNSEL, IS ANY DISCUSSION OF AN EFFORT TO

5    SETTLE OR RESOLVE THIS MATTER.                                08:55

6            THE COURT HAS TO BELIEVE THAT THERE MUST BE AN

7    ECONOMIC INTEREST, IF NOT A REAL INTEREST, ON BOTH SIDES

8    CONSIDERING A RESOLUTION OF THIS MATTER AT THIS JUNCTURE.  MY

9    SENSE IS THAT IT'S AN APPROPRIATE TIME TO AT LEAST CONSIDER

10   THAT OPTION.                                                  08:56

11           IS THAT SOMETHING THAT MATTEL WOULD BE OPEN TO?

12           MR. QUINN:  YOUR HONOR, TO BE AS DIRECT WITH YOU AS I

13   POSSIBLY CAN, WE WILL DO WHATEVER THE COURT WOULD LIKE US TO

14   DO.  WE KNOW THAT THE COURT HAS AN INSTITUTIONAL INTEREST IN

15   PROMOTING SETTLEMENT.  IT IS MY FIRM BELIEF -- AND I BELIEVE IT  08:56

16   IS ALSO THE BELIEF OF MR. NOLAN; OF COURSE, HE'LL SPEAK FOR

17   HIMSELF -- THAT ISN'T LIKELY TO GET ANYWHERE AT THIS POINT.

18   WE'RE STILL -- THERE'S TOO MUCH IN PLAY AT THIS POINT.

19           THE COURT:  I UNDERSTAND.  I APPRECIATE THAT.

20           MR. QUINN:  I'M JUST BEING PERFECTLY CANDID.          08:56

21           WE WILL DO WHATEVER THE COURT PREFERS.  I MEAN, THERE

22   IS THE WHOLE ISSUE OF PHASE 2 AND THE INCOMPLETE DISCOVERY OF

23   PHASE 2, AND WHAT ALL THAT MEANS; THE SCOPE OF WHAT HAPPENED

24   THERE -- THE COURT'S FAMILIAR WITH THE ALLEGATIONS; THE SCOPE

25   OF WHAT HAPPENED, WHERE IT WENT, HOW FAR IT WENT.  TO CLOSE THE  08:57

8331

1    BOOK ON THAT WITH A SETTLEMENT, WITHOUT SORT OF GETTING TO THE

2    BOTTOM OF THAT, IS A TOUGH ROW TO HOE.

3          THEN WE ALSO HAVE THE ISSUE OF THE SIGNIFICANCE AND

4    MEANING AND SCOPE OF THE JURY'S VERDICT IN THIS CASE, AND

5    ISSUES ABOUT INJUNCTIVE RELIEF AND WHETHER AND WHAT KIND OF                08:57

6    RELIEF THERE MIGHT BE.

7          I THINK THERE'S TOO MUCH IN PLAY.  AND JUST GIVEN THE

8    DYNAMICS OF THE SITUATION -- AND I SAY THIS HAVING SPENT A FAIR

9    AMOUNT OF TIME DISCUSSING SETTLEMENT WITH AMBASSADOR PROSPER --

10   IT'S MY OPINION THAT, AT LEAST IN THE SHORT RUN, MAYBE THE                 08:57

11   INTERMEDIATE RUN, IT'S NOT GOING TO GET US ANYWHERE.

12         THE COURT:  I GUESS I WAS HOPING PRECISELY BECAUSE

13   THERE IS SO MUCH IN PLAY AND THAT THE JURY'S VERDICT BOTH IN

14   PHASE 1-A AND PHASE 1-B RAISED SOME QUESTIONS -- I WOULD THINK

15   FOR BOTH SIDES THAT THAT MIGHT BE PRECISELY AN INCENTIVE TO                08:58

16   CONSIDER A RESOLUTION.

17         THE ONE THING THAT IS CLEAR IS THAT WE HAVE A PRODUCT

18   THAT IS A PROFITABLE PRODUCT; AND REGARDLESS OF HOW IT PLAYS

19   OUT, I PRESUME IT IS IN THE ECONOMIC INTEREST OF EVERYONE TO

20   MAINTAIN IT AS A PROFITABLE PRODUCT.                                       08:58

21         MR. QUINN:  YES, YOUR HONOR.  NO ONE COULD QUARREL

22   WITH WHAT THE COURT HAS SAID.  IT'S A COMPLEX SITUATION.

23         AND IT'S A COMPLEX SITUATION, NOT ONLY BECAUSE OF

24   SOME LEGAL ISSUES THAT ARE NOT INVOLVED IN THIS CASE, BUT ALSO,

25   AS SOMETIMES HAPPENS, BECAUSE OF THE NATURE OF THE HUMAN BEINGS           08:58

WEDNESDAY, AUGUST 27, 2008                              POST-TRIAL PROCEEDINGS

```
 1   INVOLVED.
 2        THE COURT:  IT'S THAT LATTER POINT THAT I'M HOPING --
 3   AND I UNDERSTAND THAT SOMETIMES, WITH HUMAN NATURE BEING WHAT
 4   IT IS, THOSE THINGS CAN KIND OF RISE TO THE TOP.  BUT AT THE
 5   END OF THE DAY, MATTEL IS ULTIMATELY RESPONSIBLE TO ITS          08:59
 6   SHAREHOLDERS, MGA IS RESPONSIBLE TO ITS EMPLOYEES AND ITS
 7   ECONOMIC INTERESTS, AND SUCH PERSONAL CONCERNS NEED TO BE
 8   CHECKED.
 9        MR. QUINN:  ABSOLUTELY, YOUR HONOR.  THE COURT IS
10   ABSOLUTELY RIGHT.  AND I KNOW MR. NOLAN HAS WORKED HARD TO DEAL   08:59
11   WITH THAT, AS I HAVE, AND THE FOLKS ON OUR SIDE, TO DEAL WITH
12   THAT.
13        MR. NOLAN, IF HE SEES IT DIFFERENTLY, HE WILL, IN TWO
14   MINUTES, I'M SURE, TELL YOU HE SEES IT DIFFERENTLY.  HE AND I
15   HAVE HAD DISCUSSIONS AND I'M ANTICIPATING HOW HE SEES THIS,      08:59
16   BUT...
17        THE COURT:  VERY WELL.  THANK YOU, COUNSEL.
18        MR. NOLAN?
19        MR. NOLAN:  YOUR HONOR, IF I MIGHT JUST GO TO THE
20   LAST TOPIC FIRST, BECAUSE I THINK THIS IS ONE TIME WHEN          08:59
21   MR. QUINN MISAPPREHENDS MY VIEW OF THE SITUATION.
22        CANDIDLY, YOUR HONOR, I THINK THE JURY'S VERDICT
23   UNDERSCORES WHY AN EFFECTIVE MEDIATION, WHERE BOTH SIDES ARE
24   ACTING IN GOOD FAITH, COULD HAVE BEEN, SHOULD HAVE BEEN,
25   ADDRESSED WITH MORE VIGOR AT VARIOUS TIMES.                      09:00
```



