# EXHIBIT A

# ORIGINAL

1   DIANA M. TORRES (S.B. #162284)
    JAMES P. JENAL (S.B. #180190)
2   O'MELVENY & MYERS LLP
    400 South Hope Street
3   Los Angeles, CA  90071-2899
    Telephone:  (213) 430-6000
4   Facsimile:   (213) 430-6407
    Email:      jjenal@omm.com
5
    DALE M. CENDALI (admitted *pro hac vice*)
6   O'MELVENY & MYERS LLP
    Times Square Tower, 7 Times Square
7   New York, New York 10036
    Telephone:  (212) 326-2000
8   Facsimile:   (212) 326-2061

    PATRICIA GLASER (S.B. #55668)
9   CHRISTENSEN, GLASER, FINK,
    JACOBS, WEIL & SHAPIRO, LLP
10  10250 Constellation Boulevard, 19th Floor
    Los Angeles, CA  90067
11  Telephone:  (310) 553-3000
    Facsimile:   (310) 557-9815

12  Attorneys for MGA Entertainment, Inc.

13

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

14

15

16

| | |
|---|---|
| 17  CARTER BRYANT, an individual, | Case No.  CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727) |
| 18           Plaintiff, | **MGA ENTERTAINMENT, INC.'S** |
| 19     v. | **SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S SECOND SET OF** |
| 20  MATTEL, INC., a Delaware corporation, | **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| 21           Defendant | |
| 22 | |
| 23  AND CONSOLIDATED CASES | |

24

25

26

27

28

MGA'S  SUPPLEMENTAL RESPONSE TO
MATTEL'S 2ND SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND

EXHIBIT  A

PAGE  3

## PRELIMINARY STATEMENT

Defendant MGA Entertainment, Inc. ("MGA") has not yet completed its investigation relating to the facts of this action and has not completed preparation for trial. MGA makes its response to these document requests ("requests," or individually, "request") based upon the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence which may hereafter be discovered or become available.

MGA will respond to each request as it understands and interprets each request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of MGA, MGA reserves the right to supplement its objections and responses.

By making these responses, MGA does not concede that any of the information sought by these requests is relevant or discoverable. MGA makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve: (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to these requests; (b) the right to object to the use of the documents or information provided in response to the requests in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in these requests or the responses thereto.

MGA shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection. Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver of any privilege or protection attaching thereto and MGA reserves the right to correct the record with regard

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT ___A___
PAGE ___4___

1  to any such information and to supplement or amend these responses, which

2  supplemental or amended response shall become the operative response.

3  <div align="center">**GENERAL OBJECTIONS**</div>

4        1.     MGA objects to each and every request on the ground that production

5  at the date and time demanded will subject MGA to unwarranted oppression and undue

6  burden and expenses. The time set for compliance is unduly burdensome, especially in

7  light of the number of document requests, and the scope and volume of the material being

8  sought. MGA intends to proceed expeditiously to collect the documents for production, if

9  any, and will produce them at a date and time, and in such a manner, as may be mutually

10  agreed by counsel for the parties.

11        2.     MGA objects to each request to the extent that it seeks information

12  protected from discovery by the attorney-client privilege, work-product doctrine, right to

13  privacy, or any other applicable privilege.

14        3.     MGA objects to each request to the extent that it seeks the disclosure

15  of confidential, proprietary or trade-secret information. Should such documents be

16  otherwise responsive and non-objectionable, MGA will produce such documents subject

17  to the terms and conditions of the protective order governing this case.

18        4.     MGA objects to each request to the extent that it seeks documents in

19  Mattel's own possession, custody or control or that are accessible to Mattel from public

20  sources or from third parties.

21        5.     MGA objects to each request to the extent that it asks for documents

22  that are not relevant to claims or defenses in this case.

23        6.     MGA objects to each and every request to the extent it purports to

24  require MGA to search all documents and things within its possession, custody or control

25  or within the possession, custody or control of any of MGA's current or former

26  employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries,

27  divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other

28  person acting on its behalf, pursuant to its authority or subject to its control, on the

<div align="center">2</div>

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT ___A___

PAGE ___5___

1  grounds that such request is unreasonable, overbroad, unduly burdensome and oppressive,

2  violates the right of privacy, and purports to require MGA to search for documents not

3  within its possession, custody or control.  MGA will make a reasonably diligent search for

4  responsive documents within its possession, custody or control.

5      7.     MGA objects to each and every request to the extent its seeks "all

6  documents" responsive to a certain category on the grounds that such request is overbroad

7  and unduly burdensome and oppressive.  MGA will produce otherwise unobjectionable

8  documents sufficient to provide Mattel with the information sought, following a

9  reasonably diligent search.  On grounds of oppression and undue burden, MGA will not

10  respond to duplicative or cumulative requests and will not re-produce documents it has

11  already produced or produce documents that it has received from Mattel or others in the

12  course of discovery in this matter.

13      8.     MGA objects to each request to the extent it seeks documents not

14  within MGA's possession, custody, or control.

15      9..     MGA objects to each request to the extent it seeks information

16  relating to activities or conduct in foreign countries.  In each instance in which MGA has

17  agreed to produce documents, such production is hereby expressly limited to documents

18  relating to domestic activities or conduct only.

19      10.     MGA objects to the defined terms "You," "Your," and "MGA" on

20  the grounds that these terms, as defined, are overbroad, are vague and ambiguous, and call

21  for legal conclusions.

22      11.     MGA objects to the defined terms "Bratz," "Bratz Doll," "Bratz

23  Product," "Bratz License," "Bratz Movie," and "Bratz Television Show" on the grounds

24  that these terms, as defined, are overbroad, are vague and ambiguous, and call for legal

25  conclusions.

26

27

28

3

MGA'S  SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT ___A___
PAGE ___6___

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

A sample of each BRATZ PRODUCT including, without limitation, each BRATZ DOLL, sold by YOU or YOUR licensees.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking samples of all Bratz products and Bratz dolls sold by MGA or its licensees. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request to the extent that it seeks samples not in MGA's possession, custody or control.

Subject to the foregoing, MGA will make available for inspection samples of products responsive to this request in its possession, custody or control that it is able to locate following a reasonably diligent search.

### REQUEST FOR PRODUCTION NO. 2:

DOCUMENTS sufficient to IDENTIFY every PERSON who has entered into a BRATZ LICENSE with YOU or anyone acting on YOUR behalf.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

MGA incorporates by reference the above-stated general objections as if fully set

4

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

1    forth herein.  MGA also specifically objects to this request to the extent that it seeks

2    information not relevant to the subject matter of this lawsuit or reasonably calculated to

3    lead to the discovery of admissible evidence.  MGA also objects to this request on the

4    grounds that it is overbroad, unduly burdensome, and oppressive in seeking information

5    identifying all persons who have entered into Bratz licenses with MGA or anyone acting

6    on MGA's behalf.  MGA also objects to this request on the grounds that it seeks

7    confidential, proprietary or commercially sensitive information, the disclosure of which

8    would be inimical to the business interests of MGA.  MGA also objects to this request to

9    the extent it calls for the disclosure of attorney-client privileged information or

10   information protected from disclosure by the work-product doctrine, joint defense or

11   common interest privilege, or other privilege.  MGA also objects to this request to the

12   extent it seeks information the disclosure of which would implicate the rights of third

13   parties to protect private, confidential, proprietary or trade secret information.  MGA also

14   objects to this request to the extent that it seeks documents not in MGA's possession,

15   custody or control.

16        Subject to the foregoing, MGA will produce non-privileged documents sufficient

17   to make the requested showing that are in its possession, custody or control, if any, which

18   it is able to locate following a reasonably diligent search.

19   **REQUEST FOR PRODUCTION NO. 3:**

20        DOCUMENTS sufficient to identify by product name, product number and SKU

21   each BRATZ PRODUCT including, without limitation, each BRATZ DOLL, sold by

22   YOU or YOUR licensees.

23   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

24        MGA incorporates by reference the above-stated general objections as if fully set

25   forth herein.  MGA also specifically objects to this request to the extent that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably calculated to

27   lead to the discovery of admissible evidence.  MGA also objects to this request on the

28   grounds that it is overbroad, unduly burdensome, and oppressive in seeking information

5

MGA'S  SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT   A
PAGE      8

1   identifying all product names, numbers, and SKU of Bratz products and Bratz dolls sold

2   by MGA or its licensees. MGA also objects to this request on the grounds that it seeks

3   confidential, proprietary or commercially sensitive information, the disclosure of which

4   would be inimical to the business interests of MGA. MGA also objects to this request to

5   the extent it calls for the disclosure of attorney-client privileged information or

6   information protected from disclosure by the work-product doctrine, joint defense or

7   common interest privilege, or other privilege. MGA also objects to this request to the

8   extent it seeks information the disclosure of which would implicate the rights of third

9   parties to protect private, confidential, proprietary or trade secret information. MGA also

10  objects to this request to the extent that it seeks documents not in MGA's possession,

11  custody or control.

12      Subject to the foregoing, MGA will produce non-privileged documents sufficient

13  to make the requested showing that are in its possession, custody or control, if any, which

14  it is able to locate following a reasonably diligent search.

15  **REQUEST FOR PRODUCTION NO. 4:**

16      DOCUMENTS sufficient to show the number of units of each BRATZ DOLL sold

17  by YOU or YOUR licensees.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

19      MGA incorporates by reference the above-stated general objections as if fully set

20  forth herein. MGA also specifically objects to this request to the extent that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably calculated to

22  lead to the discovery of admissible evidence. MGA also objects to this request on the

23  grounds that it is overbroad, unduly burdensome, and oppressive in seeking the number of

24  units of all Bratz dolls sold by MGA or its licensees. MGA also objects to this request on

25  the grounds that it seeks confidential, proprietary or commercially sensitive information,

26  the disclosure of which would be inimical to the business interests of MGA. MGA also

27  objects to this request to the extent it calls for the disclosure of attorney-client privileged

28  information or information protected from disclosure by the work-product doctrine, joint

6

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT   A

PAGE   9

1  defense or common interest privilege, or other privilege.  MGA also objects to this request

2  to the extent it seeks information the disclosure of which would implicate the rights of

3  third parties to protect private, confidential, proprietary or trade secret information.  MGA

4  also objects to this request to the extent that it seeks documents not in MGA's possession,

5  custody or control.

6       Subject to the foregoing, MGA will produce non-privileged documents sufficient

7  to make the requested showing that are in its possession, custody or control, if any, which

8  it is able to locate following a reasonably diligent search.

9  **REQUEST FOR PRODUCTION NO. 5:**

10       DOCUMENTS sufficient to show the revenue received by YOU from the sale of

11  each BRATZ DOLL sold by YOU or YOUR licensees.

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

13       MGA incorporates by reference the above-stated general objections as if fully set

14  forth herein.  MGA also specifically objects to this request to the extent that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably calculated to

16  lead to the discovery of admissible evidence.  MGA also objects to this request on the

17  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

18  showing all revenue received by MGA for the sale of all Bratz dolls sold by MGA or its

19  licensees.  MGA also objects to this request on the grounds that it seeks confidential,

20  proprietary or commercially sensitive information, the disclosure of which would be

21  inimical to the business interests of MGA.  MGA also objects to this request to the extent

22  it calls for the disclosure of attorney-client privileged information or information

23  protected from disclosure by the work-product doctrine, joint defense or common interest

24  privilege, or other privilege.  MGA also objects to this request to the extent it seeks

25  information the disclosure of which would implicate the rights of third parties to protect

26  private, confidential, proprietary or trade secret information.  MGA also objects to this

27  request to the extent that it seeks documents not in MGA's possession, custody or control.

28       Subject to the foregoing, MGA will produce non-privileged documents sufficient

7

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT   A

PAGE   10

1    to make the requested showing that are in its possession, custody or control, if any, which

2    it is able to locate following a reasonably diligent search.

3    **REQUEST FOR PRODUCTION NO. 6:**

4          DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other

5    costs for each BRATZ DOLL sold by YOU or YOUR licensees.

6    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

7          MGA incorporates by reference the above-stated general objections as if fully set

8    forth herein. MGA also specifically objects to this request to the extent that it seeks

9    information not relevant to the subject matter of this lawsuit or reasonably calculated to

10   lead to the discovery of admissible evidence. MGA also objects to this request on the

11   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

12   showing MGA's cost of goods sold, unit cost, and all other costs for all Bratz dolls sold

13   by MGA or its licensees. MGA also objects to this request on the grounds that it seeks

14   confidential, proprietary or commercially sensitive information, the disclosure of which

15   would be inimical to the business interests of MGA. MGA also objects to this request to

16   the extent it calls for the disclosure of attorney-client privileged information or

17   information protected from disclosure by the work-product doctrine, joint defense or

18   common interest privilege, or other privilege. MGA also objects to this request to the

19   extent it seeks information the disclosure of which would implicate the rights of third

20   parties to protect private, confidential, proprietary or trade secret information. MGA also

21   objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

22   determine what is meant by "other costs." MGA also objects to this request to the extent

23   that it seeks documents not in MGA's possession, custody or control.

24          Subject to the foregoing, MGA will produce non-privileged documents sufficient

25   to make the requested showing that are in its possession, custody or control, if any, which

26   it is able to locate following a reasonably diligent search.

27   **REQUEST FOR PRODUCTION NO. 7:**

28          All DOCUMENTS that evidence, reflect, or REFER OR RELATE TO YOUR

                                              8          MGA'S SUPPLEMENTAL RESPONSE TO
                                                         1ST SET OF REQUEST FOR PRODUCTION
                                                                        OF DOCUMENTS

                                        EXHIBIT ___A___
                                        PAGE ___11___

1 profits from the sale of each BRATZ DOLL sold by YOU or YOUR licensees.

2 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

3      MGA incorporates by reference the above-stated general objections as if fully set

4 forth herein. MGA also specifically objects to this request to the extent that it seeks

5 information not relevant to the subject matter of this lawsuit or reasonably calculated to

6 lead to the discovery of admissible evidence. MGA also objects to this request on the

7 grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

8 that evidence, reflect or refer or relate to MGA's profits from the sale of all Bratz dolls by

9 MGA or its licensees. MGA also objects to this request on the grounds that it seeks

10 confidential, proprietary or commercially sensitive information, the disclosure of which

11 would be inimical to the business interests of MGA. MGA also objects to this request to

12 the extent it calls for the disclosure of attorney-client privileged information or

13 information protected from disclosure by the work-product doctrine, joint defense or

14 common interest privilege, or other privilege. MGA also objects to this request to the

15 extent it seeks information the disclosure of which would implicate the rights of third

16 parties to protect private, confidential, proprietary or trade secret information. MGA also

17 objects to this request to the extent that it seeks documents not in MGA's possession,

18 custody or control.

19      Subject to the foregoing, MGA will produce documents that state MGA's profits

20 from the sale of each Bratz doll sold by MGA or its licensees in its possession, custody or

21 control that it discovers in the course of its reasonable search and diligent inquiry and to

22 which no privilege, protection or other objection applies, including without limitation, the

23 attorney-client privilege or attorney work product doctrine.

24 **REQUEST FOR PRODUCTION NO. 8:**

25      For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

26 DOLL, DOCUMENTS sufficient to show the number of units of each such BRATZ

27 DOLL sold by YOU or YOUR licensees to that customer.

28

<div align="right">

9     MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

</div>

EXHIBIT    A

PAGE    12


1  lead to the discovery of admissible evidence.  MGA also objects to this request on the

2  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

3  that show the revenue received by MGA from the sale of all Bratz dolls to every customer

4  to whom MGA or its licenses have ever sold any Bratz dolls.  MGA also objects to this

5  request on the grounds that it seeks confidential, proprietary or commercially sensitive

6  information, the disclosure of which would be inimical to the business interests of MGA.

7  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

8  privileged information or information protected from disclosure by the work-product

9  doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

10  to this request to the extent it seeks information the disclosure of which would implicate

11  the rights of third parties to protect private, confidential, proprietary or trade secret

12  information.  MGA also objects to this request to the extent that it seeks documents not in

13  MGA's possession, custody or control.

14      Subject to the foregoing, MGA will produce non-privileged documents sufficient

15  to make the requested showing that are in its possession, custody or control, if any, which

16  it is able to locate following a reasonably diligent search.

17  **REQUEST FOR PRODUCTION NO. 10:**

18      For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

19  DOLL, documents sufficient to show YOUR profits from each such BRATZ DOLL sold

20  by YOU or YOUR licensees to that customer.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

22      MGA incorporates by reference the above-stated general objections as if fully set

23  forth herein.  MGA also specifically objects to this request to the extent that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably calculated to

25  lead to the discovery of admissible evidence.  MGA also objects to this request on the

26  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

27  that show MGA's profits from the sale of all Bratz dolls to every customer to whom MGA

28  or its licenses have ever sold any Bratz dolls.  MGA also objects to this request on the

11        MGA'S  SUPPLEMENTAL RESPONSE TO
          1ST SET OF REQUEST FOR PRODUCTION
                              OF DOCUMENTS

EXHIBIT ___A___

PAGE ___14___

1    grounds that it seeks confidential, proprietary or commercially sensitive information, the

2    disclosure of which would be inimical to the business interests of MGA.  MGA also

3    objects to this request to the extent it calls for the disclosure of attorney-client privileged

4    information or information protected from disclosure by the work-product doctrine, joint

5    defense or common interest privilege, or other privilege.  MGA also objects to this request

6    to the extent it seeks information the disclosure of which would implicate the rights of

7    third parties to protect private, confidential, proprietary or trade secret information.  MGA

8    also objects to this request to the extent that it seeks documents not in MGA's possession,

9    custody or control.

10          Subject to the foregoing, MGA will produce non-privileged documents sufficient

11   to make the requested showing that are in its possession, custody or control, if any, which

12   it is able to locate following a reasonably diligent search.

13   **REQUEST FOR PRODUCTION NO. 11:**

14          DOCUMENTS sufficient to show customer returns to YOU of BRATZ DOLLS

15   sold or distrubted by YOU or YOUR licensees.

