QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727<br><br>Honorable Stephen G. Larson<br><br>MATTEL, INC.'S EVIDENTIARY OBJECTIONS REGARDING MGA PARTIES' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE AND OBJECTIONS TO EXHIBITS ATTACHED TO THE DECLARATION OF DIANE C. HUTNYAN<br><br>Hearing Date: November 10, 2008<br>Time:    1:00 p.m.<br>Place:    Courtroom 1 |

1    Mattel, Inc. ("Mattel") respectfully submits the following Evidentiary
2 Objections regarding MGA Parties' Reply in support of Their Motion to Strike and
3 Objections to Exhibits Attached to the Declaration of Diane C. Hutnyan ("MGA
4 Reply").

5    Evidence submitted to the Court on motion practice must meet the
6 requirements for admissibility of evidence if offered at the time of trial. <u>Beyene v.
7 Coleman Sec. Services, Inc.</u>, 854 F.2d 1179, 1181-1182 (9th Cir. 1988); <u>Travelers
8 Cas. & Sur. Co. of America v. Telstar Const. Co., Inc.</u>, 252 F. Supp. 2d 917, 923 (D.
9 Ariz. 2003). <u>See</u> also <u>Fed. R. Evid.</u> 101 (<u>Rules of Evidence</u> apply to all proceedings
10 in the courts of the United States); <u>Fed. R. Evid.</u> 1101 (listing exceptions to <u>Rule</u>
11 101). Here, much of the evidence submitted in support of the MGA Reply is
12 inadmissible, as set forth below.

## I.   EVIDENTIARY OBJECTIONS TO MGA'S REPLY IN SUPPORT OF THEIR MOTION TO STRIKE AND OBJECTIONS TO EXHIBITS ATTACHED TO THE HUTNYAN DECLARATION

| **Objectionable Factual Allegations and Evidence** | **Objection** |
|---|---|
| Declaration of Carl Alan Roth in support of MGA Reply ("Roth Dec."), Exh. 1 (Tr. Exh. 18200) | As an initial matter, Tr. Exh. 18200-16, as submitted by MGA, nowhere mentions "retail consolidation." Accordingly, the submitted evidence is irrelevant, and prejudicial. <u>Fed. R. Evid.</u> 402, 403. Further, it is irrelevant and confusing because the purported "retail consolidation" has no bearing on |

| | |
|---|---|
| | the losses caused to Mattel by Bratz. It also misstates the record and is an incomplete excerpt. Fed. R. Evid. 106. Assuming MGA is referring to Tr. Exh. 18200-17, the quoted statement does not implicitly or explicitly refer to "Barbie" sales. Finally, Exhibit 18200 was never introduced at trial. MGA cannot attack Mattel for introducing evidence not previously submitted at trial, while simultaneously relying on documents that were never admitted. |
| Roth Dec. Exh. 2 (Tr. Exh. 2506) | As an initial matter, Tr. Exh. 2506-21, as submitted by MGA, nowhere mentions "eroding US consumer confidence;" Tr. Exh. 2506-40, as submitted by MGA, nowhere mentions "children outgrowing toys at younger ages;" and Tr. Exh. 2506-18, as submitted by MGA, nowhere mentions a "decline in domestic sales of Barbie." Accordingly, the submitted evidence is irrelevant, and prejudicial. Fed. R. Evid. 402, 403. Further, general |

| | |
|---|---|
| | observations regarding "consumer confidence" levels and children outgrowing toys are not linked to declining "Barbie" sales and are not relevant to the losses caused to Mattel by Bratz. |
| | It also misstates the record and is an incomplete excerpt. <u>Fed. R. Evid.</u> 106. Assuming, MGA is referring to Tr. Exh. 2506-22, the statement about erosion in US consumer confidence refers to the 09/11 terrorist attacks and is not linked to any drop in "Barbie" sales. Similarly, assuming MGA is referring to Tr. Exh. 2506-41, the statement that children are outgrowing toys at younger ages is not linked to any decline in "Barbie" sales. |
| | Finally, Exhibit 2506 was never introduced at trial. MGA cannot attack Mattel for citing to evidence not previously submitted at trial, while simultaneously relying on documents that were never admitted. |
| Roth Dec., Exh. 3 (Tr. Exh. 2505) | Irrelevant, prejudicial, and misstates |

