QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> MATTEL, INC., a Delaware corporation, <br><br> Defendant. <br><br> AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx) <br><br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> **[PUBLIC REDACTED] MATTEL, INC.'S RESPONSE TO CARTER BRYANT'S STATEMENT REGARDING MATTEL'S MOTIONS FOR CONSTRUCTIVE TRUST AND PERMANENT INJUNCTION** <br><br> Hon. Judge Stephen Larson <br> Courtroom: 1 <br> Date of Hearing: November 10, 2008 <br> Time: 1:00 p.m. |

**Preliminary Statement**

It is unclear why, and on what basis, Carter Bryant opposes Mattel's motions for constructive trust and for a permanent injunction. As Bryant acknowledges, Mattel is not seeking *any* new relief as to him beyond what Mattel is seeking against MGA. Moreover, Bryant clearly agreed to be bound by the Court's Orders -- both past and future -- on these subjects. ▇

▇ The Order of Dismissal upon Stipulation, entered pursuant to the Settlement Agreement, ▇ states that "Carter Bryant . . . agrees to be bound by any future order, judgment or decree in the circumstances and under the terms set forth in ¶ 4(d) [of the Settlement]."[3]

▇ Not so. Bryant needs to be named in any injunction that issues because the Federal Rules of Civil Procedure *requires* it. Rule 65(d)(1)(C) states that every order granting an injunction and every restraining order must

---

[1] Settlement Agreement, dated May 18, 2008 ("Settlement Agreement"), ¶ 4(d). Mattel previously lodged the Settlement Agreement with the Court *in camera* on May 27, 2008. To avoid creating unnecessary copies, Mattel is not lodging it again with the Court here, but will do so if the Court so wishes.
[2] Settlement Agreement, ¶ 4(d).
[3] *See* Order of Dismissal, Docket No. 3811, ¶ 5.

"describe in reasonable detail--and *not by referring to the Complaint or other document*--the act or acts restrained or required." (Emphasis added.) Further, Mattel is entitled to seek contempt as a remedy for any breach and should not be limited to bringing a new action for breach of contract. Naming Bryant in the final Orders is thus necessary to avoid spurious challenges to the enforceability of the injunctive and other relief sought by Mattel and certainly will avoid unnecessary ambiguity.

█████████████████████████████████████

█████████████████████████████████████

because the Rules require that Bryant be named in a permanent injunction, Bryant's efforts to create loopholes to the enforceability of the Court's Orders against him should be rejected.

### Argument

I. **RULE 65(d)(1)(C) REQUIRES THAT BRYANT BE NAMED IN ANY PERMANENT INJUNCTION**

Fed. R. Civ. P. 65(d) requires that Bryant be identified by name in any injunction that issues. That Rule provides:

> (d) Contents and Scope of Every Injunction and Restraining Order
>
> (1) *Contents.* Every order granting an injunction and every restraining order must:
>
> (A) state the reasons why it issued;
>
> (B) state its terms specifically; and
>
> (C) describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required.

In the Ninth Circuit, some opinions construing Rule 65(d) have required strict adherence to the requirement that an injunction be entirely self-sufficient to be enforceable. *See, e.g., William Keeton Enters., Inc. v. A All Am. Strip-Orama, Inc.*, 74 F.3d 178, 182 (9th Cir. 1996) (*per curiam*) (holding that because a district court's enforcement order did not specify the terms and conditions of the settlement agreement but merely incorporated them by reference, the order could not be enforced without violating Rule 65(d)). In other instances, the Ninth Circuit has allowed incorporation by reference, but only in limited circumstances. *See, e.g., Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1132-33 (9th Cir. 2006) (temporary restraining order with exhibit attached to it was held not to violate Rule 65(d)); *Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 783 (9th Cir. 1998) (order attached to injunction provided adequate notice under Rule 65(d) of the acts prohibited); *Henry Hope X-Ray Prods., Inc. v. Marron Carrel, Inc.*, 674 F.2d 1336, 1342-43 (9th Cir. 1982) (confidential appendix attached to injunction held not to violate Rule 65(d)).[4]



---

[4] It was this Rule that also prompted Mattel to attach exhibits depicting specific infringing Bratz product to its proposed injunction Orders, rather than by simply referencing them in some other manner.

