QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No.    CV 04-09059<br>Case No.    CV 05-2727<br><br>MATTEL, INC.'S OPPOSITION TO MGA'S MOTION TO STRIKE THE SUPPLEMENTAL DECLARATION OF CYRUS NAIM RE MATTEL'S CITATION TO EVIDENCE RE BRATZ NAME IN SUPPORT OF MATTEL, INC'S MOTION FOR CONSTRUCTIVE TRUST<br><br>Date:  February, 23, 2009<br>Time:  10:00 A.M. |

07209/2705449.3

MATTEL'S OPP TO MGA'S MOTION TO STRIKE NAIM DECLARATION RE CITATION TO EVIDENCE

1    MGA unveiled a new argument for the first time at the November 10 hearing: that Mattel has no rights to the Bratz name because the name Bryant misappropriated and sold to MGA was purportedly devoid of value at the time of the misappropriation. MGA now seeks to benefit from its sandbagging and block Mattel from even referencing in writing the citations to evidence that confirmed the lack of merit to MGA's legally and factually unsupported argument. Its attempt should be rejected. The "delay" MGA asserts was entirely of MGA's making, in deciding to assert a new position for the first time at the hearing rather than in its opposition briefs. The "prejudice" MGA complains of simply does not exist, as the evidence Mattel has offered consists of MGA own statements of which it has long been aware. To the contrary, the only party that would be potentially prejudiced by MGA's belated arguments is Mattel, and fairness dictates that Mattel should have an opportunity to fully respond with record citations that refute MGA's false factual claims.

Any delay in presenting this evidence to the Court was created by MGA and by MGA alone. Mattel made clear what relief it sought and why it should be granted in its motion. MGA's opposition was, by <u>Rule</u>, supposed to contain "a statement of *all* the reasons in opposition" to Mattel's motion. <u>Local Rule</u> 7-9 (italics added). But MGA's argument that Mattel is not entitled to relief because the Bratz name lacked value at the time it was misappropriated by Bryant and MGA appears nowhere in its seventeen-page opposition brief. Instead, MGA made this allegation for the first time at argument, repeating again and again (without factual or legal support) that the name lacked value and arguing that this supposed lack of

value is a dispositive fact: "they gave up the right to exclude others from it, because Mr. Bryant has no right to assign to them a valueless asset under trademark law."[1]

Had MGA made its misguided assertions in its opposition, as required, Mattel would have responded in its reply. Having been deprived of that opportunity by MGA's violation of the Rules, Mattel cited evidence refuting MGA's argument at the hearing and filed a supplemental summary of evidentiary citations less than 48 hours after the hearing. Mattel's submission was as timely as it could be. MGA should not be heard to complain about a delay it caused, especially when the relief at issue is equitable in nature and when MGA has compounded its original delay by also delaying in filing its present motion to strike.[2]

Nor does MGA provide any evidence of prejudice in its motion, and there is none. The evidence presented in the Naim Declaration consists of MGA statements of which MGA has long been aware; MGA does not explain how evidence of its own statements is prejudicial to it. Moreover, MGA could have avoided any claimed prejudice by making its argument in its opposition, as the Rules and fairness mandated. MGA instead chose to sandbag Mattel. If any party has been prejudiced it is Mattel, not MGA.

Mattel should not be penalized for delays caused solely by MGA's violation of the Rules. Either MGA's new argument should be disregarded or Mattel's

---

[1] Declaration of Curran M. Walker in Support of Mattel, Inc.'s Opposition to MGA's Motion to Strike the Supplemental Declaration of Cyrus Naim ("Walker Decl."), Exh. A, November 10, 2008 Hearing Transcript ("Hearing Tr.") at 24:6-7. Indeed, MGA raised this argument so often that it became a centerpiece of its oral argument, even though MGA made no mention of it in its briefs. See also id. at 8:3-5, 8:19-20, 9:21, 23:22-24:1, 55:2-5, 55:19-20, 57:4-7, 57:17-18, 67:8-13.

[2] Though the Court made clear at the hearing it would rule promptly on the pending motions, MGA waited almost a week to file its one-page brief here.

1  responsive evidence should be considered.  MGA's tardy motion to strike should be
2  denied.[3]

3

4  DATED:  November 18, 2008            QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
5

6                                       By /s/ Michael T. Zeller
7                                           Michael T. Zeller
                                            Attorneys for Mattel, Inc.

---

[3]  MGA complains that Mattel did not timely raise the issue of a constructive trust. Yet MGA conceded at the hearing that the relief sought by the initial complaint was broad enough to encompass a constructive trust. Walker Decl., Exh. A, Hearing Tr. at 22:5-12. Mattel also previously addressed this argument in its Reply In Support of its Motion for a Constructive Trust (Docket No. 4379) at 8:1-9:5 and n.14. Rather than burdening the Court by repeating its points here, Mattel respectfully directs the Court's attention to these portions of its reply brief.