1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  JASON D. RUSSELL (Bar No. 169219)
   (jrussell@skadden.com)
3  LAUREN E. AGUIAR (*Admitted Pro Hac Vice*)
   (laguiar@skadden.com)
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
5  Los Angeles, CA  90071-3144
   Tel.: (213) 687-5000
6  Fax: (213) 687-5600

7  Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | Honorable Stephen G. Larson |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | MGA PARTIES' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE THE SUPPLEMENTAL DECLARATION OF CYRUS NAIM RE MATTEL'S CITATION TO EVIDENCE RE BRATZ NAME IN SUPPORT OF MATTEL, INC.'S MOTION FOR CONSTRUCTIVE TRUST |
| AND CONSOLIDATED ACTIONS. | |
| | Hearing Date: February 23, 2009<br>Time: 10:00 AM |

Having failed to show that the name "Bratz" constitutes valuable property over which it could claim a constructive trust either in its papers or at oral argument, Mattel filed a supplemental submission, styled a "Citation to Evidence Re Bratz Name In Support Of Mattel, Inc.'s Motion For Constructive Trust" and supported by the Declaration of Cyrus Naim. As the MGA Parties indicated in their Motion to Strike, this submission is improper and untimely and should be stricken in its entirety.

Mattel claims that at oral argument the MGA Parties "for the first time (and without supporting authority or evidence)" argued that the Bratz name was not the proper subject of a constructive trust because "it had no value at the time" Carter Bryant left Mattel. (Mattel Citation to Evid. at 1; see also Mattel Opp'n to MGA Mot. to Strike at 2-3.) Mattel's current claim that this point was never made and never supported is specious. In fact, the MGA Parties have asserted repeatedly that the name is not the proper basis for a constructive trust over the "Bratz" trademark precisely because the name itself – absent the value added to it by MGA's branding and marketing – is worthless. Moreover, the MGA Parties were unambiguous, even at oral argument, about the support for their assertion.

Indeed, it is difficult to imagine how Mattel could have missed this point, or the authority that supported it. The MGA Parties made it a central theme of their Opposition to Mattel's Motion for Constructive Trust, arguing that a trademark – and the property rights that accompany it – does not exist until it is imbued with the goodwill generated by use. (See MGA Opp'n to Mattel Mot. for Const. Trust at 3-5.) The MGA Parties were equally forthcoming – both in their papers and at oral argument – about the authority they relied upon, such as this Court's decision in Conversive, Inc. v. Conversagent, Inc., 433 F. Supp. 2d 1079, 1089-90 (C.D. Cal. 2006). (See MGA Opp'n to Mattel Mot. for Const. Trust at 3-4 (explaining that rights to a trademark cannot be transferred unless the goodwill associated with the trademark is transferred, because absent use and the goodwill it generates, there is nothing to assign); 11-10-08 Hearing Tr. 7:20-22 ("And as we cite, and I believe that Your Honor's decision in Conversive makes clear, **the value in a trademark is by virtue of use**." (emphasis added)).) As a matter of law, the "Bratz" trademark cannot be separated

from the value MGA added to it.  <u>Conversive, Inc.</u>, 433 F. Supp. 2d at 1089-90.  Consequently, the name, standing alone, is worthless.  <u>Id.</u>

Notably, the MGA Parties also raised this point in support of their affirmative defenses, noting the inequity of allowing a plaintiff (such as Mattel) to capitalize on value derived <u>entirely</u> from a defendant's investment.  (<u>See</u> MGA Reply ISO MGA Stmt. of Position at 7 n.12 ("In the context of trademarks – **<u>which gain their value entirely from the goodwill built up by their users</u>** – investment is likewise a compelling basis for applying laches.  <u>See, e.g.</u>, <u>Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n</u>, 311 F. Supp. 2d 1023, 1038 (D. Or. 2004) <u>aff'd</u> 465 F. 3d 1102 (9th Cir. 2006)." (emphasis added)).  And again, the MGA Parties were quite transparent about the support for this contention at oral argument as well as in the briefs.  (<u>See</u> 11-10-08 Hearing Tr. 56:18-20 ("That's the problem they have here, is you can't divorce the name 'Bratz' from its value right now.  That's one of the reasons we cited your Honor to the <u>Tillamook</u> case.").)

Mattel has already had ample opportunity to address the MGA Parties' arguments in its dozens of pages of briefing and over the course of more than three hours of oral argument, and despite its best efforts has failed to come up with satisfactory response.  No further submission by Mattel will change the fact that the name "Bratz" had no value before MGA created it, and no further submission should be permitted at this time.

DATED:  November 19, 2008         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                       By:        /s/ Thomas J. Nolan
                                                            Thomas J. Nolan
                                             Attorneys for the MGA Parties