1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:   (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys for Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                         EASTERN DIVISION

12   CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

13               Plaintiff,                 Consolidated with
                                            Case No. CV 04-09059
14        vs.                               Case No. CV 05-02727

15   MATTEL, INC., a Delaware               [PUBLIC REDACTED] MATTEL,
     corporation,                           INC.'S *EX PARTE* APPLICATION
16                                          FOR DE-DESIGNATION OF THE
                 Defendant.                 COMPENDIUM OF THIRD-PARTY
17                                          DECLARATIONS IN SUPPORT OF
                                            THE MGA PARTIES' *EX PARTE*
18   AND CONSOLIDATED ACTIONS               APPLICATION AND MOTION TO
                                            STAY PENDING APPEAL; AND
19
                                            MEMORANDUM OF POINTS AND
20                                          AUTHORITIES

21                                          [Declaration of Jon D. Corey and
                                            Proposed Order filed concurrently]
22

23

24

25

26

27

28

07209/2736582.1

Mattel, Inc. ("Mattel") hereby respectfully applies *ex parte*, pursuant to <u>Local Rule</u> 7-19, for the de-designation of the declarations in the Compendium of Third-Party Declarations (the "Compendium") filed in support of the MGA Parties' *Ex Parte* Application and Motion for Stay Pending Appeal.[1]  Mattel further requests leave to make any further appropriate submission relating to the Compendium once Mattel's counsel has had an opportunity to review their contents with Mattel.

Mattel makes this Application on the grounds that defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian (collectively, the "MGA Parties") have improperly designated the third-party declarations as "Confidential -- Attorney's Eyes Only" pursuant to the Stipulated Protective Order.  The Protective Order limits the information that may be designated "Confidential -- Attorney's Eyes Only" to "trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing party or nonparty believes will result in competitive disadvantage or harm if disclosed to another party to this action without restriction upon use or further disclosure."  The materials which the MGA Parties have designated here -- specifically, (1) the identity and employers of the declarants, and (2) the contents of the declarations -- are not "trade secrets or other confidential commercial information."  As such, they cannot be properly designated "Confidential --Attorney's Eyes Only" under the Protective Order.

Good cause exists to seek this relief on an *ex parte* basis.  MGA submitted these declarations in support of its *Ex Parte* Application and Motion for a Stay Pending Appeal.  Mattel's Opposition to this Application and Motion is due on December 18, 2008.  Mattel does not have the opportunity to seek this relief on a regularly noticed motion.

---

[1]  Mattel, however, does not seek the de-designation of the licensee list attached to Declaration No. 10.

-i-
[PUBLIC REDACTED] MATTEL'S EX PARTE APPLICATION FOR DE-DESIGNATION OF THIRD-PARTY DECLARATIONS

Pursuant to Local Rule 7-19, on December 15, 2008, Mattel's counsel sought to resolve the issues set forth this in Application with counsel for the MGA Parties and subsequently gave notice of this Application and the relief being sought to counsel for the MGA Parties, Thomas Nolan and Jason Russell of Skadden, Arps, Slate, Meagher & Flom LLP (telephone: 213-687-5000; address: 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071).[2]   Counsel for defendants stated that the MGA Parties oppose this Application.

Additionally, because MGA's counsel represented that the declarants decided independently that the declarations should be designated as "Attorney's Eyes Only" under the Protective Order, Mattel's counsel gave notice of this Application and the relief being sought to general counsel for each of the declarants on December 16, 2008 as follows:[3]



_____

[2]   See ¶ 2-3 to the Declaration of Jon D. Corey, dated December 17, 2008 ("Corey Dec."), filed concurrently herewith.
[3]   See Corey Dec., ¶ 4.

| | [redacted] | | |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

As of this writing, Mattel has not received a response from any of the third parties and therefore is unaware of their respective positions on the matter.

1      This Application is based on this Notice of Application, the accompanying

2   Memorandum of Points and Authorities, the Declaration of Jon D. Corey (and its

3   exhibits) filed concurrently herewith, the records and files of this Court, and all

4   other matters of which the Court may take judicial notice.

