# EXHIBIT 1

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 15, 2008

<u>VIA E-MAIL AND FACSIMILE</u>

Thomas Nolan, Esq.
Jason Russell, Esq.
Skadden Arps Slate Meagher & Flom LLP
300 South Grand Ave, Suite 3400
Los Angeles, California 90071

Re:   <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Counsel:

I write pursuant to paragraph 10 of the Stipulated Protective Order to request that MGA de-
designate the declarations in the "Compendium of Third-Party Declarations" that MGA filed in
support of its Ex Parte Application and Motion to Stay Pending Appeal from "Confidential-
Attorneys Eyes Only." If MGA does not agree to de-designate those declarations, then Mattel
will apply to the to the Court for an order de-designating those declarations on an ex parte basis.
(Mattel, however, does not seek the de-designation of the licensee list attached to Declaration
No. 10.)

The Compendium of Third-Party Declarations contains thirteen declarations by third parties that
have some relationship with MGA. MGA relies on them to suggest that absent a stay of the
already-stayed injunction order, then the third parties expect MGA to comply, and implicitly that
they will comply with the injunction order by not selling or promoting Bratz products, which will
irreparably harm MGA. Whether that is true, the Court will decide. But, based on the manner in
which the declarations were filed, MGA has improperly relied on the protective order
designations to conceal from our client, including Mattel's in-house counsel, (a) the identity of
the declarant, (b) the identity of the employer of the declarant, and (c) the substantive
information in the declaration. None of that information, however, is the type of information that
may be designated "Confidential-Attorneys Eyes Only" under the Protective Order. The

**quinn emanuel urquhart oliver & hedges, llp**
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

EXHIBIT _____1_____
PAGE _____5_____

Protective Order limits information that may be designated "Confidential-Attorneys Eyes Only" to "trade secret or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing party or nonparty believes will result in competitive disadvantage or harm if disclosed to another party to this action without restriction upon use or further disclosure." Protective Order ¶ 2.

The identity of the declarants and the declarants' respective employers are not trade secrets that another party may use to obtain a competitive advantage if disclosed. Not one of the employers identified is a secret supplier, vendor, retailer or affiliate of MGA. Rather, it is well known that each of these entities has a relationship with MGA in some way, and the discussion in each of these declarations purports to relates to their continued ability to publicly promote Bratz products. In short, the identity of the employer, and the identity of the declarant, are not confidential, but public.

Each declarant provides a commentary on what he or she speculates his or her employer may do in the future with respect to the Bratz products at issue if the injunction order is not stayed pending appeal. In short, each declaration states that it expects MGA to abide by the Court's order. That consequence is not a trade secret or confidential information that another party could use to gain a competitive advantage. Far from being confidential, it is no more than common sense that when and if the injunction order becomes effective, MGA cannot sell infringing Bratz products.

Nor has MGA taken any steps to keep that consequence a secret. Rather, MGA and its representatives have stated to the courts and to the press that an injunction will prevent MGA from selling infringing Bratz products. *E.g.*, Decl. of Isaac Larian, dated August 7, 2008, ¶ 6 ("Mattel intends to seek an injunction barring MGA from producing or selling Bratz products. Such an injunction would cause catastrophic and irreversible harm to MGA. Not only would an injunction deprive MGA of the majority of its revenues (as Bratz-related products are the highest selling products by far), it would irreparably damage client and consumer relationships that MGA has spent decades building."). Identifying those who anticipate respecting the Court's orders is neither a trade secret nor confidential information.

Please confirm no later than the end of today that MGA will de-designate or re-designate the declarations in the Compendium of Third-Party Declarations, except the licensee list. Otherwise, please let us know whether MGA will oppose our ex parte.

I look forward to hearing from you.

Best regards,

Jon D. Corey

EXHIBIT ___1___
PAGE ___6___

# EXHIBIT 2

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 16, 2008

<u>VIA FACSIMILE AND U.S. MAIL</u>

Robert J. Herrington, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144

Re:     <u>Mattel v. Bryant et al.</u>

Dear Rob:

I wrote to confirm our conversation yesterday regarding Mattel's request that MGA de-designate the Compendium of Third-Party Declarations submitted in support of MGA's Ex Parte Application and Motion for Stay Pending Appeal. You informed me that MGA believes that the third-party declarations are properly designated as "Confidential-Attorney's Eyes Only," including the identity of the declarant and the declarant's employer, but were willing to discuss designating them as "Confidential." You also informed me that the third-party declarants had each independently reached the conclusion that the declarations should be designated as "Confidential-Attorney's Eyes Only" under the Protective Order in their entirety, and concluded that we could not reach a resolution of the designation issue without their involvement. I asked whether you were aware whether they were represented by counsel, and understood from you that you were not aware of any such representation by outside counsel in this regard, but that in-house counsel for the declarants' respective employers may have been aware of the declarations. If you have any questions regarding the foregoing, please do not hesitate to call.

EXHIBIT ___2___
PAGE ___7___

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

If you have any questions regarding the forgoing, please do not hesitate to call.

Best regards,

Jon Corey

07209/2365124.1

EXHIBIT    2

PAGE    8

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**     December 16, 2008

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Robert J. Herrington, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | (213) 687-5000 | (213) 687-5600 |

**FROM:**     Jon D. Corey

**RE:**     Carter Bryant v. Mattel, Inc., et al.

**MESSAGE:**

See Attached.

