THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000 / Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>1) MGA'S RESPONSE TO MATTEL, INC.'S *EX PARTE* APPLICATION TO DEDESIGNATE COMPENDIUM OF THIRD PARTY DECLARATIONS<br><br>2) DECLARATION OF CRAIG HOLDEN (Filed under separate cover)<br><br>3) DECLARATION OF ROBERT J. HERRINGTON (Filed under separate cover) |

**PRELIMINARY STATEMENT**

Mattel's latest *ex parte* application is a transparent ruse to delay emergency relief desperately needed by MGA. Missing from Mattel's *ex parte* is any mention of the fact that they agreed to a briefing schedule on MGA's *ex parte* application to stay enforcement of the December 3 Orders fully a day *after* they had had an opportunity to review MGA's moving papers *and* the Declarations at issue now in Mattel's *ex parte* application. While negotiating the briefing schedule, Mattel made no mention of any problem with the designations, nor any supposed need to have the Declarations re-designated so that they could prepare a meaningful response. Nor did Mattel explain why it could not prepare a meaningful response without the re-designation of these materials as, if Mattel's arguments are to be credited, the information contained in the third-party declarations was hardly a secret to Mattel such that Mattel easily could have assisted its counsel in providing whatever information was required to supposedly rebut MGA's showing of hardship.

Procedurally, Mattel filed its application without conducting a meaningful meet and confer with MGA, and Mattel never provided the notice required by Local Rule 7-19.1 (and in fact, led MGA to believe that Mattel would <u>not</u> be filing such an application). In any event, the relief requested by Mattel is effectively moot because most of the third-declarants already have agreed to redesignate their declarations as "Confidential" and the parties have entered into a stipulation to effectuate this redesignation.

**FACTUAL BACKGROUND**

On December 11, 2008, the MGA Parties filed an *ex parte* application requesting that the Court's December 3 Orders be stayed pending appeal. The application demonstrates that, because of the business decisions currently being made by retailers and licensees, MGA requires an immediate stay of the Court's December 3 Orders pending appeal. Without that stay, the MGA Parties (as well as

several third parties) face the prospect of irreversible and catastrophic harm that cannot be remedied, even if MGA ultimately prevailed on appeal. MGA's application is supported by, among other things, a compendium of declarations from third-party retailers and licensees who had requested that the declarations be filed under seal with the "Attorney's Eyes Only" designation. (Declaration of Craig Holden ("Holden Decl.").)

On December 12, a full day <u>after</u> Mattel's counsel had received and reviewed MGA's application and a full day <u>after</u> Mattel was aware that the compendium of third-party declarations had been filed under seal, the parties entered into a stipulated briefing schedule, with Mattel's opposition due on December 18 and MGA's reply due on December 22. (Declaration of Robert J. Herrington ¶ 2 ("Herrington Decl.").) During the negotiation of the stipulation, counsel for Mattel never once indicated that the filing of the declarations under seal presented any issue whatsoever, nor that it prevented Mattel from preparing a meaningful opposition. (<u>Id.</u>)

Three days later, on December 15, *i.e.*, four days after Mattel first received MGA's motion, Mattel's counsel sent a letter requesting that MGA agree to redesignate the compendium of third party declarations as "Confidential," rather than "Attorneys' Eyes Only." (Herrington Decl., Ex. A.) Mattel's counsel claimed that, even though they had not mentioned any such request while the parties were negotiating the briefing schedule, they now wanted to share the third-party declarations with unidentified people at Mattel. The letter mentioned that Mattel was contemplating *ex parte* relief if the issues could not be worked out, but did not give notice of when (or if) such an application would be filed. (<u>Id.</u>)

Immediately after receiving the letter, MGA's counsel met and conferred with Mattel's counsel. MGA's counsel indicated that MGA was willing to discuss the redesignation of the compendium as "Confidential," but that the third parties had requested that the declarations be filed under the "Attorneys' Eyes Only" designation

and therefore needed to be consulted. (Herrington Decl. ¶ 4.) Mattel's counsel indicated that he would contact the third parties, and the discussion ended with no mention of an *ex parte* being filed.

