```
THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
LAUREN E. AGUIAR (Admitted Pro Hac Vice)
(laguiar@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600
```

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>DECLARATION OF ROBERT J. HERRINGTON IN RESPONSE TO MATTEL'S *EX PARTE* APPLICATION TO DEDESIGNATE COMPENDIUM OF THIRD PARTY DECLARATIONS |

---

Declaration of Robert J. Herrington in Response to Mattel's *Ex Parte* Application to Dedesignate Compendium of Third Party Declarations
Case No. CV 04-9049 SGL (RNBx)

I, Robert J. Herrington, hereby declare as follows:

1.  I am an attorney licensed to practice law in the State of California and am a associate at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for MGA Entertainment, Inc., Isaac Larian, and MGA Entertainment (HK) Limited (collectively, the "MGA Parties") in the above-captioned matter. I submit this Declaration in Response to Mattel's Ex Parte Application to Dedesignate the Compendium of Third-Party Declarations. Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2.  The MGA Parties filed their Ex Parte Application for a Stay Pending Appeal on December 11, 2008. One day later, on December 12, the parties entered into a stipulated briefing schedule, with Mattel's opposition due on December 18 and MGA's reply due on December 22. I understand from my colleague, Jason Russell, that during the negotiation of the stipulation, counsel for Mattel never once indicated that the filing of the declarations under seal presented an issue.

3.  Three days later, on December 15, Mattel's counsel sent a letter requesting that MGA agree to redesignate the compendium of third party declarations as "Confidential," rather than "Attorneys' Eyes Only." A copy of that letter is attached as **Exhibit A**.

4.  Immediately after receiving the letter, I contacted with Jon Corey. I indicated that MGA was willing to discuss the redesignation of the compendium as "Confidential," but that the third parties had requested that the declarations be filed under the "Attorneys' Eyes Only" designation and therefore needed to be consulted. Mr. Corey indicated that he would contact the third parties, and the discussion ended with no mention of an *ex parte* being filed. Mr. Corey sent a letter dated December 16 regarding our conversation and that letter does not say anything about Mattel filing an *ex parte* application. A copy of Mr. Corey's letter is attached as **Exhibit B**. A copy of my response is attached as **Exhibit C**.

5.  On December 17, 2008, without any further efforts to meet and confer with us, and without giving notice that it would be filing an such application, Mattel filed an *ex parte*

1

Declaration of Robert J. Herrington in Response to Mattel's *Ex Parte* Application to Dedesignate Compendium of Third Party Declarations
Case No. CV 04-9049 SGL (RNBx)

application to dedesignate the compendium of exhibits. After receiving the application, I contacted Mattel's counsel to inquire why the application had been filed. I informed Mattel that several third parties already had authorized the redesignation of their declarations from "Attorneys' Eyes Only" to "Confidential," and that MGA believed it would hear from the remaining declarants shortly.

6. The parties have worked out a stipulation to resolve the issue and moot Mattel's application. A copy of this stipulation is attached as **Exhibit D**.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on December 18, 2008, at Los Angeles, California.

_____
Robert J. Herrington

2

Declaration of Robert J. Herrington in Response to Mattel's *Ex Parte* Application to Dedesignate Compendium of Third Party Declarations
Case No. CV 04-9049 SGL (RNBx)

# EXHIBIT A

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 15, 2008

<u>VIA E-MAIL AND FACSIMILE</u>

Thomas Nolan, Esq.
Jason Russell, Esq.
Skadden Arps Slate Meagher & Flom LLP
300 South Grand Ave, Suite 3400
Los Angeles, California 90071

Re:   <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Counsel:

I write pursuant to paragraph 10 of the Stipulated Protective Order to request that MGA de-designate the declarations in the "Compendium of Third-Party Declarations" that MGA filed in support of its Ex Parte Application and Motion to Stay Pending Appeal from "Confidential-Attorneys Eyes Only." If MGA does not agree to de-designate those declarations, then Mattel will apply to the to the Court for an order de-designating those declarations on an ex parte basis. (Mattel, however, does not seek the de-designation of the licensee list attached to Declaration No. 10.)

The Compendium of Third-Party Declarations contains thirteen declarations by third parties that have some relationship with MGA. MGA relies on them to suggest that absent a stay of the already-stayed injunction order, then the third parties expect MGA to comply, and implicitly that they will comply with the injunction order by not selling or promoting Bratz products, which will irreparably harm MGA. Whether that is true, the Court will decide. But, based on the manner in which the declarations were filed, MGA has improperly relied on the protective order designations to conceal from our client, including Mattel's in-house counsel, (a) the identity of the declarant, (b) the identity of the employer of the declarant, and (c) the substantive information in the declaration. None of that information, however, is the type of information that may be designated "Confidential-Attorneys Eyes Only" under the Protective Order. The

Exhibit A,
P. 3

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

Protective Order limits information that may be designated "Confidential-Attorneys Eyes Only" to "trade secret or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing party or nonparty believes will result in competitive disadvantage or harm if disclosed to another party to this action without restriction upon use or further disclosure." Protective Order ¶ 2.

