QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>  Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S REPLY IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR DE-DESIGNATION OF THE COMPENDIUM OF THIRD-PARTY DECLARATIONS IN SUPPORT OF THE MGA PARTIES' *EX PARTE* APPLICATION AND MOTION TO STAY PENDING APPEAL |

MGA contends that the Court should deny Mattel's *ex parte* application for four reasons. Each of these reasons is entirely without merit.

First, MGA argues that "Mattel does not actually need the re-designation of the third-party declarations to prepare a response." (Opp. at 4). This is not correct. As set forth in its application, Mattel is prejudiced by the "Attorney's Eyes Only" ("AEO") designation. Because of the Protective Order's limitations on AEO material, Mattel's outside counsel is unable to share the contents of the third-party declarations with Mattel and its in-house counsel, and is unable to rely on Mattel's expertise in the toy industry to prepare a response to them. MGA fails to address this prejudice. Nor does MGA respond to the fact that it took the same position of client prejudice when it successfully obtained the de-designation of Mattel's Rule 26 initial disclosures.[1]

Second, MGA suggests that "Mattel failed to conduct a meaningful meet and confer." (Opp. at 4). This claim is likewise without merit. As shown by the correspondence which MGA itself submitted in support of its opposition, Mattel properly attempted to resolve this issue before seeking *ex parte* relief.[2] Specifically, on December 15, 2008, Mattel's counsel sent a letter to counsel for MGA, clearly identifying Mattel's concerns regarding the improper designation of the third-party

---

[1] See MGA's Letter Brief Motion to De-Designate Mattel's Initial Disclosures As Attorney's Eyes Only, dated January 16, 2007 ("The prejudice to MGA is apparent -- if Mattel is allowed to continue to conceal the identity of the witnesses it intends to use in this matter, MGA's counsel would have its hands tied -- unable to even ask its client about necessary background information to prepare to confront those witness . . . ."), attached as Exhibit 18 to the Declaration of Jon D. Corey in support of Mattel's *Ex Parte* Application to De-Designate the Compendium of Third-Party Declarations, dated December 17, 2008 ("Corey Dec.").

[2] See Declaration of Robert J. Herrington in Response to Mattel's *Ex Parte* Application to Dedesignate Compendium of Third Party Declarations, dated December 18, 2008, Exhibits A and B.

declarations and requesting that MGA de-designate them.[3]  Mattel's counsel then met and conferred with MGA's counsel and again discussed Mattel's concerns.[4] During that meet and confer, MGA's counsel stated that MGA believed that the third-party declarations were properly designated as "Attorney's Eyes Only"; that the third-party declarants purportedly had each independently concluded that the declarations should be designated "Confidential -- Attorney's Eye's Only" under the Protective Order in their entirety; and that no resolution could be reached without the involvement of the declarants.[5]  Mattel then sent letters to counsel for the third-party declarants to request the de-designation of the declarations and advising them that Mattel would seek Court relief absent a resolution.[6]  Not a single declarant -- many of whom are clearly allied with MGA or its executives -- responded to Mattel's letters to them.[7]

Third, MGA claims that Mattel "failed to provide proper notice that it would be filing an *ex parte* application."  This claim is mistaken.  In addition to informing MGA's counsel of Mattel's intent to seek *ex parte* relief during the December 15 meet and confer, Mattel's counsel notified MGA -- in writing -- that if the declarations were not de-designated, Mattel would "apply to the to the Court for an order de-designating those declarations on an ex parte basis."[8]  Mattel likewise

---

[3] See Letter from Jon D. Corey to Thomas Nolan and Jason Russell, dated December 15, 2008, Corey Dec. Exh. 1.
[4] See Letter from Jon D. Corey to Robert J. Herrington, dated December 16, 2008, Corey Dec., Exh. 2.
[5] See Corey Dec., ¶ 3.
[6] See Corey Dec., ¶ 4.
[7] See Corey Dec., ¶ 11.
[8] Letter from Jon D. Corey to Thomas Nolan and Jason Russell, dated December 15, 2008, Corey Dec. Exh. 1.  MGA's claim that Mattel improperly delayed filing its ex parte application to prejudice MGA is simply false.  MGA served its application on late Thursday, December 11, 2008.  Mattel realized the conundrum in preparing its response on Friday afternoon, December 12, 2008.  Mattel provided a meet and confer letter on the morning of December 15, 2008, and would have filed its application that day, but for
(footnote continued)

informed counsel for the third-party declarants of its intent to apply to the Court *ex parte*, and indeed explicitly did so in writing.[9]

Fourth, MGA contends that "Mattel's application is effectively moot," because "MGA has obtained the consent from ***most*** of the third parties to redesignate their declarations as 'Confidential.'" (Opp. at 4) (emphasis added). This argument fails. As MGA concedes, three of the declarations remain improperly designated as "Attorney's Eyes Only." While MGA claims to be "working to obtain consent from the other third parties" (Opp. at 4-5), the fact remains that they are still designated as AEO, and there is no assurance that these three declarations will be de-designated voluntarily. Mattel continues to be prejudiced by the improper designation as to these declarations for the same reasons it has previously explained, including most notably that the AEO designation precludes Mattel's counsel from obtaining client guidance and expertise and therefore hinders Mattel's ability to respond to the extraordinary relief that MGA seeks on an expedited basis.

MGA's attempts to cast aspersions on Mattel's counsel are not well-taken. This application by Mattel is not a "ruse," as MGA suggests. MGA has taken an indefensible -- and, indeed, undefended -- effort to prevent counsel from providing to Mattel substantive declarations, or even the identities of the declarants. Most tellingly, MGA's opposition makes no effort to justify the improper AEO designations. Nowhere in its opposition does MGA show that the identity of the third-party declarants, the identity of the declarants' employers, or the content of the declarations constitute trade secrets or other confidential commercial information, which would result in a competitive disadvantage to MGA if disclosed to Mattel. Nor does MGA deny that it used this designation to conceal the declarants' identity

---

MGA's representation that each of the declarations had independently designated the documents as Attorney's Eyes Only, which forced additional delay in providing them notice of the relief that Mattel sought and to await a reasonable time for them to respond.

[9] See Corey Dec., ¶ 4.

from Mattel. MGA thus effectively admits that the AEO designation is unwarranted. As such, the Court should order the remaining declarations de-designated.

DATED: December 19, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                  By /s/ Jon D. Corey
                                     Jon D. Corey
                                     Attorneys for Mattel, Inc.

07209/2738865.2

-4-
MATTEL'S REPLY ISO EX PARTE APPLICATION FOR DE-DESIGNATION