THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>[PROPOSED] ORDER GRANTING MGA PARTIES' RENEWED MOTION FOR PARTIAL JUDGMENT AS A MATTER OF LAW<br><br>Hearing Date:  February 11, 2009<br>Time:  10:00 AM |

Defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited ("MGA HK"), and Isaac Larian (collectively, the "MGA Parties"), Renewed Motion for Partial Judgment as a Matter of Law (the "Motion"), came on regularly for hearing on February 11, 2009, the Honorable Stephen G. Larson presiding. After consideration of the Motion, all papers filed in support thereof and in opposition thereto, as well as the argument of counsel and the other pleadings and papers on file in this action, and good cause appearing, IT IS HEREBY ORDERED that:

1. Mattel's claims for aiding and abetting breach of fiduciary duty and breach of duty of loyalty are preempted under the Copyright Act to the extent they are based on Mattel's rights to Bratz;

2. The damages awarded on Mattel's claims for aiding and abetting breach of fiduciary duty and breach of duty of loyalty and intentional interference with contractual relations are barred by copyright preemption;

3. Mattel's claims for aiding and abetting breach of fiduciary duty and breach of duty of loyalty, intentional inference with contractual relations, and unfair competition are preempted by the California Uniform Trade Secrets Act;

4. Mattel's state law claims are dismissed for failure to present any permissible evidence of damages;

5. Mattel's claims for aiding and abetting breach of fiduciary duty and intentional interference with contractual relations are dismissed for failure to present evidence that would allow a reasonable jury could find in Mattel's favor on an essential element of its claims – MGA's or Larian's actual knowledge of the duty or its breach;

6. Mattel's claim for unfair competition against MGA HK is dismissed for failure to present evidence that would allow a reasonable jury could find in Mattel's favor;

7. Mattel's claims against the MGA Parties cannot arise out of its purported rights to the idea for the name "Bratz" as a matter of law, as no such rights are awarded by statutory or common law;

8.    Mattel failed to present evidence that would allow a reasonable jury could find in Mattel's favor on copyright infringement beyond the first generation of Bratz dolls; and

9.    Bryant is not an author of Trial Exhibit 1136A as a matter of law.

SO ORDERED.

Dated: _____                                                      _____

                                                                                                 The Honorable Stephen G. Larson

2

[Proposed] Order Granting MGA Parties' Renewed Motion for Partial Judgment as a Matter of Law –
Case No. CV 04-9049 SGL (RNBx)