QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
   (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Honorable Stephen G. Larson |
| Defendant. | **MATTEL, INC.'S NOTICE OF MOTION AND MOTION RE RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND CONDITIONAL RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(A); AND** |
| AND CONSOLIDATED ACTIONS | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| | Hearing Date:   February 11, 2009<br>Time:                TBA<br>Place:               Courtroom 1 |
| | **Phase 1(c)** |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE THAT, on February 11, 2009, at such time as may
3  be set by the Court or as soon as counsel may be heard, in the Courtroom of the
4  Honorable Stephen G. Larson, located at Courtroom 1 of the United States District
5  Court, 3470 Twelfth Street, Riverside, California 92501, plaintiff Mattel, Inc.
6  ("Mattel") will, and hereby does, move the Court, pursuant to Fed. R. Civ. P. 7(b) and
7  50(b), conditionally for judgment as a matter of law against defendants MGA
8  Entertainment Inc. ("MGA"), MGA Entertainment (HK), Ltd. ("MGA HK") and
9  Isaac Larian ("Larian") (collectively "Defendants"), on their claim of independent
10  creation and on the substantial similarity element of Mattel's claim for copyright
11  infringement.  Mattel also moves the Court, pursuant to Fed. R. Civ. P. 7(b) and
12  50(b), for judgment as a matter of law against defendants Isaac Larian and MGA HK
13  on the statute of limitations defense.  Mattel's basis for renewal of this motion is that
14  (i) MGA has continued to assert, albeit erroneously, that only the original first
15  generation Bratz dolls infringe Mattel's copyrights, and (ii) the Court previously
16  deferred ruling on these issues.

17       This Motion is based on this Notice of Motion and Motion, the accompanying
18  Memorandum of Points and Authorities, the Declaration of Valerie Lozano filed
19  concurrently herewith, all evidence introduced at trial, the files and records of the
20  Court, and such matters of which the Court may take judicial notice.

21       /
22       /
23       /
24       /
25       /
26       /
27       /
28

1

### Statement of Local Rule 7-3 Compliance

2 This motion is made following the conference of counsel, which was held
3 pursuant to <u>Local Rule</u> 7-3 on December 17, 2008.

4

5

6 DATED: December 22, 2008  QUINN EMANUEL URQUHART OLIVER &
            HEDGES, LLP

7

8        By _John B Quinn_____

9         John B. Quinn
        Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .................................................. 1

PRELIMINARY STATEMENT ............................................................................ 1

PROCEDURAL BACKGROUND......................................................................... 2

ARGUMENT .................................................................................................. 3

I.   THE COURT SHOULD CONDITIONALLY DETERMINE AS A
     MATTER OF LAW THAT THE BRATZ DOLLS ARE
     SUBSTANTIALLY SIMILAR TO THE BRYANT WORKS OWNED
     BY MATTEL ............................................................................................ 3

     A.   All Core Bratz Fashion Dolls Are Infringing............................................ 4

          1.   All Core Bratz Fashion Dolls Use The Same Sculpt...................... 4

          2.   The Core Bratz Doll Sculpt Is Infringing ..................................... 5

               (a)   The Bratz Head and Face Sculpt Is Substantially
                     Similar To Protectable Elements Of Mattel's Works ........... 6

               (b)   The Bratz Body Sculpt Is Substantially Similar To
                     Protectable Elements In Mattel's Works ............................. 7

          3.   MGA's Bratz Dolls Encompass a Unique Combination of
               Elements Protected by Copyright Law............................................. 8

          4.   MGA's Express Admissions Establish Infringement ...................... 9

          5.   Defendants Are Judicially Estopped from Contradicting
               Their Own Claims In Prior Litigation. ......................................... 11

II.  DEFENDANTS' THEORY OF INDEPENDENT CREATION WAS
     WAIVED AND FAILS AS A MATTER OF LAW ......................................... 14

III. MATTEL IS ENTITLED TO JUDGMENT AS A MATTER OF LAW
     ON LARIAN AND MGA HK'S FRAUDULENT CONCEALMENT ............. 16

CONCLUSION............................................................................................... 20

# TABLE OF AUTHORITIES

**Page**

## Cases

Bethea v. Burnett,
2005 WL 1720631 (C.D. Cal. 2005) ...................................................................... 15

Compare Fox v. Ethicon Endo-Surgery, Inc.,
35 Cal. 4th 797 (2005) ............................................................................................ 19

Dimmie v. Carey,
88 F. Supp. 2d 142 (S.D.N.Y 2000) ...................................................................... 15

Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,
122 F.3d 1211 (9th Cir. 1997) ............................................................................... 16

Garamendi v. SDI Vendome SA,
276 F. Supp. 2d 1030 (C.D. Cal. 2003) ................................................................. 18

Hamilton v. State Farm Fire & Cas. Co.,
270 F.3d 778 (9th Cir. 2001) ................................................................................. 11

Harbeson v. Parke Davis, Inc.,
746 F.2d 517 (9th Cir. 1984) ................................................................................. 15

Jolly v. Eli Lilly & Co.,
44 Cal. 3d 1103 (Cal. 1988) ................................................................................... 19

Novelty Textile Mills, Inc. v. Joan Fabrics Corp.,
558 F.2d 1090 (2d Cir. 1977) .................................................................................. 8

Payne v. Anvil Knitwear, Inc.,
2007 WL 1953438 (C.D. Cal. 2007) ...................................................................... 15

Russell v. Rolfs,
893 F.2d 1033 (9th Cir. 1990) ............................................................................... 11

Three Boys Music Corp. v. Bolton,
212 F.3d 477 (9th Cir. 2000) ............................................................................. 9, 15

Wildlife Exp. Corp. v. Carol Wright Sales, Inc.,
18 F.3d 502 (7th Cir. 1994) ..................................................................................... 8

Winarto v. Toshiba Am. Elecs. Components, Inc.,
274 F.3d 1276 (9th Cir. 2001) ............................................................................... 18

Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,
259 F.3d 1101 (9th Cir. 2001) (holding that Rule 37(c)(1) ................................... 15

## Statutes

Fed. R. Civ. P. 8(c) .................................................................................................. 1

Fed. R. Civ. P. 50(a) ................................................................................... 1

Fed. R. Civ. P. 37(c)(1) .............................................................................. 15

## Miscellaneous

CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE, § 4477 at 587 (3d ed. 2002) ......................................................................................... 11

Local Rule 16.7 ................................................................................... 1, 15

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Pursuant to <u>Federal Rule of Civil Procedure</u> 50(a), Mattel respectfully requests that the Court grant Mattel judgment as a matter of law on Larian's and MGA's fraudulent concealment. Mattel further respectfully requests that the Court grant it condition judgment of law on its copyright infringement claim, specifically on the substantial similarity element of Mattel's copyright infringement claim and on Defendants' claim of independent creation. Mattel previously moved on these grounds during trial on August 18, 2008, and the Court previously deferred ruling on these issues.

