QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | MATTEL, INC.'S RESPONSE TO THE MGA PARTIES' SUPPLEMENTAL RESPONSE TO RE MATTEL, INC.'S *EX PARTE* APPLICATION FOR DE-DESIGNATION OF THE COMPENDIUM OF THIRD-PARTY DECLARATIONS IN SUPPORT OF THE MGA PARTIES' *EX PARTE* APPLICATION AND MOTION TO STAY PENDING APPEAL |

## Argument

In its Supplemental Response filed today, MGA asked the Court to defer ruling on Mattel's Ex Parte Application indefinitely because it has not been able to get in touch with two of the declarants. This request prejudices Mattel and is striking, given that MGA was able to communicate with the declarants well enough when it persuaded them to submit declarations on MGA's behalf and to decide to designate their declarations as Confidential-Attorneys Eyes Only. Mattel requests prompt ruling on its Ex Parte Application to avoid further prejudice and further delay.

Complete de-designation of the third-party declarations is proper for two reasons. First, neither MGA nor any third-party ever made or attempted to prove, as required by the protective order, that the contents of the declarations are trade secrets or even confidential. They are not, so complete de-designation is proper.

Indeed, as set forth in the Supplemental Declaration of Jon Corey in connection with this application, Jerome Falk, counsel for MGA, disclosed to a reporter the substance of the declarations and the reporter published those disclosures in a December 20, 2008 article. It reads, in relevant part:

> MGA's customers want assurances by the end of the year that the dolls won't be pulled off the shelves in February, Jerome Falk, a lawyer for MGA, said. "Because of the nature of this business, decisions are made way in advance," Falk said Friday in a phone interview. "Creditors, manufacturers, everybody who does business with them wants assurances."[1]

---

[1] Docket No. 4489 (Supplemental Corey Dec. Ex. B (December 20, 2008 article authored by Bloomberg News titled "MGA appeals ban over making and selling of Bratz dolls," as it appeared on the website of the Los Angeles Times)).

1    Second, MGA has never defended or justified its decision to designate the declarations as Confidential-Attorneys Eyes Only and to file them as a "Compendium" for the sole purpose of preventing counsel for Mattel from disclosing to its client the identity of the third-party declarants, the identity of the declarants' employers, or the content of the declarations. This tactic prejudiced and continues to prejudice Mattel in preparing a meaningful response.

With MGA having failed to defend either its designations or its tactics, the Court should rule that the declarations contained in the Compendium of Third-Party Declarations are not properly designated as either "Confidential" or "Confidential-Attorneys Eyes Only" under the Stipulated Protective Order and order them de-designated.

DATED: December 22, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Jon D. Corey
   Jon D. Corey
   Attorneys for Mattel, Inc.