

HCA 2152/2002

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 2152 OF 2002

BETWEEN

ABC INTERNATIONAL TRADERS, INC.
doing business as MGA ENTERTAINMENT                    Plaintiff

and

(1) TOYS & TRENDS (HONG KONG) LIMITED

(2) CITYWORLD LIMITED

(3) JURG WILLI KESSELRING                    Defendants

---

AFFIDAVIT OF ISAAC LARIAN

Filed this 5ᵗʰ day of July, 2002

William WL Fan & Co.
507 Hang Seng Building
77 Des Voeux Road
Central
Hong Kong
Tel: 2110 2128

12

M 0001569

EXHIBIT 32
PAGE 1161

EX 12-0012

# EXHIBIT 33

EXHIBIT 33
PAGE 11.2

FX 13709-0001



# EXHIBIT 34

HCA No. 2687/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 2687 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                          Plaintiff

and

(1) HUNGLAM TOYS COMPANY LIMITED
(2) CHOY KAM YING
(3) KWOK YIN KWAN, MAY
(4) KWOK CHIN HUNG                              Defendants

WITNESS STATEMENT OF SANJAY VASWANI

I.    I am an investigator of Kroll Fact Finders Limited

EXHIBIT    34
PAGE

HKP 00015
EX 13856-0001



34

HKP 00047
EX 13856-0033



HKP 00048
FX 13856-0034



34

HKP 00049
FX 13856-0035



34

HKP 00050
EX 13856-0036



34

HKP 00051
EX 13856-0037



34

HKP 00052
EX 13856-0038

# EXHIBIT 35



M-TI 0000012

EXHIBIT _35_
DACE _100_

EX 13722-0001

# EXHIBIT 36

8 -12-03

HCA 2687/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

ACTION NO. 2687 OF 2003

_____

BETWEEN

MGA ENTERTAINMENT INC.                                    Plaintiff

and

HUNGLAM TOYS COMPANY LIMITED                  Defendant

_____

### AFFIRMATION OF LEE SHIU CHEUNG



1.   I am the Managing Director of MGA (H.K.) Entertainment Limited 

1

Confidential – Attorney's Eyes Only

EXHIBIT _36_
PAGE _101_

MGA 0885915
EX 13718-0001

**Serious Issue to be Tried**





40.     I have examined the SCAMPZ dolls as exhibited hereinabove and in Lam Yuen Chak's Affirmation and find that they are obviously slavish copy of the BRATZ dolls and is a clear infringement of the Plaintiff's copyright in BRATZ. The full sized BRATZ dolls each is about 10 inches tall, the SCAMPZ dolls each is of a bigger size which is about 17 inches tall. However, apart from the size, it is really obvious that the SCAMPZ dolls are virtually the same as the BRATZ dolls in all material aspects.



42.     The similarity between the BRATZ and SCAMPZ dolls is even more obvious when one looks at them including the facial decoration or makeup on each of the dolls' face.

16

Confidential - Attorney's Eyes Only

EXHIBIT _36_

MGA 0885930
EX 13718-0016

I crave leave to refer to the exhibit "LSC-9a-d" the deco masters and "LSC-8" the decoration directions. The pattern, style and combination and layers of different colours of the multi-coloured facial decoration or makeup on the SCAMPZ dolls are substantially similar to that of the BRATZ dolls. Even the exaggerated eyelashes and two-tone lips in BRATZ are present in SCAMPZ.



17

Confidential – Attorney's Eyes Only

EXHIBIT  36

MGA 0885931
EX 13718-0017

| | |
|---|---|
| Affirmed at Messrs. Chow, Griffiths & Chan of Rm 1902-4, Hang Hang Building, 77 des Voeux Road Central, H.K | ) ) ) ) ) |
| this 12 day of August 2003. | ) |

Before me,

NG ZEE LOK
Solicitor, Hong Kong SAR
Chow, Griffiths & Chan

Solicitor, Hong Kong SAR

This affirmation is filed for and on behalf of the Plaintiff.

