QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S *EX PARTE* APPLICATION FOR AMENDMENT OF THE BRIEFING SCHEDULE REGARDING THE MGA PARTIES' *EX PARTE* APPLICATION AND MOTION TO STAY PENDING APPEAL; AND |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |
| | MEMORANDUM OF POINTS AND AUTHORITIES |
| | [Declaration of Michael T. Zeller and Proposed Order filed concurrently] |

07209/2741662.1

MATTEL'S EX PARTE APPLICATION FOR AMENDMENT OF BRIEFING SCHEDULE RE MGA'S EX PARTE

Mattel, Inc. ("Mattel") hereby respectfully applies *ex parte*, pursuant to <u>Local Rule</u> 7-19, for an Order Amending the Briefing Schedule regarding the MGA Parties' *Ex Parte* Application and Motion for Stay Pending Appeal ("Stay Application").

Mattel makes this Application on the grounds that defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian (collectively, the "MGA Parties") should be required to file their reply brief no later than December 26, 2008 because Mattel's agreement to the stipulated briefing schedule submitted to the Court was based upon representations by MGA's counsel that MGA then contradicted in the Ninth Circuit.

Good cause exists to seek this relief on an *ex parte* basis.  The Court has set a hearing on the Stay Application for Tuesday, December 30, 2008 at 10:00 a.m. Mattel does not have the opportunity to seek this relief on a regularly noticed motion.

Pursuant to <u>Local Rule</u> 7-19, on December 22, 2008, Mattel's counsel sought to resolve the issues set forth in this Application with counsel for the MGA Parties and subsequently gave notice of this Application and the relief being sought to counsel for the MGA Parties, Thomas Nolan and Jason Russell of Skadden, Arps, Slate, Meagher & Flom LLP (telephone: 213-687-5000; address: 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071).  Counsel for defendants stated that the MGA Parties oppose this Application.

This Application is based on this Notice of Application, the accompanying Memorandum of Points and Authorities, the Declaration of Michael T. Zeller (and its exhibits) filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

1  DATED:  December 22, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

2

3                                      By /s/ Michael T. Zeller

4                                        Michael T. Zeller
                                         Attorneys for Mattel, Inc.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-ii-

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Delaying a full eight days after this Court's December 3, 2008 Orders, MGA filed an Ex Parte Application for a Stay Pending Appeal ("Stay Application").[1] Subsequently, this past Friday night, MGA's counsel emailed Mattel's counsel a 50-page Emergency Motion that MGA had submitted to the Ninth Circuit.[2]  The basis for the ostensible "emergency" was MGA's false representation to the Ninth Circuit that this Court "(sua sponte) has abruptly suspended" the briefing schedule on the Stay Application[3] and that this Court's "inaction is tantamount to denial of the stay motion."[4]

MGA made no disclosure to the Ninth Circuit that, far from being a "sua sponte" order by this Court, the delays in the District Court were solely the result of MGA's groundless "Attorney's Eyes Only" designation of declarations that precluded Mattel's counsel from effectively consulting with Mattel.  Confirming that MGA's designations were also groundless and tactical from the outset, MGA to this day has made no effort to justify those designations.[5]

On Saturday afternoon, December 20, Mattel's counsel received from the Court its email reiterating its expectation that the parties would stipulate to a schedule on the Stay Application.[6]  Although MGA made no effort to contact

---

[1]   Declaration of Michael T. Zeller, dated December 22, 2008 and filed concurrently herewith ("Zeller Dec."), ¶ 2.

[2]   <u>Id.</u>, ¶ 3.

[3]   <u>See</u> Emergency Motion for Stay Pending Appeal, dated December 19, 2008, Zeller Dec., Exh. 1.

[4]   <u>Id.</u>

[5]   <u>See</u> Reply in Support of Mattel, Inc.'s <i>Ex Parte</i> Application for De-Designation of Compendium of Third-Party Declarations, dated December 19, 2008, at 3-4; Mattel, Inc.'s Response to the MGA Parties' Supplemental Response Re Mattel's <i>Ex Parte</i> Application for De-Designation, dated December 22, 2008, at 2.

[6]   Zeller Dec., ¶ 4.

Mattel, Mattel sent an email to MGA's counsel to discuss a schedule.[7]   That day, during a discussion with MGA's counsel Jason Russell, Mattel originally proposed that Mattel file its opposition on Tuesday, December 23, 2008 and MGA file its reply on December 26, 2008.[8]  Mr. Russell, however, resisted and asked for a reply date of Monday, December 29, 2008.[9]   Mattel's counsel explained that given the Court had set the Stay Application for hearing on December 30, a reply date of December 29 would not give Mattel adequate time to fairly prepare for the hearing.[10]

To procure Mattel's assent to that schedule, Mr. Russell represented that it was not reasonable or feasible for MGA to file a reply on December 26 because of the holidays.[11]   Indeed, when Mattel sought MGA's agreement that it file its reply early on Monday morning or at least no later than 1 p.m. on that day, Mr. Russell represented that MGA could not prepare its 12-page reply on MGA's stay application until 3:00 p.m. on Monday, December 29.[12]  Ultimately, even though it served to short change Mattel on the time it had to analyze MGA's reply, Mattel's counsel reluctantly agreed to that schedule.   The reasons were two-fold:  (1) Mr. Russell's representations and appeals to professional courtesy about the difficulties of filing on December 26, and (2) Mattel's counsel's belief that agreeing to the schedule would mean that no counsel would have to work on Christmas Day -- which would obviously be necessary to prepare papers for filing on the 26th -- because once the District Court's schedule was re-set, MGA would discontinue its

---

[7]   See E-mail from counsel for Mattel to counsel for MGA, dated December 20, 2008, Zeller Dec., Exh. 2.

