1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12  | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
    |---|---|
13  | Plaintiff, | Consolidated with Case No. CV 04-09059 |
14  | vs. | Case No. CV 05-02727 |
15  | MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
16  | Defendant. | DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL, INC.'S *EX PARTE* APPLICATION FOR AMENDMENT OF THE BRIEFING SCHEDULE REGARDING THE MGA PARTIES' *EX PARTE* APPLICATION AND MOTION TO STAY PENDING APPEAL |
17  | | |
18  | AND CONSOLIDATED ACTIONS | |

19

20

21

22

23

24

25

26

27

28

07209/2741767.1

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1.     I am a member of the bars of the States of California, New York and Illinois and am a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel").  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2.     On December 11, 2008, eight days after this Court's December 3, 2008 Orders, MGA filed an Ex Parte Application for a Stay Pending Appeal.

3.     This past Friday night, December 19, 2008, MGA's counsel emailed Mattel's counsel a 50-page "Emergency Motion" that MGA had submitted to the Ninth Circuit.  A true and correct copy of the caption page and pages 3 and 4 of the redacted version of the motion is attached as Exhibit 1.

4.     On Saturday afternoon, December 20, Mattel's counsel received from the Court its email reiterating its expectation that the parties would stipulate to a schedule on the Stay Application.  That same day I sent an email to MGA's counsel to discuss a schedule.  A true and correct copy of an e-mail that I sent to Tom Nolan, Carl Roth, Robert Herrington and Jason Armstrong, counsel for MGA, dated December 20, 2008, is attached as Exhibit 2.

5.     On December 20, during a discussion with MGA's counsel Jason Russell, I proposed that Mattel file its opposition on Tuesday, December 23, 2008 and MGA file its reply on December 26, 2008.  Mr. Russell, however, resisted and asked for a reply date of Monday, December 29, 2008.  I explained that given the Court had set the Stay Application for hearing on December 30, a reply date of December 29 would not give Mattel adequate time to fairly prepare for the hearing.

6.     During that discussion, Mr. Russell represented that it was not reasonable or feasible for MGA to file a reply on December 26 because of the holidays.  Moreover, even when I proposed that if MGA were going to insist that

-1-

1  the date for reply be December 29, MGA should agree to provide its reply in the
2  morning or at least no later than 1 p.m. on that day.  Mr. Russell, however,
3  represented in response that MGA could not prepare its 12-page reply on MGA's
4  stay application until 3:00 p.m. on Monday, December 29.  A true and correct copy
5  of a series of e-mails between me and Mr. Russell, dated December 20, 2008, is
6  attached as Exhibit 3.

7          7.      Ultimately, I reluctantly agreed to that schedule for two reasons:
8  (1) Mr. Russell's representations and appeals to professional courtesy about the
9  difficulties of filing on December 26, and (2) Mattel's counsel's belief that agreeing
10  to the schedule would mean that no counsel would have to work on Christmas Day -
11  - which would obviously be necessary to prepare papers for filing on the 26th --
12  because once the District Court's schedule was re-set, MGA would discontinue its
13  "emergency" stay application in the Ninth Circuit, especially given that it was based
14  on erroneous claims about this Court's actions in connection with MGA's stay
15  application.  On Saturday evening, I accordingly prepared a Stipulation, had it filed
16  with the Court and emailed it to the Court as requested by the Court.

17          8.      The next day, Sunday, December 22, 2008, MGA's counsel
18  Douglas Winthrop not only refused to withdraw MGA's purported "emergency"
19  Ninth Circuit motion, but he demanded that Mattel respond to MGA's 50-page
20  motion in the Ninth Circuit in San Francisco on December 26 -- the day after
21  Christmas.  A true and correct copy of a series of emails between me and counsel
22  for MGA, dated December 21, 2008, is attached as Exhibit 4.  In response, I pointed
23  out that the demand was neither reasonable nor consistent with MGA's claims just
24  the day before about the unfairness of requiring MGA to file a considerably shorter
25  brief on the same day and the difficulties of filing on the day after Christmas.

26          9.      On Monday, December 23, 2008, Mr. Winthrop nevertheless
27  sent a letter to the Ninth Circuit that again repeated MGA's misrepresentations that
28  this Court earlier had "sua sponte" discontinued briefing on the Stay Application.  A

-2-

DECLARATION OF MICHAEL T. ZELLER

1 | true and correct copy of that letter is attached as Exhibit 5. It also asked for a
2 | briefing schedule that requires Mattel to file an opposition to its 50-page motion in
3 | the Ninth Circuit on December 26. In the afternoon of December 22, 2008, Mattel
4 | was informed by Ninth Circuit personnel that Mattel would have to file its response
5 | (which will be 50 pages or more) in the Ninth Circuit in San Francisco by 3 p.m. on
6 | the day after Christmas, December 26, 2008.

