THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>           Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>           Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>MGA'S SECOND SUPPLEMENTAL RESPONSE TO MATTEL, INC.'S *EX PARTE* APPLICATION TO DEDESIGNATE COMPENDIUM OF THIRD PARTY DECLARATIONS |

Under incredible time pressure and with the fate of MGA hanging in the balance, MGA filed a number of third party declarations under seal and as Attorney's Eyes Only at the request of the third-party declarants. Mattel received those declarations and then agreed to a briefing schedule on MGA's motion to stay <u>without even mentioning</u> any need to addresses the designation of the declarations. That agreement was reached on December 12, 2008. On December 15, 2008 – four days after receiving the declarations – Mattel's counsel raised the designation issue for the first time and asked MGA to redesignate the declarations as "Confidential." Even though the declarants were third-parties and indisputably not under MGA's control, MGA thereafter begin working with the third parties to obtain their consent to the requested redesignation. All of this is undisputed.

Without any further effort to meet and confer with MGA, Mattel filed a groundless and needless application for *ex parte* relief. The application asked the Court to remove the Attorney's Eyes Only designation solely so the declarations could be shared with Mattel and then permit Mattel to file a "supplemental" response to the stay application. MGA's counsel immediately contacted Mattel's counsel regarding the application and advised that ten of the thirteen declarants already had agreed to the requested re-designation.

On December 18, 2008, the parties entered into a stipulation under which the eleven declarations were re-designated as "Confidential," and MGA would continue to work to obtain consent to the re-designation from the three remaining declarants. The Court approved and entered this stipulation on December 22, 2008. As indicated in MGA's filing yesterday, one additional third-party declarant has consented to this re-designation, leaving only two declarants who have not yet consented. Although MGA filed an opposition to Mattel's *ex parte* application, explaining why that application should never have been filed, MGA did not address the propriety of the designations because the parties had already *stipulated* to re-

designate them and MGA fully anticipated that the remaining declarants would agree to a re-designation, but MGA simply had not been able to reach them. In keeping with the terms of the Court's orders, MGA filed a supplemental response stating that although it had been attempting to reach the two remaining declarants, given the holidays, MGA thus far had not been able to reach them on the re-designation issue.

Now, without offering any justification or even bothering to pick up the phone and call MGA's counsel, Mattel has filed yet another document in which it apparently seeks to renege on the agreement and stipulation already entered by the Court. Mattel offers no basis whatsoever for seeking to renege on yet another stipulation (Mattel today also seeks to renege on a scheduling stipulation it prepared and signed on MGA's motion to stay), and there is none. There are eleven third-party declarants who have asked that their declarations be maintained as Confidential. The parties have agreed that those declarations should be re-designated as "Confidential," prepared a stipulation to that effect, and the Court has approved that agreement. Those eleven declarations should remain as Confidential as Mattel already agreed. Moreover, the relief Mattel seeks in its application is completely improper. Mattel has not provided notice to those third parties of any further request to completely dedesignate their declarations, and there is no basis upon which Mattel's request could be granted without violating the due process rights of those third parties.

Although Mattel criticizes MGA for "failing to defend" the designations, Mattel ignores that MGA filed these declarations under seal at the request of the third parties. Mattel also ignores that <u>it expressly agreed</u> on December 18 that <u>the declarations should be re-designated as "Confidential,"</u> thus mooting any need by MGA to "defend" the designations. And beyond its agreement, Mattel cannot seriously challenge that there is a basis for these third parties to have designated the declarations as "Confidential." The declarations contain confidential business

1. information regarding how and when those third parties make decisions on which
2. products to buy or license and the impact the Court's December 3 Orders may have
3. on their businesses.  These declarations plainly meet the definition of "Confidential"
4. information as set forth in the Protective Orders.  (Protective Order, ¶ 2
5. ("Confidential" information is that which the "nonparty believes in good faith
6. contains, constitutes or reveals … confidential commercial information … or other
7. information of a confidential, proprietary, private or personal nature.")).

8. As to the two remaining declarants who have not yet provided consent to the redesignation (attached as **Tabs 2** and **11** to the Compendium of Third Party Declarations), MGA has made diligent efforts to reach them but has not yet received consent to the re-designation.  MGA, at this point, has no choice but to withdraw those declarations.  The third parties provided the declarations in reliance that their designation would be honored and that the declarations would not become part of the public court file.  That expectation should be respected.

15. Therefore, MGA respectfully requests that the Court deny Mattel's *ex parte* application.  MGA further requests that the Court confirm the re-designation of the declaration attached as **Tab 8** to the Compendium of Third Party Declarations as "Confidential."  MGA hereby WITHDRAWS the declarations attached at **Tabs 2** and **11** and asks that those declarations be removed from the Compendium of Third Party Declarations and the Court's file.

DATED:  December 23, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Thomas J. Nolan
Thomas J. Nolan
Attorneys for MGA Parties