EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
☐ Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION**
☐ Yes ☐ No
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material

**N/A**

See instructions before completing this space.

b. Material Added to This Work

**DEPOSIT ACCOUNT**
Name ▼                          Account Number ▼

**CORRESPONDENCE**
Carol A. Witschel, Esq.
White & Case LLP
1155 Avenue of the Americas
New York, New York  10036
Area code and daytime telephone number ▶ 212 819-8579          Fax number ▶ (212) 354-8113
Email ▶ CWitschel@whitecase.com

**CERTIFICATION** I, the undersigned, hereby certify that I am the
check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of  ABC International Traders, Inc.
d/b/a MGA Entertainment

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Carol A. Witschel                          Date ▼ 8/1/02

Handwritten signature (X) ▼
X Carol J. Witschel

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼  Carol A. Witschel, Esq.
         White & Case LLP
Number/Street/Apt ▼  1155 Avenue of the Americas
City/State/ZIP ▼  New York, New York  10036

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999—100,000          PRINTED ON RECYCLED PAPER          U.S. GOVERNMENT PRINTING OFFICE: 1999-454-870/21
WEB REV: June 1999

M 0110176

565-3

EX 565-0003

EXHIBIT   8
PAGE     58



Bratz Doll Sculpture (Female)

EXHIBIT  8
PAGE  59

M 0110177
565-4
EX 565-0004





EXHIBIT ___8___
PAGE ___60___

M 0110178

565-5

EX 565-0005

# EXHIBIT 9

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| MATTEL, INC., | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| vs. | Hon. Stephen G. Larson |
| MGA ENTERTAINMENT, | |
| Defendant. | **FINAL VERDICT FORM AS GIVEN** |
| AND CONSOLIDATED ACTIONS | |

7-17
9

EXHIBIT ____

PAGE ____ 61

Case No. CV 04-9049 SGL (RNBx)
FINAL PROPOSED VERDICT FORM FOR PHASE 1A

# VERDICT FORM

We answer the questions submitted to us as follows:

## Timing of Tangible Items

1.      For each of the items listed below, has Mattel proven by a preponderance of the evidence that the item was "conceived or reduced to practice" — that is, created — by Carter Bryant, alone or jointly with others, during the period in which he was employed by Mattel (January 4, 1999, to October 19, 2000)?

| Yes | No | |
|-----|-----|---|
| ☒ | ☐ | TX 5-52, 62-1, 624/5-74, 62-11, 10537, 15180/5-75, 62-12, 10538, 15181/5-111, 708/5-112, 62-13/5-113,/5-114/62-14,/62-15, 1152-1, 1152-2, 10613/1328/10033-3/10033-4 |
| ☒ | ☐ | TX 5-88, 35-1, 35-3, 5-101,1327, 10153-3,10153-4 |
| ☒ | ☐ | TX 5-35, 757 |
| ☒ | ☐ | TX 5-36, 701, 702 |
| ☒ | ☐ | TX 5-37, 703 |
| ☒ | ☐ | TX 5-38, 762 |
| ☐ | ☐ | TX 5-39, 523, 752 |
| ☐ | ☐ | TX 5-40, 753, 754, 13583 |
| ☐ | ☐ | TX 751-2, 751-3, 5-41, 755 |
| ☐ | ☐ | TX 5-42, 756 |
| ☒ | ☐ | TX 5-43, 709 |
| ☒ | ☐ | TX 5-46, 710 |
| ☒ | ☐ | TX 5-49, 704 |
| ☒ | ☐ | TX 5-50, 705 |

| Yes | No | |
|-----|-----|---|
| ☒ | ☐ | TX 5-53, 1152-5, 1152-6, 10534, 15175 |
| ☒ | ☐ | TX 5-54, 62-2, 620, 774, 775 |
| ☒ | ☐ | TX 5-55, 62-3, 785, 1152-9 |
| ☒ | ☐ | TX 5-56, 764, 15176 |
| ☒ | ☐ | TX 5-57, 776, 777 |
| ☒ | ☐ | TX 5-58, 765, 15177 |
| ☒ | ☐ | TX 5-59, 739, 740 |
| ☒ | ☐ | TX 5-60, 761 |
| ☒ | ☐ | TX 5-61, 62-4, 782, 796-1, 1748 |
| ☒ | ☐ | TX 5-62, 62-5, 621, 767, 768, 5-71, 62-10, 770, 1752-1 |
| ☒ | ☐ | TX 5-63, 758, 759, 760 |
| ☒ | ☐ | TX 5-64, 62-6, 795, 1152-14, 1750 |
| ☒ | ☐ | TX 5-65, 1152-7, 1152-8, 11789 |
| ☒ | ☐ | TX 5-66, 794, 1152-13 |
| ☒ | ☐ | TX 5-67, 62-7, 784, 1152-11, 1152-12, 10535 |
| ☒ | ☐ | TX 5-68, 62-8, 781, 786, 790, 1751-4 |
| ☒ | ☐ | TX 5-69, 11788, 5-70, 62-9, 623, 783 |
| ☒ | ☐ | TX 5-72, 1152-15, 1152-16, 10536, 15179 |
| ☒ | ☐ | TX 5-73, 741, 742 |
| ☒ | ☐ | TX 5-76, 706 |
| ☒ | ☐ | TX 5-77, 707 |
| ☒ | ☐ | TX 5-78, 10539, 18501 |
| ☒ | ☐ | TX 5-136, 711 |
| ☒ | ☐ | TX 10579, 18281 |
| ☒ | ☐ | TX 15172 |

EXHIBIT ___9___

PAGE ___63___

2.   For each of the items listed below, has Mattel proven by a preponderance of the evidence that the item was "conceived or reduced to practice" — that is, created — by Carter Bryant, alone or jointly with others, during the period in which he was employed by Mattel (January 4, 1999, to October 19, 2000)?

| Yes | No | |
|-----|-----|---|
| ☒ | ☐ | TX 3-1, 779, 780, 1-1, 2-1, 778 |
| ☒ | ☐ | TX 3-2, 726, 727, 728, 1-4, 2-5 |
| ☒ | ☐ | TX 3-3, 1152-19, 1152-20, 11838, 15182, 1-6, 2-10, 5-104, 10544 |
| ☒ | ☐ | TX 3-5, 791, 1-8, 2-2 |
| ☒ | ☐ | TX 3-6, 11837, 15184, 1-7, 2-8, 743, 744, 5-107, 1152-17, 1152-18, 10547 |
| ☒ | ☐ | TX 3-8, 789, 1-11, 2-9, 734, 5-106, 10546 |
| ☒ | ☐ | TX 3-9, 788, 1-10, 2-6, 746,  5-103, 10543 |
| ☒ | ☐ | TX 3-10, 735, 736 |
| ☒ | ☐ | TX 3-12, 792, 1-3, 2-7, 5-102, 10542 |
| ☒ | ☐ | TX 3-13, 793, 1-5, 2-3, 10-3 |
| ☒ | ☐ | TX 5-79, 1-9, 2-4, 737, 10545, 5-105 |
| ☒ | ☐ | TX 1-2 |
| ☒ | ☐ | TX 3-11 |
| ☒ | ☐ | TX 5-26, 712 |
| ☒ | ☐ | TX 5-27, 713 |
| ☒ | ☐ | TX 5-81, 720 |
| ☒ | ☐ | TX 5-82, 715 |
| ☒ | ☐ | TX 5-83, 723 |
| ☒ | ☐ | TX 3-4, 5-84, 716, 717 |
| ☒ | ☐ | TX 3-7, 5-85, 718, 719, 10-2, 63-1 |
| ☒ | ☐ | TX 5-80, 721, 722, 5-86 |
| ☒ | ☐ | TX 5-87, 5-108, 724, 725 |
| ☒ | ☐ | TX 5-34 |

