1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 90378)
     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                 EASTERN DIVISION

| | |
|---|---|
| 11  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) Consolidated with |
| 12            Plaintiff, | Case Nos. CV 04-09059 & CV 05-2727 |
| 13    vs. | [PUBLIC REDACTED] DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGA |
| 14 | ENTERTAINMENT, INC'S *EX PARTE* |
| 15  MATTEL, INC., a Delaware corporation, | APPLICATION TO STAY PENDING APPEAL |
| 16 | |
| 17            Defendant. | Date:   December 30, 2008 |
| 18 | Time:   10:00 am Place:  Courtroom 1 |
| 19  AND CONSOLIDATED ACTIONS | **Phase 1C** |

20
21
22
23
24
25
26
27
28

## DECLARATION OF JON D. COREY

I, Jon D. Corey, declare as follows:

1.      I am a member of the bars of the State of California and the District of Columbia, and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel")  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached hereto as Exhibit 1 is a true and correct copy of UCC Financing Statement Nos. 06-7090317861, 06-7090318135 and 06-7090318014 dated October 30, 2006, and Amendments thereto.  The creditor in each of the original Financing Statements is Wachovia Bank, N.A.  The Financing Statements were each amended on September 9, 2008, immediately after the Phase 1B verdict. In each of those amendments, the original UCC Financing Statement was amended to reflect that Wachovia Bank, N.A. no longer had a security interest in MGA assets. As amended, the UCC Financing Statements reflect that as of September 9, 2008, a company known as Omni 808 Investors LLC became a creditor of MGA and obtained a security interest in substantially all of MGA's assets.



07209/2737086.2

DECLARATION OF JON D. COREY



1

2

3

4

5

6

7

8

9

10    5.

11

12

13

14

15

16

17

18

19

20

21

22

23    6.    MGA has also made contradictory representations in recent legal

24    filings regarding its financial heath.  Compare Petition for Writ of Mandamus, dated

25    August 7, 2008, at 34 ("Unless the order denying a mistrial is overturned (and the

26    trial stayed in the interim), the MGA Parties will be financially ruined and MGA

27    will be unable to carry on what had been a successful business employing 1,700

28    people."), a true and correct copy of which is attached as Exhibit 7, with MGA

1 | Parties' Opposition to Motion for Permanent Injunction, dated October 13, 2008,

2 | at 13 ("Mattel submitted no evidence—because it could not—that MGA cannot

3 | satisfy the money judgment that follows from the Phase 1(b) verdict."), a true and

4 | correct copy of which is attached as Exhibit 8. ███████████████████

5 | ███████████████████████████████████████

6 | ███████████████████████████████████

7 | █████████████████████████████████████████

8 | █████████████████████████████████████████

9 | ████████

10 |          7.   █████████████████████████████████

11 | ███████████████████████████████████████

12 | ███████████████████████████████████

13 | ███████████████████████████████████████████

14 | ████████████████████████████████████████████

15 | ███████████████████████████████████

16 | ████████████████████████████████████████

17 | █████████████████████████████████████

18 | ██████████████████████████████████████

19 | ████████████████████████████████████████

20 | ████████████████████████████████████████

21 | ██████████████████████████████████████

22 | █████████████████████████████████

23 |          8.   ███████████████████████████████████████

24 | █████████████████████████████████████

25 | █████████████████████████████████████

26 | ████████████████████████████████████████

27 | ████████████████████████████████████████

28 |

07209/2737086.2

DECLARATION OF JON D. COREY





07209/2737086.2

DECLARATION OF JON D. COREY

12.     Attached hereto as Exhibit 21 is a true and correct copy of Mattel's Notice of Motion and Motion for Permanent Injunction, dated September 29, 2008 (Docket No. 4338).

13.     ███████████████████████████████████████████████████████████████████████████████████████

14.     ███████████████████████████████████████████████████████████████████████████████████████

15.     ███████████████████████████████████████████████████████████████████████████████████

16.     Attached hereto as Exhibit 25 is a true and correct copy of excerpts from MGA Entertainment, Inc.'s Supplemental Response to Interrogatory No. 2 of Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair Competition, dated June 20, 2007.

17.     Attached hereto as Exhibit 26 is a true and correct copy of the Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents By MGA, dated August 13, 2007.

18.     Attached hereto as Exhibit 27 is a true and correct copy of an article by Aarthi Sivaraman, entitled "Bratz ban may make dolls hard to find in stores," dated December 19, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 23, 2008, at Los Angeles, California.

/s/ Jon D. Corey

_____

Jon D. Corey

07209/2737086.2

-5-

DECLARATION OF JON D. COREY

# EXHIBIT 1

**06-7090317861**
**10/30/2006 16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

10214810002   UCC 1 FILING

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| MGA Entertainment (Mexico), Inc. | | | |

| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 20-0998523 | | Corporation | California | CA C2643976 | □ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | □ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |

| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum | [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State          MN1671688845-1

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

EXHIBIT __1__
PAGE __6__

1021481DOO2

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of the Issuer as determined for United States federal income tax purposes to be treated as a deemed dividend to the Issuer's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of the Issuer entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of the Issuer not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other

EXHIBIT ____1____
PAGE ____7____

acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

A - 2

EXHIBIT _1_
PAGE _8_

1021481000002

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
#### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 65% |

EXHIBIT _1_

PAGE _9_

---

**FILING OFFICER STATEMENT**

**INTERNAL USE ONLY**

1 .Identification of the Record to which this **FILING OFFICER STATEMENT** relates.

1a. INITIAL FINANCING STATEMENT #: 067090317861

1b. RECORD TO WHICH THIS STATEMENT RELATES:

**DOCUMENT NUMBER:** 10268190001
**FILING NUMBER:** 0670908369
**FILE DATE/TIME:** 11/3/2006 1:34:00 PM

THE ABOVE SPACE IS FOR THE CA FILING OFFICE USE ONLY

---

2. Describe the inaccuracy or mistake on the part of the file office:

☒ Debtor ☐ Secured Party
☐ Name and Address not indexed.
☒ Name indexed incorrectly
☐ Address indexed incorrectly

☐ File Date entered incorrectly
☐ Wrong Action type entered
☐ Wrong Filing Type entered
☐ Filed in Error
☐ Other

3. Describe filing office administrative action taken as a result of inaccuracy or mistake (including date of each action).

