# EXHIBIT 1

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

No. 08-57015

## MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., AND ISAAC LARIAN,
*Appellants,*

v.

## MATTEL, INC.,
*Appellee.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
THE HONORABLE STEPHEN G. LARSON
CASE NO. 04-CV-9049

## MATTEL, INC.'S MOTION TO DISMISS APPEAL
[Letter Request for Expedited Briefing Filed Concurrently]

John B. Quinn
Michael T. Zeller
Susan R. Estrich
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

*Attorneys for Plaintiff - Counter-claimant - Appellee Mattel, Inc.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Mattel, Inc. certifies that it is a publicly-traded corporation organized under the laws of the State of Delaware, and no publicly-held corporation owns 10% or more of the stock of Mattel, Inc.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................. 1

BACKGROUND ............................................................................................... 2

ARGUMENT .................................................................................................... 7

I.      THE DECEMBER 3 ORDERS ARE NOT APPEALABLE .......................... 7

II.     IF THERE EVER WERE APPELLATE JURISDICTION, IT HAS
        BEEN DIVESTED ...................................................................................... 12

CONCLUSION ................................................................................................. 16

CERTIFICATE OF COMPLIANCE ................................................................. 167

STATEMENT OF RELATED CASES .............................................................. 169

## TABLE OF AUTHORITIES

**Page**

### Cases

*Carson v. American Brands, Inc.,*
450 U.S. 79 (1981)........................................................................................... 7

*El-Tabech v. Gunter,*
992 F.2d 183 (8th Cir. 1993) .......................................................................... 8

*Griggs v. Provident Consumer Discount Co.,*
459 U.S. 56 (1982)......................................................................................... 16

*Jackson v. Crosby,*
375 F.3d 1291 (11th Cir. 2004) ..................................................................... 11

*Katerinos v. U.S. Dept. of Treasury,*
368 F.3d 733 (7th Cir. 2004) (although a Rule 4(a)(4) ................................... 13

*Miller v. Marriott Int'l, Inc.,*
300 F.3d 1061 (9th Cir. 2002) .......................................................... 12, 13, 14, 16

*Miller v. Transamerican Press, Inc.,*
709 F.2d 524 (9th Cir. 1983) .......................................................................... 13

*Orange County v. Hongkong and Shanghai Banking Corp. Ltd.,*
52 F.3d 821 (9th Cir. 1995) ........................................................................... 7-8

*Original Great Am. Chocolate Chip Cookie Co. v. River Valley Cookies, Ltd.,*
970 F.2d 273 (7th Cir. 1992) ........................................................................... 8

*Ross v. Marshall,*
426 F.3d 745 (5th Cir. 2005) .......................................................................... 12

*S.O.C., Inc. v. County of Clark,*
152 F.3d 1136 (9th Cir. 1998) ........................................................................ 13

*Sierra On-Line, Inc. v. Phoenix Software, Inc.,*
739 F.2d 1415 (9th Cir. 1984) ........................................................................ 13

*Simmons v. Reliance Standard Life Ins. Co. of Texas,*
310 F.3d 865 (5th Cir. 2002) .......................................................................... 13

*Stringfellow v. Concerned Neighbors in Action,*
480 U.S. 370 (1987)........................................................................................ 11

*Tripati v. Henman,*
845 F.2d 205 (9th Cir. 1988) ..................................................................... 12, 14

*U.S. Leather, Inc. v. H&W Partnership,*
60 F.3d 222 (5th Cir. 1995) ............................................................................ 11

*Warehouse Rest., Inc. v. Customs House Rest., Inc.,*
726 F.2d 480 (9th Cir. 1984) ............................................................................ 8

*Zucker v. Maxicare Health Plans, Inc.,*
14 F.3d 477 (9th Cir. 1994) ..................................................................... 8, 9, 10

## Statutes

28 U.S.C. § 1292(a) ........................................................................................ 1
28 U.S.C. § 1292(a)(1) .............................................................................. 7, 8, 9

