...

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No.   CV 04-09059<br>Case No.   CV 05-2727<br><br>Honorable Stephen G. Larson<br><br>MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF RAOUL D. KENNEDY IN SUPPORT OF THE MGA PARTIES' REQUEST FOR A STAY<br><br>Date:  December 30, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 1<br><br>**Phase 1(c)** |

Mattel, Inc. ("Mattel") respectfully submits the following Evidentiary Objections to the Declaration of Raoul D. Kennedy in Support of the MGA Parties' *Ex Parte* Application and Motion for Stay Pending Appeal ("Kennedy Dec.").

Evidence submitted to the Court on motion practice must meet the requirements for admissibility of evidence if offered at the time of trial. Beyene v. Coleman Sec. Svs., Inc., 854 F.2d 1179, 1181-82 (9th Cir. 1988); Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co., Inc., 252 F. Supp. 2d 917, 923 (D. Ariz. 2003). See also Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule 101).

The evidence presented as Exhibit A to the Kennedy Declaration fails to meet these requirements, is inadmissible and should be stricken.[1]

## GENERAL OBJECTIONS

1. Generally, the Kennedy Declaration is an improper attempt to assert new evidence in connection with MGA's effort to relitigate, or have the Court reconsider, its decision on Mattel's Motion for Permanent Injunction. The type of evidence in the letter attached as Exhibit A to the Kennedy Declaration could have been presented in connection with MGA's Opposition to Mattel's Motion for Permanent Injunction and cannot be considered now. Futuredontics, Inc. v. Applied Anagramics, Inc., 1999 WL 34840612, at *3 (C.D. Cal. 1999); Severin Montres Ltd. v. Yidah Watch Co., 997 F.Supp. 1262, 1267-68 (C.D. Cal. 1997); Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890-891 (9th. Cir. 2005); Northwest Bypass Group v. U.S. Army Corps of Engineers, 490 F. Supp. 2d 184, 186 (D.N.H. 2007); American Family Mut. Ins. Co. v. Roth, 2007 WL 63983, *7

---

[1] Mattel has submitted herewith its *Ex Parte* Application To Strike The Wing, Kennedy, And Third-Party Declarations In Support Of The MGA Parties' Request For Stay.

(N.D. Ill. 2007); Mercexchange, L.L.C. v. eBay, Inc., 467 F. Supp. 2d 608, 613 (E.D. Va. 2006).

2. Further, the letter attached as Exhibit A to the Kennedy Declaration contains out-of-court statements offered for the truth of the matters asserted. It is therefore inadmissible hearsay. Fed. R. Evid. 801, 802. Baliza v. I.N.S., 709 F.2d 1231, 1234 (9th Cir. 1983) (reversal based on erroneous admission of affidavit offering evidence on material issues); Travelers Cas. and Sur. Co. of America v. Wells Fargo Bank N.A., 374 F.3d 521, 524 (7th Cir. 2004) (affirming exclusion of affidavits submitted on substantive issues as inadmissible hearsay). It also contains inadmissible double hearsay to the extent it purports to relate, or is based on, statements the writer made to her seven-year-old, statements her seven-year-old made to her or the purported views of other children or other consumers. Fed. R. Evid. 801, 802.

3. To the extent the letter attached as Exhibit A is based on the hearsay news article entitled "Barbie beats back Bratz," as reported in the first paragraph, the letter thus lacks foundation and is inadmissible. Fed. R. Evid. 801, 802; see also United States v. Freeman, 498 F.3d 893, 905 (9th Cir. 2007) (witness' discussion of hearsay statements is inadmissible); U.S. v. Elekwachi, 1997 WL 174160, at *3 (9th Cir. 1997) ("Only an expert witness is permitted to rely upon hearsay evidence in formulating her opinions. Testimony of a lay witness must be based upon the witness' own perception.").

