QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S REPLY IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR AMENDMENT OF THE BRIEFING SCHEDULE REGARDING THE MGA PARTIES' *EX PARTE* APPLICATION AND MOTION TO STAY PENDING APPEAL; AND |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |
| | SUPPLEMENTAL DECLARATION OF MICHAEL T. ZELLER |

07209/2742693.1

MATTEL'S REPLY RE APPLICATION FOR AMENDMENT OF BRIEFING SCHEDULE

## Preliminary Statement

Even though it already has an indefinite stay, MGA claims it will go bankrupt on December 31, 2008 and that its request for a different type of stay is so urgent that it demands that Mattel's counsel, this Court and the Ninth Circuit all work through the holidays. Yet, when it comes to its own filings, MGA treats the matter as if it is anything but urgent.

MGA delayed for a full eight days before bringing its *ex parte* stay application. It then created more delay by interfering with Mattel's ability to fairly respond through "Attorney's Eyes Only" designations that MGA has never attempted to defend. And, when MGA filed a duplicative stay application with the Ninth Circuit on Friday night, MGA failed to disclose its sole responsibility for the delays and instead sought to blame this Court. Then this morning, after successfully gaming Mattel so that Mattel has to respond to the merits of MGA's 50-page brief on December 26, 2008, MGA proclaimed that it cannot respond by that same date to (a) Mattel's Motion to Dismiss MGA's appeal for lack of subject matter jurisdiction, which is less than 20 pages, or (b) Mattel's evidentiary objections.

These one-sided dictates should not be countenanced. If MGA so urgently needs relief, then presumably it can accomplish what needs to be done to obtain a well-considered ruling on a clearly defined record by its own December 31, 2008 deadline and prepare its filings in sufficient time for Mattel and this Court to analyze MGA's papers. Mattel's *ex parte* should be granted, and MGA should be required to file its reply to the Stay Application no later than December 26th, 2008.

## Argument

First, MGA's Opposition does not deny that MGA first insisted that a 12-page reply by December 26, 2008 was impossible -- which Mattel respected given the holidays -- and then later insisted to the Ninth Circuit that Mattel provide a substantive response to a 50-page Emergency Motion by that same date.

Second, MGA's justification to the Ninth Circuit for the Emergency Motion was its allegation that this Court had "sua sponte" suspended the schedule on its *ex parte*, without any disclosure that MGA was solely responsible for the disruption to the schedule through its improper designations of declarations that prejudiced Mattel's ability to respond.[1]  Nor did MGA take the reasonable course by withdrawing the Emergency Motion even after this Court's email on Saturday made clear that it would be working through the holidays on MGA's *ex parte*.  To the contrary, MGA repeated to the Ninth Circuit its misrepresentation about this Court and gave it a new spin that this Court was still acting too late by having a hearing on December 30[2] -- even though MGA had told Mattel only two days earlier that *MGA* could not even complete its briefing in this Court before December 29.[3]

Third, MGA's counsel's Jason Russell states (at paragraph 6 of his Declaration) that he told Mr. Zeller when they were discussing the briefing schedule on the stay application that he "understood MGA's position to be that MGA would

---

[1] MGA never defended its designation of the third-party declarations as "Attorney's Eyes Only" or refuted that it interfered with Mattel's ability to respond to what MGA has termed "the most important motion in the case."  Opp. at 3:19.  MGA instead tries to blame the third-parties (Opp. at 10:3-4), but MGA's counsel made that designation and agreed with it.  Docket No. 4473 (Declaration of Jon D. Corey at 1:21-23 (confirming MGA's representation that MGA had properly designated the declarations as AEO).  While Mattel's counsel initially agreed to the "Confidential" designation simply to allow it to show the declarations to their client, MGA's counsel Jerome Falk has now disclosed the contents of those declarations to a reporter.  Docket No. 4489 (Supplemental Declaration of Jon D. Corey ¶¶ 5-6 and Ex. B).  Indeed, what Mr. Falk disclosed is exactly what MGA first claimed warranted an "AEO" designation and even still now claims warrants a "Confidential" designation -- "confidential business information regarding how and when those third parties make decisions on which products to buy or license and the impact of the Court's December 3 Orders may have on their business."  Opp. at 10:9-11.
[2] See Winthrop Letter dated December 22, 2008 at 1, Zeller Dec. Ex. 5.
[3] Zeller ¶¶ 5-6.

