THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>MGA PARTIES' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL'S *EX PARTE* APPLICATION FOR SCHEDULE RE RESPONSE TO MATTEL, INC.'S OBJECTIONS TO THE WING, KENNEDY, AND THIRD-PARTY DECLARATIONS.<br><br>Hearing Date:   TBD<br>Time:           TBD |

**PRELIMINARY STATEMENT**

In its fourth *ex parte* application this week, Mattel asks this Court to impose a briefing schedule regarding Mattel's evidentiary objections to the declarations of Brian Wing, Raoul Kennedy, and certain of the third-party declarants. Mattel's application is completely improper should be denied out of hand for a number of reasons.

First, Mattel did not properly meet and confer regarding this application. As set forth in the Declaration of Robert Herrington in opposition to Mattel's *Ex Parte* Application to Strike the declarations of Brian Wing, Raoul Kennedy, and certain of the third-party declarants, which seeks identical relief to this application, Mattel was unable to substantively meet and confer regarding the basis for its evidentiary objections. Instead, Mattel proffered a second-year associate who indicated that Mattel was "reevaluating" their objections and could only say that the objections related to foundation, speculation, hearsay, and "other bases." Mattel then waited until late Tuesday night before leaving a voicemail message stating that Mattel would be filing the *ex parte* application the next day and it would be essentially "identical" to the application as to which it had filed a notice of manual filing (but never actually filed or served) the prior week. Given that Mattel has had these declarations for two weeks, this abject failure to engage in even a rudimentary meet and confer violated the letter and spirit of Local Rules 7-3 and 7-19.1.

Second, as this Court's Standing Order makes clear, "ex parte applications are solely for **extraordinary** relief." (Standing Order ¶ 6 (emphasis added).) Here, far from extraordinary relief, Mattel seeks the mundane entry of an order requiring MGA to respond to evidentiary objections on an expedited basis. Mattel provides no explanation for why this relief could not have been sought sooner. And this is no idle question for, as explained in Mr. Herrington's declaration, Mattel indisputably had completed these objections last week (going so far as to give *ex parte* notice and to file a notice of manual filing) but purposely withheld the objections from MGA until late yesterday. (See Herrington Decl. ¶ 4.) The inescapable conclusion is that Mattel intentionally withheld these objections, even after the

1

parties agreed to a briefing schedule on Saturday, knowing full well that Mattel intended to file them and knowing equally well that responses would have to be filed before December 30th. It is not only unfair, but unprofessional, for Mattel to have so acted, and there is no reason why MGA should be forced to respond to these objections on Christmas Day when such a result was occasioned by Mattel's tactical delay.

Third, this *ex parte* is duplicative of Mattel's *ex parte* application to strike and seeks identical relief. As MGA has opposed that application, and responded therein to the substance of the objections underlying this application, there is no reason to order MGA to file detailed responses to Mattel's evidentiary objections the day after Christmas. MGA is aware of no authority that allows Mattel to have two bites at the same evidentiary apple. Mattel had two options, it could move to strike the declarations or it could object to them. See Pfingston v. Ronan Eng'n Co., 284 F.3d 999, 1003 (9th Cir. 2002) (in making evidentiary objections "a party must either move to strike the affidavit or otherwise lodge an objection with the district court.") (emphasis added). Naturally, Mattel chose both. On its face, this is unfair to MGA, a waste of the Court's time and resources, and completely unnecessary. As Mattel filed a motion to strike first, the Court should treat that decision as an election of remedies, deny this application, and disregard Mattel's objections.

Finally, despite being asked to do so, Mattel offers no authority for the proposition that it is entitled to file a reply to MGA's responses to Mattel's evidentiary objections and MGA is aware of no such authority. If Mattel wanted the right to reply, it could have chosen – and in fact did choose – to file a motion to strike the evidence. Having elected that remedy, and in the absence of any authority granting Mattel the right to a reply in support of its evidentiary objections, Mattel is simply not entitled to the relief underlying this application.[1] Thus, for this reason too, Mattel's application should be denied.

---

[1] Although Mattel bemoans the fact that MGA declined to agree to a briefing schedule on their evidentiary objections (Mem. at 1), it never mentions the fact that it was Mattel that declined to provide any authority for the concept that it was entitled to a reply in support of its objections. Moreover, the MGA Parties' reluctance to enter into any sort of stipulated briefing schedule surely can be understood given the fact that Mattel has attempted to renege on not one but two different

*(cont'd)*

2

MGA Parties' Opposition to Mattel's Ex Parte Application For Schedule re Evidentiary Objections
Case No. CV 04-9049 SGL (RNBx)

1  The MGA Parties respectfully submit that Mattel has abused the *ex parte* application device in this instance (and many others), and urge the Court to send a message that this procedural device is for *emergencies*, not time crunches created by a party's intentional delay. As there is no basis for *ex parte* relief, Mattel's application should be *denied*. Alternatively, MGA requests that the Court Order the MGA Parties to respond to Mattel's evidentiary objections at the same time the MGA Parties file their Reply in Support of the Motion to Stay Pending Appeal.

DATED: December 24, 2008

                                      Respectfully submitted,

                                      SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

                                      By: /s/ Thomas J. Nolan
                                             Thomas J. Nolan
                                             Attorneys for MGA Parties

---

*(cont'd from previous page)*
stipulations in less than 24 hours (the stipulation regarding designation of the Compendium of Third-Party Declarations and the briefing schedule on MGA's motion to stay pending appeal).

3

MGA Parties' Opposition to Mattel's Ex Parte Application For Schedule re Evidentiary Objections
Case No. CV 04-9049 SGL (RNBx)

540120.02-Los Angeles Server 2A - MSW