QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**MATTEL, INC.'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR SCHEDULE RE: RESPONSE TO MATTEL, INC.'S OBJECTIONS TO THE WING, KENNEDY, AND THIRD-PARTY DECLARATIONS**<br><br>Hearing Date:   December 30, 2008<br>Time:               10:00 a.m.<br>Place:              Courtroom 1<br><br>**Phase 1(c)** |

Mattel has no sinister motive for filing its *ex parte* application for a briefing schedule regarding Mattel's evidentiary objections. Mattel is trying to ensure that on Tuesday, the Court has everything it needs to decide MGA's *ex parte* application for a stay pending appeal.

It is not correct that motions to strike and objections are mutually exclusive, as MGA suggests, and if the two were unreasonably duplicative, MGA would not be complaining about having to respond to the objections. MGA misstates the meaning of Pfingston v. Ronan Eng'n Co., 284 F.3d 999, 1003 (9th Cir. 2002). In order to properly object to evidence, a party must either move to strike or lodge an objection. But the case does not limit a party to one or the other. A party can do both, but must do at least one if it does not want the evidence admitted.[1]

Nor are the two identical. The objections identify, point by point, the deficiencies of the evidence. The briefing discusses and demonstrates the impact of the conclusory and hearsay evidence that MGA is now attempting to introduce. Mattel believes the Court is best served -- especially in light of the time pressure created by MGA -- by having full, written responses by both sides ready by Monday, December 29th.

As for MGA's argument that Mattel improperly filed the instant motion as an *ex parte* application, it overlooks that it was MGA's own *ex parte* and its delays and subsequent missteps that created the need for *ex parte* relief in the first place. MGA does not explain why it waited more than a week to file its *ex parte* application after the Court's December 3 rulings, or why it has insisted on filing non-confidential

---

[1] Similarly, MGA's assertion that filing a motion to strike first makes it appropriate for the Court to "disregard" Mattel's objections is completely baseless.

third-party declarations under seal, further compressing the schedule and making it necessary for both parties to work through the holiday week.²

Finally, MGA's complaints about the meet and confer process are unavailing. Mattel sought in good faith to meet and confer on this simple issue. MGA's lawyers had time to write vitriolic accusations, but showed no interest in agreeing to what is clearly a schedule that would aid the Court in deciding MGA's relief as soon as possible while also providing Mattel an opportunity to respond.³ Had MGA simply agreed to such a schedule, this *ex parte* would have been unnecessary.

Mattel respectfully requests that the Court order any response by the MGA Parties to Mattel's Objections by Friday, December 26, 2008.

DATED:  December 26, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By */s/ Diane C. Hutnyan*
_____
Diane C. Hutnyan
Attorneys for Mattel, Inc.

---

² Nor does MGA explain how it is that, if Mattel had evil intent in bringing this *ex parte* and its *ex parte* motion to strike on Tuesday in order to make MGA's counsel work on Christmas Day, it turned out MGA actually wrote its briefs on Christmas Eve (not a Court or business holiday) and Mattel wrote its briefs on Christmas Day (a Court and business holiday).

³ See Declaration of Tamar Buchakjian, filed in support of Mattel Inc.'s *Ex Parte* Application for Schedule re Response to Mattel Inc.'s Objections to the Wing, Kennedy, and Third-Party Declarations, dated December 23, 2008, ¶ 2, Exh. A.