QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>      Plaintiff,<br><br>     vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>      Defendant.<br><br>_____<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>CV 04-09059<br>CV 05-2727<br><br>**DECLARATION OF RACHAEL L. MCCRACKEN IN SUPPORT OF MATTEL, INC.'S REPLY IN SUPPORT OF ITS EX PARTE TO STRIKE THE WING, KENNEDY, AND THIRD-PARTY DECLARATIONS IN SUPPORT OF THE MGA PARTIES' APPLICATION FOR A STAY**<br><br>Date: December 30, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>Phase 1(c) |

07209/2743425.1

MCCRACKEN DECLARATION ISO MATTEL'S REPLY ISO EX PARTE TO STRIKE WING, KENNEDY, AND THIRD-PARTY DECLARATIONS

## DECLARATION OF RACHAEL L. MCCRACKEN

I, Rachael L. McCracken, declare as follows:

1.       I am a member of the bar of the State of California and an associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.       I am, and at all times relevant to this declaration, have been, familiar with grounds for Mattel's *Ex Parte* Application to Strike the Wing, Kennedy, and Compendium of Third-Party Declarations and Mattel's Evidentiary Objections to the Wing, Kennedy, and Compendium of Third-Party Declarations.

3.       On December 18, 2008, I called MGA's counsel, Jason Russell, at approximately 10:00 a.m. to provide him notice of Mattel's intent to file an Ex Parte Application to Strike the Wing, Kennedy, and Compendium of Third-Party Declarations ("*Ex Parte*") based on a series of evidentiary deficiencies. Mr. Russell's assistant advised me that he was not available and informed me that I should leave him a voicemail. I left Mr. Russell a voicemail providing him with a description of the *Ex Parte* and requesting that he return my phone call. I noted in the voicemail that if I did not receive a return phone call, I would assume that the MGA Parties opposed the *Ex Parte*. Mr. Russell did not return my call.

4.       Mattel did not file its *Ex Parte* on December 18, 2008 because the Court vacated the briefing schedule. Mattel left its Notice of Manual Filing on the docket because a Notice of Manual filing is valid for three court days.

5.       On December 19, 2008, I received a phone call from MGA's counsel, Robert Herrington, to discuss the *Ex Parte*. Mr. Herrington informed me that Mr. Russell had forwarded him my voicemail message. In that call, I described the *Ex Parte* and all of Mattel's bases for bringing the *Ex Parte* to Mr. Herrington. I answered all questions that Mr. Herrington asked regarding the grounds for the

1  motion and made it clear that Mattel was requesting to strike all of the declarations
2  in their entirety.  Mr. Herrington asked me only about the substance of the motion
3  and did not ask me why Mattel was moving *ex parte* for relief.  I told Mr.
4  Herrington that I could not provide any detail on or meet and confer about the
5  timing of the filing because the briefing schedule had been vacated by the Court and
6  Mattel and MGA were working both to set a briefing schedule and to resolve the
7  confidentiality designations of the declarations.

8        6.     On December 22, 2008, I called Mr. Herrington to notify him
9  that Mattel planned to file the *Ex Parte* on December 23, 2008.  I left Mr.
10  Herrington a voicemail that notified him that Mattel planned to move on the same
11  grounds previously articulated and then listed the grounds of the motion again for
12  him.  I also told Mr. Herrington I would be available to meet and confer any time
13  during the morning and provided him with both my direct extension and cell phone
14  number.  Mr. Herrington did not return my phone call to meet and confer.

15        7.     At no point did Mr. Herrington ask to speak to any attorney for
16  Mattel senior to me regarding the *Ex Parte*.

17        8.     On December 23, 2008, Mattel filed its *Ex Parte* and served
18  MGA with the *Ex Parte*.

19

20        I declare under penalty of perjury under the laws of the United States of
21  America that the foregoing is true and correct.

22        Executed on December 25, 2008, at Great Falls, Montana.

23

24

25             Rachael L. McCracken

26

27

28