THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>  Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>MGA PARTIES' RESPONSES TO MATTEL, INC.'S OBJECTIONS TO THE DECLARATION OF RAOUL D. KENNEDY<br><br>Hearing Date:  December 30, 2008<br>Time:  10:00 a.m. |

**PRELIMINARY STATEMENT**

MGA Entertainment, Inc. ("MGA"), MGA (HK), Ltd., and Isaac Larian (collectively, the "MGA Parties") respectfully submit the following responses to the Evidentiary Objections of Mattel, Inc. (the "Objections") to the Declaration of Raoul D. Kennedy (the "Declaration").

The MGA Parties note at the outset that Mattel does not actually object to Mr. Kennedy's Declaration, but rather to the document attached to it as Exhibit A (the "Exhibit"). The MGA Parties also note at the outset that Mattel's objections to the Exhibit, a letter sent to Mattel executives by the mother of a child who plays with both Barbie and Bratz, are ludicrous. The mother sent a copy of this letter to Mr. Kennedy as well as MGA's customer service department, and the letter reflects she at least intended to send it to Mattel's counsel Michael Zeller as well. It is plainly written purely to convey the outrage and disappointment of the author and her child, not as testimony, and as such, includes some rhetorical flourishes. The MGA Parties have included it in their briefing as evidence of the emotion it contains, not the truth of its facts. Nonetheless, Mattel objects to the opening sentence – "I hope this finds someone who will take the time to put in perspective what your lawsuit means to millions of young children in this world" – as being without foundation as to the "millions of young children." (Mattel Obj. to Kennedy Decl. at 4.) The author apparently did <u>not</u> find her target audience. Clearly, Mattel is missing the point.

In any event, the MGA Parties object to the Objections in their entirety and ask that they be stricken because Mattel has made a binding election to proceed by way of an <u>ex parte</u> motion to strike the Declarations, which repeats the very objections made here. MGA is aware of no authority that allows Mattel to have two bites at the same evidentiary apple. Mattel had two options: it could move to strike the declarations or it could object to them. See <u>Pfingston v. Ronan Eng'n Co.</u>, 284 F.3d 999, 1003 (9th Cir. 2002) (in making evidentiary objections "a party must <u>either</u> move to strike the affidavit <u>or</u> otherwise lodge an objection with the district court.") (emphasis added). Naturally, Mattel chose <u>both</u> and has offered no support for such duplicative actions. On its face, this is unfair to MGA, a waste

1

MGA Parties' Responses to Mattel's Evidentiary Objections to the Declaration of Raoul D. Kennedy
Case No. CV 04-9049 SGL (RNBx)

of the Court's time and resources, and completely unnecessary. As Mattel filed a motion to strike first, the Court should treat that decision as an election of remedies, deny this application, and disregard Mattel's objections.

Mattel's contention that the evidence submitted by the MGA Parties is subject to rigorous scrutiny, similar to the standards employed on a motion for summary judgment, is not well-taken. The MGA Parties were forced to file an emergency motion on an ex parte basis due to the potentially catastrophic harm that MGA was facing if the Court's December 3rd Orders were not stayed pending appeal. There simply was not time for MGA to take the time that it would have been afforded if it was filing a motion for summary judgment or preparing for trial. Thus, this situation is akin to a motion for a temporary restraining order and the exigencies of the situation justify a more relaxed assessment of the evidence; this is especially true as the Court is acting as the trier of fact, rather than a jury. See, e.g., Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984) ("The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial."); Republic of the Philippines v. Marcos, 862 F.2d 1355, 1363 (9th Cir. 1988) (same); Borden v. City of Modesto, 2008 WL 4963216, at *2 (E.D.Cal. Nov. 19, 2008) (applying Flynt to relax evidentiary standards); Rosen Enter. Sys., LP v. Eiger Vision, 343 F. Supp. 2d 908, 918 (C. D. Cal. 2004) (applying Flynt to defendant's evidence in response to preliminary injunction motion, relaxing evidentiary standard and overruling objections, noting that "[s]ustaining [plaintiff]'s objections to evidence in opposition to a preliminary injunction would attenuate the ability of the court to determine likelihood of success on the merits before a trial on the merits can take place"); New.net, Inc. v. Lavasoft, 356 F. Supp. 2d 1071, 1075 n.3 (C.D. Cal. 2003) (citing Flynt with approval).

