# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

No. 08-57015

## MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., AND ISAAC LARIAN,
*Appellants,*

v.

## MATTEL, INC.,
*Appellee.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
THE HONORABLE STEPHEN G. LARSON
CASE NO. 04-CV-9049

## MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL
[Letter Request of December 23, 2008, Requesting Consideration Jointly With Appellant's "Emergency" Motion for Stay Pending Appeal]

John B. Quinn
Michael T. Zeller
Susan R. Estrich
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Plaintiff - Counter-claimant - Appellee Mattel, Inc.*

07209/2744598.1

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................... 1

ARGUMENT ................................................................................................... 2

I.   THE DECEMBER 3 ORDERS ARE NOT APPEALABLE ......................... 2

II.  THE COURT LACKS JURISDICTION AT LEAST UNTIL ALL
     PENDING TOLLING MOTIONS ARE RESOLVED ................................. 7

# TABLE OF AUTHORITIES

**Page**

### Cases

*Aerojet-General Corp. v. American Arbitration Ass'n,*
  478 F.2d 248 (9th Cir. 1973) .................................................................. 10

*Davidson v. Sun Exploration & Production Co.,*
  857 F.2d 988 (5th Cir. 1988) ................................................................... 8

*DePinto v. Provident Sec. Life Ins. Co.,*
  374 F.2d 50 (9th Cir. 1967) .................................................................... 9

*El-Tabech v. Gunter,*
  992 F.2d 183 (8th Cir. 1993) ................................................................... 7

*F.E.L. Publ'ns, Ltd. v. Catholic Bishop of Chicago,*
  739 F.2d 284 (7th Cir. 1984) ............................................................ 8, 9, 10

*Griggs v. Prov. Consumer Disc. Co.,*
  459 U.S. 56 (1982) ............................................................................. 5, 6

*Katerinos v. U.S. Dept. of Treasury,*
  368 F.3d 733 (7th Cir. 2004) ................................................................. 11

*Kotrous v. Goss-Jewett Co. of N. Cal.,*
  523 F.3d 924 (9th Cir. 2008) ................................................................... 4

*Miller v. Marriott Int'l, Inc.,*
  300 F.3d 1061 (9th Cir. 2002) ........................................................... 10, 11

*Nat'l Distrib. Agency v. Nationwide Mutual Ins. Co.,*
  117 F.3d 432 (9th Cir. 1997) ................................................................ 3, 6

*Natural Resource Defense Council v. Southwest Marine, Inc.,*
  236 F.3d 985 (9th Cir. 2000) ................................................................... 5

*Phelan v. Taitano,*
  233 F.2d 117 (9th Cir. 1956) ................................................................... 9

*Plotkin v. Pacific Tel. and Tel. Co.,*
  688 F.2d 1291 (9th Cir. 1982) ................................................................. 9

*Pride Shipping Corp. v. Tafu Lumber Co.,*
  898 F.2d 1404 (9th Cir. 1990) ................................................................. 7

*Pyrodyne Corp. v. Pyrotronics Corp.,*
  847 F.2d 1398 (9th Cir. 1988) ................................................................. 6

*In re Rains,*
  428 F.3d 893 (9th Cir. 2005) .................................................................. 10

*Scanlon v. Sullivan,*
  974 F.2d 107 (9th Cir. 1992) ................................................................... 3

*Schroeder v. McDonald,*
  55 F.3d 454 (9th Cir. 1995) ................................................................... 11

*Simmons v. Reliance Standard Life Ins. Co. of Texas,*
  310 F.3d 865 (5th Cir. 2002) ................................................................. 10

*Square D Co. v. Fastrak Softworks, Inc.*,
   107 F.3d 448 (7th Cir. 1997) .................................................................. 10

*State of Ala. v. U.S. E.P.A.*,
   871 F.2d 1548 (11th Cir. 1989) ................................................................ 9

*Stringfellow v. Concerned Neighbors in Action*,
   480 U.S. 370 (1987) .................................................................................. 7

*In re Sullivan*,
   904 F.2d 826 (3d Cir. 1990) ..................................................................... 2

*TransWorld Airlines, Inc. v. American Coupon Exch., Inc.*,
   913 F.2d 676 (9th Cir. 1990) ................................................................... 5

