QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>             Plaintiff,<br><br>     vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>             Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**Hon. Stephen G. Larson**<br><br>**MATTEL, INC.'S RESPONSE TO OBJECTIONS TO DECLARATION OF ROBERT WEINBERG AND DECLARATION OF THOMAS STOUDT**<br><br>[Declaration of Jon Corey filed concurrently]<br><br>Date:          December 30, 2009<br>Time:         10:00 a.m.<br>Courtroom: 1 |

07209/2745145.1

1  Mattel, Inc. ("Mattel") hereby responds to the MGA Parties' Objections to
2  Declaration of Robert Weinberg and to the Declaration of Thomas Stoudt.

## I. MATTEL DID NOT VIOLATE THE PROTECTIVE ORDER

Because the MGA Parties cannot challenge the bona fides of Mr. Weinberg as an expert regarding toy retailing, the MGA Parties object to the Weinberg Declaration on the grounds that counsel for Mattel allegedly violated the Stipulated Protective Order. Mattel did no such thing.

Mr. Weinberg has 25 years of experience retailing toys, and his qualifications to render an opinion regarding industry practices are unimpeachable. When the MGA Parties relied on third-party declarations regarding toy retailing that were indefensibly designated as "Confidential-Attorney's Eyes Only," they thwarted counsel for Mattel from showing their client those declarations and thus prevented Mattel's counsel from relying on its client's toy industry expertise in preparing a response. By so designating the third-party declarations, the MGA Parties forced Mattel to seek expert guidance to respond to those declarations. Understandably, Mattel searched for and found an expert who worked in the toy industry and had toy retailing experience. That expert was Mr. Weinberg.

Mattel did not violate the Protective Order when it provided to Mr. Weinberg the third-party declarations. Section 6(f) of the Stipulated Protective Order permits a party to disclose Confidential-Attorney's Eyes Only information to experts retained by the attorneys "to the extent deemed necessary by said attorneys for the purposes of the litigation."[1] Mr. Weinberg is such an expert, and the declaration was submitted as an expert declaration, as is apparent from the declaration. For example, he describes his "experience and expertise" as follows: "My primary area of *experience and expertise* is merchandising and retailing in the United States, although I also have some experience with international merchandising and

---

[1] Corey Dec. Ex. A.

licensing as well." See Weinberg Dec. ¶ 2 (emphasis added).  Mr. Weinberg also was provided with a copy of the Protective Order before he was provided with a copy of the compendium, and was instructed to review the Protective Order and sign Exhibit A to the Protective Order before reviewing the third-party declarations.[2]

MGA's purported complaint is also of no moment.  The substance of the third-party declarations is neither "Confidential" nor "Confidential-Attorneys Eyes Only."  Mattel has set forth the merits and support for this argument in its Ex Parte Application For De-Designation of Compendium of Third-Party Declarations and supporting papers.[3]  The MGA Parties' claim that Mattel somehow stymied its allegedly "Herculean efforts to maintain the appropriate confidentiality of the declarations," is without merit.  Mattel fully respected both the designations and the provisions of the Protective Order, including seeking relief of this Court when necessary so as to be able to provide a meaningful response to the declarations.[4]  It was MGA's own counsel, Jerome Falk, who failed to respect the purported "Herculean efforts" when he disclosed the substance of the third-party declarations to a reporter, who promptly published his revelations.[5]

---

[2] Corey Dec. Ex. 3.
[3] Docket Nos. 4508, 4509, 4486, 4487, 4489, 4499.
[4] See id.
[5] December 21, 2008 Supplemental Declaration of Jon Corey In Support of Mattel's Ex Parte Application for De-Designation of Compendium of Third-Party Declarations, ¶¶ 5-6 (Docket No. 4489).  MGA's other argument that Mattel's counsel's failure to immediately respond to one, of many, emails between counsel in the midst of expedited briefing of multiple motions over the holidays in two courts warrants striking a substantive declaration is without basis, either legal or factual. Indeed, Mattel had no obligation to respond at all to MGA's counsel's unilateral demands on the subject of Mr. Weinberg's declaration, let alone in the time frame MGA's counsel purported to set.

## II. MGA'S GENERAL OBJECTIONS TO THE WEINBERG DECLARATION SHOULD BE OVERRULED

Separately, MGA objects to the Weinberg Declaration on the grounds that he lacks foundation and is not a qualified expert. These objections should be overruled. First, Mr. Weinberg's testimony is unquestionably of the type that will assist the Court, and is unquestionably based on personal knowledge. Fed. R. Evid. 602, 702.

