QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**MATTEL, INC.'S REPLY TO MGA PARTIES' RESPONSES TO MATTEL, INC.'S OBJECTIONS TO THE COMPENDIUM OF THIRD PARTY DECLARATIONS AND TO THE DECLARATIONS OF BRIAN WING AND RAOUL D. KENNEDY**<br><br>Hearing Date: December 30, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>**Phase 1(c)** |

MGA makes a number of arguments in response to Mattel's evidentiary objections, most of which Mattel has addressed in its other papers filed with the Court. Two arguments, however, are somewhat new and compel a brief reply by Mattel. First, MGA starts by asking the Court to relax the standards by which it should judge MGA's declarations so that these declarations can be admitted as evidence. MGA also argues that its Compendium Declarations are relevant even though they fail to support MGA's principal claim that it faces imminent, irreparable injury if the Court's order is not stayed. Neither of these new arguments has merit.

It is telling that MGA's opens its response to Mattel's objections by asking the Court to grant MGA's declarations a one-time reprieve from the black-letter rules defining the admissibility of evidence.[1] That the declaratory evidence proffered by MGA must adhere to such rules, and to standards similar to those governing summary judgment motions, is not just Mattel's "contention," as MGA claims[2]—it is the local rule of this Court. See L.R. 7-7 ("Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of Fed. R. Civ. P. 56(e)."); see also Fed. R. Civ. P. 56(e)(1) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated").

Moreover, the purported case law that that MGA cites in hopes of

---

[1] MGA's other leading argument—that Mattel must choose either to move to strike evidence or to objecting to it, but not both—is simply wrong on the law. As the very case that MGA cites makes clear, a party must do at least one or the other, or it may do both. Pfingston v. Ronan Eng'n Co., 284 F.3d 999, 1003 (9th Cir. 2002). In no way did the Pfingston court hold that a party is prohibited from filing both a motion to strike *and* objections.

[2] See MGA's Response to Mattel's Objections to Compendium Declarations at 1:18-20; MGA's Response to Mattel's Objections to Kennedy Declaration at 2:4-6, and Response to Mattel's Objections to Wing Declaration at 1:18-20.

circumventing the Court's local rules is unavailing. As MGA concedes, every one of the cases it cites discusses the unremarkable proposition that "[t]he urgency of obtaining a preliminary injunction necessitates a prompt determination and ... [t]he trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm *before trial*." See Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984) (emphasis added); see also Republic of the Philippines v. Marcos, 862 F.2d 1355, 1363 (9th Cir. 1988); Borden v. City of Modesto, No. CIV-F-08-1061AWISMS, 2008 WL 4963216, *2 (E.D.Cal. Nov. 19, 2008); Rosen Enter. Sys., LP v. Eiger Vision, 343 F. Supp. 2d 908, 912 (C. D. Cal. 2004); New.net, Inc. v. Lavasoft, 356 F. Supp. 2d 1071, 1075 n.3 (C.D. Cal. 2003). As these cases make clear, a preliminary injunction is "extraordinary relief" that is designed to "merely to preserve the relative positions of the parties *until a trial on the merits can be held*." Univ. of Tex. V. Camenisch, 451 U.S. 390, 395 (1981) (emphasis added); see also Lermer Germany GmbH v. Lermer Corp., 94 F.3d 1575, 1577 (Fed. Cir. 1996) (noting that a preliminary injunction is "extraordinary relief" and different from a permanent injunction in that they have "different prerequisites and serve entirely different purposes"); Flynt, 734 F.2d at 1394; Philippines, 862 F.2d at 1363; Borden, 2008 WL 4963216 at *2; Rosen, 343 F. Supp. 2d at 918; New.net, 356 F. Supp. 2d at 1075 n.3.

   The extraordinary circumstances faced by these courts at the preliminary injunction stage are nothing like the situation that the Court faces here. There is no urgent need to maintain the *status quo* "until a trial on the merits can be held" simply because a trial has already been held. The merits of the case have already been fully litigated and resolved. MGA now wants to turn back the hands of time under the misguided belief that the "resolution of the merits" is somehow still

1 pending again—this time "before the Ninth Circuit."[3] MGA's attempt to analogize
2 a trial and an appeal, and thereby trigger the relaxed standard afforded the
3 extraordinary relief of a preliminary injunction, relies on several leaps of logic.
4 Accordingly, its leading argument is a non-starter, and merely serves as a distraction
5 from Mattel's well-founded evidentiary objections.

6     MGA's second novel argument is that its Compendium Declarations are
7 somehow relevant even if they fail to demonstrate actual injury, because only "a
8 significant threat of injury" is required.[4] In support of this argument, MGA cites to
9 Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969) and Manago v.
10 Williams, 2008 WL 2388652 (E.D. Cal. June 5, 2008), both of which are inapposite.
11 First, the cited holding from Zenith Radio is limited to a ruling that the Clayton Act
12 "authorizes injunctive relief upon the demonstration of 'threatened' injury." Zenith
13 Radio, 395 U.S. at 130. MGA's reliance on Manago is equally misplaced, given that
14 it held a plaintiff must show "a significant threat of irreparable injury" in order to
15 obtain a preliminary injunction (see Manago, 2008 WL 2388652 at *1).

16     But Mattel's objections detail how MGA's declarations fail to provide
17 facts of irreparable harm that MGA or its vendors will suffer by December 31, 2008.
18 Without these kinds of facts, the declarations are rendered meaninglessly irrelevant,
19 and so inadmissible. See Fed. R. Evid. 402. Furthermore, it is well within this
20 Court's discretion to strike MGA's declarations, or parts of the declarations, because
21 they are irrelevant. See, eg., In re Houghton, 123 B.R. 869, 871 (C.D. Cal. 1991)
22 (striking declarations offered by plaintiffs "because the 'evidence' offered by those
23 declarations are expressions of . . . irrelevant matter"); Grinenko v. Olympic Panel

---

[3] See MGA's Response to Mattel's Objections to Compendium Declarations at 3:15-17; MGA's Response to Mattel's Objections to Kennedy Declaration at 3:25-27, and Response to Mattel's Objections to Wing Declaration at 3:13-15.

[4] See MGA's Response to Mattel's Objections to Compendium Declarations at 13:24-28.

Prods, LLC, 2008 WL 1805673, *2 (W.D. Wash. 2008) ("Exhibits D-P are stricken as irrelevant, beyond the scope of a proper reply, or both."); Whitmore v. Pierce County Dept. of Cmty Corr., 2007 WL 601232, *1 (W.D. Wash. 2007) ("The vast majority of Mr. Walker's declaration is irrelevant to any issue before this court. There is nothing in the first four pages of the declaration that is admissible in this case and the court will not consider the first four pages of the declaration."); Border Power Plant Working Group v. Dept. of Energy, 467 F. Supp. 2d 1040, 1051 (S.D. Cal. 2006) ("[T]he Court strikes these paragraphs of the Simoes Declaration for the reasons stated: Paragraph 7 is irrelevant."); Religious Tech. Center v. Netcom On-Line Commc'n Serv., Inc., 1997 WL 34605244, *8 (N.D. Cal. 1997) ("Defendant also seeks to strike Baker's declaration arguing that it has no bearing on the facts of this case. The court agrees that Baker's declaration is irrelevant and grants defendant's motion").

For these reasons, as well as those set forth in Mattel's previously filed evidentiary objections, Mattel respectfully requests that the Court sustain its objections to the declarations that MGA has submitted in support of its motion to stay.

DATED: December 30, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Diane C. Hutnyan
Diane C. Hutnyan
Attorneys for Mattel, Inc.