UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES - GENERAL</u>

Case No.    CV 04-09049-SGL(RNBx)                    Date: December 30, 2008

Title:    CARTER BRYANT -v- MATTEL, INC.
=====================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

C. Sasse                                Theresa Lanza
Relief Courtroom Deputy Clerk           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

Thomas J. Nolan                         John B. Quinn
Jason D. Russell                        Michael T. Zeller
Jennifer Del Castillo                   Dylan Proctor


**PROCEEDINGS:   ORDER DENYING AS MOOT Mattel Inc.'s Ex Parte Application for Order for De-Designation of Compendium of Third-Party Declarations in Support of MGA Parties' Ex Parte Application and Motion to Stay Pending Appeal is DENIED AS MOOT (No. 4473)**

**ORDER DENYING Mattel Inc.'s Ex Parte Application to Strike the Wing, Kennedy and Third-Party Declarations is DENIED (No. 4548)**

**ORDER DENYING AS MOOT Mattel Inc.'s Ex Parte Application for Order for Schedule re Response to Mattel Inc.'s Objections to the Kennedy, Wing, and Third-Party Declarations (No. 4512)**

**ORDER DENYING AS MOOT MGA Entertainments Inc.'s Ex Parte Application for Order for Amendment of the Briefing Schedule (No. 4507)**

**ORDER DENYING EX PARTE APPLICATION AND MOTION TO STAY PENDING APPEAL (No. 4465)**

The Court held a hearing and made the following rulings:

In light of the stipulations of the parties, Mattel Inc.'s Ex Parte Application for Order for De-Designation of Compendium of Third-Party Declarations in Support of MGA Parties' Ex Parte Application and Motion to Stay Pending Appeal is **DENIED AS MOOT** (No. 4473).

Mattel Inc.'s Ex Parte Application to Strike the Wing, Kennedy and Third-Party Declarations is **DENIED** (No. 4548). Mattel's objections to those declarations address the weight that the evidence should be given, rather than its admissibility.

In light of previous Orders of the Court, Mattel Inc.'s Ex Parte Application for Order for Schedule re Response to Mattel Inc.'s Objections to the Kennedy, Wing, and Third-Party Declarations (No. 4512) and MGA Entertainments Inc.'s Ex Parte Application for Order for Amendment of the Briefing Schedule are **DENIED AS MOOT** (No. 4507).

The Court heard argument regarding MGA Entertainment Inc.'s Ex Parte Application and Motion for Stay Pending Appeal (No. 4465), which is **DENIED.** As set forth more fully on the record, the evidence offered by MGA does not support a stay pending the appeal in this matter; indeed, none of the evidence addresses any time frame beyond the 2009 retail buying season. Moreover, because the various post-trial motions scheduled for hearing on February 11, 2009, may, in the words of MGA, "eviscerate" the basis for the Court's permanent injunction Order, or may otherwise lead the Court to substantially revise that order, it is impossible at this time to assess the "likelihood of success" on appeal. In sum, a motion for stay pending appeal is premature at this juncture. However, MGA has convinced the Court that a modification of its current stay order to address the concerns regarding the 2009 retail buying season is appropriate. Accordingly, the parties are granted leave to file, no later than January 2, 2009, proposed language for modification of the Court's stay order so as to address the retailer concerns identified by MGA for 2009.

In order for the Court to determine the full extent of the modification necessary to maintain the status quo, the Court must consider more fully the current financial position and management of MGA, which is not at all clear to the Court at this time in light of, *inter alia*, Mattel's recently filed ex parte application for appointment of a receiver (No. 4540), which the Court sets for hearing on January 5, 2009, at 10:00 a.m., in Courtroom One of the above-referenced Court.

After the January 5, 2009, hearing, the Court will issue an appropriate written order that will address the modification of the current stay order.

**IT IS SO ORDERED.**