QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| Defendant. | **[PROPOSED] ORDER FOR MAINTENANCE OF STATUS QUO AND FOR APPOINTMENT OF A RECEIVER** |
| AND CONSOLIDATED ACTIONS | |

1

2

### [PROPOSED] ORDER

3      The Court having considered the MGA Parties' *Ex Parte* Application

4  for a Stay Pending Appeal and Mattel, Inc.'s *Ex Parte* Application for Appointment

5  of a Receiver For MGA or For Alternative Relief, and all other papers in support

6  thereof, and all opposition and reply papers submitted in connection therewith, and

7  the arguments of counsel, and the Court having denied the MGA Parties' request for

8  a stay pending appeal by prior Order,

9      IT IS HEREBY ORDERED that:

10      1.      The Court hereby appoints a receiver to manage, supervise, and

11  oversee the Bratz brand and all Bratz Assets, as that term is defined herein (the

12  "Receiver").

13      2.      The parties are ORDERED to meet and confer as to an agreed

14  selection of an appropriate Receiver.  Should the parties be unable to agree on the

15  selection of a Receiver, Mattel and the MGA Defendants are each granted leave to

16  submit to the Court the names and qualifications of up to five Proposed Receivers

17  within ten days of the date of this Order.  The Court will then select the Receiver.

18  The Receivership shall become effective on the date on which the Court enters a

19  further order selecting a Receiver and ordering his or her appointment (the

20  "Effective Date").

21      3.      **Purposes of the Receivership.**  The Receiver is appointed, and

22  hereby is directed and ordered, to take full and exclusive control over, manage,

23  preserve, and maximize the profits associated with the Bratz brand as of the

24  Effective Date, including, without limitation, by locating, taking possession and

25  ownership of, preserving, protecting, managing, supervising and overseeing the

26  Bratz Assets.

27      4.      **Powers of the Receiver.**  The Receiver shall have the power to

28  take any and all actions which may be necessary, appropriate or advisable to

effectuate the purposes of the Receivership, including but not limited to the power to:

        a.      Take custody, control and possession of all Bratz Assets in the possession, custody or control (whether or not claimed to be encumbered by any security interest) of MGA Entertainment, Inc., MGA Hong Kong, Isaac Larian and/or any person or entity acting at their behest or direction or pursuant to their control, including, but not limited to, any successor-in-interest, subsidiary, corporate affiliate, agent, servant, attorney, accountant, officer, director, employee or other confederate (collectively, the "MGA Defendants");

        b.      Preserve, hold and manage Bratz Assets, and perform all acts necessary or advisable to preserve and/or enhance the value of those assets;

        c.      Exploit, license, distribute and sell Bratz Assets for profit, including, without limitation, by selling Bratz-branded dolls and other goods through appropriate channels of trade and distribution;

        d.      Market, promote and/or advertise Bratz Assets and/or Bratz-branded products;

        e.      Hire and employ individuals and entities as necessary or advisable to carry out the Receiver's mandate under this Order;

        f.      Disburse funds as needed to satisfy and pay the reasonable and ordinary expenses incurred by the Receivership after the Effective Date, provided, however, that the Receiver shall maintain, and shall not disburse, distribute, or pay to anyone, any Receivership funds except as needed to satisfy the reasonable and ordinary expenses incurred by the Receivership after the Effective Date;

        g.      Open bank accounts in the name of the Receiver and transfer funds to, from and/or between those accounts;

        h.      Collect and maintain, and take all necessary or advisable actions to collect and maintain, monies owed by virtue of the sale, licensing or other exploitation of the Bratz Assets;

i.      Sell, compromise or assign debts for purposes of collection upon such terms and conditions as the Receiver deems necessary or advisable to carry out the Receiver's mandate under this Order;

j.      Enter into such agreements or contracts, and seek and enter into modifications to or amendments of such agreements and contracts, as the Receiver deems necessary or advisable to carry out the Receiver's mandate under this Order;

k.      Prepare, execute, acknowledge and deliver any and all deeds, assignments, and other instruments necessary or advisable to carry out the Receiver's mandate under this Order;

l.      Protect and preserve all Bratz-related intellectual property, including without limitation by commencing, prosecuting and renewing intellectual property registrations and/or filings of any type and in any jurisdiction or forum;

m.      Retain and/or engage the services of advisors and/or professionals, including, without limitation, accountants, attorneys, consultants and experts, to assist the Receiver in carrying out the Receiver's mandate under this Order;

n.      Retain and/or engage the services of vendors, suppliers, distributors and other persons and/or entities to assist the Receiver in carrying out the Receiver's mandate under this Order;

o.      Record this Order in any jurisdiction;

p.      Obtain a tax identification number for the Receivership estate;

