Back to top

Global Home > US Home > Media Center > News Release - November 17, 2007

Print | Email A Friend

# MGA Entertainment's Isaac Larian Named Ernst & Young Entrepreneur Of The Year 2007 National Winner

PALM SPRINGS, CA, NOVEMBER 17, 2007 – Isaac Larian, president and chief executive officer of MGA Entertainment was today named the Ernst & Young Entrepreneur Of The Year® 2007 overall national winner. He was also named the Ernst & Young Entrepreneur Of The Year 2007 national award winner in the Retail and Consumer Products Category. Now in its 21st year, the awards recognize leaders and visionaries who demonstrate innovation, financial success and personal commitment as they create and build world-class businesses.

Larian was recognized for transforming MGA Entertainment into the largest privately held toy company in the world. "Isaac Larian has lived the American dream. He came to this country with little, found work as a dishwasher, and through passion, focus and entrepreneurial spirit, created a thriving enterprise that has redefined the toy industry," said James S. Turley, chairman and CEO, Ernst & Young LLP. "For 21 years, we have honored the dedication and drive that defines entrepreneurs through the Ernst & Young Entrepreneur Of The Year awards. We're proud to add Isaac Larian's name to this distinguished list of business leaders."

Larian was honored as both the Overall Ernst & Young Entrepreneur Of The Year 2007 national winner as well as the national winner in the Retail and Consumer Products Category at a gala in Palm Springs. Awards were given in nine additional categories. All Ernst & Young Entrepreneur Of The Year winners were selected by an independent panel of judges from approximately 400 regional award recipients.

**Negotiation Skills Learned Early**
Larian worked for his father's small textile business in Iran as a teenager. It was there he learned the art of negotiation. Those skills came in handy years later when he launched Micro Games of America, acting as a licensee of other company's products, including Nintendo, Power Rangers and Hello Kitty. Larian soon learned that being a licensor of products provided greater growth opportunities and he began building his company's own brands, licensing them to others.

In 1998, Larian changed his company's name to MGA Entertainment, transforming the business into a full consumer entertainment products company. It currently manufactures and produces more than 20 product lines of toys and games, dolls, consumer electronics, home décor, stationary and sporting goods. MGA's products include household names such as Bratz, Yummi-Land, Storytime Collection, Rescue Pets, Miuchiz, West Coast Choppers, Market Racers and Marvel toys.

**Battle of the Dolls**
With trends in toys changing as quickly as fashion, it's notable that Larian's biggest splash in the market has come from fashion conscious dolls. Since their introduction, the Bratz dolls have grown into a billion dollar franchise, and become the number one fashion doll brand in the world. That came after unseating Barbie, whose reign as the top doll had lasted for more than 40 years. The Bratz won Family Fun magazine's Toy of the Year Award four years in a row and the dolls have spawned a feature film, fashion magazines, apparel collections, a website, online promotions and a host of related products. MGA currently has more than 400 licensees worldwide, creating a range of new Bratz themed products—from Bratz Stylin' Cosmetix to Bratz Sporty Flair Bedding.

In 2006, Larian began expanding his product lines for children under six, purchasing Little Tikes, the maker of durable plastic toys and playsets for toddlers and young children. His eye toward growth continued in May 2007, as MGA acquired Smoby—rescuing France's largest toy company, and Europe's second largest, from bankruptcy.

**Open Door Brings in Good Ideas**
Despite the company's growth, Larian continues to run MGA Entertainment with the same entrepreneurial focus. Brainstorming is a big part of the company's culture and Larian maintains an open-door policy. He credits MGA's 500 employees and product designers as the source of many of the company's bestselling ideas. In 2002 an intern suggested an idea for an accessory—a spa for the Bratz dolls. That became the first Bratz playset and won the Toy Industry Association People's Choice Toy of the Year award. With all his success in the toy business, no one is having more fun than Larian himself.

**Entrepreneur Of The Year 2007 National Finalists in the Retail and Consumer Products Category**
The Ernst & Young Entrepreneur Of The Year national finalists in the Retail and Consumer Products Category were Michael J. Hagan, chairman and CEO of NutriSystem, Inc. (NASDAQ:NTRI), a leading provider of weight management and fitness products and services based in Pennsylvania; Tony Hsieh, CEO of Zappos.com, Inc., an online shoe and handbag retailer headquartered in Henderson, Nevada; and Tom Campion, founder and chairman of Zumiez (NASDAQ:ZUMZ), based in Everett, Washington, a mall-based specialty retailer of action sports related apparel, footwear, equipment and accessories.

**Additional Entrepreneur Of The Year Category Award Winners**

- Marc Benioff of San Francisco based Salesforce.com, Inc. (NYSE:CRM) was named the Ernst & Young Entrepreneur Of The Year 2007 national winner in the Technology Category.

Exhibit 2
Page 198

- William Gay of W. W. Gay Mechanical Contractor, Inc . in Jacksonville, Florida was named the Ernst & Young Entrepreneur Of The Year 2007 national winner in the Real Estate, Hospitality & Construction Category.
- Harold Hamm of Continental Resources, Inc. (NYSE:CLR) in Enid, Oklahoma was named the Ernst & Young Entrepreneur Of The Year 2007 national winner in the Energy, Chemicals & Mining Category.
- Ronald J. Kruszewski of Stifel Financial Corp. (NYSE:SF) in St. Louis, Missouri was named the Ernst & Young Entrepreneur Of The Year 2007 national winner in the Financial Services Category.
- Harold "Max" Messmer, Jr. of Robert Half International Inc. (NYSE:RHI) in Menlo Park, California was named the Ernst & Young Entrepreneur Of The Year 2007 national winner in the Services Category.
- Pamela B. Morris of CareSource Management Group in Dayton, Ohio was named the Ernst & Young Entrepreneur Of The Year 2007 national winner in the Health Sciences Category.
- Michael V. Roberts and Steven C. Roberts of the Roberts Hotels Group in St. Louis, Missouri, were named the Ernst & Young Entrepreneur Of The Year 2007 national winners in the Emerging Category.v
- Manu Shah of M S International, Inc . of Orange, California was named the Ernst & Young Entrepreneur Of The Year 2007 national winner in the Distribution, Manufacturing & Security Category.
- Michael Walrath of New York's Right Media was named the Ernst & Young Entrepreneur Of The Year 2007 national winner in the Media, Entertainment & Communications Category.

**Sponsors**
Founded and produced by Ernst & Young LLP, the Entrepreneur Of The Year Awards are pleased to have Bank of America as the national presenting sponsor, as well as SAP America and the Ewing Marion Kauffman Foundation as national sponsors.

**About The Ernst & Young Entrepreneur Of The Year® Program**
The Entrepreneur Of The Year awards program was created and is produced by professional services firm Ernst & Young LLP. As the first award of its kind, the Ernst & Young Entrepreneur Of The Year Award recognizes outstanding entrepreneurs who are building and leading dynamic and growing businesses. The program, which celebrated its 20th anniversary in 2006, honors entrepreneurs through regional, national and global award programs in over 125 cities and 40 countries.

**About the Ernst & Young Strategic Growth Markets Practice**
Ernst & Young's Strategic Growth Markets (SGM) practice guides the best high-growth companies. Our multi-disciplinary team of elite professionals provides perspective and advice to help our clients accelerate market leadership. SGM delivers assurance, tax, transactions and advisory services to thousands of companies spanning all industries. Ernst & Young is the undisputed leader in taking companies public, advising key government agencies on the issues impacting high-growth companies, and convening the experts who shape the business climate. For more information, please visit us at www.ey.com/us/strategicgrowthmarkets.

**About Ernst & Young**
Ernst & Young is a global leader in assurance, tax, transaction and advisory services. Worldwide, our 130,000 people are united by our shared values and an unwavering commitment to quality. For more information, please visit www.ey.com.

*Ernst & Young refers to the global organization of member firms of Ernst & Young Global Limited, each of which is a separate legal entity. Ernst & Young Global Limited, a UK company limited by guarantee, does not provide services to clients.*

*This press release has been issued by EYGM Limited, a member of the global Ernst & Young organization that also does not provide any services to clients.*

### ###

Ernst & Young refers to one or more of the member firms of Ernst & Young Global Limited (EYG), a UK private company limited by guarantee. EYG is the principal governance entity of the global Ernst & Young organization and does not provide any services to clients. Services are provided by EYG member firms. Each of EYG and its member firms is a separate legal entity and has no liability for another such entity's acts or omissions. Certain content on this site may have been prepared by one or more EYG member firms.

Exhibit 2
Page 199

Case 2:04-cv-09049-DOC-RNB Document 4648-3 Filed 01/05/09 Page 3 of 50 Page ID #:133353

Back to top

Global Home > US Home > Services > Strategic Growth Markets > Entrepreneur Of The Year Awards > Southeast Area Program

Print | Email A Friend

# The Southeast Area Ernst & Young Entrepreneur Of The Year Program

We're looking for entrepreneurial leaders and visionaries — men and women who create market-leading businesses, contribute to the strength of their communities and the economy, and help raise the bar of business excellence.

Celebrating entrepreneurs and the businesses they build and grow has been a priority for Ernst & Young for more than two decades, and we are proud to continue this distinguished tradition through the Ernst & Young Entrepreneur Of The Year® — the most prestigious business award for entrepreneurs.

The Entrepreneur Of The Year award recognizes the men and women who excel at what they do — pioneers and innovators such as Michael Dell of Dell Inc.; Pierre Omidyar of eBay, Inc.; Herb Kelleher of Southwest Airlines; Jim McCann of 1-800-Flowers.com; Richard Caruso of Integra LifeSciences Corp.; and Isaac Larian of MGA Entertainment.

