THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600
Attorneys for The MGA Parties

JOHN B. QUINN (Bar No. 090378)
(johnquinn@quinnemanuel.com)
MICHAEL T. ZELLER (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
JON D. COREY (Bar No. 185066)
(joncorey@quinnemanuel.com)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Attorneys for Mattel, Inc.

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>  Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>STIPULATION REGARDING 2009 BRATZ PRODUCTS |

# STIPULATION

WHEREAS, on December 3, 2008, this Court issued an Order Finding in Favor of Mattel as to MGA's Affirmative Defenses, Granting Mattel's Motion for Declaratory Judgment, Granting Mattel's Motion for Constructive Trust and Injunctive Relief, and Granting Mattel's Motion for Permanent Injunction (Dkt 4439); an Order Granting Mattel, Inc.'s Motion for Permanent Injunction (Dkt 4443); an Order Granting Mattel, Inc.'s Motion for Declaratory Judgment (Dkt 4442); and an Order Granting Mattel, Inc.'s Motion for Constructive Trust and For Finding Liability and Injunctive Relief Pursuant to Cal. Bus. & Prof. Code § 17200 (Dkt 4441);

WHEREAS, at the January 5, 2009 hearing, in connection with the Court's consideration of a potential modification of the current stay as to the December 3, 2008 Orders in order to preserve the status quo pending the resolution of post-trial motions, which are currently scheduled for hearing on February 11, 2009, the Court requested a stipulation regarding which 2009 Bratz products will be enjoined by and subject to the Court's December 3, 2008 Orders, should they become effective; and

WHEREAS, MGA has not provided or shown its Spring or Fall 2009 Bratz dolls or products to Mattel's counsel and therefore Mattel is relying entirely on MGA's representations as to the stipulation herein;

NOW, THEREFORE, the MGA Parties and (based on MGA's representations) Mattel stipulate that:

1.  All products under the current MGA 2009 Bratz line fall within the scope and terms of the Court's four orders issued on December 3, 2008;

2.  Without limiting the generality of the foregoing, all 2009 female core Bratz fashion dolls (which MGA represents are scheduled for release in both Spring and Fall 2009) fall within the scope and terms of the December 3, 2008 Order

Granting Mattel's Motion for Permanent Injunction and, should that Order become effective, will be barred from manufacture, distribution, marketing and sale by that Order and will be fully subject to that Order, including as to the Order's recall provisions; and

3. MGA is hereinafter estopped from denying in any future proceeding that its 2009 female core Bratz fashion dolls (which MGA represents are scheduled for release in both Spring and Fall 2009) fall within the scope and terms of the December 3, 2008 Order Granting Mattel's Motion for Permanent Injunction and, should that Order become effective, will be barred from manufacture, distribution, marketing and sale by that Order and will be fully subject to that Order, including as to the Order's recall provisions. Nothing in this stipulation estops MGA from asserting any claimed rights to the alleged trademarks in the names Yasmin, Sasha and Cloe, and nothing in this stipulation prevents Mattel from disputing or challenging on any basis or ground or for any reason any such claimed rights or that any trademark or other valid rights inhere in or have been acquired in such names or from taking any other position with respect to such names or any other matter.

IT IS SO STIPULATED.

DATED: January 7, 2009    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   /s/ Thomas J. Nolan
Thomas J. Nolan
Attorneys for the MGA Parties

DATED: January 7, 2009    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By:   /s/ authorized for signature
B. Dylan Proctor
Attorneys for Mattel, Inc.