1 | THOMAS J. NOLAN (Bar No. 66992)
2 | (tnolan@skadden.com)
  | RAOUL D. KENNEDY (Bar No. 40892)
3 | (rkennedy@skadden.com)
  | JASON D. RUSSELL (Bar No. 169219)
4 | (jrussell@skadden.com)
  | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
5 | 300 South Grand Avenue, Suite 3400
  | Los Angeles, CA  90071-3144
6 | Tel.: (213) 687-5000
7 | Fax: (213) 687-5600
  | Attorneys for The MGA Parties
8 |
  | JOHN B. QUINN (Bar No. 090378)
9 | (johnquinn@quinnemanuel.com)
  | MICHAEL T. ZELLER (Bar No. 196417)
10 | (michaelzeller@quinnemanuel.com)
11 | JON D. COREY (Bar No. 185066)
   | (joncorey@quinnemanuel.com)
12 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
13 | 865 South Figueroa Street, 10th Floor
   | Los Angeles, California 90017-2543
14 | Telephone:  (213) 443-3000
   | Facsimile:   (213) 443-3100
15 | Attorneys for Mattel, Inc.

16 |                   UNITED STATED DISTRICT COURT
17 |                   CENTRAL DISTRICT OF CALIFORNIA
18 |                           EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | Honorable Stephen G. Larson |
| MATTEL, INC., a Delaware corporation, | [PROPOSED] ORDER ON THE PARTIES' STIPULATION REGARDING 2009 BRATZ PRODUCTS |
| Defendant. | |
| AND CONSOLIDATED ACTIONS. | |

Based on the stipulation of the parties, and good cause appearing therefor, it is hereby ORDERED that:

1. All products under the current MGA 2009 Bratz line fall within the scope and terms of the Court's four orders issued on December 3, 2008;

2. Without limiting the generality of the foregoing, all 2009 female core Bratz fashion dolls (which MGA represents are scheduled for release in both Spring and Fall 2009) fall within the scope and terms of the December 3, 2008 Order Granting Mattel's Motion for Permanent Injunction and, should that Order become effective, will be barred from manufacture, distribution, marketing and sale by that Order and will be fully subject to that Order, including as to the Order's recall provisions; and

3. MGA is hereinafter estopped from denying in any future proceeding that its 2009 female core Bratz fashion dolls (which MGA represents are scheduled for release in both Spring and Fall 2009) fall within the scope and terms of the December 3, 2008 Order Granting Mattel's Motion for Permanent Injunction and, should that Order become effective, will be barred from manufacture, distribution, marketing and sale by that Order and will be fully subject to that Order, including as to the Order's recall provisions.  Nothing in the Parties' stipulation estops MGA from asserting any claimed rights to the alleged trademarks in the names Yasmin, Sasha and Cloe, and nothing in that stipulation prevents Mattel from disputing or challenging on any basis or ground or for any reason any such claimed rights or that any trademark or other valid rights inhere in or have been acquired in such names or from taking any other position with respect to such names or any other matter.

**IT IS SO ORDERED**.

DATED: _____

                                               Hon. Stephen G. Larson
                                               United States District Court Judge