QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No.   CV 04-09059<br>Case No.   CV 05-2727<br><br>**RESPONSE AND OBJECTION OF MATTEL, INC. TO THE REQUEST FOR APPROVAL OF SUBSTITUTION OF COUNSEL** |

Mattel, Inc. ("Mattel") hereby submits this response and objection to the Request for Approval of Substitution of Counsel ("Request") filed by MGA Entertainment, Inc.; Isaac Larian; MGA Entertainment (HK) Limited; and MGAE de Mexico, S.R.L. de C.V ("MGA") on January 9, 2009.

Mattel has no objection to MGA's associating in counsel in addition to Skadden, so long as it does not occasion delay in this case, including of Phase 2 discovery. Nor does Mattel object to an *actual* substitution of the Glaser Weil and Mitchell Silberberg firms for Skadden, again so long as no delay is caused. Mattel, however, does object to the Request that MGA makes here -- which asks that the Court to "so order" MGA's decision as to how to allocate responsibility and agency authority among its counsel. It is not something that the Court should approve, especially in the bare-bones manner offered by MGA. Such a request appears to be unprecedented, is certainly not a "substitution" in any recognizable sense and threatens to create severe practical problems in this already complex litigation.

## I. THE PURPORTED SUBSTITUTION IS IMPROPER AND THREATENS CONFUSION, ABUSE AND PREJUDICE

The Request is not for approval of substitution of counsel, but a request for the Court's blessing of a division of labor. It is inappropriate for the Court to pass judgment -- and to then bind Mattel and all other parties -- on what is essentially an internal decision by MGA as to how it chooses to allocate responsibilities among its numerous counsel. Yet, that is exactly what MGA asks the Court to do with its Request. This is both impermissible under the law and threatens confusion, delay and substantial prejudice to the Court, the Discovery Master and Mattel.

As the Local Rules use the term, substitution of counsel means "withdrawal." Local Rule 83-2.9.2 (prohibiting substitution of attorney without application for leave to withdraw as counsel upon written notice). "Substitution" or "withdrawal" is the complete severance between counsel and case for purposes of the Court's proceedings. See Santalucia v. Sebright Transp., Inc., 2000 WL 154727, at *3

(N.D.N.Y. 2000) ("[W]hether initiated by the client or the attorney, a discharge, substitution, or withdrawal results in the same end: termination of the representation, that is, the complete severance of the attorney-client relationship.") (vacated on other grounds); see also 11 Witkin, Summary of California Law, Ch. XV, § 9 (substitution completely terminates the original attorney's relationship with the client) (citing In re Marriage of Borson, 37 Cal. App. 3d 632, 637 (Cal. App. 1974)).  After a substitution is permitted, counsel is no longer an agent of the client with authority to act for the client.  See Civ. Proc. Code § 283 (outlining scope of agency in attorney-client relationship).

MGA asks for an order that would purportedly absolve the Skadden firm of all responsibility for Phase 2 of the case, while the same firm evidently retains sole responsibility for Phase 1.  Conversely, MGA asks that Glaser Weil and Mitchell Silberberg have no responsibility for Phase 1 of the case, but only Phase 2.  Thus, what MGA seeks is not the Court's approval for a substitution of counsel, since no firm is withdrawing from the case.  Nor is any firm even joining the case for all purposes.  Instead, MGA requests an order that divides up and limits the agency and responsibilities of various firms acting as MGA's counsel in this litigation.[1]  MGA

