UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC.,<br><br>PLAINTIFF(S),<br>v.<br>MGA ENTERTAINMENT, INC.,<br><br>DEFENDANT(S), | CASE NUMBER<br>2:04-CV-09049 SGL<br><br>NOTICE OF CLERICAL ERROR |

TO:  U. S. District Judge(s)
  U. S. Magistrate Judge(s)
  Counsel of Record

You are hereby notified that due to a clerical error ☐ documents associated with the filing of the new action ☐ the following scanned document ☑ docket entry have/has been corrected as indicated below.

Title of Scanned Document: __Minute Order__

Filed Date: __1/12/09__          Document Number: __Docket 4681__

☐ Incorrect case number _____ was assigned to this ☐ action ☐ document.

☐ Case number has been corrected. The correct case number is _____

☐ Incorrect judge's initials were indicated on this ☐ action ☐ document. The correct judge's initials are _____

☐ Incorrect magistrate judge's initials were indicated on this ☐ action ☐ document. The correct magistrate judge's initials are _____.

☐ Case has been reassigned from ☐ Judge ☐ Magistrate Judge _____ to
  ☐ Judge ☐ Magistrate Judge _____. The initials of the new judge(s) are _____

☐ Case was assigned to ☐ Western ☐ Southern ☐ Eastern division. Pursuant to General Order ☐ 349, ☐ 98-3 ☐ 02-06, the case has been reassigned to the ☐ Western ☐ Southern ☐ Eastern division. The former case number _____ has been reassigned to new case number _____

☐ Subsequent documents must be filed at the ☐ Western ☐ Southern ☐ Eastern division. Failure to file at the proper location will result in your documents being returned to you.

☐ Case title is corrected from _____ to _____

☐ Document has been re-numbered as document number _____

☐ Incorrect ☐ Filed Date ☐ Date of Document ☐ ENTERED Date ☐ DATE ENTERED ON CM/ICMS was stamped on document. The correct date is _____

☐ Document is missing page number(s): _____

☐ To ensure proper routing of documents, all documents filed with the court must reflect the following case number and judge's initials: _____

☑ Other: the imaged copy for the above-referenced docket No. 4681, is hereby attached.

CLERK, U.S. DISTRICT COURT

Date __1/12/09__          By: __Jim Holmes, CRD__
                Deputy Clerk

*cc: Intake Supervisor / Deputy In Charge*

G-11 (06/05)            NOTICE OF CLERICAL ERROR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.  CV 04-09049 SGL(RNBx)                              Date: January 12, 2009
Title:    MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
=================================================================

PRESENT: HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

Jim Holmes                                    None Present
Courtroom Deputy                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                             None Present

PROCEEDINGS:  **ORDER RE: MGA PARTIES' OBJECTION TO PHASE TWO DISCOVERY MASTER ROBERT O'BRIEN**

**ORDER STRIKING OBJECTION FROM RECORD**

**ORDER RE: REQUEST FOR APPROVAL OF SUBSTITUTION OF COUNSEL**

The Court has received and reviewed the document captioned MGA Parties' Objection to Phase Two Discovery Master Robert O'Brien. In the document, filed by attorneys of Glaser Weil Fink Jacobs & Shapiro and Mitchell, Silberberg & Knupp, MGA purportedly objects to the Discovery Master on the ground that his law office, Arent Fox, previously represented three third-party witnesses in this matter (Margo Eldridge, Charlotte Broussard, and Andrew Gallerani; collectively, the "Eldridge witnesses"). The Court does not sustain this objection to the Discovery Master.

First, the objection was not submitted by MGA's counsel of record -- namely, the law firm of Skadden, Arps for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Isaac Larian. Accordingly, the objections are **HEREBY STRICKEN** from the record. Because no timely objections to the appointment of Mr. O'Brien as Discovery Master were submitted pursuant to the Court's December 3, and December 5, 2008, Orders, any and all such objections are waived and the parties are deemed to have consented to the appointment of Mr.

O'Brien as Discovery Master.

 Second, notwithstanding the above, the Court observes that Arent Fox previously represented the Eldridge witnesses was disclosed to the MGA parties by the court-appointed Settlement Officer, Ambassador Pierre Prosper, as well as by Mattel in a letter dated October 24, 2007. Notwithstanding that disclosure, counsel for the MGA parties expressly stated, in their in camera submissions to the Court, that the MGA parties had no objection to the appointment of Mr. O'Brien as the Discovery Master; specifically, they stated "[s]ubject to their preference for a federal magistrate, the MGA parties have no objection to Mr. O'Brien." Accordingly, the singular objection noted in the stricken document was also previously waived.

 Third, in the interest of insuring that no conflict of interest or grounds for disqualification exists, the Court promptly disclosed the putative objection set forth in the stricken document to the Discovery Master and directed him to respond to the objection and to serve that response on the Court and lead counsel of record. The Court has received and reviewed the Discovery Master's letter dated January 9, 2009, responding to said objection. Having considered the Discovery Master's response, the Court finds that the objection is not well-taken. Thus, even if it were timely filed by counsel of record and had not been previously waived, the objection would be **OVERRULED**.

 Fourth, to avoid any subjective concern, the Court **ORDERS** the parties to refer any discovery disputes directed to the Eldridge witnesses, if any should arise, to the Court and not to the Discovery Master. All other discovery matters shall be referred, in the first instance, to the Discovery Master.

 The Court has also received and reviewed the Request for Approval of Substitution of Counsel. The Request seeks the Court's approval of "the substitution of Patricia L. Glaser of Glaser Weil Fink Jacobs & Shapiro LLP and Russell Frackman of Mitchell, Silberberg & Knupp LLP as attorneys of record in place and stead of Skadden, Arps, Slate, Meagher & Flom LLP for any and all matters relating to Phase 2 of the proceedings in the above-referenced actions before this Court," with Skadden, Arps to "remain counsel of record for the purpose of all remaining Phase 1 proceedings before this Court, including the pending motions scheduled to be heard on February 11, 2009, and any further matters relating to the December 3, 2008, Orders."

 Although the Court might be inclined to approve additional counsel associating in on behalf of the MGA parties, or separate counsel for separate parties, the Court is disinclined to approve separate lead counsel for the same party or parties divided between the two "phases" of the same, consolidated case. To do so, the Court is concerned, would delay proceedings and vastly complicate the Court's management of an already complicated case, as well as raise numerous questions concerning a number of pending motions that relate to the second phase. The Court is also concerned that proposed counsel Ms. Glaser, who previously sought and obtained approval from the Court to be removed as counsel of record for the MGA parties, was referenced by MGA as a witness in an earlier trial in this case and, given the basis for her being described as a witness to the Court, may well be a witness in a future hearing and/or trial in this case.

  To address these and other concerns, the Court ORDERS all lead counsel, all proposed counsel, and the Discovery Master to appear for a status conference on Wednesday, January 14, 2009, at 1:00 p.m.   The directives of the discovery master are not suspended pending resolution of this matter.

  **IT IS SO ORDERED.**