1  UNITED STATES DISTRICT COURT

2  CENTRAL DISTRICT OF CALIFORNIA

3  EASTERN DIVISION

4  - - -

5  HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6  - - -

7  Mattel, INC.,                    )
                                    )
8             Plaintiff,            )
                                    )
9        vs.                        )  No. CV 04-09049
                                    )
10  MGA ENTERTAINMENT, inc., et. Al., )  Trial Day 40
                                    )
11            Defendants.           )  Pages 8299-8320
                                    )
12  AND CONSOLIDATED ACTIONS,       )
                                    )

13

14

15  REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16  RIVERSIDE, CALIFORNIA

17  TUESDAY, AUGUST 26, 2008

18  10:47 A.M.

19

20

21

22

23  THERESA A. LANZA, RPR, CSR
    Federal Official Court Reporter
24  3470 12th Street, Rm. 134
    RIVERSIDE, CALIFORNIA  92501
25  951-274-0844
    WWW.THERESALANZA.COM

8300

```
 1    APPEARANCES:

 2

 3    On behalf of Mattel, INC.:

 4                          QUINN EMANUEL
                            By:  JON COREY
 5                               MICHAEL T. ZELLER
                                 WILLIAM PRICE
 6                          865 S. FIGUEROA STREET,
                            10TH FLOOR
 7                          LOS ANGELES, California  90017
                            213-624-7707
 8

 9    ON BEHALF OF MGA ENTERTAINMENT:

10                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                            BY:  THOMAS J. NOLAN
11                               JASON RUSSELL
                                 RAOUL KENNEDY
12                               LAUREN AGUIAR
                                 CARL ROTH
13                          300 SOUTH GRAND AVENUE
                            LOS ANGELES, CALIFORNIA  90071-3144
14                          213-687-5000

15

16

17

18

19

20

21

22

23

24

25
```

Tuesday, August 26, 2008                    Trial Day 40

8301

INDEX

Proceedings.................................... 8302

Verdict........................................ 8310

Tuesday, August 26, 2008                 Trial Day 40

8302

1    RIVERSIDE, CALIFORNIA; TUESDAY, AUGUST 26, 2008; 10:47 A.M.

2                              -oOo-

3         **THE CLERK:**  Calling case number CV04-09049-SGL,

4    Mattel, INC., v. MGA, INC., et al., outside the presence of the

5    jury.                                                          10:47

6         May we have counsel please come forward and state

7    your appearances for the record.

8         **MR. PRICE:**  Bill Price Mike Zeller for Mattel.

9         **MR. NOLAN:**  Tom Nolan, Lauren Aguiar, Carl Roth on

10   behalf of MGA and Isaac Larian.                               10:48

11        **THE COURT:**  Good morning, counsel.

12        The court received a request from Mattel this morning

13   to hold a brief hearing; they wish to submit a clarification of

14   its response to jury note number four which was received on the

15   22nd of August.                                               10:48

16        The court has received and reviewed the

17   clarification.  I'll hear from counsel.

18        **MR. PRICE:**  This is probably one of those things that

19   is unnecessary, but when a bunch of lawyers get together, they

20   want to cover all of the basis.  And that is, obviously, we    10:48

21   have a JMOL which we filed, and given the state of that and the

22   jury note that we got on Friday, we said the answer to the

23   question, whether they can say the first four do infringe but

24   the remainders don't, that the answer they should be given,

25   given the state of play, was yes.                             10:49



1    We want to make sure and keep on the record is that,

2  obviously, it's our position that as a matter of law that these

3  dolls do infringe the drawings, and that if the first four

4  infringe, then others do; because of material aspects, they are

5  not different; they are substantially similar.                    10:49

6    But given the state of play, which is that the Court

7  hasn't ruled and probably is not ready to rule on that issue,

8  then we said the answer that the jury should be given, given

9  that state of play, is yes.

10    But because we had five lawyers worrying about this,      10:49

11  we wanted to make clear to the Court that we have not changed

12  our position on that fundamental position, which is that as a

13  matter of law, these dolls infringe the copyright the drawings.

14         **THE COURT:**  Okay.

15         **MR. PRICE:**  Of course, if the Court is ready to rule,   10:50

16  then the answer could be different.

17         **THE COURT:**  I understand that.

18    The Court has taken the JMOL under submission, as it

19  indicated that it would, until the jury returns its verdict.

