1  THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
2  RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
3  JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
5  Los Angeles, CA  90071-3144
Tel.: (213) 687-5000
6  Fax: (213) 687-5600
7

8  Attorneys for The MGA Parties

9                    UNITED STATED DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                          EASTERN DIVISION

12  CARTER BRYANT, an individual,           ) CASE NO. CV 04-9049 SGL (RNBx)
                                            )
13                        Plaintiff,        ) Consolidated with Case No. 04-9059
                                            ) and Case No. 05-2727
14         v.                               )
                                            )
15  MATTEL, INC., a Delaware corporation,   ) Honorable Stephen G. Larson
                                            )
16                        Defendant.        ) MGA PARTIES' EVIDENTIARY
                                            ) OBJECTIONS TO MATTEL'S
17                                          ) OPPOSITION TO THE MGA PARTIES'
                                            ) MOTION FOR REMITTITUR
18  AND CONSOLIDATED ACTIONS.               )
                                            ) Hearing Date: February 11, 2009
19                                          ) Time: 10:00 a.m.

20

21

22

23

24

25

26

27

28

1    The MGA Parties respectfully submit the following evidentiary objections to the

2   "evidence" cited in support of Mattel's Opposition to the MGA Parties' Motion For

3   Remittitur and ask that the Court disregard again Mattel's evidence of the jury's purported

4   intent in its entirety.  Unable to refute the evidence presented at trial or the instructions

5   given the jury, which show that the Court should remit the damages award to $20 million in

6   total damages, Mattel chooses instead to offer "evidence" of what the jury supposedly

7   intended through affidavits of post-deliberation statements attributed to some, but not all,

8   jurors, as to what they believed the jury award represented.  Mattel's "evidence" is

9   manifestly improper and should be rejected out of hand.  In addition to its other flaws,

10  which are numerous, Mattel's evidence is prohibited under Federal Rule of Evidence

11  606(b).  As this Court has already observed, "given the presence of the jury instruction on

12  the allocation of damages, any inquiry into this matter would stray far too close to – if it did

13  not invade entirely – the territory protected by Rule 606(b): The jury's deliberative

14  process."  (9/3 Order (Dkt 4295) at 2.)  Consequently, the Court should strike the evidence

15  offered by Mattel discussed below.

16                    **MGA PARTIES' GENERAL OBJECTIONS**

17      1.    Lack of personal knowledge (Fed. R. Evid. 602).  The MGA Parties object to

18  Mattel's proffered evidence to the extent the declarant lacks personal knowledge.  A witness

19  may not testify without personal knowledge.  See Latman v. Burdette, 366 F.3d 774, 786-87

20  (9th Cir. 2004) (bankruptcy court abused its discretion in admitting into evidence trustee's

21  supplemental declaration attaching debtors' bank account records where the declarant,

22  trustee's attorney, had no personal knowledge as to the authenticity of the account records);

23  United States ex rel. Conveyor Rental & Sales Co. v. Aetna Cas. & Sur. Co., 981 F.2d 448,

24  455 (9th Cir. 1992) (holding evidence inadmissible under Fed. R. Evid. 602 where witness

25  did not have personal knowledge). Therefore, Mattel's evidence consisting of statements

26  made without personal knowledge is inadmissible.

27      2.    Hearsay (Fed. R. Evid. 802).  The MGA Parties object to Mattel's proffered

28  evidence to the extent it contains hearsay.  Hearsay is inadmissible.  See Soremekun v.

1

1    <u>Thrifty Payless, Inc.</u>, 509 F.3d 978, 983 n.28  (9th Cir. 2007) (upholding summary

2 judgment; "testimony regarding the purported statements of the Union representative is

3 inadmissible hearsay, as it is a statement by an out-of-court declarant offered for the truth of

4 the matter asserted"); <u>see also</u> <u>Beyene v. Coleman Secur. Servs. Inc.</u>, 854 F.2d 1179, 1183

5 (9th Cir. 1998) (upholding exclusion of evidence on grounds of hearsay, where documents

6 were offered to prove the truth of the matter asserted, and the proffering witness "did not

7 attempt to lay a foundation for any exception to the hearsay rule"); <u>City of Long Beach v.</u>

8 <u>Standard Oil. Co. of Cal.</u>, 46 F.3d 929, 937-38 (9th Cir. 1995) (upholding exclusion of

9 hearsay).  Therefore, Mattel's proffered evidence that contains hearsay is inadmissible.

