| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>John B. Quinn (Bar No. 090378) |
| 2 | (johnquinn@quinnemanuel.com)<br>Michael T. Zeller (Bar No. 196417) |
| 3 | (michaelzeller@quinnemanuel.com)<br>Jon D. Corey (Bar No. 185066) |
| 4 | (joncorey@quinnemanuel.com)<br>865 South Figueroa Street, 10th Floor |
| 5 | Los Angeles, California 90017-2543<br>Telephone: (213) 443-3000 |
| 6 | Facsimile: (213) 443-3100 |
| 7 | Attorneys for Mattel, Inc. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Honorable Stephen G. Larson<br><br>MATTEL, INC.'S REPLY IN SUPPORT OF RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW<br><br>Hearing Date: February 11, 2009<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>**Phase 1C** |

# TABLE OF CONTENTS

**Page**

I. MATTEL IS ENTITLED TO JMOL ON SUBSTANTIAL SIMILARITY .........1
   A. Mattel Does Not Seek An Advisory Opinion...............................................1
   B. The Evidence Establishes Substantial Similarity As A Matter Of Law .................................................................................................................2
II. MATTEL IS ENTITLED TO JMOL ON INDEPENDENT CREATION............6
   A. MGA Waived Independent Creation............................................................6
   B. MGA's Independent Creation Defense Fails on the Merits ......................10
III. MATTEL IS ENTITLED TO JMOL ON CONCEALMENT ............................11

# TABLE OF AUTHORITIES

Page

## Cases

A.I. Trade Finance, Inc. v. Centro Internationale Handelsbank AG,
 926 F. Supp. 378 (S.D.N.Y. 1996) ......................................................................... 6

Anderson v. Academy School Dist. 20,
 122 Fed. Appx. 912, 2004 WL 2757938 (10th Cir. 2004) ..................................... 5

Asia Entert., Inc. v. Nguyen,
 1996 WL 652767 (C.D. Cal. 1996) ........................................................................ 4

Atari Games Corp. v. Nintendo of Am., Inc.,
 1993 WL 207548 (N.D. Cal. 1993) ....................................................................... 4

Atari, Inc. v. North Am. Philips Consumer Elec. Corp.,
 672 F.2d 607 (7th Cir. 1982) ................................................................................. 2

Bethea v. Burnett,
 2005 WL 1720631 (C.D. Cal. June 28, 2005) ...................................................... 8

Boisson v. Banian, Ltd.,
 273 F.3d 262 (2d Cir. 2001) ................................................................................. 2

Calderon v. Ashmus,
 523 U.S. 740 (1998) .............................................................................................. 2

Calhoun v. Lillenas Publ'g,
 298 F.3d 1228 (11th Cir. 2002) ............................................................................ 8

Cavalier v. Random House, Inc.,
 297 F.3d 815 (9th Cir. 2002) ................................................................................ 3

Cosmos Jewelry, Ltd. v. Po Sun Hon Co.,
 2006 WL 5105219 (C.D. Cal. April 5, 2006) ....................................................... 8

Costello v. Loew's Inc.,
 159 F. Supp. 782 (D.D.C. 1958) ........................................................................... 3

Davis v. Town of Lake Park, Fla.,
 245 F.3d 1232 (11th Cir. 2001) ............................................................................ 5

DeCarlo v. Fry,
 141 F.3d 56 (2d Cir. 1998) ................................................................................... 5

Digital Envoy, Inc. v. Google, Inc.,
 2006 WL 824412 (N.D. Cal. 2006) ...................................................................... 2

Dunn & Fenley, LLC v. Allen,
  2004 WL 2609383 (D. Or. 2004)..................................................................................4

Educ. Testing Serv. v. Simon,
  95 F. Supp. 2d 1081 (C.D. Cal. 1999)..........................................................................4

El-Hakem v. BJY Inc.,
  415 F.3d 1068 (9th Cir. 2005) .....................................................................................9

Entert. Research Group, Inc. v. Genesis Creative Group, Inc.,
  122 F.3d 1211 (9th Cir. 1997) .....................................................................................5

Express, LLC v. Fetish Group, Inc.,
  424 F. Supp. 2d 1211 (C.D. Cal. 2006)........................................................................4

Filipovich v. K & R Exp. Systems, Inc.,
  391 F.3d 859 (7th Cir. 2004) .......................................................................................5

Gladwell Gov't Servs., Inc. v. County of Marin,
  2005 WL 2656964 (N.D. Cal. 2005)............................................................................2

Granite Music Corp. v. United Artists Corp.,
  532 F.2d 718 (9th Cir. 1976) .............................................................................8, 9, 11

Hamil Am., Inc. v. GFI,
  193 F.3d 92 (2d Cir. 1999) ..........................................................................................2

Harper & Row Pub., Inc. v. Nation Enter.,
  471 U.S. 539 (1985) ....................................................................................................4

Herbert Rosenthal Jewelry Corp. v. Kalpakian,
  446 F.2d 738 (9th Cir. 1971) .....................................................................................11

Idema v. Dreamworks, Inc.,
  162 F. Supp. 2d 1129 (C.D. Cal. 2001)........................................................................8

Inamed Corp. v. Kuzmak,
  275 F. Supp. 2d 1100 (C.D. Cal. 2002)........................................................................9

Jean-Louis v. N. Shore Univ. Hosp. at Plainview,
  2007 WL 4409937 (E.D.N.Y. 2007)..........................................................................12

John L. Perry Studio, Inc v. Wernick,
  597 F.2d 1308 (9th Cir. 1979) .....................................................................................8

Kamar Int'l, Inc. v. Russ Berrie & Co.,
  657 F.2d 1059 (9th Cir. 1981) .....................................................................................7

