Transcript of Proceedings (Jury Note)   8/22/2008 12:00:00 PM

```
 1           UNITED STATES DISTRICT COURT
 2          CENTRAL DISTRICT OF CALIFORNIA
 3                      ---
 4     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING
 5                      ---
 6   MATTEL, INC.,        : PAGES 8285 - 8298
                          :
 7       PLAINTIFF,       :
                          :
 8     VS.                : NO. ED CV04-09049-SGL
                          : [CONSOLIDATED WITH
 9   MGA ENTERTAINMENT, INC.,  : CV04-9059 & CV05-2727]
     ET AL.,              :
10                        :
         DEFENDANTS.      :
11
12
13
14
15       REPORTER'S TRANSCRIPT OF PROCEEDINGS
16            RIVERSIDE, CALIFORNIA
17           FRIDAY, AUGUST 22, 2008
18           JURY DELIBERATIONS - DAY 3
19
20
21
22          MARK SCHWEITZER, CSR, RPR, CRR
            OFFICIAL COURT REPORTER
23          UNITED STATES DISTRICT COURT
            181-H ROYBAL FEDERAL BUILDING
24          255 EAST TEMPLE STREET
            LOS ANGELES, CALIFORNIA 90012
25          (213) 663-3494
```

Transcript of Proceedings (Jury Note)   8/22/2008 12:00:00 PM

```
 1    Appearances of Counsel:
 2
 3    On Behalf of Mattel:
 4       Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
         By John B. Quinn, Esq.
 5          B. Dylan Proctor, Esq.
            Michael T. Zeller, Esq.
 6          Harry Olivar, Esq.
            John Corey, Esq.
 7          Diane Hutnyan, Esq.
            William Price, Esq.
 8       855 South Figueroa Street
         10th Floor
 9       Los Angeles, CA 90017
         (213) 624-7707
10
11
12    On Behalf of MGA Entertainment:
13       Skadden, Arps, Slate, Meagher & Flom LLP
         By Thomas J. Nolan, Esq.
14          Carl Alan Roth, Esq.
            Jason Russell, Esq.
15          Lauren Aguiar, Esq.
            David Hansen, Esq.
16          Matthew Sloan, Esq.
            Robert Herrington, Esq.
17       300 South Grand Avenue
         Los Angeles, CA 90071-3144
18       (213) 687-5000
19
20
21
22
23
24
25
```

Transcript of Proceedings (Jury Note)   8/22/2008 12:00:00 PM

1         I N D E X

2

3       MATTER:  JURY DELIBERATIONS DAY 3, JURY NOTE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Transcript of Proceedings (Jury Note)  8/22/2008 12:00:00 PM

1     Riverside, California; Friday, August 22, 2008

2               3:06 P.M.

3        THE COURT: Good afternoon, Counsel. The Court has

4    received the following note. Note No. 4 from the jury in

5    Mattel versus MGA. It's a two-part question. The first

6    question reads as follows: "Can we find that the first

7    generation dolls violate the copyright of Mattel but that

8    subsequent generations of dolls do not violate the

9    copyright?"

10       The second question, which I'll preface by saying

11   is not understandable or understood by the Court, reads as

12   follows: "Our dilemma, colon, appropriation of first

13   generation, $4 million profit."

14       Mr. Holmes will provide each of you a copy of this

15   note.

16       Counsel? Just so you know, my thoughts start off

17   the answer to the first question is easy enough. It's simply

18   a yes. The second one I'd be inclined to indicate that the

19   court does not understand what -- it's not even clear it is a

20   question, I guess, because there's no question mark. It's

21   just a statement.

22       MR. ROTH: Okay. Agreed, your Honor. I believe

23   that the answer to the first question is yes. I think the

24   second question may have resulted from the nature of our

25   damages presentation where we offered a -- a chart that had a

Transcript of Proceedings (Jury Note)   8/22/2008  12:00:00 PM

1   number of columns.

2       And that chart did not offer up apportionment

3   percentage for the first generation of dolls.  And that may

4   be where the jury is at.

