1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DECLARATION OF JON COREY IN SUPPORT OF MATTEL, INC.'S RENEWED MOTION FOR ISSUANCE OF LETTER OF REQUEST** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | Hearing Date:   March 30, 2009<br>Time:   10:00 a.m.<br>Courtroom:   1 |
| | **Phase 2**<br>Discovery Cut-off:   Not Set<br>Pre-trial Conference:   Not Set<br>Trial Date   Not Set |

DECLARATION OF JON COREY

## DECLARATION OF JON D. COREY

I, Jon D. Corey, declare as follows:

1. I am a member of the bars of the State of California and the District of Columbia. I am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration in support of Mattel, Inc.'s Renewed Motion for Issuance of Letter of Request and Request for Judicial Assistance (Letter of Request) by the United States District Court for the Central District of California. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached hereto as Exhibit A is a true and correct copy of Mattel's Notice of Deposition of Janine Brisbois dated September 14, 2007.

3. Attached hereto as Exhibit B is a true and correct copy of Mattel's Corrected Notice of Deposition of Janine Brisbois dated September 14, 2007.

4. Attached hereto as Exhibit C is a true and correct copy of a letter from Jon Corey to MGA's counsel dated September 14, 2007.

5. Attached hereto as Exhibit D is a true and correct copy of a letter from Scott E. Gizer to the Honorable Edward A. Infante and Mattel's counsel dated September 16, 2007.

6. Attached hereto as Exhibit E is a true and correct copy of MGA Entertainment, Inc.'s Objection to Mattel's Submission Regarding Deposition Scheduling dated September 16, 2007.

7. Attached hereto as Exhibit F is a true and correct copy of Mattel, Inc.'s First Set of Requests for Documents and Things Re Claims of Unfair Competition to MGA Entertainment, Inc. dated December 18, 2006.

8. Attached hereto as Exhibit G is a true and correct copy of MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s First Set of Requests for Production

DECLARATION OF JON COREY

2770221.1

1   of Documents and Tangible Things dated April 13, 2005

2       9.   Attached hereto as Exhibit H are true and correct copies of

3   excerpts from the deposition transcript of Lisa Tonnu taken July 19, 2007.

4       10.   Attached hereto as Exhibit I is a true and correct copy of a letter

5   from Jon Corey to Amman Khan dated September 25, 2007.

6       11.   Attached hereto as Exhibit J is a true and correct copy of letter

7   from Jon Corey to Amman Khan dated October 2, 2007.

8       12.   Attached hereto as Exhibit K is a true and correct copy of a letter

9   from Jon Corey to Paul Eckles dated January 22, 2008.

10       13.   Attached hereto as Exhibit L is a true and correct copy of an

11   email from Jon Corey to Paul Eckles dated January 22, 2008.

12       14.   Attached hereto as Exhibit M is a true and correct copy of an

13   email from Jon Corey to Paul Eckles dated January 23, 2008.

14       15.   Attached hereto as Exhibit N is a true and correct copy of Notice

15   of Motion and Motion of Mattel, Inc. for Leave to Take Additional Discovery and

16   Objections to Discovery Master Order of September 28, 2007, dated November 19,

17   2007.

18       16.   Attached hereto as Exhibit O is a true and correct copy of the

19   Court's Order Granting Mattel's Motion for Leave to Take Additional Discovery

20   dated January 7, 2008.

21       17.   Attached hereto as Exhibit P is a true and correct copy of a

22   Deposition Exhibit 515.

23       18.   Attached hereto as Exhibit Q is a true and correct copy of

24   Mattel's Notice of Motion and Motion for Issuance of Letters of Request and

25   Memorandum of Points and Authorities dated January 28, 2008.

26       19.   Attached hereto as Exhibit R is a true and correct copy of the

27   Court's Order dated February 4, 2008.

28

1          20.    Attached hereto as Exhibit S is a true and correct copy of MGA's

2  Preliminary Response to Mattel's Motion for Letters of Request dated February 15,

3  2008

4          21.    Attached hereto as Exhibit T is a true and correct copy of the

5  Court's Order dated September 23, 2008.

6          22.   Attached hereto as Exhibit U is a true and correct copy of the

7  Court's Order dated January 6, 2009.

8          23.    Attached hereto as Exhibit V is a true and correct copy of a letter

9  from J. Corey to T. Nolan that bears the date January 7, 2008.  The letter was sent,

10  however, on January 7, 2009 and "2008" is a typographical error.  MGA has never

11  responded to this letter.

12          24.    Attached hereto as Exhibit W is a true and correct copy of an

13  excerpt of Mattel's Amended Answer and Counterclaims, dated July 12, 2007.

14          25.    Attached hereto as Exhibit X is a true and correct copy of Trial

15  Exhibit 1932.

16      I declare under penalty of perjury under the laws of the United States of

17  America that the foregoing is true and correct.

18          Executed on January 26, 2009, at Los Angeles, California.

19

20                       /s/ Jon Corey

                              Jon Corey

21

22

23

24

25

26

27

28

DECLARATION OF JON COREY

**EXHIBIT A**

07209/2340375.1

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**NOTICE OF DEPOSITION OF JANINE BRISBOIS**<br><br>Date:   November 13, 2007<br>Time:   9:30 a.m.<br>Place.: Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>    865 South Figueroa Street, 10th Floor<br>    Los Angeles, CA 90017<br><br>Discovery Cut-Off: January 14, 2008<br>Pre-Trial Conference: April 7, 2008<br>Trial Date: April 29, 2008 |

07209/2218704.1

NOTICE OF DEPOSITION

EXHIBIT _____ A

PAGE _____ 4

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of Janine Brisbois on November 8, 2007 beginning at 9:30 a.m., at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

PLEASE TAKE FURTHER NOTICE that the deposition will take place upon oral examination before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use Livenote or other technology for real-time transcription of the testimony.

DATED:  September 14, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By _____
   Jon Corey
   Attorneys for Mattel, Inc.

07209/2218704.1

-2-

NOTICE OF DEPOSITION

EXHIBIT _____ A

PAGE _____ 5

## PROOF OF SERVICE

1

2       I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is Now Legal Services,

3   1301 West 2nd Street, Suite 206, Los Angeles, CA 90026.

4       On September 14, 2007, I served true copies of the following document(s) described as: **NOTICE OF DEPOSITION OF JANINE BRISBOIS** on the

5   parties in this action as follows:

6   Diana M. Torres, Esq.

7   **O'Melveny & Myers**
    400 So. Hope Street

8   Los Angeles, CA  90071

9

10

11   **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

12

13       I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14

15       Executed on September 14, 2007, at Los Angeles, California.

16

17

18   Now Legal Services-Dave Quintana

19

20

21

22

23

24

25

26   EXHIBIT _____ A _____

27   PAGE _____ 6 _____

28

NOTICE OF DEPOSITION

07209/2218704 1

**PROOF OF SERVICE**

1

2        I am employed in the County of Los Angeles, State of California.  I am over
the age of eighteen years and not a party to the within action; my business address is
3   865 South Figueroa Street, 10th Floor, Los Angeles, California.

4
        On September 14, 2007, I served true copies of the following document(s)
5   described as: **NOTICE OF DEPOSITION OF JANINE BRISBOIS** on the parties
in this action as follows:
6

7
        John W. Keker                          Patricia Glaser, Esq.
8       Michael H. Page                        **Christensen, Glaser, Fink,**
        Christa M. Anderson                    **Jacobs, Weil**
9       Keker & Van Nest, LLP                  **& Shapiro, LLP**
10      710 Sansome STreet                     10250 Constellation Blvd., 19th
        San Francisco, CA 94111-1704           Floor
11                                             Los Angeles, CA  90067
12

13      James W. Spertus, Esq.
        **LAW OFFICES OF JAMES W.**
14      **SPERTUS**
        12100 Wilshire Blvd., Suite 620
15      Los Angeles, CA 90025

16
[√] **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as
17
shown above, and I deposited such envelope(s) in the mail at Los Angeles,
18
California.  The envelope was mailed with postage thereon fully prepaid.
19

20        Executed on September 14, 2007, at Los Angeles, California.

21

22

23

24                                    _____
                                      Albert Villamil
25

26                                    EXHIBIT ____**A**_____
27
28                                    PAGE _____**7**_____

                                                          NOTICE OF DEPOSITION

# EXHIBIT B

07209/2340375.1

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
6  865 South Figueroa Street, 10th Floor
7  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
8  Facsimile:  (213) 443-3100
9
10 Attorneys for Mattel, Inc.

11

12

13                    UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

15                        EASTERN DIVISION

| | |
|---|---|
| 16  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 17           Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 18        vs. | |
| 19  MATTEL, INC., a Delaware | **CORRECTED NOTICE OF**<br>**DEPOSITION OF JANINE**<br>**BRISBOIS** |
| 20  corporation, | |
| 21           Defendant. | Date:    November 13, 2007<br>Time:    9:30 a.m.<br>Place.:  Quinn Emanuel Urquhart Oliver<br>          & Hedges, LLP<br>          865 South Figueroa Street, 10th<br>          Floor<br>          Los Angeles, CA 90017 |
| 22 | |
| 23  AND CONSOLIDATED CASES | |
| 24 | |
| 25 | Discovery Cut-Off: January 14, 2008<br>Pre-Trial Conference: April 7, 2008<br>Trial Date:  April 29, 2008 |
| 26 | |

27                                    EXHIBIT _____ B

28                                    PAGE _____ 8

07209/2221460.1                    ! ( (

CORRECTED NOTICE OF DEPOSITION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of Janine Brisbois on November 14, 2007 beginning at 9:30 a.m., at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

PLEASE TAKE FURTHER NOTICE that the deposition will take place upon oral examination before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped. Mattel also reserves the right to use Livenote or other technology for real-time transcription of the testimony.


DATED: September 14, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By _____
Jon Corey
Attorneys for Mattel, Inc.


EXHIBIT _____ B

PAGE _____ 9

07209/2221460.1

CORRECTED NOTICE OF DEPOSITION

1

**PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California.  I am over
the age of eighteen years and not a party to the within action.  My business address
3   is Now Legal Services, 1301 West 2nd Street, Suite 206, Los Angeles, CA 90026.

4      On September 14, 2007, I served true copies of the following document(s)
described as: **NOTICE OF DEPOSITION OF JANINE BRISBOIS** on the
5   parties in this action as follows:

6
Diana M. Torres, Esq.
7   **O'Melveny & Myers**
400 So. Hope Street
8   Los Angeles, CA  90071

9

10

11
**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of
12  the person(s) being served.

13

14      I declare that I am employed in the office of a member of the bar of this
15  Court at whose direction the service was made.

16

17      Executed on September 14, 2007, at Los Angeles, California.

18

19

20                                         Now Legal Services-Dave Quintana

21

22

23

24

25

26                                         EXHIBIT ___B___

27                                         PAGE ___10___

28

07209/2221460.1

-3-

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California. I am over

3  the age of eighteen years and not a party to the within action; my business address is
865 South Figueroa Street, 10th Floor, Los Angeles, California.

4
      On September 14, 2007, I served true copies of the following document(s)

5  described as: **NOTICE OF DEPOSITION OF JANINE BRISBOIS** on the parties

6  in this action as follows:

7

8      John W. Keker                              Patricia Glaser, Esq.
      Michael H. Page                            **Christensen, Glaser, Fink,**

9      Christa M. Anderson                        **Jacobs, Weil**
      Keker & Van Nest, LLP                      **& Shapiro, LLP**

10     710 Sansome STreet                         10250 Constellation Blvd., 19th
      San Francisco, CA 94111-1704               Floor

11                                                Los Angeles, CA 90067

12

13     James W. Spertus, Esq.
      **LAW OFFICES OF JAMES W.**

14     **SPERTUS**
      12100 Wilshire Blvd., Suite 620

15     Los Angeles, CA 90025

16

17  [√] **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as

    shown above, and I deposited such envelope(s) in the mail at Los Angeles,
18
    California. The envelope was mailed with postage thereon fully prepaid.
19

20     Executed on September 14, 2007, at Los Angeles, California.

21

22

23

24  _____
    Albert Villamil

25

26     EXHIBIT ___*B*___

27     PAGE ___*11*___

28

O7209/2221460.1

-4-

**EXHIBIT C**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

September 14, 2007

**VIA FACSIMILE AND U.S. MAIL**

Amman Kahn, Esq.
Christensen, Glaser, Fink, Jacobs, Weil &
Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

Diana Torres, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071-2899

Michael Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

James W. Spertus, Esq.
Law Offices of James W. Spertus
12100 Wilshire Blvd., Ste. 620
Los Angeles, CA 90025

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212

Re:    Mattel v. Bryant

Dear Counsel:

In anticipation of the conference before Judge Infante on Monday, Mattel identifies below those witnesses whose deposition Mattel currently seeks:

EXHIBIT ___C___

PAGE ___12___

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2221385.1

**Witnesses Whose Depositions Have Been Ordered But For Whom MGA Has Provided No Dates Despite Mattel's Requests**

1.  Paula Garcia -- Topics Nos. 1-10, 12-13, 16-17, 29-30 and 35-36 of Mattel's Second <u>Rule</u> 30(b)(6) Notice to MGA ("Second Notice"); and Topic Nos. 1-3 and 6-8 of Mattel's First <u>Rule</u> 30(b)(6) Notice to MGA ("First Notice") -- 2 days by 9/28.
2.  Lisa Tonnu -- Topic Nos. 21, 24, 25, 26, 31, 37, 39, 40 and 41 of Second Notice -- 2 days by 9/30
3.  Ken Lockhart -- Topics No. 39 of Second Notice -- by 9/30
4.  Topic Nos. 16, 18, 20 and 32 of Mattel's Second Notice of MGA -- by 6/30

**Witnesses Whose Depositions Have Been Ordered And For Whom There Are Agreed Dates**

5.  Spencer Woodman -- Topic No. 34 of Second Notice -- 9/24
6.  Tom Bryant -- 9/25
7.  Janet Bryant -- 9/26
8.  Richard Irmen -- 9/28

**Witnesses Whose Dates Have Been Agreed Upon And Set After Meet and Confers Requested By Mattel**

9.  Schuyler Bacon -- Topic Nos. 4, 5, 10, and 14 of Mattel's Third <u>Rule</u> 30(b)(6) Notice to MGA ("Third Notice") -- 9/27
10. Sarah Chui -- 9/28
11. Edmond Lee -- MGA Hong Kong designee on all <u>Rule</u> 30(b)(6) Topics -- Starting on 10/4
12. Susan Kuemmerele -- 10/24
13. Carlos Gustavo Machado -- 10/26

**Witnesses for Whom Mattel Needs Dates, Including Witnesses MGA Promised Dates For But Have Never Provided**

14. Charlene Brooks -- MGA Designee on Topics 15 and 16 of Mattel's Third Notice
15. Topic Nos. 1-3, 6-8, 9, and 11-13 of Mattel's Third Notice
16. Rachel Harris, for completion of her <u>Rule</u> 30(b)(6) testimony on Second Notice
17. Kerri Brode, for completion of her <u>Rule</u> 30(b)(6) testimony on Second Notice
18. Dave Malacrida
19. Ron Brawer
20. Carter Bryant
21. Dan Cooney
22. Farhad Larian
23. Shirin Salemnia
24. Mariana Trueba
25. Pablo Vargas
26. Elise Cloonan
27. Sarah Halpern

EXHIBIT _____ C _____

PAGE _____ 13 _____

28.    Margaret Hatch Leahy
29.    Veronica Marlow
30.    Jorge Castilla
31.    Jeanine Brisbois
32.    Isaac Larian
33.    Stephen Lee
34.    Lucy Arant
35.    Joe Tiongco


Best regards,

Jon D. Corey

JDC:jcl
07209/2221385.1

EXHIBIT ___C___

PAGE ___14___

# EXHIBIT D

09-16-07   11:58pm   From-CHRISTENSEN GLASER          310-556-2920          T-867   P.001/016   F-169

LAW OFFICES

# CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
MERITAS LAW FIRMS WORLDWIDE

## FAX TRANSMISSION

TELEPHONE NO.: (310) 553-3000
FACSIMILE NO.: (310) 556-2920

FROM:   Scott E. Gizer, Esq.

Number of Pages: 16
(Including this page)

DATE:   September 16, 2007

Client Reference No.:   03460-016

| TO: | FAX NO.: | CONFIRMATION NO: |
|---|---|---|
| Honorable Edward A. Infante | 415-982-5287 | |
| Michael T. Zeller, Esq. | 213-443-3100 | |
| Michael Page, Esq. | 415-397-7188 | |
| Diana Torres, Esq. | 213-430-6407 | |

**Sender's Comments:**

**MGA's objection and preliminary response to Mattel's submission re deposition scheduling**

**If you have received this Transmission in error, please call: (310) 553-3000 and mail it to the above address. Thank you.**

NOTE: THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND, AS SUCH, IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE BY MAIL. THANK YOU.

EXHIBIT ___D___

PAGE ___15___

604758

## CALENDAR OF DEPOSITIONS THAT HAVE BEEN SET
*as of September 16, 2007*
*All depositions are scheduled to take place in Los Angeles unless otherwise noted*

### September 2007

| | | | | | | |
|---|---|---|---|---|---|---|
| 2 | 3 | | | 6 | 7 | 8 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 Spencer Woodman Mart Wilson | | | | | | |
| 30 | | | | | | |

EXHIBIT _D_

PAGE _16_

09-16-07    1:58PM    From-CHRISTENSEN GLASER                310-556-2920              T-867   P.003/016   F-169

**October 2007**



| 7 | 8 | 9 Anna Rhee (Mattel Witness) | 10 | 11 Ivy Ross (Mattel Witness) | 12 | 13 |

| 21 | 22 | 23 | 24 Susana Kuemmerle (MGA witness) | 25 | 26 Gustavo Machado (MGA Witness) | 27 |

EXHIBIT ___D___

PAGE ___17___

604001

2

### Depositions Noticed, But Dates Not Confirmed

- **Paula Garcia** – (MGA Witness):  Available October 10 and 11, 2007.  Previously deposed for two days.

- **Lisa Tonnu** -- (MGA Witness):  Available any date the week of September 24, 2007, except September 27, 2007.

- **Daniel Cooney** – (MGA witness)

- **Robert Eckert** -- (Mattel Witness)

- **Rich De Anda** -- (Mattel Witness)

- **Adrienne Fontanella** – (Mattel Witness)

- **Matt Bousquette** – (Mattel witness)

- **Rene Pasko** – (Mattel Witness)

- **Ron Brawer** – (MGA witness):  Available October 24-26, 2007 or December 17-24, 2007.

- **Farhad Larian** -- (3rd Party)

- **Jorge Castilla** – (3rd Party):  Deposition must be coordinated through his counsel.

- **Tina Patel** -- (Mattel Witness)

- **Shirin Salemnia** – (MGA Witness)

- **Mattel 30(b)(6) Witnesses** – (Carter Bryant Notice)

- **Mattel 30(b)(6) Witnesses** -- (MGA Notice)

- **Dave Malacrida** – (MGA Witness):  Available October 11, 16, 17 or 18, 2007, but already deposed in August.

- **Charlene Brooks** -- (MGA Witness)

- **Rebecca Harris** -- (MGA Witness)

- **Mariana Trueba** -- (MGA Witness)

604901

3

EXHIBIT     D

PAGE     18.

- **Jamie Cygielman** -- (3rd Party)

- **Anna Rhee** -- (Mattel Witness)

- **Pablo Vargas** -- (MGA Witness)

## Depositions Listed By Mattel, But Not Noticed

- **Elise Cloonan** -- (3rd Party):  Deposition must be coordinated through her counsel.

- **Sarah Halpern** -- (3rd Party):  Deposition must be coordinated through her counsel.

- **Margaret Hatch Leahy** -- (3rd Party):  Deposition must be coordinated through her counsel.

- **Veronica Marlow**-- (3rd Party):  Deposition must be coordinated through her counsel.

- **Jeanine Brisbois** -- (MGA Witness):  Improperly noticed—witness works for non-party in Canada.

- **Stephen Lee** -- (3rd Party)

- **Lucy Arant** -- (3rd Party)

- **Joe Tiongco** -- (MGA Witness)

## Depositions That Have Been Completed

- **Issac Larian** -- Deposition completed July 18, 2006.

- **Ken Lockhart** -- Completed testimony on Topic No. 39 as to electronic documents.  Lisa Tonnu to testify on Topic No. 39 as to non-electronic documents.

- **Topic Nos. 16, 18, 20 and 32 of Mattel's Second Notice of MGA** -- Topics all covered by designating prior testimony, per the parties' agreement.

- **Kerri Brode** -- Deposition completed August 15, 2007.  Designated topics she testified to will be completed by Charlene Brooks.

604901

EXHIBIT  D  4

PAGE  19

## Depositions Subject To Objection and Discovery Motions

- MGA 3rd 30(b)(6) by Mattel — Motion for Protective Order pending.

- Littler, Mendelson -- (3rd Party): Carter Bryant's prior counsel, and likely subject to Motion for Protective Order.

- Carter Bryant -- Mr. Bryant submitted to 3 days of deposition. Further, deposition subject to discovery motions between Keker, VanNest and Mattel. Deposition must be coordinated through his counsel.

