1    Subject to the foregoing, MGA will produce all relevant and responsive non-

2    objectionable documents in its possession, custody or control, if any, that it is able to

3    locate following a reasonably diligent search.

4    **REQUEST FOR PRODUCTION NO. 54:**

5    DOCUMENTS sufficient to show when any mold for ANGEL (including without

6    limitation for any model, prototype or sample thereof) was first ordered, procured,

7    fabricated, prepared and produced.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

9    MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably calculated to

12   lead to the discovery of admissible evidence including, without limitation, in that is seeks

13   information related to an MGA product not at issue in this lawsuit.  MGA also objects to

14   this request on the grounds that it is overbroad in that is it not limited as to time.  MGA

15   also objects to this request to the extent it seeks information the disclosure of which would

16   implicate the rights of third parties to protect private, confidential, proprietary or trade

17   secret information.  MGA also objects to this request on the grounds that it seeks

18   confidential, proprietary or commercially sensitive information, the disclosure of which

19   would be inimical to the business interests of MGA.  MGA also objects to this request on

20   the grounds that it is vague and ambiguous in that MGA cannot determine what is meant

21   by "mold . . . (including without limitation any model, prototype or sample thereof)".

22   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

23   privileged information or information protected from disclosure by the work-product

24   doctrine, joint defense or common interest privilege, or other privilege.

25   Subject to the foregoing, MGA will produce documents, if any, showing when any

26   mold for Angel was first ordered, procured, fabricated, prepared and produced.

27   **REQUEST FOR PRODUCTION NO. 55:**

28   All DOCUMENTS that REFER OR RELATE TO the exhibition or proposed,

LA2:756234.3                                    48                    MGA'S RESPONSE TO 1ST SET OF
                                                                      REQUEST FOR PRODUCTION OF
                                                                      DOCUMENTS

EXHIBIT _G_

PAGE _127_

1    offered or requested exhibition, of BRATZ (including without limitation any model,

2    prototype or sample thereof) to any third party prior to June 1, 2001.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

4        MGA incorporates by reference the above-stated general objections as if fully set

5    forth herein. MGA also specifically objects to this request on the grounds that it seeks

6    information not relevant to the subject matter of this lawsuit or reasonably calculated to

7    lead to the discovery of admissible evidence, including, without limitation, in that it

8    potentially extends to every communication having to do with, for example, any Toy Fair

9    to which MGA brought, or considered bringing, Bratz during the stated time frame, and is,

10    thus, also overbroad, unduly burdensome and oppressive. MGA also objects to this

11    request on the grounds that it is vague and ambiguous in that MGA cannot determine what

12    is meant by "exhibition." MGA also objects to this request to the extent it seeks

13    information the disclosure of which would implicate the rights of third parties to protect

14    private, confidential, proprietary or trade secret information. MGA also objects to this

15    request on the grounds that it seeks confidential, proprietary or commercially sensitive

16    information, the disclosure of which would be inimical to the business interests of MGA.

17    MGA also objects to this request to the extent it calls for the disclosure of attorney-client

18    privileged information or information protected from disclosure by the work-product

19    doctrine, joint defense or common interest privilege, or other privilege.

20        Subject to the foregoing, MGA will produce documents sufficient to identify each

21    exhibition of Bratz to any third party prior to January 1, 2001.

22    **REQUEST FOR PRODUCTION NO. 56:**

23        DOCUMENTS sufficient to show when any mold for ANGEL (including without

24    limitation any model, prototype or sample thereof) was first exhibited to any third party.

25    **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

26        MGA incorporates by reference the above-stated general objections as if fully set

27    forth herein. MGA also specifically objects to this request on the grounds that it seeks

28    information not relevant to the subject matter of this lawsuit or reasonably calculated to

EXHIBIT _____ G

PAGE _____ 129

1   lead to the discovery of admissible evidence including, without limitation, in that is seeks

2   information related to an MGA product not at issue in this lawsuit. MGA also objects to

3   this request on the grounds that it is vague and ambiguous in that MGA cannot determine

4   what is meant by "mold . . . (including without limitation any model, prototype or sample

5   thereof)". MGA also objects to this request to the extent it seeks information the

6   disclosure of which would implicate the rights of third parties to protect private,

7   confidential, proprietary or trade secret information. MGA also objects to this request on

8   the grounds that it seeks confidential, proprietary or commercially sensitive information,

9   the disclosure of which would be inimical to the business interests of MGA. MGA also

10  objects to this request to the extent it calls for the disclosure of attorney-client privileged

11  information or information protected from disclosure by the work-product doctrine, joint

12  defense or common interest privilege, or other privilege.

13         Subject to the foregoing, MGA will produce documents, if any, in its possession,

14  custody or control, that identify when the Angel product was first exhibited to any party

15  not affiliated with MGA (whether in final or prototype form).

16  **REQUEST FOR PRODUCTION NO. 57:**

17         DOCUMENTS sufficient to show when and where BRATZ (including without

18  limitation any model, prototype or sample thereof) was first marketed to any wholesaler,

19  distributor and/or retailer.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

21         MGA incorporates by reference the above-stated general objections as if fully set

22  forth herein. MGA also specifically objects to this request on the grounds that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably calculated to

24  lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

25  and oppressive, including, without limitation, to the extent it seeks documents referring or

26  relating to Bratz beyond the first four characters and first generation of dolls. MGA also

27  objects to this request to the extent it seeks information the disclosure of which would

28  implicate the rights of third parties to protect private, confidential, proprietary or trade

LA2:756234.3                      50.            MGA'S RESPONSE TO 1ST SET OF
                                                 REQUEST FOR PRODUCTION OF
                                                 DOCUMENTS

EXHIBIT  67

PAGE  129

1    secret information. MGA also objects to this request on the grounds that it seeks

2    confidential, proprietary or commercially sensitive information, the disclosure of which

3    would be inimical to the business interests of MGA. MGA also objects to this request to

4    the extent it calls for the disclosure of attorney-client privileged information or

5    information protected from disclosure by the work-product doctrine, joint defense or

6    common interest privilege, or other privilege.

7       Subject to the foregoing, MGA will produce documents in its possession, custody

8    or control, if any, that show when and where the first generation of Bratz dolls was first

9    marketed to any wholesaler, distributor and/or retailer, that it is able to locate following a

10    reasonably diligent search.

11    **REQUEST FOR PRODUCTION NO. 58:**

12       DOCUMENTS sufficient to show when and where ANGEL (including without

13    limitation any model, prototype or sample thereof) was first marketed to any wholesaler,

14    distributor and/or retailer.

15    **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

16       MGA incorporates by reference the above-stated general objections as if fully set

17    forth herein. MGA also specifically objects to this request on the grounds that it seeks

18    information not relevant to the subject matter of this lawsuit or reasonably calculated to

19    lead to the discovery of admissible evidence including, without limitation, in that is seeks

20    information related to an MGA product not at issue in this lawsuit. MGA also objects to

21    this request to the extent it seeks information the disclosure of which would implicate the

22    rights of third parties to protect private, confidential, proprietary or trade secret

23    information. MGA also objects to this request on the grounds that it seeks confidential,

24    proprietary or commercially sensitive information, the disclosure of which would be

25    inimical to the business interests of MGA. MGA also objects to this request to the extent

26    it calls for the disclosure of attorney-client privileged information or information

27    protected from disclosure by the work-product doctrine, joint defense or common interest

28    privilege, or other privilege.

51

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 6
PAGE 130

1   Subject to the foregoing, MGA will produce documents in its possession, custody

2 or control, if any, that show when and where Angel was first marketed to any wholesaler,

3 distributor and/or retailer, that it is able to locate following a reasonably diligent search.

4 **REQUEST FOR PRODUCTION NO. 59:**

5   DOCUMENTS sufficient to show when and where BRATZ (including without

6 limitation any model, prototype or sample thereof) was first offered for sale to any

7 wholesaler, distributor and/or retailer.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

9   MGA incorporates by reference the above-stated general objections as if fully set

10 forth herein.  MGA also objects to this request on the grounds that it seeks information not

11 relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

12 discovery of admissible evidence and is, thus, overbroad, unduly burdensome and

13 oppressive, including, without limitation, to the extent it seeks documents referring or

14 relating to Bratz beyond the first four characters and first generation of dolls.  MGA also

15 objects to this request to the extent it seeks information the disclosure of which would

16 implicate the rights of third parties to protect private, confidential, proprietary or trade

17 secret information.  MGA also objects to this request on the grounds that it seeks

18 confidential, proprietary or commercially sensitive information, the disclosure of which

19 would be inimical to the business interests of MGA.  MGA also objects to this request to

20 the extent it calls for the disclosure of attorney-client privileged information or

21 information protected from disclosure by the work-product doctrine, joint defense or

22 common interest privilege, or other privilege.

23   Subject to the foregoing, MGA will produce documents in its possession, custody

24 or control, if any, that show when and where the first generation of Bratz dolls was first

25 offered for sale to any wholesaler, distributor and/or retailer, that it is able to locate

26 following a reasonably diligent search.

27 **REQUEST FOR PRODUCTION NO. 60:**

28   DOCUMENTS sufficient to show when and where ANGEL (including without

LA2:756234.3     52   MGA'S  RESPONSE TO 1ST SET OF
                  REQUEST FOR PRODUCTION OF
                  DOCUMENTS

EXHIBIT 6

PAGE 131

1  limitation any model, prototype or sample thereof) was first offered for sale by YOU to

2  any wholesaler, distributor and/or retailer.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

4        MGA incorporates by reference the above-stated general objections as if fully set

5  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably calculated to

7  lead to the discovery of admissible evidence including, without limitation, in that is seeks

8  information related to an MGA product not at issue in this lawsuit.  MGA also objects to

9  this request to the extent it seeks information the disclosure of which would implicate the

10  rights of third parties to protect private, confidential, proprietary or trade secret

11  information.  MGA also objects to this request on the grounds that it seeks confidential,

12  proprietary or commercially sensitive information, the disclosure of which would be

13  inimical to the business interests of MGA.  MGA also objects to this request to the extent

14  it calls for the disclosure of attorney-client privileged information or information

15  protected from disclosure by the work-product doctrine, joint defense or common interest

16  privilege, or other privilege.

17        Subject to the foregoing, MGA will produce documents in its possession, custody

18  or control, if any, that show when and where Angel was first offered for same to any

19  wholesaler, distributor and/or retailer, that it is able to locate following a reasonably

20  diligent search.

21  **REQUEST FOR PRODUCTION NO. 61:**

22        DOCUMENTS sufficient to show when and where BRATZ was first shipped,

23  distributed and sold.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

25        MGA incorporates by reference the above-stated general objections as if fully set

26  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably calculated to

28  lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

EXHIBIT 6

PAGE 132

1   and oppressive, including, without limitation, to the extent it seeks documents referring or

2   relating to Bratz beyond the first four characters and first generation of dolls.  MGA also

3   objects to this request to the extent it seeks information the disclosure of which would

4   implicate the rights of third parties to protect private, confidential, proprietary or trade

5   secret information.  MGA also objects to this request on the grounds that it seeks

6   confidential, proprietary or commercially sensitive information, the disclosure of which

7   would be inimical to the business interests of MGA.  MGA also objects to this request to

8   the extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.

11          Subject to the foregoing, MGA will produce documents in its possession, custody

12  or control, if any, that show when the first generation of Bratz dolls was first shipped,

13  distributed and sold, that it is able to locate following a reasonably diligent search.

14  **REQUEST FOR PRODUCTION NO. 62:**

15          DOCUMENTS sufficient to show when and where ANGEL was first shipped,

16  distributed and sold.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

18          MGA incorporates by reference the above-stated general objections as if fully set

19  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably calculated to

21  lead to the discovery of admissible evidence including, without limitation, in that is seeks

22  information related to an MGA product not at issue in this lawsuit.  MGA also objects to

23  this request to the extent it seeks information the disclosure of which would implicate the

24  rights of third parties to protect private, confidential, proprietary or trade secret

25  information.  MGA also objects to this request on the grounds that it seeks confidential,

26  proprietary or commercially sensitive information, the disclosure of which would be

27  inimical to the business interests of MGA.  MGA also objects to this request to the extent

28  it calls for the disclosure of attorney-client privileged information or information

LA2:756234.3                                54                    MGA'S  RESPONSE TO 1ST SET OF
                                                                  REQUEST FOR PRODUCTION OF
                                                                  DOCUMENTS

EXHIBIT _____ G

PAGE _____ 133

1   protected from disclosure by the work-product doctrine, joint defense or common interest

2   privilege, or other privilege.

3         Subject to the foregoing, MGA will produce documents in its possession, custody

4   or control, if any, that show when and where Angel was first shipped, distributed and sold,

5   that it is able to locate following a reasonably diligent search.

6   **REQUEST FOR PRODUCTION NO. 63:**

7         ALL DOCUMENTS that REFER OR RELATE TO licensing, including without

8   limitation the proposed or requested licensing, of BRATZ prior to December 31, 2001.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

10        MGA incorporates by reference the above-stated general objections as if fully set

11  forth herein. MGA also specifically objects to this request on the grounds that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably calculated to

13  lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

14  and oppressive, including, without limitation, to the extent it seeks all documents referring

15  or relating to any kind of licensing related to Bratz, including for example, licensing

16  relating to Bratz beyond the first four characters and first generation of dolls, and/or types

17  of licensing not at issue in this litigation such as trademark licensing. MGA also objects

18  to this request on the grounds that it seeks information in violation of the right of privacy.

19  MGA also objects to this request to the extent it seeks information the disclosure of which

20  would implicate the rights of third parties to protect private, confidential, proprietary or

21  trade secret information. MGA also objects to this request on the grounds that it seeks

22  confidential, proprietary or commercially sensitive information, the disclosure of which

23  would be inimical to the business interests of MGA. MGA also objects to this request to

24  the extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense or

26  common interest privilege, or other privilege. MGA also objects to this request to the

27  extent it seeks documents not within MGA's possession, custody or control.

28        Subject to the foregoing, MGA will produce documents in its possession, custody

LA2:756234.3                                        55          MGA'S RESPONSE TO 1ST SET OF
                                                               REQUEST FOR PRODUCTION OF
                                                                       DOCUMENTS

EXHIBIT ____6____

PAGE ____134____

1   or control, if any, referring or relating to MGA's licensing of the first generation of Bratz

2   character art and to MGA's license, if any, to other intellectual property rights to the first

3   generation of Bratz prior to December 31, 2001, that it is able to locate following a

4   reasonably diligent search.

5   **REQUEST FOR PRODUCTION NO. 64:**

6       All COMMUNICATIONS between YOU and any manufacturer, or any

7   contemplated, proposed or potential manufacturer, that REFER OR RELATE TO BRATZ

8   prior to June 1, 2001.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

10      MGA incorporates by reference the above-stated general objections as if fully set

11  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably calculated to

13  lead to the discovery of admissible evidence.  MGA also objects to this request to the

14  extent it seeks information the disclosure of which would implicate the rights of third

15  parties to protect private, confidential, proprietary or trade secret information.  MGA also

16  objects to this request on the grounds that it seeks confidential, proprietary or

17  commercially sensitive information, the disclosure of which would be inimical to the

18  business interests of MGA.  MGA also objects to this request to the extent it calls for the

19  disclosure of attorney-client privileged information or information protected from

20  disclosure by the work-product doctrine, joint defense or common interest privilege, or

21  other privilege.

22      Subject to the foregoing, MGA will produce all relevant and responsive non-

23  objectionable documents in its possession, custody or control, if any, that it is able to

24  locate following a reasonably diligent search.

25  **REQUEST FOR PRODUCTION NO. 65:**

26      DOCUMENTS sufficient to identify when YOU first contacted any manufacturer,

27  or any contemplated, proposed or potential manufacturer, for the manufacture of ANGEL.

28

LA2:756234.3

56

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT ____ C

PAGE ____ 135

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

2       MGA incorporates by reference the above-stated general objections as if fully set

3    forth herein. MGA also specifically objects to this request on the grounds that it seeks

4    information not relevant to the subject matter of this lawsuit or reasonably calculated to

5    lead to the discovery of admissible evidence including, without limitation, in that it seeks

6    information related to an MGA product not at issue in this lawsuit, and in that the

7    manufacturer of Angel has nothing whatsoever to do with Bryant, Mattel, or this lawsuit.

8    MGA also objects to this request to the extent it seeks information the disclosure of which

9    would implicate the rights of third parties to protect private, confidential, proprietary or

10    trade secret information. MGA also objects to this request on the grounds that it seeks

11    confidential, proprietary or commercially sensitive information, the disclosure of which

12    would be inimical to the business interests of MGA. MGA also objects to this request to

13    the extent it calls for the disclosure of attorney-client privileged information or

14    information protected from disclosure by the work-product doctrine, joint defense or

15    common interest privilege, or other privilege.

16       Subject to the foregoing, MGA will not produce documents in response to this

17    request.

18    **REQUEST FOR PRODUCTION NO. 66:**

19       All COMMUNICATIONS between YOU and any PERSON that REFER OR

20    RELATE TO the distribution or proposed or potential distribution of BRATZ prior to

21    June 1, 2001.

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

23       MGA incorporates by reference the above-stated general objections as if fully set

24    forth herein. MGA also objects to this request on the grounds that it seeks information not

25    relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

26    discovery of admissible evidence and is, thus, overbroad, unduly burdensome and

27    oppressive, including, without limitation, to the extent it seeks documents referring or

28    relating to Bratz beyond the first four characters and first generation of dolls. MGA also

LA2:756234.3           57       MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  objects to this request to the extent it seeks information the disclosure of which would

2  implicate the rights of third parties to protect private, confidential, proprietary or trade

3  secret information. MGA also objects to this request on the grounds that it seeks

4  confidential, proprietary or commercially sensitive information, the disclosure of which

5  would be inimical to the business interests of MGA. MGA also objects to this request to

6  the extent it calls for the disclosure of attorney-client privileged information or

7  information protected from disclosure by the work-product doctrine, joint defense or

8  common interest privilege, or other privilege.

9       Subject to the foregoing, MGA will produce documents in its possession, custody

10  or control, if any, that show when and where first generation Bratz dolls were first

11  marketed to any wholesaler, distributor and/or retailer.

12  **REQUEST FOR PRODUCTION NO. 67:**

13       All COMMUNICATIONS between YOU and Universal Commerce Corp., Ltd.

14  prior to June 1, 2001.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

16       MGA incorporates by reference the above-stated general objections as if fully set

17  forth herein. MGA also specifically objects to this request on the grounds that it is

18  overbroad and unduly burdensome, including, without limitation, in that it seeks all

19  communications between MGA and Universal Commerce Corp., without regard to subject

20  matter, and extends back in time indefinitely. MGA also objects to this request to the

21  extent it seeks information the disclosure of which would implicate the rights of third

22  parties to protect private, confidential, proprietary or trade secret information. MGA also

23  objects to this request on the grounds that it seeks confidential, proprietary or

24  commercially sensitive information, the disclosure of which would be inimical to the

25  business interests of MGA. MGA also objects to this request to the extent it calls for the

26  disclosure of attorney-client privileged information or information protected from

27  disclosure by the work-product doctrine, joint defense or common interest privilege, or

28  other privilege. MGA also objects to the extent this request seeks documents not in

LA2:756234.3                          58                   MGA'S RESPONSE TO 1ST SET OF
                                                            REQUEST FOR PRODUCTION OF
                                                                    DOCUMENTS

EXHIBIT ___ G
PAGE ___ 137

1   MGA's possession, custody or control.

2     Subject to the foregoing, MGA will produce communications in its possession,

3   custody or control, if any, between MGA and Universal Commerce Corp., Ltd, relating to

4   the design, development or manufacture of the first generation of Bratz dolls, that it is

5   able to locate following a reasonably diligent search.

6   **REQUEST FOR PRODUCTION NO. 68:**

7     All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that were

8   prepared, authored or created by Mattel, Inc. or any officer, director, employee or

9   representative of Mattel, Inc., that BRYANT has ever provided to, shown, described to,

10   communicated to or disclosed in any manner to YOU.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

12     MGA incorporates by reference the above-stated general objections as if fully set

13   forth herein.  MGA also specifically objects to this request on the grounds that it is

14   overbroad and unduly burdensome, and seeks information not relevant to the subject

15   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

16   evidence, including, without limitation, in that it seeks all documents that refer or relate to

17   Mattel and is not otherwise limited as to subject matter or time.  MGA also objects to this

18   request on the grounds that it is overbroad, without limitation, in potentially extending to

19   any document that refers or relates to Mattel that Bryant showed to anybody who now

20   works for MGA, even if Bryant showed the document to such person before one or either

21   of them began work for MGA, and, indeed, while Bryant and such person both worked for

22   Mattel, and without regard to whether such person has or had anything to do with the

23   subject matter of this lawsuit.  MGA also objects to this request to the extent it seeks

24   information the disclosure of which would implicate the rights of third parties to protect

25   private, confidential, proprietary or trade secret information.  MGA also objects to this

26   request on the grounds that it seeks information in violation of the right of privacy.  MGA

27   also objects to this request on the grounds that it seeks confidential, proprietary or

28   commercially sensitive information, the disclosure of which would be inimical to the

LA2:756234.3

59

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT  C

PAGE  130

1   business interests of MGA.  MGA also objects to this request to the extent it calls for the

2   disclosure of attorney-client privileged information or information protected from

3   disclosure by the work-product doctrine, joint defense or common interest privilege, or

4   other privilege.  MGA also objects to the extent this request seeks documents not in

5   MGA's possession, custody or control.

6        Subject to the foregoing, MGA will produce all relevant and responsive non-

7   objectionable documents in its possession, custody or control, if any, that it is able to

8   locate following a reasonably diligent search.

9   **REQUEST FOR PRODUCTION NO. 69:**

10       All COMMUNICATIONS between YOU and BRYANT prior to January 1, 2001,

11  including without limitation all diaries, notes, calendars, logs, phone records and letters,

12  that reflect, record or memorialize or otherwise REFER OR RELATE TO any such

13  COMMUNICATIONS.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

15       MGA incorporates by reference the above-stated general objections as if fully set

16  forth herein.  MGA also specifically objects to this request on the grounds that it is

17  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

18  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

19  admissible evidence, including, without limitation, in that it seeks all communications

20  between MGA and Bryant and is not otherwise limited as to subject matter.  MGA also

21  objects to this request on the grounds that it is overbroad, unduly burdensome and

22  oppressive, without limitation, in potentially extending to communications that Bryant

23  may have had with any of MGA's hundreds of employees, agents or representatives, and

24  regardless of whether any such communication is related in any way to the subject matter

25  of this lawsuit, MGA, or MGA's business.  MGA also objects to this request on the

26  grounds that it seeks information in violation of the right of privacy.  MGA also objects to

27  this request to the extent it seeks information the disclosure of which would implicate the

28  rights of third parties to protect private, confidential, proprietary or trade secret

LA2:756234.3                                    60                MGA'S RESPONSE TO 1ST SET OF
                                                                 REQUEST FOR PRODUCTION OF
                                                                 DOCUMENTS

EXHIBIT _____ G

PAGE _____ 139

1  information.  MGA also objects to this request on the grounds that it seeks confidential,

2  proprietary or commercially sensitive information, the disclosure of which would be

3  inimical to the business interests of MGA.  MGA also objects to this request to the extent

4  it calls for the disclosure of attorney-client privileged information or information

5  protected from disclosure by the work-product doctrine, joint defense or common interest

6  privilege, or other privilege.  MGA also objects to the extent this request seeks documents

7  not in MGA's possession, custody or control.

8      Subject to the foregoing, MGA will produce all relevant and responsive non-

9  objectionable documents in its possession, custody or control, if any, that it is able to

10  locate following a reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 70:**

12      All COMMUNICATIONS between YOU and Elise Cloonan that REFER OR

13  RELATE TO BRYANT, Mattel, Inc., BRATZ and/or Anna Rhee, including without

14  limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record

15  or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

17      MGA incorporates by reference the above-stated general objections as if fully set

18  forth herein.  MGA also specifically objects to this request on the grounds that it is

19  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

20  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

21  admissible evidence, including, without limitation, in that it seeks communications that

22  any of MGA's hundreds of employees, agents or representatives may have exchanged at

23  any time with Elise Cloonan that refer or relate to Bryant, Mattel (or any of its officers,

24  directors, employees, or representatives – regardless of whether such person was

25  employed by Mattel at the time of the communication), Bratz, or Anna Rhee, regardless of

26  whether any such communication is related in any way to the subject matter of this

27  lawsuit.  MGA also objects to this request as overbroad in that it is unlimited as to time.

