1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx)

13 | Plaintiff, | Consolidated with
14 | vs. | Case No. CV 04-09039
     Case No. CV 05-02727

15 | MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER**

16 | Defendant. | **[To be heard by Discovery Master Robert C. O'Brian pursuant to the Court's orders of December 6, 2006 and January 6, 2009]**

17

18 | AND CONSOLIDATED ACTIONS | SEPARATE STATEMENT IN SUPPORT OF MATTEL, INC.'S
19 | | RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS
20 | | AND THINGS BY MGA ENTERTAINMENT, INC. AS
21 | | CALLED FOR BY MATTEL'S FIRST SET OF RFPS NO. 48, AND THIRD
22 | | SET OF RFPS NOS. 43 THROUGH 75, 87 AND 88
23

24 | | Date:   To be set
25 | | Time:   To be set
     Place:  To be set

26 | | **Phase 2**
27 | | Pre-Trial Conference:   Not Set
     Trial Date:             Not Set

28

07209/2773252.2

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3

4   I.   MGA SHOULD BE COMPELLED TO PRODUCE
5        COMMUNICATION REGARDING THIS ACTION WITH KEY
     INDIVIDUALS ........................................................................................1

6        A.   MATTEL'S REQUEST NO. 48 AND MGA'S RESPONSE................1

7        B.   REASONS WHY FURTHER RESPONSE TO REQUEST NO.
8             48 SHOULD BE COMPELLED ...........................................................2

     II.  MGA SHOULD BE COMPELLED TO PRODUCE RELEVANT
9        PERSONNEL AND VENDOR FILES.........................................................3

10       A.   MATTEL'S REQUEST NOS. 87 AND 88 AND MGA'S
             RESPONSES.........................................................................................3

11
12       B.   REASONS WHY FURTHER RESPONSE TO REQUEST NOS.
             87 AND 88 SHOULD BE COMPELLED ...............................................6

13   III.  MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS
     RELATING MGA'S TRADE SECRET THEFT.........................................8

14
15       A.   MATTEL'S REQUEST NOS. 43 THROUGH 75 AND MGA'S
             RESPONSES.........................................................................................8

16       B.   REASONS WHY FURTHER RESPONSE TO REQUESTS
17            REGARDING "SAMANTHA SCOOTER" AND "SPACE
             BABIES" SHOULD BE COMPELLED...............................................54

18

19

20

21

22

23

24

25

26

27

28

## CONSOLIDATED SEPARATE STATEMENT

Mattel, Inc. respectfully submits this consolidated Separate Statement in support of Mattel's Renewed Motion to Compel Production of Documents and Things by MGA.  For the Discovery Master's convenience, this Separate Statement includes the text of each Request at issue, MGA's objections or responses, and a short discussion of why Mattel believes MGA should be compelled to produce documents responsive to Mattel's requests.

## I.   MGA SHOULD BE COMPELLED TO PRODUCE COMMUNICATION REGARDING THIS ACTION WITH KEY INDIVIDUALS

### A.   MATTEL'S REQUEST NO. 48 AND MGA'S RESPONSE

**REQUEST FOR PRODUCTION NO. 48:**

All non-privileged COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it would extend to any communication between anyone at MGA and any other person referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to this litigation, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to

identify every communication that any of its hundreds of employees may have had with any other person referring or relating to this action. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the communications or as to time. MGA also objects to this request on the grounds that it seeks information in violation of the right of privacy. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, MGA will not produce documents in response to this request.

**B.**    **REASONS WHY FURTHER RESPONSE TO REQUEST NO. 48 SHOULD BE COMPELLED**

Mattel's Request No. 48 seeks MGA's communications regarding this action with twelve specific individuals who are either named defendants involved with the theft of Mattel's trade secrets or who are likely have knowledge about such actions by others.  As set forth more fully in Mattel's Renewed Motion to Compel, each of these individuals has knowledge of Mattel's Phase 2 claims.[1]

The Discovery Master previously ruled, communications about the case with knowledgeable witnesses are relevant and discoverable.  The communications Mattel seeks are unquestionably relevant to Mattel's theft of trade secrets and RICO claims and should be produced.[2]  Each of these individuals was either directly

---

[1]    See Mattel's Renewed Motion to Compel at Part II.
[2]    They are also relevant to the development of Mattel's defenses in Phase 2.  As the Discovery Master previously noted "[a]ny proof of trade secret theft is also
(footnote continued)

involved or is likely to have knowledge of the events in question.   Moreover, because Request No. 48 is by its terms limited to communications referring or relating to this action, there is not just "a decent chance," but a virtual certainty, that responsive documents will permit Mattel to "use the information it uncovers either as evidence or to help find evidence." Bernstein, 447 F. Supp. 2d at 1105.  For this reason, courts consistently uphold similar requests for production.   See, e.g., Steinbach v. Credigy Receivables, Inc., 2006 WL 1007272, at *9 (E.D. Ky. Apr. 14, 2006) (overruling defendants' objections to requests for production for all "internal communications with respect to Plaintiff, . . . [the] lawsuit, or the claims in [the] [Amended] Complaint"); Aiken v. Rimkus Consulting Group, Inc., 2007 WL 1101210, at *1-2 (S.D. Miss. Apr. 4, 2007) (permitting plaintiff to discover all "communications" and "correspondence" relating to its claim against defendant). The Court should do the same here.

