**EXHIBIT 1**

CALENDARED

RECEIVED

FEB 2 3 2007

SEND

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

10

11   MATTEL, INC.,                          )   Case No. CV 04-09059 SGL(RNBx)

12                      Plaintiff,          )   SCHEDULING ORDER [FRCP 16(b)]

13       v.                                 )   1.    Establishing a Discovery Cut-off Date of
                                            )         October 22, 2007
14   CARTER BRYANT, DOES 1-10,              )
     INCLUSIVE,                             )   2.    Non-Discovery Motion Hearing Cutoff
15                                          )         date of November 19, 2007, at 10:00
                     Defendants.            )         a.m.
16   _____)
                                                3.    Setting Final Pretrial Conference for
17                                                    January 14, 2008, at 11:00 a.m.

18                                              4.    Setting Jury Trial Date of February 12,
                                                      2008, at 9:30 a.m.
19

20

21   **READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE**

22   **AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

23

24   The above matter is set for trial before the Honorable Stephen G. Larson,

25   United States District Judge, Courtroom 1, United States District Court, Eastern

26   Division, 2nd Floor, Riverside, California.

27                                                  FEB 2 2 2007

28   1.      **Discovery Cut-Off:** This is the last date to complete discovery, including

expert discovery, and the resolution of any discovery motions before this court.  If

EXHIBIT __1__

PAGE __6__



1 | expert witnesses are to be called at trial, the parties shall designate experts to be called
2 | at trial and provide reports required by Fed. R. Civ. P. 26(a)(B), not later than eight
3 | weeks prior to the discovery cutoff date. Rebuttal expert witnesses shall be designated
4 | and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B), not later than five weeks
5 | prior to the discovery cutoff date. Failure to timely comply with this deadline may result
6 | in the expert being excluded at trial as a witness. The Court requires compliance with
7 | Local Rule 37-1 and 37-2 in the preparation and filing of discovery motions. Discovery
8 | motions may not be heard on an ex parte basis.

9 | **2.** **Joinder of Parties and Amendment of Pleadings:** This deadline does
10 | not apply if the deadline for joining parties or amending pleadings has already been
11 | calendared or occurred by virtue of an order issued by another Judge.

12 | In addition to the requirements of Local Rule 15-1, all motions to amend the
13 | pleadings shall (a) state the effect of the amendment; (b) be serially numbered to
14 | differentiate the amendment from previous amendments and (c) state the page, line
15 | number(s), and wording of any proposed change or addition of material.

16 | 3. **Motion Filing Cut-Off:** The Court hears motions on Mondays at 10:00
17 | a.m. The motion filing cut-off date is the last day motions may be heard (not filed). The
18 | Court will not decide late motions. Issues left undetermined by the passage of the
19 | motion cut-off date should be listed as issues for trial in the Final Pretrial Conference
20 | Order. As an exception to the above, motions in limine dealing with evidentiary matters
21 | may be heard at or before trial; however, summary judgment motions disguised as
22 | motions in limine will not be heard. Parties need not wait until the discovery cut-off to
23 | bring motions for summary judgment or partial summary judgment. However, in the
24 | usual case, the court expects that more than the minimum notice will be provided to
25 | counsel opposing motions for summary judgment. In the usual case, the parties should
26 | confer and agree on the date for setting such motions.

27
28

2

EXHIBIT ___1___
PAGE ___1___

1      Ex parte applications are entertained solely for extraordinary relief. See Mission
2  Power Eng. Co. v. Continential Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995). Strict
3  adherence to proper ex parte procedures is required for any ex parte application filed
4  with the Court.

5      4.  **Stipulations to Extend Time:** Stipulations to extend the time to file any
6  required document or to continue any pretrial or trial date must set forth (a) the existing
7  due date or hearing date; (b) the current pretrial conference date and trial date; (c) the
8  specific reasons supporting good cause for granting the extension or continuance; and
9  (d) whether there have been any prior requests for extensions or continuances, and
10  whether these were granted or denied by the Court.

11      5.  **Summary Judgment Motions:** The Separate Statement of Undisputed Facts
12  is to be prepared in a two-column format. The left-hand column should set forth the
13  allegedly undisputed fact. The right-hand column should set forth the evidence that
14  supports the factual statement. The fact statements should be set forth in sequentially
15  numbered paragraphs. Each paragraph should contain a narrowly focused statement
16  of fact. Each numbered paragraph should address a single subject in as concise a
17  manner as possible.

18      The opposing party's statement of genuine issues must be in two columns and
19  track the movant's separate statement exactly as prepared. The document must be in
20  two columns; the left-hand column must restate the allegedly undisputed fact, and the
21  right-hand column must indicate either undisputed, or disputed. The opposing party
22  may dispute all or only a portion of the statement, but if disputing only a portion, must
23  clearly indicate what part is being disputed. Where the opposing party is disputing the
24  fact in whole or part, the opposing party must, in the right-hand column, label and
25  restate the moving party's evidence in support of the fact, followed by the opposing
26  party's evidence controverting the fact. Where the opposing party is disputing the fact
27  on the basis of an evidentiary objection, the party must cite to the evidence alleged to
28

3

EXHIBIT __1__
PAGE __6__

1  be objectionable and state the ground of the objection and nothing more. **No**
2  **argument should be set forth in this document**.

3      The opposing party may submit additional material facts that bear on or relate to
4  the issues raised by the movant, which shall follow the format described above for the
5  moving party's separate statement. These additional facts shall follow the movant's
6  facts, shall continue in sequentially numbered paragraphs (i.e., if movant's last
7  statement of fact was set forth in paragraph 30, then the first new fact will be set forth in
8  paragraph 31), and shall set forth in the right hand column the evidence that supports
9  that statement.

10     The moving party, in its reply, shall respond to the additional facts in the same
11  manner and format that the opposition party is required to adhere to in responding to
12  the

13  statement of undisputed facts, as described above.

14     **(a) Supporting Evidence:** No party should submit any evidence other than
15  the specific items of evidence or testimony necessary to support or controvert a
16  proposed statement of undisputed fact. Thus, for example, the entire transcript of a
17  deposition, entire sets of interrogatory responses, and documents that do not
18  specifically support or controvert material in the separate statements, should not be
19  submitted in support or opposition to a motion for summary judgment. Any such
20  material will not be considered.

21     Evidence submitted in support of or in opposition to a motion should be
22  submitted either by way of stipulation or as exhibits to declarations sufficient to
23  authenticate the proffered evidence, and should not be attached to the Memorandum of
24  Points and Authorities. The Court will accept counsel's authentication of deposition
25  transcript, of written discovery responses, and of the receipt of documents in discovery
26  if the fact that the document was in the opponent's possession is of independent
27  significance. Documentary evidence as to which there is no stipulation regarding
28

4

EXHIBIT __1__
PAGE __9__

1  foundation must be accompanied by the testimony, either by declaration or properly
2  authenticated deposition transcript, of a witness who can establish its authenticity.
3      If evidence in support of or in opposition to a motion exceeds twenty pages, the
4  evidence must be in a separate bound volume and include a Table of Contents.
5      **(b) <u>Objections to Evidence</u>:**  If a party disputes a fact based in whole or in
6  part  on an evidentiary objection, the ground of the objection, as indicated above,
7  should be  stated in the separate statement but not argued in that document.
8  Evidentiary objections  are to be addressed in a separate memorandum to be filed with
9  the opposition or reply brief of the party.  This memorandum should be organized **<u>to</u>**
10 **<u>track the paragraph numbers of the separate statement in sequence</u>**.  It should
11 identify the specific item of evidence to which objection is made, the ground of the
12 objection, and a very brief argument with citation to authority as to why the objection is
13 well taken.  The following is an example of the format contemplated by the Court:

14          Separate Statement Paragraph 1:  Objection to the supporting deposition
15          transcript of Jane Smith at 60:1-10 on the grounds that the statement
16          constitutes inadmissible hearsay and no exception is applicable.  To the
17          extent it is offered to prove her state of mind, it is irrelevant since her state of
18          mind is not in issue.

19          Fed. R. Evid. 801, 802.

20      Do not submit blanket or boilerplate objections to the opponent's statements of
21 undisputed fact: these will be disregarded and overruled.

22      **(c) <u>The Memorandum of Points and Authorities:</u>**  The movant's
23 memorandum of points and authorities should be in the usual form required under
24 Local Rule 7-5 and should contain a narrative statement of facts as to those aspects of
25 the case that are before the Court. All facts should be supported with citations to the
26 paragraph number in the  Separate Statement that supports the factual assertion and
27 not to the underlying evidence.

28

5

EXHIBIT ___1___
PAGE ____10

1   Unless the case involves some unusual twist on Rule 56, the motion need
2   only
3   contain a brief statement of the Rule 56 standard; the Court is familiar with the Rule
4   and
5   with its interpretation under Celotex and its progeny. If at all possible, the argument
6   should be organized to focus on the pertinent elements of the cause(s) of action or
7   defense(s) in issue, with the purpose of showing the existence or non-existence of a
8   genuine issue of material fact for trial on that element of the claim or defense.

9   Likewise, the opposition memorandum of points and authorities should be in
10  the
11  usual form required by Local Rule 7-5, and where the opposition memorandum sets
12  forth facts, the memorandum should cite to paragraphs in the separate statement if
13  they are not in dispute, to the evidence that contravenes the fact where the fact is in
14  dispute or, if the fact is contravened by an additional fact in the statement of genuine
15  issues, the citation should be to such fact by paragraph number.

16  **(d) Timing:** In virtually every case, the Court expects that the moving party
17  will provide more than the minimum twenty-one (21) day notice for such motions. The
18  moving party should deliver to chambers a copy of a diskette, in WordPerfect format
19  (11.0 or earlier versions), containing the Statement of Uncontroverted Facts and
20  Conclusions of Law.

21  6.   **Motions in Limine:** The parties must file motions in limine addressing the
22  admissibility of evidence in accordance with Local Rule 7-3. The parties shall file their
23  opposing and reply papers in accordance with Local Rules 7-9 and 7-10 respectively.

24  7.   **Pretrial Conference and Trial Setting:** Compliance with the requirements of
25  Local Rule 16 is mandatory. Counsel shall submit carefully prepared Memoranda of
26  Contentions of Fact and Law (which may also serve as the trial briefs) and Proposed
27  Pre-Trial Conference Order ("PTCO") in accordance with the provisions of Local Rules
28  16-2.8 through 16-6. The Proposed Pre-Trial Conference Order shall conform to the

6

EXHIBIT __1__
PAGE __11__

1  example set forth in Appendix A to the Local Rules, modified as necessary to comply
2  with this order.              The Memoranda of Contentions of Fact and Law, Exhibit
3  Lists, and Witness Lists shall be served and filed no later than fourteen (14) calendar
4  days before the Pre-Trial Conference. The Proposed Pre-Trial Conference Order shall
5  be lodged fourteen (14) calendar days before the Pre-Trial Conference.

6        The Proposed Pre-Trial Conference Order must contain a Table of Contents.
7  Place in all capital letters and in bold the separately numbered headings for each
8  category in the PTCO. Under paragraph 1, list each claim, counterclaim, or defense
9  that has been dismissed or abandoned. In multiple-party cases where not all claims or
10 counterclaims will be prosecuted against all remaining parties on the other side, please
11 specify to which party each claim or counterclaim is directed. The factual issues in
12 dispute should track the elements of a claim or defense upon which the jury would be
13 required to make findings. Counsel should state issues in ultimate fact form, not as
14 evidentiary fact issues (i.e., "was the defendant negligent," "was defendant's negligence
15 the proximate cause of plaintiff's injury;" not "was the plaintiff standing on the corner of
16 12th Street and Lemon Avenue at 10:00 a.m. on March 1"). Issues of law should state
17 legal issues upon which the Court will be required to rule after the Pre-Trial Conference,
18 including during the trial, and should not list ultimate fact issues to be submitted to the
19 trier of fact.

20        In drafting the PTCO, the court expects that counsel will attempt to agree on
21 and set forth as many non-contested facts as possible. The court will normally read the
22 uncontested facts to the jury at the start of the trial. Carefully drafted and
23 comprehensively stated stipulation of facts will reduce the length of trial and increase
24 jury understanding of the case.

25        If expert witnesses are to be called at trial, each party must list and identify its
26 respective expert witnesses, both retained and non-retained. Failure of a party to list
27 and identify an expert witness in the Proposed Pre-Trial Conference Order shall
28 preclude a party from calling that expert witness at trial.

7

EXHIBIT __1__

PAGE __12__

1       This case has been placed on calendar for a Final Pretrial Conference ("PTC")
2  pursuant to Fed. R. Civ. P. 16 and Local Rule 16-1, unless the PTC was expressly
3  waived at the Scheduling Conference by the court. Unless excused for good cause,
4  each party appearing in this action shall be represented at the PTC and all pretrial
5  meetings of counsel, by lead trial counsel. The failure to attend the PTC or to submit
6  the required pretrial documents may result in the dismissal of the action, striking the
7  answer and entering a default, and/or the imposition of sanctions.

8       A continuance of the Final Pretrial Conference at counsel's request or
9  stipulation will only be approved upon a showing of good cause. Counsel should plan
10 to do the necessary pretrial work on a schedule which will insure its completion with
11 time to spare before the Final Pretrial Conference. Specifically, failure to complete
12 discovery work, including expert discovery, is not a ground for a continuance.

