# EXHIBIT 13

# THIS EXHIBIT IS FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 14

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   710 Sansome Street
5  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
6  Facsimile: (415) 397-7188

7  Attorneys for Plaintiff
   CARTER BRYANT

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12

13

14 | CARTER BRYANT, an individual,      | Case No. CV 04-09049 SGL (RNBx)
   |                                     | (consolidated with CV 04-9059 & 05-
15 |                    Plaintiff,       | 2727
   |                                     |
16 |        v.                           | **CARTER BRYANT'S RESPONSES
   |                                     | TO MATTEL, INC'S FIFTH SET
17 | MATTEL, INC. a Delaware             | OF REQUESTS FOR ADMISSION
   | Corporation,                        | TO CARTER BRYANT**
18 |                    Defendant.       |

19 | CONSOLIDATED WITH MATTEL,
20 | INC., v. BRYANT and MGA
   | ENTERTAINMENT, INC. v.
21 | MATTEL, INC.

22

23  PROPOUNDING PARTY:        Defendant MATTEL, INC. ("Defendant")

24

25  RESPONDING PARTY:         Plaintiff CARTER BRYANT ("Plaintiff")

26  SET NUMBER:               FIFTH (5)

27                                    EXHIBIT _14_

28                                    PAGE _269_

398501.01

1.         Carter Bryant ("Defendant" or "Bryant") hereby objects and responds to

2.   Mattel, Inc.'s ("Plaintiff" or "Mattel") Fifth Set of Requests for Admission.

3.         Bryant's responses and objections are made solely for the purpose of this

4.   action.

5.         Bryant points out that discovery is still pending, that he has not concluded

6.   his investigation of the facts relating to this case, has not completed his own

7.   discovery in this case, and has not completed preparation for trial. In light of the

8.   foregoing, the following Responses are given without prejudice to Bryant's right to

9.   stand on his objections, to continue his investigation and discovery, to rely on

10.   subsequently discovered facts, and to utilize subsequently discovered or

11.   subsequently identified evidence or documents.

12.         The following Responses reflect the current status of Bryant's knowledge

13.   and belief respecting the matters about which inquiry is made. Discovery will

14.   continue as long as permitted by statute or stipulation of the parties, and

15.   investigation by Bryant, his attorneys and agents will continue up to and

16.   throughout the trial of this action. Bryant specifically reserves the right to

17.   introduce at the time of trial any evidence from any source, including documents

18.   and testimony from any witnesses which may hereafter be discovered.

19.         If any information has been unintentionally omitted from these Responses,

20.   Bryant hereby reserves the right to amend these Responses to include the omitted

21.   information. Bryant also reserves the right to change, amend or supplement any or

22.   all of the matters contained in these responses as additional facts are ascertained,

23.   analyses are made, and research is completed. These introductory paragraphs

24.   apply to each and every Response herein and shall be incorporated as though fully

25.   set forth in each and every Response.

26.         All of Bryant's responses are based upon information and documentation

27.   that is currently available and specifically known to Bryant. The responses are

28.   made in a good-faith effort to provide information now known to Bryant which is

1

198501.01

EXHIBIT __14__

PAGE __270__

1   responsive, but Bryant specifically reserves the right both to supplement any of the

2   responses set forth below and to utilize at trial any further information or

3   documents.

4   ## GENERAL OBJECTIONS

5   The following general objections apply to the entirety of Mattel's Fourth Set

6   of Requests for Admission (the "Requests"). The assertion of the same, similar, or

7   additional objections to the individual requests does not waive any of Bryant's

8   general objections as set forth below.

9   1.   To the extent these Requests request Bryant to provide information

10   concerning the legal basis of his defense of this matter, Bryant objects on the

11   grounds that the Requests impermissibly call for mental impressions, conclusions,

12   opinions and/or legal theories of Bryant's attorneys.

13   2.   Bryant also objects to the extent these Requests call for the disclosure

14   of information protected by the attorney-client privilege, the work-product

15   doctrine, the joint defense or common interest privilege or any other applicable

16   privilege.

