# EXHIBIT 24

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
### CIVIL MINUTES -- GENERAL

Case No.   CV 04-09049 SGL(RNBx)                    Date: February 4, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
==============================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

          Jim Holmes                              Theresa Lanza
          Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                            John Quinn
                                        Jon D. Corey

                                        ATTORNEY PRESENT FOR CARLOS
ATTORNEYS PRESENT FOR MGA:              GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo


Alexander H. Cote


MINUTES FORM 90                                Initials of Deputy Clerk ___jh
CIVIL -- GEN                                   Time: 1/45

                              1

EXHIBIT  14
PAGE  341

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

### EX PARTE APPLICATIONS REGARDING DEPOSITIONS (DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE

These applications are DENIED IN PART, subject to the following rulings:

(1)    The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)    The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

MINUTES FORM 90
CIVIL – GEN

2

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT __24__

PAGE __342__

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court.   Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008. Other parties may file written replies no later than February 19, 2008. The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3)   Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4)   All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)   As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master. The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure.   For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master. So, too, must objections based on burdensomeness, relevancy, or privilege. In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6)   To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph. To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)   The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08 Order as follows:

Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90
CIVIL -- GEN                                                3

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT ___24___

PAGE___343___

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)  The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)  At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

### MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

### MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

### MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

MINUTES FORM 90
CIVIL -- GEN

4

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT __24__

PAGE __344__

arrangements for inspection in both Hong Kong and the PRC.  Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports.  Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART.  The Court sets the motion for hearing on February 11, 2008.  Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008.  The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN                                    5

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT___24___

PAGE____345____

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)    **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So  Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service -  Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor):  P.O. Box 581103

Salt Lake City,  UT  84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

* For CIVIL cases only

| **JUDGE / MAGISTRATE JUDGE (list below):** |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk jh

G-75  (03/07)                    NOTICE PARTY SERVICE LIST

EXHIBIT  24

PAGE  346

Case 2:04-cv-09049-SGL-RNB  Document 1931  Filed 02/04/2008  Page 7 of 7

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)  **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| | |
|---|---|
| Atty Sttlmnt Officer Panel Coordinator | |
| BAP (Bankruptcy Appellate Panel) | |
| Beck, Michael J (Clerk, MDL Panel) | |
| BOP (Bureau of Prisons) | |
| CA St Pub Defender (Calif. State PD) | |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | |
| Case Asgmt Admin (Case Assignment Administrator) | |
| Catterson, Cathy (9th Circuit Court of Appeal) | |
| Chief Deputy Admin | |
| Chief Deputy Ops | |
| Clerk of Court | |
| Death Penalty H/C (Law Clerks) | |
| Dep In Chg E Div | |
| Dep In Chg So Div | |
| Federal Public Defender | |
| Fiscal Section | |
| Intake Section, Criminal LA | |
| Intake Section, Criminal SA | |
| Intake Supervisor, Civil | |
| PIA Clerk - Los Angeles (PIALA) | |
| PIA Clerk - Riverside (PIAED) | |
| PIA Clerk - Santa Ana (PIASA) | |
| PSA - Los Angeles (PSALA) | |
| PSA - Riverside (PSAED) | |
| PSA - Santa Ana (PSASA) | |
| Schnack, Randall (CJA Supervising Attorney) | |
| Statistics Clerk | |

| | |
|---|---|
| US Attorneys Office - Civil Division -L.A. | |
| US Attorneys Office - Civil Division - S.A. | |
| US Attorneys Office - Criminal Division -L.A. | |
| US Attorneys Office - Criminal Division -S.A. | |
| US Bankruptcy Court | |
| US Marshal Service - Los Angeles (USMLA) | |
| US Marshal Service - Riverside (USMED) | |
| US Marshal Service -Santa Ana (USMSA) | |
| US Probation Office (USPO) | |
| US Trustee's Office | |
| Warden, San Quentin State Prison, CA | |

| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address *(include suite or floor)*:  Two Embarcadero

Center, Suite 1500, San Francisco, CA 94111

*E-mail:

*Fax No.:

