# EXHIBIT 29

# THIS EXHIBIT IS FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 30

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 31

CONFORMED COPY

FILED

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA  94111
415-774-2611
415-982-5287 (fax)

2007 JAN 26  P 12: 25

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>          Defendant. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING MATTEL'S<br>MOTION TO COMPEL PRODUCTION<br>OF DOCUMENTS** |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL,<br>INC. | |

## I.  INTRODUCTION

On January 3, 2007, Mattel, Inc. ("Mattel") submitted its Motion to Compel Production of Documents to the undersigned Discovery Master for disposition.[1]  On January 11, 2007, Carter Bryant ("Bryant") submitted his opposition brief, and on January 18, 2007, Mattel submitted a reply brief.  The matter was heard via telephonic conference call on January 24, 2007.  Having

---

[1]  Pursuant to a stipulation and order filed December 6, 2006, the undersigned was designated Discovery Master in accordance with Rule 53 of the Federal Rules of Civil Procedure.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __31__                    1

PAGE __422__                 1-26

EXHIBIT  31

PAGE  423

considered the motion papers and comments of counsel at the hearing, Mattel's Motion to Compel Production of Documents is GRANTED.

## II. BACKGROUND

At the heart of this lawsuit is a dispute over the rights to the "Bratz" dolls. This highly lucrative line of dolls was first conceived by Bryant, a former Mattel employee, and made commercially available by MGA Entertainment, Inc. ("MGA") in the summer of 2001. Sales of Bratz dolls now rival Mattel's Barbie doll.

### A. Mattel's Original Complaint

On April 27, 2004, Mattel, the world's largest manufacturer and marketer of toys, filed suit against its former employee Bryant in state court asserting claims for breach of contract, breach of fiduciary duty, breach of duty of loyalty, unjust enrichment, and conversion. Mattel employed Bryant as a product designer from September 1995 through April 1998, and from January 1999 through October 2000. Upon starting his second term, Bryant signed an Employee Confidential Information and Inventions Agreement which required him not to engage in any employment or business other than for Mattel, or invest or assist in any manner any business competitive with the business or future business plans of Mattel. Bryant also assigned to Mattel all rights, title, and interest in the "inventions" he conceived of, or reduced to practice, during his employment.

In addition, Bryant completed Mattel's Conflict of Interest Questionnaire, certifying that he had not worked for any of Mattel's competitors in the prior twelve months and had not engaged in any business dealings creating a conflict of interest. Bryant agreed to notify Mattel of any future events raising a conflict of interest.

Mattel alleges that during his employment, Bryant secretly aided, assisted and worked for a Mattel competitor (later identified as MGA). Bryant entered into an agreement with MGA to

EXHIBIT __3(__    2

PAGE __424__

provide product design services on a "top priority" basis.[2]  The agreement further provided that Bryant would receive royalties and other consideration for sales of products on which he provided aid or assistance; that all work and services furnished by Bryant to MGA under the agreement would be considered "works for hire"; and that all intellectual property rights to preexisting work by Bryant purportedly would be assigned to MGA.  Mattel further alleges that Bryant converted, misappropriated and misused Mattel property and resources while he was employed at Mattel.  In the complaint, Mattel claims ownership of all inventions and works created by Bryant during his Mattel employment and seeks to recover all benefits obtained as a result of his alleged breach of duties.

In May of 2004, Bryant removed the state court action to the U.S. District Court, asserting subject matter jurisdiction under both 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332 (diversity jurisdiction).  Mattel filed a motion to remand and submitted a copy of Bryant's agreement with Mattel's competitor, namely MGA.  The agreement was dated September 18, 2000 – a time when Bryant was still employed by Mattel — and required Bryant to provide MGA with design services for the Bratz dolls.  In return, MGA agreed to compensate Bryant at a monthly rate for a period of time and to pay Bryant a 3% royalty on sales of Bratz dolls.  In August of 2004, the district court remanded the action.

B. <u>Bryant's Cross-complaint</u>

In September of 2004, after the case was returned to state court, Bryant filed a cross-complaint against Mattel to challenge the legality of Mattel's Employee Confidential Information and Inventions Agreement.  Bryant's cross-complaint included claims for unfair competition, rescission, declaratory relief, and fraud.

//

---

[2]  Bryant has already produced his agreement with MGA.  Therefore, the existence of the agreement does not appear to be in dispute.

EXHIBIT __31__   3

PAGE __425__

## C. Bryant's Second Notice of Removal (CV 04-9059)

In November of 2004, Bryant filed a second notice of removal, once again invoking federal question and diversity jurisdiction. Bryant asserted that Mattel's complaint presented a federal question because events occurring since the first removal and remand demonstrated that Mattel's conversion claim involved the rights to the Bratz dolls, and therefore was preempted by the Copyright Act. Bryant also contended that there was diversity jurisdiction because he and Mattel were citizens of different states and the amount in controversy exceeded the $75,000 jurisdictional limit because the rights to the Bratz dolls were at stake. After the second notice of removal, MGA intervened as a defendant pursuant to a stipulation and order.

## D. Bryant's Declaratory Relief Action Against Mattel (CV 04-9049)

On the same day that Bryant filed his second notice of removal, he also filed a complaint in federal court seeking a declaratory judgment that the Bratz dolls do not infringe Mattel's copyrights in a project known as "Toon Teens."

## E. MGA's Complaint Against Mattel (CV 05-2727)

In April of 2005, MGA filed suit against Mattel alleging essentially unfair competition claims. MGA alleged that Mattel engaged in "serial copycatting" of Bratz dolls, Bratz "pets" and other Bratz products, Bratz television commercials, and Bratz packaging.

## F. Mattel's Second Motion to Remand its Complaint against Bryant

Mattel filed another motion to remand its suit against Bryant. In March of 2005, the district court issued an order denying the motion to remand and certifying the order for interlocutory review. Mattel filed an appeal, and the district court stayed discovery in May of 2005. Discovery did not resume until May 2006, when the Ninth Circuit affirmed the district court ruling. After the stay was lifted the district court consolidated all three actions for all purposes. There is no scheduling order currently in place.

EXHIBIT __31__   4

PAGE __424__

### G. Court Dismisses Bryant's Cross-claims and Declaratory Relief Action

In July of 2006, the district court dismissed Bryant's cross-claims pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief may be granted. The district court also dismissed Bryant's declaratory relief action, finding there existed no reasonable apprehension of an imminent copyright infringement claim against him by Mattel based upon Mattel's Toon Teen intellectual property.

### H. Mattel's Counterclaims against MGA

Mattel sought leave to file an amended complaint in case no. CV 05-9059 to add five defendants and nine new legal claims alleging a wide range of commercial disputes. For example, Mattel's proposed amended complaint contains RICO claims, a trade secret misappropriation claim, and aiding and abetting claims predicated on allegations that MGA cherry-picked certain high ranking Mattel executives or designers and then enticed them to steal Mattel's trade and proprietary secrets and deliver them to MGA before beginning work with MGA. Mattel also sought leave to add a copyright infringement claim. Mattel has recently filed copyright registrations with the U.S. Copyright Office claiming ownership in various Bratz doll designs created by Bryant.

On January 11, 2007, the district court granted Mattel leave to file its proposed amendments, but only insofar as they are pled in the form of an amended answer and counterclaim in the case MGA filed against Mattel, CV 05-2727. The next day, Mattel filed its amendments as ordered in case no. CV 05-2727.

### I. Mattel's Requests for Production of Documents

Mattel served the requests for production of documents at issue in this motion on June 14, 2004. Bryant served objections and responses on July 16, 2004. The parties met and conferred, but ultimately Mattel moved to compel production in January of 2005. That motion, however,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __3\__     5

PAGE __427__

1  was not heard before the district court stayed all discovery pending resolution of Mattel's appeal

2  to the Ninth Circuit on subject matter jurisdiction issues.

3      After the stay of discovery was lifted, the parties met and conferred on June 20, 2006, at

4  the courthouse, and were able to achieve apparent agreement on the bulk of the present motion to

5  compel. The parties informed the court that they would submit a stipulation and order. See

6

7  Minutes dated June 20, 2006, Zeller Dec. Ex. 6 ("With respect to Mattel's Motion to Compel

8  Production of Documents, counsel will be submitting a stipulation and order which will be

9  dispositive of all the issues in dispute.").

10     Over the next several months, the parties exchanged draft stipulations and orders to

11

12  memorialize the parties' meet and confer session, but were unable to reach final agreement

13  because Bryant insisted upon including the following sentence in the stipulation: "The stipulation

14  resolves all issues raised in Mattel's motion to compel, which is hereby withdrawn." Bryant's

15  Opposition at 1:18-20. By including this sentence, Bryant intended to prevent further law and

16

17  motion regarding the requests at issue in Mattel's original motion to compel. Id. at 1:21-23.

18  From Mattel's perspective, however, the proposed sentence amounted to a demand that Mattel

19  waive its right to all further discovery in connection with its requests. Mattel proposed the

20  following provision as an alternative:

21

22          Except as, and only as set forth in the terms of Paragraph One above, nothing in
            this Stipulation shall preclude or limit Mattel from seeking further discovery on
23          any matter, including as to matter on which the parties could not reach complete
            agreement, or preclude or limit any right of Bryant to object or resist to such
24          discovery.

25  Bryant's Opposition at 7:5-11. Apparently Mattel's alternative language was

26  unacceptable to Bryant. At the direction of the Discovery Master, the parties met and

27

28  conferred again in late December 2006, but to no avail.

29     Despite the parties' inability to reach final agreement, Bryant produced approximately

EXHIBIT __31__     6

PAGE __426__

1,600 pages of documents to date. Mattel contends, however, that the production is inadequate
and consistent with a pattern of stonewalling.[3] Accordingly, Mattel filed the instant motion to
compel responsive documents, which includes a request for sanctions in the amount of $7,805.

