QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien]**<br><br>**MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS**<br><br>Hearing Date:  TBA<br>Time:              TBA<br>Place:             TBA<br><br>Phase 2:<br>Discovery Cut-off:        Not set<br>Pre-trial Conference:    Not set<br>Trial Date:                    Not set |

00505.07975/2778033.1

-1-                                    Case No. CV 04-9049 SGL (RNBx)
MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

## CONSOLIDATED SEPARATE STATEMENT

Mattel, Inc. respectfully submits this consolidated Separate Statement in support of Mattel's Motion to Compel Production of Documents Response to Third-Party Subpoenas.  For the Discovery Master's convenience, this Separate Statement includes the text of each Request at issue, the respective third-party's objections or responses, MGA's objections or responses, and a short discussion of why Mattel believes the respective third party should be compelled to produce documents responsive to Mattel's requests.

I.    **THE COURT SHOULD COMPEL IGWT 826 INVESTMENTS, LLC TO PRODUCE RESPONSIVE DOCUMENTS**

**REQUEST FOR PRODUCTION 1:**

All documents referring or relating to agreements, contracts, transactions, sales, shipments or the direct or indirect transfer of any item of value between MGA, Entertainment, Inc., its affiliates, Isaac Larian or his family members and IGWT 826 Investments, LLC.

**IGWT 826'S RESPONSE TO REQUEST FOR PRODUCTION 1:**

Third Party incorporates by reference its General Objections as though fully set forth herein.  Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product

00505.07975/2778033.1

-2-

Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

doctrine and/or the joint interest privilege.  Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege.

Third Party further objects to the request to the extent that it seeks document protected from disclosure by applicable federal and state tax return privileges.  Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection.  Third Party further objects to this request on the grounds that it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties.  Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced.  Third Party further objects to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force a third party to produce documents or information available from parties to the litigation.  Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all documents" and 'referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**MGA PARTIES' RESPONSE TO REQUEST NO. 1:**

The MGA Parties incorporate by reference their General Objections as though fully set forth herein.  The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The MGA Parties further object that this request calls for the

production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

The MGA Parties further object to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Parties' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Parties further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force a third party to produce documents or information available from parties to the litigation. The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 1:**

A. **Mattel's Subpoenas Seek Documents That Are Unquestionably Relevant**

Federal Rule of Civil Procedure 45 obligates third parties to produce documents responsive to a subpoena that a party serves on them. Fed. R. Civ. P. 45(b), (d). If the documents are relevant and there is good cause for their production, the subpoena is enforced unless the documents are privileged or the subpoena is unreasonable, oppressive, annoying, or embarrassing. U.S. v. American Optical Co., 39 F.R.D. 580, 583 (N.D. Cal. 1966); accord Heat and Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) ("the factors required to be

1   balanced by the trial court in determining the propriety of a subpoena are the

2   relevance of the discovery sought, the requesting party's need, and the potential

3   hardship to the party subject to the subpoena.").

4                    1.    The Documents Sought Are Relevant to Mattel's RICO Claims

5                    Mattel's requests are directly relevant to its RICO claims.    In its

6   counterclaims, Mattel alleges that the counter-defendants have operated a

7   widespread criminal enterprise that has engaged in numerous acts of mail and wire

8   fraud and other predicate acts in violation of the RICO statute.[1]   MGA's mid-trial

9   transactions with Omni 808 and the other non-operating entities, which bear the

10  classic hallmarks of an effort to fraudulently transfer assets to its controlling

11  shareholders, are just a continuation of that pattern of racketeering activity in which

12  MGA and Larian have long been engaged.   See, e.g., Asdourian v. Konstantin, 77 F.

13  Supp. 2d 349, 355, 359 (E.D.N.Y. 1999) (allegations that defendant "siphoned

14  away" corporation's assets through "systematic looting" accomplished through

15  fraudulent mortgages constitute predicate acts for RICO).   At a minimum, then, the

16  requests are likely calculated to lead to evidence of acts of wire and mail fraud.[2]   As

17  such, they are unquestionably relevant, because a plaintiff alleging RICO violations

18  should be permitted discovery into each instance of a predicate act, even where

19  further discovery is "unnecessary" to establish the category of predicate act.   See

20  Eastman Kodak Co. v. Camarata, 238 F.R.D. 372, 376 (W.D.N.Y. 2006).[3]

21

22  _____

23  [1]   Mattel's Second Am. Complaint and Counter-Claims, dated July 12, 2007, at ¶¶ 88-
24  105, Corey Dec., Exh. 19.
        [2]   See id. at ¶ 93(a) & (b).
25  [3]   Moreover, even the terms of the loans are themselves relevant.   MGA has paid
26  hundreds of millions of dollars to Larian and his family or associates throughout this
    litigation.   See Corey Dec., ¶ 92 and reference exhibits therein.   That is directly relevant to
27  Larian's personal liability for RICO violations and evidence of his association with and
    control over the enterprise.

28

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

The discovery sought by the subpoenas may also reveal additional, distinct predicate acts in support of Mattel's RICO allegations.  Mattel's requests seek to unravel the true nature of these "financing" transactions, which involve various shell and off-shore companies and appear to be deliberately structured to conceal the ultimate source of funding.  It may be intended to "conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds" derived from defendants' unlawful activity—here, among other things, their infringement of Mattel's intellectual property.  18 U.S.C. § 1956.  Whatever the reason, MGA's recent "financing" raises a host of potential predicate RICO violations, regarding which Mattel is entitled to discovery.  See, e.g., 18 U.S.C. § 1957 (use of unlawful funds), 18 U.S.C. § 2314 (transportation of converted funds).  Likewise, the sales by the IGWT entities of infringing Bratz product may constitute predicate acts of criminal copyright infringement by MGA -- predicate acts that Mattel has alleged against MGA in Phase 2.[4]  Thus, the discovery sought is plainly proper.

> 2.   The Documents Sought Are Also Relevant to Mattel's
>       Disgorgement Claim

One remedy Mattel seeks is disgorgement of all amounts wrongfully obtained.  Mattel may also be entitled to damages for lost profits pursuant to its disgorgement theory of damages.  The disgorgement remedy also provides for the imposition of constructive trusts to recover the ill-gotten gains of MGA and Isaac Larian that have been transferred to other parties.  For purposes of establishing disgorgement, Mattel must take into account money transferred from MGA and Isaac Larian, regardless of the manner in which it was transferred.  Mattel is entitled

---

[4]   SAAC, ¶ 93.

1   to discovery that shows all assets siphoned from MGA or Isaac Larian for which

2   there was no compensation during the period of the alleged wrongful conduct.

3          It is undisputed that disgorgement is an available remedy for Mattel's

4   claims against MGA and Larian, including Mattel's claim for trade secret

5   misappropriation.  See 4 Callmann, Unfair Competition and Monopolies § 14.45

6   (4th ed.) and Clark v. Bunker, 453 F.2d 1006, 1011 (9th Cir. 1972).  The scope of

7   the disgorgement remedy is set forth in two recent California Supreme Court

8   decisions.  See Kraus v. Trinity Management Servs., Inc., 23 Cal. 4th 116 (2000);

9   Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134 (2003).  The court

10  indicated that:

11         "disgorgement" is a broader remedy than restitution. . . .  [A]n order for

12         disgorgement "may compel a defendant to surrender *all* money

13         obtained through an unfair business practice even though not all is to be

14         restored to the persons from whom it was obtained or those claiming

15         under those persons.  It has also been used to refer to surrender of *all*

16         profits earned as a result of an unfair business practice regardless of

17         whether those profits represent money taken directly from persons who

18         were victims of the unfair practice."

19         Korea Supply, 29 Cal. 4th at 1145 (quoting Kraus, 23 Cal. 4th at 127)

20  (emphasis added).  Moreover, an important part of disgorgement is the imposition of

21  a constructive trust to recover ill-gotten gains that have been transferred to others by

22  the defendant.  A constructive trust is intended to prevent unjust enrichment, with

23  equity compelling the restoration to another of property to which the holder thereof

24  is not justly entitled.  Taylor v. Polackwich, 145 Cal. App. 3d 1014, 1022 (1983);

25  Cal. Civ. Code §§ 2223, 2224.  See also Weiss v. Marchus, 51 Cal. App. 3d 590,

26  600 (1975) (constructive trust may be imposed in case of fraud, mishandling, or

27  almost any case of wrongful acquisition or detention of property to which another is

28  entitled).  When personal property is in dispute, the legislature has allowed plaintiffs

to invoke the remedy of constructive trust.  Cal Civ. Code §§ 2223, 2224.  To create a constructive or involuntary trust only three conditions are necessary: existence of a res, i.e. property or some interest in property, plaintiff's right to that res and defendant's gain of the res by fraud, accident, mistake, undue influence, violation of the trust or other wrongful act. Kraus v. Willow Park Public Golf Course, 73 Cal. App. 3d 354 (1977); see Cramer v. Biddison, 65 Cal. Rptr. 624, 257 Cal. App. 2d 720 (1968).  See Burlesci v. Petersen, 68 Cal. App. 4th 1062, 1067 (1998) (constructive trust); Farmers Ins. Exchange v. Zerin, 53 Cal. App. 4th 445, 454-55 (1997) (equitable lien is proper if unjust enrichment and detrimental reliance are implicated)

By these subpoenas, Mattel seeks evidence to prove the amount the defendants must disgorge.  Money that properly belonged to Mattel was transferred from MGA or Isaac Larian to an entity controlled by them.  Mattel should be able to understand how that money was used because MGA and Isaac Larian have no right to whatever additional gains realized with Mattel's money.  Rather, the right to those additional gains vests solely in Mattel.

### 3. The Documents Sought Are Relevant to Phase 2 Damages

The requests also seek documents relevant to the MGA parties' financial condition, which is relevant to Mattel's Phase 2 damages claims.  A defendant's net worth, financial condition, and ability to pay any award are all factors relevant to an award of punitive damages.  See, e.g., Hilao v. Estate of Marcos, 103 F.3d 767, 781-82 & n. 7 (9th Cir. 1996) (financial condition a relevant factor in awarding punitive damages); Southern California Housing Rights Center v. Krug, 2006 WL 4122148, *4 (C.D. Cal. 2006) ("When a punitive damages claim has been asserted, a majority of federal courts permit pretrial discovery of financial information about defendants without requiring the plaintiff to establish a prima facie case on the issue of punitive damages."); Robert L. Cloud & Associates v. Mikesell, 69 Cal. App. 4th 1141,148-1152 (1999) (defendant's "ability to pay

1  damages award" and "financial condition" were relevant to determining award of

2  punitive damages for misappropriation of trade secrets).

3        Judge Larson and the former Discovery Master have ruled that Mattel

4  is entitled to evidence related to MGA's net worth.  For example, Mattel moved to

5  compel MGA to produce a Rule 30(b)(6) witness on issues related to MGA's net

6  worth after MGA claimed such evidence was irrelevant and should be left to expert

7  testimony.  The Discovery Master agreed with Mattel and ordered the deposition to

8  proceed on the issue of net worth, among others.  MGA objected and appealed to

9  Judge Larson, who affirmed the Discovery Master and held "[t]hat net worth is

10  generally the subject of expert testimony at trial -- a proposition disputed by neither

11  Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6)."[5]

12        Omni 808 and Vision Capital are directly involved in providing

13  funding to MGA in exchange for a security interest.  Such funding, and security

14  interests, are in and of themselves directly relevant to the financial condition of the

15  MGA Parties, including the amount of the security interests, the terms and

16  conditions of the funding, and the rate of the funding.  The true identity of the

17  persons and entities providing the funding and obtaining a security interest in MGA

18  are likewise relevant to that issue.  Moreover, given the level of financing, the

19  parties must have engaged in evaluations of the past, present, and future value of the

20  MGA parties.  It is just such documents that the third-party subpoenas at issue seek.

21        Finally, as noted above, MGA is using IGWT to sell Bratz products and

22  conduct Bratz business.  Obviously, this kind of evasion is directly relevant to the

23  claims at issue, as well as to the net worth and financial condition of the MGA

24  Parties.  Mattel is entitled to the information sought by the subpoenas for these

25  additional reasons.

26

27     [5]  July 2, 2007 Order, at 5, Corey Dec., Exh. 12.

28

1         4.     The Documents Sought Are Relevant to the MGA Parties'

2             Credibility

3         Information is also relevant and discoverable if it relates to "the

4 credibility of any witness." Cable & Computer Tech., Inc. v. Lockheed Sanders,

5 Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997). As set forth in Section II of Mattel's

6 Motion to Compel Production of Documents Responsive to Third Party Subpoenas,

7 filed concurrently herewith, MGA and Larian made statements under oath about

8 their financial condition as well as about the role of Omni 808 and the other non-

9 operating entities in providing MGA with additional funding.[6] Mattel is therefore

10 entitled to discovery to determine the true state of these matters -- information

11 which is directly relevant to MGA's and Larian's credibility.

12         5.     The Documents Sought are Relevant to the MGA Parties'

13             Unclean Hands Defense

14         The subpoenas also seek documents relevant to the MGA Parties'

15 defense of unclean hands. In their answers to Mattel's cross-claims, MGA and

16 Larian asserted that "Mattel's counterclaims are barred in whole or in part by

17 Mattel's unclean hands."[7] The alleged basis for their unclean hands defense is wide

18 ranging, touching on every aspect of Phases 1 and 2 of this case, including the

19 alleged infringement of MGA's trade dress and Bratz products as well as allegedly

20 interfering with MGA's efforts to hire Mattel employees.[8]

21

22

_____

23   [6] Compare Declaration of Brian Wing in support of the MGA Parties' Request for a

24 Stay, dated December 11, 2008, at ¶ 13, Corey Dec., Exh. 36 with MGA Parties' Corrections to the Opposition to Mattel's Ex Parte Application for Appointment of a

25 Receiver, dated December 31, 2008, at 1, Corey Dec., Exh. 38.

  [7] MGA's Amended Answer and Affirmative Defenses, dated September 19, 2007, at

26 20-21, Corey Dec., Exh. 103; Isaac Larian's Amended Answer and Affirmative Defenses,

27 dated November 8, 2007, at 16-18, Corey Dec., Exh. 104.

  [8] Id.

28

Mattel is entitled to respond to these allegations by demonstrating that the MGA Parties are precluded from invoking the unclean hands defense because they have not themselves acted with clean hands.   The invocation of "unclean hands" is an equitable defense.   GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1209-10 (9th Cir. 2000) (discussing "equitable defense" of "unclean hands"); In re McKesson HBOC, Inc. Erisa Litigation, 391 F.Supp.2d 812, 842 (N.D. Cal. 2005) ("[U]nclean hands is an equitable defense.").   A party asserting an equitable defense, however, must itself have "clean hands."   Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 385 (9th Cir. 1997) (("A cardinal maxim of equity jurisprudence is that he who comes into equity must come with clean hands.") (quoting Banks v. Rockwell Intern. North American Aircraft Operations, 855 F.2d 324, 327 (6th Cir. 1988)); Granberry v. Islay Investments, 9 Cal. 4th 738, 743-744, 750 (1995) (equitable defense may be "barred by any of the generally applicable equitable affirmative defenses, including . . . unclean hands"); Blain v. Doctor's Co., 222 Cal. App. 3d 1048, 1059 (1990) ("He who comes into Equity must come with clean hands.").   As discussed above, MGA may be engaging in sham and financial fraudulent transactions such as concealing profits and sales of Bratz and other products "off the books" through newly created single purpose companies.   If true, MGA and Larian would be acting with unclean hands and thus precluded from invoking the unclean hands defense themselves.

> 6.     The Documents Sought Are Relevant to Mattel's Unfair Competition Claim

The subpoenas seek documents related to Mattel's claim for unfair competition.   The MGA Parties' actions in manipulating the sources of funding and apparently using single-purpose companies to unload Bratz products for pennies on the dollar and resell them may be anti-competitive actions that are encompassed by California's unfair competition laws.   Under Business and Professions Code § 17200, "unfair competition" includes "any unlawful, unfair or fraudulent business

act or practice....''  Section 17200's scope is "sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." Rubin v. Green, 4 Cal. 4th 1187, 1200 (1993) (internal quotation marks and citation omitted).  It encompasses "anti-competitive business practices as well as injuries to consumers, and has as a major purpose the preservation of fair business competition." Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180 (1999).   Accordingly, the documents sought are reasonably calculated to lead to the discovery of admissible evidence relating to Mattel's unfair competition claim.

## B. **The Remaining Objections Are Boilerplate And Should Be Overruled**

### 1. The Boilerplate Objections Are Improper

The third parties assert a host of boilerplate general objections, which they repeat in their specific objections.  Through these objections, they generally assert that Mattel's document requests (including Mattel's definitions) are irrelevant, overbroad, ambiguous, harassing, cumulative, and unduly burdensome.   Such objections are the hallmark of boilerplate objections that are improper under the Federal Rules of Civil Procedure.   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (overruling defendant's boilerplate objections as improper and ordering production of documents).   See Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (holding that court did not have discretion to limit discovery on basis of boilerplate objections).

### 2. That Documents May be Available from Other Parties Does Not Excuse Compliance

MGA and the third-parties suggest that they are excused from compliance with the third-party subpoenas because some of the documents purportedly may be available from MGA or other sources.   However, because documents may be available from other sources is not grounds to refuse production.

"[A] person may not avoid a subpoena by saying that the evidence sought from him is obtainable from another." <u>Covey Oil Co. v. Continental Oil Co.</u>, 340 F.2d 993, 998 (10th Cir. 1965) (overruled on other grounds); <u>State Farm Mut. Auto. Ins. Co. v. Accurate Medical, P.C.</u>, 2007 WL 2993840, at *1 (E.D.N.Y. 2007) (compelling production of documents third-party claimed were in possession of party to litigation); <u>In re Bergeson</u>, 112 F.R.D. 692, 695 (D. Mont. 1986) (conclusory assertions that documents sought are available from others more economically "does not constitute a showing of unreasonableness or oppressiveness."). Moreover, no party has demonstrated that all of the documents requested are available from another party. Nor does this seem likely. As held by the State Farm court, "nothing in the <u>Federal Rules of Civil Procedure</u> requires a litigant to rely solely on discovery obtained from an adversary instead of utilizing subpoenas." Id. at *1.

Furthermore, Mattel should not be forced to rely solely on MGA in obtaining discovery related to their financial condition or illegal activities. As the jury unanimously found at trial, MGA fraudulently concealed its illegal activities in this case. It engaged in a pattern of misrepresentations about its financial condition, including concealing valuations, providing valuations within months of each other that fluctuated by hundreds of millions of dollars, and claiming near insolvency when it suited its legal arguments and then denying it when their needs shifted. There also is evidence, described above, of concealment, spoliation and alteration of documents by MGA, Isaac Larian and other MGA executives and MGA-affiliated parties. The truth-finding function in this case is not served by entrusting MGA itself to produce evidence, including evidence of its own wrongdoing. As MGA's pattern of misconduct amply shows, quite the opposite is the case here.

        3.    <u>The Objection Based Upon the Accountant-Client Privilege Is Unfounded</u>

MGA and the IGWT parties' objection that the requests seek documents protected from disclosure by the accountant-client privilege is without basis. The

United States Supreme Court has recognized that there is "no confidential accountant-client privilege [that] exists under federal law, and no state created privilege has been recognized in federal cases." <u>Couch v. United States</u>, 409 U.S. 322, 335 (1972) (collecting cases).   Therefore, the objection is frivolous. Nevertheless, even if there was such a privilege, IGWT offers no foundation for its application to the documents requested.   IGWT does not contend that it provides accounting services, much less that it has acted as an accounting firm or agency in relation to MGA (or Larian).

4.   <u>Mattel's Requests Do Not Impose an Undue Burden</u>

The third parties object that the requests are unduly burdensome and that the burden and expense outweighs the documents relevance.   These subpoenaed parties bear the burden of proving undue burden by "specific and compelling" proof; conclusory assertions are insufficient.   <u>Goodman v. U.S.</u>, 369 F.2d 166, 169 (9th Cir. 1966) ("The party must provide specific and compelling proof that the burden is undue."); <u>see</u> <u>JZ Buckingham Investments, LLC v. United States</u>, 78 Fed. Cl. 15, 25 (Fed. Cl. Ct. 2007) (denying motion to quash); <u>Northrop Corp. v. McDonnell Douglas Corp.</u>, 751 F.2d 395, 403 (D.C. Cir. 1984) (reversing district court's decision quashing subpoena).   Here, third parties have not demonstrated the time, cost, or burden involved in responding to Mattel's subpoenas is undue.   Nor could they.   Virtually all of the third parties here are single purpose entities that have existed only a few months.   It is dubious at best that they should have such voluminous records, let alone voluminous records of the type requested by Mattel in the subpoenas, that any burden could be considered undue.

The MGA Parties' complaints about alleged burden are wholly irrelevant -- it lacks any standing to even make such an argument -- and simply serve to underscore that MGA seeks to obstruct.   "The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed." <u>Goodman v. U.S.</u>, 369 F.2d 166, 169 (9th Cir. 1966) (emphasis added).

5.      Mattel's Requests Do Not Violate the Discovery Master's May 7, 2008 Order

MGA and the IGWT Parties object, claiming that the subpoenas violate Judge Infante's May 7, 2008 Order in which he allegedly found that "similarly phrased requests to third parties" were overly burdensome and improper.  This objection should be overruled.  First, the subpoenas at issue in the May 7, 2008 Order sought different information and went to different issues than the present requests.  Second, Judge Infante was clear that "[n]othing in this Order is intended to authorize or preclude Mattel from seeking documents from the non-parties identified herein as part of Phase 2 discovery, if appropriate."[9]  So, the objection is without merit.

6.      Concerns Over Confidentiality Are Alleviated by the Protective Order

The third parties object on the grounds that Mattel seeks documents containing trade secrets, confidential information or otherwise protected by a right of privacy.  Because the Court has entered a Protective Order in this action, which Mattel has provided to the subpoenaed parties,[10] the subpoenaed party's concerns about confidentiality do not justify withholding documents from production.  See, e.g., Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (finding that a protective order "can strike the appropriate balance between the need for the information and the privacy concerns" of the party opposing production's employees); Keith H. v. Long Beach Unified School District, 228 F.R.D. 652, 658 (C.D. Cal. 2005) (compelling production of student records because of slight redactions and "a protective order to minimize any invasion of the students' privacy rights"); In re Heritage Bond Litigation, 2004 WL 1970058 at *5, n.12 (C.D. Cal.

---

[9]   May 7, 2008 Order at 13, Corey Dec., Exh. 75.
[10]   Corey Dec., ¶ 3.

2004) ("Any privacy concerns . . . defendants have in their bank records and related financial statements are adequately protected by the protective order, and are not sufficient to prevent production in this matter"); <u>A. Farber and Partners, Inc.</u>, 234 F.R.D. at 191-92 ("P]laintiff's need for defendant Garber's financial documents outweighs defendant Garber's claim of privacy, especially when the 'impact' of the disclosure of the information can be protected by a 'carefully drafted' protective order").

Indeed, the former Discovery Master previously and repeatedly ruled that the Protective Order is sufficient to alleviate any privacy concerns.[11]  Although MGA objected to that ruling, the District Court approved the Discovery Master's order, finding that the entry of a protective order justified compelling production of even "sensitive documents" to MGA's "fierce competitor."[12]  Therefore, the confidential, privacy and trade secret objections must be overruled.

>   7.   <u>Mattel's Requests Do Not Violate the Court's January 7, 2009 Order</u>

The MGA parties argument that the requests would "circumvent" the Court's January 7, 2009, misconstrues the order and ignores the Court's order -- issued just the day before -- reopening Phase 2 discovery without limitation.  In the January 7 Order, the Court found "good cause" to appoint a "forensic auditor" to review MGA's financial records.  The scope of the auditor's review, however, is limited to MGA's financial records and does not extend to third parties.[13]  Moreover, nothing in the Court's order suggests that all discovery related to MGA's finances is

---

[11]   Order Dated May 15, 2007, at 11, n.4, Corey Dec., Exh. 99.
[12]   Order Dated July 2, 2007, at 3, Corey Dec., Exh. 12.
[13]   January 7, 2009 Order Appointing Forensic Auditor, Corey Dec., Exh. 105.

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1   foreclosed until completion of the audit.  Indeed, the Court lifted the stay on Phase 2

2   discovery -- without limitation -- on January 6, 2009.[14]

3               8.    The Objection Based Upon the Tax Return Privilege Is

4                     Unfounded

5               The cases cited by the MGA parties make it clear that tax returns are

6   discoverable "if they are relevant and when there is a compelling need for them

7   because the information sought is not otherwise available."  See Aliotti v. Senora,

8   217 F.R.D. 496, 498 (N.D. Cal. 2003); see also Premium Service Corp. v. Sperry &

9   Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975).  Here, there are compelling

10  reasons for production of the tax returns, if any, of MGA and Larian, as well as the

11  third-parties involved in these transactions.  As discussed above, MGA and Larian's

12  promises to produce and representations regarding their finances have been

13  untrustworthy and misleading.  Production of tax returns would be particularly

14  relevant to redress the MGA parties' pattern of misrepresentations because they

15  would provide concise statements of a parties' annual income.

16      C.    **Each of the Subpoenaed Parties Must Produce Adequate Privilege**

17             **Logs**

18             To the extent the subpoenaed parties are withholding documents on the

19  basis of privilege, they must provide a timely privilege log.  Fed. R. Civ. P. 45; see

20  Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d

21  1142, 1148-50 (9th Cir. 2005) (affirming district court's holding that party waived

22  privilege objections by failing to provide privilege log within thirty days of serving

23  its responses); In re Imperial Corp. of Am., 174 F.R.D. 475, 477 (S.D. Cal. 1997)

24  (waiver rule for failure to provide privilege log applies to subpoenas to third

25

26

27      [14]   January 6, 2009 Order, Corey Dec., Exh. 35.

28

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  parties).  Accordingly, the Discovery Master should order the subpoenaed parties to

2  produce privilege logs as required by Rule 45(d)(2).

3  **REQUEST FOR PRODUCTION NO. 2:**

4          All documents referring or relating to the revenue generated by IGWT

5  826 Investments, LLC's sales, licensing, distribution or other transfer of Bratz

6  products and the transfer or disposition of such revenue.

7  **IGWT 826'S RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

8          Third Party incorporates by reference its General Objections as though

9  fully set forth herein.  Third Party further objects on the grounds that the Discovery

10 Master already has ruled on similarly phrased requests to third parties, including in

11 an Order dated May 7,2008, concluding that requests using phrases like "all

12 documents," and "referring to or relating to" are overly broad, vague, unduly

13 burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

14 Court Orders.  Third party further objects that this request calls for the production of

15 documents that are not relevant to any claim or defense in the pending litigation or

16 reasonably calculated to lead to the discovery of admissible evidence.

17         Third Party further objects to this request to the extent that this request

18 seeks information that is protected from disclosure under the attorney-client

19 privilege, the work product doctrine and/or the joint interest privilege.  Third Party

20 further objects to this request to the extent it seeks documents protected by the

21 accountant-client privilege.  Third Party further objects to the request to the extent

22 that it seeks document protected from disclosure by applicable federal and state tax

23 return privileges.  Third Party further objects to this request to the extent that it

24 seeks documents that contain trade secrets, confidential, commercially sensitive

25 and/or other proprietary or competitive information that is subject to Third Party's

26 constitutional, statutory or common law right of privacy or protection.  Third Party

27 further objects to this request on the grounds that it calls for the disclosure of

28 proprietary or competitively sensitive information belonging to third parties whose

1  interests IGWT has a duty to protect, absent consent from third parties.  Third Party

2  further objects to this request on the grounds that it does not specifically describe or

3  reasonably particularize the documents to be produced.  Third Party further objects

4  to this request on the grounds that it is overbroad as to subject matter and time; in

5  particular, Third Party objects that the phrases "all documents" and "referring or

6  relating to" are unbounded by any date limitation and are not tied in any way to any

7  claim, defense or other issues involved in Phase 2 of this litigation.

8  **MGA PARTIES' RESPONSE TO REQUEST NO. 2:**

9        The MGA Parties incorporate by reference their General Objections as

10  though fully set forth herein.  The MGA Parties further object that the Discovery

11  Master already has ruled on similarly phrased requests to third parties, including in

12  an Order dated May 7, 2008, concluding that requests using phrases like "all

13  documents" and "referring to or relating to" are overly broad, vague, unduly

14  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

15  Court Orders.  The MGA Parties further object that this request calls for the

16  production of documents that are not relevant to any claim or defense in the pending

17  litigation or reasonably calculated to lead to the discovery of admissible evidence.

18  The Request appears designed to circumvent the Court's January 7 Order appointing

19  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

20        The MGA Parties further object to this request to the extent that this

21  request seeks information that is protected from disclosure under the attorney-client

22  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

23  Parties further object to this request to the extent that it seeks documents that contain

24  trade secrets, confidential, commercially sensitive and/or other proprietary or

25  competitive information that is subject to the any person's constitutional, statutory or

26  common law right of privacy or protection.  The MGA Parties further object to this

27  request on the grounds that it is overbroad as to subject matter and time; in

28  particular, the MGA Parties object that the phrases "all documents" and "referring or

1  relating to" are unbounded by any date limitation and are not tied in any way to any

2  claim, defense or other issues involved in Phase 2 of this litigation.

3  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 2:**

4      See Mattel's Reason to Compel Production for Request No. 1, above.

5  **REQUEST FOR PRODUCTION NO. 3:**

6      Documents sufficient to identify (a) each member, managing member,

7  holder of any ownership interest in, shareholder, officer and director of IGWT 826

8  investments, LLC and (b) the dates of such person's affiliation with IGWT 826

9  Investments, LLC.

10  **OMNI 826'S RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

11      Third Party incorporates by reference its General Objections as though

12  fully set forth herein.  Third Party further objects that this request calls for the

13  production of documents that are not relevant to any claim or defense in the pending

14  litigation or reasonably calculated to lead to the discovery of admissible evidence.

