# EXHIBIT 1

01-20-2009   12:59pm   From-                                    T-150   P.001/003   F-612

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 300 SOUTH GRAND AVENUE
### LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE NO.: (213) 687-5000
FACSIMILE NO.: (213) 687-5600

EMAIL: RHERRING@skadden.com

## FACSIMILE TRANSMITTAL SHEET

FROM: Robert J. Herrington                    DATE: January 20, 2009
DIRECT DIAL: (213) 687-5368                   FLOOR/OFFICE NO.: 36
DIRECT FACSIMILE: (213) 621-5368

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION.  IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE.  WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):     3

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.   NAME: Mr. Jon D. Corey          FIRM: Quinn Emanuel Urquhart, etc.
     CITY: Los Angeles               TELEPHONE NO.: (213) 443-3000
     FACSIMILE NO.: (213) 443-3100

MESSAGE: Please see attached.

485748.05-Los Angeles Server 1A - MSW

**Exhibit 1**
**Page 13**

01-20-2009   12:59pm   From-                                       T-150   P.002/003   F-812

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5388
DIRECT FAX
(213) 621-5358
EMAIL ADDRESS
RHERRING@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 20, 2009

<u>**VIA FACSIMILE & U.S. MAIL**</u>

Jon D. Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:     *Mattel v. Bryant*

Dear Jon:

During the last few days, we have received several notices of subpoena and "corrected" notices for some of the same subpoenas served by Mattel. In particular, our records show receipt of the following notices:

- Document subpoena to IGWT 826 Investments, LLC (notice and "corrected" notice)
- Document subpoena to IGWT Group, LLC (notice and "corrected" notice)
- Document subpoena to Omninet Capital, LLC
- Document subpoena to OMNI 808 Investors, LLC
- Document subpoena to Vision Capital, LLC (notice and "corrected" notice)
- Document subpoena to Wachovia Corporation

Although we have received these notices, we have not received from your office any indication whether the foregoing subpoenas have been served. Please confirm: (i) that the list above identifies all the third parties for which Mattel has provided a notice of subpoena since the Court lifted the stay on Phase 2 discovery; and (ii) whether, when and how service was effected on these third parties.

Exhibit 1
Page 14

01-20-2009   12:59pm   From-                                    T-150   P.003/003   F-612

Jon Corey, Esq.
January 20, 2009
Page 2

Finally, please send us copies of the proofs of service for any subpoena that
has been served.

Sincerely,

Robert J. Herrington

540475-Los Angeles Server 1A - MSW

Exhibit 1
Page 15

# EXHIBIT 2

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, 107-0052
+81 3 5561-1711
Facsimile: +81 3 5561-1712

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

LONDON
16 Old Bailey
London United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   January 21, 2009

**NUMBER OF PAGES, INCLUDING COVER:  15**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Robert J. Herrington, Esq.<br>Skadden Arps Slate Meagher & Flom LLP<br>300 South Grand Ave., Ste. 3400<br>Los Angeles, CA 90071 | 213/687-5000 | 213/687-5600 |

**FROM:**   Jon D. Corey, Esq.

**RE:**   Mattel, Inc. v. MGA Entertainment, Inc. et al.

FAXED
JAN 2 ī 2009

**MESSAGE:**

Please see attached letter dated January 21, 2009.

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Lupe Espinoza, 2nd floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO  ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

Exhibit 2
Page 16

# Confirmation Report — Memory Send

Page        : 001
Date & Time: 01-21-2009   16:47
Line 1      : 2134433100
Line 2      :
Machine ID  : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 657 |
| Date | : | 01-21  16:42 |
| To | : | ☎9414#07209#12136875600# |
| Number of pages | : | 015 |
| Start time | : | 01-21  16:42 |
| End time | : | 01-21  16:47 |
| Pages sent | : | 015 |
| Status | : | OK |

Job number    : 657                    *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, 107-0052
+81 3 5561-1711
Facsimile:+81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**LONDON**
16 Old Bailey
London United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**  January 21, 2009          **NUMBER OF PAGES, INCLUDING COVER:** 15

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Robert J. Herrington, Esq.<br>Skadden Arps Slate Meagher & Flom LLP<br>300 South Grand Ave., Ste. 3400<br>Los Angeles, CA 90071 | 213/687-5000 | 213/687-5600 |

**FROM:**  Jon D. Corey, Esq.

**RE:**  Mattel, Inc. v. MGA Entertainment, Inc. et al.

**MESSAGE:**

Please see attached letter dated January 21, 2009.

| | |
|---|---|
| CLIENT # 7209 | ROUTE/RETURN TO: Lupe Espinoza, 2nd floor |
| OPERATOR: Carlos | CONFIRMED?  ☐ No  ☐ Yes: |

☒ CONFIRM FAX
☒ INCLUDE CONF. REPORT

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 2
Page 17

 

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 21, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Robert J. Herrington
Skadden Arps Slate Meagher & Flom LLP
300 South Grand Ave, Suite 3400
Los Angeles, California 90071

Re:     <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Rob:

I write in response to your letter of yesterday, January 20, 2009, regarding subpoenas served by Mattel in compliance with <u>Fed. R. Civ. P.</u> 45.

The list included in your letter correctly identifies the third parties for which Mattel has provided notice of subpoena since the Court lifted the Phase 2 discovery stay. Specifically, Mattel has served a notice of subpoena to IGWT 826 Investments, LLC, IGWT Group, LLC, OmniNet Capital, LLC, Omni 808 Investors, LLC, Vision Capital, LLC and Wachovia Corporation.

Neal Potischman, counsel for Wachovia Corporation, agreed to accept service on behalf of Wachovia via e-mail. The remaining subpoenas were personally served. Copies of the proofs of service are attached. Please note that although Mattel's notice of subpoena to Vision Capital, LLC identified two addresses that Mattel intended to serve, Mattel effectuated service on Vision Capital at its Delaware address through its agent for service of process there.

Please feel free to contact me if you wish to discuss this further.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07975/2769355.1

**Exhibit 2**
**Page 18**

Best regards,

Jon Corey /SH

Jon Corey

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| CENTRAL | CALIFORNIA |
|---|---|

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: ' CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: IGWT Group, LLC, C/O: National Corporate Research, Ltd.
523 West 6th Street, Suite 544
Los Angeles, CA 90014

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 26, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey /su    Attorney for Plaintiff, Mattel, Inc. | January 12, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

¹ I f action is pending in district other than district of issuance, state district under case number.

AO-88

Exhibit 2
Page 20

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| SERVED SUBPOENA RE DEPOSITION | January 12, 2009 3:00 pm | National Corporate Research, Ltd.<br>523 West 6th Street, Suite 544<br>Los Angeles, CA 90014 | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | WITNESS FEES |
| RICHARD ARTHUR, Senior Corp Specialist | | personal | |
| SERVED BY (PRINT NAME) | | TITLE | |
| DAVID ANTOLIN | | PROCESS SERVER | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on January 19, 2008
DATE

[signature]
SIGNATURE OF SERVER

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026
ADDRESS OF SERVER

213-482-1567 Registered Los Angeles County #5426

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____CENTRAL_____  _____CALIFORNIA_____

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: IGWT 826 Investments, LLC, C/O: National Corporate Research, Ltd.
    523 West 6th Street, Suite 544
    Los Angeles, CA 90014

[  ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 26, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 |  |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey /su  Attorney for Plaintiff, Mattel, Inc. | January 12, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017  (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

**Exhibit 2**
**Page 22**

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | January 12, 2009 3:45 pm | National Corporate Research, Ltd. |
| SUBPOENA RE DEPOSITION | | 523 West 6th Street, Suite 544 |
| | | Los Angeles, CA 90014 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| RICHARD ARTHUR, Senior Corp Specialist | personal | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| DAVID ANTOLIN | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____ January 19, 2008
           DATE

_signature_
SIGNATURE OF SERVER

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026
ADDRESS OF SERVER

213-482-1567 Registered Los Angeles County #5426

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
    The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Exhibit 2**
**Page 23**

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

CENTRAL                          CALIFORNIA

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: ¹ CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Omni 808 Investors, LLC
    9420 Wilshire Blvd. Suite 400
    Beverly Hills, CA 90212

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
  testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
  place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 23, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person
designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff Mattel, Inc. | January 9, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO-88

Exhibit 2
Page 24

01/21/2009  16:19   213-4821561              NOW LEGAL SERVICES              PAGE  82

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | January 9, 2009 6:00 pm | Omni 808 Investors, LLC |
| SUBPOENA RE DEPOSITION | | 9420 Wilshire Boulevard, Suite 400 |
| | | Beverly Hills, CA 90212 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| Michael Daniels, person-in-charge | personal | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| MARLOWE DICKERSON | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     January 21, 2008
                DATE

_Marlowe Dickerson_
SIGNATURE OF SERVER

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026
ADDRESS OF SERVER

213-482-1567 Registered Los Angeles County #5426

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

*(remaining fine-print legal text illegible)*

**Exhibit 2**
**Page 25**

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

_____CENTRAL_____    _____CALIFORNIA_____

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Omni 808 Investors, LLC
    355 South Grand Avenue, Suite 4400
    Los Angeles, CA 90071

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 23, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff, Mattel, Inc. | January 9, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

Exhibit 2
Page 26

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | January 9, 2009 6:10 pm | 355 South Grand Avenue, Suite 4400 Los Angeles, CA 90071 |
| SUBPOENA RE DEPOSITION | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| Jeff Derocher, person-in-charge | personal | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| DAVID QUINTANA | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____ January 19, 2008 _____
DATE

SIGNATURE OF SERVER

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026
ADDRESS OF SERVER

213-482-1567 Registered Los Angeles County #5426

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit 2
Page 27

✎ AO88 (Rev. 12/07) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL                                    CALIFORNIA

CARTER BRYANT, an individual,

                                    **SUBPOENA IN A CIVIL CASE**

                    V.

MATTEL, INC., a Delaware corporation,      Case Number: [1]  CV 04-9049 SGL (RNBx)
                                    Consolidated with cases CV 04-9059
                                    and 05-2727

TO: OmniNet Capital, LLC
    9420 Wilshire Blvd. Suite 400
    Beverly Hills, CA 90212

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 23, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person
designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff, Mattel, Inc. | January 9, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

                                                                    AO-88

Exhibit 2
Page 28

01/21/2009   16:19      213-4821561                    NOW LEGAL SERVICES                    PAGE   03

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | January 9, 2009 6:00 pm | OmniNet Capital, LLC |
| SUBPOENA RE DEPOSITION | | 9420 Wilshire Boulevard, Suite 400 |
| | | Beverly Hills, CA 90212 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| Michael Daniels, person-in-charge | personal | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| MARLOWE DICKERSON | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on        January 21, 2008
                        DATE

                        *Marlowe Dickerson*
                        SIGNATURE OF SERVER

                        1301 West 2nd Street, Suite 101, Los Angeles, CA 90026
                        ADDRESS OF SERVER

                        213-482-1567 Registered Los Angeles County #5426

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

[two-column fine print of Federal Rule of Civil Procedure 45 — illegible]

Exhibit 2
Page 29

AO88 (Rev. 12/07) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

District of _____         Delaware

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation,

**SUBPOENA IN A CIVIL CASE**

Case Number: C.D.Cal. CV 04-9049 SGL(RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Vision Capital, LLC
800 Delaware Avenue
Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| National Legal Process Servers, Inc. Attn: Kim Ryan | January 27, 2009 |
| 2008 Pennsylvania Ave., Ste. 207 | 9:00 a.m. |
| Wilmington, DE 19806 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey /SR Attorney for Plaintiff, Mattel, Inc. | January 13, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

If action is pending in district other than district of issuance, state District under case number

Exhibit 2
Page 30

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/13/2009 | Time: 2:22 PM at Delaware Corporations, LLC, 800 Delaware Avenue, 10th Floor, Wilmington, DE 19801 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Vision Capital, LLC | Accepted by Susan Yeatman, Managing Agent |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel Newcomb | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 1/14/2009
DATE

[signature]
SIGNATURE OF SERVER

2000 Pennsylvania Ave. # 207
ADDRESS OF SERVER

Wilmington, DE 19806

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT 3

01-22-2009   03:59pm   From-                                    T-152   P.001/002   F-618

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE NO.: (213) 687-5000
FACSIMILE NO.: (213) 687-5600

EMAIL: rherring@skadden.com

## FACSIMILE TRANSMITTAL SHEET

FROM: Robert Herrington                          DATE : January 22, 2009
DIRECT DIAL: (213) 687-5368                       FLOOR/OFFICE NO.: Suite 3400
DIRECT FACSIMILE: (213) 621-5368                  REFERENCE NO: 112040/7

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION.  IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE.  WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5368.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   2

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.   NAME:  Jon D. Corey                  FIRM:  Quinn, Emanuel, Urquhart, Oliver & Hedges LLP
     CITY:  Los Angeles                   TELEPHONE NO.:
     FACSIMILE NO.:   (213) 443-3100

MESSAGE:

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5368
DIRECT FAX
(213) 621-5368
EMAIL ADDRESS
RHERRING@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 22, 2009

**VIA FACSIMILE & U.S. MAIL**

Jon D. Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:   *Mattel v. Bryant*

Dear Jon:

We are writing to meet and confer pursuant to Paragraph 5 of the Discovery Master Stipulation regarding the subpoenas you have served on IGWT 826 Investments, LLC, IGWT Group, LLC, OmiNet Capital, LLC, Omni 808 Investors LLC, Vision Capital, LLC and Wachovia Corporation.

As you are aware, yesterday, January 21, 2009, was the first day Mattel provided notice to MGA that the subpoenas to the above entities had been served. These subpoenas are improper for a host of reasons, including because (i) they violate the Court's January 7, 2009 appointing a forensic auditor and holding in abeyance Mattel's Application for the appointment of a receiver; (ii) they violate the Discovery Master's May 7, 2008 Order, which quashed subpoenas to third parties containing very similar requests to the overly broad and harassing requests in the subpoenas you recently served; and (iii) Mattel failed to provide notice the MGA Parties of these subpoenas prior to their issuance and service in violation of Fed. R. Civ. Proc. 45.

We ask that Mattel immediately withdraw these subpoenas, or, at a minimum, defer the response date until 30 days after the forensic auditor provides his findings to the Court and the Court issues a further order on Mattel's Application for the appointment of a receiver. If Mattel does not withdraw the subpoenas, we will file a motion to quash and/or for protective order.

Sincerely,

Robert J. Herrington

Robert J. Herrington

540816-Los Angeles Server 1A - MSW

Exhibit 3
Page 33

# EXHIBIT 4

# quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 23, 2009

## VIA FACSIMILE AND U.S. MAIL

Robert J. Herrington
Skadden Arps Slate Meagher & Flom LLP
300 South Grand Ave, Suite 3400
Los Angeles, California 90071

Re:     Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Rob:

I write in response to your letter of January 22, 2009, requesting a meet and confer regarding the subpoenas Mattel served on IGWT Group, LLC, IGWT 826 Investments, LLC, OmniNet Capital, LLC, Omni 808 Investors, LLC, Vision Capital, LLC, and Wachovia Corporation. As the parties have agreed, counsel will be meeting at mutually agreeable times on January 29 and 30 to discuss the propriety of the subpoenas.

Some of the comments in your letter, however, warrant response. MGA's claim that Mattel failed to provide notice of the subpoenas to the MGA Parties prior to their issuance and service and that the first receipt of notices of the subpoenas was on January 21, 2009 is wrong. Mattel served notices of subpoena on your office prior to service of the subpoenas on the third-party witnesses.

Your contentions that Mattel's subpoenas violate the Discovery Master's May 7, 2008 Order and the Court's January 7, 2009 Order are likewise without merit. The subpoenas at issue in the May 7, 2008 Order sought different information and went to different issues than the present requests. And, even if the requested documents overlap, Judge Infante was unquestionably clear that "[n]othing in this Order is intended to authorize or preclude Mattel from seeking documents from the non-parties identified herein as part of Phase 2 discovery, if appropriate." May 7, 2008 Order

quinn emanuel urquhart oliver & hedges, llp

07975/2772638.2

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan

Exhibit 4
Page 34

at 13. So, Judge Infante's rulings on those subpoenas have no bearing on the propriety of the subpoenas identified in your letter.

Further, your claim that Mattel breached the Court's January 7, 2009 Order by serving these subpoenas is similarly in error. The Court lifted the stay on Phase 2 discovery in a January 6, 2009 Order and did so without conditions. The Court's January 7, 2009 Order contains no language that narrows, amends or changes the January 6, 2009 Order allowing unconditional Phase 2 discovery, nor does it contain any language suggesting that discovery into any subject matter of Phase 2 is off limits or improper. If the Court intended to stop Phase 2 discovery in whole or part, it would have said so. It did not. The threatened motion to quash is yet another attempt by the MGA parties to prevent Mattel -- and the Court, as it has repeatedly observed -- from obtaining accurate and current financial information from the MGA parties that go directly to Mattel's substantive claims and to damages.

Mattel's subpoenas are proper. Accordingly, Mattel will not withdraw the subpoenas. Please feel free to contact me if you wish to discuss this further. Otherwise, I assume that we can discuss with you and counsel for the parties on January 29 and 30 whether any issues can be resolved without resort to motion practice.

Best regards,

Jon Corey /sм

Jon Corey

**Exhibit 4**
**Page 35**

# EXHIBIT 5

## DAVIS POLK & WARDWELL

1600 EL CAMINO REAL
MENLO PARK, CA 94025
650 752 2000
FAX 650 752 2111

NEW YORK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

NEAL A. POTISCHMAN
650 752 2021
NEAL.POTISCHMAN@DPW.COM

January 29, 2009

Re:     Non-Party Subpoena in *Bryant v. Mattel Inc.*, CV 04-09049

Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Dear Jon:

I am writing to memorialize our discussion related to Mattel's subpoena addressed to my client, Wachovia Corporation ("Wachovia"), dated January 12, 2009 (the "Subpoena").

