# EXHIBIT 25

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   710 Sansome Street
5  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
6  Facsimile:  (415) 397-7188

7  Attorneys for Plaintiff
   CARTER BRYANT

8

9

10                 UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                      EASTERN DIVISION

13

14  CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                           (consolidated with CV 04-9059 & 05-
                          Plaintiff,       2727

15
                                           **CARTER BRYANT'S RESPONSES
16      v.                                 TO MATTEL, INC'S FIFTH SET
                                           OF REQUESTS FOR ADMISSION
17  MATTEL, INC. a Delaware                TO CARTER BRYANT**
    Corporation,

18                        Defendant.

19  ┌──────────────────────────────────┐
    │CONSOLIDATED WITH MATTEL,         │
20  │INC., v. BRYANT and MGA           │
    │ENTERTAINMENT, INC. v.            │
21  │MATTEL, INC.                      │
    └──────────────────────────────────┘

22

23

24  PROPOUNDING PARTY:        Defendant MATTEL, INC. ("Defendant")

25  RESPONDING PARTY:         Plaintiff CARTER BRYANT ("Plaintiff")

26  SET NUMBER:               FIFTH (5)

27

28

                  CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
                  FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
                           CASE NO. CV 04-09049 SGL (RNBx)
398501.01

Exhibit 25
Page 338

1.    Carter Bryant ("Defendant" or "Bryant") hereby objects and responds to

2  Mattel, Inc.'s ("Plaintiff" or "Mattel") Fifth Set of Requests for Admission.

3    Bryant's responses and objections are made solely for the purpose of this

4  action.

5    Bryant points out that discovery is still pending, that he has not concluded

6  his investigation of the facts relating to this case, has not completed his own

7  discovery in this case, and has not completed preparation for trial.  In light of the

8  foregoing, the following Responses are given without prejudice to Bryant's right to

9  stand on his objections, to continue his investigation and discovery, to rely on

10  subsequently discovered facts, and to utilize subsequently discovered or

11  subsequently identified evidence or documents.

12    The following Responses reflect the current status of Bryant's knowledge

13  and belief respecting the matters about which inquiry is made.  Discovery will

14  continue as long as permitted by statute or stipulation of the parties, and

15  investigation by Bryant, his attorneys and agents will continue up to and

16  throughout the trial of this action.  Bryant specifically reserves the right to

17  introduce at the time of trial any evidence from any source, including documents

18  and testimony from any witnesses which may hereafter be discovered.

19    If any information has been unintentionally omitted from these Responses,

20  Bryant hereby reserves the right to amend these Responses to include the omitted

21  information.  Bryant also reserves the right to change, amend or supplement any or

22  all of the matters contained in these responses as additional facts are ascertained,

23  analyses are made, and research is completed.  These introductory paragraphs

24  apply to each and every Response herein and shall be incorporated as though fully

25  set forth in each and every Response.

26    All of Bryant's responses are based upon information and documentation

27  that is currently available and specifically known to Bryant.  The responses are

28  made in a good-faith effort to provide information now known to Bryant which is

1
CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

I98501.01

Exhibit 25
Page 339

1    responsive, but Bryant specifically reserves the right both to supplement any of the

2    responses set forth below and to utilize at trial any further information or

3    documents.

## GENERAL OBJECTIONS

5    The following general objections apply to the entirety of Mattel's Fourth Set

6    of Requests for Admission (the "Requests"). The assertion of the same, similar, or

7    additional objections to the individual requests does not waive any of Bryant's

8    general objections as set forth below.

9    1.    To the extent these Requests request Bryant to provide information

10   concerning the legal basis of his defense of this matter, Bryant objects on the

11   grounds that the Requests impermissibly call for mental impressions, conclusions,

12   opinions and/or legal theories of Bryant's attorneys.

13   2.    Bryant also objects to the extent these Requests call for the disclosure

14   of information protected by the attorney-client privilege, the work-product

15   doctrine, the joint defense or common interest privilege or any other applicable

16   privilege.

17   3.    Bryant objects to the Requests to the extent that they call for legal

18   conclusions.

19   4.    Bryant objects to the extent that these Requests seek information

20   comprising the trade secrets of MGA and/or third parties, and/or otherwise

21   comprising confidential information, protected from disclosure by California

22   and/or federal law.

23   5.    Bryant objects to the Requests on the grounds that they attempt to

24   unfairly restrict the facts on which Bryant may rely at trial. Discovery has not

25   been completed and Bryant is not yet necessarily in possession of all the facts and

26   documents upon which Bryant intends to rely. All of the responses submitted

27   herewith are tendered to Mattel with the reservation that discovery is ongoing and

28   thus the responses are submitted without limiting the evidence on which Bryant

Exhibit 25
Page 340

1   may rely to support the contentions that Bryant may assert at the trial of this action.

2   Further, Bryant reserves the right to supplement or amend these responses in the

3   future if it deems that to be appropriate.

4     6.  Bryant objects to the Requests to the extent that they are compound.

5     7.  Bryant objects to the Requests on the grounds that they are vague and

6   overbroad, unduly burdensome and oppressive, seek information that is not

7   reasonably within Bryant's knowledge, and/or seek information that is neither

8   relevant to this litigation nor reasonably calculated to lead to the discovery of

9   admissible evidence. In particular, Bryant also objects to these Requests on the

10  grounds that they are oppressively repetitive.  Bryant also objects to these Requests

11  as burdensome in their sheer number (Mattel has now propounded nearly 500

12  Requests to Bryant alone, many of which consists of multiple interlocking

13  Requests apparently designed to take the place of a single interrogatory).

14    8.  Bryant objects to the Requests to the extent they are vague and

15  ambiguous or call for a legal conclusion as to the scope of Bryant's employment at

16  Mattel.  To the extent that Bryant responds to any request regarding what Bryant

17  did or did not do "while employed" at Mattel, Bryant does so without waiving or

18  intending to waive but rather, on the contrary, preserving and intending to

19  preserve, his contention that anything Bryant did on weekends, evenings ,vacation

20  and any other time outside ordinary business hours was not done while he was

21  working for Mattel.  Bryant's response to any such request may not be taken as an

22  admission that the information provided in his response in any way reflects or

23  evidences work performed by Bryant while he was working for Mattel or that

24  Bryant adopts or agrees with any fact or legal conclusion assumed, presumed or

25  contained in Mattel's request.

26    9.  Bryant objects to the defined terms YOU, BRYANT, MGA,

27  AFFILIATES, BRATZ, BRATZ WORK and BRATZ WORKS, THE BRATZ

28  PITCH MATERIALS, BRYANT/MGA AGREEMENT, CONTEND, CREATE

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 25
Page 341

1   OR IMPROVE or CREATED OR IMPROVED, and MATTEL on the grounds that

2   these terms, as defined, are overbroad, are vague and ambiguous, and call for legal

3   conclusions.  In addition, Bryant objects to the term THE BRATZ PITCH

4   MATERIALS because, as defined, the term is directed towards materials " . . .

5   offered to YOU," not " . . . offered to MGA by YOU," and thus appears

6   nonsensical in this context.  Without waiving any related objections, Bryant

7   interprets the definition of the term THE BRATZ PITCH MATERIALS to mean

8   " . . . offered to MGA by YOU," and any response to any request containing the

9   term is based on that interpretation.

10       These general objections shall be deemed incorporated into each specific

11   response below as if they were fully set forth below.  Nevertheless, without

12   waiving, without prejudice to, and expressly reserving all of the foregoing

13   objections, Bryant submits the following responses to the Requests.

14       **RESPONSES TO REQUESTS FOR ADMISSION**

15   **REQUEST FOR ADMISSION NO. 1:**

16       Admit that YOU have copied or prepared derivative works from at least one

17   of THE BRATZ PITCH MATERIALS.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

19       Bryant incorporates by reference the above-stated general objections as if

20   fully set forth herein.  Bryant also specifically objects to this request on the

21   grounds that it is compound.  Bryant also specifically objects to this request on the

22   grounds that it calls for legal conclusions as to what constitutes a derivative work

23   and copying.  Bryant also specifically objects to this request on the grounds that it

24   calls for disclosure of information protected by the attorney-client privilege, the

25   work product doctrine, the joint defense privilege, and any other applicable

26   privileges.  Bryant also specifically objects to this request on the grounds that it is

27   oppressively repetitive and unnecessary in combination with Mattel's other

28   requests.

4

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
TS FOR ADMISSION TO CARTER BRYANT
O. CV 04-09049 SGL (RNBx)

Exhibit 25
Page 342

398501.01

1 **REQUEST FOR ADMISSION NO. 2:**

2      Admit that YOU have not copied or prepared derivative works from at least

3 one of THE BRATZ PITCH MATERIALS.

4 **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

5      Bryant incorporates by reference the above-stated general objections as if

6 fully set forth herein. Bryant also specifically objects to this request on the

7 grounds that it is compound. Bryant also specifically objects to this request on the

8 grounds that it calls for legal conclusions as to what constitutes a derivative work

9 and copying. Bryant also specifically objects to this request on the grounds that it

10 calls for disclosure of information protected by the attorney-client privilege, the

11 work product doctrine, the joint defense privilege, and any other applicable

12 privileges. Bryant also specifically objects to this request on the grounds that it is

13 oppressively repetitive and unnecessary in combination with Mattel's other

14 requests.

15 **REQUEST FOR ADMISSION NO. 3:**

16      Admit that YOU have copied or prepared derivative works from more than

17 one of THE BRATZ PITCH MATERIALS.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

19      Bryant incorporates by reference the above-stated general objections as if

20 fully set forth herein. Bryant also specifically objects to this request on the

21 grounds that it is compound. Bryant also specifically objects to this request on the

22 grounds that it calls for legal conclusions as to what constitutes a derivative work

23 and copying. Bryant also specifically objects to this request on the grounds that it

24 calls for disclosure of information protected by the attorney-client privilege, the

25 work product doctrine, the joint defense privilege, and any other applicable

26 privileges. Bryant also specifically objects to this request on the grounds that it is

27 oppressively repetitive and unnecessary in combination with Mattel's other

28 requests.

398501.01

1 **REQUEST FOR ADMISSION NO. 4:**

2    Admit that YOU have not copied or prepared derivative works from more

3 than one of THE BRATZ PITCH MATERIALS.

4 **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

5    Bryant incorporates by reference the above-stated general objections as if

6 fully set forth herein. Bryant also specifically objects to this request on the

7 grounds that it is compound. Bryant also specifically objects to this request on the

8 grounds that it calls for legal conclusions as to what constitutes a derivative work

9 and copying. Bryant also specifically objects to this request on the grounds that it

10 calls for disclosure of information protected by the attorney-client privilege, the

11 work product doctrine, the joint defense privilege, and any other applicable

12 privileges. Bryant also specifically objects to this request on the grounds that it is

13 oppressively repetitive and unnecessary in combination with Mattel's other

14 requests.

15 **REQUEST FOR ADMISSION NO. 5:**

16    Admit that YOU have copied or prepared derivative works from all of THE

17 BRATZ PITCH MATERIALS.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

19    Bryant incorporates by reference the above-stated general objections as if

20 fully set forth herein. Bryant also specifically objects to this request on the

21 grounds that it is compound. Bryant also specifically objects to this request on the

22 grounds that it calls for legal conclusions as to what constitutes a derivative work

23 and copying. Bryant also specifically objects to this request on the grounds that it

24 calls for disclosure of information protected by the attorney-client privilege, the

25 work product doctrine, the joint defense privilege, and any other applicable

26 privileges. Bryant also specifically objects to this request on the grounds that it is

27 oppressively repetitive and unnecessary in combination with Mattel's other

28 requests.

6

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYT
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 25
Page 344

1 | **REQUEST FOR ADMISSION NO. 6:**

2 | Admit that YOU have not copied or prepared derivative works from all of

3 | THE BRATZ PITCH MATERIALS.

4 | **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

5 | Bryant incorporates by reference the above-stated general objections as if

6 | fully set forth herein. Bryant also specifically objects to this request on the

7 | grounds that it is compound. Bryant also specifically objects to this request on the

8 | grounds that it calls for legal conclusions as to what constitutes a derivative work

9 | and copying. Bryant also specifically objects to this request on the grounds that it

10 | calls for disclosure of information protected by the attorney-client privilege, the

11 | work product doctrine, the joint defense privilege, and any other applicable

12 | privileges. Bryant also specifically objects to this request on the grounds that it is

13 | oppressively repetitive and unnecessary in combination with Mattel's other

14 | requests.

