# EXHIBIT 44

# State of California
## Secretary of State

### CERTIFICATE OF STATUS

**ENTITY NAME:** OMNI 808 INVESTORS LLC

**FILE NUMBER:** 200822610026
**FORMATION DATE:** 08/12/2008
**TYPE:** DOMESTIC LIMITED LIABILITY COMPANY
**JURISDICTION:** CALIFORNIA
**STATUS:** ACTIVE (GOOD STANDING)

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

The records of this office indicate the entity is authorized to exercise all of its powers, rights and privileges in the State of California.

No information is available from this office regarding the financial condition, business activities or practices of the entity.



IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this day of December 13, 2008.

*Debra Bowen*

**DEBRA BOWEN**
**Secretary of State**

EXHIBIT 2
PAGE 15

MMS
OSP 08 99731

NP-25 (REV 1/2007)
**Exhibit 44**
**Page 692**



# State of California
## Secretary of State

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of _____ page(s) was prepared by and in this office from the record on file, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California this day of

DEC 1 3 2008

DEBRA BOWEN
Secretary of State

EXHIBIT  2
PAGE  14

**2 0 0 8 2 2 6 1 0 0 2 6**

LLC-1    File # _____

## State of California
## Secretary of State

**FILED**
In the office of the Secretary of State
of the State of California

AUG 1 2 2008

## LIMITED LIABILITY COMPANY
## ARTICLES OF ORGANIZATION

A $70.00 filing fee must accompany this form.

**IMPORTANT – Read instructions before completing this form.**

This Space For Filing Use Only

**ENTITY NAME** (End the name with the words "Limited Liability Company," or the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

1.  NAME OF LIMITED LIABILITY COMPANY

OMNI 808 Investors LLC

**PURPOSE** (The following statement is required by statute and should not be altered.)

2.  THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

**INITIAL AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and both Items 3 and 4 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 3 must be completed (leave Item 4 blank).

3.  NAME OF INITIAL AGENT FOR SERVICE OF PROCESS

Corporation Service Company which will do business in California as CSC-Lawyers Incorporating Service

4.  IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA    CITY    STATE    ZIP CODE

CA

**MANAGEMENT** (Check only one)

5.  THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY:

☐ ONE MANAGER

☑ MORE THAN ONE MANAGER

☐ ALL LIMITED LIABILITY COMPANY MEMBER(S)

**ADDITIONAL INFORMATION**

6.  ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.

**EXECUTION**

7.  I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

August 12, 2008
DATE

_Tricia Chur_ (signature)
SIGNATURE OF ORGANIZER

Tricia A. Church
TYPE OR PRINT NAME OF ORGANIZER

LLC-1 (REV 04/2007)    APPROVED BY SECRETARY OF STATE

Exhibit 44
Page 694

EXHIBIT 2

# EXHIBIT 45

# Delaware

PAGE 1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL DOCUMENTS ON FILE OF "VISION CAPITAL, LLC" AS RECEIVED AND FILED IN THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

CERTIFICATE OF FORMATION, FILED THE NINETEENTH DAY OF AUGUST, A.D. 2008, AT 12:36 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID LIMITED LIABILITY COMPANY, "VISION CAPITAL, LLC".

4589295    8100H

081207227

You may verify this certificate online
at corp.delaware.gov/authver.shtml

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 7032931

DATE: 12-17-08

Exhibit 45
Page 695

EXHIBIT 3
PAGE 12

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 12:41 PM 08/19/2008*
*FILED 12:36 PM 08/19/2008*
*SRV 080883130 - 4589295 FILE*

## CERTIFICATE OF FORMATION

### OF

### VISION CAPITAL, LLC

This Certificate of Formation of **VISION CAPITAL, LLC** the ("Company"), is being executed by the undersigned for the purpose of forming a limited liability company pursuant to the Delaware Limited Liability Company Act.

1. The name of the Company is **VISION CAPITAL, LLC.**

2. The address of the registered office of the Company in Delaware is 800 Delaware Avenue, City of Wilmington, New Castle County, 19801. The Company's registered agent at that address is Delaware Corporations LLC.

**IN WITNESS WHEREOF**, the undersigned, an authorized person, has caused this Certificate of Formation to be duly executed as of the 19th day of August, 2008.

DELAWARE CORPORATIONS LLC,
Authorized Person

By: _____

Robin G. Brooks, Vice President

Exhibit 45
Page 696

EXHIBIT 3
PAGE 19

# EXHIBIT 46

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
FRED MASHIAN
3102747601

B. SEND ACKNOWLEDGMENT TO: (Name and Address)
FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 630
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 18230930002
FILING NUMBER: 06-7170410109
FILING DATE: 09/29/2006 14:33
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1525 SOUTH BROADWAY | LOS ANGELES | CA | 90015 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | LLC | DE | 4589295 ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY | | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 33-35 DAWS LANE | LONDON | | NW7 4SD | GBR |

4. This FINANCING STATEMENT covers the following collateral:
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200822610026.

5. ALT DESIGNATION: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable]

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY

Exhibit 46
Page 697

EXHIBIT 4
PAGE 99

# EXHIBIT 47

M&L | Nevis LLC

Page 1 of 3



 

Home | About Us | Fee Schedule
| Order | Contact Us



17 December, 2008

- En Español
- Home
- About Us
- Why Offshore?
- Contact Us
- Fee Schedule
- Order Online
- Why Panama?
- Panama as a Tax Haven
- Panama Foundation
- Panama Corporation
- Corporation / Foundation Combined
- Panama Charitable Foundation
- Panama Real Estate
- Real Estate Title / Escrow Services
- Offshore Banking
- Why Belize?
- Belize IBC
- Costa Rica Corporation
- Why Nevis?
- Nevis IBC
- Nevis LLC
- Why Seychelles?
- Seychelles IBC
- Offshore Trust
- Management Services
- International Fiduciary Structure
- Account Signatory Services
- Offshore Debit Card
- E-Commerce Solutions
- Offshore Web Hosting
- Internet Banking Software
- Offshore Bank Formations
- Swedish Credit Union
- NZ Offshore Finance Co.
- Uruguay SAFI
- Panama Financial Company
- Captive Insurance
- Offshore FAQ's
- Mail Forwarding
- Virtual Office Services
- Re-Invoicing Services
- Relocation Services
- Panama Immigration / Panama Passport
- Ship / Yacht Registration Services
- Investments
- Reseller Program
- Panama Links

## OFFSHORE-BASED LIMITED LIABILITY COMPANY (LLC)



**DEFINITION:** If your primary goal is not legal tax efficiency but simply access to a low cost way of sheltering assets and providing privacy, a standalone Nevis Limited Liability Company may be ideal. A Limited Liability Company (or LLC) is a form of company or corporation that enjoys some distinctions from "normal" companies. At the most simple level, think of an LLC as a sleek cross between a company and a partnership, with all of the benefits of both.

