# EXHIBIT 56

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12   CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

13              Plaintiff,                Consolidated with Case Nos. CV 04-
                                          9059 and CV 05-2727
14        v.
                                          NOTICE OF SUBPOENA ISSUED TO
15   MATTEL, INC., a Delaware             OMNI 808 INVESTORS, LLC
     Corporation,
16
                Defendant,
17

18   AND CONSOLIDATED CASES

19

20

21

22

23

24

25

26

27

28        **Exhibit 56**
          **Page 764**

7975/2755907.1

NOTICE OF SUBPOENA

1      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of</u>

3  <u>Civil Procedure</u>, Mattel, Inc., has issued subpoenas attached as Exhibits 1 and 2

4  requesting the production of specified documents to the following witnesses:

5      1.    Omni 808 Investors, LLC, 9420 Wilshire Blvd. Suite 400, Beverly

6  Hills, CA 90212.

7      2.    Omni 808 Investors, LLC, 355 South Grand Avenue Suite 4400, Los

8  Angeles, CA 90071.

9

10  DATED: January 9, 2009        QUINN EMANUEL URQUHART OLIVER &
                            HEDGES, LLP

11

12

13                      By /s/ Jon D. Corey
                         Jon D. Corey
                         Attorneys for Mattel, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 56
Page 765

17975/2755907.1

NOTICE OF SUBPOENA

Exhibit 56
Page 766

**Exhibit 1**

AO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____CENTRAL_____     _____CALIFORNIA_____

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Omni 808 Investors, LLC
      9420 Wilshire Blvd. Suite 400
      Beverly Hills, CA 90212

[ ]  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[ ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 23, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 |  |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff Mattel, Inc. | January 9, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017  (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] f action is pending in district other than district of issuance. state district under case number.

AO-88

**Exhibit 56**
**Page 767**

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| | | | |

SERVED

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|
| | | |

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Exhibit 56**
**Page 768**

## ATTACHMENT A

1. All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

2. All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

3. All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, since January 1, 2007.

4. Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Omni 808 Investors, LLC and (b) the dates of such person's affiliation with Omni 808 Investors, LLC.

5. All documents referring or relating to the formation and governance of Omni 808 Investors, LLC.

6. All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and OmniNet Capital, LLC, if any.

7. All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and Vision Capital, LLC, if any.

8. All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and Lexington Financial, LLC, if any.

9. All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and MGA Entertainment, Inc., if any.

10. All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and Isaac Larian or his family members, if any.

11. All documents referring or relating to the source of funding for Lexington Financial, LLC.

12. All documents referring or relating to the source of funding for Vision Capital, LLC.

1

Exhibit 56
Page 769

13.    All documents referring or relating to all contributions, loans and any sources of funding for Omni 808 Investors, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

14.    All documents showing detail of all loan facilities with an indication of creditor and relevant terms.

15.    All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Omni 808 Investors, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

16.    Any and all records that substantiate transfers of assets by Omni 808 Investors, LLC to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

17.    All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

18.    All documents relating to the U.C.C. financing statements and amendments attached as Exhibit 1.

2

Exhibit 56
Page 770

# EXHIBIT 1

**Exhibit 56**
**Page 771**

**06-7090318014**

**10/30/2006  16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE

S05

10214830002  UCC 1 FILING

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| MGA Entertainment Inc. | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in now owned or hereafter acquired accounts, inventory, related assets and proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

**8. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State

MN(07(0PP45-3

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Gardner 19513/315438

**Exhibit 56**
**Page 772**

1021483DD02

## Exhibit A

**Debtor:**
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest to and under all of the following property, whether now owned or hereafter acquired by Debtor or in which Debtor now has or at any time in the future may acquire any right, title or interest, and whether now existing or hereafter arising:

    (i)      all Accounts;

    (ii)     all Inventory;

    (iii)    all Documents relating to Inventory;

    (iv)    all books and records pertaining to any property described in this definition;

    (v)     all Supporting Obligations pertaining to any property described in this definition; and

    (vi)    to the extent not otherwise included, all Proceeds.

Terms used herein without definition that are defined in the UCC have the respective meanings given them in the UCC and if defined in more than one article of the UCC, such terms shall have the meaning defined in Article 9 of the UCC.

As used herein:

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (i) rights, benefits, distributions, premiums, profits, dividends, interest, cash, Instruments, Documents, Accounts, contract rights, Inventory, Equipment, General Intangibles, Payment Intangibles, Deposit Accounts, Chattel Paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof; (ii) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (iii) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (iv) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

"UCC" means the Uniform Commercial Code as from time to time in effect in the State of New York; provided, however, to the extent that, by reason of mandatory provisions of law, any of the attachment, perfection, or priority of, or remedies with respect to, the Secured Party's security interest in any Collateral is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the State of New York, the term "UCC" shall mean the Uniform Commercial Code as in effect in such other jurisdiction solely for purposes of the provisions hereof relating to such attachment, perfection, priority or remedies and for purposes of definitions related to such provisions.

LEGAL02/30132896v1

A - 1

Exhibit 56
Page 773

**08-71714105**

**09/09/2008 16:03**

**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS

18335690003   UCC 3 FILING

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

P4-0000-058-2

**CL@S**

INFORMATION SERVICES

WWW.CLASINFO.COM
2020 MARKET WAY, SUITE 530
SACRAMENTO, CA  95815
TEL:916.564.2000 / 800.952.5696
FAX:916.564.2900

account number  1036 AM(RW)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318014 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|---|

2. ☐ **TERMINATION**: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION**: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT** (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION)**: This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

| ☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable). |
|---|---|---|

6. CURRENT RECORD INFORMATION:

| OR | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

7. CHANGED (NEW) OR ADDED INFORMATION

| OR | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | **OMNI 808 Investors LLC, as Agent** | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **9420 Wilshire Blvd., Suite 400** | **Beverly Hills** | **CA** | **90212** | **USA** |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION **Limited Liability Company** | 7f. JURISDICTION OF ORGANIZATION **California** | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE)**: check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| OR | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | **Wachovia Bank, National Association, as Agent** | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

10. OPTIONAL FILER REFERENCE DATA

**Debtor: MGA Entertainment Inc.**                                  **CA-SOS**

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

Exhibit 56
Page 774

A/72646923.1/3001762-0000308275

**06-7090318135**

**10/30/2006 16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

10214840002   UCC 1 FILING

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

┌─
  CT Corporation System
  2295 Gateway Oaks Drive
  Ste 185
  Sacramento CA 95833
└

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| MGA Entertainment Inc. | | | |

| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |

| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and MGA International, Inc., (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors ☐ | Debtor 1 ☐ | Debtor 2 ☐ |

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State

MN0676 8P45-5

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

**Exhibit 56**
**Page 775**

102484B002

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)      all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)      all payments due or to become due to Debtor in respect of any of the foregoing;

(d)      all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)      all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)      all certificates and instruments representing or evidencing any of the foregoing;

(g)      · all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)      all Proceeds of any of the foregoing.

Notwithstanding the foregoing, in the case of an Issuer that is a Foreign Subsidiary, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of such Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of such Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

LEGAL02/30133111v1

A - 1

Exhibit 56
Page 776

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit 56
Page 777

# SCHEDULE 1

## MGA Entertainment Inc
### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | 2 | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| MGA International, Inc. | California | Shares Common Stock | 1 | 100% |

Exhibit 56
Page 778

**UCC FINANCING STATEMENT AMENDMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

┌ UCC Direct Services
  1232 Q St
  Sacramento CA 95814
  Account 10010537
└ CDD

**07-71137423**
**05/14/2007 11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

12649650004   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
06-7090318135 filed 10/30/06

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.
☐ DELETE name: Give record name to be deleted in item 6a or 6b.
☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:
6a. ORGANIZATION'S NAME

OR
6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

7. CHANGED (NEW) OR ADDED INFORMATION:
7a. ORGANIZATION'S NAME

OR
7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and The Little Tikes Company, (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.
9a. ORGANIZATION'S NAME
Wachovia Bank, National Association, as Agent

OR
9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment Inc.    69264885 0    JBM

FILING OFFICE COPY— NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)
Gardner 19513/315438

**Exhibit 56**
**Page 779**

## Exhibit A

**Debtor:**
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)      all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)      all payments due or to become due to Debtor in respect of any of the foregoing;

(c)      all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)      all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)      all certificates and instruments representing or evidencing any of the foregoing;

(f)      all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)      all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

Exhibit 56
Page 780

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit 56
Page 781

SCHEDULE 1

MGA Entertainment Inc
Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|--------|---------------------------|--------------------------|------------------------------|--------------------------|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | N/A | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| The Little Tikes Company | Ohio | Shares Common Stock | 3 | 100% |

LEGAL02/30236856v2

Exhibit 56
Page 782

**08-71714106**

**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

18335690004   UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

P6-0000-058-2

CL@S
INFORMATION SERVICES

WWW.CLASINFO.COM
2020 HURLEY WAY, SUITE 350
SACRAMENTO, CA 95825
TEL:916.564.7800 / 800.953.5196
241:916.564.7300

account number  1036AMIRW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318135 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the |
| | | □ REAL ESTATE RECORDS. |

2. □ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. □ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. **X** **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects □ Debtor or □ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in Items 6 and/or 7.
□ CHANGE name and/or address: Give current record name in Item 6a or 6b; also give new name (if name change) in Item 7a or 7b and/or new address (if address change) in Item 7c.  □ DELETE name: Give record name to be deleted in Item 6a or 6b.  □ ADD name: Complete Item 7a or 7b, and also Item 7c; also complete Items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| OR | 6a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- | --- |
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION

| OR | 7a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- | --- |
| | **OMNI 808 Investors LLC, as Agent** | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| **9420 Wilshire Blvd., Suite 400** | **Beverly Hills** | **CA** | **90212** | **USA** |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION **Limited Liability Company** | 7f. JURISDICTION OF ORGANIZATION **California** | 7g. ORGANIZATIONAL ID #, if any     □ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral □ delete □ added, or give entire □ restated collateral description, or describe collateral □ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here □ and enter name of DEBTOR authorizing this Amendment.

| OR | 9a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- | --- |
| | **Wachovia Bank, National Association, as Agent** | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
**Debtor: MGA Entertainment Inc.**                                    **CA-SOS**

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

**Exhibit 56**
**Page 783**

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

```
CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833
```

**06-7090317861**
**10/30/2006  16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

10214810002   UCC 1 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| MGA Entertainment (Mexico), Inc. | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 20-0998523 | | Corporation | California | CA C2643976 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State

MN07688945-1

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

**Exhibit 56**
**Page 784**

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)      all Equity Interests now or hereafter acquired or held by Debtor in the issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)      all payments due or to become due to Debtor in respect of any of the foregoing;

(d)      all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)      all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)      all certificates and instruments representing or evidencing any of the foregoing;

(g)      all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)      all Proceeds of any of the foregoing.

Notwithstanding the foregoing, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of the Issuer as determined for United States federal income tax purposes to be treated as a deemed dividend to the Issuer's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of the Issuer entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of the Issuer not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other

Exhibit 56
Page 785

acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

LEGAL02/30133146v1

Exhibit 56
Page 786

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
#### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 65% |

**Exhibit 56**
**Page 787**

**FILING OFFICER STATEMENT**

**INTERNAL USE ONLY**

1 . Identification of the Record to which this **FILING OFFICER STATEMENT** relates.

