# EXHIBIT 60

RECEIVED

JAN 2 8 2009

1 | THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2 | RAOUL D. KENNEDY (Bar No. 40892)
   (rkennedy@skadden.com)
3 | JASON D. RUSSELL (Bar No. 169219)
   (jrussell@skadden.com)
4 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
5 | Los Angeles, CA  90071-3144
   Tel.: (213) 687-5000
6 | Fax: (213) 687-5600

7 | Attorneys for The MGA Parties

8 |            UNITED STATES DISTRICT COURT

9 |            CENTRAL DISTRICT OF CALIFORNIA

10 |                  EASTERN DIVISION

11 | CARTER BRYANT, an individual     )   CASE NO. CV 04-9049 SGL (RNBx)
                                      )
12 |                 Plaintiff,       )   Consolidated with Case No. 04-9059
                                      )   and Case No. 05-2727
13 |        v.                        )
                                      )   Honorable Stephen G. Larson
14 | MATTEL, INC., a Delaware         )
    corporation                      )   **OBJECTIONS OF MGA TO
15 |                                  )   MATTEL INC.'S CORRECTED
                    Defendant.        )   SUBPOENA TO IGWT GROUP,
16 |                                  )   LLC**
                                      )
17 |                                  )
                                      )
18 |                                  )
                                      )
19 |                                  )
                                      )
20 | AND CONSOLIDATED ACTIONS.        )
                                      )
21 |                                  )
                                      )
22 |

23 |

24 |

25 |

26 |

27 |

28 |

OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO IGWT GROUP, LLC

Exhibit 60
Page 891

1         MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)

2 Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Parties") hereby respond

3 to Plaintiff Mattel's ("Plaintiff") Corrected Subpoena for Production of Documents

4 (the "Requests" or the "Subpoena"), served on IGWT Group LLC, as follows:

## GENERAL OBJECTIONS

6       1.     The MGA Parties object to the Subpoena and each and every

7 Request on the grounds that the Subpoena fails to allow reasonable time for

8 compliance. *See* Fed. R. Civ. P. 45(c)(3)(A)(i).

9       2.     The MGA Parties object to the Subpoena and each and every

10 Request on the ground that the Subpoena fails to comply with Rule 45's prior notice

11 requirement, rendering the Subpoena a nullity. Fed. R. Civ. P. 45(b)(1) ("Prior

12 notice of any commanded production of documents and things or inspection of

13 premises before trial *shall* be served on each party in the manner prescribed by Rule

14 5(b).") (emphasis added).

15       3.     The MGA Parties object to the Subpoena and each and every

16 Request to the extent that they seek documents that are protected from disclosure by

17 any applicable privilege, doctrine or right, including without limitation the attorney-

18 client privilege, the work product doctrine, the right of privacy, which is protected by

19 virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1

20 of the California Constitution, and all other rights and privileges recognized under

21 the constitutional, statutory or decisional law of the United States, the State of

22 California, and all relevant jurisdictions. Nothing done in relation to the Subpoena is

23 intended to or shall operate as a waiver by the MGA Parties, intentionally or

24 otherwise, of the attorney-client privilege, work product doctrine protection, or any

25 other applicable privilege, doctrine or immunity protecting the communications,

26 transactions or records of the MGA Parties or any other person from disclosure.

27

28

1

Exhibit 60
Page 892

\TTEL INC.'S CORRECTED SUBPOENA TO IGWT GROUP, LLC

1        4.     The MGA Parties object to the Subpoena and each and every

2  Request to the extent that they seek documents that are protected from disclosure by

3  the accountant-client privilege.

4        5.     The MGA Parties object to the Subpoena and each and every

5  Request to the extent that they seek documents protected from disclosure by

6  applicable federal and state tax return privileges. *See, e.g., Premium Service Corp. v.*

7  *Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Southern California*

8  *Housing Rights Center. v. Krug*, 2006 U.S. Dist. LEXIS 65330, \*\*9-10 (C.D. Cal.

9  2006); *Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003); *San Francisco Bay*

10  *Area Rapid Transit District v. Spencer*, 2006 U.S. Dist. LEXIS 81681, \*\*3-4 (N.D.

11  Cal. 2006); *see also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957); *Sav-*

12  *On Drugs, Inc. v. Sup. Ct.*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal.

13  App. 3d 557, 562 (1982).

14       6.     The MGA Parties object to the Subpoena and each and every

15  Request to the extent that they seek the production of documents that contain trade

16  secrets, confidential, commercially sensitive and/or other proprietary or competitive

17  information that is subject to IGWT Group's, the MGA Parties', or any other

18  person's constitutional, statutory or common law right of privacy or protection.  The

19  MGA Parties object to the production of any such documents to the extent they exist.

20  The MGA Parties further object that the requested discovery violates Civil Code §

21  3295.

22       7.     The MGA Parties object to the Subpoena and each and every

23  Request on the ground that they seek documents that are not relevant to the claims

24  and defenses in this action or are not reasonably calculated to lead to the discovery of

25  admissible evidence.  The documents sought by the Subpoena are irrelevant to any

26  claim or defense at issue in Phase 2 of this case, and the Subpoena appears designed

27  to circumvent the Court's January 7, 2009 Order appointing a forensic auditor to

28  examine MGA's books and records.  The auditor's work has just started, and until

1 the auditor issues his report and findings, the discovery Mattel seeks is premature,
2 unduly burdensome, harassing, and irrelevant.

3        8.     The MGA Parties object to the Subpoena and each and every
4 Request to the extent that they are overbroad, otherwise unlimited as to time,
5 oppressive, vague, ambiguous, harassing, annoying, redundant, duplicative,
6 overlapping, repetitive or cumulative, and/or otherwise unduly burdensome, thereby
7 rendering the Subpoena unenforceable. *See, e.g.,* Fed. R. Civ. P. 45(c)(l) ("A party
8 or an attorney responsible for the issuance and service of a subpoena shall take
9 reasonable steps to avoid imposing undue burden or expense on a person subject to
10 that subpoena."); *High Tech Medical Instrumentation v. New Image Indus.*, 161
11 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long held that nonparties
12 subject to discovery requests deserve extra protection from the courts.").

13        9.     The MGA Parties object to the Subpoena and each and every
14 Request insofar as they seek the production of documents that are more easily
15 obtained from other entities, including the parties to this action.

16       10.     Except as otherwise stated below, an objection to a specific
17 document Request does not imply that documents responsive to that category exist or
18 that the MGA Parties accept the purported factual predicate for any Request.

19       11.     Without waiving any of the foregoing General Objections, each
20 of which is expressly incorporated into each individual response as if fully stated
21 therein, the MGA Parties object to each and every specific Request for documents,
22 subject to the following additional express reservations of rights:

23           (a)     The right to object on any and all grounds, at any time, to
24 these or any other requests for production and inspection of documents or other
25 discovery procedures involving or relating to the subject matter of the Requests,
26 including by way of a motion to quash or modify the subpoena or a motion for a
27 protective order; and

28

3

1           (b)    The right at any time to revise, correct, supplement or

2 clarify any of the objections propounded herein.

3

4                   **SPECIFIC OBJECTIONS AND RESPONSES**

5 REQUEST NO. 1:

6       All documents referring or relating to agreements, contracts, transactions,

7 sales, shipments or the direct or indirect transfer of any item of value between MGA

8 Entertainment, Inc., its affiliates, Isaac Larian or his family members and IGWT

9 Group, LLC, including without limitation the agreement dated July 7, 2008.

10 RESPONSE TO REQUEST NO. 1:

11       The MGA Parties incorporate by reference their General Objections as though

12 fully set forth herein. The MGA Parties further object that the Discovery Master

13 already has ruled on similarly phrased requests to third parties, including in an Order

14 dated May 7, 2008, concluding that requests using phrases like "all documents" and

15 "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

16 irrelevant information. Mattel's Subpoena violates these prior Court Orders. The

17 MGA Parties further object that this request calls for the production of documents

18 that are not relevant to any claim or defense in the pending litigation or reasonably

19 calculated to lead to the discovery of admissible evidence. The Request appears

20 designed to circumvent the Court's January 7 Order appointing a forensic auditor

21 and requiring Mattel to pay the auditor's costs in the first instance.

22       The MGA Parties further object to this request to the extent that this request

23 seeks information that is protected from disclosure under the attorney-client privilege,

24 the work product doctrine and/or the joint interest privilege. The MGA Parties

25 further object to this request to the extent that it seeks documents that contain trade

26 secrets, confidential, commercially sensitive and/or other proprietary or competitive

27 information that is subject to the MGA Parties' or any other person's constitutional,

28 statutory or common law right of privacy or protection. The MGA Parties further

4

**Exhibit 60**
**Page 895**

OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO IGWT GROUP, LLC

1  object to this request as being overly broad, burdensome and harassing to a non-party

2  to the extent that it seeks to force a third party to produce documents or information

3  available from parties to the litigation.  The MGA Parties further object to this

4  request on the grounds that it is overbroad as to subject matter and time; in particular,

5  the MGA Parties object that the phrases "all documents" and "referring or relating

6  to" are unbounded by any date limitation and are not tied in any way to any claim,

7  defense or other issues involved in Phase 2 of this litigation.

8

9  REQUEST NO. 2:

10      All documents referring or relating to the revenue generated by IGWT Group,

11  LLC's sales, licensing, distribution or other transfer of Bratz products and the

12  transfer or disposition of such revenue.

13  RESPONSE TO REQUEST NO. 2:

14      The MGA Parties incorporate by reference their General Objections as though

15  fully set forth herein.  The MGA Parties further object that the Discovery Master

16  already has ruled on similarly phrased requests to third parties, including in an Order

17  dated May 7, 2008, concluding that requests using phrases like "all documents," and

18  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

19  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

20  MGA Parties further object that this request calls for the production of documents

21  that are not relevant to any claim or defense in the pending litigation or reasonably

22  calculated to lead to the discovery of admissible evidence.  The Request appears

23  designed to circumvent the Court's January 7 Order appointing a forensic auditor

24  and requiring Mattel to pay the auditor's costs in the first instance.

25      The MGA Parties further object to this request to the extent that this request

26  seeks information that is protected from disclosure under the attorney-client privilege,

27  the work product doctrine and/or the joint interest privilege.  The MGA Parties

28  further object to this request to the extent that it seeks documents that contain trade

5

Exhibit 60
Page 896
ITTEL INC.'S CORRECTED SUBPOENA TO IGWT GROUP, LLC

1  secrets, confidential, commercially sensitive and/or other proprietary or competitive
2  information that is subject to the any person's constitutional, statutory or common
3  law right of privacy or protection.  The MGA Parties further object to this request on
4  the grounds that it is overbroad as to subject matter and time; in particular, the MGA
5  Parties object that the phrases "all documents" and "referring or relating to" are
6  unbounded by any date limitation and are not tied in any way to any claim, defense
7  or other issues involved in Phase 2 of this litigation.
8
9  REQUEST NO. 3:
10      Documents sufficient to identify (a) each member, managing member, holder
11  of any ownership interest in, shareholder, officer and director of IGWT Group, LLC
12  and (b) the dates of such person's affiliation with IGWT Group, LLC.
13  RESPONSE TO REQUEST NO. 3:
14      The MGA Parties incorporate by reference their General Objections as though
15  fully set forth herein.  The MGA Parties further object that this request calls for the
16  production of documents that are not relevant to any claim or defense in the pending
17  litigation or reasonably calculated to lead to the discovery of admissible evidence.
18  The Request appears designed to circumvent the Court's January 7 Order appointing
19  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.
20  The MGA Parties further object to this request to the extent that it seeks documents
21  that contain trade secrets, confidential, commercially sensitive and/or other
22  proprietary or competitive information that is subject to any person's constitutional,
23  statutory or common law right of privacy or protection.  The MGA Parties further
24  object to this request on the grounds that it is overbroad as to subject matter and time.
25
26
27
28

OBJECTIONS OF MGA TO MATTEL IN     **Exhibit 60**     TO IGWT GROUP, LLC
**Page 897**

1 | REQUEST NO. 4:

2 |     All documents referring or relating to all contributions, loans and any sources

3 | of funding for IGWT Group, LLC during the last twelve months, including but not

4 | limited to agreements and/or contracts supporting these transactions.

5 | RESPONSE TO REQUEST NO. 4:

6 |     The MGA Parties incorporate by reference their General Objections as though

7 | fully set forth herein. The MGA Parties further object that the Discovery Master

8 | already has ruled on similarly phrased requests to third parties, including in an Order

9 | dated May 7, 2008, concluding that requests using phrases like "all documents," and

10 | "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

11 | irrelevant information. Mattel's Subpoena violates these prior Court Orders. The

12 | MGA Parties further object that this request calls for the production of documents

13 | that are not relevant to any claim or defense in the pending litigation or reasonably

14 | calculated to lead to the discovery of admissible evidence. The Request appears

15 | designed to circumvent the Court's January 7 Order appointing a forensic auditor

16 | and requiring Mattel to pay the auditor's costs in the first instance.

17 |     The MGA Parties further object to this request to the extent it seeks

18 | documents protected by the accountant-client privilege. The MGA Parties further

19 | object to this request to the extent that it seeks documents that contain trade secrets,

20 | confidential, commercially sensitive and/or other proprietary or competitive

21 | information that is subject to any person's constitutional, statutory or common law

22 | right of privacy or protection. The MGA Parties further object to this request on the

23 | grounds that it is overbroad as to subject matter and time; in particular, the MGA

24 | Parties object that the phrases "all documents" and "referring or relating to" are not

25 | tied in any way to any claim, defense or other issues involved in Phase 2 of this

26 | litigation.

27

28

7

Exhibit 60
Page 898

REQUEST NO. 5

All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by IGWT Group, LLC to Isaac Larian, his family members, or affiliates, or any other related party.

RESPONSE TO REQUEST NO. 5

The MGA Parties incorporate by reference their General Objections as though fully set forth herein. The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

The MGA Parties further object to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to any person's constitutional, statutory or common law right of privacy or protection. The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all documents," "referring or relating to," and "related party" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

8

1

2  REQUEST NO. 6

3      Any and all records that substantiate transfers of assets by IGWT Group, LLC

4  to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

5  RESPONSE TO REQUEST NO. 6

6      The MGA Parties incorporate by reference their General Objections as though

7  fully set forth herein.  The MGA Parties further object that the Discovery Master

8  already has ruled on similarly phrased requests to third parties, including in an Order

9  dated May 7, 2008, concluding that requests using phrases like "any and all records"

10  are overly broad, vague, unduly burdensome, and seek irrelevant information.

11  Mattel's Subpoena violates these prior Court Orders.  The MGA Parties further

12  object that this request calls for the production of documents that are not relevant to

13  any claim or defense in the pending litigation or reasonably calculated to lead to the

14  discovery of admissible evidence.  The Request appears designed to circumvent the

15  Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the

16  auditor's costs in the first instance.

