# EXHIBIT 65

1  VALLE & ASSOCIATES
   JEFFREY B. VALLE  (Bar No. 110060)
2  jvalle@valleassociates.com
   11911 San Vicente Blvd., Suite 324
3  Los Angeles, California 90049
   Telephone:  (310) 476-0300
4  Facsimile:(310) 476-0333

5
   Attorneys for Defendant
6  IGWT GROUP, LLC

**RECEIVED**

JAN 2 8 2009

7          UNITED STATES DISTRICT COURT

8          CENTRAL DISTRICT OF CALIFORNIA

9              EASTERN DIVISION

10  CARTER BRYANT, an individual,        )  CASE NO. CV 04-09049 SGL
11              Plaintiff,               )  (RNBx)
                                         )
12      v.                               )
                                         )  Consolidated with Case Nos. CV 04-
13  MATTEL, INC., a Delaware Corporation )  9059 and CV 05-2727
                                         )
14              Defendant.               )
                                         )  OBJECTIONS OF THIRD PARTY
15                                       )  IGWT GROUP, LLC TO MATTEL,
                                         )  INC.'S CORRECTED SUBPOENA
16                                       )
                                         )
17                                       )
                                         )
18                                       )
19                                       )
    AND CONSOLIDATED CASES              )
20                                       )
                                         )
21                                       )

22  PROPOUNDING PARTY:    Defendant Mattel, Inc.

23  RESPONDING PARTY:     Third Party IGWT Group, LLC

24  SET NUMBER:           One

25

26

27

28

                              1

Third party IGWT Group, LLC ("IGWT" or "Third Party") responds to Defendant Mattel, Inc.'s ("Mattel" or "Defendant") Corrected Subpoena for Production of Documents (the "Requests" or the "Subpoena") as follows:

## GENERAL RESPONSES AND OBJECTIONS

1.       Third Party objects to the Subpoena and each and every Request on the grounds that the Subpoena fails to allow reasonable time for compliance.  *See* Fed. R. Civ. P. 45(c)(3)(A)(i).  The Subpoena states that it was issued on January 12, 2008, and the return date is January 26, leaving only two weeks for compliance.

2.       Third Party objects to the Subpoena and each and every Request to the extent that they seek documents that are protected from disclosure by any applicable privilege, doctrine or right, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, which is protected by virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1 of the California Constitution, and all other rights and privileges recognized under the constitutional, statutory or decisional law of the United States, the State of California, and all relevant jurisdictions.  Nothing done in relation to the Subpoena is intended to or shall operate as a waiver by Third Party, intentionally or otherwise, of the attorney-client privilege, work product doctrine protection, or any other applicable privilege, doctrine or immunity protecting the communications, transactions or records of Third Party or any other person from disclosure.

3.       Third Party objects to the Subpoena and each and every Request to the extent that they seek documents that are protected from disclosure by the accountant-client privilege.

4.       Third Party objects to the Subpoena and each and every Request to the extent that they seek documents protected from disclosure by applicable federal and state tax return privileges.  *See, e.g., Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Southern California Housing Rights*

*Center. v. Krug*, 2006 U.S. Dist. LEXIS 65330, **9-10 (C.D. Cal. 2006); *Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003); *San Francisco Bay Area Rapid Transit District v. Spencer*, 2006 U.S. Dist.  LEXIS 81681, **3-4 (N.D. Cal. 2006); *see also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957); *Sav-On Drugs, Inc. v. Sup. Ct.*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal. App. 3d 557, 562 (1982).

5.     Third Party objects to the Subpoena and each and every Request as being overly broad, unduly burdensome, and oppressive in that they seek information that is not relevant to the present dispute, not reasonably calculated to lead to the discovery of admissible evidence, and/or not discoverable under the circumstances.

6.     Third Party objects to the Subpoena and each and every Request to the extent that they do not specifically describe each item to be produced and do not reasonably particularize each category of item to be produced.

7.     Third Party objects to the Subpoena and each and every Request to the extent that they seek the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection.

8.     Third Party objects to the Subpoena and each and every Request to the extent they call for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interest IGWT has a duty to protect, absent consent from third parties.

9.     Third Party objects to the Subpoena and each and every Request to the extent that they are overbroad, otherwise unlimited as to time, oppressive, vague, ambiguous, harassing, annoying, redundant, duplicative, overlapping, repetitive or cumulative, and/or otherwise unduly burdensome, thereby rendering the Subpoena unenforceable. *See, e.g.*, Fed. R. Civ. P. 45(c)(l) ("A party or an attorney responsible

for the issuance and service of a subpoena shall take reasonable steps to avoid impos-ing undue burden or expense on a person subject to that subpoena."); *High Tech Med-ical Instrumentation v. New Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long held that nonparties subject to discovery requests de-serve extra protection from the courts.").

10.    Third Party objects to the Subpoena and each and every Request insofar as they seek the production of documents that are more easily obtained from other entities, including the parties to this action.

11.    Except as otherwise stated below, an objection to a specific docu-ment Request does not imply that documents responsive to that category exist or that Third Party accepts the purported factual predicate for any Request.

12.    Without waiving any of the foregoing General Objections, each of which is expressly incorporated into each individual response as if fully stated there-in, Third Party objects to each and every specific Request for documents, subject to the following additional express reservations of rights:

(a)    The right to object on any and all grounds, at any time, to these or any other requests for production and inspection of documents or other dis-covery procedures involving or relating to the subject matter of the Requests, includ-ing by way of a motion to quash or modify the subpoena or a motion for a protective order; and

(b)    The right at any time to revise, correct, supplement or clari-fy any of the objections propounded herein.

## RESPONSES TO DOCUMENT REQUESTS

REQUEST FOR PRODUCTION NO. 1

All documents referring or relating to agreements, contracts, transactions, sales, shipments or the direct or indirect transfer of any item of value between MGA

4

Entertainment, Inc., its affiliates, Isaac Larian or his family members and IGWT Group, LLC, including without limitation the agreement dated July 7, 2008.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection. Third Party further objects to this request on the grounds that it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced. Third Party further objects to this request as being overly broad, burden-

5

some and harassing to a non-party to the extent that it seeks to force a third party to produce documents or information available from parties to the litigation. Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

## REQUEST FOR PRODUCTION NO. 2:

All documents referring or relating to the revenue generated by IGWT Group, LLC's sales, licensing, distribution or other transfer of Bratz products and the transfer or disposition of such revenue.

## RESPONSE TO REQUEST FOR PRODUCTION No. 2:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third

Objections of Third Party IG'                    **Exhibit 65**                    .'s Corrected Subpoena

Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection.  Third Party further objects to this request on the grounds that it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties.  Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced.  Third Party further objects to this request on the grounds that it is over-broad as to subject matter and time; in particular, Third Party objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

## REQUEST FOR PRODUCTION NO. 3:

Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC and (b) the dates of such person's affiliation with IGWT Group, LLC.

## RESPONSE TO REQUEST FOR PRODUCTION No. 3:

Third Party incorporates by reference its General Objections as though fully set forth herein.  Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection.  Third Party further objects to this request to the extent

Objections of Third Party IGWT Group, LLC To Mattel, Inc.'

Exhibit 65
Page 989

it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties.  Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time. Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible.  Third Party further objects to this request to the extent that  it calls for the production of documents subject to the attorney-client, work product, legal-professional or other privilege(s).  Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced.

REQUEST FOR PRODUCTION NO. 4.

All documents referring or relating to all contributions, loans and any sources of funding for IGWT Group, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

RESPONSE TO REQUEST FOR PRODUCTION No. 4:

Third Party incorporates by reference its General Objections as though fully set forth herein.  Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  Third Party further objects

8

to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection. Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible. Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced. Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all documents" and "referring or relating to" are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST FOR PRODUCTION NO. 5:

All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by IGWT Group, LLC to Isaac Larian, his family members, or affiliates, or any other related party.

RESPONSE TO REQUEST FOR PRODUCTION No. 5:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and

9

"referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection. Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible. Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced. Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all documents," "referring or relating to," and "related party" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST FOR PRODUCTION NO. 6:

Any and all records that substantiate transfers of assets by IGWT Group, LLC to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

RESPONSE TO REQUEST FOR PRODUCTION No. 6:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "any and all records" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection. Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible. Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced. Third Party further objects to this re-

Objections of Third Party IGWT Group, I

**Exhibit 65**
**Page 993**

{ Subpoena

quest on the grounds that it is overbroad as to subject matter and time; in particular, the Third Party objects that the phrases "any and all records" and "transfers of assets" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

## REQUEST FOR PRODUCTION NO. 7:

All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian and/or Bratz.

## RESPONSE TO REQUEST FOR PRODUCTION No. 7:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all communications," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common

law right of privacy or protection.  Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties.  Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible.  Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced.  Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

DATED:  January 28, 2009                    VALLE & ASSOCIATES

                                            By:_____
                                                Jeffrey B. Valle
                                                Attorneys for Defendant

13

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11911 San Vicente Boulevard, Suite 324, Los Angeles, CA 90049.

On January 28, 2009, I served the following document(s) described as follows:

### OBJECTIONS OF THIRD PARTY IGWT GROUP, LLC.
### TO MATTEL, INC.'S CORRECTED SUBPOENA

on the interested parties in this action by placing a true copy thereon enclosed in a sealed envelope addressed as follows:

Robert J. Herrington
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
300 S. Grand Ave.
Los Angeles, CA 90071

Jon D. Corey
QUINN EMANUEL URQUHART
& HEDGES, LLP
865 s. Figueroa St., 10th Floor
Los Angeles, CA 90017

/ /   (BY FAX) I am readily familiar with the firm's practice of facsimile transmission; on this date the document(s) was transmitted by facsimile transmission and that the transmission was reported as complete and without error and that the attached transmission report was properly issued by the transmitting facsimile machine.

/ /   (BY MAIL) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

/ /   (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the daily collection and processing of correspondence for deliveries with the Federal Express delivery service and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at Los Angeles, California and placed for collection and delivery following ordinary business practices.

/X/   (BY PERSONAL SERVICE)      / /      By personally delivering copies to the person served.

/ /      I delivered such envelope by hand to the offices of the addressee pursuant to CCP § 1011.

/X/      I caused to be delivered such envelope by hand to the offices of the addressee pursuant to CCP § 1011.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 28, 2009 at Los Angeles, California.

EMMA NAVARRO

Exhibit 65
Page 996

# EXHIBIT 66

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARTER BRYANT, | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | |
| | :· | |
| | : | **CV-2:04-09049-SGL (RNB)** |
| - against - | : | **Consolidated with:** |
| | : | **CV-04-9059, CV-05-2727** |
| MATTEL, INC., | : | |
| | : | |
| Defendant. | : | (C.D. Cal. Eastern Division) |

### NON-PARTY WACHOVIA CORPORATION'S OBJECTIONS TO MATTEL, INC.'S RULE 45(C)(3) SUBPOENA *DUCES TECUM* ISSUED BY THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PROPOUNDING PARTY:   Plaintiff Mattel, Inc.

RESPONDING PARTY:   Wachovia Corporation

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 26 and 45, non-party Wachovia Corporation, ("Wachovia") hereby objects to the subpoena *duces tecum* issued January 12, 2009 (the "Subpoena") propounded by the plaintiff Mattel, Inc. ("Mattel" or "Plaintiff") in the above-captioned matter as follows:

### PRELIMINARY STATEMENT

The General Objections set forth herein apply to all documents that Plaintiff requests. Wachovia's response is made without waiving or intending to waive, but on the contrary, expressly reserving, (a) the right to object on any and all grounds, at any time, to other requests for production or other discovery procedures involving or relating to the subject matter of the Subpoena; (b) the right at any time to revise, correct, add to, or clarify any of the responses contained herein; and (c) the right to object to the relevance,

**Exhibit 66**
**Page 997**

materiality, or admissibility of the Subpoena, these Responses and Objections, and/or any documents produced in response to the Subpoena. Except as otherwise stated below, an objection or other response to a specific document request does not imply that documents responsive to the request exist. Wachovia's responses to these Requests are made subject and pursuant to, the protective order entered in this action on January 4, 2005 and must be treated accordingly.

## GENERAL OBJECTIONS

The following objections are applicable to all document requests:

1.      Wachovia generally objects to the Subpoena to the extent that it seeks to impose discovery obligations on Wachovia broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Pennsylvania, or any other applicable law of the appropriate jurisdiction.

2.      Wachovia generally objects to providing or producing any document that is privileged or otherwise protected matter under Federal Rule of Civil Procedure 45(c)(3)(A)(iii), including but not limited to protection afforded by the attorney-client privilege, the joint defense doctrine, the work-product doctrine or any other applicable privilege or doctrine recognized by applicable federal or state.

3.      Wachovia generally objects to the Subpoena to the extent that it seeks the production of trade secrets or other confidential research, development, or commercial information under Fed R. Civ. P. 45(c)(3)(B)(i), and/or to the extent the probative value of the information requested is outweighed by Wachovia's interest in preserving its confidentiality. Wachovia reserves the right to further seek a confidentiality order from a court of competent jurisdiction.

2

Exhibit 66
Page 998

    4.      Wachovia generally objects to the Subpoena to the extent that it seeks information or documents that are a matter of public record, or are otherwise equally obtained from a more convenient source than Wachovia, in particular, information or documents more easily available from the parties to the current litigation.

    5.      Wachovia generally objects to the Subpoena on the grounds and to the extent that the Subpoena seeks production of documents that have been produced by others in this action, including but not limited to Carter Bryant, MGA Entertainment, Inc., Isaac Larian, or any other person or entity, and that it is therefore redundant, burdensome, and oppressive to seek production of such documents from Wachovia, a non-party.

    6.      Wachovia generally objects to the Subpoena to the extent that it seeks information and documents protected from disclosure under any confidentiality order or stipulation entered into by Wachovia in any past or present litigation or administrative proceeding.

    7.      Wachovia generally objects to the Subpoena to the extent it calls for the production of "all" documents pertaining to a specific subject, on the grounds that such requirements are overly broad and unduly burdensome or impose burdens different than or in addition to those imposed by the Federal Rules of Civil Procedure.

    8.      Wachovia generally objects to the Subpoena, and to any requirement to produce documents responsive to the Subpoena, on the grounds that the Subpoena does not offer or contemplate the reimbursement of expenses that have been and will continue to be incurred by Wachovia in complying with the Subpoena.

3

Exhibit 66
Page 999

9.     Wachovia generally objects to the Subpoena on the grounds and to the extent that the Subpoena is overbroad, redundant, repetitive, oppressive, and/or unduly burdensome.

10.     Wachovia generally objects to the Subpoena on the grounds that Plaintiff has apparently issued similar document requests to multiple non-parties, and that therefore the Subpoena is redundant and unduly burdensome to Wachovia.

11.     Wachovia generally objects to the Subpoena on the grounds that compliance with the Subpoena would be unduly burdensome in light of a motion to quash the Subpoena that Wachovia understands will be imminently filed by one or more parties to the litigation (the "Motion to Quash"). It would be unfair, unreasonable, and unduly burdensome to require Wachovia to locate, collect, review or produce documents that might be responsive to the Subpoena until the Motion to Quash has been decided.

12.     Wachovia generally objects to the Subpoena on the grounds and to the extent that the Subpoena includes neither Instructions or Definitions and is therefore vague, ambiguous, overbroad and unduly burdensome, including to the extent it therefore seeks to impose burdens different than or in addition to those imposed by the Federal Rules of Civil Procedure.

13.     Wachovia generally objects to the Subpoena on the grounds and to the extent that the Subpoena seeks information not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence as required under Fed. R. Civ. P. 26.

14.     Wachovia generally objects to the Subpoena on the grounds and to the extent that the Subpoena seeks documents that are not in Wachovia's possession,

4

Exhibit 66
Page 1000

custody, or control. Any objection or response to a particular request does not necessarily mean that documents responsive to a particular request exist or are in the possession, custody or control of Wachovia.

