QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**MATTEL, INC.'S CORRECTED RESPONSE TO THE MGA PARTIES' REQUEST FOR CONDITIONAL BRIEFING SCHEDULE AND HEARING ON MATTEL'S PENDING MOTION FOR APPOINTMENT OF A RECEIVER**<br><br>[DECLARATION OF JON D. COREY SUBMITTED HEREWITH]<br><br>Phase 1C<br><br>Hearing Date:  February 11, 2009<br>Time:  10:00 a.m.<br>Place:  Courtroom 1<br><br>Discovery Cut-off:  Not Set<br>Pre-trial Conference:  Not Set<br>Trial Date:  Not Set |

Mattel, Inc. respectfully submits this response to the request of the MGA Parties for a conditional briefing schedule and hearing on Mattel's motion for appointment of a receiver.

First, Mattel sees no reason to deviate from the considered Local Rules governing the appointment of receivers.  See generally Local Rule 66-1 et seq. Under those rules, the Court may appoint a temporary receiver without further briefing, in its discretion, and issue an Order to Show Cause why a permanent receiver should not be appointed.  Local Rule 66-2 to -4.  After the issuance and service of the OSC, the parties (and any adverse creditors) would have an opportunity to respond to the order to show cause why a permanent receiver should not be appointed.

Second, Mattel objects to any effort by the MGA Parties to present additional evidence, including potentially expert testimony, to contest any report that the forensic auditor may issue.  The MGA Parties have had notice of Mattel's application to appoint a receiver for over five weeks -- and had notice of Mattel's request for the appointment of a receiver in opposing MGA's stay applications for an even longer time period.  The standards for appointment of a receiver are well-settled.  After thwarting Mattel's discovery rights throughout this case, including in violation of Court Orders, and after making conflicting claims about its financial condition, the MGA Parties elected not to present actual financial evidence in opposing Mattel's motion.  Indeed, they decided not to present any financial statements whatsoever, even though they clearly had such information in their control.  It is this election not to provide basic, current financial information that left MGA's financial condition a "mystery" to the Court and prompted the appointment of the forensic auditor.

As a result, there is no basis for allowing the MGA Parties to belatedly introduce evidence it deliberately chose to withhold from Mattel and the Court time and time again -- throughout discovery, throughout trial, throughout the briefing of

Mattel's injunction motions, during MGA's multiple stay applications or in opposing Mattel's motion for a receiver.[1]  And the MGA Parties certainly should not be given blanket permission to introduce evidence--evidence that it fails to identify here-- whenever it sees fit.  At a minimum, if the MGA Parties now claim to possess specific evidence that they believe provides a basis to oppose the application, then they can seek leave to submit that evidence now and justify why it was not presented previously.

Third, Mattel objects to the pre-judgment that all of the information in any report that the forensic auditor may issue must be designated "Confidential-Attorneys Eyes Only."  Rather, as has happened in the past and, as the Court has repeatedly stated, such designations should be used sparingly.  If and as warranted, specific passages in the report may be redacted or exhibits omitted to create a publicly filed version.  Further, to the extent that the report is a basis for an OSC

---

[1]   As this also makes apparent, MGA's efforts to blame its own refusals and failures to provide such financial evidence because Mattel had filed its receivership motion on an ex parte basis is groundless.  Mattel has been seeking the MGA Parties' financial information for--literally--years, and MGA was repeatedly ordered by the Discovery Master and then this Court to produce it over a many month period.  The MGA Parties opted to never properly comply.  Even after that, the MGA Parties had months more to provide their actual financial information on Mattel's injunction motions and on their many stay applications.  They tactically chose to withhold it--and elected instead to make conflicting, conclusory pronouncements that changed from motion to motion.  And, most recently, Mattel sent MGA a letter a month ago asking that it to produce its updated financials, as MGA's on-going discovery obligations require.  MGA not only has failed to provide the information, but has never even responded to Mattel's letter.  See Declaration of Jon D. Corey, filed concurrently herewith and dated February 5, 2009.  Nor, in any event, do the MGA Parties explain why it has delayed for five weeks from the time Mattel filed its receivership application to now seek supplementation of evidence that it fails even now to describe with any specificity.  Plainly, that Mattel's application was originally made on an ex parte basis has nothing to do with MGA's long-standing failures and refusals to provide financial information.

1  why a permanent receiver should not be appointed, that report may need to be
2  provided, at least in substantive part, to MGA's creditors.

3       Accordingly, Mattel respectfully submits that MGA's request should be
4  rejected and makes the following scheduling counter-proposal regarding Mattel's
5  motion for appointment of a receiver:

6            1.    If, based on any forensic auditor report, the Court
7                  determines that a receiver is or may be appropriate,
8                  then the Court should issue an order to show cause
9                  why a permanent receiver should not be appointed
10                 and set a hearing on the order.  Local Rule 66-3.  If
11                 applicable, the Court may appoint a temporary
12                 receiver.

13           2.    MGA shall identify all creditors in a list provided to
14                 Mattel within seven calendar days of issuance of any
15                 OSC.

16           3.    Mattel shall provide notice of (a) the order to show
17                 cause, and (b) any briefing schedule and hearing
18                 regarding the order to show cause to each of the
19                 creditors identified by MGA.

20           4.    Any party or creditor shall file an opening brief
21                 responding to the order to show cause within ten
22                 days of the OSC being issued.[2]

26       [2]  Depending on the nature of the evidence, if any, presented by the MGA
27  Parties in any brief, including evidence presented by any expert, Mattel reserves the
    right to request and take expedited discovery, including depositions, or to object to
28  any evidence submitted as being, among other things, untimely.

1        5.     Any party or creditor shall file a brief responding to

2            opening briefs within five days after service of

3            opening briefs.

4    This protocol is consistent with the <u>Rules</u> and basic fairness to all involved,

5 and it promises the more orderly treatment of Mattel's application than MGA's

6 unsupported and largely unexplained procedure would.

7

8 DATED:  February 5, 2009     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

9

10                 By /s/ Michael T. Zeller

11                    Michael T. Zeller
                       Attorneys for Mattel, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28