1        THE COURT HAS HEARD IN ARGUMENT, MOTIONS *IN LIMINE,*

2    WITH RESPECT TO MOTIVATIONS BEHIND THIS WHOLE COURSE OF

3    LITIGATION IN THE FIRST INSTANCE.  I REPRESENT TO THE COURT

4    THAT MR. LARIAN, ACTING AS AN INDIVIDUAL AS WELL AS THE PRIMARY

5    SHAREHOLDER OF MGA, HAS EXPRESSED A WILLINGNESS TO SIT DOWN AND

6    MEET, AND HAS MET REPEATEDLY, WITH THE COURT-APPOINTED

7    MEDIATOR.

8        I SPOKE TO THE COURT-APPOINTED MEDIATOR LAST EVENING,

9    ADDRESSING THIS VERY POINT.

10       I THINK WHETHER OR NOT YOU'RE ADDRESSING IT FROM THE

11   SHAREHOLDERS' PERSPECTIVE, THE WELL-BEING OF THE EMPLOYEES OF

12   MGA, THAT WE NEED TO SIT DOWN AND HAVE AN OPPORTUNITY TO HAVE A

13   FACE-TO-FACE MEETING WITH THE AMBASSADOR, WHO I BELIEVE IS

14   PARTICULARLY EQUIPPED TO TRY TO DEAL WITH THE SITUATION.

15       RESPECTFULLY, YOUR HONOR, WE'VE HAD ONLY ONE MEETING.

16   THAT MEETING, I BELIEVE, TOOK NO MORE THAN THREE HOURS.

17       GIVEN THE COST ALONE OF THIS PROCESS, THAT WE'VE

18   BORNE THE COST OF HALF OF IT, IT'S HARD TO JUSTIFY THE LACK OF

19   INTEREST THAT WE SEE HERE.  BUT NEVERTHELESS, MY PROPOSAL,

20   YOUR HONOR, WOULD BE THAT THIS COURT NOT ACCEPT MATTEL'S

21   INVITATION TO GO WILLY-NILLY, FULL BORE, 80 MILES AHEAD, LET'S

22   OPEN UP DISCOVERY ON PHASE 2, LET'S DO ALL OF THIS STUFF,

23   WITHOUT A -- I WOULDN'T DESCRIBE IT AS A COOLING-OFF PERIOD OF

24   TIME, BUT WITHOUT A TIME WHERE THE PARTIES ARE DEVOTED TO

25   SITTING DOWN AND EXPLORING THE OPTIONS AVAILABLE, GIVEN THE

8334

1   JURY'S INPUT FROM 1-A AND 1-B.

2        THE COURT IS ABSOLUTELY RIGHT, THE JURY VERDICT,

3   REGARDLESS OF HOW YOU VIEW IT, IS INFORMATIVE ON BOTH SIDES ON

4   WHAT THE FUTURE OF THIS LITIGATION COULD LOOK LIKE.

5        I KNOW THAT MR. QUINN FEELS VERY STRONGLY ABOUT

6   PHASE 2 AND ALL OF THE ALLEGATIONS.  BUT I SAT THROUGH A TRIAL

7   FOR, I DON'T KNOW, THE LAST MONTH FOR SURE, WHERE MR. LARIAN

8   WAS DESCRIBED AS A THIEF, STOLE THIS, STOLE THAT; AND THE

9   CONVERSION CLAIM COMES IN AT $31,000.  THE JURY JUST HAS A WAY

10  OF, I THINK, PUTTING YOU BACK ON YOUR HEELS AND TRYING TO PUT

11  SOME THINGS IN PERSPECTIVE.  BUT WITHOUT THE COURT'S ACTIVE

12  INSISTENCE THAT THIS PROCESS BE MEANINGFUL -- AND I CAN ONLY BE

13  AS CANDID AS I CAN BE IN THAT REGARD, YOUR HONOR -- WE CAN ONLY

14  GO TO THE DANCE ALONE SO MANY TIMES, IF THIS IS GOING TO BE

15  PRODUCTIVE.

16       WE THINK IT COULD BE PRODUCTIVE, AND THE ATTITUDE OF

17  MATTEL IS MAYBE THAT IT'S NOT; BUT I THINK THAT

18  AMBASSADOR PROSPER SHOULD BE GIVEN A SHOT TO DO IT.  SO I WOULD

19  ASK THAT BE BUILT INTO THE SCHEDULE.

20       HAVING SAID THAT, LET ME TURN TO -- AND BY THE WAY,

21  MY COMMENT AND MY REFERENCES OR MY SUGGESTION THAT PARTIES MAY

22  OR MAY NOT BE ACTING IN GOOD FAITH ARE MEASURED -- THEY'RE JUST

23  ONE MAN'S OPINION.

24       **THE COURT:**  FAIR ENOUGH.