16   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

17          MGA incorporates by reference the above-stated general objections as if fully set

18   forth herein.  MGA also specifically objects to this request to the extent that it seeks

19   information not relevant to the subject matter of this lawsuit or reasonably calculated to

20   lead to the discovery of admissible evidence.  MGA also objects to this request on the

21   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

22   that show customer returns to MGA of Bratz dolls sold or distributed by MGA or its

23   licensees.  MGA also objects to this request on the grounds that it seeks confidential,

24   proprietary or commercially sensitive information, the disclosure of which would be

25   inimical to the business interests of MGA.  MGA also objects to this request to the extent

26   it calls for the disclosure of attorney-client privileged information or information

27   protected from disclosure by the work-product doctrine, joint defense or common interest

28   privilege, or other privilege.  MGA also objects to this request to the extent it seeks

12          MGA'S  SUPPLEMENTAL RESPONSE TO
            1ST SET OF REQUEST FOR PRODUCTION
            OF DOCUMENTS

EXHIBIT ___A___

PAGE ___15___

1  information the disclosure of which would implicate the rights of third parties to protect

2  private, confidential, proprietary or trade secret information.  MGA also objects to this

3  request to the extent that it seeks documents not in MGA's possession, custody or control.

4      Subject to the foregoing, MGA will produce non-privileged documents sufficient

5  to make the requested showing that are in its possession, custody or control, if any, which

6  it is able to locate following a reasonably diligent search.

7  **REQUEST FOR PRODUCTION NO. 12:**

8      DOCUMENTS sufficient to show customer rebates or credits given by YOU or

9  YOUR licensees to customers in connection with BRATZ DOLLS.

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

11      MGA incorporates by reference the above-stated general objections as if fully set

12  forth herein.  MGA also specifically objects to this request to the extent that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably calculated to

14  lead to the discovery of admissible evidence.  MGA also objects to this request on the

15  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

16  that show customer rebates or credits given by MGA or its licensees to customers in

17  connection with Bratz dolls.  MGA also objects to this request on the grounds that it seeks

18  confidential, proprietary or commercially sensitive information, the disclosure of which

19  would be inimical to the business interests of MGA.  MGA also objects to this request to

20  the extent it calls for the disclosure of attorney-client privileged information or

21  information protected from disclosure by the work-product doctrine, joint defense or

22  common interest privilege, or other privilege.  MGA also objects to this request to the

23  extent it seeks information the disclosure of which would implicate the rights of third

24  parties to protect private, confidential, proprietary or trade secret information.  MGA also

25  objects to this request to the extent that it seeks documents not in MGA's possession,

26  custody or control.

27      Subject to the foregoing, MGA will produce non-privileged documents sufficient

28  to make the requested showing that are in its possession, custody or control, if any, which

13      MGA'S SUPPLEMENTAL RESPONSE TO
        1ST SET OF REQUEST FOR PRODUCTION
        OF DOCUMENTS

EXHIBIT ___A___

PAGE ___16___

1   it is able to locate following a reasonably diligent search.

2   **REQUEST FOR PRODUCTION NO. 13:**

3   DOCUMENTS sufficient to show, by product number or SKU, the number of units

4   of each BRATZ DOLL sold by YOU or YOUR licensees.

5   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

6   MGA incorporates by reference the above-stated general objections as if fully set

7   forth herein. MGA also specifically objects to this request to the extent that it seeks

8   information not relevant to the subject matter of this lawsuit or reasonably calculated to

9   lead to the discovery of admissible evidence. MGA also objects to this request on the

10   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

11   that show, by product number or SKU, all units of Bratz dolls sold by MGA or its

12   licensees. MGA also objects to this request on the grounds that it seeks confidential,

13   proprietary or commercially sensitive information, the disclosure of which would be

14   inimical to the business interests of MGA. MGA also objects to this request to the extent

15   it calls for the disclosure of attorney-client privileged information or information

16   protected from disclosure by the work-product doctrine, joint defense or common interest

17   privilege, or other privilege. MGA also objects to this request to the extent it seeks

18   information the disclosure of which would implicate the rights of third parties to protect

19   private, confidential, proprietary or trade secret information. MGA also objects to this

20   request to the extent that it seeks documents not in MGA's possession, custody or control.

21   Subject to the foregoing, MGA will produce non-privileged documents sufficient

22   to make the requested showing that are in its possession, custody or control, if any, which

23   it is able to locate following a reasonably diligent search.

24   **REQUEST FOR PRODUCTION NO. 14:**

25   DOCUMENTS sufficient to show, by product number or SKU, the revenue

26   received by YOU from the sale of each BRATZ DOLL sold by YOU or YOUR licensees.

27   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

28   MGA incorporates by reference the above-stated general objections as if fully set

14

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT A
PAGE 17

1   forth herein.  MGA also specifically objects to this request to the extent that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably calculated to

3   lead to the discovery of admissible evidence.  MGA also objects to this request on the

4   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

5   that show, by product number or SKU, the revenue received by MGA from the sale of all

6   Bratz dolls sold by MGA or its licensees.  MGA also objects to this request on the

7   grounds that it seeks confidential, proprietary or commercially sensitive information, the

8   disclosure of which would be inimical to the business interests of MGA.  MGA also

9   objects to this request to the extent it calls for the disclosure of attorney-client privileged

10  information or information protected from disclosure by the work-product doctrine, joint

11  defense or common interest privilege, or other privilege.  MGA also objects to this request

12  to the extent it seeks information the disclosure of which would implicate the rights of

13  third parties to protect private, confidential, proprietary or trade secret information.  MGA

14  also objects to this request to the extent that it seeks documents not in MGA's possession,

15  custody or control.

16          Subject to the foregoing, MGA will produce non-privileged documents sufficient

17  to make the requested showing that are in its possession, custody or control, if any, which

18  it is able to locate following a reasonably diligent search.

19  **REQUEST FOR PRODUCTION NO. 15:**

20          DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of

21  goods sold, unit cost and other costs for each BRATZ DOLL sold by YOU or YOUR

22  licensees.

23  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

24          MGA incorporates by reference the above-stated general objections as if fully set

25  forth herein.  MGA also specifically objects to this request to the extent that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably calculated to

27  lead to the discovery of admissible evidence.  MGA also objects to this request on the

28  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

15                 MGA'S  SUPPLEMENTAL RESPONSE TO
                   1ST SET OF REQUEST FOR PRODUCTION
                   OF DOCUMENTS

EXHIBIT    A
PAGE    18

1 that show, by product number or SKU, MGA's cost of goods sold, unit cost, and other

2 costs for all Bratz dolls sold by MGA or its licensees. MGA also objects to this request

3 on the grounds that it seeks confidential, proprietary or commercially sensitive

4 information, the disclosure of which would be inimical to the business interests of MGA.

5 MGA also objects to this request to the extent it calls for the disclosure of attorney-client

6 privileged information or information protected from disclosure by the work-product

7 doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

8 to this request to the extent it seeks information the disclosure of which would implicate

9 the rights of third parties to protect private, confidential, proprietary or trade secret

10 information. MGA also objects to this request on the grounds that it is vague and

11 ambiguous in that MGA cannot determine what is meant by "other costs." MGA also

12 objects to this request to the extent that it seeks documents not in MGA's possession,

13 custody or control.

14   Subject to the foregoing, MGA will produce non-privileged documents sufficient

15 to make the requested showing that are in its possession, custody or control, if any, which

16 it is able to locate following a reasonably diligent search.

17 **REQUEST FOR PRODUCTION NO. 16:**

18   All DOCUMENTS that evidence, reflect, or REFER OR RELATE TO YOUR

19 profits, by product number or SKU, from the sale of each BRATZ DOLL sold by YOU or

20 YOUR licensees.

21 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

22   MGA incorporates by reference the above-stated general objections as if fully set

23 forth herein. MGA also specifically objects to this request to the extent that it seeks

24 information not relevant to the subject matter of this lawsuit or reasonably calculated to

25 lead to the discovery of admissible evidence. MGA also objects to this request on the

26 grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

27 that evidence, reflect or refer or relate, by product number or SKU, MGA's profits from

28 the sale of all Bratz dolls sold by MGA or its licensees. MGA also objects to this request

16  MGA'S  SUPPLEMENTAL RESPONSE TO
    1ST SET OF REQUEST FOR PRODUCTION
    OF DOCUMENTS

1   on the grounds that it seeks confidential, proprietary or commercially sensitive

2   information, the disclosure of which would be inimical to the business interests of MGA.

3   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

4   privileged information or information protected from disclosure by the work-product

5   doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

6   to this request to the extent it seeks information the disclosure of which would implicate

7   the rights of third parties to protect private, confidential, proprietary or trade secret

8   information.  MGA also objects to this request to the extent that it seeks documents not in

9   MGA's possession, custody or control.

10          Subject to the foregoing, MGA will produce documents that state MGA's profits

11  by product number or SKU from the sale of each Bratz doll sold by MGA or its licensees

12  in its possession, custody or control that it discovers in the course of its reasonable search

13  and diligent inquiry and to which no privilege, protection or other objection applies,

14  including without limitation, the attorney-client privilege or attorney work product

15  doctrine.

16  **REQUEST FOR PRODUCTION NO. 17:**

17          For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

18  DOLL, DOCUMENTS sufficient to show, by product number or SKU, the number of

19  units of each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

20  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

21          MGA incorporates by reference the above-stated general objections as if fully set

22  forth herein.  MGA also specifically objects to this request to the extent that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably calculated to

24  lead to the discovery of admissible evidence.  MGA also objects to this request on the

25  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

26  that show, by product number or SKU, the number of units of all Bratz dolls sold to all

27  customers by MGA or its licensees.  MGA also objects to this request on the grounds that

28  it seeks confidential, proprietary or commercially sensitive information, the disclosure of

17          MGA'S  SUPPLEMENTAL RESPONSE TO
                   1ST SET OF REQUEST FOR PRODUCTION
                   OF DOCUMENTS

EXHIBIT A
PAGE 20

1   which would be inimical to the business interests of MGA. MGA also objects to this

2   request to the extent it calls for the disclosure of attorney-client privileged information or

3   information protected from disclosure by the work-product doctrine, joint defense or

4   common interest privilege, or other privilege. MGA also objects to this request to the

5   extent it seeks information the disclosure of which would implicate the rights of third

6   parties to protect private, confidential, proprietary or trade secret information. MGA also

7   objects to this request to the extent that it seeks documents not in MGA's possession,

8   custody or control.

9        Subject to the foregoing, MGA will produce non-privileged documents sufficient

10   to make the requested showing that are in its possession, custody or control, if any, which

11   it is able to locate following a reasonably diligent search.

12   **REQUEST FOR PRODUCTION NO. 18:**

13        For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

14   DOLL, DOCUMENTS sufficient to show, by product number or SKU, the revenue

15   received by YOU from each such BRATZ DOLL sold by YOU or YOUR licensees to that

16   customer.

17   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

18        MGA incorporates by reference the above-stated general objections as if fully set

19   forth herein. MGA also specifically objects to this request to the extent that it seeks

20   information not relevant to the subject matter of this lawsuit or reasonably calculated to

21   lead to the discovery of admissible evidence. MGA also objects to this request on the

22   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

23   that show, by product number or SKU, the revenue received by MGA from the sale of all

24   Bratz dolls sold to all customers by MGA or its licensees. MGA also objects to this

25   request on the grounds that it seeks confidential, proprietary or commercially sensitive

26   information, the disclosure of which would be inimical to the business interests of MGA.

27   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

28   privileged information or information protected from disclosure by the work-product

18                    MGA'S SUPPLEMENTAL RESPONSE TO
                      1ST SET OF REQUEST FOR PRODUCTION
                      OF DOCUMENTS

EXHIBIT ___A___

PAGE ___21___

1  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

2  to this request to the extent it seeks information the disclosure of which would implicate

3  the rights of third parties to protect private, confidential, proprietary or trade secret

4  information. MGA also objects to this request to the extent that it seeks documents not in

5  MGA's possession, custody or control.

6       Subject to the foregoing, MGA will produce non-privileged documents sufficient

7  to make the requested showing that are in its possession, custody or control, if any, which

8  it is able to locate following a reasonably diligent search.

9  **REQUEST FOR PRODUCTION NO. 19:**

10       For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

11  DOLL, DOCUMENTS sufficient to show, by product number or SKU, YOUR profits

12  from each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

13  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

14       MGA incorporates by reference the above-stated general objections as if fully set

15  forth herein. MGA also specifically objects to this request to the extent that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably calculated to

17  lead to the discovery of admissible evidence. MGA also objects to this request on the

18  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

19  that show, by product number or SKU, MGA's profits from the sale of all Bratz dolls sold

20  to all customers by MGA or its licensees. MGA also objects to this request on the

21  grounds that it seeks confidential, proprietary or commercially sensitive information, the

22  disclosure of which would be inimical to the business interests of MGA. MGA also

23  objects to this request to the extent it calls for the disclosure of attorney-client privileged

24  information or information protected from disclosure by the work-product doctrine, joint

25  defense or common interest privilege, or other privilege. MGA also objects to this request

26  to the extent it seeks information the disclosure of which would implicate the rights of

27  third parties to protect private, confidential, proprietary or trade secret information. MGA

28  also objects to this request to the extent that it seeks documents not in MGA's possession,

19    MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

1    custody or control.

2        Subject to the foregoing, MGA will produce non-privileged documents sufficient

3    to make the requested showing that are in its possession, custody or control, if any, which

4    it is able to locate following a reasonably diligent search.

5    **REQUEST FOR PRODUCTION NO. 20:**

6        DOCUMENTS sufficient to show the revenue and profits derived by YOU from

7    the sale by YOU or YOUR licensees of BRATZ DOLLS including, without limitation,

8    DOCUMENTS sufficient to show sales revenues, costs of goods sold, variable costs,

9    gross margins, royalties paid and received, gross profits and nets profits.

10    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

11       MGA incorporates by reference the above-stated general objections as if fully set

12    forth herein.  MGA also specifically objects to this request to the extent that it seeks

13    information not relevant to the subject matter of this lawsuit or reasonably calculated to

14    lead to the discovery of admissible evidence.  MGA also objects to this request on the

15    grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

16    that show the revenues and profits derived by MGA from the sale of all Bratz dolls by

17    MGA or its licensees.  MGA also objects to this request on the grounds that it seeks

18    confidential, proprietary or commercially sensitive information, the disclosure of which

19    would be inimical to the business interests of MGA.  MGA also objects to this request to

20    the extent it calls for the disclosure of attorney-client privileged information or

21    information protected from disclosure by the work-product doctrine, joint defense or

22    common interest privilege, or other privilege.  MGA also objects to this request to the

23    extent it seeks information the disclosure of which would implicate the rights of third

24    parties to protect private, confidential, proprietary or trade secret information.  MGA also

25    objects to this request to the extent that it seeks documents not in MGA's possession,

26    custody or control.

27        Subject to the foregoing, MGA will produce non-privileged documents sufficient

28    to make the requested showing that are in its possession, custody or control, if any, which

20     MGA'S  SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT ___A___
PAGE ___23___

1  it is able to locate following a reasonably diligent search.

2  **REQUEST FOR PRODUCTION NO. 21:**

3      DOCUMENTS sufficient to show the number of units of each BRATZ PRODUCT

4  sold by YOU or YOUR licensees.

5  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

6      MGA incorporates by reference the above-stated general objections as if fully set

7  forth herein. MGA also specifically objects to this request to the extent that it seeks

8  information not relevant to the subject matter of this lawsuit or reasonably calculated to

9  lead to the discovery of admissible evidence. MGA also objects to this request on the

10  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

11  that show, by product number or SKU, the revenue received by MGA from the sale of all

12  Bratz products sold to all customers by MGA or its licensees. MGA also objects to this

13  request on the grounds that it seeks confidential, proprietary or commercially sensitive

14  information, the disclosure of which would be inimical to the business interests of MGA.

15  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

16  privileged information or information protected from disclosure by the work-product

17  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

18  to this request to the extent it seeks information the disclosure of which would implicate

19  the rights of third parties to protect private, confidential, proprietary or trade secret

20  information. MGA also objects to this request to the extent that it seeks documents not in

21  MGA's possession, custody or control.

22      Subject to the foregoing, MGA will produce non-privileged documents sufficient

23  to make the requested showing that are in its possession, custody or control, if any, which

24  it is able to locate following a reasonably diligent search.

25  **REQUEST FOR PRODUCTION NO. 22:**

26      DOCUMENTS sufficient to show the revenue received by YOU from the sale of

27  each BRATZ PRODUCT sold by YOU or YOUR licensees.

28

21

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT __A__
PAGE ___24___

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents that show the revenue received by MGA from the sale of all Bratz products by MGA or its licensees. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce non-privileged documents sufficient to make the requested showing that are in its possession, custody or control, if any, which it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 23:**

DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by YOU or YOUR licensees.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

<div align="right">

22

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

</div>

EXHIBIT ___A___
PAGE ___23___

1     that show MGA's cost of goods sold, unit cost, and other costs for all Bratz products sold

2     by MGA or its licensees.  MGA also objects to this request on the grounds that it seeks

3     confidential, proprietary or commercially sensitive information, the disclosure of which

4     would be inimical to the business interests of MGA.  MGA also objects to this request to

5     the extent it calls for the disclosure of attorney-client privileged information or

6     information protected from disclosure by the work-product doctrine, joint defense or

7     common interest privilege, or other privilege.  MGA also objects to this request to the

8     extent it seeks information the disclosure of which would implicate the rights of third

9     parties to protect private, confidential, proprietary or trade secret information.  MGA also

10    objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

11    determine what is meant by "other costs."  MGA also objects to this request to the extent

12    that it seeks documents not in MGA's possession, custody or control.

13         Subject to the foregoing, MGA will produce non-privileged documents sufficient

14    to make the requested showing that are in its possession, custody or control, if any, which

15    it is able to locate following a reasonably diligent search.

16    **REQUEST FOR PRODUCTION NO. 24:**

17         All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR

18    profits from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

19    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

20         MGA incorporates by reference the above-stated general objections as if fully set

21    forth herein.  MGA also specifically objects to this request to the extent that it seeks

22    information not relevant to the subject matter of this lawsuit or reasonably calculated to

23    lead to the discovery of admissible evidence.  MGA also objects to this request on the

24    grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

25    that evidence, reflect, or refer or relate to MGA's profits from the sale of all Bratz

26    products sold by MGA or its licensees.  MGA also objects to this request on the grounds

27    that it seeks confidential, proprietary or commercially sensitive information, the disclosure

28    of which would be inimical to the business interests of MGA.  MGA also objects to this

<div align="center">23</div>

MGA'S  SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

1   request to the extent it calls for the disclosure of attorney-client privileged information or

2   information protected from disclosure by the work-product doctrine, joint defense or

3   common interest privilege, or other privilege. MGA also objects to this request to the

4   extent it seeks information the disclosure of which would implicate the rights of third

5   parties to protect private, confidential, proprietary or trade secret information. MGA also

6   objects to this request to the extent that it seeks documents not in MGA's possession,

7   custody or control.