| | | |
|---|---|---|
| 1-6 | | the record. <u>Fed. R. Evid.</u> 402, 403. The quoted statement is irrelevant to the deleterious effect of Bratz on Mattel. Further, Mr. Farr never told investors that it was not Bratz that was causing the drop in "Barbie" sales. |
| 7-14 | Roth Dec., Exh. 4 (Tr. Exh. 16091) | This document is irrelevant to the deleterious effect of Bratz on Mattel.<br><br>Exhibit 16091 was never introduced at trial. MGA cannot attack Mattel for citing to evidence not submitted at trial, while simultaneously relying on documents that were never admitted. |
| 15-26 | Roth Dec., Exh. 5 (Tr. Exh. 1814) | This document fails to support MGA's position that Mattel did not lose market share to Bratz, and in fact constitutes indirect evidence of Mattel's loss of market share to Bratz.<br><br>Exhibit 1814 was never introduced at trial. MGA cannot attack Mattel for citing to evidence not previously submitted at trial, while simultaneously relying on documents that were never admitted. |
| 27-28 | Roth Dec., Exh. 6 (Tr. Exh. 15676) | This document fails to support MGA's |

| | | |
|---|---|---|
| 1 2 3 4 | | position that Mattel did not lose market share to Bratz, and in fact constitutes indirect evidence of Mattel's loss of market share to Bratz. |
| 5 6 7 8 9 10 11 12 13 14 15 16 | Roth Dec., Exh. 7 (Tr. Exh. 15680) | This document fails to support MGA's position that Mattel did not lose market share to Bratz, and in fact constitutes indirect evidence of Mattel's loss of market share to Bratz.<br><br>Exhibit 15680 was never introduced at trial. MGA cannot attack Mattel for citing to evidence not previously submitted at trial, while simultaneously relying on documents that were never admitted. |
| 17 18 19 20 21 22 23 24 25 26 27 | Roth Dec., Exh. 8 (Tr. Exh. 18026) | This document fails to support MGA's position that Mattel did not lose market share to Bratz, and in fact constitutes indirect evidence of Mattel's loss of market share to Bratz.<br><br>Exhibit 18026 was never introduced at trial. MGA cannot attack Mattel for citing to evidence not previously submitted at trial, while simultaneously relying on documents that were never |

28

| | | |
|---|---|---|
| 1 | | admitted. |
| 2 | Roth Dec., Exh. 9 (Tr. Exh. 18028) | This document fails to support MGA's position that Mattel did not lose market share to Bratz, and in fact constitutes indirect evidence of Mattel's loss of market share to Bratz. |
| | | Exhibit 18028 was never introduced at trial. MGA cannot attack Mattel for citing to evidence not previously submitted at trial, while simultaneously relying on documents that were never admitted. |
| 14 | Roth Dec., Exh. 10 (Tr. Exh. 18000) | This document fails to support MGA's position that Mattel did not lose market share to Bratz. |
| | | Exhibit 18000 was never introduced at trial. MGA cannot attack Mattel for citing to evidence not previously submitted at trial, while simultaneously relying on documents that were never admitted. |
| 24 | Declaration of Curran M. Walker in support of Mattel's Opposition to MGA's Motion to Strike and Objections to Exhibits Attached to | Irrelevant, prejudicial, and misstates the record. <u>Fed. R. Evid.</u> 402, 403. Mr. Kilpin actually testified that he does not recall a time "where Bratz |