1  ████████████████████████████████████████

2  ████████████████████████████████████████

3  ██████████████████[5]

4  Likewise, the Order of Dismissal, entered pursuant to the Settlement Agreement,
5  provides in that "[i]n the event of entry of any order, judgment or decree in favor of
6  Mattel and against the MGA Parties . . . *Bryant will be bound by* and adhere to *any*
7  *such order, judgment or decree* . . . ."[6] and that any "MGA Bratz Injunction shall be
8  binding on Bryant to the same extent as it is binding on the MGA Parties".[7]
9  Ensuring that Bryant is bound by any order or judgment will, of course, ensure that
10 contempt sanctions are available to Mattel in the event of a violation. Anything less
11 would mean that Bryant would not, in fact, be bound to the same extent as MGA
12 and thus deny Mattel the benefit of its bargain in settling with Bryant.

13        In seeking to have Bryant expressly identified as an enjoined party,
14 Mattel is complying with the letter of the parties' settlement and the Federal Rules.
15 ████████████████████████████████████████
16 ████████████████████████████████████ His
17 argument that Mattel seeks to have him found liable for unfair competition under
18 Cal. Bus. & Prof. Code § 17200 -- which is a claim for which Mattel seeks no
19 monetary award on its motions as part of Phase 1 in any event -- is therefore a red
20 herring.

21        Indeed, Bryant is in no position to challenge Mattel's motions in any
22 fashion -- including through his objections here -- because ██████████████
23 ████████████████████████████████████████
24 ████████████████████████████████████████

---

[5] Settlement Agreement ¶ 4(d) (emphasis added).
[6] Order of Dismissal, ¶ 4, Docket No. 3811 (emphasis added).
[7] *Id.*

████████████████████████████████[8] Paragraph 4 of the Order of Dismissal further provides that "Bryant has waived any and all rights he may have to appeal or otherwise challenge any . . . future order or judgment entered in the Action." Having thus waived any rights to challenge the entry of non-monetary relief he had, Bryant's efforts here must be rejected for this additional reason. *Cf. Wakefield v. Mathews*, 852 F.2d 482, 484 (9th Cir. 1988) (settlement agreement providing for release of costs or expenses constituted a waiver of attorneys' fees); *Bennett v. CNA Ins. Companies*, WL 2001 30533, *4 (N.D. Cal. 2001) (settlement agreement in employee's discrimination claim waived employee's rights to bring later ERISA action).

## II.  THE CASES CITED BY BRYANT IN "SUPPORT" OF HIS MOTION ARE UTTERLY INAPPOSITE

The cases that Bryant cites in ostensible support of his Statement are not just inapposite—they entirely fail to address Rule 65(d) or any situation involving terms of settlement analogous to those presented here. *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 419 (1911), preceded the adoption of the Federal Rules by decades. At issue was whether a defendant could be charged with criminal contempt for violating an injunction entered in a civil action. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 509 (2001), held that the claim-preclusive effect of a federal court's dismissal of a diversity action on state statute-of-limitations grounds is governed by a federal rule that, as applied in diversity cases, incorporates the claim-preclusion law that would be applied by the courts of the state in which the federal court sits. *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 684 (9th Cir. 2005), held that a dismissed claim

---

[8] Settlement Agreement, ¶ 4(d).

could survive a subsequent dismissal of the action on the merits. *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1391 (9th Cir. 1988), addressed whether a district court properly asserted subject matter jurisdiction over a complaint removed from state court, holding that because there was no basis for the exercise of removal jurisdiction, the district court was powerless to order it dismissed. Finally, *Bryan v. Smith*, 174 F.2d 212, 215 (7th Cir. 1949), held that it is improper to bring an ancillary action to enforce an interlocutory order entered in a case that has been dismissed.

Here, by contrast, the Order of Dismissal expressly provides that Bryant will be bound by future orders "prohibiting or restricting or otherwise in any way affecting" the MGA Parties' rights.[9] The Order of Dismissal further provides that "Bryant has waived any and all rights he may have to appeal or otherwise challenge any ... future order or judgment entered in the Action."[10] Thus, this Court clearly has jurisdiction to identify Bryant as subject to the injunction and other non-monetary relief requested by Mattel.[11] And, Mattel is entitled to have him so named ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

---

[9] Order of Dismissal, ¶ 4, Docket No. 3811.
[10] *Id.*
[11] As the Court is aware, it rejected Bryant's prior challenges to this Court's continuing jurisdiction over him in the aftermath of the Settlement Agreement and the Order of Dismissal upon Stipulation. *See* Order of June 6, 2008, at 5.

## Conclusion

For the reasons set forth above, Orders issued in Mattel's favor on its requests for injunctive, declaratory and other non-monetary relief should properly identify Carter Bryant as expressly subject to the terms of those Orders.

DATED: November 8, 2008   QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

By /s/ Michael Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.