5   DATED:  December 17, 2008          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
6

7                                      By /s/ Jon D. Corey
                                          Jon D. Corey
8                                         Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The MGA Parties have applied *ex parte* to stay enforcement of this Court's December 3, 2008 Orders pending appeal to the Ninth Circuit.[4]  In support, the MGA Parties filed a "Compendium of Third-Party Declarations," consisting of thirteen declarations by third-parties such as ██████████████████ ████████████████.[5]  The MGA Parties rely on these declarations to suggest that absent a stay, MGA will be harmed.[6]  In each of these declarations, the declarant ███████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████.

The MGA Parties have designated the third-party declarations as "Confidential -- Attorney's Eyes Only" ("AEO") pursuant to the Stipulated Protective Order.[7]  Moreover, due to the manner in which the MGA Parties filed the declarations, they have concealed not only the substantive content of the declarations, but even the identities of the declarants and of the declarants' employers.  This is inappropriate.

With the sole exception of the licensee list attached to Declaration No. 10, none of the information contained in the third-party declarations meets the Protective Order's requirements for an AEO designation.  That is, none of the information constitutes a trade secret that another party may use to obtain a competitive advantage if disclosed.  The information in the declarations is not even

---

[4]  <u>See</u> MGA Parties' *Ex Parte* Application and Motion for Stay Pending Appeal, dated December 9, 2008 ("Application for Stay"), Corey Dec., Exh. 14.
[5]  <u>See</u> Compendium of Third-Party Declarations in Support of the MGA Parties' *Ex Parte* Application and Motion to Stay Pending Appeal ("Compendium of Third-Party Declarations"), Corey Dec., Exh. 15.
[6]  <u>See</u> Application for Stay at 5-7, Corey Dec., Exh. 14.
[7]  <u>See</u> Compendium of Third-Party Declarations, Corey Dec., Exh. 15.

confidential, but rather public.  Nor can the MGA Parties contend in good faith that the declarations contain AEO material, as they have themselves sought and successfully obtained the de-designation of similar information, including the identity and contact information for witnesses, in the past.

The AEO designation also substantively prejudices Mattel.  Because the AEO designation bars Mattel personnel (including in-house counsel) from seeing the declarations, the AEO designation also hinders Mattel's outside counsel's ability to consult with Mattel and to draw upon its toy industry expertise in responding to these declarations.

Accordingly, the Court should order the declarations to be de-designated, with the sole exception of the licensee list.  The Court also should give leave to Mattel to respond further to the MGA Parties' *ex parte* once Mattel's outside counsel is able to consult with Mattel about the contents of the declarations.

<u>**Argument**</u>

## I.   <u>THE THIRD-PARTY DECLARATIONS DO NOT MEET THE REQUIREMENTS FOR AN AEO DESIGNATION</u>

The Stipulated Protective Order, entered on January 4, 2005, governs the disclosure and use of confidential information in this case.[8]  Parties or non-parties may designate Litigation Materials as "Confidential" or as AEO.[9]  The Protective Order provides that the AEO designation may only be applied to "trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure."[10]

---

[8]   <u>See</u> Stipulated Protective Order, dated January 4, 2005, Corey Dec., Exh. 16.
[9]   <u>See id.</u> at ¶ 2.
[10]   <u>See id.</u>

As the designating parties, the MGA Parties bear the burden of proving that the material at issue is trade secret information which would result in a competitive disadvantage to MGA if disclosed to Mattel.  The MGA Parties cannot make this showing.  The identities of the declarants and the declarants' respective employers are not "trade secrets or other confidential information" that another party may use to obtain a competitive advantage if disclosed.  The identities of the declarants and their employers are not confidential, as it is publicly known that each of these entities has a relationship with MGA.  Indeed, the declarations themselves purportedly relate to ██████████████████████████████.[11]

Similarly, the contents of the declarations does not constitute trade secret information.  For example, the declarants indicate that ████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████[12]  That consequence is in no way confidential.  MGA has itself identified this consequence to the Court and to the press.[13]

Further, Mattel is being prejudiced by the AEO designation.  As a result of the AEO designation, Mattel's outside counsel is unable to share the contents of the

---

[11]  <u>See, e.g.,</u> ███████████████████████████████████ ████████████████████████████████████ (emphasis added), Tab 3 to the Compendium of Third-Party Declarations, Corey Dec., Exh. 15.