FAXED
DEC 1 6 2008

EXHIBIT _____ 2

PAGE _____ 9

07209/2430941.1

| | | ROUTE/<br>RETURN<br>TO: | Johanna Minassian-10th FL<br>(One extra copy) | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| CLIENT # | 07209 | | | |
| OPERATOR: | *wh* | | CONFIRMED?   ☐ NO  ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

# EXHIBIT 3

# FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 4

# FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 5

# FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 6

# FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 7

# FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 8

# FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 9

# FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 10

# FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 11

# FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 12

# FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 13

# FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 14

# FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 15

# FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 16

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware
Corporation,

                      Plaintiff,

        v.

CARTER BRYANT, an individual; and
DOES 1 through 10, inclusive,

                      Defendants.

_____

CARTER BRYANT, on behalf of
himself, all present and former
employees of Mattel, Inc., and the
general public,

                      Counter-Claimant,

        v.

MATTEL, INC., a Delaware
Corporation,

                      Counter-Defendant.

CASE NO. CV 04-9059 NM (RNBx)

STIPULATED PROTECTIVE
ORDER; AND

[PROPOSED] ORDER

[Discovery Matter]

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

EXHIBIT ___16___
PAGE ___153___

07272/625581.2

PROTECTIVE ORDER

## GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)    Personnel files and other private or confidential employment, contractor or vendor information;

EXHIBIT ___16___
PAGE ___154___

07272/625581.2

-2-

PROTECTIVE ORDER

1       (2)    The specific terms of agreements with, and information received

2 from, third parties that a Party is required to disclose only under conditions of

3 confidentiality;

4       (3)    Personal or private financial information, and confidential

5 financial data that is not known generally to the trade or to competitors, including

6 financial data relating to specific sales, cost and profit information for specific

7 products and product lines; and

8       (4)    Business plans and product information that are not known

9 generally to the trade or to competitors, including non-public information relating to

10 product development and design.

11

12       WHEREFORE, believing that good cause exists, the Parties HEREBY

13 STIPULATE that, subject to the Court's approval, the following procedures shall be

14 followed in this Action to facilitate the orderly and efficient discovery of relevant

15 information while minimizing the potential for unauthorized disclosure or use of

16 confidential or proprietary information:

17

18               <u>SCOPE OF THIS ORDER</u>

19

20       1.    This Protective Order shall apply to trade secret, confidential and

21 proprietary information, documents and things that are produced or disclosed in any

22 form during the course of the Action by any Party or any nonparty:

23       (a)    through discovery;

24       (b)    in any pleading, document or other writing; or

25       (c)    in testimony given at a deposition.

26 (The foregoing information, documents and things shall be referred to hereinafter

27 collectively as "Litigation Materials.")

28

EXHIBIT _____ *16*
PAGE _____ *155*

<u>CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION</u>

2.      Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.   The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.   The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.   Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

<u>MANNER OF DESIGNATION OF MATERIALS</u>

3.      A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a)      <u>Documents or Things</u>.      "CONFIDENTIAL"   or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

07272/625581.2

-4-

EXHIBIT _16_
PAGE _156_
PROTECTIVE ORDER

obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL --
ATTORNEYS' EYES ONLY" on the particular document or thing.

(b) <u>Interrogatory Answers and Responses to Requests for
Admissions</u>. In answering any interrogatory or request for admission, or any
part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or
"CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the
legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES
ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'
EYES ONLY" answers shall be made on separate pages from any other
answers or portions thereof that are not designated as "CONFIDENTIAL" or
"CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c) <u>Deposition Testimony</u>. Any Party or nonparty giving
deposition testimony in this Action may obtain "CONFIDENTIAL" or
"CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by
designating, during the course of that testimony, for which "CONFIDENTIAL"
or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired,
the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL
-- ATTORNEYS' EYES ONLY," or alternatively by designating the entire
testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'
EYES ONLY," subject to a good faith obligation to identify any non-
confidential portions of the testimony (and/or any lesser "CONFIDENTIAL"
portions in the event that the entire testimony is designated "CONFIDENTIAL
-- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after
receipt of the transcript of the testimony. The reporter shall separately
transcribe and bind the testimony so designated as "CONFIDENTIAL" and
"CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face
of the separate bound transcript containing such testimony with the term
"CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

EXHIBIT 14
PAGE 157
PROTECTIVE ORDER

07272/625581.2

-5-

A Party or nonparty also may make the above-referenced designation of confidentiality in writing and within fourteen (14) calendar days of the receipt by said Party or nonparty of the transcript of said testimony. In that event, said portion of the transcript will be treated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of this Protective Order, except that it will not be separately bound. If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to paragraphs 5 and 6 hereof shall be excluded from the room in which the deposition testimony is given. Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of the transcript by counsel for the designating Party or nonparty. The Party or nonparty designating the testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen (14) calendar day period described above, specifically designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously designated as such, by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information. Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control. Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

EXHIBIT _____ *16*
PAGE _____ *158*

PROTECTIVE ORDER

accordance with the terms of this Protective Order.  In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)     Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)     Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt.  Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order.  Thereafter, the document, thing or other information shall

EXHIBIT ___16___
PAGE ___159___

PROTECTIVE ORDER

be fully subject to this Protective Order.  No Party shall incur liability for any disclosures made prior to notice of such designation, except to the extent that any such disclosures occurred prior to the seven (7) day period described above or prior to such other time periods as are provided by this Protective Order, including without limitation such time periods as are provided in Paragraph 3(c) above.

## RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

4.     Any Litigation Materials produced or disclosed in this Action, whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such information for purposes of litigation and not for any other purpose, including without limitation for any business or trade purpose.  As used herein, the term "litigation" shall mean preparation for, participation in and prosecution and defense of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in connection with any mediation or other alternative dispute resolution procedure that this or any other court may order or that the Parties may agree to.

5.     Subject to Paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

> (a)     the attorneys for the Parties and their partners, shareholders, associates, document clerks and paralegals who are necessary to assist such attorneys;

> (b)     secretaries, stenographers and other office or clerical personnel employed by said attorneys and who are necessary to assist such attorneys;

EXHIBIT __16__
PAGE __160__

07272/625581.2

-8-

PROTECTIVE ORDER

(c)   a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)   the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)   such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)   outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)   professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)   independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)   non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

EXHIBIT 16
PAGE 161

07272/625581.2

-9-

PROTECTIVE ORDER

6.      Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)      the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)      secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)      the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)      such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)      outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)      independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

EXHIBIT __16__
PAGE __62__

07272/625581.2

-10-

PROTECTIVE ORDER

1                 (g)    professional court reporters engaged to transcribe

2      deposition testimony, professional videographers engaged to videotape

3      deposition testimony and translators.

4              7.    None of the following is bound by or obligated under this Order

5      in any respect and specifically are not bound or obligated to treat information

6      designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

7      ONLY" in any particular manner: The Court hearing this Action (including the Court

8      having jurisdiction of any appeal), Court personnel, court reporters working for the

9      Court, translators working for the Court, or any jury impaneled in this Action.

10             8.    Other than those identified in Paragraph 7 above, each person to

11     whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL --

12     ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this

13     Protective Order and agree to be bound by it before disclosure to such persons of any

14     such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall

15     not have access to either "CONFIDENTIAL" or   "CONFIDENTIAL --

16     ATTORNEYS' EYES ONLY" information, as the case may be, until they have

17     certified that they have read this Protective Order and have manifested their assent

18     to be bound thereby by signing a copy of the Assurance of Compliance attached

19     hereto as Exhibit A. Once a person has executed such an Assurance of Compliance,

20     it shall not be necessary for that person to sign a separate Assurance of Compliance

21     each time that person is subsequently given access to confidential material. Any

22     person who signed an Assurance of Compliance in connection with the Stipulation

23     for Protection of Confidential Information and Protective Order filed September 16,

24     2004 in <u>Mattel Inc. v. Bryant</u>, Case No. BC 314398, pending in Los Angeles County

25     Superior Court, need not re-sign the Assurance of Compliance attached hereto but

26     shall, by virtue of his or her prior signature, be deemed to have signed the attached

27     Assurance of Compliance.

28

EXHIBIT _____ _16_
PAGE _____ _163_

07272/625581.2

-11-

PROTECTIVE ORDER

9.     The failure of any Party to object to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

10.     If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the <u>Local Rules</u>. Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11.     Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12.     The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

EXHIBIT __*16*__
PAGE __*164*__

PROTECTIVE ORDER

13.     If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty. The receiving Party shall promptly return to the producing Party or nonparty the inadvertedly disclosed document and all copies of such document. Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14.     Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

## FILING AND USE IN COURT OF DESIGNATED MATERIALS

15.     Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information in accordance with the procedures set forth in Local Rule 79-5.1, as such

PAGE _____ 165

07272/625581.2

-13-

1  Rule may be amended from time to time.  Prior to the time that a Party receiving the
2  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"
3  information from any other Party files with the Court an application and the other
4  materials required by Local Rule 79-5.1, as such Rule may be amended from time to
5  time, to seal the producing Party's confidential information, the receiving Party shall
6  consult with the producing Party's attorney to determine whether the producing Party
7  will re-designate the previously designated confidential information so as to avoid the
8  need for the request to file such information under the seal.  Upon the default of a
9  Party to seek the Court's approval to file a document containing "CONFIDENTIAL"
10 or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any
11 Party may subsequently seek the approval of the Court to file that document under
12 seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule
13 may be amended from time to time.

15         THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS

17         16.    If any Party or nonparty receives a subpoena or document request
18 from a third party which purports to require the production of materials in that Party's
19 possession which have previously been designated as "CONFIDENTIAL" or
20 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,
21 the Party or nonparty receiving such subpoena or document request (a) shall object
22 and refuse to produce documents absent a Court Order or the consent of the Party or
23 nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL
24 -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who
25 designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --
26 ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,
27 and (c) shall not oppose any effort by the Party or nonparty which designated the
28 material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

1   ONLY" to quash the subpoena or obtain a protective order limiting discovery of such
2   material.

3

4   ## DISCOVERY FROM NONPARTIES

5

6        17.    Discovery of nonparties may involve receipt of information,
7   documents, things or testimony which include or contain "CONFIDENTIAL" or
8   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information. A
9   nonparty producing such material in this case may designate as "CONFIDENTIAL"
10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it
11  produces in the same manner provided for in this Protective Order with respect to
12  material furnished by or on behalf of the Parties. Any Party may also designate as
13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any
14  materials or information produced by a nonparty that constitute "CONFIDENTIAL"
15  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating
16  Party under Paragraph 2 of this Protective Order, regardless of whether the producing
17  nonparty has also so designated. In addition, a nonparty may also designate as
18  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any
19  materials or information produced by a Party that constitute "CONFIDENTIAL" or
20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such
21  nonparty under Paragraph 2 of this Protective Order, regardless of whether the
22  producing Party has also so designated. In either such an event, the designation
23  providing for the greater level of protection for the material information shall control,
24  subject to Paragraph 10 of this Protective Order. Nonparty materials designated
25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a
26  nonparty or Party shall be governed by the terms of this Protective Order.