Thereafter, MGA began contacting the third parties to determine their views regarding Mattel's request to redesignate the declarations, and as of the filing of this brief, MGA has obtained consent from 10 of the 13 declarants to have their declarations redesignated as "Confidential." (Holden Decl. ¶¶ 2-3.) MGA is working to determine the views of the other three declarants. (Id.)

On December 17, 2008, without any further efforts to meet and confer with MGA, and without giving notice that it would be filing an such application, Mattel filed the present *ex parte* application to dedesignate the compendium of exhibits. After receiving the application, MGA's counsel contacted Mattel's counsel to inquire why the application had been filed. (Herrington Decl. ¶ 5.) MGA's counsel informed Mattel that several third parties already had authorized the redesignation of their declarations from "Attorneys' Eyes Only" to "Confidential," and that MGA believed it would hear from the remaining declarants shortly. (Id.)

As should have been done by Mattel *before* it filed an *ex parte*, the parties have now worked out a stipulation to resolve the issue and moot the instant application. The stipulation provides that most of the third-parties have agreed to re-designate their Declarations as "Confidential," and that MGA will continue to work to resolve the issue as to the remaining declarants by Monday morning. (Herrington Decl. ¶ 6, Ex. D.) While the parties were documenting this stipulation, they received the Court's Order vacating the current briefing schedule and ordering MGA to file its Opposition on December 18.

## ARGUMENT

The Court should deny Mattel's *ex parte* application for <u>four</u> reasons.

**First**, Mattel does not actually need the re-designation of the third-party declarations to prepare a response, as evidenced by its failure even to mention this issue until <u>four days after it received MGA's stay motion and *after* Mattel had already negotiated a briefing schedule on the stay motion that made no mention of any need for re-designation to prepare its opposition</u>.

**Second**, Mattel failed to conduct a meaningful meet and confer. MGA expressed a willingness to work with Mattel, and took it upon itself to obtain consent from the third parties regarding the redesignation. But rather than work with MGA on these issues, Mattel filed yet another unnecessary *ex parte* application. Mattel's failure to meet and confer in and of itself warrants denial. *See Superbalife, Int'l v. Powerpay*, No. CV 08-5099, 2008 WL 4559752, at **1-2 (C.D. Cal. Oct. 7, 2008) (denying motion where moving party failed to meet and confer as required by Local Rule 7-3); *Clark v. Time Warner Cable*, No. CV 07 1797 VBF (RCX), 2007 WL 1334965, at *2 (C.D. Cal. May 3, 2007) (ordering parties to conduct a proper meet and confer).

**Third**, the application should be denied because Mattel failed to provide proper notice that it would be filing an *ex parte* application. Local Rule 7-19.1 required Mattel to "make a good faith effort to advise counsel for all other parties, if known, of the date, time and substance of the proposed ex parte application...." Mattel never provided notice of date or time when it would present the *ex parte* application, and the Court's Standing Order provides that the Court will not consider an application that fails to comply with Rule 7-19.1. *See* Standing Order at ¶ 6.

**Fourth**, Mattel's application is effectively moot. Again, MGA has obtained the consent from most of the third parties to redesignate their declarations as "Confidential," which is the relief Mattel was seeking. MGA is working to obtain

consent from the other third parties, and expects to have that consent shortly. And, most importantly, MGA has reached a stipulation largely resolving the designation issue and mooting this application. Mattel's *ex parte* application was entirely unnecessary and serves only to delay a desperately needed decision on MGA's motion for a stay.

## CONCLUSION

For the reasons set forth above, Mattel's *ex parte* Application should be denied in its entirety.

DATED: December 18, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Thomas J. Nolan
Thomas J. Nolan
Attorneys for MGA Parties