The identity of the declarants and the declarants' respective employers are not trade secrets that another party may use to obtain a competitive advantage if disclosed. Not one of the employers identified is a secret supplier, vendor, retailer or affiliate of MGA. Rather, it is well known that each of these entities has a relationship with MGA in some way, and the discussion in each of these declarations purports to relates to their continued ability to publicly promote Bratz products. In short, the identity of the employer, and the identity of the declarant, are not confidential, but public.

Each declarant provides a commentary on what he or she speculates his or her employer may do in the future with respect to the Bratz products at issue if the injunction order is not stayed pending appeal. In short, each declaration states that it expects MGA to abide by the Court's order. That consequence is not a trade secret or confidential information that another party could use to gain a competitive advantage. Far from being confidential, it is no more than common sense that when and if the injunction order becomes effective, MGA cannot sell infringing Bratz products.

Nor has MGA taken any steps to keep that consequence a secret. Rather, MGA and its representatives have stated to the courts and to the press that an injunction will prevent MGA from selling infringing Bratz products. *E.g.*, Decl. of Isaac Larian, dated August 7, 2008, ¶ 6 ("Mattel intends to seek an injunction barring MGA from producing or selling Bratz products. Such an injunction would cause catastrophic and irreversible harm to MGA. Not only would an injunction deprive MGA of the majority of its revenues (as Bratz-related products are the highest selling products by far), it would irreparably damage client and consumer relationships that MGA has spent decades building."). Identifying those who anticipate respecting the Court's orders is neither a trade secret nor confidential information.

Please confirm no later than the end of today that MGA will de-designate or re-designate the declarations in the Compendium of Third-Party Declarations, except the licensee list. Otherwise, please let us know whether MGA will oppose our ex parte.

I look forward to hearing from you.

Best regards,

*[signature]*

Jon D. Corey

# EXHIBIT B

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

December 16, 2008

<u>VIA FACSIMILE AND U.S. MAIL</u>

Robert J. Herrington, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144

Re:   <u>Mattel v. Bryant et al.</u>

Dear Rob:

I wrote to confirm our conversation yesterday regarding Mattel's request that MGA de-designate the Compendium of Third-Party Declarations submitted in support of MGA's Ex Parte Application and Motion for Stay Pending Appeal. You informed me that MGA believes that the third-party declarations are properly designated as "Confidential-Attorney's Eyes Only," including the identity of the declarant and the declarant's employer, but were willing to discuss designating them as "Confidential." You also informed me that the third-party declarants had each independently reached the conclusion that the declarations should be designated as "Confidential-Attorney's Eyes Only" under the Protective Order in their entirety, and concluded that we could not reach a resolution of the designation issue without their involvement. I asked whether you were aware whether they were represented by counsel, and understood from you that you were not aware of any such representation by outside counsel in this regard, but that in-house counsel for the declarants' respective employers may have been aware of the declarations. If you have any questions regarding the foregoing, please do not hesitate to call.



Exhibit B ,
P. 5

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

If you have any questions regarding the forgoing, please do not hesitate to call.

Best regards,

*[signature]*
Jon Corey

07209/2365124.1

EXHIBIT C

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5368
DIRECT FAX
(213) 621-5368
EMAIL ADDRESS
RHERRING@SKADDEN.COM

FIRM/AFFILIATE OFFICES
-----
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 17, 2008

## VIA FACSIMILE & U.S. MAIL

Mr. Jon D. Corey
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE: *Mattel v. Bryant*

Jon:

I just received your letter dated December 16, 2008 purporting to summarize our discussions on December 15. The letter indicates it was faxed to us, but I did not receive any such fax.

I write to clarify two issues. First, I do not believe we discussed concerns about designating the identity of the declarants as AEO, so your statements in that regard are incorrect. I would be happy to discuss that specific issue should you wish to do so.

Second, your letter misstates what I said regarding the third-party declarations. I stated that, it was my understanding that the third-party declarants had requested that their declarations be filed under seal as AEO. I did not state anything beyond that; the statements in your letter to the contrary are incorrect. Regardless, we remain willing to discuss these issues with you and the third parties, as I stated during our call.

Finally, we have not received notice that you intend to present an ex parte application or when such an application might be filed. Please direct such notice to my attention if for some reason Mattel decides to simply file a motion.