On Mattel's claim of copyright infringement, the jury returned a verdict in Mattel's favor and against MGA, MGA HK and Larian. Defendants, however, have asserted that only the "first generation" Bratz dolls infringe Mattel's copyrights and -- among their various other conflicting claims about the scope of the jury's infringement verdict -- that the jury's verdict purportedly reflects this. As the Court is aware, Mattel disagrees with MGA's flawed, speculative interpretation of the verdict, and the Court has rejected MGA's position. But because MGA continues to press its interpretation, Mattel conditionally renews its motion for judgment as a matter of law on substantial similarity and independent creation.

Mattel submits that regardless of any interpretation that may or may not be made of the jury's Phase 1B verdict with respect to the scope of infringement, each and every core Bratz fashion doll sold by MGA infringes Mattel's copyrights as a matter of law, and no reasonable jury could have found to the contrary. Furthermore, Defendants waived any claim of independent creation by not pleading it in their answers, in their interrogatory responses or in the Final Pretrial Conference Order, as required by <u>Fed. R. Civ. P.</u> 8(c) and <u>Local Rule</u> 16.7, and no reasonable juror could find that the Bratz dolls were created independently of Bryant's drawings and other Mattel-owned works that he disclosed to MGA.

1   The jury's Phase 1B verdict found that MGA had fraudulently concealed the
2   bases of Mattel claims against it.  As to Larian and MGA HK, however, the jury did
3   not so find.  Based on the trial evidence, Mattel is entitled to judgment as a matter of
4   law that Larian and MGA HK engaged in fraudulent concealment.  Indeed, the
5   evidence on that score was substantial and virtually unrefuted, and no reasonable
6   juror could have found that Larian and MGA HK did not engage in fraudulent
7   concealment.

8   Accordingly, Mattel respectfully submits that its motion should be granted.

9   **Procedural Background**

10   On August 18, 2008, prior to the time that the jury retired to deliberate in the
11   Phase 1B trial, Mattel submitted a Motion for Judgment as a Matter of Law on the
12   issues of substantial similarity under copyright, independent creation and fraudulent
13   concealment.  The Court deferred ruling on that motion until post-trial motions were
14   made, stating that it was "the Court's preference" that the JMOL be "wrapped into the
15   renewed JMOLs" and grouped with any new trial motions as it was "appropriate to
16   deal with all those issues essentially at the same time." Trial Tr. at 8328:2-5, 8349:13-
17   16.[1]  In its recent Order, the Court set a December 22, 2008 filing date for these
18   motions.[2]

19   On August 26, 2008, after its Phase 1B deliberations, the jury found that MGA,
20   MGA HK and Larian had each engaged in copyright infringement.[3]  The jury also
21   found that MGA had "fraudulently concealed the bases for Mattel's claim of
22   intentional interference with contract" and that MGA further had "fraudulently
23   concealed the bases for Mattel's claim of conversion."[4]  It answered the questions

24

25   [1]   See also Trial Tr. at 8302:18-8305:17 (noting that Mattel's JMOL included our position that "all of the dolls infringe as a matter of law," and that such JMOL was
26   under submission and would be considered by the Court "at an appropriate time").
     [2]   See Order Granting Mattel's Motion for Permanent Injunction, dated December
27   3, 2008 ("Order"), at 16, attached as Exhibit 1 to the concurrently filed Declaration of Valerie Lozano ("Lozano Dec").
28   [3]   Phase 1B Verdict Form, dated August 26, 2008, at 4, Lozano Dec. Exh. 2.
     [4]   Id. at 8.

1   with respect to fraudulent concealment by Larian and MGA HK in the negative.[5]

2       Following the jury verdict on Phase 1B, MGA asserted, among other

3   interpretations, that the Phase 1B verdict indicates the jury "concluded that the only

4   thing that infringed...were the original first generation dolls."[6]  In response, Mattel

5   submitted that nothing in the jury verdict supported MGA's interpretation of the

6   verdict in relation to the scope of the defendant's infringement.[7]  In deciding Mattel's

7   earlier post-trial motions on December 3, 2008, the Court addressed and rejected

8   MGA's speculative argument that "the jury had found that only the so-called 'first

9   generation' Bratz dolls were infringing." Order at 9.  The Court also stated that "[t]he

10  jury made no such express finding on this issue: the general verdict form they were

11  provided did not request such a detailed finding. "  Id.[8]  The Court further found that

12  Defendants had waived their belatedly raised, alternative purported interpretation of

13  the jury's verdict. Id. at 10, n.5.

14                              **Argument**

15  **I.   THE COURT SHOULD CONDITIONALLY DETERMINE AS A
         MATTER OF LAW THAT THE BRATZ DOLLS ARE**

16  **SUBSTANTIALLY SIMILAR TO THE BRYANT WORKS OWNED BY**

17  **MATTEL**

18       In denying Mattel's motion for summary judgment on the issue of substantial

19  similarity, the Court concluded that MGA had offered sufficient evidence, including

20

21  _____

    [5]  Phase 1B Verdict Form, dated August 26, 2008, at 8, Lozano Dec. Exh. 2.
    [6]  See e.g., Trial Tr. of 11/10/2008 hearing, at 109:23-25.

22  [7]  See Mattel's Reply in Support of Mtn. for a Permanent Injunction, dated Oct.
    22, 2008 ("Reply"), at 3-4 ("Had the jury actually found that only the first generation

23  dolls infringed, it would necessarily have awarded damages *under* $4 million."); see
    also Trial Tr. of 11/10/2008 hearing, at 71:18-72:7 (in response to MGA's

24  interpretation of the jury verdict, "there are other possible explanations...and the point
    is, we don't know").

25  [8]  See also Order at 10, Lozano Dec. Exh. 1 ("where a jury returns a monetary
    award based on a particular piece of evidence..., the Court will infer the factual

26  findings that necessarily flow from it.  But where, as here, the Court and the parties
    are left to hazard various guesses as to the jury's intentions, the Court can make no

27  principled inferences..."); see also Order at 10 n.6, Lozano Dec. Exh. 1 ("MGA
    parties hazard such a guess" regarding the jury's intentions and "[t]his guessing game

28  illustrates why no factual findings can be inferred from the jury's copyright
    infringement award...").

1  most notably from its design expert, to create a triable issue of fact as to whether the

2  Bratz doll was substantially similar to the Bratz works created by Bryant.[9]   That

3  expert did not testify at trial, however, and the evidence presented by Mattel at trial

4  was overwhelming.  Given the evidence adduced at trial, no reasonable juror could

5  fail to find substantial similarity.[10]  Moreover, MGA should be estopped as a matter

6  of law from urging otherwise based on its judicial admissions in other litigation

7  where it repeatedly took positions that contradicted its contentions on the issues of

8  substantial similarity and independent creation in this suit.