# EXHIBIT 37



EXHIBIT _37_
PAGE _175_

HKP 00076
EX 13867-0001



EXHIBIT  37
PAGE  196

HKP 00077
EX 13867-0002



EXHIBIT __37__
PAGE __177__

HKP 00078
EX 13867-0003

37

HKP 00079
EX 13867-0004



EXHIBIT 37
PAGE 179

HKP 00080
EX 13867-0005



EXHIBIT 37
PAGE 180

HKP 00081
EX 13867-0006

37

HKP 00082
FX 13867-0007



EXHIBIT 37

HKP 00083
EX 13867-0008

# EXHIBIT 38

No. 3242/2003

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
ACTION NO. 3242 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                    Plaintiff

-and-

UNION TOP (HK) CO. LTD.                    Defendant

## STATEMENT OF CLAIM



1

EXHIBIT 38
PAGE 123

MGA 3883025
EX 13785-0001



**COPYRIGHT**

6.   The Plaintiff is the owner of copyright subsisting in the following original works relating to the design of the "BRATZ" dolls ("Copyright Works"), namely:

2

EXHIBIT _38_
PAGE _184_

MGA 3883026
EX 13785-0002

(A)     Drawings made by Carter Bryant between 1998 and 2000
        in respect of the "BRATZ" dolls.

(B)     Wax models made by Margaret Leahy in or about the
        winter of 2000-2001 in respect of the head sculpt of the
        "BRATZ" dolls.  The wax models have since been
        destroyed.

(C)     Silicon rubber moulds made by Jessie Ramirez in or about
        the winter of 2000-2001 in respect of the head, body parts
        and shoes of the "BRATZ" dolls.  The silicon rubber
        moulds have since been destroyed but the polyurethane
        samples produced from the moulds are still available.

(D)     Decoration directions and decor masters made by Anna
        Rhee and revised by Carter Bryant in or about the winter
        of 2000-2001 in respect of the facial decorations of the
        "BRATZ" dolls.



3

EXHIBIT _38_
PAGE   _185_

MGA  3883027
EX 13785-0003



## PARTCULARS OF KNOWLEDGE

Pending discovery and/or interrogatories herein, the Plaintiff will rely upon the following, namely:



10

EXHIBIT __38__
PAGE __186__

MGA 3883034
EX 13785-0010



(h)    That the Infringing Dolls were slavish copies of the
        BRATZ dolls;



11

EXHIBIT   _38_
PAGE      _187_

MGA 3883035
EX 13785-0011

Dated the          day of September, 2003.


MARTIN LIAO

Counsel for the Plaintiff


WILLIAM W.L. FAN & CO.

Solicitors for the Plaintiff

23

EXHIBIT   38
PAGE      128

MGA  3883047
EX 13785-0023

No. 3242/2003

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
ACTION NO. 3242 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                    Plaintiff

and

UNION TOP (HK) CO. LTD.                    Defendant

---

## STATEMENT OF CLAIM

---

Dated this          day of September, 2003.
Filed this          day of September, 2003.

MESSRS. WILLIAM W. L. FAN & CO.
Solicitors
507 Hang Seng Building
77 Des Voeux Road Central
Hong Kong
[Tel: 2110 2128]
[Fax: 2111 9336]

WF-1975-RC/MT
ML/814/03

EXHIBIT __38__
PAGE __189__

MGA 3883048
EX 13785-0024

# EXHIBIT 39

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

12

13 | CARTER BRYANT, an individual,        | CASE NO. CV 04-09049 SGL (RNBx)

14 |            Plaintiff,                  | Consolidated with Case Nos. CV 04-
                                             9059 and CV 05-2727
15 |     v.

16 | MATTEL, INC., a Delaware
   | Corporation,                          | MATTEL, INC.'S FIFTH SET OF
17 |                                        | REQUESTS FOR ADMISSION TO
   |            Defendant,                  | MGA ENTERTAINMENT, INC.
18

19

20 | AND CONSOLIDATED ACTIONS.