[8]   Zeller Dec., ¶ 5.

[9]   Id.

[10]   Id.

[11]   Id., ¶ 6.

[12]   Id.  See also Series of E-mails between counsel for Mattel and counsel for MGA, dated December 20, 2008, Zeller Dec., Exh. 3.

1  "emergency" stay application in the Ninth Circuit, especially given that it was based
2  on false claims about this Court having stymied briefing on the Stay Application.[13]
3  On Saturday evening, Mattel accordingly prepared a Stipulation, filed it with the
4  Court and emailed it to the Court as requested by the Court.[14]

5  The next day, and only after procuring Mattel's agreement, MGA's counsel
6  then discarded any pretense of professional courtesy or even any consistency with
7  MGA's own earlier representations about December 26 being impractical as a filing
8  day.  MGA not only refused to withdraw its "emergency" Ninth Circuit motion, but
9  MGA demanded that Mattel respond to MGA's 50-page Emergency Motion in the
10  Ninth Circuit in San Francisco on December 26 -- the day after Christmas.[15]

11  Mattel understandably did not agree to MGA's newly declared position that
12  December 26 was a reasonable filing date and in fact pointed out the disparity
13  between MGA's demands of Mattel and Mr. Russell's claims about the unfairness of
14  requiring MGA to file a considerably shorter brief on the same day and the
15  difficulties of filing on the day after Christmas.[16]  MGA nevertheless then sent a
16  letter to the Ninth Circuit that again repeated MGA's false claims that this Court
17  earlier had "sua sponte" discontinued briefing on the Stay Application.[17]  It also
18  requested and, today, procured a schedule that requires Mattel to file an opposition

19  _____

20  [13]  Id., ¶ 7.
     [14]  Id.
21  [15]  Id., ¶ 8.  See Series of E-mails between counsel for Mattel and counsel for
22  MGA, dated December 21, 2008, Zeller Dec., Exh. 4.
     [16]  Id.
23  [17]  Id., ¶ 9.  See Letter to Ninth Circuit from counsel for MGA, dated December
24  22, 2008, Zeller Dec., Exh. 5.  Seeking to obscure the plain falsity of this repeated
     claim, especially in light of the Court having sent an email on a Saturday morning
25  that made clear it would be deciding the Stay Application, MGA sought to spin this
26  Court's actions in setting a hearing as being too late.  Id., Exh. 5.  Of course, MGA's
     claim that this Court is acting too late by having a hearing on December 30 cannot
27  be squared with either the history of MGA's delays or with its assertion that MGA
28  cannot file a reply on its Stay Application until December 29.

1   to its 50-page opposition in the Ninth Circuit by 3 p.m. on December 26.[18]  In light

2   of MGA's changed positions, Mattel then asked MGA to agree to file its obviously

3   much shorter 12-page reply in this Court on that day as well, but MGA refused.[19]

4          Of course, MGA's claim that it cannot file a 12-page reply until the afternoon

5   of December 29 -- six days after Mattel files its opposition, in addition to the now-

6   weeks of delay that MGA is solely responsible for -- belies its cries of purported

7   urgency and imminent extinction by December 31, 2008.   Furthermore, MGA

8   procured Mattel's agreement on the Stipulation only because it appeared that

9   resolving the issue about the date of MGA's reply would avoid inconveniencing *any*

10  counsel over Christmas as a matter of professional courtesy and would result in

11  MGA's discontinuance of its "emergency" stay application in the Ninth Circuit.

12  MGA's subsequent course -- consisting of not only refusing to withdraw its

13  "emergency" Ninth Circuit motion that is based on false assertions about this Court,

14  but indeed insisting that Mattel respond on December 26 -- shows that the

15  representations MGA made to induce Mattel to enter that agreement were not

16  genuine but tactical.   Most importantly, having contradicted those representations in

17  its positions to the Ninth Circuit, MGA should not be rewarded for its tactics and

18  certainly should not be permitted to disadvantage Mattel or the Court by delaying its

19  reply until the afternoon before the hearing.

20

21

22

23

24

25

26
     _____

27  [18]   Zeller Dec., ¶ 9.

    [19]   Id., ¶ 10.   See E-mail exchange between counsel for Mattel and counsel for
28  MGA, dated December 22, 2008, Zeller Dec., Exh. 6.

1   The stipulated date for MGA's reply should be vacated, and MGA should be
2   ordered to file and serve (personally or by electronic mail) its reply in this Court no
3   later than December 26, 2008.

4

5   DATED:  December 22, 2008        QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
6

7                                    By /s/ Michael T. Zeller
8                                        Michael T. Zeller
                                         Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28