7 |          10. In light of MGA's changed positions, Mattel asked MGA to
8 | agree to file its obviously much shorter 12-page reply in this Court on that day as
9 | well, but MGA refused. Attached as Exhibit 6 is a true and correct email that my
10 | partner, Jon Corey, sent to Mr. Russell, asking that MGA agree to file its reply on
11 | December 26, 2008 and informing MGA of Mattel's intent to apply to the Court for
12 | *ex parte* relief. I sent a further email in response to Mr. Russell's email, which
13 | MGA has not disputed or responded to. Attached as Exhibit 6 is a true and correct
14 | copy of that email exchange.

15 |

16 |          I declare under penalty of perjury under the laws of the United States of
17 | America that the foregoing is true and correct.

18 |          Executed on December 22, 2008, at Los Angeles, California.

19 |          /s/ Michael T. Zeller

20 |          Michael T. Zeller

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

# EXHIBIT 1

CA No. 08-57015
DC No. CV 04-9049 SGL (RNBx)

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT
HK, LTD., and ISAAC LARIAN,

*Appellants,*
v.

MATTEL, INC., a Delaware corporation,

*Appellee.*

On Appeal From Judgment Of The United States District Court
For The Central District Of California
(Hon. Stephen G. Larson, Presiding)

# EMERGENCY MOTION
# UNDER CIRCUIT RULE 27-3

## MOTION FOR STAY PENDING APPEAL
### [REDACTED FOR PUBLIC FILE]

JEROME B. FALK, JR. (No. 39087)
STEVEN L. MAYER (No. 62030)
DOUGLAS A. WINTHROP (No. 183532)
SHAUDY DANAYE-ELMI (No. 242083)
REBECCA M. KAHAN (No. 244423)
HOWARD RICE NEMEROVSKI CANADY
  FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: 415/434-1600
Facsimile: 415/217-5910

THOMAS J. NOLAN (No. 66992)
RAOUL D. KENNEDY (No. 40892)
JASON D. RUSSELL (No. 169219)
SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: 213/687-5000
Facsimile: 213/687-5600

RUSSELL J. FRACKMAN (No. 49087)
MITCHELL, SILBERBERG & KNUPP LLP
11377 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310/312-2000
Facsimile: 310/312-3100

*Attorneys for Appellants MGA Entertainment, Inc., MGA
Entertainment HK, Ltd., and Isaac Larian*

EXHIBIT ___1___
PAGE ___4___

As agreed between counsel, the other parties will be served with the Motion via e-mail and the supporting papers by overnight delivery on December 19, 2008.

### (iv) Whether All The Grounds Advanced In Support Of The Relief Sought In the Motion Were Submitted To The District Court.

Yes. MGA filed its application for stay in the District Court on December 11, 2008. The parties stipulated to a briefing schedule, which the District Court (*sua sponte*) has abruptly suspended. In addition, the court has advised that it will be "dark" during the week of December 22. It is therefore unlikely that the court will even rule on MGA's stay application before the end of the year. Given MGA's urgent need for a stay by December 31, relief from the dire consequences of the Orders appealed from is not available in the District Court (*see* FED. R. APP. P. 8(a)(2)(A)(i), (ii)), and the District Court's inaction is tantamount to denial of the stay motion. For that reason, MGA is filing

EXHIBIT _____1_____
PAGE _____5_____

this motion even though, despite its diligent efforts, it has been unable to obtain a ruling from the District Court on its stay application.

DATED: December 19, 2008.

Respectfully,

JEROME B. FALK, JR.
STEVEN L. MAYER
DOUGLAS A. WINTHROP
SHAUDY DANAYE-ELMI
REBECCA M. KAHAN
HOWARD RICE NEMEROVSKI CANADY
   FALK & RABKIN
A Professional Corporation

THOMAS J. NOLAN
RAOUL D. KENNEDY
JASON D. RUSSELL
SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP

RUSSELL J. FRACKMAN
MITCHELL, SILBERBERG & KNUPP LLP

By _____
       JEROME B. FALK, JR.

*Attorneys for Appellants MGA Entertainment, Inc.,*
*MGA Entertainment HK, Ltd. and Isaac Larian*

4

EXHIBIT _____1_____
PAGE _____6_____

# EXHIBIT 2

**Stephen Hauss**

| | |
|---|---|
| **From:** | Michael T Zeller |
| **Sent:** | Saturday, December 20, 2008 2:04 PM |
| **To:** | 'tnolan@skadden.com'; 'Roth, Carl A (LAC)'; 'Herrington, Robert J (LAC)'; 'Jason Armstrong' |
| **Cc:** | John Quinn; Dylan Proctor; Jon Corey |
| **Subject:** | Scheduling |

Dear counsel, please let us know when you are available to discuss Judge Larson's email.