-3-

Case No. CV 04-9049 SGL (RNBx)
FINAL PROPOSED VERDICT FORM FOR PHASE 1A

EXHIBIT _____ 9

PAGE _____ 64

3.     For each of the items listed below, has Mattel proven by a preponderance of the evidence that the item was "conceived or reduced to practice" — that is, created — by Carter Bryant, alone or jointly with others, during the period in which he was employed by Mattel (January 4, 1999, to October 19, 2000)?

| Yes | No | |
|-----|-----|---|
| ☒ | ☐ | TX 5-89, 35-2, 323-32, 323-33 |
| ☒ | ☐ | TX 1107, 10638 |
| ☒ | ☐ | TX 1108, 10639 |
| ☒ | ☐ | TX 1109, 771 |
| ☒ | ☐ | TX 1110, 773 |
| ☒ | ☐ | TX 5-14, 10515 |
| ☒ | ☐ | TX 5-18, 10518 |
| ☒ | ☐ | TX 5-19, 10519 |
| ☒ | ☐ | TX 5-28, 10526 |
| ☒ | ☐ | TX 5-30 |
| ☒ | ☐ | TX 5-95 |
| ☒ | ☐ | TX 5-96 |
| ☒ | ☐ | TX 5-99 |
| ☒ | ☐ | TX 323-18 |
| ☒ | ☐ | TX 323-19 |
| ☒ | ☐ | TX 323-26 |

EXHIBIT _____ 9

PAGE _____ 65

1    4.    For each of the items listed below, has Mattel proven by a

2  preponderance of the evidence that the item was "conceived or reduced to practice"

3  — that is, created — by Carter Bryant, alone or jointly with others, during the

4  period in which he was employed by Mattel (January 4, 1999, to October 19, 2000)?

5

6                    **Trial Exhibit No.**              YES      NO

7    The Three Dimensional Item Presented at Pitch        X     _____

8                        Meeting

9

10               Trial Exhibit 1136                       X     _____

11

12                    **Timing of Ideas**

13

14    5.    Has Mattel proven by a preponderance of the evidence that Carter

15  Bryant conceived the "Bratz" characters while employed by Mattel?

16    Yes    X

17    No    _____

18

19

20    6.    Has Mattel proven by a preponderance of the evidence that Carter

21  Bryant conceived the name "Bratz" while employed by Mattel?

22        Yes    X

23        No    _____

24

25

26

27

28

07209/2554627.7

Case No. CV 04-9049 SGL (RNBx)
FINAL PROPOSED VERDICT FORM FOR PHASE 1A

EXHIBIT      9

PAGE        66

### Intentional Interference with Contractual Relations

7.   Is MGA Entertainment, Inc. ("MGA") liable to Mattel for intentional interference with contractual relations?

Yes   _X_

No   ____

8.   Is Isaac Larian liable to Mattel for intentional interference with contractual relations?

Yes   _X_

No   ____

### Aiding and Abetting Breach of Fiduciary Duty

9.   Is MGA liable to Mattel for aiding and abetting breach of fiduciary duty?

Yes   _X_

No   ____

10.   Is Isaac Larian liable to Mattel for aiding and abetting breach of fiduciary duty?

Yes   _X_

No   ____

### Aiding and Abetting Breach of the Duty of Loyalty

11.   Is MGA liable to Mattel for aiding and abetting breach of the duty of loyalty?

Yes   _X_

No   ____

EXHIBIT _____ 9

PAGE _____ 67

12.   Is Isaac Larian liable to Mattel for aiding and abetting breach of the duty of loyalty?

Yes   X

No   ____

### Conversion

13.   Is MGA liable to Mattel for conversion?

Yes   X

No   ____

14.   Is Isaac Larian liable to Mattel for conversion?

Yes   X

No   ____

15.   Is MGA Entertainment (HK) Limited liable to Mattel for conversion?

Yes   X

No   ____

Once this verdict form is completed, the foreperson of the jury should sign and date on the lines below.

DATED: July 17, 2008

_____
Presiding Juror

EXHIBIT _____ 9

PAGE _____ 68

# EXHIBIT 10

# ABC International Traders, Inc.

March 2001

Business Plan Copy Number [1]

This document contains confidential and proprietary information belonging exclusively to ABC International Traders, Inc.

Isaac Larian
Chief Executive Officer
16730 Schoenborn Street
North Hills, California 91343
818-894-2525

*This is a business plan. It does not imply an offering of Securities.*

Confidential - For Attorney's Eyes Only

MGA 4033288



EX 13520-0001

Brands and licenses are so pervasive in the Fashion Doll category it would be appropriate to say that they define the category. For YTD 2000, retailers sold $324MM of branded/licensed product in the category. That accounts for 89% of all sales of fashion dolls. In fact, a review of the top brands/licenses in the category reveals a domino effect where the licenses drive fashion and the fashion drives the doll category.

| Brand/License | Sales $ | Sales Units |
|---|---|---|
| Barbie | $298,254,562 | 24,469,979 |
| Britney Spears | $13,362,740 | 885,119 |
| Spice Girls | $1,695,582 | 284,903 |
| Toy Story | $1,508,963 | 114,857 |
| Star Wars | $1,392,632 | 133,115 |
| Christina Aguilera | $1,344,720 | 74,182 |
| S Club 7 | $409,829 | 26,040 |
| Aladdin | $344,028 | 22,783 |
| Tarzan | $311,886 | 27,991 |
| Charlie's Angels | $181,374 | 12,116 |

Category success without licensing or very strong branding are few and far between. The market is apparently looking for fashion leadership, and that leadership must have a name. Primarily, leadership is provided by Barbie. Barbie is still viewed as the ideal female figure and as an infinitely versatile model of modern fashion. It is not surprising that Barbie is a clear leader. Media images are secondary sources for fashion leadership. Category consumers are drawn to images or major fashion and lifestyle leaders like Britney Spears which is why Bratz will be successful. They are the girls with a "passion for fashion".

**Strengths**

In terms of product strength, Bratz™ has several distinct advantages over the competition. First is its marked advancement in the physical appearance of the dolls. The Bratz™ are unique in many ways; their eyes are big with a hint of animé style; their lips are more pronounced, their feet and heads are oversized. There is no fashion doll on the market that bears the resemblance to the Bratz™. Additionally, the fashions exemplified mirror those worn by today's tween. Chunky shoes, tube tops and their hair accessories demonstrate the urban girl for the 21st century.

In marketing, our most powerful assets are distribution and image of the brand. ABC will launch an aggressive $2.5 million dollar television campaign for fourth quarter 2001. Print advertising in popular tween magazines such as *Cosmo Girl*, *Teen* and *Jump* will further enhance our product positioning.

The Bratz™ will be offered to retailers at a price point close to that of Barbie's. ABC is confident that girls will purchase the Bratz™ over Barbie because they are not defined by race or ethnicity. This was a conscious decision so the consumer can choose the doll that reflects their own fashion style or appearance.

15

Confidential - For Attorney's Eyes Only

MGA 4033302

EXHIBIT 10
PAGE 70

EX 13520-0015

# EXHIBIT 11

| From: | Paula Treantafelles |
|---|---|
| To: | 'Robert Haynes-Peterson' |
| CC: | |
| BCC: | |
| Sent Date: | 2001-05-01 02:50:17:657 |
| Received Date: | 2001-05-01 02:50:17:657 |
| Subject: | RE: From DOLLS |
| Attachments: | |

Robert
I apologize for taking so long to respond to the below. Please see my responses to your questions below.

-----Original Message-----
From: Robert Haynes-Peterson [mailto:rhp@collector-online.com]
Sent: Wednesday, April 25, 2001 1:23 PM
To: ptreantafelles@mgae.com
Subject: From DOLLS

Hi Paula,

I'm just following up on the email I sent you last week. Our email system was down over the weekend and Monday, so in case you sent me a response I didn't get, I'm resending you the questions and information.