☐ Added Name:
☐ Address:
☒ Corrected Name from: MGA EMTERTAINMENT (MEXICO), INC.
☒ To: MGA ENTERTAINMENT (MEXICO), INC.
☐ Corrected Address from:
☐ To:
☐ Corrected File Date from          to
☐ Re-entered the UCC3          as a
☐ Changed the Filing Type from          to
☐ Document Deleted
☐ Other:

4. Additional Explanation (if applicable):

---

11/03/2006 13:34

EXHIBIT ___1___
PAGE ___10___

1

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
CDD

**07-71137422**

**05/14/2007 11:35**

**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS

12649850003   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
06-7090317861 filed 10/30/06

**1b.** This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 7d. TAX ID #:  SSN OR EIN | ADD'L INFO RE  7e. TYPE OF ORGANIZATION  ORGANIZATION  DEBTOR | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any  ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State; Debtor Name: MGA Entertainment (Mexico), Inc.   *692648880*
*JBM*

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)
Gardner 19513/315438

EXHIBIT __1__
PAGE __11__

## Exhibit A

Debtor:
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(c)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of the foregoing;

(d)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)     all certificates and instruments representing or evidencing any of the foregoing;

(f)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

EXHIBIT ___1___
PAGE ___12___

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

1264955003

EXHIBIT ___1___
PAGE ___13___

SCHEDULE 1

MGA Entertainment (Mexico), Inc.
Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 100% |

LEGAL02/30237046v2

EXHIBIT ___1___
PAGE ___14___

08-71714107

09/09/2008 16:03

**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS

18335690005   UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

F6-0000-858-2

**CL@S**

INFORMATION SERVICES

WWW.CLASINFO.COM
3870 HURLEY WAY, SUITE 330
SACRAMENTO, CA 95825
TEL:916.564.2000 / 800.972.5695
FAX:916.564.2020

account number 1036 AMRW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090317861 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|---|

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ ASSIGNMENT (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. ☐ DELETE name: Give record name to be deleted in item 6a or 6b. ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | | | | |
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | **OMNI 808 Investors LLC, as Agent** | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ delete ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | **Wachovia Bank, National Association, as Agent** | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA

Debtor: MGA Entertainment (Mexico), Inc.    **CA-SOS**

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

EXHIBIT  1
PAGE  15

**06-7090318135**

**10/30/2006 16:46**

**FILED**

SOS   CALIFORNIA
SECRETARY OF STATE

10214840002   UCC 1 FILING

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| MGA Entertainment Inc. | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and MGA International, Inc., (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| **6.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | | **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |

**8. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State          MN6768P45-5

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

EXHIBIT _1_
PAGE _16_

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, in the case of an Issuer that is a Foreign Subsidiary, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of such Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of such Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

LEGAL02/30133111v1

EXHIBIT  _1_
PAGE  _17_

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT __1__
PAGE __18__

## SCHEDULE 1

### MGA Entertainment Inc
### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | 2 | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| MGA International, Inc. | California | Shares Common Stock | 1 | 100% |

EXHIBIT ___1___
PAGE ___19___

**07-71137423**

**05/14/2007 11:35**

**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS

12649650004   UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
CDD

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
06-7090318135 filed 10/30/06

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the ☐ REAL ESTATE RECORDS.

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. ☐ DELETE name: Give record name to be deleted in item 6a or 6b. ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity intersts in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and The Little Tikes Company, (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment Inc.   6926 4889 0   JBM

FILING OFFICE COPY— NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

Gardner 19513/315438

EXHIBIT __1__
PAGE __20__

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)    all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)    all payments due or to become due to Debtor in respect of any of the foregoing;

(c)    all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)    all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)    all certificates and instruments representing or evidencing any of the foregoing;

(f)    all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)    all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Section 1.956-2(c)(2)).

EXHIBIT ___1___
PAGE ___21___

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

LEGAL02/30236856v2

A - 2

EXHIBIT ___1___
PAGE ___22___

## SCHEDULE 1

### MGA Entertainment Inc
#### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | N/A | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| The Little Tikes Company | Ohio | Shares Common Stock | 3 | 100% |

LEGAL02/30236856v2

1264965000004

EXHIBIT __1__
PAGE __23__

08-71714106

09/09/2008 16:03

FILED

CALIFORNIA
SECRETARY OF STATE

SOS

18335690004   UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

P6-0000-058-2

**CL@S**

INFORMATION SERVICES

WWW.CLAINTO.COM
2020 HURLEY WAY, SUITE 350
SACRAMENTO, CA 95825
TEL:916.364.7800 / 800.957.5996
FAX:916.364.7900

account number  1036AMIRW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318135 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the B. REAL ESTATE RECORDS. |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| | 6a. ORGANIZATION'S NAME | | | |
| OR | | | | |
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION

| | 7a. ORGANIZATION'S NAME | | | |
| OR | **OMNI 808 Investors LLC, as Agent** | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
| OR | **Wachovia Bank, National Association, as Agent** | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
Debtor: MGA Entertainment Inc.                                                     CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

EXHIBIT 1
PAGE 24



**06-7090318014**

**10/30/2006 16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

10214830002   UCC 1 FILING

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |

OR
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

OR
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |

OR
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in now owned or hereafter acquired accounts, inventory, related assets and proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [optional] [ADDITIONAL FEE] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

**8. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State                        MN0768P45-3

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Gardner 19513/315438

EXHIBIT 1
PAGE 25

1021483002

## Exhibit A

**Debtor:**
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest to and under all of the following property, whether now owned or hereafter acquired by Debtor or in which Debtor now has or at any time in the future may acquire any right, title or interest, and whether now existing or hereafter arising:

(i)     all Accounts;

(ii)    all Inventory;

(iii)   all Documents relating to Inventory;

(iv)    all books and records pertaining to any property described in this definition;

(v)     all Supporting Obligations pertaining to any property described in this definition; and

(vi)    to the extent not otherwise included, all Proceeds.

Terms used herein without definition that are defined in the UCC have the respective meanings given them in the UCC and if defined in more than one article of the UCC, such terms shall have the meaning defined in Article 9 of the UCC.

As used herein:

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (i) rights, benefits, distributions, premiums, profits, dividends, interest, cash, Instruments, Documents, Accounts, contract rights, Inventory, Equipment, General Intangibles, Payment Intangibles, Deposit Accounts, Chattel Paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof; (ii) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (iii) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (iv) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

"UCC" means the Uniform Commercial Code as from time to time in effect in the State of New York; provided, however, to the extent that, by reason of mandatory provisions of law, any of the attachment, perfection, or priority of, or remedies with respect to, the Secured Party's security interest in any Collateral is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the State of New York, the term "UCC" shall mean the Uniform Commercial Code as in effect in such other jurisdiction solely for purposes of the provisions hereof relating to such attachment, perfection, priority or remedies and for purposes of definitions related to such provisions.