Fed. R. App. P. 4 .................................................................................... 13, 14
Fed. R. App. P. 4(a) ........................................................................................ 2
Fed. R. App. P. 4(a)(4) ........................................................ 12, 13, 14, 15, 16
Fed. R. App. P. 4(a)(4)(A)(i) ...................................................................... 12
Fed. R. App. P. 4(a)(4)(B)(i) ................................................................ 12, 14
Fed. R. App. P. 27(a)(2)(B) ........................................................................ 17
Fed. R. App. P. 27(d)(2) .............................................................................. 17
Fed. R. App. P. 32(a)(5) .............................................................................. 17
Fed. R. App. P. 32(a)(6) .............................................................................. 17
Fed. R. Civ. P. 6(b)(2) ................................................................................ 11
Fed. R. Civ. P. 50 ................................................................ 1, 6, 10, 11, 12
Fed. R. Civ. P. 50(A) ..................................................................................... 6
Fed. R. Civ. P. 50(b) ................................................................ 10, 11, 12, 14
Fed. R. Civ. P. 50(d) ................................................................................... 11
Fed. R. Civ. P. 54(a) ............................................................... 10, 11, 14
Fed. R. Civ. P. 59 ................................................................... 11, 12, 13
Fed. R. Civ. P. 59(e) ................................................................................... 13

## Miscellaneous

19 James W. Moore et al., Moore's Federal Practice § 203.10[2][c], at 203-16 ...... 8
19 James W. Moore et al., Moore's Federal Practice § 203.10[2][d], at
  203-18.1 (3d ed. 2008) ............................................................................. 7
Goelz & Watts, *Rutter Group Practice Guide:  Federal Ninth Circuit Civil
  Appellate Practice* (The Rutter Group 2008), 3:232 .......................................... 13

# **INTRODUCTION**

Plaintiff-Counter-claimant-Appellee Mattel, Inc. ("Mattel") hereby respectfully moves, pursuant to Rule 27 of the Federal Rules of Appellate Procedure, to dismiss this appeal. No appealable order or judgment has been issued in this matter. Although Appellants purport to appeal the district court's December 3, 2008 "Order Granting Permanent Injunction" and related orders issued the same day, the plain text of those orders makes clear that the district court has not yet entered an enforceable injunction appealable under 28 U.S.C. § 1292(a). Rather, the December 3, 2008 orders have been indefinitely held in abeyance and will not take effect unless and until (1) the district court settles on the final form of these orders after considering the parties' post-trial motions, which are pending before the district court; and (2) the district court issues a further order that puts the final versions of these orders into effect. Because no injunction is presently in effect, and the ultimate terms of any injunction are dependent upon future, contingent events, there is no appealable order under 28 U.S.C. § 1292(a). This appeal should be dismissed, without prejudice, for lack of jurisdiction.

Further, even if this Court had jurisdiction when Appellants first filed their Notice of Appeal, it has now been divested. Post-trial motions have not yet been decided by the district court, including motions for judgment as a matter of law made just yesterday by both Appellants and Mattel pursuant to Federal Rule of Civil

1

Procedure 50. The filing of those motions has divested this Court of jurisdiction under Federal Rule of Appellate Procedure 4(a).[1]

## BACKGROUND

This appeal arises out of a copyright infringement and business tort suit brought by Mattel against MGA Entertainment, Inc., manufacturer of "Bratz" dolls, its affiliate MGA Entertainment (HK) Ltd., and its Chief Executive Officer Isaac Larian.[2]

**Mattel's Claims And The Jury Verdicts In Mattel's Favor.** Carter Bryant, the creator of Bratz, conceived and designed the Bratz line of dolls and associated properties while he was a Mattel doll design employee working in Mattel's Design Center in El Segundo, California.[3] Bryant admittedly did so using other Mattel employees and Mattel resources.[4] Pursuant to the terms of Bryant's employment contracts with Mattel, such Bratz-related works conceived or created by Bryant while a Mattel employee are the property of Mattel.[5] Nevertheless, while still a Mattel employee Bryant secretly entered into an agreement with MGA,[6] a Mattel competitor, that purported to assign rights in Bratz to MGA.[7] Mattel filed claims against Bryant and MGA for a declaration of its rights in Bratz, copyright infringement and other

---

[1] Pursuant to Ninth Cir. R. 27-11(a)(1), the filing of this motion stays the schedule for record preparation and briefing in this appeal.
[2] MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian are referred to collectively herein as "MGA," except where otherwise noted.
[3] *See* Final Verdict ¶¶ 1-6 (Ex. A).
[4] *See* June 12, 2008 PM Trial Tr. 2501:13-2504:8 (Ex. B).
[5] April 25, 2008 Order on Partial Summary Judgment at 4-5 (Ex. C)
[6] *Id.* at 4-5.
[7] *Id.* at 5.

causes of action.