4. Exhibit A contains clearly biased statements towards Mattel (for example, "the need to protect your products" in paragraph ¶ 2 and the suggestion of a "compensation agreement" in ¶ 5; and the irrelevant reference to past Mattel product recalls in ¶ 3) that undermine the credibility of the declaration, especially since Mattel does not have the opportunity to test the veracity or accuracy of the statements made in the letter. Dorn v. Burlington N. Santa Fe R.R. Co., 397 F.3d 1183, 1193 (9th Cir. 2005) ("Bias is always significant in assessing the witness's

credibility . . ."); <u>Johnson v. Yuetter</u>, 1991 WL 3059, at *3 (9th Cir. 1991) ("FRE 701 limits the testimony of non-expert witnesses to those opinions that are 'helpful to ... the determination of a fact in issue.' This rule means that 'meaningless assertions which amount to little more than choosing up sides' are excluded . . . . Such a conclusion would not have helped the court decide that factual question for itself").

## SPECIFIC OBJECTIONS

| <u>Objectionable Factual Allegations and Evidence</u> | <u>Objection</u> |
|---|---|
| Declaration of Raoul D. Kennedy in Support of the MGA Parties' Request for a Stay ("Kennedy Dec."), Exhibit A, at ¶ 1. | The writer's statements about the meaning of the lawsuit to "millions of young children" lack foundation and contain speculation, hyperbole and improper argument. <u>Fed. R. Evid.</u> 602; <u>L.R.</u> 7-7 ("Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of Fed. R. Civ. P. 56(e)."). |
| Kennedy Dec., Exh. A, at ¶ 2 | The writer's statements about the impact of the lawsuit on "our children" lack foundation and contain speculation, hyperbole and improper argument. <u>Fed. R. Evid.</u> 602; <u>L.R.</u> 7-7. They also require specialized knowledge, and are therefore improper |

| | |
|---|---|
| | lay opinion. Fed. R. Evid. 701. |
| Kennedy Dec., Exh. A, at ¶ 3 | Paragraph 3 contains inadmissible double hearsay to the extent the writer purports to convey her child's thoughts and feelings, statements the writer made to her child, and statements her child made to her; and to the extent she relies on communications by other children as to what they find "most precious." Fed. R. Evid. 802.<br><br>The writer's statements in this paragraph, particularly those based on the premise that "Bratz have to go away" and those purporting to convey children's feelings, lack foundation and contain speculation, hyperbole and improper argument. Fed. R. Evid. 602, 701; L.R. 7-7.  There have been no orders that require consumers to return products made by either party, and the writer provides no facts to support this conclusion or any others that she expresses in this paragraph. |
| Kennedy Dec., Exh. A, at ¶ 4 | Paragraph 3 contains inadmissible double hearsay to the extent the writer purports to convey or imply her child's |

| | |
|---|---|
| | intent, memories and future memory, and the views of other consumers. Fed. R. Evid. 802. |
| | The writer's statements in this paragraph, particularly those based on the premises that the lawsuit is about similarities between the Bratz and BARBIE dolls, that the lawsuit "hurt[s]" children, that the Bratz dolls "must be returned or taken away," that all consumers share her views, and that her child will have memories of "corporate greed," lack foundation and contain speculation and improper argument. Fed. R. Evid. 602, 701; L.R. 7-7. There have been no orders that require consumers to return products made by either party, and the writer provides no facts to support this conclusion or any others that she expresses in this paragraph. |
| Kennedy Dec., Exh. A, at ¶ 5 | The writer's statements in this paragraph, particularly those based on the premises that the lawsuit is about similarities between the Bratz and BARBIE dolls and that the lawsuit will |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | | "tak[e]" items "away" from "our children," lack foundation, hyperbole and contain speculation and improper argument. Fed. R. Evid. 602, 701; L.R. 7-7. There have been no orders that require consumers to return products made by either party, and the writer provides no facts to support this conclusion or any others that she expresses in this paragraph. |

11
12  DATED: December 23, 2008          QUINN EMANUEL URQUHART OLIVER &
13                                    HEDGES, LLP
14
15                                    By _____
                                         Diane C. Hutnyan
16                                       Attorneys for Mattel, Inc.