not be withdrawing or suspending briefing on its motion to stay in the Ninth Circuit." MGA's emails refute any suggestion that Mr. Russell imparted that to Mr. Zeller. Mr. Russell did not state that MGA would persist, in the face of well-settled authority,[4] with a simultaneous stay motion in the Ninth Circuit.[5] Rather, Mr. Russell said that he would have to check with MGA's counsel Howard Rice.[6] It was only the next day (after the Stipulation on the briefing schedule was filed) that MGA revealed its position, in an email from MGA's counsel Douglas Winthrop. Mr. Winthrop's email stated: "I understand from Jason [Russell] that you were interested in learning whether we would withdraw the Motion for Stay in the Court of Appeals. The answer is no."[7] Had Mr. Russell provided the answer already as MGA suggests, Mr. Winthrop's email would be nonsensical. It can only be read as being MGA's first disclosure of this position. Indeed, Mr. Zeller's response email to Mr. Winthrop confirmed -- without contradiction -- that he had "received no substantive answer about [the matter] until now."[8]

Fourth, MGA asks Court to deny Mattel's requested relief because Mattel allegedly does not need MGA's reply on December 26th because "Mattel will have other matters to attend to that day (like filing an opposition in the Ninth Circuit)." Opp. at 3:1-2. In fact, Mattel's brief in the Ninth Circuit is due because of MGA's request at 3 p.m. on December 26, so Mattel counsel is free to start analyzing MGA's reply in preparation for the hearing as of that time. MGA's assertion here supports requiring MGA to serve its *ex parte* reply no later than December 26.

---

[4] See Mattel's Motion to Dismiss Appeal, dated December 23, 2008 (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).
[5] Supplemental Zeller Dec. ¶ 2.
[6] Id.
[7] Zeller Dec. Ex. 4.
[8] Zeller Dec. Ex. 4.

Fifth, MGA ironically complains that "it is hard to imaging anything more unfair, prejudicial, or unprofessional, than the relief that Mattel seeks in this Court" -- *i.e.*, requiring a 12-page reply on December 26th, not December 29th. Opp. at 3:27-4:2. MGA's rhetoric is contrary to its actions and claims to the Court of Appeals. In repayment for Mattel's professional courtesy in this Court, MGA obtained against Mattel in the Ninth Circuit exactly the schedule that MGA now condemns as "unfair, prejudicial and unprofessional". The very harms that MGA complains of--obtaining declarations during the Christmas week and client approval[9]--are equally, if not more, problematic for Mattel, as it prepares an opposition, not a reply with which additional evidence should not be submitted.[10] But ultimately MGA misses the point. Having required Mattel to file papers on December 26 despite these impediments, and as the party claiming imminent demise by December 31, MGA should not be heard to complain of the crisis it created or the burden of having to promptly respond in *ex parte* proceedings it initiated, let alone so as to prejudice Mattel's ability to fairly analyze MGA's *ex parte* reply.

Finally, the Opposition confirms that Mattel was misled, because MGA now argues that Mr. Zeller should have apparently have acted sooner to assure himself that another MGA lawyer would not be later pressing ahead with a briefing schedule which directly contradicted Mr. Russell's representations. See Opp. at 2:8-13.[11]

---

[9] Opp. at 3:18-19, 5:24-25

[10] Further belying MGA's claim that it cannot prepare its 12-page reply on its *ex parte* by December 26th, MGA proved able to prepare an 11-page opposition (and supporting declarations) to this *ex parte* in less than 16 hours.

[11] Having induced Mattel's agreement, the discussion about whether the reply would be served at 1:00 p.m. or at 3:00 p.m. does not support MGA. To the contrary, Mr. Russell's emails indicating that MGA could not even get its reply done until 3 p.m. on December 29 confirm these were the representations he made to induce the stipulation (and that MGA then contradicted in the Ninth Circuit). They also further refute MGA's claim to the Ninth Circuit that this Court is not acting
(footnote continued)

1  Contrary to MGA's hypothesis, the representations of counsel are not another
2  tactical weapon at MGA's disposal.  Absent relief, MGA's gambit here will inhibit
3  cooperation of counsel since the watchword when negotiating agreements among
4  lawyers will become caveat emptor, not professional courtesy.  Fairness compels a
5  revision to the briefing schedule before this Court.

### Conclusion

MGA should be ordered to file and serve (personally or by electronic mail) its reply in this Court no later than December 26, 2008.

DATED: December 23, 2008      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

---

expeditiously enough by holding a hearing on December 30, since MGA is purportedly unable to even finish its briefing until December 29.

## SUPPLEMENTAL DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1. I am a member of the bars of the States of California, New York and Illinois and am a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2. During the December 20, 2008 conversation that I had with Mr. Russell that is described in paragraph 5-7 of my December 22, 2008 declaration, Mr. Russell did not state that MGA would persist with a simultaneous stay motion in the Ninth Circuit. Rather, Mr. Russell said that he would have to check with MGA's counsel Howard Rice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 23, 2008, at Los Angeles, California.

/s/ Michael T. Zeller

Michael T. Zeller