As a leading treatise explains, "[b]ecause of the urgency involved [in a TRO], declarations and evidence supporting the application need not conform to the standards for a summary judgment motion or to the Federal Rules of Evidence." Schwarzer, Tashima &

2

MGA Parties' Responses to Mattel's Evidentiary Objections to the Declaration of Raoul D. Kennedy
Case No. CV 04-9049 SGL (RNBx)

Wagstaffe, <u>Cal. Prac. Guide: Fed. Civ. Pro. Before Trial</u> ¶ 13:105 (The Rutter Group 2008) (emphasis in original). Although the foregoing cases arise in the context of preliminary injunctions, as opposed to motions seeking a stay of an injunction, the rationale underlying the relaxed evidentiary standard is fully applicable here. According to Wright & Miller,

> The purpose of the summary-judgment procedure is to dispose of a case without a trial when there is no genuine issue of material fact and one party is entitled to a judgment as a matter of law. <u>Since summary judgment is a substitute for a trial on the merits, it is vital that the party opposing the motion be accorded the same evidentiary safeguards that would be applicable at trial in determining whether there is a triable issue of fact</u>; conversely, it is important that the opposing party be required to show the existence of material that could be presented at trial on a disputed issue and would justify the denial of summary judgment.
>
> <u>These considerations do not apply in the Rule 65 context because a preliminary injunction only has the effect of maintaining the positions of the parties until the trial can be held; the order neither replaces the trial nor represents an adjudication of the merits</u>. Furthermore, the urgency that necessitates a prompt determination of the preliminary injunction application may make it more difficult to obtain affidavits from people who are competent to testify at trial and thus more appropriate to decide a Rule 65(a) request without them. Finally, <u>inasmuch as the grant of a preliminary injunction is discretionary, the trial court should be allowed to give even inadmissible evidence some weight when it is thought advisable to do so in order to serve the primary purpose of preventing irreparable harm before a trial can be had</u>.

11 C. Wright and A. Miller, <u>Fed. Practice & Proc.</u>, Civil, § 2949 (2008) (emphasis added).

As with a motion for preliminary injunction, the relief sought here merely seeks to maintain the *status quo* pending a resolution on the merits (before the Ninth Circuit) of the Court's December 3 Orders and similarly is a question vested in the discretion of the District Court (*i.e.*, whether a stay should issue). Imposing a rigorous evidentiary standard

3

MGA Parties' Responses to Mattel's Evidentiary Objections to the Declaration of Raoul D. Kennedy
Case No. CV 04-9049 SGL (RNBx)

on a party seeking a stay of an injunction, where that stay is required to avoid irreparable harm is inconsistent with these concerns. Thus, the Court should adopt the reasoning of <u>Flynt</u> and relax the evidentiary standards by which it considers the MGA Parties' evidence on this emergency motion.[1]

Even if Mattel's objections were not procedurally improper, and were considered strictly applying the Federal Rules of Evidence, they are baseless and should be summarily overruled for the reasons set forth below.

### **RESPONSE TO MATTEL'S GENERAL OBJECTIONS**

**1.  Mattel's Attempt To Impose A Reconsideration Standard On MGA For the Motion To Stay Is Untenable Factually And Legally**

Mattel argues that the Declaration impermissibly offers new evidence that (according to Mattel) should have been offered in the context of briefing on the Mattel's motion for permanent injunction because it was "available" at that time. Mattel is wrong both legally and factually. As the MGA Parties demonstrated in their opposition to Mattel's *ex parte* application to strike the Declaration, contrary to Mattel's suggestion, MGA's motion to stay is not limited to "evidence not previously available." MGA does not seek reconsideration of the Court's injunction order; it seeks a stay of the order's enforcement so it may pursue an appeal under Fed. R. Civ. P. 62(c). Thus, the limitations applicable to reconsideration motions, including the requirement that such motions be based on "newly discovered evidence," are inapplicable. Fed. R. Civ. P. 60(b). Similarly inapplicable is Mattel's caselaw, all of which involves motions to reconsider, not motions to stay.[2] Tellingly, Mattel

---

[1]  Mattel's cases urging a strict application of the Federal Rules of Evidence arise in procedurally distinct contexts where the motions, if granted, would have been dispositive of the merits of the case, unlike here, where all that is sought is the maintenance of the *status quo*. See Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181-82 (9th Cir. 1988) (summary judgment); Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co., 252 F. Supp. 2d 917 (D. Ariz., 2003) (motion to dismiss).