*Tripati v. Henman*,
   845 F.2d 205 (9th Cir. 1988) .............................................................. 9, 10

*U.S. for Use of Pippin v. J.R. Youngdale Const. Co., Inc.*,
   923 F.2d 146 (9th Cir. 1991) ................................................................... 7

*United States v. Smith*,
   331 U.S. 469 (1947) .................................................................................. 6

*Warehouse Rest., Inc. v. Customs House Rest., Inc.*,
   726 F.2d 480 (9th Cir. 1984) ............................................................ 2, 4, 5

*Way v. Cty. of Ventura*,
   348 F.3d 808 (9th Cir. 2003) ................................................................... 6

*William Keeton Enterprises, Inc. v. A All American Strip-O-Rama, Inc.*,
   74 F.3d 178 (9th Cir. 1996) ..................................................................... 6

*Zucker v. Maxicare Health Plans, Inc.*,
   14 F.3d 477 (9th Cir. 1994) ....................................................... 2, 3, 4, 5, 7

## Statutes

28 U.S.C. § 1292 .............................................................................................. 6
28 U.S.C. § 1292(a) ......................................................................................... 4
28 U.S.C. § 1292(a)(1) .................................................................................... 7
*Fed. R. App. P.* 4 ......................................................................................... 10
*Fed. R. App. P.* 4(a)(4) .............................................................. 7, 8, 9, 10, 11
*Fed. R. App. P.* 4(a)(4)(A) ............................................................................ 8
*Fed. R. App. P.* 4(a)(4)(B)(i) ........................................................................ 8
*Fed. R. Civ. P.* 59 ..................................................................................... 9, 10
*Fed. R. Civ. P.* 59(e) ...................................................................................... 8
*Fed. R. Civ. P.* 65(d) ..................................................................................... 5

## INTRODUCTION

MGA has the rules of jurisdiction backwards. The district court, recognizing that its rulings on post-trial motions could impact its injunctive orders, stayed those orders pending resolution of the motions and until further order of the court. The parties agree the post-trial motions they filed may impact the already stayed injunction orders; in fact, MGA acknowledges that its JMOL motion could "eviscerate[] the basis" of the orders (Opp. at 15) and, short of "evisceration," modification of the injunctions could be required. Yet, at the same time that MGA seeks in the district court to "undermine" the orders (Opp. at 15), it argues here that its appeal divested the district court of jurisdiction over them. This exposes the absence of appellate jurisdiction. The district court sought to *preserve* jurisdiction so it could finalize the orders in light of the parties' further motions and make them effective (if ever) *after* it addressed *all* the issues. Such deliberately non-final orders cannot be appealed.

MGA asserts that Mattel would undercut the appealability of every injunction that is stayed temporarily or pending appeal. This straw man is easily answered: injunctions, once finalized, are appealable whether or not stayed pending appeal, but no authority supports appellate jurisdiction over non-final orders such as those here. The injunction here was stayed to allow the district court to resolve motions that might "eviscerate" them. MGA cites no case where a Court of Appeals seized jurisdiction while the district court was still considering whether its order would go into effect, or while the order was stayed indefinitely, or while a post-trial motion that could alter the order was pending.[1] MGA's appeal is inconsistent with the rules of jurisdiction and

---

[1] MGA's other hypothetical, in which a party facing a coercive injunction would be (footnote continued)

the respect for both trial and appellate court functions which those rules reflect.

## ARGUMENT

### I. THE DECEMBER 3 ORDERS ARE NOT APPEALABLE

MGA devotes four of the five pages it spends on finality to non-issues. Mattel has not argued that a stayed injunction can never be appealed or that an expressly *final* injunction that a district court stays pending appeal—which of course *assumes* an appealable order—is not appealable. Nor has Mattel urged that a one-week stay to permit an appellate application for a stay pending appeal defeats appealability. MGA attacks these straw men because it has no response to the actual issue at bar.