Second, Mr. Weinberg is fully qualified to offer the opinions about toy retailing set forth in his declaration. MGA does not contest his bona fides as an expert in this regards. What MGA challenges is the extent of Mr. Weinberg's expertise in the margins--notably they do not identify any specific statement or opinion that is objectionable. If the Court determines that Mr. Weinberg's admissible expert testimony should only apply in certain contexts, that goes to weight, not admissibility. It is not a basis to exclude or strike the entirety of Mr. Weinberg's declaration.[6]

## III. THE COURT SHOULD CONSIDER THE STOUDT DECLARATION; IT WAS LATE DUE TO THE MGA PARTIES' IMPROPER DESIGNATION OF THIRD-PARTY DECLARATIONS

The MGA Parties' sole objection to the Declaration of Thomas Stoudt is that it is untimely. That objection should be overruled.

First, the sole reason that Mattel could not submit the Stoudt Declaration earlier was because of the MGA Parties' groundless designation of third-party declarations as Confidential-Attorneys Eyes Only.[7] This improper designation

---

[6] Mattel did not offer Mr. Weinberg to opine regarding licensing, so any MGA objection to the Weinberg Declaration on that ground is misplaced.

[7] December 21, 2008 Supplemental Declaration of Jon Corey In Support of Mattel's Ex Parte Application for De-Designation of Compendium of Third-Party Declarations, ¶¶ 5-6 (Docket No. 4489).

prevented a Mattel attorney from being able to consult with and rely on Mattel personnel to respond to those third-party declarations, a subject that MGA's recalcitrance forced Mattel to bring to the Court's attention.[8]  Tellingly, to this day, the MGA Parties have never justified their designations.  Nor have they denied that the designation was done in such a way as to frustrate and burden Mattel.

After the MGA Parties capitulated (in part) and agreed to re-designate most of the third-party declarations as "Confidential," and the Court "so ordered" the parties' stipulation, Mattel acted promptly to obtain and to submit the Stoudt declaration  The Court "so ordered" the stipulation on December 19, 2008, but the order was not entered until December 22, 2008.  See Docket No. 4493.  Counsel received notice of its entry at 1:35 p.m. on December 22, 2008.[9]  Mattel submitted the Stroud Declaration on December 26, 2008, the day after Christmas.  (Docket No. 4538).

Second, contrary to the MGA Parties suggestion, when the Court vacated the briefing schedule on the MGA Parties' Ex Parte Application for a Stay Pending Appeal, the Court did not rule on Mattel's Ex Parte Application for De-Designation (which remains pending), or reject any relief sought therein.  See Objection at 1.  The Order setting the briefing schedule on MGA's Stay Application, to which MGA refers, is not the order on the Ex Parte Application to De-Designate, but the order on the stipulated briefing schedule that the parties entered into after the Court set a December 30, 2008 hearing date for the Stay Application (after the MGA Parties sought the same relief from the Ninth Circuit Court of Appeals).  Mattel agreed to a date of December 23, 2008 to accommodate the MGA Parties.

Given that Mattel had received notice of the order re-designating the third-party declarations only the day prior, under the MGA Parties' interpretation,

---

[8] See generally Mattel's Ex Parte Application for De-Designation of Compendium of Third-Party Declarations (Docket Nos. 4508, 4509, 4486, 4487, 4489, 4499).

[9] Corey Dec. Ex. B.

1  Mattel should have apparently provided the documents to in-house counsel,
2  discussed it with them, immediately identified and reached the appropriate declarant
3  during a holiday week when Mattel was closed, talked to him or her and then have
4  completed the declaration by early afternoon on December 23, 2008, so that it could
5  be filed under seal.  Given that this was the week of Christmas when Mattel was
6  closed, and given the MGA Parties' own insistence that they needed five days to
7  prepare a reply due to the professed difficulty finding declarants, the submission of
8  the Stroudt Declaration on the morning of the third business day after counsel could
9  disclose the contents of the declarations to its client is more than reasonable.

## Conclusion

Mattel respectfully requests that the Court overrule the MGA Parties' objections to the Weinberg Declaration and the Stoudt Declaration in their entirety.

DATED:  December 29, 2008         QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP


                                  By /s/ Jon Corey
                                     Jon Corey
                                     Attorneys for Mattel, Inc.