q.      Take all actions the Receiver deems necessary or advisable to marshal, collect, preserve or protect the Bratz Assets including, without limitation, the institution of inquiries and investigations into the conduct of any of the MGA Defendants and/or individuals affiliated with the MGA Defendants to uncover concealed Bratz Assets and/or fraudulent conveyances and/or attempts to dispose of Bratz Assets;

r.     Institute, defend, intervene in and/or substitute as and/or otherwise become a party to any or all actions in local, state, federal or foreign courts, including without limitation bankruptcy court, and any other proceedings before any governmental tribunal or arbitration panels, and take any and all necessary or advisable steps and measures in such actions, as necessary or advisable to carry out the Receiver's mandate under this Order, <u>provided, however,</u> that the Receiver shall have no power to take positions in this action except insofar as the Court orders or invites the Receiver to do so;

s.     Perform such further and additional acts as the Receiver deems necessary or advisable to preserve the Bratz Assets, maximize the profits derived therefrom, ensure the successful manufacture, delivery and marketing of Bratz-branded dolls and products for the Spring and Fall 2009 seasons, and otherwise carry out the Receiver's mandate under this Order, including, without limitation, any acts which could lawfully be carried out by a corporation in the State of California.

5.    **The Bratz Assets.**  The "Bratz Assets" include all tangible or intangible assets (including without limitation all intellectual property) necessary or materially useful for the design, manufacture, marketing, distribution and sale of any Bratz doll or other Bratz-branded product in the possession, custody or control (whether or not claimed to be encumbered by any security interest) of any of the MGA Defendants prior to or as of January 3, 2009.  The Bratz Assets include, without limitation:

a.     All Bratz-related intellectual property rights, including without limitation copyrights (whether registered or not); copyright registrations; moral rights; design rights; patents (issued and pending); service marks; trademarks; trade dress; designs; slogans; characters; product packaging in any medium; product names; product illustrations; product designs; product concepts; conceptual drawings; engineering drawings; engineering specifications; processes; methods; trade secrets; know-how; product ideas; prototypes; line extensions; domain names;

marketing and advertising materials; commercials; style guides; theme songs; soundtracks; scripts; screenplays; computer programming; digital and internet rights; video games; theatrical, television, video and DVD rights and masters; and rights in future technologies.

           b.     All Bratz-related tooling for all past, current and future lines, including without limitation tools, tooling, in-process tools, molds, sculptures, models, dies, and mock-ups, as well as all other Bratz-related tangible items.

           c.     All Bratz-related marketing and sales assets for all past, current and future lines, including without limitation consumer lists, marketing plans, account plans, focus group studies, marketing databases, and other consumer and marketing research.

           d.     All Bratz-related records, including without limitation contracts, manufacturing records, inventory records and data, sales records and data, product testing data and records, vendor lists and records, customer communications, and invoices and purchase orders.

           e.     All Bratz-related contracts and agreements, including without limitation assignments, work for hire agreements, and licensing arrangements.

           f.     All other Bratz-related rights, including without limitation distribution rights, licensing rights, exploitation rights, accounts receivable, and all choses in action relating to Bratz or the Bratz brand.

           g.     All Bratz-related items referenced at Paragraph 3 and Paragraph 8 (at lines 15-19) of the Court's Order Granting Mattel's Motion for Permanent Injunction (Docket No. 4443).

          6.     **<u>Supplemental Stay Provisions.</u>**  As set forth at page 16 of this Court's December 3, 2008 Order (Docket No. 4439), the Court's Orders of December 3, 2009 shall remain stayed, ineffective and non-final until further Order of the Court.  Nothing herein shall eliminate or supersede the stay entered at page 16 of this Court's December 3, 2008 Order (Docket No. 4439) (the "Stay").  However,

1   the Stay is hereby supplemented (a) to enable the Receiver to take the actions

2   specified herein between the Effective Date and the Termination Date (as those

3   terms are defined herein) (the "Authorized Receiver Actions") and (b) to permit

4   retailers who receive Bratz product pursuant to the authority of the Receiver, in

5   accordance with the Authorized Receiver Actions, and who pay the Receiver monies

6   due and owing for such Bratz product, to not remove such product from the shelves

7   until January 10, 2010, at which time the mandatory provisions of Paragraph 4, 6

8   and 7 of the Court's Order Granting Mattel's Motion for Permanent Injunction

9   (Docket No. 4443) shall become fully effective as to such retailers (the "Qualifying

10  Retailers Exception") (the "Authorized Receiver Actions" and the "Qualifying

11  Retailers Exception" are, collectively, "Supplemental Stay Provisions").  These

12  Supplemental Stay Provisions shall not eliminate, alter or amend the obligations of

13  any retailer, distributor, seller or other person or entity, including without limitation