**Nationally Sponsored by**

KAUFFMAN
The Foundation of Entrepreneurship

**2008 program contacts**

Southeast Area
Darlene Pearson-Lowe
+1 404 817 5481

Alabama/Georgia/Tennessee
Taylor Van Acker
+1 404 817 5275

Carolinas
Amanda Dudley
+1 704 331 1925

Florida
Bev Eha
+1 813 225 4893

Watch the webcast of the Alabama / Georgia / Tennessee Entrepreneur Of The Year banquet

Exhibit 3
Page 200

Case 2:04-cv-09049-DOC-RNB   Document 4648-3   Filed 01/05/09   Page 4 of 50   Page ID #:133354

On 26 June at The Grand Hyatt Atlanta in Buckhead, we revealed the 2008 award recipients for the Alabama / Georgia / Tennessee region. If you missed the live webcast of the banquet, stay tuned for the archived version.

Ernst & Young refers to one or more of the member firms of Ernst & Young Global Limited (EYG), a UK private company limited by guarantee. EYG is the principal governance entity of the global Ernst & Young organization and does not provide any services to clients. Services are provided by EYG member firms. Each of EYG and its member firms is a separate legal entity and has no liability for another such entity's acts or omissions. Certain content on this site may have been prepared by one or more EYG member firms.

Exhibit 3
Page 201

Back to top

Global Home > US Home > Services > Strategic Growth Markets > Strategic Growth Forum > Entrepreneur Of The Year Awards

Print | Email A Friend

# Ernst & Young
# Entrepreneur Of The Year Awards

The culmination of the 2007 Strategic Growth Forum was a weekend celebration of entrepreneurship featuring the 21st annual Ernst & Young Entrepreneur Of The Year awards.

Isaac Larian, president and CEO of MGA Entertainment, was honored as the Ernst & Young Entrepreneur Of The Year® 2007 on Nov. 17. Larian was chosen from among 10 national Entrepreneur Of The Year category winners representing 26 U.S. regions. Larian's company is the creator and licensor of a number of popular toy brands, including the top-selling Bratz fashion dolls.

Ernst & Young refers to one or more of the member firms of Ernst & Young Global Limited (EYG), a UK private company limited by guarantee. EYG is the principal governance entity of the global Ernst & Young organization and does not provide any services to clients. Services are provided by EYG member firms. Each of EYG and its member firms is a separate legal entity and has no liability for another such entity's acts or omissions. Certain content on this site may have been prepared by one or more EYG member firms.

Exhibit 4
Page 202

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 90378)
2 | (johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13                Plaintiff, | Consolidated with Case No. CV 04-09059 |
| 14        v. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS RE CLAIMS OF UNFAIR |
| 16                Defendant. | COMPETITION TO MGA ENTERTAINMENT, INC. |
| 17 | |
| 18  AND CONSOLIDATED CASES. | |

21 |        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel,

22 | Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to these

23 | document requests ("Requests") and make available for inspection and copying

24 | originals of the following documents within 30 days of service at the offices of

25 | Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

26 | floor, Los Angeles, CA 90017. MGA shall be obligated to supplement responses to

27 | these requests at such times and to the extent required by Rule 26(e) of the Federal

28 | Rules of Civil Procedure.

Exhibit 5
Page 203

12-18

1   REQUEST FOR PRODUCTION NO. 155:

2          All DOCUMENTS RELATING TO the allegation in Paragraph 113 of

3   YOUR COMPLAINT that MATTEL has "willfully and maliciously used its power,

4   influence and intimidation to threaten certain retailers, suppliers, licensees,

5   distributors and manufacturers so as to limit, if not prevent, MGA from doing

6   business with these retailers, suppliers, licensees, distributors and manufacturers,

7   using its power and influence to intimidate and manipulate industry bodies."

8

9   REQUEST FOR PRODUCTION NO. 156:

10          All DOCUMENTS RELATING TO the allegation in Paragraph 113 of

11   YOUR COMPLAINT that MATTEL has "used its power and influence to attempt

12   to, if not actually, intimidate and threaten MGA's current and potential employees so

13   as to cause MGA competitive injury."

14

15   REQUEST FOR PRODUCTION NO. 157:

16          YOUR quarterly and annual profit and loss statements (both audited

17   and unaudited) for the years 2000 through the present, inclusive.

18

19   REQUEST FOR PRODUCTION NO. 158:

20          YOUR quarterly and annual financial statements (both audited and

21   unaudited) for the years 2000 through the present, inclusive.

22

23   REQUEST FOR PRODUCTION NO. 159:

24          YOUR annual reports for each of the years 2000 through the present,

25   inclusive.

26

27

28

Exhibit 5
Page 204

1  REQUEST FOR PRODUCTION NO. 166:

2         To the extent not produced in response to any other Request for

3  Production, all DOCUMENTS and tangible things upon which YOU intend to rely

4  upon in this action.

5

6  DATED:  December 18, 2006         QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
7

8                                    By_____
9                                       Timothy L. Alger
10                                      Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                     **PROOF OF SERVICE**

2          I am employed in the County of Los Angeles, State of California.  I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5 California 90026.

6          On December 18, 2006, I true copies of the following document(s) described

7 as:

8        **MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS**

9         **AND THINGS RE CLAIMS OF UNFAIR COMPETITION**

10               **TO MGA ENTERTAINMENT, INC.**

11 on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres, Esq.<br>O'Melveny & Myers<br>400 So. Hope Street<br>Los Angeles, CA  90071<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407 | Keith A. Jacoby, Esq.<br>Littler Mendelson<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA  90067-3107<br>Telephone: (310) 553-0308<br>Facsimile: (310) 553-5583 |

16

17     [√]    [PERSONAL] by personally delivering the document listed above to

18 the person(s) at the address(es) set forth above.

19

20      I declare that I am employed in the office of a member of the bar of this court

21 at whose direction the service was made

22

23     Executed on December 18, 2006 at Los Angeles, California.

24

25                               _David Quintana_

26                               David Quintana

27

28

Exhibit 5<br>Page 206<br>Case No. SACV 05-00953 JVS (ANx)<br>PROOF OF SERVICE

07209/2020338.1

1 │ Hon. Edward A. Infante (Ret.)
   │ JAMS
2 │ Two Embarcadero Center
   │ Suite 1500
3 │ San Francisco, California  94111
   │ Telephone:     (415) 774-2611
4 │ Facsimile:      (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                          EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                            JAMS Reference No.1100049530
12            Plaintiff,

13       v.                                 Consolidated with
                                            Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,   Case No. CV 05-2727

15            Defendant.                     **ORDER GRANTING IN PART AND
                                            DENYING IN PART MATTEL'S
16                                          MOTION TO COMPEL PRODUCTION
                                            OF DOCUMENTS BY MGA;
17                                          DENYING REQUEST FOR
    CONSOLIDATED WITH                       MONETARY SANCTIONS**
18  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
19  INC.

20

21                          I.  INTRODUCTION

22          On June 26, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production of

23  Documents by MGA Entertainment, Inc. ("MGA") and for Award of Monetary Sanctions.  Mattel

24  seeks an order compelling MGA "to produce documents responsive to Mattel's First Set of

25  Requests for Documents and Things Re Unfair Competition Claims, including, without limitation,

26  Request Nos. 1, 3-10, 12-13, 16-18, 19-20, 26-27, 29-30, 32-40, 42-43, 45, 48-52, 54-56, 58-60,

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

Exhibit 6
Page 207

1    65-119, 137-140, 157-161, 164 and 166," and for sanctions in the amount of $4,500, which

2    represents a portion of the costs incurred by Mattel in bringing this motion. Mattel's Motion at

3    p.1. On July 3, 2007, MGA submitted its opposition brief, and on July 9, 2007, Mattel submitted

4    a reply brief. The matter was heard via telephonic conference on August 13, 2007. Having

5    considered the motion papers and comments of counsel at the hearing, Mattel's motion to compel

6    is granted in part and denied in part, and the request for sanctions is denied.

7                         II. BACKGROUND

8       This consolidated action includes MGA's claims for unfair competition against Mattel.

9    Among other things, MGA alleges that Mattel has engaged in "serial copycatting" of MGA

10    products, packaging and advertising, including Bratz dolls and other Bratz products, Bratz

11    packaging and Bratz television commercials. MGA also alleges that Mattel engaged in improper

12    conduct in dealing with retailers, licensees, employees and industry organizations.

13       After MGA filed its claims against Mattel, Mattel sought and was granted leave to file

14    several counterclaims against MGA, including claims for copyright infringement, violation of

15    RICO, conspiracy to violate RICO, misappropriation of trade secrets and unfair competition.

16    Among other things, Mattel alleges that MGA has induced Mattel employees to steal Mattel's

17    trade secrets, confidential information and other property and take it with them to their new

18    employment with MGA. Mattel also alleges that Bryant conceived, created and developed Bratz

19    designs while he was employed by Mattel as a designer, that he concealed his Bratz work from

20    Mattel, and that he sold Bratz to MGA while he was a Mattel employee. Mattel alleges that it is

21    the rightful owner of the Bratz designs and that MGA is engaging in copyright infringement of

22    the Bratz designs.

23       On December 18, 2006, Mattel propounded its First Set of Requests for Production of

24    Documents and Things re Claims for Unfair Competition to MGA (the "Requests for

25    Production"). The Requests for Production consist of 166 requests seeking information that

26

27

28

1  Mattel contends is relevant primarily to MGA's claims for unfair competition and Mattel's

2  defenses thereto.