---

[1] Although MGA purports to appropriate the Phase 1 and Phase 2 nomenclature as its standard for the division of responsibilities -- and the scope of agency -- for each firm, this litigation is, in fact, one consolidated action, and the phasing distinction is not a self-executing one when it comes to law firm agency in this case.  In fact, the Phase 1 and Phase 2 distinction previously used by the Court and the parties has nothing to do with such a purpose and certainly was not designed to divvy up law firm responsibilities or the ability of a firm to bind MGA in this litigation.  As this Court recognized before, some issues in this case have related to both Phases.  See, e.g., October 31, 2007 Minute Order Regarding Status Conference at 2 (denying request of MGA to stay or separate Phase 2 discovery).  Furthermore, not all issues plainly fall into either bucket, at least as MGA is evidently using the terms.  To cite one recent, on-going example, MGA's proclamation that Skadden Arps will retain responsibility for "all remaining Phase 1 proceedings," including the December 3
  (footnote continued)

cites no authority supporting any request of this type to a Court.  To the contrary, MGA's Request conflicts with the <u>Rules</u> governing substitution as shown above and runs counter to substitution's purpose of transferring responsibility and authority for litigation from one firm to another in a clear, unquestionable manner.

But MGA's request is not only unprecedented and legally improper.  The line drawing that MGA asks be imposed by Court order will create significant practical problems for the Court, the Discovery Master and Mattel.  The parsing that MGA seeks here will mean, literally, that at least three firms would all have Court-sanctioned limitations -- and inherently ambiguous ones -- on their ability to act as an agent for MGA in this litigation.  This in turn means that MGA or its counsel would be potentially free to disavow any statements or arguments made by one set of its counsel to the Court, the Discovery Master or to Mattel, or to claim that service copies of particular papers or even a simple letter inquiry was not sent the right counsel and therefore could be disregarded by MGA.  The prospects of such finger-pointing among MGA's counsel and tactical abuse by MGA threatens delay, confusion, obstructionism and needless waste, at a bare minimum.  It also threatens potential arguments by MGA that a firm had no authority to speak on its behalf on a particular topic -- and all but invites MGA to disavow *post hoc* the actions or statements of a particular firm as it may suit MGA's litigation whims given the malleability of the purported divisions of law firm responsibility.

---

Orders and the motions to be heard on February 11, 2009, does not answer which of MGA's firms would be authorized to speak in a binding manner for MGA with respect to the January 6 order naming Mr. Durkin as a Court-appointed forensic auditor.  To cite another example, MGA's supposed division of labor does not address which firm would have authority to act in connection with settlement discussions, which of course involve all matters in this litigation, not just one Phase.  Many more examples could be given.

Mattel therefore objects to the Request and asks that the Court deny it on grounds that allocation of responsibility among firms is not legally permissible or proper substitution of counsel and is not supported by good cause, especially when weighed against the difficulties that MGA's Request threatens.

## II. SUBSTITUTION SHOULD BE CONDITIONED ON NO FURTHER DELAY BY MGA

Separately, if the Court decides to grant any substitution, it should be only on the condition that no further delay of this case, including Phase 2 discovery, occur as a result.  Where substitution would lead to delay, it should be denied.  "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion."  Local Rule 83-2.9.2.4.

Absent from MGA's Request is any representation that the "substitution" will not cause delay or that ostensibly new counsel will not seek a stay of these proceedings.  Nor does MGA offer any "good cause" that could justify any additional delay, undoubtedly because there is none.  Phase 1 trial has been over for more than four months now.  Phase 2 discovery was stayed for over eleven months (since February 4, 2008).  MGA has had months for counsel other than Skadden Arps to obtain the record and prepare to proceed.  Indeed, the Glaser Weil firm previously represented MGA in this case for years and withdrew from its representation of MGA less than four months before Phase 2 discovery was stayed.  Even after that time, and through today, Glaser Weil remained involved in this case as counsel for Farhad Larian, who testified at trial.

/ / /
/ / /
/ / /
/ / /
/ / /

1  MGA offers no basis for any delay here, and none should be permitted in the
2  event that any substitution is granted.

3  DATED: January 11, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

   By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

00505.07209/2757042.1

-5-
RESPONSE AND OBJECTION TO THE REQUEST FOR APPROVAL OF SUBSTITUTION OF COUNSEL