20    To be clear, there was an unqualified position taken      10:50

21  by both parties in response to the note, and that was that the

22  answer is yes.  I assume that has not changed, Counsel?

23         **MR. PRICE:**  I think that has not changed, because I

24  think it would be the Court that would be ruling whether or

25  not, as a matter of law, if the first four dolls infringe, do   10:50

8304

 1   the remaining dolls -- are they substantially similar, or could

 2   a reasonable jury conclude that they are not substantially

 3   similar on the material aspects that the court has identified?

 4   And we're not there yet with respect to the Court making that

 5   ruling.                                                              10:50

 6            Our position is, it should be that the jury should be

 7   instructed that they infringe; that's what the JMOL says, in

 8   effect.  But obviously, that's not on the jury's table.

 9            THE COURT:  So you're asking the Court now to find --

10   which I think is somewhat different than what you've asked        10:51

11   before -- that if the Court were to find that the four dolls,

12   the initial dolls, infringed, that the rest of the dolls

13   infringed as well?

14            MR. PRICE:  That would be what we would be asking the

15   to Court to find if the verdict comes out another way.            10:51

16            THE COURT:  But you understand that pursuant to your

17   request, there's not going to be a finding on the four dolls;

18   there's going to be a finding on infringement.

19            MGA requested to have a finding on particular dolls

20   and particular generations --                                     10:51

21            MR. PRICE:  Correct, and I understand that as well.

22            THE COURT:  -- and Mattel did not want that.  And the

23   Court believed that based on the detailed instructions which

24   went through all of this analysis, that such specificity on the

25   interrogatories posed to the jury was not necessary.              10:51

Tuesday, August 26, 2008                    Trial Day 40

1    We're never going to know whether or not the jury

2  did, does or does not -- if they find no to the infringement,

3  then we will know that they have found no infringement.  If

4  they find yes to the infringement, we will not know

5  specifically what they found to be direct infringement and what    10:52

6  they found to be derivative or of indirect damage.

7    You understand that that's pursuant to your request.

8    **MR. PRICE:**  And I understand that.  We're not

9  suggesting that be changed.

10    **THE COURT:**  Okay.  Then I'm confused as to what is    10:52

11  the import of the objection you wish to place on the record.

12    **MR. PRICE:**  The only thing we wanted to place on the

13  record is that we still are maintaining our position that all

14  of the dolls infringe as a matter of law.

15    **THE COURT:**  Okay.  And you've made a JMOL to that    10:52

16  effect, and that is under submission and the Court will

17  consider that at an appropriate time.

18    **MR. PRICE:**  There was just some concern that given

19  the yes answer we agreed to, that there might be some argument

20  later that we had waived that position.    10:53

21    **THE COURT:**  You've waived any objections and the

22  answer that was given to the jury's question.

23    I asked you whether there was any legal objection to

24  answering yes -- and both questions, I do this as a matter of

25  course -- there was no legal objection made to the answer that    10:53

1    was given; so that is waived.

2           Now, the rest of your position as tied up in your

3    JMOL is your position tied up in your JMOL; whatever it is, it

4    is.  I don't really have that in front of me right now, but I

5    trust that it adequately sets forth your legal reasoning, just          10:53

6    as the opposition adequately sets forth the response; and the

7    Court will take that up after the jury has returned their

8    verdict.

9           **MR. PRICE:**  Right.  And I think our position in the

10   JMOL is -- it's a sub position, I don't know how it's                    10:53

11   articulated -- is that basically they all infringe, and

12   certainly, if any infringe, they all infringe.

13          **THE COURT:**  And I understand that may be your

14   position.  I just want to make sure that we're not somehow

15   back-loading an objection into the Court's response to the              10:54

16   jury's note today that was waived on Friday.

17          My concern right now is the jury, the response to the

18   jury note.  I'm going to worry about the JMOL when I get to

19   that.

20          **MR. PRICE:**  Right.

21          And I don't think we are.  I think we're on the same             10:54

22   wavelength.  I think if we had suggested that the Court tell

23   the jury that if one infringes, they all infringe; that is

24   something which the Court is going to be deciding as a matter

25   of law.                                                                  10:54

8307

 1          **THE COURT:**  Right.

 2          The jury note was very clear:  Can we find that the

 3     first generation dolls violate but that subsequent generations

 4     do not?