10        3.      <u>Irrelevant</u> (Fed. R. Evid. 401). MGA Parties object to Mattel's proffered

11 evidence as irrelevant.  Mattel's evidence is offered to imply that the jury in Phase 1b did

12 not adhere to the Court's Instruction No. 44 admonishing them to award the full amount of

13 damages on each claim as to each defendant.  (Opp'n at 2-4.)  Jurors are conclusively

14 presumed to follow the instructions given to them.  <u>Caudle v. Bristow Optical Co., Inc.</u>, 224

15 F.3d 1014, 1023 (9th Cir. 2000) ("[T]he law presumes that jurors carefully follow the

16 instructions given to them."); <u>Image Tech. Servs., Inc. v. Eastman Kodak Co.</u>, 125 F.3d

17 1195, 1213 (9th Cir. 1997)("We presume that the jury followed the court's instructions.");

18 <u>Westinghouse Elec. Corp. v. Gen. Circuit Breaker & Elec. Supply Inc.</u>, 106 F.3d 894, 902

19 (9th Cir. 1997) ("Westinghouse's argument necessarily implies that the jury disregarded its

20 instructions. Thus, the argument directly offends well-established precedents requiring the

21 court to presume that juries follow the law."); <u>United States v. Alston</u>, 974 F.2d 1206, 1210

22 (9th Cir. 1992) ("A jury is presumed to follow the instructions given by the court").  Thus,

23 Mattel's evidence is irrelevant.  Irrelevant evidence is not admissible.  <u>M2 Software, Inc. v.</u>

24 <u>Madacy Entm't et al.</u>, 421 F.3d 1073, 1088 (9th Cir. 2005) (upholding exclusion of

25 evidence and noting that " 'relevant evidence' means evidence having any tendency to make

26 the existence of any fact that is of consequence to the determination of the action more

27 probable or less probable than it would be without the evidence") (citing Fed. R. Evid. 401.)

28

MGA's Evidentiary Obj. to Mattel's Opp'n to MGA's Mot. for Remittitur- Case No. CV 04-9049 SGL (RNBx)

1       4.      Speculation. MGA Parties object to Mattel's proffered evidence to the extent it
2  is speculative.  Speculative evidence is not admissible under Fed. R. Evid. 403, as it results
3  in "confusion of the issues" and "misleading the jury."  U.S. v. Chung Lo, 231 F.3d 471,
4  482 (9th Cir. 2000) (upholding district court ruling that evidence was too speculative and
5  excluding evidence under Fed. R. Evid. 403).  Speculative testimony is also not an
6  appropriate subject for lay opinion testimony.  "It is necessary that a lay witness's opinions
7  are based upon … direct perception of the event, are not speculative, and are helpful to the
8  determination of factual issues before the jury."  U.S. v. Freeman, 498 F.3d 893, 905 (9th
9  Cir. 2007) (internal quotations omitted).  Therefore, Mattel's evidence reflecting speculation
10  on the part of the witness is inadmissible.

11       5.      Impermissible Verdict Impeachment.  (Fed. R. Evid. 606(b).)  Testimony
12  offered by a juror regarding the jury's intentions is strictly forbidden.  Fed. R. Evid. 606(b).
13  Submissions that are offered to interpret the verdict run afoul of Federal Rule of Evidence
14  606(b), which expressly prohibits this type of inquiry:

15        Upon an inquiry into the validity of a verdict or indictment, a juror may not
16        testify as to any matter or statement occurring during the course of the jury's
17        deliberations or to the effect of anything upon that or any other juror's mind or
18        emotions as influencing the juror to assent to or dissent from the verdict or
19        indictment or concerning the juror's mental processes in connection therewith.

20  Fed. R. Evid. 606(b); Traver v. Meshriy, 627 F.2d 934, 941 (9th Cir. 1980) ("Once a verdict
21  has been delivered and accepted in open court, and the jury is polled and discharged, jurors
22  may not claim that their assent was mistaken or unwilling."); U.S. v. Hernandez-Escarsega,
23  886 F.2d 1560, 1579 (9th Cir. 1989).

24      Rule 606(b) exists to protect the finality of the verdict and to guard against creating
25  the type of uncertainty that Mattel apparently wishes to inject into post-trial proceedings.
26  See Robles v. Exxon Corp., 862 F.2d 1201, 1205 (5th Cir. 1989) ("the 'central focus' of the
27  federal decisions on which the rule [Rule 606(b)] is based has been to 'insulate … the
28  manner in which the jury reached the verdict, … including arguments, statements,