Keeler Brass Co. v. Cont'l Brass Co.,
  862 F.2d 1063 (4th Cir. 1988) .....................................................................................7

Lipton v. Nature Co.,
 71 F.3d 464 (2d Cir. 1995) ..................................................................................4

Mars Inc. v. JCM Am. Corp.,
 2008 U.S. Dist. LEXIS 21089 (D.N.J. 2008) ....................................................6

Metro-Goldwyn-Mayer, Inc. v. Amer. Honda Motor Co., Inc.,
 900 F. Supp. 1287 (C.D. Cal. 1995) ..................................................................8

Nelson v. Silverman,
 888 F. Supp. 1041 (S.D. Cal. 1995) .................................................................11

Newton v. Diamond,
 388 F.3d 1189 (9th Cir. 2004) ...........................................................................4

Nicholls v. Tufenkian Import/Export Ventures, Inc.,
 367 F. Supp. 2d 514 (S.D.N.Y. 2005) ...............................................................8

Overman v. Loesser,
 205 F.2d 521 (9th Cir. 1953) .............................................................................8

Pfizer Inc v. Ranbazy Labs Ltd,
 457 F.3d 1284 (Fed. Cir. 2006) .........................................................................6

Positive Black Talk, Inc. v. Cash Money Records, Inc.,
 394 F.3d 357 (5th Cir. 2004) .............................................................................8

Rapture Shipping Ltd. v. Allround Fuel Trading B.V.,
 350 F. Supp. 2d 369 (S.D.N.Y. 2004) ...............................................................6

Reeves v. Sanderson Plumbing Prods., Inc.,
 530 U.S. 133 (2000) .........................................................................................12

Rice v. Fox Broadcasting Co.,
 148 F. Supp. 2d 1029 (C.D. Cal. 2001), rev'd in part on other grounds, 330 F.3d 1170 (9th Cir. 2003) ..........................................................................8

Rogers v. Koons,
 960 F.2d 301 (2d Cir. 1992) ..............................................................................4

Roth Greeting Cards v. United Card Co.,
 429 F.2d 1106 (9th Cir. 1970) .........................................................................10

Sea Trade Co. Ltd. v. Fleetboston Fin. Corp.,
 2008 WL 4129620 (S.D.N.Y 2008) ..................................................................6

Segrets, Inc. v. Gillman Knitwear Co.,
 207 F.3d 56 (1st Cir. 2000) ................................................................................4

Southern Cal. Retail Clerks Union v. Bjorklund,
 728 F.2d 1262 (9th Cir. 1984) ...........................................................................9

Spectravest, Inc. v. Mervyn's Inc.,
  673 F. Supp. 1486 (N.D. Cal. 1987) .......................................................... 4

Sturdza v. United Arab Emirates,
  281 F.3d 1287 (D.C. Cir. 2002) ................................................................. 2

Three Boys Music Corp. v. Bolton,
  212 F.3d 477 (9th Cir. 2000) ..................................................................... 8

Transgo Inc. v. Ajac Transm. Parts Co.,
  768 F.2d 1001 (9th Cir. 1985) ................................................................... 7

Triton Energy Corp. v. Square D Co.,
  68 F.3d 1216 (9th Cir.1995) .................................................................... 11

U.S. v. First Nat. Bank of Circle,
  652 F.2d 882 (9th Cir. 1981) ..................................................................... 9

Warner Bros. Inc. v. Am. Broadcasting Cos., Inc.,
  654 F.2d 204 (2nd Cir. 1981) ................................................................... 11

Well-Made Toy Mfg. Corp. v. Goffa Intern. Corp.,
  210 F. Supp. 2d 147 (E.D.N.Y. 2002) ..................................................... 10

Winarto v. Toshiba Am. Elecs. Components,
  274 F.3d 1276 (9th Cir. 2001) ........................................................... 11, 12

Worth v. Selchow & Righter Co.,
  827 F.2d 569 (9th Cir. 1987) ..................................................................... 4

**Statutes**

Fed. R. Civ. P. 50 ............................................................................................ 5

# I. MATTEL IS ENTITLED TO JMOL ON SUBSTANTIAL SIMILARITY

## A. Mattel Does Not Seek An Advisory Opinion

What Mattel seeks is unexceptional: a ruling on a disputed issue that would provide an alternative basis for the Court's permanent injunction order. MGA continues to urge that the Court erred in granting an injunction because the jury found that only the first wave dolls infringe and the use of a general verdict violated MGA's rights.[1] These arguments will be immaterial if the Court rules, as it should, that no reasonable jury could find that all core Bratz dolls are not infringing. Neither mootness nor ripeness bars the common practice of granting relief on alternative grounds *even when a final order has already issued*: "A case is not moot for purposes of standing if an alternative ground for judgment has been disposed of in a plaintiff's favor. . . . [A] plaintiff's stake in alternative grounds for judgment is high even if the plaintiff prevails on the first ground - in the event that one is appealed and reversed, the plaintiff will still gain judgment if the other is preserved."[2] And here, no final order has issued. The Court stayed its December 3 Orders precisely so the Court *could*, if appropriate, modify them in light of the JMOLs. Had the injunction motion been briefed contemporaneously with the JMOLs, the Court could have issued a single Order holding that (1) the jury did not find only first wave infringement *and* (2) any such finding would be immaterial in any event because Mattel is entitled to JMOL on infringement as to all core Bratz dolls. The happenstance of the briefing sequence does not create Article III problems. Mattel had no choice but to file when it did,