5       THE COURT:  And you think that instead of the word

6   "appropriation," that they meant "apportionment"?

7       MR. ROTH:  That's what I'm assuming, obviously

8   without knowing.

9       THE COURT:  Okay.  What about the Court's proposal,

10  that I answer the first question yes, and as to the second

11  question, the Court does not understand the question.

12      MR. ROTH:  Perhaps we could ask if they meant

13  apportionment.

14      THE COURT:  But even if they meant apportionment, I

15  still don't understand the question.  Let's say we substitute

16  the word apportionment for appropriation.  What I have is

17  two, our dilemma, colon, apportionment of first generation,

18  $4 million profit.  What does that mean?

19      MR. ROTH:  Granted, your Honor, it doesn't appear

20  to be a question as opposed to a statement of a situation.

21  Again, our view would be that -- our assumption is that they

22  are talking about whether or not the apportionment concept

23  applies to the first generation.  That may go back to our

24  damages presentation, which did not offer an apportionment

25  percentage for that.

Transcript of Proceedings (Jury Note)   8/22/2008 12:00:00 PM

1  THE COURT: So what would you suggest the Court do?

2  If you disagree, I need some clear answers here. Do you

3  disagree with the Court's approach to say the Court does not

4  understand your second question, and if so, what alternative

5  language would you propose me sending to the jury?

6  MR. ROTH: I disagree with that and wonder if the

7  Court respectfully would ask if there's a question regarding

8  apportionment. Are you -- the question could be is the jury

9  wondering whether or not apportionment is appropriate for the

10  first generation of dolls.

11  THE COURT: Okay. Mr. Price?

12  MR. PRICE: I think the answer to the first

13  question is yes, obviously. The second question, I don't

14  think we should be trying to guess or speculate as to what

15  they are getting at. I think the Court should say we

16  don't -- I don't understand, we don't understand the second

17  question, if indeed it's a question. Or it might be just

18  saying that's why we're asking the first question.

19  Respectfully.

20  THE COURT: I do think that that is -- that was the

21  Court's initial inclination, and I think that's the better

22  way to go. First response, number one, I'm going to write

23  yes.

24  Number two, I'm going to say I do not understand

25  the question.

Transcript of Proceedings (Jury Note)  8/22/2008  12:00:00 PM

1  Instead of me guessing and trying to ask them is

2  this what you meant and have them come back with a yes or a

3  no and still be left not really to know what they are asking,

4  I think it's better to have them rephrase their question.

5      MR. KENNEDY:  That's what I was going to suggest.

6  Perhaps something a little less harsh than I don't know what

7  you're talking about.  The Court needs further clarification

8  or expansion.  Something other than get lost.

9      THE COURT:  I don't want to do the get lost

10  approach.  That's helpful.  The Court needs further

11  clarification regarding your second question.

12      MR. PRICE:  And the only problem is I'm not sure

13  it's a question.

14      THE COURT:  I'm not sure either.  But it's supposed

15  to be a question.

16      MR. PRICE:  How about further clarification

17  regarding number two.

18      THE COURT:  Okay.  So the way I've written it is

19  one, yes, two, the Court needs clarification regarding number

20  two.

21      That's what I'll send back to the jury.

22      Mr. Holmes, if you would provide that to the

23  marshal.  And that concludes the matter with Mattel versus

24  MGA.

25      Jury Note 5.

Transcript of Proceedings (Jury Note)   8/22/2008 12:00:00 PM

1    The Court received a fifth note. I received it

2    before four o'clock, and I was going to take a break at that

3    time, but then I received word that the jury had already left

4    for the weekend. So there was no point in doing so. So I

5    appreciate your patience. I did actually provide Mr. Holmes

6    a copy of the note to provide to you, which I trust you

7    received. Just for the record, I will read it into the

8    record.

9        "In attempting to come up with a damages award

10   regarding our verdict in Phase 1-A, what are options

11   regarding a starting point, if any, as per the jury

12   instructions to not rely on guesswork, conjecture,

13   et cetera?"