EXHIBIT ___D___

PAGE ___20___

**EXHIBIT E**

1  Patricia Glaser, State Bar No. 55668
   Amman A. Khan, State Bar No. 196217
2  Scott E. Gizer, State Bar No. 221962
   CHRISTENSEN, GLASER, FINK, JACOBS,
3    WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
4  Los Angeles, California 90067
   Telephone:  (310) 553-3000
5  Facsimile:  (310) 556-2920

6  Dale M. Cendali (admitted *pro hac vice*)
   O'MELVENY & MYERS LLP
7  Times Square Tower
   7 Times Square
8  New York, New York 10036
   Telephone: (212) 326-2000
9  Facsimile:  (212) 326-2061

10 Attorneys for Plaintiff MGA Entertainment, Inc.

11

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14

15  CARTER BRYANT, an individual          )  Case No. 04. CV 04-09049 SGL
                                          )  (RNBx)
16          Plaintiff,                    )  (consolidated with CV 04-9059 &
                                          )  05-2727)
17       v.                               )
                                          )  **DISCOVERY MATTER**
18  MATTEL, INC., a Delaware              )
    corporation                          )  **MGA ENTERTAINMENT, INC.'S**
19                                        )  **OBJECTION TO MATTEL'S**
            Defendant.                    )  **INC.'S SUBMISSION REGARDING**
20                                        )  **DEPOSITION SCHEDULING AND**
                                          )  **PRELIMINARY RESPONSE**
21  AND CONSOLIDATED ACTIONS             )
                                          )  Date:   September 17, 2007
22                                        )  Time:   9:00 a.m.
                                          )  Place:  Telephonic
23

24

25

26

27

28

EXHIBIT _____ E

PAGE _____ 21

1  The purpose of the September 17, 2007 conference call is to be the first in a
2  series of conference calls with Judge Infante to set an omnibus deposition schedule in
3  this case.  MGA objects to Mattel's late Friday night Submission of September 14,
4  2007 because it does not serve this purpose.  Rather, it confuses the issues and
5  contains materials misstatements and omissions in an attempt to smear MGA.  The
6  purpose of this pleading is to quickly dispose of Mattel's key misstatements and
7  omissions, and then constructively focus on the task at hand:  scheduling the twenty-
8  seven plus depositions that need to be scheduled in this case.[1]

9  I.   **MATTEL'S SUBMISSION INCLUDES MATERIAL MISSTATEMENTS**
10      **AND OMISSIONS**

11  Mattel's Submission contains four key material misstatements and omissions of
12  fact that appear to have been made to prejudice Judge Infante against MGA.  MGA
13  will not discuss every misstatement and omission in Mattel's Submission to avoid
14  wasting the Court's time, but briefly discusses some of the most glaring falsities.

15  • <u>Deposition of Lisa Tonnu:</u>[2] Mattel simply states that MGA cancelled the
16  deposition last minute.  What Mattel fails to mention is that the deposition had to be
17  cancelled because Marc Feinstein of O'Melveny & Myers, the attorney who had
18  prepared for and been assigned to defend her deposition, learned that his father was
19  hospitalized and diagnosed with a life-threatening infection less than two days before
20  the deposition date.  Therefore, he had to fly out of town to be with his father at the
21  hospital.  Mattel's counsel was made aware of this sad development, but failed to
22  disclose it to Judge Infante in its late Friday-night Submission.  With this submission,
23  MGA has provided alternate dates for Ms. Tonnu's deposition: any day the week of
24  September 24, 2007, except September 27, 2007.

25

26  [1] In this regard, MGA refers Judge Infante to MGA's calendar of depositions that have been set and list of depositions that have been noticed, but not scheduled, which is served concurrently with this objection and response.
27  [2] In asserting that MGA "willfully violated a court order," Mattel omits the reason Ms. Tonnu's deposition was delayed. Her deposition was delayed because MGA sought rulings from Judge Larson on several issues related to Mattel's second
28  rule FRCP 30(b)(6) notice before Ms. Tonnu could be produced.  Once Judge Larson issued his rulings, MGA immediately offered dates for Ms. Tonnu's deposition, and it was set for September 14, 2007.

604895                                    2

1 • <u>Deposition of Ken Lockhart</u>: Ken Lockhart appeared and testified on
2 Topic No. 39 regarding electronic documents, and that deposition is complete. Mattel
3 never filed a motion to compel any further testimony for Mr. Lockhart, and he is not
4 scheduled to testify on any other matters. Lisa Tonnu will be testifying on Topic No.
5 39 as to non-electronic documents, which is the only remaining portion of this
6 category. Mattel is well aware of this fact. Had it not been for the cancellation of the
7 Ms. Tonnu's deposition due to the illness mentioned above, this topic would be
8 completed. Thus, it is disingenuous for Mattel to claim Mr. Lockhart's deposition is
9 subject to a court order and that MGA has not offered dates for his deposition.

10 • <u>Mattel's false claim that Topic Nos. 16, 18, 20 and 32 of Mattel's Second</u>
11 <u>FRCP 30(b)(6) Deposition of MGA have not been completed and are subject to a</u>
12 <u>Court order, which MGA has allegedly violated</u>: The parties agreed that prior
13 testimony could be designated as responsive to these topics, and thus these topics
14 have been completed. The prior testimony designated as responsive was identified by
15 Kerry Lyon Grossman of O'Melveny & Myers. Mattel knows this since they were
16 party to this agreement. To completely exclude this material fact and make a claim to
17 the contrary is nothing short of unethical.

18 • <u>Mattel's list of deponents for which it claims MGA has provided no</u>
19 <u>dates</u>: Mattel's list, at pages 6-8 of its Submission, is inaccurate because it contains
20 numerous individuals who are not controlled MGA and other individuals whose
21 depositions <u>have been completed</u>. Mattel also fails to mention that several of these
22 individuals are represented by separate counsel. These individuals include Janet
23 Bryant, Tim Bryant, Richard Irmen, Elise Cloonan, Sarah Halpern, Margaret Leahy,
24 Veronica Marlow, Stephen Lee, Lucy Arrant and the law firm of Littler, Mendelson.
25 Accordingly, MGA has no ability to set these depositions, it can only agree or
26 disagree to dates acceptable to those witnesses.

27 Other deponents Mattel listed have already been deposed, and cannot be
28 deposed again. For example, Isaac Larian was previously deposed on July 18, 2006.

EXHIBIT ___ E ___

PAGE _____ 23

1   At the conclusion of Mr. Larian's deposition, Mattel's counsel John Quinn clearly

2   states that he has "nothing further" and the deposition was concluded. Mattel's

3   counsel was also reminded of Magistrate Block's order that if Mattel decided to

4   proceed with Mr. Larian's deposition at the outset of the discovery, they would do so

5   at their own risk. Mattel's counsel indicated on the record that he understood this fact.

6   See deposition of Isaac Larian page 254, line 4 through page 255, line 6. The

7   transcript is designated "attorneys eyes only" and MGA will make the excerpt

8   available to the discovery referee upon request. Thus, while Mattel lists Mr. Larian as

9   an individual it needs a deposition date for, he has already been deposed and cannot

10   be deposed against based on Magistrate Block's orders.

11   **II.      MGA'S TABLE OF OUTSTANDING DEPOSITIONS**

12   MGA could draft a similar smear campaign against Mattel regarding the

13   depositions of Mattel employees, but MGA wants to move forward with scheduling

14   and completing the depositions in this case in an orderly fashion, which is why MGA

15   requested a conference call with Judge Infante. Accordingly, MGA provides the

16   following table of depositions sought by all parties, including proposed dates for the

17   depositions where available.

18   **A.      Court Ordered Depositions**

19   Christensen, Glaser will now be taking a greater role in the discovery process,

20   and for this reason, has been trying to meet and confer with Mattel's counsel to get all

21   outstanding depositions set. As our firm transitions into that role, we respectfully

22   request some flexibility. Christensen, Glaser and MGA do not intend to violate any

23   court orders and will make every effort to comply with them. However, due to

24   Christensen, Glaser's new role in the discovery process, it requests the Court and

25   Mattel afford it some accommodation so that it can work to resolve these matters

26   regarding deposition scheduling.

27

28

4

EXHIBIT  E

PAGE  24

| Deponent | Date Scheduled or Dates of Availability | Comment |
|---|---|---|
| Paula Garcia | Available October 10 and 11, 2007 | |
| Lisa Tonnu | Available any date the week of September 24, 2007, except September 27, 2007 | |
| Ken Lockhart | Deposition completed | Mr. Lockhart testified on Topic No. 39 as to electronic documents.  Lisa Tonnu to testify as to non-electronic documents |
| Spencer Woodman | Scheduled for September 24, 2007 | |
| Janet Bryant | Scheduled for September 25, 2007 | |
| Tom Bryant | Scheduled for September 26, 2007 | |
| Richard Irmen | Scheduled for September 28, 2007 | |

EXHIBIT __E__

PAGE __25__

B.   **Depositions Requested By MGA**

MGA has subpoenaed and noticed the following depositions:

| Deponent | Date of Notice of Subpoena | Date Scheduled or Dates of Availability | Comment |
|---|---|---|---|
| Matt Bousquette | Noticed November 22, 2006 | None provided | |
| Court ordered FRCP 30(b)(6) Deposition of Mattel, noticed by Carter Bryant | Noticed December 21, 2004 | None provided. | Topics to be covered are 1-8, 10-21, 24, 41 and 48. (topics 11-13, 24 and 41 subject of Bandying Motion) Was ordered to be completed by 3/31/07. |
| Rene Pasko | | None provided | |
| FRCP 30(b)(6) Deposition of Mattel | Noticed September 5, 2007 | None provided | |
| Rich De Anda | Noticed September 5, 2007 | None provided | |
| Tina Patel | Noticed September 5, 2007 | None provided | |
| Adrienne Fontanella | Noticed September 13, 2007 | None provided | |
| Jamie Cygielman | Noticed September 14, 2007 | None provided | |

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT _E_
PAGE _26_

| | | | |
|---|---|---|---|
| Anna Rhee | Noticed February 12, 2005 | Scheduled for October 9, 2007 | |
| Ivy Ross | Noticed November 22, 2006 | Scheduled for October 11, 2007 | |
| Robert Eckert | Noticed September 5, 2007 | None provided | |

### C.   Other Depositions Requested By Mattel

Mattel has requested the following depositions below.  Based on the number of depositions requested by Mattel in its Submission, it appears Mattel seeks to violate the Court's order allotting each party 25 depositions.  Therefore, Mattel must eliminate certain depositions to comply with the Court's order.

| Deponent | Date Scheduled or Dates of Availability | Comment |
|---|---|---|
| Schuyler Bacon | Scheduled for September 27, 2007 | MGA has filed an objection to this deposition and sought a protective order precluding Mattel's Third Rule 30(b)(6) Notice |
| Sarah Chui | Scheduled for September 28, 2007 | |
| Edmond Lee | Scheduled to start October 4, 2007 | |
| Susan Kuemmerle | Scheduled for October 24, 2007 | |
| Carlos Machado | Scheduled for October 26, 2007 | |

604895

7

EXHIBIT __E__

PAGE __27__

| Carter Bryant | Deposition completed | Mr. Bryant submitted to 3 days of deposition. Further, deposition subject to discovery motions between Keker, VanNest and Mattel. |
| Ron Brawer | October 24-26, 2007 or December 17-24, 2007, in Los Angeles | Mr. Brawer is an Executive Vice-President at Mattel and lives in the United Kingdom |
| Farhad Larian | | Third Party |
| Charlene Brooks | | Completion of topics of Second Notice previously testified to by Kerri Brode. MGA has filed a motion for protective order precluding Mattel's Third Rule 30(b)(6) Notice. |
| Topics Nos. 16, 18, 20 and 32 of Second Rule 30(b)(6) Notice | Deposition completed | Topics all covered by designating prior testimony, per the parties' agreement |
| Topic Nos. 2, 3, 6-9, 11, 12 and 17 of Third Rule 30(b)(6) Notice | | MGA has filed motion for protective order precluding Mattel's Third Rule 30(b)(6) Notice |
| Rebecca Harris | | Completion of Rule |

604895

8

EXHIBIT E

PAGE 28

|  |  | 30(b)(6) Testimony of Second Notice |
|---|---|---|
| Kerri Brode | Deposition completed August 15, 2007 | Completion of Rule 30(b)(6) topics to be covered by Charlene Brooks |
| Dan Cooney | None | Individual |
| Shirin Salemnia | None | Recently noticed on September 4, 2007 |
| Mariana Alamada | None | Recently noticed on September 13, 2007 |
| Pablo Vargas San Jose | None | Recently noticed on September 13, 2007 |
| Jorge Castilla | None | Represented by attorney Charles Kreindler. |
| Jeanine Brisbois | None | Improperly noticed on September 14, 2007.  Ms. Brisbois works for a non-party and lives in Canada |
| Isaac Larian | Deposition completed | Mattel concluded Mr. Larian's deposition and may not be deposed again pursuant to Magistrate Judge Block's order |
| Dave Malacrida | Available October 11, 16, 17 or 18, 2007 | Continuation of testimony |
| Elise Cloonan | None | Not controlled by MGA. |

604895

9

EXHIBIT ___E___

PAGE ___29___

09-17-07   12:07am   From-CHRISTENSEN GLASER          310-556-2920        T-967   P.016/016   F-169

| | | |
|---|---|---|
| | | Represented by Larry McFarland. |
| Sarah Halpern | None | Not controlled by MGA. Represented by Larry McFarland. |
| Margaret Leahy | None | Not controlled by MGA. Represented by Larry McFarland. |
| Veronica Marlow | None | Not controlled by MGA. Represented by Larry McFarland. |
| Stephen Lee | None | Not controlled by MGA |
| Lucy Arrant | None | Not controlled by MGA |
| Joe Tiongco | None | Not subpoenaed or noticed |
| Littler, Mendelson | None | Not controlled by MGA |

Dated:  September 16, 2007

Patricia Glaser
Amman A. Khan
Scott E. Gizer
CHRISTENSEN, GLASER, FINK, JACOBS,
    WEIL & SHAPIRO, LLP

By: _____
    Scott E. Gizer
    Attorneys for Plaintiff
    MGA Entertainment, Inc.

EXHIBIT _E_
PAGE _30_

604895                              10

**EXHIBIT F**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13              Plaintiff, | Consolidated with |
| 14        v. | Case No. CV 04-09059 Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS RE CLAIMS OF UNFAIR |
| 16              Defendant. | COMPETITION TO MGA ENTERTAINMENT, INC. |
| 17 | |
| 18  AND CONSOLIDATED CASES. | |

19

20

21            Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel,

22  Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to these

23  document requests ("Requests") and make available for inspection and copying

24  originals of the following documents within 30 days of service at the offices of

25  Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

26  floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement responses to

27  these requests at such times and to the extent required by Rule 26(e) of the Federal

28  Rules of Civil Procedure.

07975/1928319.2

12-18

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

EXHIBIT _____ F

PAGE ___ 31

1    **I.    DEFINITIONS**

2    For purposes of these Requests, the following definitions apply:

3    A.    The terms "YOU," "YOUR" and "MGA" mean MGA

4    Entertainment, Inc. and any individual or entity acting directly or indirectly by,

5    through, under or on behalf of MGA Entertainment, Inc., including but not limited

6    to current or former directors, officers, employees, agents, contractors, attorneys,

7    accountants, or representatives of MGA Entertainment, Inc. and any corporation,

8    partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-

9    interest and successor-in-interest, and any other PERSON acting on its behalf.

10    B.    The term "MATTEL" means Mattel, Inc. and all current or

11    former directors, officers, employees, agents, contractors, attorneys, accountants,

12    representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and

13    successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

14    authority or subject to its control.

15    C.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

16    "recordings" as those terms are defined in Rule 1001 of the Federal Rules of

17    Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all

18    writings, including but not limited to handwriting, typewriting, printing, image,

19    photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

20    to) electronic mail (including instant messages and text messages) or facsimile,

21    video and audio recordings, and every other means of recording upon any tangible

22    thing, any form of communication or representation, and any record thereby created,

23    regardless of the manner in which the record has been stored, and all non-identical

24    copies of such DOCUMENTS, in the possession, custody, or control of YOU,

25    YOUR counsel, or any other PERSON acting on YOUR behalf.

26    D.    The term "COMMUNICATION," in the plural as well as the

27    singular, means any transmittal and/or receipt of information, whether such was oral

28    or written, and whether such was by chance, prearranged, formal or informal, and

07975/1928319.2

-2-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

EXHIBIT ___F___

PAGE ___32___

1   specifically includes, but is not limited to, conversations in person, telephone

2   conversations, electronic mail (including instant messages and text messages),

3   voicemail, letters, memoranda, statements, media releases, magazine and newspaper

4   articles, and video and audio transmissions.

5        E.    "EMBODIMENT" means any representation of the identified

6   product or its retail packaging, whether two-dimensional or three-dimensional, and

7   whether in tangible, digital, electronic or other form, including but not limited to all

8   works, designs, artwork, sketches, drawings, illustrations, representations,

9   depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

10   samples, reductions to practice, developments, inventions and/or improvements, as

11   well as all other items, things and DOCUMENTS in which any of the foregoing are

12   or have been expressed, embodied, contained, fixed or reflected in any manner,

13   whether in whole or in part.

14        F.    "CONTESTED MGA PRODUCTS" means the CONTESTED

15   BRATZ DOLLS PRODUCTS, the CONTESTED BRATZ PETZ PRODUCTS, the

16   CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD, the

17   CONTESTED 4-EVER BEST FRIENDS PRODUCTS, the CONTESTED

18   MOMMY'S LITTLE DOLL PRODUCTS, and the CONTESTED ALIENRACERS

19   PRODUCTS, and any doll, toy, portion thereof, or version thereof that is now or has

20   ever been known as, or sold, offered for sale, licensed, offered for license or

21   marketed under the name or terms "Bratz," "4-ever Best Friends," "Mommy's

22   Little," "Alienracers," or any derivative thereof, that provides a basis for any claim

23   by YOU against MATTEL, including but not limited to "Bratz Dolls," "Bratz

24   Dogz," "Winter Wonderland," "Bratz Sportz," "Formal Funk," "Sun-Kissed

25   Summer," "Funky Fashion Makeover Head," "Runway Disco," "4-ever Best

26   Friends," "Mommy's Little Patient," and "Alienracers."

27        G.    "CONTESTED BRATZ DOLLS PRODUCTS" means any of

28   the following that provides a basis for any claim by YOU against MATTEL: (i) any

07975/1928319.2

-3-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

EXHIBIT _____**F**

PAGE _____**33**

1  EMBODIMENT or project ever known by the name "Bratz" or any derivative
2  thereof (whether in whole or in part and regardless of what such EMBODIMENT or
3  project is or has been also, previously or subsequently called) and any doll or any
4  portion thereof that is now or has ever been known as, or sold, offered for sale,
5  licensed, offered for license or marketed under, the name or term "Bratz" or any
6  derivative thereof (whether in whole or in part and regardless of what such doll is or
7  has been also, previously or subsequently called), and all prototypes, models,
8  samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any
9  playset and accessory that YOU distribute under the name "Bratz" or any derivative
10 thereof; and/or (iii) any and all other goods, product packaging, advertisements,
11 promotional materials or other thing or item or material manufactured, produced,
12 printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped,
13 imported, exported, licensed, offered for license, sold or offered for sale by YOU or
14 on YOUR behalf under the name "Bratz" or any derivative thereof.
15          H.      "CONTESTED BRATZ PETZ PRODUCTS" means any of the
16 following that provides a basis for any claim by YOU against MATTEL:  (i) any
17 EMBODIMENT or project ever known by the name "Bratz Petz" or any derivative
18 thereof (whether in whole or in part and regardless of what such EMBODIMENT or
19 project is or has been also, previously or subsequently called) and any toy pet or any
20 portion thereof that is now or has ever been known as, or sold, offered for sale,
21 licensed, offered for license or marketed under, the name or term "Bratz" or any
22 derivative thereof (whether in whole or in part and regardless of what such toy pet is
23 or has been also, previously or subsequently called), and all prototypes, models,
24 samples and versions of such EMBODIMENT, toy pet or any portion thereof; (ii)
25 any playset and accessory that YOU distribute under the name "Bratz Petz" or any
26 derivative thereof; and/or (iii) any and all other goods, product packaging,
27 advertisements, promotional materials or other thing or item or material
28 manufactured, produced, printed, ordered, marketed, advertised, promoted,

1  displayed, distributed, shipped, imported, exported, licensed, offered for license,
2  sold or offered for sale by YOU or on YOUR behalf under the name "Bratz Petz" or
3  any derivative thereof.

4        I.     "CONTESTED BRATZ FUNKY FASHION MAKEOVER
5  HEAD" means any of the following that provides a basis for any claim by YOU
6  against MATTEL:  (i) any EMBODIMENT or project ever known by the name
7  "Bratz Funky Fashion Makeover Head" or any derivative thereof (whether in whole
8  or in part and regardless of what such EMBODIMENT or project is or has been
9  also, previously or subsequently called) and any styling head or any portion thereof
10  that is now or has ever been known as, or sold, offered for sale, licensed, offered for
11  license or marketed under, the name or term "Bratz" or any derivative thereof
12  (whether in whole or in part and regardless of what such styling head is or has been
13  also, previously or subsequently called), and all prototypes, models, samples and
14  versions of such EMBODIMENT, styling head or any portion thereof; (ii) any
15  accessory that YOU distribute under the name "Bratz Funky Fashion Makeover
16  Head" or any derivative thereof; and/or (iii) any and all other goods, product
17  packaging, advertisements, promotional materials or other thing or item or material
18  manufactured, produced, printed, ordered, marketed, advertised, promoted,
19  displayed, distributed, shipped, imported, exported, licensed, offered for license,
20  sold or offered for sale by YOU or on YOUR behalf under the name "Bratz Funky
21  Fashion Makeover Head" or any derivative thereof.