28  MGA also objects to this request on the grounds that it seeks information in violation of

LA2:756234.3

61

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ G

PAGE _____ 140

1   the right of privacy.  MGA also objects to this request to the extent it seeks information

2   the disclosure of which would implicate the rights of third parties to protect private,

3   confidential, proprietary or trade secret information.  MGA also objects to this request on

4   the grounds that it seeks confidential, proprietary or commercially sensitive information,

5   the disclosure of which would be inimical to the business interests of MGA.  MGA also

6   objects to this request to the extent it calls for the disclosure of attorney-client privileged

7   information or information protected from disclosure by the work-product doctrine, joint

8   defense or common interest privilege, or other privilege.  MGA also objects to the extent

9   this request seeks documents not in MGA's possession, custody or control.

10          Subject to the foregoing, MGA will produce all relevant and responsive non-

11   objectionable communications in its possession, custody or control, if any, between MGA

12   and Elise Cloonan, dated prior to June 11, 2002, that it is able to locate following a

13   reasonably diligent search.

14   **REQUEST FOR PRODUCTION NO. 71:**

15          All COMMUNICATIONS between YOU and Elise Cloonan prior to June 11,

16   2002, including without limitation all diaries, notes, calendars, logs, phone records and

17   letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

18   such COMMUNICATIONS.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

20          MGA incorporates by reference the above-stated general objections as if fully set

21   forth herein.  MGA also specifically objects to this request on the grounds that it is

22   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

23   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

24   admissible evidence, including, without limitation, in that it seeks all communications

25   between MGA and Elise Cloonan and is not otherwise limited as to subject matter.  MGA

26   also objects to this request on the grounds that it is overbroad, unduly burdensome and

27   oppressive, without limitation, in potentially extending to communications that Elise

28   Cloonan may have had with any of MGA's hundreds of employees, agents or

LA2:756234.3                              62                     MGA'S RESPONSE TO 1ST SET OF
                                                                REQUEST FOR PRODUCTION OF
                                                                         DOCUMENTS

EXHIBIT _____ C

PAGE _____ 141

1   representatives, and regardless of whether any such communication is related in any way

2   to the subject matter of this lawsuit, MGA, or MGA's business.  MGA also objects to this

3   request on the grounds that it seeks information in violation of the right of privacy.  MGA

4   also objects to this request to the extent it seeks information the disclosure of which would

5   implicate the rights of third parties to protect private, confidential, proprietary or trade

6   secret information.  MGA also objects to this request on the grounds that it seeks

7   confidential, proprietary or commercially sensitive information, the disclosure of which

8   would be inimical to the business interests of MGA.  MGA also objects to this request to

9   the extent it calls for the disclosure of attorney-client privileged information or

10   information protected from disclosure by the work-product doctrine, joint defense or

11   common interest privilege, or other privilege.  MGA also objects to the extent this request

12   seeks documents not in MGA's possession, custody or control.

13        Subject to the foregoing, MGA will produce all relevant and responsive non-

14   objectionable communications in its possession, custody or control, if any, between MGA

15   and Elise Cloonan, dated prior to June 11, 2002, that it is able to locate following a

16   reasonably diligent search.

17   **REQUEST FOR PRODUCTION NO. 72:**

18        All COMMUNICATIONS between YOU and Veronica Marlow prior to January 1,

19   2001, including without limitation all diaries, notes, calendars, logs, phone records and

20   letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

21   such COMMUNICATIONS.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

23        MGA incorporates by reference the above-stated general objections as if fully set

24   forth herein.  MGA also specifically objects to this request on the grounds that it is

25   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

26   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

27   admissible evidence, including, without limitation, in that it seeks all communications

28   between MGA and Veronica Marlow and is not otherwise limited as to subject matter.

LA2:756234.3

63

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _G_

PAGE _142_

1    MGA also objects to this request on the grounds that it is overbroad, unduly burdensome

2    and oppressive, without limitation, in potentially extending to communications that

3    Veronica Marlow may have had with any of MGA's hundreds of employees, agents or

4    representatives, and regardless of whether any such communication is related in any way

5    to the subject matter of this lawsuit, MGA, or MGA's business.  MGA also objects to this

6    request on the grounds that it seeks information in violation of the right of privacy.  MGA

7    also objects to this request to the extent it seeks information the disclosure of which would

8    implicate the rights of third parties to protect private, confidential, proprietary or trade

9    secret information.  MGA also objects to this request on the grounds that it seeks

10   confidential, proprietary or commercially sensitive information, the disclosure of which

11   would be inimical to the business interests of MGA.  MGA also objects to this request to

12   the extent it calls for the disclosure of attorney-client privileged information or

13   information protected from disclosure by the work-product doctrine, joint defense or

14   common interest privilege, or other privilege.  MGA also objects to the extent this request

15   seeks documents not in MGA's possession, custody or control.

16         Subject to the foregoing, MGA will produce all relevant and responsive non-

17   objectionable communications in its possession, custody or control, if any, between MGA

18   and Veronica Marlow, dated prior to January 1, 2001, that it is able to locate following a

19   reasonably diligent search.

20   **REQUEST FOR PRODUCTION NO. 73:**

21         All COMMUNICATIONS between YOU and Mercedeh Ward prior to November

22   6, 2000, including without limitation all diaries, notes, calendars, logs, phone records and

23   letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

24   such COMMUNICATIONS.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

26         MGA incorporates by reference the above-stated general objections as if fully set

27   forth herein.  MGA also specifically objects to this request on the grounds that it is

28   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

LA2:756234.3                          64                      MGA'S RESPONSE TO 1ST SET OF
                                                              REQUEST FOR PRODUCTION OF
                                                                      DOCUMENTS

EXHIBIT _____ G

PAGE _____ 143

1  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

2  admissible evidence, including, without limitation, in that it seeks all communications

3  between MGA and Mercedeh Ward and is not otherwise limited as to subject matter.

4  MGA also objects to this request on the grounds that it is overbroad, unduly burdensome

5  and oppressive, without limitation, in potentially extending to communications that

6  Mercedeh Ward may have had with any of MGA's hundreds of employees, agents or

7  representatives, and regardless of whether any such communication is related in any way

8  to the subject matter of this lawsuit, MGA, or MGA's business. MGA also objects to this

9  request on the grounds that it seeks information in violation of the right of privacy. MGA

10  also objects to this request to the extent it seeks information the disclosure of which would

11  implicate the rights of third parties to protect private, confidential, proprietary or trade

12  secret information. MGA also objects to this request on the grounds that it seeks

13  confidential, proprietary or commercially sensitive information, the disclosure of which

14  would be inimical to the business interests of MGA. MGA also objects to this request to

15  the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense or

17  common interest privilege, or other privilege. MGA also objects to the extent this request

18  seeks documents not in MGA's possession, custody or control.

19       Subject to the foregoing, MGA will produce all relevant and responsive non-

20  objectionable communications in its possession, custody or control, if any, between MGA

21  and Mercedeh Ward, dated prior to November 6, 2000, that it is able to locate following a

22  reasonably diligent search. .

23  **REQUEST FOR PRODUCTION NO. 74:**

24       All COMMUNICATIONS between YOU and Margaret Hatch (also known as

25  Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1, 2001, including

26  without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

27  record or memorialize or otherwise REFER OR RELATE TO any such

28  COMMUNICATIONS.

LA2:756234.3                    65                   MGA'S RESPONSE TO 1ST SET OF
                                                    REQUEST FOR PRODUCTION OF
                                                    DOCUMENTS

EXHIBIT _____ C_

PAGE _____ 149

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

2      MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein.  MGA also specifically objects to this request on the grounds that it is

4  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

5  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

6  admissible evidence, including, without limitation, in that it seeks all communications

7  between MGA and Margaret Leahy and is not otherwise limited as to subject matter.

8  MGA also objects to this request on the grounds that it is overbroad, unduly burdensome

9  and oppressive, without limitation, in potentially extending to communications that

10  Margaret Leahy may have had with any of MGA's hundreds of employees, agents or

11  representatives, and regardless of whether any such communication is related in any way

12  to the subject matter of this lawsuit, MGA, or MGA's business.  MGA also objects to this

13  request on the grounds that it seeks information in violation of the right of privacy.  MGA

14  also objects to this request to the extent it seeks information the disclosure of which would

15  implicate the rights of third parties to protect private, confidential, proprietary or trade

16  secret information.  MGA also objects to this request on the grounds that it seeks

17  confidential, proprietary or commercially sensitive information, the disclosure of which

18  would be inimical to the business interests of MGA.  MGA also objects to this request to

19  the extent it calls for the disclosure of attorney-client privileged information or

20  information protected from disclosure by the work-product doctrine, joint defense or

21  common interest privilege, or other privilege.  MGA also objects to the extent this request

22  seeks documents not in MGA's possession, custody or control.

23      Subject to the foregoing, MGA will produce all relevant and responsive non-

24  objectionable communications in its possession, custody or control, if any, between MGA

25  and Margaret Leahy, dated prior to January 1, 2001, that it is able to locate following a

26  reasonably diligent search.

27  **REQUEST FOR PRODUCTION NO. 75:**

28      All COMMUNICATIONS between YOU and Anna Rhee prior to January 1, 2001,

LA2:756234.3

66

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ 6

PAGE _____ 145

1    including without limitation all diaries, notes, calendars, logs, phone records and letters,

2    that reflect, record or memorialize or otherwise REFER OR RELATE TO any such

3    COMMUNICATIONS.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

5        MGA incorporates by reference the above-stated general objections as if fully set

6    forth herein.  MGA also specifically objects to this request on the grounds that it is

7    overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

8    subject matter of this lawsuit or reasonably calculated to lead to the discovery of

9    admissible evidence, including, without limitation, in that it seeks all communications

10    between MGA and Anna Rhee and is not otherwise limited as to subject matter.  MGA

11    also objects to this request on the grounds that it is overbroad, unduly burdensome and

12    oppressive, without limitation, in potentially extending to communications that Anna

13    Rhee may have had with any of MGA's hundreds of employees, agents or representatives,

14    and regardless of whether any such communication is related in any way to the subject

15    matter of this lawsuit, MGA, or MGA's business.  MGA also objects to this request on the

16    grounds that it seeks information in violation the right of privacy.  MGA also objects to

17    this request to the extent it seeks information the disclosure of which would implicate the

18    rights of third parties to protect private, confidential, proprietary or trade secret

19    information.  MGA also objects to this request on the grounds that it seeks confidential,

20    proprietary or commercially sensitive information, the disclosure of which would be

21    inimical to the business interests of MGA.  MGA also objects to this request to the extent

22    it calls for the disclosure of attorney-client privileged information or information

23    protected from disclosure by the work-product doctrine, joint defense or common interest

24    privilege, or other privilege.  MGA also objects to the extent this request seeks documents

25    not in MGA's possession, custody or control.

26        Subject to the foregoing, MGA will produce all relevant and responsive non-

27    objectionable communications in its possession, custody or control, if any, between MGA

28    and Anna Rhee, dated prior to January 1, 2001, that it is able to locate following a

LA2:756234.3

67

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    reasonably diligent search.

2    **REQUEST FOR PRODUCTION NO. 76:**

3        All COMMUNICATIONS between Veronica Marlow and Anna Rhee prior to

4    January 1, 2001, including without limitation all diaries, notes, calendars, logs, phone

5    records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE

6    TO any such COMMUNICATIONS.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

8        MGA incorporates by reference the above-stated general objections as if fully set

9    forth herein. MGA also specifically objects to this request on the grounds that it is

10    overbroad and unduly burdensome, and seeks information not relevant to the subject

11    matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

12    evidence, including, without limitation, in that it seeks all communications between

13    Veronica Marlow and Anna Rhee and is not otherwise limited as to subject matter. MGA

14    also objects to this request on the grounds that it seeks information in violation of the right

15    of privacy. MGA also objects to this request to the extent it seeks information the

16    disclosure of which would implicate the rights of third parties to protect private,

17    confidential, proprietary or trade secret information. MGA also objects to this request on

18    the grounds that it seeks confidential, proprietary or commercially sensitive information,

19    the disclosure of which would be inimical to the business interests of MGA. MGA also

20    objects to this request to the extent it calls for the disclosure of attorney-client privileged

21    information or information protected from disclosure by the work-product doctrine, joint

22    defense or common interest privilege, or other privilege. MGA also objects to the extent

23    this request seeks documents not in MGA's possession, custody or control.

24        Subject to the foregoing, MGA will produce all relevant and responsive non-

25    objectionable documents in its possession, custody or control, if any, that it is able to

26    locate following a reasonably diligent search.

27    **REQUEST FOR PRODUCTION NO. 77:**

28        All COMMUNICATIONS between YOU and Sarah Halpern prior to January 1,

EXHIBIT _____ G

PAGE _____ 147

1    2001, including without limitation all diaries, notes, calendars, logs, phone records and

2    letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

3    such COMMUNICATIONS.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

5        MGA incorporates by reference the above-stated general objections as if fully set

6    forth herein. MGA also specifically objects to this request on the grounds that it is

7    overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

8    subject matter of this lawsuit or reasonably calculated to lead to the discovery of

9    admissible evidence, including, without limitation, in that it seeks all communications

10    between MGA and Sarah Halpern and is not otherwise limited as to subject matter. MGA

11    also objects to this request on the grounds that it is overbroad, unduly burdensome and

12    oppressive, without limitation, in potentially extending to communications that Sarah

13    Halpern may have had with any of MGA's hundreds of employees, agents or

14    representatives, and regardless of whether any such communication is related in any way

15    to the subject matter of this lawsuit, MGA, or MGA's business. MGA also objects to this

16    request on the grounds that it seeks information in violation of the right of privacy. MGA

17    also objects to this request to the extent it seeks information the disclosure of which would

18    implicate the rights of third parties to protect private, confidential, proprietary or trade

19    secret information. MGA also objects to this request on the grounds that it seeks

20    confidential, proprietary or commercially sensitive information, the disclosure of which

21    would be inimical to the business interests of MGA. MGA also objects to this request to

22    the extent it calls for the disclosure of attorney-client privileged information or

23    information protected from disclosure by the work-product doctrine, joint defense or

24    common interest privilege, or other privilege. MGA also objects to the extent this request

25    seeks documents not in MGA's possession, custody or control.

26        Subject to the foregoing, MGA will produce all relevant and responsive non-

27    objectionable communications in its possession, custody or control, if any, between MGA

28    and Sarah Halpern, dated prior to January 1, 2001, that it is able to locate following a

LA2:756234.3                69         MGA'S RESPONSE TO 1ST SET OF
                                            REQUEST FOR PRODUCTION OF
                                                 DOCUMENTS

EXHIBIT _____ 6_____

PAGE _____ 148 _____

1    reasonably diligent search.

2    **REQUEST FOR PRODUCTION NO. 78:**

3        All COMMUNICATIONS between YOU and Jesse Ramirez prior to January 1,

4    2001, including without limitation all diaries, notes, calendars, logs, phone records and

5    letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

6    such COMMUNICATIONS.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

8        MGA incorporates by reference the above-stated general objections as if fully set

9    forth herein.  MGA also specifically objects to this request on the grounds that it is

10    overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

11    subject matter of this lawsuit or reasonably calculated to lead to the discovery of

12    admissible evidence, including, without limitation, in that it seeks all communications

13    between MGA and Jesse Ramirez and is not otherwise limited as to subject matter.  MGA

14    also objects to this request on the grounds that it is overbroad, unduly burdensome and

15    oppressive, without limitation, in potentially extending to communications that Jesse

16    Ramirez may have had with any of MGA's hundreds of employees, agents or

17    representatives, and regardless of whether any such communication is related in any way

18    to the subject matter of this lawsuit, MGA, or MGA's business.  MGA also objects to this

19    request on the grounds that it seeks information in violation of the right of privacy.  MGA

20    also objects to this request to the extent it seeks information the disclosure of which would

21    implicate the rights of third parties to protect private, confidential, proprietary or trade

22    secret information.  MGA also objects to this request on the grounds that it seeks

23    confidential, proprietary or commercially sensitive information, the disclosure of which

24    would be inimical to the business interests of MGA.  MGA also objects to this request to

25    the extent it calls for the disclosure of attorney-client privileged information or

26    information protected from disclosure by the work-product doctrine, joint defense or

27    common interest privilege, or other privilege.  MGA also objects to the extent this request

28    seeks documents not in MGA's possession, custody or control.

70
MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____
G

PAGE _____
149

1  Subject to the foregoing, MGA will produce all relevant and responsive non-

2  objectionable communications in its possession, custody or control, if any, between MGA

3  and Jesse Ramirez, dated prior to January 1, 2001, that it is able to locate following a

4  reasonably diligent search.

5  **REQUEST FOR PRODUCTION NO. 79:**

6  Any personnel or vendor file that YOU have created or maintained concerning

7  BRYANT.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

9  MGA incorporates by reference the above-stated general objections as if fully set

10  forth herein. MGA also specifically objects to this request on the grounds that it is

11  overbroad and unduly burdensome, and seeks information not relevant to the subject

12  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

13  evidence, including, without limitation, in that it seeks any personnel or vendor file

14  concerning Bryant created or maintained by MGA and is not otherwise limited as to

15  subject matter or time. MGA also objects to this request on the grounds that it is vague

16  and ambiguous in that MGA cannot determine what is meant by "vendor file." MGA also

17  objects to this request on the grounds that it seeks information in violation the right of

18  privacy. MGA also objects to this request to the extent it seeks information the disclosure

19  of which would implicate the rights of third parties to protect private, confidential,

20  proprietary or trade secret information. MGA also objects to this request on the grounds

21  that it seeks confidential, proprietary or commercially sensitive information, the disclosure

22  of which would be inimical to the business interests of MGA. MGA also objects to this

23  request to the extent it calls for the disclosure of attorney-client privileged information or

24  information protected from disclosure by the work-product doctrine, joint defense or

25  common interest privilege, or other privilege.

26  Subject to the foregoing, MGA will produce all relevant and responsive non-

27  objectionable documents in its possession, custody or control, if any, that it is able to

28  locate following a reasonably diligent search.

LA2:756234.3

71

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ C5

PAGE _____ 150

1    **REQUEST FOR PRODUCTION NO. 80:**

2       Any personnel file that YOU have created or maintained concerning Paula

3    Treantafellas.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

5       MGA incorporates by reference the above-stated general objections as if fully set

6    forth herein.  MGA also specifically objects to this request on the grounds that it is

7    overbroad and unduly burdensome, and seeks information not relevant to the subject

8    matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

9    evidence, including, without limitation, in that it seeks any personnel file concerning

10    Paula Treantafellas created or maintained by MGA and is not otherwise limited as to

11    subject matter or time.  MGA also objects to this request on the grounds that it seeks

12    information in violation of the right of privacy.  MGA also objects to this request to the

13    extent it seeks information the disclosure of which would implicate the rights of third

14    parties to protect private, confidential, proprietary or trade secret information.  MGA also

15    objects to this request on the grounds that it seeks confidential, proprietary or

16    commercially sensitive information, the disclosure of which would be inimical to the

17    business interests of MGA.  MGA also objects to this request to the extent it calls for the

18    disclosure of attorney-client privileged information or information protected from

19    disclosure by the work-product doctrine, joint defense or common interest privilege, or

20    other privilege.

21       Subject to the foregoing, MGA will produce all relevant and responsive non-

22    objectionable documents in its possession, custody or control, if any, that it is able to

23    locate following a reasonably diligent search.

24    **REQUEST FOR PRODUCTION NO. 81:**

25       Any personnel file that YOU have created or maintained concerning Mercedeh

26    Ward.

27    **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

28       MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3       72       MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

EXHIBIT _6_

PAGE _151_

1   forth herein.  MGA also specifically objects to this request on the grounds that it is

2   overbroad and unduly burdensome, and seeks information not relevant to the subject

3   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

4   evidence, including, without limitation, in that it seeks any personnel file concerning

5   Mercedeh Ward created or maintained by MGA and is not otherwise limited as to subject

6   matter or time.  MGA also objects to this request on the grounds that it seeks information

7   in violation of the right of privacy.  MGA also objects to this request to the extent it seeks

8   information the disclosure of which would implicate the rights of third parties to protect

9   private, confidential, proprietary or trade secret information.  MGA also objects to this

10   request on the grounds that it seeks confidential, proprietary or commercially sensitive

11   information, the disclosure of which would be inimical to the business interests of MGA.

12   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

13   privileged information or information protected from disclosure by the work-product

14   doctrine, joint defense or common interest privilege, or other privilege.

15       Subject to the foregoing, MGA will produce all relevant and responsive non-

16   objectionable documents in its possession, custody or control, if any, that it is able to

17   locate following a reasonably diligent search.

18   **REQUEST FOR PRODUCTION NO. 82:**

19       Any personnel or vendor file that YOU have created or maintained concerning

20   Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy).

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

22       MGA incorporates by reference the above-stated general objections as if fully set

23   forth herein.  MGA also specifically objects to this request on the grounds that it is

24   overbroad and unduly burdensome, and seeks information not relevant to the subject

25   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

26   evidence, including, without limitation, in that it seeks any personnel or vendor file

27   concerning Margaret Leahy created or maintained by MGA and is not otherwise limited

28   as to subject matter or time.  MGA also objects to this request on the grounds that it is

LA2:756234.3

73

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ 6

PAGE _____ 152

1   confidential, proprietary or trade secret information.  MGA also objects to this request on

2   the grounds that it seeks confidential, proprietary or commercially sensitive information,

3   the disclosure of which would be inimical to the business interests of MGA.  MGA also

4   objects to this request to the extent it calls for the disclosure of attorney-client privileged

5   information or information protected from disclosure by the work-product doctrine, joint

6   defense or common interest privilege, or other privilege.

7         Subject to the foregoing, MGA will produce all relevant and responsive non-

8   objectionable documents in its possession, custody or control, if any, that it is able to

9   locate following a reasonably diligent search.

10  **REQUEST FOR PRODUCTION NO. 84:**

11        Any personnel or vendor file that YOU have created or maintained concerning

12  Anna Rhee.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

14        MGA incorporates by reference the above-stated general objections as if fully set

15  forth herein.  MGA also specifically objects to this request on the grounds that it is

16  overbroad and unduly burdensome, and seeks information not relevant to the subject

17  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

18  evidence, including, without limitation, in that it seeks any personnel or vendor file

19  concerning Anna Rhee created or maintained by MGA and is not otherwise limited as to

20  subject matter or time.  MGA also objects to this request on the grounds that it is vague

21  and ambiguous in that MGA cannot determine what is meant by "vendor file."  MGA also

22  objects to this request on the grounds that it seeks information in violation of the right of

23  privacy.  MGA also objects to this request to the extent it seeks information the disclosure

24  of which would implicate the rights of third parties to protect private, confidential,

25  proprietary or trade secret information.  MGA also objects to this request on the grounds

26  that it seeks confidential, proprietary or commercially sensitive information, the disclosure

27  of which would be inimical to the business interests of MGA.  MGA also objects to this

28  request to the extent it calls for the disclosure of attorney-client privileged information or

LA2:756234.3                                    75                MGA'S RESPONSE TO 1ST SET OF
                                                                  REQUEST FOR PRODUCTION OF
                                                                  DOCUMENTS

EXHIBIT _____ $G$

PAGE _____ 153

1   information protected from disclosure by the work-product doctrine, joint defense or

2   common interest privilege, or other privilege.

3       Subject to the foregoing, MGA will produce all relevant and responsive non-

4   objectionable documents in its possession, custody or control, if any, that it is able to

5   locate following a reasonably diligent search.

6   **REQUEST FOR PRODUCTION NO. 85:**

7       Any personnel or vendor file that YOU have created or maintained concerning

8   Jesse Ramirez.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

10       MGA incorporates by reference the above-stated general objections as if fully set

11   forth herein.  MGA also specifically objects to this request on the grounds that it is

12   overbroad and unduly burdensome, and seeks information not relevant to the subject

13   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

14   evidence, including, without limitation, in that it seeks any personnel or vendor file

15   concerning Jesse Ramirez created or maintained by MGA and is not otherwise limited as

16   to subject matter or time.  MGA also objects to this request on the grounds that it is vague

17   and ambiguous in that MGA cannot determine what is meant by "vendor file."  MGA also

18   objects to this request on the grounds that it seeks information in violation of the right of

19   privacy.  MGA also objects to this request to the extent it seeks information the disclosure

20   of which would implicate the rights of third parties to protect private, confidential,

21   proprietary or trade secret information.  MGA also objects to this request on the grounds

22   that it seeks confidential, proprietary or commercially sensitive information, the disclosure

23   of which would be inimical to the business interests of MGA.  MGA also objects to this

24   request to the extent it calls for the disclosure of attorney-client privileged information or

25   information protected from disclosure by the work-product doctrine, joint defense or

26   common interest privilege, or other privilege.

27

28

LA2:756234.3

76

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ G

PAGE _____ 154

1         Subject to the foregoing, MGA will produce all relevant and responsive non-

2  objectionable documents in its possession, custody or control, if any, that it is able to

3  locate following a reasonably diligent search.