## II.   MGA SHOULD BE COMPELLED TO PRODUCE RELAVANT PERSONNEL AND VENDOR FILES

### A.   MATTEL'S REQUEST NOS. 87 AND 88 AND MGA'S RESPONSES

**REQUEST FOR PRODUCTION NO. 87:**

To the extent not produced in response to any other Request for Production, all personnel and vendor files for each person identified in Exhibit 664 (bearing Bates numbers MGA 0868630-31).[3]

_____

relevant to Mattel's defenses against MGA's unfair competition claims." January 25, 2007 Discovery Master's Order, at 14, Krug Decl., Ex. 31.

[3]   Exhibit 664 is attached to the concurrently filed Krug Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files." MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* personnel and vendor files for each person identified in Exhibit 664 could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request as oppressive, unduly burdensome and harassing given the number of individuals listed in Exhibit 664. The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Such information may also be subject to protective orders governing

other litigations thereby precluding disclosure in response to this request.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 88:**

To the extent not produced in response to any other Request for Production, all personnel and vendor files for each person who has worked as an employee of or vendor for YOU and who also has been at any time an employee of or vendor for MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "personnel and vendor files."  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how all personnel and vendor files for each person who has worked as an employee of or vendor for MGA and who also has been at any time an employee of or vendor for MATTEL could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  MGA further objects to the request as vague and ambiguous, oppressive, unduly burdensome and harassing

-5-

given the number of individuals who may worked as an employee or vendor for both MGA and Mattel in their lifetime. The request is not limited to the subject matter of this action and requires disclosure of private, confidential documents that are not relevant to this action, and is thus impermissibly overbroad. <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 79-89 from Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA, and Request No. 60 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

### B.   <u>REASONS WHY FURTHER RESPONSE TO REQUEST NOS. 87 AND 88 SHOULD BE COMPELLED</u>

Mattel's Request Nos. 88 and 87 seek production of documents from MGA's personnel or vendor files for former Mattel employees. These files contain information that is either relevant or reasonably calculated to lead to the discovery of admissible evidence regarding MGA's theft of trade secrets and its interference

with Mattel's employees' continued duties to Mattel.  As set forth more fully in Mattel's Renewed Motion to Compel, MGA has—as an active part of its recruitment of Mattel employees—encouraged Mattel employees to abscond with Mattel's confidential information.[4]  (Indeed for some employees, this is likely the sole reason that they were recruited.)  As such, the back-and-forth communications documenting the recruitment process and their hiring, including the terms and conditions (salaries, bonus, etc.) are unquestionable relevant to Mattel's allegation that MGA overpaid or paid above market salaries, bonuses, etc. to those Mattel employees that left with Mattel trade secrets.[5]  This type of information is contained in MGA's personnel files; therefore, the files should be produced.

Throughout Phase 1 discovery, the Discovery Master recognized that the personnel files of MGA employees could have relevant information and ordered such files produced.[6]  The April 14 Order was no different:  the Discovery Master ordered MGA to produced personnel files relevant to certain Phase 1 issues, but denied it with regard to Phase 2 because of the stay that was then—but is no longer—in effect.[7]

---

[4]   See Mattel's Renewed Motion to Compel at Part III.

[5]   The "recruitment" of Machado, Trueba and Vargas, for example, entailed a vast and surprising exchange of Mattel's confidential information.  See Mattel's Supp. Resp. at 28-30, Krug Decl., Ex. 28.

[6]   See, e.g., May 15, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Things, at 11 n.4, Krug Decl., Ex. 32.  Indeed MGA appeared, at least initially, to concede the same by agreeing to produce personnel files, subject to privilege.  See, e.g., MGA's Response to Mattel's First Set of Request for Documents and Things, at 71-78, Krug Decl. Ex. 33.

[7]   See Order re Third Set at 7.

III.   **MGA SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATING MGA'S TRADE SECRET THEFT**

A.     **MATTEL'S REQUEST NOS. 43 THROUGH 75 AND MGA'S RESPONSES**

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that REFER OR RELATE TO when and under what circumstances SCOOTER SAMANTHA was first conceived of, including without limitation all such DOCUMENTS that identify the PERSON who conceived of SCOOTER SAMANTHA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the phrase "first conceived of." MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO when and under what circumstances

SCOOTER SAMANTHA was "first conceived of" could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also Magistrate Judge Infante's April 19, 2007 Order ("April 19 Order") at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that REFER OR RELATE TO the conception, creation, design, development, sculpting, tooling, production and manufacture of SCOOTER SAMANTHA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to the phrase "conception, creation, design, development, sculpting, tooling, production and manufacture" as vague and ambiguous. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO "the conception, creation, design, development, sculpting, tooling, production and manufacture of SCOOTER SAMANTHA" could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or

07209/2773252.2

otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 45:**

A sample of each doll or other product that, whether in whole or in part, has been sold as or under the name SCOOTER SAMANTHA or as part of the SCOOTER SAMANTHA line.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term SCOOTER SAMANTHA.  MGA further objects to the request to the extent it seeks the production of tangible items that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks

tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how samples of each doll or other product that has been sold under the name SCOOTER SAMANTHA or as part of the SCOOTER SAMANTHA line could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 46:**

All prototypes, models, samples and tangible items that REFER OR RELATE TO SCOOTER SAMANTHA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms REFER OR RELATE TO SCOOTER SAMANTHA. MGA further objects to the request to the extent it seeks the production of tangible items that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* prototypes, models, samples and tangible items that REFER OR RELATE TO SCOOTER SAMANTHA line could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope. MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the phrase "prototypes, models, samples and tangible items" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the

1  extent it seeks confidential, proprietary or commercially sensitive information, the

2  disclosure of which would be inimical to the business interests of MGA.