13      Compliance with the requirements of Local Rules 16-1 to 16-13 is required by
14 the court. Carefully prepared Memoranda of Contentions of Fact (which may also serve
15 as the trial brief) and a proposed Final Pretrial Conference Order shall be submitted in
16 accordance with the provisions of Local Rule 16-6 and the form of the proposed Final
17 Pretrial Conference Order shall be in conformity with the format set forth in Appendix A
18 to the Local Rules.

19      At the PTC, counsel should be prepared to discuss means of streamlining the
20 trial, including, but not limited to: bifurcation, presentation of non-critical testimony by
21 deposition excerpts, stipulations as to the content of testimony, presentation of
22 testimony on direct examination by declaration subject to cross-examination, and
23 qualification of experts by admitted resumes. In certain cases where the PTC is waived
24 by the court, counsel must follow Local Rule 16-10.

25      **8.  Witness List and Times Estimates:** Counsel shall prepare a list of their
26 witnesses, an estimate of the length of time needed for direct examination for each
27 witness, and whether the witness will testify by deposition or in person. Counsel shall
28

8

EXHIBIT ___1___
PAGE ___13___

1    exchange these lists with opposing counsel.[1] **Counsel shall jointly file a single**
2    **witness list, including estimates for direct examination of their own witnesses**
3    **and estimates for cross-examination of opposing witnesses.** This list shall be filed
4    at the time counsel lodge the Proposed Pre-Trial Conference Order, i.e., fourteen (14)
5    days before the Pre-Trial Conference.

6       **9.    Jury Instructions and Verdict Forms:** Fourteen (14) calendar days prior to
7    counsel's Rule 16 pre-trial meeting, counsel shall exchange proposed jury instructions
8    (general and special) and special verdict forms (if applicable). Seven (7) calendar days
9    prior to the Rule 16-2 meeting, counsel shall exchange any objections to the
10   instructions and special verdict forms. Prior to, or at the time of the Rule 16 meeting,
11   counsel shall meet and confer with the goal of reaching agreement on one set of joint
12   jury instructions and one special verdict form.

13         The parties should make every attempt to agree upon the jury instructions
14   before submitting them to the Court. The Court expects counsel to agree on the
15   substantial majority of jury instructions, particularly when pattern instructions provide a
16   statement of applicable law. When the Manual of Model Civil Jury Instructions for the
17   Ninth Circuit provides a version of an applicable requested instruction, the parties
18   should submit the most recent version of the Model instruction. Where language
19   appears in brackets in the model instruction, counsel shall select the appropriate text
20   and eliminate the inapplicable bracketed text. Where California law applies, counsel
21   should use California Jury Instructions – Civil (8th ed.) ("BAJI"). If neither of the above
22   sources is applicable, counsel are directed to use the instructions from O'Malley, Grenig
23   & Lee (formerly Devitt, et al.), Federal Jury Practice and Instructions (latest edition).
24   Each requested jury instruction shall cover only one subject or principle of law and shall
25   be numbered and set forth in full on a separate page, citing the authority or source of
26   the requested instruction (except for the "clean" jury copy discussed below).

27

28       [1] See "Joint Trial Witness Estimate Form" appended to this order.

9

EXHIBIT ___
PAGE ___

1        When the parties disagree on an instruction, the party opposing the instruction
2  must attach a short statement (one to two paragraphs) supporting the objection, and
3  the party submitting the instruction must attach a short statement supporting the
4  instruction. Each statement should be on a separate page and should follow directly
5  after the disputed Instruction.

6        The parties ultimately must submit one document or, if the parties disagree
7  over any proposed jury instructions, two documents. If the parties submit two
8  documents, those documents shall consist of: (a) a set of Joint Proposed Jury
9  Instructions and (b) a set of Disputed Jury Instructions, along with reasons supporting
10  and opposing each disputed instruction in the format set forth in the previous
11  paragraph.

12        The parties must file proposed jury instructions fourteen (14) calendar days
13  before the Pre-Trial Conference. If the court is closed that day, counsel shall file the
14  proposed instructions the preceding Friday. No later than 4:00 p.m. on the date such
15  instructions are due, the parties must submit conformed courtesy copies to the Court's
16  courtesy box located outside the entrance to Courtroom 1, United States District Court,
17  3470 Twelfth Street, 2nd Floor, Riverside, California. Counsel shall also provide the
18  Court with a 3½ inch diskette compatible with WordPerfect version 11.0 or lower
19  containing the proposed jury instructions, in accordance with this paragraph and the
20  previous paragraph.

21        The Court will send a copy of the instructions into the jury room for the jury's
22  use during deliberations. Accordingly, in addition to the file copies described above, the
23  diskette submitted with the jury instructions shall contain a "clean set" of Joint Proposed
24  and/or Disputed Jury Instructions, containing only the text of each instruction set forth in
25  full on each page, with the caption "Court's Instruction No. __" (eliminating titles,
26  supporting authority, indication of party proposing, etc.).

27        An index page shall accompany all jury instructions submitted to the Court.
28  The index page shall indicate the following:

10

EXHIBIT 1
PAGE 15

1    (a) The number of the instruction;

2    (b) A brief title of the instruction;

3    (c) The source of the instruction and any relevant case citations; and

4    (d) The page number of the instruction.

5    EXAMPLE:

6    | Number | Title | Source | Page |
     |--------|-------|--------|------|
7    | 1 | Trademark-Defined<br>(15 U.S.C. § 1127) | 9th Cir. 15.3.2 | 7 |

8
     Along with the jury instructions, counsel shall submit any necessary special
9
     verdict form fourteen (14) calendar days before the Pre-Trial Conference.
10
     **10. Voir Dire Questions:** Counsel may, but need not, submit brief proposed voir
11
     dire questions for the jury at the Pre-Trial Conference. The Court will conduct its own
12
     voir dire after consulting any proposed voir dire submitted by counsel. After the Court
13
     conducts its own voir dire, counsel will be provided an opportunity to ask supplemental
14
     questions subject to Court approval.
15
     **11. Joint Statement of the Case:** Counsel shall submit a joint statement of the
16
     case at the Pretrial Conference. The joint statement of the case will be read to the
17
     prospective panel of jurors prior to the commencement of voir dire. The statement
18
     should not exceed one page. The statement shall be filed with the Court no later than
19
     4:00 p.m., on the Wednesday prior to the Pre-Trial Conference.
20
     **12. Exhibits:** The parties shall file their witness lists and exhibits lists in
21
     accordance with Local Rule 16. Counsel are to assemble their exhibits by placing them
22
     in three-ring binders labeled on the spine portion of the binder showing both the volume
23
     number and the exhibit numbers. Each exhibit shall be separated by a tabbed divider
24
     on the right side. Counsel shall provide original exhibits for the courtroom deputy clerk
25
     and a duplicate set for the judge. The original exhibits shall be tagged with the
26
     appropriate exhibit tags in the upper or lower right corner of the first page of each
27
     exhibit and include the case number, case name, and exhibit number. Each binder
28

11    EXHIBIT ___1___
      PAGE ___16___

1   shall contain a Table of Contents.  Counsel must comply with Local Rule 26-4 when
2   numbering the exhibits.  The Clerk's Office, located at the United States District Court,
3   3470 Twelfth Street, Riverside, California can supply counsel with appropriate exhibit
4   tags.

5          The Court requires the following to be submitted to the courtroom deputy clerk
6   on the first day of trial: (a) The original exhibits with the Court's exhibit tags; (b) one
7   bench book with a copy of each exhibit for the Court's use, tabbed as described above;
8   (c) three (3) copies of exhibit lists and a floppy disk containing the exhibit list; (d) three
9   (3) copies of witness lists in the order in which the witnesses will be called to testify; and
10  (e) file a Notice of Lodging of Deposition Transcripts  (original and 2 copies) and Lodge
11  all anticipated trial deposition transcripts directly with the deputy clerk in the courtroom.

12         All counsel are to meet no later than ten (10) calendar days before trial to
13  discuss  and agree to the extent possible on issues including foundation and
14  admissibility.

15         **13. Pre-Trial Exhibit Stipulation:**  The parties shall prepare a Pre-Trial Exhibit
16  Stipulation which shall contain each party's numbered list of trial exhibits, with
17  objections, if any, to each exhibit including the basis of the objection and the offering
18  party's response. All exhibits to which there is no objection shall be deemed admitted.
19  All parties shall stipulate to the authenticity of exhibits whenever possible, and the Pre-
20  Trial Exhibit Stipulation shall identify any exhibits whose authenticity has not been
21  stipulated to and the specific reasons for the party's failure to stipulate.

22         The Stipulation shall be substantially in the following form:
23                                Pre-Trial Exhibit Stipulation
24  Plaintiff's Exhibits

25  | Number | Description | Objection | Response to Question |
26

27  Defendant's Exhibits

28  | Number | Description | Objection | Response to Question |

12

EXHIBIT ___1___
PAGE ___17___

2    The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel lodges
3  the Proposed Pre-Trial Conference Order. Failure to comply with this paragraph may
4  constitute a waiver of all objections.

5    **14. Findings of Fact and Conclusions of Law:** For a non-jury trial, counsel for
6  each party shall lodge proposed findings of fact and conclusions of law fourteen (14)
7  days before trial. The parties should deliver to chambers a copy of these findings and
8  conclusions of law on disk in WordPerfect format.

9         (a)    Underline in red the portions which it disputes;

10        (b)    Underline in blue the portions which it admits; and

11        (c)    Underline in black the portions which it deems not disputed, but
12               deems irrelevant.

13    Counsel may agree with a part of a finding or conclusion, disagree with a part
14  of it and/or consider a part of irrelevant.

15    Two marked copies of opposing counsel's proposed findings of fact and
16  conclusions of law shall be lodged with the court seven (7) days before trial and one
17  marked copy shall be served on opposing counsel. Courtesy copies of the marked
18  copies shall be deposited in the drop box located outside the entrance of Courtroom 1
19  of the above-entitled court on the date due.

20    **15. Settlement:** Local Rule 16-14.2 provides that the Settlement Conference
21  shall be conducted not later than 45 days before the Pretrial Conference. The Court
22  believes that in most cases completion of all discovery and dispositive motions will help
23  the parties assess their positions before they embark on the costly pre-trial process.
24  However, in many cases, the parties find it more difficult to settle after they have
25  incurred the cost of all discovery and motion practice. Accordingly, the Court strongly
26  encourages counsel and the parties to pursue settlement earlier.

27    The Court has a keen interest in helping the parties achieve settlement. If the
28  parties believe that it would be more likely that a settlement would be reached if they

13

EXHIBIT __1__

PAGE __18__

1  conduct settlement conference at an earlier time than that specified by the Court, they
2  should conduct it at that time. In any event, the parties must file a Status Report re
3  Settlement at the time they lodge the Proposed Pretrial Order.

4      The Court will not conduct settlement conferences in non-jury cases which the
5  Court will try. In jury cases, the Court will conduct a settlement conference at the
6  parties' request if three conditions exist: (a) The parties are satisfied that the fact issues
7  in the case will be tried to a jury; (b) all significant pre-trial rulings which Court must
8  make have been made; and (c) the parties desire the Court to conduct the conference,
9  understanding that if settlement fails, the Court will preside over the trial of the case.

10      **If a settlement is reached, it shall be reported immediately to this Court as**
11  **required by Local Rule 16-14.7.**

12      16. The failure to attend the pretrial conference or to submit timely in conformity
13  with the format set forth in this order, the jury instructions, pre-trial exhibit stipulation,
14  joint statement of the case, voir dire questions, summary of witness testimony and
15  times estimates, proposed Pretrial Conference Order or the memorandum of
16  contentions of fact and law may result in the dismissal of the action, striking the answer
17  and entering default and/or the imposition of sanctions.

18      17. **Telephonic Status Conference:**

19      Telephonic status conferences are sometimes set by the court to discuss
20  settlement status and other pending issues. If a telephonic status conference has been
21  set, all counsel are ordered to discuss the matter with their clients and opposing
22  counsel before the telephonic status conference. Plaintiff's counsel must make the
23  arrangements and place the conference call. Plaintiff's counsel shall include all counsel
24  of record and the Court on the date and time scheduled. The conference operator is to
25  place the final call to the Court at (951) 328-4410. To assist the Court and staff,
26  participants shall identify themselves each time they speak. No cellular telephones or
27  speaker telephones will be allowed.

28

14

EXHIBIT ___1___
PAGE ___19___

1          **Internet Site**

2          Counsel are encouraged to review the Central District's website for additional

3     information.  The address is "http: //www.cacd.uscourts.gov"

4

5          The courtroom deputy clerk is ordered to serve a copy of this Order by mail,

6     facsimile or e-mail on counsel for all parties to this action.

7

8          IT IS SO ORDERED.

9     Dated:  _____FEB 2 1 2007_____

10

11

12

13     STEPHEN G. LARSON
       UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

EXHIBIT __1__
PAGE __20__

## Joint Trial Witness Estimate Form

Case:_____

Trial Date:_____

|  | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1. |  |  |  |  |  |
| 2. |  |  |  |  |  |
| 3. |  |  |  |  |  |
| 4. |  |  |  |  |  |
| 5. |  |  |  |  |  |
| 6. |  |  |  |  |  |
| 7. |  |  |  |  |  |
| 8. |  |  |  |  |  |
| 9. |  |  |  |  |  |
| 10. |  |  |  |  |  |
| 11. |  |  |  |  |  |
| 12. |  |  |  |  |  |
|  | Total Estimates This Page: |  |  |  |  |

**Instructions:**
(1) List witnesses (last name first); (2) For description, be extremely brief, e.g. "eyewitness to accident." Or "expert on standard of care"(3) Use estimates within fractions of an hour, rounded off to the closest quarter of an hour. e.g. if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column. e.g., "Needs interpreter." (5) Entries may be in handwriting if very neat and legible.