17   3.   Bryant objects to the Requests to the extent that they call for legal

18   conclusions.

19   4.   Bryant objects to the extent that these Requests seek information

20   comprising the trade secrets of MGA and/or third parties, and/or otherwise

21   comprising confidential information, protected from disclosure by California

22   and/or federal law.

23   5.   Bryant objects to the Requests on the grounds that they attempt to

24   unfairly restrict the facts on which Bryant may rely at trial. Discovery has not

25   been completed and Bryant is not yet necessarily in possession of all the facts and

26   documents upon which Bryant intends to rely. All of the responses submitted

27   herewith are tendered to Mattel with the reservation that discovery is ongoing and

28   thus the responses are submitted without limiting the evidence on which Bryant

2

398501.01

EXHIBIT __14__

PAGE __27__

1   may rely to support the contentions that Bryant may assert at the trial of this action.

2   Further, Bryant reserves the right to supplement or amend these responses in the

3   future if it deems that to be appropriate.

4        6.     Bryant objects to the Requests to the extent that they are compound.

5        7.     Bryant objects to the Requests on the grounds that they are vague and

6   overbroad, unduly burdensome and oppressive, seek information that is not

7   reasonably within Bryant's knowledge, and/or seek information that is neither

8   relevant to this litigation nor reasonably calculated to lead to the discovery of

9   admissible evidence. In particular, Bryant also objects to these Requests on the

10  grounds that they are oppressively repetitive.  Bryant also objects to these Requests

11  as burdensome in their sheer number (Mattel has now propounded nearly 500

12  Requests to Bryant alone, many of which consists of multiple interlocking

13  Requests apparently designed to take the place of a single interrogatory).

14       8.     Bryant objects to the Requests to the extent they are vague and

15  ambiguous or call for a legal conclusion as to the scope of Bryant's employment at

16  Mattel.  To the extent that Bryant responds to any request regarding what Bryant

17  did or did not do "while employed" at Mattel, Bryant does so without waiving or

18  intending to waive but rather, on the contrary, preserving and intending to

19  preserve, his contention that anything Bryant did on weekends, evenings ,vacation

20  and any other time outside ordinary business hours was not done while he was

21  working for Mattel.  Bryant's response to any such request may not be taken as an

22  admission that the information provided in his response in any way reflects or

23  evidences work performed by Bryant while he was working for Mattel or that

24  Bryant adopts or agrees with any fact or legal conclusion assumed, presumed or

25  contained in Mattel's request.

26       9.     Bryant objects to the defined terms YOU, BRYANT, MGA,

27  AFFILIATES, BRATZ, BRATZ WORK and BRATZ WORKS, THE BRATZ

28  PITCH MATERIALS, BRYANT/MGA AGREEMENT, CONTEND, CREATE

398501.01

EXHIBIT 14
PAGE 272

1   OR IMPROVE or CREATED OR IMPROVED, and MATTEL on the grounds that

2   these terms, as defined, are overbroad, are vague and ambiguous, and call for legal

3   conclusions. In addition, Bryant objects to the term THE BRATZ PITCH

4   MATERIALS because, as defined, the term is directed towards materials " . . .

5   offered to YOU," not " . . . offered to MGA by YOU," and thus appears

6   nonsensical in this context. Without waiving any related objections, Bryant

7   interprets the definition of the term THE BRATZ PITCH MATERIALS to mean

8   " . . . offered to MGA by YOU," and any response to any request containing the

9   term is based on that interpretation.

10      These general objections shall be deemed incorporated into each specific

11   response below as if they were fully set forth below. Nevertheless, without

12   waiving, without prejudice to, and expressly reserving all of the foregoing

13   objections, Bryant submits the following responses to the Requests.