* For CIVIL cases only

| *JUDGE / MAGISTRATE JUDGE (list below):* |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk  jh

G-75  (03/07)                    NOTICE PARTY SERVICE LIST

EXHIBIT  24

PAGE  347

# EXHIBIT 25

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:     (415) 774-2611
Facsimile:     (415) 982-5287

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE COMMUNICATIONS REGARDING THIS ACTION** |

## I. INTRODUCTION

On February 4, 2008, Mattel, Inc. ("Mattel") submitted a "Motion to Compel MGA to Produce Communications Regarding this Action." On February 11, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited and MGAE de Mexico S.R.L. de C.V. (collectively "MGA") submitted an opposition. On February 14, 2008, Mattel submitted a reply. On April 9, 2008, Mattel submitted the Second Supplemental Declaration of Dylan Proctor in

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __25__

PAGE __348__

1 support of its motion. The matter was heard on April 11, 2008.

2 II. BACKGROUND

3 In March of 2005, Mattel propounded its First Set of Requests for Production of

4 Documents and Tangible Things. Request No. 48 in Mattel's First Set of Requests, the only

5 request at issue in this motion, sought from MGA "[a]ll non-privileged COMMUNICATIONS

6 between YOU and any PERSON that REFER or RELATE TO this action." MGA objected to the

7 Request on several grounds, including relevancy, overbreadth and undue burden.

8 In January of 2008, Mattel wrote to MGA to request a meet and confer conference

9 regarding Request No. 48. Mattel offered to narrow the Request to "communications that refer or

10 relate to this action that (i) involve at least one MGA employee who holds or held a position of

11 manager or higher; (ii) involve MGA's agents and/or attorneys acting on MGA's behalf; or (iii)

12 involve a former Mattel employee who communicated about this action while employed by

13 MGA, regardless of title." Mattel's Motion at p.4. In response, MGA agreed to search for and

14 produce management-level communications if Mattel would agree to pay the costs. The parties

15 were unable to reach any agreement regarding Request No. 48, and consequently Mattel filed the

instant motion.

16 Mattel seeks an order compelling MGA to produce documents responsive to Request No.

17 48, as narrowed during the meet and confer process. Mattel contends that the requested

18 communications are likely to lead to impeachment evidence and information about witness biases.

19 Mattel also contends that the requested communications are likely to lead to evidence to support

20 its RICO claims, and in particular, its allegation that MGA has induced Mattel employees to steal

21 Mattel's confidential information or other property and take it with them to MGA, and its

22 allegation that MGA has engaged in spoliation of evidence.

23 Mattel contends that Request No. 48, as narrowed, is limited to MGA's core personnel, its

24 authorized agents and attorneys who communicate about this action, and former Mattel

25 employees at MGA. Mattel contends that these three groups represent a finite, reasonable list of

26 individuals whose communications about this case are likely to be relevant. Mattel also contends

27 that cost-shifting is not appropriate because the discovery it seeks is not unduly burdensome.

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT **25**

PAGE **349**

1   MGA objects to the narrowed version of the Request. In MGA's view, the Request

2   remains a generalized catch-all request for communications that might be related in any

3   conceivable way to the case. MGA also objects to the Request because of the sheer number of

4   MGA employees who would fall within its scope (*i.e.*, 204 MGA employees who hold or held a

5   position of manager or higher and approximately 70 former Mattel employees who have worked

6   for MGA) and the cost associated with searching and reviewing employees' files. MGA further

7   contends that Mattel's request for non-privileged communications from MGA's current or prior

8   counsel that refer to this litigation is particularly burdensome for several reasons, including the

9   length of time this case has been pending, the number of firms and attorneys involved, and the

10  difficulty of sorting out privileged communications from non-privileged communications. MGA

11  contends that MGA's motion should also be denied because Request No. 48 is cumulative and

12  duplicative of other discovery Mattel has sought and obtained in this case. In the event the court

13  grants Mattel's motion in any respect, MGA requests that the court shift costs and order Mattel to

14  pay the cost associated with the collection, review and production of responsive documents.