> J.   Mattel's Motion to Compel Production of Documents

Mattel's motion has three parts. First, Mattel seeks an order compelling Bryant to produce
the following categories of requested documents: (a) documents relating to Bratz designs created
by Bryant while employed by Mattel; (b) doll prototypes created by Bryant while working for
Mattel; (c) documents that refer to the conception, creating or development of Bratz; (d) Mattel-
related documents that Bryant disclosed to MGA; (e) communications between Bryant and MGA
that relate to Mattel or Mattel employees; and (f) documents showing what dolls Bryant was
exposed to while working at Mattel. Mattel's Motion at 6. Mattel asserts that these categories of
documents are relevant to establish Bryant's liability and would reveal works rightfully owned by
Mattel.

Second, as to other categories of documents which Bryant has agreed to produce, Mattel
contends that Bryant has imposed unjustified limitations. According to Mattel, Bryant will not
produce any responsive documents that were created after the suit was filed; Bryant will not
produce any communications with MGA "created" after the end of his Mattel employment;
Bryant is limiting production of Bratz-related documents to designs that, in Bryant's view,
"resulted in" the first line of Bratz dolls released in June 2001; Bryant has not produced known
contracts between him and MGA and refuses to produce non-privileged communications relating
to those contracts; and Bryant has withheld all but one category of financial documents relating to

---

[3] According to Mattel, Bryant evaded a deposition until Mattel obtained a court order compelling him to appear.
Similarly, MGA allegedly refused to permit its CEO, Isaac Larian, from being deposed. Mattel again obtained a
court order compelling the deposition and sanctions. To date, only Bryant and Larian have been deposed.

EXHIBIT __3|__   7

PAGE __42?__

his earnings from his work for MGA.  Mattel's Motion at 7.  Mattel seeks full production of responsive documents without any of the limitations described above.

Third, Mattel contends that the documents Bryant has produced are inadequate for a number of reasons: the financial documents are so heavily redacted they are useless; faxed documents are missing fax header information, including the sending and receiving parties[4]; e-mails and other electronic documents that are known to exist have not been produced; Bryant refuses to inspect, and refuses to permit Mattel to inspect, the hard drive of a computer he used during the relevant period; and Bryant's privilege log is facially incomplete and lists only four documents.

K. Bryant's Opposition to Mattel's Motion to Compel

Bryant opposes Mattel's motion to compel.  He views the motion as nothing more than Mattel's unwillingness to allow closure on any discovery matter after a lengthy meet and confer process which began back in 2004.  Bryant emphasizes that the document requests at issue were first propounded at a time when Mattel was attempting to remand the case, making the claim that it did not know whether $75,000 was in controversy and insisting that it was asserting solely state law claims.  Bryant explains that given Mattel's view of the case in 2004, he took the position that discovery should be limited to what occurred in his last days at Mattel and shortly thereafter.  See Bryant's Opposition at 4-5 ("Bryant's activities and earnings in connection with Bratz in later years could have no conceivable relevance to the case because if those activities and earnings were at stake, the case was worth millions, not pennies.").  Accordingly, in the summer and fall of 2004, he produced the following categories of documents:  documents evidencing the artwork used to create the "First Generation" of Bratz dolls – the first dolls sold to the public in the summer of 2001; hundreds of pieces of artwork he was permitted to retain from his employment

---

[4]  There is evidence that MGA's CEO instructed an employee to obliterate the fax header on a fax Bryant sent to MGA from Mattel's Design Center.  MGA denies the accusation.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __31__     8
PAGE __430__

at Mattel; MGA statements revealing his earnings connected with the sale of the First Generation Bratz dolls and his 2000 contract with MGA; personal phone records and bank records; and hundreds of three dimensional doll parts and toy accessories that came into his possession over the years, including a prototype of the First Generation "Jade" doll.

Bryant generally agrees with Mattel's description of the meet and confer session held at the courthouse on June 20, 2006 and the parties' exchange of draft stipulations. According to Bryant, all the requests addressed in Mattel's original motion to compel and the instant motion led to agreement on the following points: (a) Bryant would produce all agreements for work he performed with or on behalf of MGA prior to June 30, 2001 (the approximate date the First Generation Bratz dolls were released to the public); (b) Bryant would waive the attorney-client privilege with respect to communications with the attorney who assisted him in negotiating his contract with MGA, so long as that waiver would be limited and in no way waive the privilege with respect to litigation counsel; (c) Bryant would produce any documents relating to any payments he received from MGA while employed at Mattel, irrespective of the date of creation; (d) Bryant agreed to make a diligent search for all computers referenced in his deposition and search them for responsive documents; (e) Bryant agreed to produce all documents and tangible things obtained from Mattel during the course of his employment at Mattel; (f) Bryant agreed to conduct a search and produce any patent, trademark or copyright applications, registrations and other non-privileged documents in his possession in connection with his work with MGA prior to June 2001; (g) Bryant agreed to identify documents responsive to particular requests if Mattel could demonstrate that the requests asked for such identification of documents; (h) Bryant agreed to sign a verification that none of the information redacted from his phone records related to Bratz or his work for MGA prior to June 30, 2001; (i) Bryant agreed to supplement his privilege log; and (j) the parties agreed that the stipulation modified Bryant's prior response to the discovery

requests and that the stipulation controlled to the extent they were inconsistent.  Bryant's

Opposition at 5:22-6:21.

Bryant emphasizes that the parties have engaged in an extensive meet and confer process

and asks the Discovery Master to order the disposition of this motion in a manner consistent with

the parties' draft stipulation.  If the draft stipulation is not adopted, Bryant fears the parties will

have no incentive to compromise in the future.  Bryant's Opposition at 1:24-2:3.  Bryant also asks

the Discovery Master to order Mattel not to revisit any of the requests that were the subject of

Mattel's original motion to compel or the instant motion to compel.  Id. at 2:11-13 and 10:9-10.

Furthermore, Bryant asserts that Mattel's requests are overbroad in numerous respects.  In

particular, Bryant asserts that Mattel is not entitled to all communications with MGA relating to

Mattel employees.  Bryant also asserts that Mattel is not entitled to unredacted personal phone

records and financial information because these records are protected by privacy rights.  Lastly,

Bryant asserts that Mattel is not entitled to all Bratz related documents created after the lawsuit

was filed.

### III.  DISCUSSION

A.  <u>The Parties Did Not Reach a Stipulation to Resolve the Instant Motion</u>

The parties' extensive submissions make it clear that the parties did not resolve the issues

raised in the instant motion.  The parties met and conferred extensively and in good faith,

reaching compromises on virtually all categories of documents in dispute.  Despite their efforts,

however, the parties were ultimately unable to execute a binding stipulation because they were

unable to agree on any provision to govern Mattel's future right to pursue additional discovery

from Bryant.  It is clear that the parties deemed it necessary to include such a provision in the

draft stipulation in order to protect their respective positions.  Because the parties did not execute

a binding stipulation, there is no legal basis to enforce the terms contained in the draft stipulation.

Therefore, Mattel's right to the discovery it seeks in the instant motion to compel is governed by the familiar guidelines set forth in Rule 26 of the Federal Rules of Civil Procedure.

Furthermore, because the parties met and conferred in good faith and because they had a legitimate dispute over language governing Mattel's future right to pursue additional discovery from Bryant, the Discovery Master denies Mattel's request for sanctions.

B. Rule 26 of the Federal Rules of Civil Procedure

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

C. Mattel's Requests for Production

Request Nos. 2, 13, 48: Documents Relating to Bryant's Agreements with MGA

Mattel seeks documents relating to Bryant's agreements with MGA, including doll-related agreements. Bryant is withholding responsive documents, including (a) documents relating to his Bratz agreements with MGA other than final signed agreements, including communications exchanged by the parties and drafts of the agreements, (b) documents relating to doll-related

EXHIBIT __3(__     11

PAGE __433__

agreements discussed or negotiated by Bryant and third parties while he was employed by Mattel other than signed agreements that were "reached" while Bryant was employed by Mattel, and (c) documents relating to Bryant's fee agreements with MGA or other indemnity agreements relating to this action.

The Discovery Master finds that the withheld documents are relevant to Mattel's claims. Among other things, the withheld documents could establish the timing, nature and scope of Bryant's work for MGA (or others), ongoing acts of copyright infringement, and damages. In addition, the withheld documents could be used for impeachment purposes. Further, documents relating to fee or indemnity agreements between MGA and Bryant are relevant to demonstrate bias and lack of credibility. Bryant has failed to establish that the requested discovery is barred by Rule 26(b)(2), Fed.R.Civ.P. Accordingly, Bryant is ordered to produce all non-privileged documents responsive to Request Nos. 2, 13, and 48.

Request Nos. 11, 12, 19, 37, 40, 41, 42, 43, 53, 54, 55:  Documents Relating to Bratz's Development and Other Projects that Bryant Worked on for MGA

Mattel seeks documents relating to the Bratz project and any other projects Bryant worked on for MGA. Bryant produced documents relating only to the First Generation Bratz dolls. Bryant is prepared to produce additional documents relating to work he performed for MGA prior to June 30, 2001, acknowledging that those documents are relevant to Mattel's claim that Bryant breached his employee agreement by allegedly performing services for Mattel and MGA at the same time. Bryant objects to the requests to the extent they seek any additional documents on relevancy and overbreadth grounds.