15  Third Party further objects to this request to the extent that it seeks documents that

16  contain trade secrets, confidential, commercially sensitive and/or other proprietary

17  or competitive information that is subject to Third Party's constitutional, statutory or

18  common law right of privacy or protection.  Third Party further objects to this

19  request to the extent it calls for the disclosure of proprietary or competitively

20  sensitive information belonging to third parties whose interests IGWT has a duty to

21  protect, absent consent from third parties.  Third Party further objects to this request

22  on the grounds that it is overbroad as to subject matter and time.  Third Party further

23  objects to this request on the grounds that it is vague, ambiguous, and unintelligible.

24  Third Party further objects to this request to the extent that it calls for the production

25  of documents subject to the attorney-client, work product, legal-professional or

26  other privilege(s).  Third Party further objects to this request on the grounds that it

27  does not specifically describe or reasonably particularize the documents to be

28  produced.

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

**MGA PARTIES' RESPONSE TO REQUEST NO. 3:**

The MGA Parties incorporate by reference their General Objections as though fully set forth herein. The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to any person's constitutional, statutory or common law right of privacy or protection. The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 3:**

See Mattel's Reason to Compel Production for Request No. 1, above.

**REQUEST FOR PRODUCTION NO. 4:**

All documents referring or relating to all contributions, loans and any sources of funding for IGWT 826 Investments, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

**OMNI 826'S RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of

1  documents that are not relevant to any claim or defense in the pending litigation or

2  reasonably calculated to lead to the discovery of admissible evidence.

3          Third Party further objects to this request to the extent that this request

4  seeks information that is protected from disclosure under the attorney-client

5  privilege, the work product doctrine and/or the joint interest privilege.  Third Party

6  further objects to this request to the extent it seeks documents protected by the

7  accountant-client privilege, Third Party further objects to the request to the extent

8  that it seeks documents protected from disclosure by applicable federal and state tax

9  return privileges.  Third Party further objects to this request to the extent that it

10  seeks documents that contain trade secrets, confidential, commercially sensitive

11  and/or other proprietary or competitive information that is subject to Third Party's

12  constitutional, statutory or common law right of privacy or protection.  Third Party

13  further objects to this request to the extent it calls for the disclosure of proprietary or

14  competitively sensitive information belonging to third parties whose interests IGWT

15  has a duty to protect, absent consent from third parties.  Third Party further objects

16  to this request on the grounds that it is vague, ambiguous, and unintelligible.  Third

17  Party further objects to this request on the grounds that it does not specifically

18  describe or reasonably particularize the documents to be produced.  Third Party

19  further objects to this request on the grounds that it is overbroad as to subject matter

20  and time; in particular, Third Party objects that the phrases "all documents" and

21  "referring or relating to" are not tied in any way to any claim, defense or other issues

22  involved in Phase 2 of this litigation.

23  **MGA PARTIES' RESPONSE TO REQUEST NO. 4:**

24          The MGA Parties incorporate by reference their General Objections as

25  though fully set forth herein.  The MGA Parties further object that the Discovery

26  Master already has ruled on similarly phrased requests to third parties, including in

27  an Order dated May 7, 2008, concluding that requests using phrases like "all

28  documents" and "referring to or relating to" are overly broad, vague, unduly

burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

The MGA Parties further object to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to any person's constitutional, statutory or common law right of privacy or protection.  The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all documents" and "referring or relating to" are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 4:**

<u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

**REQUEST FOR PRODUCTION NO. 5:**

All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by IGWT 826 Investments, LLC to Isaac Larian, his family members, or affiliates, or any other related party.

**OMNI 826'S RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Third Party incorporates by reference its General Objections as though fully set forth herein.  Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in

1    an Order dated May 7,2008, concluding that requests using phrases like "all

2    documents," and "referring to or relating to" are overly broad, vague, unduly

3    burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

4    Court Orders.  Third Party further objects that this request calls for the production of

5    documents that are not relevant to any claim or defense in the pending litigation or

6    reasonably calculated to lead to the discovery of admissible evidence.

7            Third Party further objects to this request to the extent that this request

8    seeks information that is protected from disclosure under the attorney-client

9    privilege, the work product doctrine and/or the joint interest privilege.  Third Party

10   further objects to this request to the extent it seeks documents protected by the

11   accountant-client privilege.  Third Party further objects to the request to the extent

12   that it seeks document protected from disclosure by applicable federal and state tax

13   return privileges.  Third Party further objects to this request to the extent that it

14   seeks documents that contain trade secrets, confidential, commercially sensitive

15   and/or other proprietary or competitive information that is subject to Third Party's

16   constitutional, statutory or common law right of privacy or protection.  Third Party

17   further objects to this request to the extent it calls for the disclosure of proprietary or

18   competitively sensitive information belonging to third parties whose interests IGWT

19   has a duty to protect, absent consent from third parties.  Third Party further objects

20   to this request on the grounds that it is vague, ambiguous, and unintelligible.  Third

21   Party further objects to this request on the grounds that it does not specifically

22   describe or reasonably particularize the documents to be produced.  Third Party

23   further objects to this request on the grounds that it is overbroad as to subject matter

24   and time; in particular, Third Party objects that the phrases "all documents,"

25   "referring or relating to," and "related party" are unbounded by any date limitation

26   and are not tied in any way to any claim, defense or other issues involved in Phase 2

27   of this litigation.

28

**MGA PARTIES' RESPONSE TO REQUEST NO. 5:**

The MGA Parties incorporate by reference their General Objections as though fully set forth herein.  The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents" and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

The MGA Parties further object to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to any person's constitutional, statutory or common law right of privacy or protection.  The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all documents," "referring or relating to," and "related party" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 5:**

See Mattel's Reason to Compel Production for Request No. 1, above.

**REQUEST FOR PRODUCTION NO. 6:**

1   Any and all records that substantiate transfers of assets by IGWT 826
2   Investments, LLC to other entities, individuals, and/or parties, within the U.S. and
3   outside of the U.S.

4   **OMNI 826'S RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

5   Third Party incorporates by reference its General Objections as though
6   fully set forth herein.  Third Party further objects that the Discovery Master already
7   has ruled on similarly phrased requests to third parties, including in an Order dated
8   May 7, 2008, concluding that requests using phrases like "any and all records" are
9   overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's
10  Subpoena violates these prior Court Orders.  Third Party further objects that this
11  request calls for the production of documents that are not relevant to any claim or
12  defense in the pending litigation or reasonably calculated to lead to the discovery of
13  admissible evidence.

14  Third Party further objects to this request to the extent that this request
15  seeks information that is protected from disclosure under the attorney-client
16  privilege, the work product doctrine and/or the joint interest privilege.  Third Party
17  further objects to this request to the extent it seeks documents protected by the
18  accountant-client privilege.  Third Party further objects to this request to the extent
19  that it seeks documents that contain trade secrets, confidential, commercially
20  sensitive and/or other proprietary or competitive information that is subject to Third
21  Party's constitutional, statutory or common law right of privacy or protection.  Third
22  Party further objects to this request to the extent it calls for the disclosure of
23  proprietary or competitively sensitive information belonging to third parties whose
24  interests IGWT has a duty to protect, absent consent from third parties.  Third Party
25  further objects to this request on the grounds that it is vague, ambiguous, and
26  unintelligible.  Third Party further objects to this request on the grounds that it does
27  not specifically describe or reasonably particularize the documents to be produced.
28  Third Party further objects to this request on the grounds that it is overbroad as to

-26-

Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  subject matter and time; in particular, the Third Party objects that the phrases "any

2  and all records" and "transfers of assets" are unbounded by any date limitation and

3  are not tied in any way to any claim, defense or other issues involved in Phase 2 of

4  this litigation.

5  **MGA PARTIES' RESPONSE TO REQUEST NO. 6:**

6          The MGA Parties incorporate by reference their General Objections as

7  though fully set forth herein.  The MGA Parties further object that the Discovery

8  Master already has ruled on similarly phrased requests to third parties, including in

9  an Order dated May 7, 2008, concluding that requests using phrases like "any and

10  all records" are overly broad, vague, unduly burdensome, and seek irrelevant

11  information.  Mattel's Subpoena violates these prior Court Orders.  The MGA

12  Parties further object that this request calls for the production of documents that are

13  not relevant to any claim or defense in the pending litigation or reasonably

14  calculated to lead to the discovery of admissible evidence.  The Request appears

15  designed to circumvent the Court's January 7 Order appointing a forensic auditor

16  and requiring Mattel to pay the auditor's costs in the first instance.

17          The MGA Parties further object to this request to the extent that this

18  request seeks information that is protected from disclosure under the attorney-client

19  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

20  Parties further object to this request to the extent that it seeks documents that contain

21  trade secrets, confidential, commercially sensitive and/or other proprietary or

22  competitive information that is subject to any person's constitutional, statutory or

23  common law right of privacy or protection.  The MGA Parties further object to this

24  request on the grounds that it is overbroad as to subject matter and time; in

25  particular, the MGA Parties object that the phrases "any and all records" and

26  "transfers of assets" are unbounded by any date limitation and are not tied in any

27  way to any claim, defense or other issues involved in Phase 2 of this litigation.

28  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 6:**

1      <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

2  **REQUEST FOR PRODUCTION NO. 7:**

3      All communications referring or relating to Vision Capital, LLC,

4  Lexington Financial, LLC, Mattel, MGA, Isaac Larian and/or Bratz.

5  **OMNI 826'S RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6      Third Party incorporates by reference its General Objections as though

7  fully set forth herein.  Third Party further objects on the grounds that the Discovery

8  Master already has ruled on similarly phrased requests to third parties, including in

9  an Order dated May 7, 2008, concluding that requests using phrases like "all

10  communications," and "referring to or relating to" are overly broad, vague, unduly

11  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

12  Court Orders.  Third Party further objects that this request calls for the production of

13  documents that are not relevant to any claim or defense in the pending litigation or

14  reasonably calculated to lead to the discovery of admissible evidence.

15      Third Party further objects to this request to the extent that this request

16  seeks information that is protected from disclosure under the attorney-client

17  privilege, the work product doctrine and/or the joint interest privilege.  Third Party

18  further objects to this request to the extent it seeks documents protected by the

19  accountant-client privilege.  Third Party further objects to the request to the extent

20  that it seeks documents protected from disclosure by applicable federal and state tax

21  return privileges.  Third Party further objects to this request to the extent that it

22  seeks documents that contain trade secrets, confidential, commercially sensitive

23  and/or other proprietary or competitive information that is subject to Third Party's

24  constitutional, statutory or common law right of privacy or protection.  Third Party

25  further objects to this request to the extent it calls for the disclosure of proprietary or

26  competitively sensitive information belonging to third parties whose interests IGWT

27  has a duty to protect, absent consent from third parties.  Third Party further objects

28  to this request on the grounds that it is vague, ambiguous, and unintelligible.  Third

1  Party further objects to this request on the grounds that it does not specifically

2  describe or reasonably particularize the documents to be produced.  Third Party

3  further objects to this request on the grounds that it is overbroad as to subject matter

4  and time; in particular, Third Party objects that the phrases "all communications"

5  and "referring or relating to" are unbounded by any date limitation and are not tied

6  in any way to any claim, defense or other issues involved in Phase 2 of this

7  litigation.

8  **MGA PARTIES' RESPONSE TO REQUEST NO. 7:**

9        The MGA Parties incorporate by reference their General Objections as

10 though fully set forth herein.  The MGA Parties further object that the Discovery

11 Master already has ruled on similarly phrased requests to third parties, including in

12 an Order dated May 7, 2008, concluding that requests using phrases like "all

13 communications," and "referring to or relating to" are overly broad, vague, unduly

14 burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

15 Court Orders.  The MGA Parties further object that this request calls for the

16 production of documents that are not relevant to any claim or defense in the pending

17 litigation or reasonably calculated to lead to the discovery of admissible evidence.

18 The Request appears designed to circumvent the Court's January 7 Order appointing

19 a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

20        The MGA Parties further object to this request to the extent that this

21 request seeks information that is protected from disclosure under the attorney-client

22 privilege, the work product doctrine and/or the joint interest privilege.  The MGA

23 Parties further object to this request to the extent that it seeks documents that contain

24 trade secrets, confidential, commercially sensitive and/or other proprietary or

25 competitive information that is subject to the MGA Parties' or any other person's

26 constitutional, statutory or common law right of privacy or protection.  The MGA

27 Parties further object to this request on the grounds that it is overbroad as to subject

28 matter and time; in particular, the MGA Parties object that the phrases "all

00505.07975/2778033.1

-29-

Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  communications" and "referring or relating to" are unbounded by any date limitation

2  and are not tied in any way to any claim, defense or other issues involved in Phase 2

3  of this litigation.

4  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 7:**

5      See Mattel's Reason to Compel Production for Request No. 1, above.

6  II.   **THE COURT SHOULD COMPEL IGWT GROUP, LLC TO**

7        **PRODUCE RESPONSIVE DOCUMENTS**

8  **REQUEST FOR PRODUCTION NO. 1:**

9      All documents referring to agreements, contracts, transactions, sales,

10  shipments or the direct or indirect transfer of any item of value between MGA

11  Entertainment, Inc., its affiliates, Isaac Larian or his family members and IGWT

12  Group, LLC, including without limitation the agreement dated July 7, 2008.

13  **IGWT GROUP'S RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

14      Third Party incorporates by reference its General Objections as though fully

15  set forth herein.  Third Party further objects on the grounds that the Discovery

16  Master already has ruled on similarly phrased requests to third parties, including in

17  an Order dated May 7, 2008, concluding that requests using phrases like "all

18  documents," and "referring to or relating to" are overly broad, vague, unduly

19  burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior

20  Court Orders.  Third Party further objects that this request calls for the production of

21  documents that are not relevant to any claim or defense in the pending litigation or

22  reasonably calculated to lead to the discovery of admissible evidence.

23      Third Party further objects to this request to the extent that this request seeks

24  information that is protected from disclosure under the attorney-client privilege, the

25  work product doctrine and/or the joint interest privilege.  Third Party further objects

26  to this request to the extent it seeks documents protected by the accountant-client

27  privilege.  Third Party further objects to the request to the extent that it seeks

28  documents protected from disclosure by applicable federal and state tax return

00505.07975/2778033.1

-30-

Case No. CV 04-9049 SGL (RNBx)

1  privileges.  Third Party further objects to this request to the extent that it seeks

2  documents that contain trade secrets, confidential, commercially sensitive and/or

3  other proprietary or competitive information that is subject to Third Party's

4  constitutional, statutory or common law right of privacy or protection.  Third Party

5  further objects to this request on the grounds that it calls for the disclosure of

6  proprietary or competitively sensitive information belonging to third parties whose

7  interests IGWT has a duty to protect, absent consent from third parties.  Third Party

8  further objects to this request on the grounds that it does not specifically describe or

9  reasonably particularize the documents to be produced.  Third Party further objects

10 to this request as being overly broad, burdensome and harassing to a non-party to

11 the extent that it seeks to force a third party to produce documents or information

12 available from parties to the litigation. Third Party further objects to this request on

13 the grounds that it is overbroad as to subject matter and time; in particular, Third

14 Party objects that the phrases "all documents" and "referring or relating to" are

15 unbounded by any date limitation and are not tied in any way to any claim, defense

16 or other issues involved in Phase 2 of this litigation.

17 **MGA PARTIES' RESPONSE TO REQUEST NO. 1:**

18       The MGA Parties incorporate by reference their General Objections as

19 though fully set forth herein.  The MGA Parties further object that the Discovery

20 Master already has ruled on similarly phrased requests to third parties, including in

21 an Order dated May 7, 2008, concluding that requests using phrases like "all

22 documents" and "referring to or relating to" are overly broad, vague, unduly

23 burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

24 Court Orders.  The MGA Parties further object that this request calls for the

25 production of documents that are not relevant to any claim or defense in the pending

26 litigation or reasonably calculated to lead to the discovery of admissible evidence.

27 The Request appears designed to circumvent the Court's January 7 Order appointing

28 a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

00505.07975/2778033.1                                         -31-                    Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1    The MGA Parties further object to this request to the extent that this request

2  seeks information that is protected from disclosure under the attorney-client

3  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

4  Parties further object to this request to the extent that it seeks documents that contain

5  trade secrets, confidential, commercially sensitive and/or other proprietary or

6  competitive information that is subject to the MGA Parties' or any other person's

7  constitutional, statutory or common law right of privacy or protection.  The MGA

8  Parties further object to this request as being overly broad, burdensome and

9  harassing to a non-party to the extent that it seeks to force a third party to produce

10  documents or information available from parties to the litigation.  The MGA Parties

11  further object to this request on the grounds that it is overbroad as to subject matter

12  and time; in particular, the MGA Parties object that the phrases "all documents" and

13  "referring or relating to" are unbounded by any date limitation and are not tied in

14  any way to any claim, defense or other issues involved in Phase 2 of this litigation.

15  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 1:**

16        A.    **Mattel's Subpoenas Seek Documents That Are Unquestionably**

17              **Relevant**

18        Federal Rule of Civil Procedure 45 obligates third parties to produce

19  documents responsive to a subpoena that a party serves on them.  Fed. R. Civ. P.

20  45(b), (d).  If the documents are relevant and there is good cause for their

21  production, the subpoena is enforced unless the documents are privileged or the

22  subpoena is unreasonable, oppressive, annoying, or embarrassing.  U.S. v. American

23  Optical Co., 39 F.R.D. 580, 583 (N.D. Cal. 1966); accord Heat and Control, Inc. v.

24  Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) ("the factors required to be

25  balanced by the trial court in determining the propriety of a subpoena are the

26  relevance of the discovery sought, the requesting party's need, and the potential

27  hardship to the party subject to the subpoena.").

28

1.     The Documents Sought Are Relevant to Mattel's RICO Claims

Mattel's requests are directly relevant to its RICO claims.   In its counterclaims, Mattel alleges that the counter-defendants have operated a widespread criminal enterprise that has engaged in numerous acts of mail and wire fraud and other predicate acts in violation of the RICO statute.[15]   MGA's mid-trial transactions with Omni 808 and the other non-operating entities, which bear the classic hallmarks of an effort to fraudulently transfer assets to its controlling shareholders, are just a continuation of that pattern of racketeering activity in which MGA and Larian have long been engaged.   See, e.g., Asdourian v. Konstantin, 77 F. Supp. 2d 349, 355, 359 (E.D.N.Y. 1999) (allegations that defendant "siphoned away" corporation's assets through "systematic looting" accomplished through fraudulent mortgages constitute predicate acts for RICO).   At a minimum, then, the requests are likely calculated to lead to evidence of acts of wire and mail fraud.[16]   As such, they are unquestionably relevant, because a plaintiff alleging RICO violations should be permitted discovery into each instance of a predicate act, even where further discovery is "unnecessary" to establish the category of predicate act.   See Eastman Kodak Co. v. Camarata, 238 F.R.D. 372, 376 (W.D.N.Y. 2006).[17]

The discovery sought by the subpoenas may also reveal additional, distinct predicate acts in support of Mattel's RICO allegations.   Mattel's requests seek to unravel the true nature of these "financing" transactions, which involve various shell and off-shore companies and appear to be deliberately structured to

---

[15]   Mattel's Second Am. Complaint and Counter-Claims, dated July 12, 2007, at ¶¶ 88-105, Corey Dec., Exh. 19.

[16]   See id. at ¶ 93(a) & (b).

[17]   Moreover, even the terms of the loans are themselves relevant.   MGA has paid hundreds of millions of dollars to Larian and his family or associates throughout this litigation.   See Corey Dec., ¶ 92 and reference exhibits therein.   That is directly relevant to Larian's personal liability for RICO violations and evidence of his association with and control over the enterprise.

-33-     Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

conceal the ultimate source of funding.  It may be intended to "conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds" derived from defendants' unlawful activity—here, among other things, their infringement of Mattel's intellectual property.  18 U.S.C. § 1956.  Whatever the reason, MGA's recent "financing" raises a host of potential predicate RICO violations, regarding which Mattel is entitled to discovery.  See, e.g., 18 U.S.C. § 1957 (use of unlawful funds), 18 U.S.C. § 2314 (transportation of converted funds). Likewise, the sales by the IGWT entities of infringing Bratz product may constitute predicate acts of criminal copyright infringement by MGA -- predicate acts that Mattel has alleged against MGA in Phase 2.[18]  Thus, the discovery sought is plainly proper.

### 2. The Documents Sought Are Also Relevant to Mattel's Disgorgement Claim

One remedy Mattel seeks is disgorgement of all amounts wrongfully obtained.  Mattel may also be entitled to damages for lost profits pursuant to its disgorgement theory of damages.  The disgorgement remedy also provides for the imposition of constructive trusts to recover the ill-gotten gains of MGA and Isaac Larian that have been transferred to other parties.  For purposes of establishing disgorgement, Mattel must take into account money transferred from MGA and Isaac Larian, regardless of the manner in which it was transferred.  Mattel is entitled to discovery that shows all assets siphoned from MGA or Isaac Larian for which there was no compensation during the period of the alleged wrongful conduct.

It is undisputed that disgorgement is an available remedy for Mattel's claims against MGA and Larian, including Mattel's claim for trade secret misappropriation.  See 4 Callmann, Unfair Competition and Monopolies § 14.45

---

[18]  SAAC, ¶ 93.

00505.07975/2778033.1

-34-

Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1   (4th ed.) and <u>Clark v. Bunker</u>, 453 F.2d 1006, 1011 (9th Cir. 1972).  The scope of

2   the disgorgement remedy is set forth in two recent California Supreme Court

3   decisions.  <u>See</u> <u>Kraus v. Trinity Management Servs., Inc.</u>, 23 Cal. 4th 116 (2000);

4   <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134 (2003).  The court

5   indicated that:

6       "disgorgement" is a broader remedy than restitution. . . .  [A]n order for

7       disgorgement "may compel a defendant to surrender *all* money

8       obtained through an unfair business practice even though not all is to be

9       restored to the persons from whom it was obtained or those claiming

10      under those persons.  It has also been used to refer to surrender of *all*

11      profits earned as a result of an unfair business practice regardless of

12      whether those profits represent money taken directly from persons who

13      were victims of the unfair practice."

14  <u>Korea Supply</u>, 29 Cal. 4th at 1145 (quoting <u>Kraus</u>, 23 Cal. 4th at 127)

15  (emphasis added).  Moreover, an important part of disgorgement is the imposition of

16  a constructive trust to recover ill-gotten gains that have been transferred to others by

17  the defendant.  A constructive trust is intended to prevent unjust enrichment, with

18  equity compelling the restoration to another of property to which the holder thereof

19  is not justly entitled.  <u>Taylor v. Polackwich</u>, 145 Cal. App. 3d 1014, 1022 (1983);

20  <u>Cal. Civ. Code</u> §§ 2223, 2224.  <u>See also</u> <u>Weiss v. Marchus</u>, 51 Cal. App. 3d 590,

21  600 (1975) (constructive trust may be imposed in case of fraud, mishandling, or

22  almost any case of wrongful acquisition or detention of property to which another is

23  entitled).  When personal property is in dispute, the legislature has allowed plaintiffs

24  to invoke the remedy of constructive trust.  <u>Cal Civ. Code</u> §§ 2223, 2224.  To create

25  a constructive or involuntary trust only three conditions are necessary: existence of a

26  res, <u>i.e.</u> property or some interest in property, plaintiff's right to that res and

27  defendant's gain of the res by fraud, accident, mistake, undue influence, violation of

28  the trust or other wrongful act.  <u>Kraus v. Willow Park Public Golf Course</u>, 73 Cal.

App. 3d 354 (1977); see Cramer v. Biddison, 65 Cal. Rptr. 624, 257 Cal. App. 2d 720 (1968).   See Burlesci v. Petersen, 68 Cal. App. 4th 1062, 1067 (1998) (constructive trust); Farmers Ins. Exchange v. Zerin, 53 Cal. App. 4th 445, 454-55 (1997) (equitable lien is proper if unjust enrichment and detrimental reliance are implicated)

By these subpoenas, Mattel seeks evidence to prove the amount the defendants must disgorge.  Money that properly belonged to Mattel was transferred from MGA or Isaac Larian to an entity controlled by them.  Mattel should be able to understand how that money was used because MGA and Isaac Larian have no right to whatever additional gains realized with Mattel's money.  Rather, the right to those additional gains vests solely in Mattel.

### 3.   The Documents Sought Are Relevant to Phase 2 Damages

The requests also seek documents relevant to the MGA parties' financial condition, which is relevant to Mattel's Phase 2 damages claims.   A defendant's net worth, financial condition, and ability to pay any award are all factors relevant to an award of punitive damages.   See, e.g., Hilao v. Estate of Marcos, 103 F.3d 767, 781-82 & n. 7 (9th Cir. 1996) (financial condition a relevant factor in awarding punitive damages); Southern California Housing Rights Center v. Krug, 2006 WL 4122148, *4 (C.D. Cal. 2006) ("When a punitive damages claim has been asserted, a majority of federal courts permit pretrial discovery of financial information about defendants without requiring the plaintiff to establish a prima facie case on the issue of punitive damages."); Robert L. Cloud & Associates v. Mikesell, 69 Cal. App. 4th 1141,148-1152 (1999) (defendant's "ability to pay damages award" and "financial condition" were relevant to determining award of punitive damages for misappropriation of trade secrets).

Judge Larson and the former Discovery Master have ruled that Mattel is entitled to evidence related to MGA's net worth.  For example, Mattel moved to compel MGA to produce a Rule 30(b)(6) witness on issues related to MGA's net

worth after MGA claimed such evidence was irrelevant and should be left to expert testimony.  The Discovery Master agreed with Mattel and ordered the deposition to proceed on the issue of net worth, among others.  MGA objected and appealed to Judge Larson, who affirmed the Discovery Master and held "[t]hat net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6)."[19]

Omni 808 and Vision Capital are directly involved in providing funding to MGA in exchange for a security interest.  Such funding, and security interests, are in and of themselves directly relevant to the financial condition of the MGA Parties, including the amount of the security interests, the terms and conditions of the funding, and the rate of the funding.  The true identity of the persons and entities providing the funding and obtaining a security interest in MGA are likewise relevant to that issue.  Moreover, given the level of financing, the parties must have engaged in evaluations of the past, present, and future value of the MGA parties.  It is just such documents that the third-party subpoenas at issue seek.

Finally, as noted above, MGA is using IGWT to sell Bratz products and conduct Bratz business.  Obviously, this kind of evasion is directly relevant to the claims at issue, as well as to the net worth and financial condition of the MGA Parties.  Mattel is entitled to the information sought by the subpoenas for these additional reasons.

4.    The Documents Sought Are Relevant to the MGA Parties' Credibility

Information is also relevant and discoverable if it relates to "the credibility of any witness." Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997).  As set forth in Section II of Mattel's

---

[19]    July 2, 2007 Order, at 5, Corey Dec., Exh. 12.

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1   Motion to Compel Production of Documents Responsive to Third Party Subpoenas,

2   filed concurrently herewith, MGA and Larian made statements under oath about

3   their financial condition as well as about the role of Omni 808 and the other non-

4   operating entities in providing MGA with additional funding.[20]  Mattel is therefore

5   entitled to discovery to determine the true state of these matters -- information

6   which is directly relevant to MGA's and Larian's credibility.

7                  5.      The Documents Sought are Relevant to the MGA Parties'

8                       Unclean Hands Defense

9         The subpoenas also seek documents relevant to the MGA Parties'

10   defense of unclean hands.  In their answers to Mattel's cross-claims, MGA and

11   Larian asserted that "Mattel's counterclaims are barred in whole or in part by

12   Mattel's unclean hands."[21]  The alleged basis for their unclean hands defense is wide

13   ranging, touching on every aspect of Phases 1 and 2 of this case, including the

14   alleged infringement of MGA's trade dress and Bratz products as well as allegedly

15   interfering with MGA's efforts to hire Mattel employees.[22]

16         Mattel is entitled to respond to these allegations by demonstrating that

17   the MGA Parties are precluded from invoking the unclean hands defense because

18   they have not themselves acted with clean hands.  The invocation of "unclean

19   hands" is an equitable defense.  GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199,

20   1209-10 (9th Cir. 2000) (discussing "equitable defense" of "unclean hands"); In re

21   McKesson HBOC, Inc. Erisa Litigation, 391 F.Supp.2d 812, 842 (N.D. Cal. 2005)

22

---

23        [20]  Compare Declaration of Brian Wing in support of the MGA Parties' Request for a Stay, dated December 11, 2008, at ¶ 13, Corey Dec., Exh. 36 with MGA Parties'

24   Corrections to the Opposition to Mattel's Ex Parte Application for Appointment of a Receiver, dated December 31, 2008, at 1, Corey Dec., Exh. 38.

25        [21]  MGA's Amended Answer and Affirmative Defenses, dated September 19, 2007, at

26   20-21, Corey Dec., Exh. 103; Isaac Larian's Amended Answer and Affirmative Defenses,

27   dated November 8, 2007, at 16-18, Corey Dec., Exh. 104.
     [22]  Id.

28

("[U]nclean hands is an equitable defense.").  A party asserting an equitable defense, however, must itself have "clean hands."  Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 385 (9th Cir. 1997) (("A cardinal maxim of equity jurisprudence is that he who comes into equity must come with clean hands.") (quoting Banks v. Rockwell Intern. North American Aircraft Operations, 855 F.2d 324, 327 (6th Cir. 1988)); Granberry v. Islay Investments, 9 Cal. 4th 738, 743-744, 750 (1995) (equitable defense may be "barred by any of the generally applicable equitable affirmative defenses, including . . . unclean hands"); Blain v. Doctor's Co., 222 Cal. App. 3d 1048, 1059 (1990) ("He who comes into Equity must come with clean hands.").  As discussed above, MGA may be engaging in sham and financial fraudulent transactions such as concealing profits and sales of Bratz and other products "off the books" through newly created single purpose companies.  If true, MGA and Larian would be acting with unclean hands and thus precluded from invoking the unclean hands defense themselves.

> 6.    The Documents Sought Are Relevant to Mattel's Unfair Competition Claim

The subpoenas seek documents related to Mattel's claim for unfair competition.  The MGA Parties' actions in manipulating the sources of funding and apparently using single-purpose companies to unload Bratz products for pennies on the dollar and resell them may be anti-competitive actions that are encompassed by California's unfair competition laws.   Under Business and Professions Code § 17200, "unfair competition" includes "any unlawful, unfair or fraudulent business act or practice...."  Section 17200's scope is "sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." Rubin v. Green, 4 Cal. 4th 1187, 1200 (1993) (internal quotation marks and citation omitted).  It encompasses "anti-competitive business practices as well as injuries to consumers, and has as a major purpose the preservation of fair business competition." Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone

Co., 20 Cal. 4th 163, 180 (1999).   Accordingly, the documents sought are reasonably calculated to lead to the discovery of admissible evidence relating to Mattel's unfair competition claim.