As per our discussion, Wachovia has identified a number of documents responsive to the Subpoena. Notwithstanding Wachovia's objections to the Subpoena, and dependent upon (1) the resolution of MGA Entertainment Inc.'s forthcoming motion to quash, and (2) Mattel's agreement to reimburse Wachovia for reasonable out-of-pocket expenses that have been and will be incurred in connection with producing responsive documents, Wachovia will produce non-privileged documents in the following categories:

- A copy of MGA's "credit file," which apparently includes materials such as primary credit documents, executed credit, security and guarantee agreements, monthly asset reports, draft consolidated balance sheets and cash flow statements;

- Copies of selected Wachovia's workout officers' desk files. These "desk files" include, *inter alia*, drafts of documents, internal analyses, correspondence between a borrower and the workout officers regarding violation of debt covenants and debt restructuring scenarios. In this instance, I believe the files also contain correspondence and agreements relating to transactions with OmniNet Capital, LLC and Omni 808 Investors, LLC,

Exhibit 5
Page 36

Jon D. Corey, Esq.                          2                    January 29, 2009

reports on MGA's cash-flow, "Lender Update" presentations by MGA detailing the company's financial situation, reports on MGA's operations, set-off notices, and correspondence regarding same. As noted, Wachovia would produce files from a Managing Director, Director, and Associate with responsibility for the MGA account;

- A complete set of all documents made available to lenders on Wachovia's ACBS SyndTrak[1] system. These documents include, *inter alia*, executed agreements (including agreements relating to transactions with Omni 808 Investors, LLC and OmniNet Capital, LLC), executed waivers of conditions in credit agreements, promissory notes, offer letters, term sheets, notices of borrowing, acceleration and set-off notices, due diligence reports, debt restructuring proposals, and correspondence between MGA and Wachovia; and

- A complete copy of the closing set of the MGA/OmniNet Capital, LLC transaction.

We believe that the foregoing documents sufficiently respond to each of the requests in the Subpoena. Wachovia will not produce additional documents including electronic communications between Wachovia and various entities sought in certain of your requests. The collection, processing, and review of electronic documents in these circumstances would be extremely burdensome, particularly for a non-party. Further, in light of the planned production of the above-listed documents, as well as the productions that Wachovia has made in this matter in the past, further collection, review, and production of electronic documents would be unduly burdensome, and otherwise inappropriate. Note, however, that electronic documents that were printed and stored as part of the above-listed categories would be included in any production from those sources.

Please do not hesitate to let me know if you have any questions.

Very truly yours,

Neal A. Potischman /seer/

Neal A. Potischman

By Electronic Mail

---

[1] ACBS SyndTrak is a front-office software system that facilitates data sharing among lenders.

Exhibit 5
Page 37

# EXHIBIT 6

## Christopher Price

| | |
|---|---|
| **From:** | Jon Corey |
| **Sent:** | Friday, January 30, 2009 6:29 PM |
| **To:** | 'Gordinier, Todd E.' |
| **Cc:** | Christopher Price; Stephen Hauss |
| **Subject:** | Vision Capital/Omni 808 Subpoenas |
| **Attachments:** | 2780410_stip re_ omni and vision capital.DOC; 6183.pdf |

Todd,

Following up on our discussion today, I have attached a form of proposed stipulation to obviate the need for a motion to compel and the order re Mattel's motion for a receiver. Please let me know if you have any comments. We would like to get this wrapped up on Monday, if possible, based on the parties/third-parties agreements regarding timing.

Separately, I do not know if you represent OmniNet Capital, but we were not served with any objections to the subpoena that Mattel served upon it.

Best regards,

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 090378)
    (johnquinn@quinnemanuel.com)
3 | Michael T. Zeller (Bar No. 196417)
    (michaelzeller@quinnemanuel.com)
4 | Jon D. Corey (Bar No. 185066)
    (joncorey@quinnemanuel.com)
5 | 865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
6 | Telephone: (213) 443-3000
    Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8

9

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | EASTERN DIVISION

13

| CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |
| | Consolidated with |
| Plaintiff, | Case No. CV 04-09059 |
| | Case No. CV 05-02727 |
| vs. | |
| | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | STIPULATION REGARDING THIRD-PARTY SUBPOENAS SERVED ON OMNI 800 INVESTORS, LLC AND VISION CAPITAL, LLC; AND |
| Defendant. | |
| | [PROPOSED] ORDER THEREON |
| AND CONSOLIDATED CASES | |

07209/2780410.1

Exhibit 6
Page 39

STIPULATION

1

## **STIPULATION**

2          WHEREAS, Mattel, Inc. on January 9, 2008, served subpoenas on Omni

3    808 Investors, LLC and on January 12, 2008, served a subpoena on Vision Capital,

4    LLC (collectively, "the Subpoenas");

5          WHEREAS, Mattel, Inc. has met and conferred with Omni 808 Investors,

6    LLC and Vision Capital, LLC regarding the Subpoenas;

7          WHEREAS, the MGA Parties have stated that they intend to file a

8    motion to quash the Subpoenas on February 2, 2009;

9          WHEREAS, Mattel, Inc., Omni 808 Investors, LLC, and Vision Capital,

10   LLC seek to avoid unnecessary litigation over the documents requested in the

11   Subpoenas;

12          NOW, THEREFORE, the parties agree, by and through their counsel, and

13   subject to the Discovery Master's approval, hereby stipulate as follows:

14          1.     If, and to the extent, the Discovery Master denies the MGA Parties'

15   motion to quash the subpoenas, Omni 808 Investors, LLC and Vision Capital, LLC

16   will produce all non-privileged documents responsive to the Subpoenas within ten

17   business days of the ruling;

18          2.     Mattel, Inc. will reimburse Omni 808 Investors, LLC and Vision

19   Capital, LLC for their reasonable costs, such as copying costs, incurred in producing

20   responsive documents, excluding attorney, paralegal or clerk fees and associated costs.

21   / / /

22   / / /

23

24   / / /

25   / / /

26   / / /

27

28

07209/2780410.1

-1-

STIPULATION

Exhibit 6
Page 40

1          3.      If the Subpoenas are quashed, then nothing in this stipulation shall

2   preclude Mattel, Inc. from serving future subpoenas upon Omni 808 Investors, LLC or

3   Vision Capital, LLC at an appropriate time.

4

5          IT IS SO STIPULATED.

6

7   DATED:  January __, 2009          BINGHAM MCCUTCHEN, LLP

8

9                                     By_____

10                                       Todd E. Gordinier
                                         Attorneys for Third Parties
11                                       Omni 808 Investors, LLC and
                                         Vision Capital, LLC
12

13  DATED:  January __, 2009          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
14

15

16                                    By_____

17                                       Jon Corey
                                         Attorneys for Plaintiff
18                                       Mattel, Inc.

19                          **[PROPOSED] ORDER**

20

21         IT IS SO ORDERED.

22  DATED:  January __, 2009

23

24                                    By_____

25                                       Robert C. O'Brien
                                         Discovery Master
26

27

28

-2-

STIPULATION

07209/2780410.1

Exhibit 6
Page 41

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.   CV 04-09049 SGL(RNBx)                    Date: January 7, 2009

Title:   MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
===========================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

           Jim Holmes                        None Present
           Courtroom Deputy                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                           None Present

PROCEEDINGS:   ORDER MODIFYING STAY OF PERMANENT INJUNCTION

                ORDER APPOINTING FORENSIC AUDITOR

       After an initial hearing on December 30, 2008, and a sealed hearing on January 5, 2009,
and after consideration of the parties' papers relating to the MGA parties' motion for stay pending
appeal (which specific relief the Court denied for the reasons stated on the record), and after
consideration of the parties' papers relating to Mattel's ex parte application to appoint a receiver,
the Court issues the following Order modifying the stay set forth in the Court's December 3, 2008,
Order, and appointing a forensic auditor.

                MODIFYING STAY OF PERMANENT INJUNCTION

       Notwithstanding any previous Order of the Court, the December 3, 2008, Order Granting
Mattel, Inc.'s Motion for Permanent Injunction (docket #4439), shall remain **STAYED**, ineffective
and non-final, until further order of the Court. Specifically, retailers and distributors will be
permitted to purchase the Spring and Fall 2009 lines of Bratz and Bratz-related products from
MGA and MGA licensees, up to and including December 31, 2009.

       In the event that the Court awards control over the rights to the Bratz products referenced in
the Court's December 3, 2008, Order and the January 7, 2009 Stipulation and Order (regarding

MINUTES FORM 90                                   Initials of Deputy Clerk __jh_____
CIVIL -- GEN                          1

Exhibit 6
Page 42

i

the Spring and Fall 2009 lines) to a Court-appointed receiver or to Mattel, Inc., that award will be subject to a requirement that retailers and distributors be permitted to purchase the Spring and Fall 2009 lines up to and including December 31, 2009.

## APPOINTMENT OF FORENSIC AUDITOR

As discussed on the record, the Court **HOLDS IN ABEYANCE** Mattel's ex parte application for appointment of a receiver pending a forensic audit of MGA Entertainment, Inc., Isaac Larian, and MGA Entertainment Hong Kong.

For good cause shown, the Court hereby **APPOINTS** Ronald L. Durkin to serve as the Court's forensic auditor (hereinafter referred to as "the Auditor"). Mr. Durkin's qualifications appear in an attachment to this Order. The Court has provided the Auditor with the parties' attorneys' contact information. The Auditor shall direct his initial communications to counsel.

Defendants MGA Entertainment, Inc., Isaac Larian, and MGA Entertainment Hong Kong, shall provide the Auditor with access to any and all MGA records, regardless of the medium or media of the maintenance of those records, **including but not limited to the "Document/Information Request List" attached to this Order,** that the Auditor deems necessary to enable him to provide the Court with a report, in camera, regarding MGA's finances sufficient to enable the Court to determine whether or not appointment of a receiver is warranted. The audit shall extend to any and all related entities as the Auditor deems necessary. Defendants shall also make available for interview individuals identified to them by the Auditor. Defendants shall make its computer systems, physical premises, and offices, available to the Auditor upon his reasonable request during normal business hours. Defendants shall permit the Auditor's reasonable use of its office machines, such as copiers and fax machines, as may be necessary to complete the audit.

The Auditor shall have the authority to seek the services of fellow professionals (as well as para-professionals and support staff) necessary to accomplish the Court-appointed audit. The provisions of this Order extend to the Auditor's delegatees as he so directs. The Auditor and his delegatees shall be compensated at their reasonable customary hourly rates.

The expense of the forensic audit shall be borne, in the first instance, by Mattel. After the Court considers the Auditor's report[s], the Court will consider whether the audit expenses should be shared with, or shifted completely to, defendants, based on the equities. The Auditor and his team shall submit periodic billing statements to Mattel to an address specified by Mattel's counsel.

All parties (and individuals and entities under their control) shall cooperate with the Auditor so that he may report to the Court in an expeditious manner.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL – GEN

2

Initials of Deputy Clerk __jh_____

Exhibit 6
Page 43

**FORENSIC AUDITOR**
**DOCUMENT/INFORMATION REQUEST LIST**
**January 7, 2009**

1.     Audited financial statements for the last three years.  If audited financial statements are not available, then the most current draft of financial statements for the last three years.

2.     Quarterly financial statements for the last three years.

3.     Detailed electronic monthly general ledgers and trial balances for the last three years. If electronic files are not available, then please produce in hard copies.

4.     Detailed electronic revenue or sales subsidiary ledgers for the last three years.  If electronic files are not available, then please produce the request in hard copies.

5.     Detailed electronic receipts or cash subsidiary ledgers for the last three years.  If electronic files are not available, then please produce in hard copies.

6.     Detailed electronic accounts payables and disbursements subsidiary ledgers for the last three years.  Details should include, but should not be limited to, vendor/payee ID, vendor/payee name, check/payment number, payment date (Standard Mask, i.e. MM/DD/YY, MM/DD/YYYY; not Jan 1, 2005), payment amount, currency indicator (if other than US dollars), foreign exchange rate (if other than US dollars), invoice number, invoice date (Standard Mask, i.e. MM/DD/YY, MM/DD/YYYY; not Jan 1, 2005), invoice amount, comment or description, and any other information contained in the file.  If electronic files are not available, then please produce in hard copies.

7.     Detailed electronic vendor master files of all active and inactive vendors for the last three years.  Details should include, but should not be limited to, vendor ID, vendor name, status (active/inactive), vendor address (including City, State, Zip, Country), date created, created by user ID.  If electronic files are not available, then please produce in hard copies.

8.     Detailed electronic payroll files for the last three years.  Details should include, but not be limited to, employee ID, employee name, payment date, payment number, deductions (e.g. tax, contributions, etc.), gross payment amount, net payment amount, and any other information contained in the file.  If electronic files are not available, then please produce in hard copies.

9.     Any and all records that substantiate transfers of assets to other entities, individuals, and/or parties, within the US and outside of the US.

10.     Copies of all bank statements, canceled checks, wire instructions, and all other information and notices sent with bank statements for the last three years.

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk __jh_____

Exhibit 6
Page 44

i

11.   Federal and state tax returns for the last three years.

12.   A summary of all contributions, loans and any sources of funding during the last twelve months.  Copies of agreements and/or contracts supporting these transactions.

13.   A summary of all related party transactions detailing any compensation, loans, advances, payments, fees or any other form of consideration paid to Isaac Larian, family members, or affiliates, or any other related party.

14.   Detail of all loan facilities with an indication of creditor and relevant terms.

15.   Copies of any notices from federal or state tax authorities regarding audits or audit adjustments during the last 3 years.

16.   All detailed corporate credit card statements for the last three years.  If electronic files are not available, then please produce in hard copies.

17.   Information and documents regarding expense reimbursement of owners, officers, employees, family members, or affiliates.

18.   Detailed human resources files (electronic) of all employee information (for all current and terminated employees to date) including but not limited to employee name, employee number, address, phone number, start date, termination date, status, position, social security number, and any other information contained in the files.  If electronic files are not available, then please produce in hard copies.

19.   Electronic files of all emails including attachments to the emails from the network server and from backup tapes (please identify dates of backup tapes in order for selection of time period).

20.   Forensic images of personal computer hard drives and PDAs of selected individuals.

Exhibit 6
Page 45





Ronald L. Durkin
CPA/CFF, CFE, CIRA

**Senior Managing Director**

619 481 5201

rdurkin@durkinforensic.com

701 B Street Suite 1310
San Diego, CA 92101

Ronald L. Durkin is a CPA with over 30 years combined experience in public accounting and as a Special Agent with the FBI. He has testified in accounting, financial, and bankruptcy matters in U.S. District Court, U.S. Bankruptcy Court, U.S. Tax Court and in various State courts. During his tenure with the FBI, Ron was responsible for investigations involving white collar crime, political and public corruption, money laundering, organized crime, labor racketeering, racketeer-influenced and corrupt organization statute (RICO) violations, and narcotics matters. Since leaving the FBI, he has assisted clients in matters involving fraud prevention, detection, and internal investigations. He has worked on cases involving Foreign Corrupt Practices Act, employee embezzlement, management fraud, financial statement fraud, conflict-of-interest, check kiting, bankruptcy fraud, money laundering, and Ponzi schemes.

In 2008 Ron retired from KPMG. While at KPMG, Ron was the National Partner in Charge of the Fraud and Misconduct Investigations practice and served as the Western Region's forensic practice leader as well as the office coordinating partner for the Los Angeles office's forensic practice.

**Exhibit 6**
**Page 46**



## Service Lines

Fraud & Misconduct Investigations

Fraud Risk Management

Forensic in the Audit/Shadow Procedures

## Education and Certifications

Bachelor of Science, Accounting,
California State University, Sacramento

Masters of Business Administration
(Emphasis in Accounting), California
State University, Sacramento

Certified Public Accountant,
licensed in California, Arizona,
Nevada, and Washington

Certified in Financial Forensics

Certified Fraud Examiner

Certified Insolvency and
Restructuring Advisor

He is a frequent speaker at the FBI Academy and at the AICPA National Fraud Conference, California and other State CPA Societies, and he has made presentations to the IRS Criminal Investigative Division and the U.S. Postal Inspectors CPA seminars. He is a member of the AICPA National Accreditation Commission and a former member of the Business Valuation and Forensic Litigation Services Executive Committee. He is the former chair of the AICPA Anti-Fraud Programs and Controls Task Force and past chair of the AICPA Litigation and Dispute Resolution Services Subcommittee. Ron is also the Chair of the California Society of CPA's Litigation Services Steering Committee and the past Chair of the California Society of CPAs Fraud Section.

Ron was a 2003 AICPA Volunteer of the Year. Ron was also honored with the Distinguished Achievement Award by the AICPA in 2006 for his long time commitment to the AICPA. In 2007, Ron was awarded the first-ever FLS Lifetime Achievement Award by the AICPA.

Exhibit 6
Page 47



## Professional Associations

American Institute of Certified Public Accountants (Immediate Past Chair of Litigation & Dispute Resolution Services Subcommittee) – member since 1995

California Society of Certified Public Accountants (member of Steering Committee for statewide Litigation Services Sections and Chair of Fraud Section)

Association of Certified Fraud Examiners (Member of Faculty since 1995)

Association of Insolvency and Restructuring Advisors

Society of Former Special Agents of the FBI

Institute of Internal Auditors

## Investigative and Integrity Advisory Experience

On an International level, he has worked on a number of matters involving alleged Foreign Corrupt Practices Act (FCPA) violations. Working on behalf of U.S. based companies, Ron investigated allegations that members of management of foreign subsidiaries were involved in either bribing foreign officials, diverting corporate opportunities and funds, or conspiring with others to defraud U.S. based victims.

Conducted an investigation of certain allegations of political and public corruption surrounding an international sporting event that was to be held in the US. The allegations involved FCPA, bribery, and public corruption.

Conducted an investigation of an alleged kickback scheme on the part of a purchasing manager of a global technology company.

Conducted an internal investigation with a multi-national corporation regarding corruption involving a former manager in the accounts receivable department. The case was referred to the United States Attorney's Office and the FBI for prosecution.

Exhibit 6
Page 48



Conducted an internal investigation, on behalf of a publicly
traded company, regarding alleged diversion of funds with the
accounts payable department. The case was referred to the
United States Attorney's Office and the FBI for prosecution.

Investigated allegations of fraud in the real estate industry, in-
cluding new construction projects, as well as management and
operation of office buildings, apartment buildings and shop-
ping centers.

Investigated allegations of corruption by certain members of a
County Board of Supervisors who were indicted by a Federal
Grand Jury.

Served as an undercover agent in a case involving 35 State
Court Judges who were indicted and convicted of public corruption.