15 | **REQUEST FOR ADMISSION NO. 7:**

16 | Admit that at least one of THE BRATZ PITCH MATERIALS is an original

17 | work of authorship within the meaning of 17 U.S.C. § 102.

18 | **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

19 | Bryant incorporates by reference the above-stated general objections as if

20 | fully set forth herein. Bryant also specifically objects to this request on the

21 | grounds that it calls for legal conclusions as to what constitutes an original work of

22 | authorship within the meaning of 17 U.S.C. § 102. Bryant also specifically objects

23 | to this request on the grounds that it calls for disclosure of information protected

24 | by the attorney-client privilege, the work product doctrine, the joint defense

25 | privilege, and any other applicable privileges. Bryant also specifically objects to

26 | this request on the grounds that it is oppressively repetitive and unnecessary in

27 | combination with Mattel's other requests.

28 | Subject to and without waiving the foregoing general and specific

Exhibit 25
Page 345

1 objections, Bryant responds to this request as follows: Bryant admits the request.

2 **REQUEST FOR ADMISSION NO. 8:**

3 Admit that none of THE BRATZ PITCH MATERIALS is an original work

4 of authorship within the meaning of 17 U.S.C. § 102.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

6 Bryant incorporates by reference the above-stated general objections as if

7 fully set forth herein. Bryant also specifically objects to this request on the

8 grounds that it calls for legal conclusions as to what constitutes an original work of

9 authorship within the meaning of 17 U.S.C. § 102. Bryant also specifically objects

10 to this request on the grounds that it calls for disclosure of information protected

11 by the attorney-client privilege, the work product doctrine, the joint defense

12 privilege, and any other applicable privileges. Bryant also specifically objects to

13 this request on the grounds that it is oppressively repetitive and unnecessary in

14 combination with Mattel's other requests.

15 Subject to and without waiving the foregoing general and specific

16 objections, Bryant responds to this request as follows: Bryant denies the request.

17 **REQUEST FOR ADMISSION NO. 9:**

18 Admit that more than one of THE BRATZ PITCH MATERIALS is an

19 original work of authorship within the meaning of 17 U.S.C. § 102.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

21 Bryant incorporates by reference the above-stated general objections as if

22 fully set forth herein. Bryant also specifically objects to this request on the

23 grounds that it calls for legal conclusions as to what constitutes an original work of

24 authorship within the meaning of 17 U.S.C. § 102. Bryant also specifically objects

25 to this request on the grounds that it calls for disclosure of information protected

26 by the attorney-client privilege, the work product doctrine, the joint defense

27 privilege, and any other applicable privileges. Bryant also specifically objects to

28 this request on the grounds that it is oppressively repetitive and unnecessary in

8

398501.01

1  combination with Mattel's other requests.

2      Subject to and without waiving the foregoing general and specific

3  objections, Bryant responds to this request as follows: Bryant admits the request.

4  **REQUEST FOR ADMISSION NO. 10:**

5      Admit that each of THE BRATZ PITCH MATERIALS is an original work

6  of authorship within the meaning of 17 U.S.C. § 102.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

8      Bryant incorporates by reference the above-stated general objections as if

9  fully set forth herein.  Bryant also specifically objects to this request on the

10  grounds that it is compound.  Bryant also specifically objects to this request on the

11  grounds that it calls for legal conclusions as to what constitutes an original work of

12  authorship within the meaning of 17 U.S.C. § 102.  Bryant also specifically objects

13  to this request on the grounds that it calls for disclosure of information protected

14  by the attorney-client privilege, the work product doctrine, the joint defense

15  privilege, and any other applicable privileges.  Bryant also specifically objects to

16  this request on the grounds that it is oppressively repetitive and unnecessary in

17  combination with Mattel's other requests.

18  **REQUEST FOR ADMISSION NO. 11:**

19      Admit that YOU CONTEND YOU believed the BRYANT/MGA

20  AGREEMENT was lawful when YOU entered into the agreement.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

22      Bryant incorporates by reference the above-stated general objections as if

23  fully set forth herein.  Bryant also specifically objects to this request on the ground

24  that the lawfulness of the BRYANT/MGA AGREEMENT, generally, is not

25  relevant or at issue in this litigation.  Bryant also specifically objects to this request

26  on the grounds that it calls for legal conclusions about the BRYANT/MGA

27  AGREEMENT.  Bryant also specifically objects to this request on the ground that

28  Bryant's legal contentions in this litigation (whether affirmative contentions by

9
CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADM'T
CASE NO. CV 04-0904

398501.01

Exhibit 25
Page 347

1   Bryant or merely responses to Mattel's contentions, both of which fall within

2   Mattel's vague and overbroad definition of CONTEND) are properly set forth in

3   Bryant's pleadings, not in responses to requests for admission.  To the extent this

4   request asks Bryant to provide information concerning the legal basis of his

5   defense of this matter, Bryant also specifically objects on the grounds that the

6   request impermissibly calls for mental impressions, conclusions, opinions and/or

7   legal theories of Bryant's attorneys.  Bryant also specifically objects to this request

8   on the grounds that it calls for disclosure of information protected by the attorney-

9   client privilege, the work product doctrine, the joint defense privilege, and any

10  other applicable privileges.  Bryant also specifically objects to this request on the

11  grounds that it is oppressively repetitive and unnecessary in combination with

12  Mattel's other requests.

13       Subject to and without waiving the foregoing general and specific

14  objections, Bryant responds to this request as follows: Bryant admits that Bryant

15  disputes Mattel's contention that the BRYANT/MGA AGREEMENT infringed

16  any rights of Mattel.

17  **REQUEST FOR ADMISSION NO. 12:**

18       Admit that YOU do not CONTEND YOU believed the BRYANT/MGA

19  AGREEMENT was lawful when YOU entered into the agreement.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

21       Bryant incorporates by reference the above-stated general objections as if

22  fully set forth herein.  Bryant also specifically objects to this request on the ground

23  that the lawfulness of the BRYANT/MGA AGREEMENT, generally, is not

24  relevant or at issue in this litigation.  Bryant also specifically objects to this request

25  on the grounds that it calls for legal conclusions about the BRYANT/MGA

26  AGREEMENT.  Bryant also specifically objects to this request on the ground that

27  Bryant's legal contentions in this litigation (whether affirmative contentions by

28  Bryant or merely responses to Mattel's contentions, both of which fall within

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER F
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 25
Page 348

1  Mattel's definition of CONTEND) are properly set forth in Bryant's pleadings, not

2  in responses to requests for admission.  To the extent this request asks Bryant to

3  provide information concerning the legal basis of his defense of this matter, Bryant

4  also specifically objects on the grounds that the request impermissibly calls for

5  mental impressions, conclusions, opinions and/or legal theories of Bryant's

6  attorneys.  Bryant also specifically objects to this request on the grounds that it

7  calls for disclosure of information protected by the attorney-client privilege, the

8  work product doctrine, the joint defense privilege, and any other applicable

9  privileges.  Bryant also specifically objects to this request on the grounds that it is

10  oppressively repetitive and unnecessary in combination with Mattel's other

11  requests.

12      Subject to and without waiving the foregoing general and specific

13  objections, Bryant responds to this request as follows: Bryant denies the request.

14  **REQUEST FOR ADMISSION NO. 13:**

15      Admit that YOU believed the BRYANT/MGA AGREEMENT may not be

16  lawful when YOU entered into the agreement.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

18      Bryant incorporates by reference the above-stated general objections as if

19  fully set forth herein.  Bryant also specifically objects to this request on the ground

20  that the lawfulness of the BRYANT/MGA AGREEMENT, generally, is not

21  relevant or at issue in this litigation.  Bryant also specifically objects to this request

22  on the grounds that it calls for legal conclusions about the BRYANT/MGA

23  AGREEMENT.  To the extent this request asks Bryant to provide information

24  concerning the legal basis of his defense of this matter, Bryant also specifically

25  objects on the grounds that the request impermissibly calls for mental impressions,

26  conclusions, opinions and/or legal theories of Bryant's attorneys.  Bryant also

27  specifically objects to this request on the grounds that it calls for disclosure of

28  information protected by the attorney-client privilege, the work product doctrine,

Exhibit 25
Page 349

1   the joint defense privilege, and any other applicable privileges. Bryant also

2   specifically objects to this request on the grounds that it is oppressively repetitive

3   and unnecessary in combination with Mattel's other requests.

4        Subject to and without waiving the foregoing general and specific

5   objections, Bryant responds to this request as follows: Bryant denies the request.

6   **REQUEST FOR ADMISSION NO. 14:**

7        Admit that YOU CONTEND YOU believed at the time YOU entered into

8   the BRYANT/MGA AGREEMENT that it would be lawful for YOU to market

9   BRATZ.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

11        Bryant incorporates by reference the above-stated general objections as if

12   fully set forth herein. Bryant also specifically objects to this request on the ground

13   that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

14   nonsensical as directed at Bryant. Bryant also specifically objects to this request

15   on the ground that the general lawfulness of the acts stated in the request is not

16   relevant or at issue in this litigation. Bryant also specifically objects to this request

17   on the grounds that it calls for legal conclusions about the BRYANT/MGA

18   AGREEMENT. Bryant also specifically objects to this request on the ground that

19   Bryant's legal contentions in this litigation (whether affirmative contentions by

20   Bryant or merely responses to Mattel's contentions, both of which fall within

21   Mattel's vague and overbroad definition of CONTEND) are properly set forth in

22   Bryant's pleadings, not in responses to requests for admission. To the extent this

23   request asks Bryant to provide information concerning the legal basis of his

24   defense of this matter, Bryant also specifically objects on the grounds that the

25   request impermissibly calls for mental impressions, conclusions, opinions and/or

26   legal theories of Bryant's attorneys. Bryant also specifically objects to this request

27   on the grounds that it calls for disclosure of information protected by the attorney-

28   client privilege, the work product doctrine, the joint defense privilege, and any

F    CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
**Exhibit 25**    OR ADMISSION TO CARTER BRYANT
**Page 350**    04-09049 SGL (RNBx)

1 | other applicable privileges.  Bryant also specifically objects to this request on the

2 | ground that its core element is impenetrably vague, because BRYANT cannot tell

3 | what it would mean for him, as an individual, to "market BRATZ."  Bryant also

4 | specifically objects to this request on the grounds that it is oppressively repetitive

5 | and unnecessary in combination with Mattel's other requests.

6 | Subject to and without waiving the foregoing general and specific

7 | objections, Bryant responds to this request as follows:  Bryant admits he believed

8 | at the time he entered into the BRYANT/MGA AGREEMENT that it would be

9 | lawful for MGA to market BRATZ.

10 | **REQUEST FOR ADMISSION NO. 15:**

11 | Admit that YOU do not CONTEND YOU believed at the time YOU entered

12 | into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to

13 | market BRATZ.

14 | **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

15 | Bryant incorporates by reference the above-stated general objections as if

16 | fully set forth herein.  Bryant also specifically objects to this request on the ground

17 | that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

18 | nonsensical as directed at Bryant.  Bryant also specifically objects to this request

19 | on the ground that the general lawfulness of the acts stated in the request is not

20 | relevant or at issue in this litigation.  Bryant also specifically objects to this request

21 | on the grounds that it calls for legal conclusions about the BRYANT/MGA

22 | AGREEMENT.  Bryant also specifically objects to this request on the ground that

23 | Bryant's legal contentions in this litigation (whether affirmative contentions by

24 | Bryant or merely responses to Mattel's contentions, both of which fall within

25 | Mattel's vague and overbroad definition of CONTEND) are properly set forth in

26 | Bryant's pleadings, not in responses to requests for admission.  To the extent this

27 | request asks Bryant to provide information concerning the legal basis of his

28 | defense of this matter, Bryant also specifically objects on the grounds that the

13

Exhibit 25
Page 351

1   request impermissibly calls for mental impressions, conclusions, opinions and/or

2   legal theories of Bryant's attorneys.  Bryant also specifically objects to this request

3   on the grounds that it calls for disclosure of information protected by the attorney-

4   client privilege, the work product doctrine, the joint defense privilege, and any

5   other applicable privileges.  Bryant also specifically objects to this request on the

6   ground that its core element is impenetrably vague, because BRYANT cannot tell

7   what it would mean for him, as an individual, to "market BRATZ."  Bryant also

8   specifically objects to this request on the grounds that it is oppressively repetitive

9   and unnecessary in combination with Mattel's other requests.