The general advantages of LLCs are enhanced by the jurisdictional advantage of Nevis, the first offshore financial centre anywhere to enact a Limited Liability Ordinance.

**EXCELLENT PRIVACY:**

- Since the beneficial owners and/or managers are not registered anywhere an LLC provides complete anonymity.
- Nevis has strict privacy oriented laws that forbid any registering, recording, or disclosure of directors and shareholders of exempt companies incorporated there. This means that no annual or other reports by members need to be filed in the public records of Nevis; therefore, there is complete anonymity and their identities are not accessible by any outside party.
- The company's records may be located anywhere in the world

**EXCELLENT ASSET PROTECTION FEATURES:**

- A Nevis LLC enables you to protect your assets and funds from government agencies, creditors, and lawsuits.
- As an owner, you are not exposed to personal liability.
- As an owner, you can participate in management without becoming personally liable for the company's debts.
- A Nevis LLC is particularly advantageous for asset protection purposes since there are no shares that can be attached by a court of law.
- Members are not liable for obligations of the company.

**OTHER LLC BENEFITS:** LLCs provide these additional advantages:

- LLCs provide a mechanism by which managers can limit the authority of non-managing members.
- LLCs have no limitation on the number of members.
- There are no limitations on ownership of an LLC.
- No corporate tax, income tax, withholding tax, stamp tax, asset tax, exchange controls or other fees or taxes are levied in Nevis on assets or income originating outside of Nevis.
- Members of Nevis LLCs may be individuals or business entities of any nationality or domicile.
- Nevis LLCs may amend their Articles of Organisation, merge, or consolidate with other domestic or



Member of The
NETCHECK
Commerce Bureau
Member Since 10/03
CLICK TO VERIFY

Exhibit 47
Page 698



EXHIBIT 6
PAGE 22

M&L | Nevis LLC



PAN/AMCHAM
**Proud Member**

foreign LLCs or other business entities.

- Members of Nevis LLCs may assign their interests to other parties unless restricted otherwise.
- Nevis permits sole member LLCs.
- Management of LLCs may be accomplished by the members or by managers designated by the members.
- Nevis LLCs face no stock limitations and can issue preferred interests analogous to preferred stock of corporations.
- A Nevis LLC is an excellent vehicle if used by a group of investors for a joint venture investment. In this respect it functions as if it were a Limited Partnership, but with all the added features and advantages mentioned above of an LLC that Limited Partnerships for the most part do not have.
- A Nevis LLC can be set up within 24 hours and has low initial cost and low annual fees.

**Deeper Understanding on the efficacy of LLC's**

**LLC vs. a "Normal" Corporation:**

The primary distinction between an LLC and a "normal" company such as a "C" corporation (USA) or a PLC (United Kingdom), is that the LLC is a tax-neutral vehicle because it is taxed as a partnership, rather than as a corporation. Thus, using an LLC eliminates tax at the corporate level. In this regard, it is somewhat like a U.S. "S" corporation or a German GmbH but,without all the restrictions and disadvantages. So if the LLC itself has no tax payment obligation - then who does? The obligation for any taxes that would otherwise be owed by the LLC bypasses the LLC itself and attaches directly to the members of the LLC. Members are to LLCs what shareholders are to normal companies. Other companies, as well as individuals and trusts, can be members of an LLC. There are no limits on the number of members or the classes of members that an LLC may have. The important thing to remember is that each member is responsible for his, her or its own pro-rata part of any overall tax obligation of the LLC and that the LLC itself has no tax obligations.

**LLC as Trust Alternative:**

Because of the flexibility available in LLC management structuring and because of the favorable way in which the laws of Nevis are drafted, LLCs can also be used as alternatives to a trust. The manager of the LLC is akin to the trustee of a trust and the members are akin to the beneficiaries of a trust. Sovereign Management & Legal can act as a manager of an LLC on behalf of a client who desires to take advantage of our corporate management services. Substituting an LLC for a trust can change the reporting requirements of taxpayers in onshore jurisdictions. Many providers have abandoned the trust as an offshore planning vehicle because trusts have become a target on onshore legislation and unfavourable court decisions (especially in the U.S.). Hence many are instead recommending either an LLC or a Foundation depending on what the client requirements are. The income or capital gain of an LLC is not reportable as trust income or gain or as corporate income or gain but is treated as personal income or gain.

**Multi-National Joint Ventures:**

LLCs are excellent vehicles for structuring joint venture arrangements between project participants from different countries. This is so because the venture can enjoy all of the benefits of incorporation, but each member is liable for his own taxation in his own country. Moreover, the membership flexibility allows different joint ventures to have different levels of ownership and reward based upon the value that each constituent member brings to the project. The only drawback is that prior to forming LLCs for multi-national joint ventures, the parties must check to see that this hybrid entity is granted the requisite corporate and pass through (partnership) status in the jurisdictions in which the joint ventures are located. Advice from a local onshore lawyer should be sought.