1a. INITIAL FINANCING STATEMENT #: 067090317861

1b. RECORD TO WHICH THIS STATEMENT RELATES:

**DOCUMENT NUMBER:** 10268190001
**FILING NUMBER:** 0670908369
**FILE DATE/TIME:** 11/3/2006 1:34:00 PM

THE ABOVE SPACE IS FOR THE CA FILING OFFICE USE ONLY

2.   Describe the inaccuracy or mistake on the part of the file office:

☒ Debtor       ☐ Secured Party
☐ Name and Address not indexed.
☒ Name indexed incorrectly
☐ Address indexed incorrectly

☐ File Date entered incorrectly
☐ Wrong Action type entered
☐ Wrong Filing Type entered
☐ Filed in Error
☐ Other

3.   Describe filing office administrative action taken as a result of inaccuracy or mistake (including date of each action).

☐ Added Name:
☐ Address:
☒ Corrected Name from: MGA EMTERTAINMENT (MEXICO), INC.
☒ To: MGA ENTERTAINMENT (MEXICO), INC.
☐ Corrected Address from:
☐ To:
☐ Corrected File Date from          to
☐ Re-entered the UCC3          as a
☐ Changed the Filing Type from          to
☐ Document Deleted
☐ Other:

4. Additional Explanation (if applicable):

11/03/2006 13:34

**Exhibit 56**
**Page 788**

1

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
CDD

**07-71137422**

**05/14/2007 11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

12649650003   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 06-7090317861 filed 10/30/06 | ☐ |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. ☐ DELETE name: Give record name to be deleted in item 6a or 6b. ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |
| 7c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. TAX ID #:   SSN OR EIN | ADD'L INFO RE. ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | Wachovia Bank, National Association, as Agent | | | |
| OR | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment (Mexico), Inc.   69264 88 SO
JBM

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

Gardner 19513/315438

**Exhibit 56**
**Page 789**

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(c)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)     all certificates and instruments representing or evidencing any of the foregoing;

(f)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit 56
Page 791

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 100% |

LEGAL02/30237046v2

12649650003

Exhibit 56
Page 792

▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬

**08-71714107**

**09/09/2008 16:03**

## UCC FINANCING STATEMENT **AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

18335690005   UCC 3 FILING

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

```
76-0000-058-2

CL@S
INFORMATION   WWW.CLASINFO.COM
SERVICES      3000 HURLEY WAY, SUITE 330
              SACRAMENTO, CA 95825
              TEL:916.564.3800 / 800.913.1641
              FAX 916.564.3830

account number  1036 AM/RW
```

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090317861 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the U REAL ESTATE RECORDS. |
|---|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.    ☐ DELETE name: Give record name to be deleted in item 6a or 6b.    ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| OR | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION

| OR | 7a. ORGANIZATION'S NAME  **OMNI 808 Investors LLC, as Agent** | | | |
|---|---|---|---|---|
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS  **9420 Wilshire Blvd., Suite 400** | CITY **Beverly Hills** | STATE **CA** | POSTAL CODE **90212** | COUNTRY **USA** |
|---|---|---|---|---|

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION **Limited Liability Company** | 7f. JURISDICTION OF ORGANIZATION **California** | 7g. ORGANIZATIONAL ID #, if any    ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ delete ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| OR | 9a. ORGANIZATION'S NAME  **Wachovia Bank, National Association, as Agent** | | | |
|---|---|---|---|---|
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
**Debtor: MGA Entertainment (Mexico), Inc.**                    **CA-SOS**

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

**Exhibit 56**
**Page 793**

**Exhibit 56**
**Page 794**

**Exhibit 2**

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____CENTRAL_____     _____CALIFORNIA_____

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation,

### SUBPOENA IN A CIVIL CASE

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Omni 808 Investors, LLC
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071

[ ]   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

[ ]   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X]   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 23, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 |  |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person
designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff Mattel, Inc. | January 9, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**Exhibit 56**
**Page 795**

AO-88

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:**

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Exhibit 56**
**Page 796**

## ATTACHMENT A

1.    All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

2.    All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

3.    All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, since January 1, 2007.

4.    Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Omni 808 Investors, LLC and (b) the dates of such person's affiliation with Omni 808 Investors, LLC.

5.    All documents referring or relating to the formation and governance of Omni 808 Investors, LLC.

6.    All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and OmniNet Capital, LLC, if any.

7.    All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and Vision Capital, LLC, if any.

8.    All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and Lexington Financial, LLC, if any.

9.    All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and MGA Entertainment, Inc., if any.

10.    All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and Isaac Larian or his family members, if any.

11.    All documents referring or relating to the source of funding for Lexington Financial, LLC.

12.    All documents referring or relating to the source of funding for Vision Capital, LLC.

1

Exhibit 56
Page 797

13.     All documents referring or relating to all contributions, loans and any sources of funding for Omni 808 Investors, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

14.     All documents showing detail of all loan facilities with an indication of creditor and relevant terms.

15.     All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Omni 808 Investors, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

16.     Any and all records that substantiate transfers of assets by Omni 808 Investors, LLC to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

17.     All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

18.     All documents relating to the U.C.C. financing statements and amendments attached as Exhibit 1.

2

Exhibit 56
Page 798

# EXHIBIT 1

Exhibit 56
Page 799

**06-7090318014**

**10/30/2006 16:46**

**FILED**

CALIFORNIA
SECRETARY OF STATE

S05

10214830002    UCC 1 F2L1ИG

## UCC FINANCING STATEMENT

FOLLOW  INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in now owned or hereafter acquired accounts, inventory, related assets and proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum  [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]  [optional] | | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA

File with California Secretary of State

MNL6768845-3

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Gardner 19513/315438

Exhibit 56
Page 800

102148300002

## Exhibit A

**Debtor:**
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest to and under all of the following property, whether now owned or hereafter acquired by Debtor or in which Debtor now has or at any time in the future may acquire any right, title or interest, and whether now existing or hereafter arising:

    (i)    all Accounts;

    (ii)    all Inventory;

    (iii)    all Documents relating to Inventory;

    (iv)    all books and records pertaining to any property described in this definition;

    (v)    all Supporting Obligations pertaining to any property described in this definition; and

    (vi)    to the extent not otherwise included, all Proceeds.

Terms used herein without definition that are defined in the UCC have the respective meanings given them in the UCC and if defined in more than one article of the UCC, such terms shall have the meaning defined in Article 9 of the UCC.

*As used herein:*

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (i) rights, benefits, distributions, premiums, profits, dividends, interest, cash, Instruments, Documents, Accounts, contract rights, Inventory, Equipment, General Intangibles, Payment Intangibles, Deposit Accounts, Chattel Paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof; (ii) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (iii) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (iv) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

"UCC" means the Uniform Commercial Code as from time to time in effect in the State of New York; provided, however, to the extent that, by reason of mandatory provisions of law, any of the attachment, perfection, or priority of, or remedies with respect to, the Secured Party's security interest in any Collateral is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the State of New York, the term "UCC" shall mean the Uniform Commercial Code as in effect in such other jurisdiction solely for purposes of the provisions hereof relating to such attachment, perfection, priority or remedies and for purposes of definitions related to such provisions.

A - 1

LEGAL02/30132896v1

**Exhibit 56**
**Page 801**

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

P6-0000-059-2

**CL@S**
INFORMATION SERVICES
WWW.CLSINFO.COM
2020 BERKLY WAY, SUITE 350
SACRAMENTO, CA 95817
TEL-916.561.2080 / 800.452.5696
FAX:916.564.7900

account number   1036 AM (RW)

**08-71714105**
**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

18335690003   UCC 3 FILING

1a. INITIAL FINANCING STATEMENT FILE # **06-7090318014**                    10/30/06

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| | |
|---|---|
| 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the | |
| 0. REAL ESTATE RECORDS. | |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record.  Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.    ☐ DELETE name: Give record name to be deleted in item 6a or 6b.    ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | **OMNI 808 Investors LLC, as Agent** | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **9420 Wilshire Blvd., Suite 400** | **Beverly Hills** | **CA** | **90212** | **USA** |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION **Limited Liability Company** | 7f. JURISDICTION OF ORGANIZATION **California** | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment).  If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | **Wachovia Bank, National Association, as Agent** | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
**Debtor: MGA Entertainment Inc.**

**CA-SOS**

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

Exhibit 56
Page 802

**06-7090318135**

**10/30/2006 16:46**

**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS

10214840002  UCC $ FILING

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| MGA Entertainment Inc. | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Sweden AB, MGA Entertainment (France) SARL and MGA Entertainment Iberia, S.L., MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and MGA International, Inc., (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ THIS FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | ☐ Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

**8. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State

MN1678 PY5-5

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

Exhibit 56
Page 803

1021484002

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, in the case of an Issuer that is a Foreign Subsidiary, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of such Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of such Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

LBQAL/02/30133111v1

Exhibit 56
Page 804

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

## SCHEDULE 1

### MGA Entertainment Inc
#### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | 2 | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| MGA International, Inc. | California | Shares Common Stock | 1 | 100% |

Exhibit 56
Page 806

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

┌ UCC Direct Services
  1232 Q St
  Sacramento CA 95814
  Account 10010537
└ CDD

**07-71137423**
**05/14/2007 11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

12649850004   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
06-7090318135 filed 10/30/06

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany, GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and The Little Tikes Company, (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State; Debtor Name: MGA Entertainment Inc.   6926488 90   JBM

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

Gardner 19513/315438

**Exhibit 56**
**Page 807**

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)      all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)      all payments due or to become due to Debtor in respect of any of the foregoing;

(c)      all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)      all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)      all certificates and instruments representing or evidencing any of the foregoing;

(f)      all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)      all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

LEGAL02/30236856v2

Exhibit 56
Page 808

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

LEGAL02/30236856v2

Exhibit 56
Page 809

## SCHEDULE 1

### MGA Entertainment Inc
#### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | N/A | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| The Little Tikes Company | Ohio | Shares Common Stock | 3 | 100% |

LEGAL02/30236856v2

Exhibit 56
Page 810

08-71714106

09/09/2008 16:03

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

18335690004 UCC 3 FILING

# UCC FINANCING STATEMENT **AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

P6-0000-05B-7

**CL@S**
INFORMATION SERVICES

WWW.CLASINFO.COM
2030 HURLEY WAY, SUITE 550
SACRAMENTO, CA 95825
TEL:916.564.7900 / 800.952.5696
FAX:916.564.7908

account number 1036AMIRW

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318135 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the ☐ REAL ESTATE RECORDS. |
|---|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only **one** of these two boxes.
Also check **one** of the following three boxes **and** provide appropriate information in items 6 and/or 7.

| ☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable). |
|---|---|---|

6. CURRENT RECORD INFORMATION:

| OR | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION

| OR | 7a. ORGANIZATION'S NAME **OMNI 808 Investors LLC, as Agent** | | | |
|---|---|---|---|---|
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADDL INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only **one** box.
Describe collateral ☐ delete ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| OR | 9a. ORGANIZATION'S NAME **Wachovia Bank, National Association, as Agent** | | | |
|---|---|---|---|---|
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
**Debtor: MGA Entertainment Inc.**                                                   CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

**Exhibit 56**
**Page 811**

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**06-7090317861**
**10/30/2006  16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

10214810002  UCC 1 FILING

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| MGA Entertainment (Mexico), Inc. | | | |

| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |  |
|---|---|---|---|---|---|
| 20-0998523 | | Corporation | California | CA C2643976 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |  |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |

| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [optional] | | All Debtors | Debtor 1 | Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |

File with California Secretary of State          MN107108845-1

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/3 15438

**Exhibit 56**
**Page 812**

1021481000.2

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of the Issuer as determined for United States federal income tax purposes to be treated as a deemed dividend to the Issuer's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of the Issuer entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of the Issuer not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other

LEGAL02/30133146v1

A-1

Exhibit 56
Page 813

acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

A - 2

Exhibit 56
Page 814

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 65% |

Exhibit 56
Page 815

---

**FILING OFFICER STATEMENT**

**INTERNAL USE ONLY**

1.Identification of the Record to which this **FILING OFFICER STATEMENT** relates.