17      The MGA Parties further object to this request to the extent that this request

18  seeks information that is protected from disclosure under the attorney-client privilege,

19  the work product doctrine and/or the joint interest privilege.  The MGA Parties

20  further object to this request to the extent that it seeks documents that contain trade

21  secrets, confidential, commercially sensitive and/or other proprietary or competitive

22  information that is subject to any person's constitutional, statutory or common law

23  right of privacy or protection.  The MGA Parties further object to this request on the

24  grounds that it is overbroad as to subject matter and time; in particular, the MGA

25  Parties object that the phrases "any and all records," "substantiate," and "transfers of

26  assets" are unbounded by any date limitation and are not tied in any way to any

27  claim, defense or other issues involved in Phase 2 of this litigation.

28

9

Exhibit 60
Page 900

TEL INC.'S CORRECTED SUBPOENA TO IGWT GROUP, LLC

1

2 REQUEST NO. 7

3      All communications referring or relating to Vision Capital, LLC, Lexington

4 Financial, LLC, Mattel, MGA, Isaac Larian and/or Bratz.

5 RESPONSE TO REQUEST NO. 7

6      The MGA Parties incorporate by reference their General Objections as though

7 fully set forth herein.  The MGA Parties further object that the Discovery Master

8 already has ruled on similarly phrased requests to third parties, including in an Order

9 dated May 7, 2008, concluding that requests using phrases like "all communications"

10 and "referring to or relating to" are overly broad, vague, unduly burdensome, and

11 seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.

12 The MGA Parties further object that this request calls for the production of

13 documents that are not relevant to any claim or defense in the pending litigation or

14 reasonably calculated to lead to the discovery of admissible evidence.  The Request

15 appears designed to circumvent the Court's January 7 Order appointing a forensic

16 auditor and requiring Mattel to pay the auditor's costs in the first instance.

17      The MGA Parties further object to this request to the extent that this request

18 seeks information that is protected from disclosure under the attorney-client privilege,

19 the work product doctrine and/or the joint interest privilege.  The MGA Parties

20 further object to this request to the extent that it seeks documents that contain trade

21 secrets, confidential, commercially sensitive and/or other proprietary or competitive

22 information that is subject to the MGA Parties' or any other person's constitutional,

23 statutory or common law right of privacy or protection.  The MGA Parties further

24 object to this request on the grounds that it is overbroad as to subject matter and time;

25 in particular, the MGA Parties object that the phrases "all communications" and

26 "referring or relating to" are unbounded by any date limitation and are not tied in any

27 way to any claim, defense or other issues involved in Phase 2 of this litigation.

28

10

1    DATED:  January 28, 2009

2                                          SKADDEN, ARPS, SLATE, MEAGHER &
                                           FLOM, LLP
3

4                                          By: _____
                                                  Robert J. Herrington
5                                                 Attorneys for the MGA Parties

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           11

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071.

4

5

On **January 28, 2009**, I served the foregoing documents described as:

6

## OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO IGWT GROUP, LLC

7

8

on the interested parties in this action addressed as follows:

9

## SEE ATTACHED SERVICE LIST

10

11

(X)   (BY PERSONAL SERVICE)   ☐   By personally delivering copies to the person served. (FEDERAL)

12

☒   I caused such document to be hand delivered to the above addressees. (FEDERAL)

13

14

15

(X)   (BY U.S. MAIL)

16

17

(X)   (VIA FACSIMILE)

18

19

I declare under penalty of perjury under the laws of the State of

20

California and the United States of America that the above is true and correct.

21

Executed on **January 28, 2009**, in Los Angeles, California.

22

Karoleen Tshabourian                        _____
PRINT NAME                                          SIGNATURE

23

24

25

26

27

28

2

Exhibit 60
Page 903

ERVICE

NO. CV 04-9049 SGL (RNBx)

1

## SERVICE LIST

2

3 Jon D. Corey, Esq.
Michael T. Zeller, Esq.
John Quinn, Esq.
4 Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
5 Los Angeles, CA 90017-2543
**[By Personal Service]**

6

7 Patricia Glaser, Esq.
Joel Klevens, Esq.
8 Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard
9 19th Floor
Los Angeles, CA 90067
10 (310) 553-3000
(310) 556-2920 (Fax)
11 **[By U.S. Mail and Facsimile]**

12

13 Russell J. Frackman
Patricia H. Benson
14 Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
15 (310) 312-2000
(310) 312-3100 (Fax)
16 **[By U.S. Mail and Facsimile]**

17

18 Todd Gordinier
Bingham McCutchen, LLP
600 Anton Boulevard, 18th Floor
19 Costa Mesa, California 92626
(714) 830-0600
20 (714) 830-0600 Fax
Attorneys for IGWT GROUP, LLC
21 **[By U.S. Mail and Facsimile]**

22

23

24

25

26

27

28

3

# EXHIBIT 61

RECEIVED

JAN 2 8 2009

1 | THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
2 | RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
3 | JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
4 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
5 | Los Angeles, CA  90071-3144
Tel.: (213) 687-5000
6 | Fax: (213) 687-5600

7 | Attorneys for The MGA Parties

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **EASTERN DIVISION**

| | |
|---|---|
| 11 CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| 12 Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| 13 v. | |
| 14 MATTEL, INC., a Delaware corporation | Honorable Stephen G. Larson |
| 15 | **OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO OMNI 808 INVESTORS, LLC** |
| 16 Defendant. | |
| 20 AND CONSOLIDATED ACTIONS. | |

MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Parties") hereby object to Plaintiff Mattel's ("Plaintiff") Subpoena for Production of Documents (the "Requests" or the "Subpoena"), served on Omni 808 Investors LLC, as follows:

## GENERAL OBJECTIONS

1.      The MGA Parties object to the Subpoena and each and every Request on the grounds that the Subpoena fails to allow reasonable time for compliance. *See* Fed. R. Civ. P. 45(c)(3)(A)(i).

2.      The MGA Parties object to the Subpoena and each and every Request on the ground that the Subpoena fails to comply with Rule 45's prior notice requirement, rendering the Subpoena a nullity. Fed. R. Civ. P. 45(b)(1) ("Prior notice of any commanded production of documents and things or inspection of premises before trial ***shall*** be served on each party in the manner prescribed by Rule 5(b).") (emphasis added).

3.      The MGA Parties object to the Subpoena and each and every Request to the extent that they seek documents that are protected from disclosure by any applicable privilege, doctrine or right, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, which is protected by virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1 of the California Constitution, and all other rights and privileges recognized under the constitutional, statutory or decisional law of the United States, the State of California, and all relevant jurisdictions. Nothing done in relation to the Subpoena is intended to or shall operate as a waiver by the MGA Parties, intentionally or otherwise, of the attorney-client privilege, work product doctrine protection, or any other applicable privilege, doctrine or immunity protecting the communications, transactions or records of the MGA Parties or any other person from disclosure.

1

1          4.     The MGA Parties object to the Subpoena and each and every

2   Request to the extent that they seek documents that are protected from disclosure by

3   the accountant-client privilege.

4          5.     The MGA Parties object to the Subpoena and each and every

5   Request to the extent that they seek documents protected from disclosure by

6   applicable federal and state tax return privileges. *See, e.g., Premium Service Corp. v.*

7   *Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Southern California*

8   *Housing Rights Center. v. Krug*, 2006 U.S. Dist. LEXIS 65330, **9-10 (C.D. Cal.

9   2006); *Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003); *San Francisco Bay*

10  *Area Rapid Transit District v. Spencer*, 2006 U.S. Dist.  LEXIS 81681, **3-4 (N.D.

11  Cal. 2006); *see also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957); *Sav-*

12  *On Drugs, Inc. v. Sup. Ct.*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal.

13  App. 3d 557, 562 (1982).

14         6.     The MGA Parties object to the Subpoena and each and every

15  Request to the extent that they seek the production of documents that contain trade

16  secrets, confidential, commercially sensitive and/or other proprietary or competitive

17  information that is subject to Omni 808's, the MGA Parties', or any other person's

18  constitutional, statutory or common law right of privacy or protection.  The MGA

19  Parties object to the production of any such documents to the extent they exist.

20         7.     The MGA Parties object to the Subpoena and each and every

21  Request on the ground that they seek documents that are not relevant to the claims

22  and defenses in this action or are not reasonably calculated to lead to the discovery of

23  admissible evidence.  The documents sought by the Subpoena are irrelevant to any

24  claim or defense at issue in Phase 2 of this case, and the Subpoena appears designed

25  to circumvent the Court's January 7, 2009 Order appointing a forensic auditor to

26  examine MGA's books and records.  The auditor's work has just started, and until

27

28

OBJECTIONS OF MGA TO M            ᴰMNI 808 INVESTORS, LLC

**Exhibit 61**
**Page 907**

1   the auditor issues his report and findings, the discovery Mattel seeks is premature,

2   unduly burdensome, harassing, and irrelevant.

3          8.      The MGA Parties object to the Subpoena and each and every

4   Request to the extent that they are overbroad, otherwise unlimited as to time,

5   oppressive, vague, ambiguous, harassing, annoying, redundant, duplicative,

6   overlapping, repetitive or cumulative, and/or otherwise unduly burdensome, thereby

7   rendering the Subpoena unenforceable. *See, e.g.,* Fed. R. Civ. P. 45(c)(l) ("A party

8   or an attorney responsible for the issuance and service of a subpoena shall take

9   reasonable steps to avoid imposing undue burden or expense on a person subject to

10  that subpoena."); *High Tech Medical Instrumentation v. New Image Indus.*, 161

11  F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long held that nonparties

12  subject to discovery requests deserve extra protection from the courts.").

13         9.      The MGA Parties object to the Subpoena and each and every

14  Request insofar as they seek the production of documents that are more easily

15  obtained from other entities, including the parties to this action.

16         10.     Except as otherwise stated below, an objection to a specific

17  document Request does not imply that documents responsive to that category exist or

18  that the MGA Parties accept the purported factual predicate for any Request.

19         11.     Without waiving any of the foregoing General Objections, each

20  of which is expressly incorporated into each individual response as if fully stated

21  therein, the MGA Parties object to each and every specific Request for documents,

22  subject to the following additional express reservations of rights:

23              (a)     The right to object on any and all grounds, at any time, to

24  these or any other requests for production and inspection of documents or other

25  discovery procedures involving or relating to the subject matter of the Requests,

26  including by way of a motion to quash or modify the subpoena or a motion for a

27  protective order; and

28

3

1        (b)    The right at any time to revise, correct, supplement or

2 clarify any of the objections propounded herein.

3               **SPECIFIC OBJECTIONS AND RESPONSES**

4 REQUEST NO. 1:

5      All documents referring or relating to agreements, contracts or transactions

6 between MGA Entertainment, Inc. and Omni 808 Investors, LLC, or any subsidiary

7 or affiliate of Omni 808 Investors, LLC, and any amendments or modifications

8 thereto, and any communications referring or relating to any such agreements,

9 contracts or transactions.

10 RESPONSE TO REQUEST NO. 1:

11      The MGA Parties incorporate by reference their General Objections as though

12 fully set forth herein. The MGA Parties further object that the Discovery Master

13 already has ruled on similarly phrased requests to third parties, including in an Order

14 dated May 7, 2008, concluding that requests using phrases like "all documents" and

15 "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

16 irrelevant information. Mattel's Subpoena violates these prior Court Orders. The

17 MGA Parties further object that this request calls for the production of documents

18 that are not relevant to any claim or defense in the pending litigation or reasonably

19 calculated to lead to the discovery of admissible evidence. The Request appears

20 designed to circumvent the Court's January 7 Order appointing a forensic auditor

21 and requiring Mattel to pay the auditor's costs in the first instance.

22      The MGA Parties further object to this request to the extent that it seeks

23 documents that contain trade secrets, confidential, commercially sensitive and/or

24 other proprietary or competitive information that is subject to the MGA Parties' or

25 any other person's constitutional, statutory or common law right of privacy or

26 protection. The MGA Parties further object to this request as being overly broad,

27 burdensome and harassing to a non-party to the extent that it seeks to force a third

28

4

Exhibit 61
Page 909

OBJECTIONS OF MGA TO MATTEL INC.'S SUBPOENA TO OMNI 808 INVESTORS, LLC

1  party to produce documents or information available from parties to the litigation.

2  The MGA Parties further object to this request on the grounds that it is overbroad as

3  to subject matter and time; in particular, the MGA Parties object that the phrases "all

4  documents," "referring or relating to," and "any communications" are unbounded by

5  any date limitation and are not tied in any way to any claim, defense or other issues

6  involved in Phase 2 of this litigation.

7

8  REQUEST NO. 2:

9      All documents referring or relating to agreements, contracts or transactions

10  between Wachovia, or any subsidiary or affiliate of Wachovia, and Omni 808

11  Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any

12  amendments or modifications thereto, and any communications referring or relating

13  to any such agreements, contracts or transactions.

14  RESPONSE TO REQUEST NO. 2:

15      The MGA Parties incorporate by reference their General Objections as though

16  fully set forth herein. The MGA Parties further object that the Discovery Master

17  already has ruled on similarly phrased requests to third parties, including in an Order

18  dated May 7, 2008, concluding that requests using phrases like "all documents" and

19  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

20  irrelevant information. Mattel's Subpoena violates these prior Court Orders. The

21  MGA Parties further object that this request calls for the production of documents

22  that are not relevant to any claim or defense in the pending litigation or reasonably

23  calculated to lead to the discovery of admissible evidence. The Request appears

24  designed to circumvent the Court's January 7 Order appointing a forensic auditor

25  and requiring Mattel to pay the auditor's costs in the first instance.

26      The MGA Parties further object to this request to the extent that this request

27  seeks information that is protected from disclosure under the attorney-client privilege,

28

5

1  the work product doctrine and/or the joint interest privilege. The MGA Parties

2  further object to this request to the extent it seeks documents protected by the

3  accountant-client privilege. The MGA Parties further object to the request to the

4  extent that it seeks documents protected from disclosure by applicable federal and

5  state tax return privileges. The MGA Parties further object to this request to the

6  extent that it seeks documents that contain trade secrets, confidential, commercially

7  sensitive and/or other proprietary or competitive information that is subject to the

8  MGA Parties' or any other person's constitutional, statutory or common law right of

9  privacy or protection. The MGA Parties further object to this request as being overly

10  broad, burdensome and harassing to a non-party to the extent that it seeks to force a

11  third party to produce documents or information available from parties to the

12  litigation. The MGA Parties further object to this request on the grounds that it is

13  overbroad as to subject matter and time; in particular, the MGA Parties object that

14  the phrases "all documents," "referring or relating to," and "any communications"

15  are unbounded by any date limitation and are not tied in any way to any claim,

16  defense or other issues involved in Phase 2 of this litigation.

17

18  REQUEST NO. 3:

19      All documents containing financial information, including but not limited to

20  historical and prospective financial performance, provided by MGA Entertainment,

21  Inc. to Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808

22  Investors, LLC, since January 1, 2007.

23  RESPONSE TO REQUEST NO. 3:

24      The MGA Parties incorporate by reference their General Objections as though

25  fully set forth herein. The MGA Parties further object that the Discovery Master

26  already has ruled on similarly phrased requests to third parties, including in an Order

27  dated May 7, 2008, concluding that requests using phrases like "all documents" and

28

1  "containing financial information" are overly broad, vague, unduly burdensome, and

2  seek irrelevant information. Mattel's Subpoena violates these prior Court Orders.