15.     Wachovia generally objects to the Subpoena on the grounds that it is unduly burdensome, in light of the fact that this is the third document subpoena Mattel has served on Wachovia, a non-party, in this litigation.

16.     Wachovia generally objects to the Subpoena to the extent it calls for the production of documents already in Plaintiff's possession, custody, or control.

17.     Wachovia generally objects to the Subpoena to the extent that the Subpoena seeks any form of electronic documents on the grounds that requiring Wachovia to locate, collect, review and produce any form of electronic documents would be unduly burdensome and oppressive.

## OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS

**REQUEST NO. 1:**

All agreements, contracts and written communications between MGA Entertainment, Inc. and Wachovia since January 1, 2007.

**RESPONSE TO REQUEST NO. 1:**

Wachovia objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents that are not relevant to the lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Wachovia further objects to this request to the extent that it seeks the production of trade secrets or other confidential research, development, or commercial information. Wachovia also objects to this request on the grounds that it seeks documents more easily available from the

Exhibit 66
Page 1001

parties to the current litigation, including MGA Entertainment, Inc., and is therefore overly burdensome and oppressive. In addition, Wachovia objects to this request to the extent that it seeks documents that have been produced by any party in this action on the grounds that such a request is redundant, overly burdensome, and oppressive. Wachovia further objects to producing any documents in response to the Subpoena until such time as the parties agree upon the scope of documents reasonably relevant to this action, or the Motion to Quash is decided.

**REQUEST NO. 2:**

All agreements, contracts and written communications between OmniNet Capital, LLC and Wachovia since January 1, 2007.

**RESPONSE TO REQUEST NO. 2:**

Wachovia objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents that are not relevant to the lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Wachovia further objects to this request to the extent that it seeks the production of trade secrets or other confidential research, development, or commercial information. Wachovia also objects to this request on the grounds that it seeks documents more easily available from the parties to the current litigation and is therefore overly burdensome and oppressive. In addition, Wachovia objects to this request to the extent that it seeks documents that have been produced by any party in this action on the grounds that such a request is redundant, overly burdensome, and oppressive. Wachovia also objects to this request on the grounds that Plaintiff apparently has made multiple similar requests to different non-parties, and the request is on that basis redundant, overly burdensome and oppressive. Wachovia further objects to producing any documents in response to the Subpoena until such time as the parties agree upon the scope of documents reasonably relevant to this action, or the Motion to Quash is decided.

6

Exhibit 66
Page 1002

**REQUEST NO. 3:**

All agreements, contracts and written communications between Omni 808 Investors, LLC and Wachovia since January 1, 2007.

**RESPONSE TO REQUEST NO. 3:**

Wachovia objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents that are not relevant to the lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Wachovia further objects to this request to the extent that it seeks the production of trade secrets or other confidential research, development, or commercial information. Wachovia also objects to this request on the grounds that it seeks documents more easily available from the parties to the current litigation and is therefore overly burdensome and oppressive. In addition, Wachovia objects to this request to the extent that it seeks documents that have been produced by any party in this action on the grounds that such a request is redundant, overly burdensome, and oppressive. Wachovia also objects to this request on the grounds that Plaintiff apparently has made multiple similar requests to different non-parties, and the request is on that basis redundant, overly burdensome and oppressive. Wachovia further objects to producing any documents in response to the Subpoena until such time as the parties agree upon the scope of documents reasonably relevant to this action, or the Motion to Quash is decided.

**REQUEST NO. 4:**

All agreements, contracts and written communications between Isaac Larian and Wachovia since January 1, 2007.

**RESPONSE TO REQUEST NO. 4:**

Wachovia objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents that are not relevant to the lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Wachovia further

7

**Exhibit 66**
**Page 1003**

objects to this request to the extent that it seeks the production of trade secrets or other confidential research, development, or commercial information. Wachovia also objects to this request on the grounds that it seeks documents more easily available from the parties to the current litigation, including Isaac Larian, and is therefore overly burdensome and oppressive. In addition, Wachovia objects to this request to the extent that it seeks documents that have been produced by any party in this action, including Isaac Larian, on the grounds that such a request is redundant, overly burdensome, and oppressive. Wachovia further objects to producing any documents in response to the Subpoena until such time as the parties agree upon the scope of documents reasonably relevant to this action, or the Motion to Quash is decided.

**REQUEST NO. 5:**

All agreements and contracts referring or relating to any indebtedness owed by MGA Entertainment, Inc. or any credit extended to MGA Entertainment, Inc. since January 1, 2007, and any amendments or modifications thereto, and any communications related to any such agreements or contracts.

**RESPONSE TO REQUEST NO. 5:**

Wachovia objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents that are not relevant to the lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Wachovia objects that the references to "indebtedness owed" and "credit extended" are vague and ambiguous. Wachovia also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and/or confidentiality protections. Wachovia further objects to this request to the extent that it seeks the production of trade secrets or other confidential research, development, or commercial information. Wachovia also objects to this request on the grounds that it seeks documents more easily available from the parties to the current litigation, including

8

**Exhibit 66**
**Page 1004**

MGA Entertainment, Inc., and is therefore overly burdensome and oppressive.  In addition, Wachovia objects to this request to the extent that it seeks documents that have been produced by any party in this action, including MGA Entertainment, Inc., on the grounds that such a request is redundant, overly burdensome, and oppressive.  Wachovia also objects to this request on the grounds that, on its face, the request seems to seek documents not in Wachovia's possession, custody or control.  Wachovia further objects to producing any documents in response to the Subpoena until such time as the parties agree upon the scope of documents reasonably relevant to this action, or the Motion to Quash is decided.

**REQUEST NO. 6:**

The information provided to you by MGA Entertainment, Inc. for purposes of entering into or modifying any agreement or contract, or any potential agreement or contract, at any time since January 1, 2007.

**RESPONSE TO REQUEST NO. 6:**

Wachovia objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents that are not relevant to the lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Wachovia also objects to the extent that the request seeks information not available in document form.  Wachovia further objects that the term "for the purposes of" is vague and ambiguous, particularly because it requires Wachovia to assess MGA Entertainment, Inc.'s motivation or reason for providing information.  Wachovia also objects to this request on the grounds that it seeks documents more easily available from the parties to the current litigation, including MGA Entertainment, Inc., and is therefore overly burdensome and oppressive.  In addition, Wachovia objects to this request to the extent that it seeks documents that have been produced by any party in this action, including MGA Entertainment, Inc., on the grounds that such a request is redundant, overly burdensome,

9

Exhibit 66
Page 1005

and oppressive. Wachovia further objects to producing any documents in response to the Subpoena until such time as the parties agree upon the scope of documents reasonably relevant to this action, or the Motion to Quash is decided.

**REQUEST NO. 7:**

Any explanation or justification that you understood or was provided for why MGA Entertainment, Inc. needed or sought any loan agreement or line of credit or other financing arrangement from Wachovia Corporation since January 1, 2007.

**RESPONSE TO REQUEST NO. 7:**

Wachovia objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents that are not relevant to the lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Wachovia objects to this request generally as vague, ambiguous and unintelligible, and objects in particular to the terms "understood", "needed or sought," and "financing arrangement" as vague and ambiguous. Wachovia further objects to the extent that the request seeks information not available in document form. Wachovia also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and/or confidentiality protections. Wachovia further objects to this request to the extent that it seeks the production of trade secrets or other confidential research, development, or commercial information. Wachovia also objects to this request on the grounds that it seeks documents more easily available from the parties to the current litigation, including MGA Entertainment, Inc., and is therefore overly burdensome and oppressive. In addition, Wachovia objects to this request to the extent that it seeks documents that have been produced by any party in this action, including MGA Entertainment, Inc., on the grounds that such a request is redundant, overly burdensome, and oppressive. Wachovia further objects to producing any documents in response to the

10

**Exhibit 66**
**Page 1006**

Subpoena until such time as the parties agree upon the scope of documents reasonably relevant to this action, or the Motion to Quash is decided.

**REQUEST NO. 8:**

All documents referring or relating to any other MGA Entertainment, Inc. lenders or persons who extended or were requested to extend a line of credit to MGA Entertainment, Inc. since January 1, 2007.

**RESPONSE TO REQUEST NO. 8:**

Wachovia objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents that are not relevant to the lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Wachovia objects to the terms "other MGA Entertainment, Inc. lenders or persons who extended or were requested to extend a line of credit to MGA Entertainment, Inc." as vague and ambiguous and on the grounds that the request does not identify such entities. Wachovia also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and/or confidentiality protections. Wachovia further objects to this request to the extent that it seeks the production of trade secrets or other confidential research, development, or commercial information. Wachovia also objects to this request on the grounds that it seeks documents more easily available from the parties to the current litigation, including MGA Entertainment, Inc., and is therefore overly burdensome and oppressive. In addition, Wachovia objects to this request to the extent that it seeks documents that have been produced by any party in this action, including MGA Entertainment, Inc., on the grounds that such a request is redundant, overly burdensome, and oppressive. Wachovia also objects to this request on the grounds that, on its face, the request seems to seek documents not in Wachovia's possession, custody or control. Wachovia further objects to producing any documents in

11

**Exhibit 66**
**Page 1007**

response to the Subpoena until such time as the parties agree upon the scope of documents reasonably relevant to this action, or the Motion to Quash is decided.

**REQUEST NO. 9:**

All documents referring or relating to any lenders or persons who have taken a security interest in any MGA Entertainment, Inc. asset since January 1, 2007.

**RESPONSE TO REQUEST NO. 9:**

Wachovia objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents that are not relevant to the lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Wachovia also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and/or confidentiality protections. Wachovia objects to the terms "any lenders or persons who have taken a security interest in any MGA Entertainment, Inc. asset" as vague and ambiguous and on the grounds that the request does not identify such entities. Wachovia also objects to this request on the grounds that it seeks documents more easily available from the parties to the current litigation, including MGA Entertainment, Inc., and is therefore overly burdensome and oppressive. In addition, Wachovia objects to this request to the extent that it seeks documents that have been produced by any party in this action, including MGA Entertainment, Inc., on the grounds that such a request is redundant, overly burdensome, and oppressive. Wachovia also objects to this request on the grounds that, on its face, the request seems to seek documents not in Wachovia's possession, custody or control. Wachovia further objects to producing any documents in response to the Subpoena until such time as the parties agree upon the scope of documents reasonably relevant to this action, or the Motion to Quash is decided.

12

**Exhibit 66**
**Page 1008**

**REQUEST NO. 10:**

All documents referring or relating to the assignment of your security interest in MGA Entertainment, Inc. assets, as identified in the U.C.C. financing statements attached as Exhibit 1, to Omni 808 Investors, LLC.

**RESPONSE TO REQUEST NO. 10:**

Wachovia objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents that are not relevant to the lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Wachovia objects to this request as vague and ambiguous and on the grounds that the request does not identify "any family member of Isaac Larian." Wachovia also objects to this request to the extent that it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and/or confidentiality protections. Wachovia further objects to this request to the extent that it seeks the production of trade secrets or other confidential research, development, or commercial information. In addition, Wachovia objects to this request on the grounds that it seeks documents that have been produced by any party in this action and is therefore redundant, overly burdensome, and oppressive. Wachovia further objects to producing any documents in response to the Subpoena until such time as the parties agree upon the scope of documents reasonably relevant to this action, or the Motion to Quash is decided.

**REQUEST NO. 11:**

All communications with Omni 808 Investors, LLC, OmniNet Capital, LLC or Neil Kadisha referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, any family member of Isaac Larian, Fred Mashian and/or Bratz.

13

Exhibit 66
Page 1009

**RESPONSE TO REQUEST NO. 11:**

Wachovia objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents that are not relevant to the lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Wachovia objects to this request as vague and ambiguous and on the grounds that the request does not identify "any family member of Isaac Larian." Wachovia further objects to this request to the extent that it seeks the production of trade secrets or other confidential research, development, or commercial information. In addition, Wachovia objects to this request to the extent that it seeks documents that have been produced by any party in this action, including MGA Entertainment, Inc. or Isaac Larian, on the grounds that such a request is redundant, overly burdensome, and oppressive. Wachovia also objects to this request on the grounds that Plaintiff apparently has made multiple similar requests to different non-parties including Omni 808 Investors, LLC, OmniNet Capital, LLC, and Vision Capital, LLC, and the request is on that basis redundant, overly burdensome and oppressive. Wachovia further objects to producing any documents in response to the Subpoena until such time as the parties agree upon the scope of documents reasonably relevant to this action, or the Motion to Quash is decided.

**REQUEST NO. 12:**

All communications with MGA Entertainment, Inc. referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, Isaac Larian, any family member of Isaac Larian, Neil Kadisha, Fred Mashian and/or Bratz since January 1, 2007.

**RESPONSE TO REQUEST NO. 12:**

Wachovia objects to this request on the grounds that it is overbroad, unduly burdensome, oppressive, and seeks documents that are not relevant to the lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Wachovia objects to this request as vague and ambiguous and on the grounds that the request does not

14

Exhibit 66
Page 1010

identify "any family member of Isaac Larian." Wachovia further objects to this request
to the extent that it seeks the production of trade secrets or other confidential research,
development, or commercial information. Wachovia also objects to this request on the
grounds that it seeks documents more easily available from the parties to the current
litigation, including MGA Entertainment, Inc., and Isaac Larian, and is therefore overly
burdensome and oppressive. In addition, Wachovia objects to this request to the extent
that it seeks documents that have been produced by any party in this action, including
MGA Entertainment, Inc., and Isaac Larian, on the grounds that such a request is
redundant, overly burdensome, and oppressive. Wachovia further objects to producing
any documents in response to the Subpoena until such time as the parties agree upon the
scope of documents reasonably relevant to this action, or the Motion to Quash is decided.

Date:    January 28, 2009                    DAVIS POLK & WARDWELL

By: _____
     Neal A. Potischman
     1600 El Camino Real
     Menlo Park, California  94025
     Telephone:  (650) 752-2021
     Facsimile:   (650) 752-3621


                    *Counsel for Non-Party Wachovia, Corp.*

                                15

Exhibit 66
Page 1011

# DAVIS POLK & WARDWELL

1600 EL CAMINO REAL
MENLO PARK, CA 94025
650 752 2000
FAX 650 752 2111

NEW YORK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

NEAL A. POTISCHMAN
650 752 2021
NEAL.POTISCHMAN@DPW.COM

January 28, 2009

**Re:**   **Non-Party Subpoena in** *Bryant v. Mattel Inc.*, **CV 04-09049**

Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Dear Mr. Corey:

On behalf of our client, Wachovia Corporation ("Wachovia"), please find enclosed Wachovia's objections to the Subpoena dated January 12, 2009 (the "Subpoena").

Please let me know if you have any questions.

Very truly yours,

Neal A. Potischman

Via E-mail PDF and First Class Mail

**Exhibit 66**
**Page 1012**

# EXHIBIT 67

1  Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
2  PETER N. VILLAR (SBN 204038)
JENNIFER A. LOPEZ (SBN 232320)
3  600 Anton Boulevard
18th Floor
4  Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
5  Facsimile: 714.830.0700
Email: todd.gordinier@bingham.com
6         jennifer.lopez@bingham.com

7  Attorneys for Non-party
OMNI 808 INVESTORS, LLC

8

                    UNITED STATES DISTRICT COURT
9
                  CENTRAL DISTRICT OF CALIFORNIA
10
                        EASTERN DIVISION
11

12
   Carter Bryant, an individual,        Case No. CV 04-9049 SGL (RNBx)
13
              Plaintiff
14
                 v.                      **NON-PARTY OMNI 808
15                                       INVESTORS, LLC'S OBJECTIONS
   Mattel, Inc., a Delaware Corporation, TO DEFENDANT MATTEL, INC.'S
16                                       SUBPOENA FOR THE
              Defendant.                 PRODUCTION OF DOCUMENTS**
17

18                                       Judge:      Hon. Stephen G. Larson

19

20

21

22

23

24

25

26

27

28

A/72816085.3/3009108-0000335082

1    Pursuant to Federal Rule of Civil Procedure 45, non-party OMNI 808

2    INVESTORS, LLC ("Omni") hereby responds to the Subpoena for the production

3    of documents (hereafter, "the Subpoena") served in this action by defendant

4    Mattel, Inc., as follows:

5

6                **PRELIMINARY STATEMENT**

7    These responses are based solely on the facts, information and documents

8    presently known and available to Omni. Omni's search for and review of

9    potentially responsive documents is ongoing and may disclose the existence of

10    additional facts, information or documents, or possibly lead to additions or changes

11    to these responses. Omni reserves the right to revise or supplement these

12    responses if and when additional facts, information or documents are discovered.