25       **MR. NOLAN:**  BUT WITH RESPECT TO THE ISSUE OF PHASE 2

09:03
09:03
09:03
09:04
09:04



1   DISCOVERY, I THINK THAT GETS WRAPPED UP IN THIS DISCUSSION I'VE

2   HAD ABOUT AMBASSADOR PROSPER.  THERE'S ALSO LOGISTICAL

3   QUESTIONS AND TIMING QUESTIONS WITH RESPECT TO PHASE 2 AND A

4   RULE 16 CONFERENCE THAT I THINK CONTINUING THE STAY IS THE

5   BETTER WISDOM, YOUR HONOR, GIVEN THE AMOUNT OF WORK THAT STILL    09:04

6   IS LEFT ON THIS CASE.

7        WE'RE NOT THROUGH, EFFECTIVELY, WITH THE TRIAL, SO

8   WITH ALL DUE RESPECT TO MATTEL, PHASE 2 IS NOT A BURNING ISSUE,

9   WHERE LIVES ARE AT STAKE.  I MEAN, MY GOSH, THE RESOURCES THAT

10  HAVE BEEN DEVOTED TO THIS CASE ARE STAGGERING, FROM BOTH SIDES;  09:05

11  BUT MORE IMPORTANTLY, UPON THE COURT'S STAFF.  I MEAN, WE'VE

12  MONOPOLIZED YOUR TIME FOR FAR TOO LONG.  AND THE OTHER ISSUE

13  THAT WE NEED TO RESOLVE REALLY IS CRITICAL TO RESOLVE BEFORE WE

14  COULD LAUNCH INTO ANY PHASE 2 DISCOVERY ISSUES.  AND THAT'S THE

15  ISSUE THAT WE'VE TALKED ABOUT OFF THE RECORD WITH RESPECT TO     09:05

16  GOING FORWARD AND HOW WE HANDLE CERTAIN DISCOVERY ISSUES.

17       TURNING TO THE LIST, OUR LIST, OF COURSE, THE TRIAL

18  IS NOT OVER TECHNICALLY.  THE EQUITABLE RELIEF CLAIMS ARE STILL

19  THERE TO BE DEALT WITH AND TRIED.  WE HAVE LACHES, WAIVER,

20  ESTOPPEL, AND MAYBE -- I MISSED THE LIST -- MAYBE THERE'S ONE

21  OR TWO OTHER ON THERE, BUT THOSE ARE THE CORE ONES.             09:05

22       FRANKLY, WE MET LAST NIGHT.  WE MET AGAIN THIS

23  MORNING.  I DON'T HAVE A PRINCIPLED WAY OF APPROACHING THIS YET

24  OR SUGGESTING IT.  IT MAY BE THAT WE, TOO, ARE COMFORTABLE WITH

25  THE RECORD, BUT IT'S GOING TO TAKE MORE THAN AN EVENING OF       09:06



1    LOOKING AT IT AND CONSIDERING IT TO TELL YOU THAT WE COULD DO

2    IT BY WAY OF WRITTEN SUBMISSIONS.  AND MAYBE THERE ARE OTHER

3    PARTS OF THE RECORD THAT NEED TO BE DESIGNATED.  BUT WE NEED

4    TO, FIRST OF ALL, END THE TRIAL IN THE SENSE OF HAVING

5    AFFIRMATIVE DEFENSES.                                        09:06

6         WE THINK THAT, OBVIOUSLY, A MOTION FOR REMITTITUR,

7    WHICH WE BELIEVE IS THE PROCEDURAL VEHICLE WHICH ADDRESSES, WE

8    THINK, ONE OF THE BURNING ISSUES, AND THAT IS, HOW DO YOU

9    INTERPRET THE JURY'S VERDICT?  WHAT ARE THE DUPLICATIVE AWARDS,

10   IF ANY?                                                      09:06

11        WE CERTAINLY HAVE A VIEW OF IT.  I'VE READ THE PRESS

12   ACCOUNTS.  I THINK THAT MR. QUINN HAS A DIFFERENT WAY OF

13   COUNTING THAN WE DO, AND ANALYZING IT.  WE THINK THAT THERE'S

14   DUPLICITY BETWEEN CLAIMS AS WELL AS INDIVIDUALS.  BUT THAT'S

15   FOR ANOTHER DAY.  THAT'S A SIGNIFICANT ISSUE THAT WE NEED TO BE 09:07

16   RAISING WITH THE COURT.

17        THE QUESTION OF A PRELIMINARY INJUNCTION -- THEY HAVE

18   RAISED THAT.  I SAW THAT.  I WAS INTERESTED IN SEEING THE

19   CONTRAST IN THE PRESS ACCOUNTS THAT THAT'S WHAT THEY MAY SEEK

20   AND I WENT BACK LAST NIGHT AND LOOKED AT SOME OF THE STATEMENTS 09:07

21   THAT WERE MADE ON THE RECORD, IN PARTICULAR AROUND THE TIME

22   WHEN THE QUESTION OF WHETHER OR NOT MATTEL WOULD BE SEEKING

23   INJUNCTIVE RELIEF AND WHETHER OR NOT THAT SHOULD BE ADMISSIBLE

24   BEFORE THE JURY.  NOW, IT MAY BE IN CONTRAST, BUT DESPITE THAT,

25   YOUR HONOR, WE THINK THAT THE QUESTION OF A PRELIMINARY       09:07

1   INJUNCTION, OR AN INJUNCTION, IN LIGHT OF THE FOUR FACTORS

2   UNDER EBAY, WILL BE SOMETHING THAT THE COURT WILL HAVE TO TAKE

3   INTO CONSIDERATION.

4           OUR VIEW OF IT RIGHT NOW, IT'S NO SURPRISE, IS THAT

5   AGAINST A CLAIM OF $1.8 BILLION IN COPYRIGHT INFRINGEMENT, THE      09:07

6   JURY AWARDING THE COPYRIGHT INFRINGEMENT, IN TOTAL,

7   $10 MILLION, WITHOUT REGARD TO WHETHER OR NOT THERE'S ANY

8   DUPLICITY IN THAT NUMBER, REALLY POINTS OUT THAT THERE IS NO

9   HARM GOING FORWARD TO MATTEL.  THIS IS NOT A CLAIM, AS THE

10  COURT IS WELL AWARE, WHERE MATTEL HAS EVER MADE AN ARGUMENT         09:08

11  THAT THEY'VE EVER BEEN HARMED OR INJURED.  BARBIE SALES HAVE

12  NEVER BEEN AFFECTED.  I MEAN, THEIR BUSINESS IS NOT BEING

13  AFFECTED BY THE PROFITABILITY OF BRATZ.  THE ONLY THING THAT

14  COULD BE IMPACTED HERE WOULD BE THE CONTINUED SUCCESS OF BRATZ.

15          AND I THINK THAT WHEN WE GET TO THAT POINT -- AND           09:08

16  WHETHER OR NOT THEY'RE GOING TO FILE IT WITHIN TEN DAYS OR

17  WHATEVER THEY WANT TO DO -- I WOULD JUST ASK THAT ALL OF THIS

18  BE RATCHETED BACK A LITTLE BIT.

19          I KNOW THE COURT IS IN TRIAL RIGHT NOW.  AND AS

20  SHOCKING AS IT IS FOR BOTH SIDES -- AND I SAY THIS FOR             09:08

21  MR. QUINN AS WELL AS MYSELF -- THAT WE WILL GO HOME AND RETURN

22  TO OUR RESPECTIVE FAMILIES AND COMMUNITIES AND REALIZE THAT NOT

23  EVERYBODY IS SO FASCINATED WITH BRATZ AND DOLLS AS WE MAY HAVE

24  BEEN FOR THE LAST FIVE MONTHS.  SO AS WE REENTER SOCIETY, MAYBE

25  A NEW PERSPECTIVE WILL BE PUT ON ALL OF THIS.  AND I DON'T         09:09