8       Subject to the foregoing, MGA will produce documents that state MGA's profits

9   from the sale of each Bratz product sold by MGA or its licensees in its possession,

10  custody or control that it discovers in the course of its reasonable search and diligent

11  inquiry and to which no privilege, protection or other objection applies, including without

12  limitation, the attorney-client privilege or attorney work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 25:**

14      DOCUMENTS sufficient to IDENTIFY all customers to whom YOU or YOUR

15  licensees have ever sold any BRATZ PRODUCT.

16  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

17      MGA incorporates by reference the above-stated general objections as if fully set

18  forth herein. MGA also specifically objects to this request to the extent that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably calculated to

20  lead to the discovery of admissible evidence. MGA also objects to this request on the

21  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

22  that identify all customers to whom MGA or its licensees has ever sold any Bratz product.

23  MGA also objects to this request on the grounds that it seeks confidential, proprietary or

24  commercially sensitive information, the disclosure of which would be inimical to the

25  business interests of MGA. MGA also objects to this request to the extent it calls for the

26  disclosure of attorney-client privileged information or information protected from

27  disclosure by the work-product doctrine, joint defense or common interest privilege, or

28  other privilege. MGA also objects to this request to the extent it seeks information the

24          MGA'S  SUPPLEMENTAL RESPONSE TO
            1ST SET OF REQUEST FOR PRODUCTION
                                OF DOCUMENTS

EXHIBIT __A__
PAGE __27__

1  disclosure of which would implicate the rights of third parties to protect private,

2  confidential, proprietary or trade secret information. MGA also objects to this request to

3  the extent that it seeks documents not in MGA's possession, custody or control.

4      Subject to the foregoing, MGA will produce non-privileged documents sufficient

5  to make the requested showing that are in its possession, custody or control, if any, which

6  it is able to locate following a reasonably diligent search.

7  **REQUEST FOR PRODUCTION NO. 26:**

8      For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

9  PRODUCT, DOCUMENTS sufficient to show the number of units of each such BRATZ

10  PRODUCT sold by YOU or YOUR licensees to that customer.

11  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

12      MGA incorporates by reference the above-stated general objections as if fully set

13  forth herein. MGA also specifically objects to this request to the extent that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably calculated to

15  lead to the discovery of admissible evidence. MGA also objects to this request on the

16  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

17  that show the number of units of all Bratz products sold to all customers by MGA or its

18  licensees. MGA also objects to this request on the grounds that it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would be

20  inimical to the business interests of MGA. MGA also objects to this request to the extent

21  it calls for the disclosure of attorney-client privileged information or information

22  protected from disclosure by the work-product doctrine, joint defense or common interest

23  privilege, or other privilege. MGA also objects to this request to the extent it seeks

24  information the disclosure of which would implicate the rights of third parties to protect

25  private, confidential, proprietary or trade secret information. MGA also objects to this

26  request to the extent that it seeks documents not in MGA's possession, custody or control.

27      Subject to the foregoing, MGA will produce responsive and non-privileged

28  documents in its possession, custody or control, if any, that it is able to locate following a

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT ___A___

PAGE ___28___

1   reasonably diligent search.

2   **REQUEST FOR PRODUCTION NO. 27:**

3   For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

4   PRODUCT, documents sufficient to show the revenue received by YOU from each such

5   BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

6   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

7   MGA incorporates by reference the above-stated general objections as if fully set

8   forth herein.  MGA also specifically objects to this request to the extent that it seeks

9   information not relevant to the subject matter of this lawsuit or reasonably calculated to

10  lead to the discovery of admissible evidence.  MGA also objects to this request on the

11  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

12  that show the revenue received by MGA from the sale of all Bratz products to all

13  customers by MGA or its licensees.  MGA also objects to this request on the grounds that

14  it seeks confidential, proprietary or commercially sensitive information, the disclosure of

15  which would be inimical to the business interests of MGA.  MGA also objects to this

16  request to the extent it calls for the disclosure of attorney-client privileged information or

17  information protected from disclosure by the work-product doctrine, joint defense or

18  common interest privilege, or other privilege.  MGA also objects to this request to the

19  extent it seeks information the disclosure of which would implicate the rights of third

20  parties to protect private, confidential, proprietary or trade secret information.  MGA also

21  objects to this request to the extent that it seeks documents not in MGA's possession,

22  custody or control.

23  Subject to the foregoing, MGA will produce non-privileged documents sufficient

24  to make the requested showing that are in its possession, custody or control, if any, which

25  it is able to locate following a reasonably diligent search.

26  **REQUEST FOR PRODUCTION NO. 28:**

27  For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

28  PRODUCT, documents sufficient to show YOUR profits from each such BRATZ

26

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT ___A___
PAGE ___27___

1  PRODUCT sold by YOU or YOUR licensees to that customer.

2  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

3  MGA incorporates by reference the above-stated general objections as if fully set

4  forth herein. MGA also specifically objects to this request to the extent that it seeks

5  information not relevant to the subject matter of this lawsuit or reasonably calculated to

6  lead to the discovery of admissible evidence. MGA also objects to this request on the

7  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

8  that show MGA's profits from the sale of all Bratz products to all customers by MGA or

9  its licensees. MGA also objects to this request on the grounds that it seeks confidential,

10  proprietary or commercially sensitive information, the disclosure of which would be

11  inimical to the business interests of MGA. MGA also objects to this request to the extent

12  it calls for the disclosure of attorney-client privileged information or information

13  protected from disclosure by the work-product doctrine, joint defense or common interest

14  privilege, or other privilege. MGA also objects to this request to the extent it seeks

15  information the disclosure of which would implicate the rights of third parties to protect

16  private, confidential, proprietary or trade secret information. MGA also objects to this

17  request to the extent that it seeks documents not in MGA's possession, custody or control.

18  Subject to the foregoing, MGA will produce non-privileged documents sufficient

19  to make the requested showing that are in its possession, custody or control, if any, which

20  it is able to locate following a reasonably diligent search.

21  **REQUEST FOR PRODUCTION NO. 29:**

22  DOCUMENTS sufficient to show customer returns to YOU of BRATZ

23  PRODUCTS sold or distributed by YOU or YOUR licensees.

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

25  MGA incorporates by reference the above-stated general objections as if fully set

26  forth herein. MGA also specifically objects to this request to the extent that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably calculated to

28  lead to the discovery of admissible evidence. MGA also objects to this request on the

27  MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT ___A___

PAGE ___30___

1  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

2  that show customer returns to MGA of all Bratz products sold or distributed by MGA or

3  its licensees.  MGA also objects to this request on the grounds that it seeks confidential,

4  proprietary or commercially sensitive information, the disclosure of which would be

5  inimical to the business interests of MGA.  MGA also objects to this request to the extent

6  it calls for the disclosure of attorney-client privileged information or information

7  protected from disclosure by the work-product doctrine, joint defense or common interest

8  privilege, or other privilege.  MGA also objects to this request to the extent it seeks

9  information the disclosure of which would implicate the rights of third parties to protect

10  private, confidential, proprietary or trade secret information.  MGA also objects to this

11  request to the extent that it seeks documents not in MGA's possession, custody or control.

12        Subject to the foregoing, MGA will produce non-privileged documents sufficient

13  to make the requested showing that are in its possession, custody or control, if any, which

14  it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 30:**

16        DOCUMENTS sufficient to show customer rebates and credits given by YOU or

17  YOUR licensees to customers in connection with BRATZ DOLLS.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

19        Request 30 appears on its face to request information identical to request 12.  If this

20  is an accurate interpretation of request 30, MGA objects that request 30 is duplicative of

21  request 12 and MGA also incorporates by reference its above-stated objections to request

22  12.  If request 30 inadvertently requests information related to Bratz dolls and was instead

23  intended to request information related to Bratz products, MGA has the following

24  objections:

25        MGA incorporates by reference the above-stated general objections as if fully set

26  forth herein.  MGA also specifically objects to this request to the extent that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably calculated to

28  lead to the discovery of admissible evidence.  MGA also objects to this request on the

28                    MGA'S  SUPPLEMENTAL RESPONSE TO
                      1ST SET OF REQUEST FOR PRODUCTION
                                    OF DOCUMENTS

EXHIBIT ___A___
PAGE ___31___

1 grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

2 that show customer rebates and credits given by MGA or its licensees to all customers in

3 connection with Bratz products.  MGA also objects to this request on the grounds that it

4 seeks confidential, proprietary or commercially sensitive information, the disclosure of

5 which would be inimical to the business interests of MGA.  MGA also objects to this

6 request to the extent it calls for the disclosure of attorney-client privileged information or

7 information protected from disclosure by the work-product doctrine, joint defense or

8 common interest privilege, or other privilege.  MGA also objects to this request to the

9 extent it seeks information the disclosure of which would implicate the rights of third

10 parties to protect private, confidential, proprietary or trade secret information.  MGA also

11 objects to this request to the extent that it seeks documents not in MGA's possession,

12 custody or control.

13      Subject to the foregoing, MGA will produce non-privileged documents sufficient

14 to make the requested showing that are in its possession, custody or control, if any, which

15 it is able to locate following a reasonably diligent search.

16 **REQUEST FOR PRODUCTION NO. 31:**

17      DOCUMENTS sufficient to show, by product number of SKU, the number of units

18 of each BRATZ PRODUCT sold by YOU or YOUR licensees.

19 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

20      MGA incorporates by reference the above-stated general objections as if fully set

21 forth herein.  MGA also specifically objects to this request to the extent that it seeks

22 information not relevant to the subject matter of this lawsuit or reasonably calculated to

23 lead to the discovery of admissible evidence.  MGA also objects to this request on the

24 grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

25 that show, by product number or SKU, the number of units of all Bratz products sold by

26 MGA or its licensees.  MGA also objects to this request on the grounds that it seeks

27 confidential, proprietary or commercially sensitive information, the disclosure of which

28 would be inimical to the business interests of MGA.  MGA also objects to this request to

29

MGA'S  SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

1   the extent it calls for the disclosure of attorney-client privileged information or

2   information protected from disclosure by the work-product doctrine, joint defense or

3   common interest privilege, or other privilege.  MGA also objects to this request to the

4   extent it seeks information the disclosure of which would implicate the rights of third

5   parties to protect private, confidential, proprietary or trade secret information.  MGA also

6   objects to this request to the extent that it seeks documents not in MGA's possession,

7   custody or control.

8        Subject to the foregoing, MGA will produce non-privileged documents sufficient

9   to make the requested showing that are in its possession, custody or control, if any, which

10  it is able to locate following a reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 32:**

12       DOCUMENTS sufficient to show, by product or SKU, the revenue received by

13  YOU from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

14  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

15       MGA incorporates by reference the above-stated general objections as if fully set

16  forth herein.  MGA also specifically objects to this request to the extent that it seeks

17  information not relevant to the subject matter of this lawsuit or reasonably calculated to

18  lead to the discovery of admissible evidence.  MGA also objects to this request on the

19  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

20  that show, by product number or SKU, the revenue received by MGA from the sale of all

21  Bratz products sold by MGA or its licensees.  MGA also objects to this request on the

22  grounds that it seeks confidential, proprietary or commercially sensitive information, the

23  disclosure of which would be inimical to the business interests of MGA.  MGA also

24  objects to this request to the extent it calls for the disclosure of attorney-client privileged

25  information or information protected from disclosure by the work-product doctrine, joint

26  defense or common interest privilege, or other privilege.  MGA also objects to this request

27  to the extent it seeks information the disclosure of which would implicate the rights of

28  third parties to protect private, confidential, proprietary or trade secret information.  MGA

30          MGA'S SUPPLEMENTAL RESPONSE TO
              1ST SET OF REQUEST FOR PRODUCTION
                             OF DOCUMENTS

EXHIBIT ___A___

PAGE ___33___

1   also objects to this request to the extent that it seeks documents not in MGA's possession,

2   custody or control.

3        Subject to the foregoing, MGA will produce non-privileged documents sufficient

4   to make the requested showing that are in its possession, custody or control, if any, which

5   it is able to locate following a reasonably diligent search.

6   **REQUEST FOR PRODUCTION NO. 33:**

7        DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of

8   goods sold, unit cost and other costs for each BRATZ PRODUCT sold by YOU or YOUR

9   licensees.

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

11       MGA incorporates by reference the above-stated general objections as if fully set

12  forth herein.  MGA also specifically objects to this request to the extent that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably calculated to

14  lead to the discovery of admissible evidence.  MGA also objects to this request on the

15  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

16  that show, by product number or SKU, MGA's cost of goods sold, unit cost and other

17  costs for all Bratz products sold by MGA or its licensees.  MGA also objects to this

18  request on the grounds that it seeks confidential, proprietary or commercially sensitive

19  information, the disclosure of which would be inimical to the business interests of MGA.

20  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

21  privileged information or information protected from disclosure by the work-product

22  doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

23  to this request to the extent it seeks information the disclosure of which would implicate

24  the rights of third parties to protect private, confidential, proprietary or trade secret

25  information.  MGA also objects to this request on the grounds that it is vague and

26  ambiguous in that MGA cannot determine what is meant by "other costs."  MGA also

27  objects to this request to the extent that it seeks documents not in MGA's possession,

28  custody or control.

31        MGA'S  SUPPLEMENTAL RESPONSE TO
          1ST SET OF REQUEST FOR PRODUCTION
          OF DOCUMENTS

EXHIBIT ___A___
PAGE _____34_____

1    Subject to the foregoing, MGA will produce non-privileged documents sufficient

2  to make the requested showing that are in its possession, custody or control, if any, which

3  it is able to locate following a reasonably diligent search.

4  **REQUEST FOR PRODUCTION NO. 34:**

5    All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR

6  profits, by product number or SKU, from the sale of each BRATZ PRODUCT sold by

7  YOU or YOUR licensees.

8  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

9    MGA incorporates by reference the above-stated general objections as if fully set

10  forth herein.  MGA also specifically objects to this request to the extent that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably calculated to

12  lead to the discovery of admissible evidence.  MGA also objects to this request on the

13  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

14  that reflect or refer or relate, by product number or SKU, to MGA's profits from the sale

15  of all Bratz products by MGA or its licensees.  MGA also objects to this request on the

16  grounds that it seeks confidential, proprietary or commercially sensitive information, the

17  disclosure of which would be inimical to the business interests of MGA.  MGA also

18  objects to this request to the extent it calls for the disclosure of attorney-client privileged

19  information or information protected from disclosure by the work-product doctrine, joint

20  defense or common interest privilege, or other privilege.  MGA also objects to this request

21  to the extent it seeks information the disclosure of which would implicate the rights of

22  third parties to protect private, confidential, proprietary or trade secret information.  MGA

23  also objects to this request to the extent that it seeks documents not in MGA's possession,

24  custody or control.

25    Subject to the foregoing, MGA will produce documents that state MGA's profits

26  by product number or SKU from the sale of each Bratz product sold by MGA or its

27  licensees in its possession, custody or control that it discovers in the course of its

28  reasonable search and diligent inquiry and to which no privilege, protection or other

32    MGA'S  SUPPLEMENTAL RESPONSE TO
       1ST SET OF REQUEST FOR PRODUCTION
              OF DOCUMENTS

EXHIBIT ____A____

PAGE ____65____

1    objection applies, including without limitation, the attorney-client privilege or attorney

2    work product doctrine.

3    **REQUEST FOR PRODUCTION NO. 35:**

4       For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

5    PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the number

6    of units of each such BRATZ PRODUCT sold by YOU or YOUR licensees to that

7    customer.

8    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

9       MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein.  MGA also specifically objects to this request to the extent that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably calculated to

12   lead to the discovery of admissible evidence.  MGA also objects to this request on the

13   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

14   that show the number of units of all Bratz products sold by MGA or its licensees to every

15   customer to whom MGA or its licensees have ever sold any Bratz products.  MGA also

16   objects to this request on the grounds that it seeks confidential, proprietary or

17   commercially sensitive information, the disclosure of which would be inimical to the

18   business interests of MGA.  MGA also objects to this request to the extent it calls for the

19   disclosure of attorney-client privileged information or information protected from

20   disclosure by the work-product doctrine, joint defense or common interest privilege, or

21   other privilege.  MGA also objects to this request to the extent it seeks information the

22   disclosure of which would implicate the rights of third parties to protect private,

23   confidential, proprietary or trade secret information.  MGA also objects to this request to

24   the extent that it seeks documents not in MGA's possession, custody or control.

25       Subject to the foregoing, MGA will produce non-privileged documents sufficient

26   to make the requested showing that are in its possession, custody or control, if any, which

27   it is able to locate following a reasonably diligent search.

28

<div align="center">33</div>

MGA'S  SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT ___A___

PAGE ___36___

1  **REQUEST FOR PRODUCTION NO. 36:**

2      For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

3  PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the revenue

4  received by YOU from each such BRATZ PRODUCT sold by YOU or YOUR licensees

5  to that customer.

6  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

7      MGA incorporates by reference the above-stated general objections as if fully set

8  forth herein.  MGA also specifically objects to this request to the extent that it seeks

9  information not relevant to the subject matter of this lawsuit or reasonably calculated to

10  lead to the discovery of admissible evidence.  MGA also objects to this request on the

11  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

12  that show the revenue received by MGA from all Bratz products sold by MGA or its

13  licensees to every customer to whom MGA or its licenses have ever sold any Bratz

14  products.  MGA also objects to this request on the grounds that it seeks confidential,

15  proprietary or commercially sensitive information, the disclosure of which would be

16  inimical to the business interests of MGA.  MGA also objects to this request to the extent

17  it calls for the disclosure of attorney-client privileged information or information

18  protected from disclosure by the work-product doctrine, joint defense or common interest

19  privilege, or other privilege.  MGA also objects to this request to the extent it seeks

20  information the disclosure of which would implicate the rights of third parties to protect

21  private, confidential, proprietary or trade secret information.  MGA also objects to this

22  request to the extent that it seeks documents not in MGA's possession, custody or control.

23      Subject to the foregoing, MGA will produce non-privileged documents sufficient

24  to make the requested showing that are in its possession, custody or control, if any, which

25  it is able to locate following a reasonably diligent search.