| | | |
|---|---|---|
| 1 2 3 4 5 6 7 8 | the Declaration of Diane C. Hutnyan ("Walker Dec."), Exh. D. (Kilpin Depo Tr.), at 166:9-11<br><br>THE WITNESS:  If you define -- if you define it as more sales, I don't ever recall a time where Bratz sold more than Barbie. | sold more than Barbie" (Kilpin Depo. Tr. at 166:9-11) -- not that he does not recall if Mattel has lost market share to Bratz, as alleged by MGA.  See MGA Reply at 4:3-4. |
| 9 10 11 12 13 14 15 16 17 18 19 20 21 | Walker Dec., Exh. E (Zablow Depo. Tr.), at 72:18-73:2<br>    Q.    During this time period, were you hearing from retailers that Bratz was increasing its market share and Barbie was losing market share in this age group?<br>    MR. COREY:  Objection. Vague and ambiguous.<br>    A.    They rarely talked about age group.  They did talk about their POS sales relative to competition without being specific. | Irrelevant and prejudicial.  Fed. R. Evid. 402, 403.  The quoted testimony does not support MGA's argument that there was no market share loss by Mattel.  See Zablow Depo. Tr. at 72:18-73:2 |
| 22 23 24 25 26 27 | Walker Dec., Exh. G (Eckert Depo. Tr.), at 93:10<br>MR. QUINN:  Assumes facts not in evidence. | Irrelevant and prejudicial.  Fed. R. Evid. 402, 403.  Counsel's assertion of a foundation objection at deposition, in response to a badly phrased question, is completely irrelevant to whether Bratz caused "Barbie" sales to decline. |

28

| | |
|---|---|
| Trial Tr. at 6395:22-6396:7<br><br>    A.    I learned it in the third quarter of 2008, to be precise.<br>    Q.    I stand corrected. In the third quarter of 2008, you learned that rather than growing at 2 percent a year, they were going to be going down at the rate of 55 percent a year?<br>    A.    For the second half of the year. That's current, today's management projections.<br>    Q.    And then in your most recent analysis, you've also concluded that between July of 2008 and July 2009, they are going to decline by about another 22 percent?<br>    A.    I think that's probably about right. | Irrelevant and prejudicial. Fed. R. Evid. 402, 403. The quoted testimony is irrelevant to Bratz's past deleterious effect on "Barbie" sales. |
| Walker Dec., Exh. G (Eckert Depo. Tr.), at 90:20-22<br>A.  I look at a variety of reports that include sales trends by product line, sales trends by country, market share data, financial performance. | Irrelevant and prejudicial. Fed. R. Evid. 402, 403. The quoted testimony is irrelevant to whether or not Mr. Larian and other MGA employees knew of Bratz's market share vis-a-vis "Barbie". |

| | |
|---|---|
| Walker Dec., Exh. I (Malacrida Depo. Tr.), at 139:13-140:2<br><br>Q. Okay. And did a -- recall, did an article -- so if she's with Reuters --<br>A. Uh-huh.<br>Q. -- It could have been reported in a number of places; correct? It's -- Reuters is a news service; correct?<br>A. Yes.<br>Q. And so --<br>A. Could be syndicated.<br>Q. Right. Did you contact her after that and --<br>A. Yes.<br>Q. -- Give her a piece of your mind, so to speak?<br><br>A. Nicely, uh-huh. | Misstates the record and incomplete excerpt. <u>Fed. R. Evid.</u> 106. Mr. Malacrida actually testified that he does not recall whether he told the reporter anything about Bratz's market share relative to "Barbie". Malacrida Depo. Tr. at 139:5-7 ("Q. I asked you whether you told her anything about Bratz's market share relative to Barbie? A. I don't remember.")<br><br>To the extent these out of court statements by an MGA employee are offered by MGA for the truth of the matter asserted, they are also inadmissible hearsay to which no exception is applicable. <u>Fed. R. Evid.</u> 801, 802. |

DATED: November 7, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Diane Hutnyan
Diane C. Hutnyan
Attorneys for Mattel, Inc.