[12]  <u>See, e.g.,</u> ████████████████, Tab 1 to the Compendium of Third-Party Declarations, Corey Dec., Exh. 15.

[13]  <u>See, e.g.,</u> Declaration of Isaac Larian, dated August 7, 2008, at ¶ 6, Corey Dec., Exh. 17 ██████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████).

1  third-party declarations with Mattel, and specifically with Mattel's in-house counsel,
2  and is unable to rely on Mattel's expertise in the toy industry to prepare a response
3  to them.  This inability to rely on Mattel's toy industry knowledge to address the
4  substance of these declarations hinders Mattel's ability to respond to the
5  extraordinary relief that MGA seeks on an expedited basis -- a lengthy stay of
6  certain orders in Mattel's favor obtained after years of litigation and trial.

7       The third-party declarations do not qualify for an AEO designation under the
8  Protective Order and should be de-designated.

9  **II.    MGA HAS ITSELF SOUGHT THE DE-DESIGNATION OF SIMILAR**
10  **INFORMATION IN THE PAST**

11       Further, the MGA Parties cannot, in good faith, argue that the identity of the
12  declarants and their employers constitute trade secrets or confidential business
13  information, as they previously took the contrary position when they successfully
14  obtained the de-designation of Mattel's Rule 26 Initial Disclosures.[14]

15       Mattel's Initial Disclosures included detailed -- and non-public -- lists of
16  current Mattel employees who worked on specified Mattel product lines that directly
17  competed with MGA.  Given MGA's long history of raiding and poaching Mattel
18  employees, and given that such information is not public, Mattel designated its
19  employee information as AEO pursuant to the Protective Order.  Seeking the de-
20  designation of these disclosures, MGA contended that the mere identity of witnesses
21  did not constitute trade secret or otherwise confidential business information that
22  allowed for AEO designation.[15]  MGA additionally argued that the AEO designation

23  _____

24  [14]   See MGA's Letter Brief Motion to De-Designate Mattel's Initial Disclosures
25  As Attorney's Eyes Only, dated January 16, 2007, Corey Dec., Exh. 18; Order
    Granting MGA's Motion to Re-Designate Mattel's Initial Disclosures, dated
26  February 5, 2007, Corey Dec., Exh. 19.
27  [15]   See MGA's Letter Brief Motion to De-Designate Mattel's Initial Disclosures
    As Attorney's Eyes Only, dated January 16, 2007, Corey Dec., Exh. 18
28

07209/2736582.1

-4-

violated its due process rights by denying MGA "notice as to the witnesses that might testify against it."[16]   The Discovery Master ultimately sided with MGA and ordered the de-designation of Mattel's disclosures.[17]

MGA's contentions in support of its motion to de-designate Mattel's Initial Disclosures apply with equal force here.  As MGA itself successfully urged, the identity of the third-party declarants and their employers is not properly AEO material.  Further, by designating them as such, the MGA Parties have denied Mattel its due process right to notice of the witnesses against it.   Having previously prevailed on these positions, it would be patently unfair to now permit MGA to argue otherwise.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court order the de-designation of the declarations in the Compendium of Third-Party Declarations (except for the licensee list attached to Declaration No. 10) filed in support of the MGA Parties' *Ex Parte* Application and Motion for Stay Pending Appeal.  Mattel further respectfully requests that the Court grant Mattel leave to file any additional appropriate response to the declarations once Mattel's outside counsel is permitted to consult with Mattel on the contents of the declarations.


DATED:  December 17, 2008          QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP


                                   By /s/ Jon D. Corey
                                   Jon D. Corey
                                   Attorneys for Mattel, Inc.

---

[16]  Id.

[17]  Order Granting MGA's Motion to Re-Designate Mattel's Initial Disclosures, dated February 5, 2007, Corey Dec., Exh. 19.