27

28

EXHIBIT _16_
PAGE _167_

07272/625581.2

-15-

PROTECTIVE ORDER

## CONCLUSION OF LITIGATION

18.     Within thirty (30) days of the conclusion of this Action, including
any post-trial motions or appellate proceedings relating thereto, all documents,
transcripts or other things or information designated as "CONFIDENTIAL" or
"CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be
returned to the attorneys for the Party or nonparty furnishing the same, or shall be
destroyed by the attorneys having such documents in their possession.  In addition,
all summaries or other materials containing or disclosing information contained in
such documents, answers, transcripts or other things shall be destroyed; provided,
however, that outside counsel for each Party may retain one complete and unredacted
set of pleadings and papers filed with the Court or served on the other Parties.  Such
retained copy of pleadings and papers shall be maintained in a file accessible only to
outside counsel bound by this Protective Order.  This Protective Order shall continue
to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.     The provisions of this Stipulation and Protective Order may
be  modified at any time by stipulation of the Parties as approved by Order of the
Court.  In addition, a Party may at any time apply to the Court for modification of this

EXHIBIT ___*16*___
PAGE ___*168*___

PROTECTIVE ORDER

1   Stipulation and Protective Order pursuant to a motion brought in accordance with the

2   rules of the Court.

3

4          **IT IS SO STIPULATED.**

5

6   DATED: December 22, 2004          QUINN EMANUEL URQUHART
                                       OLIVER & HEDGES, LLP
7

8                                      By _____
9                                         Jon Corey
                                          Attorneys for Plaintiff
10                                         Mattel, Inc.

11  DATED: December __, 2004          LITTLER MENDELSON

12

13                                     By _____
                                          Douglas A. Wickham
14                                         Attorneys for Defendant
                                           Carter Bryant
15

16  DATED: December __, 2004          O'MELVENY & MEYERS, LLP

17

18                                     By _____
                                          Diana M. Torres
19                                         Attorneys for Intervenor-Defendant
                                           MGA Entertainment, Inc.

20

21          **IT IS SO ORDERED.**

22

23  DATED: ___1/4/05___               ROBERT N. BLOCK

24                                     THE HONORABLE ROBERT N. BLOCK
                                         United States Magistrate Judge
25

26

27

28                                     EXHIBIT ____16____
                                       PAGE ____169____

072 72/625581.2                        -17-

                                                        PROTECTIVE ORDER

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4      **IT IS SO STIPULATED.**

5

6  DATED: December ___, 2004            QUINN EMANUEL URQUHART

7                                                       OLIVER & HEDGES, LLP

8                                                       By_____

9                                                           Jon Corey
                                                            Attorneys for Plaintiff
10                                                          Mattel, Inc.

11

12 DATED: December 21, 2004            LITTLER MENDELSON

13                                                       By_____

14                                                          Douglas A. Wickham
                                                            Attorneys for Defendant
15                                                          Carter Bryant

16 DATED: December ___, 2004            O'MELVENY & MEYERS, LLP

17

18                                                       By_____
                                                            Diana M. Torres
19                                                          Attorneys for Intervenor-Defendant
                                                            MGA Entertainment, Inc.
20

21      **IT IS SO ORDERED.**

22

23 DATED: _____

24                                                       THE HONORABLE ROBERT N. BLOCK
                                                            United States Magistrate Judge
25

26

27

28

07272/625581.2                                   -17-

                                                                    PROTECTIVE ORDER

                                                       EXHIBIT ___16___
                                                       PAGE ___170___

1 | Stipulation and Protective Order pursuant to a motion brought in accordance with the
2 | rules of the Court.

3

4 | **IT IS SO STIPULATED.**

5

6 | DATED: December __, 2004          QUINN EMANUEL URQUHART
7 |                                   OLIVER & HEDGES, LLP

8

9 |                                   By_____
   |                                   Jon Corey
10 |                                  Attorneys for Plaintiff
   |                                   Mattel, Inc.

11 | DATED: December __, 2004          LITTLER MENDELSON
12

13 |                                  By_____
14 |                                  Douglas A. Wickham
   |                                   Attorneys for Defendant
15 |                                  Carter Bryant

16 | DATED: December __, 2004          O'MELVENY & MEYERS, LLP

17

18 |                                  By_____
   |                                   Diana M. Torres
19 |                                  Attorneys for Intervenor-Defendant
   |                                   MGA Entertainment, Inc.