Sincerely,

Robert J. Herrington

537027-Los Angeles Server 1A - MSW

**Exhibit C,**
**P. 7**

EXHIBIT D

1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  JASON D. RUSSELL (Bar No. 169219)
   (jrussell@skadden.com)
3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
4  Los Angeles, CA 90071
   Tel.: (213) 687-5000/Fax: (213) 687-5600
5  Attorneys for MGA Parties

6
   JOHN B. QUINN (Bar No. 090378)
7  (johnquinn@quinnemanuel.com)
   MICHAEL T. ZELLER (Bar No. 196417)
8  (michaelzeller@quinnemanuel.com)
   JON D. COREY (Bar No. 185066)
9  (joncorey@quinnemanuel.com)
   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
10 865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
11 Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
12 Attorneys for Mattel, Inc.

13

14                    UNITED STATES DISTRICT COURT

15                   CENTRAL DISTRICT OF CALIFORNIA

16                          EASTERN DIVISION

17

| | |
|---|---|
| 18  CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |
| 19             Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 20             vs. | Hon. Stephen G. Larson |
| 21  MATTEL, INC., a Delaware corporation, | |
| 22             Defendant. | STIPULATION REGARDING MATTEL'S EX PARTE APPLICATION TO DEDESIGNATE COMPENDIUM OF THIRD PARTY DECLARATIONS |
| 23 | |
| 24  AND CONSOLIDATED CASES | |

---

STIPULATION REGARDING BRIEFING ON MATTEL'S EX PARTE APPLICATION TO DEDESIGNATE
Case No. CV 04-9049 SGL (RNBx)

Exhibit  D ,
P.  8

## STIPULATION

WHEREAS, on December 17, 2008, Mattel, Inc. ("Mattel") filed an *Ex Parte* Application to Dedesignate the Compendium of Third Party Declarations ("Mattel's *Ex Parte* Application"), which Compendium of Third Party Declarations had been submitted in connection with the *Ex Parte* Application and Motion to Stay Pending Appeal (the "MGA Stay Application") filed by MGA Entertainment, Inc., MGA Entertainment (HK) Ltd and Isaac Larian (collectively, the "MGA Parties");

WHEREAS, by Minute Order re Briefing Schedules, issued on December 18, 2008, the Court ordered that the MGA Parties file an opposition to Mattel's *Ex Parte* Application on December 18, 2008 and provide a courtesy copy of the opposition to the Court's chambers by noon on December 19, 2008;

WHEREAS, counsel for MGA Parties has represented to Mattel today, December 18, 2008, that ten of the thirteen declarants are willing to have their declarations re-designated from "Confidential -- Attorney's Eyes Only" to "Confidential";

WHEREAS, counsel for the MGA Parties has further represented to Mattel that the MGA Parties are attempting to contact the remaining three declarants to determine whether they are willing to re-designate their declarations to "Confidential";

WHEREAS, to accommodate MGA's request, the parties have agreed to this stipulation to potentially allow the resolution of the issues raised by Mattel's *Ex Parte* Application without further Court involvement;

NOW, THEREFORE, Mattel, on the one hand, and the MGA Parties, on the other hand, by and through their counsel of record and subject to Court approval, hereby stipulate as follows:

(1) The third-party declarations behind tabs 1, 3, 4, 5, 6, 7, 9, 10, 12, and 13 of the Compendium of Third Party Declarations filed in connection with the

1  MGA Stay Application are hereby re-designated as "Confidential" pursuant to the
2  Stipulated Protective Order; and
3          (2)   On or before December 22, 2008, the MGA Parties shall either (a)
4  advise Mattel that all three of the remaining declarations submitted in connection with
5  MGA Stay Application are re-designated as "Confidential" pursuant to the Stipulated
6  Protective Order; or (b) file a response to Mattel's *Ex Parte* Application with respect to
7  any of the three remaining declarations that are still as of that time designated
8  "Confidential -- Attorney's Eyes Only," with a courtesy copy to be delivered to the
9  Court's chambers.
10          IT IS SO STIPULATED.

12  DATED: December 18, 2008    SKADDEN ARPS SLATE MEAGHER &
                                FLOM LLP

15                              By _____
                                   Robert J. Herrington
16                                 Attorneys for the MGA Parties

17  DATED: December 18, 2008    QUINN EMANUEL URQUHART OLIVER &
18                              HEDGES, LLP

20                              By __Jon Corey by RH w/authorization__
                                   Jon D. Corey
21                                 Attorneys for Mattel, Inc.

-2-
STIPULATION REGARDING BRIEFING ON MATTEL'S EX PARTE APPLICATION TO DEDESIGNATE
Case No. CV 04-9049 SGL (RNBx)

Exhibit  D  ,
P.  10