9      **A.    All Core Bratz Fashion Dolls Are Infringing**

10      Each core Bratz fashion doll sold by MGA infringes Mattel's copyrights.

11  MGA conceded at trial that the four original Bratz dolls released in June 2001 "are

12  similar to Carter Bryant's drawings."[11]  But MGA's infringement is not limited to

13  Cloe, Yasmin, Sasha and Jade.  It also includes the other core Bratz dolls that use the

14  same sculpt as well as others that incorporate the same protectable elements.

15      **1.    All Core Bratz Fashion Dolls Use The Same Sculpt**

16      MGA has sold core Bratz dolls with various names, themes, hairstyles and

17  coloring.  However, the same sculpt has been used on all of them.  Even on the few

18  occasions where MGA has made changes in the body of a Bratz doll, it has continued

19  to use the same head and face sculpt.[12]  This sculpt incorporates not only the physical

20

21  [9]  Order regarding Motion for Partial Summary Judgment, dated July 24, 2008, at 3, Lozano Dec. Exh. 3.

22  [10]  Because the other two elements of Mattel's copyright infringement claim are established (Defendants' access to the drawings is undisputed and the jury in Phase 1A found that Mattel owns the drawings), granting Mattel judgment as a matter of law on the substantial similarity element entitles Mattel to judgment as a matter of law on Defendants' liability for copyright infringement.

23

24

25  [11]  See, e.g., Trial Tr. 5531:1-3 (MGA's counsel arguing that the "evidence will be that with respect to the first generation fashions and the look, they are similar to Carter Bryant's drawings . . .").

26  [12]  The Bratz "Movie" Doll uses a very slight variation on the body of the core sculpt, see Lozano Dec. Exh. 5, which MGA itself registered with the Copyright Office as a "derivative" of the core sculpt.  See TX 577, Lozano Dec. Exh. 7; TX 565, Lozano Dec. Exh. 8.  A comparison of the Bratz movie doll sculpt to the Bratz core doll sculpt shows that they are substantially similar. See Kidman Dec. ¶¶ 12-13.

27

28

00505.07209/2734955.3

      (footnote continued)

                                        -4-

1  dimensions of the doll, but the unique attitude and expression which define it.

2  Numerous MGA witnesses confirmed that this sculpt never changed.   Leon

3  Djiguerian, an MGA manager, affirmed that all the core fashion dolls use the same

4  sculpt.[13]  Lui Domingo, a senior MGA designer, acknowledged that the sculpt used to

5  this day is still the "core Bratz fashion doll sculpt."[14]  Ninette Pembleton, MGA's

6  Vice President of Operations, could not identify any changes to the head and body of

7  the Bratz doll sculpt over time.[15]

8  ## 2.   The Core Bratz Doll Sculpt Is Infringing

9  The sculpt that MGA has used for all core Bratz fashion dolls is substantially

10  similar to Mattel's Bratz copyrights as a matter of law.   It was copied directly and

11  intentionally from the designs owned by Mattel.[16]  All the dolls based on it therefore

12  infringe Mattel's copyrights, and no reasonable jury could find otherwise.

13  This Court has identified the protectable elements of Mattel's copyrighted

14  Bratz works.   These include their (a) "particularized, synergistic compilation and

15  expression of the human form and anatomy that expresses a unique style and conveys

16  a distinct look or attitude;" and (b) "particularized expression of a doll's head, lips,

17  eyes, eyebrows, eye features, nose, chin, hair style and breasts, including the

18  accentuation or exaggeration of certain anatomical features relative to others (doll

19  lips, eyes, eyebrows, and eye features) and de-emphasis of certain anatomical features

20  relative to others (doll nose and thin, small doll bodies)."[17]

21  As the Court instructed the jury, "Mattel does not need to establish that the

22

23  The Walking Bratz dolls and Bratz Star Singerz dolls are the only Bratz fashion dolls
24  with different bodies than the original four, but they too use the same head and face
   sculpt, complete with the imprint "copyright 2001."   See Trial Tr. 7246:14-23;
25  7220:16-20; 7220:1-20.  All of the dolls therefore infringe Mattel's copyrights.
   [13]   Trial Tr. 7220:1-20.
26  [14]   Trial Tr. 7246:14-23; 7220:16-20.
   [15]   Trial Tr. 5784:4-5785:8.
27  [16]   Trial Tr. 6664:14-6667:22 (Bryant's testimony that the sculpt for the Bratz dolls
   was created based on his drawings).
28  [17]   Phase 1B Jury Instructions, No. 26, dated August 20, 2008, Lozano Dec. Exh.
   4.

1   works it alleges are infringing are identical or virtually identical to the works it owns,
2   nor that the allegedly infringing works do not contain any non-infringing material."[18]
3   Rather, the question is whether "there are substantial similarities between the
4   copyright-protected works and the allegedly infringing works."[19]   Here, there
5   unquestionably are as a matter of law.

6            (a)   **The Bratz Head and Face Sculpt Is Substantially**
7                  **Similar To Protectable Elements Of Mattel's Works**

8        The Bratz head and face sculpt is substantially similar to works owned by
9   Mattel.  For example, comparison of the face in Mattel's copyrighted drawing TX 5-
10  74[20] and the face of the Bratz "Tess" Play Sportz Dance doll, released in 2007,[21]
11  shows that the distances between the brow, the top and bottom of the eye, the nose,
12  the top and bottom of the lips, and the chin, are all virtually the same.[22]  Comparison
13  of the face from Mattel's drawing TX 5-74 and the face of  the Bratz Yasmin doll,
14  released in 2008,[23] again shows that the same proportions are the same.[24]
15  Comparison of Mattel's copyrighted drawing TX 778-2[25] with the 2007 "Sasha" Play
16  Sportz (RC X-treme!) Skateboarding doll[26] likewise shows that the doll's jawline,
17  cheekbone and forehead, and the distance between the eyes, match the drawing
18  closely.[27]   Comparison of Mattel's copyrighted drawing TX 1109[28] with the Bratz
19  Cloe doll released in 2008[29] shows that the design, shape and placement of the facial
20  features of the doll and drawing -- including eye shape, eyeliner design, eye angle,

21

22

23  [18] Id.
    [19] Id.
24  [20] VAu 715-273 and VAu 964-319, Kidman Dec. ¶ 15, Exh. 10.
    [21] Kidman Dec. ¶ 17, Exh. 11.
25  [22] See Kidman Dec. ¶ 17.
    [23] Kidman Dec. Exh. 30.
26  [24] See Kidman Dec. ¶ 70.
    [25] Drawing and VA 1-378-650, Kidman Dec. ¶ 21, Exhs. 12, 13.
27  [26] Kidman Dec. ¶ 22, Exh. 14.
    [27] Kidman Dec. ¶ 23.
28  [28] Kidman Dec. ¶ 25, Exh. 16.
    [29] Kidman Dec. ¶ 45, Exh. 28.