21

22

23

24

25 PROPOUNDING PARTY:     Mattel, Inc.

26 RESPONDING PARTY:      MGA Entertainment, Inc.

27 SET NO.:               FIVE

28

07209/2138116.1

                    MATTEL'S FIFTH SET OF REQUESTS FOR ADMISSION PROPOUNDED TO MGA

EXHIBIT ___39___
PAGE ___100___

EX 10234-0001





(Folio 1)

**HCA 3856/2003**

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
CIVIL ACTION NO.*3856* OF 2003

HIGH COURT ACC. OFFICE

Served by  FEESPAID

FC2                                    1045.00
CHEQUE                            1045.00
OCT14'03RDIADI01-16101R    FEESPAID

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BETWEEN:-

MGA ENTERTAINMENT INC.                          Plaintiff

and

UNI-FORTUNE TOYS INDUSTRIAL LIMITED      1st   Defendant
FU WEI TOYS COMPANY LIMITED                  2nd   Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To the 1st Defendant UNI-FORTUNE TOYS INDUSTRIAL LIMITED whose registered office is situate at Flat A-B, 21st Floor, Cheung Hing Shing Centre, 23 Sha Tsui Road, Tsuen Wan, New Territories, Hong Kong

And to the 2nd Defendant FU WEI TOYS COMPANY LIMITED whose registered office situate at Flat A-B, 21st Floor, Cheung Hing Shing Centre, 23 Sha Tsui Road, Tsuen Wan, New Territories, Hong Kong

THIS WRIT OF SUMMONS has been issued against you by the above-named Plaintiff in respect of the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Registry of High court the accompanying ACKNOWLEDGEMENT OF SERVICE stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgement within the time stated, or if you return the Acknowledgement without stating therein an intention to contest the proceedings, the Plaintiff(s) may proceed with the action and judgment may be entered against you forthwith without further notice.

Issued from the Registry of the High Court this 16th day of October 2003

Note:-       This Writ may not be served later than 12 calendar months beginning with that date unless renewed by order of the Court.

**IMPORTANT**
Directions for Acknowledgement of Service are given with the accompanying form.
S.C.549 (s)

C:\MAGG:E:IP\copyright\WT-16%-MGA\Writ.doc

M0012593

EXHIBIT _39_
PAGE  191

EX 10234-0039

## STATEMENT OF CLAIM
(Please see attached)

~~*(Where the Plaintiff's claim is for a debt or liquidated demand only: If, within the time for returning the Acknowledgment of Service, the Defendant pays the amount claimed and $1,550.00 for costs and, if the Plaintiff obtains an order for substituted service, the additional sum of $565.00, further proceedings will stayed. The money must be paid to the Plaintiff or his Solicitors.)~~

THIS WRIT   was issued by Messrs. William W. L. Fan & Co. of Room 507, 5th Floor, Hang Seng Building, 77 Des Voeux Road Central, Hong Kong, Solicitors for the Plaintiff MGA Entertainment Inc. whose principal place of business is situate at 16730 Schoenborn Street, North Hills, Ca 91343-6122, USA and c/o Room 1001, 10th Floor, Empire Centre, 68 Mody Road, Tsimshatsui East, Kowloon, Hong Kong.

C:\MAGDC\Willow\copyright\Willow F -1378-MGA\Writ. doc

M0012594

EXHIBIT   39
PAGE   192

EX 10234-0040

### STATEMENT OF CLAIM

1.  The Plaintiff is and at all material times a corporation existing under the laws of the U.S.A. carrying on business in the design, manufacture, marketing and selling of toys, in particular, fashion dolls.

2.  The 1st and 2nd Defendants were and at all material times companies incorporated and existing under the laws of Hong Kong carrying on the business in the manufacture and marketing of toys.  The shareholders, directors and registered office of 1st and 2nd Defendant are identical.