**Michael T. Zeller**
*Partner,*
Quinn Emanuel Urquhart Oliver & Hedges, LLP.

865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
213-443-3180 Direct
213-443-3000 Main Office Number
310-443-3100 Fax
michaelzeller@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

----- Original Message -----
From: : **REDACTED**

To: Thomas J Nolan <Thomas.Nolan@skadden.com>; jason.russell@skadden.com
<jason.russell@skadden.com>; John Quinn; michaelzeller%quinnemanuel@uscmail.dcn <michaelzeller%
quinnemanuel@uscmail.dcn>

Cc: **REDACTED**

Sent: Sat Dec 20 13:50:45 2008

Subject: Scheduling issues

EXHIBIT ___2___
PAGE ___7___

Dear Counsel,

I anticipate receiving soon from you a stipulated briefing schedule for the opposition and reply to MGA's request for a stay pending appeal, which briefing schedule I intend to issue by way of a minute order on Monday, December 22. If you reach agreement this weekend, please send me an e-mail indicating to what you have agreed. I also intend to set this matter for hearing on Tuesday, December 30, 2008, at 10:00 a.m. in Courtroom

One. As indicated in my most recent minute order, chambers will be dark from December 22 through December 26. Because I will be working from home during this time, please direct any courtesy copies related to the request for stay pending appeal (as well as the objections/preferences regarding the proposed discovery and special masters which are due in camera on December 22) to my residence **REDACTED**

Please confirm receipt of this message. Although I know you will be working hard through the holidays, I do wish each of you, your families, and your colleagues peace and best wishes during this special season and in the new year.

Stephen Larson

Stephen G. Larson

United States District Judge

EXHIBIT   **2**

PAGE   **8**

# EXHIBIT 3

## Jon Corey

| | |
|---|---|
| **From:** | Russell, Jason D [Jason.Russell@skadden.com] |
| **Sent:** | Saturday, December 20, 2008 7:02 PM |
| **To:** | Michael T Zeller |
| **Subject:** | Re: Scheduling |

Deal. Thank you. As I hope Dylan has told you, I am not a game player and will get you our brief as early as possible.

---

**From:** Michael T Zeller
**To:** Russell, Jason D (LAC)
**Sent:** Sat Dec 20 21:59:50 2008
**Subject:** Re: Scheduling

Ok. I give. But I want to receive the brief by email as soon as it is out the door on its way to Riverside if it before 3. Deal?

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA 90017

Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

E-mail: michaelzeller@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Russell, Jason D
**To:** Michael T Zeller
**Sent:** Sat Dec 20 18:55:07 2008
**Subject:** Re: Scheduling

Michael,

I am not trying to be difficult but we need until 3 pm because of the availability of key people who will be signing off on the brief and I am concerned that 2 is cutting it too close. If we can file earlier (and I certainly hope we can), then we will.

Jason

---

**From:** Michael T Zeller
**To:** Russell, Jason D (LAC)

**EXHIBIT** __3__
**PAGE** __9__

**Cc:** Dylan Proctor ; Jon Corey ; Stephen Hauss
**Sent:** Sat Dec 20 21:45:18 2008
**Subject:** Re: Scheduling

Let's split the diff at 2 pm? Sorry to be nit picking but we need time to look over and prep for the hearing re your reply.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA 90017

Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

E-mail: michaelzeller@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Russell, Jason D
**To:** Michael T Zeller
**Cc:** Dylan Proctor; Jon Corey; Stephen Hauss
**Sent:** Sat Dec 20 18:38:56 2008
**Subject:** Re: Scheduling

Michael,

The stipulation looks fine, except we want until 3 pm on Monday the 29th to file our reply brief. With that change, you have permission to sign and file on MGA's behalf.

I spoke with attorneys at Howard Rice and I understand that they are reaching out to you separately to discuss issues relating to the motion to stay filed in the 9th Circuit.

Finally, let me know when you would like to speak again with respect to the discovery/special master issue. MGA is on-board with proposing to the court that the response to th court's list be deferred to allow the parties to attempt to arrive at a mutually agreeable list of proposed discovery/special masters.

Jason

---

**From:** Michael T Zeller
**To:** Russell, Jason D (LAC)
**Cc:** Dylan Proctor ; Jon Corey ; Stephen Hauss
**Sent:** Sat Dec 20 19:21:27 2008
**Subject:** RE: Scheduling

Jason, following up on our conversation and to keep the ball rolling, I'm attaching a draft stip. with the dates for the briefing that we arrived at in principle.  Please note that I put in a time certain (1 pm) for the Monday, Dec 29 reply so that we'll have time to look at it and do any prep for the hearing the following morning.  I can be flexible on the exact time but of course it is not practicable to be getting it at midnight the night before the morning

EXHIBIT _____**3**_____
PAGE _____**10**_____

hearing. Please let me know if you have any issues on that.