Sorry if I'm repeating myself, but I would love to get to talk with you ASAP, and my editor's reminding me it's time for a story. :-)

Thanks for your help,

Robert Haynes-Peterson
Associate Editor, DOLLS Magazine

Previous letter:

It was a pleasure indeed meeting you at Toyfair!

I think Dave told you I was going to email you with some questions on the Bratz dolls for our "Small Talk" feature. You can either answer them here, or give me a call at 212-989-8700 x 209

Basically, the deal is for Small Talk, we want the company to chat about their dolls a little, give us some quotes, enthusiasm etc. That's easy enough with Bratz because they're so dang cool! :-)

So here ya go, feel free to answer what you like and how you like. This is supposed to be fun:

Confidential - For Attorney's Eyes Only



EXHIBIT __11__
PAGE __71__

MGA 0051255
EX 10001-0001

What is your exact title?
Senior Product Manager

What is your involvement with Bratz?
I am the Senior brand manager for BRATZ. I found the original concept from the inventor. In the meantime I have challenged the inventor in terms of designing of the fashion/dolls, I have managed the development of the dolls in HK, I have done all Marketing (packaging, press kit, TV commericial and website development). I have also supported the liscensing direction in developing strategies to launch our licensing plan

Can you give me some idea what the Bratz line is about? Who it's for, what the goal of the dolls are (fun, aspiration, diversity, play, collectibility, whatever), and the niche MGA feels they'll fill?
The BRATZ are the dolls with a passion for fashion. Cloe, Sasha, Jade and Yasmin are the bratzpack. They about style, attitude and self expression. BRATZ are the dolls that young girls aspire to and the older girls identify with.

BRATZ appeal to two very different consumers

Our core target market are girls 7-10 years old (the young consumer). The young consumer loves BRATZ since they look so cool and they allow an extension for more traditional fashion/small doll play but more importantly they are dolls that like the girl they want to become when they get older (cool and pretty).

The older consumer (girls between 10-13) love BRATZ because they can identify with them. They represent the strength, attitude and fashion expression that are appropriate to girls of this age group. This is my niche. BRATZ are extremely collectible for girls who fall within this age group. They are far more interested in representing their BRATZ in the coolest fashion and decorating their room

How did MGA design the four different girls? Both inspiration for the overall design, and the look of each girl?
The four girls were already concepted when presented by the inventor during our first meeting. I thought they were incredible and I tried to stay true this inventor/creator's vision.

Do the girls have any sort of back story?
BRATZ all have very different personalities characterized by each of their own "fashion passion" but they all represent style, self expression and strength/indepence.

What kind of feedback are you getting from girls about the dolls? How they relate to them, how they're initiating play, etc?
I think I covered this in the above. Please let me know if you more on this.

Are more girls planned as the line takes off? And accessories?
Absolutely. There will be more characters and tons more FASHION accessories.

Any news yet on website development, animation tie-ins, etc? This question may be premature?
We are in full development of an interactive BRATZ website www.bratzpack.com. The objective of this website is to introduce each character and the position of the bratzpack. Its so fun!

Confidential - For Attorney's Eyes Only

EXHIBIT  11
PAGE  72

MGA 0051258

EX 10001-0002

What kind of feedback are you getting from older girls? I ask, because my personal suspicion is that this line will get a lot of attention from older teens through 20-somethings, especially if there is a strong web presence.

Got any other great "inside scoops" for DOLLS? Nothing I can speak of now... but MGA is always poised for more incredible dolls. We are just getting started.

Finally, anything personal you want to say about Bratz - personal impressions, on your excitement over the line, what they mean to you? Anything like that?
I am stronly commited to the BRATZ position. I hope that BRATZ will be the line that represents the self expression and indepence of girls today.

Thanks so much for your help! As I said, feel free to call or email. I look forward to the new images from Dave, and I think they are a great little line. Good luck with them and all the new lines you introduced at Toy Fair!

Take care,
Robert Haynes-Peterson
Associate Editor, DOLLS Magazine

Confidential - For Attorney's Eyes Only

EXHIBIT __11__
PAGE __73__

# EXHIBIT 12

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
      Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

| | |
|---|---|
| 12   CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13              Plaintiff, | Consolidated with |
| 14        vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15   MATTEL, INC., a Delaware<br>corporation, | **AMENDED FINAL PRE-TRIAL**<br>**CONFERENCE ORDER FOR**<br>**PHASE 1 TRIAL** |
| 16              Defendant. | |
| 17 | Pretrial Conference: May 19, 2008<br>Time:         10:00 a.m. |
| 18   AND CONSOLIDATED ACTIONS | Place:        Courtroom 1<br>Trial Date:      May 27, 2008 |

19

20

21

22

23

24

25

26

27                    EXHIBIT ____12____

28                    PAGE ____74____

## XIV.

## COPYRIGHT INFRINGEMENT

## (AC 1)

## (AGAINST MGA, MGA HK, AND LARIAN)

**A.    Mattel Is The Owner Of Valid Copyrights In Works That Are Fixed In Tangible Media Of Expression, And Are The Subject Of Federal Copyright Registrations**

1.    Mattel is the owner of copyrights in Bratz works that are fixed in tangible media of expression.  Mattel owns valid, and subsisting, copyright registrations in certain Bratz works, including without limitation, the works that are the subject of each of the following Registrations issued by the United States Copyright Office:  (1) VA 1-378-648, (2) VA 1-378-649, (3) VAu 960-439, (4) VA 1-378-650, (5) VA 1-378-651, (6) VA 1-378-652, (7) VA 1-378-653, (8) VA 1-378-654, (9) VA 1-378-655, (10) VA 1-378-656, (11) VA 1-378-657, (12) VA 1-378-659, (13) VA 1-378-658, (14) VA 1-378-660, (15) VAu 715-270, (16) VAu 715-271 and (17) VAu 715-273.

2.    Mattel will offer evidence and facts at trial in relation to the claims set forth above, and hereby incorporates the same by reference.  In sum, Bryant created and developed Bratz works while employed by Mattel.  By virtue of its Inventions Agreement and related contracts with Bryant, Mattel owns the Bratz drawings and other works created by Bryant during his Mattel employment.

3.    The drawings are original works of authorship that qualify for copyright protection.  Bryant admitted that the drawings at issue are original works of authorship within the meaning of the Copyright Act.  Similarly, defendants MGA and Isaac Larian have made admissions in other cases that judicially estop them from arguing that the drawings are not original works.  When defendant Isaac Larian sought to enforce MGA's copyrights in the courts of Hong Kong, he swore that the

1    defendant's dolls "have infringed the 2 dimensional drawings which are artistic

2    works in which copyright subsists."  Also, in MGA v. Hunglam Toys, Daphne

3    Gronich, MGA's former general counsel, repeatedly identified fifteen Bryant

4    drawings as "copyright works."  Similarly, the copyright registrations relating to

5    such works themselves constitute prima facie evidence of the validity of the

6    copyright and of the facts stated in the certificate.  Accordingly, the drawings are

7    presumed to be protectible original works of authorship.

8

9    **B.**      **Defendants Have Infringed Upon Mattel's Exclusive Rights In The**

10             **Copyrighted Works, Including By Reproducing Them and Preparing**

11             **Derivative Works From Them, Without Mattel's Authorization.**

12             1.      MGA's principals have made admissions in other cases that

13   judicially estop them from denying that the Bratz dolls are derivative works of the

14   Bratz drawings.  When defendant Isaac Larian sought to enforce MGA's copyrights

15   in the courts of Hong Kong, he swore that the defendant's dolls "have infringed the

16   2 dimensional drawings which are artistic works in which copyright subsists."  In

17   MGA v. Hunglam Toys, Daphne Gronich, MGA's former general counsel,

18   repeatedly identified fifteen Bryant drawings as the "copyright works" upon which

19   the Bratz dolls are modeled.  Even MGA's complaint in this action is predicated on

20   the uniqueness of Bratz:  "At approximately 9.5 to 10 inches tall, the 'BRATZ' dolls

21   were intentionally shorter than 'Barbie' dolls and looked like no other, with

22   disproportionately large heads, big, dramatic eyes and lips, small, thin bodies,

23   oversized feet (to emphasize shoe fashion and to stand on their own, unlike 'Barbie'

24   which requires a stand), and up-to-date fashions."  Bryant's complaint against Mattel

25   that was dismissed by the Court also repeatedly admits that the Bratz drawings are

26   original and that the Bratz dolls were based on those drawings.