A - 1

EXHIBIT   1
PAGE   26

**08-71714105**

**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

18335690003    UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

P4-0000-058-2

**CL@S**
INFORMATION SERVICES
WWW.CLASINFO.COM
2020 HURLEY WAY, SUITE 350
SACRAMENTO, CA 95825
TEL-916.564.7000 / 100.952.5444
FAX-916.564.7800

account number  1036AM1RW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318014 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the 0. REAL ESTATE RECORDS. |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ ASSIGNMENT (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
   Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.    ☐ DELETE name: Give record name to be deleted in item 6a or 6b.    ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

OR

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

OR

| 7a. ORGANIZATION'S NAME **OMNI 808 Investors LLC, as Agent** | | | |
|---|---|---|---|
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any  ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
   Describe collateral ☐ delete or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

OR

| 9a. ORGANIZATION'S NAME **Wachovia Bank, National Association, as Agent** | | | |
|---|---|---|---|
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
    Debtor: MGA Entertainment Inc.                                           CA-SOS

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

EXHIBIT  1
PAGE  27

# EXHIBIT 2

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 3

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 4

## Net Worth

| | Pre-Trial | Larian's Recent Claim |
|---|---|---|
| MGA | $2.0 billion | $540.5 million |
| Larian | $1.9 billion | $723.3 million |

P. 13 - 51.5

PLAINTIFF'S EXHIBIT 13969 CV 04-9049 SGL

EXHIBIT 4
PAGE 28

EX 13969-0001

# EXHIBIT 5

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 6

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 7

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 8

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 9

# FILED UNDER SEAL PURSUANT TO
# PROTECTIVE ORDER

# EXHIBIT 10

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 11

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 12

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 13

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 14

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 15

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 16

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 17

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 18

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 19

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 20

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 21

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 22

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 23

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 24

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 25

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 26

CONFORMED COPY

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9                          EASTERN DIVISION

10

11  CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                         JAMS Reference No.1100049530
12          Plaintiff,

13      v.                               Consolidated with
                                         Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation, Case No. CV 05-2727

15          Defendant.                   **ORDER GRANTING IN PART AND
                                         DENYING IN PART MATTEL'S
16                                       MOTION TO COMPEL PRODUCTION
                                         OF DOCUMENTS BY MGA;
17                                       DENYING REQUEST FOR
                                         MONETARY SANCTIONS**
18  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
19  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
20

21                        I.  INTRODUCTION

22          On June 26, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production of

23  Documents by MGA Entertainment, Inc. ("MGA") and for Award of Monetary Sanctions. Mattel

24  seeks an order compelling MGA "to produce documents responsive to Mattel's First Set of

25  Requests for Documents and Things Re Unfair Competition Claims, including, without limitation,

26  Request Nos. 1, 3-10, 12-13, 16-18, 19-20, 26-27, 29-30, 32-40, 42-43, 45, 48-52, 54-56, 58-60,

27

28
    Bryant v. Mattel, Inc.,                                                          1
    CV-04-09049 SGL (RNBx)

1   65-119, 137-140, 157-161, 164 and 166," and for sanctions in the amount of $4,500, which

2   represents a portion of the costs incurred by Mattel in bringing this motion. Mattel's Motion at

3   p.1. On July 3, 2007, MGA submitted its opposition brief, and on July 9, 2007, Mattel submitted

4   a reply brief. The matter was heard via telephonic conference on August 13, 2007. Having

5   considered the motion papers and comments of counsel at the hearing, Mattel's motion to compel

6   is granted in part and denied in part, and the request for sanctions is denied.

II. BACKGROUND

8       This consolidated action includes MGA's claims for unfair competition against Mattel.

9   Among other things, MGA alleges that Mattel has engaged in "serial copycatting" of MGA

10   products, packaging and advertising, including Bratz dolls and other Bratz products, Bratz

11   packaging and Bratz television commercials. MGA also alleges that Mattel engaged in improper

12   conduct in dealing with retailers, licensees, employees and industry organizations.

13       After MGA filed its claims against Mattel, Mattel sought and was granted leave to file

14   several counterclaims against MGA, including claims for copyright infringement, violation of

15   RICO, conspiracy to violate RICO, misappropriation of trade secrets and unfair competition.

16   Among other things, Mattel alleges that MGA has induced Mattel employees to steal Mattel's

17   trade secrets, confidential information and other property and take it with them to their new

18   employment with MGA. Mattel also alleges that Bryant conceived, created and developed Bratz

19   designs while he was employed by Mattel as a designer, that he concealed his Bratz work from

20   Mattel, and that he sold Bratz to MGA while he was a Mattel employee. Mattel alleges that it is

21   the rightful owner of the Bratz designs and that MGA is engaging in copyright infringement of

22   the Bratz designs.

23       On December 18, 2006, Mattel propounded its First Set of Requests for Production of

24   Documents and Things re Claims for Unfair Competition to MGA (the "Requests for

25   Production"). The Requests for Production consist of 166 requests seeking information that

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 26
PAGE 454

2

1    Mattel contends is relevant primarily to MGA's claims for unfair competition and Mattel's

2    defenses thereto.

3          In the meantime, MGA served its initial disclosures related to its unfair competition

4    claims. Mattel immediately filed a motion to compel MGA to provide complete initial

5    disclosures in compliance with Rule 26, Fed.R.Civ.P. Although the initial disclosures were

6    wholly inadequate, the Discovery Master denied the motion to compel, reasoning that it would be

7    more efficient and orderly for the parties to proceed with Mattel's pending Requests for

8    Production.

9          MGA served its responses to Mattel's Requests for Production on January 17, 2007.

10   MGA objected and refused to produce documents responsive to approximately two-thirds of

11   Mattel's requests. As to the remaining requests, MGA agreed to produce "relevant and non-

12   objectionable documents," subject to its General and Specific Objections.

13         Thereafter the parties met and conferred in person and exchanged a few letters. On

14   February 9, 2007, counsel for MGA advised Mattel by letter that MGA, subject to its General and

15   Specific objections, agreed to produce all "relevant and non-objectionable documents" responsive

16   to Request Nos. 1-4, 11, 13-15, 18, 21-26, 28-29, 31-36, 44-51, 53, 61-64, 118, 120-137, 141-156,

17   162-163, 165 and 166. Kidman Decl., Ex. 14. As to Request Nos. 9, 10 and 12, MGA also

18   agreed to produce "documents sufficient to show the timing of, and relevant facts regarding"

19   certain specified products. Id. Counsel for MGA sent another letter on February 16, 2007,

20   advising Mattel that MGA would produce documents responsive to Request Nos. 29 and 30.

21   Bradley Decl., Ex. 1. On May 21, 2007, MGA advised Mattel by letter that it agreed, in essence,

22   to withdraw its restriction to "relevant and non-objectionable documents" in its responses to the

23   Requests For Production. Bradley Decl., Ex. 3. On May 31, 2007, MGA served supplemental

24   responses to Mattel's Requests for Production, which no longer included the phrase "relevant and

25   non-objectionable." Kidman Decl., Exs. 11 and 16.

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                                              3

EXHIBIT 26
PAGE 455

1    In its opening brief, Mattel contends that MGA has improperly refused to produce

2    documents relating to: the creation, origin, timing and ownership of the contested MGA products

3    and packaging, including the contested Bratz products and packaging (Request Nos. 5, 6-8, 16,

4    17, 19, 20, 38, 39, 48); MGA's alleged theft of Mattel's trade secrets and confidential information

5    by, among other things, targeting and recruiting current and former Mattel employees (Request

6    Nos. 42, 59, 60, 65-117, 138-140, 160, 161 and 164); damages (Request Nos. 27, 30 and 157-

7    159); facts MGA contends support its unfair competition claims (Request Nos. 45, 119 and 166).