Prior to trial, the district court granted Mattel partial summary judgment on aspects of its claims against Bryant,[8] and Bryant shortly thereafter entered into a confidential settlement with Mattel. The case against MGA proceeded to a jury trial in May 2008. The trial, which was bifurcated, spanned almost three months. In the trial's first phase, the jury unanimously found for Mattel. The jury found that Bryant created Bratz while he was a Mattel employee, including Bratz doll sculpts, approximately 90 Bratz designs drawings, the Bratz characters and the Bratz name.[9] The jury also unanimously found MGA Entertainment, Inc. and Larian liable for tortious interference with contract, conversion, aiding and abetting breach of fiduciary duty, and aiding and abetting breach of duty of loyalty.[10]

In the second phase of trial, the jury unanimously found MGA (including Larian) liable for infringing Mattel's copyrights in the Bratz works that Bryant had created while a Mattel employee.[11] The jury awarded Mattel in excess of $100 million on its claims.[12] The jury also found that MGA Entertainment, Inc. had fraudulently concealed Mattel's rights in Bratz.[13]

---

[8]   *See id.* at 4-5.
[9]   *See* Final Verdict ¶¶ 1-6 (Ex. A).
[10]  *Id.* ¶¶ 7-15.
[11]  *See* Phase B Verdict ¶¶ 5, 7, 9 (Ex. D).
[12]  *Id.* ¶¶ 1-4, 11.
[13]  *Id.* ¶¶ 18, 20.

**Mattel's Post-Trial Injunction Motions.**   After trial, Mattel moved for a permanent injunction against further infringement of Mattel's copyrights and other rights in Bratz by MGA.   Specifically, Mattel sought to prohibit MGA from manufacturing, distributing or selling Bratz dolls that infringed upon Mattel's designs in Bratz, and to require MGA to recall infringing products from distribution and retail channels.   Mattel also moved for the imposition of a constructive trust over trademarks that incorporated the "Bratz" name -- which the jury found Bryant created while a Mattel employee[14] -- and for an injunction to restrain MGA from further using those marks and thereby further benefiting from its theft.  Finally, Mattel moved for a declaration of its rights to Bratz-related properties in light of the jury's verdicts for Mattel.

**The District Court's Orders.**   The district court ruled on these motions on December 3, 2008.   In a minute order, the court found that Mattel is entitled to injunctions against MGA's further manufacture, distribution, and sale of infringing Bratz dolls and its further use of the Bratz name.[15]   The district court also ruled that Mattel is entitled to a declaration of its rights in and to Bratz-related properties and a constructive trust.[16]  Concurrently, the district court issued three orders specifying the

---

[14]   *See* Final Verdict ¶ 6 (Ex. A).
[15]   *See* December 3, 2008 Opinion at 6-15 (Ex. E).
[16]   *Id.* at 5-8.

terms of the injunctions, the declaratory judgment and the constructive trust.[17]

Critically for purposes of this motion, however, no injunction has gone into effect, nor will one absent further future actions by the district court. In its December 3, 2008 opinion, the district court indefinitely held its orders of that date in abeyance pending the court's future consideration of the parties' additional post-trial motions and pending further order of the district court:

> This Order, and the three concurrently filed orders, are stayed pending the Court's consideration of the parties' post-trial motions. **The stay shall remain in place until lifted by further Order of this Court.**

December 3, 2008 Opinion at 16 (emphasis added). As a consequence, MGA has not been prohibited from manufacturing, distributing, or selling Bratz dolls or anything else, it has not been required to recall any products, and no constructive trust has been imposed. There is presently no injunction in effect at all, and except upon further order of the district court there will never be one.[18]

**MGA's Appeal.** On December 11, 2008, MGA filed a notice of appeal from the district court's December 3, 2008 decision and the three orders issued concurrently with that decision, together with numerous prior district court orders.[19] MGA asserts that this Court has jurisdiction over this appeal because the District Court's December

---

[17]   Order Granting Permanent Injunction (Ex. F); Order Granting Declaratory Judgment (Ex. G); Order Granting Constructive Trust (Ex. H).