[2]  Futuredontics, Inc. v. Applied Anagramics, Inc., 1999 WL 34840612, at *3 (C.D. Cal. Mar. 3, 1999) (reconsideration of preliminary injunction motion); Severin Montres Ltd. V. Yidah Watch Co., 997 F. Supp. 1262, 1267-68 (C.D. Cal. 1997) (reconsideration of order granting preliminary injunction); Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890-91 (9th Cir. 2005) (appeal from reconsideration of motion to dismiss for lack of personal jurisdiction); Northwest Bypass Group v. U.S. Army Corps of Engineers, 490 F. Supp. 2d 184, 186 (D.N.H.

*(cont'd)*

4

MGA Parties' Responses to Mattel's Evidentiary Objections to the Declaration of Raoul D. Kennedy
Case No. CV 04-9049 SGL (RNBx)

cites no cases granting the relief it seeks here: namely, striking evidence that supports a party's motion under Fed. R. Civ. P. 62(c) because that evidence was purportedly "available" at some earlier juncture.[3]

In any event, as a factual matter, even if a reconsideration standard were applicable – and it is not – MGA would meet it. Mattel asserts that the evidence submitted by MGA was "available" before the Court issued its December 3 Orders. Nonsense. Obviously, MGA could not have presented evidence of the impact of the Court's injunction orders before the Court issued them as it had no way of knowing precisely what would (or would not) be held in those orders. This is particularly true of the Exhibit, which is *a consumer's response to the December 3 Orders*. As such, Mattel's objection is specious and should be overruled.

### 2. The Exhibit Is Offered For Non-Hearsay Purpose

Notably, the Exhibit is not sworn testimony and Mattel's attempt to treat it as such further emphasizes the absurdity of these objections. In any event, Mattel objects that the Exhibit contains out-of-court statements offered for the truth of the matter asserted, including purported double-hearsay where the author relays the feelings and concerns of her

---

*(cont'd from previous page)*
2007) (reconsideration of denial of motion for preliminary injunction); Am. Family Mut. Ins. Co. v. Roth, 2007 WL 63983 (N.D. Ill. Jan. 10, 2007) (procedurally tardy motion to modify preliminary injunction); Merexchange, L.L.C. v. eBay, Inc., 467 F. Supp. 2d 608, 613 (E.D. Va. 2006) (denying motion to strike new evidence in support of renewed motion for preliminary injunction and noting court has power to consider such evidence)

[3] In Mattel's reply brief submitted in support of its motion to strike the Declarations, Mattel tries to respond to this argument by suggesting that FRCP Rule 62 also imposed a requirement that the District Court only can consider evidence that was before it "at the time he rendered the ruling under appeal." (Mattel Reply ISO Motion to Strike at 1:9-10.) However, as Mattel's own description of its argument makes clear, the evidentiary limitation that Mattel seeks to impose applies only to attempts to "alter" the terms of the injunction that has been appealed. (See id. ("an injunction order may be altered under Rule 62(c) . . .").) Here, of course, MGA is not seeking to modify anything on the basis of the evidence submitted in support of its motion to stay. MGA made this distinction clear in its opposition to the motion to strike, citing Standard Havens Prods., Inc. v. Gencor Indus., Inc., 897 F.2d 511, 515 (Fed. Cir. 1990), which held that plaintiffs' reliance on injunction precedent to defeat motion to stay pending appeal was "misplaced"; if such precedent were "mechanically" applied, "no stay pending appeal could ever issue in an infringement case." MGA's Opposition to Mattel's Motion to Strike the Declarations at 7-8.) For obvious reasons, Mattel never mentions Standard Havens, much less distinguishes it. Mattel also attempts to argue the merits of MGA's appeal in the Ninth Circuit, which is not an issue that is properly before the Court, and which must be decided only by the Ninth Circuit.