Mattel established in its motion that, under controlling authorities, an injunction that by its terms will not be effective until some future condition is satisfied (here, until the district court decides post-trial motions that could shape the injunctive orders and lifts its indefinite stay order) cannot be appealed (at least by the would-be enjoined party). Motion at 8 (discussing *Zucker v. Maxicare Health Plans, Inc.*, 14 F.3d 477, 483 (9th Cir. 1994), and *Warehouse Rest., Inc. v. Customs House Rest., Inc.*, 726 F.2d 480, 481 (9th Cir. 1984), among other authorities). MGA has two responses.

Its first is to misstate the issue. The question is not whether "an otherwise appealable injunction cannot be appealed because it has been temporarily stayed," which MGA says these authorities do not "hold." (Opp. at 13.) There is no "otherwise appealable injunction" here. The orders are not "otherwise appealable"

---

precluded by a pending JMOL motion from seeking a stay in the Court of Appeals—which is *not* MGA's situation here—could properly be addressed through mandamus. *See In re Sullivan*, 904 F.2d 826, 834 (3d Cir. 1990) (mandamus filed to permit motion for stay while tolling motion was pending).

precisely because their effectiveness is stayed to allow consideration of motions which could result in their revision before they are ever enforced. Nor is there anything "temporary" about the language providing that the "stay shall remain in place until lifted by further Order of this Court"; the stay is indefinite and, if the district court accepts one or more of MGA's arguments on its post-trial motions, the orders may never go into effect or may go into effect on different terms.[2]

MGA's second response is to mis-cite (or ignore) the authorities. It dismisses *Zucker* in a misleading parenthetical. According to MGA, there was no enforceable injunction in *Zucker* only because the "paragraph purporting to enjoin appellants did not constitute a separate order" (Opp. at 13), implying it is a distinguishable "separate judgment rule" case. That is not accurate. The district court's "Final Judgment and Order of Dismissal With Prejudice as to Settling Defendants" included a Paragraph 17 in which the court "permanently enjoined" certain parties from taking specific, well-identified actions. 14 F.3d at 480. In Paragraphs 12 and 14, however, the court suspended the effectiveness of its order: "This Judgment shall automatically become Final . . . five (5) days after the filing of [a notice of ruling in a related case]." *Id.* at 481. *All* parties argued the injunctive aspects of the Judgment were immediately appealable—as a "separate order" not subject to the conditions of Paragraphs 12 and 14—under the express terms of Paragraph 17 itself, which provided:

---

[2] An order's finality or lack thereof is assessed by examining the language the district court chose to use, which shows its intent. *See, e.g., Zucker*, 14 F.3d at 483 ("The court construes judgments with a view to 'give effect to the intention of the court'"); *Nat'l Distrib. Agency v. Nationwide Mutual Ins. Co.*, 117 F.3d 432, 434 (9th Cir. 1997) (dismissing appeal: "In determining whether the second sentence of the district court's ruling defeats the order's finality, we focus on the court's intent."); *Scanlon v. Sullivan*, 974 F.2d 107, 108 (9th Cir. 1992) (order nonappealable where district court's language belied interpretation that it intended order to be final).

> This ¶ 17 is intended to be and should be construed as being severable from the remaining provisions of this judgment and it is this District Court's view that it should be treated as a separate order in the event of any timely challenge to or appeal from this Judgment based upon the provision of this ¶ 17.

*Id.* at 482-83. This Court disagreed: "Paragraph 17 is a 'separate order' only if there occurs any 'timely challenge to or appeal *from this Judgment*," and "no appeal can be made from 'this Judgment' at the present time because the Judgment is not final." *Id.* at 483 (italics in original). And because Paragraph 17 was not a separate order *in that sense*—and was "still subject to the provisions of paragraph 14(a)"—there was no jurisdiction: "Because paragraph 17 remains subject to an unfulfilled condition, it is not yet an enforceable injunction, and Appellants are not yet bound by it. The court therefore lacks jurisdiction under 28 U.S.C. § 1292(a)." *Id.*; *see id.* at 485 ("to date the Judgment involves no enforceable injunction, so no jurisdiction exists under 28 U.S.C. § 1292(a)").