14  the MGA Defendants, who does not meet the requirements for the Qualifying

15  Retailers Exception to earlier recall or earlier obtain the recall of Bratz products as

16  required by the mandatory provisions of Paragraphs 4, 6 and 7 of the Court's Order

17  Granting Mattel's Motion for Permanent Injunction (Docket No. 4443).  These

18  Supplemental Stay Provisions shall not apply to permit, enable or authorize enjoined

19  conduct by any enjoined party, except as to Authorized Receiver Actions taken by

20  the Receiver and/or any authorized agents working for and under the auspices of the

21  Receiver pursuant to the terms of this Order.

22          7.    **Termination Date**.  The Receiver shall perform the duties set

23  forth herein, and the Bratz Assets shall remain in Receivership, until December 31,

24  2009 (the "Termination Date"), <u>provided, however,</u> that the Termination Date may

25  be advanced or extended by further Order of the Court.  On the Termination Date,

26  barring further Order of the Court, (1) the Proceeds shall be transferred to an interest

27  bearing escrow account maintained by the Court, and (2) the Bratz Assets shall be

28  transferred to Mattel as substitute custodian for such items.

8.   **Additional Provisions.**

a.   In the event that any person or entity fails or refuses to deliver or transfer any Bratz Asset or otherwise fails to comply with any provision of this Order, the Receiver is instructed to file *ex parte* an affidavit setting forth the failure(s).  Upon the filing of such an affidavit, the Court may authorize writs of possession or sequestration or other equitable writs requested by the Receiver.

b.   The Receiver shall account for all Bratz Assets and present to the Court and the parties a report reflecting the identity and value of the Bratz Assets and any associated liabilities within 60 days of the Effective Date, and every 60 days thereafter, for the duration of the Receivership.

c.   The Receiver shall maintain, and shall not disburse, distribute, or pay to anyone, any Receivership funds or proceeds earned from exploitation of Bratz-branded dolls and products (the "Proceeds") except as needed to satisfy the reasonable and ordinary expenses incurred by the Receivership.  The Proceeds may not be used to satisfy any obligations of the MGA Defendants which were incurred or which accrued, or which were contracted to incur or accrue, prior to the Effective Date.  A lien is hereby placed in favor of Mattel on the Proceeds.

d.   The Receiver shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vest with this Court. Neither the Receiver nor any person or entity acting at the direction of the Receiver or pursuant to agreement(s) with the Receiver (whether employees, vendors, contractors or otherwise) may be held liable to the MGA Defendants, whether for claims of alleged copyright infringement, trademark infringement, or any other alleged causes of action, for any acts taken in good faith compliance with this Order.

e.   During the course of the Receivership, the MGA Defendants shall not have any right, title, interest and/or power as to the Bratz Assets or Bratz brand.  The MGA Defendants further shall assign and transfer, pursuant to a written transfer agreement, ownership of all Bratz-related copyrights and other intellectual

[PROPOSED] ORDER

1  property to the Receiver within 10 days of the Effective Date.  Nothing herein shall

2  alter or affect the right of Mattel to take any and all actions relating to the Bratz

3  Assets or the Bratz brand which it otherwise lawfully could take, including without

4  limitation the institution, maintenance and prosecution of legal proceedings

5  anywhere in the world or any other proceeding before any other governmental

6  tribunal or arbitration panel.

7            f.       Effective as of the date of this Order, the MGA Defendants shall

8  deposit into an interest bearing escrow account any and all revenues they receive or

9  obtain relating to Bratz in any manner and for any reason, including without

10 limitation in connection with any sale, distribution and/or licensing thereof.  These

11 revenues shall not be released until further Order of the Court.   The MGA

12 Defendants shall account for all such revenues and interest paid thereon and shall

13 present to the Court and Mattel reports reflecting such accounting every 30 days,

14 starting on the date that is 30 days from the date of this Order.

15           g.       The Receiver shall be compensated for services rendered

16 pursuant to this Order from the Proceeds.  The Receiver shall set forth all fees and

17 expenses sought on a periodic basis in an application to this Court and shall be paid

18 upon the Court's approval of those applications.

19           h.       To the extent that the Proceeds are insufficient at any point to

20 fund the costs of the Receivership, MGA Entertainment, Inc. is ORDERED to

21 provide the Receiver with such funds as the Receiver requires to accomplish the

22 purposes of the Receivership.

23           i.       This Court shall retain jurisdiction over the Receivership for the

24 duration of its existence.

25

26

27

28

1  DATED: _____, 2009 _____
2                                    Hon. Stephen G. Larson
                                     United States District Judge
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28