3       In the meantime, MGA served its initial disclosures related to its unfair competition

4  claims.  Mattel immediately filed a motion to compel MGA to provide complete initial

5  disclosures in compliance with Rule 26, Fed.R.Civ.P.  Although the initial disclosures were

6  wholly inadequate, the Discovery Master denied the motion to compel, reasoning that it would be

7  more efficient and orderly for the parties to proceed with Mattel's pending Requests for

8  Production.

9       MGA served its responses to Mattel's Requests for Production on January 17, 2007.

10  MGA objected and refused to produce documents responsive to approximately two-thirds of

11  Mattel's requests.  As to the remaining requests, MGA agreed to produce "relevant and non-

12  objectionable documents," subject to its General and Specific Objections.

13       Thereafter the parties met and conferred in person and exchanged a few letters.  On

14  February 9, 2007, counsel for MGA advised Mattel by letter that MGA, subject to its General and

15  Specific objections, agreed to produce all "relevant and non-objectionable documents" responsive

16  to Request Nos. 1-4, 11, 13-15, 18, 21-26, 28-29, 31-36, 44-51, 53, 61-64, 118, 120-137, 141-156,

17  162-163, 165 and 166.  Kidman Decl., Ex. 14.  As to Request Nos. 9, 10 and 12, MGA also

18  agreed to produce "documents sufficient to show the timing of, and relevant facts regarding"

19  certain specified products.  Id.  Counsel for MGA sent another letter on February 16, 2007,

20  advising Mattel that MGA would produce documents responsive to Request Nos. 29 and 30.

21  Bradley Decl., Ex. 1.  On May 21, 2007, MGA advised Mattel by letter that it agreed, in essence,

22  to withdraw its restriction to "relevant and non-objectionable documents" in its responses to the

23  Requests For Production.  Bradley Decl., Ex. 3.  On May 31, 2007, MGA served supplemental

24  responses to Mattel's Requests for Production, which no longer included the phrase "relevant and

25  non-objectionable."  Kidman Decl., Exs. 11 and 16.

26

27

28
   Exhibit 6
   Page 209

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1    In its opening brief, Mattel contends that MGA has improperly refused to produce
2    documents relating to:  the creation, origin, timing and ownership of the contested MGA products
3    and packaging, including the contested Bratz products and packaging (Request Nos. 5, 6-8, 16,
4    17, 19, 20, 38, 39, 48); MGA's alleged theft of Mattel's trade secrets and confidential information
5    by, among other things, targeting and recruiting current and former Mattel employees (Request
6    Nos. 42, 59, 60, 65-117, 138-140, 160, 161 and 164); damages (Request Nos. 27, 30 and 157-
7    159); facts MGA contends support its unfair competition claims (Request Nos. 45, 119 and 166).
8    Mattel contends that MGA has no legitimate basis for refusing to produce these categories of
9    documents because they are directly relevant to the claims and defenses in the case.  Mattel also
10    contends that MGA has improperly restricted the scope of its document production in response to
11    Request Nos. 1, 3, 4, 13, 18, 29, 49, 52 and 137.
12    MGA contends that Mattel's motion should be denied in its entirety for three reasons.
13    First, Mattel is seeking documents MGA already agreed to produce as a result of the meet and
14    confer process.  Second, Mattel is seeking documents that may be precluded by other motions
15    pending before the district court.  Third, Mattel is seeking documents that constitute an
16    unreasonable and overbroad fishing expedition.
17    As to the first point, MGA contends that it has already agreed to produce documents
18    responsive to Request Nos. 9, 10, 12, 26, 29, 30, 32-36, 45, 48-51, 118, 137, and 166.  Moreover,
19    MGA represents that it has produced more than 110,000 pages of documents, including
20    documents relating to the origin, infringement, design and tooling of Bratz and has also provided
21    Mattel with access to Bratz molds and sculpts.  MGA also represents that it is continuing to
22    search for and produce documents responsive to Mattel's requests on a rolling basis.
23    MGA also asserts that it "has revisited certain of Mattel's requests, and so as to avoid
24    further burdening the Court, MGA agrees to produce non-privileged documents in its possession,
25    custody or control, subject to its previously stated General and Specific Objections, that are
26
27
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 6
Page 210

1    responsive to the following sixteen requests: 5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and

2    157-159." MGA's Opposition at p. 3.

3          MGA also represents that it is prepared to produce documents responsive to Mattel's

4    Request Nos. 65-117 and 119 (which seek documents concerning MGA-Mexico and its

5    employees, and other topics relevant to Mattel's counterclaims) now that Judge Larson issued an

6    order denying MGA's motion to dismiss Mattel's trade secret claims.[1] MGA's Opposition at pp.

7    2 and 6.

8          As to the second point, MGA contends that Mattel's motion to compel is premature with

9    respect to Request Nos. 1, 3, 4, 13 and 18. MGA explains that these requests seek, among other

10   things, information pertaining to undisclosed and/or unreleased MGA products. The Discovery

11   Master issued an order compelling MGA to produce such documents in response to other Mattel

12   discovery requests. MGA appealed the Discovery Master's ruling, which was heard by Judge

13   Larson on July 2, 2007. MGA contends that it should not be required to produce documents

14   responsive to Request Nos. 1, 3, 4, 13 and 18 until Judge Larson issues a ruling.

15         For the remaining requests, however, MGA stands by its objections. More specifically,

16   MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160, 161 and 164 are grossly overbroad

17   and unduly burdensome.

18         In its reply brief, Mattel contends that MGA's belated offers to produce responsive

19   documents do not obviate the need for an order compelling production for several reasons. First,

20   Mattel contends that in many instances, MGA's purported agreements to produce responsive

21   documents are subject to major qualifications. For example, in response to Request Nos. 9, 10

22   and 12, MGA's meet and confer letter indicates that MGA has limited its production of

23   documents to only "documents sufficient to show the timing of, and relevant facts regarding"

24   certain products. Kidman Decl., Ex. 14. Second, Mattel points out that, in some instances, the

25

26   _____

27        [1] Judge Larson issued the order on June 27, 2007, a day after Mattel submitted its opening brief.

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

Exhibit 6
Page 211

1  representations in MGA's meet and confer letters conflict with MGA's subsequent May 31, 2007

2  supplemental responses. For example, even though MGA stated earlier in its two meet and confer

3  letters that it would produce documents responsive to Request Nos. 9, 10, 12, 26, 30, 32-36, 45,

4  48, 50, 51, 118 and 166, MGA's May 31, 2007 supplemental responses indicate that MGA

5  objects and refuses to produce documents responsive to these requests. Third, Mattel contends

6  that MGA has acknowledged its responsibility to produce documents responsive to Request Nos.

7  65-117 and 119 in view of Judge Larson's June 27, 2007 order denying MGA's motion to dismiss

8  Mattel's counterclaims, and yet, MGA has failed to do so. Fourth, Mattel points out that MGA's

9  opposition brief is internally inconsistent with respect to Request Nos. 55 and 56, stating both that

10  MGA agrees to produce documents responsive to the requests, and that MGA objects to the

11  requests as overbroad and burdensome. See MGA's Opposition at pp. 3 and 8.

12       Mattel also contends that Request Nos. 1, 3, 4, 13 and 18 are no longer premature because

13  on July 5, 2007, two days after MGA submitted its opposition brief, Judge Larson issued an order

14  upholding the Discovery Master's ruling with respect to undisclosed and/or unreleased MGA

15  products. Accordingly, Mattel requests an order compelling production of documents all

16  documents responsive to Request Nos. 1, 3, 4, 13 and 18 without any limitations, and overruling

17  any objections thereto.

18       With respect to the remaining requests to which MGA continues to object, Mattel reasserts

19  that the requests seek documents relevant to Mattel's trade secret counterclaims. Mattel also

20  contends that MGA has failed to establish that complying with the requests would impose an

21  undue burden.

22                         III. DISCUSSION

23       Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

24  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

25  party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

26  permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 6
Page 212

1   2004) ("District courts need not condone the use of discovery to engage in 'fishing

2   expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

3   (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

4   (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

5   the phrase "subject matter involved in the pending action," were intended to prevent discovery

6   that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

7   litigate the issues presented by the pleadings but to develop new claims or defenses.).

8        Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

9   extent of use of the discovery methods if the court determines that "(i) the discovery sought is

10  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

11  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

12  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

13  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

14  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

15  the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

16  26(b)(2).

17  **Request Nos. 1, 3, 4, 13 and 18**

18       Request No. 1 seeks "[a] sample of each of the CONTESTED MGA PRODUCTS,

19  together with each such product's packaging, instructions, promotional materials and other

20  associated packaging materials."  Request No. 3 seeks "[a] complete copy of each advertisement

21  or promotional statement prepared, produced, printed, broadcast, made available to anyone in any

22  manner via the Internet, or otherwise used or disseminated in any way in connection with the

23  CONTESTED MGA PRODUCTS."  Request No. 4 seeks "[a] complete copy of each

24  COMMUNICATION, advertisement, promotional statement that provides a basis for any claim

25  by [MGA] against MATTEL."  Request No. 13 seeks "[a]ll DOCUMENTS RELATING TO any

26  revision of any CONTESTED MGA PRODUCTS, including but not limited to any proposed

27

28

1  alternatives, modifications or changes (whether or not implemented) to such CONTESTED MGA

2  PRODUCTS." Request No. 18 seeks "[a]ll DOCUMENTS RELATING TO the marketing,

3  advertising, promotion, licensing, offering for sale or sale of the CONTESTED MGA

4  PRODUCTS, including but not limited to all marketing studies, marketing plans, sales plans,

5  sales forecasts, strategies, surveys and analyses and including but not limited to all catalogs,

6  advertisements, brochures, displays and Internet publications."