 5          It was a permissive; not a suggestion of a                    10:54

 6     requirement.  And the Court's "yes" to that was a "yes" to the

 7     permissive question; not to any mandatory finding one way or

 8     the other; that they either must or they must not find based on

 9     a finding related to the four dolls.

10          That's my understanding, anyway.                             10:54

11          **MR. PRICE:**  Thank you for that finding.

12          **THE COURT:**  And that's consistent with your

13     understanding?

14          **MR. PRICE:**  Yes.

15          **THE COURT:**  I'll hear from MGA.                          10:55

16          **MR. NOLAN:**  Thank you, your Honor.

17          I think Mr. Price may have led off with my opening

18     line, and that was that I didn't think this filing was

19     necessary if they were not going to take back the unqualified

20     agreement that the appropriate answer to that question number   10:55

21     four was "yes" to the jury.

22          I understand that they are not, in any way,

23     retreating from that position.

24          The JMOL is the JMOL.

25          **THE COURT:**  And that's the Court's understanding as     10:55

Tuesday, August 26, 2008                     Trial Day 40

8308

1    well.

2              MR. NOLAN:   The JMOL is the JMOL.

3         We pointed out in footnote 18 in our opposition that

4    the JMOL was directed to the first generation anyway.  But we

5    will get to that at some point in time.                          10:55

6              THE COURT:   Right.

7         My understanding now is not so much that this filing

8    is attempting to undermine anything that was represented to the

9    court on Friday; but rather, they just wanted to make clear

10   that anything that was represented to the Court on Friday does  10:55

11   not somehow alter or undermine their rights with respect to

12   what they have already submitted in the JMOL.

13             MR. NOLAN:   And I think we'll address that issue when

14   we get to the JMOL.

15             THE COURT:   We shall.                                 10:55

16        Thank you, counsel.

17        I hope you had a good trip to Washington, D.C.

18             MR. NOLAN:   It was excellent.  Thank you.

19        Emotional; so don't get mad at me today.

20             THE COURT:   I'm sure it was.                          10:56

21        We're in recess on this matter.

22        The court will resume in ten minutes on the marine

23   trial.

24             (Court stands in recess; other matters heard.)

25             THE CLERK:   Calling Case Number CV04-09049-SGL,       01:24

1   Mattel, Inc., v. MGA, Inc., et al., outside the presence of the

2   jury.

3          May we have counsel state your appearances for the

4   record.

5          **MR. PRICE:**  Bill Price, Mike Zeller for Mattel.   01:24

6          **MR. NOLAN:**  Tom Nolan, Lauren Aguiar, Carl Roth,

7   David Hansen, and Jordan Feirman on behalf of MGA and

8   Isaac Larian.

9          **THE COURT:**  Good afternoon, Counsel.

10         Since we last met, the Court has received two notes.   01:24

11  The first note was simply an indication that the jury will

12  break until 11:15 and return to the jury room.  The second note

13  indicated they had reached a unanimous verdict.  The Court

14  asked them to have lunch and be prepared to return to court at

15  1:00.   01:24

16         We have delayed this so that Mr. Larian could join

17  us.  Mr. Larian is here now.  We'll bring the jury in and have

18  the verdict read.

19         There may be a delay, because they're coming from the

20  third floor.   01:25

21         **MR. NOLAN:**  Your Honor, on behalf of Mr. Larian, we

22  thank you for the Court's courtesy.

23         **THE COURT:**  After the verdict has been read, they'll

24  be returned to the Courtroom 4 jury room.  I will go up and

25  thank them for their service and excuse them at that time.  I   01:25

8310

1    will offer them, basically, one of two choices.  They can

2    certainly go out the front of the courtroom and speak to

3    counsel or whoever else they want to, or if they so desire,

4    I'll provide an escorted departure, some other route.  I'll

5    leave that up to them.                                        01:26

6         **MR. PRICE:**  Your Honor, if they want to talk, could

7    we possibly do it in the jury room that they're using up there?

8         **THE COURT:**  Let me ask them about that.

9         (Whereupon, jurors enter courtroom.)

10        **THE COURT:**  Good afternoon, members of the jury.      01:29

11        I understand the jury has reached a unanimous verdict

12   in this matter.

13        Is that true?

14        **JUROR FOREMAN:**  Yes, Your Honor.

15        **THE COURT:**  If you would please provide the verdict   01:29

16   to Mr. Holmes.

17        Mr. Holmes, please read the verdict.

18        **THE CLERK:**  Yes, Your Honor.