discussions, mental and emotional reactions, votes, and any other feature of the process"). As such, it forbids courts from inquiring into jurors' thought processes to determine whether the jury misunderstood or failed to follow jury instructions. Id. at 1205, 1208 (finding juror testimony that jury misunderstood instructions and thought that court would award damages if jury did not was not permissible under Rule 606(b), noting that Advisory Committee "specifically mentioned with approval that courts have held jurors incompetent to testify as to whether they or other jurors misinterpreted their instructions" and "the error alleged here goes to the substance of what the jury was asked to decide, necessarily implicating the jury's mental processes insofar as it questions the jury's understanding of the court's instructions and application of those instructions to the facts of the case."); Plummer v. Springfield Terminal Railway Co.,. 5 F.3d 1, 4 (1st Cir. 1993) (noting that the jury instructions expressly told the jury not to reduce the damages verdict based on the plaintiff's negligence, rejecting plaintiff's request to question jurors as to whether they had followed this instruction despite purported evidence from juror that they had not followed the instruction); Sims' Crane Serv., Inc. v. Ideal Steel Prods., Inc., 800 F.2d 1553, 1556 (11th Cir. 1986) ("extemporaneous and contemporaneous … volunteered explanation" of verdict by juror could not be considered under Rule 606(b)).  Indeed, in Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc., the court rejected juror affidavits submitted for the very same purpose that Mattel pursues here – to show the jury did not award duplicative damages but rather intended each separate award to be totaled – because "they purport to explain what the jury meant by its verdict and how the jury determined what numbers to transcribe onto the verdict form."  528 F.3d 1001, 1021-22 (8th Cir. 2008).  Therefore, Mattel's evidence of the jurors' intentions and analyses is inadmissible and should be disregarded entirely.

## MGA PARTIES' SPECIFIC OBJECTIONS

| Objectionable Evidence | MGA Parties' Objections Thereto |
|---|---|
| **Corey Declaration ¶¶ 2 & 3 and Exhibit 1 Attached Thereto** (Post-trial Discussion With Jurors) | This Declaration purports to summarize a conversation between Mattel counsel and Juror No. 4 and Juror No. 7.  (Corey Dec. ¶ 2.)  The statements |

4

| Objectionable Evidence | MGA Parties' Objections Thereto |
|---|---|
| | were made outside the presence of adverse counsel and the Court, without the safeguards of the rules of evidence, without testing through cross-examination, and in response to questioning; moreover, the role of suggestion and coercion on the part of the questioners (Mattel's counsel) will never be known. Mattel offers this evidence to demonstrate what "[b]oth jurors indicated [regarding what] the jury awarded." (Id.)  As these statements were made out-of-court and are being offered for the truth purportedly asserted therein, they are inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 801, 802.  And to the extent these statements purport to summarize statements made by other jurors, they constitute impermissible double hearsay.<br><br>The cited evidence is also speculative and thereby inadmissible under Fed. R. Evid. 602 because it reflects the rank speculation of Juror Nos. 4 and 7 regarding the actual intentions of the jury at-large. Juror Nos. 4 and 7 may have personal knowledge regarding their own intentions as well as the actual verdict rendered (although no admissible evidence is offered of those intentions) – but they do not have personal knowledge regarding the underlying intentions of other members of the jury. |

MGA's Evidentiary Obj. to Mattel's Opp'n to MGA's Mot. for Remittitur- Case No. CV 04-9049 SGL (RNBx)

| Objectionable Evidence | MGA Parties' Objections Thereto |
|---|---|
| | Juror Nos. 4 and 7's beliefs about the subjective opinions of <u>other</u> jurors are irrelevant.  Fed. R. Evid. 402.<br><br>This evidence reflecting counsel's alleged discussions with Juror No. 4 and No. 7 fall squarely within the prohibitions of Fed. R. Evid.606(b) and therefore must be disregarded.  The statements purport to communicate the jury's intentions in reaching its verdict.  Fed. R. Evid. 606(b) ("a juror may not testify … dissent from the verdict … or concerning the juror's mental processes in connection therewith").  Therefore, all evidence relating to counsel's discussions with jurors and Mattel's discussion thereof should be stricken. |
| **Tr. 8356:10-8361:16; Zeller Declaration ¶ 2 and Exhibit 1 Attached Thereto** (Email from Juror #7) (cited Opp'n at 2-3) | In its Opposition and attached Declaration submitted in support thereof, Mattel relies on an email it claims establishes what Juror No. 7 believed the jury intended Mattel should receive.  (Zeller Dec. ¶ 2.)  Because the statements were made out-of-court in an e-mail communication post-verdict and are offered for the truth of the matter asserted regarding the jury's intentions, they are inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 801, 802.  Furthermore, to the extent the email references Juror No. 7's recollection of statements made by other jurors, the statements constitute double hearsay. |