---

[1] See, e.g., MGA's Ex Parte App. and Mtn. For Stay Pending Appeal (Redacted), dated December 9, 2008, at 11-13; Emerg. Mtn. For Stay Pending Appeal (Redacted), dated December 19, 2008, at 28-38, Decl. of B. Dylan Proctor filed concurrently herewith ("Proctor Dec."), Exhs. 1, 2.
[2] Molinary v. Powell Mountain Coal Co., Inc., 76 F. Supp. 2d 695, 700-01 (W.D. Va. 1999) ("Molinary essentially seeks to extend the notion of 'constitutional mootness' to include situations where no underlying facts and no law have changed, but where the plaintiff pleads alternative grounds for relief, and one is either granted or rejected. There is simply no support for this proposition."). See also Holliday v. Xerox Corp., 732 F.2d 548, 550 (6th Cir. 1984) (affirming district court's order dismissing and, in the alternative, granting partial summary judgment on one count of complaint). Arguing in the alternative is common practice. See, e.g., Smith v. Boyle, 144 F.3d 1060, 1065 (7th Cir. 1998) (plaintiff opposing motion to dismiss "can of course argue in the alternative"). In fact, MGA argues in its own JMOL, as to the same issue, that although "[t]he MGA parties maintain that their interpretation of the jury's findings is the correct one," if the Court were to disagree, "the MGA parties renew their request for judgment as a matter of law on this issue." (MGA's Mot. for JMOL at 21.)

and no choice but to renew its motion on pain of waiver. The Court can support its not-yet-final injunction Order on alternative grounds by granting Mattel's JMOL on this issue.[3]

### B. The Evidence Establishes Substantial Similarity As A Matter Of Law

MGA claims it presented "a vast array of countervailing evidence" at trial to show no substantial similarity, citing testimony by Leahy and Garcia about changes made to the sculpts, face paint, hair and fashions, and insists the Court cannot "inquire into these witnesses' credibility in the context of Mattel's JMOL." (Opp. at 13-14.) Substantial similarity in this case turns on a visual analysis. No amount of lay testimony about the process of creating Bratz dolls can change what they look like.

"[T]he question" in evaluating substantial similarity "is whether [defendant's] end product (his revised design) is substantially similar to [plaintiff's], **not how it got that way**." Sturdza v. United Arab Emirates, 281 F.3d 1287, 1300 (D.C. Cir. 2002) (emphasis added). For this reason, credibility is not an issue when it comes to substantial similarity between visual works -- the visuals control. See, e.g., Boisson v. Banian, Ltd., 273 F.3d 262, 272-73 (2d Cir. 2001) ("We review de novo the district court's determination with respect to substantial similarity because credibility is not at stake and all that is required is a visual comparison of the products - a task we may perform as well as the district court."); Hamil Am., Inc. v. GFI, 193 F.3d 92, 102 (2d Cir. 1999) ("we review the district court's finding of substantial similarity *de novo*, because 'what is required is only a visual comparison of the works, rather than credibility, which we are in as good a position to decide as was the district court'"); Atari, Inc. v. North Am. Philips Consumer Elec. Corp., 672 F.2d 607, 614 (7th Cir. 1982) ("the determination of copyright infringement (or lack thereof) is predicated upon an ocular comparison of the works themselves and does not

---

[3] MGA cites no contrary authority. Both Digital Envoy, Inc. v. Google, Inc., 2006 WL 824412, at *3 (N.D. Cal. 2006), and Gladwell Gov't Servs., Inc. v. County of Marin, 2005 WL 2656964, at *2 (N.D. Cal. 2005), arose in the unique context of a defendant's pursuit of a counterclaim for declaratory relief (in one case, a declaration of non-infringement) following the entry of final orders dismissing plaintiff's claims. In neither of those cases would granting the moot counterclaims have provided alternative grounds to support the claim-dismissal orders. Calderon v. Ashmus, 523 U.S. 740, 747 (1998), involved a prospective habeas petitioner seeking (footnote continued)

involve any material credibility issues."). The testimony of MGA's lay witnesses about how they made the dolls or supposed differences cannot negate the actual and apparent similarities between the works. See Costello v. Loew's Inc., 159 F. Supp. 782, 789 (D.D.C. 1958) ("No amount of expert or lay testimony as to fancied similarities could change the obvious content of the exhibits before the court.").[4]

A visual comparison between Mattel's works and the dolls in evidence before the jury establishes, as a matter of law, that both the extrinsic and intrinsic tests are satisfied. No reasonable juror could fail to recognize the substantial similarity between Bryant's designs and the dolls, taking into account the particularized expression of the lips, eyes, and eyebrows, the minimalized noses, the thin, small bodies and all the other similarities as to protected elements. No reasonable juror could fail to conclude that, from the perspective of a 7-12 year old girl, the dolls express the unique style and distinct look and feel of Bryant's designs.[5]

The Court itself has already conducted a similar visual comparison to rule on the injunction motion. While the Court examined additional dolls that MGA failed to produce for trial, the elements emphasized by the Court in its Order confirm that a reasonable juror, applying the same tests to the evidence at trial, would have to find substantial similarity. There is a "consistency," the Court recognized, to "the particularized expression of certain anatomical features relative to others (most notably the doll lips, doll eyes, doll eyebrows and certain other features) and de-emphasis of certain anatomical features (most notably the minimalized doll nose and thin, small doll bodies). (Dec. 3 Order at 11.) "[T]he particularized, synergistic compilation and expression of the human form and anatomy ...

---

declaratory relief as to a prospective defense ***in advance*** of his request for relief. None of MGA's cases suggests the Court cannot base its rulings on alternative grounds.
[4] In any case, this testimony itself supports a finding of substantial similarity. For example, Leahy herself admitted that the final sculpt included the protectable elements of Mattel's copyrighted works. Trial Tr. at 6846:16-6847:10.
[5] Both the extrinsic and intrinsic tests turn on visual comparisons of the works at issue -- under the extrinsic test, "a court looks to the similarity of the objective details in appearance," and the "'intrinsic test' is a subjective comparison that focuses on 'whether the ordinary, reasonable audience' would find the works substantially similar in the 'total concept and feel of the works.'" Cavalier v. Random House, Inc., 297 F.3d 815, 822, 826 (9th Cir. 2002).