14       Then next part is crossed out. And it goes on to

15   say: "In reference to question 1, we are struggling with

16   this point."

17       The Court will certainly want to hear from both

18   counsel. My thought at this point is to simply respond as

19   follows: "Carefully review and consider all of the Court's

20   instructions regarding damages Instructions Nos. 36 through

21   46, inclusive."

22       I'll hear from counsel, though, if they have any

23   thoughts, countersuggestions or edits, et cetera.

24       MR. ROTH: Your Honor, Carl Roth on behalf of the

25   MGA parties. Given that the question appears to be focused

Transcript of Proceedings (Jury Note)  8/22/2008  12:00:00 PM

1   on question No. 1, we think that particular attention should

2   be made --

3       THE COURT:  You said on question No. 1?

4       MR. ROTH:  I think the -- it's the fourth question,

5   but if you look at the sixth line down --

6       THE COURT:  I see the reference to question 1.

7       MR. ROTH:  Exactly.  We think, and that deals with

8   the intentional interference claims.

9       THE COURT:  Mr. Holmes, the verdict form, please.

10      MR. ROTH:  We believe that particular focus should

11  be on the third paragraph of Jury Instruction 37, beginning

12  with Mattel must prove the amount of damages.  And then in

13  addition to that, the overall instruction regarding damages,

14  which is Jury Instruction No. 36, it looks like the word

15  guesswork comes from that instruction on line 7.  So our --

16      THE COURT:  I'm very reluctant ever to highlight or

17  point out a particular paragraph in an instruction, Counsel.

18  I'm really reluctant to emphasize a particular paragraph of

19  an instruction.  I'm more comfortable with referencing an

20  entire instruction, but the way the instructions are

21  carefully worded, I think a particular paragraph is

22  problematic.

23      MR. ROTH:  Understood.  It's just that it appeared

24  to us that the question would come directly from those

25  portions of the instructions.

Transcript of Proceedings (Jury Note)  8/22/2008  12:00:00 PM

1    THE COURT: What does the third paragraph tell

2    them? Mattel must prove the amount of damages. Mattel does

3    not have to prove the exact amount of damages. They must not

4    speculate. They got that part. They just don't know where

5    to go from there.

6    MR. ROTH: We believe the starting point is that

7    Mattel has the burden to prove the amount of damages. And

8    they must provide evidence such that the jury is not required

9    to speculate or guess in awarding damages.

10   THE COURT: Right. So you're not asking the Court

11   to give any additional instruction. You agree that we should

12   just refer to the instructions as given. You're asking the

13   Court, though, to have them focus just on that one paragraph.

14   MR. ROTH: That's correct, your Honor.

15   THE COURT: Let me hear from Mattel.

16   MR. PRICE: Well, your Honor, if we're going to

17   refer them to an instruction, I think they should get the

18   entire instruction. And we were thinking that

19   instructions -- most of the testimony in this obviously was

20   through the experts. And there are charts that are in

21   evidence that were provided by both experts.

22       So I think it would be fair to say that your

23   starting point is the evidence you heard, including expert

24   testimony and the charts of the experts which are in evidence

25   from both sides, and we would actually not object to listing

Transcript of Proceedings (Jury Note)   8/22/2008 12:00:00 PM

1   those charts from both sides. And then referring them to the

2   instructions themselves, which would include, I think, 15

3   through 17 about experts and charts.

4        THE COURT: Well, the concern I have here is

5   slightly a different take on the concern I have with

6   Mr. Roth's proposal. I don't want to focus on a particular

7   paragraph of an instruction, and I certainly don't want to

8   focus on a particular type of evidence or piece of evidence.

9   The Court must be very careful in dealing with the jury not

10  to suggest that either damages are or are not appropriate or

11  that a particular piece of evidence is particularly important

12  or helpful in resolving that question.

13       So I'm very concerned actually with both

14  suggestions. I understand where they are coming from. But I

15  don't want, on the one hand, to overemphasize that. I don't

16  want to overemphasize anything. I just want the jury to read

17  the instructions and follow them.