22        J.     "CONTESTED 4-EVER BEST FRIENDS PRODUCTS" means
23  any of the following that provides a basis for any claim by YOU against MATTEL:
24  (i) any EMBODIMENT or project ever known by the name "4-ever Best Friends" or
25  any derivative thereof (whether in whole or in part and regardless of what such
26  EMBODIMENT or project is or has been also, previously or subsequently called)
27  and any doll or any portion thereof that is now or has ever been known as, or sold,
28  offered for sale, licensed, offered for license or marketed under, the name or term

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

07975/1928319.2

EXHIBIT _____ F

PAGE _____ 35

1   "4-ever Best Friends" or any derivative thereof (whether in whole or in part and
2   regardless of what such doll is or has been also, previously or subsequently called),
3   and all prototypes, models, samples and versions of such EMBODIMENT, doll or
4   any portion thereof; (ii) any playset and accessory that YOU distribute under the
5   name "4-ever Best Friends" or any derivative thereof; and/or (iii) any and all other
6   goods, product packaging, advertisements, promotional materials or other thing or
7   item or material manufactured, produced, printed, ordered, marketed, advertised,
8   promoted, displayed, distributed, shipped, imported, exported, licensed, offered for
9   license, sold or offered for sale by YOU or on YOUR behalf under the name "4-ever
10  Best Friends" or any derivative thereof.
11          K.   "CONTESTED MOMMY'S LITTLE DOLL PRODUCTS"
12  means any of the following that provides a basis for any claim by YOU against
13  MATTEL:  (i) any EMBODIMENT or project ever known by the name "Mommy's
14  Little Patient" or similar name or any derivative thereof (whether in whole or in part
15  and regardless of what such EMBODIMENT or project is or has been also,
16  previously or subsequently called) and any doll or any portion thereof that is now or
17  has ever been known as, or sold, offered for sale, licensed, offered for license or
18  marketed under, the name or term "Mommy's Little Patient" or similar name or any
19  derivative thereof (whether in whole or in part and regardless of what such doll is or
20  has been also, previously or subsequently called), and all prototypes, models,
21  samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any
22  playset and accessory that YOU distribute under the name "Mommy's Little Patient"
23  or similar name or any derivative thereof; and/or (iii) any and all other goods,
24  product packaging, advertisements, promotional materials or other thing or item or
25  material manufactured, produced, printed, ordered, marketed, advertised, promoted,
26  displayed, distributed, shipped, imported, exported, licensed, offered for license,
27  sold or offered for sale by YOU or on YOUR behalf under the name "Mommy's
28  Little Patient" or similar name or any derivative thereof.

07975/1928319.2

-6-

EXHIBIT ___F___

PAGE ___36___

1        L.    "CONTESTED ALIENRACERS PRODUCTS" means any of

2 the following that provides a basis for any claim by YOU against MATTEL: (i) any

3 EMBODIMENT or project ever known by the name "Alienracers" or any derivative

4 thereof (whether in whole or in part and regardless of what such EMBODIMENT or

5 project is or has been also, previously or subsequently called) and any toy vehicle,

6 character, or any portion thereof that is now or has ever been known as, or sold,

7 offered for sale, licensed, offered for license or marketed under, the name or term

8 "Alienracers" or any derivative thereof (whether in whole or in part and regardless

9 of what such toy is or has been also, previously or subsequently called), and all

10 prototypes, models, samples and versions of such EMBODIMENT, toy vehicle,

11 character, or any portion thereof; (ii) any playset and accessory that YOU distribute

12 under the name "Alienracers" or any derivative thereof; and/or (iii) any and all other

13 goods, product packaging, advertisements, promotional materials or other thing or

14 item or material manufactured, produced, printed, ordered, marketed, advertised,

15 promoted, displayed, distributed, shipped, imported, exported, licensed, offered for

16 license, sold or offered for sale by YOU or on YOUR behalf under the name

17 "Alienracers" or any derivative thereof.

18        M.    "CONTESTED MATTEL PRODUCTS" means the

19 CONTESTED MATTEL MY SCENE DOLLS PRODUCTS, the CONTESTED

20 MATTEL MY SCENE PETS PRODUCTS, the CONTESTED MATTEL MY

21 SCENE STYLING HEAD, the CONTESTED MATTEL WEE-3 PRODUCTS, the

22 CONTESTED MATTEL LITTLE MOMMY DOLL PRODUCTS, and the

23 CONTESTED MATTEL ACCELERACERS PRODUCTS, and any doll, toy,

24 portion thereof, or version thereof that is now or has ever been known as, or sold,

25 offered for sale, licensed, offered for license or marketed under the name or terms

26 "My Scene," "Wee-3," "Little Mommy," "AcceleRacerS," or any derivative thereof,

27 that provides a basis for any claim by YOU against MATTEL, including but not

28 limited to "My Scene Dolls," "My Scene Pets," "My Scene Chillin' Out," "My Scene

07975/1928319.2

-7-

EXHIBIT _____ P

37

PAGE

1  Miami Getaway," "My Scene Night on the Town," "My Scene Jammin' in Jamaica,"
2  "My Scene Guava Gulch Tiki Lounge," "My Scene Sound Lounge," "My Scene
3  Stylin' Head," "Mattel Wee-3," "Mattel Little Mommy Potty Training Baby Doll,"
4  and "Mattel Acceleracers."

5          N.    "CONTESTED MATTEL MY SCENE DOLLS PRODUCTS"
6  means any of the following that provides a basis for any claim by YOU against
7  MATTEL: (i) any EMBODIMENT or project ever known by the name "My Scene"
8  or any derivative thereof (whether in whole or in part and regardless of what such
9  EMBODIMENT or project is or has been also, previously or subsequently called)
10  and any doll or any portion thereof that is now or has ever been known as, or sold,
11  offered for sale, licensed, offered for license or marketed under, the name or term
12  "My Scene" or any derivative thereof (whether in whole or in part and regardless of
13  what such doll is or has been also, previously or subsequently called), and all
14  prototypes, models, samples and versions of such EMBODIMENT, doll or any
15  portion thereof; (ii) any playset and accessory that MATTEL distributes under the
16  name "My Scene" or any derivative thereof; and/or (iii) any and all other goods,
17  product packaging, advertisements, promotional materials or other thing or item or
18  material manufactured, produced, printed, ordered, marketed, advertised, promoted,
19  displayed, distributed, shipped, imported, exported, licensed, offered for license,
20  sold or offered for sale by MATTEL under the name "My Scene" or any derivative
21  thereof.

22          O.    "CONTESTED MATTEL MY SCENE PETS PRODUCTS"
23  means any of the following that provides a basis for any claim by YOU against
24  MATTEL: (i) any EMBODIMENT or project ever known by the name "My Scene
25  Pets" or any derivative thereof (whether in whole or in part and regardless of what
26  such EMBODIMENT or project is or has been also, previously or subsequently
27  called) and any toy pet or any portion thereof that is now or has ever been known as,
28  or sold, offered for sale, licensed, offered for license or marketed under, the name or

-8-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

F

EXHIT...

PAGE

38

1 term "My Scene" or any derivative thereof (whether in whole or in part and

2 regardless of what such toy pet is or has been also, previously or subsequently

3 called), and all prototypes, models, samples and versions of such EMBODIMENT,

4 toy pet or any portion thereof; (ii) any playset and accessory that MATTEL

5 distributes under the name "My Scene Pets" or any derivative thereof; and/or (iii)

6 any and all other goods, product packaging, advertisements, promotional materials

7 or other thing or item or material manufactured, produced, printed, ordered,

8 marketed, advertised, promoted, displayed, distributed, shipped, imported, exported,

9 licensed, offered for license, sold or offered for sale by MATTEL under the name

10 "My Scene Pets" or any derivative thereof.

11        P.    "CONTESTED MATTEL MY SCENE STYLING HEAD"

12 means any of the following that provides a basis for any claim by YOU against

13 MATTEL: (i) any EMBODIMENT or project ever known by the name "My Scene

14 Styling Head" or any derivative thereof (whether in whole or in part and regardless

15 of what such EMBODIMENT or project is or has been also, previously or

16 subsequently called) and any styling head or any portion thereof that is now or has

17 ever been known as, or sold, offered for sale, licensed, offered for license or

18 marketed under, the name or term "My Scene" or any derivative thereof (whether in

19 whole or in part and regardless of what such styling head is or has been also,

20 previously or subsequently called), and all prototypes, models, samples and versions

21 of such EMBODIMENT, styling head or any portion thereof; (ii) any accessory that

22 MATTEL distributes under the name "My Scene Styling Head" or any derivative

23 thereof; and/or (iii) any and all other goods, product packaging, advertisements,

24 promotional materials or other thing or item or material manufactured, produced,

25 printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped,

26 imported, exported, licensed, offered for license, sold or offered for sale by

27 MATTEL under the name "My Scene Styling Head" or any derivative thereof.

28

-9-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

EXHIBIT

39

1    Q.    "CONTESTED MATTEL WEE-3 PRODUCTS" means any of
2    the following that provides a basis for any claim by YOU against MATTEL:  (i) any
3    EMBODIMENT or project ever known by the name "Wee-3" or any derivative
4    thereof (whether in whole or in part and regardless of what such EMBODIMENT or
5    project is or has been also, previously or subsequently called) and any doll or any
6    portion thereof that is now or has ever been known as, or sold, offered for sale,
7    licensed, offered for license or marketed under, the name or term "Wee-3" or any
8    derivative thereof (whether in whole or in part and regardless of what such doll is or
9    has been also, previously or subsequently called), and all prototypes, models,
10   samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any
11   playset and accessory that MATTEL distributes under the name "Wee-3" or any
12   derivative thereof; and/or (iii) any and all other goods, product packaging,
13   advertisements, promotional materials or other thing or item or material
14   manufactured, produced, printed, ordered, marketed, advertised, promoted,
15   displayed, distributed, shipped, imported, exported, licensed, offered for license,
16   sold or offered for sale by MATTEL under the name "Wee-3" or any derivative
17   thereof.
18       R.    "CONTESTED MATTEL LITTLE MOMMY DOLL
19   PRODUCTS" means any of the following that provides a basis for any claim by
20   YOU against MATTEL:  (i) any EMBODIMENT or project ever known by the
21   name "Little Mommy" or any derivative thereof (whether in whole or in part and
22   regardless of what such EMBODIMENT or project is or has been also, previously or
23   subsequently called) and any doll or any portion thereof that is now or has ever been
24   known as, or sold, offered for sale, licensed, offered for license or marketed under,
25   the name or term "Little Mommy" or any derivative thereof (whether in whole or in
26   part and regardless of what such doll is or has been also, previously or subsequently
27   called), and all prototypes, models, samples and versions of such EMBODIMENT,
28   doll or any portion thereof; (ii) any playset and accessory that MATTEL distributes

1  under the name "Little Mommy" or any derivative thereof; and/or (iii) any and all

2  other goods, product packaging, advertisements, promotional materials or other

3  thing or item or material manufactured, produced, printed, ordered, marketed,

4  advertised, promoted, displayed, distributed, shipped, imported, exported, licensed,

5  offered for license, sold or offered for sale by MATTEL under the name "Little

6  Mommy" or any derivative thereof.

7         S.    "CONTESTED MATTEL ACCELERACERS PRODUCTS"

8  means any of the following that provides a basis for any claim by YOU against

9  MATTEL:  (i) any EMBODIMENT or project ever known by the name

10  "AcceleRacers" or any derivative thereof (whether in whole or in part and regardless

11  of what such EMBODIMENT or project is or has been also, previously or

12  subsequently called) and any toy vehicle, character, or any portion thereof that is

13  now or has ever been known as, or sold, offered for sale, licensed, offered for

14  license or marketed under, the name or term "AcceleRacers" or any derivative

15  thereof (whether in whole or in part and regardless of what such toy is or has been

16  also, previously or subsequently called), and all prototypes, models, samples and

17  versions of such EMBODIMENT, toy vehicle, character, or any portion thereof; (ii)

18  any playset and accessory that MATTEL distributes under the name "AcceleRacers"

19  or any derivative thereof ; and/or (iii) any and all other goods, product packaging,

20  advertisements, promotional materials or other thing or item or material

21  manufactured, produced, printed, ordered, marketed, advertised, promoted,

22  displayed, distributed, shipped, imported, exported, licensed, offered for license,

23  sold or offered for sale by MATTEL under the name "AcceleRacers" or any

24  derivative thereof.

25         T.    The term "PERSON," in the plural as well as the singular, means

26  any natural person, association, partnership, corporation, joint venture, government

27  entity, organization, trust, institution, proprietorship, or any other entity recognized

28  as having an existence under the laws in United States or any other nation.

-11-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

EXHIBIT _____ 7
PAGE _____ 41

1    U.    The term "RELATING TO" means any and all of the following

2  terms and their synonyms:  refer to, discuss, constitute, evidence, pertain to,

3  mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,

4  identify, state, deal with, concern, comment on, respond to, relevant to, or describe.

5    V.    "COMPLAINT"  means the Complaint for False Designation of

6  Origin, Affiliation, Association or Sponsorship (15 U.S.C. § 1125(a)); Unfair

7  Competition (15 U.S.C. § 1125(a)); Cal. Bus. & Prof. Code § 17200 *et seq.* and

8  California Common Law); Dilution (15 U.S.C. § 1125(c), Cal Bus. & Prof. Code

9  § 14330 and California Common Law); and Unjust Enrichment, filed by YOU on or

10  about April 13, 2005.

11

12  **II.    INSTRUCTIONS**

13    A.    YOU are to produce all requested DOCUMENTS in YOUR

14  possession, custody or control.

15    B.    If YOU contend that YOU are not required to produce certain

16  DOCUMENTS called for by these Requests on the grounds of a privilege or

17  protection that YOU are not prepared to waive, identify each such DOCUMENT

18  and provide the following information:

19    1.    the date and type of the DOCUMENT, the author(s) and

20        all recipients;

21    2.    the privilege or protection that YOU claim permits YOU

22        to withhold the DOCUMENT;

23    3.    the title and subject matter of the DOCUMENT;

24    4.    any additional facts on which YOU base YOUR claim of

25        privilege or protection; and

26    5.    the identity of the current custodian of the original of the

27        DOCUMENT.        EXHIBIT ___7___

28                        PAGE ___42___

07975/1928319.2

1          C.     DOCUMENTS shall be produced in their original file folders, or

2  in lieu thereof, any writing on the file folder from which each such DOCUMENT is

3  taken shall be copied and appended to such DOCUMENT and the PERSON for

4  whom or department, division or office for which the DOCUMENT or the file

5  folder is maintained shall be identified.

6          D.     The DOCUMENTS should be produced in their complete and

7  unaltered form.  Attachments to DOCUMENTS should not be removed.  The

8  DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

9  any reason, including alleged nonrelevance.  If emails are produced that had

10  attachments, the attachments shall be attached when produced.

11          E.     DOCUMENTS in electronic form shall be produced in that form.

12          F.     In the event that any DOCUMENT called for by these requests

13  has been destroyed or discarded, that DOCUMENT is to be identified by stating:

14          1.        the date and type of the DOCUMENT, the author(s) and

15                  all recipients;

16          2.        the DOCUMENT's date, subject matter, number of pages,

17                  and attachments or appendices;

18          3.        the date of destruction or discard, manner of destruction

19                  or discard, and reason for destruction or discard;

20          4.        the PERSONS who were authorized to carry out such

21                  destruction or discard;

22          5.        the PERSONS who have knowledge of the content,

23                  origins, distribution and destruction of the DOCUMENT;

24                  and

25          6.        whether any copies of the document exist and, if so, the

26                  name of the custodian of each copy.

27                            EXHIBIT ____7____

28                            PAGE ____43____

-13-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

III.    **REQUESTS FOR DOCUMENTS AND THINGS**

REQUEST FOR PRODUCTION NO. 1:

A sample of each of the CONTESTED MGA PRODUCTS, together with each such product's packaging and all instructions, promotional literature, coupons, bounce-back cards and any other materials inserted in or associated with such packaging.

REQUEST FOR PRODUCTION NO. 2:

A sample of each display, including but not limited to each point-of-purchase or in-store display, prepared, produced, printed, manufactured or used in connection with the CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 3:

A complete copy of each advertisement or promotional statement prepared, produced, printed, broadcast, made available to anyone in any manner via the Internet, or otherwise used or disseminated in any way in connection with the CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 4:

A complete copy of each COMMUNICATION, advertisement, promotional statement that provides a basis for any claim by YOU against MATTEL.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS RELATING TO the invention, creation, origin, conception, authorship, and ownership of the CONTESTED MGA PRODUCTS.

07975/1928319.2

-14-

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO the invention, creation, origin, conception, authorship, and ownership of any product packaging that provides a basis for any claim by YOU against MATTEL.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO COMMUNICATIONS with any PERSON regarding the invention, creation, origin, conception, authorship, and ownership of the CONTESTED MGA PRODUCTS.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO COMMUNICATIONS with any PERSON regarding the invention, creation, origin, conception, authorship, and ownership of all product packaging that provides a basis for any claim by YOU against MATTEL.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO the invention, creation, origin, conception, authorship, design, development, production, engineering, manufacture, distribution, sale, and ownership of products and packaging that YOU contend provide a basis for any claim against MATTEL, whether or not such claim is made in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO the invention, creation, origin, conception, authorship, design, development, production, engineering, manufacture, distribution, sale, and ownership of all products and packaging that YOU contend MATTEL copied or infringed.

EXHIBIT 7

PAGE 45

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS RELATING TO COMMUNICATIONS with any PERSON regarding the invention, creation, origin, conception, authorship, design, development, production, engineering, manufacture, distribution, sale, and ownership of the CONTESTED MATTEL PRODUCTS and their associated packaging.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS RELATING TO COMMUNICATIONS with any PERSON regarding the invention, creation, origin, conception, authorship, design, development, production, engineering, manufacture, distribution, sale, and ownership of all products and packaging that YOU contend MATTEL copied or infringed.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS RELATING TO any revision of any CONTESTED MGA PRODUCTS, including but not limited to any proposed alternatives, modifications or changes (whether or not implemented) to such CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS RELATING TO the first date of availability for retail sale of each of the CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 15:

All DOCUMENTS RELATING TO the first date that each of the CONTESTED MGA PRODUCTS was shown to any PERSON not employed by MGA, whether in concept, prototype, or finished form.

EXHIBIT ___F___

46

**REQUEST FOR PRODUCTION NO. 16:**

All head sculptures, including all preliminary head sculptures and all versions of such sculptures, made, produced or prepared in connection with the CONTESTED BRATZ DOLLS PRODUCTS.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO the tooling for any of the CONTESTED BRATZ DOLLS PRODUCTS, including but not limited to all invoices, contracts, sales orders, purchase orders and payment relating thereto and including but not limited to all DOCUMENTS relating to the engineering, preparation, fabrication and creation of the molds and face paint masks used in connection therewith and to the film and/or digital files used in connection with the packaging therefor.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO the marketing, advertising, promotion, licensing, offering for sale or sale of the CONTESTED MGA PRODUCTS, including but not limited to all marketing studies, marketing plans, sales plans, sales forecasts, strategies, surveys and analyses and including but not limited to all catalogs, advertisements, brochures, displays and Internet publications.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO the ownership of any right, title or interest, whether in whole or in part, in or to the CONTESTED MGA PRODUCTS.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS RELATING TO any copyright, patent, design right or any other registration or application for registration of the CONTESTED MGA

EXHIBIT ____

PAGE ____ 47

1  PRODUCTS, including but not limited to the complete file history relating thereto,

2  all COMMUNICATIONS relating thereto, and all filings, declarations, affidavits,

3  correspondence, notes and other DOCUMENTS relating thereto.

4

5  REQUEST FOR PRODUCTION NO. 21:

6          Documents sufficient to identify each of the CONTESTED MGA

7  PRODUCTS by internal job or product number, SKU, and bar code number.

8

9  REQUEST FOR PRODUCTION NO. 22:

10          Documents sufficient to identify the individuals who worked on or

11  were involved in any manner with the invention, creation, origin, conception,

12  authorship, or design of the CONTESTED MGA PRODUCTS.

13

14  REQUEST FOR PRODUCTION NO. 23:

15          All DOCUMENTS RELATING TO the display, exhibition,

16  distribution, publication, circulation, or other dissemination of the CONTESTED

17  MGA PRODUCTS to distributors, the media, or the public, including but not

18  limited to toy and trade shows and conventions.

19

20  REQUEST FOR PRODUCTION NO. 24:

21          All DOCUMENTS RELATING TO any contracts or licenses entered

22  into, negotiated, proposed, or requested RELATING TO any of the CONTESTED

23  MGA PRODUCTS.

24

25  REQUEST FOR PRODUCTION NO. 25:

26          All DOCUMENTS RELATING TO any actual, proposed, offered, or

27  requested licensing, sale, or purchase of the CONTESTED MGA PRODUCTS,

28

EXHIBIT _____ F

PAGE _____ 48

07975/1928319.2

-18-

1   including but not limited to all contracts and proposed or offered contracts relating
2   thereto.

3

4   REQUEST FOR PRODUCTION NO. 26:

5        All DOCUMENTS RELATING TO the target market or potential
6   target market, and the demographics of any actual, potential or prospective
7   consumers, customers, purchasers or licensees of the CONTESTED MGA
8   PRODUCTS.

9

10  REQUEST FOR PRODUCTION NO. 27:

11       All DOCUMENTS RELATING TO the number of units of the
12  CONTESTED MGA PRODUCTS manufactured, produced, ordered, stored in
13  inventory, imported, exported, shipped, sold, or offered for sale by any PERSON,
14  including but not limited to YOU.

15

16  REQUEST FOR PRODUCTION NO. 28:

17       All DOCUMENTS RELATING TO revenues received by YOU in
18  connection with each of the CONTESTED MGA PRODUCTS.

19

20  REQUEST FOR PRODUCTION NO. 29:

21       All DOCUMENTS RELATING TO YOUR costs, including but not
22  limited to YOUR per-unit cost, for each of the CONTESTED MGA PRODUCTS.

23

24  REQUEST FOR PRODUCTION NO. 30:

25       All DOCUMENTS RELATING TO YOUR profits, including but not
26  limited to gross, incremental and net profits, for each of the CONTESTED MGA
27  PRODUCTS.

28

EXHIBIT _____ F

PAGE _____ 49

07975/1928319.2

-19-

1 REQUEST FOR PRODUCTION NO. 31:

2　　　　All DOCUMENTS RELATING TO any complaints or dissatisfaction

3 concerning the CONTESTED MGA PRODUCTS, including but not limited to

4 DOCUMENTS recording the returns of, or the number of or rate of defects for, such

5 products.