4  **REQUEST FOR PRODUCTION NO. 86:**

5         Any personnel file that YOU have created or maintained concerning Shirin

6  Salemnia.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

8         MGA incorporates by reference the above-stated general objections as if fully set

9  forth herein.  MGA also specifically objects to this request on the grounds that it is

10  overbroad and unduly burdensome, and seeks information not relevant to the subject

11  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

12  evidence, including, without limitation, in that it seeks any personnel file concerning

13  Shirin Salemnia created or maintained by MGA and is not otherwise limited as to subject

14  matter or time.  MGA also objects to this request on the grounds that it seeks information

15  in violation of the right of privacy.  MGA also objects to this request to the extent it seeks

16  information the disclosure of which would implicate the rights of third parties to protect

17  private, confidential, proprietary or trade secret information.  MGA also objects to this

18  request on the grounds that it seeks confidential, proprietary or commercially sensitive

19  information, the disclosure of which would be inimical to the business interests of MGA.

20  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

21  privileged information or information protected from disclosure by the work-product

22  doctrine, joint defense or common interest privilege, or other privilege.

23         Subject to the foregoing, MGA will produce all relevant and responsive non-

24  objectionable documents in its possession, custody or control, if any, that it is able to

25  locate following a reasonably diligent search.

26  **REQUEST FOR PRODUCTION NO. 87:**

27         Any personnel file that YOU have created or maintained concerning Victoria

28  O'Connor.

LA2:756234.3

77

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ 6

PAGE _____ 155

1     **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

2         MGA incorporates by reference the above-stated general objections as if fully set

3 forth herein. MGA also specifically objects to this request on the grounds that it is

4 overbroad and unduly burdensome, and seeks information not relevant to the subject

5 matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

6 evidence, including, without limitation, in that it seeks any personnel file concerning

7 Victoria O'Connor created or maintained by MGA and is not otherwise limited as to

8 subject matter or time. MGA also objects to this request on the grounds that it seeks

9 information in violation of the right of privacy. MGA also objects to this request to the

10 extent it seeks information the disclosure of which would implicate the rights of third

11 parties to protect private, confidential, proprietary or trade secret information. MGA also

12 objects to this request on the grounds that it seeks confidential, proprietary or

13 commercially sensitive information, the disclosure of which would be inimical to the

14 business interests of MGA. MGA also objects to this request to the extent it calls for the

15 disclosure of attorney-client privileged information or information protected from

16 disclosure by the work-product doctrine, joint defense or common interest privilege, or

17 other privilege.

18         Subject to the foregoing, MGA will produce all relevant and responsive non-

19 objectionable documents in its possession, custody or control, if any, that it is able to

20 locate following a reasonably diligent search.

21     **REQUEST FOR PRODUCTION NO. 88:**

22         Any personnel file that YOU have created or maintained concerning Farhad Larian.

23     **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

24         MGA incorporates by reference the above-stated general objections as if fully set

25 forth herein. MGA also specifically objects to this request on the grounds that it is

26 overbroad and unduly burdensome, and seeks information not relevant to the subject

27 matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

28 evidence, including, without limitation, in that it seeks any personnel file concerning

LA2:756234.3             78         MGA'S RESPONSE TO 1ST SET OF
                                                  REQUEST FOR PRODUCTION OF
                                                    DOCUMENTS

EXHIBIT _____ G1

PAGE _____ 156

1    Farhad Larian created or maintained by MGA and is not otherwise limited as to subject

2    matter or time. MGA also objects to this request on the grounds that it seeks information

3    in violation of the right of privacy. MGA also objects to this request to the extent it seeks

4    information the disclosure of which would implicate the rights of third parties to protect

5    private, confidential, proprietary or trade secret information. MGA also objects to this

6    request on the grounds that it seeks confidential, proprietary or commercially sensitive

7    information, the disclosure of which would be inimical to the business interests of MGA.

8    MGA also objects to this request to the extent it calls for the disclosure of attorney-client

9    privileged information or information protected from disclosure by the work-product

10   doctrine, joint defense or common interest privilege, or other privilege.

11         Subject to the foregoing, MGA will not produce documents in response to this

12   request.

13   **REQUEST FOR PRODUCTION NO. 89:**

14         All telephone records for MGA Entertainment Inc. for the time period from

15   January 1, 1998 through January 1, 2001.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

17         MGA incorporates by reference the above-stated general objections as if fully set

18   forth herein. MGA also specifically objects to this request on the grounds that it is

19   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

20   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

21   admissible evidence, including, without limitation, in that it seeks all telephone records

22   for MGA entertainment, without limitation as to who placed the call or who was called,

23   thereby potentially revealing to Mattel every customer, vendor, distributor or anyone else

24   MGA called in the referenced time period, and the length and frequency of those calls.

25   MGA also objects to this request on the grounds that it is overbroad in that it asks for

26   phone records beginning in January, 1998. MGA also objects to this request on the

27   grounds that Mattel's pursuit of MGA's phone records is now the subject of a subpoena

28   that Mattel directed to Verizon, and a currently-pending motion in Texas for a protective

LA2:756234.3                                    79                    MGA'S RESPONSE TO 1ST SET OF
                                                                      REQUEST FOR PRODUCTION OF
                                                                               DOCUMENTS

EXHIBIT _____ _C_

PAGE _____ 157

1    order. Requiring MGA to respond to this request before the motion regarding Mattel's

2    subpoena to Verizon is settled would be premature, unduly burdensome and oppressive.

3    MGA also objects to this request on the grounds that it seeks information in violation of

4    the right of privacy. MGA also objects to this request on the grounds that it seeks

5    confidential, proprietary or commercially sensitive information, the disclosure of which

6    would be inimical to the business interests of MGA.

7        Subject to the foregoing, MGA will not produce documents in response to this

8    request.

9    **REQUEST FOR PRODUCTION NO. 90:**

10       All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any

11   other application or registration for BRATZ DESIGNS, including without limitation all

12   COMMUNICATIONS pertaining thereto.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

14       MGA incorporates by reference the above-stated general objections as if fully set

15   forth herein. MGA also specifically objects to this request on the grounds that it seeks

16   information not relevant to the subject matter of this lawsuit or reasonably calculated to

17   lead to the discovery of admissible evidence and is, thus, overbroad, including, without

18   limitation, in that it seeks all documents relating to any copyright, patent, trademark, or

19   other application for registration of BRATZ DESIGNS not at issue in this litigation,

20   which may include dozens—potentially hundreds—of products. MGA also objects to this

21   request on the grounds that it seeks information not relevant to the subject matter of this

22   lawsuit or reasonably calculated to lead to the discovery of admissible evidence and is,

23   thus, overbroad, unduly burdensome and oppressive, including, without limitation, to the

24   extent it seeks documents referring or relating to Bratz beyond the first four characters and

25   first generation of dolls. MGA also objects to this request on the grounds that it seeks

26   confidential, proprietary or commercially sensitive information, the disclosure of which

27   would be inimical to the business interests of MGA. MGA also objects to this request to

28   the extent it calls for the disclosure of attorney-client privileged information or

LA2:756234.3

80

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____ C5

PAGE _____ 158

1  information protected from disclosure by the work-product doctrine, joint defense or

2  common interest privilege, or other privilege.  MGA also objects to this request on the

3  grounds that it seeks information that is already known to Mattel and/or is a matter of

4  public record.

5          Subject to the foregoing, MGA will produce all relevant and responsive non-

6  objectionable documents in its possession, custody or control, if any, referring or relating

7  to copyrights of the first generation of Bratz character art and dolls, that it is able to locate

8  following a reasonably diligent search.

9  **REQUEST FOR PRODUCTION NO. 91:**

10         All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any

11 other application or registration for ANGEL DESIGNS, including without limitation all

12 COMMUNICATIONS pertaining thereto.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

14         MGA incorporates by reference the above-stated general objections as if fully set

15 forth herein.  MGA also specifically objects to this request on the grounds that it seeks

16 information not relevant to the subject matter of this lawsuit or reasonably calculated to

17 lead to the discovery of admissible evidence including, without limitation, in that is seeks

18 information related to an MGA product not at issue in this lawsuit, and that registrations

19 for ANGEL DESIGNS have nothing whatsoever to do with Bryant, Mattel, or this

20 lawsuit.  MGA also objects to this request on the grounds that it seeks information not

21 relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

22 discovery of admissible evidence and is, thus, overbroad, including, without limitation, in

23 that it seeks all documents relating to any copyright, patent, or other application for

24 registration of ANGEL DESIGNS.  MGA also objects to this request to the extent it seeks

25 information the disclosure of which would implicate the rights of third parties to protect

26 private, confidential, proprietary or trade secret information.  MGA also objects to this

27 request on the grounds that it seeks confidential, proprietary or commercially sensitive

28 information, the disclosure of which would be inimical to the business interests of MGA.

LA2:756234.3                                    81                MGA'S RESPONSE TO 1ST SET OF
                                                                  REQUEST FOR PRODUCTION OF
                                                                  DOCUMENTS

EXHIBIT _____ G

____ 159

1    MGA also objects to this request to the extent it calls for the disclosure of attorney-client

2    privileged information or information protected from disclosure by the work-product

3    doctrine, joint defense or common interest privilege, or other privilege.

4         Subject to the foregoing, MGA will not produce documents in response to this

5    request.

6    **REQUEST FOR PRODUCTION NO. 92:**

7         All DOCUMENTS that REFER OR RELATE TO any testing of or sampling from

8    any DOCUMENTS that REFER OR RELATE TO BRATZ or BRYANT, including

9    without limitation any such testing or sampling in connection with any ink, paper or

10   chemical analysis to date any such DOCUMENTS and including without limitation all

11   results and reports relating thereto.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

13        MGA incorporates by reference the above-stated general objections as if fully set

14   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably calculated to

16   lead to the discovery of admissible evidence.  MGA also objects to this request to the

17   extent that it seeks documents not within MGA's possession, custody or control.  MGA

18   also objects to this request on the grounds that it seeks confidential, proprietary or

19   commercially sensitive information, the disclosure of which would be inimical to the

20   business interests of MGA.  MGA also objects to this request to the extent it calls for the

21   disclosure of attorney-client privileged information or information protected from

22   disclosure by the work-product doctrine, joint defense or common interest privilege, or

23   other privilege.

24        Subject to the foregoing, MGA will not produce documents in response to this

25   request.

26   **REQUEST FOR PRODUCTION NO. 93:**

27        An electronic copy of each DOCUMENT that YOU have produced in this action,

28   or that is responsive to these Requests, that is or was created, prepared, generated,

LA2756234.3                          82                    MGA'S RESPONSE TO 1ST SET OF
                                                          REQUEST FOR PRODUCTION OF
                                                          DOCUMENTS

EXHIBIT _____

PAGE _____  168

1   maintained or transmitted in digital form.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

3       MGA incorporates by reference the above-stated general objections as if fully set

4   forth herein.  MGA also specifically objects to this request on the grounds that is it unduly

5   burdensome and oppressive, particularly as to the expense associated with producing to

6   Mattel in electronic form documents that MGA has already produced, or will produce in

7   response to these requests, in another form.

8       Subject to the foregoing, MGA will not produce documents in response to this

9   request.

10   **REQUEST FOR PRODUCTION NO. 94:**

11       The metadata for each DOCUMENT that YOU have produced in this action, or

12   that is responsive to these Requests, that is or was created, prepared, generated,

13   maintained or transmitted in digital form.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

15       MGA incorporates by reference the above-stated general objections as if fully set

16   forth herein.  MGA also specifically objects to this request on the grounds that is it unduly

17   burdensome and oppressive, particularly as to the expense associated with producing

18   metadata to Mattel for each digital document that MGA has already produced, or will

19   produce in response to these requests, if any.  MGA also objects to this request to the

20   extent it calls for the disclosure of attorney-client privileged information or information

21   protected from disclosure by the work-product doctrine, joint defense or common interest

22   privilege, or other privilege.

23       Subject to the foregoing, MGA will not produce documents in response to this

24   request.

25   **REQUEST FOR PRODUCTION NO. 95:**

26       All DOCUMENTS that support, refute or otherwise REFER OR RELATE TO any

27   facts underlying YOUR Affirmative Defenses in this action.

28

LA2:756234.3

83

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

2       MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein.  MGA also specifically objects to this request on the grounds that it is

4  overbroad and unduly burdensome in that it calls for all documents that support, refute or

5  otherwise refer or relate to any facts underlying MGA's affirmative defenses.  MGA also

6  objects to this request on the grounds that it calls for legal conclusions.  MGA also objects

7  to this request on the grounds that it seeks information in Mattel's possession and/or in the

8  public record, and/or equally available to Mattel.  MGA also objects to this request to the

9  extent it calls for the disclosure of attorney-client privileged information or information

10  protected from disclosure by the work-product doctrine, joint defense or common interest

11  privilege, or other privilege.

12       Subject to the foregoing, MGA will produce all relevant and responsive non-

13  objectionable documents in its possession, custody or control, if any, that support its

14  affirmative defenses, that it is able to locate following a reasonably diligent search.

15  **REQUEST FOR PRODUCTION NO. 96:**

16       All doll heads, sculpts, prototypes, models, samples and tangible items that were

17  created, prepared or made, whether in whole or in part, prior to January 1, 2001 that

18  REFER OR RELATE TO BRATZ.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

20       MGA incorporates by reference the above-stated general objections as if fully set

21  forth herein.  MGA specifically objects to this request to the extent that it seeks tangible

22  items not within MGA's possession, custody or control.  MGA also objects to this request

23  to the extent it seeks information the disclosure of which would implicate the rights of

24  third parties to protect private, confidential, proprietary or trade secret information.  MGA

25  also specifically objects to this request on the grounds that it seeks confidential,

26  proprietary, or commercially sensitive information, the disclosure of which would be

27  inimical to the business interests of MGA.  MGA also objects to this request to the extent

28  it calls for the disclosure of attorney-client privileged information or information

LA2:756234.3

84

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _____

PAGE _____

1   protected from disclosure by the work product doctrine, joint defense or common interest

2   privilege, or other privilege.

3        Subject to the foregoing, MGA will produce all relevant and responsive non-

4   objectionable tangible items in its possession, custody or control, if any, that it is able to

5   locate following a reasonably diligent search.

6   **REQUEST FOR PRODUCTION NO. 97:**

7        All doll heads, sculpts, prototypes, models, samples and tangible items that were

8   created, prepared or made, whether in whole or in part, prior to January 1, 2001 that

9   REFER OR RELATE TO ANGEL.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

11        MGA incorporates by reference the above-stated general objections as if fully set

12   forth herein.  MGA specifically objects to this request on the grounds that it seeks

13   information not relevant to the subject matter of this lawsuit or reasonably calculated to

14   lead to the discovery of admissible evidence and is, thus, overbroad including, without

15   limitation, in that it seeks tangible items referring or relating to MGA products not at issue

16   in this lawsuit.  MGA also objects to this request on the grounds that it seeks tangible

17   items not within MGA's possession, custody or control.  MGA also objects to this request

18   to the extent it seeks information the disclosure of which would implicate the rights of

19   third parties to protect private, confidential, proprietary or trade secret information.  MGA

20   also specifically objects to this request on the grounds that it seeks confidential,

21   proprietary, or commercially sensitive information, the disclosure of which would be

22   inimical to the business interests of MGA.  MGA also objects to this request to the extent

23   it calls for the disclosure of attorney-client privileged information or information

24   protected from disclosure by the work product doctrine, joint defense or common interest

25   privilege, or other privilege.

26        Subject to the foregoing, MGA will produce all relevant and responsive non-

27   objectionable tangible items in its possession, custody or control, if any, that it is able to

28   locate following a reasonably diligent search.

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _C_

PAGE _163_

1   **REQUEST FOR PRODUCTION NO. 98:**

2       All doll heads, sculpts, prototypes, models, samples and tangible items that Anna

3   Rhee painted, whether in whole or in part, for or with YOU or on YOUR behalf or for or

4   on behalf of BRYANT prior to January 1, 2001.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

6       MGA incorporates by reference the above-stated general objections as if fully set

7   forth herein.  MGA specifically objects to this request on the grounds that it seeks

8   information not relevant to the subject matter of this lawsuit or reasonably calculated to

9   lead to the discovery of admissible evidence and is, thus, overbroad including, without

10  limitation, to the extent that is seeks tangible items relating to products not at issue in this

11  lawsuit.  MGA also objects to this request on the grounds that it seeks tangible items not

12  within MGA's possession, custody or control.  MGA also objects to this request to the

13  extent it seeks information the disclosure of which would implicate the rights of third

14  parties to protect private, confidential, proprietary or trade secret information.  MGA also

15  specifically objects to this request on the grounds that it seeks confidential, proprietary, or

16  commercially sensitive information, the disclosure of which would be inimical to the

17  business interests of MGA.  MGA also objects to this request to the extent it calls for the

18  disclosure of attorney-client privileged information or information protected from

19  disclosure by the work product doctrine, joint defense or common interest privilege, or

20  other privilege.

21      Subject to the foregoing, MGA will produce all relevant and responsive non-

22  objectionable tangible items in its possession, custody or control, if any, that it is able to

23  locate following a reasonably diligent search.

24  **REQUEST FOR PRODUCTION NO. 99:**

25      All doll heads, sculpts, prototypes, models, samples and tangible items that REFER

26  OR RELATE TO DESIGNS for dolls, doll accessories or toys that BRYANT produced,

27  created, authored, conceived of or reduced to practice, whether alone or jointly with

28  others, prior to January 1, 2001.

LA2:756234.3                              86          MGA'S  RESPONSE TO 1ST SET OF
                                                      REQUEST FOR PRODUCTION OF
                                                      DOCUMENTS

EXHIBIT ___ *G*

PAGE ___ 164

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

2          MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein.  MGA specifically objects to this request on the grounds that it seeks

4   information not relevant to the subject matter of this lawsuit or reasonably calculated to

5   lead to the discovery of admissible evidence and is, thus, overbroad including, without

6   limitation, in that it seeks tangible items relating to DESIGNS for dolls, doll accessories

7   or toys that are not at issue in this lawsuit, and in that it reaches back into time indefinitely

8   and, thus, for example, calls for documents referring or relating to DESIGNS Bryant

9   might have conceived of in his childhood and that have nothing whatsoever to do with this

10  action.  MGA also objects to this request on the grounds that it seeks tangible items not

11  within MGA's possession, custody or control.  MGA also objects to this request to the

12  extent it seeks information the disclosure of which would implicate the rights of third

13  parties to protect private, confidential, proprietary or trade secret information.  MGA also

14  specifically objects to this request on the grounds that it seeks confidential, proprietary, or

15  commercially sensitive information, the disclosure of which would be inimical to the

16  business interests of MGA.  MGA also objects to this request to the extent it calls for the

17  disclosure of attorney-client privileged information or information protected from

18  disclosure by the work product doctrine, joint defense or common interest privilege, or

19  other privilege.

20         Subject to the foregoing, MGA will produce all relevant and responsive non-

21  objectionable tangible items in its possession, custody or control, if any, that it is able to

22  locate following a reasonably diligent search.

23  **REQUEST FOR PRODUCTION NO. 100:**

24         All doll heads, sculpts, prototypes, models, samples and tangible items that

25  support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR

26  Affirmative Defenses in this action.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

28         MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3                                87                    MGA'S RESPONSE TO 1ST SET OF
                                                                 REQUEST FOR PRODUCTION OF
                                                                 DOCUMENTS

EXHIBIT ___ 𝒢

PAGE ___ 165

1    forth herein. MGA also specifically objects to this request on the grounds that it is

2    overbroad and unduly burdensome in that it calls for all tangible items that support, refute

3    or otherwise refer or relate to any facts underlying MGA's affirmative defenses. MGA

4    also objects to this request on the grounds that it calls for legal conclusions. MGA also

5    objects to this request to the extent it calls for the disclosure of attorney-client privileged

6    information or information protected from disclosure by the work-product doctrine, joint

7    defense or common interest privilege, or other privilege.

8        Subject to the foregoing, MGA will produce all relevant and responsive non-

9    objectionable documents in its possession, custody or control, if any, that support its

10   affirmative defenses, that it is able to locate following a reasonably diligent search.

13          AS TO OBJECTIONS ONLY:

14      Dated: April _13_, 2005

16                  DIANA M. TORRES
                    PAULA E. AMBROSINI

17                  O'MELVENY & MYERS LLP

19              By: _Paula Ambrosini_

20                  Paula E. Ambrosini

21            Attorneys for Defendant-in-Intervention
                 MGA Entertainment, Inc.

LA2:756234.3

88

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _G_

PAGE _166_

1  **PROOF OF SERVICE**

2      I, Jennifer R. Szoke, declare:

3          I am a resident of the State of California and over the age of eighteen years, and
not a party to the within action; my business address is 400 South Hope Street, Los Angeles,
4  California 90071-2899. On April 13, 2005, I served the within document:

5  **MGA ENTERTAINMENT, INC.'S RESPONSES TO MATTEL, INC.'S FIRST SET OF**
   **REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS**
6

7      ☒      by transmitting via facsimile machine the document(s) listed above to the fax
              number(s) set forth below on this date. The outgoing facsimile machine telephone
8              number in this office is (213) 430-6407.

9      ☒      by placing the document(s) listed above in a sealed envelope with postage thereon
              fully prepaid, in the United States mail at Los Angeles addressed as set forth
10             below. I am readily familiar with the firm's practice of collecting and processing
              correspondence for mailing. Under that practice it would be deposited with the
11             U.S. Postal Service on that same day with postage thereon fully prepaid in the
              ordinary course of business. I am aware that on motion of the party served, service
12             is presumed invalid if the postal cancellation date or postage meter date is more
              than one day after date of deposit for mailing in affidavit.
13

14     Keith Jacoby (by mail only)
       Littler Mendelson
15     A Professional Corporation
       2049 Century Park East, 5th Floor
16     Los Angeles, CA 90067-3107
       Tel: (310) 553-0308
17     Fax: (310) 553-5583

18
       Michael T. Zeller (by fax and mail)
19     Quinn Emanuel Urquhart Oliver & Hedges, LLP
       865 South Figueroa Street, 10th Floor
20     Los Angeles, California 90017-2543
       Tel: (213) 443-3000
21     Fax: (213) 443-3100

22
       I declare under penalty of perjury under the laws of the United States that the
23  above is true and correct.

24     Executed on April 13, 2005, at Los Angeles, California.

25

26

27  LA2:758376.1                                   Jennifer R. Szoke

28

EXHIBIT ___ B___

PAGE ___167___

# EXHIBIT H

CERTIFIED COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL,        )
                                     )
              PLAINTIFF,             )
                                     )
        V.                           )        NO.  CV 04-9040 SGL (RNBX)
                                     )
MATTEL, INC., A DELAWARE             )
CORPORATION,                         )
              DEFENDANT.             )
_____)
                                     )
AND CONSOLIDATED ACTION(S).          )
_____)

# CONFIDENTIAL
## FOR ATTORNEYS EYES ONLY

# DEPOSITION OF LISA TONNU

# VOLUME I

# JULY 19, 2007



EXHIBIT ___14___

PAGE ___168___

REPORTED BY:
APRIL PRAXMARER
CSR NO.  12437
JOB NO. 07AE487-AC

COURT REPORTERS
700 S. Flower Street
Suite 1100
Los Angeles, California 90017
Office: (213) 955-0070
Fax: (213) 955-0077

| | | |
|---|---|---|
| 1 | Q     LEGAL NAMES TO THE EXTENT THAT YOU HAVE THEM. | 10:57:13 |
| 2 | AND KNOWING OTHER PEOPLE IN YOUR POSITION AND OTHER | 10:57:17 |
| 3 | COMPANIES, I TRUST THAT YOU DO. | 10:57:19 |
| 4 | A     (WITNESS COMPLIES.) | 11:00:11 |
| 5 | THAT'S PRETTY MUCH IT. | 11:06:32 |
| 6 | MR. COREY:  LET'S TAKE A QUICK BREAK.  I'LL | 11:06:44 |
| 7 | GO MAKE SOME PHOTOCOPIES OF THIS. | 11:06:50 |
| 8 | THE VIDEOGRAPHER:  OKAY.  WE'RE OFF THE | 11:06:53 |
| 9 | RECORD AT 11:05 A.M. | 11:06:54 |
| 10 | (A RECESS WAS TAKEN.) | 11:06:56 |
| 11 | THE VIDEOGRAPHER:  WE'RE BACK ON RECORD AT | 11:20:52 |
| 12 | 11:19 A.M. | 11:20:54 |
| 13 | BY MR. COREY: | 11:20:56 |
| 14 | Q     MS. TONNU, I'VE GIVEN YOU EXHIBIT 515, WHAT'S | 11:20:56 |
| 15 | MARKED AS EXHIBIT 515, WHICH YOU SPENT THE LAST COUPLE | 11:21:09 |
| 16 | OF MINUTES CREATING. | 11:21:09 |
| 17 | (DEFENDANT'S EXHIBIT 515 WAS MARKED FOR | 11:21:11 |
| 18 | IDENTIFICATION.) | 11:21:11 |
| 19 | BY MR. COREY: | 11:21:12 |
| 20 | Q     TELL ME -- TELL ME WHAT IT IS THAT YOU | 11:21:12 |
| 21 | CREATED. | 11:21:14 |
| 22 | A     I CREATED MGA'S CORPORATE ORGANIZATIONAL | 11:21:14 |
| 23 | CHART. | 11:21:19 |
| 24 | Q     AND THIS IS CURRENT AS OF TODAY? | 11:21:19 |
| 25 | A     THAT'S CORRECT. | 11:21:22 |