3       MGA further objects to this request as cumulative, duplicative, and

4  unduly burdensome to the extent that it seeks documents previously requested by

5  Mattel or produced by MGA in response to Mattel's document requests, including,

6  but not limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of

7  Requests for Documents and Things to Isaac Larian.

8  **REQUEST FOR PRODUCTION NO. 47:**

9       All prototypes, models, samples and tangible items that REFER OR

10  RELATE TO SCOOTER SHANNEN.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

12       MGA incorporates by reference its General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection No. 15 (regarding Definitions), including without limitation

15  MGA's objection to the definition of the terms REFER OR RELATE TO

16  SCOOTER SHANNEN.  MGA further objects to the request to the extent it seeks

17  the production of tangible items that are protected from disclosure under any

18  applicable privilege, doctrine or immunity, including without limitation the

19  attorney-client privilege, the work product doctrine, the right of privacy, and all

20  other privileges recognized under the constitutional, statutory or decisional law of

21  the United States of America, the State of California or any other applicable

22  jurisdiction.  MGA further objects to this request on the grounds that it is overly

23  broad and unduly burdensome in that it seeks tangible items not relevant to the

24  claims or defenses in this action and not reasonably calculated to lead to the

25  discovery of admissible evidence.  Mattel has not demonstrated how *all* prototypes,

26  models, samples and tangible items that REFER OR RELATE TO SAMANTHA

27  SHANNEN line could be relevant to the claims and defenses in this action.  The

28  request is not limited to the subject matter of this action and is thus impermissibly

overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; <u>see also</u> April 19

Order at 5:26-7:5 (discovery request overbroad where complaint does not even

reference the product).  MGA further objects to this request as being overly broad

and unduly burdensome on the grounds that it is not limited in time or geographic

scope.   MGA  further  objects  to  this  request  on  the  grounds  that  the  terms

SCOOTER SHANNEN and REFER OR RELATE TO renders the request vague,

ambiguous, overly broad and unduly burdensome.  MGA further objects to the

phrase "prototypes, models, samples and tangible items" as vague and ambiguous.

MGA further objects to the request to the extent that it seeks documents not in

MGA's possession, custody or control.  MGA further objects to the request to the

extent it seeks confidential, proprietary or commercially sensitive information, the

disclosure of which would be inimical to the business interests of MGA.

MGA  further  objects  to  this  request  as  cumulative,  duplicative,  and

unduly burdensome to the extent that it seeks documents previously requested by

Mattel or produced by MGA in response to Mattel's document requests, including,

but not limited to:  Request Nos. 184-185, 215, and 217 from Mattel's First Set of

Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 48:**

All  DOCUMENTS  that  REFER  OR  RELATE  TO  SCOOTER

SAMANTHA as it was first presented to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

MGA  incorporates  by  reference  its  General  Response  and  General

Objections above, as though fully set forth herein and specifically incorporates

General  Objection  No. 15  (regarding  Definitions),  including  without  limitation

MGA's objection to the definition of the terms SCOOTER SAMANTHA and

REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

the production of documents that are protected from disclosure under any applicable

privilege, doctrine or immunity, including without limitation the attorney-client

privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.   MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA "as it was first presented to" MGA could be relevant to the claims and defenses in this action.   The request is not limited to the subject matter of this action and is thus impermissibly overbroad.   <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; <u>see also</u> April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).   MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.   MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.   MGA further objects to the phrase "as it was first presented" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.   MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

-16-

1  for Documents and Things re Claims of Unfair Competition to MGA

2  Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for

3  Documents and Things to Isaac Larian.

4  **REQUEST FOR PRODUCTION NO. 49:**

5      All DOCUMENTS that REFER OR RELATE TO SCOOTER

6  SAMANTHA prior to January 1, 2002.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

8      MGA incorporates by reference its General Response and General

9  Objections above, as though fully set forth herein and specifically incorporates

10  General Objection No. 15 (regarding Definitions), including without limitation

11  MGA's objection to the definition of the terms SCOOTER SAMANTHA and

12  REFER OR RELATE TO. MGA further objects to the request to the extent it seeks

13  the production of documents that are protected from disclosure under any applicable

14  privilege, doctrine or immunity, including without limitation the attorney-client

15  privilege, the work product doctrine, the right of privacy, and all other privileges

16  recognized under the constitutional, statutory or decisional law of the United States

17  of America, the State of California or any other applicable jurisdiction. MGA

18  further objects to this request on the grounds that it is overly broad and unduly

19  burdensome in that it seeks documents not relevant to the claims or defenses in this

20  action and not reasonably calculated to lead to the discovery of admissible evidence.