EXHIBIT PAGE 21

**SEND**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| MGA ENTERTAINMENT, INC., | Case No. CV 05-02727 SGL(RNBx) |
|     Plaintiff, | SCHEDULING ORDER [FRCP 16(b)] |
| v. | 1.  Establishing a Discovery Cut-off Date of March 3, 2008 |
| MATTEL, INC., | 2.  Non-Discovery Motion Hearing Cutoff date of April 7, 2008, at 10:00 a.m. |
|     Defendants. | 3.  Setting Final Pretrial Conference for June 2, 2008, at 11:00 a.m. |
| | 4.  Setting Jury Trial Date of July 1, 2008, at 9:30 a.m. |

**READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

FEB 2 2 2007

The above matter is set for trial before the Honorable Stephen G. Larson, United States District Judge, Courtroom 1, United States District Court, Eastern Division, 2nd Floor, Riverside, California.

1.    **Discovery Cut-Off:** This is the last date to complete discovery, including

DOCKETED ON C.

FEB 2 2 2007

1  expert discovery, and the resolution of any discovery motions before this court. If expert
2  witnesses are to be called at trial, the parties shall designate experts to be called at trial and
3  provide reports required by Fed. R. Civ. P. 26(a)(B), not later than eight weeks prior to the
4  discovery cutoff date. Rebuttal expert witnesses shall be designated and reports provided as
5  required by Fed.R.Civ.P. 26(a)(2)(B), not later than five weeks prior to the discovery cutoff
6  date. Failure to timely comply with this deadline may result in the expert being excluded at
7  trial as a witness. The Court requires compliance with Local Rule 37-1 and 37-2 in the
8  preparation and filing of discovery motions. Discovery motions may not be heard on an ex
9  parte basis.

10     2.      **Joinder of Parties and Amendment of Pleadings:**  Any motions to join other
11  parties or for leave to amend the pleadings shall be filed within sixty (60) days of the date of
12  this Order so that they can be heard and decided prior to the deadline. This deadline does
13  not apply if the deadline for joining parties or amending pleadings has already been
14  calendared or occurred by virtue of an order issued by another Judge.

15      In addition to the requirements of Local Rules 15-1, 15-2, and 15-3, all motions to
16  amend the pleadings shall (a) state the effect of the amendment; (b) be serially numbered to
17  differentiate the amendment from previous amendments and (c) state the page, line
18  number(s), and wording of any proposed change or addition of material.

19     3.      **Motion Filing Cut-Off:** The Court hears motions on Mondays at 10:00 a.m.
20  The motion filing cut-off date is the last day motions may be heard (not filed). The Court will
21  not decide late motions. Issues left undetermined by the passage of the motion cut-off date
22  should be listed as issues for trial in the Final Pretrial Conference Order. As an exception to
23  the above, motions in limine dealing with evidentiary matters may be heard at or before trial;
24  however, summary judgment motions disguised as motions in limine will not be heard.
25  Parties need not wait until the discovery cut-off to bring motions for summary judgment or
26  partial summary judgment. However, in the usual case, the court expects that more than the
27  minimum notice will be provided to counsel opposing motions for summary judgment. In the
28

2

EXHIBIT __1__
PAGE __23__

1   usual case, the parties should confer and agree on the date for setting such motions.

2       Ex parte applications are entertained solely for extraordinary relief. See Mission Power

3   Eng. Co. v. Continential Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995). Strict adherence to

4   proper ex parte procedures is required for any ex parte application filed with the Court.

5       4.   **Stipulations to Extend Time:**  Stipulations to extend the time to file any required

6   document or to continue any pretrial or trial date must set forth (a) the existing due date or

7   hearing date; (b) the current pretrial conference date and trial date; (c) the specific reasons

8   supporting good cause for granting the extension or continuance; and (d) whether there have

9   been any prior requests for extensions or continuances, and whether these were granted or

10  denied by the Court.

11      5.   **Summary Judgment Motions:**  The Separate Statement of Undisputed Facts is to

12  be prepared in a two-column format.  The left-hand column should set forth the allegedly

13  undisputed fact.  The right-hand column should set forth the evidence that supports the

14  factual statement. The fact statements should be set forth in sequentially numbered

15  paragraphs.  Each paragraph should contain a narrowly focused statement of fact.  Each

16  numbered paragraph should address a single subject in as concise a manner as possible.

17      The opposing party's statement of genuine issues must be in two columns and

18  track the movant's separate statement exactly as prepared.  The document must be in two

19  columns; the left-hand column must restate the allegedly undisputed fact, and the right-hand

20  column must indicate either undisputed, or disputed.  The opposing party may dispute all or

21  only a portion of the statement, but if disputing only a portion, must clearly indicate what part

22  is being disputed.  Where the opposing party is disputing the fact in whole or part, the

23  opposing party must, in the right-hand column, label and restate the moving party's evidence

24  in support of the fact, followed by the opposing party's evidence controverting the fact.

25  Where the opposing party is disputing the fact on the basis of an evidentiary objection, the

26  party must cite to the evidence alleged to be objectionable and state the ground of the

27

28

3

EXHIBIT ___I___
PAGE ___24___

1   objection and nothing more.  **No argument should be set forth in this document.**

2        The opposing party may submit additional material facts that bear on or relate to the

3   issues raised by the movant, which shall follow the format described above for the moving

4   party's separate statement.  These additional facts shall follow the movant's facts, shall

5   continue in sequentially numbered paragraphs (i.e., if movant's last statement of fact was set

6   forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall set

7   forth in the right hand column the evidence that supports that statement.

8        The moving party, in its reply, shall respond to the additional facts in the same

9   manner and format that the opposition party is required to adhere to in responding to the

10  statement of undisputed facts, as described above.

11        (a)  <u>**Supporting Evidence:**</u> No party should submit any evidence other than the

12  specific items of evidence or testimony necessary to support or controvert a proposed

13  statement of undisputed fact.  Thus, for example, the entire transcript of a deposition, entire

14  sets of interrogatory responses, and documents that do not specifically support or controvert

15  material in the separate statements, should not be submitted in support or opposition to a

16  motion for summary judgment.  Any such material will not be considered.

17        Evidence submitted in support of or in opposition to a motion should be submitted

18  either by way of stipulation or as exhibits to declarations sufficient to authenticate the

19  proffered evidence, and should not be attached to the Memorandum of Points and

20  Authorities.  The Court will accept counsel's authentication of deposition transcript, of written

21  discovery responses, and of the <u>receipt</u> of documents in discovery <u>if the fact that the</u>

22  <u>document was in the opponent's possession is of independent significance</u>.  Documentary

23  evidence as to which there is no stipulation regarding foundation must be accompanied by

24  the testimony, either by declaration or properly authenticated deposition transcript, of a

25  witness who can establish its authenticity.

26        If evidence in support of or in opposition to a motion exceeds twenty pages, the

27

28

4

EXHIBIT ___1___
PAGE ___25___

1   evidence must be in a separate bound volume and include a Table of Contents.

2       **(b) Objections to Evidence:** If a party disputes a fact based in whole or in part

3   on an evidentiary objection, the ground of the objection, as indicated above, should be

4   stated in the separate statement but not argued in that document. Evidentiary objections

5   are to be addressed in a separate memorandum to be filed with the opposition or reply brief

6   of the party. This memorandum should be organized **to track the paragraph numbers of**

7   **the separate statement in sequence**. It should identify the specific item of evidence to

8   which objection is made, the ground of the objection, and a very brief argument with citation

9   to authority as to why the objection is well taken. The following is an example of the format

10  contemplated by the Court:

11          Separate Statement Paragraph 1: Objection to the supporting deposition transcript

12          of Jane Smith at 60:1-10 on the grounds that the statement constitutes inadmissible

13          hearsay and no exception is applicable. To the extent it is offered to prove her

14          state of mind, it is irrelevant since her state of mind is not in issue.

15          Fed. R. Evid. 801, 802.

16      Do not submit blanket or boilerplate objections to the opponent's statements of

17  undisputed fact: these will be disregarded and overruled.

18      **(c) The Memorandum of Points and Authorities:** The movant's memorandum of

19  points and authorities should be in the usual form required under Local Rule 7-5 and should

20  contain a narrative statement of facts as to those aspects of the case that are before the

21  Court. All facts should be supported with citations to the paragraph number in the Separate

22  Statement that supports the factual assertion and not to the underlying evidence.

23      Unless the case involves some unusual twist on Rule 56, the motion need only

24  contain a brief statement of the Rule 56 standard; the Court is familiar with the Rule and

25  with its interpretation under Celotex and its progeny. If at all possible, the argument should

26  be organized to focus on the pertinent elements of the cause(s) of action or defense(s) in

27

28

EXHIBIT ___1___
PAGE ___26___

1  issue, with the purpose of showing the existence or non-existence of a genuine issue of

2  material fact for trial on that element of the claim or defense.

3       Likewise, the opposition memorandum of points and authorities should be in the

4  usual form required by Local Rule 7-5, and where the opposition memorandum sets forth

5  facts, the memorandum should cite to paragraphs in the separate statement if they are not in

6  dispute, to the evidence that contravenes the fact where the fact is in dispute or, if the fact is

7  contravened by an additional fact in the statement of genuine issues, the citation should be

8  to such fact by paragraph number.

9       **(d) Timing:** In virtually every case, the Court expects that the moving party will

10  provide more than the minimum twenty-one (21) day notice for such motions. The moving

11  party should deliver to chambers a copy of a diskette, in WordPerfect format (11.0 or earlier

12  versions), containing the Statement of Uncontroverted Facts and Conclusions of Law.

13    6.  **Motions in Limine:** The parties must file motions in limine addressing the

14  admissibility of evidence in accordance with Local Rule 7-3. The parties shall file their

15  opposing and reply papers in accordance with Local Rules 7-9 and 7-10 respectively.

16    7.  **Pretrial Conference and Trial Setting:** Compliance with the requirements of

17  Local Rule 16 is mandatory. Counsel shall submit carefully prepared Memoranda of

18  Contentions of Fact and Law (which may also serve as the trial briefs) and Proposed Pre-

19  Trial Conference Order ("PTCO") in accordance with the provisions of Local Rules 16-1

20  through 16-7. The Proposed Pre-Trial Conference Order shall conform to the example set

21  forth in Appendix A to the Local Rules, modified as necessary to comply with this order.

22       The Memoranda of Contentions of Fact and Law, Exhibit Lists, and Witness Lists

23  shall be served and filed no later than fourteen (14) calendar days before the Pre-Trial

24  Conference. The Proposed Pre-Trial Conference Order shall be lodged fourteen (14)

25  calendar days before the Pre-Trial Conference.

26       The Proposed Pre-Trial Conference Order must contain a Table of Contents. Place

27

28

6

EXHIBIT __1__

PAGE __27__

1  in all capital letters and in bold the separately numbered headings for each category in the

2  PTCO. Under paragraph 1, list each claim, counterclaim, or defense that has been

3  dismissed or abandoned. In multiple-party cases where not all claims or counterclaims will

4  be prosecuted against all remaining parties on the other side, please specify to which party

5  each claim or counterclaim is directed. The factual issues in dispute should track the

6  elements of a claim or defense upon which the jury would be required to make findings.

7  Counsel should state issues in ultimate fact form, not as evidentiary fact issues (i.e., "was the

8  defendant negligent," "was defendant's negligence the proximate cause of plaintiff's injury;"

9  not "was the plaintiff standing on the corner of 12th Street and Lemon Avenue at 10:00 a.m.

10  on March 1"). Issues of law should state legal issues upon which the Court will be required

11  to rule after the Pre-Trial Conference, including during the trial, and should not list ultimate

12  fact issues to be submitted to the trier of fact.

13          In drafting the PTCO, the court expects that counsel will attempt to agree on and

14  set forth as many non-contested facts as possible. The court will normally read the

15  uncontested facts to the jury at the start of the trial. Carefully drafted and comprehensively

16  stated stipulation of facts will reduce the length of trial and increase jury understanding of the

17  case.

18          If expert witnesses are to be called at trial, each party must list and identify its

19  respective expert witnesses, both retained and non-retained. <u>Failure of a party to list and</u>

20  <u>identify an expert witness in the  Proposed Pre-Trial Conference Order shall preclude a party</u>

21  <u>from calling that expert witness at trial.</u>

22          This case has been placed on calendar for a Final Pretrial Conference ("PTC")

23  pursuant to Fed. R. Civ. P. 16 and Local Rule 16-1, <u>et seq.</u>, unless the PTC was expressly

24  waived at the Scheduling Conference by the court. Unless excused for good cause, each

25  party appearing in this action shall be represented at the PTC and all pretrial meetings of

26  counsel, by lead trial counsel. The failure to attend the PTC or to submit the required pretrial

27

28

EXHIBIT    1
PAGE    28

1  documents may result in the dismissal of the action, striking the answer and entering a
2  default, and/or the imposition of sanctions.

3      A continuance of the Final Pretrial Conference at counsel's request or stipulation
4  will only be approved upon a showing of good cause.  Counsel should plan to do the
5  necessary pretrial work on a schedule which will insure its completion with time to spare
6  before the Final Pretrial Conference.  Specifically, failure to complete discovery work,
7  including expert discovery, is not a ground for a continuance.