14            **RESPONSES TO REQUESTS FOR ADMISSION**

15   **REQUEST FOR ADMISSION NO. 1:**

16      Admit that YOU have copied or prepared derivative works from at least one

17   of THE BRATZ PITCH MATERIALS.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

19      Bryant incorporates by reference the above-stated general objections as if

20   fully set forth herein. Bryant also specifically objects to this request on the

21   grounds that it is compound. Bryant also specifically objects to this request on the

22   grounds that it calls for legal conclusions as to what constitutes a derivative work

23   and copying. Bryant also specifically objects to this request on the grounds that it

24   calls for disclosure of information protected by the attorney-client privilege, the

25   work product doctrine, the joint defense privilege, and any other applicable

26   privileges. Bryant also specifically objects to this request on the grounds that it is

27   oppressively repetitive and unnecessary in combination with Mattel's other

28   requests.

4

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __14__

PAGE __273__

1  the BRYANT/MGA AGREEMENT that entering into the BRYANT/MGA

2  AGREEMENT could or might subject YOU to legal liability.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

4  Bryant incorporates by reference the above-stated general objections as if

5  fully set forth herein.  Bryant also specifically objects to this request on the

6  grounds that it is compound.  Bryant also specifically objects to this request on the

7  ground that it calls for information that is beyond the scope of this litigation.

8  Bryant also specifically objects to this request on the grounds that it calls for

9  disclosure of information protected by the attorney-client privilege, the work

10  product doctrine, the joint defense privilege, and any other applicable privileges.

11  Bryant also specifically objects to this request on the grounds that it is oppressively

12  repetitive and unnecessary in combination with Mattel's other requests.

13  Subject to and without waiving the foregoing general and specific

14  objections, Bryant responds to this request as follows: Bryant denies that anyone

15  told him the BRYANT/MGA AGREEMENT could or might subject him to legal

16  liability to Mattel.

17  **REQUEST FOR ADMISSION NO. 27:**

18  Admit that YOU CREATED OR IMPROVED at least one of THE BRATZ

19  PITCH MATERIALS while employed by MATTEL.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

21  Bryant incorporates by reference the above-stated general objections as if

22  fully set forth herein.  Bryant also specifically objects to this request on the

23  grounds that it is compound.  Bryant also specifically objects to this request on the

24  grounds that it calls for legal conclusions as to what constitutes "CREATED OR

25  IMPROVED" and "employed."  Bryant also specifically objects to this request

26  because "while employed at Mattel" is vague and ambiguous; without waiving or

27  intending to waive, but rather preserving and intending to preserve, his contention

28  that anything Bryant did on weekends, evenings ,vacation and any other time

398501.01

EXHIBIT 14
PAGE 274

1  outside ordinary business hours was not done while he was working for Mattel,
2  Bryant responds to this request based on his interpretation that "while employed"
3  refers only to the dates of Bryant's employment, and not to whether Bryant's
4  specific acts at specific times were part of his employment at Mattel. Bryant's
5  response, based on that interpretation, is not an admission that the information
6  provided in his response in any way reflects or evidences work performed by
7  Bryant while he was working for Mattel or that Bryant adopts or agrees with any
8  fact or legal conclusion assumed, presumed or contained in Mattel's request. To
9  the extent this request asks Bryant to provide information concerning the legal
10  basis of his defense of this matter, Bryant also specifically objects on the grounds
11  that the request impermissibly calls for mental impressions, conclusions, opinions
12  and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this
13  request on the grounds that it calls for disclosure of information protected by the
14  attorney-client privilege, the work product doctrine, the joint defense privilege, and
15  any other applicable privileges. Bryant also specifically objects to this request on
16  the grounds that it is oppressively repetitive and unnecessary in combination with
17  Mattel's other requests.

18      Subject to and without waiving the foregoing general and specific
19  objections, Bryant responds to this request as follows: Bryant admits that he traced
20  his 1998 drawings and colored such tracings in the spring or summer of 1999, a
21  period in which he was employed by Mattel, and that he traced his 1998 drawings,
22  colored such tracings, and drew a few outfits of formal wear between January 1,
23  2000 and October 20, 2000, a period in which he was employed by Mattel. Bryant
24  accordingly admits this request to the extent that this tracing, coloring such
25  tracings, and drawing formal wear outfits constitutes CREAT[ING] OR
26  IMPROV[ING] BRATZ PITCH MATERIALS while employed at Mattel, as
27  Bryant interprets those terms.