15      Mattel's most recent submission indicates that during the meet and confer process, MGA

16  agreed to search for and produce, at its own expense, communications relating to this action

17  involving senior MGA personnel and former Mattel employees, if Mattel would limit its request

18  to ten individuals. Mattel countered MGA's proposal with a list of twenty-three individuals.

19  Mattel contends that, at the very least, MGA should be ordered to produce non-privileged

20  communications relating to this action involving the following MGA personnel and former Mattel

21  employees, as well as MGA's counsel: (1) Isaac Larian, (2) Paula Garcia, (3) Maria Elena Salazar,

22  (4) Margaret Leahy, (5) Mercedeh Ward, (6) David Malacrida, (7) Ron Brawer, (8) Daphne

23  Gronich, (9) Craig Holden, (10) Jeanine Posini, (11) Bryan Armstrong, (12) Samir Khare, (13)

24  Janine Brisbois, (14) Carlos Gustavo Machado Gomez, (15) Mariana Trueba Almada, (16) Pablo

25  Vargas San Jose, (17) Susanna Kuemmerle, (18) Schuyler Bacon, (19) Nanette Black, (20) Nick

26  Contreras, (21) Dan Cooney, (22) Jorge Castilla and (23) Jill Hatch. Second Supp. Proctor Decl.

### III. STANDARDS

27      In general, parties may obtain discovery regarding any matter, not privileged, that is

28

EXHIBIT  25

PAGE  350

relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). All discovery, however, "is subject to the limitations imposed by Rule 26(b)(2)(C)." Fed.R.Civ.P. 26(b)(1). Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court must limit the frequency or extent of use of discovery otherwise allowed by the Federal Rules of Civil Procedure or by local rule if the court determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C).

## IV. DISCUSSION

To the extent Mattel seeks full compliance with the narrowed version of Request No. 48, Mattel's motion is denied. Even as narrowed, Request No. 48 requires the production of communications concerning a very broad subject matter, namely communications "that REFER or RELATE to this action."[1]

The narrowed Request is also objectionable because it is not reasonably tailored to seek the information that Mattel claims it needs. With respect to Mattel's purported need for evidence relating to witness credibility and bias, the Request is not limited to any particular witness or groups of witnesses in the case. The Request is also not limited to pertinent subject matters, such as the preservation or spoliation of evidence, a witness' prospective testimony, or MGA's offers or agreements to pay the witness' fees. Furthermore, with respect to Mattel's purported need for evidence to support its RICO claims, the requested discovery is premature in light of the stay on Phase 2 discovery.

---

[1] In its reply brief, Mattel attempts to defend its Request as "well-defined in subject matter" by explaining that it is only seeking "communications relating to testimony in, or knowledge or information about, this action; or relating to gathering and collecting documents in this action; or destroying or altering evidence; or payments relating to this action." Mattel's Reply at p. 1. Mattel, however, did not propose any of these subject matter limitations previously. Even if it had, the breadth of the narrowed Request would still be unjustified under Rule 26(b)(2)(C), Fed.R.Civ.P.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT   25

PAGE   351

The narrowed Request is also unduly burdensome insofar as Mattel seeks non-privileged communications from MGA's current or prior counsel that refer to this litigation. This litigation has been ongoing for nearly four years, during which time discovery has been extensively and aggressively pursued by both sides. Furthermore, to comply with Mattel's narrowed Request, MGA would have to review a considerable number of attorneys' files from the three separate law firms that have represented MGA, and scrutinize every attorney communication for privilege. Under these circumstances, the burden and expense of culling and producing the requested communications involving MGA's attorneys substantially outweigh their likely benefit, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

The narrowed Request also remains overbroad and unduly burdensome because of the number of MGA employees that would fall within its scope. By MGA's estimations, there are 204 MGA employees who hold or have held a position of manager or higher, and approximately 70 former Mattel employees who have worked for MGA. Requiring MGA to review the files of so many employees for potentially responsive communications is unwarranted taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.[2]

Request No. 48 is also cumulative and duplicative of discovery that Mattel has sought and obtained in this case. By MGA's calculations, it has produced more than 4.2 million pages of documents in response to over 2700 document requests, several of which call for documents that are also responsive to Request No. 48. See e.g. Mattel's First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Nos. 7-9, 12, 44; Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA Nos. 31, 49, 50; Mattel's First Set of Requests for Documents and Things to Isaac Larian Nos. 118, 147, 153, 193; and Mattel's Subpoena to Farhad Larian, Request No. 25.