The Discovery Master finds that Mattel's requests seek relevant information and are not overbroad. The lawsuit is much broader than the First Generation Bratz dolls issued in June 30, 2001. For example, Mattel alleges that it is entitled all works created by Bryant during his Mattel

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __3l__

PAGE __434__

12

employment, regardless of whether they resulted in a Bratz doll released in June of 2001. Mattel also alleges that Bryant has breached his ongoing contractual duties not to use any of Mattel's confidential and proprietary information, not just information relating to the Bratz dolls released in June of 2001. Mattel also alleges that Bryant has infringed Mattel's alleged copyrights in Bratz works – works that are allegedly owned by Mattel because they were created while Bryant was employed by Mattel – through his ongoing conduct of reproducing and creating derivative works. Accordingly, Bryant is ordered to produce all non-privileged documents responsive to Request Nos. 11, 12, 19, 37, 40, 41, 42, 43, 53, 54, and 55.

<u>Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, 46:  Documents Relating to Bryant's Payments from MGA</u>

Mattel seeks documents relating to Bryant's payments from MGA. Bryant acknowledges that Mattel is entitled to know how much money Bryant has earned from MGA, and represents that he has produced, in redacted form, all royalty statements he has received related to the First Generation Bratz dolls and his 2000 contract with MGA. Bryant asserts that his redactions are justified as a means to avoid disclosing the breakdown of MGA's revenue by particular product, which information Bryant believes constitutes MGA's trade secret information. Bryant also objects to producing tax returns, asserting that Mattel cannot show a "compelling need" for the returns. Bryant's Opposition at 29:21-27.

The Discovery Master finds that documents relating to MGA's payments to Bryant, including royalty statements and other payment information, are relevant to several Mattel claims. First, Mattel's claims against Bryant include breach of contract, breach of fiduciary duty, breach of duty of loyalty, unjust enrichment, and conversion. Mattel seeks to recover all benefits Bryant received as a result of his alleged violations of duties to Mattel. Payments to Bryant from MGA and others might be traceable to work Bryant performed while employed by Mattel, regardless of

EXHIBIT __3\__

PAGE __435__

13

when the payments were actually made. Such payments might also lead to evidence to support Mattel's allegation that Bryant converted, misappropriated, or misused Mattel information.

Second, the payments are relevant to Mattel's recently added claim for copyright infringement. Mattel alleges that Bryant, MGA, and others have infringed Mattel's rights in the Bratz drawings and works by copying and preparing derivative works from those works. Under the Copyright Act, a plaintiff is entitled to recover profits from infringement as well as actual damages. 17 U.S.C. §504(b). The works that potentially infringe Mattel's copyrights, therefore, include all Bratz doll products that MGA released to the market. For this reason, and for reasons already discussed in the previous subsection, Bryant's limited production of documents relating to only the First Generation of Bratz dolls is inadequate.

Third, payments to Bryant are relevant to Mattel's recently added claims for trade secret misappropriation. Payments could show when and what trade secret information Bryant and other defendants allegedly misappropriated from Mattel. Any proof of trade secret theft is also relevant to Mattel's defense against MGA's unfair competition claims.

Lastly, the breakdown of gross royalty payments may be required to prove actual causation of damages.

The protective order filed on January 4, 2005, is sufficient to address any confidentiality concerns raised by Bryant. Among other things, the protective order provides protection for confidential trade secret information. It has two tiers of protection, allowing a party to designate documents as either "Confidential" or "Confidential – Attorney's Eyes Only." The protective order also requires the parties to use information produced in discovery only for purposes of this litigation and not for any other purpose.

Accordingly, Bryant is ordered to produce, without redactions, all non-privileged documents responsive to Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, and 46. Bryant,

however, is not required to produce tax returns, provided that he otherwise fully complies with these requests as ordered.

### Request Nos. 20, 23, 27, 28: Communications Between Bryant and MGA

Mattel seeks production of Bratz-related communications and communications with MGA. More specifically, Mattel seeks production of four categories of documents Bryant has refused to produce: (1) communications between Bryant and MGA or third parties that explicitly relate to designs Bryant created while employed by Mattel; (2) communications between Bryant and MGA that relate to Mattel employees; (3) communications between Bryant and MGA relating to Bryant's Mattel employment or work Bryant performed for Mattel, except those communications "created" prior to the close of Bryant's Mattel employment; and (4) communications between Bryant and MGA that post-date Bryant's Mattel employment.  Bryant contends that the discovery requests for communications between Bryant and MGA are overbroad.  Bryant asserts that there are many former Mattel employees and friends of his who have privacy rights that would be impinged upon if he were to disclose his communications. Bryant also asserts that he has his own confidentiality interest regarding any information that he shared with MGA. In particular, he objects to Mattel's discovery requests to the extent they would require him to reveal the identity of current Mattel employees seeking employment with MGA or Bryant.

The Discovery Master finds that Mattel's requests for all communications between Bryant and MGA unquestionably seek information relevant to Mattel's claims:  they will reveal what Mattel information Bryant shared with MGA, if any, and when.  The protective order is sufficient to address Bryant's confidentiality concerns.  It allows parties to designate as "Confidential" private information about current or former employees, contractors or vendors (including employee, contractor and personnel records).  Therefore, Bryant is ordered to produce all non-

EXHIBIT __31__

PAGE __437__

15

privileged documents responsive to Request Nos. 20, 23, 27, and 28.  However, Bryant may continue to redact his telephone records, and shall provide a signed verification that none of the telephone calls that were redacted relate or refer in any way to MGA, Bratz, or any other project that Bryant worked on, with, for, or on behalf of MGA.  Telephone calls that do not relate or refer in any way to MGA or Bratz are irrelevant.

Request Nos. 49, 51:  Mattel-Related Documents

Mattel seeks production of Mattel-related documents, and Bryant agrees to produce them. Accordingly, Bryant is ordered to produce all documents responsive to Request Nos. 49 and 51.

Request No. 9:  Documents re Registrations and Applications for Registrations

Lastly, in Request No. 9 Mattel seeks production of documents registrations and registrations and applications for registration.  Bryant deems the motion moot with respect to Request No. 9 because he agrees to produce any patent, copyright and trademark applications, registrations or other non-privileged documents in his possession, custody or control that constitute or relate to such applications and registrations obtained or applied in connection with (1) work on Bratz prior to January 1, 2001; (2) work related to the release of the First Generation Bratz dolls; and (3) work related to any work Bryant performed with, for or on behalf of MGA during the term of Bryant's employment with Mattel.

As discussed previously, the Discovery Master finds that the First Generation Bratz limitation is improper.  Therefore, Bryant is ordered to produce all non-privileged documents responsive to Request No. 9.

### IV. CONCLUSION

For the reasons set forth above, the Discovery Master orders as follows:

1. Mattel's motion to compel production of documents responsive to its First Set of Requests for Production, Request Nos. 2, 9, 11, 12, 13, 19, 20, 23, 27, 28, 29, 30, 31, 32, 33, 34,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

16

EXHIBIT __31__

PAGE __438__

35, 36, 37, 40, 41, 42. 43. 45, 46, 48, 49, 51, 53, 54, and 55, is GRANTED.  However, Bryant need not produce his tax returns, on the condition that he complies fully with Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, and 46.

 2.  Bryant shall produce all redacted documents in un-redacted form, except for redactions that are justified by the attorney-client privilege or work product doctrine or his telephone records pursuant to the terms of this Order.

 3.  Bryant shall serve a complete privilege log in conformity with Rule 26(b)(5), Fed.R.Civ.P.

 4.  Pursuant to Rule 34, Fed.R.Civ.P., Bryant shall produce the hard drives of his computers for forensic imaging.

 5.  Bryant shall complete his production by producing missing attachments, fax cover pages and all other missing responsive documents.

 6.  Mattel's request for an award of sanctions in the amount of $7,805 is DENIED.

 7.  Bryant shall comply with this Order no later than February 23, 2007.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

IT IS SO ORDERED.

Dated: January 25, 2007

      HON. EDWARD A. INFANTE (Ret.)
        Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT  31

PAGE  439

17

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 25, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Restagar Esq. | Littler Mendelson | drestagar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Valerie Nannery Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | valerienannery@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchjaklan Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchjakjian@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

EXHIBIT ___31___

PAGE ___440___

# EXHIBIT 32

CONFORMED COPY
LODGED          FILED

2007 MAY 16  PM 1: 59   2007 MAY 16  PM 2: 00

1    Hon. Edward A. Infante (Ret.)
     JAMS         CLERK U.S. DISTRICT COURT   CLERK U.S. DISTRICT COURT
2    Two Embarcadero Center      CENTRAL DIST. OF CALIF.   CENTRAL DIST. OF CALIF.
     Suite 1500               RIVERSIDE        RIVERSIDE
3    San Francisco, California 94111
     Telephone:    (415) 774-2611     BY
4    Facsimile:     (415) 982-5287

5

6

7                  UNITED STATES DISTRICT COURT

                  CENTRAL DISTRICT OF CALIFORNIA
8
                       EASTERN DIVISION
9

10

11    CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                     JAMS Reference No. 1100049530
12           Plaintiff,

13        v.                           Consolidated with
                                       Case No. CV 04-09059
14    MATTEL, INC., a Delaware corporation,     Case No. CV 05-2727

15           Defendant.               **ORDER GRANTING MATTEL'S**
                                       **MOTION TO COMPEL PRODUCTION**
16                                       **OF DOCUMENTS AND**
                                      **INTERROGATORY RESPONSES BY**
17    CONSOLIDATED WITH                      **MGA**
       MATTEL, INC. v. BRYANT and
18    MGA ENTERTAINMENT, INC. v. MATTEL,
       INC.
19

20                          I. INTRODUCTION

21        On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production

22 of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA"). On February

23 20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a

24 reply brief. The matter was heard on March 5, 2007. Thereafter the motion was taken under

25 submission pending the parties' submission of a proposed protective order, which was received

26

27

28    Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                      1

EXHIBIT _32_

PAGE _441_

1   on April 23, 2007. Having considered the motion papers and comments of counsel at the hearing,

2   Mattel's motion to compel is granted.

## II. BACKGROUND

4   A. Requests for Documents

5   In June of 2004, two months after Mattel filed suit against Bryant, and before MGA

6   became a party to the action, Mattel served MGA with an eight-page subpoena for twenty-one

7   categories of documents, to be produced in ten days. MGA filed a motion to quash, which the

8   court granted because of the short amount of time provided for compliance with the subpoena.