      B.   **The Remaining Objections Are Boilerplate And Should Be Overruled**

           1.   The Boilerplate Objections Are Improper

The third parties assert a host of boilerplate general objections, which they repeat in their specific objections.   Through these objections, they generally assert that Mattel's document requests (including Mattel's definitions) are irrelevant, overbroad, ambiguous, harassing, cumulative, and unduly burdensome.   Such objections are the hallmark of boilerplate objections that are improper under the Federal Rules of Civil Procedure.   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (overruling defendant's boilerplate objections as improper and ordering production of documents).   See Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (holding that court did not have discretion to limit discovery on basis of boilerplate objections).

           2.   That Documents May be Available from Other Parties Does Not Excuse Compliance

MGA and the third-parties suggest that they are excused from compliance with the third-party subpoenas because some of the documents purportedly may be available from MGA or other sources.   However, because documents may be available from other sources is not grounds to refuse production. "[A] person may not avoid a subpoena by saying that the evidence sought from him is obtainable from another." Covey Oil Co. v. Continental Oil Co., 340 F.2d 993, 998 (10th Cir. 1965) (overruled on other grounds); State Farm Mut. Auto. Ins. Co. v. Accurate Medical, P.C., 2007 WL 2993840, at *1 (E.D.N.Y. 2007) (compelling production of documents third-party claimed were in possession of party to litigation); In re Bergeson, 112 F.R.D. 692, 695 (D. Mont. 1986) (conclusory

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  assertions that documents sought are available from others more economically "does
2  not constitute a showing of unreasonableness or oppressiveness.").   Moreover, no
3  party has demonstrated that all of the documents requested are available from
4  another party.  Nor does this seem likely.  As held by the State Farm court, "nothing
5  in the Federal Rules of Civil Procedure requires a litigant to rely solely on discovery
6  obtained from an adversary instead of utilizing subpoenas."  Id. at *1.

7        Furthermore, Mattel should not be forced to rely solely on MGA in
8  obtaining discovery related to their financial condition or illegal activities.  As the
9  jury unanimously found at trial, MGA fraudulently concealed its illegal activities in
10  this case.  It engaged in a pattern of misrepresentations about its financial condition,
11  including concealing valuations, providing valuations within months of each other
12  that fluctuated by hundreds of millions of dollars, and claiming near insolvency
13  when it suited its legal arguments and then denying it when their needs shifted.
14  There also is evidence, described above, of concealment, spoliation and alteration of
15  documents by MGA, Isaac Larian and other MGA executives and MGA-affiliated
16  parties.  The truth-finding function in this case is not served by entrusting MGA
17  itself to produce evidence, including evidence of its own wrongdoing.  As MGA's
18  pattern of misconduct amply shows, quite the opposite is the case here.

19        3.    The Objection Based Upon the Accountant-Client Privilege Is
20              Unfounded

21        MGA and the IGWT parties' objection that the requests seek documents
22  protected from disclosure by the accountant-client privilege is without basis.  The
23  United States Supreme Court has recognized that there is "no confidential
24  accountant-client privilege [that] exists under federal law, and no state created
25  privilege has been recognized in federal cases."  Couch v. United States, 409 U.S.
26  322, 335 (1972) (collecting cases).    Therefore, the objection is frivolous.
27  Nevertheless, even if there was such a privilege, IGWT offers no foundation for its
28  application to the documents requested.  IGWT does not contend that it provides

-41-                Case No. CV 04-9049 SGL (RNBx)

1  accounting services, much less that it has acted as an accounting firm or agency in

2  relation to MGA (or Larian).

3                  4.     <u>Mattel's Requests Do Not Impose an Undue Burden</u>

4          The third parties object that the requests are unduly burdensome and

5  that the burden and expense outweighs the documents relevance.  These subpoenaed

6  parties bear the burden of proving undue burden by "specific and compelling" proof;

7  conclusory assertions are insufficient.  <u>Goodman v. U.S.</u>, 369 F.2d 166, 169 (9th

8  Cir. 1966) ("The party must provide specific and compelling proof that the burden is

9  undue."); <u>see</u> <u>JZ Buckingham Investments, LLC v. United States</u>, 78 Fed. Cl. 15, 25

10  (Fed. Cl. Ct. 2007) (denying motion to quash); <u>Northrop Corp. v. McDonnell</u>

11  <u>Douglas Corp.</u>, 751 F.2d 395, 403 (D.C. Cir. 1984) (reversing district court's

12  decision quashing subpoena).  Here, third parties have not demonstrated the time,

13  cost, or burden involved in responding to Mattel's subpoenas is undue.  Nor could

14  they.  Virtually all of the third parties here are single purpose entities that have

15  existed only a few months.  It is dubious at best that they should have such

16  voluminous records, let alone voluminous records of the type requested by Mattel in

17  the subpoenas, that any burden could be considered undue.

18          The MGA Parties' complaints about alleged burden are wholly

19  irrelevant -- it lacks any standing to even make such an argument -- and simply

20  serve to underscore that MGA seeks to obstruct.  "The burden of showing that a

21  subpoena is unreasonable and oppressive is upon the party to whom it is directed."

22  <u>Goodman v. U.S.</u>, 369 F.2d 166, 169 (9th Cir. 1966) (emphasis added).

23                  5.     <u>Mattel's Requests Do Not Violate the Discovery Master's May 7,</u>

24                       <u>2008 Order</u>

25          MGA and the IGWT Parties object, claiming that the subpoenas violate

26  Judge Infante's May 7, 2008 Order in which he allegedly found that "similarly

27  phrased requests to third parties" were overly burdensome and improper.  This

28  objection should be overruled.  First, the subpoenas at issue in the May 7, 2008

-42-

1   Order sought different information and went to different issues than the present

2   requests.  Second, Judge Infante was clear that "[n]othing in this Order is intended

3   to authorize or preclude Mattel from seeking documents from the non-parties

4   identified herein as part of Phase 2 discovery, if appropriate."[23]  So, the objection is

5   without merit.

6           6.      Concerns Over Confidentiality Are Alleviated by the Protective

7                   Order

8           The third parties object on the grounds that Mattel seeks documents

9   containing trade secrets, confidential information or otherwise protected by a right

10  of privacy.  Because the Court has entered a Protective Order in this action, which

11  Mattel has provided to the subpoenaed parties,[24] the subpoenaed party's concerns

12  about confidentiality do not justify withholding documents from production.  See,

13  e.g., Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007)

14  (finding that a protective order "can strike the appropriate balance between the need

15  for the information and the privacy concerns" of the party opposing production's

16  employees); Keith H. v. Long Beach Unified School District, 228 F.R.D. 652, 658

17  (C.D. Cal. 2005) (compelling production of student records because of slight

18  redactions and "a protective order to minimize any invasion of the students' privacy

19  rights"); In re Heritage Bond Litigation, 2004 WL 1970058 at *5, n.12 (C.D. Cal.

20  2004) ("Any privacy concerns . . . defendants have in their bank records and related

21  financial statements are adequately protected by the protective order, and are not

22  sufficient to prevent production in this matter"); A. Farber and Partners, Inc., 234

23  F.R.D. at 191-92 ("P]laintiff's need for defendant Garber's financial documents

24  outweighs defendant Garber's claim of privacy, especially when the 'impact' of the

25

26  _____

27  [23]   May 7, 2008 Order at 13, Corey Dec., Exh. 75.
    [24]   Corey Dec., ¶ 3.

28

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  disclosure of the information can be protected by a 'carefully drafted' protective
2  order").

3            Indeed, the former Discovery Master previously and repeatedly ruled
4  that the Protective Order is sufficient to alleviate any privacy concerns.[25]  Although
5  MGA objected to that ruling, the District Court approved the Discovery Master's
6  order, finding that the entry of a protective order justified compelling production of
7  even "sensitive documents" to MGA's "fierce competitor."[26]   Therefore, the
8  confidential, privacy and trade secret objections must be overruled.

9            7.    <u>Mattel's Requests Do Not Violate the Court's January 7, 2009</u>
10                 <u>Order</u>

11           The MGA parties argument that the requests would "circumvent" the
12  Court's January 7, 2009, misconstrues the order and ignores the Court's order --
13  issued just the day before -- reopening Phase 2 discovery without limitation.  In the
14  January 7 Order, the Court found "good cause" to appoint a "forensic auditor" to
15  review MGA's financial records.  The scope of the auditor's review, however, is
16  limited to MGA's financial records and does not extend to third parties.[27]  Moreover,
17  nothing in the Court's order suggests that all discovery related to MGA's finances is
18  foreclosed until completion of the audit.  Indeed, the Court lifted the stay on Phase 2
19  discovery -- without limitation -- on January 6, 2009.[28]

20           8.    <u>The Objection Based Upon the Tax Return Privilege Is</u>
21                 <u>Unfounded</u>

22           The cases cited by the MGA parties make it clear that tax returns are
23  discoverable "if they are relevant and when there is a compelling need for them

24

25     [25]  Order Dated May 15, 2007, at 11, n.4, Corey Dec., Exh. 99.
26     [26]  Order Dated July 2, 2007, at 3, Corey Dec., Exh. 12.
27     [27]  January 7, 2009 Order Appointing Forensic Auditor, Corey Dec., Exh. 105.
28     [28]  January 6, 2009 Order, Corey Dec., Exh. 35.

1  because the information sought is not otherwise available."  See Aliotti v. Senora,

2  217 F.R.D. 496, 498 (N.D. Cal. 2003); see also Premium Service Corp. v. Sperry &

3  Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975).  Here, there are compelling

4  reasons for production of the tax returns, if any, of MGA and Larian, as well as the

5  third-parties involved in these transactions.  As discussed above, MGA and Larian's

6  promises to produce and representations regarding their finances have been

7  untrustworthy and misleading.  Production of tax returns would be particularly

8  relevant to redress the MGA parties' pattern of misrepresentations because they

9  would provide concise statements of a parties' annual income.

10      C.      **Each of the Subpoenaed Parties Must Produce Adequate Privilege**

11              **Logs**

12      To the extent the subpoenaed parties are withholding documents on the basis

13  of privilege, they must provide a timely privilege log.  Fed. R. Civ. P. 45; see

14  Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d

15  1142, 1148-50 (9th Cir. 2005) (affirming district court's holding that party waived

16  privilege objections by failing to provide privilege log within thirty days of serving

17  its responses); In re Imperial Corp. of Am., 174 F.R.D. 475, 477 (S.D. Cal. 1997)

18  (waiver rule for failure to provide privilege log applies to subpoenas to third

19  parties).  Accordingly, the Discovery Master should order the subpoenaed parties to

20  produce privilege logs as required by Rule 45(d)(2).

21  **REQUEST FOR PRODUCTION NO. 2:**

22      All documents referring or relating to the revenue generated by IGWT Group,

23  LLC's sales, licensing, distribution or other transfer of Bratz products and the

24  transfer or disposition of such revenue.

25  **IGWT GROUP'S RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

26      Third Party incorporates by reference its General Objections as though fully

27  set forth herein.  Third Party further objects on the grounds that the Discovery

28  Master already has ruled on similarly phrased requests to third parties, including in

1  an Order dated May 7, 2008, concluding that requests using phrases like "all

2  documents," and "referring to or relating to" are overly broad, vague, unduly

3  burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior

4  Court Orders.  Third Party further objects that this request calls for the production of

5  documents that are not relevant to any claim or defense in the pending litigation or

6  reasonably calculated to lead to the discovery of admissible evidence.

7         Third Party further objects to this request to the extent that this request seeks

8  information that is protected from disclosure under the attorney-client privilege, the

9  work product doctrine and/or the joint interest privilege.  Third Party further objects

10 to this request to the extent it seeks documents protected by the accountant-client

11 privilege.  Third Party further objects to the request to the extent that it seeks

12 documents protected from disclosure by applicable federal and state tax return

13 privileges.  Third Party further objects to this request to the extent that it seeks

14 documents that contain trade secrets, confidential, commercially sensitive and/or

15 other proprietary or competitive information that is subject to Third Party's

16 constitutional, statutory or common law right of privacy or protection.  Third Party

17 further objects to this request on the grounds that it calls for the disclosure of

18 proprietary or competitively sensitive information belonging to third parties whose

19 interests IGWT has a duty to protect, absent consent from third parties.  Third Party

20 further objects to this request on the grounds that it does not specifically describe or

21 reasonably particularize the documents to be produced.  Third Party further objects

22 to this request on the grounds that it is over broad as to subject matter and time; in

23 particular, Third Party objects that the phrases "all documents" and "referring or

24 relating to" are unbounded by any date limitation and are not tied in any way to any

25 claim, defense or other issues involved in Phase 2 of this litigation.

26 **MGA PARTIES' RESPONSE TO REQUEST NO. 2:**

27         The MGA Parties incorporate by reference their General Objections as

28 though fully set forth herein.  The MGA Parties further object that the Discovery

1  Master already has ruled on similarly phrased requests to third parties, including in

2  an Order dated May 7, 2008, concluding that requests using phrases like "all

3  documents," and "referring to or relating to" are overly broad, vague, unduly

4  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

5  Court Orders.  The MGA Parties further object that this request calls for the

6  production of documents that are not relevant to any claim or defense in the pending

7  litigation or reasonably calculated to lead to the discovery of admissible evidence.

8  The Request appears designed to circumvent the Court's January 7 Order appointing

9  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

10      The MGA Parties further object to this request to the extent that this request

11  seeks information that is protected from disclosure under the attorney-client

12  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

13  Parties further object to this request to the extent that it seeks documents that contain

14  trade secrets, confidential, commercially sensitive and/or other proprietary or

15  competitive information that is subject to the any person's constitutional, statutory or

16  common law right of privacy or protection.  The MGA Parties further object to this

17  request on the grounds that it is overbroad as to subject matter and time; in

18  particular, the MGA Parties object that the phrases "all documents" and "referring or

19  relating to" are unbounded by any date limitation and are not tied in any way to any

20  claim, defense or other issues involved in Phase 2 of this litigation.

21  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 2:**

22      See Mattel's Reason to Compel Production for Request No. 1, above.

23  **REQUEST FOR PRODUCTION NO. 3:**

24      Documents sufficient to identify (a) each member, managing member, holder

25  of any ownership interest in, shareholder, officer and director of IGWT Group, LLC

26  and (b) the dates of such person's affiliation with IGWT Group, LLC.

27

28

**IGWT GROUP'S RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Third Party incorporates by reference its General Objections as though fully set forth herein.  Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection.  Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information be-longing to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time.  Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible. Third Party further objects to this request to the extent that it calls for the production of documents subject to the attorney-client, work product, legal-professional or other privilege(s).  Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced.

**MGA PARTIES' RESPONSE TO REQUEST NO. 3:**

The MGA Parties incorporate by reference their General Objections as though fully set forth herein.  The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other

proprietary or competitive information that is subject to any person's constitutional, statutory or common law right of privacy or protection.  The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 3:**

See Mattel's Reason to Compel Production for Request No. 1, above.

**REQUEST FOR PRODUCTION NO. 4:**

All documents referring or relating to all contributions, loans and any sources of funding for IGWT Group, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

**IGWT GROUP'S RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Third Party incorporates by reference its General Objections as though fully set forth herein.  Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege.  Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges.  Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or

1  other proprietary or competitive information that is subject to Third Party's

2  constitutional, statutory or common law right of privacy or protection.  Third Party

3  further objects to this request to the extent it calls for the disclosure of proprietary or

4  competitively sensitive information belonging to third parties whose interests IGWT

5  has a duty to protect, absent consent from third parties.  Third Party further objects

6  to this request on the grounds that it is vague, ambiguous, and unintelligible. Third

7  Party further objects to this request on the grounds that it does not specifically

8  describe or reasonably particularize the documents to be produced.  Third Party

9  further objects to this request on the grounds that it is overbroad as to subject matter

10  and time; in particular, Third Party objects that the phrases "all documents" and

11  "referring or relating to" are not tied in any way to any claim, defense or other issues

12  involved in Phase 2 of this litigation.

13  **MGA PARTIES' RESPONSE TO REQUEST NO. 4:**

14         The MGA Parties incorporate by reference their General Objections as

15  though fully set forth herein.  The MGA Parties further object that the Discovery

16  Master already has ruled on similarly phrased requests to third parties, including in

17  an Order dated May 7, 2008, concluding that requests using phrases like "all

18  documents," and "referring to or relating to" are overly broad, vague, unduly

19  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

20  Court Orders.  The MGA Parties further object that this request calls for the

21  production of documents that are not relevant to any claim or defense in the pending

22  litigation or reasonably calculated to lead to the discovery of admissible evidence.

23  The Request appears designed to circumvent the Court's January 7 Order appointing

24  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

25         The MGA Parties further object to this request to the extent it seeks

26  documents protected by the accountant-client privilege.  The MGA Parties further

27  object to this request to the extent that it seeks documents that contain trade secrets,

28  confidential, commercially sensitive and/or other proprietary or competitive

1  information that is subject to any person's constitutional, statutory or common law

2  right of privacy or protection.  The MGA Parties further object to this request on the

3  grounds that it is overbroad as to subject matter and time; in particular, the MGA

4  Parties object that the phrases "all documents" and "referring or relating to" are not

5  tied in any way to any claim, defense or other issues involved in Phase 2 of this

6  litigation.

7  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 4:**

8  <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

9  **REQUEST FOR PRODUCTION NO. 5:**

10  All documents referring or relating to transactions involving any

11  compensation, loans, advances, payments, fees or any other form of consideration

12  paid by IGWT Group, LLC to Isaac Larian, his family members, or affiliates, or any

13  other related party.

14  **IGWT GROUP'S RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

15  Third Party incorporates by reference its General Objections as though

16  fully set forth herein.  Third Party further objects on the grounds that the Discovery

17  Master already has ruled on similarly phrased requests to third parties, including in

18  an Order dated May 7, 2008, concluding that requests using phrases like "all

19  documents," and "referring to or relating to" are overly broad, vague, unduly

20  burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior

21  Court Orders.  Third Party further objects that this request calls for the production of

22  documents that are not relevant to any claim or defense in the pending litigation or

23  reasonably calculated to lead to the discovery of admissible evidence.

24  Third Party further objects to this request to the extent that this request

25  seeks information that is protected from disclosure under the attorney-client

26  privilege, the work product doctrine and/or the joint interest privilege.  Third Party

27  further objects to this request to the extent it seeks documents protected by the

28  accountant-client privilege.  Third Party further objects to the request to the extent

1  that it seeks documents protected from disclosure by applicable federal and state tax

2  return privileges.  Third Party further objects to this request to the extent that it

3  seeks documents that contain trade secrets, confidential, commercially sensitive

4  and/or other proprietary or competitive information that is subject to Third Party's

5  constitutional, statutory or common law right of privacy or protection.  Third Party

6  further objects to this request to the extent it calls for the disclosure of proprietary or

7  competitively sensitive information belonging to third parties whose interests IGWT

8  has a duty to protect, absent consent from third parties.  Third Party further objects

9  to this request on the grounds that it is vague, ambiguous, and unintelligible. Third

10  Party further objects to this request on the grounds that it does not specifically

11  describe or reasonably particularize the documents to be produced.  Third Party

12  further objects to this request on the grounds that it is overbroad as to subject matter

13  and time; in particular, Third Party objects that the phrases "all documents,"

14  "referring or relating to," and "related party" are unbounded by any date limitation

15  and are not tied in any way to any claim, defense or other issues involved in Phase 2

16  of this litigation.

17  **MGA PARTIES' RESPONSE TO REQUEST NO. 5:**

18           The MGA Parties incorporate by reference their General Objections as

19  though fully set forth herein.  The MGA Parties further object that the Discovery

20  Master already has ruled on similarly phrased requests to third parties, including in

21  an Order dated May 7, 2008, concluding that requests using phrases like "all

22  documents," and "referring to or relating to" are overly broad, vague, unduly

23  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

24  Court Orders.  The MGA Parties further object that this request calls for the

25  production of documents that are not relevant to any claim or defense in the pending

26  litigation or reasonably calculated to lead to the discovery of admissible evidence.

27  The Request appears designed to circumvent the Court's January 7 Order appointing

28  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

1   The MGA Parties further object to this request to the extent that this
2   request seeks information that is protected from disclosure under the attorney-client
3   privilege, the work product doctrine and/or the joint interest privilege.  The MGA
4   Parties further object to this request to the extent that it seeks documents that contain
5   trade secrets, confidential, commercially sensitive and/or other proprietary or
6   competitive information that is subject to any person's constitutional, statutory or
7   common law right of privacy or protection.  The MGA Parties further object to this
8   request on the grounds that it is overbroad as to subject matter and time; in
9   particular, the MGA Parties object that the phrases "all documents," "referring or
10  relating to," and "related party" are unbounded by any date limitation and are not
11  tied in any way to any claim, defense or other issues involved in Phase 2 of this
12  litigation.

13  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 5:**

14      <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

15  **REQUEST FOR PRODUCTION NO. 6:**

16      Any and all records that substantiate transfers of assets by IGWT
17  Group, LLC to other entities, individuals, and/or parties, within the U.S. and outside
18  of the U.S.

19  **IGWT GROUP'S RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

20      Third Party incorporates by reference its General Objections as though
21  fully set forth herein.  Third Party further objects that the Discovery Master already
22  has ruled on similarly phrased requests to third parties, including in an Order dated
23  May 7, 2008, concluding that requests using phrases like "any and all records" are
24  overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's
25  Subpoena violates these prior Court Orders.  Third Party further objects that this
26  request calls for the production of documents that are not relevant to any claim or
27  defense in the pending litigation or reasonably calculated to lead to the discovery of
28  admissible evidence.

1   Third Party further objects to this request to the extent that this request

2   seeks information that is protected from disclosure under the attorney-client

3   privilege, the work product doctrine and/or the joint interest privilege.  Third Party

4   further objects to this request to the extent it seeks documents protected by the

5   accountant-client privilege.  Third Party further objects to this request to the extent

6   that it seeks documents that contain trade secrets, confidential, commercially

7   sensitive and/or other proprietary or competitive information that is subject to Third

8   Party's constitutional, statutory or common law right of privacy or protection.  Third

9   Party further objects to this request to the extent it calls for the disclosure of

10   proprietary or competitively sensitive information belonging to third parties whose

11   interests IGWT has a duty to protect, absent consent from third parties.  Third Party

12   further objects to this request on the grounds that it is vague, ambiguous, and

13   unintelligible.  Third Party further objects to this request on the grounds that it does

14   not specifically describe or reasonably particularize the documents to be produced.

15   Third Party further objects to this request  on the grounds that it is overbroad as to

16   subject matter and time; in particular, the Third Party objects that the phrases "any

17   and all records" and "transfers of assets" are unbounded by any date limitation and

18   are not tied in any way to any claim, defense or other issues involved in Phase 2 of

19   this litigation.

20   **MGA PARTIES' RESPONSE TO REQUEST NO. 6:**

21   The MGA Parties incorporate by reference their General Objections as

22   though fully set forth herein.  The MGA Parties further object that the Discovery

23   Master already has ruled on similarly phrased requests to third parties, including in

24   an Order dated May 7, 2008, concluding that requests using phrases like "any and

25   all records" are overly broad, vague, unduly burdensome, and seek irrelevant

26   information.  Mattel's Subpoena violates these prior Court Orders.  The MGA

27   Parties further object that this request calls for the production of documents that are

28   not relevant to any claim or defense in the pending litigation or reasonably

1  calculated to lead to the discovery of admissible evidence.  The Request appears

2  designed to circumvent the Court's January 7 Order appointing a forensic auditor

3  and requiring Mattel to pay the auditor's costs in the first instance.

4          The MGA Parties further object to this request to the extent that this

5  request seeks information that is protected from disclosure under the attorney-client

6  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

7  Parties further object to this request to the extent that it seeks documents that contain

8  trade secrets, confidential, commercially sensitive and/or other proprietary or

9  competitive information that is subject to any person's constitutional, statutory or

10  common law right of privacy or protection.  The MGA Parties further object to this

11  request on the grounds that it is overbroad as to subject matter and time; in

12  particular, the MGA Parties object that the phrases "any and all records,"

13  "substantiate," and "transfers of assets" are unbounded by any date limitation and

14  are not tied in any way to any claim, defense or other issues involved in Phase 2 of

15  this litigation.

16  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 6:**

17          See Mattel's Reason to Compel Production for Request No. 1, above.

18  **REQUEST FOR PRODUCTION NO. 7:**

19          All communications referring or relating to Vision Capital, LLC,

20  Lexington Financial, LLC, Mattel, MGA, Isaac Larian and/or Bratz.

21  **IGWT GROUP'S RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

22          Third Party incorporates by reference its General Objections as though

23  fully set forth herein.  Third Party further objects on the grounds that the Discovery

24  Master already has ruled on similarly phrased requests to third parties, including in

25  an Order dated May 7, 2008, concluding that requests using phrases like "all

26  communications," and "referring to or relating to" are overly broad, vague, unduly

27  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

28  Court Orders.  Third Party further objects that this request calls for the production of

1  documents that are not relevant to any claim or defense in the pending litigation or

2  reasonably calculated to lead to the discovery of admissible evidence.

3            Third Party further objects to this request to the extent that this request

4  seeks information that is protected from disclosure under the attorney-client

5  privilege, the work product doctrine and/or the joint interest privilege.  Third Party

6  further objects to this request to the extent it seeks documents protected by the

7  accountant-client privilege.  Third Party further objects to the request to the extent

8  that it seeks documents protected from disclosure by applicable federal and state tax

9  return privileges.  Third Party further objects to this request to the extent that it

10  seeks documents that contain trade secrets, confidential, commercially sensitive

11  and/or other proprietary or competitive information that is subject to Third Party's

12  constitutional, statutory or common law right of privacy or protection.  Third Party

13  further objects to this request to the extent it calls for the disclosure of proprietary or

14  competitively sensitive information belonging to third parties whose interests IGWT

15  has a duty to protect, absent consent from third parties.  Third Party further objects

16  to this request on the grounds that it is vague, ambiguous, and unintelligible. Third

17  Party further objects to this request on the grounds that it does not specifically

18  describe or reasonably particularize the documents to be produced.  Third Party

19  further objects to this request on the grounds that it is overbroad as to subject matter

20  and time; in particular, Third Party objects that the phrases "all communications"

21  and "referring or relating to" are unbounded by any date limitation and are not tied

22  in any way to any claim, defense or other issues involved in Phase 2 of this

23  litigation.

24  **MGA PARTIES' RESPONSE TO REQUEST NO. 7:**

25            The MGA Parties incorporate by reference their General Objections as

26  though fully set forth herein.  The MGA Parties further object that the Discovery

27  Master already has ruled on similarly phrased requests to third parties, including in

28  an Order dated May 7, 2008, concluding that requests using phrases like "all

communications" and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

The MGA Parties further object to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Parties' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 7:**

<u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

III.    **THE COURT SHOULD COMPEL OMNI 808 TO PRODUCE RESPONSIVE DOCUMENTS**

**REQUEST NO. 1:**

All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or

1  modifications thereto, and any communications referring or relating to any such

2  agreements, contracts or transactions.

3  **OMNI 808'S RESPONSE TO REQUEST NO. 1:**

4  In addition to the general objections set forth above, Omni objects to

5  this request on the ground that it seeks documents that are protected by the attorney-

6  client privilege and attorney work product doctrine.  Omni further objects to the

7  request on the ground that it is overly broad and unduly burdensome.  Omni further

8  objects to the request on the ground that it seeks documents that contain private,

9  confidential or proprietary information of Omni or other non-parties.  Omni further

10  objects to the request on the ground that the burden, expense and intrusiveness of

11  the discovery outweighs the likelihood that the documents sought will lead to the

12  discovery of relevant evidence.

13  **MGA PARTIES' RESPONSE TO REQUEST NO. 1:**

14  The MGA Parties incorporate by reference their General Objections as

15  though fully set forth herein.  The MGA Parties further object that the Discovery

16  Master already has ruled on similarly phrased requests to third parties, including in

17  an Order dated May 7, 2008, concluding that requests using phrases like "all

18  documents" and "referring to or relating to" are overly broad, vague, unduly

19  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

20  Court Orders.  The MGA Parties further object that this request calls for the

21  production of documents that are not relevant to any claim or defense in the pending

22  litigation or reasonably calculated to lead to the discovery of admissible evidence.

23  The Request appears designed to circumvent the Court's January 7 Order appointing

24  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

25  The MGA Parties further object to this request to the extent that it seeks

26  documents that contain trade secrets, confidential, commercially sensitive and/or

27  other proprietary or competitive information that is subject to the MGA Parties' or

28  any other person's constitutional, statutory or common law right of privacy or

protection.  The MGA Parties further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force a third party to produce documents or information available from parties to the litigation. The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all documents," "referring or relating to," and "any communications" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 1:**

   A.   **Mattel's Subpoenas Seek Documents That Are Unquestionably Relevant**

   Federal Rule of Civil Procedure 45 obligates third parties to produce documents responsive to a subpoena that a party serves on them.  Fed. R. Civ. P. 45(b), (d).   If the documents are relevant and there is good cause for their production, the subpoena is enforced unless the documents are privileged or the subpoena is unreasonable, oppressive, annoying, or embarrassing.  U.S. v. American Optical Co., 39 F.R.D. 580, 583 (N.D. Cal. 1966); accord Heat and Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) ("the factors required to be balanced by the trial court in determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena.").