Conducted a number of investigations of cases involving Pyra-
mid and Ponzi schemes. He also has testified in U.S. District Court,
State Court, and Bankruptcy Court in several of these cases.

During career with the FBI and as a bankruptcy trustee, inves-
tigated allegations of fraud, corruption and organized crime
within the solid waste industry.

Exhibit 6
Page 49



As the Chapter 11 Trustee of two failed insurance agencies, he conducted investigations into allegations of fraud and mismanagement on the part of senior management.

As a Chapter 7 Trustee, Chapter 11 Trustee, and Examiner in bankruptcy matters, has conducted hundreds of investigations where allegations of fraud have been alleged.

Served as a "keeper" for the Department of Corporations, investigated a State securities fraud matter.

Served as trustee of the parent of one of the largest financial institutions in California where securities fraud and other actions were alleged against senior management.

Exhibit 6
Page 50



## Publications

One of the principal authors of the AICPA Practice Aid 07-1 – "Forensic Accounting – Fraud Investigations" (2007)

Chair of the AICPA Forensic Procedures Task Force responsible for the writing of the "Forensic Procedures and Specialists: Useful Tools and Techniques" – AICPA Special Report, 2006

Chair of the AICPA Antifraud Programs and Controls Task Force responsible for the writing of "Management Override of Internal Controls: The Achilles' Heel of Fraud Prevention" – AICPA Practice Aid, 2005

Principal author – AICPA Technical Consulting Practice Aid 97-1 "Fraud Investigations in Litigation and Dispute Resolution Services"

Co-author – California Society of CPA "The Witness Chair" – SAS 99 – Is It Enough To Help Close the Expectation Chasm? (2003)

Author – "A Systematic Approach to Fraud Investigation" – The CPA Expert, Spring 2000 (AICPA Newsletter for providers of Business Valuation and Litigation Services)

Co-author – "Defining the Practice of Forensic Accounting" The CPA Expert, 1999 Special Issue (AICPA Newsletter for providers of Business Valuation and Litigation Services)

Contributing and Reviewing author to Guide to Fraud Investigations published by Practitioners Publishing Company

Contributing author to Handbook of Litigation Services for John Wiley and Sons. The chapter written by Mr. Durkin is entitled "Criminal Cases and the Investigative Accountant."

Book review of Investigating White Collar Crime: Embezzlement and Financial Fraud for "CPA Management Consultant".

Exhibit 6
Page 51

# EXHIBIT 7

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   February 2, 2009

**NUMBER OF PAGES, INCLUDING COVER:** 3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Jeffrey B. Valle, Esq. Valle & Associates | (310) 476-0300 | (310) 476-0333 |

**FROM:**   Jon Corey

**RE:**   Mattel, Inc. v. Bryant

**MESSAGE:**

Please see attached.

*FAXED*
FEB 0 2 2009

| 07209/2780147.1 | | | | |
|---|---|---|---|---|
| CLIENT # | 7209 | ROUTE/ RETURN TO: | Johanna Lopez –10th and Team. | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
| OPERATOR: | WWhe | | CONFIRMED? | ☐ NO ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 7
Page 52

# Confirmation Report — Memory Send

Page          : 001
Date & Time: 02-02-2009   14:03
Line 1        : 2134433100
Line 2        :
Machine ID : QUINN EMANUEL

Job number      :   822

Date            :   02-02  14:01

To              : ☎9414#07209#13104760333#

Number of pages :   003

Start time      :   02-02  14:01

End time        :   02-02  14:03

Pages sent      :   003

Status          :   OK

Job number   : 822          *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

DATE:   February 2, 2009          NUMBER OF PAGES, INCLUDING COVER: 3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Jeffrey B. Valle, Esq. Valle & Associates | (310) 476-0300 | (310) 476-0333 |

FROM:   Jon Corey

RE:   Mattel, Inc. v. Bryant

MESSAGE:

Please see attached.

07209/2780147.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Johanna Lopez –10th and Team. | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 7
Page 53

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 2, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Jeffrey B. Valle, Esq.
Valle & Associates
1911 San Vicente Blvd., Suite 324
Los Angeles, California 90049

Re:   <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Jeff:

I write to memorialize our January 30, 2009 meeting of counsel regarding Mattel's subpoenas to IGWT Group, LLC and IGWT 826 Investments, LLC (collectively "IGWT").

First, I informed you that I had spoken to the other third-party witnesses that Mattel had subpoenaed, and that they had agreed, in principle, to produce responsive documents pending the outcome of MGA's anticipated motion to quash. You indicated that IGWT would likewise wait for a ruling on the motion to quash before producing any documents.

We then discussed IGWT's objections to Mattel's requests. As to Mattel's Request Nos. 1 and 2, you stated that IGWT would be willing to produce "sufficient" documents to show the transactions between IGWT and MGA, as well as the revenues generated by those transactions. However, you stated that, to the extent Request Nos. 1 and 2 seek "all documents," IGWT objects to the requests as overbroad and unduly burdensome. You further indicated that IGWT has the same objection to all other requests which seek "all documents." I responded that it is my understanding that both IGWT entities are recently-formed, single-purpose entities whose transactions are exclusively with MGA. As such, the requested documents are clearly relevant and unlikely to be overly voluminous or to cause sufficient burden to justify withholding documents. You stated that because you were only retained by IGWT a few days ago, your knowledge of their business and of the quantity of documents at issue is limited. You agreed to

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
07975/2781099.1
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL

Exhibit 7
Page 54

discuss these details further with your client, and indicated that if the universe of potentially responsive documents is not large, you might not have an objection to the requests for "all documents."

You also inquired whether Mattel was only seeking documents pertaining to those MGA products identified in the Court's injunction order. You stated your belief that information related to any non-enjoined products would be irrelevant. In response, I stated that Mattel is certainly entitled to information regarding the enjoined products because, as contemplated by Judge Larson's orders, Mattel may have a claim to proceeds from the sale of such products. I informed you, however, that Mattel is also seeking and is entitled to documents pertaining to the non-enjoined products. As I explained, such information is relevant to Phase 2 issues, including to MGA's and Isaac Larian's credibility and net worth. In addition, the documents sought may also be relevant, or likely to lead to the discovery of admissible evidence regarding Mattel's RICO claims against Mr. Larian and MGA -- acts of mail fraud and wire fraud in furtherance of the conspiracy to harm Mattel -- and to Larian and MGA's unclean hands defense against Mattel, if documents show that Larian/MGA do not themselves have "clean hands."

You also asked if Mattel would be willing to put off these requests until after Judge Larson rules on the currently pending post-trial motions. I stated that Mattel's request are relevant to Phase 2 issues, and are therefore unaffected by the Court's rulings on Phase 1 post-trial motions. As such, I informed you that Mattel is not willing to postpone its requests.

With respect to Mattel's Request No. 3, you stated that IGWT does not have an objection to providing the requested information.

As to the remaining requests, you expressed your belief that our discussion would be more productive if you first had an opportunity to speak with your client to get additional information regarding the underlying transactions and documents at issue. We agreed to a further meet and confer on Monday, February 2, 2009 at 3 p.m. I look forward to speaking to you then.

Best regards,

Jon Corey

Jon Corey

Exhibit 7
Page 55

# EXHIBIT 8

**From:** Jeffrey B. Valle [mailto:JValle@ValleAssociates.com]
**Sent:** Monday, February 02, 2009 6:08 PM
**To:** Jon Corey
**Cc:** Ilan Wisnia
**Subject:** Subpoenas to IGWT Group, LLC and IGWT 826 Investments

Jon,

    I am writing to follow up on our meet and confer discussion this afternoon. Although, as we have discussed, we believe the requests are objectionable for several reasons, we would prefer to resolve the issues without the need for motion practice. With that in mind, I made the following proposal. The proposal is conditioned on the Court denying MGA's motion to quash.

    As to IGWT Group, LLC., we would produce documents sufficient to identify all purchases of Bratz products by IGWT and all sales of Bratz products by IGWT (including the amounts paid to MGA for the purchases and amounts received by IGWT from the sales). We would also provide a representation of the total purchases from MGA (approximately $5 million) and total sales (approximately $6 million).

    As to IGWT 826 Investments, LLC., we would produce the deal documents with respect to the two MGA-related transactions this entity has done.

    As we also discussed, we would agree that you would not waive your right to seek additional documents if necessary. Finally, you asked if we would agree to provide the identity of the owners of the two entities. While we believe this request is objectionable, I told you we would consider doing so if you would agree not to bring a motion to compel at this time.

Jeffrey Valle
Valle & Associates
11911 San Vicente Blvd., Ste. 324
Los Angeles, CA 90049
ph: 310-476-0300
fax: 310-476-0333
www.valleassociates.com

—

# EXHIBIT 9

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 2, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Peter N. Villar, Esq.
Bingham McCutchen LLP
600 Anton Boulevard 18th Floor
Costa Mesa, California 92626-1924

Re:     <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Peter:

I write to memorialize our discussions of February 2, 2009 regarding Mattel's subpoenas to Omni 808 Investors, LLC, OmniNet Capital, LLC and Vision Capital, LLC.

You stated that Omni 808 and Vision Capital will not stipulate that they will produce all non-privileged documents responsive to the subpoenas if MGA's anticipated motion to quash is denied.  Rather, you indicated that your clients are only willing to produce documents reflecting (1) Wachovia Corporation's loan to MGA Entertainment, Inc., and (2) the assignment of the debt from Wachovia to Omni 808.  In response, I stated that Mattel believes that the subpoenas properly request relevant, discoverable information.  You inquired whether Mattel would be willing to put off its anticipated motion to compel until after the motion to quash is decided and, if it was denied, to review the above-identified documents.  I informed you that it was not in Mattel's interest to wait and resolve this piece-meal, particularly when the motion to quash, as I have been informed by counsel for MGA, will not address any objections in the subpoenas, but only whether the subpoenas are premature.

Separately, in response to your request I provided you with a copy of the subpoena that Mattel served on OmniNet Capital with the proof of service, and you confirmed that your firm will be representing OmniNet Capital with respect to that subpoena.  You informed me that the position

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Driv ̇ ̇                         nia 94065 | TEL 650-801-5000 FAX 650-801-5100

07975/2782379.1

**Exhibit 9**
**Page 57**

that you would take with respect to the OmniNet Capital subpoena is the same as the position as
Omni 808 and Vision Capital.

Finally, this will confirm our agreement reached on Friday, January 30, 2009 that,
notwithstanding the prior agreement, that your clients would not argue that any motion to compel
would be untimely in any way if not filed on Monday, February 2, 2009.

Best regards,

Jon Corey

Jon Corey

**Exhibit 9**
**Page 58**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| NEW YORK | LOS ANGELES | TOKYO |
|---|---|---|
| 51 Madison Avenue, 22nd Floor | 865 South Figueroa Street, 10th Floor | Akasaka Twin Tower Main Building, 6th Floor |
| New York, NY 10010 | Los Angeles, CA 90017 | 17-22 Akasaka 2-Chome |
| (212) 849-7000 | (213) 443-3000 | Minato-ku, 107-0052 |
| Facsimile: (212) 849-7100 | Facsimile: (213) 443-3100 | +81 3 5561-1711 |
| | | Facsimile: +81 3 5561-1712 |

| SILICON VALLEY | SAN FRANCISCO | LONDON |
|---|---|---|
| 555 Twin Dolphin Drive, Suite 560 | 50 California Street, 22nd Floor | 16 Old Bailey |
| Redwood Shores, CA 94065 | San Francisco, CA 94111 | London United Kingdom |
| (650) 801-5000 | (415) 875-6600 | +44(0) 20 7653 2000 |
| Facsimile: (650) 801-5100 | Facsimile: (415) 875-6700 | Facsimile: +44(0) 20 7653 2100 |

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   February 2, 2009               **NUMBER OF PAGES, INCLUDING COVER:** **3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Peter Villar, Esq.<br>Bingham McCutchen LLP | 714.830.0640 | 714.830.0719 |

**FROM:**   Jon Corey

**RE:**   Mattel, Inc. v. MGA Entertainment, Inc. et al.

| CLIENT # | 07975 | ROUTE/<br>RETURN TO: | **Johanna/10** | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS P(**

Exhibit 9
Page 59

**Fax Call Report**

HP Color LaserJet 4730mfp Series
Page 1

**Fax Header Information**

Quinn Emanuel
213-443-3100
02-Feb-2009 08:36 PM

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|-----|-----------|------|----------------|----------|-------|--------|
| 412 | 02-Feb-2009 08:35 PM | Send | 17148300719 | 0:59 | 3 | Success |

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, 107-0052
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**LONDON**
16 Old Bailey
London United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

**LOS ANGELES OFFICE**

### FACSIMILE TRANSMISSION

DATE:     February 2, 2009

NUMBER OF PAGES, INCLUDING COVER: **3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|--------------|-----------|---------|
| Peter Villar, Esq.<br>Bingham McCutchen LLP | 714.830.0640 | 714.830.0719 |

FROM:     Jon Corey

RE:     Mattel, Inc. v. MGA Entertainment, Inc. et al.

| CLIENT # | 07975 | ROUTE/<br>RETURN TO: | Johanna/10 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|----------|-------|---------------------|------------|------------------------------------------|
| OPERATOR: | | CONFIRMED? ☐ NO ☐ YES: | | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 9
Page 60

# EXHIBIT 10

CALENDARED

RECEIVED

FEB 2 3 2007

SEND

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| MATTEL, INC., | Case No. CV 04-09059 SGL(RNBx) |
| Plaintiff, | SCHEDULING ORDER [FRCP 16(b)] |
| v. | 1. Establishing a Discovery Cut-off Date of October 22, 2007 |
| CARTER BRYANT, DOES 1-10, INCLUSIVE, | 2. Non-Discovery Motion Hearing Cutoff date of November 19, 2007, at 10:00 a.m. |
| Defendants. | 3. Setting Final Pretrial Conference for January 14, 2008, at 11:00 a.m. |
| | 4. Setting Jury Trial Date of February 12, 2008, at 9:30 a.m. |

**READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE
AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

The above matter is set for trial before the Honorable Stephen G. Larson, United States District Judge, Courtroom 1, United States District Court, Eastern Division, 2nd Floor, Riverside, California.

DOCKETED ON

FEB 2 2 2007

1. **Discovery Cut-Off:** This is the last date to complete discovery, including expert discovery, and the resolution of any discovery motions before this court. If



Exhibit 10
Page 61

1  expert witnesses are to be called at trial, the parties shall designate experts to be called
2  at trial and provide reports required by Fed. R. Civ. P. 26(a)(B), not later than eight
3  weeks prior to the discovery cutoff date.  Rebuttal expert witnesses shall be designated
4  and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B), not later than five weeks
5  prior to the discovery cutoff date.  Failure to timely comply with this deadline may result
6  in the expert being excluded at trial as a witness.  The Court requires compliance with
7  Local Rule 37-1 and 37-2 in the preparation and filing of discovery motions.  Discovery
8  motions may not be heard on an <u>ex parte</u> basis.

9      **2.      Joinder of Parties and Amendment of Pleadings:**  This deadline does
10  not apply if the deadline for joining parties or amending pleadings has already been
11  calendared or occurred by virtue of an order issued by another Judge.

12      In addition to the requirements of Local Rule 15-1, all motions to amend the
13  pleadings shall (a) state the effect of the amendment; (b) be serially numbered to
14  differentiate the amendment from previous amendments and (c) state the page, line
15  number(s), and wording of any proposed change or addition of material.

16      **3.      Motion Filing Cut-Off:**  The Court hears motions on Mondays at 10:00
17  a.m.  The motion filing cut-off date is the last day motions may be heard (not filed).  The
18  Court will not decide late motions.  Issues left undetermined by the passage of the
19  motion cut-off date should be listed as issues for trial in the Final Pretrial Conference
20  Order.  As an exception to the above, motions in limine dealing with evidentiary matters
21  may be heard at or before trial; however, summary judgment motions disguised as
22  motions in limine will not be heard.  Parties need not wait until the discovery cut-off to
23  bring motions for summary judgment or partial summary judgment.  However, in the
24  usual case, the court expects that more than the minimum notice will be provided to
25  counsel opposing motions for summary judgment.  In the usual case, the parties should
26  confer and agree on the date for setting such motions.

27

28

2

Exhibit 10
Page 62

1    Ex parte applications are entertained solely for extraordinary relief.  See Mission

2 Power Eng. Co. v. Continental Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995).  Strict

3 adherence to proper ex parte procedures is required for any ex parte application filed

4 with the Court.

5    4.   **Stipulations to Extend Time:**  Stipulations to extend the time to file any

6 required document or to continue any pretrial or trial date must set forth (a) the existing

7 due date or hearing date; (b) the current pretrial conference date and trial date; (c) the

8 specific reasons supporting good cause for granting the extension or continuance; and

9 (d) whether there have been any prior requests for extensions or continuances, and

10 whether these were granted or denied by the Court.

11    5.   **Summary Judgment Motions:**  The Separate Statement of Undisputed Facts

12 is to be prepared in a two-column format.  The left-hand column should set forth the

13 allegedly undisputed fact.  The right-hand column should set forth the evidence that

14 supports the factual statement. The fact statements should be set forth in sequentially

15 numbered paragraphs.  Each paragraph should contain a narrowly focused statement

16 of fact.  Each numbered paragraph should address a single subject in as concise a

17 manner as possible.

18    The opposing party's statement of genuine issues must be in two columns and

19 track the movant's separate statement exactly as prepared.  The document must be in

20 two columns; the left-hand column must restate the allegedly undisputed fact, and the

21 right-hand column must indicate either undisputed, or disputed.  The opposing party

22 may dispute all or only a portion of the statement, but if disputing only a portion, must

23 clearly indicate what part is being disputed.  Where the opposing party is disputing the

24 fact in whole or part, the opposing party must, in the right-hand column, label and

25 restate the moving party's evidence in support of the fact, followed by the opposing

26 party's evidence controverting the fact.  Where the opposing party is disputing the fact

27 on the basis of an evidentiary objection, the party must cite to the evidence alleged to

28

3

Exhibit 10
Page 63

1   be objectionable and state the ground of the objection and nothing more.  **No**
2   **argument should be set forth in this document.**

3       The opposing party may submit additional material facts that bear on or relate to
4   the issues raised by the movant, which shall follow the format described above for the
5   moving party's separate statement.  These additional facts shall follow the movant's
6   facts, shall continue in sequentially numbered paragraphs (i.e., if movant's last
7   statement of fact was set forth in paragraph 30, then the first new fact will be set forth in
8   paragraph 31), and shall set forth in the right hand column the evidence that supports
9   that statement.