10       Subject to and without waiving the foregoing general and specific

11   objections, Bryant responds to this request as follows:  Bryant denies that he does

12   not CONTEND he believed at the time he entered into the BRYANT/MGA

13   AGREEMENT that it would be lawful for MGA to market BRATZ.request.

14   **REQUEST FOR ADMISSION NO. 16:**

15       Admit that YOU believed at the time YOU entered into the BRYANT/MGA

16   AGREEMENT that it may not be lawful for YOU to market BRATZ.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

18       Bryant incorporates by reference the above-stated general objections as if

19   fully set forth herein.  Bryant also specifically objects to this request on the ground

20   that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

21   nonsensical as directed at Bryant.  Bryant also specifically objects to this request

22   on the ground that the general lawfulness of the acts stated in the request is not

23   relevant or at issue in this litigation.  To the extent this request asks Bryant to

24   provide information concerning the legal basis of his defense of this matter, Bryant

25   also specifically objects on the grounds that the request impermissibly calls for

26   mental impressions, conclusions, opinions and/or legal theories of Bryant's

27   attorneys.  Bryant also specifically objects to this request on the grounds that it

28   calls for disclosure of information protected by the attorney-client privilege, the

14

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRY
CASE NO. CV 04-09049 SGL (RNBx)

**Exhibit 25
Page 352**

398501.01

1  work product doctrine, the joint defense privilege, and any other applicable

2  privileges. Bryant also specifically objects to this request on the ground that its

3  core element is impenetrably vague, because BRYANT cannot tell what it would

4  mean for him, as an individual, to "market BRATZ." Bryant also specifically

5  objects to this request on the grounds that it is oppressively repetitive and

6  unnecessary in combination with Mattel's other requests.

7       Subject to and without waiving the foregoing general and specific

8  objections, Bryant responds to this request as follows: Bryant denies that he

9  believed at the time he entered into the BRYANT/MGA AGREEMENT that it

10  may not be lawful for MGA to market BRATZ.

11  **REQUEST FOR ADMISSION NO. 17:**

12       Admit that YOU CONTEND YOU believed at the time YOU entered into

13  the BRYANT/MGA AGREEMENT that it would be lawful for YOU to copy THE

14  BRATZ PITCH MATERIALS.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

16       Bryant incorporates by reference the above-stated general objections as if

17  fully set forth herein. Bryant also specifically objects to this request on the ground

18  that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

19  nonsensical as directed at Bryant. Bryant also specifically objects to this request

20  on the ground that the general lawfulness of the acts stated in the request is not

21  relevant or at issue in this litigation. Bryant also specifically objects to this request

22  on the grounds that it calls for legal conclusions about the BRYANT/MGA

23  AGREEMENT and what constitutes copying. Bryant also specifically objects to

24  this request on the ground that Bryant's legal contentions in this litigation

25  (whether affirmative contentions by Bryant or merely responses to Mattel's

26  contentions, both of which fall within Mattel's vague and overbroad definition of

27  CONTEND) are properly set forth in Bryant's pleadings, not in responses to

28  requests for admission. To the extent this request asks Bryant to provide

15

Exhibit 25
Page 353

1  information concerning the legal basis of his defense of this matter, Bryant also

2  specifically objects on the grounds that the request impermissibly calls for mental

3  impressions, conclusions, opinions and/or legal theories of Bryant's attorneys.

4  Bryant also specifically objects to this request on the grounds that it calls for

5  disclosure of information protected by the attorney-client privilege, the work

6  product doctrine, the joint defense privilege, and any other applicable privileges.

7  Bryant also specifically objects to this request on the grounds that it is oppressively

8  repetitive and unnecessary in combination with Mattel's other requests. Bryant

9  further objects to the Request as vague and ambiguous in the use of the term "at

10 the time," in that it is impossible to determine whether the Request seeks

11 contentions concerning the parties' rights before or after the execution of the

12 BRYANT/MGA AGREEMENT.

13 **REQUEST FOR ADMISSION NO. 18:**

14     Admit that YOU do not CONTEND YOU believed at the time YOU entered

15 into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to copy

16 THE BRATZ PITCH MATERIALS.

17 **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

18     Bryant incorporates by reference the above-stated general objections as if

19 fully set forth herein. Bryant also specifically objects to this request on the ground

20 that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

21 nonsensical as directed at Bryant. Bryant also specifically objects to this request

22 on the ground that the general lawfulness of the acts stated in the request is not

23 relevant or at issue in this litigation. Bryant also specifically objects to this request

24 on the grounds that it calls for legal conclusions about the BRYANT/MGA

25 AGREEMENT and what constitutes copying. Bryant also specifically objects to

26 this request on the ground that Bryant's legal contentions in this litigation

27 (whether affirmative contentions by Bryant or merely responses to Mattel's

28 contentions, both of which fall within Mattel's vague and overbroad definition of

16

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
ESTS FOR ADMISSION TO CARTER BRYANT
NO. CV 04-09049 SGL (RNBx)

398501.01

Exhibit 25
Page 354

1  CONTEND) are properly set forth in Bryant's pleadings, not in responses to

2  requests for admission. To the extent this request asks Bryant to provide

3  information concerning the legal basis of his defense of this matter, Bryant also

4  specifically objects on the grounds that the request impermissibly calls for mental

5  impressions, conclusions, opinions and/or legal theories of Bryant's attorneys.

6  Bryant also specifically objects to this request on the grounds that it calls for

7  disclosure of information protected by the attorney-client privilege, the work

8  product doctrine, the joint defense privilege, and any other applicable privileges.

9  Bryant also specifically objects to this request on the grounds that it is oppressively

10  repetitive and unnecessary in combination with Mattel's other requests. Bryant

11  further objects to the Request as vague and ambiguous in the use of the term "at

12  the time," in that it is impossible to determine whether the Request seeks

13  contentions concerning the parties' rights before or after the execution of the

14  BRYANT/MGA AGREEMENT.

15  **REQUEST FOR ADMISSION NO. 19:**

16      Admit that YOU believed at the time YOU entered into the BRYANT/MGA

17  AGREEMENT that it may not be lawful for YOU to copy THE BRATZ PITCH

18  MATERIALS.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

20      Bryant incorporates by reference the above-stated general objections as if

21  fully set forth herein. Bryant also specifically objects to this request on the ground

22  that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

23  nonsensical as directed at Bryant. Bryant also specifically objects to this request

24  on the ground that the general lawfulness of the acts stated in the request is not

25  relevant or at issue in this litigation. Bryant also specifically objects to this request

26  on the grounds that it calls for legal conclusions about the BRYANT/MGA

27  AGREEMENT and what constitutes copying. To the extent this request asks·

28  Bryant to provide information concerning the legal basis of his defense of this

17

398501.01

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMIS~~~~~ ~ ~
CASE NO. CV 04-09049

Exhibit 25
Page 355

1   matter, Bryant also specifically objects on the grounds that the request

2   impermissibly calls for mental impressions, conclusions, opinions and/or legal

3   theories of Bryant's attorneys.  Bryant also specifically objects to this request on

4   the grounds that it calls for disclosure of information protected by the attorney-

5   client privilege, the work product doctrine, the joint defense privilege, and any

6   other applicable privileges.  Bryant also specifically objects to this request on the

7   grounds that it is oppressively repetitive and unnecessary in combination with

8   Mattel's other requests.  Bryant further objects to the Request as vague and

9   ambiguous in the use of the term "at the time," in that it is impossible to determine

10  whether the Request seeks contentions concerning the parties' rights before or after

11  the execution of the BRYANT/MGA AGREEMENT.

12  **REQUEST FOR ADMISSION NO. 20:**

13       Admit that YOU CONTEND YOU believed at the time YOU entered into

14  the BRYANT/MGA AGREEMENT that it would be lawful for YOU to prepare

15  derivative works from THE BRATZ PITCH MATERIALS.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

17       Bryant incorporates by reference the above-stated general objections as if

18  fully set forth herein.  Bryant also specifically objects to this request on the ground

19  that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

20  nonsensical as directed at Bryant.  Bryant also specifically objects to this request

21  on the ground that the general lawfulness of the acts stated in the request is not

22  relevant or at issue in this litigation.  Bryant also specifically objects to this request

23  on the grounds that it calls for legal conclusions about the BRYANT/MGA

24  AGREEMENT and what constitutes a derivative work.  Bryant also specifically

25  objects to this request on the ground that Bryant's legal contentions in this

26  litigation (whether affirmative contentions by Bryant or merely responses to

27  Mattel's contentions, both of which fall within Mattel's vague and overbroad

28  definition of CONTEND) are properly set forth in Bryant's pleadings, not in

18

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRY.
CASE NO. CV 04-09049 SGL (RNBx)

398501.01

Exhibit 25
Page 356

1  responses to requests for admission. To the extent this request asks Bryant to

2  provide information concerning the legal basis of his defense of this matter, Bryant

3  also specifically objects on the grounds that the request impermissibly calls for

4  mental impressions, conclusions, opinions and/or legal theories of Bryant's

5  attorneys. Bryant also specifically objects to this request on the grounds that it

6  calls for disclosure of information protected by the attorney-client privilege, the

7  work product doctrine, the joint defense privilege, and any other applicable

8  privileges. Bryant also specifically objects to this request on the grounds that it is

9  oppressively repetitive and unnecessary in combination with Mattel's other

10  requests. Bryant further objects to the Request as vague and ambiguous in the use

11  of the term "at the time," in that it is impossible to determine whether the Request

12  seeks contentions concerning the parties' rights before or after the execution of the

13  BRYANT/MGA AGREEMENT.

14  **REQUEST FOR ADMISSION NO. 21:**

15      Admit that YOU do not CONTEND YOU believed at the time YOU entered

16  into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to

17  prepare derivative works from THE BRATZ PITCH MATERIALS.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

19      Bryant incorporates by reference the above-stated general objections as if

20  fully set forth herein. Bryant also specifically objects to this request on the ground

21  that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

22  nonsensical as directed at Bryant. Bryant also specifically objects to this request

23  on the ground that the general lawfulness of the acts stated in the request is not

24  relevant or at issue in this litigation. Bryant also specifically objects to this request

25  on the grounds that it calls for legal conclusions about the BRYANT/MGA

26  AGREEMENT and what constitutes a derivative work. Bryant also specifically

27  objects to this request on the ground that Bryant's legal contentions in this

28  litigation (whether affirmative contentions by Bryant or merely responses to

19

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 25
Page 357

1  Mattel's contentions, both of which fall within Mattel's vague and overbroad

2  definition of CONTEND) are properly set forth in Bryant's pleadings, not in

3  responses to requests for admission. To the extent this request asks Bryant to

4  provide information concerning the legal basis of his defense of this matter, Bryant

5  also specifically objects on the grounds that the request impermissibly calls for

6  mental impressions, conclusions, opinions and/or legal theories of Bryant's

7  attorneys. Bryant also specifically objects to this request on the grounds that it

8  calls for disclosure of information protected by the attorney-client privilege, the

9  work product doctrine, the joint defense privilege, and any other applicable

10 privileges. Bryant also specifically objects to this request on the grounds that it is

11 oppressively repetitive and unnecessary in combination with Mattel's other

12 requests. Bryant further objects to the Request as vague and ambiguous in the use

13 of the term "at the time," in that it is impossible to determine whether the Request

14 seeks contentions concerning the parties' rights before or after the execution of the

15 BRYANT/MGA AGREEMENT.

16 **REQUEST FOR ADMISSION NO. 22:**

17      Admit that YOU believed at the time YOU entered into the BRYANT/MGA

18 AGREEMENT that it may not be lawful for YOU to prepare derivative works

19 from BRATZ PITCH MATERIALS.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

21      Bryant incorporates by reference the above-stated general objections as if

22 fully set forth herein. Bryant also specifically objects to this request on the ground

23 that it is properly directed at MGA, not Bryant, and is burdensome, oppressive, and

24 nonsensical as directed at Bryant. Bryant also specifically objects to this request

25 on the ground that the general lawfulness of the acts stated in the request is not

26 relevant or at issue in this litigation. Bryant also specifically objects to this request

27 on the grounds that it calls for legal conclusions about the BRYANT/MGA

28 AGREEMENT and what constitutes a derivative work. To the extent this request

Exhibit 25
Page 358

1  asks Bryant to provide information concerning the legal basis of his defense of this

2  matter, Bryant also specifically objects on the grounds that the request

3  impermissibly calls for mental impressions, conclusions, opinions and/or legal

4  theories of Bryant's attorneys.  Bryant also specifically objects to this request on

5  the grounds that it calls for disclosure of information protected by the attorney-

6  client privilege, the work product doctrine, the joint defense privilege, and any

7  other applicable privileges.  Bryant also specifically objects to this request on the

8  grounds that it is oppressively repetitive and unnecessary in combination with

9  Mattel's other requests.  Bryant further objects to the Request as vague and

10  ambiguous in the use of the term "at the time," in that it is impossible to determine

11  whether the Request seeks contentions concerning the parties' rights before or after

12  the execution of the BRYANT/MGA AGREEMENT.