**Tax Free:**

All LLCs are free from all forms of Nevisian taxation. There are no Nevisian taxes on dividends, income, capital distribution, or wages whatsoever. Moreover, unlike many onshore jurisdictions, Nevis does not tax an LLC for accumulated (but undistributed) earnings

Exhibit 47
Page 699



EXHIBIT 6
PAGE 23

**Privacy:**

All of the affairs of the LLC are private and cannot be disclosed except under truly exceptional circumstances such as links to international terrorism. The only document that needs to be filed with the government is the annual corporate license and this contains minimal information. There is no annual report or annual financial return that needs to be made to the government. There is no public inspection of your LLCs' records. Confidentiality is further enhanced if the LLC appoints our company as manager and we perform the minimal corporate duties required under Nevisian law.

**Enhanced Confidentiality:**

Nevisian LLC laws contain many requirements related to confidentiality including strict financial secrecy laws. Strict legal requirements, known as fiduciary duties, would also govern Sovereign Manager Services behavior as a manager of an LLC. These fiduciary duties are imposed on managers by both the equivalent of the LLCs bylaws and by the proper law of the LLC (usually the law of the country where the manager is located, i.e. Panama). Many of these fiduciary requirements relate to secrecy and accounting obligations by which the manager must abide. Nevisian LLC and Panamanian law prevent our company from discussing your LLC business with anyone you have not instructed us to talk to.

Other governments' agencies such as the Internal Revenue Service in the United States, Revenue Canada, or the Inland Revenue in the United Kingdom cannot force us to discuss your business with them unless they obtain a court order against you or us or both ordering us to make disclosure. But a court order from their respective jurisdiction is useless in Nevis or Panama. In accordance with strong Nevisian law, a judgement from outside of Nevis will not be recognised by Nevisian courts. This means an onshore judgement creditor who won a lawsuit against you or your LLC in, for example, the U.S. or Germany cannot take that U.S. or German judgement and require a Nevisian court to enforce it.

In addition to not recognizing the judgements of other countries, Nevisian law and Nevisian courts do not favor the granting of court orders against LLCs except under truly exceptional circumstances. Nevisian law favors upholding the independance and application of its own law over the enforcement of foreign, onshore laws.

To view pricing, the components of our special offshore packages and to order click here.

Top

Home | About Us | Why Offshore? | Contact Us | Fee Schedule | Order Online | Why Panama?
Panama as a Tax Haven | Panama Foundation | Panama Corporation | Panama Charitable Foundation
Panama Real Estate | Why Belize? | Belize IBC | Belize LLP | Belize PCC | Costa Rica Corporation
Why Nevis? | Nevis LLC | Nevis IBC | Why Seychelles? | Seychelles IBC | Offshore Trust | IBC/Foundation Combined
Offshore Banking | Management Services | Account Signatory Services | Re-Invoicing Services
E-Commerce Solutions | Offshore Debit Card | Offshore Web Hosting | Offshore Bank Formations | Swedish Credit Union
NZ Offshore Finance Company | Uruguay SAFI | Panama Financial Company | Internet Banking Software
Captive Insurance | Offshore FAQ's | Mail Forwarding | Virtual Office Services
Ship / Yacht Registration Services | Relocation Services in Panama | Panama Passport Programs
Investments | Reseller Program | Panama Links | Sitemap

For optimal viewing and navigation, please enable javascript.

EXHIBIT **V**
PAGE **24**

**Exhibit 47
Page 700**

# EXHIBIT 48



HOME
OUR SERVICES
WHO CAN BENEFIT
WHY USE US?
OUR PRICES
OBTAIN A QUOTE
ORDER ONLINE
CASE STUDIES
ARTICLES
NEWS
TESTIMONIALS
POST & FAX SERVICE
F.A.Q
HEAR OUR
OPERATORS
PARTNERS

Subscribe to our
Newsletter

Become an
Affiliate

Write articles for
Officefront

Become a
Referral Agent

Home

## A TOTAL VIRTUAL OFFICE OR TELEPHONE ANSWERING SERVICE

### IDEAL FOR SOLE TRADERS/PROFESSIONALS, MEDIUM/LARGE COMPANIES FO COMPANIES WISHING A UK PRESENCE

### IMAGE - TIME - EFFICIENCY ...we do more for you than just answer phones

NO GIMMICKS - NO HIDDEN CHARGES - NO SETUP FEE - NO REGISTRATION TO GET A QUO'

JUST AN EASY TO UNDERSTAND AND FULLY TRANSPARENT SERVICE THAT DELIVERS EVE

TELEPHONE LINES - LOW COST INTERNATIONAL CALLS - INTERNATIONAL TELEPHONE NUMBERS - FAX TO EMAIL
SMALL/MEDIUM SIZE BUSINESS?

- Superb IMAGE for your company
- We ANSWER your inbound calls
- Your clients talk to a REAL receptionist!
- Friendly, PROFESSIONAL manner
- LOW, clear pricing
- Bespoke FLEXIBLE service

LARGER BUSINESS?

- Up to 70% direct cost savings over direct employment
- Redirect your staff to revenue generation
- Comprehensive switchboard facilities
- Friendly, Professional manner
- No need for Holiday/Sick Cover/Cost
- No HR Cost

**Excellent Value**
Services from as little as £10 per month + CALLS
You can be operational TODAY or order for later activation
Present a professional image to your clients

### Call NOW for a NO OBLIGATION quote
### FREEFONE ..08000 19 15 39

OUR CREDIT-CRUN
BUSTER
SPECIAL OFFERS & DISC'
TO HELP WITH CURR
ECONOMIC SITUATI(
LET'S WORK TOGETHER '
THROUGH IT



Thanks for
calling

How May I
Help You ?