   1a. INITIAL FINANCING STATEMENT #: 067090317861

   1b. RECORD TO WHICH THIS STATEMENT RELATES:

| **DOCUMENT NUMBER:** 10268190001 |
| --- |
| **FILING NUMBER:** 0670908369 |
| **FILE DATE/TIME:** 11/3/2006 1:34:00 PM |

THE ABOVE SPACE IS FOR THE CA FILING OFFICE USE ONLY

2.  Describe the inaccuracy or mistake on the part of the file office:

☒ Debtor      ☐ Secured Party               ☐ File Date entered Incorrectly
☐ Name and Address not indexed.           ☐ Wrong Action type entered
☒ Name indexed incorrectly                 ☐ Wrong Filing Type entered
☐ Address indexed incorrectly              ☐ Filed in Error
                                           ☐ Other

3. Describe filing office administrative action taken as a result of inaccuracy or mistake (including date of each action).

☐ Added Name:
☐ Address:
☒ Corrected Name from: MGA EMTERTAINMENT (MEXICO), INC.
☒ To: MGA ENTERTAINMENT (MEXICO), INC.
☐ Corrected Address from:
☐ To:
☐ Corrected File Date from          to
☐ Re-entered the UCC3          as a
☐ Changed the Filing Type from          to
☐ Document Deleted
☐ Other:

4. Additional Explanation (if applicable):

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
CDD

**07-71137422**

**05/14/2007 11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

12648656003   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
06-7090317861 filed 10/30/06

**1b.** This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **OR** 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **OR** 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here** ☐ **and enter name of DEBTOR authorizing this Amendment.**

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| **OR** 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State; Debtor Name: MGA Entertainment (Mexico), Inc.   *6926A8850*
*JBM*

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

Gardner 19513/315438

**Exhibit 56**
**Page 817**

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(c)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)     all certificates and instruments representing or evidencing any of the foregoing;

(f)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

LEGAL02/30237046v2

Exhibit 56
Page 818

*As used herein:*

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

A - 2

Exhibit 56
Page 819

**08-71714107**

**09/09/2008 16:03**

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**FILED**
CALIFORNIA
SECRETARY OF STATE

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

76-0000-058-2

**CL@S**
INFORMATION SERVICES
WWW.CLASSINFO.COM
3820 MORLEY WAY, SUITE 350
SACRAMENTO, CA 95825
TEL-916.444.3080 / 800.938.1691
FAX-916.554.7938

account number 1036 AM\RW

SOS

18335690005   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090317861 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the U REAL ESTATE RECORDS. |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. **X ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| | 6a. ORGANIZATION'S NAME | | | |
|OR| | | | |
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION

| | 7a. ORGANIZATION'S NAME | | | |
|OR| **OMNI 808 Investors LLC, as Agent** | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ delete ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|OR| **Wachovia Bank, National Association, as Agent** | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
**Debtor: MGA Entertainment (Mexico), Inc.**                    **CA-SOS**

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

**Exhibit 56**
**Page 821**

A/72646923.1/3001762-0000308275

# EXHIBIT 57

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2  John B. Quinn (Bar No. 90378)
   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12  CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

13              Plaintiff,                Consolidated with Case Nos. CV 04-
                                          9059 and CV 05-2727
14       v.
                                          NOTICE OF SUBPOENA ISSUED TO
15  MATTEL, INC., a Delaware             WACHOVIA CORPORATION
    Corporation,
16
                Defendant,
17

18  AND CONSOLIDATED CASES

19

20

21

22

23

24

25

26

27

28

Exhibit 57
Page 822

7975/2758273.1

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of</u>

3  <u>Civil Procedure</u>, Mattel, Inc., has issued a subpoena attached as Exhibit 1 requesting

4  the production of specified documents to the following witness:

5    Wachovia Corporation, Legal Division, Legal Orders Processing, 101 N.

6  Independence Mall East, Philadelphia, PA 19106.

7

8  DATED: January 12, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

9

10                                  By /s/ Jon D. Corey

11                                     Jon D. Corey
                                       Attorneys for Mattel, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                          **Exhibit 57**
                            **Page 823**
28

7975/2758273.1

-2-

NOTICE OF SUBPOENA

Exhibit 57
Page 824

Exhibit 1

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

EASTERN      PENNSYLVANIA

CARTER BRYANT, an Individual

V.

MATTEL, INC., a Delaware Corporation

### SUBPOENA IN A CIVIL CASE

Case Number: [1] C.D.Cal. CV 04-9049 SGL(RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO: Wachovia Corporation, Legal Division
Legal Orders Processing
101 N. Independence Mall East, Philadelphia, PA 19106

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Court House Legal Services | January 26, 2009 |
| 1420 Walnut St., Suite 1218 | 9:00 a.m. |
| Philadelphia, PA 19102 | |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey /th Attorney for Plaintiff, Mattel, Inc. | January 12, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] f action is pending in district other than district of issuance, state district under case number.

Exhibit 57
Page 825

AO-88

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

| PROOF OF SERVICE | | |
|---|---|---|
| DATE | PLACE | |

SERVED

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit 57
Page 826

## ATTACHMENT A

1.      All agreements, contracts and written communications between MGA Entertainment, Inc. and Wachovia since January 1, 2007.

2.      All agreements, contracts and written communications between OmniNet Capital, LLC and Wachovia since January 1, 2007.

3.      All agreements, contracts and written communications between Omni 808 Investors, LLC and Wachovia since January 1, 2007.

4.      All agreements, contracts and written communications between Isaac Larian and Wachovia since January 1, 2007.

5.      All agreements and contracts referring or relating to any indebtedness owed by MGA Entertainment, Inc. or any credit extended to MGA Entertainment, Inc. since January 1, 2007, and any amendments or modifications thereto, and any communications related to any such agreements or contracts.

6.      The information provided to you by MGA Entertainment, Inc. for purposes of entering into or modifying any agreement or contract, or any potential agreement or contract, at any time since January 1, 2007.

7.      Any explanation or justification that you understood or was provided for why MGA Entertainment, Inc. needed or sought any loan agreement or line of credit or other financing arrangement from Wachovia Corporation since January 1, 2007.

8.      All documents referring or relating to any other MGA Entertainment, Inc. lenders or persons who extended or were requested to extend a line of credit to MGA Entertainment, Inc. since January 1, 2007.

9.      All documents referring or relating to any lenders or persons who have taken a security interest in any MGA Entertainment, Inc. asset since January 1, 2007.

10.     All documents referring or relating to the assignment of your security interest in MGA Entertainment, Inc. assets, as identified in the U.C.C. financing statements attached as Exhibit 1, to Omni 808 Investors, LLC.

11.     All communications with Omni 808 Investors, LLC, OmniNet Capital, LLC or Neil Kadisha referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, any family member of Isaac Larian, Fred Mashian and/or Bratz.

1

Exhibit 57
Page 827

12.    All communications with MGA Entertainment, Inc. referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, Isaac Larian, any family member of Isaac Larian, Neil Kadisha, Fred Mashian and/or Bratz since January 1, 2007.

2

Exhibit 57
Page 828

# EXHIBIT 1

Exhibit 57
Page 829

**06-7090318014**

**10/30/2006 18:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

10214930002   UCC 1 FILING

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
  Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

  CT Corporation System
  2295 Gateway Oaks Drive
  Ste 185
  Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| MGA Entertainment Inc. | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd, Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #:  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #:  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in now owned or hereafter acquired accounts, inventory, related assets and proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION (if applicable): | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |

File with California Secretary of State                           MN0768P45-3

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/96)
  Gardner 19513/315438

Exhibit 57
Page 830

1021483002

## Exhibit A

| | |
|---|---|
| **Debtor:** | **Secured Party:** |
| MGA Entertainment Inc. | Wachovia Bank, National Association, as Agent |
| 16380 Roscoe Blvd., Suite 200 | One South Broad Street, PA 4830 |
| Van Nuys, California 91406 | Philadelphia, Pennsylvania 19107 |

All of Debtor's right, title and interest to and under all of the following property, whether now owned or hereafter acquired by Debtor or in which Debtor now has or at any time in the future may acquire any right, title or interest, and whether now existing or hereafter arising:

       (i)     all Accounts;

       (ii)    all Inventory;

       (iii)   all Documents relating to Inventory;

       (iv)   all books and records pertaining to any property described in this definition;

       (v)    all Supporting Obligations pertaining to any property described in this definition; and

       (vi)   to the extent not otherwise included, all Proceeds.

Terms used herein without definition that are defined in the UCC have the respective meanings given them in the UCC and if defined in more than one article of the UCC, such terms shall have the meaning defined in Article 9 of the UCC.

As used herein:

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (i) rights, benefits, distributions, premiums, profits, dividends, interest, cash, Instruments, Documents, Accounts, contract rights, Inventory, Equipment, General Intangibles, Payment Intangibles, Deposit Accounts, Chattel Paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof; (ii) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (iii) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (iv) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

"UCC" means the Uniform Commercial Code as from time to time in effect in the State of New York; provided, however, to the extent that, by reason of mandatory provisions of law, any of the attachment, perfection, or priority of, or remedies with respect to, the Secured Party's security interest in any Collateral is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the State of New York, the term "UCC" shall mean the Uniform Commercial Code as in effect in such other jurisdiction solely for purposes of the provisions hereof relating to such attachment, perfection, priority or remedies and for purposes of definitions related to such provisions.

LEGAL02/30132896v1

Exhibit 57
Page 831

# UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

PG-0000-858-2

**CL@S**
INFORMATION SERVICES

WWW.CLASINFO.COM
3309 HARLEY WAY, SUITE 300
SACRAMENTO, CA 95833
TEL: 916.551.2100 / 866.922.3644
FAX: 916.554.2100

account number 1036 AM1 RW

**08-71714105**
**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

18335690003   UCC 1 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318014 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the 0 REAL ESTATE RECORDS. |
|---|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only **one** of these two boxes.
Also check **one** of the following three boxes **and** provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR | | | |
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

7. **CHANGED (NEW) OR ADDED INFORMATION**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  **OMNI 808 Investors LLC, as Agent** | | | |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only **one** box.
Describe collateral ☐ deleted ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  **Wachovia Bank, National Association, as Agent** | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
Debtor: MGA Entertainment Inc.                                                      CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

N72640923.1/3001762-0000308275

**Exhibit 57**
**Page 832**

**06-7090318135**

**10/30/2006 16:46**

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY.

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

10214840002  UCC 1 FILING

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | |
|---|---|---|---|
| 1a. ORGANIZATION'S NAME | | | |
| MGA Entertainment Inc. | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA / 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | | |
|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | |
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| | | | |
|---|---|---|---|
| 3a. ORGANIZATION'S NAME | | | |
| Wachovia Bank, National Association, as Agent | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| One South Broad Street, PA 4830 | Philadelphia | PA / 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany, GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and MGA International, Inc., (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |
| File with California Secretary of State | | | MN167688PY5-5 | | | |

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

**Exhibit 57**
**Page 833**

## Exhibit A

**Debtor:**
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a) all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b) all payments due or to become due to Debtor in respect of any of the foregoing;

(d) all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e) all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f) all certificates and instruments representing or evidencing any of the foregoing;

(g) all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h) all Proceeds of any of the foregoing.