3  The MGA Parties further object that this request calls for the production of

4  documents that are not relevant to any claim or defense in the pending litigation or

5  reasonably calculated to lead to the discovery of admissible evidence. The Request

6  appears designed to circumvent the Court's January 7 Order appointing a forensic

7  auditor and requiring Mattel to pay the auditor's costs in the first instance.

8      The MGA Parties further object to this request to the extent it seeks

9  documents protected by the accountant-client privilege. The MGA Parties further

10 object to the request to the extent that it seeks documents protected from disclosure

11 by applicable federal and state tax return privileges. The MGA Parties further object

12 to this request to the extent that it seeks documents that contain trade secrets,

13 confidential, commercially sensitive and/or other proprietary or competitive

14 information that is subject to the MGA Parties' or any other person's constitutional,

15 statutory or common law right of privacy or protection. The MGA Parties further

16 object to this request as being overly broad, burdensome and harassing to a non-party

17 to the extent that it seeks to force a third party to produce documents or information

18 available from parties to the litigation. The MGA Parties further object to this

19 request on the grounds that it is overbroad as to subject matter; in particular, the

20 MGA Parties object that the phrases "all documents" and "containing financial

21 information" are not tied in any way to any claim, defense or other issues involved in

22 Phase 2 of this litigation.

23

24 REQUEST NO. 4:

25     Documents sufficient to identify (a) each member, managing member, holder

26 of any ownership interest in, shareholder, officer and director of Omni 808 Investors,

27 LLC and (b) the dates of such person's affiliation with Omni 808 Investors, LLC.

28

1  RESPONSE TO REQUEST NO. 4:

2       The MGA Parties incorporate by reference their General Objections as though

3  fully set forth herein.  The MGA Parties further object that this request calls for the

4  production of documents that are not relevant to any claim or defense in the pending

5  litigation or reasonably calculated to lead to the discovery of admissible evidence.

6  The Request appears designed to circumvent the Court's January 7 Order appointing

7  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

8       The MGA Parties further object to this request to the extent that it seeks

9  documents that contain trade secrets, confidential, commercially sensitive and/or

10  other proprietary or competitive information that is subject to any person's

11  constitutional, statutory or common law right of privacy or protection.  The MGA

12  Parties further object to this request on the grounds that it is overbroad as to subject

13  matter and time.

14

15  REQUEST NO. 5

16       All documents referring or relating to the formation and governance of Omni

17  808 Investors, LLC.

18  RESPONSE TO REQUEST NO. 5

19       The MGA Parties incorporate by reference their General Objections as though

20  fully set forth herein.  The MGA Parties further object that the Discovery Master

21  already has ruled on similarly phrased requests to third parties, including in an Order

22  dated May 7, 2008, concluding that requests using phrases like "all documents," and

23  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

24  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

25  MGA Parties further object that this request calls for the production of documents

26  that are not relevant to any claim or defense in the pending litigation or reasonably

27  calculated to lead to the discovery of admissible evidence.  The Request appears

28

8

1   designed to circumvent the Court's January 7 Order appointing a forensic auditor
2   and requiring Mattel to pay the auditor's costs in the first instance.

3       The MGA Parties further object to this request to the extent that it seeks
4   documents that contain trade secrets, confidential, commercially sensitive and/or
5   other proprietary or competitive information that is subject to the any person's
6   constitutional, statutory or common law right of privacy or protection.  The MGA
7   Parties further object to this request on the grounds that it is overbroad as to subject
8   matter and time; in particular, the MGA Parties object that the phrases "all
9   documents," "formation and governance," and "referring or relating to" are
10  unbounded by any date limitation and are not tied in any way to any claim, defense
11  or other issues involved in Phase 2 of this litigation.

12

13  REQUEST NO. 6

14      All documents detailing or setting forth the relationship between Omni 808
15  Investors, LLC and OmniNet Capital, LLC, if any.

16  RESPONSE TO REQUEST NO. 6

17      The MGA Parties incorporate by reference their General Objections as though
18  fully set forth herein.  The MGA Parties further object that the Discovery Master
19  already has ruled on similarly phrased requests to third parties, including in an Order
20  dated May 7, 2008, concluding that requests using phrases like "all documents" and
21  "detailing" are overly broad, vague, unduly burdensome, and seek irrelevant
22  information.  Mattel's Subpoena violates these prior Court Orders.  The MGA
23  Parties further object that this request calls for the production of documents that are
24  not relevant to any claim or defense in the pending litigation or reasonably calculated
25  to lead to the discovery of admissible evidence.  The Request appears designed to
26  circumvent the Court's January 7 Order appointing a forensic auditor and requiring
27  Mattel to pay the auditor's costs in the first instance.

28

Exhibit 61
Page 914

OBJECTIONS OF MGA TO MATTEL INC.'S SUBPOENA TO OMNI 808 INVESTORS, LLC

1   The MGA Parties further object to this request to the extent that it seeks
2   documents that contain trade secrets, confidential, commercially sensitive and/or
3   other proprietary or competitive information that is subject to any person's
4   constitutional, statutory or common law right of privacy or protection.  The MGA
5   Parties further object to this request on the grounds that it is overbroad as to subject
6   matter and time; in particular, the MGA Parties object that the phrases "all
7   documents" and "detailing or setting forth" are unbounded by any date limitation and
8   are not tied in any way to any claim, defense or other issues involved in Phase 2 of
9   this litigation.

10

11  REQUEST NO. 7

12  All documents detailing or setting forth the relationship between Omni 808
13  Investors, LLC and Vision Capital, LLC, if any.

14  RESPONSE TO REQUEST NO. 7

15  The MGA Parties incorporate by reference their General Objections as though
16  fully set forth herein.  The MGA Parties further object that the Discovery Master
17  already has ruled on similarly phrased requests to third parties, including in an Order
18  dated May 7, 2008, concluding that requests using phrases like "all documents" and
19  "detailing" are overly broad, vague, unduly burdensome, and seek irrelevant
20  information.  Mattel's Subpoena violates these prior Court Orders.  The MGA
21  Parties further object that this request calls for the production of documents that are
22  not relevant to any claim or defense in the pending litigation or reasonably calculated
23  to lead to the discovery of admissible evidence.  The Request appears designed to
24  circumvent the Court's January 7 Order appointing a forensic auditor and requiring
25  Mattel to pay the auditor's costs in the first instance.

26  The MGA Parties further object to this request to the extent that it seeks
27  documents that contain trade secrets, confidential, commercially sensitive and/or
28

10

1  other proprietary or competitive information that is subject to any person's
2  constitutional, statutory or common law right of privacy or protection.  The MGA
3  Parties further object to this request on the grounds that it is overbroad as to subject
4  matter and time; in particular, the MGA Parties object that the phrases "all
5  documents" and "detailing or setting forth" are unbounded by any date limitation and
6  are not tied in any way to any claim, defense or other issues involved in Phase 2 of
7  this litigation.

8

9  REQUEST NO. 8

10      All documents detailing or setting forth the relationship between Omni 808
11  Investors, LLC and Lexington Financial, LLC, if any.

12  RESPONSE TO REQUEST NO. 8

13      The MGA Parties incorporate by reference their General Objections as though
14  fully set forth herein.  The MGA Parties further object that the Discovery Master
15  already has ruled on similarly phrased requests to third parties, including in an Order
16  dated May 7, 2008, concluding that requests using phrases like "all documents," and
17  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek
18  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The
19  MGA Parties further object that this request calls for the production of documents
20  that are not relevant to any claim or defense in the pending litigation or reasonably
21  calculated to lead to the discovery of admissible evidence.  The Request appears
22  designed to circumvent the Court's January 7 Order appointing a forensic auditor
23  and requiring Mattel to pay the auditor's costs in the first instance.

24      The MGA Parties further object to this request to the extent that it seeks
25  documents that contain trade secrets, confidential, commercially sensitive and/or
26  other proprietary or competitive information that is subject to any person's
27  constitutional, statutory or common law right of privacy or protection.  The MGA

28

1  Parties further object to this request on the grounds that it is overbroad as to subject
2  matter and time; in particular, the MGA Parties object that the phrases "all
3  documents" and "detailing or setting forth" are unbounded by any date limitation and
4  are not tied in any way to any claim, defense or other issues involved in Phase 2 of
5  this litigation.

6

7  REQUEST NO. 9:

8      All documents detailing or setting forth the relationship between Omni 808
9  Investors, LLC and MGA Entertainment, Inc., if any.

10  RESPONSE TO REQUEST NO. 9:

11      The MGA Parties incorporate by reference their General Objections as though
12  fully set forth herein.  The MGA Parties further object that the Discovery Master
13  already has ruled on similarly phrased requests to third parties, including in an Order
14  dated May 7, 2008, concluding that requests using phrases like "all documents," and
15  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek
16  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The
17  MGA Parties further object that this request calls for the production of documents
18  that are not relevant to any claim or defense in the pending litigation or reasonably
19  calculated to lead to the discovery of admissible evidence.  The Request appears
20  designed to circumvent the Court's January 7 Order appointing a forensic auditor
21  and requiring Mattel to pay the auditor's costs in the first instance.

22      The MGA Parties further object to this request to the extent that it seeks
23  documents that contain trade secrets, confidential, commercially sensitive and/or
24  other proprietary or competitive information that is subject to any person's
25  constitutional, statutory or common law right of privacy or protection.  The MGA
26  Parties further object to this request on the grounds that it is overbroad as to subject
27  matter and time; in particular, the MGA Parties object that the phrases "all

28

12

**Exhibit 61
Page 917**

1 | documents" and "detailing or setting forth" are unbounded by any date limitation and
2 | are not tied in any way to any claim, defense or other issues involved in Phase 2 of
3 | this litigation.

4 |

5 | REQUEST NO. 10:

6 |     All documents detailing or setting forth the relationship between Omni 808
7 | Investors, LLC and Isaac Larian or his family members, if any.

8 | RESPONSE TO REQUEST NO. 10:

9 |     The MGA Parties incorporate by reference their General Objections as though
10 | fully set forth herein. The MGA Parties further object that the Discovery Master
11 | already has ruled on similarly phrased requests to third parties, including in an Order
12 | dated May 7, 2008, concluding that requests using phrases like "all documents," and
13 | "referring to or relating to" are overly broad, vague, unduly burdensome, and seek
14 | irrelevant information. Mattel's Subpoena violates these prior Court Orders. The
15 | MGA Parties further object that this request calls for the production of documents
16 | that are not relevant to any claim or defense in the pending litigation or reasonably
17 | calculated to lead to the discovery of admissible evidence. The Request appears
18 | designed to circumvent the Court's January 7 Order appointing a forensic auditor
19 | and requiring Mattel to pay the auditor's costs in the first instance.

20 |     The MGA Parties further object to this request to the extent that it seeks
21 | documents that contain trade secrets, confidential, commercially sensitive and/or
22 | other proprietary or competitive information that is subject to any person's
23 | constitutional, statutory or common law right of privacy or protection. The MGA
24 | Parties further object to this request on the grounds that it is overbroad as to subject
25 | matter and time; in particular, the MGA Parties object that the phrases "all
26 | documents" and "detailing or setting forth" are unbounded by any date limitation and

27 |

28 |

13

Exhibit 61
Page 918

OBJECTIONS OF MGA TO MATTEL INC.'S SUBPOENA TO OMNI 808 INVESTORS, LLC

1  are not tied in any way to any claim, defense or other issues involved in Phase 2 of

2  this litigation.

3

4  REQUEST NO. 11

5      All documents referring or relating to the source of funding for Lexington

6  Financial, LLC.

7  RESPONSE TO REQUEST NO. 11:

8      The MGA Parties incorporate by reference their General Objections as though

9  fully set forth herein.  The MGA Parties further object that the Discovery Master

10  already has ruled on similarly phrased requests to third parties, including in an Order

11  dated May 7, 2008, concluding that requests using phrases like "all documents," and

12  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

13  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

14  MGA Parties further object that this request calls for the production of documents

15  that are not relevant to any claim or defense in the pending litigation or reasonably

16  calculated to lead to the discovery of admissible evidence.  The Request appears

17  designed to circumvent the Court's January 7 Order appointing a forensic auditor

18  and requiring Mattel to pay the auditor's costs in the first instance.

19      The MGA Parties further object to this request to the extent that it seeks

20  documents that contain trade secrets, confidential, commercially sensitive and/or

21  other proprietary or competitive information that is subject to any person's

22  constitutional, statutory or common law right of privacy or protection.  The MGA

23  Parties further object to this request on the grounds that it is overbroad as to subject

24  matter and time; in particular, the MGA Parties object that the phrases "all

25  documents," "referring or relating to," and "source of funding" are unbounded by

26  any date limitation and are not tied in any way to any claim, defense or other issues

27  involved in Phase 2 of this litigation.

28

14

1 REQUEST NO. 12:

2     All documents referring or relating to the source of funding for Vision Capital,

3 LLC.

4 RESPONSE TO REQUEST NO. 12:

5     The MGA Parties incorporate by reference their General Objections as though

6 fully set forth herein. The MGA Parties further object that the Discovery Master

7 already has ruled on similarly phrased requests to third parties, including in an Order

8 dated May 7, 2008, concluding that requests using phrases like "all documents," and

9 "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

10 irrelevant information. Mattel's Subpoena violates these prior Court Orders. The

11 MGA Parties further object that this request calls for the production of documents

12 that are not relevant to any claim or defense in the pending litigation or reasonably

13 calculated to lead to the discovery of admissible evidence. The Request appears

14 designed to circumvent the Court's January 7 Order appointing a forensic auditor

15 and requiring Mattel to pay the auditor's costs in the first instance.

16     The MGA Parties further object to this request to the extent that it seeks

17 documents that contain trade secrets, confidential, commercially sensitive and/or

18 other proprietary or competitive information that is subject to any person's

19 constitutional, statutory or common law right of privacy or protection. The MGA

20 Parties further object to this request on the grounds that it is overbroad as to subject

21 matter and time; in particular, the MGA Parties object that the phrases "all

22 documents," "referring or relating to," and "source of funding" are unbounded by

23 any date limitation and are not tied in any way to any claim, defense or other issues

24 involved in Phase 2 of this litigation.

25

26

27

28

REQUEST NO. 13:

All documents referring or relating to all contributions, loans and any sources of funding for Omni 808 Investors, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

RESPONSE TO REQUEST NO. 13:

The MGA Parties incorporate by reference their General Objections as though fully set forth herein. The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to any person's constitutional, statutory or common law right of privacy or protection. The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter; in particular, the MGA Parties object that the phrases "all documents," "referring or relating to," and "source of funding" are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST NO. 14

    All documents showing detail of all loan facilities with an indication of creditor and relevant terms.