13    The inadvertent production of proprietary, confidential, highly confidential,

14    or privileged documents or information by Omni does not and shall not constitute

15    waiver of any applicable privilege, rights under any protective order or trade

16    secret, nor should production of any document or information be construed to

17    waive any objection to the admission of such documents or information in

18    evidence, including without limitation that of relevancy.

19

20                **GENERAL OBJECTIONS**

21    1.     Omni objects to the Subpoena, and each document request contained

22    therein, to the extent and on the ground that it seeks documents that are protected

23    by any applicable privilege, doctrine or immunity, including without limitation, the

24    attorney-client privilege and the attorney work product doctrine.

25    2.     Omni objects to the Subpoena, and each document request contained

26    therein, to the extent and on the ground that the Subpoena was not properly issued

27    or served, or otherwise fails to comply with the Federal Rules of Civil Procedure.

28

**Exhibit 67**
**Page 1014**

3.     Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents which contain private, confidential or proprietary information of Omni or its clients or employees, or where disclosure would invade the privacy rights of Omni or its clients or employees.

4.     Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents that are not relevant to the parties' claims or defenses asserted in the action.

5.     Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that the burden, expense or intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

6.     Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from non-party Omni that are equally or more readily available and attainable from parties to the action.

7.     Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is vague, ambiguous or fails to identify the documents sought with sufficient particularity.

8.     Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is overly broad, unduly burdensome, oppressive or harassing.

9.     Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from sources that are not reasonably accessible and would subject the responding party to undue burden and expense.

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

Exhibit 67
Page 1015

10.    Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it requires the production of documents that are subject to a confidentiality or nondisclosure agreement.

11.    Omni objects to the Subpoena, and each document request contained therein, on the ground that the place, date and time for compliance is not reasonable or sufficient given the scope of the requests.

12.    Omni objects to the production of any documents under the Subpoena unless and until there is an acceptable protective order issued by the Court.

In addition to these general objections which are incorporated into each and every response herein, Omni specifically responds to each individual document request as follows:

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION
## REQUEST NO. 1:

All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

## RESPONSE TO REQUEST NO. 1:

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.  Omni further objects to the request on the ground that it is overly broad and unduly burdensome.  Omni further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Omni or other non-parties.  Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the

A/72816085.3/3009108-0000335082                    - 3 -

1   discovery of relevant evidence.

2   **REQUEST NO. 2:**

3       All documents referring or relating to agreements, contracts or transactions

4   between Wachovia, or any subsidiary or affiliate of Wachovia, and Omni 808

5   Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any

6   amendments or modifications thereto, and any communications referring or

7   relating to any such agreements, contracts or transactions.

8   **RESPONSE TO REQUEST NO. 2:**

9       In addition to the general objections set forth above, Omni objects to this

10   request on the ground that it seeks documents that are protected by the attorney-

11   client privilege and attorney work product doctrine. Omni further objects to the

12   request on the ground that it is overly broad and unduly burdensome. Omni further

13   objects to the request on the ground that it seeks documents that contain private,

14   confidential or proprietary information of Omni, Wachovia or other non-parties.

15   Omni further objects to the request on the ground that the burden, expense and

16   intrusiveness of the discovery outweighs the likelihood that the documents sought

17   will lead to the discovery of relevant evidence.

18   **REQUEST NO. 3:**

19       All documents containing financial information, including but not limited to

20   historical and prospective performance, provided by MGA Entertainment, Inc. to

21   Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors,

22   LLC, since January 1, 2007.

23   **RESPONSE TO REQUEST NO. 3:**

24       In addition to the general objections set forth above, Omni objects to this

25   request on the ground that it is overly broad and unduly burdensome. Omni further

26   objects to the request on the ground that it seeks documents that contain private,

27   confidential or proprietary financial information. Omni further objects to the

28   request on the ground that the burden, expense and intrusiveness of the discovery

A/72816085.3/3009108-000335082                    - 4 -

Exhibit 67
Page 1017

1  outweighs the likelihood that the documents sought will lead to the discovery of

2  relevant evidence.

3  **REQUEST NO. 4:**

4      Documents sufficient to identify (a) each member, managing member,

5  holder of any ownership interest in, shareholder, officer and director of Omni 808

6  Investors, LLC and (b) the dates of such person's affiliation with Omni 808

7  Investors, LLC.

8  **RESPONSE TO REQUEST NO. 4:**

9      In addition to the general objections set forth above, Omni objects to this

10  request on the ground that it seeks private, confidential and proprietary information

11  of Omni and other non-parties.  Omni further objects to the request on the ground

12  that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

13  further objects to the request on the ground that the burden, expense and

14  intrusiveness of the discovery outweighs the likelihood that the documents sought

15  will lead to the discovery of relevant evidence.

16  **REQUEST NO. 5:**

17      All documents referring or relating to the formation and governance of Omni

18  808 Investors, LLC.

19  **RESPONSE TO REQUEST NO. 5:**

20      In addition to the general objections set forth above, Omni objects to this

21  request on the ground that it seeks private, confidential and proprietary information

22  of Omni.  Omni further objects to the request on the ground that it is overly broad,

23  unduly burdensome, oppressive and harassing.  Omni further objects to the request

24  on the ground that the burden, expense and intrusiveness of the discovery

25  outweighs the likelihood that the documents sought will lead to the discovery of

26  relevant evidence.  Omni further objects to the request on the ground that it seeks

27  documents that are protected by the attorney-client privilege and attorney work

28  product doctrine.  Omni further objects to the request on the ground that it is

A/72816085.3/3009108-0000335082                    - 5 -

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS          Exhibit 67
                                                  Page 1018

1  vague, ambiguous and fails to identify the documents with sufficient particularity.

2  **REQUEST NO. 6:**

3       All documents detailing or setting forth the relationship between Omni 808

4  Investors, LLC and OmniNet Capital, LLC, if any.

5  **RESPONSE TO REQUEST NO. 6:**

6       In addition to the general objections set forth above, Omni objects to this

7  request on the ground that it seeks private, confidential and proprietary information

8  of Omni and other non-parties.  Omni further objects to the request on the ground

9  that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

10  further objects to the request on the ground that the burden, expense and

11  intrusiveness of the discovery outweighs the likelihood that the documents sought

12  will lead to the discovery of relevant evidence.  Omni further objects to the request

13  on the ground that it seeks documents that are protected by the attorney-client

14  privilege and attorney work product doctrine.  Omni further objects to the request

15  on the ground that it is vague, ambiguous and fails to identify the documents with

16  sufficient particularity.

17  **REQUEST NO. 7:**

18       All documents detailing or setting forth the relationship between Omni 808

19  Investors, LLC and Vision Capital, LLC, if any.

20  **RESPONSE TO REQUEST NO. 7:**

21       In addition to the general objections set forth above, Omni objects to this

22  request on the ground that it seeks private, confidential and proprietary information

23  of Omni and other non-parties.  Omni further objects to the request on the ground

24  that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

25  further objects to the request on the ground that the burden, expense and

26  intrusiveness of the discovery outweighs the likelihood that the documents sought

27  will lead to the discovery of relevant evidence.  Omni further objects to the request

28  on the ground that it seeks documents that are protected by the attorney-client

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

Exhibit 67
Page 1019

1 privilege and attorney work product doctrine.  Omni further objects to the request

2 on the ground that it is vague, ambiguous and fails to identify the documents with

3 sufficient particularity.

4 **REQUEST NO. 8:**

5      All documents detailing or setting forth the relationship between Omni 808

6 Investors, LLC and Lexington Financial, LLC, if any.

7 **RESPONSE TO REQUEST NO. 8:**

8      In addition to the general objections set forth above, Omni objects to this

9 request on the ground that it seeks private, confidential and proprietary information

10 of Omni and other non-parties.  Omni further objects to the request on the ground

11 that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

12 further objects to the request on the ground that the burden, expense and

13 intrusiveness of the discovery outweighs the likelihood that the documents sought

14 will lead to the discovery of relevant evidence.  Omni further objects to the request

15 on the ground that it seeks documents that are protected by the attorney-client

16 privilege and attorney work product doctrine.  Omni further objects to the request

17 on the ground that it is vague, ambiguous and fails to identify the documents with

18 sufficient particularity.

19 **REQUEST NO. 9:**

20      All documents detailing or setting forth the relationship between Omni 808

21 Investors, LLC and MGA Entertainment, Inc., if any.

22 **RESPONSE TO REQUEST NO. 9:**

23      In addition to the general objections set forth above, Omni objects to this

24 request on the ground that it seeks private, confidential and proprietary information

25 of Omni.  Omni further objects to the request on the ground that it is overly broad,

26 unduly burdensome, oppressive and harassing.  Omni further objects to the request

27 on the ground that the burden, expense and intrusiveness of the discovery

28 outweighs the likelihood that the documents sought will lead to the discovery of

A/72816085.3/3009108-0000335082      - 7 -

Exhibit 67
Page 1020

1   relevant evidence.  Omni further objects to the request on the ground that it seeks

2   documents that are protected by the attorney-client privilege and attorney work

3   product doctrine.  Omni further objects to the request on the ground that it is

4   vague, ambiguous and fails to identify the documents with sufficient particularity.

5   **REQUEST NO. 10:**

6        All documents detailing or setting forth the relationship between Omni 808

7   Investors, LLC and Isaac Larian and his family members, if any.

8   **RESPONSE TO REQUEST NO. 10:**

9        In addition to the general objections set forth above, Omni objects to this

10   request on the ground that it seeks private, confidential and proprietary information

11   of Omni and other non-parties.  Omni further objects to the request on the ground

12   that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

13   further objects to the request on the ground that the burden, expense and

14   intrusiveness of the discovery outweighs the likelihood that the documents sought

15   will lead to the discovery of relevant evidence.  Omni further objects to the request

16   on the ground that it seeks documents that are protected by the attorney-client

17   privilege and attorney work product doctrine.  Omni further objects to the request

18   on the ground that it is vague, ambiguous and fails to identify the documents with

19   sufficient particularity.

20   **REQUEST NO. 11:**

21        All documents referring or relating to the source of funding for Lexington

22   Financial, LLC.

23   **RESPONSE TO REQUEST NO. 11:**

24        In addition to the general objections set forth above, Omni objects to this

25   request on the ground that it seeks private, confidential and proprietary information

26   of Omni and other non-parties.  Omni further objects to the request on the ground

27   that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

28   further objects to the request on the ground that the burden, expense and

A/72816085.3/3009108-0000335082                    - 8 -

NON-PARTY OMNI 808 INVESTORS, LLC'S ~~~~~~~~~ ~~ ~~~~~~~ANT MATTEL, INC.'S SUBPOENA FOR THE PR(     Exhibit 67     NTS
Page 1021

1   intrusiveness of the discovery outweighs the likelihood that the documents sought

2   will lead to the discovery of relevant evidence.  Omni further objects to the request

3   on the ground that it seeks documents that are protected by the attorney-client

4   privilege and attorney work product doctrine.  Omni further objects to the request

5   on the ground that it is vague, ambiguous and fails to identify the documents with

6   sufficient particularity.

7   **REQUEST NO. 12:**

8       All documents referring or relating to the source of funding for Vision

9   Capital, LLC.

10  **RESPONSE TO REQUEST NO. 12:**

11      In addition to the general objections set forth above, Omni objects to this

12  request on the ground that it seeks private, confidential and proprietary information

13  of Omni and other non-parties.  Omni further objects to the request on the ground

14  that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

15  further objects to the request on the ground that the burden, expense and

16  intrusiveness of the discovery outweighs the likelihood that the documents sought

17  will lead to the discovery of relevant evidence.  Omni further objects to the request

18  on the ground that it seeks documents that are protected by the attorney-client

19  privilege and attorney work product doctrine.  Omni further objects to the request

20  on the ground that it is vague, ambiguous and fails to identify the documents with

21  sufficient particularity.

22  **REQUEST NO. 13:**

23      All documents referring or relating to all contributions, loans and any

24  sources of funding for Omni 808 Investors, LLC during the last twelve months,

25  including but not limited to agreements and/or contracts supporting these

26  transactions.

27  **RESPONSE TO REQUEST NO. 13:**

28      In addition to the general objections set forth above, Omni objects to this

A/72816085.3/3009108-0000335082                          - 9 -

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS          **Exhibit 67**
                                                  **Page 1022**

1   request on the ground that it seeks private, confidential and proprietary information

2   of Omni and other non-parties. Omni further objects to the request on the ground

3   that it is overly broad, unduly burdensome, oppressive and harassing. Omni

4   further objects to the request on the ground that the burden, expense and

5   intrusiveness of the discovery outweighs the likelihood that the documents sought

6   will lead to the discovery of relevant evidence. Omni further objects to the request

7   on the ground that it seeks documents that are protected by the attorney-client

8   privilege and attorney work product doctrine. Omni further objects to the request

9   on the ground that it is vague, ambiguous and fails to identify the documents with

10   sufficient particularity.

11 **REQUEST NO. 14:**

12     All documents showing detail of all loan facilities with an indication of

13   creditor and relevant terms.

14 **RESPONSE TO REQUEST NO. 14:**

15     In addition to the general objections set forth above, Omni objects to this

16   request on the ground that it is unintelligible. Omni further objects to the request

17   on the ground that it seeks private, confidential and proprietary information of

18   Omni and other non-parties. Omni further objects to the request on the ground that

19   it is overly broad, unduly burdensome, oppressive and harassing. Omni further

20   objects to the request on the ground that the burden, expense and intrusiveness of

21   the discovery outweighs the likelihood that the documents sought will lead to the

22   discovery of relevant evidence. Omni further objects to the request on the ground

23   that it seeks documents that are protected by the attorney-client privilege and

24   attorney work product doctrine. Omni further objects to the request on the ground

25   that it is vague, ambiguous and fails to identify the documents with sufficient

26   particularity.

27

28

Exhibit 67
Page 1023

**REQUEST NO. 15:**

All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Omni 808 Investors, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

**RESPONSE TO REQUEST NO. 15:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties.  Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing.  Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  Omni further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.  Omni further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 16:**

Any and all records that substantiate transfers of assets by Omni 808 Investors, LLC to other entities, individuals and/or parties, within the U.S. and outside of the U.S.

**RESPONSE TO REQUEST NO. 16:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties.  Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing.  Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought

A/72816085.3/3009108-0000335082                - 11 -

NON-PARTY OMNI ~~~ ~~~~~~~~ ~ ~ ~'~ OBJECTIONS TO DEFENDANT MATTEL, INC.'S ~~~~ )DUCTION OF DOCUMENTS

Exhibit 67
Page 1024

1   will lead to the discovery of relevant evidence.  Omni further objects to the request

2   on the ground that it seeks documents that are protected by the attorney-client

3   privilege and attorney work product doctrine.  Omni further objects to the request

4   on the ground that it is vague, ambiguous and fails to identify the documents with

5   sufficient particularity.