WEDNESDAY, AUGUST 27, 2008                    POST-TRIAL PROCEEDINGS

1    THINK THAT IT GETS TO THE POINT OF THIS URGENCY.

2         I APPRECIATE THE LONG LIST; IT'S STAGGERING; IT'S NOT

3    SURPRISING; BUT I THINK, YOUR HONOR, A BETTER COURSE WOULD BE

4    TO ORDER US TO MEET AT A CERTAIN TIME WITH THE AMBASSADOR, TO

5    PUT IT ON THE AMBASSADOR TO REPORT TO THE COURT WHEN HE        09:09

6    BELIEVES WE'VE GOTTEN TO THE STAGE WHERE NOTHING MORE CAN BE

7    ACCOMPLISHED.

8         I'M NOT PRIVY, OBVIOUSLY, TO THE REPORTS THAT THE

9    COURT HAS RECEIVED TO-DATE.  I JUST SUSPECT THAT RIGHT NOW

10   NOBODY COULD CAST ASIDE THE MEANINGFUL AND PURPOSEFUL EFFORT OF   09:09

11   MEETING WITH THE AMBASSADOR.

12        WITH RESPECT TO SOME OF THE OTHER ARGUMENTS THAT

13   MR. QUINN HAS MADE WITH RESPECT TO MOTIONS FOR DECLARATORY

14   RELIEF, A CONSTRUCTIVE TRUST, ALL OF THOSE, I THINK A BRIEFING

15   SCHEDULE MIGHT BE IN ORDER FOR ALL OF THIS.  I MEAN, NONE OF    09:10

16   THIS IS REALLY DRIVEN BY RULES THAT ARE ETCHED IN STONE, WHERE

17   THEY CANNOT, WITH THE DISCRETION OF THE COURT, BE ENLARGED FOR

18   SOME PERIOD OF TIME.  AND I THINK THAT'S THE BETTER WISDOM,

19   ALLOWING US ENOUGH TIME TO INCORPORATE SOME OF THE JMOL ISSUES

20   AGAIN AND REFILE THEM.                                         09:10

21        THE EARLIEST THAT I WOULD RECOMMEND, YOUR HONOR, THAT

22   WE FILE ANYTHING WITH THE COURT WOULD BE TO JUST TAKE IT ON A

23   NORMAL 30-DAY FROM THE FINAL JUDGMENT.  WE DON'T EVEN HAVE A

24   JUDGMENT IN THIS CASE.

25        YOU KNOW, PART OF ME COULD SAY THIS IS ALL PREMATURE      09:10

8339

1   BECAUSE WE HAVEN'T FINISHED THE TRIAL, BUT I'M JUST TRYING TO

2   DO SOMETHING CONSTRUCTIVE TO THE COURT AND SAY LET'S GO TO

3   AMBASSADOR PROSPER; WITHIN THE SAME PERIOD OF TIME, WORK OUT A

4   BRIEFING SCHEDULE WHERE WE CAN SUBMIT A REPORT TO THE COURT AT

5   A STATUS CONFERENCE.  THE EARLIEST WE THINK THAT ANY MOTION         09:11

6   SHOULD BE FILED WOULD BE 30 DAYS.  IF MY CALCULATIONS ARE

7   RIGHT, IT WOULD BE MONDAY, THE 29TH OF SEPTEMBER.  AND THAT

8   WOULD ONLY BE PREMISED ON THE FACT THAT WE COULD GET A

9   RESERVATION ON THE COURT'S CALENDAR FOR OCTOBER 27TH.  I DON'T

10  KNOW IF THAT WOULD BE WITHIN THE COURT'S TIME.                      09:11

11        BUT JUST IN SUMMARY, YOUR HONOR, I WANT TO GO BACK TO

12  ONE THING, AND THAT IS, I THINK WE OWE IT TO YOU TO COME IN

13  HERE WITH A MORE INFORMED PLAN THAT WILL ASSIST THE COURT IN

14  TERMS OF HOW WE'RE GOING TO BE DEALING WITH THIS.

15        AND I HAVE NOT HAD A CHANCE TO TALK TO MR. QUINN             09:11

16  ABOUT THIS AHEAD OF TIME.  AND I THINK THAT'S ONLY AFTER WE SIT

17  DOWN WITH PIERRE PROSPER AND WRAP ALL OF THAT IN.

18        AGAIN, MY BOTTOM LINE IS, THE VERDICT IS IN.  IT'S AN

19  INTERESTING VERDICT.  IT'S ONE THAT'S GOING TO TAKE SOME TIME

20  TO SORT OUT AND MAKE THE VARIOUS PRESENTATIONS AND WHAT FLOWS      09:12

21  FROM IT.  BUT TO RUN WILLY-NILLY INTO, YOU KNOW, 'LET'S SPEND

22  EVERY AVAILABLE RESOURCE THAT EITHER THIS COURT OR MGA, A

23  PRIVATE COMPANY, CAN SPEND, PURSUING CLAIMS THAT ARE POSSIBLY,

24  POSSIBLY, NOT AS MEANINGFUL OR AS SERIOUS AS COUNSEL ARE

25  ALLOWED TO ASSERT IN PLEADINGS OR IN ORAL ADVOCACY.'              09:12

WEDNESDAY, AUGUST 27, 2008                    POST-TRIAL PROCEEDINGS

8340

```
 1          AND AGAIN, I GO BACK TO -- THERE'S ONE MEASUREMENT
 2   ABOUT THIS CASE THAT I'LL END ON, YOUR HONOR, THAT I THINK IS
 3   SOBERING; AND THAT IS THE MONETARY DISPARITY BETWEEN WHAT WAS
 4   BEING ASKED FOR AND THE RELIEF THAT WAS GRANTED BY THE JURY.
 5   AND REGARDLESS OF WHETHER OR NOT THE COURT SEES, IN ITS WISDOM,   09:13
 6   TO GRANT A NEW TRIAL TO MATTEL, I WOULDN'T UNDERSTAND THE BASIS
 7   OF IT.
 8          THIS CASE HAS ALWAYS BEEN BUILT AS A COPYRIGHT CASE,
 9   WHETHER OR NOT IT WAS IN THE MEDIA -- YOU GO BACK TO THE EARLY
10   PLEADINGS IN THIS CASE -- WHEN I FIRST ENTERED THE CASE AND      09:13
11   TRIED TO FIGURE OUT WHAT WE'RE DEALING WITH, I WENT BACK TO THE
12   TRANSCRIPT OF THE HEARING BEFORE YOUR HONOR, WHERE YOU HAD THE
13   PHASING DISCUSSION WITH PRIOR COUNSEL AT THE TIME.  AND IT WAS
14   INTERESTING HOW THE COURT PHRASED IT:  LET'S DEAL WITH THE
15   OWNERSHIP ISSUE; LET'S DEAL WITH THE COPYRIGHT INFRINGEMENT      09:13
16   ISSUE.
17          A LOT OF TIME AND A LOT OF EXPENSE WAS PUT INTO THAT.
18   IT WAS THE COPYRIGHT CASE OF THE AGES, BARBIE VERSUS BRATZ,
19   FRONT PAGE OF THE WALL STREET JOURNAL, $1.8 BILLION.  THE JURY
20   HAS COME BACK WITH AN AWARD THAT PUTS THAT CLAIM INTO           09:13
21   PERSPECTIVE, OF $10 MILLION, ON A CONVERSION CLAIM, INDUSTRIAL
22   THEFT, STEALING, WHATEVER.  THE CONVERSION CLAIM, THE JURY PUT
23   A VALUE OF $31,500 ON THE CLAIM.  WHETHER OR NOT THE VERDICT
24   HOLDS, OR WHATEVER -- THIS, I THINK, CRIES OUT FOR US TO KEEP
25   EVERYTHING IN PERSPECTIVE; TO BE SOBER AS WE'RE MOVING FORWARD.  09:14
```