26  **REQUEST FOR PRODUCTION NO. 37:**

27      DOCUMENTS sufficient to show the revenue and profits derived by YOU from

28  the sale by YOU or YOUR licensees of BRATZ PRODUCTS including, without

34        MGA'S  SUPPLEMENTAL RESPONSE TO
          1ST SET OF REQUEST FOR PRODUCTION
                                OF DOCUMENTS


EXHIBIT ___A___
PAGE ___37___

1    limitation, DOCUMENTS sufficient to show sales revenues, costs of goods sold, variable

2    costs, gross margins, royalties paid and received, gross profits and nets profits.

3    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

4         MGA incorporates by reference the above-stated general objections as if fully set

5    forth herein. MGA also specifically objects to this request to the extent that it seeks

6    information not relevant to the subject matter of this lawsuit or reasonably calculated to

7    lead to the discovery of admissible evidence. MGA also objects to this request on the

8    grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

9    that show the revenues and profits derived by MGA from the sale of all Bratz products by

10   MGA or its licensees. MGA also objects to this request on the grounds that it seeks

11   confidential, proprietary or commercially sensitive information, the disclosure of which

12   would be inimical to the business interests of MGA. MGA also objects to this request to

13   the extent it calls for the disclosure of attorney-client privileged information or

14   information protected from disclosure by the work-product doctrine, joint defense or

15   common interest privilege, or other privilege. MGA also objects to this request to the

16   extent it seeks information the disclosure of which would implicate the rights of third

17   parties to protect private, confidential, proprietary or trade secret information. MGA also

18   objects to this request to the extent that it seeks documents not in MGA's possession,

19   custody or control.

20        Subject to the foregoing, MGA will produce non-privileged documents sufficient

21   to make the requested showing that are in its possession, custody or control, if any, which

22   it is able to locate following a reasonably diligent search.

23   **REQUEST FOR PRODUCTION NO. 38:**

24        DOCUMENTS sufficient to show the revenue and profits derived by YOU from

25   BRATZ MOVIES including, without limitation, DOCUMENTS sufficient to show sales

26   revenue, costs of goods sold, variable costs, gross margins, royalties paid and received,

27   gross profits and nets profits.

28

MGA'S SUPPLEMENTAL RESPONSE TO
                                         1ST SET OF REQUEST FOR PRODUCTION
                                         OF DOCUMENTS

EXHIBIT ___A___
PAGE ___38___

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents that show the revenues and profits derived by MGA from Bratz movies. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce non-privileged documents sufficient to make the requested showing that are in its possession, custody or control, if any, which it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS sufficient to show the revenue and profits derived by YOU from BRATZ TELEVISION SHOWS including, without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and nets profits.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT ___A___
PAGE ___39___

1  lead to the discovery of admissible evidence.  MGA also objects to this request on the

2  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

3  that show the revenues and profits derived by MGA from Bratz television shows.  MGA

4  also objects to this request on the grounds that it seeks confidential, proprietary or

5  commercially sensitive information, the disclosure of which would be inimical to the

6  business interests of MGA.  MGA also objects to this request to the extent it calls for the

7  disclosure of attorney-client privileged information or information protected from

8  disclosure by the work-product doctrine, joint defense or common interest privilege, or

9  other privilege.  MGA also objects to this request to the extent it seeks information the

10  disclosure of which would implicate the rights of third parties to protect private,

11  confidential, proprietary or trade secret information.  MGA also objects to this request to

12  the extent that it seeks documents not in MGA's possession, custody or control.

13       Subject to the foregoing, MGA will produce non-privileged documents sufficient

14  to make the requested showing that are in its possession, custody or control, if any, which

15  it is able to locate following a reasonably diligent search.

16  **REQUEST FOR PRODUCTION NO. 40:**

17       All DOCUMENTS that describe YOUR cost allocation procedures.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

19       MGA incorporates by reference the above-stated general objections as if fully set

20  forth herein.  MGA also specifically objects to this request to the extent that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably calculated to

22  lead to the discovery of admissible evidence.  MGA also objects to this request on the

23  grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

24  that describe MGA's cost allocation procedures.  MGA also objects to this request on the

25  grounds that it seeks confidential, proprietary or commercially sensitive information, the

26  disclosure of which would be inimical to the business interests of MGA.  MGA also

27  objects to this request to the extent it calls for the disclosure of attorney-client privileged

28  information or information protected from disclosure by the work-product doctrine, joint

37       MGA'S  SUPPLEMENTAL RESPONSE TO
         1ST SET OF REQUEST FOR PRODUCTION
                           OF DOCUMENTS

EXHIBIT ___A___

PAGE ___40___

1    defense or common interest privilege, or other privilege.  MGA also objects to this request

2    to the extent it seeks information the disclosure of which would implicate the rights of

3    third parties to protect private, confidential, proprietary or trade secret information.  MGA

4    also objects to this request on the grounds that it is vague and ambiguous in that MGA

5    cannot determine what is meant by "cost allocation procedures."  MGA also objects to

6    this request to the extent that it seeks documents not in MGA's possession, custody or

7    control.

8         Subject to the foregoing, MGA will produce all responsive and non-privileged

9    documents in its possession, custody or control, if any, that it is able to locate following a

10   reasonably diligent search.

11   **REQUEST FOR PRODUCTION NO. 41:**

12        YOUR general ledgers from January 1, 1995 through the present.

13   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

14        MGA incorporates by reference the above-stated general objections as if fully set

15   forth herein.  MGA also specifically objects to this request to the extent that it seeks

16   information not relevant to the subject matter of this lawsuit or reasonably calculated to

17   lead to the discovery of admissible evidence.  MGA also objects to this request on the

18   grounds that it is overbroad, unduly burdensome, and oppressive in seeking all of MGA's

19   general ledgers from January 1, 1995 through the present.  MGA also objects to this

20   request on the grounds that it seeks confidential, proprietary or commercially sensitive

21   information, the disclosure of which would be inimical to the business interests of MGA.

22   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

23   privileged information or information protected from disclosure by the work-product

24   doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

25   to this request to the extent it seeks information the disclosure of which would implicate

26   the rights of third parties to protect private, confidential, proprietary or trade secret

27   information.  MGA also objects to this request to the extent that it seeks documents not in

28   MGA's possession, custody or control.

38            MGA'S  SUPPLEMENTAL RESPONSE TO
              1ST SET OF REQUEST FOR PRODUCTION
                                  OF DOCUMENTS

EXHIBIT __A__

PAGE __41__

1      Subject to the foregoing, MGA will produce all non-privileged documents

2  constituting general ledgers from January 1, 1995 to the present in its possession, custody

3  or control that it is able to locate following a reasonably diligent search.

4  **REQUEST FOR PRODUCTION NO. 42:**

5      All sales, profit and cash flow projections or forecasts for BRATZ DOLLS,

6  BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION SHOWS.

7  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

8      MGA incorporates by reference the above-stated general objections as if fully set

9  forth herein.  MGA also specifically objects to this request to the extent that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably calculated to

11  lead to the discovery of admissible evidence.  MGA also objects to this request on the

12  grounds that it is overbroad, unduly burdensome, and oppressive in seeking all of MGA's

13  profit and cash flow projections and forecasts for Bratz dolls, Bratz products, Bratz

14  movies, and Bratz television shows.  MGA also objects to this request on the grounds that

15  it seeks confidential, proprietary or commercially sensitive information, the disclosure of

16  which would be inimical to the business interests of MGA.  MGA also objects to this

17  request to the extent it calls for the disclosure of attorney-client privileged information or

18  information protected from disclosure by the work-product doctrine, joint defense or

19  common interest privilege, or other privilege.  MGA also objects to this request to the

20  extent it seeks information the disclosure of which would implicate the rights of third

21  parties to protect private, confidential, proprietary or trade secret information.  MGA also

22  objects to this request to the extent that it seeks documents not in MGA's possession,

23  custody or control.

24      Subject to the foregoing, MGA will produce all responsive and non-privileged

25  documents in its possession, custody or control, if any, that it is able to locate following a

26  reasonably diligent search.

27  **REQUEST FOR PRODUCTION NO. 43:**

28      All DOCUMENTS that REFER OR RELATE TO the value of the Bratz brand.

EXHIBIT __A__

PAGE __42__

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

2      MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein.  MGA also specifically objects to this request to the extent that it seeks

4  information not relevant to the subject matter of this lawsuit or reasonably calculated to

5  lead to the discovery of admissible evidence.  MGA also objects to this request on the

6  grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

7  that refer or relate to the value of the Bratz brand.  MGA also objects to this request on the

8  grounds that it seeks confidential, proprietary or commercially sensitive information, the

9  disclosure of which would be inimical to the business interests of MGA.  MGA also

10  objects to this request to the extent it calls for the disclosure of attorney-client privileged

11  information or information protected from disclosure by the work-product doctrine, joint

12  defense or common interest privilege, or other privilege.  MGA also objects to this request

13  to the extent it seeks information the disclosure of which would implicate the rights of

14  third parties to protect private, confidential, proprietary or trade secret information.  MGA

15  also objects to this request on the grounds that it is vague and ambiguous in that MGA

16  cannot determine what is meant by or how to calculate "the value of the Bratz brand."

17  MGA also objects to this request to the extent that it seeks documents not in MGA's

18  possession, custody or control.

19      Subject to the foregoing, MGA will produce: all non-privileged documents that set

20  forth the value of the Bratz brand in its possession, custody or control, that it is able to

21  locate following a reasonably diligent search; in addition to the documents that MGA

22  represents it will produce in response to each of these other requests.

23  **REQUEST FOR PRODUCTION NO. 44:**

24      DOCUMENTS sufficient to calculate YOUR net worth on a yearly basis for each

25  year from 1999 to the present.

26  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

27      MGA incorporates by reference the above-stated general objections as if fully set

28  forth herein.  MGA also specifically objects to this request to the extent that it seeks

MGA'S  SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT ___A___
PAGE ___43___

1    information not relevant to the subject matter of this lawsuit or reasonably calculated to

2    lead to the discovery of admissible evidence. MGA also objects to this request on the

3    grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

4    sufficient to calculate MGA's net worth on a yearly basis for each year from 1999 to the

5    present. MGA also objects to this request on the grounds that it seeks confidential,

6    proprietary or commercially sensitive information, the disclosure of which would be

7    inimical to the business interests of MGA. MGA also objects to this request to the extent

8    it calls for the disclosure of attorney-client privileged information or information

9    protected from disclosure by the work-product doctrine, joint defense or common interest

10   privilege, or other privilege. MGA also objects to this request to the extent it seeks

11   information the disclosure of which would implicate the rights of third parties to protect

12   private, confidential, proprietary or trade secret information. MGA also objects to this

13   request on the grounds that it is vague and ambiguous in that MGA cannot determine what

14   is meant by "YOUR net worth." MGA also objects to this request to the extent that it

15   seeks documents not in MGA's possession, custody or control.

16        Subject to the foregoing, MGA will produce: all non-privileged documents that set

17   forth, discuss or talk about the value of the Bratz brand in its possession, custody or

18   control, that it is able to locate following a reasonably diligent search; in addition to all

19   documents that MGA represents it will produce in response to each of these other

20   requests.

21   **REQUEST FOR PRODUCTION NO. 45:**

22        All DOCUMENTS that evidence, reflect or REFER OR RELATE TO the BRATZ

23   DOLL's share of the fashion doll market including, without limitation, the extent to which

24   Bratz has been or is gaining or losing market share in the fashion doll market.

25   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

26        MGA incorporates by reference the above-stated general objections as if fully set

27   forth herein. MGA also specifically objects to this request to the extent that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably calculated to

41          MGA'S SUPPLEMENTAL RESPONSE TO
                1ST SET OF REQUEST FOR PRODUCTION
                OF DOCUMENTS

EXHIBIT   A
PAGE      44

1  lead to the discovery of admissible evidence.  MGA also objects to this request on the

2  grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

3  that evidence, reflect or refer or relate to the Bratz doll's share of the fashion doll market,

4  including the extent to which Bratz has been or is gaining or losing market share in the

5  fashion doll market.  MGA also objects to this request on the grounds that it seeks

6  confidential, proprietary or commercially sensitive information, the disclosure of which

7  would be inimical to the business interests of MGA.  MGA also objects to this request to

8  the extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense or

10 common interest privilege, or other privilege.  MGA also objects to this request to the

11 extent it seeks information the disclosure of which would implicate the rights of third

12 parties to protect private, confidential, proprietary or trade secret information.  MGA also

13 objects to this request to the extent that it seeks documents not in MGA's possession,

14 custody or control.

15      Subject to the foregoing, MGA will produce all non-privileged documents that set

16 forth or reflect the Bratz dolls' share of the fashion doll market in its possession, custody

17 or control, if any, that it is able to locate following a reasonably diligent search, except for

18 NPD reports.

19

20

21

22

23

24

25

26

27

28

42      MGA'S  SUPPLEMENTAL RESPONSE TO
         1ST SET OF REQUEST FOR PRODUCTION
                        OF DOCUMENTS

EXHIBIT    A
PAGE    45

1

2    AS TO OBJECTIONS ONLY:

3

4    Dated: September 17, 2007

5        DIANA M. TORRES
         WILLIAM J. CHARRON

6        O'MELVENY & MYERS LLP

7

8        By: _____

9            William J. Charron

10       Attorneys for MGA Entertainment, Inc.

11

12   CC1:770696.2

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    43        MGA'S  SUPPLEMENTAL RESPONSE TO
                                              1ST SET OF REQUEST FOR PRODUCTION
                                                          OF DOCUMENTS

EXHIBIT    A
PAGE     46

1

## PROOF OF SERVICE

2

I, Deborah L. Hodge, declare:

3

I am a resident of the State of California and over the age of eighteen
years, and not a party to the within action; my business address is 1999 Avenue of
the Stars, 7th Floor, Los Angeles, California 90067-6035.  On September 17, 2007,
I served the within documents:

4

5

6

**MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL
RESPONSES TO MATTEL, INC.'S SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND
THINGS**

7

8

9

☒      by putting a true and correct copy thereof, together with an unsigned copy
of this declaration, in a sealed envelope designated by the carrier, with
delivery fees paid or provided for, for delivery the next business day to
the person(s) listed below, and placing the envelope for collection today
by the overnight courier in accordance with the firm's ordinary business
practices.  I am readily familiar with this firm's practice for collection
and processing of overnight courier correspondence.  In the ordinary
course of business, such correspondence collected from me would be
processed on the same day, with fees thereon fully prepaid, and deposited
that day in a box or other facility regularly maintained by Federal
Express, which is an express carrier.

10

11

12

13

14

15

Michael T. Zeller, Esq.
Timothy Alger, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 19th Floor
Los Angeles, CA 90017
michaelzeller@quinnemanuel.com
talger@quinnemanuel.com
Attorneys for Mattel

16

17

18

19

20

21

I declare under penalty of perjury under the laws of the United States
that the above is true and correct.

22

Executed on September 17, 2007, at Los Angeles, California.

23

24

25

_____
Deborah L. Hodge

26

27

28

PROOF OF SERVICE

1

**PROOF OF SERVICE**

2

      I, Deborah L. Hodge, declare:

3

      I am a resident of the State of California and over the age of eighteen
4
years, and not a party to the within action; my business address is 1999 Avenue of
the Stars, 7th Floor, Los Angeles, California 90067-6035.  On September 17, 2007,
5
I served the within documents:

6

      **MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL**
      **RESPONSES TO MATTEL, INC.'S SECOND SET OF**
7
      **REQUESTS FOR PRODUCTION OF DOCUMENTS AND**
      **THINGS**

8

by placing the document(s) listed above in a sealed envelope with postage thereon
9
fully prepaid, in the United States mail at Los Angeles, California addressed as set
forth below.  I am readily familiar with the firm's practice of collecting and
10
processing correspondence for mailing.  Under that practice it would be deposited
with the U.S. Postal Service on that same day with postage thereon fully prepaid in
11
the ordinary course of business.  I am aware that on motion of the party served,
service is presumed invalid if the postal cancellation date or postage meter date is
12
more than one day after date of deposit for mailing in affidavit.

13

| | |
|---|---|
| Michael H. Page, Esq. | Patricia Glaser, Esq. |
| Keker & Van Nest LLP | Christensen, Glaser, Fink, Jacobs, Weil & |
| 710 Sansome Street | Shapiro, LLP |
| San Francisco, CA 94111 | 10250 Constellation Blvd., 19th Floor |
| mpage@kvn.com | Los Angeles, CA 90067 |
|     Attorneys for Carter Bryant | pglaser@chrisglase.com |
| |     Attorneys for MGA |

14
15
16
17

18

      I declare under penalty of perjury under the laws of the United States
19
that the above is true and correct.

20

      Executed on September 17, 2007, at Los Angeles, California.

21

22

23
                           Deborah L. Hodge

24

25

26

27

28

PROOF OF SERVICE

EXHIBIT __A__
PAGE __4B__

## PROOF OF ELECTRONIC SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1999 Avenue of the Stars, 7th Floor, Los Angeles, California 90067-6035.  On September 17, 2007, I served the within documents:

**MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

by sending via electronic mail the document(s) listed above to the person(s) listed below.

> James W. Spertus, Esq.
> Law Offices of James W. Spertus
> 12100 Wilshire Boulevard
> Suite 620
> Los Angeles, CA 90025
> Jim@SpertusLaw.com
> Attorneys for Carlos Gustovo
> Machado Gomez

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 17, 2007, at Los Angeles, California.


_____
Deborah L. Hodge

PROOF OF ELECTRONIC SERVICE

# EXHIBIT B

1              UNITED STATES DISTRICT COURT

2             CENTRAL DISTRICT OF CALIFORNIA

3                   EASTERN DIVISION

4                       - - -

5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                       - - -

7   MATTEL, INC.,                    )
                                     )
8                     PLAINTIFF,     )
                                     )
9             VS.                    )   NO. CV 04-09049
                                     )
10  MGA ENTERTAINMENT, INC., ET. AL.,)
                                     )
11                    DEFENDANTS.    )   CONTINUED BENCH
    _____)   CONFERENCE
12  AND CONSOLIDATED ACTIONS,        )   PAGES 5216-5323
                                     )
13  _____)

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16               RIVERSIDE, CALIFORNIA

17               MONDAY, JULY 21, 2008

18                   4:04 P.M.