20

21 | **IT IS SO ORDERED.**

22

23 | DATED: _____

24 |                                  THE HONORABLE ROBERT N. BLOCK
25 |                                  United States Magistrate Judge

26

27

28

07272/625581.2                        -17-

PROTECTIVE ORDER

EXHIBIT 16
PAGE 171

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant*, Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

EXHIBIT _16_
PAGE _172_

07272/625581.2

PROTECTIVE ORDER

# PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA**    )
**COUNTY OF LOS ANGELES**    )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 22, 2004, I served the foregoing document described as

**STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

on all interested parties in this action:

**SEE ATTACHED SERVICE LIST**

[ ]    By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]    **BY MAIL**

[ ]    I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]    **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on December 22, 2004, at Los Angeles, California.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Ivana Maiorano
Print Name

Signature

EXHIBIT ___16___
PAGE ___173___

1 | Robert F. Millman, Esq.
    Douglas A. Wickham, Esq.
2 | Keith A. Jacoby, Esq.
    Littler Mendelson
3 | A Professional Corporation
    2049 Century Park East, 5th Floor
4 | Los Angeles, California 90067-3107
    Phone: 310-553-0308
5 | Fax: 310-553-5583

6 | Diana M. Torres, Esq.
    O'Melveney & Meyers
7 | 400 S. Hope Street
    Los Angeles, CA 90071
8 | Phone: 213-430-6000
    Fax: 213-430-6407
9 |

10 | Daniel J. Warren, Esq.
     Sutherland, Asbill & Brennan
11 | 999 Peachtree Street NE
     Atlanta, GA 30309-3996
12 | Phone: 404-853-8698
     Fax: 404-853-8806

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___ 16
PAGE ___ 174

# EXHIBIT 17

# FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 18

# O

## O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
NEWPORT BEACH

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C.

OUR FILE NUMBER
527,436-8

WRITER'S DIRECT DIAL
(213) 430-6584

WRITER'S E-MAIL ADDRESS
jjenal@omm.com

January 16, 2007

**VIA E-MAIL AND U.S. MAIL**

Honorable Edward Infante (Ret.)
Discovery Master
c/o Sandra Chan
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA 94111

Re:   *Mattel v. Bryant*

Dear Judge Infante:

Pursuant to the Stipulation and Order for Appointment of a Discovery Master, MGA Entertainment, Inc. ("MGA") submits this letter brief for your consideration and resolution. The parties personally met and conferred regarding the issues raised in this brief on Friday, January 12, 2007, but were not able to reach a resolution.

The issue presented here is very straightforward: Can a party's Rule 26 Initial Disclosures – and specifically their list of witnesses contained in those Initial Disclosures – be concealed from the other party by designating them Attorney's Eyes Only under the protective order in this case?

Two years ago, the district court signed the parties' Stipulated Protective Order, a true and correct copy of which is attached hereto as Exhibit A. As with most such protective orders, this Order was directed at the trade secret and otherwise confidential *business* information that two staunch competitors would seek to protect from disclosure. Indeed, in the "Good Cause Statement" at the start of the stipulation, the parties expressly identified the types of materials they sought to protect:

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private

EXHIBIT ___18___
PAGE ___179___

O'MELVENY & MYERS LLP
Honorable Edward Infante (Ret.), January 16, 2007 - Page 2

documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

> (1) Personnel files and other private or confidential employment, contractor or vendor information;

> (2) The specific terms of agreements with, and information received from, third parties that a Party is required to disclose only under conditions of confidentiality;

> (3) Personal or private financial information, and confidential financial data that is not known generally to the trade or to competitors, including financial data relating to specific sales, cost and profit information for specific products and product lines; and

> (4) Business plans and product information that are not known generally to the trade or to competitors, including non-public information relating to product development and design.

(Ex. A at 2-3.) Notably absent from this detailed list is any reference to the identity of witnesses that are required to be disclosed under the Federal Rules of Civil Procedure.

Nevertheless, on January 5, 2007, Mattel, Inc. ("Mattel") served its initial disclosures on MGA – a true and correct copy of which is attached hereto as Exhibit B – with the designation **"Confidential – Attorneys' Eyes Only" Pursuant to Protective Order**. As a result, MGA's counsel is presently barred from advising its client as to the identity of any of the more than one hundred and fifty witnesses listed by Mattel, including the more than sixty affiliated with MGA.

Mattel's concealment is directly counter to the very purpose of such a disclosure – namely, to put the party on notice as to the witnesses that might testify against it, thereby preventing "trials by ambush." The prejudice to MGA is apparent – if Mattel is allowed to continue to conceal the identity of the witnesses it intends to use in this matter, MGA's counsel would have its hands tied – unable to even ask its client about necessary background information to prepare to confront those witnesses and the need and/or reasons for deposing them. The Protective Order was not intended to hide the identities of witnesses Mattel intends to use in this matter, and Mattel should not be allowed to wield it so as to violate MGA's Due Process rights.

Mattel's only suggestions at the meet and confer as to how to deal with this prejudice were to either produce a "redacted" version that omits all of Mattel's employees from the list, or force MGA to agree that none of its business people can contact any of these Mattel employees regarding possible employment for an unspecified period of time (presumably the duration of this litigation).

Neither of these suggestions is viable.

A redacted list excluding the names of Mattel's employee witnesses does nothing to address MGA's prejudice because counsel would still be prevented from conferring with its client regarding these witnesses – a substantial percentage of the total. And Mattel's alternative

EXHIBIT _____ 18
PAGE _____ 180

O'MELVENY & MYERS LLP
Honorable Edward Infante (Ret.), January 16, 2007 - Page 3

suggestion – forbidding MGA from contact with potential employees in order to gain access to
that which Due Process guarantees – is violative of the express public policy in California
prohibiting anything that would interfere with an employee's ability to pursue one's career,
including being solicited by your employer's competitor. *See, e.g., Metro Traffic Control, Inc. v.
Shadow Traffic Network,* 22 Cal. App. 4th 853, 859 ("competitors may solicit another's
employees if they do not use unlawful means or engage in acts of unfair competition").