1 | pupil placement and lip shape -- are all extremely similar.[30]

2 |        **(b)** **The Bratz Body Sculpt Is Substantially Similar To**
3 |        **Protectable Elements In Mattel's Works**

4 |        TX 5-88 is a copyrighted sculpt drawing that Mattel owns pursuant to the jury's
5 | Phase 1A verdict.[31]  Bryant gave this drawing to sculptor Margaret Leahy to guide
6 | her as to what the Bratz sculpt should look like.[32]  She followed it, and the protectable
7 | elements of Mattel's work are embodied in the sculpt used for the Bratz dolls sold in
8 | 2001.[33]  The sculpt closely follows the curves of the drawing.  The proportions of the
9 | 2001 dolls follow the figure in the drawing, both vertically and horizontally.  Because
10 | the Bratz sculpt has never changed, these similarities are necessarily reflected in all
11 | later dolls also.  Thus, the sculpt of the Bratz Yasmin doll, released in 2007, is
12 | equally similar, and equally as infringing, as the 2001 dolls were.[34]

13 |        Another copyrighted sculpt drawing owned by Mattel as a result of the jury's
14 | Phase 1A verdict is TX 323-32.[35]  Bryant also provided this drawing to Leahy for use
15 | in making the Bratz sculpt.[36]  A comparison of this drawing to the Bratz Cloe doll
16 | referenced in 2008[37] shows that the major vertical anatomical landmarks of the body
17 | line up exactly.[38]

18 |        In short, the visual comparisons in the accompanying Kidman Declaration
19 | demonstrate that MGA's Bratz production dolls beyond the first four dolls have been
20 | substantially similar to Mattel's copyrighted works in facial structure and shape;
21 | proportions and placement of the features relative to each other and to the face;
22 | proportions, placement and shape of the individual features themselves; and

23 |

24 | [30]  See Kidman Dec. ¶ 65.
   | [31]  See Kidman Dec. ¶ 2, Exh. 1.
25 | [32]  Trial Tr. 2561:22-2563:16; see also Trial Tr. 2567:2-15; 2567:23-25.
   | [33]  Trial Tr. 644:25-645:6; see also Trial Tr. 6665:8-6666:8; Kidman Dec. ¶¶ 3, 4,
26 | Exh. 3.
   | [34]  Kidman Dec. ¶¶ 5,6, Exh. 4.
   | [35]  Drawing and VAu 960-439, Kidman Dec. ¶ 7, Exh. 5, 6.
27 | [36]  Trial Tr. 639:15- 641:15; see also Kidman Dec. ¶ 9.
   | [37]  Kidman Dec. ¶ 10, Exh. 7.
28 | [38]  Kidman Dec. ¶ 11.

1  proportions and placement of the body features.  These dolls have the same jawlines
2  and cheekbones; cheek color placement; eye width and height in relation to face;
3  spacing between the eyes; eyelid height; eye shape; eyebrow shape; pupil placement;
4  eye angle; spacing between nose and lips; lip height; lip shape; and spacing between
5  lips and chin, as well as the same distinct body proportions as the Mattel drawings.
6  Substantial similarity is undeniable.  No reasonable juror could find that MGA's core
7  Bratz fashion dolls were not substantially similar to Mattel's.

8  **3.  MGA's Bratz Dolls Encompass a Unique Combination of**
9  **Elements Protected by Copyright Law**

10  MGA's widespread use of the infringing production sculpt defeats any claim
11  that seasonal variations in names, fashions, makeup or coloring immunize it from a
12  finding of infringement.  Once a copyrighted design is found to have been copied,
13  "mere changes in the color scheme of the copied design" do not vitiate a claim of
14  infringement.  See, e.g., Wildlife Exp. Corp. v. Carol Wright Sales, Inc., 18 F. 3d
15  502, 511 (7th Cir. 1994); Novelty Textile Mills, Inc. v. Joan Fabrics Corp., 558 F.2d
16  1090, 1094 n.6 (2d Cir. 1977) (same); see also Robert C. Ostenberg and Eric C.
17  Ostenberg, SUBSTANTIAL SIMILARITY IN COPYRIGHT LAW § 2.6 at 2-34 (2008) ("If a
18  plagiarist has copied a substantial portion of plaintiff's work, it matters not that he
19  may have contributed additional dissimilar material of his own.").  In fact, MGA
20  itself argued at trial that merely adding colors or changing fashions did not change the
21  central appearance of Bratz.[39]

22  A finding of substantial similarity is required not only because of MGA's use
23  of the original production sculpt throughout its Bratz doll line, but also because of its
24  faithful adherence to the unique combination of protectable elements reflected in
25  Bryant's original designs.  The particularized expressions of the characters' head and
26  face, body and feet, clothes, shoes and accessories, which give Bratz their overall
27  look and feel, style and attitude, are as evident in the subsequent years' dolls as they

28  ───────────────
[39]  Trial Tr. 4950:17-4952:12.

00505.07209/2734955.3

were in the original Bryant drawings and the 2001 dolls. What made "Bratz" unique at the outset was continued in all of the subsequent core fashion dolls. This is even more obviously so given the lowered burden that applies when there is a high degree of access. See, e.g., Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000) ("we require a lower standard of proof of substantial similarity when a high degree of access is shown"). Here, MGA's access to Mattel's works was unbounded and incontestable.

### 4.    MGA's Express Admissions Establish Infringement

MGA's own admissions also prove infringement. From the start, MGA recognized the importance of the distinctive features in Bryant's design drawings and used them in the dolls. As it wrote in its business plan from early 2001, "[t]he Bratz[] are unique in many ways; their eyes are big with a hint of animé style; their lips are more pronounced, their feet and heads are oversized."[40] At trial, Bryant identified the lips and eyes of the Bratz dolls as "distinctive" and acknowledged that these features were reflected in his drawings.[41] Leahy agreed that "Bryant's drawings have the factors that MGA say[s] are unique to the dolls, which is the oversized eyes, protrusive lips, and the diminished nose."[42] Paula Garcia agreed that the Bratz dolls "stay[ed] true" to Bryant's vision in the "overall design and the look of each girl."[43] Between them, Larian and Garcia admitted no fewer than 18 times at trial that Bryant's drawings were the "inspiration" for the Bratz dolls.[44] MGA's counsel said it four more times.[45] MGA's counsel also admitted that the Bryant drawings were the

---

[40]   TX 13520-15, Lozano Dec. Exh. 10.
[41]   Trial Tr. 6664:14-6665:7.
[42]   Trial Tr. 6847:22-6848:1.
[43]   TX 10001-02, Lozano Dec. Exh. 11; see also Trial Tr. 994:20-995:8 (Garcia's testimony at trial regarding statement in TX 10001-02).
[44]   Trial Tr. (Larian) 1649:12-17; 1654:4-6; 1654:12-14; 1656:21-23; 1664:5-9; 1700:19-24; 1749:10-14; 1750:22-1751:2; 1856:13-14; 1860:3-6; 6096:11-17; 6100:3-8; 6115:7-11; 6116:11-16; 6126:20-25; 6171:25-6172:1; 6172:5-17; Trial Tr. (Garcia) 6868:3-7; see also Amended Final Pre-Trial Conference Order for Phase 1 Trial, dated May 23, 2008, at 97, Lozano Dec. Exh. 12.
[45]   Trial Tr. 5518:10-11; see also Trial Tr. 4901:23-25; 5552:6-9; 5553:10-14.