3.  The Plaintiff is and at all material times, has been the owner of the copyright subsisting in original artistic works in respect of the Plaintiff's Bratz fashion dolls. ("the said Artistic Works").

#### Particulars of Original Artistic Works

   (a) 18 design drawings of various Bratz fashion dolls made between the years 1998 and 2000.

   (b) Wax models of the head, body and shoes of the Bratz fashion dolls made between the year 2000 and 2001.

C:\MAGGIE\IP\copyright\HK - 1STb MGA W46.doc

M0012595

EXHIBIT __39__
PAGE __193__

EX 10234-0041

(c) Silicon rubber moulds and polyurethane samples made therefrom of the Bratz fashion dolls made between the years 2000 and 2001.

(d) 4 drawings of the facial decoration of the Bratz fashion dolls made between the years 2000 and 2001.

(e) 8 drawings 4 of which are pantone colour guides of the facial decorations of the Bratz fashion dolls made between the years of 2000 and 2001.

(f) 4 hand painted deco-masters on 4 rubber head sculpts made between the years 2000 and 2001.

## Particulars of Ownership and Subsistence

(g) Carter Bryant (hereinafter referred to as "Mr. Bryant") was commissioned by the Plaintiff to make the design drawings referred to in sub-paragraphs (a) and (e) hereof. At all material times, it was the understanding and agreement between the Plaintiff and Mr. Bryant that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Mr. Bryant in September 2000.

C:\MAGGIE\P\copy\report-Bratz\report.doc

M0012596

EXHIBIT 39
PAGE 194

EX 10234-0042

(h) At all material times, Mr. Bryant is a resident of and domiciled in the U.S.A.

(i) Margaret Leahy (hereinunder referred to as "Ms. Leahy") was commissioned by the Plaintiff to make the artistic works referred to in subparagraph (b) hereof. At all material times, it was the understanding and agreement between the Plaintiff and Ms. Leahy that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Ms. Leahy in June 2003.

(j) At all material times, Ms. Leahy is a resident of and domiciled in the USA.

(k) Jessie Ramirez (hereinunder referred to as "Ms. Ramirez") was commissioned by the Plaintiff to make the silicon rubber moulds and polyurethane samples referred in subparagraph (c) hereof. At all material times, it was the understanding and agreement between the Plaintiff and Ms. Ramirez that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Ms. Ramirez on 16th June 2003.

(l) At all material times, Ms. Ramirez is a resident of and domiciled in the USA.

(m) Anna Rhee (hereinunder referred to as "Ms. Rhee") was commissioned by the Plaintiff to make the artistic works referred to in sub-paragraphs (d) and (f) hereof. At all material times, it was the understanding and agreement

C:\WINDOWS\copyright\1978-MGA\MVM.doc

M0012597

EXHIBIT  39
PAGE  195

EX 10234-0043

between the Plaintiff and Ms. Rhee that copyright subsisting in the artistic works should vest in the Plaintiff. Pursuant thereto, a confirmatory assignment was made between the Plaintiff and Ms. Rhee on 12th June 2003.

(n) At all material times, Ms. Rhee is a resident of and domiciled in the USA.

(o) The said Artistic Works as described in sub-paragraphs (a) to (f) above were first published in the USA in or about June 2001 when the Bratz fashion dolls were exhibited and offered for sale. Alternatively, the said Artistic Works are unpublished. The artistic works referred to in sub-paragraph (b) hereof and the silicon rubber moulds referred to in sub-paragraph (c) hereof were destroyed in the course of the Plaintiff's business.