Also, I know both of us are looking into various issues before the agreement on the timing is truly final. Please let me know when you've been able to confirm the dates we discussed, and of course I'll do the same.

**Michael T. Zeller**
*Partner,*
Quinn Emanuel Urquhart Oliver & Hedges, LLP.

865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
213-443-3180 Direct
213-443-3000 Main Office Number
310-443-3100 Fax
michaelzeller@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Russell, Jason D [mailto:Jason.Russell@skadden.com]
**Sent:** Saturday, December 20, 2008 2:43 PM
**To:** Michael T Zeller
**Subject:** Fw: Scheduling

Mike,

I am available to discuss right now. Call me at 310-940-5345.

Jason

---

**From:** Herrington, Robert J (LAC)
**To:** Russell, Jason D (LAC)
**Sent:** Sat Dec 20 17:40:11 2008
**Subject:** Fw: Scheduling

---

**From:** Michael T Zeller
**To:** Nolan, Thomas J (LAC); Roth, Carl A (LAC); Herrington, Robert J (LAC); 'Jason Armstrong'
**Cc:** John Quinn ; Dylan Proctor ; Jon Corey
**Sent:** Sat Dec 20 17:03:33 2008
**Subject:** Scheduling

Dear counsel, please let us know when you are available to discuss Judge Larson's email.

**Michael T. Zeller**
*Partner,*
Quinn Emanuel Urquhart Oliver & Hedges, LLP.

865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
213-443-3180 Direct
213-443-3000 Main Office Number
310-443-3100 Fax
michaelzeller@quinnemanuel.com

12/22/2008

EXHIBIT _____3_____
PAGE _____11_____

www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

----- Original Message -----                    REDACTED

From: Stephen_Larson(

To: Thomas J Nolan <Thomas.Nolan@skadden.com>; jason.russell@skadden.com <jason.russell@skadden.com>; John Quinn; michaelzeller%quinnemanuel@uscmail.dcn <michaelzeller% quinnemanuel@uscmail.dcn>

Cc                REDACTED

Sent: Sat Dec 20 13:50:45 2008

Subject: Scheduling issues

Dear Counsel,

I anticipate receiving soon from you a stipulated briefing schedule for the opposition and reply to MGA's request for a stay pending appeal, which briefing schedule I intend to issue by way of a minute order on Monday, December 22. If you reach agreement this weekend, please send me an e-mail indicating to what you have agreed. I also intend to set this matter for hearing on Tuesday, December 30, 2008, at 10:00 a.m. in Courtroom One. As indicated in my most recent minute order, chambers will be dark from December 22 through December 26. Because I will be working from home during this time, please direct any courtesy copies related to the request for stay pending appeal (as well as the objections/preferences regarding the proposed discovery and special masters which are due in camera on December 22)   REDACTED

Please confirm receipt of this message. Although I know you will be working hard through the holidays, I do wish each of you, your families, and your colleagues peace and best wishes during this special season and in the new year.

Stephen Larson

Stephen G. Larson

United States District Judge

---------------------------------------------------------
*********************************************

**EXHIBIT** __3__
**PAGE** __/2__

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise

expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
====================================================================
----------------------------------------------------------------
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
====================================================================
----------------------------------------------------------------
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EXHIBIT __3__
PAGE __/3__

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and
may contain legally privileged and/or confidential information. If you are not the intended recipient of
this email, you are hereby notified any dissemination, distribution or copying of this email, and any
attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me
at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout
thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be .
provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

=======================================================================

-----------------------------------------------------------------------
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise
expressly indicated, any federal tax advice contained in this message was not intended or written to be
used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue
Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to
another party any tax-related matters addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and
may contain legally privileged and/or confidential information. If you are not the intended recipient of
this email, you are hereby notified any dissemination, distribution or copying of this email, and any
attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me
at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout
thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be
provided upon request.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

=======================================================================

EXHIBIT _____ **3**
PAGE _____ **14**

# EXHIBIT 4

# Jon Corey

| | |
|---|---|
| **From:** | Michael T Zeller |
| **Sent:** | Sunday, December 21, 2008 1:39 PM |
| **To:** | 'Russell, Jason D' |
| **Cc:** | 'Nolan, Thomas J (LAC)' |
| **Subject:** | RE: MGA v. Mattel |

Thanks for the response.  I don't agree with most of what you say here, nor to be clear am I reneging on anything.  We will see where this goes, but I think you have my view and do agree with your at least implicit point that we can leave this for now since it is all prospective.