27             In another action, MGA v. Double Grand Corp. Ltd., MGA's managing

28   director, Lee Shiu Cheung, declared under oath that "[t]he designs of the Bratz dolls

07209/2474226.14

1    are all original drawings created by Mr. Bryant using his own independent labour,

2    skill and judgement [sic]." Daphne Gronich, MGA's former general counsel, also

3    identified Bryant's drawings as the "copyright works" upon which the three-

4    dimensional Bratz dolls are modeled.    As a result, defendants may not argue to the

5    contrary now.

6          2.      The Bratz Dolls Are Substantially Similar To Bryant's Drawings

7                  The Bratz dolls are substantially similar to Mattel's copyrighted works.

8    First, Defendants' access to the infringed work is clear and undisputed by MGA:

9    MGA received the drawings at issue during Bryant's September 2000 pitch.  The

10   Bratz dolls came on the market in the summer of 2001.  Thereafter, MGA submitted

11   some of Bryant's drawings to the Copyright Office for registration.  Defendants

12   repeatedly admitted that the Bratz dolls are based on Bryant's designs.

13              •    Bryant's and MGA's 2004 Modification of their 2000

14                   Agreement states that "all work done by Bryant prior to

15                   September 18, 2000 [] became known as the Bratz property."

16                   The Agreement explicitly confirms that Bryant's "work," which

17                   "became known" as the Bratz property, includes the Bratz

18                   drawings that are the subject of MGA's Copyright Registration

19                   Nos. VA 1-218-487, VA  1-218-488, VA 1-218-489, VA 1-218-

20                   490 and VA 1-218-491.

21              •    Bryant admitted that he intended his Bratz drawings to serve as

22                   guides for creation of the Bratz dolls.  His now-dismissed

23                   complaint against Mattel also admitted that the Bratz dolls were

24                   based on the drawings.

25              •    Defendant Larian testified in another case that the Bratz dolls he

26                   showed to retailers were based on Bryant's drawings.

27              •    The copyright registrations for numerous Bratz dolls reflect that

28                   they are derived from Bryant's design drawings.  For example,

1    according to MGA's registrations for the doll configurations,
2    accessories and packaging for Jade (registration no. VA 1-301-
3    533), Sasha (VA 1-301-534), Cloe (VA 1-301-535) and Yasmin
4    (VA 1-301-536), these dolls are derived from Bryant's earlier
5    drawings, registered by MGA, discussed above, all claimed as
6    created before October 19, 2000.

7    •   In an April 25, 2001 email, Paula Garcia, MGA's Senior Project
8    Manager for Bratz, responded to several interview questions
9    posed by Dolls Magazine.  In response to one question, "How
10   did MGA design the four different girls [Cloe, Sasha, Jade and
11   Yasmin]?" Ms. Garcia stated: "The four girls were already
12   concepted [sic] when presented by the inventor during our first
13   meeting.  I thought they were incredible and I tried to stay true
14   [to] this inventor/creator's vision."

15   •   In MGA v. Double Grand Corporation Limited, MGA's Lee
16   Shiu Cheung declared under oath that "[t]he designs of the Bratz
17   dolls are all original drawings created by Mr. Bryant using his
18   own independent labour, skill and judgement [sic]."

19   •   In MGA v. Hunglam Toys, Daphne Gronich, MGA's former
20   general counsel, repeatedly identified fifteen Bryant drawings as
21   the "artistic works" upon which the Bratz dolls are modeled.

22   Based on this evidence, Mattel will show that defendants intended to
23   make the Bratz dolls as close to the drawings (and in turn the sculpts Bryant also
24   had prepared) as possible, and that any claimed dissimilarities are insignificant.
25   Important similarities exist between the drawings and the dolls, including but not
26   limited to body proportions, facial features, eyes, eye makeup, lips, hair styling,
27   clothing, accessories, footwear and postures and posing.
28

07209/2474226.14

EXHIBIT 12    -69-

PAGE 78

Case No. CV 04-9049 SGL (RNBx)
FINAL PRE TRIAL CONFERENCE ORDER

1     Mattel will show that the similarities between Bryant's drawings and

2  sculpts, on the one hand, and the dolls, on the other hand, are apparent upon first

3  glance.  The faces are substantially the same, the proportions are virtually identical,

4  the attitude projected is the same, and the clothes and the shoes are markedly

5  similar.  These similarities are pervasive.

6          (i)     The Bratz line of products constitutes defendants'

7  reproduction and creation of derivative works from and infringement of the

8  exclusive rights of Mattel in its protected works, including drawings and sculpts

9  created by Bryant while a Mattel employee.  Mattel never authorized the use of its

10  protected works in this manner.  The Bratz line of products includes numerous lines

11  of dolls, each of which have subproducts within them.  The Bratz doll lines include

12  but are not limited to the following dolls: Sasha, Jade, Yasmin, Chloe, Phoebe,

13  Meygan, Alicia, Twins, Kumi, Felicia, Dana, Lana, Nevra, Sharidan, Fianna,

14  Vanessa, Maribel, Lilee, Roxxi, Sorya and Sienna.

15          (ii)    The Bratz line of products is substantially similar to and

16  derivative of the drawings and sculpts made by Bryant while employed by and

17  under contractual obligations to Mattel.  The two-dimensional art work and sculpts

18  were copied by Bryant, Larian, MGA, and MGA HK into the three dimensional

19  dolls that became known as the Bratz product line.

20

21  **C.     Defendants' Infringement Or Substantial Contributions To Infringement**

22          **Of Mattel's Copyrighted Works Without Mattel's Consent**

23          1.      Mattel hereby incorporates the facts stated above by reference.

24  The infringement of Mattel's copyrighted works is and has been made without

25  Mattel's consent by each of defendants MGA, MGA HK, and Larian.  Mattel will

26  show through financial statements and accounting records, and through expert

27  testimony regarding copyright damages, that Defendants have profited substantially,

28  using Mattel's copyrighted materials for commercial purposes and for their direct

07209/2474226.14

EXHIBIT ___ 12

PAGE ___ 79

-70-

Case No. CV 04-9049 SGL (RNBx)
FINAL PRE TRIAL CONFERENCE ORDER

1 financial benefit.  Mattel will show that Larian and MGA have failed to exercise

2 their right and ability to supervise the infringing activities of others within their

3 control to refrain from infringing Mattel's copyrighted works and have failed to do

4 so in order to further their significant financial interest in the infringement of

5 Mattel's copyrighted works.  Mattel will also show that Larian and MGA HK knew

6 of the infringing activity of MGA, and intentionally and materially contributed to

7 MGA's infringing activity.  Accordingly, Larian and MGA have engaged in direct,

8 contributory and vicarious infringement of Mattel's copyrighted works.  This

9 infringement has been willful.

10        2.    From the time Bryant was induced to breach his contracts with

11 Mattel, Larian and MGA have intentionally caused the further infringement of

12 Mattel's copyrighted works.  The facts and evidence that will support the showing

13 by Mattel set forth in relation to Mattel's claim for interference with contract above

14 are hereby incorporated by reference.

15

16 **D.    Isaac Larian Is Vicariously Liable For Copyright Infringement.**

17        Mattel restates and hereby incorporates by reference the facts and

18 evidence set forth above in relation to Mattel's copyright claim.  Isaac Larian is

19 vicariously liable for MGA's copyright infringement because he profited directly

20 from MGA's infringement of Mattel's copyrights; he had the right and ability to

21 supervise/control the infringing activity of MGA; and he failed to stop the

22 infringement.