8    Mattel contends that MGA has no legitimate basis for refusing to produce these categories of

9    documents because they are directly relevant to the claims and defenses in the case. Mattel also

10    contends that MGA has improperly restricted the scope of its document production in response to

11    Request Nos. 1, 3, 4, 13, 18, 29, 49, 52 and 137.

12    MGA contends that Mattel's motion should be denied in its entirety for three reasons.

13    First, Mattel is seeking documents MGA already agreed to produce as a result of the meet and

14    confer process. Second, Mattel is seeking documents that may be precluded by other motions

15    pending before the district court. Third, Mattel is seeking documents that constitute an

16    unreasonable and overbroad fishing expedition.

17    As to the first point, MGA contends that it has already agreed to produce documents

18    responsive to Request Nos. 9, 10, 12, 26, 29, 30, 32-36, 45, 48-51, 118, 137, and 166. Moreover,

19    MGA represents that it has produced more than 110,000 pages of documents, including

20    documents relating to the origin, infringement, design and tooling of Bratz and has also provided

21    Mattel with access to Bratz molds and sculpts. MGA also represents that it is continuing to

22    search for and produce documents responsive to Mattel's requests on a rolling basis.

23    MGA also asserts that it "has revisited certain of Mattel's requests, and so as to avoid

24    further burdening the Court, MGA agrees to produce non-privileged documents in its possession,

25    custody or control, subject to its previously stated General and Specific Objections, that are

26

27

28

EXHIBIT 26

PAGE 456

1  responsive to the following sixteen requests:  5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and

2  157-159."  MGA's Opposition at p. 3.

3          MGA also represents that it is prepared to produce documents responsive to Mattel's

4  Request Nos. 65-117 and 119 (which seek documents concerning MGA-Mexico and its

5  employees, and other topics relevant to Mattel's counterclaims) now that Judge Larson issued an

6  order denying MGA's motion to dismiss Mattel's trade secret claims.[1]  MGA's Opposition at pp.

7  2 and 6.

8          As to the second point, MGA contends that Mattel's motion to compel is premature with

9  respect to Request Nos. 1, 3, 4, 13 and 18.  MGA explains that these requests seek, among other

10  things, information pertaining to undisclosed and/or unreleased MGA products.  The Discovery

11  Master issued an order compelling MGA to produce such documents in response to other Mattel

12  discovery requests.  MGA appealed the Discovery Master's ruling, which was heard by Judge

13  Larson on July 2, 2007.  MGA contends that it should not be required to produce documents

14  responsive to Request Nos. 1, 3, 4, 13 and 18 until Judge Larson issues a ruling.

15          For the remaining requests, however, MGA stands by its objections.  More specifically,

16  MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160, 161 and 164 are grossly overbroad

17  and unduly burdensome.

18          In its reply brief, Mattel contends that MGA's belated offers to produce responsive

19  documents do not obviate the need for an order compelling production for several reasons.  First,

20  Mattel contends that in many instances, MGA's purported agreements to produce responsive

21  documents are subject to major qualifications.  For example, in response to Request Nos. 9, 10

22  and 12, MGA's meet and confer letter indicates that MGA has limited its production of

23  documents to only "documents sufficient to show the timing of, and relevant facts regarding"

24  certain products.  Kidman Decl., Ex. 14.  Second, Mattel points out that, in some instances, the

25

26  ─────────────────

27  [1]  Judge Larson issued the order on June 27, 2007, a day after Mattel submitted its opening brief.

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SOL (RNBx)

EXHIBIT 24
PAGE 457

1   representations in MGA's meet and confer letters conflict with MGA's subsequent May 31, 2007

2   supplemental responses. For example, even though MGA stated earlier in its two meet and confer

3   letters that it would produce documents responsive to Request Nos. 9, 10, 12, 26, 30, 32-36, 45,

4   48, 50, 51, 118 and 166, MGA's May 31, 2007 supplemental responses indicate that MGA

5   objects and refuses to produce documents responsive to these requests. Third, Mattel contends

6   that MGA has acknowledged its responsibility to produce documents responsive to Request Nos.

7   65-117 and 119 in view of Judge Larson's June 27, 2007 order denying MGA's motion to dismiss

8   Mattel's counterclaims, and yet, MGA has failed to do so. Fourth, Mattel points out that MGA's

9   opposition brief is internally inconsistent with respect to Request Nos. 55 and 56, stating both that

10  MGA agrees to produce documents responsive to the requests, and that MGA objects to the

11  requests as overbroad and burdensome. See MGA's Opposition at pp. 3 and 8.

12          Mattel also contends that Request Nos. 1, 3, 4, 13 and 18 are no longer premature because

13  on July 5, 2007, two days after MGA submitted its opposition brief, Judge Larson issued an order

14  upholding the Discovery Master's ruling with respect to undisclosed and/or unreleased MGA

15  products. Accordingly, Mattel requests an order compelling production of documents all

16  documents responsive to Request Nos. 1, 3, 4, 13 and 18 without any limitations, and overruling

17  any objections thereto.

18          With respect to the remaining requests to which MGA continues to object, Mattel reasserts

19  that the requests seek documents relevant to Mattel's trade secret counterclaims. Mattel also

20  contends that MGA has failed to establish that complying with the requests would impose an

21  undue burden.

22                              III. DISCUSSION

23          Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

24  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

25  party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

26  permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 26
PAGE 458

6

1 2004) ("District courts need not condone the use of discovery to engage in 'fishing

2 expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

3 (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

4 (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

5 the phrase "subject matter involved in the pending action," were intended to prevent discovery

6 that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

7 litigate the issues presented by the pleadings but to develop new claims or defenses.).

8  Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

9 extent of use of the discovery methods if the court determines that "(i) the discovery sought is

10 unreasonably cumulative or duplicative, or is obtainable from some other source that is more

11 convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

12 opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

13 expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

14 the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

15 the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

16 26(b)(2).

17 **Request Nos. 1, 3, 4, 13 and 18**

18  Request No. 1 seeks "[a] sample of each of the CONTESTED MGA PRODUCTS,

19 together with each such product's packaging, instructions, promotional materials and other

20 associated packaging materials." Request No. 3 seeks "[a] complete copy of each advertisement

21 or promotional statement prepared, produced, printed, broadcast, made available to anyone in any

22 manner via the Internet, or otherwise used or disseminated in any way in connection with the

23 CONTESTED MGA PRODUCTS." Request No. 4 seeks "[a] complete copy of each

24 COMMUNICATION, advertisement, promotional statement that provides a basis for any claim

25 by [MGA] against MATTEL." Request No. 13 seeks "[a]ll DOCUMENTS RELATING to any

26 revision of any CONTESTED MGA PRODUCTS, including but not limited to any proposed

27

28

EXHIBIT 26
PAGE 459

1    alternatives, modifications or changes (whether or not implemented) to such CONTESTED MGA

2    PRODUCTS." Request No. 18 seeks "[a]ll DOCUMENTS RELATING TO the marketing,

3    advertising, promotion, licensing, offering for sale or sale of the CONTESTED MGA

4    PRODUCTS, including but not limited to all marketing studies, marketing plans, sales plans,

5    sales forecasts, strategies, surveys and analyses and including but not limited to all catalogs,

6    advertisements, brochures, displays and Internet publications."