[18]   Though it waits until page 19 to do so, MGA grudgingly discloses the existence of this stay in its so-called Emergency Motion for Stay dated December 19, 2008, Docket # 6 ("Motion for Stay") ("The court stayed its orders until mid-February, when it is expected to rule on certain post-trial motions.").

[19]   *See* Notice of Appeal (Ex. I).

3, 2008 opinion and the orders issued concurrently with it "are injunctive in nature and/or inextricably bound up with injunctive orders from which the appeal is taken." *Id.* at 2.

**The Parties' Post-Trial Motions**. Pursuant to the schedule set by the district court, the parties filed additional post-trial motions yesterday, on December 22, 2008.[20] These include motions by both MGA and Mattel for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.[21] In its motion, MGA seeks, among other things, rulings that Mattel's copyright infringement claim fails as a matter of law as to all products other than the first four dolls MGA produced in 2001 and that Mattel's unfair competition law claim fails as preempted by California's Uniform Trade Secrets Act ("CUTSA") and on other grounds.[22] The parties' respective oppositions are currently due on January 12, 2009, and the motions are set for hearing before the district court on February 11, 2009.[23]

---

[20]  December 3, 2008 Opinion at 16 (Ex. E).
[21]  MGA Parties' Notice of Motion and Motion for Partial Judgment as a Matter of Law for Phases 1A and 1B, dated December 22, 2008, ("MGA's JMOL"), (Ex. J); Mattel, Inc.'s Notice of Motion and Motion Re Renewed Motion for Judgment as a Matter of Law and Conditional Renewed Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50(A), ("Mattel's JMOL") (Ex. K).
[22]  MGA's JMOL at 7-8, 21 (Ex. J).
[23]  December 3, 2008 Opinion at 16 (Ex. E).

# ARGUMENT

## I.    THE DECEMBER 3 ORDERS ARE NOT APPEALABLE

The district court's injunction orders are not in effect, having been stayed indefinitely. MGA has not been enjoined from doing anything; absent further order of the district court it will never be. District court proceedings relating to the bases for the injunctions are on-going. In this circumstance, there is no appealable injunction under 28 U.S.C. § 1292(a)(1) and no appellate jurisdiction.

Section 1292(a)(1) carves out "a limited exception to the final-judgment rule," *Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981), and authorizes appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. § 1292(a)(1). Because it derogates from the final-judgment rule, Section 1292(a)(1) is construed "narrowly." *Carson*, 450 U.S. at 84; *see also Orange County v. Hongkong and Shanghai Banking Corp. Ltd.*, 52 F.3d 821, 825 (9th Cir. 1995).

Under Section 1292(a)(1), "an interlocutory injunctive order generally must grant some substantive relief before it may be appealed." 19 James W. Moore *et al.*, *Moore's Federal Practice* § 203.10[2][d], at 203-18.1 (3d ed. 2008). There are three fundamental characteristics of an injunction: "it is (1) 'directed to a party,' (2) 'enforceable by contempt,' and (3) 'designed to accord or protect "some or all of the substantive relief sought by a complaint" in more than preliminary fashion.'" *Orange*

*County*, 52 F.3d at 825 (quotations omitted).  Even if an order is labeled an injunction, it does not qualify as an appealable injunction under Section 1292(a)(1) unless it has become "an enforceable injunction" and the would-be appellant is "bound by it."  *See Zucker v. Maxicare Health Plans, Inc.*, 14 F.3d 477, 483 (9th Cir. 1994); *see also El-Tabech v. Gunter*, 992 F.2d 183, 184-85 (8th Cir. 1993) (no appellate jurisdiction where district court "said [] that it has entered judgment on plaintiffs' claim for injunctive relief" but actually "was merely indicating an intention to issue an injunction in the future"; "[w]e doubt, for instance, that the present state of the record presents a shape sufficient to support a finding against defendants if the plaintiffs were to assert that they were in contempt of the court's order.  If that is so, we find it impossible to say that an injunction has been entered."); *Warehouse Rest., Inc. v. Customs House Rest., Inc.*, 726 F.2d 480, 481 (9th Cir. 1984) (no jurisdiction where an injunction was issued but "held in abeyance, awaiting future events"); 19 James W. Moore *et al.*, *Moore's Federal Practice* § 203.10[2][c], at 203-16 to 203-17 (3d ed. 2008) ("an injunction that is not enforceable by its terms is not appealable").  "An injunction that has no binding force at all simply cannot be appealed." *Original Great Am. Chocolate Chip Cookie Co. v. River Valley Cookies, Ltd.*, 970 F.2d 273, 276 (7th Cir. 1992) (Posner, J.).