seven year old. The Exhibit is plainly offered for a non-hearsay purpose. It is offered to demonstrate the author's state of mind – her concern regarding the effect that the December 3 Orders will have on her child and her own sadness, anger, and frustration at having to convey the news of the December 3 Orders to her child. In the MGA Parties' Motion, it is offered in support of the contention that the Bratz dolls are well loved by their consumers and that those consumers are dismayed at the prospect of Bratz being taken from the shelves. (See Mot. to Stay at 10.) Statements offered to show the declarant's state of mind are not hearsay. See, e.g., Atlantic-Pacific Const. Co., Inc. v. NLRB, 52 F3d 260, 263 (9th Cir. 1995) ("An out of court statement may be admitted as circumstantial evidence of the declarant's state of mind"). Likewise, statements by the author's daughter (to the extent there are any) are offered for their effect on the author, and thus are likewise not hearsay. Ostad v. Oregon Health Sci. Univ., 327 F.3d 876, 886 (9th Cir. 2003) ("The fact that [the declarant] indicated that …, a billing clerk, was the source of some of his concerns does not make his statements about his own feelings … hearsay: So long as he testified to his personally held beliefs and he was not discussing an out-of-court statement, [declarant] could testify regardless of what sources might have informed him.").

### 3. The Exhibit Does Not Contain Hearsay

There is no evidence in the Exhibit that the author relied on the news article for anything other than notice of the December 3 Orders. This does not make her statement hearsay. Ostad, 327 F.3d at 886. Moreover, the author's statements regarding the December 3 Orders are not offered for their truth, as discussed above.

### 4. Mattel's Bias Objection Is Baseless

The statements in the Exhibit cited by Mattel as evidencing bias do not reflect bias, they reflect the fact that the letter was written to Mattel. To the extent that the Exhibit expresses some ill will towards Mattel, that is – again – the point. The Exhibit is offered as evidence of the author's state of mind: her sadness, anger, frustration, and concern for her child regarding Mattel's lawsuit and the loss of Bratz.

## MGA PARTIES' RESPONSES TO SPECIFIC OBJECTIONS

| **Challenged Testimony** | **Mattel's Objection** | **MGA Parties' Response** |
|---|---|---|
| Declaration of Raoul D. Kennedy in Support of the MGA Parties' Request for a Stay ("Kennedy Dec."), Exhibit A, at ¶ 1. | The writer's statements about the meaning of the lawsuit to "millions of young children" lack foundation and contain speculation, hyperbole and improper argument. <u>Fed R. Evid.</u> 602; <u>L.R.</u> 7-7 ("Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of Fed. R. Civ. P. 56(e)."). | This objection is baseless. To begin with, the exhibit is not a declaration, and need not meet the requirements of Local Rule 7-7.<br><br>Moreover, the reference to "millions of young children" <u>is</u> hyperbole. The MGA Parties have not offered this letter as proof of the facts contained within it, they have offered it as evidence of the author's sentiments, and as illustrative of general sentiment among Bratz consumers. |
| Kennedy Dec., Exh. A, ¶ 2. | The writer's statements about the impact of the lawsuit on "our children' lack foundation and contain speculation, hyperbole and improper argument. <u>Fed. R. Evid.</u> 602; <u>L.R.</u> 7-7.<br><br>They also require specialized | Again, Mattel's objections are baseless. The letter's reference to "our children" is a commonly accepted rhetorical device for referencing the author and those in her position. The author is plainly not offering any sort of expert testimony, but rather |