*Zucker* controls.[3] Where there is no enforceable injunction and there will not be one until "an unfulfilled condition" is satisfied (the parties' filing of a notice in *Zucker*, the district court's entry of an order lifting the stay and finalizing the injunctions in this case), there is no § 1292(a) jurisdiction. The district court's injunction orders here turn on future actions the court may or may not take. They are not appealable. *Id.*[4]

---

[3] This Court is of course bound by its own precedents. *See, e.g., Kotrous v. Goss-Jewett Co. of N. Cal.*, 523 F.3d 924, 932-33 (9th Cir. 2008) ("a three-judge panel may not itself overrule a prior decision of the court") (citations omitted).

[4] *See also Warehouse*, 726 F.2d at 481. MGA distorts *Warehouse* as well. MGA says jurisdiction was declined there because "no injunction was granted" and relief was merely "deferred." (Opp. at 13.) "No injunction was granted" in that case in the same sense in which no injunction has been granted here. The district court in *Warehouse* issued a detailed order which "permanently enjoined" specified actions. It then ordered that the injunction would not go into effect until future conditions were satisfied (including a party's filing of a motion to reopen). As this Court held, "liability for an injunction was found but no injunction was granted—the matter was (footnote continued)

Mattel is aware of no contrary authority; MGA has not cited any. MGA cites *Natural Resource Defense Council v. Southwest Marine, Inc.*, for the proposition that a temporary stay of an injunction, "conditioned on a decision by this Court or by the District Court," does not undermine appealability. 236 F.3d 985, 1001 (9th Cir. 2000) (*see* Opp. at 12-13.) *Southwest Marine* did not even address the appealability of an injunction.[5] Rather, in addressing an argument that the district court "failed to balance the equities," this Court recited the evidence considered by the district court (revealing its deliberation) and then added that the district court had "temporarily stayed the injunction to allow further argument and evidence, and eventually modified the original injunction with respect to testing, containment of runoff, and cleanup." *Id.* **"*[I]n its order lifting the temporary stay*,** the court noted that it was mindful of the cost that it was imposing on Defendant, but concluded that the cost was outweighed . . . . " *Id.* (emphasis added). It was not the *stayed* injunction but the *final* one that the Court reviewed. Had the stayed injunction been validly appealed as MGA suggests, the district court never could have done what it did—"modified the original injunction"—since its jurisdiction to do so would have been divested. *See Griggs v. Prov. Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam).[6]

---

held in abeyance, awaiting future events . . . . This is not a final determination." *Id.*
  These cases also show why MGA's assertion that the injunction orders comply with Rule 65(d)'s specificity requirements (Opp. at 10) is irrelevant. The injunctions in *Zucker* and *Warehouse* were amply specific but still not appealable as injunctions. Adequate specificity may be required, but it is not sufficient where there is no finality. Merely titling an order "injunction" or "judgment" and reciting the putative injunction's terms does not confer appellate jurisdiction.
[5] As MGA states, cases are "not authority for a proposition not considered." (Opp. at 19 n.10.)
[6] MGA cites *TransWorld Airlines, Inc. v. American Coupon Exch., Inc.*, 913 F.2d 676 (9th Cir. 1990). That case accepted jurisdiction where a *final* permanent injunction was entered but stayed pending appeal. *Id.* at 679-80. It has no application here. (footnote continued)

There is nothing extraordinary about the holdings of these cases, or the underlying rules they enforce. MGA's suggestion that it would be nefarious to "permit the District Courts to destroy appellate jurisdiction" by issuing non-final orders (Opp. at 12) turns the logic of judicial decisionmaking and review on its head. A district court does not act nefariously when it ensures that an appellate court need not waste its time reviewing interim orders that may change or never be enforced. The requirement of finality both preserves appellate resources and protects a district court's ability to modify its non-final orders based on pending motions which it would otherwise lack jurisdiction to decide.[7] District courts are *supposed* to have the ability to "destroy" appellate jurisdiction until they are ready to finalize their orders; appellate courts can review orders only when the district court has laid its pen to rest. "It is not the function of appellate courts to review tentative decisions of trial courts." *United States v. Smith*, 331 U.S. 469, 474 (1947).[8]

---

Judge Larson did not grant a stay pending appeal of a final order; he granted a stay pending further district court rulings as to a non-final one. This disposes of MGA's "a fortiori" argument that if a stay pending appeal, "which can last for several years," does not destroy appealability then a shorter stay cannot either. (Opp. at 12.) Appealability turns not on the duration of the stay but the finality of the underlying order. *William Keeton Enterprises, Inc. v. A All American Strip-O-Rama, Inc.*, 74 F.3d 178, 179 (9th Cir. 1996), is similarly unhelpful to MGA. It merely states the general rule that 28 U.S.C. § 1292 provides for appellate jurisdiction over appeals of (final) injunction orders, which is undisputed.