7      During the meet and confer process, MGA agreed to produce documents responsive to

8  Request Nos. 1, 3, 4, 13 and 18. Kidman Decl., Ex. 14. In its subsequent supplemental

9  responses, however, MGA responded that it would produce responsive documents "visible to the

10  consuming public at the point of purchase," "made available to the public," or "presented to the

11  consuming public." MGA's Supp. Response, Kidman Decl., Ex. 8 and 16.

12      Mattel contends that the requested documents and items are relevant to MGA's claim of

13  "serial copying," whether or not they are seen by the consuming public. Mattel also contends that

14  the documents it seeks are relevant to any claim by MGA of "post sale confusion." Furthermore,

15  Mattel argues that MGA's restrictions on discovery are unreasonable in light of MGA's own

16  claimed trade dress, which MGA alleges extends to the entirety of MGA's marketing techniques

17  and product appearance. Mattel also contends that Request No. 13 seeks documents that are

18  directly relevant to MGA's claim that Mattel systematically modified its products to increase their

19  similarity to MGA's products over time.

20      In its opposition brief, MGA does not attempt to refute any of Mattel's relevancy

21  arguments above, relying instead on its argument that these requests are premature until Judge

22  Larson issues a ruling. Judge Larson, however, issued an order on July 5, 2007. Accordingly, the

23  requests are no longer premature. The subject requests are relevant and not unduly burdensome.

24  MGA is ordered to produce all non-privileged documents that are responsive to Request Nos. 1,

25  3, 4, 13 and 18.

26  //

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 6
Page 214

1  **Request Nos. 5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159**

2          In its opposition brief, MGA agrees to produce documents responsive to Request Nos. "5-

3  8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159." MGA's Opposition at p. 3. Later in its

4  opposition brief, however, MGA contends that Request Nos. 55 and 56 are overbroad and

5  burdensome. See MGA's Opposition at pp. 3 and 8. Request No. 55 seeks production of "[a]ll

6  periodicals, whether they be magazines, newspapers, newsletters, or any other type of periodical,

7  that mention the CONTESTED MGA PRODUCTS that have been published since January 1,

8  1999." Request No. 56 seeks "[a]ll television or radio broadcasts or cablecasts that mention the

9  CONTESTED MGA PRODUCTS that have been disseminated since January 1, 1999." MGA

10  contends that these requests encompass, among other things, every single advertisement MGA

11  ever ran in connection with BRATZ or any of the other products at issue.

12          Mattel contends that Request Nos. 55 and 56 are designed to obtain documents that may

13  contain admissions relevant to various issues in the case, including admissions regarding the

14  origin and timing of the products at issue; the performance of the contested products or MGA as a

15  whole, which may undercut MGA's claims for damages; and statements that might reveal that

16  MGA had access to confidential Mattel information.

17          Although Request Nos. 55 and 56 encompass potentially relevant documents, they are

18  overbroad. They require MGA to produce every single advertisement MGA ever ran in

19  connection with all of the products at issue. The requests are not limited in any respect to the

20  subjects of interest to Mattel, i.e., the origin and timing of the products at issue. Furthermore,

21  Mattel has utilized other document requests and depositions to obtain the type of evidence it now

22  seeks.

23          Accordingly, Mattel's motion is granted as to Request Nos. 5-8, 16-17, 19-20, 27, 37-40,

24  43, 52, and 157-159 to ensure a deadline for production, and denied as to Request Nos. 55 and 56

25  pursuant to Rule 26(b)(2), Fed.R.Civ.P.

26  //

27

28

**Request Nos. 9, 10, 12**

Request Nos. 9, 10 and 12 call for "[a]ll DOCUMENTS RELATING TO the invention, creation, origin, conception, authorship, design, development, production, engineering, manufacture, distribution, sale and ownership of products and packaging" "that YOU contend provide a basis for any claim against MATTEL, whether or not such claim is in the COMPLAINT" (No. 9); "that YOU contend MATTEL copied or infringed" (No. 10); and related "COMMUNICATIONS" (No. 12). During the meet and confer process, MGA agreed to produce "documents sufficient to show the timing of, and relevant facts" regarding the following products on the following topics:

- "First generation 'Bratz'" line, including packaging – invention, creation, origin, conception, authorship, design, development, sale and ownership;
- "Bratz" "Wintertime Wonderland" line, including packaging – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Sportz" Cloe, including packaging – invention, creation, origin, conception, authorship and first sale;
- "Bratz" "Sun-Kissed Summer" line, including packaging and playset – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Formal Funk" line –invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Runway Disco," including packaging – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Funky Fashion Makeover Head," including packaging – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Petz," including packaging – invention, creation, origin, conception, authorship, and first sale;

1    • "4-Ever Best Friends," including packaging – invention, creation, origin, conception,

2    authorship, and first sale;

3    • "Mommy's Little Patient" – invention, creation, origin, conception, authorship, and first

4    sale;

5    • "AlienRacers," including logo – invention, creation, origin, conception, authorship, and

6    first sale; and

7    • "Bratz" "Diamondz" line – invention, creation, origin, conception, authorship, and first

8    sale.

9    Kidman Decl., Ex. 14.  In response to Request No. 9, MGA also agreed to produce documents

10   containing development, production and sales information for the product(s) affected by the hair

11   shortage allegedly caused by Mattel and "sufficient to show the timing of and relevant facts

12   regarding the shortage and its effect on MGA." Id.  Thereafter, MGA asserted objections to these

13   requests in its May 31, 2007 supplemental responses.  In opposition to Mattel's motion, however,

14   MGA restated that it would produce documents responsive to these requests consistent with its

15   prior meet and confer letter.  MGA's Opposition at p. 5.

16         Mattel contends that MGA's agreement to produce documents is insufficient because

17   MGA has limited its production to documents "sufficient to show."  MGA's opposition brief fails

18   to address Mattel's argument.  Instead, MGA merely asserts that it agreed to produce documents

19   responsive to Request Nos. 9, 10 and 12 during the meet and confer process, and therefore

20   Mattel's motion should be denied as moot.

21         Request Nos. 9, 10 and 12 clearly seek relevant information, and MGA has failed to

22   justify why its production should be limited to documents "sufficient to show."  Therefore,

23   Mattel's motion is granted as to Request Nos. 9, 10 and 12.

24   **Request Nos. 26, 29, 30, 32,-36, 45, 48-51, 118, 137 and 166**

25         In its two meet and confer letters MGA agreed to produce, subject to its General and

26   Specific Objections, documents responsive to Request Nos. 26, 29, 30, 32-36, 45, 48-51, 118, 137

27

28

1   and 166. Kidman Decl., Ex. 14. Mattel points out, however, that MGA's May 31, 2007

2   supplemental responses are inconsistent insofar as the responses indicate that MGA continues to

3   object to some of the requests or otherwise agrees to produce only a limited portion of documents

4   responsive to other requests. Mattel's Reply Brief at p. 7. Nevertheless, in its opposition brief,

5   MGA reaffirms its earlier agreement to produce all responsive documents, and states that it

6   considers Mattel's motion to be moot. See MGA's Opposition at pp. 5-6. Mattel's motion is

7   granted as to this category of requests.

8   **Request Nos. 65-117 and 119**

9       In its opposition brief, MGA agrees to produce documents responsive to Mattel's Request

10  Nos. 65-117 and 119 now that Judge Larson issued an order denying MGA's motion to dismiss

11  Mattel's trade secret claims. MGA's Opposition at pp. 2 and 6. Mattel's motion is granted as to

12  these requests.

13  **Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164**

14      MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164 are overbroad

15  and unduly burdensome. Mattel insists that they are not. More specifically, Mattel contends that

16  the requests seek documents regarding MGA's alleged theft of Mattel's trade secrets, and in

17  particular, the theft of trade secrets through targeting and hiring current and former Mattel

18  employees.

19      Request No. 42 seeks "[a]ll COMMUNICATIONS between [MGA] and any individual

20  while the individual was employed by MATTEL." Although the request may encompass relevant

21  documents, it is overbroad insofar as it requires production of all communications, regardless of

22  subject matter. Furthermore, the request is objectionable to the extent it seeks documents that are

23  equally available to Mattel. Therefore, Mattel's motion is denied as to Request No. 42 pursuant

24  to Rule 26(b)(2), Fed.R.Civ.P.

25      Request No. 54 seeks "[a]ll DOCUMENTS RELATING TO any COMMUNICATION by

26  [MGA] with any news organization regarding the CONTESTED MGA PRODUCTS or the

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 6
Page 218

1   CONTESTED MATTEL PRODUCTS." Once again, the request encompasses potentially

2   relevant documents, however it is overbroad, seeking all documents relating to any

3   communications by MGA with any news organization.  Furthermore, the request seeks documents

4   that are of relatively minimal relevance to the claims and defenses in the case.  Therefore,

5   Mattel's motion is denied as to Request No. 54 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

6         Request Nos. 58 seeks "[a]ll DOCUMENTS RELATING TO publicity by [MGA] or

7   about the CONTESTED MGA PRODUCTS since January 1, 1999, including but not limited to

8   advertising, media releases, and public relations material."  This request is also overbroad in that

9   it seeks all documents relating to publicity by MGA about its products at issue in the litigation.

10  Mattel's motion is therefore denied as to Request No. 58 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

11        Request No. 59, asks for "[a]ll DOCUMENTS RELATING TO any effort by [MGA] to

12  recruit employees or contractors since January 1, 1999, including but not limited to advertising,

13  media releases, brochures, articles, catalogs, handbooks, and public relations material."  The

14  request is overbroad insofar as it requires production of all documents relating to MGA's

15  recruiting, including for instance, recruiting from competitors other than Mattel.  Mattel's motion

16  is therefore denied as to Request No. 59 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

17        Request No. 60 seeks "[a]ll DOCUMENTS RELATING TO the hiring, engagement, or

18  retention by [MGA] of any former or current MATTEL employee or contractor since January 1,

19  1999, including but not limited to all employment agreements and agreements RELATING TO

20  confidentiality or the invention, authorship, or ownership of any concept or product."  Request

21  No. 138 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON RELATING TO

22  the departure from MATTEL of any current or former MATTEL employee or contractor."