19        Title of court and cause, Page 2, Verdict Form, Phase

20   B, we answer the questions submitted to us as follows:        01:30

21        Roman Numeral I:  Damages for Phase A Claims.

22        Intentional Interference With Contractual Relations

23        Number 1:  In Phase A of this trial, you found that

24   MGA Entertainment, Inc. (MGA) and Isaac Larian are liable to

25   Mattel for intentional interference with contractual relations. 01:31

Tuesday, August 26, 2008                    Trial Day 40

8311

1    What amount of damages, if any, should be awarded to Mattel?

2              As to Mattel [sic], the jury entered the amount of 20

3    million --

4              **THE COURT:**  I'm sorry, Mr. Holmes.  As to MGA, I

5    believe.

6              **THE CLERK:**  Thank you, Your Honor.  I'll read it

7    again.

8              At Line Number 12, as to MGA, the jury entered the

9    amount of $20 million.

10             As to Mr. Larian, the jury entered the amount of     01:31

11   $10 million.

12             Aiding and Abetting Breach of Fiduciary Duty

13             Number 2:  In Phase A of this trial, you found that

14   MGA and Isaac Larian are liable to Mattel for aiding and

15   abetting Carter Bryant's breach of fiduciary duty.  What     01:32

16   amount, if any, should be awarded to Mattel?

17             As to MGA, the jury entered the amount of

18   $20 million.

19             As to Mr. Larian, the jury entered the amount of

20   $10 million.                                                  01:32

21             Aiding and Abetting Breach of Duty of Loyalty

22             Number 3:  In Phase A of this trial, you found that

23   MGA and Isaac Larian are liable to Mattel for aiding and

24   abetting Carter Bryant's breach of duty of loyalty.  What

25   amount of damages, if any, should be awarded to Mattel?      01:32

8312

1    As to MGA, the jury entered the amount of

2    $20 million.

3    As to Mr. Larian, the jury entered the amount of

4    $10 million.

5    Page 3.                                                      01:32

6    Conversion

7    Number 4:  In Phase A of this trial, you found that

8    MGA, Isaac Larian, and MGA Entertainment (HK) Limited (MGA Hong

9    Kong) are liable to Mattel for conversion.  What amount of

10   damages, if any, should be awarded to Mattel?                 01:33

11   As to MGA, the jury entered the amount of $31,500

12   plus 7 percent interest.

13   As to Mr. Larian, the jury entered the amount $0,

14   calculated from the date Mattel's property was converted.

15   As to MGA Hong Kong, same answer.                             01:33

16   Page 4, Roman Numeral II.

17   Copyright Infringement

18   Number 5:  Has Mattel proven by a preponderance of

19   the evidence that MGA is liable to Mattel for copyright

20   infringement?                                                 01:34

21   The jury answered "Yes."

22   Number 6:  Was MGA's copyright infringement willful?

23   The jury answered "No."

24   Number 7:  Has Mattel proven by a preponderance of

25   the evidence that Isaac Larian is liable to Mattel for        01:34

Tuesday, August 26, 2008                    Trial Day 40

8313

1   copyright infringement?

2          The jury answered "Yes."

3          Number 8:  Was Mr. Larian's copyright infringement

4   willful?

5          The jury answered "No."

6          Number 9:  Has Mattel proven by a preponderance of

7   the evidence that MGA Hong Kong is liable to Mattel for

8   copyright infringement?

9          The jury answered "Yes."

10         Page 5, Number 10:

11         Was MGA Hong Kong's copyright infringement willful?

12         The jury answered "No."

13         Number 11:  What amount of damages, if any, should be

14   awarded to Mattel for defendants' copyright infringement?

15         A, Copyright Infringement by MGA:  The jury entered

16   the amount of $6 million.

17         B, Copyright Infringement by Isaac Larian.

18   Distributions Mr. Larian received from MGA attributable to

19   Bratz-related works:  The jury entered the amount of

20   $3 million.

21         Value of Mr. Larian's ownership percentage of MGA

22   attributable to Bratz-related works:  The jury entered the

23   amount $0.

24         C, Copyright Infringement by MGA Hong Kong:  The jury

25   entered the amount of $1 million.

01:34
01:34
01:35
01:35
01:35

Tuesday, August 26, 2008          Trial Day 40

8314

1      Page 6, Roman Numeral III.

2      Punitive Damages

3      Number 12:  Has Mattel proven by clear and convincing

4  evidence that MGA acted with malice, oppression, or fraud?