| Objectionable Evidence | MGA Parties' Objections Thereto |
|---|---|
| | The cited evidence is also speculative and thereby inadmissible under Fed. R. Evid. 602 because it reflects the rank speculation of Juror No. 7 regarding the actual intentions of the jury at-large.  Juror No. 7 may have personal knowledge regarding her own intentions as well as the actual verdict rendered (although the e-mail is not admissible evidence of such intention)– but she does not have personal knowledge regarding the underlying intentions of other members of the jury.<br><br>Juror No. 7's beliefs about the subjective opinions of other jurors are irrelevant.  Fed. R. Evid. 402.<br><br>This Court already recognized that this evidence is impermissible under Fed. R. Evid. 606(b).   In denying Mattel's request to recall the jury, the Court explained that this exact evidence must be disregarded:<br><br>    Moreover, in light of the opportunity for many, if not all, of the jurors to be exposed to the substantial publicity this case has generated, as well as personal, off-the-record conversations with counsel, the Court finds that it must agree with MGA's assessment of this jury:   They are |

7

| Objectionable Evidence | MGA Parties' Objections Thereto |
|---|---|
| | hopelessly tainted by influences outside the evidence presented during the trial, the instructions given by the Court, and the arguments made by counsel.  During the trial, the jurors were prohibited from reading any of the numerous press accounts of this case.  After the trial, this restriction was lifted, and most, if not all, the jurors have ready access to archived press accounts of the case (as well as blog commentaries and the parties' various press releases) via the internet.  Having devoted three months of the their lives to the trial in this action, the Court presumes many of the jurors, like Juror No. 7, have been curious enough since the verdict was rendered to review the results of a simple on-line search.  Likewise, during the trial, the attorneys were precluded from communicating with the jury; after the trial, whether the jurors speak with attorneys is left entirely up to each individual juror, and it appears that app parties are in agreement that there has been a great deal of communications with the jurors.  9/3/08 Order (Dkt 4684-4) at 2.)   Mattel has |

8

| Objectionable Evidence | MGA Parties' Objections Thereto |
|---|---|
| | provided no reason to depart from the Court's well-reasoned decision.  Nor is there any reason sanctioned under the law.<br><br>Juror No. 7's email purports to speak on behalf of the entire jury.  Rule 606(b) commands this speculation be given no weight.  U.S. v. Gonzales, 227 F.3d 520, 525-27 (6th Cir. 2000) (excluding a letter in which "[t]he juror not only wrote about her own thought processes; she also wrote about the thought processes of other jurors").  As such, this email and Mattel's discussion thereof should be stricken as improper. |
| **Statements in E. Pettersson and T. Richards, Mattel Wins $100 Million in Damages Over Bratz Dolls, <u>Bloomberg</u>, August 26, 2008** (cited Opp'n at 4, n.4) | To the extent out-of court statements purportedly made by the jury foreman to a reporter are offered for the truth of the matter asserted, they are inadmissible hearsay and no exception is applicable. Fed. R. Evid. 801, 802.  Furthermore, as the foreman's statements were embodied in a newspaper article, the evidence constitutes double hearsay not subject to any exception.  See U.S. Football League v. National Football League, 1986 WL 5803, at *1 (S.D.N.Y. May 16, 1986) (noting that "[C]ourts rarely allow newspaper articles into evidence to prove the truth of the statements contained therein. … Indeed, it is not uncommon for a trial court to summarily reject newspaper articles as obvious |

9

| Objectionable Evidence | MGA Parties' Objections Thereto |
|---|---|
| | hearsay"). |
| | The cited evidence is also speculative and thereby inadmissible under Fed. R. Evid. 602 because it reflects the rank speculation of the jury foreman regarding the intentions of the jury at-large.  The foreman may have personal knowledge regarding his own intentions as well as the actual verdict rendered – but he does not have personal knowledge regarding the underlying intentions of other members of the jury. |
| | The article's conclusions about the jury foreman's supposed beliefs about the subjective opinions of other jurors are irrelevant.  Fed. R. Evid. 402. |
| | Moreover, to the extent this article pertains to the internal deliberations of the jury, it is also prohibited by Rule 606(b).  The fact that these representations were made "publicly" to the press (Opp'n at 4) does not change the analysis; the statements must be disregarded.  See U.S. v. Blackwell, 459 F.3d 739, 769 (6th Cir. 2006) (finding that Rule 606(b) "prohibit[ed] the introduction of" a "Columbus Monthly article, which quotes one juror" concerning juror "mental impressions").  This evidence and Mattel's discussion thereof should be stricken. |

MGA's Evidentiary Obj. to Mattel's Opp'n to MGA's Mot. for Remittitur- Case No. CV 04-9049 SGL (RNBx)

1

2   DATED:  January 19, 2009          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

3                                            By:  _____/s/ Thomas J. Nolan_____

                                                        Thomas J. Nolan
4                                              Attorneys for the MGA Parties

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11