1  quite clearly expresses a unique style and conveys a distinct look or attitude, especially as
2  perceived by the intended consumer market (7-12 year old girls)."  (Id. at 11.)
3      No reasonable juror could find differently.[6]  There is no dispute that the core Bratz
4  sculpt "has remained constant throughout the near-entirety of the 'core' Bratz fashion doll
5  line from 2001 to present."  (Opp. at 15.)  That sculpt infringes Mattel's works, and all the
6  dolls "are embodiments" of the sculpt.  (Dec. 3 Order at 10-11.)  As a matter of law,
7  MGA's addition of any non-infringing materials cannot avoid infringement.[7]  Where
8  substantial similarity is as clear as it is here -- all the dolls embody the original sculpt,
9  which clearly is substantially similar to Mattel's works -- courts resolve the issue as a
10 matter of law.[8]  In fact, in an appropriate case a court may rule as a matter of law that the

---

[6] MGA accuses Mattel of relying on evidence that was not admitted at trial (Opp. at 19), but Mattel's motion did not cite to any such evidence.  MGA also claims, wrongly, that absent the Hollander declaration there is no evidence showing satisfaction of the intrinsic test (Opp. at 19), but the only evidence needed to determine substantial similarity -- under both the extrinsic and intrinsic tests -- is the copyrighted works and the dolls themselves.  Furthermore, as explained below, MGA is judicially estopped from contesting substantial similarity under the intrinsic test.
[7] "[T]he relevant inquiry is whether a substantial portion *of the protectable material in the plaintiff's work* was appropriated--*not* whether a substantial portion of defendant's work was derived from plaintiff's work."  Worth v. Selchow & Righter Co., 827 F.2d 569, 570 n.1 (9th Cir. 1987) (emph. added).  See Harper & Row Pub., Inc. v. Nation Enter., 471 U.S. 539, 565 (1985) ("a taking may not be excused merely because it is insubstantial with respect to the infringing work .... '[N]o plagiarist can excuse the wrong by showing how much of his work he did not pirate.'"); Newton v. Diamond, 388 F.3d 1189, 1195 (9th Cir. 2004) ("[A] contrary rule that measured the significance of the copied segment in the defendant's work would allow an unscrupulous defendant to copy large or qualitatively significant portions of another's work and escape liability by burying them beneath non-infringing material in the defendant's own work, even where the average audience might recognize the appropriation."); 4 Nimmer, NIMMER ON COPYRIGHT, § 13.03[A][2], at 13-46 ("The question in each case is whether the similarity relates to matter that constitutes a substantial portion of plaintiff's work - not whether such material constitutes a substantial portion of defendant's work.").
[8] See, e.g., Segrets, Inc. v. Gillman Knitwear Co., 207 F.3d 56, 62 (1st Cir. 2000) (affirming finding of substantial similarity at summary judgment); Lipton v. Nature Co., 71 F.3d 464, 471 (2d Cir. 1995) (same); Rogers v. Koons, 960 F.2d 301, 308 (2d Cir. 1992) (same: "we conclude that no reasonable jury could have differed on the issue of substantial similarity."); Express, LLC v. Fetish Group, Inc., 424 F. Supp. 2d 1211, 1228-29 (C.D. Cal. 2006) (granting summary judgment of infringement where "[l]ooking at the two garments as a whole compels" conclusion of substantial similarity); Dunn & Fenley, LLC v. Allen, 2004 WL 2609383, at *4 (D. Or. 2004) ("Based upon a careful side by side comparison of the parties' works, I conclude that a reasonable trier of fact could only find that the subjective, 'intrinsic' test is satisfied.... Because a trier of fact could only conclude that both tests of substantial similarity are satisfied, plaintiff is entitled to summary judgment on the copyright infringement claim."); Educ. Testing Serv. v. Simon, 95 F. Supp. 2d 1081, 1088 (C.D. Cal. 1999) (granting summary judgment of infringement); Asia Entert., Inc. v. Nguyen, 1996 WL 652767, at *6-7 (C.D. Cal. 1996) (same); Atari Games Corp. v. Nintendo of Am., Inc., 1993 WL 207548, at * 9 (N.D. Cal. 1993) (same); Spectravest, Inc. v. Mervyn's Inc., 673 F.Supp. 1486, 1492-93 (N.D. Cal. 1987) (same); 3-12 Nimmer, NIMMER ON COPYRIGHT, § 12.10[B][3] ("if the resemblance is so overwhelming as to mandate a finding of substantial similarity, the court should grant summary judgment to plaintiff.").

differences between two-dimensional and three-dimensional works are so "trivial" that the latter is ***not even protectable*** as an original work of authorship. Entert. Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1223 (9th Cir. 1997) ("because ERG's costumes are 'instantly identifiable as embodiments' of the underlying copyrighted characters in 'yet another form,' no reasonable juror could conclude that there are any 'non-trivial' artistic differences between the underlying cartoon characters and the immediately recognizable costumes that ERG has designed and manufactured."). The Court should find substantial similarity as a matter of law here.[9]

MGA claims the Court's denial of Mattel's motion for summary judgment requires denial of the JMOL. (Opp. at 19.) There is no such rule, especially where, as here, the record at trial was different from the record on summary judgment,[10] and ownership had not yet been decided and the Court had not yet identified the protectable elements of Mattel's works at that time.[11] MGA also argues that entry of JMOL would somehow impinge upon its "constitutional right to a jury verdict" (Opp. at 20), but a court's proper entry of JMOL does not violate the Seventh Amendment.[12] No reasonable juror correctly applying the relevant tests could conclude that the core Bratz dolls are non-infringing. Nothing precludes the grant of JMOL in this context.[13]