18       MR. PRICE: Well, they are obviously struggling in

19  doing that. But I do think it's appropriate to tell them to

20  refer to the Court's instructions. I think Instruction 37 is

21  what they are looking at.

22       THE COURT: Mr. Roth is definitely right. They are

23  focusing on question No. 1 at this point. It doesn't sound

24  like they have gone too far in their deliberations.

25       MR. PRICE: So I would say that they refer to Jury

Transcript of Proceedings (Jury Note)  8/22/2008 12:00:00 PM

1    Instruction 37 and that their starting point is the evidence

2    they have heard, including the evidence in both Phase 1-A and

3    1-B.

4        THE COURT: You know, I don't know what to make of

5    this. There's this line that's crossed out. Can the amounts

6    be differing. And then they crossed that out.

7        MR. PRICE: I actually think, your Honor, that

8    would be complete, it should be Instruction 37 and

9    Instruction 39, which then talks about defining that this is

10   disgorgement profits as opposed to -- well --

11       THE COURT: Anything further from MGA?

12       MR. ROTH: Just a quick question on -- point on

13   Instruction 39. It doesn't seem to be a question about the

14   concept of disgorgement, which is the subject of Jury

15   Instruction 39. We've been directed to the specific part of

16   the instruction that the jury is struggling with. We would

17   simply read back or highlight that section of the

18   instruction, which is in our view the third paragraph of

19   Instruction 37.

20       THE COURT: Okay. The Court has a new proposal.

21   Simply to tell the jury to carefully review and consider the

22   applicable instructions provided by the Court. I know that

23   doesn't give them a lot other than to say that to the extent

24   there's an answer, the answer is in the jury instructions.

25   And I'm not telling them what I think is more applicable to

Transcript of Proceedings (Jury Note)  8/22/2008 12:00:00 PM

1   their particular question.  It's not a particularly well

2   written question.  I am not inclined to highlight particular

3   paragraphs or particular instructions that have been

4   submitted by either side.

5       I want their focus to go back to the instructions.

6   If they can articulate a more particular concern or question,

7   they know how to do that, and they have done that before in

8   phase A, where they came out with particular questions.  This

9   is very broad based.  The question itself, the question part

10  is what are options regarding a starting point, if any?  And

11  I think the answer to what are options considered at starting

12  point would be to carefully review the instructions provided

13  by the Court and leave it at that.

14      MR. KENNEDY:  MGA is agreeable to that.

15      THE COURT:  Is there any objection to that?  I

16  understand that you both have preferences more specific in

17  nature, but is there any legal objection?

18      MR. PRICE:  No legal objection.

19      THE COURT:  From MGA?

20      MR. KENNEDY:  No, your Honor.

21      THE COURT:  Hopefully, they will go home this

22  weekend and have some rest, relaxation, recreation, come back

23  and read the instructions again and be able to move forward

24  one way or another.

25      Was there something further, Mr. Price, that you

Transcript of Proceedings (Jury Note)   8/22/2008   12:00:00 PM

1  going to say?

2  MR. PRICE: No, your Honor.

3  THE COURT: All right. That will be what the Court

4  will write, then. Carefully review the instructions provided

5  by the Court -- carefully review and consider the applicable

6  instructions provided by the Court.

7  Very well. I know this is an anxious time for

8  everybody. Try to have as good a weekend as you can. And

9  I'll see you here Tuesday. The jury will resume

10  deliberations at 9:00 A.M. See you then. Take care,

11  Counsel.

12

13  (Proceedings concluded at 4:45 P.M.)

14

15  C E R T I F I C A T E

16

17  I hereby certify that pursuant to Title 28,

18  Section 753 United States Code, the foregoing is a true and

19  correct transcript of the stenographically reported

20  proceedings in the above matter.

21  Certified on Friday, August 22, 2008.

22

23

   _____

24  MARK SCHWEITZER, CSR, RPR, CRR

   Official Court Reporter

25  License No. 10514