6

7 REQUEST FOR PRODUCTION NO. 32:

8　　　　All DOCUMENTS RELATING TO the belief of any PERSON

9 (whether or not such belief is accurate) as to the origin, affiliation, sponsorship or

10 association of the CONTESTED MGA PRODUCTS, including but not limited to all

11 studies, surveys, interviews, reports, and COMMUNICATIONS regarding any such

12 belief.

13

14 REQUEST FOR PRODUCTION NO. 33:

15　　　　All DOCUMENTS RELATING TO the belief of any PERSON

16 (whether or not such belief is accurate) as to the origin, affiliation, sponsorship or

17 association of the CONTESTED MATTEL PRODUCTS, including but not limited

18 to all studies, surveys, interviews, reports and COMMUNICATIONS regarding any

19 such belief.

20

21 REQUEST FOR PRODUCTION NO. 34:

22　　　　All DOCUMENTS RELATING TO any potential or actual confusion,

23 any potential or actual mistake or any potential or actual deception of any PERSON

24 as to the origin, affiliation, sponsorship or association of the CONTESTED MGA

25 PRODUCTS, including but not limited to all studies, surveys, interviews, reports

26 and COMMUNICATIONS regarding any such confusion, mistake or deception.

27

28

EXHIBIT ___ F

PAGE ___ 5 0

07975/1928319.2

-20-

1  REQUEST FOR PRODUCTION NO. 35:

2         All DOCUMENTS RELATING TO any potential or actual confusion,

3  any potential or actual mistake or any potential or actual deception of any PERSON

4  as to the origin, affiliation, sponsorship or association of the CONTESTED

5  MATTEL PRODUCTS, including but not limited to all studies, surveys, interviews,

6  reports and COMMUNICATIONS regarding any such confusion, mistake or

7  deception.

8

9  REQUEST FOR PRODUCTION NO. 36:

10        All DOCUMENTS RELATING TO any consumer studies, reports,

11  surveys, interviews or reports regarding the CONTESTED MGA PRODUCTS or

12  the CONTESTED MATTEL PRODUCTS.

13

14  REQUEST FOR PRODUCTION NO. 37:

15        All DOCUMENTS RELATING TO the marketing, advertising,

16  promotion, licensing, offering for sale or sale of the CONTESTED MATTEL

17  PRODUCTS, including but not limited to all marketing studies, marketing plans,

18  sales plans, sales forecasts, strategies, surveys and analyses and including but not

19  limited to all catalogs, advertisements, brochures, displays and Internet publications.

20

21  REQUEST FOR PRODUCTION NO. 38:

22        All DOCUMENTS RELATING TO the ownership of any right, title or

23  interest, whether in whole or in part, in or to the CONTESTED MATTEL

24  PRODUCTS.

25

26        EXHIBIT ___F___

27        PAGE ___51___

28

07975/1928319.2

-21-

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS RELATING TO the invention, creation, origin, conception, authorship, design, and ownership of the CONTESTED MATTEL PRODUCTS.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS RELATING TO the display, exhibition, distribution, publication, circulation, or other dissemination of the CONTESTED MATTEL PRODUCTS to distributors, the media, or the public, including but not limited to toy and trade shows and conventions.

**REQUEST FOR PRODUCTION NO. 41:**

All COMMUNICATIONS between YOU and any stock analyst, investment analyst, investment bank, institutional lender, or venture capital fund since January 1, 1999.

**REQUEST FOR PRODUCTION NO. 42:**

All COMMUNICATIONS between YOU and any individual while the individual was employed by MATTEL.

**REQUEST FOR PRODUCTION NO. 43:**

All COMMUNICATIONS between YOU and MATTEL RELATING TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

EXHIBIT ___F___

PAGE ___52___

REQUEST FOR PRODUCTION NO. 44:

All COMMUNICATIONS between YOU and any PERSON RELATING TO the claims made in YOUR COMPLAINT or the facts that YOU contend support such claims.

REQUEST FOR PRODUCTION NO. 45:

All DOCUMENTS RELATING TO YOUR knowledge of MATTEL's alleged infringement of YOUR claimed EMBODIMENTS.

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS RELATING TO any unjust enrichment, damage, loss, or injury that YOU claim has been sustained by reason of any act or omission by MATTEL, including but not limited to all DOCUMENTS RELATING TO any alleged lost profits, lost sales, lost opportunity, lost license, price erosion, consequential or incidental damage, information or intellectual property provided to any competitor, or benefit obtained by any competitor, including but not limited to all DOCUMENTS RELATING TO the causation for any such alleged unjust enrichment, damage, loss, or injury.

REQUEST FOR PRODUCTION NO. 47:

All DOCUMENTS supporting YOUR contention that MATTEL created, designed, derived, or developed products, packaging, and advertising using concepts, products, or intellectual property owned by YOU.

EXHIBIT ___F___

REQUEST FOR PRODUCTION NO. 48:

PAGE    53

All DOCUMENTS RELATING TO the copying, reproduction or use of any MATTEL work, product, or EMBODIMENT by YOU or on YOUR behalf.

1    REQUEST FOR PRODUCTION NO. 49:

2           All DOCUMENTS RELATING TO any similarity or dissimilarity

3    between, on the one hand, any of the CONTESTED MGA PRODUCTS and any

4    other work or product developed, manufactured, or distributed by any other person

5    or entity, including but not limited to MATTEL.

6

7    REQUEST FOR PRODUCTION NO. 50:

8           All DOCUMENTS RELATING TO the reasons why consumers

9    purchase any of the CONTESTED MGA PRODUCTS, including but not limited to

10   all consumer surveys, studies and comments pertaining thereto.

11

12   REQUEST FOR PRODUCTION NO. 51:

13          All DOCUMENTS RELATING TO the channels of trade or potential

14   or prospective channels of trade for the CONTESTED MGA PRODUCTS.

15

16   REQUEST FOR PRODUCTION NO. 52:

17          All DOCUMENTS RELATING TO any similarity or dissimilarity

18   between any of the CONTESTED MGA PRODUCTS and any EMBODIMENTS

19   authored, created, distributed, made, sold or offered for sale by any PERSON other

20   than YOU.

21

22   REQUEST FOR PRODUCTION NO. 53:

23          All DOCUMENTS RELATING TO any similarity or dissimilarity

24   between any of the CONTESTED MGA PRODUCTS and any of the CONTESTED

25   MATTEL PRODUCTS.

26

27

28

EXHIBIT ____F____

PAGE ____54____

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1   <u>REQUEST FOR PRODUCTION NO. 54</u>:

2        All DOCUMENTS RELATING TO any COMMUNICATION by

3   YOU with any news organization regarding the CONTESTED MGA PRODUCTS

4   or the CONTESTED MATTEL PRODUCTS.

5

6   <u>REQUEST FOR PRODUCTION NO. 55</u>:

7        All periodicals, whether they be magazines, newspapers, newsletters, or

8   any other type of periodical, that mention the CONTESTED MGA PRODUCTS that

9   have been published since January 1, 1999.

10

11   <u>REQUEST FOR PRODUCTION NO. 56</u>:

12        All television or radio broadcasts or cablecasts that mention the

13   CONTESTED MGA PRODUCTS that have been disseminated since January 1,

14   1999.

15

16   <u>REQUEST FOR PRODUCTION NO. 57</u>:

17        All Internet postings or COMMUNICATIONS that mention the

18   CONTESTED MGA PRODUCTS that have been disseminated since January 1,

19   1999.

20

21   <u>REQUEST FOR PRODUCTION NO. 58</u>:

22        All DOCUMENTS RELATING TO publicity by YOU or about the

23   CONTESTED MGA PRODUCTS since January 1, 1999, including but not limited

24   to advertising, media releases, and public relations material.

25

26   <u>REQUEST FOR PRODUCTION NO. 59</u>:

27        All DOCUMENTS RELATING TO any effort by YOU to recruit

28   employees or contractors since January 1, 1999, including but not limited to

-25-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

EXHIBIT ___
PAGE ___ 55

1 advertising, media releases, brochures, articles, catalogs, handbooks, and public
2 relations material.
3
4 REQUEST FOR PRODUCTION NO. 60:
5      All DOCUMENTS RELATING TO the hiring, engagement, or
6 retention by YOU of any current or former MATTEL employee or contractor since
7 January 1, 1999, including but not limited to all employment agreements and
8 agreements RELATING TO confidentiality or the invention, authorship, or
9 ownership of any concept or product.
10
11 REQUEST FOR PRODUCTION NO. 61:
12      All DOCUMENTS RELATING TO any of the CONTESTED
13 MATTEL PRODUCTS that were obtained by YOU before the date that such
14 product was first offered for sale to the general public.
15
16 REQUEST FOR PRODUCTION NO. 62:
17      All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
18 receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,
19 deletion or use of any DOCUMENTS, data and/or information, including but not
20 limited to any compilation of information, that was prepared, made, created,
21 generated, assembled or compiled by or for MATTEL and that was not publicly
22 available at the time of YOUR receipt of such DOCUMENT, data and/or
23 information.
24
25 REQUEST FOR PRODUCTION NO. 63:
26      All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
27 knowledge of any MATTEL product prior to the time that such product had been
28

07975/1928319.2

-26-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

EXHIBIT ___F___
PAGE ___56___

1   announced or disclosed by MATTEL to retailers or the public, including but not

2   limited to the CONTESTED MATTEL PRODUCTS.

3

4   REQUEST FOR PRODUCTION NO. 64:

5           All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

6   receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

7   deletion or use of any MATTEL line list or other DOCUMENT prepared by

8   MATTEL identifying MATTEL products in the planning, design or development

9   phase.

10

11  REQUEST FOR PRODUCTION NO. 65:

12          Copies of all DOCUMENTS that were seized by Mexican authorities

13  from MGA's office in Mexico City, Mexico.

14

15  REQUEST FOR PRODUCTION NO. 66:

16          All DOCUMENTS RELATING TO the DOCUMENTS, data and/or

17  information that were seized by Mexican authorities from MGA's office in Mexico

18  City, Mexico.

19

20  REQUEST FOR PRODUCTION NO. 67:

21          All DOCUMENTS, including all COMMUNICATIONS, RELATING

22  to the search of MGA's office in Mexico City, Mexico that was conducted by

23  Mexican authorities.

24

25  REQUEST FOR PRODUCTION NO. 68:

26          All DOCUMENTS RELATING TO the email account

27  <plot04@aol.com>, including but not limited to all emails and attachments sent

28

EXHIBIT ___ F

57

-27-

1   from, sent to, received by, transmitted by way of or through and/or stored in such

2   account in any manner.

3

4   REQUEST FOR PRODUCTION NO. 69:

5          All DOCUMENTS RELATING TO when the email account

6   <plot04@aol.com> was first registered, set up or established.

7

8   REQUEST FOR PRODUCTION NO. 70:

9          All DOCUMENTS identifying each PERSON who registered, set up,

10  established or used the email account <plot04@aol.com>.

11

12  REQUEST FOR PRODUCTION NO. 71:

13         All COMMUNICATIONS between YOU and Carlos Gustavo

14  Machado Gomez ("Machado") prior to April 20, 2004.

15

16  REQUEST FOR PRODUCTION NO. 72:

17         All DOCUMENTS RELATING TO COMMUNICATIONS between

18  YOU and Machado prior to April 20, 2004, including but not limited to all calendar

19  entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

20

21  REQUEST FOR PRODUCTION NO. 73:

22         All DOCUMENTS, including but not limited to all

23  COMMUNICATIONS with any PERSON, RELATING TO Machado prior to April

24  20, 2004.

25

26  EXHIBIT F

27  PAGE 58

28

07975/1928319.2

-28-

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Machado's resignation from Mattel.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO compensation, money or any other item of value paid to Machado, whether directly or indirectly, by YOU.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS received by YOU, directly or indirectly, from Machado RELATING TO any MATTEL product or plan.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MATTEL and that YOU received, directly or indirectly, from Machado.

**REQUEST FOR PRODUCTION NO. 78:**

A copy of each personnel file maintained or created by YOU RELATING TO Machado.

EXHIBIT __F__

PAGE __59__

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

07975/1928319.2

REQUEST FOR PRODUCTION NO. 79:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Machado RELATING TO any of the CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 80:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Machado RELATING TO any of the CONTESTED MATTEL PRODUCTS.

REQUEST FOR PRODUCTION NO. 81:

All COMMUNICATIONS between YOU and Mariana Trueba Almada ("Trueba") prior to April 20, 2004.

REQUEST FOR PRODUCTION NO. 82:

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and Trueba prior to April 20, 2004, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 83:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Trueba prior to April 20, 2004.

EXHIBIT ___F___

PAGE ___60___

1    REQUEST FOR PRODUCTION NO. 84:

2            All DOCUMENTS, including but not limited to all

3    COMMUNICATIONS with any PERSON, RELATING TO Trueba's resignation

4    from Mattel.

5

6    REQUEST FOR PRODUCTION NO. 85:

7            All DOCUMENTS, including but not limited to all

8    COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9    or any other item of value paid to Trueba, whether directly or indirectly, by YOU.

10

11   REQUEST FOR PRODUCTION NO. 86:

12           All DOCUMENTS received by YOU, directly or indirectly, from

13   Trueba RELATING TO any MATTEL product or plan.

14

15   REQUEST FOR PRODUCTION NO. 87:

16           All DOCUMENTS, including but not limited to all

17   COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18   reproduction, copying, storage, transmission, transfer, retention, destruction,

19   deletion or use of any DOCUMENTS, data and/or information, including but not

20   limited to any compilation of information, that was prepared, made, created,

21   generated, assembled or compiled by or for MATTEL and that YOU received,

22   directly or indirectly, from Trueba.

23

24   REQUEST FOR PRODUCTION NO. 88:

25           A copy of each personnel file maintained or created by YOU

26   RELATING TO Trueba.

27

28

EXHIBIT _____ F _____

PAGE _____ 61 _____

-31-

**REQUEST FOR PRODUCTION NO. 89**:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Trueba RELATING TO any of the CONTESTED MGA PRODUCTS.

**REQUEST FOR PRODUCTION NO. 90**:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Trueba RELATING TO any of the CONTESTED MATTEL PRODUCTS.

**REQUEST FOR PRODUCTION NO. 91**:

All COMMUNICATIONS between YOU and Pablo Vargas San Jose ("Vargas") prior to April 20, 2004.

**REQUEST FOR PRODUCTION NO. 92**:

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and Vargas prior to April 20, 2004, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 93**:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Vargas prior to April 20, 2004.

EXHIBIT F

PAGE 42

07975/1928319.2

-32-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  REQUEST FOR PRODUCTION NO. 94:

2         All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING TO Vargas' resignation

4  from Mattel.

5

6  REQUEST FOR PRODUCTION NO. 95:

7         All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9  or any other item of value paid to Vargas, whether directly or indirectly, by YOU.

10

11  REQUEST FOR PRODUCTION NO. 96:

12        All DOCUMENTS received by YOU, directly or indirectly, from

13  Vargas RELATING TO any MATTEL product or plan.

14

15  REQUEST FOR PRODUCTION NO. 97:

16        All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18  reproduction, copying, storage, transmission, transfer, retention, destruction,

19  deletion or use of any DOCUMENTS, data and/or information, including but not

20  limited to any compilation of information, that was prepared, made, created,

21  generated, assembled or compiled by or for MATTEL and that YOU received,

22  directly or indirectly, from Vargas.

23

24  REQUEST FOR PRODUCTION NO. 98:

25        A copy of each personnel file maintained or created by YOU

26  RELATING TO Vargas.

27

28

EXHIBIT  F

PAGE  43

07975/1928319.2

1  REQUEST FOR PRODUCTION NO. 99:

2         All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

4  in part, by Vargas RELATING TO any of the CONTESTED MGA PRODUCTS.

5

6  REQUEST FOR PRODUCTION NO. 100:

7         All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

9  in part, by Vargas RELATING TO any of the CONTESTED MATTEL

10  PRODUCTS.

11

12  REQUEST FOR PRODUCTION NO. 101:

13         All COMMUNICATIONS between YOU and Janine Brisbois

14  ("Brisbois") prior to September 27, 2005.

15

16  REQUEST FOR PRODUCTION NO. 102:

17         All DOCUMENTS RELATING TO COMMUNICATIONS between

18  YOU and Brisbois prior to September 27, 2005, including but not limited to all

19  calendar entries, phone logs, phone records and notes reflecting such

20  COMMUNICATIONS.

21

22  REQUEST FOR PRODUCTION NO. 103:

23         All DOCUMENTS, including but not limited to all

24  COMMUNICATIONS with any PERSON, RELATING TO Brisbois prior to

25  September 27, 2005.

26  EXHIBIT  F

27  PAGE  64

28

07975/1928319.2

-34-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

REQUEST FOR PRODUCTION NO. 104:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Brisbois' resignation from Mattel.

REQUEST FOR PRODUCTION NO. 105:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO compensation, money or any other item of value paid to Brisbois, whether directly or indirectly, by YOU.

REQUEST FOR PRODUCTION NO. 106:

All DOCUMENTS received by YOU, directly or indirectly, from Brisbois RELATING TO any MATTEL product or plan.

REQUEST FOR PRODUCTION NO. 107:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MATTEL and that YOU received, directly or indirectly, from Brisbois.

REQUEST FOR PRODUCTION NO. 108:

A copy of each personnel file maintained or created by YOU RELATING TO Brisbois.

EXHIBIT ___F___

PAGE ___65___

07975/1928319.2

-35-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

**REQUEST FOR PRODUCTION NO. 109:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Brisbois RELATING TO any of the CONTESTED MGA PRODUCTS.

**REQUEST FOR PRODUCTION NO. 110:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Brisbois RELATING TO any of the CONTESTED MATTEL PRODUCTS.

**REQUEST FOR PRODUCTION NO. 111:**

All COMMUNICATIONS between YOU and Ron Brawer ("Brawer") prior to October 2, 2004.

**REQUEST FOR PRODUCTION NO. 112:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and Brawer prior to October 2, 2004, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 113:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Brawer prior to October 2, 2004.

EXHIBIT __F__

PAGE __66__

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  REQUEST FOR PRODUCTION NO. 114:

2           All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING TO Brawer's resignation

4  from Mattel.

5

6  REQUEST FOR PRODUCTION NO. 115:

7           All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9  or any other item of value paid to Brawer, whether directly or indirectly, by YOU.

10

11  REQUEST FOR PRODUCTION NO. 116:

12           All DOCUMENTS received by YOU, directly or indirectly, from

13  Brawer RELATING TO any MATTEL product or plan.

14

15  REQUEST FOR PRODUCTION NO. 117:

16           All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18  reproduction, copying, storage, transmission, transfer, retention, destruction,

19  deletion or use of any DOCUMENTS, data and/or information, including but not

20  limited to any compilation of information, that was prepared, made, created,

21  generated, assembled or compiled by or for MATTEL and that YOU received,

22  directly or indirectly, from Brawer.

23

24  REQUEST FOR PRODUCTION NO. 118:

25           All DOCUMENTS RELATING TO the existence or extent of

26  competition or substitution between any of the CONTESTED MGA PRODUCTS

27  and any of the CONTESTED MATTEL PRODUCTS EXHIBIT ___ F

28                                 PAGE ___ 47

1  REQUEST FOR PRODUCTION NO. 119:
2        All DOCUMENTS RELATING TO the facts that YOU contend
3  support the claims for relief in YOUR COMPLAINT.
4
5  REQUEST FOR PRODUCTION NO. 120:
6        All DOCUMENTS RELATING TO any claim by YOU that any of the
7  CONTESTED MGA PRODUCTS have acquired secondary meaning or are famous.
8
9  REQUEST FOR PRODUCTION NO. 121:
10        All DOCUMENTS RELATING TO any claim by YOU that
11  MATTEL's actions have caused actual dilution.
12
13  REQUEST FOR PRODUCTION NO. 122:
14        All DOCUMENTS RELATING TO the allegation in Paragraph 9 of
15  YOUR COMPLAINT that "Mattel has intimidated, coerced and threatened retailers,
16  licensees, suppliers and others in the industry."
17
18  REQUEST FOR PRODUCTION NO. 123:
19        All DOCUMENTS RELATING TO the allegation in Paragraph 9 of
20  YOUR COMPLAINT that "Mattel has . . . serially imitated and copy-catted [sic] the
21  look of MGA products, trade dress, trademarks, themes, ideas, advertising and
22  packaging."
23
24  REQUEST FOR PRODUCTION NO. 124:
25        All DOCUMENTS RELATING TO the allegation in Paragraphs 34
26  and 36 of YOUR COMPLAINT that the Bratz dolls launched in 2001 were "unique
27  and distinctive."

EXHIBIT F

PAGE 68

28

07975/1928319.2

-38-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  **REQUEST FOR PRODUCTION NO. 125**:

2      All DOCUMENTS RELATING TO any allegation by YOU that YOU

3  have any legally protected interest in any of the following "themes" or any other

4  Bratz "theme" that you contend was copied by MATTEL:  "Winter Wonderland,"

5  "Bratz Sportz," "Formal Funk," "Sun-Kissed Summer."

6

7  **REQUEST FOR PRODUCTION NO. 126**:

8      All DOCUMENTS RELATING TO any allegation by YOU that YOU

9  have any legally protected interest in any "color scheme" that you contend was

10  copied by MATTEL.

11

12  **REQUEST FOR PRODUCTION NO. 127**:

13      All DOCUMENTS RELATING TO the allegation in Paragraph 56 of

14  YOUR COMPLAINT that the press has confused YOUR products with those of

15  MATTEL, or vice versa.

16

17  **REQUEST FOR PRODUCTION NO. 128**:

18      All DOCUMENTS RELATING TO any allegation by YOU that

19  anyone has confused any commercial for YOUR Funky Fashion Makeover Head

20  with any commercial for MATTEL's My Scene Styling Head.