47

EXHIBIT  7

PAGE  169

| | | |
|---|---|---|
| 1 | Q    AND HOW -- HOW DO YOU KNOW WHAT THE CORPORATE | 11:21:23 |
| 2 | ORGANIZATION OF MGA AND ITS SUBSIDIARIES IS? | 11:21:35 |
| 3 | A    I HAVE BEEN MAINTAINING THE STRUCTURE, | 11:21:38 |
| 4 | CORPORATE STRUCTURE, SINCE JOINING THE COMPANY. | 11:21:40 |
| 5 | Q    WHAT DO YOU MEAN, "MAINTAINING THE CORPORATE | 11:21:43 |
| 6 | STRUCTURE"? | 11:21:46 |
| 7 | A    THE ACTUAL PRESENTATION, THE ORGANIZATION | 11:21:46 |
| 8 | CHART. | 11:21:51 |
| 9 | Q    YOU KEEP TRACK -- YOU'RE RESPONSIBLE FOR THE | 11:21:51 |
| 10 | ORGANIZATIONAL CHART AND MAKING SURE IT'S UP-TO-DATE? | 11:21:54 |
| 11 | A    CORRECT. | 11:21:57 |
| 12 | Q    AND THEN YOU'VE GOT -- ALL RIGHT.  LET'S JUST | 11:21:57 |
| 13 | GO THROUGH THIS VERY -- LET'S JUST GO THROUGH THIS. | 11:22:17 |
| 14 | YOU'VE GOT MGA ENTERTAINMENT? | 11:22:20 |
| 15 | MR. JENAL:  SORRY, JON.  I JUST NEED TO | 11:22:23 |
| 16 | INTERJECT. | 11:22:24 |
| 17 | GIVEN THAT WE'RE GOING TO GO INTO THE DETAILS | 11:22:24 |
| 18 | ON THIS CHART, WE'LL DESIGNATE AT LEAST THIS PORTION OF | 11:22:27 |
| 19 | THE TESTIMONY ATTORNEYS' EYES.  THERE MAY BE OTHER | 11:22:30 |
| 20 | SECTIONS AS WELL, BUT CERTAINLY THIS PART. | 11:22:33 |
| 21 | MR. COREY:  OKAY.  AND I ASSUME, THEN, YOU'RE | 11:22:38 |
| 22 | DESIGNATING THIS -- | 11:22:40 |
| 23 | MR. JENAL:  CORRECT. | 11:22:41 |
| 24 | MR. COREY:  -- EXHIBIT 515 AS ATTORNEYS EYES | 11:22:41 |
| 25 | ONLY AS WELL? | 11:22:44 |

EXHIBIT ___ H ___

PAGE ___ 170 ___

48

STATE OF CALIFORNIA        )
                           )   SS.
COUNTY OF LOS ANGELES      )


    I, APRIL CRUZ CACULITAN, CSR 12437, IN AND FOR THE STATE OF CALIFORNIA, DO HEREBY CERTIFY;

    THAT, PRIOR TO BEING EXAMINED, THE DEPONENT NAMED IN THE FOREGOING DEPOSITION WAS BY ME DULY SWORN TO TESTIFY THE TRUTH, THE WHOLE TRUTH AND NOTHING BUT THE TRUTH;

    THAT SAID DEPOSITION WAS TAKEN DOWN BY ME IN SHORTHAND AT THE TIME AND PLACE THEREIN NAMED, AND THEREAFTER REDUCED TO TYPEWRITING UNDER MY DIRECTION, AND THE SAME IS A TRUE, CORRECT AND COMPLETE TRANSCRIPT OF SAID PROCEEDINGS;

    I FURTHER CERTIFY THAT I AM NOT INTERESTED IN THE EVENT OF THE ACTION.

    WITNESS MY HAND THIS _____2_____ DAY OF
_August_____, 2007.


CERTIFIED SHORTHAND
REPORTER FOR THE
STATE OF CALIFORNIA


EXHIBIT ___H___

PAGE ___171___

# EXHIBIT I

07209/2340375.1

**quinn emanuel trial lawyers | los angeles**

865 South Figueroa Street, 10th Floor. Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

September 25, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Amman Khan, Esq.
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
1025 Constellation Boulevard, 19th Floor
Los Angeles, California 90067

Re:    <u>Mattel v. Bryant</u>

Dear Mr. Khan:

I write further to our meetings of counsel on September 18 and 21, 2007 regarding deposition scheduling.  The parties confirmed dates for the following depositions:

- MGA will produce Lisa Tonnu for deposition on September 24 and 25 at Quinn Emanuel Urquhart Oliver & Hedges LLP's Los Angeles offices starting at 9:30 a.m.

- MGA and Bryant confirmed that the scheduled depositions of Janet Bryant (September 25), Tom Bryant (September 26), Richard Irmen (September 28), Sarah Chui (September 28), Edmond Lee (October 4), Susan Kuemmerle (October 24) and Carlos Machado (October 26) will proceed as scheduled.

- The parties agreed that the deposition of Denise O'Neil will take place on October 3 in Chicago and that the deposition of Maureen Tkacik will take place on September 28 in New York.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue. 17th Floor. New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414

EXHIBIT _____ _I_

P_____ _172_

MGA also provided dates for the following witnesses:

- Ron Brawer on October 25 in Los Angeles (we indicated that we believed that Brawer is an important witness and that we will need two days with him).

- Dan Cooney on October 22 in New York.

- Dave Malacrida on October 18, 2007 (we confirmed this date and will get back to MGA on how much time we believe we will need for Mr. Malacrida).

Mattel will take the Brawer motion off calendar when MGA agrees to stipulate that Mr. Brawer will appear on that date, which Judge Infante can "so order." MGA requested until Thursday, September 27, 2007 to confer with Mr. Brawer. We agreed to give MGA an extension to file its brief in opposition to the Brawer motion to compel until that date.

We informed you that Mattel would like dates for the continued deposition of Samir Khare, pursuant to the parties' agreement that Mattel will have additional time to depose Mr. Khare. You stated on September 21 that MGA had available dates for Mr. Khare, but that you had misplaced them and were unable to provide any dates during our call. You stated that you would provide Mattel dates for Mr. Khare on Friday, September 28, 2007.

Mr. Jenal stated for the first time that MGA takes the position that the testimony of Charlene Brooks and Kerri Brode completed the testimony the Topics in Mattel's Second Rule 30(b)(6) Notice of Deposition of MGA that they were designated for. That is incorrect and, indeed, conflicts with the representation made by MGA in its Objection to Mattel's Submission Regarding Deposition Scheduling and Preliminary Response submitted to Judge Infante. In that submission, MGA stated that Ms. Brooks would be produced on the "completion of topics of Second Notice previously testified to by Kerri Brode." Mattel expects MGA to produce a witness (whether Ms. Brooks or Ms. Brode) on the completion of that Rule 30(b)(6) testimony.

You stated MGA's position that it would not produce any witnesses in response to Mattel's Third Rule 30(b)(6) Notice of MGA until after MGA's motion to compel certain Topics in the Third Notice is ruled on by Judge Infante. MGA refused to produce even those witnesses that it had previously agreed to produce on Topics in the Third Notice that are not subject to Mattel's motion to compel (e.g., Schuyler Bacon and Charlene Brooks), although by separate e-mail on September 20, 2007, MGA confirmed that Ms. Bacon would be produced.

As William Charron acknowledged on the September 18 call, MGA has agreed to produce witnesses on Topic Nos. 16, 18, 20 and 32 in Mattel's Second Rule 30(b)(6) Notice of Deposition

2

EXHIBIT ___I___

PAGE ___173___

of MGA. You stated that MGA would get back to us on designations and dates for these Topics
on Friday, September 28.

You stated that you were not sure whether your firm would be representing Mariana Trueba
Alamada or Pablo Vargas San Jose, but that you would get back to us and inform us whether you
will be representing either of them. You stated that Christensen Glaser will represent Shirin
Salemnia, but you have not yet provided dates on which Mr. Salemnia is available. You also
stated that Jeanine Brisbois does not work for MGA, but an MGA subsidiary, and as such MGA
will not be producing her. However, you stated that you would inquire as to who would be
representing Ms. Brisbois and get back to us. You acknowledged that Christensen Glaser
represents Farhad Larian and stated that Mr. Larian would be available for deposition in
November. We will get back to you on whether MGA can put off Mr. Larian's deposition until
that time.

MGA stated its position that it will not produce Isaac Larian for further deposition regarding
Phase 1 issues. However, MGA acknowledged that Mattel is entitled to Mr. Larian's testimony
regarding Phase 2. MGA claimed for the first time on the September 18 call that Mr. Larian's
deposition is an apex deposition and that Mattel would need to make a the necessary showing of
Mr. Larian's personal knowledge of facts in the case before deposing him. MGA's newly stated
position is not credible. Mr. Larian is a party in this case and is intimately involved in the facts
at issue. Please let me know on Friday, September 28, whether this remains Larian's position.

You confirmed that Anna Rhee's deposition will not being going forward on October 9, 2007 as
originally scheduled. You stated that, according to Ms. Rhee's attorney, there are 2 hours and
41 minutes remaining for questioning Ms. Rhee. Mattel has had no opportunity to inquire, and is
entitled to the remainder of the time. You asked Mattel to reconsider and proposed splitting this
time with Mattel. We will look into the issue and get back to you.

MGA requested dates for the deposition of Matt Bousquette. As we informed you during the
parties' first call, Mr. Bousquette is a third party. However, we will try to obtain dates on which
is available and get back to MGA. Before we do so, however, you need to provide a date by
which MGA will complete its unfair competition document production. MGA also requested
dates for Tina Patel, Adrienne Fontanella and Jamie Cygielman. As we informed you, all three
are third party witnesses and we do not yet know if we will be representing any of them. You
informed us on September 21 that Ms. Patel and Ms. Fontanella have been served, but that
Ms. Cygielman has not yet been served with her deposition subpoena.

We offered to produce Mattel's CEO Robert Eckert for one hour in later November or early
December. As Mattel's CEO, Mr. Eckert's deposition is an apex deposition and, because his
unique personal knowledge of the facts in this case is limited, we do not believe MGA is entitled
to more than one hour with him. MGA stated that it believed it would need more than one day to
depose Mr. Eckert. If MGA can make a showing that Mr. Eckert has unique personal knowledge

EXHIBIT   T

P     174

warranting a longer deposition, Mattel will consider producing Mr. Eckert for more than one hour of deposition. We await that showing.

The parties are still meeting and conferring regarding any potentially outstanding Topics in MGA's Rule 30(b)(6) of Mattel and Bryant's Rule 30(b)(6) of Mattel. Mattel has set aside the following dates on which it is available to produce Rule 30(b)(6) witnesses: November 6, 7, 14 and 15 and December 5.

You stated that MGA wants additional time with Jill Nordquist. As we stated on the September 18 call, defendants have already deposed Ms. Nordquist for seven hours and it is Mattel's position that MGA is not entitled to additional time with Ms. Nordquist. You claimed that it was your belief that the parties had agreed that Mattel would produce Ms. Nordquist for additional deposition testimony. That is incorrect. Mattel has entered into no such agreement.

We stated that because Rene Pasko is currently the subject of MGA's "bandying" motion, Mattel would not produce Ms. Pasko for additional deposition until the Court has ruled on that motion. I believe that Ms. Nordquist also falls into this category.

The parties agreed that going forward they will send letters requesting depositions of the opposing party to see if the parties can come to an agreement on the availability of particular witnesses before the depositions of those witnesses are noticed.

We scheduled another call to discuss deposition scheduling for Friday, September 28, 2007 at 9:30 a.m. We look forward to speaking with you then.

Best regards,

*[signature]*

Jon D. Corey

JDC:BBS
07209/2231905.1

cc:     William Charron
        Jim Jenal

4

EXHIBIT _T_

PAGE _175_

# EXHIBIT J

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 2, 2007

VIA FACSIMILE AND U.S. MAIL

Amman A. Khan, Esq.
Scott Gizer, Esq.
Christensen, Glaser, Fink, Jacobs,
Weil & Shapiro LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA  90067

Re:     Mattel, Inc. v. Bryant

Dear Counsel:

I write in response to your respective letters of September 27, 2007 and September 25, 2007 regarding deposition scheduling.

First, with respect to the deposition of Matt Bousquette, we are able to obtain deposition dates for him.  Judge Infante ordered, however, that he be deposed only after the completion of MGA's production of documents in connection with the unfair competition complaint.  To date, MGA has failed to state when that production will be complete.  Once MGA does so, then we can ask Mr. Bousquette to look at his calendar for available dates *after* MGA's production is complete. Until MGA provides a date after which Mr. Bousquette's deposition will occur, setting a date for his deposition would require Mattel to guess when MGA's production will complete.  Mattel will not do that.

Second, with respect to Ms. Brisbois, does your firm represent her?  I understand, however, that MGA is not willing to produce her.  Please identify at our next meeting of counsel who her employer is.

Third, we will take up the issue of Ms. Brooks and Ms. Brode with Judge Infante.

EXHIBIT _____ J

PAGE _____ 17 6

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2240269.1

Fourth, you represented at the most recent conference of counsel that your firm represents Shirin
Salemnia, Mariana Alameda and Pablo Vargas and that you would provide dates for them at the
next meeting of counsel.  Mattel expects dates for those three individuals.

Fifth, we will provide MGA with a date for Mr. Moore's deposition when we receive a date for
Ms. Gronich's deposition.

Sixth, in light of Judge Infante's ruling regarding Mattel's Third Notice of Deposition of MGA,
Mattel is reconsidering its response to MGA's Notice of Deposition of Mattel.  In light of that
ruling we anticipate, but cannot assure, that we will be able to discuss these issues when we next
meet.

Mattel's failure to correct all of them shall not be deemed a waiver or an acknowledgement that
the letters are otherwise accurate.  If you have any questions regarding the foregoing, please do
not hesitate to call.

Best regards,

Jon Corey

Jon Corey

cc:     Michael Page
        Christa Anderson
        Diana Torres
        William Charron
        Jim Jenal

EXHIBIT ____1____

P___  127

# EXHIBIT K

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 22, 2008

<u>**VIA FACSIMILE AND U.S. MAIL**</u>
**917.777.2578**

Paul Eckles, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, New York 10036

Re:    <u>Bryant v. Mattel, Inc.</u>

Dear Paul:

I write to reiterate my verbal request that MGA agree to stipulate that certain depositions be conducted in February, as Judge Larson contemplated in his January 7, 2008 Order.  To date, these include: Jorge Castilla, Gentle Giant and Jeanine Brisbois.  Mattel may identify additional witnesses in the near term who fall into this category.  We have separately addressed the depositions of Wachovia and Moss Adams.  Please let me know by close of business tomorrow whether MGA will agree that the depositions of these three persons may occur on dates convenient to them during the month of February.

Separately, Mattel has been granted leave to take the deposition of Ms. Brisbois.  She is one of the persons who Mattel alleges misappropriated Mattel trade secrets.  She is a resident of Canada, we understand, and MGA's prior counsel refused to produce her for deposition.  Please let me know by close of business tomorrow whether MGA has changed his its position and is now willing to produce Ms. Brisbois for deposition.  If not, then Mattel will petition Judge Larson for letters rogatory to compel her deposition in Canada.

EXHIBIT ___K___

PAGE ___178___

**quinn emanuel urquhart oliver & hedges, llp**

07209/2364034.1

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey

cc:     Michael Page, Esq.
        Alexander Cote, Esq.

07209/2364034.1                                    2

EXHIBIT ___K___

PAGE ___129___

# EXHIBIT L

**Michael Fazio**

**From:** Jon Corey
**Sent:** Tuesday, January 22, 2008 1:04 PM
**To:** Eckles, Paul M
**Cc:** Michael Page; acote@obsklaw.com; Michael T Zeller; Dylan Proctor
**Subject:** Depositions

Paul,

Attached is an updated list of depositions from our end.  Let me know if you have any changes or if you see things differently.

Best regards,

**Confirmed Depositions – 1/22/08**

**January 22, 2008**

Rebecca Harris (QE LA)

**January 23, 2008**

Theresa Newcomb (Skadden LA)
Samir Khare (QE LA)
Carter Bryant (QE SF)

**January 24, 2008**

Carter Bryant (QE SF)
Shelia Kyaw (Skadden LA)
Jean Gomez (Skadden LA)
Ana Cabrera (Doubletree El Segundo)
Lisa Tonnu (QE LA)

**January 25, 2008**

Beatriz Morales (Doubletree El Segundo)
Dave Malacrida (QE LA)
Milt Zablow (NY)
Tim Kilpin (Skadden LA)
David Rosenbaum (QE LA)
Mel Woods (QE LA)
Samir Khare (QE LA)

**January 28, 2008**

Ron Brawer (London)
Robert Eckert (Doubletree El Segundo)
Kevin Farr

1/27/2008

EXHIBIT _____

PAGE ____ 19 8

Maureen Tafoya (Skadden LA)
Daniel Cooney (Philadelphia-NJ)
Nic Contreras (QE LA)
Susanna Kuemmerle (QE LA)
Anne Wang (QE-LA)
Kickapoo High School (MO)
Nana Ashong (QE NY)

**January 29, 2008**

Farhad Larian

**Requested Depositions after January 28, 2008**

1.    Jorge Castilla
2.    Wachovia
3.    Mitchell Karmack
4.    Joyce Ng
5.    Gentle Giant
6.    Moss Adams
7.    Jeanine Brisbois

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT ___L___

PAGE ___191___

# EXHIBIT M

07209/2340375.1

## Michael Fazio

**From:**   Jon Corey
**Sent:**   Wednesday, January 23, 2008 1:01 AM
**To:**   Eckles, Paul M; 'mpage@kvn.com'; 'acote@obsklaw.com'
**Cc:**   Michael T Zeller; Dylan Proctor
**Subject:** Depositions

Counsel,

Attached is the most recent schedule of confirmed deposition from Mattel's perspective.  Please let me know if
there are any inaccuracies that you are aware of.

**Confirmed Depositions – 1/22/08**

**January 22, 2008**

Rebecca Harris (QE LA)

**January 23, 2008**

Theresa Newcomb (Skadden LA)
Samir Khare (QE LA)
Carter Bryant (QE SF)

**January 24, 2008**

Carter Bryant (QE SF)
Shelia Kyaw (Skadden LA)
Jean Gomez (Skadden LA)
Ana Cabrera (Doubletree El Segundo)
Lisa Tonnu (QE LA)

**January 25, 2008**

Beatriz Morales (Doubletree El Segundo)
Dave Malacrida (QE LA)
Milt Zablow (NY)
Tim Kilpin (Skadden LA)
David Rosenbaum (QE LA)
Mel Woods (QE LA)
Samir Khare (QE LA)
Jesse Ramirez (QE LA)

**January 28, 2008**

Ron Brawer (London)*
Robert Eckert (Doubletree El Segundo)
Kevin Farr (Skadden LA)
Maureen Tafoya (Skadden LA)

EXHIBIT ____ 17
PAGE ____ 192

1/27/2008

Daniel Cooney (Trenton NJ)
Nic Contreras (QE LA)
Susanna Kuemmerle (QE LA)
Anne Wang (QE-LA)
Kickapoo High School (MO)
Nana Ashong (QE NY)
Mitchell Karmack (QE LA)
Jeff Weiss (Strook LA)
Joe Tiongco (QE LA)*
Daphne Gronich (QE LA)*

**January 29, 2008**

Farhad Larian (QE LA)*


**Requested Depositions after January 28, 2008**

1.     Jorge Castilla
2.     Wachovia
3.     Mitchell Karmack
4.     Joyce Ng
5.     Gentle Giant
6.     Moss Adams
7.     Jeanine Brisbois

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT ___ M ___

PAGE ___ 103 ___

# EXHIBIT N

**CONFORMED**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13          Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 14      vs. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware<br>corporation, | Hon. Stephen G. Larson |
| 16          Defendant. | NOTICE OF MOTION AND MOTION<br>OF MATTEL, INC. FOR LEAVE TO<br>TAKE ADDITIONAL DISCOVERY |
| 17 | AND OBJECTIONS TO DISCOVERY<br>MASTER ORDER OF SEPTEMBER |
| 18  AND CONSOLIDATED ACTIONS | 28, 2007; AND |
| 19 | MEMORANDUM OF POINTS AND<br>AUTHORITIES |
| 20 | [Declaration of B. Dylan Proctor filed |
| 21 | concurrently] |
| 22 | Hearing Date:  January 7, 2008<br>Time:           10:00 a.m. |
| 23 | Courtroom:    1 |
| 24 | **Phase 1:**<br>Discovery Cut-off:     January 28, 2008 |
| 25 | Pre-trial Conference:  May 5, 2008<br>Trial Date:               May 27, 2008 |
| 26 | |
| 27 | |
| 28 | |

11-19

07209/2299353.1

-i-

EXHIBIT _N_

PAGE 189

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |     PLEASE TAKE NOTICE that on January 7, 2008, at 10:00 a.m., or as soon
3 | thereafter as the matter may be heard, in the courtroom of Honorable Stephen G.
4 | Larson, located at 3470 Twelfth Street, Riverside, California, 92501, Mattel, Inc. will,
5 | and hereby does, move the Court, pursuant to <u>Federal Rule of Civil Procedure</u> 26(b)
6 | and the Court's February 12, 2007 Scheduling Order, for an order granting Mattel leave
7 | to take additional depositions, including <u>Rule</u> 30(b)(6) depositions of defendants MGA
8 | Entertainment, Inc., and MGAE de Mexico S.R.L. de C.V., beyond the current limit set
9 | by the Court and to serve additional interrogatories on defendants.  Pursuant to 28
10 | U.S.C. § 636(b)(1), Mattel also seeks an additional 12 hours to depose Carter Bryant, in
11 | addition to the seven hours already permitted by Discovery Master Infante.

12 |     Mattel makes this Motion on the grounds that the breadth and complexity of this
13 | case warrant more than the 24 depositions and 50 interrogatories permitted by the
14 | Court's Scheduling Order. Mattel further makes this Motion on the grounds that, given
15 | Bryant's central role in the hundreds of products that MGA has sued upon in this case,
16 | and because both the parties and third-parties have produced many millions of pages of
17 | documents since Mr. Bryant's deposition in 2005, seven hours is not enough time to
18 | fully depose Mr. Bryant.

19 |     This Motion is based on this Notice of Motion and Motion, the accompanying
20 | Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor filed
21 | concurrently herewith, the records and files of this Court, and all other matters of which
22 | the Court may take judicial notice.

23
24
25
26
27
28

07209/2299353.1

-ii-
MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

EXHIBIT ___*N*___

PAGE ___190___

1    **Statement of Local Rule 7-3 Compliance**

2    The parties met and conferred pursuant to Local Rule 7-3 on October 3, 2007,

3    and times thereafter, but were not able to resolve this motion.