21  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO

22  SCOOTER SAMANTHA could be relevant to the claims and defenses in this

23  action. The request is not limited to the subject matter of this action and is thus

24  impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7;

25  see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint

26  does not even reference the product). MGA further objects to this request on the

27  grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO

28  renders the request vague, ambiguous, overly broad and unduly burdensome. MGA

-17-

1   further objects to the request to the extent that it seeks documents that by reason of

2   public filing, public distribution or otherwise are already in Mattel's possession or

3   are readily accessible to Mattel.  MGA further objects to the request to the extent

4   that it seeks documents not in MGA's possession, custody or control.  MGA further

5   objects to the request to the extent it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business

7   interests of MGA.

8           MGA further objects to this request as cumulative, duplicative, and

9   unduly burdensome to the extent that it seeks documents previously requested by

10  Mattel or produced by MGA in response to Mattel's document requests, including,

11  but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

12  for Documents and Things re Claims of Unfair Competition to MGA

13  Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for

14  Documents and Things to Isaac Larian.

15  **REQUEST FOR PRODUCTION NO. 50:**

16          All DOCUMENTS that REFER OR RELATE TO SCOOTER

17  SHANNEN and REFER OR RELATE TO the time period prior to January 1, 2002

18  (regardless of when such DOCUMENT was created, drafted, generated, sent,

19  received or transmitted).

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

21          MGA incorporates by reference its General Response and General

22  Objections above, as though fully set forth herein and specifically incorporates

23  General Objection No. 15 (regarding Definitions), including without limitation

24  MGA's objection to the definition of the terms SCOOTER SAMANTHA and

25  REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

26  the production of documents that are protected from disclosure under any applicable

27  privilege, doctrine or immunity, including without limitation the attorney-client

28  privilege, the work product doctrine, the right of privacy, and all other privileges

recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.   MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA and REFER OR RELATE to the time period prior to January 1, 2002 could be relevant to the claims and defenses in this action.   The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).   MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.   MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.   MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.   MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents responsive to Request No. 49, and previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work in connection with or role in SCOOTER SAMANTHA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO Paula Garcia's work in connection with or role in SCOOTER SAMANTHA could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the phrase "work in connection with or role in" as vague and

-20-

07209/2773252.2

1  ambiguous.  MGA further objects to the request to the extent that it seeks documents

2  not in MGA's possession, custody or control.  MGA further objects to the request to

3  the extent it seeks confidential, proprietary or commercially sensitive information,

4  the disclosure of which would be inimical to the business interests of MGA.

5      MGA further objects to this request as cumulative, duplicative, and

6  unduly burdensome to the extent that it seeks documents previously requested by

7  Mattel or produced by MGA in response to Mattel's document requests, including,

8  but not limited to:   Request No. 168 from Mattel's First Set of Requests for

9  Documents and Things to Isaac Larian.

10  **REQUEST FOR PRODUCTION NO. 52:**

11      All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work

12  in connection with or role in SCOOTER SAMANTHA.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

14      MGA incorporates by reference its General Response and General

15  Objections above, as though fully set forth herein and specifically incorporates

16  General Objection No. 15 (regarding Definitions), including without limitation

17  MGA's objection to the definition of the terms SCOOTER SAMANTHA and

18  REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks

19  the production of documents that are protected from disclosure under any applicable

20  privilege, doctrine or immunity, including without limitation the attorney-client

21  privilege, the work product doctrine, the right of privacy, and all other privileges

22  recognized under the constitutional, statutory or decisional law of the United States

23  of America, the State of California or any other applicable jurisdiction.   MGA

24  further objects to this request on the grounds that it is overly broad and unduly

25  burdensome in that it seeks documents not relevant to the claims or defenses in this

26  action and not reasonably calculated to lead to the discovery of admissible evidence.

27  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO

28  Isaac Larian's work in connection with or role in SCOOTER SAMANTHA could be

-21-

relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "work in connection with or role in" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 53:**

DOCUMENTS sufficient to show the first manufacture date of each and every SCOOTER SAMANTHA product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term SCOOTER SAMANTHA.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional,

statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to the phrase "sufficient to show" as vague and ambiguous.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how DOCUMENTS "sufficient to show" the first manufacture date of *each and every* SCOOTER SAMANTHA product could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request on the grounds that the term SCOOTER SAMANTHA renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in geographic scope.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA

-23-

1  Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for

2  Documents and Things to Isaac Larian.

3  **REQUEST FOR PRODUCTION NO. 54:**

4          DOCUMENTS sufficient to show the first ship date of each and every

5  SCOOTER SAMANTHA product.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

7          MGA incorporates by reference its General Response and General

8  Objections above, as though fully set forth herein and specifically incorporates

9  General Objection No. 15 (regarding Definitions), including without limitation

10  MGA's objection to the definition of the term SCOOTER SAMANTHA.  MGA

11  further objects to the request to the extent it seeks the production of documents that

12  are protected from disclosure under any applicable privilege, doctrine or immunity,

13  including without limitation the attorney-client privilege, the work product doctrine,

14  the right of privacy, and all other privileges recognized under the constitutional,

15  statutory or decisional law of the United States of America, the State of California

16  or any other applicable jurisdiction.  MGA further objects to the phrase "sufficient