8      Compliance with the requirements of Local Rules 16-1 to 16-13 is required by the
9  court.  Carefully prepared Memoranda of Contentions of Fact (which may also serve as the
10 trial brief) and a proposed Final Pretrial Conference Order shall be submitted in accordance
11 with the provisions of Local Rule 16-7 and the form of the proposed Final Pretrial Conference
12 Order shall be in conformity with the format set forth in Appendix A to the Local Rules.

13     At the PTC, counsel should be prepared to discuss means of streamlining the trial,
14 including, but not limited to: bifurcation, presentation of non-critical testimony by deposition
15 excerpts, stipulations as to the content of testimony, presentation of testimony on direct
16 examination by declaration subject to cross-examination, and qualification of experts by
17 admitted resumes.  In certain cases where the PTC is waived by the court, counsel must
18 follow Local Rule 16-11.

19     8.   **Witness List and Times Estimates:**  Counsel shall prepare a list of their witnesses,
20 an estimate of the length of time needed for direct examination for each witness, and whether
21 the witness will testify by deposition or in person.  Counsel shall exchange these lists with
22 opposing counsel.[1]  **Counsel shall jointly file a single witness list, including estimates for**
23 **direct examination of their own witnesses and estimates for cross-examination of**
24 **opposing witnesses.**  This list shall be filed at the time counsel lodge the Proposed Pre-Trial
25
26
27     [1]  See "Joint Trial Witness Estimate Form" appended to this order.
28

8

EXHIBIT ___1___
PAGE ___29___

1  Conference Order, i.e., fourteen (14) days before the Pre-Trial Conference.

2      **9.    Jury Instructions and Verdict Forms:**  Fourteen (14) calendar days prior to

3  counsel's Rule 16 pre-trial meeting, counsel shall exchange proposed jury instructions

4  (general and special) and special verdict forms (if applicable).  Seven (7) calendar days prior

5  to the Rule 16-2 meeting, counsel shall exchange any objections to the instructions and

6  special verdict forms.  Prior to, or at the time of the Rule 16 meeting, counsel shall meet and

7  confer with the goal of reaching agreement on one set of joint jury instructions and one special

8  verdict form.

9          The parties should make every attempt to agree upon the jury instructions before

10  submitting them to the Court.  The Court expects counsel to agree on the substantial majority

11  of jury instructions, particularly when pattern instructions provide a statement of applicable law.

12  When the Manual of Model Civil Jury Instructions for the Ninth Circuit provides a version of an

13  applicable requested instruction, the parties should submit the most recent version of the

14  Model instruction.  Where language appears in brackets in the model instruction, counsel shall

15  select the appropriate text and eliminate the inapplicable bracketed text.  Where California law

16  applies, counsel should use <u>Judicial Council of California Civil Jury Instructions</u> (June 2006)

17  ("CACI").  If neither of the above sources is applicable, counsel are directed to use the

18  instructions from O'Malley, Grenig & Lee (formerly Devitt, <u>et al.</u>), <u>Federal Jury Practice and</u>

19  <u>Instructions</u> (latest edition).  Each requested jury instruction shall cover only one subject or

20  principle of law and shall be numbered and set forth in full on a separate page, citing the

21  authority or source of the requested instruction (except for the "clean" jury copy discussed

22  below).

23          When the parties disagree on an instruction, the party opposing the instruction must

24  attach a short statement (one to two paragraphs) supporting the objection, and the party

25  submitting the instruction must attach a short statement supporting the instruction.  Each

26  statement should be on a separate page and should follow directly after the disputed

27

28

9

EXHIBIT ___1___
PAGE ___30___

1 | instruction.

2 |      The parties ultimately must submit one document or, if the parties disagree over any

3 | proposed jury instructions, two documents. If the parties submit two documents, those

4 | documents shall consist of: (a) a set of Joint Proposed Jury Instructions and (b) a set of

5 | Disputed Jury Instructions, along with reasons supporting and opposing each disputed

6 | instruction in the format set forth in the previous paragraph.

7 |      The parties must file proposed jury instructions fourteen (14) calendar days before

8 | the Pre-Trial Conference. If the court is closed that day, counsel shall file the proposed

9 | instructions the preceding Friday. No later than 4:00 p.m. on the date such instructions are

10 | due, the parties must submit conformed courtesy copies to the Court's courtesy box located

11 | outside the entrance to Courtroom 1, United States District Court, 3470 Twelfth Street, 2nd

12 | Floor, Riverside, California. Counsel shall also provide the Court with a 3½ inch diskette

13 | compatible with WordPerfect version 11.0 or lower containing the proposed jury instructions, in

14 | accordance with this paragraph and the previous paragraph.

15 |      The Court will send a copy of the instructions into the jury room for the jury's use

16 | during deliberations. Accordingly, in addition to the file copies described above, the diskette

17 | submitted with the jury instructions shall contain a "clean set" of Joint Proposed and/or

18 | Disputed Jury Instructions, containing only the text of each instruction set forth in full on each

19 | page, with the caption "Court's Instruction No. ___" (eliminating titles, supporting authority,

20 | indication of party proposing, etc.).

21 |      An index page shall accompany all jury instructions submitted to the Court. The

22 | index page shall indicate the following:

23 |      (a) The number of the instruction;

24 |      (b) A brief title of the instruction;

25 |      (c) The source of the instruction and any relevant case citations; and

26 |      (d) The page number of the instruction.

27 |

28 |

EXHIBIT __ℓ__
PAGE __31__

EXAMPLE:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 15.3.2 | 7 |

Along with the jury instructions, counsel shall submit any necessary special verdict form fourteen (14) calendar days before the Pre-Trial Conference.

**10. Voir Dire Questions:** Counsel may, but need not, submit brief proposed voir dire questions for the jury at the Pre-Trial Conference. The Court will conduct its own voir dire after consulting any proposed voir dire submitted by counsel. After the Court conducts its own voir dire, counsel will be provided an opportunity to ask supplemental questions subject to Court approval.

**11. Joint Statement of the Case:** Counsel shall submit a joint statement of the case at the Pretrial Conference. The joint statement of the case will be read to the prospective panel of jurors prior to the commencement of voir dire. The statement should not exceed one page. The statement shall be filed with the Court no later than 4:00 p.m., on the Wednesday prior to the Pre-Trial Conference.

**12. Exhibits:** The parties shall file their witness lists and exhibits lists in accordance with Local Rule 16. Counsel are to assemble their exhibits by placing them in three-ring binders labeled on the spine portion of the binder showing both the volume number and the exhibit numbers. Each exhibit shall be separated by a tabbed divider on the right side. Counsel shall provide original exhibits for the courtroom deputy clerk and a duplicate set for the judge. The original exhibits shall be tagged with the appropriate exhibit tags in the upper or lower right corner of the first page of each exhibit and include the case number, case name, and exhibit number. Each binder shall contain a Table of Contents. Counsel must comply with Local Rule 26-3 when numbering the exhibits. The Clerk's Office, located at the United States District Court, 3470 Twelfth Street, Riverside, California can supply counsel with appropriate exhibit tags.

11

EXHIBIT __1__
PAGE __32__

1       The Court requires the following to be submitted to the courtroom deputy clerk on the

2   first day of trial: (a) The original exhibits with the Court's exhibit tags; (b) one bench book with

3   a copy of each exhibit for the Court's use, tabbed as described above; (c) three (3) copies of

4   exhibit lists and a floppy disk containing the exhibit list; (d) three (3) copies of witness lists in

5   the order in which the witnesses will be called to testify; and (e) file a Notice of Lodging of

6   Deposition Transcripts  (original and 2 copies) and Lodge all anticipated trial deposition

7   transcripts directly with the deputy clerk in the courtroom.

8       All counsel are to meet no later than ten (10) calendar days before trial to discuss

9   and agree to the extent possible on issues including foundation and admissibility.

10      **13. Pre-Trial Exhibit Stipulation:**  The parties shall prepare a Pre-Trial Exhibit

11  Stipulation which shall contain each party's numbered list of trial exhibits, with objections, if

12  any, to each exhibit including the basis of the objection and the offering party's response.  All

13  exhibits to which there is no objection shall be deemed admitted.  All parties shall stipulate to

14  the authenticity of exhibits whenever possible, and the Pre-Trial Exhibit Stipulation shall

15  identify any exhibits whose authenticity has not been stipulated to and the specific reasons for

16  the party's failure to stipulate.

17      The Stipulation shall be substantially in the following form:

18                      Pre-Trial Exhibit Stipulation

19  Plaintiff's Exhibits

20  Number      Description      Objection      Response to Question

21

22  Defendant's Exhibits

23  Number      Description      Objection      Response to Question

24

25      The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel lodges the

26  Proposed Pre-Trial Conference Order.  Failure to comply with this paragraph may constitute a

27

28

12

EXHIBIT __1__

PAGE __33__

1 | waiver of all objections.

2 | **14. Findings of Fact and Conclusions of Law:** For a non-jury trial, counsel for each

3 | party shall lodge proposed findings of fact and conclusions of law fourteen (14) days before

4 | trial. The parties should deliver to chambers a copy of these findings and conclusions of law

5 | on disk in WordPerfect format.

6 |             (a)    Underline in red the portions which it disputes;

7 |             (b)    Underline in blue the portions which it admits; and

8 |             (c)    Underline in black the portions which it deems not disputed, but deems

9 |                    irrelevant.

10 |         Counsel may agree with a part of a finding or conclusion, disagree with a part of it

11 | and/or consider a part of irrelevant.

12 |         Two marked copies of opposing counsel's proposed findings of fact and conclusions of

13 | law shall be lodged with the court seven (7) days before trial and one marked copy shall be

14 | served on opposing counsel. Courtesy copies of the marked copies shall be deposited in the

15 | drop box located outside the entrance of Courtroom 1 of the above-entitled court on the date

16 | due.

17 |         **15. Settlement:** Local Rule 16-15.2 provides that the Settlement Conference shall be

18 | conducted not later than 45 days before the Pretrial Conference. The Court believes that in

19 | most cases completion of all discovery and dispositive motions will help the parties assess

20 | their positions before they embark on the costly pre-trial process. However, in many cases,

21 | the parties find it more difficult to settle after they have incurred the cost of all discovery and

22 | motion practice. Accordingly, the Court strongly encourages counsel and the parties to pursue

23 | settlement earlier.

24 |         The Court has a keen interest in helping the parties achieve settlement. If the parties

25 | believe that it would be more likely that a settlement would be reached if they conduct

26 | settlement conference at an earlier time than that specified by the Court, they should conduct

27 |

28 |

EXHIBIT __1__

PAGE __34__

1   it at that time.  In any event, the parties must file a Status Report re Settlement at the time

2   they lodge the Proposed Pretrial Order.

3        The Court will not conduct settlement conferences in non-jury cases which the Court will

4   try.  In jury cases, the Court will conduct a settlement conference at the parties' request if

5   three conditions exist: (a) The parties are satisfied that the fact issues in the case will be tried

6   to a jury; (b) all significant pre-trial rulings which Court must make have been made; and (c)

7   the parties desire the Court to conduct the conference, understanding that if settlement fails,

8   the Court will preside over the trial of the case.

9        **If a settlement is reached, it shall be reported immediately to this Court as**

10  **required by Local Rule 16-15.7.**

11       16.  The failure to attend the pretrial conference or to submit timely in conformity

12  with the format set forth in this order, the jury instructions, pre-trial exhibit stipulation, joint

13  statement of the case, voir dire questions, summary of witness testimony and times estimates,

14  proposed Pretrial Conference Order or the memorandum of contentions of fact and law may

15  result in the dismissal of the action, striking the answer and entering default and/or the

16  imposition of sanctions.

17       17.  **Telephonic Status Conference:**

18       Telephonic status conferences are sometimes set by the court to discuss settlement

19  status and other pending issues.  If a telephonic status conference has been set, all counsel

20  are ordered to discuss the matter with their clients and opposing counsel before the telephonic

21  status conference.  Plaintiff's counsel must make the arrangements and place the conference

22  call.  Plaintiff's counsel shall include all counsel of record and the Court on the date and time

23  scheduled.  The conference operator is to place the final call to the Court at (951) 328-4410.

24  To assist the Court and staff, participants shall identify themselves each time they speak.  No

25  cellular telephones or speaker telephones will be allowed.

26                                   **Internet Site**

27

28

                                        14

EXHIBIT 1
PAGE 35

RightFAX                2/22/2007 3:18    PAGE 016/017    Fax Server

1    Counsel are encouraged to review the Central District's website for additional information.

2    The address is "http: //www.cacd.uscourts.gov".

3

4    The courtroom deputy clerk is ordered to serve a copy of this Order by mail, facsimile or

5    e-mail on counsel for all parties to this action.

6

7         IT IS SO ORDERED.

8    Dated: _____ FEB 2 1 2007–

9

10

11

12   STEPHEN G. LARSON
     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                        15

EXHIBIT ___1___
PAGE ___36___

## Joint Trial Witness Estimate Form

Case:_____                    Trial Date: _____

|  | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1. |  |  |  |  |  |
| 2. |  |  |  |  |  |
| 3. |  |  |  |  |  |
| 4. |  |  |  |  |  |
| 5. |  |  |  |  |  |
| 6. |  |  |  |  |  |
| 7. |  |  |  |  |  |
| 8. |  |  |  |  |  |
| 9. |  |  |  |  |  |
| 10. |  |  |  |  |  |
| 11. |  |  |  |  |  |
| 12. |  |  |  |  |  |
|  | **Total Estimates This Page:** |  |  |  |  |

**Instructions:**
(1) List witnesses (last name first); (2) For description, be extremely brief, _e.g._ "eyewitness to accident." Or "expert on standard of care"(3) Use estimates within fractions of an hour, rounded off to the closest quarter of an hour. _e.g._ if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column. _e.g._, "Needs interpreter." (5) Entries may be in handwriting if very neat and legible.