28

EXHIBIT __14__
PAGE __275__

25

398501.01

1   **REQUEST FOR ADMISSION NO. 28:**

2       Admit that YOU CREATED OR IMPROVED more than one of THE

3   BRATZ PITCH MATERIALS while employed by MATTEL.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

5       Bryant incorporates by reference the above-stated general objections as if

6   fully set forth herein. Bryant also specifically objects to this request on the

7   grounds that it is compound. Bryant also specifically objects to this request on the

8   grounds that it calls for legal conclusions as to what constitutes "CREATED OR

9   IMPROVED" and "employed." Bryant also specifically objects to this request

10  because "while employed at Mattel" is vague and ambiguous; without waiving or

11  intending to waive, but rather preserving and intending to preserve, his contention

12  that anything Bryant did on weekends, evenings ,vacation and any other time

13  outside ordinary business hours was not done while he was working for Mattel,

14  Bryant responds to this request based on his interpretation that "while employed"

15  refers only to the dates of Bryant's employment, and not to whether Bryant's

16  specific acts at specific times were part of his employment at Mattel. Bryant's

17  response, based on that interpretation, is not an admission that the information

18  provided in his response in any way reflects or evidences work performed by

19  Bryant while he was working for Mattel or that Bryant adopts or agrees with any

20  fact or legal conclusion assumed, presumed or contained in Mattel's request. To

21  the extent this request asks Bryant to provide information concerning the legal

22  basis of his defense of this matter, Bryant also specifically objects on the grounds

23  that the request impermissibly calls for mental impressions, conclusions, opinions

24  and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

25  request on the grounds that it calls for disclosure of information protected by the

26  attorney-client privilege, the work product doctrine, the joint defense privilege, and

27  any other applicable privileges. Bryant also specifically objects to this request on

28  the grounds that it is oppressively repetitive and unnecessary in combination with

398501.01

EXHIBIT __4__

PAGE __27 6__

1  Mattel's other requests.

2      Subject to and without waiving the foregoing general and specific

3  objections, Bryant responds to this request as follows: Bryant admits that he traced

4  his 1998 drawings and colored such tracings in the spring or summer of 1999, a

5  period in which he was employed by Mattel, and that he traced his 1998 drawings,

6  colored such tracings, and drew a few outfits of formal wear between January 1,

7  2000 and October 20, 2000, a period in which he was employed by Mattel.  Bryant

8  accordingly admits this request to the extent that this tracing, coloring such

9  tracings, and drawing formal wear outfits constitutes CREAT[ING] OR

10 IMPROV[ING] BRATZ PITCH MATERIALS while employed at Mattel, as

11 Bryant interprets those terms.

12 **REQUEST FOR ADMISSION NO. 29:**

13     Admit that YOU CREATED OR IMPROVED all of THE BRATZ PITCH

14 MATERIALS while employed by MATTEL.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

16     Bryant incorporates by reference the above-stated general objections as if

17 fully set forth herein.  Bryant also specifically objects to this request on the

18 grounds that it is compound.  Bryant also specifically objects to this request on the

19 grounds that it calls for legal conclusions as to what constitutes "CREATED OR

20 IMPROVED" and "employed."  Bryant also specifically objects to this request

21 because "while employed at Mattel" is vague and ambiguous; without waiving or

22 intending to waive, but rather preserving and intending to preserve, his contention

23 that anything Bryant did on weekends, evenings ,vacation and any other time

24 outside ordinary business hours was not done while he was working for Mattel,

25 Bryant responds to this request based on his interpretation that "while employed"

26 refers only to the dates of Bryant's employment, and not to whether Bryant's

27 specific acts at specific times were part of his employment at Mattel.  Bryant's

28 response, based on that interpretation, is not an admission that the information

27
CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)
398501.01
EXHIBIT 14
PAGE 217

1  provided in his response in any way reflects or evidences work performed by

2  Bryant while he was working for Mattel or that Bryant adopts or agrees with any

3  fact or legal conclusion assumed, presumed or contained in Mattel's request. To