Nevertheless, the court has considered Mattel's eleventh hour request for production of communications involving the twenty-three individuals identified above. Based upon the

---

[2] In its reply brief, Mattel proposes that, at the least, its Request should be granted as to communications involving MGA's senior employees. Mattel's Reply at pp. 1, 10. Although Mattel's proposal reduces the total number of communications involving MGA employees, it is not enough to tip the balance of benefit and burden to justify the Request.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 25

PAGE 352

information provided in Mattel's supplemental submission, it is evident that communications involving more than half of the individuals identified above may be relevant, if at all, to Phase 2 issues. In view of the stay on Phase 2 discovery, Mattel's request is denied as to the following individuals: Ron Brawer, Janine Brisbois, Carlos Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas San Jose, Susanna Kuemmerle, Schuyler Bacon, Nanette Black, Nick Contreras, Dan Cooney, Jorge Castilla and Jill Hatch.

Daphne Gronich, Craig Holden, Jeanine Posini, Bryan Armstrong and Samir Khare have been or currently are employed in MGA's legal department. As discussed previously, the burden and expense of culling and producing communications involving these five individuals outweigh the likely benefit of the discovery, taking into consideration the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P. Therefore, Mattel's request is denied as to these five individuals.

Mattel's request is granted as to the remaining individuals, namely, Isaac Larian, Paula Garcia, Maria Elena Salazar, Margaret Leahy, Mercedeh Ward, and David Malacrida. Based upon the information provided in Mattel's supplemental submission, communications about this case involving these individuals are likely to be relevant.

## V. CONCLUSION

For the reasons set forth above, Mattel's Motion to Compel MGA to Produce Communications Regarding This Action is granted with respect to communications involving Isaac Larian, Paula Garcia, Maria Elena Salazar, Margaret Leahy, Mercedeh Ward and David Malacrida. Mattel's motion is denied in all other respects.

Nothing in this Order is intended to authorize or preclude Mattel from seeking additional documents responsive to Request No. 48 as part of Phase 2 discovery.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: April 14, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT __25__

PAGE __353__

# EXHIBIT 26

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:   (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12                                          CASE NO. CV 04-09049 SGL (RNBx)
     CARTER BRYANT, an individual,          JAMS Reference No. 1100049530
13
              Plaintiff,
14                                          Consolidated with
         v.                                 Case No. CV 04-09059
15                                          Case No. CV 05-2727
     MATTEL, INC., a Delaware corporation,
16                                          ORDER GRANTING IN PART AND
              Defendant.                     DENYING IN PART MATTEL'S
17                                          MOTION TO COMPEL PRODUCTION
                                            OF DOCUMENTS AND THINGS BY
18                                          MGA ENTERTAINMENT, INC.;
                                            DENYING REQUEST FOR
19                                          SANCTIONS

20   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
21   MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.
22

23

24                        I. INTRODUCTION

25        On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Production of

26   Documents and Things by MGA Entertainment, Inc. ("MGA") and for Award of Monetary

27

28   Bryant v. Mattel, Inc.,                                              1
     CV-04-09049 SGL (RNBx)

                                    4-15-08

EXHIBIT __26__

PAGE __354__

1   Sanctions. Specifically, Mattel seeks an order compelling MGA to produce documents and things

2   responsive to Request Nos. 1-88 of Mattel's Third Set of Requests for Documents and Things, as

3   well as a complete privilege log identifying any documents responsive to these Requests that have

4   been withheld on privilege grounds. On February 7, 2008, MGA submitted an opposition, and on

5   February 14, 2008, Mattel submitted a reply. On April 9, 2008, Mattel submitted the

6   Supplemental Declaration of Jon D. Corey, and the next day MGA submitted the Supplemental

7   Declaration of Bernard Shek. The motion was heard on April 11, 2008.

8                                      II. DISCUSSION

9          Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

10   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

11   party." Fed.R.Civ.P. 26(b)(1). The court shall, however, limit the frequency or extent of use of

12   the discovery methods if the court determines that (i) the discovery sought is unreasonably

13   cumulative or duplicative, or is obtainable from some other source that is more convenient, less

14   burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

15   discovery in the action to obtain the information sought; or (iii) the burden or expense of the

16   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

17   amount in controversy, the parties' resources, the importance of the issues at stake in the

18   litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P.