9   The parties met and conferred in July of 2004, and reached an agreement to limit the scope of

10  some of Mattel's requests. In particular, the parties agreed to limit production to the "first

11  generation" Bratz dolls. On August 12, 2004, MGA produced documents.

12  In 2005, the parties stipulated to supplementing their document productions on May 16,

13  2005. Mattel agreed to continue limiting its discovery requests to "first generation" Bratz dolls.

14  In September of 2006, MGA made a supplemental production of documents. On February

15  5, 2007, MGA produced about 2,300 pages of documents to replace earlier produced documents

16  with legibility problems. On February 20, 2007, MGA produced an additional 224 pages of

17  documents to replace earlier produced documents with legibility problems.

18  Mattel now moves to compel MGA to produce documents responsive to its requests. As a

19  preliminary matter, Mattel contends that MGA's production is deficient because it contains

20  redactions and cut-off text. Further, Mattel contends that MGA's production is incomplete with

21  respect to essentially five categories of documents. First, Mattel contends that MGA is

22  withholding documents relating to the origins of Bratz and Bryant's work for MGA. Mattel

23  believes that MGA's production is incomplete based upon its review of documents that have been

24  produced by third party Steven Linker. According to Mattel, Linker's documents from October

25  of 2000 show that Bratz was much farther along before Bryant left Mattel than MGA or Bryant

26  previously represented. Mattel also contends that MGA's responses to the document requests

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

2

EXHIBIT **32**

PAGE **442**

1  contain inappropriate limitations, such as MGA's statement that it will produce "relevant and

2  responsive non-objectionable documents" or only that it will produce documents "sufficient" to

3  show when certain dates relating to Bratz occurred. Mattel contends that these "carve outs

4  purport to allow MGA to cherry-pick what it will and will not produce to Mattel." Mattel's

5  Separate Statement at 17:11-13. Mattel also contends that the carve-outs fail to provide notice of

6  what is or is not being withheld. Mattel also contends that MGA's objections based upon its

7  confidentiality concerns or the privacy rights of third parties are unwarranted in light of the

8  protective order in place. In addition, Mattel contends that MGA's objection to producing

9  documents relating to activities or conduct in foreign countries is wholly improper because those

10  documents may contain information relevant to Mattel's claims.

11        Second, Mattel seeks documents relating to the origins of Bratz, regardless of whether

12  such documents relate to the "first generation" Bratz dolls. Mattel argues that whether the work

13  ultimately resulted in Bratz dolls that were released at a particular time does not matter for

14  discovery purposes. Mattel contends that the works created by Bryant during his Mattel

15  employment are highly relevant because Mattel owns them, regardless of whether they resulted in

16  a Bratz doll released at a particular time.[1]

17        Mattel next contends that MGA is improperly withholding documents about designs

18  Bryant created on Bratz dolls that were released after June 2001, even though such designs may

19  be derivative of work he did when employed by Mattel. Mattel contends that it is entitled to

20  explore whether such works and the profits from Bratz dolls other than the "first generation"

21  Bratz dolls were derived from works owned by Mattel both for purposes of establishing liability

22  and damages. Furthermore, Mattel asserts that the "first generation" limitation on discovery is

23  improper in light of Bryant's continuing duty not to use Mattel's confidential and proprietary

24  information as well as MGA's unfair competition claims.

25

26       [1]  Mattel also reiterates many of the arguments it made previously in connection with its earlier filed motion to compel Bryant to produce documents.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT __32__

PAGE __443__

1    Mattel also asserts that MGA is improperly withholding documents relating to products,

2 services and matters other than those relating to "dolls." According to Mattel, it has evidence that

3 Bryant conceived of marketing and advertising ideas for the Bratz line while he was employed by

4 Mattel. Mattel contends that any such ideas or contributions may belong to it pursuant to the

5 Inventions Agreement.

6    Third, Mattel seeks documents relating to all of MGA's payments to Bryant, and not just

7 payments for the "first generation" Bratz dolls. Mattel asserts that such information is relevant

8 because (1) Mattel seeks all benefits Bryant received as a result of violating his duties to Mattel;

9 (2) under the Copyright Act, Mattel is entitled to all profits from infringement as well as actual

10 damages; and (3) payments may show when and what trade secret information Bryant and other

11 defendants allegedly misappropriated from Mattel.

12    Fourth, Mattel seeks documents relating to MGA's agreements with Bryant. Mattel

13 contends that all agreements between Bryant and MGA are relevant, not just the original

14 September 18, 2000 agreement. In particular, Mattel contends that it is entitled to discover all

15 documents relating to MGA and Bryant's alleged joint defense agreement because such

16 information would be relevant to demonstrate bias and lack of credibility.

17    Fifth, Mattel seeks production of all declarations, affidavits and other sworn written

18 statements from other cases that refer or relate to Bratz or Angel. Mattel contends that such

19 information may reveal relevant information about the date of creation of Bryant's Bratz

20 drawings.

21    In response, MGA denies withholding responsive documents and asserts that it has

22 produced volumes of documents responsive to Mattel's requests. In particular, MGA represents

23 that it has produced all responsive and relevant documents that it was able to locate in response to

24 request nos. 6, 7, 9, 26, 27, 32, 33, 34, 35, 36, 55, 69, and 70. Further, MGA asserts that even

25 before the motion was filed, it had agreed to address the vast majority of the issues raised in this

26 motion. In particular, MGA represents that it is diligently working to produce documents related

27

28

EXHIBIT __32__

PAGE __444__

1   to Bratz other than "first generation" Bratz in response to request nos. 1, 2, 8, 10, 11, 43, 45, 46,

2   49, 50, 51, 53, 57, 59, 61, 63, 64, 66, 96, 97, 98, 99 and 100. MGA represents that it informed

3   Mattel that it would produce documents pertaining to subsequent generations of Bratz dolls that

4   have been released on the market. In addition, MGA represents that it has agreed to produce

5   documents relevant to Bratz or Prayer Angels that it received from Union Bank. More

6   specifically, MGA represents that it agreed to review and produce documents provided to it by

7   Union Bank for the years 1999 – 2001 concerning payments that it could identify as being for

8   Bratz or Prayer Angels. MGA also represents that it has agreed to produce royalty statements.

9   Therefore, MGA views the motion as unnecessary.

10          MGA next contends that Mattel's motion should be denied for the following additional

11  reasons. First, MGA contends that Mattel is not entitled to MGA's product design documents for

12  unreleased products. MGA asserts that its product design documents for its unreleased toy

13  concepts are among its most highly valuable trade secrets. Furthermore, MGA contends that

14  designs and drawings for products currently under development, over six years after Bryant first

15  created his original Bratz drawings, have no relevance to any of Mattel's claims. In the event that

16  documents relating to unreleased products are ordered produced, MGA requests a protective order

17  under Rule 26(c), Fed.R.Civ.P., that limits the dissemination of its documents more drastically

18  than the current protective order provides. In the alternative, MGA requests that any order

19  compelling production of documents relating to unreleased products should essentially be stayed

20  until after MGA's products are publicly released.

21          Second, MGA contends that Mattel is not entitled to information concerning Bryant's

22  attorneys' fees because the information is privileged. Furthermore, MGA contends that the

23  information is not relevant to demonstrate bias because "there is no dispute that Bryant's interests

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT **32**

PAGE **445**

1 | in this case are aligned with those of MGA, and that Bryant is 'biased' in that sense." MGA's
2 | Opposition at 24:9-12.[2]

3 |        Third, MGA asserts that Mattel is not entitled to review all non-public witness statements
4 | and litigation documents concerning Bratz for a variety of reasons, including because Mattel has
5 | refused to produce similar types of documents. More significantly, MGA contends that Mattel's
6 | requests for non-public witness statements are "a blatant attempt to avoid the discovery
7 | limitations imposed by both the Federal Rules of Civil Procedure and those additional limitations
8 | imposed by this Court." MGA's Opposition at 25:6-7. MGA explains its position as follows.
9 | MGA is involved in litigation against a number of counterfeiters and infringers in Asia. In 2003,
10 | Mattel allegedly began feeding documents concerning "Toon Teens" to those defendants in an
11 | attempt to prove that Bryant created Bratz while working at Mattel, even though Mattel
12 | abandoned its claims based upon "Toon Teens" in this court. Thereafter, those defendants took
13 | the position that MGA did not own, and therefore could not enforce, the rights to Bratz. MGA
14 | was thus forced to litigate the issue of ownership. MGA contends that "[i]n effect, by prompting
15 | foreign counterfeiters to espouse a theory that Mattel now admits has no merit, Mattel has created
16 | a situation in which MGA has been forced to give testimony and provide evidence related to
17 | issues in this case that Mattel now seeks to obtain wholesale." MGA's Opposition at 25:5-24.

18 |        Fourth, MGA contends that Mattel is not entitled to documents concerning a family
19 | dispute between MGA's chief executive officer and his brother because such documents are in no
20 | way relevant to this lawsuit. MGA explains that the brothers were involved in an arbitration
21 | proceeding relating to MGA's CEO's purchase of his brother's interest in MGA. Moreover,
22 | MGA contends that the brothers were bound by a protective order prohibiting the use of any
23 | documents or testimony for any purpose other than the arbitration.