   1.   The Documents Sought Are Relevant to Mattel's RICO Claims

   Mattel's requests are directly relevant to its RICO claims.   In its counterclaims, Mattel alleges that the counter-defendants have operated a widespread criminal enterprise that has engaged in numerous acts of mail and wire

00505.07975/2778033.1

-59-
MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

Case No. CV 04-9049 SGL (RNBx)

1    fraud and other predicate acts in violation of the RICO statute.[29]  MGA's mid-trial

2    transactions with Omni 808 and the other non-operating entities, which bear the

3    classic hallmarks of an effort to fraudulently transfer assets to its controlling

4    shareholders, are just a continuation of that pattern of racketeering activity in which

5    MGA and Larian have long been engaged.  See, e.g., Asdourian v. Konstantin, 77 F.

6    Supp. 2d 349, 355, 359 (E.D.N.Y. 1999) (allegations that defendant "siphoned

7    away" corporation's assets through "systematic looting" accomplished through

8    fraudulent mortgages constitute predicate acts for RICO).  At a minimum, then, the

9    requests are likely calculated to lead to evidence of acts of wire and mail fraud.[30]  As

10   such, they are unquestionably relevant, because a plaintiff alleging RICO violations

11   should be permitted discovery into each instance of a predicate act, even where

12   further discovery is "unnecessary" to establish the category of predicate act.  See

13   Eastman Kodak Co. v. Camarata, 238 F.R.D. 372, 376 (W.D.N.Y. 2006).[31]

14          The discovery sought by the subpoenas may also reveal additional,

15   distinct predicate acts in support of Mattel's RICO allegations.  Mattel's requests

16   seek to unravel the true nature of these "financing" transactions, which involve

17   various shell and off-shore companies and appear to be deliberately structured to

18   conceal the ultimate source of funding.  It may be intended to "conceal or disguise

19   the nature, the location, the source, the ownership, or the control of the proceeds"

20   derived from defendants' unlawful activity—here, among other things, their

21   infringement of Mattel's intellectual property.  18 U.S.C. § 1956.  Whatever the

22   _____

23   [29]   Mattel's Second Am. Complaint and Counter-Claims, dated July 12, 2007, at ¶¶ 88-
     105, Corey Dec., Exh. 19.

24   [30]   See id. at ¶ 93(a) & (b).

25   [31]   Moreover, even the terms of the loans are themselves relevant.  MGA has paid
     hundreds of millions of dollars to Larian and his family or associates throughout this

26   litigation.  See Corey Dec., ¶ 92 and reference exhibits therein.  That is directly relevant to
     Larian's personal liability for RICO violations and evidence of his association with and

27   control over the enterprise.

28

1   reason, MGA's recent "financing" raises a host of potential predicate RICO

2   violations, regarding which Mattel is entitled to discovery.  See, e.g., 18 U.S.C. §

3   1957 (use of unlawful funds), 18 U.S.C. § 2314 (transportation of converted funds).

4   Likewise, the sales by the IGWT entities of infringing Bratz product may constitute

5   predicate acts of criminal copyright infringement by MGA -- predicate acts that

6   Mattel has alleged against MGA in Phase 2.[32]  Thus, the discovery sought is plainly

7   proper.

8           2.      The Documents Sought Are Also Relevant to Mattel's

9                   Disgorgement Claim

10          One remedy Mattel seeks is disgorgement of all amounts wrongfully

11  obtained.  Mattel may also be entitled to damages for lost profits pursuant to its

12  disgorgement theory of damages.  The disgorgement remedy also provides for the

13  imposition of constructive trusts to recover the ill-gotten gains of MGA and Isaac

14  Larian that have been transferred to other parties.  For purposes of establishing

15  disgorgement, Mattel must take into account money transferred from MGA and

16  Isaac Larian, regardless of the manner in which it was transferred.  Mattel is entitled

17  to discovery that shows all assets siphoned from MGA or Isaac Larian for which

18  there was no compensation during the period of the alleged wrongful conduct.

19          It is undisputed that disgorgement is an available remedy for Mattel's

20  claims against MGA and Larian, including Mattel's claim for trade secret

21  misappropriation.  See 4 Callmann, Unfair Competition and Monopolies § 14.45

22  (4th ed.) and Clark v. Bunker, 453 F.2d 1006, 1011 (9th Cir. 1972).  The scope of

23  the disgorgement remedy is set forth in two recent California Supreme Court

24  decisions.  See Kraus v. Trinity Management Servs., Inc., 23 Cal. 4th 116 (2000);

25

26

27  [32]   SAAC, ¶ 93.

28

00505.07975/2778033.1

-61-                Case No. CV 04-9049 SGL (RNBx)
MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134 (2003).  The court
2  indicated that:

> 3  "disgorgement" is a broader remedy than restitution. . . .  [A]n order for
> 4  disgorgement "may compel a defendant to surrender *all* money
> 5  obtained through an unfair business practice even though not all is to be
> 6  restored to the persons from whom it was obtained or those claiming
> 7  under those persons.  It has also been used to refer to surrender of *all*
> 8  profits earned as a result of an unfair business practice regardless of
> 9  whether those profits represent money taken directly from persons who
> 10  were victims of the unfair practice."

11  <u>Korea Supply</u>, 29 Cal. 4th at 1145 (quoting <u>Kraus</u>, 23 Cal. 4th at 127)
12  (emphasis added).  Moreover, an important part of disgorgement is the imposition of
13  a constructive trust to recover ill-gotten gains that have been transferred to others by
14  the defendant.  A constructive trust is intended to prevent unjust enrichment, with
15  equity compelling the restoration to another of property to which the holder thereof
16  is not justly entitled.  <u>Taylor v. Polackwich</u>, 145 Cal. App. 3d 1014, 1022 (1983);
17  <u>Cal. Civ. Code</u> §§ 2223, 2224.  <u>See also</u> <u>Weiss v. Marchus</u>, 51 Cal. App. 3d 590,
18  600 (1975) (constructive trust may be imposed in case of fraud, mishandling, or
19  almost any case of wrongful acquisition or detention of property to which another is
20  entitled).  When personal property is in dispute, the legislature has allowed plaintiffs
21  to invoke the remedy of constructive trust.  <u>Cal Civ. Code</u> §§ 2223, 2224.  To create
22  a constructive or involuntary trust only three conditions are necessary: existence of a
23  res, <u>i.e.</u> property or some interest in property, plaintiff's right to that res and
24  defendant's gain of the res by fraud, accident, mistake, undue influence, violation of
25  the trust or other wrongful act.  <u>Kraus v. Willow Park Public Golf Course</u>, 73 Cal.
26  App. 3d 354 (1977); <u>see</u> <u>Cramer v. Biddison</u>, 65 Cal. Rptr. 624, 257 Cal. App. 2d
27  720 (1968).  <u>See</u> <u>Burlesci v. Petersen</u>, 68 Cal. App. 4th 1062, 1067 (1998)
28  (constructive trust); <u>Farmers Ins. Exchange v. Zerin</u>, 53 Cal. App. 4th 445, 454-55

1  (1997) (equitable lien is proper if unjust enrichment and detrimental reliance are
2  implicated)

3          By these subpoenas, Mattel seeks evidence to prove the amount the
4  defendants must disgorge.  Money that properly belonged to Mattel was transferred
5  from MGA or Isaac Larian to an entity controlled by them.  Mattel should be able to
6  understand how that money was used because MGA and Isaac Larian have no right
7  to whatever additional gains realized with Mattel's money.  Rather, the right to those
8  additional gains vests solely in Mattel.

9          3.      The Documents Sought Are Relevant to Phase 2 Damages

10         The requests also seek documents relevant to the MGA parties'
11  financial condition, which is relevant to Mattel's Phase 2 damages claims.  A
12  defendant's net worth, financial condition, and ability to pay any award are all
13  factors relevant to an award of punitive damages.  See, e.g., Hilao v. Estate of
14  Marcos, 103 F.3d 767, 781-82 & n. 7 (9th Cir. 1996) (financial condition a relevant
15  factor in awarding punitive damages); Southern California Housing Rights Center v.
16  Krug, 2006 WL 4122148, *4 (C.D. Cal. 2006) ("When a punitive damages claim
17  has been asserted, a majority of federal courts permit pretrial discovery of financial
18  information about defendants without requiring the plaintiff to establish a prima
19  facie case on the issue of punitive damages."); Robert L. Cloud & Associates v.
20  Mikesell, 69 Cal. App. 4th 1141,148-1152 (1999) (defendant's "ability to pay
21  damages award" and "financial condition" were relevant to determining award of
22  punitive damages for misappropriation of trade secrets).

23         Judge Larson and the former Discovery Master have ruled that Mattel
24  is entitled to evidence related to MGA's net worth.  For example, Mattel moved to
25  compel MGA to produce a Rule 30(b)(6) witness on issues related to MGA's net
26  worth after MGA claimed such evidence was irrelevant and should be left to expert
27  testimony.  The Discovery Master agreed with Mattel and ordered the deposition to
28  proceed on the issue of net worth, among others.  MGA objected and appealed to

Judge Larson, who affirmed the Discovery Master and held "[t]hat net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6)."[33]

Omni 808 and Vision Capital are directly involved in providing funding to MGA in exchange for a security interest.  Such funding, and security interests, are in and of themselves directly relevant to the financial condition of the MGA Parties, including the amount of the security interests, the terms and conditions of the funding, and the rate of the funding.  The true identity of the persons and entities providing the funding and obtaining a security interest in MGA are likewise relevant to that issue.  Moreover, given the level of financing, the parties must have engaged in evaluations of the past, present, and future value of the MGA parties.  It is just such documents that the third-party subpoenas at issue seek.

Finally, as noted above, MGA is using IGWT to sell Bratz products and conduct Bratz business.  Obviously, this kind of evasion is directly relevant to the claims at issue, as well as to the net worth and financial condition of the MGA Parties.  Mattel is entitled to the information sought by the subpoenas for these additional reasons.

4.   The Documents Sought Are Relevant to the MGA Parties' Credibility

Information is also relevant and discoverable if it relates to "the credibility of any witness."  Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997).  As set forth in Section II of Mattel's Motion to Compel Production of Documents Responsive to Third Party Subpoenas, filed concurrently herewith, MGA and Larian made statements under oath about their financial condition as well as about the role of Omni 808 and the other non-

---

[33]   July 2, 2007 Order, at 5, Corey Dec., Exh. 12.

1 operating entities in providing MGA with additional funding.[34]  Mattel is therefore

2 entitled to discovery to determine the true state of these matters -- information

3 which is directly relevant to MGA's and Larian's credibility.

5.     The Documents Sought are Relevant to the MGA Parties' Unclean Hands Defense

6      The subpoenas also seek documents relevant to the MGA Parties'

7 defense of unclean hands.  In their answers to Mattel's cross-claims, MGA and

8 Larian asserted that "Mattel's counterclaims are barred in whole or in part by

9 Mattel's unclean hands."[35]  The alleged basis for their unclean hands defense is wide

10 ranging, touching on every aspect of Phases 1 and 2 of this case, including the

11 alleged infringement of MGA's trade dress and Bratz products as well as allegedly

12 interfering with MGA's efforts to hire Mattel employees.[36]

13      Mattel is entitled to respond to these allegations by demonstrating that

14 the MGA Parties are precluded from invoking the unclean hands defense because

15 they have not themselves acted with clean hands.  The invocation of "unclean

16 hands" is an equitable defense.  GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199,

17 1209-10 (9th Cir. 2000) (discussing "equitable defense" of "unclean hands"); In re

18 McKesson HBOC, Inc. Erisa Litigation, 391 F.Supp.2d 812, 842 (N.D. Cal. 2005)

19 ("[U]nclean hands is an equitable defense.").  A party asserting an equitable defense,

20 however, must itself have "clean hands."  Nelmida v. Shelly Eurocars, Inc., 112 F.3d

21 380, 385 (9th Cir. 1997) (("A cardinal maxim of equity jurisprudence is that he who

---

23    [34]  Compare Declaration of Brian Wing in support of the MGA Parties' Request for a

24 Stay, dated December 11, 2008, at ¶ 13, Corey Dec., Exh. 36 with MGA Parties' Corrections to the Opposition to Mattel's Ex Parte Application for Appointment of a

25 Receiver, dated December 31, 2008, at 1, Corey Dec., Exh. 38.

26    [35]  MGA's Amended Answer and Affirmative Defenses, dated September 19, 2007, at 20-21, Corey Dec., Exh. 103; Isaac Larian's Amended Answer and Affirmative Defenses,

27 dated November 8, 2007, at 16-18, Corey Dec., Exh. 104.

   [36]  Id.

Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

comes into equity must come with clean hands.") (quoting <u>Banks v. Rockwell Intern. North American Aircraft Operations</u>, 855 F.2d 324, 327 (6th Cir. 1988)); <u>Granberry v. Islay Investments</u>, 9 Cal. 4th 738, 743-744, 750 (1995) (equitable defense may be "barred by any of the generally applicable equitable affirmative defenses, including . . . unclean hands"); <u>Blain v. Doctor's Co.</u>, 222 Cal. App. 3d 1048, 1059 (1990) ("He who comes into Equity must come with clean hands."). As discussed above, MGA may be engaging in sham and financial fraudulent transactions such as concealing profits and sales of Bratz and other products "off the books" through newly created single purpose companies. If true, MGA and Larian would be acting with unclean hands and thus precluded from invoking the unclean hands defense themselves.

### 6. The Documents Sought Are Relevant to Mattel's Unfair Competition Claim

The subpoenas seek documents related to Mattel's claim for unfair competition. The MGA Parties' actions in manipulating the sources of funding and apparently using single-purpose companies to unload Bratz products for pennies on the dollar and resell them may be anti-competitive actions that are encompassed by California's unfair competition laws. Under <u>Business and Professions Code</u> § 17200, "unfair competition" includes "any unlawful, unfair or fraudulent business act or practice...." Section 17200's scope is "sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." <u>Rubin v. Green</u>, 4 Cal. 4th 1187, 1200 (1993) (internal quotation marks and citation omitted). It encompasses "anti-competitive business practices as well as injuries to consumers, and has as a major purpose the preservation of fair business competition." <u>Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.</u>, 20 Cal. 4th 163, 180 (1999). Accordingly, the documents sought are reasonably calculated to lead to the discovery of admissible evidence relating to Mattel's unfair competition claim.

B.   **The Remaining Objections Are Boilerplate And Should Be Overruled**

1.   The Boilerplate Objections Are Improper

The third parties assert a host of boilerplate general objections, which they repeat in their specific objections.  Through these objections, they generally assert that Mattel's document requests (including Mattel's definitions) are irrelevant, overbroad, ambiguous, harassing, cumulative, and unduly burdensome.  Such objections are the hallmark of boilerplate objections that are improper under the Federal Rules of Civil Procedure.   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (overruling defendant's boilerplate objections as improper and ordering production of documents).   See Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (holding that court did not have discretion to limit discovery on basis of boilerplate objections).

2.   That Documents May be Available from Other Parties Does Not Excuse Compliance

MGA and the third-parties suggest that they are excused from compliance with the third-party subpoenas because some of the documents purportedly may be available from MGA or other sources.  However, because documents may be available from other sources is not grounds to refuse production.  "[A] person may not avoid a subpoena by saying that the evidence sought from him is obtainable from another."   Covey Oil Co. v. Continental Oil Co., 340 F.2d 993, 998 (10th Cir. 1965) (overruled on other grounds); State Farm Mut. Auto. Ins. Co. v. Accurate Medical, P.C.,  2007 WL 2993840, at *1 (E.D.N.Y. 2007) (compelling production of documents third-party claimed were in possession of party to litigation); In re Bergeson, 112 F.R.D. 692, 695 (D. Mont. 1986) (conclusory assertions that documents sought are available from others more economically "does not constitute a showing of unreasonableness or oppressiveness.").  Moreover, no party has demonstrated that all of the documents requested are available from

-67-

Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1   another party.  Nor does this seem likely.  As held by the State Farm court, "nothing

2   in the Federal Rules of Civil Procedure requires a litigant to rely solely on discovery

3   obtained from an adversary instead of utilizing subpoenas."  Id. at *1.

4           Furthermore, Mattel should not be forced to rely solely on MGA in

5   obtaining discovery related to their financial condition or illegal activities.  As the

6   jury unanimously found at trial, MGA fraudulently concealed its illegal activities in

7   this case.  It engaged in a pattern of misrepresentations about its financial condition,

8   including concealing valuations, providing valuations within months of each other

9   that fluctuated by hundreds of millions of dollars, and claiming near insolvency

10  when it suited its legal arguments and then denying it when their needs shifted.

11  There also is evidence, described above, of concealment, spoliation and alteration of

12  documents by MGA, Isaac Larian and other MGA executives and MGA-affiliated

13  parties.  The truth-finding function in this case is not served by entrusting MGA

14  itself to produce evidence, including evidence of its own wrongdoing.  As MGA's

15  pattern of misconduct amply shows, quite the opposite is the case here.

16          3.    The Objection Based Upon the Accountant-Client Privilege Is

17              Unfounded

18          MGA and the IGWT parties' objection that the requests seek documents

19  protected from disclosure by the accountant-client privilege is without basis.  The

20  United States Supreme Court has recognized that there is "no confidential

21  accountant-client privilege [that] exists under federal law, and no state created

22  privilege has been recognized in federal cases."  Couch v. United States, 409 U.S.

23  322, 335 (1972) (collecting cases).   Therefore, the objection is frivolous.

24  Nevertheless, even if there was such a privilege, IGWT offers no foundation for its

25  application to the documents requested.  IGWT does not contend that it provides

26  accounting services, much less that it has acted as an accounting firm or agency in

27  relation to MGA (or Larian).

28

00505.07975/2778033.1         -68-       Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

4.     Mattel's Requests Do Not Impose an Undue Burden

The third parties object that the requests are unduly burdensome and that the burden and expense outweighs the documents relevance.  These subpoenaed parties bear the burden of proving undue burden by "specific and compelling" proof; conclusory assertions are insufficient.  Goodman v. U.S., 369 F.2d 166, 169 (9th Cir. 1966) ("The party must provide specific and compelling proof that the burden is undue."); see JZ Buckingham Investments, LLC v. United States, 78 Fed. Cl. 15, 25 (Fed. Cl. Ct. 2007) (denying motion to quash); Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C. Cir. 1984) (reversing district court's decision quashing subpoena).  Here, third parties have not demonstrated the time, cost, or burden involved in responding to Mattel's subpoenas is undue.  Nor could they.  Virtually all of the third parties here are single purpose entities that have existed only a few months.  It is dubious at best that they should have such voluminous records, let alone voluminous records of the type requested by Mattel in the subpoenas, that any burden could be considered undue.

The MGA Parties' complaints about alleged burden are wholly irrelevant -- it lacks any standing to even make such an argument -- and simply serve to underscore that MGA seeks to obstruct.  "The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed." Goodman v. U.S., 369 F.2d 166, 169 (9th Cir. 1966) (emphasis added).

5.     Mattel's Requests Do Not Violate the Discovery Master's May 7, 2008 Order

MGA and the IGWT Parties object, claiming that the subpoenas violate Judge Infante's May 7, 2008 Order in which he allegedly found that "similarly phrased requests to third parties" were overly burdensome and improper.  This objection should be overruled.  First, the subpoenas at issue in the May 7, 2008 Order sought different information and went to different issues than the present requests.  Second, Judge Infante was clear that "[n]othing in this Order is intended

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  to authorize or preclude Mattel from seeking documents from the non-parties

2  identified herein as part of Phase 2 discovery, if appropriate."[37]  So, the objection is

3  without merit.

4       6.    Concerns Over Confidentiality Are Alleviated by the Protective

5             Order

6       The third parties object on the grounds that Mattel seeks documents

7  containing trade secrets, confidential information or otherwise protected by a right

8  of privacy.  Because the Court has entered a Protective Order in this action, which

9  Mattel has provided to the subpoenaed parties,[38] the subpoenaed party's concerns

10 about confidentiality do not justify withholding documents from production.  See,

11 e.g., Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007)

12 (finding that a protective order "can strike the appropriate balance between the need

13 for the information and the privacy concerns" of the party opposing production's

14 employees); Keith H. v. Long Beach Unified School District, 228 F.R.D. 652, 658

15 (C.D. Cal. 2005) (compelling production of student records because of slight

16 redactions and "a protective order to minimize any invasion of the students' privacy

17 rights"); In re Heritage Bond Litigation, 2004 WL 1970058 at *5, n.12 (C.D. Cal.

18 2004) ("Any privacy concerns . . . defendants have in their bank records and related

19 financial statements are adequately protected by the protective order, and are not

20 sufficient to prevent production in this matter"); A. Farber and Partners, Inc., 234

21 F.R.D. at 191-92 ("P]laintiff's need for defendant Garber's financial documents

22 outweighs defendant Garber's claim of privacy, especially when the 'impact' of the

23 disclosure of the information can be protected by a 'carefully drafted' protective

24 order").

25

26 ───────────────

27  [37]  May 7, 2008 Order at 13, Corey Dec., Exh. 75.
    [38]  Corey Dec., ¶ 3.

28

Indeed, the former Discovery Master previously and repeatedly ruled that the Protective Order is sufficient to alleviate any privacy concerns.[39]   Although MGA objected to that ruling, the District Court approved the Discovery Master's order, finding that the entry of a protective order justified compelling production of even "sensitive documents" to MGA's "fierce competitor."[40]   Therefore, the confidential, privacy and trade secret objections must be overruled.

      7.   <u>Mattel's Requests Do Not Violate the Court's January 7, 2009 Order</u>

The MGA parties argument that the requests would "circumvent" the Court's January 7, 2009, misconstrues the order and ignores the Court's order -- issued just the day before -- reopening Phase 2 discovery without limitation.   In the January 7 Order, the Court found "good cause" to appoint a "forensic auditor" to review MGA's financial records.   The scope of the auditor's review, however, is limited to MGA's financial records and does not extend to third parties.[41]   Moreover, nothing in the Court's order suggests that all discovery related to MGA's finances is foreclosed until completion of the audit.   Indeed, the Court lifted the stay on Phase 2 discovery -- without limitation -- on January 6, 2009.[42]

C.   **<u>Each of the Subpoenaed Parties Must Produce Adequate Privilege Logs</u>**

To the extent the subpoenaed parties are withholding documents on the basis of privilege, they must provide a timely privilege log.   <u>Fed. R. Civ. P.</u> 45; <u>see</u> <u>Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.</u>, 408 F.3d 1142, 1148-50 (9th Cir. 2005) (affirming district court's holding that party waived

---

[39]  Order Dated May 15, 2007, at 11, n.4, Corey Dec., Exh. 99.
[40]  Order Dated July 2, 2007, at 3, Corey Dec., Exh. 12.
[41]  January 7, 2009 Order Appointing Forensic Auditor, Corey Dec., Exh. 105.
[42]  January 6, 2009 Order, Corey Dec., Exh. 35.

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

privilege objections by failing to provide privilege log within thirty days of serving its responses); In re Imperial Corp. of Am., 174 F.R.D. 475, 477 (S.D. Cal. 1997) (waiver rule for failure to provide privilege log applies to subpoenas to third parties).  Accordingly, the Discovery Master should order the subpoenaed parties to produce privilege logs as required by Rule 45(d)(2).

**REQUEST NO. 2:**

All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

**OMNI 808'S RESPONSE TO REQUEST NO. 2:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.  Omni further objects to the request on the ground that it is overly broad and unduly burdensome.  Omni further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Omni, Wachovia or other non-parties. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

**MGA PARTIES' RESPONSE TO REQUEST NO. 2:**

The MGA Parties incorporate by reference their General Objections as though fully set forth herein.  The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents" and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

-72-

1   Court Orders.  The MGA Parties further object that this request calls for the

2   production of documents that are not relevant to any claim or defense in the pending

3   litigation or reasonably calculated to lead to the discovery of admissible evidence.

4   The Request appears designed to circumvent the Court's January 7 Order appointing

5   a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

6          The MGA Parties further object to this request to the extent that this

7   request seeks information that is protected from disclosure under the attorney-client

8   privilege, the work product doctrine and/or the joint interest privilege.  The MGA

9   Parties further object to this request to the extent it seeks documents protected by the

10  accountant-client privilege.  The MGA Parties further object to the request to the

11  extent that it seeks documents protected from disclosure by applicable federal and

12  state tax return privileges.  The MGA Parties further object to this request to the

13  extent that it seeks documents that contain trade secrets, confidential, commercially

14  sensitive and/or other proprietary or competitive information that is subject to the

15  MGA Parties' or any other person's constitutional, statutory or common law right of

16  privacy or protection.  The MGA Parties further object to this request as being

17  overly broad, burdensome and harassing to a non-party to the extent that it seeks to

18  force a third party to produce documents or information available from parties to the

19  litigation.  The MGA Parties further object to this request on the grounds that it is

20  overbroad as to subject matter and time; in particular, the MGA Parties object that

21  the phrases "all documents," "referring or relating to," and "any communications"

22  are unbounded by any date limitation and are not tied in any way to any claim,

23  defense or other issues involved in Phase 2 of this litigation.

24  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 2:**

25          See Mattel's Reason to Compel Production for Request No. 1, above.

26  Further, the objection based upon the tax return privilege is unfounded.  The cases

27  cited by the MGA parties make it clear that tax returns are discoverable "if they are

28  relevant and when there is a compelling need for them because the information

1  sought is not otherwise available."  See Aliotti v. Senora, 217 F.R.D. 496, 498 (N.D.

2  Cal. 2003); see also Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d

3  225, 229 (9th Cir. 1975).  Here, there are compelling reasons for production of the

4  tax returns, if any, of MGA and Larian, as well as the third-parties involved in these

5  transactions.  As discussed above, MGA and Larian's promises to produce and

6  representations regarding their finances have been untrustworthy and misleading.

7  Production of tax returns would be particularly relevant to redress the MGA parties'

8  pattern of misrepresentations because they would provide concise statements of a

9  parties' annual income.

10 **REQUEST NO. 3:**

11          All documents containing financial information, including but not

12 limited to historical and prospective performance, provided by MGA Entertainment,

13 Inc. to Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808

14 Investors, LLC, since January 1, 2007.

15 **OMNI 808'S RESPONSE TO REQUEST NO. 3:**

16          In addition to the general objections set forth above, Omni objects to

17 this request on the ground that it is overly broad and unduly burdensome.  Omni

18 further objects to the request on the ground that it seeks documents that contain

19 private, confidential or proprietary financial information.  Omni further objects to

20 the request on the ground that the burden, expense and intrusiveness of the

21 discovery outweighs the likelihood that the documents sought will lead to the

22 discovery of relevant evidence.

23          The MGA Parties incorporate by reference their General Objections as

24 though fully set forth herein.  The MGA Parties further object that the Discovery

25 Master already has ruled on similarly phrased requests to third parties, including in

26 an Order dated May 7, 2008, concluding that requests using phrases like "all

27 documents" and "containing financial information" are overly broad, vague, unduly

28 burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

1  Court Orders.  The MGA Parties further object that this request calls for the

2  production of documents that are not relevant to any claim or defense in the pending

3  litigation or reasonably calculated to lead to the discovery of admissible evidence.

4  The Request appears designed to circumvent the Court's January 7 Order appointing

5  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

6          The MGA Parties further object to this request to the extent it seeks

7  documents protected by the accountant-client privilege.  The MGA Parties further

8  object to the request to the extent that it seeks documents protected from disclosure

9  by applicable federal and state tax return privileges.  The MGA Parties further

10  object to this request to the extent that it seeks documents that contain trade secrets,

11  confidential, commercially sensitive and/or other proprietary or competitive

12  information that is subject to the MGA Parties' or any other person's constitutional,

13  statutory or common law right of privacy or protection.  The MGA Parties further

14  object to this request as being overly broad, burdensome and harassing to a non-

15  party to the extent that it seeks to force a third party to produce documents or

16  information available from parties to the litigation.  The MGA Parties further object

17  to this request on the grounds that it is overbroad as to subject matter; in particular,

18  the MGA Parties object that the phrases "all documents" and "containing financial

19  information" are not tied in any way to any claim, defense or other issues involved

20  in Phase 2 of this litigation.

21  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 3:**

22          See Mattel's Reason to Compel Production for Request No. 2, above.

23  **REQUEST NO. 4:**

24          Documents sufficient to identify (a) each member, managing member,

25  holder of any ownership interest in, shareholder, officer and director of Omni 808

26  Investors, LLC and (b) the dates of such person's affiliation with Omni 808

27  Investors, LLC.

28

1  **OMNI 808'S RESPONSE TO REQUEST NO. 4:**

2      In addition to the general objections set forth above, Omni objects to

3  this request on the ground that it seeks private, confidential and proprietary

4  information of Omni and other non-parties.  Omni further objects to the request on

5  the ground that it is overly broad, unduly burdensome, oppressive and harassing.

6  Omni further objects to the request on the ground that the burden, expense and

7  intrusiveness of the discovery outweighs the likelihood that the documents sought

8  will lead to the discovery of relevant evidence.

9  **MGA PARTIES' RESPONSE TO REQUEST NO. 4:**

10      The MGA Parties incorporate by reference their General Objections as

11  though fully set forth herein.  The MGA Parties further object that this request calls

12  for the production of documents that are not relevant to any claim or defense in the

13  pending litigation or reasonably calculated to lead to the discovery of admissible

14  evidence.  The Request appears designed to circumvent the Court's January 7 Order

15  appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

16  first instance.

17      The MGA Parties further object to this request to the extent that it seeks

18  documents that contain trade secrets, confidential, commercially sensitive and/or

19  other proprietary or competitive information that is subject to any person's

20  constitutional, statutory or common law right of privacy or protection.  The MGA

21  Parties further object to this request on the grounds that it is overbroad as to subject

22  matter and time.

23  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 4:**

24      See Mattel's Reason to Compel Production for Request No. 1, above.

25  **REQUEST NO. 5:**

26      All documents referring or relating to the formation and governance of

27  Omni 808 Investors, LLC.

28

**OMNI 808'S RESPONSE TO REQUEST NO. 5:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni.  Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing.  Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  Omni further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.  Omni further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**MGA PARTIES' RESPONSE TO REQUEST NO. 5:**

The MGA Parties incorporate by reference their General Objections as though fully set forth herein.  The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the any person's constitutional, statutory or common law right of privacy or protection.  The MGA

1  Parties further object to this request on the grounds that it is overbroad as to subject

2  matter and time; in particular, the MGA Parties object that the phrases "all

3  documents," "formation and governance," and "referring or relating to" are

4  unbounded by any date limitation and are not tied in any way to any claim, defense

5  or other issues involved in Phase 2 of this litigation.

6  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 5:**

7  <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

8  **REQUEST NO. 6:**

9  All documents detailing or setting forth the relationship between Omni

10  808 Investors, LLC and OmniNet Capital, LLC, if any.