10      The moving party, in its reply, shall respond to the additional facts in the same
11  manner and format that the opposition party is required to adhere to in responding to
12  the
13  statement of undisputed facts, as described above.

14      **(a) Supporting Evidence:** No party should submit any evidence other than
15  the specific items of evidence or testimony necessary to support or controvert a
16  proposed statement of undisputed fact.  Thus, for example, the entire transcript of a
17  deposition, entire sets of interrogatory responses, and documents that do not
18  specifically support or controvert material in the separate statements, should not be
19  submitted in support or opposition to a motion for summary judgment.  Any such
20  material will not be considered.

21      Evidence submitted in support of or in opposition to a motion should be
22  submitted either by way of stipulation or as exhibits to declarations sufficient to
23  authenticate the proffered evidence, and should not be attached to the Memorandum of
24  Points and Authorities.  The Court will accept counsel's authentication of deposition
25  transcript, of written discovery responses, and of the receipt of documents in discovery
26  if the fact that the document was in the opponent's possession is of independent
27  significance.  Documentary evidence as to which there is no stipulation regarding
28

4

Exhibit 10
Page 64

1   foundation must be accompanied by the testimony, either by declaration or properly

2   authenticated deposition transcript, of a witness who can establish its authenticity.

3       If evidence in support of or in opposition to a motion exceeds twenty pages, the

4   evidence must be in a separate bound volume and include a Table of Contents.

5       **(b) Objections to Evidence:**  If a party disputes a fact based in whole or in

6   part  on an evidentiary objection, the ground of the objection, as indicated above,

7   should be  stated in the separate statement but not argued in that document.

8   Evidentiary objections  are to be addressed in a separate memorandum to be filed with

9   the opposition or reply brief of the party.  This memorandum should be organized **to**

10  **track the paragraph numbers of the separate statement in sequence.**  It should

11  identify the specific item of evidence to which objection is made, the ground of the

12  objection, and a very brief argument with citation to authority as to why the objection is

13  well taken.  The following is an example of the format contemplated by the Court:

14          Separate Statement Paragraph 1:  Objection to the supporting deposition

15          transcript of Jane Smith at 60:1-10 on the grounds that the statement

16          constitutes inadmissible hearsay and no exception is applicable.  To the

17          extent it is offered to prove her state of mind, it is irrelevant since her state of

18          mind is not in issue.

19          Fed. R. Evid. 801, 802.

20      Do not submit blanket or boilerplate objections to the opponent's statements of

21  undisputed fact: these will be disregarded and overruled.

22      **(c) The Memorandum of Points and Authorities:**  The movant's

23  memorandum of points and authorities should be in the usual form required under

24  Local Rule 7-5 and should contain a narrative statement of facts as to those aspects of

25  the case that are before the Court. All facts should be supported with citations to the

26  paragraph number in the  Separate Statement that supports the factual assertion and

27  not to the underlying evidence.

28

5

Exhibit 10
Page 65

1        Unless the case involves some unusual twist on Rule 56, the motion need
2   only
3   contain a brief statement of the Rule 56 standard;  the Court is familiar with the Rule
4   and
5   with its interpretation under Celotex and its progeny.  If at all possible, the argument
6   should be organized to focus on the pertinent elements of the cause(s) of action or
7   defense(s) in issue, with the purpose of showing the existence or non-existence of a
8   genuine issue of material fact for trial on that element of the claim or defense.
9        Likewise, the opposition memorandum of points and authorities should be in
10  the
11  usual form required by Local Rule 7-5, and where the opposition memorandum sets
12  forth facts, the memorandum should cite to paragraphs in the separate statement if
13  they are not in dispute, to the evidence that contravenes the fact where the fact is in
14  dispute or, if the fact is contravened by an additional fact in the statement of genuine
15  issues, the citation should be to such fact by paragraph number.
16        **(d) Timing:**  In virtually every case, the Court expects that the moving party
17  will provide more than the minimum twenty-one (21) day notice for such motions.  The
18  moving party should deliver to chambers a copy of a diskette, in WordPerfect format
19  (11.0 or earlier versions), containing the Statement of Uncontroverted Facts and
20  Conclusions of Law.
21     6.   **Motions in Limine:**  The parties must file motions in limine addressing the
22  admissibility of evidence in accordance with Local Rule 7-3.  The parties shall file their
23  opposing and reply papers in accordance with Local Rules 7-9 and 7-10 respectively.
24     7.   **Pretrial Conference and Trial Setting:**  Compliance with the requirements of
25  Local Rule 16 is mandatory.  Counsel shall submit carefully prepared Memoranda of
26  Contentions of Fact and Law (which may also serve as the trial briefs) and Proposed
27  Pre-Trial Conference Order ("PTCO") in accordance with the provisions of Local Rules
28  16-2.8 through 16-6. The Proposed Pre-Trial Conference Order shall conform to the

6

Exhibit 10
Page 66

1 example set forth in Appendix A to the Local Rules, modified as necessary to comply
2 with this order.        The Memoranda of Contentions of Fact and Law, Exhibit
3 Lists, and Witness Lists shall be served and filed no later than fourteen (14) calendar
4 days before the Pre-Trial Conference. The Proposed Pre-Trial Conference Order shall
5 be lodged fourteen (14) calendar days before the Pre-Trial Conference.

6        The Proposed Pre-Trial Conference Order must contain a Table of Contents.
7 Place in all capital letters and in bold the separately numbered headings for each
8 category in the PTCO. Under paragraph 1, list each claim, counterclaim, or defense
9 that has been dismissed or abandoned. In multiple-party cases where not all claims or
10 counterclaims will be prosecuted against all remaining parties on the other side, please
11 specify to which party each claim or counterclaim is directed. The factual issues in
12 dispute should track the elements of a claim or defense upon which the jury would be
13 required to make findings. Counsel should state issues in ultimate fact form, not as
14 evidentiary fact issues (i.e., "was the defendant negligent," "was defendant's negligence
15 the proximate cause of plaintiff's injury;" not "was the plaintiff standing on the corner of
16 12th Street and Lemon Avenue at 10:00 a.m. on March 1"). Issues of law should state
17 legal issues upon which the Court will be required to rule after the Pre-Trial Conference,
18 including during the trial, and should not list ultimate fact issues to be submitted to the
19 trier of fact.

20        In drafting the PTCO, the court expects that counsel will attempt to agree on
21 and set forth as many non-contested facts as possible. The court will normally read the
22 uncontested facts to the jury at the start of the trial. Carefully drafted and
23 comprehensively stated stipulation of facts will reduce the length of trial and increase
24 jury understanding of the case.

25        If expert witnesses are to be called at trial, each party must list and identify its
26 respective expert witnesses, both retained and non-retained. Failure of a party to list
27 and identify an expert witness in the Proposed Pre-Trial Conference Order shall
28 preclude a party from calling that expert witness at trial.

7

Exhibit 10
Page 67

1    This case has been placed on calendar for a Final Pretrial Conference ("PTC")
2    pursuant to Fed. R. Civ. P. 16 and Local Rule 16-1, unless the PTC was expressly
3    waived at the Scheduling Conference by the court. Unless excused for good cause,
4    each party appearing in this action shall be represented at the PTC and all pretrial
5    meetings of counsel, by lead trial counsel. The failure to attend the PTC or to submit
6    the required pretrial documents may result in the dismissal of the action, striking the
7    answer and entering a default, and/or the imposition of sanctions.

8    A continuance of the Final Pretrial Conference at counsel's request or
9    stipulation will <u>only</u> be approved upon a showing of good cause. Counsel should plan
10   to do the necessary pretrial work on a schedule which will insure its completion with
11   time to spare before the Final Pretrial Conference. Specifically, failure to complete
12   discovery work, including expert discovery, is not a ground for a continuance.

13   Compliance with the requirements of Local Rules 16-1 to 16-13 is required by
14   the court. Carefully prepared Memoranda of Contentions of Fact (which may also serve
15   as the trial brief) and a proposed Final Pretrial Conference Order shall be submitted in
16   accordance with the provisions of Local Rule 16-6 and the form of the proposed Final
17   Pretrial Conference Order shall be in conformity with the format set forth in Appendix A
18   to the Local Rules.

19   At the PTC, counsel should be prepared to discuss means of streamlining the
20   trial, including, but not limited to: bifurcation, presentation of non-critical testimony by
21   deposition excerpts, stipulations as to the content of testimony, presentation of
22   testimony on direct examination by declaration subject to cross-examination, and
23   qualification of experts by admitted resumes. In certain cases where the PTC is waived
24   by the court, counsel must follow Local Rule 16-10.

25       **8.    <u>Witness List and Times Estimates:</u>** Counsel shall prepare a list of their
26   witnesses, an estimate of the length of time needed for direct examination for each
27   witness, and whether the witness will testify by deposition or in person. Counsel shall
28

8

Exhibit 10
Page 68

1   exchange these lists with opposing counsel.[1]  **Counsel shall jointly file a single**
2   **witness list, including estimates for direct examination of their own witnesses**
3   **and estimates for cross-examination of opposing witnesses.**  This list shall be filed
4   at the time counsel lodge the Proposed Pre-Trial Conference Order, i.e., fourteen (14)
5   days before the Pre-Trial Conference.

6      **9.   Jury Instructions and Verdict Forms:**  Fourteen (14) calendar days prior to
7   counsel's Rule 16 pre-trial meeting, counsel shall exchange proposed jury instructions
8   (general and special) and special verdict forms (if applicable).  Seven (7) calendar days
9   prior to the Rule 16-2 meeting, counsel shall exchange any objections to the
10  instructions and special verdict forms.  Prior to, or at the time of the Rule 16 meeting,
11  counsel shall meet and confer with the goal of reaching agreement on one set of joint
12  jury instructions and one special verdict form.

13         The parties should make every attempt to agree upon the jury instructions
14  before submitting them to the Court.  The Court expects counsel to agree on the
15  substantial majority of jury instructions, particularly when pattern instructions provide a
16  statement of applicable law.  When the Manual of Model Civil Jury Instructions for the
17  Ninth Circuit provides a version of an applicable requested instruction, the parties
18  should submit the most recent version of the Model instruction.  Where language
19  appears in brackets in the model instruction, counsel shall select the appropriate text
20  and eliminate the inapplicable bracketed text.  Where California law applies, counsel
21  should use California Jury Instructions -- Civil (8th ed.) ("BAJI").  If neither of the above
22  sources is applicable, counsel are directed to use the instructions from O'Malley, Grenig
23  & Lee (formerly Devitt, et al.), Federal Jury Practice and Instructions (latest edition).
24  Each requested jury instruction shall cover only one subject or principle of law and shall
25  be numbered and set forth in full on a separate page, citing the authority or source of
26  the requested instruction (except for the "clean" jury copy discussed below).

27

28      [1]   See "Joint Trial Witness Estimate Form" appended to this order.

9

Exhibit 10
Page 69

●                                    ●

1    When the parties disagree on an instruction, the party opposing the instruction
2  must attach a short statement (one to two paragraphs) supporting the objection, and
3  the party submitting the instruction must attach a short statement supporting the
4  instruction. Each statement should be on a separate page and should follow directly
5  after the disputed instruction.

6    The parties ultimately must submit one document or, if the parties disagree
7  over any proposed jury instructions, two documents. If the parties submit two
8  documents, those documents shall consist of: (a) a set of Joint Proposed Jury
9  Instructions and (b) a set of Disputed Jury Instructions, along with reasons supporting
10  and opposing each disputed instruction in the format set forth in the previous
11  paragraph.

12    The parties must file proposed jury instructions fourteen (14) calendar days
13  before the Pre-Trial Conference. If the court is closed that day, counsel shall file the
14  proposed instructions the preceding Friday. No later than 4:00 p.m. on the date such
15  instructions are due, the parties must submit conformed courtesy copies to the Court's
16  courtesy box located outside the entrance to Courtroom 1, United States District Court,
17  3470 Twelfth Street, 2nd Floor, Riverside, California. Counsel shall also provide the
18  Court with a 3½ inch diskette compatible with WordPerfect version 11.0 or lower
19  containing the proposed jury instructions, in accordance with this paragraph and the
20  previous paragraph.

21    The Court will send a copy of the instructions into the jury room for the jury's
22  use during deliberations. Accordingly, in addition to the file copies described above, the
23  diskette submitted with the jury instructions shall contain a "clean set" of Joint Proposed
24  and/or Disputed Jury Instructions, containing only the text of each instruction set forth in
25  full on each page, with the caption "Court's Instruction No. ___" (eliminating titles,
26  supporting authority, indication of party proposing, etc.).

27    An index page shall accompany all jury instructions submitted to the Court.
28  The index page shall indicate the following:

10

Exhibit 10
Page 70

(a) The number of the instruction;

(b) A brief title of the instruction;

(c) The source of the instruction and any relevant case citations; and

(d) The page number of the instruction.

EXAMPLE:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 15.3.2 | 7 |

Along with the jury instructions, counsel shall submit any necessary special verdict form fourteen (14) calendar days before the Pre-Trial Conference.

**10. Voir Dire Questions:** Counsel may, but need not, submit brief proposed voir dire questions for the jury at the Pre-Trial Conference. The Court will conduct its own voir dire after consulting any proposed voir dire submitted by counsel. After the Court conducts its own voir dire, counsel will be provided an opportunity to ask supplemental questions subject to Court approval.

**11. Joint Statement of the Case:** Counsel shall submit a joint statement of the case at the Pretrial Conference. The joint statement of the case will be read to the prospective panel of jurors prior to the commencement of voir dire. The statement should not exceed one page. The statement shall be filed with the Court no later than 4:00 p.m., on the Wednesday prior to the Pre-Trial Conference.

**12. Exhibits:** The parties shall file their witness lists and exhibits lists in accordance with Local Rule 16. Counsel are to assemble their exhibits by placing them in three-ring binders labeled on the spine portion of the binder showing both the volume number and the exhibit numbers. Each exhibit shall be separated by a tabbed divider on the right side. Counsel shall provide original exhibits for the courtroom deputy clerk and a duplicate set for the judge. The original exhibits shall be tagged with the appropriate exhibit tags in the upper or lower right corner of the first page of each exhibit and include the case number, case name, and exhibit number. Each binder

11

Exhibit 10
Page 71

1   shall contain a Table of Contents. Counsel must comply with Local Rule 26-4 when

2   numbering the exhibits. The Clerk's Office, located at the United States District Court,

3   3470 Twelfth Street, Riverside, California can supply counsel with appropriate exhibit

4   tags.

5         The Court requires the following to be submitted to the courtroom deputy clerk

6   on the first day of trial: (a) The original exhibits with the Court's exhibit tags; (b) one

7   bench book with a copy of each exhibit for the Court's use, tabbed as described above;

8   (c) three (3) copies of exhibit lists and a floppy disk containing the exhibit list; (d) three

9   (3) copies of witness lists in the order in which the witnesses will be called to testify; and

10   (e) file a Notice of Lodging of Deposition Transcripts (original and 2 copies) and Lodge

11   all anticipated trial deposition transcripts directly with the deputy clerk in the courtroom.

12         All counsel are to meet no later than ten (10) calendar days before trial to

13   discuss and agree to the extent possible on issues including foundation and

14   admissibility.

15      **13. Pre-Trial Exhibit Stipulation:** The parties shall prepare a Pre-Trial Exhibit

16   Stipulation which shall contain each party's numbered list of trial exhibits, with

17   objections, if any, to each exhibit including the basis of the objection and the offering

18   party's response. All exhibits to which there is no objection shall be deemed admitted.

19   All parties shall stipulate to the authenticity of exhibits whenever possible, and the Pre-

20   Trial Exhibit Stipulation shall identify any exhibits whose authenticity has not been

21   stipulated to and the specific reasons for the party's failure to stipulate.

22         The Stipulation shall be substantially in the following form:

23                     Pre-Trial Exhibit Stipulation

24   Plaintiff's Exhibits

25   Number     Description        Objection        Response to Question

26

27   Defendant's Exhibits

28   Number     Description        Objection        Response to Question

12

Exhibit 10
Page 72

1
2          The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel lodges
3   the Proposed Pre-Trial Conference Order. Failure to comply with this paragraph may
4   constitute a waiver of all objections.
5          **14. Findings of Fact and Conclusions of Law:** For a non-jury trial, counsel for
6   each party shall lodge proposed findings of fact and conclusions of law fourteen (14)
7   days before trial. The parties should deliver to chambers a copy of these findings and
8   conclusions of law on disk in WordPerfect format.
9              (a)    Underline in red the portions which it disputes;
10             (b)    Underline in blue the portions which it admits; and
11             (c)    Underline in black the portions which it deems not disputed, but
12                    deems irrelevant.
13         Counsel may agree with a part of a finding or conclusion, disagree with a part
14  of it and/or consider a part of irrelevant.
15         Two marked copies of opposing counsel's proposed findings of fact and
16  conclusions of law shall be lodged with the court seven (7) days before trial and one
17  marked copy shall be served on opposing counsel. Courtesy copies of the marked
18  copies shall be deposited in the drop box located outside the entrance of Courtroom 1
19  of the above-entitled court on the date due.
20         **15. Settlement:** Local Rule 16-14.2 provides that the Settlement Conference
21  shall be conducted not later than 45 days before the Pretrial Conference. The Court
22  believes that in most cases completion of all discovery and dispositive motions will help
23  the parties assess their positions before they embark on the costly pre-trial process.
24  However, in many cases, the parties find it more difficult to settle after they have
25  incurred the cost of all discovery and motion practice. Accordingly, the Court strongly
26  encourages counsel and the parties to pursue settlement earlier.
27         The Court has a keen interest in helping the parties achieve settlement. If the
28  parties believe that it would be more likely that a settlement would be reached if they

                                          13

Exhibit 10
Page 73

1  conduct settlement conference at an earlier time than that specified by the Court, they
2  should conduct it at that time.  In any event, the parties must file a Status Report re
3  Settlement at the time they lodge the Proposed Pretrial Order.