13  **REQUEST FOR ADMISSION NO. 23:**

14      Admit that YOU CONTEND YOU believed at the time YOU entered into

15  the BRYANT/MGA AGREEMENT that entering into the BRYANT/MGA

16  AGREEMENT would not subject YOU to legal liability.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

18      Bryant incorporates by reference the above-stated general objections as if

19  fully set forth herein.  Bryant also specifically objects to this request on the ground

20  that it calls for information that is beyond the scope of this litigation.  Bryant also

21  specifically objects to this request on the grounds that it calls for legal conclusions

22  about the BRYANT/MGA AGREEMENT.  Bryant also specifically objects to this

23  request on the ground that  Bryant's legal contentions in this litigation (whether

24  affirmative contentions by Bryant or merely responses to Mattel's contentions,

25  both of which fall within Mattel's vague and overbroad definition of CONTEND)

26  are properly set forth in Bryant's pleadings, not in responses to requests for

27  admission.  To the extent this request asks Bryant to provide information

28  concerning the legal basis of his defense of this matter, Bryant also specifically

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSIO
CASE NO. CV 04-09049 SG

398501.01

Exhibit 25
Page 359

1    objects on the grounds that the request impermissibly calls for mental impressions,

2    conclusions, opinions and/or legal theories of Bryant's attorneys.  Bryant also

3    specifically objects to this request on the grounds that it calls for disclosure of

4    information protected by the attorney-client privilege, the work product doctrine,

5    the joint defense privilege, and any other applicable privileges.  Bryant also

6    specifically objects to this request on the grounds that it is oppressively repetitive

7    and unnecessary in combination with Mattel's other requests.

8         Subject to and without waiving the foregoing general and specific

9    objections, Bryant responds to this request as follows: Bryant admits that Bryant

10   did not believe that his entering into the BRYANT/MGA AGREEMENT infringed

11   any rights of Mattel.

12   **REQUEST FOR ADMISSION NO. 24:**

13        Admit that YOU believed at the time YOU entered into the BRYANT/MGA

14   AGREEMENT that entering into the BRYANT/MGA AGREEMENT could

15   subject YOU to legal liability.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

17        Bryant incorporates by reference the above-stated general objections as if

18   fully set forth herein.  Bryant also specifically objects to this request on the ground

19   that it calls for information that is beyond the scope of this litigation.  Bryant also

20   specifically objects to this request on the grounds that it calls for legal conclusions

21   about the BRYANT/MGA AGREEMENT.  Bryant also specifically objects to this

22   request on the ground that  Bryant's legal contentions in this litigation (whether

23   affirmative contentions by Bryant or merely responses to Mattel's contentions,

24   both of which fall within Mattel's vague and overbroad definition of CONTEND)

25   are properly set forth in Bryant's pleadings, not in responses to requests for

26   admission.  To the extent this request asks Bryant to provide information

27   concerning the legal basis of his defense of this matter, Bryant also specifically

28   objects on the grounds that the request impermissibly calls for mental impressions,

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 25
Page 360

1  conclusions, opinions and/or legal theories of Bryant's attorneys.  Bryant also

2  specifically objects to this request on the grounds that it calls for disclosure of

3  information protected by the attorney-client privilege, the work product doctrine,

4  the joint defense privilege, and any other applicable privileges.  Bryant also

5  specifically objects to this request on the grounds that it is oppressively repetitive

6  and unnecessary in combination with Mattel's other requests. ·

7      Subject to and without waiving the foregoing general and specific

8  objections, Bryant responds to this request as follows:  Bryant denies that he

9  believed entering into the BRYANT/MGA AGREEMENT infringed any rights of

10  Mattel.

11  **REQUEST FOR ADMISSION NO. 25:**

12      Admit that YOU CONTEND that no one told YOU when or before YOU

13  entered into the BRYANT/MGA AGREEMENT that entering into the

14  BRYANT/MGA AGREEMENT could or might subject YOU to legal liability.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

16      Bryant incorporates by reference the above-stated general objections as if

17  fully set forth herein.  Bryant also specifically objects to this request on the

18  grounds that it is compound.  Bryant also specifically objects to this request on the

19  ground that it calls for information that is beyond the scope of this litigation.

20  Bryant also specifically objects to this request on the grounds that it calls for

21  disclosure of information protected by the attorney-client privilege, the work

22  product doctrine, the joint defense privilege, and any other applicable privileges. ·

23  Bryant also specifically objects to this request on the grounds that it is oppressively

24  repetitive and unnecessary in combination with Mattel's other requests.

25      Subject to and without waiving the foregoing general and specific

26  objections, Bryant responds to this request as follows: Bryant admits this request.

27  **REQUEST FOR ADMISSION NO. 26:**

28      Admit that at least one person told YOU when or before YOU entered into

23

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

398501.01

Exhibit 25
Page 361

1  the BRYANT/MGA AGREEMENT that entering into the BRYANT/MGA

2  AGREEMENT could or might subject YOU to legal liability.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

4      Bryant incorporates by reference the above-stated general objections as if

5  fully set forth herein.  Bryant also specifically objects to this request on the

6  grounds that it is compound.  Bryant also specifically objects to this request on the

7  ground that it calls for information that is beyond the scope of this litigation.

8  Bryant also specifically objects to this request on the grounds that it calls for

9  disclosure of information protected by the attorney-client privilege, the work

10  product doctrine, the joint defense privilege, and any other applicable privileges.

11  Bryant also specifically objects to this request on the grounds that it is oppressively

12  repetitive and unnecessary in combination with Mattel's other requests.

13      Subject to and without waiving the foregoing general and specific

14  objections, Bryant responds to this request as follows: Bryant denies that anyone

15  told him the BRYANT/MGA AGREEMENT could or might subject him to legal

16  liability to Mattel.

17  **REQUEST FOR ADMISSION NO. 27:**

18      Admit that YOU CREATED OR IMPROVED at least one of THE BRATZ

19  PITCH MATERIALS while employed by MATTEL.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

21      Bryant incorporates by reference the above-stated general objections as if

22  fully set forth herein.  Bryant also specifically objects to this request on the

23  grounds that it is compound.  Bryant also specifically objects to this request on the

24  grounds that it calls for legal conclusions as to what constitutes "CREATED OR

25  IMPROVED" and "employed."  Bryant also specifically objects to this request

26  because "while employed at Mattel" is vague and ambiguous; without waiving or

27  intending to waive, but rather preserving and intending to preserve, his contention

28  that anything Bryant did on weekends, evenings ,vacation and any other time

24

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. C

398501.01

Exhibit 25
Page 362

1   outside ordinary business hours was not done while he was working for Mattel,

2   Bryant responds to this request based on his interpretation that "while employed"

3   refers only to the dates of Bryant's employment, and not to whether Bryant's

4   specific acts at specific times were part of his employment at Mattel. Bryant's

5   response, based on that interpretation, is not an admission that the information

6   provided in his response in any way reflects or evidences work performed by

7   Bryant while he was working for Mattel or that Bryant adopts or agrees with any

8   fact or legal conclusion assumed, presumed or contained in Mattel's request. To

9   the extent this request asks Bryant to provide information concerning the legal

10  basis of his defense of this matter, Bryant also specifically objects on the grounds

11  that the request impermissibly calls for mental impressions, conclusions, opinions

12  and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

13  request on the grounds that it calls for disclosure of information protected by the

14  attorney-client privilege, the work product doctrine, the joint defense privilege, and

15  any other applicable privileges. Bryant also specifically objects to this request on

16  the grounds that it is oppressively repetitive and unnecessary in combination with

17  Mattel's other requests.

18      Subject to and without waiving the foregoing general and specific

19  objections, Bryant responds to this request as follows: Bryant admits that he traced

20  his 1998 drawings and colored such tracings in the spring or summer of 1999, a

21  period in which he was employed by Mattel, and that he traced his 1998 drawings,

22  colored such tracings, and drew a few outfits of formal wear between January 1,

23  2000 and October 20, 2000, a period in which he was employed by Mattel. Bryant

24  accordingly admits this request to the extent that this tracing, coloring such

25  tracings, and drawing formal wear outfits constitutes CREAT[ING] OR

26  IMPROV[ING] BRATZ PITCH MATERIALS while employed at Mattel, as

27  Bryant interprets those terms.

28

398501.01

1 | **REQUEST FOR ADMISSION NO. 28:**

2 |     Admit that YOU CREATED OR IMPROVED more than one of THE

3 | BRATZ PITCH MATERIALS while employed by MATTEL.

4 | **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

5 |     Bryant incorporates by reference the above-stated general objections as if

6 | fully set forth herein. Bryant also specifically objects to this request on the

7 | grounds that it is compound. Bryant also specifically objects to this request on the

8 | grounds that it calls for legal conclusions as to what constitutes "CREATED OR

9 | IMPROVED" and "employed." Bryant also specifically objects to this request

10 | because "while employed at Mattel" is vague and ambiguous; without waiving or

11 | intending to waive, but rather preserving and intending to preserve, his contention

12 | that anything Bryant did on weekends, evenings ,vacation and any other time

13 | outside ordinary business hours was not done while he was working for Mattel,

14 | Bryant responds to this request based on his interpretation that "while employed"

15 | refers only to the dates of Bryant's employment, and not to whether Bryant's

16 | specific acts at specific times were part of his employment at Mattel. Bryant's

17 | response, based on that interpretation, is not an admission that the information

18 | provided in his response in any way reflects or evidences work performed by

19 | Bryant while he was working for Mattel or that Bryant adopts or agrees with any

20 | fact or legal conclusion assumed, presumed or contained in Mattel's request. To

21 | the extent this request asks Bryant to provide information concerning the legal

22 | basis of his defense of this matter, Bryant also specifically objects on the grounds

23 | that the request impermissibly calls for mental impressions, conclusions, opinions

24 | and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

25 | request on the grounds that it calls for disclosure of information protected by the

26 | attorney-client privilege, the work product doctrine, the joint defense privilege, and

27 | any other applicable privileges. Bryant also specifically objects to this request on

28 | the grounds that it is oppressively repetitive and unnecessary in combination with

26

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

**Exhibit 25**
**Page 364**

1    Mattel's other requests.

2          Subject to and without waiving the foregoing general and specific

3    objections, Bryant responds to this request as follows: Bryant admits that he traced

4    his 1998 drawings and colored such tracings in the spring or summer of 1999, a

5    period in which he was employed by Mattel, and that he traced his 1998 drawings,

6    colored such tracings, and drew a few outfits of formal wear between January 1,

7    2000 and October 20, 2000, a period in which he was employed by Mattel.  Bryant

8    accordingly admits this request to the extent that this tracing, coloring such

9    tracings, and drawing formal wear outfits constitutes CREAT[ING] OR

10   IMPROV[ING] BRATZ PITCH MATERIALS while employed at Mattel, as

11   Bryant interprets those terms.

12   **REQUEST FOR ADMISSION NO. 29:**

13          Admit that YOU CREATED OR IMPROVED all of THE BRATZ PITCH

14   MATERIALS while employed by MATTEL.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

16          Bryant incorporates by reference the above-stated general objections as if

17   fully set forth herein.  Bryant also specifically objects to this request on the

18   grounds that it is compound.  Bryant also specifically objects to this request on the

19   grounds that it calls for legal conclusions as to what constitutes "CREATED OR

20   IMPROVED" and "employed."  Bryant also specifically objects to this request

21   because "while employed at Mattel" is vague and ambiguous; without waiving or

22   intending to waive, but rather preserving and intending to preserve, his contention

23   that anything Bryant did on weekends, evenings ,vacation and any other time

24   outside ordinary business hours was not done while he was working for Mattel,

25   Bryant responds to this request based on his interpretation that "while employed"

26   refers only to the dates of Bryant's employment, and not to whether Bryant's

27   specific acts at specific times were part of his employment at Mattel.  Bryant's

28   response, based on that interpretation, is not an admission that the information

Exhibit 25
Page 365

1  provided in his response in any way reflects or evidences work performed by

2  Bryant while he was working for Mattel or that Bryant adopts or agrees with any

3  fact or legal conclusion assumed, presumed or contained in Mattel's request. To

4  the extent this request asks Bryant to provide information concerning the legal

5  basis of his defense of this matter, Bryant also specifically objects on the grounds

6  that the request impermissibly calls for mental impressions, conclusions, opinions

7  and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

8  request on the grounds that it calls for disclosure of information protected by the