Carter Backer Winter


JORDANS

Exhibit 48
Page 701

EXHIBIT 7
PAGE 96

Office Front - Virtual Office, Call Handling, Call Answering, Virtual Receptionist & Mai...   Page 2 of 2

---

**OfficeFront Ltd | 33-35 Daws Lane | London NW7 4SD**
**Tel +44 20 8906 6666 | Fax +44 20 8906 6611 | Email sales@officefront.co.uk**
**Copyright © 2008 Officefront Limited. Registered in England & Wales Company number 04752787.**

Sitemap

EXHIBIT 7
PAGE 24

Exhibit 48
Page 702

# EXHIBIT 49



# NEVIS ISLAND ADMINISTRATION

*Ministry of Finance, Statistics & Economic Planning*
*REGULATION AND SUPERVISION DEPARTMENT*

December, 12th 2008

Austin Lescott
Clay Ghaut
St. John's Parish
Nevis

Dear Sir

## RE: INFORMATION REQUESTED ON 12th December, 2008

In connection with the above, we advise as follows:

| | |
|---|---|
| **Exact Company Name:** | LEXINGTON FINANCIAL LIMITED |
| **Date of Incorporation:** | 03rd March, 2006 |
| **Company Number:** | C 29848 |
| **Registered Agent & Address:** | Trust Services Nevis Limited<br>Springates Building<br>Government Road, Charlestown, Nevis<br>Telephone Number: 1 (869) 469-7270/1<br>Fax Number: 1 (869) 469-7272 |
| **Shares:** | **100,000 shares with par value USD$1.00** |
| **Status (standing, etc.):** | The Company is in Good Standing |

**Public Record Documents (Art. Of Inc./Org., Amendments, etc):** *FILED*

There are no charges, liens, mortgages or encumbrances filed for or on behalf of the company and/or its shareholders. Also note that information on directors, shareholders, officers, beneficial owners, annual returns and financial statements are not required to be filed by law. Consequently, such information is not available.

Should you require any further information, please do not hesitate to contact us.

Yours sincerely,

Clevelan Williams (Mr.)
REGISTRAR

NEVIS FINANCIAL
SERVICES DEPARTMENT

P. O. Box 689, Main Street, Charlestown, Nevis, West Indies
Tel: 1(869) 469-1469 ♦ 1(869) 469-5521 Ext. 2150 ♦ Fax: 1(869) 469-7739
Website: www.nevisfinance.com ♦ Email: nevfin@sisterisles.kn

Exhibit 49
Page 703

EXHIBIT 5

# EXHIBIT 50

California Business Search                                        Page 1 of 1

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of Dec 26, 2008 and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

| LP/LLC | | |
|---|---|---|
| IGWT GROUP, LLC | | |
| **Number:** 200817910004 | **Date Filed:** 6/26/2008 | **Status:** active |
| **Jurisdiction:** CALIFORNIA | | |
| **Address** | | |
| 237 NORTH CAROLWOOD DRIVE | | |
| LOS ANGELES, CA 90077 | | |
| **Agent for Service of Process** | | |
| NATIONAL CORPORATE RESEARCH, LTD. (C2003899) | | |

Blank fields indicate the information is not contained in the computer file.

If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report. Fees and instructions for ordering a status report are included on the Business Entities Records Order Form.

EXHIBIT **11**
PAGE **40**

Exhibit 50
Page 704

# EXHIBIT 51 REMOVED

# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 52

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12 | CARTER BRYANT, an individual,        | CASE NO. CV 04-09049 SGL (RNBx)

13 |              Plaintiff,              | Consolidated with Case Nos. CV 04-9059 and CV 05-2727

14 |       v.                            | [CORRECTED] NOTICE OF SUBPOENA ISSUED TO IGWT

15 | MATTEL, INC., a Delaware            | GROUP, LLC
   | Corporation,
16
   |              Defendant,
17
18 | AND CONSOLIDATED CASES

19

20

21

22

23

24

25

26

27

28

Exhibit 52
Page 707

NOTICE OF SUBPOENA

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of</u>

3    <u>Civil Procedure</u>, Mattel, Inc., has issued a subpoena attached as Exhibit 1 requesting

4    the production of specified documents to the following witness:

5    IGWT Group, LLC, c/o:  National Corporate Research, Ltd., 523 West 6th

6    Street, Suite 544, Los Angeles, CA 90014.

7

8    DATED: January 12, 2009          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
9

10                                   By /s/ Jon D. Corey
11                                      Jon D. Corey
                                        Attorneys for Mattel, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 52
Page 708                                        -2-
                                                         NOTICE OF SUBPOENA

Exhibit 52
Page 709

Exhibit 1

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL     CALIFORNIA

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation,

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: IGWT Group, LLC, C/O: National Corporate Research, Ltd.
523 West 6th Street, Suite 544
Los Angeles, CA 90014

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 26, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey /su Attorney for Plaintiff, Mattel, Inc. | January 12, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

Exhibit 52
Page 710

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Exhibit 52**
**Page 711**

## ATTACHMENT A

1.      All documents referring or relating to agreements, contracts, transactions, sales, shipments or the direct or indirect transfer of any item of value between MGA Entertainment, Inc., its affiliates, Isaac Larian or his family members and IGWT Group, LLC, including without limitation the agreement dated July 7, 2008.

2.      All documents referring or relating to the revenue generated by IGWT Group, LLC's sales, licensing, distribution or other transfer of Bratz products and the transfer or disposition of such revenue.

3.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC and (b) the dates of such person's affiliation with IGWT Group, LLC.

4.      All documents referring or relating to all contributions, loans and any sources of funding for IGWT Group, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

5.      All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by IGWT Group, LLC to Isaac Larian, his family members, or affiliates, or any other related party.

6.      Any and all records that substantiate transfers of assets by IGWT Group, LLC to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

7.      All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian and/or Bratz.

1

Exhibit 52
Page 712

# EXHIBIT 53

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12   | CARTER BRYANT, an individual,        | CASE NO. CV 04-09049 SGL (RNBx)

13   |                 Plaintiff,            | Consolidated with Case Nos. CV 04-9059 and CV 05-2727

14   |          v.                           | [CORRECTED] NOTICE OF SUBPOENA ISSUED TO IGWT 826 INVESTMENTS, LLC

15   | MATTEL, INC., a Delaware Corporation,

16   |                 Defendant,

17

18   | AND CONSOLIDATED CASES

19

20

21

22

23

24

25

26

27

28

Exhibit 53
Page 713

NOTICE OF SUBPOENA

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of</u>

3 <u>Civil Procedure</u>, Mattel, Inc., has issued a subpoena attached as Exhibit 1 requesting

4 the production of specified documents to the following witness:

5    IGWT 826 Investments, LLC, c/o:  National Corporate Research, Ltd., 523

6 West 6th Street, Suite 544, Los Angeles, CA 90014.

7

8 DATED: January 12, 2009    QUINN EMANUEL URQUHART OLIVER &
    HEDGES, LLP

9

10    By /s/ Jon D. Corey
11    Jon D. Corey
    Attorneys for Mattel, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 53
Page 714

-2-

NOTICE OF SUBPOENA

Exhibit 53
Page 715

Exhibit 1

AO88 (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL      CALIFORNIA

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number: ¹ CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: IGWT 826 Investments, LLC, C/O: National Corporate Research, Ltd.
    523 West 6th Street, Suite 544
    Los Angeles, CA 90014

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 | January 26, 2009<br>9:00 a.m. |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey /s/<br>Attorney for Plaintiff, Mattel, Inc. | January 12, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

¹ I f action is pending in district other than district of issuance, state district under case number.