Notwithstanding the foregoing, in the case of an Issuer that is a Foreign Subsidiary, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of such Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of such Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting; and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit 57
Page 835

1021464002

## SCHEDULE 1

### MGA Entertainment Inc
### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | 2 | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| MGA International, Inc. | California | Shares Common Stock | 1 | 100% |

Exhibit 57
Page 836

**07-71137423**

**05/14/2007 11:35**

**FILED**

CAL-IFORNIA
SECRETARY OF STATE

SOS

12649650004   UCC 3 FILING

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

⌐ UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
└ CDD

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| | |
|---|---|
| **1a. INITIAL FINANCING STATEMENT FILE #** <br> 06-7090318135 filed 10/30/06 | ☐ **1b.** The FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☑ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL., MGA Entertainment Germany, GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and The Little Tikes Company, (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment).** If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | Wachovia Bank, National Association, as Agent | | | |
| OR | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

**10. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State; Debtor Name: MGA Entertainment Inc.       6926488 50   JBM

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)
Gardner 19513/315438

**Exhibit 57**
**Page 837**

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(c)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put" right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)     all certificates and instruments representing or evidencing any of the foregoing;

(f)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

A - 1

Exhibit 57
Page 838

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

A - 2

Exhibit 57
Page 839

### SCHEDULE 1

#### MGA Entertainment Inc
#### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | N/A | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| The Little Tikes Company | Ohio | Shares Common Stock | 3 | 100% |

LEGAL02/30236856v2

Exhibit 57
Page 840

**08-71714106**

**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

18335690004   UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

P6-0000-058-2

**CL@S**
INFORMATION SERVICES
WWW.CLASINFO.COM
2020 UNKLEY WAY, SUITE 350
SACRAMENTO, CA 95825
TEL:916.364.7000 / 800.952.5496
FAX:916.364.7900

account number 1036AMIRW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318135 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the □ REAL ESTATE RECORDS. |
| --- | --- | --- |

2. □ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. □ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects □ Debtor or □ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

□ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.

□ DELETE name: Give record name to be deleted in item 6a or 6b.

□ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| OR | | | |
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME    OMNI 808 Investors LLC, as Agent | | | |
| --- | --- | --- | --- |
| OR | | | |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS   9420 Wilshire Blvd., Suite 400 | CITY   Beverly Hills | STATE   CA | POSTAL CODE   90212 | COUNTRY   USA |
| --- | --- | --- | --- | --- |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION   Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION   California | 7g. ORGANIZATIONAL ID #, if any   □ NONE |
| --- | --- | --- | --- | --- |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral □ deleted or □ added, or give entire □ restated collateral description, or describe collateral □ assigned.

**9. NAME of SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here □ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME    Wachovia Bank, National Association, as Agent | | | |
| --- | --- | --- | --- |
| OR | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 10. OPTIONAL FILER REFERENCE DATA   Debtor: MGA Entertainment Inc. | CA-SOS |
| --- | --- |

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

**06-7090317861**
**10/30/2006 16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

10214810002   UCC 1 FILING

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| MGA Entertainment (Mexico), Inc. | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 20-0998523 | | Corporation | California | CA C2643976 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION (if applicable): | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum   (if applicable) | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (optional) | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 | |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |
| File with California Secretary of State | MN0710888545-1 | | | | | |

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Gardner 19513/3 15438

Exhibit 57
Page 842

102148100002

## Exhibit A

Debtor:
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)    all Equity Interests now or hereafter acquired or held by Debtor in the issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)    all payments due or to become due to Debtor in respect of any of the foregoing;

(d)    all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)    all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)    all certificates and instruments representing or evidencing any of the foregoing;

(g)    all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)    all Proceeds of any of the foregoing.

Notwithstanding the foregoing, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of the Issuer as determined for United States federal income tax purposes to be treated as a deemed dividend to the Issuer's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of the Issuer entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of the Issuer not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other

LEGAL02/30133146v1

A - 1

Exhibit 57
Page 843

1021481000002

acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit 57
Page 844

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
#### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 65% |

Exhibit 57
Page 845

**FILING OFFICER STATEMENT**

**INTERNAL USE ONLY**

1.Identification of the Record to which this **FILING OFFICER STATEMENT** relates.

1a. INITIAL FINANCING STATEMENT #: 067090317861

1b. RECORD TO WHICH THIS STATEMENT RELATES:

**DOCUMENT NUMBER:** 10268190001
**FILING NUMBER:** 0670908369
**FILE DATE/TIME:** 11/3/2006 1:34:00 PM

THE ABOVE SPACE IS FOR THE CA FILING OFFICE USE ONLY

2. Describe the inaccuracy or mistake on the part of the file office:

- ☒ Debtor ☐ Secured Party
- ☐ Name and Address not indexed.
- ☒ Name Indexed incorrectly
- ☐ Address indexed incorrectly

- ☐ File Date entered incorrectly
- ☐ Wrong Action type entered
- ☐ Wrong Filing Type entered
- ☐ Filed in Error
- ☐ Other

3. Describe filing office administrative action taken as a result of inaccuracy or mistake (including date of each action).

- ☐ Added Name:
- ☐ Address:
- ☒ Corrected Name from: MGA EMTERTAINMENT (MEXICO), INC.
- ☒ To: MGA ENTERTAINMENT (MEXICO), INC.
- ☐ Corrected Address from:
- ☐ To:
- ☐ Corrected File Date from          to
- ☐ Re-entered the UCC3          as a
- ☐ Changed the Filing Type from          to
- ☐ Document Deleted
- ☐ Other:

4. Additional Explanation (if applicable):

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
CDD

**07-71137422**
**05/14/2007   11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

12849858003   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
06-7090317861 Filed 10/30/06

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
OR | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 7d. TAX ID #:  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment).** If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
OR | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State; Debtor Name: MGA Entertainment (Mexico), Inc.

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)
Gardner I9513/315438

Exhibit 57
Page 847

## Exhibit A

Debtor:
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a) all Equity Interests now or hereafter acquired or held by Debtor in issuer (the "Issuer") described in Schedule 1 attached hereto;

(b) all payments due or to become due to Debtor in respect of any of the foregoing;

(c) all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d) all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e) all certificates and instruments representing or evidencing any of the foregoing;

(f) all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g) all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

Exhibit 57
Page 848

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

A - 2

Exhibit 57
Page 849

## SCHEDULE 1

**MGA Entertainment (Mexico), Inc.**
Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 100% |

LEGAL02/30237046v2

Exhibit 57
Page 850

**08-71714107**
**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

18335690005   UCC 3 FILING

# UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

76-0000-058-2

CL@S
INFORMATION SERVICES
WWW.CLASINFO.COM
3003 OAKLEY WAY, SUITE 330
SACRAMENTO, CA 95833
TEL-916.564.2000 / 866.932.5695
FAX 916.564.2008

record number  1036 AMIRW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090317861 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the U. REAL ESTATE RECORDS. |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ ASSIGNMENT (full): Give name of assignee in Item 7a or 7b and address of assignee in Item 7c, and also give name of assignor in Item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record.  Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in Item 6a or 6b; also give new name (if name change) in Item 7a or 7b and/or new address (if address change) in Item 7c.     ☐ DELETE name: Give record name to be deleted in Item 6a or 6b.     ☐ ADD name: Complete Item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME  **OMNI 808 Investors LLC, as Agent** | | | |
|---|---|---|---|

OR

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 7c. MAILING ADDRESS  9420 Wilshire Blvd., Suite 400 | CITY  Beverly Hills | STATE CA | POSTAL CODE 90212 | COUNTRY USA |
|---|---|---|---|---|

| 7d. TAX ID #: SSN OR EIN | ADDL INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any                    ☐ NONE |
|---|---|---|---|---|

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ delete ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment).  If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME  **Wachovia Bank, National Association, as Agent** | | | |
|---|---|---|---|

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

**10. OPTIONAL FILER REFERENCE DATA**
Debtor: MGA Entertainment (Mexico), Inc.                                              CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

Exhibit 57
Page 851

A/72646923.1/3001762-0000308275

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Cross-
Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| vs. | PROOF OF SERVICE |
| MATTEL, INC., a Delaware corporation, | Date: TBA<br>Time: TBA<br>Place: TBA |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

quinn emanuel

**quinn emanuel**

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On January 12, 2009, I served true copies of the following document(s) described as:

**[Corrected] Notice of Subpoena Issued to IGWT Group, LLC**

**[Corrected] Notice of Subpoena Issued to IGWT 826 Investments, LLC**

**Notice of Subpoena Issued to Vision Capital, LLC**

**Notice of Subpoena Issued to Wachovia Corporation**

on interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**[ X ]   BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

**[ ]     BY FACSIMILE:** On January 12, 2009, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (213) 443-3100. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 12, 2009, at Los Angeles, California.

Lupe Espinoza

Exhibit 57
Page 853

07209/2736943.1

-2-

1

**SERVICE LIST**

2

3   Mark E. Overland, Esq.
    Alexander H. Cote, Esq.
4   Overland Borenstein Scheper & Kim LLP
    601 W. 5th St., 12th Floor
5   Los Angeles, CA 90017
6   *Attorneys for Carlos Gustavo Machado Gomez*

7   Peter Bonis, Esq.
8   Peter H. Bonis Law Offices
    1990 N. California Blvd., 8th Floor
9   Walnut Creek, CA 94596
10  *Attorney for Carter Bryant*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 57**
**Page 854**

quinn emanuel

07209/2736943.1

-3-

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff and Cross-
   Defendant Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                  EASTERN DIVISION

13  CARTER BRYANT, an            CASE NO. CV 04-9049 SGL (RNBx)
    individual,
14                               Consolidated with Case Nos. CV 04-09059
              Plaintiff,         and CV 05-02727
15
         vs.                     **PROOF OF SERVICE**
16
    MATTEL, INC., a Delaware     Date:   TBA
17  corporation,                 Time:   TBA
                                 Place:  TBA
18            Defendant.

19
    AND CONSOLIDATED
20  ACTIONS

21

22

23

24

25

26

27                      **Exhibit 57**
                        **Page 855**
28

09865/2756070.2
                                              PROOF OF SERVICE

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa St., 10th Floor, Los Angeles, CA 90017.

On January 12, 2009, I served true copies of the following documents described as:

[Corrected] Notice of Subpoena Issued to IGWT Group, LLC

[Corrected] Notice of Subpoena Issued to IGWT 826 Investments, LLC

Notice of Subpoena Issued to Vision Capital, LLC

Notice of Subpoena Issued to Wachovia Corporation

on the parties in this action as follows:

### SEE ATTACHED SERVICE LIST

[√]    **[PERSONAL]** by personally delivering the documents listed below to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 12, 2009, at Los Angeles, California.