RESPONSE TO REQUEST NO. 14:

    The MGA Parties incorporate by reference their General Objections as though fully set forth herein.  The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

    The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to any person's constitutional, statutory or common law right of privacy or protection.  The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all documents," "showing detail," and "loan facilities" are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST NO. 15:

    All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration

17

Exhibit 61
Page 922

1 | paid by Omni 808 Investors, LLC to Isaac Larian, his family members, or affiliates,
2 | or any other related party, including MGA Entertainment, Inc.
3 | RESPONSE TO REQUEST NO. 15:
4 |       The MGA Parties incorporate by reference their General Objections as though
5 | fully set forth herein.  The MGA Parties further object that the Discovery Master
6 | already has ruled on similarly phrased requests to third parties, including in an Order
7 | dated May 7, 2008, concluding that requests using phrases like "all documents," and
8 | "referring to or relating to" are overly broad, vague, unduly burdensome, and seek
9 | irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The
10 | MGA Parties further object that this request calls for the production of documents
11 | that are not relevant to any claim or defense in the pending litigation or reasonably
12 | calculated to lead to the discovery of admissible evidence.  The Request appears
13 | designed to circumvent the Court's January 7 Order appointing a forensic auditor
14 | and requiring Mattel to pay the auditor's costs in the first instance.
15 |       The MGA Parties further object to this request to the extent it seeks
16 | documents protected by the accountant-client privilege.  The MGA Parties further
17 | object to the request to the extent that it seeks documents protected from disclosure
18 | by applicable federal and state tax return privileges.  The MGA Parties further object
19 | to this request to the extent that it seeks documents that contain trade secrets,
20 | confidential, commercially sensitive and/or other proprietary or competitive
21 | information that is subject to the MGA Parties' or any other person's constitutional,
22 | statutory or common law right of privacy or protection.  The MGA Parties further
23 | object to this request as being overly broad, burdensome and harassing to a non-party
24 | to the extent that it seeks to force a third party to produce documents or information
25 | available from parties to the litigation.  The MGA Parties further object to this
26 | request on the grounds that it is overbroad as to subject matter and time; in particular,
27 | the MGA Parties object that the phrases "all documents" and "referring or relating
28 |

18

Exhibit 61
Page 923

TEL INC.'S SUBPOENA TO OMNI 808 INVESTORS, LLC

1    to" are unbounded by any date limitation and are not tied in any way to any claim,

2    defense or other issues involved in Phase 2 of this litigation.

3

4    <u>REQUEST NO. 16:</u>

5       Any and all records that substantiate transfers of assets by Omni 808 Investors,

6    LLC to other entities, individuals, and/or parties, within the U.S. and outside of the

7    U.S.

8    <u>RESPONSE TO REQUEST NO. 16:</u>

9       The MGA Parties incorporate by reference their General Objections as though

10   fully set forth herein.  The MGA Parties further object that the Discovery Master

11   already has ruled on similarly phrased requests to third parties, including in an Order

12   dated May 7, 2008, concluding that requests using phrases like "any and all records"

13   are overly broad, vague, unduly burdensome, and seek irrelevant information.

14   Mattel's Subpoena violates these prior Court Orders.  The MGA Parties further

15   object that this request calls for the production of documents that are not relevant to

16   any claim or defense in the pending litigation or reasonably calculated to lead to the

17   discovery of admissible evidence.  The Request appears designed to circumvent the

18   Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the

19   auditor's costs in the first instance.

20       The MGA Parties further object to this request to the extent that it seeks

21   documents that contain trade secrets, confidential, commercially sensitive and/or

22   other proprietary or competitive information that is subject to the MGA Parties' or

23   any other person's constitutional, statutory or common law right of privacy or

24   protection.  The MGA Parties further object to this request on the grounds that it is

25   overbroad as to subject matter and time; in particular, the MGA Parties object that

26   the phrases "any and all records" and "substantiate" are unbounded by any date

27

28

19

1 | limitation and are not tied in any way to any claim, defense or other issues involved
2 | in Phase 2 of this litigation.

3

4 | REQUEST NO. 17:

5 |     All communications referring or relating to Vision Capital, LLC, Lexington
6 | Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

7 | RESPONSE TO REQUEST NO. 17:

8 |     The MGA Parties incorporate by reference their General Objections as though
9 | fully set forth herein.  The MGA Parties further object that the Discovery Master
10 | already has ruled on similarly phrased requests to third parties, including in an Order
11 | dated May 7, 2008, concluding that requests using phrases like "all communications"
12 | and "referring or relating" are overly broad, vague, unduly burdensome, and seek
13 | irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The
14 | MGA Parties further object that this request calls for the production of documents
15 | that are not relevant to any claim or defense in the pending litigation or reasonably
16 | calculated to lead to the discovery of admissible evidence.  The Request appears
17 | designed to circumvent the Court's January 7 Order appointing a forensic auditor
18 | and requiring Mattel to pay the auditor's costs in the first instance.

19 |     The MGA Parties further object to this request to the extent that it seeks
20 | documents that contain trade secrets, confidential, commercially sensitive and/or
21 | other proprietary or competitive information that is subject to the MGA Parties' or
22 | any other person's constitutional, statutory or common law right of privacy or
23 | protection.  The MGA Parties further object to this request on the grounds that it is
24 | overbroad as to subject matter and time; in particular, the MGA Parties object that
25 | the phrase "all communications" is unbounded by any date limitation and are not tied
26 | in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

27

28

OBJECTIONS OF MGA TO MATTEL INC.'S SUBPOENA TO OMNI 808 II

Exhibit 61
Page 925

1  REQUEST NO. 18:

2      All documents relating to the U.C.C. financing statements and amendments

3  attached as Exhibit 1.

4  RESPONSE TO REQUEST NO. 18:

5      The MGA Parties incorporate by reference their General Objections as though

6  fully set forth herein.  The MGA Parties further object that the Discovery Master

7  already has ruled on similarly phrased requests to third parties, including in an Order

8  dated May 7, 2008, concluding that requests using phrases like "all documents" and

9  "relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

10  information.  Mattel's Subpoena violates these prior Court Orders.  The MGA

11  Parties further object that this request calls for the production of documents that are

12  not relevant to any claim or defense in the pending litigation or reasonably calculated

13  to lead to the discovery of admissible evidence.  The Request appears designed to

14  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

15  Mattel to pay the auditor's costs in the first instance.

16      The MGA Parties further object to this request to the extent that it seeks

17  documents that contain trade secrets, confidential, commercially sensitive and/or

18  other proprietary or competitive information that is subject to the MGA Parties' or

19  any other person's constitutional, statutory or common law right of privacy or

20  protection.  The MGA Parties further object to this request on the grounds that it is

21  overbroad as to subject matter and time; in particular, the MGA Parties object that

22  the phrases "all documents" and "relating to" are unbounded by any date limitation

23  and are not tied in any way to any claim, defense or other issues involved in Phase 2

24  of this litigation.

25

26

27

28

21

Exhibit 61
Page 926

OBJECTIONS OF MGA TO MATTEL INC.'S SUBPOENA TO OMNI 808 INVESTORS, LLC

1 DATED:  January 28, 2009

2                                        SKADDEN, ARPS, SLATE, MEAGHER &
                                         FLOM, LLP
3

4                                        By: _____
                                              Robert J. Herrington
5                                             Attorneys for the MGA Parties

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        22

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

    I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071.

    On **January 28, 2009**, I served the foregoing documents described as:

**OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO OMNI 808 INVESTORS, LLC**

on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

(X)  (BY PERSONAL SERVICE)  ☐    By personally delivering copies to the person served. (FEDERAL)

                                 ☒    I caused such document to be hand delivered to the above addressees. (FEDERAL)

(X)  (BY U.S. MAIL)

(X)  (VIA FACSIMILE)

    I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

    Executed on **January 28, 2009,** in Los Angeles, California.

Karoleen Tshabourian
PRINT NAME

_____
SIGNATURE

2

Exhibit 61
Page 928

## SERVICE LIST

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
John Quinn, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
**[By Personal Service]**

Patricia Glaser, Esq.
Joel Klevens, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067
(310) 553-3000
(310) 556-2920 (Fax)
**[By U.S. Mail and Facsimile]**

Russell J. Frackman
Patricia H. Benson
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000
(310) 312-3100 (Fax)
**[By U.S. Mail and Facsimile]**

Todd Gordinier
Bingham McCutchen, LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, California 92626
(714) 830-0600
Fax: (714) 830-0600
Attorneys for Omni 808 Investors, LLC
**[By U.S. Mail and Facsimile]**

3

Exhibit 61
Page 929
RVICE
NO. CV 04-9049 SGL (RNBx)

# EXHIBIT 62

RECEIVED

JAN 2 3 2009

1   THOMAS J. NOLAN (Bar No. 66992)
    (tnolan@skadden.com)
2   RAOUL D. KENNEDY (Bar No. 40892)
    (rkennedy@skadden.com)
3   JASON D. RUSSELL (Bar No. 169219)
    (jrussell@skadden.com)
4   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    300 South Grand Avenue, Suite 3400
5   Los Angeles, CA  90071-3144
    Tel.: (213) 687-5000
6   Fax: (213) 687-5600

7   Attorneys for The MGA Parties

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11  CARTER BRYANT, an individual        )   CASE NO. CV 04-9049 SGL (RNBx)
                                        )
12              Plaintiff,              )   Consolidated with Case No. 04-9059
                                        )   and Case No. 05-2727
13        v.                            )
                                        )   Honorable Stephen G. Larson
14  MATTEL, INC., a Delaware            )
    corporation                         )   **OBJECTIONS OF MGA TO**
15                                      )   **MATTEL INC.'S CORRECTED**
                Defendant.              )   **SUBPOENA TO OMNINET**
16                                      )   **CAPITAL, LLC**
                                        )
17                                      )
                                        )
18                                      )
                                        )
19                                      )
                                        )
20  AND CONSOLIDATED ACTIONS.           )
                                        )
21                                      )
                                        )
22

23

24

25

26

27

28

1           MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)

2   Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Parties") hereby respond

3   to Plaintiff Mattel's ("Plaintiff") Subpoena for Production of Documents (the

4   "Requests" or the "Subpoena"), served on Omninet Capital, LLC, as follows:

5                              **GENERAL OBJECTIONS**

6           1.     The MGA Parties object to the Subpoena and each and every

7   Request on the grounds that the Subpoena fails to allow reasonable time for

8   compliance.  *See* Fed. R. Civ. P. 45(c)(3)(A)(i).

9           2.     The MGA Parties object to the Subpoena and each and every

10  Request on the ground that the Subpoena fails to comply with Rule 45's prior notice

11  requirement, rendering the Subpoena a nullity.  Fed. R. Civ. P. 45(b)(1) ("Prior

12  notice of any commanded production of documents and things or inspection of

13  premises before trial ***shall*** be served on each party in the manner prescribed by Rule

14  5(b).") (emphasis added).

15          3.     The MGA Parties object to the Subpoena and each and every

16  Request to the extent that they seek documents that are protected from disclosure by

17  any applicable privilege, doctrine or right, including without limitation the attorney-

18  client privilege, the work product doctrine, the right of privacy, which is protected by

19  virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1

20  of the California Constitution, and all other rights and privileges recognized under

21  the constitutional, statutory or decisional law of the United States, the State of

22  California, and all relevant jurisdictions.  Nothing done in relation to the Subpoena is

23  intended to or shall operate as a waiver by the MGA Parties, intentionally or

24  otherwise, of the attorney-client privilege, work product doctrine protection, or any

25  other applicable privilege, doctrine or immunity protecting the communications,

26  transactions or records of the MGA Parties or any other person from disclosure.

27

28

1

Exhibit 62
Page 931

1          4.      The MGA Parties object to the Subpoena and each and every
2   Request to the extent that they seek documents that are protected from disclosure by
3   the accountant-client privilege.

4          5.      The MGA Parties object to the Subpoena and each and every
5   Request to the extent that they seek documents protected from disclosure by
6   applicable federal and state tax return privileges. *See, e.g., Premium Service Corp. v.*
7   *Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Southern California*
8   *Housing Rights Center. v. Krug*, 2006 U.S. Dist. LEXIS 65330, **9-10 (C.D. Cal.
9   2006); *Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003); *San Francisco Bay*
10  *Area Rapid Transit District v. Spencer*, 2006 U.S. Dist. LEXIS 81681, **3-4 (N.D.
11  Cal. 2006); *see also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957); *Sav-*
12  *On Drugs, Inc. v. Sup. Ct.*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal.
13  App. 3d 557, 562 (1982).

14         6.      The MGA Parties object to the Subpoena and each and every
15  Request to the extent that they seek the production of documents that contain trade
16  secrets, confidential, commercially sensitive and/or other proprietary or competitive
17  information that is subject to Omni Capital's, the MGA Parties', or any other
18  person's constitutional, statutory or common law right of privacy or protection. The
19  MGA Parties object to the production of any such documents to the extent they exist.
20  The MGA Parties further object that the requested discovery is barred by California
21  Civil Code §3295.

22         7.      The MGA Parties object to the Subpoena and each and every
23  Request on the ground that they seek documents that are not relevant to the claims
24  and defenses in this action or are not reasonably calculated to lead to the discovery of
25  admissible evidence. The documents sought by the Subpoena are irrelevant to any
26  claim or defense at issue in Phase 2 of this case, and the Subpoena appears designed
27  to circumvent the Court's January 7, 2009 Order appointing a forensic auditor to

28

2

1   examine MGA's books and records.  The auditor's work has just started, and until
2   the auditor issues his report and findings, the discovery Mattel seeks is premature,
3   unduly burdensome, harassing, and irrelevant.

4          8.      The MGA Parties object to the Subpoena and each and every
5   Request to the extent that they are overbroad, otherwise unlimited as to time,
6   oppressive, vague, ambiguous, harassing, annoying, redundant, duplicative,
7   overlapping, repetitive or cumulative, and/or otherwise unduly burdensome, thereby
8   rendering the Subpoena unenforceable.  *See, e.g.,* Fed. R. Civ. P. 45(c)(l) ("A party
9   or an attorney responsible for the issuance and service of a subpoena shall take
10  reasonable steps to avoid imposing undue burden or expense on a person subject to
11  that subpoena."); *High Tech Medical Instrumentation v. New Image Indus.*, 161
12  F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long held that nonparties
13  subject to discovery requests deserve extra protection from the courts.").

14         9.      The MGA Parties object to the Subpoena and each and every
15  Request insofar as they seek the production of documents that are more easily
16  obtained from other entities, including the parties to this action.

17         10.     Except as otherwise stated below, an objection to a specific
18  document Request does not imply that documents responsive to that category exist or
19  that the MGA Parties accept the purported factual predicate for any Request.

20         11.     Without waiving any of the foregoing General Objections, each
21  of which is expressly incorporated into each individual response as if fully stated
22  therein, the MGA Parties object to each and every specific Request for documents,
23  subject to the following additional express reservations of rights:

24             (a)     The right to object on any and all grounds, at any time, to
25  these or any other requests for production and inspection of documents or other
26  discovery procedures involving or relating to the subject matter of the Requests,

27

28

OBJECTIONS OF MGA TO MATTEL INC.'S CORREC          **Exhibit 62**          NET CAPITAL, LLC
                                                   **Page 933**

1  including by way of a motion to quash or modify the subpoena or a motion for a
2  protective order; and
3              (b)    The right at any time to revise, correct, supplement or
4  clarify any of the objections propounded herein.