6   **REQUEST NO. 17:**

7        All communications referring or relating to Vision Capital, LLC, Lexington

8   Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

9   **RESPONSE TO REQUEST NO. 17:**

10       In addition to the general objections set forth above, Omni objects to this

11   request on the ground that it seeks private, confidential and proprietary information

12   of Omni and other non-parties.  Omni further objects to the request on the ground

13   that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

14   further objects to the request on the ground that the burden, expense and

15   intrusiveness of the discovery outweighs the likelihood that the documents sought

16   will lead to the discovery of relevant evidence.  Omni further objects to the request

17   on the ground that it seeks documents that are protected by the attorney-client

18   privilege and attorney work product doctrine.  Omni further objects to the request

19   on the ground that it is vague, ambiguous and fails to identify the documents with

20   sufficient particularity.

21   **REQUEST NO. 18:**

22       All documents relating to the U.C.C. financing statements and amendments

23   attached as Exhibit 1.

24   **RESPONSE TO REQUEST NO. 18:**

25       In addition to the general objections set forth above, Omni objects to this

26   request on the ground that it seeks documents that are protected by the attorney-

27   client privilege and attorney work product doctrine.  Omni further objects to the

28   request on the ground that it is overly broad, unduly burdensome, oppressive and

1   harassing.  Omni further objects to the request on the ground that it seeks

2   documents that contain private, confidential or proprietary information of Omni or

3   other non-parties.  Omni further objects to the request on the ground that the

4   burden, expense and intrusiveness of the discovery outweighs the likelihood that

5   the documents sought will lead to the discovery of relevant evidence.

6

7   DATED:  January 28, 2009                Bingham McCutchen LLP

8

9

10                                          By: _____
                                               Todd E. Gordinier
11                                             Attorneys for Non-party
                                               Omni 808 Investors, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72816085.3/3009108-0000335082              - 13 -

# PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa, California 92626-1924. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business. On **January 28, 2009,** I served the attached:

**NON-PARTY OMNI 808 INVESTORS, LLP'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☑ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

☐ (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by _____ in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

☑ (VIA EMAIL) by transmitting via email the document(s) listed above on this date before 5:00 p.m. PST to the person(s) at the email address(es) set forth below.

## PLEASE SEE ATTACHED SERVICE LIST

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on **January 28, 2009.**

_Julie Valenzuela_
Julie Valenzuela

A/72816085.3/3009108-0000335082

Exhibit 67
Page 1027

1

## SERVICE LIST

2

3   QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
4   Jon D. Corey, Esq.
    865 S. Figueroa St., 10th Fl.
5   Los Angeles, CA 90017-2543
    Tele. No. (213) 443-3000
6   Fax No. (213) 443-3100
    Email joncorey@quinnemanuel.com
7

SKADDEN ARPS SLATE MEAGHER
& FLOM, LLP
Thomas Nolan, Esq.
300 S. Grand Ave., Ste. 3400
Los Angeles, CA 90071
Tele. No. (213) 687-5250
Fax No. (213) 621-5250
Email thomas.nolan@skadden.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72816085.3/3009108-0000335082

Exhibit 67
Page 1028

# EXHIBIT 68

Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
PETER N. VILLAR (SBN 204038)
JENNIFER A. LOPEZ (SBN 232320)
600 Anton Boulevard
18th Floor
Costa Mesa, CA  92626-1924
Telephone:  714.830.0600
Facsimile:  714.830.0700
Email:  todd.gordinier@bingham.com
        jennifer.lopez@bingham.com

Attorneys for Non-party
VISION CAPITAL, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| Carter Bryant, an individual,<br><br>Plaintiff<br><br>v.<br><br>Mattel, Inc., a Delaware Corporation,<br><br>Defendant. | Case No. CV 04-9049 SGL (RNBx)<br><br>**NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**<br><br>Judge:      Hon. Stephen G. Larson |

A/72823367.1

1    Pursuant to Federal Rule of Civil Procedure 45, non-party Vision Capital,

2 LLC ("Vision Capital") hereby responds to the Subpoena for the production of

3 documents (hereafter, "the Subpoena") served in this action by defendant Mattel,

4 Inc., as follows:

5

6         **PRELIMINARY STATEMENT**

7    These responses are based solely on the facts, information and documents

8 presently known and available to Vision Capital.  Vision Capital's search for and

9 review of potentially responsive documents is ongoing and may disclose the

10 existence of additional facts, information or documents, or possibly lead to

11 additions or changes to these responses.  Vision Capital reserves the right to revise

12 or supplement these responses if and when additional facts, information or

13 documents are discovered.

14    The inadvertent production of proprietary, confidential, highly confidential,

15 or privileged documents or information by Vision Capital does not and shall not

16 constitute waiver of any applicable privilege, rights under any protective order or

17 trade secret, nor should production of any document or information be construed to

18 waive any objection to the admission of such documents or information in

19 evidence, including without limitation that of relevancy.

20

21         **GENERAL OBJECTIONS**

22    1.  Vision Capital objects to the Subpoena, and each document request

23 contained therein, to the extent and on the ground that it seeks documents that are

24 protected by any applicable privilege, doctrine or immunity, including without

25 limitation, the attorney-client privilege and the attorney work product doctrine.

26    2.  Vision Capital objects to the Subpoena, and each document request

27 contained therein, to the extent and on the ground that the Subpoena was not

28

A/72823367.1         - 1 -

NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUC  **Exhibit 68**
         **Page 1030**

1   properly issued or served, or otherwise fails to comply with the Federal Rules of

2   Civil Procedure.

3        3.    Vision Capital objects to the Subpoena, and each document request

4   contained therein, to the extent and on the ground that it seeks documents which

5   contain private, confidential or proprietary information of Vision Capital or its

6   clients or employees, or where disclosure would invade the privacy rights of

7   Vision Capital or its clients or employees.

8        4.    Vision Capital objects to the Subpoena, and each document request

9   contained therein, to the extent and on the ground that it seeks documents that are

10  not relevant to the parties' claims or defenses asserted in the action.

11       5.    Vision Capital objects to the Subpoena, and each document request

12  contained therein, to the extent and on the ground that the burden, expense or

13  intrusiveness of the discovery outweighs the likelihood that the documents sought

14  will lead to the discovery of relevant evidence.

15       6.    Vision Capital objects to the Subpoena, and each document request

16  contained therein, to the extent and on the ground that it seeks documents from

17  non-party Vision Capital that are equally or more readily available and attainable

18  from parties to the action.

19       7.    Vision Capital objects to the Subpoena, and each document request

20  contained therein, to the extent and on the ground that it is vague, ambiguous or

21  fails to identify the documents sought with sufficient particularity.

22       8.    Vision Capital objects to the Subpoena, and each document request

23  contained therein, to the extent and on the ground that it is overly broad, unduly

24  burdensome, oppressive or harassing.

25       9.    Vision Capital objects to the Subpoena, and each document request

26  contained therein, to the extent and on the ground that it seeks documents from

27  sources that are not reasonably accessible and would subject the responding party

28  to undue burden and expense.

A/72823367.1

- 2 -

1       10.    Vision Capital objects to the Subpoena, and each document request

2   contained therein, to the extent and on the ground that it requires the production of

3   documents that are subject to a confidentiality or nondisclosure agreement.

4       11.    Vision Capital objects to the Subpoena, and each document request

5   contained therein, on the ground that the place, date and time for compliance is not

6   reasonable or sufficient given the scope of the requests.

7       12.    Vision Capital objects to the production of any documents under the

8   Subpoena unless and until there is an acceptable protective order issued by the

9   Court.

10       In addition to these general objections which are incorporated into each and

11   every response herein, Vision Capital specifically responds to each individual

12   document request as follows:

13

14   **SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION**

15   **REQUEST NO. 1:**

16       All documents referring or relating to agreements, contracts or transactions

17   between MGA Entertainment, Inc. and Vision Capital, LLC or any subsidiary or

18   affiliate of Vision Capital, LLC and any amendments or modifications thereto, and

19   any communications referring or relating to any such agreements, contracts or

20   transactions.

21   **RESPONSE TO REQUEST NO. 1:**

22       In addition to the general objections set forth above, Vision Capital objects

23   to this request on the ground that it seeks documents that are protected by the

24   attorney-client privilege and attorney work product doctrine. Vision Capital

25   further objects to the request on the ground that it is overly broad and unduly

26   burdensome. Vision Capital further objects to the request on the ground that it

27   seeks documents that contain private, confidential or proprietary information of

28   Vision Capital or other non-parties. Vision Capital further objects to the request

A/72823367.1   - 3 -

**Exhibit 68**
**Page 1032**

1   on the ground that the burden, expense and intrusiveness of the discovery

2   outweighs the likelihood that the documents sought will lead to the discovery of

3   relevant evidence.

4   **REQUEST NO. 2:**

5        All documents referring or relating to agreements, contracts or transactions

6   between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC,

7   and Lexington Financial, LLC, or any subsidiary or affiliate of Lexington

8   Financial, LLC, and any amendments or modifications thereto, and any

9   communications referring or relating to any such agreements, contracts or

10   transactions.

11   **RESPONSE TO REQUEST NO. 2:**

12        In addition to the general objections set forth above, Vision Capital objects

13   to this request on the ground that it seeks private, confidential and proprietary

14   information of Vision Capital.  Vision Capital further objects to the request on the

15   ground that it is overly broad, unduly burdensome, oppressive and harassing.

16   Vision Capital further objects to the request on the ground that the burden, expense

17   and intrusiveness of the discovery outweighs the likelihood that the documents

18   sought will lead to the discovery of relevant evidence.  Vision Capital further

19   objects to the request on the ground that it seeks documents that are protected by

20   the attorney-client privilege and attorney work product doctrine.  Vision Capital

21   further objects to the request on the ground that it is vague, ambiguous and fails to

22   identify the documents with sufficient particularity.

23   **REQUEST NO. 3:**

24        All documents referring or relating to agreements, contracts or transactions

25   between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC,

26   and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors,

27   LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any

28

- 4 -

1  amendments or modifications thereto, and any communications referring or
2  relating to any such agreements, contracts or transactions.

3  **RESPONSE TO REQUEST NO. 3:**

4       In addition to the general objections set forth above, Vision Capital objects
5  to this request on the ground that it seeks private, confidential and proprietary
6  information of Vision Capital.  Vision Capital further objects to the request on the
7  ground that it is overly broad, unduly burdensome, oppressive and harassing.
8  Vision Capital further objects to the request on the ground that the burden, expense
9  and intrusiveness of the discovery outweighs the likelihood that the documents
10  sought will lead to the discovery of relevant evidence.  Vision Capital further
11  objects to the request on the ground that it seeks documents that are protected by
12  the attorney-client privilege and attorney work product doctrine.  Vision Capital
13  further objects to the request on the ground that it is vague, ambiguous and fails to
14  identify the documents with sufficient particularity.

15  **REQUEST NO. 4:**

16       All documents containing financial information, including but not limited to
17  historical and prospective performance, provided by MGA Entertainment, Inc. to
18  Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC since
19  January 1, 2007.

20  **RESPONSE TO REQUEST NO. 4:**

21       In addition to the general objections set forth above, Vision Capital objects
22  to this request on the ground that it is overly broad and unduly burdensome.
23  Vision Capital further objects to the request on the ground that it seeks documents
24  that contain private, confidential or proprietary financial information.  Vision
25  Capital further objects to the request on the ground that the burden, expense and
26  intrusiveness of the discovery outweighs the likelihood that the documents sought
27  will lead to the discovery of relevant evidence.

28

A/72823367.1

-5-

NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCU[

Exhibit 68
Page 1034

1 | **REQUEST NO. 5:**

2      Documents sufficient to identify (a) each member, managing member,

3 holder of any ownership interest in, shareholder, officer and director of Vision

4 Capital, LLC and (b) the dates of such person's affiliation with Vision Capital,

5 LLC.

6 | **RESPONSE TO REQUEST NO. 5:**

7      In addition to the general objections set forth above, Vision Capital objects

8 to this request on the ground that it seeks private, confidential and proprietary

9 information of Vision Capital and other non-parties. Vision Capital further objects

10 to the request on the ground that it is overly broad, unduly burdensome, oppressive

11 and harassing. Vision Capital further objects to the request on the ground that the

12 burden, expense and intrusiveness of the discovery outweighs the likelihood that

13 the documents sought will lead to the discovery of relevant evidence.

14 | **REQUEST NO. 6:**

15      All documents referring or relating to the formation and governance of

16 Vision Capital, LLC.

17 | **RESPONSE TO REQUEST NO. 6:**

18      In addition to the general objections set forth above, Vision Capital objects

19 to this request on the ground that it seeks private, confidential and proprietary

20 information of Vision Capital. Vision Capital further objects to the request on the

21 ground that it is overly broad, unduly burdensome, oppressive and harassing.

22 Vision Capital further objects to the request on the ground that the burden, expense

23 and intrusiveness of the discovery outweighs the likelihood that the documents

24 sought will lead to the discovery of relevant evidence. Vision Capital further

25 objects to the request on the ground that it seeks documents that are protected by

26 the attorney-client privilege and attorney work product doctrine. Vision Capital

27 further objects to the request on the ground that it is vague, ambiguous and fails to

28 identify the documents with sufficient particularity.

A/72823367.1      - 6 -

Exhibit 68
Page 1035

1   **REQUEST NO. 7:**

2       All documents detailing or setting forth the relationship between Vision

3   Capital, LLC and OmniNet Capital, LLC, if any.

4   **RESPONSE TO REQUEST NO. 7:**

5       In addition to the general objections set forth above, Vision Capital objects

6   to this request on the ground that it seeks private, confidential and proprietary

7   information of Vision Capital and other non-parties. Vision Capital further objects

8   to the request on the ground that it is overly broad, unduly burdensome, oppressive

9   and harassing. Vision Capital further objects to the request on the ground that the

10   burden, expense and intrusiveness of the discovery outweighs the likelihood that

11   the documents sought will lead to the discovery of relevant evidence. Vision

12   Capital further objects to the request on the ground that it seeks documents that are

13   protected by the attorney-client privilege and attorney work product doctrine.

14   Vision Capital further objects to the request on the ground that it is vague,

15   ambiguous and fails to identify the documents with sufficient particularity.

16   **REQUEST NO. 8:**

17       All documents detailing or setting forth the relationship between Vision

18   Capital, LLC and Omni 808 Investors, LLC, if any.

19   **RESPONSE TO REQUEST NO. 8:**

20       In addition to the general objections set forth above, Vision Capital objects

21   to this request on the ground that it seeks private, confidential and proprietary

22   information of Vision Capital and other non-parties. Vision Capital further objects

23   to the request on the ground that it is overly broad, unduly burdensome, oppressive

24   and harassing. Vision Capital further objects to the request on the ground that the

25   burden, expense and intrusiveness of the discovery outweighs the likelihood that

26   the documents sought will lead to the discovery of relevant evidence. Vision

27   Capital further objects to the request on the ground that it seeks documents that are

28   protected by the attorney-client privilege and attorney work product doctrine.

NON-PARTY VISION CAPITAL. LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S PRODUCTION OF DOCUMENTS

Exhibit 68
Page 1036

1  Vision Capital further objects to the request on the ground that it is vague,

2  ambiguous and fails to identify the documents with sufficient particularity.

3  **REQUEST NO. 9:**

4      All documents detailing or setting forth the relationship between Vision

5  Capital, LLC and Lexington Financial, LLC, if any.

6  **RESPONSE TO REQUEST NO. 9:**

7      In addition to the general objections set forth above, Vision Capital objects

8  to this request on the ground that it seeks private, confidential and proprietary

9  information of Vision Capital and other non-parties.  Vision Capital further objects

10  to the request on the ground that it is overly broad, unduly burdensome, oppressive

11  and harassing.  Vision Capital further objects to the request on the ground that the

12  burden, expense and intrusiveness of the discovery outweighs the likelihood that

13  the documents sought will lead to the discovery of relevant evidence.  Vision

14  Capital further objects to the request on the ground that it seeks documents that are

15  protected by the attorney-client privilege and attorney work product doctrine.