1            AND I'M NOT IN ANY WAY SUGGESTING THAT MR. QUINN IS

2     CAUGHT UP IN THE EXUBERANCE OF OVERLITIGATION.  I'VE USED THE

3     TERM "SCORCHED EARTH" BEFORE.  THIS CASE MAY QUALIFY LATER ON,

4     BUT THAT WILL BE VIEWED IN 20/20 HINDSIGHT.  RIGHT NOW, AT THIS

5     MOMENT, AT THIS TIME, I THINK THE BETTER COURSE WOULD BE TO          09:14

6     DIGEST THIS, MEET TOGETHER, TRY TO COME UP WITH A WORKABLE

7     SCHEDULE FOR PRESENTING THESE ISSUES TO THE COURT.  SOME ARE

8     MORE DIFFICULT THAN OTHERS.

9            GIVE US A CHANCE WITH AMBASSADOR PROSPER.

10            THE COURT:  THANK YOU, COUNSEL.                              09:14

11            MR. QUINN, YOU MAY.

12            MR. QUINN:  YOUR HONOR, I'M NOT GOING TO RESPOND IN

13     KIND TO STATEMENTS LIKE *WE CAN'T GO TO THE DANCE ALONE AGAIN.*

14            THE COURT:  THERE'S NO NEED TO.

15            MR. QUINN:  I'M GOING TO RESIST THE TEMPTATION TO DO         09:15

16     THAT.

17            YOUR HONOR, THESE PHASE 2 CLAIMS ARE OVER TWO YEARS

18     OLD.  THE BEST WAY TO GET AN EARLY RESOLUTION BY WHATEVER

19     RESULT, WHETHER IT IS BY SETTLEMENT OR BY GETTING A FINAL

20     JUDGMENT THAT COVERS ALL CLAIMS, IS SIMPLY TO PROCEED AND HAVE      09:15

21     LITIGANTS DO WHAT THEY DO AND EXERCISE THEIR RIGHTS UNDER THE

22     RULES.

23            THE COURT:  I UNDERSTAND THE CLAIMS ARE THREE YEARS

24     OLD, COUNSEL.  I HOPE YOU APPRECIATE THE COURT HAS, SINCE

25     RECEIVING THIS CASE, TRIED TO MOVE THIS ALONG AS EXPEDITIOUSLY     09:15

1    AS POSSIBLE.

2           MR. QUINN:  ABSOLUTELY, YOUR HONOR.  I'M MERELY

3    RESPONDING TO THE SUGGESTION THAT IT'S NOT LIFE OR DEATH;

4    THERE'S NO URGENCY HERE.

5           THE COURT:  THE COURT HAS EVERY INTEREST, AS IT DOES       09:15

6    IN EVERY CASE IT HAS BEFORE IT, OF ENSURING THAT THE CASE MOVES

7    ALONG AS EXPEDITIOUSLY AS POSSIBLE.

8           MR. QUINN:  AND THAT'S COMPLETELY THE IMPRESSION THAT

9    I HAVE, YOUR HONOR, THE WAY THE COURT HAS HANDLED THIS CASE.

10          IF THE COURT WISHES US TO EXPLORE SETTLEMENT FURTHER,       09:16

11   AS I'VE SAID, WE'LL DO IT.  I'M PRETTY CONFIDENT I KNOW HOW

12   THAT'S GOING TO COME OUT, AND I'M NOT GOING TO ASSIGN

13   RESPONSIBILITY -- I'M NOT GOING TO MAKE ANY REMARK OR ASSIGN

14   ANY RESPONSIBILITY FOR WHY I THINK IT WILL NOT COME OUT.

15          THE COURT:  VERY WELL.  THAT CAN'T BE BEFORE THE       09:16

16   COURT RIGHT NOW.

17          ALL RIGHT.  THIS IS HOW I THINK WE NEED TO PROCEED.

18   CERTAINLY, ALL OF THIS CAN'T TAKE PLACE AT ONCE.  THAT'S JUST

19   NOT POSSIBLE.  IT'S NOT POSSIBLE FOR THE COURT TO DEAL WITH

20   THIS ALL AT ONCE, LET ALONE, I DON'T THINK, RESPECTFULLY, IT'S       09:16

21   POSSIBLE FOR COUNSEL TO DEAL WITH THIS ALL AT ONCE.  SO IT

22   NEEDS TO BE STAGGERED.  AND I THINK THERE'S PROBABLY A RATIONAL

23   APPROACH TO STAGGERING THIS.

24          I DO THINK THAT THE FIRST EFFORT NEEDS TO BE ONE OF

25   SETTLEMENT.  I APPRECIATE MATTEL'S POSITION.  I JUST,       09:16

 1  RESPECTFULLY, THINK THAT EVERYBODY OWES IT TO THEMSELVES AND TO

 2  THEIR CLIENTS TO EXPLORE THAT.  SO WHAT I'M GOING TO DO IS

 3  PLACE A VERY BRIEF STAY ON EVERYTHING, FOR TWO WEEKS, FROM THE

 4  RETURN OF THE VERDICT YESTERDAY UNTIL THE 9TH OF SEPTEMBER.

 5          I'M HOPING THAT A GOOD NUMBER OF COUNSEL ARE ABLE TO          09:17

 6  TAKE THAT TIME TO ACTUALLY SEE THEIR FAMILIES, FRIENDS.  I'M

 7  CONCERNED THAT MS. AGUIAR'S FAMILY AND FRIENDS ARE GOING TO BE

 8  ISSUING A MISSING PERSONS REPORT BACK IN NEW YORK.  I THINK

 9  EVERYBODY NEEDS TO TAKE A BREATHER BEYOND JUST NEXT WEDNESDAY,

10  AND I THINK, PROBABLY, TO THE FOLLOWING TUESDAY.  I JUST REALLY    09:17

11  THINK THAT IT WOULD BE GOOD FOR EVERYBODY TO GET AWAY FROM THIS

12  CASE; EXCEPT FOR MR. QUINN AND MR. NOLAN, BECAUSE I AM GOING TO

13  DIRECT THEM TO MEET WITH AMBASSADOR PROSPER, ALONG WITH THEIR

14  PRINCIPALS, MR. ECKERT AND MR. LARIAN.

15          I SPOKE TO AMBASSADOR PROSPER YESTERDAY.  HE'LL MAKE        09:17

16  HIMSELF AVAILABLE ALL OF NEXT WEEK, AND I'M GOING TO REQUIRE

17  THAT THERE BE A SETTLEMENT EFFORT MADE.

18          THE COURT CANNOT REQUIRE THE OUTCOME OF THAT, OF

19  COURSE.  THAT'S UP TO THE PARTIES.  BUT I THINK I OWE IT TO

20  EVERYBODY, AND I OWE IT TO THE COURT, THAT THAT EFFORT BE          09:18

21  EXPLORED, AND THAT THE COURT PROVIDE AN OPPORTUNITY TO DO THAT

22  WITHOUT OTHER DISTRACTIONS; SO A TWO-WEEK STAY, COUPLED WITH A

23  REQUIRED SETTLEMENT OFFER.

24          I JUST HAVE TO RELY ON COUNSEL'S GOOD FAITH.

25          **MR. QUINN:**  THAT WOULD BE NEXT -- YOUR HONOR, IS THAT   09:18

1   SOMETHING -- I ACTUALLY HAVE SOME PERSONAL FAMILY PLANS.

2          WOULD IT BE ALL RIGHT --

3          **THE COURT:**  I'M SO GLAD TO HEAR THAT, COUNSEL.