19

20

21

22

23           THERESA A. LANZA, RPR, CSR
         FEDERAL OFFICIAL COURT REPORTER
24          3470 12TH STREET, RM. 134
         RIVERSIDE, CALIFORNIA  92501
25              951-274-0844
            WWW.THERESALANZA.COM

CERTIFIED COPY

EXHIBIT  B
PAGE  50

```
 1    EXPERT OPINION OF CAROL SCOTT, AND CAROL SCOTT DID NOT SUBMIT

 2    AN EXPERT.  AND, INDEED, OUR POSITION IS THAT MR. GRUCA IS NOT

 3    PROPER REBUTTAL TESTIMONY.

 4             THE COURT:  I APPRECIATE THAT.  THE COURT'S ANALYSIS

 5    WAS NOT PARALLEL TO MS. AGUIAR'S STATEMENT.  CONFINE YOUR          04:32

 6    RESPONSE TO THE COURT'S ANALYSIS.  THIS IS CLEARLY A REBUTTAL

 7    EXPERT DESIGNATED AS SUCH BY MATTEL.  THE EXPERTS TO WHOM HE

 8    WAS DESIGNATED AS A REBUTTAL EXPERT ARE NO LONGER BEING CALLED,

 9    SO ON THAT BASIS AND THAT BASIS ONLY, THE COURT IS NOT GOING TO

10    PERMIT HIM TO GO FORWARD IN THE CASE-IN-CHIEF.                     04:32

11             IS THERE ANY RESPONSE TO THAT?

12             MR. KIDMAN:  NO, YOUR HONOR.

13             THE COURT:  VERY WELL.

14             MS. AGUIAR:  YOUR HONOR, JUST TO CLOSE IT OUT, IF WE

15    DO GET TO THE POINT AT SOME JUNCTURE WHERE WE ARE ARGUING ON       04:32

16    THE HOLLANDER MOTION AGAIN, I DID JUST WANT TO RESERVE THE

17    RIGHT TO ARGUE REGARDING THOSE CASES THAT MATTEL CITED ON

18    WHETHER OR NOT EXPERT TESTIMONY OF THIS SORT WOULD BE PROPER

19    WITH THIS "INTENDED AUDIENCE."  IT'S THE LAY PUBLIC AND IT'S

20    CHILDREN OF A CERTAIN AGE.                                         04:33

21             BUT CERTAINLY, I DISAGREE AND I WOULD LIKE THE

22    OPPORTUNITY, ONLY IF IT RISES LATER, TO ADDRESS THAT.

23             THE COURT:  FAIR ENOUGH.  WE'LL PUT THAT OFF FOR

24    ANOTHER DAY.  I GIVE YOU THE COURT'S TENTATIVE THOUGHTS, HAVING

25    REVIEWED THOSE CASES, BUT I'LL CERTAINLY GIVE BOTH SIDES AN        04:33
```

MONDAY, JULY 21, 2008    EXHIBIT  B    CONTINUED BENCH CONFERENCE (TELEPHONIC
                         PAGE   51

1    I'M GOING TO DENY THE MOTION TO PRECLUDE MR. LOETZ.

2    THERE ARE A NUMBER OF NULLIFYING OBJECTIONS, BUT I THINK ALL OF

3    THOSE GO TO THE WEIGHT OF THE TESTIMONY.   I GUESS, ON THE BEAR

4    VERSUS HUMAN ISSUE, I TEND TO THINK THE DOLLS ARE MORE LIKE

5    BEARS THAN THEY ARE LIKE HUMANS; SO ON THE CLOTHES, I DON'T SEE          05:09

6    THE FUNCTIONAL UTILITY, SO I THINK MR. LOETZ IS ON FIRM GROUND

7    ON HIS ANALYSIS, SUBJECT, OF COURSE, TO THE OBJECTIONS THAT MGA

8    IS MAKING.   I THINK THAT'S ALL FAIR GAME FOR CROSS-EXAMINATION.

9              ANY QUESTIONS ON THAT FROM EITHER SIDE?

10             **MS. AGUIAR:**   YOUR HONOR, WHAT I WOULD SAY IS THAT          05:10

11   WE'VE MADE A MOTION -- OUR MOTION IS NOT TO EXCLUDE HIM IN HIS

12   ENTIRETY, BUT WE DO HAVE THE MOTION THAT GOES TO WHETHER OR NOT

13   MR. LOETZ CAN EXPRESS AN OPINION REGARDING ANYTHING BEYOND THE

14   FIRST GENERATION OF DOLLS.

15             IT SOUNDS LIKE YOU ABSOLUTELY HAVE READ HIS REPORT.          05:10

16   AND IF YOU LOOK AT THE EXHIBITS TO HIS REPORT, THEY ARE ALL

17   CONCERNING THE FIRST GENERATION DOLLS.   IF YOU LOOK AT HIS

18   CONCLUSIONS IN HIS REPORT, WHICH ARE ON PAGES 2 AND 9, THE

19   FUNDAMENTAL CONCLUSIONS IN HIS REPORT CONCERN THE FIRST WAVE OF

20   BRATZ DOLLS.                                                            05:10

21             WE HAVE NO PROBLEM -- I SHOULDN'T SAY WE HAVE NO

22   PROBLEM -- WE UNDERSTAND THAT HE HAS EXPRESSED OPINIONS

23   REGARDING THE FIRST GENERATION OF BRATZ DOLLS, AND WE WILL

24   CROSS HIM ON THAT.

25             **THE COURT:**   RIGHT.                                       05:10

EXHIBIT ___8___

PAGE ___52___

1       THE COURT:  AGAIN, I'M NOT ALLOWING ANYONE TO OFFER

2    LEGAL OPINIONS ABOUT COPYRIGHTABILITY.  THAT'S A LEGAL OPINION

3    THAT NOBODY IS GOING TO GIVE IN THIS PHASE OF THE TRIAL.

4       HE'S GOING TO BE PERMITTED TO EXAMINE ELEMENTS THAT I

5    BELIEVE DO GO TO WITHIN THE SCOPE OF COPYRIGHTABILITY, AS I        05:12

6    DESCRIBED IT AT THE BEGINNING OF THIS HEARING.

7       MR. NOLAN:  SO THAT I UNDERSTAND IT, WE'RE NOT TAKING

8    FROM THIS RULING, THEN, THE COURT HAS MADE A DETERMINATION THAT

9    FASHIONS, PER SE, ARE SUBJECT TO COPYRIGHT PROTECTIONS?

10      THE COURT:  I GUESS THAT WAS THE POINT OF MY COMMENT.     05:13

11   I AM FAIRLY CONVINCED THAT ON A DOLL, A PARTICULAR FASHION, A

12   PARTICULAR ATTITUDE OR A LOOK, IS COPYRIGHTABLE.  I'LL FLUSH

13   THIS OUT A LITTLE BIT MORE IN THE SCOPE OF COPYRIGHTABILITY.

14   THESE VARIOUS ELEMENTS ARE PART OF WHAT IS BEING COPYRIGHTED,

15   IF THAT MAKES SENSE.                                         05:13

16      MR. NOLAN:  I THINK THAT DOES GIVE A LITTLE GUIDANCE.

17      THE COURT:  WHAT I'M NOT GOING TO PERMIT IS THE GOING

18   DOWN FROM A CLOTHES AND UTILITY FUNCTIONS; SO THEY'RE NOT

19   COPYRIGHTABLE.  HAIR, EVERYONE'S GOT HAIR, SO THAT'S NOT

20   COPYRIGHTABLE; AND THROUGH AN ANALYSIS BASICALLY ELIMINATE       05:14

21   EVERYTHING AND THERE'S NOTHING LEFT.  I THINK QUITE THE

22   CONTRARY.  I FIND THE ANALYSIS WITH RESPECT TO TEDDY BEARS AND

23   CLOTHES ON TEDDY BEARS TO BE VERY SIMILAR TO THE ANALYSIS OF

24   CLOTHES ON A FASHION DOLL.  THAT'S PART OF, I SUPPOSE,

25   INTRINSICALLY SPEAKING, WHAT MAKES UP THE WORK THAT IS           05:14

EXHIBIT   B
PAGE   63

1   COPYRIGHTED.

2          MR. NOLAN:   YOUR HONOR, WOULD THE COURT, IN LIGHT OF

3   THAT, THEN -- LET'S ASSUME, THEN, THAT WE WOULD BE ABLE TO

4   EXPLORE WITH A MATTEL WITNESS THE FACT THAT, NOTWITHSTANDING

5   SELLING BARBIE DOLLS FOR OVER 40 YEARS, MATTEL HAS NEVER            05:14

6   COPYRIGHTED A FASHION OUTFIT.

7          THE COURT:   I CAN JUMP FORWARD AND TELL YOU MY RULING

8   ON TESTIMONY REGARDING BARBIE.   AND MY INTENTION AT THIS POINT,

9   OR MY TENTATIVE AT THIS POINT, IS TO GRANT THAT MOTION

10  IN LIMINE IN ITS ENTIRETY, THAT WE'RE NOT GETTING INTO BARBIE.     05:15

11  YOUR EXAMPLE, YOUR SUGGESTION RIGHT NOW, IS YET JUST ANOTHER

12  EXAMPLE.   I DON'T THINK WHAT MATTEL DID OR DID NOT DO WITH

13  BARBIE IS RELEVANT TO THIS TRIAL.

14          MR. NOLAN:   FINE, YOUR HONOR.   I ACCEPT THAT.

15          THE COURT:   WITH ONE CAVEAT -- AND I'M GETTING AHEAD       05:15

16  OF MYSELF A LITTLE BIT -- BECAUSE THERE ARE CERTAIN AFFIRMATIVE

17  DEFENSES THAT I COULD SEE THAT IT MIGHT BE RELEVANT TO; BUT I

18  HAVE A WAY OF DEALING WITH THAT WHEN I GET TO MY DISCUSSION ON

19  AFFIRMATIVE DEFENSES.   SO IT'S NOT A CATEGORICAL --

20          LET ME GO BACK TO MY RULING ON THIS PARTICULAR MOTION      05:15

21  IN LIMINE.   THAT IS DENIED WITH RESPECT TO MR. LOETZ.   HE GOES

22  FORWARD.

23          MOVING ON TO MATTEL'S MOTIONS NOW.

24          MATTEL MOTION IN LIMINE NUMBER TEN, WITH RESPECT TO

25  MR. VILPPU, THIS IS ANOTHER TOUGH ONE.   MY TENTATIVE IS TO         05:15

EXHIBIT ___B___
PAGE ___54___

1    THROUGH THESE MOTIONS IN LIMINE, AND I'M GOING TO SET CLEAR

2    PARAMETERS FOR WHAT TYPES OF EVIDENCE WILL COME IN ON THE

3    AFFIRMATIVE DEFENSES BEFORE THIS JURY IN PHASE 1-B.  CERTAINLY

4    SOME EVIDENCE RELATED TO THE AFFIRMATIVE DEFENSES HAS ALREADY

5    COME IN IN 1-A.                                            05:30

6           I DO HAVE SOME CONCERN AT THIS POINT -- A CONCERN I

7    SUPPOSE I DIDN'T HAVE WHEN THIS TRIAL STARTED, BUT IT'S A

8    CONCERN THAT I HAVE NOW -- OF JUROR CONFUSION WITH RESPECT TO

9    SOME OF THE EVIDENCE CONCERNING SOME OF THE AFFIRMATIVE

10   DEFENSES.                                                 05:31

11          AT THE SAME TIME, I WANT TO MAKE SURE THAT MGA HAS

12   THE ABILITY TO BRING IN, UNIMPEDED BY THE COURT'S CONCERNS

13   ABOUT CONFUSION, ALL OF THE EVIDENCE THEY THINK IS NECESSARY TO

14   PROVE UP ANY OF THEIR AFFIRMATIVE DEFENSES.  SO IN AN

15   ALTERATION FROM WHAT I HAVE PREVIOUSLY INDICATED, I'M GOING TO   05:31

16   CONTINUE TO PERMIT EVIDENCE RELATED TO CERTAIN OF THE

17   AFFIRMATIVE DEFENSES TO COME IN, AND I'LL GET TO THAT SHORTLY

18   IN TERMS OF THE PARAMATERS; IT'S GOING TO BE LARGELY RELATE TO

19   THE ISSUE OF FRAUDULENT CONCEALMENT WHICH COMES ACROSS IN A

20   NUMBER OF THE AFFIRMATIVE DEFENSES.  BUT WITH RESPECT TO ANY   05:31

21   OTHER EVIDENCE THAT IS EXCLUDED ON 403 GROUNDS, SUCH AS BARBIE

22   TESTIMONY HERE, WHICH I AM INCLUDING ON 403 GROUNDS, TO THE

23   EXTENT THAT MGA BELIEVES THAT THE COURT SHOULD HAVE THAT BEFORE

24   IT TO DECIDE THE AFFIRMATIVE DEFENSES, I WILL GIVE LEAVE AFTER

25   1-B TO MGA, AND OF COURSE TO MATTEL AS WELL, TO PRESENT ANY    05:31

EXHIBIT ___ B

PAGE ___ 55

CONTINUED BENCH CONFERENCE (TELEPHONIC

1    STATUTE OF LIMITATIONS THAT THE COURT PRESERVED FOR THE JURY,

2    AND THAT IS THE FRAUDULENT CONCEALMENT ISSUE, WHICH GOES NOT

3    ONLY TO THE STATUTE OF LIMITATIONS DEFENSE, OF COURSE, BUT ALSO

4    TO A NUMBER OF THE OTHER EQUITABLE DEFENSES, SUCH AS LACHES

5    ITSELF AND WAIVER AND ESTOPPEL.                                        06:3

6         BUT WHAT I'M NOT GOING TO DO IS ALLOW EVIDENCE THAT

7    GOES BEYOND THAT CLAIM IN BEFORE THIS JURY.  I AM CONCERNED

8    ABOUT THE CONFUSING EFFECT THAT MIGHT HAVE.  BUT AT THE SAME

9    TIME, TO ENSURE THAT MGA HAS AN OPPORTUNITY TO PRESENT ANY

10   EVIDENCE, NOTWITHSTANDING THE COURT'S PRIOR MOTIONS *IN LIMINE*    06:3

11   AND THE LIKE, TO GET THIS BEFORE THE COURT, I'LL GIVE LEAVE AT

12   THE END OF THE TRIAL TO INTRODUCE SUCH EVIDENCE TO THE COURT

13   ITSELF.

14        SO THAT'S WHERE I AM ON LACHES AND THE AFFIRMATIVE

15   DEFENSES.                                                          06:3

16        ANY QUESTIONS CONCERNING THE RULING?

17        **MR. NOLAN:**  FOR POINT OF CLARIFICATION, DO I

18   UNDERSTAND THAT IN 1-B, WE WILL BE ABLE TO INTRODUCE EVIDENCE

19   BEFORE THE JURY TO COUNTER THE EVIDENCE THAT WAS ALLOWED IN IN

20   1-A WITH RESPECT TO CONCEALMENT, AS WELL AS EVIDENCE WITH         06:3

21   RESPECT TO THE STATUTE OF LIMITATIONS?

22        **THE COURT:**  YES.  THE ISSUE OF FRAUDULENT -- THERE'S

23   TWO QUESTIONS THERE.  THE FIRST QUESTION, CERTAINLY, WITH

24   RESPECT TO FRAUDULENT CONCEALMENT, THAT COMES IN.  AND TO THE

25   EXTENT THAT WHAT MATTEL KNEW AND WHEN IS RELEVANT TO THE ISSUE    06:3

EXHIBIT ___B___

PAGE ___56___

5323

1                                CERTIFICATE

2

3    I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
4    THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
     ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
5    CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
     THE UNITED STATES.

6

7                                                          1-23-08

8    THERESA A. LANZA, CSR, RPR                              DATE
     FEDERAL OFFICIAL COURT REPORTER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                                        EXHIBIT ___B___
                                          PAGE ____57____

1    UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA

3    EASTERN DIVISION

4    – – –

5    HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6    – – –

7    MATTEL, INC.,                          )
                                            )
8              PLAINTIFF,                   )
                                            )
9         VS.                               ) NO. ED CV 04-09049
                                            )
10   MGA ENTERTAINMENT, INC.,               )
     ET. AL.,                               )
11                                          )
               DEFENDANTS.                  ) CONFERENCE
12   _____        )
     AND CONSOLIDATED ACTIONS,              )
13                                          )

14

15   REPORTER'S TRANSCRIPT OF PROCEEDINGS

16   RIVERSIDE, CALIFORNIA

17   MONDAY, AUGUST 18, 2008

18   9:02 A.M.