There is no justification for Mattel's refusal to permit MGA to know the identity of the
witnesses Mattel intends to use in this case. Accordingly, MGA respectfully requests an Order
re-designating Mattel's Initial Disclosures so that MGA's counsel may share the identity of these
potential witnesses with its client.

Respectfully submitted,

James P. Jenal
for O'MELVENY & MYERS LLP

Attachments (as described)

cc:    Discovery Master Service List

LA2:821241.1

EXHIBIT _____ 18
PAGE _____ 181

# EXHIBIT 19

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:   (415) 774-2611
4   Facsimile:   (415) 982-5287

5

6

7                UNITED STATES DISTRICT COURT

               CENTRAL DISTRICT OF CALIFORNIA
8
                   EASTERN DIVISION
9

10

11   CARTER BRYANT, an individual,

12           Plaintiff,

13       v.

14   MATTEL, INC., a Delaware corporation,

15           Defendant.

16

17

18   CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
19   MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
20

| | |
|---|---|
| CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530 | |

Consolidated with
Case No. CV 04-09059
Case No. CV 05-2727

**ORDER GRANTING MGA'S MOTION TO RE-DESIGNATE MATTEL'S INITIAL DISCLOSURES**

21                  I. INTRODUCTION

22       As part of its Initial Disclosures, Mattel, Inc. ("Mattel") produced a list of witnesses and

23 designated the list as "Confidential –Attorneys' Eyes Only" under the terms of a stipulated

24 protective order.  Presently pending for decision is MGA Entertainment, Inc.'s ("MGA") motion

25 for an order compelling Mattel to re-designate its list of witnesses so that MGA's counsel may

26 share the identity of these potential witnesses with its client.  MGA submitted its letter brief on

27

28   Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT    _19_

PAGE     _182_

2-5

1   January16, 2007; Mattel submitted its opposition brief on January 23, 2007; and MGA submitted

2   a reply brief on January 26, 2007.  The matter was heard via telephonic conference on February 5,

3   2007.  Having considered the motion papers and comments of counsel at the hearing, MGA's

4   motion is GRANTED.

5                                   II. BACKGROUND

6          The parties are operating under a stipulated protective order that governs the disclosure

7   and use of confidential information.  The protective order defines "Litigation Materials" as "trade

8   secret, confidential and proprietary information, documents and things that are produced or

9   disclosed in any form during the course of the Action by any Party or any nonparty:  (a) through

10  discovery; (b) in any pleading, document or other writing; or (c) in testimony given at a

11  deposition."  Protective Order at ¶1.  The parties may designate Litigation Materials as

12  "Confidential" or "Confidential – Attorneys' Eyes Only."

13         The protective order provides that the "Confidential" designation "shall be limited to

14  information which the disclosing Party or nonparty believes in good faith contains, constitutes, or

15  reveals confidential design, engineering or development information, confidential commercial

16  information, non-public financial information, confidential or private information about current or

17  former employees, contractors or vendors (including employee, contractor and vendor personnel

18  records), or other information of a confidential, proprietary, private or personal nature."

19  Protective Order at ¶2.  The disclosure of Litigation Materials designated as "Confidential" is

20  limited primarily to the attorneys for the parties and a named party or officers or employees of a

21  named party, to the extent deemed necessary by their respective attorneys for purposes of

22  assisting in litigation.

23         The protective order further provides that the "Confidential – Attorneys' Eyes Only"

24  designation "shall be limited to trade secrets or other confidential commercial information,

25  including without limitation non-public designs and drawings, which the disclosing Party or

26  nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                      2

EXHIBIT _____ 19
PAGE ____ 183

1    another Party to this Action without restriction upon use or further disclosure." Id.  Disclosure of

2    Litigation Materials designated as "Confidential – Attorneys' Eyes Only" is limited primarily to

3    the attorneys for the parties, excluding, however, in-house counsel for the parties or any attorney

4    who is an officer, director, shareholder or employee of any party or its corporate affiliates.  The

5    protective order further provides that the use of Litigation Materials produced or disclosed in the

6    action, whether or not it bears the "Confidential" or "Confidential – Attorneys' Eyes Only"

7    designation, is limited to "purposes of litigation and not for any other purpose, including without

8    limitation for any business or trade purpose." Id. at ¶4.

9          As part of its Initial Disclosures, Mattel produced a list of approximately one hundred fifty

10   (150) witnesses and designated the list as "Confidential –Attorneys' Eyes Only" under the terms

11   of the stipulated protective order.  Current Mattel employees and MGA employees make up the

12   bulk of the list.

13         The parties met and conferred about Mattel's designation of its witness list as

14   "Confidential – Attorneys' Eyes Only."  MGA's counsel expressed his desire to share the witness

15   list with his client and took the position that the designation was improper.  Mattel asserted that

16   its witness list was properly designated as "Confidential – Attorneys' Eyes Only" because it

17   identified a great number of Mattel employees as witnesses, and Mattel viewed its employee list

18   as highly confidential and proprietary such that its disclosure to a competitor would cause

19   substantial commercial harm. Alger Decl. in Support of Mattel's Opposition at ¶2.  Nevertheless,

20   as a compromise, Mattel offered to either (1) produce a redacted witness list without the

21   "Confidential – Attorney' Eyes Only" designation that omitted all of Mattel's employees from the

22   list or (2) allow MGA's counsel to share the witness list with his client on the condition that

23   MGA agree not to contact any of the Mattel employees identified on the witness list for an

24   unspecified period of time.  MGA's counsel rejected the proposal and filed the instant motion

25   instead.