1   "original concept drawings for the Bratz."[46]

2       In numerous lawsuits, MGA specifically acknowledged that the Bratz dolls are

3 based on the Bryant drawings owned by Mattel. In <u>Multitoy</u>, MGA asserted that the

4 Bratz dolls are three-dimensional depictions of Bryant's Bratz drawings.[47] In <u>Uni-</u>

5 <u>Fortune</u>, MGA claimed that each of the Bratz "Artistic Works," including the Bratz

6 doll sculpt,[48] were based on Bryant's drawings.[49] In <u>Double Grand</u>, MGA HK's

7 Managing Director swore that the facial decorations on the Bratz dolls came from

8 Bryant's drawings.[50] As discussed further below, MGA is judicially estopped from

9 now arguing otherwise in this suit.

10       When MGA registered its dolls with the Copyright Office, it likewise admitted

11 that they were based on the Bryant drawings owned by Mattel.[51] MGA may now try

12 to claim that was only true as to the 2001 dolls, but, as Bryant himself testified, all the

13 core fashion dolls in the Bratz line have an "overall similar appearance."[52] When

14 shown them, MGA witnesses immediately recognized Bryant's drawings as

15 representations of the Bratz dolls.[53]

16       Given these facts, no reasonable juror could fail to find substantial similarity

17 under both the extrinsic and intrinsic tests for copyright infringement.

18

19

20

21 [46] Trial Tr. 4950:6-8; <u>see also</u> Trial Tr. 214:13-16; 256:20-22; 4901:23-25.
    [47] <u>See</u> TX 13738-002-03, Lozano Dec. Exh. 13.

22 [48] <u>See</u> TX 13572-002, Lozano Dec. Exh. 14.
    [49] <u>Id.</u>

23 [50] TX 13691-0007, Lozano Dec. Exh. 54.
    [51] <u>See</u> TX 505, 507, 509, 511, 557-564, Lozano Dec. Exhs. 15-26.

24 [52] Trial Tr. 6669:11-23 ("Q. . . . [D]o you believe that all the dolls in the Bratz
doll line have a similar appearance? A. . . . Are you referring to the fashions, the

25 dolls themselves? Q. Say the dolls themselves. A. Yes, they are similar. Q. Do you believe that all the Bratz dolls have an overall similar appearance? A. Again, if

26 you're just talking about the doll, without any fashions or accessories or anything like that, then yes, they're similar.").

27 [53] Trial Tr. 6650:18-6652:22; <u>see also</u> Trial Tr. 6649:16-6650:2; TX 323-32, Kidman Dec. Exh. 5. Larian also claimed the "Bratz dolls" were exhibited when

28 MGA showed K-Mart the Bryant drawings owned by Mattel in November 2000. Trial Tr. 1805:8-1807:9; Trial Tr. 6137:12-6139:12.

5.     **Defendants Are Judicially Estopped from Contradicting Their Own Claims In Prior Litigation.**

Courts consistently "invoke[] judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001) (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990). "Inconsistency is the basic element that runs through both judicial reliance and more open-ended 'fast-and-loose' theories of judicial estoppel." CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE, § 4477 at 587 (3d ed. 2002).  With the latter theory, "[t]he focus is not so much on a court's reliance as on the perceived unseemliness of a litigant's conduct." Id.

By virtue of Defendants' prior admissions, they are estopped from changing their positions.  MGA's principals have asserted repeatedly that Bryant's drawings are the foundation of the Bratz dolls' creative essence.  For example, in the MGA v. Double Grand litigation, MGA HK's Managing Director, Lee Shiu Cheung, swore on behalf of MGA and MGA HK that "17 initial concept drawings" were "designed by Mr. Bryant."[54]  He further declared under oath that Anna Rhee, the original face painter for the Bratz dolls, based her decorations on Bryant's drawings that Mattel owns as a result of the jury's Phase 1A verdict:

> ***Based on and originated from the initial concept drawings of Mr. Bryant***, Anna Rhee drew some decoration directions for the facial decorations for different series of dolls.  She then created the original deco masters which are hand-painted facial decorations on a rubber head sculpt of a doll.  With the input of Mr. Bryant, Ms. Rhee revised the

---

[54]   TX 13691-004, Lozano Dec. Exh. 54, Affirmation of Lee Shui Cheung in MGA v. Double Grand Corp.,

1    deco masters a number of times until they are perfected being the final
2    version that were used to serve as the benchmark and template from
3    which the original four different Bratz dolls' individual facial
4    decorations are mass produced by spray masking.[55]

5    Indeed, in the <u>MGA v. Uni-Fortune</u> case, MGA stated that the Bratz dolls were
6    derived from Bryant's two-dimensional drawings <u>and no other works</u>:

7    As far as the Plaintiff is aware, there was no antecedent designs,
8    products, drawings or articles from which the artistic works referred to
9    in sub-paragraphs (a), (b) (c), (d), (e) and (f) of the Particulars of the
10   Original Artistic were derived. ***The author of the artistic works pleaded***
11   ***in sub-paragraphs (b), (d), (e) and (f) of the Particulars of Original***
12   ***Works referred to the drawings in sub-paragraph (a) of the Particulars***
13   ***of Original Works*** [i.e., Mr. Bryant's drawings from Mattel]. The
14   silicon rubber moulds in sub-paragraph (c) were developed from the wax
15   models in sub-paragraph (b) of the Particulars of Original Works. The
16   polyurethane samples in sub-paragraph (c) were developed from the
17   rubber moulds. . . .[56]

18   Furthermore, MGA repeatedly sued third parties for selling three-dimensional
19   dolls that are far *less* similar to Mattel's copyrighted works than are the core Bratz
20   fashion dolls -- and it did so by claiming that those dolls infringed the very Bratz
21   drawings that the jury found Bryant had created while a Mattel employee. In <u>MGA</u>

---

[55] TX 13691-0007, Lozano Dec. Exh. 54, Affirmation of Lee Shiu Cheung in <u>MGA v. Double Grand</u>, at ¶16 (emphasis added).