4. Prior to the issue of the Writ herein, the 1st and 2nd Defendants have infringed the said Artistic Works by authorising the manufacture, the manufacture of and/or importing into and exporting from Hong Kong in its course of business, possessing for the purpose of trade or business, selling or offering or exposing for sale, for the purpose of trade or business exhibiting in public or distributing fashion dolls known as Glitter Girls which are reproductions of or a reproduction of a substantial part of the said Artistic Works without the license of the Plaintiff (hereinafter collectively

C:\MAGG\CVP\copyright\WF-1674-4\GA\Writ.doc

M0012598

EXHIBIT 39
PAGE 196

EX 10234-0044

referred as "the Infringing Dolls")

## Particulars

The Plaintiff will in particular rely on the following facts and matters:-

a) The exposure for sale of the Infringing Dolls to an investigator employed by the Plaintiff by the distribution of leaflets depicting the Infringing Dolls on 8th February 2003 and 14th February 2003.

b) The possession for the purpose of trade or business and exposure for sale of the Infringing Dolls by the 1st and/or the 2nd Defendants in a showroom at Room 802A, Empire Centre, Tsimshatsui East, Kowloon on the 14th February 2003 to an investigator employed by the Plaintiff.

c) The sale and/or distribution of 2 Infringing Dolls by the 1st Defendant at the 1st and 2nd Defendant's registered offices on the 11th March 2003 to an investigator employed by the Plaintiff.

d) The exposure for sale by the 2nd Defendant of the Infringing Dolls by the provision of a quotation dated 11th March 2003.

e) The exposure for sale of the Infringing Dolls by the 1st and 2nd Defendants

C:\MAGGIE\TEMP\copyright\WF-1876-MCA\WIA.doc

M0012599

EXHIBIT __39__
PAGE __197__

EX 10234-0045

by way of an advertisement in p.140 of Vol. 2 of 2003 issue of the Hong Kong Toys Magazine.

f)  The exhibition in public of the Infringing Dolls by the 1st and/or 2nd Defendants at the Hong Kong Houseware Fair and Hong Kong Gifts & Premium Fair 2003 ("the Hong Kong Fair") in July 2003.

g)  The manufacture, authorization of manufacture, sale and export on divers dates an unknown quantity of the Infringing Dolls to Europe and the United States by the 1st and 2nd Defendants.

h)  The admission by the 1st and 2nd Defendants that the 2nd Defendant was the supplier of the Infringing Dolls to the 1st Defendant in a letter dated 21st August 2003 sent by the 1st and 2nd Defendants' solicitor to the Plaintiff's solicitors.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full particulars of all the wrongful acts of copyright infringement of the 1st and 2nd Defendants but will seek to recover damages in respect of each and every such wrongful act.

5.  The Plaintiff will in so far as is necessary rely on the fact that at all material times

C:\MAAQ042\VP\copyright\WP -1278-MCARNY/R.doc

M0012600

EXHIBIT  39
PAGE  198

EX 10234-0046

by way of an advertisement in p.140 of Vol. 2 of 2003 issue of the Hong
Kong Toys Magazine.

f) The exhibition in public of the Infringing Dolls by the 1st and/or 2nd
Defendants at the Hong Kong Houseware Fair and Hong Kong Gifts &
Premium Fair 2003 ("the Hong Kong Fair") in July 2003.

g) The manufacture, authorization of manufacture, sale and export on divers
dates an unknown quantity of the Infringing Dolls to Europe and the United
States by the 1st and 2nd Defendants.

h) The admission by the 1st and 2nd Defendants that the 2nd Defendant was the
supplier of the Infringing Dolls to the 1st Defendant in a letter dated 21st
August 2003 sent by the 1st and 2nd Defendants' solicitor to the Plaintiff's
solicitors.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full
particulars of all the wrongful acts of copyright infringement of the 1st and 2nd
Defendants but will seek to recover damages in respect of each and every such
wrongful act.

5. The Plaintiff will in so far as is necessary rely on the fact that at all material times

C:\MAGGIE\Property\rights\MT - 1816-MCA\WR.doc

M0012601

EXHIBIT  39
PAGE  199

EX 10234-0047

the 1st and 2nd Defendants knew or had reason to believe that the infringing Dolls are infringing copies of the said Artistic Works within the meaning of the Copyright Ord., Cap. 528.