Michael T. Zeller

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  michaelzeller@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Russell, Jason D [mailto:Jason.Russell@skadden.com]
**Sent:** Sunday, December 21, 2008 1:33 PM
**To:** Michael T Zeller
**Cc:** Nolan, Thomas J (LAC)
**Subject:** Re: MGA v. Mattel

Michael,

I am not sure what you want me to do nor do I see any reason why the schedule we agreed to should be modified. Howard Rice proposed a schedule for the 9th Circuit motion to stay. You rejected it. We cannot impose anything on Mattel. None of this is remotely relevant to the schedule in front of Judge Larson, where you knew (because I told you) that MGA would not be withdrawing its 9th Circuit motion when we agreed to the schedule.

Moreover, the situations are completely dissimilar and you know it. Mattel has had MGA's motion to stay in the District Court for 10 days already and was, as we both know, done with its opposition when the court vacated the briefing schedule less than four hours from when Mattel had to file. (To the extent you maintain you needed to share the under seal declarations with your client, those declarations were re-designated, with 3 minor exceptions, on Friday). Nevertheless, Mattel is going to get several more days to finalize its opposition. Thus, MGA will receive Mattel's brief, as a practical matter, on Christmas Eve and will have obvious logistical issues in reaching witnesses needed to respond to new arguments that Mattel intends to raise.

EXHIBIT _____ 4
PAGE _____ 15

In contrast, in the 9th Circuit, under the schedule proposed by MGA's appellate counsel, Mattel will have a week to respond to the motion, which essentially mirrors a motion that Mattel has had since December 11th so I fail to see the hardship other than working on Christmas, which I sincerely regret. (And while it is 50 pages, much of that is procedural history, not argument.) But given the exigency of the situation, where MGA needs a ruling from the 9th Circuit by Dec. 31, the schedule proposed by Howard Rice seems like the only workable schedule.

Again, I sympathize with requiring anyone to work this week but MGA faces extinction and so I believe the schedule we agreed to and submitted to Judge Larson is fair and just. If you wish to try and renege on a schedule you agreed to, that is your decision and says something to me about you. I would not do so if I were in your position.

Jason

---

**From:** Michael T Zeller
**To:** Russell, Jason D (LAC)
**Sent:** Sun Dec 21 15:49:21 2008
**Subject:** RE: MGA v. Mattel

I find this troubling.  This is not a matter of negotiation.  This is a matter of facts and fairness.  As you surely know, we have the same issues of client access, etc. during the holiday week.  If MGA insists on the 26th as our due date for a by far more substantial filing, we will at a bare minimum raise the matter with Judge Larson as to MGA's briefing schedule before him.

---

**From:** Russell, Jason D [mailto:Jason.Russell@skadden.com]
**Sent:** Sunday, December 21, 2008 10:59 AM
**To:** Michael T Zeller
**Subject:** Re: MGA v. Mattel

Michael,

I cannot speak to the negotiations between you and Doug re the 9th Circuit but I asked for what I needed given my access to clients and potential affiants over the holiday week. As I said, if I can get you the brief sooner, I will but 3 pm is what we agreed to and I see no reason why one schedule impacts the other as to the timing of the reply in the District Court.

Jason

---

**From:** Michael T Zeller
**To:** Russell, Jason D (LAC)
**Sent:** Sun Dec 21 13:53:27 2008
**Subject:** Re: MGA v. Mattel

Jason, given that MGA apparently thinks Mattel can and must be filing a response to a 50 page brief on the day after Christmas, is it now MGA's position that it still can't get its 12 page reply to Judge Larson until 3pm on the 29th? Is MGA now agreeing to serve its reply on the 26th? Fair is fair.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA 90017

Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

EXHIBIT ____4____
PAGE ____16____

12/22/2008

E-mail: michaelzeller@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Michael T Zeller
**To:** 'dwinthrop@howardrice.com'
**Cc:** 'jrussell@skadden.com' ; 'jfalk@howardrice.com'
**Sent:** Sun Dec 21 10:20:58 2008
**Subject:** Re: MGA v. Mattel

I don't know what you mean by I hadn't gotten back to you. MGA was supposed to provided yesterday an answer to a question -- whether MGA would be withdrawing its inappropriate Ninth Circuit filings -- but that I received no substantive answer about until now. Your proposed briefing schedule on the purported merits of the petition seeks to burden us over the holidays and is the consequence of MGA's delays since December 3. It is not reasonable.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA 90017

Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

E-mail: michaelzeller@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Douglas A. Winthrop
**To:** Michael T Zeller
**Cc:** jrussell@skadden.com ; Jerome B. Falk, Jr.
**Sent:** Sun Dec 21 09:57:51 2008
**Subject:** Re: MGA v. Mattel

Mike– It's now Sunday morning and I haven't heard back from you. I understand from Jason that you were interested in learning whether we would withdraw the Motion for Stay in the Court of Appeals (the "Motion"). The answer is no. As set out in our papers, we must have a stay in place by Dec. 31 and therefore cannot wait until the District Court's ruling on December 30 before proceeding in the Court of Appeals. We would, however, be willing to agree to a briefing schedule in the Ninth Circuit. We propose that you have until close of business on December 26 for your opposition to our Motion and we have until close of business on December 29 for our reply. Please let me know if you will agree to this briefing schedule.