23       **1.    Mr. Larian profited directly from the infringing activity of**

24 **MGA.**

25        Bratz has been a very successful product for MGA, and Isaac Larian, as

26 CEO and owner of MGA, has directly profited from its sales.  In 1999, Mr. Larian

27 purportedly listed his income on his tax returns as $466,895.  By 2002 -- the year

28 after Bratz was released -- his reported income had sky-rocketed to nearly $34

1  million.  MGA and Larian have claimed in this litigation that Mr. Larian's current
2  personal net assets are approximately $1.9 billion.  The vast majority of Mr. Larian's
3  wealth stems from the sales of Bratz.

4        **2.    Mr. Larian had the right and ability to supervise/control the**
5  **infringing activity of MGA.**

6        Mr. Larian supervised and/or controlled the creation and development
7  of the Bratz line, as well as the ongoing production, sales, and marketing of Bratz.
8  Mr. Larian met with Carter Bryant at least as early as early September 2000 and
9  made the decision to manufacture the Bratz dolls based on drawings shown to him at
10 the meeting.  Mr. Larian admitted in the case Art Attacks Ink, LLC v. MGA
11 Entertainment, Inc. that he is the person at MGA who determines what new products
12 MGA will manufacture.  He also admitted that he was "hands-on" with many
13 aspects of Bratz development, including, *inter alia*, setting shipping dates,
14 determining doll names, determining what items to sell with the dolls, and
15 advertising the Bratz line.  Mr. Larian stated in an affidavit in the case MGA
16 Entertainment, Inc. and Thomas Christopher Joseph Metson: "I established the
17 Claimant [MGA] and was the inspiration behind the BRATZ dolls.  I have been the
18 main driving force behind the success of the Claimant [MGA]."

19        **3.    Mr. Larian failed to exercise that right and ability.**

20        While Mr. Larian was in a supervisory and/or controlling position at
21 MGA, he failed to take any action to stop MGA from infringing intellectual property
22 that belonged to Mattel.  Instead, he actively participated in developing the Bratz
23 line of dolls.

24 **E.    Isaac Larian and MGA HK are Contributorily Liable for Copyright**
25       **Infringement.**

26        Mattel restates and hereby incorporates by reference the facts and
27 evidence set forth above in relation to Mattel's copyright claim and Mattel's
28 vicarious liability claim.  Isaac Larian, and MGA HK are contributorily liable for

1   MGA's copyright infringement because each of them knew or had reason to know of

2   MGA's infringing activity, and each also intentionally materially contributed to

3   MGA's infringing activity.

4           **1.      Mr. Larian and/or MGA HK knew or had reason to know of**

5   **the infringing activity of MGA.**

6           Isaac Larian and MGA HK knew or had reason to know that MGA was

7   infringing Mattel's ownership rights in the Bratz drawings, and that Carter Bryant

8   created and worked on Bratz while employed by Mattel.  Mr. Larian knew that Mr.

9   Bryant was employed by Mattel when Mr. Bryant pitched his idea for Bratz to

10  MGA; when Mr. Bryant's employment agreement with MGA was created; when Mr.

11  Bryant was set up as a vendor at MGA; when Mr. Bryant began receiving payments

12  and reimbursements for expenses from MGA; and when Mr. Bryant began

13  developing the Bratz line.  Former MGA employee Rachel Harris testified that she

14  and others knew by October 2000 that Mr. Bryant was a Mattel employee and that it

15  would be "bad" for Mr. Bryant if Mattel learned he was presenting drawings to

16  MGA while still employed by Mattel.

17          Mr. Bryant and Mr. Larian therefore tried to hide the fact that Bryant

18  created and worked on Bratz while an employee of Mattel.  For example, Mr.

19  Bryant wrote to counsel at MGA while he was still employed by Mattel and

20  enclosed his Mattel employment agreement.  In asking for advice regarding that

21  agreement, Mr. Bryant stated: "I am unable to look into this too much further with

22  our Human Resources director without risking suspicion ..."

23          MGA's records also affirm that MGA took steps to conceal the fact that

24  Mr. Bryant worked for Mattel during the time Bratz was being developed: in a list of

25  former Mattel employees then working at MGA, under Bryant's name, both the end

26  date at Mattel and the start date at MGA are denoted: "don't ask."  Further, in an e-

27  mail an MGA employee sent to Mr. Larian in February 2003 regarding asking

28

EXHIBIT     12

PAGE     82

-73-

Case No. CV 04-9049 SGL (RNBx)
FINAL PRE TRIAL CONFERENCE ORDER

1   someone associated with Bratz to sign the packaging, she wrote: "Signed by....?????

2   I know we want to keep Carter under wraps."

3          Like Mr. Larian and Mr. Bryant, MGA HK also knew or had reason to

4   know that Bratz rightly belonged to Mattel.  When MGA and MGA Hong Kong

5   sought to enforce MGA's copyrights in the courts of Hong Kong, the former

6   director of MGA Hong Kong swore in an affirmation that Mr. Bryant created 17

7   drawings as the "initial concept and design drawings of the Bratz dolls" "in the year

8   2000 pursuant to the [Bryant-MGA] Agreement."

9          **2.      Mr. Bryant, Mr. Larian and/or MGA HK intentionally**

10   **materially contributed to MGA's infringing activity.**

11          Isaac Larian, and MGA HK all intentionally materially contributed to

12   MGA's infringement of the Bratz drawings.  Carter Bryant contributed by creating

13   Bratz, taking the Bratz project to Mattel's competitor (MGA), and working on the

14   Bratz line -- all while still employed by Mattel.  Mr. Larian similarly contributed to

15   the infringing activity by (as described in more detail in Section D2, *supra*) actively

16   participating in bringing the Bratz project to MGA and leading the development of

17   it.  Additionally, MGA (under Mr. Larian's control) paid Mr. Bryant for his Bratz

18   expenses, among other things.  MGA also had Mr. Bryant sign an agreement with

19   MGA while Mr. Bryant was a Mattel employee, which purported to require Mr.

20   Bryant to work on Bratz on a "top priority" basis.

21          MGA HK materially contributed to MGA's infringing activity by

22   manufacturing the first Bratz dolls.

23

24

25

26

27

28

1      The foregoing admissions having been made by the parties, and the

2   parties having specified the foregoing issues of fact and law remaining to be

3   litigated, this Pretrial Conference Order shall supersede the pleadings as they relate

4   to claims or defenses to be tried in Phase 1 and govern the course of the trial of the

5   Phase 1 claims and defense, unless modified to prevent manifest injustice.

6

7   DATED:  May        . 2008

8

9                                              _____

10                                             HON. STEPHEN LARSON

11  Approved as to form by:

12  QUINN EMANUEL URQUHART OLIVER &
    HEDGES, LLP

13

14   By /s/ John B. Quinn
    _____

15      John B. Quinn, Esq.
        Attorneys for Mattel, Inc.

16

17

18  SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP

19

20

21   By_____

      Thomas J. Nolan, Esq.
22      Attorneys for MGA Entertainment, Inc.

23

24

25

26

27

28

EXHIBIT  12

PAGE  84

# EXHIBIT 13

LARRY W. MCFARLAND (State Bar No. 129668)
DAVID K. CAPLAN (State Bar No. 181174)
ELLIE SCHWIMMER (State Bar No. 221522)
KEATS MCFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Tel: (310) 248-3830
Fax: (310) 860-0363

Attorneys for Plaintiff
MGA ENTERTAINMENT, INC.