7           During the meet and confer process, MGA agreed to produce documents responsive to

8    Request Nos. 1, 3, 4, 13 and 18. Kidman Decl., Ex. 14. In its subsequent supplemental

9    responses, however, MGA responded that it would produce responsive documents "visible to the

10   consuming public at the point of purchase," "made available to the public," or "presented to the

11   consuming public." MGA's Supp. Response, Kidman Decl., Ex. 8 and 16.

12          Mattel contends that the requested documents and items are relevant to MGA's claim of

13   "serial copying," whether or not they are seen by the consuming public. Mattel also contends that

14   the documents it seeks are relevant to any claim by MGA of "post sale confusion." Furthermore,

15   Mattel argues that MGA's restrictions on discovery are unreasonable in light of MGA's own

16   claimed trade dress, which MGA alleges extends to the entirety of MGA's marketing techniques

17   and product appearance. Mattel also contends that Request No. 13 seeks documents that are

18   directly relevant to MGA's claim that Mattel systematically modified its products to increase their

19   similarity to MGA's products over time.

20          In its opposition brief, MGA does not attempt to refute any of Mattel's relevancy

21   arguments above, relying instead on its argument that these requests are premature until Judge

22   Larson issues a ruling. Judge Larson, however, issued an order on July 5, 2007. Accordingly, the

23   requests are no longer premature. The subject requests are relevant and not unduly burdensome.

24   MGA is ordered to produce all non-privileged documents that are responsive to Request Nos. 1,

25   3, 4, 13 and 18.

26   //

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                                                                    8



EXHIBIT   26
PAGE   400

1   **Request Nos. 5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159**

2        In its opposition brief, MGA agrees to produce documents responsive to Request Nos. "5-

3   8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159." MGA's Opposition at p. 3. Later in its

4   opposition brief, however, MGA contends that Request Nos. 55 and 56 are overbroad and

5   burdensome. See MGA's Opposition at pp. 3 and 8. Request No. 55 seeks production of "[a]ll

6   periodicals, whether they be magazines, newspapers, newsletters, or any other type of periodical,

7   that mention the CONTESTED MGA PRODUCTS that have been published since January 1,

8   1999." Request No. 56 seeks "[a]ll television or radio broadcasts or cablecasts that mention the

9   CONTESTED MGA PRODUCTS that have been disseminated since January 1, 1999." MGA

10   contends that these requests encompass, among other things, every single advertisement MGA

11   ever ran in connection with BRATZ or any of the other products at issue.

12       Mattel contends that Request Nos. 55 and 56 are designed to obtain documents that may

13   contain admissions relevant to various issues in the case, including admissions regarding the

14   origin and timing of the products at issue; the performance of the contested products or MGA as a

15   whole, which may undercut MGA's claims for damages; and statements that might reveal that

16   MGA had access to confidential Mattel information.

17       Although Request Nos. 55 and 56 encompass potentially relevant documents, they are

18   overbroad. They require MGA to produce every single advertisement MGA ever ran in

19   connection with all of the products at issue. The requests are not limited in any respect to the

20   subjects of interest to Mattel, i.e., the origin and timing of the products at issue. Furthermore,

21   Mattel has utilized other document requests and depositions to obtain the type of evidence it now

22   seeks.

23       Accordingly, Mattel's motion is granted as to Request Nos. 5-8, 16-17, 19-20, 27, 37-40,

24   43, 52, and 157-159 to ensure a deadline for production, and denied as to Request Nos. 55 and 56

25   pursuant to Rule 26(b)(2), Fed.R.Civ.P.

26   //

27

28

EXHIBIT 26
PAGE 461

9

1  **Request Nos. 9, 10, 12**

2      Request Nos. 9, 10 and 12 call for "[a]ll DOCUMENTS RELATING TO the invention,

3  creation, origin, conception, authorship, design, development, production, engineering,

4  manufacture, distribution, sale and ownership of products and packaging" "that YOU contend

5  provide a basis for any claim against MATTEL, whether or not such claim is in the

6  COMPLAINT" (No. 9); "that YOU contend MATTEL copied or infringed" (No. 10); and related

7  "COMMUNICATIONS" (No. 12). During the meet and confer process, MGA agreed to produce

8  "documents sufficient to show the timing of, and relevant facts" regarding the following products

9  on the following topics:

10      • "First generation 'Bratz'" line, including packaging – invention, creation, origin,

11      conception, authorship, design, development, sale and ownership;

12      • "Bratz" "Wintertime Wonderland" line, including packaging – invention, creation,

13      origin, conception, authorship, and first sale;

14      • "Bratz" "Sportz" Cloe, including packaging – invention, creation, origin, conception,

15      authorship and first sale;

16      • "Bratz" "Sun-Kissed Summer" line, including packaging and playset – invention,

17      creation, origin, conception, authorship, and first sale;

18      • "Bratz" "Formal Funk" line –invention, creation, origin, conception, authorship, and first

19      sale;

20      • "Bratz" "Runway Disco," including packaging – invention, creation, origin, conception,

21      authorship, and first sale;

22      • "Bratz" "Funky Fashion Makeover Head," including packaging – invention, creation,

23      origin, conception, authorship, and first sale;

24      • "Bratz" "Petz," including packaging – invention, creation, origin, conception,

25      authorship, and first sale;

26

27

28



EXHIBIT 24
PAGE 462

10

1  • "4-Ever Best Friends," including packaging – invention, creation, origin, conception,

2  authorship, and first sale;

3  • "Mommy's Little Patient" – invention, creation, origin, conception, authorship, and first

4  sale;

5  • "AlienRacers," including logo – invention, creation, origin, conception, authorship, and

6  first sale; and

7  • "Bratz" "Diamondz" line – invention, creation, origin, conception, authorship, and first

8  sale.

9 Kidman Decl., Ex. 14. In response to Request No. 9, MGA also agreed to produce documents

10 containing development, production and sales information for the product(s) affected by the hair

11 shortage allegedly caused by Mattel and "sufficient to show the timing of and relevant facts

12 regarding the shortage and its effect on MGA." Id. Thereafter, MGA asserted objections to these

13 requests in its May 31, 2007 supplemental responses. In opposition to Mattel's motion, however,

14 MGA restated that it would produce documents responsive to these requests consistent with its

15 prior meet and confer letter. MGA's Opposition at p. 5.