*Zucker* is on point.  The district court issued a "judgment" enjoining certain third parties connected with the defendants from asserting claims, but by its terms the

judgment would not become effective until a related state action were to become final and the settling parties were to so notify the district court. 14 F.3d at 480. The third parties appealed, claiming appellate jurisdiction under Section 1292(a)(1). This Court disagreed. Observing that the provision enjoining the parties from bringing suit "remains subject to an unfulfilled condition"—the parties' notification that the state court action was final—the Court held that the provision "is not yet an enforceable injunction," precluding appellate jurisdiction. *Id.* at 483.

In this case as well, there is no appellate jurisdiction because no binding, enforceable injunction has yet issued, nor is one even scheduled to issue on a date certain. The district court issued an opinion conditionally holding that Mattel will be entitled to injunctions and specifying the terms of those injunctions, but stayed the effectiveness of the injunctions pending, among other things, consideration of the parties' post-trial motions.[24] As discussed more fully below, these motions were filed in the district court just yesterday, and will not be heard by the district court until February 2009. The district court expressly contemplates further briefings and rulings before it settles on the final form of any injunction and is free to revisit or revise its rulings before they go into effect; that is why the district court specifically ordered that its stay "shall remain in place until lifted by further Order of this Court."[25] There is no final injunction and no appellate jurisdiction.

---

[24] December 3, 2008 Opinion at 16 (Ex. E).
[25] *Id.*

9

Indeed, jurisdiction is even more clearly lacking in this case than in *Zucker*. In *Zucker*, the district court issued an injunction that was contingent upon events *outside* the court's control—the conclusion of state court proceedings and the filing of a notice by the parties. 14 F.3d at 480-81. Here, by contrast, the district court issued an injunction that will not become effective unless and until the district court resolves pending post-trial motions in a particular way and then decides to lift the stay— entirely contingent, future and discretionary actions that might occur on terms materially different than those set forth in the December 3, 2008 orders or might never occur at all. If there was no appealable injunction in *Zucker*, even more plainly there is no such injunction here.

MGA's erroneous view that the December 3, 2008 "injunction" order is immediately appealable also cannot be reconciled with the district court's order permitting the filing of post-trial motions on December 22, 2008, and MGA's filing of post-trial motions on that date. If (contrary to reality) the December 3, 2008 injunction order were immediately appealable, the jurisdictional time limit for filing motions that could impact the injunction under Federal Rule of Civil Procedure 50 (or Rule 59) would have expired on December 17, 2008, ten days after the orders were issued, and the rules would bar any extension of that deadline. *See* Fed. R. Civ. P. 50(b) (providing that motions for judgment as a matter of law must be filed "no later than 10 days after the entry of judgment"); Fed. R. Civ. P. 54(a) ("'Judgment' as used

in these rules includes . . . any order from which an appeal lies."); Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d) . . .").[26] Yet, immediately after staying the orders (in the December 3, 2008 opinion itself),[27] the district court extended the deadline for Rule 50 and 59 motions *beyond* the 10-day limit that would apply were there a final, appealable injunction, and thereby further confirmed that there was no such injunction. Nor did MGA file its Rule 50 motion by December 17, 2008, showing that it too must know the December 3, 2008 orders are non-appealable.[28]

MGA has purported to appeal from non-appealable orders. Its appeal should be dismissed.[29]

---

[26] *See also U.S. Leather, Inc. v. H&W Partnership*, 60 F.3d 222, 225 (5th Cir. 1995) ("the requirement that post-trial motions be filed within the relevant ten day period after entry of judgment is jurisdictional, and may not be extended by waiver of the parties or by a rule of the district court"); *Jackson v. Crosby*, 375 F.3d 1291, 1294 n.5, 1296 (11th Cir. 2004) (holding that Rule 6's provision of an additional 3 days for service does not apply to motions made under Rule 50(b)).