7

| | | | |
|---|---|---|---|
| | | knowledge, and are therefore improper lay opinions. Fed. R. Evid. 701. | expressing her opinion on Mattel's pursuit of this lawsuit.<br><br>The Exhibit is not offered for the truth of her assertions, but rather as a reflection of her mental state. |
| | Kennedy Dec., Exh. A, at ¶ 3 | Paragraph 3 contains inadmissible double hearsay to the extent the writer purports to convey her child's thoughts and feelings, statements the writer made to her child, and statements her child made to her; and to the extent she relies on communications by other children as to what they find "most precious." Fed. R. Evid. 802.<br>The writer's statements in this paragraph, particularly those based on the premise that "Bratz have to go away" and those purporting to convey children's feelings, lack foundation and contain speculation, hyperbole and | The author can readily testify to her perceptions and predictions of her own child's reactions to recalled toys based on her past experience with her daughter. Indeed, it does not require substantial expertise and experience with children to assert that children do not like to be parted from their toys or told that they cannot acquire others.<br><br>Moreover, the Exhibit is not offered for the truth of this particular child's reactions past and future. It is offered as evidence of the mother's impression of what her child will feel based on her |

MGA Parties' Responses to Mattel's Evidentiary Objections to the Declaration of Raoul D. Kennedy
Case No. CV 04-9049 SGL (RNBx)

| | | |
|---|---|---|
| | improper argument. Fed R. Evid. 602, 701; L.R. 7-7. There have been no orders that require consumers to return products made by either party, and the writer provides no facts to support this conclusion or any others that she expresses in this paragraph. | perceptions of her past experience, and her concern about the effect of the injunction as a member of the public. Any misunderstanding the author might have as to that effect is part and parcel of her mental state. Indeed, it is based on her past experience with her daughter's recalled Mattel products. |
| Kennedy Dec., Exh. A, at ¶ 4. | Paragraph 3 contains inadmissible double hearsay to the extent the writer purports to convey or imply her child's intent, memories and future memory, and the views of other consumers. Fed. R. Evid. 802. The writer's statements in this paragraph, particularly those based on the premises that the lawsuit is about similarities between the Bratz and BARBIE dolls, that the lawsuit "hurt[s]" children, that the Bratz dolls "must be returned | The author can readily testify to her perceptions of her own child's reactions to recalled toys and her predictions of the reactions of other children based on those perceptions and common experience. Indeed, it does not require substantial expertise and experience with children to assert that children do not like to be parted from their toys or told that they cannot acquire others.<br><br>Moreover, the Exhibit is not offered for the truth of this |

| | | | |
|---|---|---|---|
| | | or taken away," that all consumers share her views, and that her child will have memories of "corporate greed," lack foundation and contain speculation and improper argument. <u>Fed. R. Evid.</u> 602, 701; <u>L.R.</u> 7-7. There have been no orders that require consumers to return products made by either party, and the writer provides no facts to support this conclusion or any others that she expresses in this paragraph. | particular child's reactions. It is offered as evidence of the mother's impression of what her child will feel, and her concern about the effect of the injunction as a member of the public. Any misunderstanding the author might have as to that effect is part and parcel of her mental state. Indeed, it seems to be based on her past experience with her daughter's recalled Mattel products. |
| | Kennedy Dec., Exh. A, at ¶ 5 | The writer's statements in this paragraph, particularly those based on the premises that the lawsuit is about similarities between the Bratz and BARBIE dolls and that the lawsuit will "tak[e]" items "away" from "our children," lack foundation, hyperbole and contain speculation and improper argument. <u>Fed. R. Evid.</u> 602, 701; <u>L.R.</u> 7-7. | The author can readily testify to her perceptions of her own child's reactions to recalled toys and her predictions of the reactions of other children based on those perceptions and common experience. Indeed, it does not require substantial expertise or experience with children to assert that children do not like to be parted from their toys or told that they |

10

MGA Parties' Responses to Mattel's Evidentiary Objections to the Declaration of Raoul D. Kennedy
Case No. CV 04-9049 SGL (RNBx)

|  | There have been no orders that require consumers to return products made by either party, and the writer provides no facts to support this conclusion or any others that she expresses in this paragraph. | cannot acquire others.<br><br>Moreover, the Exhibit is not offered for the truth of this particular child's reactions. It is offered as evidence of the mother's impression of what her child will feel, and her concern about the effect of the injunction as a member of the public. Any misunderstanding the author might have as to that effect is part and parcel of her mental state. Indeed, it seems to be based on her past experience with her daughter's recalled Mattel products. |
|---|---|---|

DATED: December 29, 2008         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                    By:  _____/s/ Thomas J. Nolan_____
                              Thomas J. Nolan
                       Attorneys for the MGA Parties

11