[7] Although a "district court . . . retain[s] the power to preserve the status quo while the case is pending in the appellate court . . ., it cannot finally adjudicate substantial rights involved in the appeal." *Pyrodyne Corp. v. Pyrotronics Corp.*, 847 F.2d 1398, 1403 (9th Cir. 1988) ("The district court properly concluded that it was without jurisdiction to rule on [defendant's motion for preliminary injunction] while the issue of the scope of [plaintiff's] defenses was pending in this court."). *See also Griggs*, 459 U.S. at 58.

[8] *See also Way v. Cty. of Ventura*, 348 F.3d 808, 810 (9th Cir. 2003) (dismissing appeal here court's invitation of motion as to additional defense showed its "intention clearly was *not* that the Order 'be the court's final act in the matter,' but rather that the court would entertain additional arguments") (italics in original); *Nat'l Distrib. Agency*, 117 F.3d at 434 ("A district court ruling is not final if the court reserves the option of further modifying its ruling.").

The district court's intent in this case is manifest. It stayed its orders so it could resolve motions that may implicate their "basis" before finalizing them. This Court should not "snatch a case away from the district court before the district court has issued a binding, enforceable judgment." *Zucker*, 14 F.3d at 481-82. Jurisdiction under "28 U.S.C. § 1292(a)(1) is construed strictly, in keeping with the federal policy against piecemeal review," and it is lacking here. *El-Tabech v. Gunter*, 992 F.2d 183, 185 (8th Cir. 1993).[9]

## II. THE COURT LACKS JURISDICTION AT LEAST UNTIL ALL PENDING TOLLING MOTIONS ARE RESOLVED

The Rule 4(a)(4) tolling issues in this case are not as esoteric or complex as MGA suggests. Any tolling motion timely filed by any party deprives a Court of Appeals of jurisdiction until all such motions are resolved. *See, e.g., U.S. for Use of Pippin v. J.R. Youngdale Const. Co., Inc.*, 923 F.2d 146, 148 (9th Cir. 1991) ("If any party to the action files a [tolling] motion, the time to file a notice of appeal is tolled for all parties."). MGA urges the Rule does not apply here, though tolling motions are pending, because they are not "directed to" the injunctions and instead merely "collaterally affect" them. (Opp. at 15, 17.) Here again, MGA cites no authority to support its position and has the principles of jurisdiction precisely backwards.

---

[9] The rules of finality serve salutary goals. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 380 (1987) ("Pretrial appeals . . . burden appellate courts by requiring immediate consideration of issues that may become moot or irrelevant by the end of trial. In addition, the finality doctrine protects the strong interest in allowing trial judges to supervise pretrial and trial procedures without undue interference."); *Pride Shipping Corp. v. Tafu Lumber Co.*, 898 F.2d 1404, 1406 (9th Cir. 1990) (final judgment rule "fosters the principle that piecemeal appeals are inappropriate, since they can add delay and expense to proceedings, while calling upon appeals courts to decide issues that ultimately need not have been decided at all.").