23  Request No. 139 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON

24  RELATING TO the obligations to MATTEL, including the duty of confidentiality, of any current

25  or former MATTEL employee or contractor.  Request No. 140 seeks "[a]ll

26  COMMUNICATIONS between [MGA] and any current or former MATTEL employee or

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

Exhibit 6
Page 219

1  contractor RELATING TO the ownership of any idea, concept, design, or product.  Unlike the

2  previous requests, Request Nos. 60, 138, 139 and 140 are reasonably tailored to seek documents

3  central to Mattel's allegation that MGA stole its trade secrets through targeting and hiring current

4  and former Mattel employees.  MGA has not carried its burden of establishing that it would be

5  unduly burdensome to comply with these requests.  Accordingly, Mattel's motion is granted as to

6  Request Nos. 60, 138, 139 and 140.

7      Request No. 160 seeks "[a]ll DOCUMENTS received from MATTEL (whether directly

8  or indirectly) by [MGA] at any time since January 1, 1999." Request No. 161 seeks "[a]ll

9  DOCUMENTS that [MGA has] reason to believe were created by or originated from MATTEL,

10  other than MATTEL products that [MGA] purchased at retail."  Request No. 164 seeks "[a]ll

11  DOCUMENTS RELATING TO any COMMUNICATIONS with, or inquiry or investigation by,

12  any government entity RELATING TO the CONTESTED MGA PRODUCTS or the

13  CONTESTED MATTEL PRODUCTS."  These three requests are also reasonably tailored to seek

14  documents that could support Mattel's allegations of trade secret theft.  MGA has failed to

15  establish that it would be unduly burdensome to comply with these requests.  Mattel's motion is

16  granted as to Request Nos. 160, 161 and 164.

17                    IV. CONCLUSION

18      For the reasons set forth above, Mattel's motion is granted as to Request Nos. 1, 3-10, 12,

19  13, 16-20, 26, 27, 29, 30, 32-40, 43, 45, 48-52, 60, 65-117, 118, 119, 137-140, 157-161, 164 and

20  166, and denied as to Request Nos. 42, 54-56, 58, 59.  MGA shall produce, without limitation, all

21  non-privileged responsive documents in accordance with this Order no later than August 30,

22  2007.  Mattel's request for sanctions is denied.

23      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

24  Master, Mattel shall file this Order with the Clerk of Court forthwith.

25  Dated: August /3, 2007

                                    HON. EDWARD A. INFANTE (Ret.)
26                                         Discovery Master

27

28                                                            Exhibit 6
   Bryant v. Mattel, Inc.,                                    Page 220
   CV-04-09049 SGL (RNBx)

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 13, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA; DENYING REQUEST FOR MONETARY SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 13, 2007, at San Francisco, California.

_Sandra Chan_
Sandra Chan

Exhibit 6
Page 221

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |
| 13                Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| 14          vs. | **DISCOVERY MATTER** |
| 15  MATTEL, INC., a Delaware corporation, | **Hon. Edward A. Infante (Ret.) Discovery Master** |
| 16                Defendant. | [PROPOSED] ORDER REGARDING MATTEL, INC.'S MOTION TO |
| 17 | ENFORCE THE COURT'S ORDER OF MAY 15, 2007, TO (I) COMPEL |
| 18  AND CONSOLIDATED CASES | MGA TO PRODUCE COMPELLED DOCUMENTS (INCLUDING FEE |
| 19 | AND/OR INDEMNITY AGREEMENTS BETWEEN MGA |
| 20 | AND BRYANT), (II) ORDER THAT ANY PRIVILEGE OBJECTIONS |
| 21 | HAVE BEEN WAIVED, AND (III) IMPOSE SANCTIONS |
| 22 | |
| 23 | Date:   December 14, 2007 Time:   10:45 a.m. |
| 24 | Place:  JAMS |
| 25 | **Phase I:** |
| 26 | Discovery Cut-Off:   January 28, 2008 Pre-Trial Conference: May 5, 2008 |
| 27 | Trial Date:          May 27, 2008 |
| 28 | |

12-19

07209/2326426.1

Exhibit 7
Page 222

PROPOSED ORDER

**[PROPOSED] ORDER**

Mattel, Inc.'s Motion to Enforce the Court's Order of May 15, 2007 to (I) Compel MGA to Produce Compelled Documents (Including Fee and/or Indemnity Agreements Between MGA And Bryant), (II) Order That Any Privilege Objections Have Been Waived, and (III) Impose Sanctions (the "Motion") came on for hearing before me on December 14, 2007.  The matter having been fully briefed and argued, and good cause appearing, IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED IN PART AND DENIED IN PART.

2.    MGA Entertainment, Inc. ("MGA") shall produce all non-privileged documents responsive to Request Nos. 1, 2, 49 and 50 in Mattel's First Set of Requests for Production dated March 14, 2005, including documents relating to fee and/or indemnity agreements between Carter Bryant and MGA, as the Discovery Master previously ordered in his May 15, 2007 Order;

3.    MGA shall identify any and all documents withheld from its production pursuant to Paragraph 1 above as privileged on a privilege log.

4.    Mattel's request that the privilege be deemed waived is DENIED;

5.    MGA and/or its prior counsel of record shall pay Mattel monetary sanctions in the amount of $3,500; and

6.    The foregoing requirements shall be satisfied on or before December 31, 2007.

**IT IS SO ORDERED.**

DATED: _12-19-_, 2007

Hon. Edward A. Infante (Ret.)
Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on December 19, 2007, I served the attached:  (1)  ORDER RE MATTEL, INC.'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15, 2007 TO COMPEL MGA TO PRODUCE COMPELLED DOCUMENTS IN UNREDACTED FORM AND FOR ANCTIONS;  (2) ORDER RE MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED; and (3) ORDER REGARDING MATTEL, INC.'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15, 2007, TO (I) COMPEL MGA TO PRODUCE COMPELLED DOCUMENTS (INCLUDING FEE AND/OR INDEMNITY AGREEMENTS BETWEEN MGA AND BRYANT), (II) ORDER THAT ANY PRIVILEGE OBJECTIONS HAVE BEEN WAIVED, AND (III) IMPOSE SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on December 19, 2007, at San Francisco, California.

Sandra Chan

Exhibit 7
Page 224

CM/ECF - California Central District

Page 1 of 2

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc
(RNBx), AO279, DISCOVERY, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Proctor, Brett on 12/20/2007 at 11:01 AM PST and filed on 12/20/2007

| | |
|---|---|
| **Case Name:** | Carter Bryant v. Mattel Inc |
| **Case Number:** | 2:04-cv-9049 |
| **Filer:** | Mattel Inc |
| **Document Number:** | 1304 |

**Docket Text:**
Order Regarding Mattel, Inc.'s Motion to Enforce the Court's Order of May 15, 2007, to (I) Compel MGA to Produce Compelled Documents (Including Fee and/or Indemnity Agreements Between MGA and Bryant), (II) Order That Any Privilege Objections Have Been Waived, and (III) Impose Sanctions filed by Defendant Mattel Inc re: MOTION to Enforce[977] (Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Raoul D Kennedy    rkennedy@skadden.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

Exhibit 7
Page 225

John Elliot Trinidad    jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mwerdegar@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Michelle M Campana
Skadden Arps Slate Meagher & Flom LLP
4 Times Square
New York, NY 10036-6522

John W Keker
Keker & Van Nest
710 Sansome St
San Francisco, CA 94111-1704

Kenneth A Plevan
Skadden Arps Slate Meagher & Flom
4 Times Sq
New York, NY 10036-6522

John B Quinn
Quinn Emanuel Urquhart Oliver & Hedges
865 S Figueroa St, 10th Fl
Los Angeles, CA 90017-2543

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Order re Fee Agreements.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/20/2007] [FileNumber=5104226-0
] [6835a40c9ab0ec0f01534c75991f9b98a7e12e83d817f8d45c79399ed7b68292040
30c93d75a0ca88b39ca83e1f4a440b2b418d09448c41e9a4be89abff5e219]]



1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:   (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:   tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, California  94111-5974
7  Telephone:   (415) 984-6400
   Facsimile:   (415) 984-2698
8  Email:   rkennedy@skadden.com

9  Attorneys for MGA Entertainment, Inc.,
   MGA Entertainment (HK) Limited,
10 MGAE De Mexico, S.R.L. DE C.V., and
   Isaac Larian

11

12                UNITED STATES DISTRICT COURT

13                CENTRAL DISTRICT OF CALIFORNIA

                        EASTERN DIVISION
14

15 CARTER BRYANT, an individual          )   CASE NO. CV 04-9049 SGL (RNBx)

16            Plaintiff,                  )   Consolidated with Case No. 04-9059 and
                                          )   Case No. 05-2727
17      v.                               )
                                         )   **DISCOVERY MATTER**
18 MATTEL, INC., a Delaware              )
   corporation                           )   [To be heard by Discovery Master
19                                       )   Hon. Edward A. Infante (Ret.)]
              Defendant.                  )
20                                       )   ~~[PROPOSED]~~ ORDER RE
                                         )   MATTEL, INC.'S MOTION TO
21 Consolidated with MATTEL, INC. v.     )   ENFORCE THE COURT'S ORDER
   BRYANT and MGA                         )   OF MAY 15, 2007 TO COMPEL
22 ENTERTAINMENT, INC. v.                )   MGA TO PRODUCE COMPELLED
   MATTEL, INC.                           )   DOCUMENTS IN UNREDACTED
23                                       )   FORM AND FOR SANCTIONS