5      The jury answered "No."                                    01:36

6      Number 13:  What amount of punitive damages, if any,

7  should be awarded against MGA?

8      The jury entered the amount $0.

9      Number 14:  Has Mattel proven by clear and convincing

10 evidence that Isaac Larian acted with malice, oppression, or    01:36

11 fraud?

12     The jury answered "No."

13     Number 15:  What amount of punitive damages, if any,

14 should be awarded against Mr. Larian?

15     The jury entered the amount $0.                             01:36

16     Number 16:  Has Mattel proven by clear and convincing

17 evidence that MGA Hong Kong acted with malice, oppression, or

18 fraud?

19     The jury answered "No."

20     Number 17, Page 7:  What amount of punitive damages,        01:36

21 if any, should be awarded against MGA Hong Kong?

22     The jury entered the amount $0.

23     Page 8, Roman Number IV.

24     Fraudulent Concealment

25     Number 18:  Has Mattel proven by a preponderance of         01:37

8315

1    the evidence that MGA fraudulently concealed the basis for

2    Mattel's claim of intentional interference with contract

3    against it until at least April 27, 2002?

4            The jury answered "Yes."

5            Number 19:  Has Mattel proven by a preponderance of          01:37

6    the evidence that Isaac Larian fraudulently concealed the basis

7    for Mattel's claim of intentional interference with contract

8    against him until at least April 27, 2002?

9            The jury answered "No."

10           Number 20:  Has Mattel proven by a preponderance of          01:37

11   the evidence that MGA fraudulently concealed the basis for

12   Mattel's claim of conversion against it until at least

13   April 27, 2001?

14           The jury answered "Yes."

15           Number 21:  Has Mattel proven by a preponderance of          01:37

16   the evidence that Mr. Larian fraudulently concealed the basis

17   for Mattel's claim of conversion against it until at least

18   April 27, 2001?

19           The jury answered "No."

20           Page 9, Number 22:                                          01:38

21           Has Mattel proven by a preponderance of the evidence

22   that MGA Hong Kong fraudulently concealed the basis for

23   Mattel's claim of conversion against it until at least

24   April 27, 2001?

25           The jury answered "No."                                     01:38

8316

1    Dated August 26, 2008, signed by the jury foreperson.

2    Ladies and gentlemen of the jury, is the verdict as

3  presented and read into the record this afternoon the verdict

4  of each of you, so say you one, so say you all?

5    Please answer aloud.                                    01:38

6    **JURORS:**  Yes.

7    **THE CLERK:**  Thank you, Your Honor.

8    **THE COURT:**  Counsel, is there a request by either

9  side to poll the jury?

10    **MR. PRICE:**  Yes, Your Honor.                         01:38

11    **THE COURT:**  Very well.

12    Mr. Holmes?

13    **THE CLERK:**  Juror Number 1, is the verdict as

14  presented and read your verdict?

15    **JUROR NUMBER 1:**  Yes, it is.                         01:39

16    **THE CLERK:**  Juror Number 2, Judith Appleton, is the

17  verdict as presented and read your verdict?

18    **JUROR NUMBER 2:**  Yes, it is.

19    **THE CLERK:**  Juror Number 3, Rhonda Johnstone, is the

20  verdict as presented and read your verdict?                01:39

21    **JUROR NUMBER 3:**  Yes, it is.

22    **THE CLERK:**  Juror Number 4, Christopher Blazer, is

23  the verdict as presented and read your verdict?

24    **JUROR NUMBER 4:**  Yes, sir.

25    **THE CLERK:**  Juror Number 5, Linda Clark, is the      01:39

8317



1    verdict as presented and read your verdict?

2            **JUROR NUMBER 5:**  Yes.

3            **THE CLERK:**  Juror Number 6, Paul Russell, is the

4    verdict as presented and read your verdict?

5            **JUROR NUMBER 6:**  Yes.

6            **THE CLERK:**  Juror Number 7, Lisa Dome, is the verdict

7    as presented and read your verdict?

8            **JUROR NUMBER 7:**  Yes.

9            **THE CLERK:**  Juror Number 9, Celestine Hairston, is

10   the verdict as presented and read your verdict?

11           **JUROR NUMBER 9:**  Yes, it is.