---

[9] MGA argues the jury "could have easily concluded" that "the first generation clothing" was infringing (Opp. at 15-16), suggesting that putative finding shows that the sculpt is not. They are not mutually exclusive -- both infringe -- and in any case what the jury found or did not find is irrelevant here, where the question is what a reasonable jury would have to find.
[10] Both sides relied on testimony from visual design experts at summary judgment -- and the Court, in denying Mattel's motion, cited MGA's expert -- but neither testified at trial.
[11] Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1236-37 (11th Cir. 2001) (when ruling on JMOL, court need not adhere to earlier ruling at summary judgment stage); Filipovich v. K & R Exp. Systems, Inc., 391 F.3d 859, 863 (7th Cir. 2004) (same); DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (same).
[12] See, e.g., Anderson v. Academy School Dist. 20, 122 Fed. Appx. 912, 2004 WL 2757938, at *2 (10th Cir. 2004) ("the entry of judgment as a matter of law does not contravene the Seventh Amendment guarantee of trial by jury"); Fed. R. Civ. P. 50 Ad. Comm. Notes (1991 Amend.) ("action taken under [Rule 50] is a performance of the court's duty to assure enforcement of the controlling law and is not an intrusion on any responsibility for factual determinations conferred on the jury by the Seventh Amendment or any other provision of federal law").
[13] MGA notes the Court's statement that if the jury had awarded "an amount equal to the amount of profits generated by the first generation Bratz dolls, the Court would find . . . that the jury implicitly found infringement as to the first generation Bratz dolls only." (Opp. at 21 (citing Dec. 3, Order at 9).) The Court's analysis of what the jury actually found (or did not find) has no bearing on what the jury was ***required*** to find based on the law and evidence. MGA's nonsensical argument that the amount of the jury's damages verdict is somehow "inconsistent with Mattel's (footnote continued)

1     Finally, estoppel also supports the requested JMOL. MGA does not deny that it
2  alleged, in numerous prior cases, that competitors' dolls (Funky Tweenz, Trendy Teenz,
3  Scampz, etc.) copied and infringed the Bryant drawings owned by Mattel; it cannot now
4  claim otherwise. A reasonable jury would have to find that the Bratz dolls are ***more***
5  similar to Bryant's drawings than these non-Bratz dolls. MGA may not previously have
6  alleged that "Bratz dolls were substantially similar to the Bryant drawings" (Opp. at 23),
7  but that conclusion follows from the allegations it did make.[14] MGA's binding assertions
8  make JMOL as to substantial similarity proper.[15]

## II.     MATTEL IS ENTITLED TO JMOL ON INDEPENDENT CREATION

### A.     MGA Waived Independent Creation

As MGA acknowledged at trial, the burden of proof as to independent creation in this Circuit rests on the defendants: "[T]he way the cases discuss the burden shifting is almost like a bursting bubble, that Mattel says, okay, you had access and they're

---

requested judgment as a matter of law" (Opp. at 22) fails for the same reason: the question now before the Court is what a reasonable jury would have to find.

[14] The Court has previously recognized the inconsistency of MGA's positions. Trial Tr. at 5387:9-15 ("What's really troublesome about this is, in Hong Kong, MGA was saying the drawings and the dolls, grouped together essentially, look just like these other dolls. And here, they're trying to draw the distinction that the drawings don't look anything like the dolls. I really think that there's some serious problem with that position."). In fact, Larian himself testified at trial that a later Bratz character had "more similarity to the first four Bratz dolls than [to Mini Trendy Teenz]," one of the dolls that MGA had sued on. Trial Tr. 6159:13-18.

[15] MGA asserts the inconsistencies in its positions should be overlooked because its prior statements were made in a foreign jurisdiction, here Hong Kong. That misapprehends the law. "[C]ourts are especially inclined to extend comity to foreign proceedings when a party in a subsequent proceeding in the United States makes 'arguments [that] smack of inconsistencies seemingly designed to game the system.'" Sea Trade Co. Ltd. v. Fleetboston Fin. Corp., 2008 WL 4129620, at *5 (S.D.N.Y 2008) (applying estoppel to statements made in Argentina); see Rapture Shipping Ltd. v. Allround Fuel Trading B.V., 350 F. Supp. 2d 369, 374-75 (S.D.N.Y. 2004) (applying estoppel to statements made in The Netherlands); A.I. Trade Finance, Inc. v. Centro Internationale Handelsbank AG, 926 F. Supp. 378, 389-90 (S.D.N.Y. 1996) (applying estoppel to proceedings in Austria). The cases cited by MGA do not establish otherwise. In Pfizer Inc v. Ranbazy Labs Ltd, 457 F.3d 1284, 1290 (Fed. Cir. 2006), the court denied estoppel effect not because a foreign court was involved but because the challenged claims had been made with respect to patentability requirements "unique to Danish and European law." In Mars Inc. v. JCM Am. Corp., 2008 U.S. Dist. LEXIS 21089, at *39 (D.N.J. 2008), the court noted that "different burdens of proof and issues of law and fact" complicated the claim of inconsistency, and held that the defendant "has not shown the requisite bad faith or affront to judicial integrity; *the mere fact that Mars elected a different litigation tactic in that action than in this one does not amount to an admission of the invalidity claim*." (emphasis added). MGA relies on the Court's statement that Hong Kong lacked an "extrinsic analysis." See Opp. at 23 n.32. But having admitted that Hong Kong law's substantial similarity analysis at least includes the intrinsic test, see Trial Tr. 5404:1-2, MGA offers no reason why it should not be estopped at least as to that, even if it were not estopped as to the extrinsic test as well.

substantially similar. The burden at some point comes back to us, and when we start our case later today, ***that burden will be on us to show we didn't copy***."[16] Rule 8(c) requires affirmative pleading of any "matter constituting an avoidance or affirmative defense." As counsel recognized, and as this Court properly instructed the jury, "Defendants bear the burden of proof on the issue of independent creation."[17] MGA waived its independent creation defense by failing to assert it in answer to Mattel's counterclaims, in its interrogatory responses or in the Final Pretrial Conference Order.