21

22  **REQUEST FOR PRODUCTION NO. 129**:

23      All DOCUMENTS RELATING TO any allegation by YOU that

24  MATTEL has used any "tag line" allegedly belonging to YOU, including but not

25  limited to "Passion for Fashion" or any derivative thereof.

26

27

28

EXHIBIT __F__

PAGE __69__

-39-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  REQUEST FOR PRODUCTION NO. 130:

2         All DOCUMENTS RELATING TO the allegation in Paragraph 61 of

3  YOUR COMPLAINT that retailers have been confused by Bratz Petz and

4  MATTEL's My Scene Pets, including but not limited to YOUR allegation that "even

5  sophisticated retailers . . . have mistakenly merchandised 'My Scene' dogs in the

6  middle of the 'BRATZ' section of a retail display, next to and as if they were part of

7  MGA's 'BRATZ Petz' line."

8

9  REQUEST FOR PRODUCTION NO. 131:

10        All DOCUMENTS RELATING TO the allegation in Paragraph 62 of

11 YOUR COMPLAINT that advertising executives have "expressed concern" about

12 "Bratz" and Mattel's "My Scene," including but not limited to the alleged remarks

13 set forth in Paragraph 62.

14

15 REQUEST FOR PRODUCTION NO. 132:

16        All DOCUMENTS RELATING TO the allegations in Paragraph 63 of

17 YOUR COMPLAINT that the press "has taken notice" of alleged confusion

18 between "Bratz" and Mattel's "My Scene," including but not limited to the alleged

19 remarks set forth in Paragraph 63.

20

21 REQUEST FOR PRODUCTION NO. 133:

22        All DOCUMENTS RELATING TO the allegation in Paragraph 64 of

23 YOUR COMPLAINT that customers have contacted YOU to purchase Mattel's "My

24 Scene" dolls.

25

26         EXHIBIT _____ F_____

27         PAGE _____ 7 b_____

28

-40-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

REQUEST FOR PRODUCTION NO. 134:

All DOCUMENTS RELATING TO any allegation by YOU that YOU have a legally protected interest in what YOU describe in Paragraph 71 of YOUR COMPLAINT as "MGA's 'other-worldly' theme."

REQUEST FOR PRODUCTION NO. 135:

All DOCUMENTS RELATING TO the allegation in Paragraph 71 of YOUR COMPLAINT that MATTEL's commercials and product "mimic[] MGA's alien theme and commercials in which MGA's 'AlienRacers' are engaged in a 'race to save the universe.'"

REQUEST FOR PRODUCTION NO. 136:

All DOCUMENTS RELATING TO the allegation in Paragraph 74 of YOUR COMPLAINT that MATTEL has engaged in "strong-arm tactics, and other illegitimate, unfair and anti-competitive means."

REQUEST FOR PRODUCTION NO. 137:

All DOCUMENTS RELATING TO the allegations in Paragraph 75 of YOUR COMPLAINT regarding MATTEL's dealings and COMMUNICATIONS with former employees, including but not limited to all COMMUNICATIONS between YOU and any present or former employees or contractors of MATTEL.

REQUEST FOR PRODUCTION NO. 138:

All COMMUNICATIONS between YOU and any PERSON RELATING TO the departure from MATTEL of any current or former MATTEL employee or contractor.

EXHIBIT ____P____

PAGE ____71____

-41-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

**REQUEST FOR PRODUCTION NO. 139:**

All COMMUNICATIONS between YOU and any PERSON RELATING TO the obligations to MATTEL, including the duty of confidentiality, of any current or former MATTEL employee or contractor.

**REQUEST FOR PRODUCTION NO. 140:**

All COMMUNICATIONS between YOU and any current or former MATTEL employee or contractor RELATING TO the ownership of any idea, concept, design, or product.

**REQUEST FOR PRODUCTION NO. 141:**

All COMMUNICATIONS between YOU and any PERSON RELATING TO the retention, destruction, transfer, or use of any information or DOCUMENTS known to or possessed by any current or former MATTEL employee or contractor.

**REQUEST FOR PRODUCTION NO. 142:**

All DOCUMENTS RELATING TO the "warnings" or "threats" alleged in Paragraph 76 of YOUR COMPLAINT, including but not limited to all COMMUNICATIONS with any present or former licensees of MATTEL.

**REQUEST FOR PRODUCTION NO. 143:**

All DOCUMENTS RELATING TO the "intimidation" alleged in Paragraph 77 of YOUR COMPLAINT, including but not limited to all COMMUNICATIONS with any present or former distributors and retailers of MGA and MATTEL products.

EXHIBIT ___F___

PAGE ___72___

-42-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

REQUEST FOR PRODUCTION NO. 144:

All COMMUNICATIONS between YOU and any retailer, wholesaler or distributor RELATING TO the CONTESTED MATTEL PRODUCTS.

REQUEST FOR PRODUCTION NO. 145:

All DOCUMENTS RELATING TO the allegation in Paragraph 78 of YOUR COMPLAINT that MATTEL was responsible for what YOU refer to as a "shortage of doll hair in October 2002."

REQUEST FOR PRODUCTION NO. 146:

All DOCUMENTS RELATING TO the allegation in Paragraph 79 of YOUR COMPLAINT that MATTEL has "manipulated the retail market," including but not limited to all COMMUNICATIONS with any persons RELATING TO YOUR allegation that "Mattel merchandisers have been caught tampering with MGA's retail displays."

REQUEST FOR PRODUCTION NO. 147:

All DOCUMENTS RELATING TO any allegation by YOU that MATTEL has made false statements about YOU or YOUR business practices, including but not limited to the allegations in Paragraph 79 of YOUR COMPLAINT.

REQUEST FOR PRODUCTION NO. 148:

All DOCUMENTS RELATING TO any allegation by YOU that MATTEL has violated any rules or restrictions relating to data provided to subscribers by NPD or engaged in any other wrongful conduct relating to NPD.

EXHIBIT ____F____

PAGE ____73____

-43-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1    REQUEST FOR PRODUCTION NO. 149:

2          All DOCUMENTS RELATING TO any COMMUNICATIONS

3 between YOU and NPD, other than periodic reports, between January 1, 2000 and

4 the present.

5

6    REQUEST FOR PRODUCTION NO. 150:

7          DOCUMENTS sufficient to show the status of YOUR NPD

8 subscription between January 1, 2000 and the present.

9

10    REQUEST FOR PRODUCTION NO. 151:

11          All DOCUMENTS RELATING TO the allegation in Paragraph 89 of

12 YOUR COMPLAINT that MATTEL "used its influence . . . to induce CARU to

13 place onerous restrictions on MGA advertisements, and require MGA to amend

14 aspects of commercials that have gone unchallenged in other parties' commercials."

15

16    REQUEST FOR PRODUCTION NO. 152:

17          All DOCUMENTS RELATING TO any COMMUNICATIONS

18 between YOU and CARU between January 1, 2000 and the present.

19

20    REQUEST FOR PRODUCTION NO. 153:

21          All DOCUMENTS RELATING TO any allegation by YOU that

22 MATTEL has exercised improper influence with or within TIA, including but not

23 limited to the procedures for and manner in which the Toy of the Year was selected

24 for 2003.

25

26    REQUEST FOR PRODUCTION NO. 154:

27          All DOCUMENTS RELATING TO any COMMUNICATIONS with

28 TIA RELATING TO Toy of the Year since January 1, 2000.

-44-

EXH   F

PAGE   74

**REQUEST FOR PRODUCTION NO. 155:**

All DOCUMENTS RELATING TO the allegation in Paragraph 113 of YOUR COMPLAINT that MATTEL has "willfully and maliciously used its power, influence and intimidation to threaten certain retailers, suppliers, licensees, distributors and manufacturers so as to limit, if not prevent, MGA from doing business with these retailers, suppliers, licensees, distributors and manufacturers, using its power and influence to intimidate and manipulate industry bodies."

**REQUEST FOR PRODUCTION NO. 156:**

All DOCUMENTS RELATING TO the allegation in Paragraph 113 of YOUR COMPLAINT that MATTEL has "used its power and influence to attempt to, if not actually, intimidate and threaten MGA's current and potential employees so as to cause MGA competitive injury."

**REQUEST FOR PRODUCTION NO. 157:**

YOUR quarterly and annual profit and loss statements (both audited and unaudited) for the years 2000 through the present, inclusive.

**REQUEST FOR PRODUCTION NO. 158:**

YOUR quarterly and annual financial statements (both audited and unaudited) for the years 2000 through the present, inclusive.

**REQUEST FOR PRODUCTION NO. 159:**

YOUR annual reports for each of the years 2000 through the present, inclusive.

EXHIBIT ___F___

PAGE ___75___

REQUEST FOR PRODUCTION NO. 160:

All DOCUMENTS received from MATTEL (whether directly or indirectly) by YOU at any time since January 1, 1999.

REQUEST FOR PRODUCTION NO. 161:

All DOCUMENTS that YOU have reason to believe were created by or originated from MATTEL, other than MATTEL products that YOU purchased at retail.

REQUEST FOR PRODUCTION NO. 162:

All DOCUMENTS RELATING TO the destruction or retention of any DOCUMENT RELATING TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

REQUEST FOR PRODUCTION NO. 163:

All internal MGA COMMUNICATIONS and schedules RELATING TO document retention or destruction between January 1, 1999 and the present.

REQUEST FOR PRODUCTION NO. 164:

All DOCUMENTS RELATING TO any COMMUNICATIONS with, or inquiry or investigation by, any government entity RELATING TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

REQUEST FOR PRODUCTION NO. 165:

All DOCUMENTS RELATING TO any COMMUNICATIONS with, or inquiry or investigation by, any toy industry organization, safety compliance, or consumer organization RELATING TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

EXHIBIT ___ ſ̄

PAGE ___ 76

1 **REQUEST FOR PRODUCTION NO. 166:**

2       To the extent not produced in response to any other Request for

3 Production, all DOCUMENTS and tangible things upon which YOU intend to rely

4 upon in this action.

5

6 DATED:  December 18, 2006        QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
7

8

9                                  By
                                   Timothy L. Alger
10                                  Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07975/1928319.2

-47-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

EXHIBIT _____
PAGE _____  77

<u>**PROOF OF SERVICE**</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On December 18, 2006, I true copies of the following document(s) described as:

**MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS**

**AND THINGS RE CLAIMS OF UNFAIR COMPETITION**

**TO MGA ENTERTAINMENT, INC.**

on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres, Esq.<br>O'Melveny & Myers<br>400 So. Hope Street<br>Los Angeles, CA  90071<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407 | Keith A. Jacoby, Esq.<br>Littler Mendelson<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA  90067-3107<br>Telephone: (310) 553-0308<br>Facsimile: (310) 553-5583 |

[√ ]   [PERSONAL] by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on December 18, 2006 at Los Angeles, California.

David Quintana

07209/2020338.1

Case No. SACV 05-00953 JVS (ANx)
PROOF OF SERVICE

EXHIBIT _____

PAGE _____ 78

# EXHIBIT G

1   DIANA M. TORRES (S.B. #162284)
    PAULA E. AMBROSINI (S.B. #193126)
2   O'MELVENY & MYERS LLP
    400 South Hope Street
3   Los Angeles, CA 90071-2899
    Telephone: (213) 430-6000
4   Facsimile: (213) 430-6407

5   DALE M. CENDALI (admitted pro hac vice)
    O'MELVENY & MYERS, LLP
6   Times Square Tower
    7 Times Square
7   New York, New York 10036
    Telephone: (212) 326-2000
8   Facsimile: (212) 326-2061

9   Attorneys for Defendant-in-Intervention
    MGA Entertainment, Inc.

10

11

12                  UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14

15

16  MATTEL, INC.,                       Case No. CV 04-09059 NM (RNBx)

17              Plaintiff,              MGA ENTERTAINMENT, INC.'S
                                        RESPONSES TO MATTEL, INC.'S
18       v.                            FIRST SET OF REQUESTS FOR
                                        PRODUCTION OF DOCUMENTS AND
19  CARTER BRYANT and MGA               TANGIBLE THINGS
    ENTERTAINMENT, INC.,
20
                Defendant and
21              Defendant-in-
                Intervention.
22

23  AND RELATED CROSS-CLAIMS

24

25                                      EXHIBIT ___G___

26                                      PAGE ___79___

27

28
    LA2:756234.3                        MGA'S RESPONSE TO 1ST SET OF
                                        REQUEST FOR PRODUCTION OF
                                        DOCUMENTS

RECEIVED
APR 1 4 2005

4-13

# PRELIMINARY STATEMENT

Defendant MGA Entertainment, Inc. ("MGA") has not yet completed its investigation relating to the facts of this action and has not completed preparation for trial. MGA makes its response to these document requests ("requests," or individually, "request") based upon the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence which may hereafter be discovered or become available.

MGA will respond to each request as it understands and interprets each request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of MGA, MGA reserves the right to supplement its objections and responses.

By making these responses, MGA does not concede that any of the information sought by these requests is relevant or discoverable. MGA makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve: (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to these requests; (b) the right to object to the use of the documents or information provided in response to the requests in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in these requests or the responses thereto.

MGA shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection. Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver of any privilege or protection attaching thereto and MGA reserves the right to correct the record with regard

LA2:756234.3

1

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

EXHIBIT _____
PAGE _____

1   to any such information and to supplement or amend these responses, which

2   supplemental or amended response shall become the operative response.

3   ## GENERAL OBJECTIONS

4         1.     MGA objects to each and every request on the ground that production

5   at the date and time demanded will subject MGA to unwarranted oppression and undue

6   burden and expenses.  The time set for compliance is unduly burdensome, especially in

7   light of the number of document requests, and the scope and volume of the material being

8   sought.  MGA intends to proceed expeditiously to collect the documents for production, if

9   any, and will produce them at a date and time, and in such a manner, as may be mutually

10  agreed by counsel for the parties.

11        2.     MGA objects to each request to the extent that it seeks information

12  protected from discovery by the attorney-client privilege, work-product doctrine, right to

13  privacy, or any other applicable privilege.

14        3.     MGA objects to each request to the extent that it seeks the disclosure

15  of confidential, proprietary or trade-secret information.  Should such documents be

16  otherwise responsive and non-objectionable, MGA will produce such documents subject

17  to the terms and conditions of the protective order governing this case.

18        4.     MGA objects to each request to the extent that it seeks documents in

19  Mattel's own possession, custody or control or that are accessible to Mattel from public

20  sources or from third parties.

21        5.     MGA objects to each request to the extent that it asks for documents

22  that are not relevant to claims or defenses in this case.

23        6.     MGA objects to each and every request to the extent it purports to

24  require MGA to search all documents and things within its possession, custody or control

25  or within the possession, custody or control of any of MGA's current or former

26  employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries,

27  divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other

28  person acting on its behalf, pursuant to its authority or subject to its control, on the

EXHIBIT _____ G1

PAGE _____ 81

1   grounds that such request is unreasonable, overbroad, unduly burdensome and oppressive,

2   violates the right of privacy, and purports to require MGA to search for documents not

3   within its possession, custody or control.  MGA will make a reasonably diligent search for

4   responsive documents within its possession, custody or control.

5           7.      MGA objects to each and every request to the extent its seeks "all

6   documents" responsive to a certain category on the grounds that such request is overbroad

7   and unduly burdensome and oppressive.  MGA will produce otherwise unobjectionable

8   documents sufficient to provide Mattel with the information sought, following a

9   reasonably diligent search.  On grounds of oppression and undue burden, MGA will not

10  respond to duplicative or cumulative requests and will not re-produce documents it has

11  already produced or produce documents that it has received from Mattel or others in the

12  course of discovery in this matter.

13          8.      MGA objects to each request to the extent it seeks documents not

14  within MGA's possession, custody, or control.

15          9.      MGA objects to each request to the extent it seeks information

16  relating to activities or conduct in foreign countries.  In each instance in which MGA has

17  agreed to produce documents, such production is hereby expressly limited to documents

18  relating to domestic activities or conduct only.

19          10.     MGA objects to the defined terms "You," "Your," "Mattel," and

20  "Bryant" on the grounds that these terms, as defined, are overbroad, are vague and

21  ambiguous, and call for legal conclusions.

22          11.     MGA objects to the defined terms "Bratz" and "Angel" on the

23  grounds that these terms, as defined, are overbroad, are vague and ambiguous, and call for

24  legal conclusions.

25

26

27

28

EXHIBIT _____G_____

PAGE _____82_____

LA2:756234.3

3

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and BRYANT, including without limitation all drafts thereof and all actual or proposed amendments, modifications and revisions thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents that refer or relate to any agreement or contract between MGA and Bryant. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce all relevant and responsive non-objectionable documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that REFER OR RELATE TO the performance of any agreement or contract between YOU and BRYANT.

LA2:756234.3

4

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

EXHIBIT ____

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

2      MGA incorporates by reference the above-stated general objections as if fully set

3 forth herein. MGA also specifically objects to this request to the extent that it seeks

4 information not relevant to the subject matter of this lawsuit or reasonably calculated to

5 lead to the discovery of admissible evidence. MGA also objects to this request on the

6 grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

7 that refer or relate to the performance of any agreement or contract between MGA and

8 Bryant. MGA also objects to this request on the grounds that it seeks confidential,

9 proprietary or commercially sensitive information, the disclosure of which would be

10 inimical to the business interests of MGA. MGA also objects to this request to the extent

11 it calls for the disclosure of attorney-client privileged information or information

12 protected from disclosure by the work-product doctrine, joint defense or common interest

13 privilege, or other privilege. MGA also objects to this request to the extent it seeks

14 information the disclosure of which would implicate the rights of third parties to protect

15 private, confidential, proprietary or trade secret information. MGA also objects to this

16 request to the extent that it seeks documents not in MGA's possession, custody or control.

17      Subject to the foregoing, MGA will produce documents evidencing Bryant's work

18 on First Generation Bratz and the Angel project, that it is able to locate following a

19 reasonably diligent search.

20 **REQUEST FOR PRODUCTION NO. 3:**

21      All DOCUMENTS that REFER OR RELATE TO the agreement dated as of

22 September 18, 2000 between YOU and BRYANT, including without limitation all drafts

23 thereof and any actual or proposed modifications, amendments or revisions thereto.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

25      MGA incorporates by reference the above-stated general objections as if fully set

26 forth herein. MGA also objects to this request to the extent that it seeks information not

27 relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

28 discovery of admissible evidence. MGA also objects to this request on the grounds that it



EXHIBIT __G__

PAGE __84__

1  seeks confidential, proprietary or commercially sensitive information, the disclosure of

2  which would be inimical to the business interests of MGA. MGA also objects to this

3  request to the extent it calls for the disclosure of attorney-client privileged information or

4  information protected from disclosure by the work-product doctrine, joint defense or

5  common interest privilege, or other privilege. MGA also objects to this request to the

6  extent it seeks information the disclosure of which would implicate the rights of third

7  parties to protect private, confidential, proprietary or trade secret information. MGA also

8  objects to this request to the extent that it seeks documents not in MGA's possession,

9  custody or control.

10      Subject to the foregoing, MGA will produce all relevant and responsive non-

11  objectionable documents in its possession, custody or control, if any, that it is able to

12  locate following a reasonably diligent search.

13  **REQUEST FOR PRODUCTION NO. 4:**

14      All DOCUMENTS that REFER OR RELATE TO the Modification and

15  Clarification of the Agreement dated as of September 18, 2000 between YOU and

16  BRYANT, including without limitation all drafts thereof and any actual or proposed

17  modifications, amendments or revisions thereto.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

19      MGA incorporates by reference the above-stated general objections as if fully set

20  forth herein. MGA also objects to this request to the extent that it seeks information not

21  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

22  discovery of admissible evidence. MGA also objects to this request on the grounds that it

23  seeks confidential, proprietary or commercially sensitive information, the disclosure of

24  which would be inimical to the business interests of MGA. MGA also objects to this

25  request to the extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense or

27  common interest privilege, or other privilege. MGA also objects to this request to the

28  extent it seeks information the disclosure of which would implicate the rights of third

LA2:756234.3

6

EXHIB......

PAGE _____

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  parties to protect private, confidential, proprietary or trade secret information.  MGA also

2  objects to this request to the extent that it seeks documents not in MGA's possession,

3  custody or control.

4        Subject to the foregoing, MGA will produce all relevant and responsive non-

5  objectionable documents in its possession, custody or control, if any, that it is able to

6  locate following a reasonably diligent search.

7  **REQUEST FOR PRODUCTION NO. 5:**

8        All DOCUMENTS that REFER OR RELATE TO the agreement dated April 2001

9  between YOU and BRYANT, including without limitation all drafts thereof and any

10  actual or proposed modifications, amendments or revisions thereto.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

12        MGA incorporates by reference the above-stated general objections as if fully set

13  forth herein.  MGA also objects to this request to the extent that it seeks information not

14  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

15  discovery of admissible evidence.  MGA also objects to this request on the grounds that it

16  seeks confidential, proprietary or commercially sensitive information, the disclosure of

17  which would be inimical to the business interests of MGA.  MGA also objects to this

18  request to the extent it calls for the disclosure of attorney-client privileged information or

19  information protected from disclosure by the work-product doctrine, joint defense or

20  common interest privilege, or other privilege.  MGA also objects to this request to the

21  extent it seeks information the disclosure of which would implicate the rights of third

22  parties to protect private, confidential, proprietary or trade secret information.  MGA also

23  objects to this request to the extent that it seeks documents not in MGA's possession,

24  custody or control.

25        Subject to the foregoing, MGA will produce all relevant and responsive non-

26  objectionable documents in its possession, custody or control, if any, that it is able to

27  locate following a reasonably diligent search.