4

5    DATED: November 19, 2007        QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP

6

7                                    By_____

8                                       Jon Corey
                                        Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2299353.1

-iii-

EXHIBIT ___N___

PAGE ___191___

1

## **TABLE OF CONTENTS**

2                                                                                            **Page**

3

PRELIMINARY STATEMENT................................................................................1

4

STATEMENT OF FACTS ...................................................................................3

5

ARGUMENT .......................................................................................................6

6

I.      THE RULES CONTEMPLATE ADDITIONAL DISCOVERY......................6

7

        A.      Each Category of Claims Warrants More Depositions...........................8

8

                1.      The Bratz Claims Require Additional Depositions ....................8

9

                2.      Mattel's Trade Secret and RICO Claims and MGA's Unfair
10                              Competition Claims Require Additional Depositions ...............12

11      B.      Mattel Needs Additional Depositions Because the Integrity of
                MGA's and Bryant's Preservation of Documents Is At Issue...............14
12
        C.      Mattel Seeks Leave to Take 30(b)(6) Depositions On Non-
13              Duplicative Topics.......................................................................15

14      D.      Mattel Meets The Requirements for Additional Discovery.................15

15  II.  THE COURT SHOULD GRANT LEAVE WITH RESPECT TO
         MATTEL'S INTERROGATORIES......................................................... 16
16
    III. THE COURT SHOULD ALLOW ADDITIONAL TIME FOR THE
17       BRYANT DEPOSITION ..........................................................................20

18  CONCLUSION ..................................................................................................25

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___N___

PAGE ___192___

## TABLE OF AUTHORITIES

**Page**

### Cases

Andamiro v. Konami Amusement of Am.,
  2001 WL 535667 (C.D. Cal. April 26, 2001) ....................................................... 8

Bahn v. NME Hosps., Inc.,
  929 F.2d 1404 (9th Cir. 1991) ......................................................................... 22

Bromgard v. Montana,
  2007 WL 1101179 (D. Mont. April 11, 2007) ........................................... 11, 18

Collaboration Prop. v. Polycom, Inc.,
  224 F.R.D. 473 (N.D. Cal. 2004) ...................................................................... 8

Fresenius Med. Care Hldgs, Inc. v. Roxane Labs., Inc.,
  2007 WL 764302  Proctor Dec., Ex. 43 .......................................................... 23

Rx USA Wholesale, Inc. v. McKesson Corp.,
  2007 WL 1827335 (E.D.N.Y. June 25, 2007) ......................................... 7, 11, 19

Whittingham  v. Amherst Coll.,
  163 F.R.D. 170 (D. Mass. 1995) ....................................................................... 7

### Statutes

Cal. Civ. Code § 3426.1 ..................................................................................... 20

Fed. R. Civ. P. 26(b) .................................................................................... 8, 20

Fed. R. Civ. P. 30(a)(2)(A) .......................................................................... 7, 20

Fed. R. Civ. P. 33 ...................................................................................... 7, 8, 20

Local Rule 7-3 ..................................................................................................... 3

Fed. R. Civ. P. 30(b)(6) .................................................................. 9, 14, 16, 17

Fed. R. Civ. P. 53(e) ........................................................................................ 21

EXHIBIT _N_

PAGE _193_

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

In its Scheduling Order, the Court limited each side to 50 interrogatories and 24 fact depositions. The Court recognized, however, that the case's complexity could require additional depositions or interrogatories and invited motions for additional discovery, if necessary: "I don't want to say they are soft limits [on the number of depositions], but they are limits which the Court would certainly understand or would invite counsel to submit a motion to expand if there's reason to. But I just want to have some parameters placed on this at the outset." Likewise, with respect to the interrogatory limit, the Court stated: "[L]et's try and work within the confines of the 50 interrogatories, and if you need more, again, the Court is going to be forthcoming, if there's a need for it."[1] Mattel respectfully submits that time has come.

Under the Federal Rules, leave to take additional discovery "shall be granted" to the extent consistent with the principles set forth in Rule 26(b)(2). Fed. R. Civ. P. 30(a)(2)(A) & 33(a). The additional discovery Mattel seeks is appropriate under that framework. It is not duplicative of prior discovery, Mattel has not had an adequate opportunity to take discovery on these matters, and the substantial benefits of discovery on these central issues outweigh any burden. MGA has identified many dozens of witnesses with knowledge of the parties' claims or defenses. Mattel has sued MGA for inducing several Mattel employees to misappropriate many thousands of pages of documents containing Mattel trade secrets over an extended period of time. For its part, MGA has accused over 400 Mattel products of infringing the trade dress of more than 200 MGA products. As MGA has proclaimed, it will be seeking "billions" of dollars from Mattel on its claims alone. Additional depositions are warranted given the breadth and complexity of the claims and defenses in this case and the stakes involved.

---

[1]  February 12, 2007 Scheduling Conference Tr. at 22:12-15 and 24:5-7, Exhibit 7 to the Declaration of B. Dylan Proctor, dated November 19, 2007 ("Proctor Dec.").

-1-

07209/2299353.1

EXHIBIT ____ N

P____ 194

1    To date, Mattel has taken 18 depositions, which leaves Mattel with six
2  remaining.  Mattel has been able to take only one deposition on its counterclaims or
3  defenses to MGA's unfair competition claims, and as of yet, Mattel has been unable to
4  depose any of the individuals actively involved in the theft of Mattel's trade secrets.
5  The specific individuals who Mattel seeks to depose are identified below, along with
6  the justification for each.  In addition, Mattel cannot obtain without the Court's leave
7  the corporate testimony of MGA or MGAE de Mexico on the facts related to either
8  MGA's unfair competition claims or Mattel's counterclaims.  Mattel seeks leave to
9  serve the First Notice of Deposition of MGAE de Mexico, attached as Exhibit A, and
10  an additional Notice of Deposition of MGA, attached as Exhibit B, on those subjects.

11    Mattel also seeks leave to serve defendants with additional interrogatories.
12  Mattel has served interrogatories seeking MGA's contentions with respect to the
13  creation of Bratz and MGA's unfair competition claims.   Mattel's proposed
14  interrogatories, which are attached as Exhibit C, seek information related to Mattel's
15  counterclaims and to MGA's claims against Mattel for alleged unfair competition, as
16  well as certain of defendants' defenses.[2]

17    Finally, Mattel seeks additional time to depose Mr. Bryant.  Although Bryant was
18  deposed in 2004, since that time MGA and Bryant have produced millions of pages of
19  documents that they had long withheld until compelled by the Court, and the scope of
20  the claims in these consolidated cases has increased dramatically.  Only after Bryant's
21  deposition occurred, MGA asserted its broad unfair competition claims against Mattel.
22  Only after Bryant's deposition occurred, Mattel asserted its counterclaims, including its
23  copyright infringement and RICO counterclaims, against Bryant and other defendants.
24  And, despite the fact that Mattel sought documents relating to the origins of Bratz

---

[2]  Because defendants refuse to answer Mattel's previously served interrogatories based
on spurious claims that they exceed the 50 limit, Mattel seeks leave as to them to avoid
defendants' further quarreling over the counting of interrogatories and thereby obtain
obvious information about defendants' own contentions and other critical subjects.

EXHIBIT  N
PAGE  195

1 │ before Bryant's initial deposition, both MGA and Bryant were, unbeknownst to Mattel,

2 │ withholding such documents at the time of the deposition – this was discovered only

3 │ after multiple motions to compel brought by Mattel were granted.  Judge Infante

4 │ recognized that Bryant is the "most knowledge witness with respect to virtually all of

5 │ the factual issues" and claims in these matters.[3]  Judge Infante nevertheless gave Mattel

6 │ only seven additional hours for Bryant's deposition (on top of two hours previously

7 │ granted due to Bryant's and his counsel's improper conduct during the prior deposition).

8 │ That simply is not enough to depose Bryant on MGA's claims, Mattel's counterclaims

9 │ and all the newly produced evidence that post-dates the 2004 deposition.  Mattel

10 │ therefore requests that this Court grant additional time of another 12 hours for a total of

11 │ 21 additional hours to question Bryant.

12 │ <u>**Statement of Facts**</u>

13 │     <u>Mattel's Original Complaint</u>.  Mattel filed its initial Complaint on April 27, 2004,

14 │ alleging that Carter Bryant breached his duties to Mattel by working with and assisting

15 │ a Mattel competitor, MGA, while he was employed by Mattel.[4]  While at Mattel,

16 │ Bryant worked on the "Bratz" project.[5]  On December 7, 2004, MGA filed an answer in

17 │ intervention claiming that the action put at issue MGA's rights to Bratz.[6]

18 │     <u>MGA's Complaint</u>.  MGA filed a complaint against Mattel on April 13, 2005

19 │ alleging that Mattel engaged in "serial copycatting" of the Bratz dolls.[7]  Mattel's action

20 │ and MGA's action were later consolidated along with a declaratory relief action filed by

21 │ Bryant, which was later dismissed.[8]

22 │     <u>Mattel's Counterclaims</u>.  On November 19, 2006, Mattel moved for leave to

23 │ amend its complaint. The Court granted Mattel's motion, allowing Mattel's new claims

24 │
25 │
26 │
27 │
28 │

---

[3]  9/27/07 Hearing Tr. at 24:24-25:2, Proctor Dec., Ex 85.
[4]  Proctor Dec., Ex. 1.
[5]  Id. ¶¶ 12-13.
[6]  Proctor Dec., Ex. 2.
[7]  Proctor Dec., Ex. 3.
[8]  Minute Order Re Consolidation (June 19, 2006), Proctor Dec., Ex. 4.

109/2299355.1

EXHIBIT N
PAGE 196

1 | to be alleged as counterclaims to MGA's complaint.[9] Mattel filed its Second Amended
2 | Answer and Counterclaims on July 12, 2007.  Mattel's counterclaims against MGA
3 | Entertainment, Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L.
4 | de C.V. include claims for copyright infringement, violation of RICO, conspiracy to
5 | violate RICO, misappropriation of trade secrets, intentional interference with contract,
6 | aiding and abetting breach of fiduciary duty, aiding and abetting breach of duty of
7 | loyalty, conversion and unfair competition.[10]  MGA's current amended answer to
8 | Mattel's counterclaims asserts twenty-two affirmative defenses.[11]

9 |   Scheduling Conference.  At the February 12, 2007, and as reflected in a Minute
10 | Order, the Court limited depositions to 24 per side and interrogatories to 50 per side.[12]
11 | The Court recognized that the parties might need more depositions or interrogatories:

> I don't want to say they are soft limits [on the number of depositions], but they are limits which the Court would certainly understand or would invite counsel to submit a motion to expand if there's reason to. But I just want to have some parameters placed on this at the outset.
>
> . . .
>
> [L]et's try and work within the confines of the 50 interrogatories, and if you need more, again, the Court is going to be forthcoming, if there's a need for it.[13]

19 |   Mattel's Interrogatories.  To date, Mattel has propounded 50 interrogatories.[14]  In
20 | June 2007, Mattel propounded 19 interrogatories on MGA, MGA Hong Kong, Larian

---

[9]  1/11/07 Order Re Mattel's Motion for Leave to Amend, Proctor Dec., Ex. 5.
[10]  See Mattel's Second Amended Answer in Case No. 05-2727 and Counterclaims, dated July 12, 2007 ("Mattel's Counterclaims"), Proctor Dec., Ex. 16.
[11]  See MGA's Amended Answer and Affirmative Defenses ("MGA's Amended Answer"), Proctor Dec., Ex. 46.  MGA had filed its original answer on August 13, 2007.  Proctor Dec., Ex. 17.  After meeting and conferring, MGA acknowledged deficiencies in its defenses and served its amended answer on September 19, 2007.
[12]  2/12/07 Scheduling Order, at 1, Proctor Dec., Ex. 6.
[13]  2/12/07 Scheduling Conference Tr., at 22:12-15 and 24:5-7, Proctor Dec., Ex. 7.
[14]  See Proctor Dec., Exs. 8-12, 15, 64-68.

7209/2299353.1

EXHIBIT ___N___

PAGE ___197___

1   and Bryant, seeking information about Bratz development, their affirmative defenses to

2   Mattel's claims, defendants' contentions regarding unfair competition claims and

3   MGA's benefit from Bratz.[15]  Defendants claimed they exceeded the interrogatory limit,

4   and on September 5, 2007, Judge Infante ruled that identical interrogatories served on

5   multiple parties, as well as interrogatories asking defendants to "state all facts"

6   supporting a particular contention, "identify all persons with knowledge of such facts,"

7   and "identify all documents" relevant to such facts, would each count as only one

8   interrogatory.[16]   However, an interrogatory asking a party to state facts supporting

9   different affirmative defenses would count as a different interrogatory per defense.[17]  In

10  accordance with that ruling, on September 21, 2007, Mattel served revised sets of

11  fifteen interrogatories.[18]  Defendants nevertheless still refuse to substantively answer

12  these interrogatories, including because they allegedly exceed the number permitted.[19]

13       Mattel Depositions.  To date, Mattel has taken 18 depositions.  Mattel has had

14  good cause for each of those depositions.  They include:

15  • Carter Bryant – defendant

16  • Victoria O'Connor – former MGA executive with knowledge of MGA's and Larian's spoliation of evidence

17

18  • Jaqueline Prince – witness allegedly supporting Bryant's Bratz creation story

19  • Isaac Larian – defendant

20  • Steve Linker – third party with knowledge of work on Bratz before Bryant left Mattel

21

22  • Paula Garcia – Bratz project manager from the start who worked on Bratz with Bryant before he left Mattel

23  • Brooke Gilbert – Bryant's niece with knowledge of Bryant's computer on which Bryant installed and used "Evidence Eliminator"

24

25  [15] Proctor Dec., Ex. 13.

26  [16] 9/5/07 Order Re Mattel's Interrogatories, at 5-6, Proctor Dec., Ex. 14.
    [17] See id. at 7.

27  [18] Proctor Dec., Ex. 45.
    [19] See Proctor Dec., Exs. 73-74.

28

-5-

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

EXHIBIT   ン

PAGE   198

- **Kerri Brode** – MGA employee with knowledge of Bryant's work on Bratz while at Mattel

- **Dave Malacrida** – MGA public relations employee with knowledge regarding early Bratz design and marketing

- **Janet Bryant** – Bryant's mother and relied upon by Bryant to establish alleged date of Bratz creation

- **Thomas Bryant** – Bryant's father and relied upon by Bryant to establish alleged date of Bratz creation

- **Sarah Chui** – worked on Bratz in 2000 for MGA Hong Kong

- **Richard Irmen** – Bryant's partner and relied upon by Bryant to establish alleged date of Bratz creation

- **Maureen Tkacik** -- *Wall Street Journal* reporter to whom Larian stated, in an interview, that he chose Mr. Bryant's idea for the Bratz over several others after holding "a sort of fashion-doll design contest in late 1999" -- a time during which Bryant was employed by Mattel and months before MGA and Bryant now say they first were introduced

- **MGA Entertainment, Inc.** – defendant

- **MGA Entertainment (HK) Limited** – defendant

- **Schyler Bacon** – MGA employee who recruited Mattel employees who stole trade secrets

- **Denise O'Neal** – *Chicago Sun Times* reporter to whom Larian made prior inconsistent statements, including that MGA's creative team decided to use the "Brats" name but to change the "s" to a "z"

## Argument

### I.   THE RULES CONTEMPLATE ADDITIONAL DISCOVERY

The Federal Rules require that a party obtain leave before serving interrogatories or taking depositions beyond the limits established by the Court. See Fed. R. Civ. P. 33(a) (interrogatories); id. 30(a)(2)(A) (depositions). The purpose of these limits is to allow the Court to "maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of [w]ide ranging discovery". Rx USA Wholesale, Inc. v. McKesson Corp., 2007 WL 1827335, at *2-3 (E.D.N.Y. June 25, 2007) (quoting Whittingham v. Amherst Coll., 163 F.R.D. 170, 171-72 (D. Mass. 1995)). The limits, however, are not intended to "prevent needed discovery," and courts have "broad[] discretion" to allow

EXHIBIT __Y__

PAGE __199__

1   additional discovery "based on the complexity" of the case at hand. Notes of the
2   Advisory Committee (1993) to Fed. R. Civ. P. 26(b) & 33. Leave to take additional
3   discovery "shall be granted" to the extent consistent with the principles set forth in Rule
4   26(b)(2). Fed. R. Civ. P. 30(a)(2)(A), & 33(a). Courts permit additional interrogatories
5   or depositions after considering whether:

6       (1) the discovery sought is unreasonably cumulative or duplicative, or is
7       obtainable from some other source that is more convenient, less
        burdensome, or less expensive; (2) the party seeking discovery has [had]
8       ample opportunity obtain the information sought; or (3) the burden or
9       expense of the proposed discovery outweighs its likely benefit, taking into
        account the needs of the case, the amount in controversy, the party's
10      resources, and the importance of the proposed discovery in resolving the
11      issues.

12  Andamiro v. Konami Amusement of Am., 2001 WL 535667, at *2 (C.D. Cal. April
13  26, 2001) (depositions); see also Collaboration Prop. v. Polycom, Inc., 224 F.R.D.
14  473, 475 (N.D. Cal. 2004) (interrogatories).

15  **II.   MATTEL SHOULD BE GRANTED ADDITIONAL DEPOSITIONS**

16      Mattel should be permitted to take more than 24 depositions in these
17  consolidated cases. This action contains three broad categories of significant claims,
18  each of which necessitates additional depositions:  Mattel's Bratz-related claims,
19  MGA's unfair competition claims, and Mattel's trade secret theft and RICO claims.
20  MGA's supplemental initial disclosures identified 86 witnesses with knowledge of
21  MGA's claims and defenses, 62 of whom are not Mattel employees.[20]  Mattel's
22  supplemental disclosures contain nearly double the number of witnesses with
23  knowledge, only 43 of whom are Mattel employees.[21] Based on the million-and-a-half
24  pages that MGA has recently produced, Mattel is preparing third supplemental

25  ───────────────
26  [20]  See MGA Entertainment, Inc.'s Supplemental Disclosures and MGA Entertainment
    (HK) Limited, MGAE de Mexico S.R.L. de C.V. and Larian's Initial Disclosures Under
27  Rule 26(a)(1), dated September 21, 2007, at 1-16, Proctor Dec., Ex. 18.
    [21]  See Proctor Dec., Ex. 19, at 3-19.
28

07209/2299353.1

EXHIBIT   N
PAGE   200

1  disclosures which will name additional witnesses.  Mattel can rely on <u>Rule</u> 30(b)(6) to

2  obtain some information, but Mattel cannot effectively prosecute or defend these cases

3  with only 24 depositions.

4        A.    <u>**Each Category of Claims Warrants More Depositions**</u>

5            1.    <u>**The Bratz Claims Require Additional Depositions**</u>

6        The number of witnesses involved with the creation of Bratz or with knowledge

7  of Bryant's purported story about when he created – and the inconsistent stories that

8  MGA spun in the media – justify additional depositions.  For example, Bryant claims

9  that he created Bratz when he was not a Mattel employee.[22]  He initially identified three

10  people who he claimed could corroborate this story:  Tom and Janet Bryant (his

11  parents) and Richard Irmen (his partner).  Bryant's mother for the first time in this case

12  recently identified a fourth:  her friend, Jeanne Galvano.  Bryant will introduce their

13  testimony to vouch for his story, so Mattel obviously needs and is entitled to depose

14  them.  Similarly, Isaac Larian has repeatedly made conflicting, inconsistent statements

15  about Bratz's creation to the press, among others.[23]  Mattel thus far has deposed two of

16  the journalists who wrote those stories – depositions where Mattel's questioning lasted

17  far less than an hour.  Bryant's "alibi" witnesses and the reporters alone use up one-third

18  of Mattel's originally allotted 24 depositions.

19        In addition, at the time of the Scheduling Order, Bryant and MGA had said only

20  a handful of people worked directly on Bratz prior to 2002:  Bryant, Anna Rhee,

21  Mercedeh Ward, Margaret Leahy, Paula Garcia and unidentified people in Hong

22  Kong.[24]  In a recent supplemental interrogatory response, MGA identified 11 more

23  people who worked on the first Bratz dolls, including Sarah Halpern, Veronica Marlow,

24

25      [22]  Bryant Dep. Tr. at 140:9-141:8, Proctor Dec., Ex. 20.

    [23]  Proctor Dec., Ex. 21.

26      [24]  <u>See</u> Bryant's Objections and Responses to Second Set of Interrogatories

27  Propounded by Mattel, Inc., at 4, Proctor Dec., Ex. 22; MGA's Response to Mattel's Second Set of Interrogatories, at 4:17-20, Proctor Dec., Ex. 23.

28

-8-

EXHIBIT   *N*

PAGE   201

1    Cecilia Kwok, David Dees, Stephen Tarmichael, Edmond Lee, Franki Tsang, Samuel
2    Wong, Stephen Lee, William Ragsdale and Wendy Ragsdale (and Mattel now knows
3    that even this list is incomplete).[25]  This list does not include anyone involved in early
4    sales, marketing, product testing or advertising of Bratz.

5         When a deponent possesses unique information, courts generally grant leave for
6    additional depositions because they do not undermine the key purpose of the limits –
7    preventing duplicative discovery. See, e.g., Bromgard v. Montana, 2007 WL 1101179,
8    at *2 (D. Mont. April 11, 2007).  Courts deny additional depositions when deponents
9    are likely to have common, interchangeable information.  And, even in such instances,
10   courts may allow a limited number or sequential depositions to proceed. See, e.g., Rx
11   USA, 2007 WL 1827335, at *3 (allowing additional deposition testimony on one but
12   not both individuals with generalized information).

13        Here, Mattel seeks depositions of witnesses who each have specific, unique
14   personal knowledge of the Bratz claims as well as about other claims in the case. All of
15   them are third parties:

16   • Sarah Halpern – worked on the patterns for the first Bratz dolls
17   • Margaret Leahy – sculpted the first Bratz dolls and 4-Ever Best Friends
18   • Veronica Marlow – worked on the first Bratz doll fashions as well as
19     products at issue in MGA's claims
20   • Elise Cloonan – worked with Bryant on his Bratz pitch to MGA while both
       were employed by Mattel
21   • Jesse Ramirez – worked on molds for Bratz
22   • Jeanne Galvano – alleged witness Bryant's mother recently claimed can
23     verify facts relating to Bratz's creation
24   • Stephen Lee – Managing Director of MGA Hong Kong during development
       of Bratz and other products at issue

25   _____
26   [25]  MGA's Third Supplemental Responses to Mattel's Second Set of Interrogatories, at
     4:1-6:3, Proctor Dec., Ex. 24; see Linker Dep. Tr. at 59:22-64:9, Proctor Dec., Ex. 25
27   (testifying that Paula (Treantafelles) Garcia and Bryant approached him and his partner,
     Liz Hogan, before Bryant left Mattel to work on Bratz).
28

                                        -9-

EXHIBIT  _N_

PAGE  _202_

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Cecilia Kwok – MGA Hong Kong employee principally involved with first Bratz dolls

- Farhad Larian – brother of Isaac Larian, who sued Isaac Larian and alleged, inter alia, that MGA was working on Bratz by early 2000 (months before MGA and Bryant claim to have met) when he was a part owner of MGA[26]

- Certain as yet unidentified attorneys who represented parties to disputes between Isaac Larian and Farhad Larian in which the creation of and value of Bratz was at issue

- Sandra Bilotto – sculptor who worked on Prayer Angel dolls at issue[27]

- Anne Wang – represented Bryant in negotiations with MGA while he was a Mattel employee that led to the agreement dated "as of September 18, 2000"[28]

- David Rosenbaum – represented MGA in negotiations with Bryant's first agreement with MGA[29]

- Christensen Glaser LLP – firm to which Victoria O'Connor faxed the MGA/Bryant agreement that Isaac Larian had ordered her to alter[30]

- Lucy Arant – lawyer with knowledge of MGA's first use of Bratz

- Mitchell Kamarck – former MGA counsel who responsible for patent applications, including those in which Isaac Larian had claimed to be the inventor of Bratz features that Bryant has since testified he created[31]

- Carol Witschell – lawyer who worked on MGA trademark applications and other trademark matters at issue

- Nana Ashong – former MGA employee who stated Bratz was created during Bryant's employment by Mattel[32]

- Larry McFarland – wrote MGA copyright registrations that stated the Bratz dolls were created during 2000 and that, after this suit was filed, MGA claimed were incorrect

- Eric Yip – MGA Hong Kong Sales Administrator in 2000 and 2001, when Bratz were created and first shipped to Bandai in Spain[33]

---

[26] See Larian Dep. Tr. at 159:17-160:14, Proctor Dec. Ex. 54.
[27] Brode Dep. Tr. at 303:9-316:16, Proctor Dec. Ex. 55; Dep. Exhs. 607, 608, 609, Proctor Dec., Ex. 56.
[28] See Bryant Tr. at 39:6-42:18, Proctor Dec. Ex. 60.
[29] See O'Connor Dep. Tr. at 94:1-95:21, Proctor Dec., Ex. 61.
[30] See O'Connor Tr. 17:3-19:19, Proctor Dec., Ex 75.
[31] See Armstrong Dep. Tr. at 10:7-12, 26:16-23, 244:18-21, Proctor Dec. Ex. 62.
[32] See Brode Tr. at 87:13-88:11, Proctor Dec., Ex. 55.
[33] See Harris Dep. Tr. at 121:16-122:17, Proctor Dec. Ex. 63.