17  to show" as vague and ambiguous.  MGA further objects to this request on the

18  grounds that it is overly broad and unduly burdensome in that it seeks documents

19  not relevant to the claims or defenses in this action and not reasonably calculated to

20  lead to the discovery of admissible evidence.  Mattel has not demonstrated how

21  DOCUMENTS "sufficient to show" the first ship date of *each and every* SCOOTER

22  SAMANTHA product could be relevant to the claims and defenses in this action.

23  The request is not limited to the subject matter of this action and is thus

24  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7;

25  see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint

26  does not even reference the product).  MGA further objects to this request as being

27  overly broad and unduly burdensome on the grounds that it is not limited in

28  geographic scope.  MGA further objects to this request on the grounds that the term

SCOOTER SAMANTHA renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 55:**

DOCUMENTS sufficient to show YOUR revenues from SCOOTER SAMANTHA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term SCOOTER SAMANTHA.  MGA further objects to the request to the extent it seeks the production of documents that

are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to the phrase "sufficient to show" as vague and ambiguous.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how DOCUMENTS "sufficient to show" MGA's revenues from SCOOTER SAMANTHA could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the term SCOOTER SAMANTHA renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS that REFER OR RELATE TO when and under what circumstances SPACE BABES was first conceived of, including without limitation all such DOCUMENTS that identify the PERSON who conceived of SPACE BABES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SPACE BABES and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to the phrase "first conceived of" as vague and ambiguous. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO when and under what circumstances SPACE BABES was first conceived of could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on

the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS that REFER OR RELATE TO the conception, creation, design, development, sculpting, tooling, production and manufacture of SPACE BABES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SPACE BABES and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client

privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO "the conception, creation, design, development, sculpting, tooling, production and manufacture of SPACE BABES" could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "conception, creation, design, development, sculpting, tooling, production and manufacture" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including,

-29-
SEPARATE STATEMENT ISO MATTEL'S RENEWED MOTIONS TO COMPEL DISCOVERY

but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 58:**

A sample of each doll or other product that, whether in whole or in part, has been sold as or under the name SPACE BABES or as part of the SPACE BABES line.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term SPACE BABES.  MGA further objects to the request to the extent it seeks the production of tangible items that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how samples of each doll or other product that has been sold under the name SPACE BABES or as part of the SPACE BABES line could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request

-30-

as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 59:**

All prototypes, models, samples and tangible items that REFER OR RELATE TO SPACE BABES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms REFER OR RELATE TO SPACE BABES.  MGA further objects to the request to the extent it seeks the production of tangible items that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the

State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* prototypes, models, samples and tangible items that REFER OR RELATE TO SPACE BABES line could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  <u>See</u> Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; <u>see also</u> April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "prototypes, models, samples and tangible items" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS that REFER OR RELATE TO SPACE BABES as it was first presented to YOU.

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

2          MGA incorporates by reference its General Response and General

3 Objections above, as though fully set forth herein and specifically incorporates

4 General Objection No. 15 (regarding Definitions), including without limitation

5 MGA's objection to the definition of the terms SPACE BABES and REFER OR

6 RELATE TO.   MGA further objects to the request to the extent it seeks the

7 production of documents that are protected from disclosure under any applicable

8 privilege, doctrine or immunity, including without limitation the attorney-client

9 privilege, the work product doctrine, the right of privacy, and all other privileges

10 recognized under the constitutional, statutory or decisional law of the United States

11 of America, the State of California or any other applicable jurisdiction.   MGA

12 further objects to this request on the grounds that it is overly broad and unduly

13 burdensome in that it seeks documents not relevant to the claims or defenses in this

14 action and not reasonably calculated to lead to the discovery of admissible evidence.

15 Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO

16 SPACE BABES "as it was first presented to" MGA could be relevant to the claims

17 and defenses in this action.   The request is not limited to the subject matter of this

18 action and is thus impermissibly overbroad.   See Aug. 13 Order at 9:17-20; May 22

19 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad

20 where complaint does not even reference the product).   MGA further objects to this

21 request on the grounds that the terms SPACE BABES and REFER OR RELATE

22 TO renders the request vague, ambiguous, overly broad and unduly burdensome.

23 MGA further objects to the phrase "as it was first presented" as vague and

24 ambiguous.   MGA further objects to the request to the extent that it seeks documents

25 not in MGA's possession, custody or control.   MGA further objects to the request to

26 the extent it seeks confidential, proprietary or commercially sensitive information,

27 the disclosure of which would be inimical to the business interests of MGA.

28

07209/2773252.2

1    MGA further objects to this request as cumulative, duplicative, and

2   unduly burdensome to the extent that it seeks documents previously requested by

3   Mattel or produced by MGA in response to Mattel's document requests, including,

4   but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

5   for Documents and Things re Claims of Unfair Competition to MGA

6   Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for

7   Documents and Things to Isaac Larian.

8   **REQUEST FOR PRODUCTION NO. 61:**

9    All DOCUMENTS that REFER OR RELATE TO SPACE BABES

10  prior to January 1, 2005.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

12   MGA incorporates by reference its General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection No. 15 (regarding Definitions), including without limitation

15  MGA's objection to the definition of the terms SPACE BABES and REFER OR

16  RELATE TO.   MGA further objects to the request to the extent it seeks the

17  production of documents that are protected from disclosure under any applicable

18  privilege, doctrine or immunity, including without limitation the attorney-client

19  privilege, the work product doctrine, the right of privacy, and all other privileges

20  recognized under the constitutional, statutory or decisional law of the United States

21  of America, the State of California or any other applicable jurisdiction.   MGA

22  further objects to this request on the grounds that it is overly broad and unduly

23  burdensome in that it seeks documents not relevant to the claims or defenses in this

24  action and not reasonably calculated to lead to the discovery of admissible evidence.