EXHIBIT
PAGE
37

RightFAX

2/22/2007 3:18   PAGE 017/017   Fax Server

# Confirmation Report — Memory Send

Page      : 001
Date & Time: 02-22-2007   03:24pm
Line 1    : 2136240643
Line 2    :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 447 |
| Date | : | 02-22  03:19pm |
| To | : | ☎76039#7943#13102755697 |
| Number of pages | : | 003 |
| Start time | : | 02-22  03:22pm |
| End time | : | 02-22  03:24pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number   : 447          *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
335 Madison Avenue, 17th Floor
New York, NY 10017
(212) 702-8100
Facsimile: (212) 702-8200

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

DATE:   February 22, 2007

NUMBER OF PAGES, INCLUDING COVER:

NAME/COMPANY

Wayne S. Ball
Browne Woods & George LLP

| PHONE NO. | FAX NO. |
|---|---|
| 310.274.7100 | 310.275.5697 |

FROM:   Iris K. Woon

RE:   Sargon v. USC

MESSAGE:

---

07943/1926513.1

| CLIENT # | 7943 | ROUTE/ RETURN TO: | Irma Felix – 4th Floor | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | CONFIRMED? | ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT   1
PAGE   38

RightFAX                        2/22/2007 3:18   PAGE 001/017   Fax Server

**From:**   Name:   United States District Court
                    312 North Spring Street
                    Los Angeles, CA 90012
            Voice Phone:   (213) 894-5474


**To:**     Name:   Michael Zeller
            Company:

                    865 S Figueroa St, 10th Floor,
            City/State:   Los Angeles, CA 90017-2543
            Fax Number:   213-443-3100



### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

## Automated Document Delivery Service
*Notice pursuant to Rule 77(d) FRCiv.P*
*The attached copy is hereby served upon you pursuant to Federal Rule of Civil Procedure 77(d).*

**ax Notes:**

ase 2:05-CV-02727 : MGA ENTERTAINMENT INC V. MATTEL INC ET AL


*ursuant to General Order 06-07, Section F, the following documents shall be submitted in the traditional manner: Pen Registers, Search Warrants, Seizure Warrants, Wire Taps, Bond Related Documents, Under Seal and In-Camera Documents, and All Charging Documents (Complaints, Informations, Indictments, and Superseding Charging Documents).  All other documents filed in cases unassigned to a judge shall be filed electronically with a copy e-mailed to the criminal intake mailbox for the appropriate division. The proper e-mail address for each division is as follows:*

*Western Division:  CrimIntakeCourtDocs-LA@cacd.uscourts.gov*
*Southern Division:  CrimIntakeCourtDocs-SA@cacd.uscourts.gov*
*Eastern Division:  CrimIntakeCourtDocs-RS@cacd.uscourts.gov*

*For additional information and assistance, please refer to the CM/ECF page on the Court website at www.cacd.uscourts.gov.*

**Switch to e-mail delivery and get these documents sooner!**
**To switch, complete and submit**
**Optical Scanning Enrollment / Update form G-76.**
**Call 213-894-5474 for help and free technical support.**

*f you received this document in error because the attorney with whom this document is directed is no longer the attorney on the case, a Notice of Change of Attorney Information, form G-6, must be filed. If there are other cases which you've received documents for which you are no longer the attorney, separate notices must be filed for each case. Failure to do so will result in the continued sending of documents to you. Form G-6 is available on the court's website at www.cacd.uscourts.gov or at the Clerk's Office.*

ate and time of transmission:        Thursday, February 22, 2007 3:14:36 PM
umber of pages including this cover sheet:  17

EXHIBIT ___1___
PAGE ___39___

Confirmation Report — Memory Send

Page         : 001
Date & Time: 02-22-2007   03:22pm
Line 1       : 2136240643
Line 2       :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 446 |
| Date | : | 02-22  03:18pm |
| To | : | ☎76039#20257#13104771699 |
| Number of pages | : | 016 |
| Start time | : | 02-22  03:18pm |
| End time | : | 02-22  03:22pm |
| Pages sent | : | 016 |
| Status | : | OK |

Job number    : 446          *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

DATE:    February 22, 2007          NUMBER OF PAGES, INCLUDING COVER:  16

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Rahul Ravipudi, Esq. | (310) 477-1700 | (310) 477-1699 |

FROM:    Allison Burkholder, Esq.

RE:    Gulati v. IBM

MESSAGE:    PLEASE SEE ATTACHED

20257/2008846.2

| CLIENT # | 20257 | ROUTE/RETURN TO: | Monica Ascarrunz | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: Rafael | | | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT    1
PAGE    40

**EXHIBIT 2**

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
**& ENTERED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date:  July 2, 2007

Title:    CARTER BRYANT -v- MATTEL, INC.
          AND CONSOLIDATED ACTIONS
=============================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                              Theresa Lanza
        Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER         ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                        John B. Quinn
                                     Brett Dylan Proctor
                                     Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:      ENTERED                    DOCKETED ON CM
                                CLERK, U.S. DISTRICT COURT
Dale M. Cendali                                            JUL - 5 2007
Patricia Glaser                      JUL - 5 2007

PROCEEDINGS:    MINUTE ORDER    CENTRAL DISTRICT OF CALIFORNIA   BY      164
                                EASTERN DIVISION    BY DEPUTY

        As set forth more fully herein, the Court hereby makes the following ruling regarding matters
heard on July 2, 2007:

(1)    The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)    The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's
       May 15, 2007, Order (docket #505);

(3)    The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                                    Initials of Deputy Clerk Jh
CIVIL -- GEN                        1              Time: 01/15

EXHIBIT 2
PAGE 41

608

07|c2|.7

regarding date of production of documents (docket #545); and

(4)  The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)  The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1)  Motion re Trial Structure (docket #462)

Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL,** as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)  MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)  MGA's Ex Parte Application regarding date of production of documents (docket #545).

The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

MGA acknowledges that it has raised an argument before the Court that was not raised

EXHIBIT __2__
PAGE __42__

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4)     MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT  2
PAGE     44

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)   Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT __2__
PAGE __45__

**EXHIBIT 3**

1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

11

| 12 | MATTEL, INC., | CASE NO. CV 04-9049 SGL (RNBx) |
|----|--------------|-------------------------------|
| 13 | Plaintiff, | Consolidated with |
| 14 | | Case No. CV 04-09059 Case No. CV 05-02727 |
| 15 | vs. | Hon. Stephen G. Larson |
| 16 | MGA ENTERTAINMENT, | |
| 17 | Defendant. | **FINAL VERDICT FORM AS GIVEN** |
| 18 | AND CONSOLIDATED ACTIONS | |

19
20
21
22
23
24
25
26
27
28

7-17

Case No. CV 04-9049 SGL (RNBx)
FINAL PROPOSED VERDICT FORM FOR PHASE 1A

EXHIBIT __3__

PAGE __44__

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERDICT FORM

We answer the questions submitted to us as follows:

### Timing of Tangible Items

1.   For each of the items listed below, has Mattel proven by a preponderance of the evidence that the item was "conceived or reduced to practice" — that is, created — by Carter Bryant, alone or jointly with others, during the period in which he was employed by Mattel (January 4, 1999, to October 19, 2000)?

| Yes | No | |
|---|---|---|
| ☒ | ☐ | TX 5-52, 62-1, 624/5-74, 62-11, 10537, 15180/5-75, 62-12, 10538, 15181/5-111, 708/5-112, 62-13/5-113,/5-114/62-14/ 62-15, 1152-1, 1152-2, 10613/1328/10033-3/10033-4 |
| ☒ | ☐ | TX 5-88, 35-1, 35-3, 5-101, 1327, 10153-3, 10153-4 |
| ☒ | ☐ | TX 5-35, 757 |
| ☒ | ☐ | TX 5-36, 701, 702 |
| ☒ | ☐ | TX 5-37, 703 |
| ☒ | ☐ | TX 5-38, 762 |
| ☐ | ☐ | TX 5-39, 523, 752 |
| ☐ | ☐ | TX 5-40, 753, 754, 13583 |
| ☐ | ☐ | TX 751-2, 751-3, 5-41, 755 |
| ☐ | ☐ | TX 5-42, 756 |
| ☒ | ☐ | TX 5-43, 709 |
| ☒ | ☐ | TX 5-46, 710 |
| ☒ | ☐ | TX 5-49, 704 |
| ☒ | ☐ | TX 5-50, 705 |

07209/2554627.7

-1-                    Case No. CV 04-9049 SGL (RNBx)

EXHIBIT   3
PAGE   47

| Yes | No | |
|---|---|---|
| ☒ | ☐ | TX 5-53, 1152-5, 1152-6, 10534, 15175 |
| ☒ | ☐ | TX 5-54, 62-2, 620, 774, 775 |
| ☒ | ☐ | TX 5-55, 62-3, 785, 1152-9 |
| ☒ | ☐ | TX 5-56, 764, 15176 |
| ☒ | ☐ | TX 5-57, 776, 777 |
| ☒ | ☐ | TX 5-58, 765, 15177 |
| ☒ | ☐ | TX 5-59, 739, 740 |
| ☒ | ☐ | TX 5-60, 761 |
| ☒ | ☐ | TX 5-61, 62-4, 782, 796-1, 1748 |
| ☒ | ☐ | TX 5-62, 62-5, 621, 767, 768, 5-71, 62-10, 770, 1752-1 |
| ☒ | ☐ | TX 5-63, 758, 759, 760 |
| ☒ | ☐ | TX 5-64, 62-6, 795, 1152-14, 1750 |
| ☒ | ☐ | TX 5-65, 1152-7, 1152-8, 11789 |
| ☒ | ☐ | TX 5-66, 794, 1152-13 |
| ☒ | ☐ | TX 5-67, 62-7, 784, 1152-11, 1152-12, 10535 |
| ☒ | ☐ | TX 5-68, 62-8, 781, 786, 790, 1751-4 |
| ☒ | ☐ | TX 5-69, 11788, 5-70, 62-9, 623, 783 |
| ☒ | ☐ | TX 5-72, 1152-15, 1152-16, 10536, 15179 |
| ☒ | ☐ | TX 5-73, 741, 742 |
| ☒ | ☐ | TX 5-76, 706 |
| ☒ | ☐ | TX 5-77, 707 |
| ☒ | ☐ | TX 5-78, 10539, 18501 |
| ☒ | ☐ | TX 5-136, 711 |
| ☒ | ☐ | TX 10579, 18281 |
| ☒ | ☐ | TX 15172 |

-2-

Case No. CV 04-9049 SGL (RNBx)
FINAL PROPOSED VERDICT FORM FOR PHASE 1A

EXHIBIT 3
PAGE 48

1     2.     For each of the items listed below, has Mattel proven by a

2 preponderance of the evidence that the item was "conceived or reduced to practice"

3

4 — that is, created — by Carter Bryant, alone or jointly with others, during the

5 period in which he was employed by Mattel (January 4, 1999, to October 19, 2000)?

6

| Yes | No | |
|-----|-----|---|
| ☒ | ☐ | TX 3-1, 779, 780, 1-1, 2-1, 778 |
| ☒ | ☐ | TX 3-2, 726, 727, 728, 1-4, 2-5 |
| ☒ | ☐ | TX 3-3, 1152-19, 1152-20, 11838, 15182, 1-6, 2-10, 5-104, 10544 |
| ☒ | ☐ | TX 3-5, 791, 1-8, 2-2 |
| ☒ | ☐ | TX 3-6, 11837, 15184, 1-7, 2-8, 743, 744, 5-107, 1152-17, 1152-18, 10547 |
| ☒ | ☐ | TX 3-8, 789, 1-11, 2-9, 734, 5-106, 10546 |
| ☒ | ☐ | TX 3-9, 788, 1-10, 2-6, 746, 5-103, 10543 |
| ☒ | ☐ | TX 3-10, 735, 736 |
| ☒ | ☐ | TX 3-12, 792, 1-3, 2-7, 5-102, 10542 |
| ☒ | ☐ | TX 3-13, 793, 1-5, 2-3, 10-3 |
| ☒ | ☐ | TX 5-79, 1-9, 2-4, 737, 10545, 5-105 |
| ☒ | ☐ | TX 1-2 |
| ☒ | ☐ | TX 3-11 |
| ☒ | ☐ | TX 5-26, 712 |
| ☒ | ☐ | TX 5-27, 713 |
| ☒ | ☐ | TX 5-81, 720 |
| ☒ | ☐ | TX 5-82, 715 |
| ☒ | ☐ | TX 5-83, 723 |
| ☒ | ☐ | TX 3-4, 5-84, 716, 717 |
| ☒ | ☐ | TX 3-7, 5-85, 718, 719, 10-2, 63-1 |
| ☒ | ☐ | TX 5-80, 721, 722, 5-86 |
| ☒ | ☐ | TX 5-87, 5-108, 724, 725 |
| ☒ | ☐ | TX 5-34 |

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT __3__
PAGE __49__

3.    For each of the items listed below, has Mattel proven by a preponderance of the evidence that the item was "conceived or reduced to practice" — that is, created — by Carter Bryant, alone or jointly with others, during the period in which he was employed by Mattel (January 4, 1999, to October 19, 2000)?

| Yes | No | |
|---|---|---|
| ☒ | ☐ | TX 5-89, 35-2, 323-32, 323-33 |
| ☒ | ☐ | TX 1107, 10638 |
| ☒ | ☐ | TX 1108, 10639 |
| ☒ | ☐ | TX 1109, 771 |
| ☒ | ☐ | TX 1110, 773 |
| ☒ | ☐ | TX 5-14, 10515 |
| ☒ | ☐ | TX 5-18, 10518 |
| ☒ | ☐ | TX 5-19, 10519 |
| ☒ | ☐ | TX 5-28, 10526 |
| ☒ | ☐ | TX 5-30 |
| ☒ | ☐ | TX 5-95 |
| ☒ | ☐ | TX 5-96 |
| ☒ | ☐ | TX 5-99 |
| ☒ | ☐ | TX 323-18 |
| ☒ | ☐ | TX 323-19 |
| ☒ | ☐ | TX 323-26 |

-4-

EXHIBIT 3
PAGE 50

1    4.    For each of the items listed below, has Mattel proven by a

2 preponderance of the evidence that the item was "conceived or reduced to practice"

3 — that is, created — by Carter Bryant, alone or jointly with others, during the

4 period in which he was employed by Mattel (January 4, 1999, to October 19, 2000)?