4  the extent this request asks Bryant to provide information concerning the legal

5  basis of his defense of this matter, Bryant also specifically objects on the grounds

6  that the request impermissibly calls for mental impressions, conclusions, opinions

7  and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

8  request on the grounds that it calls for disclosure of information protected by the

9  attorney-client privilege, the work product doctrine, the joint defense privilege, and

10  any other applicable privileges. Bryant also specifically objects to this request on

11  the grounds that it is oppressively repetitive and unnecessary in combination with

12  Mattel's other requests.

13  Subject to and without waiving the foregoing general and specific

14  objections, Bryant responds to this request as follows: Bryant admits that he traced

15  his 1998 drawings and colored such tracings in the spring or summer of 1999, a

16  period in which he was employed by Mattel, and that he traced his 1998 drawings,

17  colored such tracings, and drew a few outfits of formal wear between January 1,

18  2000 and October 20, 2000, a period in which he was employed by Mattel. Bryant

19  accordingly admits this request to the extent that this tracing, coloring such

20  tracings, and drawing formal wear outfits constitutes CREAT[ING] OR

21  IMPROV[ING] BRATZ PITCH MATERIALS while employed at Mattel, as

22  Bryant interprets those terms.

23  **REQUEST FOR ADMISSION NO. 30:**

24  Admit that YOU deny YOU willfully infringed any copyrights in BRATZ

25  WORKS.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

27  Bryant incorporates by reference the above-stated general objections as if

28  fully set forth herein. Bryant also specifically objects to this request on the

28
CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

398501.01

EXHIBIT 14
PAGE 276

1   | Dated: July 9, 2007                    KEKER & VAN NEST, LLP

2

3

4                                      By: _____
                                            MICHAEL H. PAGE
5                                           Attorneys for Plaintiff
                                            CARTER BRYANT
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                      EXHIBIT __14__

28                                                      PAGE __279__

                                       46
                      CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
                 FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
                            CASE NO. CV 04-09049 SGL (RNBx)

398501.01

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On July 9, 2007, I served the following document(s):

**CARTER BRYANT'S RESPONSES TO MATTEL, INC'S FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery; AND

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| John B. Quinn<br>Michael T. Zeller<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>Tel:    213/443-3000<br>Fax:    213/443-3100<br>Email: johnquinn@quinnemanuel.com<br>Email: michaelzeller@quinnemanuel.com | Diana M. Torres<br>O'Melveny & Myers, LLP<br>400 S. Hope Street<br>Los Angeles, CA 90071<br>Tel:    213/430-6000<br>Fax:    213/430-6407<br>Email: dtorres@omm.com |

Patricia L. Glaser
Christensen Glaser Fink Jacobs Weil & Shapiro
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Tel:    310/553-3000
Fax:    310/556-2920
Email: pglaser@chrisglase.com

Executed on July 9, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Julie Selby_
JULIE A. SELBY

EXHIBIT __14__
PAGE __280__

396359.01

# EXHIBIT 15



LIBRARY OF CONGRESS

*Copyright Office*
*of the United States*

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **YASMIN DRAWING** registered under number **VA 1-218-491.**

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **YASMIN DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-491.**

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By:   Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.



M 0110198

EXHIBIT ___15___

PAGE ___281___

EX 511-0001

**Additional Certificate (17 U.S.C. 706)**
## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-218-491

EFFECTIVE DATE OF REGISTRATION

**DEC 22 2003**

Month     Day     Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**1**

Title of This Work ▼

YASMIN Drawing

NATURE OF THIS WORK ▼ See Instructions

color drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2**

**a**

NAME OF AUTHOR ▼

Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

**NOTE**
Under the law, the author of a work made for hire is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a work made for hire?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of   U.S.A.
Domiciled in

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes   ☑ No
Pseudonymous?   ☐ Yes   ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es) **See Instructions**
☐ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☑ 2 Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**b**