19   26(b)(2)(C).

20   A.  Documents and Things Related to Other Bratz-Related Lawsuits and Claims by MGA That

21   Other Dolls or Products Infringe Bratz (Request Nos. 1-30)

22          In Request Nos. 1-30, Mattel asks for documents and things relating to MGA's assertion of

23   rights relating to Bratz and to twenty-five different litigations that Mattel defines as the "BRATZ

24   LAWSUITS." These requests are grossly overbroad and unduly burdensome. The mere fact that

25   Bratz was the subject of separate and unrelated litigation between MGA (and its affiliates) and

26   various third parties does not render every pleading, discovery response, order, exhibit, transcript

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT __26__

PAGE __355__

1   or other document or thing relating to these twenty-five different litigations relevant to this

2   litigation. Mattel has made no attempt to narrow these requests to the claims and defenses in this

3   case. For example, Request No. 6 seeks "[a]ll DOCUMENTS that REFER OR RELATE TO any

4   claim or contention by YOU (other than in this ACTION) that any doll, product or other matter,

5   whether in whole or in part, that has been sold, offered for sale, manufactured, distributed,

6   promoted or advertised by any PERSON INFRINGES BRATZ." Kidman Decl., Ex. 1. The

7   phrase "REFER OR RELATE" is defined expansively to mean "constituting, embodying,

8   containing, referring to, commenting on, evidencing, regarding, discussing, describing,

9   mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating,

10   revoking or otherwise relating to in any manner." Id. As another example, Request No. 20 seeks

11   "[a]ll DOCUMENTS produced or made available for inspection by YOU in the BRATZ

12   LAWSUITS." Kidman Decl., Ex. 1. Mattel has not demonstrated how all of these requested

13   documents could be relevant to the claims and defenses in this case.

14        Further, to the extent Request Nos. 1-30 encompass relevant documents and things, the

15   requests are unreasonably cumulative of other discovery Mattel has sought and received from

16   MGA. According to MGA's calculations, MGA has produced more than 20,000 pages of

17   documents relating to more than a dozen other lawsuits, including numerous sworn statements

18   and testimony. Moreover, the burden and expense of responding to Request Nos. 1-30, which

19   cover seven years worth of litigation from twenty-five separate lawsuits, far outweigh the likely

20   benefit of the discovery, particularly in light of the production of documents MGA has already

21   made. Accordingly, Mattel's motion is denied as to Request Nos. 1-30.

22   B. Documents Relating to Any Use or Considered Use of the Term "Jade" (Request No. 31)

23        In Request No. 31, Mattel seeks documents related to the use or considered use of the term

24   "Jade" in connection with any MGA doll or product. In its supplemental response, MGA agrees

25   to produce non-privileged documents in its possession, custody or control, if any, that it is able to

26   locate following a reasonably diligent search, that were created prior to January 1, 2001 and refer

27

28   Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

    3

EXHIBIT __26__

PAGE __354__

1    or relate to the use, or considered, proposed or potential use, of the term "Jade" in connection with

2    any MGA doll, product or other matter. The parties' most recent submissions indicate that Mattel

3    is prepared to limit the time frame for its request through September 30, 2001, whereas MGA

4    proposes through June 30, 2001.