24 |
25 |
26 |    [2] Nevertheless, MGA represents that it has produced the only non-privileged document responsive to the
   request.
27 |
28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT __32__

PAGE____446____

1       Fifth, MGA contends that Mattel is not entitled to its chief executive officer's personnel

2   files because they contain confidential information and are not relevant to the lawsuit.  Sixth,

3   MGA contends that Mattel is not entitled to obtain documents from MGA that belong to, and are

4   in the possession, custody and control of, its indirect foreign subsidiary, MGA HK Ltd.  Lastly,

5   MGA objects to producing documents relating to any testing performed to determine the date that

6   Bratz documents were created.  MGA contends that such discovery is premature and should not

7   proceed until experts are designated.

8       B.  Interrogatories

9       On April 28, 2005, Mattel served its Second Set of Interrogatories.  On May 20, 2005,

10  however, the district court stayed the action.  On May 17, 2006, the district court lifted the stay.

11  On May 30, 2006, MGA responded to the interrogatories.

12      Mattel contends that MGA's responses to the interrogatories were untimely.  Further,

13  Mattel contends that the interrogatory responses to numbers five through eleven are deficient

14  because they lack substantive information and consist almost entirely of objections.  MGA

15  responds that the motion is moot because it is prepared to provide supplemental responses to its

16  interrogatories.  MGA does not otherwise assert any additional grounds for opposing Mattel's

17  motion to compel responses to interrogatories.

18                    III. DISCUSSION

19      A.  Rule 26 of the Federal Rules of Civil Procedure

20      Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

21  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

22  party."  Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the

23  discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

24  Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is

25  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

26  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

27

28      Bryant v. Mattel, Inc.,
        CV-04-09049 SGL (RNBx)

    7

EXHIBIT 32

PAGE 447

1  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

2  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

3  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

4  the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

5  26(b)(2).

6      B. Document Requests

7          1. Requests re Origins of Bratz and Bryant's Work for MGA (Nos. 6, 26, 27, 32, 33,

8          34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100

9      The requests above seek discoverable information regarding the origins of Bratz and

10  Bryant's work for MGA. MGA represents that it has produced all responsive documents in

11  response to request nos. 6, 26, 27, 32, 33, 34, 35, 55,and 69 (MGA's Opposition at 13:4-5), and is

12  "diligently working to produce documents in response to" request nos. 51, 53, 64, 96, 97, 98, 99,

13  and 100, including documents related to Bratz other than "first generation" (MGA's Opposition at

14  14:1-4 and note 39). MGA does, however, object to producing design documents for unreleased

15  products and documents from MGA Hong Kong.

16      As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted

17  its production to "relevant and responsive non-objectionable documents" or documents

18  "sufficient" to show when events relating to Bratz occurred. These restrictions suggest that MGA

19  might be excluding documents that are responsive to the request based upon its unilateral

20  determination of what is "relevant" or "sufficient." Mattel shall provide the responses to

21  document requests ordered herein without these restrictions.

22                          Design Documents for Unreleased Products

23      MGA's design documents for unreleased products are relevant to Mattel's claims and

24  defenses and must be produced. See Order Modifying Protective Order. On April 23, 2007, the

25  parties submitted a stipulation to modify the existing protective order to limit the disclosure of

26  design documents for unreleased products that constitute trade secret information. See Stipulation

27

28    Bryant v. Mattel, Inc.,
  CV-04-09049 SGL (RNBx)

                                              8

EXHIBIT __32__

PAGE __448__

1   to Modify Protective Order; And Proposed Order Thereon ("stipulation"). The parties' stipulation

2   has been approved and entered as an order of the court. MGA is ordered to produce design

3   documents for unreleased products that are responsive to Mattel's document requests in

4   accordance with the terms of the stipulation and order.

5                               Documents from MGA Hong Kong

6            Documents relating to activities or conduct in foreign countries are relevant and

7   discoverable because Mattel has evidence indicating that MGA Hong Kong was involved with

8   Bratz. Nevertheless, MGA objects to producing documents from Hong Kong unless Mattel

9   provides reciprocal discovery from its subsidiaries.

10           Whether MGA is entitled to discovery from Mattel's subsidiaries has not been briefed in

11   the context of this motion, and therefore is not addressed herein. MGA is ordered to produce

12   documents from MGA Hong Kong.

13           Mattel's motion is granted with respect to request nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55,

14   64, 69, 96, 97, 98, 99, 100.

15           2. Additional Requests re Origins of Bratz (Nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59,

16              61, 63, 66, 67, 70, 88, 90, 91

17           Mattel contends that MGA is improperly limiting its document production to the "first

18   generation" Bratz dolls. MGA represents, however, that it has agreed to produce subsequent

19   generations of Bratz products (MGA's Opposition at 9:20-25, 13:6-14:1), except design

20   documents for yet unreleased products.

21           As stated previously, design documents for yet unreleased products are relevant and

22   discoverable. See Order Modifying Protective Order. Accordingly, MGA is ordered to produce

23   all non-privileged documents that are responsive to request nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57,

24   59, 61, 63, 66, 67, 70, 88, 90, and 91.

25       //

26       //

27

28                                                                                              9
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

EXHIBIT __32__

PAGE __449__

1     3. MGA's Payments to Bryant (Nos.43, 45)

2          MGA represents that it has already agreed to produce documents related to Bratz, without

3     limiting its production to "first generation" Bratz. MGA's motion at 13:7-14:3. Nevertheless,

4     Mattel is entitled to an order compelling production of such documents by a date certain. Mattel's

5     motion is granted with respect to request nos. 43 and 45.

6          4. MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)

7          MGA represents that it has already agreed to produce non-privileged documents

8     responsive to request nos. 1, 2, 49, and 50, even though it believes that such documents are not

9     relevant (MGA's motion at 13:7-14:3). These requests seek documents relating to fee or

10    indemnity agreements between MGA and Bryant .

11         Fee or indemnity agreements are relevant to demonstrate bias and lack of credibility.

12    Accordingly, Mattel's motion is granted with respect to request nos. 1, 2, 49, and 50. Any

13    responsive documents withheld on the basis of a privilege must be properly identified in a

14    privilege log.

15.        5. Declarations, Affidavits & Other Sworn Written Statements (Nos. 37, 38, 39, 40,

16         41.

17         In request nos. 37, 38, 390, 40, and 41, Mattel seeks production of declarations, affidavits,

18    and other sworn written statements from cases that refer or relate to Bratz or Angel. Mattel

19    anticipates that these documents could provide evidence relating to the conception date for Bratz.

20         Request nos. 37, 38, 39, 40, and 41 seek relevant information regarding the conception

21    date for Bratz. MGA admits in its opposition brief that this issue was litigated in its suits against

22    alleged counterfeiters and infringers.[3] The issue also appears to have been raised in the

23    arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother

24    Farhad Larian. In those proceedings, Farhad Larian alleged that Isaac Larian concealed from him

25    ───────────────

26    [3] Although MGA questions the propriety of Mattel providing assistance to the alleged counterfeiters and
      infringers in raising ownership of Bratz as a defense against MGA's claims, MGA has not cited to any legal authority
      that prohibits Mattel's conduct.

27

28                                                                                          10

      Bryant v. Mattel, Inc.,
      CV-04-09049 SGL (RNBx)

EXHIBIT 32

PAGE 450

1  that MGA was developing Bratz by early 2000.  Nevertheless, MGA objects to producing

2  documents from the Larians' arbitration on the grounds that the arbitration was governed by a

3  protective order that prohibits the use of any documents or testimony for any purpose other than

4  the arbitration.  MGA, however, has not provided any evidence of the protective order.

5  Accordingly, Mattel's motion to compel is granted as to request nos. 37, 38, 39, 40 and 41.[4]

6          6. Documents Regarding Date-Testing (Request No. 92)

7          Mattel's request no. 92 seeks documents that refer or relate to "any testing of or sampling

8  from any documents that refer or relate to Bratz or Bryant, including without limitation any such

9  testing or sampling in connection with ink, paper or chemical analysis to date any such documents

10  and including without limitation all results and reports relating thereto."  MGA contends that the

11  request is premature, and should proceed in the course of expert discovery.

12          The request calls for relevant discovery and there is no basis for delaying production of

13  responsive documents, other than expert reports.  The timing of expert reports is governed by

14  Rule 26(a)(2)(C), Fed.R.Civ.P.  Accordingly, Mattel's motion is granted as to request no. 92.

15          C. Interrogatories

16          Mattel contends that MGA's responses to interrogatories were untimely, and therefore

17  MGA has waived its objections to the interrogatories.  Pursuant to Rule 33(b)(3), Fed.R.Civ.P.,

18  responses to interrogatories are due thirty days after service.  In this case, Mattel served its

19  interrogatories on April 28, 2005, and responses were initially due May 31, 2005.  The district

20  court, however, issued a stay on May 20, 2005, twenty-two days after the interrogatories were

21  served.  The district court lifted the stay on May 17, 2006.

22

23

24

25          [4]  In its discussion of the arbitration proceedings, MGA raises an objection to producing Isaac Larian's

26  personnel file based upon privacy grounds.  The personnel file may have documents relevant to Bratz, and therefore
    should be produced.  The protective order is sufficient to alleviate Mr. Isaac Larian's privacy concerns.

27

28          Bryant v. Mattel, Inc.,                                                                    11
            CV-04-09049 SGL (RNBx)

EXHIBIT __32__

PAGE __451__

1      Neither party has cited to any caselaw governing the calculation of the 30-day period

2   when there is an intervening stay in discovery. In the absence of any caselaw, MGA's responses

3   will be treated as timely in order to preserve any valid objections MGA may have asserted.

4      Interrogatory No. 5 seeks the identity of each and every person who was involved in the

5   conception, origin, creation, design, development, sculpting, engineering, reduction to practice,

6   tooling or painting of, or who otherwise produced or contributed to any embodiment of Bratz

7   before December 31, 2001, including a description of each person's role and the start and end

8   dates of each person's involvement. In response, MGA asserted numerous objections, but did

9   provide the names of five individuals.