11  **OMNI 808'S RESPONSE TO REQUEST NO. 6:**

12  In addition to the general objections set forth above, Omni objects to

13  this request on the ground that it seeks private, confidential and proprietary

14  information of Omni and other non-parties.  Omni further objects to the request on

15  the ground that it is overly broad, unduly burdensome, oppressive and harassing.

16  Omni further objects to the request on the ground that the burden, expense and

17  intrusiveness of the discovery outweighs the likelihood that the documents sought

18  will lead to the discovery of relevant evidence.  Omni further objects to the request

19  on the ground that it seeks documents that are protected by the attorney-client

20  privilege and attorney work product doctrine.  Omni further objects to the request on

21  the ground that it is vague, ambiguous and fails to identify the documents with

22  sufficient particularity.

23  **MGA PARTIES' RESPONSE TO REQUEST NO. 6:**

24  The MGA Parties incorporate by reference their General Objections as

25  though fully set forth herein.  The MGA Parties further object that the Discovery

26  Master already has ruled on similarly phrased requests to third parties, including in

27  an Order dated May 7, 2008, concluding that requests using phrases like "all

28  documents" and "detailing" are overly broad, vague, unduly burdensome, and seek

1   irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

2   MGA Parties further object that this request calls for the production of documents

3   that are not relevant to any claim or defense in the pending litigation or reasonably

4   calculated to lead to the discovery of admissible evidence.  The Request appears

5   designed to circumvent the Court's January 7 Order appointing a forensic auditor

6   and requiring Mattel to pay the auditor's costs in the first instance.

7          The MGA Parties further object to this request to the extent that it seeks

8   documents that contain trade secrets, confidential, commercially sensitive and/or

9   other proprietary or competitive information that is subject to any person's

10  constitutional, statutory or common law right of privacy or protection.  The MGA

11  Parties further object to this request on the grounds that it is overbroad as to subject

12  matter and time; in particular, the MGA Parties object that the phrases "all

13  documents" and "detailing or setting forth" are unbounded by any date limitation

14  and are not tied in any way to any claim, defense or other issues involved in Phase 2

15  of this litigation.

16  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 6:**

17          <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

18  **REQUEST NO. 7:**

19          All documents detailing or setting forth the relationship between Omni

20  808 Investors, LLC and Vision Capital, LLC, if any.

21  **OMNI 808'S RESPONSE TO REQUEST NO. 7:**

22          In addition to the general objections set forth above, Omni objects to

23  this request on the ground that it seeks private, confidential and proprietary

24  information of Omni and other non-parties.  Omni further objects to the request on

25  the ground that it is overly broad, unduly burdensome, oppressive and harassing.

26  Omni further objects to the request on the ground that the burden, expense and

27  intrusiveness of the discovery outweighs the likelihood that the documents sought

28  will lead to the discovery of relevant evidence.  Omni further objects to the request

1    on the around that it seeks documents that are protected by the attorney-client

2    privilege and attorney work product doctrine.  Omni further objects to the request on

3    the ground that it is vague, ambiguous and fails to identify the documents with

4    sufficient particularity.

5    **MGA PARTIES' RESPONSE TO REQUEST NO. 7:**

6           The MGA Parties incorporate by reference their General Objections as

7    though fully set forth herein.  The MGA Parties further object that the Discovery

8    Master already has ruled on similarly phrased requests to third parties, including in

9    an Order dated May 7, 2008, concluding that requests using phrases like "all

10   documents" and "detailing" are overly broad, vague, unduly burdensome, and seek

11   irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

12   MGA Parties further object that this request calls for the production of documents

13   that are not relevant to any claim or defense in the pending litigation or reasonably

14   calculated to lead to the discovery of admissible evidence.  The Request appears

15   designed to circumvent the Court's January 7 Order appointing a forensic auditor

16   and requiring Mattel to pay the auditor's costs in the first instance.

17          The MGA Parties further object to this request to the extent that it seeks

18   documents that contain trade secrets, confidential, commercially sensitive and/or

19   other proprietary or competitive information that is subject to any person's

20   constitutional, statutory or common law right of privacy or protection.  The MGA

21   Parties further object to this request on the grounds that it is overbroad as to subject

22   matter and time; in particular, the MGA Parties object that the phrases "all

23   documents" and "detailing or setting forth" are unbounded by any date limitation

24   and are not tied in any way to any claim, defense or other issues involved in Phase 2

25   of this litigation.

26   **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 7:**

27          <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

28

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  **REQUEST NO. 8:**

2        All documents detailing or setting forth the relationship between Omni

3  808 Investors, LLC and Lexington Financial, LLC, if any.

4  **OMNI 808'S RESPONSE TO REQUEST NO. 8:**

5        In addition to the general objections set forth above, Omni objects to

6  this request on the ground that it seeks private, confidential and proprietary

7  information of Omni and other non-parties.  Omni further objects to the request on

8  the ground that it is overly broad, unduly burdensome, oppressive and harassing.

9  Omni further objects to the request on the ground that the burden, expense and

10  intrusiveness of the discovery outweighs the likelihood that the documents sought

11  will lead to the discovery of relevant evidence.  Omni further objects to the request

12  on the ground that it seeks documents that are protected by the attorney-client

13  privilege and attorney work product doctrine.  Omni further objects to the request on

14  the ground that it is vague, ambiguous and fails to identify the documents with

15  sufficient particularity.

16  **MGA PARTIES' RESPONSE TO REQUEST NO. 8:**

17        The MGA Parties incorporate by reference their General Objections as

18  though fully set forth herein.  The MGA Parties further object that the Discovery

19  Master already has ruled on similarly phrased requests to third parties, including in

20  an Order dated May 7, 2008, concluding that requests using phrases like "all

21  documents," and "referring to or relating to" are overly broad, vague, unduly

22  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

23  Court Orders.  The MGA Parties further object that this request calls for the

24  production of documents that are not relevant to any claim or defense in the pending

25  litigation or reasonably calculated to lead to the discovery of admissible evidence.

26  The Request appears designed to circumvent the Court's January 7 Order appointing

27  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

28

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1    The MGA Parties further object to this request to the extent that it seeks

2    documents that contain trade secrets, confidential, commercially sensitive and/or

3    other proprietary or competitive information that is subject to any person's

4    constitutional, statutory or common law right of privacy or protection.  The MGA

5    Parties further object to this request on the grounds that it is overbroad as to subject

6    matter and time; in particular, the MGA Parties object that the phrases "all

7    documents" and "detailing or setting forth" are unbounded by any date limitation

8    and are not tied in any way to any claim, defense or other issues involved in Phase 2

9    of this litigation.

10   **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 8:**

11   <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

12   **REQUEST NO. 9:**

13   All documents detailing or setting forth the relationship between Omni

14   808 Investors, LLC and MGA Entertainment, Inc., if any.

15   **OMNI 808'S RESPONSE TO REQUEST NO. 9:**

16   In addition to the general objections set forth above, Omni objects to

17   this request on the ground that it seeks private, confidential and proprietary

18   information of Omni.  Omni further objects to the request on the ground that it is

19   overly broad, unduly burdensome, oppressive and harassing.  Omni further objects

20   to the request on the ground that the burden, expense and intrusiveness of the

21   discovery outweighs the likelihood that the documents sought will lead to the

22   discovery of relevant evidence.  Omni further objects to the request on the ground

23   that it seeks documents that are protected by the attorney-client privilege and

24   attorney work product doctrine.  Omni further objects to the request on the ground

25   that it is vague, ambiguous and fails to identify the documents with sufficient

26   particularity.

27

28

00505.07975/2778033.1

-82-                    Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1    **MGA PARTIES' RESPONSE TO REQUEST NO. 9:**

2         The MGA Parties incorporate by reference their General Objections as

3    though fully set forth herein.  The MGA Parties further object that the Discovery

4    Master already has ruled on similarly phrased requests to third parties, including in

5    an Order dated May 7, 2008, concluding that requests using phrases like "all

6    documents," and "referring to or relating to" are overly broad, vague, unduly

7    burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

8    Court Orders.  The MGA Parties further object that this request calls for the

9    production of documents that are not relevant to any claim or defense in the pending

10   litigation or reasonably calculated to lead to the discovery of admissible evidence.

11   The Request appears designed to circumvent the Court's January 7 Order appointing

12   a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

13        The MGA Parties further object to this request to the extent that it seeks

14   documents that contain trade secrets, confidential, commercially sensitive and/or

15   other proprietary or competitive information that is subject to any person's

16   constitutional, statutory or common law right of privacy or protection.  The MGA

17   Parties further object to this request on the grounds that it is overbroad as to subject

18   matter and time; in particular, the MGA Parties object that the phrases "all

19   documents" and "detailing or setting forth" are unbounded by any date limitation

20   and are not tied in any way to any claim, defense or other issues involved in Phase 2

21   of this litigation.

22   **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 9:**

23        See Mattel's Reason to Compel Production for Request No. 1, above.

24   **REQUEST NO. 10:**

25        All documents detailing or setting forth the relationship between Omni

26   808 Investors, LLC and Isaac Larian and his family members, if any.

27

28

00505.07975/2778033.1

-83-                Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

**OMNI 808'S RESPONSE TO REQUEST NO. 10:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties.  Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  Omni further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.  Omni further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**MGA PARTIES' RESPONSE TO REQUEST NO. 10:**

The MGA Parties incorporate by reference their General Objections as though fully set forth herein.  The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to any person's constitutional, statutory or common law right of privacy or protection.  The MGA

-84-

Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all documents" and "detailing or setting forth" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 10:**

<u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

**REQUEST NO. 11:**

All documents referring or relating to the source of funding for Lexington Financial, LLC.

**OMNI 808'S RESPONSE TO REQUEST NO. 11:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties.  Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  Omni further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.  Omni further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**MGA PARTIES' RESPONSE TO REQUEST NO. 11:**

The MGA Parties incorporate by reference their General Objections as though fully set forth herein.  The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly

burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to any person's constitutional, statutory or common law right of privacy or protection.  The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all documents," "referring or relating to," and "source of funding" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 11:**

See Mattel's Reason to Compel Production for Request No. 1, above.

**REQUEST NO. 12:**

All documents referring or relating to the source of funding for Vision Capital, LLC.

**OMNI 808'S RESPONSE TO REQUEST NO. 12:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties.  Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  Omni further objects to the request

1  on the ground that it seeks documents that are protected by the attorney-client

2  privilege and attorney work product doctrine.  Omni further objects to the request on

3  the ground that it is vague, ambiguous and fails to identify the documents with

4  sufficient particularity.

5  **MGA PARTIES' RESPONSE TO REQUEST NO. 12:**

6         The MGA Parties incorporate by reference their General Objections as

7  though fully set forth herein.  The MGA Parties further object that the Discovery

8  Master already has ruled on similarly phrased requests to third parties, including in

9  an Order dated May 7, 2008, concluding that requests using phrases like "all

10  documents," and "referring to or relating to" are overly broad, vague, unduly

11  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

12  Court Orders.  The MGA Parties further object that this request calls for the

13  production of documents that are not relevant to any claim or defense in the pending

14  litigation or reasonably calculated to lead to the discovery of admissible evidence.

15  The Request appears designed to circumvent the Court's January 7 Order appointing

16  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

17         The MGA Parties further object to this request to the extent that it seeks

18  documents that contain trade secrets, confidential, commercially sensitive and/or

19  other proprietary or competitive information that is subject to any person's

20  constitutional, statutory or common law right of privacy or protection.  The MGA

21  Parties further object to this request on the grounds that it is overbroad as to subject

22  matter and time; in particular, the MGA Parties object that the phrases "all

23  documents," "referring or relating to," and "source of funding" are unbounded by

24  any date limitation and are not tied in any way to any claim, defense or other issues

25  involved in Phase 2 of this litigation.

26  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 12:**

27         <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

28

**REQUEST NO. 13:**

All documents referring or relating to all contributions, loans and any sources of funding for Omni 808 Investors, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

**OMNI 808'S RESPONSE TO REQUEST NO. 13:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties.  Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  Omni further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.  Omni further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**MGA PARTIES' RESPONSE TO REQUEST NO. 13:**

The MGA Parties incorporate by reference their General Objections as though fully set forth herein.  The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to any person's constitutional, statutory or common law right of privacy or protection.  The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter; in particular, the MGA Parties object that the phrases "all documents," "referring or relating to," and "source of funding" are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 13:**

<u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

**REQUEST NO. 14:**

All documents showing detail of all loan facilities with an indication of creditor and relevant terms.

**OMNI 808'S RESPONSE TO REQUEST NO. 14:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it is unintelligible.  Omni further objects to the request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties.  Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing.  Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  Omni further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.  Omni further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**MGA PARTIES' RESPONSE TO REQUEST NO. 14:**

The MGA Parties incorporate by reference their General Objections as though fully set forth herein.  The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to any person's constitutional, statutory or common law right of privacy or protection.  The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all documents," "showing detail," and "loan facilities" are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 14:**

See Mattel's Reason to Compel Production for Request No. 1, above.

**REQUEST NO. 15:**

All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Omni 808 Investors, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

00505.07975/2778033.1

-90-                           Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1 **OMNI 808'S RESPONSE TO REQUEST NO. 15:**

2      In addition to the general objections set forth above, Omni objects to

3 this request on the ground that it seeks private, confidential and proprietary

4 information of Omni and other non-parties.  Omni further objects to the request on

5 the ground that it is overly broad, unduly burdensome, oppressive and harassing.

6 Omni further objects to the request on the ground that the burden, expense and

7 intrusiveness of the discovery outweighs the likelihood that the documents sought

8 will lead to the discovery of relevant evidence.  Omni further objects to the request

9 on the ground that it seeks documents that are protected by the attorney-client

10 privilege and attorney work product doctrine.  Omni further objects to the request on

11 the ground that it is vague, ambiguous and fails to identify the documents with

12 sufficient particularity.

13 **MGA PARTIES' RESPONSE TO REQUEST NO. 15:**

14      The MGA Parties incorporate by reference their General Objections as

15 though fully set forth herein.  The MGA Parties further object that the Discovery

16 Master already has ruled on similarly phrased requests to third parties, including in

17 an Order dated May 7, 2008, concluding that requests using phrases like "all

18 documents," and "referring to or relating to" are overly broad, vague, unduly

19 burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

20 Court Orders.  The MGA Parties further object that this request calls for the

21 production of documents that are not relevant to any claim or defense in the pending

22 litigation or reasonably calculated to lead to the discovery of admissible evidence.

23 The Request appears designed to circumvent the Court's January 7 Order appointing

24 a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

25      The MGA Parties further object to this request to the extent it seeks

26 documents protected by the accountant-client privilege.  The MGA Parties further

27 object to the request to the extent that it seeks documents protected from disclosure

28 by applicable federal and state tax return privileges.  The MGA Parties further

object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Parties' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Parties further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force a third party to produce documents or information available from parties to the litigation.  The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 15:**

See Mattel's Reason to Compel Production for Request No. 2, above.

**REQUEST NO. 16:**

Any and all records that substantiate transfers of assets by Omni 808 Investors, LLC to other entities, individuals and/or parties, within the U.S. and outside of the U.S.

**OMNI 808'S RESPONSE TO REQUEST NO. 16:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties.  Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  Omni further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.  Omni further objects to the request on

1  the ground that it is vague, ambiguous and fails to identify the documents with

2  sufficient particularity.

3  **MGA PARTIES' RESPONSE TO REQUEST NO. 16:**

4         The MGA Parties incorporate by reference their General Objections as

5  though fully set forth herein.  The MGA Parties further object that the Discovery

6  Master already has ruled on similarly phrased requests to third parties, including in

7  an Order dated May 7, 2008, concluding that requests using phrases like "any and

8  all records" are overly broad, vague, unduly burdensome, and seek irrelevant

9  information.  Mattel's Subpoena violates these prior Court Orders.  The MGA

10  Parties further object that this request calls for the production of documents that are

11  not relevant to any claim or defense in the pending litigation or reasonably

12  calculated to lead to the discovery of admissible evidence.  The Request appears

13  designed to circumvent the Court's January 7 Order appointing a forensic auditor

14  and requiring Mattel to pay the auditor's costs in the first instance.

15         The MGA Parties further object to this request to the extent that it seeks

16  documents that contain trade secrets, confidential, commercially sensitive and/or

17  other proprietary or competitive information that is subject to the MGA Parties' or

18  any other person's constitutional, statutory or common law right of privacy or

19  protection.  The MGA Parties further object to this request on the grounds that it is

20  overbroad as to subject matter and time; in particular, the MGA Parties object that

21  the phrases "any and all records" and "substantiate" are unbounded by any date

22  limitation and are not tied in any way to any claim, defense or other issues involved

23  in Phase 2 of this litigation.

24  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 16:**

25         <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

26  **REQUEST NO. 17:**

27         All communications referring or relating to Vision Capital, LLC,

28  Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

00505.07975/2778033.1

-93-

Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  **OMNI 808'S RESPONSE TO REQUEST NO. 17:**

2        In addition to the general objections set forth above, Omni objects to

3  this request on the ground that it seeks private, confidential and proprietary

4  information of Omni and other non-parties.  Omni further objects to the request on

5  the ground that it is overly broad, unduly burdensome, oppressive and harassing.

6  Omni further objects to the request on the ground that the burden, expense and

7  intrusiveness of the discovery outweighs the likelihood that the documents sought

8  will lead to the discovery of relevant evidence.  Omni further objects to the request

9  on the ground that it seeks documents that are protected by the attorney-client

10  privilege and attorney work product doctrine.  Omni further objects to the request on

11  the ground that it is vague, ambiguous and fails to identify the documents with

12  sufficient particularity.

13  **MGA PARTIES' RESPONSE TO REQUEST NO. 17:**

14        The MGA Parties incorporate by reference their General Objections as

15  though fully set forth herein.  The MGA Parties further object that the Discovery

16  Master already has ruled on similarly phrased requests to third parties, including in

17  an Order dated May 7, 2008, concluding that requests using phrases like "all

18  communications" and "referring or relating" are overly broad, vague, unduly

19  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

20  Court Orders.  The MGA Parties further object that this request calls for the

21  production of documents that are not relevant to any claim or defense in the pending

22  litigation or reasonably calculated to lead to the discovery of admissible evidence.

23  The Request appears designed to circumvent the Court's January 7 Order appointing

24  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

25        The MGA Parties further object to this request to the extent that it seeks

26  documents that contain trade secrets, confidential, commercially sensitive and/or

27  other proprietary or competitive information that is subject to the MGA Parties' or

28  any other person's constitutional, statutory or common law right of privacy or

00505.07975/2778033.1

-94-

Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

protection.  The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrase "all communications" is unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 17:**

See Mattel's Reason to Compel Production for Request No. 1, above.

**REQUEST NO. 18:**

All documents relating to the U.C.C. financing statements and amendments attached as Exhibit 1.

**OMNI 808'S RESPONSE TO REQUEST NO. 18:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.  Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing.  Omni further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Omni or other non-parties.  Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

**MGA PARTIES' RESPONSE TO REQUEST NO. 18:**

The MGA Parties incorporate by reference their General Objections as though fully set forth herein.  The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents" and "relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The MGA Parties further object that this request calls for the production of documents

that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Parties' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all documents" and "relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 18:**

<u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

IV.     **THE COURT SHOULD COMPEL OMNINET TO PRODUCE RESPONSIVE DOCUMENTS**

**REQUEST NO. 1**:

All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

**MGA PARTIES' RESPONSE TO REQUEST NO. 1:**

The MGA Parties incorporate by reference their General Objections as though fully set forth herein.  The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in

1  an Order dated May 7, 2008, concluding that requests using phrases like "all

2  documents," and "referring to or relating to" are overly broad, vague, unduly

3  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

4  Court Orders.  The MGA Parties further object that this request calls for the

5  production of documents that are not relevant to any claim or defense in the pending

6  litigation or reasonably calculated to lead to the discovery of admissible evidence.

7  The Request appears designed to circumvent the Court's January 7 Order appointing

8  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

9  　　　　The MGA Parties further object to this request to the extent it seeks

10  documents protected by the accountant-client privilege.  The MGA Parties further

11  object to the request to the extent that it seeks documents protected from disclosure

12  by applicable federal and state tax return privileges.  The MGA Parties further

13  object to this request to the extent that it seeks documents that contain trade secrets,

14  confidential, commercially sensitive and/or other proprietary or competitive

15  information that is subject to the MGA Parties' or any other person's constitutional,

16  statutory or common law right of privacy or protection.  The MGA Parties further

17  object to this request as being overly broad, burdensome and harassing to a non-

18  party to the extent that it seeks to force a third party to produce documents or

19  information available from parties to the litigation.  The MGA Parties further object

20  to this request on the grounds that it is overbroad as to subject matter and time; in

21  particular, the MGA Parties object that the phrases "all documents" and "referring or

22  relating to" are unbounded by any date limitation and are not tied in any way to any

23  claim, defense or other issues involved in Phase 2 of this litigation.

24  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 1**:

25  　　　A.　　**Mattel's Subpoenas Seek Documents That Are Unquestionably**

26  　　　　　　**Relevant**

27  　　　　Federal Rule of Civil Procedure 45 obligates third parties to produce

28  documents responsive to a subpoena that a party serves on them.  Fed. R. Civ. P.

45(b), (d).   If the documents are relevant and there is good cause for their production, the subpoena is enforced unless the documents are privileged or the subpoena is unreasonable, oppressive, annoying, or embarrassing.  U.S. v. American Optical Co., 39 F.R.D. 580, 583 (N.D. Cal. 1966); accord Heat and Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) ("the factors required to be balanced by the trial court in determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena.").

1.      The Documents Sought Are Relevant to Mattel's RICO Claims

Mattel's requests are directly relevant to its RICO claims.   In its counterclaims, Mattel alleges that the counter-defendants have operated a widespread criminal enterprise that has engaged in numerous acts of mail and wire fraud and other predicate acts in violation of the RICO statute.[43]   MGA's mid-trial transactions with Omni 808 and the other non-operating entities, which bear the classic hallmarks of an effort to fraudulently transfer assets to its controlling shareholders, are just a continuation of that pattern of racketeering activity in which MGA and Larian have long been engaged.  See, e.g., Asdourian v. Konstantin, 77 F. Supp. 2d 349, 355, 359 (E.D.N.Y. 1999) (allegations that defendant "siphoned away" corporation's assets through "systematic looting" accomplished through fraudulent mortgages constitute predicate acts for RICO).  At a minimum, then, the requests are likely calculated to lead to evidence of acts of wire and mail fraud.[44]  As such, they are unquestionably relevant, because a plaintiff alleging RICO violations should be permitted discovery into each instance of a predicate act, even where

---

[43]   Mattel's Second Am. Complaint and Counter-Claims, dated July 12, 2007, at ¶¶ 88-105, Corey Dec., Exh. 19.

[44]   See id. at ¶ 93(a) & (b).

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1    further discovery is "unnecessary" to establish the category of predicate act.  See
2    Eastman Kodak Co. v. Camarata, 238 F.R.D. 372, 376 (W.D.N.Y. 2006).[45]

3           The discovery sought by the subpoenas may also reveal additional,
4    distinct predicate acts in support of Mattel's RICO allegations.  Mattel's requests
5    seek to unravel the true nature of these "financing" transactions, which involve
6    various shell and off-shore companies and appear to be deliberately structured to
7    conceal the ultimate source of funding.  It may be intended to "conceal or disguise
8    the nature, the location, the source, the ownership, or the control of the proceeds"
9    derived from defendants' unlawful activity—here, among other things, their
10   infringement of Mattel's intellectual property.  18 U.S.C. § 1956.  Whatever the
11   reason, MGA's recent "financing" raises a host of potential predicate RICO
12   violations, regarding which Mattel is entitled to discovery.  See, e.g., 18 U.S.C. §
13   1957 (use of unlawful funds), 18 U.S.C. § 2314 (transportation of converted funds).
14   Likewise, the sales by the IGWT entities of infringing Bratz product may constitute
15   predicate acts of criminal copyright infringement by MGA -- predicate acts that
16   Mattel has alleged against MGA in Phase 2.[46]  Thus, the discovery sought is plainly
17   proper.

18          2.     The Documents Sought Are Also Relevant to Mattel's
19                 Disgorgement Claim

20          One remedy Mattel seeks is disgorgement of all amounts wrongfully
21   obtained.  Mattel may also be entitled to damages for lost profits pursuant to its
22   disgorgement theory of damages.  The disgorgement remedy also provides for the

23   _____

24   [45]   Moreover, even the terms of the loans are themselves relevant.  MGA has paid
25   hundreds of millions of dollars to Larian and his family or associates throughout this
     litigation.  See Corey Dec., ¶ 92 and reference exhibits therein.  That is directly relevant to
26   Larian's personal liability for RICO violations and evidence of his association with and
27   control over the enterprise.
     [46]   SAAC, ¶ 93.

28

imposition of constructive trusts to recover the ill-gotten gains of MGA and Isaac Larian that have been transferred to other parties.  For purposes of establishing disgorgement, Mattel must take into account money transferred from MGA and Isaac Larian, regardless of the manner in which it was transferred.  Mattel is entitled to discovery that shows all assets siphoned from MGA or Isaac Larian for which there was no compensation during the period of the alleged wrongful conduct.

It is undisputed that disgorgement is an available remedy for Mattel's claims against MGA and Larian, including Mattel's claim for trade secret misappropriation.  See 4 Callmann, Unfair Competition and Monopolies § 14.45 (4th ed.) and Clark v. Bunker, 453 F.2d 1006, 1011 (9th Cir. 1972).  The scope of the disgorgement remedy is set forth in two recent California Supreme Court decisions.  See Kraus v. Trinity Management Servs., Inc., 23 Cal. 4th 116 (2000); Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134 (2003).  The court indicated that:

> "disgorgement" is a broader remedy than restitution. . . . [A]n order for disgorgement "may compel a defendant to surrender *all* money obtained through an unfair business practice even though not all is to be restored to the persons from whom it was obtained or those claiming under those persons.  It has also been used to refer to surrender of *all* profits earned as a result of an unfair business practice regardless of whether those profits represent money taken directly from persons who were victims of the unfair practice."

Korea Supply, 29 Cal. 4th at 1145 (quoting Kraus, 23 Cal. 4th at 127) (emphasis added).  Moreover, an important part of disgorgement is the imposition of a constructive trust to recover ill-gotten gains that have been transferred to others by the defendant.  A constructive trust is intended to prevent unjust enrichment, with equity compelling the restoration to another of property to which the holder thereof is not justly entitled.  Taylor v. Polackwich, 145 Cal. App. 3d 1014, 1022 (1983);

1  Cal. Civ. Code §§ 2223, 2224.  See also Weiss v. Marchus, 51 Cal. App. 3d 590,
2  600 (1975) (constructive trust may be imposed in case of fraud, mishandling, or
3  almost any case of wrongful acquisition or detention of property to which another is
4  entitled).  When personal property is in dispute, the legislature has allowed plaintiffs
5  to invoke the remedy of constructive trust.  Cal Civ. Code §§ 2223, 2224.  To create
6  a constructive or involuntary trust only three conditions are necessary: existence of a
7  res, i.e. property or some interest in property, plaintiff's right to that res and
8  defendant's gain of the res by fraud, accident, mistake, undue influence, violation of
9  the trust or other wrongful act. Kraus v. Willow Park Public Golf Course, 73 Cal.
10 App. 3d 354 (1977); see Cramer v. Biddison, 65 Cal. Rptr. 624, 257 Cal. App. 2d
11 720 (1968).  See Burlesci v. Petersen, 68 Cal. App. 4th 1062, 1067 (1998)
12 (constructive trust); Farmers Ins. Exchange v. Zerin, 53 Cal. App. 4th 445, 454-55
13 (1997) (equitable lien is proper if unjust enrichment and detrimental reliance are
14 implicated)

15         By these subpoenas, Mattel seeks evidence to prove the amount the
16 defendants must disgorge.  Money that properly belonged to Mattel was transferred
17 from MGA or Isaac Larian to an entity controlled by them.  Mattel should be able to
18 understand how that money was used because MGA and Isaac Larian have no right
19 to whatever additional gains realized with Mattel's money.  Rather, the right to those
20 additional gains vests solely in Mattel.

21         3.     The Documents Sought Are Relevant to Phase 2 Damages

22         The requests also seek documents relevant to the MGA parties'
23 financial condition, which is relevant to Mattel's Phase 2 damages claims.   A
24 defendant's net worth, financial condition, and ability to pay any award are all
25 factors relevant to an award of punitive damages.  See, e.g., Hilao v. Estate of
26 Marcos, 103 F.3d 767, 781-82 & n. 7 (9th Cir. 1996) (financial condition a relevant
27 factor in awarding punitive damages); Southern California Housing Rights Center v.
28 Krug, 2006 WL 4122148, *4 (C.D. Cal. 2006) ("When a punitive damages claim

1   has been asserted, a majority of federal courts permit pretrial discovery of financial

2   information about defendants without requiring the plaintiff to establish a prima

3   facie case on the issue of punitive damages."); <u>Robert L. Cloud & Associates v.</u>

4   <u>Mikesell</u>, 69 Cal. App. 4th 1141,148-1152 (1999) (defendant's "ability to pay

5   damages award" and "financial condition" were relevant to determining award of

6   punitive damages for misappropriation of trade secrets).

7           Judge Larson and the former Discovery Master have ruled that Mattel

8   is entitled to evidence related to MGA's net worth.  For example, Mattel moved to

9   compel MGA to produce a Rule 30(b)(6) witness on issues related to MGA's net

10  worth after MGA claimed such evidence was irrelevant and should be left to expert

11  testimony.  The Discovery Master agreed with Mattel and ordered the deposition to

12  proceed on the issue of net worth, among others.  MGA objected and appealed to

13  Judge Larson, who affirmed the Discovery Master and held "[t]hat net worth is

14  generally the subject of expert testimony at trial -- a proposition disputed by neither

15  Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6)."[47]

16          Omni 808 and Vision Capital are directly involved in providing

17  funding to MGA in exchange for a security interest.  Such funding, and security

18  interests, are in and of themselves directly relevant to the financial condition of the

19  MGA Parties, including the amount of the security interests, the terms and

20  conditions of the funding, and the rate of the funding.  The true identity of the

21  persons and entities providing the funding and obtaining a security interest in MGA

22  are likewise relevant to that issue.  Moreover, given the level of financing, the

23  parties must have engaged in evaluations of the past, present, and future value of the

24  MGA parties.  It is just such documents that the third-party subpoenas at issue seek.

25

26

27      [47]   July 2, 2007 Order, at 5, Corey Dec., Exh. 12.