4      The Court will not conduct settlement conferences in non-jury cases which the
5  Court will try.  In jury cases, the Court will conduct a settlement conference at the
6  parties' request if three conditions exist: (a) The parties are satisfied that the fact issues
7  in the case will be tried to a jury; (b) all significant pre-trial rulings which Court must
8  make have been made; and (c) the parties desire the Court to conduct the conference,
9  understanding that if settlement fails, the Court will preside over the trial of the case.

10      **If a settlement is reached, it shall be reported immediately to this Court as**
11  **required by Local Rule 16-14.7.**

12      16.  The failure to attend the pretrial conference or to submit timely in conformity
13  with the format set forth in this order, the jury instructions, pre-trial exhibit stipulation,
14  joint statement of the case, voir dire questions, summary of witness testimony and
15  times estimates, proposed Pretrial Conference Order or the memorandum of
16  contentions of fact and law may result in the dismissal of the action, striking the answer
17  and entering default and/or the imposition of sanctions.

18      **17.  Telephonic Status Conference:**

19      Telephonic status conferences are sometimes set by the court to discuss
20  settlement status and other pending issues.  If a telephonic status conference has been
21  set, all counsel are ordered to discuss the matter with their clients and opposing
22  counsel before the telephonic status conference.  Plaintiff's counsel must make the
23  arrangements and place the conference call.  Plaintiff's counsel shall include all counsel
24  of record and the Court on the date and time scheduled.  The conference operator is to
25  place the final call to the Court at (951) 328-4410.  To assist the Court and staff,
26  participants shall identify themselves each time they speak.  No cellular telephones or
27  speaker telephones will be allowed.

28

<center>14</center>

Exhibit 10
Page 74

1                                            **Internet Site**

2       Counsel are encouraged to review the Central District's website for additional

3 information. The address is "http: //www.cacd.uscourts.gov"

4

5       The courtroom deputy clerk is ordered to serve a copy of this Order by mail,

6 facsimile or e-mail on counsel for all parties to this action.

7

8       IT IS SO ORDERED.

9 Dated: _____ FEB 2 1 2009 _____

10

11

12

13                                  STEPHEN G. LARSON
                                 UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

Exhibit 10
Page 75

Joint Trial Witness Estimate Form

Case: _____

Trial Date: _____

| | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |
| 11. | | | | | |
| 12. | | | | | |
| | Total Estimates This Page: | | | | |

Instructions:
(1) List witnesses (last name first); (2) For description, be extremely brief, e.g., "eyewitness to accident." Or "expert on standard of care"(3) Use estimates within fractions of an hour, rounded off to the closest quarter of an hour, e.g. if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column. e.g., "Needs interpreter." (5) Entries may be in handwriting if very neat and legible.

-16-

Exhibit 10
Page 76

**SEND**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| MGA ENTERTAINMENT, INC., | Case No. CV 05-02727 SGL(RNBx) |
| Plaintiff, | SCHEDULING ORDER [FRCP 16(b)] |
| v. | 1.   Establishing a Discovery Cut-off Date of March 3, 2008 |
| MATTEL, INC., | 2.   Non-Discovery Motion Hearing Cutoff date of April 7, 2008, at 10:00 a.m. |
| Defendants. | 3.   Setting Final Pretrial Conference for June 2, 2008, at 11:00 a.m. |
| | 4.   Setting Jury Trial Date of July 1, 2008, at 9:30 a.m. |

**READ THIS ORDER CAREFULLY.  IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

The above matter is set for trial before the Honorable Stephen G. Larson, United States District Judge, Courtroom 1, United States District Court, Eastern Division, 2nd Floor, Riverside,  California.

1.      **Discovery Cut-Off:**  This is the last date to complete discovery, including

FEB 2 2 2007

Exhibit 10
Page 77

1   expert discovery, and the resolution of any discovery motions before this court.  If expert

2   witnesses are to be called at trial, the parties shall designate experts to be called at trial and

3   provide reports required by Fed. R. Civ. P. 26(a)(B), not later than eight weeks prior to the

4   discovery cutoff date.  *Rebuttal expert witnesses shall be designated and reports provided as*

5   *required by Fed.R.Civ.P. 26(a)(2)(B), not later than five weeks prior to the discovery cutoff*

6   *date.*  Failure to timely comply with this deadline may result in the expert being excluded at

7   trial as a witness.  *The Court requires compliance with Local Rule 37-1 and 37-2 in the*

8   *preparation and filing of discovery motions.  Discovery motions may not be heard on an* ex

9   parte *basis.*

10       **2.        Joinder of Parties and Amendment of Pleadings:**  Any motions to join other

11   parties or for leave to amend the pleadings shall be filed within sixty (60) days of the date of

12   this Order so that they can be heard and decided prior to the deadline.  This deadline does

13   not apply if the deadline for joining parties or amending pleadings has already been

14   calendared or occurred by virtue of an order issued by another Judge.

15       In addition to the requirements of Local Rules 15-1, 15-2, and 15-3, all motions to

16   amend the pleadings shall (a) state the effect of the amendment; (b) be serially numbered to

17   differentiate the amendment from previous amendments and (c) state the page, line

18   number(s), and wording of any proposed change or addition of material.

19       3.        **Motion Filing Cut-Off:**  The Court hears motions on Mondays at 10:00 a.m.

20   The motion filing cut-off date is the last day motions may be heard (not filed).  The Court will

21   not decide late motions.  Issues left undetermined by the passage of the motion cut-off date

22   should be listed as issues for trial in the Final Pretrial Conference Order.  As an exception to

23   the above, motions in limine dealing with evidentiary matters may be heard at or before trial;

24   however, summary judgment motions disguised as motions in limine will not be heard.

25   Parties need not wait until the discovery cut-off to bring motions for summary judgment or

26   partial summary judgment.  However, in the usual case, the court expects that more than the

27   minimum notice will be provided to counsel opposing motions for summary judgment.  In the

28

<center>2</center>

Exhibit 10
Page 78

1   usual case, the parties should confer and agree on the date for setting such motions.

2       Ex parte applications are entertained solely for extraordinary relief. See Mission Power

3   Eng. Co. v. Continental Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995).  Strict adherence to

4   proper ex parte procedures is required for any ex parte application filed with the Court.

5       4.   **Stipulations to Extend Time:**  Stipulations to extend the time to file any required

6   document or to continue any pretrial or trial date must set forth (a) the existing due date or

7   hearing date; (b) the current pretrial conference date and trial date; (c) the specific reasons

8   supporting good cause for granting the extension or continuance; and (d) whether there have

9   been any prior requests for extensions or continuances, and whether these were granted or

10  denied by the Court.

11      5.   **Summary Judgment Motions:**  The Separate Statement of Undisputed Facts is to

12  be prepared in a two-column format.  The left-hand column should set forth the allegedly

13  undisputed fact.  The right-hand column should set forth the evidence that supports the

14  factual statement. The fact statements should be set forth in sequentially numbered

15  paragraphs.  Each paragraph should contain a narrowly focused statement of fact.  Each

16  numbered paragraph should address a single subject in as concise a manner as possible.

17      The opposing party's statement of genuine issues must be in two columns and

18  track the movant's separate statement exactly as prepared.  The document must be in two

19  columns; the left-hand column must restate the allegedly undisputed fact, and the right-hand

20  column must indicate either undisputed, or disputed.  The opposing party may dispute all or

21  only a portion of the statement, but if disputing only a portion, must clearly indicate what part

22  is being disputed.  Where the opposing party is disputing the fact in whole or part, the

23  opposing party must, in the right-hand column, label and restate the moving party's evidence

24  in support of the fact, followed by the opposing party's evidence controverting the fact.

25  Where the opposing party is disputing the fact on the basis of an evidentiary objection, the

26  party must cite to the evidence alleged to be objectionable and state the ground of the

27

28

                                    3

Exhibit 10
Page 79

1   objection and nothing more.  **No argument should be set forth in this document.**

2     The opposing party may submit additional material facts that bear on or relate to the

3   issues raised by the movant, which shall follow the format described above for the moving

4   party's separate statement.  These additional facts shall follow the movant's facts, shall

5   continue in sequentially numbered paragraphs (i.e., if movant's last statement of fact was set

6   forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall set

7   forth in the right hand column the evidence that supports that statement.

8     The moving party, in its reply, shall respond to the additional facts in the same

9   manner and format that the opposition party is required to adhere to in responding to the

10   statement of undisputed facts, as described above.

11     (a) <u>**Supporting Evidence:**</u> No party should submit any evidence other than the

12   specific items of evidence or testimony necessary to support or controvert a proposed

13   statement of undisputed fact.  Thus, for example, the entire transcript of a deposition, entire

14   sets of interrogatory responses, and documents that do not specifically support or controvert

15   material in the separate statements, should not be submitted in support or opposition to a

16   motion for summary judgment.  Any such material will not be considered.

17     Evidence submitted in support of or in opposition to a motion should be submitted

18   either by way of stipulation or as exhibits to declarations sufficient to authenticate the

19   proffered evidence, and should not be attached to the Memorandum of Points and

20   Authorities.  The Court will accept counsel's authentication of deposition transcript, of written

21   discovery responses, and of the <u>receipt</u> of documents in discovery <u>if the fact that the</u>

22   <u>document was in the opponent's possession is of independent significance.</u>  Documentary

23   evidence as to which there is no stipulation regarding foundation must be accompanied by

24   the testimony, either by declaration or properly authenticated deposition transcript, of a

25   witness who can establish its authenticity.

26     If evidence in support of or in opposition to a motion exceeds twenty pages, the

27

28

<div align="center">4</div>

Exhibit 10
Page 80

1   evidence must be in a separate bound volume and include a Table of Contents.

2         **(b) Objections to Evidence:** If a party disputes a fact based in whole or in part

3   on an evidentiary objection, the ground of the objection, as indicated above, should be

4   stated in the separate statement but not argued in that document.  Evidentiary objections

5   are to be addressed in a separate memorandum to be filed with the opposition or reply brief

6   of the party.  This memorandum should be organized **to track the paragraph numbers of**

7   **the separate statement in sequence.**  It should identify the specific item of evidence to

8   which objection is made, the ground of the objection, and a very brief argument with citation

9   to authority as to why the objection is well taken.  The following is an example of the format

10  contemplated by the Court:

11        Separate Statement Paragraph 1:  Objection to the supporting deposition transcript

12        of Jane Smith at 60:1-10 on the grounds that the statement constitutes inadmissible

13        hearsay and no exception is applicable.  To the extent it is offered to prove her

14        state of mind, it is irrelevant since her state of mind is not in issue.

15        Fed. R. Evid. 801, 802.

16     Do not submit blanket or boilerplate objections to the opponent's statements of

17  undisputed fact: these will be disregarded and overruled.

18        **(c) The Memorandum of Points and Authorities:** The movant's memorandum of

19  points and authorities should be in the usual form required under Local Rule 7-5 and should

20  contain a narrative statement of facts as to those aspects of the case that are before the

21  Court. All facts should be supported with citations to the paragraph number in the  Separate

22  Statement that supports the factual assertion and not to the underlying evidence.

23        Unless the case involves some unusual twist on Rule 56, the motion need only

24  contain a brief statement of the Rule 56 standard;  the Court is familiar with the Rule and

25  with its interpretation under Celotex and its progeny.  If at all possible, the argument should

26  be organized to focus on the pertinent elements of the cause(s) of action or defense(s) in

27

28

Exhibit 10
Page 81

1   issue, with the purpose of showing the existence or non-existence of a genuine issue of

2   material fact for trial on that element of the claim or defense.

3          Likewise, the opposition memorandum of points and authorities should be in the

4   usual form required by Local Rule 7-5, and where the opposition memorandum sets forth

5   facts, the memorandum should cite to paragraphs in the separate statement if they are not in

6   dispute, to the evidence that contravenes the fact where the fact is in dispute or, if the fact is

7   contravened by an additional fact in the statement of genuine issues, the citation should be

8   to such fact by paragraph number.

9          **(d) Timing:** In virtually every case, the Court expects that the moving party will

10  provide more than the minimum twenty-one (21) day notice for such motions. The moving

11  party should deliver to chambers a copy of a diskette, in WordPerfect format (11.0 or earlier

12  versions), containing the Statement of Uncontroverted Facts and Conclusions of Law.

13      6.  **Motions in Limine:** The parties must file motions in limine addressing the

14  admissibility of evidence in accordance with Local Rule 7-3. The parties shall file their

15  opposing and reply papers in accordance with Local Rules 7-9 and 7-10 respectively.

16      7.  **Pretrial Conference and Trial Setting:** Compliance with the requirements of

17  Local Rule 16 is mandatory. Counsel shall submit carefully prepared Memoranda of

18  Contentions of Fact and Law (which may also serve as the trial briefs) and Proposed Pre-

19  Trial Conference Order ("PTCO") in accordance with the provisions of Local Rules 16-1

20  through 16-7. The Proposed Pre-Trial Conference Order shall conform to the example set

21  forth in Appendix A to the Local Rules, modified as necessary to comply with this order.

22         The Memoranda of Contentions of Fact and Law, Exhibit Lists, and Witness Lists

23  shall be served and filed no later than fourteen (14) calendar days before the Pre-Trial

24  Conference. The Proposed Pre-Trial Conference Order shall be lodged fourteen (14)

25  calendar days before the Pre-Trial Conference.

26         The Proposed Pre-Trial Conference Order must contain a Table of Contents. Place

27

28

6

Exhibit 10
Page 82

1   in all capital letters and in bold the separately numbered headings for each category in the

2   PTCO. Under paragraph 1, list each claim, counterclaim, or defense that has been

3   dismissed or abandoned. In multiple-party cases where not all claims or counterclaims will

4   be prosecuted against all remaining parties on the other side, please specify to which party

5   each claim or counterclaim is directed. The factual issues in dispute should track the

6   elements of a claim or defense upon which the jury would be required to make findings.

7   Counsel should state issues in ultimate fact form, not as evidentiary fact issues (i.e., "was the

8   defendant negligent," "was defendant's negligence the proximate cause of plaintiff's injury,"

9   not "was the plaintiff standing on the corner of 12th Street and Lemon Avenue at 10:00 a.m.

10  on March 1"). Issues of law should state legal issues upon which the Court will be required

11  to rule after the Pre-Trial Conference, including during the trial, and should not list ultimate

12  fact issues to be submitted to the trier of fact.

13          In drafting the PTCO, the court expects that counsel will attempt to agree on and

14  set forth as many non-contested facts as possible. The court will normally read the

15  uncontested facts to the jury at the start of the trial. Carefully drafted and comprehensively

16  stated stipulation of facts will reduce the length of trial and increase jury understanding of the

17  case.

18          If expert witnesses are to be called at trial, each party must list and identify its

19  respective expert witnesses, both retained and non-retained. <u>Failure of a party to list and</u>

20  <u>identify an expert witness in the Proposed Pre-Trial Conference Order shall preclude a party</u>

21  <u>from calling that expert witness at trial.</u>

22          This case has been placed on calendar for a Final Pretrial Conference ("PTC")

23  pursuant to Fed. R. Civ. P. 16 and Local Rule 16-1, <u>et seq.</u>, unless the PTC was expressly

24  waived at the Scheduling Conference by the court. Unless excused for good cause, each

25  party appearing in this action shall be represented at the PTC and all pretrial meetings of

26  counsel, by lead trial counsel. The failure to attend the PTC or to submit the required pretrial

27

28

7

Exhibit 10
Page 83

1   documents may result in the dismissal of the action, striking the answer and entering a

2   default, and/or the imposition of sanctions.

3          A continuance of the Final Pretrial Conference at counsel's request or stipulation

4   will only be approved upon a showing of good cause. Counsel should plan to do the

5   necessary pretrial work on a schedule which will insure its completion with time to spare

6   before the Final Pretrial Conference. Specifically, failure to complete discovery work,

7   including expert discovery, is not a ground for a continuance.

8          Compliance with the requirements of Local Rules 16-1 to 16-13 is required by the

9   court. Carefully prepared Memoranda of Contentions of Fact (which may also serve as the

10  trial brief) and a proposed Final Pretrial Conference Order shall be submitted in accordance

11  with the provisions of Local Rule 16-7 and the form of the proposed Final Pretrial Conference

12  Order shall be in conformity with the format set forth in Appendix A to the Local Rules.

13         At the PTC, counsel should be prepared to discuss means of streamlining the trial,

14  including, but not limited to: bifurcation, presentation of non-critical testimony by deposition

15  excerpts, stipulations as to the content of testimony, presentation of testimony on direct

16  examination by declaration subject to cross-examination, and qualification of experts by

17  admitted resumes. In certain cases where the PTC is waived by the court, counsel must

18  follow Local Rule 16-11.

19         **8.   Witness List and Times Estimates:** Counsel shall prepare a list of their witnesses,

20  an estimate of the length of time needed for direct examination for each witness, and whether

21  the witness will testify by deposition or in person. Counsel shall exchange these lists with

22  opposing counsel.[1] **Counsel shall jointly file a single witness list, including estimates for**

23  **direct examination of their own witnesses and estimates for cross-examination of**

24  **opposing witnesses.** This list shall be filed at the time counsel lodge the Proposed Pre-Trial

25

26  ─────────────────────

27         [1]  See "Joint Trial Witness Estimate Form" appended to this order.

28

8

Exhibit 10
Page 84

1    Conference Order, i.e., fourteen (14) days before the Pre-Trial Conference.

2        9.    **Jury Instructions and Verdict Forms:**  Fourteen (14) calendar days prior to

3    counsel's Rule 16 pre-trial meeting, counsel shall exchange proposed jury instructions

4    (general and special) and special verdict forms (if applicable).  Seven (7) calendar days prior

5    to the Rule 16-2 meeting, counsel shall exchange any objections to the instructions and

6    special verdict forms.  Prior to, or at the time of the Rule 16 meeting, counsel shall meet and

7    confer with the goal of reaching agreement on one set of joint jury instructions and one special

8    verdict form.

9            The parties should make every attempt to agree upon the jury instructions before

10   submitting them to the Court.  The Court expects counsel to agree on the substantial majority

11   of jury instructions, particularly when pattern instructions provide a statement of applicable law.