9  attorney-client privilege, the work product doctrine, the joint defense privilege, and

10  any other applicable privileges. Bryant also specifically objects to this request on

11  the grounds that it is oppressively repetitive and unnecessary in combination with

12  Mattel's other requests.

13      Subject to and without waiving the foregoing general and specific

14  objections, Bryant responds to this request as follows: Bryant admits that he traced

15  his 1998 drawings and colored such tracings in the spring or summer of 1999, a

16  period in which he was employed by Mattel, and that he traced his 1998 drawings,

17  colored such tracings, and drew a few outfits of formal wear between January 1,

18  2000 and October 20, 2000, a period in which he was employed by Mattel. Bryant

19  accordingly admits this request to the extent that this tracing, coloring such

20  tracings, and drawing formal wear outfits constitutes CREAT[ING] OR

21  IMPROV[ING] BRATZ PITCH MATERIALS while employed at Mattel, as

22  Bryant interprets those terms.

23  **REQUEST FOR ADMISSION NO. 30:**

24      Admit that YOU deny YOU willfully infringed any copyrights in BRATZ

25  WORKS.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

27      Bryant incorporates by reference the above-stated general objections as if

28  fully set forth herein. Bryant also specifically objects to this request on the

1    grounds that it calls for legal conclusions as to what constitutes willful

2    infringement. To the extent this request asks Bryant to provide information

3    concerning the legal basis of his defense of this matter, Bryant also specifically

4    objects on the grounds that the request impermissibly calls for mental impressions,

5    conclusions, opinions and/or legal theories of Bryant's attorneys. Bryant also

6    specifically objects to this request on the grounds that it calls for disclosure of

7    information protected by the attorney-client privilege, the work product doctrine,

8    the joint defense privilege, and any other applicable privileges. Bryant also

9    specifically objects to this request on the grounds that it is oppressively repetitive

10   and unnecessary in combination with Mattel's other requests.

11         Bryant responds to this request as follows: Bryant admits that Bryant

12   disputes Mattel's contentions that Bryant willfully infringed any alleged rights of

13   Mattel.

14   **REQUEST FOR ADMISSION NO. 31:**

15         Admit that YOU deny YOU willfully infringed any copyrights MATTEL

16   claims it owns in BRATZ WORKS.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

18         Bryant incorporates by reference the above-stated general objections as if

19   fully set forth herein. Bryant also specifically objects to this request on the

20   grounds that it calls for legal conclusions as to what constitutes willful

21   infringement. To the extent this request asks Bryant to provide information

22   concerning the legal basis of his defense of this matter, Bryant also specifically

23   objects on the grounds that the request impermissibly calls for mental impressions,

24   conclusions, opinions and/or legal theories of Bryant's attorneys. Bryant also

25   specifically objects to this request on the grounds that it calls for disclosure of

26   information protected by the attorney-client privilege, the work product doctrine,

27   the joint defense privilege, and any other applicable privileges. Bryant also

28   specifically objects to this request on the grounds that it is oppressively repetitive

29

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSIO
CASE NO. CV 04-09049 SG

Exhibit 25
Page 367

398501.01

1  and unnecessary in combination with Mattel's other requests.

2      Subject to and without waiving the foregoing general and specific

3  objections, Bryant responds to this request as follows: Bryant admits that Bryant

4  disputes Mattel's contentions that Bryant willfully infringed any alleged rights of

5  Mattel.

6  **REQUEST FOR ADMISSION NO. 32:**

7      Admit that YOU CONTEND that no one told YOU that any of THE

8  BRATZ PITCH MATERIALS belonged to, or could or might belong to, MATTEL

9  when or before YOU entered into the BRYANT/MGA AGREEMENT.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

11     Bryant incorporates by reference the above-stated general objections as if

12 fully set forth herein.  Bryant also specifically objects to this request on the

13 grounds that it is compound.  Bryant also specifically objects to this request on the

14 ground that it calls for information that is beyond the scope of this litigation.

15 Bryant also specifically objects to this request on the grounds that it calls for legal

16 conclusions about the BRYANT/MGA AGREEMENT and the meaning of "belong

17 to".  Bryant also objects to this Request as compound.  Bryant also specifically

18 objects to this request on the ground that Bryant's legal contentions in this

19 litigation (whether affirmative contentions by Bryant or merely responses to

20 Mattel's contentions, both of which fall within Mattel's vague and overbroad

21 definition of CONTEND) are properly set forth in Bryant's pleadings, not in

22 responses to requests for admission.  To the extent this request asks Bryant to

23 provide information concerning the legal basis of his defense of this matter, Bryant

24 also specifically objects on the grounds that the request impermissibly calls for

25 mental impressions, conclusions, opinions and/or legal theories of Bryant's

26 attorneys.  Bryant also specifically objects to this request on the grounds that it

27 calls for disclosure of information protected by the attorney-client privilege, the

28 work product doctrine, the joint defense privilege, and any other applicable

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 25
Page 368

1   privileges.  Bryant also specifically objects to this request on the grounds that it is

2   oppressively repetitive and unnecessary in combination with Mattel's other

3   requests.

4        Subject to and without waiving the foregoing general and specific

5   objections, Bryant responds to this request as follows:  Bryant admits that no one

6   told him that any of THE BRATZ PITCH MATERIALS belonged to, or could or

7   might belong to, MATTEL when or before he entered into the BRYANT/MGA

8   AGREEMENT.

9   **REQUEST FOR ADMISSION NO. 33:**

10       Admit that YOU do not CONTEND that no one told YOU that any of THE

11  BRATZ PITCH MATERIALS belonged to, or could or might belong to, MATTEL

12  when or before YOU entered into the BRYANT/MGA AGREEMENT.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

14       Bryant incorporates by reference the above-stated general objections as if

15  fully set forth herein.  Bryant also specifically objects to this request on the

16  grounds that it is compound.  Bryant also specifically objects to this request on the

17  ground that it calls for information that is beyond the scope of this litigation.

18  Bryant also specifically objects to this request on the grounds that it calls for legal

19  conclusions about the BRYANT/MGA AGREEMENT and the meaning of "belong

20  to".  Bryant also objects to this Request as compound.  Bryant also specifically

21  objects to this request on the ground that  Bryant's legal contentions in this

22  litigation (whether affirmative contentions by Bryant or merely responses to

23  Mattel's contentions, both of which fall within Mattel's vague and overbroad

24  definition of CONTEND) are properly set forth in Bryant's pleadings, not in

25  responses to requests for admission.  To the extent this request asks Bryant to

26  provide information concerning the legal basis of his defense of this matter, Bryant

27  also specifically objects on the grounds that the request impermissibly calls for

28  mental impressions, conclusions, opinions and/or legal theories of Bryant's

Exhibit 25
Page 369

1  attorneys.  Bryant also specifically objects to this request on the grounds that it

2  calls for disclosure of information protected by the attorney-client privilege, the

3  work product doctrine, the joint defense privilege, and any other applicable

4  privileges.  Bryant also specifically objects to this request on the grounds that it is

5  oppressively repetitive and unnecessary in combination with Mattel's other

6  requests.

7       Subject to and without waiving the foregoing general and specific

8  objections, Bryant responds to this request as follows: Bryant denies the request.

9  **REQUEST FOR ADMISSION NO. 34:**

10      Admit that at least one person told YOU that at least one of THE BRATZ

11  PITCH MATERIALS belonged to, or could or might belong to, MATTEL when or

12  before YOU entered into the BRYANT/MGA AGREEMENT.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

14      Bryant incorporates by reference the above-stated general objections as if

15  fully set forth herein.  Bryant also specifically objects to this request on the

16  grounds that it is compound.  Bryant also specifically objects to this request on the

17  ground that it calls for information that is beyond the scope of this litigation.

18  Bryant also specifically objects to this request on the grounds that it calls for legal

19  conclusions about the BRYANT/MGA AGREEMENT and the meaning of "belong

20  to".  Bryant also objects to this Request as compound.  To the extent this request

21  asks Bryant to provide information concerning the legal basis of his defense of this

22  matter, Bryant also specifically objects on the grounds that the request

23  impermissibly calls for mental impressions, conclusions, opinions and/or legal

24  theories of Bryant's attorneys.  Bryant also specifically objects to this request on

25  the grounds that it calls for disclosure of information protected by the attorney-

26  client privilege, the work product doctrine, the joint defense privilege, and any

27  other applicable privileges.  Bryant also specifically objects to this request on the

28  grounds that it is oppressively repetitive and unnecessary in combination with

32

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS ADMISSION TO CARTER BRYANT
'-09049 SGL (RNBx)

Exhibit 25
Page 370

1   Mattel's other requests.

2       Subject to and without waiving the foregoing general and specific

3   objections, Bryant responds to this request as follows: Bryant denies the request.

4   **REQUEST FOR ADMISSION NO. 35:**

5       Admit that YOU CONTEND that YOU maintained a good faith belief that

6   MATTEL did not have any rights to THE BRATZ PITCH MATERIALS when

7   YOU entered into the BRYANT/MGA AGREEMENT.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

9       Bryant incorporates by reference the above-stated general objections as if

10  fully set forth herein.  Bryant also specifically objects to this request on the

11  grounds that it calls for legal conclusions about "good faith," the BRYANT/MGA

12  AGREEMENT, and the nature of any alleged "rights" of Mattel.  Bryant also

13  specifically objects to this request on the ground that Bryant's legal contentions in

14  this litigation (whether affirmative contentions by Bryant or merely responses to

15  Mattel's contentions, both of which fall within Mattel's vague and overbroad

16  definition of CONTEND) are properly set forth in Bryant's pleadings, not in

17  responses to requests for admission.  To the extent this request asks Bryant to

18  provide information concerning the legal basis of his defense of this matter, Bryant

19  also specifically objects on the grounds that the request impermissibly calls for

20  mental impressions, conclusions, opinions and/or legal theories of Bryant's

21  attorneys.  Bryant also specifically objects to this request on the grounds that it

22  calls for disclosure of information protected by the attorney-client privilege, the

23  work product doctrine, the joint defense privilege, and any other applicable

24  privileges.  Bryant also specifically objects to this request on the grounds that it is

25  oppressively repetitive and unnecessary in combination with Mattel's other

26  requests.

27       Subject to and without waiving the foregoing general and specific

28  objections, Bryant responds to this request as follows: Bryant admits this request.

33

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (

398501.01

Exhibit 25
Page 371

1  **REQUEST FOR ADMISSION NO. 36:**

2      Admit that YOU do not CONTEND that YOU maintained a good faith

3  belief that MATTEL did not have any rights to THE BRATZ PITCH

4  MATERIALS when YOU entered into the BRYANT/MGA AGREEMENT.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

6      Bryant incorporates by reference the above-stated general objections as if

7  fully set forth herein. Bryant also specifically objects to this request on the

8  grounds that it calls for legal conclusions about "good faith," the BRYANT/MGA

9  AGREEMENT, and the nature of any alleged "rights" of Mattel. Bryant also

10 specifically objects to this request on the ground that Bryant's legal contentions in

11 this litigation (whether affirmative contentions by Bryant or merely responses to

12 Mattel's contentions, both of which fall within Mattel's vague and overbroad

13 definition of CONTEND) are properly set forth in Bryant's pleadings, not in

14 responses to requests for admission. To the extent this request asks Bryant to

15 provide information concerning the legal basis of his defense of this matter, Bryant

16 also specifically objects on the grounds that the request impermissibly calls for

17 mental impressions, conclusions, opinions and/or legal theories of Bryant's

18 attorneys. Bryant also specifically objects to this request on the grounds that it

19 calls for disclosure of information protected by the attorney-client privilege, the

20 work product doctrine, the joint defense privilege, and any other applicable

21 privileges. Bryant also specifically objects to this request on the grounds that it is

22 oppressively repetitive and unnecessary in combination with Mattel's other

23 requests.

24      Subject to and without waiving the foregoing general and specific

25 objections, Bryant responds to this request as follows: Bryant denies this request.