AO-88

Exhibit 53
Page 716

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

SERVED ON (PRINT NAME)                         MANNER OF SERVICE

SERVED BY (PRINT NAME)                          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                            DATE                                   SIGNATURE OF SERVER

                                                               _____
                                                               ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit 53
Page 717

## ATTACHMENT A

1.      All documents referring or relating to agreements, contracts, transactions, sales, shipments or the direct or indirect transfer of any item of value between MGA Entertainment, Inc., its affiliates, Isaac Larian or his family members and IGWT 826 Investments, LLC.

2.      All documents referring or relating to the revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of Bratz products and the transfer or disposition of such revenue.

3.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC and (b) the dates of such person's affiliation with IGWT 826 Investments, LLC.

4.      All documents referring or relating to all contributions, loans and any sources of funding for IGWT 826 Investments, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

5.      All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by IGWT 826 Investments, LLC to Isaac Larian, his family members, or affiliates, or any other related party.

6.      Any and all records that substantiate transfers of assets by IGWT 826 Investments, LLC to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

7.      All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian and/or Bratz.

l

Exhibit 53
Page 718

# EXHIBIT 54

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 90378)
2 | (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
5 | 865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | EASTERN DIVISION

11 |

12 | CARTER BRYANT, an individual,      CASE NO. CV 04-09049 SGL (RNBx)

13 |              Plaintiff,            Consolidated with Case Nos. CV 04-9059 and CV 05-2727

14 |       v.                          [CORRECTED] NOTICE OF SUBPOENA ISSUED TO VISION CAPITAL, LLC

15 | MATTEL, INC., a Delaware
    Corporation,

16 |

17 |              Defendant,

18 | AND CONSOLIDATED CASES

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1-15-09

Exhibit 54
Page 719

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of Civil Procedure</u>, Mattel, Inc., has issued a subpoena attached as Exhibit 1 requesting the production of specified documents to the following witness:

Vision Capital, LLC, 800 Delaware Avenue, Wilmington, DE 19801.

DATED: January 15, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Jon D. Corey
   Jon D. Corey
   Attorneys for Mattel, Inc.

Exhibit 54
Page 720

-2-

NOTICE OF SUBPOENA

**Exhibit 1**

Exhibit 54
Page 721

AO88 (Rev. 12/07) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation,

## SUBPOENA IN A CIVIL CASE

Case Number:[1]   C.D.Cal. CV 04-9049 SGL(RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Vision Capital, LLC
    800 Delaware Avenue
    Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| National Legal Process Servers, Inc. Attn: Kim Ryan 2008 Pennsylvania Ave., Ste. 207 Wilmington, DE 19806 | January 27, 2009 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey /SH Attorney for Plaintiff, Mattel, Inc. | January 13, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

Exhibit 54
Page 722

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/13/2009 | Time: 2:22 PM at Delaware Corporations, LLC, 800 Delaware Avenue, 10th Floor, Wilmington, DE 19801 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Vision Capital, LLC | Accepted by Susan Yeatman, Managing Agent |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel Newcomb | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___1/14/2009___
DATE

SIGNATURE OF SERVER

2000 Pennsylvania Ave. # 207

ADDRESS OF SERVER

Wilmington, DE 19806

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees -- on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises -- or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person -- except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Exhibit 54**
**Page 723**

## ATTACHMENT A

1.     All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

2.     All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, and Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

3.     All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

4.     All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, since January 1, 2007.

5.     Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Vision Capital, LLC and (b) the dates of such person's affiliation with Vision Capital, LLC.

6.     All documents referring or relating to the formation and governance of Vision Capital, LLC.

7.     All documents detailing or setting forth the relationship between Vision Capital, LLC and OmniNet Capital, LLC, if any.

8.     All documents detailing or setting forth the relationship between Vision Capital, LLC and Omni 808 Investors, LLC, if any.

9.     All documents detailing or setting forth the relationship between Vision Capital, LLC and Lexington Financial, LLC, if any.

10.     All documents detailing or setting forth the relationship between Vision Capital, LLC and MGA Entertainment, Inc., if any.

1

Exhibit 54
Page 724

11.   All documents detailing or setting forth the relationship between Vision Capital, LLC and Isaac Larian or his family members, if any.

12.   All documents referring or relating to the source of funding or credit for Lexington Financial, LLC.

13.   All documents referring or relating to the source of funding or credit for Omni 808 Investors, LLC.

14.   All documents referring or relating to the source of funding or credit for MGA Entertainment, Inc. or any of its subsidiaries or affiliates.

15.   All documents referring or relating to all contributions, loans and any sources of funding for Vision Capital, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

16.   All documents showing detail of all loan facilities with an indication of creditor and relevant terms referring or relating to MGA Entertainment, Inc., OmniNet Capital, LLC, Omni 808 Investors, LLC, Lexington Financial, LLC or any subsidiary or affiliate of the foregoing, or to Isaac Larian or his family members.

17.   All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Vision Capital, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

18.   Any and all records that substantiate transfers of assets by Vision Capital, LLC to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

19.   All communications referring or relating to Omni 808 Investors, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

20.   All documents referring or relating to the U.C.C. financing statement attached as Exhibit 1 and/or the security interest(s) allegedly reflected therein.