_____
David Quintana

Exhibit 57
Page 856

09865/2756070.2

PROOF OF SERVICE

1

2                                    **SERVICE LIST**

3    Thomas J. Nolan, Esq.
     Jason Russell, Esq.
4    Skadden, Arps, Slate, Meagher & Flom LLP
     300 South Grand Ave., Ste. 3400
5    Los Angeles, CA 90071
     *Attorneys for the MGA Parties*
6

7
     Patricia L. Glaser, Esq.
8    Glaser Weil Fink Jacobs & Shapiro LLP
     10250 Constellation Blvd., 19th floor
9    Los Angeles, CA 90067
     *Attorneys for the MGA Parties*
10

11
     Russell J. Frackman, Esq.
12   Mitchell Silberberg & Knupp LLP
     11377 W. Olympic Blvd.
13   Los Angeles, CA 90064
     *Attorneys for the MGA Parties*
14

15

16

17

18

19

20

21

22

23

24

25

26

27                              Exhibit 57
                                Page 857
28

09865/2756070.2

                                                          PROOF OF SERVICE

# EXHIBIT 58

RECEIVED

JAN 2 3 2009

1 | THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
2 | RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
3 | JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
4 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
5 | Los Angeles, CA  90071-3144
Tel.: (213) 687-5000
6 | Fax: (213) 687-5600

7 | Attorneys for The MGA Parties

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **EASTERN DIVISION**

11

12 | CARTER BRYANT, an individual    ) CASE NO. CV 04-9049 SGL (RNBx)

Plaintiff,                       ) Consolidated with Case No. 04-9059
13 |                                  ) and Case No. 05-2727
v.                               )
14 |                                  ) Honorable Stephen G. Larson
MATTEL, INC., a Delaware         )
15 | corporation                      ) **OBJECTIONS OF MGA TO**
                                   ) **MATTEL INC.'S CORRECTED**
16 |     Defendant.                   ) **SUBPOENA TO WACHOVIA**
                                   ) **CORPORATION**
17 |                                  )
                                   )
18 |                                  )
                                   )
19 | _____ )
                                   )
20 | AND CONSOLIDATED ACTIONS.        )
                                   )
21 |                                  )
22

23

24

25

26

27 | **Exhibit 58**
**Page 858**
28

OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO WACHOVIA CORPORATION

MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Parties") hereby respond to Plaintiff Mattel's ("Plaintiff") Subpoena for Production of Documents (the "Requests" or the "Subpoena"), served on Wachovia Corporation, as follows:

## **GENERAL OBJECTIONS**

1.      The MGA Parties object to the Subpoena and each and every Request on the grounds that the Subpoena fails to allow reasonable time for compliance. *See* Fed. R. Civ. P. 45(c)(3)(A)(i).

2.      The MGA Parties object to the Subpoena and each and every Request on the ground that the Subpoena fails to comply with Rule 45's prior notice requirement, rendering the Subpoena a nullity. Fed. R. Civ. P. 45(b)(1) ("Prior notice of any commanded production of documents and things or inspection of premises before trial ***shall*** be served on each party in the manner prescribed by Rule 5(b).") (emphasis added).

3.      The MGA Parties object to the Subpoena and each and every Request to the extent that they seek documents that are protected from disclosure by any applicable privilege, doctrine or right, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, which is protected by virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1 of the California Constitution, and all other rights and privileges recognized under the constitutional, statutory or decisional law of the United States, the State of California, and all relevant jurisdictions. Nothing done in relation to the Subpoena is intended to or shall operate as a waiver by the MGA Parties, intentionally or otherwise, of the attorney-client privilege, work product doctrine protection, or any other applicable privilege, doctrine or immunity protecting the communications, transactions or records of the MGA Parties or any other person from disclosure.

**Exhibit 58**
**Page 859**

1

1        4.     The MGA Parties object to the Subpoena and each and every

2  Request to the extent that they seek documents that are protected from disclosure by

3  the accountant-client privilege.

4        5.     The MGA Parties object to the Subpoena and each and every

5  Request to the extent that they seek documents protected from disclosure by

6  applicable federal and state tax return privileges. *See, e.g., Premium Service Corp. v.*

7  *Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Southern California*

8  *Housing Rights Center. v. Krug*, 2006 U.S. Dist. LEXIS 65330, **9-10 (C.D. Cal.

9  2006); *Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003); *San Francisco Bay*

10  *Area Rapid Transit District v. Spencer*, 2006 U.S. Dist. LEXIS 81681, **3-4 (N.D.

11  Cal. 2006); *see also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957); *Sav-*

12  *On Drugs, Inc. v. Sup. Ct.*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal.

13  App. 3d 557, 562 (1982).

14        6.     The MGA Parties object to the Subpoena and each and every

15  Request to the extent that they seek the production of documents that contain trade

16  secrets, confidential, commercially sensitive and/or other proprietary or competitive

17  information that is subject to Wachovia's, the MGA Parties', or any other person's

18  constitutional, statutory or common law right of privacy or protection. The MGA

19  Parties object to the production of any such documents to the extent they exist. The

20  MGA Parties further object that the requested discovery is barred by Civil Code

21  §3295.

22        7.     The MGA Parties object to the Subpoena and each and every

23  Request on the ground that they seek documents that are not relevant to the claims

24  and defenses in this action or are not reasonably calculated to lead to the discovery of

25  admissible evidence. The documents sought by the Subpoena are irrelevant to any

26  claim or defense at issue in Phase 2 of this case, and the Subpoena appears designed

27  to circumvent the Court's January 7, 2009 Order appointing a forensic auditor to

28  examine MGA's books and records. The auditor's work has just started, and until

1 the auditor issues his report and findings, the discovery Mattel seeks is premature,

2 unduly burdensome, harassing, and irrelevant.

3        8.    The MGA Parties object to the Subpoena and each and every

4 Request to the extent that they are overbroad, otherwise unlimited as to time,

5 oppressive, vague, ambiguous, harassing, annoying, redundant, duplicative,

6 overlapping, repetitive or cumulative, and/or otherwise unduly burdensome, thereby

7 rendering the Subpoena unenforceable. *See, e.g.,* Fed. R. Civ. P. 45(c)(l) ("A party

8 or an attorney responsible for the issuance and service of a subpoena shall take

9 reasonable steps to avoid imposing undue burden or expense on a person subject to

10 that subpoena."); *High Tech Medical Instrumentation v. New Image Indus.*, 161

11 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long held that nonparties

12 subject to discovery requests deserve extra protection from the courts.").

13        9.    The MGA Parties object to the Subpoena and each and every

14 Request insofar as they seek the production of documents that are more easily

15 obtained from other entities, including the parties to this action.

16       10.    Except as otherwise stated below, an objection to a specific

17 document Request does not imply that documents responsive to that category exist or

18 that the MGA Parties accept the purported factual predicate for any Request.

19       11.    Without waiving any of the foregoing General Objections, each

20 of which is expressly incorporated into each individual response as if fully stated

21 therein, the MGA Parties object to each and every specific Request for documents,

22 subject to the following additional express reservations of rights:

23       (a)    The right to object on any and all grounds, at any time, to

24 these or any other requests for production and inspection of documents or other

25 discovery procedures involving or relating to the subject matter of the Requests,

26 including by way of a motion to quash or modify the subpoena or a motion for a

27 protective order; and

28     **Exhibit 58**
      **Page 861**

1         (b)     The right at any time to revise, correct, supplement or

2 clarify any of the objections propounded herein.

3                  **SPECIFIC OBJECTIONS AND RESPONSES**

4 REQUEST NO. 1:

5       All agreements, contracts and written communications between MGA

6 Entertainment, Inc. and Wachovia since January 1, 2007.

7 RESPONSE TO REQUEST NO. 1:

8       The MGA Parties incorporate by reference their General Objections as though

9 fully set forth herein.  The MGA Parties further object that the Discovery Master

10 already has ruled on similarly phrased requests to third parties, including in an Order

11 dated May 7, 2008, concluding that requests using phrases like "all agreements

12 contracts, and written communications" are overly broad, vague, unduly burdensome,

13 and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.

14 The MGA Parties further object that this request calls for the production of

15 documents that are not relevant to any claim or defense in the pending litigation or

16 reasonably calculated to lead to the discovery of admissible evidence.  The Request

17 appears designed to circumvent the Court's January 7 Order appointing a forensic

18 auditor and requiring Mattel to pay the auditor's costs in the first instance.

19       The MGA Parties further object to this request to the extent that it seeks

20 documents that contain trade secrets, confidential, commercially sensitive and/or

21 other proprietary or competitive information that is subject to the MGA Parties' or

22 any other person's constitutional, statutory or common law right of privacy or

23 protection.  The MGA Parties further object to this request as being overly broad,

24 burdensome and harassing to a non-party to the extent that it seeks to force a third

25 party to produce documents or information available from parties to the litigation.

26 The MGA Parties further object to this request on the grounds that it is overbroad as

27 to subject matter and time; in particular, the MGA Parties object that the phrases "all

28

1  agreements" and "all communications" are not tied in any way to any claim, defense
2  or other issues involved in Phase 2 of this litigation.

3

4  REQUEST NO. 2:

5         All agreements, contracts and written communications between OmniNet
6  Capital, LLC and Wachovia since January 1, 2007.

7  RESPONSE TO REQUEST NO. 2:

8         The MGA Parties incorporate by reference their General Objections as though
9  fully set forth herein.  The MGA Parties further object that the Discovery Master
10  already has ruled on similarly phrased requests to third parties, including in an Order
11  dated May 7, 2008, concluding that requests using phrases like "all agreements
12  contracts, and written communications" are overly broad, vague, unduly burdensome,
13  and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.
14  The MGA Parties further object that this request calls for the production of
15  documents that are not relevant to any claim or defense in the pending litigation or
16  reasonably calculated to lead to the discovery of admissible evidence.  The Request
17  appears designed to circumvent the Court's January 7 Order appointing a forensic
18  auditor and requiring Mattel to pay the auditor's costs in the first instance.

19         The MGA Parties further object to this request to the extent that it seeks
20  documents that contain trade secrets, confidential, commercially sensitive and/or
21  other proprietary or competitive information that is subject to the MGA Parties' or
22  any other person's constitutional, statutory or common law right of privacy or
23  protection.  The MGA Parties further object to this request as being overly broad,
24  burdensome and harassing to a non-party to the extent that it seeks to force a third
25  party to produce documents or information available from parties to the litigation.
26  The MGA Parties further object to this request on the grounds that it is overbroad as
27  to subject matter and time; in particular, the MGA Parties object that the phrases "all
28

1  agreements" and "all communications" are not tied in any way to any claim, defense
2  or other issues involved in Phase 2 of this litigation.

3

4  <u>REQUEST NO. 3</u>:

5      All agreements, contracts and written communications between Omni 808
6  Investors, LLC and Wachovia since January 1, 2007.

7  <u>RESPONSE TO REQUEST NO. 3</u>:

8      The MGA Parties incorporate by reference their General Objections as though
9  fully set forth herein. The MGA Parties further object that the Discovery Master
10 already has ruled on similarly phrased requests to third parties, including in an Order
11 dated May 7, 2008, concluding that requests using phrases like "all agreements
12 contracts, and written communications" are overly broad, vague, unduly burdensome,
13 and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders.
14 The MGA Parties further object that this request calls for the production of
15 documents that are not relevant to any claim or defense in the pending litigation or
16 reasonably calculated to lead to the discovery of admissible evidence. The Request
17 appears designed to circumvent the Court's January 7 Order appointing a forensic
18 auditor and requiring Mattel to pay the auditor's costs in the first instance.

19     The MGA Parties further object to this request to the extent that it seeks
20 documents that contain trade secrets, confidential, commercially sensitive and/or
21 other proprietary or competitive information that is subject to the MGA Parties' or
22 any other person's constitutional, statutory or common law right of privacy or
23 protection. The MGA Parties further object to this request as being overly broad,
24 burdensome and harassing to a non-party to the extent that it seeks to force a third
25 party to produce documents or information available from parties to the litigation.
26 The MGA Parties further object to this request on the grounds that it is overbroad as
27 to subject matter and time; in particular, the MGA Parties object that the phrases "all

28

**Exhibit 58**
**Page 864**

6

1 agreements" and "all communications" are not tied in any way to any claim, defense
2 or other issues involved in Phase 2 of this litigation.