## SPECIFIC OBJECTIONS AND RESPONSES

6  REQUEST NO. 1:

7       All DOCUMENTS referring or relating to agreements, contracts or
8  transactions between MGA Entertainment, Inc. and OmniNet Capital, LLC, or any
9  subsidiary or affiliate of OmniNet Capital, LLC, and any amendments or
10 modifications thereto, and any communications referring or relating to any such
11 agreements, contracts or transactions.

12 RESPONSE TO REQUEST NO. 1:

13      The MGA Parties incorporate by reference their General Objections as though
14 fully set forth herein.  The MGA Parties further object that the Discovery Master
15 already has ruled on similarly phrased requests to third parties, including in an Order
16 dated May 7, 2008, concluding that requests using phrases like "all documents," and
17 "referring to or relating to" are overly broad, vague, unduly burdensome, and seek
18 irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The
19 MGA Parties further object that this request calls for the production of documents
20 that are not relevant to any claim or defense in the pending litigation or reasonably
21 calculated to lead to the discovery of admissible evidence.  The Request appears
22 designed to circumvent the Court's January 7 Order appointing a forensic auditor
23 and requiring Mattel to pay the auditor's costs in the first instance.

24      The MGA Parties further object to this request to the extent it seeks
25 documents protected by the accountant-client privilege.  The MGA Parties further
26 object to the request to the extent that it seeks documents protected from disclosure
27 by applicable federal and state tax return privileges.  The MGA Parties further object

28

4

1  to this request to the extent that it seeks documents that contain trade secrets,

2  confidential, commercially sensitive and/or other proprietary or competitive

3  information that is subject to the MGA Parties' or any other person's constitutional,

4  statutory or common law right of privacy or protection.  The MGA Parties further

5  object to this request as being overly broad, burdensome and harassing to a non-party

6  to the extent that it seeks to force a third party to produce documents or information

7  available from parties to the litigation.  The MGA Parties further object to this

8  request on the grounds that it is overbroad as to subject matter and time; in particular,

9  the MGA Parties object that the phrases "all documents" and "referring or relating

10 to" are unbounded by any date limitation and are not tied in any way to any claim,

11 defense or other issues involved in Phase 2 of this litigation.

12

13 REQUEST NO. 2:

14        All DOCUMENTS referring or relating to agreements, contracts or

15 transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and

16 OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and

17 any amendments or modifications thereto, and any communications referring or

18 relating to any such agreements, contracts or transactions.

19 RESPONSE TO REQUEST NO. 2:

20        The MGA Parties incorporate by reference their General Objections as though

21 fully set forth herein.  The MGA Parties further object that the Discovery Master

22 already has ruled on similarly phrased requests to third parties, including in an Order

23 dated May 7, 2008, concluding that requests using phrases like "all documents" and

24 "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

25 irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

26 MGA Parties further object that this request calls for the production of documents

27 that are not relevant to any claim or defense in the pending litigation or reasonably

28

5

1  calculated to lead to the discovery of admissible evidence.  The Request appears
2  designed to circumvent the Court's January 7 Order appointing a forensic auditor
3  and requiring Mattel to pay the auditor's costs in the first instance.

4       The MGA Parties further object to this request to the extent it seeks
5  documents protected by the accountant-client privilege.  The MGA Parties further
6  object to the request to the extent that it seeks documents protected from disclosure
7  by applicable federal and state tax return privileges.  The MGA Parties further object
8  to this request to the extent that it seeks documents that contain trade secrets,
9  confidential, commercially sensitive and/or other proprietary or competitive
10 information that is subject to the MGA Parties' or any other person's constitutional,
11 statutory or common law right of privacy or protection.  The MGA Parties further
12 object to this request as being overly broad, burdensome and harassing to a non-party
13 to the extent that it seeks to force a third party to produce documents or information
14 available from parties to the litigation.  The MGA Parties further object to this
15 request on the grounds that it is overbroad as to subject matter and time; in particular,
16 the MGA Parties object that the phrases "all documents," "referring or relating to,"
17 and "any communications" are unbounded by any date limitation and are not tied in
18 any way to any claim, defense or other issues involved in Phase 2 of this litigation.
19

20 REQUEST NO. 3:

21      All DOCUMENTS containing financial information, including but not limited
22 to historical and prospective financial performance, provided by MGA Entertainment,
23 Inc. to OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital,
24 LLC, since January 1, 2007.

25 RESPONSE TO REQUEST NO. 3:

26      The MGA Parties incorporate by reference their General Objections as though
27 fully set forth herein.  The MGA Parties further object that the Discovery Master
28

6

1  already has ruled on similarly phrased requests to third parties, including in an Order

2  dated May 7, 2008, concluding that requests using phrases like "all documents" and

3  "containing financial information" are overly broad, vague, unduly burdensome, and

4  seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.

5  The MGA Parties further object that this request calls for the production of

6  documents that are not relevant to any claim or defense in the pending litigation or

7  reasonably calculated to lead to the discovery of admissible evidence.  The Request

8  appears designed to circumvent the Court's January 7 Order appointing a forensic

9  auditor and requiring Mattel to pay the auditor's costs in the first instance.

10      The MGA Parties further object to this request to the extent it seeks

11  documents protected by the accountant-client privilege.  The MGA Parties further

12  object to the request to the extent that it seeks documents protected from disclosure

13  by applicable federal and state tax return privileges.  The MGA Parties further object

14  to this request to the extent that it seeks documents that contain trade secrets,

15  confidential, commercially sensitive and/or other proprietary or competitive

16  information that is subject to the MGA Parties' or any other person's constitutional,

17  statutory or common law right of privacy or protection.  The MGA Parties further

18  object to this request as being overly broad, burdensome and harassing to a non-party

19  to the extent that it seeks to force a third party to produce documents or information

20  available from parties to the litigation.  The MGA Parties further object to this

21  request on the grounds that it is overbroad as to subject matter; in particular, the

22  MGA Parties object that the phrases "all documents" and "containing financial

23  information" are not tied in any way to any claim, defense or other issues involved in

24  Phase 2 of this litigation.

25

26

27

28

7

Exhibit 62
Page 937

PITAL, LLC

1 REQUEST NO. 4:

2      DOCUMENTS sufficient to identify (a) each member, managing member,

3 holder of any ownership interest in, shareholder, officer and director of OmniNet

4 Capital, LLC since January 1, 2005 and (b) the dates of such person's affiliation with

5 OmniNet Capital, LLC.

6 RESPONSE TO REQUEST NO. 4:

7      The MGA Parties incorporate by reference their General Objections as though

8 fully set forth herein.  The MGA Parties further object that this request calls for the

9 production of documents that are not relevant to any claim or defense in the pending

10 litigation or reasonably calculated to lead to the discovery of admissible evidence.

11 The Request appears designed to circumvent the Court's January 7 Order appointing

12 a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

13      The MGA Parties further object to this request to the extent that it seeks

14 documents that contain trade secrets, confidential, commercially sensitive and/or

15 other proprietary or competitive information that is subject to any person's

16 constitutional, statutory or common law right of privacy or protection.  The MGA

17 Parties further object to this request on the grounds that it is overbroad as to subject

18 matter and time.

19

20 REQUEST NO. 5

21      All DOCUMENTS detailing or setting forth the relationship between Omni

22 808 Investors, LLC and OmniNet Capital, LLC, if any.

23 RESPONSE TO REQUEST NO. 5

24      The MGA Parties incorporate by reference their General Objections as though

25 fully set forth herein.  The MGA Parties further object that the Discovery Master

26 already has ruled on similarly phrased requests to third parties, including in an Order

27 dated May 7, 2008, concluding that requests using phrases like "all documents," and

28

8

1   "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

2   irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

3   MGA Parties further object that this request calls for the production of documents

4   that are not relevant to any claim or defense in the pending litigation or reasonably

5   calculated to lead to the discovery of admissible evidence.  The Request appears

6   designed to circumvent the Court's January 7 Order appointing a forensic auditor

7   and requiring Mattel to pay the auditor's costs in the first instance.

8       The MGA Parties further object to this request to the extent that it seeks

9   documents that contain trade secrets, confidential, commercially sensitive and/or

10   other proprietary or competitive information that is subject to the any person's

11   constitutional, statutory or common law right of privacy or protection.  The MGA

12   Parties further object to this request on the grounds that it is overbroad as to subject

13   matter and time; in particular, the MGA Parties object that the phrases "all

14   documents" and "detailing or setting forth," are unbounded by any date limitation

15   and are not tied in any way to any claim, defense or other issues involved in Phase 2

16   of this litigation.

17

18   REQUEST NO. 6

19       All DOCUMENTS detailing or setting forth the relationship between

20   OmniNet Capital, LLC and Vision Capital, LLC, if any.

21   RESPONSE TO REQUEST NO. 6

22       The MGA Parties incorporate by reference their General Objections as though

23   fully set forth herein.  The MGA Parties further object that the Discovery Master

24   already has ruled on similarly phrased requests to third parties, including in an Order

25   dated May 7, 2008, concluding that requests using phrases like "all documents" and

26   "detailing" are overly broad, vague, unduly burdensome, and seek irrelevant

27   information.  Mattel's Subpoena violates these prior Court Orders.  The MGA

28

9

1  Parties further object that this request calls for the production of documents that are

2  not relevant to any claim or defense in the pending litigation or reasonably calculated

3  to lead to the discovery of admissible evidence.  The Request appears designed to

4  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

5  Mattel to pay the auditor's costs in the first instance.

6      The MGA Parties further object to this request to the extent that it seeks

7  documents that contain trade secrets, confidential, commercially sensitive and/or

8  other proprietary or competitive information that is subject to any person's

9  constitutional, statutory or common law right of privacy or protection.  The MGA

10  Parties further object to this request on the grounds that it is overbroad as to subject

11  matter and time; in particular, the MGA Parties object that the phrases "all

12  documents" and "detailing or setting forth" are unbounded by any date limitation and

13  are not tied in any way to any claim, defense or other issues involved in Phase 2 of

14  this litigation.

15

16  REQUEST NO. 7

17      All DOCUMENTS detailing or setting forth the relationship between

18  OmniNet Capital, LLC and Lexington Financial, LLC, if any.

19  RESPONSE TO REQUEST NO. 7

20      The MGA Parties incorporate by reference their General Objections as though

21  fully set forth herein.  The MGA Parties further object that the Discovery Master

22  already has ruled on similarly phrased requests to third parties, including in an Order

23  dated May 7, 2008, concluding that requests using phrases like "all documents" and

24  "detailing" are overly broad, vague, unduly burdensome, and seek irrelevant

25  information.  Mattel's Subpoena violates these prior Court Orders.  The MGA

26  Parties further object that this request calls for the production of documents that are

27  not relevant to any claim or defense in the pending litigation or reasonably calculated

28

OBJECTIONS OF MGA TO ·          **Exhibit 62**          D SUBPOENA TO OMNINET CAPITAL, LLC
                                **Page 940**

1 | to lead to the discovery of admissible evidence.  The Request appears designed to
2 | circumvent the Court's January 7 Order appointing a forensic auditor and requiring
3 | Mattel to pay the auditor's costs in the first instance.
4 |      The MGA Parties further object to this request to the extent that it seeks
5 | documents that contain trade secrets, confidential, commercially sensitive and/or
6 | other proprietary or competitive information that is subject to any person's
7 | constitutional, statutory or common law right of privacy or protection.  The MGA
8 | Parties further object to this request on the grounds that it is overbroad as to subject
9 | matter and time; in particular, the MGA Parties object that the phrases "all
10 | documents" and "detailing or setting forth" are unbounded by any date limitation and
11 | are not tied in any way to any claim, defense or other issues involved in Phase 2 of
12 | this litigation.
13 |
14 | **REQUEST NO. 8**
15 |      All DOCUMENTS detailing or setting forth the relationship between
16 | OmniNet Capital, LLC and MGA Entertainment, Inc., if any.
17 | **RESPONSE TO REQUEST NO. 8**
18 |      The MGA Parties incorporate by reference their General Objections as though
19 | fully set forth herein.  The MGA Parties further object that the Discovery Master
20 | already has ruled on similarly phrased requests to third parties, including in an Order
21 | dated May 7, 2008, concluding that requests using phrases like "all documents" and
22 | "detailing" are overly broad, vague, unduly burdensome, and seek irrelevant
23 | information.  Mattel's Subpoena violates these prior Court Orders.  The MGA
24 | Parties further object that this request calls for the production of documents that are
25 | not relevant to any claim or defense in the pending litigation or reasonably calculated
26 | to lead to the discovery of admissible evidence.  The Request appears designed to
27 |
28 |

OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TC

**Exhibit 62
Page 941**

1  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

2  Mattel to pay the auditor's costs in the first instance.

3      The MGA Parties further object to this request to the extent that it seeks

4  documents that contain trade secrets, confidential, commercially sensitive and/or

5  other proprietary or competitive information that is subject to any person's

6  constitutional, statutory or common law right of privacy or protection.  The MGA

7  Parties further object to this request on the grounds that it is overbroad as to subject

8  matter and time; in particular, the MGA Parties object that the phrases "all

9  documents" and "detailing or setting forth" are unbounded by any date limitation and

10 are not tied in any way to any claim, defense or other issues involved in Phase 2 of

11 this litigation.

12

13 REQUEST NO. 9:

14      All DOCUMENTS detailing or setting forth the relationship between

15 OmniNet Capital, LLC and Isaac Larian or his family members, if any.

16 RESPONSE TO REQUEST NO. 9:

17      The MGA Parties incorporate by reference their General Objections as though

18 fully set forth herein.  The MGA Parties further object that the Discovery Master

19 already has ruled on similarly phrased requests to third parties, including in an Order

20 dated May 7, 2008, concluding that requests using phrases like "all documents" and

21 "detailing" are overly broad, vague, unduly burdensome, and seek irrelevant

22 information.  Mattel's Subpoena violates these prior Court Orders.  The MGA

23 Parties further object that this request calls for the production of documents that are

24 not relevant to any claim or defense in the pending litigation or reasonably calculated

25 to lead to the discovery of admissible evidence.  The Request appears designed to

26 circumvent the Court's January 7 Order appointing a forensic auditor and requiring

27 Mattel to pay the auditor's costs in the first instance.

28

OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO OMNINET C

Exhibit 62
Page 942

1    The MGA Parties further object to this request to the extent that it seeks

2  documents that contain trade secrets, confidential, commercially sensitive and/or

3  other proprietary or competitive information that is subject to any person's

4  constitutional, statutory or common law right of privacy or protection. The MGA

5  Parties further object to this request on the grounds that it is overbroad as to subject

6  matter and time; in particular, the MGA Parties object that the phrases "all

7  documents" and "detailing or setting forth" are unbounded by any date limitation and

8  are not tied in any way to any claim, defense or other issues involved in Phase 2 of

9  this litigation.