16  Vision Capital further objects to the request on the ground that it is vague,

17  ambiguous and fails to identify the documents with sufficient particularity.

18  **REQUEST NO. 10:**

19      All documents detailing or setting forth the relationship between Vision

20  Capital, LLC and MGA Entertainment, Inc., if any.

21  **RESPONSE TO REQUEST NO. 10:**

22      In addition to the general objections set forth above, Vision Capital objects

23  to this request on the ground that it seeks private, confidential and proprietary

24  information of Vision Capital.  Vision Capital further objects to the request on the

25  ground that it is overly broad, unduly burdensome, oppressive and harassing.

26  Vision Capital further objects to the request on the ground that the burden, expense

27  and intrusiveness of the discovery outweighs the likelihood that the documents

28  sought will lead to the discovery of relevant evidence.  Vision Capital further

A/72823367.1                                    - 8 -

NON-PARTY VISION CAPITAL, LLC'S OP~~~~~~~ TO ~~~~~~ANT MATTEL, INC.'S
SUBPOENA FOR THE PF                   **Exhibit 68**        NTS
                                       **Page 1037**

1  objects to the request on the ground that it seeks documents that are protected by

2  the attorney-client privilege and attorney work product doctrine.  Vision Capital

3  further objects to the request on the ground that it is vague, ambiguous and fails to

4  identify the documents with sufficient particularity.

5  **REQUEST NO. 11:**

6      All documents detailing or setting forth the relationship between Vision

7  Capital, LLC and Isaac Larian and his family members, if any.

8  **RESPONSE TO REQUEST NO. 11:**

9      In addition to the general objections set forth above, Vision Capital objects

10  to this request on the ground that it seeks private, confidential and proprietary

11  information of Vision Capital and other non-parties.  Vision Capital further objects

12  to the request on the ground that it is overly broad, unduly burdensome, oppressive

13  and harassing.  Vision Capital further objects to the request on the ground that the

14  burden, expense and intrusiveness of the discovery outweighs the likelihood that

15  the documents sought will lead to the discovery of relevant evidence.  Vision

16  Capital further objects to the request on the ground that it seeks documents that are

17  protected by the attorney-client privilege and attorney work product doctrine.

18  Vision Capital further objects to the request on the ground that it is vague,

19  ambiguous and fails to identify the documents with sufficient particularity.

20  **REQUEST NO. 12:**

21      All documents referring or relating to the source of funding or credit for

22  Lexington Financial, LLC.

23  **RESPONSE TO REQUEST NO. 12:**

24      In addition to the general objections set forth above, Vision Capital objects

25  to this request on the ground that it seeks private, confidential and proprietary

26  information of Vision Capital and other non-parties.  Vision Capital further objects

27  to the request on the ground that it is overly broad, unduly burdensome, oppressive

28  and harassing.  Vision Capital further objects to the request on the ground that the

A/72823367.1                                    - 9 -

1  burden, expense and intrusiveness of the discovery outweighs the likelihood that

2  the documents sought will lead to the discovery of relevant evidence. Vision

3  Capital further objects to the request on the ground that it seeks documents that are

4  protected by the attorney-client privilege and attorney work product doctrine.

5  Vision Capital further objects to the request on the ground that it is vague,

6  ambiguous and fails to identify the documents with sufficient particularity.

7  **REQUEST NO. 13:**

8      All documents referring or relating to the source of funding or credit for

9  Omni 808 Investors, LLC.

10  **RESPONSE TO REQUEST NO. 13:**

11      In addition to the general objections set forth above, Vision Capital objects

12  to this request on the ground that it seeks private, confidential and proprietary

13  information of Vision Capital and other non-parties. Vision Capital further objects

14  to the request on the ground that it is overly broad, unduly burdensome, oppressive

15  and harassing. Vision Capital further objects to the request on the ground that the

16  burden, expense and intrusiveness of the discovery outweighs the likelihood that

17  the documents sought will lead to the discovery of relevant evidence. Vision

18  Capital further objects to the request on the ground that it seeks documents that are

19  protected by the attorney-client privilege and attorney work product doctrine.

20  Vision Capital further objects to the request on the ground that it is vague,

21  ambiguous and fails to identify the documents with sufficient particularity.

22  **REQUEST NO. 14:**

23      All documents referring or relating to the source of funding or credit for

24  MGA Entertainment, Inc. or any of its subsidiaries or affiliates.

25  **RESPONSE TO REQUEST NO. 14:**

26      In addition to the general objections set forth above, Vision Capital objects

27  to this request on the ground that it is overly broad and unduly burdensome.

28  Vision Capital further objects to the request on the ground that it seeks documents

A/72823367.1                                    - 10 -

Exhibit 68
Page 1039

1    that contain private, confidential or proprietary financial information.  Vision

2    Capital further objects to the request on the ground that the burden, expense and

3    intrusiveness of the discovery outweighs the likelihood that the documents sought

4    will lead to the discovery of relevant evidence.

5    **REQUEST NO. 15:**

6        All documents referring or relating to all contributions, loans and any

7    sources of funding for Vision Capital, LLC during the last twelve months,

8    including but not limited to agreements and/or contracts supporting these

9    transactions.

10   **RESPONSE TO REQUEST NO. 15:**

11       In addition to the general objections set forth above, Vision Capital objects

12   to this request on the ground that it seeks private, confidential and proprietary

13   information of Vision Capital and other non-parties.  Vision Capital further objects

14   to the request on the ground that it is overly broad, unduly burdensome, oppressive

15   and harassing.  Vision Capital further objects to the request on the ground that the

16   burden, expense and intrusiveness of the discovery outweighs the likelihood that

17   the documents sought will lead to the discovery of relevant evidence.  Vision

18   Capital further objects to the request on the ground that it seeks documents that are

19   protected by the attorney-client privilege and attorney work product doctrine.

20   Vision Capital further objects to the request on the ground that it is vague,

21   ambiguous and fails to identify the documents with sufficient particularity.

22   **REQUEST NO. 16:**

23       All documents showing detail of all loan facilities with an indication of

24   creditor and relevant terms referring or relating to MGA Entertainment, Inc.,

25   OmniNet Capital, LLC, Omni 808 Investors, LLC, Lexington Financial, LLC or

26   any subsidiary or affiliate of the foregoing, or to Isaac Larian or his family

27   members.

28

A/72823367.1

- 11 -

1  **RESPONSE TO REQUEST NO. 16:**

2    In addition to the general objections set forth above, Vision Capital objects

3  to this request on the ground that it is unintelligible.  Vision Capital further objects

4  to the request on the ground that it seeks private, confidential and proprietary

5  information of Vision Capital and other non-parties.  Vision Capital further objects

6  to the request on the ground that it is overly broad, unduly burdensome, oppressive

7  and harassing.  Vision Capital further objects to the request on the ground that the

8  burden, expense and intrusiveness of the discovery outweighs the likelihood that

9  the documents sought will lead to the discovery of relevant evidence.  Vision

10  Capital further objects to the request on the ground that it seeks documents that are

11  protected by the attorney-client privilege and attorney work product doctrine.

12  Vision Capital further objects to the request on the ground that it is vague,

13  ambiguous and fails to identify the documents with sufficient particularity.

14  **REQUEST NO. 17:**

15    All documents referring or relating to transactions involving any

16  compensation, loans, advances, payments, fees or any other form of consideration

17  paid by Vision Capital, LLC to Isaac Larian, his family members, or affiliates, or

18  any other related party, including MGA Entertainment, Inc.

19  **RESPONSE TO REQUEST NO. 17:**

20    In addition to the general objections set forth above, Vision Capital objects

21  to this request on the ground that it seeks private, confidential and proprietary

22  information of Vision Capital and other non-parties.  Vision Capital further objects

23  to the request on the ground that it is overly broad, unduly burdensome, oppressive

24  and harassing.  Vision Capital further objects to the request on the ground that the

25  burden, expense and intrusiveness of the discovery outweighs the likelihood that

26  the documents sought will lead to the discovery of relevant evidence.  Vision

27  Capital further objects to the request  on the ground that it seeks documents that are

28  protected by the attorney-client privilege and attorney work product doctrine.

A/72823367.1

- 12 -

1   Vision Capital further objects to the request on the ground that it is vague,

2   ambiguous and fails to identify the documents with sufficient particularity.

3   **REQUEST NO. 18:**

4         Any and all records that substantiate transfers of assets by Vision Capital,

5   LLC to other entities, individuals and/or parties, within the U.S. and outside of the

6   U.S.

7   **RESPONSE TO REQUEST NO. 18:**

8         In addition to the general objections set forth above, Vision Capital objects

9   to this request on the ground that it seeks private, confidential and proprietary

10   information of Vision Capital and other non-parties.  Vision Capital further objects

11   to the request on the ground that it is overly broad, unduly burdensome, oppressive

12   and harassing.  Vision Capital further objects to the request on the ground that the

13   burden, expense and intrusiveness of the discovery outweighs the likelihood that

14   the documents sought will lead to the discovery of relevant evidence.  Vision

15   Capital further objects to the request on the ground that it seeks documents that are

16   protected by the attorney-client privilege and attorney work product doctrine.

17   Vision Capital further objects to the request on the ground that it is vague,

18   ambiguous and fails to identify the documents with sufficient particularity.

19   **REQUEST NO. 19:**

20         All communications referring or relating to Omni 808 Investors, LLC,

21   Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

22   **RESPONSE TO REQUEST NO. 19:**

23         In addition to the general objections set forth above, Vision Capital objects

24   to this request on the ground that it seeks private, confidential and proprietary

25   information of Vision Capital and other non-parties.  Vision Capital further objects

26   to the request on the ground that it is overly broad, unduly burdensome, oppressive

27   and harassing.  Vision Capital further objects to the request on the ground that the

28   burden, expense and intrusiveness of the discovery outweighs the likelihood that

A/72823367.1                                      - 13 -

Exhibit 68
Page 1042

1   the documents sought will lead to the discovery of relevant evidence.  Vision

2   Capital further objects to the request on the ground that it seeks documents that are

3   protected by the attorney-client privilege and attorney work product doctrine.

4   Vision Capital further objects to the request on the ground that it is vague,

5   ambiguous and fails to identify the documents with sufficient particularity.

6   **REQUEST NO. 20:**

7        All documents referring or relating to the U.C.C. financing statement

8   attached as Exhibit 1 and/or security interest(s) allegedly reflected herein.

9   **RESPONSE TO REQUEST NO. 20:**

10       In addition to the general objections set forth above, Vision Capital objects

11  to this request on the ground that it seeks documents that are protected by the

12  attorney-client privilege and attorney work product doctrine.  Vision Capital

13  further objects to the request on the ground that it is overly broad, unduly

14  burdensome, oppressive and harassing.  Vision Capital further objects to the

15  request on the ground that it seeks documents that contain private, confidential or

16  proprietary information of Vision Capital or other non-parties.  Vision Capital

17  further objects to the request on the ground that the burden, expense and

18  intrusiveness of the discovery outweighs the likelihood that the documents sought

19  will lead to the discovery of relevant evidence.

20

21  DATED:  January 28, 2009          Bingham McCutchen LLP

22

23

24  By: _____

25                                    Todd E. Gordinier
                                      Attorneys for Non-party
26                                    Vision Capital, LLC

27

28

A/72823367.1                          - 14 -

Exhibit 68
Page 1043

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa, California 92626-1924. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business. On **January 28, 2009**, I served the attached:

**NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☑ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

☐ (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by _____ in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

☑ (VIA EMAIL) by transmitting via email the document(s) listed above on this date before 5:00 p.m. PST to the person(s) at the email address(es) set forth below.

### PLEASE SEE ATTACHED SERVICE LIST

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on **January 28, 2009**.

_____
Julie Valenzuela

A/72823367.1

Exhibit 68
Page 1044

1

## SERVICE LIST

2

3

4   QUINN EMANUEL URQUHART          SKADDEN ARPS SLATE MEAGHER
    OLIVER & HEDGES, LLP             & FLOM, LLP
5   Jon D. Corey, Esq.              Thomas Nolan, Esq.
6   865 S. Figueroa St., 10th Fl.   300 S. Grand Ave., Ste. 3400
    Los Angeles, CA 90017-2543      Los Angeles, CA 90071
7   Tele. No. (213) 443-3000        Tele. No. (213) 687-5250
8   Fax No. (213) 443-3100          Fax No. (213) 621-5250
    Email joncorey@quinnemanuel.com  Email thomas.nolan@skadden.com
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72823367.1

Exhibit 68
Page 1045

# EXHIBIT 69

Isaac and Angela Larian
Net Worth - As of March 14, 2005

**Assets**

| | |
|---|---|
| Cash | 400,000 |
| Marketable Securities | 34,000,000 |
| Accounts Receivable* | 98,000,000 |
| Notes Receivable | 3,000,000 |
| Retirement Accounts | 450,000 |
| Limited Partnership (Roscoe Property) | ? |
| Residence | 12,000,000 |
| S-Corp - MGA Entertainment | 1,200,000,000 |
| **Total Assets** | **1,347,850,000** |

**Liabilities**

| | |
|---|---|
| Real Estate | 900,000 |
| Property Taxes Payable | 17,000 |
| **Total Liabilities** | **917,000** |
| **Total Net Worth** | **1,346,933,000** |

*Monies held in MGA cash accounts to be distributed in 2005



(4 pgs)
Exhibit no. 4947
Date: 3/26/08
Larian J F. Pyburn

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA 3767275

Exhibit 69
Page 1046

4947.1

EX 4947-0001

**ISAAC AND ANGELA LARIAN**
List of Assets
2006

**ASSETS**
Cash

| | Checking | ▓▓▓▓▓▓▓▓▓▓ |
| | Savings | ▓▓▓▓▓▓▓▓▓▓ |

Marketable Securities

| | | | |
|---|---|---:|---|
| Bernstein - Isaac GRAT Investments | $ | 15,249,332 | 31-May-06 |
| Bernstein - Angela GRAT Investments | $ | 15,235,815 | 31-May-06 |
| Bernstein - Larian Family Trust Investments | $ | 17,440,877 | 31-May-06 |
| Bernstein - Isaac Living Trust Investments | $ | 3,273 | 31-May-06 |
| Bernstein - Angela Living Trust Investments | $ | 3,273 | 31-May-06 |
| Bear Stems - Angela GRAT | $ | 19,067,735 | 30-Jun-06 |
| Bear Stems - Larian Living Trust | $ | 26,597,931 | 30-Jun-06 |
| Bear Stems - Isaac GRAT | $ | 19,215,632 | 30-Jun-06 |
| JPMorgan - Isaac GRAT Investments | $ | 13,789,314 | 30-Jun-06 |
| JPMorgan - Angela GRAT Investments | $ | 13,789,314 | 30-Jun-06 |
| Retirement Accounts - 401K | ▓$▓▓▓▓▓▓▓ | | |
| Residences | $ | 12,000,000 | |
| Toybox LLC | $ | 10,636,470 | Pro rata share of investment |
| 16300 Roscoe Boulevard LLC | $ | 8,795,650 | Pro rata share of investment |
| MGA Entertainment, Inc. | $ | 1,636,380,000 | Pro rata share of investment |
| Zapf Creation Gmbh | $ | 8,199,336 | |

| **TOTAL ASSETS** | **$** | **1,816,403,953** |
|---|---|---:|

**LIABILITY**

| | | |
|---|---|---:|
| Income tax liability | $ | 7,200,000 |
| Other tax liability | $ | 120,000 |
| Mortgage | $ | 1,000,000 |

| **TOTAL LIABILITY** | **$** | **8,320,000** |
|---|---|---:|

| **NET ASSETS** | **$** | **1,808,083,953** |
|---|---|---:|

_Ownership in MGA Entertainment, Inc._

| | |
|---|---:|
| Larian Family Trust | 8.18% |
| Isaac Larian | 9.85% |
| Angela Larian | 9.85% |
| Isaac Larian GRATS | 26.97% |
| Angela Larian GRATS | 26.97% |
| | 81.82% |