4          **MR. QUINN:**  THEY REMEMBER ME, OR SOME OF THEM DO,

5   ANYWAY.

6          WOULD IT BE ALL RIGHT IF MR. PRICE AND MR. ZELLER

7   HANDLE THAT IN MY ABSENCE?

8          **THE COURT:**  ACTUALLY, I WOULD RATHER PUT IT OFF A

9   WEEK, COUNSEL, THAN DO THAT.  I THINK IT'S CRITICAL THAT YOU'RE

10  PRESENT.

11         **MR. QUINN:**  THE PROBLEM IS, I'M REALLY NOT BACK IN

12  THE COUNTRY, YOUR HONOR, UNTIL SEPTEMBER 12TH.

13         FOR WHAT MY OWN PERSPECTIVE IS WORTH, YOUR HONOR,

14  JUST TO SHARE WITH THE COURT, I DON'T THINK MY PERSONAL

15  PREFERENCE, AS OPPOSED TO ZELLER AND/OR PRICE, WILL WEIGH THAT

16  MUCH IN THE BALANCE.

17         **THE COURT:**  WELL, I DON'T WANT TO DELAY THIS UNTIL

18  YOUR RETURN.  I WANT THIS TO PROCEED NEXT WEEK.  BUT I DO THINK

19  THAT YOUR PRESENCE AT SOME POINT IN TIME WILL BE REQUIRED.  SO

20  WHAT I'LL DO IS, I'LL CONSIDER THAT IN SETTING THE TIME PERIOD

21  FOR THIS.

22         I'LL HAVE ANOTHER CONVERSATION WITH

23  AMBASSADOR PROSPER.  WHAT I'LL DO IS, WITHOUT SETTING A TIME

24  FRAME NOW, THE FIRST PHASE IS GOING TO BE A STAY/SETTLEMENT

25  CONFERENCE, AND I'LL DETERMINE THE PARAMETERS OF THAT AND WHO

1    NEEDS TO BE THERE AS PART OF MY ORDER.  BUT I APPRECIATE YOUR

2    INPUT, AND I CERTAINLY DON'T WANT TO INTERFERE WITH A

3    WELL-DESERVED VACATION.

4            **MR. QUINN:**  THANK YOU, YOUR HONOR.