19

20   COPY

21

22

23   KYUNG LEE-GREEN, CSR NO. 12655
     FEDERAL CONTRACT COURT REPORTER
24   3470 12TH STREET, RM. 134
     RIVERSIDE, CALIFORNIA 92501
25   (951)274-0844

EXHIBIT  B   7874

PAGE  58

1        AND THEN, BASED ON A COPYRIGHT INFRINGEMENT, IF

2   THEY FIND A COPYRIGHT INFRINGEMENT HAS TAKEN PLACE WITH

3   RESPECT TO SOME, MOST, OR ALL OF THAT PRODUCT, THEY WILL

4   THEN CONDUCT A DAMAGES ANALYSIS TO DETERMINE WHAT AMOUNT OF

5   DAMAGES COMPENSATES MATTEL FOR BOTH THE DIRECT INFRINGEMENT

6   AND THE INDIRECT INFRINGEMENT OF THOSE COPYRIGHTS HELD BY

7   MATTEL.  AND THEN THAT IS THE CALCULUS THAT THEY ARE TO

8   PERFORM.  THAT'S MY UNDERSTANDING OF HOW THIS PLAYS OUT.

9        SO GETTING BACK TO THE QUESTION OF THE EXHIBITS,

10  TO PUT THE LIST OF EXHIBITS OR NOT TO PUT THE LIST OF

11  EXHIBITS.  IN FAVOR OF PUTTING THE LIST WAS, AS THE COURT

12  PERHAPS INARTFULLY EXPRESSED THIS MORNING, IS THIS KIND OF

13  ASSURANCE THAT THE JURY IS KIND OF DOING WHAT WE WANT THEM

14  TO DO, THAT THEY'RE ACTUALLY LOOKING AT THE INDIVIDUAL

15  PRODUCTS AND DOING THE SUBSTANTIVE SIMILARITY TEST.

16       I ALSO POSITED, BUT I'M HAVING TROUBLE --

17  INCREASINGLY TROUBLE ARTICULATING WHY IT IS THAT THIS WOULD

18  BE HELPFUL TO THE COURT TAILORING AN INJUNCTIVE REMEDY.  I

19  COULD SEE THAT IF I HAD ALL THE PRODUCT BEFORE ME.  BUT AT

20  THE END OF DAY, I KIND OF CAME TO THE REALIZATION THIS

21  AFTERNOON, WHICH WAS DISTURBING, IS THAT I'M GOING TO HAVE

22  TO RE-EVALUATE ALL THE PRODUCTS MYSELF BEFORE I CAN MAKE THE

23  INJUNCTIVE FINDINGS OR GRANT THE INJUNCTIVE RELIEF.  I AM

24  NOT GOING TO BE ABLE TO RELY UPON A JURY VERDICT OR A JURY

25  QUESTIONING WHICH SIMPLY ANSWERS THE QUESTION WITH RESPECT

EXHIBIT   B        8015

PAGE ____ 59

1   TO SOME BUT NOT ALL.

2           I CERTAINLY WOULDN'T BE SATISFIED REPRESENT --

3   RELYING ON A STIPULATION BY THE PARTIES THAT THESE ARE

4   REPRESENTATIVE OF THE -- I MEAN, I'M GOING TO HAVE TO DO

5   THAT MYSELF.  SO IT'S NOW NOT -- AND THEN WHAT -- WHAT

6   HAPPENS IF I -- FOR EXAMPLE, IF THE JURY FINDS SUBSTANTIAL

7   SIMILARITY, BUT I, BASED ON THE EVIDENCE, DON'T FIND

8   SUBSTANTIAL SIMILARITY, THEN WHAT DO I DO?

9           MS. AGUIAR:  WELL, I -- MAY I JUST CLARIFY THAT --

10          THE COURT:  PLEASE.

11          MS. AGUIAR:  -- WHEN -- WHEN MR. PROCTOR SAID THAT

12  THE PRODUCTS ARE NOT -- YOU DON'T HAVE ALL OF THE PRODUCTS.

13  LET ME TRY TO CLARIFY --

14          THE COURT:  PLEASE.

15          MS. AGUIAR:  -- TO THE EXTENT THAT I AM --

16          THE COURT:  MAYBE I MISUNDERSTOOD THAT.

17          MS. AGUIAR:  NO, NO, NO.  I'M NOT SAYING THAT YOU

18  MISUNDERSTOOD.  I JUST WANT TO MAKE SURE THAT I MAKE IT AS

19  CLEAR AS POSSIBLE.

20          WITH REGARD TO THE FIRST GENERATION DOLLS --

21          THE COURT:  THAT ARE THERE.

22          MS. AGUIAR:  -- THAT'S STRAIGHTFORWARD.

23          THE COURT:  WE GOT IT.

24          MS. AGUIAR:  WE KNOW THAT THERE ARE FOUR, WE KNOW

25  WHAT THEIR NAMES ARE.

EXHIBIT __B__   8016

PAGE ____60____

1

2                   C E R T I F I C A T I O N

3            I HEREBY CERTIFY THAT I AM A DULY APPOINTED,
   QUALIFIED AND ACTING CONTRACT COURT REPORTER FOR THE
4  UNITED STATES DISTRICT COURT; THAT THE FOREGOING IS A TRUE
   AND CORRECT TRANSCRIPT OF THE PROCEEDINGS TAKEN IN THE
5  AFOREMENTIONED CAUSE ON AUGUST 18, 2008; THAT SAID
   TRANSCRIPT IS A TRUE AND CORRECT TRANSCRIPTION OF MY
6  STENOGRAPHIC NOTES; AND THAT THE FORMAT USED HEREIN COMPLIES
   WITH THE RULES AND REQUIREMENTS OF THE UNITED STATES
7  JUDICIAL CONFERENCE.

8

9            DATED AUGUST 19, 2008, AT RIVERSIDE, CALIFORNIA.

10

11

12                         _____
                           KYUNG LEE-GREEN, CSR NO. 12655
13                         FEDERAL CONTRACT REPORTER

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT __B__ 8042
PAGE __101__

1              UNITED STATES DISTRICT COURT

2            CENTRAL DISTRICT OF CALIFORNIA

3                    EASTERN DIVISION

4                       - - -

5      HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                       - - -        CERTIFIED
                                     COPY
7    MATTEL, INC.,                )
                                  )
8                    Plaintiff,   )
                                  )
9           vs.                   )  No. CV 04-09049
                                  )
10   MGA ENTERTAINMENT, inc., et. Al.,  )  Trial Day 37
                                  )     morning session
11                   Defendants.  )  Pages 8069-8171
                                  )
12   AND CONSOLIDATED ACTIONS,    )
                                  )
13

14

15      REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17           Wednesday, August 20, 2008

18                  8:33 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
              Federal Official Court Reporter
24              3470 12th Street, Rm. 134
              RIVERSIDE, CALIFORNIA  92501
25                 951-274-0844
              WWW.THERESALANZA.COM    EXHIBIT B
                                      PAGE  102

1    combinations of these otherwise nonprotectable elements in the

2    works which express a particular style or convey a distinct

3    look or attitude are protectable.

4          You should consider only the elements that I have

5    just listed for purposes of the extrinsic test.  Focusing on

6    the protectable elements of the works by Carter Bryant as

7    compared to those elements in the allegedly infringing

8    Bratz-related works, you must determine whether Mattel has

9    proven by the preponderance of the evidence that the works are

10   substantially similar.  If you so find, you must next consider

11   the intrinsic test.  If you do not so find, you must find for

12   the defendants.

13         Now, the intrinsic test looks at the overall

14   similarity of ideas and expression in the works from the

15   perspective of an ordinary observer.  You should ask yourself

16   whether the ordinary, reasonable audience, in this case girls

17   between the ages of 7 and 12, would determine or recognize the

18   defendants' products as reflecting the total concept and feel,

19   or as a picturization, of the Bratz-related works that you have

20   found Carter Bryant created, alone or jointly with others,

21   while employed by Mattel.

22         Mattel does not need to establish that the works it

23   alleges are infringing are identical or virtually identical to

24   the works it owns, nor that the allegedly infringing works do

25   not contain any noninfringing material.  However, Mattel does

EXHIBIT B
PAGE 03

8171

1

2                                    CERTIFICATE

3

4    I hereby certify that pursuant to section 753, title 28, united
     states code, the foregoing is a true and correct transcript of
5    the stenographically recorded proceedings held in the
     above-entitled matter and that the transcript page format is in
6    conformance with the regulations of the judicial conference of
     the united states.

7

8

9    THERESA A. LANZA, RPR, CSR                         8-21-08
     Official COURT Reporter                              Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT __B__
PAGE __64__

8321

```
 1            UNITED STATES DISTRICT COURT

 2            CENTRAL DISTRICT OF CALIFORNIA

 3                  EASTERN DIVISION

 4                     - - -

 5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                     - - -

 7  MATTEL, INC.,                  )
                                   )
 8              PLAINTIFF,         )
                                   )
 9        VS.                      )   NO. CV 04-09049
                                   )
10  MGA ENTERTAINMENT, INC., ET. AL.,  )
                                   )
11              DEFENDANTS.        )   POST-TRIAL
                                   )   PROCEEDINGS
12  AND CONSOLIDATED ACTIONS,      )
                                   )   PAGES 8321-8352
13

14

15         REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17           WEDNESDAY, AUGUST 27, 2008

18                  8:47 A.M.

19

20

21

22

23            THERESA A. LANZA, RPR, CSR
          FEDERAL OFFICIAL COURT REPORTER
24           3470 12TH STREET, RM. 134
           RIVERSIDE, CALIFORNIA  92501
25                951-274-0844
            WWW.THERESALANZA.COM
```

CERTIFIED COPY

EXHIBIT ___B___
PAGE ___65___

1   NEEDS TO BE THERE AS PART OF MY ORDER.  BUT I APPRECIATE YOUR

2   INPUT, AND I CERTAINLY DON'T WANT TO INTERFERE WITH A

3   WELL-DESERVED VACATION.

4            MR. QUINN:   THANK YOU, YOUR HONOR.

5            THE COURT:   SO THAT'S THE FIRST PHASE.                    09:1

6            THE SECOND PHASE IS, WE NEED TO FINISH THIS TRIAL.

7   SO THE SECOND PHASE WOULD BE RESOLVING THE CLAIM FOR STATUTORY

8   UNFAIR COMPETITION, RESOLVING THE ISSUE OF THE EQUITABLE

9   DEFENSES, AND RESOLVING THE ISSUE OF CLAIMS FOR DECLARATORY

10  RELIEF.                                                            09:20

11           MR. NOLAN IS CORRECT, THE TRIAL IS NOT OVER.  THIS IS

12  BASICALLY A THREE-PART TRIAL; 1-A, 1-B, AND 1-C.  AND WE HAVE

13  1-B COMPLETED, AND THE JURY VERDICT RETURNED; BUT THERE REALLY

14  IS THIS PHASE OF THE TRIAL THAT NEEDS TO BE RESOLVED, WHERE THE

15  COURT CONSIDERS MGA AND ISAAC LARIAN'S EQUITABLE DEFENSES,        09:20

16  WHERE THE COURT CONSIDERS THE DECLARATORY RELIEF CLAIM, AS WELL

17  AS THE STATUTORY UNFAIR COMPETITION CLAIM; AND THE COURT HAS TO

18  ISSUE A FINDING ON THAT.  SO THAT WOULD BE THE SECOND ISSUE

19  THAT THE COURT WILL TAKE UP, AND WE'LL SET TIMING FOR DEALING

20  WITH THAT.                                                         09:20

21           IT WOULD BE GREAT IF WE COULD DO THIS ON THE RECORD

22  THAT WE HAVE BEFORE US RIGHT NOW.  BUT CERTAINLY, IF COUNSEL ON

23  EITHER SIDE WOULD SEEK LEAVE TO INTRODUCE ADDITIONAL EVIDENCE,

24  AS I THINK I INDICATED DURING THE TRIAL, THE COURT WOULD

25  CONSIDER THAT EVIDENCE.                                            09:20

EXHIBIT  B

PAGE  66

8352

1       MR. QUINN:  WE'RE GOING TO RIDE TO THE AIRPORT

2  TOGETHER.

3       MR. NOLAN:  WE'LL DO EVERYTHING POSSIBLE TO GET THIS

4  THING DONE IN TIME.

5       THE COURT:  I APPRECIATE THAT.                        09:2:

6       WE'RE AT THE 9:30 HOUR, I WANT TO TAKE UP THE JURY

7  TRIAL.

8       IS THERE ANYTHING FURTHER?

9       MR. QUINN:  NO, YOUR HONOR.  THANK YOU.

10      MR. NOLAN:  NO, YOUR HONOR.                           09:2:

11      THE CLERK:  COURT STANDS IN RECESS.

12

13

14

15

16

17                          CERTIFICATE

18

19  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
20  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
21  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.
22

23  _Theresa A. Lanza_                    _8·28·08_
                                              DATE
24  THERESA A. LANZA, CSR, RPR
    FEDERAL OFFICIAL COURT REPORTER

25

EXHIBIT __B__
PAGE __67__

POST-TRIAL PROCEEDINGS

WEDNESDAY, AUGUST 27, 2008

# EXHIBIT C

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                    Date: September 2, 2008

Title:   MATTEL, INC. -v- MGA, INC.
         AND CONSOLIDATED ACTIONS
=========================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

         Jim Holmes                          None Present
         Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                          None Present

PROCEEDINGS:   ORDER SETTING VARIOUS BRIEFING SCHEDULES

        The Court, having considered the positions of counsel at the hearing herein, as well as the
parties' proposed scheduling positions, hereby sets the following scheduling order for further
proceedings in this matter:

1.   The case is STAYED from the date of this order through September 19, 2008, <u>except</u> for
     efforts aimed in good faith at a complete and global settlement. Principal corporate officers
     for both plaintiff and defendants (Mr. Eckert and Mr. Larian) are ORDERED to make
     themselves available, at a mutually agreeable time, to meet with counsel and Ambassador
     Prosper to discuss a global resolution of this matter.

2.   On September 29, 2008, the parties may file opening briefs and submissions regarding
     remaining claims and defenses for Phase 1(c) as well as opening briefs and submissions for
     injunctive relief, constructive trust, and/or other remedial measures. Response briefs and
     submissions are due October 13, 2008. Reply briefs and submissions are due October 20,
     2008. A hearing not to exceed four hours will be conducted before this Court on **Monday,
     November 10, 2008, at 1:00 p.m.**

MINUTES FORM 90                                    Initials of Deputy Clerk ___jh_____
CIVIL -- GEN                            1

EXHIBIT ___C___
PAGE ___68___

3.  Opening briefs for JMOLs (new or renewed), motion(s) for new trial, and/or motion(s) for remittitur may be filed 10 days following the Court's ruling on Phase 1(c) issues and its issuance of any injunction(s), constructive trust(s), and/or other remedial measures. Response briefs are due 14 days following the opening briefs, and reply briefs are due 7 days following the response briefs.  A hearing will be set by the Court after receiving the response briefs.  Depending on the outcome of the hearing, the Court may address or defer addressing the following additional issues: (1) Whether or not to issue a judgment or await completion of Phase 2; (2) the appointment of a discovery master for Phase 2 (the Court will provide three proposed discovery masters in advance of the hearing to which counsel for the parties may indicate any objection(s)); and (3) further scheduling for Phase 2.

4.  All discovery related to Phase 2 is STAYED pending the hearing described in paragraph 3, except as follows:  For good cause shown, the Court ORDERS the deposition of **Carlos Gustavo Machado** and **Jorge Castillo** to be taken at a mutually convenient date within 30 days of September 19, 2008.  Any disputes concerning the taking of these depositions shall be presented to this District Judge in the manner prescribed in Local Rule 37.

**IT IS SO ORDERED.**

EXHIBIT _C____
PAGE ___69____

# NOTICE PARTY SERVICE LIST

**Case No.** CV 04-09049 SGL(RNBx)    **Case Title** Mattel, Inc. v. MGA ENTERTAINMENT, INC

**Title of Document** MINUTES OF SEPTEMBER 2, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | ***ADD NEW NOTICE PARTY*** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (*include suite or floor*): P.O. Box 581103

Salt Lake City, UT  84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

\* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |

**Initials of Deputy Clerk** jh

EXHIBIT C
PAGE 70

# EXHIBIT D

RECEIVED

MAY - 8 2008

1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  JASON D. RUSSELL (Bar No. 169219)
   (jrussell@skadden.com)
3  MARINA V. BOGORAD (Bar No. 217524)
   (mbogorad@skadden.com)
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Ste. 3400, Los Angeles, CA  90071-3144
5  Tel.: (213) 687-5000 / Fax: (213) 687-5600
6  RAOUL D. KENNEDY (Bar No. 40892)
   (rkennedy@skadden.com)
7  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   4 Embarcadero Center, Suite 3800
8  San Francisco, CA  94111-5974
   Tel.: (415) 984-2698 / Fax: (415) 984-2626
9  Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
   MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13
   CARTER BRYANT, an individual,       )  CASE NO. CV 04-9049 SGL (RNBx)
14                                      )
                      Plaintiff,        )  Consolidated with Case No. 04-9059
15                                      )  and Case No. 05-2727
         v.                             )
16                                      )  Honorable Stephen G. Larson
   MATTEL, INC., a Delaware             )
17 corporation,                         )  (1)  MGA PARTIES' REPLY
                                        )       MEMORANDUM OF LAW IN
18                    Defendant.        )       FURTHER SUPPORT OF THEIR
                                        )       MOTION *IN LIMINE* NO. 8 TO
19                                      )       STRIKE EXPERT REPORT OF
                                        )       KENNETH HOLLANDER AND
20                                      )       SECTIONS OF EXPERT REBUTTAL
                                        )       REPORTS OF HEATHER McCOMB,
21                                      )       DENISE VAN PATTEN, AND
                                        )       NICHOLAS MIRZOEFF;
22                                      )
                                        )  **FILED UNDER SEPARATE COVER**:
23                                      )
   _____    )  (2)  DECLARATION OF MARINA V.
24 AND CONSOLIDATED ACTIONS.            )       BOGORAD IN SUPPORT THEREOF;
                                        )       and
25                                      )
                                        )  (3)  PROOF OF SERVICE.
26
27 **FILED UNDER SEAL PURSUANT**          Hearing Date/Time:     TBD
   **TO PROTECTIVE ORDER**
28

EXHIBIT  D

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT ............................................................................................................... 2

   I.    SURVEYS ARE NOT APPROPRIATE IN COPYRIGHT CASES .............. 2

   II.   AT BEST, HOLLANDER'S SURVEY PERTAINS TO THE INTRINSIC TEST, FOR WHICH EXPERT TESTIMONY IS NOT PERMITTED ....................................................................................... 3

   III.   MATTEL'S "SPECIALIZED AUDIENCE" ARGUMENT IS BASELESS ....................................................................................... 4

   IV.   HOLLANDER'S SURVEY IS NOT PROPER REBUTTAL TESTIMONY ................................................................................... 6

   V.   THE HOLLANDER SURVEY IS IRRELEVANT AND DEFECTIVE .................................................................................... 7

        A.   Mattel's Statement of the Law on Survey Admissibility is Incorrect ................................................................................. 7

        B.   The Survey is Irrelevant Even to the Intrinsic Test ..................... 7

        C.   The Survey is Glaringly Defective ............................................. 9

   VI.   THE SURVEY SHOULD BE EXCLUDED UNDER RULE 403 ............... 11

   VII.   REFERENCES TO THE HOLLANDER REPORT AND THE INTRINSIC TEST IN OTHER MATTEL EXPERT REPORTS SHOULD BE STRICKEN ...................................................................... 12

CONCLUSION ......................................................................................................... 12

EXHIBIT  _D_

PAGE  _72_

i

# TABLE OF AUTHORITIES

**CASES**                                                                                           **PAGE(S)**

Aliotti v. R. Dakin & Co.,
    831 F.2d 898 (9th Cir. 1987) .................................................................... 4, 5

Apple Computer v. Microsoft Corp.,
    35 F.3d 1435 (9th Cir. 1994) ....................................................................... 3

Boehringer Ingelheim v. Pharmadyne Labs.,
    532 F. Supp. 1040 (D. N.J. 1980) ............................................................. 11

Clicks Billiards Inc. v. SixShooters Inc.,
    251 F.3d 1252 (9th Cir. 2001) ..................................................................... 7

Daubert v. Merrell Dow Pharmaceuticals, Inc.,
    509 U.S. 579 (1993) ......................................................................... 7, 8, 11

Dawson v. Hinshaw Music Inc.,
    905 F.2d 731, 737 (4th Cir. 1990) ............................................................... 5

Ideal Toy Corp. v. Kenner Prods. Division, Inc.,
    443 F. Supp. 291 (S.D.N.Y. 1977) ...................................................... 2, 8, 9

Kohus v. Mariol,
    328 F.3d 848 (6th Cir. 2003) ....................................................................... 5

Kumho Tire Co., Ltd., v. Carmichael,
    526 U.S. 137 (1999) .................................................................................... 7

Lyons Partnership v. Morris Costumes, Inc.,
    243 F.3d 789 (4th Cir. 2001) .................................................................... 4, 5

Olson v. National Broad. Co.,
    855 F.2d 1446 (9th Cir. 1988) ..................................................................... 3

Original Appalachian Artworks, Inc. v. Blue Box Factory (USA) Ltd.,
    577 F. Supp. 625 (S.D.N.Y. 1983) .............................................................. 2

Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.,
    562 F.2d 1157 (9th Cir 1977) ............................................................... 3, 4, 5

EXHIBIT ___D___

PAGE ___73___

Southland Sod Farms v. Stover Seed Co.,
   108 F.3d 1134 (9th Cir. 1997)............................................................... 7, 9

Warner Brothers, Inc. v. America Broad. Cos.,
   720 F.2d 231 (2d Cir. 1983) ............................................................... 2, 4

**MISCELLANEOUS**

6 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition,
   § 32:170 (4th ed. 2008)............................................................................. 9

EXHIBIT __D__
PAGE __74__

## PRELIMINARY STATEMENT

Mattel attempts to convince the Court that the consumer survey conducted by Kenneth Hollander is admissible evidence. In truth, the Hollander survey is inadmissible for a host of reasons, which Mattel's Opposition and Hollander's deposition merely confirm. *First*, surveys are inadmissible in copyright cases, and Mattel cannot point to a single case involving copyright claims where a survey was admitted. Even Mattel's own copyright expert, Oman – the former Register of the Copyright Office – knows of no copyright case where a survey was admitted in evidence. Hollander also has no understanding whatsoever of copyright issues, even classifying this specific survey on his website as a "likelihood of confusion" survey (a term used in exclusively in trademark law, not copyright).