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT _____ 19
PAGE _____ 184

1    MGA seeks an order compelling Mattel to re-designate the entire list of witnesses so that

2    MGA's counsel may share the identity of these potential witnesses with its client.[1]  MGA

3    contends that the "Confidential – Attorneys' Eyes Only" designation is improper, reasoning that

4    the protective order is directed at trade secret and otherwise confidential business information, not

5    the mere identity of witnesses who are required to be identified by the Federal Rules of Civil

6    Procedure.  It contends that the "Confidential – Attorneys' Eyes Only" designation is counter to

7    the very purpose of initial disclosures, namely to put the party on notice of the witnesses that

8    might testify against it and avoid "trials by ambush."  It further contends that Mattel should not be

9    allowed to use the protective order to hide the identities of witnesses and thereby prejudice

10   MGA's ability to prepare to confront witnesses and evaluate the need or reasons for deposing

11   them.  MGA further alleges that Mattel's designation of the witness list violates its due process

12   rights.

13        MGA also contends that Mattel's two proposed alternatives are not viable.  More

14   specifically, MGA asserts that a redacted list excluding the names of Mattel's employees would

15   do nothing to address MGA's asserted prejudice because counsel would still be prevented from

16   conferring with his client regarding these witnesses.  MGA views Mattel's second suggestion as

17   means of "forbidding MGA from contact with potential employee," which MGA contends

18   violates California public policy prohibiting interfering with an employee's ability to pursue one's

19   career.

20        Mattel opposes the motion, asserting that it properly designated its witness list

21   "Confidential – Attorneys' Eyes Only."  Mattel views its employee list as highly confidential and

22   proprietary because its disclosure to a competitor, particularly MGA, would assertedly cause

---

[1] Mattel's witness list can be broken down roughly into three broad categories:  individuals currently
employed by Mattel; individuals employed at MGA; and individuals who have no apparent employment relationship
with either Mattel or MGA.  This motion concerns access to the first category of witnesses.

Bryant v. Mattel, Inc.,
CV-04-09049 SOL (RNBx)                                                                            4

EXHIBIT _____ 19
PAGE _____ 185

1    substantial commercial harm.[2]  Mattel contends that the potential for commercial harm exists in

2    light of MGA's alleged history of hiring Mattel employees for the allegedly unlawful purpose of

3    stealing Mattel's trade secret and confidential business information.  Mattel suspects that MGA is

4    challenging the "Confidential -- Attorneys' Eyes Only" designation for the very purpose of using

5    the witness to to hire away more Mattel employees.  Mattel also contends that using its witness

6    list to contact potential employees is prohibited under the protective order regardless of whether

7    the witness list is designated as "Confidential – Attorneys' Eyes Only" or not.  Accordingly,

8    Mattel requests that MGA's motion be denied in its entirety.  Alternatively, Mattel requests that

9    any re-designation of its witness list be conditioned upon a court order prohibiting MGA from (1)

10   contacting the listed Mattel employees or vendors for the duration of this litigation and (2) using

11   the list for any other non-litigation purpose.

12                                        III. DISCUSSION

13           The protective order is broad enough to permit designation of a witness list as

14   "Confidential – Attorneys' Eyes Only" if the witness list constitutes "confidential commercial

15   information . . . which the disclosing Party or nonparty in good faith believes will result in

16   competitive disadvantage or harm if disclosed to another Party to this Action."  Protective Order

17   at ¶2.  Furthermore, as Mattel points out, courts have upheld restrictions against disclosure of

18   employee lists that constitute confidential business information.  See, e.g., In re Adobe Systems,

19   Inc. Securities Litigation, 141 F.R.D. 155, 163 (N.D. Cal. 1992) (upholding confidentiality

20   designation of employee name).

21           Mattel has failed, however, to establish the requisite good cause under Rule 26(c),

22   Fed.R.Civ.P., to justify designating its entire witness list as "Confidential – Attorneys' Eyes

23

24   _____

25       [2]  Mattel asserts that MGA similarly used the "Confidential – Attorneys' Eyes Only" designation when it
     disclosed its list of employees as part of its interrogatory responses.  MGA, however, represents that its interrogatory
     responses were "inadvertently designated" as such, and should have been designated "Confidential."  MGA's Reply
26   at p.3.  MGA also clarifies that when it produced its witness list on its initial disclosures it did so without the
     "Confidential – Attorneys' Eyes Only" designation.  Id.

27

28
     Bryant v. Mattel, Inc.,                                                              5
     CV-04-09049 SGL (RNBx)

EXHIBIT ____ 19
PAGE ____ 186

1   Only." Mattel represents in its opposition brief that many of the employees identified on its

2   witness list work in areas that are directly competitive with MGA in the market. Mattel's

3   Opposition at 4:3-4. Mattel further asserts in its opposition brief that "[i]t cannot reasonably be

4   disputed that disclosure of a detailed roadmap of these Mattel employees to MGA's business

5   people would cause competitive damage to Mattel in the marketplace, particularly given MGA's

6   explicit statements that MGA views the listed current *Mattel* employees as *MGA's* 'potential

7   employees' and intends to 'contact' them for the non-litigation purpose of soliciting them for

8   employment." Id. at 4:4-9. Mattel argues that MGA's rejection of its two proposals for resolving

9   this motion confirms MGA's intent to solicit Mattel employees.