[56] TX 13572-0002, Lozano Dec. Exh. 14, Answer to Requests for Further and Better Particulars of the Statement of Claim in <u>MGA v. Uni-Fortune</u> (emphasis added). In <u>Uni-Fortune</u>, MGA defined "Artistic Works" as: "(a) 18 design drawings of various Bratz fashion dolls made between the years 1998 and 2000; (b) Wax models of the head, body and shoes of the Bratz fashion dolls made between the year 2000 and 2001; (c) Silicon rubber moulds and polyurethane samples made therefrom of the Bratz fashion dolls made between the years 2000 and 2001; (d) 4 drawings of the facial decoration of the Bratz fashion dolls made between the years 2000 and 2001; (e) 8 drawings 4 of which are pantone colour guides of the facial decorations of the Bratz fashion dolls made between the years 2000 and 2001; (f) 4 hand painted deco-masters on 4 rubber head sculpts made between the years 2000 and 2001." <u>Id.</u>

1  v. CityWorld, for example, MGA claimed that the "Funky Tweenz" doll infringed the
2  Bratz "Artistic Works," which were defined as "17 design drawings of various
3  fashion dolls made between the years 1998 and 2000" -- Bryant's drawings.[57]
4  Furthermore, in MGA v. Hunglam Toys, Defendants' again claimed that defendant's
5  dolls infringed the "Artistic Works" owned by them.[58]  Based on these MGA sworn
6  assertions and others, MGA obtained a ruling on summary judgment that the accused
7  three-dimensional dolls and products infringe MGA's copyrights in Bryant's initial
8  concept drawings, at issue here.

9       As another example, in Double Grand, MGA claimed the defendant's "Mini
10 Trendy Teenz" doll and other dolls "copied the facial decorations . . . body parts and
11 shoes" of works that included 17 Bratz drawings the jury found that Mattel owns.[59]
12 Tellingly, in that case MGA specifically singled out as being infringed the very same
13 elements of those drawings which this Court found to be protectable and which
14 Mattel owns.  These include (a) the shape of each doll's head; (b) the size of each
15 doll's head in comparison with the remainder of the doll; (c) the shape and size of the
16 nose; (d) the shape of the eyes; (e) the shape of the lips; and (f) the unusual size of
17 each doll's feet in comparison with the remainder of the doll.[60]  MGA made similar

18

---

19  [57]  TX 13705-0002-3, Lozano Dec. Exh. 27, Statement of Claim in MGA v.
20  CityWorld, at ¶4 ("Defendants have infringed the said Artistic Works by authorising
     the reproduction of or reproducing, importing into and exporting from Hong Kong in
21  its course of business . . . fashion dolls known as *Funky Tweenz which are
     reproductions of or a reproduction of a substantial part of the said Artistic
22  Works*.") (emphasis added).
     [58]  See TX 13784-001,004, Lozano Dec. Exh. 28, Statement of Claim in MGA v.
23  Hunglam Toys.
     [59]  TX 13691-008-009, Lozano Dec. Exh. 54 (identifying Bryant's 17 design
24  drawings as the Artistic Works being infringed); TX 13691-0141-0145, Lozano Dec.
     Exh. 54 (accusing Mini Trendy Teenz, Trendy Teenz, Rocker Headz Fashion Doll
25  Bobblehead Pen, and Rocker Headz Bobblehead Fashion Doll of infringing Bratz
     dolls and registered designs and original drawings); TX 13696, Lozano Dec. Exh. 29
26  (Photograph of Mini Trendy Teenz doll); TX 13698, Lozano Dec. Exh. 30 (same);
     TX 13700, Lozano Dec. Exh. 31 (same); TX 13561-0124, 0194, 0208, 0210, Lozano
27  Dec. Exh. 55 (images of the infringing product).
     [60]  TX 13561-0021-23, Lozano Dec. Exh. 55 (accusing Mini Trendy Teenz of
28  infringing the Bratz dolls and registered designs and original drawings, both of which
     include Carter Bryant's drawings).

-13-

1  claims in other infringement litigation.[61]  The current Bratz dolls are far more similar

2  to Mattel's Bratz-related works than the products MGA previously claimed infringed

3  those same works.  Mr. Larian admitted as much at trial when he testified that the

4  Bratz doll named "Nevra" -- which uses the core Bratz fashion doll sculpt -- is more

5  similar to the 2001 Bratz dolls than the accused "Mini Trendy Teenz" doll was.[62]

6  These are not stray remarks.  Rather, they are repeated representations -- many

7  sworn to courts -- that directly contradict defendants' newly minted assertion that the

8  core Bratz fashion dolls were not substantially similar to Bryant's Bratz drawings.

9  Having obtained advantage in other litigation with their sworn assertions, defendants

10  are judicially estopped from reversing course now.  Furthermore, even short of

11  outright estoppel, the positions MGA has taken in prior infringement actions

12  indisputably prove infringement and confirm MGA's own infringement of Mattel's

13  rights.  All the core Bratz fashion dolls are infringing.

14  **II.    DEFENDANTS' THEORY OF INDEPENDENT CREATION WAS**

15  **WAIVED AND FAILS AS A MATTER OF LAW**

16  As a threshold matter, defendants waived any theory of independent creation

17

---

18  [61]  For example, in <u>Cityworld</u>, MGA claimed the "Funky Tweenz" dolls were "reproductions" of Bryant's design drawings owned by Mattel.  TX 13705-002-003,

19  Lozano Dec Exh. 27; TX 12, Lozano Dec. Exh. 32; TX 13707-003, 0015-32, 0091-0102, 0113, 0115-0119, Lozano Dec. Exh. 56 (Bryant's 17 initial concept drawings

20  and images of Funky Tweenz);  TX 13709, Lozano Dec. Exh. 33 (Photograph of Funky Tweenz Doll).

21  In <u>Hung Lam</u>, MGA accused the "Scampz" of being a reproduction of facial decorations that were based on Bryant's design drawings.  TX 13784-002, 004,

22  Lozano Dec. Exh. 28; TX 13856-033-038, Lozano Dec. Exh. 34 (Scampz images); TX 13721, Lozano Dec. Exh. 35 (Sample of Scampz Doll); TX 13718-0016-017,

23  Lozano Dec. Exh. 36 (comparing Scampz and Bratz, and images of Scampz); TX 13867, Lozano Dec. Exh. 37 (photograph of Scampz Doll).

24  In <u>Union Top</u>, MGA claimed the dolls infringed MGA's "Copyrighted Works," which include Bryant's drawings.  TX 13785-0001-0003, 0010-0011, Lozano Dec.