## Particulars of Knowledge

The Plaintiff will in particular rely upon the following facts and matters:-

(a)   The Plaintiff relies on the fact that the 1st and 2nd Defendants are in the same business as the Plaintiff, the Bratz fashion dolls being first exhibited and sold in the USA in June 2001.

(b)   The Bratz fashion dolls have won numerous awards including Toy of the Year Award, People's Choice of the Year Award, Doctor Toy Award and Family Fun Best Toy Award and numerous articles have been about the Bratz fashion dolls and their success.  The Bratz fashion dolls have achieved worldwide fame and publicity.

(c)   The Plaintiff relies on the objective similarity between the said Artistic Works and the infringing Dolls.

(d)   On 14th February 2003, a Mr. Allen Ho on behalf of the 1st and 2nd Defendants informed an investigator employed by the Plaintiff that some modifications were made to the infringing Dolls so that the infringing Dolls would not resemble the Bratz fashion dolls too much.

(e)   In correspondence dated 7th August 2003 between the solicitors for the

M0012602

EXHIBIT __39__

PAGE ___200___

EX 10234-0048

the 1st and 2nd Defendants knew or had reason to believe that the infringing Dolls

are infringing copies of the said Artistic Works within the meaning of the Copyright

Ord., Cap. 528.

### Particulars of Knowledge

The Plaintiff will in particular rely upon the following facts and matters:-

(a)   The Plaintiff relies on the fact that the 1st and 2nd Defendants are in the
same business as the Plaintiff, the Bratz fashion dolls being first
exhibited and sold in the USA in June 2001.

(b)   The Bratz fashion dolls have won numerous awards including Toy of the
Year Award, People's Choice of the Year Award, Doctor Toy Award and
Family Fun Best Toy Award and numerous articles have been about the
Bratz fashion dolls and their success.   The Bratz fashion dolls have
achieved worldwide fame and publicity.

(c)   The Plaintiff relies on the objective similarity between the said Artistic
Works and the Infringing Dolls.

(d)   On 14th February 2003, a Mr. Allen Ho on behalf of the 1st and 2nd
Defendants informed an investigator employed by the Plaintiff that
some modifications were made to the Infringing Dolls so that the
Infringing Dolls would not resemble the Bratz fashion dolls too much.

(e)   In correspondence dated 7th August 2003 between the solicitors for the

M0012603

EXHIBIT 39
PAGE 201

EX 10234-0049

1st and 2nd Defendants and the Plaintiff's solicitors, the 1st Defendant
asserted that it ceased dealing with the Infringing Dolls upon learning
the infringement of copyright, however on 21 August 2003, the 1st
Defendant asserted that prior to the receipt of the cease and desist
letter dated 30th July 2003, it had not promoted, offered and/or exposed
for sale and/or sold the Infringing Dolls. On 10th September 2003, the 1st
Defendant further asserted that it has not promoted, offered and/or
exposed for sale and/or sold the Infringing Dolls. The Plaintiff refers to
sub-paragraphs (a) to (e) of paragraph 4 herein. In light of the foregoing,
the Plaintiff relies on the deliberate attempt by the 1st Defendant to
conceal its infringing activities to show that the 1st Defendant had
knowledge or had reason to believe that the Infringing Dolls were
infringing copies of the said Artistic Works.  The Plaintiff also relies on
the fact that the 1st and 2nd Defendants have identical directors and thus
any knowledge of the 1st Defendant is imputed to the 2nd Defendant as
well.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full
particulars of all the particulars of knowledge of the 1st and 2nd Defendants.

6.  By reason of the foregoing, the Plaintiff has suffered loss and unless the 1st and 2nd
Defendants are restrained by this Honourable Court, will continue to suffer loss
and damage.