Thanks.

EXHIBIT _____4_____
PAGE _____17_____

# EXHIBIT 5

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN

*A Professional Corporation*

December 22, 2008

Three Embarcadero Center
Seventh Floor
San Francisco, CA 94111-4024

Telephone 415.434.1600
Facsimile 415.217.5910
*www.howardrice.com*

Writer's Information:

Douglas A. Winthrop
Direct: 415.399.3046
*dwinthrop@howardrice.com*

## BY HAND DELIVERY

Motions Unit
United States Court of Appeals
 For The Ninth Circuit
95 Seventh Street
San Francisco, California 94103

Re: *MGA Entertainment, Inc. v. Mattel, Inc.*
 CA No. 08-57015
 **Emergency Motion For Stay**

Dear Sir or Madam:

In the Emergency Stay Motion filed on Friday, December 19, 2008, we informed the Court that MGA had been unable to get a ruling on its stay application from the trial court. As we explained, the parties had agreed on a briefing schedule (with Mattel's opposition due on December 18 and MGA's reply due on Monday, December 22; however, the District Court *sua sponte* vacated the briefing order and advised that his courtroom would be dark from December 22-26. Stay Motion 19-20; Ex. 46. With no briefing schedule in place, we informed this Court that it appeared to be impossible for us to obtain a ruling before December 31.

At 1:50 pm on Saturday, December 20, the District Court sent the parties the following email message:

> I anticipate receiving soon from you a stipulated briefing schedule for the opposition and reply to MGA's request for a stay pending appeal, which briefing schedule I intend to issue by way of a minute order on Monday, December 22. If you reach agreement this weekend, please send me an e-mail indicating to what you have agreed. I also intend to set this matter for hearing on Tuesday, December 30, 2008, at 10:00 a.m. in Courtroom One. As indicated in my most recent minute order, chambers will be dark from December 22 through December 26. Because I will be working from home during this time, please direct any courtesy copies related to the request for stay pending appeal (as well as the objections/preferences regarding the proposed discovery and special masters which are due in camera on December 22) to my residence . . . .

EXHIBIT 5
PAGE 18

December 22, 2008
Page 2

       The parties have agreed upon a briefing schedule for Mattel's opposition to the stay motion in the District Court and MGA's reply thereto, with the reply due on December 29 by 3pm.

       As explained in the Petition, MGA will suffer irreparable injury unless a stay is put in place no later than December 31. *See* Pet. 22-24. The District Court, which initially had vacated a briefing schedule that would have allowed it to rule as early as December 22, has now agreed to hold a hearing on December 30. Even if the District Court rules on the stay motion on that day, that would only leave this Court a day—and that day is the day before the New Year's holiday—to rule on the stay request if the District Court has not itself stayed the Orders appealed from.

       Counsel for Mattel has requested that MGA withdraw its emergency stay motion now pending in this Court. MGA has declined because it urgently needs a stay to be in place by December 31 at the latest.

       MGA proposed to counsel for Mattel a briefing schedule that would have Mattel's opposition to the emergency stay motion filed with this Court by December 26 and MGA's reply filed by Monday, December 29. Mattel has not agreed to this proposal.

       We therefore request that the Court impose that briefing schedule (or a tighter one if that would better serve the Court's needs) in order that the Court be in a position to make a ruling on the emergency stay motion by December 31.

                                        Respectfully,

                                        DOUGLAS A. WINTHROP

cc: All Counsel (via facsimile)

W03 158460006/1541703/v1

EXHIBIT    5
PAGE      19

## PROOF OF SERVICE BY FACSIMILE TRANSMISSION

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen (18) years and not a party to the within action; my business address is Three Embarcadero Center, Seventh Floor, San Francisco, California 94111-4024; my business telephone number is 415-434-1600; my business facsimile number is 415-217-5910.

I am readily familiar with the practice for collection and processing of documents for transmission by facsimile machine of Howard Rice Nemerovski Canady Falk & Rabkin, A Professional Corporation, and that practice is that the document(s) are taken to the Telecommunications Department at Howard Rice Nemerovski Canady Falk & Rabkin, A Professional Corporation, along with a complete facsimile transmittal form for immediate transmission. Each such document received by the Telecommunications Department is transmitted, in the form received, as soon as possible after receipt.