FILED
CLERK, US DISTRICT COURT

APR 12 2004

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CV04-2524 CBM  (CWx)

UNDER SEAL

| | |
|---|---|
| MGA ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> MULTITOY, INC., YUAN-LAN LIU, an individual, JEFF WU, an individual and dba IMC TOYS, ALL TOYS IMPORTS, INC., SUSAN LIU, an individual, TOYSDIVISION, INC., TOM LIU, an individual, and DOES 1-20, <br><br> Defendants. | Civil Action No.: <br><br> COMPLAINT FOR: <br><br> 1. FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 501 et seq.); <br> 2. FEDERAL TRADEMARK COUNTERFEITING (15 U.S.C. § 1114); <br> 3. FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION (15 U.S.C. § 1125(a)); <br> 4. TRADE DRESS INFRINGEMENT-PRODUCT PACKAGING (15 U.S.C. §§ 1125 et seq.); <br> 5. TRADE DRESS INFRINGEMENT-PRODUCT CONFIGURATION (15 U.S.C. §§ 1125 et seq.); <br> 6. STATE STATUTORY UNFAIR COMPETITION; <br> 7. STATE COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION; and <br> 8. CONSTRUCTIVE TRUST |

DOCKETED ON CM

APR 16 2004

BY            019

F:\IP\10306\00009\pleadings\Complaint4 - downtown.doc

M 0078522

EXHIBIT   13
PAGE      85

EX 13738-0001

1    Plaintiff MGA Entertainment, Inc. ("Plaintiff") for its Complaint alleges and

2  avers as follows:

3                    **JURISDICTION AND VENUE**

4    1.    This Court has jurisdiction over this matter pursuant to 17 U.S.C. § 501

5  et seq.; 15 U.S.C. § 1121; 28 U.S.C. § 1331, and § 1338(a) and (b); and 28 U.S.C. §

6  1367. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c) and

7  § 1400(a).

8  **PLAINTIFF AND ITS RIGHTS.**

9    2.    Plaintiff MGA Entertainment, Inc. is a corporation organized pursuant to

10  the laws of the State of California, with its principal place of business in this judicial

11  district. Plaintiff is a manufacturer and distributor of a wide variety of popular toys,

12  including dolls, plush animals and radio controlled vehicles.

13    3.    Plaintiff is the exclusive owner of all rights in and to the internationally

14  famous BRATZ characters, which include, but are not limited to, "Cloe," "Jade,"

15  "Sasha," "Yasmin," "Meygan," "Dana," "Fianna," "Nevra," "Cameron," "Dylan,"

16  "Eitan," "Koby," "Cade," "Ailani," "Nazalia," "Talia," "Zada," "Mikko," "Colin,"

17  "Deavon" and "Lakin" (including all of the different dolls and authorized versions of

18  these characters). These characters are hereinafter referred to as the "BRATZ

19  Characters." True and correct copies of exemplars of depictions of the BRATZ

20  Characters, in the form of selected pages from Plaintiff's copyrighted BRATZ Purse

21  Style Guide, are attached hereto as **Exhibit 1**.

22    4.    The BRATZ Characters, the associated images, accessories, designs, and

23  all other forms of intellectual property associated with the BRATZ Characters,

24  including the distinctive trapezoidal packaging therefor, are extremely valuable to

25  Plaintiff.

26    5.    In 2001, Plaintiff introduced a new line of fashion dolls known as the

27  "BRATZ" or, alternatively, the "BRATZPACK" which are three-dimensional

28  depictions of the BRATZ Characters (hereinafter the "BRATZ Dolls"). When first

M 0078523

EXHIBIT   13
PAGE      86

EX 13738-0002

1   introduced, the BRATZ Dolls only included "Cloe," "Jade," "Sasha" and "Yasmin."

2   Dolls based on the additional characters listed in paragraph 3 have been introduced

3   since that time.

4       6.    Plaintiff's rights in and to the internationally famous BRATZ Characters

5   and the BRATZ Dolls include all intellectual and industrial property rights associated

6   therewith, including, without limitation, all copyrights, patents, trademarks, industrial

7   designs, trade secrets, contract and licensing rights, design rights, moral rights and

8   trade dress rights in and to the BRATZ Characters, the BRATZ Dolls and the BRATZ

9   Packaging Trade Dress (as defined in paragraph 54 below), consisting of the

10   distinctive packaging in which such dolls, playsets and accessories are sold, as well as

11   the BRATZ Product Configuration Trade Dress (as defined in paragraph 65 below), in

12   any country of the world (collectively referred to as the "BRATZ Property").

13       7.    Plaintiff has obtained numerous federal copyright registrations for the

14   BRATZ Characters and the BRATZ Dolls (the "BRATZ Copyrights"). Plaintiff has

15   complied with all applicable copyright laws. The BRATZ Copyrights are valid,

16   subsisting and in full force and effect. True and correct photocopies of representative

17   copyright registrations, including copyright registrations for Plaintiff's BRATZ Dolls,

18   are attached hereto as **Exhibit 2**.

19       8.    More than 50 million BRATZ Dolls have been sold to date on a

20   worldwide basis, of which over 35 million have been sold in the United States.  In

21   addition, more than 25 million packages of accessories for such BRATZ Dolls have

22   been sold worldwide, including over 15 million sold in the United States.

23       9.    For two consecutive years in 2001 and 2002, Plaintiff won the toy

24   industry's most prestigious award, the People's Choice Toy of the Year Award, for its

25   BRATZ Dolls.  In 2003, Plaintiff won the Toy Industry Association, Inc. ("TIA")

26   Property Toy of the Year Award, the TIA Girl Toy of the Year Award, the Family Fun

27   Toy of the Year, Toy Wishes Magazine Hot Dozen, MSNBC Hottest Toy of the Year

28   2003, MSN.com Top Holiday Toy 2003, NBC Today Show Toy Test Winner 2003,

M 0078524

EXHIBIT 13
PAGE 87

EX 13738-0003

# EXHIBIT 14

HCA 3856/2003

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
CIVIL ACTION NO. 3856 OF 2003

BETWEEN

MGA ENTERTAINMENT INC.                                    Plaintiff
                              AND
UNI-FORTUNE TOYS INDUSTRIAL LIMITED                      1st Defendant
FU WEI TOYS COMPANY LIMITED                             2nd Defendant

-----------------------------

ANSWER TO REQUEST FOR FURTHER AND BETTER
PARTICULARS OF THE STATEMENT OF CLAIM

-----------------------------

Under paragraph 3

1.    Of the allegation that "The Plaintiff is and has at all material times, has been the owner of the copyright subsisting in original artistic works in respect of the Plaintiff's Bratz fashion dolls ("the said Artistic Works").

Particulars of Original Artistic Works

(a) 18 design drawings of various Bratz fashion dolls made between the years 1998 and 2000.

(b) Wax models of the head, body and shoes of the Bratz fashion dolls made between the year 2000 and 2001.

(c) Silicon rubber moulds not polyurethane samples made therefrom of the Bratz fashion dolls made between the years 2000 and 2001.

(d) 4 drawings of the facial decoration of the Bratz fashion dolls made between the years 2000 & 2001.

(e) 8 drawings 4 of which are pantone colour guides of the facial decorations of the Bratz fashion dolls made between the years of 2000 and 2001.

MGA 3886514
EX 13572-0001

EXHIBIT  14
PAGE  88

EX 13572-0001

(f) 4 hand painted deco-masters on 4 rubber head sculpts made between the years 2000 and 2001.

Give full particulars of all facts and matters relied upon in support of the allegation that the said artistic works relied upon by the Plaintiff are "original" including, in particular, without prejudice to the generality of the foregoing, in relation to each such drawings, model and sculpt.

(i) full particulars of each and every antecedent design, product, drawing or article from which the same was derived, from which the same was developed and/or which were referred to or otherwise used by the author of each allegedly original drawing, model and sculpt.

(ii) full particulars of the part or parts of each of the allegedly original drawing, model and sculpt relied on which were not present in the antecedent design(s), product(s), drawing(s) and/or article(s) identified in the answer to (i) thereof.