16  Mattel contends that MGA's agreement to produce documents is insufficient because

17 MGA has limited its production to documents "sufficient to show." MGA's opposition brief fails

18 to address Mattel's argument. Instead, MGA merely asserts that it agreed to produce documents

19 responsive to Request Nos. 9, 10 and 12 during the meet and confer process, and therefore

20 Mattel's motion should be denied as moot.

21  Request Nos. 9, 10 and 12 clearly seek relevant information, and MGA has failed to

22 justify why its production should be limited to documents "sufficient to show." Therefore,

23 Mattel's motion is granted as to Request Nos. 9, 10 and 12.

24 **Request Nos. 26, 29, 30, 32, 36, 45, 48-51, 118, 137 and 166**

25  In its two meet and confer letters MGA agreed to produce, subject to its General and

26 Specific Objections, documents responsive to Request Nos. 26, 29, 30, 32-36, 45, 48-51, 118, 137

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _26_
PAGE _463_

11

1   and 166. Kidman Decl., Ex. 14. Mattel points out, however, that MGA's May 31, 2007

2   supplemental responses are inconsistent insofar as the responses indicate that MGA continues to

3   object to some of the requests or otherwise agrees to produce only a limited portion of documents

4   responsive to other requests. Mattel's Reply Brief at p. 7. Nevertheless, in its opposition brief,

5   MGA reaffirms its earlier agreement to produce all responsive documents, and states that it

6   considers Mattel's motion to be moot. See MGA's Opposition at pp. 5-6. Mattel's motion is

7   granted as to this category of requests.

8   **Request Nos. 65-117 and 119**

9        In its opposition brief, MGA agrees to produce documents responsive to Mattel's Request

10   Nos. 65-117 and 119 now that Judge Larson issued an order denying MGA's motion to dismiss

11   Mattel's trade secret claims. MGA's Opposition at pp. 2 and 6. Mattel's motion is granted as to

12   these requests.

13   **Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164**

14        MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164 are overbroad

15   and unduly burdensome. Mattel insists that they are not. More specifically, Mattel contends that

16   the requests seek documents regarding MGA's alleged theft of Mattel's trade secrets, and in

17   particular, the theft of trade secrets through targeting and hiring current and former Mattel

18   employees.

19        Request No. 42 seeks "[a]ll COMMUNICATIONS between [MGA] and any individual

20   while the individual was employed by MATTEL." Although the request may encompass relevant

21   documents, it is overbroad insofar as it requires production of all communications, regardless of

22   subject matter. Furthermore, the request is objectionable to the extent it seeks documents that are

23   equally available to Mattel. Therefore, Mattel's motion is denied as to Request No. 42 pursuant

24   to Rule 26(b)(2), Fed.R.Civ.P.

25        Request No. 54 seeks "[a]ll DOCUMENTS RELATING TO any COMMUNICATION by

26   [MGA] with any news organization regarding the CONTESTED MGA PRODUCTS or the

27

28

EXHIBIT 26
PAGE 464

1  CONTESTED MATTEL PRODUCTS." Once again, the request encompasses potentially

2  relevant documents, however it is overbroad, seeking all documents relating to any

3  communications by MGA with any news organization. Furthermore, the request seeks documents

4  that are of relatively minimal relevance to the claims and defenses in the case. Therefore,

5  Mattel's motion is denied as to Request No. 54 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

6      Request Nos. 58 seeks "[a]ll DOCUMENTS RELATING TO publicity by [MGA] or

7  about the CONTESTED MGA PRODUCTS since January 1, 1999, including but not limited to

8  advertising, media releases, and public relations material." This request is also overbroad in that

9  it seeks all documents relating to publicity by MGA about its products at issue in the litigation.

10  Mattel's motion is therefore denied as to Request No. 58 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

11      Request No. 59, asks for "[a]ll DOCUMENTS RELATING TO any effort by [MGA] to

12  recruit employees or contractors since January 1, 1999, including but not limited to advertising,

13  media releases, brochures, articles, catalogs, handbooks, and public relations material." The

14  request is overbroad insofar as it requires production of all documents relating to MGA's

15  recruiting, including for instance, recruiting from competitors other than Mattel. Mattel's motion

16  is therefore denied as to Request No. 59 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

17      Request No. 60 seeks "[a]ll DOCUMENTS RELATING TO the hiring, engagement, or

18  retention by [MGA] of any former or current MATTEL employee or contractor since January 1,

19  1999, including but not limited to all employment agreements and agreements RELATING TO

20  confidentiality or the invention, authorship, or ownership of any concept or product." Request

21  No. 138 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON RELATING TO

22  the departure from MATTEL of any current or former MATTEL employee or contractor."

23  Request No. 139 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON

24  RELATING TO the obligations to MATTEL, including the duty of confidentiality, of any current

25  or former MATTEL employee or contractor. Request No. 140 seeks "[a]ll

26  COMMUNICATIONS between [MGA] and any current or former MATTEL employee or

27

28

EXHIBIT  26
PAGE

1   contractor RELATING TO the ownership of any idea, concept, design, or product.  Unlike the

2   previous requests, Request Nos. 60, 138, 139 and 140 are reasonably tailored to seek documents

3   central to Mattel's allegation that MGA stole its trade secrets through targeting and hiring current

4   and former Mattel employees.  MGA has not carried its burden of establishing that it would be

5   unduly burdensome to comply with these requests.  Accordingly, Mattel's motion is granted as to

6   Request Nos. 60, 138, 139 and 140.

7        Request No. 160 seeks "[a]ll DOCUMENTS received from MATTEL (whether directly

8   or indirectly) by [MGA] at any time since January 1, 1999."  Request No. 161 seeks "[a]ll

9   DOCUMENTS that [MGA has] reason to believe were created by or originated from MATTEL,

10   other than MATTEL products that [MGA] purchased at retail."  Request No. 164 seeks "[a]ll

11   DOCUMENTS RELATING TO any COMMUNICATIONS with, or inquiry or investigation by,

12   any government entity RELATING TO the CONTESTED MGA PRODUCTS or the

13   CONTESTED MATTEL PRODUCTS."  These three requests are also reasonably tailored to seek

14   documents that could support Mattel's allegations of trade secret theft.  MGA has failed to

15   establish that it would be unduly burdensome to comply with these requests.  Mattel's motion is

16   granted as to Request Nos. 160, 161 and 164.

17                            IV. CONCLUSION

18        For the reasons set forth above, Mattel's motion is granted as to Request Nos. 1, 3-10, 12,

19   13, 16-20, 26, 27, 29, 30, 32-40, 43, 45, 48-52, 60, 65-117, 118, 119, 137-140, 157-161, 164 and

20   166, and denied as to Request Nos. 42, 54-56, 58, 59.  MGA shall produce, without limitation, all

21   non-privileged responsive documents in accordance with this Order no later than August 30,

22   2007.  Mattel's request for sanctions is denied.