[27] December 3, 2008 Opinion at 16 (Ex. E).

[28] Of course, where the district court has entered neither a judgment nor an "order from which an appeal lies," Fed. R. Civ. P. 54(a), the court may set whatever post-trial motion schedule it believes appropriate -- as the district court did here.

[29] Dismissal will avoid piecemeal appellate review, which is a salutary goal because such review can result in appellate consideration of issues that later may become moot or arise in a different context and can interfere with a trial court's ability to structure and supervise the proceedings before it. *See, e.g., Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 380 (1987). If the injunction orders here were immediately reviewable, the Court could be forced to address issues that may be mooted or modified by later district court decisions, potentially requiring a subsequent appeal to address a modified injunction's actual terms or rendering consideration of the initial appeal unnecessary in the first place. Immediate review could also interfere with the trial court's structuring of the proceedings before it by divesting jurisdiction before the order is finalized. To avoid such problems and inefficiencies, and to avoid the risk of providing an advisory opinion, the district court's orders should not be reviewed until the injunctions become binding and their terms are finalized by the district court.

## II.   IF THERE EVER WERE APPELLATE JURISDICTION, IT HAS BEEN DIVESTED

This Court lacks jurisdiction for an additional reason as well.  Just yesterday, renewed motions for judgment as a matter of law ("JMOL") were filed in the district court by both MGA and Mattel pursuant to Federal Rule of Civil Procedure 50(b). The filing of those motions, assuming timeliness (and MGA presumably will not contend its motion was untimely), divested this Court of jurisdiction.  Under Federal Rule of Appellate Procedure 4(a)(4), the timely filing in the district court of a so-called "tolling motion," including motions "for judgment under Rule 50(b)," tolls the time to appeal until the district court resolves all such motions, *see Fed. R. App. P.* 4(a)(4)(A)(i), and renders an appeal filed before such motions are decided by the district court not "effective."  *Fed. R. App. P.* 4(a)(4)(B)(i).  This Rule applies to appeals filed before the filing of a tolling motion. *See Ross v. Marshall*, 426 F.3d 745, 752 (5th Cir. 2005) (Rule 59 motion filed after notice of appeal vitiated effectiveness of notice of appeal until motion was decided); *Tripati v. Henman*, 845 F.2d 205, 206 (9th Cir. 1988) (filing of tolling motion in district court vitiated effectiveness of previously-filed notice of appeal).

A notice of appeal filed before all tolling motions are resolved is not "effective"; appellate courts lack jurisdiction to proceed while such a motion is pending. *See Fed. R. App. P.* 4(a)(4)(B)(i); *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063 (9th Cir. 2002) ("The filing of an effective notice of appeal is a

jurisdictional requirement which cannot be waived."); *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) ("A notice of appeal is jurisdictionally ineffective if filed before disposition of a Rule 59(e) motion to alter or amend the judgment."). The pendency of a tolling motion at the district court is a jurisdictional defect that, under Ninth Circuit law, justifies dismissal of an appeal. *Marriott Int'l, Inc.*, 300 F.3d at 1063 (holding, without argument, that "[t]he present appeal must be dismissed for lack of jurisdiction" because tolling motion was pending in district court); *Simmons v. Reliance Standard Life Ins. Co. of Texas*, 310 F.3d 865, 870 (5th Cir. 2002) (dismissing appeal because tolling motion was pending).[30] That the district court has not yet entered final judgment in the case at bar is immaterial; the tolling and divestiture of jurisdiction provisions of Rule 4(a)(4) apply comparably to an appeal taken from an interlocutory injunction order—which, if appealable, is a "judgment"— as to an appeal taken from a final judgment.[31]