By its terms, Rule 4(a)(4) tolls appeals and deprives jurisdiction whenever a notice of appeal is filed "after the [district] court announces or enters *a judgment* . . . but before it disposes of *any motion* listed in Rule 4(a)(4)(A)." *Fed. R. App. P.* 4(a)(4)(B)(i) (emphasis added). MGA acknowledges the injunction orders from which it attempts to appeal are "judgments" for Rule 4(a)(4) purposes and that "tolling motions" by both MGA and Mattel are pending, but urges the Court to retain jurisdiction because the motions ostensibly are not "directed to" the appealed order. MGA cites no authority that draws such a distinction. The language of the Rule does not permit any such reading (it does not read ". . . before it disposes of any motion listed in Rule 4(a)(4)(A) *that is directed to the judgment*"), and the authorities are to the contrary. *See, e.g., F.E.L. Publ'ns, Ltd. v. Catholic Bishop of Chicago*, 739 F.2d 284, 284 (7th Cir. 1984) (that "plaintiff's Rule 59(e) motion was addressed to the part of the judgment that disposed of its copyright claim [while] the defendant's appeal is from the parts that dispose of the plaintiff's tortious interference and exemplary-damages claims . . . makes no difference at all, as we think is clear from the fact that Rule 4(a)(4) states that the filing of a [tolling motion] extends the time for appeal for *all* parties . . . and makes the notice of appeal of no effect ... whether or not an alteration of the judgment would be required if the motion is granted.") (quotation omitted) (emphasis in original); *Davidson v. Sun Exploration & Production Co.*, 857 F.2d 988, 988 (5th Cir. 1988) ("A motion for new trial on only some issues activates the provisions of appellate Rule 4(a)(4) on all issues. . . . To hold otherwise . . . would introduce the kind of uncertainty that . . . Rule 4(a)(4) was designed to banish.").

The fallacy of MGA's argument becomes particularly clear when the substance

of the pending motions is considered. Tolling applies "whether or not an alteration of the judgment would be required if the motion is granted." *F.E.L. Publ'n*, 739 F.2d at 284. It applies ever more clearly where granting a tolling motion could "eviscerate[] the basis" for the injunction orders. (Opp. at 15.) Rule 4(a)(4) exists to promote judicial economy by allowing district courts to finally resolve all pending issues before appellate courts take exclusive jurisdiction. *Tripati v. Henman*, 845 F.2d 205, 206 (9th Cir. 1988) ("the purpose of Rule 4(a)(4) is to prevent duplication of effort by the courts"). The parties and district court recognize the overlap between the issues purportedly on appeal and those raised in the pending motions; the Rule is designed precisely to avoid the preemptive appellate jurisdiction MGA seeks.[10]

MGA insists that "*interlocutory appeals* do not automatically stay proceedings in the trial court," suggesting that overlapping appellate and district court jurisdiction can be proper. (Opp. at 16 (italics added).) That a district court may retain jurisdiction over other aspects of a case while an interlocutory appeal is pending, as MGA's authorities show,[11] is unremarkable and irrelevant. The cases MGA cites do

---

[10] As Mattel showed in its Motion (at 14-15), MGA's pending JMOL motion could impact the injunction orders and the issues on appeal. MGA also has another tolling motion pending, a Rule 59 motion for remittitur, which itself could impact the issues on appeal (the jury's overall damages award rebuts MGA's assertion that the copyright infringement damages award precluded the injunction). Mattel's motion too could impact the appeal by undermining the predicates for the purported Seventh Amendment argument MGA urges on appeal (if all Bratz dolls infringe Mattel's copyrights as a matter of law, as Mattel is arguing to the district court, any putative jury finding that only the "first generation" dolls infringe would be irrelevant to the proper scope of the injunction). (*See* Mattel's Renewed JMOL, dated December 22, 2008, at 3-4.) MGA disputes none of this.

[11] *See State of Ala. v. U.S. E.P.A.*, 871 F.2d 1548, 1554 (11th Cir. 1989) (while interlocutory appeal pending, district court retained jurisdiction over matters not subject to appeal); *Phelan v. Taitano*, 233 F.2d 117, 119 (9th Cir. 1956) (same); *Plotkin v. Pacific Tel. and Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) (same); *DePinto v. Provident Sec. Life Ins. Co.*, 374 F.2d 50, 51-52 (9th Cir. 1967) (same).

not even address Rule 4(a)(4). The question is not whether an appeal stays district court proceedings but whether a tolling motion vitiates appellate jurisdiction. MGA's appeal of the injunction orders and the parties' pending JMOL and Rule 59 motions raise overlapping issues; preemptive appellate jurisdiction would undermine Rule 4's purposes. *See Tripati*, 845 F.2d at 206; *F.E.L. Publ'ns*, 739 F.2d at 284-85. MGA suggests that the duplication and waste of judicial resources it demands are "irrelevant" (Opp. at 17-18), but the opposite is true. Such duplication and waste is precisely what Rule 4(a)(4) is designed to avoid.[12]