24

25

26

27

28                          12-19

Exhibit 8
Page 227

1         Mattel, Inc.'s Motion to Enforce the Court's Order of May 15, 2007 to Compel

2   MGA to Produce Compelled Documents in Un-Redacted Form, and for Sanctions

3   came on for hearing before me on December 14, 2007.  The matter having been fully

4   briefed and argued, and good cause appearing, IT IS HEREBY ORDERED THAT:

5         The motion is granted in part and denied in part.  The Court finds that MGA

6   violated the May 15 Order by producing documents containing information redacted

7   for reasons other than privilege, and that MGA's failure to comply with the May 15

8   Order was not justified.  MGA, or its prior counsel, is to pay Mattel monetary

9   sanctions in the amount of $3,500 on or before December 31, 2007.  The Court

10  further finds that MGA has now achieved substantial compliance with the May 15

11  Order's requirement that it produce its documents in unredacted form.  MGA's

12  proposal that when Mattel's counsel finds a redacted document, Mattel should so

13  inform MGA's counsel, who will then advise whether the redactions are proper

14  because they are based on a claim of privilege or, if they are not, promptly produce a

15  properly redacted copy of the document, is reasonable and shall be followed. The

16  motion is denied in all other respects.

17        IT IS SO ORDERED.

18

19  Dated: _19-2007_

20  _____ , 2007

21

22

23

24

25

26

27

28

Hon. Edward A. Infante (Ret.)
Discovery Master

1

[PROPOSED] ORDER RE MATTEL'S MOT. TO ENFORCE COURT'S ORDER OF MAY 15, 2007

202387.02-San Francisco Server 1A - MSW

Exhibit 8
Page 228

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on December 19, 2007, I served the attached: (1) ORDER RE MATTEL, INC.'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15, 2007 TO COMPEL MGA TO PRODUCE COMPELLED DOCUMENTS IN UNREDACTED FORM AND FOR ANCTIONS; (2) ORDER RE MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED; and (3) ORDER REGARDING MATTEL, INC.'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15, 2007, TO (I) COMPEL MGA TO PRODUCE COMPELLED DOCUMENTS (INCLUDING FEE AND/OR INDEMNITY AGREEMENTS BETWEEN MGA AND BRYANT), (II) ORDER THAT ANY PRIVILEGE OBJECTIONS HAVE BEEN WAIVED, AND (III) IMPOSE SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on December 19, 2007, at San Francisco, California.

Sandra Chan

Exhibit 8
Page 229

CM/ECF - California Central District

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc
(RNBx), AO279, DISCOVERY, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Proctor, Brett on 12/20/2007 at 11:10 AM PST and filed on
12/20/2007

| | |
|---|---|
| **Case Name:** | Carter Bryant v. Mattel Inc |
| **Case Number:** | 2:04-cv-9049 |
| **Filer:** | Mattel Inc |
| **Document Number:** | 1305 |

**Docket Text:**
Order re Mattel, Inc.'s Motion to Enforce The Court's Order of May 15, 2007 to Compel MGA to
Produce Compelled Documents in Unredacted Form and for Sanctions filed by Defendant Mattel Inc re:
MOTION to Enforce[959] (Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Raoul D Kennedy    rkennedy@skadden.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

Exhibit 8
Page 230

12/20/2007

CM/ECF - California Central District                                          Page 2 of 2

John Elliot Trinidad    jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mwerdegar@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Michelle M Campana
Skadden Arps Slate Meagher & Flom LLP
4 Times Square
New York, NY 10036-6522

John W Keker
Keker & Van Nest
710 Sansome St
San Francisco, CA 94111-1704

Kenneth A Plevan
Skadden Arps Slate Meagher & Flom
4 Times Sq
New York, NY 10036-6522

John B Quinn
Quinn Emanuel Urquhart Oliver & Hedges
865 S Figueroa St, 10th Fl
Los Angeles, CA 90017-2543

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Order re Unredacted Docs.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/20/2007] [FileNumber=5104315-0
] [444e85be9792de061772b1c5b0964b867512ad08ac6fbf34bf61f8a2db241dcff91
a2017407e0f6a656ea0290555abe2d245598f1e1bd8b52914ef92c8ee8766]]

Exhibit 8
Page 231
12/20/2007



1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:   tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, California  94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8  Email:   rkennedy@skadden.com

9  Attorneys for MGA Entertainment, Inc.,
   MGA Entertainment (HK) Limited,
10 MGAE De Mexico, S.R.L. DE C.V., and
   Isaac Larian

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                    EASTERN DIVISION

15 CARTER BRYANT, an individual        )  CASE NO. CV 04-9049 SGL (RNBx)
                                       )
16              Plaintiff,             )  Consolidated with Case No. 04-9059 and
                                       )  Case No. 05-2727
17      v.                             )
                                       )  DISCOVERY MATTER
18 MATTEL, INC., a Delaware            )
   corporation                        )  [To be heard by Discovery Master
19                                     )  Hon. Edward A. Infante (Ret.)]
                Defendant.             )
20 ─────────────────────────────────   )  [PROPOSED] ORDER RE
                                       )  MATTEL, INC.'S MOTION TO
21 Consolidated with MATTEL, INC. v.   )  COMPEL PRODUCTION OF
   BRYANT and MGA                      )  DOCUMENTS WITHHELD AS
22 ENTERTAINMENT, INC. v.              )  PRIVILEGED
   MATTEL, INC.                        )
23

24

25

26

27

28                     12-19

   [PROPOSED] ORDER RE MATTEL'S MOT. TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED

Exhibit 9
Page 232

1    Mattel, Inc.'s Motion to Compel Production of Documents Withheld as

2  Privileged came on for hearing before me on December 14, 2007.  The matter having

3  been fully briefed and argued, and good cause appearing, IT IS HEREBY

4  ORDERED THAT:

5    Mattel, Inc.'s Motion to Compel Production of Documents Withheld as

6  Privileged be and hereby is denied.  In the Discovery Master's May 15, 2007 Order,

7  MGA was originally ordered to produce documents and a privilege log no later than

8  May 31, 2007.  MGA appealed.  On July 2, 2007, Judge Larson extended MGA's

9  production date to July 31 and confirmed that MGA would have to provide a

10  privilege log.  That Order impliedly extended MGA's time to produce a privilege log

11  until July 31, 2007.  MGA did not produce a privilege log by the July 31 deadline,

12  and violated the May 15 Order in this regard.  However, MGA did produce privilege

13  logs on August 14, September 5 and November 15, 2007.  In light of all the factors,

14  including the period of delay, the number of documents involved, the magnitude of

15  the document production, and the other circumstances involved in this case, as well

16  as the factors identified in Burlington Northern R.R. Co. v. United States Dist. Court

17  for Dist. of Montana, Ninth Cir. 2005, 408 F.3d 1142, the Court finds that Mattel's

18  request for a wholesale waiver of the attorney-client privilege as to all of the

19  documents in question is denied.  Because Mattel did not seek any other sanctions in

20  its moving papers, the Discovery Master declines to impose them.  MGA voluntarily

21  withdrew its counter-motion.

22    IT IS SO ORDERED.

23

24

25  Dated: _12-19-_ 2007                    Hon. Edward A. Infante (Ret.)

26                                          Discovery Master

27

28

1

[PROPOSED] ORDER RE MATTEL'S MOT. TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED
202362.02-San Francisco Server 1A - MSW

Exhibit 9
Page 233

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on December 19, 2007, I
served the attached: (1) ORDER RE MATTEL, INC.'S MOTION TO ENFORCE THE COURT'S
ORDER OF MAY 15, 2007 TO COMPEL MGA TO PRODUCE COMPELLED DOCUMENTS IN
UNREDACTED FORM AND FOR ANCTIONS; (2) ORDER RE MATTEL, INC.'S MOTION TO
COMPEL PRODUCTION OF DOCUMENTS WITHHELD AS PRIVILEGED; and (3) ORDER
REGARDING MATTEL, INC.'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15,
2007, TO (I) COMPEL MGA TO PRODUCE COMPELLED DOCUMENTS (INCLUDING FEE
AND/OR INDEMNITY AGREEMENTS BETWEEN MGA AND BRYANT), (II) ORDER THAT
ANY PRIVILEGE OBJECTIONS HAVE BEEN WAIVED, AND (III) IMPOSE SANCTIONS in the
within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above
is true and correct.

Executed on December 19, 2007, at San Francisco, California.