12           **THE CLERK:**  Juror Number 10, Ms. McEachern, is the

13   verdict as presented and read your verdict?

14           **JUROR NUMBER 10:**  Yes, it is.

15           **THE CLERK:**  Thank you.

16           **THE COURT:**  Members of the jury, let me begin by

17   thanking you for your extraordinary service in this case.  You

18   were selected on May 20th, and here we are at the end of

19   August.  Your service has now come to a conclusion.

20           On behalf of the Court; on behalf of counsel, the

21   parties; on behalf of the country, I thank you.  Our system

22   depends upon jurors such as yourself.  This case was

23   extraordinary in terms of its length, as well as its

24   complexity, and I appreciate the tremendous attention that you

25   have paid throughout this trial.  I know it hasn't always been

01:39
01:39
01:39
01:40
01:40



8318

 1  easy and a lot of different things have come at you.  There

 2  have been all kinds of things that have come up in the course

 3  of the trial.  I really appreciate your patience and your

 4  dedication to your service.

 5         At this time, all of the admonitions that I gave you       01:40

 6  previously are lifted.  You may speak about this case with

 7  anyone that you want to speak to.  You may also not speak about

 8  this case, if that is what you want to do.  It's entirely up to

 9  you.

10         What's going to happen next is, you're going to be        01:41

11  brought back up to the jury room.  I'm going to come up and

12  briefly meet with you and then excuse you, and we'll go from

13  there.  The attorneys may want to speak with you.  Again, you

14  may if you wish; and if you don't wish, they will certainly

15  respect that.                                                     01:41

16         The same with the press or any member of the public.

17  It's entirely up to you.  You have a right to speak if you

18  want.  You also have a right not to speak.  It's entirely your

19  choice.

20         But again, I do thank you, and I know I speak for         01:41

21  counsel and for the parties; we all thank you for your

22  tremendous service.

23         If the court security officer would bring the jury

24  back up to the jury room one last time.

25         (Whereupon, jurors depart courtroom.)                     01:41

Tuesday, August 26, 2008                    Trial Day 40

1    **THE COURT:**  Counsel, the Court needs to get back to

2  the criminal trial proceeding, so what I'm going to order

3  counsel to do is to appear tomorrow morning at 8:30 a.m. for a

4  status conference in terms of proceeding from this point

5  forward.  I'll make sure that Mr. Holmes makes a copy of the

6  verdict.  Both counsel will receive it.  Of course, it's going

7  to be filed today, so it will be part of the record.

8    I'm going to go up and speak with the jury right now

9  and see how they wish to proceed.

10    Is there anything that we need to take up with this

11  matter that cannot wait until tomorrow morning at 8:30?

12    **MR. ZELLER:**  Your Honor, just quickly, Your Honor.

13    The Court, obviously, had entered an order that we

14  should not be filing motions without prior permission from the

15  Court.

16    Is that now lifted?

17    **THE COURT:**  Until tomorrow morning, Counsel.

18    **MR. ZELLER:**  We obviously have a --

19    **THE COURT:**  Take a break this afternoon.

20    **MR. ZELLER:**  We will.

21    **THE COURT:**  I suspect that both sides may have

22  motions.  There are a lot of issues that we need to discuss.

23  Let's not do anything until we get together tomorrow morning at

24  8:30, and then the Court will give guidance from that point.

25    **MR. ZELLER:**  Thank you.

8320

1          THE COURT:  Very well.

2          Anything from MGA?

3          MS. AGUIAR:  When you hear from the jury what they

4   want to do, will you be coming back down?

5          THE COURT:  Yes.  Why don't you go ahead and wait        01:43

6   here, and I'll have Mr. Holmes report back to you.  I'll go up

7   and talk to the jury right now.

8          Thank you, Counsel.

9          Court is in recess until 2:00 on the criminal matter.

10          (Whereupon, proceedings were concluded.)                01:43

11

12

13

14

15

16

17                          CERTIFICATE

18

19   I hereby certify that pursuant to section 753, title 28, united
     states code, the foregoing is a true and correct transcript of
20   the stenographically recorded proceedings held in the above-
     entitled matter and that the transcript page format is in
21   conformance with the regulations of the judicial conference of
     the united states.

22

23   _____          9-8-08
     THERESA A. LANZA, CSR, RPR              _____
24   Federal Official Court Reporter              Date

25

Tuesday, August 26, 2008                    Trial Day 40