Relying on a decision from the Fourth Circuit that explicitly declined to follow the controlling authorities in *this* Circuit, MGA argues it did not waive because independent creation "is not an affirmative defense" and "defendants therefore do not have the burden of persuasion for independent creation." (Opp. at 9-10, quoting Keeler Brass Co. v. Cont'l Brass Co., 862 F.2d 1063, 1066 (4th Cir. 1988)). Ninth Circuit law controls. The two cases Keeler declined to follow both recognize, as this Court instructed the jury and as do other cases in this Circuit, that the defendant bears the burden of proving independent creation. Transgo Inc. v. Ajac Transm. Parts Co., 768 F.2d 1001, 1018 (9th Cir. 1985) ("Once a plaintiff has demonstrated that a defendant had access to the copyrighted work and that the defendant's work is substantially similar to the copyrighted work, ***the burden shifts to the defendant to prove that the defendant's work was not a copy, but was independently created***.") (emphasis added);[18] Kamar Int'l, Inc. v. Russ Berrie & Co., 657 F.2d 1059, 1062 (9th Cir. 1981) ("copying is ordinarily established indirectly. The plaintiff demonstrates that the defendant had access to the copyrighted items, and that the defendant's product is substantially similar to plaintiffs' work. Once this is done, ***the burden shifts to the defendant to prove his work was not copied, but independently***

---

[16] Trial Tr. at 6514:7-13 (emphasis added).
[17] Phase B Jury Instruction No. 29, Proctor Dec., Exh.4.
[18] Transgo is the only case cited by the Ninth Circuit Model Civil Jury Instructions as authority on independent creation. Ninth Cir. Model Civil Jury Instr. 17.15 (2007) ("Regarding access, substantial similarity, and independent creation, see Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1018 (9th Cir.1985)").

*created*.") (emphasis added).[19]

Ignoring these directives, MGA claims the Ninth Circuit has previously ruled that in copyright cases "'[t]he burden of proof, i.e., the risk of non-persuasion, remains on the plaintiff throughout the case.'" (Opp. at 10, quoting Granite Music Corp. v. United Artists Corp., 532 F.2d 718, 723 (9th Cir. 1976)). The quoted language is dictum from Overman v. Loesser, 205 F.2d 521 (9th Cir. 1953), which Granite, through the use of italics, limited to its holding: once a plaintiff establishes a prima facie case of copying, the defendant must come forward with enough evidence to "*change[] the situation . . . . And the stronger the prima facie case established by the plaintiff, the correspondingly more persuasive must the evidence be in rebuttal*." 532 F.2d at 723. Granite rejected what it termed the "faulty interpretation" of Overman by Nimmer that "'*the defendant may be held to a standard of proof of strong, convincing and persuasive evidence* beyond merely the preponderance of evidence, although short of the 'reasonable doubt' criminal standard.'" Id. at 722 (quoting Nimmer § 139.4 at 606). Granite rejects placing a **heightened** burden of proof on defendants, not placing the burden on them in the first place.[20]

---

[19] See also Three Boys Music Corp. v. Bolton, 212 F.3d 477, 486 (9th Cir. 2000) ("By establishing reasonable access and substantial similarity, a copyright plaintiff creates a presumption of copying. **The burden shifts to the defendant to rebut that presumption through proof of independent creation**.") (emph. added); John L. Perry Studio, Inc v. Wernick, 597 F.2d 1308, 1310 (9th Cir. 1979) ("the District Court **correctly shifted the burden of persuasion** to the alleged infringers, requiring them to show that the Williams seagulls were independently created") (emph. added); Bethea v. Burnett, 2005 WL 1720631, at *15 (C.D. Cal. June 28, 2005) ("Independent creation is an affirmative defense to copyright infringement"); Rice v. Fox Broadcasting Co., 148 F. Supp. 2d 1029, 1061 (C.D. Cal. 2001) ("Independent creation is an affirmative defense to infringement. . . ."), rev'd in part on other grounds, 330 F.3d 1170 (9th Cir. 2003); Metro-Goldwyn-Mayer, Inc. v. Amer. Honda Motor Co., Inc., 900 F. Supp. 1287, 1299 (C.D. Cal. 1995) (defendant bears burden "to show that the defendant's work was not a copy but rather was independently created"). See also Nicholls v. Tufenkian Import/Export Ventures, Inc., 367 F. Supp. 2d 514, 524 (S.D.N.Y. 2005) (independent creation is an affirmative defense). In addition to Keeler, MGA relies on the Eleventh Circuit's decision in Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1230 n.3 (11th Cir. 2002), which addresses independent creation in a footnote, citing only to Keeler. Nimmer, after noting the disagreement between the Ninth Circuit and the Fourth Circuit on independent creation, refers to Calhoun as "particularly unfortunate" because it required plaintiffs to affirmatively disprove defendants' evidence of independent creation, an unwarranted demand. 3-12 Nimmer, NIMMER ON COPYRIGHT § 12.10.[B][2][b], at 12-187, n. 65.3. Cosmos Jewelry, Ltd. v. Po Sun Hon Co., 2006 WL 5105219 (C.D. Cal. April 5, 2006), one of only two cases from this District cited by MGA, relies solely on Calhoun in the one pertinent sentence in its order. The other case, Idema v. Dreamworks, Inc., 162 F. Supp. 2d 1129, 1171 (C.D. Cal. 2001), says only that independent creation is a defense invoked "after a prima facie case of unlawful copying is made."