28

LA2:756234.3

7

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT  G

PAGE  86

1    **REQUEST FOR PRODUCTION NO. 6:**

2          All DOCUMENTS prepared, created, received or transmitted (whether in whole or

3    in part) prior to January 1, 2001 that REFER OR RELATE TO BRYANT.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

5          MGA incorporates by reference the above-stated general objections as if fully set

6    forth herein.  MGA also objects to this request to the extent that it seeks information not

7    relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

8    discovery of admissible evidence.  MGA also objects to this request on the grounds that it

9    seeks confidential, proprietary or commercially sensitive information, the disclosure of

10   which would be inimical to the business interests of MGA.  MGA also objects to this

11   request to the extent it calls for the disclosure of attorney-client privileged information or

12   information protected from disclosure by the work-product doctrine, joint defense or

13   common interest privilege, or other privilege.  MGA also objects to this request to the

14   extent it seeks information the disclosure of which would implicate the rights of third

15   parties to protect private, confidential, proprietary or trade secret information.  MGA also

16   objects to this request to the extent that it seeks documents not in MGA's possession,

17   custody or control.

18         Subject to the foregoing, MGA will produce all relevant and responsive non-

19   objectionable documents in its possession, custody or control, if any, that it is able to

20   locate following a reasonably diligent search.

21   **REQUEST FOR PRODUCTION NO. 7:**

22         All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

23   including without limitation any freelance work or consulting services that BRYANT

24   performed for or with YOU or on YOUR behalf prior January 1, 2001 (regardless of when

25   any such DOCUMENT was prepared, created, received or transmitted, whether in whole

26   or in part).

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

28         MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3                                          8                    MGA'S RESPONSE TO 1ST SET OF
                                                                           REQUEST FOR PRODUCTION OF
                                                                           DOCUMENTS

EXHIBIT _____ 6

PAGE _____ 82

1    forth herein.  MGA also specifically objects to this request to the extent that it seeks

2    information not relevant to the subject matter of this lawsuit or reasonably calculated to

3    lead to the discovery of admissible evidence.  MGA also objects to this request on the

4    ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

5    that refer or relate to any work, activities or services that Bryant performed for or with

6    MGA or on its behalf.  MGA also objects to this request on the grounds that it seeks

7    confidential, proprietary or commercially sensitive information, the disclosure of which

8    would be inimical to the business interests of MGA.  MGA also objects to this request to

9    the extent it calls for the disclosure of attorney-client privileged information or

10   information protected from disclosure by the work-product doctrine, joint defense or

11   common interest privilege, or other privilege.  MGA also objects to this request to the

12   extent it seeks information the disclosure of which would implicate the rights of third

13   parties to protect private, confidential, proprietary or trade secret information.  MGA also

14   objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

15   determine what is meant by "activities" and "with YOU."  MGA will interpret "activities"

16   to mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this

17   request to the extent that it seeks documents not in MGA's possession, custody or control.

18        Subject to the foregoing, MGA will produce all relevant and responsive non-

19   objectionable documents in its possession, custody or control, if any, evidencing Bryant's

20   work on First Generation Bratz and the Angel project, that it is able to locate following a

21   reasonably diligent search.

22   **REQUEST FOR PRODUCTION NO. 8:**

23        All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

24   including without limitation any freelance work or consulting services that Anna Rhee

25   performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

26   when any such DOCUMENT was prepared, created, received or transmitted, whether in

27   whole or in part).

28

LA2:756234.3          EXHIBIT   6          9          MGA'S  RESPONSE TO 1ST SET OF
                                                      REQUEST FOR PRODUCTION OF
                                                      DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

1
2      MGA incorporates by reference the above-stated general objections as if fully set
3   forth herein.  MGA also specifically objects to this request to the extent that it seeks
4   information not relevant to the subject matter of this lawsuit or reasonably calculated to
5   lead to the discovery of admissible evidence.  MGA also objects to this request on the
6   ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents
7   that refer or relate to any work, activities or services that Anna Rhee performed for or
8   with MGA or on its behalf.  MGA also objects to this request to the extent it seeks
9   information the disclosure of which would implicate the rights of third parties to protect
10  private, confidential, proprietary or trade secret information.  MGA also objects to this
11  request on the grounds that it seeks confidential, proprietary or commercially sensitive
12  information, the disclosure of which would be inimical to the business interests of MGA.
13  MGA also objects to this request to the extent it calls for the disclosure of attorney-client
14  privileged information or information protected from disclosure by the work-product
15  doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects
16  to this request on the grounds that it is vague and ambiguous in that MGA cannot
17  determine what is meant by "activities" and "with YOU."  MGA will interpret "activities"
18  to mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this
19  request to the extent that it seeks documents not in MGA's possession, custody or control.
20      Subject to the foregoing, MGA will produce all relevant and responsive non-
21  objectionable documents in its possession, custody or control, if any, evidencing Anna
22  Rhee's work First Generation Bratz and the Angel project, that it is able to locate
23  following a reasonably diligent search.

24  **REQUEST FOR PRODUCTION NO. 9:**

25      All DOCUMENTS that REFER OR RELATE TO any work, activities or services,
26  including without limitation any freelance work or consulting services, that Veronica
27  Marlow performed for or with YOU or on YOUR behalf prior to January 1, 2001
28  (regardless of when any such DOCUMENT was prepared, created, received or

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS



EXHIBIT ___6___
PAGE ___89___

1   transmitted, whether in whole or in part).

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

3       MGA incorporates by reference the above-stated general objections as if fully set

4   forth herein.  MGA also specifically objects to this request to the extent that it seeks

5   information not relevant to the subject matter of this lawsuit or reasonably calculated to

6   lead to the discovery of admissible evidence.  MGA also objects to this request on the

7   ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

8   that refer or relate to any work, activities or services that Veronica Marlow performed for

9   or with MGA or on its behalf.  MGA also objects to this request to the extent it seeks

10  information the disclosure of which would implicate the rights of third parties to protect

11  private, confidential, proprietary or trade secret information.  MGA also objects to this

12  request on the grounds that it seeks confidential, proprietary or commercially sensitive

13  information, the disclosure of which would be inimical to the business interests of MGA.

14  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

15  privileged information or information protected from disclosure by the work-product

16  doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

17  to this request on the grounds that it is vague and ambiguous in that MGA cannot

18  determine what is meant by "activities" and "with YOU."  MGA will interpret "activities"

19  to mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this

20  request to the extent that it seeks documents not in MGA's possession, custody or control.

21      Subject to the foregoing, MGA will produce all relevant and responsive non-

22  objectionable documents in its possession, custody or control, if any, evidencing Veronica

23  Marlow's work First Generation Bratz, that it is able to locate following a reasonably

24  diligent search.

25  **REQUEST FOR PRODUCTION NO. 10:**

26      All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

27  including without limitation any freelance work or consulting services, that Sarah Halpern

28  performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

LA2:756234.3                                        11                    MGA'S RESPONSE TO 1ST SET OF
                                                                         REQUEST FOR PRODUCTION OF
                                                                         DOCUMENTS

EXHIBIT _____ 67
          _____ 90

1  when any such DOCUMENT was prepared, created, received or transmitted, whether in

2  whole or in part).

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

4       MGA incorporates by reference the above-stated general objections as if fully set

5  forth herein. MGA also specifically objects to this request to the extent that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably calculated to

7  lead to the discovery of admissible evidence. MGA also objects to this request on the

8  ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

9  that refer or relate to any work, activities or services that Sarah Halpern performed for or

10  with MGA or on MGA's behalf. MGA also objects to this request to the extent it seeks

11  information the disclosure of which would implicate the rights of third parties to protect

12  private, confidential, proprietary or trade secret information. MGA also objects to this

13  request on the grounds that it seeks confidential, proprietary or commercially sensitive

14  information, the disclosure of which would be inimical to the business interests of MGA.

15  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

16  privileged information or information protected from disclosure by the work-product

17  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

18  to this request on the grounds that it is vague and ambiguous in that MGA cannot

19  determine what is meant by "activities" and "with." MGA will interpret "activities" to

20  mean "work or services," and "with" to mean "on behalf of." MGA also objects to this

21  request to the extent that it seeks documents not in MGA's possession, custody or control.

22       Subject to the foregoing, MGA will produce all relevant and responsive non-

23  objectionable documents in its possession, custody or control, if any, evidencing Sarah

24  Halpern's work on First Generation Bratz, that it is able to locate following a reasonably

25  diligent search.

26  **REQUEST FOR PRODUCTION NO. 11:**

27       All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

28  including without limitation any freelance work or consulting services, that Jesse Ramirez

LA2:756234.3

12

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ G

_____ 91

1  performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

2  when any such DOCUMENT was prepared, created, received or transmitted, whether in

3  whole or in part).

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

5       MGA incorporates by reference the above-stated general objections as if fully set

6  forth herein.  MGA also specifically objects to this request to the extent that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably calculated to

8  lead to the discovery of admissible evidence.  MGA also objects to this request on the

9  ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

10  that refer or relate to any work, activities or services that Jesse Ramirez performed for or

11  with MGA or on MGA's behalf.  MGA also objects to this request to the extent it seeks

12  information the disclosure of which would implicate the rights of third parties to protect

13  private, confidential, proprietary or trade secret information.  MGA also objects to this

14  request on the grounds that it seeks confidential, proprietary or commercially sensitive

15  information, the disclosure of which would be inimical to the business interests of MGA.

16  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

17  privileged information or information protected from disclosure by the work-product

18  doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

19  to this request on the grounds that it is vague and ambiguous in that MGA cannot

20  determine what is meant by "activities" and "with."  MGA will interpret "activities" to

21  mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this

22  request to the extent that it seeks documents not in MGA's possession, custody or control.

23       Subject to the foregoing, MGA will produce all relevant and responsive non-

24  objectionable documents in its possession, custody or control, if any, evidencing Jesse

25  Ramirez's work on First Generation Bratz dolls, that it is able to locate following a

26  reasonably diligent search.

27  **REQUEST FOR PRODUCTION NO. 12:**

28       All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

LA2:756234.3

13

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____

PAGE _____

1  including without limitation any freelance work or consulting services, that Margaret

2  Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) performed for or

3  with YOU or on YOUR behalf prior to January 1, 2001 (regardless of when any such

4  DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

6       MGA incorporates by reference the above-stated general objections as if fully set

7  forth herein.  MGA also specifically objects to this request to the extent that it seeks

8  information not relevant to the subject matter of this lawsuit or reasonably calculated to

9  lead to the discovery of admissible evidence.  MGA also objects to this request on the

10  ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

11  that refer or relate to any work, activities or services that Margaret Leahy performed for or

12  with MGA or on MGA's behalf.  MGA also objects to this request to the extent it seeks

13  information the disclosure of which would implicate the rights of third parties to protect

14  private, confidential, proprietary or trade secret information.  MGA also objects to this

15  request on the grounds that it seeks confidential, proprietary or commercially sensitive

16  information, the disclosure of which would be inimical to the business interests of MGA.

17  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

18  privileged information or information protected from disclosure by the work-product

19  doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

20  to this request on the grounds that it is vague and ambiguous in that MGA cannot

21  determine what is meant by "activities" and "with."  MGA will interpret "activities" to

22  mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this

23  request to the extent that it seeks documents not in MGA's possession, custody or control.

24       Subject to the foregoing, MGA will produce all relevant and responsive non-

25  objectionable documents in its possession, custody or control, if any, evidencing Margaret

26  Leahy's work on First Generation Bratz, that it is able to locate following a reasonably

27  diligent search.

28

LA2:756234.3

14

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ 61 _____

PAGE _____ 93 _____

1   **REQUEST FOR PRODUCTION NO. 13:**

2       All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

3   including without limitation any freelance work or consulting services, that Elise Cloonan

4   performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

5   when any such DOCUMENT was prepared, created, received or transmitted, whether in

6   whole or in part).

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

8       MGA incorporates by reference the above-stated general objections as if fully set

9   forth herein.  MGA also specifically objects to this request to the extent that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably calculated to

11  lead to the discovery of admissible evidence.  MGA also objects to this request on the

12  ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

13  that refer or relate to any work, activities or services that Elise Cloonan performed for or

14  with MGA or on MGA's behalf.  MGA also objects to this request to the extent it seeks

15  information the disclosure of which would implicate the rights of third parties to protect

16  private, confidential, proprietary or trade secret information.  MGA also objects to this

17  request on the grounds that it seeks confidential, proprietary or commercially sensitive

18  information, the disclosure of which would be inimical to the business interests of MGA.

19  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

20  privileged information or information protected from disclosure by the work-product

21  doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

22  to this request on the grounds that it is vague and ambiguous in that MGA cannot

23  determine what is meant by "activities" and "with."  MGA will interpret "activities" to

24  mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this

25  request to the extent that it seeks documents not in MGA's possession, custody or control.

26      Subject to the foregoing, MGA will produce all relevant and responsive non-

27  objectionable documents in its possession, custody or control, if any, evidencing Elise

28  Cloonan's work on First Generation Bratz, that it is able to locate following a reasonably

LA2:756234.3

15

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT ____ G

PAGE ____ 94

1  diligent search.

2  **REQUEST FOR PRODUCTION NO. 14:**

3       All agreements and contracts between YOU and Anna Rhee, including without

4  limitation all drafts thereof and amendments, modifications and revisions thereto.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

6       MGA incorporates by reference the above-stated general objections as if fully set

7  forth herein.  MGA specifically objects to this request on the grounds that it seeks

8  information not relevant to the subject matter of this lawsuit or reasonably calculated to

9  lead to the discovery of admissible evidence. MGA also objects to this request on the

10  grounds that it seeks information in violation of the right of privacy.  MGA also objects to

11  this request on the grounds that it seeks confidential, proprietary or commercially

12  sensitive information, the disclosure of which would be inimical to the business interests

13  of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

14  attorney-client privileged information or information protected from disclosure by the

15  work-product doctrine, joint defense or common interest privilege, or other privilege.

16  MGA also objects to this request to the extent that it seeks documents not in MGA's

17  possession, custody or control.

18       Subject to the foregoing, MGA will produce nonprivileged agreements and

19  contracts in its possession, custody or control, if any, between MGA and Anna Rhee

20  relating to work performed prior to January 1, 2001, that it is able to locate following a

21  reasonably diligent search.

22  **REQUEST FOR PRODUCTION NO. 15:**

23       All DOCUMENTS that REFER OR RELATE TO any agreement or contract

24  between YOU and Anna Rhee, including without limitation all COMMUNICATIONS

25  that REFER OR RELATE thereto.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

27       MGA incorporates by reference the above-stated general objections as if fully set

28  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

LA2:756234.3                                    16                    MGA'S  RESPONSE TO 1ST SET OF
                                                                     REQUEST FOR PRODUCTION OF
                                                                     DOCUMENTS

EXHIBIT _____ G

PAGE _____ 95

1   information not relevant to the subject matter of this lawsuit or reasonably calculated to

2   lead to the discovery of admissible evidence.  MGA also objects to this request on the

3   grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

4   MGA also objects to this request on the grounds that it seeks information in violation of

5   the right of privacy.  MGA also objects to this request on the grounds that it seeks

6   confidential, proprietary or commercially sensitive information, the disclosure of which ·

7   would be inimical to the business interests of MGA.  MGA also objects to this request to

8   the extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense or

10   common interest privilege, or other privilege.  MGA also objects to this request to the

11   extent that it seeks documents not in MGA's possession, custody or control.

12       Subject to the foregoing, MGA will produce nonprivileged documents and

13   communications in its possession, custody or control, relating to any agreements and

14   contracts between MGA and Anna Rhee for work performed prior to January 1, 2001, if

15   any, that it is able to locate following a reasonably diligent search.

16   **REQUEST FOR PRODUCTION NO. 16:**

17       All agreements and contracts between YOU and Veronica Marlow, including

18   without limitation all drafts thereof and amendments, modifications and revisions thereto.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

20       MGA incorporates by reference the above-stated general objections as if fully set

21   forth herein.  MGA specifically objects to this request on the grounds that it seeks

22   information not relevant to the subject matter of this lawsuit or reasonably calculated to

23   lead to the discovery of admissible evidence. MGA also objects to this request on the

24   grounds that it seeks information in violation of the right of privacy.  MGA also objects to

25   this request on the grounds that it seeks confidential, proprietary or commercially

26   sensitive information, the disclosure of which would be inimical to the business interests

27   of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

28   attorney-client privileged information or information protected from disclosure by the

LA2:756234.3

17

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  work-product doctrine, joint defense or common interest privilege, or other privilege.

2  MGA also objects to this request to the extent that it seeks documents not in MGA's

3  possession, custody or control.

4       Subject to the foregoing, MGA will produce nonprivileged agreements and

5  contracts in its possession, custody or control, between MGA and Veronica Marlow

6  relating to work performed prior to January 1, 2001, if any, that it is able to locate

7  following a reasonably diligent search.

8  **REQUEST FOR PRODUCTION NO. 17:**

9       All DOCUMENTS that REFER OR RELATE TO any agreement or contract

10  between YOU and Veronica Marlow, including without limitation all

11  COMMUNICATIONS that REFER OR RELATE thereto.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

13       MGA incorporates by reference the above-stated general objections as if fully set

14  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably calculated to

16  lead to the discovery of admissible evidence.  MGA also objects to this request on the

17  grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

18  MGA also objects to this request on the grounds that it seeks information in violation of

19  the right of privacy.  MGA also objects to this request on the grounds that it seeks

20  confidential, proprietary or commercially sensitive information, the disclosure of which

21  would be inimical to the business interests of MGA.  MGA also objects to this request to

22  the extent it calls for the disclosure of attorney-client privileged information or

23  information protected from disclosure by the work-product doctrine, joint defense or

24  common interest privilege, or other privilege.  MGA also objects to this request to the

25  extent that it seeks documents not in MGA's possession, custody or control.

26       Subject to the foregoing, MGA will produce nonprivileged documents and

27  communications in its possession, custody or control, relating to any agreements and

28  contracts between MGA and Veronica Marlow for work performed prior to January 1,

LA2:756234.3

18

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ G

PAGE _____ 97

1   2001, if any, that it is able to locate following a reasonably diligent search.

2   **REQUEST FOR PRODUCTION NO. 18:**

3       All agreements and contracts between YOU and Margaret Hatch (also known as

4   Margaret Leahy and/or Margaret Hatch-Leahy), including without limitation all drafts

5   thereof and amendments, modifications and revisions thereto.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

7       MGA incorporates by reference the above-stated general objections as if fully set

8   forth herein.  MGA specifically objects to this request on the grounds that it seeks

9   information not relevant to the subject matter of this lawsuit or reasonably calculated to

10   lead to the discovery of admissible evidence. MGA also objects to this request on the

11   grounds that it seeks information in violation of the right of privacy.  MGA also objects to

12   this request on the grounds that it seeks confidential, proprietary or commercially

13   sensitive information, the disclosure of which would be inimical to the business interests

14   of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

15   attorney-client privileged information or information protected from disclosure by the

16   work-product doctrine, joint defense or common interest privilege, or other privilege.

17   MGA also objects to this request to the extent that it seeks documents not in MGA's

18   possession, custody or control.

19       Subject to the foregoing, MGA will produce nonprivileged agreements and

20   contracts in its possession, custody or control, between MGA and Margaret Leahy relating

21   to work performed prior to January 1, 2001, if any, that it is able to locate following a

22   reasonably diligent search.

23   **REQUEST FOR PRODUCTION NO. 19:**

24       All DOCUMENTS that REFER OR RELATE TO any agreement or contract

25   between YOU and Margaret Hatch (also known as Margaret Leahy and/or Margaret

26   Hatch-Leahy), including without limitation all COMMUNICATIONS that REFER OR

27   RELATE thereto.

28

EXHIBIT 6

PAGE 98

19

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive. MGA also objects to this request on the grounds that it seeks information in violation of the right of privacy. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce nonprivileged documents and communications in its possession, custody or control, relating to any agreements and contracts between MGA and Margaret Leahy for work performed prior to January 1, 2001, if any, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 20:**

All agreements and contracts between YOU and Sarah Halpern, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it seeks information in violation of the right of privacy. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially

LA2:756234.3
20
MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

EXHIBIT G
PAGE 99

1   sensitive information, the disclosure of which would be inimical to the business interests

2   of MGA. MGA also objects to this request to the extent it calls for the disclosure of

3   attorney-client privileged information or information protected from disclosure by the

4   work-product doctrine, joint defense or common interest privilege, or other privilege.

5   MGA also objects to this request to the extent that it seeks documents not in MGA's

6   possession, custody or control.

7          Subject to the foregoing, MGA will produce nonprivileged agreements and

8   contracts in its possession, custody or control, between MGA and Sarah Halpern relating

9   to work performed prior to January 1, 2001, if any, that it is able to locate following a

10  reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 21:**

12         All DOCUMENTS that REFER OR RELATE TO any agreement or contract

13  between YOU and Sarah Halpern, including without limitation all COMMUNICATIONS

14  that REFER OR RELATE thereto.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16         MGA incorporates by reference the above-stated general objections as if fully set

17  forth herein. MGA also specifically objects to this request on the grounds that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably calculated to

19  lead to the discovery of admissible evidence. MGA also objects to this request on the

20  grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

21  MGA also objects to this request on the grounds that it seeks information in violation of

22  the right of privacy. MGA also objects to this request on the grounds that it seeks

23  confidential, proprietary or commercially sensitive information, the disclosure of which

24  would be inimical to the business interests of MGA. MGA also objects to this request to

25  the extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense or

27  common interest privilege, or other privilege. MGA also objects to this request to the

28  extent that it seeks documents not in MGA's possession, custody or control.

LA2:756234.3                                21                MGA'S RESPONSE TO 1ST SET OF
                                                             REQUEST FOR PRODUCTION OF
                                                                      DOCUMENTS

EXHIBIT ___G___

PAGE ___100___

1    Subject to the foregoing, MGA will produce nonprivileged documents and

2    communications in its possession, custody or control, relating to any agreements and

3    contracts between MGA and Sarah Halpern for work performed prior to January 1, 2001,

4    if any, that it is able to locate following a reasonably diligent search.