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

07209/2299353.1

EXHIBIT     N
PAGE     203

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Gentle Giant Studios – created relevant moldings and casts while Bryant was still employed at Mattel[34]

- Christopher Palmeri – *Business Week* reporter who wrote that Larian purportedly "got the idea for Bratz after seeing his own kids run around in navel-bearing tops and hip-huggers"[35]

- Jeff Weiss – *San Fernando Valley Business Journal* reporter who quoted another inconsistent Larian statement concerning the origin of Bratz[36]

- Kickapoo High School – where Bryant allegedly found inspiration for Bratz and author of documents refuting that claim

- LA Focus – conducted Bratz focus groups, including focus groups that MGA denies occured

- Joyce Ng – independent contractor who moderated Bratz focus groups

- Rachel Harris – former MGA employee who worked on initial Bratz packaging as well as on other packaging which MGA's claims rest on

- Peter Marlow – spouse of Veronica Marlow who negotiated millions of dollars in payments for Bratz from Bryant on her behalf

- Andreas Koch – former MGA manager who has knowledge of Bryant's initial contacts with MGA

- Kami Gillmour – former Mattel and MGA employee who has knowledge regarding Paula Garcia's employment with MGA, confidential information taken from Mattel and MGA's projects at issue

- Mercedeh Ward – engineer on initial Bratz dolls and author of emails reflecting the use of Mattel property in its creation

- Moss Adams – accounting firm with knowledge of MGA's profits and distributions thereof to Larian (who owns 90% of MGA's shares)

- Wachovia Bank – bank identified as being involved in early Bratz financing and knowledgeable about MGA's net worth or value

- Amy Myers – formerly with MGA and has knowledge of Prayer Angels project that MGA has raised as a defense

- Two or three parties MGA sued for infringement of Bratz and whose identities are not yet known to Mattel – they will have knowledge of the dolls and other properties MGA has sued on in the past, which is relevant to refuting MGA's current claims that earlier iterations of Bratz products look nothing like subsequent iteration of Bratz products

---

[34] See Proctor Dec., Ex 72.
[35] Proctor Dec. Ex. 52.
[36] Proctor Dec. Ex. 53.

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

07209/2299353.1

EXHIBIT ____ μ ____

PAGE ____ 204 ____

1    Further, many of these same witnesses are also knowledgeable as to MGA's
2    claims of unfair competition and Mattel's trade secret and RICO claims, as they
3    continued to work with MGA in later years. For example, MGA has already identified
4    Halpern, Kwok, Leahy, Marlow, Lee, Ward and Yip as individuals involved with the
5    products at issue.[37]   Likewise, Ramirez continued working on molds for subsequent
6    Bratz dolls through at least 2005,[38] while   Kamarck,[39] Witschell,[40] Arant, and
7    McFarland[41] were involved in subsequent Bratz-related intellectual property matters.
8    As such, testimony from these witnesses is essential for both phases of trial.

9        2.    **Mattel's Trade Secret and RICO Claims and MGA's Unfair**
10           **Competition Claims Require Additional Depositions**
11    Mattel has sued MGA for misappropriating Mattel trade secrets and RICO
12    violations by, among other things, stealing thousands of pages of Mattel confidential
13    information in the United States, Canada and Mexico.[42] Mattel identified Ron Brawer,
14    Janine Brisbois, Gustavo Machado, Mariana Trueba Almada and Pablo Vargas as
15    individuals who misappropriated Mattel trade secrets. The only person Mattel has been
16    able to depose on its counterclaims is Ms. Bacon, who coordinated MGA's recruiting of

17

18

19

20

---

21    [37]   See MGA's Fourth Supp. Response to Interrogatory No. 1 of Mattel's First Set of
      Interrogatories Re Claims of Unfair Competition, at 10-12, 18, 19, Proctor Dec., Ex. 27.
22    [38]   See, e.g., Proctor Dec., Ex. 69 (showing various Bratz-related work in 2005).
      [39]   See, e.g., Armstrong Tr. 26:5-23, Proctor Dec., Ex. 62 (discussing involvement in
23    Bratz-related patent applications through 2004).
      [40]   See, e.g., Proctor Dec., Ex. 70 (discussing involvement with Bratz registrations).
24    [41]   See, e.g., Proctor Dec., Ex. 71 (discussing involvement with Bratz licensing).
      [42]   Mattel's Counterclaims ¶¶ 37-54, 70-76, Proctor Dec., Ex 16.
25

26

27

28

07209/2299352.1

EXHIBIT ____N____

PAGE ____205____

1 | Mattel employees.[43]   Accordingly, Mattel seeks leave to take the depositions of the

2 | following witnesses on such claims:[44]

3 | • Ron Brawer – has knowledge of stolen Mattel trade secrets in the U.S.

4 | • Janine Brisbois – former Mattel employee who stole Mattel trade secrets

5 | • Gustavo Machado – former Mattel employee who stole Mattel trade secrets

6 | • Mariana Trueba – former Mattel employee who stole Mattel trade secrets

7 | • Pablo Vargas – former Mattel employee who stole Mattel trade secrets

8 | • Ricardo Abundis – has knowledge of stolen Mattel trade secrets in Mexico

9 | • Jorge Castilla – believed to have stolen Mattel trade secrets in the U.S.

10 | • Nic Contreras – believed to have knowledge of stolen Mattel trade secrets

11 | • Dan Cooney – believed to have knowledge of stolen Mattel trade secrets

12 | • Susan Kuemmerle – believed to have knowledge regarding stolen Mattel

13 |   trade secrets in Mexico

14 | • Shirin Salemnia – believed to have knowledge of stolen Mattel trade secrets

15 | • MGAE de Mexico – defendant to trade secret theft and RICO claims

16 | • MGA Entertainment, Inc. – defendant

17 | Further, MGA has accused Mattel of trade dress infringement and dilution and

18 | unfair competition in connection with more than 440 products.[45]   MGA has identified

19 |

---

[43]   Bacon Dep. Tr. at 12:12-13, 51:22-52:17, 86:8-12, and 114:19-116:9, Proctor Dec., Ex. 28. And even with respect to Ms. Bacon's deposition, MGA attempted to prevent her from testifying on the grounds that Mattel had not noticed her deposition individually, but only as a Rule 30(b)(6) designee. See Proctor Dec., Ex. 29.

[44]   These are those who Mattel has identified to date. Mattel anticipates that there may be more who will need to be deposed in connection with MGA's unfair competition claims and Mattel's counterclaims because (a) it continues to review the over one-and-a-half million pages of documents that MGA produced in the past month and (b) MGA, to date, has failed to identify how it anticipates defending Mattel's counterclaims or which documents or witnesses it will rely upon to do so, including by its ongoing failures to answer Mattel contention interrogatories related to its defenses to Mattel's counterclaims.

[45]   MGA's Supp. Response to Interrogatory No. 2 Of Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair Competition, at 5-19, Proctor Dec., Ex. 26.

EXHIBIT __N__

PAGE __206__

1    117 witnesses with knowledge of the creation or promotion of those products,[46]

2    including many of the persons listed above.  Mattel has taken the depositions of only

3    six of those 117 named individuals, and has not yet been able to depose two of them,

4    Bryant or Larian, regarding the unfair competition allegations.

5         **B.**    **Mattel Needs Additional Depositions Because the Integrity of MGA's**

6               **and Bryant's Preservation of Documents Is At Issue**

7       Mattel also is entitled to inquire about MGA's and Bryant's preservation and

8    production of evidence.  For example, as MGA's designee on document preservation

9    testified, MGA had only obtained off-site documents as of the summer of 2007 and had

10   searched none of these documents for responsive documents, even though the Court

11   had ordered MGA to produce them and MGA had previously represented that its

12   production was complete.[47]  Further, MGA's designee on MGA's electronic document

13   preservation and collection testified that MGA's only search of such information was a

14   single search of Isaac Larian's e-mails in 2005, nothing more.[48]  MGA's designee

15   repeatedly testified that Joe Tiongco, who Mattel seeks to depose, has more

16   knowledge.[49]  In the same vein, Mattel seeks to depose Daphne Gronich, who provided

17   the preservation declaration on MGA's behalf.[50]  In addition, there are serious issues

18   about Bryant's hard drives, including because of Bryant's prior counsel's conflicting

19   representations about their collection and preservation – and indeed even their

20   existence.  Mattel therefore seeks testimony on these subjects.[51]  Bryant's belated

21   revelation that he installed and used the "Evidence Eliminator" program on these drives

22

23    [46]   MGA's Fourth Supp. Resp. Unfair Comp. No. 1, at 5-16, Proctor Dec., Ex. 27.
      [47]   9/24/07 Stip. and Order, Proctor Dec., Ex. 30; Tonnu Dep. Tr. at 612:13-612:15,

24   620:14-621:21, Proctor Dec., Ex. 31; 8/13/07 Order, at 14:18-22, Proctor Dec., Ex. 32.
      [48]   See Lockhart Deposition Tr. at 265:1-11, Proctor Dec., Ex. 33.

25    [49]   Id. at 116:2-14, 150:25-151:5, 158:10-15. 258:17-259:9, 265:1-11, 266:12-267:5.
      [50]   See Dec. of Daphne Gronich in Response to Court's Request for Information

26   Regarding Document Preservation, dated September 10, 2007, Proctor Dec., Ex. 34.
      [51]   Notice of Deposition of Littler Mendelson Pursuant to Federal Rule of Procedure

27   30(b)(6), dated September 6, 2007, Proctor Dec., Ex. 35.

28

-14-
MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

EXHIBIT    ⊬

PAGE     207

1  underscores all the more the legitimacy of full and fair discovery into the integrity of

2  his drives.

3       **C.**     **Mattel Seeks Leave to Take 30(b)(6) Depositions On Non-Duplicative**

4           **Topics**

5       MGA objected, and the Discovery Master has ruled, that a corporate party who

6  has been deposed pursuant to a Rule 30(b)(6) notice cannot be deposed pursuant to a

7  subsequent notice absent Court leave.[52]  Mattel has not propounded a Rule 30(b)(6)

8  Notice of Deposition on MGA or MGAE de Mexico related to either MGA's unfair

9  competition claims or Mattel's counterclaims.  Mattel's Notices of Deposition—

10 attached as Exhibits A and B—contain topics of testimony which relate to those

11 claims.[53]  Mattel has not previously served any Rule 30(b)(6) Notice on MGAE de

12 Mexico at all, and the topics in the additional Notice to MGA are not duplicative of

13 those in Mattel's prior Notices to MGA.[54]  Mattel respectfully submits that it should be

14 granted leave to proceed with those depositions.

15      **D.**     **Mattel Meets The Requirements for Additional Discovery**

16      When a deponent possess unique information, courts will generally allow leave

17 for additional depositions because they do not undermine the key purpose of the

---

18    [52]  9/25/07 Order Re Mattel's Motion to Compel MGA to Produce Witnesses Pursuant

19 to Third Notice of Deposition Under 30(b)(6), Proctor Dec., Ex. 36.

20    [53]  See Exhibits A & B.  Mattel's Fourth Notice of Deposition is far less than
   burdensome compared to MGA's recently served Notice of Deposition, which contains

21 more than 80 topics, each of which has many sub-parts.  See MGA Entertainment, Inc.'s
   Notice of Deposition of Mattel, dated September 5, 2007, Proctor Dec., Ex. 40.

22    [54]  Mattel's First Notice of Deposition was narrowly tailored to obtain information

23 related to MGA's contentions that Bryant and Anna Rhee had worked on Prayer Angels,
   not Bratz, while Bryant employed by Mattel.  Proctor Dec., Ex. 37.  Mattel's Second

24 Notice sought information related to Bratz, including Bratz revenues, costs and profits, and
   evidence preservation and collection.  Proctor Dec., Ex. 38.  Mattel's Third Notice sought

25 follow-up information on matters that had arisen in discovery, including with respect to

26 specific electronic evidence, specific individuals who worked on the first Bratz dolls,
   payments made to witnesses or parties, and statements to reporters related to Bratz's

27 creation and inspiration.  Proctor Dec., Ex. 39.

28

EXHIBIT _____

PAGE _____

1 limits—preventing duplicative discovery. <u>See, e.g.</u>, <u>Bromgard</u>, 2007 WL 1101179, at
2 *2 (D. Mont. April 11, 2007).  As explained above, Mattel seeks depositions of
3 individuals who each have specific, unique knowledge of the underlying events.

4     Without additional depositions, Mattel cannot discover the full extent of MGA's
5 wrongdoing or adequately prepare to defend against MGA's claims.  Mattel seeks a
6 declaration of ownership of Bratz works that Bryant created during his Mattel
7 employment and their derivatives – property that MGA and Bryant have claimed are
8 worth hundreds of millions of dollars and perhaps more.  Mattel has accused MGA of
9 stealing thousands of pages of Mattel's most valuable trade secrets, including product
10 lines, and strategic plans.  MGA has accused Mattel of infringing hundreds of MGA
11 products, alleging "billions" of dollars in damages.  In light of the magnitude of this
12 case, the burden or additional expense of these depositions pales in comparison to
13 Mattel's need to fully prepare to try this case.  As set forth above, the depositions that
14 Mattel seeks by this motion are not collateral, but go to the heart of its claims and
15 defenses.  <u>See, e.g.</u>, <u>Rx USA</u>, 2007 WL 1827335, at *2-3 (additional depositions
16 warranted in a dispute between large corporations, given the complexity of the issues
17 and the parties' resources).

18 **III.**   **<u>THE COURT SHOULD GRANT LEAVE WITH RESPECT TO</u>**
19       **<u>MATTEL'S INTERROGATORIES</u>**

20     Two categories of interrogatories are involved here:  first, Mattel's proposed
21 additional interrogatories that it seeks leave to serve; and, second, interrogatories which
22 Mattel has already served on defendants.

23     **A.**   **<u>Mattel Should Be Allowed To Propound Additional Interrogatories</u>**
24     Mattel seeks leave to propound additional interrogatories related to MGA's unfair
25 competition claims and Mattel's counterclaims, and MGA's evidence collection and
26 preservation.  To properly prepare for trial, Mattel seeks leave to serve interrogatories
27 requiring defendants to identify the facts, documents and witnesses it will use to prove
28 its claims, defenses and damages.  Mattel's proposed interrogatories thus seek to

-16-

EXHIBIT ___ Ʋ ___

PAGE ___ 209 ___

1   identify which specific Mattel designs or products defendants allege infringe on
2   defendants' designs[55] and trade dress[56] and the facts supporting those legal claims.[57]
3   Additionally, Mattel seeks to determine defendants' position regarding their
4   misappropriation of Mattel documents, including whether defendants contend that no
5   such documents were obtained improperly,[58] that the information contained therein has
6   no value as a trade secret,[59] that the information had been publicly disclosed,[60] that
7   defendants did not use or disclose such information,[61] that any such disclosure neither
8   benefited defendants nor harmed Mattel,[62] and that defendants have a right to possess,
9   use or disclose any such documents in their possession.[63] These are essential elements
10  of the trade secret theft claim. See Cal. Civ. Code § 3426.1. Finally, Mattel seeks
11  information related to MGA's efforts to collect and preserve evidence relevant or
12  potentially relevant to this action.[64]

13        The proposed interrogatories are consistent with the factors set out in Rule 26(b)
14  and should be permitted. They seek disclosure of specific relevant facts regarding
15  topics which have not been the subject of prior interrogatories. The majority of Mattel's
16  prior interrogatories focused on issues related to creation and ownership of Bratz.[65]
17  Only Mattel's set of interrogatories relating to MGA's unfair competition claims could

18
19
20  [55] See Mattel's Proposed Interrogatory No. 51.
21  [56] See Mattel's Proposed Interrogatory No. 52.
    [57] See Mattel's Proposed Interrogatories Nos. 53, 54, 55.
22  [58] See Mattel's Proposed Interrogatory No. 56.
    [59] See Mattel's Proposed Interrogatory No. 57.
23  [60] See Mattel's Proposed Interrogatory No. 58.
    [61] See Mattel's Proposed Interrogatory No. 59.
24  [62] See Mattel's Proposed Interrogatory No. 60.
    [63] See Mattel's Proposed Interrogatory No. 61.
25  [64] See Mattel's Proposed Interrogatories Nos. 63-64.
26  [65] See First Set to Bryant, Proctor Dec., Ex 8; First Set to MGA, Proctor Dec., Ex. 9;
27  Second Set to Bryant, Proctor Dec., Ex. 11; Second Set to MGA, Proctor Dec., Ex. 10;
    Third Set Revised, Proctor Dec., Ex. 45.
28

07209/2299353.1

-17-
MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

EXHIBIT ____ N ____
PAGE _____ 210 _____

1  conceivably overlap with the proposed interrogatories.[66] However, the interrogatories

2  already propounded focused on issues distinct from the proposed interrogatories—

3  specifically, facts relating to MGA employees involved with certain MGA products,[67]

4  MGA's alleged injuries,[68] MGA's allegations regarding Mattel's conduct with certain

5  third-parties in the industry[69] and MGA's allegations of product confusion.[70] These are

6  not duplicated in the interrogatories which Mattel is proposing.

7       Finally, the benefits of the proposed interrogatories outweigh any added burden,

8  as these type of facts are properly revealed through interrogatories, and the information

9  sought by the interrogatories will advance this litigation and avoid surprise at trial.

10  **B.   The Court Should Grant Leave With Respect To Mattel's**

11       **Outstanding Interrogatories That Defendants Will Not Answer**

12       To date, Mattel has served 50 interrogatories on the defendants.  Yet, by

13  objecting to some of those previously served interrogatories served as being compound,

14  defendants refuse to answer on the purported ground that they exceed the Court's

15  limit.[71]  Although defendants are wrong, the Court should eliminate further delay and

16  quarreling by defendants by simply granting Mattel leave to serve them regardless of

17  how they are counted.

18       Mattel has been seeking answers to these basic interrogatories for over five

19  months now.  To justify their wholesale refusal to answer them, defendants claimed

20  they exceeded the Court's limit on the number of interrogatories.  Mattel moved to

21  compel, defendants moved for a protective order, and in a September 5, 2007 Order

22  Judge Infante provided guidance on the counting of the interrogatories.  Mattel then

23

24  [66] See First Set Re Unfair Comp., Proctor Dec., Ex. 12.
    [67] See id. No. 1.

25  [68] See id. No. 4.

26  [69] See id. Nos. 5, 8, 9, and 10.
    [70] See id. No. 7.

27  [71] See Bryant's Objections to Revised Third Set, Proctor Dec., Ex. 73; Bryant's
Objections to Amended Fourth Set, Proctor Dec., Ex. 74.

28

07209/2299353.1

-18-

EXHIBIT _____ N

PAGE _____ 211

1  propounded revised interrogatories that were consistent with the Discovery Master's

2  Order.

3       Defendants nevertheless claim, once again, that Mattel exceeds its 50 allotted

4  interrogatories. Not only is this without merit,[72] but it is clear that defendants rehash

5  this objection for no other reason than to obstruct. Bryant refuses to answer any

6  interrogatory past No. 27 because "Mattel has propounded more than 50

7  interrogatories."[73] And, even the minimal answers he gave to others amply confirms

8  that he continues to stonewall on even basic discovery in this case. MGA makes

9  essentially the same objection.[74] Accordingly, through nothing more than creatively

10

11  [72]  The essence of the defendants' objection is that Mattel's revised interrogatories are
   compound interrogatories because they improperly require them to respond to individual

12  interrogatories with "different and distinct facts." See Bryant's Objections to Revised
   Third Set, at 18; Bryant's Objections to Amended Fourth Set, at 4. For example,

13  defendants frivolously object to having to identify both the name of a product and its
   corresponding product number. But Judge Infante ruled on this matter, explaining that

14  interrogatories "'containing subparts directed at eliciting details concerning [a] common

15  theme should be considered a single question,'" while interrogatories on "discrete issues"
   should be treated as multiple interrogatories. Order re Mattel's Interrogs., at 5 (quoting 8A

16  Wright & Miller, Federal Practice & Procedure § 2168.1 (2d ed. 1994)); see also id. at 7.
   The scope of Mattel's revised interrogatories is no different than those which Judge Infante

17  ruled were permissible, as in both instances the "subparts are related and directed to the

18  underlying details of a specifically identified" subject. See id. Judge Infante specifically
   observed that under the Advisory Committee notes, interrogatories which required distinct

19  factual answers relating to the same subject—e.g., the time, place, persons present, and

20  contents of a particular communication—should be treated as a single interrogatory. See
   id. Mattel's revised interrogatories are not compound, and defendants' arguments to the

21  contrary are groundless: the fact that an interrogatory answer requires *different facts* does

22  not convert it into a compound interrogatory on *different issues*.
   [73]  Bryant's Objections to Revised Third Set, at 7. Bryant then makes the same

23  objection to the remaining 23 interrogatories.
   [74]  See MGA's Objections to Revised Third Set, at 8, Proctor Dec., Ex. 76; MGA (HK)

24  Ltd.'s Objections to Revised Third Set, at 17, Proctor Dec., Ex. 77; MGAE de Mexico's

25  Objections to Revised Third Set, at 8, Proctor Dec., Ex. 78; Larian's Objections to Revised
   Third, at 8, Proctor Dec., Ex. 79; MGA's Objections Amended Fourth Set, at 7, Proctor

26  Dec., at 80; MGA (HK) Ltd.'S Objections to Amended Fourth Set, at 7-8, Proctor Dec.,

27  Ex. 81; MGAE de Mexico's Objections to Amended Fourth Set, at 8, Proctor Dec., Ex. 82;
   Larian's Objections to Amended Fourth Set, at 7, Proctor Dec., Ex. 83.

28

-19-

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

EXHIBIT ____ N

PAGE ____ 212

1 counting a few interrogatories as a multitude, defendants manufacture grounds to delay
2 yet more and refuse obviously appropriate discovery.  To the extent that defendants
3 have substantive objections to specific interrogatories, these issues may be properly
4 heard before the Discovery Master.  But defendants should not be permitted to serially
5 raise the same objection to a few specific interrogatories in order to delay for yet more
6 months in responding to the bulk of Mattel's interrogatories.  Mattel requests that this
7 Court cut through this issue by granting Mattel leave, to the extent needed, to serve
8 each of the interrogatories that have been served to date regardless of how they are
9 counted.

10 **IV.**    **THE COURT SHOULD ALLOW ADDITIONAL TIME FOR THE**
11        **BRYANT DEPOSITION**

12        On September 28, 2007, the Discovery Master issued an Order Granting in Part
13 Mattel's Motion for Additional Time to Depose Carter Bryant for All Purposes,
14 granting Mattel seven additional hours to depose Bryant (in addition to 2 hours
15 previously granted based on counsel's dozens of improper instructions not to answer at
16 the Bryant deposition), but denying Mattel the 21 hours that it sought.[75]  Mattel
17 respectfully submits that the facts, as determined by the Discovery Master, justify far
18 more than seven additional hours, and the Court should grant additional time.

19        Mattel does not contest the Discovery Master's factual findings in any way.  To
20 the contrary, the underlying factual findings were plainly correct.  As Judge Infante
21 noted, Mattel's deposition of Bryant in 2004 took place before MGA even brought its
22 unfair competition claims and before Mattel filed its counterclaims, and Mattel had no
23 opportunity to depose Bryant on either.[76]  Thus, as Judge Infante justifiably found:

24        •    The new claims and defenses that were added to the case after Bryant's
           deposition justify additional deposition time. . . . Without question,
25

---

[75]   Order Granting in Part Mattel's Motion for Additional Time to Depose Carter
26 Bryant for All Purposes (Sept. 28, 2007) ("Order re Additional Time"), at 8:7-13, Proctor
Dec., Ex. 43.
27 [76]   Id. at 5:2-10.
28

EXHIBIT _____

PAGE _____ 213

Bryant is a critical witness regarding MGA's unfair competition claims and Mattel has not had an opportunity to depose him on such claims.[77]

- In addition, Mattel filed a counterclaim against Bryant, MGA, and other defendants in 2007, asserting thirteen different claims . . . . Bryant filed an answer asserting over twenty affirmative defenses. Mattel has not had an opportunity to depose Bryant on any of these claims or defenses.[78]

- Bryant is the central figure in this litigation and arguably the most important witness *for virtually every claim in the case.* No other witness in the case has his depth and breadth of relevant information.[79]

Bryant and MGA cannot dispute any of this. In interrogatory responses, MGA lists Bryant as a person directly involved with and knowledgeable about the allegedly infringed MGA products that MGA has put at issue.[80] MGA's responses to Mattel's interrogatories also state that the *entire* Bratz line is the subject of MGA's claims, and an MGA witness has declared that there are more than 200 Bratz products.[81] Moreover, Paula Garcia, MGA's Vice President of Product Design and Development, has declared that she and Bryant are "the *only* people who know what the concept is and who see the early product drawings" with respect to many Bratz products.[82] That is particularly important because many of both Mattel's *and* MGA's claims will turn on the source and timing of these products at issue. As the Court knows, Mattel's defenses to MGA's infringement claims rest, in part, on the fact that it was MGA which stole and copied Mattel products through its trade secret thefts. Testimony on the origins of those MGA products and when they were created is indispensable.

---

[77] Id. at 5:4-5.
[78] Id. at 5:6-10.
[79] Id. at 5:15-17 (emphasis added).
[80] MGA's Responses to Mattel's First Set of Interrogatories Re Claims of Unfair Competition, dated January 19, 2007, Response No. 1, at 6:9, Proctor Dec., Ex. 57.
[81] See Declaration of Patricia Perrier in Support of MGA's Opposition to Mattel's Motion to Try All Claims Related to Bratz Ownership in Phase One, dated May 25, 2007, at ¶ 2, Proctor Dec., Ex. 58; MGA Sup. Resp. Unfair Comp. No. 2, Proctor Dec., Ex. 26.
[82] Declaration of Paula Garcia in Support of MGA's Opposition to Mattel's Motion to Compel, dated February 9, 2007, ¶ 6 (emphasis in original), Proctor Dec., Ex. 59.