25  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO

26  SPACE BABES prior to January 1, 2005 could be relevant to the claims and

27  defenses in this action.  The request is not limited to the subject matter of this action

28  and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order

-34-

at 21:5-7; <u>see also</u> April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work in connection with or role in SPACE BABES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SPACE BABES and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable

privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO Paula Garcia's work in connection with or role in SPACE BABES could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "work in connection with or role in" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA

1  Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for

2  Documents and Things to Isaac Larian.

3  **REQUEST FOR PRODUCTION NO. 63:**

4          All DESIGNS conceived of, made, produced or created, whether in

5  whole or in part, by Scot Reyes in connection with SPACE BABES.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

7          MGA incorporates by reference its General Response and General

8  Objections above, as though fully set forth herein and specifically incorporates

9  General Objection No. 15 (regarding Definitions), including without limitation

10 MGA's objection to the definition of the terms DESIGNS and SPACE BABES.

11 MGA further objects to the request to the extent it seeks the production of

12 documents that are protected from disclosure under any applicable privilege,

13 doctrine or immunity, including without limitation the attorney-client privilege, the

14 work product doctrine, the right of privacy, and all other privileges recognized under

15 the constitutional, statutory or decisional law of the United States of America, the

16 State of California or any other applicable jurisdiction.  MGA further objects to this

17 request on the grounds that it is overly broad and unduly burdensome in that it seeks

18 documents not relevant to the claims or defenses in this action and not reasonably

19 calculated to lead to the discovery of admissible evidence.   Mattel has not

20 demonstrated how *all* DESIGNS conceived of, made, produced or created by Scot

21 Reyes in connection with SPACE BABES could be relevant to the claims and

22 defenses in this action.  The request is not limited to the subject matter of this action

23 and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order

24 at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where

25 complaint does not even reference the product).  MGA further objects to this request

26 as being overly broad and unduly burdensome on the grounds that it is not limited in

27 time.  MGA further objects to this request on the grounds that the terms DESIGN

28 and SPACE BABES render the request vague, ambiguous, overly broad and unduly

-37-

burdensome.  MGA further objects to the phrase "conceived of, made, produced or created" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents not in MGA' s possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS conceived of, made, produced or created, whether in whole or in part, by Scot Reyes in connection with SPACE BABES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms DESIGN, SPACE BABES and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly

-38-

burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO DESIGNS "conceived of, made, produced or created" by Scot Reyes in connection with SPACE BABES could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms DESIGN, SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.   MGA further objects to the phrase "conceived of, made, produced or created" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.   MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS that REFER OR RELATE TO Scot Reyes' work in connection with or role in SPACE BABES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SPACE BABES and REFER OR RELATE TO.   MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.   MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO Scot Reyes' work in connection with or role in SPACE BABES could be relevant to the claims and defenses in this action.   The request is not limited to the subject matter of this action and is thus impermissibly overbroad.   See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).   MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.   MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.   MGA further objects to the phrase "work in connection with or role in" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.   MGA further objects to the request to the

1  extent it seeks confidential, proprietary or commercially sensitive information, the

2  disclosure of which would be inimical to the business interests of MGA.

3       MGA further objects to this request as cumulative, duplicative, and

4  unduly burdensome to the extent that it seeks documents previously requested by

5  Mattel or produced by MGA in response to Mattel's document requests, including,

6  but not limited to: Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests

7  for Documents and Things re Claims of Unfair Competition to MGA

8  Entertainment, Inc.

9  **REQUEST FOR PRODUCTION NO. 66:**

10       All actual or proposed contracts and agreements between YOU and

11  Scot Reyes that REFER OR RELATE TO SPACE BABES, including without

12  limitation all drafts thereof.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

14       MGA incorporates by reference its General Response and General

15  Objections above, as though fully set forth herein and specifically incorporates

16  General Objection No. 15 (regarding Definitions), including without limitation

17  MGA' s objection to the definition of the terms SPACE BABES and REFER OR

18  RELATE TO. MGA further objects to the request to the extent it seeks the

19  production of documents that are protected from disclosure under any applicable

20  privilege, doctrine or immunity, including without limitation the attorney-client

21  privilege, the work product doctrine, the right of privacy, and all other privileges

22  recognized under the constitutional, statutory or decisional law of the United States

23  of America, the State of California or any other applicable jurisdiction. MGA

24  further objects to this request on the grounds that it is overly broad and unduly

25  burdensome in that it seeks documents not relevant to the claims or defenses in this

26  action and not reasonably calculated to lead to the discovery of admissible evidence.