5

6                    **Trial Exhibit No.**                    YES        NO

7    The Three Dimensional Item Presented at Pitch        X      ___

8                         Meeting

9

10                 Trial Exhibit 1136                          X      ___

11

12                        **Timing of Ideas**

13

14    5.    Has Mattel proven by a preponderance of the evidence that Carter

15 Bryant conceived the "Bratz" characters while employed by Mattel?

16    Yes    X

17    No     ___

18

19

20    6.    Has Mattel proven by a preponderance of the evidence that Carter

21 Bryant conceived the name "Bratz" while employed by Mattel?

22         Yes    X

23         No     ___

24

25

26

27

28

07209/2554627.7

-5-

Case No. CV 04-9049 SGL (RNBx)
FINAL PROPOSED VERDICT FORM FOR PHASE 1A

EXHIBIT   3
PAGE      51

1        **Intentional Interference with Contractual Relations**

2      7.    Is MGA Entertainment, Inc. ("MGA") liable to Mattel for intentional

3 interference with contractual relations?

4           Yes   _X_

5           No   ____

6

7      8.    Is Isaac Larian liable to Mattel for intentional interference with

8 contractual relations?

9           Yes   _X_

10          No   ____

11

12        **Aiding and Abetting Breach of Fiduciary Duty**

13      9.    Is MGA liable to Mattel for aiding and abetting breach of fiduciary

14 duty?

15           Yes   _X_

16          No   ____

17

18     10.   Is Isaac Larian liable to Mattel for aiding and abetting breach of

19 fiduciary duty?

20           Yes   _X_

21          No   ____

22

23       **Aiding and Abetting Breach of the Duty of Loyalty**

24     11.   Is MGA liable to Mattel for aiding and abetting breach of the duty of

25 loyalty?

26           Yes   _X_

27          No   ____

28

EXHIBIT __3__

PAGE __52__

1    12.    Is Isaac Larian liable to Mattel for aiding and abetting breach of the
2  duty of loyalty?
3                 Yes    X
4                 No    _____
5
6                          **Conversion**
7    13.    Is MGA liable to Mattel for conversion?
8                 Yes    X
9                 No    _____
10
11   14.    Is Isaac Larian liable to Mattel for conversion?
12                Yes    X
13                No    _____
14
15   15.    Is MGA Entertainment (HK) Limited liable to Mattel for conversion?
16                Yes    X
17                No    _____
18
19
20         Once this verdict form is completed, the foreperson of the jury should sign
21  and date on the lines below.
22
    DATED: July 17    , 2008
23
24
25    _____
                             Presiding Juror
26
27
28

-7-                    Case No. CV 04-9049 SGL (RNBx)
                       FINAL PROPOSED VERDICT FORM FOR PHASE 1A

EXHIBIT  3
PAGE  53

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES – GENERAL

Case No.    CV 04-09049 SGL(RNBx)                                    Date: April 25, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.

Consolidated With Related Actions:
CASE NO. CV 04-09059 SGL(RNBx): MATTEL, INC., v. CARTER BRYANT,
CASE NO. CV 05-02727 SGL (RNBx): MGA ENTERTAINMENT, INC., v. MATTEL, INC.,
========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

              Jim Holmes
              Courtroom Deputy Clerk

ATTORNEYS PRESENT FOR CARTER BRYANT:        ATTORNEYS PRESENT FOR MATTEL:

None Present                                None Present


ATTORNEYS PRESENT FOR MGA AND
ISAAC LARIAN:

None Present

PROCEEDINGS:    ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING IN
                PART THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT
                (IN CHAMBERS)

        This matter is before the Court on the parties' motions for partial summary judgment.  The
motions were heard on April 22, 2008, and the Court has set the motions for further hearing on
May 19, 2008, at 1:30 p.m.  As set forth below, the Court rules on a number of issues presented
by the motions for partial summary judgment and reserves ruling on other issues until after further
hearing on the motions for partial summary judgment and, in the case of MGA's affirmative
defenses, until after the Phase 1 trial.

        The parties have made hundreds of objections to evidence offered in support of and in
opposition to the motions for partial summary judgment.  Although counsel for Bryant requested

MINUTES FORM 90                                              Initials of Deputy Clerk:  jh
CIVIL – GEN                          Page 1

EXHIBIT   4
PAGE   54

explicit rulings on the objections raised by Bryant, the Court declines to do so. To the extent that this Order necessarily relies on evidence subject to any party's objections, the objections are implicitly overruled.

## PREEMPTION

MGA and Bryant seek summary judgment in their favor as to Mattel's claims for intentional interference with contractual relations, conversion, and unfair competition, arguing that these claims are preempted by the Copyright Act. They are partially correct.

A state law is preempted by the Copyright Act where (1) the work at issue comes within the subject matter of copyright, and (2) the state law rights are "equivalent to rights within the general scope of copyright[.]" Del Madera Properties v. Rhodes and Gardner, Inc., 820 F.2d 973, 977 (9th Cir.1987). "If a state law claim includes an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted by the Copyright Act." Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1089 (9th Cir. 2005). Generally the Copyright Act does not preempt the enforcement of contractual rights. Id.

As to the first element, the intentional interference with contractual relations claim addresses generally an issue within the subject matter of copyright -- the underlying wrong upon which the claim is premised is Mattel's deprivation of rights to intellectual property.

As to the second element, it is clear that the tort of intentional interference with contractual relations is neither categorically preempted or categorically saved from preemption; rather, the Court must engage in a determination of whether the substance of the tort claim differs qualitatively from the copyright claim at issue. Compare Altera, 424 F.3d at 1089 (holding that a intentional interference claim was not preempted because it was based not on copyrights but on a contractual provision) with Laws v. Sony Music Entertainment, Inc., 448 F.3d 1134, 1144 (9th Cir. 2006) (holding preempted a singer's voice misappropriation claim was not qualitatively different from her copyright claim).

Here, to the extent that the tortious interference is premised upon MGA's alleged interference with any copyrights that Mattel may have under the Inventions Agreement, it is preempted. Such a claim is not qualitatively different from Mattel's copyright claim. However, to the extent that the claim is based on MGA's acts that may be found to have aided and abetted the breach or induced the breach of Bryant's fiduciary duty, the claim is not preempted. That claim is qualitatively different from Mattel's copyright claim.

Therefore, the tortious interference with contractual relations is preempted to the extent that it is based on Mattel's rights to Bratz. It is not preempted as to Mattel's claims for breach of fiduciary duty.

The parties' arguments regarding the conversion claim address two distinct issues: Conversion of ideas and conversion of tangible things. The Court addresses each in turn.

EXHIBIT  4
PAGE  55

Both sides acknowledge, as this Court certainly agrees, that one cannot copyright an idea. Thus, it would seem, a claim for conversion of ideas is not subject to preemption because it is not "within the subject matter of copyright." Del Madera, 820 F.2d at 977. MGA argues that ideas are not subject to a claim of conversion, to which Mattel responds that such rights in ideas may be created by contract. Mattel relies on Desny v. Wilder, 46 Cal.2d 715, 733 (1956) which, remarkably, so holds. However, that case does not support the proposition that a breach of such rights may be remedied by the tort claim of conversion rather than a breach of contract claim. The law in California regarding the tort of conversion's applicability to ideas remains the same today as in 1956: "The tort of conversion does not apply to ideas." Melchior v. New Line Productions, Inc., 106 Cal.App.4th 779 (2003). Therefore, although this claim is not preempted, it is not actionable as a tort claim. Accordingly, summary judgment in favor of MGA and Bryant is granted as to this particular claim.

Mattel also argues that its conversion claim is not preempted to the extent that it seeks the return of tangible things, most notably the original Bratz drawings. This claim is "within the subject matter of copyright," but the state rights go beyond the rights protected by the Copyright Act by allowing for the return of property.

At oral argument, counsel for MGA argued that Mattel seeks the rights that the drawings represent, not the "paper and ink" of which those drawings are comprised. Mattel disagreed with that interpretation, noting that it seeks the return of the original drawings and certain sculpts to which it may have rights under the Inventions Agreement.

The items to which Mattel lays claim are not like the manuscript at issue in Dielsi v. Falk, 916 F.Supp. 985, 992 (C.D. Cal. 1996), or the government documents at issue in Idema v. Dreamworks, Inc., 162 F.Supp.2d 1129, 1192-93 (C.D. Cal. 2001), both of which had value merely for their ability to hold and convey their contents. Rather, the materials Mattel seeks are works of art that may have value apart from the copyrights they represent or the "paper and ink" and other materials of which they are comprised. Given the role of the drawings and sculpts in developing a new, commercially successful line of fashion dolls, and given the role of these items in the present litigation, the Court discerns a possible inherent value to the materials themselves.

MGA and Bryant also pressed at oral argument that Mattel had not advanced such a claim for return of tangible items. The Court disagrees. Citing to its Complaint at ¶ 157, Mattel contends it has long sought the return of tangible items.[1] An examination of Mattel's claim for conversion reveals that it encompasses such a claim. Therefore, the conversion claim seeking the return of tangible items is not preempted. MGA and Bryant's motions for summary judgment on this issue are therefore denied.

To the extent that Mattel's statutory unfair competition claim, discussed more fully below, is

---

[1]   From a review of the record, it is clear to the Court that Mattel intended to cite ¶ 157 of its Amended Answer and Counterclaims, not its Complaint.

MINUTES FORM 90
CIVIL – GEN                                          Page 3                              Initials of Deputy Clerk: jh

EXHIBIT   4
PAGE   56

based on copyright infringement, it is preempted, and the Court grants summary judgment in favor of MGA on this issue.

## STATUTE OF LIMITATIONS

The Court heard argument at length on the statute of limitations issue. Although it is not entirely clear, it appears to the Court from the hearing and from MGA's Rule 56(f) affidavit, that there remain outstanding discovery matters that may have the potential, if resolved in MGA's favor, to factor into the inquiry into the determination of the date of the accrual of any claims against Bryant and/or MGA. Accordingly, the Court defers ruling on the issue of statute of limitations at this time.

## INVENTIONS AGREEMENT

The Court addressed many issues of the enforceability of the Employee Confidentiality and Inventions Agreement in its July 17, 2006, Order. The Court finds no good reason to revisit or revise that Order.

Bryant argues that the Inventions Agreement is ambiguous on the issue of whether it covered anything other than "inventions" as that term is used in patent law. Here, Bryant was a fashion designer. He signed an agreement that assigned his "inventions" to Mattel. "Inventions" is defined by the agreement to include "designs," which was undeniably the focus of Bryant's employment with Mattel. In addition to assigning all rights to Bryant's "inventions" (i.e., "designs") to Mattel, the agreement also assigned to Mattel "all [Bryant's] right, title, and interest in any . . . copyrights . . . and copyright applications based [on those inventions]".

In order to conclude that the Inventions Agreement is ambiguous on the issue of whether it would include any copyrightable drawings or doll designs developed by an employee, the Court would have to read out of the agreement explicit terms assigning to the employer the rights to "designs," "copyrights," and "copyright applications." The Court is required to read the contract as a whole and, where possible, give effect to all its terms. Cal. Civ. Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."). To accept the interpretation advanced by Bryant, the Court would have to disregard this bedrock principle of contract construction by ignoring an explicit assignment by the employee to the employer of copyrights. The interpretation advanced by Bryant is therefore not reasonable, and the Court finds that the Inventions Agreement is not ambiguous on the issue of its scope with respect to copyrightable materials.

The Inventions Agreement explicitly conveys to Mattel an employee's interest in any copyrights or copyright applications. Assuming copyrightability and the resolution of certain (as yet unresolved) issues of timing of creation and/or alteration in Mattel's favor, the original Bratz drawings clearly fall within the scope of the Inventions Agreement.

Moreover, the Inventions Agreement incorporates, and therefore does not violate, Cal.

MINUTES FORM 90
CIVIL -- GEN

Page 4

Initials of Deputy Clerk: jh

EXHIBIT ___4___
PAGE ___57___

Labor Code § 2870. Pursuant to that statute (and its incorporation in the Inventions Agreement), because the subject matter at issue -- the Bratz dolls -- relate to Mattel's business of marketing fashion dolls, the factual question of whether Bryant worked on them on his own time, rather during his working hours at Mattel, is not relevant.