Name of Author ▼

Dates of Birth and Death
Year Born ▼     Year Died ▼

Was this contribution to the work a work made for hire?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of
Domiciled in

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es) **See Instructions**
☐ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2 Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**3**

**a** Year in Which Creation of This Work Was Completed
1998
This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work
Month February   Day 12   Year 2001
U.S.A.   Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc  16730 Schoenborn Street
North Hills CA 91343 6122

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003
FUNDS RECEIVED

**MORE ON BACK ▶**   Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
See detailed instructions.   Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of __ pages

---

M 0110199

**EXHIBIT** __15__

**PAGE** __282__

EX 511-0002

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| □ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number ▼**   **Year of Registration ▼**

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates ▼

**6**

**a**
See instructions before completing this space

b **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed ▼

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name ▼**   **Account Number ▼**

**7**

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Larry W. McFarland   Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212

**b**

Area code and daytime telephone number   ( 310 ) 248-3830.   Fax number   ( 310 ) 860-0363

Email   lmcfarland@kmwlaw.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of MGA Entertainment, Inc.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Larry W. McFarland   Date December 16, 2003

Handwritten signature (X) ▼

X _____

| Certificate will be mailed in window envelope to this address | **Name ▼** Larry W. McFarland   Keats McFarland & Wilson LLP |
|---|---|
| | **Number/Street/Apt ▼** 9720 Wilshire Boulevard, Penthouse Suite |
| | **City/State/ZIP ▼** Beverly Hills, California 90212 |

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: June 2002—20,000   Web Rev: June 2002   ⊕ Printed on recycled paper   U.S. Government Printing Office: 2000-461-113/20,021

M 0110200

**EXHIBIT** ___15___

**PAGE** ___283___

EX 511-0003

VA 1-218-491

Yasmin

LIBRARY OF CONGRESS
DEC 2 2 2003
COPY
COPYRIGHT OFFICE

M 0110201

EXHIBIT __15__

PAGE __284__

EX 511-0004



8/1998

EXHIBIT 15

PAGE 285

M 0110202

EX 511-0005

# EXHIBIT 16



*LIBRARY OF CONGRESS*

*Copyright Office*
*of the United States*

*WASHINGTON, D.C.*

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **SASHA DRAWING** registered under number **VA 1-218-488**.

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **SASHA DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-488**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By: Tracie M. Coleman
Head
Certifications and Documents Section
Information and Reference Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.



EXHIBIT __50__7__
Deponent __ARMSTRONG__
Date __7/8/07__ Rptr. __ACC__
www.DEPOBOOK.COM

EXHIBIT __16__          M 0110184

PAGE __282__          EX 507-0001

**Additional Certificate (17 U.S.C. 706)**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1–218–488

EFFECTIVE DATE OF REGISTRATION

DEC 22 2003

Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**1**

Title of This Work ▼
SASHA Drawing

NATURE OF THIS WORK ▼ See instructions
color drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**

NAME OF AUTHOR ▼
**a** Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR {  Citizen of   U S A
      Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3 Dimensional sculpture    ☐ Map    ☐ Technical drawing
☑ 2 Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

Name of Author ▼
**b**

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR {  Citizen of _____
      Domiciled in _____

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3 Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2 Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**3**

Year in Which Creation of This Work Was
**a** Completed   1998
This information must be given   Year in all cases.

Date and Nation of First Publication of This Particular Work
**b** Complete this information ONLY if this work has been published.
Month February   Day 12   Year 2001
Nation U.S.A.

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
MGA Entertainment Inc  16730 Schoenborn Street
North Hills  CA  91343 6122

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
Assignment

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003
FUNDS RECEIVED

MORE ON BACK ▶  Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
See detailed instructions.   Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

EXHIBIT ___16___

PAGE ___287___

M 0110185

EX 507-0002

VA 1-218-488

LIBRARY OF CONGRESS
DEC 2 2 2003   TT
COPY
COPYRIGHT OFFICE

EXHIBIT __16__          **M 0110186**

PAGE __288__          EX 507-0003



EXHIBIT __16__

PAGE __289__

M 0110187

EX 507-0004