5        Mattel's motion to compel production of documents responsive to Request No. 31 is

6    granted with respect to the period through June 30, 2001. Bratz was released to the market

·7    sometime in June 2001, and thus MGA's proposed time frame is reasonably tailored to include

8    documents relevant to the creation and development of Bratz. To the extent Mattel seeks

9    documents beyond what MGA agrees to produce, Mattel's motion is denied. The burden and

10    expense of requiring MGA to conduct another search for responsive documents at this stage in the

11    litigation far outweigh the likely benefit of the discovery, taking into consideration all of the

12    factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

13    C. Documents and Things Related to Sandra Bilotto, the "Prayer Angels" (Request Nos. 32-41)

14        In Request Nos. 32-41, Mattel seeks documents and things related to Sandra Bilotto, a

15    former Mattel vendor and the sculptor of MGA's "Prayer Angels" dolls. In its supplemental

16    responses, MGA agrees to produce documents requested in Nos. 35, 37, 39 and 41, limited to the

17    period prior to January 1, 2001. MGA objects to producing any additional documents responsive

18    to this category of requests.

19        The parties' most recent submissions indicate that Mattel agrees to defer its motion to

20    compel as to Request Nos. 32, 33, 36 and 38 in light of the stay on Phase 2 discovery, and to

21    withdraw its motion as to Request Nos. 34, 35, 37 and 39 based upon MGA's representations

22    regarding the completeness of its document production.[1] Further, Mattel agrees to limit Request

23

24

25

26       [1] Although Mattel agrees to withdraw its motion as to Request Nos. 34, 35, 37 and 39, Mattel requests that MGA update its supplemental responses to these requests to reflect what documents MGA has produced. Mattel's request is granted. MGA shall serve supplemental responses to these requests no later than April 30, 2008.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 26

PAGE 357

1   Nos. 40 and 41 to documents through September 30, 2001.  In contrast, MGA proposes limiting

2   Request Nos. 40 and 41 to documents through June 30, 2001.

3        Mattel's motion to compel production of documents responsive to Request Nos. 40 and 41

4   is granted consistent with MGA's proposal.  To the extent Mattel seeks documents beyond what

5   MGA agrees to produce, Mattel's motion is denied on the grounds that the discovery is overly

6   broad and unduly burdensome, taking into consideration all of the factors set forth in Rule

7   26(b)(2)(C), Fed.R.Civ.P.

8   D. MGA's Communications With and Payments to Paula Garcia (Request Nos. 42, 76, 77)

9        In Request Nos. 42, 76 and 77, Mattel seeks communications between Isaac Larian and

10   Paula Garcia, and documents regarding MGA's payments to Ms. Garcia.  Ms. Garcia was MGA's

11   Bratz project manager.  Prior to her employment with MGA, Ms. Garcia was employed by Mattel.

12        The parties' most recent submissions indicate that Mattel agrees to narrow Request No. 42

13   to communications through September 30, 2001.  In contrast, MGA proposes limiting Request

14   No. 42 to communications between Mr. Larian and Ms. Garcia that refer or relate to Carter Bryant

15   or Bratz through June 30, 2001.

16        Mattel's motion to compel production of documents responsive to Request No. 42 is

17   granted consistent with MGA's proposal.  To the extent Mattel seeks additional communications

18   beyond what MGA agrees to produce, Mattel's motion is denied because the discovery sought is

19   overbroad, unduly burdensome, and cumulative of other Phase 1 discovery Mattel has previously

20   sought and received.  See Temkin Decl., ¶3.

21        With respect to Request Nos. 76-77, Mattel's recent submission indicates that Mattel is

22   willing to withdraw its motion if MGA represents that it has produced and can identify documents

23   that show the total amount of payments made to Ms. Garcia.  MGA provides the requested

24   representation and identification of documents in its April 10, 2008 submission.  During the April

25   11, 2008 hearing, however, it was apparent that these requests remained at issue.

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT __26__

PAGE __358__

1  Mattel's motion is denied as to Request Nos. 76-77 because MGA has already produced

2 documents sufficient to show what payments MGA has made to Ms. Garcia. See Supp. Shek

3 Decl., Ex. at p.6. Furthermore, although the requests encompass relevant documents, the requests

4 are overbroad and unduly burdensome, taking into consideration all of the factors set forth in Rule

5 26(b)(2)(C), Fed.R.Civ.P.