10      The interrogatory clearly seeks information relevant to the claims at issue. MGA's

11   objections are without merit. The interrogatory is not vague, ambiguous, compound or overbroad.

12   Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome, calls

13   for confidential, proprietary or commercially sensitive information, or seeks information

14   protected by the attorney-client privilege. Furthermore, MGA's response is incomplete insofar as

15   it fails to provide the description of each person's role and the start and end dates of each person's

16   involvement. Accordingly, MGA is ordered to provide a complete response to Interrogatory No.

17   5 and identify documents in compliance with Rule 33(d), Fed.R.Civ.P.

18      Interrogatory No. 6 seeks the same information as Interrogatory No. 5 with respect to any

19   embodiment of Angel. MGA is ordered to provide a complete response to Interrogatory No. 6 for

20   the reasons previously discussed in connection with Interrogatory No. 5.

21      Interrogatory No. 7 asks MGA to identify each and every embodiment of Bratz prior to

22   December 31, 2001. In response, MGA asserted numerous objections and did not provide any

23   substantive information.

24      MGA's objections are without merit. The interrogatory clearly seeks information relevant

25   to establishing when Bryant first conceived Bratz. The interrogatory is not vague, ambiguous,

26   compound or overbroad. Nor has MGA carried its burden of establishing that the interrogatory is

27

28
       Bryant v. Mattel, Inc.,
       CV-04-09049 SGL (RNBx)

                                                                              12

EXHIBIT 32

PAGE 452

1  unduly burdensome, calls for confidential, proprietary or commercially sensitive information, or

2  seeks information protected by the attorney-client privilege.  Accordingly, MG is ordered to

3  provide a complete response to Interrogatory No. 7.

4        Interrogatory No.8 asks MGA to identify each and every embodiment of Angel.  MGA is

5  ordered to provide a complete response to Interrogatory No. 8 for the reasons previously

6  discussed in connection with Interrogatory No. 7.

7        Interrogatory No. 9 requires MGA to identify each and every sworn statement that refers

8  or relates to the conception, origin, creation, design, development, sculpting, engineering, tooling

9  or painting of Bratz.  In response, MGA asserted numerous objections and did not provide any

10  substantive information.

11        The interrogatory seeks information relevant to establishing when Bryant first conceived

12  Bratz.  Furthermore, MGA's boiler-plate objections are unsubstantiated.  Accordingly, MGA is

13  ordered to provide a complete response to Interrogatory No. 9.

14        Interrogatory No. 10 requires MGA to identify each and every instance in which Bratz

15  was shown, displayed, or exhibited prior to June 1, 2001, including by stating the date(s) on

16  which each such instance occurred, the location of each show or exhibit, and the identity of

17  persons with knowledge of the shows or exhibits.  In response, MGA asserted numerous

18  objections and provided the following information:  Hong Kong Toy Fair in Hong Kong in or

19  about January 2001 and New York Toy Fair, New York, in or about February 2001.

20        Once again, MGA's boiler-plate objections are unsubstantiated.  The information is

21  potentially relevant to establish when Bryant conceived Bratz.  Further, the response is

22  incomplete insofar as it fails to identify any persons with knowledge.  Therefore, MGA is ordered

23  to provide a complete response to Interrogatory No. 10.

24        Interrogatory No. 11 requires MGA to state the "number for each and every telephone,

25  including without limitation each office, home and cell phone number, in the name of, for the

26  benefit of or for the account of Isaac Larian and any other telephone that Isaac Larian used from

27

28  Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

13

EXHIBIT __32__

PAGE __453__

1  January 1, 1998 through the present, and IDENTIFY each and every carrier (including without

2  limitation any long-distance carrier) for each such number. In response, MGA asserted numerous

3  boiler-plate objections.

4     Once again, MGA has failed to substantiate any of its objections with supporting

5  declarations or legal authorities. Accordingly, all objections are overruled and MGA is ordered to

6  provide a full response to Interrogatory No. 11.

7                              IV. CONCLUSION

8     For the reasons set forth above, Mattel's motion to compel production of documents is

9  granted. MGA shall produce all non-privileged documents that are responsive to the requests

10 identified in this Order. Further, MGA shall produce all documents in un-redacted form, except

11 for redactions that are justified by the attorney-client privilege or work product doctrine. Mattel's

12 motion to compel interrogatory answers is also granted. MGA shall produce documents and

13 provide responses to interrogatories consistent with this Order, and produce a privilege log in

14 compliance with Rule 26(b)(5), Fed.R.Civ.P., no later than May 31, 2007. Mattel's request for

15 sanctions is denied.

16    Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

17 Master, Mattel shall file this Order with the Clerk of Court forthwith.

18

19

20

21 Dated: May 15, 2007

    HON. EDWARD A. INFANTE (Ret.)
    Discovery Master

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

14

EXHIBIT ___37___

PAGE ___454___

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15,

2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL

PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES BY MGA in

the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales

EXHIBIT ___32___

PAGE ___455___

# EXHIBIT 33

Received:    4/13/05  6:26F                    -> QUINN F`ANUEL;   Page 2
04/13/2005 18:16 FAX                                                          002/091



1  DIANA M. TORRES (S.B. #162284)
   PAULA E. AMBROSINI (S.B. #193126)
2  O'MELVENY & MYERS LLP
   400 South Hope Street
3  Los Angeles, CA  90071-2899
   Telephone:  (213) 430-6000
4  Facsimile:   (213) 430-6407

5  DALE M. CENDALI (admitted *pro hac vice*)
   O'MELVENY & MYERS, LLP
6  Times Square Tower
   7 Times Square
7  New York, New York 10036
   Telephone:  (212) 326-2000
8  Facsimile:   (212) 326-2061

9  Attorneys for Defendant-in-Intervention
   MGA Entertainment, Inc.
10

11

12

13                    UNITED STATES DISTRICT COURT

14                    CENTRAL DISTRICT OF CALIFORNIA

15

16  MATTEL, INC.,                          Case No.  CV 04-09059 NM (RNBx)

17                 Plaintiff,              MGA ENTERTAINMENT, INC.'S
                                           RESPONSES TO MATTEL, INC.'S
18         v.                              FIRST SET OF REQUESTS FOR
                                           PRODUCTION OF DOCUMENTS AND
19  CARTER BRYANT and MGA                  TANGIBLE THINGS
    ENTERTAINMENT, INC.,
20
                   Defendant and
21                 Defendant-in-
                   Intervention.
22

23  AND RELATED CROSS-CLAIMS

24

25

26

27

28

LA2:756234.3                                       EXHIBIT  33      MGA'S RESPONSE TO 1ST SET OF
                                                                   REQUEST FOR PRODUCTION OF
                                                   PAGE  456        DOCUMENTS    4-13

Received:  4/13/05  6:26P                      -> QUINN EMANUEL;  Page 8
04/13/2005 18:16 FAX                                                          ☒003/091

1                          **PRELIMINARY STATEMENT**

2                  Defendant MGA Entertainment, Inc. ("MGA") has not yet completed its

3  investigation relating to the facts of this action and has not completed preparation for

4  trial. MGA makes its response to these document requests ("requests," or individually,

5  "request") based upon the information presently available to it and without prejudice to

6  its right to amend or supplement its responses and to present evidence which may

7  hereafter be discovered or become available.

8                  MGA will respond to each request as it understands and interprets each

9  request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request

10  that differs from that of MGA, MGA reserves the right to supplement its objections and

11  responses.

12                  By making these responses, MGA does not concede that any of the

13  information sought by these requests is relevant or discoverable. MGA makes these

14  responses and objections without waiving or intending to waive but rather, on the

15  contrary, preserving and intending to preserve: (a) the right to object on any grounds to

16  the use or introduction into evidence of the documents or information provided in

17  response to these requests; (b) the right to object to the use of the documents or

18  information provided in response to the requests in any subsequent proceeding in, or the

19  arbitration of this or any other action; and (c) the right to object on any ground at any

20  time to other requests or further discovery into any of the subject matters addressed in

21  these requests or the responses thereto.

22                  MGA shall not provide any privileged or protected information, including

23  without limitation, information protected by the attorney-client privilege or the attorney

24  work product doctrine, and nothing herein may be construed as a waiver of any

25  applicable privilege or protection. Any inadvertent production of privileged or protected

26  documents or information shall not be construed as a waiver of any privilege or

27  protection attaching thereto and MGA reserves the right to correct the record with regard

28

LA2:756234.3                          1          MGA'S RESPONSE TO 1ST SET OF
                                                 REQUEST FOR PRODUCTION OF
                                                           DOCUMENTS

EXHIBIT ___33___

PAGE ___457___

Received:  4/13/05  8:26F                  -> QUINN F ANUEL;  Page 4
04/13/2005 18:17 FAX                                                    004/091

1  to any such information and to supplement or amend these responses, which
2  supplemental or amended response shall become the operative response.

3                          **GENERAL OBJECTIONS**

4          1.     MGA objects to each and every request on the ground that production
5  at the date and time demanded will subject MGA to unwarranted oppression and undue
6  burden and expenses.  The time set for compliance is unduly burdensome, especially in
7  light of the number of document requests, and the scope and volume of the material being
8  sought.  MGA intends to proceed expeditiously to collect the documents for production, if
9  any, and will produce them at a date and time, and in such a manner, as may be mutually
10  agreed by counsel for the parties.

11         2.     MGA objects to each request to the extent that it seeks information
12  protected from discovery by the attorney-client privilege, work-product doctrine, right to
13  privacy, or any other applicable privilege.