28

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1        Finally, as noted above, MGA is using IGWT to sell Bratz products and

2  conduct Bratz business.  Obviously, this kind of evasion is directly relevant to the

3  claims at issue, as well as to the net worth and financial condition of the MGA

4  Parties.  Mattel is entitled to the information sought by the subpoenas for these

5  additional reasons.

6        4.     The Documents Sought Are Relevant to the MGA Parties'

7               Credibility

8        Information is also relevant and discoverable if it relates to "the

9  credibility of any witness." Cable & Computer Tech., Inc. v. Lockheed Sanders,

10  Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997).  As set forth in Section II of Mattel's

11  Motion to Compel Production of Documents Responsive to Third Party Subpoenas,

12  filed concurrently herewith, MGA and Larian made statements under oath about

13  their financial condition as well as about the role of Omni 808 and the other non-

14  operating entities in providing MGA with additional funding.[48]  Mattel is therefore

15  entitled to discovery to determine the true state of these matters -- information

16  which is directly relevant to MGA's and Larian's credibility.

17        5.     The Documents Sought are Relevant to the MGA Parties'

18               Unclean Hands Defense

19        The subpoenas also seek documents relevant to the MGA Parties'

20  defense of unclean hands.  In their answers to Mattel's cross-claims, MGA and

21  Larian asserted that "Mattel's counterclaims are barred in whole or in part by

22

23

24

25      [48]  Compare Declaration of Brian Wing in support of the MGA Parties' Request for a

26  Stay, dated December 11, 2008, at ¶ 13, Corey Dec., Exh. 36 with MGA Parties'

27  Corrections to the Opposition to Mattel's Ex Parte Application for Appointment of a

     Receiver, dated December 31, 2008, at 1, Corey Dec., Exh. 38.

28

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  Mattel's unclean hands."[49]  The alleged basis for their unclean hands defense is wide

2  ranging, touching on every aspect of Phases 1 and 2 of this case, including the

3  alleged infringement of MGA's trade dress and Bratz products as well as allegedly

4  interfering with MGA's efforts to hire Mattel employees.[50]

5          Mattel is entitled to respond to these allegations by demonstrating that

6  the MGA Parties are precluded from invoking the unclean hands defense because

7  they have not themselves acted with clean hands.  The invocation of "unclean

8  hands" is an equitable defense.  GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199,

9  1209-10 (9th Cir. 2000) (discussing "equitable defense" of "unclean hands"); In re

10  McKesson HBOC, Inc. Erisa Litigation, 391 F.Supp.2d 812, 842 (N.D. Cal. 2005)

11  ("[U]nclean hands is an equitable defense.").  A party asserting an equitable defense,

12  however, must itself have "clean hands."  Nelmida v. Shelly Eurocars, Inc., 112 F.3d

13  380, 385 (9th Cir. 1997) (("A cardinal maxim of equity jurisprudence is that he who

14  comes into equity must come with clean hands.") (quoting Banks v. Rockwell

15  Intern. North American Aircraft Operations, 855 F.2d 324, 327 (6th Cir. 1988));

16  Granberry v. Islay Investments, 9 Cal. 4th 738, 743-744, 750 (1995) (equitable

17  defense may be "barred by any of the generally applicable equitable affirmative

18  defenses, including . . . unclean hands"); Blain v. Doctor's Co., 222 Cal. App. 3d

19  1048, 1059 (1990) ("He who comes into Equity must come with clean hands.").  As

20  discussed above, MGA may be engaging in sham and financial fraudulent

21  transactions such as concealing profits and sales of Bratz and other products "off the

22  books" through newly created single purpose companies.  If true, MGA and Larian

23

24

---

25      [49]  MGA's Amended Answer and Affirmative Defenses, dated September 19, 2007, at

26  20-21, Corey Dec., Exh. 103; Isaac Larian's Amended Answer and Affirmative Defenses,
    dated November 8, 2007, at 16-18, Corey Dec., Exh. 104.

27      [50]  Id.

28

00505.07975/2778033.1

-104-          Case No. CV 04-9049 SGL (RNBx)
MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  would be acting with unclean hands and thus precluded from invoking the unclean

2  hands defense themselves.

3       6.     The Documents Sought Are Relevant to Mattel's Unfair

4              Competition Claim

5       The subpoenas seek documents related to Mattel's claim for unfair

6  competition.  The MGA Parties' actions in manipulating the sources of funding and

7  apparently using single-purpose companies to unload Bratz products for pennies on

8  the dollar and resell them may be anti-competitive actions that are encompassed by

9  California's unfair competition laws.   Under Business and Professions Code §

10  17200, "unfair competition" includes "any unlawful, unfair or fraudulent business

11  act or practice...."  Section 17200's scope is "sweeping, embracing anything that can

12  properly be called a business practice and that at the same time is forbidden by law."

13  Rubin v. Green, 4 Cal. 4th 1187, 1200 (1993) (internal quotation marks and citation

14  omitted).  It encompasses "anti-competitive business practices as well as injuries to

15  consumers, and has as a major purpose the preservation of fair business

16  competition."  Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone

17  Co., 20 Cal. 4th 163, 180 (1999).   Accordingly, the documents sought are

18  reasonably calculated to lead to the discovery of admissible evidence relating to

19  Mattel's unfair competition claim.

20  **B.    The Remaining Objections Are Boilerplate And Should Be**

21       **Overruled**

22       1.     The Boilerplate Objections Are Improper

23       The third parties assert a host of boilerplate general objections, which

24  they repeat in their specific objections.  Through these objections, they generally

25  assert that Mattel's document requests (including Mattel's definitions) are irrelevant,

26  overbroad, ambiguous, harassing, cumulative, and unduly burdensome.   Such

27  objections are the hallmark of boilerplate objections that are improper under the

28  Federal Rules of Civil Procedure.   A. Farber and Partners, Inc. v. Garber,

234 F.R.D. 186, 188 (C.D. Cal. 2006) (overruling defendant's boilerplate objections as improper and ordering production of documents).  See Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (holding that court did not have discretion to limit discovery on basis of boilerplate objections).

> 2.   That Documents May be Available from Other Parties Does Not Excuse Compliance

MGA and the third-parties suggest that they are excused from compliance with the third-party subpoenas because some of the documents purportedly may be available from MGA or other sources.  However, because documents may be available from other sources is not grounds to refuse production. "[A] person may not avoid a subpoena by saying that the evidence sought from him is obtainable from another." Covey Oil Co. v. Continental Oil Co., 340 F.2d 993, 998 (10th Cir. 1965) (overruled on other grounds); State Farm Mut. Auto. Ins. Co. v. Accurate Medical, P.C., 2007 WL 2993840, at *1 (E.D.N.Y. 2007) (compelling production of documents third-party claimed were in possession of party to litigation); In re Bergeson, 112 F.R.D. 692, 695 (D. Mont. 1986) (conclusory assertions that documents sought are available from others more economically "does not constitute a showing of unreasonableness or oppressiveness.").  Moreover, no party has demonstrated that all of the documents requested are available from another party.  Nor does this seem likely.  As held by the State Farm court, "nothing in the Federal Rules of Civil Procedure requires a litigant to rely solely on discovery obtained from an adversary instead of utilizing subpoenas." Id. at *1.

Furthermore, Mattel should not be forced to rely solely on MGA in obtaining discovery related to their financial condition or illegal activities.  As the jury unanimously found at trial, MGA fraudulently concealed its illegal activities in this case.  It engaged in a pattern of misrepresentations about its financial condition, including concealing valuations, providing valuations within months of each other that fluctuated by hundreds of millions of dollars, and claiming near insolvency

-106-
Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

when it suited its legal arguments and then denying it when their needs shifted. There also is evidence, described above, of concealment, spoliation and alteration of documents by MGA, Isaac Larian and other MGA executives and MGA-affiliated parties.   The truth-finding function in this case is not served by entrusting MGA itself to produce evidence, including evidence of its own wrongdoing.   As MGA's pattern of misconduct amply shows, quite the opposite is the case here.

3.   The Objection Based Upon the Accountant-Client Privilege Is Unfounded

MGA and the IGWT parties' objection that the requests seek documents protected from disclosure by the accountant-client privilege is without basis.   The United States Supreme Court has recognized that there is "no confidential accountant-client privilege [that] exists under federal law, and no state created privilege has been recognized in federal cases."   Couch v. United States, 409 U.S. 322, 335 (1972) (collecting cases).   Therefore, the objection is frivolous. Nevertheless, even if there was such a privilege, IGWT offers no foundation for its application to the documents requested.   IGWT does not contend that it provides accounting services, much less that it has acted as an accounting firm or agency in relation to MGA (or Larian).

4.   Mattel's Requests Do Not Impose an Undue Burden

The third parties object that the requests are unduly burdensome and that the burden and expense outweighs the documents relevance.   These subpoenaed parties bear the burden of proving undue burden by "specific and compelling" proof; conclusory assertions are insufficient.   Goodman v. U.S., 369 F.2d 166, 169 (9th Cir. 1966) ("The party must provide specific and compelling proof that the burden is undue."); see JZ Buckingham Investments, LLC v. United States, 78 Fed. Cl. 15, 25 (Fed. Cl. Ct. 2007) (denying motion to quash); Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C. Cir. 1984) (reversing district court's decision quashing subpoena).   Here, third parties have not demonstrated the time,

1   cost, or burden involved in responding to Mattel's subpoenas is undue.  Nor could

2   they.  Virtually all of the third parties here are single purpose entities that have

3   existed only a few months.  It is dubious at best that they should have such

4   voluminous records, let alone voluminous records of the type requested by Mattel in

5   the subpoenas, that any burden could be considered undue.

6          The MGA Parties' complaints about alleged burden are wholly

7   irrelevant -- it lacks any standing to even make such an argument -- and simply

8   serve to underscore that MGA seeks to obstruct.  "The burden of showing that a

9   subpoena is unreasonable and oppressive is upon the party to whom it is directed."

10  Goodman v. U.S., 369 F.2d 166, 169 (9th Cir. 1966) (emphasis added).

11         5.    Mattel's Requests Do Not Violate the Discovery Master's May 7,

12               2008 Order

13         MGA and the IGWT Parties object, claiming that the subpoenas violate

14  Judge Infante's May 7, 2008 Order in which he allegedly found that "similarly

15  phrased requests to third parties" were overly burdensome and improper.  This

16  objection should be overruled.  First, the subpoenas at issue in the May 7, 2008

17  Order sought different information and went to different issues than the present

18  requests.  Second, Judge Infante was clear that "[n]othing in this Order is intended

19  to authorize or preclude Mattel from seeking documents from the non-parties

20  identified herein as part of Phase 2 discovery, if appropriate."[51]  So, the objection is

21  without merit.

22         6.    Concerns Over Confidentiality Are Alleviated by the Protective

23               Order

24         The third parties object on the grounds that Mattel seeks documents

25  containing trade secrets, confidential information or otherwise protected by a right

---

[51]   May 7, 2008 Order at 13, Corey Dec., Exh. 75.

00505.07975/2778033.1

-108-

Case No. CV 04-9049 SGL (RNBx)
MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

of privacy.  Because the Court has entered a Protective Order in this action, which Mattel has provided to the subpoenaed parties,[52] the subpoenaed party's concerns about confidentiality do not justify withholding documents from production.  See, e.g., Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (finding that a protective order "can strike the appropriate balance between the need for the information and the privacy concerns" of the party opposing production's employees); Keith H. v. Long Beach Unified School District, 228 F.R.D. 652, 658 (C.D. Cal. 2005) (compelling production of student records because of slight redactions and "a protective order to minimize any invasion of the students' privacy rights"); In re Heritage Bond Litigation, 2004 WL 1970058 at *5, n.12 (C.D. Cal. 2004) ("Any privacy concerns . . . defendants have in their bank records and related financial statements are adequately protected by the protective order, and are not sufficient to prevent production in this matter"); A. Farber and Partners, Inc., 234 F.R.D. at 191-92 ("[P]laintiff's need for defendant Garber's financial documents outweighs defendant Garber's claim of privacy, especially when the 'impact' of the disclosure of the information can be protected by a 'carefully drafted' protective order").

Indeed, the former Discovery Master previously and repeatedly ruled that the Protective Order is sufficient to alleviate any privacy concerns.[53]  Although MGA objected to that ruling, the District Court approved the Discovery Master's order, finding that the entry of a protective order justified compelling production of even "sensitive documents" to MGA's "fierce competitor."[54]   Therefore, the confidential, privacy and trade secret objections must be overruled.

---

[52] Corey Dec., ¶ 3.
[53] Order Dated May 15, 2007, at 11, n.4, Corey Dec., Exh. 99.
[54] Order Dated July 2, 2007, at 3, Corey Dec., Exh. 12.

7.    Mattel's Requests Do Not Violate the Court's January 7, 2009 Order

The MGA parties argument that the requests would "circumvent" the Court's January 7, 2009, misconstrues the order and ignores the Court's order -- issued just the day before -- reopening Phase 2 discovery without limitation.  In the January 7 Order, the Court found "good cause" to appoint a "forensic auditor" to review MGA's financial records.  The scope of the auditor's review, however, is limited to MGA's financial records and does not extend to third parties.[55]  Moreover, nothing in the Court's order suggests that all discovery related to MGA's finances is foreclosed until completion of the audit.  Indeed, the Court lifted the stay on Phase 2 discovery -- without limitation -- on January 6, 2009.[56]

8.    The Objection Based Upon the Tax Return Privilege Is Unfounded

The cases cited by the MGA parties make it clear that tax returns are discoverable "if they are relevant and when there is a compelling need for them because the information sought is not otherwise available."  See Aliotti v. Senora, 217 F.R.D. 496, 498 (N.D. Cal. 2003); see also Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975).  Here, there are compelling reasons for production of the tax returns, if any, of MGA and Larian, as well as the third-parties involved in these transactions.  As discussed above, MGA and Larian's promises to produce and representations regarding their finances have been untrustworthy and misleading.  Production of tax returns would be particularly relevant to redress the MGA parties' pattern of misrepresentations because they would provide concise statements of a parties' annual income.

---

[55]   January 7, 2009 Order Appointing Forensic Auditor, Corey Dec., Exh. 105.
[56]   January 6, 2009 Order, Corey Dec., Exh. 35.

1        C.        **Each of the Subpoenaed Parties Must Produce Adequate Privilege**

2                  **Logs**

3    To the extent the subpoenaed parties are withholding documents on the basis of

4    privilege, they must provide a timely privilege log.  Fed. R. Civ. P. 45; see

5    Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d

6    1142, 1148-50 (9th Cir. 2005) (affirming district court's holding that party waived

7    privilege objections by failing to provide privilege log within thirty days of serving

8    its responses); In re Imperial Corp. of Am., 174 F.R.D. 475, 477 (S.D. Cal. 1997)

9    (waiver rule for failure to provide privilege log applies to subpoenas to third

10   parties).  Accordingly, the Discovery Master should order the subpoenaed parties to

11   produce privilege logs as required by Rule 45(d)(2).

12   **REQUEST NO. 2**:

13            All documents referring or relating to agreements, contracts or

14   transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and

15   OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and

16   any amendments or modifications thereto, and any communications referring or

17   relating to any such agreements, contracts or transactions

18   **MGA PARTIES' RESPONSE TO REQUEST NO. 2:**

19            The MGA Parties incorporate by reference their General Objections as

20   though fully set forth herein.  The MGA Parties further object that the Discovery

21   Master already has ruled on similarly phrased requests to third parties, including in

22   an Order dated May 7, 2008, concluding that requests using phrases like "all

23   documents" and "referring to or relating to" are overly broad, vague, unduly

24   burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

25   Court Orders.  The MGA Parties further object that this request calls for the

26   production of documents that are not relevant to any claim or defense in the pending

27   litigation or reasonably calculated to lead to the discovery of admissible evidence.

28

1  The Request appears designed to circumvent the Court's January 7 Order appointing

2  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

3         The MGA Parties further object to this request to the extent it seeks

4  documents protected by the accountant-client privilege.  The MGA Parties further

5  object to the request to the extent that it seeks documents protected from disclosure

6  by applicable federal and state tax return privileges.  The MGA Parties further

7  object to this request to the extent that it seeks documents that contain trade secrets,

8  confidential, commercially sensitive and/or other proprietary or competitive

9  information that is subject to the MGA Parties' or any other person's constitutional,

10 statutory or common law right of privacy or protection.  The MGA Parties further

11 object to this request as being overly broad, burdensome and harassing to a non-

12 party to the extent that it seeks to force a third party to produce documents or

13 information available from parties to the litigation.  The MGA Parties further object

14 to this request on the grounds that it is overbroad as to subject matter and time; in

15 particular, the MGA Parties object that the phrases "all documents," "referring or

16 relating to," and "any communications" are unbounded by any date limitation and

17 are not tied in any way to any claim, defense or other issues involved in Phase 2 of

18 this litigation.

19 **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 2**:

20        See Mattel's Reason to Compel Production for Request No. 1, above.

21 **REQUEST NO. 3**:

22        All documents containing financial information, including but not

23 limited to historical and prospective financial performance, provided by MGA

24 Entertainment, Inc. to OmniNet Capital, LLC, or any subsidiary or affiliate of

25 OmniNet Capital, LLC, since January 1, 2007.

26 **MGA PARTIES' RESPONSE TO REQUEST NO. 3:**

27        The MGA Parties incorporate by reference their General Objections as

28 though fully set forth herein.  The MGA Parties further object that the Discovery

1   Master already has ruled on similarly phrased requests to third parties, including in

2   an Order dated May 7, 2008, concluding that requests using phrases like "all

3   documents" and "containing financial information" are overly broad, vague, unduly

4   burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

5   Court Orders.  The MGA Parties further object that this request calls for the

6   production of documents that are not relevant to any claim or defense in the pending

7   litigation or reasonably calculated to lead to the discovery of admissible evidence.

8   The Request appears designed to circumvent the Court's January 7 Order appointing

9   a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

10          The MGA Parties further object to this request to the extent it seeks

11   documents protected by the accountant-client privilege.  The MGA Parties further

12   object to the request to the extent that it seeks documents protected from disclosure

13   by applicable federal and state tax return privileges.  The MGA Parties further

14   object to this request to the extent that it seeks documents that contain trade secrets,

15   confidential, commercially sensitive and/or other proprietary or competitive

16   information that is subject to the MGA Parties' or any other person's constitutional,

17   statutory or common law right of privacy or protection.  The MGA Parties further

18   object to this request as being overly broad, burdensome and harassing to a non-

19   party to the extent that it seeks to force a third party to produce documents or

20   information available from parties to the litigation.  The MGA Parties further object

21   to this request on the grounds that it is overbroad as to subject matter; in particular,

22   the MGA Parties object that the phrases "all documents" and "containing financial

23   information" are not tied in any way to any claim, defense or other issues involved

24   in Phase 2 of this litigation.

25   **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 3**:

26          See Mattel's Reason to Compel Production for Request No. 1, above.

27   **REQUEST NO. 4**:

28

00505.07975/2778033.1

-113-                    Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1   Documents sufficient to identify (a) each member, managing member,

2   holder of any ownership interest in, shareholder, officer and director of OmniNet

3   Capital, LLC since January 1, 2005 and (b) the dates of such person's affiliation

4   with OmniNet Capital, LLC.

5   **MGA PARTIES' RESPONSE TO REQUEST NO. 4:**

6   The MGA Parties incorporate by reference their General Objections as

7   though fully set forth herein.  The MGA Parties further object that this request calls

8   for the production of documents that are not relevant to any claim or defense in the

9   pending litigation or reasonably calculated to lead to the discovery of admissible

10   evidence.  The Request appears designed to circumvent the Court's January 7 Order

11   appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

12   first instance.

13   The MGA Parties further object to this request to the extent that it seeks

14   documents that contain trade secrets, confidential, commercially sensitive and/or

15   other proprietary or competitive information that is subject to any person's

16   constitutional, statutory or common law right of privacy or protection.  The MGA

17   Parties further object to this request on the grounds that it is overbroad as to subject

18   matter and time.

19   **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 4**:

20   <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

21   **REQUEST NO. 5**:

22   All documents detailing or setting forth the relationship between Omni

23   808 Investors, LLC and OmniNet Capital, LLC, if any.

24   **MGA PARTIES' RESPONSE TO REQUEST NO. 5:**

25   The MGA Parties incorporate by reference their General Objections as

26   though fully set forth herein.  The MGA Parties further object that the Discovery

27   Master already has ruled on similarly phrased requests to third parties, including in

28   an Order dated May 7, 2008, concluding that requests using phrases like "all

00505.07975/2778033.1

-114-                    Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the any person's constitutional, statutory or common law right of privacy or protection.  The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all documents" and "detailing or setting forth," are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 5**:

<u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

**REQUEST NO. 6**:

All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Vision Capital, LLC, if any.

**MGA PARTIES' RESPONSE TO REQUEST NO. 6:**

The MGA Parties incorporate by reference their General Objections as though fully set forth herein.  The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents" and "detailing" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

1  MGA Parties further object that this request calls for the production of documents

2  that are not relevant to any claim or defense in the pending litigation or reasonably

3  calculated to lead to the discovery of admissible evidence.  The Request appears

4  designed to circumvent the Court's January 7 Order appointing a forensic auditor

5  and requiring Mattel to pay the auditor's costs in the first instance.

6         The MGA Parties further object to this request to the extent that it seeks

7  documents that contain trade secrets, confidential, commercially sensitive and/or

8  other proprietary or competitive information that is subject to any person's

9  constitutional, statutory or common law right of privacy or protection.  The MGA

10  Parties further object to this request on the grounds that it is overbroad as to subject

11  matter and time; in particular, the MGA Parties object that the phrases "all

12  documents" and "detailing or setting forth" are unbounded by any date limitation

13  and are not tied in any way to any claim, defense or other issues involved in Phase 2

14  of this litigation.

15  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 6**:

16         See Mattel's Reason to Compel Production for Request No. 1, above.

17  **REQUEST NO. 7**:

18         All documents detailing or setting forth the relationship between

19  OmniNet Capital, LLC and Lexington Financial, LLC, if any.

20  **MGA PARTIES' RESPONSE TO REQUEST NO. 7:**

21         The MGA Parties incorporate by reference their General Objections as

22  though fully set forth herein.  The MGA Parties further object that the Discovery

23  Master already has ruled on similarly phrased requests to third parties, including in

24  an Order dated May 7, 2008, concluding that requests using phrases like "all

25  documents" and "detailing" are overly broad, vague, unduly burdensome, and seek

26  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

27  MGA Parties further object that this request calls for the production of documents

28  that are not relevant to any claim or defense in the pending litigation or reasonably

1   calculated to lead to the discovery of admissible evidence.  The Request appears

2   designed to circumvent the Court's January 7 Order appointing a forensic auditor

3   and requiring Mattel to pay the auditor's costs in the first instance.

4          The MGA Parties further object to this request to the extent that it seeks

5   documents that contain trade secrets, confidential, commercially sensitive and/or

6   other proprietary or competitive information that is subject to any person's

7   constitutional, statutory or common law right of privacy or protection.  The MGA

8   Parties further object to this request on the grounds that it is overbroad as to subject

9   matter and time; in particular, the MGA Parties object that the phrases "all

10  documents" and "detailing or setting forth" are unbounded by any date limitation

11  and are not tied in any way to any claim, defense or other issues involved in Phase 2

12  of this litigation.

13  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 7**:

14         See Mattel's Reason to Compel Production for Request No. 1, above.

15  **REQUEST NO. 8**:

16         All documents detailing or setting forth the relationship between

17  OmniNet Capital, LLC and MGA Entertainment, Inc., if any.

18  **MGA PARTIES' RESPONSE TO REQUEST NO. 8:**

19         The MGA Parties incorporate by reference their General Objections as

20  though fully set forth herein.  The MGA Parties further object that the Discovery

21  Master already has ruled on similarly phrased requests to third parties, including in

22  an Order dated May 7, 2008, concluding that requests using phrases like "all

23  documents" and "detailing" are overly broad, vague, unduly burdensome, and seek

24  irrelevant information, Mattel's Subpoena violates these prior Court Orders.  The

25  MGA Parties further object that this request calls for the production of documents

26  that are not relevant to any claim or defense in the pending litigation or reasonably

27  calculated to lead to the discovery of admissible evidence.  The Request appears

28

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  designed to circumvent the Court's January 7 Order appointing a forensic auditor

2  and requiring Mattel to pay the auditor's costs in the first instance.

3          The MGA Parties further object to this request to the extent that it seeks

4  documents that contain trade secrets, confidential, commercially sensitive and/or

5  other proprietary or competitive information that is subject to any person's

6  constitutional, statutory or common law right of privacy or protection.  The MGA

7  Parties further object to this request on the grounds that it is overbroad as to subject

8  matter and time; in particular, the MGA Parties object that the phrases "all

9  documents" and "detailing or setting forth" are unbounded by any date limitation

10  and are not tied in any way to any claim, defense or other issues involved in Phase 2

11  of this litigation.

12  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 8**:

13          <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

14  **REQUEST NO. 9**:

15          All documents detailing or setting forth the relationship between

16  OmniNet Capital, LLC and Isaac Larian or his family members, if any.

17  **MGA PARTIES' RESPONSE TO REQUEST NO. 9:**

18          The MGA Parties incorporate by reference their General Objections as

19  though fully set forth herein.  The MGA Parties further object that the Discovery

20  Master already has ruled on similarly phrased requests to third parties, including in

21  an Order dated May 7, 2008, concluding that requests using phrases like "all

22  documents" and "detailing" are overly broad, vague, unduly burdensome, and seek

23  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

24  MGA Parties further object that this request calls for the production of documents

25  that are not relevant to any claim or defense in the pending litigation or reasonably

26  calculated to lead to the discovery of admissible evidence.  The Request appears

27  designed to circumvent the Court's January 7 Order appointing a forensic auditor

28  and requiring Mattel to pay the auditor's costs in the first instance.

1    The MGA Parties further object to this request to the extent that it seeks

2  documents that contain trade secrets, confidential, commercially sensitive and/or

3  other proprietary or competitive information that is subject to any person's

4  constitutional, statutory or common law right of privacy or protection.  The MGA

5  Parties further object to this request on the grounds that it is overbroad as to subject

6  matter and time; in particular, the MGA Parties object that the phrases "all

7  documents" and "detailing or setting forth" are unbounded by any date limitation

8  and are not tied in any way to any claim, defense or other issues involved in Phase 2

9  of this litigation.

10  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 9**:

11    See Mattel's Reason to Compel Production for Request No. 1, above.

12  **REQUEST NO. 10**:

13    All documents referring or relating to the source of funding for

14  Lexington Financial, LLC.

15  **MGA PARTIES' RESPONSE TO REQUEST NO. 10:**

16    The MGA Parties incorporate by reference their General Objections as

17  though fully set forth herein.  The MGA Parties further object that the Discovery

18  Master already has ruled on similarly phrased requests to third parties, including in

19  an Order dated May 7, 2008, concluding that requests using phrases like "all

20  documents" and "referring to or relating to" are overly broad, vague, unduly

21  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

22  Court Orders.  The MGA Parties further object that this request calls for the

23  production of documents that are not relevant to any claim or defense in the pending

24  litigation or reasonably calculated to lead to the discovery of admissible evidence.

25  The Request appears designed to circumvent the Court's January 7 Order appointing

26  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

27    The MGA Parties further object to this request to the extent that it seeks

28  documents that contain trade secrets, confidential, commercially sensitive and/or

1   other proprietary or competitive information that is subject to any person's

2   constitutional, statutory or common law right of privacy or protection.  The MGA

3   Parties further object to this request on the grounds that it is overbroad as to subject

4   matter and time; in particular, the MGA Parties object that the phrases "all

5   documents," "referring or relating to," and "source of funding" are unbounded by

6   any date limitation and are not tied in any way to any claim, defense or other issues

7   involved in Phase 2 of this litigation.

8   **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 10**:

9   <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

10   **REQUEST NO. 11**:

11   All documents referring or relating to the source of funding for Omni

12   808 Investors, LLC.

13   **MGA PARTIES' RESPONSE TO REQUEST NO. 11:**

14   The MGA Parties incorporate by reference their General Objections as

15   though fully set forth herein.  The MGA Parties further object that the Discovery

16   Master already has ruled on similarly phrased requests to third parties, including in

17   an Order dated May 7, 2008, concluding that requests using phrases like "all

18   documents," and "referring to or relating to" are overly broad, vague, unduly

19   burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

20   Court Orders.  The MGA Parties further object that this request calls for the

21   production of documents that are not relevant to any claim or defense in the pending

22   litigation or reasonably calculated to lead to the discovery of admissible evidence.

23   The Request appears designed to circumvent the Court's January 7 Order appointing

24   a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

25   The MGA Parties further object to this request to the extent that it seeks

26   documents that contain trade secrets, confidential, commercially sensitive and/or

27   other proprietary or competitive information that is subject to any person's

28   constitutional, statutory or common law right of privacy or protection.  The MGA

-120-

Case No. CV 04-9049 SGL (RNBx)

Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all documents," "referring or relating to," and "source of funding" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 11**:

       <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

**REQUEST NO. 12**:

       All documents referring or relating to the source of funding for Vision Capital, LLC.

**MGA PARTIES' RESPONSE TO REQUEST NO. 12:**

       The MGA Parties incorporate by reference their General Objections as though fully set forth herein.  The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information, Mattel's Subpoena violates these prior Court Orders.  The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

       The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to any person's constitutional, statutory or common law right of privacy or protection.  The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all

documents," "referring or relating to," and "source of funding" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 12**:

<u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

**REQUEST NO. 13**:

All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by OmniNet Capital, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

**MGA PARTIES' RESPONSE TO REQUEST NO. 13:**

The MGA Parties incorporate by reference their General Objections as though fully set forth herein.  The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

The MGA Parties further object to this request to the extent it seeks documents protected by the accountant-client privilege.  The MGA Parties further object to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges.  The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive

00505.07975/2778033.1

-122-

Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  information that is subject to the MGA Parties' or any other person's constitutional,

2  statutory or common law right of privacy or protection.  The MGA Parties further

3  object to this request as being overly broad, burdensome and harassing to a non-

4  party to the extent that it seeks to force a third party to produce documents or

5  information available from parties to the litigation.  The MGA Parties further object

6  to this request on the grounds that it is overbroad as to subject matter and time; in

7  particular, the MGA Parties object that the phrases "all documents" and "referring or

8  relating to" are unbounded by any date limitation and are not tied in any way to any

9  claim, defense or other issues involved in Phase 2 of this litigation.