12   When the Manual of Model Civil Jury Instructions for the Ninth Circuit provides a version of an

13   applicable requested instruction, the parties should submit the most recent version of the

14   Model instruction.  Where language appears in brackets in the model instruction, counsel shall

15   select the appropriate text and eliminate the inapplicable bracketed text.  Where California law

16   applies, counsel should use Judicial Council of California Civil Jury Instructions (June 2006)

17   ("CACI").  If neither of the above sources is applicable, counsel are directed to use the

18   instructions from O'Malley, Grenig & Lee (formerly Devitt, et al.), Federal Jury Practice and

19   Instructions (latest edition).  Each requested jury instruction shall cover only one subject or

20   principle of law and shall be numbered and set forth in full on a separate page, citing the

21   authority or source of the requested instruction (except for the "clean" jury copy discussed

22   below).

23           When the parties disagree on an instruction, the party opposing the instruction must

24   attach a short statement (one to two paragraphs) supporting the objection, and the party

25   submitting the instruction must attach a short statement supporting the instruction.  Each

26   statement should be on a separate page and should follow directly after the disputed

27

28

<center>9</center>

Exhibit 10
Page 85

1  instruction.

2        The parties ultimately must submit one document or, if the parties disagree over any

3  proposed jury instructions, two documents.  If the parties submit two documents, those

4  documents shall consist of: (a) a set of Joint Proposed Jury Instructions and (b) a set of

5  Disputed Jury Instructions, along with reasons supporting and opposing each disputed

6  instruction in the format set forth in the previous paragraph.

7        The parties must file proposed jury instructions fourteen (14) calendar days before

8  the Pre-Trial Conference.  If the court is closed that day, counsel shall file the proposed

9  instructions the preceding Friday.  No later than 4:00 p.m. on the date such instructions are

10  due, the parties must submit conformed courtesy copies to the Court's courtesy box located

11  outside the entrance to Courtroom 1, United States District Court, 3470 Twelfth Street, 2nd

12  Floor, Riverside, California.  Counsel shall also provide the Court with a 3½ inch diskette

13  compatible with WordPerfect version 11.0 or lower containing the proposed jury instructions, in

14  accordance with this paragraph and the previous paragraph.

15        The Court will send a copy of the instructions into the jury room for the jury's use

16  during deliberations.  Accordingly, in addition to the file copies described above, the diskette

17  submitted with the jury instructions shall contain a "clean set" of Joint Proposed and/or

18  Disputed Jury Instructions, containing only the text of each instruction set forth in full on each

19  page, with the caption "Court's Instruction No. __" (eliminating titles, supporting authority,

20  indication of party proposing, etc.).

21        An index page shall accompany all jury instructions submitted to the Court.  The

22  Index page shall indicate the following:

23        (a)  The number of the instruction;

24        (b)  A brief title of the instruction;

25        (c)  The source of the instruction and any relevant case citations; and

26        (d)  The page number of the instruction.

27

28

<div align="center">10</div>

Exhibit 10
Page 86

EXAMPLE:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 15.3.2 | 7 |

Along with the jury instructions, counsel shall submit any necessary special verdict form fourteen (14) calendar days before the Pre-Trial Conference.

10. **Voir Dire Questions:** Counsel may, but need not, submit brief proposed voir dire questions for the jury at the Pre-Trial Conference. The Court will conduct its own voir dire after consulting any proposed voir dire submitted by counsel. After the Court conducts its own voir dire, counsel will be provided an opportunity to ask supplemental questions subject to Court approval.

11. **Joint Statement of the Case:** Counsel shall submit a joint statement of the case at the Pretrial Conference. The joint statement of the case will be read to the prospective panel of jurors prior to the commencement of voir dire. The statement should not exceed one page. The statement shall be filed with the Court no later than 4:00 p.m., on the Wednesday prior to the Pre-Trial Conference.

12. **Exhibits:** The parties shall file their witness lists and exhibits lists in accordance with Local Rule 16. Counsel are to assemble their exhibits by placing them in three-ring binders labeled on the spine portion of the binder showing both the volume number and the exhibit numbers. Each exhibit shall be separated by a tabbed divider on the right side. Counsel shall provide original exhibits for the courtroom deputy clerk and a duplicate set for the judge. The original exhibits shall be tagged with the appropriate exhibit tags in the upper or lower right corner of the first page of each exhibit and include the case number, case name, and exhibit number. Each binder shall contain a Table of Contents. Counsel must comply with Local Rule 26-3 when numbering the exhibits. The Clerk's Office, located at the United States District Court, 3470 Twelfth Street, Riverside, California can supply counsel with appropriate exhibit tags.

11

Exhibit 10
Page 87

1    The Court requires the following to be submitted to the courtroom deputy clerk on the

2    first day of trial: (a) The original exhibits with the Court's exhibit tags; (b) one bench book with

3    a copy of each exhibit for the Court's use, tabbed as described above; (c) three (3) copies of

4    exhibit lists and a floppy disk containing the exhibit list; (d) three (3) copies of witness lists in

5    the order in which the witnesses will be called to testify; and (e) file a Notice of Lodging of

6    Deposition Transcripts  (original and 2 copies) and Lodge all anticipated trial deposition

7    transcripts directly with the deputy clerk in the courtroom.

8    All counsel are to meet no later than ten (10) calendar days before trial to discuss

9    and agree to the extent possible on issues including foundation and admissibility.

10   13. **Pre-Trial Exhibit Stipulation:** The parties shall prepare a Pre-Trial Exhibit

11   Stipulation which shall contain each party's numbered list of trial exhibits, with objections, if

12   any, to each exhibit including the basis of the objection and the offering party's response.  All

13   exhibits to which there is no objection shall be deemed admitted.  All parties shall stipulate to

14   the authenticity of exhibits whenever possible, and the Pre-Trial Exhibit Stipulation shall

15   identify any exhibits whose authenticity has not been stipulated to and the specific reasons for

16   the party's failure to stipulate.

17   The Stipulation shall be substantially in the following form:

18   Pre-Trial Exhibit Stipulation

19   Plaintiff's Exhibits

20   Number     Description        Objection        Response to Question

21

22   Defendant's Exhibits

23   Number     Description        Objection        Response to Question

24

25   The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel lodges the

26   Proposed Pre-Trial Conference Order.  Failure to comply with this paragraph may constitute a

27

28

12

Exhibit 10
Page 88

1    waiver of all objections.

2        **14. Findings of Fact and Conclusions of Law:** For a non-jury trial, counsel for each

3    party shall lodge proposed findings of fact and conclusions of law fourteen (14) days before

4    trial. The parties should deliver to chambers a copy of these findings and conclusions of law

5    on disk in WordPerfect format.

6            (a)    Underline in red the portions which it disputes;

7            (b)    Underline in blue the portions which it admits;  and

8            (c)    Underline in black the portions which it deems not disputed, but deems

9                   irrelevant.

10        Counsel may agree with a part of a finding or conclusion, disagree with a part of it

11    and/or consider a part of irrelevant.

12        Two marked copies of opposing counsel's proposed findings of fact and conclusions of

13    law shall be lodged with the court seven (7) days before trial and one marked copy shall be

14    served on opposing counsel. Courtesy copies of the marked copies shall be deposited in the

15    drop box located outside the entrance of Courtroom 1 of the above-entitled court on the date

16    due.

17        **15. Settlement:** Local Rule 16-15.2 provides that the Settlement Conference shall be

18    conducted not later than 45 days before the Pretrial Conference. The Court believes that in

19    most cases completion of all discovery and dispositive motions will help the parties assess

20    their positions before they embark on the costly pre-trial process. However, in many cases,

21    the parties find it more difficult to settle after they have incurred the cost of all discovery and

22    motion practice. Accordingly, the Court strongly encourages counsel and the parties to pursue

23    settlement earlier.

24        The Court has a keen interest in helping the parties achieve settlement. If the parties

25    believe that it would be more likely that a settlement would be reached if they conduct

26    settlement conference at an earlier time than that specified by the Court, they should conduct

27

28

                                        13

Exhibit 10
Page 89

Case 2:04-cv-09049-DOC-RNB   Document 4771-2   Filed 02/04/09   Page 88 of 124   Page ID #:147601

RightFAX                    2/22/2007 3:18    PAGE 015/017    Fax Server

1  it at that time.  In any event, the parties must file a Status Report re Settlement at the time
2  they lodge the Proposed Pretrial Order.
3       The Court will not conduct settlement conferences in non-jury cases which the Court will
4  try.  In jury cases, the Court will conduct a settlement conference at the parties' request if
5  three conditions exist: (a) The parties are satisfied that the fact issues in the case will be tried
6  to a jury; (b) all significant pre-trial rulings which Court must make have been made; and (c)
7  the parties desire the Court to conduct the conference, understanding that if settlement fails,
8  the Court will preside over the trial of the case.
9       **If a settlement is reached, it shall be reported immediately to this Court as**
10 **required by Local Rule 16-15.7.**
11      16.  The failure to attend the pretrial conference or to submit timely in conformity
12 with the format set forth in this order, the jury instructions, pre-trial exhibit stipulation, joint
13 statement of the case, voir dire questions, summary of witness testimony and times estimates,
14 proposed Pretrial Conference Order or the memorandum of contentions of fact and law may
15 result in the dismissal of the action, striking the answer and entering default and/or the
16 imposition of sanctions.
17      **17.  Telephonic Status Conference:**
18      Telephonic status conferences are sometimes set by the court to discuss settlement
19 status and other pending issues.  If a telephonic status conference has been set, all counsel
20 are ordered to discuss the matter with their clients and opposing counsel before the telephonic
21 status conference.  Plaintiff's counsel must make the arrangements and place the conference
22 call.  Plaintiff's counsel shall include all counsel of record and the Court on the date and time
23 scheduled.  The conference operator is to place the final call to the Court at (951) 328-4410.
24 To assist the Court and staff, participants shall identify themselves each time they speak.  No
25 cellular telephones or speaker telephones will be allowed.
26                              **Internet Site**
27
28
                                   14

Exhibit 10
Page 90

1      Counsel are encouraged to review the Central District's website for additional information.

2    The address is "http: //www.cacd.uscourts.gov".

3

4      The courtroom deputy clerk is ordered to serve a copy of this Order by mail, facsimile or

5    e-mail on counsel for all parties to this action.

6

7      IT IS SO ORDERED.

8    Dated:    FEB 2 1 2007

9

10

11

12    STEPHEN G. LARSON
      UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

Exhibit 10
Page 91

Case: _____                                    Trial Date: _____

## Joint Trial Witness Estimate Form

| | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |
| 11. | | | | | |
| 12. | | | | | |
| | Total Estimates This Page: | | | | |

Instructions:
(1) List witnesses (last name first); (2) For description, be extremely brief, e.g. "eyewitness to accident." Or "expert on standard of care"(3) Use estimates within fractions of an hour, rounded off to the closest quarter of an hour, e.g. if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column. e.g. "Needs interpreter." (5) Entries may be in handwriting if very neat and legible.

-16-

Exhibit 10
Page 92

# EXHIBIT 11

Received:   7/18/06   4:40PM      RightFAX -> JetFax   ~20;   Page 2
RightFAX              7/_3/2006 4:37   PAGE 002/019   Fax Server

FILED



2006 JUL 18 AM 10: 16

ENTERED

CENTRAL ... OF CALIF.
RIVERSIDE

JUL 18 2006

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(D).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT,

        Plaintiff,

v.

MATTEL, INC.,

        Defendant,

and related actions.

CASE NO. CV 04-09049 SGL (RNBx)

(Consolidated with cases CV 04-09059 and CV 05-02727)

ORDER GRANTING MOTIONS TO DISMISS

## I. Introduction

This consolidated action involves the individual cases of <u>Bryant v. Mattel, Inc.</u>, CV 04-09049; <u>Mattel, Inc. v. Bryant</u>, CV 04-09059; and <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>, CV 05-02727. This Order rules on Motions to Dismiss previously docketed in cases 04-09049 and 04-9059.

The factual background underlying this consolidated action is complex. The Court sets forth the factual background only to the extent that it is necessary to discuss its ruling on two pending motions to dismiss. A hearing regarding these motions was held on June 26, 2006. For the reasons and in the manner set forth below, the Court grants both motions.

DOCKETED ON CM

JUL 18 2003

7-18

Exhibit 11
Page 93

Received:   7/18/06   4:41PM        RightFAX -> JetFax   ?20;   Page 3
RightFAX                  7/_3/2006 4:37   PAGE 003/019   Fax Server

## II. Motion to Dismiss (04-09049)

**A.   Factual Background**

Carter Bryant is a designer to whom creation of MGA's "Bratz" line of dolls has been attributed. Compl. ¶ 6. Mattel has sued him under a variety of state-law theories relating to certain agreements Bryant signed while an employee with Mattel. See generally Compl. filed in 04-09059. Although Mattel has not sued him for copyright infringement of any Mattel product, Bryant nevertheless claims that he is reasonably apprehensive regarding being sued for copyright infringement. Specifically, Bryant makes the following allegations in his complaint seeking declaratory relief:

First, Bryant claims that an article published in the Wall Street Journal in July, 2003, attributed to Mattel sources a belief that "the Bratz borrow liberally from a Mattel project that was scrapped at the testing stage in 1998." Compl. Ex. A; Compl. ¶ 54. The scrapped Mattel project is alleged to be the project referred to by Mattel as "Toon Teens." Compl. ¶ 56.

Second, Bryant alleges that he suggested, as a way to resolve a discovery dispute, that Mattel stipulate that it would not sue based on "Toon Teens." Compl. ¶ 55. Mattel refused to do so. Id. However, since that initial refusal, Mattel has represented to the Court that it "will not maintain that Bratz infringes the copyright in Toon Teens." June 26, 2006, Tr. at 64 (statement of Mattel counsel John B. Quinn). Mattel has reiterated this position in a post-hearing brief, filed on July 5, 2006.

Third, Mattel cooperated with a Hong Kong toy company that MGA sued for copyright infringement. Compl. ¶ 56. MGA's claims involved the Bratz dolls. Id. Mattel's cooperation consisted of providing the Hong Kong toy company with documents and photographs of the Toon Teens products, ostensibly to help prove that Bratz was not an original design and that Bryant had copied and infringed Toon Teens. Compl. ¶ 57.

Finally, Bryant notes that Mattel did not seek copyright registration until November, 2003, which is the same time Mattel claims it first learned of Bryant's

Exhibit 11          2
Page 94

Received:   7/18/06  4:41PM          RightFAX -> JetFax   20;  Page 4
RightFAX            7/13/2006  4:37   PAGE 004/019   Fax Server

1  contract with MGA. Compl. ¶¶ 59-60. Bryant alleges that registration of a copyright is

2  a necessary step to be taken prior to filing a copyright infringement action. Compl.

3  ¶ 60.

4  **B.   Standing to Seek Declaratory Relief**

5           The purpose of the Declaratory Judgment Act is "to relieve potential defendants

6  from the Damoclean threat of impending litigation which a harassing adversary might

7  brandish, while initiating suit at his leisure — or never." Societe de Conditionnement

8  v. Hunter Engineering Co., 655 F.2d 938, 943 (9th Cir.1981). However, a party

9  seeking declaratory relief must still satisfy the "case or controversy" requirement found

10  in 28 U.S.C. § 2201(a). Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896

11  F.2d 1542,1555 (9th Cir. 1990). This requirement must be satisfied at the time the

12  suit is filed and must continue throughout the term of the suit. Id. at 1556 (citing

13  International Harvester Co. v. Deere & Co., 623 F.2d 1207, 1210 (7th Cir.1980)).

14           To meet this requirement, a party seeking declaratory relief must show that,

15  based on his reasonable perceptions, under all the circumstances of the case, there is

16  a substantial controversy between parties having adverse legal interests that causes

17  in the plaintiff a real and reasonable apprehension that he will be subject to liability,

18  and the controversy is of sufficient immediacy and reality to warrant declaratory relief.

19  Hal Roach, 896 F.2d at 1555. The apprehension must have been caused by the

20  defendant's actions. Id. (citing International Harvester, 623 F.2d at 1211).

21           Viewing Bryant's allegations in light of this standard, and in light of recent

22  developments, the Court must conclude that Bryant, although having a reasonable

23  apprehension of suit prior to counsel's representations regarding the intent to sue

24  based on Toon Teens, no longer has a reasonable apprehension that he will be

25  subject to liability. Bryant's Complaint, of course, makes reference to "other Mattel

26  products;" however, the substance of his allegations all address the product "Toon

27  Teens." The Wall Street Journal article is alleged to have involved Toon Teens.

28  Mattel's cooperation with the Hong Kong toy company allegedly involved Toon Teens.

Exhibit 11
Page 95

Received:   7/18/06   4:42PM          RightFAX -> JotFax   20;   Page 5
RightFAX                    7/13/2006 4:37   PAGE 005/019   Fax Server

1    The copyright registration referenced in the Complaint relates to Toon Teens. No
2    other allegations are made that might tend to raise a real and reasonable
3    apprehension that Bryant could be subject to liability for copyright infringement based
4    on any other Mattel product. Accordingly, Bryant has not met the standard for
5    asserting a claim for declaratory relief.
6    **C.    Ruling on Motion to Dismiss**
7         Accordingly, the Court **GRANTS** the Motion to Dismiss and dismisses without
8    prejudice Bryant's claim for declaratory relief. Should Bryant, through discovery or
9    otherwise, acquire a real and reasonable apprehension of being subject to liability on
10   the basis of another identifiable Mattel product, Bryant may file a declaratory relief
11   claim. A claim by Mattel of copyright infringement based on the Toon Teens product
12   is barred by counsel's representation; therefore, Bryant may not seek declaratory relief
13   regarding this issue.
14                    **III. Motion to Dismiss (04-9059)**
15   **A.    Factual Background**
16        The parties make the following factual allegations and assert the following
17   claims and counterclaims.
18        Bryant was employed by Mattel from September, 1995, to April, 1998, and
19   again beginning in January, 1999, and ending in October, 2000. Compl. ¶ 9. In
20   January, 1999, Bryant signed documents entitled "Employee Confidential Information
21   and Inventions Agreement" ("Employee Agreement") and "Conflict of Interest
22   Questionnaire" ("COI Questionnaire"). The Employee Agreement provides:
23        This Agreement is designed to make clear that: (I) I will maintain the
24        confidentiality of the Company's trade secrets; (ii) I will use those trade
25        secrets for the exclusive benefit of the Company; (iii) inventions that I
26        create will be owned by the Company; (iv) my prior and continuing
27        activities separate from the Company will not conflict with the Company's
28        development of its proprietary rights; and (v) when and if my employment

Received:   7/18/06   4:42PM        RightFAX -> JetFax   20;   Page 6
RightFAX                  7/18/2006 4:37   PAGE 006/019   Fax Server

with the Company terminates I will not use my prior position with the Company to the detriment of the Company.