26 **REQUEST FOR ADMISSION NO. 37:**

27      Admit that YOU did not maintain a good faith belief that MATTEL did not

28 have any rights to any of THE BRATZ PITCH MATERIALS when YOU entered

34

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYA
CASE NO. CV 04-09049 SGL (RNBx)

**Exhibit 25
Page 372**

398501.01

1   into the BRYANT/MGA AGREEMENT.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

3       Bryant incorporates by reference the above-stated general objections as if

4   fully set forth herein. Bryant also specifically objects to this request on the

5   grounds that it calls for legal conclusions about "good faith," the BRYANT/MGA

6   AGREEMENT, and the nature of any alleged "rights" of Mattel. To the extent this

7   request asks Bryant to provide information concerning the legal basis of his

8   defense of this matter, Bryant also specifically objects on the grounds that the

9   request impermissibly calls for mental impressions, conclusions, opinions and/or

10  legal theories of Bryant's attorneys. Bryant also specifically objects to this request

11  on the grounds that it calls for disclosure of information protected by the attorney-

12  client privilege, the work product doctrine, the joint defense privilege, and any

13  other applicable privileges. Bryant also specifically objects to this request on the

14  grounds that it is oppressively repetitive and unnecessary in combination with

15  Mattel's other requests. Bryant also objects to this request on the ground that it is

16  an incoherent double negative, rendering it ambiguous (i.e., it is impossible to

17  discern whether the request seeks an admission concerning (a) the existence of a

18  belief at the time or (b) whether any such belief was held in good faith.)

19      Subject to and without waiving the foregoing general and specific

20  objections, Bryant responds to this request as follows: Bryant admits that he had a

21  good faith belief that MATTEL did not have any rights to any of THE BRATZ

22  PITCH MATERIALS when he entered into the BRYANT/MGA AGREEMENT.

23  **REQUEST FOR ADMISSION NO. 38:**

24      Admit that YOU WERE the sole author of each of THE BRATZ PITCH

25  MATERIALS.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

27      Bryant incorporates by reference the above-stated general objections as if

28  fully set forth herein. Bryant also specifically objects to this request on the

35

Exhibit 25
Page 373

1 grounds that it is compound. Bryant also specifically objects to this request on the

2 grounds that it calls for legal conclusions as to what constitutes a "sole author". To

3 the extent this request asks Bryant to provide information concerning the legal

4 basis of his defense of this matter, Bryant also specifically objects on the grounds

5 that the request impermissibly calls for mental impressions, conclusions, opinions

6 and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

7 request on the grounds that it calls for disclosure of information protected by the

8 attorney-client privilege, the work product doctrine, the joint defense privilege, and

9 any other applicable privileges. Bryant also specifically objects to this request on

10 the grounds that it is oppressively repetitive and unnecessary in combination with

11 Mattel's other requests.

12 **REQUEST FOR ADMISSION NO. 39:**

13     Admit that YOU WERE not the sole author of each of THE BRATZ PITCH

14 MATERIALS.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

16     Bryant incorporates by reference the above-stated general objections as if

17 fully set forth herein. Bryant also specifically objects to this request on the

18 grounds that it is compound. Bryant also specifically objects to this request on the

19 grounds that it calls for legal conclusions as to what constitutes a "sole author". To

20 the extent this request asks Bryant to provide information concerning the legal

21 basis of his defense of this matter, Bryant also specifically objects on the grounds

22 that the request impermissibly calls for mental impressions, conclusions, opinions

23 and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

24 request on the grounds that it calls for disclosure of information protected by the

25 attorney-client privilege, the work product doctrine, the joint defense privilege, and

26 any other applicable privileges. Bryant also specifically objects to this request on

27 the grounds that it is oppressively repetitive and unnecessary in combination with

28 Mattel's other requests.

36

398501.01

**Exhibit 25**
**Page 374**

1  **REQUEST FOR ADMISSION NO. 40:**

2      Admit that YOU were the sole author of all of THE BRATZ PITCH

3  MATERIALS.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

5      Bryant incorporates by reference the above-stated general objections as if

6  fully set forth herein.  Bryant also specifically objects to this request on the

7  grounds that it is compound.  Bryant also specifically objects to this request on the

8  grounds that it calls for legal conclusions as to what constitutes a "sole author".  To

9  the extent this request asks Bryant to provide information concerning the legal

10 basis of his defense of this matter, Bryant also specifically objects on the grounds

11 that the request impermissibly calls for mental impressions, conclusions, opinions

12 and/or legal theories of Bryant's attorneys.  Bryant also specifically objects to this

13 request on the grounds that it calls for disclosure of information protected by the

14 attorney-client privilege, the work product doctrine, the joint defense privilege, and

15 any other applicable privileges.  Bryant also specifically objects to this request on

16 the grounds that it is oppressively repetitive and unnecessary in combination with

17 Mattel's other requests.

18 **REQUEST FOR ADMISSION NO. 41:**

19     Admit that YOU were not the sole author of all of THE BRATZ PITCH

20 MATERIALS.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

22     Bryant incorporates by reference the above-stated general objections as if

23 fully set forth herein.  Bryant also specifically objects to this request on the

24 grounds that it is compound.  Bryant also specifically objects to this request on the

25 grounds that it calls for legal conclusions as to what constitutes a "sole author".  To

26 the extent this request asks Bryant to provide information concerning the legal

27 basis of his defense of this matter, Bryant also specifically objects on the grounds

28 that the request impermissibly calls for mental impressions, conclusions, opinions

1  and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

2  request on the grounds that it calls for disclosure of information protected by the

3  attorney-client privilege, the work product doctrine, the joint defense privilege, and

4  any other applicable privileges. Bryant also specifically objects to this request on

5  the grounds that it is oppressively repetitive and unnecessary in combination with

6  Mattel's other requests.

7  **REQUEST FOR ADMISSION NO. 42:**

8     Admit that YOU were the sole author of each and every BRATZ WORK

9  created on or before October 3, 2000.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

11     Bryant incorporates by reference the above-stated general objections as if

12  fully set forth herein. Bryant also specifically objects to this request on the

13  grounds that it is compound. Bryant also specifically objects to this request on the

14  grounds that it calls for legal conclusions as to what constitutes a "sole author".

15  Bryant also specifically objects to this request on the grounds that it is compound.

16  To the extent this request asks Bryant to provide information concerning the legal

17  basis of his defense of this matter, Bryant also specifically objects on the grounds

18  that the request impermissibly calls for mental impressions, conclusions, opinions

19  and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this

20  request on the grounds that it calls for disclosure of information protected by the

21  attorney-client privilege, the work product doctrine, the joint defense privilege, and

22  any other applicable privileges. Bryant also specifically objects to this request on

23  the grounds that it is oppressively repetitive and unnecessary in combination with

24  Mattel's other requests.

25  **REQUEST FOR ADMISSION NO. 43:**

26     Admit that YOU were not the sole author of each and every BRATZ WORK

27  created on or before October 3, 2000.

28

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYA
CASE NO. CV 04-09049 SGL (RNBx)

398501.01

Exhibit 25
Page 376

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant also specifically objects to this request on the grounds that it is compound. Bryant also specifically objects to this request on the grounds that it calls for legal conclusions as to what constitutes a "sole author". To the extent this request asks Bryant to provide information concerning the legal basis of his defense of this matter, Bryant also specifically objects on the grounds that the request impermissibly calls for mental impressions, conclusions, opinions and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this request on the grounds that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, and any other applicable privileges. Bryant also specifically objects to this request on the grounds that it is oppressively repetitive and unnecessary in combination with Mattel's other requests.

**REQUEST FOR ADMISSION NO. 44:**

Admit that YOU were the sole author of at least one BRATZ WORK created on or before October 3, 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant also specifically objects to this request on the grounds that it calls for legal conclusions as to what constitutes a "sole author". To the extent this request asks Bryant to provide information concerning the legal basis of his defense of this matter, Bryant also specifically objects on the grounds that the request impermissibly calls for mental impressions, conclusions, opinions and/or legal theories of Bryant's attorneys. Bryant also specifically objects to this request on the grounds that it calls for disclosure of information protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, and any other applicable privileges. Bryant also specifically objects to this request on

Exhibit 25
Page 377

1  the grounds that it is oppressively repetitive and unnecessary in combination with

2  Mattel's other requests.

3  **REQUEST FOR ADMISSION NO. 45:**

4      Admit that YOU were not the sole author of at least one BRATZ WORK

5  created on or before October 3, 2000.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

7      Bryant incorporates by reference the above-stated general objections as if

8  fully set forth herein.  Bryant also specifically objects to this request on the

9  grounds that it calls for legal conclusions as to what constitutes a "sole author".  To

10  the extent this request asks Bryant to provide information concerning the legal

11  basis of his defense of this matter, Bryant also specifically objects on the grounds

12  that the request impermissibly calls for mental impressions, conclusions, opinions

13  and/or legal theories of Bryant's attorneys.  Bryant also specifically objects to this

14  request on the grounds that it calls for disclosure of information protected by the

15  attorney-client privilege, the work product doctrine, the joint defense privilege, and

16  any other applicable privileges.  Bryant also specifically objects to this request on

17  the grounds that it is oppressively repetitive and unnecessary in combination with

18  Mattel's other requests.

19  **REQUEST FOR ADMISSION NO. 46:**

20      Admit that the BRATZ dolls were first exhibited in the United States in

21  November 2000.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

23      Bryant incorporates by reference the above-stated general objections as if

24  fully set forth herein.  Bryant also specifically objects to this request on the

25  grounds that it is properly directed at MGA, not Bryant, and is burdensome and

26  oppressive as directed at Bryant.  To the extent this request asks Bryant to provide

27  information concerning the legal basis of his defense of this matter, Bryant also

28  specifically objects on the grounds that the request impermissibly calls for mental

40

398501.01

Exhibit 25
Page 378

1  impressions, conclusions, opinions and/or legal theories of Bryant's attorneys.

2  Bryant also specifically objects to this request on the grounds that it calls for

3  disclosure of information protected by the attorney-client privilege, the work

4  product doctrine, the joint defense privilege, and any other applicable privileges.

5  Bryant also specifically objects to this request on the grounds that the term

6  "exhibited" is vague.  Moreover, the passive construction "were . . . exhibited"

7  makes the request vague to the point of being unanswerable, as it asks Bryant to

8  answer for the actions of all possible sources that might have done something

9  arguably constituting "exhibit[ing]" of the BRATZ dolls anywhere in the United

10  States, with or without the knowledge of Bryant or anyone connected with him in

11  any way.  Accordingly, Bryant responds to this request based on his clarifying

12  interpretation of "exhibited" as meaning "formally introduced at a general public

13  exhibition," and restricts the scope of his response to such exhibitions with some

14  reasonable connection to Bryant.

15       Subject to and without waiving the foregoing general and specific

16  objections, Bryant responds to this request as follows:  after reasonable inquiry,

17  Bryant has insufficient information or knowledge to enable him to admit or deny

18  this request and, on that basis, Bryant denies the request.

19  **REQUEST FOR ADMISSION NO. 47:**

20       Admit that the BRATZ dolls were not first exhibited in the United States in

21  November 2000.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

23       Bryant incorporates by reference the above-stated general objections as if

24  fully set forth herein.  Bryant also specifically objects to this request on the

25  grounds that it is properly directed at MGA, not Bryant, and is burdensome and

26  oppressive as directed at Bryant.  To the extent this request asks Bryant to provide

27  information concerning the legal basis of his defense of this matter, Bryant also

28  specifically objects on the grounds that the request impermissibly calls for mental

1  impressions, conclusions, opinions and/or legal theories of Bryant's attorneys.

2  Bryant also specifically objects to this request on the grounds that it calls for

3  disclosure of information protected by the attorney-client privilege, the work

4  product doctrine, the joint defense privilege, and any other applicable privileges.

5  Bryant also specifically objects to this request on the grounds that the term

6  "exhibited" is vague.  Moreover, the passive construction "were . . . exhibited"

7  makes the request vague to the point of being unanswerable, as it asks Bryant to

8  answer for the actions of all possible sources that might have done something

9  arguably constituting "exhibit[ing]" of the BRATZ dolls anywhere in the United

10  States, with or without the knowledge of Bryant or anyone connected with him in

11  any way.  Accordingly, Bryant responds to this request based on his clarifying

12  interpretation of "exhibited" as meaning "formally introduced at a general public

13  exhibition," and restricts the scope of his response to such exhibitions with some

14  reasonable connection to Bryant.

15      Subject to and without waiving the foregoing general and specific

16  objections, Bryant responds to this request as follows:  Bryant has insufficient

17  information or knowledge to enable him to admit or deny this request and, on that

18  basis, Bryant denies the request.