2

Exhibit 54
Page 725

# EXHIBIT 1

Exhibit 54
Page 726

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
FRED MASHIAN
3102747801

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 630
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 18230630002
FILING NUMBER: 08-7170410100
FILING DATE: 08/28/2006 14:33
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING

THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1525 SOUTH BROADWAY | LOS ANGELES | CA | 90015 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | LLC | DE | 4589295  ☐NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | |  ☐NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY | | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 33-35 DAWS LANE | LONDON | | NW7 4SD | UK |

**4. This FINANCING STATEMENT covers the following collateral:**
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200822610026.

**5. ALT DESIGNATION:** ☐LESSEE/LESSOR ☐CONSIGNEE/CONSIGNOR ☐BAILEE/BAILOR ☐SELLER/BUYER ☐AG. LIEN ☐NON-UCC FILING

☐**6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS** Attach Addendum [if applicable]

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)** [ADDITIONAL FEE]   [optional] ☐All Debtors ☐Debtor 1 ☐Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY

Exhibit 54
Page 727

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     (johnquinn@quinnemanuel.com)
3    Michael T. Zeller (Bar No. 196417)
     (michaelzeller@quinnemanuel.com)
4    Jon D. Corey (Bar No. 185066)
     (joncorey@quinnemanuel.com)
5    Timothy L. Alger (Bar No. 160303)
     (timalger@quinnemanuel.com)
6  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
7  Telephone: (213) 443-3000
   Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff and Cross-
   Defendant Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14 | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
|         Plaintiff, | |
| 15 | PROOF OF SERVICE |
|         vs. | |
| 16 | |
| 17  MATTEL, INC., a Delaware corporation, | Date:    TBA |
| | Time:    TBA |
| | Place:   TBA |
| 18        Defendant. | |
| 19 | |
| 20  AND CONSOLIDATED ACTIONS | |
| 21 | |

22

23

24

25

26

27

Exhibit 54
Page 728

07209/2736943.1

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On January 15, 2009, I served true copies of the following document(s) described as:

## [Corrected] Notice of Subpoena Issued to Vision Capital, LLC

on interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**[ X ]  BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

**[ ]     BY FACSIMILE:** On January 15, 2009, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (213) 443-3100. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 15, 2009, at Los Angeles, California.

Lupe Espinoza
Lupe Espinoza

Exhibit 54
Page 729

1

## SERVICE LIST

2

3  Mark E. Overland, Esq.
   Alexander H. Cote, Esq.
4  Overland Borenstein Scheper & Kim LLP
   601 W. 5th St., 12th Floor
5  Los Angeles, CA 90017
6  *Attorneys for Carlos Gustavo Machado Gomez*

7  Peter Bonis, Esq.
8  Peter H. Bonis Law Offices
   1990 N. California Blvd., 8th Floor
9  Walnut Creek, CA 94596
10 *Attorney for Carter Bryant*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

quinn emanuel

Exhibit 54
Page 730

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff and Cross-
   Defendant Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12                  EASTERN DIVISION

13 | CARTER BRYANT, an          | CASE NO. CV 04-9049 SGL (RNBx)
   | individual,                |
14 |                            | Consolidated with Case Nos. CV 04-09059
   |              Plaintiff,     | and CV 05-02727
15 |                            |
   |        vs.                 | **PROOF OF SERVICE**
16 |                            |
   | MATTEL, INC., a Delaware    | Date:   TBA
17 | corporation,               | Time:   TBA
   |                            | Place:  TBA
18 |            Defendant.       |

19
   AND CONSOLIDATED
20 ACTIONS

21

22

23

24

25

26

27

28

Exhibit 54
Page 731

PROOF OF SERVICE

## PROOF OF SERVICE

1

2      I am employed in the County of Los Angeles, State of California.  I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 865 South Figueroa St., 10th Floor, Los Angeles, CA 90017.

5      On January 15, 2009, I served true copies of the following documents

6 described as:

7      **[Corrected] Notice of Subpoena Issued to Vision Capital, LLC**

8

9 on the parties in this action as follows:

10

11            SEE ATTACHED SERVICE LIST

12   [√ ]    **[PERSONAL]** by personally delivering the documents listed below to

13          the person(s) at the address(es) set forth above.

14      I declare that I am employed in the office of a member of the bar of this court

15 at whose direction the service was made.

16      Executed on January 15, 2009,  at Los Angeles, California.

17

18                        _____
                        David Quintana

19

20

21

22

23

24

25

26

27

28

Exhibit 54
Page 732

PROOF OF SERVICE

# SERVICE LIST

Thomas J. Nolan, Esq.
Jason Russell, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Ave., Ste. 3400
Los Angeles, CA 90071
***Attorneys for the MGA Parties***

Patricia L. Glaser, Esq.
Glaser Weil Fink Jacobs & Shapiro LLP
10250 Constellation Blvd., 19th floor
Los Angeles, CA 90067
***Attorneys for the MGA Parties***

Russell J. Frackman, Esq.
Mitchell Silberberg & Knupp LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90064
***Attorneys for the MGA Parties***

Exhibit 54
Page 733

# EXHIBIT 55

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 13  Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14  v. | NOTICE OF SUBPOENA ISSUED TO OMNINET CAPITAL, LLC |
| 15  MATTEL, INC., a Delaware Corporation, | |
| 16  | |
| 17  Defendant, | |
| 18  AND CONSOLIDATED CASES | |

19

20

21

22

23

24

25

26

27

28

   **Exhibit 55**
   **Page 734**

7975/2755939.1

NOTICE OF SUBPOENA

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of</u>

3    <u>Civil Procedure</u>, Mattel, Inc., has issued a subpoena attached as Exhibits 1

4    requesting the production of specified documents to the following witness:

5    OmniNet Capital, LLC, 9420 Wilshire Blvd. Suite 400, Beverly Hills, CA

6    90212.