3

4 REQUEST NO. 4:

5      All agreements, contracts and written communications between Isaac Larian
6 and Wachovia since January 1, 2007.

7 RESPONSE TO REQUEST NO. 4:

8      The MGA Parties incorporate by reference their General Objections as though
9 fully set forth herein. The MGA Parties further object that the Discovery Master
10 already has ruled on similarly phrased requests to third parties, including in an Order
11 dated May 7, 2008, concluding that requests using phrases like "all agreements
12 contracts, and written communications" are overly broad, vague, unduly burdensome,
13 and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders.
14 The MGA Parties further object that this request calls for the production of
15 documents that are not relevant to any claim or defense in the pending litigation or
16 reasonably calculated to lead to the discovery of admissible evidence. The Request
17 appears designed to circumvent the Court's January 7 Order appointing a forensic
18 auditor and requiring Mattel to pay the auditor's costs in the first instance.

19      The MGA Parties further object to this request to the extent that it seeks
20 documents that contain trade secrets, confidential, commercially sensitive and/or
21 other proprietary or competitive information that is subject to the MGA Parties' or
22 any other person's constitutional, statutory or common law right of privacy or
23 protection. The MGA Parties further object to this request as being overly broad,
24 burdensome and harassing to a non-party to the extent that it seeks to force a third
25 party to produce documents or information available from parties to the litigation.
26 The MGA Parties further object to this request on the grounds that it is overbroad as
27 to subject matter and time; in particular, the MGA Parties object that the phrases "all

28     **Exhibit 58**
        **Page 865**

7

1  agreements" and "all communications" are not tied in any way to any claim, defense
2  or other issues involved in Phase 2 of this litigation.

3

4  REQUEST NO. 5

5      All agreements and contracts referring or relating to any indebtedness owed by
6  MGA Entertainment, Inc. or any credit extended to MGA Entertainment, Inc. since
7  January 1, 2007, and any amendments or modifications thereto, and any
8  communications related to any such agreements or contracts.

9  RESPONSE TO REQUEST NO. 5

10      The MGA Parties incorporate by reference their General Objections as though
11  fully set forth herein.  The MGA Parties further object that the Discovery Master
12  already has ruled on similarly phrased requests to third parties, including in an Order
13  dated May 7, 2008, concluding that requests using phrases like "all agreements,"
14  "any communications," and "referring to or relating to" are overly broad, vague,
15  unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates
16  these prior Court Orders.  The MGA Parties further object that this request calls for
17  the production of documents that are not relevant to any claim or defense in the
18  pending litigation or reasonably calculated to lead to the discovery of admissible
19  evidence.  The Request appears designed to circumvent the Court's January 7 Order
20  appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the
21  first instance.

22      The MGA Parties further object to this request to the extent that it seeks
23  documents that contain trade secrets, confidential, commercially sensitive and/or
24  other proprietary or competitive information that is subject to the MGA Parties' or
25  any other person's constitutional, statutory or common law right of privacy or
26  protection.  The MGA Parties further object to this request as being overly broad,
27  burdensome and harassing to a non-party to the extent that it seeks to force a third
28  party to produce documents or information available from parties to the litigation.

Exhibit 58
Page 866

1  The MGA Parties further object to this request on the grounds that it is overbroad as

2  to subject matter and time; in particular, the MGA Parties object that the phrases "all

3  documents," "referring or relating to," and "any communications" are are not tied in

4  any way to any claim, defense or other issues involved in Phase 2 of this litigation.

5

6  REQUEST NO. 6

7       The information provided to you by MGA Entertainment, Inc. for purposes of

8  entering into or modifying any agreement or contract, or any potential agreement or

9  contract, at any time since January 1, 2007.

10  RESPONSE TO REQUEST NO. 6

11      The MGA Parties incorporate by reference their General Objections as though

12  fully set forth herein.  The MGA Parties further object that this request calls for the

13  production of documents that are not relevant to any claim or defense in the pending

14  litigation or reasonably calculated to lead to the discovery of admissible evidence.

15  The Request appears designed to circumvent the Court's January 7 Order appointing

16  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

17  The MGA Parties further object to this request to the extent that it seeks documents

18  that contain trade secrets, confidential, commercially sensitive and/or other

19  proprietary or competitive information that is subject to the MGA Parties' or any

20  other person's constitutional, statutory or common law right of privacy or protection.

21  The MGA Parties further object to this request as being overly broad, burdensome

22  and harassing to a non-party to the extent that it seeks to force a third party to

23  produce documents or information available from parties to the litigation.  The MGA

24  Parties further object to this request on the grounds that it is overbroad as to subject

25  matter and time; in particular, the MGA Parties object that the phrase "any

26  agreement or contract" is not tied in any way to any claim, defense or other issues

27  involved in Phase 2 of this litigation.

28

**Exhibit 58**
**Page 867**

9

1  REQUEST NO. 7

2       Any explanation or justification that you understood or was provided for why

3  MGA Entertainment, Inc. needed or sought any loan agreement or line of credit or

4  other financing arrangement from Wachovia Corporation since January 1, 2007.

5  RESPONSE TO REQUEST NO. 7

6       The MGA Parties incorporate by reference their General Objections as though

7  fully set forth herein. The MGA Parties further object that this request calls for the

8  production of documents that are not relevant to any claim or defense in the pending

9  litigation or reasonably calculated to lead to the discovery of admissible evidence.

10  The Request appears designed to circumvent the Court's January 7 Order appointing

11  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

12  The MGA Parties further object to this request to the extent that it seeks documents

13  that contain trade secrets, confidential, commercially sensitive and/or other

14  proprietary or competitive information that is subject to the MGA Parties' or any

15  other person's constitutional, statutory or common law right of privacy or protection.

16  The MGA Parties further object to this request as being overly broad, burdensome

17  and harassing to a non-party to the extent that it seeks to force a third party to

18  produce documents or information available from parties to the litigation. The MGA

19  Parties further object to this request on the grounds that it is overbroad as to subject

20  matter and time; in particular, the MGA Parties object that the phrase "any

21  explanation or justification" is vague, ambiguous and not tied in any way to any

22  claim, defense or other issues involved in Phase 2 of this litigation.

23

24

25

26

27

28

Exhibit 58
Page 868

10

REQUEST NO. 8

All documents referring or relating to any other MGA Entertainment, Inc. lenders or persons who extended or were requested to extend a line of credit to MGA Entertainment, Inc. since January 1, 2007.

RESPONSE TO REQUEST NO. 8

The MGA Parties incorporate by reference their General Objections as though fully set forth herein. The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents" and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Parties' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Parties further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force a third party to produce documents or information available from parties to the litigation. The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all documents" and "referring or relating to" are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

Exhibit 58
Page 869

11

1  REQUEST NO. 9:

2      All documents referring or relating to any lenders or persons who have taken a

3  security interest in any MGA Entertainment, Inc. asset since January 1, 2007.

4  RESPONSE TO REQUEST NO. 9:

5      The MGA Parties incorporate by reference their General Objections as though

6  fully set forth herein.  The MGA Parties further object that the Discovery Master

7  already has ruled on similarly phrased requests to third parties, including in an Order

8  dated May 7, 2008, concluding that requests using phrases like "all documents" and

9  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

10  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

11  MGA Parties further object that this request calls for the production of documents

12  that are not relevant to any claim or defense in the pending litigation or reasonably

13  calculated to lead to the discovery of admissible evidence.  The Request appears

14  designed to circumvent the Court's January 7 Order appointing a forensic auditor

15  and requiring Mattel to pay the auditor's costs in the first instance.

16      The MGA Parties further object to this request to the extent that it seeks

17  documents that contain trade secrets, confidential, commercially sensitive and/or

18  other proprietary or competitive information that is subject to the MGA Parties' or

19  any other person's constitutional, statutory or common law right of privacy or

20  protection.  The MGA Parties further object to this request as being overly broad,

21  burdensome and harassing to a non-party to the extent that it seeks to force a third

22  party to produce documents or information available from parties to the litigation.

23  The MGA Parties further object to this request on the grounds that it is overbroad as

24  to subject matter and time; in particular, the MGA Parties object that the phrases "all

25  documents" and "referring or relating to" are not tied in any way to any claim,

26  defense or other issues involved in Phase 2 of this litigation.

27

28

Exhibit 58
Page 870

12

1  REQUEST NO. 10:

2       All documents referring or relating to the assignment of your security interest

3  in MGA Entertainment, Inc. assets, as identified in the U.C.C. financing statements

4  attached as Exhibit 1, to Omni 808 Investors, LLC.

5  RESPONSE TO REQUEST NO. 10:

6       The MGA Parties incorporate by reference their General Objections as though

7  fully set forth herein.  The MGA Parties further object that the Discovery Master

8  already has ruled on similarly phrased requests to third parties, including in an Order

9  dated May 7, 2008, concluding that requests using phrases like "all documents" and

10  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

11  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

12  MGA Parties further object that this request calls for the production of documents

13  that are not relevant to any claim or defense in the pending litigation or reasonably

14  calculated to lead to the discovery of admissible evidence.  The Request appears

15  designed to circumvent the Court's January 7 Order appointing a forensic auditor

16  and requiring Mattel to pay the auditor's costs in the first instance.

17       The MGA Parties further object to this request to the extent that it seeks

18  documents that contain trade secrets, confidential, commercially sensitive and/or

19  other proprietary or competitive information that is subject to the MGA Parties' or

20  any other person's constitutional, statutory or common law right of privacy or

21  protection.  The MGA Parties further object to this request as being overly broad,

22  burdensome and harassing to a non-party to the extent that it seeks to force a third

23  party to produce documents or information available from parties to the litigation.

24  The MGA Parties further object to this request on the grounds that it is overbroad as

25  to subject matter and time; in particular, the MGA Parties object that the phrases "all

26  documents" and "referring or relating to" are not tied in any way to any claim,

27  defense or other issues involved in Phase 2 of this litigation.

28                    **Exhibit 58**
                      **Page 871**

OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO WACHOVIA CORPORATION

1  REQUEST NO. 11

2      All communications with Omni 808 Investors, LLC, OmniNet Capital, LLC or

3  Neil Kadisha referring or relating to Vision Capital, LLC, Lexington Financial, LLC,

4  Mattel, MGA, Isaac Larian, any family member of Isaac Larian, Fred Mashian

5  and/or Bratz.

6  RESPONSE TO REQUEST NO. 11:

7      The MGA Parties incorporate by reference their General Objections as though

8  fully set forth herein. The MGA Parties further object that the Discovery Master

9  already has ruled on similarly phrased requests to third parties, including in an Order

10  dated May 7, 2008, concluding that requests using phrases like "all communications"

11  and "referring or relating" are overly broad, vague, unduly burdensome, and seek

12  irrelevant information. Mattel's Subpoena violates these prior Court Orders. The

13  MGA Parties further object that this request calls for the production of documents

14  that are not relevant to any claim or defense in the pending litigation or reasonably

15  calculated to lead to the discovery of admissible evidence. The Request appears

16  designed to circumvent the Court's January 7 Order appointing a forensic auditor

17  and requiring Mattel to pay the auditor's costs in the first instance.

18      The MGA Parties further object to this request to the extent that it seeks

19  documents that contain trade secrets, confidential, commercially sensitive and/or

20  other proprietary or competitive information that is subject to the MGA Parties' or

21  any other person's constitutional, statutory or common law right of privacy or

22  protection. The MGA Parties further object to this request on the grounds that it is

23  overbroad as to subject matter and time; in particular, the MGA Parties object that

24  the phrase "all communications" is unbounded by any date limitation and are not tied

25  in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

26

27                                                      Exhibit 58
                                                         Page 872
28

OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO WACHOVIA CORPORATION

1  REQUEST NO. 12:

2       All communications with MGA Entertainment, Inc. referring or relating to

3  Vision Capital, LLC, Lexington Financial, LLC, Mattel, Isaac Larian, any family

4  member of Isaac Larian, Neil Kadisha, Fred Mashian and/or Bratz since January 1,

5  2007.