10

11  REQUEST NO. 10:

12    All DOCUMENTS referring or relating to the source of funding for Lexington

13  Financial, LLC.

14  RESPONSE TO REQUEST NO. 10:

15    The MGA Parties incorporate by reference their General Objections as though

16  fully set forth herein. The MGA Parties further object that the Discovery Master

17  already has ruled on similarly phrased requests to third parties, including in an Order

18  dated May 7, 2008, concluding that requests using phrases like "all documents" and

19  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

20  irrelevant information. Mattel's Subpoena violates these prior Court Orders. The

21  MGA Parties further object that this request calls for the production of documents

22  that are not relevant to any claim or defense in the pending litigation or reasonably

23  calculated to lead to the discovery of admissible evidence. The Request appears

24  designed to circumvent the Court's January 7 Order appointing a forensic auditor

25  and requiring Mattel to pay the auditor's costs in the first instance.

26    The MGA Parties further object to this request to the extent that it seeks

27  documents that contain trade secrets, confidential, commercially sensitive and/or

28

13

Exhibit 62
Page 943

1   other proprietary or competitive information that is subject to any person's
2   constitutional, statutory or common law right of privacy or protection. The MGA
3   Parties further object to this request on the grounds that it is overbroad as to subject
4   matter and time; in particular, the MGA Parties object that the phrases "all
5   documents," "referring or relating to," and "source of funding" are unbounded by
6   any date limitation and are not tied in any way to any claim, defense or other issues
7   involved in Phase 2 of this litigation.

8

9   REQUEST NO. 11

10      All DOCUMENTS referring or relating to the source of funding for Omni 808
11   Investors, LLC.

12   RESPONSE TO REQUEST NO. 11:

13      The MGA Parties incorporate by reference their General Objections as though
14   fully set forth herein. The MGA Parties further object that the Discovery Master
15   already has ruled on similarly phrased requests to third parties, including in an Order
16   dated May 7, 2008, concluding that requests using phrases like "all documents," and
17   "referring to or relating to" are overly broad, vague, unduly burdensome, and seek
18   irrelevant information. Mattel's Subpoena violates these prior Court Orders. The
19   MGA Parties further object that this request calls for the production of documents
20   that are not relevant to any claim or defense in the pending litigation or reasonably
21   calculated to lead to the discovery of admissible evidence. The Request appears
22   designed to circumvent the Court's January 7 Order appointing a forensic auditor
23   and requiring Mattel to pay the auditor's costs in the first instance.

24      The MGA Parties further object to this request to the extent that it seeks
25   documents that contain trade secrets, confidential, commercially sensitive and/or
26   other proprietary or competitive information that is subject to any person's
27   constitutional, statutory or common law right of privacy or protection. The MGA

28

14

1  Parties further object to this request on the grounds that it is overbroad as to subject

2  matter and time; in particular, the MGA Parties object that the phrases "all

3  documents," "referring or relating to," and "source of funding" are unbounded by

4  any date limitation and are not tied in any way to any claim, defense or other issues

5  involved in Phase 2 of this litigation.

6

7  REQUEST NO. 12:

8       All DOCUMENTS referring or relating to the source of funding for Vision

9  Capital, LLC.

10  RESPONSE TO REQUEST NO. 12:

11       The MGA Parties incorporate by reference their General Objections as though

12  fully set forth herein.  The MGA Parties further object that the Discovery Master

13  already has ruled on similarly phrased requests to third parties, including in an Order

14  dated May 7, 2008, concluding that requests using phrases like "all documents," and

15  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

16  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

17  MGA Parties further object that this request calls for the production of documents

18  that are not relevant to any claim or defense in the pending litigation or reasonably

19  calculated to lead to the discovery of admissible evidence.  The Request appears

20  designed to circumvent the Court's January 7 Order appointing a forensic auditor

21  and requiring Mattel to pay the auditor's costs in the first instance.

22       The MGA Parties further object to this request to the extent that it seeks

23  documents that contain trade secrets, confidential, commercially sensitive and/or

24  other proprietary or competitive information that is subject to any person's

25  constitutional, statutory or common law right of privacy or protection.  The MGA

26  Parties further object to this request on the grounds that it is overbroad as to subject

27  matter and time; in particular, the MGA Parties object that the phrases "all

28

15

OBJECTIONS OF MGA TO MATTEL INC.'S CORR ... TO ... NINET CAPITAL, LLC

Exhibit 62
Page 945

1 documents," "referring or relating to," and "source of funding" are unbounded by
2 any date limitation and are not tied in any way to any claim, defense or other issues
3 involved in Phase 2 of this litigation.

4

5 REQUEST NO. 13:

6      All DOCUMENTS referring or relating to transactions involving any
7 compensation, loans, advances, payments, fees or any other form of consideration
8 paid by OmniNet Capital, LLC to Isaac Larian, his family members, or affiliates, or
9 any other related party, including MGA Entertainment, Inc.

10 RESPONSE TO REQUEST NO. 13:

11      The MGA Parties incorporate by reference their General Objections as though
12 fully set forth herein. The MGA Parties further object that the Discovery Master
13 already has ruled on similarly phrased requests to third parties, including in an Order
14 dated May 7, 2008, concluding that requests using phrases like "all documents," and
15 "referring to or relating to" are overly broad, vague, unduly burdensome, and seek
16 irrelevant information. Mattel's Subpoena violates these prior Court Orders. The
17 MGA Parties further object that this request calls for the production of documents
18 that are not relevant to any claim or defense in the pending litigation or reasonably
19 calculated to lead to the discovery of admissible evidence. The Request appears
20 designed to circumvent the Court's January 7 Order appointing a forensic auditor
21 and requiring Mattel to pay the auditor's costs in the first instance.

22      The MGA Parties further object to this request to the extent it seeks
23 documents protected by the accountant-client privilege. The MGA Parties further
24 object to the request to the extent that it seeks documents protected from disclosure
25 by applicable federal and state tax return privileges. The MGA Parties further object
26 to this request to the extent that it seeks documents that contain trade secrets,
27 confidential, commercially sensitive and/or other proprietary or competitive

28

Exhibit 62
Page 946

1   information that is subject to the MGA Parties' or any other person's constitutional,

2   statutory or common law right of privacy or protection. The MGA Parties further

3   object to this request as being overly broad, burdensome and harassing to a non-party

4   to the extent that it seeks to force a third party to produce documents or information

5   available from parties to the litigation. The MGA Parties further object to this

6   request on the grounds that it is overbroad as to subject matter and time; in particular,

7   the MGA Parties object that the phrases "all documents" and "referring or relating

8   to" are unbounded by any date limitation and are not tied in any way to any claim,

9   defense or other issues involved in Phase 2 of this litigation.

10

11   REQUEST NO. 14

12         All COMMUNICATIONS referring or relating to Vision Capital, LLC,

13   Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

14   RESPONSE TO REQUEST NO. 14:

15         The MGA Parties incorporate by reference their General Objections as though

16   fully set forth herein. The MGA Parties further object that the Discovery Master

17   already has ruled on similarly phrased requests to third parties, including in an Order

18   dated May 7, 2008, concluding that requests using phrases like "all communications"

19   and "referring or relating" are overly broad, vague, unduly burdensome, and seek

20   irrelevant information. Mattel's Subpoena violates these prior Court Orders. The

21   MGA Parties further object that this request calls for the production of documents

22   that are not relevant to any claim or defense in the pending litigation or reasonably

23   calculated to lead to the discovery of admissible evidence. The Request appears

24   designed to circumvent the Court's January 7 Order appointing a forensic auditor

25   and requiring Mattel to pay the auditor's costs in the first instance.

26         The MGA Parties further object to this request to the extent that it seeks

27   documents that contain trade secrets, confidential, commercially sensitive and/or

28

Exhibit 62
Page 947

NS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO OMNINET CAPITAL, LLC

1 | other proprietary or competitive information that is subject to the MGA Parties' or
2 | any other person's constitutional, statutory or common law right of privacy or
3 | protection.  The MGA Parties further object to this request on the grounds that it is
4 | overbroad as to subject matter and time; in particular, the MGA Parties object that
5 | the phrase "all communications" is unbounded by any date limitation and are not tied
6 | in any way to any claim, defense or other issues involved in Phase 2 of this litigation.
7 |
8 | REQUEST NO. 15:
9 |     All DOCUMENTS relating to the U.C.C. financing statements and
10 | amendments attached as Exhibit 1
11 | RESPONSE TO REQUEST NO. 15:
12 |     The MGA Parties incorporate by reference their General Objections as though
13 | fully set forth herein.  The MGA Parties further object that the Discovery Master
14 | already has ruled on similarly phrased requests to third parties, including in an Order
15 | dated May 7, 2008, concluding that requests using phrases like "all documents" and
16 | "relating to" are overly broad, vague, unduly burdensome, and seek irrelevant
17 | information.  Mattel's Subpoena violates these prior Court Orders.  The MGA
18 | Parties further object that this request calls for the production of documents that are
19 | not relevant to any claim or defense in the pending litigation or reasonably calculated
20 | to lead to the discovery of admissible evidence.  The Request appears designed to
21 | circumvent the Court's January 7 Order appointing a forensic auditor and requiring
22 | Mattel to pay the auditor's costs in the first instance.
23 |     The MGA Parties further object to this request to the extent that it seeks
24 | documents that contain trade secrets, confidential, commercially sensitive and/or
25 | other proprietary or competitive information that is subject to the MGA Parties' or
26 | any other person's constitutional, statutory or common law right of privacy or
27 | protection.  The MGA Parties further object to this request on the grounds that it is
28 |

OBJECTIONS OF MGA TO MATTEL    **Exhibit 62**    ENA TO OMNINET CAPITAL, LLC
**Page 948**

1 overbroad as to subject matter and time; in particular, the MGA Parties object that

2 the phrases "all documents" and "relating to" are unbounded by any date limitation

3 and are not tied in any way to any claim, defense or other issues involved in Phase 2

4 of this litigation.

5

6 DATED: January 28, 2009

7 SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP

8

9 By: _____

10 Robert J. Herrington
Attorneys for the MGA Parties

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3

I am employed in the county of Los Angeles, State of California.  I am
over the age of 18 and not a party to the within action.  My business address is 300
South Grand Avenue, Suite 3400, Los Angeles, California 90071.

4

5

On **January 28, 2009**, I served the foregoing documents described as:

6

**OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA
TO OMNINET CAPITAL, LLC**

7

8

on the interested parties in this action addressed as follows:

9

**SEE ATTACHED SERVICE LIST**

10

11

**(X)**    (BY PERSONAL SERVICE)    □    By personally delivering copies to the
person served. (FEDERAL)

12

⊠    I caused such document to be hand
delivered to the above addressees.
(FEDERAL)

13

14

15

**(X)**    (BY U.S. MAIL)

16

17

**(X)**    (VIA FACSIMILE)

18

19

I declare under penalty of perjury under the laws of the State of

20

California and the United States of America that the above is true and correct.

21

Executed on **January 28, 2009**, in Los Angeles, California.

22

Karoleen Tshabourian
PRINT NAME

23

SIGNATURE

24

25

26

27

28

## SERVICE LIST

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
John Quinn, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
**[By Personal Service]**

Patricia Glaser, Esq.
Joel Klevens, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067
(310) 553-3000
(310) 556-2920 (Fax)
**[By U.S. Mail and Facsimile]**

Russell J. Frackman
Patricia H. Benson
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000
(310) 312-3100 (Fax)
**[By U.S. Mail and Facsimile]**

Todd Gordinier
Bingham McCutchen, LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, California 92626
(714) 830-0600
Fax: (714) 830-0600
Attorneys for OmniNet Capital, LLC
**[By U.S. Mail and Facsimile]**

# EXHIBIT 63

RECEIVED

JAN 2 8 2009

1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  RAOUL D. KENNEDY (Bar No. 40892)
   (rkennedy@skadden.com)
3  JASON D. RUSSELL (Bar No. 169219)
   (jrussell@skadden.com)
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
5  Los Angeles, CA  90071-3144
   Tel.: (213) 687-5000
6  Fax: (213) 687-5600

7  Attorneys for The MGA Parties

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

11  CARTER BRYANT, an individual          )  CASE NO. CV 04-9049 SGL (RNBx)
                                          )
12               Plaintiff,               )  Consolidated with Case No. 04-9059
                                          )  and Case No. 05-2727
13        v.                              )
                                          )  Honorable Stephen G. Larson
14  MATTEL, INC., a Delaware              )
    corporation                           )  **OBJECTIONS OF MGA TO**
15                                        )  **MATTEL INC.'S CORRECTED**
                 Defendant.               )  **SUBPOENA TO VISION**
16                                        )  **CAPITAL, LLC**
                                          )
17                                        )
                                          )
18                                        )
                                          )
19                                        )
    _____  )
20                                        )
    AND CONSOLIDATED ACTIONS.             )
21                                        )
    _____  )
22

23

24

25

26

27

28

OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO VISION CAPITAL, LLC

Exhibit 63
Page 952

1    MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)

2  Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Parties") hereby respond

3  to Plaintiff Mattel's ("Plaintiff") Subpoena for Production of Documents (the

4  "Requests" or the "Subpoena"), served on Vision Capital LLC, as follows:

5                            **GENERAL OBJECTIONS**

6          1.      The MGA Parties object to the Subpoena and each and every

7  Request on the grounds that the Subpoena fails to allow reasonable time for

8  compliance.  *See* Fed. R. Civ. P. 45(c)(3)(A)(i).

9          2.      The MGA Parties object to the Subpoena and each and every

10  Request on the ground that the Subpoena fails to comply with Rule 45's prior notice

11  requirement, rendering the Subpoena a nullity.  Fed. R. Civ. P. 45(b)(1) ("Prior

12  notice of any commanded production of documents and things or inspection of

13  premises before trial ***shall*** be served on each party in the manner prescribed by Rule

14  5(b).") (emphasis added).

15          3.      The MGA Parties object to the Subpoena and each and every

16  Request to the extent that they seek documents that are protected from disclosure by

17  any applicable privilege, doctrine or right, including without limitation the attorney-

18  client privilege, the work product doctrine, the right of privacy, which is protected by

19  virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1

20  of the California Constitution, and all other rights and privileges recognized under

21  the constitutional, statutory or decisional law of the United States, the State of

22  California, and all relevant jurisdictions.  Nothing done in relation to the Subpoena is

23  intended to or shall operate as a waiver by the MGA Parties, intentionally or

24  otherwise, of the attorney-client privilege, work product doctrine protection, or any

25  other applicable privilege, doctrine or immunity protecting the communications,

26  transactions or records of the MGA Parties or any other person from disclosure.

27

28

OBJECTIONS OF MGA TO MATTEL [   **Exhibit 63**   . TO VISION CAPITAL, LLC
                               **Page 953**

1        4.      The MGA Parties object to the Subpoena and each and every

2   Request to the extent that they seek documents that are protected from disclosure by

3   the accountant-client privilege.