_Ownership in Toybox LLC_

| | |
|---|---:|
| Isaac Larian GRATS | 40.91% |
| Angela Larian GRATS | 40.91% |
| | 81.82% |

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA 3787276

Exhibit 69
Page 1047

4947.2

EX 4947-0002

Ownership in 16300 Roscoe Boulevard, LLC
Larian Family Trust                                    81.82%

Ownership in Zapf
Shares outstanding                         5,000,000
Percentage ownership                       16.36%
Current Value                              € 7.85   as of 8/24/06
Current Value                              $10.02   as of 8/24/06  - Oanda

CONFIDENTIAL ~ ATTORNEYS' EYES ONLY

MGA 3787277

Exhibit 69
Page 1048

4947.3

EX 4947-0003

**ISAAC AND ANGELA LARIAN**
**List of Assets**
**2007**

**ASSETS**
Cash

| | | | | |
|---|---|---|---|---|
| | Checking | $ | - | |

Marketable Securities

Larian Living Trust

| | | | | |
|---|---|---|---|---|
| | Bear Stearns | $ | 29,493,409 | Sep-07 |
| | UBS | $ | 27,927,481 | Oct-07 |
| | Bernstein | $ | 19,336,239 | Sep-07 |

Qualified Annuity Trusts

| | | | | |
|---|---|---|---|---|
| | Bear Stearns | $ | 41,744,764 | Sep-07 |
| | JP Morgan | $ | 33,314,083 | Oct-07 |
| | UBS | $ | 17,749,867 | Oct-07 |
| | Bernstein | $ | 35,043,046 | Sep-07 |
| Retirement Accounts - 401K | | $ | - | |
| Notes Receivable | | $ | 22,236,433 | Oct-07 |
| Residences | | $ | 20,000,000 | Oct-07 |
| Toybox LLC | | $ | 13,909,230 | Pro rata share of investment |
| MGA North LLC | | $ | 31,540,000 | Pro rata share of investment |
| 16300 Roscoe Boulevard LLC | | $ | 8,795,650 | Pro rata share of investment |
| MGA Entertainment, Inc. | | $ | 1,636,380,000 | Pro rata share of investment |
| Zapf Creation Gmbh | | $ | 11,258,302 | Sep-07 |

**TOTAL ASSETS**          $   1,948,728,506

**LIABILITY**

| | | | |
|---|---|---|---|
| Income tax liability | | $ | - |
| Bank Loans | | $ | 30,390,290 |
| Mortgage | | $ | 900,000 |

**TOTAL LIABILITY**          $   31,290,290

**NET ASSETS**          $   1,917,438,216

| | |
|---|---|
| Ownership in MGA Entertainment, Inc. | 81.82% |
| Ownership in MGA North LLC | 63.00% |
| Ownership in Toybox LLC | 81.82% |
| Ownership in 16300 Roscoe Boulevard LLC | 81.82% |
| Ownership in Zapf | 20.89% |

OCTOBER 25, 2007

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA 3787279

**Exhibit 69**
**Page 1049**

1947.4
EX 4947-0004

# EXHIBIT 70

6363

1                    UNITED STATES DISTRICT COURT

2                   CENTRAL DISTRICT OF CALIFORNIA

3                              - - -

4          HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

5                              - - -

6    MATTEL, INC.,                 :   PAGES 6363 - 6493
                                    :
7              PLAINTIFF,           :
                                    :
8        VS.                        :   NO. ED CV04-09049-SGL
                                    :   [CONSOLIDATED WITH
9    MGA ENTERTAINMENT, INC.,       :   CV04-9059 & CV05-2727]
     ET AL.,                        :
10                                  :
               DEFENDANTS.          :
11   _____:

12

13

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                   RIVERSIDE, CALIFORNIA

17               THURSDAY, AUGUST 7, 2008

18                 JURY TRIAL - DAY 31

19                  AFTERNOON SESSION

20

21

22                      MARK SCHWEITZER, CSR, RPR, CRR
                        OFFICIAL COURT REPORTER
23                      UNITED STATES DISTRICT COURT
                        181-H ROYBAL FEDERAL BUILDING
24                      255 EAST TEMPLE STREET
                        LOS ANGELES, CALIFORNIA 90012
25                      (213) 663-3494

CERTIFIED
COPY

Exhibit 70
Page 1050

6364

**Appearances of Counsel:**

On Behalf of Mattel:

    Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
    By John B. Quinn, Esq.
        B. Dylan Proctor, Esq.
        Michael T. Zeller, Esq.
        Harry Olivar, Esq.
        John Corey, Esq.
        Diane Hutnyan, Esq.
        William Price, Esq.
    855 South Figueroa Street
    10th Floor
    Los Angeles, CA 90017
    (213) 624-7707

On Behalf of MGA Entertainment:

    Skadden, Arps, Slate, Meagher & Flom LLP
    By Thomas J. Nolan, Esq.
        Carl Alan Roth, Esq.
        Jason Russell, Esq.
        Lauren Aguiar, Esq.
        David Hansen, Esq.
        Matthew Sloan, Esq.
        Robert Herrington, Esq.
        Raoul Kennedy, Esq.
    300 South Grand Avenue
    Los Angeles, CA 90071-3144
    (213) 687-5000

Exhibit 70
Page 1051

6374

1  $629 million?

2  **A.**  That is correct.

3  **Q.**  And for a company where there's no apportionment,

4  nothing attributable to the infringing activity, what you

5  call here the unsuccessful company, it's $696 million?

6  **A.**  It is.

7  **Q.**  And those are the same numbers for willful infringement

8  as well for the reasons you explained?

9  **A.**  They are.

10  **Q.**  Because Mr. Larian personally wouldn't have any general

11  administrative expenses.

12  **A.**  He does not.

13  **Q.**  All right.  If we can now go to Exhibits 13935, 13936 in

14  your book.  First, 13935.  Can you tell us what that document

15  is?

16  **A.**  Yes.  These are the schedules in which I compute the

17  amount of apportioned damages for copyright infringement to

18  MGA.

19  **Q.**  That's 13935?

20  **A.**  It is.

21  MR. QUINN:  We'd offer that exhibit, your Honor.

22  THE COURT:  Any objection?

23  MR. KENNEDY:  No objection, your Honor.

24  THE COURT:  And Exhibit 13953?

25  THE WITNESS:  These are the same types of schedules

Exhibit 70
Page 1052

1   but are for the willful infringement, which would not include

2   subtracting general and administrative expenses.

3           MR. QUINN:  We'd offer that exhibit as well, your

4   Honor.

5           MR. KENNEDY:  No objection subject to the Court's

6   prior ruling.

7           THE COURT:  Very well, it's admitted.  You may

8   publish.

9           **(Exhibits 13935 and 13953 received.)**

10  **Q.**  BY MR. QUINN:  Let me turn to the next subject, and that

11  is the subject of net worth, MGA and Mr. Larian.

12  **A.**  Net worth is the difference between all the assets that

13  you have, things of value, all your liabilities related to

14  those assets.  So it's your gross assets less your

15  liabilities, sometimes referred to as net assets, and that's

16  your net worth.

17  **Q.**  Now, have you calculated the net worth of MGA prior to

18  the receipt of these 40,000 additional documents that you

19  told us about within the last two weeks?

20  **A.**  I did.

21  **Q.**  And what was MGA's net worth work based on the

22  calculations you did, based on the documents and information

23  that MGA had given to you up until about two weeks ago?

24  **A.**  Well, based on a schedule of assets of Mr. Larian that

25  was dated October 25th, 2007, I estimate the total value of

**Exhibit 70**
**Page 1053**

6376

1   MGA as of that date at $2 billion.

2   Q.   And the document you are referring to, is that 4947-4?

3   A.   I believe it is.

4   Q.   Which is in evidence.  I believe Mr. Price was

5   questioning Mr. Larian about this document earlier.  Is that

6   document that's on the screen the document that you are

7   referring to?

8   A.   It is.

9   Q.   And was it based on this that you calculated MGA's net

10  worth as approximately $2 billion?

11  A.   Yes.  On this schedule, it shows Mr. Larian's percentage

12  interest of MGA Entertainment at approximately 1.6 billion.

13  Making that a hundred percent rather than 81.82 percent would

14  be $2 billion.

15  Q.   And a $1.6 billion number is in the middle of the page

16  there where it says MGA Entertainment?

17  A.   It is.

18  Q.   And it was from that same document, this same document

19  that MGA prepared that you concluded that Mr. Larian had a

20  net worth of $1.9 billion?

21  A.   Correct.  That is the bottom number on the schedule.

22  Q.   Now, have those numbers changed in your analysis?

23  A.   They have.

24  Q.   Why?

25  A.   Because I received a new schedule in the documents that

Exhibit 70
Page 1054

1  I received that shows a significantly lower value of MGA as

2  owned by Mr. Larian.

3  Q.  And were those among the documents that you were given

4  within the last two weeks?

5  A.  Yes.

6  Q.  And based on those additional documents, did you make a

7  change in your calculations?

8  A.  I did.

9  Q.  Let's take a look at slide No. 13.  What does this

10  reflect?

11  A.  This reflects two estimates of value at two different

12  dates.  The first column are the numbers I've just previously

13  testified to, which I believe are approximately October of

14  2007.  And the right-hand column is my estimate of both MGA's

15  net worth and Mr. Larian's net worth as of last month.

16  Q.  And if you could just walk through those numbers for us

17  and put them in the record for us.

18  A.  Yes.  I have estimated that now MGA is worth only

19  $540.5 million and that Mr. Larian's net assets, both his

20  interest in MGA and his other assets, less his liabilities,

21  is $723.3 million.

22  Q.  And this reflects the adjustment you made for the

23  additional documents that MGA provided within the last two

24  weeks?

25  A.  It does.

Exhibit 70
Page 1055

1  **Q.** And you adjusted those numbers down from the numbers you

2  had before of net worth for MGA of $2 billion and Mr. Larian

3  of $1.9 billion; is that correct?

4  **A.** That is correct.

5  **Q.** Now, do you have the document, Exhibit No. 13909?

6  **A.** I do.

7  **Q.** And is that the document that you referred to that you

8  received in the last two weeks that resulted in your

9  adjusting these net worth numbers down?

10  **A.** This is the document.

11  **Q.** Do you know whether the information in that document

12  that MGA just provided is accurate?

13  **A.** I have no idea to know whether it's accurate or not.

14  I've seen no supporting information to confirm these numbers.

15  **Q.** Are those numbers there audited?

16  **A.** They are not.

17  **Q.** Do you know where those numbers came from or how MGA or

18  Mr. Larian came up with them?

19  **A.** I do not.

20         MR. QUINN: Your Honor, we'd like to move into

21  evidence two of the slides. Slide No. 5, which is MGA's top

22  10 produced documents by revenue, we have marked as

23  Exhibit 13597. And slide No. 10, MGA's profits, Bratz versus

24  non-Bratz, we have marked as Exhibit 13596. We would move

25  both of those into evidence, your Honor, as summaries of

Exhibit 70
Page 1056

1  voluminous documents.

2          MR. KENNEDY:  No objection, your Honor.

3          THE COURT:  They are admitted.

4          **(Exhibits 13597 and 13596 received.)**

5  **Q.**  BY MR. QUINN:  Now, this kind of work that you do, and

6  you've testified in court over 100 times.  I hope you don't

7  do this for free.

8  **A.**  I do not.

9  **Q.**  You charge for your time?

10 **A.**  Well, the firm that I work for charges for my time.

11 **Q.**  And on what basis are the charges made?

12 **A.**  On an hourly basis that I work on your matter.

13 **Q.**  And what are your hourly charges?

14 **A.**  My standard hourly rate which I charge in this case is

15 $695 an hour.

16         MR. QUINN:  Thank you very much.

17         THE WITNESS:  Thank you.

18         THE COURT:  You may proceed, Mr. Kennedy.

19         MR. KENNEDY:  Thank you very much, your Honor.

20                   **CROSS-EXAMINATION**

21 BY MR. KENNEDY:

22 **Q.**  Good afternoon, Mr. Wagner.  My name is Raoul Kennedy.

23 I'm another lawyer for MGA in this case.  As you told us,

24 your role in this case is really a fairly limited one, isn't

25 it?

**Exhibit 70**
**Page 1057**

1          MR. NOLAN:   Thank you, your Honor.   See you in the

2     morning.

3

4                    (Proceedings concluded at 5:15 P.M.)

5

6

7

8

9                    **C E R T I F I C A T E**

10

11

12          I hereby certify that pursuant to Title 28,

13     Section 753 United States Code, the foregoing is a true and

14     correct transcript of the stenographically reported

15     proceedings in the above matter.

16          Certified on August 7, 2008.

17

18     _____

19     **MARK SCHWEITZER, CSR, RPR, CRR**
       Official Court Reporter
20     License No. 10514

21

22

23

24

25

Exhibit 70
Page 1058

# EXHIBIT 71

# Net Worth

| | Pre-Trial | Larian's Recent Claim |
|---|---|---|
| MGA | $2.0 billion | $540.5 million |
| Larian | $1.9 billion | $723.3 million |



PLAINTIFF'S EXHIBIT 13969 CV 04-9049 SGL

P. 13 - 51.5

Exhibit 71
Page 1059

EX 13969-0001

# EXHIBIT 72

**ISAAC AND ANGELA LARIAN**
**List of Assets**
**2008**

**ASSETS**
Cash
      Checking                            $      —

Marketable Securities
  Larian Living Trust

| | | | |
|---|---|---:|---|
| | Bear Stearns | $ | 29,769,158 | Jul-08 |
| | UBS | $ | 39,140,675 | Jul-08 |
| | Bernstein | $ | 22,451,615 | Jul-08 |
| | BelAir | $ | 14,432,585 | Jul-08 |
| alified Annuity Trusts | | | |
| | Bear Stearns | $ | 11,067,155 | Jul-08 |
| | JP Morgan | $ | 26,103,147 | Jun-08 |
| | UBS | $ | 3,276 | Jul-08 |
| | Bernstein | $ | 17,047,355 | Jul-08 |
| | BelAir | $ | 8,496,407 | Jul-08 |
| Retirement Accounts - 401K | | $ | — | |
| Notes Receivable | | $ | 22,236,433 | Oct-07 |
| Residences | | $ | 20,000,000 | Oct-07 |
| Toybox LLC | | $ | 8,837,887 | Pro rata share of investment |
| MGA North LLC | | $ | 31,540,000 | Pro rata share of investment |
| 16300 Roscoe Boulevard LLC | | $ | 8,795,650 | Pro rata share of investment |
| MGA Entertainment, Inc. | | $ | 389,151,466 | Pro rata share of investment |
| Zapf Creation Gmbh | | $ | 38,544,189 | Jul-08 |

**TOTAL ASSETS**                         **$   687,616,998**

**LIABILITY**
Income tax liability                  $     —
Bank Loans                        $   16,500,000
Mortgage                          $     900,000

**TOTAL LIABILITY**                **$   17,400,000**

**NET ASSETS**                     **$   670,216,998**

| | |
|---|---:|
| *Ownership in MGA Entertainment, Inc.* | 81.82% |
| *Ownership in MGA North LLC* | 83.00% |
| *Ownership in Toybox LLC* | 81.82% |
| *Ownership in 16300 Roscoe Boulevard LLC* | 81.82% |

Confidential - AEO

MGA 3896257R

**Exhibit 72**
**Page 1060**

EX 13909-0001

# EXHIBIT 73

1                 UNITED STATES DISTRICT COURT

2                CENTRAL DISTRICT OF CALIFORNIA

3                       EASTERN DIVISION

4                         - - -

5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                          - - -

7    MATTEL, INC.,                    )
                                      )
8                      PLAINTIFF,     )
                                      )
9            VS.                      )    NO. CV 04-09049
                                      )
10   MGA ENTERTAINMENT, INC., ET. AL.,)
                                      )
11                     DEFENDANTS.    )    TRIAL DAY 31
     _____)    MORNING SESSION
12   AND CONSOLIDATED ACTIONS,        )    PAGES 6191-6350
     _____)