5            **THE COURT:**  SO THAT'S THE FIRST PHASE.                    09:19

6            THE SECOND PHASE IS, WE NEED TO FINISH THIS TRIAL.

7    SO THE SECOND PHASE WOULD BE RESOLVING THE CLAIM FOR STATUTORY

8    UNFAIR COMPETITION, RESOLVING THE ISSUE OF THE EQUITABLE

9    DEFENSES, AND RESOLVING THE ISSUE OF CLAIMS FOR DECLARATORY

10   RELIEF.                                                              09:20

11           MR. NOLAN IS CORRECT, THE TRIAL IS NOT OVER.  THIS IS

12   BASICALLY A THREE-PART TRIAL; 1-A, 1-B, AND 1-C.  AND WE HAVE

13   1-B COMPLETED, AND THE JURY VERDICT RETURNED; BUT THERE REALLY

14   IS THIS PHASE OF THE TRIAL THAT NEEDS TO BE RESOLVED, WHERE THE

15   COURT CONSIDERS MGA AND ISAAC LARIAN'S EQUITABLE DEFENSES,        09:20

16   WHERE THE COURT CONSIDERS THE DECLARATORY RELIEF CLAIM, AS WELL

17   AS THE STATUTORY UNFAIR COMPETITION CLAIM; AND THE COURT HAS TO

18   ISSUE A FINDING ON THAT.  SO THAT WOULD BE THE SECOND ISSUE

19   THAT THE COURT WILL TAKE UP, AND WE'LL SET TIMING FOR DEALING

20   WITH THAT.                                                           09:20

21           IT WOULD BE GREAT IF WE COULD DO THIS ON THE RECORD

22   THAT WE HAVE BEFORE US RIGHT NOW.  BUT CERTAINLY, IF COUNSEL ON

23   EITHER SIDE WOULD SEEK LEAVE TO INTRODUCE ADDITIONAL EVIDENCE,

24   AS I THINK I INDICATED DURING THE TRIAL, THE COURT WOULD

25   CONSIDER THAT EVIDENCE.                                             09:20

1        SO THAT WOULD BE THE SECOND PHASE.

2        THE THIRD CATEGORY, THEN, WOULD BE, ONCE THE TRIAL IS

3  COMPLETED, ADDRESSING ANY POST-TRIAL MOTIONS:  THE JMOLS, THE

4  MOTION FOR NEW TRIAL THAT MATTEL IS STILL CONSIDERING, AND THE

5  MOTION FOR REMITTITUR THAT MR. NOLAN MADE REFERENCE TO.  SO        09:21

6  ONCE WE HAVE THE TRIAL COMPLETED, THEN IT WOULD MAKE SENSE TO

7  TAKE UP ANY MOTIONS.  AND THAT WOULD BE A NORMAL MOTION

8  SCHEDULE THAT WOULD FOLLOW A MEET-AND-CONFER; THAT WOULD FOLLOW

9  A FILING OF THE MOTION, OPPOSITION, REPLY, AND HEARING; THAT

10  WOULD BE THE THIRD CATEGORY.                                       09:21

11        THE FOURTH CATEGORY, THEN, WOULD BE, ONCE THE TRIAL

12  IS COMPLETE AND ONCE WE HAVE DETERMINED WHETHER OR NOT THERE'S

13  GOING TO BE A NEW TRIAL, WHETHER THERE'S GOING TO BE A

14  REMITTITUR, WHETHER THERE'S GOING TO BE ANYTHING ELSE -- WOULD

15  BE THE MOTION FOR PRELIMINARY INJUNCTION, THE MOTION FOR         09:21

16  CONSTRUCTIVE TRUST, AND BASICALLY, REMEDIAL MOTIONS ONCE WE

17  HAVE A CLEAR UNDERSTANDING OF THE FULL RESULTS OF THE COMPLETED

18  TRIAL.

19        THEN THE FINAL PHASE WOULD BE TURNING TO WHAT WE

20  REFER TO AS PHASE 2:  LIFTING THE DISCOVERY STAY, RESOLVING THE    09:22

21  DISCOVERY MASTER ISSUE, PROCEEDING WITH DEPOSITIONS, ADDRESSING

22  ANY MOTIONS THAT WERE FILED CONCERNING APPEALS OF DISCOVERY

23  ISSUES FROM BEFORE.

24        CERTAINLY, NOBODY IS GIVING OR COMPROMISING ANY

25  RIGHTS FROM THAT IN THE INTERIM, BUT WE'LL TAKE THOSE UP.  BUT     09:22

1   I REALLY THINK WE NEED TO DEAL WITH THESE THINGS IN ORDER, AND

2   IT WOULD BE A MESS TO HAVE ALL OF THIS HAPPEN AT THE SAME TIME.

3            THAT'S MY SENSE.   THE COURT WILL CERTAINLY MOVE

4   THROUGH THIS AS EXPEDITIOUSLY AS IT CAN, BUT AT THE SAME TIME,

5   THERE NEEDS TO BE A METHOD TO THIS WHOLE PROCESS.                    09:22

6            SO THOSE ARE THE FIVE STAGES.

7            AS FAR AS THE TIMING OF EVERYTHING, THE COURT WILL

8   DETERMINE FOR ITSELF THE TIMING OF THE SETTLEMENT STAY, WHETHER

9   IT'S ONE WEEK OR TWO WEEKS OR THREE WEEKS, WHATEVER IT IS, TO

10  AFFORD A GOOD-FAITH OPPORTUNITY THERE.   AND CERTAINLY            09:23

11  EVERYTHING ELSE IS STAYED; NOBODY IS WAIVING ANY RIGHTS

12  EVERYTHING IS BEING PRESERVED.

13           AFTER THAT, THESE OTHER STAGES, I THINK IT'S BETTER

14  FOR THE COURT TO HAVE COUNSEL GET TOGETHER AND SEE IN THE FIRST

15  INSTANCE IF IT CAN COME UP WITH A STIPULATION.   BUT FAILING      09:23

16  THAT, PROPOSE TO THE COURT A REASONABLE TIME FRAME FOR EACH OF

17  THESE ADDITIONAL CATEGORIES BASED ON HOW YOU INTEND TO PROCEED.

18           I MEAN, CERTAINLY, THE SECOND CATEGORY, FOR EXAMPLE,

19  THE STATUTORY UNFAIR COMPETITION, EQUITABLE DEFENSES, AND

20  CLAIMS FOR DECLARATORY RELIEF, A LOT OF THAT WILL TURN ON         09:23

21  WHETHER OR NOT YOU'RE WILLING TO SUBMIT ON THE RECORD THAT I

22  HAVE BEFORE ME OR WHETHER YOU WANT TO INTRODUCE ADDITIONAL

23  EVIDENCE; SO I'LL NEED TO GET INPUT FROM YOU AND PROPOSE

24  SCHEDULES IN TERMS OF DOING THAT.

25           TO A CERTAIN EXTENT, THE SAME THING FOR THE MOTIONS      09:24

1   FOR PRELIMINARY INJUNCTION AND CONSTRUCTIVE TRUST; WHETHER IT'S

2   ENVISIONED THAT ADDITIONAL EVIDENCE NEEDS TO BE HEARD OR

3   WHETHER WE'RE SIMPLY BASING THIS ON THE VERDICT IN THIS TRIAL.

4         BUT AGAIN, BECAUSE WE DON'T HAVE A COMPLETED TRIAL

5   HERE, I THINK ANY OF THOSE MOTIONS WOULD BE PREMATURE AT THIS

6   POINT; BECAUSE WE HAVE, ON BOTH SIDES, AFFIRMATIVE CLAIMS AS

7   WELL AS AFFIRMATIVE DEFENSES.

8         THAT'S MY SENSE.  THAT'S MY PROPOSAL.

9         I'D LIKE TO HEAR FROM COUNSEL IF THEY THINK THAT

10  MAKES SENSE AND IF THEY UNDERSTAND WHAT IT IS THAT THE COURT IS

11  ASKING THEM TO DO AT THIS POINT.

12        MR. QUINN:  I BELIEVE WE UNDERSTAND, YOUR HONOR.

13        I HAVE NOT LOOKED AT THE ISSUE AS TO WHETHER THE

14  RENEWED JMOL DEADLINE, TEN DAYS AFTER DISCHARGE OF JURY UNDER

15  RULE 50-B, IS SOMETHING THAT THE COURT HAS THE ABILITY TO

16  EXTEND.  THE COURT MAY WELL, I JUST HAVE NOT LOOKED AT THAT.

17        THE COURT:  I BELIEVE I DO, AND IF I'M MISTAKEN ON

18  THAT, I WOULD CERTAINLY ASK COUNSEL TO POINT THAT OUT.  I THINK

19  I CAN STAY THAT.  BUT IF NOT, PLEASE BRING THAT TO MY

20  ATTENTION.

21        MR. QUINN:  COUNSEL MENTIONED THE POSSIBILITY OF A

22  REMITTITUR MOTION.  I DON'T KNOW.  I KNOW ADDITUR MOTIONS,

23  BECAUSE WE LOOKED INTO THIS OVERNIGHT; THAT'S APPARENTLY NOT A