*Second*, Hollander and Mattel admit the survey is relevant only to the intrinsic test of copyright infringement, for which expert testimony is not permitted. Thus, Mattel invents a legal theory relying on *dicta* from outside the Ninth Circuit to convince the Court that the Hollander report is nonetheless admissible. Even so, expert testimony would only be relevant if it helped jurors understanding the viewpoint of the "intended audience"; in this case, Hollander does not purport be an expert in how 8-13 year old girls think. *Third*, the Hollander report is not "rebuttal" testimony. Mattel disingenuously asserts that the survey responds to specific points in two of MGA Parties' experts' reports, yet Hollander himself could not identify anything he was "rebutting." Obviously, the survey was presented as "rebuttal" to deprive MGA Parties a chance to present a responsive report of their own.

*Fourth*, the substantial methodological flaws in the Hollander survey bar its admission. Mattel's argument that such flaws only go to weight, not admissibility of a survey (an argument that has arisen only in the context of the Lanham Act), does not apply when the survey is so flawed that it does not pass muster under <u>Daubert</u>. *Fifth*, even if the Court rejected all of MGA Parties' other arguments, Mattel's tactics have put MGA Parties in a untenable position, where they would be unduly prejudiced if the survey was admitted at trial. This undue prejudice substantially outweighs the survey's minimal probative value.

For all of these reasons, the Hollander report, and portions of other Mattel expert

1

EXHIBIT _D_
PAGE _75_

1  reports which refer to the Hollander survey, should be stricken. In addition, all other expert
2  testimony referring only to the intrinsic test of copyright infringement should be stricken.

3  <div align="center">**ARGUMENT**</div>

4  ## I.    SURVEYS ARE NOT APPROPRIATE IN COPYRIGHT CASES

5        As already established, the Ninth Circuit has never held a survey admissible on the
6  issue of substantial similarity in a copyright infringement case (MGA MIL No. 8 at 8). See
7  Warner Bros., Inc. v. Am. Broad. Cos., Inc., 720 F.2d 231 (2d Cir. 1983); Original
8  Appalachian Artworks, Inc. v. Blue Box Factory (USA) Ltd., 577 F. Supp. 625 (S.D.N.Y.
9  1983). Mattel does not even debate this. Unable to cite any copyright cases where surveys
10  were admitted, Mattel resorts to arguing that the rejection of such surveys was "dicta"
11  (Mattel MIL Opp'n No. 8 at 3), but ignores why courts reject such surveys as improper:

12          That dilemma simply illustrates the problems that arise when surveys are sought
13          to be used as an aid in determining issues of copyright infringement. *See* Ideal
14          Toy Corp. v. Kenner Products Division, Inc., 443 F. Supp. 291, 304 (S.D.N.Y.
15          1977) (cautioning against "the dangerous precedent of allowing trial by the court
16          to be replaced by trial by public opinion poll"). The "substantial similarity" ...
17          is not a concept familiar to the public at large. It is a term to be used in a
18          courtroom to strike a delicate balance between the protection to which authors
19          are entitled under an act of Congress and the freedom that exists for all others to
20          create their works outside the area against protected infringement.

21  Warner Bros., 720 F.2d at 245.

22        Every case that Mattel cites to support its argument of admissibility of surveys is a
23  trademark or Lanham Act case not dealing with copyright claims or the substantial similarity
24  analysis. Mr. Oman, Mattel's expert and former Register of the Copyright Office, admitted
25  in his deposition that "I can't think of any [copyright] issues where a consumer survey
26  would have made a difference because generally you don't take a vote on things like this."
27  (Ex. 136 (Oman) at 78:24-79:1.) Hollander himself could not disagree. (Ex. 140 (Hollander)
28  at 13:1-7.) Hollander confirmed that he was unaware of any other surveys conducted in

<div align="center">2</div>

EXHIBIT __D__

PAGE __76__

1  copyright infringement cases and that he has no experience with copyright issues, despite

2  having conducted or critiqued over 100 surveys relating to "intellectual property." (Id. 12:1-

3  20; 19:23-20:9.)[1]  Indeed, Hollander admitted that he had no understanding even as to how

4  his survey results related to copyright issues. (Id. at 49:3-8.)[2]

5  **II.   AT BEST, HOLLANDER'S SURVEY PERTAINS TO THE INTRINSIC

6        TEST, FOR WHICH EXPERT TESTIMONY IS NOT PERMITTED**

7        It is settled that expert testimony is not permitted with regard to the intrinsic test[3].

8  Although, naturally, Mattel will not concede this bedrock principle here, Mattel admitted in

9  other briefs that expert testimony in connection with the "intrinsic" test is "not the proper

10  subject of expert testimony[.]"  (Mattel MIL Opp'n No. 11 at 1.) Mattel's copyright expert

11  agrees. (Id. at 5 ("[Lind] clearly states that the 'intrinsic test' is reserved for the jury").) But

12  once again willing to shift positions depending on the argument at hand, Mattel argues *here*

13  that "expert testimony on intrinsic similarity *is* admissible *where the infringing work is*

14  *directed at a specialized audience.*" (Mattel MIL Opp'n No. 8 at 1.)

15        Mattel concedes that Hollander's survey is relevant only to the intrinsic test as it titles

16  two of its argument sections as "Hollander's *analysis of intrinsic similarity* is proper here"

17  and "Hollander's survey is relevant to the issue of substantial similarity *under the intrinsic*

18  *test.*"  (Id. at Sections I. & III. (emphasis added).) Mattel never asserts that the survey is

19  relevant to the extrinsic analysis. Hollander's own understanding of the survey proves that it

20  is only relevant to the intrinsic test as he admits that the survey was not designed to

21  objectively distinguish between the various elements in the Bryant drawings that may or

22  may not, under copyright law, be protected (Ex. 140 (Hollander) at 98:3-14) and that the

---

23  [1]  All "Ex. " references are to documents submitted with Declaration of Marina V. Bogorad
     dated May 8, 2008 unless otherwise noted.

24  [2]  Hollander did not list a single copyright survey on his online list of intellectual property-
     related surveys, proving both the recognition that surveys are irrelevant to copyright infringement

25  analyses and Hollander's lack of qualifications in this area. (MGA MIL No. 8 at 7.) He updated
     his website recently to include this case among his credentials and listed the "subject" of this survey

26  as "likelihood of confusion" – a term relevant under trademark law, not copyright law. (Ex. 139.)
     [3]  See, e.g., Apple Computer v. Microsoft Corp., 35 F.3d 1435, 1442 (9th Cir. 1994); Olson v.

27  Nat'l Broad. Co., 855 F.2d 1446, 1449 (9th Cir. 1988) ("Although analytic dissection and expert
     testimony are appropriate under the extrinsic test, they are not appropriate under the intrinsic test.");

28  Sid & Marty Krofft Tele. Prods., Inc. v. McDonald's Corp., 562 F.2d 1157, 1164 (9th Cir 1977).

EXHIBIT ___D___

PAGE ___77___

1    respondents' answers were all "subjective" opinions (i.e., the intrinsic test) (id. at 99:3-17).

2    **III.    MATTEL'S "SPECIALIZED AUDIENCE" ARGUMENT IS BASELESS**

3         Hollander's survey admittedly only pertains to the intrinsic test. As expert evidence is
4    not allowed as part of that test, Mattel is forced to invent the unsupported theory that "an
5    expert can testify with respect to the intrinsic test" if the infringing work is "directed at
6    specialized audiences." (Mattel MIL Opp'n No. 8 at 4-5.) This ginned-up argument is not
7    recognized in the Ninth Circuit, and, even if it were, it would not apply here.[4]

8         Mattel argues that the intrinsic (i.e., "ordinary observer") test for infringement must
9    be evaluated from the "perspective of the infringing work's intended audience" – here, girls
10   between the ages of 8 and 13. (Mattel MIL Opp'n No. 8 at 4.) That the intrinsic test must
11   be viewed from the perspective of a "tween" girl does not mean that expert testimony is
12   permitted on that audience's perspective. While Mattel's cases recognized the "intended
13   audience" concept for children's products, none of them bear on the admissibility of *expert*
14   *testimony* on that topic (id. at 4). See Aliotti v. R. Dakin & Co., 831 F.2d 898, 902 (9th Cir.
15   1987); Krofft, 562 F.2d at 1166; see also Lyons P'ship v. Morris Costumes, Inc., 243 F.3d
16   789, 801 (4th Cir. 2001). Mattel failed to cite a Ninth Circuit case supporting admissibility
17   of expert testimony on the intrinsic test – even where there was a particular audience.

18        *Even if* the Ninth Circuit accepted that expert testimony was permitted where the
19   infringing work was directed at a certain audience, such a principle would be completely
20   inapplicable here. The cases to which Mattel cites make it clear that the intended audience
21   in this case – 8-13 year old girls – is not the sort of audience with "specialized expertise"
22   that would merit expert testimony. Rather, "specialized expertise" is usually of a complex,
23   technical nature, and "must go beyond mere differences in taste and instead must rise to the
24   level of the possession of knowledge that the lay public lacks." Dawson v. Hinshaw Music

25   _____

26   [4]    It is ironic indeed that Mattel's only support for this tortured argument is *dicta* from the
Second Circuit's decision in Warner Bros. However, to quote Mattel back to itself, "[t]his case was
27   filed in the Ninth Circuit and is governed by its law, not the Second Circuit." (Mattel MIL Opp'n
No. 11 at 4 (emphasis in original).) Regardless, the Second Circuit has never held that expert
28   testimony is appropriate in any context with respect to the intrinsic test for substantial similarity.

EXHIBIT    D
PAGE    78

1  Inc., 905 F.2d 731, 737 (4th Cir. 1990).[5]

2        The "intended audience" in this case, 8-13 year old girls, are not the sort of group

3  with "specialized" expertise that would require expert testimony.  Every adult on the jury

4  can understand the similarities and differences between the works here without expert

5  interpretation; no one would be "ignorant of the relevant differences and similarities."

6  Dawson, 905 F.2d at 735.  Thus, copyright infringement cases involving children's dolls and

7  toys, such as those cited by Mattel, do not apply the "specialized audience" principle to

8  children, or support Mattel's position that expert testimony is permitted to inform the

9  intrinsic analysis. Lyons, 243 F.3d at 801; Aliotti, 831 F.2d at 902; Krofft, 562 F.2d at 1166.

10        Even ignoring all these distinctions about "specialized expertise," Hollander's

11  testimony is completely different from the testimony admitted in the "specialized expertise"

12  cases.  To the extent that these cases permit expert testimony, it is "from those who possess

13  expertise with reference to the tastes and perceptions of the intended audience." Kohus, 328

14  F.3d at 857 (emphasis added).  Hollander is not a young girl, nor does he purport to be an

15  expert on children's tastes or their ability to perceive visual differences in dolls. In fact,

16  Hollander admits he is "inexpert" about dolls or toys. (See, e.g., Ex. 140 (Hollander) at

17  104:25.) Indisputably, Hollander's survey does not address children's perceptions, but only

18  purports to show that certain children believe Bryant's drawings "look like" BRATZ dolls.

19  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[5]   In Dawson, the court found it would be important to figure out the "intended audience" of a
20  "spiritual" music arrangement.  Id.  Noting that the arrangements were never recorded and would be
purchased "primarily by choral directors who possess specialized expertise relevant to their
21  selection of one arrangement instead of another," the court found that a lay person's reaction to the
sheet music "might not be an accurate indicator" of the intrinsic similarity of the works.  Id.  The
22  court specifically held that permitting expert testimony regarding the musical arrangements was
important because "only a reckless indifference to common sense would lead a court to embrace a
23  doctrine that requires a copyright case to turn on the opinion of someone who is ignorant of the
relevant differences and similarities between two works."  Id. at 735 (emphasis added).
24        Mattel's other case, Kohus, addressed what the Sixth Circuit characterized as "one of those
rare cases where the intended audience is not the lay public: the drawings are technical and are
25  appropriate for patent treatment; interpretational guidance is needed for the lay viewer to imagine
the structure and function of the device that the drawings depict; and the initial purchasers of this
26  device would be trained engineers, capable of discerning technical niceties that the ordinary
person would not detect ...." 328 F.3d 848, 858 (6th Cir. 2003) (emphasis added). As the ordinary
27  juror in Kohus would have no sense of what "substantial similarity" means in the context of
technical drawings, the court permitted testimony "from those who possess expertise with reference
28  to the tastes and perceptions of the intended audience" – i.e., engineers. Id. at 857.

1  Hollander's survey will not assist jurors to understand whether, and to what extent, there are
2  similarities between the copyrighted work and the allegedly infringing dolls.

3  ## IV.    HOLLANDER'S SURVEY IS NOT PROPER REBUTTAL TESTIMONY

4       Hollander claims that his survey is a rebuttal to MGA's experts Robert Tonner and
5  Mary Bergstein. (Declaration of Jason D. Russell dated April 14, 2008 ("Russell Decl."),
6  Ex. 49 (Hollander Rpt.) at 5). First and foremost, neither Tonner nor Bergstein presented a
7  survey or addressed whether children think the Bryant sketches look like BRATZ dolls. As
8  Hollander concedes, his report is pertinent to the intrinsic test, and neither Tonner nor
9  Bergstein address the intrinsic test. Both Bergstein and Tonner brought their expertise in the
10 artistic and creative worlds to bear on their *specific* analyses of design aspects of the Bryant
11 drawings and BRATZ dolls. Hollander possesses no expertise on art or dolls, and does not
12 offer any insight into the objective (*i.e.*, extrinsic) analysis. He makes no specific
13 comparisons, nor did the survey rebut any of Tonner's or Bergstein's assertions.[6]

14      It is clear that Mattel is attempting to sneak in this inadmissible survey under the guise
15 of a "rebuttal" report. Hollander confirmed that he was first contacted by Mattel's outside
16 counsel in January 2008, several weeks before initial expert reports were due. (Ex. 140
17 (Hollander) at 39:14-18.) At that point, well before Mattel ever received the Tonner or
18 Bergstein reports, Hollander took "preliminary steps" to design a survey comparing the
19 Bryant drawings and BRATZ dolls. (Id. at 41:8-43:3.) In fact, Hollander stated that "the
20 nature of my assignment ... was *always* to determine the extent to which these drawings –
21 certain of the Carter Bryant drawings were thought to look like Bratz dolls." (Id. at 43:9-24.)
22 Yet, despite being contacted and starting work in January 2008, Mattel chose to submit
23 Hollander's survey only *after* all of MGA Parties' opening expert reports were filed.

24

25  [6]    At his deposition, Hollander could not even state with any specificity what he was
    "rebutting" in the Tonner and Bergstein reports. When asked what he was responding to in the
26  Bergstein report, Hollander could only state that he was responding to the "*sense* of her report that
    certain of Carter Bryant's drawings do not look like Bratz dolls." (Ex. 140 (Hollander) at 34:6-11.)
27  When asked the same question with regard to Tonner's report, once again Hollander could only
    explain, without elaborating any further, that "the *sense* of Mr. Tonner's report was that ... certain
28  of Carter Bryant's drawings do not look like Bratz dolls." (Id. at 35:15-19.)

EXHIBIT ___ D___

PAGE ___80___

## V.   THE HOLLANDER SURVEY IS IRRELEVANT AND DEFECTIVE

### A.   Mattel's Statement of the Law on Survey Admissibility is Incorrect

Citing only to cases dealing with consumer surveys in the context of trademark law and the Lanham Act, Mattel argues that even if the Hollander survey is methodologically flawed, the survey nevertheless be admitted into evidence because such criticisms "go to weight, not admissibility." (Mattel MIL Opp'n No. 8 at 10.) There is no rule that a survey, no matter how defective or flawed, must be shown to a jury; such a rule would eradicate the Supreme Court's standards for the requisite relevance and reliability of expert testimony. Daubert v. Merrell Dow Pharmaceuticals, Inc. 509 U.S. 579, 597 (1993); Kumho Tire Co., Ltd., v. Carmichael, 526 U.S. 137, 141 (1999). Rather, the Ninth Circuit explains that:

> Treatment of surveys is a two-step process. First, is the survey admissible? That is, is there a proper foundation for admissibility, and *is it relevant and conducted according to accepted principles? This threshold question may be determined by the judge.* Once the survey is admitted, however, follow-on issues of methodology ... go to the weight of the survey rather than its admissibility.