10          The assertions in Mattel's brief, however, are not supported by any declarations or

11   evidence. Mattel has not submitted a single declaration attesting to any company policy to treat

12   employee identities as confidential business information. Nor has Mattel attempted to show that

13   its witness list qualifies as a trade secret. Instead, Mattel cites to a few cases for the general

14   proposition that a compilation of information could rise to the level of a trade secret. See Mattel's

15   Opposition at 6, citing Static Control Components, Inc. v. Darkprint Imaging, Inc., 200 F.Supp.2d

16   541, 545 (M.D. N.C. 2002) (denying summary judgment motion of defendant accused of

17   misappropriating alleged trade secret vendor list); Vermont Microsystems, Inc. v. Autodesk, Inc.,

18   88 F.3d 142, 147 (2nd Cir. 1996) ("a trade secret can exist in combination of characteristics and

19   components each of which by itself, is in the public domain"). In the complete absence of any

20   evidentiary showing, the Discovery Master does not accept Mattel's bare assertion that its witness

21   list constitutes confidential business information or trade secret information.

22          Moreover, Mattel's factual assertions are inaccurate in at least two key respects. First,

23   Mattel's argument is premised upon an assertion that Mattel's witness list contains a "detailed

24   roadmap" to Mattel's employees, and provides a "menu of critical Mattel employees (and

25   vendors)" that MGA could contact and solicit. Mattel's Opposition at 4:4-5 and 5:13-14). As

26   MGA aptly points out, however, Mattel's witness list contains no details whatsoever as to job

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                          6

EXHIBIT _____ 19
PAGE _____ 187

1   titles, job functions, department affiliations or anything else that would assist a recruiter in

2   evaluating a witness's potential employability at MGA.  Rather, Mattel simply provides the name

3   of each Mattel employee, their office address, and a vague and brief description of the subject

4   matter of their anticipated testimony, such as "development and ownership of intellectual property

5   at issue."  Mattel's Initial Disclosures attached to MGA's Letter Brief as Ex. B, at 4:24-25.  As

6   indicated previously, there has been no showing that this minimal amount of witness information

7   constitutes confidential business information.

8          Mattel's second assertion that MGA intends to use Mattel's witness list to recruit

9   employees is also inaccurate.  During the meet and confer process, MGA's counsel represented

10   that "MGA's business people have the right under California law to contact Mattel employees in

11   an effort to recruit them and that Mattel's decision to list those employees' names on its initial

12   disclosures and to designate them as 'Attorney's Eyes Only,' does not alter that right."  Decl. of

13   Jennifer Glad in Support of MGA's Reply.  Mattel's competing declaration does not contradict

14   MGA's representation.  According to Mattel's counsel, MGA's counsel stated that "MGA had the

15   unrestricted 'right to contact and solicit' Mattel employees that were identified by Mattel as

16   witnesses in this litigation."  Decl. of Timothy L. Alger in Support of Mattel's Opposition.

17          Furthermore, MGA's stated position is supported by California law.  California has an

18   express public policy to ensure that every citizen retains the right to pursue their employment of

19   choice.  See California Business and Professions Code §16600.  Consistent with this stated policy,

20   California courts have invalidated employment contracts which prohibit an employee from

21   working for a competitor when the employment has terminated, unless necessary to protect the

22   employer's trade secrets.  See e.g. Muggil v. Reuben H. Donnelley Corp., 62 Cal.2d 239, 242

23   (1965).  "The corollary to this proposition is that competitors may solicit another's employees if

24   they do not use unlawful means or engage in acts of unfair competition."  Metro Traffic Control,

25   Inc. v. Shadow Traffic Network, 22 Cal.App.4th 853, 859 (1994).  It follows that a prohibition

26   against MGA contacting Mattel's witnesses under any circumstances, such as the one Mattel

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT _____ 19
PAGE _____ 188

1  seeks, would be contrary to California's public policy.  Furthermore, the prohibition is

2  unnecessary because the protective order contains a prohibition against using any Litigation

3  Materials produced or disclosed in the action, whether or not they bear the "Confidential" or

4  "Confidential – Attorneys' Eyes Only" designation, for non-litigation purposes.  Thus, MGA is

5  already prohibited by the protective order from using the list of Mattel witnesses as a recruiting

6  tool or for any purpose other than this litigation.

7  IV. CONCLUSION

8       For the reasons set forth above, the Discovery Master GRANTS MGA's motion to re-

9  designate Mattel's witness list.  The "Confidential – Attorneys' Eyes Only" designation for

10  Mattel's witness list is hereby ordered stricken.  Accordingly, MGA's counsel may now disclose

11  Mattel's witness list to its client.

12       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

13  Master, MGA shall file this Order with the Clerk of Court forthwith.

14

15  IT IS SO ORDERED.

16

17  Dated: February 5, 2007

18                                                          HON. EDWARD A. INFANTE (Ret.)

19                                                          Discovery Master

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT _____ 19
PAGE _____ 689

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on February 5, 2007, I served the attached ORDER GRANTING MGA'S MOTION TO RE-DESIGNATE MATTEL'S INITIAL DISCLOSURES in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Restagar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

EXHIBIT _____ 19
PAGE _____ 190