25  Exh. 38; TX 13725-0015, 0018-0019, 0176, 0183,0185-186, Lozano Dec. Exh. 57 (accusing the "Fashion Doll" of copying Bratz facial decorations along with other

26  characteristics; images of "Fashion Doll").
   In <u>Uni-Fortune</u>, MGA claimed that the "Glitter Girls" were "reproductions" of

27  Bryant's design drawings.  TX 10234-0041-42, 0044; Lozano Dec. Exh. 39; TX 13865, Lozano Dec. Exh. 40; TX 13866, Lozano Dec. Exh. 41; TX 13868, Lozano

28  Dec. Exh. 42.
   [62]  Trial Tr. 6159:13-18.

1   by not asserting it either in answer to Mattel's counterclaims, in its interrogatory

2   responses or in the Final Pretrial Conference Order.[63]   See Local Rule 16.7 &

3   Appendix A ("Defendant should identify [in the Pretrial Form] those matters on

4   which the Defendant bears the burden of proof"); Three Boys Music, 212 F.3d at 486

5   (burden of proving "independent creation" is on party asserting it); Bethea v. Burnett,

6   2005 WL 1720631, at *15 (C.D. Cal. 2005) (same); Harbeson v. Parke Davis, Inc.,

7   746 F.2d 517, 520 (9th Cir. 1984) (unasserted affirmative defenses are waived).  As

8   this Court held, failing to assert a claim or defense in the Final Pretrial Conference

9   Order constitutes waiver.[64]

10        Moreover, with the independent creation theory that was asserted for the first

11   time ever during 1B trial, defendants effectively asked the jury to reconsider its

12   verdict in Phase 1A and, in any event, the claim is foreclosed by the evidence.

13   Independent creation requires that the accused infringer show that he created the

14   work prior to or wholly independent of the infringed work (i.e., where the infringing

15   work was created before the infringed work or where two different people happen

16   independently to create similar works).  See, e.g., Payne v. Anvil Knitwear, Inc.,

17   2007 WL 1953438, at *3 (C.D. Cal. 2007) (finding "independent creation" because

18   alleged infringer created his work "before plaintiff's copyrights were fixed"); Dimmie

19   v. Carey, 88 F. Supp. 2d 142, 150-51 (S.D.N.Y 2000) (sustaining independent

20   creation defense because defendants produced working tapes and journal evidencing

---

21   [63]   See generally Final Pre-Trial Conference Order, Lozano Dec. Exh. 44. See

22   also Fed.R.Civ.P. 37(c)(1) "A party that without substantial justification fails to
     disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response

23   to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless,
     permitted to use as evidence at a trial, at a hearing, or on a motion any witness or

24   information not so disclosed"; see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,
     259 F.3d 1101, 1106 (9th Cir. 2001) (holding that Rule 37(c)(1) gives "teeth" to Rule

25   26's requirements by forbidding the use at trial or hearing of any information required
     to be disclosed by Rule 26(a) that is not properly disclosed) (noting that "courts have

26   upheld the use of the sanction even when a litigant's entire cause of action or defense
     has been precluded.") Id.

27   [64]   See Trial Tr. at 7490:21-7491:5 (noting that one of the grounds for striking the
     joint authorship defense was because it was not plead in the Pretrial Conference

28   Order). Defendants also waived the affirmative defense of independent creation by
     not pleading it in their answers or asserting it in their interrogatory responses.

1   creative steps taken independently to create allegedly infringing song).

2       Here, however, the infringing works (*i.e.*, Bratz dolls) were created after MGA

3   had access to the infringed works (*i.e.*, Bryant's drawings), and Bryant worked on the

4   infringing works.[65]  Bryant testified that the Bratz sculpt was based on his drawings,[66]

5   Larian and Garcia testified that Bryant's drawings were the inspiration for Bratz,[67]

6   and MGA's counsel stressed that Bryant's drawings were "the original concept

7   drawings for Bratz" in MGA's Phase 1A Closing Statement.[68]  MGA failed to present

8   any evidence that the infringing works were based solely on source material other

9   than Bryant's drawings.  Given the evidence introduced at trial, any reference to

10  "independent creation" fails as a matter of law.[69]

11  **III.   MATTEL IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON**

12  **LARIAN AND MGA HK'S FRAUDULENT CONCEALMENT**

13      This Court granted summary judgment to Mattel on defendants' statute of

14  limitations defenses except with respect to Mattel's claims for interference with

15  contract and conversion.  As to those two claims, the Court found that the discovery

16  rule did not apply.  At trial, Mattel raised tolling by virtue of the Defendants'

17  fraudulent concealment of the bases of Mattel's claims of conversion and interference

---

18  [65]   See, e.g., TX 502, Lozano Dec. Exh. 45 (Bryant's Declaration to the U.S.
19  Patent and Trademark Office, wherein Bryant states under oath that he "was actively
    involved with the release of the Bratz dolls"); Trial Tr., at 6664:14-6667:22 (Bryant's
20  testimony that the final sculpt for the Bratz dolls was created based on his drawings).
    [66]   Trial Tr., at 6664:14-6667:22 (Bryant's testimony that the final sculpt for the
21  Bratz dolls was created based on his drawings).
    [67]   Trial Tr. at 1749:10-14 (Isaac Larian's testimony); Trial Tr. at 928:9-929:10,
22  994:20-995:8 (Paula Garcia's testimony).
    [68]   Trial Tr. at 4901:23-25, 4950:6-8 (MGA's Closing Statement for Phase 1A).
23  [69]   Moreover, the law is clear that three-dimensional works (here, Bratz dolls) are
    not independent creations if they are recognizable as embodiments of two-
24  dimensional works (here, Bryant's drawings).  See, e.g., Entm't Research Group, Inc.
    v. Genesis Creative Group, Inc., 122 F.3d 1211, 1223 (9th Cir. 1997) ("because [a
25  party's] costumes are 'instantly identifiable as embodiments' of the underlying
    copyrighted characters in 'yet another form,' no reasonable juror could conclude that
26  there are any 'non-trivial' artistic differences between the underlying cartoon
    characters and the immediately recognizable costumes").  Similarly, steps taken by
27  Defendants to translate Bryant's two-dimensional drawings into three-dimensional
    Bratz dolls are not sufficient to prove independent creation because they merely show
28  a *translation* -- not an independent creation -- of those drawings (which the jury has
    already found are owned by Mattel) into another medium.

1   with Bryant's contract.

2       The jury verdict found that MGA fraudulently concealed the bases of Mattel's

3   conversion and tortious interference claims.[70]   The same conclusion applies as a

4   matter of law to Larian and MGA HK.  Both Larian and Garcia instructed that no one

5   at MGA was to discuss Bryant's involvement with Bratz outside of the company.[71]

6   Larian e-mailed MGA's personnel dictating that "[t]here must be no mention about

7   Mattel or any of their properties, Carter, any MGA Bratz arts, etc."[72]   The MGA

8   employees understood their mandate was to "keep Carter under wraps."[73]  Larian also

9   spread false information about Bratz's creation by describing himself or his son --

10  rather than Bryant -- as the creator of Bratz.  For example, Mr. Larian submitted a

11  declaration in another lawsuit brought by MGA stating that he -- *i.e.*, Larian -- "was

12  the inspiration behind the Bratz dolls."[74]   In an interview with *Business Week*

13  magazine, he claimed that he "got the idea for Bratz after seeing his own kids run

14  around in navel-baring tops and hip-huggers."[75]  In another newspaper interview, Mr.