7.  By reason of all the circumstances of this case, including the flagrancy of the
infringement, the benefit accruing to the 1st and 2nd Defendants by reason of the

M0012604

EXHIBIT 39
PAGE 202

EX 10234-0050

infringement and the completeness, accuracy and reliability of the 1st and 2nd Defendants' business accounts and records, the Plaintiff claims additional damages under Section 108 of the Copyright Ord., Cap. 528.

### Particulars

The Plaintiff will in particular rely upon the following facts and matters:-

(a) The Plaintiff repeats the particulars supplied under paragraphs 5 hereof.

(b) The 1st and 2nd Defendants in infringing the said Artistic Works have reaped substantial benefits in that the 1st and 2nd Defendants do not have to incur development costs, marketing costs and the risks that the Infringing Dolls might not be popular with its customers. The 1st and 2nd Defendants knew that in copying the said Artistic Works they will be able to produce, market and sell a product that has proven to be successful and is in demand by members of the trade and public.

8. By reason of the 1st and 2nd Defendants' wrongful acts and/or by reason of the 1st and 2nd Defendants' dealing in the Infringing Dolls, the 1st and 2nd Defendants owe a duty to the Plaintiff to assist the Plaintiff by supplying the Plaintiff with full information relating to the products complained of, all dealings therein or therewith

C:\MAGGIE\Posopyrgnt\WP - I475-MCA\WK.doc

M0012605

EXHIBIT __39__
PAGE __203__

EX 10234-0051

and the identities of all other wrong doers.

9. Further by virtue of sections 48 and 49 of the High Court Ordinance (Cap. 4) the
Plaintiff is entitled to and claims to recover interest on any amount found to be due
to the Plaintiff at such rate(s) and for such period(s) as this Honourable Court
considers just and proper.

AND the Plaintiff claims:-

1. An injunction to restrain the 1st and 2nd Defendants whether acting by themselves,
their directors, officers, servants or agents or any of them or otherwise howsoever
from infringing the Plaintiff's copyright in original artistic works relating to the
Plaintiff's fashion dolls under the name "Bratz" and/or from directing, procuring,
instigating, causing, enabling or assisting others to do so.

2. An order for delivery up or destruction upon oath of all articles and materials in the
1st and 2nd Defendants' possession, power, custody or control including dies,
plates, templates, labels, moulds, leaflets, catalogues and packaging the use or
sale or dealing therewith by the 1st and 2nd Defendants would offend against the
foregoing injunction.

C:\MAGDI\EXP\copyright\YWT-13J\BJ-MGA\WH.doc

M0012606

EXHIBIT ___39___

PAGE ___204___

EX 10234-0052

3.  An inquiry as to damages, alternatively damages or, at the Plaintiff's option, account of profits, in respect of the 1st and 2nd Defendants' wrongful acts of infringement of copyright.

4.  Additional damages pursuant to section 108(2) of the Copyright Ordinance.

5.  An order for the payment by the 1st and 2nd Defendants' of all sums found due to the Plaintiff upon making such inquiries and/or accounts together with such interest thereon as this Honourable Court shall deem just pursuant to Section 48 of the High Court Ordinance.

6.  An order for discovery or verification upon oath of all matters relating to the foregoing.

7.  Costs

8.  Such further or other relief as this Honourable Court shall deem just.

Dated this 16th day of October 2003.

William W.L. Fan & Co.

Solicitors for the Plaintiff

C:\MADO\EV\Copyright\WF-157B-MDA\WIL.doc

M0012607

EXHIBIT ___39___
PAGE ___205___

EX 10234-0053

# EXHIBIT 40



EXHIBIT 40

PAGE 206

HKP 00057
EX 13865-0001



EXHIBIT __40__
PAGE __207__

HKP 00058
EX 13865-0002



40
208

HKP 00059
EX 13865-0003



EXHIBIT   40
PAGE        209

HKP 00060
EX 13865-0004



EXHIBIT 40
PAGE 210

HKP 00061
EX 13865-0005

EXHIBIT 40
PAGE 211

HKP 00062
EX 13865-0006