On December 22, 2008 at 9:45 am, pursuant to the written agreement of all parties, I served the following document(s) described as **LETTER TO THE MOTIONS UNIT UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, DECEMBER 22, 2008** on the persons(s) at the facsimile number(s) listed below by facsimile transmission from facsimile number 415-217-5910 along with a completed facsimile transmittal form in accordance with the regular process at the law offices of Howard Rice Nemerovski Canady Falk & Rabkin, A Professional Corporation, as follows:

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543
Phone:   213-443-3000
Fax:     213-443-3100
*Attorneys for Appellee Mattel, Inc.*

EXHIBIT____5____
PAGE_____20____

Attached hereto is a true and correct copy of the transmission report properly issued by the transmitting facsimile machine which states the document was transmitted and that the transmission was complete and without error.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at San Francisco, California on December 22, 2008.


_____
Lisa M. Maxwell


EXHIBIT _____ **5**
PAGE _____ **21**

DEC-22-08  09:47AM   FROM-HOWARD,RICE,ET AL. (415)217-5910        +14152175910       T-613  P.01/05  F-551

# HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, Seventh Floor
San Francisco, CA 94111-4024

Tel. 415/434-1600 - Fax 415/217-5910

## TELECOMMUNICATIONS TRANSMITTAL SHEET
December 22, 2008

**PLEASE NOTE:** THIS FACSIMILE AND THE INFORMATION IT CONTAINS ARE INTENDED TO BE A CONFIDENTIAL
COMMUNICATION ONLY TO THE PERSON(S) SPECIFIED IN THE "TO" LINE BELOW   IF YOU HAVE RECEIVED THIS
FACSIMILE IN ERROR, PLEASE NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FAX TO THE ABOVE ADDRESS BY
UNITED STATES MAIL. THANK YOU.

TO:   John B. Quinn, Esq.                        FAX:    213-443-3100
      Michael T. Zeller, Esq.                    VOICE:  213-443-3000
      Jon D. Corey, Esq.
      Quinn Emanuel Urquhart Oliver & Hedges,
      LLP

FROM:  Lisa Maxwell, for
       Douglas A. Winthrop

TOTAL NO. OF PAGES (Including this cover page):              3

COMMENTS:

If you do not receive all pages, call the fax room at 415/765-4612 (after 9:00 p.m. call 415/399-3040) to speak directly to a facsimile operator

Opr: _____

RETURN TO: Lisa Maxwell     (8)
                          15846.0006

EXHIBIT ____**5**____
PAGE ____**22**____

# **EXHIBIT 6**

## Stephen Hauss

| | |
|---|---|
| **From:** | Michael T Zeller |
| **Sent:** | Monday, December 22, 2008 5:24 PM |
| **To:** | 'Russell, Jason D'; Jon Corey |
| **Cc:** | 'Nolan, Thomas J (LAC)'; 'Howard Rice - Jerry Falk'; 'Douglas A. Winthrop' |
| **Subject:** | RE: Mattel v. MGA Entertainment |

In fact, as you know Jason, MGA never asserted that it would demand we respond in the Ninth Cir on the day after Christmas until after the stipulation was submitted to Judge Larson.  We will of course bring that sequence of events to the Court's attention.

**Michael T Zeller**
*Partner,*
Quinn Emanuel Urquhart Oliver & Hedges LLp.

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3180 Direct
213.443.3000 Main Office Number
310-379-5119 FAX
michaelzeller@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Russell, Jason D [mailto:Jason.Russell@skadden.com]
**Sent:** Monday, December 22, 2008 5:20 PM
**To:** Jon Corey
**Cc:** Nolan, Thomas J (LAC); Michael T Zeller; Howard Rice - Jerry Falk; Douglas A. Winthrop
**Subject:** RE: Mattel v. MGA Entertainment

Dear Jon,

MGA does not agree to modify the schedule that the parties negotiated and the Court entered and would oppose any ex parte application seeking to renege on the parties' agreement.  While I see absolutely no basis for Mattel to seek ex parte relief (but do see a number of issues with Mattel's failure to address this issue sooner and its waiver of any right to complain), if Mattel actually intends to pursue such relief, please be sure to include this response, as well as the correspondence between myself and Mr. Zeller over the weekend so that the Court can seek the fact that any application seeking to renegotiate the schedule has no merit.

As you know, or Mr. Zeller can explain to you, the schedule submitted to (and approved by) the Court was made with full knowledge of the pendency of MGA's motion to stay before the 9th Circuit and the fact that MGA would not be withdrawing that petition.  I specifically told Mr. Zeller that MGA would not be withdrawing the petition and attorney's at Howard Rice confirmed that over the weekend at the same time that they told Mr. Zeller they intended to propose the very schedule that the Ninth Circuit has now endorsed.  The facts that led to the parties' agreement have not changed since the scheduling stipulation was filed and I see no basis for Mattel's desire to renege now other than an infantile desire to make MGA's attorneys work on Christmas Day and to prejudice the ability of MGA to obtain critical affidavits.  I note that your e-mail does <u>NOT</u> say that the 9th Circuit's schedule has any impact on Mattel's ability to complete its opposition to MGA's motion to stay before Judge Larson (nor did Mr. Zeller make such a claim when we discussed the schedule Saturday or yesterday).  And for good reason; as we