## ANSWER

1(i).    As far as the Plaintiff is aware, there were no antecedent designs, products, drawings or articles from which the artistic works referred to in sub-paragraphs (a), (b) (c), (d), (e) and (f) of the Particulars of Original Artistic were derived.    The author of the artistic works pleaded in sub-paragraphs (b), (d), (e) and (f) of the Particulars of Original Works referred to the drawings in sub-paragraph (a) of the Particulars of Original Works.    The silicon rubber moulds in sub-paragraph (c) were developed from the wax models in sub-paragraph (b) of the Particulars of Original Works.    The polyurethane samples in sub-paragraph (c) were developed from the rubber moulds.

1(ii).    As the wax models and the silicon rubber moulds have been destroyed, the Plaintiff cannot make any comparison between the wax models and the silicon rubber moulds.    As far as the Plaintiff is aware, there was no part in the wax models which was not present in the silicon rubber moulds and there was no part in the silicon rubber moulds that was not present in the polyurethane samples.

MGA 3886515

EX 13572-0002



EXHIBIT  14
PAGE  89

EX 13572-0002



Dated this 11th day of December 2003.

William W. L. Fan & Co.
Solicitors for the Plaintiff

17-DEC-2003 10:14   FROM WILLIAM W.L. FAN   TO 00118889509771   P.07

MGA 3886519

EX 13572-0006

EXHIBIT ____14____
PAGE ____90____

EX 13572-0006

HCA 3856 / 2003

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
ACTION NO. 3856 OF 2002

BETWEEN

MGA ENTERTAINMENT INC.                    Plaintiff

and

UNI-FORTUNE TOYS INDUSTRIAL      1st Defendant
LIMITED

FU WEI TOYS COMPANY LIMITED    2nd Defendant

_____

ANSWER TO REQUEST FOR FURTHER AND
BETTER PARTICULARS OF THE
STATEMENT OF CLAIM

_____

Filed this 12th day of December 2003.

WILLIAM W. L. FAN & CO.
SOLICITORS
Room 507, 5th Floor,
Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel.: 2110 2128    Fax: 2111 9336
Ref: WF-1878-MKL

MGA  3886520

EX 13572-0007

EXHIBIT  14
PAGE  91

EX 13572-0007

# EXHIBIT 15



LIBRARY OF CONGRESS

Copyright Office
of the United States
WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **JADE DRAWING** registered under number **VA 1-218-487**.

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **JADE DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-487**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By:   Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.

Δ π EXHIBIT 505
Deponent ARMSTRONG
Date 7/8/07 Rptr. ACC
WWW.DEPOBOOK.COM

**M 0110179**

EXHIBIT   15
PAGE   92

EX 505-0001

**Additional Certificate (17 U.S.C. 706)**
## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-218-487**

EFFECTIVE DATE OF REGISTRATION

**DEC 22 2003**

| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

### 1

Title of This Work ▼

**JADE Drawing**

NATURE OF THIS WORK ▼ See instructions

color drawing

Previous or Alternative Titles ▼

Publication as a Contribution  If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.  Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

### 2

**a** NAME OF AUTHOR ▼

**Carter Bryant**

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of __USA__
    Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the author of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Nature of Authorship  Check appropriate box(es).  See Instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☑ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of _____
    Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship  Check appropriate box(es).  See Instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

### 3

**a** Year in Which Creation of This Work Was Completed
1998
This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month **February**  Day __12__  Year __2001__
Nation  U.S.A.

### 4

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

**MGA Entertainment Inc  16730 Schoenborn Street
North Hills CA  91343 6122**

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**Assignment**

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003

FUNDS RECEIVED

See instructions before completing this space

---

MORE ON BACK ▶  Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
See detailed instructions.  Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

EXHIBIT __15__
PAGE __93__

M 0110180

EX 505-0002

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work or for an earlier version of this work already been made in the Copyright Office?

☐ Yes ☑ No If your answer is Yes why is another registration being sought? (Check appropriate box ) ▼

a ☐ This is the first published edition of a work previously registered in unpublished form

b ☐ This is the first application submitted by this author as copyright claimant

c ☐ This is a changed version of the work, as shown by space 6 on this application

If your answer is Yes give Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work complete only 6b for a compilation

a Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

b Material Added to This Work Give a brief general statement of the material that has been added to this work and in which copyright is claimed ▼

**6**

a    See instructions before completing this space

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office give name and number of Account

Name ▼          Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent Name/Address/Apt/City/State/ZIP ▼

Larry W McFarland  Keats McFarland & Wilson LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

b

Area code and daytime telephone number    ( 310 ) 248 3830          Fax number    ( 310 ) 860 0363

Email   lmcfarland@kmwlaw com

**CERTIFICATION** I the undersigned hereby certify that I am the

check only one ►
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment Inc
        Name of author or other copyright claimant  or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date

Larry W McFarland          Date  December 16 2003

Handwritten signature (X) ▼

X _____

| Certificate will be mailed in window envelope to this address | Name ▼ Larry W McFarland  Keats McFarland & Wilson LLP |
|---|---|
| | Number/Street/Apt ▼ 9720 Wilshire Boulevard  Penthouse Suite |
| | City/State/ZIP ▼ Beverly Hills  California  90212 |

**YOU MUST**
Complete all necessary spaces
Sign your application in space 8
**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE**
1 Application form
2 Nonrefundable filing fee in check or money order payable to Register of Copyrights
3 Deposit material
**MAIL TO**
Library of Congress
Copyright Office
101 Independence Avenue S E
Washington D C 20559-6000

**9**

17 U S C  § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application  shall be fined not more than $2 500

Rev  June 2002—20 000  Web Rev  June 2002   ⊕ P   Printed on recycled paper          U S  Government Printing Office  2000 461 113/20 031

EXHIBIT 15
PAGE 94

M 0110181

EX 505-0003

VA 1-218-487



M 0110182

EXHIBIT __15__
PAGE __95__

EX 505-0004



EXHIBIT __15__
PAGE ___96___

M 0110183

EX 505-0005

# EXHIBIT 16



LIBRARY OF CONGRESS

*Copyright Office*
*of the United States*

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **SASHA DRAWING** registered under number **VA 1-218-488**.

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **SASHA DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-488**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By:    Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.

Δ π EXHIBIT 507
Deponent ARMSTRONG
Date 7/18/07 Rptr. ACC
WWW.DEPOBOOK.COM

M 0110184

EXHIBIT ___16___
PAGE ___97___

EX 507-0001

**Additional Certificate (17 U.S.C. 706)**
Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1–218–488

EFFECTIVE DATE OF REGISTRATION

DEC 2 2 2003

Month          Day          Year

---

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET

**1**

Title of This Work ▼

SASHA Drawing

NATURE OF THIS WORK ▼ See instructions

color drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

**2**

**a** NAME OF AUTHOR ▼

Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

**NOTE**

Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of   U S A
      Domiciled in

Was This Author's Contribution to the Work
Anonymous?        ☐ Yes  ☑ No
Pseudonymous?    ☐ Yes  ☑ No

If the answer to either of these questions is "Yes" see detailed instructions

Nature of Authorship  Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture
☑ 2 Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of
      Domiciled in

Was This Author's Contribution to the Work
Anonymous?        ☐ Yes  ☐ No
Pseudonymous?    ☐ Yes  ☐ No

If the answer to either of these questions is "Yes" see detailed instructions

Nature of Authorship  Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture
☐ 2 Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**3**

**a** Year in Which Creation of This Work Was Completed
1998

This information must be given
Year in all cases

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published
Month February  Day 12  Year 2001
U.S.A.                                            Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc  16730 Schoenborn Street
North Hills  CA  91343 6122

APPLICATION RECEIVED
DEC 2 2 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 2 2 2003
FUNDS RECEIVED

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

MORE ON BACK ▶  Complete all applicable spaces (numbers 5 9) on the reverse side of this page
See detailed instructions          Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

---

EXHIBIT  16
PAGE  98

M 0110185

EX 507-0002

VA 1-218-488



LIBRARY OF CONGRESS

DEC 2 2 2003

COPYRIGHT OFFICE

EXHIBIT __16__
PAGE __99__

**M 0110186**

EX 507-0003



EXHIBIT __16__
PAGE __100__

M 0110187

EX 507-0004

# EXHIBIT 17



LIBRARY OF CONGRESS

Copyright Office
of the United States

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **CLOE DRAWING** registered under number **VA 1-218-490**.