23        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

24   Master, Mattel shall file this Order with the Clerk of Court forthwith.

25   Dated: August 13, 2007

26                                HON. EDWARD A. INFANTE (Ret.)

                             Discovery Master

27

28

EXHIBIT 26
PAGE 466

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 13, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA; DENYING REQUEST FOR MONETARY SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 13, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT 26
PAGE 467

# EXHIBIT 27



**REUTERS**                    SPONSORED BY **EPSON**

Print | Close this window

# Bratz ban may make dolls hard to find in stores

Fri Dec 19, 2008 1:51pm EST

By Aarthi Sivaraman - Analysis

NEW YORK (Reuters) - Toy shoppers may put Bratz dolls on their "hard to find" list in the final days before Christmas as a court order banning sales of the edgy, chic toys early next year will make retailers wary of restocking.

At issue is the injunction that No. 1 U.S. toymaker Mattel Inc (MAT.N: Quote, Profile, Research, Stock Quote) won against family-owned MGA Entertainment in a bitter, years-long legal battle, which requires MGA to recall all Bratz dolls and destroy toy molds. Since their launch in 2001, the Bratz dolls have stolen market share from Mattel's flagship Barbie.

The court order was issued by U.S. District Judge Stephen Larson, after finding that "hundreds" of Bratz dolls infringe on the copyrights owned by Mattel Inc.

MGA filed a notice of appeal and asked for the enforcement of the court order, which has been stayed until early next year, to be delayed indefinitely.

But retailers that sell Bratz, including Wal-Mart Stores Inc (WMT.N: Quote, Profile, Research, Stock Buzz), Target Corp (TGT.N: Quote, Profile, Research, Stock Buzz) and Toys "R" Us, which are required to ship the dolls back to MGA if the order is upheld, may be loath to be left with too much of the dolls meanwhile.

"There is a very good chance that certain retailers will not reorder inventory," said David Leibowitz, a senior research analyst at Horizon Asset Management. "Very few retailers want to sell merchandise which is going to be under somebody else's control in the very foreseeable future."

Jim Silver, editor-in-chief of Timetoplaymag.com, said he has noticed that where Bratz earlier had a whole row of space in one store, it now had only 30 percent.

"Nothing speaks the truth as how much shelf space you have. 'High School Musical' and 'Hannah Montana' have more shelf space than Bratz has now," he said, referring to popular toys based on Walt Disney Co (DIS.N: Quote, Profile, Research, Stock Buzz) entertainment.

But die-hard fans of the dolls with large eyes and pouty lips could be keen to collect them ahead of their possible demise. Though Bratz's popularity is

EXHIBIT 27
PAGE 468

already being challenged by the likes of Disney's Hannah Montana, the injunction could be a blessing in disguise.

"Consumers were surprised of the news that Bratz would be discontinued after the Christmas holidays," said Robyn Barnette, owner of the fan website Bratz Heaven, in an e-mail interview.

"(MGA) was caught off-guard with the injunction and did not have enough time to prepare its 'farewell lines' with what they were offering," Barnette said. "(People) will purchase whatever is available before the dolls are removed from store shelves."

COLLECTORS' ITEMS?

Piper Jaffray analyst Anthony Gikas said that key toy retailers like Wal-Mart, Target and Toys "R" Us will be "watching this very closely," adding that they might not want to be caught with a lot of products as they moved into 2009.

A Toys "R" Us spokeswoman said the retailer was assessing the situation, while a Wal-Mart spokeswoman said it was "business as usual" when it comes to selling Bratz dolls.

The holiday shopping season, when toy companies usually rake in the lion's share of their revenue, has turned out to be dismal this year. According to the gloomiest forecasts, this could be the worst holiday season since the early 1990s.

Retailers have kept a close eye on inventory this year to reduce the need to slash prices and get rid of excess products closer to Christmas, which could also spell trouble for MGA.

But with an enforced scarcity, the remaining Bratz could become collectors' items.

"The first generation Bratz dolls from 2001, also known as the first edition Bratz, and the dolls that were the result of Carter Bryant's creation, were extremely valuable and only serve to become more valuable now," Barnette said.

Barnette's website, Bratz Heaven, was launched in April 2005, around the time the Bratz dolls seized the attention of pre-teenage girls around the world. The website draws up to 40,000 visitors per month, Barnette said.

Mattel launched in 2004 its legal battle over Bratz, which managed to steal the limelight from Mattel's own star toy Barbie. If the order is upheld, Mattel may not keep the Bratz line going and allow it to further erode demand for Barbie. But the company has remained mum on its plans.

Earlier this year, a jury awarded Mattel all but four original Bratz drawings made by Carter Bryant, after it was found that Bryant had still been employed by Mattel when he designed the Bratz.

The future of the doll franchise hinged on court-ordered talks between the companies, but discussions failed to yield results. Judge Larson issued his

EXHIBIT __27__

PAGE __469__

injection order soon after.

Analysts and legal experts have said that the companies would still be better
off settling their differences. But there has been no sign so far that the two
can reach their own resolution.

"There is still a long way to go on this case," Gikas said. "There are some
really, really deep-rooted issues between the two companies. MGA is not
going to give up easily. This is far from over," Gikas said.

(Reporting by Aarthi Sivaraman, editing by Matthew Lewis)

© Thomson Reuters 2008. All rights reserved. Users may download and print extracts of content
from this website for their own personal and non-commercial use only. Republication or
redistribution of Thomson Reuters content, including by framing or similar means, is expressly
prohibited without the prior written consent of Thomson Reuters. Thomson Reuters and its logo are
registered trademarks or trademarks of the Thomson Reuters group of companies around the world.

Thomson Reuters journalists are subject to an Editorial Handbook which requires fair presentation and disclosure
of relevant interests.

EXHIBIT _27_
PAGE _470_

# EXHIBIT 28

CA No. 08-57015
DC No. CV 04-9049 SGL (RNBx)

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT
HK, LTD., and ISAAC LARIAN,
*Appellants,*
v.