---

[30]   While some courts suggest an appeal may be "held in abeyance" while a tolling motion is pending, these courts agree that there is no appellate jurisdiction until all tolling motions are resolved. *See Katerinos v. U.S. Dept. of Treasury*, 368 F.3d 733, 738 (7th Cir. 2004) (although a Rule 4(a)(4) "jurisdictional defect should be identified as early as possible--ideally before a case proceeds to briefing--so that the appeal may be dismissed," it may be stayed in the court's discretion; in either case, "until a notice of appeal becomes effective" through resolution of tolling motion, "this court lacks jurisdiction."); *see also Fed. R. App. P.* 4, Ad. Comm. Notes (1993 Amendments) ("A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice *effectively places jurisdiction in the court of appeals*.") (emphasis added).

[31]   *See S.O.C., Inc. v. County of Clark*, 152 F.3d 1136, 1142 n.4 (9th Cir. 1998) (filing of Rule 59 motion for reconsideration tolled appeal of preliminary injunction); *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984) (same); Goelz & Watts, *Rutter Group Practice Guide: Federal Ninth Circuit Civil Appellate* (footnote continued)

Both MGA and Mattel filed JMOLs pursuant to Rule 50(b) in the district court on December 22, 2008.[32]  Under Rule 4(a)(4), MGA's notice of appeal is now no longer "effective" even if it once was; the Court lacks jurisdiction and cannot proceed. Dismissal is proper. *Marriott Int'l, Inc.*, 300 F.3d at 1063.

Nor is this result unjust in any way.  To the contrary, the case at bar classically illustrates why Rule 4(a)(4) exists.  Rule 4(a)(4) was designed to "prevent duplication of effort by the courts," *Tripati*, 845 F.2d at 206, including by avoiding the need "to proceed with the appeal while the district court has before it a motion the granting of which would vacate or alter the judgment appealed from." *Fed. R. App. P.* 4, Ad. Comm. Notes (1979 Amendments).

Although MGA has not disclosed this to the Court, the issues MGA raises in its pending district court motion for JMOL substantially overlap with the issues it intends to raise on this appeal.  For example, MGA urges it is likely to succeed on appeal because certain of Mattel's tort claims are preempted under CUTSA, and CUTSA preemption "forecloses Mattel's reliance on state law tort claims to support the Constructive Trust/Section 17200 and Declaratory Judgment Orders" from which

---

*Practice* (The Rutter Group 2008), 3:232 ("FRAP 4(a)(4)'s tolling provisions apply to appeals from appealable interlocutory orders and final judgments, as well as postjudgment orders."); *see also Fed. R. App. P.* 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters *a judgment*—but before it disposes of any motion listed in Rule 4(a)(4)(A)—*the notice becomes effective to appeal a judgment or order, in whole or in part,* when the order disposing of the last such remaining motion is entered.") (emphasis added); *Fed. R. Civ. P.* 54(a) (defining "judgment" as "any order from which an appeal lies").

[32]  *See* MGA's JMOL (Ex. J); Mattel's JMOL (Ex. K).

MGA has purportedly appealed.[33]  Yet MGA does not disclose that the district court
*has never ruled* on the merits of the CUTSA defense, nor that MGA has raised the
CUTSA preemption issue with the district court in the renewed JMOL it filed just
yesterday.[34]  Similarly, MGA argues in its pending JMOL that "Mattel failed to
present any evidence to support copyright infringement beyond the first generation of
Bratz dolls," urging that Mattel's copyright infringement claim must be rejected to the
extent it is based on those products—again, an argument the district court has not
passed upon.[35]  Later-generation Bratz products are included in the permanent
injunction order that MGA challenges on appeal.[36]  The *nine* unresolved arguments
MGA raises in its pending JMOL, if accepted by the district court, would vitiate
several jury verdicts in Mattel's favor and require judgment for MGA on several
Mattel claims—including verdicts and claims that, according to MGA, Mattel's
injunctions are "based" upon.[37]

Rule 4(a)(4) was designed to avoid having courts of appeals preemptively rule
on matters they may never need to address or may need to address in modified form.