Finally, dismissal for want of appellate jurisdiction is proper under Rule 4. *See Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063 (9th Cir. 2002) (dismissing appeal because tolling motion was pending); *Simmons v. Reliance Standard Life Ins. Co. of Texas*, 310 F.3d 865, 869-70 (5th Cir. 2002) (same); *Square D Co. v. Fastrak Softworks, Inc.*, 107 F.3d 448, 450 (7th Cir. 1997) (same). MGA urges the appeal should be "held in abeyance," citing *In re Rains*, 428 F.3d 893 (9th Cir. 2005), but

---

[12] The flaws in MGA's position are highlighted by its demand that this Court modify the injunctions for the district court. MGA concedes both that appellate jurisdiction would divest district court jurisdiction to modify the injunctions and that MGA currently seeks to undermine the injunctions with its JMOL motion. (It also seeks to modify them; for example, success on its argument that only the first generation Bratz dolls infringe as a matter of law (*see* MGA JMOL at 21) could require that the scope of the copyright injunction be limited.) If it prevails on its JMOL motion, MGA says it will then "request this Court to vacate and remand the Injunction Orders to the District Court so that it could vacate them . . . ." (Opp. at 15 n.8.) That unusual suggestion shows why Rule 4(a)(4) exists. It is not the role of Courts of Appeals to vacate or modify injunctions that district courts, recognizing that they may need to be reconsidered in light of arguments still being made, have not yet finalized.
   MGA also appears to argue this Court should exercise pendent appellate jurisdiction over issues which the district court has not even addressed yet. (Opp. at 17, citing *Aerojet-General Corp. v. American Arbitration Ass'n*, 478 F.2d 248 (9th Cir. 1973).) Far from holding that this Court may exercise jurisdiction over issues not yet addressed in the district court when a tolling motion is pending, *Aerojet-General* recognized that a *valid* interlocutory appeal may, in exceptional circumstances, "bring[] the entire case before the court." *Id.* at 252. This is irrelevant to whether MGA has taken a valid appeal in the first place.

that case was decided under the Federal Rules of Bankruptcy Procedure and did not cite or consider *Marriott Int'l*.[13] The argument lacks substance in any event. As Mattel showed, whether an appeal is dismissed or held in abeyance, an appellate court lacks jurisdiction to act while tolling motions are pending. (Motion at 12-13) (citing *Katerinos v. U.S. Dept. of Treasury*, 368 F.3d 733, 738 (7th Cir. 2004) (while appeal is in abeyance, "this court lacks jurisdiction").) MGA does not contend otherwise. Regardless of the label of the remedy employed, this Court lacks jurisdiction. And because it lacks jurisdiction, the Court also should deny MGA's application for a stay.[14]

DATED: December 29, 2008

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: _____
John B. Quinn
*Attorney for Mattel, Inc.*

---

[13] MGA also cites *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995), which held that the amended Rule 4(a)(4) should be applied retroactively to allow the Court to exercise jurisdiction over an appeal that would have been barred under the Rule's prior version. *Schroeder* did not hold, however, that dismissal for lack of appellate jurisdiction is improper when a tolling motion is pending. Rule 4(a)(4) was amended to avoid a "trap for the unwary" who might appeal prematurely (rendering their notice of appeal a nullity) and thereafter fail to file an effective notice of appeal once tolling motions were resolved. The affirmative dismissal of a notice of appeal while a tolling motion is pending poses no such risk; a litigant whose appeal is dismissed knows he must file a valid notice of appeal once, if ever, the appeal actually becomes ripe.

[14] Only a timely tolling motion vitiates appellate jurisdiction, as MGA notes. That is because untimely motions, which are waived, do not implicate unnecessary duplication of trial and appellate resources and effort. Of course, as the Court knows from a review of MGA's stay application, MGA's likelihood of success on appeal would be even lower if its JMOL arguments have been waived because, in several cases, those are the arguments it seeks to press on appeal. Should the Court find the tolling motions filed below to be untimely, Mattel respectfully submits it should make that ruling expressly to avoid confusion and uncertainty in trial court proceedings.