Sandra Chan

Exhibit 9
Page 234

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc
(RNBx), AO279, DISCOVERY, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Proctor, Brett on 12/20/2007 at 11:16 AM PST and filed on 12/20/2007

**Case Name:**       Carter Bryant v. Mattel Inc
**Case Number:**     2:04-cv-9049
**Filer:**           Mattel Inc
**Document Number:** 1306

**Docket Text:**
Order Re Mattel, Inc.'s Motion to Compel Production of Documents Withheld as Privileged filed by Defendant Mattel Inc re: MOTION to Compel[766] (Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Raoul D Kennedy    rkennedy@skadden.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

John Elliot Trinidad    jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Exhibit 9
Page 235

CM/ECF - California Central District                                                          Page 2 of 2

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mwerdegar@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Michelle M Campana
Skadden Arps Slate Meagher & Flom LLP
4 Times Square
New York, NY 10036-6522

John W Keker
Keker & Van Nest
710 Sansome St
San Francisco, CA 94111-1704

Kenneth A Plevan
Skadden Arps Slate Meagher & Flom
4 Times Sq
New York, NY 10036-6522

John B Quinn
Quinn Emanuel Urquhart Oliver & Hedges
865 S Figueroa St, 10th Fl
Los Angeles, CA 90017-2543

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Order re Privileged Docs.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/20/2007] [FileNumber=5104371-0
] [765e9e895f55427f94df0b652ed4982b77e72e7f02302105cdd1ed3e77b65cc2afb
ebdf9022d6fa485fa1a021a2e8d73b590e9b11e104dce6cc6575b2dab78bc]]

Exhibit 9
Page 236
12/20/2007

Conformed
COPY

FILED

2007 AUG 15 PM 12: 15

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
EASTERN DIVISION

BY: ___

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California  94111
Telephone:   (415) 774-2611
Facsimile:    (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 16, 2007, TO COMPEL MGA TO PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO RULE 30(b)(6), AND GRANTING REQUEST FOR SANCTIONS** |

## I. INTRODUCTION

On June 29, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Enforce The Court's Order of May 16, 2007, To Compel MGA To Produce Witnesses For Deposition Pursuant To

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 10
Page 237

8115

1   Rule 30(b)(6), And For Sanctions."[1]  On July 9, 2007, MGA Entertainment, Inc. ("MGA")

2   submitted an opposition brief, and on July 12, 2007, Mattel submitted a reply brief.  The matter

3   was heard on August 13, 2007.  Although the scope of Mattel's motion was broader[2], during the

4   hearing, Mattel requested an order compelling MGA to designate and produce witnesses on Topic

5   Nos. 21, 25, 26, and 34 and imposing sanctions for MGA's alleged non-compliance with the May

6   16, 2007 Order, particularly with respect to Topic Nos. 25, 26, 34, 39, 40 and 41.  Having

7   considered the motion papers and the comments of counsel at the hearing, Mattel's motion is

8   granted in part.

## II. BACKGROUND

9

10      On May 16, 2007, the undersigned issued an order granting Mattel's Motion to Compel

11   MGA To Produce Witnesses Pursuant To Rule 30(b)(6) (hereinafter the "May 16, 2007 Order")

12   which provided, in pertinent part:

13      2.      MGA shall confirm its designees and the dates of the designees' availability for

14      deposition for all Topics except Topic Nos. 25 and 26 in Mattel's Notice of Deposition of

15      MGA Pursuant to Rule 30(b)(6) dated February 1, 2007 (the "Second Notice") on or

16      before May 22, 2007.

17      3.      MGA shall make its designees for all Topics in the Second Notice, except Topics

18      Nos. 25 and 26, available for deposition on or before June 30, 2007.

19      4.      The parties shall meet and confer regarding the timing of the depositions on Topic

20      Nos. 25 and 26 of the Second Notice.  Such depositions may take place after June 30,

21      2007.

22      5.      All of MGA's objections and/or limitations regarding the Topics in Mattel's Rule

23      30(b)(6) deposition notices are overruled.

24   _____

25      [1] Mattel seeks $3,000 in sanctions.

26      [2] In its opening brief, Mattel focused on Topic Nos. 25, 26, 34, 39, 40 and 41 and requested an order requiring MGA to designate and produce witnesses on all Topics in Mattel's Second Notice of Deposition of MGA. In its reply brief, Mattel requested an order requiring MGA to produce witnesses on Topic Nos. 11, 13, 14, 19, 21-28, 31, 34, 37 and 39-41.

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

2   Exhibit 10
    Page 238

1  Proctor Decl., Ex. 1. The parties later agreed to extend the May 22, 2007 deadline for designating

2  witnesses to May 29, 2007.

3  　　　　After the May 16, 2007 Order was issued MGA designated and offered dates for some

4  Rule 30(b)(6) witnesses. Mattel accepted the dates, however, in the first week of June MGA

5  canceled the depositions of three designees. On June 7 and again on June 15, 2007, Mattel

6  requested that MGA provide new dates for the three designees.

7  　　　　The parties met and conferred on June 22, 2007. MGA offered designees and deposition

8  dates for 14 of the outstanding Topics. Although all but one of the dates that MGA proposed

9  were after the June 30, 2007 deadline, Mattel accepted MGA's schedule. MGA did not, however,

10 identify or produce witnesses to testify on Topics 25, 26, 34 and 39-41, which are the subject of

   the instant motion. These Topics are set forth below.

11 　　　Topic 25: YOUR revenues and profits from BRATZ, including without limitation

12 　　　YOUR gross and net profits, and YOUR costs associated therewith.

13 　　　Topic 26: YOUR net worth.

14 　　　Topic 34: Other than those previously filed and served in this ACTION or in

15 　　　which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony,

16 　　　transcripts, declarations, affidavits and other sworn written statements of any

17 　　　other type by or from YOU or made on YOUR behalf that REFER OR RELATE

18 　　　TO BRATZ THAT REFER OR RELATE TO the time period prior to June 30,

19 　　　2001 (regardless of when such testimony or sworn statement was taken, given,

20 　　　signed, made or filed).

21 　　　Topic 39: The preservation, collection, destruction, removal, transfer, loss or

22 　　　impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in

23 　　　connection with the ACTION and/or any DOCUMENTS requested by MATTEL

24 　　　in the ACTION.

25 　　　Topic 40: The preservation, collection, destruction, removal, transfer, loss or

26 　　　impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since

27 　　　January 1, 1999 that REFER OR RELATE TO MATTEL (including without

28

1    limitation any MATTEL product, plan or information) that YOU received in any

2    manner from any PERSON who was at the time an employee of MATTEL or who

3    had previously been an employee of MATTEL.

4    Topic 41:  The testing of or sampling from DOCUMENTS that REFER OR

5    RELATE TO BRATZ or BRYANT, including without limitation such testing or

6    sampling in connection with any ink, paper or chemical analysis performed or

7    attempted to be performed to date, any DOCUMENTS that REFER OR RELATE

8    thereto and all results and reports relating thereto.

9    Mattel's Second Notice of Deposition, dated February 1, 2007, Proctor Decl., Ex. 6.  During the

10   hearing, Mattel also requested an order compelling MGA to designate a witness and schedule a

11   deposition on Topic No. 21, which seeks:

12   Topic No. 21:  YOUR knowledge of, and access to, non-public MATTEL DIVA

13   STARTZ project information and DESIGNS prior to June 30, 2001.

14   Mattel's Second Notice of Deposition, dated February 1, 2007, Proctor Decl., Ex. 6.

15   MGA indicated that Lisa Tonnu would "likely" be its designee on Topic Nos. 25 and 26,

16   but did not offer a date for her deposition because it was awaiting a ruling from Judge Larson

17   regarding the phasing of trials.  MGA also did not designate a witness on Topic Nos. 26, 34 and

18   41 because it was in the process of appealing the May 16, 2007 Order as it pertained to these

19   topics to Judge Larson.[3]  MGA similarly did not designate a witness on Topic No. 40 because it

20   was awaiting a ruling from Judge Larson on its pending motion to dismiss Mattel's counterclaims.

21   MGA's motion to dismiss was based, in part, on Mattel's purported failure to comply with

22   California Code of Civil Procedure §2019.210.  Apparently, MGA thought that the need for

23   discovery on Topic No. 40 might be obviated if it prevailed on its motion to dismiss.

24

25

26

27   [3]  MGA filed its Objection to the May 16, 2007 Order on May 31, 2007.

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4   Exhibit 10
Page 240

1     MGA also did not designate a witness on the entirety of Topic No. 39. Earlier in June

2  MGA produced Kenneth Lockhart to testify on Topic No. 39. At the deposition, however,

3  Lockhart testified that he had no knowledge regarding MGA's collection of non-electronic

4  documents, a subject within the scope of Topic No. 39. Mattel asked MGA to identify another

5  witness to testify regarding the collection of non-electronic documents. MGA apparently refused

6  to do so because it believed Mattel had agreed to limit Topic No. 39 to exclude that issue.

7     By the end of June 2007, MGA had made only two Rule 30(b)(6) witnesses available for

8  deposition pursuant to the May 16, 2007 Order: Kenneth Lockhart and Paula Garcia. Mattel's

9  Motion at p.3.[4]

10     On June 26, 2007, Judge Larson issued a Minute Order scheduling MGA's appeal of the

11  May 16, 2007 Order for hearing on July 2, 2007. On June 27, 2007, Judge Larson issued an order

12  denying MGA's motion to dismiss, and Mattel renewed its request that MGA produce a witness

13  to testify on Topic No. 40. The next day MGA responded that it intended to identify a designee

14  and dates for a deposition by the end of the week.

15     On June 29, 2007, Mattel filed the instant motion. On July 5, 2007, Judge Larson issued

16  an order affirming the May 16, 2007 Order. That same day MGA confirmed the date and its

17  designation of a witness on Topic Nos. 39 and 40. MGA also confirmed that it would produce

18  witnesses on Topic Nos. 34 and 41. On July 9, 2007, MGA provided designations and dates for

19  deposition for Topic Nos. 34 and 41.

20     In this motion, Mattel contends that MGA has refused to designate and/or to produce

21  witnesses on Topic Nos. 21, 25, 26, 34, 39, 40 and 41, even though the May 16, 2007 Order

22  required it to make all of its Rule 30(b)(6) witnesses (except on Topic Nos. 25 and 26) available

23  by the end of June. Mattel also contends that MGA has refused to meet and confer in good faith

24

25

---

[4] A third deposition was scheduled for June, however, it did not take place. According to Mattel, MGA

26  unilaterally cancelled the deposition the day before it was scheduled to commence. Mattel Motion at p.4. According

27  to MGA, Mattel agreed to defer the deposition.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1 | to schedule the deposition of witnesses on Topic Nos. 25 and 26, in violation of the May 16, 2007

2 | Order. Lastly, Mattel contends that MGA's stated justifications for refusing to comply with the

3 | May 16, 2007 Order all lack merit.