[20] See Positive Black Talk, Inc. v. Cash Money Records, Inc., 394 F.3d 357, 372 (5th Cir. 2004) (citing Granite for proposition that "[a] defendant need only prove independent creation by a (footnote continued)

1  In any case, MGA waived its independent creation theory, whether it bore the burden of proof or not. MGA does not dispute its failure to disclose it in the FPCO. Regardless of burden, that was a waiver: "Because parties have a duty to advance any and all theories in the pretrial order, BJY had a duty to assert its theory that it would have made the same decision to terminate El-Hakem even if a retaliatory motive also existed. BJY's contention that it did not have this duty because El-Hakem has the burden of proof is without merit. ***A defendant must enumerate its defenses in a pretrial order even if the plaintiff has the burden of proof***." El-Hakem v. BJY Inc., 415 F.3d 1068, 1077 (9th Cir. 2005) (emphasis added).[21]

MGA argues that the inclusion of a jury instruction on independent creation -- even though the instruction itself shows that MGA bore the burden and hence waived -- proves that the Court "has already recognized the propriety of MGA's evidence of independent creation." (Opp. at 10). In fact, the Court recognized that "there is an issue as to whether or not independent creation was properly raised," and that "this issue can certainly be reconsidered as a matter of law, regardless of what the jury does, post verdict in terms of your JMOL."[22] Mattel's JMOL should now be granted.

---

preponderance of the evidence to rebut the presumption of factual copying that arises from a plaintiff's evidence of access and probative similarity."); John L. Perry Studio, 597 F.2d at 1310 (citing Granite for the proposition that defendants bear "burden of persuasion" as to independent creation).

[21] See also Southern Cal. Retail Clerks Union v. Bjorklund, 728 F.2d 1262, 1264 (9th Cir. 1984) (finding waiver of agency defense: "We have consistently held that issues not preserved in the pretrial order have been eliminated from the action."); U.S. v. First Nat. Bank of Circle, 652 F.2d 882, 886-87 (9th Cir. 1981) ("nor may a party offer evidence or advance theories at the trial which are not included in the [FPCO] or which contradict its terms"). MGA has previously claimed that it "asserted" independent creation in its responses to Mattel's Interrogatories. See MGA's Resp. to Objs. to MGA's Revised Disputed [Proposed] Jury Instrs., dated July 29, 2008, at 156-57, Proctor Dec., Exh. 5. The responses MGA cites fail to do so. See MGA's Second Supp. Resp. to Mattel's Revised Third Set of Interrogs., dated January 7, 2008, at 18, 29-30, 48, Proctor Dec., Exh. 6. MGA failed to disclose its alleged independent creation defense in response to any Mattel interrogatory, including the one seeking all facts supporting its contention "that any Bratz dolls are not based on Bratz designs created by Bryant on or before October 19, 2000." See MGA's Third Supp. Resp. to Mattel's Amended Fourth Set of Interrogs., dated January 28, 2008, Proctor Dec., Exh. 7. That too was a waiver. See, e.g., Inamed Corp. v. Kuzmak, 275 F. Supp. 2d 1100, 1117-18 (C.D. Cal. 2002) (precluding party from relying on lack of authority defense not disclosed in interrogatory responses).

[22] Trial Tr. at 8075:5-20.

### B. MGA's Independent Creation Defense Fails on the Merits

In any event, no reasonable juror could find for MGA as to independent creation. Independent creation requires an accused infringer to show that he created the work prior to or wholly independent of the infringed work, as this Court has recognized: "If somebody else at MGA had independently created this doll, without incorporating into it, and using as a reference point the Carter Bryant drawings, then that would be independent creation."[23] The doctrine is designed to avoid improper findings of infringement when similarities between two works are merely coincidental.[24] The similarities here are far from a coincidence, as MGA's repeated admissions show.

MGA claims it presented "compelling evidence of independent creation" (Opp. at 11), but offers not even a single example of this "compelling evidence." The evidence established not only that MGA had access to Bryant's designs, but that they were the undisputed "inspiration" for the Bratz dolls. No inference is necessary: Paula Garcia admitted "the exercise was to create a 3D version of those 2D drawings" and that she "tried to stay true" to Bryant's vision.[25] As the Court recognized, "there's been no source material, other than Carter Bryant's drawings . . . and that's part of what you [MGA] need to establish for this independent creation."[26] A fleeting reference by Leahy to Steve Madden is hardly enough to dispute Bryant's testimony that the final Bratz sculpt was created based on his drawings,[27] Leahy's admissions that Bryant gave her his drawings so

---

[23] Trial Tr. at 6547:11-14.
[24] See, e.g., Roth Greeting Cards v. United Card Co., 429 F.2d 1106, 1110 (9th Cir. 1970) ("To constitute an infringement under the Act there must be substantial similarity between the infringing work and the work copyrighted; and that similarity must have been caused by the defendant's having copied the copyright holder's creation. The protection is thus against copying - not against any possible infringement caused when an independently created work coincidentally duplicates copyrighted material."); Well-Made Toy Mfg. Corp. v. Goffa Intern. Corp., 210 F. Supp. 2d 147, 159 (E.D.N.Y. 2002) ("In copyright, the explanation for the similarity matters. For there to be a violation of copyright protection, similarities must arise from actual copying, not mere coincidence. Proof of independent creation is an affirmative defense against a claim of infringement.").
[25] Trial Tr. 800:6-17; TX 10001, Declaration of Valerie Lozano, dated Dec. 22, 2008 ("Lozano Dec."), Exh. 11; see also Trial Tr. at 642:7-25; 644:25-645:6, 651:14-652:7.
[26] Trial Tr. at 6526:20-25.
[27] Trial Tr. at 6665:8-6666:10.