5    **REQUEST FOR PRODUCTION NO. 22:**

6    All agreements and contracts between YOU and Jesse Ramirez, including without

7    limitation all drafts thereof and amendments, modifications and revisions thereto.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

9    MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein.  MGA specifically objects to this request on the grounds that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably calculated to

12   lead to the discovery of admissible evidence. MGA also objects to this request on the

13   grounds that it seeks information in violation of the right of privacy.  MGA also objects to

14   this request on the grounds that it seeks confidential, proprietary or commercially

15   sensitive information, the disclosure of which would be inimical to the business interests

16   of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

17   attorney-client privileged information or information protected from disclosure by the

18   work-product doctrine, joint defense or common interest privilege, or other privilege.

19   MGA also objects to this request to the extent that it seeks documents not in MGA's

20   possession, custody or control.

21   Subject to the foregoing, MGA will produce nonprivileged agreements and

22   contracts in its possession, custody or control, between MGA and Jesse Ramirez relating

23   to work performed prior to January 1, 2001, if any, that it is able to locate following a

24   reasonably diligent search.

25   **REQUEST FOR PRODUCTION NO. 23:**

26   All DOCUMENTS that REFER OR RELATE TO any agreement or contract

27   between YOU and Jesse Ramirez, including without limitation all COMMUNICATIONS

28   that REFER OR RELATE thereto.

LA2:756234.3

22

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

EXHIBIT _____ G

PAGE _____ 101

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

1
2      MGA incorporates by reference the above-stated general objections as if fully set
3      forth herein.  MGA also specifically objects to this request on the grounds that it seeks
4      information not relevant to the subject matter of this lawsuit or reasonably calculated to
5      lead to the discovery of admissible evidence.  MGA also objects to this request on the
6      grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.
7      MGA also objects to this request on the grounds that it seeks information in violation of
8      the right of privacy.  MGA also objects to this request on the grounds that it seeks
9      confidential, proprietary or commercially sensitive information, the disclosure of which
10     would be inimical to the business interests of MGA.  MGA also objects to this request to
11     the extent it calls for the disclosure of attorney-client privileged information or
12     information protected from disclosure by the work-product doctrine, joint defense or
13     common interest privilege, or other privilege.  MGA also objects to this request to the
14     extent that it seeks documents not in MGA's possession, custody or control.

15     Subject to the foregoing, MGA will produce nonprivileged documents and
16     communications in its possession, custody or control, relating to any agreements and
17     contracts between MGA and Jesse Ramirez for work performed prior to January 1, 2001,
18     if any, that it is able to locate following a reasonably diligent search.

19     **REQUEST FOR PRODUCTION NO. 24:**

20     All agreements and contracts between YOU and Elise Cloonan, including without
21     limitation all drafts thereof and amendments, modifications and revisions thereto.

22     **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

23     MGA incorporates by reference the above-stated general objections as if fully set
24     forth herein.  MGA specifically objects to this request on the grounds that it seeks
25     information not relevant to the subject matter of this lawsuit or reasonably calculated to
26     lead to the discovery of admissible evidence. MGA also objects to this request on the
27     grounds that it seeks information in violation of the right of privacy.  MGA also objects to
28     this request on the grounds that it seeks confidential, proprietary or commercially

LA2:756234.3                          23                  MGA'S RESPONSE TO 1ST SET OF
                                                          REQUEST FOR PRODUCTION OF
                                                          DOCUMENTS

EXHIBIT ___G___
PAGE ___102___

1   sensitive information, the disclosure of which would be inimical to the business interests

2   of MGA. MGA also objects to this request to the extent it calls for the disclosure of

3   attorney-client privileged information or information protected from disclosure by the

4   work-product doctrine, joint defense or common interest privilege, or other privilege.

5   MGA also objects to this request to the extent that it seeks documents not in MGA's

6   possession, custody or control.

7          Subject to the foregoing, MGA will produce nonprivileged agreements and

8   contracts in its possession, custody or control, between MGA and Elise Cloonan relating

9   to work performed prior to January 1, 2001, if any, that it is able to locate following a

10   reasonably diligent search.

11   **REQUEST FOR PRODUCTION NO. 25:**

12          All DOCUMENTS that REFER OR RELATE TO any agreement or contract

13   between YOU and Elise Cloonan, including without limitation all COMMUNICATIONS

14   that REFER OR RELATE thereto.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

16          MGA incorporates by reference the above-stated general objections as if fully set

17   forth herein. MGA also specifically objects to this request on the grounds that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably calculated to

19   lead to the discovery of admissible evidence. MGA also objects to this request on the

20   grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

21   MGA also objects to this request on the grounds that it seeks information in violation of

22   the right of privacy. MGA also objects to this request on the grounds that it seeks

23   confidential, proprietary or commercially sensitive information, the disclosure of which

24   would be inimical to the business interests of MGA. MGA also objects to this request to

25   the extent it calls for the disclosure of attorney-client privileged information or

26   information protected from disclosure by the work-product doctrine, joint defense or

27   common interest privilege, or other privilege. MGA also objects to this request to the

28   extent that it seeks documents not in MGA's possession, custody or control.

LA2:756234.3

24

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ G____

PAGE _____ 103

1        Subject to the foregoing, MGA will produce nonprivileged documents and

2  communications in its possession, custody or control, relating to any agreements and

3  contracts between MGA and Elise Cloonan for work performed prior to January 1, 2001,

4  if any, that it is able to locate following a reasonably diligent search.

5  **REQUEST FOR PRODUCTION NO. 26:**

6        All DOCUMENTS that REFER OR RELATE TO DESIGNS that BRYANT

7  produced, prepared, created, authored, conceived of or reduced to practice, whether alone

8  or jointly with others, prior to January 1, 2001.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

10        MGA incorporates by reference the above-stated general objections as if fully set

11  forth herein.  MGA also specifically objects to this request to the extent it seeks

12  information not relevant or reasonably calculated to lead to the discovery of admissible

13  evidence and is, thus, overbroad, unduly burdensome and oppressive including, without

14  limitation, in seeking documents relating to DESIGNS not in issue in this action, and in

15  that it reaches back into time indefinitely and, thus, for example, calls for documents

16  referring or relating to DESIGNS Bryant might have conceived of in his childhood and

17  that have nothing whatsoever to do with this action.  MGA also objects to this request to

18  the extent it seeks information the disclosure of which would implicate the rights of third

19  parties to protect private, confidential, proprietary or trade secret information.  MGA also

20  objects to this request on the grounds that it seeks confidential, proprietary or

21  commercially sensitive information, the disclosure of which would be inimical to the

22  business interests of MGA.  MGA also objects to this request to the extent it calls for the

23  disclosure of attorney-client privileged information or information protected from

24  disclosure by the work-product doctrine, joint defense or common interest privilege, or

25  other privilege.  MGA also objects to this request to the extent that it seeks documents not

26  in MGA's possession, custody or control.

27

28

EXHIBIT ___G___

PAGE ___109___

1    Subject to the foregoing, MGA will produce all relevant and responsive non-

2    objectionable documents in its possession, custody or control, if any, that it is able to

3    locate following a reasonably diligent search.

4    **REQUEST FOR PRODUCTION NO. 27:**

5    All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, prepared,

6    created, authored, conceived of or reduced to practice prior to January 1, 2001 by

7    BRYANT, whether alone or jointly with others, in which YOU have purported at any time

8    to purchase, acquire or own any right, title or interest (whether in whole or in part).

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

10    MGA incorporates by reference the above-stated general objections as if fully set

11    forth herein.  MGA also specifically objects to this request to the extent it seeks

12    information not relevant or reasonably calculated to lead to the discovery of admissible

13    evidence and is, thus, overbroad, including, without limitation, seeking documents

14    relating to any DESIGNS created, authored, conceived of or reduced to practice prior to

15    January 1, 2001 by BRYANT, and is therefore not limited to those DESIGNS that may be

16    at issue in this litigation.  MGA also objects to this request to the extent it seeks

17    information the disclosure of which would implicate the rights of third parties to protect

18    private, confidential, proprietary or trade secret information.  MGA also objects to this

19    request on the grounds that it seeks confidential, proprietary or commercially sensitive

20    information, the disclosure of which would be inimical to the business interests of MGA.

21    MGA also objects to this request to the extent it calls for the disclosure of attorney-client

22    privileged information or information protected from disclosure by the work-product

23    doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

24    to this request to the extent that it seeks documents not in MGA's possession, custody or

25    control.

26    Subject to the foregoing, MGA will produce all relevant and responsive non-

27    objectionable documents in its possession, custody or control, if any, that it is able to

28    locate following a reasonably diligent search.

LA2:756234.3                              26                    MGA'S RESPONSE TO 1ST SET OF
                                                               REQUEST FOR PRODUCTION OF
                                                                       DOCUMENTS

EXHIBIT _____ G

PAGE _____ 85

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, prepared, created, authored, conceived of or reduced to practice prior to January 1, 2001 by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), whether alone or jointly with others, in which YOU have purported at any time to purchase, acquire or own any right, title or interest (whether in whole or in part).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request to the extent it seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence and is, thus, overbroad, including, without limitation, seeking documents relating to any DESIGNS created, authored, conceived of or reduced to practice prior to January 1, 2001 by Margaret Leahy, and is therefore not limited to those DESIGNS that may be at issue in this litigation.  MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce all relevant and responsive non-objectionable documents in its possession, custody or control, if any, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS, including without limitation all COMMUNICATIONS

LA2:756234.3

27

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

EXHIBIT G
PAGE 104

1  between YOU and any PERSON, that REFER OR RELATE TO any agreement or

2  contract between BRYANT and Mattel, Inc.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

4       MGA incorporates by reference the above-stated general objections as if fully set

5  forth herein. MGA also specifically objects to this request to the extent it seeks

6  information the disclosure of which would implicate the rights of third parties to protect

7  private, confidential, proprietary or trade secret information. MGA also objects to this

8  request to the extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege. MGA also objects to this request to the

11  extent that it seeks documents not in MGA's possession, custody or control.

12       Subject to the foregoing, MGA will produce all relevant and responsive non-

13  objectionable documents in its possession, custody or control, if any, that it is able to

14  locate following a reasonably diligent search.

15  **REQUEST FOR PRODUCTION NO. 30:**

16       All DOCUMENTS, including without limitation all COMMUNICATIONS

17  between YOU and any PERSON, that REFER OR RELATE TO any agreement or

18  contract between Margaret Hatch (also known as Margaret Leahy and/or Margaret

19  Hatch-Leahy) and Mattel, Inc.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

21       MGA incorporates by reference the above-stated general objections as if fully set

22  forth herein. MGA also specifically objects to this request to the extent it seeks

23  information the disclosure of which would implicate the rights of third parties to protect

24  private, confidential, proprietary or trade secret information. MGA also objects to this

25  request to the extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense or

27  common interest privilege, or other privilege. MGA also objects to this request to the

28  extent that it seeks documents not in MGA's possession, custody or control.

EXHIBIT _____ G

PAGE _____ 107

1    Subject to the foregoing, MGA will produce all relevant and responsive non-

2    objectionable documents in its possession, custody or control, if any, that it is able to

3    locate following a reasonably diligent search.

4    **REQUEST FOR PRODUCTION NO. 31:**

5    All COMMUNICATIONS between YOU and BRYANT that REFER OR

6    RELATE TO Mattel, Inc. or any officer, director, employee or representative of Mattel,

7    Inc.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

9    MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein. MGA also specifically objects to this request on the grounds that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably calculated to

12   lead to the discovery of admissible evidence. MGA also objects to this request on the

13   grounds that it is unlimited in time and subject matter and is, thus, overbroad, unduly

14   burdensome and oppressive, including, without limitation, in calling for communications

15   exchanged between any person at MGA and Bryant on any subject matter relating or

16   referring in any way to Mattel. MGA also objects to this request on the grounds that it is

17   overbroad, without limitation, in potentially extending to communications that any of

18   MGA's employees, agents or representatives may have exchanged with Bryant that refer

19   or relate to Mattel or any of its officers, directors, employees, or representatives,

20   regardless of whether any such person was employed by Mattel at the time of the

21   communication, and which communication may be unrelated in any way to the subject

22   matter of this lawsuit, MGA, MGA's business or may, indeed, have occurred when none

23   of the parties to the communications worked for or on behalf of MGA. MGA also objects

24   to this request to the extent it seeks information the disclosure of which would implicate

25   the rights of third parties to protect private, confidential, proprietary or trade secret

26   information. MGA also objects to this request on the grounds that it seeks confidential,

27   proprietary or commercially sensitive information, the disclosure of which would be

28   inimical to the business interests of MGA. MGA also objects to this request to the extent

LA2:756234.3

29

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT ____ 6

PAGE ____ 108

1   it calls for the disclosure of attorney-client privileged information or information

2   protected from disclosure by the work-product doctrine, the joint defense or common

3   interest privilege, or other privilege.

4        Subject to the foregoing, MGA will produce all relevant responsive non-

5   objectionable documents, if any, in its possession, custody or control, that it is able to

6   locate following a reasonably diligent search.

7   **REQUEST FOR PRODUCTION NO. 32:**

8        All DOCUMENTS prepared, written, transmitted or received (whether in whole or

9   in part) prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

11       MGA incorporates by reference the above-stated general objections as if fully set

12  forth herein. MGA also specifically objects to this request on the grounds that it seeks

13  confidential, proprietary, or commercially sensitive information, the disclosure of which

14  would be inimical to the business interests of MGA. MGA also objects to this request to

15  the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work product doctrine, joint defense or

17  common interest privilege, or other privilege.

18       Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody or control, if any, that it is able to

20  locate following a reasonably diligent search.

21  **REQUEST FOR PRODUCTION NO. 33:**

22       All DOCUMENTS that REFER OR RELATE TO BRATZ that REFER OR

23  RELATE TO any time prior to January 1, 2001 (regardless of when such document was

24  prepared, written, transmitted or received, whether in whole or in part).

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

26       MGA incorporates by reference the above-stated general objections as if fully set

27  forth herein. MGA also specifically objects to this request on the grounds that it seeks

28  confidential, proprietary, or commercially sensitive information, the disclosure of which

LA2:756234.3

30

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT ___ G

PAGE ___ 169

1   would be inimical to the business interests of MGA. MGA also specifically objects to this

2   request on the grounds that it seeks information not relevant to the subject matter of this

3   lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA

4   further objects to this request in the grounds that it is vague, ambiguous and unintelligible,

5   particularly in its use of the phrase "that refer or relate to Bratz that refer or relate to any

6   time . . ." MGA also objects to this request to the extent it calls for the disclosure of

7   attorney-client privileged information or information protected from disclosure by the

8   work product doctrine, joint defense or common interest privilege, or other privilege.

9        Subject to the foregoing, to the extent MGA is able to understand this request,

10   MGA will produce all relevant and responsive non-objectionable documents in its

11   possession, custody or control, if any, that it is able to locate following a reasonably

12   diligent search.

13   **REQUEST FOR PRODUCTION NO. 34:**

14        All DOCUMENTS prepared, written, transmitted or received (whether in whole or

15   in part) prior to January 1, 2001 that REFER OR RELATE TO ANGEL.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

17        MGA incorporates by reference the above-stated general objections as if fully set

18   forth herein. MGA also specifically objects to this request on the grounds that it seeks

19   information not relevant to the subject matter of this lawsuit or reasonably calculated to

20   lead to the discovery of admissible evidence and is, thus, overbroad including, without

21   limitation, in that it seeks documents referring or relating to MGA products not at issue in

22   this lawsuit. MGA also objects to this request on the grounds that it seeks confidential,

23   proprietary, or commercially sensitive information, the disclosure of which would be

24   inimical to the business interests of MGA. MGA also objects to this request to the extent

25   it calls for the disclosure of attorney-client privileged information or information

26   protected from disclosure by the work product doctrine, joint defense or common interest

27   privilege, or other privilege.

28

LA2:756234.3

31

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ G

PAGE _____ 116

1    Subject to the foregoing, MGA will produce all documents in its possession,

2   custody or control, if any, that refer or relate to the Angel project that were prepared,

3   written, transmitted or received prior to January 1, 2001, that it is able to locate following

4   a reasonably diligent search.

5   **REQUEST FOR PRODUCTION NO. 35:**

6    All DOCUMENTS that REFER OR RELATE TO ANGEL that REFER OR

7   RELATE TO any time prior to January 1, 2001 (regardless of when such document was

8   prepared, written, transmitted or received, whether in whole or in part).

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

10    MGA incorporates by reference the above-stated general objections as if fully set

11   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

12   information not relevant to the subject matter of this lawsuit or reasonably calculated to

13   lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

14   and oppressive, including, without limitation, in that it seeks documents referring or

15   relating to MGA products not at issue in this lawsuit.  MGA also objects to this request on

16   the grounds that it seeks confidential, proprietary, or commercially sensitive information,

17   the disclosure of which would be inimical to the business interests of MGA.  MGA further

18   objects to this request in the grounds that it is vague, ambiguous and unintelligible,

19   particularly in its use of the phrase "that refer or relate to Angel that refer or relate to any

20   time . . ."  MGA also objects to this request to the extent it calls for the disclosure of

21   attorney-client privileged information or information protected from disclosure by the

22   work product doctrine, joint defense or common interest privilege, or other privilege.

23    Subject to the foregoing, to the extent MGA is able to understand this request,

24   MGA will produce all documents in its possession, custody or control, if any, that refer or

25   relate to the Angel project prior to January 1, 2001, that it is able to locate following a

26   reasonably diligent search.

27   **REQUEST FOR PRODUCTION NO. 36:**

28    All DOCUMENTS that REFER OR RELATE TO the origin(s), conception or

LA2:756234.3

32                    MGA'S RESPONSE TO 1ST SET OF
                     REQUEST FOR PRODUCTION OF
                     DOCUMENTS

EXHIBIT _____ G

PAGE _____ 111

1  creation of BRATZ, including without limitation all DOCUMENTS that REFER OR

2  RELATE TO the timing of, and the method and manner in which, BRATZ first came to

3  YOUR attention.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

5      MGA incorporates by reference the above-stated general objections as if fully set

6  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

7  confidential, proprietary, or commercially sensitive information, the disclosure of which

8  would be inimical to the business interests of MGA.  MGA also objects to this request on

9  the grounds that it seeks information not relevant to the subject matter of this lawsuit or

10  reasonably calculated to lead to the discovery of admissible evidence and is, thus,

11  overbroad, unduly burdensome and oppressive, including, without limitation, to the extent

12  it seeks documents referring or relating to Bratz beyond the first four characters and first

13  generation of dolls.  MGA also objects to this request to the extent it seeks documents not

14  within MGA's possession, custody or control.  MGA also objects to this request to the

15  extent it calls for the disclosure of attorney-client privileged information or information

16  protected from disclosure by the work product doctrine, joint defense or common interest

17  privilege, or other privilege.

18      Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody, or control, if any, that refer or relate to

20  the origin(s), conception or creation of First Generation Bratz, that it is able to locate

21  following a reasonably diligent search.

22  **REQUEST FOR PRODUCTION NO. 37:**

23      All declarations, affidavits and other sworn written statements of any other type or

24  form by YOU that REFER OR RELATE TO BRATZ (other than those previously filed

25  and served in this action).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

27      MGA incorporates by reference the above-stated general objections as if fully set

28  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

LA2:756234.3                        33           MGA'S RESPONSE TO 1ST SET OF
                                                 REQUEST FOR PRODUCTION OF
                                                 DOCUMENTS

EXHIBIT ___(9)___

PAGE ___112___

1    information not relevant to the subject matter of this lawsuit or reasonably calculated to

2    lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

3    and oppressive including, without limitation, in calling for all declarations, affidavits and

4    other sworn written statements that refer or relate to Bratz but not otherwise limited as to

5    subject matter, and not limited in any way as to time.  MGA also objects to this request on

6    the grounds that it seeks information that is already known to Mattel and/or is a matter of

7    public record and/or is equally available to Mattel, and is, therefore, unduly burdensome

8    and oppressive.  MGA also objects to this request on the grounds that it seeks

9    confidential, proprietary or commercially sensitive information, the disclosure of which

10   would be inimical to the business interests of MGA.  MGA also objects to this request to

11   the extent that it may seek documents the disclosure of which is or may  be governed by

12   court orders.  MGA also objects to this request to the extent it seeks information the

13   disclosure of which would implicate the rights of third parties to protect private,

14   confidential, proprietary or trade secret information.  MGA also objects to this request to

15   the extent it may seek documents the disclosure of which is or may be protected by

16   contract or agreement.  MGA also objects to this request to the extent it calls for the

17   disclosure of attorney-client privileged information or information protected from

18   disclosure by the work-product doctrine, the joint defense or common interest privilege, or

19   other privilege.

20        Subject to the foregoing, MGA will not produce documents in response to this

21   request.

22   **REQUEST FOR PRODUCTION NO. 38:**

23        All transcripts and video and/or audio recordings of statements made by YOU

24   under oath, including without limitation all deposition transcripts, trial transcripts and

25   arbitration transcripts, that REFER OR RELATE TO BRATZ (other than those taken in

26   this action when Mattel, Inc.'s counsel was in attendance).

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

28        MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3                          34                    MGA'S RESPONSE TO 1ST SET OF
                                                           REQUEST FOR PRODUCTION OF
                                                           DOCUMENTS

EXHIBIT _____ G

PAGE _____ 113

1  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

2  information not relevant to the subject matter of this lawsuit or reasonably calculated to

3  lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

4  and oppressive including, without limitation, in calling for all transcripts and video and/or

5  audio recordings of statements made by MGA under oath, including without limitation all

6  deposition transcripts, trial transcripts and arbitration transcripts refer or relate to Bratz

7  but not otherwise limited as to subject matter, and not limited in any way as to time.