07209/2299353.1

-21-

EXHIBIT D

PAGE 214

1   Bryant is also obviously a crucial witness on Mattel's copyright infringement,

2   RICO and other counterclaims, which raise a host of new issues Bryant has not been

3   deposed on. According to MGA, Mattel's copyright infringement claim against Bryant

4   alone relates to "*hundreds* of products."[83]   Bryant was also personally involved, either

5   as sender or recipient, in approximately 100 of the predicate acts of mail and wire fraud

6   alleged by Mattel. [84]   Mattel is entitled to question Bryant about these and all the other

7   issues presented for the first time by Mattel's counterclaims and Bryant's answer.

8   Moreover, as Judge Infante found, "new evidence justifies additional time to

9   depose Bryant."[85]   Judge Infante noted that Bryant's deposition took place before "98

10   percent of Bryant's and MGA's collective document production took place"[86] -- and that

11   did not even reflect the more than a million-and-a-half pages, that MGA has produced

12   in recent weeks.[87]   In truth, *99.9%* of defendants' production in this case has occurred

13   only after Bryant's 2004 deposition. Thus, Mattel has had no opportunity to examine

14   Bryant on the vast bulk of the evidence, whether relevant to new claims or the original

15   ones. This includes, for example:

16   •   Bryant's fee agreements with MGA, which reflect that MGA is paying
       Bryant's legal fees at its discretion, and which were withheld by Bryant
17     even in the face of prior court orders;

18   •   Bratz design drawings produced by Bryant for the first time this year,
       only after being ordered, which bear handwritten dates of September
19     19, 1999, at time when Bryant was employed by Mattel;

20   •   Bryant's desktop hard drive, which reveals his use of "Evidence
       Eliminator" software, which was not produced until compelled this
21     year.

---

22   [83]   See MGA's Opposition to Mattel's Motion to Try All Claims Related to Bratz
23   Ownership in Phase One at 3:12-19.
24   [84]   See Mattel's Second Amended Answer & Counterclaims, Exhibit C.
     [85]   Order re Additional Time at 5:20 (font altered), Proctor Dec., Ex. 43.
25   [86]   Id. at 5:24-27, Proctor Dec., Ex. 43. Notably, Judge Infante calculated the 98
     percent number based on MGA's production of 157,000 pages of documents as of the close
26   of briefing in late August. Since that time MGA has produced over a million-and-a-half
     pages of documents. See Proctor Dec. ¶ 45.
27   [87]   See Proctor Dec. ¶ 45.

28

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

EXHIBIT _____
PAGE _____ 215

- • Original Bratz drawings, which Bryant did not make available for inspection until this summer, after being ordered to do so, notwithstanding his promise that he would produce such documents at the 2004 deposition.

- • A fax from Bryant to David Rosenbaum, outside counsel for MGA, dated September 14, 2000, wherein Bryant stated that he could not ask Mattel's Human Resources any more questions about his contract with Mattel "without risking suspicion."

- • October 10, 2000 e-mails between Isaac Larian, Victoria O'Connor and Paula Garcia (formerly Treantafelles), reflecting that Bryant worked on Bratz with MGA "on average about 4 hours a day," starting at least six weeks before he left Mattel.

- • Invoices showing that Veronica Marlow, a key third party, billed MGA for 169 hours of development services on Bratz that were performed before Bryant left Mattel.

The list of new evidence that was requested by Mattel before Bryant's deposition but first produced by defendants only later literally goes on and on. As Judge Infante ruled, "a witness may be re-deposed with respect to . . . new developments" in a case, including new documents such as these, as well as new claims.[88]

Despite his factual findings, Judge Infante ruled that Mattel is only entitled to an additional seven hours of deposition. Previously Judge Infante had gave Mattel two additional hours as a result of the improper instructions and objections by counsel at Bryant's deposition.[89] So, under Judge Infante's ruling, Mattel has been limited to only seven hours to depose Bryant – the "most important witness for virtually every claim in the case"[90] – on MGA's claims, Mattel's counterclaims, the hundreds of MGA and Mattel products now at issue about which Bryant has unique knowledge, and the vast amounts of recently produced new evidence. This is unfair. The ruling that Mattel be

---

[88]    Order re Additional Time at 4:20-24 (quoting Fresenius Med. Care Hldgs., Inc. v. Roxane Labs., Inc., 2007 WL 764302 (S.D. Ohio 2007)), Proctor Dec., Ex. 43.
[89]    Order re Additional Time at 7:24-25, Proctor Dec., Ex. 43; see Order Granting In Part And Denying In Part Mattel's Motion To Overrule Instructions Not To Answer During The Deposition Of Carter Bryant (March 7, 2007), Proctor Dec., Ex. 44.
[90]    Id. at 5:15-17.

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

EXHIBIT _____ ハ

PAGE _____ 216

1  granted only seven additional hours is clearly erroneous given Bryant's singular

2  importance, the magnitude of this case and the tectonic shift of claims.

3      Also, based on Rule 30's "presumptive one day, seven-hour limitation on

4  depositions," Judge Infante awarded Mattel a total of 7 hours to depose Bryant on all of

5  MGA's claims and all of Mattel's counterclaims.[91]  It is simply impossible to conduct a

6  deposition on those claims – which had not even been filed when Bryant was first

7  deposed – in that amount of time.  Judge Infante apparently awarded Mattel no

8  additional time based on new evidence, even though 99.9% of defendants' production

9  has taken place since the 2004 deposition.  That effectively punishes Mattel for

10  defendants' discovery misconduct. Mattel requested defendants' documents before the

11  deposition took place; defendants withheld them at their own peril, not at Mattel's.[92]

12  Mattel is entitled to a fair amount of time to depose the key witness in the case on the

13  new claims and evidence he has not been deposed on.  The Court should afford that,

14  and grant Mattel a total of 21 hours for the deposition.[93]

15

16

17  [91]  Id. at 8:10-13.

    [92]  See, e.g., Fresenius Medical Care Holdings, Inc. v. Roxane Laboratories, Inc., 2007
18  WL 764302, at *2 (S.D. Ohio 2007) (originally cited by Bryant to Judge Infante) (allowing
19  second deposition because defendant failed to produce requested documents prior to first
    deposition); Robins v. Scholastic Book Fairs, 928 F. Supp. 1027, 1036 (D. Or. 1996) ("the
20  second set of depositions of these individuals was necessary because they had to be
    questioned about additional documents that Defendant produced after the first set of
21  depositions"); Ritchie v. U.S., 2004 WL 1161171, at *3 (N.D. Cal. 2004) ("when further
22  evidence linking [witness to the project in dispute] subsequently came to light this court
    permitted plaintiff to depose [the witness] a second time").
23  [93]  In the alternative, the Court should excercise its discretion to enlarge Mattel's time
24  to depose Bryant.  The Court previously extended MGA's deadlines to produce documents
    that it was compelled to produce even though Judge Infante had specifically *rejected*
25  MGA's request for additional time to comply and despite MGA's failure to show there was
    any error in that ruling. Here, there can be no dispute that the Court has the right to ensure
26  that the parties receive fair discovery, proportionate to the magnitude and complexity of
27  the case, and that trial in this matter is conducted without undue surprises which will cause
    prejudice and waste the time of the Court and the jury.
28

EXHIBIT _____

PAGE _____



1

## Conclusion

2       For the foregoing reasons, Mattel respectfully requests that the Court grant

3   Mattel's motion for leave.

4   DATED:  November 19, 2007    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

5

6       By Jon Corey /s/

7           Jon Corey
        Attorneys for Mattel, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-25-
MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

EXHIBIT _____ D

PAGE _____ 218

**EXHIBIT O**

Case 2:04-cv-09049-SGL-RNB    Document 1504    Filed 01/07/2008    Page 1 of 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date: January 7, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
=============================================================================
=
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                              Theresa Lanza
       Courtroom Deputy Clerk                       Court Reporter

ATTORNEYS PRESENT FOR CARTER           ATTORNEYS PRESENT FOR MATTEL:
BRYANT:  Christa Martine Anderson      John B. Quinn and Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:               ATTORNEY PRESENT FOR CARLOS
Thomas J. Nolan                          GUSTAVO MACHADO GOMEZ:
Carl A. Roth                             Mark E. Overland
Anna Park
                                         ATTORNEY PRESENT FOR NON-PARTY
ATTORNEY PRESENT FOR NON-                STERN & GOLDBERG: Kien C. Tiet
PARTIES ANA ELISE CLOONAN,
MARGARET HATCH-LEHY, AND                 ATTORNEY PRESENT FOR NON-PARTY
VERONICA MARLOW: Larry W.                KAYE SCHOLER, LLP: Bryant S. Delgadillo
McFarland

PROCEEDINGS:    ORDER GRANTING IN PART AND DENYING IN PART
                MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL
                DISCOVERY (DOCKET #1134)

                ORDER GRANTING MOTION TO ENFORCE THE COURT'S
                ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR
                SANCTIONS  (DOCKET #1143)

MINUTES FORM 90                                 Initials of Deputy Clerk: jh
CIVIL -- GEN                  1                 Time: 1/30

EXHIBIT ____ 0 ____

PAGE ____ 219 ____

### ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

### ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

These matters were heard on January 7, 2008. The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible. As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

### MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)

This motion is **GRANTED IN PART**. Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2). See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories). Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or the expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

MINUTES FORM 90
CIVIL -- GEN

2

EXHIBIT __O__

PAGE __220__

discovery caused by numerous discovery disputes and a Court-imposed stay requested by MGA upon substitution of counsel. Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO claims (set forth in the moving papers at 13). Mattel may serve the notices of deposition and propound the interrogatories attached to the moving papers as Exs. A - C. Additionally, the parties must answer Mattel's previously propounded interrogatories to which the sole objection raised was that those interrogatories exceeded the allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes. Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 of the trial are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that seeks additional time in which to depose Carter Bryant. The Court cannot say that the Discovery Master's order allowing an additional nine hours to depose Carter Bryant is contrary to law based on the Discovery Master's unchallenged factual findings.

## MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**. The Court's order clearly applied to "all parties." No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead on conclusory language. Machado must file an affidavit that complies with the

EXHIBIT _____ O _____

PAGE _____ 221 _____

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

## MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED.** The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard prior to the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

## DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

MINUTES FORM 90
CIVIL -- GEN

4

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT ____ 0

PAGE ____ 222

forth in their moving papers. The testimony of all Rule 30(b)(6) witnesses "count" as only one deposition for purposes of determining the total number of depositions conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that they serve subpoenas on all these deponents other than the current officers of Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl). To the extent that Mattel has made prior written agreements to produce deponents who are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008. However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

Initials of Deputy Clerk: jh
Time: 1/30

MINUTES FORM 90
CIVIL -- GEN

5

EXHIBIT ___ O ___

PAGE ___ 223 ___

# EXHIBIT P



EXHIBIT _____ P

PAGE _____ 224

# EXHIBIT Q

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443 3000
6  Facsimile:  (213) 443 3100

7  Attorneys for Mattel, Inc.

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

12                                       Consolidated with
              Plaintiff,                 Case No. CV 04-09059
13                                       Case No. CV 05-02727
         vs.
14                                       **NOTICE OF MOTION AND
    MATTEL, INC., a Delaware             MOTION FOR ISSUANCE OF
15  corporation,,                        LETTERS OF REQUEST**

16            Defendant.                 [Declaration of Jon D. Corey;
                                         Declaration of Michael L. Fazio; Notice
17                                       of Lodging of Foreign Authorities;
    AND CONSOLIDATED ACTIONS             Application to File Under Seal; and
18                                       [Proposed] Order Filed Concurrently]

19                                       Hearing Date:    March 3, 2008
                                         Time:            10:00 a.m.
20                                       Courtroom:       1

21                                       **Phase 1**
                                         Discovery Cut-off:   January 28, 2008
22                                       Pre-trial Conference: May 5, 2008
                                         Trial Date          May 27, 2008
23

24

25

26                                           EXHIBIT _____ Q

27

28                                           PAGE _____ 225

07209/2312418.2                              1-28

                              MOTION FOR ISSUANCE OF LETTER OF REQUEST

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

PRELIMINARY STATEMENT .......................................................................... 1

STATEMENT OF FACTS ................................................................................. 2

ARGUMENT.................................................................................................... 4

I.    THE DISTRICT COURT HAS AUTHORITY TO ISSUE THE LETTER OF REQUEST................................................................................. 4

II.   MATTEL'S REQUEST FOR INFORMATION IS CONSISTENT WITH CANADIAN LAW ................................................................................. 8

    A.    The Topics Of Testimony And Categories Of Documents Sought From Ms. Brisbois and MGA Canada Are Both Relevant And Necessary To Mattel's Prosecution Of Its Counterclaims At Trial ........ 9

    B.    Mattel's Has Unsuccessfully Attempted To Obtain The Verbal And Documentary Evidence It Needs To Prosecute Its Counterclaims ...................................................................................... 11

    C.    The District Court's Order Granting Mattel's Letter Of Request Is Not Contrary To Canadian Public Policy Or Sovereignty ................... 12

    D.    The Documents Sought Are Specified With Reasonable Particularity And No Undue Burden Will Result From Either Ms. Brisbois' Deposition, MGA's Canada's Person Most Knowledgeable Deposition Or Their Production Of Documents......... 13

CONCLUSION.................................................................................................. 15

EXHIBIT ___0___

PAGE ___226___

MOTION FOR ISSUANCE OF LETTER OF REQUEST

07209/2312418.2

1

## TABLE OF AUTHORITIES

2
                                                                                                    **Page**

3

### Cases

4

Advance/Newhouse Partnership and Bright House Networks, LLC v.
Brighthoulse, Inc.,
     [2005] 38 C.P.R. (4th) 559 ............................................................. 14

Campbell Estate, B.C.J. No. 2304 ........................................................... 12

Friction Division Products Inc. v. E.I. Du Pont de Nemours & Co. (No. 2),
     [1986] 56 O.R. 722 (H.C.J.) ........................................................... 9

Ontario Public Service Employees Union Pension Trust Fund v. Clark,
     2005 CanLII 51027 (on S.C.) ..................................................... 12, 14

Presbyterian Church of Sudan v. Rybiak,
     [2005] 256 D.L.R. (4th) 750 ........................................................... 14

Zingre v. The Queen et al.,
     1981 CanLII 32 at 401 (S.C.C.) ...................................................... 12

5

6

7

8

9

10

11

12

13

14

### Statutes

15

Federal Rule of Civil Procedure 28 ......................................................... 1

Federal Rule of Civil Procedure 28(b)(1) ................................................ 4

Federal Rule of Civil Procedure 28(b)(2) ............................................... 4

Local Rule 7-3 ....................................................................................... 2

16

17

18

19

### Other Authorities

20

Canada Evidence Act, R.S.C., ch. C-5, § 46 (1999) (Can.) ........................ 8

Ontario Evidence Act, Section 60(1) ..................................................... 8

R.S.O. 1990, c. E.23, s. 60 (1); 2000, c. 26, Sched. A, s. 7 (2). ................ 9

21

22

23

24

25

26

27     EXHIBIT _____Q_____

28     PAGE _____227_____

MOTION FOR ISSUANCE OF LETTER OF REQUEST

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that on March 3, 2008, at 10:00 a.m., or as soon

3  thereafter as the matter may be heard, in the courtroom of Honorable Stephen G.

4  Larson, located at 3470 Twelfth Street, Riverside, California, 92501, Mattel, Inc.

5  will, and hereby does, move the Court, pursuant to <u>Federal Rule of Civil Procedure</u>

6  28, for the issuance of a Letter of Request for International Judicial Assistance:

7  (1) to compel the oral deposition and production of documents by Janine Brisbois in

8  her personal capacity in Ontario, Canada; and (2) to compel the oral deposition of

9  MGA Entertainment Canada Company's ("MGA Canada") person most

10  knowledgeable and the production of documents by MGA Canada in Ontario,

11  Canada. A form of the Letter of Request for International Judicial Assistance for

12  Janine Brisbois and MGA Canada are attached hereto as Exhibit 1. The documents

13  requested by Mattel are set forth in Schedules B and D to the attached Letters of

14  Request. The topics of oral testimony sought from Janine Brisbois and MGA

15  Canada's designee or designees are set forth in Schedules C and E, respectively.

16        Mattel makes this motion pursuant to <u>Federal Rule of Civil Procedure</u> 28 on

17  the grounds that Ms. Brisbois and MGA Canada have evidence in the form of

18  relevant testimony and documents critical to the subject matter of these consolidated

19  cases and specifically to Mattel's Counterclaims. MGA Canada and Ms. Brisbois,

20  through counsel for MGA Entertainment, Inc., the parent of MGA Canada, have

21  refused to provide to Mattel the requested evidence. Accordingly, it is necessary

22  that this Court issue the accompanying Letter of Request for International Judicial

23  Assistance to obtain the requested evidence.

24        This Motion is based on this Notice of Motion, the accompanying

25  Memorandum of Points and Authorities, the accompanying Declaration of Jon D.

26  Corey, the Notice of Lodging, all other pleadings and papers on file in this action,

27  any matters of which this Court may take judicial notice, and such further evidence

28  and argument as may be presented at or before the hearing on this matter.

07209/2312418.2

EXHIBIT    Q

228

1

MOTION FOR ISSUANCE OF LETTER OF REQUEST

1       The parties met and conferred on the matters in this Motion on September 18

2   and 21, 2007 pursuant to <u>Local Rule</u> 7-3 and thereafter.

3

4   DATED:  January 28, 2008      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

5

6                                By _____

7                                   Jon D. Corey
                                    Attorneys for Mattel, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                               EXHIBIT ___9___

28                               PAGE ___229___

07209/2312418.2

2

MOTION FOR ISSUANCE OF LETTER OF REQUEST

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel, Inc. ("Mattel") requests that this Court issue the accompanying Letters of Request for International Judicial Assistance for the purpose of taking the deposition under oath of Janine Brisbois and MGA Canada in Ontario, Canada. Mattel further requests the Letter of Request provide for the production of documents by Ms. Brisbois and MGA Canada.

There is more than adequate justification for the Court to issue the Letter of Request. Janine Brisbois, Mattel's former Director of Sales for the Girls Division in Canada, is featured in Mattel's counterclaims. Mattel alleges that Ms. Brisbois, while employed by Mattel, was responsible for Mattel's accounts at Toys 'R Us and Wal-Mart. Ms. Brisbois had access to and subsequently stole Mattel's trade secrets, or otherwise confidential and propriety information, and furnished this information to MGA. Ms. Brisbois also stole and provided to MGA approximately 45 Mattel documents ranging from Mattel's Barbie television advertising strategy to product launch dates for new Mattel products. Ms. Brisbois and MGA subsequently used this information to MGA's benefit, including MGA's management of its Toys 'R Us and Wal-Mart accounts. Given Ms. Brisbois' misconduct, the requested discovery is both highly relevant and essential to Mattel's counterclaims.

Further, as to MGA Canada, Mattel seeks discovery in the form of deposition testimony and documents regarding how MGA Canada used Mattel's trade secrets, confidential and proprietary information to the benefit of MGA Entertainment in the United States. This discoverable information requires that Mattel understand the manner in which MGA Canada accesses, stores, reproduces, disseminates, and/or reviews the documents and information stolen by Ms. Brisbois from Mattel. Accordingly, Mattel seeks documents regarding MGA Canada's use of Mattel's proprietary and confidential information and the deposition of MGA Canada on these topics.

EXHIBIT ____ Q

PAGE ____ 230

07209/2312418.2

1

MOTION FOR ISSUANCE OF LETTER OF REQUEST

1    The requested discovery is narrowly tailored.  Mattel seeks to depose

2  Ms. Brisbois on only six topics and Mattel has requested only 10 categories of

3  documents be produced by her.  Similarly, Mattel seeks to depose MGA Canada's

4  person most knowledgeable on only two topics and Mattel has requested only 10

5  categories of documents be produced.  Though this discovery, which is otherwise

6  unavailable to Mattel, will not impose an undue burden upon Ms. Brisbois or MGA

7  Canada, it is essential for Mattel to prosecute its counterclaims against MGA.  The

8  requested discovery is not contrary to Canadian public policy and it will not infringe

9  upon Canadian sovereignty.  For these reasons, and for the reasons set forth below,

10 the Court should issue the proposed Letter of Request for Foreign Judicial

11 Assistance.

12                          **Statement of Facts**

13    Absent the issuance of the Letter of Request, Mattel will be unable to obtain

14 the relevant and necessary evidence in the possession of MGA Canada and

15 Ms. Brisbois.  Mattel has previously attempted to depose Ms. Brisbois.  Mattel

16 noticed Ms. Brisbois'. deposition on two occasions—once for November 8, 2007 and

17 again for November 14, 2007.[1]  Mattel also informally requested that MGA

18 voluntarily produce Ms. Brisbois for deposition.[2]  MGA refused, asserting that

19 Ms. Brisbois works for a non-party in Canada and, therefore, Mattel improperly

20 noticed her deposition.[3]  MGA Canada is a direct, fully-owned subsidiary of

21 defendant MGA Entertainment, Inc.[4]

22

23 [1]  See Notice of Deposition of Janine Brisbois dated September 14, 2007;
Corrected Notice of Deposition of Janine Brisbois dated September 14, 2007
24 (attached to the Declaration of Jon D. Corey dated January 28, 2008 ("Corey Dec.")
as Exhibits A and B, respectively).
25 [2]  See Letter from Jon Corey to MGA's counsel dated September 14, 2007
26 (attached to the Corey Dec. as Exhibit C);
[3]  See Letter from Scott E. Gizer to the Honorable Edward Infante dated
27 September 16, 2007 (attached to the Corey Dec. as Exhibit D); see also MGA
28 (footnote continued)

EXHIBIT ___Q___

PAGE ___23⎞___  2

07209/2312418.2

MOTION FOR ISSUANCE OF LETTER OF REQUEST

1    Similarly, Mattel has attempted to obtain documents from both Ms. Brisbois

2  and MGA Canada regarding Ms. Brisbois' involvement in the allegations underlying

3  Mattel's counterclaims and MGA Canada's access to and use of Mattel's trade

4  secrets, confidential and proprietary information.[5]  MGA, however, has made clear

5  that it will not produce documents that are within the possession, custody or control

6  of its foreign subsidiary.[6]

7    On January 7, 2008, the Court granted leave for Mattel to take the deposition

8  of Ms. Brisbois.[7]  On January 22, 2008, and pursuant to the Court's Order, Mattel

9

10

11

12

13  Entertainment, Inc's Objection to Mattel Inc.'s Submission Regarding Deposition
Scheduling dated September 16, 2007 at 9 (attached to the Corey Dec. as Exhibit E).

14   [4]  See Exhibit 515 to the July 19, 2007 deposition transcript of Lisa Tonnu

15  (attached as Exhibit A to the Declaration of Michael L. Fazio dated January 28,
2008); 7/19/2007 Tonnu Tr. at 47:14 to 48:11(attached to the Corey Dec. as Exhibit

16  H); *see also* letter from Jon Corey to Amman Khan dated September 25, 2007 ("You

17  also stated that Jeanine Brisbois does not work for MGA, but an MGA
subsidiary. . . . ") (attached to the Corey Dec. as Exhibit I).

18   [5]  See generally Mattel, Inc.'s First Set of Requests for Documents and Things

19  dated December 18, 2006 (attached to the Corey Dec. as Exhibit F); letter from Jon
Corey to Amman Khan dated September 25, 2007 at 3 (attached to the Corey Dec.

20  as Exhibit I); letter from Jon Corey to Amman Khan dated October 2, 2007 at 1

21  (attached to the Corey Dec. as Exhibit J).

22   [6]  See MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s First Set of
Requests for Production of Documents and Tangible Things dated April 13, 2005 at

23  3 ("MGA objects to each request to the extent it seeks information relating to
activities in a foreign country.  In each instance in which MGA has agreed to

24  produce documents, *such production is hereby expressly limited to documents*

25  *relating to domestic activities or conduct only.*") (emphasis added) (attached to the
Corey Dec. as Exhibit G).

26   [7]  See Mattel's Motion for Leave to Take Additional Discovery dated

27  November 17, 2007 at 13 (attached to the Corey Dec. as Exhibit N); Order dated
January 7, 2008 at 3 (attached to the Corey Dec. as Exhibit O).

28

1  inquired as to whether MGA would produce Ms. Brisbois for deposition.[8]  MGA has

2  not responded to Mattel's inquiry.