27  Mattel has not demonstrated how *all* actual or proposed contracts and agreements

28  between MGA and Scot Reyes that REFER OR RELATE TO SPACE BABES

07209/2773252.2

could be relevant to the claims and defenses in this action.   The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the terms SPACE BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.   MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS that REFER OR RELATE TO payments by YOU to Scot Reyes for or in connection with SPACE BABES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms REFER OR RELATE TO and SPACE BABES.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable

privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO payments made by MGA to Scot Reyes in connection with SPACE BABES could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms REFER OR RELATE TO and SPACE BABES render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. Such information may also be subject to protective orders governing other litigations thereby precluding disclosure in response to this request. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents requested pursuant to Request No. 68 or previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS that REFER OR RELATE TO payments by YOU to Scot Reyes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO payments made by MGA to Scot Reyes could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA further objects to

07209/2773252.2

1   the request to the extent it violates the privacy rights of third parties to their private,

2   confidential, proprietary or trade secret information.

3            MGA further objects to this request as cumulative, duplicative, and

4   unduly burdensome to the extent that it seeks documents requested pursuant to

5   Request No. 67 or previously requested by Mattel or produced by MGA in response

6   to Mattel's document requests.

7   **REQUEST FOR PRODUCTION NO. 69:**

8            All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work

9   in connection with or role in SPACE BABES.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

11           MGA incorporates by reference its General Response and General

12  Objections above, as though fully set forth herein and specifically incorporates

13  General Objection No. 15 (regarding Definitions), including without limitation

14  MGA's objection to the definition of the terms SPACE BABES and REFER OR

15  RELATE TO.  MGA further objects to the request to the extent it seeks the

16  production of documents that are protected from disclosure under any applicable

17  privilege, doctrine or immunity, including without limitation the attorney-client

18  privilege, the work product doctrine, the right of privacy, and all other privileges

19  recognized under the constitutional, statutory or decisional law of the United States

20  of America, the State of California or any other applicable jurisdiction.  MGA

21  further objects to this request on the grounds that the terms SPACE BABES and

22  REFER OR RELATE TO renders the request vague, ambiguous, overly broad and

23  unduly burdensome.  MGA further objects to the phrase "work in connection with or

24  role in" as vague and ambiguous.  MGA further objects to this request on the

25  grounds that it is overly broad and unduly burdensome in that it seeks documents

26  not relevant to the claims or defenses in this action and not reasonably calculated to

27  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

28  DOCUMENTS that REFER OR RELATE TO Isaac Larian's work in connection

with or role in SPACE BABES could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 70:**

DOCUMENTS sufficient to show the first manufacture date of each and every SPACE BABES product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term SPACE BABES.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to the phrase "sufficient to show" as vague and ambiguous.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents

not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how DOCUMENTS "sufficient to show" the first manufacture date of *each and every* SPACE BABES product could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product).  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope.  MGA further objects to this request on the grounds that the term SPACE BABES renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

**REQUEST FOR PRODUCTION NO. 71:**

DOCUMENTS sufficient to show the first ship date of each and every SPACE BABES product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term SPACE BABES. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to the phrase "sufficient to show" as vague and ambiguous. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how DOCUMENTS "sufficient to show" the first ship date of *each and every* SPACE BABES product could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope. MGA further objects to this request on the grounds that the term SPACE BABES renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to the request to the extent that it seeks documents not in MGA's possession,

07209/2773252.2

custody or control.   MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

**REQUEST FOR PRODUCTION NO. 72:**

DOCUMENTS sufficient to show YOUR revenues from SPACE BABES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term SPACE BABES.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to the phrase "sufficient to show" as vague and ambiguous.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how DOCUMENTS "sufficient to show" MGA's revenues from SPACE BABES could

-49-

1  be relevant to the claims and defenses in this action.  The request is not limited to
2  the subject matter of this action and is thus impermissibly overbroad.  <u>See</u> Aug. 13
3  Order at 9:17-20; May 22 Order at 21:5-7; <u>see also</u> April 19 Order at 5:26-7:5
4  (discovery request overbroad where complaint does not even reference the product).
5  MGA further objects to this request as being overly broad and unduly burdensome
6  on the grounds that it is not limited in time or geographic scope.  MGA further
7  objects to this request on the grounds that the term SPACE BABES renders the
8  request vague, ambiguous, overly broad and unduly burdensome.  MGA further
9  objects to the request to the extent it seeks confidential, proprietary or commercially
10  sensitive information, the disclosure of which would be inimical to the business
11  interests of MGA.  Such information may also be subject to protective orders
12  governing other litigations thereby precluding disclosure in response to this request.

13  MGA further objects to this request as cumulative, duplicative, and
14  unduly burdensome to the extent that it seeks documents previously requested by
15  Mattel or produced by MGA in response to Mattel's document requests, including,
16  but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests
17  for Documents and Things re Claims of Unfair Competition to MGA
18  Entertainment, Inc.