MGA argues that contracts of adhesion are unenforceable if they are either outside the scope of the parties' expectations or they are substantively unconscionable. The Court previously determined that the Inventions Agreement was not substantively unconscionable, and now determines that it is not outside the scope of the parties' expectations. As noted above, Bryant was a designer, and the plain language of the Inventions Agreement assigns his "designs" to his employer. Objectively, therefore, it would not be surprising that Mattel would lay claim to Bryant's rights to any doll or doll fashions he designed during the period of his employment with Mattel. Moreover, undisputed evidence establishes that Bryant's subjective understanding of the contract was that it transferred at least some of his rights to Mattel.

Bryant also argues that his actions went no further than lawful preparations to compete with his employer. The undisputed facts, however, tell a different story: Bryant directly competed with Mattel by entering into a contract with its competitor to produce a competing product while still employed by Mattel.

The Court grants summary judgment in favor of Mattel on the issue of the enforceability of the Inventions Agreement and the issue of applicability of the Inventions Agreement to any Bratz-related "inventions" (including any designs, improvements, ideas, concepts, and copyrightable subject matter) that he is found to have created during the period of his employment with Mattel.

### DUTY OF LOYALTY AND FIDUCIARY DUTY

Carter Bryant, like all other California employees, owed a duty of loyalty to Mattel while employed there. See Cal. Labor Code § 2863. The undisputed facts establish that he breached this duty by entering into a contract with Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products. See Huong Que, Inc. v. Luu, 150 Cal.App.4th 400, 414 (2007) ("The duty of loyalty is breached, and the breach may give rise to a cause of action in the employer, when the employee takes action which is inimical to the best interests of the employer.") (internal quotation marks and citation omitted).

Bryant also owed a fiduciary duty to Mattel by virtue of the language set forth in ¶ 1(a) of the Inventions Agreement. Id. ("The value of the Proprietary Information depends on it remaining confidential. The Company depends on me to maintain that confidentiality, and I accept that position of trust."). Under California law, a confidential relationship that gives rise to a fiduciary duty is created "where a confidence is reposed by one person in the integrity of another, and . . . the party in whom the confidence is reposed . . . voluntarily accepts or assumes to accept the confidence . . . ." City Solutions, Inc. v. Clear Channel Communications, Inc., 201 F.Supp.2d 1048, 1050-51 (N.D. Cal. 2002). The Inventions Agreement imposed such a duty on Bryant.

EXHIBIT   4
PAGE     58

At the hearing on this matter, counsel contended that a required element for imposing a
fiduciary duty -- that the party with the duty be in a superior position to the party to whom the duty
is owed -- was missing. That element is described as follows: "[T]he essence of a fiduciary or
confidential relationship is that the parties do not deal on equal terms, because the person in
whom trust and confidence is reposed and who accepts that trust and confidence is in a superior
position to exert unique influence over the dependent party." City Solutions, Inc. v. Clear Channel
Communications, Inc., 201 F.Supp.2d 1048, 1050 (N.D. Cal. 2002) (internal quotation marks and
citation omitted). The "superior position" to which California courts refer in this context is not
superior bargaining power -- a position on which Mattel would apparently have the edge -- but
rather it refers to a superior position vis-à-vis the duty imposed. Here, because the duty imposed
upon Bryant was essentially to police his own actions by maintaining Mattel's confidentiality and
communicating his own "inventions" to Mattel, Bryant was "in a superior position to exert unique
influence over" Mattel because he was in the best position, arguably the only one in a position, to
know of and police his actions.

As with the duty of loyalty, the undisputed facts establish that Bryant breached his fiduciary
duty to communicate his inventions to Mattel when, rather than doing so, he secretly entered into
a contract with Mattel's competitor, while still employed by Mattel, to produce a line of fashion
dolls to be marketed in direct competition with Mattel's products.

Accordingly, the Court grants Mattel's motion for summary judgment on the issues of the
existence and breach of the duty of loyalty. The Court grants Mattel's motion for summary
judgment and denies Bryant's motion for summary judgment on the issue of the existence and
breach of a fiduciary duty.

In its motion, MGA argued that there can be no liability for aiding and abetting a breach of
fiduciary duty in the absence of a fiduciary duty. Because the Court has rejected this argument,
the Court denies MGA's motion for summary judgment on this issue.

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

MGA moved for summary judgment as to Mattel's claim for intentional interference with
contractual relations.

The elements of a claim for intentional interference with contractual relations are stated as
(1) a valid contract between a plaintiff and a third party; (2) the defendant's knowledge of the
contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the
contractual relationship; (4) actual breach or disruption of the contractual relationship; and
(5) resulting damage. Family Home & Finance Center, Inc. v. Federal Home Loan Mortg. Corp.,
461 F.Supp.2d 1188, 1193 (C.D. Cal. 2006) (citing Pac. Gas & Elec. Co. v. Bear Stearns Co., 50
Cal.3d 1118, 1126 (1990)).

The undisputed facts show that the first, third, and fifth elements are met. Mattel has
raised a triable issue of fact as to the second. The fourth element may be resolved after the

MINUTES FORM 90
CIVIL -- GEN                                    Page 6

Initials of Deputy Clerk: jh

EXHIBIT ___4___
PAGE ___59___

Court's further hearing on the motions for partial summary judgment. The Court therefore defers ruling on this issue.

## UNFAIR COMPETITION

MGA and Bryant's motions are granted in part and denied in part as to Mattel's unfair competition claims.

Mattel's statutory unfair competition claim, brought pursuant to Cal. Bus. & Profs. Code § 17200, survives summary judgment because Mattel has raised a triable issue of fact as to whether MGA tortiously interfered with Bryant and Mattel's contractual relationship and whether MGA engaged in commercial bribery.

However, two bases for this claim are foreclosed at this time. To the extent that the § 17200 claim is based on copyright infringement, it is preempted. To the extent that it is based on unfair conduct, summary judgment in favor of MGA is granted because the articulated unfair conduct does not approximate an antitrust violation that threatens competition. See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 186-87 (1999).

As to Mattel's common law unfair competition claim, summary judgment in favor of MGA and Bryant is granted. This claim is not, as it must be, based on the act of passing off another's goods as one's own. See Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1153 (9th Cir. 2008) (citing Bank of the W. v. Superior Court, 2 Cal.4th 1254 (1992)).

## UNJUST ENRICHMENT

Because Mattel failed to oppose this portion of Bryant's motion, the Court grants Bryant's motion for partial summary judgment on the issue of unjust enrichment.

## AFFIRMATIVE DEFENSES

Mattel seeks summary judgment as to many of the affirmative defenses asserted by the MGA entities and Carter Bryant. Most of these defenses are essentially equitable in nature, and therefore the Court **DEFERS RULING** on them until after trial. Specifically, the Court **DEFERS RULING** on the affirmative defenses of abandonment, acts and omissions of others, acquiescence, consent, estoppel, failure to mitigate, laches, unclean hands, and waiver until after trial.

For the reason set forth above in a separate section, the Court defers ruling on Mattel's motion as to the statute of limitations defense.

The final affirmative defense is based on 17 U.S.C. § 205(d). With this affirmative defense, MGA essentially contends that it is a bona fide purchaser for value of the Bratz copyrights which

MINUTES FORM 90
CIVIL – GEN

Page 7

Initials of Deputy Clerk: jh

EXHIBIT __4__
PAGE __60__

took the rights in good faith and without notice of any prior transfer of the rights therein to Mattel. As the issue is argued by the parties, the Court would be required to determine the legal issue of whether MGA's registration of the copyrights as an "assignment" constitutes "constructive notice" in the manner required to give MGA the protection of 17 U.S.C. § 205(d). In the Court's view, this is a complex legal issue that is not thoroughly addressed by the parties' briefs. Moreover, the Court notes that a trial on the merits is likely to resolve the less complex factual issue of whether MGA acted in good faith and without notice of an earlier assignment of rights. Accordingly, the Court **DEFERS RULING** on this issue until after the Phase 1 trial.

\* \* \* \*

The Court will consider a number of remaining issues at the further hearing on these motions, set for May 19, 2008. Specifically, referencing the parties' Notices of Motion, the Court will consider the following issues:

Mattel's motion:  Issue (2)(c), whether there is a factual dispute regarding the timing of certain drawings and a dummy model; issue (3), whether the first-generation Bratz dolls are substantially similar to seventeen drawings and a doll sculpt drawing or blueprint created by Bryant and whether those are original, protectable works of expression; issue (5), whether MGA and Larian are liable for aiding and abetting Bryant's breaches of the duty of loyalty and fiduciary duty; and issue (6)(a) whether Mattel is entitled to summary judgment as to the affirmative defense of statute of limitations.

Bryant's motion:  Whether Bryant is entitled to summary judgment as to Mattel's claim for copyright infringement; whether Bryant is entitled to summary judgment as to Mattel's breach of contract claim; and whether Bryant is entitled to summary judgment on any portion of his claim for declaratory relief.

MGA's motion:  Whether Mattel's claims are time barred; and whether the fourth element of intentional interference with contractual relations -- actual breach or disruption of the contractual relationship -- can be resolved on summary judgment.

Except for any updates from any party regarding the outstanding discovery matters that may be relevant to the statute of limitations, these issues are considered by the Court to be fully briefed. Any supplemental briefs by the parties on any issue other than the statute of limitations will be stricken by the Court. Any supplemental filings regarding the statute of limitations issue shall be limited to addressing the status of outstanding discovery issues and/or recently produced evidence.

**IT IS SO ORDERED.**

MINUTES FORM 90                                                      Initials of Deputy Clerk: jh
CIVIL -- GEN                                    Page 8

EXHIBIT  4
PAGE  61

## NOTICE PARTY SERVICE LIST

Case No.   CV 04-09049 SGL(RNBx)      Case Title   Carter Bryant v. Mattel, Inc.

Title of Document   Minute Order of April 25, 2008

| |
|---|
| Atty Sttlmnt Officer Panel Coordinator |
| BAP (Bankruptcy Appellate Panel) |
| Beck, Michael J (Clerk, MDL Panel) |
| BOP (Bureau of Prisons) |
| CA St Pub Defender (Calif. State PD) |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| Case Asgmt Admin (Case Assignment Administrator) |
| Catterson, Cathy (9th Circuit Court of Appeal) |
| Chief Deputy Admin |
| Chief Deputy Ops |
| Clerk of Court |
| Death Penalty H/C (Law Clerks) |
| Dep In Chg E Div |
| Dep In Chg So  Div |
| Federal Public Defender |
| Fiscal Section |
| Intake Section, Criminal LA |
| Intake Section, Criminal SA |
| Intake Supervisor, Civil |
| PIA Clerk - Los Angeles (PIALA) |
| PIA Clerk - Riverside (PIAED) |
| PIA Clerk - Santa Ana (PIASA) |
| PSA - Los Angeles (PSALA) |
| PSA - Riverside (PSAED) |
| PSA - Santa Ana (PSASA) |
| Schnack, Randall (CJA Supervising Attorney) |
| Statistics Clerk |

| |
|---|
| US Attorneys Office - Civil Division -L.A. |
| US Attorneys Office - Civil Division - S.A. |
| US Attorneys Office - Criminal Division -L.A. |
| US Attorneys Office - Criminal Division -S.A. |
| US Bankruptcy Court |
| US Marshal Service - Los Angeles (USMLA) |
| US Marshal Service - Riverside (USMED) |
| US Marshal Service -Santa Ana (USMSA) |
| US Probation Office (USPO) |
| US Trustee's Office |
| Warden, San Quentin State Prison, CA |

| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor):  P.O. Box 581103

Salt Lake City, UT  84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

* For CIVIL cases only

| **JUDGE / MAGISTRATE JUDGE (list below):** |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk _jh_

EXHIBIT   4
PAGE   62

## NOTICE PARTY SERVICE LIST

Case No.  CV 04-09049 SGL(RNBx)    Case Title  Carter Bryant v. Mattel, Inc.

Title of Document   Minute Order of April 25, 2008

| | |
|---|---|
| Atty Sttlmnt Officer Panel Coordinator | US Attorneys Office - Civil Division -L.A. |
| BAP (Bankruptcy Appellate Panel) | US Attorneys Office - Civil Division - S.A. |
| Beck, Michael J (Clerk, MDL Panel) | US Attorneys Office - Criminal Division -L.A. |
| BOP (Bureau of Prisons) | US Attorneys Office - Criminal Division -S.A. |
| CA St Pub Defender (Calif. State PD) | US Bankruptcy Court |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | US Marshal Service - Los Angeles (USMLA) |
| Case Asgmt Admin (Case Assignment Administrator) | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| Catterson, Cathy (9th Circuit Court of Appeal) | US Probation Office (USPO) |
| Chief Deputy Admin | US Trustee's Office |
| Chief Deputy Ops | Warden, San Quentin State Prison, CA |
| Clerk of Court | |
| Death Penalty H/C (Law Clerks) | |
| Dep In Chg E Div | |
| Dep In Chg So Div | |
| Federal Public Defender | |
| Fiscal Section | |
| Intake Section, Criminal LA | |
| Intake Section, Criminal SA | |
| Intake Supervisor, Civil | |
| PIA Clerk - Los Angeles (PIALA) | |
| PIA Clerk - Riverside (PIAED) | |
| PIA Clerk - Santa Ana (PIASA) | |
| PSA - Los Angeles (PSALA) | |
| PSA - Riverside (PSAED) | |
| PSA - Santa Ana (PSASA) | |
| Schnack, Randall (CJA Supervising Attorney) | |
| Statistics Clerk | |

| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (include suite or floor):  Two Embarcadero
Center, Suite 1500, San Francisco, CA 94111

*E-mail:

*Fax No.:

\* For CIVIL cases only

| *JUDGE / MAGISTRATE JUDGE (list below):* |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk  jh

EXHIBIT  4
PAGE  63

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARTER BRYANT, | | CASE NUMBER |
| | PLAINTIFF(S), | CV 04-09049 SGL (RNBx) |
| v. | | |
| MATTEL, INC., et al., | | |
| | DEFENDANT(S), | NOTICE OF CLERICAL ERROR |

TO:   U. S. District Judge(s)
      U. S. Magistrate Judge(s)
      Counsel of Record

You are hereby notified that due to a clerical error ☐ documents associated with the filing of the new action ☐ the following scanned document ☑ docket entry  have/has been corrected as indicated below.