6 E. Documents Relating to the Development of Scooter Samantha (Request Nos. 43-55)

7  In Request Nos. 43-55, Mattel seeks documents and things related to the conception,

8 design and development of MGA's Scooter Samantha products. Mattel's motion is denied as to

9 these requests because they relate primarily to Phase 2 of this case, and discovery relating to

10 Phase 2 has been stayed. Mattel's reasons for seeking such discovery in Phase 1 are twofold: to

11 develop evidence to challenge MGA's product development timeline for Bratz and to impeach

12 Ms. Garcia's credibility. Mattel's stated reasons do not justify the substantial breadth and burden

13 of the requested discovery, taking into consideration all of the factors set forth in Rule

14 26(b)(2)(C), Fed.R.Civ.P.

15 F. Documents Relating to the Development of Scot Reyes and the Development of Space Babes

16 (Request Nos. 56-75)

17  In Request Nos. 56-75, Mattel seeks documents and things related to the conception,

18 design and development of Space Babes and to Scot Reyes, a former Mattel employee. Mattel's

19 most recent submission indicates that Mattel agrees to defer its motion to compel as to Request

20 Nos. 56-75 in light of the stay on Phase 2 discovery.

21 G. Personnel and Vendor Files (Request Nos. 78-88)

22  In Request Nos. 78-88, Mattel seeks all personnel and vendor files for more than 120

23 individuals. In its supplemental responses, MGA agrees to produce non-privileged documents

24 from the personnel and vendor files of the individuals identified in Request Nos. 78-86 to the

25 extent such documents relate to work that the individuals performed relating to Bratz prior to

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 26

PAGE 359

1   January 1, 2001. MGA objects to producing any documents responsive to Request Nos. 87 and

2   88.

3   The parties' most recent submissions indicate that MGA proposes to produce documents

4   from the personnel and vendor files of the individuals identified in Request Nos. 78-86 that relate

5   to any work they performed on Bratz, Angel and Prayer Angel through June 30, 2001. Mattel

6   contends that it is entitled to all documents it has requested.

7   Mattel's motion is granted as to Request Nos. 78-86 consistent with MGA's proposal. To

8   the extent Mattel seeks any additional documents responsive to Request Nos. 78-86, Mattel's

9   motion is denied pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P.

10  Mattel's motion is also denied as to Request Nos. 87 and 88 (files for former Mattel

11  employees), because they relate primarily to Phase 2 issues. To the extent Request Nos. 87 and

12  88 include documents potentially relevant to Phase 1 issues, these requests are overbroad and

13  unduly burdensome, taking into consideration all of the factors set forth in Rule 26(b)(2)(C),

14  Fed.R.Civ.P.

15  III. CONCLUSION

16  For the reasons set forth above, Mattel's motion to compel is granted as to Request Nos.

17  31, 40-42 and 78-86, only to the extent MGA agrees to produce responsive documents as

18  reflected in MGA's Supplemental Declaration of Bernard Shek dated April 10, 2008. MGA shall

19  produce documents and things in accordance with this order, as well as privilege log identifying

20  responsive documents withheld on the basis of privilege, no later than April 30, 2008. Further,

21  MGA shall serve supplemental responses to Request Nos. 34, 35, 37 and 39 no later than April

22  30, 2008.

23  Mattel's motion to compel is denied in all other respects. Mattel's request for sanctions is denied.

24  In view of the stay on Phase 2 discovery, this Order does not address the propriety of any

25  of Mattel's requests for purposes of Phase 2 discovery. Nothing in this Order is intended to

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT __26__

PAGE __360__

1    authorize or preclude Mattel from seeking further production of documents in response to Request

2    Nos. 1-88 during Phase 2 discovery.

3        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

4    Master, Mattel shall file this Order with the Clerk of Court forthwith.

5

6    Dated: April 14, 2008

7                              HON. EDWARD A. INFANTE (Ret.)
                             Discovery Master

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                                          8

EXHIBIT __26__

PAGE __361__

# EXHIBIT 27

# THIS EXHIBIT IS FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 28

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**