14         3.     MGA objects to each request to the extent that it seeks the disclosure
15  of confidential, proprietary or trade-secret information.  Should such documents be
16  otherwise responsive and non-objectionable, MGA will produce such documents subject
17  to the terms and conditions of the protective order governing this case.

18         4.     MGA objects to each request to the extent that it seeks documents in
19  Mattel's own possession, custody or control or that are accessible to Mattel from public
20  sources or from third parties.

21         5.     MGA objects to each request to the extent that it asks for documents
22  that are not relevant to claims or defenses in this case.

23         6.     MGA objects to each and every request to the extent it purports to
24  require MGA to search all documents and things within its possession, custody or control
25  or within the possession, custody or control of any of MGA's current or former
26  employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries,
27  divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other
28  person acting on its behalf, pursuant to its authority or subject to its control, on the

LA2:756234.3                          2              MGA'S RESPONSE TO 1ST SET OF
                                                     REQUEST FOR PRODUCTION OF
                                                     DOCUMENTS

EXHIBIT  __33__

PAGE __456__

Received:   4/13/05   6:26'                    -> QUINN EMANUEL;   Page 5
04/13/2005 18:17 FAX                                                        ☒005/091

1    grounds that such request is unreasonable, overbroad, unduly burdensome and oppressive,

2    violates the right of privacy, and purports to require MGA to search for documents not

3    within its possession, custody or control.  MGA will make a reasonably diligent search for

4    responsive documents within its possession, custody or control.

5           7.     MGA objects to each and every request to the extent it seeks "all

6    documents" responsive to a certain category on the grounds that such request is overbroad

7    and unduly burdensome and oppressive.  MGA will produce otherwise unobjectionable

8    documents sufficient to provide Mattel with the information sought, following a

9    reasonably diligent search.  On grounds of oppression and undue burden, MGA will not

10   respond to duplicative or cumulative requests and will not re-produce documents it has

11   already produced or produce documents that it has received from Mattel or others in the

12   course of discovery in this matter.

13          8.     MGA objects to each request to the extent it seeks documents not

14   within MGA's possession, custody, or control.

15          9.     MGA objects to each request to the extent it seeks information

16   relating to activities or conduct in foreign countries.  In each instance in which MGA has

17   agreed to produce documents, such production is hereby expressly limited to documents

18   relating to domestic activities or conduct only.

19          10.    MGA objects to the defined terms "You," "Your," "Mattel," and

20   "Bryant" on the grounds that these terms, as defined, are overbroad, are vague and

21   ambiguous, and call for legal conclusions.

22          11.    MGA objects to the defined terms "Bratz" and "Angel" on the

23   grounds that these terms, as defined, are overbroad, are vague and ambiguous, and call for

24   legal conclusions.

25

26

27

28

LA2:756234.3                          3          MGA'S RESPONSE TO 1ST SET OF
                                                 REQUEST FOR PRODUCTION OF
                                                            DOCUMENTS
                                     EXHIBIT  33

                                     PAGE  455

1      Subject to the foregoing, MGA will produce all relevant and responsive non-

2   objectionable communications in its possession, custody or control, if any, between MGA

3   and Jesse Ramirez, dated prior to January 1, 2001, that it is able to locate following a

4   reasonably diligent search.

5   **REQUEST FOR PRODUCTION NO. 79:**

6      Any personnel or vendor file that YOU have created or maintained concerning

7   BRYANT.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

9      MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein.  MGA also specifically objects to this request on the grounds that it is

11   overbroad and unduly burdensome, and seeks information not relevant to the subject

12   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

13   evidence, including, without limitation, in that it seeks any personnel or vendor file

14   concerning Bryant created or maintained by MGA and is not otherwise limited as to

15   subject matter or time.  MGA also objects to this request on the grounds that it is vague

16   and ambiguous in that MGA cannot determine what is meant by "vendor file."  MGA also

17   objects to this request on the grounds that it seeks information in violation the right of

18   privacy.  MGA also objects to this request to the extent it seeks information the disclosure

19   of which would implicate the rights of third parties to protect private, confidential,

20   proprietary or trade secret information.  MGA also objects to this request on the grounds

21   that it seeks confidential, proprietary or commercially sensitive information, the disclosure

22   of which would be inimical to the business interests of MGA.  MGA also objects to this

23   request to the extent it calls for the disclosure of attorney-client privileged information or

24   information protected from disclosure by the work-product doctrine, joint defense or

25   common interest privilege, or other privilege.

26      Subject to the foregoing, MGA will produce all relevant and responsive non-

27   objectionable documents in its possession, custody or control, if any, that it is able to

28   locate following a reasonably diligent search.

LA2:756234.3                                71          MGA'S RESPONSE TO 1ST SET OF
                                                        REQUEST FOR PRODUCTION OF
                                      EXHIBIT   33              DOCUMENTS

                                      PAGE   460

1   **REQUEST FOR PRODUCTION NO. 80:**

2       Any personnel file that YOU have created or maintained concerning Paula

3   Treantafellas.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

5       MGA incorporates by reference the above-stated general objections as if fully set

6   forth herein.  MGA also specifically objects to this request on the grounds that it is

7   overbroad and unduly burdensome, and seeks information not relevant to the subject

8   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

9   evidence, including, without limitation, in that it seeks any personnel file concerning

10  Paula Treantafellas created or maintained by MGA and is not otherwise limited as to

11  subject matter or time.  MGA also objects to this request on the grounds that it seeks

12  information in violation of the right of privacy.  MGA also objects to this request to the

13  extent it seeks information the disclosure of which would implicate the rights of third

14  parties to protect private, confidential, proprietary or trade secret information.  MGA also

15  objects to this request on the grounds that it seeks confidential, proprietary or

16  commercially sensitive information, the disclosure of which would be inimical to the

17  business interests of MGA.  MGA also objects to this request to the extent it calls for the

18  disclosure of attorney-client privileged information or information protected from

19  disclosure by the work-product doctrine, joint defense or common interest privilege, or

20  other privilege.

21      Subject to the foregoing, MGA will produce all relevant and responsive non-

22  objectionable documents in its possession, custody or control, if any, that it is able to

23  locate following a reasonably diligent search.

24  **REQUEST FOR PRODUCTION NO. 81:**

25      Any personnel file that YOU have created or maintained concerning Mercedeh

26  Ward.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

28      MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3                            72            MGA'S RESPONSE TO 1ST SET OF
                                                     REQUEST FOR PRODUCTION OF
                                                     DOCUMENTS

EXHIBIT   33

PAGE   461

Received:   4/13/05   8:54r  :                    -> QUINN ⁼MANUEL;   Page 75
04/13/2005 18:45 FAX                                                          ☑075/091

1    forth herein. MGA also specifically objects to this request on the grounds that it is

2    overbroad and unduly burdensome, and seeks information not relevant to the subject

3    matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

4    evidence, including, without limitation, in that it seeks any personnel file concerning

5    Mercedeh Ward created or maintained by MGA and is not otherwise limited as to subject

6    matter or time. MGA also objects to this request on the grounds that it seeks information

7    in violation of the right of privacy. MGA also objects to this request to the extent it seeks

8    information the disclosure of which would implicate the rights of third parties to protect

9    private, confidential, proprietary or trade secret information. MGA also objects to this

10    request on the grounds that it seeks confidential, proprietary or commercially sensitive

11    information, the disclosure of which would be inimical to the business interests of MGA.

12    MGA also objects to this request to the extent it calls for the disclosure of attorney-client

13    privileged information or information protected from disclosure by the work-product

14    doctrine, joint defense or common interest privilege, or other privilege.

15         Subject to the foregoing, MGA will produce all relevant and responsive non-

16    objectionable documents in its possession, custody or control, if any, that it is able to

17    locate following a reasonably diligent search.

18    **REQUEST FOR PRODUCTION NO. 82:**

19         Any personnel or vendor file that YOU have created or maintained concerning

20    Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy).

21    **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

22         MGA incorporates by reference the above-stated general objections as if fully set

23    forth herein. MGA also specifically objects to this request on the grounds that it is

24    overbroad and unduly burdensome, and seeks information not relevant to the subject

25    matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

26    evidence, including, without limitation, in that it seeks any personnel or vendor file

27    concerning Margaret Leahy created or maintained by MGA and is not otherwise limited

28    as to subject matter or time. MGA also objects to this request on the grounds that it is

LA2:756234.3        73      MGA'S RESPONSE TO 1ˢᵀ SET OF
                                         REQUEST FOR PRODUCTION OF
                                               DOCUMENTS

EXHIBIT __33__

PAGE __462__

1    vague and ambiguous in that MGA cannot determine what is meant by "vendor file."

2    MGA also objects to this request on the grounds that it seeks information in violation of

3    the right of privacy.  MGA also objects to this request to the extent it seeks information

4    the disclosure of which would implicate the rights of third parties to protect private,

5    confidential, proprietary or trade secret information.  MGA also objects to this request on

6    the grounds that it seeks confidential, proprietary or commercially sensitive information,

7    the disclosure of which would be inimical to the business interests of MGA   MGA also

8    objects to this request to the extent it calls for the disclosure of attorney-client privileged

9    information or information protected from disclosure by the work-product coctrine, joint

10   defense or common interest privilege, or other privilege.

11          Subject to the foregoing, MGA will produce all relevant and responsive non-

12   objectionable documents in its possession, custody or control, if any, that it is able to

13   locate following a reasonably diligent search..

14   **REQUEST FOR PRODUCTION NO. 83:**

15          Any personnel or vendor file that YOU have created or maintained concerning

16   Veronica Marlow

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

18          MGA incorporates by reference the above-stated general objections as if fully set

19   forth herein.  MGA also specifically objects to this request on the grounds that it is

20   overbroad and unduly burdensome, and seeks information not relevant to the subject

21   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

22   evidence, including, without limitation, in that it seeks any personnel or vendor file

23   concerning Veronica Marlow created or maintained by MGA and is not otherwise limited

24   as to subject matter or time.  MGA also objects to this request on the grounds that it is

25   vague and ambiguous in that MGA cannot determine what is meant by "vendor file."