10  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 13**:

11        <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

12  **REQUEST NO. 14**:

13        All communications referring or relating to Vision Capital, LLC,

14  Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

15  **MGA PARTIES' RESPONSE TO REQUEST NO. 14:**

16        The MGA Parties incorporate by reference their General Objections as

17  though fully set forth herein.  The MGA Parties further object that the Discovery

18  Master already has ruled on similarly phrased requests to third parties, including in

19  an Order dated May 7, 2008, concluding that requests using phrases like "all

20  communications" and "referring or relating" are overly broad, vague, unduly

21  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

22  Court Orders.  The MGA Parties further object that this request calls for the

23  production of documents that are not relevant to any claim or defense in the pending

24  litigation or reasonably calculated to lead to the discovery of admissible evidence.

25  The Request appears designed to circumvent the Court's January 7 Order appointing

26  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

27        The MGA Parties further object to this request to the extent that it seeks

28  documents that contain trade secrets, confidential, commercially sensitive and/or

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  other proprietary or competitive information that is subject to the MGA Parties' or

2  any other person's constitutional, statutory or common law right of privacy or

3  protection.  The MGA Parties further object to this request on the grounds that it is

4  overbroad as to subject matter and time; in particular, the MGA Parties object that

5  the phrase "all communications" is unbounded by any date limitation and are not

6  tied in any way to any claim, defense or other issues involved in Phase 2 of this

7  litigation.

8  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 14**:

9          <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

10  **REQUEST NO. 15**:

11          All documents relating to the U.C.C. financing statements and

12  amendments attached as Exhibit 1.

13  **MGA PARTIES' RESPONSE TO REQUEST NO. 15:**

14          The MGA Parties incorporate by reference their General Objections as

15  though fully set forth herein.  The MGA Parties further object that the Discovery

16  Master already has ruled on similarly phrased requests to third parties, including in

17  an Order dated May 7, 2008, concluding that requests using phrases like "all

18  documents" and "relating to" are overly broad, vague, unduly burdensome, and seek

19  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

20  MGA Parties further object that this request calls for the production of documents

21  that are not relevant to any claim or defense in the pending litigation or reasonably

22  calculated to lead to the discovery of admissible evidence.  The Request appears

23  designed to circumvent the Court's January 7 Order appointing a forensic auditor

24  and requiring Mattel to pay the auditor's costs in the first instance.

25          The MGA Parties further object to this request to the extent that it seeks

26  documents that contain trade secrets, confidential, commercially sensitive and/or

27  other proprietary or competitive information that is subject to the MGA Parties' or

28  any other person's constitutional, statutory or common law right of privacy or

protection.  The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all documents" and "relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 15**:

See Mattel's Reason to Compel Production for Request No. 1, above.

V.   **THE COURT SHOULD COMPEL VISION CAPITAL TO PRODUCE RESPONSIVE DOCUMENTS**

**REQUEST NO. 1:**

All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and Vision Capital, LLC or any subsidiary or affiliate of Vision Capital, LLC and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

**VISION CAPITAL'S RESPONSE TO REQUEST NO. 1:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.  Vision Capital further objects to the request on the ground that it is overly broad and unduly burdensome.  Vision Capital further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Vision Capital or other non-parties.  Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

**MGA PARTIES' RESPONSE TO REQUEST NO. 1:**

The MGA Parties incorporate by reference their General Objections as though fully set forth herein.  The MGA Parties further object that the Discovery

1   Master already has ruled on similarly phrased requests to third parties, including in

2   an Order dated May 7, 2008, concluding that requests using phrases like "all

3   documents" and "referring to or relating to" are overly broad, vague, unduly

4   burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

5   Court Orders.  The MGA Parties further object that this request calls for the

6   production of documents that are not relevant to any claim or defense in the pending

7   litigation or reasonably calculated to lead to the discovery of admissible evidence.

8   The Request appears designed to circumvent the Court's January 7 Order appointing

9   a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

10          The MGA Parties further object to this request to the extent that it seeks

11  documents that contain trade secrets, confidential, commercially sensitive and/or

12  other proprietary or competitive information that is subject to the MGA Parties' or

13  any other person's constitutional, statutory or common law right of privacy or

14  protection.  The MGA Parties further object to this request as being overly broad,

15  burdensome and harassing to a non-party to the extent that it seeks to force a third

16  party to produce documents or information available from parties to the litigation.

17  The MGA Parties further object to this request on the grounds that it is overbroad as

18  to subject matter and time; in particular, the MGA Parties object that the phrases "all

19  documents" and "referring or relating to" are unbounded by any date limitation and

20  are not tied in any way to any claim, defense or other issues involved in Phase 2 of

21  this litigation.

22  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 1:**

23          A.      **Mattel's Subpoenas Seek Documents That Are Unquestionably**

24                  **Relevant**

25          Federal Rule of Civil Procedure 45 obligates third parties to produce

26  documents responsive to a subpoena that a party serves on them.  Fed. R. Civ. P.

27  45(b), (d).   If the documents are relevant and there is good cause for their

28  production, the subpoena is enforced unless the documents are privileged or the

1  subpoena is unreasonable, oppressive, annoying, or embarrassing.  U.S. v. American
2  Optical Co., 39 F.R.D. 580, 583 (N.D. Cal. 1966); accord Heat and Control, Inc. v.
3  Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) ("the factors required to be
4  balanced by the trial court in determining the propriety of a subpoena are the
5  relevance of the discovery sought, the requesting party's need, and the potential
6  hardship to the party subject to the subpoena.").

7        1.    The Documents Sought Are Relevant to Mattel's RICO Claims

8             Mattel's requests are directly relevant to its RICO claims.  In its
9  counterclaims, Mattel alleges that the counter-defendants have operated a
10  widespread criminal enterprise that has engaged in numerous acts of mail and wire
11  fraud and other predicate acts in violation of the RICO statute.[57]  MGA's mid-trial
12  transactions with Omni 808 and the other non-operating entities, which bear the
13  classic hallmarks of an effort to fraudulently transfer assets to its controlling
14  shareholders, are just a continuation of that pattern of racketeering activity in which
15  MGA and Larian have long been engaged.  See, e.g., Asdourian v. Konstantin, 77 F.
16  Supp. 2d 349, 355, 359 (E.D.N.Y. 1999) (allegations that defendant "siphoned
17  away" corporation's assets through "systematic looting" accomplished through
18  fraudulent mortgages constitute predicate acts for RICO).  At a minimum, then, the
19  requests are likely calculated to lead to evidence of acts of wire and mail fraud.[58]  As
20  such, they are unquestionably relevant, because a plaintiff alleging RICO violations
21  should be permitted discovery into each instance of a predicate act, even where

22
23
24
25

26  [57]  Mattel's Second Am. Complaint and Counter-Claims, dated July 12, 2007, at ¶¶ 88-
27  105, Corey Dec., Exh. 19.
    [58]  See id. at ¶ 93(a) & (b).
28

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1    further discovery is "unnecessary" to establish the category of predicate act.  See

2    Eastman Kodak Co. v. Camarata, 238 F.R.D. 372, 376 (W.D.N.Y. 2006).[59]

3           The discovery sought by the subpoenas may also reveal additional,

4    distinct predicate acts in support of Mattel's RICO allegations.  Mattel's requests

5    seek to unravel the true nature of these "financing" transactions, which involve

6    various shell and off-shore companies and appear to be deliberately structured to

7    conceal the ultimate source of funding.  It may be intended to "conceal or disguise

8    the nature, the location, the source, the ownership, or the control of the proceeds"

9    derived from defendants' unlawful activity—here, among other things, their

10   infringement of Mattel's intellectual property.  18 U.S.C. § 1956.  Whatever the

11   reason, MGA's recent "financing" raises a host of potential predicate RICO

12   violations, regarding which Mattel is entitled to discovery.  See, e.g., 18 U.S.C. §

13   1957 (use of unlawful funds), 18 U.S.C. § 2314 (transportation of converted funds).

14   Likewise, the sales by the IGWT entities of infringing Bratz product may constitute

15   predicate acts of criminal copyright infringement by MGA -- predicate acts that

16   Mattel has alleged against MGA in Phase 2.[60]  Thus, the discovery sought is plainly

17   proper.

18           2.      The Documents Sought Are Also Relevant to Mattel's

19                   Disgorgement Claim

20           One remedy Mattel seeks is disgorgement of all amounts wrongfully

21   obtained.  Mattel may also be entitled to damages for lost profits pursuant to its

22   disgorgement theory of damages.  The disgorgement remedy also provides for the

---

[59]    Moreover, even the terms of the loans are themselves relevant.  MGA has paid hundreds of millions of dollars to Larian and his family or associates throughout this litigation.  See Corey Dec., ¶ 92 and reference exhibits therein.  That is directly relevant to Larian's personal liability for RICO violations and evidence of his association with and control over the enterprise.

[60]    SAAC, ¶ 93.

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  imposition of constructive trusts to recover the ill-gotten gains of MGA and Isaac

2  Larian that have been transferred to other parties.   For purposes of establishing

3  disgorgement, Mattel must take into account money transferred from MGA and

4  Isaac Larian, regardless of the manner in which it was transferred.  Mattel is entitled

5  to discovery that shows all assets siphoned from MGA or Isaac Larian for which

6  there was no compensation during the period of the alleged wrongful conduct.

7        It is undisputed that disgorgement is an available remedy for Mattel's

8  claims against MGA and Larian, including Mattel's claim for trade secret

9  misappropriation.   See 4 Callmann, Unfair Competition and Monopolies § 14.45

10  (4th ed.) and Clark v. Bunker, 453 F.2d 1006, 1011 (9th Cir. 1972).  The scope of

11  the disgorgement remedy is set forth in two recent California Supreme Court

12  decisions.   See Kraus v. Trinity Management Servs., Inc., 23 Cal. 4th 116 (2000);

13  Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134 (2003).  The court

14  indicated that:

15      "disgorgement" is a broader remedy than restitution. . . .  [A]n order for

16      disgorgement "may compel a defendant to surrender *all* money

17      obtained through an unfair business practice even though not all is to be

18      restored to the persons from whom it was obtained or those claiming

19      under those persons.  It has also been used to refer to surrender of *all*

20      profits earned as a result of an unfair business practice regardless of

21      whether those profits represent money taken directly from persons who

22      were victims of the unfair practice."

23      Korea Supply, 29 Cal. 4th at 1145 (quoting Kraus, 23 Cal. 4th at 127)

24  (emphasis added).  Moreover, an important part of disgorgement is the imposition of

25  a constructive trust to recover ill-gotten gains that have been transferred to others by

26  the defendant.  A constructive trust is intended to prevent unjust enrichment, with

27  equity compelling the restoration to another of property to which the holder thereof

28  is not justly entitled.  Taylor v. Polackwich, 145 Cal. App. 3d 1014, 1022 (1983);

Cal. Civ. Code §§ 2223, 2224.  See also Weiss v. Marchus, 51 Cal. App. 3d 590, 600 (1975) (constructive trust may be imposed in case of fraud, mishandling, or almost any case of wrongful acquisition or detention of property to which another is entitled).  When personal property is in dispute, the legislature has allowed plaintiffs to invoke the remedy of constructive trust.  Cal Civ. Code §§ 2223, 2224.  To create a constructive or involuntary trust only three conditions are necessary: existence of a res, i.e. property or some interest in property, plaintiff's right to that res and defendant's gain of the res by fraud, accident, mistake, undue influence, violation of the trust or other wrongful act. Kraus v. Willow Park Public Golf Course, 73 Cal. App. 3d 354 (1977); see Cramer v. Biddison, 65 Cal. Rptr. 624, 257 Cal. App. 2d 720 (1968).  See Burlesci v. Petersen, 68 Cal. App. 4th 1062, 1067 (1998) (constructive trust); Farmers Ins. Exchange v. Zerin, 53 Cal. App. 4th 445, 454-55 (1997) (equitable lien is proper if unjust enrichment and detrimental reliance are implicated)

By these subpoenas, Mattel seeks evidence to prove the amount the defendants must disgorge.  Money that properly belonged to Mattel was transferred from MGA or Isaac Larian to an entity controlled by them.  Mattel should be able to understand how that money was used because MGA and Isaac Larian have no right to whatever additional gains realized with Mattel's money.  Rather, the right to those additional gains vests solely in Mattel.

### 3.	The Documents Sought Are Relevant to Phase 2 Damages

The requests also seek documents relevant to the MGA parties' financial condition, which is relevant to Mattel's Phase 2 damages claims.  A defendant's net worth, financial condition, and ability to pay any award are all factors relevant to an award of punitive damages.  See, e.g., Hilao v. Estate of Marcos, 103 F.3d 767, 781-82 & n. 7 (9th Cir. 1996) (financial condition a relevant factor in awarding punitive damages); Southern California Housing Rights Center v. Krug, 2006 WL 4122148, *4 (C.D. Cal. 2006) ("When a punitive damages claim

00505.07975/2778033.1

-130-                         Case No. CV 04-9049 SGL (RNBx)
MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1   has been asserted, a majority of federal courts permit pretrial discovery of financial
2   information about defendants without requiring the plaintiff to establish a prima
3   facie case on the issue of punitive damages."); <u>Robert L. Cloud & Associates v.</u>
4   <u>Mikesell</u>, 69 Cal. App. 4th 1141,148-1152 (1999) (defendant's "ability to pay
5   damages award" and "financial condition" were relevant to determining award of
6   punitive damages for misappropriation of trade secrets).

7           Judge Larson and the former Discovery Master have ruled that Mattel
8   is entitled to evidence related to MGA's net worth.  For example, Mattel moved to
9   compel MGA to produce a Rule 30(b)(6) witness on issues related to MGA's net
10   worth after MGA claimed such evidence was irrelevant and should be left to expert
11   testimony.  The Discovery Master agreed with Mattel and ordered the deposition to
12   proceed on the issue of net worth, among others.  MGA objected and appealed to
13   Judge Larson, who affirmed the Discovery Master and held "[t]hat net worth is
14   generally the subject of expert testimony at trial -- a proposition disputed by neither
15   Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6)."[61]

16           Omni 808 and Vision Capital are directly involved in providing
17   funding to MGA in exchange for a security interest.  Such funding, and security
18   interests, are in and of themselves directly relevant to the financial condition of the
19   MGA Parties, including the amount of the security interests, the terms and
20   conditions of the funding, and the rate of the funding.  The true identity of the
21   persons and entities providing the funding and obtaining a security interest in MGA
22   are likewise relevant to that issue.  Moreover, given the level of financing, the
23   parties must have engaged in evaluations of the past, present, and future value of the
24   MGA parties.  It is just such documents that the third-party subpoenas at issue seek.

25
26
27   [61]   July 2, 2007 Order, at 5, Corey Dec., Exh. 12.
28

1    Finally, as noted above, MGA is using IGWT to sell Bratz products and

2    conduct Bratz business.  Obviously, this kind of evasion is directly relevant to the

3    claims at issue, as well as to the net worth and financial condition of the MGA

4    Parties.  Mattel is entitled to the information sought by the subpoenas for these

5    additional reasons.

6             4.     The Documents Sought Are Relevant to the MGA Parties'

7                     Credibility

8    Information is also relevant and discoverable if it relates to "the

9    credibility of any witness." Cable & Computer Tech., Inc. v. Lockheed Sanders,

10    Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997).  As set forth in Section II of Mattel's

11    Motion to Compel Production of Documents Responsive to Third Party Subpoenas,

12    filed concurrently herewith, MGA and Larian made statements under oath about

13    their financial condition as well as about the role of Omni 808 and the other non-

14    operating entities in providing MGA with additional funding.[62]  Mattel is therefore

15    entitled to discovery to determine the true state of these matters -- information

16    which is directly relevant to MGA's and Larian's credibility.

17             5.     The Documents Sought are Relevant to the MGA Parties'

18                     Unclean Hands Defense

19    The subpoenas also seek documents relevant to the MGA Parties'

20    defense of unclean hands.  In their answers to Mattel's cross-claims, MGA and

21    Larian asserted that "Mattel's counterclaims are barred in whole or in part by

22

23

24

25    [62]  Compare Declaration of Brian Wing in support of the MGA Parties' Request for a

26    Stay, dated December 11, 2008, at ¶ 13, Corey Dec., Exh. 36 with MGA Parties'

27    Corrections to the Opposition to Mattel's Ex Parte Application for Appointment of a
Receiver, dated December 31, 2008, at 1, Corey Dec., Exh. 38.

28

1   Mattel's unclean hands."[63]  The alleged basis for their unclean hands defense is wide

2   ranging, touching on every aspect of Phases 1 and 2 of this case, including the

3   alleged infringement of MGA's trade dress and Bratz products as well as allegedly

4   interfering with MGA's efforts to hire Mattel employees.[64]

5            Mattel is entitled to respond to these allegations by demonstrating that

6   the MGA Parties are precluded from invoking the unclean hands defense because

7   they have not themselves acted with clean hands.   The invocation of "unclean

8   hands" is an equitable defense.  GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199,

9   1209-10 (9th Cir. 2000) (discussing "equitable defense" of "unclean hands"); In re

10  McKesson HBOC, Inc. Erisa Litigation, 391 F.Supp.2d 812, 842 (N.D. Cal. 2005)

11  ("[U]nclean hands is an equitable defense.").  A party asserting an equitable defense,

12  however, must itself have "clean hands."  Nelmida v. Shelly Eurocars, Inc., 112 F.3d

13  380, 385 (9th Cir. 1997) (("A cardinal maxim of equity jurisprudence is that he who

14  comes into equity must come with clean hands.") (quoting Banks v. Rockwell

15  Intern. North American Aircraft Operations, 855 F.2d 324, 327 (6th Cir. 1988));

16  Granberry v. Islay Investments, 9 Cal. 4th 738, 743-744, 750 (1995) (equitable

17  defense may be "barred by any of the generally applicable equitable affirmative

18  defenses, including . . . unclean hands"); Blain v. Doctor's Co., 222 Cal. App. 3d

19  1048, 1059 (1990) ("He who comes into Equity must come with clean hands.").  As

20  discussed above, MGA may be engaging in sham and financial fraudulent

21  transactions such as concealing profits and sales of Bratz and other products "off the

22  books" through newly created single purpose companies.  If true, MGA and Larian

23

24  _____

25  [63]  MGA's Amended Answer and Affirmative Defenses, dated September 19, 2007, at

26  20-21, Corey Dec., Exh. 103; Isaac Larian's Amended Answer and Affirmative Defenses,

27  dated November 8, 2007, at 16-18, Corey Dec., Exh. 104.

    [64]  Id.

28

1   would be acting with unclean hands and thus precluded from invoking the unclean

2   hands defense themselves.

3          6.      The Documents Sought Are Relevant to Mattel's Unfair

4                  Competition Claim

5          The subpoenas seek documents related to Mattel's claim for unfair

6   competition.  The MGA Parties' actions in manipulating the sources of funding and

7   apparently using single-purpose companies to unload Bratz products for pennies on

8   the dollar and resell them may be anti-competitive actions that are encompassed by

9   California's unfair competition laws.   Under Business and Professions Code §

10  17200, "unfair competition" includes "any unlawful, unfair or fraudulent business

11  act or practice...."  Section 17200's scope is "sweeping, embracing anything that can

12  properly be called a business practice and that at the same time is forbidden by law."

13  Rubin v. Green, 4 Cal. 4th 1187, 1200 (1993) (internal quotation marks and citation

14  omitted).  It encompasses "anti-competitive business practices as well as injuries to

15  consumers, and has as a major purpose the preservation of fair business

16  competition."  Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone

17  Co., 20 Cal. 4th 163, 180 (1999).   Accordingly, the documents sought are

18  reasonably calculated to lead to the discovery of admissible evidence relating to

19  Mattel's unfair competition claim.

20     B.   **The Remaining Objections Are Boilerplate And Should Be**

21          **Overruled**

22          1.      The Boilerplate Objections Are Improper

23          The third parties assert a host of boilerplate general objections, which

24  they repeat in their specific objections.  Through these objections, they generally

25  assert that Mattel's document requests (including Mattel's definitions) are irrelevant,

26  overbroad, ambiguous, harassing, cumulative, and unduly burdensome.   Such

27  objections are the hallmark of boilerplate objections that are improper under the

28  Federal Rules of Civil Procedure.   A. Farber and Partners, Inc. v. Garber,

234 F.R.D. 186, 188 (C.D. Cal. 2006) (overruling defendant's boilerplate objections as improper and ordering production of documents).  See Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (holding court did not have discretion to limit discovery on basis of boilerplate objections).

        2.    That Documents May be Available from Other Parties Does Not Excuse Compliance

MGA and the third-parties suggest that they are excused from compliance with the third-party subpoenas because some of the documents purportedly may be available from MGA or other sources.  However, because documents may be available from other sources is not grounds to refuse production. "[A] person may not avoid a subpoena by saying that the evidence sought from him is obtainable from another." Covey Oil Co. v. Continental Oil Co., 340 F.2d 993, 998 (10th Cir. 1965) (overruled on other grounds); State Farm Mut. Auto. Ins. Co. v. Accurate Medical, P.C., 2007 WL 2993840, at *1 (E.D.N.Y. 2007) (compelling production of documents third-party claimed were in possession of party to litigation); In re Bergeson, 112 F.R.D. 692, 695 (D. Mont. 1986) (conclusory assertions that documents sought are available from others more economically "does not constitute a showing of unreasonableness or oppressiveness.").  Moreover, no party has demonstrated that all of the documents requested are available from another party.  Nor does this seem likely.  As held by the State Farm court, "nothing in the Federal Rules of Civil Procedure requires a litigant to rely solely on discovery obtained from an adversary instead of utilizing subpoenas." Id. at *1.

Furthermore, Mattel should not be forced to rely solely on MGA in obtaining discovery related to their financial condition or illegal activities.  As the jury unanimously found at trial, MGA fraudulently concealed its illegal activities in this case.  It engaged in a pattern of misrepresentations about its financial condition, including concealing valuations, providing valuations within months of each other that fluctuated by hundreds of millions of dollars, and claiming near insolvency

-135-

1  when it suited its legal arguments and then denying it when their needs shifted.
2  There also is evidence, described above, of concealment, spoliation and alteration of
3  documents by MGA, Isaac Larian and other MGA executives and MGA-affiliated
4  parties.  The truth-finding function in this case is not served by entrusting MGA
5  itself to produce evidence, including evidence of its own wrongdoing.  As MGA's
6  pattern of misconduct amply shows, quite the opposite is the case here.

7              3.      The Objection Based Upon the Accountant-Client Privilege Is
8                      Unfounded

9              MGA and the IGWT parties' objection that the requests seek documents
10  protected from disclosure by the accountant-client privilege is without basis.  The
11  United States Supreme Court has recognized that there is "no confidential
12  accountant-client privilege [that] exists under federal law, and no state created
13  privilege has been recognized in federal cases."  Couch v. United States, 409 U.S.
14  322, 335 (1972) (collecting cases).    Therefore, the objection is frivolous.
15  Nevertheless, even if there was such a privilege, IGWT offers no foundation for its
16  application to the documents requested.  IGWT does not contend that it provides
17  accounting services, much less that it has acted as an accounting firm or agency in
18  relation to MGA (or Larian).

19              4.      Mattel's Requests Do Not Impose an Undue Burden

20              The third parties object that the requests are unduly burdensome and
21  that the burden and expense outweighs the documents relevance.  These subpoenaed
22  parties bear the burden of proving undue burden by "specific and compelling" proof;
23  conclusory assertions are insufficient.  Goodman v. U.S., 369 F.2d 166, 169 (9th
24  Cir. 1966) ("The party must provide specific and compelling proof that the burden is
25  undue."); see JZ Buckingham Investments, LLC v. United States, 78 Fed. Cl. 15, 25
26  (Fed. Cl. Ct. 2007) (denying motion to quash); Northrop Corp. v. McDonnell
27  Douglas Corp., 751 F.2d 395, 403 (D.C. Cir. 1984) (reversing district court's
28  decision quashing subpoena).  Here, third parties have not demonstrated the time,

-136-                                    Case No. CV 04-9049 SGL (RNBx)

1   cost, or burden involved in responding to Mattel's subpoenas is undue.  Nor could

2   they.  Virtually all of the third parties here are single purpose entities that have

3   existed only a few months.  It is dubious at best that they should have such

4   voluminous records, let alone voluminous records of the type requested by Mattel in

5   the subpoenas, that any burden could be considered undue.

6           The MGA Parties' complaints about alleged burden are wholly

7   irrelevant -- it lacks any standing to even make such an argument -- and simply

8   serve to underscore that MGA seeks to obstruct.  "The burden of showing that a

9   subpoena is unreasonable and oppressive is upon the party to whom it is directed."

10  Goodman v. U.S., 369 F.2d 166, 169 (9th Cir. 1966) (emphasis added).

11          5.      Mattel's Requests Do Not Violate the Discovery Master's May 7,

12                  2008 Order

13          MGA and the IGWT Parties object, claiming that the subpoenas violate

14  Judge Infante's May 7, 2008 Order in which he allegedly found that "similarly

15  phrased requests to third parties" were overly burdensome and improper.  This

16  objection should be overruled.  First, the subpoenas at issue in the May 7, 2008

17  Order sought different information and went to different issues than the present

18  requests.  Second, Judge Infante was clear that "[n]othing in this Order is intended

19  to authorize or preclude Mattel from seeking documents from the non-parties

20  identified herein as part of Phase 2 discovery, if appropriate."[65]  So, the objection is

21  without merit.

22          6.      Concerns Over Confidentiality Are Alleviated by the Protective

23                  Order

24          The third parties object on the grounds that Mattel seeks documents

25  containing trade secrets, confidential information or otherwise protected by a right

26

27  [65]  May 7, 2008 Order at 13, Corey Dec., Exh. 75.

28

of privacy.  Because the Court has entered a Protective Order in this action, which Mattel has provided to the subpoenaed parties,[66] the subpoenaed party's concerns about confidentiality do not justify withholding documents from production.  See, e.g., Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (finding that a protective order "can strike the appropriate balance between the need for the information and the privacy concerns" of the party opposing production's employees); Keith H. v. Long Beach Unified School District, 228 F.R.D. 652, 658 (C.D. Cal. 2005) (compelling production of student records because of slight redactions and "a protective order to minimize any invasion of the students' privacy rights"); In re Heritage Bond Litigation, 2004 WL 1970058 at *5, n.12 (C.D. Cal. 2004) ("Any privacy concerns . . . defendants have in their bank records and related financial statements are adequately protected by the protective order, and are not sufficient to prevent production in this matter"); A. Farber and Partners, Inc., 234 F.R.D. at 191-92 ("P]laintiff's need for defendant Garber's financial documents outweighs defendant Garber's claim of privacy, especially when the 'impact' of the disclosure of the information can be protected by a 'carefully drafted' protective order").

Indeed, the former Discovery Master previously and repeatedly ruled that the Protective Order is sufficient to alleviate any privacy concerns.[67]  Although MGA objected to that ruling, the District Court approved the Discovery Master's order, finding that the entry of a protective order justified compelling production of even "sensitive documents" to MGA's "fierce competitor."[68]   Therefore, the confidential, privacy and trade secret objections must be overruled.

---

[66]  Corey Dec., ¶ 3.
[67]  Order Dated May 15, 2007, at 11, n.4, Corey Dec., Exh. 99.
[68]  Order Dated July 2, 2007, at 3, Corey Dec., Exh. 12.

7.    Mattel's Requests Do Not Violate the Court's January 7, 2009 Order

The MGA parties argument that the requests would "circumvent" the Court's January 7, 2009, misconstrues the order and ignores the Court's order -- issued just the day before -- reopening Phase 2 discovery without limitation.  In the January 7 Order, the Court found "good cause" to appoint a "forensic auditor" to review MGA's financial records.  The scope of the auditor's review, however, is limited to MGA's financial records and does not extend to third parties.[69]  Moreover, nothing in the Court's order suggests that all discovery related to MGA's finances is foreclosed until completion of the audit.  Indeed, the Court lifted the stay on Phase 2 discovery -- without limitation -- on January 6, 2009.[70]

C.    **Each of the Subpoenaed Parties Must Produce Adequate Privilege Logs**

To the extent the subpoenaed parties are withholding documents on the basis of privilege, they must provide a timely privilege log.  Fed. R. Civ. P. 45; see Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1148-50 (9th Cir. 2005) (affirming district court's holding that party waived privilege objections by failing to provide privilege log within thirty days of serving its responses); In re Imperial Corp. of Am., 174 F.R.D. 475, 477 (S.D. Cal. 1997) (waiver rule for failure to provide privilege log applies to subpoenas to third parties).  Accordingly, the Discovery Master should order the subpoenaed parties to produce privilege logs as required by Rule 45(d)(2).

**REQUEST NO. 2:**

All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, or any subsidiary or affiliate of Vision

---

[69]  January 7, 2009 Order Appointing Forensic Auditor, Corey Dec., Exh. 105.
[70]  January 6, 2009 Order, Corey Dec., Exh. 35.

1  Capital, LLC, and Lexington Financial, LLC, or any subsidiary or affiliate of

2  Lexington Financial, LLC, and any amendments or modifications thereto, and any

3  communications referring or relating to any such agreements, contracts or

4  transactions.

5  **VISION CAPITAL'S RESPONSE TO REQUEST NO. 2:**

6          In addition to the general objections set forth above, Vision Capital

7  objects to this request on the ground that it seeks private, confidential and

8  proprietary information of Vision Capital.  Vision Capital further objects to the

9  request on the ground that it is overly broad, unduly burdensome, oppressive and

10  harassing.  Vision Capital further objects to the request on the ground that the

11  burden, expense and intrusiveness of the discovery outweighs the likelihood that the

12  documents sought will lead to the discovery of relevant evidence.  Vision Capital

13  further objects to the request on the ground that it seeks documents that are

14  protected by the attorney-client privilege and attorney work product doctrine.