      1.      Provisions Related to Trade Secrets

. . . .

(b) As used in the Agreement, "Proprietary Information" means any information (including formula, pattern, compilation, device, method, technique or process) that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and includes information on the Company, its customers, suppliers, joint ventures, licensors, licensees, distributors and other persons and entities with whom the Company does Business.

(c) I will not disclose or use at any time either during or after my employment with the Company, any Proprietary Information except for the exclusive benefit of the Company as required by my duties for the Company, or as the Company expressly may consent to in writing, I will cooperate with the Company and use my best efforts to prevent the unauthorized disclosure, use or reproduction of all Proprietary Information.

. . . .

      2.      Ownership of Inventions

(a) I agree to communicate to the Company as promptly and fully as practicable all inventions [as defined below] conceived or reduced to practice to me (alone or jointly by others) at any time during my employment by the Company, I hereby assign to the Company and/or its nominees all my right, title and interest in such inventions, and all my right, title and interest in any patents, copyrights, patent applications or copyright applications based thereon. . . .

Exhibit 11
Page 97

5

(b) As used in this Agreement, the term "Inventions" includes, but is not limited to, all discoveries, improvements, processes, developments, designs, know-how, data computer programs and formulae, whether patentable or unpatentable.

(c) Any provision in this Agreement requiring me to assign my rights in any invention does not apply to an invention which qualifies under the provision of Section 2870 of the California Labor Code. That section provides that the requirement to assign "shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities or trade secret information except for those inventions that either (1) relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer; or (2) result from any work performed by the employee for the employer." I understand that I bear the burden of proving that an invention qualifies under Section 2870.

. . . .

3.     Conflicts with Other Activities

(a) My employment with the Company requires my undivided attention and effort. Therefore, during my employment with the Company, I will fully comply with the Company's Conflict of Interest Policy, as it may be amended from time to time. I shall not, without the Company's express written consent, engage in any employment or business other than for the Company, or invest in or assist (in any manner) any business competitive with the business or future business plans of the Company.

4.     Miscellaneous

. . . .

Exhibit 11
Page 98

6

Received:   7/18/08  4:43PM           RightFAX -> JetFax   20;  Page 8
RightFAX                 7/18/2006 4:37    PAGE 008/019    Fax Server

1     (f) This agreement will be governed by and interpreted in

2     accordance with the laws of the State of California.

3                     . . . .

4          CAUTION: THIS AGREEMENT CREATES IMPORTANT

5     OBLIGATIONS OF TRUST AND AFFECTS THE EMPLOYEE'S RIGHTS

6     TO INVENTIONS THE EMPLOYEE MAY MAKE DURING HIS OR HER

7     EMPLOYMENT.

8  Employment Agreement, attached to the Compl. as Ex. A.[1]

9  B.     **The Parties' Claims**

10         Mattel brings a number of claims based on these documents, including breach

11  of contract, breach of fiduciary duty, breach of the duty of loyalty, unjust enrichment,

12  and conversion.

13         Bryant brings a number of counterclaims based on these documents.

14  Specifically, Bryant makes the following challenges to the Employment Agreement:

15         In his first counterclaim, Bryant claims that the Employment Agreement violates

16  Cal. Bus. & Prof. Code §§ 17200 (unfair competition law) because (a) it is an unfair

17  restraint of trade (restricting job mobility and use of publicly available information) in

18  violation of Cal. Bus. & Prof. Code § 16600; (b) it violates Cal. Labor Code §§ 96(k),

19  98.6, and 2699; (c) it violates Cal. Labor Code § 2870; and (d) it is procedurally and

20  substantively unconscionable. See Bryant's Counterclaims ¶¶ 33-47.

21         In his second counterclaim, Bryant claims that the Employment Agreement

22  should be rescinded because it was procured due to mistake, duress, menace and/or

23

24         [1] Bryant objects to the Court's consideration of the Agreement and the COI

25  Questionnaire. Bryant purports to dispute the authenticity of these documents.
    However, examining the substance of Bryant's objections, it becomes clear that Bryant

26  objects not to the content of these documents, but to the validity and legal effect of
    these documents. Accordingly, the Court's consideration of these documents in

27  connection with the present Motion to Dismiss is proper. See Parrino v. FHP, Inc., 146

28  F.3d 699, 706 (9th Cir. 1998) (the Court may consider documents whose authenticity is
    not questioned and upon which the complaint necessarily relies).

Exhibit 11
Page 99

Received:   7/18/06  4:43PM          RightFAX -> JetFax   20;  Page 9
RightFAX              7/18/2006  4:37   PAGE  009/019   Fax Server

1  fraud. See Bryant's Counterclaims ¶¶ 48-54.

2       In his third counterclaim, Bryant alleges that the Employment Agreement was

3  procured by fraud in that Mattel "fail[ed] to disclose to Bryant the true meaning of the

4  terms and the purported legal effect of the [Employment] Agreement." See Bryant's

5  Counterclaims ¶¶ 55-60.

6       Finally, in his fourth counterclaim, Bryant seeks declaratory judgment that

7  Mattel's conduct in requiring Bryant and other employees to execute the Employment

8  Agreement constitutes unfair competition and unfair business practices in violation of

9  Cal. Bus. & Prof. Code §§ 17200 and 16600.  Bryant also seeks a declaration that the

10  Employment Agreement is unlawful and unenforceable as to him and as to other

11  current and former employees of Mattel. See Bryant's Counterclaims ¶¶ 61-65.

12  C.    Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

13       The present Motion to Dismiss requires the Court to determine whether the

14  counterclaims state any claim upon which relief may be granted.  See Fed R. Civ. P.

15  12(b)(6).  The Court will not dismiss the claims for relief unless Bryant cannot prove

16  any set of facts in support of the claims that would entitle him to relief.  See Steckman

17  v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir. 1998).  In limiting its inquiry to the

18  content of the counterclaims, the Court must take the allegations of material fact as

19  true and construe them in the light most favorable to Bryant. See Western Reserve

20  Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985).  Additionally, the Court "is

21  not required to accept legal conclusions cast in the form of factual allegations if those

22  conclusions cannot be reasonably drawn from the facts alleged." Clegg v. Cult

23  Awareness Network, 18 F.3d 752, 755 (9th Cir. 1994).

24  D.    § 17200 Claim

25       1.    Generally

26       "California's unfair competition law (UCL) (17200 et seq.) defines 'unfair

27  competition' to mean and include any unlawful, unfair or fraudulent business act or

28  practice. . . ." Kasky v. Nike, Inc., 27 Cal.4th 939, 949, 119 Cal.Rptr.2d 296 (2002)

Received:   7/18/06  4:44PM         RightFAX -> JetFax    20;  Page 10
RightFAX                    7/18/2006 4:37   PAGE 010/019   Fax Server

1    (internal quotation marks and citation omitted).  Because "section 17200 is written in

2    the disjunctive, it establishes three varieties of unfair competition--acts or practices

3    which are unlawful, unfair, or fraudulent."  Cel-Tech Communications v. Los Angeles

4    Cellular Telephone Co., 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548 (1999) (emphasis

5    added).  "Unlawful" practices are those practices that are prohibited by law, whether

6    "civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made."

7    Saunders v. Superior Court, 27 Cal.App.4th 832, 839 (citing People v. McKale, 25

8    Cal.3d 626, 632 (1979)).  The prohibition against "unfair" conduct is not as broad as it

9    would seem.  In Cel-Tech, the California Supreme Court announced that the test of

10   "unfairness" for commercial cases:  "Unfair" means "conduct that threatens an

11   incipient violation of an antitrust law, or violates the policy or spirit of one of those laws

12   because its effects are comparable to or the same as a violation of the law, or

13   otherwise significantly threatens or harms competition." Cel-Tech, 20 Cal.4th at 187.

14        **2.   Standing**

15        Bryant claims to be bringing the § 17200 "on his own behalf, on behalf of all

16   current and former employees of Mattel employees . . . and on behalf of the general

17   public."  See Counterclaims ¶ 10.  The parties disagree as to whether he may bring

18   such a claim on behalf of anyone other than himself and argue this point on state-law

19   grounds.  However, it is clear under established Ninth Circuit authority that Bryant's

20   purported claims on behalf of others suffer from a federal constitutional deficiency:

21   Bryant must satisfy the case-or-controversy requirement of Article III for any claim that

22   he brings under § 17200.  Bryant has not alleged facts that establish that he has

23   standing to bring his claims on behalf of anyone other than himself.[2]  See Lee v.

24   American Nat. Ins. Co.,  260 F.3d 997, 1001 (9th Cir. 2001) (rejecting, on

25   constitutional grounds, a plaintiff's attempt to assert a § 17200 claim on behalf of

26   others noting that "Article III of the Constitution . . . limits the jurisdiction of the federal

27

28
_____
[2]  As stated below, Bryant has failed to state a claim on his own behalf as well.

9

Exhibit 11
Page 101

1   courts to 'cases and controversies,' a restriction that has been held to require a
2   plaintiff to show, *inter alia*, that he has actually been injured by the defendant's
3   challenged conduct.") (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,
4   528 U.S. 167, 180, 120 S.Ct. 693 (2000)).

5       Absent class-action type allegations (and a successful motion to certify a class
6   pursuant to Fed. R. Civ. P. 23), it appears to the Court that Bryant cannot assert
7   claims challenging the Employee Agreement or the COI Questionnaire on behalf of
8   anyone other than himself. Therefore, the Court considers only whether Bryant has
9   stated a claim pursuant to § 17200 on his own behalf.

10      **3.   Cal. Bus. & Prof. Code § 16600**

11      Bryant argues that the Agreement is "unlawful" because it violates Cal. Bus. &
12  Prof. Code § 16600, which provides: "Except as provided in this chapter, every
13  contract by which anyone is restrained from engaging in a lawful profession, trade, or
14  business of any kind is to that extent void." Id. Specifically, Bryant argues (without
15  further elaboration) that "the [Employment] Agreement unlawfully impair[s] Bryant's
16  right to prepare to compete with Mattel." Opp. at 7.

17      California law permits an employee to seek other employment and even to
18  make some "preparations to compete" before resigning. See Bancroft-Whitney Co. v.
19  Glen, 64 Cal.2d 327, 346 (1966) ("The mere fact that the officer makes preparations
20  to compete before he resigns his office is not sufficient to constitute a breach of duty.
21  It is the nature of his preparations which is significant.") However, "an employee may
22  not transfer his loyalty to a competitor." Stokes v. Dole Nut Co., 41 Cal.App.4th 285,
23  295 (1995). "During the term of employment, an employer is entitled to its employees'
24  undivided loyalty." Id. (internal citations and quotation marks omitted).

25      Mattel alleges in the Complaint that Bryant entered into an agreement with
26  MGA to provide MGA design services on a "top priority" basis while he was still
27  employed with by Mattel. Compl. ¶ 13. Bryant also makes similar allegations in the
28  related case, Bryant v. Mattel, Inc., 04-09049: "MGA ultimately offered Bryant a

Exhibit 11
Page 102                              10

1  consulting arrangement.  His agreement with MGA was signed on or about October 4,

2  2000. Bryant resigned from Mattel immediately, giving two weeks notice, but stayed at

3  the company until October 20 to finish up and transition the projects on which he had

4  been working."  Compl. ¶ 38.

5         The parties' arguments assume that the Employment Agreement would prohibit

6  such conduct;[3] therefore, the Court considers whether an agreement prohibiting an

7  employee from entering into a contract with a competitor *during the course of his*

8  *employment* constitutes an unfair restraint of trade in violation of § 16600. The Court

9  concludes that it does not. Such an agreement is more akin to ensuring the employer

10  has the "employee's undivided loyalty" than it is to an agreement that restricts an

11  employee from "prepar[ing] to compete." For this reason, Plaintiff cannot state a

12  § 17200 claim on this basis.

13         4.    <u>Cal. Labor Code §§ 96(k), 98.6 and 2699</u>

14         Bryant also argues that the Agreement is "unlawful" because it violates a

15  number of provisions of the California Labor Code. Specifically, Bryant alleges that

16  the Agreement is "unlawful" because it violates § 96(k), which provides:

17         The Labor Commissioner and his or her deputies and

18         representatives authorized by him or her in writing shall, upon the filing

19         of a claim therefor by an employee, or an employee representative

20         authorized in writing by an employee, with the Labor Commissioner, take

21         assignments of: . . . (k) Claims for loss of wages as the result of

22         demotion, suspension, or discharge from employment for lawful conduct

23         occurring during nonworking hours away from the employer's premises.

24  Cal. Labor Code § 96(k).

25         Section 98.6 prohibits discrimination or retaliation against an employee who

26  engages in conduct described in §96(k). Section 2699 authorizes a private right of

27

28
_____
[3]  The Court does not mean to imply that Bryant has conceded this point.

Exhibit 11          11
Page 103

1  action for certain violations of the Labor Code.

2      Assuming that § 96(k) would otherwise support a § 17200 claim, Bryant has still

3  failed to allege any "loss of wages" or "demotion, suspension or discharge" based on

4  lawful off-duty conduct. Therefore, Bryant has not alleged facts sufficient to support a

5  violation of § 96(k) that would, in turn, support his § 17200 claim.

6      Despite Mattel's arguments against § 98.6 and § 2699 as a proper basis for

7  Bryant's § 17200 claim, Bryant did not defend such claims in his opposition; therefore,

8  the Court treats these claims as abandoned.

9      5.    **Cal. Labor Code § 2870**

10     Bryant also argues that the Agreement is "unlawful" because it violates Cal.

11  Labor Code § 2870. That provision states:

12         (a) Any provision in an employment agreement which provides

13     that an employee shall assign, or offer to assign, any of his or her rights

14     in an invention to his or her employer shall not apply to an invention that

15     the employee developed entirely on his or her own time without using the

16     employer's equipment, supplies, facilities, or trade secret information

17     except for those inventions that either:

18         (1) Relate at the time of conception or reduction to practice of the

19     invention to the employer's business, or actual or demonstrably

20     anticipated research or development of the employer; or

21         (2) Result from any work performed by the employee for the

22     employer.

23         (b) To the extent a provision in an employment agreement

24     purports to require an employee to assign an invention otherwise

25     excluded from being required to be assigned under subdivision (a), the

26     provision is against the public policy of this state and is unenforceable.

27  Cal. Labor Code § 2870.

28     The Employment Agreement assigns the rights to certain inventions by the

1   employee to the Company.  The Agreement limits the scope of this assignment to the

2   extent required by § 2870 by specifically incorporating and quoting § 2870.  The

3   Agreement also informs the employee that he bears the burden of proving that the

4   invention falls within the scope of § 2870.  This is consistent with California law.  See

5   Cal. Labor Code § 2872 ("In any suit or action arising thereunder, the burden of proof

6   shall be on the employee claiming the benefits of its provisions.").

7        Therefore, Bryant cannot maintain a § 17200 claim based on § 2870.

8       **6.**   **Unconscionability**

9        Unconscionability has both procedural and substantive elements.  Armendariz

10   v. Foundation Health Psychcare Services, Inc., 24 Cal.4th 83, 99 (2000).  Both must

11   be present for a court to invalidate a contract or one of the contract's provisions.  Id. at

12   114.  However, "[t]he more substantively oppressive the contract term, the less

13   evidence of procedural unconscionability is required to come to the conclusion that the

14   term is unenforceable, and vice versa."  Id.

15        Procedural unconscionability focuses on the elements of oppression and

16   surprise.  Discover Bank v. Superior Court, 36 Cal.4th 148, 160 (2005).  "Oppression

17   arises from an inequality of bargaining power which results in no real negotiation and

18   an absence of meaningful choice . . . . Surprise involves the extent to which the terms

19   of the bargain are hidden in a 'prolix printed form' drafted by a party in a superior

20   bargaining position."  Crippen v. Central Valley RV Outlet, 124 Cal.App.4th 1159, 1165

21   (2004).

22        Substantive unconscionability focuses on the actual terms of the agreement

23   and evaluates whether they create "overly harsh" or "one-sided results."  Armendariz,

24   24 Cal.4th at 114.  To be substantively unconscionable, a contractual provision must

25   shock the conscience.  California Grocers Assn. v. Bank of America, 22 Cal.App.4th

26   205, 214 (1994).

27        Here, Bryant alleges that the Employee Agreement is a contract of adhesion.

28   Counterclaims ¶ 26.  For purposes of the present analysis, the Court assumes that the

<div align="center">13</div>

Exhibit 11
Page 105

1   Employment Agreement is procedurally unconscionable.  See Discover Bank v.

2   Superior Court, 36 Cal.4th 148, 160 (2005) ("The procedural element of an

3   unconscionable contract generally takes the form of a contract of adhesion, which,

4   imposed and drafted by the party of superior bargaining strength, relegates to the

5   subscribing party only the opportunity to adhere to the contract or reject it.") (internal

6   quotation marks and citation omitted).  However, upon examination of the terms of the

7   Employment Agreement, the Court is unable to conclude that the element of

8   substantive unconscionability has been met.  It is not surprising or overly harsh that

9   Mattel would expect its trade secrets and proprietary information to be kept

10  confidential; the same is true regarding Mattel's expectation that the works of its

11  design staff — created by Mattel's employees, using Mattel's resources, during time

12  for which Mattel paid the employee — be considered its property.  Therefore, Bryant

13  cannot state a claim based on unconscionability.

14       **7.    Cal. Labor Code §§ 232 and 232.5**

15       Although not pleaded in the Counterclaims, Bryant argues that his § 17200

16  claim is supported by an alleged violation of §§ 232 and 232.5.  These provisions

17  prohibit limitations on an employee's ability to disclose the amount of his or her wages

18  or information about his or her working conditions.  Bryant's arguments fail to address

19  how the Employment Agreement (which prohibits the disclosure of "trade secrets" and

20  "proprietary information") prevented him from disclosing the amount of his wages or

21  information about his working conditions.  Bryant has failed to state a § 17200 claim

22  based on §§ 232 and 232.5.