19  **REQUEST FOR ADMISSION NO. 48:**

20      Admit that, while YOU were employed by MATTEL in 1999 and 2000,

21  YOU held a position of confidence and trust at MATTEL.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

23      Bryant incorporates by reference the above-stated general objections as if

24  fully set forth herein.  Bryant also specifically objects to this request on the

25  grounds that it is compound.  Bryant also specifically objects to this request on the

26  grounds that it is vague and ambiguous and calls for legal conclusions as to what

27  constitutes a position of confidence and trust, and for an ultimate conclusion of

28  law.  Bryant also specifically objects to this request because "while . . . employed

42

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER B
CASE NO. CV 04-09049 SGL (RNBx)

398501.01

Exhibit 25
Page 380

1   by Mattel" is vague and ambiguous, as it could either refer only to the dates of

2   Bryant's employment, as Bryant interprets it to do, or could refer to whether

3   Bryant's specific acts at specific times were part of his employment at Mattel.  To

4   the extent this request asks Bryant to provide information concerning the legal

5   basis of his defense of this matter, Bryant also specifically objects on the grounds

6   that the request impermissibly calls for mental impressions, conclusions, opinions

7   and/or legal theories of Bryant's attorneys.  Bryant also specifically objects to this

8   request on the grounds that it calls for disclosure of information protected by the

9   attorney-client privilege, the work product doctrine, the joint defense privilege, and

10  any other applicable privileges.  Bryant also specifically objects to this request on

11  the grounds that it is oppressively repetitive and unnecessary in combination with

12  Mattel's other requests.

13  **REQUEST FOR ADMISSION NO. 49:**

14      Admit that, while YOU were employed by MATTEL in 1999 and 2000,

15  YOU did not hold a position of confidence and trust at MATTEL.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

17      Bryant incorporates by reference the above-stated general objections as if

18  fully set forth herein.  Bryant also specifically objects to this request on the

19  grounds that it is compound.  Bryant also specifically objects to this request on the

20  grounds that it is vague and ambiguous and calls for legal conclusions as to what

21  constitutes a position of confidence and trust, and for an ultimate conclusion of

22  law.  Bryant also specifically objects to this request because "while . . . employed

23  by Mattel" is vague and ambiguous, as it could either refer only to the dates of

24  Bryant's employment, as Bryant interprets it to do, or could refer to whether

25  Bryant's specific acts at specific times were part of his employment at Mattel.  To

26  the extent this request asks Bryant to provide information concerning the legal

27  basis of his defense of this matter, Bryant also specifically objects on the grounds

28  that the request impermissibly calls for mental impressions, conclusions, opinions

1  and/or legal theories of Bryant's attorneys.  Bryant also specifically objects to this

2  request on the grounds that it calls for disclosure of information protected by the

3  attorney-client privilege, the work product doctrine, the joint defense privilege, and

4  any other applicable privileges.  Bryant also specifically objects to this request on

5  the grounds that it is oppressively repetitive and unnecessary in combination with

6  Mattel's other requests.

7  **REQUEST FOR ADMISSION NO. 50:**

8      Admit that, while YOU were employed by MATTEL in 1999 and 2000,

9  YOU were MATTEL's fiduciary.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

11      Bryant incorporates by reference the above-stated general objections as if

12  fully set forth herein.  Bryant also specifically objects to this request on the

13  grounds that it is compound.  Bryant also specifically objects to this request on the

14  grounds that it calls for legal conclusions as to what constitutes a fiduciary.  Bryant

15  also specifically objects to this request because "while . . . employed by Mattel" is

16  vague and ambiguous, as it could either refer only to the dates of Bryant's

17  employment, as Bryant interprets it to do, or could refer to whether Bryant's

18  specific acts at specific times were part of his employment at Mattel.  To the extent

19  this request asks Bryant to provide information concerning the legal basis of his

20  defense of this matter, Bryant also specifically objects on the grounds that the

21  request impermissibly calls for mental impressions, conclusions, opinions and/or

22  legal theories of Bryant's attorneys.  Bryant also specifically objects to this request

23  on the grounds that it calls for disclosure of information protected by the attorney-

24  client privilege, the work product doctrine, the joint defense privilege, and any

25  other applicable privileges.  Bryant also specifically objects to this request on the

26  grounds that it is oppressively repetitive and unnecessary in combination with

27  Mattel's other requests.

28      Subject to and without waiving the foregoing general and specific

44

CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FOR ADMISSION TO CARTER BRYANT
CV 04-09049 SGL (RNBx)

398501.01

Exhibit 25
Page 382

1  objections, Bryant responds to this request as follows: Bryant denies this request.

2  **REQUEST FOR ADMISSION NO. 51:**

3      Admit that, while YOU were employed by MATTEL in 1999 and 2000,

4  YOU were not MATTEL's fiduciary.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

6      Bryant incorporates by reference the above-stated general objections as if

7  fully set forth herein.  Bryant also specifically objects to this request on the

8  grounds that it is compound.  Bryant also specifically objects to this request on the

9  grounds that it calls for legal conclusions as to what constitutes a fiduciary.  Bryant

10 also specifically objects to this request because "while . . . employed by Mattel" is

11 vague and ambiguous, as it could either refer only to the dates of Bryant's

12 employment, as Bryant interprets it to do, or could refer to whether Bryant's

13 specific acts at specific times were part of his employment at Mattel.  To the extent

14 this request asks Bryant to provide information concerning the legal basis of his

15 defense of this matter, Bryant also specifically objects on the grounds that the

16 request impermissibly calls for mental impressions, conclusions, opinions and/or

17 legal theories of Bryant's attorneys.  Bryant also specifically objects to this request

18 on the grounds that it calls for disclosure of information protected by the attorney-

19 client privilege, the work product doctrine, the joint defense privilege, and any

20 other applicable privileges.  Bryant also specifically objects to this request on the

21 grounds that it is oppressively repetitive and unnecessary in combination with

22 Mattel's other requests.

23      Subject to and without waiving the foregoing general and specific

24 objections, Bryant responds to this request as follows: Bryant admits this request.

25

26

27

28

1   Dated: July 9, 2007                           KEKER & VAN NEST, LLP

2

3

4                             By: _____

5                                MICHAEL H. PAGE
                                  Attorneys for Plaintiff
6                                   CARTER BRYANT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

398501.01                CARTER BRYANT'S RESPONSES TO MATTEL, INC.'S
FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYAN
CASE NO. CV 04-09049 SGL (RNBx)          **Exhibit 25
Page 384**

1

PROOF OF SERVICE

2

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

3

4

5

On July 9, 2007, I served the following document(s):

6

## CARTER BRYANT'S RESPONSES TO MATTEL, INC'S FIFTH SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT

7

8

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery; AND

9

10

11

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

12

13

14

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:   213/443-3000
Fax:   213/443-3100
Email: johnquinn@quinnemanuel.com
Email: michaelzeller@quinnemanuel.com

Diana M. Torres
O'Melveny & Myers, LLP
400 S. Hope Street
Los Angeles, CA 90071
Tel:   213/430-6000
Fax:   213/430-6407
Email: dtorres@omm.com

15

16

17

18

19

Patricia L. Glaser
Christensen Glaser Fink Jacobs Weil & Shapiro
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Tel:   310/553-3000
Fax:   310/556-2920
Email: pglaser@chrisglase.com

20

21

22

23

24

Executed on July 9, 2007, at San Francisco, California.

25

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

26

27

28

_Julie Selby_
JULIE A. SELBY

Exhibit 25
Page 385

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

# EXHIBIT 26



LIBRARY OF CONGRESS

Copyright Office
of the United States

WASHINGTON. D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **JADE DRAWING** registered under number **VA 1-218-487**.

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **JADE DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-487**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By:  Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.



M 0110179

Exhibit 26
Page 386

EX 505-0001

**Additional Certificate (17 U.S.C. 706)**
Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1–218–487

EFFECTIVE DATE OF REGISTRATION

DEC 2 2 2003
Month        Day        Year

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET

**1**
Title of This Work ▼
JADE Drawing

NATURE OF THIS WORK ▼ See instructions
color drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial or collection, give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**
**a**
NAME OF AUTHOR ▼
Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of   U.S.A
Domiciled in

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

**NOTE**
Under the law, the author of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided give the employer (or other person for whom the work was prepared) as "Author" of that part and leave the space for dates of birth and death blank.

Nature of Authorship  Check appropriate box(es)  See instructions
☐ 3-Dimensional sculpture   ☐ Map        ☐ Technical drawing
☑ 2-Dimensional artwork     ☐ Photograph  ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**b**
Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of
Domiciled in

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

Nature of Authorship  Check appropriate box(es)  See instructions
☐ 3-Dimensional sculpture   ☐ Map        ☐ Technical drawing
☐ 2-Dimensional artwork     ☐ Photograph  ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**3**
**a**
Year in Which Creation of This Work Was Completed
1998
This information must be given in all cases
Year

**b**
Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published
Month  February   Day  12   Year  2001
U.S.A.   Nation

**4**
COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
MGA Entertainment Inc  16730 Schoenborn Street
North Hills  CA  91343 6122

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
Assignment

APPLICATION RECEIVED
DEC 2 2 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 2 2 2003
FUNDS RECEIVED

MORE ON BACK ▶  Complete all applicable spaces (numbers 5–9) on the reverse side of this page
See detailed instructions    Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

M 0110180

Exhibit 26
Page 387

EX 505-0002

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
   Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work or for an earlier version of this work already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is  Yes   why is another registration being sought? (Check appropriate box) ▼
a  ☐ This is the first published edition of a work previously registered in unpublished form
b  ☐ This is the first application submitted by this author as copyright claimant
c  ☐ This is a changed version of the work, as shown by space 6 on this application
If your answer is  Yes  give  Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION**  Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation
a  Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼

b  Material Added to This Work  Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼

**6**
a
b

See instructions
before completing
this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account
Name ▼                                      Account Number ▼

**7**
a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼
Larry W  McFarland   Keats  McFarland & Wilson  LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

b

Area code and daytime telephone number   ( 310 )  248 3830                    Fax number   ( 310 )  860 0363
Email   lmcfarland@kmwlaw com

**CERTIFICATION** I the undersigned  hereby certify that I am the

check only one ▶  ☐ author
☐ other copyright claimant
☐ owner of exclusive rights
☑ authorized agent of  MGA Entertainment  Inc
                         Name of author or other copyright claimant  or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date
Larry W  McFarland                                          Date  December 16  2003

Handwritten signature (X) ▼
X

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Larry W  McFarland   Keats  McFarland & Wilson  LLP
Number/Street/Apt ▼
9720 Wilshire Boulevard  Penthouse Suite
City/State/ZIP ▼
Beverly Hills  California  90212

**9**

*17 U S C  § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection
with the application  shall be fined not more than $2 500*

Re   June 2002—20 000  Web Re   June 2002  ⊕ P    ted on recycled p per          U S Government Printing Office 2000 461 113/20 021

M 0110181

Exhibit 26
Page 388

EX 505-0003

VA 1-218-487





**M 0110182**

Exhibit 26
Page 389          EX 505-0004



M 0110183

Exhibit 26
Page 390

EX 505-0005

# EXHIBIT 27



LIBRARY OF CONGRESS

*Copyright Office*
*of the United States*

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **SASHA DRAWING** registered under number **VA 1-218-488**.

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **SASHA DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-488**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By:   Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.



**M 0110184**

Exhibit 27
Page 391

EX 507-0001

**Additional Certificate (17 U.S.C. 706)**

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**VA 1-218-488**

EFFECTIVE DATE OF REGISTRATION

**DEC 22 2003**
Month     Day     Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**1**

Title of This Work ▼

SASHA Drawing

NATURE OF THIS WORK ▼ See instructions

color drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼     Number ▼     Issue Date ▼     On Pages ▼

---

**2**

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**a**

NAME OF AUTHOR ▼

Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR ┌ Citizen of   USA
   └ Domiciled in

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☐ 3 Dimensional sculpture
☑ 2 Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**b**

Name of Author ▼

Dates of Birth and Death
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR ┌ Citizen of
   └ Domiciled in

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3 Dimensional sculpture
☐ 2 Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

---

**3**

**a** Year in Which Creation of This Work Was Completed
1998
This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month February   Day 12   Year 2001
U.S.A.     Nation

---

**4**

See instructions before completing this space.

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

MGA Entertainment Inc  16730 Schoenborn Street
North Hills  CA  91343 6122

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003

FUNDS RECEIVED

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

Assignment

---

MORE ON BACK ▶   Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
See detailed instructions.   Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

---

M 0110185

Exhibit 27
Page 392

EX 507-0002

VA 1-218-488



LIBRARY OF CONGRESS
DEC 2 2 2003  TT
COPY
COPYRIGHT OFFICE

**M 0110186**

Exhibit 27
Page 393                    EX 507-0003



M 0110187

Exhibit 27
Page 394

EX 507-0004

# EXHIBIT 28



LIBRARY OF CONGRESS

*Copyright Office
of the United States*

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **YASMIN DRAWING** registered under number **VA 1-218-491**.