7

8    DATED: January 9, 2009          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
9

10                                   By /s/ Jon D. Corey
11                                      Jon D. Corey
                                        Attorneys for Mattel, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 55**
**Page 735**

-2-

NOTICE OF SUBPOENA

Exhibit 55
Page 736

**Exhibit 1**

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL _____              CALIFORNIA _____

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation,

**SUBPOENA IN A CIVIL CASE**

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: OmniNet Capital, LLC
     9420 Wilshire Blvd. Suite 400
     Beverly Hills, CA 90212

[  ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[  ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 23, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 |  |

[  ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff, Mattel, Inc. | January 9, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] I f action is pending in district other than district of issuance, state district under case number.

**Exhibit 55**
**Page 737**

AO-88

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Exhibit 55**
**Page 738**

## ATTACHMENT A

1.      All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

2.      All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

3.      All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, since January 1, 2007.

4.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of OmniNet Capital, LLC since January 1, 2005 and (b) the dates of such person's affiliation with OmniNet Capital, LLC.

5.      All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and OmniNet Capital, LLC, if any.

6.      All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Vision Capital, LLC, if any.

7.      All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Lexington Financial, LLC, if any.

8.      All documents detailing or setting forth the relationship between OmniNet Capital, LLC and MGA Entertainment, Inc., if any.

9.      All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Isaac Larian or his family members, if any.

10.     All documents referring or relating to the source of funding for Lexington Financial, LLC.

11.     All documents referring or relating to the source of funding for Omni 808 Investors, LLC.

12.     All documents referring or relating to the source of funding for Vision Capital, LLC.

1

Exhibit 55
Page 739

13.     All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by OmniNet Capital, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

14.     All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

15.     All documents relating to the U.C.C. financing statements and amendments attached as Exhibit 1.

2

Exhibit 55
Page 740

# EXHIBIT 1

Exhibit 55
Page 741

**06-7090318014**

**10/30/2006  16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

10214830002   UCC 1 FILING

## UCC FINANCING STATEMENT
FOLLOW  INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

┌─
CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833
└─

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 | □NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | □NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in now owned or hereafter acquired accounts, inventory, related assets and proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | □LESSEE/LESSOR | □CONSIGNEE/CONSIGNOR | □BAILEE/BAILOR | □SELLER/BUYER | □AG. LIEN | □NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. □ THIS FINANCING STATEMENT IS to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | □All Debtors | □Debtor 1 | □Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State

MN(07(08945-3)

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Gardner 19513/315438

Exhibit 55
Page 742

10214830002

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest to and under all of the following property, whether now owned or hereafter acquired by Debtor or in which Debtor now has or at any time in the future may acquire any right, title or interest, and whether now existing or hereafter arising:

      (i)    all Accounts;

      (ii)    all Inventory;

      (iii)    all Documents relating to Inventory;

      (iv)    all books and records pertaining to any property described in this definition;

      (v)    all Supporting Obligations pertaining to any property described in this definition; and

      (vi)    to the extent not otherwise included, all Proceeds.

Terms used herein without definition that are defined in the UCC have the respective meanings given them in the UCC and if defined in more than one article of the UCC, such terms shall have the meaning defined in Article 9 of the UCC.

As used herein:

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (i) rights, benefits, distributions, premiums, profits, dividends, interest, cash, Instruments, Documents, Accounts, contract rights, Inventory, Equipment, General Intangibles, Payment Intangibles, Deposit Accounts, Chattel Paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof; (ii) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (iii) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (iv) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

"UCC" means the Uniform Commercial Code as from time to time in effect in the State of New York; provided, however, to the extent that, by reason of mandatory provisions of law, any of the attachment, perfection, or priority of, or remedies with respect to, the Secured Party's security interest in any Collateral is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the State of New York, the term "UCC" shall mean the Uniform Commercial Code as in effect in such other jurisdiction solely for purposes of the provisions hereof relating to such attachment, perfection, priority or remedies and for purposes of definitions related to such provisions.

LEGAL02/30132896v1

A - 1

Exhibit 55
Page 743

**08-71714105**

**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

18335690003   UCC 3 FILING

## UCC FINANCING STATEMENT **AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

P4-0000-058-2

**CL@S**
INFORMATION SERVICES
WWW.CLASINFO.COM
3928 BERKLEY WAY, SUITE 350
SACRAMENTO, CA 95833
TEL-916.564.2800 / 800.952.5696
FLX-916.564.7000

account number   1036AM(RW)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318014 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the ☐ REAL ESTATE RECORDS. |
|---|---|---|

2. ☐ **TERMINATION**: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION**: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT** (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION)**: This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
   Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| | 7a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| OR | **OMNI 808 Investors LLC, as Agent** | | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **9420 Wilshire Blvd., Suite 400** | **Beverly Hills** | **CA** | **90212** | **USA** |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION **Limited Liability Company** | 7f. JURISDICTION OF ORGANIZATION **California** | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE)**: check only one box.
   Describe collateral ☐ delete ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | **Wachovia Bank, National Association, as Agent** | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
   **Debtor: MGA Entertainment Inc.**                                                        **CA-SOS**

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

**Exhibit 55**
**Page 744**

A/72646923.1/3001762-0000308275

**06-7090318135**

**10/30/2006 16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

10214840002   UCC 1 FILING

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| MGA Entertainment Inc. | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and MGA International, Inc., (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|---|

**8. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State

MN6768 P45-5

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

Exhibit 55
Page 745

102148400002

## Exhibit A

**Debtor:**
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)    all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)    all payments due or to become due to Debtor in respect of any of the foregoing;

(d)    all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)    all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)    all certificates and instruments representing or evidencing any of the foregoing;

(g)    all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)    all Proceeds of any of the foregoing.