6  RESPONSE TO REQUEST NO. 12:

7       The MGA Parties incorporate by reference their General Objections as though

8  fully set forth herein.  The MGA Parties further object that the Discovery Master

9  already has ruled on similarly phrased requests to third parties, including in an Order

10  dated May 7, 2008, concluding that requests using phrases like "all communications"

11  and "referring or relating" are overly broad, vague, unduly burdensome, and seek

12  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

13  MGA Parties further object that this request calls for the production of documents

14  that are not relevant to any claim or defense in the pending litigation or reasonably

15  calculated to lead to the discovery of admissible evidence.  The Request appears

16  designed to circumvent the Court's January 7 Order appointing a forensic auditor

17  and requiring Mattel to pay the auditor's costs in the first instance.

18       The MGA Parties further object to this request to the extent that it seeks

19  documents that contain trade secrets, confidential, commercially sensitive and/or

20  other proprietary or competitive information that is subject to the MGA Parties' or

21  any other person's constitutional, statutory or common law right of privacy or

22  protection.  The MGA Parties further object to this request on the grounds that it is

23  overbroad as to subject matter and time; in particular, the MGA Parties object that

24  the phrase "all communications" is unbounded by any date limitation and are not tied

25  in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

26

27                        **Exhibit 58**
                      **Page 873**

28

OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO WACHOVIA CORPORATION

1  DATED:  January 28, 2009

2                                        SKADDEN, ARPS, SLATE, MEAGHER &
                                         FLOM, LLP
3

4                                        By:  _____
                                              Robert J. Herrington
5                                             Attorneys for the MGA Parties

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27        Exhibit 58
          Page 874
28

                                        16

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071.

On **January 28, 2009,** I served the foregoing documents described as:

**OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO WACHOVIA CORPORATION**

on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

**(X)** (BY PERSONAL SERVICE)   ☐   By personally delivering copies to the person served. (FEDERAL)

☒   I caused such document to be hand delivered to the above addressees. (FEDERAL)

**(X)** (BY U.S. MAIL)

**(X)** (VIA FACSIMILE)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **January 28, 2009,** in Los Angeles, California.

Karoleen Tshabourian
PRINT NAME

SIGNATURE

Exhibit 58
Page 875

PROOF OF SERVICE

2

NO. CV 04-9049 SGL (RNBx)

## SERVICE LIST

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
John Quinn, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
**[By Personal Service]**

Patricia Glaser, Esq.
Joel Klevens, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067
(310) 553-3000
(310) 556-2920 (Fax)
**[By U.S. Mail and Facsimile]**

Russell J. Frackman
Patricia H. Benson
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000
(310) 312-3100 (Fax)
**[By U.S. Mail and Facsimile]**

Neal Potischman
Davis Polk & Wardwell
1600 El Camino Real
Menlo Park, California 94025
(650) 752-2021
Fax: (650) 752-3621
Attorneys for Wachovia Corporation
**[By U.S. Mail and Facsimile]**

**Exhibit 58**
**Page 876**

PROOF OF SERVICE

NO. CV 04-9049 SGL (RNBx)

# EXHIBIT 59

RECEIVED

JAN 2 8 2009

1   THOMAS J. NOLAN (Bar No. 66992)
    (tnolan@skadden.com)
2   RAOUL D. KENNEDY (Bar No. 40892)
    (rkennedy@skadden.com)
3   JASON D. RUSSELL (Bar No. 169219)
    (jrussell@skadden.com)
4   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    300 South Grand Avenue, Suite 3400
5   Los Angeles, CA  90071-3144
    Tel.: (213) 687-5000
6   Fax: (213) 687-5600

7   Attorneys for The MGA Parties

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                     EASTERN DIVISION

11  CARTER BRYANT, an individual      )  CASE NO. CV 04-9049 SGL (RNBx)
                                      )
12                    Plaintiff,      )  Consolidated with Case No. 04-9059
                                      )  and Case No. 05-2727
13       v.                           )
                                      )  Honorable Stephen G. Larson
14  MATTEL, INC., a Delaware          )
    corporation                       )  **OBJECTIONS OF MGA TO**
15                                    )  **MATTEL INC.'S CORRECTED**
                      Defendant.      )  **SUBPOENA TO IGWT 826**
16                                    )  **INVESTMENTS, LLC**
                                      )
17                                    )
                                      )
18                                    )
                                      )
19                                    )
                                      )
20  AND CONSOLIDATED ACTIONS.         )
                                      )
21                                    )
                                      )
22

23

24

25

26

27          **Exhibit 59**
            **Page 877**
28

───────────────────────────────────────────────
OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO IGWT 826 INVESTMENTS, LLC

1           MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)

2  Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Parties") hereby respond

3  to Plaintiff Mattel's ("Plaintiff") Corrected Subpoena for Production of Documents

4  (the "Requests" or the "Subpoena"), served on IGWT Investments, LLC, as follows:

5                           **GENERAL OBJECTIONS**

6           1.     The MGA Parties object to the Subpoena and each and every

7  Request on the grounds that the Subpoena fails to allow reasonable time for

8  compliance.  *See* Fed. R. Civ. P. 45(c)(3)(A)(i).

9           2.     The MGA Parties object to the Subpoena and each and every

10  Request on the ground that the Subpoena fails to comply with Rule 45's prior notice

11  requirement, rendering the Subpoena a nullity.  Fed. R. Civ. P. 45(b)(1) ("Prior

12  notice of any commanded production of documents and things or inspection of

13  premises before trial ***shall*** be served on each party in the manner prescribed by Rule

14  5(b).") (emphasis added).

15           3.     The MGA Parties object to the Subpoena and each and every

16  Request to the extent that they seek documents that are protected from disclosure by

17  any applicable privilege, doctrine or right, including without limitation the attorney-

18  client privilege, the work product doctrine, the right of privacy, which is protected by

19  virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1

20  of the California Constitution, and all other rights and privileges recognized under

21  the constitutional, statutory or decisional law of the United States, the State of

22  California, and all relevant jurisdictions.  Nothing done in relation to the Subpoena is

23  intended to or shall operate as a waiver by the MGA Parties, intentionally or

24  otherwise, of the attorney-client privilege, work product doctrine protection, or any

25  other applicable privilege, doctrine or immunity protecting the communications,

26  transactions or records of the MGA Parties or any other person from disclosure.

27

28                                           **Exhibit 59**
                                         **Page 878**

OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO IGWT 826 INVESTMENTS, LLC

1       4.    The MGA Parties object to the Subpoena and each and every

2  Request to the extent that they seek documents that are protected from disclosure by

3  the accountant-client privilege.

4       5.    The MGA Parties object to the Subpoena and each and every

5  Request to the extent that they seek documents protected from disclosure by

6  applicable federal and state tax return privileges. *See, e.g., Premium Service Corp. v.*

7  *Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Southern California*

8  *Housing Rights Center. v. Krug,* 2006 U.S. Dist. LEXIS 65330, \*\*9-10 (C.D. Cal.

9  2006); *Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003); *San Francisco Bay*

10  *Area Rapid Transit District v. Spencer*, 2006 U.S. Dist. LEXIS 81681, \*\*3-4 (N.D.

11  Cal. 2006); *see also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957); *Sav-*

12  *On Drugs, Inc. v. Sup. Ct.*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal.

13  App. 3d 557, 562 (1982).

14       6.    The MGA Parties object to the Subpoena and each and every

15  Request to the extent that they seek the production of documents that contain trade

16  secrets, confidential, commercially sensitive and/or other proprietary or competitive

17  information that is subject to IGWT 826 Investment's, the MGA Parties', or any

18  other person's constitutional, statutory or common law right of privacy or protection.

19  The MGA Parties object to the production of any such documents to the extent they

20  exist.  The MGA Parties further object that the requested discovery violates Civil

21  Code § 3295.

22       7.    The MGA Parties object to the Subpoena and each and every

23  Request on the ground that they seek documents that are not relevant to the claims

24  and defenses in this action or are not reasonably calculated to lead to the discovery of

25  admissible evidence.  The documents sought by the Subpoena are irrelevant to any

26  claim or defense at issue in Phase 2 of this case, and the Subpoena appears designed

27  to circumvent the Court's January 7, 2009 Order appointing a forensic auditor to

28  examine MGA's books and records.  The auditor's work has just started, and until

1 the auditor issues his report and findings, the discovery Mattel seeks is premature,

2 unduly burdensome, harassing, and irrelevant.

3         8.     The MGA Parties object to the Subpoena and each and every

4 Request to the extent that they are overbroad, otherwise unlimited as to time,

5 oppressive, vague, ambiguous, harassing, annoying, redundant, duplicative,

6 overlapping, repetitive or cumulative, and/or otherwise unduly burdensome, thereby

7 rendering the Subpoena unenforceable. *See, e.g.,* Fed. R. Civ. P. 45(c)(l) ("A party

8 or an attorney responsible for the issuance and service of a subpoena shall take

9 reasonable steps to avoid imposing undue burden or expense on a person subject to

10 that subpoena."); *High Tech Medical Instrumentation v. New Image Indus.*, 161

11 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long held that nonparties

12 subject to discovery requests deserve extra protection from the courts.").

13         9.     The MGA Parties object to the Subpoena and each and every

14 Request insofar as they seek the production of documents that are more easily

15 obtained from other entities, including the parties to this action.

16         10.     Except as otherwise stated below, an objection to a specific

17 document Request does not imply that documents responsive to that category exist or

18 that the MGA Parties accept the purported factual predicate for any Request.

19         11.     Without waiving any of the foregoing General Objections, each

20 of which is expressly incorporated into each individual response as if fully stated

21 therein, the MGA Parties object to each and every specific Request for documents,

22 subject to the following additional express reservations of rights:

23         (a)     The right to object on any and all grounds, at any time, to

24 these or any other requests for production and inspection of documents or other

25 discovery procedures involving or relating to the subject matter of the Requests,

26 including by way of a motion to quash or modify the subpoena or a motion for a

27 protective order; and

28

**Exhibit 59
Page 880**

3

1               (b)    The right at any time to revise, correct, supplement or

2  clarify any of the objections propounded herein.

3                   **SPECIFIC OBJECTIONS AND RESPONSES**

4  REQUEST NO. 1:

5       All documents referring or relating to agreements, contracts, transactions,

6  sales, shipments or the direct or indirect transfer of any item of value between MGA

7  Entertainment, Inc., its affiliates, Isaac Larian or his family members and IGWT 826

8  Investments, LLC.

9  RESPONSE TO REQUEST NO. 1:

10      The MGA Parties incorporate by reference their General Objections as though

11  fully set forth herein.  The MGA Parties further object that the Discovery Master

12  already has ruled on similarly phrased requests to third parties, including in an Order

13  dated May 7, 2008, concluding that requests using phrases like "all documents," and

14  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

15  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

16  MGA Parties further object that this request calls for the production of documents

17  that are not relevant to any claim or defense in the pending litigation or reasonably

18  calculated to lead to the discovery of admissible evidence.  The Request appears

19  designed to circumvent the Court's January 7 Order appointing a forensic auditor

20  and requiring Mattel to pay the auditor's costs in the first instance.

21      The MGA Parties further object to this request to the extent that this request

22  seeks information that is protected from disclosure under the attorney-client privilege,

23  the work product doctrine and/or the joint interest privilege.  The MGA Parties

24  further object to this request to the extent that it seeks documents that contain trade

25  secrets, confidential, commercially sensitive and/or other proprietary or competitive

26  information that is subject to the MGA Parties' or any other person's constitutional,

27  statutory or common law right of privacy or protection.  The MGA Parties further

28  object to this request as being overly broad, burdensome and harassing to a non-party

**Exhibit 59**    4
**Page 881**
OBJECTI'      'S CORRECTED SUBPOENA TO IGWT 826 INVESTMENTS, LLC

1   to the extent that it seeks to force a third party to produce documents or information

2   available from parties to the litigation.  The MGA Parties further object to this

3   request on the grounds that it is overbroad as to subject matter and time; in particular,

4   the MGA Parties object that the phrases "all documents" and "referring or relating

5   to" are unbounded by any date limitation and are not tied in any way to any claim,

6   defense or other issues involved in Phase 2 of this litigation.