4        5.      The MGA Parties object to the Subpoena and each and every

5   Request to the extent that they seek documents protected from disclosure by

6   applicable federal and state tax return privileges. *See, e.g., Premium Service Corp. v.*

7   *Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir. 1975); *Southern California*

8   *Housing Rights Center. v. Krug,* 2006 U.S. Dist. LEXIS 65330, **9-10 (C.D. Cal.

9   2006); *Aliotti v. Senora,* 217 F.R.D. 496, 498 (N.D. Cal. 2003); *San Francisco Bay*

10  *Area Rapid Transit District v. Spencer,* 2006 U.S. Dist. LEXIS 81681, **3-4 (N.D.

11  Cal. 2006); *see also Webb v. Standard Oil Co.,* 49 Cal. 2d. 509, 513-514 (1957); *Sav-*

12  *On Drugs, Inc. v. Sup. Ct.,* 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut,* 103 Cal.

13  App. 3d 557, 562 (1982).

14       6.      The MGA Parties object to the Subpoena and each and every

15  Request to the extent that they seek the production of documents that contain trade

16  secrets, confidential, commercially sensitive and/or other proprietary or competitive

17  information that is subject to Vision Capital's, the MGA Parties', or any other

18  person's constitutional, statutory or common law right of privacy or protection.  The

19  MGA Parties object to the production of any such documents to the extent they exist.

20  The MGA Parties further object that the requested discovery violates Civil Code

21  §3295.

22       7.      The MGA Parties object to the Subpoena and each and every

23  Request on the ground that they seek documents that are not relevant to the claims

24  and defenses in this action or are not reasonably calculated to lead to the discovery of

25  admissible evidence.  The documents sought by the Subpoena are irrelevant to any

26  claim or defense at issue in Phase 2 of this case, and the Subpoena appears designed

27  to circumvent the Court's January 7, 2009 Order appointing a forensic auditor to

28

1  examine MGA's books and records.  The auditor's work has just started, and until

2  the auditor issues his report and findings, the discovery Mattel seeks is premature,

3  unduly burdensome, harassing, and irrelevant.

4          8.     The MGA Parties object to the Subpoena and each and every

5  Request to the extent that they are overbroad, otherwise unlimited as to time,

6  oppressive, vague, ambiguous, harassing, annoying, redundant, duplicative,

7  overlapping, repetitive or cumulative, and/or otherwise unduly burdensome, thereby

8  rendering the Subpoena unenforceable.  *See, e.g.,* Fed. R. Civ. P. 45(c)(l) ("A party

9  or an attorney responsible for the issuance and service of a subpoena shall take

10  reasonable steps to avoid imposing undue burden or expense on a person subject to

11  that subpoena."); *High Tech Medical Instrumentation v. New Image Indus.,* 161

12  F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long held that nonparties

13  subject to discovery requests deserve extra protection from the courts.").

14          9.     The MGA Parties object to the Subpoena and each and every

15  Request insofar as they seek the production of documents that are more easily

16  obtained from other entities, including the parties to this action.

17        · 10.     Except as otherwise stated below, an objection to a specific

18  document Request does not imply that documents responsive to that category exist or

19  that the MGA Parties accept the purported factual predicate for any Request.

20         11.     Without waiving any of the foregoing General Objections, each

21  of which is expressly incorporated into each individual response as if fully stated

22  therein, the MGA Parties object to each and every specific Request for documents,

23  subject to the following additional express reservations of rights:

24          (a)     The right to object on any and all grounds, at any time, to

25  these or any other requests for production and inspection of documents or other

26  discovery procedures involving or relating to the subject matter of the Requests,

27

28

3

1   including by way of a motion to quash or modify the subpoena or a motion for a

2   protective order; and

3        (b) The right at any time to revise, correct, supplement or

4   clarify any of the objections propounded herein.

## SPECIFIC OBJECTIONS AND RESPONSES

6   REQUEST NO. 1:

7     All documents referring or relating to agreements, contracts or transactions

8   between MGA Entertainment, Inc. and Vision Capital, LLC, or any subsidiary or

9   affiliate of Vision Capital, LLC, and any amendments or modifications thereto, and

10   any communications referring or relating to any such agreements, contracts or

11   transactions.

12   RESPONSE TO REQUEST NO. 1:

13     The MGA Parties incorporate by reference their General Objections as though

14   fully set forth herein.  The MGA Parties further object that the Discovery Master

15   already has ruled on similarly phrased requests to third parties, including in an Order

16   dated May 7, 2008, concluding that requests using phrases like "all documents" and

17   "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

18   irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

19   MGA Parties further object that this request calls for the production of documents

20   that are not relevant to any claim or defense in the pending litigation or reasonably

21   calculated to lead to the discovery of admissible evidence.  The Request appears

22   designed to circumvent the Court's January 7 Order appointing a forensic auditor

23   and requiring Mattel to pay the auditor's costs in the first instance.

24     The MGA Parties further object to this request to the extent that it seeks

25   documents that contain trade secrets, confidential, commercially sensitive and/or

26   other proprietary or competitive information that is subject to the MGA Parties' or

27   any other person's constitutional, statutory or common law right of privacy or

28

4

1   protection.  The MGA Parties further object to this request as being overly broad,
2   burdensome and harassing to a non-party to the extent that it seeks to force a third
3   party to produce documents or information available from parties to the litigation.
4   The MGA Parties further object to this request on the grounds that it is overbroad as
5   to subject matter and time; in particular, the MGA Parties object that the phrases "all
6   documents" and "referring or relating to" are unbounded by any date limitation and
7   are not tied in any way to any claim, defense or other issues involved in Phase 2 of
8   this litigation.
9
10  REQUEST NO. 2:
11        All documents referring or relating to agreements, contracts or transactions
12  between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC,
13  and Lexington -Financial, LLC, or any subsidiary or affiliate of Lexington Financial,
14  LLC, and any amendments or modifications thereto, and any communications
15  referring or relating to any such agreements, contracts or transactions.
16  RESPONSE TO REQUEST NO. 2:
17        The MGA Parties incorporate by reference their General Objections as though
18  fully set forth herein.  The MGA Parties further object that the Discovery Master
19  already has ruled on similarly phrased requests to third parties, including in an Order
20  dated May 7, 2008, concluding that requests using phrases like "all documents" and
21  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek
22  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The
23  MGA Parties further object that this request calls for the production of documents
24  that are not relevant to any claim or defense in the pending litigation or reasonably
25  calculated to lead to the discovery of admissible evidence.  The Request appears
26  designed to circumvent the Court's January 7 Order appointing a forensic auditor
27  and requiring Mattel to pay the auditor's costs in the first instance.
28

1    The MGA Parties further object to this request to the extent that it seeks

2    documents that contain trade secrets, confidential, commercially sensitive and/or

3    other proprietary or competitive information that is subject to the MGA Parties' or

4    any other person's constitutional, statutory or common law right of privacy or

5    protection.  The MGA Parties further object to this request on the grounds that it is

6    overbroad as to subject matter and time; in particular, the MGA Parties object that

7    the phrases "all documents," "referring or relating to," and "any communications"

8    are unbounded by any date limitation and are not tied in any way to any claim,

9    defense or other issues involved in Phase 2 of this litigation.

10

11   REQUEST NO. 3:

12   All documents referring or relating to agreements, contracts or transactions

13   between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC,

14   and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors,

15   LLC, and any amendments or modifications thereto, and any communications

16   referring or relating to any such agreements, contracts or transactions.

17   RESPONSE TO REQUEST NO. 3:

18   The MGA Parties incorporate by reference their General Objections as though

19   fully set forth herein.  The MGA Parties further object that the Discovery Master

20   already has ruled on similarly phrased requests to third parties, including in an Order

21   dated May 7, 2008, concluding that requests using phrases like "all documents" and

22   "referring or relating to" are overly broad, vague, unduly burdensome, and seek

23   irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

24   MGA Parties further object that this request calls for the production of documents

25   that are not relevant to any claim or defense in the pending litigation or reasonably

26   calculated to lead to the discovery of admissible evidence.  The Request appears

27

28

6

1  designed to circumvent the Court's January 7 Order appointing a forensic auditor
2  and requiring Mattel to pay the auditor's costs in the first instance.

3        The MGA Parties further object to this request to the extent that it seeks
4  documents that contain trade secrets, confidential, commercially sensitive and/or
5  other proprietary or competitive information that is subject to the MGA Parties' or
6  any other person's constitutional, statutory or common law right of privacy or
7  protection.  The MGA Parties further object to this request on the grounds that it is
8  overbroad as to subject matter; in particular, the MGA Parties object that the phrases
9  "all documents," "referring or relating to," and "any communications" are not tied in
10 any way to any claim, defense or other issues involved in Phase 2 of this litigation.

11

12 REQUEST NO. 4:

13       All documents containing financial information, including but not limited to
14 historical and prospective financial performance, provided by MGA Entertainment,
15 Inc. to Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC,
16 since January 1, 2007.

17 RESPONSE TO REQUEST NO. 4:

18       The MGA Parties incorporate by reference their General Objections as though
19 fully set forth herein.  The MGA Parties further object that the Discovery Master
20 already has ruled on similarly phrased requests to third parties, including in an Order
21 dated May 7, 2008, concluding that requests using phrases like "all documents" and
22 "containing financial information" are overly broad, vague, unduly burdensome, and
23 seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.
24 The MGA Parties further object that this request calls for the production of
25 documents that are not relevant to any claim or defense in the pending litigation or
26 reasonably calculated to lead to the discovery of admissible evidence.  The Request

27

28

7

Exhibit 63
Page 959
ECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO VISION CAPITAL, LLC

1  appears designed to circumvent the Court's January 7 Order appointing a forensic
2  auditor and requiring Mattel to pay the auditor's costs in the first instance.
3      The MGA Parties further object to this request to the extent it seeks
4  documents protected by the accountant-client privilege. The MGA Parties further
5  object to the request to the extent that it seeks documents protected from disclosure
6  by applicable federal and state tax return privileges. The MGA Parties further object
7  to this request to the extent that it seeks documents that contain trade secrets,
8  confidential, commercially sensitive and/or other proprietary or competitive
9  information that is subject to the MGA Parties' or any other person's constitutional,
10 statutory or common law right of privacy or protection. The MGA Parties further
11 object to this request as being overly broad, burdensome and harassing to a non-party
12 to the extent that it seeks to force a third party to produce documents or information
13 available from parties to the litigation. The MGA Parties further object to this
14 request on the grounds that it is overbroad as to subject matter; in particular, the
15 MGA Parties object that the phrases "all documents" and "containing financial
16 information" are not tied in any way to any claim, defense or other issues involved in
17 Phase 2 of this litigation.
18
19 REQUEST NO. 5
20     Documents sufficient to identify (a) each member, managing member, holder
21 of any ownership interest in, shareholder, officer and director of Vision Capital, LLC
22 and (b) the dates of such person's affiliation with Vision Capital, LLC.
23 RESPONSE TO REQUEST NO. 5
24     The MGA Parties incorporate by reference their General Objections as though
25 fully set forth herein. The MGA Parties further object that this request calls for the
26 production of documents that are not relevant to any claim or defense in the pending
27 litigation or reasonably calculated to lead to the discovery of admissible evidence.
28

8

1  The Request appears designed to circumvent the Court's January 7 Order appointing

2  a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

3       The MGA Parties further object to this request to the extent that it seeks

4  documents that contain trade secrets, confidential, commercially sensitive and/or

5  other proprietary or competitive information that is subject to any person's

6  constitutional, statutory or common law right of privacy or protection.  The MGA

7  Parties further object to this request on the grounds that it is overbroad as to subject

8  matter and time.

9

10  REQUEST NO. 6

11       All documents referring or relating to the formation and governance of Vision

12  Capital, LLC.

13  RESPONSE TO REQUEST NO. 6

14       The MGA Parties incorporate by reference their General Objections as though

15  fully set forth herein.  The MGA Parties further object that the Discovery Master

16  already has ruled on similarly phrased requests to third parties, including in an Order

17  dated May 7, 2008, concluding that requests using phrases like "all documents," and

18  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

19  irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  The

20  MGA Parties further object that this request calls for the production of documents

21  that are not relevant to any claim or defense in the pending litigation or reasonably

22  calculated to lead to the discovery of admissible evidence.  The Request appears

23  designed to circumvent the Court's January 7 Order appointing a forensic auditor

24  and requiring Mattel to pay the auditor's costs in the first instance.

25       The MGA Parties further object to this request to the extent that it seeks

26  documents that contain trade secrets, confidential, commercially sensitive and/or

27  other proprietary or competitive information that is subject to the any person's

28

1 | constitutional, statutory or common law right of privacy or protection.  The MGA
2 | Parties further object to this request on the grounds that it is overbroad as to subject
3 | matter and time; in particular, the MGA Parties object that the phrases "all
4 | documents," "formation and governance," and "referring or relating to" are
5 | unbounded by any date limitation and are not tied in any way to any claim, defense
6 | or other issues involved in Phase 2 of this litigation.
7 |
8 | **REQUEST NO. 7**
9 |     All documents detailing or setting forth the relationship between Vision
10 | Capital, LLC and OmniNet Capital, LLC, if any.
11 | **RESPONSE TO REQUEST NO. 7**
12 |     The MGA Parties incorporate by reference their General Objections as though
13 | fully set forth herein.  The MGA Parties further object that the Discovery Master
14 | already has ruled on similarly phrased requests to third parties, including in an Order
15 | dated May 7, 2008, concluding that requests using phrases like "all documents" and
16 | "detailing" are overly broad, vague, unduly burdensome, and seek irrelevant
17 | information.  Mattel's Subpoena violates these prior Court Orders.  The MGA
18 | Parties further object that this request calls for the production of documents that are
19 | not relevant to any claim or defense in the pending litigation or reasonably calculated
20 | to lead to the discovery of admissible evidence.  The Request appears designed to
21 | circumvent the Court's January 7 Order appointing a forensic auditor and requiring
22 | Mattel to pay the auditor's costs in the first instance.
23 |     The MGA Parties further object to this request to the extent that it seeks
24 | documents that contain trade secrets, confidential, commercially sensitive and/or
25 | other proprietary or competitive information that is subject to any person's
26 | constitutional, statutory or common law right of privacy or protection.  The MGA
27 | Parties further object to this request on the grounds that it is overbroad as to subject
28 |

10

1 | matter and time; in particular, the MGA Parties object that the phrases "all
2 | documents" and "detailing or setting forth" are unbounded by any date limitation and
3 | are not tied in any way to any claim, defense or other issues involved in Phase 2 of
4 | this litigation.
5 |
6 | REQUEST NO. 8
7 |     All documents detailing or setting forth the relationship between Vision
8 | Capital, LLC and Omni 808 Investors, LLC, if any.
9 | RESPONSE TO REQUEST NO. 8
10 |     The MGA Parties incorporate by reference their General Objections as though
11 | fully set forth herein.  The MGA Parties further object that the Discovery Master
12 | already has ruled on similarly phrased requests to third parties, including in an Order
13 | dated May 7, 2008, concluding that requests using phrases like "all documents" and
14 | "detailing" are overly broad, vague, unduly burdensome, and seek irrelevant
15 | information.  Mattel's Subpoena violates these prior Court Orders.  The MGA
16 | Parties further object that this request calls for the production of documents that are
17 | not relevant to any claim or defense in the pending litigation or reasonably calculated
18 | to lead to the discovery of admissible evidence.  The Request appears designed to
19 | circumvent the Court's January 7 Order appointing a forensic auditor and requiring
20 | Mattel to pay the auditor's costs in the first instance.
21 |     The MGA Parties further object to this request to the extent that it seeks
22 | documents that contain trade secrets, confidential, commercially sensitive and/or
23 | other proprietary or competitive information that is subject to any person's
24 | constitutional, statutory or common law right of privacy or protection.  The MGA
25 | Parties further object to this request on the grounds that it is overbroad as to subject
26 | matter and time; in particular, the MGA Parties object that the phrases "all
27 | documents" and "detailing or setting forth" are unbounded by any date limitation and
28 |

11

Exhibit 63
Page 963
JECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO VISION CAPITAL, LLC

1 | are not tied in any way to any claim, defense or other issues involved in Phase 2 of
2 | this litigation.