13

14

15       REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16                  RIVERSIDE, CALIFORNIA

17                THURSDAY, AUGUST 7, 2008

18                       8:13 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
             FEDERAL OFFICIAL COURT REPORTER
24             3470 12TH STREET, RM. 134
             RIVERSIDE, CALIFORNIA  92501
25                 951-274-0844
               WWW.THERESALANZA.COM

**CERTIFIED COPY**

Exhibit 73
Page 1061

6192

```
 1   APPEARANCES:

 2

 3   ON BEHALF OF MATTEL, INC.:

                         QUINN EMANUEL
 4                       BY:   JOHN QUINN
                               JON COREY
 5                             MICHAEL T. ZELLER
                               HARRY OLIVAR
 6                             TIMOTHY ALGER
                         865 S. FIGUEROA STREET,
 7                       10TH FLOOR
                         LOS ANGELES, CALIFORNIA  90017
 8

 9

10   ON BEHALF OF MGA ENTERTAINMENT:

11                       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                         BY:   THOMAS J. NOLAN
12                             JASON RUSSELL
                               RAOUL KENNEDY
13                             LAUREN AGUIAR
                               CARL ROTH
14                       300 SOUTH GRAND AVENUE
                         LOS ANGELES, CALIFORNIA  90071-3144
15                       213-687-5000

16

17

18

19

20

21

22

23

24

25
```

**Exhibit 73**
**Page 1062**

THURSDAY, AUGUST 7, 2008                    TRIAL DAY 31, MORNING SESSION

1   Q    YOU WANT TO EXPLAIN SOMETHING NOW AS TO WHY THIS IS

2   INACCURATE.

3            HAVE YOU EXPLAINED TO MATTEL PRIOR TO 10:25 A.M. THIS

4   DATE WHY THE DOCUMENT YOU GAVE US, WHICH REFLECTED YOUR NET

5   WORTH, IS NOT ACCURATE?

6   A    I BELIEVE OUR ATTORNEYS HAVE; AND YOU KNOW ABOUT IT.

7   Q    SIR, I'M TALKING ABOUT EVENTS OCCURRING PRIOR TO THE START

8   OF THIS TRIAL -- LET ME ASK YOU, YOU'RE SAYING THAT THIS IS NOT

9   ACCURATE AS OF OCTOBER 25, 2007; RIGHT?

10  A    I'M SAYING THAT DOCUMENT, THAT VALUE OF MGA ENTERTAINMENT,

11  INC., AS OF 2007, IS INACCURATE.

12           AND IF YOU WANT THE JURY TO KNOW WHY, I WILL BE HAPPY

13  TO EXPLAIN IT.

14  Q    LET ME GIVE YOU A PRECISE QUESTION.

15           PRIOR TO RIGHT NOW, HAVE YOU EVER GIVEN ANY

16  EXPLANATION AS TO WHY, AS OF OCTOBER 25, 2007, THE DOCUMENT YOU

17  PREPARED, OR WAS PREPARED AT MGA, IS NOT ACCURATE?

18  A    I BELIEVE AUDITOR GAVE YOU FULL EXPLANATION AND

19  DOCUMENTATION WHY THAT THING IS NOT ACCURATE.  AND THOSE

20  HAPPENED WAY PRIOR TO 10:25 OR 10:30 TODAY.

21  Q    I'M SAYING NOT ACCURATE AS OF OCTOBER 25, 2007, NOT

22  CHANGES SINCE THEN.

23           I'M SAYING, HAVE YOU EVER, IN WRITING OR UNDER OATH

24  OR IN A PAPER, SAID ANYTHING AS TO WHY THIS NUMBER, AS OF THIS

25  DATE, WAS NOT ACCURATE?

Exhibit 73
Page 1063

THURSDAY, AUGUST 7, 2008              TRIAL DAY 31, MORNING SESSION

1   A   BESIDES WHAT I TESTIFIED, I CANNOT ADD ANYTHING MORE.

2   AND, AGAIN, I WOULD LIKE TO GIVE AN EXPLANATION SO THE JURY

3   KNOWS THE FACTS.

4   Q   AND MR. NOLAN CAN ASK YOU, AND I CAN EXAMINE YOU ON THAT.

5          THE COURT:  MR. PRICE, WE'RE GOING TO TAKE A BREAK

6   HERE FOR THE COURT REPORTER.

7          (BRIEF RECESS TAKEN.)

8          (WHEREUPON, JURORS ENTER COURTROOM.)

9          THE COURT:  COUNSEL, YOU MAY CONTINUE.

10         MR. PRICE:  I'VE RUN OUT OF TIME, SO YOU CAN HIT

11  MGA'S SIDE NOW.

12         THE COURT:  MR. NOLAN.

13         MR. NOLAN:  THANK YOU.

14                    RECROSS-EXAMINATION

15  BY MR. NOLAN:

16  Q   JUST VERY BRIEFLY, MR. LARIAN.

17         THE LIST OF ASSETS, NET WORTH, THAT MR. PRICE WAS

18  ASKING YOU ABOUT, DO YOU BELIEVE THAT IS AN ACCURATE REFLECTION

19  OF YOUR NET WORTH AS OF TODAY?

20  A   IT IS NOT.

21         MR. NOLAN:  THANK YOU.  NOTHING FURTHER.

22         THE COURT:  ANYTHING FURTHER?

23         MR. PRICE:  NO.

24         THE COURT:  YOU MAY STEP DOWN.

25         PLAINTIFF'S NEXT WITNESS?

**Exhibit 73**
**Page 1064**

1        **MR. QUINN:**  YOUR HONOR, MATTEL CALLS MIKE WAGNER.

2            (CLERK GIVES OATH.)

3        **THE CLERK:**  DO YOU SOLEMNLY STATE THAT THE TESTIMONY

4   YOU MAY GIVE IN THE CAUSE NOW PENDING BEFORE THIS COURT SHALL

5   BE THE TRUTH, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, SO

6   HELP YOU GOD.

7        **THE WITNESS:**  YES, I DO.

8        **THE CLERK:**  PLEASE STATE YOUR FULL NAME AND SPELL

9   YOUR LAST NAME FOR THE RECORD.

10       **THE WITNESS:**  MICHAEL JOSEPH WAGNER, W-A-G-N-E-R.

11                      **DIRECT EXAMINATION**

12  BY MR. QUINN:

13  Q    GOOD MORNING, MR. WAGNER.

14  A    GOOD MORNING.

15  Q    WHAT IS IT THAT YOU DO?

16  A    I'M A MANAGEMENT CONSULTANT SPECIALIZING IN ANALYZING

17  FINANCIAL ISSUES, MATTERS THAT ARE IN DISPUTE.

18  Q    AS A FINANCIAL EXPERT, LITIGATION CONSULTANT, WHAT KINDS

19  OF THINGS DO YOU DO?

20  A    THE THINGS I NORMALLY DO ARE CALCULATE COMMERCIAL DAMAGES

21  IN CIVIL LITIGATION OR I VALUE BUSINESSES IN CASES THAT ARE IN

22  DISPUTE.

23  Q    HOW LONG HAVE YOU BEEN A FINANCIAL EXPERT?

24  A    FOR 31 YEARS.

25  Q    HAVE YOU TESTIFIED IN COURT AS AN EXPERT IN FINANCIAL

**Exhibit 73**
**Page 1065**

1

2   I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
3   THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
4   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.

5

6                                                        8-8-08
    _____            _____
7   THERESA A. LANZA, CSR, RPR                          DATE
    FEDERAL OFFICIAL COURT REPORTER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit 73
Page 1066

THURSDAY, AUGUST 7, 2008                    TRIAL DAY 31, MORNING SESSION

**EXHIBIT 74 REMOVED**

**PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 75

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California  94111
Telephone:     (415) 774-2611
Facsimile:      (415) 982-5287

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MGA PARTIES' MOTION TO QUASH SUBPOENAS; GRANTING IN PART AND DENYING IN PART MATTEL'S COUNTER MOTION TO COMPEL** |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

## I. INTRODUCTION

On December 21, 2007, MGA Entertainment, Inc. ("MGA"), Isaac Larian, MGA

Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, the "MGA

Parties") submitted their motion for an order quashing subpoenas issued by Mattel, Inc.

("Mattel") to non-parties ConsumerQuest, Deloitte & Touche, Ernst & Young, the Isaac and

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5-7-08

Exhibit 75
Page 1081

1  Angela Larian Trust, the Isaac Larian Annuity Trust, Moss Adams, Wachovia Bank and Wells

2  Fargo, or in the alternative, a protective order limiting the scope of those subpoenas.  On

3  December 27, 2007, the MGA Parties submitted a supplemental brief to add to their motion to

4  quash three more subpoenas Mattel served on the Isaac E. Larian Qualified Annuity Trust 2004,

5  the Isaac and Angela Larian Family Trust, and the Isaac and Angela Larian Trust.  On January 18,

6  2008, Mattel submitted an opposition and counter motion to compel production of documents

7  responsive to the subpoenas and a privilege log.  On February 7, 2008, the MGA Parties

8  submitted a reply, and on February 15, 2008, Mattel submitted a reply in support of its counter

9  motion.  The parties were directed to meet and confer further regarding the motions, which has

10  been completed.  See Joint Report dated March 28, 2008.  Despite the additional meet and confer

11  sessions, the parties were unable to resolve or narrow their disputes regarding the instant motions.

12  Pursuant to Paragraph 5 of the Stipulation and Order for Appointment of a Discovery Master, the

13  Discovery Master finds it appropriate to take the motions under submission for decision without

14  oral argument.

15  II. BACKGROUND

16      Ernst & Young and Deloitte & Touche are MGA's auditors.  Mattel's subpoenas to MGA's

17  auditors seek production of documents:  (1) relating to MGA's annual audits and the identity of

18  other auditors; (2) indicating or calculating MGA's net worth and the value of MGA's goodwill

19  and intellectual property; (3) relating to Bratz; and (4) relating to the legal dispute between Isaac

20  and Farhad Larian.

21      Wachovia lent money to MGA to fund the creation and/or development of Bratz and to

22  acquire Little Tikes.  Mattel's subpoena to Wachovia seeks documents related to:  (1) the loans

23  Wachovia extended to MGA; (2) the legal dispute between Isaac and Farhad Larian; (3) MGA's

24  net worth, goodwill, and intellectual property; (4) Bratz; and (5) this action.

25      ConsumerQuest is a marketing research firm that performed market research and analysis

26  for MGA products, including Bratz.  Mattel's subpoena to ConsumerQuest seeks documents

27

28

1   related to: (1) Bratz and other products involved in this action; (2) consumer research and

2   marketing work done regarding other MGA products underlying the parties' claims; and (3)

3   communications with MGA, Isaac Larian, and other parties relevant to this action, such as Carter

4   Bryant or other former Mattel employees and vendors.

5          Wells Fargo is and has been MGA's bank during periods relevant to this action. Mattel's

6   subpoena to Wells Fargo contains five requests, seeking MGA's banking and financial documents,

7   including account information, cancelled checks, monthly and daily transactional history, and

8   bank statements.

9          Moss Adams is and has been Isaac Larian's accountant during the relevant period. The

10  subpoena to Moss Adams seeks: (1) accounting records, tax records, and schedules for MGA,

11  Isaac Larian, Isaac Larian's trusts and Farhad Larian; (2) documents indicating or calculating

12  MGA's and Isaac Larian's net worth; (3) documents relating to the value of MGA's intellectual

13  property and goodwill; (4) documents relating to Bratz and this action; (5) evidence of payments

14  from MGA or Isaac Larian to Bryant and other Mattel employees; and (6) Isaac Larian's

15  involvement with other trust or institutions in which he has an interest.

16         Mattel also served subpoenas on several of Isaac Larian's trusts. Mattel's subpoenas to

17  Isaac Larian's trusts seek: (1) documents related to the trusts' organization, including the

18  identities of its trustees and beneficiaries; (2) the trusts' tax records; (3) documents indicating the

19  trusts' assets; and (4) information related to other trusts in which Larian has an interest.

20         All of the non-parties objected to Mattel's subpoenas on the grounds that, *inter alia,* they

21  are overly broad, unduly burdensome and seek irrelevant and/or duplicative information. Park

22  Decl., Exs. 15-26.

23         The MGA Parties contend that Mattel's subpoenas are overly broad, unduly burdensome,

24  and cumulative and duplicative of discovery Mattel has already sought and received. More

25  specifically, the MGA Parties raise the following objections to each of the four categories of

26  documents Mattel seeks. First, the MGA Parties contend that Mattel's subpoenas essentially seek

27

28

1   unfettered access to MGA and Isaac Larian's financial histories for a nine-year period from 1999

2   to the present, and that there is no claim or defense at issue that could possibly justify the breadth

3   and intrusiveness of the subpoenas.  Further, the MGA parties contend that they have already

4   produced vast amounts of relevant financial documents in response to Mattel's discovery requests.

5   To make their point, the MGA Parties prepared a detailed chart that identifies Mattel's subpoenas

6   requests to the non-parties and for each such request, identifies an exemplary list of duplicative

7   document requests and/or interrogatories that Mattel served on Carter Bryant and/or the MGA

8   Parties.  See Decl. of Amy Park in Support of MGA Defendants' Motion to Quash, Ex. 28.

9           Second, the MGA Parties contend that Mattel's subpoenas are overbroad in that they call

10  for production of the financial records of every person who ever did any work for MGA or Isaac

11  Larian, and every conceivable relative of Isaac Larian.  The MGA Parties contend that the private

12  financial records of these non-parties are not relevant to the case, and that Mattel's subpoenas

13  constitute an abuse of the non-party discovery process.

14          Third, the MGA Parties contend that Mattel has already sought and received documents

15  relating to the litigation between Isaac Larian and his brother Farhad Larian from multiple

16  sources.  More specifically, the MGA Parties contend that Mattel has sought and received

17  relevant documents from Isaac and Farhad Larian, as well as MGA and at least two law firms

18  involved in the litigation between the Larian brothers.

19          Fourth, the MGA Parties object to the various requests for all documents obtained from

20  MGA or Isaac Larian relating to Bratz, other MGA products or Carter Bryant.  Although the

21  MGA Parties acknowledge that some of the requested documents may be relevant, the MGA

22  Parties contend that the document requests are objectionable because Mattel has already requested

23  and received well over three million pages of relevant documents from the MGA Parties. The

24  MGA Parties also contend that Mattel's requests are so overly broad that it is impossible to

25  discern what specific, relevant, non-duplicative documents Mattel is requesting from the non-

26  parties.

27

28

1      In contrast, Mattel contends that all of the subpoenas seek documents that are relevant to

2   several issues in the case, including, but not limited to, the creation and development of Bratz,

3   Mattel's damages claim (including Mattel's claims for punitive damages and disgorgement),

4   Mattel's claim against MGA for commercial bribery, MGA's damages claims, the value of MGA's

5   goodwill and intellectual property, and the credibility and bias of MGA and Isaac Larian, as well

6   as other potential witnesses.  Mattel contends that it should be permitted to pursue discovery from

7   non-parties, and not have to rely upon the good faith of MGA and Isaac Larian to comply with

8   their discovery obligations.  Mattel also contends that it should be permitted to pursue discovery

9   from the non-parties in order to guard against the possibility of spoliation of evidence and/or

10   document tampering.