24  NOMENCLATURE THAT UNDER THE PRESENT FEDERAL RULES IS --

25        THE COURT:  THERE IS SOMETHING WHICH -- I'M SURE YOU

8349

1  FOUND THAT IT WAS STRONGLY DISCOURAGED -- DISFAVORED.

2        MR. QUINN:  IT'S BASICALLY A NEW TRIAL MOTION ON THE

3  GROUNDS OF INADEQUATE --

4        THE COURT:  I THINK THE ONLY THREE GROUNDS THAT ARE

5  CURRENTLY RECOGNIZED HERE.  THE LAW CURRENTLY RECOGNIZES IF     09:25

6  THERE'S A MISTAKE IN CALCULATION FOR SOME REASON, OR IF THERE'S

7  SOME OTHER KIND OF VERY TECHNICAL --

8        MR. QUINN:  THE CASES WE SAW SEEMED TO SAY THAT THERE

9  MIGHT BE A SEVENTH AMENDMENT ISSUE WITH RESPECT TO THOSE.

10  WHETHER THAT APPLIES TO REMITTITUR MOTIONS AS WELL, I DON'T     09:25

11  KNOW, BUT OUR QUICK LOOK SEEMED TO COME UNDER THE RUBRIC OF NEW

12  TRIAL MOTIONS DIRECTED TO ISSUES OF THE AMOUNT OF DAMAGES.

13        THE COURT:  THAT'S WHY I GROUPED THE MOTION FOR

14  REMITTITUR WITH THE NEW TRIAL MOTION AND JMOL.  I THINK THAT'S

15  APPROPRIATE TO DEAL WITH ALL OF THOSE ISSUES ESSENTIALLY AT THE  09:26

16  SAME TIME.

17        MR. QUINN:  RIGHT.

18        IF THE COURT'S THOUGHT IS THAT ALL MOTIONS RELATING

19  TO THIS PHASE 1-B TRIAL NEED TO BE RESOLVED BEFORE WE COMMENCE

20  PHASE 2, WHAT THAT WOULD MEAN, IN ALL LIKELIHOOD, I ASSUME, IS   09:26

21  THAT WE'RE NOT GOING TO BE STARTING DISCOVERY AGAIN IN PHASE 2

22  UNTIL PROBABLY NOVEMBER, WHICH REALLY STRIKES US AS -- IS THERE

23  REALLY A REASON TO WAIT THAT LONG?  WE WOULD STRONGLY PREFER

24  NOT TO HAVE OUR HANDS TIED.

25        THE COURT:  MY CONCERN, COUNSEL -- AND THIS IS NOT A      09:26

WEDNESDAY, AUGUST 27, 2008                    POST-TRIAL PROCEEDINGS

1   CRITICISM, IT'S A REFLECTION OF REALITY -- I THINK THAT GIVEN

2   THE WAY THAT DISCOVERY HAS BEEN CONDUCTED IN THIS CASE, I HAVE

3   CONCERNS THAT IT COULD BE OVERWHELMING TO HAVE BOTH DISCOVERY

4   AND THESE INTENSIVE MOTIONS GOING ON AT THE SAME TIME.  I HAVE

5   CONCERNS THAT BOTH MIGHT BE SHORT-CHANGED AND IT WILL LEAD TO                09:27

6   DISPUTES AND PROBLEMS.

7            I DON'T WANT TO UNDERESTIMATE THE RESOURCES AND

8   STRENGTHS OF THE RESPECTIVE LAW FIRMS INVOLVED IN THIS, BUT AT

9   THE SAME TIME THERE ARE LIMITS TO WHAT CAN BE DONE.

10           MR. QUINN:  IF THAT'S THE COURT'S VIEW --                          09:27

11           THE COURT:  ONCE WE GET INTO PHASE 2 DISCOVERY, I

12  DON'T WANT TO HAVE TO ARTIFICIALLY LIMIT THAT.  BUT, LIKE I

13  SAY -- IN ANY EVENT, I'LL CONSIDER YOUR REQUEST; BUT WORK, IF

14  YOU CAN, FOR THE PRESENT TIME ON THE COURT'S SUGGESTED PHASING

15  AND SEE IF YOU CAN'T COME UP WITH SOMETHING.  IN ANY EVENT,                 09:27

16  PROPOSE A SCHEDULE TO THE COURT, AND IF YOU WANT TO DROP A NOTE

17  SAYING 'RESPECTFULLY, WE'D LIKE TO SKIP PHASE 2 DISCOVERY AND

18  START,' I'LL CONSIDER THAT.

19           MR. QUINN:  THANK YOU, YOUR HONOR.

20           MR. NOLAN:  YOUR HONOR, THE ONLY POINT I WANTED TO                 09:28

21  ADDRESS WAS MEETING NEXT WEEK WITH AMBASSADOR PROSPER.  I DON'T

22  KNOW WHAT HIS SCHEDULE IS OR WHAT HIS INTENDED DATES ARE THAT

23  HE WOULD LIKE TO SET UP A MEETING.  WE WOULD NEED SOME TIME

24  WITH MR. LARIAN.  I DON'T KNOW WHAT HIS SCHEDULE IS.

25           MY OWN SCHEDULE WAS TO TRY TO TAKE NEXT WEEK OFF.                  09:28

8351

1   THE KIDS ARE BACK IN SCHOOL.  IT'S SOMETHING THAT I COULD MOVE.

2   IT'S JUST THAT I DON'T HAVE MR. LARIAN'S SCHEDULE.  I DON'T

3   WHAT HIS INTENT WAS.  SO I WAS WONDERING WHETHER OR NOT THE

4   COURT WOULD ALLOW US TO WORK WITH -- I DON'T EVEN KNOW IF HE

5   WOULD BE AVAILABLE THE FOLLOWING WEEK ON A MONDAY.                09:28

6           THE COURT:  I DON'T KNOW EITHER.

7           WE NEED TO EXPLORE THAT.

8           ANY OBJECTIONS CONCERNING THE COURT'S PROPOSED

9   STAGING EVENTS?

10          MR. NOLAN:  NO, YOUR HONOR.  I THINK THAT MAKES          09:28

11  PERFECT SENSE.

12          THE COURT:  AND YOU UNDERSTAND THAT THE COURT

13  REQUESTS THAT YOU GET TOGETHER WITH MR. QUINN NOW AND TRY TO

14  WORK OUT, IF YOU CAN, A STIPULATED SCHEDULE BASED ON THIS

15  PHASING.  AND IF NOT, I'LL EXPECT BY THE END OF THIS WEEK THAT   09:28

16  YOU EACH SUBMIT YOUR SEPARATE REQUESTS; TODAY IS WEDNESDAY; BY

17  THE END OF THE DAY FRIDAY; JUST A 1-PAGE PROPOSED STATEMENT OF

18  SCHEDULING.

19          MR. NOLAN:  OKAY.

20          THE COURT:  SO THE COURT THEN EARLY NEXT WEEK CAN        09:29

21  ISSUE AN ORDER THAT WOULD PROVIDE HOW WE'RE GOING FORWARD.  I

22  WANT TO GET THAT DONE BEFORE MR. QUINN TAKES OFF AND BEFORE YOU

23  TAKE OFF.

24          MR. NOLAN:  WE LIVE IN THE SAME NEIGHBORHOOD, SO --

25          THE COURT:  IT SOUNDS LIKE HE'S --                      09:29

8352

```
 1                MR. QUINN:  WE'RE GOING TO RIDE TO THE AIRPORT

 2     TOGETHER.

 3                MR. NOLAN:  WE'LL DO EVERYTHING POSSIBLE TO GET THIS

 4     THING DONE IN TIME.

 5                THE COURT:  I APPRECIATE THAT.                          09:29

 6                WE'RE AT THE 9:30 HOUR, I WANT TO TAKE UP THE JURY

 7     TRIAL.

 8                IS THERE ANYTHING FURTHER?

 9                MR. QUINN:  NO, YOUR HONOR.  THANK YOU.

10                MR. NOLAN:  NO, YOUR HONOR.                            09:29

11                THE CLERK:  COURT STANDS IN RECESS.

12

13

14

15

16

17                              CERTIFICATE

18

19     I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
       STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
20     THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
       ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
21     CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
       THE UNITED STATES.
22

23     _____          _____
       THERESA A. LANZA, CSR, RPR                      8-28-08
24     FEDERAL OFFICIAL COURT REPORTER                   DATE

25
```

WEDNESDAY, AUGUST 27, 2008                    POST-TRIAL PROCEEDINGS