Clicks Billiards Inc. v. SixShooters Inc., 251 F.3d 1252, 1263 (9th Cir. 2001) (emphasis added); see also Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1143 n.8 (9th Cir. 1997) ("However, '*as long as they are conducted according to accepted principles*,' survey evidence should ordinarily be found sufficiently reliable under *Daubert*") (emphasis added). Thus, only if the expert testimony is deemed sufficiently relevant and "conducted according to accepted principles" can the survey be admitted, and the "weight, not admissibility" issue be addressed. This rule not only reflects common sense, but preserves the vigor of the gate-keeping function of the trial court dealing with expert testimony. Daubert, 509 U.S. at 597.

### B.   The Survey is Irrelevant Even to the Intrinsic Test

Even if expert testimony were permissible for the intrinsic test of copyright infringement, the fatal flaws in the design of the Hollander survey prevent it from achieving even this limited relevance; the survey does not address substantial similarity in any form.

EXHIBIT ___D___

PAGE ___81___

7

1   First, the survey's design only addresses, as Hollander's website admits, "likelihood

2   of confusion" (the trademark analysis) – not copyright issues. By failing to permit the

3   respondents to analyze the dolls and drawings side-by-side, the survey (at best) only taps

4   into children's *awareness*, as consumers, of the highly popular BRATZ dolls. Second, as all

5   participants lived in a house with a BRATZ doll, the respondents' threshold familiarity with

6   BRATZ belies Mattel's disingenuous claim that the survey results reflect the "unaided

7   recognition" of Bryant's drawings as BRATZ dolls. (Mattel MIL Opp'n No. 8 at 8.)[7]

8   Limiting the universe of respondents to girls who have strong familiarity with the popular

9   BRATZ dolls will certainly conjure up an "association" with BRATZ, but "association" is

10  not "substantial similarity."[8]

11      Third, Hollander's use of the term "looks like" in his survey question renders the

12  question irrelevant: "looks like" would only lead to some ambiguous association with a

13  cultural phenomenon, and does not indicate substantial similarity as the Ideal court noted:

14  "that one of the toys 'looks *like*' a 'Star Wars' toy … may be taken to indicate only an

15  awareness of a similarity between the toy and character; it is not the same as a sense that the

16  toy was *copied* from the character or that a *substantial* similarity existed … Thus, the survey

17  may be taken as evidence that Ideal has tapped the vein discovered by the defendants, to

18  paraphrase Judge Hand.  Such tapping is not infringement, however." 443 F. Supp. at 305.

19      Mattel's "tapping" in this instance is similarly not infringement. The lack of precision

20  in the phrase "looks like" perhaps explains why Hollander himself had never, prior to this

21  engagement, been asked to conduct a study like this which sought to determine whether

22  _____

23  [7]   This situation is similar to Ideal Toy Corp., which involved both Lanham Act and copyright
     claims surrounding the alleged similarity between certain space-related action figures and "Star
24  Wars" toys. 443 F. Supp. 291. When defendants attempted to rely on a survey to show substantial
     similarity, the court noted that "in the immediate wake of this, the most successful movie in history,
25  *any* obviously space-related toys will conjure up an association with 'Star Wars'; perhaps the
     administration of the survey contained certain basic errors." Id. at 304 (emphasis in original).
     [8]
26    Indeed, Hollander even admitted the importance of consumer awareness: "Bratz dolls, I'm
     informed, are very popular. Popular items have high share of mind." (Ex. 140 (Hollander) at
27  120:21-22 (emphasis added).) Hollander confirmed that "share of mind" was "roughly analogous"
     to the term "consumer awareness" and that "one frequently hears about share of mind which
28  translates into buying behavior and ancillary activities." (Id. at 147:25-148:5.)

EXHIBIT ___D___

PAGE ___82___

1  something "looks like" something else. (Ex. 140 (Hollander) at 33:18-34:5.) Mattel's only
2  response is that courts "routinely admit surveys on legal issues such as likelihood of
3  confusion and secondary meaning without using those legal terms in the questions asked."
4  (Mattel MIL Opp'n No. 8 at 8.)  But this is <u>not</u> a case involving trademark issues of
5  "likelihood of confusion" or "secondary meaning," so the fact that the questions address
6  such issues is not just an error, but goes to the core of what the survey seeks to prove.
7  McCarthy, 6 <u>McCarthy on Trademarks and Unfair Competition</u>, § 32:170 (4th ed. 2008) ("if
8  the survey questions are not congruent with the issues in the case, the results will not only be
9  irrelevant, but may also be prejudicially misleading to a jury").

10      C.    <u>The Survey is Glaringly Defective</u>

11      There are many deficiencies in the *methodology* of the Hollander survey that show
12  that it was not conducted "in accord[ance] [with] accepted principles." <u>Southland</u>, 108 F.3d
13  at 1143 n.8. <u>First</u>, it cannot be seriously disputed that the Hollander survey was highly
14  leading.  The participants were asked the question "What, if anything, do these drawings
15  look like to you?" and the multiple-choice answer had 7 options: BRATZ, and 6 other dolls
16  that <u>do not look remotely like BRATZ</u>.  In fact, one of the multiple choice answers was
17  "Angie", a fake doll that Hollander "made up." (Ex. 140 (Hollander) at 104:15.)  Thus,
18  Hollander's multiple-choice answers were like a police line-up of five tall, blond-haired
19  women and one short, brown-haired man (the suspect).  The other dolls listed do not share
20  any of BRATZ' features (<u>i.e.</u>, urban styles, big heads, big feet, multi-ethnic), so there is no
21  reason to expect <u>any</u> respondent in the test group to choose any other dolls as their answer.

22      <u>Second</u>, Hollander was not qualified to conduct this survey. He admitted that he
23  knows nothing about dolls or young girls' tastes; he conceded that he is "inexpert on such
24  issues" and that he relied upon *Mattel's lawyers* and his relatives[9] to give him names of dolls
25  to use in the multiple-choice answer. (<u>Id.</u> at 104:23-105:7.) Indeed, Hollander was only

---

[9]  Hollander identified his son-in-law as his other source for doll names, as his son-in-law has two daughters. (Ex. 140 (Hollander) at 106:23-25.)  Hollander was not even sure which names came from counsel and which from his son-in-law. (<u>Id.</u> at 105:4-106:22.)  Further, Hollander's granddaughters are both 16, <u>i.e.</u>, not within the survey's target universe. (<u>Id.</u>)

EXHIBIT ___D___
PAGE ___83___

9

1   familiar with Barbie and Cabbage Patch dolls. (Id. at 107:6-8, 117:18-21.)

2       Third, Hollander's control group was completely improper.  Hollander relied upon

3   Mattel's lawyers to select for him "some similar images, similarly rendered images" to the

4   Bryant drawings for the survey's control group. (Id. at 126:21-22.) Rather than provide

5   "similar" images, Mattel's counsel provided him with images of the Cherry Merry Muffin

6   doll, a completely out-of-date doll that is not likely to be recognized by 8-13 year old girls

7   (as indicated by the low identification rate).  Hollander admitted that Cherry Merry Muffin

8   dolls are "globally different" from the Bryant sketches and/or BRATZ dolls.  (Id. at 135-36.)

9   Hollander did not even consider using as his control image a fashion doll, like BRATZ, that

10  was popular with young girls. (Id. at 130:15-23.)  Yet, Hollander admitted that the more

11  similar the control image is to a BRATZ doll, the more likely the respondents would have

12  been to "misidentify" the image as a BRATZ doll.   (Id. at 145:5-24.) Thus, this

13  misidentification rate in the control group was capable of being manipulated depending on

14  the image chosen.[10]

15      Fourth, Hollander admitted in his deposition that he did not even properly isolate the

16  relevant universe of respondents for his survey. Hollander confirmed that he defined his

17  "proper universe" as "8-13 year old girls who had a Bratz doll purchased for them in the last

18  12 months." (Id. at 36:22-37:5.) However, he admitted that his screening questionnaire was

19  worded in such a way that the respondents could have been girls who did not have a BRATZ

20  doll purchased for them in the last 12 months.[11]  Hollander also admitted that it "would have

21  been possible" to word the screening questionnaire in such a way as to ensure that he got the

22  proper universe of respondents (id. at 87:23), but he didn't do it (id. at 84:5-6, 86:9-87:24).

23  [10]    That Hollander paid no attention to this possibility casts an enormous shadow on Hollander's

24  purported "net" result, which subtracted the control group's misidentification rate as BRATZ from the identification rate as BRATZ in the test group.  (Id. at 148:15-18.) For example, if 90% of the

25  control group "misidentified" the control image as BRATZ because they shared similar features to BRATZ, the "net" result would only be 2.1%.

26      [11] Ex. 140 (Hollander) at 76:4-77:18 (conceding an 11 year old in the household who owned a My Scene doll, but not a Bratz doll, could have answered the survey question); id. at 79:1-7 ("Q: So

27  its possible that in households where there's more than one 8-13 year old girl, the respondent that you got to answer the questions was actually not an 8-13 year old girl for whom a Bratz doll had

28  been purchased in the last 12 months, is that correct? A: That is correct").

EXHIBIT   D

PAGE   84

1     <u>Finally</u>, Mattel's counsel was overly involved in the design and execution of the

2 survey, compromising Hollander's independence as an "expert," which provides another

3 ground for excluding the survey. <u>Boehringer Ingelheim v. Pharmadyne Labs</u>, 532 F. Supp.

4 1040, 1058 (D.N.J. 1980) (attorneys should not be involved in designing survey questions).

5 Despite Hollander's insistence that he did "a freestanding piece of work," the control of

6 Mattel's counsel is undeniable. (Ex. 140 (Hollander) at 44:6-9.) By providing the names of

7 other dolls for the multiple-choice responses and the improper images for the control group,

8 Mattel's counsel crafted the only substantive part of this survey. (<u>Id.</u> at 126:21, 135:7.)

9 **VI.    THE SURVEY SHOULD BE EXCLUDED UNDER RULE 403**

10     If nothing else, the Hollander report should be precluded under Rule 403 as its

11 admission would be unduly prejudicial to MGA Parties, and such prejudice substantially

12 outweighs any probative value of the survey. As detailed above, the Hollander survey is

13 irrelevant and methodologically flawed. Yet inclusion of the survey would be unduly

14 prejudicial to MGA Parties.[12] Here, the admission of the survey, which, with its 91% "net"

15 finding, sounds impressive at a superficial level, but it only serves to mislead the jury,

16 conflate trademark and copyright issues, and waste a great deal of the Court's time in this

17 enormous, $1.5 billion litigation, where there are over two dozen experts. Through Mattel's

18 gamesmanship in submitting this survey as a "rebuttal" report, MGA Parties will have been

19 denied the opportunity to respond to Hollander with their own expert on survey evidence.

20 Certainly, the "expert" designation, whether deserved or not, carries some weight with jury

21 members, and it provides Mattel an unfair advantage to have their "expert" findings

22 unchallenged by another expert. Further, MGA Parties will have to spend a disproportionate

23 amount of time at trial confronting the Hollander survey, as it will not only have to

24 demonstrate the survey's multiple flaws, but will also have to educate the jury on proper

25 survey technique. This can only serve to confuse the jury, injecting an unnecessary and

26 ───────────────

[12]    "Expert evidence can be both powerful and quite misleading because of the difficulty in

27 evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses."

28 <u>Daubert</u>, 509 U.S. at 595.

EXHIBIT __D__

PAGE __85__

1  conceptually difficult dialogue into an already highly complicated case.

2  ## VII.  REFERENCES TO THE HOLLANDER REPORT AND THE INTRINSIC
3  ## TEST IN OTHER MATTEL EXPERT REPORTS SHOULD BE STRICKEN

4  Any references to Hollander's survey in the reports of Van Patten, Mirzoeff, and

5  McComb should be stricken. A fair reading of the expert reports of Van Patten and

6  McComb reveals that portions of these reports address the intrinsic test. For example, the

7  Van Patten report only discusses generalities regarding the unique "look and concept," the

8  "overall impression," and the "unusual attitude" of BRATZ dolls. (Russell Decl., Ex. 51

9  (Van Patten Rpt.) at 8.)[13] McComb merely notes the "striking similarity" between Bryant's

10  drawings and the BRATZ dolls based on vague, generic concepts that even McComb herself

11  cannot define, resorting to putting them in quotation marks (i.e., "freshness," "excitement,"

12  "look," "style," "attitude"). (Russell Decl., Ex. 50 (McComb Rpt.) at 10.) McComb is only

13  referring to these general concepts, which are not protectable under the Copyright Act (17

14  USC 102(b)), not to specific design elements that are to be compared under the extrinsic test.

15  ### CONCLUSION

16  For the foregoing reasons, the Court should grant MGA's Motion *In Limine* No. 8.

17  DATED: May 8, 2008                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

18                                        By: _____

19                                             Jason D. Russell
                                            Attorneys for the MGA Parties

20

21

22

23

24  [13]  Mattel argues that Van Patten's analysis relates to "extrinsic similarity" (a term which has no
meaning) as "it focuses on nine unique defining expressive characteristics of the Bratz doll."
25  (Mattel MIL Opp'n No. 8 at 18.) However, this would only matter if Van Patten were discussing
the specific, unique characteristics of the Bryant drawings (the copyrighted work), not the BRATZ
26  dolls (the allegedly infringing work). Whereas Professor Bergstein elaborated upon the
distinctiveness of BRATZ dolls to explain specific differences between the drawings and the dolls,
27  Van Patten merely states that BRATZ were unique, and summarily concludes that Bryant's
drawings share that "unique look and concept" based on the "overall impression." In short, Van
28  Patten does not make the comparisons and analytic dissections that the extrinsic test mandates.

EXHIBIT _D_
PAGE _86_

12

# EXHIBIT E

## EXPERT REPORT OF FRANK KEISER

**This report is designated as "Confidential--Attorneys' Eyes Only" Under the Protective Order dated January 4, 2005.**

I.      Qualifications

        I am the president and owner of 3D Scanning and Consulting, a company specializing in three-dimensional scanning. I am an expert in the field of three dimensional scanning and am proficient with many of the other tools and techniques used in the field. In my daily course of business, I use various forms of technology, including a Gom Atos II White Light Scanner, to create three-dimensional virtual models of existing physical parts for use in three-dimensional computer-aided design, computer-aided manufacturing, and computer-aided engineering. Our three-dimensional computer models aid designers in downstream engineering, manufacturing, inspection, and comparison of various products.

        I spent the first four years of my career (1964-1968) in the United States Navy, working on avionics technology on F4B and F4J aircraft. From 1968 to 1987, I worked for Telex Computer Products. I held various positions at this company. I was the Southwestern Regional Specialist. As a Specialist, I set up repair centers for computer parts repair. I also worked in the Engineering division, where I helped develop new technologies in computer products. I also worked in Paris, France, as the Engineering Marketing Liaison to Europe.

        After leaving Telex Computer Products, I worked at Keiser Manufacturing, an oil valve production company. I worked there until June 1994. My main job function there was performing research for potable water using ozone gas. I developed new and cheaper ways to make higher concentrations of ozone gas with high reliability generators.

        I left Keiser Manufacturing to work for Art Carr Performance Transmissions as Vice President of Manufacturing. I worked there until the end of 1996. As Vice President, I set up new manufacturing processes for automatic transmission parts using computerized numerically controlled (CNC) machinery. I also was in charge of high-performance parts design. I continued my career at All American Racers, an Indy Champ car team. My responsibilities were to make lay up tools for the manufacture of carbon fiber race car parts and suspension parts.

        In 1998, I joined Ctek. Ctek manufactured concept prototype automobiles for Mitsubishi, Ford, and GM. While at Ctek, I was introduced to the Atos HR White Light Scanner. The technology was new and had only been in the U.S. less than a year. I found it fascinating and went to work for Capture3D, the U.S. distributor of the Atos system in 1999, so that I could further study the process of three-dimensional scanning. At Capture3D, I used my expertise in that and other subsequent Atos machines to perform three-dimensional scans and other engineering for: Mercedes Benz, Ford, General Motors, Mitsubishi, Toyota, Mazda, Lincoln Mercury, and Chrysler. I also conducted work for Walt Disney Imagineering, Boeing, and many other internationally renowned companies.

EXHIBIT ___E___
PAGE ___87___

While at Capture3D, I worked for NASA, setting up procedures for the three-dimensional scanning and subsequent reverse engineering of the debris from Columbia space shuttle. I worked with the Columbia Accident Investigation Board (CAIB) and provided them the data they needed to enable them to identify the parts of the shuttle that had become that debris. While at NASA, I met several officials from Boeing, who offered me three-dimensional scanning and other equipment to help start my own three-dimensional scanning business. I accepted their offer and founded 3D Scanning and Consulting in June, 2003.

I use two Atos II White Light Scanners to perform three-dimensional scans for Fisker, Hyundai, Kia, Mitsubishi, BMW, Mazda, Boeing, Columbia Air, Walt Disney, NASCAR, and West Coast Choppers. For the car companies, I use my three-dimensional scans to aid manufacturers and marketers in creating life-like three-dimensional models for engineering and commercials. For the Walt Disney Corporation, I used my three-dimensional scans to help create the underwater scenes for the submarine ride at Disney's theme park in Southern California. I also helped to create authentic movie memorabilia for some of the Star Wars films.

3D Scanning and Consulting is compensated at the rate of $325 per hour for my study and testimony in this case. The applicable schedule of fees is attached as Exhibit 1.

I have not testified as an expert at trial or in deposition in the preceding four years.

Around 2005, I was in a film called "Classic Car Restorations," starring Jay Leno for the Discovery Channel. In the film, I was demonstrating the process of 3D scanning for purposes of restoration. I have also appeared in a film done by the Society of Manufacturing Engineers in which I demonstrated three-dimensional scanning of aircraft parts.

I have not produced any other publications in the last ten years.

II.   Materials Reviewed

I considered the list of objects identified by location, photograph and three-dimensional model below. These were all of the items that I considered in connection with my work for this case.

III.   Opinions

The files attached hereto contain the data for true and accurate three-dimensional models of the items identified. The reasons and bases for my opinion are set forth in detail below.

The Atos II White Light Scanner includes 2 CCD cameras of 1.3 megapixel. The cameras are configured on either side of a projector which projects a fringe image onto the object. The cameras are equidistant from the projector. See Exhibits 2-4 showing the scanning equipment. On objects such as the ones I scanned in this case, I use 250 x 200mm measurement volume to pick up detail.

EXHIBIT ___E___
PAGE ___88___