15  Larian claimed: "It was Jason's [Mr. Larian's son's] idea for Bratz."[76]  In a declaration

16  to the Patent Office, Mr. Larian falsely swore that he was the "original, first and sole

17  inventor" of a doll with removable feet (*i.e.*, the Bratz doll).[77]

18      In response to Mattel's evidence, defendants offered only conclusory denials.

19  Faced with overwhelming evidence, Mr. Larian simply stated, "We've never tried to

20  hide Carter Bryant's name."[78]  Likewise, as to the article in which Mr. Larian told a

21  reporter that Bratz was his son's idea, Mr. Larian simply denied making the statement

22  and claimed could not recall having spoken to the reporter.[79]  Conclusory denials are

---

[70]  See Phase 1B Verdict Form As Given, at 8-9, Lozano Dec. Exh. 2.
[71]  Trial Tr., at 2375:22-2378:21; 2381:17-2383:17 (testimony of Rachel Harris).
[72]  See Trial Ex. 4507, Lozano Dec. Exh. 46.
[73]  See Trial Ex. 4942, Lozano Dec. Exh. 47.
[74]  See TX 947, Lozano Dec. Exh. 48.
[75]  See TX 631, Lozano Dec. Exh. 49.
[76]  See TX 12058, Lozano Dec. Exh. 50.
[77]  See TX 1701, Lozano Dec. Exh. 51.
[78]  Trial Tr. at 1739:2-3.
[79]  Trial Tr. at 1858:16-22.

1  insufficient to rebut concrete documentary evidence and eyewitness testimony of

2  concealment from numerous and unrelated sources.[80]   Larian and MGA HK's

3  fraudulent concealment is beyond dispute.

4       The only remaining issue is timing of notice to Mattel.  Where defendants have

5  attempted to conceal their conduct, the statute of limitations is equitably tolled unless

6  and until Mattel has "near-actual" knowledge of its claims.   Garamendi v. SDI

7  Vendome SA, 276 F. Supp. 2d 1030, 1042-3 (C.D. Cal. 2003).  Because it was an

8  element of the jury's findings of fraudulent concealment by MGA, the jury

9  necessarily found factually that Mattel did not have notice of the bases of its claims

10  against MGA until after April 27, 2002.[81]  It therefore would be inconsistent with the

11  jury verdict for defendants to claim that any reasonable jury could have found that

12  Mattel had notice of the bases for its same claims against Larian or MGA HK before

13  that time.

14       Furthermore, at trial, Mattel offered unrefuted evidence that it had no

15  knowledge before November 2003 that Bryant worked on Bratz while a Mattel

16  employee.[82]   Defendants introduced no evidence that Mattel had knowledge of

17  Bryant's disloyalty before November 2003.  Rather, they presented evidence of

18  whether Mattel knew Carter Bryant worked on Bratz -- not *when* he worked on

19  Bratz[83] -- and made assertions about whether Mattel knew that Bryant was going to

20  work for a competitor,[84] whether Mattel believed Bratz infringed Toon Teens,[85] and

21

22  [80]  See Winarto v.Toshiba Am. Elecs. Components, Inc., 274 F.3d 1276, 1294 (9th Cir. 2001) ("JMOL is appropriate "when 'a party has been fully heard on an issue and

23  there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.' ") (citation omitted).

24  [81]  See Phase 1B Jury Instructions As Given, No. 35, Lozano Dec. Exh. 4; see also Phase 1B Verdict Form As Given, at 8, Lozano Dec. Exh. 2.

25  [82]  See Trial Tr. at 6463:14-22, 6465:2-8 (Michael Moore's testimony that he did not know of Bryant's relationship with MGA until receiving Bryant's agreement with

26  MGA in 2003); see also Trial Tr. at 7430:24-7431:1, 7432:2-18 (testimony of Mattel executive stating she was unaware of Bryant's relationship with MGA until after this

27  lawsuit was filed).
    [83]  See, e.g., Trial Tr. at 6606:16-6608:2; 7413:21-7414:1.

28  [84]  See, e.g., Trial Tr. at 7411:4-12, 6605:3-18.
    [85]  Trial Tr. at 7787:15-7788:7.

1  whether Mattel believed Bratz infringed on DIVA STARZ (much of which was
2  struck).[86] This evidence does not join the dispositive question: When Mattel learned
3  that Carter Bryant worked on Bratz while a Mattel employee.  MGA's evidence of
4  purported notice does not counter the evidence related to Mattel's claims: Mattel's
5  evidence that it had no knowledge of Bryant's Mattel-era work on Bratz, nor any
6  reason to suspect it, until 2003.

7      Due to the "undisputed evidence" presented by Mattel, the Court previously
8  found "that Mattel had no reason to know of its claims against Bryant until November
9  23, 2003, and that it had no knowledge of its claims against MGA and Larian until
10 Bryant was deposed approximately a year later;" therefore, "all the claims asserted
11 against the MGA parties were filed within the applicable limitations periods."[87]  No
12 reasonable juror could find that Larian and MGA HK did not engage in fraudulent
13 concealment.  Larian and MGA HK should be found to have engaged in fraudulent
14 concealment as a matter of law.

15
16
17
18
19
20
21
22

---

[86]  Trial Tr. at 7417:25-7418:12; 7425:13-7427:18.
[87]  Order, at 3, Lozano Dec. Exh. 1; Previous orders of this Court have also relied discovered Bryant's wrongdoing until July 18, 2003.  See Order regarding Statute of Limitations Defense, dated May 27, 2008, at 8, Lozano Dec. Exh. 52; see also Order dated June 2, 2008, at 2, Lozano Dec. Exh. 53 ("there is no evidence that Mattel had any knowledge of any one of the three generic elements of its claims.").  The standard of knowledge is *higher* on fraudulent concealment than for the mere inquiry notice that is the subject of the discovery rule.  Compare Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005) ("a claim accrues where a plaintiff has *knowledge of at least one* of the three generic elements of wrongdoing, causation, and harm") (emphasis added) with Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1112 (Cal. 1988) ("a suspicion of wrongdoing, coupled with a *knowledge of the harm and its cause*, commences the limitations period") (emphasis omitted and added).

1

2

3

## Conclusion

The Court should conditionally grant Mattel judgment as a matter of law on MGA's claim of independent creation and on the substantial similarity element of Mattel's copyright infringement claim The Court further should grant Mattel judgment as a matter of law on Larian and MGA HK's fraudulent concealment.

7

8 DATED:  December 22, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

9

10 By

John B. Quinn
Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28