**EXHIBIT** _____ **6**
**PAGE** _____ **23**

12/23/2008

both know, Mattel's opposition was done last week when Judge Larson vacated the deadline to file Mattel's opposition mere hours before it was due. Moreover, any such argument would be absurd because Mattel has now had MGA's brief for almost two weeks, ample time under any measure to finalize a response. As such, it obviously matters not at all to Mattel when MGA files its REPLY brief as Mattel has no right to reply to that brief and would not be able to utilize the contents of that reply brief in anything filed in the Ninth Circuit (or before Judge Larson) even if your proposed scheduling change were made given the fact that Mattel's 9th Circuit Opposition is due on Friday. (Your failure even to suggest that Mattel actually needs MGA's reply brief sooner, much less offer any principled argument for such a notion speaks volumes about the true motives behind your "insistence" that MGA to file its reply brief sooner.) Moreover, as I explained to Mr. Zeller when we negotiated the schedule, MGA needs the time it sought (and that Mattel STIPULATED TO) because it must seek out witnesses to respond to anticipated arguments from Mattel that will appear for the first time in the opposition. As a practical matter, MGA will receive Mattel's opposition on Christmas Eve and plainly will need time to review it and consider what factual evidence it needs to submit in response. (Your ex parte on the designation issue, where Mattel took several days to reach the same conclusions proves this point nicely.) Thus, MGA will have the day after Christmas and a few hours on Monday morning to track down witnesses and get their signatures on a motion that is literally the lifeblood of the company. Moving the schedule back from Monday to Friday means that MGA will effectively have a few hours (the day after Christmas) to get signatures on vital affidavits. (And, unlike Mattel, we will not have had the benefit of seeing Mattel's arguments for weeks before we have to prepare a response.) There is absolutely no justification for inflicting this sort of grave prejudice on MGA and, as your e-mail makes abundantly clear with its complete absence of justification, Mattel has provided absolutely no reason whatsoever for reneging on a deal it struck.

While I certainly understand that Mattel is unhappy with the schedule issued by the 9th Circuit, that schedule has nothing to do with the briefing before the District Court and your e-mail provides no basis for modifying a schedule that was negotiated among the parties with knowledge of the fact that Mattel likely would have to prepare briefing in the 9th Circuit this week. As I explained to Mr. Zeller, it was certainly never our intention to have anyone work over the holidays if that was avoidable. Unfortunately, at this point, given the exigent circumstances and with the very survival of MGA at stake, it is a regrettable reality that briefing before the Ninth Circuit must occur this week. Obviously, the Ninth Circuit felt the same way when it reviewed the situation and set a briefing schedule. If Mattel does not like that schedule, its remedy is to go to the Ninth Circuit and seek a modification, explaining why it cannot respond to a brief that makes arguments that Mattel will have known of (by week's end) for almost three weeks. But in all events, Mattel's unhappiness with the Ninth Circuit schedule does not justify trying to accelerate MGA's filing of a reply brief before Judge Larson and you know that full well. I trust that, upon reflection, you will reconsider your ill-advised position and adhere to the bargain that the parties negotiated and that the Court endorsed.

Very truly yours,

Jason D. Russell
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Ave., Suite 3400
Los Angeles, California 90071-3144
Tel: (213) 687-5328
Fax: (213) 687-5600
e-mail: jrussell@skadden.com

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Monday, December 22, 2008 4:13 PM
**To:** Russell, Jason D (LAC)
**Cc:** Nolan, Thomas J (LAC); Michael T Zeller
**Subject:** Mattel v. MGA Entertainment

Jason,

In light of the 9th Circuit's requirement that Mattel respond to MGA's 50-page emergency motion on the merits by Friday, December 26, 2008, Mattel must insist that the MGA Parties file and serve their 12-page reply to Mattel's much shorter opposition to the MGA Parties ex parte application by the same date. If the MGA Parties do not agree, then Mattel will apply ex parte today for an order compelling the MGA parties to do so. Please let me know whether MGA agrees, and I will provide a stipulation amending the prior briefing schedule, or if not, whether MGA

EXHIBIT _____ **6**
PAGE _____ **24**

will oppose Mattel's ex parte application.

Best regards,

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  This message may be an attorney-client communication and/or work product and as
such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.

----------------------------------------------------------------------------
*************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise
expressly indicated, any federal tax advice contained in this message was not intended or written to be
used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue
Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to
another party any tax-related matters addressed herein.
*************************************************
*************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and
may contain legally privileged and/or confidential information. If you are not the intended recipient of
this email, you are hereby notified any dissemination, distribution or copying of this email, and any
attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me
at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout
thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be
provided upon request.
*************************************************
==============================================================================

EXHIBIT____6____
PAGE____25____

12/23/2008