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **CLOE DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-490**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By: Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.



**M 0110193**

EXHIBIT 17
PAGE 101

EX 509-0001

Additional Certificate (17 U.S.C. 706)

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-218-490

EFFECTIVE DATE OF REGISTRATION

DEC 2 2 2003

Month    Day    Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET

**1**

Title of This Work ▼

CLOE Drawing

NATURE OF THIS WORK ▼ See Instructions

color drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical serial or collection give information about the collective work in which the contribution appeared Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**

NAME OF AUTHOR ▼

**a** Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a work made for hire ?
☐ Yes
☑ No

Author s Nationality or Domicile
Name of Country
OR { Citizen of    U S A
Domiciled in

Was This Author s Contribution to the Work
Anonymous?   ☐ Yes   ☑ No
Pseudonymous?   ☐ Yes   ☑ No

If the answer to either of these questions is "Yes" see detailed instructions

**NOTE**

Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture      ☐ Map        ☐ Technical drawing
☑ 2 Dimensional artwork        ☐ Photograph  ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work

Name of Author ▼

**b**

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a work made for hire ?
☐ Yes
☐ No

Author s Nationality or Domicile
Name of Country
OR { Citizen of
Domiciled in

Was This Author s Contribution to the Work
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No

If the answer to either of these questions is "Yes" see detailed instructions

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture      ☐ Map        ☐ Technical drawing
☐ 2 Dimensional artwork        ☐ Photograph  ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work

**3**

**a** Year in Which Creation of This Work Was Completed   1998
This Information must be given Year in all cases

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published
Month February   Day 12   Year 2001
U.S.A.   Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc  16730 Schoenborn Street
North Hills CA 91343 6122

See Instructions before completing this space

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003
FUNDS RECEIVED

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

MORE ON BACK ▶   Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions   Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

EXHIBIT  17
PAGE  102

M 0110194

EX 509-0002

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
   Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET

**PREVIOUS REGISTRATION** Has registration for this work  or for an earlier version of this work  already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is  Yes   why is another registration being sought? (Check appropriate box ) ▼

a  ☐ This is the first published edition of a work previously registered in unpublished form

b  ☐ This is the first application submitted by this author as copyright claimant

c  ☐ This is a changed version of the work  as shown by space 6 on this application

If your answer is  Yes   give  Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation
a  **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates ▼

**6**

a

See instructions
before completing
this space

b  **Material Added to This Work** Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account
Name ▼                                             Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼

b

Larry W  McFarland  Keats  McFarland & Wilson  LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

Area code and daytime telephone number   ( 310 ) 248 3830                    Fax number   ( 310 ) 860 0363

Email   lmcfarland@kmwlaw com

**CERTIFICATION*** I  the undersigned  hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment  inc
                           Name of author or other copyright claimant  or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date

Larry W  McFarland                                              Date  December 16  2003

Handwritten signature (X) ▼

X

| Certificate will be mailed in window envelope to this address | Name ▼ Larry W  McFarland  Keats  McFarland & Wilson  LLP |
| --- | --- |
| | Number/Street/Apt ▼ 9720 Wilshire Boulevard  Penthouse Suite |
| | City/State/ZIP ▼ Beverly Hills  California  90212 |

**YOU MUST**
Complete all necessary spaces
Sign your application in space 8

**SEND ALL  ELEMENTS
IN THE SAME PACKAGE**
1 Application form
2 Nonrefundable filing fee in check or money order payable to Register of Copyrights
3 Deposit material

**MAIL TO**
Library of Congress
Copyright Office
101 Independence Avenue  S E
Washington  D C  20559-6000

**9**

17 U S C  § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection
with the application  shall be fined not more than $2 500

Rev  June 2002—20 000  Web Rev  June 2002   ⊕ Printed on recycled paper                    U S  Government Printing Office  2000-461-113/20 021

EXHIBIT  17
PAGE  103

M 0110195

EX 509-0003

VA 1-218-490



EXHIBIT 17
PAGE 104

M 0110196

EX 509-0004



EXHIBIT 17
PAGE 105

M 0110197

EX 509-0005

# EXHIBIT 18



LIBRARY OF CONGRESS

*Copyright Office*
*of the United States*

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **YASMIN DRAWING** registered under number **VA 1-218-491.**

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **YASMIN DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-491.**

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By:     Tracie M. Coleman
        Head
        Certifications and Documents
        Section
        Information and Reference
        Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.



M 0110198

EXHIBIT ___18___
PAGE ___106___

EX 511-0001

**Additional Certificate (17 U.S.C. 706)**

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1–218–491**

EFFECTIVE DATE OF REGISTRATION

**DEC 22 2003**

Month          Day          Year

---

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET

### 1

**Title of This Work ▼**

YASMIN Drawing

**NATURE OF THIS WORK ▼** See instructions

color drawing

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

### 2

**a**

**NAME OF AUTHOR ▼**

Carter Bryant

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

**NOTE**

Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

Was this contribution to the work a work made for hire?
☐ Yes
☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of        U S A
    { Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?     ☐ Yes ☑ No
Pseudonymous?  ☐ Yes ☑ No
If the answer to either of these questions is "Yes" see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See instructions**
☐ 3 Dimensional sculpture      ☐ Map              ☐ Technical drawing
☑ 2 Dimensional artwork        ☐ Photograph       ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design   ☐ Architectural work

**b**

**Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼          Year Died ▼

Was this contribution to the work a work made for hire?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
    { Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?     ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes" see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See instructions**
☐ 3 Dimensional sculpture      ☐ Map              ☐ Technical drawing
☐ 2 Dimensional artwork        ☐ Photograph       ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design   ☐ Architectural work

### 3

**a**

**Year in Which Creation of This Work Was Completed**
1998
This information must be given in all cases

**b**

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published
Month  February  Day  12  Year  2001
U.S.A.                                              Nation

### 4

See instructions before completing this space

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc  16730 Schoenborn Street
North Hills CA  91343 6122

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003
FUNDS RECEIVED

DO NOT WRITE HERE

---

**MORE ON BACK ▶**  Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions          Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

M 0110199



EXHIBIT   18
PAGE   107

EX 511-0002

EXAMINED BY _____   FORM VA

CHECKED BY _____

☐ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☐ No If your answer is Yes, why is another registration being sought? (Check appropriate box.) ▼

a ☐ This is the first published edition of a work previously registered in unpublished form.

b ☐ This is the first application submitted by this author as copyright claimant.

c ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is Yes, give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

a

See instructions
before completing
this space

b Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼          Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

b

Larry W. McFarland   Keats McFarland & Wilson LLP
9720 Wilshire Boulevard Penthouse Suite
Beverly Hills, California 90212

Area code and daytime telephone number   ( 310 ) 248 3830          Fax number   ( 310 ) 860 0363

Email   lmcfarland@kmwlaw.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of   MGA Entertainment, Inc.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Larry W. McFarland          Date   December 16, 2003

Handwritten signature (X) ▼

X _____

**9**

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Larry W. McFarland   Keats McFarland & Wilson LLP

Number/Street/Apt ▼
9720 Wilshire Boulevard Penthouse Suite

City/State/ZIP ▼
Beverly Hills, California 90212

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev. June 2002—20,000   Web Rev. June 2002   ⊕ Printed on recycled paper          U.S. Government Printing Office: 2000-461-113/20,021

M 0110200

EXHIBIT ___ 18
PAGE ___ 108



EX 511-0003

VA 1–218–491

VA 1–218–491



LIBRARY OF CONGRESS
DEC 2 2 2003
COPYRIGHT OFFICE

M 0110201

EXHIBIT __18__
PAGE __109__

EX 511-0004