MATTEL, INC., a Delaware corporation,
*Appellee.*

On Appeal From Judgment Of The United States District Court
For The Central District Of California
(Hon. Stephen G. Larson, Presiding)

## APPELLANTS' MOTION TO EXCEED
## PAGE LIMITATION ON MOTION FOR
## STAY PENDING APPEAL

JEROME B. FALK, JR. (No. 39087)
STEVEN L. MAYER (No. 62030)
DOUGLAS A. WINTHROP (No. 183532)
SHAUDY DANAYE-ELMI (No. 242083)
REBECCA M. KAHAN (No. 244423)
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: 415/434-1600
Facsimile: 415/217-5910

THOMAS J. NOLAN (No. 66992)
RAOUL D. KENNEDY (No. 40892)
JASON D. RUSSELL (No. 169219)
SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: 213/687-5000
Facsimile: 213/687-5600

RUSSELL J. FRACKMAN (No. 49087)
MITCHELL, SILBERBERG & KNUPP LLP
11377 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310/312-2000
Facsimile: 310/312-3100

*Attorneys for Appellants MGA Entertainment, Inc., MGA
Entertainment HK, Ltd., and Isaac Larian*

EXHIBIT _28_
PAGE _471_

## APPELLANTS' MOTION TO EXCEED PAGE LIMITATION ON MOTIONS FOR STAY PENDING APPEAL

Pursuant to Federal Rule of Appellate Procedure 27(d)(2) and Circuit Rule 27-1(1)(c), Appellants MGA Entertainment, Inc., MGA Entertainment HK, Ltd. and Isaac Larian hereby move this Court for permission to file motion for stay pending appeal consisting of 50 pages, which exceeds the page limitation set forth in Rule 27(d)(2) of the Federal Rules of Appellate Procedure.

The grounds for this Motion are set forth in detail in the accompanying Declaration of Jerome B. Falk, Jr.


DATED: December 19, 2008.

Respectfully,

JEROME B. FALK, JR.                              THOMAS J. NOLAN
STEVEN L. MAYER                                  JASON D. RUSSELL
DOUGLAS A. WINTHROP                              LAUREN E. AGUIAR
SHAUDY DANAYE-ELMI                               SKADDEN, ARPS, SLATE, MEAGHER &
REBECCA M. KAHAN                                     FLOM LLP
HOWARD RICE NEMEROVSKI CANADY
   FALK & RABKIN
A Professional Corporation

By _____
              JEROME B. FALK, JR.

*Attorneys for Appellants MGA Entertainment, Inc., MGA Entertainment HK, Ltd. and Isaac Larian*

-1-

EXHIBIT 28
PAGE 472

## DECLARATION OF JEROME B. FALK, JR. IN SUPPORT OF APPELLANTS' MOTION TO EXCEED PAGE LIMITATION

I, Jerome B. Falk, Jr. declare as follows:

(1)   I am a member of the State Bar of California, a Director of the law firm of Howard Rice Nemerovski Canady Falk & Rabkin, A Professional Corporation ("Howard Rice"), and am admitted to practice in this Court.

(2)   Howard Rice represents Appellants MGA Entertainment, Inc., MGA Entertainment HK, Ltd. and Isaac Larian (the "MGA Parties") in the above captioned matter.

(3)   This declaration is submitted in support of Appellants' Motion to Exceed Page Limitation on Motion for Stay Pending Appeal ("Motion"), which seeks permission to file a Motion for Stay Pending Appeal ("Motion") consisting of 50 pages, which exceeds the page limitation set forth in Rule 27(d)(2) of the Federal Rules of Appellate Procedure.

(4)   A copy of Appellants' proposed Motion is being lodged with the Court concurrently with the filing of this Motion.

(5)   Appellants seek a stay pending their appeal of certain Orders granting injunctive relief, declaratory relief, and a constructive trust, entered on December 3, 2008 by the United States District Court for the Central District of California, Hon. Stephen G. Larson, Presiding.

(6)   Appellants filed a Notice of Appeal on December 11, 2008.

EXHIBIT _28_
PAGE _473_

(7)   Appellants respectfully request permission to exceed the page limit set out in Rule 27(d)(2) of the Federal Rules of Appellate Procedure based on the following grounds:

(a)   The Motion presents several important issues for this Court's consideration, including—most critically—issues implicating the constitutionally protected right to a fair trial by an impartial jury and the Seventh Amendment prohibition against judicial reexamination of facts determined by the jury. Moreover, the stakes in this case are enormous: the current Orders from which Appellants seek to appeal would likely force a company worth hundreds of millions of dollars out of business and require layoffs of hundreds of its employees—to the detriment of MGA's suppliers, licensees and retailers (and their respective employees) as well as creditors and the consuming public.

(b)   Counsel for Appellants is duty bound to ensure that all relevant information regarding this Motion is presented to this Court. This stay application requires both a demonstration on each of the equitable factors (including, most particularly, irreparable injury) *and* a showing that serious legal issues will be presented in the appeal. Moreover, the underlying proceedings were complex, involving extensive pretrial procedures, numerous critical pretrial rulings (including several summary judgment orders), two phases of a jury trial, with a trial record in excess of 8,000 pages and numerous exhibits.

-3-

EXHIBIT _28_
PAGE _474_

(8)   Appellants have made every effort in the time available to shorten the Motion without weakening their arguments or depriving the Court of the necessary arguments and references to the record.  Our initial complete draft of the Motion was in excess of 92 pages, and we struggled to reduce it to its present length.  Under the extreme time pressures caused by the circumstances, it is not possible to condense the brief further without impairing its coherence and readability.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on December 19, 2008, at San Francisco, California.

JEROME B. FALK, JR.

W03 121908-158460006/Y12/1541502/v1

-4-

EXHIBIT _28_
PAGE _475_

## PROOF OF SERVICE

I, Alaina Austin, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is Three Embarcadero Center, 7th Floor, San Francisco, California 94111-4024. On December 19, 2008, I served the following document(s) described as:

**APPELLANTS' MOTION TO EXCEED PAGE LIMITATION ON MOTION FOR STAY PENDING APPEAL;**

**APPELLANTS' MOTION TO FILE PORTIONS OF MOTION FOR STAY PENDING APPEAL UNDER SEAL;**

**NOTIFICATION AS TO THE NECESSITY TO SEAL;**

**EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 - MOTION FOR STAY PENDING APPEAL [FILED UNDER SEAL];**

**EXHIBITS IN SUPPORT OF APPELLANTS' EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 – MOTION FOR STAY PENDING APPEAL [FILED UNDER SEAL], VOLS. 1 AND 2;**

**EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 - MOTION FOR STAY PENDING APPEAL [REDACTED FOR PUBLIC FILE]; AND**

**EXHIBITS IN SUPPORT OF APPELLANTS' EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 - MOTION FOR STAY PENDING APPEAL, VOLS. 1 AND 2**

**X**   by placing the document(s) listed above in a <u>sealed Federal Express envelope</u> and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery to the address(es) set forth below.

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

*Attorneys for Appellee Mattel, Inc.*

Honorable Stephen G. Larson
United States District Judge
U.S.D.C., Central District of California, Eastern Division
3470 12th Street
Riverside, CA 92501
**(Emergency Motion [Filed Under Seal] and Emergency Motion [Redacted for Public File] Only)**

EXHIBIT 28
PAGE 476

I am readily familiar with the practice for collection and processing of documents for delivery by overnight service by Federal Express of Howard Rice Nemerovski Canady Falk & Rabkin, A Professional Corporation, and that practice is that the document(s) are deposited with a regularly maintained Federal Express facility in an envelope or package designated by Federal Express fully prepaid the same day as the day of collection in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on December 19, 2008.

Alaina Austin

EXHIBIT 28
PAGE 478