---

[33]   Motion for Stay at 44-45 & n.23.
[34]   MGA's JMOL at 7-8 (Ex. J).
[35]   *Id.*, Notice of Motion at 1 (Ex. J).
[36]   *See* Motion for Stay at 2 (claiming that the "Copyright Injunction . . . prohibits
MGA from selling or licensing any of its several thousand Bratz products").
[37]   MGA's JMOL, Notice of Motion at 1 (Ex. J); *see* Motion for Stay at 16 ("Mattel
filed three motions seeking a series of equitable remedies based on the jury's Phase
1(a) and 1(b) verdicts."); *id.* at 40 ("All three of the Orders appealed from rest on the
findings made by the jury in Phase 1(a) of the trial."); *id.* at 6 ("the court's imposition
of a constructive trust and an injunction was error because the underlying state law
claims on which they are based are multiply flawed").

The disposition of the pending motions for JMOL, on which the district court has not ruled, could lead to modification of the injunctions purportedly on appeal before they ever take effect. There can be no dual jurisdiction. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("Even before [the amendments to Rule 4(a)(4) in] 1979, it was generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."). Dismissal is thus not only required here, *see Marriot Int'l*, 300 F.3d at 1064, but amply justified.

## CONCLUSION

For the foregoing reasons, the appeal noticed by MGA on December 11, 2008 should be dismissed for lack of appellate jurisdiction.

DATED: December 23, 2008

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: _____ for

John B. Quinn
*Attorney for Mattel, Inc.*

## CERTIFICATE OF COMPLIANCE

1.      This motion complies with the page-limit limitation of Fed. R. App. P. 27(d)(2) because this brief contains 16 pages, exclusive of the corporate disclosure statement and accompanying documents authorized by Fed. R. App. P. 27(a)(2)(B).

2.      This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2003 in 14 pt Times New Roman font.

DATED:      December 23, 2008

                                    John B. Quinn
                                    *Attorney for Mattel, Inc.*

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, Mattel, Inc. states that prior matters related to this case have been considered by this Court, including *MGA Entertainment, Inc., Petitioners/Defendants v. United States District Court for the Central District of California, Respondent, and Mattel, Inc., Real Party in Interest/Plaintiff.*, Case No. 08-73438, and *Mattel, Inc., Plaintiff/Petitioner v. Carter Bryant, Defendants/Respondents, and MGA Entertainment, Inc., Defendants/Respondents*, Case No. 05-80023.  Appellee is not aware of any other related cases currently pending before this Court.

## PROOF OF SERVICE

I, Wendy Cruz, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City of San Francisco, County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am a resident of the United States, over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. My business address is Quinn Emanuel Urquhart Oliver & Hedges, LLP, at 50 California Street, 22nd Floor, San Francisco, CA 94111.

I caused to be served the following document(s):

**MATTEL, INC.'S MOTION TO DISMISS APPEAL**

**LETTER REQUESTED FOR EXPEDITED BRIEFING**

**EXHIBITS IN SUPPORT OF MATTEL, INC.'S MOTION TO DISMISS APPEAL**

I caused the above documents to be served on each person on the attached list by the following means:

[X]   I enclosed true and correct copies of said documents in an envelope, and consigned it for hand delivery via messenger on December 23, 2008.
*(Indicated on the attached address list by an [H] next to the address.)*

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above.

Executed on December 23, 2008, at San Francisco, California.

_____
Wendy L. Cruz

**SERVICE LIST**

| Key: [E] Delivery by E-Mail | [FD] Delivery by Federal Express | [F] Delivery by Facsimile |
|---|---|---|
| [H] Delivery by Hand Service | [E/M] Delivery by E-Mail and Mail | [M] Delivery by Mail |

| [H] Thomas J. Nolan, Esq.<br>**Skadden, Arps, Slate, Meagher & Flom LLP**<br>300 South Grand Ave., Suite 3400<br>Los Angeles, California 90071 | [H] Russell J. Frackman<br>**Mitchell, Silberberg & Knupp LLP**<br>11377 W. Olympic Blvd.<br>Los Angeles, California 90064 |
|---|---|
| [H] Jerome B. Falk, Jr.<br>Douglas A. Winthrop<br>**Howard Rice Nemerovski Canady Falk & Rabkin**<br>Three Embarcadero Center, 7th Floor<br>San Francisco, CA 94111-4024<br><br>*Attorneys for MGA Entertainment, Inc.* | |