4 |      MGA contends that Mattel's motion is premature and unnecessary, and is now moot.

5 | MGA explains that after the June 22, 2007 meet and confer, there were only four topics open:

6 | "one of which (40) was subject to a ruling anticipated to be coming from Judge Larson any day

7 | and which was received before Mattel's motion was filed; two of which (34 and 41) were the

8 | express subject of an appeal pending before Judge Larson; and the last was simply the result of an

9 | honest disagreement between the parties as to the actual intended scope of the topic (39)."

10 | MGA's Opposition at p.2. MGA denies ever refusing to provide witnesses on these topics, and

11 | instead, asserts that it was entitled to receive Judge Larson's rulings before scheduling

12 | depositions. MGA further contends that it identified witnesses and deposition dates soon after

13 | Judge Larson issued his orders.

14 | <div align="center">III. DISCUSSION</div>

15 | **Topic Nos. 25 and 26**

16 |      The May 16, 2007 Order required the parties to meet and confer "regarding the timing of

17 | the depositions on Topic Nos. 25 and 26." Proctor Decl., Ex. 1. During the June 22, 2007 meet

18 | and confer session, MGA indicated that it was likely to designate Lisa Tonnu for these topics;

19 | however, it did not offer a date for the deposition because it was awaiting Judge Larson's ruling

20 | on the phasing of trials.

21 |      Mattel contends that MGA's purported justification for failing to schedule the depositions

22 | is without merit because discovery in this case has not been phased. Further, Mattel contends that

23 | depositions on these two topics cannot be delayed any longer because under the current schedule,

24 | expert reports are due in late August.

25 |      MGA contends that it fulfilled its meet and confer obligations regarding Topic Nos. 25

26 | and 26 and took the position that the depositions shouldn't be scheduled until Judge Larson issued

27 | a ruling on the phasing of trials.

28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

Exhibit 10
Page 242

1    MGA is not technically in violation of the May 16, 2007 Order with respect to Topic Nos.

2    25 and 26 because it fulfilled its obligation to meet and confer regarding the timing of the

3    depositions. Therefore, Mattel's motion to enforce the May 16, 2007 Order and request for

4    sanctions are denied as to Topic Nos. 25 and 26. Nevertheless, MGA's purported justification for

5    delaying scheduling depositions on Topic Nos. 25 and 26 is no longer valid in light of Judge

6    Larson's ruling on the phasing of trials and Mattel is entitled to a date certain for the depositions.

7    **Topic No. 39**

8    The May 16, 2007 Order required MGA to designate a witness on Topic No. 39 by May

9    22, 2007, and to produce its designee for deposition by June 30, 2007. MGA met these deadlines

10    by designating Kenneth Lockhart on Topic No. 39 and producing him for deposition on June 14

11    and 15, 2007. Mr. Lockhart, however, was unable to testify regarding the collection of non-

12    electronic documents. During the parties' subsequent meet and confer, MGA acknowledged that

13    Mr. Lockhart was not proffered regarding the collection of non-electronic documents, but claimed

     that Mattel had previously agreed to limit Topic No. 39 to electronic documents.

14    Mattel denies ever agreeing to so limit Topic No. 39 and contends that "it is preposterous

15    to think that Mattel would agree to such a limitation." Mattel's Motion at p.10. Mattel points out

16    that the Topic clearly encompasses both electronic and non-electronic documents, and that the

17    May 16, 2007 Order compels MGA to produce a witness on the Topic as written.

18    In contrast, MGA contends that it designated Mr. Lockhart, Chief Information Officer, on

19    Topic No. 39 "based on its good faith belief that the topic was intended to cover the retention of

20    electronic documents and other 'digital information.'" MGA's Opposition at p.6. Nevertheless,

21    on July 5, 2007, MGA designated Lisa Tonnu to testify on Topic No. 39 and indicated that she

22    was available on July 19, 2007.

23    MGA is in substantial compliance with the May 16, 2007 Order, having produced Mr.

24    Lockhart by the June 30th deadline and by offering Lisa Tonnu to testify regarding the remainder

25    of Topic No. 39 after the apparent misunderstanding came to light. Therefore, Mattel's motion to

26    enforce the May 16, 2007 Order is denied with respect to Topic No. 39.

27    //

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7    Exhibit 10
     Page 243

**Topic No. 40**

The May 16, 2007 Order required MGA to designate a witness on Topic No. 40 by May 22, 2007, and to make the witness available for deposition no later than June 30, 2007. At the June 22, 2007 meet and confer session, MGA did not designate or produce a witness on Topic No. 40 because it was awaiting the resolution of its motion to dismiss. On June 27, 2007, Judge Larson denied MGA's motion to dismiss and held that Mattel had already complied with §2019.210. The next day MGA notified Mattel that it would identify a witness on Topic No. 40 and potential dates for deposition by the end of the week. On July 5, 2007, MGA confirmed that Lisa Tonnu would testify on Topic No. 40 and would be available for deposition on July 19, 2007.

Mattel contends that MGA violated the May 16, 2007 without any legitimate basis because Topic No. 40 was not the subject of any appeal. In contrast, MGA contends that it completed its designation and provided available dates promptly after Judge Larson issued his order.

MGA clearly violated the May 16, 2007 by failing to identify a witness to testify on Topic No. 40 and to make the witness available for deposition by June 30th. MGA's non-compliance was willful and inexcusable. MGA could have but failed to request any extension of time to designate and produce a witness on Topic No. 40. MGA has not cited any precedent that excuses a litigant from complying with deadlines imposed by a discovery order, without leave of court, simply because the claim to which the discovery is directed is the subject of a pending motion to dismiss. Mattel's motion is granted as to Topic No. 40 and sanctions are warranted pursuant to Rule 37(b)(2), Fed.R.Civ.P.

**Topic Nos. 34 and 41**

The May 16, 2007 Order required MGA to designate a witness on Topic Nos. 34 and 41 by May 22, 2007 and to produce its designee(s) for deposition by June 30, 2007. At the June 22, 2007 meet and confer session, MGA did not offer any designees or deposition dates for Topic Nos. 34 and 41 because it was in the process of appealing the May 16, 2007 Order to Judge Larson with respect to these topics.

On May 31, 2007, MGA appealed the May 16, 2007 Order compelling it to produce designees on Topic Nos. 34 and 41.[5]  MGA sought a stay of the May 16, 2007 Order as to these Topics pending appeal.  On June 21, 2007, the Discovery Master denied the requested stay.  On June 22, 2007, MGA filed an "emergency *ex parte*" application with Judge Larson seeking review of the June 21, 2007 Order denying the requested stay.  On June 26, 2007, Judge Larson issued a Minute Order scheduling MGA's appeal of the May 16, 2007 Order for hearing on July 2, 2007.  A few days after the hearing, Judge Larson issued an order upholding the May 16, 2007 Order.  That same day MGA confirmed that it would produce witnesses on Topic Nos. 34 and 41.  On July 9, 2007, MGA identified Renato Dionisio to testify on Topic No. 34 and indicated that the witness was available on any one of the following days: August 21-23 or 28-30.  MGA identified Lisa Tonnu to testify on Topic No. 41 and indicated that she was available to testify on July 19.

Mattel contends that MGA willfully failed to comply with the May 16, 2007 Order, even after its request for a stay was denied.  MGA contends that the instant motion was unnecessary and a waste of judicial resources because Mattel knew before it filed the motion that Judge Larson had moved up the hearing on MGA's appeals and a ruling would be forthcoming.

MGA violated the May 16, 2007 Order by failing to designate and produce a witness to testify on Topic Nos. 34 and 41 by the June 30th deadline.  The violation was particularly egregious because MGA's request for a stay was denied on June 21, 2007, which still left a few days for MGA to at least designate a witness and propose dates for a deposition, even if the deposition was scheduled beyond the June 30th deadline.  Instead, MGA chose to persist in its refusal to comply with the May 16, 2007 Order and gambled that Judge Larson would grant it "emergency" *ex parte* relief.  MGA's clear and flagrant violation of a court order warrants sanctions under Rule 37(b)(2), Fed.R.Civ.P.

## IV. CONCLUSION

For the reasons set forth above, Mattel's motion is granted in part and denied in part.  To the extent MGA has not already done so, MGA shall promptly confirm its designees on Topic

---

[5]  MGA also appealed the May 16, 2007 Order with respect to Topic No. 26.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

Exhibit 10
Page 245

1    Nos. 21, 25, 26 and 34 by August 22, 2007, and make them available for deposition no later than

2    September 27, 2007.

3          Mattel's request for sanctions is granted based upon MGA's willful violation of the May

4    16, 2007 Order by failing to identify witnesses and dates for deposition for Topic Nos. 34, 40 and

5    41 by the designated deadlines.  MGA shall reimburse Mattel in the amount of $1,000 in

6    monetary sanctions pursuant to Rule 37(b)(2), Fed.R.Civ.P., no later than August 22, 2007.

7          Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

8    Master, Mattel shall file this Order with the Clerk of Court forthwith.

9

10    Dated: August /4, 2007

                                      HON. EDWARD A. INFANTE (Ret.)

11                                    Discovery Master

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 14, 2007, I served the attached ORDER GRANTING IN PART MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 16, 2007, TO COMPEL MGA TO PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO RULE 30(b)(6), AND GRANTING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 14, 2007, at San Francisco, California.

_Sandra Chan_
Sandra Chan

Exhibit 10
Page 247