she could do the sculpt,[28] Garcia's testimony that she "asked [Leahy] to create a sculpt to match what she understood to be the drawings in Carter's portfolio," the admissions that Bryant's drawings were the "inspiration" for the dolls, or MGA's registrations listing the dolls as derivatives of the drawings.[29] And, in any case, MGA is estopped from denying that the drawings were the source material (Mtn. at 11-12). MGA admits it "argued" at trial that it "referred to Carter Bryant's work as a conceptual starting-off point, or as 'inspiration' for the first generation of Bratz dolls" (Opp. at 23 n.33), even as it concedes its need to show that the dolls "were created completely independently of the Bryant drawings." (Opp. at 11.) MGA cites no case, and Mattel is aware of none, finding independent creation where the infringing product so clearly was **not** created "independently"--where the similarities so clearly are not "coincidental."[30] Courts do not hesitate to grant judgments of infringement as a matter of law when proper.[31] The Court should do so here.[32]

### III. MATTEL IS ENTITLED TO JMOL ON CONCEALMENT

MGA makes much of Mattel's failure to note that Judge Wardlaw's opinion in

---

[28] Trial Tr. at 4311:15-4312:15; 6839:18-22.
[29] See Trial Tr. at 644:25-645:6; see also Trial Tr. (Larian) at 1649:12-17; 1654:4-6; 1654:12-14; 1656:21-23. 1664:5-9; 1700:19-24; 1749:10-14; 1750:22-1751:1; 1856:13-14; 1860:3-6; 6096:11-17; 6100:3-8; 6115:7-11; 6116:11-16; 6126:20-25; 6171:25-6172:1; 6172:5-17; Trial Tr. (Garcia) at 6868:3-7; TX 505 , 507, 509, 511, 557-564, Lozano Dec. Exhs. 15-26. See Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir.1995). ("The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient."); Nelson v. Silverman, 888 F. Supp. 1041, 1043 (S.D. Cal. 1995) ("The question is not whether there is no evidence supporting the party against whom the motion is directed but whether the evidence is sufficient for the jury to properly find a verdict for the party.").
[30] In fact, MGA's cases show how inapposite the defense is here. In Granite Music, the defendant denied ever having heard the infringed work. 532 F.2d at 719. In Herbert Rosenthal Jewelry Corp. v. Kalpakian, 446 F.2d 738, 741 (9th Cir. 1971), the court actually ruled that the independent creation defense was "not entirely satisfactory" because defendant had access to plaintiffs' works even though there *were* "identified sources" other than plaintiff's works there. Id. at 741-42. In Warner Bros. Inc. v. Am. Broadcasting Cos., Inc., 654 F.2d 204 (2nd Cir. 1981), the defendant never even alleged that the work was independently created. Id. at 206-207.
[31] See supra note 9.
[32] MGA's claim that designers of later wave dolls did not refer back to Bryant's designs is irrelevant. All the dolls use the same infringing sculpt, which clearly was not independently created, and in any case an infringer that bases later works (like later wave dolls) on prior *infringing* works (like first wave dolls) does not thereby "independently create" them and render them non-infringing. Derivative works are just as infringing as copies. 17 U.S.C. § 106(2) (copyright owner has exclusive right to "prepare derivative works"); 17 U.S.C. § 501 ("Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright or right of the author, as the case may be.").

1  Winarto v. Toshiba Am. Elecs. Components, 274 F.3d 1276, 1294 (9th Cir. 2001), was
2  concurring in part and dissenting in part, and once again seeks to reopen the already
3  decided question of when, as MGA puts it, Mattel first "should have suspected the facts"
4  giving rise to its claims. (Opp. at 7.) Any citation error certainly merits correction, and
5  appropriate regrets. But the proposition for which Winarto was cited, setting the JMOL
6  standard based on whether "a party has been fully heard on an issue and there is no legally
7  sufficient evidentiary basis for a reasonable jury to find for that party on that issue," is a
8  direct quote from the Supreme Court in Reeves v. Sanderson Plumbing Prods., Inc., 530
9  U.S. 133, 149 (2000), and hardly a matter of dispute. Nor can it genuinely be disputed that
10 Larian's conclusory denials need not be accepted when ruling as a matter of law.[33] Nor can
11 there be any dispute as to whether Mattel knew the facts giving rise to its claims before
12 2003. The absence of such knowledge is an element of fraudulent concealment, which the
13 jury found in its verdict against MGA,[34] and the Court already ruled that Mattel was not on
14 inquiry notice -- the standard MGA now urges applies to end tolling due to fraudulent
15 concealment -- before 2003.[35] A reasonable jury could only find concealment by Larian.

DATED: January 19, 2009           QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP


                                  By /s/ John B. Quinn
                                     John B. Quinn
                                     Attorneys for Mattel, Inc.

---

[33] Jean-Louis v. N. Shore Univ. Hosp. at Plainview, 2007 WL 4409937, at *3 (E.D.N.Y. 2007) ("the nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth 'concrete particulars' showing that a trial is needed") (discussing summary judgment).
[34] Phase 1(b) Verdict, Lozano Dec., Exh. 2.
[35] Further and Final Order Re Statue of Limitations Defense, dated June 2, 2008 (Docket No. 3902) at 2-3, Proctor Dec., Exh. 8.