8  MGA also objects to this request on the grounds that it seeks information that is already

9  known to Mattel and/or is a matter of public record and/or is equally available to Mattel,

10  and is, therefore, unduly burdensome and oppressive.  MGA also objects to this request on

11  the grounds that it seeks confidential, proprietary or commercially sensitive information,

12  the disclosure of which would be inimical to the business interests of MGA.  MGA also

13  objects to this request to the extent that it may seek documents the disclosure of which is

14  or may  be governed by  court orders.   MGA also objects to this request to the extent it

15  seeks information the disclosure of which would implicate the rights of third parties to

16  protect private, confidential, proprietary or trade secret information.  MGA also objects to

17  this request to the extent it may seek documents the disclosure of which is or may be

18  protected by contract or agreement.  MGA also objects to this request to the extent it calls

19  for the disclosure of attorney-client privileged information or information protected from

20  disclosure by the work-product doctrine, the joint defense or common interest privilege, or

21  other privilege.

22       Subject to the foregoing, MGA will not produce documents in response to this

23  request.

24  **REQUEST FOR PRODUCTION NO. 39:**

25       All declarations, affidavits and other sworn written statements of any other type or

26  form by any PERSON that REFER OR RELATE TO ANGEL (other than those

27  previously filed and served in this action).

28

LA2:756234.3

35

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT  G

PAGE  114

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

2       MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein. MGA also specifically objects to this request on the grounds that it seeks

4  information not relevant to the subject matter of this lawsuit or reasonably calculated to

5  lead to the discovery of admissible evidence in that it seeks information relating to MGA

6  products not at issue in this litigation. MGA also objects to this request on the grounds

7  that it is overbroad, unduly burdensome and oppressive including, without limitation, in

8  calling for all declarations, affidavits and other sworn written statements that refer or

9  relate to Angel, and is not otherwise limited as to subject matter, and not limited in any

10  way as to time. MGA also objects to this request on the grounds that it seeks information

11  that is already known to Mattel and/or is a matter of public record and/or is equally

12  available to Mattel, and is, therefore, unduly burdensome and oppressive. MGA also

13  objects to this request on the grounds that it seeks confidential, proprietary or

14  commercially sensitive information, the disclosure of which would be inimical to the

15  business interests of MGA. MGA also objects to this request to the extent that it may seek

16  documents the disclosure of which is or may be governed by court orders. MGA also

17  objects to this request to the extent it seeks information the disclosure of which would

18  implicate the rights of third parties to protect private, confidential, proprietary or trade

19  secret information. MGA also objects to this request to the extent it may seek documents

20  the disclosure of which is or may be protected by contract or agreement. MGA also

21  objects to this request to the extent it calls for the disclosure of attorney-client privileged

22  information or information protected from disclosure by the work-product doctrine, the

23  joint defense or common interest privilege, or other privilege.

24       Subject to the foregoing, MGA will not produce documents in response to this

25  request.

26  **REQUEST FOR PRODUCTION NO. 40:**

27       All transcripts and video and/or audio recordings of statements made by any

28  PERSON under oath, including without limitation all deposition transcripts, trial

LA2:756234.3                                    36              MGA'S RESPONSE TO 1ST SET OF
                                                               REQUEST FOR PRODUCTION OF
                                                               DOCUMENTS

EXHIBIT ___G___

PAGE ___115___

1    transcripts and arbitration transcripts, that REFER OR RELATE TO ANGEL (other than

2    those taken in this action when Mattel, Inc.'s counsel was in attendance).

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

4         MGA incorporates by reference the above-stated general objections as if fully set

5    forth herein.  MGA also specifically objects to this request on the grounds that it seeks

6    information not relevant to the subject matter of this lawsuit or reasonably calculated to

7    lead to the discovery of admissible evidence in that it seeks information relating to MGA

8    products not at issue in this litigation.  MGA also objects to this request on the grounds

9    that it is overbroad, unduly burdensome and oppressive including, without limitation, in

10   calling for all transcripts and video and/or audio recordings of statements made by any

11   person under oath, including without limitation all deposition transcripts, trial transcripts

12   and arbitration transcripts refer or relate to Angel but not otherwise limited as to subject

13   matter, and not limited in any way as to time.  MGA also objects to this request to the

14   extent that it seeks documents not in MGA's possession, custody or control.  MGA also

15   objects to this request on the grounds that it seeks information that is already known to

16   Mattel and/or is a matter of public record and/or is equally available to Mattel, and is,

17   therefore, unduly burdensome and oppressive.  MGA also objects to this request on the

18   grounds that it seeks confidential, proprietary or commercially sensitive information, the

19   disclosure of which would be inimical to the business interests of MGA.  MGA also

20   objects to this request to the extent that it may seek documents the disclosure of which is

21   or may be governed by court orders.  MGA also objects to this request to the extent it

22   seeks information the disclosure of which would implicate the rights of third parties to

23   protect private, confidential, proprietary or trade secret information.  MGA also objects to

24   this request to the extent it may seek documents the disclosure of which is or may be

25   protected by contract or agreement.  MGA also objects to this request to the extent it calls

26   for the disclosure of attorney-client privileged information or information protected from

27   disclosure by the work-product doctrine, the joint defense or common interest privilege, or

28   other privilege.

LA2:756234.3

37

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ $\mathcal{G}$

PAGE _____ 114

1    Subject to the foregoing, MGA will not produce documents in response to this

2    request.

3    **REQUEST FOR PRODUCTION NO. 41:**

4    All DOCUMENTS that REFER OR RELATE TO BRATZ and/or ANGEL filed,

5    submitted and served in the suit and/or arbitration proceedings brought by Farhad Larian

6    against Isaac Larian, including without limitation all declarations, affidavits and sworn

7    testimony given by any PERSON in such suit or arbitration proceedings.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

9    MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein. MGA also specifically objects to this request on the grounds that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably calculated to

12   lead to the discovery of admissible evidence including, without limitation, in that is seeks

13   documents filed in litigation and/or arbitration proceedings that have nothing to do with

14   the subject matter of this litigation. MGA further objects to this request on that ground

15   that it is overbroad, unduly burdensome and oppressive including, without limitation, in

16   calling for all documents that refer or relate to Bratz and/or Angel submitted and served in

17   the suit and/or arbitration proceedings brought by Farhad Larian against Isaac Larian.

18   MGA also objects to this request on the grounds that it seeks information not relevant to

19   the subject matter of this lawsuit or reasonably calculated to lead to the discovery of

20   admissible evidence in that it seeks information about an MGA product not at issue in this

21   litigation. MGA also objects to this request on the grounds that it seeks information that

22   is already known to Mattel and/or is a matter of public record and/or is equally available

23   to Mattel, and is thus unduly burdensome and oppressive. MGA also objects to this

24   request to the extent that it seeks documents not in MGA's possession, custody or control.

25   MGA also objects to this request on the grounds that it seeks confidential, proprietary or

26   commercially sensitive information, the disclosure of which would be inimical to the

27   business interests of MGA. MGA also objects to this request to the extent that it may seek

28   documents the disclosure of which is or may be governed by court orders. MGA also

LA2:756234.3                                    38                MGA'S RESPONSE TO 1ST SET OF
                                                                 REQUEST FOR PRODUCTION OF
                                                                        DOCUMENTS

EXHIBIT _____ 6

PAGE _____ 117

1   objects to this request to the extent it seeks information the disclosure of which would

2   implicate the rights of third parties to protect private, confidential, proprietary or trade

3   secret information. MGA also objects to this request to the extent it may seek documents

4   the disclosure of which is or may be protected by contract or agreement. MGA also

5   objects to this request to the extent it calls for the disclosure of attorney-client privileged

6   information or information protected from disclosure by the work-product doctrine, the

7   joint defense or common interest privilege, or other privilege.

8        Subject to the foregoing, MGA will not produce documents in response to this

9   request.

10  **REQUEST FOR PRODUCTION NO. 42:**

11       All DOCUMENTS that REFER OR RELATE TO any payment made to or on

12  behalf of BRYANT prior to October 21, 2000 or for work or services performed by

13  BRYANT prior to October 21, 2000 regardless of when such payment was actually made.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

15       MGA incorporates by reference the above-stated general objections as if fully set

16  forth herein. MGA also specifically objects to this request to the extent that it seeks

17  information not relevant to the subject matter of this lawsuit or reasonably calculated to

18  lead to the discovery of admissible evidence, and is therefore overbroad, including,

19  without limitation, in that it asks for documents that refer or relate to "any payment made .

20  . . *on behalf of* Bryant" without regard to what such payment might relate to. MGA also

21  objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

22  determine what is meant by "payments made . . . on behalf of" Bryant. MGA also objects

23  to this request to the extent it seeks information the disclosure of which would implicate

24  the rights of third parties to protect private, confidential, proprietary or trade secret

25  information. MGA also objects to this request on the grounds that it seeks confidential,

26  proprietary or commercially sensitive information, the disclosure of which would be

27  inimical to the business interests of MGA. MGA also objects to this request to the extent

28  it calls for the disclosure of attorney-client privileged information or information

LA2:756234.3

EXHIBIT ___ G

PAGE ___ 118

39

1   protected from disclosure by the work-product doctrine, joint defense or common interest

2   privilege, or other privilege.

3          Subject to the foregoing, MGA will produce documents in its possession, custody

4   or control, if any, that refer or relate to payments made by MGA to Bryant for work

5   performed for MGA or at MGA's request prior to October 21, 2000, that it is able to

6   locate following a reasonably diligent search.

7   **REQUEST FOR PRODUCTION NO. 43:**

8          All DOCUMENTS that REFER OR RELATE TO any payment made to or on

9   behalf of BRYANT for DESIGNS that BRYANT assigned or transferred to YOU prior

10  October 21, 2000, regardless of when such payment was actually made.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

12         MGA incorporates by reference the above-stated general objections as if fully set

13  forth herein. MGA also specifically objects to this request to the extent it seeks

14  information not relevant or reasonably calculated to lead to the discovery of admissible

15  evidence and is, thus, overbroad, unduly burdensome and oppressive including, without

16  limitation, in seeking documents relating to DESIGNS not in issue in this action. MGA

17  also objects to this request on the grounds that it is vague and ambiguous in that MGA

18  cannot determine what is meant by "payments made . . . on behalf of" Bryant. MGA also

19  objects to this request to the extent it seeks information the disclosure of which would

20  implicate the rights of third parties to protect private, confidential, proprietary or trade

21  secret information. MGA also objects to this request on the grounds that it seeks

22  confidential, proprietary or commercially sensitive information, the disclosure of which

23  would be inimical to the business interests of MGA. MGA also objects to this request to

24  the extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense or

26  common interest privilege, or other privilege.

27         Subject to the foregoing, MGA will produce documents in its possession, custody

28  or control, if any, that refer or relate to payments made by MGA to Bryant for work

LA2:756234.3

40

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ 6

PAGE _____ 119

1   performed for MGA or at MGA's request prior to October 21, 2000, that it is able to

2   locate following a reasonably diligent search.

3   **REQUEST FOR PRODUCTION NO. 44:**

4         All DOCUMENTS that REFER OR RELATE TO invoices submitted by

5   BRYANT to YOU prior to January 31, 2001.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

7         MGA incorporates by reference the above-stated general objections as if fully set

8   forth herein.  MGA also objects to this request to the extent that it seeks information not

9   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

10  discovery of admissible evidence.  MGA also objects to this request on the grounds that it

11  seeks confidential, proprietary or commercially sensitive information, the disclosure of

12  which would be inimical to the business interests of MGA.  MGA also objects to this

13  request to the extent it calls for the disclosure of attorney-client privileged information or

14  information protected from disclosure by the work-product doctrine, joint defense or

15  common interest privilege, or other privilege.  MGA also objects to this request to the

16  extent it seeks information the disclosure of which would implicate the rights of third

17  parties to protect private, confidential, proprietary or trade secret information.

18        Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody or control, if any, that it is able to

20  locate following a reasonably diligent search.

21  **REQUEST FOR PRODUCTION NO. 45:**

22        All of YOUR royalty statements to or for BRYANT.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

24        MGA incorporates by reference the above-stated general objections as if fully set

25  forth herein.  MGA also objects to this request to the extent that it seeks information not

26  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

27  discovery of admissible evidence, and is thus overbroad, including without limitation, in

28  that is it not limited as to time of the royalty statements or the product or services to which

LA2:756234.3

41

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ G_____

PAGE _____ 120_____

1    those royalty statements relate.  MGA also objects to this request on the grounds that it is

2    vague and ambiguous, particularly in that MGA cannot determine what is meant by

3    "royalty statements . . . for BRYANT."  MGA also objects to this request on the grounds

4    that it seeks confidential, proprietary or commercially sensitive information, the disclosure

5    of which would be inimical to the business interests of MGA.  MGA also objects to this

6    request to the extent it calls for the disclosure of attorney-client privileged information or

7    information protected from disclosure by the work-product doctrine, joint defense or

8    common interest privilege, or other privilege.  MGA also objects to this request to the

9    extent it seeks information the disclosure of which would implicate the rights of third

10   parties to protect private, confidential, proprietary or trade secret information.

11        Subject to the foregoing, MGA will produce documents sufficient to show all

12   royalties MGA paid to Bryant derived from sales of First Generation Bratz dolls.

13   **REQUEST FOR PRODUCTION NO. 46:**

14        All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the

15   conception, creation, design, development, sculpting, tooling, production or manufacture

16   of BRATZ.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

18        MGA incorporates by reference the above-stated general objections as if fully set

19   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

20   confidential, proprietary, or commercially sensitive information, the disclosure of which

21   would be inimical to the business interests of MGA.  MGA also objects to this request on

22   the grounds that it seeks information not relevant to the subject matter of this lawsuit or

23   reasonably calculated to lead to the discovery of admissible evidence and is, thus,

24   overbroad, unduly burdensome and oppressive, including, without limitation, to the extent

25   it seeks documents referring or relating to Bratz beyond the first four characters and first

26   generation of dolls.  MGA also objects to this request to the extent it seeks documents not

27   within MGA's possession, custody or control.  MGA also objects to this request to the

28   extent it calls for the disclosure of attorney-client privileged information or information

LA2:756234.3

42

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS



1  protected from disclosure by the work product doctrine, joint defense or common interest

2  privilege, or other privilege.

3        Subject to the foregoing, MGA will produce all documents in its possession,

4  custody or control, if any, that refer or relate to Bryant's participation in the conception,

5  creation, design, development, sculpting, tooling, production or manufacture of the first

6  generation of Bratz dolls, that it is able to locate following a reasonably diligent search.

7  **REQUEST FOR PRODUCTION NO. 47:**

8        All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the

9  conception, creation, design, development, sculpting, tooling, production or manufacture

10  of ANGEL.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

12        MGA incorporates by reference the above-stated general objections as if fully set

13  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably calculated to

15  lead to the discovery of admissible evidence including, without limitation, in that is seeks

16  information related to an MGA product not at issue in this lawsuit.  MGA also objects to

17  this request on the grounds that it seeks confidential, proprietary or commercially

18  sensitive information, the disclosure of which would be inimical to the business interests

19  of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

20  attorney-client privileged information or information protected from disclosure by the

21  work-product doctrine, joint defense or common interest privilege, or other privilege.

22        Subject to the foregoing, MGA will produce all relevant and responsive non-

23  objectionable documents in its possession, custody or control, if any, that it is able to

24  locate following a reasonably diligent search.

25  **REQUEST FOR PRODUCTION NO. 48:**

26        All non-privileged COMMUNICATIONS between YOU and any PERSON that

27  REFER OR RELATE TO this action.

28

LA2:756234.3

43

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ G _____

PAGE _____ 122 _____

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

2         MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

4   information not relevant to the subject matter of this lawsuit or reasonably calculated to

5   lead to the discovery of admissible evidence, including, without limitation, in that it would

6   extend to any communication between anyone at MGA and any other person referring or

7   relating in any way to a wide variety of matter that could potentially be construed as

8   "relating" to this litigation, without regard to whether such communications are at all

9   relevant to any claim or defense at issue herein.  MGA also objects to this request on the

10  grounds that it is overbroad, unduly burdensome and oppressive in that it purports to

11  require MGA diligently to identify every communication that any of its hundreds of

12  employees may have had with any other person referring or relating to this action.  MGA

13  also objects to this request on the grounds that it is overbroad, unduly burdensome and

14  oppressive in that it is not in any way limited as to the persons involved in the

15  communications or as to time.  MGA also objects to this request on the grounds that it

16  seeks information in violation of the right of privacy.  MGA also objects to this request on

17  the grounds that it seeks confidential, proprietary or commercially sensitive information,

18  the disclosure of which would be inimical to the business interests of MGA.  MGA also

19  objects to this request to the extent it calls for the disclosure of attorney-client privileged

20  information or information protected from disclosure by the work-product doctrine, joint

21  defense or common interest privilege, or other privilege.

22         Subject to the foregoing, MGA will not produce documents in response to this

23  request.

24  **REQUEST FOR PRODUCTION NO. 49:**

25         All DOCUMENTS that REFER OR RELATE TO any indemnification that

26  BRYANT has sought, proposed, requested or obtained in connection with this action.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

28         MGA incorporates by reference the above-stated general objections as if fully set

EXHIBIT ___G___

PAGE ___123___

1   forth herein. MGA also specifically objects to this request on the grounds that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably calculated to

3   lead to the discovery of admissible evidence. MGA also objects to this request on the

4   grounds that it seeks information in violation of the right of privacy. MGA also objects to

5   this request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business interests

7   of MGA. MGA also objects to this request to the extent it calls for the disclosure of

8   attorney-client privileged information or information protected from disclosure by the

9   work-product doctrine, joint defense or common interest privilege, or other privilege.

10          Subject to the foregoing, MGA will not produce documents in response to this

11   request.

12   **REQUEST FOR PRODUCTION NO. 50:**

13          All DOCUMENTS that REFER OR RELATE TO any indemnification that YOU

14   have sought, proposed, requested or obtained in connection with this action.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

16          MGA incorporates by reference the above-stated general objections as if fully set

17   forth herein. MGA also specifically objects to this request on the grounds that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably calculated to

19   lead to the discovery of admissible evidence. MGA also objects to this request on the

20   grounds that it seeks information in violation of the right of privacy. MGA also objects to

21   this request on the grounds that it seeks confidential, proprietary or commercially

22   sensitive information, the disclosure of which would be inimical to the business interests

23   of MGA. MGA also objects to this request to the extent it calls for the disclosure of

24   attorney-client privileged information or information protected from disclosure by the

25   work-product doctrine, joint defense or common interest privilege, or other privilege.

26          Subject to the foregoing, MGA will not produce documents in response to this

27   request.

28

LA2:756234.3

45

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT ___ *C* ___

PAGE ___ *124* ___

1   **REQUEST FOR PRODUCTION NO. 51:**

2      All DOCUMENTS that REFER OR RELATE TO each and every sculpt of

3   BRATZ (including without limitation any model, prototype or sample thereof) prior to

4   June 1, 2001.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

6      MGA incorporates by reference the above-stated general objections as if fully set

7   forth herein.  MGA specifically objects to this request to the extent it seeks information

8   the disclosure of which would implicate the rights of third parties to protect private,

9   confidential, proprietary or trade secret information.  MGA also objects to this request on

10   the grounds that it seeks confidential, proprietary or commercially sensitive information,

11   the disclosure of which would be inimical to the business interests of MGA.  MGA also

12   objects to this request to the extent it calls for the disclosure of attorney-client privileged

13   information or information protected from disclosure by the work-product doctrine, joint

14   defense or common interest privilege, or other privilege.

15      Subject to the foregoing, MGA will produce all relevant and responsive non-

16   objectionable documents in its possession, custody or control, if any, that it is able to

17   locate following a reasonably diligent search.

18   **REQUEST FOR PRODUCTION NO. 52:**

19      All DOCUMENTS that REFER OR RELATE TO each and every sculpt of

20   ANGEL (including without limitation any model, prototype or sample thereof).

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

22      MGA incorporates by reference the above-stated general objections as if fully set

23   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably calculated to

25   lead to the discovery of admissible evidence including, without limitation, in that it seeks

26   information related to an MGA product not at issue in this lawsuit.  MGA also objects to

27   this request on the grounds that it is overbroad in that is it not limited as to time.  MGA

28   also objects to this request to the extent it seeks information the disclosure of which would

LA2:756234.3

46

EXHIBIT _G_

PAGE _125_

1   implicate the rights of third parties to protect private, confidential, proprietary or trade

2   secret information.  MGA also objects to this request on the grounds that it seeks

3   confidential, proprietary or commercially sensitive information, the disclosure of which

4   would be inimical to the business interests of MGA.  MGA also objects to this request to

5   the extent it calls for the disclosure of attorney-client privileged information or

6   information protected from disclosure by the work-product doctrine, joint defense or

7   common interest privilege, or other privilege.

8        Subject to the foregoing, MGA will produce all documents in its possession,

9   custody or control, if any, that refer or relate to sculpts of Angel created prior to January

10  1, 2001, that it is able to locate following a reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 53:**

12       All DOCUMENTS that REFER OR RELATE TO the procurement, fabrication,

13  preparation and production of each and every mold for BRATZ (including without

14  limitation any model, prototype or sample thereof) prior to June 1, 2001, including

15  without limitation all orders, purchase orders and invoices relating thereto.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

17       MGA incorporates by reference the above-stated general objections as if fully set

18  forth herein.  MGA specifically objects to this request to the extent it seeks information

19  the disclosure of which would implicate the rights of third parties to protect private,

20  confidential, proprietary or trade secret information.  MGA also objects to this request on

21  the grounds that it seeks confidential, proprietary or commercially sensitive information,

22  the disclosure of which would be inimical to the business interests of MGA.  MGA also

23  objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

24  determine what is meant by "mold . . . (including without limitation any model, prototype

25  or sample thereof)".  MGA also objects to this request to the extent it calls for the

26  disclosure of attorney-client privileged information or information protected from

27  disclosure by the work-product doctrine, joint defense or common interest privilege, or

28  other privilege.

LA2:756234.3

47

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ G

PAGE _____ 124