3  **Argument**

4  **I.     THE DISTRICT COURT HAS AUTHORITY TO ISSUE THE LETTER**

5  **OF REQUEST**

6          Because information and witnesses are located in Canada that are necessary to

7  Mattel's prosecution of its counterclaims against MGA, the Court should issue the

8  Proposed Letter of Request for International Judicial Assistance to the Ontario

9  Superior Court of Justice.  The Proposed Letter of Request, filed concurrently

10  herewith, would ask the Ontario Superior Court of Justice to compel: (1) Janine

11  Brisbois to produce the documents set forth in Schedule B; (2) Janine Brisbois to be

12  examined under oath on the topics set forth in Schedule C; (3) MGA Entertainment

13  Canada to produce the documents set forth in Schedule D; and (4) MGA

14  Entertainment Canada to produce a knowledgeable designee to testify on the topics

15  set forth in Schedule E who will be examined under oath.

16          Under Federal Rule of Civil Procedure 28(b)(1), "[a] deposition may be taken

17  in a foreign country . . . under a letter of request, whether or not captioned a 'letter

18  rogatory.'"  Further, Rule 28(b)(2) provides for the issuance of a Letter of Request

19  "on appropriate terms after an application and notice of it. . . . "  Here, the Letter of

20  Request to the Ontario Superior Court of Justice is necessary to allow Mattel to

21  collect evidence necessary to prosecute its counterclaims against MGA.

22          Janine Brisbois is featured prominently throughout Mattel's Counterclaims as

23  one of the former Mattel employees who misappropriated Mattel's trade secrets and

24

25  [8]   See letter from Jon Corey to Paul Eckles dated January 22, 2008 (attached to

26  the Corey Dec. as Exhibit K); see also emails from Jon Corey to Paul Eckles dated

27  January 22, 2008 and January 23, 2008 (attached to the Corey Dec. as Exhibits L and M, respectively).

28      EXHIBIT

      ʺᴏᴇ        233                                              4

1   other Mattel confidential and proprietary information.  <u>See</u> Mattel Counterclaims,

2   ¶¶ 4, 71-76, 89-90, 97, 99, 107, 123.  Mattel alleges:

3               In 2005, MGA needed help in Canada.  So MGA, again

4               operating from its Southern California headquarters,

5               hired Janine Brisbois from Mattel.  At that time,

6               Ms. Brisbois was responsible for Mattel's account with

7               Toys 'R Us ("TRU") and Wal-Mart.  MGA gave her

8               responsibility for those same accounts, and she took from

9               Mattel documents containing proprietary advertising,

10              project, sales, customer and strategy information for not

11              only Canada, but for the United States.  Eliminating any

12              doubt that MGA then proceeded to use those stolen

13              materials, Brisbois subsequently accessed and modified

14              certain of those Mattel documents while employed by

15              MGA.[9]

16                              *       *       *

17              Mattel subsequently learned that on the same day that she

18              spoke with Mr. Larian and four days before she resigned,

19              Brisbois copied approximately 45 Mattel documents on

20              to a USB or "thumb" drive with the volume label

21              "BACKPACK."  On information and belief, Brisbois

22              removed the thumb drive from Mattel Canada's office by

23              concealing it in her backpack or gym bag the last time

24              that she left that office.  These documents contained

25

26   ─────────────────────────

27   [9]   The allegations set forth in this section are from Mattel's Second Amended
     Counterclaims dated July 12, 2007 ("Mattel's Counterclaims"), ¶ 4.

28

07209/2312418.2

EXHIBIT _____ Q _____

PAGE _____ 234 _____

EXHIBIT

5   PAGE _____

MOTION FOR ISSUANCE OF LETTER OF REQUEST

Mattel trade secret and proprietary information, and included:

•        a document containing the price, cost, sales plan and quantity of every Mattel product ordered by every Mattel customer in 2005 and 2006;

•        the BARBIE television advertising strategy and information concerning sales increases generated by television advertisements;

•        competitive analysis of Mattel vis-à-vis its competitors in Canada;

•        an analysis of Mattel's girls business sales beginning in 2003 and forecasts through 2006;

•        profit and loss reviews for Mattel's products being sold in Wal-Mart, including margins and profit in not only Canada, but in the United States and Mexico; and a document containing the product launch dates and related advertising for all Mattel new products between Fall 2005 and Spring 2006.[10]

                    *        *        *

After Mattel discovered that Brisbois had copied these sensitive documents to a thumb drive, Mattel notified Canadian law enforcement authorities.  Canadian law enforcement authorities recovered from Brisbois a thumb drive with the volume label "BACKPACK" containing the documents that Brisbois had copied from Mattel's computer system.  Mattel later learned that while she was

EXHIBIT _____Q_____

PAGE _____235_____

MOTION FOR ISSUANCE OF LETTER OF REQUEST

1    working as a Vice President of Sales at MGA, Brisbois

2    accessed and modified documents on that thumb drive.[11]

3  Ms. Brisbois has unique and personal knowledge of the claims and defenses in these

4  consolidated actions.  It will further the interests of justice if she is deposed, under

5  oath, as to her knowledge of the facts which are relevant to the issues of these cases.

6    Mattel also seeks discovery in the form of deposition testimony and

7  documents regarding how MGA Canada used Mattel's trade secrets, confidential and

8  proprietary information to the benefit of MGA Entertainment in the United States.

9  This discoverable information requires that Mattel understand the manner in which

10  MGA Entertainment Canada accesses, stores, reproduces, disseminates, and/or

11  reviews the documents and information stolen by Ms. Brisbois from Mattel.

12    Ms. Brisbois, MGA Canada's person most knowledgeable and the documents

13  requested by Mattel in its accompanying Letter of Request are located in Ontario,

14  Canada.  Mattel requested by both deposition notice and letter addressed to MGA's

15  counsel that they produce Ms. Brisbois voluntarily for deposition.[12]  Mattel's request

16  was rejected by MGA's counsel.[13]  On January 7, 2008, the Discovery Master

17  granted leave for Mattel to take the deposition of Ms. Brisbois.[14]  On January 22,

18  2008, and in accordance with the Court's Order, Mattel inquired as to whether MGA

19

20    [10]   Mattel's Counterclaims, ¶ 74.
21    [11]   Mattel's Counterclaims, ¶ 75.
22    [12]   See Notice of Deposition of Janine Brisbois dated September 14, 2007;
     Corrected Notice of Deposition of Janine Brisbois dated September 14, 2007; Letter
23   from Jon Corey to MGA's counsel dated September 14, 2007 (attached to the Corey
     Dec. as Exhibits A, B and C, respectively).
24    [13]   See fn.3, supra; see also letter from Jon Corey to Amman Khan dated
25   September 25, 2007 (attached to the Corey Dec. as Exhibit I); letter from Jon Corey
     to Amman Khan dated October 2, 2007 (attached to the Corey Dec. as Exhibit J).
26    [14]   See Mattel's Motion for Leave to Take Additional Discovery dated
27   November 17, 2007 (attached to the Corey Dec. as Exhibit N); Order dated
     January 7, 2008 (attached to the Corey Dec. as Exhibit O).
28
     EXHIBIT _____ Q
07209/2312418.2
                    236
                                        7
     PAGE _____          MOTION FOR ISSUANCE OF LETTER OF REQUEST

1    would produce Ms. Brisbois for deposition.  MGA has not responded to Mattel's

2    inquiry.  Accordingly, Mattel must rely on this Court's authority to request judicial

3    assistance from the Ontario Superior Court of Justice to permit Mattel to obtain the

4    necessary evidence.

5    **II.     MATTEL'S REQUEST FOR INFORMATION IS CONSISTENT WITH**

6    **CANADIAN LAW**

7            Both Canadian federal law and Ontario provincial law provide for the

8    examination of parties or witnesses with information relevant to foreign lawsuits, as

9    well as the production of documents relevant to such lawsuits.[15]  The Ontario

---

[15]    Section 46 of the Canada Evidence Act provides:

> If, on an application for that purpose, it is made to appear to any court or judge that any court or tribunal outside Canada, before which any civil, commercial or criminal matter is pending, is desirous of obtaining the testimony in relation to that matter of a party or witness within the jurisdiction of the first mentioned court, of the court to which the judge belongs or of the judge, the court or judge may, in its or their discretion, order the examination on oath on interrogatories, or otherwise, before any person or persons named in the order, of that party or witness accordingly, and by the same or any subsequent order may command the attendance of that party or witness for the purpose of being examined, and for the production of any writings or other documents mentioned in the order and of any other writings or documents relating to the matter in question that are in the possession or power of that party or witness.

Canada Evidence Act, R.S.C., ch. C-5, § 46 (1999) (Can.).

Similarly, Section 60(1) of the Ontario Evidence Act provides:

> Where it is made to appear to the Superior Court of Justice or a judge thereof, that a court or tribunal of competent jurisdiction in a foreign country has duly authorized, by commission, order or other process, for a purpose for which a letter of request could be issued under the rules of court, the obtaining of the testimony in or in relation to an action, suit or proceeding pending in or before such foreign court or tribunal, of a witness out of the jurisdiction thereof and within the jurisdiction of the court or judge so applied to, such court or judge may order the examination of such witness before the person appointed, and in the manner and form directed by the commission, order or other process, and may, by the same or by a subsequent order, command the attendance of a person named therein for the purpose of being examined, or the production of a writing or other document or thing mentioned in the order, and may give all such directions as to the time

(footnote continued)

1  Superior Court, in <u>Friction Division Products Inc. v. E.I. Du Pont de Nemours & Co.</u>
2  <u>(No. 2)</u>, [1986] 56 O.R. 722 (H.C.J.) at 732, set out the factors to be considered by
3  the Canadian court when exercising its discretion to grant the District Court's Letter
4  of Request. Those factors are:

5        (1)    The evidence is relevant;

6        (2)    The evidence sought is necessary for trial and will be adduced at trial,
7  if admissible;

8        (3)    The evidence is not otherwise obtainable;

9        (4)    The order sought is not contrary to public policy;

10       (5)    The documents sought are identified with reasonable specificity; and

11       (6)    The order sought is not unduly burdensome.

12 Here, Mattel has shouldered and met its burden with respect to each of these factors.

13 A.    **<u>The Topics Of Testimony And Categories Of Documents Sought</u>**
14        **<u>From Ms. Brisbois And MGA Canada Are Both Relevant And</u>**
15        **<u>Necessary To Mattel's Prosecution Of Its Counterclaims At Trial</u>**

16     As detailed in Section I, *supra*, Ms. Brisbois is an actor featured prominently
17 throughout Mattel's Second Amended Counterclaims. Mattel alleges that MGA and
18 other defendants have engaged in the systematic theft of Mattel's trade secrets, much
19 of which helped MGA unfairly compete against Mattel.[16] Specifically, in the past
20 few years, MGA has hired directly from Mattel at least 25 employees, ranging from
21 the Senior Vice-President level to lower level employees.[17] Many of these
22 employees were specifically targeted and recruited by MGA based on the Mattel

23 _____

24      and place of the examination, and all other matters connected therewith
     as seem proper, and the order may be enforced, and any disobedience
25      thereto punished, in like manner as in the case of an order made by the
     court or judge in an action pending in the court or before a judge of the
26      court.
     R.S.O. 1990, c. E.23, s. 60 (1); 2000, c. 26, Sched. A, s. 7 (2).
27 [16]  Mattel's Counterclaims, ¶ 37.
28 [17]  Mattel's Counterclaims, ¶ 77.

EXHIBIT _____

PAGE _____

9

MOTION FOR ISSUANCE OF LETTER OF REQUEST

07209/2312418.2

1  confidential and proprietary information the Mattel employees could access.[18]
2  Janine Brisbois was one of these employees.

3       MGA recruited ex-Mattel employee Janine Brisbois in 2005.  Mattel has
4  alleged that Ms. Brisbois, while employed by Mattel, was responsible for Mattel's
5  accounts at Toys 'R Us and Wal-Mart.[19]  Ms. Brisbois had access to and
6  subsequently stole Mattel's trade secrets, or otherwise confidential and propriety
7  information, and furnished this information to MGA.[20]  Ms. Brisbois also stole and
8  provided to MGA approximately 45 Mattel documents ranging from Mattel's Barbie
9  television advertising strategy to product launch dates for new Mattel products.[21]
10  Ms. Brisbois and MGA subsequently used this information to MGA's benefit,
11  including MGA's management of its Toys 'R Us and Wal-Mart accounts.[22]
12  Ms. Brisbois' testimony regarding her participation in this scheme with MGA and
13  anyone acting on MGA's behalf is, therefore, both relevant and necessary to Mattel's
14  prosecution of its Counterclaims for RICO, conspiracy to violate the RICO Act,
15  theft and misappropriation of trade secrets, and unfair competition, among others.
16  See Mattel's Counterclaims, ¶¶ 88-97; 98-105, 106-115, 163-170.

17       Further, MGA Canada's person most knowledgeable on the topics set forth in
18  Schedule E to the concurrently filed Letter of Request has unique and personal
19  knowledge regarding the manner in which MGA Canada accessed, used,
20  reproduced, disseminated and/or transferred Mattel's trade secrets, confidential and
21  proprietary information stolen by Ms. Brisbois.  Therefore, it will further the
22  interests of justice if MGA Canada's person most knowledgeable on these topics is
23
24

---

[18]  Id.
[19]  Mattel's Counterclaims, ¶ 72.
[20]  Mattel's Counterclaims, ¶¶ 72, 74.
[21]  Mattel's Counterclaims, ¶ 74.
[22]  Mattel's Counterclaims, ¶ 97.

EXHIBIT _____ Ⓘ

PAGE _____ 239

MOTION FOR ISSUANCE OF LETTER OF REQUEST

1  deposed, under oath, as to his or her knowledge of the facts which are relevant to the

2  issues of these cases.

3         Similarly, in its request for the production of documents, Mattel seeks highly

4  relevant information.  Mattel requests documents containing communications

5  between Ms. Brisbois and MGA prior to her resignation from Mattel.  Such

6  documents will prove that Ms. Brisbois, acting in concert with MGA, planned and

7  subsequently stole Mattel's trade secret or otherwise confidential and propriety

8  information, including information relating to Bratz dolls.  These documents will

9  prove Mattel's Counterclaims for RICO, conspiracy, and misappropriation of trade

10  secrets, among others.  <u>See</u> Mattel's Counterclaims, ¶¶ 88-97; 98-105, 106-115.

11  Similarly, documents regarding Mattel's propriety information received and utilized

12  by MGA or MGA Canada from Ms. Brisbois (either directly or indirectly) will

13  establish the same and such documents are necessary in order for Mattel to

14  adequately prosecute its Counterclaims.

15       **B.**     <u>**Mattel's Has Unsuccessfully Attempted To Obtain The Verbal And**</u>

16             <u>**Documentary Evidence It Needs To Prosecute Its Counterclaims**</u>

17         Mattel has previously sought to depose Ms. Brisbois.  Mattel noticed her

18  deposition and requested through MGA's counsel that she voluntarily appear for

19  deposition and produce the requested documents.[23]  MGA's counsel, on behalf of

20  Ms. Brisbois, refused.[24]  Where, as here, Mattel has requested that Ms. Brisbois

21  voluntarily appear for deposition, and she has refused to do so, and Mattel has no

22

_____

23  [23]  <u>See</u> Notice of Deposition of Janine Brisbois dated September 14, 2007;
    Corrected Notice of Deposition of Janine Brisbois dated September 14, 2007; Letter
24  from Jon Corey to MGA's counsel dated September 14, 2007 (attached to the Corey
    Dec. as Exhibits A, B and C, respectively).
25  [24]  <u>See</u> Letter from Scott E. Gizer to the Honorable Edward Infante dated
26  September 16, 2007; <u>see also</u> MGA Entertainment, Inc's Objection to Mattel Inc.'s
    Submission Regarding Deposition Scheduling dated September 16, 2007 at 9
27  (attached to the Corey Dec. as Exhibits D and E, respectively).

28

EXHIBIT _____

PAGE _____ 240

11

MOTION FOR ISSUANCE OF LETTER OF REQUEST

1 | other means of obtaining the requested discovery, then it is appropriate for this
2 | Court to make the requested order.  See Ontario Public Service Employees Union
3 | Pension Trust Fund v. Clark, 2005 CanLII 51027; see also Campbell Estate, B.C.J.
4 | No. 2304, at ¶ 15 ("Where, as here, the respondents initially declined co-operation
5 | and the foreign court, with that knowledge, requested co-operation by issuing the
6 | Letters Rogatory, this court may make the order sought.").

7 |     Furthermore, MGA has stated that its agreement to produce documents "is
8 | hereby expressly limited to documents relating to domestic activities or conduct
9 | only."[25]  Mattel is, therefore, similarly unable to obtain the requested documents
10 | from the defendant without the Court's issuance of the Letter of Request.

11 | **C.    The District Court's Order Granting Mattel's Letter Of Request Is**
12 | **Not Contrary To Canadian Public Policy Or Sovereignty**

13 |     One would be hard pressed to hypothesize any set of facts upon which
14 | Canadian public policy or sovereignty would be implicated by Ms. Brisbois'
15 | deposition, the deposition of MGA Canada's person most knowledgeable, or the
16 | requested production of documents.  The Supreme Court of Canada has recognized
17 | that international comity requires that Letters of Request issued by foreign courts be
18 | "given full force and effect unless it be contrary to public policy of the jurisdiction
19 | to which the request is directed . . . or otherwise prejudicial to the sovereignty of the
20 | citizens of the latter jurisdiction."  Zingre v. The Queen et al., 1981 CanLII 32 at
21 | 401 (S.C.C.).  The Canadian Supreme Court in Zingre also stated that "the court of
22 | one jurisdiction will give effect to the laws and judicial decisions of another
23 | jurisdiction, not as a matter of obligation, but out of mutual deference and respect."
24 | Id.

26 | [25]  See MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s First Set of
27 | Requests for Production of Documents and Tangible Things dated April 13, 2005 at
28 | 3 (attached to the Corey Dec. as Exhibit G).

EXHIBIT ___Q___
PAGE ___241___

07209/2312418.2

12

MOTION FOR ISSUANCE OF LETTER OF REQUEST

1    This policy objective of international comity and ensuring that Mattel may

2 properly prepare its case for trial overrides the non-existent public policy concerns

3 that may be asserted by MGA in this case.  There has been no intimation by MGA

4 that this Court's issuance of the Proposed Letter of Request, nor the Ontario

5 Superior Court of Justice's granting Mattel's Letter of Request, would infringe upon

6 Canadian sovereignty.  Similarly, there has been no indication that the requested

7 discovery would frustrate any Canadian public policy or that the Canadian

8 government would find the requested discovery objectionable.  This Court should

9 therefore find that the Letter of Request is not in any way contrary to public policy.

10    **D.    The Documents Sought Are Specified With Reasonable**

11    **Particularity And No Undue Burden Will Result From Either**

12    **Ms. Brisbois' Deposition, MGA's Canada's Person Most**

13    **Knowledgeable Deposition Or Their Production Of Documents**

14    In Mattel's proposed Letter of Request, Mattel requests the testimony of

15 Ms. Brisbois regarding the following highly material issues:

16    (A)    Knowledge of the theft of Mattel documents containing proprietary

17 advertising, project, sales, customer and strategy information by anyone, including

18 Ms. Brisbois (including the 45 documents taken by Ms. Brisbois from Mattel

19 Canada); and

20    (B)    Knowledge of Ms. Brisbois' communications with MGA, or anyone

21 acting on MGA's behalf, on or before September 27, 2005, including but not limited

22 to communications regarding Ms. Brisbois' resignation from Mattel, compensation,

23 money or anything of value paid by MGA to Ms. Brisbois.  Mattel also seeks to

24 depose MGA Canada on its methods and procedures regarding its access and use of

25 Mattel's trade secrets (or otherwise confidential and proprietary information).  Not

26 only are these topics precise and narrow with respect to the testimony that Mattel

27 seeks to elicit from Ms. Brisbois and MGA Canada, but the information regarding

28 these topics is appropriate given Mattel's allegations.

EXHIBIT _____

PAGE _____ 242

07209/2312418.2

13

MOTION FOR ISSUANCE OF LETTER OF REQUEST

1    In addition, as to Ms. Brisbois, Mattel requests the production of documents
2  regarding: (1) Ms. Brisbois' communications with MGA prior to her resignation
3  from Mattel; and (2) all documents received by MGA, whether directly or indirectly
4  from Ms. Brisbois, that relate to any Mattel product or plan. These limited
5  document requests are narrowly focused to obtain the evidence sought by Mattel
6  without imposing an undue burden upon Ms. Brisbois.

7    Mattel seeks similar documents from MGA Canada, limiting those requests
8  generally to (1) MGA Canada's efforts, and communications relating thereto, to
9  recruit Ms. Brisbois from Mattel; (2) documents received directly or indirectly from
10  Ms. Brisbois that contain Mattel trade secrets, proprietary or confidential
11  information; (3) MGA Canada's access and use of Mattel's trade secrets, proprietary
12  or confidential information; and (4) Ms. Brisbois responsibility for MGA Canada's
13  Toys 'R Us and Wal-Mart accounts.

14    Further, to the extent that any such burden exists, Mattel will pay the costs
15  associated with the requested document productions, Ms. Brisbois' deposition, and
16  the deposition of MGA Canada's person most knowledgeable. Similar requests have
17  been enforced by Canadian courts. See, e.g., Advance/Newhouse Partnership and
18  Bright House Networks, LLC v. Brighthoulse, Inc., [2005] 38 C.P.R. (4th) 559
19  (allowing depositions of third-party witness pursuant to letters rogatory issued by
20  district court); See Ontario Public Service Employees Union Pension Trust Fund v.
21  Clark, 2005 CanLII 51027 (on S.C.), (allowing deposition with production of
22  documents pursuant to district court's letters rogatory); Presbyterian Church of
23  Sudan v. Rybiak, [2005] 256 D.L.R. (4th) 750 (same). Given the precise nature of
24  Mattel's discovery requests and its commitment to pay the costs associated
25  therewith, MGA cannot be heard to complain of undue burden.

26
27    EXHIBIT ___Ø___
28
07209/2312418.2    PAGE ___243___

14

1

## **Conclusion**

2     The verbal and documentary evidence that Mattel seeks through depositions

3  of Janine Brisbois and MGA Canada and the accompanying production of

4  documents are relevant, narrowly tailored, necessary to afford Mattel an adequate

5  opportunity to present its case, not contrary to Canadian public policy or

6  sovereignty, and Mattel has no other method of securing this evidence.  For the

7  foregoing reasons, Mattel respectfully requests that the Court issue the concurrently

8  filed Letter of Request for Foreign Judicial Assistance.

9

10 DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
11

12                                   By
13                                     Jon D. Corey
                                       Attorneys for Mattel, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

27          EXHIBIT          9

28          PAGE          244

07209/2312418.2

15

MOTION FOR ISSUANCE OF LETTER OF REQUEST

# EXHIBIT R

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.     CV 04-09049 SGL(RNBx)                    Date: February 4, 2008
Title:          CARTER BRYANT -v- MATTEL, INC.
                 AND CONSOLIDATED ACTIONS
=============================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                                Theresa Lanza
        Courtroom Deputy Clerk                    Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                                      John Quinn
                                                  Jon D. Corey

ATTORNEYS PRESENT FOR MGA:               ATTORNEY PRESENT FOR CARLOS
                                         GUSTAVO MACHADO GOMEZ:

Thomas J.  Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo


Alexander H. Cote


MINUTES FORM 90                                  Initials of Deputy Clerk ___jh
CIVIL -- GEN                          1          Time: 1/45

EXHIBIT ___R___

PAGE ___295___

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods

1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.

1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing

1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow

1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items

1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel

ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

EX PARTE APPLICATIONS REGARDING DEPOSITIONS
(DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE

These applications are DENIED IN PART, subject to the following rulings:

(1)   The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)   The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

Initials of Deputy Clerk __Jh_____
Time: 1/45

EXHIBIT _2_
PAGE _246_

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court.   Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008. Other parties may file written replies no later than February 19, 2008. The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3)   Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4)   All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)   As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master. The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure.   For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master. So, too, must objections based on burdensomeness, relevancy, or privilege. In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6)   To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph. To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)   The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08 Order as follows:

> Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

EXHIBIT ___R___

PAGE ___247___

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)   The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side.  Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)   At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue.  That is not the case, and the request is DENIED.  Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser.  Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

## MACHADO GOMEZ'S EX PARTE APPLICATION RE
## JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED.  As noted above, Phase 2 discovery is STAYED until further order of the Court.  The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

## MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF
## ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED.  This matter must be addressed in the first instance by the Discovery Master.

## MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS
## COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART.  Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong.  Otherwise, counsel for MGA shall cooperate in the

EXHIBIT ___R___

PAGE ___248___

arrangements for inspection in both Hong Kong and the PRC.   Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports. Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART. The Court sets the motion for hearing on February 11, 2008. Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008. The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL -- GEN                                      5

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT __R_____
PAGE __249__