19  **REQUEST FOR PRODUCTION NO. 73:**

20  All DOCUMENTS that REFER OR RELATE TO any DESIGN
21  offered, submitted, pitched, assigned or transferred by Scot Reyes to YOU, acquired
22  or purchased by, or assigned to, YOU from Scot Reyes, requested or solicited by
23  YOU from Scot Reyes or made, created, produced or conceived of, whether in
24  whole or in party, by Scot Reyes on YOUR behalf.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

26  MGA incorporates by reference its General Response and General
27  Objections above, as though fully set forth herein and specifically incorporates
28  General Objection No. 15 (regarding Definitions), including without limitation

-50-

MGA's objection to the definition of the terms DESIGN and REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that the terms DESIGN, and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase "offered, submitted, pitched, assigned or transferred by Scot Reyes to MGA, acquired or purchased by or assigned to MGA from Scot Reyes, requested or solicited by MGA from Scot Reyes or made, created, produced or conceived of by Scot Reyes" as vague and ambiguous.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO *any* DESIGN offered, submitted, pitched, assigned or transferred by Scot Reyes to MGA, acquired or purchased by or assigned to MGA from Scot Reyes, requested or solicited by MGA from Scot Reyes or made, created, produced or conceived of by Scot Reyes on behalf of MGA could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to this request as cumulative, duplicative, and unduly burdensome to

1  the extent that it seeks documents previously requested by Mattel or produced by

2  MGA in response to Mattel's document requests.

3  **REQUEST FOR PRODUCTION NO. 74:**

4         All COMMUNICATIONS between YOU and Scot Reyes that REFER

5  OR RELATE TO MATTEL or any MATTEL doll or product.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

7         MGA incorporates by reference its General Response and General

8  Objections above, as though fully set forth herein and specifically incorporates

9  General Objection No. 15 (regarding Definitions), including without limitation

10  MGA's objection to the definition of the term REFER OR RELATE TO.  MGA

11  further objects to the request to the extent it seeks the production of documents that

12  are protected from disclosure under any applicable privilege, doctrine or immunity,

13  including without limitation the attorney-client privilege, the work product doctrine,

14  the right of privacy, and all other privileges recognized under the constitutional,

15  statutory or decisional law of the United States of America, the State of California

16  or any other applicable jurisdiction.  MGA further objects to this request on the

17  grounds that it is overly broad and unduly burdensome in that it seeks documents

18  not relevant to the claims or defenses in this action and not reasonably calculated to

19  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

20  COMMUNICATIONS between MGA and Scot Reyes that REFER OR RELATE

21  TO MATTEL or any MATTEL doll or product could be relevant to the claims and

22  defenses in this action.  The request is not limited to the subject matter of this action

23  and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order

24  at 21:5-7.  MGA further objects to this request as being overly broad and unduly

25  burdensome on the grounds that it is not limited in time.  MGA further objects to

26  this request on the grounds that the term REFER OR RELATE TO renders the

27  request vague, ambiguous, overly broad and unduly burdensome.  MGA further

28  objects to the request to the extent it seeks confidential, proprietary or commercially

sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:   Request Nos. 138 and 140 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 116 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 75:**

All  DOCUMENTS  that  REFER  OR  RELATE  TO  MATTEL documents or information provided, shown or otherwise disclosed to YOU by Scot Reyes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term REFER OR RELATE TO.  MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to

lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO MATTEL documents or information provided, shown or otherwise disclosed, to MGA by Scot Reyes could be relevant to the claims and defenses in this action.  The request is not limited to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time.  MGA further objects to this request on the grounds that the term REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase " provided, shown or otherwise disclosed" as vague and ambiguous.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 116, 198, and 221 from Mattel's First Set of Requests for Documents and Things to Isaac Larian, and Request Nos. 42, 137, 140, and 160 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

**B.   <u>REASONS WHY FURTHER RESPONSE TO REQUESTS REGARDING "SAMANTHA SCOOTER" AND "SPACE BABIES" SHOULD BE COMPELLED</u>**

Mattel's Request Nos. 43-55 and 56-75 each seek documents relating to Mattel's claims in Phase 2.  They bear directly on MGA's development of the "Scooter Samantha" and "Space Babies" products that that Mattel alleges are—like

-54-

1   Bratz—stolen from Mattel through MGA's pattern and conspiracy of stealing Mattel

2   product ideas and concepts, like Bratz, and marketing them as its own.

3          As set forth more fully in Mattel's renewed Motion, Mattel alleges that

4   MGA derived the "Scooter Samantha" doll from its theft of Mattel's "Scooter

5   Shannen" doll.[8]   Mattel believes that "Space Babies" likewise has Mattel origins.

6   The origins and development of "Scooter Samantha" and "Space Babies" are

7   therefore at issue in this lawsuit.   These requests seek documents related to that

8   narrow issue for each product.   If MGA developed "Scooter Samantha" or "Space

9   Babies" independently, then these documents should show that, or they will prove

10  Mattel's claim.

11         MGA should be compelled to produce documents and things responsive to

12  these requests regarding "Scooter Samantha" and "Space Babies."   Nor can it offer

13  any reasonable basis on which to object.   When Mattel initially brought its motions

14  in Phase 1, MGA's argument in opposition was simply that Mattel's requests were

15  "premature" because they relate to Phase 2 issues.   That may have been applicable

16  then, but it is no longer.   Now that Phase 2 has begun in earnest, these documents

17  should be produced to allow Mattel to fully develop its claims and defenses in this

18  Phase of the litigation.

19

20

21  DATED:  January 26, 2009          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
22

23                                    By /s/ Jon D. Corey
                                      Jon D. Corey
24                                    Attorneys for Mattel, Inc.

25

26

27  _____

    [8]   See Mattel's Renewed Motion to Compel at Part IV.
28