Title of Scanned Document:  Minute Order of 4-25-08, Granting in part, Denying in part, and Deferring in Part the Parties' MSJ

Filed Date: 4-25-08 _____   Document Number: 3285

☐  Incorrect case number _____ was assigned to this ☐ action ☐ document.
☐  Case number has been corrected. The correct case number is _____
☐  Incorrect judge's initials were indicated on this ☐ action ☐ document. The correct judge's initials are _____
☐  Incorrect magistrate judge's initials were indicated on this ☐ action ☐ document. The correct magistrate judge's initials are _____.
☐  Case has been reassigned from ☐ Judge ☐ Magistrate Judge _____ to
     ☐ Judge ☐ Magistrate Judge _____. The initials of the new judge(s) are _____
☐  Case was assigned to ☐ Western ☐ Southern ☐ Eastern division. Pursuant to General Order ☐ 349, ☐ 98-3 ☐ 02-06, the case has been reassigned to the ☐ Western ☐ Southern ☐ Eastern division. The former case number _____ has been reassigned to new case number _____.
☐  Subsequent documents must be filed at the ☐ Western ☐ Southern ☐ Eastern division. Failure to file at the proper location will result in your documents being returned to you.
☐  Case title is corrected from _____ to _____
☐  Document has been re-numbered as document number _____
☐  Incorrect ☐ Filed Date ☐ Date of Document ☐ ENTERED Date ☐ DATE ENTERED ON CM/ICMS was stamped on document. The correct date is _____
☑  Document is missing page number(s):  7 and 8
☐  To ensure proper routing of documents, all documents filed with the court must reflect the following case number and judge's initials: _____
☑  Other: a complete copy with missing pages are re-scanned for service on the parties.

CLERK, U.S. DISTRICT COURT

Date  4-25-08 _____        By: _____  Jim Holmes, CRD
                                                         Deputy Clerk

cc: Intake Supervisor / Deputy In Charge

G-11 (06/05)                        NOTICE OF CLERICAL ERROR

EXHIBIT  4
PAGE  64

**EXHIBIT 5**

1

2

3

4

5

6

7

8

9

10

FILED
CLERK, U.S. DISTRICT COURT

JUL 1 0 2008

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION            BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| 11  MATTEL, INC.,<br><br>12       Plaintiff,<br><br>13  vs.<br><br>14  MGA ENTERTAINMENT, INC.,<br><br>15<br><br>16       Defendant.<br><br>17 ------------------------------<br><br>18  AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**FINAL JURY INSTRUCTIONS AS GIVEN** |

19

20

21

22

23

24

25

26

27

28

EXHIBIT  5
PAGE  65

## JURY INSTRUCTION NO. 21

In its first claim, Mattel contends that it has certain rights to all Bratz-related ideas, concepts, drawings, designs, and other works "conceived or reduced to practice," that is, created, by Carter Bryant, alone or jointly with others, while he was employed by Mattel, including Bratz drawings and the idea for the name "Bratz."

MGA and Isaac Larian deny Mattel's contention.

Mattel's claim is based on a contract between Carter Bryant and Mattel called the "Employee Confidential Information and Inventions Agreement" or simply the "Inventions Agreement." As a matter of law, the Inventions Agreement is a valid and enforceable agreement.

Section 2(a) of the Inventions Agreement provides:

"I agree to communicate to the Company as promptly and fully as practicable all inventions [as defined below] conceived or reduced to practice by me (alone or jointly [with] others) at any time during my employment by the Company. I hereby assign to the Company and/or its nominees all my right, title

-22-

EXHIBIT 5
PAGE 66

1   and interest in such inventions, and all my right, title and interest in any patents,

2   copyrights, patent applications or copyright applications based thereon. I will

3   assist the Company and/or its nominees (without charge but at no expense to me)

4

5   at any time in every proper way to obtain for its and/or their own benefit, patents,

6   and copyrights for all such inventions anywhere in the world and to enforce its

7   and/or their rights in legal proceedings."

8

9

10      The Inventions Agreement defines the term "inventions" as follows:

11

12      "[T]he term 'inventions' includes, but is not limited to, all discoveries,

13   improvements, processes, developments, designs, know-how, data computer programs

14   and formulae, whether patentable or unpatentable."

15

16      To prevail on its first claim, Mattel must show, by the preponderance of the

17   evidence, that any particular Bratz-related idea, concept, drawing, design or work was

18   "conceived or reduced to practice," that is, created, by Mr. Bryant, alone or jointly

19   with others, while employed by Mattel.

20

21      It is for you to decide what, if any, Bratz-related works were created by Mr.

22   Bryant, alone or jointly with others, while he was employed by Mattel.

23

24

25

26

27

28

EXHIBIT ___5___
PAGE ___67___

**EXHIBIT 6**

Case 2:04-cv-09049-SGL-RNB      Document 4279      Filed 08/26/2008      Page 1 of 9

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

| 12 | MATTEL, INC., | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 13 | Plaintiff, | Consolidated with |
| 14 | vs. | Case No. CV 04-09059 SGL (RNBx)<br>Case No. CV 05-02727 SGL (RNBx) |
| 15 | MGA ENTERTAINMENT, INC., et al., | Honorable Stephen G. Larson |
| 16 | Defendant. | **PHASE B VERDICT FORM AS GIVEN** |
| 17 | | |
| 18 | AND CONSOLIDATED ACTIONS | |

19
20
21
22
23
24
25
26
27
28

PHASE B VERDICT FORM AS GIVEN

EXHIBIT __6__

PAGE __68__

1                           **VERDICT FORM - PHASE B**

2              We answer the questions submitted to us as follows:

3

4                        **I.  Damages for Phase A Claims**

5                     (Answer all four questions in this section.)

6

7              **Intentional Interference With Contractual Relations**

8        1.      In Phase A of this trial, you found that MGA Entertainment, Inc.

9    ("MGA") and Isaac Larian are liable to Mattel for intentional interference with

10   contractual relations.  What amount of damages, if any, should be awarded to

11   Mattel?

12              As to MGA:          $     20   MILLION

13              As to Mr. Larian:  $     10   MILLION

14

15              **Aiding and Abetting Breach of Fiduciary Duty**

16       2.      In Phase A of this trial, you found that MGA and Isaac Larian are liable

17   to Mattel for aiding and abetting Carter Bryant's breach of fiduciary duty.  What

18   amount of damages, if any, should be awarded to Mattel?

19              As to MGA:          $   20 MILLION

20              As to Mr. Larian:  $   10  MILLION

21

22              **Aiding and Abetting Breach of the Duty of Loyalty**

23       3.      In Phase A of this trial, you found that MGA and Isaac Larian are liable

24   to Mattel for aiding and abetting Carter Bryant's breach of the duty of loyalty.  What

25   amount of damages, if any, should be awarded to Mattel?

26              As to MGA:          $   20  MILLION

27              As to Mr. Larian:  $   10   MILLION

28

EXHIBIT   6
PAGE   69

Case 2:04-cv-09049-SGL-RNB     Document 4279     Filed 08/26/2008     Page 3 of 9

## Conversion

4.    In Phase A of this trial, you found that MGA, Isaac Larian and MGA
Entertainment (HK) Limited ("MGA Hong Kong") are liable to Mattel for
conversion. What amount of damages, if any, should be awarded to Mattel?

    As to MGA:                    $ _31,500 PLUS 7% INTEREST_

    As to Mr. Larian:             $ _0_     CALCULATED FROM

    As to MGA Hong Kong: $ _0_     THE DATE MATTEL'S

                                   PROPERTY WAS
                                   CONVERTED.

-3-

07209/2609529.2608584

PHASE B VERDICT FORM AS GIVEN

EXHIBIT __6__

PAGE __70__

Case 2:04-cv-09049-SGL-RNB      Document 4279      Filed 08/26/2008      Page 4 of 9

## II.  Copyright Infringement

5.     Has Mattel proven by a preponderance of the evidence that MGA is liable to Mattel for copyright infringement?

Yes     $X$

No     ____

If your answer is "yes," then answer Question 6.

If your answer is "no," then answer Question 7.


6.     Was MGA's copyright infringement willful?

Yes     ____

No     $X$

Answer Question 7.


7.     Has Mattel proven by a preponderance of the evidence that Isaac Larian is liable to Mattel for copyright infringement?

Yes     $X$

No     ____

If your answer is "yes," then answer Question 8.

If your answer is "no," then answer Question 9.


8.     Was Mr. Larian's copyright infringement willful?

Yes     ____

No     $X$

Answer Question 9.


9.     Has Mattel proven by a preponderance of the evidence that MGA Hong Kong is liable to Mattel for copyright infringement?

Yes     $X$

PHASE B VERDICT FORM AS GIVEN

EXHIBIT  6

PAGE  71

1       No  ____

2  If your answer is "yes," then answer Question 10.

3  If your answer is "no," then answer Question 11.

4

5     10.   Was MGA Hong Kong's copyright infringement willful?

6       Yes  ____

7       No  _X_

8  Answer Question 11.

9

10    11.   What amount of damages, if any, should be awarded to Mattel for the

11  defendants' copyright infringement?

12    (a)   Copyright Infringement by MGA

13       $  _6 Million_

14    (b)   Copyright Infringement by Isaac Larian

15       Distributions Mr. Larian received from MGA attributable to Bratz-

16       related works:

17       $  _3 Million_

18       Value of Mr. Larian's ownership percentage of MGA attributable to

19       Bratz-related works:

20       $  _0_

21    (c)   Copyright Infringement by MGA Hong Kong:

22       $  _1 Million_

23

24

25

26

27

28

PHASE B VERDICT FORM AS GIVEN

EXHIBIT _6_

PAGE _72_

### III.  Punitive Damages

1

2      12.    Has Mattel proven by clear and convincing evidence that MGA acted

3 with malice, oppression, or fraud?

4             Yes  _____

5             No   X

6      If your answer is "yes," then answer Question 13.

7      If your answer is "no," then answer Question 14.

8

9      13.    What amount of punitive damages, if any, should be awarded against

10 MGA?

11          $        0

12      Answer Question 14.

13

14      14.    Has Mattel proven by clear and convincing evidence that Isaac Larian

15 acted with malice, oppression, or fraud?

16           Yes  _____

17           No   X

18      If your answer is "yes," then answer Question 15.

19      If your answer is "no," then answer Question 16.

20

21      15.    What amount of punitive damages, if any, should be awarded against

22 Mr. Larian?

23          $        0

24      Answer Question 16.

25

26      16.    Has Mattel proven by clear and convincing evidence that MGA Hong

27 Kong acted with malice, oppression, or fraud?

28           Yes  _____

PHASE B VERDICT FORM AS GIVEN

EXHIBIT  6

PAGE  73

1      No   X
2      If your answer is "yes," then answer Question 17.
3      If your answer is "no," then answer Question 18.
4
5      17.    What amount of punitive damages, if any, should be awarded against
6  MGA Hong Kong?
7          $                 0
8      Answer Question 18.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07209/2609529.2608584

-7-

EXHIBIT   C
PAGE   74

## IV.  Fraudulent Concealment

(Answer all five questions in this section.)

18.   Has Mattel proven by a preponderance of the evidence that MGA fraudulently concealed the bases for Mattel's claim of intentional interference with contract against it until at least April 27, 2002?

Yes   _X_

No   ____

19.   Has Mattel proven by a preponderance of the evidence that Isaac Larian fraudulently concealed the bases for Mattel's claim of intentional interference with contract against him until at least April 27, 2002?

Yes   ____

No   _X_

20.   Has Mattel proven by a preponderance of the evidence that MGA fraudulently concealed the bases for Mattel's claim of conversion against it until at least April 27, 2001?

Yes   _X_

No   ____

21.   Has Mattel proven by a preponderance of the evidence that Mr. Larian fraudulently concealed the bases for Mattel's claim of conversion against him until at least April 27, 2001?.

Yes   ____

No   _X_

PHASE B VERDICT FORM AS GIVEN

07209/2609529.2608584

EXHIBIT __6__
PAGE __75__

1    22.    Has Mattel proven by a preponderance of the evidence that MGA Hong

2 Kong fraudulently concealed the bases for Mattel's claim of conversion against it

3 until at least April 27, 2001?

4             Yes  ____

5             No   X

6

7    Once this verdict form is completed, the foreperson of the jury should sign

8 and date on the lines below.

9

10 DATED: *August 26, 2008*      /s/

11                         Jury Foreperson

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

07209/2609529.26085584.2

PHASE B VERDICT FORM AS GIVEN

EXHIBIT __6__
PAGE __76__