26   MGA also objects to this request on the grounds that it seeks information in violation of

27   the right of privacy.  MGA also objects to this request to the extent it seeks information

28   the disclosure of which would implicate the rights of third parties to protect private,

LA2:756234.3                                                      MGA'S RESPONSE TO 1ST SET OF
                                        74                        REQUEST FOR PRODUCTION OF
                          EXHIBIT ___33___                                    DOCUMENTS

                          PAGE ___463___

1   confidential, proprietary or trade secret information. MGA also objects to this request on

2   the grounds that it seeks confidential, proprietary or commercially sensitive information,

3   the disclosure of which would be inimical to the business interests of MGA. MGA also

4   objects to this request to the extent it calls for the disclosure of attorney-client privileged

5   information or information protected from disclosure by the work-product doctrine, joint

6   defense or common interest privilege, or other privilege.

7        Subject to the foregoing, MGA will produce all relevant and responsive non-

8   objectionable documents in its possession, custody or control, if any, that it is able to

9   locate following a reasonably diligent search.

10  **REQUEST FOR PRODUCTION NO. 84:**

11       Any personnel or vendor file that YOU have created or maintained concerning

12  Anna Rhee.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

14       MGA incorporates by reference the above-stated general objections as if fully set

15  forth herein. MGA also specifically objects to this request on the grounds that it is

16  overbroad and unduly burdensome, and seeks information not relevant to the subject

17  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

18  evidence, including, without limitation, in that it seeks any personnel or vendor file

19  concerning Anna Rhee created or maintained by MGA and is not otherwise limited as to

20  subject matter or time. MGA also objects to this request on the grounds that it is vague

21  and ambiguous in that MGA cannot determine what is meant by "vendor file." MGA also

22  objects to this request on the grounds that it seeks information in violation of the right of

23  privacy. MGA also objects to this request to the extent it seeks information the disclosure

24  of which would implicate the rights of third parties to protect private, confidential,

25  proprietary or trade secret information. MGA also objects to this request on the grounds

26  that it seeks confidential, proprietary or commercially sensitive information, the disclosure

27  of which would be inimical to the business interests of MGA. MGA also objects to this

28  request to the extent it calls for the disclosure of attorney-client privileged information or

LA2:756234.3                                    75          MGA'S RESPONSE TO 1ST SET OF
                              EXHIBIT _____**33**_____        REQUEST FOR PRODUCTION OF
                                                                            DOCUMENTS

                              PAGE **464**_____

Received:   4/13/05   6:55F                    -> QUINN ""ANUEL;   Page 78

04/13/2005 18:46 FAX                                                        ☑078/091

1    information protected from disclosure by the work-product doctrine, joint defense or

2    common interest privilege, or other privilege.

3        Subject to the foregoing, MGA will produce all relevant and respons ve non-

4    objectionable documents in its possession, custody or control, if any, that it is able to

5    locate following a reasonably diligent search.

6    **REQUEST FOR PRODUCTION NO. 85:**

7        Any personnel or vendor file that YOU have created or maintained concerning

8    Jesse Ramirez.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

10        MGA incorporates by reference the above-stated general objections as if fully set

11   forth herein.  MGA also specifically objects to this request on the grounds that it is

12   overbroad and unduly burdensome, and seeks information not relevant to the subject

13   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

14   evidence, including, without limitation, in that it seeks any personnel or vendor file

15   concerning Jesse Ramirez created or maintained by MGA and is not otherwise limited as

16   to subject matter or time.  MGA also objects to this request on the grounds that it is vague

17   and ambiguous in that MGA cannot determine what is meant by "vendor file."  MGA also

18   objects to this request on the grounds that it seeks information in violation o: the right of

19   privacy.  MGA also objects to this request to the extent it seeks information the disclosure

20   of which would implicate the rights of third parties to protect private, confidential,

21   proprietary or trade secret information.  MGA also objects to this request on the grounds

22   that it seeks confidential, proprietary or commercially sensitive information, the disclosure

23   of which would be inimical to the business interests of MGA.  MGA also objects to this

24   request to the extent it calls for the disclosure of attorney-client privileged information or

25   information protected from disclosure by the work-product doctrine, joint defense or

26   common interest privilege, or other privilege.

27

28

LA2:756234.3

76

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT ___33___

PAGE ___465___

1    Subject to the foregoing, MGA will produce all relevant and responsive non-
2  objectionable documents in its possession, custody or control, if any, that it is able to
3  locate following a reasonably diligent search.
4  **REQUEST FOR PRODUCTION NO. 86:**
5    Any personnel file that YOU have created or maintained concerning Shirin
6  Salemnia.
7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**
8    MGA incorporates by reference the above-stated general objections as if fully set
9  forth herein.  MGA also specifically objects to this request on the grounds that it is
10  overbroad and unduly burdensome, and seeks information not relevant to the subject
11  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible
12  evidence, including, without limitation, in that it seeks any personnel file concerning
13  Shirin Salemnia created or maintained by MGA and is not otherwise limited as to subject
14  matter or time.  MGA also objects to this request on the grounds that it seeks information
15  in violation of the right of privacy.  MGA also objects to this request to the extent it seeks
16  information the disclosure of which would implicate the rights of third parties to protect
17  private, confidential, proprietary or trade secret information.  MGA also objects to this
18  request on the grounds that it seeks confidential, proprietary or commercially sensitive
19  information, the disclosure of which would be inimical to the business interests of MGA.
20  MGA also objects to this request to the extent it calls for the disclosure of attorney-client
21  privileged information or information protected from disclosure by the work-product
22  doctrine, joint defense or common interest privilege, or other privilege.
23    Subject to the foregoing, MGA will produce all relevant and responsive non-
24  objectionable documents in its possession, custody or control, if any, that it is able to
25  locate following a reasonably diligent search.
26  **REQUEST FOR PRODUCTION NO. 87:**
27    Any personnel file that YOU have created or maintained concerning Victoria
28  O'Connor.

LA2:756234.3

77

EXHIBIT ___33___

PAGE ___464___

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

Received:  4/13/05  7:00          -> QUINN "MANUEL;  Page 90
04/13/2005 18:51 FAX                                              ☒090/091

1   forth herein. MGA also specifically objects to this request on the grounds that it is

2   overbroad and unduly burdensome in that it calls for all tangible items that support, refute

3   or otherwise refer or relate to any facts underlying MGA's affirmative defenses. MGA

4   also objects to this request on the grounds that it calls for legal conclusions. MGA also

5   objects to this request to the extent it calls for the disclosure of attorney-client privileged

6   information or information protected from disclosure by the work-product doctrine, joint

7   defense or common interest privilege, or other privilege.

8        Subject to the foregoing, MGA will produce all relevant and responsive non-

9   objectionable documents in its possession, custody or control, if any, that support its

10  affirmative defenses, that it is able to locate following a reasonably diligent search.

11

12

13              AS TO OBJECTIONS ONLY:

14          Dated: April *13*, 2005

15

16                          DIANA M. TORRES
                            PAULA E. AMBROSINI

17                          O'MELVENY & MYERS LLP

18

19              By: *Paula Ambrosini* /my /JRS

20                  Paula E. Ambrosini

21                          Attorneys for Defendant-in-Intervention
                            MGA Entertainment, Inc.

22

23

24

25

26

27

28

LA2:756234.3                                    MGA'S RESPONSE TO 1ST SET OF
                        88                       REQUEST FOR PRODUCTION OF
            EXHIBIT    33                         DOCUMENTS

            PAGE    467

Received:   4/13/05   7:00P                    -> QUINN    `ANUEL;   Page 91
04/13/2005 18:51 FAX                                                    ☒091/091

1           **PROOF OF SERVICE**

2           I, Jennifer R. Szoke, declare:

3           I am a resident of the State of California and over the age of eighteen years, and
   not a party to the within action; my business address is 400 South Hope Street, Los Angeles,
4  California 90071-2899. On April 13, 2005, I served the within document:

5  **MGA ENTERTAINMENT, INC.'S RESPONSES TO MATTEL, INC.'S FIRST SET OF
      REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS**
6

7     ☒    by transmitting via facsimile machine the document(s) listed above to the fax
            number(s) set forth below on this date. The outgoing facsimile machine telephone
8           number in this office is (213) 430-6407.

9     ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
            fully prepaid, in the United States mail at Los Angeles addressed as set forth
10          below. I am readily familiar with the firm's practice of collecting and processing
            correspondence for mailing. Under that practice it would be deposited with the
11          U.S. Postal Service on that same day with postage thereon fully prepaid in the
            ordinary course of business. I am aware that on motion of the party served, service
12          is presumed invalid if the postal cancellation date or postage meter date is more
            than one day after date of deposit for mailing in affidavit.
13

14          Keith Jacoby (by mail only)
            Littler Mendelson
15          A Professional Corporation
            2049 Century Park East, 5th Floor
16          Los Angeles, CA 90067-3107
17          Tel: (310) 553-0308
            Fax: (310) 553-5583
18

19          Michael T. Zeller (by fax and mail)
            Quinn Emanuel Urquhart Oliver & Hedges, LLP
20          865 South Figueroa Street, 10th Floor
            Los Angeles, California 90017-2543
21          Tel: (213) 443-3000
            Fax: (213) 443-3100
22

23          I declare under penalty of perjury under the laws of the United States that the
   above is true and correct.

24          Executed on April 13, 2005, at Los Angeles, California.

25

26
   LA2:758376.1                                          Jennifer R. Szoke
27

28

                                   EXHIBIT ____33____

                                   PAGE ____468____