15  Vision Capital further objects to the request on the ground that it is vague,

16  ambiguous and fails to identify the documents with sufficient particularity.

17  **MGA PARTIES' RESPONSE TO REQUEST NO. 2:**

18          The MGA Parties incorporate by reference their General Objections as

19  though fully set forth herein.  The MGA Parties further object that the Discovery

20  Master already has ruled on similarly phrased requests to third parties, including in

21  an Order dated May 7, 2008, concluding that requests using phrases like "all

22  documents" and "referring to or relating to" are overly broad, vague, unduly

23  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

24  Court Orders.  The MGA Parties further object that this request calls for the

25  production of documents that are not relevant to any claim or defense in the pending

26  litigation or reasonably calculated to lead to the discovery of admissible evidence.

27  The Request appears designed to circumvent the Court's January 7 Order appointing

28  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

1    The MGA Parties further object to this request to the extent that it seeks

2  documents that contain trade secrets, confidential, commercially sensitive and/or

3  other proprietary or competitive information that is subject to the MGA Parties' or

4  any other person's constitutional, statutory or common law right of privacy or

5  protection.  The MGA Parties further object to this request on the grounds that it is

6  overbroad as to subject matter and time; in particular, the MGA Parties object that

7  the phrases "all documents," "referring or relating to," and "any communications"

8  are unbounded by any date limitation and are not tied in any way to any claim,

9  defense or other issues involved in Phase 2 of this litigation.

10  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 2:**

11    <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

12  **REQUEST NO. 3:**

13    All documents referring or relating to agreements, contracts or

14  transactions between Vision Capital, LLC, or any subsidiary or affiliate of Vision

15  Capital, LLC, and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni

16  808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and

17  any amendments or modifications thereto, and any communications referring or

18  relating to any such agreements, contracts or transactions.

19  **VISION CAPITAL'S RESPONSE TO REQUEST NO. 3:**

20    In addition to the general objections set forth above, Vision Capital

21  objects to this request on the ground that it seeks private, confidential and

22  proprietary information of Vision Capital.  Vision Capital further objects to the

23  request on the ground that it is overly broad, unduly burdensome, oppressive and

24  harassing.  Vision Capital further objects to the request on the ground that the

25  burden, expense and intrusiveness of the discovery outweighs the likelihood that the

26  documents sought will lead to the discovery of relevant evidence.  Vision Capital

27  further objects to the request on the ground that it seeks documents that are

28  protected by the attorney-client privilege and attorney work product doctrine.

1  Vision Capital further objects to the request on the ground that it is vague,

2  ambiguous and fails to identify the documents with sufficient particularity.

3  **MGA PARTIES' RESPONSE TO REQUEST NO. 3:**

4          The MGA Parties incorporate by reference their General Objections as

5  though fully set forth herein.  The MGA Parties further object that the Discovery

6  Master already has ruled on similarly phrased requests to third parties, including in

7  an Order dated May 7, 2008, concluding that requests using phrases like "all

8  documents" and "referring or relating to" are overly broad, vague, unduly

9  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

10  Court Orders.  The MGA Parties further object that this request calls for the

11  production of documents that are not relevant to any claim or defense in the pending

12  litigation or reasonably calculated to lead to the discovery of admissible evidence.

13  The Request appears designed to circumvent the Court's January 7 Order appointing

14  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

15          The MGA Parties further object to this request to the extent that it seeks

16  documents that contain trade secrets, confidential, commercially sensitive and/or

17  other proprietary or competitive information that is subject to the MGA Parties' or

18  any other person's constitutional, statutory or common law right of privacy or

19  protection.  The MGA Parties further object to this request on the grounds that it is

20  overbroad as to subject matter; in particular, the MGA Parties object that the phrases

21  "all documents," "referring or relating to," and "any communications" are not tied in

22  any way to any claim, defense or other issues involved in Phase 2 of this litigation.

23  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 3:**

24          See Mattel's Reason to Compel Production for Request No. 1, above.

25  **REQUEST NO. 4:**

26          All documents containing financial information, including but not

27  limited to historical and prospective performance, provided by MGA Entertainment,

28

1  Inc. to Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC

2  since January 1, 2007.

3  **VISION CAPITAL'S RESPONSE TO REQUEST NO. 4:**

4          In addition to the general objections set forth above, Vision Capital

5  objects to this request on the ground that it is overly broad and unduly burdensome.

6  Vision Capital further objects to the request on the ground that it seeks documents

7  that contain private, confidential or proprietary financial information.  Vision

8  Capital further objects to the request on the ground that the burden, expense and

9  intrusiveness of the discovery outweighs the likelihood that the documents sought

10  will lead to the discovery of relevant evidence.

11  **MGA PARTIES' RESPONSE TO REQUEST NO. 4:**

12          The MGA Parties incorporate by reference their General Objections as

13  though fully set forth herein.  The MGA Parties further object that the Discovery

14  Master already has ruled on similarly phrased requests to third parties, including in

15  an Order dated May 7, 2008, concluding that requests using phrases like "all

16  documents" and "containing financial information" are overly broad, vague, unduly

17  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

18  Court Orders.  The MGA Parties further object that this request calls for the

19  production of documents that are not relevant to any claim or defense in the pending

20  litigation or reasonably calculated to lead to the discovery of admissible evidence.

21  The Request appears designed to circumvent the Court's January 7 Order appointing

22  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

23          The MGA Parties further object to this request to the extent it seeks

24  documents protected by the accountant-client privilege.  The MGA Parties further

25  object to the request to the extent that it seeks documents protected from disclosure

26  by applicable federal and state tax return privileges.  The MGA Parties further

27  object to this request to the extent that it seeks documents that contain trade secrets,

28  confidential, commercially sensitive and/or other proprietary or competitive

1  information that is subject to the MGA Parties' or any other person's constitutional,

2  statutory or common law right of privacy or protection.  The MGA Parties further

3  object to this request as being overly broad, burdensome and harassing to a non-

4  party to the extent that it seeks to force a third party to produce documents or

5  information available from parties to the litigation.  The MGA Parties further object

6  to this request on the grounds that it is overbroad as to subject matter; in particular,

7  the MGA Parties object that the phrases "all documents" and "containing financial

8  information" are not tied in any way to any claim, defense or other issues involved

9  in Phase 2 of this litigation.

10 **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 4:**

11          See Mattel's Reason to Compel Production for Request No. 1, above.

12 Further, the objection based upon the tax return privilege is unfounded.  The cases

13 cited by the MGA parties make it clear that tax returns are discoverable "if they are

14 relevant and when there is a compelling need for them because the information

15 sought is not otherwise available."  See Aliotti v. Senora, 217 F.R.D. 496, 498 (N.D.

16 Cal. 2003); see also Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d

17 225, 229 (9th Cir. 1975).  Here, there are compelling reasons for production of the

18 tax returns, if any, of MGA and Larian, as well as the third-parties involved in these

19 transactions.  As discussed above, MGA and Larian's promises to produce and

20 representations regarding their finances have been untrustworthy and misleading.

21 Production of tax returns would be particularly relevant to redress the MGA parties'

22 pattern of misrepresentations because they would provide concise statements of a

23 parties' annual income.

24 **REQUEST NO. 5:**

25          Documents sufficient to identify (a) each member, managing member,

26 holder of any ownership interest in, shareholder, officer and director of Vision

27 Capital, LLC and (b) the dates of such person's affiliation with Vision Capital, LLC.

28

00505.07975/2778033.1

-144-                    Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  **VISION CAPITAL'S RESPONSE TO REQUEST NO. 5:**

2         In addition to the general objections set forth above, Vision Capital

3  objects to this request on the ground that it seeks private, confidential and

4  proprietary information of Vision Capital and other non-parties.  Vision Capital

5  further objects to the request on the ground that it is overly broad, unduly

6  burdensome, oppressive and harassing.  Vision Capital further objects to the request

7  on the ground that the burden, expense and intrusiveness of the discovery outweighs

8  the likelihood that the documents sought will lead to the discovery of relevant

9  evidence.

10  **MGA PARTIES' RESPONSE TO REQUEST NO. 5:**

11         The MGA Parties incorporate by reference their General Objections as

12  though fully set forth herein.  The MGA Parties further object that this request calls

13  for the production of documents that are not relevant to any claim or defense in the

14  pending litigation or reasonably calculated to lead to the discovery of admissible

15  evidence.  The Request appears designed to circumvent the Court's January 7 Order

16  appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

17  first instance.

18         The MGA Parties further object to this request to the extent that it seeks

19  documents that contain trade secrets, confidential, commercially sensitive and/or

20  other proprietary or competitive information that is subject to any person's

21  constitutional, statutory or common law right of privacy or protection.  The MGA

22  Parties further object to this request on the grounds that it is overbroad as to subject

23  matter and time.

24  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 5:**

25         See Mattel's Reason to Compel Production for Request No. 1, above.

26  **REQUEST NO. 6:**

27         All documents referring or relating to the formation and governance of

28  Vision Capital, LLC.

1  **VISION CAPITAL'S RESPONSE TO REQUEST NO. 6:**

2          In addition to the general objections set forth above, Vision Capital

3  objects to this request on the ground that it seeks private, confidential and

4  proprietary information of Vision Capital.  Vision Capital further objects to the

5  request on the ground that it is overly broad, unduly burdensome, oppressive and

6  harassing.  Vision Capital further objects to the request on the ground that the

7  burden, expense and intrusiveness of the discovery outweighs the likelihood that the

8  documents sought will lead to the discovery of relevant evidence.  Vision Capital

9  further objects to the request on the ground that it seeks documents that are

10  protected by the attorney-client privilege and attorney work product doctrine.

11  Vision Capital further objects to the request on the ground that it is vague,

12  ambiguous and fails to identify the documents with sufficient particularity.

13  **MGA PARTIES' RESPONSE TO REQUEST NO. 6:**

14          The MGA Parties incorporate by reference their General Objections as

15  though fully set forth herein.  The MGA Parties further object that the Discovery

16  Master already has ruled on similarly phrased requests to third parties, including in

17  an Order dated May 7, 2008, concluding that requests using phrases like "all

18  documents," and "referring to or relating to" are overly broad, vague, unduly

19  burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

20  Court Orders.  The MGA Parties further object that this request calls for the

21  production of documents that are not relevant to any claim or defense in the pending

22  litigation or reasonably calculated to lead to the discovery of admissible evidence.

23  The Request appears designed to circumvent the Court's January 7 Order appointing

24  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

25          The MGA Parties further object to this request to the extent that it seeks

26  documents that contain trade secrets, confidential, commercially sensitive and/or

27  other proprietary or competitive information that is subject to the any person's

28  constitutional, statutory or common law right of privacy or protection.  The MGA

1    Parties further object to this request on the grounds that it is overbroad as to subject

2    matter and time; in particular, the MGA Parties object that the phrases "all

3    documents," "formation and governance," and "referring or relating to" are

4    unbounded by any date limitation and are not tied in any way to any claim, defense

5    or other issues involved in Phase 2 of this litigation.

6    **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 6:**

7                  See Mattel's Reason to Compel Production for Request No. 1, above.

8    **REQUEST NO. 7:**

9                  All documents detailing or setting forth the relationship between Vision

10   Capital, LLC and OmniNet Capital, LLC, if any.

11   **VISION CAPITAL'S RESPONSE TO REQUEST NO. 7:**

12                  In addition to the general objections set forth above, Vision Capital

13   objects to this request on the ground that it seeks private, confidential and

14   proprietary information of Vision Capital and other non-parties.  Vision Capital

15   further objects to the request on the ground that it is overly broad, unduly

16   burdensome, oppressive and harassing.  Vision Capital further objects to the request

17   on the ground that the burden, expense and intrusiveness of the discovery outweighs

18   the likelihood that the documents sought will lead to the discovery of relevant

19   evidence.  Vision Capital further objects to the request on the ground that it seeks

20   documents that are protected by the attorney-client privilege and attorney work

21   product doctrine.  Vision Capital further objects to the request on the ground that it

22   is vague, ambiguous and fails to identify the documents with sufficient particularity.

23   **MGA PARTIES' RESPONSE TO REQUEST NO. 7:**

24                  The MGA Parties incorporate by reference their General Objections as

25   though fully set forth herein.  The MGA Parties further object that the Discovery

26   Master already has ruled on similarly phrased requests to third parties, including in

27   an Order dated May 7, 2008, concluding that requests using phrases like "all

28   documents" and "detailing" are overly broad, vague, unduly burdensome, and seek

1   irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

2   MGA Parties further object that this request calls for the production of documents

3   that are not relevant to any claim or defense in the pending litigation or reasonably

4   calculated to lead to the discovery of admissible evidence.  The Request appears

5   designed to circumvent the Court's January 7 Order appointing a forensic auditor

6   and requiring Mattel to pay the auditor's costs in the first instance.

7           The MGA Parties further object to this request to the extent that it seeks

8   documents that contain trade secrets, confidential, commercially sensitive and/or

9   other proprietary or competitive information that is subject to any person's

10  constitutional, statutory or common law right of privacy or protection.  The MGA

11  Parties further object to this request on the grounds that it is overbroad as to subject

12  matter and time; in particular, the MGA Parties object that the phrases "all

13  documents" and "detailing or setting forth" are unbounded by any date limitation

14  and are not tied in any way to any claim, defense or other issues involved in Phase 2

15  of this litigation.

16  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 7:**

17          <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

18  **REQUEST NO. 8:**

19          All documents detailing or setting forth the relationship between Vision

20  Capital, LLC and Omni 808 Investors, LLC, if any.

21  **VISION CAPITAL'S RESPONSE TO REQUEST NO. 8:**

22          In addition to the general objections set forth above, Vision Capital

23  objects to this request on the ground that it seeks private, confidential and

24  proprietary information of Vision Capital and other non-parties.  Vision Capital

25  further objects to the request on the ground that it is overly broad, unduly

26  burdensome, oppressive and harassing.  Vision Capital further objects to the request

27  on the ground that the burden, expense and intrusiveness of the discovery outweighs

28  the likelihood that the documents sought will lead to the discovery of relevant

1  evidence.  Vision Capital further objects to the request on the ground that it seeks

2  documents that are protected by the attorney-client privilege and attorney work

3  product doctrine.  Vision Capital further objects to the request on the ground that it

4  is vague, ambiguous and fails to identify the documents with sufficient particularity.

5  **MGA PARTIES' RESPONSE TO REQUEST NO. 8:**

6          The MGA Parties incorporate by reference their General Objections as

7  though fully set forth herein.  The MGA Parties further object that the Discovery

8  Master already has ruled on similarly phrased requests to third parties, including in

9  an Order dated May 7, 2008, concluding that requests using phrases like "all

10  documents" and "detailing" are overly broad, vague, unduly burdensome, and seek

11  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

12  MGA Parties further object that this request calls for the production of documents

13  that are not relevant to any claim or defense in the pending litigation or reasonably

14  calculated to lead to the discovery of admissible evidence.  The Request appears

15  designed to circumvent the Court's January 7 Order appointing a forensic auditor

16  and requiring Mattel to pay the auditor's costs in the first instance.

17          The MGA Parties further object to this request to the extent that it seeks

18  documents that contain trade secrets, confidential, commercially sensitive and/or

19  other proprietary or competitive information that is subject to any person's

20  constitutional, statutory or common law right of privacy or protection.  The MGA

21  Parties further object to this request on the grounds that it is overbroad as to subject

22  matter and time; in particular, the MGA Parties object that the phrases "all

23  documents" and "detailing or setting forth" are unbounded by any date limitation

24  and are not tied in any way to any claim, defense or other issues involved in Phase 2

25  of this litigation.

26  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 8:**

27          See Mattel's Reason to Compel Production for Request No. 1, above.

28  **REQUEST NO. 9:**

1    All documents detailing or setting forth the relationship between Vision
2    Capital, LLC and Lexington Financial, LLC, if any.
3    **VISION CAPITAL'S RESPONSE TO REQUEST NO. 9:**
4    In addition to the general objections set forth above, Vision Capital
5    objects to this request on the ground that it seeks private, confidential and
6    proprietary information of Vision Capital and other non-parties.  Vision Capital
7    further objects to the request on the ground that it is overly broad, unduly
8    burdensome, oppressive and harassing.  Vision Capital further objects to the request
9    on the ground that the burden, expense and intrusiveness of the discovery outweighs
10   the likelihood that the documents sought will lead to the discovery of relevant
11   evidence.  Vision Capital further objects to the request on the ground that it seeks
12   documents that are protected by the attorney-client privilege and attorney work
13   product doctrine.  Vision Capital further objects to the request on the ground that it
14   is vague, ambiguous and fails to identify the documents with sufficient particularity.
15   **MGA PARTIES' RESPONSE TO REQUEST NO. 9:**
16   The MGA Parties incorporate by reference their General Objections as
17   though fully set forth herein.  The MGA Parties further object that the Discovery
18   Master already has ruled on similarly phrased requests to third parties, including in
19   an Order dated May 7, 2008, concluding that requests using phrases like "all
20   documents" and "detailing" are overly broad, vague, unduly burdensome, and seek
21   irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The
22   MGA Parties further object that this request calls for the production of documents
23   that are not relevant to any claim or defense in the pending litigation or reasonably
24   calculated to lead to the discovery of admissible evidence.  The Request appears
25   designed to circumvent the Court's January 7 Order appointing a forensic auditor
26   and requiring Mattel to pay the auditor's costs in the first instance.
27   The MGA Parties further object to this request to the extent that it seeks
28   documents that contain trade secrets, confidential, commercially sensitive and/or

1  other proprietary or competitive information that is subject to any person's

2  constitutional, statutory or common law right of privacy or protection.  The MGA

3  Parties further object to this request on the grounds that it is overbroad as to subject

4  matter and time; in particular, the MGA Parties object that the phrases "all

5  documents" and "detailing or setting forth" are unbounded by any date limitation

6  and are not tied in any way to any claim, defense or other issues involved in Phase 2

7  of this litigation.

8  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 9:**

9  <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

10  **REQUEST NO. 10:**

11  All documents detailing or setting forth the relationship between Vision

12  Capital, LLC and MGA Entertainment, Inc., if any.

13  **VISION CAPITAL'S RESPONSE TO REQUEST NO. 10:**

14  In addition to the general objections set forth above, Vision Capital

15  objects to this request on the ground that it seeks private, confidential and

16  proprietary information of Vision Capital.  Vision Capital further objects to the

17  request on the ground that it is overly broad, unduly burdensome, oppressive and

18  harassing.  Vision Capital further objects to the request on the ground that the

19  burden, expense and intrusiveness of the discovery outweighs the likelihood that the

20  documents sought will lead to the discovery of relevant evidence.  Vision Capital

21  further objects to the request on the ground that it seeks documents that are

22  protected by the attorney-client privilege and attorney work product doctrine.

23  Vision Capital further objects to the request on the ground that it is vague,

24  ambiguous and fails to identify the documents with sufficient particularity.

25  **MGA PARTIES' RESPONSE TO REQUEST NO. 10:**

26  The MGA Parties incorporate by reference their General Objections as

27  though fully set forth herein.  The MGA Parties further object that the Discovery

28  Master already has ruled on similarly phrased requests to third parties, including in

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1  an Order dated May 7, 2008, concluding that requests using phrases like "all

2  documents" and "detailing" are overly broad, vague, unduly burdensome, and seek

3  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

4  MGA Parties further object that this request calls for the production of documents

5  that are not relevant to any claim or defense in the pending litigation or reasonably

6  calculated to lead to the discovery of admissible evidence.  The Request appears

7  designed to circumvent the Court's January 7 Order appointing a forensic auditor

8  and requiring Mattel to pay the auditor's costs in the first instance.

9           The MGA Parties further object to this request to the extent that it seeks

10  documents that contain trade secrets, confidential, commercially sensitive and/or

11  other proprietary or competitive information that is subject to any person's

12  constitutional, statutory or common law right of privacy or protection.  The MGA

13  Parties further object to this request on the grounds that it is overbroad as to subject

14  matter and time; in particular, the MGA Parties object that the phrases "all

15  documents" and "detailing or setting forth" are unbounded by any date limitation

16  and are not tied in any way to any claim, defense or other issues involved in Phase 2

17  of this litigation.

18  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 10:**

19           See Mattel's Reason to Compel Production for Request No. 1, above.

20  **REQUEST NO. 11:**

21           All documents detailing or setting forth the relationship between Vision

22  Capital, LLC and Isaac Larian and his family members, if any.

23  **VISION CAPITAL'S RESPONSE TO REQUEST NO. 11:**

24           In addition to the general objections set forth above, Vision Capital

25  objects to this request on the ground that it seeks private, confidential and

26  proprietary information of Vision Capital and other non-parties.  Vision Capital

27  further objects to the request on the ground that it is overly broad, unduly

28  burdensome, oppressive and harassing.  Vision Capital further objects to the request

1   on the ground that the burden, expense and intrusiveness of the discovery outweighs

2   the likelihood that the documents sought will lead to the discovery of relevant

3   evidence.  Vision Capital further objects to the request on the ground that it seeks

4   documents that are protected by the attorney-client privilege and attorney work

5   product doctrine.  Vision Capital further objects to the request on the ground that it

6   is vague, ambiguous and fails to identify the documents with sufficient particularity.

7   **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 11:**

8           See Mattel's Reason to Compel Production for Request No. 1, above.

9   **REQUEST NO. 12:**

10          All documents referring or relating to the source of funding or credit

11  for Lexington Financial, LLC.

12  **VISION CAPITAL'S RESPONSE TO REQUEST NO. 12:**

13          In addition to the general objections set forth above, Vision Capital

14  objects to this request on the ground that it seeks private, confidential and

15  proprietary information of Vision Capital and other non-parties.  Vision Capital

16  further objects to the request on the ground that it is overly broad, unduly

17  burdensome, oppressive and harassing.  Vision Capital further objects to the request

18  on the ground that the burden, expense and intrusiveness of the discovery outweighs

19  the likelihood that the documents sought will lead to the discovery of relevant

20  evidence.  Vision Capital further objects to the request on the ground that it seeks

21  documents that are protected by the attorney-client privilege and attorney work

22  product doctrine.  Vision Capital further objects to the request on the ground that it

23  is vague, ambiguous and fails to identify the documents with sufficient particularity.

24  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 12:**

25          See Mattel's Reason to Compel Production for Request No. 1, above.

26  **REQUEST NO. 13:**

27          All documents referring or relating to the source of funding or credit

28  for Omni 808 Investors, LLC.

1   **VISION CAPITAL'S RESPONSE TO REQUEST NO. 13:**

2           In addition to the general objections set forth above, Vision Capital

3   objects to this request on the ground that it seeks private, confidential and

4   proprietary information of Vision Capital and other non-parties.  Vision Capital

5   further objects to the request on the ground that it is overly broad, unduly

6   burdensome, oppressive and harassing.  Vision Capital further objects to the request

7   on the ground that the burden, expense and intrusiveness of the discovery outweighs

8   the likelihood that the documents sought will lead to the discovery of relevant

9   evidence.  Vision Capital further objects to the request on the ground that it seeks

10   documents that are protected by the attorney-client privilege and attorney work

11   product doctrine.  Vision Capital further objects to the request on the ground that it

12   is vague, ambiguous and fails to identify the documents with sufficient particularity.

13   **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 13:**

14           <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

15   **REQUEST NO. 14:**

16           All documents referring or relating to the source of funding or credit

17   for MGA Entertainment, Inc. or any of its subsidiaries or affiliates.

18   **VISION CAPITAL'S RESPONSE TO REQUEST NO. 14:**

19           In addition to the general objections set forth above, Vision Capital

20   objects to this request on the ground that it is overly broad and unduly burdensome.

21   Vision Capital further objects to the request on the ground that it seeks documents

22   that contain private, confidential or proprietary financial information.  Vision

23   Capital further objects to the request on the ground that the burden, expense and

24   intrusiveness of the discovery outweighs the likelihood that the documents sought

25   will lead to the discovery of relevant evidence.

26   **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 14:**

27           <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

28   **REQUEST NO. 15:**

00505.07975/2778033.1

-154-

Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS

1    All documents referring or relating to all contributions, loans and any

2    sources of funding for Vision Capital, LLC during the last twelve months, including

3    but not limited to agreements and/or contracts supporting these transactions.

4    **VISION CAPITAL'S RESPONSE TO REQUEST NO. 15:**

5    In addition to the general objections set forth above, Vision Capital

6    objects to this request on the ground that it seeks private, confidential and

7    proprietary information of Vision Capital and other non-parties.  Vision Capital

8    further objects to the request on the ground that it is overly broad, unduly

9    burdensome, oppressive and harassing.  Vision Capital further objects to the request

10   on the ground that the burden, expense and intrusiveness of the discovery outweighs

11   the likelihood that the documents sought will lead to the discovery of relevant

12   evidence.  Vision Capital further objects to the request on the ground that it seeks

13   documents that are protected by the attorney-client privilege and attorney work

14   product doctrine.  Vision Capital further objects to the request on the ground that it

15   is vague, ambiguous and fails to identify the documents with sufficient particularity.

16   **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 15:**

17   <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

18   **REQUEST NO. 16:**

19   All documents showing detail of all loan facilities with an indication of

20   creditor and relevant terms referring or relating to MGA Entertainment, Inc.,

21   OmniNet Capital, LLC, Omni 808 Investors, LLC, Lexington Financial; LLC or any

22   subsidiary or affiliate of the foregoing, or to Isaac Larian or his family members.

23   **VISION CAPITAL'S RESPONSE TO REQUEST NO. 16:**

24   In addition to the general objections set forth above, Vision Capital

25   objects to this request on the ground that it is unintelligible.  Vision Capital further

26   objects to the request on the ground that it seeks private, confidential and proprietary

27   information of Vision Capital and other non-parties.  Vision Capital further objects

28   to the request on the ground that it is overly broad, unduly burdensome, oppressive

1  and harassing.  Vision Capital further objects to the request on the ground that the

2  burden, expense and intrusiveness of the discovery outweighs the likelihood that the

3  documents sought will lead to the discovery of relevant evidence.  Vision Capital

4  further objects to the request on the ground that it seeks documents that are

5  protected by the attorney-client privilege and attorney work product doctrine.

6  Vision Capital further objects to the request on the ground that it is vague,

7  ambiguous and fails to identify the documents with sufficient particularity.

8  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 16:**

9  <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

10  **REQUEST NO. 17:**

11  All documents referring or relating to transactions involving any

12  compensation, loans, advances, payments, fees or any other form of consideration

13  paid by Vision Capital, LLC to Isaac Larian, his family members, or affiliates, or

14  any other related party, including MGA Entertainment, Inc.

15  **VISION CAPITAL'S RESPONSE TO REQUEST NO. 17:**

16  In addition to the general objections set forth above, Vision Capital

17  objects to this request on the ground that it seeks private, confidential and

18  proprietary information of Vision Capital and other non-parties.  Vision Capital

19  further objects to the request on the ground that it is overly broad, unduly

20  burdensome, oppressive and harassing.  Vision Capital further objects to the request

21  on the ground that the burden, expense and intrusiveness of the discovery outweighs

22  the likelihood that the documents sought will lead to the discovery of relevant

23  evidence.  Vision Capital further objects to the request on the ground that it seeks

24  documents that are protected by the attorney-client privilege and attorney work

25  product doctrine.  Vision Capital further objects to the request on the ground that it

26  is vague, ambiguous and fails to identify the documents with sufficient particularity.

27  **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 17:**

28  <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

1 **REQUEST NO. 18:**

2  Any and all records that substantiate transfers of assets by Vision

3 Capital, LLC to other entities, individuals and/or parties, within the U.S. and outside

4 of the U.S.

5 **VISION CAPITAL'S RESPONSE TO REQUEST NO. 18:**

6  In addition to the general objections set forth above, Vision Capital

7 objects to this request on the ground that it seeks private, confidential and

8 proprietary information of Vision Capital and other non-parties.  Vision Capital

9 further objects to the request on the ground that it is overly broad, unduly

10 burdensome, oppressive and harassing.  Vision Capital further objects to the request

11 on the ground that the burden, expense and intrusiveness of the discovery outweighs

12 the likelihood that the documents sought will lead to the discovery of relevant

13 evidence.  Vision Capital further objects to the request on the ground that it seeks

14 documents that are protected by the attorney-client privilege and attorney work

15 product doctrine.  Vision Capital further objects to the request on the ground that it

16 is vague, ambiguous and fails to identify the documents with sufficient particularity.

17 **REASON TO COMPEL PRODUCTION FOR REQUEST NO. 18:**

18  <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

19 **REQUEST NO. 19:**

20  All communications referring or relating to Omni 808 Investors, LLC,

21 Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

22 **VISION CAPITAL'S RESPONSE TO REQUEST NO. 19:**

23  In addition to the general objections set forth above, Vision Capital

24 objects to this request on the ground that it seeks private, confidential and

25 proprietary information of Vision Capital and other non-parties.  Vision Capital

26 further objects to the request on the ground that it is overly broad, unduly

27 burdensome, oppressive and harassing.  Vision Capital further objects to the request

28 on the ground that the burden, expense and intrusiveness of the discovery outweighs

the likelihood that the documents sought will lead to the discovery of relevant evidence.  Vision Capital further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.  Vision Capital further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 19:**

See Mattel's Reason to Compel Production for Request No. 1, above.

**REQUEST NO. 20:**

All documents referring or relating to the U.C.C. financing statement attached as Exhibit 1 and/or security interest(s) allegedly reflected herein.

**VISION CAPITAL'S RESPONSE TO REQUEST NO. 20:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.  Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing.  Vision Capital further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Vision Capital or other non-parties.  Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

1    <u>**REASON TO COMPEL PRODUCTION FOR REQUEST NO. 20:**</u>

2            <u>See</u> Mattel's Reason to Compel Production for Request No. 1, above.

3

4    DATED:  February 3, 2009       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

5

6                           By <u>/s/ Jon D. Corey</u>

7                            Jon D. Corey
                           Attorneys for Mattel, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/2778033.1

     Case No. CV 04-9049 SGL (RNBx)

MATTEL INC'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD PARTY SUBPOENAS