23       **8.    Unfairness**

24       As noted above, there is only a limited basis on which a plaintiff may challenge

25  conduct as an "unfair" business practice.  See Cel-Tech Communications, 20 Cal.4th

26  at 187 ("unfair" conduct that may be challenged pursuant to § 17200 is conduct that is,

27  or is similar to, conduct that constitutes a violation of antitrust laws).  Bryant's

28  allegations do not state a claim for an "unfair" business practice in violation of

Exhibit 11
Page 106

1    § 17200.

2        **9.    "Fraudulent" Conduct**

3        Bryant also argues that the same conduct complained of in connection with his

4    fraud claim also supports a § 17200 claim based on the prohibition against

5    "fraudulent" conduct. This claim is not cognizable. Bryant's fraud claim, explored

6    more fully in the following section, is based upon Mattel's alleged failure to explain to

7    him the terms of the Employment Agreement. However, to allege a "fraudulent

8    business practice" under § 17200, a plaintiff must allege that "members of the public

9    are likely to be deceived." Comm. on Children's Television, Inc. v. Gen. Foods Corp.,

10   35 Cal.3d 197, 211 (1983). Bryant has not alleged facts that would tend to establish

11   that the public might be deceived by Mattel's conduct regarding its employment

12   practices.

13   **E.    Fraud Claim**

14       The parties agree that Bryant's fraud claim is one for fraudulent concealment,

15   and that Bryant must allege all the elements set forth in Marketing West, Inc. v. Sanyo

16   Fisher Corp., 6 Cal.App.4th 603, 612-13 (1992): (1) Mattel must have concealed or

17   suppressed a material fact; (2) Mattel must have been under a duty to disclose the

18   fact to Bryant; (3) Mattel must have intentionally concealed or suppressed the fact with

19   the intent to defraud Bryant; (4) Bryant must have been unaware of the fact and would

20   not have acted as he did if he had known of the concealed or suppressed fact; and (5)

21   as a result of the concealment or suppression of the fact, Bryant must have sustained

22   damage. Bryant alleges that "Mattel required [him] to execute the [Employment]

23   Agreement without disclosing to him its true import and terms." Counterclaims ¶ 56.

24   Bryant's claim is, in essence, that Mattel failed to inform him of the potential legal

25   effect the Agreement might have; in other words, Bryant claims that Mattel failed to

26   fully explain the Agreement to him. This does not support a fraudulent concealment

27   claim.

28       Bryant argues, based on Marketing West, that because Mattel chose to

                                        15

Exhibit 11
Page 107

1  respond to his inquiries, Mattel was under a duty to disclose material facts. Under

2  Marketing West, where a party is "under no duty to speak" but nevertheless

3  "undertakes to do so, either voluntarily or in response to inquiries, he is bound not only

4  to state truly what he tells but also not to suppress or conceal any facts within his

5  knowledge which materially qualify those stated." Marketing West, 6 Cal.App.4th at

6  613 (citing Rogers v. Warden, 20 Cal.2d 286, 289 (1942)) (internal quotation marks

7  omitted). In other words, one who speaks "must make a full and fair disclosure." Id.

8      Bryant makes no allegations that suggest that anyone at Mattel falls into this

9  category. He alleges that he was "presented with the form Agreement by Mattel," and

10 that "he was told that his execution of the Agreement was a condition of his

11 employment." Counterclaims ¶ 26. He then alleges that "[t]he terms of the Agreement

12 were not explained to him." Id. This is not the situation discussed in Marketing West

13 which, not surprisingly, prohibits a party from disclosing only that part of the truth that

14 favors it. Here, Bryant's allegations complain that Mattel did not disclose anything

15 regarding the Employment Agreement.

16 F.   **Rescission**

17     Bryant asserts that rescission is proper because (1) the Agreement was

18 obtained through fraud; (2) Mattel required Bryant to execute the document as a

19 condition of employment, which resulted in duress; and (3) Mattel did not explain the

20 terms of the Agreement to Bryant, did not give him sufficient time to review it, and did

21 not permit or encourage him to seek legal counsel regarding the Agreement.

22     Bryant failed to state a fraud claim; therefore, rescission based on his fraud

23 claim would be improper.

24     Bryant's allegations do not meet the standard for duress, and Mattel's failure to

25 encourage him to seek legal counsel also does not require rescission of the

26 Employment Agreement. See Robison v. City of Manteca, 78 Cal.App.4th 452, 457

27 (2000). Additionally, although Bryant argues that he was not "given a meaningful

28 opportunity to review the Agreement at the time he executed it," he does not allege

16

Exhibit 11
Page 108

1   that he asked for, and was refused, sufficient time to actually read the Agreement with

2   which he was presented.

3   G.   **Declaratory Relief**

4         Finally, in his fourth counterclaim, Bryant seeks declaratory judgment that

5   Mattel's conduct in requiring Bryant and other employees to execute the Employment

6   Agreement constitutes unfair competition and unfair business practices in violation of

7   Cal. Bus. & Prof. Code §§ 17200 and 16600.  This claim for declaratory relief fails

8   because the underlying § 17200 fails.

9         Bryant also seeks a declaration that the Employment Agreement is unlawful

10   and unenforceable as to him and as to other current and former employees of Mattel.

11   See Bryant's Counterclaims ¶¶ 61-65. As discussed previously, Bryant has no

12   standing to assert claims on behalf of anyone other than himself.  As discussed

13   throughout this Order, Bryant has not sufficiently alleged that the Employment

14   Agreement is unlawful or unenforceable as to him.

15   H.   **Ruling on Motion to Dismiss (04-09059)**

16         The Motion to Dismiss is **GRANTED** in its entirety.  Bryant requested in his

17   Opposition for an opportunity to amend his counterclaims.  Therefore, the Court

18   dismisses Bryant's counterclaims without prejudice.  Bryant may file Amended

19   Counterclaims that conform with this Order within ten days of the entry of this Order.

20                          **IV. Conclusion**

21         For the reasons set forth above, the Court **GRANTS** the Motion to Dismiss in

22   04-09049 and **DISMISSES WITHOUT PREJUDICE** Bryant's action for declaratory

23   relief.  The Court also **GRANTS** the Motion to Dismiss in 04-09059, and **DISMISSES**

24   **WITHOUT PREJUDICE** Bryant's counterclaims.  Bryant is granted ten days' leave to

25   amend the counterclaims in conformity with this Order.

26

27

28

Exhibit 11
Page 109                          17

Received:   7/18/06  4:47PM·                RightFAX -> JetFax ''20;  Page 19
RightFAX              7/ /2006 4:37   PAGE 019/019   Fax Server

1     Although this Order dismisses the Complaint in 04-09049, any future filings in

2   the consolidated action shall continue to be filed under 04-09049 in conformity with

3   the Court's consolidation order.

4          IT IS SO ORDERED.

5   DATE: _7 - 17 - 06_

6

7                                          STEPHEN G. LARSON
                                           UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 11
Page 110

# EXHIBIT 12

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
& ENTERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES – GENERAL

Case No.   CV 04-09049 SGL(RNBx)          Date:  July 2, 2007

Title:   CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS

========================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                        Theresa Lanza
Courtroom Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR CARTER      ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                     John B. Quinn
                                  Brett Dylan Proctor
                                  Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:        ENTERED
                                  CLERK, U.S. DISTRICT COURT
Dale M. Cendali                   JUL - 5 2007
Patricia Glaser

PROCEEDINGS:   MINUTE ORDER       CENTRAL DISTRICT OF CALIFORNIA
                                  EASTERN DIVISION   BY DEPUTY

DOCKETED ON CM   JUL - 5 2007   BY _____ 164

     As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1)  The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)  The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3)  The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                        1                   Initials of Deputy Clerk _Jh_
CIVIL – GEN                                                Time: 01/15

Exhibit 12
Page 111

regarding date of production of documents (docket #545); and

(4)   The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)   The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1)   Motion re Trial Structure (docket #462)

Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL**, as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)   MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)   MGA's Ex Parte Application regarding date of production of documents (docket #545).

The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

MGA acknowledges that it has raised an argument before the Court that was not raised

MINUTES FORM 90
CIVIL – GEN

2

Initials of Deputy Clerk __jh_____
Time: 01/15

Exhibit 12
Page 112

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk __jh_____
Time: 01/15

Exhibit 12
Page 113

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4)    MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

MINUTES FORM 90
CIVIL – GEN

4

Initials of Deputy Clerk __jh_____
Time: 01/15

Exhibit 12
Page 114

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)   Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk __jh_____
Time: 01/15

Exhibit 12
Page 115

# EXHIBIT 13

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12  MATTEL, INC.,                    | CASE NO. CV 04-9049 SGL (RNBx)

13            Plaintiff,             | Consolidated with
                                     | Case No. CV 04-09059
14                                   | Case No. CV 05-02727
         vs.
15                                   | Hon. Stephen G. Larson
    MGA ENTERTAINMENT,
16                                   |
            Defendant.               | **FINAL VERDICT FORM AS GIVEN**
17

18  AND CONSOLIDATED ACTIONS

19

20

21

22

23

24

25

26

27

28

07209/2554627.7

7-17

Exhibit 13
Page 116

1
2

## VERDICT FORM

3

We answer the questions submitted to us as follows:

4
5

## Timing of Tangible Items

6
7      1.     For each of the items listed below, has Mattel proven by a
8  preponderance of the evidence that the item was "conceived or reduced to practice"
9  — that is, created — by Carter Bryant, alone or jointly with others, during the
10  period in which he was employed by Mattel (January 4, 1999, to October 19, 2000)?
11

| Yes | No | |
|---|---|---|
| ☒ | ☐ | TX 5-52, 62-1, 624, 5-74, 62-11, 10537, 15180, 5-75, 62-12, 10538, 15181, 5-111, 708, 5-112, 62-13, 5-113, 5-114, 62-14, 62-15, 1152-1, 1152-2, 10613, 1328, 10033-3, 10033-4 |
| ☒ | ☐ | TX 5-88, 35-1, 35-3, 5-101, 1327, 10153-3, 10153-4 |
| ☒ | ☐ | TX 5-35, 757 |
| ☒ | ☐ | TX 5-36, 701, 702 |
| ☒ | ☐ | TX 5-37, 703 |
| ☒ | ☐ | TX 5-38, 762 |
| ☐ | ☐ | TX 5-39, 523, 752 |
| ☐ | ☐ | TX 5-40, 753, 754, 13583 |
| ☐ | ☐ | TX 751-2, 751-3, 5-41, 755 |
| ☐ | ☐ | TX 5-42, 756 |
| ☒ | ☐ | TX 5-43, 709 |
| ☒ | ☐ | TX 5-46, 710 |
| ☒ | ☐ | TX 5-49, 704 |
| ☒ | ☐ | TX 5-50, 705 |

| Yes | No | |
|-----|-----|---|
| ☒ | ☐ | TX 5-53, 1152-5, 1152-6, 10534, 15175 |
| ☒ | ☐ | TX 5-54, 62-2, 620, 774, 775 |
| ☒ | ☐ | TX 5-55, 62-3, 785, 1152-9 |
| ☒ | ☐ | TX 5-56, 764, 15176 |
| ☒ | ☐ | TX 5-57, 776, 777 |
| ☒ | ☐ | TX 5-58, 765, 15177 |
| ☒ | ☐ | TX 5-59, 739, 740 |
| ☒ | ☐ | TX 5-60, 761 |
| ☒ | ☐ | TX 5-61, 62-4, 782, 796-1, 1748 |
| ☒ | ☐ | TX 5-62, 62-5, 621, 767, 768, 5-71, 62-10, 770, 1752-1 |
| ☒ | ☐ | TX 5-63, 758, 759, 760 |
| ☒ | ☐ | TX 5-64, 62-6, 795, 1152-14, 1750 |
| ☒ | ☐ | TX 5-65, 1152-7, 1152-8, 11789 |
| ☒ | ☐ | TX 5-66, 794, 1152-13 |
| ☒ | ☐ | TX 5-67, 62-7, 784, 1152-11, 1152-12, 10535 |
| ☒ | ☐ | TX 5-68, 62-8, 781, 786, 790, 1751-4 |
| ☒ | ☐ | TX 5-69, 11788, 5-70, 62-9, 623, 783 |
| ☒ | ☐ | TX 5-72, 1152-15, 1152-16, 10536, 15179 |
| ☒ | ☐ | TX 5-73, 741, 742 |
| ☒ | ☐ | TX 5-76, 706 |
| ☒ | ☐ | TX 5-77, 707 |
| ☒ | ☐ | TX 5-78, 10539, 18501 |
| ☒ | ☐ | TX 5-136, 711 |
| ☒ | ☐ | TX 10579, 18281 |
| ☒ | ☐ | TX 15172 |

1    2.    For each of the items listed below, has Mattel proven by a

2  preponderance of the evidence that the item was "conceived or reduced to practice"

3  — that is, created — by Carter Bryant, alone or jointly with others, during the

4  period in which he was employed by Mattel (January 4, 1999, to October 19, 2000)?

| Yes | No | |
|-----|-----|---|
| ☒ | ☐ | TX 3-1, 779, 780, 1-1, 2-1, 778 |
| ☒ | ☐ | TX 3-2, 726, 727, 728, 1-4, 2-5 |
| ☒ | ☐ | TX 3-3, 1152-19, 1152-20, 11838, 15182, 1-6, 2-10, 5-104, 10544 |
| ☒ | ☐ | TX 3-5, 791, 1-8, 2-2 |
| ☒ | ☐ | TX 3-6, 11837, 15184, 1-7, 2-8, 743, 744, 5-107, 1152-17, 1152-18, 10547 |
| ☒ | ☐ | TX 3-8, 789, 1-11, 2-9, 734, 5-106, 10546 |
| ☒ | ☐ | TX 3-9, 788, 1-10, 2-6, 746,  5-103, 10543 |
| ☒ | ☐ | TX 3-10, 735, 736 |
| ☒ | ☐ | TX 3-12, 792, 1-3, 2-7, 5-102, 10542 |
| ☒ | ☐ | TX 3-13, 793, 1-5, 2-3, 10-3 |
| ☒ | ☐ | TX 5-79, 1-9, 2-4, 737, 10545, 5-105 |
| ☒ | ☐ | TX 1-2 |
| ☒ | ☐ | TX 3-11 |
| ☒ | ☐ | TX 5-26, 712 |
| ☒ | ☐ | TX 5-27, 713 |
| ☒ | ☐ | TX 5-81, 720 |
| ☒ | ☐ | TX 5-82, 715 |
| ☒ | ☐ | TX 5-83, 723 |
| ☒ | ☐ | TX 3-4, 5-84, 716, 717 |
| ☒ | ☐ | TX 3-7, 5-85, 718, 719, 10-2, 63-1 |
| ☒ | ☐ | TX 5-80, 721, 722, 5-86 |
| ☒ | ☐ | TX 5-87, 5-108, 724, 725 |
| ☒ | ☐ | TX 5-34 |

1       3.    For each of the items listed below, has Mattel proven by a

2 preponderance of the evidence that the item was "conceived or reduced to practice"

3 — that is, created — by Carter Bryant, alone or jointly with others, during the

4 period in which he was employed by Mattel (January 4, 1999, to October 19, 2000)?

| Yes | No | |
|-----|-----|---|
| ☒ | ☐ | TX 5-89, 35-2, 323-32, 323-33 |
| ☒ | ☐ | TX 1107, 10638 |
| ☒ | ☐ | TX 1108, 10639 |
| ☒ | ☐ | TX 1109, 771 |
| ☒ | ☐ | TX 1110, 773 |
| ☒ | ☐ | TX 5-14, 10515 |
| ☒ | ☐ | TX 5-18, 10518 |
| ☒ | ☐ | TX 5-19, 10519 |
| ☒ | ☐ | TX 5-28, 10526 |
| ☒ | ☐ | TX 5-30 |
| ☒ | ☐ | TX 5-95 |
| ☒ | ☐ | TX 5-96 |
| ☒ | ☐ | TX 5-99 |
| ☒ | ☐ | TX 323-18 |
| ☒ | ☐ | TX 323-19 |
| ☒ | ☐ | TX 323-26 |

1     4.     For each of the items listed below, has Mattel proven by a

2  preponderance of the evidence that the item was "conceived or reduced to practice"

3  — that is, created — by Carter Bryant, alone or jointly with others, during the

4  period in which he was employed by Mattel (January 4, 1999, to October 19, 2000)?

5

6            __Trial Exhibit No.__                        YES      NO

7     The Three Dimensional Item Presented at Pitch        X      _____

8                       Meeting

9

10            Trial Exhibit 1136                           X      _____

11

12                        __Timing of Ideas__

13

14     5.     Has Mattel proven by a preponderance of the evidence that Carter

15  Bryant conceived the "Bratz" characters while employed by Mattel?

16     Yes    X

17     No     _____

18

19

20     6.     Has Mattel proven by a preponderance of the evidence that Carter

21  Bryant conceived the name "Bratz" while employed by Mattel?

22            Yes    X

23            No     _____

24

25

26

27

28

**Intentional Interference with Contractual Relations**

7.   Is MGA Entertainment, Inc. ("MGA") liable to Mattel for intentional interference with contractual relations?

Yes   _X_

No   ____

8.   Is Isaac Larian liable to Mattel for intentional interference with contractual relations?

Yes   _X_

No   ____

**Aiding and Abetting Breach of Fiduciary Duty**

9.   Is MGA liable to Mattel for aiding and abetting breach of fiduciary duty?

Yes   _X_

No   ____

10.   Is Isaac Larian liable to Mattel for aiding and abetting breach of fiduciary duty?

Yes   _X_

No   ____

**Aiding and Abetting Breach of the Duty of Loyalty**

11.   Is MGA liable to Mattel for aiding and abetting breach of the duty of loyalty?

Yes   _X_

No   ____

1      12.   Is Isaac Larian liable to Mattel for aiding and abetting breach of the

2  duty of loyalty?

3          Yes   X

4          No   ____

5

6                              **Conversion**

7      13.   Is MGA liable to Mattel for conversion?

8          Yes   X

9          No   ____

10

11      14.   Is Isaac Larian liable to Mattel for conversion?

12          Yes   X

13          No   ____

14

15      15.   Is MGA Entertainment (HK) Limited liable to Mattel for conversion?

16          Yes   X

17          No   ____

18

19

20      Once this verdict form is completed, the foreperson of the jury should sign

21  and date on the lines below.

22  DATED: _July  17_ , 2008

23

24

25                                          Presiding Juror

26

27

28

Exhibit 13
Page 123