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **YASMIN DRAWING** deposited in the Copyright Office on December 22. 2003 registered under number **VA 1-218-491**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17. 2004.

Marybeth Peters
Register of Copyrights

By:   Tracie M. Coleman
      Head
      Certifications and Documents
      Section
      Information and Reference
      Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.



M 0110198

Exhibit 28
Page 395

EX 511-0001

**Additional Certificate (17 U.S.C. 706)**

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1–218–491

EFFECTIVE DATE OF REGISTRATION

**DEC 22 2003**

Month     Day     Year

---

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**1**

Title of This Work ▼
YASMIN Drawing

NATURE OF THIS WORK ▼ See Instructions
color drawing

Previous or Alternative Titles ▼

Publication as a Contribution  If this work was published as a contribution to a periodical  serial  or collection  give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼     Number ▼     Issue Date ▼     On Pages ▼

**2**

NAME OF AUTHOR ▼
a   Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

**NOTE**

Under the law  the author of a  work made for hire  is generally the employer  not the employee  (see instructions)  For any part of this work that was made for hire  check  Yes  in the space provided  give the employer  (or other person for whom the work was prepared)  as  Author  of that part  and leave the space for dates of birth and death blank

Was this contribution to the work a  work made for hire?
☐ Yes
☑ No

Author s Nationality or Domicile
Name of Country
OR { Citizen of   USA
     { Domiciled in

Was This Author s Contribution to the Work
Anonymous?     ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is  Yes  see detailed instructions

Nature of Authorship  Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture     ☐ Map          ☐ Technical drawing
☑ 2 Dimensional artwork       ☐ Photograph   ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

b   Name of Author ▼

Dates of Birth and Death
Year Born ▼     Year Died ▼

Was this contribution to the work a  work made for hire?
☐ Yes
☐ No

Author s Nationality or Domicile
Name of Country
OR { Citizen of
     { Domiciled in

Was This Author s Contribution to the Work
Anonymous?     ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is  Yes  see detailed instructions

Nature of Authorship  Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture     ☐ Map          ☐ Technical drawing
☐ 2 Dimensional artwork       ☐ Photograph   ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

**3**

a  Year in Which Creation of This Work Was Completed
1998
This information must be given in all cases
Year  in all cases

b  Date and Nation of First Publication of This Particular Work
Complete this information  Month  February  Day  12  Year  2001
ONLY if this work has been published
U.S.A.                    Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
MGA Entertainment Inc  16730 Schoenborn Street
North Hills  CA  91343 6122

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003
FUNDS RECEIVED

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2  give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
Assignment

---

MORE ON BACK ▶    Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions     Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

M 0110199

Exhibit 28
Page 396

EX 511-0002

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

---

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☐ No  If your answer is  Yes  why is another registration being sought? (Check appropriate box ) ▼
a  ☐ This is the first published edition of a work previously registered in unpublished form
b  ☐ This is the first application submitted by this author as copyright claimant
c  ☐ This is a changed version of the work  as shown by space 6 on this application
If your answer is  Yes   give  Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work  complete only 6b for a compilation
a  Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

b  Material Added to This Work  Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼

**6**

a
See instructions
before completing
this space

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account
Name ▼                                                      Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼

Larry W  McFarland  Keats  McFarland & Wilson LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California  90212

Area code and daytime telephone number  ( 310 )  248  3830          Fax number  ( 310 )  860  0363
Email   lmcfarland@kmwlaw com

b

**CERTIFICATION*** I the undersigned  hereby certify that I am the

check only one ▶    ☐ author
☐ other  copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment  Inc
                        Name of author or other copyright claimant  or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date
Larry W  McFarland                                                      Date  December 16  2003

Handwritten signature (X) ▼
X

**8**

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Larry W  McFarland   Keats  McFarland & Wilson LLP
Number/Street/Apt ▼
9720 Wilshire Boulevard  Penthouse Suite
City/State/ZIP ▼
Beverly Hills  California  90212

**9**

17 U S C  § 506(e)  Any person who knowingly makes a false representation of a material fact  in the application for copyright registration provided for by section 409  or in any written statement filed in connection
with the application  shall be fined not more than $2 500

Rev  June 2002—20 000   Web Rev  June 2002   ⊕ Printed on recycled paper                    U S  Government Printing Office  2000-481 113/20 021

M 0110200

Exhibit 28
Page 397

EX 511-0003

VA 1−218−491

MATTEL



LIBRARY OF CONGRESS
DEC 2 2 2003   TT
COPYRIGHT OFFICE

**M 0110201**

Exhibit 28
Page 398

EX 511-0004



8/1998

M 0110202

Exhibit 28
Page 399

EX 511-0005

# EXHIBIT 29



LIBRARY OF CONGRESS

*Copyright Office of the United States*

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **CLOE DRAWING** registered under number **VA 1-218-490**.

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **CLOE DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-490**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By:   Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.

M 0110193

Exhibit 29
Page 400

EX 509B-0001

**Additional Certificate (17 U.S.C. 706)**
# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-218-490

EFFECTIVE DATE OF REGISTRATION

**DEC 22 2003**

Month        Day        Year

---

DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET

**1**

Title of This Work ▼

CLOE Drawing

NATURE OF THIS WORK ▼ See instructions

color drawing

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical serial or collection give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼        Number ▼        Issue Date ▼        On Pages ▼

**2**

**a** NAME OF AUTHOR ▼

Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

**NOTE**

Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

Was this contribution to the work a work made for hire?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ___U S A___
    { Domiciled in ___

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes" see detailed instructions

Nature of Authorship Check appropriate box(es) See instructions
☐ 3 Dimensional sculpture
☑ 2 Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼        Year Died ▼

Was this contribution to the work a work made for hire?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ___
    { Domiciled in ___

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes" see detailed instructions

Nature of Authorship Check appropriate box(es) See instructions
☐ 3 Dimensional sculpture
☐ 2 Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**3**

**a** Year in Which Creation of This Work Was Completed
1998
This information must be given in all cases

**b** Date and Nation of First Publication of This Particular Work
Complete this information Month February  Day 12  Year 2001
ONLY if this work has been published
U.S.A.
Nation

**4**

See instructions before completing this space

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc  16730 Schoenborn Street
North Hills CA  91343 6122

APPLICATION RECEIVED
DEC 22 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003
FUNDS RECEIVED

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

MORE ON BACK ▶  Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions  Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

**M 0110194**

Exhibit 29
Page 401

EX 509B-0002

| EXAMINED BY | FORM VA |
|---|---|
| CHECKED BY | |
| ☐ CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a ☐ This is the first published edition of a work previously registered in unpublished form

b ☐ This is the first application submitted by this author as copyright claimant.

c ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation

a **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates ▼

b **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed ▼

**6**

a

b

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account

Name ▼          **Account Number** ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Larry W McFarland  Keats McFarland & Wilson LLP
9720 Wilshire Boulevard  Penthouse Suite
Beverly Hills  California 90212

b

Area code and daytime telephone number   ( 310 ) 248 3830          Fax number   ( 310 ) 860 0363

Email   lmcfarland@kmwlaw.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶ 
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of   MGA Entertainment Inc
          Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date

Larry W McFarland          Date   December 16 2003

Handwritten signature (X) ▼

X

| Certificate will be mailed in window envelope to this address | Name ▼ Larry W McFarland  Keats McFarland & Wilson LLP | |
|---|---|---|
| | Number/Street/Apt ▼ 9720 Wilshire Boulevard  Penthouse Suite | |
| | City/State/ZIP ▼ Beverly Hills  California 90212 | |

**9**

*17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.*

Rev  June 2002—30,000   Web Rev  June 2002   ⊕ Printed on recycled paper          U S Government Printing Office  2000-461 113/20 021

M 0110195

Exhibit 29
Page 402

EX 509B-0003

VA 1—218—490



LIBRARY OF CONGRESS
DEC 2 2 2003
COPY
COPYRIGHT OFFICE

**M 0110196**

**Exhibit 29
Page 403**

EX 509B-0004



M 0110197

Exhibit 29
Page 404

EX 509B-0005

# EXHIBIT 30



*LIBRARY OF CONGRESS*

*Copyright Office*
*of the United States*

WASHINGTON, D.C.

**THIS IS TO CERTIFY** that the attached additional certificate is a claim of copyright for the work entitled **BRATZ GROUP DRAWING** registered under number **VA 1-218-489**.

**THIS IS TO CERTIFY ALSO** that the attached photocopies are a true representation of the work entitled **BRATZ GROUP DRAWING** deposited in the Copyright Office on December 22, 2003 registered under number **VA 1-218-489**.

**IN WITNESS WHEREOF**, the seal of this Office is affixed hereto on May 17, 2004.

Marybeth Peters
Register of Copyrights

By:   Tracie M. Coleman
Head
Certifications and Documents
Section
Information and Reference
Division

Use of this material is governed by the U. S. copyright law 17 U.S.C. 101 et seq.

ⒶπEXHIBIT: 5/3
Deponent ARMSTRONG
Date 7/18/07 Rptr. ACC
WWW.DEPOBOOK.COM

M 0110188

Exhibit 30
Page 405

EX 513-0001

**Additional Certificate (17 U.S.C. 706)**
## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-218-489**

EFFECTIVE DATE OF REGISTRATION

**DEC 22 2003**
Month          Day          Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

**1**

Title of This Work ▼

BRATZ Group Drawing

NATURE OF THIS WORK ▼ See instructions

color drawing

Previous or Alternative Titles ▼

Publication as a Contribution  If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared  Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

---

**2**

**a**

NAME OF AUTHOR ▼

Carter Bryant

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of  U S A
      Domiciled in

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions

**NOTE**

Under the law the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Nature of Authorship  Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture        ☐ Map              ☐ Technical drawing
☑ 2 Dimensional artwork          ☐ Photograph       ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design   ☐ Architectural work

**b**

Name of Author ▼

Dates of Birth and Death
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of
      Domiciled in

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

Nature of Authorship  Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture        ☐ Map              ☐ Technical drawing
☐ 2 Dimensional artwork          ☐ Photograph       ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design   ☐ Architectural work

---

**3**

**a**

Year in Which Creation of This Work Was Completed
1998
This information must be given in all cases

**b**

Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month February    Day 12    Year 2001
Nation U.S.A.

---

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

MGA Entertainment Inc  16730 Schoenborn Street
North Hills CA  91343 6122

APPLICATION RECEIVED
DEC 22 2003

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 22 2003

FUNDS RECEIVED

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Assignment

---

**MORE ON BACK ▶**  Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions          Sign the form at line 8

DO NOT WRITE HERE
Page 1 of _____ pages

**M 0110189**

Exhibit 30
Page 406

EX 513-0002

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE<br>    Yes | | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work or for an earlier version of this work already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is Yes why is another registration being sought? (Check appropriate box.) ▼

a ☐ This is the first published edition of a work previously registered in unpublished form

b ☐ This is the first application submitted by this author as copyright claimant

c ☐ This is a changed version of the work as shown by space 6 on this application

If your answer is Yes  give Previous Registration Number ▼      Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work complete only 6b for a compilation

a **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates ▼

b **Material Added to This Work** Give a brief general statement of the material that has been added to this work and in which copyright is claimed ▼

**6**

a

See instructions
before completing
this space

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account

Name ▼                        Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼

Larry W  McFarland  Keats  McFarland & Wilson LLP
9720 Wilshire Boulevard Penthouse Suite
Beverly Hills  California  90212

b

Area code and daytime telephone number   ( 310 ) 248 3830          Fax number   ( 310 ) 860 0363

Email  lmcfarland@kmwlaw com

**CERTIFICATION**  I  the undersigned  hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  MGA Entertainment  Inc
    Name of author or other copyright claimant or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date

Larry W McFarland                                    Date  December 16 2003

Handwritten signature (X) ▼

X _____

| Certificate<br>will be<br>mailed in<br>window<br>envelope<br>to this<br>address | Name ▼<br>Larry W  McFarland  Keats  McFarland & Wilson LLP | |
|---|---|---|
| | Number/Street/Apt ▼<br>9720 Wilshire Boulevard Penthouse Suite | |
| | City/State/ZIP ▼<br>Beverly Hills  California  90212 | |

**9**

*17 U S C § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application  shall be fined not more than $2 500*

Rev  June 2002—20 000   Web Rev  June 2002   ⊕ Printed on recycled paper                    U S  Government Printing Office  2000 461 113/20 021

**M 0110190**

Exhibit 30
Page 407

EX 513-0003

VA 1 – 218 – 489



M 0110191

Exhibit 30
Page 408

EX 513-0004



8/1996

M 0110192

Exhibit 30
Page 409

EX 513-0005