Notwithstanding the foregoing, in the case of an Issuer that is a Foreign Subsidiary, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of such Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of such Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

Exhibit 55
Page 746

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

## SCHEDULE 1

### MGA Entertainment Inc
### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | 2 | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| MGA International, Inc. | California | Shares Common Stock | 1 | 100% |

Exhibit 55
Page 748

**UCC FINANCING STATEMENT AMENDMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

┌
  UCC Direct Services
  1232 Q St
  Sacramento CA 95814
  Account 10010537
└ CDD

**07-71137423**

**05/14/2007  11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

12649650004   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 06-7090318135 filed 10/30/06 | |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.     ☐ DELETE name: Give record name to be deleted in item 6a or 6b.     ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. TAX ID #:  SSN OR EIN | ADD'L INFO RE  ORGANIZATION  DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity intersts in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and The Little Tikes Company, (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR  9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment Inc.      69264885 0      JBM

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

Gardner 19513/315438

Exhibit 55
Page 749

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a) all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b) all payments due or to become due to Debtor in respect of any of the foregoing;

(c) all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d) all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e) all certificates and instruments representing or evidencing any of the foregoing;

(f) all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g) all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

LEGAL02/30236856v2

Exhibit 55
Page 751

## SCHEDULE 1

**MGA Entertainment Inc**
Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL. | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | N/A | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| The Little Tikes Company | Ohio | Shares Common Stock | 3 | 100% |

**08-71714106**

**09/09/2008  16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE

**SOS**

18335690004  UCC 3 FILING

# UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

P6-0000-058-2

**CL@S**
INFORMATION SERVICES

WWW.CLASINFO.COM
2020 HURLEY WAY, SUITE 350
SACRAMENTO, CA 95825
TEL:916.564.7000 / 800.952.5696
FAX:916.564.2900

account number  1036AMIRW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318135 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | **OMNI 808 Investors LLC, as Agent** | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **9420 Wilshire Blvd., Suite 400** | **Beverly Hills** | **CA** | **90212** | **USA** |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION **Limited Liability Company** | 7f. JURISDICTION OF ORGANIZATION **California** | 7g. ORGANIZATIONAL ID #, if any  ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ delete ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | **Wachovia Bank, National Association, as Agent** | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
**Debtor: MGA Entertainment Inc.**                                      **CA-SOS**

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

**Exhibit 55**
**Page 753**

A/72646923.1/3001762-0000308275

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

```
CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833
```

06-7090317861
10/30/2006  16:46

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

10214810002   UCC 1 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment (Mexico), Inc. | | | | |

OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 20-0998523 | | Corporation | California | CA C2643976 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |

OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable] | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [optional] | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
|---|---|---|---|---|

**8. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State          MN(07)08845-1

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Gardner 19513/315438

Exhibit 55
Page 754

1021481 0002

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)    all Equity Interests now or hereafter acquired or held by Debtor in the issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)    all payments due or to become due to Debtor in respect of any of the foregoing;

(d)    all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)    all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)    all certificates and instruments representing or evidencing any of the foregoing;

(g)    all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)    all Proceeds of any of the foregoing.

Notwithstanding the foregoing, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of the Issuer as determined for United States federal income tax purposes to be treated as a deemed dividend to the Issuer's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of the Issuer entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of the Issuer not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other

A - 1

Exhibit 55
Page 755

acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit 55
Page 756

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
#### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 65% |

Exhibit 55
Page 757

**FILING OFFICER STATEMENT**

**INTERNAL USE ONLY**

1 .Identification of the Record to which this **FILING OFFICER STATEMENT** relates.

   1a. INITIAL FINANCING STATEMENT #: 067090317861

   1b. RECORD TO WHICH THIS STATEMENT RELATES:

**DOCUMENT NUMBER:** 10268190001
**FILING NUMBER:** 0670908369
**FILE DATE/TIME:** 11/3/2006 1:34:00 PM

THE ABOVE SPACE IS FOR THE CA FILING OFFICE USE ONLY

2. Describe the inaccuracy or mistake on the part of the file office:

☒ Debtor   ☐ Secured Party
☐ Name and Address not indexed.
☒ Name indexed incorrectly
☐ Address indexed incorrectly

☐ File Date entered incorrectly
☐ Wrong Action type entered
☐ Wrong Filing Type entered
☐ Filed in Error
☐ Other

3. Describe filing office administrative action taken as a result of inaccuracy or mistake (including date of each action).

☐ Added Name:
☐ Address:
☒ Corrected Name from: MGA EMTERTAINMENT (MEXICO), INC.
☒ To: MGA ENTERTAINMENT (MEXICO), INC.
☐ Corrected Address from:
☐ To:
☐ Corrected File Date from     to
☐ Re-entered the UCC3    as a
☐ Changed the Filing Type from    to
☐ Document Deleted
☐ Other:

4. Additional Explanation (if applicable):

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**07-71137422**

**05/14/2007 11:35**

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
CDD

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

12849650003 UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
06-7090317861 filed 10/30/06

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.
☐ DELETE name: Give record name to be deleted in item 6a or 6b.
☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE: ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment (Mexico), Inc.   *69264883 SO*  *JBM*

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)
Gardner J9513/315438

Exhibit 55
Page 759

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)  all Equity Interests now or hereafter acquired or held by Debtor in issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)  all payments due or to become due to Debtor in respect of any of the foregoing;

(c)  all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)  all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)  all certificates and instruments representing or evidencing any of the foregoing;

(f)  all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)  all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

A - 1

Exhibit 55
Page 760

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

1264955003

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
#### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 100% |

**08-71714107**

**09/09/2008 16:03**

**FILED**

CALIFORNIA
SECRETARY OF STATE

**SOS**

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

P6-0000-USA-2

**CL@S**
INFORMATION
SERVICES
WWW.CLASINFO.COM
3020 RUBLEY WAY, SUITE 350
SACRAMENTO, CA 95833
TEL:916.564.2000/ 800.458.1695
FAX:916.564.2024

cross number 1036 AM RW

18335690005   UCC 3 FILING

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090317861 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the ☐ REAL ESTATE RECORDS. |
|---|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT** (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ **CHANGE** name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.  ☐ **DELETE** name: Give record name to be deleted in item 6a or 6b.  ☐ **ADD** name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | OMNI 808 Investors LLC, as Agent | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADDL INFO RE ORGANIZATION DEBTOR Limited Liability Company | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ delete ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | Wachovia Bank, National Association, as Agent | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

10. OPTIONAL FILER REFERENCE DATA
**Debtor: MGA Entertainment (Mexico), Inc.**

CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

**Exhibit 55**
**Page 763**

A/72646923.1/3001762-0000308275