7

8   REQUEST NO. 2:

9         All documents referring or relating to the revenue generated by IGWT 826

10  Investments, LLC's sales, licensing, distribution or other transfer of Bratz products

11  and the transfer or disposition of such revenue.

12  RESPONSE TO REQUEST NO. 2:

13        The MGA Parties incorporate by reference their General Objections as though

14  fully set forth herein.  The MGA Parties further object that the Discovery Master

15  already has ruled on similarly phrased requests to third parties, including in an Order

16  dated May 7, 2008, concluding that requests using phrases like "all documents" and

17  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

18  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

19  MGA Parties further object that this request calls for the production of documents

20  that are not relevant to any claim or defense in the pending litigation or reasonably

21  calculated to lead to the discovery of admissible evidence.  The Request appears

22  designed to circumvent the Court's January 7 Order appointing a forensic auditor

23  and requiring Mattel to pay the auditor's costs in the first instance.

24        The MGA Parties further object to this request to the extent that this request

25  seeks information that is protected from disclosure under the attorney-client privilege,

26  the work product doctrine and/or the joint interest privilege.  The MGA Parties

27  further object to this request to the extent that it seeks documents that contain trade

28  secrets, confidential, commercially sensitive and/or other proprietary or competitive

5

1   information that is subject to the any person's constitutional, statutory or common

2   law right of privacy or protection.  The MGA Parties further object to this request on

3   the grounds that it is overbroad as to subject matter and time; in particular, the MGA

4   Parties object that the phrases "all documents" and "referring or relating to" are

5   unbounded by any date limitation and are not tied in any way to any claim, defense

6   or other issues involved in Phase 2 of this litigation.

7

8   REQUEST NO. 3:

9       Documents sufficient to identify-(a) each member, managing member, holder

10  of any ownership interest in, shareholder, officer and director of IGWT 826

11  Investments, LLC and (b) the dates of such person's affiliation with IGWT 826

12  Investments, LLC.

13  RESPONSE TO REQUEST NO. 3:

14      The MGA Parties incorporate by reference their General Objections as though

15  fully set forth herein.  The MGA Parties further object that this request calls for the

16  production of documents that are not relevant to any claim or defense in the pending

17  litigation or reasonably calculated to lead to the discovery of admissible evidence.

18  The Request appears designed to circumvent the Court's January 7 Order appointing

19  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

20  The MGA Parties further object to this request to the extent that it seeks documents

21  that contain trade secrets, confidential, commercially sensitive and/or other

22  proprietary or competitive information that is subject to any person's constitutional,

23  statutory or common law right of privacy or protection.  The MGA Parties further

24  object to this request on the grounds that it is overbroad as to subject matter and time.

25

26

27

28

**Exhibit 59**
**Page 883**

6

1   REQUEST NO. 4:

2       All documents referring or relating to all contributions, loans and any sources

3   of funding for IGWT 826 Investments, LLC during the last twelve months, including

4   but not limited to agreements and/or contracts supporting these transactions.

5   RESPONSE TO REQUEST NO. 4:

6       The MGA Parties incorporate by reference their General Objections as though

7   fully set forth herein.  The MGA Parties further object that the Discovery Master

8   already has ruled on similarly phrased requests to third parties, including in an Order

9   dated May 7, 2008, concluding that requests using phrases like "all documents" and

10   "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

11   irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

12   MGA Parties further object that this request calls for the production of documents

13   that are not relevant to any claim or defense in the pending litigation or reasonably

14   calculated to lead to the discovery of admissible evidence.  The Request appears

15   designed to circumvent the Court's January 7 Order appointing a forensic auditor

16   and requiring Mattel to pay the auditor's costs in the first instance.

17       The MGA Parties further object to this request to the extent that this request

18   seeks information that is protected from disclosure under the attorney-client privilege,

19   the work product doctrine and/or the joint interest privilege.  The MGA Parties

20   further object to this request to the extent that it seeks documents that contain trade

21   secrets, confidential, commercially sensitive and/or other proprietary or competitive

22   information that is subject to any person's constitutional, statutory or common law

23   right of privacy or protection.  The MGA Parties further object to this request on the

24   grounds that it is overbroad as to subject matter and time; in particular, the MGA

25   Parties object that the phrases "all documents" and "referring or relating to" are not

26   tied in any way to any claim, defense or other issues involved in Phase 2 of this

27   litigation.

28

**Exhibit 59**
**Page 884**

7

1 | REQUEST NO. 5

2      All documents referring or relating to transactions involving any

3 | compensation, loans, advances, payments, fees or any other form of consideration

4 | paid by IGWT 826 Investments, LLC to Isaac Larian, his family members, or

5 | affiliates, or any other related party.

6 | RESPONSE TO REQUEST NO. 5

7      The MGA Parties incorporate by reference their General Objections as though

8 | fully set forth herein. The MGA Parties further object that the Discovery Master

9 | already has ruled on similarly phrased requests to third parties, including in an Order

10 | dated May 7, 2008, concluding that requests using phrases like "all documents" and

11 | "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

12 | irrelevant information. Mattel's Subpoena violates these prior Court Orders. The

13 | MGA Parties further object that this request calls for the production of documents

14 | that are not relevant to any claim or defense in the pending litigation or reasonably

15 | calculated to lead to the discovery of admissible evidence. The Request appears

16 | designed to circumvent the Court's January 7 Order appointing a forensic auditor

17 | and requiring Mattel to pay the auditor's costs in the first instance.

18      The MGA Parties further object to this request to the extent that this request

19 | seeks information that is protected from disclosure under the attorney-client privilege,

20 | the work product doctrine and/or the joint interest privilege. The MGA Parties

21 | further object to this request to the extent that it seeks documents that contain trade

22 | secrets, confidential, commercially sensitive and/or other proprietary or competitive

23 | information that is subject to any person's constitutional, statutory or common law

24 | right of privacy or protection. The MGA Parties further object to this request on the

25 | grounds that it is overbroad as to subject matter and time; in particular, the MGA

26 | Parties object that the phrases "all documents," "referring or relating to," and

27 | "related party" are unbounded by any date limitation and are not tied in any way to

28 | any claim, defense or other issues involved in Phase 2 of this litigation.

1

2 REQUEST NO. 6

3      Any and all records that substantiate transfers of assets by IGWT 826

4 Investments, LLC to other entities, individuals, and/or parties, within the U.S. and

5 outside of the U.S.

6 RESPONSE TO REQUEST NO. 6

7      The MGA Parties incorporate by reference their General Objections as though

8 fully set forth herein. The MGA Parties further object that the Discovery Master

9 already has ruled on similarly phrased requests to third parties, including in an Order

10 dated May 7, 2008, concluding that requests using phrases like "any and all records"

11 are overly broad, vague, unduly burdensome, and seek irrelevant information.

12 Mattel's Subpoena violates these prior Court Orders. The MGA Parties further

13 object that this request calls for the production of documents that are not relevant to

14 any claim or defense in the pending litigation or reasonably calculated to lead to the

15 discovery of admissible evidence. The Request appears designed to circumvent the

16 Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the

17 auditor's costs in the first instance.

18      The MGA Parties further object to this request to the extent that this request

19 seeks information that is protected from disclosure under the attorney-client privilege,

20 the work product doctrine and/or the joint interest privilege. The MGA Parties

21 further object to this request to the extent that it seeks documents that contain trade

22 secrets, confidential, commercially sensitive and/or other proprietary or competitive

23 information that is subject to any person's constitutional, statutory or common law

24 right of privacy or protection. The MGA Parties further object to this request on the

25 grounds that it is overbroad as to subject matter and time; in particular, the MGA

26 Parties object that the phrases "any and all records" and "transfers of assets" are

27 unbounded by any date limitation and are not tied in any way to any claim, defense

28 or other issues involved in Phase 2 of this litigation.

1

2 | REQUEST NO. 7

3 |     All communications referring or relating to Vision Capital, LLC, Lexington

4 | Financial, LLC, Mattel, MGA, Isaac Larian and/or Bratz.

5 | RESPONSE TO REQUEST NO. 7

6 |     The MGA Parties incorporate by reference their General Objections as though

7 | fully set forth herein.  The MGA Parties further object that the Discovery Master

8 | already has ruled on similarly phrased requests to third parties, including in an Order

9 | dated May 7, 2008, concluding that requests using phrases like "all

10 | communications," and "referring to or relating to" are overly broad, vague, unduly

11 | burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior

12 | Court Orders.  The MGA Parties further object that this request calls for the

13 | production of documents that are not relevant to any claim or defense in the pending

14 | litigation or reasonably calculated to lead to the discovery of admissible evidence.

15 | The Request appears designed to circumvent the Court's January 7 Order appointing

16 | a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

17 |     The MGA Parties further object to this request to the extent that this request

18 | seeks information that is protected from disclosure under the attorney-client privilege,

19 | the work product doctrine and/or the joint interest privilege.  The MGA Parties

20 | further object to this request to the extent that it seeks documents that contain trade

21 | secrets, confidential, commercially sensitive and/or other proprietary or competitive

22 | information that is subject to the MGA Parties' or any other person's constitutional,

23 | statutory or common law right of privacy or protection.  The MGA Parties further

24 | object to this request on the grounds that it is overbroad as to subject matter and time;

25 | in particular, the MGA Parties object that the phrases "all communications" and

26 | "referring or relating to" are unbounded by any date limitation and are not tied in any

27 | way to any claim, defense or other issues involved in Phase 2 of this litigation.

28

10

Exhibit 59
Page 887

1 | DATED:  January 28, 2009

2 |  SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM, LLP

3 |

4 | By: _____
          Robert J. Herrington

5 |        Attorneys for the MGA Parties

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**Exhibit 59**
**Page 888**

11

OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO IGWT 826 INVESTMENTS, LLC

540627.01-Los Angeles Server 1A - MSW

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071.

On **January 28, 2009**, I served the foregoing documents described as:

**OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO IGWT 826 INVESTMENTS, LLC**

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

(X)   (BY PERSONAL SERVICE)   ☐   By personally delivering copies to the person served. (FEDERAL)

☒   I caused such document to be hand delivered to the above addressees. (FEDERAL)

(X)   (BY U.S. MAIL)

(X)   (VIA FACSIMILE)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **January 28, 2009,** in Los Angeles, California.

Karoleen Tshabourian
PRINT NAME

SIGNATURE

Exhibit 59
Page 889

PROOF OF SERVICE                                    NO. CV 04-9049 SGL (RNBx)

**SERVICE LIST**

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
John Quinn, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543
**[By Personal Service]**


Patricia Glaser, Esq.
Joel Klevens, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067
(310) 553-3000
(310) 556-2920 (Fax)
**[By U.S. Mail and Facsimile]**


Russell J. Frackman
Patricia H. Benson
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000
(310) 312-3100 (Fax)
**[By U.S. Mail and Facsimile]**


Todd Gordinier
Bingham McCutchen, LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, California 92626
(714) 830-0600
(714) 830-0600 Fax
Attorneys for IGWT 826 Investments, LLC
**[By U.S. Mail and Facsimile]**

Exhibit 59
Page 890

3

NO. CV 04-9049 SGL (RNBx)