3

4 | REQUEST NO. 9

5 |      All documents detailing or setting forth the relationship between Vision
6 | Capital, LLC and Lexington Financial, LLC, if any.

7 | RESPONSE TO REQUEST NO. 9

8 |      The MGA Parties incorporate by reference their General Objections as though
9 | fully set forth herein.  The MGA Parties further object that the Discovery Master
10 | already has ruled on similarly phrased requests to third parties, including in an Order
11 | dated May 7, 2008, concluding that requests using phrases like "all documents" and
12 | "detailing" are overly broad, vague, unduly burdensome, and seek irrelevant
13 | information.  Mattel's Subpoena violates these prior Court Orders.  The MGA
14 | Parties further object that this request calls for the production of documents that are
15 | not relevant to any claim or defense in the pending litigation or reasonably calculated
16 | to lead to the discovery of admissible evidence.  The Request appears designed to
17 | circumvent the Court's January 7 Order appointing a forensic auditor and requiring
18 | Mattel to pay the auditor's costs in the first instance.

19 |      The MGA Parties further object to this request to the extent that it seeks
20 | documents that contain trade secrets, confidential, commercially sensitive and/or
21 | other proprietary or competitive information that is subject to any person's
22 | constitutional, statutory or common law right of privacy or protection.  The MGA
23 | Parties further object to this request on the grounds that it is overbroad as to subject
24 | matter and time; in particular, the MGA Parties object that the phrases "all
25 | documents" and "detailing or setting forth" are unbounded by any date limitation and
26 | are not tied in any way to any claim, defense or other issues involved in Phase 2 of
27 | this litigation.

28

12

REQUEST NO. 10

All documents detailing or setting forth the relationship between Vision Capital, LLC and MGA Entertainment, Inc., if any.

RESPONSE TO REQUEST NO. 10

The MGA Parties incorporate by reference their General Objections as though fully set forth herein. The MGA Parties further object that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents" and "detailing" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. The MGA Parties further object that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The Request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

The MGA Parties further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to any person's constitutional, statutory or common law right of privacy or protection. The MGA Parties further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Parties object that the phrases "all documents" and "detailing or setting forth" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

13

1  DATED:  January 28, 2009

2                                                  SKADDEN, ARPS, SLATE, MEAGHER &
                                                   FLOM, LLP
3

4                                                  By: _____
                                                           Robert J. Herrington
5                                                          Attorneys for the MGA Parties

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO

Exhibit 63
Page 966

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071.

On **January 28, 2009**, I served the foregoing documents described as:

### OBJECTIONS OF MGA TO MATTEL INC.'S CORRECTED SUBPOENA TO VISION CAPITAL, LLC

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

**(X)**   (BY PERSONAL SERVICE)   ☐   By personally delivering copies to the person served. (FEDERAL)

☒   I caused such document to be hand delivered to the above addressees. (FEDERAL)

**(X)**   (BY U.S. MAIL)

**(X)**   (VIA FACSIMILE)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **January 28, 2009**, in Los Angeles, California.

<u>Karoleen Tshabourian</u>
PRINT NAME

<u>                    </u>
SIGNATURE

2

Exhibit 63
Page 967

VICE

NO. CV 04-9049 SGL (RNBx)

## SERVICE LIST

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
John Quinn, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
**[By Personal Service]**

Patricia Glaser, Esq.
Joel Klevens, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067
(310) 553-3000
(310) 556-2920 (Fax)
**[By U.S. Mail and Facsimile]**

Russell J. Frackman
Patricia H. Benson
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000
(310) 312-3100 (Fax)
**[By U.S. Mail and Facsimile]**

Todd Gordinier
Bingham McCutchen, LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, California 92626
(714) 830-0600
(714) 830-0600 Fax
Attorneys for Vision Capital, LLC
**[By U.S. Mail and Facsimile]**

3

# EXHIBIT 64

1  VALLE & ASSOCIATES
   JEFFREY B. VALLE  (Bar No. 110060)
2  jvalle@valleassociates.com
   11911 San Vicente Blvd., Suite 324
3  Los Angeles, California 90049
   Telephone:  (310) 476-0300
4  Facsimile:(310) 476-0333

5  Attorneys for Defendant
6  IGWT 826 INVESTMENTS, LLC

7            UNITED STATES DISTRICT COURT

8           CENTRAL DISTRICT OF CALIFORNIA

9                 EASTERN DIVISION

10 CARTER BRYANT, an individual,    ) CASE NO. CV 04-09049 SGL
                                    ) (RNBx)
11        Plaintiff,                )
                                    )
12     v.                           ) Consolidated with Case Nos. CV 04-
                                    ) 9059 and CV 05-2727
13 MATTEL, INC., a Delaware Corporation )
                                    )
14        Defendant.                ) OBJECTIONS OF THIRD PARTY
                                    ) IGWT 826 INVESTMENTS, LLC
15                                  ) TO MATTEL, INC.'S CORRECTED
                                    ) SUBPOENA
16                                  )
                                    )
17                                  )
                                    )
18                                  )
                                    )
19 AND CONSOLIDATED CASES          )
                                    )
20                                  )
                                    )
21                                  )

22

23 PROPOUNDING PARTY:     Defendant Mattel, Inc.

24 RESPONDING PARTY:      Third Party IGWT 826 Investments, LLC

25 SET NUMBER:            One

26

27

28

                                  1

Third party IGWT 826 Investments, LLC ("IGWT" or "Third Party") responds to Defendant Mattel, Inc.'s ("Mattel" or "Defendant") Corrected Subpoena for Production of Documents (the "Requests" or the "Subpoena") as follows:

## GENERAL RESPONSES AND OBJECTIONS

1.      Third Party objects to the Subpoena and each and every Request on the grounds that the Subpoena fails to allow reasonable time for compliance. *See* Fed. R. Civ. P. 45(c)(3)(A)(i). The Subpoena states that it was issued on January 12, 2008, and the return date is January 26, leaving only two weeks for compliance.

2.      Third Party objects to the Subpoena and each and every Request to the extent that they seek documents that are protected from disclosure by any applicable privilege, doctrine or right, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, which is protected by virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1 of the California Constitution, and all other rights and privileges recognized under the constitutional, statutory or decisional law of the United States, the State of California, and all relevant jurisdictions. Nothing done in relation to the Subpoena is intended to or shall operate as a waiver by Third Party, intentionally or otherwise, of the attorney-client privilege, work product doctrine protection, or any other applicable privilege, doctrine or immunity protecting the communications, transactions or records of Third Party or any other person from disclosure.

3.      Third Party objects to the Subpoena and each and every Request to the extent that they seek documents that are protected from disclosure by the accountant-client privilege.

4.      Third Party objects to the Subpoena and each and every Request to the extent that they seek documents protected from disclosure by applicable federal and state tax return privileges. *See, e.g., Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Southern California Housing Rights*

2

*Center. v. Krug*, 2006 U.S. Dist. LEXIS 65330, \*\*9-10 (C.D. Cal. 2006); *Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003); *San Francisco Bay Area Rapid Transit District v. Spencer*, 2006 U.S. Dist. LEXIS 81681, \*\*3-4 (N.D. Cal. 2006); *see also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957); *Sav-On Drugs, Inc. v. Sup. Ct.*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal. App. 3d 557, 562 (1982).

5.    Third Party objects to the Subpoena and each and every Request as being overly broad, unduly burdensome, and oppressive in that they seek information that is not relevant to the present dispute, not reasonably calculated to lead to the discovery of admissible evidence, and/or not discoverable under the circumstances.

6.    Third Party objects to the Subpoena and each and every Request to the extent that they do not specifically describe each item to be produced and do not reasonably particularize each category of item to be produced.

7.    Third Party objects to the Subpoena and each and every Request to the extent that they seek the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection.

8.    Third Party objects to the Subpoena and each and every Request to the extent they call for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interest IGWT has a duty to protect, absent consent from third parties.

9.    Third Party objects to the Subpoena and each and every Request to the extent that they are overbroad, otherwise unlimited as to time, oppressive, vague, ambiguous, harassing, annoying, redundant, duplicative, overlapping, repetitive or cumulative, and/or otherwise unduly burdensome, thereby rendering the Subpoena unenforceable. *See, e.g.*, Fed. R. Civ. P. 45(c)(l) ("A party or an attorney responsible

3

for the issuance and service of a subpoena shall take reasonable steps to avoid impos-ing undue burden or expense on a person subject to that subpoena."); *High Tech Med-ical Instrumentation v. New Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long held that nonparties subject to discovery requests de-serve extra protection from the courts.").

10.    Third Party objects to the Subpoena and each and every Request insofar as they seek the production of documents that are more easily obtained from other entities, including the parties to this action.

11.    Except as otherwise stated below, an objection to a specific docu-ment Request does not imply that documents responsive to that category exist or that Third Party accepts the purported factual predicate for any Request.

12.    Without waiving any of the foregoing General Objections, each of which is expressly incorporated into each individual response as if fully stated there-in, Third Party objects to each and every specific Request for documents, subject to the following additional express reservations of rights:

(a)    The right to object on any and all grounds, at any time, to these or any other requests for production and inspection of documents or other dis-covery procedures involving or relating to the subject matter of the Requests, includ-ing by way of a motion to quash or modify the subpoena or a motion for a protective order; and

(b)    The right at any time to revise, correct, supplement or clari-fy any of the objections propounded herein.

## **RESPONSES TO DOCUMENT REQUESTS**

REQUEST FOR PRODUCTION NO. 1

All documents referring or relating to agreements, contracts, transactions, sales, shipments or the direct or indirect transfer of any item of value between MGA

Entertainment, Inc., its affiliates, Isaac Larian or his family members and IGWT 826 Investments, LLC.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection. Third Party further objects to this request on the grounds that it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced. Third Party further objects to this request as being overly broad, burden-

some and harassing to a non-party to the extent that it seeks to force a third party to produce documents or information available from parties to the litigation. Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST FOR PRODUCTION NO. 2:

All documents referring or relating to the revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of Bratz products and the transfer or disposition of such revenue.

RESPONSE TO REQUEST FOR PRODUCTION No. 2:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third

6

Exhibit 64
Page 974

Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection. Third Party further objects to this request on the grounds that it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced. Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST FOR PRODUCTION NO. 3:

Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC and (b) the dates of such person's affiliation with IGWT 826 Investments, LLC.

RESPONSE TO REQUEST FOR PRODUCTION No. 3:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law

7

right of privacy or protection.  Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties.  Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time. Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible.  Third Party further objects to this request to the extent that  it calls for the production of documents subject to the attorney-client, work product, legal-professional or other privilege(s).  Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced.

## REQUEST FOR PRODUCTION NO. 4.

All documents referring or relating to all contributions, loans and any sources of funding for IGWT 826 Investments, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

## RESPONSE TO REQUEST FOR PRODUCTION No. 4:

Third Party incorporates by reference its General Objections as though fully set forth herein.  Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the

8

work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection. Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible. Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced. Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all documents" and "referring or relating to" are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST FOR PRODUCTION NO. 5:

All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by IGWT 826 Investments, LLC to Isaac Larian, his family members, or affiliates, or any other related party.

RESPONSE TO REQUEST FOR PRODUCTION No. 5:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order

**Exhibit 64**
**Page 977**

dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection. Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible. Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced. Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all documents," "referring or relating to," and "related party" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST FOR PRODUCTION NO. 6:

Any and all records that substantiate transfers of assets by IGWT 826 Investments, LLC to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

RESPONSE TO REQUEST FOR PRODUCTION No. 6:

Third Party incorporates by reference its General Objections as though fully set forth herein.  Third Party further objects that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "any and all records" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege.  Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection.  Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties.  Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible.  Third Party further objects to this request on the grounds that it does not specifically describe or reasonably

Exhibit 64
Page 979

particularize the documents to be produced. Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, the Third Party objects that the phrases "any and all records" and "transfers of assets" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST FOR PRODUCTION NO. 7:

All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian and/or Bratz.

RESPONSE TO REQUEST FOR PRODUCTION No. 7:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all communications," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or compet-

itive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection.  Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties.  Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible.  Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced.  Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

DATED:  January 28, 2009                    VALLE & ASSOCIATES

By:_____
      Jeffrey B. Valle
      Attorneys for Defendant

13

Objections of Third Party IGWT 826 Inv

**Exhibit 64**
**Page 981**

's Corrected Subpoena

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 11911 San Vicente Boulevard, Suite 324, Los Angeles, CA 90049.

On  January 28, 2009, I served the following document(s) described as follows:

### OBJECTIONS OF THIRD PARTY IGWT 826 INVESTMENTS, LLC.
### TO MATTEL, INC.'S CORRECTED SUBPOENA

on the interested parties in this action by placing a true copy thereon enclosed in a sealed envelope addressed as follows:

Robert J. Herrington
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
300 S. Grand Ave.
Los Angeles, CA 90071

Jon D. Corey
QUINN EMANUEL URQUHART
& HEDGES, LLP
865 s. Figueroa St., 10th Floor
Los Angeles, CA 90017

/ /    (BY FAX) I am readily familiar with the firm's practice of facsimile transmission; on this date the document(s) was transmitted by facsimile transmission and that the transmission was reported as complete and without error and that the attached transmission report was properly issued by the transmitting facsimile machine.

/ /    (BY MAIL) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

/ /    (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the daily collection and processing of correspondence for deliveries with the Federal Express delivery service and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at Los Angeles, California and placed for collection and delivery following ordinary business practices.

/X /   (BY PERSONAL SERVICE)        / /        By personally delivering copies to the person served.

                                    / /        I delivered such envelope by hand to the offices of the addressee pursuant to CCP § 1011.

                                    /X /       I caused to be delivered such envelope by hand to the offices of the addressee pursuant to CCP § 1011.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on  January 28, 2009 at Los Angeles, California.

EMMA NAVARRO

Exhibit 64
Page 982