11      Furthermore, Mattel contends that the MGA Parties have not shown that they possess,

12   much less have produced, all of the documents Mattel is seeking from the non-parties.  More

13   specifically, Mattel contends that the MGA Parties have failed to produce the following

14   documents that Mattel has requested from the various non-parties:  documents related to Isaac

15   Larian's net worth and the value of MGA's intellectual property and goodwill; MGA's tax records;

16   Wells Fargo banking records for MGA; documents related to payments to by MGA, Larian, or the

17   Larian trusts to Bryant and other Mattel employees and vendors; documents from the Larian v.

18   Larian litigation; documents related to the Larian trusts, including any documents showing Isaac

19   Larian's interest in, payments received from, or transfer to those trusts; and documents regarding

20   the 1999-2000 and 2006 loans MGA received from Wachovia, including what documents MGA

21   and Larian gave to Wachovia to justify the loans.  Furthermore, Mattel contends that MGA's

22   descriptions of the documents it has produced are vague, inaccurate or misleading.

23      Mattel also contends that the MGA Parties' burden objection is unsubstantiated in that

24   none of the subpoenaed parties has filed a declaration in opposition to the motion or offered any

25   specific evidence that the subpoenas impose an undue burden.  Rather, Mattel represents that

26   some of the subpoenaed parties were already in the process of preparing documents for

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

Exhibit 75
Page 1085

1    production or meeting and conferring with Mattel when MGA filed the instant motion. Corey

2    Decl., ¶¶7-9. Furthermore, Mattel points out that it has offered to reimburse the non-parties for

3    copying costs and to have its own paralegal and counsel inspect documents gathered.

### III. STANDARDS

5    Rule 26, Fed.R.Civ.P., provides that "[p]arties may obtain discovery regarding any matter,

6    not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). The

7    court shall, however, limit the frequency or extent of use of the discovery methods if the court

8    determines that (i) the discovery sought is unreasonably cumulative or duplicative, or is

9    obtainable from some other source that is more convenient, less burdensome, or less expensive;

10   (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the

11   information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely

12   benefit, taking into account the needs of the case, the amount in controversy, the parties'

13   resources, the importance of the issues at stake in the litigation, and the importance of the

14   proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C).

15   Rule 45, Fed.R.Civ.P., requires third parties to produce documents (and reasonably

16   accessible electronically stored information) that are responsive to a subpoena that a party serves

17   on them. Fed.R.Civ.P. 45(b), (d). If the subpoenaed documents are relevant and there is good

18   cause for their production, the subpoena is enforced unless the documents are privileged or the

19   subpoena is unreasonable, oppressive, annoying or embarrassing. U.S. v. American Optical Co.,

20   39 F.R.D. 580, 583 (N.D. Cal. 1966).

21   Rule 45(c)(1), Fed.R.Civ.P., requires a party serving a subpoena to take reasonable steps

22   to avoid imposing undue burden or expense on a person subject to the subpoena. Furthermore,

23   "[t]he issuing court must enforce this duty and impose an appropriate sanction--which may

24   include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply."

25   Id. Rule 45 also provides that the issuing court must quash or modify a subpoena under certain

26   circumstances, including among others, when the subpoena requires the disclosure of privileged

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

Exhibit 75
Page 1086

1    or other protected matter or subjects a person to undue burden.  Fed.R.Civ.P. 45(c)(3)(A)(iii) and

2    (iv).  A motion to quash a subpoena or for a protective order as to that subpoena may be made by

3    a party-opponent.  See Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C. D. Cal. 2005) (granting

4    defendants' motion to quash subpoena).

5            In evaluating whether a subpoena imposes an undue burden, Rule 45(c)(3)(A),

6    Fed.R.Civ.P., "'requires the court to weigh the burden to the subpoenaed party against the value of

7    the information to the serving party,' . . . and in particular requires the court to consider: 'such

8    factors as relevance, the need of the party for the documents, the breadth of the document request,

9    the time period covered by it, the particularity with which the documents are described and the

10   burden imposed.'"  Moon, 232 F.R.D. at 637, quoting Travelers Indem. Co. v. Metropolitan Life

11   Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005).  Another important factor in evaluating burden is

12   whether the subpoenaing party can more easily and inexpensively obtain the documents from

13   another party, rather than from the nonparty.  Moon, 232 F.R.D. at 638.

                                    IV. DISCUSSION

15   A. Financial Information re MGA and Isaac Larian

16           Mattel has subpoenaed five different entities that perform financial services for MGA or

17   Isaac Larian:  Wells Fargo, Wachovia, Ernst & Young, Deloitte & Touche and Moss Adams.

18   Although Mattel's requests encompass documents that are relevant to several issues in the case,

19   the requests are unduly burdensome, exceedingly overbroad and unreasonably cumulative of

20   other discovery Mattel has already sought and received in this case.

21           For example, the subpoena to Wells Fargo demands production of the following broad

22   categories of financial documents: (1) "[a]ll DOCUMENTS REFERRING OR RELATING TO

23   MGA from January 1, 1999 to the present, inclusive"; (2) "[a]ll DOCUMENTS REFERRING OR

24   RELATING TO the ACCOUNT maintained by YOU numbered 9600112551, including but not

25   limited to statements, monthly statements, annual statements, daily transaction history reports,

26   monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

Exhibit 75
Page 1087

1    cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNT, created

2    between January 1, 1999 and the present, inclusive"; (3) "[a]ll DOCUMENTS REFERRING OR

3    RELATING TO" any other accounts created between January 1, 1999 and the present, inclusive;

4    (4) DOCUMENTS sufficient to show the account number for all accounts maintained in the name

5    of, for the benefit of or concerning MGA between January 1, 1999 and the present, inclusive; (5)

6    and "[a]ll DOCUMENTS showing or relating to any account(s) held by MGA or any account(s)

7    on which MGA has signatory authority at any other financial institution."

8         The breadth of the requests to Wells Fargo is compounded by the fact that "MGA" is

9    defined to include MGA Entertainment Inc., any of its current or former employees, officers,

10   directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates,

11   predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf.

12   Furthermore, the phrase "REFERRING OR RELATING TO" is defined expansively as

13   "reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing

14   or indicating in any way." Park Decl., Ex. 11.

15        The subpoena to Isaac Larian's tax accounting firm, Moss Adams, is similarly overbroad.

16   For example, Mattel seeks "[a]ll DOCUMENTS RELATING TO MGA [and] ISAAC LARIAN,

17   including without limitation, accounting records, tax returns and schedules . . . and drafts thereof,

18   W-2s, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro

19   formas, budgets, account information and account statements." Park Decl., Ex. 12. The phrase

20   "RELATING TO" in the subpoena to Moss Adams is drafted in the broadest possible manner to

21   include "referencing, referring to, constituting, evidencing, pertaining to, mentioning, supporting,

22   contradicting, negating, bearing on, touching on, containing, embodying, reflecting, identifying,

23   stating, dealing with, concerning, commenting on, summarizing, responding to, relating to,

24   describing or discussing in any way." Id. As another example, Mattel's subpoena to Moss Adams

25   includes a request for all documents relating to any non-payroll payment or transfer of value from

26   MGA or Isaac Larian to any "FORMER MATTEL EMPLOYEE." Mattel does not identify any

27

28

1   of these "FORMER MATTEL EMPLOYEES" or otherwise limit the request to any specific time

2   period.

3        The subpoenas to Deloitte & Touch and Ernst & Young are similarly unrestrained in

4   scope, seeking the following categories of financial documents:  all documents constituting or

5   relating to MGA's annual audits, including without limitation accounting records, audit programs,

6   audit reports and drafts thereof, tax returns, work papers, worksheets, payroll records, financial

7   projections, pro formas and budgets, from the period beginning January 1, 1999 to the present; all

8   documents indicating or calculating MGA's net worth; and all documents indicating the value of

9   MGA's intellectual property or goodwill.  Park Decl., Exs. 7-8.

10        With respect to Wachovia, Mattel seeks the following categories of financial documents:

11   all documents relating to any loan agreement that Wachovia entered into with MGA since January

12   1, 1999, including drafts of any agreements; all documents that MGA or any other person

13   provided to Wachovia for purposes of entering into any loan agreement between Wachovia and

14   MGA; all documents that were in the "three (3) boxes of loan documents" that Wachovia referred

15   to in a November 15, 2005 letter to Robert G. Wilson, Esq.; all documents relating to any loan

16   agreement entered into by MGA, or sought or requested by MGA, during the time period January

17   1, 1999 and December 31, 2000, inclusive; all communications between Wachovia and MGA

18   during the time period January 1, 1999 and December 31, 2000, inclusive; all documents

19   indicating or showing a calculation of MGA's net worth or value; all documents indicating or

20   calculating the value of MGA's intellectual property or goodwill; all documents relating to Bratz,

21   including without limitation those obtained from MGA, since January 1, 1999; and documents

22   sufficient to identify any other MGA lender or person who extended or was requested to extend a

23   line of credit to MGA since January 1, 1998.  Park Decl., Ex. 9.  Mattel contends that the loan

24   documents will contain information about the timing and creation of Bratz.  However, all of the

25   requests for financial documents, except for portions of Request Nos. 4 and 5, are much broader,

26

27

28

1    seeking everything relating to any loan between MGA and Wachovia from 1999 through the

2    present.

3           Furthermore, to the extent any of Mattel's requests for financial information encompass

4    relevant materials, the requests remain unreasonably duplicative and cumulative of discovery

5    Mattel has already sought and obtained from MGA and Isaac Larian (with the exception of

6    Request Nos. 4 and 5 in the Wachovia subpoena).  MGA has produced the following:  audited and

7    unaudited quarterly and annual profit and loss statements; audited and unaudited quarterly and

8    annual statements; annual reports; various MGA financial reports; various financial documents

9    relating to Veronica Marlow; documents showing royalty payments to Carter Bryant; documents

10   showing MGA's sales, returns and costs of goods sold for each month, by SKU, since 2001;

11   documents showing MGA's promotional advertising and media expenditures, including MGA's

12   internal allocation of those expenditures by brand and/or product; documents showing MGA's

13   amortization and depreciation of certain capital assets and expenditures; documents showing

14   MGA's monthly general ledger entries aggregated by account, including income and expense

15   accounts, reserves and liabilities; and documents sufficient to explain MGA's various accounts as

16   presently and historically maintained in MGA's books and records.  Park Decl., ¶3.

17          The MGA Parties also represent that Isaac Larian recently produced over 50,000 pages of

18   documents which included, among other things, documents showing his net worth; his gross

19   income, wages, dividend income, interest income, and other income; his banks and bank

20   accounts; and various other financial documents.  Park Decl., ¶2.  Thus, Mattel has received

21   ample financial documents.  Mattel has also deposed MGA, Isaac Larian, and other witnesses

22   regarding relevant financial information.  In view of the discovery Mattel has already sought and

23   received, Mattel's over-reaching, broad subpoenas to the various non-parties seeking more

24   financial information regarding MGA and Isaac Larian are unjustified under Rule 26(b)(2),

25   Fed.R.Civ.P.

26   //

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

10

Exhibit 75
Page 1090

1   B. Financial Information re Non-Parties

2        Mattel's subpoenas also seek financial documents regarding numerous non-parties,

3   including everyone who has ever worked for or represented MGA or Isaac Larian, and every

4   relative of Isaac Larian.  Once again, although the subpoenas encompass documents that are

5   potentially relevant to Mattel's claims and defenses, the subpoenas are overly broad, sweeping in

6   vast amounts of documents that have little to no relevance.  For example, Mattel's subpoenas to

7   Moss Adams and the various trusts include requests for all formation documents, all tax returns,

8   any other tax-related documents from 1999 to the present, and documents relating to the operation

9   of the trust, including every trustee and beneficiary of each trust, every disbursement by each

10  trust, every asset owned by each trust, and every liability of each trust.  Mattel has not shown that

11  all of the requested documents are relevant to the claims and defenses in the case.

12       Mattel's subpoenas to the non-parties are also unreasonably duplicative and cumulative of

13  discovery Mattel has already sought and received in this case.  Furthermore, to the extent Mattel's

14  subpoenas might include requests that are not unreasonably duplicative and/or cumulative of

15  other discovery requests, the probative value of the information Mattel seeks is substantially

16  outweighed by the burden of production, especially in light of the privacy interests of the many

17  non-parties who would be affected.[1]

18  C. Information re Litigation Between Isaac and Farhad Larian

19       All of Mattel's subpoenas to the non-parties, except Wells Fargo, include a request for all

20  documents relating to any litigation between Isaac Larian and Farhad Larian.  These requests are

21  unreasonably duplicative and cumulative of many requests Mattel previously served on Isaac

22  Larian, MGA, Farhad Larian, Stern & Goldberg and Kaye Scholer.  Mattel has sought and

23  received substantial discovery regarding the litigation between Isaac and Farhad Larian.  See

24  ──────────────────

25       [1]  In its reply brief, Mattel contends that Isaac Larian is the trustee of all of the trusts that Mattel has
         subpoenaed, and therefore he was required, but purportedly failed, to search for and produce trust documents when
26       responding to the discovery requests directed to him.  These issues are beyond the scope of the present motion, and
         will not be addressed herein.

27

28                                                                                              11

    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

Exhibit 75
Page 1091

1  Order Re Mattel's Motions to Compel Farhad Larian, Kaye Scholer and Stern & Goldberg to

2  Produce Documents dated January 25, 2008.  Mattel has not shown that the non-parties possess

3  any relevant, non-privileged materials beyond what Mattel has already sought and received from

4  other sources.  Furthermore, the burden and expense of complying with the non-party subpoenas

5  substantially outweigh their likely benefit under Rule 26(b)(2), Fed.R.Civ.P.

6  D. Documents re MGA's Products or Carter Bryant

7        Mattel's subpoenas to the non-parties include requests for documents relating to Carter

8  Bryant, Bratz and other MGA products or work performed for MGA.  Although this category of

9  requests encompasses documents that are potentially relevant to the claims and defenses in the

10  case. the requests are nevertheless objectionable because they are overly broad and not tailored to

11  exclude irrelevant, duplicative or unreasonably cumulative information.  Mattel has taken vast

12  amounts of discovery regarding Carter Bryant, Bratz, and other MGA products from several

13  different sources.  Mattel has not shown that the non-parties possess any relevant, non-privileged

14  materials beyond what Mattel has already sought and received from other sources.  Furthermore,

15  the burden and expense of complying with the non-party subpoenas substantially outweigh their

16  likely benefit under Rule 26(b)(2), Fed.R.Civ.P.

17  V. CONCLUSION

18        For the reasons set forth above, the MGA Parties' motion to quash, or in the alternative for

19  a protective order, is granted, except with respect to the following requests:

20      •  Wachovia subpoena, Request No. 4, limited to "all documents relating to any loan

21          agreement entered into by MGA, or sought or requested by MGA, during the time

22          period January 1, 1999 and December 31, 2000, inclusive"; and Request No. 5,

23          limited to "all communications between YOU and MGA during the time period

24          January 1, 1999 and December 31, 2000, inclusive" regarding any loan agreement

25          entered into by MGA, or sought or requested by MGA, during the time period

26          January 1, 1999 and December 31, 2000, inclusive.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

Exhibit 75
Page 1092

1   Mattel's counter motion to compel is granted in part and denied in part in accordance with the

2   Court's ruling on the MGA Parties' motion to quash, or in the alternative for a protective order, as

3   set forth immediately above.  Wachovia shall produce documents responsive to Request Nos. 4

4   and 5 as set forth above on or before May 16, 2008.

5           Nothing in this Order is intended to authorize or preclude Mattel from seeking documents

6   from the non-parties identified herein as part of Phase 2 discovery, if appropriate.

7           Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

8   Master, the MGA Parties shall file this Order with the Clerk of Court forthwith.

9

10  Dated: May 7, 2008                          _____/S/_____

11                                              HON. EDWARD A. INFANTE (Ret.)
                                                         Discovery Master

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                                                        13
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

Exhibit 75
Page 1093

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 7, 2008, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MGA PARTIES' MOTION TO QUASH SUBPOENAS; GRANTING IN PART AND DENYING IN PART MATTEL'S COUNTER MOTION TO COMPEL in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 7, 2008, at San Francisco, California.

Anthony Sales

**Exhibit 75**
**Page 1094**